# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                      :
In re                                 : Chapter 9
                                      :
CITY OF DETROIT, MICHIGAN,            : Case No. 13-53846
                                      :
                    Debtor.           : Hon. _____
                                      :
                                      :
                                      :
-----------------------------------------------------x
```

## MOTION OF DEBTOR, PURSUANT TO SECTIONS 102(1)(A) AND 105(a) OF THE BANKRUPTCY CODE AND RULES 2002(m) AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY OF AN ORDER ESTABLISHING <u>CASE MANAGEMENT AND SCHEDULING PROCEDURES</u>

The City of Detroit, Michigan ("<u>Detroit</u>" or the "<u>City</u>"), as the debtor

in the above-captioned case, hereby moves the Court, pursuant to

sections 102(1)(a) and 105(a) of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>") and Rules 2002(m) and 9007 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the entry of an order[1]

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "<u>Local Rules</u>"). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as <u>Exhibit 1</u>. A summary identifying each included attachment by exhibit number is appended to this Motion.

establishing the Case Management Procedures (as defined below).  In support of

this Motion, the City respectfully represents as follows:

## Background

1.     Incorporated in 1806, Detroit is the largest city in Michigan.

As of December 2012, the City had a population of less than 685,000 (down from a

peak population of nearly 2 million in 1950).

2.     Over the past several decades, the City has experienced

significant economic challenges that have negatively impacted employment,

business conditions and quality of life.  These challenges include, among other

things, (a) a contraction of its historic manufacturing base, (b) a declining

population, (c) high unemployment, (d) an erosion of the City's income and

property tax bases, (e) a reduction in state revenue sharing and (f) a lack of

adequate reinvestment in the City and its infrastructure.

3.     As of June 30, 2013 — the end of the City's 2013 fiscal year —

the City's liabilities exceeded $18 billion (including, among other things, general

obligation and special revenue bonds, unfunded actuarially accrued pension and

other postemployment benefit liabilities, pension obligation certificate liabilities

and related derivative liabilities).  Excluding the proceeds of debt issuances, the

City has incurred large and unsustainable operating deficits for each of the past six

years.  As of June 30, 2013, the City's accumulated unrestricted general fund

deficit was approximately $237.0 million.  Excluding the impact of a recent debt issuance, this represents an increase of approximately $47.4 million over fiscal year 2012.

4.    On February 19, 2013, a review team appointed by Rick Snyder, Governor of the State of Michigan (the "Governor"), pursuant to Public Act 72 of 1990, the Local Government Fiscal Responsibility Act, MCL § 141.1201, et seq. ("PA 72"), issued its report with respect to the City and its finances (the "Review Team Report").  The Review Team Report concluded that a local government financial emergency exists within the City.

5.    On March 14, 2013, in response to the Review Team Report and the declining financial condition of the City and at the request of the Governor, the Local Emergency Financial Assistance Loan Board of the State of Michigan appointed Kevyn D. Orr as emergency financial manager with respect to the City under PA 72, effective as of March 25, 2013.

6.    On March 28, 2013, upon the effectiveness of Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"), Mr. Orr became, and continues to act as, emergency manager with respect to the City under PA 436 (in such capacity, the "Emergency Manager").  Pursuant to PA 436, the Emergency Manager acts "for and in the place and stead of the governing body and the office of chief administrative officer" of the City.

MCL § 141.1549. In addition, the Emergency Manager act exclusively on behalf of the City with respect to the filing of a case under chapter 9 of the Bankruptcy Code upon receiving authorization from the Governor. Id.; MCL § 141.1558.

7. On July 18, 2013, the Governor issued his written decision (the "Authorization") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of the Bankruptcy Code. Thereafter, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order"). True and correct copies of the Approval Order and the Authorization are attached as Exhibit A to the Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 10).

8. In accordance with the Authorization and the Approval Order, on July 18, 2013, the City commenced a case under chapter 9 of the Bankruptcy Code. Additional details regarding the City and the events leading to the commencement of this chapter 9 case are set forth in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 11).

## **Jurisdiction**

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10.     Pursuant to sections 102(1)(A) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007, the City hereby seeks the entry of an order establishing procedures for noticing, case management and the scheduling of hearings in this chapter 9 case (collectively, the "Case Management Procedures").

## Basis for Relief

11.     The Bankruptcy Code and the Bankruptcy Rules provide this Court with authority to establish notice and case management procedures that are tailored to address the specific needs of a given case and reduce the costs of providing notice.  Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m).  In addition, Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."  Fed. R. Bankr. P. 9007.

12.    Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 102(1)(A) of the Bankruptcy Code further provides that the phrase "after notice and a hearing" as used in the Bankruptcy Code shall be construed as mandating "such notice as is appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A).[2]

13.    Moreover, courts possess the inherent power to manage cases before them in an efficient manner.  In re DSC, Ltd., 325 B.R. 741, 744 (Bankr. E.D. Mich. 2005) ("In setting an earlier, pre-trial deadline in this case, the Court simply exercised its normal case management authority, in the interest of orderly, fair, and efficient proceedings.  The Court clearly has such authority, under the Bankruptcy Rules and applicable rules."), aff'd, No. 05-72779, 2006 WL 800709 (E.D. Mich. Mar. 28, 2006); Galaxy Assocs. v. Sheffield Corp.

---

[2]    The establishment of the Case Management Procedures in this chapter 9 case also is consistent with and, in many instances, modeled after provisions of the Local Rules that are applicable in large chapter 11 cases.  For example, Local Rule 2002-1 authorizes a debtor in a large chapter 11 case to seek an order for a limited service list for matters requiring notice under Bankruptcy Rule 2002(a)(2)-(6).  E.D. Mich. LBR  2002-1.  In addition, Local Rule 9013-4 authorizes the Court to enter an order establishing fixed dates and times as the scheduled hearing date and time for consideration of all motions and contested matters in a large chapter 11 case.  E.D. Mich. LBR 9013-4.  The City submits that the considerations that make limiting notice and establishing omnibus hearing dates and related case management procedures appropriate in large chapter 11 cases also support granting similar relief in this large chapter 9 case.

(In re Galaxy Assocs.), 118 B.R. 8, 10 (Bankr. D. Conn. 1990) ("[T]his court has an obligation to manage cases before it in a way that eliminates unjustifiable expense and delay.").

14.     Courts in this district presiding over chapter 11 cases and courts elsewhere presiding over chapter 9 cases regularly grant relief similar to that requested herein to streamline case administration and to reduce the costs thereof. See, e.g., In re Jefferson Cnty., Ala., No. 11-5736 (Bankr. N.D. Ala. Nov. 11, 2011) (chapter 9); In re Noble Int'l, Ltd., No. 09-51720 (Bankr. E.D. Mich. Apr. 29, 2009) (chapter 11); In re City of Vallejo, Cal., No. 08-26813 (Bankr. E.D. Cal. May 29, 2008) (chapter 9); In re Blue Water Auto. Sys., Inc., No. 08-43196 (Bankr. E.D. Mich. Mar. 4, 2008) (chapter 11).[3]

### The Need to Establish the Case Management Procedures

15.     Special notice procedures are required to promote the efficient administration of this case. The City has tens of thousands of creditors and parties in interest. Numerous other parties will be interested in or impacted by this chapter 9 case, including the nearly 700,000 residents of the City. In fact, this is the largest chapter 9 case ever filed. As such, the City anticipates that hundreds of parties will file requests for notices in this chapter 9 case under Bankruptcy

---

[3]     Copies of these unreported orders are attached hereto collectively as Exhibit 6.2.

Rule 2002. Paper service of every filing on each notice party, as may be required absent a court order to the contrary, would require a significant expenditure of the City's limited resources.

16.     Instead, the City proposes that it and other parties be authorized to effectuate service on most parties by electronic mail ("e-mail"), which would save the City a significant amount of time and expense relating to the copying and mailing of paper documents. E-mail service in bankruptcy is authorized by Bankruptcy Rule 9036 in appropriate circumstances. See Fed. R. Bankr. P. 9036. The City, therefore, submits that paper service of most pleadings and other papers in this chapter 9 case should be made only on the members of the Special Service List (as defined below) and any party with a particularized interest in the subject matter of the particular pleading or paper. Under the circumstances, the City requests that the notice procedures outlined below (the "Notice Procedures") be implemented to establish an efficient protocol to provide notice to interested parties in this case.

17.     In addition, due to the anticipated number of motions and other pleadings and papers that will be filed in this chapter 9 case, the City believes that the special hearing procedures described below (the "Hearing Procedures") should be established to administer efficiently the case docket and avoid constant (and unpredictable) hearings before this Court. Among other things, the proposed

Hearing Procedures will permit the Court, the City and the other primary parties in interest in this chapter 9 case to address groups of motions at regular omnibus hearings, thereby avoiding the substantial time and expense of scheduling separate hearings on each discrete matter.

18.     The Hearing Procedures also will provide certainty to all parties regarding the deadlines to file motions, applications or similar moving papers to be heard at a regularly scheduled hearing, as well as the deadlines for responsive pleadings and papers.  In addition, by adopting the mechanism of an advance hearing agenda, the Hearing Procedures will assist the Court and other parties in understanding, and preparing to address, the issues scheduled for hearing.

19.     Further details regarding the requested Notice Procedures, Hearing Procedures and other proposed Case Management Procedures are provided below.

## Notice Procedures

20.     <u>Special Service List</u>.  Unless otherwise provided by another order of the Court, every motion, application, complaint, objection, notice, brief, memorandum, affidavit, declaration or other writing filed in this chapter 9 case (including notices and orders by the Court, but not including proofs of claim) (collectively, the "<u>Filings</u>") shall be served both by e-mail (in ".pdf" format) and by

regular U.S. mail service, hand delivery or overnight delivery (i.e., a traditional

paper copy) upon the following parties (collectively, the "Special Service List"):

(a)    The City, c/o the Emergency Manager;

(b)    Corporation Counsel for the City of Detroit;

(c)    The City's outside restructuring counsel;

(d)    Each entity identified on the List of Creditors Holding 20 Largest Unsecured Claims (Docket No. 15);

(e)    The trustees, bond registrars, transfer agents or paying agents for the City's various general obligation and special revenue bonds or their counsel where known;

(f)    Counsel to the custodians and/or contract administrators for the Certificates of Participation (the "COPs") issued in connection with the City's funding of its pension plans;

(g)    Counsel to certain significant holders of the COPs;

(h)    The counterparties to the interest rate swaps issued in connection with the COPs (the "Swaps") or their counsel where known;

(i)    The insurers of the City's bonds, COPs and Swaps or their counsel where known;

(j)    The unions representing certain of the City's employees and retirees or their counsel where known;

(k)    The retiree associations that have agreed to represent certain retirees in this case or their counsel where known;

(l)    Counsel to any statutory committee appointed in this case;

(m)    The Office of the Governor of the State of Michigan;

(n)    The Office of the Attorney General of the State of Michigan;

(o)    The Office of the Treasurer for the State of Michigan; and

(p)    The Office of the United States Trustee for the Eastern District of Michigan.

The contact name and address of each of the parties on the Special Service List, as reflected in the City's books and records, is provided on the proposed Special Service List attached hereto as Exhibit 6.1 and incorporated herein by reference.[4]

21.    Requests for Additions or Deletions From Special Service List. Unless the City in its sole discretion consents otherwise, any party in interest seeking to be added to the Special Service List in this chapter 9 case shall file and serve a written motion seeking such relief in accordance with the Case Management Procedures and shall provide a current e-mail address.  Promptly after entry of an order approving any such motion, counsel to the City shall add the party filing such motion to the Special Service List.  A party may be deleted from the Special Service List only by such party's express written request to the City or upon another party's written request to, and approval of, the Court for good and sufficient cause shown.

22.    General Service List.  Any creditor or party-in-interest may enter an appearance and request electronic (i.e., e-mail) service of all motions, applications and similar moving papers (collectively, with any supporting or related Filings, the "Moving Papers") by filing a written request with the Court

---

[4]    Because certain of these categories overlap, the Special Service List has been organized by category to avoid duplication of addresses.

(a "Notice Request") and providing a copy of the Notice Request to (a) counsel to the City and (b) the City's claims, noticing and balloting agent, Kurtzman Carson Consultants LLC (the "Noticing Agent"), at the addresses set forth on Exhibit 6.1 hereto. A Notice Request shall include: (a) the name, organization (if any), full street address, phone number, facsimile number and current e-mail address of the party requesting service; (b) if the requesting party is an attorney, the name of the person or entity (or persons or entities) that the attorney represents; and (c) a certification that the Notice Request has been served upon (i) counsel to the City and (ii) the Noticing Agent at the addresses set forth on Exhibit 6.1 hereto, and the date and manner of service. A fully and properly completed Notice Request shall be deemed granted unless the City files and serves a written objection to such Notice Request within 20 days of the filing thereof. If the Notice Request does not comply with the requirements of the order approving the Case Management Procedures (the "Case Management Order") (including, without limitation, by failing to provide an e-mail address for service), the Noticing Agent shall forward a copy of the Case Management Order to the party filing the Notice Request along with a letter: (a) indicating such non-compliance; (b) notifying the party that it will not be added to the list of parties entitled to receive all Moving Papers in this chapter 9 case (the "General Service List") unless it files a Notice Request that complies with the Case Management Order; and (c) requesting that such party

re-file a revised, corrected Notice Request. Promptly after approval or deemed approval of the Notice Request, the Noticing Agent shall add the party filing such Notice Request to the General Service List.

23. _Certification Opting Out of E-mail Service_. Any party in interest filing a Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and, thus, cannot receive service by e-mail shall include in its Notice Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the party in interest (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the party in interest could receive service by e-mail. Such party in interest thereafter shall receive paper service.

24. _Maintenance of Service Lists_. At least every 14 days during the first 56 days of the City's chapter 9 case, the Noticing Agent shall maintain and update both the Special Service List and the General Service List (together, the "Service Lists") by: (a) making any additions and deletions; (b) filing the updated Service Lists; (c) serving the updated Service Lists on the parties listed thereon; (d) filing a proof of service; and (e) simultaneously with the filing of the Service Lists, posting updated versions on its website for this chapter 9 case at www.kccllc.net/Detroit. Thereafter, at least every 28 days, the Noticing Agent or the City shall (a) file with the Court an updated copy of each of the Service Lists

and (b) serve the Service Lists by e-mail on the parties identified therein.  The

Service Lists shall indicate the month for which such list is being published.

The Noticing Agent shall provide a copy of the most up-to-date version of the

Service Lists to any party in interest requesting a copy of the same, and shall

maintain copies of such lists on its website for this chapter 9 case at

www.kccllc.net/Detroit.  A Filing shall be deemed served on the General Service

List if it is served on the most recent Service List that has been filed with the Court

as of the day prior to the date of service.

      25.    Special Service Rules.  All Filings for which particular notices

are required by Bankruptcy Rules 2002(a)(3), 4001 or 6006 shall be served on the

parties identified on the Special Service List (and the General Service List if such

Filing is a Moving Paper) and in accordance with the following procedures:

(a)    Filings relating to relief from the automatic stay under sections 362 and/or 922 of the Bankruptcy Code or other automatic stay matters shall be served, as applicable, on (i) each entity having a known ownership interest in or known lien or encumbrance on any affected property; and (ii) the parties to any underlying lawsuit or administrative proceeding and their counsel of record.

(b)    Filings relating to obtaining credit shall be served on each entity with a known interest in or known lien or encumbrance on any property proposed to serve as collateral (or additional collateral) in support of the proposed new extension of credit.

(c)    Filings relating to approval of a proposed compromise or settlement requesting Court approval shall be served on each entity that is a party to the compromise or settlement.

(d)     Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) sought to be affected.

(e)     All other Filings shall be served on the parties identified on the Special Service List (and the General Service List in the case of Moving Papers) and each entity with a particularized interest in the subject of the Filing.

26.    <u>Service of Orders</u>.  All parties submitting orders to the Court for consideration shall, within two business days of entry of such order, serve a copy of any entered order on (a) the Special Service List, (b) each entity who received service of the related Moving Papers or that otherwise has a particularized interest in the subject matter of the specific order and (c) the Noticing Agent. The Noticing Agent shall promptly post all entered orders on its case website at www.kccllc.net/Detroit.

27.    <u>Service by E-Mail</u>.  Consistent with Bankruptcy Rule 9036, the parties on the Service Lists shall be deemed to have requested and consented to service by e-mail in this chapter 9 case.  Absent an order of the Court to the contrary, parties on the Special Service List shall be required to effectuate service by e-mail, but no other parties shall be required to effectuate service by e-mail in this chapter 9 case (although service by e-mail from such parties is allowed). Notwithstanding the foregoing, a summons and complaint in an adversary proceeding shall not be served by e-mail and, for the avoidance of doubt, parties on

the Special Service List shall also receive paper service of all Filings. Service by

e-mail shall be subject to the following rules:

   (a)   <u>E-mail Subject Line</u>. With respect to the service of any Filing,
         the subject line of the e-mail shall include the following: (i) the
         City's case name (*In re City of Detroit, Michigan*) and case
         number (13-53846); (ii) the name of the party serving such
         Filing; and (iii) the title of the Filing being served. If the title of
         the Filing is too long to fit reasonably within the subject line of
         the e-mail, the subject line shall contain a shortened version of
         such title, and the text of the e-mail shall contain the full name
         of such Filing.

   (b)   <u>E-mail Attachments</u>. All Filings served by e-mail shall include
         access to a computer file containing the entire document,
         including the proposed form of order and any exhibits,
         attachments or other materials in ".pdf" format, readable by
         Adobe Acrobat or other equivalent document reader program
         commonly available without cost. The relevant Filing shall
         either be attached to the e-mail in the format specified above, or
         the e-mail shall contain a link to such Filing in such format.

   (c)   <u>Alternative Service</u>. Notwithstanding the foregoing, if a party
         is unable to serve a Filing by e-mail due to technical difficulties
         (<u>e.g.</u>, the electronic file is too large to send by e-mail or the
         party's e-mail system is not functioning at the time of service),
         service by such party shall be adequate if by U.S. mail or hand
         or overnight delivery, as long as each of the parties on the
         Special Service List is served by (i) hand or overnight delivery,
         with (ii) a copy by facsimile to the extent possible.

   28.   <u>Scope of Modification of Notice and Service Requirements</u>.

The City does not propose in this Motion to modify the notice requirements set

forth in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), 2002(f)(1), 2002(f)(2),

2002(f)(3) or 2002(f)(7). In addition, the City has filed a separate motion asking

the Court to approve proposed procedures for providing the notices required

pursuant to section 923 of the Bankruptcy Code (see Docket No. 18).

## Hearing Procedures

29.     Omnibus Hearing.  The City requests that the Court conduct

regular omnibus hearings in this chapter 9 case to be scheduled from time to time

by the Court (collectively, the "Omnibus Hearings").  Unless otherwise ordered by

the Court for good cause shown, all matters that require a hearing shall be heard

initially at these Omnibus Hearings.  The dates and times of any Omnibus

Hearings shall be scheduled by the Court on request by counsel to the City.

Counsel to the City shall (a) prepare a notice setting forth the Omnibus Hearing

dates scheduled by the Court and (b) file the notice on the docket and serve it on

the Service Lists.

30.     General Motion Practice.  To the extent not inconsistent with

these Case Management Procedures, the procedures set forth in Local

Rules 9013-4(b) and 9014-1 shall be followed for motions and responsive filings

generally in this case.

31.     Additional Procedures for Lift-Stay Motions.  Motions filed by

non-debtor parties seeking relief pursuant to sections 362 and/or 922 of the

Bankruptcy Code (any such motion, a "Lift-Stay Motion") shall be subject to the

following additional procedures:

(a)     If the Omnibus Hearing at which any Lift-Stay Motion shall be heard is more than 30 days after the date of service of the Lift-Stay Motion, then the movant shall be deemed to have consented to the continuation of the automatic stay and waived its right to assert termination of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until the conclusion of such Omnibus Hearing.

(b)     Consistent with Local Rule 4001-1, the initial hearing on the Lift-Stay Motion shall be nonevidentiary and shall be treated as a preliminary hearing pursuant to section 362(e) of the Bankruptcy Code.

(c)     If the party opposing the Lift-Stay Motion meets its burden under section 362(e) of the Bankruptcy Code at the initial hearing, the Court shall either (i) treat the preliminary hearing as consolidated with the final hearing and deny the Lift-Stay Motion or (ii) schedule a final hearing and, upon request, schedule briefing and discovery matters. The stay shall continue in effect pending the conclusion of the final hearing.

(d)     Consistent with section 362(e) of the Bankruptcy Code, any final hearing shall be scheduled to be concluded within 30 days after the conclusion of the preliminary hearing unless otherwise agreed by the parties or ordered by the Court.

32.     Requests for Shortened Time or Limited Notice. Upon the filing of an affidavit and a showing of good cause, a party in interest may move the Court for: (a) emergency consideration of a motion at a hearing before the next Omnibus Hearing and upon shortened notice (an "Emergency Hearing"); (b) consideration of a motion at the next Omnibus Hearing upon shortened time; or (c) some other reduction of a time period under Bankruptcy Rule 9006(c) or the Case Management Order, or reduction in the number of parties to be served with a particular pleading or paper. Any party in interest seeking an Emergency Hearing

shall contact the Court in advance to coordinate such request.  The Court may grant

such request *ex parte* or may schedule a telephone conference with the party

requesting an Emergency Hearing, counsel to the City and counsel to any statutory

committee appointed in this case, or such other parties as determined by the Court,

in its discretion.

33.    <u>Bridge Orders Not Required in Certain Circumstances</u>.  If a

motion to extend the time for the City to take any action is filed before the

expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules or the provisions of any order entered by this Court, the time shall

automatically be extended until the Court acts on the motion, without the necessity

for the entry of a bridge order.

34.    <u>Certificates of Service and Notices</u>.  With respect to all Filings,

an appropriate certificate of service indicating the party serving the Filing, the

parties on which the Filing was served and the date and manner of service shall be

filed with the Court within three business days of such service.  Parties may certify

in a certificate of service that they have served the Filing on the Special Service

List or the General Service List, or both, as appropriate, by referencing such list(s)

and the date(s) thereof in a certificate of service.  Such reference shall obviate the

need to attach such Service Lists(s) or the addresses included therein to the

certificate of service.  All other parties not on such lists who have been served shall be identified by name and service address.

35.  Violation of Procedures.  If any party violates the Case Management Procedures — for example, by setting a matter for the next regularly scheduled Omnibus Hearing without adequate notice or by setting a matter for a date other than an Omnibus Hearing date without prior approval of the Court — the City shall forward a copy of the order approving the Case Management Procedures to such party within five business days after such defective filing or as soon thereafter as is practicable.  Once the filing party has corrected the violation, the filing party may set the matter for hearing at the next regularly scheduled Omnibus Hearing for which sufficient notice is available, consistent with these Case Management Procedures and the Local Rules.

36.  Omnibus Hearing Practice.  With respect to any Moving Paper, the Court may proceed with a pretrial conference for such Moving Paper at any Omnibus Hearing, as opposed to making a dispositive ruling on the Moving Paper at that time, if the interests of fairness or the proper administration of justice so require.  With respect to any Filing other than a Lift-Stay Motion, if an objection or other responsive pleading or paper is filed in response, then the Omnibus Hearing will be deemed an evidentiary hearing at which witnesses may testify, unless the City's proposed agenda (after consultation with any opposing parties) otherwise

provides.  If the objecting party intends to introduce evidence or witnesses, it must identify with reasonable particularity its proposed evidence and witnesses in its objection or other responsive pleading or paper.  The party filing a Motion must identify its proposed evidence and witnesses within two business days of a written request therefor made by the objecting party, or within such later time as agreed to in writing by the parties.

37.  <u>Proposed Omnibus Hearing Agenda</u>.  Given the size and complexity of this chapter 9 case, the City proposes to adhere to Local Rule 9013-4 (which is applicable in large chapter 11 cases).  Consistent with this rule, counsel to the City will file and serve on the Special Service List and all affected parties at least seven days before every Omnibus Hearing a proposed agenda for the Omnibus Hearing (the "<u>Proposed Omnibus Hearing Agenda</u>") and promptly file a certificate of service with respect thereto.  The Proposed Omnibus Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in *lieu* of parties filing a separate notice of such adjournment. Each Proposed Omnibus Hearing Agenda shall set forth:  (a) the docket number and title of each matter scheduled for the Omnibus Hearing; (b) all related pleadings and other papers, including any responsive documents filed as of the date of the filing of the Proposed Omnibus Hearing Agenda and, as a result, whether each matter is contested or uncontested; (c) whether any matters have settled or are

proposed to be adjourned to a subsequent hearing date; (d) other comments that will assist the Court in preparing for the hearing; and (e) a suggestion for the order in which the matters should be addressed at the Omnibus Hearing.

38.     Counsel to the City, together with any affected party or parties, may, without leave of the Court (unless the Court orders otherwise), adjourn any matter to a subsequent Omnibus Hearing.  Following the filing and service of the Proposed Omnibus Hearing Agenda, whenever a matter becomes resolved or adjourned to a subsequent Omnibus Hearing or its status otherwise changes, counsel to the City shall not be required to update the Proposed Omnibus Hearing Agenda immediately.  Instead, counsel to the City shall file with the Court and serve on the Special Service List and all affected parties an amended proposed omnibus hearing agenda identifying any modifications to the applicable Proposed Omnibus Hearing Agenda by no later than two days prior to the scheduled Omnibus Hearing.

39.     Telephonic Appearances at Hearings.  If a party desires to participate in a hearing by telephone, such party shall request permission from chambers and notify counsel for the City at least 48 hours prior to the scheduled hearing.  If chambers permits telephonic participation, the party participating telephonically shall arrange such telephonic participation and adhere to the procedures for telephonic participation applicable in the Court.  Those parties

participating by phone shall not use speakerphones unless first authorized by the Court; by reason of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted. Parties participating by phone shall put their phones on "mute" except when they need to be heard. Parties so participating shall not put their phones on "hold" in any circumstances.

### Additional Procedures

40. <u>Document Requests and Access to Docket</u>. Electronic copies of all pleadings, papers and other documents filed in the City's chapter 9 case are available free of charge at the case website maintained by the Noticing Agent at www.kccllc.net/Detroit or for a fee via PACER on the Court's website at https://ecf.mieb.uscourts.gov. *Parties should note that, at any given time, the official docket on the Court's website may be more up to date than the docket maintained on the Noticing Agent's free website.*

41. <u>Adversary Proceedings</u>. Notwithstanding anything to the contrary herein, the prosecution of any adversary proceedings commenced in this chapter 9 case shall be subject to the Court's general case management procedures for adversary proceedings or any separate case management and scheduling orders entered with respect to such adversary proceedings. The parties on the Special Service List shall be entitled to service of all Filings in adversary proceedings.

42.    Modifications of Case Management Procedures.  Nothing in the Case Management Procedures shall prejudice the rights of the City or any other party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

43.    Adequate Notice.  Notice and service accomplished in accordance with the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

44.    Computation of Time.  Unless otherwise specified, all time periods referenced in this Motion shall be calculated in accordance with Bankruptcy Rule 9006(a).

45.    Effect of Case Management Procedures.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in this chapter 9 case except to the extent that any provision of the approved Case Management Procedures supersedes or is inconsistent with such rules.

46.    Promulgation of Case Management Order.  Within five business days after the entry of the Case Management Order, the City shall serve a copy of the Case Management Order on each of the parties on the Service Lists.  In addition, promptly following the end of each calendar month, counsel to the City

or the Noticing Agent shall serve a copy of the Case Management Order upon any party filing a Notice Request within such calendar month.

## Reservation of Rights

47.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

48.     Notice of this Motion has been given to the following (or their counsel if known):  (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the insurers of the COPs; (h) certain significant holders of the COPs; (i) the counterparties under the Swaps; and (j) the insurers of the Swaps.  In addition, a copy of the Motion was

served on the Office of the United States Trustee.  The City submits that no other or further notice need be provided.

## **No Prior Request**

49.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that this Court:  (i) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief sought herein; and (ii) grant such other and further relief to the City as the Court may deem proper.

Dated: July 19, 2013                Respectfully submitted,

/s/ David G. Heiman          
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with
Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | None  [Separate Notice of First Day Relief Proposed] |
| Exhibit 3 | None  [Brief Not Required] |
| Exhibit 4 | None  [Separate Certificate of Service To Be Filed] |
| Exhibit 5 | None  [No Affidavits Filed Specific to This Motion] |
| Exhibit 6.1 | Special Service List |
| Exhibit 6.2 | Unreported Orders |

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-------------------------------------------------x
                                         :
In re                                    : Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               : Case No. 13-53846
                                         :
                    Debtor.              : Hon. _____
                                         :
                                         :
-------------------------------------------------x
```

## ORDER ESTABLISHING CASE
## MANAGEMENT AND SCHEDULING PROCEDURES

This matter coming before the Court on the Motion of Debtor,

Pursuant to Sections 102(1)(A) and 105(a) of the Bankruptcy Code and

Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure, for Entry

of an Order Establishing Case Management and Scheduling Procedures

(the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court

having reviewed the Motion and the Declaration of Kevyn D. Orr (Docket No. 11)

(the "Orr Declaration") and having considered the statements of counsel and the

evidence adduced with respect to the Motion at a hearing before the Court

(the "Hearing"); and the Court finding that:  (a) the Court has jurisdiction over this

---

[1]  Capitalized terms not otherwise defined herein have the meanings given to
them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b) and (c) notice of the Motion and the Hearing was

sufficient under the circumstances; and the Court having determined that the legal

and factual bases set forth in the Motion and the Orr Declaration and at the Hearing

establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Notice Procedures, Hearing Procedures and other Case

Management Procedures are approved as follows:

## Notice Procedures

3.      Special Service List.  Unless otherwise provided by another

order of the Court, every motion, application, complaint, objection, notice, brief,

memorandum, affidavit, declaration or other writing filed in this chapter 9 case

(including notices and orders by the Court, but not including proofs of claim)

(collectively, the "Filings") shall be served both by e-mail (in ".pdf" format) and by

regular U.S. mail service, hand delivery or overnight delivery (i.e., a traditional

paper copy) upon the following parties (collectively, the "Special Service List"):

(a)      The City, c/o the Emergency Manager;

(b)      Corporation Counsel for the City of Detroit;

(c)      The City's outside restructuring counsel;

(d)     Each entity identified on the List of Creditors Holding 20 Largest Unsecured Claims (Docket No. 15);

(e)     The trustees, bond registrars, transfer agents or paying agents for the City's various general obligation and special revenue bonds or their counsel where known;

(f)     Counsel to the custodians and/or contract administrators for the Certificates of Participation (the "COPs") issued in connection with the City's funding of its pension plans;

(g)     Counsel to certain significant holders of the COPs;

(h)     The counterparties to the interest rate swaps issued in connection with the COPs (the "Swaps") or their counsel where known;

(i)     The insurers of the City's bonds, COPs and Swaps or their counsel where known;

(j)     The unions representing certain of the City's employees and retirees or their counsel where known;

(k)     The retiree associations that have agreed to represent certain retirees in this case or their counsel where known;

(l)     Counsel to any statutory committee appointed in this case;

(m)     The Office of the Governor of the State of Michigan;

(n)     The Office of the Attorney General of the State of Michigan;

(o)     The Office of the Treasurer for the State of Michigan; and

(p)     The Office of the United States Trustee for the Eastern District of Michigan.

The contact name and address of each of the parties on the Special Service List, as reflected in the City's books and records, is provided on the proposed Special Service List attached hereto as Annex I and incorporated herein by reference.

4. <u>Requests for Additions or Deletions From Special Service List</u>. Unless the City in its sole discretion consents otherwise, any party in interest seeking to be added to the Special Service List in this chapter 9 case shall file and serve a written motion seeking such relief in accordance with the Case Management Procedures and shall provide a current e-mail address. Promptly after entry of an order approving any such motion, counsel to the City shall add the party filing such motion to the Special Service List. A party may be deleted from the Special Service List only by such party's express written request to the City or upon another party's written request to, and approval of, the Court for good and sufficient cause shown.

5. <u>General Service List</u>. Any creditor or party-in-interest may enter an appearance and request electronic (<u>i.e.</u>, e-mail) service of all motions, applications and similar moving papers (collectively, with any supporting or related Filings, the "<u>Moving Papers</u>") by filing a written request with the Court (a "<u>Notice Request</u>") and providing a copy of the Notice Request to (a) counsel to the City and (b) the City's claims, noticing and balloting agent, Kurtzman Carson Consultants LLC (the "<u>Noticing Agent</u>"), at the addresses set forth on Annex I hereto. A Notice Request shall include: (a) the name, organization (if any), full street address, phone number, facsimile number and current e-mail address of the party requesting service; (b) if the requesting party is an attorney, the name of the

person or entity (or persons or entities) that the attorney represents; and (c) a

certification that the Notice Request has been served upon (i) counsel to the City

and (ii) the Noticing Agent at the addresses set forth on Annex I hereto, and the

date and manner of service.  A fully and properly completed Notice Request shall

be deemed granted unless the City files and serves a written objection to such

Notice Request within 20 days of the filing thereof.  If the Notice Request does not

comply with the requirements of this Order (including, without limitation, by

failing to provide an e-mail address for service), the Noticing Agent shall forward

a copy of this Order to the party filing the Notice Request along with a letter

(a) indicating such non-compliance, (b) notifying the party that it will not be added

to the list of parties entitled to receive all Moving Papers in this chapter 9 case

(the "General Service List") unless it files a Notice Request that complies with this

Order and (c) requesting that such party re-file a revised, corrected Notice Request.

Promptly after approval or deemed approval of the Notice Request, the Noticing

Agent shall add the party filing such Notice Request to the General Service List.

       6.    <u>Certification Opting Out of E-mail Service</u>.  Any party in

interest filing a Notice Request who does not maintain (and cannot practicably

obtain) an e-mail address and, thus, cannot receive service by e-mail shall include

in its Notice Request a certification to that effect (the "<u>Certification</u>").

The Certification shall include a statement certifying that the party in interest

(a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the party in interest could receive service by e-mail. Such party in interest thereafter shall receive paper service.

    7. <u>Maintenance of Service Lists</u>. At least every 14 days during the first 56 days of the City's chapter 9 case, the Noticing Agent shall maintain and update both the Special Service List and the General Service List (together, the "<u>Service Lists</u>") by: (a) making any additions and deletions; (b) filing the updated Service Lists; (c) serving the updated Service Lists on the parties listed thereon; (d) filing a proof of service; and (e) simultaneously with the filing of the Service Lists, posting updated versions on its website for this chapter 9 case at www.kccllc.net/Detroit. Thereafter, at least every 28 days, the Noticing Agent or the City shall (a) file with the Court an updated copy of each of the Service Lists and (b) serve the Service Lists by e-mail on the parties identified therein. The Service Lists shall indicate the month for which such list is being published. The Noticing Agent shall provide a copy of the most up-to-date version of the Service Lists to any party in interest requesting a copy of the same, and shall maintain copies of such lists on its website for this chapter 9 case at www.kccllc.net/Detroit. A Filing shall be deemed served on the General Service List if it is served on the most recent Service List that has been filed with the Court as of the day prior to the date of service.

8.  <u>Special Service Rules</u>.  All Filings for which particular notices are required by Bankruptcy Rules 2002(a)(3), 4001 or 6006 shall be served on the parties identified on the Special Service List (and the General Service List if such Filing is a Moving Paper) and in accordance with the following procedures:

(a)  Filings relating to relief from the automatic stay under sections 362 and/or 922 of the Bankruptcy Code or other automatic stay matters shall be served, as applicable, on (i) each entity having a known ownership interest in or known lien or encumbrance on any affected property; and (ii) the parties to any underlying lawsuit or administrative proceeding and their counsel of record.

(b)  Filings relating to obtaining credit shall be served on each entity with a known interest in or known lien or encumbrance on any property proposed to serve as collateral (or additional collateral) in support of the proposed new extension of credit.

(c)  Filings relating to approval of a proposed compromise or settlement requesting Court approval shall be served on each entity that is a party to the compromise or settlement.

(d)  Filings relating to rights under section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) sought to be affected.

(e)  All other Filings shall be served on the parties identified on the Special Service List (and the General Service List in the case of Moving Papers) and each entity with a particularized interest in the subject of the Filing.

9.  <u>Service of Orders</u>.  All parties submitting orders to the Court for consideration shall, within two business days of entry of such order, serve a copy of any entered order on (a) the Special Service List, (b) each entity who received service of the related Moving Papers or that otherwise has a particularized

interest in the subject matter of the specific order and (c) the Noticing Agent.

The Noticing Agent shall promptly post all entered orders on its case website at

www.kccllc.net/Detroit.

          10.    <u>Service by E-Mail</u>.  Consistent with Bankruptcy Rule 9036, the

parties on the Service Lists shall be deemed to have requested and consented to

service by e-mail in this chapter 9 case.  Absent an order of the Court to the

contrary, parties on the Special Service List shall be required to effectuate service

by e-mail, but no other parties shall be required to effectuate service by e-mail in

this chapter 9 case (although service by e-mail from such parties is allowed).

Notwithstanding the foregoing, a summons and complaint in an adversary

proceeding shall not be served by e-mail and, for the avoidance of doubt, parties on

the Special Service List shall also receive paper service of all Filings.  Service by

e-mail shall be subject to the following rules:

        (a)    <u>E-mail Subject Line</u>.  With respect to the service of any Filing, the subject line of the e-mail shall include the following:  (i) the City's case name (*In re City of Detroit, Michigan*) and case number (13-53846); (ii) the name of the party serving such Filing; and (iii) the title of the Filing being served.  If the title of the Filing is too long to fit reasonably within the subject line of the e-mail, the subject line shall contain a shortened version of such title, and the text of the e-mail shall contain the full name of such Filing.

        (b)    <u>E-mail Attachments</u>.  All Filings served by e-mail shall include access to a computer file containing the entire document, including the proposed form of order and any exhibits, attachments or other materials in ".pdf" format, readable by

Adobe Acrobat or other equivalent document reader program commonly available without cost. The relevant Filing shall either be attached to the e-mail in the format specified above, or the e-mail shall contain a link to such Filing in such format.

(c) <u>Alternative Service</u>. Notwithstanding the foregoing, if a party is unable to serve a Filing by e-mail due to technical difficulties (<u>e.g.</u>, the electronic file is too large to send by e-mail or the party's e-mail system is not functioning at the time of service), service by such party shall be adequate if by U.S. mail or hand or overnight delivery, as long as each of the parties on the Special Service List is served by (i) hand or overnight delivery, with (ii) a copy by facsimile to the extent possible.

11. <u>Scope of Modification of Notice and Service Requirements</u>. Nothing herein shall modify the notice requirements set forth in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), 2002(f)(1), 2002(f)(2), 2002(f)(3) or 2002(f)(7).

## <u>Hearing Procedures</u>

12. <u>Omnibus Hearing</u>. The Court shall conduct regular omnibus hearings in this chapter 9 case to be scheduled from time to time by the Court (collectively, the "<u>Omnibus Hearings</u>"). Unless otherwise ordered by the Court for good cause shown, all matters that require a hearing shall be heard initially at these Omnibus Hearings. The dates and times for the first four Omnibus Hearings in this chapter 9 case are as follows:

_____ __, 2013, at _____.m., Eastern Time;

_____ __, 2013, at _____.m., Eastern Time;

_____ __, 2013, at _____.m., Eastern Time; and

_____ __, 2013, at _____.m., Eastern Time.
The dates and times of any additional Omnibus Hearings shall be scheduled by the Court. Counsel to the City shall prepare and file a notice setting forth the Omnibus Hearings scheduled by the Court and serve it on the Service Lists.

13. <u>General Motion Practice</u>. To the extent not inconsistent with these Case Management Procedures, the procedures set forth in Local Rules 9013-4(b) and 9014-1 shall be followed with respect to the filing of motions and responsive documents generally in this case.

14. <u>Additional Procedures for Lift-Stay Motions</u>. Motions filed by non-debtor parties seeking relief pursuant to sections 362 and/or 922 of the Bankruptcy Code (any such motion, a "<u>Lift-Stay Motion</u>") shall be subject to the following additional procedures:

    (a)    If the Omnibus Hearing at which any Lift-Stay Motion shall be heard is more than 30 days after the date of service of the Lift-Stay Motion, then the movant shall be deemed to have consented to the continuation of the automatic stay and waived its right to assert termination of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until the conclusion of such Omnibus Hearing.

    (b)    Consistent with Local Rule 4001-1, the initial hearing on the Lift-Stay Motion shall be nonevidentiary and shall be treated as a preliminary hearing pursuant to section 362(e) of the Bankruptcy Code.

    (c)    If the party opposing the Motion meets its burden under section 362(e) of the Bankruptcy Code at the initial hearing, the Court shall either (i) treat the preliminary hearing as

consolidated with the final hearing and deny the Motion; or (ii) schedule a final hearing and, upon request, schedule briefing and discovery matters. The stay shall continue in effect pending the conclusion of the final hearing.

(d)     Consistent with section 362(e) of the Bankruptcy Code, any final hearing shall be scheduled to be concluded within 30 days after the conclusion of the preliminary hearing unless otherwise agreed by the parties or ordered by the Court.

15.     <u>Requests for Shortened Time or Limited Notice</u>.  Upon the filing of an affidavit and a showing of good cause, a party in interest may move the Court for:  (a) emergency consideration of a Motion at a hearing before the next Omnibus Hearing and upon shortened notice (an "<u>Emergency Hearing</u>"); (b) consideration of a Motion at the next Omnibus Hearing upon shortened time; or (c) some other reduction of a time period under Bankruptcy Rule 9006(c) or the Case Management Order, or reduction in the number of parties to be served with a particular pleading or paper.  Any party in interest seeking an Emergency Hearing shall contact the Court in advance to coordinate such request.  The Court may grant such request *ex parte* or may schedule a telephone conference with the party requesting the Emergency Hearing, counsel to the City, counsel to any statutory committee appointed in this case and the U.S. Trustee, or such other parties as determined by the Court, in its discretion.

16.     <u>Bridge Orders Not Required in Certain Circumstances</u>.  If a Motion to extend the time for the City to take any action is filed before the

13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 40 of 110

expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

17. <u>Certificates of Service and Notices</u>. With respect to all Filings, an appropriate certificate of service indicating the party serving the Filing, the parties on which the Filing was served and the date and manner of service shall be filed with the Court within three business days of such service. Parties may certify in a certificate of service that they have served the Filing on the Special Service List or the General Service List, or both, as appropriate, by referencing such list(s) and the date(s) thereof in a certificate of service. Such reference shall obviate the need to attach such Service Lists(s) or the addresses included therein to the certificate of service. All other parties not on such lists who have been served shall be identified by name and service address.

18. <u>Violation of Procedures</u>. If any party violates the Case Management Procedures — for example, by setting a matter for the next regularly scheduled Omnibus Hearing without adequate notice or by setting a matter for a date other than an Omnibus Hearing date without prior approval of the Court — the City shall forward a copy of this Order to such party within five business days after such defective filing or as soon thereafter as practicable. Once the filing party

has corrected the violation, the filing party may set the matter for hearing at the next regularly scheduled Omnibus Hearing for which sufficient notice is available, consistent with these Case Management Procedures and the Local Rules.

19.    Omnibus Hearing Practice.  With respect to any motion, the Court may proceed with a pretrial conference for such motion at any Omnibus Hearing, as opposed to making a dispositive ruling on the motion at that time, if the interests of fairness or the proper administration of justice so require.  With respect to any Filing other than a Lift-Stay Motion, if an objection or other responsive pleading or paper is filed in response, then the Omnibus Hearing will be deemed an evidentiary hearing at which witnesses may testify, unless the City's proposed agenda (after consultation with any opposing parties) otherwise provides. If the objecting party intends to introduce evidence or witnesses, it must identify with reasonable particularity its proposed evidence and witnesses in its objection or other responsive pleading or paper.  The party filing a motion must identify its proposed evidence and witnesses within two business days of a written request therefor made by the objecting party, or within such later time as agreed to in writing by the parties.

20.    Proposed Omnibus Hearing Agenda.  Consistent with the requirements of Local Rule 9013-4 in large chapter 11 cases, counsel to the City shall file and serve on the Special Service List and all affected parties at least seven

days before every Omnibus Hearing a proposed agenda for the Omnibus Hearing (the "Proposed Omnibus Hearing Agenda") and promptly file a certificate of service with respect thereto. The Proposed Omnibus Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in *lieu* of parties filing a separate notice of such adjournment. Each Proposed Omnibus Hearing Agenda shall set forth: (a) the docket number and title of each matter scheduled for the Omnibus Hearing; (b) all related pleadings and other papers, including any objections or replies filed to date and, as a result, whether each matter is contested or uncontested; (c) whether any matters have settled or are proposed to be adjourned to a subsequent hearing date; (d) other comments that will assist the Court in preparing for the hearing; and (e) a suggestion for the order in which the matters should be addressed at the Omnibus Hearing.

21. Counsel to the City together with any affected party or parties may, without leave of the Court, unless the Court orders otherwise, adjourn any matter to a subsequent Omnibus Hearing. Following the filing and service of the Proposed Omnibus Hearing Agenda, whenever a matter becomes resolved or adjourned to a subsequent Omnibus Hearing or its status otherwise changes, counsel to the City shall not be required to update the Proposed Omnibus Hearing Agenda immediately. Instead, counsel to the City shall file with the court and

serve on the Special Service List and all affected parties an amended proposed omnibus hearing agenda identifying any modifications to the applicable Proposed Omnibus Hearing Agenda by no later than two days prior to the scheduled Omnibus Hearing.

22. _Telephonic Appearances at Hearings_.  If a party desires to participate in a hearing by telephone, such party shall request permission from chambers and notify counsel for the City at least 48 hours prior to the scheduled hearing.  If chambers permits telephonic participation, the party participating telephonically shall arrange such telephonic participation and adhere to the procedures for telephonic participation applicable in the Court.  Those parties participating by phone shall not use speakerphones unless first authorized by the Court; by reason of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.  Parties participating by phone shall put their phones on "mute" except when they need to be heard.  Parties so participating shall not put their phones on "hold" in any circumstances.

### Additional Procedures

23. _Document Requests and Access to Docket_.  Electronic copies of all pleadings, papers and other documents filed in the City's chapter 9 case are available free of charge at the case website maintained by the Noticing Agent at

www.kccllc.net/Detroit or for a fee via PACER on the Court's website at https://ecf.mieb.uscourts.gov. *Parties should note that, at any given time, the official docket on the Court's website may be more up to date than the docket maintained on the Noticing Agent's free website.*

24.     Adversary Proceedings.  Notwithstanding anything to the contrary herein, the prosecution of any adversary proceedings commenced in this chapter 9 case shall be subject to the Court's general case management procedures for adversary proceedings or any separate case management and scheduling orders entered with respect to such adversary proceedings.  The parties on the Special Service List shall be entitled to service of all Filings in adversary proceedings.

25.     Modifications of Case Management Procedures.  Nothing in the Case Management Procedures shall prejudice the rights of the City or any other party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

26.     Adequate Notice.  Notice and service accomplished in accordance with the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

27.    <u>Computation of Time</u>.  Unless otherwise specified, all time periods referenced in this Motion shall be calculated in accordance with Bankruptcy Rule 9006(a).

28.    <u>Effect of Case Management Procedures</u>.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in this chapter 9 case except to the extent that any provision of the approved Case Management Procedures supersedes or is inconsistent with such rules.

29.    <u>Promulgation of Case Management Order</u>.  Within five business days of the date of entry of this Order, the City shall serve a copy of this Order on each of the parties on the Service Lists.  In addition, promptly following the end of each calendar month, counsel to the City or the Noticing Agent shall serve a copy of this Order on any party filing a Notice Request within such calendar month.

30.    <u>No Waiver of or Consent Under Bankruptcy Code Section 904</u>. Nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

31.  <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

# ANNEX I

## [SPECIAL SERVICE LIST]

**EXHIBIT 6.1**

## SPECIAL SERVICE LIST

The City of Detroit
Attn:  Kevyn D. Orr, Emergency Manager
Coleman A. Young Municipal Center
2 Woodward Avenue
Suite 1126
Detroit, Michigan  48226

The City of Detroit
Attn:  Corporation Counsel
Coleman A. Young Municipal Center
2 Woodward Avenue
Fifth Floor
Detroit, Michigan  48226

Jones Day
Attn: David G. Heiman, Esq. & Heather Lennox, Esq.
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Facsimile: 216-579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
***Counsel to the City***

Jones Day
Attn: Bruce Bennett, Esq.
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Facsimile: 213- 243-2539
bbennett@jonesday.com
***Counsel to the City***

Jones Day
Attn: Jeffrey B. Ellman, Esq.
1420 Peachtree St., NE
Suite 800
Atlanta, Georgia  30309
Facsimile: 404-581-8330
jbellman@jonesday.com
***Counsel to the City***

Miller, Canfield, Paddock and Stone, P.L.C.
Attn: Jonathan S. Green, Esq. & Stephen S. LaPlante, Esq.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Facsimile: 313-496-7500
green@millercanfield.com
laplante@millercanfield.com
***Counsel to the City***

U.S. Bank National Association,
    as trustee, bond registrar, transfer agent,
    paying agent, custodian and/or contract administrator
Attn:  Susan T. Brown
Senior Vice President and Manager
535 Griswold, Suite 550
Detroit, MI  48226
Facsimile: 313-963-9428
susan.brown5@usbank.com

U.S. Bank National Association,
   as trustee, bond registrar, transfer agent,
   paying agent, custodian and/or contract administrator
Attn: Susan E. Jacobsen
Vice President
Mail Station EP-MN-WS1D
60 Livingston Ave.
St. Paul, MN 55107
Facsimile: 651-466-7401
susan.jacobsen2@usbank.com

U.S. Bank National Association,
   as Trustee for the Detroit Sewer and Water Bonds
Attn: Lawrence J. Bell
PD-OR-P6TD
Portland, OR 97204
Facsimile: 503-275-5738
Lawrence.bell@usbank.com

The Bank of New York Mellon Trust Company,
   National Association, as trustee
Attn: Eduardo Rodriguez
2 North LaSalle Street, Suite 1020
Chicago, IL 60602
eduardo.rodriguez@bnymellon.com

McDermott Will & Emery LLP
Attn: William P. Smith, Esq.
227 West Monroe Street
Chicago, IL 60606
Facsimile: 312-984-7700
wsmith@mwe.com
***Counsel to U.S. Bank, National Association***

Waller Lansden Dortch & Davis LLP
Attn: David E. Lemke, Esq.
511 Union Street, Suite 2700
Nashville, TN  37219
Facsimile: 615-244-6804
david.lemke@wallerlaw.com
***Counsel to U.S. Bank, National Association***

Waller Lansden Dortch & Davis LLP
Attn: Michael R. Paslay, Esq.
511 Union Street, Suite 2700
Nashville, TN  37219
Facsimile: 615-244-6804
michael.paslay@wallerlaw.com
***Counsel to U.S. Bank, National Association***

Waller Lansden Dortch & Davis LLP
Attn: Ryan K. Cochran, Esq.
511 Union Street, Suite 2700
Nashville, TN  37219
Facsimile: 615-244-6804
ryan.cochran@wallerlaw.com
***Counsel to U.S. Bank, National Association***

Waller Lansden Dortch & Davis LLP
Attn: Courtney M. Rogers, Esq.
511 Union Street, Suite 2700
Nashville, TN  37219
Facsimile: 615-244-6804
courtney.rogers@wallerlaw.com
***Counsel to U.S. Bank, National Association***

Bodman PLC
Attn:  Barbara A. Bowman, Esq.
201 West Big Beaver Road, Suite 500
Troy, MI  48084
Facsimile: 313-393-7579
bbowman@bodmanlaw.com
***Counsel to U.S. Bank, National Association***

Foster Swift Collins & Smith PC
Attn: John M. Kamins, Esq.
32300 Northwestern Hwy., Suite 230
Farmington Hills, MI 48334
Facsimile: 248-538-2090
jkamins@fosterswift.com
***Counsel to U.S. Bank, National Association***

Downtown Development Authority
500 Griswold
Suite 2200
Detroit, MI 48226

Faegre Baker Daniels LLP
Attn: Abby E. Wilkinson, Esq.
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Facsimile: 612-766-1600
Abby.wilkinson@FaegreBD.com
***Counsel to the Downtown Development Authority***

AFSCME Council #25
Attn: Albert Garrett
1034 N. Washington
Lansing, MI 48906
Facsimile: 313-964-5220
agarrett@miafscme.org

AFSCME Council #25
Attn: Albert Garrett
600 W. Lafayette, Suite 500
Detroit, MI 48226
Facsimile: 313-964-5220
agarrett@miafscme.org

AFSCME Council #25
Attn: Ed McNeil
600 W. Lafayette, Suite 500
Detroit, MI  48226
Facsimile: 313-964-5220
emcneil@miafscme.org

AFSCME Council #25
Attn: Catherine Phillips
600 W. Lafayette, Suite 500
Detroit, MI  48226
Facsimile: 313-964-0230
cphillips@miafscme.org

AFSCME Council #25
Attn: DeAngelo Malcolm
600 W. Lafayette, Suite 500
Detroit, MI  48226
Facsimile: 313-964-0230
dmalcolm@miafscme.org

AFSCME Local #1023
Attn: Delia Enright
600 W. Lafayette, Suite L-125
Detroit, MI  48226
Facsimile: 734-661-2778
afscmelocal1023@att.net
deliaenright@hotmail.com

AFSCME Local #1206
Attn: Arlene Kirby
20400 Steel
Detroit, MI  48235
arlene.kirby@yahoo.com

AFSCME Local #2920
Attn: Thomas Johnson II
600 W. Lafayette, Suite 206
Detroit, MI  48226
Facsimile: 313-964-0887
local2920@sbcglobal.net

AFSCME Local #2799
Attn: Yvonne Ross
600 W. Lafayette, Suite 132
Detroit, MI  48226
Facsimile: 313-963-9773
Yvonners2001@yahoo.com

AFSCME Local #1642
Attn: Gina Thompson-Mitchell
600 W. Lafayette, Suite L – 123
Detroit, MI  48226
Facsimile: 313-965-8283
AFSCME-GMT-1642@peoplepc.com

AFSCME Local #1227
Attn: Joseph Walter
P.O. Box 36314
Grosse Pointe Farms, MI  48236
presidentlocal1227@hotmail.com

AFSCME Local #1220
Attn: Gerald Thompson
600 W. Lafayette, Suite 136
Detroit, MI  48226
gvp1220@aol.com

AFSCME Local #0836
Attn: Robert Donald
600 W. Lafayette, Suite 132
Detroit, MI  48226
Facsimile: 313-963-2114
union836@yahoo.com

AFSCME Local #0542
Attn: Phyllis McMillon
600 W. Lafayette, Suite L – 101
Detroit, MI  48226
Facsimile: 313-961-9356
philphil48238@yahoo.com

AFSCME Local #0457
Attn: Laurie Walker
600 W. Lafayette, Suite L – 104
Detroit, MI  48226
Facsimile: 313-965-8217
afscme457@peoplepc.com

AFSCME Local #0312
Attn: Phillip Douglas
14022 Linwood
Detroit, MI  48238
Facsimile: 313-868-7310
phil-douglas@sbcglobal.com

AFSCME Local #0273
Attn: Scecilla Hunt
600 W. Lafayette, Suite 140
Detroit, MI  48226
Facsimile: 313-961-7250
anurses@att.net

AFSCME Local #0229
Attn: Zachary Carr
600 W. Lafayette, Suite LR-08
Detroit, MI  48226
Facsimile: 313-961-8422
afscmelocal229@ymail.com

AFSCME Local #0214
Attn: June Nickleberry
1301 E. Warren Avenue
Detroit, MI  48207
Facsimile: 313-898-8031
missnick64@hotmail.com

AFSCME Local #0207
Attn: James Williams
600 W. Lafayette, Suite L-106
Detroit, MI  48226
Facsimile: 313-965-1603
afscme207@sbcglobal.net

AFSCME Local #0062
Attn: Lacydia Moore-Reese
600 W. Lafayette, Suite 150
Detroit, MI  48226
Facsimile: 313-224-1304
Reesel@detroitmi.gov

AFSCME Local # 6087
Attn: Clarence Sanders
2633 Michigan Avenue
Detroit, MI  48216
clrncsndrs@yahoo.com

AFSCME Local #0023
Attn: Robert Stokes
600 W. Lafayette, Suite 134
Detroit, MI  48226

AFSCME Local #2394
Attn: Yalonda King
600 W. Lafayette, Suite 110
Detroit, MI  48226
Facsimile: 313-965-0518
KingY687@detroitmi.gov

Amalgamated Transit Union, Division 26
Attn: Henry Gaffney
716 Lothrop
Detroit, MI 48202
Facsimile: 313-873-2696
atulocal26pba@aol.com

Assistant Supervisors of Street Maintenance & Construction Association
Attn: Herbert Jenkins
2633 Michigan Avenue
Detroit, MI 48216
Facsimile: 313-224-0039
JenkinsH@detroitmi.gov

Association of City of Detroit Supervisors
Attn: Richard King
8651 Fenkell
Detroit, MI 48238
KingR@detroitmi.gov

Association of Detroit Engineers
Attn: Sanjay M. Patel
P.O. Box 2241
Detroit, MI 48231
patel@dwsd.org

Association of Municipal Engineers
Attn: Partho Ghosh
9300 W. Jefferson NAB #420
Detroit, MI 48209
Facsimile: 313-297-6811
pghosh@dwsd.org

Association of Municipal Inspectors
Attn: Michael Neil
P.O. Box 15475
Detroit, MI 48215
Facsimile: 313-224-2023
m.neil@sbcglobal.net

Association of Professional Construction Inspectors
Attn: Juanita Sanders
2727 Second Ave., Suite 314B
Detroit, MI  48201
Facsimile: 313-833-8420
senoritabonita@peoplepc.com

Association of Professional
& Technical Employees
Attn: Dempsey Addison
2727 Second Ave., Suite 152
Detroit, MI  48202
Facsimile: 313-852-4837
theda3t@yahoo.com

Building & Construction Trades Council
Attn: John Wallace
1640 Porter St.
Detroit, MI  48216
Facsimile: 313-965-3232
express33@aol.com

Detroit  Fire Fighters Association Local  344
Attn: Daniel McNamara
243 W. Congress Suite 644
Detroit, MI  48226
Facsimile: 313-962-7899
dmcnamara344@aol.com

Detroit  Income Tax Investigators Association
Attn: Marcella Campbell
2 Woodward Ave., Suite 1220
Detroit, MI  48226
Facsimile: 313-224-1741
marcicampbel@gmail.com

Detroit  Police Command Officers Association
Attn: Steven Dolunt
P.O. Box 02625
Detroit, MI  48202
Facsimile: 313-596-5966
DoluntS320@detroitmi.gov

Detroit  Police Lieut. & Sergeants Association
Attn: Mark Young
28 W. Adams, Suite 700
Detroit, MI  48226
Facsimile: 313-961-0923
youngM604@detroitmi.gov or
Polo4491@aol.com

Detroit Police Officers Association
Attn: Mark Diaz
1938 E. Jefferson
Detroit, MI  48207
Facsimile: 313-567-7875
Diaz@detroitpoa.com or
DiazM3329@gmail.com

DOT Foremen's Association of America Local 337
Attn: Nicholas Duncan
5776 Bluehill St.
Detroit, MI  48224
Facsimile: 313-898-7869
NicDun@detroitmi.gov

DOT Foreperson's Association of America
Attn: Pamela King
1301 E. Warren Avenue
Detroit, MI  48207
Facsimile: 313-578-8205
Pamkin@detroitmi.gov

EMS Officers Association
Attn: James Gatteno
2150 Lancaster
Grosse Pointe Woods, MI 48236
jgatteno@comcast.net

Field Engineers Association
Attn: Larry Hart
P.O. Box 252805
West Bloomfield, MI 48325
ladonnahart@comcast.com

I.U.O.E. Local 324
Attn: William Miller
500 Hulet Drive
Bloomfield Township, MI 48302
Facsimile: 313-215-6927
william.miller@iuoe324.org

Police Officers Association of Michigan
Attn: John Barr
27056 Joy Rd.
Redford, MI 48239
Facsimile: 313-937-9165
poam@poam.net

Police Officers Labor Council
Attn: Chet Kulesza
667 E. Big Beaver Rd. #205
Troy, MI 48083
Facsimile: 248-524-2752
ck445polc@yahoo.com

Police Officers Labor Council
Attn: Marvin Hansberry
518 Inkster Road
Dearborn Heights, MI 48127
HansberryM@detroitmi.gov

Police Officers Labor Council
Attn: Jan Zaleski
19360 St. Louis St.
Detroit, MI 48234
Facsimile: 313-596-1115
presidentjan@aol.com

Sanitary, Chemists & Technicians Association
Attn: Saulius Simoliunas
2727 Second Ave. Rm. 314 – D
Detroit, MI 48201
simoliun@dwsd.org

Senior Accountants, Analysts & Appraisers Association
Attn: Audrey Bellamy
65 Cadillac Square, Suite 2905
Detroit, MI 48226
Facsimile: 313-961-7908
ayoung586@comcast.net

Senior Water Systems Chemist Association
Attn: Andrew Ross
2727 Second Ave. Rm. 311- A
Detroit, MI 48201
Facsimile: 313-934-3157
aross@dwsd.org

SEIU Local 517M
Attn: Yolanda Langston
1274 Library St.
Detroit, MI 48226
Facsimile: 313-887-9460
langstony@gmail.com

Teamsters Local #214
Attn: Joseph Valenti
2825 Trumbull Avenue
Detroit, MI 48216
Facsimile: 313-962-7891
TL214teams@ameritech.net

United Auto Workers Union
Attn: Michael Nicholson & Mike Dwyer
8000 East Jefferson Ave.
Detroit, MI 48214
Facsimile: 734-719-0850
mnicholson@uaw.net
mdwyer@uaw.net

UAW – PAA Local #2211
Attn: Robyn Brooks
660 Woodward Ave., Suite 1650
Detroit, MI  48226
Facsimile: 313-224-5505
BrooR@detroitmi.gov

UAW – WWTP Local #2200
Attn: Laurie Stuart
5201 Woodward Avenue
Detroit, MI  48202
mimilaurie@yahoo.com or
ltownse@detroitpubliclibrary.org

UAW – Local # 412
Attn: John Cunningham
27800 George Merrelli Dr.
Warren, MI  48092
Facsimile: 586-427-7142
jcunningham@uaw.net

UAW – Local #212
Attn: John Cunningham
27800 George Merrelli Dr.
Warren, MI  48092
Facsimile: 586-427-7142
jcunningham@uaw.net

Utility Workers Union of America
Attn: James Harrison
P.O. Box 611260
Port Huron, MI  48061
jharrison@uwua.net

Utility Workers Union of America Local #531
Attn: Samuel Wilson
5274 Nottingham Rd.
Detroit, MI  48224
swilson@dwsd.org

Utility Workers Union of America Local #504
Attn: Curlisa Jones
5405 Railview Ct. - Apt. 166
Shelby Township, MI  48316
Facsimile: 313-267-3604
mcqueen@dwsd.org

Utility Workers Union of America Local #488
Attn: Carl Anderson
19315 Westmoreland
Detroit, MI  48219
canderson@dwsd.org

Detroit Retired City Employees Association
Attn:  Shirley V. Lightsey
P.O. Box 40713
Detroit, MI  48240
info@drcea.org

Retired Detroit Police and Fire Fighters Association
Attn:  Donald Taylor
252 E. 14 Mile Road
Sterling Heights, MI  48310
Facsimile: 586-795-2183
rdpffa@hotmail.com

Detroit Firemen's Fund Association
Attn: Kim Fett
250 W. Larned Street, Suite 202
Detroit, MI 48226
Facsimile: 313-961-0215

Detroit Police Benefit and Protective Association
Attn: Delbert R. Jennings, Sr.
3031 W. Grand Boulevard, Suite 405
Detroit, MI 48202
Facsimile: 313-870-9330

General Retirement System of the City of Detroit
Attn: Michael J. VanOverbeke, Esq.
Interim General Counsel
Vanoverbeke, Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201
Facsimile: 313-578-1201
mvanoverbeke@vmtlaw.com

Police and Fire Retirement System of the City of Detroit
Attn: Joseph E. Turner, Esq.
General Counsel
Clark Hill PLC
500 Woodward Avenue
Suite 3500
Detroit, MI 48226
Facsimile: 313-965-8252
jturner@clarkhill.com

Arent Fox, LLP
Attn: David Dubrow, Esq.
1675 Broadway
New York, NY 10019
Facsimile: 212-484-3990
david.dubrow@arentfox.com
***Counsel to Ambac Assurance Corporation***

Winston & Strawn LLP
Attn: Lawrence A. Larose, Esq.
200 Park Avenue
New York, NY 10166
Facsimile: 212-294-4700
llarose@winston.com
***Counsel to Assured Guaranty Municipal Corporation***

Berkshire Hathaway Assurance Corporation
Attn: Kara Raiguel, Sunil Khanna and Thomas Scherer
100 First Stamford Place
Stamford, CT 06902
skhanna@berkre.com

Kramer Levin Naftalis & Frankel LLP
Thomas Moers Mayer
1177 Avenue of the Americas
New York, New York 10036
Facsimile: 212-715-8169
tmayer@kramerlevin.com
***Counsel to Certain Significant Holders of the COPs***

Weil, Gotshal & Manges LLP
Attn: Gary T. Holtzer, Esq. & Alfredo R. Pérez, Esq.
767 Fifth Avenue
New York, NY 10153
Facsimile: 212-310-8007
gary.holtzer@weil.com
alfredo.perez@weil.com
***Counsel to Financial Guaranty Insurance Company***

Sidley Austin LLP
Attn: Jeffrey Bjork, Esq. & Eric D. Tashman, Esq.
555 West Fifth Street
Los Angeles, California 90013
Facsimile: 732-549-7016
etashman@sidley.com
jbjork@sidley.com
***Counsel to National Public Finance Guarantee Corporation***

Sidley Austin LLP
Attn:  Guy S. Neal, Esq.
1501 K Street, N.W.
Washington, D.C.  20005
Facsimile: 202-736-8711
gneal@sidley.com
***Counsel to National Public Finance Guarantee Corporation***

Kirkland & Ellis LLP
Attn:  James H.M. Sprayregen, P.C. & Ryan Blaine Bennett, Esq.
300 North LaSalle
Chicago, IL 60654
Facsimile: 312-862-2200
james.sprayregen@kirkland.com
***Counsel to Syncora Capital Assurance, Inc.***

Cadwalader, Wickersham & Taft LLP
Attn:  Howard R. Hawkins, Jr., Esq & Lary Stromfeld, Esq.
One World Financial Center
New York, NY  10281
Facsimile: 212-504-6666
howard.hawkins@cwt.com
lary.stromfeld@cwt.com
***Counsel to Merrill Lynch Capital Services, Inc.***

Cadwalader, Wickersham & Taft LLP
Attn: Mark C. Ellenberg, Esq.
700 Sixth Street, N.W.
Washington, DC  20001
Facsimile: 202-862-2400
mark.ellenberg@cwt.com
***Counsel to Merrill Lynch Capital Services, Inc.***

Bingham McCutchen LLP
Attn:  Edwin E. Smith, Esq.
One Federal Street
Boston, MA  02110-1726
Facsimile: 617-345-5003
Edwin.smith@bingham.com
***Counsel to UBS, AG***

SBS Financial Products Company, LLC
Attn. John Carter
100 Wall Street
22nd Floor
New York, NY  10005
Facsimile: 646-576-9684
jcarter@sbsco.com

Governor Rick Snyder
P.O. Box 30013
Lansing, Michigan 48909

Attorney General Bill Schuette
Cadillac Place, 10th Floor
3030 W. Grand Blvd., Suite 10-200
Detroit, Michigan 48202
miag@michigan.gov

State Treasurer
Austin Building
430 W. Allegan Street
Lansing, Michigan  48922
MIStateTreasurer@michigan.gov

Office of the United States Trustee
211 West Fort Street
Suite 700
Detroit, MI 48226
Facsimile: 313-226-7952

Detroit Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245
Detroitinfo@kccllc.com

**EXHIBIT 6.2**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **JEFFERSON COUNTY, ALABAMA,** | ) | **Case No. 11-5736-TBB-9** |
| **a political subdivision of the State of** | ) | |
| **Alabama,** | ) | **Chapter 9 Proceeding** |
| | ) | |
| Debtor. | ) | |

## ORDER ESTABLISHING NOTICE, SERVICE, AND CASE MANAGEMENT PROCEDURES PURSUANT TO 11 U.S.C. §§ 102(1)(A) AND 105(a) AND BANKRUPTCY RULE 2002(m)

THIS MATTER came before the Court for hearing on the County's Motion to Establish Notice, Service, and Case Management Procedures Pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Bankruptcy Rules 2002(m) and 9007 (the "Motion").[1]  Based on the pleadings of record, the arguments and representations of counsel, all other matters brought before the Court, and for good cause shown, the Court finds, determines and concludes that notice of the relief requested in the Motion was good and sufficient under the particular circumstances; the relief sought in the Motion is in the best interests of the County, its creditors, and all parties in interest; the legal and factual grounds set forth in the Motion establish just cause for the relief granted herein; and the Motion is due to be **GRANTED**.

**WHEREFORE**, based upon the foregoing findings of fact and conclusions of law, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion is granted; and it is further

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

1

13-53846-tjt   Doc 39   Filed 07/19/13   Entered 07/19/13 12:38:19   Page 71 of 110
Case 11-05736-TBB9   Doc 89   Filed 11/11/11   Entered 11/11/11 13:51:50   Desc Main
Document   Page 1 of 17

**ORDERED, ADJUDGED and DECREED** that broad notice and service requirements would impose onerous expense and administrative requirements upon the County and would be unduly burdensome to the County; and it is further

**ORDERED, ADJUDGED and DECREED** that the Bankruptcy Code and the Bankruptcy Rules provide this Court with authority to establish noticing and servicing procedures that are tailored to fit the specific needs of the County's case and reduce the costs of providing notice; and it is further

**ORDERED, ADJUDGED and DECREED** that, effective as of the Filing Date, the following noticing and servicing procedures (the "Procedures") are implemented in the County's case:

A.    **Filing Procedures.**

1.    Filing.  All notices, motions, pleadings, applications, other requests for relief and all documents filed in support thereof (collectively, the "Pleadings") in the County's case, and the filing of any objections ("Objections") or replies thereto (the "Replies" and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of the County's Chapter 9 bankruptcy case as styled above, pursuant to the Court's Administrative Order No. 04-1 (http://www.alnb.uscourts.gov/forms/admin0401.pdf).    The Documents shall be noticed and served in accordance with the procedures set forth below.

2.    Notices of Appearance.  Any creditor or party in interest that wishes to receive notice in this Chapter 9 case and is not otherwise entitled to notice pursuant to the procedures set forth herein shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b).  The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the

2

1/2188723.5

13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 72 of 110
Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
Document    Page 2 of 17

requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; (e) the party's relationship to the County's case, i.e., trade creditor, warrant holder, interested party; and (f) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in this Chapter 9 case shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 that does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, with the choice of the mode of service to be made by the County in the County's sole discretion.

**B.** **Service and Noticing Procedures.**

3. <u>Master Service List</u>. With respect to all matters or proceedings other than those described in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f), all Documents need be served only upon the following parties (the "Master Service List"):

     a.     The County's Chapter 9 counsel:

        Patrick Darby
        Bradley Arant Boult Cummings LLP
        1819 Fifth Avenue North
        Birmingham, AL 35203
        Email: pdarby@babc.com

        Jay Bender
        Bradley Arant Boult Cummings LLP
        1819 Fifth Avenue North
        Birmingham, AL 35203
        Email: jbender@babc.com

        Kenneth Klee
        Klee, Tuchin, Bogdanoff & Stern LLP
        1999 Avenue of the Stars, Thirty-Ninth Floor
        Los Angeles, CA 90067-5061

3

1/2188723.5
13-53846-tjt   Doc 39   Filed 07/19/13   Entered 07/19/13 12:38:19   Page 73 of 110
Case 11-05736-TBB9   Doc 89   Filed 11/11/11   Entered 11/11/11 13:51:50   Desc Main
Document   Page 3 of 17

Email:  kklee@ktbslaw.com

Lee Bogdanoff
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, CA  90067-5061
Email:  lbogdanoff@ktbslaw.com

b.      The County's special counsel, as follows:

J. F. "Foster" Clark, Esq.
Balch & Bingham LLP
1901 6th Avenue North
2600 AmSouth Harbert Plaza
Birmingham, AL 35203-4644
Email:  fclark@balch.com

J. Hobson Presley, Jr.
Presley Burton & Collier, LLC
2801 Highway 280 South, Suite 700
Birmingham, AL  35223-2483
Email:  hpresley@presleyllc.com

c.      The County Attorney:

Jeffrey M. Sewell, County Attorney
Room 280, Jefferson County Courthouse
716 North Richard Arrington Jr. Blvd.
Birmingham, AL  35203
Email:  sewellj@jccal.org

d.      Counsel for any official committee appointed pursuant to Section 1102 of
the Bankruptcy Code (as made applicable by Section 901 of the
Bankruptcy Code) or, absent and prior to the appointment of any such
committee, to each of the creditors included on the list of creditors holding
the twenty largest unsecured claims as filed by the County;

e.      The Bankruptcy Administrator, as follows:

Office of the Bankruptcy Administrator
c/o J. Thomas Corbett, Esq.
United States Bankruptcy Court
Robert S. Vance Federal Building
1800 5th Ave. North
Birmingham AL 35203
E-mail: Thomas_Corbett@alnba.uscourts.gov

4

f.      The Office of the Governor of the State of Alabama, as follows:

        Cooper Shattuck, Esq.
        Legal Advisor
        Office of the Governor
        State of Alabama
        Office of the Governor
        State Capitol, Room N-104
        600 Dexter Avenue
        Montgomery, AL  36130

        David Perry, Esq.
        Finance Director
        Office of the Governor
        State of Alabama
        Office of the Governor
        State Capitol, Room N-104
        600 Dexter Avenue
        Montgomery, AL  36130

g.      The Office of the Attorney General of the State of Alabama:

        Luther Strange, Esq.
        Attorney General
        State of Alabama
        501 Washington Avenue
        Montgomery, AL 36130

h.      ADEM, as follows:

        Alabama Dept. of Environmental Management
        Tom Johnston Esq.
        General Counsel
        P. O. Box 301463
        Montgomery AL 36130-1463
        Phone: (334) 271-7855
        Fax: (334) 394-4332

i.      The EPA, as follows:

        Environmental Protection Agency
        Ariel Rios Building
        1200 Pennsylvania Avenue, N.W.
        Washington, DC 20460

Environmental Protection Agency
Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303-3104

j.    The Securities and Exchange Commission, as follows:

SEC Headquarters
100 F Street, NE
Washington, DC 20549

k.    The Internal Revenue Service, as follows:

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 21126
Philadelphia, PA  19114-0326

l.    The indenture trustees and paying agents for the County's warrant holders, as follows:

The Bank of New York Mellon, as Indenture Trustee
c/o Gerald F. Mace, Esq.
Michael R. Paslay, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
gerald.mace@wallerlaw.com
Mike.Paslay@wallerlaw.com

The Bank of New York Mellon, as Indenture Trustee
c/o Larry Childs, Esq.
Waller Lansden Dortch & Davis, LLP
Regions Harbert Plaza
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Email:  larry.childs@wallerlaw.com

U.S. Bank, National Association, as Paying Agent
2204 Lakeshore Drive Suite 302
Mail Code: EX-AL-WWPH
Homewood, AL 35209
Email: felicia.cannon@usbank.com

6

1/2188723.5

13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 76 of 110
Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
Document    Page 6 of 17

m.    Material holders of the County's non-recourse sewer warrants, as follows:

Bank of America, N.A.
c/o David L. Eades
Moore & Van Allen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Email:  davideades@mvalaw.com

The Bank of New York Mellon
c/o Thomas C. Mitchell
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Email:  tcmitchell@orrick.com

The Bank of Nova Scotia  and Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL  60603-4080
Email:  spiotto@chapman.com

JPMorgan Chase Bank
Steve M. Fuhrman, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
Email:  sfuhrman@stblaw.com

Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL  60603-4080
Email:  spiotto@chapman.com

Regions Bank
c/o Jayna Partain Lamar
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, AL 35203-2618
Email:  jlamar@maynardcooper.com

Societe Generale
c/o Mark J. Fiekers
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC  20006
Email:  mark.fiekers@ashurst.com

Societe Generale
c/o Joyce T. Gorman
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC  20006
Email:  joyce.gorman@ashurst.com

Societe Generale
c/o Jack Rose
Ashurst
7 Times Square
New York, NY 10036
Email:  Jack.rose@ashurst.com

State Street Bank and Trust Company
c/o William W. Kannel
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
Email:  wkannel@mintz.com

n.      Material holders of the County's general obligation warrants, as follows:

Bayern LB
c/o Joseph Campagna
Vice President
560 Lexington Avenue
New York, New York  10022
E-mail:  jcampagna@bayernlbny.com

Bayern LB
c/o Edward A. Smith
Venable
Rockefeller Center
1270 Avenue of the Americas
Twenty-fifth Floor
New York, NY 10020
Email: EASmith@Venable.com

8

Bayerische Landesbank
560 Lexington Avenue
18th Floor
New York, NY 10022

JPMorgan Chase Bank
Attn: Michael Mak
60 Wall Street
New York, NY 10260

o.    The liquidity agent for certain of the non-recourse sewer warrants, as
      follows:

      JPMorgan Chase Bank, as Liquidity Agent
      c/o Steve Fuhrman
      Simpson Thacher & Bartlett LLP
      425 Lexington Avenue
      New York, New York  10017
      Email: sfuhrman@stblaw.com

p.    Insurers of warrants issued by the County, as follows:

      Assured Guaranty Municipal Corp.
      c/o Winston & Strawn LLP
      Lawrence A. Larose, Esq.
      Samuel S. Kohn, Esq.
      Sarah L. Trum, Esq.
      200 Park Avenue
      New York, New York  10166-4193
      llarose@winston.com
      skohn@winston.com
      strum@winston.com

      Assured Guaranty Municipal Corp.
      c/o Mark P. Williams
      Norman, Wood, Kendrick & Turner
      Financial Center – Suite 1600
      505 20th Street North
      Birmingham, Alabama 35203
      E-mail:  mpwilliams@nwkt.com

9

Financial Guaranty Insurance Company
c/o H. Slayton "Slate" Dabney, Jr.
King & Spaulding
1185 Avenue of the Americas
New York, NY 10036-4003
Email: sdabney@kslaw.com

Financial Guaranty Insurance Company
c/o Richard Patrick Carmody
Adams and Reese, LLP
2100 3rd Ave N Ste 1100
Birmingham, AL 35203-3385
E-mail: richard.carmody@arlaw.com

Syncora Guarantee, Inc.
c/o Quinn Emanuel Urquhart & Sullivan, LLP
Jonathan E. Pickhardt
Jake M. Shields
51 Madison Avenue, 22nd Floor
New York, NY 10010
jonpickhardt@quinnemanuel.com
jakeshields@quinnemanuel.com

National Public Finance Guarantee
c/o Adam Berganzi
Chief Risk Officer
113 King Street
Armonk, NY 10504
Email: adam.berganzi@nationalpfg.com

q.      Receiver of Jefferson County Sewer System, as follows:

John S. Young, Jr. LLC, as Receiver
c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Timothy M. Lupinacci, Esq.
W. Patton Hahn, Esq.
1600 Wachovia Tower
Birmingham, AL 35203
Email: tlupinacci@bakerdonelson.com
Email: phahn@bakerdonelson.com

r.      The Jefferson County Personnel Board, as follows:

Jefferson County Personnel Board
c/o Lee R. Benton
Benton & Centeno, LLP

10

1/2188723.5

13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 80 of 110
Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
Document    Page 10 of 17

2019 3rd Avenue North
Birmingham, AL 35203
Email: lbenton@bcattys.com

s.    Creditors and parties in interest who file with the Court and properly
service on the County's Chapter 9 counsel a request for special service and
notice; and

t.    Any party against whom direct relief is sought by motion or otherwise,
such as the non-debtor counterparty to an executory contract or unexpired
lease that the County may propose to assume or reject.

4.    <u>Updating of Master Service List</u>.  If counsel for any of the parties on the Master

Service List is to be added or replaced, the additional or replacement counsel may report this to

the County by both filing with the Court and serving on the County's Chapter 9 counsel a request

for special notice, including such counsel's e-mail address.  Parties listed in the Master Service

List for whom e-mail addresses are not listed above shall, to the extent available, promptly

advise the County's Chapter 9 counsel in writing of their e-mail addresses to which notices

should be sent.  The County shall maintain and update from time to time the Master Service List,

and file the same from time to time with the Court.

5.    <u>E-mail Service by the County</u>.  The County may serve Documents upon the

parties identified in the Master Service List by e-mail in accordance with the procedures set forth

herein.[2]  All Documents served by the County by e-mail shall include access to an attached file

containing the entire Document, including, as may be applicable, the proposed form(s) of orders

and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe

Acrobat or an equivalent program.  Notwithstanding the foregoing, if a Document cannot be

annexed to an e-mail (because of its size, technical difficulties, or otherwise), the County may, in

its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including

---

[2] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List
on the date the order approving the Procedures is entered.

1/2188723.5

11

the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, or (b) email the party being served and include a notation that the Document cannot be annexed and will be mailed only if requested. Service by e-mail shall be effective as of the date the Document is sent by e-mail to the address provided by a party. If service is done by e-mail, the County shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, e-mail service shall satisfy the Court's rules for service.

6.      Alternative Methods of Service.  If a party entitled to notice of a Pleading does not have an e-mail address or if the e-mail address of a party is not known by the County or if service is initially attempted by email but returned or "bounced" due to an incorrect e-mail address, that party shall be served by U.S. first class mail, overnight delivery, facsimile, or hand delivery (the choice being in the County's sole discretion).

7.      Additional Notice through Website.  The Clerk of the Court shall establish and maintain a website accessible through the Court's website located at www.alnb.uscourts.gov through which material pleadings, orders, notices, lists and other documents regarding the County's Chapter 9 case and the proceedings before this Court will be available for review by the public. The County shall provide a link to the clerk's website on the County's main website, www.jeffcoonline.jccal.org.

8.      Affidavits of Service.  Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within (3) business days thereof either an affidavit of service or a certification of service annexing the list of parties that received notice.

9.      Confidentiality.  Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under Section 107(b) of the Bankruptcy Code to protect any

12

entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case.

10. _Scope of Modification of Notice and Service Requirements_.  These procedures do not modify the notice requirements set forth in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f).  The County maintains its right to request notice and service on different terms and conditions with respect to any particular matter.

**C.    Hearings and Related Procedural Matters.**

11. _Omnibus Hearings_.  The County shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings shall be heard.  If Omnibus Hearings are scheduled, the following guidelines shall apply:

      a.    _Matters that may be Scheduled for Hearings other than Omnibus Hearings_.  Hearings in connection with (i) claims objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) plan confirmation, and (v) any other Pleadings filed by the County may be scheduled for dates other than the Omnibus Hearing dates.  However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint.  Hearings on all other Pleadings filed by a party other than the County must be scheduled for an Omnibus Hearing, except as provided in subsection (b) of this paragraph.

13

1/2188723.5
13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 83 of 110
Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
Document    Page 13 of 17

b.   <u>Emergency Relief</u>.  In the event that a matter is filed for which the filing party desires expedited relief prior to the next Omnibus Hearing Date, said party may request an emergency hearing for good cause shown in addition to or in lieu of the Omnibus Hearing Date.

12.   <u>Hearings</u>.  Unless otherwise ordered by the Court (and except as provided below with respect to stay relief motions), all Pleadings shall be noticed for hearing on the next available Omnibus Hearing date that is at least twenty (20) days after such Pleading is filed and notice thereof is served on the appropriate parities.  Notwithstanding the foregoing, if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a) and (b), the Pleading shall be scheduled for the next available Omnibus Hearing date following the expiration of the time period set forth in the rule.

13.   <u>Telephonic Participation</u>.  Unless the Court determines otherwise, telephonic appearance at all hearings should be authorized, except that those appearing telephonically may not examine witnesses.  All requests for telephonic appearances should be made to the Court's chambers at least one business day before the hearing.

14.   <u>Objection Deadlines</u>.  Except as specifically provided otherwise herein, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (a) noon prevailing central time on the sixth (6th) business day prior to the hearing date for such Pleading or (b) any date otherwise ordered by the Court.  The Objection Deadline may be extended with the consent of the movant or applicant.  The Objection will not be considered timely filed unless filed with the Court and received by the Master Service List on or before the applicable Objection Deadline.

1/2188723.5

13-53846-tjt   Doc 39   Filed 07/19/13   Entered 07/19/13 12:38:19   Page 84 of 110
Case 11-05736-TBB9   Doc 89   Filed 11/11/11   Entered 11/11/11 13:51:50   Desc Main
Document   Page 14 of 17

15.     <u>Deadline for Filing Reply</u>.  Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before noon prevailing central time on the day that is two (2) business days before the hearing date for the Pleading with respect to which the Objection was filed.

16.     <u>Examination of Witnesses at Hearings</u>.  Unless otherwise ordered by the Court, no party, other than the County, will be permitted to examine a witness at any hearing on a contested matter in the County's bankruptcy case unless the party has timely and properly filed and served a Pleading, Objection, Reply or other Document, in accordance with the procedures set forth herein, that directly relates to such contested matter.  Furthermore, parties appearing telephonically for hearings on contested matters may not examine witnesses.

17.     <u>Agenda</u>.  By approximately 4:00 p.m. prevailing central time on the second business day before a scheduled hearing, the County shall file with the Court an agenda setting forth each matter to be heard at the hearing, the objections filed, and whether such matter is contested, and shall serve the agenda by email on all parties on the Master Service List for whom the County has e-mail addresses.  Agendas shall not be required where the County has less than forty-eight (48) hours' notice of the hearing.  The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

18.     <u>Settlements</u>.  This paragraph 18 shall apply only to contested matters where the amount in controversy is more than $100,000.00.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the

1/2188723.5

settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the County shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

D.     **Automatic Stay Proceedings**.

19.     Hearings and Objection Deadlines.  Unless otherwise ordered by the Court, motions for relief from the automatic stay filed pursuant to Section 362 or Section 922 of the Bankruptcy Code shall be noticed for consideration for the Omnibus Hearing that is at least twenty-five (25) days after the motion is filed and notice is served upon the County.  Unless otherwise ordered by the Court, the objection deadline for the County shall be the later to occur of (i) twenty (20) days after the date of filing and service of the motion, or (ii) two (2) business days before the scheduled hearing.

**ORDERED, ADJUDGED and DECREED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED, ADJUDGED and DECREED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

**ORDERED, ADJUDGED and DECREED** that this Order is without prejudice to the rights of the County pursuant to Section 904 of the Bankruptcy Code, and nothing herein is intended as or shall be deemed to constitute the County's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (1) any of the political or governmental

1/2188723.5

13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 86 of 110
Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
Document    Page 16 of 17

powers of the County, (2) any of the property or revenues of the County, or (3) the County's use or enjoyment of any income-producing property.

**Dated: November 11, 2011**

> **/s/ Thomas B. Bennett**
> **Thomas B. Bennett**
> **U.S. Bankruptcy Judge**

17

1/2188723.5    13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 87 of 110
Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
Document    Page 17 of 17

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NOBLE INTERNATIONAL, LTD., <u>et al.</u>[1] | ) | Case No. 09-51720-MBM |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

## ORDER ESTABLISHING CERTAIN NOTICE,
## CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon the Debtors' Motion For An Order Pursuant To Bankruptcy Code Sections 102

And 105, Bankruptcy Rule 2002 And Local Rules 2002-1 And 9013-5 Establishing Certain

Notice, Case Management And Administrative Procedures (the "<u>Motion</u>")[2], seeking entry of an

order establishing certain notice, case management and administrative procedures for the

Debtors' chapter 11 cases; and venue being proper in this Court pursuant to sections 1408 and

1409 of title 28 of the United States Code; and it appearing that proper and adequate notice of the

Motion has been given and that, except as otherwise ordered herein, no other or further notice is

necessary; and the Court having determined that the relief sought in the Motion is in the best

---

[1] The Debtors in the cases include: Noble International, Ltd. ("Noble"); Noble Advanced Technologies, Inc., Case No. 09-51730; Noble Land Holdings, Inc., Case No. 09-51732; Noble Manufacturing Group, Inc., Case No. 09-51734; Noble Metal Processing – Kentucky, G.P., Case No. 09-51735; Noble Metal Processing, Inc., Case No. 09-51737; Noble Metal Processing – Indiana, Inc., Case No. 09-51738; Noble Metal Processing – New York, Inc., Case No. 09-51741; Noble Metal Processing – Ohio, LLC, Case No. 09-51742; Noble Metal Processing – West Michigan, Inc., Case No. 09-51744; Noble Swiss Holdings, LLC, Case No. 09-51745; Noble TSA, LLC, Case No. 09-51746; Noble Tube Technologies, LLC, Case No. 09-51748; Prototech Laser Welding, Inc. (d/b/a LWI Laser Welding International), Case No. 09-51751; and Tailor Steel America, LLC, Case No. 09-51752.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

CHIC_4119295.2

09-53840-tjt Doc 30 Filed 07/19/13 Entered 07/19/13 38:19:32 Page 88 of 110
09-51720-mbm Doc 91 Filed 04/29/09 Entered 04/29/09 16:19:32 Page 1 of 19

interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is therefore:

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the notice, case management and administrative procedures contained in <u>Exhibit B</u> to the Motion as modified and attached hereto (the "<u>Case Management Procedures</u>") are hereby approved and shall govern all applicable aspects of the Debtors' chapter 11 cases; and it is further

**ORDERED** that the Bankruptcy Code, the Bankruptcy Rules and the Local Rules shall continue to apply to the Debtors' chapter 11 cases, except to the extent that they conflict with the Case Management Procedures; and it is further

**ORDERED** that nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b) or entry of an order confirming the plan of reorganization. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007; and it is further

**ORDERED** that the time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED** that notwithstanding any applicability of Federal Rule of Bankruptcy Procedure 6004(g), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Debtors shall comply with Local Bankruptcy Rule 2002-1(d) in all respects; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

.

```
 Signed on April 29, 2009
                               ____ __/s/ Marci B. McIvor_    ____
                                     Marci B. McIvor
                          1.   United States Bankruptcy Judge
```

2008-26813
FILED
May 29, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001239435

**7**

1   MARC A. LEVINSON (SBN 57613)
    NORMAN C. HILE (SBN 57299)
2   KATHERINE THOMAS (DCBN 497321) (*pro hac vice*)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
3   400 Capitol Mall, Suite 3000
    Sacramento, CA 95814
4   Telephone:   (916) 447-9200
    Facsimile:    (916) 329-4900
5   malevinson@orrick.com
    nhile@orrick.com
6   ksthomas@orrick.com

7   Attorneys for Debtor
    City of Vallejo, California

8

9                UNITED STATES BANKRUPTCY COURT

10               EASTERN DISTRICT OF CALIFORNIA

11                     SACRAMENTO DIVISION

12

13   In re:                              | Case No. 2008-26813

14   CITY OF VALLEJO, CALIFORNIA,        | **OHS-3**

15                 Debtor                 | **Chapter 9**

16                                        | **ORDER GRANTING DEBTOR'S**
                                          | **EMERGENCY MOTION FOR AN**
17                                        | **ORDER PURSUANT TO 11 U.S.C.**
                                          | **§§ 102 AND 105(a) AND BANKRUPTCY**
18                                        | **RULES 2002 (m) AND 9007 LIMITING**
                                          | **NOTICE AND PERMITTING DEBTOR**
19                                        | **TO ESTABLISH AND MAINTAIN A**
                                          | **PUBLICLY AVAILABLE INTERNET-**
20                                        | **ACCESSED WEBSITE IN LIEU OF**
                                          | **NOTICE TO CERTAIN PARTIES**
21

22                                        | **Date:  May 29, 2008**
                                          | **Time: 10:00 a.m.**
23                                        | **Dept:  A**

24

25        The Court, having considered the DEBTOR'S EMERGENCY MOTION FOR AN

26   ORDER PURSUANT TO 11 U.S.C. §§ 102 AND 105(a) AND BANKRUPTCY RULES

27   2002(m) AND 9007 LIMITING NOTICE AND PERMITTING DEBTOR TO ESTABLISH

28   AND MAINTAIN A PUBLICLY AVAILABLE INTERNET-ACCESSED WEBSITE (the

RECEIVED
May 29, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001239435

"Motion")[1] submitted by the City of Vallejo (the "City"), the debtor in the above-captioned chapter 9 case, the memorandum of points and authorities in support of the Motion, any opposition to the Motion, the record in this case, and any admissible evidence presented to the Court at or prior to the hearing on the Motion, if any, hereby finds that: (a) notice of the Motion and the hearing thereon were adequate and proper under the circumstances; (b) the relief sought in the Motion is reasonable, necessary and in the best interests of the Debtor; and (c) good cause appearing therefor

**IT IS HEREBY ORDERED** that:

1.    The Motion is GRANTED.

2.    With respect to all matters or proceedings for which title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court authorize the Court to designate or limit the parties entitled to notice, notice shall be sufficient if served only upon the following parties via email or the CM/ECF system, when possible, and otherwise by U.S. Mail or overnight delivery, unless a different manner of service, consistent with this Order, is specifically requested in a paper filed with the Court and served upon the parties entitled to notice herein at least ten days prior to service made pursuant to this Order:

a.    The Office of the United States Trustee as follows:

Antonia G. Darling, Assistant U.S. Trustee
U.S. Department of Justice, Office of the US Trustee
650 Capitol Mall, room 6556
Sacramento, CA 95814
Email: Antonia.Darling@usdoj.gov

b.    The City, as follows:

Joseph Tanner, City Manager
City of Vallejo – City Hall
555 Santa Clara Street
P.O. Box 3068
Vallejo, CA 94950
Email: jtanner@ci.vallejo.ca.us
Email: julia@ci.vallejo.ca.us

---

[1] Terms not otherwise defined herein shall have the meanings set forth in the Motion.

ORDER ON DEBTOR'S EMERGENCY MOTION LIMITING
NOTICE AND PERMITTING DEBTOR TO MAINTAIN AN
INTERNET-ACCESSED WEBSITE IN LIEU OF NOTICE

c.    The City Attorney, as follows:

Office of the City Attorney
City of Vallejo – City Hall
555 Santa Clara Street, 3rd Floor
P.O. Box 3068
Vallejo, California 94590
Email: cityatty@ci.vallejo.ca.us

d.    The City's chapter 9 counsel:

Marc A. Levinson, Esq.
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814
Email: malevinson@orrick.com

and

Katherine Thomas, Esq.
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005-1706
Email: ksthomas@orrick.com

e.    Counsel for any committee appointed under section 1102 of the Bankruptcy Code

(as made applicable in this case by section 901), or, absent and prior to the appointment of

any such committee, to each of the creditors included on the list of creditors holding the

twenty largest unsecured claims as filed by the City;

f.    The Indenture Trustees for the City's bondholders, as follows:

Union Bank of California, N.A.
c/o BetteJean McCole, Vice President
Special Assets Division
445 South Figueroa Street G04-421
Los Angeles, California  90071
Email: BetteJean.McCole@uboc.com

and

Union Bank of California, N.A.
c/o Robert Kaplan, Esq.
c/o Nick De Lancie, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111-3824
Email: rbk@jmbm.com
Email: nde@jmbm.com

- 3 -

ORDER ON DEBTOR'S EMERGENCY MOTION LIMITING
NOTICE AND PERMITTING DEBTOR TO MAINTAIN AN
INTERNET-ACCESSED WEBSITE IN LIEU OF NOTICE

1
     and

2
     Wells Fargo Bank, Trustee
     c/o Cecil D. Bobey

3
     333 Market Street, 18th Floor, MAC:A0119-181
     San Francisco, CA 94105

4
     and

5
     Wells Fargo Bank, Trustee

6
     c/o Mike C. Buckley, Esq.
     Reed Smith, LLP

7
     1999 Harrison Street, Suite 2400
     Oakland CA  94612-3572

8
     Email: mbuckley@reedsmith.com

9

10
   g.     MBIA, the City's Bond Insurer, as follows:

11
     MBIA
     c/o Jerry Murray

12
     113 King Street
     Armonk, NY  10504

13
     Email: jerry.murray@mbia.com

14
     and

15
     MBIA
     c/o Jordan A. Kroop, Esq.

16
     Squire, Sanders & Dempsey LLP
     Two Renaissance Square

17
     40 N Central Avenue, Suite 2700
     Phoenix, AZ  85004-4498

18
     Email: jkroop@ssd.com

19
   h.     CalPERS, as follows:

20
     California Public Employees Retirement System
     c/o Peter Mixon, Esq.

21
     Chief Counsel
     P.O. Box 942707

22
     Sacramento, CA 94229-2707
     Email: peter_mixon@calpers.ca.gov

23
     and

24
     California Public Employees Retirement System

25
     c/o Steve H. Felderstein, Esq.
     Felder stein, Fitzgerald, Willoughby & Pascuzzi, LLP

26
     400 Capitol Mall, Suite 1450
     Sacramento, CA 95814-4434

27
     Email: sfelderstein@ffwplaw.com

28

- 4 -

ORDER ON DEBTOR'S EMERGENCY MOTION LIMITING
NOTICE AND PERMITTING DEBTOR TO MAINTAIN AN
INTERNET-ACCESSED WEBSITE IN LIEU OF NOTICE

13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 94 of 110

1    i.    Counsel for the IAFF, as follows:

2          International Association of Firefighters Local 1186
          c/o Alan C. Davis, Esq.
3          Davis and Reno
          22 Battery Street
4          Suite 1000
          San Francisco, California  94111-5524
5          Email: AlanD3370@aol.com

6          and

7          International Association of Firefighters Local 1186
          c/o Dean M. Gloster, Esq.
8          Farella Braun + Martel LLP
          Russ Building
9          235 Montgomery Street
          San Francisco, CA 94104
10          Email: dgloster@fbm.com

11    j.    Counsel for the VPOA, as follows:

12          Vallejo Police Officers' Association
          c/o Alan C. Davis, Esq.
13          Davis and Reno
          22 Battery Street
14          Suite 1000
          San Francisco, California  94111-5524
15          Email: AlanD3370@aol.com

16          and

17          Vallejo Police Officers' Association
          c/o Dean M. Gloster, Esq.
18          Farella Braun + Martel LLP
          Russ Building
19          235 Montgomery Street
          San Francisco, CA 94104
20          Email: dgloster@fbm.com

21    k.    Counsel for the IBEW, as follows:

22          International Brotherhood of Electrical Workers, Local 2376
          c/o Alan C. Davis, Esq.
23          Davis and Reno
          22 Battery Street
24          Suite 1000
          San Francisco, California  94111-5524
25          Email: AlanD3370@aol.com

26          and

27          International Brotherhood of Electrical Workers, Local 2376
          c/o Dean M. Gloster, Esq.
28          Farella Braun + Martel LLP

- 5 -

ORDER ON DEBTOR'S EMERGENCY MOTION LIMITING
NOTICE AND PERMITTING DEBTOR TO MAINTAIN AN
INTERNET-ACCESSED WEBSITE IN LIEU OF NOTICE

13-53846-tjt    Doc 39    Filed 07/19/13    Entered 07/19/13 12:38:19    Page 95 of 110

1    Russ Building
     235 Montgomery Street
2    San Francisco, CA 94104
     Email: dgloster@fbm.com
3
     l.    CAMP, as follows:
4
     Confidential Administrative, Managerial and Professional Association
5    Office of the City Attorney
     c/o Alesia Jones-Martin
6    555 Santa Clara Street
     Vallejo, CA 94950
7    Email: ajmartin@ci.vallejo.ca.us

8    m.    PG&E Credit Operations
     c/o Cassaundra Gardner, Financial Analyst
9    8110 Lorraine Ave Ste 403
     Stockton, CA 95210
10   Email: CGG3@pge.com

11   n.    Creditors and parties in interest who file with the Court and properly serve on the

12   City's chapter 9 counsel, a request for special notice; and

13   o.    Any party against whom direct relief is sought by motion, application or

14   otherwise, such as the nondebtor party to an executory contract or unexpired lease

15   being assumed or rejected.

16   3.    The filing of any pleading in this case, other than a proof of claim, on behalf of

17   one of the Special Notice Parties, via the CM/ECF system, shall constitute that party's consent to

18   receive all future notice through the CM/ECF system; provided, however, that such party may

19   request that notice be sent by first class mail to a specified address, or by electronic mail to a

20   specified address, by both filing with the Court and serving on the City's chapter 9 counsel a

21   request for alternative service and/or change of address so stating.  Counsel for any of the parties

22   listed above, if counsel is added or other counsel is substituted in their place, may report this

23   substitution by both filing with the Court and serving on the City's chapter 9 counsel a request for

24   special notice.  Counsel making such a request shall receive future service through the CM/ECF

25   system; provided however, that such counsel may, in the request for special notice, request

26   additional service by first class mail at any address.

27   4.    To the extent that the foregoing is inapplicable, any party filing or causing the

28   filing of a motion, complaint, response, objection, notice, application, request, or other paper in

ORDER ON DEBTOR'S EMERGENCY MOTION LIMITING
NOTICE AND PERMITTING DEBTOR TO MAINTAIN AN
INTERNET-ACCESSED WEBSITE IN LIEU OF NOTICE

this bankruptcy case, shall be deemed to have consented to receive effective notice at the address appearing on such paper, and notice sent to that address shall be deemed to have been brought to the attention of such party.

5.     Other than as set forth above, and unless otherwise required by Bankruptcy Rule 7004(h) or order of the Court, all notices in this case shall be provided by first class mail.

6.     Unless otherwise ordered by the Court, the limitation on notice proposed by this Motion shall not apply to those matters or proceedings referred to in Bankruptcy Rule 2002(a)(5) & (7), (b), and (f), as applicable.  Such matters or proceedings shall be noticed in accordance with the Bankruptcy Rules.

7.     The City is hereby authorized and empowered to establish and maintain a publicly available Internet-accessed website to provide alternative means of access to this Court's docket and to relevant documents via a website maintained on the City's webpage at the City's expense. Specifically, the City's Bankruptcy Website shall provide, without limitation, general information concerning the chapter 9 case, including the case docket, access to docket filings, answers to frequently asked questions, and general information concerning significant matters in the case.

8.     The City is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

9.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10.     This Order shall be served on the List of Creditors filed by the City pursuant to Bankruptcy Code § 924.

Dated: 29 May 2008

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

- 7 -

NOTICE AND PERMITTING DEBTOR TO MAINTAIN AN
INTERNET-ACCESSED WEBSITE IN LIEU OF NOTICE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | )     Chapter 11 |
| BLUE WATER AUTOMOTIVE | ) |
| SYSTEMS, INC., et al.[1] | )     Case No. 08-43196 (mbm) |
|  | ) |
| _____ Debtors. | )     (Jointly Administered) |

## ORDER ESTABLISHING CERTAIN NOTICE,
## CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon the Debtors' Motion For An Order Pursuant To Bankruptcy Code Sections 102

And 105, Bankruptcy Rule 2002 And Local Rules 2002-1 And 9013-5 Establishing Certain

Notice, Case Management And Administrative Procedures (the "Motion")[2], seeking entry of an

order establishing certain notice, case management and administrative procedures for the

Debtors' chapter 11 cases; and venue being proper in this Court pursuant to sections 1408 and

1409 of title 28 of the United States Code; and it appearing that proper and adequate notice of the

Motion has been given and that, except as otherwise ordered herein, no other or further notice is

necessary; and the Court having determined that the relief sought in the Motion is in the best

interests of the Debtors, their creditors, and all parties in interest; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein, it is therefore:

**ORDERED** that the Motion is GRANTED; and it is further

_____

[1] The Debtors in the jointly administered cases include: Blue Water Automotive Systems, Inc., Blue
Water Automotive Systems Properties, LLC, Case Number 08-43198; Blue Water Plastics Mexico, Ltd., Case
Number 08-43199; BWAS Holdings, Inc., Case Number 08-43200; BWAS Mexico, LLC, Case Number 08-43201.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
Motion.

**ORDERED** that the notice, case management and administrative procedures contained in <u>Exhibit A</u> to this Order (the "<u>Case Management Procedures</u>") are hereby approved and shall govern all applicable aspects of the Debtors' chapter 11 cases; and it is further

**ORDERED** that the Bankruptcy Code, the Bankruptcy Rules and the Local Rules shall continue to apply to the Debtors' chapter 11 cases, except to the extent that they conflict with the Case Management Procedures; and it is further

**ORDERED** that nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b) or entry of an order confirming the plan of reorganization. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007; and it is further

**ORDERED** that the time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED** that notwithstanding any applicability of Federal Rule of Bankruptcy Procedure 6004(g), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Signed on March 11, 2008

_____

United States Bankruptcy Court Judge

DETR_638911.1

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                                    )
                                                          )
                                                          )     Chapter 11
BLUE WATER AUTOMOTIVE                                      )
SYSTEMS, INC., et al.[3]                                   )     Case No. 08-43196 (mbm)
                                                          )
_____ Debtors.        )     (Jointly Administered)

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

These notice, case management and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Court") for the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors") pursuant to the Debtors' Motion For An Order Pursuant To Bankruptcy Code Sections 102 And 105, Bankruptcy Rule 2002 And Local Rules 2002-1 And 9013-5 Establishing Certain Notice, Case Management And Administrative Procedures (the "Motion").[4] The Court approved the Case Management Procedures by order dated March 4, 2008, titled "Order Establishing Certain Notice, Case Administrative Procedures" (the "Order").

The Order and a copy of the Case Management Procedures will be served upon the entire mailing matrix. A copy of the Order and other pleadings filed in the Debtors' chapter 11 cases can be obtained by contacting the Debtors' undersigned counsel and by accessing the Debtors' notice, claims and balloting agent, Administar Services Group, LLC's ("ASG") website at www.administar.net.

---

[3] The Debtors in the jointly administered cases include: Blue Water Automotive Systems, Inc., Blue Water Automotive Systems Properties, LLC, Case Number 08-43198; Blue Water Plastics Mexico, Ltd., Case Number 08-43199; BWAS Holdings, Inc., Case Number 08-43200; BWAS Mexico, LLC, Case Number 08-43201.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

The Bankruptcy Code, the Bankruptcy Rules and the Local Rules shall continue to govern all matters in the Debtors' chapter 11 cases, except to the extent such rules conflict with or are inconsistent with the procedures set forth herein. Terms not defined herein or in the Motion shall be as defined in the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

### A. Omnibus Hearings

1. **All Matters to Be Heard**. The following will be considered or heard only at a monthly (or periodic) omnibus hearing scheduled in advance by the Court (the "Omnibus Hearings"), unless the Court orders otherwise: all motions, pleadings, applications and other requests for relief; and all objections and responses and replies thereto and all other matters. All motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time at which no Omnibus Hearing is set shall automatically, and without court order, be scheduled to be heard at the next Omnibus Hearing that is at least twenty (20) calendar days after such motion, pleading, request for relief or other materials are filed and served in accordance with these Case Management Procedures. The Debtors shall send a copy of these Case Management Procedures within three (3) business days of receipt to any party who has filed such motion, pleading, request for relief or other materials.

2. **Procedures Regarding the Omnibus Hearings**. The following procedures will apply unless the Court orders otherwise:

(a)    Any notice of an Omnibus Hearing shall conspicuously contain above the title of the notice the date and time that the hearing will be held in the event that an objection is filed in accordance with the applicable rules.

(b)    Any motion or contested matter filed and properly served in accordance with applicable rules, and as to which the applicable response time will elapse at least three (3) business days before a fixed Omnibus Hearing date, may be set for hearing on such a fixed date.

(c)     If the requisite time period set forth in Local Rule 9014-1(b) (2) has passed, the movant may present a certificate of no response before or at the Omnibus Hearing.

(d)     Debtors' counsel shall file and serve upon all affected parties at least two (2) business days before the Omnibus Hearing a list of all matters scheduled to be considered by the Court. The list shall set forth all motions and responses and whether the matter is resolved, disputed or adjourned. The Court may post the information on the Court's Internet website and will also be accessible through the Debtors' notice, claims and balloting agent, ASG's website at www.administar.net.

(e)     Debtors' counsel together with any affected party or parties may, without leave of the Court, unless the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing date. If a matter is adjourned, Debtors' counsel shall immediately update the list filed in accordance with subparagraph (d) above.

(f)     Upon request, the Court may allow counsel to participate in any hearing by telephone.

3.     **Setting the Applicable Omnibus Hearing**. Any entity submitting a matter for consideration at an Omnibus Hearing shall be required to serve the applicable pleading and all supporting documentation no less than twenty (20) days prior to the applicable Omnibus Hearing date, if possible, and in no event, without order of the Court, less than fifteen (15) days prior to the applicable hearing date. The notice accompanying such pleading shall include the title of the pleading, the time and date of the objection deadline (as determined below) and the Omnibus Hearing date (or other hearing date, as ordered by the Court) at which the party intends to present the pleading. Unless otherwise ordered by the Court, the objection deadline for all matters shall be (a) no later than the seventh calendar date before the applicable hearing date if the filing is

DETR_638911.1

served at least twenty (20) calendar days prior to the applicable hearing date or (b) no later than the third calendar date before the applicable hearing date if the filing is served no less than twenty (20) but at least fifteen (15) calendar days prior to the applicable hearing date.

4. **Emergency Hearings.** Notwithstanding any procedure herein, nothing herein shall restrict an entity from requesting an emergency hearing pursuant to the Local Rules.

5. **First Omnibus Hearings.** The Court has set the following dates and times as the first Omnibus Hearings:

      (a)    9:00 a.m. on March 31, 2008

      (b)    9:00 a.m. on April 25, 2008

      (c)    9:00 a.m. on May 23, 2008

      (d)    9:00 a.m. on June 20, 2008

6. **Future Omnibus Hearings.** At or before the last Omnibus Hearing scheduled above, the Debtors may request that additional Omnibus Hearings be scheduled. Entities may contact the Debtors' undersigned counsel or the Clerk of the Court at (313) 234-0065 for information concerning future Omnibus Hearings that have been scheduled by the Court.

B. **Filing and Notice Procedures**

7. **Procedures Established for Notices Required Under Bankruptcy Rule 2002(a)(2) - (6).** Notices required under Bankruptcy Rule 2002(a)(2) - (6) filed in the Debtors' chapter 11 cases, including, all such notices, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief") and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein.

8. **Definition of Entities Entitled to Service**. All Rule 2002 Court Filings shall be served on the Core Group, the 2002 List and Affected Entities (each as defined herein and collectively, the "Primary Service List") according to the notice procedures described herein. A Rule 2002 Court Filing is deemed not to have been properly served until served on all of the parties in the Primary Service List.

      (a)    **Core Group**. The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):

            (i)    The United States Trustee, at the following address:

> United States Trustee's Office
> 211 West Fort, Suite 700
> Detroit, Michigan 48226;
> Attn: Paul Randel

            (ii)    The Debtors and their general and local bankruptcy counsel, at the following addresses:

> Blue Water Automotive Systems, Inc.
> 1515 Busha Highway
> Marysville, Michigan 48040
> Attn: Bruce Weber
>
> Foley & Lardner LLP
> One Detroit Center
> 500 Woodward Ave., Suite 2700
> Detroit, MI 48226-3489
> Attn: Judy A. O'Neill and John A. Simon;

           (iii)    General and local counsel for each committee appointed in these cases, including:

> Schafer and Weiner, PLLC
> 40950 Woodward Ave., Suite 100
> Bloomfield Hills, Michigan 48304
> Attn: Michael E. Baum, Kim Hillary and Ryan Heilman
> (Counsel for the Official Committee of Unsecured Creditors)

DETR_638911.1

08-43196-tjt Doc 39 Filed 02/19/04 Entered 02/19/05 11:00:57 Page 106 of 110

(iv) Counsel to the agent for the Debtors' prepetition revolving loan, at

the following address:

> Dickinson Wright PLLC
> 500 Woodward Ave., Suite 4000
> Detroit, MI 48226-3425
> Attn: Theodore B. Sylwestrzak

> and

> Sidley Austin LLP
> 787 Seventh Ave.
> New York, New York 10019
> Attn: Shalom Kohn

(v) Counsel to Citizens Bank, at the following address:

> Honigman Miller Schwartz and Cohn LLP
> 2290 First National Building
> 660 Woodward Avenue, Suite 2290
> Detroit, MI 48226
> Attn: Donald Baty, Jr.

(vi) Counsel to General Motors Corporation, Ford Motor Company and

Chrysler Corporation, at the following addresses:

> Honigman Miller Schwartz and Cohn LLP
> 2290 First National Building
> 660 Woodward Avenue, Suite 2290
> Detroit, MI 48226
> Attn: Robert Weiss and Aaron Silver
> (Counsel to General Motors Corporation)

> Miller, Canfield, Paddock and Stone, P.L.C.
> 150 W. Jefferson Avenue, Suite 2500
> Detroit, MI 48226
> Attn: Stephen S. LaPlante, Timothy Fusco and Eric D. Carlson
> (Counsel to Ford Motor Company)

> Dickinson Wright PLLC
> 500 Woodward Avenue, Suite 4000
> Detroit, Michigan 48226
> Attn: William Burgess, James Plemmons and Kristi A. Katsma
> (Counsel to Chrysler Corporation)

DETR_638911.1

(b)    **2002 List.** This group shall be comprised of all entities who have filed and served a request for service of filings pursuant to Bankruptcy Rule 2002. An updated 2002 List can be obtained by contacting Debtors' undersigned counsel or by accessing the Debtors' notice, claims and balloting agent, ASG's website at www.administar.net.

(i)    **Filing Requests for Documents Requires E-mail Address.** A request for service of papers pursuant to Federal Rule of Bankruptcy Procedure 2002 (each, a "2002 Notice Request") filed with the Court and served in accordance herewith shall be deemed proper if and only if it provides an address at which documents filed with the Court by the Debtors may be served via e-mail (subject to Section B.8.b.(ii) below).

(ii)    **Certification Opting Out of Email Service.** Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an e-mail address and thereafter cannot receive service by e-mail must include in the 2002 Notice Request a certification to that effect (the "Certification"). The Certification shall include a statement certifying that the individual or entity (a) does not maintain an e-mail address and (b) cannot practicably obtain an e-mail address at which the individual or entity could receive service by e-mail.

(iii)    **2002 Notice List.** The Debtors or the Debtors' notice, claims and balloting agent, ASG, shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002 List"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes of e-mail address, contact person or otherwise and serve a copy of such request upon the Debtors.

(iv)    **Affected Entities**. This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "Affected Entity").

9.    At least every fifteen (15) days during the first sixty (60) calendar days of the Debtors' chapter 11 cases, and thereafter at least every thirty (30) calendar days, the Debtors' counsel shall maintain and update the Primary Service List by: (a) making any additions and deletions; (b) filing the updated Primary Service List; (c) serving the updated Primary Service List on the parties listed thereon; and (d) filing a proof of service.

10.    Nothing herein shall affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of the meeting of creditors, the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, the time fixed to accept or reject a proposed modification of a plan of reorganization, the time fixed for filing proofs of claim as required by Bankruptcy Rule 2002(a), the time fixed for filing objections to and the hearing on the disclosure statement and the plan of reorganization required by Bankruptcy Rule 2002(b) or entry of an order confirming a plan of reorganization. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007.

**C.    Service by E-mail**

11.    **Entities Entitled to Serve by E-mail**. Only the Debtors (and any of their agents) and the E-mail Serving Parties (as defined below) are authorized to serve documents by e-mail.

12.    **Form of Documents Served by E-mail**. All documents served by e-mail shall provide either a copy of the document or a link to access the entire document, including the proposed form(s) of order and any exhibits, attachments or other materials in "pdf" format,

readable by Adobe Acrobat or other equivalent document reader program commonly available without cost. E-mail service shall also include a copy of or a link to the current 2002 List.

13.    **E-mail Serving Parties.** An entity who has filed a proper 2002 Notice Request and has not opted out of e-mail service may request, in writing, for authorization from the Debtors for such party to serve court filings by e-mail; underline{provided,} that if the Debtors do not consent in writing to such party serving by email or if the Debtors do not respond within twenty calendar days of such request, such party may petition the Court for authorization. No entity may serve court filings by e-mail before such entity receives authority from the Court or the Debtors' consent to serve by email. Any entity who purports to have served a court filing by e-mail before such entity receives authority from the Court or the Debtors' consent to serve by email shall be deemed not to have properly served such court filing.

14.    **Authorization of Service by E-mail.** The Debtors and parties authorized to serve by e-mail pursuant to Section C (collectively, the "E-mail Serving Parties") are authorized to serve all court filings by e-mail (subject to Section B.8.b.(ii)).

08-53846-tjm  Doc 2915  Filed 07/09/03  Entered 07/09/03 03:39:39:5  Page 110 of 110