UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                         :
In re                                    : Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               : Case No. 13-53846
                                         :
             Debtor.                     : Hon. Steven W. Rhodes
                                         :
                                         :
---------------------------------------------------------x

### *EX PARTE* MOTION OF DEBTOR FOR THE ENTRY OF AN ORDER (A) SCHEDULING AN EXPEDITED HEARING ON CERTAIN INITIAL MOTIONS FILED BY DEBTOR, (B) LIMITING NOTICE OF HEARING AND (C) APPROVING FORM AND MANNER OF NOTICE

The City of Detroit, Michigan ("Detroit" or the "City"), as the debtor in the above-captioned case, hereby moves the Court, pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"), for the entry of an *ex parte* order[1] scheduling an expedited hearing on certain motions filed by the City on

---

[1] This Motion includes certain attachments that are labeled in accordance with Local Rule 9014-1(b)(1). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1. A summary identifying each included attachment by exhibit number is appended to this Motion.

July 18, 2013 and July 19, 2013. In support of this Motion, the City respectfully represents as follows:

## Background

1. Incorporated in 1806, Detroit is the largest city in Michigan. As of December 2012, the City had a population of less than 685,000 (down from a peak population of nearly 2 million in 1950).

2. Over the past several decades, the City has experienced significant economic challenges that have negatively impacted employment, business conditions and quality of life. These challenges include, among other things, (a) a contraction of its historic manufacturing base, (b) a declining population, (c) high unemployment, (d) an erosion of the City's income and property tax bases, (e) a reduction in state revenue sharing and (f) a lack of adequate reinvestment in the City and its infrastructure.

3. As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities). Excluding the proceeds of debt issuances, the City has incurred large and unsustainable operating deficits for each of the past six years. As of June 30, 2013, the City's accumulated unrestricted general fund

deficit was approximately $237.0 million.  Excluding the impact of a recent debt issuance, this represents an increase of approximately $47.4 million over fiscal year 2012.

4.     On February 19, 2013, a review team appointed by Rick Snyder, Governor of the State of Michigan (the "Governor"), pursuant to Public Act 72 of 1990, the Local Government Fiscal Responsibility Act, MCL § 141.1201, et seq. ("PA 72"), issued its report with respect to the City and its finances (the "Review Team Report").  The Review Team Report concluded that a local government financial emergency exists within the City.

5.     On March 14, 2013, in response to the Review Team Report and the declining financial condition of the City and at the request of the Governor, the Local Emergency Financial Assistance Loan Board of the State of Michigan appointed Kevyn D. Orr as emergency financial manager with respect to the City under PA 72, effective as of March 25, 2013.

6.     On March 28, 2013, upon the effectiveness of Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"), Mr. Orr became, and continues to act as, emergency manager with respect to the City under PA 436 (in such capacity, the "Emergency Manager"). Pursuant to PA 436, the Emergency Manager acts "for and in the place and stead of the governing body and the office of chief administrative officer" of the City.

MCL § 141.1549. In addition, the Emergency Manager acts exclusively on behalf of the City with respect to the filing of a case under chapter 9 of the Bankruptcy Code upon receiving authorization from the Governor. MCL § 141.1558.

7. On July 18, 2013, the Governor issued his written decision (the "Authorization") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of the Bankruptcy Code. Thereafter, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order"). True and correct copies of the Approval Order and the Authorization are attached as Exhibit A to the Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 10).

8. In accordance with the Authorization and the Approval Order, on July 18, 2013, the City commenced a case under chapter 9 of the Bankruptcy Code. Additional details regarding the City and the events leading to the commencement of this chapter 9 case are set forth in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 11) (the "Orr Declaration").

## Jurisdiction

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C.

-4-
13-53846-tjt    Doc 58    Filed 07/19/13    Entered 07/19/13 18:27:11    Page 4 of 20

§ 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

10. By this Motion, the City seeks the *ex parte* entry of an order of the Court: (a) scheduling an expedited hearing (the "Initial Hearing") to be held on July 23, 2013, or as soon thereafter as the Court's schedule will permit, on certain motions filed by the City (collectively, the "Initial Motions"); (b) limiting notice of the Initial Hearing; and (c) approving the form and manner of the notice of the Initial Motions and the Initial Hearing.

11. The Initial Motions consist of the following motions filed on July 18, 2013 and July 19, 2013:

- Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice and (B) Establishing a Deadline for Objections to Eligibility and a Schedule for Their Consideration (Docket No. 18);

- Motion of Debtor, Pursuant to Sections 102(1)(A) and 105(a) of the Bankruptcy Code and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure, for Entry of an Order Establishing Case Management and Scheduling Procedures (Docket No. 39);

- Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code (Docket No. 53);

- Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor (Docket No. 56); and

- Motion of Debtor for Entry of an Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002 (Docket No. 19).

### Basis for Relief

12. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." E.D. Mich. LBR 9006-1(b).

13. In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.

14. Together, these rules provide the Court with the authority to (a) enter an *ex parte* order scheduling the Initial Hearing on shortened notice and (b) approve the manner of notice of such Initial Hearing.

15. As described in the Initial Motions and the Orr Declaration, the Initial Motions generally seek to (a) establish procedures for the smooth and efficient administration of this chapter 9 case (the largest chapter 9 case in history), (b) ensure that the City receives the benefit of certain protections afforded under the Bankruptcy Code and (c) lay the groundwork for a successful restructuring of the City's liabilities.

16. The City believes that an expedited hearing on the Initial Motions is in the best interests of the City, its creditors and all parties in interest in this chapter 9 case because the relief requested in the Initial Motions, among other things, will: (a) establish procedures for the prompt notification of the tens of thousands of potential creditors and other parties in interest of the commencement of this chapter 9 case and other procedures to promote the efficient administration of the City's case; (b) promptly clarify and confirm certain rights afforded to the City and the Emergency Manager in this chapter 9 case to eliminate potential uncertainty for the City's creditors, vendors, residents and other parties in interest and thereby minimize potential disruptions to the City's operations and restructuring efforts from the outset of this case; and (c) lay the groundwork for other restructuring activities to allow the City to move forward as promptly and efficiently as possible in this case.

17.     For these reasons, the City submits that cause exists to schedule the Initial Hearing on shortened notice, and respectfully requests that the Court enter an order scheduling the Initial Hearing as soon as reasonably practicable (the "Initial Hearing Order").

18.     The City also requests that the Court approve the form of notice of the Initial Motions and the Initial Hearing (the "Notice"). Immediately after the entry of the Initial Hearing Order, the City proposes to serve, via email or facsimile,[2] the Notice and a copy of each of the Initial Motions on the following parties (or counsel to these parties where known): (a) the trustees, bond registrars, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the insurers of the certificates of participation issued with respect to the City's pension funds (the "COPs"); (h) certain significant holders of the COPs; (i) the counterparties under the swap contracts entered into in connection with the COPs (collectively, the "Swaps"); (j) the insurers of the

---

[2]     Where neither is available, the City will serve the Initial Notice Parties (as defined below) by hand delivery or overnight courier.

Swaps; and (k) the Office of the United States Trustee (collectively, the "<u>Initial Notice Parties</u>"). Upon completion of such service, the City will file a certificate of service.

19. As set forth above, the Court has authority to regulate the timing and extent of notices provided to parties in interest. Here, the City seeks Court approval that service of the Notice on the Initial Notice Parties is adequate and appropriate under the circumstances.

**<u>Reservation of Rights</u>**

20. The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

**<u>No Prior Request</u>**

21. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief

sought herein; and (ii) grant such other and further relief to the City as the Court may deem proper.

Dated: July 19, 2013
Respectfully submitted,

/s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | None [Motion Seeks *Ex Parte* Relief] |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | None [Separate Certificate of Service To Be Filed] |
| Exhibit 5 | None [No Affidavits Filed Specific to This Motion] |
| Exhibit 6 | Proposed Form of Notice of Initial Motions and Initial Hearing |

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

--------------------------------------------------------x
                                    :
In re                              : Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,   : Case No. 13-53846
                                    :
               Debtor.         : Hon. Steven W. Rhodes
                                    :
--------------------------------------------------------x

### *EX PARTE* ORDER (A) SCHEDULING AN EXPEDITED HEARING ON CERTAIN INITIAL MOTIONS FILED BY THE DEBTOR, (B) LIMITING NOTICE OF HEARING AND (C) APPROVING FORM AND MANNER OF NOTICE

This matter coming before the Court on the *Ex Parte* Motion of the Debtor for the Entry of an Order (A) Scheduling an Expedited Hearing on Certain Initial Motions Filed by the Debtor, (B) Limiting Notice of Hearing and (C) Approving Form and Manner of Notice (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion and the Declaration of Kevyn D. Orr (Docket No. 11) (the "Orr Declaration"); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

§ 157(b), and (c) the circumstances justify an expedited hearing on the Initial Motions; and the Court having determined that the legal and factual bases set forth in the Motion and the Orr Declaration establish just cause for the *ex parte* relief granted herein;

        IT IS HEREBY ORDERED THAT:

        1.      The Motion is GRANTED.

        2.      The Court shall conduct a hearing on the Initial Motions at __:__ _.m. on _____, 2013, in Courtroom __ at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 W. Fort Street, Detroit, Michigan 48226.

        3.      The form of notice attached as <u>Exhibit 6</u> to the Motion (the "<u>Notice</u>") is hereby APPROVED. Under the circumstances, service of the Notice and the Initial Motions on the Initial Notice Parties by facsimile or e-mail transmission (and by hand delivery or overnight courier where facsimile or e-mail information is not known to the City) is adequate and appropriate notice of the Initial Motions and the Initial Hearing.

        4.      Nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental

-2-
13-53846-tjt   Doc 58   Filed 07/19/13   Entered 07/19/13 18:27:11   Page 15 of 20

powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

5.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

**EXHIBIT 6**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                            :
In re                           : Chapter 9
                            :
CITY OF DETROIT, MICHIGAN,    : Case No. 13-53846
                            :
          Debtor.           : Hon. Steven W. Rhodes
                            :
                            :
------------------------------------------------------x

## NOTICE OF EXPEDITED HEARING
## ON INITIAL MOTIONS OF DEBTOR

**TO THE PARTIES RECEIVING THIS NOTICE:**

       1.     On July 18, 2013 (the "<u>Petition Date</u>"), the City of Detroit, Michigan (the "<u>City</u>"), commenced a case (the "<u>Chapter 9 Case</u>") under chapter 9 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "<u>Bankruptcy Court</u>"). The Chapter 9 Case is pending before the Honorable Steven W. Rhodes, United States Bankruptcy Judge.

       2.     On July 19, 2013, the City filed a motion (Docket No. __) (the "<u>Expedited Hearing Motion</u>") seeking an expedited hearing on certain motions filed on July 18, 2013 and July 19, 2013 (collectively, the "<u>Initial Motions</u>").

3. On _____, 2013, the Court entered an order (Docket No. __) approving the relief requested in the Expedited Hearing Motion. By the Expedited Hearing Order, the Court scheduled a hearing on the Initial Motions for __:__ _.m. on _____, 2013, in Courtroom __ at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 211 W. Fort Street, Detroit, Michigan 48226 (the "<u>Initial Hearing</u>"). A copy of the Expedited Hearing Order is attached hereto as Appendix I.

4. The Initial Motions consist of the following:

- Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice and (B) Establishing a Deadline for Objections to Eligibility and a Schedule for Their Consideration (Docket No. 18);

- Motion of Debtor, Pursuant to Sections 102(1)(A) and 105(a) of the Bankruptcy Code and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure, for Entry of an Order Establishing Case Management and Scheduling Procedures (Docket No. 39);

- Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code (Docket No. 53);

- Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor (Docket No. 56); and

- Motion of Debtor for Entry of an Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002 (Docket No. 19).

**IF YOU WISH TO BE HEARD WITH RESPECT TO THE RELIEF REQUESTED BY THE CITY IN ANY OF THE INITIAL MOTIONS, THEN YOU MUST APPEAR AT THE INITIAL HEARING, EITHER IN PERSON OR TELEPHONICALLY PURSUANT TO THE BANKRUPTCY COURT'S PROCEDURES FOR TELEPHONIC PARTICIPATION AT HEARINGS.**

5. Copies of the Initial Motions are being served on you and are available, along with all other documents filed in this case, free of charge at the City's restructuring website at www.kccllc.net/Detroit or, on a paid subscription basis, through the Bankruptcy Court's PACER system at ecf.mieb.uscourts.gov.

6. If you wish to receive further notices in this Chapter 9 Case, you are encouraged to appear formally and file with the Bankruptcy Court a written request for service of papers pursuant to the Federal Rules of Bankruptcy Procedure.[1]

**BY ORDER OF THE COURT**

---

[1] As set forth above, on July 19, 2013, the City filed a motion (Docket No. 39) requesting that the Bankruptcy Court establish certain additional case management and scheduling procedures.