UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO *EX PARTE* MOTION OF DEBTOR FOR THE ENTRY OF AN ORDER (A) SCHEDULING AN EXPEDITED HEARING ON CERTAIN INITIAL MOTIONS FILED BY DEBTOR, (B) LIMITING NOTICE OF HEARING AND (C) APPROVING FORM AND MANNER OF NOTICE**

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Pension Systems") object to the Ex Parte Motion of Debtor for the Entry of an Order (A) Scheduling an Expedited Hearing on Certain Initial Motions Filed by Debtor, (B) Limiting Notice of Hearing and (C) Approving Form and Manner of Notice [Docket No. 58] (the "Expedited Hearing Motion")[1] and state as follows:

1. On July 19, 2013, the Circuit Court for Ingham County, Michigan, in the case entitled *Gracie Webster, et al. v. The State of Michigan, et al.*, Case No. 13-734-CZ (Hon. Rosemarie Aquilina) entered its Order of Declaratory Judgment (the "Declaratory Judgment"), a copy of which is attached hereto as Exhibit A. In the Declaratory Judgment, it is determined, among other things, that the State of Michigan's authorization of the commencement of this

---

[1] This Objection is filed subject to the reservations of rights in the Appearance filed by the undersigned counsel in this case, including the Pension Systems' right to argue that the matters involved in the *Webster* case referenced herein and the pending related cases should be determined in the state courts and not in this Court and that this Court lacks subject matter jurisdiction.

Chapter 9 case was violative of the State Constitution and was therefore given without power or authority. As such, the authorization of the commencement of this case was void.

2. It is anticipated that the Defendants will appeal from the Declaratory Judgment. Pending such appeal process, however, per the Declaratory Judgment, the Pension Systems respectfully submit that this Court does not have subject matter jurisdiction to proceed with this case.

3. Nonetheless, the City of Detroit, Michigan, the debtor herein (the "<u>Debtor</u>"), has filed the Expedited Hearing Motion, seeking a hearing on a number of matters.

4. As an initial matter, the Pension Systems submit that no such matters should proceed at this time pending the completion of any appeal process with respect to the Declaratory Judgment. To do otherwise would ignore the threshold issue that this Court does not have any jurisdiction to proceed with such matters.

5. In addition, without waiver of the foregoing argument, even if the Court were inclined to consider the matters that are the subject of the Expedited Hearing Motion, they should not be heard on roughly one business day's notice. The Expedited Hearing Motion encompasses matters requesting substantive relief - - including seeking relief on the seminal issue of application of the automatic stay to various parties. This proverbially puts the cart before the horse inasmuch as there is no automatic stay arising in this case if the filing of the petition itself was invalid. Moreover, to ask for relief on such short notice clearly violates the Pension Systems' due process rights. Setting an expedited hearing on these matters will deprive the Pension Systems and other parties in interest of a meaningful opportunity to file briefs on the relevant legal issues.

6. The Pension Systems intend to subsequently file a supplement to this Objection and reserve the right to do so.

 

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Evan J. Feldman (P73437)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: July 22, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT A

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

    Plaintiffs,

vs                                          Case No. 13-734-CZ
                                          Hon.  Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

    Defendants.

_____/

ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this 19th day of July, 2013.

PRESENT: _Rosemarie E. Aquilina_
                 Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436 permits the Governor to authorize an emergency manager to proceed under chapter 9 of the bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter 9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

*A copy of this Order shall be transmitted to President Obama.*

*It is so Ordered.*

Rosemarie E. Aquilina
P37670
Circuit Court Judge