UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 9

City of Detroit, Michigan,                                Case No. 13-53846

    Debtor.                                               Hon. Steven W. Rhodes

_____/

# *EX PARTE* ORDER
# (A) SCHEDULING EXPEDITED HEARINGS ON CERTAIN
# INITIAL MOTIONS FILED BY THE DEBTOR,
# (B) SCHEDULING AN INITIAL STATUS CONFERENCE,
# (C) LIMITING NOTICE OF HEARING, AND
# (D) APPROVING FORM AND MANNER OF NOTICE

      The debtor has filed an *Ex Parte* Motion of the Debtor for the Entry of an Order (A) Scheduling an Expedited Hearing on Certain Initial Motions Filed by the Debtor, (B) Limiting Notice of Hearing and (C) Approving Form and Manner of Notice (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion and the Declaration of Kevyn D. Orr (Docket No. 11) (the "Orr Declaration"). The General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit have filed an objection.

      The Court finds (a) that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) that this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) that the circumstances justify expedited hearings on the Initial Motions; and (d) that the legal and factual bases set forth in the Motion and the Orr Declaration establish just cause for the *ex parte* relief granted herein.

      Accordingly, it is hereby ordered that:

1. The Motion is granted.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

2. The Court shall conduct a hearing at 10:00 a.m. on Wednesday, July 24, 2013, in Courtroom 100 at the United States District Court for the Eastern District of Michigan, 231 W. Lafayette Street, Detroit, Michigan 48226, regarding the following matters:

   a. Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code. (Docket 53)

   b. Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor. (Docket 56)

3. The Court shall conduct a hearing at 10:00 a.m. on Friday, August 2, 2013, in Courtroom 100 at the United States District Court for the Eastern District of Michigan, 231 W. Lafayette Street, Detroit, Michigan 48226, regarding the following matters:

   a. Motion to Assume Lease or Executory Contract /Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019 and (III) Granting Related Relief. (Docket 17)

   b. Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice and (B) Establishing a Deadline for Objections to Eligibility and a Schedule for Their Consideration. (Docket 18)

   c. Motion of Debtor for Entry of an Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002. (Docket 19)

   d. Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees. (Docket 20)

   e. An initial status conference, the agenda of which is attached to this order.

4. In lieu of a separate notice, counsel for the City shall serve this order by the close of business on July 22, 2013. Under the circumstances, service of this Order on the Initial Notice Parties by facsimile or e-mail transmission (and by hand delivery or overnight courier where facsimile or e-mail information is not known to the City) is adequate and appropriate notice.

5. The following important information is also provided:

   a. So that the conference can start on time, the Court strongly encourages everyone attending to arrive at least 60 minutes in advance to clear security. To gain entry into the courthouse all individuals must provide government issued photo

identification. Attorneys must also present their bar identification card. Members of the press must present their press cards. All persons entering a federal facility are required to pass through a magnetometer, and all belongings and packages are subject to physical and x-ray examination by the U.S. Marshal Service. The courtroom doors will be opened 30 minutes before the conference.

b. Subject to LR 83.31 (E.D. Mich.), attorneys may bring electronic devices to court. Others may bring electronic devices except mobile telephones. Electronic devices (except telephones) may be used in court in silent mode. Recording devices are prohibited.

c. To expedite admission to the courtroom, attorneys are strongly encouraged to file a notice of appearance through ECF before the hearing. Attorneys who have not filed a notice of appearance by ECF and who want their appearance noted of record at the conference will be asked to fill out a "Status Conference Appearance" form for that purpose in lieu of stating their appearances on the record. This form will be available on the court's website. Note however that this form is not a substitute for filing a notice of appearance on ECF. Attorneys who want their appearance on the record must check in with clerk's office staff at the table outside the main courtroom.

d. Attorneys who expect to file papers but who have not had ECF training and who do not have an ECF password for our court are strongly encouraged to undergo the training immediately. The clerk's office has intensified its schedule of ECF training and a schedule of training is available on the court's website. Motions to file by traditional paper filing are discouraged except in cases of emergency.

e. Due to space restrictions, attendance by attorneys will be limited to two per firm. Please cooperate with the court regarding this limitation.

f. Every attorney who appears before the court must be a member of the bar of the United States District Court. *Pro hac vice* admissions are not permitted. Applications for admission are available on the district court's website: www.mied.uscourts.gov/Information/Attorneys

g. Arrangements will be made for attorneys to attend hearings by telephone. Instructions for this will be posted on the court's website.

h. The court will post on its website an audio recording of the status conference within 24 hours after the conclusion of the hearing.

i. In addition to the seating in the courtroom, additional seating will be made available in two overflow courtrooms with audio and video monitoring equipment.

j. For security reasons, when available seating has been occupied, no further spectators will be admitted to the building.

k.  Members of the media are referred to the "Media Protocol For Coverage Of High Profile Cases" of the United States District Court, available at: www.mied.uscourts.gov/Information/Media/

l.  Members of the public should read Judge Rhodes' Order Governing Public Conduct, Courtroom Procedures and Decorum available on the court's web site.

m.  Phone calls to the judge's office are strongly discouraged. All public information will be available on the court's website.

**Initial Status Conference Agenda**

1. Status of filing of list of creditors under 11 U.S.C. § 924 and potential amendments.

2. Disclosure by the City of the status of its negotiations with creditors.

3. Setting deadlines:

    a. To file a motion to reject collective bargaining agreements.

    b. To file the plan.

    c. To file other potential motions and adversary proceedings, if appropriate.

4. Consideration of proposed order appointing independent fee examiner. (Attached)

5. Schedule of future status conferences and omnibus hearings.

6. Other procedural and administrative issues.

7. Review by the Court of its limited role in a chapter 9 case.

# [CAPTION TO BE INSERTED]

## Proposed
## Order Appointing Fee Examiner

Pursuant to 11 U.S.C. §§ 105, 943(b)(3) and 1129(a)(3) (made applicable by §901(a)), the Court concludes that it is necessary and appropriate to appoint a fee examiner. Accordingly, it is ordered:

1. _____ is appointed fee examiner.

2. In this order, the phrase "Professional Fee Expenses" means all of the professional fee expenses that the City incurs in connection with this case whether payable to professionals employed by the City or by others. It also includes the expenses payable to its claims and noticing agent, expenses payable to the professionals of any official committee, and expenses awarded under 11 U.S.C. § 503(b)(9).

3. The fee examiner's responsibility is to assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3).

4. After consulting with the attorneys for the City, the fee examiner shall submit to the Court a proposed order establishing:

(a) A procedure for the City to publicly disclose its Professional Fee Expenses.

(b) A procedure for the fee examiner to review the City's Professional Fee Expenses and to file reports addressing whether the City's Professional Fee Expenses have been fully disclosed and are reasonable.

(c) A procedure for periodically paying the fee examiner's fees and expenses.

5. The proposed order shall provide for City's disclosures of its Professional Fee Expenses on a monthly basis and for the filing of the fee examiner's reports on a quarterly basis. The proposed order shall be filed and served on the attorneys for the City by _____, 2013. The City may file objections to the order by _____, 2013. The Court will conduct a hearing on the entry of the order on_____, 2013, at _____.

6. The City shall pay the fee examiner at the rate of $___ per hour, plus reasonable expenses. The fees of the fee examiner shall be subject to the disclosure requirements of paragraph 4(a) above and to review by the Court on its own initiative or on motion by the City.

7. If a report filed by the fee examiner concludes that the Professional Fee Expenses have not been fully disclosed or are not reasonable, the Court may schedule a hearing or may take other action that it determines to be appropriate.

.

**Signed on July 22, 2013**

                                                          /s/ Steven Rhodes
                                                        Steven Rhodes
                                                        United States Bankruptcy Judge