UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(DETROIT)

In re:                                    )
                                          )
CITY OF DETROIT, MICHIGAN,                )   CASE NO.: 13-53846
                                          )
                                          )   CHAPTER 9
       Debtor.                            )
                                          )   Hon. Steven W. Rhodes
                                          )
                                          )

## LIMITED OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING CASE MANAGEMENT AND SCHEDULING PROCEDURES

U.S. Bank National Association ("U.S. Bank"), in its capacity as trustee (the "Trustee") for the Sewer Bonds (defined below) and the Water Bonds (defined below), hereby files this limited objection to the Motion of Debtor, Pursuant to Sections 102(1)(A) and 105(a) of the Bankruptcy Code and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure, for Entry of an Order Establishing Case Management and Scheduling (Docket No. 39) (the "Case Procedures Motion"). In support of this limited objection, the Trustee states as follows:

### LIMITED OBJECTION

1.  The Trustee serves as trustee for all of the Debtor's outstanding Water Bonds and Sewer Bonds (collectively, the "Water and Sewer Bonds"), pursuant to the ordinances and amendments, bond authorization resolutions, sale orders, and Water and Sewer Indentures[1] that authorized issuance of the Water and Sewer Bonds. As of the Petition Date (defined below),

---

[1] The relevant trust indentures are identified as (a) the Trust Indenture among the City, Detroit Water and Sewerage Department (the "DWSD"), and U.S. Bank, as Trustee, Relating to the Outstanding Secured Obligations of the Detroit Water and Sewerage Department (Sewage Disposal System), dated as of June 1, 2012 (the "Sewer Indenture"), and (b) the Trust Indenture among the City, the DWSD, and U.S. Bank, as Trustee, Relating to the Outstanding Secured Obligations of the Detroit Water and Sewerage Department (Water Supply System), dated as of February 1, 2013 (the "Water Indenture," and together with the Sewer Indenture, the "Water and Sewer Indentures").

there were approximately $2.56 billion in outstanding Water Bonds and approximately $2.86 billion in outstanding Sewer Bonds, for a total of approximately $5.42 billion. *See* Declaration of Guarav Malhotra in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 12 at 14–15).

2. The Water and Sewer Bonds are special revenue bonds as that term is defined in 11 U.S.C. § 927. *See also* Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 11, Exhibit 2 at 22–23).

3. On July 18, 2013 (the "Petition Date"), the City of Detroit (the "City" or the "Debtor") filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

4. On July 19, 2013, the City filed the Case Procedures Motion. Exhibit 1 to the Case Procedures Motion is the Debtor's proposed Order Establishing Case Management and Scheduling Procedures (Docket No. 39, Exhibit 1) (the "Proposed Order").

5. On July 19, 2013, the City also filed an *Ex Parte* Motion of Debtor for the Entry of an Order (A) Scheduling an Expedited Hearing on Certain Initial Motions filed by Debtor, (B) Limiting Notice of Hearing and (C) Approving Form and Manner of Notice (Docket No. 58) (the "Motion to Expedite") requesting that the Case Procedures Motion be heard on July 23, 2013. The Court entered its Ex Parte Order (A) Scheduling Expedited Hearings on Certain Initial Motions Filed by the Debtor, (B) Scheduling an Initial Status Conference, (C) Limiting Notice of Hearing, and (D) Approving Form and Manner of Notice (Docket No. 65) on July 22, 2013, setting some of the Debtor's initial motions for hearing on July 24, 2013, and some for hearing on August 2, 3013. The Case Procedures Motion was not referenced specifically in the Court's

order, but the Trustee will be prepared to address the Case Procedures Motion at either hearing as the Court deems appropriate.

6. In large part, the proposed procedures set forth in the Case Procedures Motion are not objectionable. However, the Trustee does object to the provisions set forth in paragraphs 31(a), 33 and 36 of the Case Procedures Motions, and the mirror provisions set forth in paragraphs 14, 16 and 19 of the Proposed Order, as follows:

> 14. <u>Additional Procedures for Lift-Stay Motions</u>. Motions filed by non-debtor parties seeking relief pursuant to sections 362 and/or 922 of the Bankruptcy Code (any such motion, a "Lift-Stay Motion") shall be subject to the following additional procedures:
>
>> (a) If the Omnibus Hearing at which any Lift-Stay Motion shall be heard is more than 30 days after the date of service of the Lift-Stay Motion, then the movant shall be deemed to have consented to the continuation of the automatic stay and waived its right to assert termination of the automatic stay pursuant to section 362(e) of the Bankruptcy Code until the conclusion of such Omnibus Hearing.
>
> . . . . .
>
> 16. <u>Bridge Orders Not Required in Certain Circumstances</u>. If a Motion to extend the time for the City to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.
>
> . . . . .
>
> 19. <u>Omnibus Hearing Practice</u>. With respect to any motion, the Court may proceed with a pretrial conference for such motion at any Omnibus Hearing, as opposed to making a dispositive ruling on the motion at that time, if the interests of fairness or the proper administration of justice so require. With respect to any Filing other than a Lift-Stay Motion, if an objection or other responsive pleading or paper is filed in response, then the Omnibus Hearing will be deemed an evidentiary hearing at which witnesses may testify, unless the City's proposed agenda (after consultation with any opposing parties) otherwise provides. If the objecting party intends to introduce evidence or witnesses, it must identify with reasonable particularity its proposed evidence and witnesses in its objection or other responsive pleading or paper. The party filing a motion must identify its proposed evidence and witnesses within two business

10949616.9

13-53846-tjt   Doc 85   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 3 of 8

days of a written request therefor made by the objecting party, or within such later time as agreed to in writing by the parties.

7. The provisions set forth in paragraph 14(a) of the Proposed Order run afoul of the requirements of 11 U.S.C. §362(e)(1), which are applicable to a chapter 9 proceeding pursuant to 11 U.S.C. § 901(a). Section 362(e)(1) provides:

> Thirty days after a request under subsection (d) of this section for relief from the stay of an act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party making such request, unless the court, after notice and hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

11 U.S.C. § 362(e)(1). The Trustee requests that this Court modify paragraph 14(a) of the Proposed Order as follows[2] (additions underlined and deletions marked out):

> 14. Additional Procedures for Lift-Stay Motions. Motions filed by non-debtor parties seeking relief pursuant to sections 362 and/or 922 of the Bankruptcy Code (any such motion, a "Lift-Stay Motion") shall be subject to the following additional procedures:
>
> (a) If the Omnibus Hearing at which any Lift-Stay Motion shall be heard is more than 30 days after the date of service of the Lift-Stay Motion, then either: (1) the movant and the City shall contact the Court to set a special hearing before the next Omnibus Hearing, or (2) the movant and the City shall agree, in a stipulation filed with the Court, to ~~the movant shall be deemed to have~~ consented to the continuation of the automatic stay and to the movant waiv~~ed~~ing its right to assert termination of the automatic stay pursuant to section 362(e) of

---

[2] The City attaches as an exhibit and cites to the *Order Establishing Notice, Service and Case Management Procedures Pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Bankruptcy Rule 2002(m)*, that was entered in *In re Jefferson Cnty., Ala.*, Case No. 11-5736, Docket. No. 89 (Bankr. N.D. Ala. Nov. 11, 2011) (the "Jefferson County Procedures Order"). *See* Case Procedures Motion at 7, Ex. 6.2. To the extent this Court finds the Jefferson County Procedures Order instructive, the Trustee points out that the modifications proposed herein by the Trustee are consistent with the procedures ultimately approved by the Bankruptcy Court in *Jefferson County* after Jefferson County made a request to automatically impose a waiver of 11 U.S.C. § 362(e)'s requirements in its case management motion similar to that made in this case. *Compare* Proposed Order to Motion to Establish Notice, Service, and Case Management Procedures Pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Bankruptcy Rules 2002(m) and 9007, *In re Jefferson Cnty., Ala.*, Case No. 11-5736-TBB-9, Docket No. 11 at 15 (Bankr. N.D. Ala. Nov. 9, 2011) *with* Jefferson County Procedures Order, *Jefferson Cnty., Ala.*, Case No. 11-5736-TBB-9, Docket No. 89 at 16.

4

the Bankruptcy Code until the conclusion of ~~such~~ the next scheduled Omnibus Hearing.

8. The Trustee also objects to paragraph 16 of the Proposed Order. As drafted, the provisions in paragraph 16 inure only to the City's benefit. The Trustee requests that the provision be modified, as follows, to provide similar treatment in this case to those parties on the Special Service List (additions underlined):

> 16. Bridge Orders Not Required in Certain Circumstances. If a Motion to extend the time for the City or any party set forth on the Special Service List to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

9. Finally, the Trustee objects to paragraph 19 of the Proposed Order. As drafted, paragraph 19 puts an undue burden on objecting parties to identify with reasonable particularity the objecting party's proposed evidence and witnesses in its objection or other responsive pleading or paper before any discovery has taken place. Similarly, paragraph 19 requires a moving party to identify its proposed evidence and witnesses within two business days of a written request made by the objecting party, or within such later time as agreed by the parties in writing. As this Court knows, parties often must file motions or objections before they have completed, or even initiated, discovery. In fact, except as may be permitted by Bankruptcy Rule 2004, parties cannot conduct discovery before a contested matter or adversary proceeding is initiated, and pursuant to this Court's Local Rules, parties are required generally to seek leave of court before commencing discovery. *See* L.R. 7026-3. Moreover, in a chapter 9 proceeding, the Debtor is not required to file schedules of assets and liabilities, statements of financial affairs, or monthly operating reports. Thus, non-debtor parties in a chapter 9 case do not have ready access to information that might otherwise be available in a chapter 11 case.

5
10949616.9

13-53846-tjt    Doc 85    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 5 of 8

10. The Trustee believes paragraph 19 of the Proposed Order places an undue burden on the parties to identify proposed evidence and witnesses within the time frame requested by Debtor. The Trustee is in favor of full and complete disclosure of evidence and witnesses as efficiently and expeditiously as practicable prior to any evidentiary hearing; however, the Trustee requests that the parties be required to identify any evidence or witnesses within a set number of days before the evidentiary hearing or as otherwise agreed to by the parties or ordered by the Court.

11. In addition, the Trustee objects to paragraph 19 of the Proposed Order, as drafted, to the extent it provides that an Omnibus Hearing will be deemed an evidentiary hearing if an objection or other responsive pleading is filed in response to a Filing (other than a Lift-Stay Motion). Requiring the parties to be prepared for a full evidentiary hearing at the Omnibus Hearing will cause substantial burden on the parties to complete discovery in a relatively short period of time and may cause the parties to unnecessarily prepare for an evidentiary hearing. The Trustee proposes that the Omnibus Hearing at which a contested matter is first heard be used as a non-evidentiary hearing to determine if the matter can be disposed of based on the parties' papers and arguments. If the matter cannot be disposed of on the papers and arguments, then the Court can set an evidentiary hearing and establish a discovery schedule. The Trustee believes such a process will lead to more orderly disposition of contested matters.

12. Accordingly, the Trustee requests that paragraph 19 of the Proposed Order be modified as follows (additions underlined and deletions marked out):

> 19. <u>Omnibus Hearing Practice.</u> With respect to any motion, the Court may proceed with a pretrial conference for such motion at any Omnibus Hearing, as opposed to making a dispositive ruling on the motion at that time, if the interests of fairness or the proper administration of justice so require. With respect to any Filing other than a Lift-Stay Motion, if an objection or other responsive pleading or paper is filed in response, then

10949616.9
13-53846-tjt    Doc 85    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 6 of 8

the Omnibus Hearing will be a non-~~be deemed an~~ evidentiary hearing only to determine if it can be resolved on the parties' papers and arguments, and if the matter is not resolved at the Omnibus Hearing on the papers and arguments, then the Court will set an evidentiary hearing and establish a discovery schedule ~~at which witnesses may testify, unless the City's proposed agenda (after consultation with any opposing parties) otherwise provides~~. This provision does not prohibit any party from filing a motion to expedite any evidentiary proceeding consistent with the Court's Local Rules, as modified herein, should the circumstances so require. ~~If the objecting party intends to introduce evidence or witnesses, it must identify with reasonable particularity its proposed evidence and witnesses in its objection or other responsive pleading or paper. The party filing a motion must identify its proposed evidence and witnesses within 2 business days of a written request therefor made by the objecting party, or within such later time as agreed to in writing by the parties.~~

WHEREFORE, for the reasons stated herein, and for such other reasons as may be stated at the hearing on the Case Procedures Motion, the Trustee respectfully requests that this Court modify paragraphs 14(a), 16 and 19 of the Proposed Order, as set forth herein, and for such other and further relief as is just and equitable.

Respectfully submitted this the 22 day of July, 2013.

By: */s/ Robert J. Diehl, Jr.*
Robert J. Diehl, Jr. (P31264)
Jaimee L. Witten (P70068)
BODMAN PLC
1901 St. Antoine Street, 6th Floor
Detroit, Michigan 48226
Phone: (313) 393-7597
Fax: (313) 393-7579

– and –

David E. Lemke (TN13586)
(admission pending)
Michael R. Paslay (TN11092)
Ryan K. Cochran (TN25851)
(admission pending)
Courtney M. Rogers (TN25664)
(admission pending)

WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Fax: (615) 244-6804

*Attorneys for U.S. Bank National Association, as Indenture Trustee for the Water and Sewer Bonds*