Exhibit A

*Proposed Order to Motion to Establish Notice, Service, and Case Management Procedures*
*Pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Bankruptcy Rules 2002(m) and 9007,*
*In re Jefferson Cnty., Ala.*, Case No. 11-5736-TBB-9,
Docket No. 11 at 15 (Bankr. N.D. Ala. Nov. 9, 2011)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFERSON COUNTY, ALABAMA, | ) | Case No. 11-5736-TBB-9 |
| a political subdivision of the State of | ) | |
| Alabama, | ) | Chapter 9 Proceeding |
| | ) | |
| Debtor. | ) | |

## MOTION TO ESTABLISH NOTICE, SERVICE, AND CASE MANAGEMENT PROCEDURES PURSUANT TO 11 U.S.C. §§ 102(1)(A) AND 105(a) AND BANKRUPTCY RULES 2002(m) AND 9007

Jefferson County, Alabama, the debtor in the above referenced case (the "County"),
moves the Court to establish notice, service, and case management procedures (collectively, the
"Procedures") pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Rules 2002(m) and 9007 of
the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

## BACKGROUND

A. **Procedural Posture.**

1. On November 9, 2011 (the "Filing Date"), the County filed a voluntary petition
for relief under Chapter 9 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the
"Bankruptcy Code").

2. The County is a political subdivision of the State of Alabama.

3. No official committee of unsecured creditors has been appointed in the County's
Chapter 9 case.

1

1/1741425.5

Case 11-05736-TBB9    Doc 11    Filed 11/09/11    Entered 11/09/11 19:08:23    Desc Main
13-53846-tjt    Doc 85-1    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 2 of 43

**B.** **County's Background.**

4.    Contemporaneously herewith, the County filed its Memorandum in Support of Eligibility (the "Memorandum"). The Memorandum contains a thorough description of the County, its debt structure and the events leading up to the commencement of the County's Chapter 9 case.

## JURISDICTION AND NOTICE

5.    The County brings its motion (the "Motion") pursuant to Sections 102(1)(A) and 105[1] of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007.

6.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

7.    The County will serve a copy of this Motion on all parties on the Master Service List, as that term is defined herein. The Motion shall be served by electronic mail or, where an electronic mail address is not known or available, by facsimile or, where a facsimile number is not known or available, by overnight delivery.

## SUMMARY OF RELIEF REQUESTED

8.    The potential creditor pool in the County's case is vast, with approximately 700,000 people residing within the County and with over 16,000 entries appearing in the County's historical accounts payable ledger.[2]  Broad notice and service requirements would impose onerous expense and administrative requirements upon the County and would be unduly burdensome to the County.

9.    The County proposes to reduce expenses and lessen its administrative burden by limiting notice and service requirements pursuant to Sections 102(l)(A) and 105(a) of the

---

[1] Section 103(f) of the Bankruptcy Code provides that Chapter 1 of the Bankruptcy Code applies in a Chapter 9 case.
[2] Of those 16,000 entries, approximately 400 of them had an outstanding balance in the County's books and records as of the Filing Date.

2

Bankruptcy Code and Bankruptcy Rule 2002 and by allowing the County to satisfy its noticing and service obligations through electronic means.

## **RELIEF REQUESTED**

10.     Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the court, notice of certain matters must be given to all of a Chapter 9 debtor's creditors and other parties in interest.

11.     The Bankruptcy Code and the Bankruptcy Rules provide this Court with authority, however, to establish noticing and servicing procedures that are tailored to fit the specific needs of a given case and reduce the costs of providing notice. Section 102(1)(A) of the Bankruptcy Code provides that all notice and hearing requirements in the Bankruptcy Code shall be construed as mandating "such notice as is appropriate in the particular circumstances." Bankruptcy Rule 2002(m) enables courts to enter orders designating matters in respect to which, the entities to whom, and the manner in which notices shall be sent pursuant to the provisions of the Bankruptcy Code. In addition, the Court has general authority to regulate notices pursuant Bankruptcy Rule 9007. Section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

12.     Most pleadings in the County's case will involve matters that directly affect a relatively small number of the County's creditors. Providing notice and service of each and every pleading upon all creditors would be inefficient and a waste of the County's limited resources.

13.     Accordingly, the County proposes that the Court enter an order, effective as of the Filing Date, (a) limiting the number of parties upon whom notice must be served; (b) providing

3

an alternative means of access to this Court's docket and to relevant documents via a website to be maintained at the County's expense either on the County's website or on the website of a third party noticing agent to be engaged by the County; and (c) designating the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and manner of service.

## A.    **Filing Procedures.**

14.    <u>Filing</u>. All notices, motions, pleadings, applications, other requests for relief and all documents filed in support thereof (collectively, the "Pleadings") in the County's case, and the filing of any objections ("Objections") or replies thereto (the "Replies" and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of the County's Chapter 9 bankruptcy case as styled above, pursuant to the Court's Administrative Order No. 04-1 (http://www.alnb.uscourts.gov/forms/admin0401.pdf). The Documents shall be noticed and served in accordance with the procedures set forth below.

15.    <u>Notices of Appearance</u>. Any creditor or party in interest that wishes to receive notice in this Chapter 9 case and is not otherwise entitled to notice pursuant to the procedures set forth herein shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; (e) the party's relationship to the County's case, i.e., trade creditor, warrant holder, interested party; and (f) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in this Chapter 9 case shall have any effect unless the foregoing requirements are satisfied. Any

4

1/1741425.5

Case 11-05736-TBB9   Doc 11   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc Main
13-53846-tjt   Doc 85-1   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 5 of 43

individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 that does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, with the choice of the mode of service to be made by the County in the County's sole discretion.

**B.** **Service and Noticing Procedures.**

16. <u>Master Service List</u>. The County proposes that, with respect to all matters or proceedings other than those described in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f), the Court order that all Documents need be served only upon the following parties (the "Master Service List"):

    a. The County's Chapter 9 counsel:

Patrick Darby
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Email: pdarby@babc.com

Jay Bender
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Email: jbender@babc.com

Kenneth Klee
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, CA 90067-5061
Email: kklee@ktbslaw.com

Lee Bogdanoff
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, CA 90067-5061
Email: lbogdanoff@ktbslaw.com

1/1741425.5

b.    The County's special counsel, as follows:

J. F. "Foster" Clark, Esq.
Balch & Bingham LLP
1901 6th Avenue North
2600 AmSouth Harbert Plaza
Birmingham, AL 35203-4644
Email: fclark@balch.com

J. Hobson Presley, Jr.
Presley Burton & Collier, LLC
2801 Highway 280 South, Suite 700
Birmingham, AL 35223-2483
Email: hpresley@presleyllc.com

c.    The County Attorney:

Jeffrey M. Sewell, County Attorney
Room 280, Jefferson County Courthouse
716 North Richard Arrington Jr. Blvd.
Birmingham, AL 35203
Email: sewellj@jccal.org

d.    Counsel for any official committee appointed pursuant to Section 1102 of the Bankruptcy Code (as made applicable by Section 901 of the Bankruptcy Code) or, absent and prior to the appointment of any such committee, to each of the creditors included on the list of creditors holding the twenty largest unsecured claims as filed by the County;

e.    The Bankruptcy Administrator, as follows:

Office of the Bankruptcy Administrator
c/o J. Thomas Corbett, Esq.
United States Bankruptcy Court
Robert S. Vance Federal Building
1800 5th Ave. North
Birmingham AL 35203
E-mail: Thomas_Corbett@alnba.uscourts.gov

6

1/1741425.5

Case 11-05736-TBB9   Doc 11   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc Main
13-53846-tjt   Doc 85-1   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 7 of 43

f.     The Office of the Governor of the State of Alabama, as follows:

Cooper Shattuck, Esq.
Legal Advisor
Office of the Governor
State of Alabama
Office of the Governor
State Capitol, Room N-104
600 Dexter Avenue
Montgomery, AL  36130

David Perry, Esq.
Finance Director
Office of the Governor
State of Alabama
Office of the Governor
State Capitol, Room N-104
600 Dexter Avenue
Montgomery, AL  36130

g.     The Office of the Attorney General of the State of Alabama:

Luther Strange, Esq.
Attorney General
State of Alabama
501 Washington Avenue
Montgomery, AL 36130

h.     ADEM, as follows:

Alabama Dept. of Environmental Management
Tom Johnston Esq.
General Counsel
P. O. Box 301463
Montgomery AL 36130-1463
Phone: (334) 271-7855
Fax: (334) 394-4332

i.     The EPA, as follows:

Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

1/1741425.5

Environmental Protection Agency
Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303-3104

j.    The Securities and Exchange Commission, as follows:

SEC Headquarters
100 F Street, NE
Washington, DC 20549

k.    The Internal Revenue Service, as follows:

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 21126
Philadelphia, PA 19114-0326

l.    The indenture trustees and paying agents for the County's warrant holders, as follows:

The Bank of New York Trust Company of Florida, N.A., as Indenture Trustee
c/o Gerald F. Mace
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Email: gerald.mace@wallerlaw.com

The Bank of New York Trust Company of Florida, N.A., as Indenture Trustee
c/o Larry Childs, Esq.
Waller Lansden Dortch & Davis, LLP
Regions Harbert Plaza
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Email: larry.childs@wallerlaw.com

U.S. Bank, National Association, as Paying Agent
2204 Lakeshore Drive Suite 302
Mail Code: EX-AL-WWPH
Homewood, AL 35209
Email: felicia.cannon@usbank.com

8

m.     Material holders of the County's non-recourse sewer warrants, as follows:

Bank of America, N.A.
c/o David L. Eades
Moore & Van Allen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Email: davideades@mvalaw.com

The Bank of New York Mellon
c/o Thomas C. Mitchell
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Email: tcmitchell@orrick.com

The Bank of Nova Scotia and Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Email: spiotto@chapman.com

JPMorgan Chase Bank
Steve M. Fuhrman, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: sfuhrman@stblaw.com

Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Email: spiotto@chapman.com

Regions Bank
c/o Jayna Partain Lamar
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, AL 35203-2618
Email: jlamar@maynardcooper.com

Societe Generale
c/o Mark J. Fiekers
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC 20006
Email: mark.fiekers@ashurst.com

Societe Generale
c/o Joyce T. Gorman
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC 20006
Email: joyce.gorman@ashurst.com

State Street Bank and Trust Company
c/o William W. Kannel
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Email: wkannel@mintz.com

n.   Material holders of the County's general obligation warrants, as follows:

Bayerische Landesbank
560 Lexington Avenue
18th Floor
New York, NY 10022

JPMorgan Chase Bank
Attn: Michael Mak
60 Wall Street
New York, NY 10260

o.   The liquidity agent for certain of the non-recourse sewer warrants, as
follows:

JPMorgan Chase Bank, as Liquidity Agent
c/o John A. Henry, Jr.
Kutak Rock LLP
1801 California Street, Suite 3100
Denver, CO 80202
Email: john.henry@kutakrock.com

10

p.    Insurers of warrants issued by the County, as follows:

Financial Security Assurance
c/o Mark N. Berman
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
Email:  mberman@nixonpeabody.com

Financial Guaranty Insurance Company
c/o H. Slayton "Slate" Dabney, Jr.
King & Spaulding
1185 Avenue of the Americas
New York, NY  10036-4003
Email:  sdabney@kslaw.com

Syncora Guarantee, Inc.
c/o Quinn Emanuel Urquhart & Sullivan, LLP
Jonathan E. Pickhardt
Jake M. Shields
Jeffrey C. Berman
51 Madison Avenue, 22nd Floor
New York, NY 10010
jonpickhardt@quinnemanuel.com
jakeshields@quinnemanuel.com
jeffreyberman@quinnemanuel.com

National Public Finance Guarantee
c/o Adam Berganzi
Chief Risk Officer
113 King Street
Armonk, NY  10504
Email:  adam.berganzi@nationalpfg.com

q.    Pre-petition receiver for County's sewer system, as follows:

John S. Young, Jr. LLC, as Receiver
c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Timothy M. Lupinacci, Esq.
W. Patton Hahn, Esq.
1600 Wachovia Tower
Birmingham, AL 35203
Email: tlupinacci@bakerdonelson.com
Email: phahn@bakerdonelson.com

11

r.    Creditors and parties in interest who file with the Court and properly service on the County's Chapter 9 counsel a request for special service and notice; and

s.    Any party against whom direct relief is sought by motion or otherwise, such as the non-debtor counterparty to an executory contract or unexpired lease that the County may propose to assume or reject.

17.    <u>Updating of Master Service List</u>. If counsel for any of the parties on the Master Service List is to be added or replaced, the additional or replacement counsel may report this to the County by both filing with the Court and serving on the County's Chapter 9 counsel a request for special notice, including such counsel's e-mail address. Parties listed in the Master Service List for whom e-mail addresses are not listed above shall, to the extent available, promptly advise the County's Chapter 9 counsel in writing of their e-mail addresses to which notices should be sent. The County shall maintain and update from time to time the Master Service List, and file the same from time to time with the Court.

18.    <u>E-mail Service by the County</u>. The County may serve Documents upon the parties identified in the Master Service List by e-mail in accordance with the procedures set forth herein.[3] All Documents served by the County by e-mail shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the County may, in its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, or (b) email the party being served and include a notation that the Document cannot be annexed and

---

[3] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List on the date the order approving the Procedures is entered.

will be mailed only if requested. Service by e-mail shall be effective as of the date the Document is sent by e-mail to the address provided by a party. If service is done by e-mail, the County shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, e-mail service shall satisfy the Court's rules for service.

19. <u>Alternative Methods of Service</u>. If a party entitled to notice of a Pleading does not have an e-mail address or if the e-mail address of a party is not known by the County or if service is initially attempted by e-mail but is returned or "bounced" due to an incorrect e-mail address, that party shall be served by U.S. first class mail, overnight delivery, facsimile, or hand delivery (the choice being in the County's sole discretion).

20. <u>Additional Notice through Website</u>. Although the County believes the noticing procedures set forth above satisfy the applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, the County also proposes to have a website accessible through the City's current website (http://jeffconline.jccal.org/) through which material pleadings, orders, notices, lists, and other documents regarding the County's Chapter 9 case and the proceedings before this Court will be available for review by the public. The County requests that such website be maintained through the Clerk of this Court, as has been done in the past with other cases of national interest filed in this Court. Alternatively the County proposes to maintain this website through the use of the County's internal staff or through the assistance of a third-party vendor engaged by the County.

21. <u>Affidavits of Service</u>. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within (3) business days thereof either an affidavit of service or a certification of service annexing the list of parties that received notice.

13

1/1741425.5

Case 11-05736-TBB9   Doc 11   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc Main
13-53846-tjt   Doc 85-1   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 14 of 43

22.     Confidentiality.  Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under Section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case.

23.     Scope of Modification of Notice and Service Requirements.  The County does not propose in this Motion to modify the notice requirements set forth in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f).  In addition, the County has filed contemporaneously herewith a separate motion asking the Court to approve proposed procedures for providing the notices required pursuant to Section 923 of the Bankruptcy Code. The County reserves the right to request notice and service on different terms and conditions with respect to any particular matter.

**C.     Hearings and Related Procedural Matters.**

24.     Omnibus Hearings.  The County shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings shall be heard.  If Omnibus Hearings are scheduled, the following guidelines shall apply:

a.      Matters that may be Scheduled for Hearings other than Omnibus Hearings. Hearings in connection with (i) claims objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) plan confirmation, and (v) any other Pleadings filed by the County may be scheduled for dates other than the Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing

14

date that is at least 45 days after the filing of the complaint. Hearings on all other Pleadings filed by a party other than the County must be scheduled for an Omnibus Hearing, except as provided in subsection (b) of this paragraph.

b.  Emergency Relief. In the event that a matter is filed for which the filing party desires expedited relief prior to the next Omnibus Hearing Date, said party may request an emergency hearing for good cause shown in addition to or in lieu of the Omnibus Hearing Date.

25.  Hearings. Unless otherwise ordered by the Court (and except as provided below with respect to stay relief motions), all Pleadings shall be noticed for hearing on the next available Omnibus Hearing date that is at least twenty (20) days after such Pleading is filed and notice thereof is served on the appropriate parties. Notwithstanding the foregoing, if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a) and (b), the Pleading shall be scheduled for the next available Omnibus Hearing date following the expiration of the time period set forth in the rule.

26.  Telephonic Participation. The County proposes that, unless the Court determines otherwise, telephonic appearance at all hearings should be authorized, except that those appearing telephonically may not examine witnesses. All requests for telephonic appearances should be made to the Court's chambers at least one business day before the hearing.

27.  Objection Deadlines. Except as specifically provided otherwise herein, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (a) noon prevailing Central Time on the sixth (6th) business day prior to the hearing date for such Pleading or (b) any date otherwise ordered by the Court. The Objection Deadline may be extended with

15

1/1741425.5

the consent of the movant or applicant. The Objection will not be considered timely filed unless filed with the Court and received by the Master Service List on or before the applicable Objection Deadline.

28. <u>Deadline for Filing Reply</u>. Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before noon prevailing Central Time on the day that is two (2) business days before the hearing date for the Pleading with respect to which the Objection was filed.

29. <u>Examination of Witnesses at Hearings</u>. Unless otherwise ordered by the Court, no party, other than the County, will be permitted to examine a witness at any hearing on a contested matter in the County's bankruptcy case unless the party has timely and properly filed and served a Pleading, Objection, Reply or other Document, in accordance with the procedures set forth herein, that directly relates to such contested matter. Furthermore, parties appearing telephonically for hearings on contested matters may not examine witnesses.

30. <u>Agenda</u>. By approximately 4:00 p.m., prevailing Central Time on the day before a scheduled hearing, the County shall file with the Court an agenda setting forth each matter to be heard at the hearing, the objections filed, and whether such matter is contested, and shall serve the agenda by email on all parties on the Master Service List for whom the County has e-mail addresses. Agendas shall not be required where the County has less than forty-eight (48) hours' notice of the hearing. The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

31. <u>Settlements</u>. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may

1/1741425.5

Case 11-05736-TBB9   Doc 11   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc Main
13-53846-tjt   Doc 85-1   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 17 of 43

announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the County shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**D.**     **Automatic Stay Proceedings.**

    32.    <u>Hearings and Objection Deadlines</u>. Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to Section 362 of the Bankruptcy Code shall be noticed for consideration for the Omnibus Hearing that is at least twenty-five (25) days after the motion is filed and notice is served upon the County. Unless otherwise ordered by the Court, the objection deadline for the County shall be the later to occur of (i) twenty (20) days after the date of filing and service of the motion, or (ii) two (2) business days before the scheduled hearing.

    33.    <u>Automatic Relief Provision Inapplicable</u>. Notwithstanding Section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under Section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Section 362(d) of the Bankruptcy Code, and shall be deemed to

17

have waived its right to assert the termination of the automatic stay under Section 362(e) of the Bankruptcy Code.

34.     Reservation of Rights.  The County reserves all rights under Section 904 of the Bankruptcy Code.

## ARGUMENT

35.     Limiting notice in the manner described above is appropriate under the circumstances.  A blanket requirement of notice and service by mail on all creditors and parties in interest for all matters in the County's case will cause undue expense, inconvenience, and delay in the administration of the County's case.  With respect to matters related to the general administration of the County's case, the County can provide adequate notice and service by providing notice and service to the Master Service List.  Establishing notice and service requirements as set forth herein will best serve the interests of the County's creditors and other parties in interest.  To the extent the Court deems additional or alternative service may be required or prudent with respect to any matter, the Court may direct that such additional or alternative service be provided.

36.     Section 102(1)(A) of the Bankruptcy Code provides that all notice and hearing requirements in the Bankruptcy Code shall be construed as mandating such notice and opportunity for a hearing "as is appropriate in the particular circumstances."  The Court has the authority under Section 105(a) of the Bankruptcy Code to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  The Court is further authorized by Bankruptcy Rule 2002(m) to enter orders designating matters in respect to which, and the entities to whom, notices shall be sent pursuant to the provisions of the Bankruptcy Code. In addition, the Court has general authority to regulate notices pursuant Bankruptcy Rule 9007.

18

1/1741425.5

Case 11-05736-TBB9   Doc 11   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc Main
13-53846-tjt   Doc 85-1   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 19 of 43

The County submits that implementation of the Procedures is appropriate in this Chapter 9 case and within the Court's equitable powers under Section 105 of the Bankruptcy Code.

37.     Approval of the Procedures is in the best interests of the County and its creditors. In addition to the discharge of its ordinary duties, the County's personnel now carry the additional burdens imposed by the commencement of this Chapter 9 case. This burden is particularly onerous in light of the substantial reductions in force the County has implemented recently due to its financial problems. The Procedures, by authorizing the County to schedule Omnibus Hearing dates, establishing clear timelines for the filing of requests for relief, and allowing, with certain exceptions, electronic service, will assist the County's management in organizing the County's time and directing the attention of its personnel to issues raised in this Chapter 9 case. It will also reduce the cost of administration of this case.

38.     Similar procedures, including service by e-mail, have been approved in other chapter 9 and 11 cases. *See, e.g.*, *In re Dixie Pellets, Inc.*, Case No. 09-05411 (TOM) (Bankr. N.D. Ala. Sept. 30, 2009) [Docket No. 79]; *In re Moore-Handley, Inc., et al.*, Case No. 09-04198 (TBB) (Bankr. N.D. Ala. July 29, 2009) [Docket No. 75]; *In re City of Vallejo, California*, Case No. 2008-26813 (Bankr. E.D. Cal. May 29, 2008) [Docket No. 48]. The County submits that its circumstances warrant similar relief.

## CONCLUSION

39.     The County submits that the notice and service requirements proposed herein comport with due process and will ensure adequate and appropriate notice under the circumstances. The procedures provided for herein will prevent the wasteful and unnecessary depletion of the County's assets through global service of all notices, pleadings, and other Court documents on all creditors, equity security holders and other parties.

19

1/1741425.5

40.    Establishing notice and servicing requirements as set forth herein is in the best interests of the County, its creditors, and other parties in interest.

41.    The County files this Motion without prejudice to or waiver of its rights pursuant to Section 904 of the Bankruptcy Code, and nothing herein is intended as or shall be deemed to constitute the County's consent pursuant Section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the County, (b) any of the property or revenues of the County, or (c) the County's use or enjoyment of any income-producing property.

**WHEREFORE, PREMISES CONSIDERED,** the County respectfully requests the Court, pursuant to Sections 102(1)(A) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002(m), to enter an order in substantially the same form of the proposed order attached hereto:

A.    Approving the notice and service requirements and case management procedures as set forth above; and

B.    Granting such other, further and different relief as may be just and proper.

Respectfully submitted this the 9th day of November, 2011.

By: /s/ Jay Bender
**BRADLEY ARANT BOULT CUMMINGS LLP**
Counsel for Jefferson County, Alabama
Patrick Darby
Jay R. Bender
Chris Hawkins
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8500
pdarby@babc.com
jbender@babc.com
chawkins@babc.com

20

and

**KLEE, TUCHIN, BOGDANOFF & STERN
LLP**
Counsel for Jefferson County, Alabama
Kenneth Klee (*pro hac vice* motion pending)
Lee Bogdanoff (*pro hac vice* motion pending)
David Stern (*pro hac vice* motion pending)
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, CA 90067-5061
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
kklee@ktbslaw.com
lbogdanoff@ktbslaw.com
dstern@ktbslaw.com

**ATTORNEYS FOR JEFFERSON COUNTY,
ALABAMA**

1/1741425.5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2011, a copy of the foregoing and the exhibit thereto was served upon all parties identified on the attached service list by the means specified therein.

/s/ Jay Bender
OF COUNSEL

1/1741425.5

## MASTER SERVICE LIST

**VIA E-MAIL:**

| | |
|---|---|
| Jefferson County, Alabama<br>c/o Patrick Darby<br>c/o Jay Bender<br>Bradley Arant Boult Cummings LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>pdarby@babc.com<br>jbender@babc.com | Jefferson County Special Counsel<br>J.F. "Foster" Clark, Esq.<br>Balch & Bingham, LLC<br>1901 6th Avenue North<br>2600 AmSouth Harbert Plaza<br>Birmingham, AL 35203-4644<br>fclark@balch.com |
| Jefferson County, Alabama<br>c/o Kenneth Klee<br>c/o Lee Bogdanoff<br>Klee, Tuchin, Bogdanoff & Stern, LLP<br>1999 Avenue of the Stars, Thirty-Ninth Floor<br>Los Angeles, CA 90067-5061<br>kklee@ktbslaw.com<br>lbogdanoff@ktbslaw.com | Jefferson County Special Counsel<br>J. Hobson Presley, Jr.<br>Presley Burton & Collier, LLC<br>2801 Highway 280 South, Suite 700<br>Birmingham, AL 35223-2483<br>hpresley@presleyllc.com |
| Jefferson County Attorney<br>Jeffrey M. Sewell, County Attorney<br>Room 280, Jefferson County Courthouse<br>716 North Richard Arrington Jr. Blvd.<br>Birmingham, AL 35203<br>sewellj@jccal.org | Bankruptcy Administrator for the Northern District<br>of Alabama (Birmingham)<br>Office of the Bankruptcy Administrator<br>c/o J. Thomas Corbett, Esq.<br>United States Bankruptcy Court<br>Robert S. Vance Federal Building<br>1800 5th Ave. North<br>Birmingham AL 35203<br>Thomas_Corbett@alnaba.uscourts.gov |
| The Bank of New York Trust Company of Florida,<br>N.A., as Indenture Trustee<br>c/o Gerald F. Mace<br>Waller Lansden Dortch & Davis, LLP<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>gerald.mace@wallerlaw.com | The Bank of New York Trust Company of Florida,<br>N.A., as Indenture Trustee<br>c/o Larry Childs, Esq.<br>Waller Lansden Dortch & Davis, LLP<br>Regions Harbert Plaza<br>1901 Sixth Avenue North, Suite 1400<br>Birmingham, AL 35203<br>larry.childs@wallerlaw.com |
| U.S. Bank, National Association, as Paying Agent<br>2204 Lakeshore Drive Suite 302<br>Mail Code: EX-AL-WWPH<br>Homewood, AL 35209<br>felicia.cannon@usbank.com | JPMorgan Chase Bank, as Liquidity Agent<br>c/o John A. Henry, Jr.<br>Kutak Rock LLP<br>1801 California Street, Suite 3100<br>Denver, CO 80202<br>john.henry@kutakrock.com |

1/1741425.5

| | |
|---|---|
| Bank of America, N.A.<br>c/o David L. Eades<br>Moore & Van Allen, PLLC<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC  28202-4003<br>davideades@mvalaw.com | The Bank of New York Mellon<br>c/o Thomas C. Mitchell<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105-2669<br>tcmitchell@orrick.com |
| State Street Bank and Trust Company<br>c/o William W. Kannel<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo,<br>P.C.<br>One Financial Center<br>Boston, MA  02111<br>wkannel@mintz.com | The Bank of Nova Scotia<br>c/o James E. Spiotto<br>Chapman & Cutler LLP<br>111 West Monroe Street<br>Chicago, IL  60603-4080<br>spiotto@chapman.com |
| Lloyds TSB Bank PLC<br>c/o James E. Spiotto<br>Chapman & Cutler LLP<br>111 West Monroe Street<br>Chicago, IL  60603-4080<br>spiotto@chapman.com | JPMorgan Chase Bank<br>Steve M. Fuhrman, Esq.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY  10017<br>sfuhrman@stblaw.com |
| Societe Generale<br>c/o Mark J. Fiekers<br>c/o Joyce T. Gorman<br>Ashurst LLP<br>1725 I Street NW, Suite 300<br>Washington, DC  20006<br>mark.fiekers@ashurst.com<br>joyce.gorman@ashurst.com | Regions Bank<br>c/o Jayna Partain Lamar<br>Maynard Cooper & Gale, P.C.<br>AmSouth/Harbert Plaza, Suite 2400<br>1901 6th Avenue North<br>Birmingham, AL 35203-2618<br>jlamar@maynardcooper.com |
| Financial Security Assurance<br>c/o Mark N. Berman<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA  02110-2131<br>mberman@nixonpeabody.com | Financial Guaranty Insurance Company<br>c/o H. Slayton "Slate" Dabney, Jr.<br>King & Spaulding<br>1185 Avenue of the Americas<br>New York, NY  10036-4003<br>sdabney@kslaw.com |
| Syncora Guarantee, Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP<br>Jonathan E. Pickhardt<br>Jake M. Shields<br>Jeffrey C. Berman<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>jonpickhardt@quinnemanuel.com<br>jakeshields@quinnemanuel.com<br>jeffreyberman@quinnemanuel.com | Receiver for County's Sewer System<br>John S. Young, Jr. LLC, as Receiver<br>c/o  Baker,  Donelson,  Bearman,  Caldwell&<br>Berkowitz, P.C.<br>Timothy M. Lupinacci, Esq.<br>W. Patton Hahn, Esq.<br>1600 Wachovia Tower<br>Birmingham, AL 35203<br>tlupinacci@bakerdonelson.com<br>phahn@bakerdonelson.com |

1/1741425.5

| | |
|---|---|
| National Public Finance Guarantee<br>c/o Adam Bergonzi<br>Chief Risk Officer<br>113 King Street<br>Armonk, NY 10504<br>adam.bergonzi@nationalpfg.com | |

**VIA OVERNIGHT COURIER:**

| | |
|---|---|
| Cooper Shattuck, Esq.<br>Legal Advisor<br>Office of the Governor<br>State of Alabama<br>Office of the Governor<br>State Capitol, Room N-104<br>600 Dexter Avenue<br>Montgomery, AL 36130 | David Perry, Esq.<br>Finance Director<br>Office of the Governor<br>State of Alabama<br>Office of the Governor<br>State Capitol, Room N-104<br>600 Dexter Avenue<br>Montgomery, AL 36130 |
| Luther Strange, Esq.<br>Attorney General<br>State of Alabama<br>501 Washington Avenue<br>Montgomery, AL 36130 | Alabama Department of Environmental<br>Management<br>c/o Tom Johnston, Esq.<br>General Counsel<br>P. O. Box 301463<br>Montgomery AL 36130-1463 |
| Environmental Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460 | Environmental Protection Agency<br>Atlanta Federal Center<br>61 Forsyth Street, SW<br>Atlanta, GA 30303-3104 |
| The Securities and Exchange Commission<br>SEC Headquarters<br>100 F Street, NE<br>Washington, DC 20549 | Internal Revenue Service<br>Centralized Insolvency Operation<br>Post Office Box 21126<br>Philadelphia, PA 19114-0326 |
| JPMorgan Chase Bank<br>Attn: Michael Mak<br>60 Wall Street<br>New York, NY 10260 | Bayerische Landesbank<br>560 Lexington Avenue<br>18th Floor<br>New York, NY 10022<br>Attn: Francis X. Doyle<br>Second Vice President |
| The Depository Trust Company, on behalf of the<br>holders of the Jefferson County, Alabama, General<br>Obligation Capital Improvement Warrants, Series<br>2003-A and 2004-A<br>55 Water Street<br>New York, NY 10041 | JPMorgan Chase Bank<br>60 Wall Street<br>New York, NY 10260<br>Attn: William A. Austin |

25

1/1741425.5

| | |
|---|---|
| Shoe Station, Inc.<br>Attn: Michael T. Cronin, Esq.<br>Johnson Pope Bokor Ruppel & Burns, LLP<br>911 Chestnut Street<br>Clearwater, FL 33576 | U.S. Bank, National Association (as successor to SouthTrust Bank), as paying agent<br>Attn: Felicia Cannon<br>2204 Lakeshore Drive Suite 302<br>Mail Code: EX-AL-WWPH<br>Homewood AL 35209 |
| The Bank of New York Mellon Trust Company, N.A. (f/k/a The Bank of New York Trust Company of Florida, N.A.), as registrar, transfer agent and paying agent<br>Attn: Charles S. Northen, IV<br>505 N. 20th Street<br>Suite 950<br>Birmingham, AL 35203 | National Public Finance Guarantee Corp. (f/k/a MBIA Insurance Corp.), as insurer of the General Obligation Capital Improvement and Refunding Warrants, 2003-A and Series 2004-A<br>Attn: Daniel McManus, General Counsel<br>113 King Street<br>Armonk, NY 10504 |
| Morris & Dickson Co LLC<br>P.O. Box 51367<br>Shreveport, LA 71135-1367 | City of Hoover<br>P.O. Box 360628<br>Hoover, AL 35236-0628 |
| University of Alabama Health Services Foundation, P.C.<br>P.O. Box 55309<br>Birmingham, AL 35255-5309 | Beckman Coulter<br>Dept. CH10164<br>Palatine, IL 60055-0164 |
| AMT Medical Staffing, Inc.<br>P.O. Box 12105<br>Birmingham, AL 35202 | Teklinks Inc.<br>201 Summit Parkway<br>Homewood, AL 35209 |
| UAB Health System<br>619 19th Street South<br>Jefferson Tower, Room J306<br>Birmingham, AL 35249-6805 | AMSOL<br>P.O. Box 6633<br>High Point, NC 27262 |
| AMCAD<br>15867 North Mountain Road<br>Broadway, VA 22815 | Augmentation, Inc.<br>3415 Independence Drive, Suite 101<br>Birmingham, AL 35209-8315 |
| John Plott Company Inc.<br>2804 Rice Mine Road NE<br>Tuscaloosa, AL 35406 | Brice Building Co., LLC<br>201 Sunbelt Parkway<br>Birmingham, AL 35211 |
| Universal Hospital Services<br>P.O. Box 86<br>Minneapolis, MN 55486-0940 | Laboratory Corporation of America<br>P.O. Box 12140<br>Burlington, NC 27216-2140 |
| Medical Data Systems Inc.<br>2001 9th Avenue<br>Suite 312<br>Vero Beach, FL 32963 | |

1/1741425.5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFERSON COUNTY, ALABAMA, | ) | Case No. 11-5736-TBB-9 |
| a political subdivision of the State of | ) | |
| Alabama, | ) | Chapter 9 Proceeding |
| | ) | |
| Debtor. | ) | |

## ORDER ESTABLISHING NOTICE, SERVICE, AND CASE MANAGEMENT PROCEDURES PURSUANT TO 11 U.S.C. §§ 102(1)(A) AND 105(a) AND BANKRUPTCY RULE 2002(m)

THIS MATTER came before the Court for hearing on the County's Motion to Establish Notice, Service, and Case Management Procedures Pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Bankruptcy Rules 2002(m) and 9007 (the "Motion").[1]  Based on the pleadings of record, the arguments and representations of counsel, all other matters brought before the Court, and for good cause shown, the Court finds, determines and concludes that notice of the relief requested in the Motion was good and sufficient under the particular circumstances; the relief sought in the Motion is in the best interests of the County, its creditors, and all parties in interest; the legal and factual grounds set forth in the Motion establish just cause for the relief granted herein; and the Motion is due to be **GRANTED**.

**WHEREFORE**, based upon the foregoing findings of fact and conclusions of law, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion is granted; and it is further

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

1/2188723.3

1

**ORDERED, ADJUDGED and DECREED** that broad notice and service requirements would impose onerous expense and administrative requirements upon the County and would be unduly burdensome to the County; and it is further

**ORDERED, ADJUDGED and DECREED** that the Bankruptcy Code and the Bankruptcy Rules provide this Court with authority to establish noticing and servicing procedures that are tailored to fit the specific needs of the County's case and reduce the costs of providing notice; and it is further

**ORDERED, ADJUDGED and DECREED** that, effective as of the Filing Date, the following noticing and servicing procedures (the "Procedures") are implemented in the County's case:

A.     **Filing Procedures.**

1.     <u>Filing</u>.  All notices, motions, pleadings, applications, other requests for relief and all documents filed in support thereof (collectively, the "Pleadings") in the County's case, and the filing of any objections ("Objections") or replies thereto (the "Replies" and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of the County's Chapter 9 bankruptcy case as styled above, pursuant to the Court's Administrative Order No. 04-1 (http://www.alnb.uscourts.gov/forms/admin0401.pdf).     The Documents shall be noticed and served in accordance with the procedures set forth below.

2.     <u>Notices of Appearance</u>.  Any creditor, equity interest holder, or party in interest that wishes to receive notice in this Chapter 9 case and is not otherwise entitled to notice pursuant to the procedures set forth herein shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b).  The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable;

2

1/2188723.3

Case 11-05736-TBB9    Doc 11-1    Filed 11/09/11    Entered 11/09/11 19:08:23    Desc
13-53846-tjt    Doc 85-1    Filed 07/23/13    Entered 07/23/13 17:14:21    Page 29 of 43

(c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; (e) the party's relationship to the County's case, i.e., trade creditor, warrant holder, interested party; and (f) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in this Chapter 9 case shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 that does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, with the choice of the mode of service to be made by the County in the County's sole discretion.

**B.**     **Service and Noticing Procedures.**

    3.     <u>Master Service List</u>. With respect to all matters or proceedings other than those described in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f), all Documents need be served only upon the following parties (the "Master Service List"):

        a.     The County's Chapter 9 counsel:

Patrick Darby
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Email: pdarby@babc.com

Jay Bender
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Email: jbender@babc.com

Kenneth Klee
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, CA 90067-5061

Email: kklee@ktbslaw.com

Lee Bogdanoff
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, CA 90067-5061
Email: lbogdanoff@ktbslaw.com

b.  The County's special counsel, as follows:

J. F. "Foster" Clark, Esq.
Balch & Bingham LLP
1901 6th Avenue North
2600 AmSouth Harbert Plaza
Birmingham, AL 35203-4644
Email: fclark@balch.com

J. Hobson Presley, Jr.
Presley Burton & Collier, LLC
2801 Highway 280 South, Suite 700
Birmingham, AL 35223-2483
Email: hpresley@presleyllc.com

c.  The County Attorney:

Jeffrey M. Sewell, County Attorney
Room 280, Jefferson County Courthouse
716 North Richard Arrington Jr. Blvd.
Birmingham, AL 35203
Email: sewellj@jccal.org

d.  Counsel for any official committee appointed pursuant to Section 1102 of
the Bankruptcy Code (as made applicable by Section 901 of the
Bankruptcy Code) or, absent and prior to the appointment of any such
committee, to each of the creditors included on the list of creditors holding
the twenty largest unsecured claims as filed by the County;

e.  The Bankruptcy Administrator, as follows:

Office of the Bankruptcy Administrator
c/o J. Thomas Corbett, Esq.
United States Bankruptcy Court
Robert S. Vance Federal Building
1800 5th Ave. North
Birmingham AL 35203
E-mail: Thomas_Corbett@alnba.uscourts.gov

4

1/2188723.3

Case 11-05736-TBB9   Doc 11-1   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc
13-53846-tjt   Doc 85-1   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 31 of 43

f. The Office of the Governor of the State of Alabama, as follows:

Cooper Shattuck, Esq.
Legal Advisor
Office of the Governor
State of Alabama
Office of the Governor
State Capitol, Room N-104
600 Dexter Avenue
Montgomery, AL 36130

David Perry, Esq.
Finance Director
Office of the Governor
State of Alabama
Office of the Governor
State Capitol, Room N-104
600 Dexter Avenue
Montgomery, AL 36130

g. The Office of the Attorney General of the State of Alabama:

Luther Strange, Esq.
Attorney General
State of Alabama
501 Washington Avenue
Montgomery, AL 36130

h. ADEM, as follows:

Alabama Dept. of Environmental Management
Tom Johnston Esq.
General Counsel
P. O. Box 301463
Montgomery AL 36130-1463
Phone: (334) 271-7855
Fax: (334) 394-4332

i. The EPA, as follows:

Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

5

Environmental Protection Agency
Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303-3104

j.     The Securities and Exchange Commission:

SEC Headquarters
100 F Street, NE
Washington, DC 20549

k.     The Internal Revenue Service, as follows:

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 21126
Philadelphia, PA 19114-0326

l.     The indenture trustees and paying agents for the County's warrant holders, as follows:

The Bank of New York Trust Company of Florida, N.A., and Indenture Trustee
c/o Gerald F. Mace
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Email: gerald.mace@wallerlaw.com

The Bank of New York Trust Company of Florida, N.A., as Indenture Trustee
c/o Larry Childs, Esq.
Waller Lansden Dortch & Davis, LLP
Regions Harbert Plaza
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Email: larry.childs@wallerlaw.com

U.S. Bank, National Association, as Paying Agent
2204 Lakeshore Drive Suite 302
Mail Code: EX-AL-WWPH
Homewood, AL 35209
Email: felicia.cannon@usbank.com

6

1/2188723.3

Case 11-05736-TBB9   Doc 11-1   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc
13-53846-tjt   Doc 85-1   Filed 07/22/13   Proposed Order   Entered 07/22/13 17:14:21   Page 33 of 43

m.   Material holders of the County's non-recourse sewer warrants, as follows:

Bank of America, N.A.
c/o David L. Eades
Moore & Van Allen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Email:  davideades@mvalaw.com

The Bank of New York Mellon
c/o Thomas C. Mitchell
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Email:  tcmitchell@orrick.com

The Bank of Nova Scotia  and Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL  60603-4080
Email:  spiotto@chapman.com

JPMorgan Chase Bank
Steve M. Fuhrman, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
Email:  sfuhrman@stblaw.com

Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL  60603-4080
Email:  spiotto@chapman.com

Regions Bank
c/o Jayna Partain Lamar
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, AL 35203-2618
Email:  jlamar@maynardcooper.com

1/2188723.3

Case 11-05736-TBB9   Doc 11-1   Filed 11/09/11   Entered 11/09/11 19:08:23   Desc
13-53846-tjt   Doc 85-1   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 34 of 43

Societe Generale
c/o Mark J. Fiekers
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC 20006
Email: mark.fiekers@ashurst.com

Societe Generale
c/o Joyce T. Gorman
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC 20006
Email: joyce.gorman@ashurst.com

State Street Bank and Trust Company
c/o William W. Kannel
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Email: wkannel@mintz.com

n.     Material holders of the County's general obligation warrants, as follows:

Bayerische Landesbank
560 Lexington Avenue
18th Floor
New York, NY 10022

JPMorgan Chase Bank
60 Wall Street
New York, NY 10260
Attn: Michael Mak

o.     The liquidity agent for certain of the non-recourse sewer warrants, as follows:

JPMorgan Chase Bank, as Liquidity Agent
c/o John A. Henry, Jr.
Kutak Rock LLP
1801 California Street, Suite 3100
Denver, CO 80202
Email: john.henry@kutakrock.com

8

p.    Insurers of warrants issued by the County, as follows:

Financial Security Assurance
c/o Mark N. Berman
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
Email:  mberman@nixonpeabody.com

Financial Guaranty Insurance Company
c/o H. Slayton "Slate" Dabney, Jr.
King & Spaulding
1185 Avenue of the Americas
New York, NY  10036-4003
Email:  sdabney@kslaw.com

Syncora Guarantee, Inc.
c/o Quinn Emanuel Urquhart & Sullivan, LLP
Jonathan E. Pickhardt
Jake M. Shields
Jeffrey C. Berman
51 Madison Avenue, 22nd Floor
New York, NY 10010
jonpickhardt@quinnemanuel.com
jakeshields@quinnemanuel.com
jeffreyberman@quinnemanuel.com

National Public Finance Guarantee
c/o Adam Berganzi
Chief Risk Officer
113 King Street
Armonk, NY  10504
Email:  adam.berganzi@nationalpfg.com

q.    Receiver for County's sewer-system:

John S. Young, Jr. LLC, as Receiver
c/o Baker, Donelson, Bearman, Caldwell& Berkowitz, P.C.
Timothy M. Lupinacci, Esq.
W. Patton Hahn, Esq.
1600 Wachovia Tower
Birmingham, AL 35203
Email:  tlupinacci@bakerdonelson.com
Email:  phahn@bakerdonelson.com

9

1/2188723.3

r.     Creditors and parties in interest who file with the Court and properly service on the County's Chapter 9 counsel a request for special service and notice; and

s.     Any party against whom direct relief is sought by motion or otherwise, such as the non-debtor counterparty to an executory contract or unexpired lease that the County may propose to assume or reject.

4.     <u>Updating of Master Service List</u>. If counsel for any of the parties on the Master Service List is to be added or replaced, the additional or replacement counsel may report this to the County by both filing with the Court and serving on the County's Chapter 9 counsel a request for special notice, including such counsel's e-mail address. Parties listed in the Master Service List for whom e-mail addresses are not listed above shall, to the extent available, promptly advise the County's Chapter 9 counsel in writing of their e-mail addresses to which notices should be sent. The County shall maintain and update from time to time the Master Service List, and file the same from time to time with the Court.

5.     <u>E-mail Service by the County</u>. The County may serve Documents upon the parties identified in the Master Service List by e-mail in accordance with the procedures set forth herein.[2] All Documents served by the County by e-mail shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the County may, in its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, or (b) email the party being served and include a notation that the Document cannot be annexed and

---

[2] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List on the date the order approving the Procedures is entered.

1/2188723.3

will be mailed only if requested. Service by e-mail shall be effective as of the date the Document is sent by e-mail to the address provided by a party. If service is done by e-mail, the County shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, e-mail service shall satisfy the Court's rules for service.

6.    <u>Alternative Methods of Service</u>. If a party entitled to notice of a Pleading does not have an e-mail address or if the e-mail address of a party is not known by the County or if service is initially attempted by email but returned or "bounced" due to an incorrect e-mail address, that party shall be served by U.S. first class mail, overnight delivery, facsimile, or hand delivery (the choice being in the County's sole discretion).

7.    <u>Additional Notice through Website</u>. The Clerk of the Court shall establish and maintain a website accessible through the Court's website located at <u>www.alnb.uscourts.gov</u> through which material pleadings, orders, notices, lists and other documents regarding the County's Chapter 9 case and the proceedings before this Court will be available for review by the public. The County shall provide a link to the clerk's website on the County's main website, <u>www.jeffcoonline.jccal.org</u>.

8.    <u>Affidavits of Service</u>. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within (3) business days thereof either an affidavit of service or a certification of service annexing the list of parties that received notice.

9.    <u>Confidentiality</u>. Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under Section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial

1/2188723.3

information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case.

10.     Scope of Modification of Notice and Service Requirements.  These procedures do not modify the notice requirements set forth in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f).  The County maintains its right to request notice and service on different terms and conditions with respect to any particular matter.

**C.     Hearings and Related Procedural Matters.**

11.     Omnibus Hearings.  The County shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings shall be heard.  If Omnibus Hearings are scheduled, the following guidelines shall apply:

        a.     Matters that may be Scheduled for Hearings other than Omnibus Hearings. Hearings in connection with (i) claims objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) plan confirmation, and (v) any other Pleadings filed by the County may be scheduled for dates other than the Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint.  Hearings on all other Pleadings filed by a party other than the County must be scheduled for an Omnibus Hearing, except as provided in subsection (b) of this paragraph.

        b.     Emergency Relief.  In the event that a matter is filed for which the filing party desires expedited relief prior to the next Omnibus Hearing Date, said

12

1/2188723.3

party may request an emergency hearing for good cause shown in addition to or in lieu of the Omnibus Hearing Date.

12. _Hearings_. Unless otherwise ordered by the Court (and except as provided below with respect to stay relief motions), all Pleadings shall be noticed for hearing on the next available Omnibus Hearing date that is at least twenty (20) days after such Pleading is filed and notice thereof is served on the appropriate parities. Notwithstanding the foregoing, if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a) and (b), the Pleading shall be scheduled for the next available Omnibus Hearing date following the expiration of the time period set forth in the rule.

13. _Telephonic Participation_. Unless the Court determines otherwise, telephonic appearance at all hearings should be authorized, except that those appearing telephonically may not examine witnesses. All requests for telephonic appearances should be made to the Court's chambers at least one business day before the hearing.

14. _Objection Deadlines_. Except as specifically provided otherwise herein, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (a) noon prevailing central time on the sixth (6th) business day prior to the hearing date for such Pleading or (b) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely filed unless filed with the Court and received by the Master Service List on or before the applicable Objection Deadline.

15. _Deadline for Filing Reply_. Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or

1/2188723.3

before noon prevailing central time on the day that is two (2) business days before the hearing date for the Pleading with respect to which the Objection was filed.

16.    Examination of Witnesses at Hearings.  Unless otherwise ordered by the Court, no party, other than the County, will be permitted to examine a witness at any hearing on a contested matter in the County's bankruptcy case unless the party has timely and properly filed and served a Pleading, Objection, Reply or other Document, in accordance with the procedures set forth herein, that directly relates to such contested matter.  Furthermore, parties appearing telephonically for hearings on contested matters may not examine witnesses.

17.    Agenda.  By approximately 4:00 p.m. prevailing central time on the day before a scheduled hearing, the County shall file with the Court an agenda setting forth each matter to be heard at the hearing, the objections filed, and whether such matter is contested, and shall serve the agenda by email on all parties on the Master Service List for whom the County has e-mail addresses.  Agendas shall not be required where the County has less than forty-eight (48) hours' notice of the hearing.  The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

18.    Settlements.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that

14

1/2188723.3

Case 11-05736-TBB9    Doc 11-1    Filed 11/09/11    Entered 11/09/11 19:08:23    Desc
13-53846-tjt    Doc 85-1    Filed 07/22/13    Proposed Order    Entered 07/22/13 17:14:21    Page 41 of 43

additional or supplemental notice is required, the County shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**D.**     **Automatic Stay Proceedings.**

19.     <u>Hearings and Objection Deadlines</u>.  Notwithstanding anything contained herein, motions for relief from the automatic stay filed pursuant to Section 362 of the Bankruptcy Code shall be noticed for consideration for the Omnibus Hearing that is at least twenty-five (25) days after the motion is filed and notice is served upon the County.  Unless otherwise ordered by the Court, the objection deadline for the County shall be the later to occur of (i) twenty (20) days after the date of filing and service of the motion, or (ii) two (2) business days before the scheduled hearing.

20.     <u>Automatic Relief Provision Inapplicable</u>.  Notwithstanding Section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under Section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under Section 362(e) of the Bankruptcy Code.

and it is further;

**ORDERED, ADJUDGED and DECREED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

15

1/2188723.3

Case 11-05736-TBB9    Doc 11-1    Filed 11/09/11    Entered 11/09/11 19:08:23    Desc
13-53846-tjt    Doc 85-1    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 42 of 43

**ORDERED, ADJUDGED and DECREED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

**ORDERED, ADJUDGED and DECREED** that this Order is without prejudice to the rights of the County pursuant to Section 904 of the Bankruptcy Code, and nothing herein is intended as or shall be deemed to constitute the County's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (1) any of the political or governmental powers of the County, (2) any of the property or revenues of the County, or (3) the County's use or enjoyment of any income-producing property.

**DONE AND ORDERED** this the _____ day of _____, 2011.

_____
UNITED STATES BANKRUPTCY JUDGE

1/2188723.3