Exhibit B

*Order Establishing Notice, Service and Case Management Procedures
Pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Bankruptcy Rule 2002(m),
In re Jefferson Cnty., Ala., Case No. 11-5736,
Docket. No. 89 (Bankr. N.D. Ala. Nov. 11, 2011)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFERSON COUNTY, ALABAMA, | ) | Case No. 11-5736-TBB-9 |
| a political subdivision of the State of | ) | |
| Alabama, | ) | Chapter 9 Proceeding |
| | ) | |
| Debtor. | ) | |

ORDER ESTABLISHING NOTICE, SERVICE, AND CASE MANAGEMENT
PROCEDURES PURSUANT TO 11 U.S.C. §§ 102(1)(A) AND 105(a)
AND BANKRUPTCY RULE 2002(m)

THIS MATTER came before the Court for hearing on the County's Motion to Establish Notice, Service, and Case Management Procedures Pursuant to 11 U.S.C. §§ 102(1)(A) and 105(a) and Bankruptcy Rules 2002(m) and 9007 (the "Motion").[1] Based on the pleadings of record, the arguments and representations of counsel, all other matters brought before the Court, and for good cause shown, the Court finds, determines and concludes that notice of the relief requested in the Motion was good and sufficient under the particular circumstances; the relief sought in the Motion is in the best interests of the County, its creditors, and all parties in interest; the legal and factual grounds set forth in the Motion establish just cause for the relief granted herein; and the Motion is due to be **GRANTED**.

WHEREFORE, based upon the foregoing findings of fact and conclusions of law, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion is granted; and it is further

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

1

1/2188723.5

**ORDERED, ADJUDGED and DECREED** that broad notice and service requirements would impose onerous expense and administrative requirements upon the County and would be unduly burdensome to the County; and it is further

**ORDERED, ADJUDGED and DECREED** that the Bankruptcy Code and the Bankruptcy Rules provide this Court with authority to establish noticing and servicing procedures that are tailored to fit the specific needs of the County's case and reduce the costs of providing notice; and it is further

**ORDERED, ADJUDGED and DECREED** that, effective as of the Filing Date, the following noticing and servicing procedures (the "Procedures") are implemented in the County's case:

**A.** <u>**Filing Procedures.**</u>

1. <u>Filing</u>. All notices, motions, pleadings, applications, other requests for relief and all documents filed in support thereof (collectively, the "Pleadings") in the County's case, and the filing of any objections ("Objections") or replies thereto (the "Replies" and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of the County's Chapter 9 bankruptcy case as styled above, pursuant to the Court's Administrative Order No. 04-1 (http://www.alnb.uscourts.gov/forms/admin0401.pdf). The Documents shall be noticed and served in accordance with the procedures set forth below.

2. <u>Notices of Appearance</u>. Any creditor or party in interest that wishes to receive notice in this Chapter 9 case and is not otherwise entitled to notice pursuant to the procedures set forth herein shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the

2

1/2188723.5

Case 11-05736-TBB9 Doc 89 Filed 11/11/11 Entered 11/11/11 13:51:50 Desc Main
13-53846-tjt Doc 85-2 Filed 07/22/13 Entered 07/22/13 17:14:21 Page 3 of 19

requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery; (e) the party's relationship to the County's case, i.e., trade creditor, warrant holder, interested party; and (f) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in this Chapter 9 case shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 that does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, with the choice of the mode of service to be made by the County in the County's sole discretion.

B.  **Service and Noticing Procedures.**

3.  <u>Master Service List</u>. With respect to all matters or proceedings other than those described in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f), all Documents need be served only upon the following parties (the "Master Service List"):

   a.  The County's Chapter 9 counsel:

   Patrick Darby
   Bradley Arant Boult Cummings LLP
   1819 Fifth Avenue North
   Birmingham, AL 35203
   Email: pdarby@babc.com

   Jay Bender
   Bradley Arant Boult Cummings LLP
   1819 Fifth Avenue North
   Birmingham, AL 35203
   Email: jbender@babc.com

   Kenneth Klee
   Klee, Tuchin, Bogdanoff & Stern LLP
   1999 Avenue of the Stars, Thirty-Ninth Floor
   Los Angeles, CA 90067-5061

3

1/2188723.5

Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
13-53846-tjt    Doc 85-2    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 4 of 19
                            Document    Page 3 of 13

Email: kklee@ktbslaw.com

Lee Bogdanoff
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, CA 90067-5061
Email: lbogdanoff@ktbslaw.com

b. The County's special counsel, as follows:

J. F. "Foster" Clark, Esq.
Balch & Bingham LLP
1901 6th Avenue North
2600 AmSouth Harbert Plaza
Birmingham, AL 35203-4644
Email: fclark@balch.com

J. Hobson Presley, Jr.
Presley Burton & Collier, LLC
2801 Highway 280 South, Suite 700
Birmingham, AL 35223-2483
Email: hpresley@presleyllc.com

c. The County Attorney:

Jeffrey M. Sewell, County Attorney
Room 280, Jefferson County Courthouse
716 North Richard Arrington Jr. Blvd.
Birmingham, AL 35203
Email: sewellj@jccal.org

d. Counsel for any official committee appointed pursuant to Section 1102 of the Bankruptcy Code (as made applicable by Section 901 of the Bankruptcy Code) or, absent and prior to the appointment of any such committee, to each of the creditors included on the list of creditors holding the twenty largest unsecured claims as filed by the County;

e. The Bankruptcy Administrator, as follows:

Office of the Bankruptcy Administrator
c/o J. Thomas Corbett, Esq.
United States Bankruptcy Court
Robert S. Vance Federal Building
1800 5th Ave. North
Birmingham AL 35203
E-mail: Thomas_Corbett@alnba.uscourts.gov

4

1/2188723.5

Case 11-05736-TBB9   Doc 89   Filed 11/11/11   Entered 11/11/11 13:51:50   Desc Main
13-53846-tjt   Doc 85-2   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 5 of 19

f. The Office of the Governor of the State of Alabama, as follows:

Cooper Shattuck, Esq.
Legal Advisor
Office of the Governor
State of Alabama
Office of the Governor
State Capitol, Room N-104
600 Dexter Avenue
Montgomery, AL 36130

David Perry, Esq.
Finance Director
Office of the Governor
State of Alabama
Office of the Governor
State Capitol, Room N-104
600 Dexter Avenue
Montgomery, AL 36130

g. The Office of the Attorney General of the State of Alabama:

Luther Strange, Esq.
Attorney General
State of Alabama
501 Washington Avenue
Montgomery, AL 36130

h. ADEM, as follows:

Alabama Dept. of Environmental Management
Tom Johnston Esq.
General Counsel
P. O. Box 301463
Montgomery AL 36130-1463
Phone: (334) 271-7855
Fax: (334) 394-4332

i. The EPA, as follows:

Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

5

1/2188723.5

Case 11-05736-TBB9  Doc 89  Filed 11/11/11  Entered 11/11/11 13:51:50  Desc Main
13-53846-tjt  Doc 85-2  Filed 07/22/13  Document  Entered 07/22/13 17:14:21  Page 5 of 17  Page 6 of 19

    Environmental Protection Agency
    Atlanta Federal Center
    61 Forsyth Street, SW
    Atlanta, GA 30303-3104

j. The Securities and Exchange Commission, as follows:

    SEC Headquarters
    100 F Street, NE
    Washington, DC 20549

k. The Internal Revenue Service, as follows:

    Internal Revenue Service
    Centralized Insolvency Operation
    Post Office Box 21126
    Philadelphia, PA 19114-0326

l. The indenture trustees and paying agents for the County's warrant holders, as follows:

    The Bank of New York Mellon, as Indenture Trustee
    c/o Gerald F. Mace, Esq.
    Michael R. Paslay, Esq.
    Waller Lansden Dortch & Davis, LLP
    511 Union Street, Suite 2700
    Nashville, TN 37219
    gerald.mace@wallerlaw.com
    Mike.Paslay@wallerlaw.com

    The Bank of New York Mellon, as Indenture Trustee
    c/o Larry Childs, Esq.
    Waller Lansden Dortch & Davis, LLP
    Regions Harbert Plaza
    1901 Sixth Avenue North, Suite 1400
    Birmingham, AL 35203
    Email: larry.childs@wallerlaw.com

    U.S. Bank, National Association, as Paying Agent
    2204 Lakeshore Drive Suite 302
    Mail Code: EX-AL-WWPH
    Homewood, AL 35209
    Email: felicia.cannon@usbank.com

6

1/2188723.5

Case 11-05736-TBB9 Doc 89 Filed 11/11/11 Entered 11/11/11 13:51:50 Desc Main
13-53846-tjt Doc 85-2 Filed 07/22/13 Entered 07/22/13 17:14:21 Page 7 of 19

m. Material holders of the County's non-recourse sewer warrants, as follows:

Bank of America, N.A.
c/o David L. Eades
Moore & Van Allen, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Email: davideades@mvalaw.com

The Bank of New York Mellon
c/o Thomas C. Mitchell
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Email: tcmitchell@orrick.com

The Bank of Nova Scotia and Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Email: spiotto@chapman.com

JPMorgan Chase Bank
Steve M. Fuhrman, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: sfuhrman@stblaw.com

Lloyds TSB Bank PLC
c/o James E. Spiotto
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Email: spiotto@chapman.com

Regions Bank
c/o Jayna Partain Lamar
Maynard Cooper & Gale, P.C.
AmSouth/Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, AL 35203-2618
Email: jlamar@maynardcooper.com

7

1/2188723.5

Case 11-05736-TBB9   Doc 89   Filed 11/11/11   Entered 11/11/11 13:51:50   Desc Main
Document   Page 7 of 17
13-53846-tjt   Doc 85-2   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 8 of 19

Societe Generale
c/o Mark J. Fiekers
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC 20006
Email: mark.fiekers@ashurst.com

Societe Generale
c/o Joyce T. Gorman
Ashurst LLP
1725 I Street NW, Suite 300
Washington, DC 20006
Email: joyce.gorman@ashurst.com

Societe Generale
c/o Jack Rose
Ashurst
7 Times Square
New York, NY 10036
Email: Jack.rose@ashurst.com

State Street Bank and Trust Company
c/o William W. Kannel
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Email: wkannel@mintz.com

n. Material holders of the County's general obligation warrants, as follows:

Bayern LB
c/o Joseph Campagna
Vice President
560 Lexington Avenue
New York, New York 10022
E-mail: jcampagna@bayernlbny.com

Bayern LB
c/o Edward A. Smith
Venable
Rockefeller Center
1270 Avenue of the Americas
Twenty-fifth Floor
New York, NY 10020
Email: EASmith@Venable.com

8

1/21887723.5

Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
13-53846-tjt    Doc 85-2    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 9 of 19

Bayerische Landesbank
560 Lexington Avenue
18th Floor
New York, NY 10022

JPMorgan Chase Bank
Attn: Michael Mak
60 Wall Street
New York, NY 10260

o. The liquidity agent for certain of the non-recourse sewer warrants, as follows:

JPMorgan Chase Bank, as Liquidity Agent
c/o Steve Fuhrman
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Email: sfuhrman@stblaw.com

p. Insurers of warrants issued by the County, as follows:

Assured Guaranty Municipal Corp.
c/o Winston & Strawn LLP
Lawrence A. Larose, Esq.
Samuel S. Kohn, Esq.
Sarah L. Trum, Esq.
200 Park Avenue
New York, New York 10166-4193
llarose@winston.com
skohn@winston.com
strum@winston.com

Assured Guaranty Municipal Corp.
c/o Mark P. Williams
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama 35203
E-mail: mpwilliams@nwkt.com

9

1/2188723.5

Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
13-53846-tjt    Doc 85-2    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 10 of 19

Financial Guaranty Insurance Company
c/o H. Slayton "Slate" Dabney, Jr.
King & Spaulding
1185 Avenue of the Americas
New York, NY 10036-4003
Email: sdabney@kslaw.com

Financial Guaranty Insurance Company
c/o Richard Patrick Carmody
Adams and Reese, LLP
2100 3rd Ave N Ste 1100
Birmingham, AL 35203-3385
E-mail: richard.carmody@arlaw.com

Syncora Guarantee, Inc.
c/o Quinn Emanuel Urquhart & Sullivan, LLP
Jonathan E. Pickhardt
Jake M. Shields
51 Madison Avenue, 22nd Floor
New York, NY 10010
jonpickhardt@quinnemanuel.com
jakeshields@quinnemanuel.com

National Public Finance Guarantee
c/o Adam Berganzi
Chief Risk Officer
113 King Street
Armonk, NY 10504
Email: adam.berganzi@nationalpfg.com

q. Receiver of Jefferson County Sewer System, as follows:

John S. Young, Jr. LLC, as Receiver
c/o Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Timothy M. Lupinacci, Esq.
W. Patton Hahn, Esq.
1600 Wachovia Tower
Birmingham, AL 35203
Email: tlupinacci@bakerdonelson.com
Email: phahn@bakerdonelson.com

r. The Jefferson County Personnel Board, as follows:

Jefferson County Personnel Board
c/o Lee R. Benton
Benton & Centeno, LLP

10

1/2188723.5

Case 11-05736-TBB9   Doc 89   Filed 11/11/11   Entered 11/11/11 13:51:50   Desc Main
                               Document      Page 10 of 17
13-53846-tjt   Doc 85-2   Filed 07/22/13   Entered 07/22/13 17:14:21   Page 11 of 19

2019 3rd Avenue North
Birmingham, AL 35203
Email: lbenton@bcattys.com

s.  Creditors and parties in interest who file with the Court and properly service on the County's Chapter 9 counsel a request for special service and notice; and

t.  Any party against whom direct relief is sought by motion or otherwise, such as the non-debtor counterparty to an executory contract or unexpired lease that the County may propose to assume or reject.

4.  <u>Updating of Master Service List</u>.  If counsel for any of the parties on the Master Service List is to be added or replaced, the additional or replacement counsel may report this to the County by both filing with the Court and serving on the County's Chapter 9 counsel a request for special notice, including such counsel's e-mail address.  Parties listed in the Master Service List for whom e-mail addresses are not listed above shall, to the extent available, promptly advise the County's Chapter 9 counsel in writing of their e-mail addresses to which notices should be sent.  The County shall maintain and update from time to time the Master Service List, and file the same from time to time with the Court.

5.  <u>E-mail Service by the County</u>.  The County may serve Documents upon the parties identified in the Master Service List by e-mail in accordance with the procedures set forth herein.[2]  All Documents served by the County by e-mail shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a Document cannot be annexed to an e-mail (because of its size, technical difficulties, or otherwise), the County may, in its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including

---

[2] A printed copy of the order approving these Procedures shall be served upon all parties on the Master Service List on the date the order approving the Procedures is entered.

11

1/2188723.5

the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, or (b) email the party being served and include a notation that the Document cannot be annexed and will be mailed only if requested. Service by e-mail shall be effective as of the date the Document is sent by e-mail to the address provided by a party. If service is done by e-mail, the County shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, e-mail service shall satisfy the Court's rules for service.

6. <u>Alternative Methods of Service</u>. If a party entitled to notice of a Pleading does not have an e-mail address or if the e-mail address of a party is not known by the County or if service is initially attempted by email but returned or "bounced" due to an incorrect e-mail address, that party shall be served by U.S. first class mail, overnight delivery, facsimile, or hand delivery (the choice being in the County's sole discretion).

7. <u>Additional Notice through Website</u>. The Clerk of the Court shall establish and maintain a website accessible through the Court's website located at www.alnb.uscourts.gov through which material pleadings, orders, notices, lists and other documents regarding the County's Chapter 9 case and the proceedings before this Court will be available for review by the public. The County shall provide a link to the clerk's website on the County's main website, www.jeffcoonline.jccal.org.

8. <u>Affidavits of Service</u>. Upon the completion of noticing any particular matter, the party seeking relief shall file with the Court within (3) business days thereof either an affidavit of service or a certification of service annexing the list of parties that received notice.

9. <u>Confidentiality</u>. Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under Section 107(b) of the Bankruptcy Code to protect any

12

1/2188723.5

Case 11-05736-TBB9 Doc 89 Filed 11/11/11 Entered 11/11/11 13:51:50 Desc Main
13-53846-tjt Doc 85-2 Filed 07/22/13 Entered 07/22/13 17:14:21 Page 13 of 19

entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case.

10. <u>Scope of Modification of Notice and Service Requirements</u>. These procedures do not modify the notice requirements set forth in Bankruptcy Rules 2002(a)(5), 2002(a)(7), 2002(b), and 2002(f). The County maintains its right to request notice and service on different terms and conditions with respect to any particular matter.

C. **Hearings and Related Procedural Matters.**

11. <u>Omnibus Hearings</u>. The County shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings shall be heard. If Omnibus Hearings are scheduled, the following guidelines shall apply:

    a. <u>Matters that may be Scheduled for Hearings other than Omnibus Hearings</u>. Hearings in connection with (i) claims objections, (ii) pre-trial conferences and trials related to adversary proceedings, (iii) approval of the disclosure statement, (iv) plan confirmation, and (v) any other Pleadings filed by the County may be scheduled for dates other than the Omnibus Hearing dates. However, initial pre-trial conferences scheduled in connection with adversary proceedings shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint. Hearings on all other Pleadings filed by a party other than the County must be scheduled for an Omnibus Hearing, except as provided in subsection (b) of this paragraph.

13

1/2188723.5

1/2188723.5

13

Case 11-05736-TBB9 Doc 89 Filed 11/11/11 Entered 11/11/11 13:51:50 Desc Main
13-53846-tjt Doc 85-2 Filed 07/22/13 Entered 07/22/13 17:14:21 Page 14 of 19

b. Emergency Relief. In the event that a matter is filed for which the filing party desires expedited relief prior to the next Omnibus Hearing Date, said party may request an emergency hearing for good cause shown in addition to or in lieu of the Omnibus Hearing Date.

12. Hearings. Unless otherwise ordered by the Court (and except as provided below with respect to stay relief motions), all Pleadings shall be noticed for hearing on the next available Omnibus Hearing date that is at least twenty (20) days after such Pleading is filed and notice thereof is served on the appropriate parities. Notwithstanding the foregoing, if a Pleading requests relief pursuant to Bankruptcy Rules 2002(a) and (b), the Pleading shall be scheduled for the next available Omnibus Hearing date following the expiration of the time period set forth in the rule.

13. Telephonic Participation. Unless the Court determines otherwise, telephonic appearance at all hearings should be authorized, except that those appearing telephonically may not examine witnesses. All requests for telephonic appearances should be made to the Court's chambers at least one business day before the hearing.

14. Objection Deadlines. Except as specifically provided otherwise herein, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (a) noon prevailing central time on the sixth (6th) business day prior to the hearing date for such Pleading or (b) any date otherwise ordered by the Court. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely filed unless filed with the Court and received by the Master Service List on or before the applicable Objection Deadline.

14

1/2188723.5

Case 11-05736-TBB9 Doc 89 Filed 11/11/11 Entered 11/11/11 13:51:50 Desc Main
13-53846-tjt Doc 85-2 Filed 07/22/13 Entered 07/22/13 17:14:21 Page 15 of 19

15. <u>Deadline for Filing Reply</u>. Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before noon prevailing central time on the day that is two (2) business days before the hearing date for the Pleading with respect to which the Objection was filed.

16. <u>Examination of Witnesses at Hearings</u>. Unless otherwise ordered by the Court, no party, other than the County, will be permitted to examine a witness at any hearing on a contested matter in the County's bankruptcy case unless the party has timely and properly filed and served a Pleading, Objection, Reply or other Document, in accordance with the procedures set forth herein, that directly relates to such contested matter. Furthermore, parties appearing telephonically for hearings on contested matters may not examine witnesses.

17. <u>Agenda</u>. By approximately 4:00 p.m. prevailing central time on the second business day before a scheduled hearing, the County shall file with the Court an agenda setting forth each matter to be heard at the hearing, the objections filed, and whether such matter is contested, and shall serve the agenda by email on all parties on the Master Service List for whom the County has e-mail addresses. Agendas shall not be required where the County has less than forty-eight (48) hours' notice of the hearing. The matters listed on the agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

18. <u>Settlements</u>. This paragraph 18 shall apply only to contested matters where the amount in controversy is more than $100,000.00. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the

15

1/2188723.5

Case 11-05736-TBB9 Doc 89 Filed 11/11/11 Entered 11/11/11 13:51:50 Desc Main
13-53846-tjt Doc 85-2 Filed 07/22/13 Entered 07/22/13 17:14:21 Page 16 of 19

settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the County shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

D. **Automatic Stay Proceedings.**

19. Hearings and Objection Deadlines. Unless otherwise ordered by the Court, motions for relief from the automatic stay filed pursuant to Section 362 or Section 922 of the Bankruptcy Code shall be noticed for consideration for the Omnibus Hearing that is at least twenty-five (25) days after the motion is filed and notice is served upon the County. Unless otherwise ordered by the Court, the objection deadline for the County shall be the later to occur of (i) twenty (20) days after the date of filing and service of the motion, or (ii) two (2) business days before the scheduled hearing.

**ORDERED, ADJUDGED and DECREED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED, ADJUDGED and DECREED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

**ORDERED, ADJUDGED and DECREED** that this Order is without prejudice to the rights of the County pursuant to Section 904 of the Bankruptcy Code, and nothing herein is intended as or shall be deemed to constitute the County's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (1) any of the political or governmental

16

1/2188723.5

Case 11-05736-TBB9 Doc 89 Filed 11/11/11 Entered 11/11/11 13:51:50 Desc Main
13-53846-tjt Doc 85-2 Filed 07/22/13 Entered 07/22/13 17:14:21 Page 17 of 19

powers of the County, (2) any of the property or revenues of the County, or (3) the County's use or enjoyment of any income-producing property.

**Dated: November 11, 2011**

/s/ Thomas B. Bennett
**Thomas B. Bennett**
**U.S. Bankruptcy Judge**

17

1/2188723.5

Case 11-05736-TBB9    Doc 89    Filed 11/11/11    Entered 11/11/11 13:51:50    Desc Main
13-53846-tjt    Doc 85-2    Filed 07/22/13    Entered 07/22/13 17:14:21    Page 18 of 19

# Notice Recipients

District/Off: 1126-2            User: ldivers                        Date Created: 11/11/2011
Case: 11-05736-TBB9             Form ID: pdf000                      Total: 33

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| ba  | J Thomas Corbett         | thomas_corbett@alnba.uscourts.gov |
| aty | Patrick Darby            | pdarby@babc.com |
| aty | Adrienne K Walker        | awalker@mintz.com |
| aty | Bill D Bensinger         | bbensinger@bakerdonelson.com |
| aty | Charles L. Denaburg      | cdenaburg@najjar.com |
| aty | Christopher L. Hawkins   | chawkins@babc.com |
| aty | Clark R Hammond          | crh@jbpp.com |
| aty | Clifton Charles Mosteller | cmostell@burr.com |
| aty | Daniel J. Ferretti       | dferretti@bakerdonelson.com |
| aty | David E Lemke            | david.lemke@wallerlaw.com |
| aty | J Leland Murphree        | Lmurphree@maynardcooper.com |
| aty | James Blake Bailey       | jbailey@babc.com |
| aty | Jay R. Bender            | jbender@babc.com |
| aty | Jayna Partain Lamar      | jlamar@maynardcooper.com |
| aty | Jennifer Harris Henderson | jhenderson@babc.com |
| aty | Joe A. Joseph            | jjoseph@burr.com |
| aty | Larry Brittain Childs    | larry.childs@wallerlaw.com |
| aty | Mark P. Williams         | mpwilliams@nwkt.com |
| aty | Max A. Moseley           | mmoseley@bakerdonelson.com |
| aty | Richard Patrick Carmody  | richard.carmody@arlaw.com |
| aty | Ryan K Cochran           | ryan.cochran@wallerlaw.com |
| aty | Timothy M Lupinacci      | tlupinacci@bakerdonelson.com |
| aty | W Patton Hahn            | phahn@bakerdonelson.com |
| aty | William W Kannel         | wkannel@mintz.com |
| aty | Wilson F. Green          | wgreen@fleenorgreen.com |

TOTAL: 25

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | | |
|---|---|---|---|---|---|
| db  | Jefferson County, Alabama | Room 280 Courthouse | 716 North Richard Arrington Jr. | Birmingham, AL 35203 | |
| cr  | Regions Bank | c/o Jayna Lamar | 1901 6th Ave North | Suite 2400 | Birmingham, AL 35203 |
| cr  | Bank of New York Mellon, as Indenture Trustee | c/o Waller Lansden Dortch &Davis, LLP | Attn: Ryan Cochran | 511 Union Street, Suite 2700 | Nashville, TN 37219 |
| cr  | Assured Guaranty Municipal Corp. | 31 West 52nd Street | New York, NY 10019 | | |
| aty | Kenneth Klee | 1999 Avenue of the Stars 39th Floor | Los Angeles, CA 90067-6049 | | |
| cr  | Ambac Assurance Corporation | c/o Najjar Denaburg PC | 2125 Morris Avenue | Birmingham, AL 35203 | |
| cr  | J.P. Morgan Securities, Inc. | c/o Clark R. Hammond | 569 Brookwood Village, Ste 901 | Birmingham, AL 35209 | |
| cr  | JPMorgan Chase Bank, N.A. | c/o Clark R. Hammond, Esq. | 569 Brookwood Village, Ste 901 | Birmingham, AL 35209 | |

TOTAL: 8