UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

CITY OF DETROIT, MICHIGAN,                    Chapter 9

                Debtor.                    Case No. 13-53846
                                          Honorable Steven W. Rhodes

OBJECTION OF ROBBIE FLOWERS, MICHAEL WELLS, JANET WHITSON, MARY WASHINGTON, BRUCE GOLDMAN AND INTERNATIONAL UNION, UAW TO MOTION OF DEBTOR, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON-OFFICER EMPLOYEES AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR (Docket No. 56)

Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman (the "*Flowers* plaintiffs") plaintiffs in a Michigan civil action ("*Flowers v. Snyder*") against Michigan Governor Snyder, Michigan Treasurer Dillon and the State of Michigan under Article 9, Section 24 of the Michigan Constitution, join with International Union, UAW, the collective bargaining representative of Robbie Flowers and Bruce Goldman, in objection to the Motion Of Debtor, Pursuant To Section 105(A) Of The Bankruptcy Code, For Entry Of An Order Extending The Chapter 9 Stay To Certain (A) State Entities, (B) Non-Officer Employees And (C) Agents And Representatives Of The Debtor (Docket No. 56) (the "Motion"), and state:

    1.    The *Flowers* plaintiffs are an employee of a Michigan municipal corporation named the Detroit Library Commission (Robbie Flowers), two retirees from the Detroit Library Commission (Michael Wells and Janet Whitson), a City of Detroit employee (Bruce Goldman), and a City of Detroit retiree (Mary Washington). Each has earned vested pension benefits from

the City of Detroit General Retirement System ("GRS"), and the three retiree plaintiffs are currently receiving pension benefits from GRS. International Union, UAW is the collective bargaining representative of Robbie Flowers and Bruce Goldman, and was the collective bargaining representative of the remaining *Flowers* plaintiffs when they were employed by the Detroit Library Commission or the City of Detroit.

2. The *Flowers* plaintiffs' vested pension benefits are protected by Article 9, Section 24 of the Michigan Constitution, which provides that "[t]he accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation whereof which shall not be diminished or impaired thereby."

3. The *Flowers* plaintiffs filed suit in state court against the State of Michigan and two of its constitutional officers because those officers had been abrogating and were threatening to abrogate plaintiffs' state constitutional rights, as more fully set forth in their amended verified complaint (Exhibit 6.1 to the Motion) and in their reply brief in support their motion for preliminary injunction in *Flowers v. Snyder* (attached as Exhibit 1 to the Declaration of William Wertheimer filed herewith).

4. At no point have the *Flowers* plaintiffs sued the debtor or the Detroit Emergency Manager, the City of Detroit or any City of Detroit official or employee. Nor have they sought any relief against any of these persons or entities.

5. The debtor at paragraph 11 of its Motion asserts that the *Flowers* plaintiffs sought *ex parte* injunctive orders. That is untrue. See the attached declaration of William Wertheimer filed herewith. At no point did the *Flowers* plaintiffs ever seek *ex parte* relief. To the contrary,

the *Flowers* defendants sought to delay as long as possible (for a now obvious reason) a fully briefed hearing on the merits of a motion for preliminary injunction seeking to preclude Governor Snyder from authorizing the filing of a Chapter 9 bankruptcy petition in violation of the Michigan Constitution. See Declaration of William Wertheimer, filed herewith.

6. The *Flowers* plaintiffs' Michigan state law claim against Michigan Governor Snyder, Michigan Treasurer and the State of Michigan is well-grounded in the Michigan Constitution, as indicated by the debates concerning the adoption of what is now Article 9, Section 24 of the Michigan Constitution:

> MR. VAN DUSEN: An employee who continued in the service of the public employer in reliance upon the benefits which the plan says he would receive would have the contractual right to receive those benefits, and **would have the entire assets of the employer at his disposal from which to realize those benefits**.

1 Official Record, Constitutional Convention 1961, p. 774 (emphasis added).

7. *Flowers v. Snyder* was filed once it became abundantly clear that Governor Snyder intended to unconstitutionally authorize the Emergency Manager to use federal bankruptcy law to override the protections of the Michigan State Constitution prohibiting the impairment of accrued pension benefits.[1] The City blindly and dismissively treats these suits as

---

[1] The Emergency Manager's radical proposal to cut funding to the retirement system using a new pension valuation prepared for the City that (apparently through the use of a new mix of assumptions) purports to significantly increase the level of underfunding, to offer pennies on the dollar for retirement system funding and then declare that accrued benefits must be cut, raised legitimate and serious concerns that state law, as well as federal bankruptcy law, was being used, or about to be used to eviscerate pension benefits that are fundamental in human terms and importance to pensioners and protected under the Michigan Constitution. See Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, par. 11-16 (describing new valuation report and assumptions).

3

mere collection actions designed to find end-runs around its Chapter 9 bankruptcy case, as if the lawsuits were the work of enterprising creditors looking every which way to avoid the bankruptcy case. See e.g., Motion at ¶23. But as the Court is well aware, Chapter 9 reflects our system of dual sovereignty and its reach is limited accordingly. A municipality is eligible to be a debtor "*if and only if*" it "is specifically authorized, in its capacity as a municipality or by name to be a debtor under [chapter 9] by State law, or by a governmental officer. . . ." 11 U.S.C. § 109(c) (2) (emphasis added). *Flowers* and the other lawsuits were commenced precisely to contest the authority of the Governor to issue such an authorization under state law where a purpose of the chapter 9 would be to impair constitutionally protected pension benefits.

8. Rather than enjoin *Flowers v. Snyder*, and the other lawsuits, they must proceed in the state courts. Otherwise, whether and to what extent this bankruptcy case is lawful under the Michigan Constitution is a cloud that will overhang even the most routine orders issued by this Court should the bankruptcy case continue without a resolution of these suits through the state court system and notwithstanding the orders already by the state court. The City's Motion is utterly blind to the fundamental role of these suits in defining the extent to which the bankruptcy can proceed to issue any orders at all. Or else the City hopes that the Court will not notice at all.

9. For the foregoing reasons, as well the grounds set forth in the Objection of The Michigan Counsel 25 of the American Federation State, County and Municipal Workers (Docket 84), specifically, that the City is not entitled to a stay under the automatic stay or Section 105 of the Bankruptcy Code, as well as under long-standing principles of federal court abstention and federalism principles embodied in the Tenth Amendment to the U.S. Constitution which the

*Flowers* plaintiffs and International Union, UAW join in, the *Flowers* Plaintiffs and the UAW respectfully submit that the Motion should be denied.

Respectfully submitted,

s/William A. Wertheimer
William A. Wertheimer (P26275)
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200
billwertheimer@gmail.com

*Attorney for Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman*

s/Niraj Ganatra
Niraj Ganatra (P63150)
Michael Nicholson (P33421)
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan 48214
313-926-5216
mnicholson@uaw.net

and

s/Babette Ceccotti
Babette Ceccotti
Cohen, Weiss and Simon LLP
330 West 42d Street
New York, NY 10036-6979
212-356-0227
bceccotti@cwsny.com

*Attorneys for International Union, UAW*

Dated: 23 July 2013