```
---------------------------------------------------------x
                                              :
In re                                         :    Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                    :    Case No. 13-53846
                                              :
               Debtor.                        :    Hon. Steven W. Rhodes
                                              :
                                              :
---------------------------------------------------------x
```

# DEBTOR'S REPLY IN SUPPORT OF: (I) MOTION OF DEBTOR, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON-OFFICER EMPLOYEES AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR; AND (II) MOTION OF DEBTOR, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER CONFIRMING THE PROTECTIONS OF SECTIONS 362, 365 AND 922 OF THE BANKRUPTCY CODE

The City of Detroit, Michigan (the "Debtor" or the "City") hereby files this reply in support of the (i) Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor (Docket No. 56) (the "Stay Extension Motion") and (ii) Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code (Docket No. 53) (the "Stay Confirmation Motion" and, together with the Stay

Extension Motion, the "Stay Motions").[1] The Stay Extension Motion seeks the entry of an order extending the Chapter 9 Stay to (i) the State Entities, (ii) the Non-Officer Employees and (iii) the City Agents and Representatives. The Stay Confirmation Motion seeks the entry of a "comfort order" confirming the application of the Chapter 9 Stay and the Contract Protections. The Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") has filed an objection (Docket No. 84) (the "AFSCME Objection") to, among other motions filed by the Debtor,[2] the Stay Motions. For the reasons set forth below, the AFSCME Objection should be overruled, and the Stay Motions should be granted.

---

[1] Capitalized terms used but not defined herein shall have the meaning given to them in the Stay Motions.

[2] In addition to objecting to the Stay Motions, AFSCME also objects to certain relief sought by the City in its: (a) Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice and (B) Establishing a Deadline for Objections to Eligibility and a Schedule for Their Consideration (Docket No. 18) (the "Case Commencement Motion") and (b) Motion of Debtor, Pursuant to Sections 102(1)(A) and 105(a) of the Bankruptcy Code and Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure, for Entry of an Order Establishing Case Management and Scheduling Procedures (Docket No. 39) (the "Case Management Motion"). As neither the Case Commencement Motion nor the Case Management Motion are scheduled to be heard by the Court at the hearing scheduled for July 24, 2013 (at which hearing the Stay Motions will be heard), the City intends – and hereby reserves its right – to respond to AFSCME's objections to such motions at a later date.

## Preliminary Statement

1. The AFSCME Objection spends the majority of its 30 pages addressing matters essentially unrelated to the Stay Motions; thus, it is worth noting what is <u>not</u> now before the Court. The question of the City's eligibility to be a debtor under chapter 9 of the Bankruptcy Code and any related Tenth Amendment arguments are not currently before the Court. Whether the City can modify its pension liabilities by means of the rejection of contracts pursuant to section 365 of the Bankruptcy Code is not before the Court. Whether the City can confirm a plan of adjustment that contemplates the compromise of pension benefits is not before the Court. AFSCME and other parties in interest will have the opportunity to contest those issues before this Court in due course; indeed, the City already has proposed a schedule for the Court's expeditious determination of any eligibility challenges. The AFSCME Objection's extended discussions of each of these questions serve only to distract from the relatively narrow, and common, relief sought by the Stay Motions.

2. That actual relief sought by the Stay Motions is straightforward. The City seeks an extension of the Chapter 9 Stay, not to protect non-debtor parties from inconvenience or to grant them unwarranted protections, but to protect <u>itself</u> from the adverse impact of litigation that, directly or indirectly, denies the City the protections of the Chapter 9 Stay. The Prepetition Lawsuits – which AFSCME

concedes purport not only to deny the City the protections under the Chapter 9 Stay but *of chapter 9 altogether* – embody precisely this sort of litigation. What cannot be contested now is that proceedings such as the Prepetition Lawsuits – despite two of them being commenced against solely non-debtors – threaten to impede the efficient administration of this chapter 9 case, deny the City its breathing spell to focus on a plan of adjustment of its debts and undermine the exclusive jurisdiction of this Court that arose upon the filing of the City's petition. Accordingly, the AFSCME Objection should be overruled and the Stay Motions granted.[3]

***Postpetition State Court Rulings Do Not***
***Divest This Court of Its Exclusive Jurisdiction Over This Case***

3. The AFSCME Objection repeatedly returns to the same refrain in support of its various arguments: because the State Court entered the Declaratory Judgment in the Webster Lawsuit – *after the filing of the City's chapter 9 petition* – finding PA 436 unconstitutional and taking the extraordinary

---

[3] By the Stay Confirmation Motion, the City seeks what is essentially a "comfort order" confirming the application of the Chapter 9 Stay and the Contract Protections in non-controversial contexts. Although it objects to the Stay Confirmation Motion, AFSCME does not contest the substance thereof and offers no specific argument why the relief requested therein should not be granted. Accordingly, the Stay Confirmation Motion should be granted for the uncontroverted reasons set forth therein.

step of requiring the Governor to direct the Emergency Manager to "withdraw the chapter 9 petition," this Court must essentially ignore its exclusive jurisdiction over this chapter 9 case and refrain from adjudicating the Stay Motions (or, indeed, any other matters).  However, a state court's postpetition entry of an order purporting to settle matters within the exclusive jurisdiction of a bankruptcy court (such as the State Court's Declaratory Judgment purporting to dispose of questions directly related to the City's eligibility to be a debtor under section 109(c) of the Bankruptcy Code and the *de facto* dismissal of this case) cannot and does not divest this Court of such jurisdiction and does not limit its ability to decide matters squarely within that jurisdiction.

4.  When the City filed its chapter 9 petition, this Court became vested with exclusive jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) and with jurisdiction over all proceedings within this case pursuant to 28 U.S.C. § 1334(b). This grant of jurisdiction works in tandem with sections 362 and 922 of the Bankruptcy Code, which:  (a) halt, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" (section 362(a)(3)) and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title" (section 362(a)(6)); and (b) are effective ***immediately upon the filing of a chapter 9 petition*** (see 11 U.S.C. § 362(a) ("a petition filed

under section 301 … of this title … operates as a stay, applicable to all entities…."); 11 U.S.C. § 922(a) ("A petition filed under this chapter operates as a stay….")). These provisions confirm that the filing of a petition divests all other courts (other than the district court for the Eastern District of Michigan) of jurisdiction over a debtor's property and affairs. Once a debtor files for chapter 9, creditors cannot make an end-run around the bankruptcy court by bringing actions against the debtor or third parties in other tribunals seeking to enforce claims against the debtor or otherwise to influence the administration of the case. That principle has direct application here.

5. The Court's jurisdiction plainly encompasses the application of the provisions of the Bankruptcy Code and the determination of fundamental questions in this chapter 9 case (e.g., whether the City is eligible to proceed as a debtor under chapter 9 in accordance with 11 U.S.C. § 109(c)). See, e.g., 11 U.S.C. § 921(c) (reserving the decision on a chapter 9 debtor's eligibility to the bankruptcy court). Indeed, the application of section 109(c) of the Bankruptcy Court to the facts of this case is a paradigmatic exercise of that jurisdiction. The Chapter 9 Stay leaves no room for parallel state court proceedings, especially where such questions are federal issues concerning application of a federal statute the determination of which is assigned to a federal court. Indeed, the questions of eligibility and authorization to file a chapter 9 case are not state law questions at

CLI-2127590v8
-6-
13-53846-tjt    Doc 128    Filed 07/23/13    Entered 07/23/13 16:17:39    Page 6 of 15

all, and no state law refers or depends on them. By attacking the City's authority to file under chapter 9, the continuation of the Prepetition Lawsuits is a blatant invasion of this Court's jurisdiction wherein the plaintiffs and AFSCME seek to make the State Court, rather than this Court, the arbiter of core bankruptcy issues. The Court should reject this attempt to undermine fundamental bankruptcy policy and jurisdiction – and any other similar attempts to come – by extending the Chapter 9 Stay, as requested in the Stay Extension Motion.

### *Extension of the Stay is Appropriate Under the Present Circumstances*

6. The AFSCME Objection's argument that the Court may not extend the Chapter 9 Stay to non-debtors pursuant to section 105 of the Bankruptcy Code is incorrect and contradicted by relevant case law. Courts – including the Sixth Circuit in a case cited by AFSCME – commonly recognize that section 105 of the Bankruptcy Code empowers a court to extend the automatic stay to, or otherwise enjoin proceedings against, non-debtor parties. See, e.g., Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993) (noting that, if the court were to apply the "unusual circumstances" test to a debtor's request to extend the automatic stay (a question it ultimately did not need to reach), "the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105"); Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd., 265 B.R. 732, 738 (E.D. Mich. 2001) (noting that "[c]ourts have stayed proceedings against

non-debtor co-defendants in unusual circumstances and pursuant to 11 U.S.C. § 105(a)…."); Archambault v. Hershman (In re Archambault), 174 B.R. 923, 929 (Bankr. W.D. Mich. 1994) (observing that a number of cases have "employed Section 105 to issue injunctions on behalf of nondebtors under a variety of circumstances….").[4]

       7.      Accordingly, the only question before the Court is not whether it possesses the power to extend the Chapter 9 Stay (it plainly does), but whether that power should be exercised under the present unusual circumstances. The answer to that question is yes. Courts have found an extension of the automatic stay to closely related non-debtor parties (or similar injunctive relief) warranted where such relief is necessary to prevent interference with the debtor's bankruptcy case, preserve basic bankruptcy protections for the debtor or otherwise promote the

---

[4] AFSCME's recitation of the principle that courts may employ section 105 of the Bankruptcy Code only within the confines of the Bankruptcy Code (e.g., AFSCME Objection, at 13-14) carries little weight in a context where the requested relief encompasses the protections of sections 362 and 922 of the Bankruptcy Code and neither conflicts with nor disregards the provisions of the Bankruptcy Code. See, e.g., Archambault, 174 B.R. at 928 (recognizing limitations on a court's power pursuant to section 105 of the Bankruptcy Code, but finding that a debtor seeking to enjoin lawsuits against non-debtor parties "does not seek relief which either conflicts with or is in disregard of unambiguous statutory language…. [but] [r]ather seeks preliminary injunctive relief which will give him the ability to benefit … from the 'fresh start' afforded by filing for bankruptcy.").

purposes of the Bankruptcy Code.  See, e.g., Patton, 8 F.3d at 349 (noting that "unusual circumstances" warranting extension of the automatic stay to non-debtors "usually include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization"); Archambault, 174 B.R. at 929, 935 (enjoining lawsuit against a non-debtor party where "the failure to grant such relief would effectively deny the Debtor the 'fresh start' afforded by [its bankruptcy case] by allowing the movant an end-run around the automatic stay"; observing that the issuance of an injunction may be appropriate "where the relationship between the nondebtor and the debtor is such that a finding of liability against the nondebtor would effectively be imputed to the debtor, to the detriment of the estate"; treating requests for section 105 injunctions and requests to extend the automatic stay interchangeably); Sudbury, Inc. v. Escott (In re Sudbury, Inc.), 140 B.R. 461, 464 (Bankr. N.D. Ohio 1992) (enjoining suits against non-debtors, where "[t]he need for … a breathing spell is particularly pronounced" and the debtor was "inextricably involved" in the actions sought to be enjoined).

8.  Here, there can be no question – and the AFSCME Objection concedes – that (a) the Prepetition Lawsuits will adversely affect the City's ability to adjust its debts in chapter 9, (b) failure to extend the Chapter 9 Stay would effectively deny the City the "fresh start" promised by bankruptcy and (c) extension of the Chapter 9 Stay would preserve the protections of the

Bankruptcy Code for the City and avoid interference with this Court's administration of this case. AFSCME's allegation that "the City seeks a section 105(a) injunction not to carry out any provisions of the Bankruptcy Code and not to shield it from interference with the existing protections of the Bankruptcy Code, but rather as a sword" (AFSCME Objection, at 14) is curious. Shielding the City from interference with the existing protections of the Bankruptcy Code and effecting the purpose of the Chapter 9 Stay is *precisely* the intent of the Stay Extension Motion, which intent is repeatedly expressed therein.[5]

---

[5] Moreover, the City hereby reserves its right to argue that the Prepetition Lawsuits in which the Emergency Manager is not named, which are designed to preserve the claims of the plaintiffs (and those similarly situated) for pension benefits and interfere with the administration of this chapter 9 case, are direct violations of the Chapter 9 Stay subject to enforcement by the City. See, e.g., Amedisys, Inc. v. Nat'l Century Fin. Enters., Inc. (In re Nat'l Century Financial Enters., Inc.), 423 F.3d 567, 5677-78 (6th Cir. 2005) (finding that "[t]he fact that [a state court] action did not name [the debtor] as a defendant does not render enforcement of the automatic stay improper…. [A]n action taken against a nondebtor which inevitably would have an adverse impact upon the property of the estate must be barred by the [section 362(a)(3)] automatic stay provision."); Lewis v. Negri Bossi USA, Inc. (In re Mathson Indus., Inc.), 423 B.R. 643, 648 (E.D. Mich. 2010) ("the statutory language of [section] 362(a)(6) actually prohibits 'any act to collect, assess, or recover' a pre-petition debt, not just acts directed *against the bankruptcy debtor*.") (emphasis in original).

## *The Stay Extension Motion is Procedurally Proper*

9. Finally, the AFSCME Objection's complaint that the Stay Extension Motion is procedurally improper not only is incorrect, as demonstrated above, but ultimately fails because AFSCME has not demonstrated – nor has attempted to demonstrate – that it has been prejudiced by the form of the City's request for relief. Courts routinely hold that objections to the form of a request for relief do not triumph over its substance in the absence of any showing of prejudice to the complaining party. See, e.g., Hines v. Hines (In re Hines), 193 Fed. App'x 391, 397 (6th Cir. 2006) (rejecting argument that the lower court erred in determining dischargeability in the context of plan confirmation rather than by adversary proceeding; holding that "[i]n the absence of any demonstrable prejudice, there is no error resulting from the lack of a formal adversary proceeding."); Tully Constr. Co. v. Cannonsburg Envtl. Assocs., Ltd. (In re Cannonsburg Envtl. Assocs., Ltd.), 72 F.3d 1260, 1264-65 (6th Cir. 1996) (affirming bankruptcy court order even though request for relief technically "should have been filed" as an adversary proceeding rather than as a contested matter where the appellant "has not and cannot demonstrate that it has been prejudiced by the Trustee's failure to file an adversary proceeding"; characterizing procedural posture as harmless error); Lernout & Hauspie Speech Prods., N.V. v. Baker (In re Lernout & Hauspie Speech Prods., N.V.), 264 B.R. 336, 340 (Bankr.

D. Del. 2001) ("As many other courts in similar circumstances have said, I will decline to elevate the form of the proceeding … if the substance of the hearing on that issue is such that the objecting party has been afforded due process. Courts have routinely allowed matters to proceed that have been filed as contested matters when they should have been filed as adversary complaints, where no prejudice has been found.") (quotation marks and internal citation omitted); In re Serv. Merch. Co., 256 B.R. 755, 765-66 (Bankr. M.D. Tenn. 2000) (stating that "[d]espite the fact that an adversary proceeding is required for the injunctive relief sought by the debtors, courts in many instances have found that judicial economy permits the courts to look beyond [Bankruptcy] Rule 7001 to the merits of the dispute provided no prejudice will result…. [U]nless the party is able to demonstrate prejudice by the failure to file an adversary proceeding, a court will find the error constitutes harmless error"; finding that dismissal would "place[ ]form over substance and would serve only to delay [the] proceedings.") (internal citations omitted); cf. In re Hostess Brands, Inc., Case No. 12-22052 (Bankr. S.D.N.Y. Feb. 23, 2012) (Docket No. 390) (order granting motion seeking to extend the automatic stay to certain employees pursuant to sections 105 and 362 of the Bankruptcy Code).

10. Here, AFSCME makes no showing that it will be prejudiced by the extension of the Chapter 9 Stay sought by the City beyond the unsupported allegation that employees represented by AFSCME will be "steamrolled."

AFSCME Objection, at 13. Precisely how such employees will be steamrolled or prejudiced by the Stay Extension Motion is left unexplained. Certainly, AFSCME's employees will not be prejudiced by the Court's exercise of its exclusive jurisdiction over this case and its hearing and determining questions fundamental to the administration of the City's chapter 9 case (e.g., the City's eligibility to be a debtor). Nor was AFSCME – which was provided proper notice of the Stay Motions and filed a 30-page objection thereto – left without the ability to protect its interests and have its voice heard by the form of the City's request for relief.

        11. Indeed, where the failure to extend the Chapter 9 Stay will allow harassing lawsuits – lawsuits designed either to materially interfere with the administration of this case or to collect claims against the City – to proceed against the State Entities (among others), *the party at risk of prejudice is the City*. Accordingly, because (a) the form of the Stay Extension Motion has neither prejudiced AFSCME nor deprived it of due process and (b) the failure to extend the Chapter 9 Stay as requested will impede the administration of this case, the Court should grant the Stay Motions and overrule the AFSCME Objection.

CLI-2127590v8 -13-
13-53846-tjt    Doc 128    Filed 07/23/13    Entered 07/23/13 16:17:39    Page 13 of 15

## Conclusion

For all of the foregoing reasons, the City respectfully submits that the Stay Motions should be granted and the AFSCME Objection should be overruled.

Dated: July 23, 2013                Respectfully submitted,

  /s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY