# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

**City of Detroit, Michigan,**

    **Debtor.**

_____/

Case No. 13-53846
Chapter 9
Hon. Steven Rhodes

## Order Establishing Amended
## Initial Status Conference Agenda

    It is hereby ordered that the attached Amended Initial Status Conference Agenda shall apply to the initial status conference to be held on August 2, 2013.

**Signed on July 23, 2013**

                                                /s/ Steven Rhodes
                                              Steven Rhodes
                                              United States Bankruptcy Judge

# AMENDED
## Initial Status Conference Agenda

1. Status of filing of list of creditors under 11 U.S.C. § 924 and potential amendments.

2. Disclosure by the City of the status of its negotiations with creditors.

3. Setting deadlines:

    a. To file a motion to reject collective bargaining agreements.

    b. To file the plan.

    c. To file other potential motions and adversary proceedings, if appropriate.

4. Consideration of proposed mediation order. (Attached)

5. Consideration of proposed order appointing independent fee examiner. (Attached)

6. Schedule of future status conferences and omnibus hearings.

7. Other procedural and administrative issues.

8. Review by the Court of its limited role in a chapter 9 case.

[CAPTION TO BE INSERTED]

*Proposed*
**Mediation Order**

Pursuant to 11 U.S.C. § 105, the Court concludes that it is necessary and appropriate to order the parties to engage in the facilitative mediation of any matters that the Court refers in this case. Accordingly, it is ordered:

1. After notice to the parties involved, the Court may order the parties to engage in any mediation that the Court refers in this case.

2. With his consent, Chief District Judge Gerald Rosen, United States District Court, Eastern District of Michigan, is appointed as the mediator. The mediator is authorized to enter any order necessary for the facilitation of mediation proceedings.

3. Chief Judge Rosen may, in his discretion, direct the parties to engage in facilitative mediation, under his direction, with such other mediators as he may designate. The fees and expenses of any such mediators shall be shared by the parties as directed by Chief Judge Rosen.

4. All proceedings, discussions, negotiations, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence.

5. If a settlement is reached, the agreement shall be reduced to writing.

6. If a motion for approval of the settlement under F.R.Bankr.P. 9019 is necessary, the parties shall file it within 14 days after the agreement is fully executed.

7. For each mediation session, the mediator shall have the authority to establish the mediation process, including the submission of documents, the attendance of parties with authority to settle, the procedure governing the mediation, and the schedule for the mediation.

8. The mediator or any mediator appointed by him shall not be called as a witness.

9. All mediators appointed under this order shall function as quasi-judicial officers under the authority of the court and are therefore immune from suit.

10. The parties shall make every effort to schedule mediation sessions with the mediator consistent with established hearing dates. The Court will grant a request to adjourn a hearing date to accommodate a mediation session only upon a motion establishing good cause and upon the recommendation of the mediator.

11. E.D. Mich. LBR 7016-2 is suspended.

_____

## [CAPTION TO BE INSERTED]

*Proposed*
## Order Appointing Fee Examiner

Pursuant to 11 U.S.C. §§ 105, 943(b)(3) and 1129(a)(3) (made applicable by §901(a)), the Court concludes that it is necessary and appropriate to appoint a fee examiner. Accordingly, it is ordered:

1. _____ is appointed fee examiner.

2. In this order, the phrase "Professional Fee Expenses" means all of the professional fee expenses that the City incurs in connection with this case whether payable to professionals employed by the City or by others. It also includes the expenses payable to its claims and noticing agent, expenses payable to the professionals of any official committee, and expenses awarded under 11 U.S.C. § 503(b)(3)&(4).

3. The fee examiner's responsibility is to assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3).

4. After consulting with the attorneys for the City, the fee examiner shall submit to the Court a proposed order establishing:

   (a) A procedure for the City to publicly disclose its Professional Fee Expenses.

   (b) A procedure for the fee examiner to review the City's Professional Fee Expenses and to file reports addressing whether the City's Professional Fee Expenses have been fully disclosed and are reasonable.

   (c) A procedure for periodically paying the fee examiner's fees and expenses.

5. The proposed order shall provide for City's disclosures of its Professional Fee Expenses on a monthly basis and for the filing of the fee examiner's reports on a quarterly basis. The proposed order shall be filed and served on the attorneys for the City by _____, 2013. The City may file objections to the order by _____, 2013. The Court will conduct a hearing on the entry of the order on_____, 2013, at _____.

6. The City shall pay the fee examiner at the rate of $\_\_\_ per hour, plus reasonable expenses. The fees of the fee examiner shall be subject to the disclosure requirements of paragraph 4(a) above and to review by the Court on its own initiative or on motion by the City.

7. If a report filed by the fee examiner concludes that the Professional Fee Expenses have not been fully disclosed or are not reasonable, the Court may schedule a hearing or may take other action that it determines to be appropriate.

_____