UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                                                  Chapter 9

City of Detroit, Michigan,                                               Case No. 13-53846

            Debtor.
_____/

**JOINT CONCURRENCE IN
MOTION OF DEBTOR, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE, FOR ENTRY OF AN ORDER CONFIRMING THE
PROTECTIONS OF SECTIONS 362, 365 AND 922 OF THE BANKRUPTCY CODE
AND CONCURRENCE IN AND LIMITED OBJECTION TO
MOTION OF DEBTOR, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE, FOR ENTRY OF AN ORDER EXTENDING THE
CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON-OFFICER
EMPLOYEES AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR**

      The Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") (collectively, the "Detroit Public Safety Unions"), through their counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., submit the following Joint Concurrence in the Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Confirming the Protections of Sections 362, 365, and 922 of the Bankruptcy Code (the "Stay Order Motion") [Docket No. 53] and Concurrence in and Limited Objection to Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor (the "Stay Extension Motion")[1] [Docket No. 56]:

---

[1] Together, the Stay Order Motion and Stay Extension Motion are referred to herein as the "Motions."

## BACKGROUND

1. The Public Safety Unions, whose collective members provide police and fire protection to the City[2] on a daily basis under extremely difficult conditions, acknowledge that the City faces serious and severe financial challenges that must be addressed, and the Public Safety Unions have been and are prepared to work with the City to tackle those challenges.

2. As a result of the severe economic challenges facing the city, the members of the Public Safety Unions must do more with fewer active members and less resources under increasingly difficult conditions.

3. At the same time, the active members of each of the Public Safety Unions have seen their wages and benefits, including their future pension benefits, reduced.

4. Contrary to statements made by the City in the papers filed with this Court and other statements made to the public by the Emergency Manager and the Governor, the Emergency Manager has made no serious effort to negotiate with the Public Safety Unions. In the weeks leading up to the City's Chapter 9 filing, there were no negotiations. Rather, the City of Detroit and the Emergency Manager held two publicly trumpeted "informational meetings" with the Public Safety Unions. Both occurred within a week of the filing of the Chapter 9 petition.

5. Furthermore, under both the former Emergency Manager Law, PA 4, MCL 141.1501, *et seq*, (which was overwhelming repealed by Michigan voters in 2012) and since the Emergency Manager's appointment under Public Act 436, MCL 141.1541, *et seq*, the City and the Emergency Manager have consistently refused to negotiate with the Public Safety Unions over terms and conditions of employment.

---

[2] Unless otherwise defined, all capitalized terms are as defined in the Motions.

6. Contrary to its claimed efforts to negotiate in good faith, at least with regard to the Public Safety Unions, the City has consistently sought to block the Public Safety Unions' efforts to negotiate terms and conditions of employment and has yet to provide them with a concrete restructuring proposal.

7. At the direction of the Emergency Manager, the City instead successfully convinced the Michigan Employment Relations Commission to dismiss petitions filed by some of the Public Safety Unions seeking arbitration under Public Act 312, MCL 423.231, *et seq* ("Act 312")[3], on the basis that the City has no duty to bargain with the Public Safety Unions. Subsequent to the successful dismissals, the City unilaterally imposed less favorable terms and conditions of employment that include reduced pay, increased health care premiums, deductibles and co-pays and reduced future pension benefits.

8. While the Public Safety Unions and the City have fundamental, substantial and serious disagreements about their respective legal rights, the protections afforded the parties to these proceedings and the relevant facts applicable to these proceedings, the Public Safety Unions, subject to the modifications and limitations set forth herein, concur in the relief sought by the City's Motions.

**RESPONSE TO THE RELIEF REQUESTED BY THE MOTIONS**

9. The City's Chapter 9 filing faces significant legal obstacles that implicate the intersection of and interrelationship among Article IX, Sec. 24 of the Michigan constitution; the 10th Amendment of the United States Constitution, U.S. Const., Am. X; Chapter 9 of the

---

[3] Act 312 is based on ". . . the public policy of this state . . .," which recognizes, ". . . that in public police and fire departments, where the right of employees to strike is by law prohibited, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternative, expeditious, effective and binding procedure for the resolution of disputes."

3

Bankruptcy Code, 11 USC §901, *et seq* (and Bankruptcy Code sections incorporated thereby) and Public Act 436, MCL 141.1541 *et seq.*

10. The Public Safety Unions strongly believe that the Chapter 9 bankruptcy petition filed by the City is premature, that the City will be unable to meet its burden of establishing that it is eligible to be a debtor as required by 11 U.S.C. §109(c), and that the Emergency Manager's stated intention to use Chapter 9 to significantly impair the vested pension rights and benefits of City employees and retirees is limited by state and federal constitutional principles, fundamental issues of federalism, and how those principles and issues apply to protect the rights of debtors and creditors when Chapter 9 bankruptcy protection is sought.

11. While sympathetic (and in many aspects in agreement with) the arguments raised in the Pre-Petition Lawsuits, the Public Safety Unions agree that the automatic stay set forth in 11 U.S.C. §362(a), made applicable by Section 901 of the Bankruptcy Code and supplemented by Section 922(a), is self-executing and applies to stay actions against the City, including the Pre-Petition Lawsuits. As such, the Public Safety Unions concur in the relief sought by the Stay Motion and ask that this Court issue an order staying all actions in the Pre-Petition Lawsuits, including the pending application for leave to appeal.[4]

12. Furthermore, precisely because this Court is accustomed, on a daily basis, to addressing the interplay between the Bankruptcy Code and other provisions of state and federal law and because of the complexity and novelty of the issues raised by these proceedings, the

---

[4] The Michigan Court of Appeals today issued an order setting briefing schedules on the Attorney General's applications for leave to appeal. Copies of those orders will be available at the hearing. In order to avoid any further confusion or unnecessary expense to any party, this Court's Order should clarify that those applications are stayed as well, since the automatic stay set forth in 11 U.S.C. § 362(a) stays <u>all</u> proceedings, including the prosecution of debtor's pending appeals, where the underlying actions are, effectively, actions against the debtor, as they are here. *Cathey v. Johns-Manville Sales Corporation, et al,* 711 F.2d 60 (6th Cir. 1983).

Public Safety Unions urge that, as requested by the Stay Extension Motion and modified as set for the below, that the stay be extended to allow those issues to be addressed by this Court without distraction.

13. The Public Safety Unions concur in the Stay Extension Motion's request that the automatic stay be extended to the Governor and certain other agents or employees of the City as defined by the Stay Extension Motion (the "Included Additional Employees") for their pre-petition conduct in authorizing or facilitating the filing of the Chapter 9 petition and in the City's request that the stay be extended to non-officer employees who are not inhabitants of the City. The Public Safety Unions further respectfully request that the Order extending the stay include not just current non-officer and non-inhabitant City employees, as requested by the City, but that the Order extend the stay to any action or claim for damages brought against any current or former Public Safety Union member, including any retiree, which arises out of his or her City employment (including collection on any judgment resulting therefrom). Some of those current and former employees and retirees, may, in addition to the City's threats to reduce their vested pension benefits, be subject to legal actions for damages arising out of their City employment for which their only source of indemnification is the City.

14. The Public Safety Unions further urge that the Order granting the Stay Extension Motion provide that (a) the Stay Extension Motion does not and shall not reduce, impair or otherwise affect any substantive rights that any party may have against the Included Additional Parties and (b) the extension set forth in section 108(c) of the Bankruptcy Code applies to any matter stayed by the Order.

**RELIEF REQUESTED**

WHEREFORE, the Public Safety Unions respectfully request that this honorable Court:

(a) Issue an Order (i) granting the Stay Order Motion and (ii) stating therein that the automatic stay set for the in Sections 362(a) and 922(a) operates to stay all further proceedings in the Pre-Petition Lawsuit, including the pending state court appeals;

(b) Issue an Order (i) granting the Stay Extension Motion; (ii) extending the protections of the automatic stay set forth in Sections 362(a) and 922(a) to any action or claim for damages brought against any current or former Public Safety Union member, including any retiree, which arises out of his or her City employment (including collection on any judgment resulting therefrom); (iii) specifying that the Order does not and shall not reduce, impair or otherwise affect any substantive rights that any party may have against any of the Included Additional Parties, and (iv) specifying that the extension set forth in Section 108(c) of the Bankruptcy Code applies to any matter stayed by the Order.

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By:  */s/ Barbara A. Patek*
    Earle I. Erman  (P24296)
    Craig E. Zucker  (P39907)
    Barbara A. Patek (P34666)
    Counsel for the Detroit Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI  48034
    Telephone: (248) 827-4100
    Facsimile:  (248) 827-4106
    E-mail:  bpatek@ermanteicher.com

DATED:   July 23, 2013

F:\OTHERINS\Detroit, CIty of\joint concurrence.FINAL.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: Chapter 9

City of Detroit, Michigan, Case No. 13-53846

        Debtor.
_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 23, 2013, the Joint Concurrence and Limited Objection to the Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Confirming the Protections of Sections 362, 365, and 922 of the Bankruptcy Code (the "Stay Order Motion") [Docket No. ] and Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor (the "Stay Extension Motion") and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

                                      ERMAN, TEICHER, MILLER,
                                      ZUCKER & FREEDMAN, P.C.

                                      By:   /s/ Barbara A. Patek
                                             Earle I. Erman (P24296)
                                             Craig E. Zucker (P39907)
                                             Barbara A. Patek (P34666)
                                             Counsel for the Detroit Public Safety Unions
                                             400 Galleria Officentre, Suite 444
                                             Southfield, MI 48034
                                             Telephone: (248) 827-4100
                                             Facsimile: (248) 827-4106
                                             E-mail: bpatek@ermanteicher.com

DATED: July 23, 2013