# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## MOTION OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. FOR CLARIFICATION REGARDING THE COURT'S JULY 22, 2013 ORDER AND LEAVE TO CONDUCT LIMITED DISCOVERY

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") submit this motion for (i) clarification of the Court's July 22, 2013 *Ex Parte Order (A) Scheduling Expedited Hearings on Certain Initial Motions Filed by the Debtor, (B) Scheduling an Initial Status Conference, (C) Limiting Notice of Hearing, and (D) Approving Form and Manner of Notice* [Docket No. 65] (the "July 22 Order"); and (ii) pursuant to Local Rule 7026-3 of the United States Bankruptcy Court of the Eastern District of Michigan, leave to conduct limited discovery relating to *Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant [to] Rule 9019, and (III) Granting Related Relief* [Docket No. 17] (the "Assumption Motion"). In support of this motion, Syncora respectfully represents as follows:

## BACKGROUND

1. On July 18, 2013, the City commenced a case under Chapter 9 of the Bankruptcy Code. That same day, the City filed its Assumption Motion seeking entry of an order (i)

authorizing the assumption of the Forbearance Agreement[1] pursuant to Section 365(a) of the Bankruptcy Code, (ii) approving the Forbearance Agreement pursuant to Bankruptcy Rule 9019, and (iii) granting related relief. In support of such relief, the City claims that its motion meets the standards governing Section 365(a) of the Bankruptcy Code and Bankruptcy Rule 9019. (Assumption Motion, ¶¶ 28-29.) Specifically, the City claims that "its assumption of the Forbearance Agreement is a sound exercise of its business judgment, and that the Forbearance Agreement should be approved under Bankruptcy Rule 9019 because it is fair, equitable, and in the best interests of the City and its Creditors." (*Id.* ¶ 41.)

2. According to the City, "intense" negotiations between the City and the Swap Counterparties culminated in the Forbearance Agreement, dated as of July 15, 2013, by and among the City, the Swap Counterparties, and the Service Corporations. (*Id.* ¶ 26.) As part of the Forbearance Agreement, the Swap Counterparties agreed that they would not, for a specified time period, (a) terminate the Swap Agreements or (b) instruct the Custodian to cease making payments of the casino revenues from the General Receipts Subaccount to the City in accordance with Section 5.4 of the Collateral Agreement or give notice to the Custodian to cease making such payments. (*Id.* ¶ 27.) The Forbearance Agreement also provides the City with the option to unwind the Swap Contracts at a discounted value. (*Id.*)

3. The City claims that the Forbearance Agreement contains critical concessions given the City's liquidity crisis and represents significant value to the City and its creditors. (*Id.* ¶¶ 43, 46.) The City further claims that the "Forbearance Agreement is the result of substantial good faith, arm's length negotiations between the City and the Swap Counterparties." (*Id.* ¶ 50.)

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Assumption Motion or the July 22 Order, as applicable.

4.	The Forbearance Agreement adversely affects numerous of Syncora's property and contractual rights, as an insurer of the Swap Contracts and the COPs, a direct holder of COPs, and a creditor of Detroit. Syncora submits that the City has failed to satisfy — and cannot satisfy — the standards for approval of assumption of the Forbearance Agreement or for the settlement embodied therein. Syncora is presently preparing an objection to the Assumption Motion in support of its position.

5.	On July 19, 2013, the City filed its *Ex Parte Motion of Debtor for the Entry of an Order (A) Scheduling an Expedited Hearing on Certain Initial Motions Filed by Debtor, (B) Limiting Notice of Hearing, and (C) Approving Form and Manner of Notice* [Docket No. 58] (the "Expedited Hearing Motion"). As part of its Expedited Hearing Motion, the City requested the scheduling of an expedited hearing on certain motions that it had filed (the "Initial Motions"). The Assumption Motion was not among the Initial Motions for which an expedited hearing was requested. In fact, in the *Notice of Motion of Debtor For Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Pursuant to Section 365(A) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant Rule 9019, and (III) Granting Related Relief* [Docket No. 17] (the "Notice of Assumption Motion"), the City stated that creditors would have 21 days to respond to the Assumption Motion, consistent with Local Rule 9014-1.

6.	On July 22, 2013, the Court granted the Expedited Hearing Motion. In its July 22 Order, the Court found that the circumstances justified scheduling expedited hearings on the Initial Motions. The Court also scheduled a hearing regarding the Assumption Motion for 10:00 a.m. on Friday, August 2, 2013.

7. In accordance with Local Rule 9014-1, on July 23, 2013, Bill Arnault, counsel for Syncora, conferred telephonically with Geoff Irwin, counsel for the City, and sought concurrence regarding the issues Syncora intended to raise in this motion: (1) clarification that the August 2 hearing is an initial status conference and (2) leave to seek discovery.

8. With respect to the first issue, Mr. Irwin stated that the City would not oppose Syncora's request for clarification as to the purpose of the August 2 hearing but, at the same time, would not take a position regarding the purpose of the August 2 hearing.

9. Mr. Arnault then stated that, if the Court confirms that the August 2 hearing is a status conference, Syncora proposes that the parties adhere to the following briefing and discovery schedule relating to the Assumption Motion:

| | |
|---|---|
| Deadline to Serve Discovery Requests and Deposition Notices: | **July 25, 2013** |
| Deadline for Document Production: | **July 31, 2013** |
| Depositions: | **August 1-6, 2013** |
| Deadline for Syncora's Objection: | **August 8, 2013** |
| Deadline for City's Reply: | **August 15, 2013** |
| Hearing on Assumption Motion: | **August 22, 2013** |

10. With respect to the second issue, Mr. Arnault asked Mr. Irwin if the City would allow Syncora to conduct limited discovery regarding the Assumption Motion. In response, Mr. Irwin stated that the City would cooperate with creditors seeking discovery where the schedule, circumstances, and the Court permit such discovery. He noted, however, that the City was not conceding that discovery was appropriate in response to the Assumption Motion.

4

13-53846-tjt    Doc 142    Filed 07/24/13    Entered 07/24/13 00:24:59    Page 4 of 10

## JURISDICTION

11.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

12.     Syncora respectfully requests the entry of an order (i) clarifying that the hearing set for August 2 relating to the Assumption Motion is an initial status conference, and (ii) granting Syncora leave to conduct limited discovery relating to the Assumption Motion.[2]

## BASIS FOR RELIEF

**A.    Clarification of the July 22, 2013 Order**

13.     As noted above, the July 22 Order sets a hearing on the Assumption Motion for August 2, 2013.  Syncora's understanding is that this hearing is intended to be an initial status conference on the Assumption Motion.  Out of an abundance of caution, however, and given the significant and complex issues relating to the Assumption Motion, Syncora has brought the present motion to confirm that the August 2 hearing will be an initial status conference.

14.     Syncora believes that it will be prejudiced in its ability to formulate a comprehensive response to the Assumption Motion if it is not afforded the 21 days prescribed by Local Rule 9014-1.  Accordingly, Syncora respectfully requests that the Court clarify the purpose of the August 2 hearing on the Assumption Motion.

---

[2] Pursuant to Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1.  A summary identifying each included attachment by exhibit number is appended to this Motion.

5

**B.     Syncora's Request for Leave to Seek Limited Discovery Relating to the Assumption Motion.**

15.     Local Rule 7026-3 states that "[d]iscovery in a contested matter is permitted only upon a court order for cause shown."  E.D. Mich. LBR 7026-3.  Syncora submits that, in this case, good cause exists for limited discovery surrounding the Assumption Motion.

16.     *First*, Syncora has little substantive information regarding the negotiations between the City and the Swap Counterparties.  Though the City claims that the Forbearance Agreement was the result of "substantial good faith, arm's length negotiations," the City never invited Syncora to participate in the negotiations between the City and the Swap Counterparties — even though Syncora holds consent rights under the Swap Agreements and the Collateral Agreement.  Thus, to understand the substance of the negotiations and the impetus behind the Forbearance Agreement, Syncora requires discovery relating to the negotiations between the City and the Swap Counterparties.

17.     *Second*, Syncora cannot, at this stage, adequately assess the City's claim that the "assumption of the Forbearance Agreement is a sound exercise of its business judgment, and that the Forbearance Agreement should be approved under Bankruptcy Rule 9019 because it is fair, equitable, and in the best interests of the City and its Creditors."  (Assumption Motion, ¶ 41.)  Doing so requires a thorough understanding of the numerous key facts surrounding the City's rights under the Forbearance Agreement and the impact of the Forbearance Agreement on the other related transaction documents, including the Swap Agreements, the Service Contracts, and the Collateral Agreement.

18.     Given the limited information that is currently available to Syncora, it requests leave to seek limited discovery on topics such as the following:

- The negotiations between the City and the Swap Counterparties;

- The impact of the Forbearance Agreement on the Swap Agreements, the Service Contracts, and the Collateral Agreement;

- The City's current and potential uses of the funds in the General Receipts Subaccount;

- The City's ability to exercise its Optional Termination Rights;

- The validity of the COPs; and

- Communications with U.S. Bank regarding the Holdback Account and/or the General Receipts Subaccount.

19. The foregoing discovery is particularly critical given the City's apparent unwillingness to share vital information with Syncora. As noted, the City excluded Syncora, a consent holder under the Swaps Agreements and the Collateral Agreement, from any negotiations regarding the Forbearance Agreement. Then, when Syncora requested general information about those negotiations and the terms of a potential deal, the City refused to provide them. The City also sought and obtained an *ex parte* temporary restraining order against Syncora, even though Syncora's counsel was not only known to the City, but had been sitting across the table from the City's lawyers just days before. Attached hereto as Exhibit 5 is *Defendant Syncora Guarantee Inc.'s Emergency Motion to Dissolve the Temporary Restraining Order and Conduct Expedited Discovery*, which details the aggressive tactics that the City employed to obtain a temporary restraining order on an *ex parte* basis. As noted above, Syncora's exclusion from the process of negotiating the Forbearance Agreement which purports to have dramatic negative consequences for its rights as Swap Insurer constitutes good cause for the requested discovery.

20. Accordingly, Syncora requests that the Court grant Syncora leave to seek discovery substantially similar to the requests attached hereto as Exhibit 5.

## **RESERVATION OF RIGHTS**

21.     Syncora files this motion without prejudice or waiver of its rights under the Bankruptcy Code.

WHEREFORE, Syncora respectfully requests that this Court (a) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief sought herein; and (b) grant such other and further relief as the Court may deem proper.

Dated: July 23, 2013                /s/ *Ryan Blaine Bennett*
                                    James H.M. Sprayregen, P.C.
                                    Ryan Blaine Bennett
                                    Stephen C. Hackney
                                    KIRKLAND & ELLIS LLP
                                    300 North LaSalle
                                    Chicago, Illinois 60654
                                    Telephone:    (312) 862-2000
                                    Facsimile:    (312) 862-2200

                                            - and -

                                    Stephen M. Gross
                                    David A. Agay
                                    Joshua Gadharf
                                    MCDONALD HOPKINS LLC
                                    39533 Woodward Avenue
                                    Bloomfield Hills, MI 48304
                                    Telephone:    (248) 646-5070
                                    Facsimile:    (248) 646-5075

                                    *Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | None [Separate Motion to be Filed] |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | None [Separate Certificate of Service to be Filed] |
| Exhibit 5 | None |
| Exhibit 6 | Discovery Requests |
| | Defendant Syncora Guarantee Inc.'s Emergency Motion to Dissolve the Temporary Restraining Order and Conduct Expedited Discovery |