UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## CONSOLIDATED RESPONSE OF THE RETIREE ASSOCIATION PARTIES TO THE *MOTION OF DEBTOR, PURSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES.*

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC, submit the following Consolidated Response to the *Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code for Entry of an Order Directing the Appointment of a Committee of Retired Employees [Docket No. 20]*:

The Retiree Association Parties support the appointment of a Committee of Retired Employees ("Retiree Committee") by the U.S. Trustee, but they object to the selection methods proposed by the City. The Retiree Association Parties specifically object to, without limitation: (1) the City's proposed involvement in the process; (2) the City's proposed involvement of the unions in the process; (3) the proposed appointment of any active union members or union representatives to the Retiree Committee; (4) and the proposed Selection Procedures (as defined in the Motion) (i.e., the short response period).

The Retiree Association Parties do not acknowledge the City's eligibility to be a debtor under Chapter 9. The Retiree Committee, once appointed, will have standing to contest eligibility, along with and other jurisdictional and substantive legal issues, and any order appointing a Retiree Committee should specifically so provide.

## RELIEF REQUESTED

1. The Retiree Association Parties seek an order, under section 1102(a)(2) of the Bankruptcy Code, directing the U. S. Trustee to appoint an official committee (the "Retiree Committee") to represent those former employees of the City and their beneficiaries (collectively, the "Retirees") who are entitled to receive pension benefits (the "Pension Benefits") and health and other post-employment welfare benefits (the "other Post-Employment Benefits", together with the Pension Benefits, the "Retirement Benefits"), whether or not such Retirees currently are receiving Retirement Benefits.

2. The Retiree Association Parties further request that the order directing the U.S. Trustee to appoint a Retiree Committee exclude the City and the various labor unions from involvement in the formation of the Retiree Committee, including but not limited to preventing the City from participation in solicitation, selection and/or deciding participant demographics or membership criteria.

3. The Retiree Association Parties further request that the order directing the U.S. Trustee to appoint a Retiree Committee provide that the Retiree Committee be comprised solely of Retirees.

4. Any order for the formation of a Retiree Committee should state specifically that the Retiree Committee has standing to challenge the City's eligibility to file bankruptcy under

2

13-53846-tjt    Doc 200    Filed 07/30/13    Entered 07/30/13 15:45:20    Page 2 of 7

Chapter 9 and to contest all other jurisdictional and substantive legal issues, notwithstanding the fact that the Retiree Committee may be formed prior to the entry of an order for relief.

5. The Retiree Association Parties have provided a proposed order as Exhibit 1 to this response.

## FACTS RELEVANT TO THIS CONSOLIDATED RESPONSE

6. It is undeniable that the Retirement Benefits due to the Retirees from the City are substantial; the exact amount of such liability is currently in dispute.

7. The City's Retirement Systems (as defined by the City's Motion), collectively represent the top two unsecured creditors of the City.

8. The Retiree Associations (RDPFFA and DRCEA) provide a highly organized and representative voice of the Retirees.

9. The combined membership of the Retiree Associations is estimated to be approximately 70% of all City Retirees.

10. The RDPFFA has represented its respective retirees for more than 30 years and has won and protected rights for them through litigation, lobbying and other forms of representation.

11. The DRCEA has represented its respective retirees for more than 50 years and has won and protected rights for them through litigation, lobbying and other forms of representation.

12. Both the RDPFFA and DRCEA have taken great steps to organize, inform and represent the interests of their respective members. Each of the Retiree Associations operates under its own by-laws and governing documents and serves its members through its elected and/or appointed board of directors and offiicals. Even if the Retiree Associations do not qualify as pre-petition committees under 11 U.S.C. § 1102(b)(1), they undoubtedly each provide

structure and guidance for the appointment of members to the Retiree Committee and the conduct of business by the Retiree Committee.

13. Additionally, the Retiree Associations are in the process of obtaining proxy forms from their members indicating that a retiree appoints his or her respective association to represent him or her in these proceedings. The proxy forms also indicate the retirees' desire that the directors and officers of the two associations be appointed to the Retiree Committee. The directors and officers of the Retiree Associations include some of the most prominent and capable retired employees of the City of Detroit. The Retiree Associations have in a short period received hundreds of proxies and it is expected that when response is complete that thousands will be received. The Retiree Associations intend to submit these proxies and names of the suggested individuals to the U.S. Trustee for consideration in the appointment of the Retiree Committee.

14. A Retiree, upon his or her retirement, ceases to be a member of the labor union which may have formerly represented him or her. Many of the unions have expressly disclaimed the responsibility or ability to represent Retirees. The unions will face a conflict of interest were they to attempt to represent both the interests of their members, who may desire favorable terms for their continued employment and future benefits, and their former members, retirees, who are concerned with their current vested Retirement Benefits.

## BASIS FOR RELIEF

15. The Retiree Association Parties generally concur in the City's basis for relief, as stated in its Motion, except that they specifically object to portions of the section entitled "*Appointment of the Retiree Committee.*"

16. The Retiree Association Parties object to the City's proposed input and participation with the U.S. Trustee to "establish an appropriate, open and fair procedure..." because the City may have an interest in selecting members of the Retiree Committee who are favorable to the position of the City.

17. The U.S. Trustee has the sole power and right to appoint the committee members, and the City should be prohibited from participating in this process. The authority to appoint an unsecured creditors' committee lies exclusively with the U.S. Trustee under § 1102(a)(1). *In re Mission Health, Inc.*, 242 B.R. 527, 529 (Bankr. M.D. Fla. 1999). The U.S. Trustee is given sole authority to appoint members of various committees. *In re Dow Corning Corp.*, 212 B.R. 258, 264 (Bankr. E.D. Mich. 1997).

18. The City has requested that a specific creditor committee be appointed. Pursuant to §1102 the City's role in the matter is complete. Local Rule 2014-2, which prohibits a debtor and its insiders from attempting to influence a committee's selection of professionals, stands for the proposition that a debtor should not influence the formation of a committee or the selection of professionals to serve the committee.

19. The Retiree Association Parties are also concerned by the City's reference to consulting and working with "various key unions" in the selection process. The unions have no right to represent Retirees and the Retirees have concerns that the unions may prefer the appointment of members of a Retiree Committee who might be influenced to compromise the interests of Retirees for the benefit of the interests of active, dues-paying members of the unions, i.e. present employees of the City who are likely to be subject to attempts by the City to reduce their present and/or future benefits.

5

13-53846-tjt    Doc 200    Filed 07/30/13    Entered 07/30/13 15:45:20    Page 5 of 7

20. In addition to the involvement of the City and unions in the proposed Selection Procedure, the Retiree Association Parties also object the proposed return due date seven days after mailing it to a Solicited Retiree. Unlike the typical credit manager who may be asked to serve on a typical creditors' committee, prospective Retiree Committee members, many of whom may not be regularly involved in such matters, are likely to require more time to consider and seek advice on the implications of serving on the committee. The Retiree Association Parties suggest that prospective Retiree Committee members be afforded ten (10) business days within which to respond.

21. In summary, the Retiree Association Parties agree that a Retiree Committee be appointed by the U.S. Trustee and that the members of the Retiree Committee be: (a) comprised solely of retirees; (b) comprised of retirees who are representative of the entire class of retirees; (c) comprised of retirees who are knowledgeable, qualified and capable of serving; and (d) be devoid of those special interests or allegiances to the Debtor.

Dated: July 30, 2013  Respectfully Submitted,

Lippitt O'Keefe, PLLC

/s/ Brian D. O'Keefe
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957
Attorneys for Retiree Association Parties
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292
rplecha@lippittokeefe.com

## CERTIFICATE OF SERVICE

The undersigned hereby states that on July 30, 2013, she filed the foregoing with the Clerk of the Court using the electronic filing system which will provide electronic service to all counsel of record. I declare the above statement to be true to the best of my knowledge, information and belief.

/s/ Tracy Reitzloff
Tracy Reitzloff
Legal Assistant to Brian D. O'Keefe
Lippitt O'Keefe, PLLC
370 E. Maple, 3rd Floor
Birmingham, MI 48009
248-646-8292
treitzloff@lippittokeefe.com