# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| **CITY OF DETROIT, MICHIGAN** | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## ORDER, PURSUANT TO SECTION 11.02(a)(2) OF THE BANKRUPTCY CODE, DIRECTING THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES

This matter coming before the Court on the Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion, the Declaration of Kevyn D. Orr filed contemporaneously therewith (the "Orr Declaration"), the Declaration of Gaurav Malhotra filed contemporaneously therewith (the "Malhotra Declaration"), and the Moore Declaration, Responses to the Motion filed by various parties and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157 (b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) the appointment of the Retiree Committee pursuant to section 1102(a)(2) of the Bankruptcy Code is necessary to ensure

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

adequate representation of the Retirees in this Chapter 9 case, (e) the Selection Procedures for the appointment of the Retiree Committee described herein are fair and are reasonably designed to result in a balanced and representative Retiree Committee, and the Court having determined that the legal and factual bases set forth in the Motion, the Orr Declaration, the Malhotra Declaration and the Moore Declaration and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** to appoint a Retiree Committee, but the selection process proposed by the City has been altered and amended as reflected in the paragraphs below.

2. Pursuant to Section 1102(a)(2) of the Bankruptcy Code, the U.S. Trustee shall promptly appoint a Retiree Committee to represent the Retirees, as set forth in the Selection Procedures described below.

3. Nothing contained in the Motion or this Order shall be deemed an admission or a finding that the City has any obligation to provide any Retirement Benefits to any Retiree or other party.

4. The following Selection Procedures are hereby approved:

    (a) Promptly following the entry of this Order, the U.S. Trustee shall contact the Retiree Associations for input respecting potential Retiree representatives. Following such input, U.S. Trustee shall create a method for identifying a representative sample from among the Retirees to solicit (collectively, the "Solicited Retirees");

    (b) Within three (3) business days of the U.S. Trustee identifying the Solicited Retirees, the U.S. Trustee shall mail a notice and questionnaire in the form

attached to the Motion as Exhibit 6 (the "Questionnaire") to each Solicited Retiree to determine his or her interest in serving on the Retiree Committee. The U.S. Trustee shall facilitate the posting of notice and the Questionnaire on the website established by the City's claims and noticing agent - www.kccllc.net/Detroit (the "Website").

(c) Any Solicited Retiree interested in serving on the Retiree Committee shall be required to complete the Questionnaire and deliver, fax or mail it to the U.S. Trustee's Office so that it is received by the U.S. Trustee no later than ten (10) business days after it is mailed to the Solicited Retiree by the U.S. Trustee (the "Questionnaire Deadline").

(d) In addition, the City will provide to the U.S. Trustee contact information for each of the Retiree Associations, to the extent known to the City. The U.S. Trustee may solicit the interest of Association representatives to participate on the Retiree Committee.

(e) The U.S. Trustee shall work promptly to select the individuals to serve on the Retiree Committee from those Solicited Retirees who submitted a Questionnaire by the Questionnaire Deadline, and from any Association representatives solicited.

(f) After the U.S. Trustee forms the Retiree Committee, it shall promptly file an appropriate notice with the Court.

(g) The Retiree Committee should by definition only be comprised of individual Retirees with current vested Retirement Benefits.

5. Nothing herein or in the Motion is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to Section 904 of the Bankruptcy Code

{00198529}
13-53846-tjt    Doc 200-1    Filed 07/30/13    Entered 07/30/13 15:45:20    Page 4 of 5

to this Court's interference with: (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

6. Nothing contained in this Order shall be deemed an admission or a finding that the Retiree Committee agrees to the eligibility of the City to be a debtor pursuant to section 109 of the Bankruptcy Code, and the Retiree Committee shall have standing to be heard on eligibility, along with standing to contest all other jurisdictional and substantive legal issues, notwithstanding its possible formation prior to the entry of an order for relief pursuant to section 921(d) of the Bankruptcy Code.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.