| | |
|---|---|
| IN RE: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |
| _____/ | |

**THE DETROIT PUBLIC SAFETY UNIONS' LIMITED OBJECTION TO DEBTOR'S MOTION, PURSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES**

The Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") (collectively, the "Detroit Public Safety Unions"), through their counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., submit the following Limited Objection to the Debtor's Motion, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (the "Retiree Committee Motion") [Docket No. 20]:

1. The Public Safety Unions do not object in concept to this Court directing the U.S. Trustee to promptly form a Retiree Committee[1] pursuant to Section 1102(a) of the Bankruptcy Code. However, for the Retiree Committee to be effective, it must be representative of <u>all</u> current and former City employees who have accrued retirement benefits, and it must have the resources, including information and the assistance of any necessary professionals, to effectively represent those interests.

2. Hence, the Public Safety Unions object to the Retiree Committee Motion's limited definition of "Retiree" ("former employees of the City and their beneficiaries," Retiree Committee Motion, [Docket No. 20, p. 5]) and request that the definition (or qualification to be a member of the Retiree Committee) be expanded to include active Public Safety and other City employees who have vested rights to accrued benefits through the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (the "Retirement System").

3. The Public Safety Unions share the Retirement System's concern that a Retiree Committee not be used as a vehicle through which the City seeks to avoid negotiating with the Public Safety Unions, the Retirement System, other unions and creditor constituencies whose rights, directly or through their membership, will

---

[1] Unless otherwise indicated, capitalized terms are used as defined in the Retiree Committee Motion.

be directly affected thereby. See Retirement Systems' Limited Objection [Docket No. 226, pp. 6-7]. That concern is buttressed by the fact that, to date, the City, while imposing certain terms and conditions of employment through the Emergency Manager, has declined to negotiate with the Public Safety Unions.

4. Furthermore, by seeking input into the formation of a Retiree Committee and the right to recommend active and retired employee representatives to serve on it, the Public Safety Unions do not waive, and expressly reserve, their right to object to the City's eligibility for Chapter 9 bankruptcy protection under Section 109(c) of the Bankruptcy Code.

5. The Public Safety Unions also object to the suggestion in the Retiree Committee Motion that the Retiree Committee would have the sole right to negotiate changes to accrued retirement benefits or the right to bind them, their members, the Retirement System, or other retirees or unions.

6. The Public Safety Unions' members are active police and fire fighters, many of whom have accrued retirement benefits whose future should not be delegated to a committee on which they have no voice. Furthermore, given the magnitude of what is at stake and the multiple constituencies whose interests and rights will be affected by any impairment of accrued retirement benefits, the disposition of those accrued benefits must not be delegated to any single committee.

7. The Public Safety Unions also object to the City's direct participation with the U.S. Trustee's office over the formation of the Retiree Committee. Given the Emergency Manager's pre-petition public pronouncements that he believed he could use the bankruptcy process to impair the retirees' and active and former employees' vested pension benefits, it is imperative that, if this Court directs the U.S. Trustee to form a Retiree Committee, it is done without the creation of any appearance that the City could potentially—either directly or indirectly-- influence the Retiree Committee or its professionals. Local Rule 2014-2 expressly prohibits such direct or indirect influence, and, in this case, even the perception that it might occur could taint the Retiree Committee's ability to effectively represent its constituents.

8. For the sake of judicial economy, however, the Public Safety Unions agree that it is appropriate for the Court to give the U.S. Trustee's office some direction as to the interests to be protected in the formation of the Retiree Committee. To that end, the Public Safety Unions are prepared to and seek an active voice in assisting the U.S. Trustee in the formation and selection of the Retiree Committee and in recommending a member from each of their respective bargaining units to serve on it.

9. The Public Safety Unions have no objection to the U.S. Trustee adopting the questions posed by the questionnaire attached to the Retiree

4

Committee Motion [Docket No. 20, Exhibit 6]. However, in order to insure a representative group, the Public Safety Unions request that the Court direct the U.S. Trustee to expand the questionnaire include questions which indicate whether an applicant is a current retiree or active employee and specific questions, to be determined by the U.S. Trustee, on business, financial or other experience an applicant may have that would allow him or her to represent the interests of the Retiree Committee's constituents.

10. Finally, because Chapter 9 has no provision for payment of professional fees for a Retirees Committee, in order to insure that the Retiree Committee can effectively represent its constituents, the Public Safety Unions ask that this Court direct the U.S. Trustee to form a Retiree Committee only if City consents, as confirmed by an order of this Court, (a) to pay any reasonable and necessary attorney and/or other professional fees and expenses incurred by the Retiree Committee, (b) to delegate the approval of such fees and expenses to a Court-appointed fee examiner and (c) to have no active participation in the Retiree Committee formation.

## RELIEF REQUESTED

WHEREFORE, subject to the City's consent, (a) to pay any reasonable and necessary attorney and/or other professional fees and expenses incurred by the

5

Retiree Committee, (b) to delegate the approval of such fees and expenses to a Court-appointed fee examiner and (c) to have no active participation in the Retiree Committee formation, the Public Safety Unions respectfully request that this Court enter an Order directing the U.S. Trustee to form a Retiree Committee pursuant to Section of 1102(a) of the Bankruptcy Code, and, in forming the Retiree Committee, to insure that active employees with accrued retirement benefits have a significant voice on the Retiree Committee.

        ERMAN, TEICHER, MILLER,
        ZUCKER & FREEDMAN, P.C.

        By: /s/ Barbara A. Patek
            Earle I. Erman (P24296)
            Craig E. Zucker (P39907)
            Barbara A. Patek (P34666)
            Counsel for the Detroit
            Public Safety Unions
            400 Galleria Officentre, Suite 444
            Southfield, MI 48034
            Telephone: (248) 827-4100
            Facsimile: (248) 827-4106
            E-mail: bpatek@ermanteicher.com

DATED: August 1, 2013

F:\OTHERINS\Detroit, CIty of\Response to Retiree Committee Motion.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                       Chapter 9

City of Detroit, Michigan,                 Case No. 13-53846

            Debtor.                          Hon. Steven W. Rhodes

_____/

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 1, 2013, The Detroit Public Safety Unions' Limited Objection to Debtor's Motion, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By: /s/ Barbara A. Patek
    Barbara A. Patek (P34666)
    Counsel for the Detroit
    Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI  48034
    Telephone: (248) 827-4100
    Facsimile:  (248) 827-4106
    E-mail:  bpatek@ermanteicher.com

DATED:   August 1, 2013

2

13-53846-tjt    Doc 235    Filed 08/01/13    Entered 08/01/13 12:22:20    Page 8 of 8