UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

---------------------------------------------------------------- x
: 
In re: : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No.: 13-53846
: 
Debtor. : Hon. Steven W. Rhodes
: 
---------------------------------------------------------------- x

**RESPONSE OF INTERNATIONAL UNION, UAW TO
MOTION OF DEBTOR, PURSUANT TO SECTION 1102(a)(2) OF THE
BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING THE
<u>APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES</u>**

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") responds to the Motion of the City of Detroit, Michigan (the "City") Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (the "Retiree Committee Motion") [Docket No. 20] and states as follows:

<u>**Preliminary Statement**</u>

1. International Union, UAW is a labor organization headquartered in Detroit, Michigan whose members include both City of Detroit employees and retirees and employees and retirees of public entities related to the City of Detroit that participate in common with City of Detroit employees in retirement benefit plans such as the City of Detroit General Retirement System pension plan.

2. In the Retiree Committee Motion, the City seeks an order under Section 1102 of the Bankruptcy Code directing the United States Trustee for the Eastern District of Michigan (the "UST") to appoint an official committee pursuant to 11 U.S.C. Section 1102(a)(2)

for Retirees (defined in the Motion as "former employees of the City and their beneficiaries") who are entitled to receive pension benefits and "health and other post-employment welfare benefits" (collectively, "Retirement Benefits"). Retiree Committee Motion, ¶10. The Motion recites that the City is taking this step "to assure adequate representation of the Retirees" in the bankruptcy case. According to the City, the appointment of a Retiree Committee "will provide the City with a centralized point of contact, and the Retirees with sophisticated representation, to engage in negotiations regarding the restructuring of the City's Retirement Benefit obligations." *See* Retiree Committee Motion, ¶¶ 23, 26. The City has proposed that, in forming the Retiree Committee, the UST solicit interested Retirees and others to serve on the Committee, including retiree associations and the unions. *Id*. ¶ 27.

       3.     As of this writing, the UAW has determined that it will represent retirees from UAW-represented bargaining units independent of the Committee, and takes no position with respect to the formation of a Section 1102(a)(2) committee to represent retirees in this case.[1] However, if such a committee is formed, the UAW believes that the proposed Retiree Committee must have the necessary capability and tools to perform its job. To that end, the Committee must be able to hire the professional advisors that it deems necessary to fulfill its purposes. The only practical way it can retain professionals is if the City provides the funding. If the Retiree

---

[1] Because the City seeks discrete, procedural relief in its Motion—an order directing the UST to appoint a Retiree Committee—UAW will not address the City's contentions regarding its Retirement Benefits obligations on the merits and UAW expressly reserves all of its rights in that regard. The Emergency Manager has made his intentions clear in public statements even before the Chapter 9 petition was filed, and since then in his bankruptcy pleadings and elsewhere—he intends to seek cuts that will affect benefit programs covering the City's Retirees, and that he therefore believes the formation of a committee to represent retirees is appropriate in this case.

Committee Motion is formed, UAW may declare its interest in serving on the Retiree Committee as a representative of its retirees.[2]

**Response**

The Committee Must Be Adequately Representative of the Retiree Population

4. In its Retiree Committee Motion, the City proposed procedures detailing a process for the solicitation of Retirees and others to serve on the committee. *See* Retiree Committee Motion, ¶ 27. Whether or not the City can, or chooses to weigh in on the process, UAW submits that some direction regarding committee composition is appropriate in order to ensure that the committee can function effectively and is adequately representative of the City's Retirees. *See* 11 U.S.C. § 1102 (a)(4) (court may order a change in the membership of a committee formed under Section 1102 "to ensure adequate representation of creditors"). Specifically, the City's Motion contemplates that unions would serve on the committee, as well as individual retirees and retiree associations. *See* Retiree Committee Motion, ¶ 27. UAW fully supports union participation on the Retiree Committee where a union indicates its willingness to serve.

5. The Retiree Committee will be expected to address complex financial, actuarial and other matters related to the Retirement Benefits. Labor organizations are seasoned negotiators with considerable experience engaging with employers on matters such as these.

---

[2] Any UAW participation on the committee would necessarily be subject to a reservation of all of its rights as a party in interest in this case. As is typical in bankruptcy cases where official committees of creditors are formed, UAW's participation on a Retiree Committee would be without prejudice to its party in interest status independent of its membership on the committee. For example, while UAW does not oppose the formation of a Retiree Committee in advance of a Bankruptcy Court ruling on the City's chapter 9 qualifications, UAW expressly reserves all of its rights with respect to eligibility and any other matter in which it and/or its members may have an interest, including the serious question whether UAW retirees' rights to retirement benefits may be compromised in light of Article IX, Section 24 of the Michigan Constitution, and the further question of the authority of any Section 1102 committee to bind retirees and/or their union.

They are, therefore, particularly well-suited to participation on the committee proposed by the City. Moreover, retirees often look to their union as a trusted resource on benefits matters. Accordingly, although the UST will be responsible for the formation of the committee and establishing the solicitation process, the UAW submits that directing the appointment of those labor organizations that wish to serve will aid in the formation of an effective and representative committee.[3]

The City Must Pay for the Committee's Advisors

6. The City states that it intends that the Retiree Committee function to provide capable representation (*see* Retiree Committee Motion, ¶¶ 24, 26, noting that retirees will need "sophisticated representation" in the case). In order to function effectively, the Committee will need qualified professional advisors and must be able to adequately match the considerable professional resources that have been deployed by the City since the appointment of the Emergency Manager. The committee simply will not be able to adequately address the necessary technical and financial issues without competent professionals; individual Retirees, unions and retiree associations cannot be expected to have access to the resources necessary to retain competent professionals in the absence of funding by the City. Although UAW recognizes that the committee's ability to obtain such funding may not be automatic, as it is in chapter 11, funding is nonetheless a critical element of the City's proposal that is not addressed in the Retiree Committee Motion. Accordingly, the City should make its intentions clear in that regard in connection with the Court's consideration of the Motion. If the City wants the Retiree

---

[3] For example, appointment of some, but not all of the unions that indicate a willingness to serve will needlessly raise concerns about the exclusion of some retirees from committee participation and fuel skepticism about the process. Moreover, each labor organization is familiar with the benefit programs covering their retirees and it makes sense to have as many groups represented as possible so that as much current experience about the programs can be brought to bear as quickly as possible.

Committee to be able to function effectively, then the City must make a commitment to fund the Retiree Committee's professional advisors.

## Conclusion

For the foregoing reasons, the UAW asks that, if the Retiree Committee Motion is granted, no order authorizing the appointment of a Section 1102(a)(2) Retiree Committee be entered that does not resolve the foregoing concerns.

Dated: New York, NY
August 1, 2013

Respectfully submitted,

International Union, UAW

By: /s/ Babette A. Ceccotti
Cohen, Weiss and Simon LLP
Babette A. Ceccotti
330 West 42nd Street
New York, New York 10036-6976
T: 212-563-4100
F: 212-695-5436
bceccotti@cwsny.com

- and -

Niraj R. Ganatra (P63150)
Michael Nicholson (P33421)
8000 East Jefferson Avenue
Detroit, Michigan 48214
T: (313) 926-5216
F: (313) 926-5240
nganatra@uaw.net
mnicholson@uaw.net

*Attorneys for International Union, UAW*