UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                              Chapter 9
                                                    Case No. 13-53846
City of Detroit, Michigan,

　　　　Debtor.

_____/

**OBJECTION BY PARTY IN INTEREST DAVID SOLE TO
DEBTOR CITY OF DETROIT'S MOTION, PURSUANT TO SECTION
1102(A)(2) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER
DIRECTING THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES**

NOW COMES Party in Interest David Sole ("Sole"), by and through his attorneys Jerome D. Goldberg, PLLC, and for his Objection to Debtor City of Detroit's Motion, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees [Docket No. 20], states as follows:

**Factual and Procedural Background**

1.　　　Interested Party David Sole is a City of Detroit retiree and past president of United Auto Workers Local 2334 – SCATA.  His spouse, Joyce Sole, is also a City of Detroit retiree.

2.　　　The City of Detroit filed a motion for the appointment of a Committee of Retired Employees pursuant to 11 USCS 1102.

3.　　　Section 1102(a)(1) states: "(a)(1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate."

4.      11 USCS 921(c) provides that the Court shall order relief after objections to the debtor's petition are heard and after determining that the debtor qualifies for relief under Chapter 9 of the Bankruptcy Code.

5.      In the present case, this honorable Court has issued a deadline of August 19, 2013, for parties in interest to file eligibility objections, and set a trial on these objections for October 23, 2013.

6.      One of the central issues in the eligibility determination will be whether the Michigan constitutional prohibition of impairing pensions under Article IV Section 24, renders the City of Detroit bankruptcy filing in violation of the law insofar as it seeks to reduce the pensions of City of Detroit retirees including Interested Party Sole.

7.      A Michigan trial court recently issued a declaratory judgment to that effect.

8.      This honorable Court, however, stayed the effect of that ruling and determined that the Bankruptcy Court would have exclusive jurisdiction over the issue, while reserving judgment on the substantive issue.

9.      Because the issue of the City of Detroit's eligibility for filing its Chapter 9 petition has yet to be determined, Interested Party Sole submits that the City of Detroit's Motion to Create a Retirees' Committee is premature, in violation of Section 1102(a)(1), and must be denied.

10.     In its motion, the City of Detroit posited that it would play an active role in the selection of the Committee of Retired Employees, and proposed that the retirees' committee, which it would help select and form, would "provide a single party to negotiate with the City on behalf of Retirees as a group and assist the many thousands of Retirees in expressing their views and exercising their right during the City's restructuring."

11.     Interested Party Sole is concerned that the intended effect of the City of Detroit's Motion is to limit participation of retirement boards, unions, associations and any other interested parties in the eligibility determination to be made by this honorable Court on whether Chapter 9 bankruptcy affords a method for the City of Detroit to avoid Michigan's constitutional prohibitions against impairing pensions. This ruling could set a precedent for states and municipalities throughout the United States with state-mandated pension guarantees to similarly elect Chapter 9 bankruptcy as a method to circumvent these guarantees.

12.     In fact, on July 22, 2013, at the hearing in front of this honorable Court, the major unions and retirement boards representing City of Detroit pensioners, and subsequently even the Michigan Attorney General, have indicated their intent to weigh in on this issue.

13.     In its Motion, the City of Detroit wrongly represented that it alone had the authority to alter the pensions pursuant to Article IV, Section 47-4-4 of the Detroit Municipal Code.  In fact, Section 47-4-4 of the Detroit Municipal Code expressly states that the City of Detroit is prohibited from making amendments to the Pension plan "which shall deprive any participant or beneficiary of any then vested benefit under the Plan."  **Exhibit 1, attached.**

14.     Interested Party Sole is not taking a position on whether a Retirees Committee may be proper after the eligibility determination on the City of Detroit's Chapter 9 petition is made, especially with regard to non-union retirees.

15.     However, Interested Party Sole concurs in many of the objections made in the Detroit Retirement Systems' filing in partial opposition to the City of Detroit Motion [Docket no. 226], and in the Response of the Retiree Association Parties to the Motion of Debtor [Docket no. 200], especially with regard to the City of Detroit efforts to restrict representation of the City's retirees and to the City's active role in the selection of such a committee if one was to be formed.

16.     Interested Party Sole also calls this honorable Court's attention to Section 1114 of the Bankruptcy Code, which provides that a labor organization shall be, for purposes of this section, the authorized representative of those persons receiving any retiree benefits covered by any collective bargaining agreement to which that labor organization is signatory, unless it chooses not to do so.  Section 1114 also states a party in interest, not the debtor, can move the court for appointment of a Retiree Committee.

17.     Interested Party Sole acknowledges that Section 1114 is not incorporated into Chapter 9 bankruptcy pursuant to Section 901, but appears to be useful in approaching this issue.

18.     WHEREFORE, Interested Party David Sole respectfully requests this honorable Court deny the City of Detroit's Motion for Appointment of a Committee of Retired Employees.

## ARGUMENT

Interested Party David Sole relies on the law as cited in the Factual and Procedural Background above in support of his Objection to the City of Detroit's Motion.

In addition, in *In re Dow Corning Corp.*, 194 B.R. 121 (Bankr. E.D. Mich. 1996), and in *In Re: Agway, Inc*., 297 B.R. 371 (Bankr. N. Dist NY 2003), the courts held that petitions for the formation of retiree committees were premature prior to the determination of whether pensions would be subject to the bankruptcy.  The courts noted that once that determination was made, a retiree committee could be properly considered after notice and a hearing.  In addition, the courts emphasized that in the interim any interested party could appear on issues relevant to protecting the retirees' interest.

In the present case, where the determination on whether City of Detroit workers' pensions can be impaired in the Chapter 9 bankruptcy filing in light of the Michigan constitutional prohibition on impairing pensions, and the determination on whether the City of

Detroit is eligible to seek relief under Chapter 9, have yet to be made, the formation of a Committee of Retirees is premature. This is especially the case where the City of Detroit appears to be making its motion in an effort to restrict the representation of retirees in this case, when numerous unions and organizations seem to be prepared to argue for the retirees at least in the eligibility proceeding.

WHEREFORE, Interested Party David Sole respectfully requests that this honorable Court deny the City of Detroit's Motion for Appointment of a Committee of Retired Employees.

Respectfully submitted,

JEROME D. GOLDBERG, PLLC

By: _/s/ Jerome D. Goldberg_
Jerome D. Goldberg (P61678)
Attorney for David Sole, Party in Interest
2921 East Jefferson, Suite 205
Detroit, MI 48207
Phone: 313-393-6001
Fax: 313-393-6007
Email: apclawyer@sbcglobal.net

DATED: August 1, 2013