UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(Southern Division)

| | |
|---|---|
| In re ) | |
| ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, ) | |
| ) | Case No. 13-53846-swr |
| Debtor. ) | |
| ) | Hon. Steven W. Rhodes |
| ) | |

**ERSTE EUROPAISCHE PFANDBRIEF- UND KOMMUNALKREDITBANK AKTIENGESELLSCHAFT IN LUXEMBURG S.A.'S (A) PRELIMINARY OBJECTION TO MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION OF THAT CERTAIN FORBEARANCE AGREEMENT AND OPTIONAL TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT PURSUANT TO RULE 9019, AND (III) GRANTING RELATED RELIEF AND (B) JOINDER IN MOTION OF SYNCORA GUARANTEE, INC. AND SYNCORA CAPITAL ASSURANCE INC. FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A., a Luxembourg stock corporation ("EEPK"), by its undersigned attorneys, hereby files this Preliminary Objection to Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance Agreement and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019, and (III) Granting Related Relief (Docket No. 157) (the "Settlement Motion") and hereby joins in the Motion of Syncora Guarantee, Inc. and Syncora Capital Assurance Inc. for Leave to Conduct Limited Discovery (Docket No. 142) (the "Motion for Leave"). In support hereof, EEPK states the following:

**Background**

1. On July 18, 2013 (the "Petition Date"), the City of Detroit, Michigan (the "City") commenced a case under chapter 9 of the Bankruptcy Code.

1

2. EEPK is a creditor in this bankruptcy case, because it holds certificates of participation (the "COPs") supported by services contracts between the City and each of the General Retirement System Service Corporation and the Police and Fire Retirement Service Corporation (the "Service Corporations") in the aggregate amount of approximately $152.51 million.

3. On the Petition Date, the City filed the Settlement Motion which seeks entry of an order authorizing the assumption of a Forbearance and Optional Termination Agreement dated July 15, 2013 by and among the City, the Emergency Manager,[1] and the Service Corporations, on the one hand, and UBS AG and Merrill Lynch Capital Services, Inc., on the other (the "Forbearance Agreement"), pursuant to section 365(a) of the Bankruptcy Code and approving of the settlements contained in the Forbearance Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Forbearance Agreement was entered into just three days before the Petition Date.

4. Among other things, through the Settlement Motion, the City, the Emergency Manager, and the Service Corporations (collectively, the "City Parties") seek court approval of (a) a waiver by the City Parties of any right they may have to "set aside, avoid, reject, modify, terminate, disapprove, limit or render ineffective the transaction documents or cause payment to certain of the COPS prior to the scheduled payment date," (b) the incurrence of an obligation by the City and the Service Corporations to defend against certain litigation, (c) the scheduling of any amounts due and owing to any Swap Counterparty as undisputed, fully secured claims, and (d) an agreement that upon termination of the forbearance period, the City and Service Corporations will "support the reasonable actions of the Swap Counterparties in realizing upon

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Motion.

the pledged collateral and having the Custodian make such payments." Settlement Motion at pp. 15-16.

5. The City asserts that the proposed settlement will assist the City by providing it with continued access to Casino Revenue for the Forbearance Period (which period will end on June 30, 2014, unless there is an earlier default), which the City asserts is critical to addressing the City's liquidity crisis. The City points to its right to direct optional terminations of the Swap Agreements under the Forbearance Agreement as potential additional consideration it will receive in connection with the settlement, if approved.

## Legal Standard

6. In considering a request to approve a settlement pursuant to Bankruptcy Rule 9019, the Court must make an independent judgment as to whether the compromise is fair and equitable. *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988). The court must weigh the conflicting interests of all relevant parties and consider "such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors." *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). *See In re Rankin*, 396 B.R. 203, 208 (E.D. Mich. 2008) (*citing Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 870-871 (6th Cir. BAP 2007)).

7. The Court also is to consider the paramount interest of the creditors and a proper deference to their reasonable views. *In re Fodale*, 2013 WL 663729 at * 6, No. 10-69502 (Bankr. E.D. Mich. Feb. 21, 2013).

8. Assuming, *arguendo*, that the Forbearance Agreement constitutes an executory contract,[2] in considering a request to authorize assumption of an executory contract pursuant to section 365(a) of the Code, generally, a court is to evaluate the decision to assume the executory contract under the business judgment and benefit to the estate standards. *In re Greektown Holdings, LLC*, 2009 WL 1653461 at * 1, No. 08-53104 (Bankr. E.D. Mich. May 13, 2009). A debtor seeking to assume an executory contract has the burden of proving that the requirements for assumption have been met. *Id.* (citing *In re Rachels Indus., Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990)). A court is to review the debtor's decision to assume by evaluating whether assumption will serve the reorganization and whether the settlement would take away funds that would otherwise be available for other creditors. *In re Evans Coal Corp.*, 485 B.R. 162, 167 (Bankr. E.D. Tenn. 2013) (*citing ReGen Capital I, Inc. v. UAL Corp. (In re UAL Corp.*), 635 F.3d 312, 319 (7th Cir. 2011)). In essence, the business judgment rule requires the estate to assume a contract only where doing so will be to its economic advantage. *See COR Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 383 (2d Cir. 2008).

## **Argument**

9. The City asserts that the Forbearance Agreement is the product of intense, arm's length negotiations, that assumption of the Forbearance Agreement is a sound exercise of the City's business judgment, and that the settlement is fair, equitable, and in the best interests of creditors. The City further claims that the Forbearance Agreement contains concessions critical to the City's ability to maintain liquidity and provides significant value to the City and its creditors.

---

[2] The Sixth Circuit follows a functional approach to determine whether a contract is executory. *In re Jolly*, 574 F.2d 349, 350 (6th Cir. 1978); *In re Magness*, 972 F.2d 689, 694 (6th Cir. 1992); *In re DMF Financial Servs., Inc.*, 274 B.R. 465 (Bankr. E.D. Mich. 2002).

10. However, the Settlement Motion fails to provide sufficient information about the potential claims it is waiving to allow creditors, parties in interest, and this Court to fully evaluate the proposed assumption and settlement.

11. For example, the City, Emergency Manager, and Service Corporations have agreed not to contest the interest that the Swap Counterparties assert in the Casino Revenues and to schedule the claims of the Swap Counterparties as "undisputed, fully secured claims." Settlement Motion at p. 16. However, the Settlement Motion provides insufficient information as to what grounds may exist to challenge the Swap Contracts or the City's alleged pledge of the Casino Revenues to secure its obligations to the Swap Counterparties, the likelihood that such a challenge would be successful, and the effect such a challenge (if successful) would have on the City's creditors.[3]

12. Similarly, it is unclear what, if any, benefit the City will derive from the right to terminate the Swap Agreements early at a discount because even early termination on favorable terms would still result in substantial claims. It is entirely unclear how the City could pay such claims and, thus, unclear what benefit (if any) the right to early termination on discounted terms provides to the City.

13. The Settlement Motion also fails to explain what, if any, rights the City or Service Corporations may have to repay the COPs prior to the scheduled payment date, why it was important to the Swap Counterparties that such not occur, and the effect the timing of repayment of the COPs would have on the City and its creditors.

---

[3] The Settlement Motion states that the City has examined whether there are viable actions to challenge the Swap Contracts and the City's alleged pledge of the Casino Revenues to secure its obligations to the Swap Counterparties but does not articulate the grounds it has examined for such challenges. Settlement Motion ¶¶ 47-49 at pp. 27-28.

14. The Forbearance Agreement appears to adversely affect EEPK's rights as a direct holder of COPS and a creditor of the City.

15. Based on the information in the Settlement Motion, it appears the City has failed to satisfy the standards for approval of assumption of the Forbearance Agreement and for approval of the settlement contained therein.

16. At a minimum, additional information should be disclosed to creditors, parties in interest, and the Court and discovery should be permitted so that the Settlement Motion is considered on a complete record and the effect of this substantial and sweeping proposed settlement upon the ultimate treatment of creditors in this case is fully understood.

**Joinder in Motion for Leave to Conduct Discovery**

17. Because of the limited information contained in the Settlement Motion, EEPK cannot, at this stage, adequately assess whether the proposed settlement is in the best interests of the City and its creditors. As a result, EEPK hereby joins in the Motion for Leave, and, pursuant to Local Rule 7026-3, requests leave to conduct discovery concerning the Settlement Motion.

18. A status conference on the Settlement Motion and the Motion for Leave is scheduled for 10 a.m. on August 2, 2013. EEPK intends to appear at the status conference and will request that the Court permit EEPK to participate in the determination of the scope and forms of discovery permitted, and to participate in taking discovery in connection with the Settlement Motion.

**Reservation of Right to Supplement or Amend this Response**

19. Because discovery is necessary for EEPK to fully evaluate and understand the effect of the proposed assumption and settlement, EEPK presently is unable to fully respond to the Settlement Motion. Accordingly, EEPK reserves the right to supplement, amend, or modify this preliminary response.

6

WHEREFORE, Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. respectfully requests that this Court deny the Settlement Motion, grant it leave to take discovery concerning the Settlement Motion, and grant it such other and further relief as is just and proper.

August 1, 2013.                                             Respectfully submitted,


/S/ Howard S. Sher
Howard S. Sher (P38337)
Jacob & Weingarten, P.C.
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Tel:  (248) 649-1200
Fax:  (248) 649-2920
E-mail:  howard@jacobweingarten.com

-and-

Matthew G. Summers
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Tel: (302) 252-4428
Fax: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Attorneys for Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# (Southern Division)

| | |
|---|---|
| In re ) | |
| ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, ) | |
| ) | Case No. 13-53846-swr |
| Debtor. ) | |
| ) | Hon. Steven W. Rhodes |
| ) | |

## CERTIFICATE OF SERVICE

I, Lynnea Koerber, state that on August 1, 2013, I did file a copy of Erste Europaische Pfandbrief- Und Kommunalkreditbank Aktiengesellschaft In Luxemburg S.A.'S (A) Preliminary Objection To Motion Of Debtor For Entry Of An Order (I) Authorizing The Assumption Of That Certain Forbearance Agreement And Optional Termination Agreement Pursuant To Section 365(A) Of The Bankruptcy Code, (Ii) Approving Such Agreement Pursuant To Rule 9019, And (Iii) Granting Related Relief And (B) Joinder In Motion Of Syncora Guarantee, Inc. And Syncora Capital Assurance Inc. For Leave To Conduct Limited Discovery with the clerk of the Court using the ECF System and I hereby certify that the Courts ECF system has served all registered users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 1, 2013

/s/ Lynnea Koerber
Lynnea Koerber
howard@jacobweingarten.com