UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                              :
In re                                         :    Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                    :    Case No. 13-53846
                                              :
                    Debtor.                   :    Hon. Steven W. Rhodes
                                              :
                                              :
------------------------------------------------------x

**NOTICE OF PROPOSED FORM OF ORDER
IN RESPECT OF MOTION FOR AN ORDER DIRECTING THE
<u>APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.  On July 19, 2013, the City of Detroit, Michigan, the above-captioned debtor (the "<u>City</u>"), filed the Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (Docket No. 20) (the "<u>Motion</u>"), attached to which was a proposed form of order granting the Motion (the "<u>Initial Proposed Order</u>").

2.  Attached hereto as <u>Exhibit A</u> is a revised proposed form of order granting the Motion (the "<u>Revised Proposed Order</u>").

3.  The Revised Proposed Order addresses and resolves certain concerns expressed by the United States Trustee for the Eastern District of

Michigan regarding the Initial Proposed Order. A blackline showing all changes to the Initial Proposed Order incorporated into the Revised Proposed Order is attached hereto as Exhibit B.

Dated: August 1, 2013               Respectfully submitted,


                                    /s/ Heather Lennox
                                    David G. Heiman (OH 0038271)
                                    Heather Lennox (OH 0059649)
                                    JONES DAY
                                    North Point
                                    901 Lakeside Avenue
                                    Cleveland, Ohio 44114
                                    Telephone: (216) 586-3939
                                    Facsimile: (216) 579-0212
                                    dgheiman@jonesday.com
                                    hlennox@jonesday.com

                                    Bruce Bennett (CA 105430)
                                    JONES DAY
                                    555 South Flower Street
                                    Fiftieth Floor
                                    Los Angeles, California 90071
                                    Telephone: (213) 243-2382
                                    Facsimile: (213) 243-2539
                                    bbennett@jonesday.com

                                    Jonathan S. Green (MI P33140)
                                    Stephen S. LaPlante (MI P48063)
                                    MILLER, CANFIELD, PADDOCK AND
                                       STONE, P.L.C.
                                    150 West Jefferson
                                    Suite 2500
                                    Detroit, Michigan 48226
                                    Telephone: (313) 963-6420
                                    Facsimile: (313) 496-7500
                                    green@millercanfield.com
                                    laplante@millercanfield.com

                                    ATTORNEYS FOR THE CITY

# **EXHIBIT A**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
In re                                         : Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                    : Case No. 13-53846
                                              :
              Debtor.                         : Hon. Steven W. Rhodes
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## ORDER, PURSUANT TO SECTION 1102(A)(2) OF THE BANKRUPTCY CODE, DIRECTING THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES

This matter coming before the Court on the Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion, the Declaration of Kevyn D. Orr filed contemporaneously therewith (the "Orr Declaration"), the Declaration of Gaurav Malhotra filed contemporaneously therewith (the "Malhotra Declaration") and the Moore Declaration, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing");

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) the appointment of the Retiree Committee pursuant to section 1102(a)(2) of the Bankruptcy Code is necessary to ensure adequate representation of the Retirees in this chapter 9 case; and the Court having determined that the legal and factual bases set forth in the Motion, the Orr Declaration, the Malhotra Declaration and the Moore Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 1102(a)(2) of the Bankruptcy Code, the U.S. Trustee shall appoint a Retiree Committee to represent the Retirees. The Retiree Committee shall have the powers and duties prescribed in section 1103 of the Bankruptcy Code, except the power prescribed in section 1103(c)(4) of the Bankruptcy Code, in all cases subject to the limitations applicable in chapter 9 cases.

3. Nothing contained in the Motion or this Order shall be deemed an admission or a finding that the City has any obligation to provide any Retirement Benefits to any Retiree or other party.

4. In developing procedures for the solicitation of potential committee members and the formation of a representative committee, the U.S. Trustee may make reasonable requests for information from the City, including, but not limited to, contact information for the Retirees and each of the Unions and the Associations, to the extent such information is known to the City. After the U.S. Trustee forms the Retiree Committee, it shall promptly file an appropriate notice with the Court.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
: 
In re : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
: 
Debtor. : ~~Hon. _____~~
: Hon. Steven W. Rhodes
: 
------------------------------------------------------x

## ORDER, PURSUANT TO SECTION 1102(A)(2) OF THE BANKRUPTCY CODE, DIRECTING THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES

This matter coming before the Court on the Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion, the Declaration of Kevyn D. Orr filed contemporaneously therewith (the "Orr Declaration"), the Declaration of Gaurav Malhotra filed contemporaneously therewith (the "Malhotra Declaration") and the Moore Declaration, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court finding that

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, and (d) the appointment of the Retiree Committee pursuant to section 1102(a)(2) of the Bankruptcy Code is necessary to ensure adequate representation of the Retirees in this chapter 9 case ~~and (e) the Selection Procedures for the appointment of the Retiree Committee described herein are fair and are reasonably designed to result in a balanced and representative Retiree Committee~~; and the Court having determined that the legal and factual bases set forth in the Motion, the Orr Declaration, the Malhotra Declaration and the Moore Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 1102(a)(2) of the Bankruptcy Code, the U.S. Trustee shall ~~promptly~~ appoint a Retiree Committee to represent the Retirees~~, as set forth in the Selection Procedures~~. The Retiree Committee shall have the powers and duties ~~d~~prescribed ~~below~~in section 1103 of the Bankruptcy Code, except the power prescribed in section 1103(c)(4) of the Bankruptcy Code, in all cases subject to the limitations applicable in chapter 9 cases.

3. Nothing contained in the Motion or this Order shall be deemed an admission or a finding that the City has any obligation to provide any Retirement Benefits to any Retiree or other party.

4. In developing procedures for the solicitation of potential committee members and the formation of a representative committee, the U.S. Trustee may make reasonable requests for information from the City, including, but not limited to, contact information for the Retirees and each of the Unions and the Associations, to the extent such information is known to the City. After the U.S. Trustee forms the Retiree Committee, it shall promptly file an appropriate notice with the Court.

4. The following Selection Procedures are hereby approved:

- Promptly following the entry of this Order, the City shall contact various key Unions and Retiree Associations for input respecting potential Retiree representatives. Following such input, the City shall contact the U.S. Trustee to agree upon a method for identifying a representative sample from among the Retirees to solicit (collectively, the "Solicited Retirees");

- Within three business days of the City and U.S. Trustee identifying the Solicited Retirees, the City shall mail a notice and questionnaire in the form attached to the Motion as Exhibit 6 (the "Questionnaire") to each Solicited Retiree to determine his or her interest in serving on the Retiree Committee. The City also shall post the notice and the Questionnaire on the website established by the City's claims and noticing agent — www.kccllc.net/Detroit (the "Website").

- Any Solicited Retiree interested in serving on the Retiree Committee shall be required to complete the Questionnaire and fax or mail it to the U.S. Trustee's Office so that it is *received* by the U.S. Trustee no later than seven days after it is mailed to the Solicited Retiree by the City (the "Questionnaire Deadline").

- In addition, the City shall provide the U.S. Trustee with contact information for each of the Unions and Associations, to the extent known to the City. The U.S.

> Trustee may solicit the interest of Union or Association representatives to participate on the Retiree Committee.
>
> - The U.S. Trustee shall work promptly to select the individuals to serve on the Retiree Committee from those Solicited Retirees that submitted a Questionnaire by the Questionnaire Deadline, and from any Union or Association representatives solicited.
>
> - After the U.S. Trustee forms the Retiree Committee, it shall promptly file an appropriate notice with the Court.

~~5. Nothing herein or in the Motion is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.~~

~~6~~5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.