UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:

CITY OF DETROIT, MICHIGAN

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

---

**RESPONSE AND LIMITED OBJECTION OF THE RETIRED
DETROIT POLICE MEMBERS ASSOCIATION
TO MOTION OF DEBTOR, PURSUANT TO SECTION 1102(a)(2) OF THE
BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING THE
APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES**

The Retired Detroit Police Members Association ("RDPMA"), by and through its attorneys, Strobl & Sharp, P.C., without acknowledging the jurisdiction of this Court, the constitutionality of the City of Detroit's ("Debtor" or "Detroit") Chapter 9 bankruptcy filing, or the eligibility of Detroit to relief under Chapter 9 of the Bankruptcy Code, hereby submits its Response and Limited Objection to the Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (the "Motion"), and states as follows,

I.   PRELIMINARY STATEMENT

The RDPMA is a newly formed association of retired members of all ranks of the Detroit Police Department. It is properly organized and operating pursuant to bylaws and appropriate governing documents. It has actively organized retired sworn Detroit Police personnel all of whom are currently receiving or will receive pension benefits under the Police Fire Retirement System ("PFRS") in order to provide meaningful information and representation to its members. The RDPMA currently has hundreds active dues-paying members.

The RDPMA does not necessarily object in principle to the appointment of committees to represent the interests of various unsecured creditor groups, including the retirees and retiree

associations in this matter should the Court determine that Detroit is eligible for relief under Chapter 9 of the Bankruptcy Code. However, the RDPMA is concerned with and objects to Detroit's motion on the following grounds: (1) the Motion is premature as the order for relief has not yet been entered in this matter; (2) the selection procedures set forth in the Motion are improper; and (3) the Motion improperly proposes to include the Unions as a member of the Retirees' Committee; (4) the Motion fails to recognize the different interests between the participants in the General Retirement System of the City of Detroit (the "GRS")'and the interest of the participants in the PFRS; and (5) the Motion fails to provide for funding professional fees of the Retiree Committee.

## II.  THE DEBTOR'S MOTION IS PREMATURE

The Detroit Chapter 9 Petition was filed late in the afternoon on July 18, 2013. The following morning, Detroit filed its motion seeking an order directing the appointment of a committee of retired employees (Docket 20). An order for relief has not yet been entered in this matter. The procedures for determining whether Detroit is eligible for relief under Chapter 9 of the Bankruptcy Code have not yet been finalized.

Bankruptcy Section 1102(a) provides, in relevant part, as follows:

(1)  Except as provided in paragraph (3), as soon as practicable **after the order for relief** under Chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate.

(2)  On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

11 U.S.C. § 1102(a) (emphasis added). Under Section 1102(a), there is no authority for the United States trustee to appoint a committee prior to the entry of the order for relief by the Court.

Moreover, pursuant to 11 U.S.C. 921(d), "[i]f the petition is not dismissed under subsection (c) of this section, the court shall order relief under this chapter notwithstanding section 301(b)." The code clearly states that in a Chapter 9 filing, the Petition is not deemed to be the order for relief such that the US Trustee would be authorized under Section 1102(a) to appoint a Retiree Committee.

In *In re City of Vallejo, California* (Bankruptcy Court, Eastern District of California, Docket No. 08-26813), the Bankruptcy Court specifically found that a motion filed by the Vallejo Police Officers' Association for the appointment of a committee for the retirees and designating the Unions as the retirees' representative was premature because "the court has not yet resolved the objections to the debtor's petition." See also Exhibit A, Minute Entry, City of Vallejo, California, United States Bankruptcy Court, Eastern District, Docket No. 08-26813, July 25, 2008). See 11 U.S.C. §921(d). Similarly, in the matter of *In re: City of Stockton, California*, (Bankruptcy Court, Eastern District of California, Docket No. 12-32118), the Chapter 9 petition was filed on June 28, 2012 and yet the order appointing an official committee of retirees was not entered until April 1, 2013, the same day the court entered the order for relief. See Exhibit B. The Motion is premature and may impair and/or lead to the failure of the active retirees and retiree associations from participating in the eligibility process.

The RDPMA does not, however, object to the Court determining the procedures for the US Trustee relating to the selection of committee members during the interim period prior to the entry of the order for relief, as the RDPMA understands and shares the Court's sense of urgency within this proceeding.

3

## III. THE PROPOSED PROCEDURES FOR SELECTION OF THE COMMITTEE ARE IMPROPER

Detroit's Motion proposes to directly involve Detroit in the selection process by proposing to have the Debtor identify the retirees to be solicited by the US Trustee for participation on the committee. Moreover, it has been proposed that Detroit will be the entity to make contact with various key Unions and Retiree Associations regarding committee formation. Under Section 1102(a), the United States Trustee has the exclusive authority to select and appoint a committee of unsecured creditors. 11 U.S.C. § 1102(a). Moreover, Local Rule 2014-2 specifically prohibits a debtor and insiders from attempting to influence the selection of professionals by a committee appointed by the US Trustee. E.D. Mich LBR 2014-2. It follows that a debtor should not be permitted to influence the selection and formation of a committee in a case under Chapter 9 as well. It is inappropriate for Detroit to contact the Unions and/or the Associations regarding committee formation or to identify for the US Trustee those retirees who should be solicited for participation on the committee. The US Trustee has the sole authority to appoint committee members and therefore the US Trustee should be the only party to contact Unions, Retiree Associations and retirees regarding solicitation and formation of an official committee. *In re Dow Corning Corp.*, 212 B.R. 258, 264 (Bankr. E.D. Mich 1997).

Moreover, the procedures proposed by Detroit allow very limited time for the solicited retirees to return the Questionnaire to the US Trustee's Office. Detroit proposes that the completed Questionnaire must be **received** by the US Trustee's Office one week after mailing. Given mailing time, and the likelihood that some retirees who may desire to participate live outside the immediate area, this time frame is unreasonable. In light of the inability of the US Trustee to appoint a committee until the court has entered an order for relief, which is likely not

4

to occur prior to late October, the solicited retirees should be afforded adequate time to review, complete and return the Questionnaire.

### IV. THE UNIONS SHOULD NOT BE INVOLVED IN FORMATION OF NOR SHOULD THEY PARTICIPATE ON THE RETIREE COMMITTEE

It is inappropriate for Detroit to contact the Unions regarding solicitation of retirees and to suggest that the US Trustee may solicit Union representatives to participate as members of the proposed Retiree Committee. There are inherent conflicts of interest in allowing the Unions, whose members continue to receive wages, salary and other current benefits, to influence the formation of or participate on the Retiree Committee. The Unions should have no involvement in or influence of the positions taken by a Retiree Committee.

### V. IF THE COURT ORDERS THE APPOINTMENT OF A RETIREE COMMITTEE IT SHOULD ORDER THE APPOINTMENT OF A MINIMUM OF TWO RETIREE COMMITTEES

In its Motion, Detroit argues that a retiree committee will "(a) provide representation to the Retirees that they otherwise would lack, (b) **provide a single party to negotiate with the City on behalf of the Retirees as a group** and (c) assist the many thousands of Retirees in expressing their views and exercising their rights during the City's restructuring." Motion at ¶ 25, emphasis added. Detroit wrongly assumes that all Detroit retirees have identical interests in protecting their pension benefits.

While there may be a similar interest among all retirees to protect the maximum amount of benefits possible, there are significant differences between the interests of the participants in the GRS from the interests of the members of RDMPA who participate in the PFRS. Most notably, while they were active members of the Detroit police force, members of RDPMA did not pay into the social security system and have made no contributions to Medicare. Therefore,

5

retired Detroit police personnel are not eligible to collect social security and may not be eligible for coverage under Medicare. Consequently, unlike other retirees who are eligible for both social security and Medicare, retired police officers must rely solely on their pension benefits.

It would be inappropriate to form a single committee constituted with participants in both the GRS and PFRS to act as a single negotiating party on behalf of all retirees. Detroit's argument that one committee can adequately negotiate on behalf of all retirees is not supported by the unique circumstances of the various retiree groups and is not supported by the Bankruptcy Code. Section 1114, the only provision in the Bankruptcy Code that allows for the appointment of a single committee on behalf of retirees, is specifically not incorporated into Chapter 9. There is in fact, no basis for allowing a single committee with membership including participants from the GRS to bind participants in the PFRS.

Participants in the PFRS have a unique interest in protecting their pension benefits. Their pension benefits in many instances are likely their only retirement income. To the extent it is appropriate to appoint committees for the retirees, the Court should direct the appointment of a committee comprised solely of the retiree and various retiree associations whose membership is comprised of retired police and firefighters.

## VI. ANY ORDER DIRECTING THE APPOINTMENT OF A RETIREE COMMITTEE SHOULD PROVIDE FOR FUNDING FOR SUCH COMMITTEE

There is no provision in Chapter 9 that specifically provides for the payment for professional fees of official committees. As a result, an order directing the appointment of a committee that fails to direct the funding of the professionals required by the committee would be meaningless. Without resources to fund professionals, a Retiree Committee would be unable to effectively participate in any matters or to negotiate on behalf of its members. Inclusion of

6

13-53846-tjt    Doc 256    Filed 08/01/13    Entered 08/01/13 16:09:51    Page 6 of 16

specific language directing the Debtor to provide adequate funding to the appointed committees is necessary to ensure that these representative groups have the means necessary in order to represent the concerns of their constituents.

WHEREFORE, the RDPMA would request that this Honorable Court overrule the Debtor's Motion as it is presented and grant such other relief the Court deems just and equitable.

Respectfully Submitted,

**STROBL & SHARP, P.C.**

_/s/ Lynn M. Brimer_
LYNN M. BRIMER (P43291)
MEREDITH E. TAUNT (P69698)
MALLORY FIELD (75289)
Attorneys for the Retired Detroit
Police Members Association
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
E-mail: lbrimer@stroblpc.com

Dated: August 1, 2013
*S&B\85999\999\PLDG\SB423027.DOCX

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

| | | | |
|---|---|---|---|
| **Case Title :** | City of Vallejo, California | **Case No :** | 08-26813 - A - 9 |
| | | **Date :** | 7/25/08 |
| | | **Time :** | 01:30 |
| **Matter :** | [107] – Motion/Application for Order Appointing Unions as Retiree Benefit Representatives for Retirees from their Work Units [FBM-1] Filed by Creditors International Association of Firefighters, Local 1186, International Brotherhood of Electrical Workers, Local 2376, Vallejo Police Officers' Association (cmcs) | | OPPOSED |
| **Judge :** | Michael S. McManus | | |
| **Courtroom Deputy :** | Sarah Head | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Denied
See final ruling below.

ORDER TO BE PREPARED BY :     Movant(s)

Final Ruling: The motion will be denied.

The Vallejo Police Officers' Association, the International Association of Firefighters Local 1186, and the International Brotherhood of Electrical Workers, Local 2376 (collectively the "Unions"), seek an order authorizing the Unions to act as the representatives of retirees with respect to negotiations and litigation concerning modifications of their retiree benefits other than pension obligations, and for an order requiring the debtor to amend its list of 20 largest creditors by designating the Unions as representatives of the retirees in their work units with respect to their unfunded retiree medical benefit claims.

Mustafa G.R.S. Abdul-Ghanee, a community member of the City of Vallejo, opposes the motion, contending that the granting of the motion is not in the best interest of the Vallejo community. Mr. Abdul-Ghanee requests that the court appoint the debtor as a representative of the retirees, "in the absence of an official request from the retirees."

The debtor also opposes the motion, arguing that: (1) the relief requested by the motion is not authorized in the chapter 9 context; (2) the relief requested is premature because no order for relief has been entered, the U.S. Trustee has not been yet authorized to appoint any committees, and the debtor has not modified or proposed to modify any of the retirees' health or medical benefits; and (3) the motion should not be heard until the motion has been noticed on the retirees.

The motion will be denied for three reasons.

First, this motion has not been noticed on any of the retirees the Unions are seeking to represent. Without

an opportunity for the retirees to respond and be heard on this motion, the court will not consider authorizing the Unions to represent them.

Second, the Unions would have a conflict of interest in representing currently employed police officers, firefighters, and electrical workers, along with the retirees. The impact of the debtor's Pendency Plan on future medical or other non-pension benefits of retirees or current employees is much more limited than the impact on salaries of police officers, firefighters, and electrical workers currently employed by the debtor. See Pendency Plan at 2-4. The plan proposes the elimination of upcoming large salary increases for the employees. In contrast, the plan makes no changes to future medical benefits of the retirees and reduces leave pay-outs only for employees who leave in the upcoming fiscal year. Even with the debtor's concession that it plans to impose an additional deferral of leave balances for employees who retired between February 10, 2008 and June 30, 2008, the plan's impact on current employees represented by the Unions is drastically different from the plan's impact, or absence thereof, on the retirees' non-pension benefits. Hence, the court concludes that any representation of the retirees by the Unions, as to non-pension benefits, would create a conflict of interest in the Unions' decision to oppose or support the debtor's plan. Retirees whose non-pension benefits are not affected by the plan will probably support it, whereas current employees represented by the Unions will probably oppose the plan as it calls for elimination of their salary increases.

Third, the court has not yet resolved the objections to the debtor's petition and has not even considered the merits of the debtor's plan. Also, in the event the court reaches the issue of who should represent the retirees, the court would like the U.S. Trustee's input. See 11 U.S.C. §§ 901(a), 1102(a)(1), (2).

The motion, then, is premature and it will be denied.

# Exhibit B

**FILED**

APR 1 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                        )   Case No. 12-32118-C-9
                                              )
CITY OF STOCKTON, CALIFORNIA,                 )
                                              )
                                              )
            Debtor(s).                        )
_____)

**ORDER FOR RELIEF**

IT IS ORDERED AND ADJUDGED that, pursuant to 11 U.S.C. § 921(d), relief is ordered under chapter 9.

Dated:   April 1, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Marc A. Levinson
400 Capitol Mall #3000
Sacramento CA 95814-4407

—all parties in interest—

Dated: 4/1/13

_____
DEPUTY CLERK  SWAS

- 2 -

2
Antonia Darling – 76190
Assistant U.S. Trustee
UNITED STATES DEPARTMENT OF JUSTICE
501 "I" Street, Suite 7-500
Sacramento, California 95814
(916) 930-2100/ Fax (916) 930-2099
antonia.darling@usdoj.gov

Attorneys for August B. Landis,
Acting United States Trustee, Region 17

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No.: 12-32118-C-9 |
| | ) |
| **City of Stockton** | ) D.C. No.: UST-1 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

# APPOINTMENT OF OFFICIAL COMMITTEE OF RETIREES

Pursuant to Sections 1102(a) and 1102(b)(1) of the Bankruptcy Code, made applicable to a chapter 9 case by Section 901, the following members of the current Ad Hoc Committee of Retirees, are appointed to the Official Committee of Retirees:

**COMMITTEE MEMBERS :**

(1) **Dwane Milnes**, email address: dwane.milnes@sbcglobal.net

(2) **Robert Sivell**, email address: sivellfarms@msn.com

(3) **L. Patrick Samsell**, email address: psamsell@comcast.net

(4) **Mark Anderson**, email address: andrsnz@aol.com

(5) **Larry Long**, email address: llong0858@sbcglobal.net

(6) **Mary Morley**, email address: m5122@sbcglobal.net

(7) **Cynthia Neely**, email address: love2gallivant@yahoo.com

(8) **Morris Allen**, email address: mlaciveng@comcast.net

(9) **Rick Butterworth**, email address: rbutterworth52@hotmail.com

(10) **Anthony Delgado**, email address: bmradct@yahoo.com

(11) **Shelley Green**, email address: shelly2500@sbcglobal.net

(12) **Gary Ingraham**, email address: gcingraham@comcast.net

(13) **Frank Johnston**, email address: frank.johnston@gmail.com

Said Ad Hoc Committee, formed prior to the Order for entry of relief, was created when the Association of Retired Employees of the City of Stockton ("ARECOS") caused a letter dated October 15, 2012 ("Solicitation Letter") to be sent to all retired employees of the City, seeking volunteers to serve on such committee. The current members consist of all retirees who indicated a willingness to serve. The Acting United States Trustee deems that the Ad Hoc committee was fairly chosen and represent the different kinds of interest within the creditor group, and therefore it meets the requirements of section 1102 (b)(1) to be appointed as the official committee.

Executed at Sacramento, California on this 1st day of April, 2013.

                                              Attorney for the Acting United
                                            States Trustee, August B. Landis

                                            /s/   Antonia G. Darling
                                            Antonia G. Darling
                                            E-filer: antonia.darling@usdoj.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:

CITY OF DETROIT, MICHIGAN

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 1, 2013, she caused to be electronically filed with the Clerk of the Court the ***Response and Limited Objection to the Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees*** by the Retired Detroit Police Members Association, and that such pleading was in turn served by the Clerk electronically upon all ECF participants in the above-captioned matter.

Respectfully Submitted,

**STROBL & SHARP, P.C.**

/s/ Lynn M. Brimer
LYNN M. BRIMER (P43291)
MEREDITH E. TAUNT (P69698)
MALLORY FIELD (75289)
Attorneys for the Retired Detroit
Police Members Association
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
E-mail: lbrimer@stroblpc.com

Dated: August 1, 2013
*S&B\85244\001\PLDG\SB423408.DOCX