UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                        Case No. 13-53846-SWR

**CITY OF DETROIT, MICHIGAN,**         Chapter 9

     Debtor.                              HON. STEVEN W. RHODES
_____/

**UNITED STATES TRUSTEE'S STATEMENT CONCERNING THE
INTERNATIONAL UNION, UAW'S RESPONSE TO MOTION OF DEBTOR,
PURSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE, FOR
ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A
COMMITTEE OF RETIRED EMPLOYEES, DOCKET # 237**

       Daniel M. McDermott, United States Trustee for Region 9, states as follows in response to the International Union, UAW's (hereinafter referred to as "the UAW") "Response to Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees, Docket #237 (UAW's Docket #237 hereinafter referred to as "the Response" and the Debtor's underlying 1102(a)(2) motion, Docket #20, hereafter referred to as "the Retiree Committee Motion).

       1.       In its Response, the UAW has asked the Court to direct that the United States Trustee appoint to the Retiree Committee any labor organizations willing to serve. Response at paragraph 5. This request seeks relief that is not available under law.

       2.       Section 1102(a)(2) of the Bankruptcy Code provides, if the court directs, that any additional committee be appointed by the United States Trustee. Nothing in that subsection or indeed in any other provision of law provides for the Court to mandate the appointment of any particular creditor to an official committee.

       3.       Specifically, section 1102(a)(4), cited by the UAW, does not authorize court action before a committee is appointed. That section, added by the 2005 Bankruptcy Amendments, does authorize a court to direct the United States Trustee to change the

composition of a committee if the court determines that the change is necessary to ensure adequate representation of creditors. 11 U.S.C. § 1102(a)(4).

4. The import of this section is clear. First the United States Trustee forms a committee. If a party does not believe that the committee as formed is adequately representative, the party may seek court relief. The issue is then whether the committee is representative, not whether a particular creditor should have been appointed. If the court finds that the committee is not adequately representative, it will direct the United States Trustee to change the committee composition. The United States Trustee will then take necessary actions to make the committee representative based upon the findings of the court.

5. The UAW is asking the court to prejudge the representation issue before the United States Trustee has appointed a Retirees Committee. Because such relief is not provided for by law, it must be denied.

6. The United States Trustee does not by this Statement suggest that the UAW or any other labor organization will be denied service on the Retiree Committee, but only proper procedures must be followed in forming the Committee.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By  /s/ Sean M. Cowley (P72511)
Sean.Cowley@usdoj.gov
Maria D. Giannirakis
Maria.D.Giannirakis@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
Dated: August 1, 2013                    (313) 226-3432