#554544

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CASE NO: 13-53846-swr
CHAPTER: 9
JUDGE: STEVEN W. RHODES

CITY OF DETROIT, MICHIGAN,

DEBTOR.

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES CREDITOR, SHIRLEY A. SCOTT, and brings this Motion for Relief From Automatic Stay pursuant to 11 U.S.C. 362 (d) (1). In support of Creditor's motion, Creditor states the following:

1. The Debtor, City of Detroit, Michigan, received over $90 million dollars in federal assistance from the department of Housing and Urban Development (HUD) for the Debtor's 2011-2012 Fiscal Year (beginning July 1, 2011 and ending June 31, 2012).

2. The duties of a Recipient (Debtor) in receipt of federally sourced funds as stated in Subpart C—Duties of HUD Recipients (24 C.F.R.) are as follows:

    146.21 General Responsibilities.

    "Each recipient has primary responsibility to ensure that its programs and activities that receive Federal financial assistance from HUD comply with provisions of the Act, the government-wide regulation, and this part, and **shall take steps to eliminate violations of the Act**. A recipient also has responsibility to maintain records, provide information, and to afford HUD access to its records to the extent HUD finds necessary to determine whether a program or activity receiving Federal financial assistance from HUD is in compliance with the Act and this part." The federal act is Section 3 of the Housing and Urban Development Act of 1968.

Failure to comply with the General Duties may result as follows:

146.39 Enforcement procedures.

(a) HUD may enforce the Act of this regulation by:

"Termination of a recipient's financial assistance from HUD under the program or activity involved, if the recipient has violated the Act or this part. The determination of the recipient's violation may be made only after a recipient has had an opportunity for a hearing on the record before an Administrative law Judge. If the financial assistance consists of a Community Development Block Grant, the requirements of section 109(b) of the Housing and Community Development Act of 1974, 42 U.S.C. 5309, must also be satisfied before the termination of financial assistance. Cases settled in mediation or before hearing will not involve termination of a recipient's Federal financial assistance from HUD."

3. The Creditor filed a case in the United States District Court for the Eastern district of Michigan, Southern Division. The case was set for a Hearing on Motion for Dismissal in October 2013, and a Pre-Trial Hearing in January 2014 before the Honorable Sean F. Cox, Case No. 12-cv-14048. The Creditor's cause of action was Retaliation for Seeking to Enforce Section 3 of the HUD Act of 1968.

4. Following the Scheduling Order, the case was within the 30-day discovery period when the Creditor requested the Debtor to produce several documents pursuant to Rule 194.4. On July 17, 2013, the Creditor requested the Debtor to "Provide the Release of Funds date for CDBG, HOME, and NSP I and II funds for 2012-13." If the 2012-13 funds have not been released by HUD the 2013-14 federal funds may not be released. The Debtor, in bad faith, would have failed to meet its general responsibility of taking steps to eliminate violations of the Section 3 Act. The Debtor would not be able to carry out its fiduciary responsibilities of providing various services, and carrying out activities that generate employment opportunities for the Debtor's extremely low and low-income residents

without the availability of HUD sourced funds. It was, therefore, crucial that the Debtor respond to the Creditor's Production request.

5. On July 18, 2013, the Debtor filed a Voluntary Chapter 9 Bankruptcy with an Automatic Stay.

6. The Debtor will have an opportunity to prove that the Debtor did not force HUD to suspend the federal funding source for violating Section 3 of the HUD Act of 1968 if the automatic stay is lifted and the case continues in the federal court. In the case of *re: Inwood Heights Housing Development Fund Corp., Case No. 11-13322, 2011 BL 219634 (Bankr, S.D.N.Y. august 25, 2011*, "The United States Bankruptcy Court for the Southern District of New York granted a motion filed by several New York City agencies seeking to vacate for "cause" the automatic stay in effect following a Chapter 11 petition filed by a Debtor housing development corporation. At the same time, the Bankruptcy Court granted the city's request to dismiss the Debtor's Chapter 11 case, declaring that it would enter a dismissal order after the city sold Debtor's apartment building at a foreclosure sale.
Thereafter, on July 11, 2011 ("Petition Date") Inwood filed a petition for Chapter 11 Bankruptcy protection, the same day that HPD was scheduled to foreclose on the Property. NYC filed a motion ("Motion") seeking to dismiss Debtor's case for "cause" pursuant to 11 U.S.C. 112(b), or alternatively, to lift the automatic stay under 11 U.S.C. 362(d) to permit NYC to proceed with a foreclosure sale of the property."

7. Creditor requests this Honorable Court to lift the automatic stay for "cause" so that the Retaliation Case against the Debtor can continue in the federal court. The relief requested would not harm the Debtor's bankruptcy petition because the money damages

could be in the form of a professional services contract for the Creditor, which comes from administrative costs of the federal funds and not general city funding.

WHEREFORE, Creditor requests this Court to consider Creditor's Motion for Relief From Automatic Stay and afford Creditor what further relief this Court deems equitable and just. A copy of a proposed Order is attached hereto.

Respectfully submitted,

Dated: August 2, 2013

*Shirley A. Scott*
Shirley A. Scott

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  CASE NO: 13-53846-swr
CHAPTER: 9
JUDGE: STEVEN W. RHODES

CITY OF DETROIT, MICHIGAN,

        DEBTOR.
_____/

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter having come before the Court on Creditor's Motion for Relief From Automatic Stay, the Court having considered the motion, and having found cause:

IT IS ORDERED that the motion is granted.

Dated: _____  _____

        HONORABLE STEVEN W. RHODES