UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                         Chapter 9
                                                               Case No. 13-53846
City of Detroit, Michigan,                                     Hon. Steven W. Rhodes

     Debtor.
_____/

Order Regarding Comment Period on Revised Mediation Order

Interested parties may submit comments regarding the attached Proposed Revised Mediation Order as well as comments regarding a proposed Mediator directly to Judge Rhodes in care of the Bankruptcy Clerk's office by August 9, 2013. Comments should be sealed in an envelope and labeled "CONFIDENTIAL MEDIATION ORDER COMMENTS." Comments should not be filed through CM/ECF.

## *Proposed* Mediation Order

Pursuant to 11 U.S.C. § 105, the Court concludes that it is necessary and appropriate to order the parties to engage in the facilitative mediation of any matters that the Court refers in this case. Accordingly, it is ordered:

1. After consultation with the parties involved, the Court may order the parties to engage in any mediation that the Court refers in this case.

2. With his consent, Chief District Judge Gerald Rosen, United States District Court, Eastern District of Michigan, is appointed to serve as judicial mediator in this case for purposes of facilitative mediation. The judicial mediator is authorized to enter any order necessary for the facilitation of mediation proceedings.

3. Chief Judge Rosen may, in his discretion, direct the parties to engage in facilitative mediation, with such other mediators, judicial or non-judicial, as he may designate. The fees and expenses of any non-judicial mediators shall be shared by the parties as directed by Chief Judge Rosen.

4. All proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence.

5. If a settlement is reached, the agreement shall be reduced to writing.

6. If a motion for approval of the settlement under F.R.Bankr.P. 9019 is necessary, the parties shall file it within 14 days after the agreement is fully executed.

7. For each mediation session, the judicial mediator or non-judicial mediator shall have the authority to establish the mediation process, including the submission of

documents, the attendance of parties with authority to settle, the procedure governing the mediation, and the schedule for the mediation.

8. The judicial mediator or any mediator appointed by him shall not be called as a witness.

9. All non-judicial mediators appointed under this order shall function as quasi-judicial officers under the authority of the court and are therefore immune from suit.

10. The parties shall make every effort to schedule mediation sessions with the mediator consistent with established hearing dates. The Court will grant a request to adjourn a hearing date to accommodate a mediation session only upon a motion establishing good cause and upon the recommendation of the mediator.

11. After due notice to the parties and pursuant to E.D. Mich. LBR 9029-1, the applicability of E.D. Mich. LBR 7016-2 is suspended in this case to allow the foregoing alternative mediation process. For matters the Court has not referred to mediation, the parties may nonetheless request the court to order mediation under the process established by E.D. Mich. LBR 7016-2.

.

**Signed on August 02, 2013**

                                 /s/ Steven Rhodes
                                 **Steven Rhodes**
                                 **United States Bankruptcy Judge**