UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

     Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

_____/

RAYMOND GUZALL III (P60980)
RAYMOND GUZALL III, P.C.
Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, MI 48334
(248) 702-6122
Fax: (248) 702-6124
rayguzall@attorneyguzall.com

# CREDITOR MICHAEL BEYDOUN'S MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES creditor, MICHAEL BEYDOUN, (referred to as

CREDITOR and Beydoun herein) by and through his attorney, Raymond

Guzall III, P.C., by Raymond Guzall III, and for his Motion For Relief from

Automatic Stay, pursuant to LBR 4001-1 and other applicable law, states

as follows:

1. Creditor Michael Beydoun obtained a jury verdict, attorney fees, costs and interest against the Debtor City of Detroit in the amount of $2,195,079.83.

2. Judgment was entered on April 26, 2011. (Ex. A, attached to Brief).

3. The Order granting attorney fees, interest and costs was entered on June 3, 2011. (Exhibit B, attached to Brief).

4. The City of Detroit filed an appeal with the Michigan Court of Appeals. (Exhibit C, attached to Brief).

5. The Michigan Court of Appeals ruled in favor of Beydoun, as the appeal was frivolous, and was a bad faith attempt to delay paying on the judgment. (Exhibit D, attached to Brief, May 21, 2013 Opinion of the Michigan Court of Appeals).

6. The City of Detroit's Corporate Counsel contacted Mr. Beydoun's Counsel prior to filing their application for leave to appeal to the Supreme Court of Michigan, and expressed in two phone conversations (June 19, 2013 at 2:00 pm and June 25, 2013 at 2:37 pm), their attempt to force Beydoun to settle for a "substantial" lesser amount than the judgment in his case, otherwise they would file their application for leave to appeal the matter to delay it further so that

1

they could discharge his judgment in bankruptcy. (Exhibit E, attached to Brief, City of Detroit's application for leave to appeal to the Michigan Supreme Court, June 27, 2013).

7.  On July 5, 2013, Mr. Beydoun filed a **"MOTION FOR IMMEDIATE CONSIDERATION OF DEFENDANT/APPELLANT'S APPLICATION FOR LEAVE TO APPEAL"**. (Exhibit F, attached to Brief, Motion for Immediate consideration).

8.  On July 18, 2013, the City of Detroit filed a petition for relief under the United States Bankruptcy Code.

9.  On July 24, 2013, the City of Detroit filed a "Notice of Suggestion of Pendency of Bankruptcy Case and Application of the Automatic Stay". (Exhibit G, attached to Brief).

10. On July 31, 2013, the Michigan Supreme Court officially closed Mr. Beydoun's case until the stay is lifted. (Exhibit H, attached to Brief).

11. Because the City of Detroit's filing for bankruptcy was **improper and/or fraudulent**, in particular, in application to Mr. Beydoun, the automatic stay should be lifted affording Mr. Beydoun the ability to move forward in the Michigan Supreme Court and seek the imposition of a bond and other collection relief if necessary to ensure

2

that justice is done and Mr. Beydoun receives that which is properly owed to him.

12. The proposed order attached should be entered. (Exhibit 1).

13. Notice of Motion and Opportunity to Object has been filed. (Ex. 2).

14. Additional proof supporting the relief requested lies within and is attached to Mr. Beydoun's Brief. (Ex. 3).

15. Certificate of Service is attached at exhibit 4. (Ex. 4).

WHEREFORE, CREDITOR MICHAEL BEYDOUN requests this Honorable Court to lift the automatic stay in this case as it pertains to him and his case before the Michigan Supreme Court and enter the attached proposed order. Creditor Beydoun also requests all other relief this Court deems appropriate in his favor, including but not limited to attorney fees and costs for having to bring this motion.

Respectfully submitted,
Raymond Guzall III, P.C.

/s/ Raymond Guzall III
Raymond Guzall III (P60980)
Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
Phone:     (248) 702-6122
Fax:        (248) 702-6124
Rayguzall@attorneyguzall.com

3

## CREDITOR MICHAEL BEYDOUN'S INDEX OF EXHIBITS FOR HIS MOTION TO LIFT AUTOMATIC STAY

1. Proposed Order

2. Notice of Motion and Opportunity to Object

3. Brief in support of Motion with exhibits

4. Certificate of service

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

     Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## ORDER LIFTING AUTOMATIC STAY AS TO CREDITOR MICHAEL BEYDOUN

This matter having come before the Court pursuant to a Motion brought by Creditor Michael Beydoun, the Court having reviewed that Motion and Brief attached, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that the automatic stay in the above captioned case is lifted as to creditor Michael Beydoun, and that he may proceed as if this bankruptcy case by the City of Detroit was never filed.


/s/_____
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

In re:

                                                 Chapter 9

City of Detroit, Michigan,

                                                 Case No. 13-53846

      Debtor.

                                               Hon. Steven W. Rhodes

_____/

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

    Creditor Michael Beydoun has filed papers with the court to [lift the automatic stay as to him and his case].

    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the court to [grant creditor Michael Beydoun relief from the automatic stay], or if you want the court to consider your views on the [motion], then on or before (August 22, 2013) , you or your attorney must:

    [File with the court a written request for a hearing {*or, if the court requires a written response*, an answer, explaining your position} at: **{bankruptcy clerk's office located at 211 W Fort St Detroit, MI 48226}**

    If you mail your {request}{response} to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail or email a copy to:

{movant's attorney's name and address

RAYMOND GUZALL III (P60980)
RAYMOND GUZALL III, P.C.
Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, MI 48334
(248) 702-6122
Fax: (248) 702-6124
rayguzall@attorneyguzall.com}
{names and addresses of others to be served are listed with the
Court in the e-filing system, which will automatically be served if e-
filed}]

[Attend the hearing scheduled to be held on_____, _____, at _____
a.m./p.m. in Courtroom_____, United States Bankruptcy Court,
{address}, *if scheduled by the Court*.]

[The deadline to file an objection to the motion is within 14 days after
service; objections shall comply with F.R.Civ.P. 8(b), (c), and (e); and
if an objection is not timely filed, the court may grant the motion
without hearing]

If you or your attorney do not take these steps, the court may decide
that you do not oppose the relief sought in the motion or objection and may
enter an order granting that relief.

Date: _8- 8 - 1 3_
Signature:_____
Raymond Guzall III (P60980)

Address: 31555 W.
Fourteen Mile Rd.,
Suite 320, Farmington
Hills, MI 48334

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

     Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

_____/

RAYMOND GUZALL III (P60980)
RAYMOND GUZALL III, P.C.
Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, MI 48334
(248) 702-6122
Fax: (248) 702-6124
rayguzall@attorneyguzall.com
_____/

## CREDITOR MICHAEL BEYDOUN'S BRIEF IN SUPPORT OF HIS MOTION FOR RELIEF FROM AUTOMATIC STAY

The facts cited within Mr. Beydoun's Motion, coupled with the attached exhibits show that the City of Detroit's filing for bankruptcy was done to avoid remedies afforded to CREDITOR BEYDOUN in his lawsuit against them, which they recently placed before the Michigan Supreme Court. (Ex. E). Where bad faith is found in the filing of a bankruptcy petition, the automatic stay will be lifted.

> "The Court of Appeals, Boyce F. Martin, Jr., Circuit Judge, held that debtor, which acquired possession of real property one day before it filed for bankruptcy relief, apparently driven by desire to prevent foreclosure, filed its Chapter 11 petition in "**bad faith**," and thus, cause existed for granting relief from automatic stay to mortgagee."
> *In re Laguna Assoc Ltd. Pship*, 30 F3d 734 (CA 6 1994), emphasis added.

> "Whether the debtor filed for relief in good faith is a discretionary determination that turns on the bankruptcy court's evaluation of a **multitude of factors**. As this Court has emphasized, "[g]ood faith is an amorphous notion, **largely defined by factual inquiry**." *In re Okoreeh-Baah,* 836 F.2d 1030, 1033 (6th Cir.1988). While no single fact is dispositive, courts have found the following factors meaningful in evaluating an organizational debtor's good faith:

> (1) the debtor has one asset;

> (2) **the pre-petition conduct of the debtor has been improper**;

> (3) there are only a few unsecured creditors;

> (4) the debtor's property has been posted for foreclosure, and

1

the debtor has been unsuccessful in defending against the
foreclosure in state court;

(5) **the debtor and one creditor have proceeded to a
standstill in state court litigation, and the debtor has lost** or
has been required to post a bond which it cannot afford;

(6) **the filing of the petition effectively allows the debtor to
evade court orders**;

(7) the debtor has no ongoing business or employees; and

(8) the lack of possibility of reorganization.

*Id.*, at 738, emphasis added.

"In detailing these indicia of bad faith, we are mindful that "no
list is exhaustive of all the conceivable factors which could be
relevant when analyzing a particular debtor's good faith." *In re
Caldwell,* 851 F.2d 852, 860 (6th Cir.1988); *see also In re
Barrett,* 964 F.2d 588, 591 (6th Cir.1992) (**"Our circuit's good
faith test requires consideration of the totality of
circumstances."**). *Id.,* emphasis added.

"When considered in light of the factors enumerated above, the
evidence before the bankruptcy court was sufficient to support
a finding that Laguna Associates **filed its petition in bad faith.
Created at the eleventh hour,...**" *Id.*, emphasis added.

The facts and exhibits attached hereto show that City of Detroit acted

at the eleventh hour in filing it's bankruptcy claim as it relates to paying the

judgment of Mr. Beydoun. Those facts and exhibits also show that the pre-

petition conduct of the debtor has been improper and the filing of the

petition effectively allows the debtor to evade court orders of all Michigan

2

Courts, in order to avoid payment of the monetary judgments owed to creditor Beydoun.

"The bankruptcy court may lift the automatic stay "for cause." § 362(d)(1)." *In re Trident Assoc Ltd. Pship*, 52 F3d 127, 131 (CA 6 1995). There exists cause in this case at Bar to lift the stay, as the facts herein show.

"Neither § 362(d) nor § 1112(b) define "cause," so "courts must determine whether discretionary relief is appropriate on a **case-by-case basis**."**9 *In re Laguna Associates,* 30 F.3d at 737. Under both of these sections, **bad faith can constitute cause**." *In re Trident Assoc Ltd. Pship, supra,* at 131, emphasis added.

Given the totality of the circumstances, coupled with the fact that the City of Detroit and/or Governor of the State of Michigan never allowed it's Emergency Manager the proper amount of time to even make an effort to prevent the filing for bankruptcy, (as was allowed in the City of Pontiac Michigan, Allen Park Michigan, Highland Park Michigan and several other cities), it is clear that it's petition for bankruptcy was filed in bad faith, at least as it relates to Mr. Beydoun's case and situation.

In addition, Emergency Managers who have been appointed by the

3

Governor of Michigan were appointed to <u>solve the financial problems of those cities,</u> and not to immediately file for bankruptcy. (Ex. I). As an example, Joyce Parker who was appointed as the Emergency Manager in Allen Park and Ecorse, is not a bankruptcy attorney. (Exhibits I and J).

Louis Schimmel, who was appointed as the Emergency Manager in Hamtramck and Pontiac is not a bankruptcy attorney. (Exhibits I and K). Fred Leeb who was appointed as the Emergency Manager in Pontiac is not a bankruptcy attorney. (Exhibits I and L). Joseph Harris who was appointed as the Emergency Manager in Benton Harbor is not a bankruptcy attorney. (Exhibits I and M).

Those cities have been in emergency financial status for years, and yet bankruptcy was not requested. (Ex. I). The Governor of the State of Michigan, the State of Michigan, Kevyn Orr and the City of Detroit have not proceeded in good faith under the emergency manager law, as the State of Michigan and other cities clearly have in the past and present, by making <u>attempts to avoid bankruptcy, attempts lasting several years, and not just a few months</u>. (Ex. I).

The debtor City of Detroit was placed into Emergency Financial Status by the State of Michigan. Previously, as evidenced by the attached

4

exhibits, each City under the rule and law of the emergency manager worked to resolve it's financial issues. The State of Michigan under the Emergency Manager Kevyn Orr, did not sell any of the City of Detroit assets in order to make good on their debt to Mr. Beydoun.

While there was talk throughout the media that Mr. Orr would sell the art at the Detroit Institute of Art or Belle Isle, those sales were not made. A good faith effort would begin with the sale of assets in order to at least attempt to make good on the debts owed.

The City of Detroit proceeded in bad faith when it failed to lease Belle Isle to the State of Michigan in an attempt to avoid filing for bankruptcy. (Exhibit N). That fact is simply one more example of the bad faith filing for bankruptcy by the City of Detroit as it relates to Mr. Beydoun and his case.

Detroit Mayor Bing publicly stated that Detroit did not need an emergency manager. (See "Detroit Mayor Bing: No secret deal cut with Lansing (VIDEO)" at www.myfoxDetroit.com, and Exhibit O). Detroit Mayor Bing hid the fact that he met with Kevyn Orr prior to an emergency manager being appointed and hid the fact that he was in negotiations to save his salary along with his staff. *Id.*

Not one good faith showing of at least one step in the right direction

to attempt to satisfy the debt owed to Mr. Beydoun was shown. For that reason alone, Mr. Beydoun's motion should be granted.

In addition, unlike creditors who loaned money to the City of Detroit and who were paid interest on those loans over the years, Mr. Beydoun has not received any such payment. Further, unlike creditors who loaned money to the City of Detroit with the knowledge that they may not receive all of those monies in return due to the claimed financial troubles in the City of Detroit, Mr. Beydoun never had that option, as his life was forever changed in a preventable auto accident when a City of Detroit police officer ran a red light and T-boned and totaled Mr. Beydoun's vehicle, leaving him with permanent nerve damage. (Ex. D and Ex. P, pages 15-18).

The City of Detroit claimed to be in financial ruin for decades, yet they chose now to file for bankruptcy. Why? The timing itself shows bad faith as it relates to the judgments in the Beydoun case. Also, the City of Detroit could have carried on without filing for bankruptcy. (See "Snyder and Orr explain why Detroit filed for bankruptcy" video at www.myfoxDetroit.com, and July 19, 2013 video of Governor Snyder admitting that Detroit could have gone forward as is, at; www.reuters.com/.../michigan-governor-calls-detroits-...). In addition, the

6

claim of appeals filed by the City of Detroit were wholly without merit, and were merely an attempt to avoid payment on the judgment to Mr. Beydoun. (Exhibits C, D, E and P). Those two facts coupled, illustrate that in the case of Mr. Beydoun, the filing of bankruptcy by the City of Detroit was in bad faith, and therefore the automatic stay should be lifted by this Court as to his case. The added fact that the City of Detroit and State of Michigan used the 'Emergency Manager' law and appointment as a cover for their planned bankruptcy, (as evidenced by the hiding of records and meetings and Michigan's past practice in making legitimate attempts to fix financial problems of it's cities), and in particularly where a bankruptcy filing was not required, is further support for Mr. Beydoun's argument.

WHEREFORE, CREDITOR MICHAEL BEYDOUN requests this Honorable Court to lift the automatic stay in this case as it pertains to him and his case before the Michigan Supreme Court and enter the attached proposed order. Creditor Beydoun also requests all other relief this Court deems appropriate in his favor, including but not limited to attorney fees and costs for having to bring this motion.

Respectfully submitted,
Raymond Guzall III, P.C.

/s/ Raymond Guzall III

7

Raymond Guzall III (P60980)
Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
Phone:     (248) 702-6122
Fax:       (248) 702-6124
Rayguzall@attorneyguzall.com

8

**CREDITOR MICHAEL BEYDOUN'S INDEX OF EXHIBITS FOR HIS BRIEF IN SUPPORT OF HIS MOTION TO LIFT AUTOMATIC STAY**

A.   April 26, 2011 Judgment

B.   Order granting attorney fees, interest and costs, entered on June 3, 2011

C.   City of Detroit appeal brief filed with Michigan Court of Appeals

D.   May 21, 2013 Opinion of the Michigan Court of Appeals

E.   City of Detroit's application for leave to appeal to the Michigan Supreme Court, June 27, 2013

F.   Motion for Immediate consideration to Michigan Supreme Court

G.   Notice of Suggestion of Pendency of Bankruptcy Case and Application of the Automatic Stay, dated July 24, 2013, filed by the City of Detroit with the Michigan Supreme Court

H.   July 31, 2013 Order of the Michigan Supreme Court officially closing Mr. Beydoun's case until the stay is lifted

I.   Chart listing emergency managers over the years in Michigan

J.   Resume of Joyce Parker

K.   Louis Schimmel's education and work background

L.   Fred Leeb's education and work background

M.   Joseph Harris' education and work background

N.   City of Detroit's failure to lease Belle Isle to the State of Michigan

O.   July 22, 2013 written report of Fox 2 News

P.   Mr. Beydoun's opposing brief in response to City of Detroit's application for leave to appeal to the Michigan Supreme Court

# EXHIBIT A

MICHAEL BEYDOUN,

        Plaintiff,

v

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

        Defendants.

Beydoun, Michael v Wills, Charles
Hon. Robert J Colombo, Jr.    10/29/2009

09-026647-NI

_____/

Barry A. Seifman (P20197)
Raymond Guzall III (P60980)
SEIFMAN & GUZALL, P.C.
Attorney for Plaintiff
30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248)538-0711

Marion R. Jenkins (P26257)
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3032

_____/

## ORDER OF JUDGMENT AGAINST CITY OF DETROIT
## IN FAVOR OF PLAINTIFF MICHAEL BEYDOUN

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ APR 26 2011 _____

PRESENT: HON. _____ ROBERT J. COLOMBO, JR
          HON. ROBERT J. COLOMBO, JR.

This matter having come before the Court, and tried before a jury, and the

jury rendering a verdict on April 8, 2011, and the Court being fully advised in the

premises:

IT IS HEREBY ORDERED that judgment is entered in favor of Plaintiff in the

amount of $125,000.00 for non-economic damages from the date of Plaintiff's injury

to the date of the jury verdict and $125,000.00 for future non-economic damages,

against the Defendant, City of Detroit.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff in the amount of $542,405.00 from the date of Plaintiff's injury to the date of the jury verdict as economic damages against the City of Detroit, and $1,493,250.00 in future economic damages against the Defendant, the City of Detroit.

IT IS FURTHER ORDERED that the above judgment amounts against the Defendant, City of Detroit, are reduced by 10% for comparative negligence pursuant to the jury's verdict. Therefore, it is ordered that the total jury verdict amount of $2,285,655.00 is reduced by 10%, which equates to $228,565.50.

Therefore, IT IS ORDERED that the total judgment in favor of Plaintiff, Michael Beydoun, and against Defendant, the City of Detroit, is $2,056,998.50.

IT IS FURTHER ORDERED that Defendant, Charles Benjamin Wills Jr., is dismissed from the case as of April 7, 2011, as ordered by the Court, after hearing oral arguments from both attorneys in open Court.

IT IS FURTHER ORDERED that Plaintiff, Michael Beydoun, shall be awarded costs and interest as provided by law, and that case evaluation sanctions shall be awarded upon presentment of such proofs to the Court after entry of this Order of Judgment, in accord with the law. This does not close the case because costs, interest and case evaluation sanctions will remain outstanding after entry of this Order.

ROBERT J. COLOMBO, JR.

HONORABLE ROBERT J. COLOMBO, JR.

# EXHIBIT B

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL BEYDOUN,

Plaintiff,

Case No. 09-026647- NI

v

Hon. Robert J. Colombo, Jr.
Bar No. P25806

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

Defendants.
_____/

Barry A. Seifman (P20197)
Raymond Guzall III (P60980)
SEIFMAN & GUZALL, P.C.
Attorney for Plaintiff
30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248)538-0711
_____/

Marion R. Jenkins (P26257)
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3032

## ORDER GRANTING PLAINTIFF'S MOTION FOR COSTS, ATTORNEY FEES AND STATUTORY INTEREST

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ JUN - 3 2011

PRESENT: HON._____ ROBERT J. COLOMBO, JR.
HON. ROBERT J. COLOMBO, JR.

This parties having appeared before the Court through their counsel upon Plaintiff's Motion for Costs and Attorney Fees Pursuant to Case Evaluation Sanctions under MCR 2.403 and other applicable law and for statutory interest, arguments having been heard and the Court being otherwise advised in the premises:

IT IS HEREBY ORDERED that costs are awarded to Plaintiff in the amount

of $ 4,231.08 , up to the date of this Order.

IT IS FURTHER ORDERED that attorney fees are awarded to Plaintiff's attorneys in the amount of $ $25,650.00 for the reasons stated on the record.

IT IS ALSO FURTHER ORDERED that statutory interest is awarded in the amount of $ 108,200.25 up to the date of June 30, 2011, and that statutory interest will continue to accrue according to law until the judgment and all outstanding monies owed are paid in full by Defendant City of Detroit.

IT IS FURTHER ORDERED THAT DEFENDANTS MOTION FOR New TRIAL IS Denied. This ORDER closes The CASE.

ROBERT J. COLOMBO, JR.

_____
HONORABLE ROBERT J. COLOMBO, JR.

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

_____
Raymond Guzall III

_____
MARION R. JENKINS

# EXHIBIT C

**MICHAEL BEYDOUN,**

    Plaintiff-Appellee,

v

**CHARLES BENJAMIN WILLS, JR.,**

    Defendant, and

**CITY OF DETROIT,**

    Defendant-Appellant.

Court of Appeals No. 304729

Wayne County Circuit Court
Case No. 09-026647 NI
Hon. Robert J. Colombo, Jr.

_____/

**RAYMOND GUZALL (P-60980)**
Law Offices of Raymond Guzall III
Attorney for Plaintiff-Appellee
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
(248) 702-6122

**SHERI L. WHYTE (P-41858)**
Assistant Corporation Counsel
Attorney for Defendant-Appellant
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3076

_____/

## BRIEF OF DEFENDANT-APPELLANT WITH EXHIBITS A - E

### ***ORAL ARGUMENT REQUESTED***

### PROOF OF SERVICE

CITY OF DETROIT LAW DEPARTMENT

Krystal A. Crittendon (P-49981)
Corporation Counsel

BY:   Sheri L. Whyte (P-41858)
       Assistant Corporation Counsel

K:\DOCS\APPEALS\whyts\a37000\brf\WS3182.WPD

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES ................................................. iii

STATEMENT OF JURISDICTION ............................................ vi

STATEMENT OF QUESTIONS INVOLVED ..................................... vii

STATEMENT OF FACTS ................................................... 1

ARGUMENT ............................................................. 2

I.     THE CITY WAS ENTITLED TO A DIRECTED VERDICT OR
JUDGMENT NOTWITHSTANDING THE VERDICT SINCE PLAINTIFF
DID NOT ESTABLISH NEGLIGENCE ON THE PART OF OFFICER
WILLS ................................................................ 2

     A.     Standard of Review ............................................ 2

     B.     Directed Verdict or JNOV Were Appropriate .................... 3

II.    ALTERNATIVELY, THE CITY IS ENTITLED TO A NEW TRIAL ......... 7

     A.     Standard of Review ............................................ 7

     B.     The City is Entitled to a New Trial Since the Case Should Not
Have Been Submitted to the Jury ............................... 8

     C.     The Trial Court Committed Reversible Error in Admitting
Plaintiff's Tax Records, Which Were Not Listed on the Final
Pre-Trial Order, Requiring a New Trial ........................ 9

III.   THE TRIAL COURT ERRED IN DENYING A NEW TRIAL OR
REMITTITUR BASED ON THE EXCESSIVE AND UNSUPPORTED
AMOUNTS AWARDED TO PLAINTIFF IN THE JURY'S VERDICT ...... 10

     A.     Standard of Review ........................................... 10

     B.     The Damage Award is Unsupported by the Evidence .............. 12

C. The Verdict Was Excessive and Against the Great Weight of
the Evidence. ........................................... 13

IV. SINCE THE CITY WAS ENTITLED TO JUDGMENT AS A MATTER OF
LAW, THE COSTS, INTEREST AND ATTORNEY FEES SHOULD BE
REVERSED ................................................ 13

CONCLUSION AND RELIEF REQUESTED ................................. 14

# INDEX OF AUTHORITIES

## CASES

Page

Alar v Mercy Hosp
208 Mich App 518; 529 NW2d 318 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Attard v Citizens Ins Co of America,
237 Mich App 311; 602 NW2d 633 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Bean v Directions Unlimited, Inc,
462 Mich 24; 609 NW2d 567 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Bynum v ESAB Group, Inc,
467 Mich 280; 651 NW2d 383 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Central Cartage Co v Fewless,
232 Mich App 517, 591 NW2d 422 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Drummey v Henry,
115 Mich App 107; 320 NW2d 309 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Dybas v Madziar,
unpublished opinion per curiam of the Court of Appeals,
issued April 7, 2011 (Docket No. 295512);
2011 Mich App LEXIS 625 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Farm Credit Services of Michigan's Heartland, PCA v Weldon,
232 Mich App 662; 591 NW2d 438 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Forge v Smith,
458 Mich 198, 580 NW 2d 876 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Frisch v State Farm Fire & Casualty Co,
unpublished opinion per curiam of the Court of Appeals,
issued January 16, 2007 (Docket No. 263939);
2007 Mich App LEXIS 55 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Jenkins v American Red Cross,
141 Mich App 785; 369 NW2d 223 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Kelly v Builders Square, Inc,
465 Mich 29; 632 NW2d 912 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Locke v Pachtman,
446 Mich 216; 521 NW2d 786 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

McPeak v McPeak (On Remand),
233 Mich App 483; 593 NW2d 180 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Meagher v Wayne State Univ,
222 Mich App 700; 565 NW2d 401 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Nabozny v Burkhardt,
233 Mich App 206; 591 NW2d 685 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Orzel v Scott Drug Co,
449 Mich 550; 537 NW2d 208 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Palenkas v Beaumont,
432 Mich 527; 443 NW2d 354 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

Precopio v Detroit,
415 Mich 447; 330 NW 2d 802 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rockafellow v Streeter,
332 Mich 366; 51 NW2d 249 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Setterington v Pontiac General Hosp,
223 Mich App 594; 568 NW2d 93 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Syzmanski v Brown,
221 Mich App 423; 562 NW2d 212 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Tucker v Sandlin,
126 Mich App 701; 337 NW2d 637 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Zander v Ogihara,
213 Mich App 438; 540 NW2d 702 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATUTES

MCL 257.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MCL 257.603(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## COURT RULES

MCR 2.611(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MCR 2.611(A)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

MCR 2.611(A)(1)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

MCR 2.611(A)(1)(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

MCR 2.611(A)(1)(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

MCR 2.611(A)(1)(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

MCR 2.611(E)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

MCR 7.203(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

MCR 7.204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

## STATEMENT OF JURISDICTION

After a three-day jury trial in this automobile negligence action, judgment in Plaintiff's favor was entered, against the City of Detroit only, on April 26, 2011. On June 3, 2011, an order was entered denying Defendant City's motion for post-trial relief and awarding Plaintiff costs, attorney fees and statutory interest. On June 23, 2011, Defendant filed its Claim of Appeal, pursuant to MCR 7.203(A) and MCR 7.204.

## STATEMENT OF QUESTIONS INVOLVED

I.    WAS THE CITY ENTITLED TO A DIRECTED VERDICT OR JUDGMENT NOTWITHSTANDING THE VERDICT SINCE PLAINTIFF DID NOT ESTABLISH NEGLIGENCE ON THE PART OF OFFICER WILLS?

        The trial court answered:    "No."
        Plaintiff-Appellee answers:    "No."
        Defendant-Appellant answers:    "Yes."

II.    ALTERNATIVELY, WAS THE CITY IS ENTITLED TO A NEW TRIAL, SINCE PLAINTIFF FAILED TO ESTABLISH NEGLIGENCE AND FURTHER SINCE THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING PLAINTIFF'S TAX RECORDS?

        The trial court answered:    "No."
        Plaintiff-Appellee answers:    "No."
        Defendant-Appellant answers:    "Yes."

III.    DID THE TRIAL COURT ERR IN DENYING A NEW TRIAL OR REMITTITUR BASED ON THE EXCESSIVE AND UNSUPPORTED AMOUNTS AWARDED TO PLAINTIFF IN THE JURY'S VERDICT?

        The trial court answered:    "No."
        Plaintiff-Appellee answers:    "No."
        Defendant-Appellant answers:    "Yes."

IV.    SINCE THE CITY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW, SHOULD THE COSTS, INTEREST AND ATTORNEY FEES BE REVERSED?

        The trial court answered:    "No."
        Plaintiff-Appellee answers:    "No."
        Defendant-Appellant answers:    "Yes."

## STATEMENT OF FACTS

On May 19, 2009 at approximately 6:30 p.m., Detroit Police Officer Charles Wills, Jr. was on routine patrol in the area of Telegraph and Schoolcraft Road when he received an emergency radio call for police assistance. Officer Wills activated his emergency equipment and proceeded at a cautious rate of speed southbound on Telegraph Road toward Schoolcraft Road. As he approached the intersection, he proceeded under a red light as permitted by Michigan statute. TR 4/7/11 at 114, 117.

Seated at the light and driving westbound on Schoolcraft Road was a vehicle operated by the Plaintiff, Michael Beydoun. In anticipation of the changing light, Mr. Beydoun proceeded into the intersection and hit Officer Wills' vehicle. Officer Wills was not able to answer the call for assistance.

The case was tried before a jury over three days - April 6, 7 and 8, 2011. Officer Wills was dismissed pursuant to a directed verdict motion at the close of proofs. On April 26, 2011, pursuant to the jury's verdict of April 8, 2011, a Judgment (Exhibit A) was entered against the City of Detroit in the total amount of $2,056,998.50.

Defendant City subsequently moved for an Order granting a new trial or, in the alternative, granting remittitur or, in the alternative, granting a judgment notwithstanding the verdict. Oral arguments were held on June 3, 2011, and on that same date an Order (Exhibit B) was entered denying the City's motion for post-trial relief and awarding Plaintiff $4,231.08 in costs, $25,650.00 in attorney fees, and $108,200.25 in statutory interest up to June 30, 2011.

Defendant City filed its instant Claim of Appeal on June 23, 2011.

none## ARGUMENT

## I. THE CITY WAS ENTITLED TO A DIRECTED VERDICT OR JUDGMENT NOTWITHSTANDING THE VERDICT SINCE PLAINTIFF DID NOT ESTABLISH NEGLIGENCE ON THE PART OF OFFICER WILLS.

### A. Standard of Review

Motions for directed verdict are reviewed de novo. Nabozny v Burkhardt, 233 Mich App 206, 209; 591 NW2d 685 (1998); Meagher v Wayne State Univ, 222 Mich App 700, 708; 565 NW2d 401 (1997). In reviewing a denied motion for directed verdict, the appellate court is to determine "whether the party opposing the motion offered evidence upon which reasonable minds could differ." Jenkins v American Red Cross, 141 Mich App 785, 792; 369 NW2d 223 (1985). The party opposing the directed verdict is given the "benefit of every reasonable inference that could be drawn from the evidence." Id. If the evidence presented by Plaintiff is insufficient to establish a prima facie case of negligence, the motion for directed verdict must be granted. Zander v Ogihara, 213 Mich App 438, 441; 540 NW2d 702 (1995). In its motion for directed verdict, Defendant City argued that

In deciding whether to grant a motion for a directed verdict, the trial court must view the evidence and all legitimate inferences arising from the evidence in favor of the nonmoving party. Locke v Pachtman, 446 Mich 216, 223; 521 NW2d 786 (1994). Id. A motion for a directed verdict should be granted only when no factual question exists upon which reasonable minds could differ. Alar v Mercy Hosp, 208 Mich App 518, 524; 529 NW2d 318 (1995).

The same test applies in review of motions for judgment notwithstanding the verdict. A trial court's decision to grant or deny a motion for JNOV is reviewed de novo. Attard v Citizens Ins Co of America, 237 Mich App 311, 321; 602 NW2d 633 (1999); Farm Credit Services of Michigan's

K:\DOCS\APPEALS\whyts\a37000\brf\WS3182.WPD

2

Heartland, PCA v Weldon, 232 Mich App 662, 672; 591 NW2d 438 (1998). Similarly, a judgment notwithstanding the verdict is appropriate where viewing the evidence in the light most favorable to the Plaintiff, the evidence is insufficient as a matter of law to create an issue for the jury and to support a judgment. See McPeak v McPeak (On Remand), 233 Mich App 483; 593 NW2d 180 (1999); Forge v Smith, 458 Mich 198, 204, 580 NW 2d 876 (1998). If reasonable minds could not have reached a different conclusion on material issues of fact and the verdict is contrary thereto, judgment notwithstanding the verdict is properly granted. See Tucker v Sandlin, 126 Mich App 701; 337 NW2d 637 (1983); Drummey v Henry, 115 Mich App 107, 111; 320 NW2d 309 (1982). If reasonable jurors honestly could have reached different conclusions, the jury verdict must stand. Central Cartage Co v Fewless, 232 Mich App 517, 524, 591 NW2d 422 (1998). Only if the evidence fails to establish a claim as a matter of law is JNOV appropriate. Forge, supra.

In Orzel v Scott Drug Co, 449 Mich 550, 557-558; 537 NW2d 208 (1995), the Supreme Court articulated the standard of review on motions for judgment notwithstanding the verdict as follows:

> [W]e reiterate that the standard of review for judgments notwithstanding the verdict require review of the evidence and all legitimate inferences in the light most favorable to the nonmoving party ...Only if the evidence so viewed fails to establish a claim as a matter of law should a motion for judgment notwithstanding the verdict be granted.

### B. Directed Verdict or JNOV Were Appropriate.

The trial court erred as a matter of law in refusing to grant Defendant City's Motion for Directed Verdict and Motion for Judgment Notwithstanding the Verdict. Because these standards are the same, Jenkins, supra, and the same issues were raised in both motions, Defendant will handle

review of both motions jointly.

At the close of proofs, both Defendants, the City of Detroit and Officer Wills, moved for a directed verdict in their favor, as follows:

> MR. JENKINS: And as to the City of Detroit, there's nothing in the complaint alleging any kind of governmental - - exception to governmental immunity or negligent operation of a motor vehicle or negligent entrustment or none of that. The best that Mr. Guzall says is that the City of Detroit owned the vehicle. That's not enough. He's got to show negligent operation of the vehicle. Looking at the proof, Officer Wills testified that he was popping his or pushing his - - what do you call that thing?

> MR. WILLS: Siren switch.

> MR. JENKINS: Pushing the siren, slowed down at the intersection, and thought it was safe to go and that's when he went through. That is not negligent operation of a motor vehicle. That's why the city should be out.

> As to Officer Wills himself, he should be out because as a city employee, the standard is he's got to be grossly negligent. Okay? And I know I don't have to tell the Court what gross negligence is. But I do want to point out that Mr. Guzall has not done anything to establish even simple negligence on the part of Officer Wills for the simple reason that Officer Wills testified he displayed his horn, slowed down, and then entered the intersection. That's not anywhere close to being gross negligence.

> In order for Mr. Guzall to survive against Officer Wills, Mr. Guzall's got to show that Officer Wills was zooming through that intersection with no regard for anybody. That would be closer to gross negligence. And that's not what we have here.

TR 4/7/11 at 245-246. The trial court denied the motion as to the City of Detroit, stating:

> THE COURT: Okay. All right. I'm denying your motion as to the City of Detroit. There's absolutely no surprise that the theory against the City of Detroit is the motor vehicle exception to governmental immunity, which is just a negligence claim. And there's - - you never at one point in this whole case brought a motion for summary disposition because it hadn't been properly pled. We let all the proofs go in. The law says that I can allow the Plaintiff to amend his complaint to conform with the proofs. And so you have to file an amended complaint tomorrow, Mr. Guzall, or sometime within the next week indicating that your theory against the City of Detroit is the motor vehicle exception to governmental immunity and that the City

is vicariously liable for the negligence of a police officer.

Id at 246. Later, the court clarified:

> THE COURT: I thought I did. I specifically denied it because the - - we have Officer Wills' testimony as to what occurred. The fact that there is conflicting testimony and the City handed out a reprimand just means that there's conflicting evidence, that the jury must resolve the issue of fact with respect to that.

TR 4/7/11 at 249. With respect to Officer Wills, the court held:

> The evidence in the light most favorable to Mr. Beydoun is that the police officer was traveling the speed limit, which was 45 miles an hour. He did not have his lights on. He did not use his siren. And he went through the intersection on a red light. And saying all that, does it meet the test of gross negligence?
>
> Gross negligence under the governmental immunity act means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.
>
> I conclude that that conduct does not amount to gross negligence and I'm going to dismiss Officer Wills from the case. You're dismissed.

Id at 248.[1] The court also denied Defendant City's motion for judgment notwithstanding the verdict. TR 6/3/11 at 4.

Officer Wills testified that he was traveling southbound on Telegraph, on his way to respond to a radio call. He was traveling within the speed limit, somewhere between 40 and 45 miles per hour. TR 4/7/11 at 94-95. He was driving a traffic enforcement vehicle, which did not have oscillating lights on the roof. The siren sound comes from the front grill, and he turned the siren "[o]n and off at certain intersections and where there was multiple cars in front of me." Id at 95-97. He had the lights on, since that is the only way to activate the siren. Id at 96-97.

Officer Wills also testified that he "chirped" the siren three to four times at the intersection

---

[1] Since Plaintiff has not taken a cross appeal from the dismissal of Officer Wills, that is not a subject of the instant appeal.

where the accident occurred. TR 4/7/11 at 114. He slowed the vehicle down as he was trained. Id at 110.

Contrary to the trial court's statement quoted above, none of this is disputed. Kyishin Shiah, who was driving behind Plaintiff's vehicle, did testify that he did not hear a siren or see the lights (TR 4/6/11 at 161-162), but this does not mean that they were not activated in the manner testified to by Officer Wills, especially considering the type of vehicle the officer was driving.

Further, and even more importantly, Shiah testified:

> Q     And is it your testimony that you think it was Beydoun's vehicle that ran into your vehicle, is that what you're saying after the car hit - - after the police car hit Mr. Beydoun?
>
> A     Well, I wouldn't say who - - who hit what. Okay. Because I'm behind him. Okay.
>
> Q     Right.
>
> A     So - - because we were all moving at a same time. So he was moving forward at a same time but his car obviously got hit and I'm sure he tried to break, slow it down, and then my car just, you know, right after him.

TR 4/6/11 at 160-161. Consequently, Plaintiff's eyewitness' testimony actually supports Defendant's position - that Plaintiff jumped the light.

MCL 257.603(2)(b) provides that "[t]he driver of an authorized emergency vehicle[2] when responding to an emergency call ... [such as Officer Wills in this case] may .. [p]roceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation." Since there is no dispute that Officer Wills slowed down at the intersection for safe operation, or

---

[2] Pursuant to MCL 257.2(a), a police vehicle is an "authorized emergency vehicle."

with regard to the siren and lights[3], he was in compliance with the statute and the City is entitled to judgment as a matter of law.

For all of these reasons, directed verdict and judgment notwithstanding the verdict were appropriate in the City's favor. As a result, this Court should reverse.

## II. ALTERNATIVELY, THE CITY IS ENTITLED TO A NEW TRIAL.

### A. Standard of Review

Whether to grant a new trial is in the trial court's discretion, and this Court will not reverse a trial court's decision absent a clear abuse of that discretion. Kelly v Builders Square, Inc, 465 Mich 29, 34; 632 NW2d 912 (2001); Setterington v Pontiac General Hosp, 223 Mich App 594, 608; 568 NW2d 93 (1997). An abuse of discretion occurs when the decision was so violative of fact and logic that it evidenced a perversity of will, a defiance of judgment, or an exercise of passion or bias, Bean v Directions Unlimited, Inc, 462 Mich 24, 34-35; 609 NW2d 567 (2000), or the trial court misapplied or misunderstood the law, Bynum v ESAB Group, Inc, 467 Mich 280, 283; 651 NW2d 383 (2002). Here, the jury award was violative of logic and appears to have been influenced by passion or prejudice. The judge misunderstood the law, and the verdict was contrary to law. See MCR 2.611(A).

---

[3] See MCL 257.603(4) ("The exemptions granted in this section to an authorized emergency vehicle apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren, air horn, or exhaust whistle as may be reasonably necessary, ... and when the vehicle is equipped with at least 1 lighted lamp displaying a flashing, oscillating, or rotating red or blue light visible under normal atmospheric conditions from a distance of 500 feet in a 360 degree arc unless it is not advisable to equip a police vehicle operating as an authorized emergency vehicle with a flashing, oscillating or rotating light visible in a 360 degree arc. ...") Note that the statute requires the driver to sound the siren "as may be reasonably necessary," and not constantly while responding to the run, hence the "chirping" at intersections and when other vehicles are near.

## B. The City is Entitled to a New Trial Since the Case Should Not Have Been Submitted to the Jury.

As outlined above in Issue I, Defendant City was entitled to judgment as a matter of law since Plaintiff failed to prove that Officer Wills operated the police vehicle in a negligent manner. Consequently, the circuit court erred in denying the City's motions for directed verdict and judgment notwithstanding the verdict. However, alternatively, the circuit court also erred in failing to grant Defendant City's request for a new trial.

MCR 2.611(A)(1) provides:

**(A) Grounds.**

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

\*\*\*

(c) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

\*\*\*

(g) Error of law occurring during the proceedings, or mistake of fact by the court.

For all of the reasons outlined in Issue I above, the trial court committed reversible error in denying Defendant City's Motion for New Trial. The jury verdict is against the great weight of the evidence and contrary to statutory and case law, since Plaintiff failed to prove negligence on Officer Wills' part. As a result, the City's substantial rights were materially affected and the City is entitled

to a new trial. MCR 2.611(A)(1)(e). Insufficient evidence existed as a matter of law to prove a cause of action against the City. Consequently, sending this matter to the jury constituted a clear error of law. MCR 2.611(A)(1)(e) and (g). The trial court, therefore, erred in denying the City's motion for new trial pursuant to MCR 2.611(A)(1)(e) and (g), and this Court should reverse.

## C. The Trial Court Committed Reversible Error in Admitting Plaintiff's Tax Records, Which Were Not Listed on the Final Pre-Trial Order, Requiring a New Trial.

On the second day of his testimony, Plaintiff brought what he claimed were his tax records from 2005 to 2009 (TR 4/7/11 at 20-21), and indicated that he would seek to admit them into evidence (Id at 24). Defense counsel objected, among other reasons, on the basis that these exhibits were not marked prior to trial or included in the Final Pre-Trial Order (Exhibit C). Id. The trial court nonetheless allowed admission of these records, stating:

> THE COURT: I have a rule that you're supposed to have all of your exhibits marked prior to trial and you're to meet and reach a stipulation with respect to admissibility of as many exhibits as you can because I don't want to waste time in front of the jury having exhibits marked and laying foundation for the admissibility of exhibits in which there's no objection. So I make the attorneys do that and then we put the exhibits that are stipulated to in evidence even before the jury comes into the courtroom, which we did in this case yesterday. Now, the tax returns were not part of the listed exhibits but Mr. Jenkins made a big deal about not having the tax records last year when he was - - or yesterday when he was cross-examining Mr. Beydoun. He opened the door. Consequently, I'm going to allow you to put the tax records into evidence.

TR 4/7/11 at 25. The tax records were marked and admitted as Plaintiff's Exhibits 8 (2005), 9 (2006), 10 (2007), 11 (2008) and 12 (2009). Id at 26, 29, 30, 32, 34, 35.

Here, the trial court's admission of these exhibits constitutes reversible error. MCR 2.613(A) provides:

> **(A) Harmless Error.** An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the

court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

The admission of the tax records is clearly inconsistent with substantial justice. Plaintiff was allowed to present evidence not disclosed in the Court's Final Pre-Trial Order, or at any other time before Plaintiff's second day of testimony. Defendant was denied an opportunity to effectively review that evidence and prepare cross-examination. Further, defense counsel rightly relied on the Final Pre-Trial Order in preparing his cross-examination, and had every right to anticipate and raise the fact that Plaintiff would not be relying on any tax returns or records. Thus, the last-second admission of these records, without so much as an opportunity to review them on the part of the defense, was an abuse of discretion, and reversible error mandating a new trial. See Dybas v Madziar, unpublished opinion per curiam of the Court of Appeals, issued April 7, 2011 (Docket No. 295512); 2011 Mich App LEXIS 625 (Exhibit D); and Frisch v State Farm Fire & Casualty Co, unpublished opinion per curiam of the Court of Appeals, issued January 16, 2007 (Docket No. 263939); 2007 Mich App LEXIS 55 (Exhibit E).

## III. THE TRIAL COURT ERRED IN DENYING A NEW TRIAL OR REMITTITUR BASED ON THE EXCESSIVE AND UNSUPPORTED AMOUNTS AWARDED TO PLAINTIFF IN THE JURY'S VERDICT.

### A. Standard of Review

In Palenkas v Beaumont, 432 Mich 527, 531; 443 NW2d 354 (1989), the Supreme Court ruled that an appellate court "may only disturb a grant or denial of remittitur if an abuse of discretion is shown." An abuse of discretion is demonstrated when "an unprejudiced person, considering the facts on which the trial court made its decision would conclude that there was no justification for the

ruling made." Syzmanski v Brown, 221 Mich App 423, 431; 562 NW2d 212 (1997).

MCR 2.611(E)(1) expressly provides that the trial court is to consider whether the amount awarded by the jury is, in fact, supported by the evidence. A trial court may grant a new trial when the damages are excessive. MCR 2.611(A)(1)(c) and (d). The court may also consider other factors, including whether the verdict was "induced by bias or prejudice", but its inquiry "should be limited to objective considerations relating to the actual conduct of the trial or the evidence adduced." Palenkas, supra, at 531-533. Examining these factors here leads to the conclusion that the trial court abused its discretion in upholding the amounts awarded in this action.

Plaintiffs have the burden of proving their economic damage claim with some degree of reasonable certainty. Precopio v Detroit, 415 Mich 447; 330 NW 2d 802 (1982). In the instant case, Plaintiff adduced little evidence of any compensatory damages or future damages that falls within the range of damages awarded. The jury's verdict simply defies rational explanation.

MCR 2.611(E)(1) provides an alternative to a new trial, remittitur, stating:

> If the court finds that the only error if the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days the nonmoving party consent in writing the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or highest (if the verdict was excessive) amount of the evidence will support.

The court in Precopio v City of Detroit Department of Transportation, 330 NW2d 802, 808; 415 Mich 457 (1982), held that, "[t]o sustain his burden of proof, a plaintiff must establish injury and the appropriate compensation therefore with reasonable certainty." In Palenkas v Beaumont Hospital, 443 NW2d 354, 356; 432 Mich 527 (1989), the court, in reducing the amount of an excessive jury award referred to the express language of the Michigan Court Rules in holding that "remittitur is justified if the jury verdict is 'excessive,' i.e., if the amount awarded is greater than 'the

highest amount the evidence will support." The Court also held that an appellate court may only disturb a grant or denial of remittitur if an abuse of discretion is shown. The Court held that an abuse of discretion is demonstrated when an unprejudiced person, considering the facts on which the trial court made its decision would conclude that there was no justification for the rulings made. Szymanski v Brown, 221 Mich App 423 (1997).

## B. The Damage Award is Unsupported by the Evidence.

The evidence put forth by Plaintiff at trial does not support such a baseless award of any damages. Plaintiff presented no evidence as to past medical expenses or lost income. The jury even requested any medical billing during their deliberations. Plaintiff testified that he was not receiving medical treatment. Plaintiff presented no evidence as to past wage loss and on cross-examination admitted that he had not timely filed any tax returns. TR 4/7/11 at 72-73. He presented no evidence as to his true salary. He presented no evidence of lost jobs or lost income. In Palenkas, supra, the court, in reducing the amount of an excessive jury award referred to the express language of the Michigan Court Rules in holding that, "remittitur is justified if the jury verdict is 'excessive,' i.e., if the amount awarded is greater than 'the highest amount the evidence will support." Remittitur is required in this case because the Plaintiff did not sustain his burden of proof, with reasonable certainty, largely since the tax records were improperly admitted.

Since there was no evidence submitted to the jury concerning damages, its damage award was higher than the highest amount that the evidence will support. The award of $1,493,250.00 for future economic damages is particularly speculative, given the current economy. For the above stated reasons, Defendant is entitled to remittitur.

**C. The Verdict Was Excessive and Against the Great Weight of the Evidence.**

The excessive verdict can be remedied by either granting a new trial or remittitur under MCR 2.611(E)(1).[4] If not a new trial, however, the trial court should have granted remittitur to correct the excessive verdict, again, mainly due to the improper admission of the tax records. Rockafellow v Streeter, 332 Mich 366; 51 NW2d 249 (1952).

## IV. SINCE THE CITY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW, THE COSTS, INTEREST AND ATTORNEY FEES SHOULD BE REVERSED.

As a result of all the above, the portions of the June 3, 2011 Order granting costs, interest and attorney fees should be reversed as well.

---

[4] This subrule provides: "If the court finds that the only error in the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days the nonmoving party consent in writing to the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or highest (if the verdict was excessive) amount the evidence will support."

## CONCLUSION AND RELIEF REQUESTED

The jury verdict was excessive for the reason that it is not supported by any evidence presented by the Plaintiff. Furthermore, Plaintiff was allowed to present evidence not disclosed in the Court's Final Pre-Trial Order. In effect, Defendant was denied an opportunity to effectively review that evidence and prepare cross-examination. Finally, Plaintiff's argument throughout the trial was designed to appeal to sympathy and prejudice.

For all of these reasons, Defendant City of Detroit respectfully requests that this Court reverse the circuit court's Judgment of April 26, 2011 and its June 3, 2011 Order Granting Plaintiff's Motion for Costs, Attorney Fees and Statutory Interest, and denying the City's motion for post-trial relief; and enter judgment in favor of Defendant City, or in the alternative grant a new trial, or in the alternative grant remittitur.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

Krystal A. Crittendon (P-49981)
Corporation Counsel

By: _____
Sheri L. Whyte (P-41858)
Assistant Corporation Counsel
City of Detroit Law Department
Attorney for Defendant-Appellant City
First National Building
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3076

Dated: February 8, 2012

# EXHIBIT D

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL BEYDOUN,

      Plaintiff-Appellee,

V

CHARLES BENJAMIN WILLS, JR.,

      Defendant,

and

CITY OF DETROIT,

      Defendant-Appellant.

UNPUBLISHED
May 21, 2013

No. 304729
Wayne Circuit Court
LC No. 09-026647-NI

Before: BECKERING, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

This case arises out of a traffic accident. Plaintiff, Michael Beydoun, alleged that police officer Charles Wills Jr.[1] injured him by running a red light at an intersection and hitting his car while on duty for defendant, city of Detroit. After a three-day jury trial, the jury returned a verdict for plaintiff. Defendant appeals as of right from the trial court's orders granting judgment in favor of plaintiff and costs and attorney fees. We affirm.

---

[1] The trial court dismissed Officer Wills from the lawsuit on a motion for directed verdict because it did not find evidence to support a finding that the officer's conduct was grossly negligent.

Defendant first argues that the trial court erred by denying its motions for directed verdict and a judgment notwithstanding the verdict (JNOV) because Officer Wills did not negligently operate his police vehicle.[2] We disagree.

"This Court reviews de novo a trial court's decision with regard to both a motion for a directed verdict and a motion for JNOV." *Taylor v Kent Radiology, PC*, 286 Mich App 490, 499; 780 NW2d 900 (2009), citing *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003). An appellate court "review[s] the evidence and all legitimate inferences in the light most favorable to the nonmoving party." *Id.* "A motion for directed verdict or JNOV should be granted only if the evidence viewed in this light fails to establish a claim as a matter of law." *Sniecinski*, 469 Mich at 131. "A trial court properly grants a directed verdict only when no factual question exists upon which reasonable minds could differ. Similarly a motion for JNOV should be granted only when there is insufficient evidence presented to create an issue of fact for the jury." *Heaton v Benton Constr Co*, 286 Mich App 528, 532; 780 NW2d 618 (2009) (internal citations omitted).

Under MCL 691.1407(1), "[a] governmental agency is generally immune from tort liability arising out of the exercise or discharge of its governmental functions." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 53; 760 NW2d 811 (2008). However, the "broad immunity afforded by the statute is limited by several narrowly drawn [statutory] exceptions." *Id.* One of these exceptions is the motor-vehicle exception, which provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer . . . of a governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." MCL 691.1405. "The elements of a negligence claim are duty, breach, causation, and damages." *Hannay v Dep't of Transp*, 299 Mich App 261, ___; ___ NW2d ___ (Docket No. 307616, issued January 17, 2013), slip op at 3.

Defendant relies on MCL 257.603 in support of its argument that it was entitled to a directed verdict or JNOV. MCL 257.603 provides, in relevant part:

(3) The driver of an authorized emergency vehicle may do any of the following:

\* \* \*

(b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation.

---

[2] Defendant also argues that the trial court erred by awarding plaintiff costs and attorney fees. However, defendant's argument is completely based upon its assertion that the trial court erred by failing to grant defendant a judgment as a matter of law. We disagree with defendant's assertion. Therefore, we need not address defendant's argument on this topic.

(4) The exemptions granted in this section to an authorized emergency vehicle apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren, air horn, or exhaust whistle as may be reasonably necessary, ... and when the vehicle is equipped with at least 1 lighted lamp displaying a flashing, oscillating, or rotating red or blue light visible under normal atmospheric conditions from a distance of 500 feet in a 360 degree arc unless it is not advisable to equip a police vehicle operating as an authorized emergency vehicle with a flashing, oscillating or rotating light visible in a 360 degree arc. In those cases, a police vehicle shall display a flashing, oscillating, or rotating red or blue light visible under normal atmospheric conditions from a distance of 500 feet to the front of the vehicle.

Defendant argues that the trial court erred by not granting its motions for directed verdict or JNOV because evidence admitted at trial supports a finding that plaintiff "jumped the light" and that Officer Wills complied with MCL 257.603. Defendant had the burden, however, of establishing that no factual question existed upon which reasonable minds could differ regarding Officer Wills's negligence and that there was insufficient evidence of Officer Wills's negligence to create an issue of fact for the jury. Review of the record reveals that plaintiff offered sufficient evidence to establish that Officer Wills acted negligently. Eyewitness testimony and a digital video of the accident captured by a camera mounted to the windshield of Officer Wills's vehicle supported a finding that Officer Wills ran the red light and that the light was red for a period of time before Officer Wills entered the intersection. Therefore, it is reasonable to conclude that plaintiff did not jump the green light as defendant alleges. It is also a reasonable inference that Officer Wills did not properly activate either his siren or his emergency lights as required by MCL 257.603(4) before proceeding through the red light. MCL 257.603(4) requires that the driver of the emergency vehicle use an audible signal "as may be reasonably necessary." Although Officer Wills testified that he chirped his siren, both plaintiff and another victim of the accident, Kyishin Shiah, testified that they did not hear a siren or see emergency lights.[3] Therefore, the trial court properly denied defendant's motions for a directed verdict and a JNOV.

Next, defendant argues that the trial court erred by allowing plaintiff to introduce his tax records. We disagree.

"[T]his Court will not disturb the [decision to admit evidence] on appeal in the absence of an abuse of discretion." *Taylor v Mobley*, 279 Mich App 309, 315; 760 NW2d 234 (2008). "A trial court abuses its discretion in admitting or excluding evidence if its determination falls

---

[3] In addition to eyewitness testimony and the video of the accident, the trial court admitted into evidence an "Official Remand" of Officer Wills issued by the Detroit Police Department. The Detroit Police Department investigated the accident and determined that Officer Wills disobeyed the red light. Further, it classified the accident as "preventable" and officially reprimanded Officer Wills.

beyond the principled range of outcomes." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 269; 730 NW2d 523 (2006).

MRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 402 provides, in relevant part, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court." Generally, a trial court has the responsibility to "control the proceedings during trial." MCR 2.513(B). "Evidentiary errors are not a basis for vacating, modifying, or otherwise disturbing a judgment unless declining to take such action would be inconsistent with substantial justice. See MCR 2.613(A)." *Miller v Hensley*, 244 Mich App 528, 531; 624 NW2d 582 (2001).

The trial court's admission of the tax records was consistent with substantial justice. First, defense counsel repeatedly, in front of the jury, used the absence of the tax records against plaintiff to suggest that plaintiff did not have proof of lost income. In fact, defense counsel challenged plaintiff to produce documentation of his lost income, stating that "the jury would like to see something to verify what you're saying because so far you have presented nothing." The trial court properly allowed plaintiff to respond to defense counsel's claim by presenting the tax records. Second, defendant cannot claim that he was surprised by the introduction of the tax records. Defense counsel knew that the tax records likely existed and that there was a chance that plaintiff would introduce them once he repeatedly questioned plaintiff regarding their absence.[4]

Finally, defendant argues the trial court should have granted defendant a new trial on the basis of MCR 2.611(A)(1)(c), (d), (e), and (g) or, alternatively, remittitur pursuant to MCR 2.611(E)(1). We disagree.

We review for an abuse of discretion a trial court's decisions to grant or deny motions for a new trial and remittitur under MCR 2.116. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 761; 685 NW2d 391 (2004); *Taylor*, 286 Mich App at 522. "If the award falls reasonably within the range of the evidence and within the limits of what reasonable minds would deem just compensation, it should not be disturbed." *Taylor*, 286 Mich App at 522 (citation omitted).

MCR 2.611(A) provides in pertinent part as follows regarding grounds for a new trial:

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

---

[4] Assuming defense counsel had not previously reviewed plaintiff's tax returns during discovery, he could have requested a brief adjournment in order to do so, especially if he suspected that they did not actually support plaintiff's economic damage claims. He did not do so.

* * *

(c) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

* * *

(g) Error of law occurring in the proceedings, or mistake of fact by the court.

"[A] jury's verdict should not be set aside if there is competent evidence to support it." *Dawe v Bar-Levav & Assoc, PC (On Remand)*, 289 Mich App 380, 401; 808 NW2d 240 (2010). "Determining whether a verdict is against the great weight of the evidence requires review of the whole body of proofs. The issue usually involves matters of credibility or circumstantial evidence, but if there is conflicting evidence, the question of credibility ordinarily should be left for the fact-finder." *Id.*

With respect to motions for remittitur, MCR 2.611(E)(1) provides as follows:

If the court finds that the only error in the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days the nonmoving party consent in writing to the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or highest (if the verdict was excessive) amount the evidence will support.

A trial court should only grant remittitur when the evidence does not support the jury award. *Shaw v Ecorse*, 283 Mich App 1, 17; 770 NW2d 31 (2009). The trial court should evaluate the "objective criteria relating to the actual conduct of the trial or to the evidence presented" to determine "whether the award was influenced by bias or prejudice or whether the award was comparable to those in similar cases." *Id.*

We conclude that the trial court did not abuse its discretion by denying defendant's motion for a new trial on the basis that the verdict was against the great weight of the evidence. There was competent evidence showing that Officer Wills was negligent. The video of the accident and testimony from Officer Wills, plaintiff, and Shiah confirm that Officer Wills ran the red light. There was also competent evidence that Officer Wills did not properly activate his siren or lights: both plaintiff and Shiah testified that they did not hear or see Officer Wills's siren or emergency lights. Therefore, the verdict was not against the great weight of the evidence.

We also conclude that the jury's award of damages was supported by plaintiff's evidence and, therefore, was not excessive. The jury awarded plaintiff $250,000 in past and future noneconomic damages. Plaintiff's attorney presented testimony from plaintiff and his doctor regarding plaintiff's continuing chronic pain, his inability to sleep, and his inability to drive or

practice martial arts. Therefore, plaintiff's evidence substantiated the noneconomic-damage amount.

The jury also awarded plaintiff past economic damages of $542,405. Plaintiff, who designs and builds in the field of construction, testified that he lost more than $540,000 in jobs that he had begun but could not complete after the accident. Although the trial court never officially admitted the first of plaintiff's business-records exhibits, plaintiff discussed the contents of the proposed exhibit at length. On the second day of trial, plaintiff submitted a second business-records exhibit that also supported his lost income. Plaintiff's exhibits included both a list of projects that he was unable to either complete or complete on time after the accident and supporting documentation. This evidence substantiated the past economic-damages award.

Finally, the jury awarded plaintiff future economic damages of $1,493,250. Plaintiff's properly admitted tax records indicated that he earned about $200,000 to $300,000 a year in the three years before the accident. After the accident, plaintiff's tax records indicate that he lost about $115,000 a year. Given these numbers, the damage award for plaintiff's future income was supported by the evidence and reasonable. Plaintiff was 50 years old during trial, and it is a reasonable assumption that he had another 10 or 15 years of work before he retired. The jury awarded plaintiff approximately $100,000 to $150,000 a year in lost income. This yearly income loss accounts for the downturn of the economy and plaintiff's continued, but limited, ability to work. Plaintiff's damage award was neither excessive nor obviously influenced by passion or prejudice.

Accordingly, the trial court did not abuse its discretion by denying defendant's motion for a new trial or remittitur on this basis.

Affirmed. Plaintiff, as the prevailing party, may tax costs. MCR 7.219.


/s/ Jane M. Beckering
/s/ Kathleen Jansen
/s/ Michael J. Kelly

# EXHIBIT E

MICHAEL BEYDOUN,

       Plaintiff-Appellee,

v

CHARLES BENJAMIN WILLS, JR.,

       Defendant, and

CITY OF DETROIT,

       Defendant-Appellant.

Supreme Court No.
Court of Appeals No. 304729

Wayne County Circuit Court
Case No. 09-026647 NI
Hon. Robert J. Colombo, Jr.

_____ /

**RAYMOND GUZALL (P-60980)**
Law Offices of Raymond Guzall III
Attorney for Plaintiff-Appellee
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
(248) 702-6122

**SHERI L. WHYTE (P-41858)**
Assistant Corporation Counsel
Attorney for Defendant-Appellant
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3076

_____ /

## DEFENDANT-APPELLANT'S APPLICATION FOR LEAVE TO APPEAL WITH EXHIBITS A - F

## PROOF OF SERVICE

CITY OF DETROIT LAW DEPARTMENT

Edward V. Keelean (P-29131)
Acting Corporation Counsel

BY:   Sheri L. Whyte (P-41858)
       Assistant Corporation Counsel

K:\DOCS\APPEALS\whyts\a37000\brf\WS3333.WPD

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JUDGMENT APPEALED FROM AND RELIEF SOUGHT . . . . . . . . . . . vi

STATEMENT OF QUESTIONS PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE MATERIAL PROCEEDINGS AND FACTS . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    THE CITY WAS ENTITLED TO A DIRECTED VERDICT OR JUDGMENT
        NOTWITHSTANDING THE VERDICT SINCE PLAINTIFF DID NOT
        ESTABLISH NEGLIGENCE ON THE PART OF OFFICER WILLS . . . . . . . . 3

        A. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B. Directed Verdict or JNOV Were Appropriate . . . . . . . . . . . . . . . . . . . . . 4

   II. ALTERNATIVELY, THE CITY IS ENTITLED TO A NEW TRIAL . . . . . . . . . . . 8

        A. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.  The City is Entitled to a New Trial Since the Case Should Not Have Been
           Submitted to the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        C.  The Trial Court Committed Reversible Error in Admitting Plaintiff's Tax
           Records, Which Were Not Listed on the Final Pre-Trial Order, Requiring a
           New Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   III.  THE TRIAL COURT ERRED IN DENYING A NEW TRIAL OR REMITTITUR
        BASED ON THE EXCESSIVE AND UNSUPPORTED AMOUNTS AWARDED
        TO PLAINTIFF IN THE JURY'S VERDICT . . . . . . . . . . . . . . . . . . . . . . . 13

        A. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        B. The Damage Award is Unsupported by the Evidence . . . . . . . . . . . . . . . . 14

C. The Verdict Was Excessive and Against the Great Weight of the Evidence.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV.   SINCE THE CITY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW,
      THE COSTS, INTEREST AND ATTORNEY FEES SHOULD BE REVERSED
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION AND RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES

**CASES**                                                                 Page

Alar v Mercy Hosp,
208 Mich App 518; 529 NW2d 318 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Attard v Citizens Ins Co of America,
237 Mich App 311; 602 NW2d 633 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bean v Directions Unlimited, Inc,
462 Mich 24; 609 NW2d 567 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bishop v St. John Hospital,
140 Mich App 720; 364 NW2d 290 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bynum v ESAB Group, Inc,
467 Mich 280; 651 NW2d 383 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Central Cartage Co v Fewless,
232 Mich App 517, 591 NW2d 422 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Drummey v Henry,
115 Mich App 107; 320 NW2d 309 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Dybas v Madziar,
unpublished opinion per curiam of the Court of Appeals,
issued April 7, 2011 (Docket No. 295512);
2011 Mich App LEXIS 625 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Farm Credit Services of Michigan's Heartland, PCA v Weldon,
232 Mich App 662; 591 NW2d 438 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Forge v Smith,
458 Mich 198, 580 NW 2d 876 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Frisch v State Farm Fire & Casualty Co,
unpublished opinion per curiam of the Court of Appeals,
issued January 16, 2007 (Docket No. 263939);
2007 Mich App LEXIS 55 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Jenkins v American Red Cross,

141 Mich App 785; 369 NW2d 223 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Kelly v Builders Square, Inc,
465 Mich 29; 632 NW2d 912 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Locke v Pachtman,
446 Mich 216; 521 NW2d 786 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

McPeak v McPeak (On Remand),
233 Mich App 483; 593 NW2d 180 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Meagher v Wayne State Univ,
222 Mich App 700; 565 NW2d 401 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Nabozny v Burkhardt,
233 Mich App 206; 591 NW2d 685 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Orzel v Scott Drug Co,
449 Mich 550; 537 NW2d 208 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Palenkas v Beaumont,
432 Mich 527; 443 NW2d 354 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Precopio v Detroit,
415 Mich 447; 330 NW 2d 802 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Rockafellow v Streeter,
332 Mich 366; 51 NW2d 249 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Setterington v Pontiac General Hosp,
223 Mich App 594; 568 NW2d 93 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Syzmanski v Brown,
221 Mich App 423; 562 NW2d 212 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Tucker v Sandlin,
126 Mich App 701; 337 NW2d 637 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Zander v Ogihara,
213 Mich App 438; 540 NW2d 702 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## **STATUTES**

MCL 257.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

MCL 257.603(2)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

MCL 257.603(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **COURT RULES**

MCR 2.611(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

MCR 2.611(A)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

MCR 2.611(A)(1)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCR 2.611(A)(1)(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCR 2.611(A)(1)(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MCR 2.611(A)(1)(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MCR 2.611(E)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCR 7.203(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

MCR 7.204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

MCR 7.302 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

MCR 7.302(B)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MCR 7.302(H)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## STATEMENT OF JUDGMENT APPEALED FROM AND RELIEF SOUGHT

After a three-day jury trial in this automobile negligence action, judgment in Plaintiff's favor was entered, against the City of Detroit only, on April 26, 2011. On June 3, 2011, an order was entered denying Defendant City's motion for post-trial relief and awarding Plaintiff costs, attorney fees and statutory interest. On June 23, 2011, Defendant filed its Claim of Appeal, pursuant to MCR 7.203(A) and MCR 7.204. On May 21, 2013, the Court of Appeals affirmed, and this Application follows pursuant to MCR 7.302. Defendant seeks reversal of the lower courts' judgments and judgment in its favor.

## STATEMENT OF QUESTIONS PRESENTED FOR REVIEW

I.    WAS THE CITY ENTITLED TO A DIRECTED VERDICT OR JUDGMENT NOTWITHSTANDING THE VERDICT SINCE PLAINTIFF DID NOT ESTABLISH NEGLIGENCE ON THE PART OF OFFICER WILLS?

|  |  |
|---|---|
| The trial court answered: | "No." |
| The Court of Appeals answered: | "No." |
| Plaintiff-Appellee answers: | "No." |
| Defendant-Appellant answers: | "Yes." |

II.    ALTERNATIVELY, WAS THE CITY IS ENTITLED TO A NEW TRIAL, SINCE PLAINTIFF FAILED TO ESTABLISH NEGLIGENCE AND FURTHER SINCE THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING PLAINTIFF'S TAX RECORDS?

|  |  |
|---|---|
| The trial court answered: | "No." |
| The Court of Appeals answered: | "No." |
| Plaintiff-Appellee answers: | "No." |
| Defendant-Appellant answers: | "Yes." |

III.    DID THE TRIAL COURT ERR IN DENYING A NEW TRIAL OR REMITTITUR BASED ON THE EXCESSIVE AND UNSUPPORTED AMOUNTS AWARDED TO PLAINTIFF IN THE JURY'S VERDICT?

|  |  |
|---|---|
| The trial court answered: | "No." |
| The Court of Appeals answered: | "No." |
| Plaintiff-Appellee answers: | "No." |
| Defendant-Appellant answers: | "Yes." |

IV.    SINCE THE CITY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW, SHOULD THE COSTS, INTEREST AND ATTORNEY FEES BE REVERSED?

|  |  |
|---|---|
| The trial court answered: | "No." |
| The Court of Appeals answered: | "No." |
| Plaintiff-Appellee answers: | "No." |
| Defendant-Appellant answers: | "Yes." |

## STATEMENT OF THE MATERIAL PROCEEDINGS AND FACTS

On May 19, 2009 at approximately 6:30 p.m., Detroit Police Officer Charles Wills, Jr. was on routine patrol in the area of Telegraph and Schoolcraft Road when he received an emergency radio call for police assistance. Officer Wills activated his emergency equipment and proceeded at a cautious rate of speed southbound on Telegraph Road toward Schoolcraft Road. As he approached the intersection, he proceeded under a red light as permitted by Michigan statute. TR 4/7/11 at 114, 117.

Seated at the light and driving westbound on Schoolcraft Road was a vehicle operated by the Plaintiff, Michael Beydoun. In anticipation of the changing light, Mr. Beydoun proceeded into the intersection and hit Officer Wills' vehicle. Officer Wills was not able to answer the call for assistance.

The case was tried before a jury over three days - April 6, 7 and 8, 2011. Officer Wills was dismissed pursuant to a directed verdict motion at the close of proofs. On April 26, 2011, pursuant to the jury's verdict of April 8, 2011, a Judgment (Exhibit A) was entered against the City of Detroit in the total amount of $2,056,998.50.

Defendant City subsequently moved for an Order granting a new trial or, in the alternative, granting remittitur or, in the alternative, granting a judgment notwithstanding the verdict. Oral arguments were held on June 3, 2011, and on that same date an Order (Exhibit B) was entered denying the City's motion for post-trial relief and awarding Plaintiff $4,231.08 in costs, $25,650.00 in attorney fees, and $108,200.25 in statutory interest up to June 30, 2011.

Defendant City filed its Claim of Appeal on June 23, 2011. On May 21, 2013, the Court of Appeals issued its Opinion affirming the judgment and order below (Exhibit F), holding that "...

K:\DOCS\APPEALS\whyts\a37000\brf\WS3333.WPD                    1

plaintiff offered sufficient evidence to establish that Officer Wills acted negligently." Exhibit F at

3. Defendant now seeks leave to appeal in this Court since, for the reasons outlined below, the Court

of Appeals' decision is clearly erroneous and will cause material injustice. MCR 7.302(B)(5).

## ARGUMENT

I. **THE CITY WAS ENTITLED TO A DIRECTED VERDICT OR JUDGMENT NOTWITHSTANDING THE VERDICT SINCE PLAINTIFF DID NOT ESTABLISH NEGLIGENCE ON THE PART OF OFFICER WILLS.**

### A. Standard of Review

Motions for directed verdict are reviewed de novo. Nabozny v Burkhardt, 233 Mich App 206, 209; 591 NW2d 685 (1998); Meagher v Wayne State Univ, 222 Mich App 700,708; 565 NW2d 401 (1997). In reviewing a denied motion for directed verdict, the appellate court is to determine "whether the party opposing the motion offered evidence upon which reasonable minds could differ." Jenkins v American Red Cross, 141 Mich App 785, 792; 369 NW2d 223 (1985). The party opposing the directed verdict is given the "benefit of every reasonable inference that could be drawn from the evidence." Id. If the evidence presented by Plaintiff is insufficient to establish a prima facie case of negligence, the motion for directed verdict must be granted. Zander v Ogihara, 213 Mich App 438, 441; 540 NW2d 702 (1995). In its motion for directed verdict, Defendant City argued that

In deciding whether to grant a motion for a directed verdict, the trial court must view the evidence and all legitimate inferences arising from the evidence in favor of the nonmoving party. Locke v Pachtman, 446 Mich 216, 223; 521 NW2d 786 (1994). Id. A motion for a directed verdict should be granted only when no factual question exists upon which reasonable minds could differ. Alar v Mercy Hosp, 208 Mich App 518, 524; 529 NW2d 318 (1995).

The same test applies in review of motions for judgment notwithstanding the verdict. A trial court's decision to grant or deny a motion for JNOV is reviewed de novo. Attard v Citizens Ins Co of America, 237 Mich App 311, 321; 602 NW2d 633 (1999); Farm Credit Services of Michigan's

Heartland, PCA v Weldon, 232 Mich App 662, 672; 591 NW2d 438 (1998). Similarly, a judgment notwithstanding the verdict is appropriate where viewing the evidence in the light most favorable to the Plaintiff, the evidence is insufficient as a matter of law to create an issue for the jury and to support a judgment. See McPeak v McPeak (On Remand), 233 Mich App 483; 593 NW2d 180 (1999); Forge v Smith, 458 Mich 198, 204, 580 NW 2d 876 (1998). If reasonable minds could not have reached a different conclusion on material issues of fact and the verdict is contrary thereto, judgment notwithstanding the verdict is properly granted. See Tucker v Sandlin, 126 Mich App 701; 337 NW2d 637 (1983); Drummey v Henry, 115 Mich App 107, 111; 320 NW2d 309 (1982). If reasonable jurors honestly could have reached different conclusions, the jury verdict must stand. Central Cartage Co v Fewless, 232 Mich App 517, 524, 591 NW2d 422 (1998). Only if the evidence fails to establish a claim as a matter of law is JNOV appropriate. Forge, supra.

In Orzel v Scott Drug Co, 449 Mich 550, 557-558; 537 NW2d 208 (1995), the Supreme Court articulated the standard of review on motions for judgment notwithstanding the verdict as follows:

> [W]e reiterate that the standard of review for judgments notwithstanding the verdict require review of the evidence and all legitimate inferences in the light most favorable to the nonmoving party ...Only if the evidence so viewed fails to establish a claim as a matter of law should a motion for judgment notwithstanding the verdict be granted.

### B. Directed Verdict or JNOV Were Appropriate.

The trial court erred as a matter of law in refusing to grant Defendant City's Motion for Directed Verdict and Motion for Judgment Notwithstanding the Verdict. Because these standards are the same, Jenkins. supra, and the same issues were raised in both motions, Defendant will handle

review of both motions jointly.

At the close of proofs, both Defendants, the City of Detroit and Officer Wills, moved for a directed verdict in their favor, as follows:

> MR. JENKINS: And as to the City of Detroit, there's nothing in the complaint alleging any kind of governmental - - exception to governmental immunity or negligent operation of a motor vehicle or negligent entrustment or none of that. The best that Mr. Guzall says is that the City of Detroit owned the vehicle. That's not enough. He's got to show negligent operation of the vehicle. Looking at the proof, Officer Wills testified that he was popping his or pushing his - - what do you call that thing?
>
> MR. WILLS: Siren switch.
>
> MR. JENKINS: Pushing the siren, slowed down at the intersection, and thought it was safe to go and that's when he went through. That is not negligent operation of a motor vehicle. That's why the city should be out.
>
> As to Officer Wills himself, he should be out because as a city employee, the standard is he's got to be grossly negligent. Okay? And I know I don't have to tell the Court what gross negligence is. But I do want to point out that Mr. Guzall has not done anything to establish even simple negligence on the part of Officer Wills for the simple reason that Officer Wills testified he displayed his horn, slowed down, and then entered the intersection. That's not anywhere close to being gross negligence.
>
> In order for Mr. Guzall to survive against Officer Wills, Mr. Guzall's got to show that Officer Wills was zooming through that intersection with no regard for anybody. That would be closer to gross negligence. And that's not what we have here.

TR 4/7/11 at 245-246. The trial court denied the motion as to the City of Detroit, stating:

> THE COURT: Okay. All right. I'm denying your motion as to the City of Detroit. There's absolutely no surprise that the theory against the City of Detroit is the motor vehicle exception to governmental immunity, which is just a negligence claim. And there's - - you never at one point in this whole case brought a motion for summary disposition because it hadn't been properly pled. We let all the proofs go in. The law says that I can allow the Plaintiff to amend his complaint to conform with the proofs. And so you have to file an amended complaint tomorrow, Mr. Guzall, or sometime within the next week indicating that your theory against the City of Detroit is the motor vehicle exception to governmental immunity and that the City

is vicariously liable for the negligence of a police officer.

Id at 246. Later, the court clarified:

> THE COURT: I thought I did. I specifically denied it because the - - we have Officer Wills' testimony as to what occurred. The fact that there is conflicting testimony and the City handed out a reprimand just means that there's conflicting evidence, that the jury must resolve the issue of fact with respect to that.

TR 4/7/11 at 249. With respect to Officer Wills, the court held:

> The evidence in the light most favorable to Mr. Beydoun is that the police officer was traveling the speed limit, which was 45 miles an hour. He did not have his lights on. He did not use his siren. And he went through the intersection on a red light. And saying all that, does it meet the test of gross negligence?

> Gross negligence under the governmental immunity act means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

> I conclude that that conduct does not amount to gross negligence and I'm going to dismiss Officer Wills from the case. You're dismissed.

Id at 248.[1] The court also denied Defendant City's motion for judgment notwithstanding the verdict. TR 6/3/11 at 4.

Officer Wills testified that he was traveling southbound on Telegraph, on his way to respond to a radio call. He was traveling within the speed limit, somewhere between 40 and 45 miles per hour. TR 4/7/11 at 94-95. He was driving a traffic enforcement vehicle, which did not have oscillating lights on the roof. The siren sound comes from the front grill, and he turned the siren "[o]n and off at certain intersections and where there was multiple cars in front of me." Id at 95-97. He had the lights on, since that is the only way to activate the siren. Id at 96-97. The lights were flashing when he went into the intersection. Id at 97.

---

[1] Since Plaintiff did not take a cross appeal from the dismissal of Officer Wills, that is not a subject of the instant appeal.

Officer Wills also testified that he "chirped" the siren three to four times at the intersection where the accident occurred. TR 4/7/11 at 114. He slowed the vehicle down as he was trained. Id at 110, 117 ("I used precaution. I slowed the vehicle down.").

Contrary to the trial court's statement quoted above, none of this is disputed. Kyishin Shiah, who was driving behind Plaintiff's vehicle, did testify that he did not hear a siren or see the lights (TR 4/6/11 at 161-162), but this does not mean that they were not activated in the manner testified to by Officer Wills, especially considering the type of vehicle the officer was driving.

Further, and even more importantly, Shiah testified:

> Q    And is it your testimony that you think it was Beydoun's vehicle that ran into your vehicle, is that what you're saying after the car hit - - after the police car hit Mr. Beydoun?
>
> A    Well, I wouldn't say who - - who hit what. Okay. Because I'm behind him. Okay.
>
> Q    Right.
>
> A    So - - because we were all moving at a same time. So he was moving forward at a same time but his car obviously got hit and I'm sure he tried to break, slow it down, and then my car just, you know, right after him.

TR 4/6/11 at 160-161. Consequently, Plaintiff's eyewitness' testimony actually supports Defendant's position - that Plaintiff jumped the light.

The testimony from Mr. Shiah quoted in Plaintiff's Brief in the Court of Appeals at pages 2 and 3 simply demonstrates that Shiah did not hear the siren or see the lights. In light of Officer Wills' testimony that the siren was not on at the point of impact (TR 4/7/11 at 127) - he had been "chirping" it as previously noted - this is in no way inconsistent with Defendant's position. Likewise, Plaintiff himself also testified that he did not hear the police car before the accident (see

Plaintiff's Brief in the Court of Appeals at 8).

The classification of the crash as "preventable" by the City does not change the facts as testified to or the law applicable to this case. For all of these reasons, directed verdict and judgment notwithstanding the verdict were appropriate in the City's favor.

In sum, Plaintiff has failed to create an issue of fact as to any negligent operation of the police vehicle. MCL 257.603(2)(b) provides that "[t]he driver of an authorized emergency vehicle[2] when responding to an emergency call ... [such as Officer Wills in this case] may ... [p]roceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation." Since there is no dispute that Officer Wills slowed down at the intersection for safe operation, or with regard to the siren and lights[3], he was in compliance with the statute and the City is entitled to judgment as a matter of law.

For all of these reasons, directed verdict and judgment notwithstanding the verdict were appropriate in the City's favor. The Court of Appeals' decision is clearly erroneous and will cause material injustice to Defendant City. As a result, this Court should grant leave to appeal and reverse.

## II. ALTERNATIVELY, THE CITY IS ENTITLED TO A NEW TRIAL.

---

[2] Pursuant to MCL 257.2(a), a police vehicle is an "authorized emergency vehicle."

[3] See MCL 257.603(4) ("The exemptions granted in this section to an authorized emergency vehicle apply only when the driver of the vehicle while in motion sounds an audible signal by bell, siren, air horn, or exhaust whistle as may be reasonably necessary, ... and when the vehicle is equipped with at least 1 lighted lamp displaying a flashing, oscillating, or rotating red or blue light visible under normal atmospheric conditions from a distance of 500 feet in a 360 degree arc unless it is not advisable to equip a police vehicle operating as an authorized emergency vehicle with a flashing, oscillating or rotating light visible in a 360 degree arc. ...") Note that the statute requires the driver to sound the siren "as may be reasonably necessary," and not constantly while responding to the run, hence the "chirping" at intersections and when other vehicles are near.

## A. Standard of Review

Whether to grant a new trial is in the trial court's discretion, and this Court will not reverse a trial court's decision absent a clear abuse of that discretion. Kelly v Builders Square, Inc, 465 Mich 29, 34; 632 NW2d 912 (2001); Setterington v Pontiac General Hosp, 223 Mich App 594, 608; 568 NW2d 93 (1997). An abuse of discretion occurs when the decision was so violative of fact and logic that it evidenced a perversity of will, a defiance of judgment, or an exercise of passion or bias, Bean v Directions Unlimited, Inc, 462 Mich 24, 34-35; 609 NW2d 567 (2000), or the trial court misapplied or misunderstood the law, Bynum v ESAB Group, Inc, 467 Mich 280, 283; 651 NW2d 383 (2002). Here, the jury award was violative of logic and appears to have been influenced by passion or prejudice. The judge misunderstood the law, and the verdict was contrary to law. See MCR 2.611(A).

## B. The City is Entitled to a New Trial Since the Case Should Not Have Been Submitted to the Jury.

As outlined above in Issue I, Defendant City was entitled to judgment as a matter of law since Plaintiff failed to prove that Officer Wills operated the police vehicle in a negligent manner. Consequently, the circuit court erred in denying the City's motions for directed verdict and judgment notwithstanding the verdict. However, alternatively, the circuit court also erred in failing to grant Defendant City's request for a new trial.

MCR 2.611(A)(1) provides:

**(A) Grounds.**

(1) A new trial may be granted to all or some of the parties, on all or some of the issues, whenever their substantial rights are materially affected, for any of the following reasons:

\*\*\*

(c) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

\*\*\*

(g) Error of law occurring during the proceedings, or mistake of fact by the court.

For all of the reasons outlined in Issue I above, the trial court committed reversible error in denying Defendant City's Motion for New Trial. The jury verdict is against the great weight of the evidence and contrary to statutory and case law, since Plaintiff failed to prove negligence on Officer Wills' part. As a result, the City's substantial rights were materially affected and the City is entitled to a new trial. MCR 2.611(A)(1)(e). Insufficient evidence existed as a matter of law to prove a cause of action against the City. Consequently, sending this matter to the jury constituted a clear error of law. MCR 2.611(A)(1)(e) and (g). The trial court, therefore, erred in denying the City's motion for new trial pursuant to MCR 2.611(A)(1)(e) and (g), and the Court of Appeals' affirmance is clearly erroneous. As a result, this Court should grant leave to appeal and reverse.

## C. The Trial Court Committed Reversible Error in Admitting Plaintiff's Tax Records, Which Were Not Listed on the Final Pre-Trial Order, Requiring a New Trial.

On the second day of his testimony, Plaintiff brought what he claimed were his tax records from 2005 to 2009 (TR 4/7/11 at 20-21), and indicated that he would seek to admit them into evidence (Id at 24). Defense counsel objected, among other reasons, on the basis that these exhibits were not marked prior to trial or included in the Final Pre-Trial Order (Exhibit C). Id. The trial

court nonetheless allowed admission of these records, stating:

> THE COURT: I have a rule that you're supposed to have all of your exhibits marked prior to trial and you're to meet and reach a stipulation with respect to admissibility of as many exhibits as you can because I don't want to waste time in front of the jury having exhibits marked and laying foundation for the admissibility of exhibits in which there's no objection. So I make the attorneys do that and then we put the exhibits that are stipulated to in evidence even before the jury comes into the courtroom, which we did in this case yesterday. Now, the tax returns were not part of the listed exhibits but Mr. Jenkins made a big deal about not having the tax records last year when he was - - or yesterday when he was cross-examining Mr. Beydoun. He opened the door. Consequently, I'm going to allow you to put the tax records into evidence.

TR 4/7/11 at 25. The tax records were marked and admitted as Plaintiff's Exhibits 8 (2005), 9 (2006), 10 (2007), 11 (2008) and 12 (2009). Id at 26, 29, 30, 32, 34, 35.

Here, the trial court's admission of these exhibits constitutes reversible error. MCR 2.613(A) provides:

> **(A) Harmless Error.** An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

The admission of the tax records is clearly inconsistent with substantial justice. Plaintiff was allowed to present evidence not disclosed in the Court's Final Pre-Trial Order, or at any other time before Plaintiff's second day of testimony. Defendant was denied an opportunity to effectively review that evidence and prepare cross-examination. Further, defense counsel rightly relied on the Final Pre-Trial Order in preparing his cross-examination, and had every right to anticipate and raise the fact that Plaintiff would not be relying on any tax returns or records. Thus, the last-second admission of these records, without so much as an opportunity to review them on the part of the

defense, was an abuse of discretion, and reversible error mandating a new trial. See Dybas v Madziar, unpublished opinion per curiam of the Court of Appeals, issued April 7, 2011 (Docket No. 295512); 2011 Mich App LEXIS 625 (Exhibit D); and Frisch v State Farm Fire & Casualty Co, unpublished opinion per curiam of the Court of Appeals, issued January 16, 2007 (Docket No. 263939); 2007 Mich App LEXIS 55 (Exhibit E).

Curiously, in its Opinion affirming this ruling, the Court of Appeals made no mention of the Final Pre-Trial Order. The cases of Dybas and Frisch, supra, *are* directly on point here. In this case, Plaintiff was allowed to present evidence in violation of the court's Final Pre-Trial Order, with no advance warning to the court. Defendant was denied an opportunity to effectively review that evidence and prepare cross-examination. Further, defense counsel rightly relied on the Final Pre-Trial Order in preparing his cross-examination, and had every right to anticipate and raise the fact that Plaintiff would not be introducing any tax returns or records.

Contrary to the circuit court's ruling and Plaintiff's argument, this is *not* a situation of "opening the door." Defense counsel did not mention a piece of evidence that had previously been excluded, but instead was relying on the Final Pre-Trial Order as entered by the court. Indeed, the case cited by Plaintiff here, Bishop v St. John Hospital, 140 Mich App 720; 364 NW2d 290 (1984), is not on point, since it did not involve a violation of a court's pre-trial order.

Thus, the last-second admission of these records, without so much as an opportunity to review them on the part of the defense, was an abuse of discretion, and reversible error mandating a new trial. The Court of Appeals' ruling was clearly erroneous in this regard, and will cause material injustice to Defendant City.

### III. THE TRIAL COURT ERRED IN DENYING A NEW TRIAL OR REMITTITUR BASED ON THE EXCESSIVE AND UNSUPPORTED AMOUNTS AWARDED TO PLAINTIFF IN THE JURY'S VERDICT.

#### A. Standard of Review

In <u>Palenkas</u> v <u>Beaumont</u>, 432 Mich 527, 531; 443 NW2d 354 (1989), the Supreme Court ruled that an appellate court "may only disturb a grant or denial of remittitur if an abuse of discretion is shown." An abuse of discretion is demonstrated when "an unprejudiced person, considering the facts on which the trial court made its decision would conclude that there was no justification for the ruling made." <u>Syzmanski</u> v <u>Brown</u>, 221 Mich App 423, 431; 562 NW2d 212 (1997).

MCR 2.611(E)(1) expressly provides that the trial court is to consider whether the amount awarded by the jury is, in fact, supported by the evidence. A trial court may grant a new trial when the damages are excessive. MCR 2.611(A)(1)(c) and (d). The court may also consider other factors, including whether the verdict was "induced by bias or prejudice", but its inquiry "should be limited to objective considerations relating to the actual conduct of the trial or the evidence adduced." <u>Palenkas, supra</u>, at 531-533. Examining these factors here leads to the conclusion that the trial court abused its discretion in upholding the amounts awarded in this action.

Plaintiffs have the burden of proving their economic damage claim with some degree of reasonable certainty. <u>Precopio</u> v <u>Detroit</u>, 415 Mich 447; 330 NW 2d 802 (1982). In the instant case, Plaintiff adduced little evidence of any compensatory damages or future damages that falls within the range of damages awarded. The jury's verdict simply defies rational explanation.

MCR 2.611(E)(1) provides an alternative to a new trial, remittitur, stating:

> If the court finds that the only error if the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days

the nonmoving party consent in writing the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or highest (if the verdict was excessive) amount of the evidence will support.

The court in Precopio v City of Detroit Department of Transportation, 330 NW2d 802, 808; 415 Mich 457 (1982), held that, "[t]o sustain his burden of proof, a plaintiff must establish injury and the appropriate compensation therefore with reasonable certainty." In Palenkas v Beaumont Hospital, 443 NW2d 354, 356; 432 Mich 527 (1989), the court, in reducing the amount of an excessive jury award referred to the express language of the Michigan Court Rules in holding that "remittitur is justified if the jury verdict is 'excessive,' i.e., if the amount awarded is greater than 'the highest amount the evidence will support." The Court also held that an appellate court may only disturb a grant or denial of remittitur if an abuse of discretion is shown. The Court held that an abuse of discretion is demonstrated when an unprejudiced person, considering the facts on which the trial court made its decision would conclude that there was no justification for the rulings made. Szymanski v Brown, 221 Mich App 423 (1997).

## B. The Damage Award is Unsupported by the Evidence.

The evidence put forth by Plaintiff at trial does not support such a baseless award of any damages. Plaintiff presented no evidence as to past medical expenses or lost income. The jury even requested any medical billing during their deliberations. Plaintiff testified that he was not receiving medical treatment. Plaintiff presented no evidence as to past wage loss and on cross-examination admitted that he had not timely filed any tax returns. TR 4/7/11 at 72-73. He presented no evidence as to his true salary. He presented no evidence of lost jobs or lost income. In Palenkas, supra, the court, in reducing the amount of an excessive jury award referred to the express language of the Michigan Court Rules in holding that, "remittitur is justified if the jury verdict is 'excessive,' i.e.,

if the amount awarded is greater than 'the highest amount the evidence will support." Remittitur is required in this case because the Plaintiff did not sustain his burden of proof, with reasonable certainty, largely since the tax records were improperly admitted.

Since there was no evidence submitted to the jury concerning damages, its damage award was higher than the highest amount that the evidence will support. The award of $1,493,250.00 for future economic damages is particularly speculative, given the current economy. For the above stated reasons, Defendant is entitled to remittitur.

### C. The Verdict Was Excessive and Against the Great Weight of the Evidence.

The excessive verdict can be remedied by either granting a new trial or remittitur under MCR 2.611(E)(1).[4] If not a new trial, however, the trial court should have granted remittitur to correct the excessive verdict, again, mainly due to the improper admission of the tax records. Rockafellow v Streeter, 332 Mich 366; 51 NW2d 249 (1952).

As a result, since the tax records were improperly admitted, Plaintiff's claim that the jury could have awarded an average of $292,179.00 per year in lost income (amounting to $4,382,685.00 to age 65 - see Plaintiff's Brief in the Court of Appeals at 12) is not within the possible range of outcomes. Further, his claim that the evidence would support future wage loss of $2,717,025.00 (at an average of $181,135.00 per year for the same 15 years - see id at 11-12) is based on documents which were marked at trial as Exhibit 5 (and attached as Exhibit 8 to Plaintiff's Brief in the Court of Appeals). However, Exhibit 5 was never admitted into evidence at trial, although it appears that

---

[4] This subrule provides: "If the court finds that the only error in the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days the nonmoving party consent in writing to the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or highest (if the verdict was excessive) amount the evidence will support."

this exhibit was given to the jury during deliberations. TR 4/8/11 at 81-83. Regardless, even this amount is highly speculative given the current economy, and the amounts awarded by the jury for past and future economic damages ($542,405.00 and $1,493,250.00 respectively) are equally speculative and unsupported. Therefore, either a new trial or remittitur was appropriate, and this Court should grant leave and reverse.

## IV. SINCE THE CITY WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW, THE COSTS, INTEREST AND ATTORNEY FEES SHOULD BE REVERSED.

As a result of all the above, the portions of the June 3, 2011 Order granting costs, interest and attorney fees should be reversed as well.

## CONCLUSION AND RELIEF REQUESTED

In short, this case should not have gone to the jury, since Plaintiff presented no evidence of negligence on the part of Officer Wills. Further, the jury verdict was excessive for the reason that it is not supported by any evidence presented by the Plaintiff. Additionally, Plaintiff was allowed to present evidence not disclosed in the Court's Final Pre-Trial Order. In effect, Defendant was denied an opportunity to effectively review that evidence and prepare cross-examination. Finally, Plaintiff's argument throughout the trial was designed to appeal to sympathy and prejudice.

For all of these reasons, Defendant City of Detroit respectfully requests that this Court grant leave to appeal and reverse the Court of Appeals' decision and the circuit court's Judgment of April 26, 2011 and its June 3, 2011 Order Granting Plaintiff's Motion for Costs, Attorney Fees and Statutory Interest, and denying the City's motion for post-trial relief, and enter judgment in favor of Defendant City; or in the alternative grant a new trial; or in the alternative grant remittitur. Again in the alternative, Defendant requests that the Court issue a peremptory order reversing the judgments below and entering judgment in favor of Defendant City, pursuant to MCR 7.302(H)(1).

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

Edward V. Keelean (P-29131)
Acting Corporation Counsel

By:  _____

Sheri L. Whyte (P-41858)
Assistant Corporation Counsel
City of Detroit Law Department
Attorney for Defendant-Appellant City
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3076

Dated: June 27, 2013