# THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

―――――――――――――――――――――――――――x
                                          :    **Chapter 9**
**In re:**                                :    **Case No. 13-53846**
**CITY OF DETROIT, MICHIGAN**,            :    **Hon. Steven W. Rhodes**
                Debtor.                   :
                                          :
                                          :
―――――――――――――――――――――――――――

## PETITIONER ROBERT DAVIS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER (CORRECTED)

PETITIONER, Robert Davis, by and through his attorney, Andrew A. Paterson, submits this, his Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order (Corrected) and states as follows:

1. It is imperative and urgent for this Court to address the merits of Petitioner Robert Davis' instant Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order because Ingham County Circuit Court Judge William E. Collette has temporarily postponed issuing his decision in the matter of *Robert Davis v Local Emergency Financial Assistance Loan Board, et al.*, Case No. 13-281-NZ, as a result of the Michigan Attorney General's claim that this Court's July 25, 2013 Stay Order applies to this Open Meetings Act action.

2. On July 25, 2013, this Court entered an Order pursuant to Section 105(A) of the Bankruptcy Code extending the Stay in Debtor's Chapter 9 estate ("**Debtor's Bankruptcy Petition**") to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor. ("**Stay Order**") **(See this Court's**

**July 25, 2013 Stay Order attached hereto as Exhibit A).**

3. In paragraph number 3 of the Court's July 25, 2013 Order, the Court stated: "For the avoidance of doubt, *each Prepetition Lawsuits* hereby is stayed, pursuant to section 105(a) of the Bankruptcy Code, pending further order of this Court. (**See pg. 2 of this Court's July 25, 2013 Stay Order attached hereto as Exhibit A**).

4. Although this Court's July 25, 2013 Order did not define the phrase "Prepetition Lawsuits", in a footnote to the Court's July 25, 2013 Order, the Court stated: "Capitalized terms not otherwise defined herein have the meaning given to them in the Motion." (**See pg. 1 of this Court's July 25, 2013 Stay Order attached hereto as Exhibit A**).

5. The Motion filed by the Debtor, the City of Detroit, defined the terms "Prepetition Lawsuits' to mean specifically the three (3) Ingham County state Circuit Court Lawsuits that pertain to the contractual and constitutional rights of pensioners of the Debtor. The three (3) Ingham County Lawsuits referenced and defined as the "Prepetition Lawsuits" were described and defined in the Motion as follows:

    (1) *Webster v State of Michigan.,* Case No 13-734-CZ, Ingham County Circuit Court, filed July 3, 2013.

    (2) *Flowers v Snyder*, Case No 13-729-CZ, Ingham County Circuit Court, filed July 3, 2013.

    (3) *General Retirement System of the City of Detroit v Orr*, Case No. 13-768-CZ, filed July 17, 2013. (**See pgs. 5-6 of Debtor's Motion For Entry of An Order Extending the Chapter 9 Stay attached hereto as Exhibit B**).

6. Despite the Court's narrow, and clear, indication that the Court's stay only extended to

the above-referenced three (3) Ingham County Circuit Court cases that dealt specifically with the Debtor's pensions and its obligations to its pensioners, the Michigan Attorney General, in Petitioner Robert Davis' Open Meetings Act ("**OMA**") lawsuit, Ingham County Circuit Court Case No. 13-281-NZ ("**Davis' OMA Action**"), on behalf of the Local Emergency Financial Assistance Loan Board, Governor Snyder, and State Treasurer Andy Dillon, sent a letter to the Ingham County Circuit Court Judge, William E. Collette, telling him that the Attorney General believes that this Court's July 25, 2013 Order extends to Davis' OMA Action against the Governor, the State Treasurer and the state's Local Emergency Financial Assistance Loan Board pending in the Ingham County Circuit Court. **(See Attorney General's July 26, 2013 letter attached hereto as Exhibit C).**

7. Davis' OMA Action, does not have Debtor or any of its departments or officials as parties; it has absolutely no impact whatsoever on the Debtor's Bankruptcy Petition or proceedings in this Court. Davis' OMA Action is a Michigan Open Meetings Act case against the Local Emergency Financial Assistance Loan Board, Governor Snyder, and State Treasurer Andy Dillon, only, brought because of their alleged violations of the state's Open Meetings Act, occurring during the appointment and hiring process for Kevyn Orr to serve as the Emergency Financial Manager for the City of Detroit, under the now repealed Public Act 72 of 1990. (**See Petitioner Robert Davis' second amended complaint attached hereto as Exhibit E**).

8. Davis' OMA Action, is not one of the three (3) Ingham County Circuit Court cases listed in this Court's July 25, 2013 Order and it was not one of the cases listed in the definition of the term "Prepetition Lawsuits" as defined in the Debtor's Motion. **(See**

**July 25, 2013 Stay Order of this Court attached hereto as Exhibit A and See Debtor's Motion attached hereto as Exhibit B).** But for the Attorney General's letter and claim that the Stay Order extends to Davis' OMA Action, the action has nothing to do with the Debtor's Bankruptcy Petition.

9. Additionally, Davis' OMA Action, is under the strict schedule management by a June 20, 2013 Order from the Michigan Court of Appeals. **(See June 20, 2013 Order of the Michigan Court of Appeals attached hereto as Exhibit D).**

10. Moreover, Davis' OMA Action was filed in March 2013, which was prior to the initial filing of Debtor's Bankruptcy Petition.

11. Davis' OMA Action will not affect, in any way, or disturb, or otherwise impact the Debtor's Bankruptcy Petition or proceedings thereunder in this Court. All discovery in Davis' OMA Action has been terminated and ended by the Michigan Court of Appeals by its June 20, 2013 Order, and Petitioner Robert Davis is prohibited from taking the depositions of the Governor, State Treasurer, Kevyn Orr, and members of the Local Emergency Financial Assistance Loan Board. Accordingly, attention to pressing matters before the bankruptcy Court by the Governor, State Treasurer and the members of the Local Emergency Financial Assistance Loan Board, will not be disturbed in any manner by the proceedings in Davis' OMA Action.

12. A review of the transcripts of the oral arguments held in this Court on the Debtor's Motion to Extend the Stay, clearly indicate that this Court only intended to stay those proceedings that dealt specifically with the pension issues and issues raised therein, on the legal ability of the Emergency Manager and the Governor to file bankruptcy for the Debtor in this Court. Davis' OMA Action does not raise any such matters or any other

bankruptcy issues and does not seek to adjudicate any constitutional issues that may surround Debtor's retirees' pensions and the benefits thereunder. Davis' OMA Action simply seeks the Ingham County Circuit Court's declaration that the Local Emergency Financial Assistance Loan Board violated various provisions of the Michigan Open Meetings Act in connection with the selection and appointment of the emergency manager for the Debtor under Public Act 72 of 1990. Neither the Debtor, nor the emergency manager of the Debtor, is a party to Davis' OMA Action and none of the Debtor's assets or property would be impaired by a decision in Davis' OMA Action.[1]

(**See Petitioner Robert Davis' second amended complaint filed in Ingham County Circuit Court attached hereto as Exhibit E).**

13. Accordingly, this Court's July 25, 2013 Order extending the stay did not, and should not apply to Davis' OMA Action.

14. However, because of the Attorney General's July 26, 2013 letter to Judge Collette, it is necessary for this Court to clarify that its Stay Order does not extend to Davis' OMA Action.

15. The Michigan Attorney General's claim about the reach of this Court's Stay Order, as claimed in the Michigan Attorney General's July 26, 2013 letter to Judge Collette, could be made in every lawsuit filed against the Local Emergency Financial Assistance Loan Board, or the Governor Snyder or the State Treasurer, even where those lawsuits, like Davis' OMA Action, have absolutely nothing to do with the Debtor's Bankruptcy

---

[1] One of the remedies sought in Petitioner's Case No. 13-281-NZ was for the action of the Local Emergency Financial Assistance Loan Board appointing Mr. Orr as the Emergency Financial Manager for the City of Detroit, be declared void. Ingham County Circuit Judge William E. Collette stated on the record at a hearing in his courtroom July 24, 2013, that he was not going to invalidate or void any of the actions so taken by the Local Emergency Financial Assistance Loan Board, even if, he were to find that it had violated the provisions of the Open Meetings Act in connection with the selection and appointment of Mr. Orr as the Emergency Financial Manager for the City of Detroit.

Petition. The Michigan Attorney General's claim will leave the states judiciary in confusion over its jurisdiction in such cases.

16. Consequently, it is necessary for this Court to clarify that its July 25, 2013 Stay Order only extends to the three (3) Ingham County Circuit Court cases it identified in the July 25, 2013 Stay Order and further clarify that the July 25, 2013 Stay Order does not extend to Davis' OMA Action.

17. Petitioner Robert Davis therefore respectfully requests that the Court so clarify that its July 25, 2013 Stay Order does not extend to Davis' OMA Action.

## NOTICE

18. Notice of this Motion has been given to the Michigan Attorney General's Office, who serves as counsel for the Governor, State Treasurer, Local Emergency Financial Assistance Loan Board, and counsel for the Debtor. Petitioner Robert Davis submits that no other or further notice need to be provided.

## CONCLUSION/PRAYER FOR RELIEF

Petitioner, Robert Davis, prays that the Court enter an order (a) clarifying that the Court's July 25, 2013 Stay Order does not extend to Davis' OMA Action, Ingham County Circuit Court Case No. 13-281-NZ; and (b) that Davis' OMA Action may proceed in the Ingham County Circuit Court to adjudication in an expeditious manner in accordance with the June 20, 2013 Order of the Michigan Court of Appeals.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)_____
Attorney for Petitioner Robert Davis
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED; August 8, 2013