# EXHIBIT E

**ROBERT DAVIS,**
    PLAINTIFF,

Case No.13-281-NZ
Hon. William E. Collette

-v-

**LOCAL EMERGENCY FINANCIAL ASSISTANCE LOAN BOARD,
GOVERNOR RICK SNYDER, and STATE TREASURER ANDY DILLON,**
    DEFENDANTS.

    /

| | |
|---|---|
| ANDREW A. PATERSON (P18690)<br>Attorney for Plaintiff<br>46350 Grand River Ave., Suite C<br>Novi, MI 48374<br>(248) 568-9712 | MICHELLE M. BRYA (P66861)<br>JOSHUA O. BOOTH (P53847)<br>Assistant Attorney General<br>Attorneys for Defendants<br>And non-party Kevyn Orr<br>State Operations Division<br>525 W. Ottawa Street<br>PO Box 30754<br>Lansing, MI 48909<br>(517) 373-1162 |

    /

## PLAINTIFF'S SECOND-AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

PLAINTIFF, ROBERT DAVIS, by and through his attorney, Andrew A. Paterson, and in support of his Second-Amended Complaint for Declaratory Judgment and Injunctive Relief ("**Second–Amended Complaint**"), states the following:

### THE NEED FOR THE FILING OF THIS SECOND-AMENDED COMPLAINT

1.     On or about March 14, 2013, Plaintiff Robert Davis ("**Plaintiff**") filed a Complaint for declaratory judgment and injunctive relief for violations of the Open Meetings Act ("**OMA**") by the Defendant Local Emergency Financial Assistance Loan Board ("**Defendant Loan Board**").

2. Soon thereafter, Defendant Loan Board filed with this Court its first responsive pleading in the form of a Motion for Summary Disposition.

3. On or about April 10, 2013, Plaintiff timely filed, of right, pursuant to MCR 2.118(A)(1), a First-Amended Complaint adding Defendants Governor Rick Snyder and State Treasurer Andy Dillon as party defendants. In addition to adding defendants, Plaintiff added additional counts, which alleged additional violations of the Open Meetings Act.

4. After conducting only limited discovery, Plaintiff learned of further OMA violations. These newly discovered OMA violations require Plaintiff to file this Second-Amended Complaint.

5. Specifically, Plaintiff adds two (2) counts against the Defendants for the additional violations of the OMA, as follows:

- Defendant Loan Board violated MCL 15.265(1) of OMA because the person who posted the notice of Defendant Loan Board's March 14, 2013 special meeting *was not* the person designated by the Defendant Loan Board to post special meeting notices of the Defendant Loan Board and thus, a violation of MCL 15.265(1) of OMA was committed and is set forth in Count II.

- The Defendant Loan Board violated MCL 15.263(2) of OMA, and the holding of *Booth Newspapers, Inc v U of M Bd of Regents*, 444 Mich 211; 507 NW 2d 422 (1993), when Defendant Loan Board made candidate reduction decisions in private and not at a meeting open to the public. Additionally, Defendant Loan Board and Defendant Treasurer Dillon made decisions about the terms of emergency financial manager Kevyn Orr's employment

agreement(s)/contract(s) in private and not at a meeting open to the public.

These violations of the OMA are set forth in Count VI.

## COMMON ALLEGATIONS/PARTIES

6. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a duly registered and qualified elector in the County of Wayne, State of Michigan.

7. Defendant Governor Rick Snyder ("**Defendant Governor**"), is the duly elected Governor of the State of Michigan, who exercises the executive authority of the Defendant State pursuant to Const. 1963, art. 5, § 1.

8. Defendant State Treasurer Andy Dillon ("**Defendant Treasurer**"), is the duly elected State Treasurer of the State of Michigan, who is a member and chairman of the Defendant Loan Board.

9. Defendant Local Emergency Financial Assistance Loan Board ("**Defendant Loan Board**"), is a three-member board established and created under §2 of the Emergency Municipal Loan Act, being Public Act 243 of 1980, MCL 141.931 *et. seq.* ("**Loan Act**").

10. Pursuant to MCL §141.932(1) of the Loan Act, the Defendant Loan Board was created within the Michigan department of treasury and its members consist of the state treasurer, the director of the department of licensing and regulatory affairs and the director of the department of technology, management, and budget. Its members are statutorily appointed and they **are not** appointed by any appointing authority. (i.e., the Governor, the Legislature or any other entity).

11. In accordance with MCL §141.932(1) of the Loan Act, Defendant Loan Board exercises "its prescribed statutory powers, duties, and functions independently of the department of treasury."

12. In accordance with MCL §141.932(2) of the Loan Act, Defendant Loan Board "has the powers necessary to carry out and effectuate the purposes and provisions of this act, **and powers vested in the board under other laws of this state**." (Emphasis supplied).

13. In accordance with MCL §141.1218 of the Local Government Fiscal Responsibility Act, being Public Act 72 of 1990, MCL §141.1201 *et. seq.* ("**Public Act 72**"), Defendant Loan Board has the *exclusive* authority to appoint an emergency financial manager to oversee a local unit of government that the Governor has determined has a financial emergency, as defined under Public Act 72. In addition to its emergency financial manager appointment powers, the Defendant Loan Board also has the exclusive authority under MCL §141.1218 of Public Act 72 to set the salary for an emergency financial manager and the emergency financial manager serves as the pleasure of the Defendant Loan Board.

14. In accordance with MCL §141.932(4) of the Loan Act, all actions of the Defendant Loan Board "shall be approved by all members of the board."

15. In accordance with MCL §141.932(4) of the Loan Act, all meetings of the Defendant Loan Board shall be conducted in compliance with the Open Meetings Act ("**OMA**"). In addition to the Loan Act requiring the Defendant Loan Board comply with OMA, OMA itself unquestionably, finds it a "public body" as defined under the OMA. Thus Defendant Loan Board is required to adhere to all of the provisions of the OMA.

16. In light of the Legislature's clear pronouncement that the Defendant Loan board must conduct its meetings and its business in compliance with the OMA, Defendant Loan Board is a "public body" as defined by MCL 15.262(a) of the Open Meetings Act ("**OMA**") that is required to strictly adhere to and comply with the requirements of the

OMA. See *In re Jude*, 228 Mich App 667, 669 (1998) ("[H]owever, in light of the Legislature's clear pronouncement that a board created pursuant to the Drain Code must conduct its business in compliance with the OMA, whether a board of review is a public body contemplated by the OMA is a question that we need not reach because the Legislature has expressed that the business conducted by a board created pursuant to the Drain Code is within the purview of the OMA.")

## NATURE OF THE ACTION

17.     The Michigan Court of Appeals has determined, and held, that the OMA provides three separate and distinct types of relief. *Leemreis v Sherman Twp*, 273 Mich App 691, 699-700; 731 NW2d 787, 792 (2007) ("Reading the OMA as a whole, it appears that these sections, and the distinct kinds of relief that they provide, stand alone.") The Court determined in *Leemreis* that:

> "[1] MCL 15.270(1) permits a person to 'commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.' Under this section, a person can seek invalidation of the decision and there is no provision for costs or attorney fees. [2] MCL 15.271(1) permits a person to 'commence a civil action to compel compliance or to enjoin further noncompliance with this act.' Under this section, a person who commences a 'civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act' and obtains 'relief in the action' shall recover costs and attorney fees for the action. [3] MCL 15.271(4). MCL 15.273 permits a person to bring a claim against a public official for an intentional violation of the OMA and, if the public official did intentionally violate the OMA, he or she is liable for actual and exemplary damages of not more than $500 total 'plus court costs and actual attorney fees to a person or group of persons bringing the action.' MCL 15.273(1). None of these sections refers to either of the other sections. Reading the OMA as a whole, it

appears that these sections, and the distinct kinds of relief that they provide, stand alone." *Leemreis v Sherman Twp, supra,* at 699-700.

18. Accordingly, Plaintiff has filed this action, for **Count I-VII only,** pursuant to MCL §15.271 of the OMA alleging that Defendant Loan Board violated numerous sections of the OMA. Plaintiff is seeking, for **Counts I-VII only,** the Court's Declaration that Defendant Loan Board violated the OMA. In addition, for **Counts I-VII only,** Plaintiff are seeking the Court's Order permanently enjoining Defendant Loan Board from further noncompliance with the OMA and/or an Order issuing injunctive relief to compel Defendant Loan Board's compliance with the OMA, all pursuant to MCL §15.271(2) of the OMA. **For Count VIII only,** Plaintiff is seeking for this Court to invalidate all of the decisions Defendant Loan Board made at its March 14, 2013 special meeting relative to the appointment of Kevyn Orr as the emergency financial manager for the City of Detroit under the now-former Public Act 72 of 1990.

19. Plaintiff's action herein is timely, as **there is no statute of limitations period for a "person" to commence a civil action under MCL 15.271 of the OMA.** *Detroit News, Inc. v City of Detroit,* 185 Mich App 296, 301-302; 460 NW2d 312 (1990).

## JURISDICTION/STANDING

20. Jurisdiction is conferred upon this Court by MCL §15.270(1),(4) and by MCL §15.271(2) of the OMA:

MCL §15.270(1),(4) of the OMA states:

(1)Decisions of a public body shall be presumed to have been adopted in compliance with the requirements of this act. The attorney general, the prosecuting attorney of the county in which the public body serves, *or any person may commence a civil*

*action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.*

*(4)Venue for an action under this section shall be any county in which a local public body serves or, if the decision of a state public body is at issue, in Ingham county.* (Emphasis supplied.)

MCL §15.271(2) of the OMA states:

(2)An action for injunctive relief against a local public body shall be commenced in the circuit court, and venue is proper in any a county in which the public body serves. *An action for an injunction against a state public body shall be commenced in the circuit court and venue is proper in any county in which the public body has its principal office, or in Ingham county.* (Emphasis supplied.)

21. Defendant Loan Board is a "state public body" as defined and recognized under the OMA.

22. Plaintiff is a "person" who has standing to commence this action under §10(1) of the OMA (MCL 15.270(1)), as a "person" as therein set forth:

(1)Decisions of a public body shall be presumed to have been adopted in compliance with the requirements of this act. The attorney general, the prosecuting attorney of the county in which the public body serves, *or any person may commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.* (Emphasis added.)

23. Plaintiff is a "person" who has standing to commence this action under §11(1) of the OMA (MCL 15.271(1)), as a "person" as therein set forth:

(1)*If a public body is not complying with this act,* the attorney general, prosecuting attorney of the county in which the public body serves, *or a person may commence a civil action to compel compliance or to enjoin further noncompliance with this act."*(Emphasis supplied.)

24. Plaintiffs Davis is a "person" who has standing to commence this action under §11(1) of the OMA (MCL §15.271(1)), as a "person": "*If a public body is not complying with this act,* the attorney general, prosecuting attorney of the county in which the public body serves, **or a person** *may commence a civil action to compel compliance or to enjoin further noncompliance with this act."* (Emphasis supplied.)

25. Plaintiff's standing under the OMA is recognized under Michigan law. See, *Lansing Schools Education Ass'n v Lansing School Dist Bd. of Ed.*, 487 Mich 349, 372; 792 NW 2d 686 (2010). In *Lansing Schools Ed Ass'n,* the Michigan Supreme Court articulated Michigan's standing jurisprudence as:

> **[A] litigant has standing whenever there is a legal cause of action**. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large **or if the statutory scheme implies that the Legislature intended to confer standing on the litigant**. [*Lansing Schools Ed Ass'n, supra* at 372.] (Emphasis supplied.)

26. Michigan law has always granted OMA standing to parties, such as the Plaintiff. See, *Detroit News, Inc v Detroit*, 185 Mich App 296, 299; 460 NW2d 312 (1990)("The OMA allows an individual to commence a civil action for injunctive relief to either compel compliance with the OMA or enjoin further noncompliance with the act.").

27. The Ingham County Circuit Court is the proper venue for this action. §11(2) of the OMA (MCL §15.271(2)) states: "*An action for injunctive relief against a local public body shall be commenced in the circuit court, and venue is proper in any county in which*

*the public body serves.* An action for an injunction against a state public body shall be commenced in the circuit court and venue is proper in any county in which the public body has its principal office, *or in Ingham county*." (Emphasis added.)

28. Defendant Loan Board's principal office is located in the County of Ingham, Lansing, Michigan. Furthermore, the seat of government is the State Capitol, which is located in the County of Ingham, Lansing, Michigan.

29. An actual controversy exists by reason of the Defendant Loan Board's actions, individually and collectively, being in violation of the OMA, and the Plaintiff is the proper party to bring this action thereon.

30. This Court is the proper venue and forum, it has jurisdiction over the parties, it can determine the truth or falsity of the allegations raised, and it can grant the relief sought herein.

<u>COUNT I</u>

<u>DEFENDANT LOAN BOARD VIOLATED THE OMA BY FAILING TO PROVIDE PLAINTIFF AND OTHER MEMBERS OF THE PUBLIC WITH THE STATUTORY REQUIRED 18-HOUR NOTICE OF ITS SPECIAL MEETING</u>

31. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

32. On Wednesday, March 13, 2013 at approx. 4:38 p.m., Terry Stanton on behalf of the Defendant Loan Board sent out a "Media Advisory" to members of the media only, advising them that he Defendant Loan Board had scheduled a special meeting to be held at 3 p.m. on Thursday, March 14, 2013 on the first floor of the Richard H. Austin Building. (See Media Advisory attached hereto as Exhibit B).

33. The "Media Advisory" was not sent to the Plaintiff or other members of the general public. Plaintiff obtained a copy of the "Media Advisory" from an ethical member of the media. (See Plaintiff's Affidavit attached hereto as Exhibit A).

34. Defendant Loan Board failed to post said meeting notice of its special meeting in accordance with the notice requirements of the OMA.

35. MCL 15.265(1) of the OMA states in relevant part:

> (1) A meeting of a public body shall not be held unless public notice is given as provided in this section by a person designated by the public body.

36. MCL 15.265(4) of the OMA states in relevant part the following:

> (4) Except as provided in this subsection or in subsection (6), for a rescheduled regular or a special meeting of a public body, a public notice stating the date, time, and place of the meeting **shall be posted at least 18 hours before the meeting in a prominent and conspicuous place at both the public body's principal office, and, if the public body directly or indirectly maintains an official internet presence that includes monthly or more frequent updates of public meeting agendas or minutes, on a portion of the website that is fully accessible to the public.** (Emphasis added).

37. Defendant Loan Board failed to post said special meeting notice at least 18 hours before the meeting in a prominent and conspicuous place. Furthermore, Defendant Loan Board failed to post said meeting notice on the Department of Treasury's website, which is the department in which the Defendant Loan Board functions from.

38. As noted above, the Loan Act requires the Defendant Loan Board to function within the Department of Treasury.

39. At approx. 11 p.m. on Wednesday, March 13, 2013, Plaintiff checked the Department of Treasury's website to see if the Defendant Loan Board had posted its notice of special meeting on said website. However, much to Plaintiff's surprise, no notice of the

Defendant Loan Board's March 14, 2013 special meeting was posted. (See Plaintiff's Affidavit attached hereto as Exhibit A).

40.      In addition, Defendant Loan Board failed to post said special meeting notice in a prominent and conspicuous place as the new provision of the OMA requires. Accordingly, Defendant violated the OMA and thus cannot hold its special meeting on Thursday, March 14, 2013.

**COUNT II**

**DEFENDANT LOAN BOARD VIOLATED THE OMA BY HAVING AN UNAUTHORIZED PERSON POST THE MEETING NOTICE FOR ITS MARCH 14, 2013 SPECIAL MEETING**

41.      Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

42.      Wendy Lamphier, who serves as the special assistant to Defendant Treasurer Dillon's Legal Advisor, testified at a deposition in this matter that she was the person who posted the notice of the Defendant Loan Board's March 14, 2013 special meeting.

43.      Harlan Goodrich, who serves as the secretary of the Defendant Loan Board testified in an deposition in this matter that the Defendant Loan Board has not and did not pass a resolution authorizing Wendy Lamphier to post notices of its special meetings and that as Secretary of the Defendant Loan Board he is responsible for posting the notices of the Defendant Loan Board's special meetings.

44.      Defendant Loan Board thus had an unauthorized person post the meeting notice for its March 14, 2013 special meeting in violation of MCL 15.265(1) of OMA.

45.      MCL 15.265(1) of OMA states:

(1) A meeting of a public body shall not be held unless public notice is given as provided in this section **by a person designated by the public body**. (Emphasis supplied).

46.  The Defendant Loan Board did not designate Wendy Lamphier to post the notices of its special meetings. Thus, in accordance with MCL 15.265(1) of the OMA, the special meeting of March 14, 2013 of the Defendant Loan Board should not have been held.

### COUNT III

### DEFENDANT LOAN BOARD VIOLATED THE OMA BY FAILING TO PROVIDE PLAINTIFF WITH A COPY OF THE SPECIAL MEETING NOTICE AS HE SO REQUESTED UNDER THE OMA

47.  Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

48.  On Friday, March 7, 2013, Plaintiff, pursuant to MCL 15.266 of the OMA, requested in writing to receive a copy of future meeting notices of special meetings of the Defendant Loan Board. (See Plaintiff's written request attached hereto as Exhibit C).

49.  That Plaintiff did not receive a copy of the notice of the Defendant Loan Board's special meeting that is scheduled to be held on Thursday, March 14, 2013. (See Plaintiff's Affidavit attached hereto as Exhibit A).

50.  MCL 15.266 of the OMA states in relevant part:

(1) **Upon the written request of an individual, organization, firm or corporation, and upon the requesting party's payment of a yearly fee of not more than the reasonable estimated cost for printing and postage of such notices, a public body shall send to the requesting party by first class mail a copy of any notice required to be posted pursuant to section 5(2) to (5)**. (Emphasis supplied).

51.  In anticipation of Defendants' argument that it was not required to send Plaintiff a copy of the notices for future meetings because Plaintiff did not pay a fee for said copies,

Plaintiff asserts Defendants did not establish a fee for Plaintiff or anyone to pay. Thus the Defendant Loan Board has waived any fee requirement or through its silence, has set the fee at *zero* ($0) dollars.

52.   This very issue was recently addressed by the Michigan Court of Appeals in *Speicher v Columbia Township*, unpublished opinion per curiam of the Court of Appeals, issued September 20, 2011 (Docket No. 298016). In *Speicher v Columbia Township, supra,* the Court of Appeals correctly held, at slip op pp 1-3:

> It is undisputed that plaintiff requested notice prior to the occurrence of the meeting in question. It is also undisputed that defendants did not establish a yearly fee and that plaintiff made no attempt to pay any such fee. The trial court found that because plaintiff did not pay a fee, he was not entitled to notice under MCL 15.266. Implicit in the court's holding was its conclusion that the statutory scheme placed the burden of paying a reasonable fee on plaintiff regardless of whether defendants had established any such fee. **We disagree with the trial court's conclusion.**
>
> *******
>
> **A review of the language in MCL 15.266(1) reveals that the statute is unambiguous. Therefore, we must assume that the Legislature intended its plain meaning, and the statute must be enforced as written.** *Id.* **at 39. MCL 15.266(1) sets out two conditions precedent to a requesting party's entitlement to notice: the requesting party must make a written demand for notice ("[u]pon the written request"), and the requesting party must pay a yearly fee ("upon the requesting party's payment of a yearly fee"). Although plaintiff made a written demand for notice, he did not pay a yearly fee. Consequently, the trial court determined that plaintiff failed to comply with the statutory requirements. However, it is clear that plaintiff was precluded from paying the fee in question only because defendants failed to establish it. Based on the plain language of the provision, we cannot conclude that the legislature intended to place a duty on a requesting party that was impossible to fulfill. The statute granted defendant the authority to set "a yearly fee of** *not more than* **the reasonable estimated cost for**

printing and postage of such notices." MCL 15.266(1) (emphasis added). **The term "not more than" demonstrates that the legislature placed a ceiling on the amount of the fee. However, the legislature did not place a minimum limit on the amount of the fee.** *Consequently, defendants had the authority to set as low of a fee as they desired. Defendants, through their silence, set the fee at zero dollars.* To conclude otherwise would permit governmental units to circumvent the Open Meetings Act at their discretion. Consequently, plaintiff met each of the statutory duties that had been imposed on him and the trial court's grant of summary disposition was improper. (Emphasis supplied).

53.     Defendant Loan Board's failure to provide Plaintiff with copies of its notices of future public meetings violated MCL 15.266 of the OMA.

## COUNT IV

## DEFENDANT LOAN BOARD VIOLATED THE OMA BY FAILING TO ALLOW PLAINTIFF TO PUBLICLY INSPECT ITS MEETING MINUTES AT ITS PRINICPAL OFFICE

54.     Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

55.     On Friday, March 7, 2013, Plaintiff personally visited Defendant Loan Board's principal office, which is located within the Michigan Department of Treasury.

56.     Plaintiff personally appeared and respectfully requested to publicly inspect all of the meeting minutes of the Defendant Loan Board from January 2012 to the present. (See Plaintiff's Affidavit attached hereto as Exhibit A).

57.     Plaintiff asked Wendy Lamphier to allow him to view the meeting minutes, however Ms. Lamphier did not return before the closing of the building to allow Plaintiff to view said meeting minutes . (See Plaintiff's Affidavit attached hereto as Exhibit A).

58. That Defendant Loan Board's failure to have its minutes from January 2012 to the present available for public inspection within the time prescribed by the OMA is a violation of the OMA.

59. MCL §15.269(1), (3) of the OMA states:

Sec. 9

(1)**Each public body *shall* keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held. The minutes shall include all roll call votes taken at the meeting.** The public body shall make any corrections in the minutes at the next meeting after the meeting to which the minutes refer. The public body shall make corrected minutes available at or before the next subsequent meeting after correction. The corrected minutes shall show both the original entry and the correction.

(3)**A public body *shall* make proposed minutes available for public inspection within 8 business days after the meeting to which the minutes refer. The public body shall make approved minutes available for public inspection within 5 business days after the meeting at which the minutes are approved by the public body.** (*Emphasis supplied*).

60. MCL §15.269(1), (3) of the OMA use the mandatory word "*shall*." The word "'**shall' is mandatory; it expresses a directive, not an option.**" *Wolverine Power Supply Coop, Inc v DEQ*, 285 Mich App 548, 561; 777 NW2d 1 (2009). (Emphasis supplied).

61. The Legislature is presumed to know the rules of grammar. *Greater Bethesda Healing Springs Ministry v Evangel Bldrs & Constr Mgrs, LLC*, 282 Mich App 410, 414; 766 NW2d 874 (2009). Statutory language must be read within its grammatical context unless something else was clearly intended. *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009).

62.	Thus, it was mandatory for Defendant Loan Board to have available for public inspection and copying of the approved and proposed minutes from the Defendant Loan Board's meetings from January 2012 to the present.

63.	Such failure by the Defendant Loan Board to permit Plaintiff to publicly inspect said meeting minutes on March 7, 2013 is contrary to the clear and unambiguous language set forth in MCL §15.269(3) of the OMA. This very issue was analyzed in the opinion of the Michigan Attorney General in *Op. Atty. Gen 2010*, No. 7244, in which the Attorney General opined:

> **"It is my opinion, therefore, that, after receiving a request, a public body must make open meeting minutes available for inspection within the time periods specified in the Open Meetings Act, MCL 15.261** *et seq.* The public body may, under rules established and recorded by the public body, request advance notice of and require supervision of any inspection of the public body's record copy of open meeting minutes to protect the record from "loss, unauthorized alteration, mutilation, or destruction." **Generally, neither advance notice nor supervision should be required for the inspection of copies of open meetings minutes."** (Emphasis supplied.)

64.	That Defendant Loan Board, being a state public body, is a state agency (See, *Attorney General v Lowrey*, 131 Mich 639; 92 NW 289 (1902); affirmed, 26 S.Ct. 27, 199 U.S. 233 (1905)); and, thus Defendant Loan Board is bound thereby to follow the opinions of the Attorney General. See, *People v Waterman*, 137 Mich App 429; 358 NW2d 6t02 (1984).

## COUNT V

## DEFENDANTS GOVERNOR AND TREASURER VIOLATED THE OMA BY HOLDING PRIVATE INTERVIEWS AND SECRETLY REDUCING THE LIST OF CANDIDATES FOR THE POSITION OF EMERGENCY FINANCIAL MANAGER ACTING AS "ONE-MAN" COMMITTEES OF THE DEFENDANT LOAN BOARD

65. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

66. Admittedly, Defendants Governor and Treasurer conducted private interviews and secretly reduced the list of candidates for the position of "Emergency Financial Manager" for the City of Detroit.

67. Under Public Act 72, the Defendant Loan Board had the sole authority to appoint an "Emergency Financial Manager" for the City of Detroit.

68. Thus, Defendants Governor and Treasurer were acting as "one-man" committees on behalf of the Defendant Loan Board. See *Davis v Detroit Financial Review Team*, 296 Mich. App. 568; 821 NW2d 896 (2012); and see also *Booth Newspapers, Inc v U of M Bd of Regents*, 444 Mich 211; 507 NW 2d 422 (1993).

69. Accordingly, Defendant Governor and Treasurer acting as "one-man" committees on behalf of the Defendant Loan Board were subject to the OMA. See *Davis v Detroit Financial Review Team*, 296 Mich. App. 568; 821 NW2d 896 (2012); and see also *Booth Newspapers, Inc v U of M Bd of Regents*, 444 Mich 211; 507 NW 2d 422 (1993).

70. The OMA expressly requires that all interviews of candidates for a public office or position must be conducted in an open meeting. *Booth Newspapers, Inc v U of M Bd of Regents*, 444 Mich 211; 507 NW 2d 422 (1993).

71. Additionally, the reduction of the list of candidates for a public office or position is a "decision" under the OMA that must also occur in an open meeting. *Booth Newspapers, Inc v U of M Bd of Regents*, 444 Mich 211; 507 NW 2d 422 (1993).

72. Accordingly, the Defendants Governor and Treasurer acting as "one-man" committees of the Defendant Loan Board had to conduct the interviews for the public office make the

"decision" of reducing the list of candidates for the public office of "emergency financial manager" in an open meeting.

## COUNT VI

### DEFENDANT LOAN BOARD MADE CANDIDATE REDUCTION DECISIONS AND DETERMINED THE TERMS OF EMERGENCY FINANCIAL MANAGER KEVYN ORR'S CONTRACTS IN PRIVATE IN VIOLATION OF THE OMA

73. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

74. Defendant Loan Board and Defendant Treasurer Dillon, made reduction decisions regarding the candidates that they were considering for the public office/position of Emergency Financial Manager for the City of Detroit, in private, in violation of OMA.

75. MCL 15.263(2) of the OMA states;

> (2) *All* decisions of a public body shall be made at a meeting open to the public. (Emphasis supplied).

76. The Michigan Supreme Court has held this mandate applicable to reduction decisions. "Clearly, however, the OMA requires that "all decisions of a public body" be made in public. Consequently, the act mandates that the Presidential Selection Committee make any reduction decisions in public." *Booth v U of M Bd of Regents*, 444 Mich 211, at 231 (1993).

77. In addition to making candidate reduction decisions in private, Defendant Loan Board and Defendant State Treasurer Dillon also made decisions about the terms of Kevyn Orr's contracts with respect to compensation, benefits, living conditions, security, and other terms of his employment contract, all in private and all in violation of OMA.

## COUNT VII

## DEFENDANT LOAN BOARD'S DECISION TO HIRE KEVYN ORR AS THE EFM FOR THE CITY OF DETROIT WAS A "FAIT ACCOMPLI" AND THUS A VIOLATION OF THE OMA

78.     Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

79.     Defendant Loan Board "decision" to hire Kevyn Orr as the emergency financial manager for the City of Detroit was a "fait accompli" and thus was a violation of the OMA.

80.     Defendant Loan Board had already made up its mind as to who they were going to appoint as the emergency financial manager for the City of Detroit at its March 14, 2013 meeting. The formal votes in an open session of the Defendant Loan Board were, practically speaking, a "fait accompli" by the time that they were conducted and thus a violation of the OMA. See *People v Whitney*, 228 Mich App 230 (1998).

## COUNT VIII

## ALL ACTIONS AND DECISIONS OF THE DEFENDANTS AND ITS VOTES ON THE APPOINTMENT OF AN EMERGENCY FINANCIAL MANAGER FOR THE CITY OF DETROIT SHALL BE INVALIDATED AND VOIDED UNDER THE OMA

81.     Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

82.     Defendants' deliberate and intentional violations of the OMA as aforedescribed were egregious violations of the OMA, and of the rights of the public thereunder provided and protected, and the rights of the Plaintiff, so given by the OMA, were severally impaired and damaged. Accordingly, any and all of actions, decisions, and/or votes that the Defendants made on March 14, 2013 at its meeting with respect to the appointment of

Kevyn Orr as the emergency financial manager for the City of Detroit, must be invalidated and voided by the Court as provided for under the MCL §15.270(2) of OMA.

83. MCL §15.270 of the OMA states:

Sec. 10.

(1) Decisions of a public body shall be presumed to have been adopted in compliance with the requirements of this act. The attorney general, the prosecuting attorney of the county in which the public body serves, or any person may commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.

(2) *A decision made by a public body may be invalidated if the public body has not complied with the requirements of section 3(1), (2), and (3) in making the decision or if failure to give notice in accordance with section 5 has interfered with substantial compliance with section 3(1), (2), and (3) and the court finds that the noncompliance or failure has impaired the rights of the public under this act.*

(3) *The circuit court shall not have jurisdiction to invalidate a decision of a public body for a violation of this act unless an action is commenced pursuant to this section within the following specified period of time:*

(a) Within 60 days after the approved minutes are made available to the public by the public body except as otherwise provided in subdivision (b).

(b) *If the decision involves the approval of contracts, the receipt or acceptance of bids, the making of assessments, the procedures pertaining to the issuance of bonds or other evidences of indebtedness, or the submission of a borrowing proposal to the electors, within 30 days after the approved minutes are made available to the public pursuant to that decision.*

(4) *Venue for an action under this section shall be any county in which a local public body serves or, if the decision of a state public body is at issue, in Ingham county.*

(5) In any case where an action has been initiated to invalidate a decision of a public body on the ground that it was not taken in conformity with the requirements of this act, the public body may, without being deemed to make

any admission contrary to its interest, reenact the disputed decision in conformity with this act. A decision reenacted in this manner shall be effective from the date of reenactment and shall not be declared invalid by reason of a deficiency in the procedure used for its initial enactment. (Emphasis supplied.)

84. At its June 6, 2013 special meeting, the Defendant Loan Board approved the minutes from its March 14, 2013 special meeting. Thus, Plaintiff's instant action to invalidate Defendant Loan Board's actions taken at its March 14, 2013 meeting is timely and this Court thus has jurisdiction to invalidate the actions the Defendant Loan Board took at its March 14, 2013 special meeting.

85. Although this section of the OMA uses the word "and," the Court of Appeals has held that the Legislature intended these provisions to be disjunctive, such that a violation of either MCL 15.263(1),(2), *or* (3) could result in invalidation. *Esperance v Chesterfield Twp.*, 89 Mich App 456, 461-62; 280 NW2d 559 (1979).

86. If the noncompliance with the OMA has impaired the rights of the public, a court can invalidate the decision of the public body so made in contravention of the OMA. See, *Jude v Heselschwerdt*, 228 Mich App 667; 578 NW2d 704 (1998).

87. In seeking to invalidate a governmental decision made in violation of the OMA, Plaintiff must make specific factual allegations demonstrating that the public's rights were impaired. *Morrison v City of East Lansing*, 255 Mich App 505; 660 NW2d 395 (2003).

88. In accordance with the OMA, Plaintiff hereby states, with specificity, the following factual allegations that demonstrate how Plaintiff's rights and the public's rights were impaired by the Defendants' blatant violations of the OMA that will warrant invalidation of their vote on March 14, 2013:

a. By conducting the interviews in secret, Plaintiff and the other members of the public were denied their right and opportunity to personally review the qualifications for themselves. Moreover, the Plaintiff and other members of the public were denied their right to voice their opinions over which candidates they preferred.

b. Additionally, as a result of Defendant Loan Board and Defendant Treasurer Dillon negotiating the terms of Kevyn Orr's employment agreement/contract in private, Plaintiff and other members of the public were denied their right to voice their concerns over the many perks Kevyn Orr's contract provided and Plaintiff and the other members of the public were denied their right to voice their concerns over the amount of Kevyn Orr's compensation.

c. Plaintiff and other members of the public were also denied their right to know who the other candidates were that were considered for the public office of emergency financial manager. Plaintiffs have alleged with specificity, how the Plaintiff's and public's rights were impaired and the Court must invalidate the decision and vote to appoint Kevyn Orr as the emergency financial manager that was taken and made by the Defendant Loan Board at its meeting on March 14, 2013 because such action was taken in violations of the OMA.

## COUNT IX

## INJUNCTIVE RELIEF

89. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

90. Defendant's repeated violations of the OMA cause an immediate need for this Court to issue its Order enjoining the Defendants from further violations and noncompliance with the OMA and compelling Defendants to comply with the OMA.

91. Accordingly, Plaintiff seeks the Court's Declaration that Defendant Loan Board violated the OMA and that they be enjoined from further repeated violations of the OMA.

## COUNT X

## COSTS AND ATTORNEY FEES

92. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

93. Plaintiff is entitled to receive his *"courts costs and actual attorney fees for the action"* pursuant to §11(4) (MCL 15.271.11(4)) of the OMA. It reads:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover courts costs and actual attorney fees for the action."

94. The award of attorney fees and costs by the Court is **mandatory** upon a finding of a violation of the Open Meetings Act and has been so held and affirmed in *Craig v. Detroit Public Schools Chief Executive Officer*, 265 Mich App 572 (2005), and see, *Kitchen v. Ferndale City Council*, 253 Mich App 115; 654 N.W.2d 918 (2002).

95. That Plaintiff is so entitled to such recovery whether or not there is a proof of injury or whether or not there is an issuance of an injunction under the Open Meetings Act as was so held in *Herald Co., Inc. v. Tax Tribunal*, 258 Mich App 78; 669 NW2d 862 (2003).

96. Accordingly, Plaintiff seeks an award from the Court against Defendants for payment of his costs and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Robert Davis, prays and respectfully requests that this Court grant relief as follows:

A.   ISSUE a DECLARATORY JUDGMENT declaring that Defendant Loan Board violated MCL 15.265 of the OMA by failing to adhere to the 18-hour posting requirement for special meetings.

B.   ISSUE a DECLARATROY JUDGMENT declaring that Defendant Loan Board violated MCL 15.269(3) of the OMA by failing to make available the proposed and approved minutes from its meetings held from January 12, 2012 to the present available for public inspection within 8 business days.

C.   ISSUE a DECLARATROY JUDGMENT declaring that Defendant Loan Board violated MCL 15.266 of the OMA by failing to provide Plaintiff with a copy of the meeting notice of its special meeting.

D.   ISSUE a DECLARATORY JUDGMENT declaring that Defendants Governor and Treasurer were "one-man committees of the Defendant Loan Board that was subjected to the OMA.

E.   ISSUE a DECLARATORY JUDGMENT declaring that Defendants Governor and Treasurer violated the OMA by holding interviews in private and secretly reducing the list of candidates.

F.   ISSUE a DECLARATORY JUDGMENT declaring that all decisions of the Defendants, including its votes taken at the March 14, 2013 meeting, are invalidated.

G.  ISSUE a DECLARATORY JUDGMENT declaring that the Defendant Loan Board violated the OMA by having an unauthorized person post the notice for its March 14, 2013 special meeting.

H.  ISSUE a DECLARATORY JUDGMENT declaring that the Defendant Loan Board and Defendant Treasurer Dillon violated the OMA by making candidate reduction decisions in private and by making decisions relative to the terms of KEVYN Orr's employment agreement in private; all in violation of the OMA.

I.  ISSUE its ORDER ENJOINING the Defendant from further such violations, and noncompliance with any and all provisions of the Open Meetings Act and COMPELLING Defendants to so comply with all provisions of the Open Meetings Act.

J.  ISSUE its ORDER that Defendants pay the Plaintiff's court costs and actual attorney fees that Plaintiff has incurred as a result of having to bring this action, all pursuant to MCL 15.271(4) of the Open Meetings Act.

K.  ORDER any and all such OTHER RELIEF as justice may so require.

Respectfully submitted,

/s/ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

DATED: June 10, 2013