# Exhibit 6(C)

**Syncora's Reply to Response re Emergency Motion to Dissolve TRO**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF DETROIT, a Municipal Corporation Organized and Existing Under the Laws of the State of Michigan,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SYNCORA GUARANTEE INC., a New York Corporation,<br><br>and<br><br>U.S. BANK, N.A.,<br><br>and<br><br>MGM GRAND DETROIT, LLC,<br><br>and<br><br>DETROIT ENTERTAINMENT, LLC, d/b/a MOTORCITY CASINO HOTEL,<br><br>and<br><br>GREEKTOWN CASINO, LLC,<br><br>　　　　Defendants. | Case No.: 2:13-cv-12987-LPZ-MKM<br><br>Hon. Lawrence P. Zatkoff |

### DEFENDANT SYNCORA GUARANTEE INC.'S REPLY TO THE CITY'S PRELIMINARY RESPONSE TO ITS EMERGENCY MOTION

Understandably loath to subject its actions and allegations to judicial scrutiny, the City offers to dissolve the temporary restraining order and requests

that the Court "indefinitely postpone" the hearing on its preliminary injunction and any related discovery. Though the City claims that its willingness to dissolve the temporary restraining order moots Syncora's Emergency Motion, the City refuses to restore the parties to the *status quo ante* and return the $15 million improperly distributed to it from the General Receipts Subaccount pursuant to the temporary restraining order. The City's refusal to do so — coupled with its stated intentions to disburse those funds — necessitates the expedient resolution of this dispute before all of the funds are dissipated, never to be recovered.

Accordingly, as a condition of its order dissolving a temporary restraining order both parties agree should be dissolved, the Court should require the City to return all monies distributed to it from the General Receipts Subaccount subsequent to July 5, 2013.

### THE COURT HAS THE AUTHORITY TO RESTORE THE *STATUS QUO ANTE* AND ORDER THE CITY TO RETURN THE $15 MILLION.

Syncora's Emergency Motion requests that the Court dissolve the temporary restraining order and restore the *status quo ante* by ordering the City to return the $15 million that U.S. Bank released. Though these funds were released when the temporary restraining order was granted, the City maintains that it need not return those funds upon the dissolution of the temporary restraining order. While the City does not provide any explanation for its position, it nonetheless contends that Syncora's request to restore the *status quo ante* is "procedurally and substantively

2

defective." However, the law clearly establishes that, as part of the Court's dissolution of the temporary restraining order, it has the authority to restore the *status quo ante* and order the City to return the funds distributed to it during the pendency of the temporary restraining order.

*First*, "[f]ederal courts are courts in law and equity, and a court of equity has traditionally had the power to fashion any remedy deemed necessary and appropriate to do justice in a particular case." *Carter-Jones Lumber Co. v. Dixie Distrib. Co.*, 166 F.3d 840, 846 (6th Cir. 1999); *see also Rankin v. Coleman*, 401 F. Supp. 664, 665 (E.D. N.C. 1975) ("It is well-established that a trial court may fashion injunctive relief to fit the particular facts, circumstances and equities of the case before it."). Here, if the Court grants Syncora's motion and dissolves the temporary restraining order, equity demands that the City return its $15 million windfall until a hearing on the merits occurs. Without restoration of these funds, dissolution of the temporary restraining order will not restore the *status quo ante*.

*Second*, a court that dissolves a temporary restraining order has broad authority to return parties to the status quo. *See, e.g., Taylor v. Taylor*, 2013 WL 1183290 (N.D.N.Y. Mar. 21, 2013); *Moore v. State Farm Mutual Automobile Ins. Co.*, 2005 WL 399395 (E.D. La. Feb. 14, 2005). In both *Taylor* and *Moore*, the Court dissolved a temporary restraining order and, as part of that dissolution, ordered the parties to take affirmative steps to restore the status quo. *Taylor*, 2013

3

WL 1183290, at *5 (order prohibiting broker from withholding funds from IRS); *Moore*, 2005 WL 399395, at * 9 (order unsealing pleadings and exhibits that had been sealed as a result of temporary restraining order). With its Emergency Motion, this is all Syncora is asking the Court to do — return the parties to the positions they were in prior to the entry of the temporary restraining order.

*Third*, a court has the inherent authority to treat a motion to dissolve as a cross-motion for injunctive relief. In *Moore*, for example, the court converted the party's motion to dissolve a temporary restraining order into an application for injunctive relief. 2005 WL 399395, at *2. Similarly, in *Taylor*, the court treated a motion to remove as a motion to dissolve and as a demonstration to show cause not to enter a preliminary injunction and order recovery of levied money. 2013 WL 1183290, at *1. Thus, in this case, if the Court concludes that it lacks the power to order the City to take affirmative steps as part of a dissolution motion under Rule 65(b)(4), the Court should treat Syncora's motion to dissolve as a motion for injunctive relief, and order the return of the money under Rule 65(a).[1]

---

[1] The four factors that a court must balance and consider before issuing a temporary restraining order or preliminary injunction include (1) the likelihood of the movant's success on the success on the merits; (2) whether the moving party will suffer irreparable injury without the injunction; (3) the harm to others that will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F. 3d 535, 540 (6th Cir. 2007). As described in Syncora's Emergency Motion, each of these factors weighs in favor of Syncora.

4

*Fourth*, a court may, when appropriate, *sua sponte* grant a temporary restraining order or modify injunctive relief. *See, e.g., Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 420 F. App'x 97, 100 (2d Cir. 2011) ("We emphasize that the district court retains the power to reconsider its order granting the preliminary injunction, upon request or *sua sponte*."); *Cayuga Indian Nation of New York v. Village of Union Springs*, 293 F. Supp. 2d 183, 185 (N.D.N.Y. 2003) (*sua sponte* issuing a temporary restraining order until arguments regarding the preliminary injunction motion could be heard); *Medical Professional Corp. v. Taft*, 199 F.R.D. 597 (S.D. Ohio 2000). Here, the circumstances surrounding the City's temporary restraining order, including, *inter alia*, the City's improper *ex parte* actions, are reason enough for the court to *sua sponte* grant injunctive relief requiring the City to return the $15 million.

Dated: July 15, 2013                    Respectfully submitted,

                                        By:  /s/ Gerard V. Mantese

Stephen C. Hackney                      Gerard V. Mantese
Ryan Blaine Bennett                     Mantese Honigman Rossman and
William E. Arnault                      Williamson, P.C.
Lally A. Gartel                         1361 East Big Beaver Road
KIRKLAND & ELLIS LLP                    Troy, Michigan 48083
300 North LaSalle                       Phone: 248-457-9200
Chicago, Illinois 60654                 Fax: 248-457-9201
Telephone: (312) 862-2000
Facsimile: (312) 862-2200               *ATTORNEYS FOR DEFENDANT*
                                        *SYNCORA GUARANTEE, INC.*
*ATTORNEYS FOR DEFENDANT*
*SYNCORA GUARANTEE, INC.*

5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| CITY OF DETROIT, a Municipal Corporation Organized and Existing Under the Laws of the State of Michigan,<br><br>        Plaintiff,<br><br>  v.<br><br>SYNCORA GUARANTEE INC.,<br><br>and<br><br>U.S. BANK, N.A.,<br><br>and<br><br>MGM GRAND DETROIT, LLC,<br><br>and<br><br>DETROIT ENTERTAINMENT, LLC d/b/a MOTORCITY CASINO HOTEL,<br><br>and<br><br>GREEKTOWN CASINO, LLC,<br><br>        Defendants. | Case No.: 2:13-cv-12987 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2013, I caused the foregoing papers to be filed with the Clerk of the Court using the ECF system which will send electronic service to counsel of record for City of Detroit and U.S. Bank, N.A. and served the following parties via U.S. Mail at the following addresses:

**MGM Grand Detroit, LLC**
Resident Agent: CSC-Lawyers
Incorporating Service Co.
601 Abbot Road
East Lansing, MI 48823

**Greektown Casino, LLC**
Resident Agent: Olisaeloka Dallah
555 E. Lafayette Street
Detroit, MI 48226

**Detroit Entertainment, LLC d/b/a Motorcity**
**Casino Hotel**
Resident Agent: Cheryl Scott-Dube
2901 Grand River Ave.
Detroit, MI 48201

     I declare under the penalty of perjury that the foregoing statements are true to the best of my knowledge, information, and belief.

                                            _/s/Gerard V. Mantese_____
                                              Gerard V. Mantese