# Exhibit 6(F)

## Syncora's Notice of Proposed Stipulated Order

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF DETROIT,<br>a Municipal Corporation Organized<br>and Existing Under the Laws of the<br>State of Michigan,<br><br>           Plaintiff,<br><br>     v.<br><br>SYNCORA GUARANTEE INC.,<br>a New York Corporation,<br><br>and<br><br>U.S. BANK, N.A.,<br><br>and<br><br>MGM GRAND DETROIT, LLC,<br><br>and<br><br>DETROIT ENTERTAINMENT, LLC,<br>d/b/a MOTORCITY CASINO HOTEL,<br><br>and<br><br>GREEKTOWN CASINO, LLC,<br><br>           Defendants. | Case No.: 2:13-cv-12987-LPZ-MKM<br><br>Hon. Lawrence P. Zatkoff |

# NOTICE OF PROPOSED ORDER DISSOLVING
# THE JULY 5, 2013 TEMPORARY RESTRAINING
# ORDER OBTAINED BY PLAINTIFF CITY OF DETROIT
# <u>AND PLAINTIFF'S REFUSAL TO CONSENT TO DISSOLUTION</u>

Defendant Syncora Guarantee, Inc. ("Syncora"), by the undersigned attorneys and for its Notice of Proposed Order Dissolving the July 5, 2013 Temporary Restraining Order Obtained by Plaintiff City of Detroit and Plaintiff's Refusal to Consent to Dissolution, states as follows:

Plaintiff, the City of Detroit ("the City"), has represented in numerous filings in this case that it agrees to the dissolution of the temporary restraining order ("TRO") entered against Syncora by the Wayne County Circuit Court on July 5, 2013, and has also acknowledged that there is no reason for the TRO to remain in place. Furthermore, the City explicitly stated that it would agree to a stipulated order to effect the dissolution. See, *e.g.*, *Preliminary Response to Motion and Notification of the City's Consent to Dissolution of Temporary Restraining Order and Withdrawal of Request for Hearing on Preliminary Injunction* [DE 11], p. 2: "We will agree to an appropriate stipulated order to effect the dissolution."

On July 30, 2013, Syncora attempted to memorialize this limited agreement through a proposed stipulated order that would dissolve the TRO, but would reserve, for a later order or orders from the Court, the issues that remain in dispute with respect to Defendant Syncora Guarantee Inc.'s Emergency Motion to Dissolve the Temporary Restraining Order and Conduct Expedited Discovery [DE 10]. (Ex 1, *Proposed Stipulated Order*). The proposed order also explicitly reserves all other disputed issues in this case. (Ex 1). Surprisingly, the City now

refuses to consent to dissolution of the TRO and refuses to enter into an appropriate stipulated order.

Syncora has been living under the TRO, that the City obtained on an *ex parte* basis and which the City has admitted is unnecessary, for nearly one month. Under Michigan law, a temporary restraining order typically cannot exceed 14 days. MICHIGAN COURT RULE 3.310(B)(3). Syncora respectfully requests entry of an order dissolving the TRO, even if the remaining issues are decided at a later date, and/or an order setting an expedited hearing on Defendant Syncora Guarantee Inc.'s Emergency Motion to Dissolve the Temporary Restraining Order and Conduct Expedited Discovery [DE 10].

Dated:  July 31, 2013                           Respectfully submitted,

                                                By:  /s/ Gerard V. Mantese

Stephen C. Hackney                              Gerard V. Mantese (P34424)
Ryan Blaine Bennett                             Brendan H. Frey (P70893)
William E. Arnault                              Mantese Honigman Rossman
Lally A. Gartel                                     and Williamson, P.C.
KIRKLAND & ELLIS LLP                            1361 East Big Beaver Road
300 North LaSalle                               Troy, Michigan 48083
Chicago, Illinois 60654                         Phone: 248-457-9200
Telephone: (312) 862-2000                       Fax: 248-457-9201
Facsimile: (312) 862-2200

                                                *ATTORNEYS FOR DEFENDANT*
*ATTORNEYS FOR DEFENDANT*                       *SYNCORA GUARANTEE, INC.*
*SYNCORA GUARANTEE, INC.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2013, I caused the foregoing papers to be electronically filed with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

I declare under the penalty of perjury that the foregoing statements are true to the best of my knowledge, information, and belief.

/s/ Gerard V. Mantese
Gerard V. Mantese