UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    CITY OF DETROIT, MICHIGAN,        Case No. 13-53846
                                                  Chapter 9
                                                  Hon. Steven Rhodes

_____/

## RESPONDENTS' RESPONSE TO PETITIONER'S EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER

    1.    Respondents admit that it is imperative for this Court to address Petitioner's Motion. Respondents neither admit nor deny that Judge Collette has temporarily postponed issuing an order in *Davis v Local Emergency Financial Assistance Loan Board*, et al, Case No. 13-281-NZ. Judge Collette sent a letter to the parties requesting that they seek clarification from this Court. (Ex A.)

    2.    Respondents neither admit nor deny the allegations. This Court's July 25, 2013 order speaks for itself. (Doc #166.)

    3.    Respondents neither admit nor deny the allegations. This Court's July 25, 2013 order speaks for itself. (Doc #166.)

    4.    Respondents neither admit nor deny the allegations. This Court's July 25, 2013 order speaks for itself. (Doc #166.)

    5.    Respondents neither admit nor deny the allegations. The City of Detroit's Motion speaks for itself. (Doc #56.)

    6.    Respondents deny as untrue that this Court's order only extended to three Ingham County Circuit Court cases. Respondents admit that they sent a

letter to Judge Collette indicating that they believe this Court's July 25, 2013 Order stays the *Davis* case. (Doc #310-8.)

The Attorney General's belief is based on the fact that the City of Detroit moved this Court to extend the automatic bankruptcy stay "to actions or proceedings against the Governor, the State Treasurer and the members of the Loan Board, . . . that, directly or indirectly, seek to enforce claims against the City, interfere with the City's activities in this chapter 9 case or otherwise deny the City the protections of the Chapter 9 stay." (Doc #56, ¶ 20.) That motion was granted by this Court on July 25, 2013. (Doc #166.) The Governor, the Treasurer, and the Loan Board are all defendants in the *Davis* case. Davis is ultimately seeking to invalidate the appointment of Emergency Manager Orr. (Doc #310-10, p 20.) If Emergency Manager Orr's appointment is invalidated, it would clearly "interfere with this City's activities in the chapter 9 case."

7. Respondents admit that the *Davis* case does not have the Debtor or any of its departments or officials as parties, but deny as untrue that "it has absolutely no impact whatsoever on the Debtor's Bankruptcy Petition or proceedings in this Court." One of the remedies sought in *Davis* is to invalidate the appointment of Emergency Manager Orr. (Doc #310-10, p 20.) Such invalidation would clearly impact the chapter 9 bankruptcy proceedings in this Court as Emergency Manager Orr filed the bankruptcy petition, and is making decisions on behalf of the Debtor in these proceedings. Respondents admit the remainder of the allegations.

8.  Respondents admit that *Davis* is not one of the Ingham County Circuit Court cases specifically listed in this Court's July 25, 2013 Order, and it was not one of the cases listed in the definition of the term "Prepetition Lawsuits" as defined in the Debtor's Motion. Respondents deny as untrue that "But for the Attorney General's letter and claim that the Stay Order extends to Davis' OMA Action, the action has nothing to do with the Debtor's Bankruptcy Petition" (see paragraph 6 above).

9.  Respondents admit the allegations to the extent that the Court of Appeals has issued a scheduling order in the *Davis* case. (Doc #310-9.)

10. Respondents admit the allegations.

11. Respondents deny as untrue that *Davis* will not affect, disturb or impact the Debtor's Bankruptcy Petition or proceedings in this Court (see paragraph 6). Respondents admit that discovery in *Davis* has terminated and Mr. Davis is prohibited from taking the depositions of Governor Snyder, the State Treasurer, Kevyn Orr, and members of the Loan Board. Respondents neither admit nor deny the remainder of the allegations for the reason that Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Respondents neither admit nor deny the allegations regarding the language in the transcripts for the reason that they lack knowledge or information sufficient to form a belief as to the truth of the allegations. The transcripts speak for themselves. Respondents admit that *Davis* does not raise any pension issues,

nor does it seek to adjudicate any constitutional issues that may surround Debtor's retirees' pensions. Respondents admit that Petitioner seeks the Ingham County Circuit Court's declaration that the Loan Board violated various provisions of the OMA in connection with the selection and appointment of Emergency Manager Orr. Respondents admit that neither the Debtor nor the emergency manager of the Debtor is a party to Davis' OMA action. Respondents neither admit nor deny the allegation that "none of Debtor's assets or property would be impaired by a decision in Davis' OMA Action." Respondents deny as untrue the allegation that the *Davis* OMA action does not raise any bankruptcy issues (see Paragraph 6).

In response to footnote 1, to the best of Respondents' knowledge, Judge Collette indicated it was unlikely that he would invalidate Kevyn Orr's appointment; however, the court speaks through its orders and it has not issued an order resolving that claim. Further, Davis has not withdrawn his claim for invalidation and could potentially raise that on appeal.

13. Respondents deny the allegation as untrue for the reasons set forth in Paragraph 6.

14. Respondents neither admit nor deny the allegations. Respondents also seek clarification of this Court's July 25, 2013 order.

15. Respondents deny as untrue that the Attorney General's claim could be made in every lawsuit filed against the Loan Board, the Governor or the State Treasurer. Only actions or proceedings filed against the Loan Board, the Governor, or the State Treasurer that, "directly or indirectly, seek to enforce claims against

4
13-53846-tjt   Doc 331   Filed 08/15/13   Entered 08/15/13 15:46:04   Page 4 of 5

the City, interfere with the City's activities in this chapter 9 case or otherwise deny the City the protections of the Chapter 9 stay" would be stayed under this Court's July 25, 2013 order. Respondents deny as untrue the remainder of the allegations.

16. Respondents neither admit nor deny the allegations. Respondents also seek clarification of the July 25, 2013 order.

17. Respondents neither admit nor deny the allegations. Respondents also seek clarification of the July 25, 2013 order.

18. Respondents admit they were provided notice of Petitioner's Motion.

## RELIEF REQUESTED

Respondents respectfully request that this Court issue an order clarifying its July 25, 2013 Order extending the bankruptcy stay to *Davis v Local Emergency Financial Assistance Loan Board*, Ingham County Circuit Court, case no. 13-281-NZ.

Dated: August 15, 2013

/s/ *Steven B. Flancher*
Michelle M. Brya (P66861)
Joshua O. Booth (P53847)
Steven B. Flancher (P47894)
Assistant Attorneys General
Attorneys for Respondents
State Operations Division
P.O. Box 30754, Lansing, MI 48909
(517) 373-1162

2013-0038756-D Davis, Robert v LEFALB (Bankruptcy)/Response to Emergency Motion