August 13, 2013

Lou Ann Pelletier
2630 Lakeshore Road
Applegate, Michigan 48401

Honorable Steven W. Rhodes
U S Federal Bankruptcy Court
Eastern District of Michigan
Southern Division
211 West Fort Street
Suite 1800
Detroit, Michigan 48226

Re: Case No. 13-53846, Detroit Chapter 9 Bankruptcy Case

Honorable Rhodes:

Please allow this letter to serve as a formal objection to the City of Detroit, Chapter 9 Bankruptcy case. Listed below are reasons for my objection:

- Detroit pensions should not be considered as a debt but a binding obligation entered into with good faith by employees and the City of Detroit.
- Michigan's constitution, Article 9, Section 24, states that "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof and shall not be diminished or impaired thereby."
- Financial benefits and annual funding, financial benefits arising on account of service rendered in each fiscal year shall be funded during that year and such funding shall not be used for financing unfunded accrued liabilities.
**History:** Const. 1963, Art. IX, § 24, Eff. Jan. 1, 1964.

Most people are blind to the realization that many (if not most) hourly and salaried public sector employees (such as the City of Detroit employees) historically have made considerably less money for the same or comparable job title and similar work responsibilities in private industry. In my case the job title of Cable Splicer made at least $10 less per hour with the City than Cable Splicer with private entities. We accepted these lower wages (and in some instances diminished benefits) because of the promise of a defined pension plan upon retirement. Our decreased wages not only impacted our economic livelihood throughout our years of employment, but also the decreased earnings lowered our social security retirement benefits.

Being a city (and workforce) that is predominately African American and comprised of more than 50% female there is another aspect that the City of Detroit and the bargaining units have failed to address which is the disparate impact a Chapter 9 Bankruptcy filing would have on protected groups. While the legal filings, policies, practices, rules, or other systems addressed

through the Chapter 9 Bankruptcy filing appear to be neutral it will definitely result in a disproportionate impact on protected groups.

Sincerely,

*Lou Ann Pelletier*
Lou Ann Pelletier

CC: Detroit Retirement Board