UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                                         :
In re                                                    : Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN,                               : Case No. 13-53846
                                                         :
                    Debtor.                              : Hon. Steven W. Rhodes
                                                         :
---------------------------------------------------------x

### BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY SHIRLEY A. SCOTT [1]

The Lawsuit and Stay Relief Motion demonstrate why the Automatic Stay is vital to the City's restructuring efforts and must remain in place. Without the benefit of the Automatic Stay, the City would be forced to devote its already extremely limited resources to defending numerous pending cases, many of which may lack merit. Moreover, allowing the Lawsuit, or any of the other routine litigation cases pending against the City, to proceed outside of the claims resolution process provides no real benefit to the Plaintiff or other similarly situated litigation claimants.[2]

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Debtor's Objection to Motion for Relief from Automatic Stay Filed by Shirley A. Scott, filed contemporaneously herewith.

[2] The City intends to establish a claims resolution process at a later time in this case after a bar date has been established.

The Stay Relief Motion contains a conclusory request that the Court grant relief from the Automatic Stay for "cause." Stay Relief Motion at ¶ 7. Beyond this reference, the Stay Relief Motion does not address the concept of cause, as interpreted by courts in this circuit, or attempt to satisfy its elements. For the reasons set forth below, the City believes that none of these elements are satisfied with respect to the Lawsuit. Accordingly, cause to lift the Automatic Stay and allow the Lawsuit to proceed does not exist.

## ARGUMENT

Section 362(a) of the Bankruptcy Code provides in relevant part that:

> a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 362(a). The Automatic Stay "is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." Javens v. City of Hazel Park (In re Javens), 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

Section 362(d) of the Bankruptcy Code authorizes a bankruptcy court to grant relief from the Automatic Stay in limited circumstances. See 11 U.S.C. § 362(d). In particular, section 362(d)(1) of the Bankruptcy Code provides that a party in interest may obtain relief from the Automatic Stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

"The Bankruptcy Code does not define 'cause' as used in [section] 362(d)(1). Therefore, under [section] 362(d), 'courts must determine whether discretionary relief is appropriate on a case by case basis.'" Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.), 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (quoting Laguna Assocs. L.P. v. Aetna Casualty & Surety Co. (In re Laguna Assocs. L.P.), 30 F.3d 734, 737 (6th Cir. 1994)). The determination of whether to grant relief from the Automatic Stay "resides within the sound discretion of the Bankruptcy Court." Sandweiss Law Center, P.C. v. Kozlowski (In re Bunting), No. 12-10472, 2013 WL 153309, at *17 (E.D. Mich. Jan. 15, 2013) (quoting In re Garzoni, 35 F. App'x 179, 181 (6th Cir. 2002)).

> To guide the bankruptcy court's exercise of its discretion . . . the Sixth Circuit identifies five factors for the court to consider: (1) judicial economy; (2) trial readiness; (3) the resolution of the preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other

ATI-2574119
-3-
13-53846-tjt    Doc 341    Filed 08/16/13    Entered 08/16/13 15:45:01    Page 3 of 8

> potential burden to the bankruptcy estate and the impact of the
> litigation on other creditors.

Bunting, 2013 WL 153309, at *17 (quoting Garzoni, 35 F. App'x at 181) (internal quotation marks omitted). In determining whether cause exists, however, "the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." Plastech, 382 B.R. at 106 (quoting In re C & S Grain Co., 47 F.3d 233, 238 (7th Cir. 1995)).

Here, consideration of the foregoing factors confirms that no cause (much less sufficient cause) exists to justify relief from the Automatic Stay to allow the Lawsuit to proceed. With respect to the first and third factors, the interests of judicial economy and the existence of preliminary bankruptcy issues weigh in favor of denying relief from the Automatic Stay.

A primary purpose of bankruptcy is the centralization of claims against the debtor for determination by the bankruptcy court through the claims allowance process. See In re Hermoyian, 435 B.R. 456, 464 (Bankr. E.D. Mich. 2010) (stating that an underlying policy of the Bankruptcy Code is the provision of a centralized forum for claims resolution and orderly distribution of assets). The City intends to file its amended creditor list in accordance with sections 924 and 925 of the Bankruptcy Code as soon as practicable. Thereafter, the City will seek the establishment of a bar date for claims and send notice of such to creditors. The Plaintiff's claim can be resolved most efficiently through the claims resolution

process. As noted, centralizing the claims process is a fundamental aspect of the bankruptcy process.

With respect to the second factor, the Lawsuit is in its preliminary stages and is not ready for trial. The Defendants' Motion for Judgment on the Pleadings was filed in lieu of an answer to the Amended Complaint and remains pending. As such, the Lawsuit has not advanced beyond the pleading stage, and discovery has not yet even commenced.

With respect to the fourth factor, the City's analysis indicates that the Plaintiff will not succeed on the merits. For all the reasons set forth in the Motion for Judgment on the Pleadings, HUD does not provide the Plaintiff with a private right of action to pursue her claim against the Defendants. <u>See</u> Motion for Judgment on the Pleadings at 11-12. Moreover, even if HUD did provide the Plaintiff with a private right of action, the Plaintiff failed to allege any failure to obtain a HUD-funded position based on her income level, or other impermissible action by any of the Defendants. <u>Id.</u> at 12. Accordingly, the Plaintiff lacks any legal or factual basis for the cause of action asserted in the Lawsuit.

The Plaintiff will not be prejudiced by the continuation of the Automatic Stay with respect to the Lawsuit. The Automatic Stay benefits the creditor body at large by ensuring their equal treatment and preventing a race to the courthouse. <u>See</u> H.R. REP. NO. 95-595, at 340 (1977) ("The automatic stay also

provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors."). In the Stay Relief Motion, the Plaintiff does not attempt to justify her request to receive preferential treatment over other litigants against the City and other creditors in general. The Lawsuit asserts claims for monetary damages arising from the Plaintiff's prior employment by the City. These are claims subject to treatment through the plan of adjustment process in this case. Accordingly, the imposition of the fundamental protections offered by the Automatic Stay expose the Plaintiff to no particularized harm over and above that of any other similarly situated creditor of the City.

By contrast, requiring the City to continue its defense of the Lawsuit in the District Court would distract the City from its efforts to restructure and further divert its scant resources. In addition, if there were any merit to the Plaintiff's cause of action, any judgment issued would constitute a prepetition claim against the City, if and when properly asserted as such. The Plaintiff offers no support for her speculative suggestion that any money damages she wins may be channeled through a professional services contract and paid by the federal government. See Stay Relief Motion at ¶ 7.

More fundamentally, absent exceptional circumstances that do not exist here, allowing civil actions such as the Lawsuit to proceed in other forums will undermine the protections of the Automatic Stay and jeopardize the City's efforts to restructure. The City sought relief under chapter 9 in part to obtain the "breathing spell" afforded by the Automatic Stay and the consequent protection from its creditors while it restructures its affairs and prepares a plan of adjustment. The City's finances would be further depleted and its personnel distracted from their mission to operate the City and restructure its affairs if it were denied this basic protection of chapter 9 and forced to defend itself against numerous similar civil actions in various courts.

Accordingly, the balance of the hardships between the parties and the overall goals of chapter 9 weigh heavily in favor of denying stay relief to the Plaintiff and other similarly situated litigants.

WHEREFORE, for the foregoing reasons, the City respectfully requests that this Court: (a) deny the Stay Relief Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: August 16, 2013         Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY