UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                :
In re                           :   Chapter 9
                                :
CITY OF DETROIT, MICHIGAN,      :   Case No. 13-53846
                                :
                Debtor.         :   Hon. Steven W. Rhodes
                                :
                                :
---------------------------------------------------------x

**DEBTOR'S RESPONSE TO PETITIONER
ROBERT DAVIS' EMERGENCY MOTION FOR CLARIFICATION
OF THE COURT'S JULY 25, 2013 STAY ORDER (CORRECTED)**

The City of Detroit, Michigan (the "City"), as the debtor in the above captioned case, hereby responds to Petitioner Robert Davis' Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order (Corrected) (Docket No. 310) (the "Davis Clarification Motion"). In support of this Response, the City respectfully represents as follows:

**Background**

1. On March 14, 2013, Robert Davis ("Davis") filed a Complaint for Declaratory Judgment and Injunctive Relief in the 30th Judicial Circuit Court for the County of Ingham before Judge William Collette (the "Ingham Court") against the Local Emergency Financial Assistance Loan Board (the "Loan Board"). Davis has twice amended his complaint (as amended, the "Complaint"), including

to name Michigan Governor Richard Snyder and State Treasurer Andrew Dillon as additional defendants (together with the Loan Board, the "Defendants").

2. In the Complaint, Davis alleges that the Defendants violated Michigan's Open Meetings Act, M.C.L. 15.201, *et seq*. (the "OMA") in connection with the appointment of Kevyn Orr as the Emergency Financial Manager for the City (the "EM"), pursuant to Michigan Public Act 72 of 1990 (subsequently replaced by Michigan Public Act 436 of 2012). The Complaint requests, among other things, a declaratory judgment that the EM's appointment be invalidated as a violation of the OMA. Davis' lawsuit is styled as *Davis v. Local Emergency Financial Assistance Loan Board, et al.*, Case No. 13-281-NZ (the "Davis OMA Case").

3. Prior to the commencement of the City's chapter 9 case, litigation of the Davis OMA Case was underway, and the Michigan Court of Appeals (the "Appeals Court") set a briefing and oral argument schedule for the Ingham Court in the Davis OMA Case.

4. On July 19, 2013, the City filed the Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor (Docket No. 56) (the "Stay Extension Motion"). The Stay Extension Motion requested that the Court extend

the automatic stay provisions of sections 362 and 922 of title 11 of the United States Code (the "Chapter 9 Stay") to, among others, the Governor, the Treasurer and members of the Loan Board.  The City requested such relief to "(a) aid in the administration of [the City's] bankruptcy case, (b) protect and preserve property for the benefit of citizens and stakeholders and (c) ensure that the City is afforded the breathing spell it needs to focus on developing and negotiating a plan for adjusting its debts."  Stay Extension Motion at ¶ 15.  The City specifically expressed the concern that litigation against the Governor, the Treasurer and members of the Loan Board could be used to pursue claims against the City or interfere with the chapter 9 process.  Id. at ¶ 22.

5. On July 25, 2013, this Court entered the Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor (Docket No. 166) (the "Stay Extension Order"), granting the Stay Extension Motion.   The Stay Extension Order is not subject to appeal and is a final order of the Court.

6. On July 26, 2013, the AG sent a letter to the Ingham Court that attached the Stay Extension Order and stated that the Stay Extension Order stayed the Davis OMA Case.

7. On August 8, 2013, Davis filed the Davis Clarification Motion and requested this Court enter an order "clarifying" that the Stay Extension Order does not extend to the Davis OMA Case and that the Davis OMA Case may proceed in accordance with the schedule established by the Appeals Court.

8. On August 15, 2013, the AG filed a response in opposition to the Davis Clarification Motion (Docket No. 331) (the "AG Response"). The City agrees with the relief requested in the AG Response and further responds to the Davis Clarification Motion.

## The City's Response

9. Davis misunderstands or misconstrues the relief granted in the Stay Extension Order. His request for a "clarification" seeks instead to substantially rewrite and limit the relief granted by the Court. The Davis OMA Case is precisely the type of case that the Stay Extension Order was intended to cover.

10. The City sought to extend the Chapter 9 Stay to "certain parties that are…the targets of claims, lawsuits and other enforcement actions…that have the *direct or practical effect* of denying the City the protections of the" Chapter 9 Stay. Id. (emphasis added). Davis does not challenge that the Defendants are covered by the Stay Extension Order. Instead, Davis argues that the Davis OMA

Case "has absolutely no impact whatsoever on Debtor's Bankruptcy Petition or proceedings in this Court." Davis Clarification Motion at ¶ 7. This is not accurate.

11. If the Ingham Court determines that the Defendants' actions violated the OMA and grants Davis' request to invalidate all actions of the Loan Board, the EM's appointment may be invalidated as well.[1] If this occurs, it is likely that Davis (or others) will argue that the decisions and actions of the EM – including the filing and prosecution of this chapter 9 case – also are invalidated. Thus, it is anticipated that the Davis OMA Case ultimately may be used as another vehicle to challenge the City's eligibility for chapter 9 relief or otherwise attempt to interfere with the City's restructuring efforts. Such a result would have the direct and practical effect of denying the City the protections of the Chapter 9 Stay and "interfere with the City's activities in this chapter 9 case" (Stay Extension Motion at ¶ 20) – the precise result that the Stay Extension Order was seeking to avoid.

---

[1] This Ingham Court has granted similar relief to Davis in at least one other case where Davis alleged OMA violations. See *Davis v. Highland Park School District Financial Review Team, et al.*, Case No. 12-102-CZ (Ingham Court Feb. 29, 2012) (copy attached as Exhibit A) at p. 3 (finding that the Highland Park School District Financial Review Team violated the OMA and that all of its "recommendations, decisions, and reports . . . shall be invalidated and void"); rev'd Mich. App. (Jan. 4, 2013) (copy attached as Exhibit B) (reversing and finding that the Highland Park School District Financial Review Team is not a "public body" subject to the OMA). Such a ruling in the Davis OMA Case could interfere with the City's activities in this chapter 9 case.

12. Davis devotes much of his motion to a misguided attempt to argue that only a limited set of actions within the definition of "Prepetition Lawsuits" are covered by the Stay Extension Order. Davis reasons that, because the Davis OMA Case is not covered by the definition of "Prepetition Lawsuits," that case is not subject to the Stay Extension Order. See Davis Clarification Motion at ¶¶ 3-6. In support of this proposition, Davis attempts to read a clarifying paragraph about the Prepetition Lawsuits out of context as if it were the Court's sole grant of relief. A cursory review of the Stay Extension Order (and the Stay Extension Motion that is "granted" by the Stay Extension Order) reveal that this is false.

13. Davis quotes only paragraph 3 of the Stay Extension Order, which states: "For the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed, pursuant to section 105(a) of the Bankruptcy Code, pending further order of this Court." This statement clarifies that a small group of three "Prepetition Lawsuits" – which sought to enjoin the chapter 9 filing – are included in the relief granted and therefore are stayed. But nowhere does this statement limit the scope of the relief so that it would apply only to these three Prepetition Lawsuits.

14. The primary relief is granted in the prior paragraphs of the Stay Extension Order. Paragraph 1 states, without reservation or limitation, that the

Stay Extension Motion is "granted." Paragraph 2 of the Stay Extension Order then states broadly that:

> Pursuant to section 105(a) of the Bankruptcy Code, the Chapter 9 Stay hereby is extended to apply in all respects (to the extent not otherwise applicable) to the State Entities (defined as the Governor, the State Treasurer and the members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives), the Non-Officer Employees and the City Agents and Representatives.

As such, the Stay Extension Order makes clear that the Chapter 9 Stay was extended to the Governor, Treasurer and members of the Loan Board — the Defendants in the Davis OMA Case — to stay any and all cases that "have the direct or practical effect of denying the City the protections of the" Chapter 9 Stay so as to aid the City in the administration of its bankruptcy case and ensure the City is afforded the breathing spell it needs to focus on developing and negotiating a plan for adjusting its debts. See Stay Extension Mot. at ¶ 15. Davis' arguments to the contrary have no merit.

## Conclusion

15. For the reasons set forth herein and in the AG Response, the City submits that the Chapter 9 Stay applies to the Davis OMA Case and the Davis Clarification Motion should be denied.

Dated: August 16, 2013          Respectfully submitted,


 /s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

# **EXHIBIT A**

STATE OF MICHIGAN
IN THE 30TH JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF INGHAM

**ROBERT DAVIS,**
As an individual person and in his Official Capacity
As the duly elected Secretary of the Highland Park Board
of Education,
    PLAINTIFF,

-v-

Case No.: 12-102 - CZ

Hon. William E. Collette

**HIGHLAND PARK SCHOOL DISTRICT FINANCIAL REVIEW TEAM,**
in their Official Capacity as the State Appointed Financial Review Team
for the Highland Park School District under Public Act 4 of 2011,
**GOVERNOR RICK SNYDER,** in his Official Capacity as
Governor for the State of Michigan, **and**
**MICHAEL P. FLANAGAN,** in his Official Capacity as the duly appointed State
Superintendent of Public Instruction for the State of Michigan, and in his Official Capacity as the state
financial authority for the Highland Park School District,
Jointly and Severally,
    DEFENDANTS.

---

A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

THOMAS QUASARANO (P27982)
MICHELLE M. BYRA (P66861)
Assistant Attorney Generals
Attorneys for Defendants
PO Box 30754
Lansing, MI 48909
(517) 373-1162

---

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR DECLARATORY JUDGMENT AND DENYING DEFENDANTS' MOTIONS FOR SUMMARY DISPOSITION AND FOR STAY

At a session of said Court held in the
Ingham County Circuit Court,
City of Lansing, County of Ingham, State of Michigan,

on Feb 29, 2012

**PRESENT: Hon. William E. Collette**
**INGHAM COUNTY CIRCUIT COURT JUDGE**

This matter comes before the Court on Plaintiff's Emergency Motion for Declaratory Judgment and Injunctive Relief and Defendants' Motion for Summary Disposition with regard to

Plaintiff's allegations that Defendant Highland Park School District Financial Review Team has held its meetings in violation of the Open Meetings Act. On February 6 & 15, 2012, this Court heard arguments on Plaintiff's Emergency Motion for Declaratory Judgment and Injunctive Relief and Defendants' Motion for Summary Disposition. This Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Declaratory Judgment is GRANTED and Defendants' Motion for Summary Disposition is DENIED for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein.

**IT IS FURTHER ORDERED** that Defendant Highland Park School District Financial Review Team is a public body that is subject to the provisions of the Open Meetings Act for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein.

**IT IS FURTHER ORDERED** that Defendant Highland Park School District Financial Review Team violated the Open Meetings Act by failing to have its November 14th, 17th, 28th and December 1st, 8th, and 21st, 2011 meetings in the open and by having said meetings in private settings for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein.

**IT IS FURTHER ORDERED** that Defendant Highland Park School District Financial Review Team violated the Open Meetings Act by failing to provide Plaintiff with copies of the minutes from its November 14th, 17th, 28th and December 1st, 8th, and 21st, 2011 meetings for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein.

**IT IS FURTHER ORDERED** that Defendant Highland Park School District Financial Review Team violated the Open Meetings Act by failing to post notices of public meetings from its November 14th, 17th, 28th and December 1st, 8th, and 21st, 2011 meetings for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein.

**IT IS FURTHER ORDERED** that Defendant Highland Park School District Financial Review Team violated the Open Meetings Act by meeting in closed session for impermissible purposes at its November 14th, 17th, 28th and December 1st, 8th, and 21st, 2011 meetings for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein..

**IT IS FURTHER ORDERED** that Defendant Highland Park School District Financial Review Team's November 17, 2011 private meeting with members of the Highland Park School Board violated the Open Meetings Act for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein.

**IT IS FURTHER ORDERED** that Defendant Highland Park School District Financial Review Team violated the Open Meetings Act by meeting in closed session for an impermissible purpose at its November 17, 2011 meeting with members of the Highland Park Board of Education for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein..

**IT IS FURTHER ORDERED** that pursuant to the Open Meetings Act, all of the recommendations, decisions, and reports of the Defendant Highland Park School District Financial Review Team shall be invalidated and void, including the January 3, 2012 Review Team Report to Defendant Governor Snyder, for the reasons stated from the bench on February 6 & 15, 2012 and incorporated herein.

**IT IS FURTHER ORDERED** that as a consequence of this Declaration and Finding and pursuant to MCL 15.271 (4) of the Open Meetings Act, Plaintiff is awarded actual attorney fees and court costs, which shall be paid forthwith by the Defendants. Plaintiff shall file his motion for court costs and attorney fees forthwith with this Court upon the entry of this Order.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction hereof only for the purpose of the enforcement hereof and that the matter is hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants Motion for a stay is **DENIED** for the reasons stated from the bench and incorporated herein.

**This is a final order and closes this case.**

IT IS SO ORDERED.

HON. WILLIAM E. COLLETTE

**Approved as to form:**

S/ Andrew A. Paterson
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

THOMAS QUASARANO (P27982)
MICHELLE M. BYRA (P66861)
Assistant Attorney Generals
Attorneys for Defendants
PO Box 30754
Lansing, MI 48909
(517) 373-1162

DATED: February 15, 2012

**EXHIBIT B**

# Court of Appeals, State of Michigan

## ORDER

Robert Davis v Highland Park School Dist Financial Review Team

Docket No. 309219

LC No. 12-000102-CZ

William C. Whitbeck
Presiding Judge

Henry William Saad

Douglas B. Shapiro
Judges

The Court orders that the motion for immediate consideration is GRANTED, and the motion for peremptory reversal pursuant to MCR 7.211(C)(4) is GRANTED.

The question posed in this case is whether a financial review team, appointed pursuant to the Local Government and School District Fiscal Accountability Act, 2011 PA 4, MCL 141.1501, *et seq.*, commonly known as the emergency financial manager act, constitutes a "public body" under the Open Meetings Act.

In *Davis v Detroit Fin Review Team*, 296 Mich App 568; ___ NW2d ___ (2012), a panel of this Court addressed the question of whether "a financial review team that the Governor appoints under [MCL 141.1512(3)] of the emergency financial manager act is a "public body," as [MCL 15.262(a)] defines the term." 296 Mich App at 574. The *Davis* panel addressed three consolidated cases, the relevant facts being nearly identical to those at bar, the difference being that *Davis* concerned the Detroit Financial Review team, while this case concerns the Highland Park School District Financial Review Team. In both *Davis* and this case, Governor Snyder appointed the financial review team after receiving a preliminary review. In both *Davis* and this case, Davis alleged violations of the Open Meetings Act against the Detroit and Highland Park School District financial review teams, respectively. In both cases, the trial court granted Davis's motion for declaratory judgment finding identical violations of the Open Meetings Act. But the *Davis* panel held "that a financial review team, and therefore the Detroit Financial Review Team, is not a 'governing body' and therefore is not a 'public body' under the Open Meetings Act and is not statutorily required to comply with the Open Meetings Act." *Id.* at 627.

We are bound by the *Davis* holding that a financial review team, such as the Highland Park School District financial review team, is not a "public body" under the Open Meetings Act and, therefore, not required to comply with the Open Meetings Act. MCR 7.215(J)(1).

We do not retain jurisdiction.



A true copy entered and certified by Larry S. Royster, Chief Clerk, on

JAN 04 2013
Date

Chief Clerk