# ARTICLES OF INCORPORATION
# OF
# DETROIT GENERAL RETIREMENT SYSTEM SERVICE CORPORATION

## ARTICLE I

The name of the Corporation is:

Detroit General Retirement System Service Corporation

## ARTICLE II

The purpose or purposes for which the Corporation is organized are:

The Corporation is organized exclusively for, and at all times will be operated exclusively for, charitable or scientific purposes or such other purposes as may qualify it as exempt from Federal income tax under the Internal Revenue Code of 1986 (the "Code"). More specifically, such purposes include, but are not limited to:

(1) reducing the burdens of government by assisting the City of Detroit ("City") in meeting and managing its obligations under the Michigan Constitution to maintain the actuarial integrity of the General Retirement System of the City of Detroit ("Retirement System"), through activities to fund the unfunded accrued actuarial liability of the Retirement System under any present or future alternative funding mechanism established by ordinance of the City, thereby providing financial benefits to the City; and

(2) acting as an instrumentality and enterprise of the City, constituting an integral part of the City in performing an important public purpose in assisting the City in meeting and managing its constitutional and other obligations with respect to the Retirement System. The Corporation intends to be an integral part of the City, not subject to federal income taxation or any taxation under the laws of the State of Michigan. The Corporation shall be a legal entity separate and distinct from the City, and the City shall not be responsible for any debts or other obligations of the Corporation.

Upon dissolution of the Corporation, all assets of the Corporation remaining after the payment of its obligations and liabilities shall be distributed to and shall become the property of the City.

## ARTICLE III

1. The Corporation is organized upon a <u>nonstock</u> basis.

2. If organized on a stock basis, the total number of shares which the Corporation has authority to issue is: <u>Not applicable</u>. If the shares are, or are to be, divided into classes, the designation of each class, the number of shares in each class, and the relative rights, preferences and limitation of the shares of each class are as follows: <u>Not applicable</u>.

GOLD SEAL APPEARS ONLY ON ORIGINAL
13-53846-tjt    Doc 348-3    Filed 08/16/13    Entered 08/16/13
[2.2.4.4] [Amending of Service Contracts and Interest Rate Exchange Agreements, Series 2006 (Closing M

3. a. If organized on a nonstock basis, the description and value of its real property assets are: (if none, insert "none") <u>none.</u>

b. The description and value of its personal property assets are: (if none, insert "none") <u>none.</u>

c. The Corporation is to be financed under the following general plan:

Contractual arrangements with the City, including without limitation, pursuant to one or more service contracts between the Corporation and the City.

d. The Corporation is organized on a <u>directorship</u> basis.

## ARTICLE IV

1. The address of the registered office is:

30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025

2. The mailing address of the registered office, if different than above: _____.

3. The name of the resident agent at the registered office is: The Corporation Company.

## ARTICLE V

The name(s) and address(es) of the incorporator(s) is (are) as follows:

Roger Short, 1200 Coleman A. Young Municipal Center, Detroit, Michigan 48226

## ARTICLE VI

General Provisions

(1) The Corporation shall be subject to all local, state and federal laws that apply to the City as provided in The Home Rule City Act, Act 279, Public Acts of 1909, as amended ("The Home Rule City Act") and shall be a "public body" for purposes of the Michigan Campaign Finance Act, Act 388, Public Acts of 1976, as amended, as further provided in The Home Rule City Act.

(2) No part of the net earnings of the Corporation shall inure to the benefit of any director, private person, or individual.

No substantial part of the activities of the Corporation shall be to carry on propaganda, or otherwise attempt to influence legislation, and the Corporation shall not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

2

NFIDENTIAL INFORMATION
mark.angelov@arentfox.com
Detroit/13:08:2013 1:08

(3) The Corporation shall have perpetual duration.

(4) The fiscal year of the Corporation shall be the same as the fiscal year of the City.

(5) The Corporation shall be audited annually and a copy of such audit report shall be provided to the Finance Director of the City.

(6) No amendment of any provision required by the City ordinance authorizing creation of the Corporation ("Corporation Formation Ordinance") to be contained in these articles of incorporation shall become effective unless approved by ordinance or resolution of the City.

(7) The Corporation assumes all liability to any person other than the Corporation or its members for all acts or omissions of a volunteer director incurred in the good faith performance of the volunteer director's duties.

**ARTICLE VII**

Corporate Actions Requiring Approval by Ordinance of the City

(1) Corporate Existence; Disposition of Assets - None of the following actions by the Corporation shall be effective unless approved by ordinance or resolution of the City.

    a. Any dissolution of the Corporation other than as provided in these Articles of Incorporation.

    b. The liquidation of the Corporation.

    c. The merger or consolidation of the Corporation with or into any other entity, unless:

        i. the resulting or surviving entity (if other than the Corporation): (A) is organized under the Michigan Nonprofit Corporation Act as an instrumentality and enterprise of the City, constituting an integral part of the City, (B) expressly assumes all outstanding obligations of the Corporation, and (C) is subject to limitations to the same effect as the Corporation is subject to under the Corporation Formation Ordinance; and

        ii. immediately after giving effect to the transaction, no default or event of default has occurred and is continuing under any agreement of the Corporation or to which its property is subject.

    d. The Corporation shall not sell all or substantially all of its assets in a single transaction or series of transactions; provided that, this limitation shall not apply to sales, transfers or grants of security interests in assets to obtain funding for any Retirement System unfunded accrued actuarial liability.

(2) Bankruptcy

3

a. The Corporation shall not:

i. commence any case, proceeding or other action or file a petition under any existing or future bankruptcy, insolvency or similar law seeking (A) to adjudicate the Corporation a bankrupt or insolvent, (B) to have an order for relief entered with respect to the Corporation, or (C) reorganization, arrangement, adjustment, windup, liquidation, dissolution, composition or other relief with respect to the Corporation or its obligations,

ii. consent to the institution of bankruptcy or insolvency proceedings against the Corporation,

iii. seek or consent to the appointment of a receiver, custodian, liquidator, assignee, trustee, sequestrator (or other similar official) of the Corporation or a substantial part of its assets,

iv. except as required by law, admit its inability to pay its obligations as they become due,

v. fail generally to pay its obligations as the same become due within the meaning of the United States Bankruptcy Code, as determined by a bankruptcy court of competent jurisdiction,

vi. make a general assignment for the benefit of creditors, or

vii. authorize, take any action in furtherance of, consent to or acquiesce in any of the foregoing or any similar action or other proceedings under any United States or state bankruptcy, insolvency or similar law.

b. If a court of competent jurisdiction determines that the Corporation may, notwithstanding the prohibition set forth in paragraph a., above, take an action otherwise prohibited, the Corporation shall not take any such action without it being approved by ordinance of the City.

**ARTICLE VIII**

(1) The Corporation shall have five directors to be appointed as follows:

(i) Two directors shall be members of the City Council of the City (the "Council"), as selected by the Council from time to time, who shall serve as directors at the pleasure of the Council.

(ii) The following three City officers shall serve as directors of the Corporation: Finance Director, Budget Director, and Corporation Counsel, or persons serving in such positions in an interim or acting capacity.

(2) The Finance Director shall serve as president of the Corporation. The directors shall elect the secretary and treasurer of the Corporation.

4

(3) Each director shall serve *ex officio* and, upon leaving the position by virtue of which such person is a director or, in the case of Council members, resigning as director or being removed or replaced as a director by Council, shall submit a written resignation or shall be deemed to have been removed. Upon such resignation or removal, such director shall no longer serve as a director of the Corporation; provided, however, that such director may continue as a director until a successor is selected as provided herein, if specifically authorized in writing to remain as a director by the party entitled to fill such director's position notwithstanding such resignation or removal.

**ARTICLE IX**

(1) To the extent permitted by the Nonprofit Corporation Act, Act 162, Public Acts of 1982, being Section 450.2101 of the Michigan Compiled Laws, et. seq., as amended, the Corporation assumes the liability for all acts or omissions of the Corporation's volunteer directors, volunteer officers or other volunteers occurring on or after the effective date of the relevant provision of Section 209 of Act 162, Public Acts of 1982, being Section 450.2209 of the Michigan Compiled Laws, granting limited liability, if all of the following are met:

    i. The volunteer was acting or reasonably believed he or she was acting within the scope of his or her authority.

    ii. The volunteer was acting in good faith.

    iii. The volunteer's conduct did not amount to gross negligence or willful and wanton misconduct.

    iv. The volunteer's conduct was not an intentional tort.

    v. The volunteer's conduct was not a tort arising out of the ownership, maintenance, or use of a motor vehicle for which tort liability may be imposed as provided in Section 3135 of the Insurance Code of 1956, Act. No. 218 of the Public Acts of 1956, being Section 500.3135 of the Michigan Compiled Laws.

(2) It is the intention and purpose of this Article IX that by reason of the foregoing provisions a claim for monetary damages for a volunteer's acts or omissions shall not be brought or maintained against a volunteer but shall be brought and maintained against the Corporation.

(3) Any repeal or modification of this Article IX shall not adversely affect any right or protection of a volunteer of the Corporation existing at the time of, or for or with respect to, any acts or omissions occurring before such repeal or modification.

(4) A volunteer director or volunteer officer (as defined in Section 110 of Act 162, Public Acts of 1982, being Section 450.2110 of the Michigan Compiled Laws, as amended) of the Corporation shall not be personally liable to the Corporation or its members for monetary damages for breach of the volunteer director's or volunteer officer's fiduciary duty arising under any applicable law. However, this Article IX shall not eliminate or limit the liability of a director or officer for any of the following:

<a>
</a>

GOLD SEAL APPEARS ONLY ON ORIGINAL
13-53846-tjt Doc 348-3 Filed 08/16/13 Enter
[2.2.4.4] [Amending of Service Contracts and Interest Rate Exchange Agreements, Seri

i. A breach of the director's or officer's duty of loyalty to the Corporation or its members.

ii. Acts or omissions not in good faith or that involve intentional misconduct or knowing violation of law.

iii. A violation of Section 551(1) of Act 162, Public Acts of 1982, as amended, being Section 450.2551(1) of the Michigan Compiled Laws.

iv. A transaction from which the director or officer derived an improper personal benefit.

v. An act or omission occurring prior to the date of incorporation of the Corporation.

vi. An act or omission that is grossly negligent.

GOLD SEAL APPEARS ONLY ON ORIGINAL
13-53846-tjt Doc 348-3 Filed 08/16/13 Entered 08/16/13 17:
[2.2.4.4] [Amending of Service Contracts and Interest Rate Exchange Agreements, Series 2006 (Closing Memo

I, the incorporator, sign my name this 29th day of April 2005.

_____
Roger Short, Incorporator

DETROIT.1788778.3

GOLD SEAL APPEARS ONLY ON ORIGINAL

CONFIDENTIAL INFORMATION
mark.angelov@arentfox.com
Detroit/13:08:2013 17:08

BCS/CD-515 (Rev. 12/03)

| MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH |
|---|
| BUREAU OF COMMERCIAL SERVICES |

| Date Received | (FOR BUREAU USE ONLY) |
|---|---|
| MAY 1 0 2005 | |

This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.

**FILED**

MAY 1 1 2005

Administrator
BUREAU OF COMMERCIAL SERVICES

EFFECTIVE DATE:

Name: Christopher J. Kawa, Paralegal
Address: 2290 First National Bldg., 660 Woodward Ave.
City: Detroit, MI   State   ZIP Code: 48226

Document will be returned to the name and address you enter above.
If left blank document will be mailed to the registered office.

# CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
### For use by Domestic Profit and Nonprofit Corporations
(Please read information and instructions on the last page)

Pursuant to the provisions of Act 284, Public Acts of 1972, (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigend corporation executes the following Certificate:

1. The present name of the corporation is: Detroit General Retirement System Service Corporation

2. The identification number assigned by the Bureau is: 793781

3. Article _____ of the Articles of Incorporation is hereby amended to read as follows:

   See attached Rider

12.50 179879 CK/

GOLD SEAL APPEARS ONLY ON ORIGINAL

# RIDER TO CERTIFICATE OF AMENDMENT

3. Article II, Section 2, of the Articles of Incorporation is amended to read in its entirety as follows and Article VI, Section 7, of the Articles of Incorporation is deleted in its entirety:

**ARTICLE II**

(2) acting as an instrumentality and enterprise of the City and constituting an integral part of the City, as such terms relate to the laws of federal income taxation and State of Michigan taxation, in performing an important public purpose in assisting the City in meeting and managing its constitutional and other obligations with respect to the Retirement System. The Corporation intends to be an integral part of the City for federal income taxation and State of Michigan taxation purposes, not subject to federal income taxation or any taxation under the laws of the State of Michigan. The Corporation shall be a legal entity separate and distinct from the City, and the City shall not be responsible for any debts or other obligations of the Corporation.

GOLD SEAL APPEARS ONLY ON ORIGINAL

CONFIDENTIAL INFORMATION
...k.angelov@ar    fox.com
    /13.06.2013   17:08

BCBCO-515 (Rev. 12/05)

**COMPLETE ONLY ONE OF THE FOLLOWING:**

4. (For amendments adopted by unanimous consent of incorporators before the first meeting of the board of directors or trustees.)

The foregoing amendment to the Articles of Incorporation was duly adopted on the ___6th___ day of ___May___, ___2005___, in accordance with the provisions of the Act by the unanimous consent of the incorporator(s) before the first meeting of the Board of Directors or Trustees.

Signed this ___6th___ day of ___May___, ___2005___

_____          _____
(Signature)                              (Signature)

_____          Roger Short, Incorporator
(Type or Print Name)                     (Type or Print Name)

_____          _____
(Signature)                              (Signature)

_____          _____
(Type or Print Name)                     (Type or Print Name)

5. (For profit and nonprofit corporations whose Articles state the corporation is organized on a stock or on a membership basis.)

The foregoing amendment to the Articles of Incorporation was duly adopted on the _____ day of _____, _____, by the shareholders if a profit corporation, or by the shareholders or members if a nonprofit corporation (check one of the following)

☐ at a meeting the necessary votes were cast in favor of the amendment.

☐ by written consent of the shareholders or members having not less than the minimum number of votes required by statute in accordance with Section 407(1) and (2) of the Act if a nonprofit corporation, or Section 407(1) of the Act if a profit corporation. Written notice to shareholders or members who have not consented in writing has been given. (Note: Written consent by less than all of the shareholders or members is permitted only if such provision appears in the Articles of Incorporation.)

☐ by written consent of all the shareholders or members entitled to vote in accordance with section 407(3) of the Act if a nonprofit corporation, or Section 407(2) of the Act if a profit corporation.

☐ by consents given by electronic transmission in accordance with Section 407(3) if a profit corporation.

☐ by the board of a profit corporation pursuant to section 611(2).

| Profit Corporations and Professional Service Corporations | Nonprofit Corporations |
|---|---|
| Signed this ___ day of _____, _____ <br><br> By _____ <br> (Signature of an authorized officer or agent) <br><br> _____ <br> (Type or Print Name) | Signed this ___ day of _____, _____ <br><br> By _____ <br> (Signature President, Vice-President, Chairperson or Vice-Chairperson) <br><br> _____ <br> (Type or Print Name) |

p.04

GOLD SEAL APPEARS ONLY ON ORIGINAL
13-53846-tjt   Doc 348-3   Filed 08/16/13   Entered 08/16/13 17:13:58   Page 10 of 11
[2.2.4.4] [Amending of Service Contracts and Interest Rate Exchange Agreements, Series 2006 (Closing Memorandum).pdf] [Page 293 of 1589]

EXHIBIT B

# ORGANIZATIONAL INSTRUMENT OF THE INCORPORATOR
## OF THE
## DETROIT GENERAL RETIREMENT SYSTEM SERVICE CORPORATION

I, the undersigned sole incorporator of the Detroit General Retirement System Service Corporation (the *Corporation*), a Michigan nonprofit corporation, do hereby execute this written instrument, in accordance with Section 223 of the Nonprofit Corporation Act, being MCL 450.2223:

**Directors.** The following named persons holding the City of Detroit offices set forth opposite their respective names are acknowledged as *ex officio* Directors of the Corporation in accordance with the Articles of Incorporation of the Corporation and Ordinance No. 05-05 of the Detroit City Council:

| | |
|---|---|
| Sean Werdlow | Finance Director |
| Roger Short | Budget Director |
| Ruth Carter | Corporation Counsel |
| Sharon McPhail | City Council Member |
| Kenneth Cockrel Jr. | City Council Member |

The Directors shall serve until the earlier of their respective resignations or removals or until their successors shall have been duly qualified.

**Bylaws.** The bylaws attached hereto shall be the bylaws of the Corporation.

_____
Roger Short, Incorporator

Dated this 9th day of May, 2005