**Exhibit S**

**TRO**

# STATE OF MICHIGAN
# IN THE CIRCUIT COURT FOR THE
# COUNTY OF WAYNE

CITY OF DETROIT, a Municipal
Corporation Organized and Existing
Under the Laws of the State of Michigan,

      Plaintiffs,

v.

SYNCORA GUARANTEE INC., a New
York Corporation; U.S. BANK, N.A.;
MGM GRAND DETROIT, LLC; DETROIT
ENTERTAINMENT, LLC d/b/a
MOTORCITY CASINO HOTEL; and
GREEKTOWN CASINO, LLC,

      Defendants.
_____/

Case No.: 13-008858-CZ
Honorable: Jeanne Stempien

13-008858-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/5/2013 2:46:52 PM
CATHY M. GARRETT
/s/ Unique Thomas

ROBERT S. HERTZBERG (P30261)
DEBORAH KOVSKY-APAP (P68258)
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7300 - Telephone
(248) 359-7700 - Fax
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

THOMAS F. CULLEN, JR. (*pro hac vice* pending)
GREGORY M. SHUMAKER (*pro hac vice* pending)
GEOFFREY S. STEWART (*pro hac vice* pending)
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202) 879-3939
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

*Attorneys for Plaintiff*
_____/

## EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

At a session of said Court, held in the
County of Wayne, State of Michigan on
7/5/2013

PRESENT: Annette J. Berry a/f Jeanne Stempien
Wayne County Circuit Court Judge

This matter came before the Court on Plaintiff's Verified Complaint and Motion for an Ex Parte Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue (the "Motion").

Upon review of the Motion, the allegations set forth in the Verified Complaint, and the Affidavit of Kevyn D. Orr (the "Affidavit") the Court has determined the following:

1. Pursuant to MCR 3.310(A) and (B), it clearly appears from the specific facts shown by Plaintiff's Verified Complaint that immediate and irreparable injury, loss or damage will result to Plaintiff from the delay required to effect notice. Defendant Syncora has demanded that Defendant U.S. Bank, as custodian under a collateral agreement, trap certain casino revenues owing to Plaintiff under the collateral agreement. Plaintiff alleges that if it cannot gain immediate access to these revenues, it will be unable to successfully negotiate with its stakeholders during a critical timeframe in its efforts to effect a financial restructuring, that an existing cash crisis will be exacerbated, and that this cash crisis will lead to the further deterioration of police, fire, emergency medical, and other important city services, endangering the health and welfare of its citizens. The Verified Complaint and the Affidavit establish these specific facts.

2. Plaintiff has shown a likelihood of success on the merits of the claims asserted in the Verified Complaint.

3. Plaintiff will suffer greater injury from the denial of temporary injunctive relief than Defendants will suffer from the granting of such relief.

4. The granting of this Order will further the public interest.

5. Immediate relief is required to preserve Plaintiff's ability to access needed funds at a critical time in its financial restructuring, and to avoid substantial irreparable harm that would result in the absence of injunctive relief.

6. Plaintiff's attorney has certified to the Court in writing that the delay required to give notice of the request for a temporary restraining order would cause plaintiff immediate and irreparable harm.

Upon review of the Verified Complaint, the Affidavit, and the Motion, the Court being otherwise fully advised in the premises:

**IT IS ORDERED** that Defendants, and anyone acting in concert or cooperation with Defendants who receives actual notice of this Order, are enjoined from and shall immediately cease and desist from taking any action to limit the City's access to casino revenues or the funds in the General Receipts Subaccount.

**IT IS FURTHER ORDERED** that Defendant U.S. Bank is enjoined from refusing to make payments to the City from the General Receipts Subaccount, unless instructed to do otherwise by the Counterparties to the Collateral Agreement, attached as Exhibit B to the Affidavit of Kevyn D. Orr, pursuant to its terms, without regard to any assertion of rights by Defendant Syncora. This Order shall remain in full force and effect until this Court specifically orders otherwise.

**IT IS FURTHER ORDERED** that Defendants shall appear before this Court for a hearing on July 26, 2013 at 9:00 o'clock a.m. to show cause why a preliminary injunction should not be issued upon the terms set forth above.

**IT IS FURTHER ORDERED** that no security is required of Plaintiff at this time, pursuant to MCR 3.301(D)(2), as Plaintiff is a municipal corporation organized and existing under the laws of the State of Michigan.

/s/ Annette J. Berry
Wayne County Circuit Court Judge

Date and time of issuance:
July 5, 2013 at 1:30 p.m o'clock