# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ———————————————— | X | |
| | : | |
| In re: | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 (SWR) |
| | : | |
| Debtor. | : | Hon. Steven W. Rhodes |
| | : | |
| ———————————————— | X | |

**AD HOC COPS HOLDERS' LIMITED OBJECTION AND
RESERVATION OF RIGHTS WITH RESPECT TO MOTION OF
DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
ASSUMPTION OF THAT CERTAIN FORBEARANCE AND OPTIONAL
TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF
THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT
PURSUANT TO RULE 9019, AND (III) GRANTING RELATED RELIEF**

Certain entities (the "**Ad Hoc COPs Holders**")[1] holding $375 million in principal amount of Certificates of Participation (the "**COPs**") issued by the Detroit Retirement Systems Funding Trust 2005 and Detroit Retirement Systems Funding Trust 2006 hereby submit this limited objection and reservation of rights (the "**Limited Objection**") to the Motion of Debtor for Entry of an Order (i) Authorizing the Assumption of That Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (ii) Approving Such Agreement Pursuant to Rule 9019, and (iii) Granting Related Relief (the "**Motion to Assume the**

---

[1] The Ad Hoc COPs Holders consist of those entities disclosed on Exhibit A to the First Verified Statement Pursuant to Rule 2019 filed on August 16, 2013 [Docket No. 359] (the "**First 2019 Statement**").

**Forbearance Agreement**").  [Dkt. Nos. 17 & 157.]  In support of this Limited Objection, the Ad Hoc COPs Holders respectfully state as follows:[2]

## Background

1.      The Ad Hoc COPs Holders are parties-in-interest in this case because they hold COPs issued by the Funding Trusts in 2005 and 2006 and supported by certain services contracts (the "**Service Contracts**") between the Debtor and each of the General Retirement System Service Corporation and the Police and Fire Retirement System Service Corporation (the "**Service Corporations**").  U.S. Bank National Association ("**U.S. Bank**") serves as Trustee for the COPs.

2.      Concurrently with the issuance of the 2006 COPs, the Service Corporations entered into a series of swap transactions (the "**Swaps**") with UBS AG and SBS Financial Products Company LLC, with Merrill Lynch Capital Services, Inc. as credit support provider to SBS (together, the "**Swap Counterparties**") designed to fix the Service Corporations' floating interest rate exposure under the Series B 2006 COPs.

3.      The payments under the COPs and Swaps are administered by U.S. Bank as Contract Administrator pursuant to certain Contract Administration Agreements by and among certain of the Funding Trusts and the Service Corporations, and U.S. Bank as Trustee.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Assume the Forbearance Agreement.

4.     In 2009, the Debtor entered into a Collateral Agreement by and among the Debtor, the Swap Counterparties, the Service Corporations, and U.S. Bank as Custodian under the Collateral Agreement (the "**2009 Restructuring**").

5.     On July 15, 2013, the Debtor entered into a Forbearance and Optional Termination Agreement (the "**Forbearance Agreement**") by and among the Debtor, the Swap Counterparties, and the Service Corporations.

6.     Concurrently with its chapter 9 bankruptcy filing, on July 18, 2013, the Debtor filed the Motion to Assume the Forbearance Agreement.

7.     At the first-day hearing on July 24, 2013, the Court heard the Debtor's motion to confirm the application of the automatic stay and to extend the stay to certain state entities and agents of the city. [Dkt. No. 56].  During that hearing, the Debtor stated that the automatic stay does not apply to the Swap Counterparties.  *See* Hr'g Trans. at [67:9-10] (July 24, 2013) (H. Lennox: "We are not seeking to protect any swap counterparties, so I want to make that clear.") (attached as **Exhibit 6-A**).  The Court also instructed that any party wishing to extend the automatic stay must do so by separate motion.  *Id.* at 85:25-86:2.

8.     On August 2, 2013, the Court held a status conference concerning scheduling for the Debtor's Motion to Assume the Forbearance Agreement.  During that hearing, counsel for Syncora Guarantee Inc. and Syncora Capital Assurance Inc., who had issued insurance policies to guarantee certain payments on the Swaps, expressed concern that the Debtor's Proposed Order [Dkt. Nos. 17 Exh. 1 & 157 Exh. 1] "would entail the Court making judicial findings, judicial declarations that could foreclose the rights of third parties . . . ."  Hr'g Tr.. at 124:12-14 (Aug. 2, 2013) (attached as **Exhibit 6-B**).

9. The Court responded: "If that's your concern, I will assure you at the outset that my decision will be nothing more than to approve the decision of the city to assume this contract and enter into the settlement or disapprove of it." *Id.* at 124:15-18.

### Limited Objection

10. By this motion, the Debtor seeks authority to assume the Forbearance Agreement as an executory contract under 11 U.S.C. § 365 and approval to enter into the settlement terms set forth therein under Federal Rule of Bankruptcy Procedure 9019 so that it may terminate the Swaps after settling the claims held by the Swaps Counterparties, allowing the Debtor to gain access to the Casino Revenues. *See* Motion to Assume the Forbearance Agreement at ¶ 24.

11. The Ad Hoc COPs Holders have filed this limited objection solely to ensure that any relief granted is no broader than as described in the Court's remarks set forth above. They seek to ensure that their rights as third-parties are not affected by the relief sought. Specifically, the Ad Hoc COPs Holders seek confirmation that (i) no relief granted here shall be construed to modify or extend the automatic stay, except as explicitly set out in the Debtor's Proposed Order itself, (ii) nothing contained in the Court's decision affects the rights of any third party (such as one of the Ad Hoc COPs Holders, or U.S. Bank as trustee therefor) against any other third party (such as a Swap Counterparty), and (iii) the Forbearance Agreement does not modify or otherwise impair the rights of any third party (such as one of the Ad Hoc COPs Holders, or U.S. Bank as trustee therefor) against any other third party (such as a Swap Counterparty) under the COPs, swaps, and 2009 Restructuring and all documents executed in connection therewith, including, without limitation, the Transaction Documents, the Contract Administration Agreements and the Service Contracts.

12.     The Ad Hoc COPs Holders believe that they (or U.S. Bank in its various related capacities) may have the right to recover from the Swap Counterparties payments made to such Swap Counterparties under the Forbearance Agreement pursuant to prior agreements among the Funding Trusts and the Swap Counterparties (the "Prior Agreements"). Whether or not these rights exist is not before the Court today, but the Ad Hoc COPs Holders wish to preserve any and all rights they may have under the Prior Agreements, whether those rights will be determined in this Court or another forum.

13.     In light of these concerns, the Ad Hoc COPs Holders respectfully request that the Debtor's Proposed Order be amended as set forth in Exhibit 1-A hereto to reflect that third-party rights against any and all parties in interest, except the Debtor, remain unaffected by entry of the order approving the Motion to Assume the Forbearance Agreement.[3]

WHEREFORE, the Ad Hoc COPs Holders request that if the Court approves the Motion to Assume the Forbearance Agreement, the Court (i) enter an order substantially in the form attached hereto as Exhibit 1-A, and (ii) grant such other relief as the Court deems just and proper.

---

[3] A redline reflecting changes to the Debtor's Proposed Order is attached as Exhibit 1-B. Without limiting the generality of the forgoing, nothing in this Limited Objection shall be construed as an acknowledgment or admission of the truth, accuracy, completeness, relevance or admissibility of any of the affidavits filed by any of the parties or any statements made under any pleading by any of the parties in connection with the Motion to Assume the Forbearance Agreement.

/S/Deborah L. Fish

ALLARD & FISH, P.C.
Deborah L. Fish
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142
dfish@allardfishpc.com
P36580

- and -

KRAMER LEVIN NAFTALIS
   & FRANKEL LLP
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel to the Ad Hoc COPs Holders*

Dated:  August 16, 2013
z:\dexia\obj.forbearance agrmt.final.doc

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

———————————————————— X
:
In re:                                          :        Chapter 9
                                                :
CITY OF DETROIT, MICHIGAN,                       :        Case No. 13-53846 (SWR)
                                                :
                              Debtor.            :        Hon. Steven W. Rhodes
                                                :
———————————————————— X

## EXHIBIT LIST

| Exhibit | Description |
|---------|-------------|
| 1-A | Proposed Order |
| 1-B | Redline Proposed Order |
| 2 | Not Applicable |
| 3 | Not Applicable |
| 4 | Certificate of Service |
| 5 | Not Applicable |
| 6-A | Transcript Excerpts - July 24, 2013 |
| 6-B | Transcript Excepts - Aug. 2, 2013 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------- X

In re:                                      :    Chapter 9

                                            :    Case No. 13-53846

CITY OF DETROIT, MICHIGAN                   :    Hon. Steven W. Rhodes

                              Debtor.             :

                                            :

-------------------------------------------------------- X


## ORDER (I) AUTHORIZING THE ASSUMPTION OF THAT CERTAIN FORBEARANCE AND OPTIONAL TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT PURSUANT RULE 9019, AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[1] for entry of

an order (i) authorizing the assumption of that certain forbearance and optional termination

agreement pursuant to section 365(a) of the Bankruptcy Code, (ii) approving such agreement

pursuant Bankruptcy Rule 9019, and (iii) granting related relief; the Court having reviewed the

Motion and having considered the statements of counsel and the evidence adduced with respect

to the Motion at a hearing before the Court (the "Hearing"); the Court having recognized that

nothing in this Order or the Forbearance Agreement affects the rights of third parties against

each other or against the Swap Counterparties and that nothing in this Order shall be construed to

modify or extend the automatic stay except as expressly stated hereunder; and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

just cause for the relief granted herein;

---

[1] Capitalized terms used herein are accorded the meanings given to them in the Motion with the exception of Swap Counterparties, which is expanded to include Merrill Lynch Capital Services, Inc.

EXHIBIT 1-A

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

A.  <u>Jurisdiction and Venue</u>. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.  <u>Notice</u>. Notice of the Motion and the Hearing was sufficient under the circumstances. As evidenced by the certificate of service, notice of the Motion and Hearing has been given to the following: (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the COPs; (h) certain significant holders of the COPs; (i) the Swaps; and (j) the insurers of the Swaps. In addition, a copy of the Motion was served on the Office of the United States Trustee. Cause exists to modify the requirement under Bankruptcy Rule 2002(a) that a hearing on approval of a compromise or settlement shall be given to all creditors and, accordingly, no other or further notice is required under the circumstances.

C.  <u>Assumption Appropriate</u>. The assumption of the Forbearance Agreement and other relief sought in the Motion will benefit the City and is a sound exercise of the City's business judgment, is in the best interest of the City, its creditors and other parties in interest and is based on good, sufficient and sound business purposes and justifications. As of the date hereof, no defaults exist under the Forbearance Agreement and the City is not obligated to pay any cure amounts in connection with the assumption of the Forbearance Agreement.

D.  <u>Rule 9019 Authorization</u>. The City is authorized, but not required, to adopt the Forbearance Agreement pursuant to Bankruptcy Rule 9019. The Forbearance Agreement is

2

fair, reasonable and equitable, subject to the third-party reservation of rights hereinafter provided.

       E.     <u>Consent to Use of Casino Revenues</u>. Pursuant to Section 1.2 of the Forbearance Agreement, UBS AG and MLCS consent to the City's use of the Casino Revenue as set forth in the Forbearance Agreement. The consent of UBS AG and MLCS will allow the City immediate access to its Casino Revenue as set forth in Forbearance Agreement, and no other or further consents are required.

       F.     <u>Modification of Automatic Stay</u>. Good cause exists to modify the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, solely to permit UBS AG and MLCS to petition for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement.

       G.     <u>Arm's-Length Agreement</u>. The Forbearance Agreement was negotiated at arm's length and in good faith by all parties to it. UBS AG and MLCS are not insiders of the City as that term is defined in Bankruptcy Code section 101(31). The parties' entry into and performance under the Forbearance Agreement does not violate any law, including the Bankruptcy Code, and does not give rise to any claim or remedy against the parties thereto, except as may be expressly set forth in this Order or in such agreements

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

       1.     The Motion is GRANTED as set forth herein and subject to the reservations of rights and other conditions as set forth herein.

       2.     Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise

resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3.     Pursuant to section 365(a) of the Bankruptcy Code, the City is authorized to assume the Forbearance Agreement, attached as Exhibit 6 to the Motion.

4.     The Forbearance Agreement is approved in its entirety. The City is authorized to perform its obligations that arise from the Forbearance Agreement pursuant to Bankruptcy Rule 9019, and any actions taken heretofore in furtherance of these obligations are hereby ratified.

5.     The Custodian under the Collateral Agreement is hereby authorized to rely upon the terms of this Order and UBS AG and MLCS' consent to the use by the City of the Casino Revenue.

6.     The automatic stay imposed pursuant to section 362 of the Bankruptcy Code is modified solely to permit UBS AG and MLCS to petition a court of competent jurisdiction for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement.  No other modification or extension of the automatic stay is granted hereunder.

7.     The City is authorized to take any and all actions necessary or appropriate to implement the terms of this Order and the Forbearance Agreement.

8.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

9.     Notwithstanding any other provision hereof (including without limitation paragraph 8) or any provision in the Forbearance Agreement, this Order shall not prejudice any rights of any third parties against each other, or their assertion of such rights against other non-

Debtor third parties.  Nothing in the Forbearance Agreement and this Order shall be deemed to waive, modify or otherwise impair or enhance the respective rights of any third parties against each other under the COPs, swaps, and 2009 restructuring and all documents executed in connection therewith, including, without limitation, the Transaction Documents, the Contract Administration Agreements, and the Service Contracts, and all third parties expressly reserve all rights and remedies that each has now or may in the future have under those same documents and/or at law or in equity.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-------------------------------------------------- X
```

| | |
|---|---|
| In re: | : Chapter 9 |
| | : Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN | : Hon. ~~_____~~ Steven W. Rhodes |
| Debtor. | : |
| | : |

```
-------------------------------------------------- X
```

### ORDER (I) AUTHORIZING THE ASSUMPTION
### OF THAT CERTAIN FORBEARANCE AND OPTIONAL
### TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF
### THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT
### PURSUANT RULE 9019, AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[1] for entry of an order (i) authorizing the assumption of that certain forbearance and optional termination agreement pursuant to section 365(a) of the Bankruptcy Code, (ii) approving such agreement pursuant Bankruptcy Rule 9019, and (iii) granting related relief; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having recognized that nothing in this Order or the Forbearance Agreement affects the rights of third parties against each other or against the Swap Counterparties and that nothing in this Order shall be construed to modify or extend the automatic stay except as expressly stated hereunder; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms used herein are accorded the meanings given to them in the Motion with the exception of Swap Counterparties, which is expanded to include Merrill Lynch Capital Services, Inc.

EXHIBIT 1-B

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

A.     <u>Jurisdiction and Venue</u>. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.     <u>Notice</u>. Notice of the Motion and the Hearing was sufficient under the circumstances. As evidenced by the certificate of service, notice of the Motion and Hearing has been given to the following: (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the COPs; (h) certain significant holders of the COPs; (i) the Swaps; and (j) the insurers of the Swaps. In addition, a copy of the Motion was served on the Office of the United States Trustee. Cause exists to modify the requirement under Bankruptcy Rule 2002(a) that a hearing on approval of a compromise or settlement shall be given to all creditors and, accordingly, no other or further notice is required under the circumstances.

C.     <u>Assumption Appropriate</u>. The assumption of the Forbearance Agreement and other relief sought in the Motion will benefit the City and is a sound exercise of the City's business judgment, is in the best interest of the City, its creditors and other parties in interest and is based on good, sufficient and sound business purposes and justifications. As of the date hereof, no defaults exist under the Forbearance Agreement and the City is not obligated to pay any cure amounts in connection with the assumption of the Forbearance Agreement.

D.     <u>Rule 9019 Authorization</u>. The City ~~was~~is authorized, but not required, to ~~seek approval of~~adopt the Forbearance Agreement pursuant to Bankruptcy Rule 9019. The

Forbearance Agreement is fair, reasonable and equitable, subject to the third-party reservation of rights hereinafter provided.

E. **Consent to Use of Casino Revenues.** Pursuant to Section 1.2 of the Forbearance Agreement, UBS AG and MLCS consent to the City's use of the Casino Revenue as set forth in the Forbearance Agreement. The consent of UBS AG and MLCS will allow the City immediate access to its Casino Revenue as set forth in Forbearance Agreement, and no other or further consents are required.

F. **Modification of Automatic Stay.** Good cause exists to modify the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, solely to permit UBS AG and MLCS to petition for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement.

G. **Arm's-Length Agreement.** The Forbearance Agreement was negotiated at arm's length and in good faith by all parties to it. UBS AG and MLCS are not insiders of the City as that term is defined in Bankruptcy Code section 101(31). The parties' entry into and performance under the Forbearance Agreement does not violate any law, including the Bankruptcy Code, and does not give rise to any claim or remedy against the parties thereto, except as may be expressly set forth in this Order or in such agreements.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein and subject to the reservations of rights and other conditions as set forth herein.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise

resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. Pursuant to section 365(a) of the Bankruptcy Code, the City is authorized to assume the Forbearance Agreement, attached as Exhibit 6 to the Motion.

4. The Forbearance Agreement is approved in its entirety. The City is authorized to perform its obligations that arise from the Forbearance Agreement pursuant to Bankruptcy Rule 9019, and any actions taken heretofore in furtherance of these obligations are hereby ratified.

5. The Custodian under the Collateral Agreement is hereby authorized to rely upon the terms of this Order and UBS AG and MLCS' consent to the use by the City of the Casino Revenue.

6. The automatic stay imposed pursuant to section 362 of the Bankruptcy Code is modified solely to permit UBS AG and MLCS to petition a court of competent jurisdiction for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement. No other modification or extension of the automatic stay is granted hereunder.

7. The City is authorized to take any and all actions necessary or appropriate to implement the terms of this Order and the Forbearance Agreement.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

9. Notwithstanding any other provision hereof (including without limitation paragraph 8) or any provision in the Forbearance Agreement, this Order shall not prejudice any rights of any third parties against each other, or their assertion of such rights against other

non-Debtor third parties.  Nothing in the Forbearance Agreement and this Order shall be deemed to waive, modify or otherwise impair or enhance the respective rights of any third parties against each other under the COPs, swaps, and 2009 restructuring and all documents executed in connection therewith, including, without limitation, the Transaction Documents, the Contract Administration Agreements, and the Service Contracts, and all third parties expressly reserve all rights and remedies that each has now or may in the future have under those same documents and/or at law or in equity.

Document comparison by Workshare Compare on Friday, August 16, 2013
1:21:32 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://KL2/2808784/1 |
| Description | KL2-#2808784-v1-Detroit_COPs_-_Order_re_Forbearance_Agreement |
| Document 2 ID | PowerDocs://KL2/2808784/6 |
| Description | KL2-#2808784-v6-Detroit_COPs_-_Order_re_Forbearance_Agreement |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 14 |
| Deletions | 4 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 18 |

# EXHIBIT 2

# NOT APPLICABLE

# EXHIBIT 3

# NOT APPLICABLE

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
————————————————————————— X
                                  :
In re:                            :    Chapter 9
                                  :
CITY OF DETROIT, MICHIGAN,        :    Case No. 13-53846 (SWR)
                                  :
                  Debtor.         :    Hon. Steven W. Rhodes
                                  :
————————————————————————— X
```

## CERTIFICATION OF SERVICE

I, Regina Drouillard, hereby certify that on August 16, 2013, I electronically filed the following:

- Ad Hoc Cops Holders' Limited Objection and Reservation of Rights with Respect to Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019, and (III) Granting Related Relief

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF system has served all registered users.

ALLARD & FISH, P.C.

/S/Regina Drouillard
535 Griswold
2600 Buhl Building
Detroit MI  48226
(313) 961-6141

Dated:  August 16, 2013
z:\dexia\obj.forbearance agrmt.final.doc

# EXHIBIT 5

# NOT APPLICABLE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,          .          Docket No. 13-53846
        MICHIGAN,                 .
                                  .          Detroit, Michigan
                                  .          July 24, 2013
                    Debtor.       .          10:02 a.m.
. . . . . . . . . . . . . . . .


HEARING RE. MOTION OF DEBTOR, PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER CONFIRMING
THE PROTECTIONS OF SECTIONS 362, 365 AND 922 OF THE
BANKRUPTCY CODE (DOCKET #53) AND MOTION OF DEBTOR, PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN
ORDER EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE
ENTITIES, (B) NON-OFFICER EMPLOYEES AND (C) AGENTS AND
REPRESENTATIVES OF THE DEBTOR (DOCKET #56)
BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:       Jones Day
                      By:  HEATHER LENNOX
                      North Point
                      901 Lakeside Avenue
                      Cleveland, OH  44114-1190
                      (216) 586-3939

For AFSCME:           Lowenstein Sandler, LLP
                      By:  SHARON L. LEVINE
                      65 Livingston Avenue
                      Roseland, NJ  07068
                      (973) 597-2374

For Syncora           Kirkland & Ellis, LLP
Guarantee and         By:  RYAN BENNETT
Syncora Capital       300 North LaSalle
Assurance:            Chicago, IL  60654
                      (312) 862-2074

For Public Safety     Erman, Teicher, Miller, Zucker &
Unions:                 Freedman, PC
                      By:  BARBARA PATEK
                      400 Galleria Officentre, Suite 444
                      Southfield, MI  48034
                      (248) 827-4100

EXHIBIT 6-A

2

APPEARANCES (continued):


For Police and          Clark Hill, PLC
Fire Retirement         By:  ROBERT GORDON
System and              151 South Old Woodward, Suite 200
General Retirement      Birmingham, MI   48009
System of the City      (248) 988-5882
of Detroit:

For the UAW:            Cohen, Weiss & Simon, LLP
                        By:  BABETTE CECCOTTI
                        330 West 42nd Street, 25th Floor
                        New York, NY   10036
                        (212) 356-0227


For the Flowers         Law Offices of William A. Wertheimer
Plaintiffs:             By:  WILLIAM WERTHEIMER
                        30515 Timberbrook Lane
                        Bingham Farms, MI   48025
                        (248) 644-9200


For Nathaniel           In pro per
Brent:                  NATHANIEL BRENT
                        538 South Livernois
                        Detroit, MI   48209


For the Phillips        The Sanders Law Firm, PC
Plaintiffs:             By:  HERBERT A. SANDERS
                        615 Griswold, Suite 913
                        Detroit, MI   48226
                        (313) 962-0099


For the State of        Michigan Department of Attorney General
Michigan:               By:  MATTHEW SCHNEIDER
                        525 West Ottawa Street, Fl. 7
                        P.O. Box 30212
                        Lansing, MI   48909
                        (517) 241-8403


For the Webster         McKnight, McClow, Canzano, Smith &
Plaintiffs:                Radtke, PC
                        By:  JOHN R. CANZANO
                        400 Galleria Officentre, Suite 117
                        Southfield, MI   48034
                        (248) 354-9650

3

```
Court Recorder:        Letrice Calloway
                       United States Bankruptcy Court
                       211 West Fort Street
                       21st Floor
                       Detroit, MI  48226-3211
                       (313) 234-0068


Transcribed By:        Lois Garrett
                       1290 West Barnes Road
                       Leslie, MI  49251
                       (517) 676-5092


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

1    I can articulate that for you.

2              THE COURT:  Go ahead.

3              MS. LENNOX:  But in any event, I don't think we need

4    to go through them under the circumstances, but if we had to

5    meet the preliminary injunction standards, I believe that

6    there would be -- at least with respect to the three lawsuits

7    that we have out there, I think there would be a great chance

8    of success on the merits because by the plaintiffs attempting

9    to condition the authorization to file a municipal bankruptcy

10   on that municipal -- that municipality's foregoing rights

11   under Chapter 9 once in Chapter 9 is a violation of the

12   bankruptcy clause and the supremacy clause.  I think we'd win

13   on that, your Honor.

14             Secondly, with respect to irreparable harm, if these

15   actions are not stopped, the city would be irreparably

16   harmed.  We would be preventing -- we would be prevented from

17   accessing necessary protections that we are otherwise wholly

18   entitled to access under Chapter 9 and under applicable law,

19   and it would be harmed by our inability to have the

20   appropriate forum, this forum, to decide the matter because

21   the matter presents federal issues for federal jurisdiction.

22   The issues that are presented have to do with can the

23   authorization be conditioned upon limiting a municipality's

24   rights in Chapter 9.  That clearly and squarely presents

25   federal issues of this Court's jurisdiction that can only be

1  decided by this Court under the supremacy and the bankruptcy

2  clauses, so without -- an inability for us to pursue that

3  would be irreparable harm to the city.  A state court simply

4  does not have jurisdiction to decide those.

5           Third, your Honor, the injunction, if one would call

6  this an injunction, is not going to harm others because, as

7  your Honor pointed out, they do have a forum, indeed the only

8  appropriate forum, in which to decide the issues that can

9  arise only in a bankruptcy case, issues like eligibility,

10  contract rejections, what should go in a plan of adjustment,

11  all of which are addressed by the three lawsuits that are

12  filed.  As your Honor pointed out, these litigants will have

13  due process.  They will have their day in court.  They will

14  have these issues decided, but they will have them decided in

15  the tribunal with proper jurisdiction.

16           And then fourth, your Honor, public policy clearly

17  favors the resolution of issues that exist only under the

18  Bankruptcy Code in the Bankruptcy Courts.  Any attempts to

19  have courts that are not of competent jurisdiction determine

20  these issues actually, your Honor, would offend public

21  policy, so while I don't think that we need to go through the

22  preliminary injunction standards in this case and by virtue

23  of the relief that we asked for, if we had to, we would meet

24  them.

25           Now, your Honor, I think I would like to, if it

62

1   please the Court, address sort of collectively the arguments
2   that were made about should the state courts determine this
3   or should the federal courts determine this, and
4   ultimately -- certainly at least what Ms. Levine was arguing
5   down to, they're arguing the merits of eligibility, and, as
6   your Honor pointed out, that's not before the Court today.
7   Nothing prevents -- as your Honor also pointed out, nothing
8   prevents anybody from seeking to lift the stay in any
9   particular case in any particular matter, and that's a
10  question that can be addressed to this Court.
11          More particularly -- and I'd like to go into this in
12  some detail -- the Court has jurisdiction to hear and
13  consider state court matters in this court.  Since the days
14  of Erie versus Tompkins back in 1938, federal courts have
15  applied state law when required to to determine the matters
16  before them.  It's very clear that now that this case is
17  filed, this Court -- under Section 921 of the Bankruptcy Code
18  and under its jurisdiction granted by 28 U.S.C. 1334(a) and
19  (b), this Court is the only court that is authorized to
20  determine eligibility issues.  As part of the eligibility
21  issues, Section 109(c)(2) necessitates the interpretation of
22  state law, and Bankruptcy Courts have done that in virtually
23  every Chapter 9 case that has been filed.  In Jefferson
24  County they went through the Alabama statutes for authorizing
25  the case.  In the New York City Off-Track Betting Corp. in

1   New York in 2010, the Bankruptcy Court found that the

2   governor had adequate power under the state constitution to

3   issue the order authorizing the filing.  In the Suffolk

4   County Regional Off-Track Betting Corporation case, an

5   Eastern District of New York in 2011, the Court, interpreting

6   state law, found that the debtor did not comply because the

7   county resolution violated the -- Suffolk's County's

8   authority and was unconstitutional and dismissed the

9   petition.  In the Barnwell County Hospital case in the

10  District of South Carolina in 2012, they examined state law

11  to determine whether the County Hospital Board had

12  authorization to file Chapter 9, and they determined -- they

13  did the inquiry as to whether the authorization was void in

14  light of the state constitutional prohibition against dual

15  office holding, and they concluded it was not.  That case,

16  along with other cases, absolutely involved an interpretation

17  of state constitutional issues.

18          So given that the Bankruptcy Court's authority

19  includes the authority to decide state law issues when

20  required in exercising its jurisdiction under the Bankruptcy

21  Code and it is competent to do so, there is absolutely no

22  reason to disrupt the efficient resolution of this bankruptcy

23  case by having the state court cases go forward.

24          Your Honor, if you look at PA 436, Section 18.1,

25  nothing in that authorization statute mentions pensions.  It

1    simply mentions a process by which the city had to go through

2    to -- for the governor to make a determination whether we

3    were authorized to file nor, if your Honor would read it, is

4    anything in the governor's authorization letter conditioning

5    the filing on taking any action, not taking any action, or it

6    does not even mention what might happen to pensions in this

7    case, so this Court clearly has jurisdiction to determine the

8    state constitutionality issues.

9         On the other hand and respectfully, the state courts

10   have no jurisdiction to determine the issues of authorization

11   or eligibility under Section 109(c)(2) of the Bankruptcy

12   Code.  They have no jurisdiction to determine whether this

13   city had the right to file this case or, more importantly,

14   the rights that this city can exercise now that it is in

15   bankruptcy, and that, your Honor, is exactly what the

16   plaintiffs seek to do in their constitutionality challenges

17   in the three actions that are pending in state court.  This

18   is not a secondary jurisdiction matter.  This is a matter of

19   primary jurisdiction under Section 1334(a), (b), and Section

20   921 of the Bankruptcy Code for this Court.  This is the only

21   Court competent to make those determinations.

22        Mr. Gordon suggested that we don't need to decide

23   the stay issues today because the -- because we should wait

24   to determine eligibility first.  First of all, I would say

25   that there's no prejudice to pensioners in this case because

1   pensions are continuing to be paid.  There's no change to

2   that, so the delay shouldn't be a factor.  Secondly,

3   eligibility has nothing to do with the fact that the

4   automatic stay is in effect.  It arose by operation of law on

5   the day that we filed the petition on July 18th, and it is in

6   effect.  The only motions before this Court today have to do

7   with that stay that's already in effect, so there's nothing

8   improper about determining those matters today.

9          It has been suggested that Judge Aquilina's

10  declaratory judgment in the Webster case -- remember, your

11  Honor, the Webster case is the case in which the city is not

12  named.  The city is not a defendant.  It is a case only

13  against the governor and the state treasurer, so the city is

14  not a party.  The city didn't litigate any of the issues.

15  Collateral estoppel, therefore, cannot apply to the city in

16  the declaratory judgment in the Webster case.  We're not

17  bound by that.  Moreover, I would suggest to your Honor that

18  that is one trial court's view -- trial court's view -- that

19  was issued without briefing, without argument, without

20  reasoning, and in haste.  That decision is not even binding

21  on any other trial court in the State of Michigan let alone

22  any courts of higher jurisdiction, and it is certainly not

23  binding on this Court.

24          One other procedural issue that I would like to

25  point out that Mr. Gordon and none of the other objectors did

1   point out, but it is noted on the summary sheet that I

2   gave -- the demonstrative that I gave to your Honor earlier

3   today.  The pension funding case, the GRS and PFRS case that

4   Mr. Gordon's firm -- in which Mr. Gordon's firm represents

5   the plaintiffs, has been removed to federal court.  The city

6   removed it because that is the one case in which the city is

7   the defendant.  That case was removed to federal court on

8   July 21st, and so it was removed to the Western District of

9   Michigan, the United States District Court for the Western

10  District of Michigan.  State courts don't even have

11  jurisdiction over this case anymore.  And in that case the

12  city moved to transfer venue to the District Court in this

13  district so that it will eventually be moved down to your

14  Honor.

15         With respect to a concern that Ms. Ceccotti raised,

16  we are not seeking to stay the courts.  We are seeking to

17  stay the litigation by extending the stay protections to the

18  defendants without -- the effect of that -- that that would

19  have, your Honor, is to prevent the parties from acting.  We

20  are not seeking to do anything extraordinary under court's

21  jurisprudence.

22         Finally, your Honor, with respect to the arguments

23  that Mr. Bennett made on behalf of Syncora, I think there may

24  be some confusion on Syncora's part.  Neither of the motions

25  seek to assert or to extend the stay in favor of the swap

67

1   counterparties, which are banks that have nothing -- no

2   relationship with the city, or the service corporations

3   themselves or any other party related to those entities other

4   than a couple of city officers that serve as directors of the

5   service corporations, and they do that because they're

6   required to do that in the performance of their duties as

7   city officers pursuant to a city ordinance, which is

8   Ordinance Number 0305.  We are not seeking to protect the

9   corporations themselves.  We are not seeking to protect any

10  swap counterparties, so I want to make that clear.  Syncora

11  offers no evidence about how it will be prejudiced,

12  particularly because, again, nothing in the motions prevents

13  Syncora from coming in and seeking to lift the stay if one is

14  imposed.

15      We also don't seek in the stay confirmation motion

16  to seek relief behind actions to enforce a claim against the

17  debtor.  Paragraph 4 of the proposed order makes that very

18  clear.  It simply parrots the statute, and that's in the stay

19  confirmation motion.  Because the city is a party to the

20  Syncora suit, the only stay issue that would apply to that

21  would be the stay confirmation issue.  We're not seeking any

22  extension with respect to that lawsuit, and, frankly,

23  counterclaims may be asserted in that case, which would be

24  stayed, and the case started, your Honor, because Syncora was

25  illegally attempting to trap some of the city's revenues, so,

85

1    August 2nd.

2              The Court will, therefore, grant both of these

3    motions.  The Court wants the opportunity to review the

4    proposed orders that were attached to the debtor's motions.

5    In the event the Court wants to tweak or edit any of them, I

6    would ask debtor's counsel to submit those orders in Word or

7    WordPerfect form through the Court's order processing

8    program.  I know for sure that one of the things I want the

9    stay extension order to do is to be sure it explicitly

10   preserves the opportunity for parties to file motions for

11   relief from it under Section 362(d), but we'll take care of

12   that, so just submit the orders in the order processing

13   program as they were attached to the motion.

14             That's all I have.  Is there anything that anyone

15   else would like to raise at this time?

16             MS. PATEK:  Your Honor, on behalf of the public

17   safety unions, we did ask to broaden --

18             THE COURT:  You should identify yourself for the

19   record.

20             MS. PATEK:  I'm sorry.  Barbara Patek on behalf of

21   the public safety unions.  We did make a request for

22   affirmative relief, which was not listed among the items that

23   your Honor did not rule on with respect --

24             THE COURT:  Yes.  Thank you for reminding me of

25   that.  In the interest of due process, the Court must

86

1   conclude that it is necessary for you to file a specific

2   motion requesting that relief.  If you think that expedited

3   consideration is appropriate, you can request that.

4          MS. PATEK:  Thank you, your Honor.

5          THE COURT:  Would anyone else like to raise

6   anything?  Yes, ma'am.

7          MS. LENNOX:  Thank you, your Honor.  For the record,

8   Heather Lennox of Jones Day on behalf of the City of Detroit.

9   A procedural question, your Honor, about the matters that

10  you've set for hearing on August 2nd.  There was no objection

11  deadline set for the four motions.  Would your Honor wish to

12  set one?

13         THE COURT:  I didn't set one in light of the

14  expedited consideration of them, so I'm really not inclined

15  to.  If a party wants me to consider a written objection,

16  they should get it to me in time for me to consider it.

17  There was more specifically a question about a response time

18  on the 365 assumption motion, and we got a request -- a

19  motion for clarification as to that.  I think that was

20  mentioned earlier today.

21         MS. LENNOX:  Yes.

22         THE COURT:  And I will deal with that separately in

23  a separate order that I will enter later today or tomorrow.

24         MS. LENNOX:  Thank you, your Honor.

25         THE COURT:  All right.  Anything further?  Mr.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,         .        Docket No. 13-53846
          MICHIGAN,              .
                                 .        Detroit, Michigan
                                 .        August 2, 2013
                    Debtor.      .        10:01 a.m.
. . . . . . . . . . . . . . . .  .


HEARING RE. STATUS CONFERENCE
MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
ASSUMPTION OF THE CERTAIN FORBEARANCE AND OPTIONAL
TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF THE
BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT PURSUANT TO
RULE 9019 AND (III) GRANTING RELATED RELIEF (DOCKET #17);
MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) DIRECTING AND
APPROVING FORM OF NOTICE OF COMMENCEMENT OF CASE AND MANNER
OF SERVICE AND PUBLICATION OF NOTICE AND (B) ESTABLISHING A
DEADLINE FOR OBJECTIONS TO ELIGIBILITY AND A SCHEDULE FOR
THEIR CONSIDERATION (DOCKET #18); MOTION OF DEBTOR FOR
ENTRY OF AN ORDER APPOINTMENT KURTZMAN CARSON CONSULTANTS,
LLC, AS CLAIMS AND NOTICING AGENT PURSUANT TO 28 U.S.C.,
SECTION 156(c), SECTION 105(a) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2002 (DOCKET #19); AND MOTION OF DEBTOR,
PURSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE FOR
ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A
COMMITTEE OF RETIRED EMPLOYEES
BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:       Jones Day
                      By:  DAVID HEIMAN
                           HEATHER LENNOX
                      North Point
                      901 Lakeside Avenue
                      Cleveland, OH  44114-1190
                      (216) 586-3939

                      Jones Day
                      By:  BRUCE BENNETT
                      555 South Flower Street
                      Fiftieth Floor
                      Los Angeles, CA  90071-2300
                      (213) 243-2382

EXHIBIT 6-B

2

APPEARANCES (continued):

```
                          Jones Day
                          By:  GREGORY M. SHUMAKER
                          51 Louisiana Avenue, N.W.
                          Washington, DC  20001-2113
                          (202) 879-3679

For Assured               Winston & Strawn, LLP
Guaranty Municipal        By:  LAWRENCE A. LAROSE
Corp.:                    200 Park Avenue
                          New York, NY  10166-4193
                          (212) 294-3286

For AFSCME:               Lowenstein Sandler, LLP
                          By:  SHARON L. LEVINE
                          65 Livingston Avenue
                          Roseland, NJ  07068
                          (973) 597-2374

For Police and            Clark Hill, PLC
Fire Retirement           By:  ROBERT GORDON
System and                151 South Old Woodward, Suite 200
General Retirement        Birmingham, MI  48009
System of the City        (248) 988-5882
of Detroit:

For the UAW:              Cohen, Weiss & Simon, LLP
                          By:  BABETTE CECCOTTI
                          330 West 42nd Street, 25th Floor
                          New York, NY  10036
                          (212) 356-0227

For National              Sidley Austin, LLP
Public Finance            By:  JEFFREY E. BJORK
Guarantee Corp.:          555 West 5th Street
                          Los Angeles, CA  90013
                          (213) 896-6037

For Public Safety         Erman, Teicher, Miller, Zucker &
Unions:                      Freedman, PC
                          By:  BARBARA PATEK
                          400 Galleria Officentre, Suite 444
                          Southfield, MI  48034
                          (248) 827-4100

For Retired               Strobl & Sharp, PC
Detroit Police            By:  LYNN M. BRIMER
Members                   300 East Long Lake Road, Suite 200
Association:              Bloomfield Hills, MI  48304
                          (248) 540-2300
```

3

APPEARANCES (continued):

For David Sole:              Jerome D. Goldberg, PLLC
                             By:  JEROME GOLDBERG
                             2921 East Jefferson, Suite 205
                             Detroit, MI  48207
                             (313) 393-6001

For Retired                  Silverman & Morris, PLLC
Detroit Police and           By:  THOMAS R. MORRIS
Fire Fighters                30500 Northwestern Highway, Suite 200
Association and              Farmington Hills, MI  48334
Detroit Retired              (248) 539-1330
City Employees
Association:

For Syncora                  Kirkland & Ellis, LLP
Guarantee and                By:  STEPHEN HACKNEY
Syncora Capital              300 North LaSalle
Assurance:                   Chicago, IL  60654
                             (312) 862-2074

For Daniel                   Office of the United States Trustee
McDermott:                   By:  MARIA GIANNIRAKIS
                             201 Superior Avenue, Room 441
                             Cleveland, OH  44114
                             (216) 522-7800

For Michael                  MICHAEL J. KARWOSKI
Karwoski:                    In pro per
                             26015 Felicity Lndg.
                             Harrison Township, MI  48045
                             (313) 378-7642

For Dennis                   DENNIS TAUBITZ
Taubitz:                     In pro per

For Erste                    Ballard Spahr, LLP
Europaische                  By:  VINCENT J. MARRIOTT, III
Pfandbrief-und               1735 Market Street, 51st Floor
Kommunalkreditbank           Philadelphia, PA  19103-7599
Aktiengesellschaft           (215) 864-8236
in Luxemburg, S.A.:

For Financial                Weil, Gotshal & Manges, LLP
Guaranty Insurance           By:  ALFREDO PEREZ
Company:                     700 Louisiana, Suite 1600
                             Houston, TX  77002
                             (713) 546-5040

4

```
APPEARANCES (continued):

For U.S. Bank:        McDermott, Will & Emery, LLP
                      By:  WILLIAM P. SMITH
                      227 West Monroe Street, Suite 4700
                      Chicago, IL  60606
                      (312) 372-2000


Court Recorder:       Jane Murphy
                      United States Bankruptcy Court
                      211 West Fort Street
                      21st Floor
                      Detroit, MI  48226-3211
                      (313) 234-0068


Transcribed By:       Lois Garrett
                      1290 West Barnes Road
                      Leslie, MI  49251
                      (517) 676-5092


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

124

1          MR. HACKNEY:  Yes.

2          THE COURT:  Given the very restricted role that a

3    court plays in either reviewing the decision of a debtor to

4    assume or reject a contract or the decision of a debtor to

5    settle a dispute, why do you need discovery at all?

6          MR. HACKNEY:  So you've anticipated the first part

7    of our argument, your Honor, which was why we filed the

8    statement yesterday to express concerns that we had when you

9    take the proposed order that they have submitted to you and

10   the forbearance agreement and you lay them next to the Orion

11   agreement from the Second Circuit.  We have concerns that

12   that order would entail the Court making judicial findings,

13   judicial declarations that could foreclose the rights of

14   third parties, and you see --

15         THE COURT:  Okay.  If that's your concern, I will

16   assure you at the outset that my decision will be nothing

17   more than to approve the decision of the city to assume this

18   contract and enter into the settlement or disapprove of it.

19         MR. HACKNEY:  And that assurance is very helpful I

20   would say at the outset.  I would still say, though, your

21   Honor, that this is a sizeable transaction that the city is

22   proposing to potentially assume and perform under.  Whether

23   they can perform under it is obviously a subject of dispute

24   that I'll bracket, but whether or not this is within the

25   business judgment of both the city and potentially the