# THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____x

|  |  |  |
|---|---|---|
|  | : | **Chapter 9** |
| **In re:** | : | **Case No. 13-53846** |
| **CITY OF DETROIT, MICHIGAN**, | : | **Hon. Steven W. Rhodes** |
| Debtor. | : |  |
|  | : |  |
|  | : |  |

_____

### PETITIONER ROBERT DAVIS' REPLY TO RESPONDENTS' RESPONSES TO PETITIONER ROBERT DAVIS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER

PETITIONER, Robert Davis ("**Petitioner**"), by and through his attorney, Andrew A. Paterson, submits this, his Reply, in accordance with Local Rule 9014-1(e) to Respondents' Responses to Petitioner Robert Davis' Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order ("**Emergency Motion**") and states as follows:

1. On Thursday, August 15, 2013, the Respondents, state court defendants (Governor, Treasurer and the Local Emergency Financial Assistance Loan Board), filed with this Court their response to Petitioner's Emergency Motion and asserted therein that it was necessary for this Court's July 25, 2013 Stay Order to be clarified *to extend to* Petitioner's Open Meetings Act ("**OMA case**") civil action against the Respondents state court defendants. The Petitioner's OMA case is currently pending before Ingham County Circuit Court Judge William E. Collette ("**Judge Collette**").

2. Respondents state court defendants premised their argument to extend this Court's stay order, by claiming that Petitioner's OMA case will have an impact on the

Debtor's bankruptcy case pending before this court. This assertion rests entirely on the Petitioner complaint having sought the relief, *inter alia*, of the invalidation of the appointment, and the removal, of the state's Emergency Manager of the Debtor, Kevin Orr.

3. Debtor also filed its Response to Petitioner's Emergency Motion, on August 16, 2013 and it asserted essentially the same argument as the Respondents state court defendants.

4. Respondents' argument and assertion lack merit for the reasons hereinafter set forth.

5. Petitioner's OMA case is additionally seeking the state trial court's declaration that the Governor, Treasurer and the Local Emergency Financial Assistance Loan Board, violated many provisions of the OMA, when they searched, vetted and hired Kevyn Orr as the state's "Emergency *Financial* Manager" under the now former and repealed Public Act 72 of 1990 ("**Public Act 72**").

6. Under the now repealed Public Act 72, the state's "Emergency *Financial* Manager" had limited power and authority to address local units of government's financial emergencies.

7. Public Act 72 was repealed upon the enactment of Public Act 436 of 2012 ("**Public Act 436**"), effective March 26, 2013. Under Public Act 436, the state's "Emergency Manager" had enhanced statutory power and authority that included, e.g., the power to exercise all of the authority and power of the local elected officials; to unilaterally alter, amend, and change contracts; and upon the Governor's concurrence, the authority to file for Chapter 9 Bankruptcy for the Debtor.

8. Importantly, MCL 141.1549(10) of Public Act 436 automatically made an Emergency

Financial Manager under Public Act 72 an Emergency Manager under Public Act 436. It expressly provides therein:

> "An emergency financial manager appointed under former 1988 PA 101 or former 1990 PA 72, and serving immediately prior to the effective date of this act, shall be considered an emergency manager under this act and shall continue under this act to fulfill his or her powers and duties. Notwithstanding any other provision of this act, the governor may appoint a person who was appointed as an emergency manager under former 2011 PA 4 or an emergency financial manager under former 1988 PA 101 or former 1990 PA 72 to serve as an emergency manager under this act."

9. In fact, in anticipation of the new law, the Governor, entered into a new contract with Kevyn Orr to serve as "Emergency Manager" and no longer as "Emergency *Financial* Manager" upon Public Act 436 becoming effective March 26, 2013.

10. Today, Kevyn Orr is legally recognized only as an "Emergency Manger" under Public Act 436 and not as an "Emergency *Financial* Manager" under the repealed Public Act 72.

11. Kevyn Orr was legally serving as the "Emergency *Financial* Manager" under the former Public Act 72 on the date in which Public Act 436 became effective. On that date he thus became an Emergency Manager under Public Act 436. On that date Public Act 72 was no longer law. Petitioner's complaint had only sought to have Kevyn Orr's appointment invalidated as the "Emergency *Financial* Manager" under Public Act 72.

12. Accordingly, Respondents' claims that Petitioner's OMA case needs to be stayed by this Court because Petitioner is seeking the removal of Kevyn Orr as the "Emergency Manager" under Public Act 436 is simply not true. Petitioner has not sought to

invalidate Kevyn Orr's office of "Emergency Manager" under Public Act 436.

13. Petitioner's OMA case deals specifically, and only, with alleged violations that took place under the now repealed Public Act 72 -- not under Public Act 436. Therefore, Kevyn Orr cannot be removed as the "Emergency Manager" under Public Act 436 as a result of Petitioner's prayer for relief in his state action. Petitioner's OMA case simply does not address Kevyn Orr's appointment as the "Emergency Manager" under Public Act 436 and that is the statute he is operating under today.

14. Perhaps even more importantly, Judge Collette has stated, on the record July 24, 2013, in the Petitioner's OMA case, that he was not going to grant Petitioner's request for relief to invalidate or void any actions taken or made by the Local Emergency Financial Assistance Loan Board, including the appointment of Kevyn Orr as the "Emergency *Financial Manager*" under the now former Public Act 72. Additionally, Judge Collette even voiced his opinion that a person like Kevyn Orr was indeed needed for the City of Detroit. (**Petitioner's counsel will bring to the August 21, 2013 hearing the transcript from the July 24, 2013 hearing to show the Court that Judge Collette stated on the record that he was not going to grant any relief that would invalidate any of the decisions that were made by the Local Emergency Financial Assistance Loan Board, including the appointment of Kevyn Orr as the "Emergency Financial Manager" under the now former Public Act 72**).

15. To further address Respondents' concerns that Petitioner may appeal Judge Collette's ruling in this regard, Petitioner states to this Court that he is willing to stipulate not to appeal Judge Collette's ruling with respect to the invalidation relief issue. Petitioner

simply wants his OMA case litigated to conclusion. Such a stipulation would put to rest Respondents' meritless assertion that Petitioner's OMA case has the vague potential to somehow impact the Debtor's bankruptcy proceeding.

16. Therefore, it is clear that any decision that Judge Collette makes in Petitioner's OMA case will not impact these bankruptcy proceedings in any respect.

## CONCLUSION/PRAYER FOR RELIEF

Petitioner, Robert Davis, prays that the Court enter an order (a) clarifying that the Court's July 25, 2013 Stay Order does not extend to Davis' OMA Action, Ingham County Circuit Court Case No. 13-281-NZ; and (b) that Davis' OMA Action may proceed in the Ingham County Circuit Court to adjudication in an expeditious manner in accordance with the June 20, 2013 Order of the Michigan Court of Appeals.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)
Attorney for Petitioner Robert Davis
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED; August 16, 2013