THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――――――――――――――――――x
                                        :    Chapter 9
In re:                                  :    Case No. 13-53846
CITY OF DETROIT, MICHIGAN,              :    Hon. Steven W. Rhodes
          Debtor.                       :
                                        :
                                        :
―――――――――――――――――――――

**PETITIONER ROBERT DAVIS' REPLY TO DEBTOR'S RESPONSE TO PETITIONER ROBERT DAVIS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER**

Petitioner Robert Davis ("**Petitioner**") by and through his attorney, Andrew A. Paterson, files with the Court, pursuant to LBR 9014-1(e), his reply to Debtor's Response to Petitioner's Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order ("**Emergency Motion**") and states as follows:

1. On Friday, August 16, 2013, the Debtor, City of Detroit, filed with this Court their response to Petitioner's Emergency Motion asserting that it was necessary for this Court's July 25, 2013 Stay Order to extend to Petitioner's Open Meetings Act case Petitioner currently has pending("**OMA case**") before Ingham County Circuit Court Judge, William E. Collette ("**Judge Collette**"). Debtor's assumption is that Petitioner's OMA case could *potentially* lead to Petitioner, and perhaps others, arguing that the actions of the Emergency Manager Kevyn Orr could be invalidated by a state court decision. And, among the potential invalidated acts, the Debtor argues, could be Kevyn Orr's decision to seek the protection that the present Chapter

9 Bankruptcy case provides, through this Court.

2. Debtor's argument reveals only a lack of understanding of Michigan law. For the sake of argument, assuming *arguendo* Kevyn Orr's appointment did not comply with some necessary Michigan law and that he is therefore acting illegally under color of law. Were such circumstance to occur, Michigan law is clear. The Michigan *de facto officers doctrine,* as applied to public officers acting under the color of law, prohibits the invalidation of the actions taken by such public officers so acting under the color of law.

3. The *de facto doctrine* in Michigan law *validates*, on grounds of public policy and prevention of a failure of public justice, the acts of officials **who function under color of law, but whose incumbency is illegal in some respects**. *People v Townsend,* 214 Mich 267, 270; 183 NW 177 (1921), *People v Matthews,* 289 Mich 440, 447-448; 286 NW 675 (1939) (Emphasis added).

4. The doctrine was summarized in *People v Davis*, 86 Mich App 514, 522-523; 272 NW2d 707 (1978) where the Court of Appeals held:

> "The de facto doctrine will validate, on grounds of public policy and prevention of a failure of public justice, the acts of officials who function under the color of law.
>
> 'A person will be held to be a defacto officer when, and only when, he is in possession, and is exercising the duties, of an office; **his incumbency is illegal in some respect**; he has at least a fair color of right or title to the office, or has acted as an officer for such a length of time, and under such circumstances of reputation or acquiescence by the public and public authorities, as to afford a presumption of appointment or election, and induce people, without inquiry, and relying on the supposition that he is the officer he assumes to be, to submit to or invoke his action; and in some, although not all,

jurisdictions, only when the office has a de jure existence.'" (Authorities omitted.) (Emphasis supplied).

5. Thus, under the *de facto doctrine*, "a person actually obtaining office under a certificate of election [or appointment as is the case here], with the legal indicia of title, **is a legal officer until ousted**, so far as to render **his official acts as valid, as if his title were not disputed**." *Board of Wayne County Auditors v. Benoit*, 20 Mich 176 (1870). Also See, 29 Michigan Law & Practice, State, § 68. Pp. 98-99.

6. Kevyn Orr, while acting in his official capacity as the duly appointed "Emergency Manager" for the City of Detroit, under Public Act 436 of 2012, is a "public officer." See *Davis v Emergency Manager for the Detroit Pub School*, 491 Mich 899 (2012).

7. Therefore, Kevyn Orr, even if something with respect to his appointment were sufficiently deficient to invalidate it, would be considered a *de facto* officer and accordingly, the actions he takes could not be later challenged or invalidated, as the Debtor has erroneously asserted. Thus, all of the actions taken by Kevyn Orr while acting in his official capacity as "Emergency Manager" under Public Act 436 of 2012 would be valid and could not be invalidated by the courts, including, importantly, his action to seek Chapter 9 protection from this Court.

8. Debtor's argument is without merit. Michigan's *de facto doctrine* would prohibit the invalidation of any actions taken by Kevyn Orr as the "Emergency Manager", including, but not limited to, his decision to file the instant Chapter 9 Bankruptcy. Therefore, it is simply unnecessary to extend the Court's Stay Order to Petitioner's state OMA case. Petitioner's OMA case will have no impact whatsoever on the Chapter 9 proceeding.

## CONCLUSION/PRAYER FOR RELIEF

Petitioner, Robert Davis, prays that the Court enter an order (a) clarifying that the Court's July 25, 2013 Stay Order does not extend to Davis' OMA case being Ingham County Circuit Court Case No. 13-281-NZ; and (b) that Davis' OMA case, without the inhibition of the Court's July 25, 2013 Stay Order, may proceed in the Ingham County Circuit Court to adjudication in an expeditious manner in accordance with the June 20, 2013 Order of the Michigan Court of Appeals.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)_____
Attorney for Petitioner Robert Davis
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED; August 17, 2013