UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In re:  
CITY OF DETROIT, MICHIGAN,  
                         Debtor

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

---

**RUSS BELLANT'S RESPONSE AND OBJECTIONS TO NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9, NOTICE OF AUTOMATIC STAY AND PURPOSES OF CHAPTER 9, NOTICE OF DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CHAPTER 9 PETITION AND NOTICE OF CITY'S MOTION TO LIMIT NOTICE**

Russ Bellant, for his Response and Objections, respectfully states:

1. **The captioned bankruptcy proceedings should allow Citizens of the City of Detroit their full protection of assets and constitutional rights regarding the unlawful transfer of our public electrical utility to a private party. This Objection asserts that Governor Rick Snyder, Treasurer Andy Dillon, the State of Michigan, Emergency Manager Kevyn Orr and Restructuring Counsel Jones Day are using this bankruptcy proceeding to ignore State law and the Michigan Constitution and that they must be immediately restrained from implementing practices whose harm may be irremediable. This consideration should be immediate and not be delayed until the scheduled processing of the bankruptcy case.**

2. The Notice provides inadequate notice and opportunity to be heard by the date of August 19, 2013 when objections may be filed, according to its terms. The Notice was not received until August 12, 2013.

In support of these objections, Russell Bellant asserts the following:

3. That PA 436 of 2012, the statute that describes the powers of Emergency Managers, specifically bars emergency managers from unilaterally selling or transferring municipal utilities that provide heat, light or power. At MCL 141.1552(1)(ff)(4), PA 436 of 2012 states that "An emergency manager appointed for a city or a village shall not sell or transfer a public utility furnishing light, heat, or power without the approval of a majority of the electors of the city or village voting thereon, or a greater number if the city or village charter provides, as required by section 25 of Article VII of the state constitution of 1963."

4. Emergency Manager Kevyn Orr posted notice on June 27 on the City website that he will commence the transfer of the City of Detroit Public Lighting Department's (PLD's) customers to a private utility without approval of the public. These actions transfer the core element, the customers of the PLD, without which it cannot survive. This transfer of customers will be implemented by pulling the PLD meters from customers and replacing them with meters from a private utility, DTE. This transfer will still provide that the private utility will be allowed to use the PLD electrical grid for a period of years while it unlawfully appropriates their customers. PLD customers are not given a choice in this matter. This transference is expected to commence within 30 days.

5. This transferred loss of the core of PLD will cost the Citizens of Detroit and its customers more for electrical power supply, as the City will immediately lose millions of dollars in revenues annually that will be received by the private utility instead.

6. The City of Detroit purchases electrical power from DTE through a contract that has no rate table and thus allows DTE to set its own charges, which are believed to be as much as 50% above market rate. The PLD customers will still use the PLD electrical grid with the newly installed DTE meters at the end of the grid delivery point. Since DTE will now directly collect for electrical charges from these PLD customers, the DTE charge to the City should be reduced. But the City has no capacity to monitor these cost changes. Thus City taxpayers will have to rely on DTE to decide how much to reduce their electrical charges to the City due to these new meters. The taxpayers will have no ability to ascertain the accuracy and soundness of the DTE costs, which leaves us subject to financial abuse that the EM is supposed to end.

7. This objector requests that he and his representatives be allowed to present their arguments to this Honorable Court.

8. Additionally, the Governor and Legislature enacted PA 392 of 2012, MCL 123.1261, *et seq*, that transferred ownership or control of the street lighting system to an independent authority with the intention of dismantling PLD, without a vote of the people of Detroit.

9. The stated plan to eliminate PLD through actions under unwarranted PA 436 authority and the implementation of PA 392 will have the following deleterious effects on the financial condition of the City of Detroit and its General Pension Fund, including:

   a) The City will immediately lose millions of dollars annually in electricity sales revenues;
   b) The City will terminate employment for over one hundred PLD employees, further undermining the employee base that supports the General Pension Fund.

WHEREFORE, Russ Bellant respectfully requests that this court does not allow Governor Rick Snyder, Treasurer Andy Dillon or Emergency Manager Kevyn Orr to use the captioned bankruptcy proceedings to void state law and the Michigan Constitution and unilaterally bring to an end this critical public utility.

Respectfully submitted,

*Russ Bellant*

Russ Bellant
19619 Helen
Detroit, Michigan 48234
313-368-2148
russbellant@gmail.com

Dated: August 19, 2013