United States Bankruptcy Court
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

In re

**CITY OF DETROIT, MICHIGAN**

Debtor.  Case No. 13-53846

Chapter 9

---

**STEPHEN JOHNSON**

Plaintiff,

vs.

**CITY OF DETROIT, MICHIGAN**

Defendant.

Attorney Kevyn D. Orr

FILED 08/19/2013 8:28
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

---

**CREDITOR ELIGIBILITY OBJECTION**

Comes now, Stephen Johnson by and through pro se, and files this Letter objects to discharge of debtors pursuant to 11 USC § 523 (a)(18) - Exceptions to discharge; Bankruptcy Rule 3007-1 Objection to a Claim; and Letters to the Judge from pro se litigants to be treated as pleadings and docketed as such of the Federal Rules of Bankruptcy Procedure.

Page 1 of 5

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(j). In support of this Letter of Complaint, Stephen Johnson, Pro se would show the Court as follows:

1. The Creditor, Stephen Johnson, has served as a public service for more than 30 years with 3 years active and 3 years inactive military service with the United States Army, 4 years with the Detroit Board of Education, and more than 25 years with the City of Detroit.

2. After contributing to my City of Detroit deferred pension plan for more than 25 years I received less than $1,200 per month without medical benefits and other benefits paid to other pensioners.

3. More than twenty-two years of by service with the City of Detroit as a boiler inspector were in areas where flammable liquid and hazardous gas fumes permeated my surroundings. Severe and hazardous enough in two incidents to send me to the hospital. In spite of this I did not seek claims against the City of Detroit or upon owners of the sites where the accidents occurred.

4. When I retired the City of Detroit denied me medical coverage that was given to others. I and my wife was without medical coverage until she and I turned 65 years of ages. She is five years younger than I. I did not seek claims against the City of Detroit.

5. I have helped support my a daughter who husband abandoned her and her three children more than ten years ago. Even though now she is working she is unable to care for them without some assistance from me. A financial assistance that neither she nor I can make an IRS claim for tax relief.

6. Our son who was also helping with our daughter care of her children until becoming a victim of the recession of 2007–2009 now in search of employment is dependent on my support until he can find a job.

7. I am dependent on social security and the pension I receive from the city of Detroit for mortgage payments, auto payments, utilities, and other debts that takes me from paycheck to paycheck.

8. A reduction in my pension will place me and my spouse in hardship that may result in us filing for bankruptcy. We are not in a the same position as the City of Detroit, our debtor. Our debtor is able to generate revenue through levying taxes, collecting fines, selling assets, issuing bonds, receiving grants, and a host of other revenue producing means.

9. I and my spouse find ourselves without the financial power or the ability to defend our person, financial state, and property against the might of our debtor that through public display and possible through manipulation of the facts seeks to deprive us of means of life support.

10. The City of Detroit with revenue generating potential, is a self-sustaining entity even though at times it has to undergo self-policing of its finances. As a boiler inspector I help secure the City of Detroit citizens and businesses from loss of life, limb and property for more than 20 years often under high stress, low pay, pay cuts, job related injuries and sickness to receive a retirement without benefits. Now at the age of 73, I would not be able to support myself and spouse if my City of Detroit monthly pension was reduced. I gave up higher wage offers from other companies to remain with the City of Detroit with assurance from the City of Detroit that under my defined pension plan I would receive a a monthly pension amount guaranteed throughout my retirement that was protected by the State of Michigan's Constitution of 1963, Section 10: "no bill of attainder, ex post facto law or law impairing the obligation of contract shall be enacted."

11. Even though there is federal preemptive power, the Constitution of Michigan of 1963, Sec. 10 should prevail in light of stare decisis, Ashton v. Cameron County District, 298 U. S. 513,

distinguished. P. 304 U. S. 49; if not to preserve the contract rights as expressed under Tenth Amendment of the US Constitution; Summary of the argument" In the U.S. Supreme Court case, *Caperton v. Massey*, Massey, " and if the Court though federal preemptive rights were to allow discharge of a Detroit pension contract quasi protected under the state of Michigan's Constitution it would seemingly adopt a multi-factored amorphous due process rule. A rule with the potential of a number of likely consequences that could lead to decreased public confidence in the judiciary. It could endanger collegiality by creating the opportunity for political gamesmanship between different ideological factions on a court. Opponents against state constitutions, state courts and state subordinate government jurisdictions' could undermine the autonomous rights to govern. By importing a multi-factored due process notion would create a tool for litigants to use to undermine the people's democratically expressed preference for a certain type of judicial philosophy and a certain type of democratic government.

12. It could wreak havoc with stare decisis as special litigants would be able to create different compositions of a court by selectively targeting judges whose judicial philosophy they deemed sufficiently congenial to their cause. By using the preemptive rights of federal courts over lower court litigants would be able to create a jurisprudence that would diverge from that which would have otherwise emerged from the court's duly elected judges.

13. The initial goal of bankruptcy is to relieve an "individual" of unmanageable debt and, through the use of the allowed exemptions, to leave the individual with the means to support himself or herself and family. If the Court grants the City of Detroit a discharge of my

pension it would leave me and my spouse in an unmanageable debt position that could lead us to filing for bankruptcy. While the debtor, City of Detroit, having a perpetual means of generating revenue would avoid a contractual obligation by circumventing articles of the Michigan Constitution and those of the US Constitutions.

Date: August 19, 2013     Signature: _____
                          Name: STEPHEN JOHNSON
                          Address: 31354 Evergreen Road
                          Beverly Hills, MI 48025