**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 9 |
| ) | |
| CITY OF DETROIT, MICHIGAN, ) | Case No. 13-53846 |
| ) | |
| Debtor. ) | Hon. Steven W. Rhodes |
| ) | |

### *EX PARTE* MOTION OF THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' FOR AN ORDER AUTHORIZING IT TO FILE AN OBJECTION IN EXCESS OF PAGE LIMIT

The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**City**" or "**Debtor**") non-uniformed retired employees (the "**Retired AFSCME Employees**"), and about 2,523 active City employees (the "**Active AFSCME Employee**", or about seventy percent (70%) of the active non-uniformed union-represented employees, and together with the Retired AFSCME Employees, collectively, the "**AFSCME Detroit Employees**") -- through its counsel hereby moves the Court *ex parte* for the entry of an order authorizing AFSCME to file an objection brief (the "**Objection Brief**") in excess of 25 pages (to the extent the AFSCME is so limited by Local Rule) to (I) the City's eligibility for relief under chapter 9 of the Bankruptcy Code and (II) (A) *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10] (the "**Statement of Eligibility**"); (B) *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14] (the "**Eligibility Brief**"); and (C) declarations

of Kevyn D. Orr [Docket No. 11], Gaurav Malhotra [Docket No. 12] and Charles M. Moore [Docket No. 13] (collectively, the "**Eligibility Declarations**") in excess of 25 pages.

1. On July 18, 213 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 9 of the Bankruptcy Code.

2. Also on the Petition Date and thereafter, the Debtor filed the Statement of Eligibility, Eligibility Brief, and the Eligibility Declarations (collectively, the "**Eligibility Documents**").

3. By the Eligibility Documents, the Debtor asserts its qualifications to be a debtor under section 109(c) of the Bankruptcy Code. For reasons that will be explained in detail in AFSCME's Objection Brief, AFSCME challenges, among other things, the Debtor's qualifications under section 109(c) and seeks to have this proceeding dismissed.

4. Separate and apart from AFSCME's challenges to the Debtor's qualifications under section 109(c), and again for reasons that will be more fully developed in AFSCME's Objection Brief, AFSCME argues that chapter 9 of the Bankruptcy Code is itself unconstitutional as a violation of state sovereignty and should be struck down. Such Constitutional arguments, along with the related considerations of standing and jurisdiction, must be closely considered and resolved before the Court can proceed to the merits of the instant dispute.

5. Rule 9014-1(e) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan provides a 20 page limit to briefs filed in opposition to certain identified proceedings, but does not include any page limitation on a brief filed in opposition to a Debtor's eligibility under Chapter 9 of the Bankruptcy Code.

6. Rule 7.1(d)(3)(A) of the Local Rules for the United States District Court for the Eastern District of Michigan ("**Rule 7.1(d)(3)(A)**") provides that the text of a response brief, including footnotes and signatures, may not exceed 25 pages.

7. AFSCME respectfully submits that, to the extent Rule 7.1(d)(3)(A) is applicable to the Objection Brief, AFSCME requires more than 25 pages to adequately address the panoply of state and federal constitutional and other legal issues relevant to this proceeding and to chapter 9 of the Bankruptcy Code generally. AFSCME must also address grave concerns with respect to the City's (i) lack of eligibility for chapter 9 under the requirements of section 109(c) of the Bankruptcy Code, and (ii) bad faith filing under section 921(c) of the Bankruptcy Code. Such matters require careful, detailed and extensive factual and legal briefing and cannot be constrained to any page limit proscribed by the local rule.

8. Furthermore, the requested relief is necessary to allow AFSCME to respond to the over sixty (60) pages of argument submitted in the Debtor's Eligibility Brief, plus numerous other Eligibility Documents. Under the constraints of the local rule, if applicable, AFSCME cannot possibly respond to the volume of arguments presented, while also addressing the serious questions referenced above. Accordingly, and in the interests of due process, AFSCME should be granted permission to file an overlength Objection Brief to ensure that all relevant arguments on the important issues presented in this proceeding are adequately developed for the Court's consideration.

**WHEREFORE**, AFSCME respectfully requests that this Court: (1) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief sought herein; and (ii) grant such other and further relief to AFSCME as the Court may deem proper.

Dated: August 19, 2013

        **LOWENSTEIN SANDLER LLP**
        By: /s/ *Sharon L. Levine*
        Sharon L. Levine, Esq.
        Wojciech F. Jung, Esq.
        Philip J. Gross, Esq.
        65 Livingston Avenue
        Roseland, New Jersey 07068
        (973) 597-2500 (Telephone)
        (973) 597-6247 (Facsimile)
        slevine@lowenstein.com
        wjung@lowenstein.com
        pgross@lowenstein.com

        -and-

        Herbert A. Sanders, Esq.
        THE SANDERS LAW FIRM PC
        615 Griswold St., Suite 913
        Detroit, MI 48226
        (313) 962-0099 (Telephone)
        (313) 962-0044 (Facsimile)
        hsanders@miafscme.org

        -and-

        Richard G. Mack, Jr., Esq.
        Miller Cohen, P.L.C.
        600 West Lafayette Boulevard
        4th Floor
        Detroit, MI 48226-3191

        *Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

-5-

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1         Proposed Form of Order

**EXHIBIT 1**

| | |
|---|---|
| In re: | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

### *EX PARTE* ORDER AUTHORIZING THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' TO FILE AN OBJECTION IN EXCESS OF PAGE LIMIT

This matter coming before the Court on the e*x parte* motion (the "**Motion**") of the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") for an order authorizing it to file an Objection Brief[1] in excess of page limit, filed by AFSCME; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. AFSCME may file its Objection Brief in excess of 25 pages.

Signed on _____

                                                                 Steven Rhodes
                                                                 United States Bankruptcy Judge

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.