UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re											Chapter 9
City of Detroit,									Case No. 13-53846
        Debtor							Hon.: Steven W. Rhodes
_____/

## OBJECTION TO DEBTOR ELIGIBILITY

NOW COMES, Creditor Dennis Taubitz in pro per and for his Objection states as follows:

**1.  The Court's Deadlines Constitute Denial of Due Process**

Due Process consists of fair notice and a fair hearing before a competent tribunal. The deadlines referenced in the

Notice of Commencement of Case Under Chapter 9, Notice of Automatic Stay And Purposes of Chapter 9, Notice of Deadline and Procedures for Filing Objections to the Chapter 9 Petition And Notice of City's Motion to Limit Notice (See Exhibit A)

Are a violation of all the Creditor's due process rights and the undersigned in particular. The deadline set forth by this Court violates at least two (2) of the three elementary principles of due process. The Creditor submits that the due process rights of at least 30,000 creditors are being violated.

Although the Court notice was apparently back dated to August 6, 2013, it was not received until August 13, 2013 (See Exhibit B) The Court notice set August 19, 2013 as the date to file objections to the Debtor's Eligibility and August 23, 2013 as the deadline to serve written discovery requests. This Creditor submits that six (6) days notice is not fair notice, particularly when this Creditor is traveling out of state for five (5) of those six days. Further, this Creditor submits that the deadline set forth

1

by the Court and by the Debtor's Motion ensures that at least some if not all of the Creditors will be denied a fair hearing. These unreasonable deadlines and attempt to limit or deny notice to creditors has all the earmarks of a kangaroo court, and certainly bring into question the third principle of due process by a competent tribunal.

The Debtor has approximately 100,000 creditors. By providing only six (6) days notice, one is ensuring that most of the creditors will not be able to voice their objections or even have the time to seek legal counsel. This is patently unfair and unquestionably a denial of due process. As to this Creditor, six (6) days notice, when five (5) of those days the Creditor is traveling out of state is without question a denial of due process.

Moreover, the Debtor's effort, with this Court's concurrence, to limit notice and to not provide notice to a "certain class of creditors" is a further indication of a consorted effort by the Debtor and the Court to deny due process to the Creditors who are all listed on the matrix who should all be supplied with notice. Indeed, it is the intent of the Debtor and this Court to cram down the City's Plan on all creditors. Due process therefore dictates that all creditors receive all of the notices. Indeed, Courts are to ensure that all litigants receive due process, no mater how large or small their claim may be.

Moreover, it is worth noting that this Court only provided 100,000 creditors with 6 days notice to obtain legal counsel if necessary, and to file an objection to the eligibility of the Debtor, while the Debtor who is already represented by at least three (3) attorneys from the Jones Day law firm are afforded three (3) weeks to respond to

2

the objections. Indeed, it is clearly unfair for the creditors of be afforded only six (6) days to respond to the Debtor's Notice, while the Debtor which already being represented by counsels to be given ample time of three (3) weeks to respond to the objections.

This Creditor submits that clearly the Court's imposed deadlines are a denial of the due process rights of the creditors, and this creditor in particular as this creditor is traveling out of state on five (5) of the six (6) days.

## II. The Debtor is not Insolvent

Although the Debtor claims to be insolvent, this Creditor submits that it is not. The Debtor has failed to submit any audit or accounting that would support this assertion.

Indeed, the evidence is directly to the contrary. The Debtor owns an art collection of which there has been no attempt to evaluate, let alone sell before the premature filing of this Chapter 9 bankruptcy. In any event, the art collection located in the Detroit Institute of Arts (DIA) is conceivably worth more than a billion dollars. Debtor made no attempt to even determine the value of the art collection before filing bankruptcy. Further, no attempt was made to sell the building or even provide an estimate of its worth. Moreover, the land the DIA sits on has not been sold, nor has the Debtor even bothered to list the property for sale or even place a value on the land.

The Debtor owns an island park named Belle Isle that reportedly was worth a billion dollars or more. However, Debtor has made no attempt to list this property

3

or even place an evaluation on this property. Moreover, this Debtor owns numerous properties, both real and personal, including the City Airport and motor vehicles including buses, none of which have been included in any attempt to evaluate the Debtor's claim of insolvency.

Furthermore, Debtor claims it owes long term liabilities of $18 billion. Debtor's assertion of this is questionable at best. Debtor, through its Emergency manager Kevyn Orr (Orr) failed to use accepted accounting practices and claims that the Debtor's two (2) pension funds are under funded by $3 billion. Orr has failed to provide legitimate accepted support for his rate of return that is at variance with accepted practices, and indeed is at variance with that used by the State of Michigan for its pension fund.

Simply stated, Debtor has the burden of proof and has blatantly failed to offer sufficient proof to support a claim of insolvency.

### III. Debtor Has Failed To Negotiate In Good Faith

Debtor has failed to negotiate in good faith. The Debtor filed its Chapter 9 bankruptcy petition on July 18, 2013. This Creditor is listed as a creditor, and this Creditor emphatically states that the Debtor and Orr are liars when they claim to have negotiated in good faith with all of the creditors. There are approximately 100,000 creditors. Orr has been the Emergency manager for over five (5) months. He cannot possibly have negotiated in good faith with 100,000 different creditors.

4

Indeed, this Creditor submits that not only has Orr and Debtor not negotiate in good faith, they did not negotiate at all with the Debtor's 21,000 retirees, and they have ultimately failed to meet with, communicate with or negotiate with this Creditor in any manner whatsoever. (See Affidavit of Creditor Exhibit C). Orr utterly failed to negotiate with 21,000 retirees, completely negating his assertion that he negotiated in good faith.

Simply stated regarding this Creditor and 21,000 other creditors similarly situated, the Debtor failed to negotiate period. This Creditor submits that having no negotiation can never constitute negotiating in good faith. This creditor further submits that neither Orr nor the Debtor ever negotiated in good faith with anyone.

Further, it must be noted that no entity such as a union represents the 21,000 retirees who are listed as creditors. Even if the retiree formerly belonged to the labor union, once their retirement from the Debtor became effective, they no longer had a vote in any union election or vote. They were no longer represented by their former labor union. Consequently, Orr cannot validly or legally claim that any negotiation he claims to have had with unions consisted of good faith negotiations with this creditor or any other retiree.

### Conclusion

The Debtor is not entitled to Chapter 9 bankruptcy relief as they have failed to meet the legal prerequisites. The Debtor is not entitled to a "fresh start".

First, the Debtor and this Court's conduct is a denial of due process.

Second, the Debtor has failed to put forth sufficient evidence to carry their burden with regard to their alleged insolvency. The Debtor still owns and has no

5

13-53846-tjt    Doc 446    Filed 08/19/13    Entered 08/19/13 13:59:13    Page 5 of 6

intentions of parting with assets that should be valued at multiple billions. Debtor, by their misstatement, has fraudulently attempted to mislead the Court regarding the liabilities and assets of the Debtor.

Third, the Debtor and Orr have utterly failed to negotiate at all with the creditors and the 21,000 retirees. This utter failure cannot and should not be rewarded with a categorization of having "negotiated in good faith".

Finally, Orr and the Debtor have attempted to commit fraud upon the Court with their blatant and obviously false declaration regarding the alleged insolvency of the Debtor and its alleged food faith negotiation.

WHEREFORE, based on the foregoing, this Creditor respectfully requests that this Honorable Court deny the Debtor Chapter 9 bankruptcy relief.

Respectfully submitted,

/s/ Dennis Taubitz
Dennis Taubitz
In Pro Per
Creditor
4190 Devonshire Rd.
Detroit, MI 48226
(313) 632-9150