

FILED

2013 AUG 19 P 2: 20

U.S. BANKRUPTCY COURT
E.D. MICHIGAN DETROIT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
|               Debtor | Hon. Steven W. Rhodes |

### THOMAS STEPHENS' RESPONSE AND OBJECTIONS TO NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9, NOTICE OF AUTOMATIC STAY AND PURPOSES OF CHAPTER 9, NOTICE OF DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CHAPTER 9 PETITION AND NOTICE OF CITY'S MOTION TO LIMIT NOTICE

Thomas Stephens, for his Response and Objections, respectfully states:

1. **The captioned bankruptcy proceedings should be stayed, and this Honorable Court should formally request expedited consideration of all pending litigation raising legal and constitutional challenges to the underlying authority of Governor Rick Snyder, Treasurer Andy Dillon, the State of Michigan, Emergency Manager Kevyn Orr and Restructuring Counsel Jones Day**, including but not limited to *Phillips, et al v Snyder, et al, Case No. 2:13-cv-11370* (HON. GEORGE CARAM STEEH*),* **before proceeding with the bankruptcy case.**

2. The Notice provides inadequate notice and opportunity to be heard by the date of August 19, 2013 when objections may be filed, according to its terms. The Notice was not received until August 13, 2013.

In support of these objections, Thomas Stephens asserts the following:

3. As alleged in *Phillips, et al v Snyder, et al, Case No. 2:13-cv-11370* (HON. GEORGE CARAM STEEH*),* the State of Michigan, Governor Rick Snyder, Treasurer Andy Dillon and Emergency Manager Kevyn Orr and Restructuring Counsel Jones Day acting as their agents and as the illegitimate and unconstitutional government of the City of Detroit are violating the United States Constitution, as well as the Constitution of the State of Michigan and other applicable laws, *inter* alia, in the following ways:

    a. Abridging First Amendment rights;
    b. Deprivation of liberty and property without Due Process of Law;
    c. Equal Protection of the Law;

d. Voting Rights discrimination;

e. State Constitutional violations, including but not limited to separation of powers and local charter violations of state constitutional rights;

f. Republican Form of Government violations;

g. Impairment of the obligation of contracts and right to collective bargaining violations; and

h. Thirteenth Amendment violations.

4. Proceeding with the bankruptcy before resolution of the underlying constitutional and legal issues regarding the authority and unlawfulness of the actions and policies challenged in the pending litigation, including but not limited to *Phillips, et al v Snyder, et al, Case No. 2:13-cv-11370* (HON. GEORGE CARAM STEEH*)* (hereinafter "the pending litigation"), would exceed the lawful jurisdiction and purposes of bankruptcy under Chapter 9 and unjustly prejudice the rights of Detroit residents, including but not limited to the named plaintiffs in the pending litigation and Thomas Stephens.

5. In the interests of fair, effective and just adjudication and protection of all legal and constitutional rights and interests at issue, the underlying issues of authority and alleged legal and constitutional violations in the pending litigation should be resolved before proceeding with the bankruptcy, to avoid unlawful and unconstitutional extension of the jurisdiction and authority of the bankruptcy court under Article III of the United States Constitution, and to the unjust and unfair prejudice of the rights of plaintiffs in the pending litigation and others to have those issues addressed in court, before proceeding prejudicially and unlawfully under Chapter 9.

6. It should be noted Emergency Manager Kevyn Orr has stated in writing to his partners at restructuring counsel Jones Day that Michigan's Public Act 436, the statutory basis for his actions in filing this Chapter 9 bankruptcy action, is "subject to questions about the authority of the" legislature to enact it and the Governor's authority to sign it; that the challenged statute in the pending litigation "is a clear end-around the prior initiative that was rejected by the voters in November" 2012; and that the statute "provides the thin veneer of a revsion [sic] [but] it is essentially a redo of the prior rejected law and appears to merely adopts [sic] the conditions necessary for a Chapter 9 filing." (attached e-mail messages from Kevyn Orr to his partners at Jones Day)

7. It should further be noted that at the time Emergency Manager Kevyn Orr made the above-quoted admissions regarding the potential lack of valid legal authority under Public Act 436, he was employed as a partner in the law firm of Jones Day, and was simultaneously communicating with state officials and negotiating the general terms of both his appointment as emergency manager of the City of Detroit, and Jones Day's contract as restructuring counsel. (See, e.g., Orr to Brogan and Ball, January 31, 2013, attached)

8. Defendants in the pending litigation, Kevyn Orr and Jones Day negotiated the joint appointment and retention of Orr and Jones Day as Detroit's government, with extraordinary 'emergency' powers and without any effective checks or balances at all. The unethical conflicts of interest implicated by these facts and the interests of Jones Day and its clients, including but not limited to Bank of America/Merrill Lynch – a counter party to interest rate swaps with the City of Detroit – are inescapable; and in light of the allegations in the pending litigation they raise issues of constitutional dimension that are outside the scope of this Chapter 9 proceeding.

9. As an example of the substantial prejudice to the legal and constitutional rights of residents of the City of Detroit from premature bankruptcy proceedings and overly broad application of the stay to other pending litigation, Detroit's Chief Compliance Officer and former Council President Pro Tem Gary Brown, Jones Day founding restructuring partner David G. Heiman and other city officials and contractors, in the presence of Thomas Stephens, created a public document in the form of a video and audio recording of a meeting in the city council chambers on April 5, 2013, in which the general outlines of the restructuring process were outlined in far more detail than anywhere else publicly. Said recording has been formally requested under the Michigan Freedom of Information Act in the pending case of *Guyette v. City of Detroit, Wayne County Circuit Court Case. No. 13-009153-CZ (July 12, 2013)* (HON. JOHN H. GILLIS, JR.), an action that has been stayed by filing the Chapter 9 bankruptcy, unjustly depriving the public and plaintiff news media representative of access to information not otherwise available about the nature of the restructuring, in violation of the First Amendment. It should be noted that this public document was officially requested on April 22, 2013, and has been unlawfully withheld. Moreover, Thomas Stephens' contemporaneous notes from that meeting were formally submitted 'for the record' at the statutorily required "public informational meeting" conducted by Kevyn Orr on June 10, 2013. However, there is no official written record of anything submitted either at that ostensibly "public informational" meeting, which itself was an extreme violation of First Amendment and Due Process rights of residents of the City of Detroit, or of the April 5 meeting where much of the "restructuring" program was explained in a public record audio and video disc.

10. Other examples of violations of constitutional and legal rights of people of the City of Detroit and the State of Michigan that may be caused by prematurely proceeding with this bankruptcy before resolution of the issues in the pending litigation include potential loss of rights under local charters, collective bargaining agreements, pension systems and other legal rights and obligations, including legal rights in communities other than Detroit that are not legitimately at issue in Detroit's Chapter 9 bankruptcy proceeding.

11. Subjecting the people of Detroit to Kevyn Orr's one-man rule, assisted by his law firm as 'restructuring counsel,' violates the most fundamental principles of constitutional governance under the rule of law. This unprecedented form of local government and comprehensive restructuring of the City with a law firm acting as local government faces no mechanism of accountability whatsoever toward the people of Detroit. Indeed, insulating local government from the will (and the wrath) of the local voters is a central purpose of Public Act 436, but doing so in Detroit by putting Kevyn Orr and his law firm in charge of the City's restructuring is another significant level of unconstitutionality that should be addressed before proceeding with this bankruptcy.

12. Public Act 436 and appointment of Kevyn Orr and Jones Day as the City of Detroit's local government with emergency powers violates the United States Constitution in ways that should be litigated before proceeding with bankruptcy, including but not limited to:

   a. Permitting Kevyn Orr to act for and in the place and stead of the local governing body of Detroit and to assume all the powers and authority of the local governing body and local elected officials. See provisions including but not limited to MCL §141.1549, §141.1550, and §141.1552;

   b. Vesting the full powers of the local government of the City of Detroit, legislative, executive, administrative, police power, taxing power, powers to sue and be sued, to sell, lease, or purchase assets, to make governmental decisions regarding economic development, public safety, environmental health and, without limitation, all other powers of local government, concentrated and held by a single entity represented by Kevyn Orr and the Jones Day law firm;

   c. Concentrating all local government powers in this way in a single entity abridges the rights of people who are citizens and residents of the City of Detroit to engage in core protected First Amendment activities to petition government, to organize, assemble, engage in political, social and economic activities to advance their views and interests;

   d. Allowing concentration of all local government powers in this way in a single entity, offering opportunities to Kevyn Orr, Jones Day and their clients to exploit, profit, sell, lease, purchase, develop, contract and otherwise use their powers of local government for their own private and political as well as economic benefit, and that of their clients and associates, with no significant check or balance because of the disenfranchisement of residents of the City of Detroit from participation in any of the decisions of local government, in violation of the First Amendment and the State Constitution.

13. These violations of Detroit residents' fundamental constitutional rights are not hypothetical. Daniel Baxter, Director of Elections for the City of Detroit has

publicly stated that with 54 verified candidates for seven district seats and two at-large spots, the [Detroit City Council 2013 primary election] field is thin compared to the past two primary election cycles... There were about 240 verified candidates seeking seats on the council in 2009 and about 135 in 2005, he said. **"Many people have concluded that it's ultimately the responsibility of the emergency manager to run the city, as opposed to a 'council,' " Baxter said. "Most of the authority vested in them has been placed in the hands of the emergency manager. As a consequence, many would-be candidates decided not to run for City Council."[1]** (emphasis added)

14. Before Defendants in the pending litigation imposed what may most accurately be referred to as 'the Jones Day form of government' on the City of Detroit, Detroit's residents were represented by elected officials subject to the City Charter, ordinances and the State Constitution and laws, including the Home Rule Cities Act. Other Michigan cities have similarly had their legal rights to participate and hold local officials accountable violated, and the constitutionality of those actions is at issue in the pending litigation as well. But no other city in Michigan has had a major law firm imposed on it as its *de facto* local government, including the law firm's ongoing fiduciary duties to major corporate clients, at least one of whom is in direct conflict with the City in terms of the core restructuring work for which the law firm has been retained. This is the negation of the fundamental relationship between citizens and government envisioned by the constitution, including but not limited to the First Amendment. It is unlawful. At a minimum, it raises genuine and extremely important issues of that must be litigated in an Article III court before proceeding with this Chapter 9 bankruptcy.

WHEREFORE, Thomas Stephens respectfully requests that the captioned bankruptcy proceedings should be stayed, and this Honorable Court should formally request expedited consideration of all pending litigation raising legal and constitutional challenges to the underlying authority of Governor Rick Snyder, Treasurer Andy Dillon, the State of Michigan, Emergency Manager Kevyn Orr and Restructuring Counsel Jones Day, including but not limited to *Phillips, et al v Snyder, et al, Case No. 2:13-cv-11370* (HON. GEORGE CARAM STEEH*)*, before proceeding with the bankruptcy case.

---

[1] From The Detroit News:
http://www.detroitnews.com/article/20130802/METRO01/308020039#ixzz2aolBa4aE

Respectfully submitted,

*Thomas Stephens*

Thomas Stephens
4595 Hereford
Detroit, Michigan 48224
586.419-9230
thomasstephens2043@sbcglobal.net

Dated: August 19, 2013

From: CN=Kevyn Orr/O=JonesDay
Sent: 1/31/2013 3:45:47 PM
To: CN=Corinne Ball/O=JonesDay@JonesDay
CC: "Stephen Brogan" <sjbrogan@jonesday.com>
Subject: Re: D

CB,

Thank you for thinking about alternative ways to skin this cat. But I don't
think we should look at this right now for at least two reasons. First, the
state already has EMs appointed or five cities  and four school districts. I
wouldn't want it to seem like I have a special deal.  Second, in thinking about
the EM position I went back and looked at the SIGTARP legislation and the
federal law authorizing the creation of the D.C. Control Board in 95.  Both
gave those managers tremendous powers, but neither was subject to questions
about the authority of the Congress to enact them and the President's authority
to sign them into law.  By contrast Michigan's new EM law is a clear end-around
the prior initiative that was rejected by the voters in November.  The new EM
law gives local governments four choices to fix their financial emergency:

Consent Agreement, in which local leaders remain in charge but must meet
certain conditions in an agreement negotiated with the state (Detroit is
already under a CA and it sounds like it's not working);
A state appointed EM that has broad authority over local finances;
Chapter 9 bankruptcy with the Governor's approval; and
Mediation, in which the local government and interested parties meet with a
neutral party to resolve financial issues, such as employee contracts (this is
essentially required to file a Chapter 9 petition).

So although the new law provides the thin veneer of a revsion it is essentially
a redo of the prior rejected law and appears to merely adopts the conditions
necessary for a chapter 9 filing.  The news reports state that opponents of the
prior law are already lining up to challenge this law.

Nonetheless, I'm going to speak with Baird in a few minutes to see what his
thinking is.  I'll let you know how it turns out.  Thanks.

Kevyn

Kevyn D. Orr
51 Louisiana Ave. NW, Washington, DC 20001-2113 • Direct: 202.879.5560 • Fax:
202.626.1700 •
Cell: [ Redacted ] • korr@jonesday.com


From:    Corinne Ball/JonesDay
To:      "Kevyn Orr" <korr@jonesday.com>
Cc:      "Stephen Brogan" <sjbrogan@jonesday.com>
Date:    01/31/2013 08:10 AM
Subject:     D


Kevyn--

Food for thought for your conversation with Baird and us --
I understand that the Bloomberg Foundation has a keen interest in this area. I

From: CN=Kevyn Orr/O=JonesDay
Sent: 1/31/2013 5:23:09 PM
To: CN=Stephen J. Brogan/O=JonesDay;CN=Corinne Ball/O=JonesDay@JonesDay
Subject: Re: D

I had a good conversation with Rich Baird this morning. I explained that
although I was interested in the job, there are a number of reasons (not
wanting to leave the firm and familial constraints) that made it impractical
for me to do so. He suggested that I give it some additional consideration and
if, upon reflection, I could say that there was a glimmer of hope that I would
take the job, then I should at least take the next step of meeting the
Governor, Lt. Governor and the rest of the team. We agreed to get back in
touch next week. He also mentioned that irrespective of whether I take the
job, as far as he's concerned, he liked our presentation and is pulling for us
to represent the city. I then reiterated that even if I did not take the EM
position, I and the firm are committed to working in lockstep with the city and
I would be more than willing to undertake any role in this respect.

Kevyn D. Orr
51 Louisiana Ave. NW, Washington, DC 20001-2113 • Direct: 202.879.5560 • Fax:
202.626.1700 •
Cell: Redacted • korr@jonesday.com

From: Corinne Ball/JonesDay
To: "Kevyn Orr" <korr@jonesday.com>
Cc: "Stephen Brogan" <sjbrogan@jonesday.com>
Date: 01/31/2013 08:10 AM
Subject: D

Kevyn--

Food for thought for your conversation with Baird and us --
I understand that the Bloomberg Foundation has a keen interest in this area. I
was thinking about whether we should talk to Baird about financial support for
this project and in particular the EM. Harry Wilson--from the auto task
force--told me about the foundation and its interest. I can ask Harry for
contact info--this kind of support in ways "nationalizes" the issue and the
project.

----------------
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege. If
you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be
corrected.
----------------------

CONFIDENTIAL

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IN RE: City of Detroit, Michigan

**Debtor.**

CASE NO: 13-53846
CHAPTER: 9
JUDGE: Steven W. Rhodes

## CERTIFICATE OF SERVICE

I hereby certify that on _____ (date of mailing), I served

copies as follows:

1. Document(s) served:

   Thomas Stephens' Response and Objections to Notice of Commencement of Case Under Chapter 9, Notice of Automatic Stay and Purposes of Chapter 9, Notice of Deadline and Procedures

2. Served upon [name and address of each person served]: For Filing Objections to the Chapter 9 Petition and Notice of City's Motion to Limit Notice

3. By First Class Mail.

Dated: _____

_____
(Signature of Debtor)

Print Name: Thomas Stephens

_____
(Signature of Co-Debtor)

Print Name: _____