345p    8/19/2013         (313) 645-3101

To: U.S. Bankruptcy             From: Gretchen R. Smith
Court Eastern Dist. of          xxxx7032
Mich Southern Division          3901 Grand River Ave #913
Chapter 9 Case No. 13-53846     Detroit, Michigan 48208
Hon. Steven W. Rhodes

I am filed an

(1) I objection, because Kevyn Orr is a state agent. Only a city employee can file bankrupcey.

(2) I had no unpaid debts on file with the city. My (all money) careproviding/replacement services, lost wages, medical bills and pain & suffering from a city bus accident lawsuit is unsecured.

(3) I object because Mr. Orr did not negotiate in good faith.

FILED
2013 AUG 19 P 4:09
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

Sincerely,
Gretchen R. Smith
Gretchen R. Smith

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

------------------------------------------------------------x
In re                                    :    Chapter 9
CITY OF DETROIT, MICHIGAN,               :    Case No. 13-53846
                        Debtor.          :    Hon. Steven W. Rhodes
------------------------------------------------------------x

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9, NOTICE OF AUTOMATIC STAY AND PURPOSES OF CHAPTER 9, NOTICE OF DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CHAPTER 9 PETITION AND NOTICE OF CITY'S MOTION TO LIMIT NOTICE**

**TO ALL CREDITORS OF THE CITY OF DETROIT, MICHIGAN, AND TO OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

*Commencement of Chapter 9 Case*

1. On July 18, 2013, the City of Detroit, Michigan commenced a case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Bankruptcy Court"). The City's Chapter 9 Case was commenced pursuant to an order issued by Kevyn D. Orr, in his capacity as emergency manager of the City (in such capacity, the "Emergency Manager") under section 18 of Public Act 436 of 2012 ("PA 436"). The Chapter 9 Case is pending before the Honorable Steven W. Rhodes, United States Bankruptcy Judge.

*Automatic Stay*

2. Pursuant to sections 362 and 922 of the Bankruptcy Code, the filing of the City's chapter 9 petition operates as an automatic stay of actions against the City, including, among other things: (a) the enforcement of any judgment; (b) any act to obtain property from the City; (c) any act to create, perfect or enforce any lien against property of the City; (d) any act to collect, assess or recover a claim against the City; and (e) the commencement or continuation of any judicial, administrative or any other action or proceeding against the City, the Emergency Manager or any other officer or inhabitant of the City that seeks to enforce a claim against the City (the "Chapter 9 Stay").

3. On July 25, 2013, the Bankruptcy Court entered discrete orders: (a) confirming that the protections of the Chapter 9 Stay apply to the City and its officers and inhabitants, including the Emergency Manager (Docket No. 167); and (b) extending the Chapter 9 Stay to (i) the Governor of the State of Michigan (the "Governor"), the Treasurer of the State of Michigan and the Local Emergency Financial Assistance Loan Board of the State of Michigan, together with each entity's staff, agents and representatives, (ii) employees of the City that are neither City officers nor inhabitants of the City and (iii) agents and representatives of the Governor and the Emergency Manager (Docket No. 166).

*Purpose of the Chapter 9 Filing*

4. Chapter 9 of the Bankruptcy Code provides a means for a municipality (such as the City) that has encountered financial difficulty to work with its creditors to adjust its debts. The primary purpose of chapter 9 is to allow the municipality to continue its operations and its provision of services while it adjusts or restructures creditor obligations. In a chapter 9 case, the jurisdiction and powers of the Bankruptcy Court are limited such that it may not interfere with any of the political or governmental powers of the City or the City's use or enjoyment of any income-producing property. During this Chapter 9 Case, the Emergency Manager will continue to manage the affairs of the City according to his authority under PA 436. Under section 18(1) of PA 436, the Emergency Manager acts exclusively on the City's behalf in this Chapter 9 Case.

5. The City intends to propose a plan for the adjustment of its debts. Future notice concerning any such plan will be provided to all known creditors.

*Deadline for Objections to Petition and Entry of an Order for Relief*

6. The City has filed papers in support of its eligibility to be a debtor under chapter 9 of the Bankruptcy Code (the "Documentary Support").[1] Objections to the City's chapter 9 petition may be filed by a creditor or party in interest by August 19, 2013 (the "Eligibility Objection Deadline"). Any such objection shall state the facts and

---

[1] The Documentary Support includes: (a) a Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 10); (b) an accompanying memorandum of law (Docket No. 14); (c) supporting declarations of Kevyn D. Orr (Docket No. 11), Gaurav Malhotra (Docket No. 12) and Charles M. Moore (Docket No. 13); and (d) the accompanying exhibits for each of the foregoing. The City reserves the right to file additional papers in support of its eligibility for chapter 9 relief and in opposition to any objections thereto.