# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## DECLARATION OF DONALD TAYLOR IN SUPPORT OF CONSOLIDATED OBJECTION OF THE RETIREE ASSOCIATION PARTIES TO ELIGIBILITY

1. Except as otherwise stated herein, I make the statements contained herein from personal knowledge, and if sworn as a witness, will testify to the truth thereof.

2. I am the President the Retired Detroit Police and Fire Fighters Association (RDPFFA).

3. Approximately 6,500 of an estimated 7,800 "uniformed" retirees of the City of Detroit (i.e. retirees who were employed as police officers or fire fighters) are members of the RDPFFA. The RDPFFA operates under its own by-laws and governing documents and serves its members through its elected board of directors and elected officers.

4. The predecessor of the RDPFFA was founded in 1946 and became known, in 1970, upon the merger of two organizations, as the RDPFFA. The RDPFFA has been active in protecting and improving pensions for police and fire retirees since its inception. The RDPFFA has been integral in advocating on behalf of retirees before the City and state governments, and has participated in court cases and administrative actions on behalf of police and fire retirees as a group.

5.      The RDPFFA, through its President, Donald Taylor (together with counsel on three occasions), attended five restructuring meetings held by the City and led by attorneys from Jones Day. The meetings were purely informational and conducted as unilateral presentations; at no point during any of these meetings was there negotiation. The meetings are summarized as follows:

> April 18, 2013, 10 a.m. at the Coleman A Young Municipal Center – Meeting with Emergency Financial Manager, Kevyn Orr. The meeting was presentational and Mr. Orr informed the group that he had no intention of impairing pensions or health benefits for retirees. More specifically, Mr. Orr stated that he had no intention to violate the state constitution or to set aside the settlement reached in *Wieler*. No negotiation occurred.
>
> June 14, 2013 at Detroit Metropolitan Airport. The meeting was led by Jones Day attorneys and other professionals representing the City. Mr. Orr and Mr. Dillon were in attendance but did not speak. An initial proposal was presented during the meeting. No negotiation occurred.
>
> June 20, 2013, at the Coleman A. Young Municipal Center, 13th-floor auditorium – Several Jones Day attorneys and financial advisors presented a 23-page document and discussed the information. No negotiation occurred. The City informed the RDPFFA of the data room as a source of further information.
>
> July 10, 2013, at the Coleman A. Young Municipal Center, 3rd-floor Labor Relations Conference Room. - David Heiman led the discussion and other Jones Day attorneys were present. There were presentations regarding potential changes to the pension fund configuration, and a methodology for negotiating the proposed changes- a "four-step process." The presentation did not get past step one of the "four-step process." No negotiation occurred.
>
> July 11, 2013, at the Coleman A. Young Municipal Center, 3rd floor Labor Relations Conference Room. David Heiman and associates from Jones Day conducted the presentation. The primary topic was health care. A draft of "Medicare Advantage Plan Design Options" was passed out.

6.      Although, like a committee of retirees to appointed by the United States Trustee in this case, the RDPFFA is not empowered to enter into a binding agreement with the City regarding pension benefits, the RDPFFA is the representative of the interests of its members and other

police and fire City retirees and was at all times relevant to this matter in a position to negotiate on their behalf, to communicate and comment upon proposals made by the City, and to recommend to its members, and to all police and fire retirees, an acceptable proposal. The RDPFFA retained counsel to assist it in the discussions with the City.

7. No negotiation with the City occurred with the RDPFFA, or, to the best of my knowledge, any other organization purporting to represent the interests of retirees.

8. The sole proposal made by the City with respect to pensions called for the City's pension obligations to be treated as a non-priority unsecured claim, notwithstanding the prohibition contained in the Michigan Constitution of the City's impairment or diminishment of "the accrued financial benefits of each pension plan and retirement system."

9. It is therefore my belief that the City did not engage in good-faith negotiations with retirees.

10. The RDPFFA was prepared and willing to enter into good-faith negotiations with the City.

11. My counterparts with the Detroit Retired City Employees Association expressed to me their willingness to enter into good-faith negotiations with the City, and I believe that they were likewise prepared and willing to enter into good-faith negotiations.

12. Negotiations between the City and its retirees were therefore practicable.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2013.

_____
Donald Taylor