UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

---

## DECLARATION OF SHIRLEY V. LIGHTSEY IN SUPPORT OF CONSOLIDATED OBJECTION OF THE RETIREE ASSOCIATION PARTIES TO ELIGIBILITY

1. Except as otherwise stated herein, I make the statements contained herein from personal knowledge, and if sworn as a witness, will testify to the truth thereof.

2. I am the President the Detroit Retired City Employees Association (DRCEA).

3. Approximately 7,900 of an estimated 12,100 "non-uniformed" retirees of the City of Detroit (i.e. retirees who were not employed as police officers or fire fighters) are members of the DRCEA. The DRCEA operates under its own by-laws and governing documents and serves its members through its elected board of directors and appointed officers.

4. The DRCEA was founded more than fifty-two years ago and has been active in protecting and improving pensions for retirees since its inception. The DRCEA has been integral in advocating on behalf of retirees before the City and state governments, and has participated in court cases and administrative actions on behalf of retirees as a group.

5. The DRCEA, through its President, Shirley V. Lightsey (together with counsel two occasions), attended three restructuring meetings held by the City and led by attorneys from Jones Day. The meetings were purely informational and conducted as unilateral presentations; at

{00199028}

---

no point during any of these meetings was there bilateral negotiation. The meetings are summarized as follows:

> June 20, 2013, 10 a.m. at the 13th floor auditorium of the Coleman A. Young Municipal Center. Several Jones Day attorneys and financial advisors presented a 23-page document and discussed the information. No proposal was made by the City and no negotiation was permitted by the City. The City provided a "data room" to enable the DRCEA to research financial and other information.

> July 10, 2013, 1 p.m. at the Coleman A. Young Municipal Center, 3rd floor Labor Relations Conference Room. Attorney David Heiman led the discussion and other Jones Day attorneys were present. There were presentations regarding potential changes to the Pension Fund configuration, a "four-step process," was discussed.

> July 11, 2013, 10 a.m. at the Coleman A. Young Municipal Center, 3rd floor Labor Relations Conference Room. David Heiman and other attorneys from Jones Day conducted the presentation. The primary topic was health care. A draft of "Medicare Advantage Plan Design Options" was passed out. No negotiation took place because the meeting was purely informational.

6. Although, like the committee of retirees to be appointed by the United States Trustee in this case, the DRCEA is not empowered to enter into a binding agreement with the City regarding pension benefits, the DRCEA is the representative of the interests of its members and other non-uniformed City retirees and was at all times relevant to this matter in a position to negotiate on their behalf. The DRCEA retained counsel to assist it in the discussions with the City.

7. No negotiation with the City occurred with the DRCEA, or, to the best of my knowledge, any other organization purporting to represent the interests of retirees. The DRCEA also reached out to Mr. Orr directly to discuss pension and other retirement benefit issues, that request went unanswered.

8. The sole proposal made by the City with respect to pensions called for the City's pension obligations to be treated as a non-priority unsecured claim, notwithstanding the prohibition contained in the Michigan Constitution of the City's impairment or diminishment of "the accrued financial benefits of each pension plan and retirement system."

9. It is therefore my belief that the City did not engage in good-faith negotiations with retirees.

10. The DRCEA was prepared and willing to enter into good-faith negotiations with the City.

11. My counterparts with the Retired Detroit Police and Fire Fighters Association expressed to me their willingness to enter into good-faith negotiations with the City, and I believe that they were likewise prepared and willing to enter into good-faith negotiations.

12. Negotiations between the City and its retirees were therefore practicable.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2013.

*Shirley V. Lightsey* (signature)
Shirley V. Lightsey