In re:

CITY OF DETROIT, MICHIGAN,   Chapter 9

           Debtor.   Case No. 13-53846
                        Honorable Steven W. Rhodes

# OBJECTION OF ROBBIE FLOWERS, MICHAEL WELLS, JANET WHITSON, MARY WASHINGTON AND BRUCE GOLDMAN TO THE PUTATIVE DEBTOR'S ELIGIBILITY TO BE A DEBTOR

Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman (the "*Flowers* plaintiffs"), citizens of the State of Michigan, state:

**Preliminary Statement**

1. The *Flowers* plaintiffs will first provide this Court with what they believe is appropriate background information. The *Flowers* plaintiffs will then adopt by reference the facts and arguments the UAW is making in its objection being filed today, and include a summary of their understanding of the UAW's argument that the filing is unconstitutional under the Michigan Constitution. The *Flowers* plaintiffs will then make additional discrete points. Finally, the *Flowers* plaintiffs will address their need for discovery.

**Background**

2. The *Flowers* plaintiffs are three City of Detroit retirees currently receiving pension benefits and two City of Detroit employees with vested pension benefits.

3. The *Flowers* plaintiffs as citizens of the State of Michigan have rights under Article 9, Section 24 of the Michigan Constitution. It provides: "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation whereof which shall not be diminished or impaired thereby."

4. The *Flowers* plaintiffs are plaintiffs in a Michigan civil action that sought and obtained injunctive relief precluding Governor Snyder from authorizing Detroit's Emergency Manager to proceed under Chapter 9 of the federal Bankruptcy Code because to do so threatened to abrogate their rights under Article 9, Section 24. *Flowers, et al. v. Snyder, et al.,* No. 13-729-CZ, Ingham County Circuit Court (complaint 3 July 2013; preliminary injunction 18 July 2013; amended preliminary injunction 19 July 2013).

5. This Court has stayed (at docket 166) that action.

6. This Court at oral argument on the stay extension motion made clear with a rhetorical question that its ruling was procedural only: "Well, but why isn't the extended stay that the city seeks here simply a procedural mechanism to funnel such challenges to the Bankruptcy Court and, therefore, does not have the effect of denying citizens or other creditors of their rights to have their constitutional claims heard." Transcript of 24 July 2013 hearing at page 22.

7. This Court at this oral argument suggested that the Article 9, Section 24 constitutional issue would be decided in the context of eligibility: "I asked you how your clients would be prejudiced by dealing with this issue on the constitutionality of this filing later in the context of eligibility . . . ." Transcript of 24 July 2013 hearing at page 36.

2

8. Finally, this Court in its bench ruling stated: "The Court is making no ruling on whether the state constitution prohibited the emergency manager's appointment or prohibited the emergency – excuse me – prohibited the governor from authorizing this Chapter 9 filing without excepting from it the constitutionally protected pension rights of its citizens." Transcript of 24 July 2013 hearing at page 84.

### Adoption of UAW Objection

9. The *Flowers* plaintiffs join in the facts alleged and eligibility arguments the International Union, UAW makes in its filing of today.

10. The *Flowers* plaintiffs' understanding of the UAW's argument that the filing is unconstitutional under the Michigan Constitution can be summarized as follows: By authorizing the Chapter 9 filing, Governor Snyder has intentionally diminished and impaired the accrued financial benefits of Michigan citizens, including the *Flowers* plaintiffs, by voluntarily invoking a federal law that conflicts with its constitution. Congress drafted Chapter 9 in deference to the Tenth Amendment in order to avoid constitutional issues; this is at the heart of the requirement under Section 109(c)(2) of the Bankruptcy Code, 11 U.S.C. § 109(c)(2), that a Chapter 9 bankruptcy filing be specifically authorized. This provision is meaningless if a filing can be "specifically authorized" in violation of a state constitution.

### Additional Points

11. This Court has recognized the need for sensitivity to the sovereignty of the state in a Chapter 9 proceeding. *In re Addison Community Hosp. Authority,* 175 B.R. 646, 649 (Bankr. E.D. Mich. 1994): "The primary distinction between chapter 11 and chapter 9 proceedings is that in the latter, the law must be sensitive to the issue of the sovereignty of the states."

12. Where the interpretation of a state's grant of authority and assent to the filing of bankruptcy necessitates consideration of the meaning of a state statute [or constitution], its meaning is governed by that state's case and statutory law. *State of Louisiana ex rel Francis v. Resweber,* 329 U.S. 459, 461-62 (1947).

13. While this Court may only be bound by decisions of Michigan's highest court, it can and should review and consider decisions from lower state courts and other traditional sources, such as constitutional history. *In re McMurdie,* 448 B.R. 826, 829 (Bankr. D. Idaho 2010).

14. In addition to the case law the UAW cites, the debates concerning what is now Article 9, Section 24 make clear that municipal retirees are entitled to have the entire assets of their employer at their disposal in order to realize their vested benefits: "MR. VAN DUSEN: An employee who continued in the service of the public employer in reliance upon the benefits which the plan says he would receive would have the contractual right to receive those benefits, and would have the entire assets of the employer at his disposal from which to realize those benefits." 1 Official Record, Constitutional Convention 1961, p. 774.

15. Additionally, the address to the people accompanying the 1963 Constitution states:

> This is a new section [Article 9, Section 24] that requires that accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions be a contractual obligation which cannot be diminished or impaired by the action of its officials or governing body.

2 Official Record, Constitutional Convention 1961, p. 3402.

16. Additionally, Michigan's Attorney General has clearly and unequivocally stated in the context of this bankruptcy filing that: "Michigan's Constitution is crystal clear in stating that pension obligations may not be 'diminished or impaired' . . .". The 27 July 2013 press release in which this quote appears goes on to state that: "Schuette will be informing the federal bankruptcy court that Michigan residents live under a constitution that protects hard-earned pensions." Available online at www.michigan.gov/ag under press releases for July 2013. This Court can and should take cognizance of the opinion of the state attorney general. *In re Barnwell County Hospital,* 471 B.R. 849, 863 (Bankr. D. S.C. 2012). And an earlier Michigan Attorney General had opined consistent with our current one that Article 9, Section 24 means what it says. See OAG No. 6294 dated 13 May 1985.

17. Finally, on 19 July 2013 the Circuit Court for Ingham County entered an order of declaratory judgment, a copy of which is attached as Exhibit 6.4 to the stay extension motion (docket 56). *Webster, et al. v. Snyder, et al.,* No. 13-734-CZ. In it the Court determined, among other things, that the Governor's authorization of the commencement of this Chapter 9 case was violative of the State Constitution and was therefore given without power or authority.

18. There is no Michigan law that contradicts or in any way qualifies the authority cited by the UAW and above at ¶¶ 14-17. The debtor has no Michigan authority that would support what it will in effect be asking this Court to do -- add a proviso to the words of Article 9, Section 24: "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation whereof which shall not be diminished or impaired thereby" – "unless the governor decides to allow a municipality to file for bankruptcy in order to void such benefits in which case all bets are off."

## Discovery

19. Based on information and belief, Governor Snyder and his staff designed a legal strategy and assembled a Jones Day legal team to circumvent Article 9, Section 24. See the evidence cited at footnote 2 of the UAW objection.

20. The *Flowers* plaintiffs will need to take discovery to further disclose the communications between the Governor, Jones Day and the Detroit Emergency Manager, a former partner at Jones Day.

21. The *Flowers* plaintiffs believe that such discovery will prove that the dealings between these parties violated Article 9, Section 24 of the Michigan Constitution, and invalidate these proceedings.

Respectfully submitted,

/s/William A. Wertheimer
William A. Wertheimer (P26275)
Attorney for *Flowers* plaintiffs
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200

Dated: 19 August 2013

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter this 19th day of August 2013.

By: /s/William A. Wertheimer
William A. Wertheimer P26275)