UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re :                                                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                                         Case No. 13-53846

          Debtor.                                                           Hon. Steven W. Rhodes

_____/

## OBJECTIONS TO ELIGIBILITY

I am a creditor in this matter (Notice of Appearance, Document 264). I object to the eligibility of the City of Detroit, Michigan (the "City"), to be a debtor under Chapter 9 of Title 11 of the United States Code, 11 U.S.C. Sec. 101, *et seq*., for the following reasons:

1.) I object to the inclusion of the City's General Retirement System ("GRS") and its participants in this Chapter 9 proceeding under the auspices of Secs. 12 and 18 of the Michigan "Local Financial Stability and Choice Act", Public Act 436 of 2012, without a objective determination by this Court of the extent to which the GRS is, or is not, adequately funded in light of current, generally accepted actuarial standards, including commonly used actuarial assumptions about future earnings rates of return;

2.) I object to the inclusion of the GRS in this Chapter 9 proceeding in contravention of Article IX, Section 24, of the Michigan Constitution of 1963. This Section provides: "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby. Financial benefits arising on account of service rendered in each fiscal year shall be funded during that year and such funding shall not be used for financing unfunded accrued liabilities"; and

3.) I object based upon the second (of five) requirements pursuant to Section 109(c) of the Bankruptcy Code. The first two read: "An entity may be a debtor under chapter 9 of this title if and **only if such entity** --

    (1) is a municipality;

    (2) **is specifically authorized**, in its capacity as a municipality or by name, **to be a debtor** under such chapter **by State law, or by a governmental officer or organization empowered by State law**, to authorize such entity to be a debtor under such chapter. (Emphasis added.)

1

4.) As an attachment to its Petition, the City includes Emergency Manager Kevyn D. Orr's "Order No. 13" which, in pertinent part, states:

> "Whereas, on March 28, 2013, Michigan Public Act 436 of 2012 ("PA 436") became effective and Kevyn D. Orr became the Emergency Manager (the "EM") for the City of Detroit (the "City") with all the powers and duties provided under PA 436; and pursuant to section 9(2) of PA 436, the EM 'shall act for and in the place and stead of' the Detroit Mayor and City Council; and

> \* \* \*

> Section 18(1) of PA 436 provides that 'if in the judgment of the (EM), no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the (EM) may recommend to the governor and the state treasurer that the local government be authorized to proceed under chapter 9 of title 11 of the United States Code (the 'Bankruptcy Code');"

> \* \* \*

5.) Also filed with the City's Petition is a letter dated July 18, 2013, from Gov. Richard D. Snyder to Emergency Manager Kevyn D. Orr and State Treasurer Andrew Dillon, the first paragraph of which reads:

> "I have reviewed Mr. Orr's letter of July 16, 2013, requesting my approval of his recommendation to commence a bankruptcy proceeding for the City of Detroit under Chapter 9 of title 11 of the United States Code. As you know, state law requires that any such recommendation must first be approved by the Governor before the emergency manager may take that step. MCL 141.1558. For the reasons discussed below, I hereby approve that recommendation and authorize Mr. Orr to make such a filing."

6.) The City acknowledges that the EM's power to file this Chapter 9 proceeding derives exclusively from PA 436, and the authorization by Governor Snyder pursuant to PA 436.

7.) The EM's authority over the GRS, and also over the Police and Fire Retirement System of the City, is based upon Sec. 12(1)(m) of PA 436. In effect, this subsection provides that, if a municipal government's pension fund(s) are not actuarially funded "at a level of 80% or more", the EM may serve as sole trustee of the local pension board(s). There are four sub-paragraphs to Sec. 12(1)(m), the second of which is most relevant to this Objection. It reads:

> "(ii) **The emergency manager shall fully comply with** the public employee retirement system investment act, 1965 PA 314, MCL 38.1132 to 38.1140m, and **section 24 of article IX of the state constitution of 1963**, and any actions taken shall be consistent

with the pension fund's qualified plan status under the federal internal revenue code."

8.) The PA 1965 314 references are to requirements as to how municipal pension funds may, and may not, be invested.

9.) Whether or not the City pension funds are properly included in this Chapter 9 proceeding by virtue of their actuarial funding levels, the EM, consistent with the restrictions in Sec. 12(1)(m)(ii) of **PA 436**, **the sole source of his authority** to file this bankruptcy Petition, is required to "fully comply with . . . Section 24 of Article IX of the state constitution of 1963."

10.) As noted above, Sec. 24 of Article IX provides: "The accrued financial benefits of each pension plan and retirement system of the state and it's political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby." Therefore, the EM does not have the authority to file a Petition which includes City pension funds, which funds would necessarily be diminished or impaired by a Chapter 9 bankruptcy.

11.) Given these constraints on his authority under PA 436, **the EM is not eligible** to file this Petition which encompasses City pension funds, and, accordingly, **the City is not eligible** to file this Chapter 9 Petition because it can now act only through the EM.

                Respectfully submitted,

                MICHAEL J. KARWOSKI

                /s/ Michael J. Karwoski
                Michael J. Karwoski (P26658)
                26015 Felicity Landing
                Harrison Township, MI 48045
                Telephone: 313-378-7642
                E-mail: mjkarwoski@alumni.nd.edu

Dated: August 19, 2013