# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**DECLARATION OF MARY ELLEN GUREWITZ IN SUPPORT OF OJBECTION OF THE DETROIT FIRE FIGHTERS ASSOCIATION, THE DETROIT POLICE OFFICERS ASSOCIATION, THE DETROIT POLICE LIEUTENANTS & SERGEANTS ASSOCIATION AND THE DETROIT POLICE COMMAND OFFICERS ASSOCIATION TO DEBTOR'S BANKRUPTCY PETITION AND STATEMENT OF QUALIFICATIONS UNDER 11 U.S.C. SECTION 109(c)**

I, Mary Ellen Gurewitz, declare as follows:

1. I am the attorney for the Detroit Police Command Officers Association (the "DPCOA"). The DPCOA is composed of the Inspectors and Commanders in the Detroit Police Department. My firm, Sachs, Waldman P.C. has been representing the DPCOA since 1995. I have been the responsible attorney for this client for at least the past ten years. I have handled, among other things, their unfair labor practice litigation, Act 312 proceedings, and collective bargaining negotiations.

2. I make this declaration based on my personal knowledge, and if called upon to do so, I could and would testify to the facts set forth herein.

3. This declaration is submitted in support of the Objection of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association and the Detroit Police Command Officers Association to Debtor's Bankruptcy Petition and Statement of Qualifications under 11 U.S.C. Section 109(c).

4. The Emergency Manager has refused to bargain in good faith with the DPCOA. The collective bargaining agreement between the City and the DPCOA expired on June 30, 2009. The terms of this agreement were determined by an Act 312 arbitration award which issued in January, 2010, but which was retroactive, and which had expired before it was resolved. Thereafter, the City failed and refused to bargain about the terms of a successor agreement.

5. In or about July, 2012, the City presented the DPCOA with a document titled City Employment Terms (CET). This was not a collective bargaining agreement. To the contrary, it was simply a unilaterally imposed set of working conditions, which included, *inter alia*, a 10% wage cut.

6. Following the suspension of PA 4 the DPCOA filed a petition for Act 312 arbitration. An arbitrator was appointed, issues identified, and hearing dates were scheduled for March, 2013. Prior to the scheduled hearing, the parties conducted several days of productive negotiations. However, all negotiations were terminated upon the appointment of the Emergency Manager.

7. In April, 2013, the City filed motions with the Michigan Employment Relations Commission to dismiss the Act 312 proceedings which were then pending with the DPCOA, the Detroit Police Lieutenants and Sergeants Association, and the Police Officers Association of Michigan, which represents the Detroit EMS employees. The City took the position that under PA 436 it had no obligation to bargain. MERC granted the motions to dismiss.

8. Since the appointment of the Emergency Manager the City has consistently taken the position that it has no obligation to bargain and it has accordingly refused to bargain.

Dated: August 16, 2013

_____
Mary Ellen Gurewitz

F:\OTHERINS\Detroit, CIty of\declaration in support of objection to eligibility DPCOA.docx

3