UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the matter of                                   Case No.  13-53846-swr
THE CITY OF                              HONORABLE STEVEN W. RHODES
DETROIT, MICHIGAN
       INDIVIDUAL / CREDITOR / CLAIMANT HEIDI PETERSON'S OBJECTION
       TO THE CITY OF DETROIT'S CHAPTER 9 BANKRUPTCY CASE FILING

Heidi Peterson, plaintiff in the now automatically stayed Wayne County Circuit Court case
13-001093-CZ,  by and through Charles Idelsohn,Attorney, states her objection as follows:

1. Peterson is a home owner of a  formerly elegant mansion located in the Boston Edison section of Detroit.
2. There came a time when Peterson rented the mansion to a person who failed to pay her.
3. Peterson found that the same said person also did damage to the premises and stole and or damaged personal property items on the premises.
4. The said person was able to have water turned on in her name, the tenants name, notwithstanding an apparent rock hard safeguard procedure existing at the defendants city's water board.
5. When the water was somehow diverted out of the plumbing and did damage to Peterson mansion Peterson sued among other entities;  the tenant, the plumber, and the defendant (debtor herein) city.
6. At the moment of the filing of the instant bankruptcy by operation of the bankruptcy code and by and through the bankruptcy rules Peterson's action in the circuit court had it continued would have become a violation of the automatic stay in place under the bankruptcy filing and should not then have continued.
7. Unbeknownst to Peterson however and not learned until the morning of Monday, August 19, 2013 as Peterson appeared for summary disposition motion hearing at the Wayne County Circuit Court the city had called the court to pull its motion, the city's summary disposition motion)  off the docket assuring the clerk of the court that the matter could not go forward due to the automatic stay in existence in this,  the city's bankruptcy Chapter 9 filing, the instant case.
8. No one at the city nor anyone at the court called Peterson to explain to her that the hearing would not take place in the circuit court.  Peterson only learned of same when she appeared at the said court, today, August 19, 2013..
9. As August 19, 2013, today, is the last day for submitting objections to the city's Chapter 9 Bankruptcy filing the instant objection is being prepared for filing and will be filed today, August 19, 2013.
10. The basis of the city's Chapter 9 filing is its contention that it is insolvent and cannot pay its creditors and that it should not be held to make further efforts to pay its creditors and that therefore it is proper and timely that the city file the instant Chapter 9 case now.
11. Peterson disagrees with the city's position for the following reasons.
    a.  Rather than make any effort to negotiate with Peterson to settle Peterson's case/claim against the city, the city filed the instant Chapter 9 case.
    b.  Every action therefore of the city, every contact with Peterson is all of Peterson's efforts to resolve the water damage to her home, was conduct fraught with fraud, to wit:  the city never intended to work with Peterson but instead was prepared to file and did file Bankruptcy.
    c.  Thus the city did not bargain in good faith the entire time it pretended to negotiate a

settlement with Peterson before, during, and after the commencement of Peterson's suit against the city.  The city should not now therefore be rewarded with the ability to enter into a safe haven Chapter 9 bankruptcy since to allow same would be a reward it for bad faith negotiations.

12. Further the city could have had it ever bothered to do so run itself in such a way as to earn revenue.  It did not but instead was allowed to be run into debt by virtue of down right idiotic business practices.

   a.  Real estate taxes in the city are handled in such a way as to penalize property owners such as Peterson and to reward others such as squatters.

   b.  Such taxes are kept unnaturally high based on property valuations that approximate property values of the 1980's or current property values in beautiful rich haven cities in states where a goal of the governments is to care for the property of its citizens and to increase the worth of the properties of its citizens RATHER THAN TO LAY WASTE TO PRIVATE PROPERTY AND THEN TAKE  SUCH PROPERTY OVER AND MAKE IT THE PROPERTY OF THE CITY.

   c.  Debtor city of Detroit taxes and collects taxes and takes over real properties for failure to pay taxes as a regular natural business practice day after day.

   d.  At the same time debtor city of Detroit rewards squatters by allowing squatters to live in homes and pay no taxes and never ever comes after the squatters to evict them.

   e.  In effect then property owners such as Peterson are made to pay for property squatters.  Or in real dollars and sense terms the income of the city rests on the shoulders of any property owner who is lucky enough to have acquired what used to be an elegant mansion many years ago.

   f.  The taxes on Peterson property do not reflect the $23,000.00 she paid for the property after she purchased it many months later than its foreclosure sale.  Nor do the taxes reflect the extensive damage to the addition built on the property years before Peterson acquired the property. Contrarily the taxes Peterson is made to pay reflect the $106.000.00 property value maintained on the city's books.  Reasoning presented by Peterson at hearing before the city's tax board falls upon deaf ears.  No one wants to understand that without buyers for Peterson's property it is highly unrealistic to value her property as high as it has been valued so very many years ago and to force her then to pay unreasonably high taxes on the property.

In summary therefore:

1. Debtor City of Detroit should not be allowed to continue into a chapter 9 bankruptcy for the reason that had it been more fair in its appropriation of taxes (Peterson for one is billed 25% of her property's so called property value) and assessed lower taxes across the board,  and collected taxes from everyone, even those with less valuable appearing property, it very well would have made money rather than lost money in its property tax operation.
2. Peterson submits that had the city used the same method of assessing property taxes and collecting and enforcing property taxes across the board against all property owners the city would have had plenty of revenue and would never have needed to file the instant chapter 9 case.
3. The instant Chapter 9 proceeding should not be allowed to continue.

Wherefore it is prayed that The Court note the objections as set forth herein, grant appropriate discovery and hearing consistent with said objections and with the bankruptcy code and rules and DISMISS THE CHAPTER 9 CASE FILED BY THE CITY OF DETROIT.

August 19, 2013                              _____//_____
                                             Charles Bruce Idelsohn    P36799
                                             Attorney for Heidi Peterson
                                             P.O. Box 856
                                             Detroit, Michigan  48231
                                             charlesidelsohnattorney@yahoo.com