UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

## *EX PARTE* MOTION OF THE DETROIT RETIREMENT SYSTEMS FOR AN ORDER AUTHORIZING THEM TO FILE AN ELIGIBILITY OBJECTION IN EXCESS OF TWENTY-FIVE PAGES

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") submit this *Ex Parte* Motion (the "Motion") for entry of an order authorizing the Retirement Systems to file an objection (the "Objection") in excess of twenty-five pages regarding the eligibility of the City of Detroit, Michigan (the "City") to be a debtor in a chapter 9 bankruptcy. In support of the Motion, the Retirement Systems respectfully state as follows:

1. On July 18, 2013, the City filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). In support of the petition and the related statement of

qualifications, the City filed a 106-page Memorandum of Law in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code [Docket No. 14], in addition to hundreds of pages of declarations and supporting exhibits.

2.  The Retirement Systems are listed by the City as its two largest unsecured creditors, allegedly holding claims in an aggregate amount of approximately $3.5 billion. The Retirement Systems safeguard the accrued financial benefits of the more than 32,000 active and retired employees of the City who are participants in the Retirement Systems.

3.  The Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan do not establish a specific page limit for objections to eligibility. The 20-page limit for briefs set forth in E.D. Mich. LBR 9014-1(e) is not applicable to eligibility objections.

4.  E.D. Mich. LR 7.1(d)(3)(A), made applicable to this case by E.D. Mich. LBR 9029-1(1)(a), states that "[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages. A person seeking to file a longer brief may apply *ex parte* in writing setting forth the reasons." E.D. Mich. LR 7.1(d)(3)(A).

5. The Retirement Systems request entry of an order expanding the twenty-five page limit imposed by E.D. Mich. LR 7.1(d)(3)(A), to the extent that this rule is applicable to the Objection.

6. The Retirement Systems' Objection addresses a seminal issue in this case, namely whether the City is eligible to avail itself of the protections of Chapter 9. This question raises important issues of state and federal law. Although the Retirement Systems have made a concerted effort to address each of the legal and factual issues raised in their Objection concisely, the legal issues presented require detailed explanation, citation, and analysis of both state and federal constitutional, statutory, and case law.

7. The importance of this seminal issue, and the impact that the Court's eligibility determination will potentially have upon the Retirement Systems and thousands of other creditors of the City, warrant granting the Retirement Systems relief from the twenty-five page limit imposed by E.D. Mich. LR 7.1(d)(3)(A). Without this relief, the Retirement Systems will be hampered in their effort to adequately address the numerous issues before the Court.

WHEREFORE, for the reasons set forth above, the Retirement Systems respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A and grant such other relief as the Court deems proper.

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
Evan J. Feldman (P73437)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: August 19, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

**ORDER AUTHORIZING THE DETROIT RETIREMENT SYSTEMS TO FILE AN ELIGIBILITY OBJECTION IN EXCESS OF <u>TWENTY-FIVE PAGES</u>**

This matter having come before the Court upon the *Ex Parte* Motion of the Detroit Retirement Systems for an Order Authorizing Them to File an Eligibility Objection in Excess of Twenty-Five Pages (the "<u>Motion</u>"); the Court having considered the Motion and finding that good cause exists for granting the relief requested:

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Retirement Systems[1] are granted relief from E.D. Mich. LR 7.1(d)(3)(A) and are authorized to file an objection to the City's eligibility to be a Chapter 9 debtor in excess of twenty-five (25) pages.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2