UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2013 AUG 20 A 9: 55
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

In re
CITY OF DETROIT, MICHIGAN,
          Debtor

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

OBJECTIONS TO THE PETITION FILED BY ONE KEVYN D. ORR SEEKING TO COMMENCE A CASE UNDER CHAPTER 9 OF TITLE 11 OF THE UNITED STATES CODE ON BEHALF OF THE CITY OF DETROIT, MICHIGAN

I, _Diane Hitchcox_ (dob: _8/23/61_), received a notice by mail on or about _8/12/2013_, identifying me as possible creditor or interested party in the above captioned matter. In response to said notice, I do hereby file objections to the petition filed by Kevyn D. Orr, seeking to commence a case under Chapter 9 of the U.S. Bankruptcy Code on behalf of the City of Detroit, Michigan, and in support of said objections, I state the following:

OBJECTIONS

1. I am a creditor or interested party in the purported bankruptcy filed by Kevyn D. Orr.

2. Pursuant to Michigan Public Act 436 of 2012, Kevyn Orr was appointed emergency manager of City of Detroit by Michigan Governor, Rick Snyder on or about February 22, 2013.

3. Kevyn Orr filed this pending petition for bankruptcy on behalf of the City of Detroit, Michigan; however, there is no provision in Chapter 9, that gives Kevyn Orr the authority to file this petition.

4. Under Chapter 9 only the duly elected representatives of the City of Detroit have power and authority to file such a petition. Kevyn Orr is an agent of the State of Michigan, whose relationship to the City of Detroit is that of an interested party.

5. To allow an agent of the State of Michigan to take the City of Detroit into Chapter 9 bankruptcy without consent from the duly elected representatives of the City of Detroit, is tantamount to an involuntary bankruptcy, which is not allowed under Chapter 9.

6. There are several civil matters pending in the United States District Court which preceded the bankruptcy action which challenge whether the emergency manager laws in the State of Michigan, including Public Act 436 of 2012, are constitutional and this Court either does not, or may not, have jurisdiction over these matters.

7. The captioned bankruptcy proceedings should be stayed and this Honorable Court should formally request expedited consideration of all pending litigation raising legal and

constitutional challenges to the underlying authority of Governor Rick Snyder, Treasurer Andy Dillon, the State of Michigan, Emergency Manager Kevyn Orr and Restructuring Counsel Jones Day before proceeding with the bankruptcy case.

8. This Notice provides inadequate notice and opportunity to be heard by the date of August 19, 2013 when objections may be filed, as the Notice was received less than two (2) weeks before the date by which Objections must be filed.

9. Proceeding with the bankruptcy proceeding before the constitutionality of Public Act 436 is determined would exceed the lawful jurisdiction and purposes of bankruptcy under Chapter 9 and unjustly prejudice the rights of Detroit residents, including but not limited to the named plaintiffs in the pending litigation, creditors and interested parties.

10. The issues of authority and constitutionality of Public Act 436 should be resolved prior to the bankruptcy matter to avoid unlawful and unconstitutional extension of the jurisdiction and authority of the bankruptcy court under Article III of the United States Constitution.

11. For the foregoing reasons, this petition is not allowable under Chapter 9 and must be dismissed.

Respectfully submitted,

_[signature]_
*name*
Interested Party/Creditor

_[handwritten address]_
*Address*