I JUST GOT NOTICE OF THE LAW SUIT AND I NEED MORE TIME TO PREPARE. PLUS I NEED ALL THOSE EMAILS FROM PLAINTIFF-DEBTORS TO REALLY GIVE ANSWER OF THE FACTS.

R. E. Johnson El-Bey

## POWER OF CONGRESS OVER INDIAN TRIBES AND TREATIES.

The Ordinance of July 13, 1787 (1 Stat. 52), for the government of the territory of the United States Northwest of the River Ohio, Section III provides:

The utmost good faith shall always be observed toward the Indians; their lands and property shall never be taken from them without their consent; and in their property, rights, and liberty they never shall be invaded or disturbed, unless in just and lawful wars authorized by Congress; but laws founded in justice and humanity, from time to time shall be made for preventing wrongs being done to them, and for preserving peace and friendship with them. Ante, 1065. (1 Stat., 52.)

Unquestionably a treaty may be modified or abrogated by an Act of Congress, but the power to make and unmake is essentially political and not judicial. (Old Settlers *v.* U. S., 148 U. S. 427.)

The Indians are acknowledged to have an unquestionable and heretofore unquestioned right to the lands they occupy until that right shall have been extinguished by the voluntary cession to our Government. (Worcester *v.* Georgia, 6 Pet. 575; U. S. *v.* Cook, 19 Wall. 593.)

In Lone Wolf *v.* the United States, 187 U. S., 553, the Supreme Court said:

Plenary authority over the tribal relations of the Indians has been exercised by Congress from the beginning, and the power has always been deemed a political one not subject to be controlled by the Judicial Department of the Government. Until the year 1871 the policy was pursued of dealing with the Indian tribes by means of treaties, and of course a moral obligation rested upon Congress to act in good faith in performing the stipulations entered into on its behalf. But, as with treaties made with foreign Nations the Legislative power might pass laws in conflict with treaties made with the Indians. (Thomas *v.* Gay, 169 U. S. 264-270; Spaulding *v.* Chandler, 160 U. S. 394.)

The power exists to abrogate the provisions of an Indian treaty, though presumably such power will be exercised only when circumstances arise which will not only justify the Government in disregarding the stipulations of the treaty, but may demand, in the interest of the country and the Indians themselves, that it should do so. (Also see Conley *v.* Ballinger, 216 U. S. 84; Super *v.* Work, 55 App. D. C. 149.)

Patterson *v.* Jenks, 2 Pet. 216: