UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                                         :
In re                                                    : Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN,                               : Case No. 13-53846
                                                         :
            Debtor.                                      : Hon. Steven W. Rhodes
                                                         :
---------------------------------------------------------x

## DEBTOR'S OBJECTION TO CREDITOR MICHAEL BEYDOUN'S MOTION FOR RELIEF FROM AUTOMATIC STAY

The City of Detroit, Michigan (the "City"), as the debtor in the above-captioned case, hereby objects to the Motion for Relief from Automatic Stay (Docket No. 308) (the "Stay Relief Motion") filed by Michael Beydoun (the "Plaintiff"). In support of this Objection, the City incorporates in their entirety the arguments set forth in the Brief in Opposition to Creditor Michael Beydoun's Motion for Relief from Automatic Stay filed contemporaneously herewith (the "Brief in Opposition") and respectfully represents as follows:

### Background

1. In February 2013, a state review team determined that a local government financial emergency exists in the City. Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "Emergency Manager") under Public Act 436 of

2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"). Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case. MCL § 141.1558.

2. On July 18, 2013 (the "Petition Date"), the City commenced this case under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in accordance with the authorization received from the Governor of the State of Michigan.

3. On August 1, 2013, the City filed the Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258, Ex. A) (the "Creditor List").

4. Prior to the Petition Date, on April 26, 2011, the Plaintiff obtained a judgment (the "Judgment") against the City in the amount of $2,056,998.50, plus costs and interest arising from an automobile accident involving the Plaintiff and a City police officer. See Pl.'s Ex. A at 2.[1]

5. The City appealed the Judgment, which was affirmed by the Court of Appeals for the State of Michigan by an order entered on May 21, 2013. See Pl.'s Ex. D at 1.

---

[1] Citations herein to the Plaintiff's exhibits refer to the exhibits attached to Creditor Michael Beydoun's Brief in Support of His Motion for Relief from Automatic Stay (the "Plaintiff's Brief"), which is attached as Exhibit 3 to the Stay Relief Motion.

6. Thereafter, on or around June 27, 2013, the City commenced an appeal of the Judgment to the Michigan Supreme Court (the "Appeal") by filing an application for leave to appeal the Judgment (the "Application for Leave to Appeal"). See Pl.'s Ex. E.

7. On July 5, 2013, the Plaintiff filed a motion for immediate consideration of the Application for Leave to Appeal (the "Motion for Immediate Consideration"), seeking the Michigan Supreme Cout's expedited consideration of the Application for Leave to Appeal in light of the well publicized possibility that the City might seek relief under chapter 9 of the Bankruptcy Code. See Pl.'s Ex. F at 2-3. Following the Petition Date, on July 31, 2013, the Michigan Supreme Court entered an order administratively closing the Appeal on the grounds that the automatic stay of section 362 of the Bankruptcy Code (the "Automatic Stay"), as made applicable in chapter 9 by section 901 of the Bankruptcy Code, stayed further activity in the Appeal. See Pl.'s Ex. H.

8. The Plaintiff argues that cause exists justifying relief from the Automatic Stay to allow the Appeal to continue because the commencement of the City's chapter 9 case was improper, fraudulent and/or in bad faith with respect specifically to the Plaintiff. Stay Relief Motion at ¶ 11; Plaintiff's Brief at 1-7. In particular, the Plaintiff offers the following as *indicia* of the City's alleged bad faith: (a) that the Petition Date occurred shortly before the date that the City

allegedly would have had to pay the Judgment to the Plaintiff (Plaintiff's Brief at 2, 6-7);[2] (b) that the interval between the appointment of the Emergency Manager and the Petition Date was, in the judgment of the Plaintiff, relatively short when other Michigan cities have operated under the authority of emergency managers for extended periods without filing bankruptcy (Plaintiff's Brief at 3-4); (c) that the Emergency Manager failed to sell the contents of the Detroit Institute of Art or sell or lease Belle Isle before recommending a chapter 9 filing (Plaintiff's Brief at 5); and (d) because the Plaintiff is an "involuntary creditor" of the City (Plaintiff's Brief at 6).

9. The Plaintiff requests that this Court grant relief from the Automatic Stay to allow for: (a) the continuation of the Appeal; and (b) in the event the Plaintiff prevails therein, the imposition of a bond or other "collection relief" against the City. Stay Relief Motion at ¶ 11.

## Objection

10. For all of the reasons set forth in the Brief in Opposition, which is incorporated herein by reference, cause does not exist warranting relief from the

---

[2] By this argument, the Plaintiff presumably assumes that, had the Petition Date not occurred in the interval, the Michigan Supreme Court would nevertheless have granted the Motion for Immediate Consideration and promptly denied the Application for Leave to Appeal.

Automatic Stay with respect to the Appeal and the Stay Relief Motion should be denied.

WHEREFORE, for the reasons set forth herein and in the Brief in Opposition, the City respectfully requests that this Court: (a) deny the Stay Relief Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: August 22, 2013                    Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT