UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' REQUEST FOR THE DEBTOR'S PRODUCTION OF DOCUMENTS AND NOTICE OF DEPOSITION OF DEBTOR REPRESENTATIVE PURSUANT TO APPLICABLE RULES OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PLEASE TAKE NOTICE** that, pursuant to applicable rules of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with City of Detroit, Michigan, petition for relief under chapter 9 of tile 11 of the United States Code, the above-captioned debtor (the "**Debtor**") is commanded to produce documents set forth in Schedule 1 annexed hereto on or before September 13, 2013 at 3:00 p.m. (ET) at the offices of Lowenstein Sandler LLP, counsel to The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO ("**Counsel 25**") and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees ("**Sub-Chapter 98**" and collectively with Counsel 25, "**AFSCME**"), 65 Livingston Avenue, Roseland, NJ 07068. Written objections and responses to the discovery requests set forth herein shall be served on or before September 9, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to applicable rules of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9014 and 9016 of the

Federal Rules of Bankruptcy Procedure, and in connection the Debtor's eligibility for protection under chapter 9 of the Bankruptcy Code, the Committee will take the deposition (the "Deposition") of a representative of the Debtor with knowledge of information requested in Schedule 1 annexed hereto.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of AFSCME, 600 West Lafayette Boulevard, Detroit, MI 48226, at 9:30 a.m. (ET) on September 16, 2013, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

Dated:   August 23, 2013

        **LOWENSTEIN SANDLER LLP**

        */s/ Sharon L. Levine*_____
        Sharon L. Levine, Esq.
        Wojciech F. Jung, Esq.
        Philip J. Gross, Esq.
        65 Livingston Avenue
        Roseland, New Jersey 07068
        (973) 597-2500 (Telephone)
        (973) 597-2400 (Facsimile)

        -and-

        Herbert A. Sanders, Esq.
        THE SANDERS LAW FIRM PC
        615 Griswold St., Suite 913
        Detroit, MI 48226

(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# SCHEDULE 1

# DEFINITIONS

A. "<u>City</u>" or "<u>Debtor</u>" shall mean the City of Detroit, Michigan.

B. "<u>Counsel 25</u>" shall mean Counsel 25 of the American Federation of State, County & Municipal Employees, AFL-CIO.

C. "<u>Sub-Chapter 98</u>" shall mean Sub-Chapter 98, City of Detroit Retirees, the AFSCME retiree chapter for City of Detroit retirees.

D. "<u>AFSCME</u>" shall be the collective reference to Sub-Chapter 98 and Counsel 25.

E. "<u>Retired AFSCME Employees</u>" shall mean the about 11,943 AFSCME non-uniformed retired City employees.

F. "<u>Active AFSCME Employees</u>" shall mean the about 2,523 active AFSCME City employees.

G. "<u>EM</u>" shall mean Kevyn Orr.

H. The term "<u>communication</u>" means any mode or means of sending or receiving words, ideas, or information, including (but not limited to) telephone conversations, in-person conversations, emails, instant messages, text messages, voicemail messages, letters, and faxes.

I. "<u>Concerning</u>" shall mean relating to, referring to, describing, evidencing, or constituting.

J. The term "<u>document</u>" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

K. "<u>Identify</u>" shall mean to state, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s); and (v) persons with knowledge of the contents of the document.

L. "<u>Person</u>" shall mean any natural person or any business, legal, or governmental entity or association, incorporated or unincorporated.

M. "<u>Time Period</u>" means December 1, 2011 through the present.

N. The following rules of construction apply to these Requests: (1) the terms "all" and "each" shall be construed as all and each; (2) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all documents that might otherwise be construed to be outside of their scope; and (3) the use of the singular form of any word includes the plural and vice versa.

O. The extent any request is answered in whole or in part through documents already available through the City's data room, please so indicate.

P. All words, terms, and phrases not specifically defined in these Requests are to be given their normal and customary meaning in the context in which they are used herein.

## **INSTRUCTIONS**

Q. Unless otherwise indicated, all documents shall be produced for the Time Period, including any documents having an earlier origin and in use during the Time Period.

R. The obligation to produce documents responsive to these Requests shall be continuing in nature, and the Debtor is required to promptly produce any document requested herein that the Debtor locates or obtains after responding to these Requests, up to the conclusion of the proceedings herein.

S. An objection to any Request shall state with specificity all grounds therefor.

T.  Where a claim of privilege is asserted in objecting to the production of any document and a document called for by any Request is withheld on the basis of such assertion, the objecting party shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate what state and privilege rule are being invoked.  In addition, the objecting party shall provide the following information with respect to any document so withheld: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

U.  In the event that any document called for has been lost, destroyed, discarded, or otherwise disposed of, identify the document by identifying (i) its author or preparer; (ii) all persons to whom it was distributed or shown; (iii) date; (iv) subject matter; (v) attachments or appendices; (vi) date, manner, and reason for destruction or other disposition; (vii) person authorizing destruction or other disposition; (viii) the document request or requests to which the document is responsive.

V.  Produce all responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the Request to which they are responsive.

**DOCUMENT REQUESTS BY PRIORITY**

1. To the extent not already produced, all proposals made by the EM regarding benefits, terms or conditions of employment for active City employees.

1. To the extent not already produced, all proposals made by the EM regarding retiree benefits for current and/or former City employees.

2. To the extent not already produced, copies of all documents or communications created during the Time Period regarding the City's chapter 9 filing and/or authorization for filing – including but not limited to communications concerning the City's eligibility to file under chapter 9, the EM's request of the Governor for permission to file under chapter 9, the Governor's grant of permission to the EM to file under chapter 9, as well as regarding, at however early a stage, the possibility of a chapter 9 filing – created, sent, or received by any of the following: Michigan Governor Richard Snyder and/or any staff member of his office, including but not limited to Dennis Muchmore (Chief of Staff), John Roberts (Deputy Chief of Staff), and Richard Baird (Transformation Manager), and Allison Scott (Executive Director to the Governor); Richard Baird, whether in his capacity as a staff member of the Governor's office or as an outside consultant thereto; Detroit City Mayor David Bing and/or any staff member of his office; and the EM and/or any staff member of his office, including but not limited to any attorney or consultant thereto (e.g., Jones Day LLP).

3. To the extent not already produced, all documents or communications relating to the governor's decision not to place contingencies on this bankruptcy filing as expressly permitted by section 18(1) of 2012 PA 436, including documents or communications relating to any consideration of whether contingencies should be included in light of article 9, section 24 of the Michigan Constitution and why the Governor included the following statement in his

authorization message "<u>Federal law already contains the most important contingency—a requirement that the plan be legally executable. 11 U.S.C. 943(b)(4).</u>"

4. To the extent not already produced, copies of all documents or communications created during the Time Period regarding the appointment of any Emergency Managers for the City– including but not limited to Kevyn Orr – sent to or received by any of the following: Michigan Governor Richard Snyder and/or any staff member of his office; Richard Baird, whether in his capacity as a staff member of the Governor's office or as an outside consultant thereto; Detroit City Mayor David Bing and/or any staff member of his office; and the EM and/or any staff member of his office, including but not limited to any attorney or consultant thereto (e.g., Jones Day LLP).

5. To the extent not already produced, a list of entities or Persons that conducted due diligence with respect to potential purchase or transaction regarding any of the City's assets than than those in the conduced by the City in the ordinary course.

6. To the extent not already produced, all correspondence between the Debtor, or any of the Debtor's professional advisors, regarding the City's eligibility to file for protection under chapter 9.

7. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss or relate to any efforts by the City to satisfy the conditions precedent to eligibility under chapter 9.

8. To the extent not already produced, a list of financial advisors, investment bankers, and other similar professionals consulted by the Debtor with respect to eligibility or the filing for protection under chapter 9 and copies of all agreements, term sheets, etc. executed with those entities.

9. To the extent not already produced, all documents, including (but not limited to) emails, that discuss, relate to or constitute any communications from or to the EM or any of the EM's/City's professionals during the Time Period concerning any bankruptcy or debtor in possession financing related to the Debtor.

10. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any communications regarding the Debtor's efforts to analyze, formulate or otherwise consider a business plan, redevelopment plan or plan of adjustment. Provide a list of the parties contacted by the Debtor with specific references to parties that executed confidentiality agreements and conducted due diligence regarding any plan of adjustment or redevelopment plan with or for the City.

11. To the extent not already produced, all documents and communications created during the Time Period, including (but not limited to) emails, that discuss or concern the value of any of the Debtor's assets, whether as a going concern, liquidation, or otherwise.

12. A list of each debt owed the City (no matter the account or fund) by a person or entity, whether the debt is owed to a specific Department of the City or the City as an entity itself. This list should include, at least, the debt's amount, due date, origin or contract under which it is owed, the person/entity owing the debt, a short description of efforts made to collect the debt since August 2011, and an indication of how much, if any, of the original amount of that debt has been paid to the city thus far.

    a. Specifically for debts owed by Olympia Entertainment, provide all documents or communications regarding debts associated with the lease of Joe Louis Arena and Cobo Hall.

13. A list of each tax abatement or reduction offered to any City taxpayer since 2011. This list should include, at least, the recipient of each tax abatement or reduction and the cumulative amount of adjustment to the taxes payable by that recipient, including but limited to property or income taxes.

14. A copy of the most recent "White Book" for the City of Detroit.

15. A copy of each "Red Book" for the fiscal year since 2003.

16. A list of each item, thing of value, or other asset in which the City possesses an ownership interest – whether in whole, in part, in trust, or in whatever fractional and fiduciary form, and whether obtained by sale, gift, or any other form whatsoever – with a value of at least $50,000, including but not limited to items/things/assets owned or possessed by the Founders Society or Detroit Institute of Art a/k/a DIA Inc. The list should include, at least, a short description of the item/thing/asset; an appraisal of its value; the source of that appraisal; any offers, including the amounts thereof, the City has received for it; and any restrictions on its use or sale, along with a short description thereof.

    a. Specifically for items held by the Founders Society or the Detroit Institute of Art a/k/a/ DIA Inc., any documents or communications regarding the co-accession proposal of Mr. Mark White.

    b. Specifically for items held by the Founders Society of the Detroit Institute of Art a/k/a/ DIA Inc., any documents or communications regarding or reflecting an appraisal of value and any restrictions or encumbrances on their use or sale.

17. A list of each piece of property owned by the City which is being used by a non-governmental entity or person or has been so used since August 2011, and any rental, tenancy or usage fees paid thereby. This should include, at least, the property's address; the name of the

non-government user; the date on which the user began to make use of the property and whether such use continues to this day; the amount of agreed-upon rent/tenancy/usage fees or payments by the user to the City; and the actual amount paid to the city in rent/tenancy/usage fees by the user since 2011; the contract for such usage; and whether the user is receiving any tax-abatement or reduction in taxes or fees due to be paid, including but not limited to reductions in income or property tax.

18. A list of each grant received by the City of Detroit for which all, or part, of the grant proceeds were returned to the grantor due to failure by the City to utilize or administer the grant dollars – whether due to simple non-use or improper or inappropriate use as determined by the grantor – since January of 2009.

19. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss or relate to any compliance or non-compliance by the City with any pension, benefits, or labor agreements, including, without limitation, collectively bargained agreements.

20. To the extent not already produced, any documents or communications regarding the interplay between Article 9, Section 24 of the Michigan Constitution or the subject of pensions generally and PA 436 sent, received, reviewed, or created by Governor Rick Snyder, Treasurer Andy Dillon, or any of either of their staff, consultants, or any type of agent(s) whatsoever.

21. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any projection, analysis, study, plan, report, prediction, statement or opinion (by any person, and whether formal or

informal) regarding the City's business plans, redevelopment plans, plan of adjustment, financial results and/or possible restructuring and/or bankruptcy filing.

22. To the extent not previously produced and created during the Time Period, any business plans, management reports, financial statements, financial projections, or comparisons of any financial projections for the Debtor to actual results generated pursuant a request by or on behalf of the EM in relation to formulating a business plan, redevelopment plan or plan of adjustment.

23. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any communications with any investment bankers, consultants, financial advisors, auditors, or outside accounting firm relating to the Debtor and/or restructuring its financial operations.

24. To the extent not already produced, all documents or communications created, sent, or received during the Time Period, relating to pension benefits or health care benefits which the Debtor provides or would provide upon retirement to active or retired City employees, including but not limited to communications between the following: The EM or any member of his staff, Governor Snyder or any member of his staff, Treasurer Dillon or any member of his staff, and any investment bankers, consultants, financial advisors, auditors, or outside accounting firm.

25. All documents or communications relating to the 14 June 2013 City of Detroit "Proposal for Creditors" "Executive Summary" as it relates to pension benefits, contributions to the General Retirement System, funding for pension benefits, and retiree health benefits matters, including but not limited to documents relating to the development of the terms with respect to

the General Retirement System, freezing pension accruals, accrued pension benefits and retiree health benefits.

28. All documents or communications relating to the City of Detroit June 20, 2013 "Retiree Legacy Cost Restructuring Non-Uniform Retirees," as it relates to pension benefits, contributions to the General Retirement System, funding for pension benefits, and retiree health benefits matters, including documents relating to the development of the "Objectives for Retiree Health Care Restructuring," "Proposed Retiree Health Care Restructuring and all sections related to pensions.

27. To the extent not already produced, all documents or communications reflecting or relating to the assertions regarding pension benefits, pension funding, actuarial assumptions and methodology, interest rate assumptions and unfunded actuarial liability set forth in paragraphs 11-17 of the Declaration of Charles M. Moore in Support of the City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, including documents or communications between Conway MacKenzie and: Milliman, Ernst & Young, Miller Buckfire, Jones Day, the Detroit Emergency Manager or anyone on his staff, Governor Snyder or the Governor's aides and agents, or State Treasurer Andy Dillon or anyone on his staff.

28. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any communications with any investment bankers, consultants, financial advisors, auditors, or outside accounting firm relating to the Debtor and/or its pensions, including, without limitation, pension benefits, funding and contributions.

29. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any proposed or actual agreements of any kind for the employment, indemnity, compensation and/or severance of any experts and consultants retained, hired or relied upon by the Debtor.

30. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, ledgers, copies of checks, and wire transfers evidencing the City's payment of compensation of any type (salaries, bonuses, expense reimbursement, etc.) to the EM or anyone working for the EM.

31. All secrecy, confidentiality and nondisclosure agreements related to the Debtor's chapter 9 case to which the City and/or the EM is a party.

32. To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute proof of payment by the City of any fees or other charges of any law firm, accounting firm, consulting firm or other firm that rendered any services to any of the City, the EM, the Governor or any governmental unit and elected or appointed official in connection with the City's financial restructuring, business plan, redevelopment plan or prosed plan of adjustment. Provide payment history in Excel form (if possible).

33. Any and all minutes (including any action by consent in lieu of a meeting) of the meetings of any committee, council, or other government body of the City, the State of Michigan or any governmental entity – including, but not limited to, any meetings attended by the EM or his staff and/or consultants – regarding the City's chapter 9 filing or financial restructuring during the Time Period.

34. Any and all insurance policies protecting or covering any of the Debtor's current or former elected officials, the EM, or other State of Michigan or City elected official.

35. Any and all investigative reports prepared by or for the Debtor relating to or regarding eligibility under chapter 9 of the Bankruptcy Code.

36. Any and all documents acquired by the Debtor from any source during the course of any investigation of the City, the State of Michigan, any governmental unit or government official or employee regarding or related to eligibility.

37. Any and all statements and summaries of statements from any witnesses who the Debtor intends to call at trial or who the Debtor reserves the right to call at the eligibility hearing, including on rebuttal.

38. Any and all expert reports and draft expert reports, including without limitation business plans, redevelopment plans, financial reports, valuations and actuarial reports which Debtor reserves the right to call at the eligibility hearing, including on rebuttal.

39. Any and all other documents or tangible evidence you seek to reserve the right to rely on at the eligibility hearing in this matter.

40. Any and all documents which support any allegation in support of eligibility.

41. Any and all documents which support any separate or affirmative defense made and/or which support any denial of any allegation relating to eligibility.

42. Any and all documents, reports, writings, drawings, graphs, charts, photographs, motion pictures, recordings, diagrams, or other things prepared by or for you, which contain or refer to any matter relevant to eligibility, and which you intend to reserve the right to introduce into evidence, or otherwise use at the eligibility hearing or relating to eligibility.

43. Any and all documents and things that you were requested to attach to your answers to any interrogatory question, propounded by any party regarding eligibility.

44. Any and all reports, documents and things that you obtained through the use of any subpoena or subpoenas relating to eligibility.

45. Any and all documents, papers, or other things referred to in any pleadings filed by the Debtor regarding eligibility to the extent not already attached thereto.

46. Any and all documents and/or thing of any kind whatsoever which you intend to introduce into evidence at the eligibility hearing, or reserve the right to rely upon in any way at the eligibility hearing, to show that any party to this matter, or any witness named in any interrogatory or deposition, has ever been convicted of, or entered a plea of guilty to, any criminal charge other than a traffic violation or disorderly persons offense.

47. To the extent not already produced, any and all communications by, on behalf of or to the Debtor concerning negotiations or evidence of good faith required by chapter 9 of the Bankruptcy Code. This Request includes any and all such material obtained, and is not limited to only that portion of such material which you intend to make use of at the time of eligibility hearing.

48. Any and all photographs, motion picture films, video-taped, or other pictorial material obtained by the Debtor or by any investigators or other persons or firms on behalf of the Debtor, concerning any acts, conduct, or activities of the Debtor, concerning negotiations or evidence of good faith. This Request includes any and all such material obtained, and is not limited to only that portion of such material which you intend to make use of at the time of eligibility hearing.

49. Any and all depositions or other transcripts of any testimony related to eligibility under chapter 9 of the Bankruptcy Code.

50. Any and all other documents or tangible evidence you seek to reserve the right to use at eligibility hearing.

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, a copy of *The Michigan Council 25 Of The American Federation Of State, County & Municipal Employees, AFL-CIO And Sub-Chapter 98, City Of Detroit Retirees' Request For The Debtor's Production Of Documents And Notice Of Deposition Of Debtor Representative Pursuant To Applicable Rules Of The Federal Rules Of Bankruptcy Procedure* was sent *via* e-mail and regular mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, and (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202.

Dated: August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com