## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
--------------------------------------------- x
                                              :
In re                                         :            Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                     :           Case No. 13-53846
                                              :
                        Debtor.               :           Hon. Steven W. Rhodes
                                              :
                                              :
                                              x
```

## MOTION OF DEBTOR FOR PROTECTIVE ORDER

The City of Detroit (the "City") hereby moves, by and through its

undersigned counsel, for the entry of an order pursuant to Fed. R. Civ. P. Rule

26(c) and Rule 7026 of the Federal Rules of Bankruptcy Procedure permitting the

redaction of personally identifiable information of the City and any third parties

contained in any and all documents and materials the City will provide to

interested parties in the above-captioned matter, including objectors to the Motion

of Debtor for Entry of an Order (I) Authorizing the Assumption of That Certain

Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of

the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019 and

(III) Granting Related Relief (the "Assumption Motion") or other parties who have

discovery rights in the above-captioned matter. In support of this Motion for a Protective Order, the City states as follows:

## Statement of Concurrence Sought

1.  The City has not expressly sought concurrence of other counsel in the relief sought by the this motion. Thirteen parties have filed objections to the Assumption Motion and coordinating negotiations with and between these objecting parties would have been unduly burdensome. However, counsel for the City openly announced its intention to file this motion during the August 21, 2013 hearing, and the Court scheduled the motion for discussion during the hearing set for Wednesday, August 28, 2013. To the knowledge of the City's counsel, counsel for all objectors were present during the hearing and none expressed any intent to concur in the relief sought herein.

## Jurisdiction

2.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

3.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, the City seeks an order permitting the redaction of personally identifiable information contained in any

and all documents and materials the City will provide to interested parties in the above-captioned matter.

## Basis for Relief

4.     Although Fed. R. Civ. P. Rule 26(b)(1) and Fed. R. Bankr. P. Rule 7026 generally permit broad discovery of any non-privileged and relevant matter, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The authority of the court to do so is particularly important in light of the potentially intrusive nature of discovery in the affairs of both parties and third parties. *Cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984). Notably, courts have acknowledged the importance of safeguarding personally identifiable information such as social security numbers which would be considered "of a highly personal and confidential nature" and "merit protection in any disclosure which might be ordered." *See generally Gonzales v. Detroit Robin, Inc.*, 2009 W.L. 3460322 (E.D. Mich. Oct. 22, 2009).

5.     The Federal Rules of Bankruptcy acknowledge the importance of protecting individual privacy and preventing the misuse of personal information with respect to public filings. Indeed, Fed. R. Bankr. P. Rule 9037 requires the redaction of certain personally identifiable information from any electronic or paper filings made with the Court. *See In re Della Chubb*, 426 B.R. 695, 699

(Bankr. E.D. Mich 2010) (requiring creditors to redact the debtor's financial account number).  11 U.S.C. § 107(c) further permits the Court, for cause, to protect the personally identifiable information of any individual to the extent it determines that disclosure of the information would create the undue risk of identity theft or other injury.  Given the importance of protecting privacy and the potential for misuse of personal information, courts construe these rules broadly. *Della Chubb*, 426 B.R. at 699.

6.      Where, as here, the personally identifiable information at issue is highly sensitive and not relevant to the underlying issues, protection of the information warrants redaction, even in production to interested parties.

7.      In June 2013, the City established a confidential data room containing hundreds of documents – nearly 70,000 pages of information – of potential relevance to this matter.  This data room compiles information from widespread sources and ensures that all creditors have access to the same materials.

8.      The data room contains, among other documents, all of the supporting and related agreements that constitute the complex financings related to the Forbearance and Optional Termination Agreement at issue in the Assumption Motion.  The data room also contains information relating to the organization of the City itself, including documents such as the City's charter, organizational charts, and employee headcount, and multiple versions of the City's ten year

restructuring plan, together with the underlying revenue and department detail, overviews, and historical financial data. In addition, the data room contains information on benefits provided to City employees, including health and life insurance, and numerous legal documents, including collective bargaining agreements and city employment terms, as well as documents relating to the City's debt obligations, including closing and offering memoranda. Finally, the data room contains materials prepared by consultants, such as Milliman, who have performed certain actuarial analyses of the City's pension programs, as well as presentations made by the Emergency Financial Manager or the City's advisors regarding the restructuring efforts.

9.      Some of the materials currently contained in the data room may contain personally identifiable information such as social security numbers, home addresses, home telephone numbers, and financial account numbers of pensioners. It is possible that additional documents will need to be added to the data room in the future that contain similar personally identifiable information.

10.      The City established this data room as part of its efforts to negotiate with its many creditors in good faith. The City granted access to its creditors and other interested parties in the period prior to filing its voluntary petition. The City required interested parties to enter non-disclosure agreements as a means of providing access to the information in the data room as expediently as possible.

The City's non-disclosure agreements only applied to nonpublic information, and did not deny access to the materials through Freedom of Information Act requests or formal discovery.

11.     The City has previously redacted certain personal identifying information from documents placed in the data room to preserve and protect the privacy of third parties, including, for instance, pension plan participants.  To date, the City has redacted personally identifiable information from one document relating to retiree benefits, and in that instance, redacted only the retirees' addresses.

12.     The City has also redacted the initial digits of its own bank account numbers, where necessary, on certain documents.

13.     Materials prepared by the City's actuaries, Milliman, were subject to additional protection.  The City signed a non-disclosure agreement with Milliman which restricts its ability to produce materials prepared by Milliman.  Milliman has also required interested parties to sign an additional non-disclosure agreement before gaining access to its materials in the data room.

14.     During the August 21, 2013 hearing, the Court questioned the necessity of the non-disclosure agreement the City has required for access to the data room, and has scheduled a hearing on this matter for next week.

15.     Since the August 21, 2013 hearing, the City has taken steps to ensure that all interested parties have appropriate, unrestricted access to the materials in the data room.  Moreover, the City has approached Milliman about the limitations on access to its materials, and Milliman has agreed to amend its contract with the City to eliminate access restrictions.  Those having access to the data room will no longer be required to sign a non-disclosure agreement with Milliman.

16.     However, absent the protection of the non-disclosure agreements, the City believes it is necessary to continue to redact personally identifiable information contained in any and all documents and materials the City will provide to interested parties in order to avoid the risk of public disclosure.  In view of Fed. R. Bankr. P. Rule 9037 and 11 U.S.C. §§ 101(41A) and 107, the City believs personally identifiable information includes names, physical and electronic addresses, telephone numbers, social security numbers, financial account numbers, and any other information whose disclosure would create an undue risk of identity theft or other unlawful injury.

17.  The personally identifiable information the City has redacted and seeks to redact from any further materials added to the data room is neither relevant nor material to the issue or claims in this matter.  Moreover, the City's redactions will facilitate interested parties' compliance with Fed. R. Bankr. P. Rule 9037 and 11 U.S.C. § 107 going forward.

**WHEREFORE,** the City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this motion and granting such further relief as the Court deems appropriate.

Dated: August 23, 2013         Respectfully submitted,


                               /s/ David G. Heiman
                               David G. Heiman (OH 0038271)
                               Heather Lennox (OH 0059649)
                               JONES DAY
                               North Point
                               901 Lakeside Avenue
                               Cleveland, Ohio  44114
                               Telephone:  (216) 586-3939
                               Facsimile:  (216) 579-0212
                               dgheiman@jonesday.com
                               hlennox@jonesday.com

                               Bruce Bennett (CA 105430)
                               JONES DAY
                               555 South Flower Street
                               Fiftieth Floor
                               Los Angeles, California 90071
                               Telephone:  (213) 243-2382
                               Facsimile:  (213) 243-2539
                               bbennett@jonesday.com

                               Jonathan S. Green (MI P33140)
                               Stephen S. LaPlante (MI P48063)
                               MILLER, CANFIELD, PADDOCK AND STONE,
                               P.L.C.
                               150 West Jefferson
                               Suite 2500
                               Detroit, Michigan  48226
                               Telephone:  (313) 963-6420
                               Facsimile:  (313) 496-7500
                               green@millercanfield.com
                               laplante@millercanfield.com

                               ATTORNEYS FOR THE CITY OF DETROIT

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with
Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |

# EXHIBIT 1

***Proposed Order***

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------ x
                                                  :
In re                                             :            Chapter 9
                                                  :
CITY OF DETROIT, MICHIGAN,                        :            Case No. 13-53846
                                                  :
                               Debtor.            :            Hon. Steven W. Rhodes
                                                  :
                                                  :
------------------------------------------------ x
```

## ORDER GRANTING MOTION OF DEBTOR FOR A PROTECTIVE ORDER

This matter coming before the Court on the Motion of Debtor For Protective Order (the "Motion");[1] the Court having reviewed the Motion; having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion was sufficient under the circumstances; having determined after due deliberation that the relief requested in the Motion is in the best interests of the Debtor and its creditors; and good and sufficient cause having been shown;

### IT IS HEREBY ORDERED THAT:

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1.     The Motion is **GRANTED**.

2.     The Debtor may redact personally identifiable information of the City and third parties contained in any and all documents and materials that it provides to interested parties.  Personally identifiable information shall include names, physical and electronic addresses, telephone numbers, social security numbers, financial account numbers, and any other information whose disclosure would create an undue risk of identity theft or other unlawful injury.

3.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.     This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

2

# EXHIBIT 2

### *Notice of Motion and Opportunity to Object*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-------------------------------------------------x
                                     :
In re                                : Chapter 9
                                     :
CITY OF DETROIT, MICHIGAN,           : Case No. 13-53846
                                     :
                    Debtor.          : Hon. Steven W. Rhodes
                                     :
                                     : **Expedited Consideration**
-------------------------------------------------x **Requested**
```

<u>**NOTICE OF MOTION OF DEBTOR FOR PROTECTIVE ORDER**</u>

**PLEASE TAKE NOTICE** that on August 23, 2013, the Debtor, City of Detroit, filed its *Motion of Debtor For Protective Order* (the "**Motion**") in the United States Bankruptcy Court for the Eastern District of Michigan (the "**Bankruptcy Court**") seeking entry of an order permitting the City to redact personally identifiable information of the City and third parties contained in any and all documents and materials that it provides to interested parties.

**PLEASE TAKE FURTHER NOTICE** that **your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Bankruptcy Court to grant the Debtor's Motion, or you want the Bankruptcy Court to consider your views on the Motion, the Court has scheduled a hearing on the Motion on August 28, 2013 at 10:00 AM and you or your attorney must attend.

**PLEASE TAKE FURTHER NOTICE that if you or your attorney do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.**

Dated: August 23, 2013             Respectfully submitted,

 /s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# **EXHIBIT 3**

## *None [Brief Not Required]*

# **EXHIBIT 4**

### *Certificate of Service*

## **Certificate of Service**

I, David Heiman, hereby certify that the foregoing Motion of Debtor For Protective Order was filed and served via the Court's electronic case filing and noticing system on this 23rd day of August, 2013.

/s/ David Heiman_____