UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' INTERROGATORIES
TO THE DEBTOR**

Pursuant to applicable Federal Rules of Bankruptcy Procedure, The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO ("**Counsel 25**") and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees ("**Sub-Chapter 98**" and collectively with Counsel 25, "**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**City**" or "**Debtor**") non-uniformed employees (the "**Retired AFSCME Employees**"), and about 2,523 active City employees (the "**Active AFSCME Employees**", or about seventy percent (70%) of the active non-uniformed union-represented employees, and together with the Retired AFSCME Employees, collectively, the "AFSCME Detroit Employees") -- through its counsel, requests (the "**interrogatory(s)**") that the Debtor (as defined below) in the above-referenced case produce legible copies of the documents and information requested herein no later than September 13, 2013, or on such other date as may be agreed to by counsel, to Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, New Jersey, 07068.

# DEFINITIONS

A. "City" or "Debtor" shall mean the City of Detroit.

B. "Counsel 25" shall mean the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO.

C. "Sub-Chapter 98" shall mean Sub-Chapter 98, City of Detroit Retirees, the AFSCME retiree chapter for City of Detroit retirees.

D. "AFSCME" shall be the collective reference to Sub-Chapter 98 and Counsel 25.

E. "Retired AFSCME Employees" shall mean the about 11,943 retired AFSCME non-uniformed retired City employees.

F. "Active AFSCME Employees" shall mean the about 2,523 active AFSCME City employees.

G. "EM" shall mean Kevyn Orr.

H. The term "communication" means any mode or means of sending or receiving words, ideas, or information, including (but not limited to) telephone conversations, in-person conversations, e-mails, instant messages, text messages, letters, and faxes.

I. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

J. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

K. "<u>Identify</u>" shall mean to state, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s); and (v) persons with knowledge of the contents of the document.

L. "<u>Person</u>" shall mean any natural person or any business, legal, or governmental entity or association, incorporated or unincorporated.

M. "<u>Time Period</u>" means December 1, 2011 through the present.

N. The following rules of construction apply to these interrogatories: (1) the terms "all" and "each" shall be construed as all and each; (2) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories all documents that might otherwise be construed to be outside of their scope; and (3) the use of the singular form of any word includes the plural and vice versa.

O. The extent any request is answered in whole or in part through documents already available through the City's data room, please so indicate.

P. All words, terms, and phrases not specifically defined in these interrogatories are to be given their normal and customary meaning in the context in which they are used herein.

## **INSTRUCTIONS**

Q. Unless otherwise indicated, all documents shall be produced for the Time Period, including any documents having an earlier origin and in use during the Time Period.

R. The obligation to produce documents responsive to these interrogatories shall be continuing in nature, and the Debtor is required to promptly produce any document requested herein that the Debtors locate or obtain after responding to these interrogatories, up to the conclusion of the proceedings herein.

S. An objection to any interrogatory shall state with specificity all grounds therefor.

-3-
13-53846-tjt    Doc 585    Filed 08/23/13    Entered 08/23/13 15:35:53    Page 3 of 13

T. Where a claim of privilege is asserted in objecting to the production of any document and a document called for by any interrogatory is withheld on the basis of such assertion, the objecting party shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate what state and privilege rule are being invoked. In addition, the objecting party shall provide the following information with respect to any document so withheld: (i) the type of document, <u>e.g.</u>, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena <u>duces</u> <u>tecum</u>, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

U. In the event that any document called for has been lost, destroyed, discarded, or otherwise disposed of, identify the document by identifying (i) its author or preparer; (ii) all persons to whom it was distributed or shown; (iii) date; (iv) subject matter; (v) attachments or appendices; (vi) date, manner, and reason for destruction or other disposition; (vii) person authorizing destruction or other disposition; (viii) the document request or requests to which the document is responsive.

V. Produce all responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the interrogatory to which they are responsive.

W. These interrogatories shall be deemed continuing so as to require supplemental answers if the defendant obtains further information between serving responses and the time of trial.

# INTERROGATORIES

1. State the name, address, title and birth date of the person answering these interrogatories.

**ANSWER:**



2. State the names, addresses, email addresses, and telephone numbers of each person who has knowledge of facts relevant to the within matter.

**ANSWER:**



3. For the preceding interrogatory, indicate for each such person listed:

    (a) the substance of what each person knows and the content of each witness's testimony;

    (b) whether such individual has given any statement or account of the same, either oral or in writing, or his or her knowledge;

    (c) the substance of any such oral statement and alternatively annex a copy of every page, writing or memorandum of which said statement is composed;

    (d) the names and addresses of all person present when said statement was taken or made.

**ANSWER:**

4. State the name and address of every witness you intend to call to testify at the eligibility hearing.

**ANSWER:**

5. For the preceding interrogatory, indicate for each such person listed:

   (a) the substance of what each person knows and the content of each witness's testimony;

   (b) whether such individual has given any statement or account of the same, either oral or in writing, or his or her knowledge;

   (c) the substance of any such oral statement and alternatively annex a copy of every page, writing or memorandum of which said statement is composed;

   (d) the names and addresses of all person present when said statement was taken or made.

**ANSWER:**

6. Identify, by name, office and resident address, email addresses, and telephone numbers, each and every individual whom you contend has knowledge of any facts concerning the allegations supporting the Debtor's eligibility for relief under chapter 9 of the Bankruptcy Code, along with a description of the source of each such person's knowledge.

**ANSWER:**

7. State whether you contend that any declaration against interest with regard to the issues herein have been made by any party hereto or by any officer, agent or employee of any party hereto.

**ANSWER:**

8. If the answer to the preceding interrogatory is in the affirmative, set forth the exact words, if known, and if now known, the substance of each such declaration against interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time when the declaration against interest was made. If the declaration against interest was reduced to writing, annex a copy hereto.

**ANSWER:**

9. State whether you contend that any admissions with regard to the issues relating to Debtor's eligibility for relief under chapter 9 of the Bankruptcy Code have been made by any party hereto or by any agent, servant or employee of any party hereto.

**ANSWER:**

10. If the answer to the preceding interrogatory is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made. If the admission was reduced to writing, annex a copy hereto.

**ANSWER:**

11. Do you intend at the trial on the Debtor's eligibility for relief under chapter 9 of the Bankruptcy Code to request that the Court take judicial notice of anything? If so, state:

      (a)    what;
      (b)    why you contend it is a proper subject of judicial notice;
      (c)    the facts on which you base the applicability of the subject of the judicial notice.

**ANSWER:**

12. Set forth a brief description of and state the present location of any and all documents which have any bearing upon the factual questions at issue with regard to Debtor's eligibility for relief under chapter 9 of the Bankruptcy Code. Please annex a copy of each such document to your answers to these interrogatories.

**ANSWER:**

13. Identify each person whom you expect to call as an expert witness at the trial over the Debtor's eligibility for relief under chapter 9 of the Bankruptcy Code and state each such person's occupation and qualifications.

**ANSWER:**

14. State each subject matter on which each expert witness is expected to testify and as to each subject matter, state the substance of the facts and opinions to which each expert is expected to testify, annex hereto a copy of any written reports rendered by each expert, and set forth the substance of any oral report rendered by each expert.

**ANSWER:**

15. Set forth a summary of the grounds for each opinion to which each expert witness is expected to testify related to the Debtor's eligibility for relief under chapter 9 of the Bankruptcy Code.

**ANSWER:**

16. Identify each document that has been relied upon by each expert witness in the formulation of his or her opinion related to the Debtor's eligibility for relief under chapter 9 of the Bankruptcy Code.

**ANSWER:**

17. Identify each and every person acting on your behalf who had any dealings or communications of any kind with or on behalf the City in connection with eligibility or the conditions precedent to filing for protection under chapter 9 of the Bankruptcy Code.

**ANSWER:**

18. To the extent not already provided as documents in response to request numbers 12, 13, 16, 17, and 18, each requests for a list in each said document request is hereby incorporated by reference as a separate interrogatory to be answered.

**ANSWER:**

Dated: August 23, 2013

                **LOWENSTEIN SANDLER LLP**

                */s/ Sharon L. Levine*_____
                Sharon L. Levine, Esq.
                Wojciech F. Jung, Esq.
                Philip J. Gross, Esq.
                65 Livingston Avenue
                Roseland, New Jersey 07068
                (973) 597-2500 (Telephone)
                (973) 597-2400 (Facsimile)

                -and-

                Herbert A. Sanders, Esq.
                THE SANDERS LAW FIRM PC
                615 Griswold St., Suite 913
                Detroit, MI 48226
                (313) 962-0099 (Telephone)
                (313) 962-0044 (Facsimile)

                -and-

                Richard G. Mack, Jr., Esq.
                Miller Cohen, P.L.C.
                600 West Lafayette Boulevard
                4th Floor
                Detroit, MI 48226-3191

                *Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# CERTIFICATION OF INDIVIDUAL ANSWERING PARTY

I have read the foregoing Answers to the First Set of Interrogatories. I certify that the foregoing Answers to the First Set of Interrogatories and statements made by me are true. I am aware that if any of the foregoing answers to the First Set of Interrogatories and statements made by me are willfully false, I am subject to punishment.

_____

Dated:

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 23, 2013, a copy of *The Michigan Council 25 Of The American Federation Of State, County & Municipal Employees, AFL-CIO And Sub-Chapter 98, City Of Detroit Retirees' Interrogatories To The Debtor* was sent *via* regular mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, and (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202.

Dated:   August 23, 2013          */s/ Sharon L. Levine*
                                  Sharon L. Levine, Esq.
                                  **LOWENSTEIN SANDLER LLP**
                                  65 Livingston Avenue
                                  Roseland, New Jersey 07068
                                  (973) 597-2500 (Telephone)
                                  slevine@lowenstein.com