UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 9 |
| City of Detroit, Michigan, | No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**DETROIT PUBLIC SAFETY UNIONS' INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS
TO CITY OF DETROIT, MICHIGAN**

The Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") (collectively, the "Detroit Public Safety Unions"), through their counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., hereby request that Debtor, City of Detroit, Michigan, (the "City") answer under oath the following Interrogatories and produce for inspection and copying the documents requested herein at the law offices of Erman, Teicher, Miller, Zucker & Freedman, P.C., 400 Galleria Officentre, Suite 444, Southfield, MI 48034, by September 13, 2013, pursuant to the First Order Establishing Dates and Deadlines [Doc. No. 280], pursuant to Fed. R. Bankr. P. 7033 and 7034.

## DEFINITIONS

Notwithstanding any definition stated below, each word, term, or phrase used in the Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure, made applicable by the Bankruptcy Rules of Procedure. The following terms shall have the meanings set forth below whenever used in any Interrogatory contained herein:

1.  The phrases "referring or relating to" and "refer or relate to" are used herein in their customary broad sense, and without limitation include the phrases, "pertain to," "mention," "constitute," "discuss," "represent," "embody," "illustrate," "describe," "evidence," "identify," and "tend to support or to rebut," in any manner whatsoever and whether directly or indirectly.

2.  The terms "the City", "Plaintiff", "you", "your", or "yours", refer to Debtor, City of Detroit, Michigan, and its employees, agents, representatives, and any other persons acting on its behalf.

3.  The term "Chapter 9 Petition" means the Voluntary Petition filed by the City on July 18, 2013, Case No. 13-53846 in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Case") .

4. The term "Memorandum" means the Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code [Docket No. 14 in the Bankruptcy Case].

5. The term "Declaration" means the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code and all of its attachments [Docket No. 11 in the Bankruptcy Case].

6. The term "DFFA" means the Detroit Fire Fighters Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

7. The term "DPOA" means the Detroit Police Officers Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

8. The term "DPLSA" means the Detroit Police Lieutenants & Sergeants Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

9. The term "DPCOA" means the Detroit Police Command Officers Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

10. The term "Detroit Public Safety Unions" means the DFFA, the DPOA, the DPLSA, and the DPCOA and any of their subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on their behalf.

11. The term "document(s)" shall have the meaning employed in Federal Rule of Civil Procedure 34(a) and shall include, without limitation, (a) all writings, data compilations, or tangible items of whatever type, nature or description, whether typed, handwritten, printed, or otherwise; (b) digital, tape or other sound or video recordings, computer tapes, disks and other electronic or mechanical recordings, however, recorded or reproduced; and (c) electronically stored information, including archived files and backup tapes, whether or not ever printed out or displayed. A draft is a separate document from the final text and each non-identical copy is a separate document. The term "document(s)" includes without limitation correspondence, emails, acknowledgments, memoranda, agreements, interoffice communications, notes, diaries, contracts, and any data stored in any medium from which information can be obtained including computer file, computer tape and/or computer disk.

12. The term "communication" includes, but is not limited to, oral communication either in person, telephonic means or through voice mail, and

written communication which includes, but is not limited to, memoranda, notes, letters, and emails.

13. The words "and" as well as "or", shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of the Interrogatories any information that might be deemed outside their scope by any other construction. The word "any" means "any and all", the word "including" means "including without limitation," and the word "each" means each and every.

14. Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

15. To the extent any document responsive to these requests has already been filed in the Bankruptcy Case and is part of the record (whether or not produced or filed by the City), rather than produce such document(s), please identity such document(s) by docket number, date and page number(s).

**INSTRUCTIONS WITH REGARD TO INTERROGATORIES**

In addition to the specific instructions enumerated below, the instructions set forth in Fed. R. Civ. P. 33 (made applicable to this proceeding by Fed. R. Bankr. P. 7033) are incorporated herein by reference.

1. Each Interrogatory shall be answered separately and numbered in the same manner and sequence as the corresponding Interrogatory.

2. All answers shall be as complete and straightforward as the reasonably available information permits. If an Interrogatory cannot be answered completely, it shall be answered to the extent possible. If the person answering on behalf of the Debtor does not have personal knowledge sufficient to answer fully an Interrogatory, the party answering shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations.

3. If only a part of an Interrogatory is objectionable, the remainder of the Interrogatory shall be answered. If an objection is made to an Interrogatory or to part of an Interrogatory, the specific grounds for objection shall be set forth clearly in the answer. If an objection is based on a claim of privilege or other protection, the particular privilege or protection invoked shall be clearly stated.

4. Where so requested to identify a document as part of your answer to an Interrogatory, provide copies of the relevant, and/or referenced document. However, to the extent any such document has already been filed in the Bankruptcy Case and is part of the record (whether or not produced or filed by the City), rather than produce such document(s), please identity such document(s) by docket number, date and page number(s).

5. You may respond to any Interrogatory that seeks information contained in, information about, or identification of any documents, by producing said documents along with your answer to the Interrogatory.

6. The Interrogatories shall be deemed continuing so as to require further and supplemental answers by you in the event you obtain or discover additional information between the time of your initial response and the time of trial.

7. Each Interrogatory shall be construed independently and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

## INSTRUCTIONS WITH REGARD TO PRODUCTION OF DOCUMENTS

In addition to the specific instructions enumerated below, the instructions set forth in Fed. R. Civ. P. 34 (made applicable to this proceeding by Fed. R. Bankr. P. 7034) are incorporated herein by reference.

1. The Request not only extends to any items in your possession, custody or control, but also calls for documents within the control of your representatives and attorneys, and for all documents that are available to you by reasonable inquiry by you, your representatives and attorneys.

2. If any document covered by the Request is withheld by reason of a claim of privilege, a list is to be furnished identifying any such document for which

the privilege is claimed together with the following information with respect to any such documents withheld: author(s); recipient(s); sender(s); indicated or blind copies; date; general subject matter; basis on which the privilege is claimed; and the paragraph of the Request to which such document relates.

3. You are instructed to produce documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Request. Documents are to be produced in full and unexpunged form. However, to the extent any such document has already been filed in the Bankruptcy Case and is part of the record (whether or not produced or filed by the City), rather than produce such document(s), please identity such document(s) by docket number, date and page number(s).

4. The Request shall be deemed continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents between the time of initial production and the time of trial.

5. Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

## I. INTERROGATORIES

1. Identify the person(s) answering or assisting in answering these Interrogatories.

**ANSWER:**



2. With regard to the DFFA: Describe with particularity each in-person meeting that took place between the City and the DFFA from February 19, 2013 until July 18, 2013. For each meeting, include:

(i) The date

(ii) The time

(iii) The place

(iv) The participants

(v) The substance of the discussion

(vi) Whether there were any notes or memoranda prepared pursuant to the meeting.

**ANSWER:**

3. With regard to the DPOA: Describe with particularity each in-person meeting that took place between the City and the DFFA from February 19, 2013 until July 18, 2013. For each meeting, include:

   (i) The date

   (ii) The time

   (iii) The place

   (iv) The participants

   (v) The substance of the discussion

   (vi) Whether there were any notes or memoranda prepared pursuant to the meeting.

**ANSWER:**

4. With regard to the DPLSA: Describe with particularity each in-person meeting that took place between the City and the DFFA from February 19, 2013 until July 18, 2013. For each meeting, include:

    (i) The date

    (ii) The time

    (iii) The place

    (iv) The participants

    (v) The substance of the discussion

    (vi) Whether there were any notes or memoranda prepared pursuant to the meeting.

**ANSWER:**

5. With regard to the DPCOA: Describe with particularity each in-person meeting that took place between the City and the DFFA from February 19, 2013 until July 18, 2013. For each meeting, include:

    (i) The date

    (ii) The time

    (iii) The place

    (iv) The participants

    (v) The substance of the discussion

    (vi) Whether there were any notes or memoranda prepared pursuant to the meeting.

**ANSWER:**

6. Describe with particularity the facts in support of the Declaration with regard to the City's claims that the City negotiated in good faith with the Detroit Public Safety Funds.

**ANSWER:**

7. Identify all persons who will be a potential witness, who possess knowledge of the facts concerning any of the statements made in Debtor's Memorandum, and fully describe the nature and extent of their knowledge in such matters, the facts know to each person, whether any such person has made a written or oral statement of said facts (other than in the Memorandum) and the content of said statement.

**ANSWER:**

8. Identify every document or tangible thing, and identify the custodian of every document or other tangible thing, that is relevant to the City's claim that it is eligible to be a chapter 9 debtor under 11 U.S.C. §109(c)(5)(B) and (C), that has not already been identified by you above, and produce copies of all such documents.

**ANSWER:**

9. Identify by name, address, employer, and job title or description each person who communicated with the City in any manner on behalf of any of the Detroit Public Safety Funds. As to each person, state the date of each communication, the means of communication (personal meeting, telephone conversation, exchange of correspondence, email, etc.) and the substance of the discussion or information communicated.

**ANSWER:**

## II. REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce copies of all documents, correspondence, reports and other written material indentified in your Answers to Interrogatories and as requested in such Interrogatories.

2. Produce all documents and exhibits you may or will offer into evidence at trial in support of the City's claim that it is eligible to file chapter 9 bankruptcy under 11 U.S.C. §109(c)(5)(B) and (C).

                                            ERMAN, TEICHER, MILLER,
                                            ZUCKER & FREEDMAN, P.C.

                                            By:   /s/ Barbara A. Patek
                                                  Earle I. Erman (P24296)
                                                  Craig E. Zucker (P39907)
                                                  Barbara A. Patek (P34666)
                                                  Counsel for the Detroit
                                                  Public Safety Unions
                                                  400 Galleria Officentre, Suite 444
                                                  Southfield, MI 48034
                                                  Telephone: (248) 827-4100
                                                  Facsimile: (248) 827-4106
                                                  E-mail: bpatek@ermanteicher.com

DATED: August 23, 2013

F:\OTHERINS\Detroit, CIty of\discovery from DPSF 8 20 13.docx