# UNITED STATES BANKRUPTCY COURT

EASTERN District of MICHIGAN

In re City of Detroit, Michigan,
Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. * 13-53846

Chapter 9

To: Gabriel Roeder Smith & Co.
One Towne Square
Suite 800
Southfield, MI 48076-3723

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE Miller Canfield Paddock & Stone PLC<br>150 West Jefferson Avenue, Suite 2500<br>Detroit, MI 48226 | DATE AND TIME<br>September 3, 2013<br>3:00 pm Eastern Time |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br>[signature]<br>Steven A. Roach, Attorney | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

150 West Jefferson Avenue, Suite 2500, Detroit, MI 48226, Phone: 313-496-7933

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE Gabriel Roeder Smith + Co. |
|---|---|---|
| SERVED | 8-23-2013 | One Towne Square, Suite 800 Southfield, MI 48076 |

| SERVED ON (PRINT NAME) David Hoffman | MANNER OF SERVICE Hand Delivery |
|---|---|
| SERVED BY (PRINT NAME) Clinton Cuyler Jr. | TITLE Messenger |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    8.23.13
                  DATE

SIGNATURE OF SERVER

150 West Jefferson Ave., Ste. 2500 Detroit, MI 48226
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Debtor's requests for production:

1. "Retirement Systems" means the General Retirement System of the City of Detroit ("GRS") and the Police and Fire Retirement System of the City of Detroit ("PFRS"), collectively.

2. "Document" shall be used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither, and further includes any and every manner of information recordation, storage, transmission, or retrieval, including, but not limited to (a) typing, handwriting, printing, or any other form of writing or marking on paper or other material; (b) tape recordings, microfilms, microfiche, and photocopies; and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all

WAI-3139483v3

other material necessary to understand or to use such tapes, disks, or other storage materials).

3. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

4. The word "person" means any natural or artificial person, including business entities and other legal entities.

5. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6. The use of the word "including" shall be construed to mean "without limitation."

7. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

9. The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

10. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to Gabriel Roeder or any of its attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

11. In the event Gabriel Roeder asserts any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document request, the balance of the document production request should be answered in full. With respect to any document which is withheld on a claim of privilege, Gabriel Roeder shall provide, at the time its responses are due hereunder, a statement setting forth as to each such document the following information:

    a. the name(s) of the sender(s) of the document;

    b. the name(s) of the author(s) of the document;

    c. the name(s) of the person(s) to whom the document or copies were sent;

d. the date of the document;

e. a brief description of the nature and subject matter of the document; and

f. the nature of the privilege or the authority which is claimed to give rise to it.

12. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

a. the type of document;

b. a description of the nature and contents of the document;

c. the identity of the author;

d. the circumstances under which it ceased to exist, was lost, mislaid or otherwise went missing;

e. the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

f. the identity of all Person(s) who had knowledge of the contents.

13. Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to

give timely notice of such documents and information and to furnish the additional documents or information to Debtor without delay.

## Document Requests

1. All documents, including work papers and data, that support, explain, or may be used to verify the information, data, calculations (including accrued liability and contribution amounts), and actuarial assumptions and methods set forth or used in each annual actuarial report respecting the GRS and PFRS from 2004 to the present.

RESPONSE:

2. All documents relating to any request from GRS, recommendation to GRS, or analysis by Gabriel Roeder in connection with a modification of the actuarial assumptions and methods used by GRS from 2004 to the present, including documents relating to the most recent review (even if not completed) and the immediately prior review of GRS actuarial assumptions and methods that Gabriel Roeder systematically undertakes every five years, as explained on page 11 of the draft annual actuarial report for the GRS plan year ending June 30, 2012 (dated April 2013).

RESPONSE:

3. All documents relating to any request from PFRS, recommendation to PFRS, or analysis by Gabriel Roeder in connection with a modification of the actuarial assumptions and methods used by the PFRS from 2004 to the present, including documents relating to the most recent review (even if not completed) and the immediately prior review of PFRS actuarial assumptions and methods that Gabriel Roeder systematically undertakes every five years, as explained on page 30 of the final annual actuarial report for the PFRS plan year ending June 30, 2012.

RESPONSE:


4. To the extent not responded to in Request 2 above, all documents relating to any request from GRS, recommendation to GRS, or analysis by Gabriel Roeder in connection with a modification of the 30 year open period to amortize GRS unfunded actuarial accrued liabilities, which actuarial method is explained on page 20 of the draft annual actuarial report for the GRS plan year ending June 30, 2012.

RESPONSE:

5. To the extent not responded to in Request 3 above, all documents relating to any request from PFRS, recommendation to PFRS, or analysis by Gabriel Roeder in connection with a modification of the 29 year closed period to amortize PFRS unfunded actuarial accrued liabilities, which actuarial method is explained on page 13 of the final annual actuarial report for the PFRS plan year ending June 30, 2012.

RESPONSE:

Dated: August 23, 2013

Respectfully submitted,

/s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

WAI-3139483v3

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT