UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

---------------------------------------------------------------x
: 
In re: : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No.: 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
---------------------------------------------------------------x

FIRST REQUEST OF INTERNATIONAL UNION, UAW AND THE *FLOWERS* PLAINTIFFS
FOR PRODUCTION OF DOCUMENTS BY THE CITY OF DETROIT AND KEVYN ORR

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), and Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman, as plaintiffs in the suit *Flowers v. Snyder*, No.13-729 CZ (Ingham County Circuit Court) (the *Flowers* plaintiffs), pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and Rules 26 and 34 of the Federal Rules of Civil Procedure request that the City of Detroit, Michigan and Kevyn Orr produce the documents hereinafter specified at the offices of International Union, UAW, 8000 East Jefferson Avenue, Detroit, MI 48214 (Attention: Legal Department) no later than September 13, 2013.

DEFINITIONS AND RULES OF CONSTRUCTION

1. "City" means the City of Detroit, Michigan, including all agencies and departments thereof, and, for each, including, where appliable, the City's employees, attorneys and agents of any kind.

2. "Orr" means Kevyn Orr.

3. "You" and "your" refers to the City and Orr, jointly and severally.

4. "Communication" means the transmittal of information in the form of facts, inquiries, ideas, view, argument, opinion, or otherwise, including, but not limited to, oral conversations, telephone conversations, correspondence, email, memoranda, notes, telexes, and in person meetings. The terms "communicates" and "communication" and "correspondence" shall mean every manner or means of disclosure or exchange of information, whether orally, by document or otherwise, and whether face-to-face, in a meeting, by telephone, voice-mail, mail, e-mail, personal delivery or otherwise.

5. "Document" has the same meaning as set forth in Federal Rule of Civil Procedure 34(a)(1)(A), and includes emails and other electronically stored information. "Document" shall also include data stored in the computer, data stored on removal magnetic or optic media (*e.g.*, magnetic tape, floppy discs, and recordable optical discs), email, data used for electronic data interchange, audit trails, digitized pictures and video *e.g.*, data stored in MPEG, JPEG, and GIF formats), digitized audio and voicemail.

6. "Concerning" means relating to, referring to, describing, evidencing or constituting.

7. "Person" shall mean any individual, firm, partnership, association, corporation, or other legal, business or governmental entity.

8. "Any" or "all" shall be construed as encompassing "any and all."

9. The singular form of a noun or pronoun (including any definition) shall be considered to include within its meaning the plural form of the noun or pronoun (including any definition), and vice versa; the neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

10. "Bankruptcy case" shall mean the above-captioned chapter 9 bankruptcy case.

11. "Orr Declaration" means the Declaration of Kevyn D. Orr In Support of the City of Detroit, Michigan's Qualifications Pursuant to Section 109(c) of the Bankruptcy Code.

12. "Creditors Proposal" means the document entitled "City of Detroit Proposal for Creditors" dated June 14, 2013 in the form attached as Exhibit A to the Orr Declaration.

## GENERAL INSTRUCTIONS

1. This Request for Production of Documents shall be continuing in nature and shall include any and all responsive documents or communications discovered, prepared or created after the date of production specified above. All such subsequently-discovered, prepared or created documents or communications responsive to this Request shall be produced promptly, but no later than within seven (7) calendar days of their discovery, preparation or creation.

2. The documents or communications produced shall be segregated (and labeled) to identify the Request to which they are responsive. If a document or communication is responsive to more than one paragraph of this Request, it shall be labeled to correspond to all Requests to which it responds.

3. All documents or communications responsive to this Request for Production of Documents that are in your possession, custody or control shall be produced, including where you have joint possession, custody or control of the document(s) with one or more other individuals or entities. Where documents or communications in your possession, custody or control include those that are attached to one another, they shall be produced as attached to one another and not separated.

4. For each document or communication to which any privilege is claimed, identify the party asserting the privilege; the date of, and any title or heading affixed to the document or communication, if any; the name and address of all persons to whom and by whom the document or communication was sent or distributed; the type of document or communication (e.g., letter, memorandum); the general subject matter; and the nature of the claimed privilege.

5. Each Request applies to documents or communications created or received by you at any time from and including September 1, 2012, but shall extend to an earlier date where such earlier date is specified in the request.

6. This Request for Production of Documents shall not require the production of any personally identifiable information and any such information otherwise responsive to a particular Request may be withheld or redacted.

7. Where there are multiple, identical copies of the same document or communication, only one need be produced. However, any copy of any such document or communication that in any way differs from the other copies (because, for example, it contains handwritten notes) must also be produced.

DOCUMENT REQUESTS

UAW and the *Flowers* Plaintiffs request that the following be produced at the date and place specified above, except as may be specified in the Request:

1. All documents, communications or other tangible things, contained in the "Data Room" as that term is defined in Paragraph 104 of the Orr Declaration. Documents in the Data Room need not be produced separately in response to this Request so long as UAW and the *Flowers* Plaintiffs are provided access to the Data Room without a required execution of a Non-Disclosure Agreement, a Milliman Release, or other confidentiality agreement, except with respect to any personally identifiable information.

2. All documents or communications between you and Governor Rick Snyder, including Governor Snyder's aides and agents, concerning Article 9, Section 24 of the Michigan Constitution specifically or the vested pensions of City employees and former employees generally, including concerning the development of the Restructuring Proposals as set forth on pages 109 of the Creditors' Proposal regarding "Claims For Unfunded OPEB Liabilities" and "Claims For Unfunded Pension Liabilities."

3. All documents or communications between you and State Treasurer Andy Dillon, including the State Treasurer's aides and agents, concerning Article 9, Section 24 of the Michigan Constitution specifically or the vested pensions of City employees and former employees generally, including concerning the development of the Restructuring Proposals as set forth on pages 109 of the Creditors' Proposal regarding "Claims For Unfunded OPEB Liabilities" and "Claims For Unfunded Pension Liabilities."

4. All documents or communications between you and Governor Rick Snyder, including Governor Snyder's aides and agents, concerning Article 9, Section 24 of the Michigan Constitution specifically or the vested pensions of City employees and former employees generally, including concerning the development of the "Assumptions in 10-Year Projections" as set forth in the Creditors Proposal with respect to the "Legacy Expenditures" identified on page 95 of the Creditors Proposal.

5. All documents or communications between you and State Treasurer Andy Dillon, including the State Treasurer's aides and agents, concerning Article 9, Section 24 of the Michigan Constitution specifically or the vested pensions of City employees and former employees generally, including concerning the development of the "Assumptions in 10-Year

Projections" as set forth in the Creditors Proposal with respect to the "Legacy Expenditures" identified on page 95 of the Creditors Proposal.

6. All documents or communications relating to pensions of and pension plans (including the General Retirement System for the City of Detroit) for active and retired employees of the City of Detroit and its component units with any investment bankers, financial advisors, actuaries or actuarial consulting firms, law firms or accounting firms, including Milliman, Conway MacKenzie, Inc., Ernst & Young, Jones Day or Miller Buckfire. The terms "pensions" and "persion plans" include pension funding, a freeze of benefit accruals, unfunded actuarial liability, actuarial assumptions and the City's contribution obligations to the General Retirement System for the City of Detroit.

7. All documents or communications regarding a chapter 9 filing by the City, including the authorization for filing a chapter 9 petition in this Bankruptcy Case, that were sent by, sent to or received by you from any of the following: Governor Rick Snyder, State Treasurer Andy Dillon, any of the Governor's aides or agents, any of the State Treasurer's aides or agents; Detroit City Mayor Dave Bing and/or any staff employed in his office.

8. All documents or communications regarding a chapter 9 filing by the City, including the authorization for filing a chapter 9 petition in this Bankruptcy Case, that were sent by, sent to or received by you from any of the following: Miller Buckfire; Ernst & Young; Milliman; Conway MacKenzie, Inc.; Jones Day.

9. All documents or communications regarding the appointment of an Emergency Manager for the City sent by any of the following: Governor Rick Snyder and any of the Governor's aides or agents; State Treasurer Andy Dillon and any of the State Treasurer's aides or agents; Detroit City Mayor Dave Bing and any staff member employed by his office.

10. To any extent not covered by Request No. 9 above or otherwise, all documents or communications relating to Governor Rick Snyder's decision to authorize the filing of a chapter 9 bankruptcy petition by the City (including those communications that preceded the July 16, 2013 request from Orr), including the City's eligibility to file a petition under chapter 9, and Orr's request for authorization to file a chapter 9 bankruptcy petition.

11. All documents or communications relating to Governor Rick Snyder's decision not to place contingencies on the bankruptcy filing, including documents or communications relating to any consideration of whether contingencies should be included in light of Article 9, Section 24 of the Michigan Constitution or the vested pension benefits of City employees and former employees generally.

12. All documents or communications relating to Governor Snyder's decision to include the following statement in the July 18, 2013 Authorization to Commence Chapter 9 Bankruptcy Proceeding attached as Exhibit K to the Orr Declaration: "Federal law already contains the most important contingency—a requirement that the plan be legally executable. 11 U.S.C. 943(b)(4)."

13. All documents or communications relating to the Creditors Proposal, as the Proposal relates to pension benefits, the City's contribution obligations to the General Retirement System for the City of Detroit, funding for pension benefits, unfunded actuarial liability, any actuarial assumptions related to the foregiong, and retiree health benefits and "OPEB" liabilities, including but not limited to documents relating to the development of the Proposal's terms with respect to the General Retirement System, freezing pension accruals, accrued pension benefits and retiree health benefits and OPEB liabilities.

14. All documents or communications relating to the "City of Detroit June 20, 2013 Retiree Legacy Cost Restructuring Non-Uniform Retirees," as that document relates to pension benefits, the City's contribution obligations to the General Retirement System for the City of Detroit, funding for pension benefits, unfunded actuarial liability, any actuarial assumptions related to the foregiong, and retiree health benefits and OPEB liabilities, including but not limited to documents relating to the development of the "Objectives for Retiree Health Care Restructuring," "Proposed Retiree Health Care Restructuring and all sections related to pensions and pension funding.

15. All documents or communications concerning the assertions regarding pension benefits, pension funding, actuarial assumptions and methodology, interest rate assumptions and unfunded actuarial liability set forth in paragraphs 11-17 of the Declaration of Charles M. Moore in Support of the City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code.

16. All documents or communications with Milliman, Jones Day, Conway Mackenzie, Inc., Ernst & Young or Miller Buckfire concerning requests or instructions by you to Milliman to prepare analyses, projections, scenarios, valuations, or other studies regarding expected actuarial results for the General Retirement System of the City of Detroit.

17. All documents concerning any analyses, projections, scenarios, valuations or other studies prepared by Milliman regarding pension benefits or the General Retirement System for the City of Detroit, including copies of any such analyses, projections, scenarios, valuations or other studies.

18. All documents concerning any analyses, projections, scenarios, valuations or other studies prepared by Conway MacKenzie, Inc. regarding pension benefits or the General

Retirement System for the City of Detroit, including copies of any such analyses, projections, scenarios, valuations or other studies.

19. All documents concerning any efforts by you to satisfy the eligibility conditions set forth in 11 U.S.C. Section 109(c) of the Bankruptcy Code.

20. Any and all expert reports and draft expert reports, including without limitation business plans, redevelopment plans, financial reports, valuations and actuarial reports which you intend to use or may use at the trial concerning the City's eligibility for Chapter 9 bankruptcy scheduled by the Bankruptcy Court to begin on October 23, 2013 (the "Eligibility Trial").

21. Any and all other documents, communications or other tangible evidence you will use, or may use, at the Eligibility Trial.

Dated: New York, New York
August 23, 2013

        International Union, UAW

By: /s/ Babette A. Ceccotti
Cohen, Weiss and Simon LLP
Babette A. Ceccotti
330 West 42nd Street
New York, New York 10036-6976
T: 212-563-4100
F: 212-695-5436
bceccotti@cwsny.com

Niraj R. Ganatra (P63150)
Michael Nicholson (P33421)
8000 East Jefferson Avenue
Detroit, Michigan 48214
T: (313) 926-5216
F: (313) 926-5240
nganatra@uaw.net
mnicholson@uaw.net

*Attorneys for International Union, UAW*

- and -

William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, MI 48025
T: (248) 644-9200
billwertheimer@gmail.com

*Attorneys for Flowers Plaintiffs*