# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE OF SUBPOENAS TO RICHARD DALE SNYDER, DAVID BING, ANDREW DILLON, RICHARD L. BAIRD, LAMONT SATCHEL, DENNIS MUCHMORE, JOHN ROBERTS, ALLISON SCOTT, WILLIAM SCHUETTE, THOMAS QUASARANO, BRIAN DEVLIN, DARRELL BURKS, RONALD E. GOLDSBERRY, FREDERICK HEADEN, THOMAS H. MCTAVISH, KENNETH WHIPPLE, KYLE HERMAN, KENNETH A. BUCKFIRE, JAMES DOAK, CYNTHIA A. THOMAS, GUARAV MALHOTRA, CONWAY MCKENZIE, JUAN SANTAMBROGIO, DANIEL JERNEYCIC, KEVYN D. ORR, HARRY WILSON**

**TO PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, on the date hereof, The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees filed and served deposition subpoenas addressed to the following:

1. Governor Richard Dale Snyder

2. Mayor David Bing

3. Treasurer Andrew Dillon

4. Transformation Manager Richard L. Baird

5. Assistant Attorney General Brian Devlin

6. Director of Labor Relations Lamont Satchel

7. Chief of Staff Dennis Muchmore

8. John Roberts

9. Executive Director to Governor Allison Scott

10. Attorney General William Schuette

11. Assistant Attorney General Thomas Quasarano

12. Darrell Burks

13. Ronald E. Goldsberry

14. Frederick Headen

15. Thomas H. McTavish

16. Kenneth Whipple

17. Kyle Herman of Miller Buckfire

18. Kenneth A. Buckfire of Biller Buckfire

19. James Doak of Miller Buckfire

20. Cynthia A. Thomas of E&Y

21. Guarav Malhotra of E&Y

22. Juan Santambrogio of E&Y

23. Daniel Jerneycic of E&Y

24. Charles M. Moore of Conway McKenzie

25. Emergency Manager Kevyn D. Orr

26. Harry Wilson

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise agreed to by the undersigned counsel, the depositions will take place at the time and place set forth in each subpoena.

Dated:  August 23, 2013

**LOWENSTEIN SANDLER LLP**

By: /s/  *Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF ALLISON SCOTT PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE <u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Allison Scott is commanded to appear for a deposition (the "<u>Deposition</u>"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "<u>Subpoena</u>"), a copy of which is annexed hereto, on **September 19, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 16, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To: | For Notice Only:
---|---

Allison Scott
Executive Director to the Governor
Executive Office of the Governor
111 South Capitol Avenue
P.O. Box 30013
Lansing, MI 48909

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 19, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE<br>*/s/ Sharon L. Levine* | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                     DATE                             SIGNATURE OF SERVER

                                      _____

                                        ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

        (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

        (B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Allison Scott Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Allison Scott, Executive Director to the Governor, Executive Office of the Governor, 111 South Capitol Avenue, P.O. Box 30013, Lansing, MI 48909.


Dated:   August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF JOHN ROBERTS PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], John Roberts is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 16, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 13, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

28579/2
08/23/2013 26552487.2

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

**LOWENSTEIN SANDLER LLP**
By: */s/  Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

| To: | For Notice Only: |
|---|---|
| John Roberts | Heather Lennox |
| Executive Office of the Governor | Jones Day |
| 111 South Capitol Avenue | North Point |
| P.O. Box 30013 | 901 Lakeside Avenue |
| Lansing, MI 48909 | Cleveland, Ohio 44114-1190 |

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 16, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
DATE                                                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

-5-

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of John Roberts Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) John Roberts, Executive Office of the Governor, 111 South Capitol Avenue, P.O. Box 30013, Lansing, MI 48909.

Dated:    August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF KENNETH A. BUCKFIRE PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Kenneth A. Buckfire is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 20, 2013 at 9:45 a.m. (ET)**.  Written objections and responses to the Subpoena annexed hereto shall be served on or before September 17, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American
Federation of State, County and Municipal
Employees (AFSCME), AFL-CIO and Sub-Chapter
98, City of Detroit Retirees*

-3-

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE
UNDER THE BANKRUPTCY
CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To:                 For Notice Only:

Kenneth A. Buckfire           Heather Lennox
Miller Buckfire & Co. LLC      Jones Day
601 Lexington Avenue         North Point
22nd Floor                   901 Lakeside Avenue
New York, NY 10022         Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 20, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                                          SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Kenneth A. Buckfire Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Kenneth A. Buckfire, Miller Buckfire & Co. LLC, 601 Lexington Avenue, 22nd Floor, New York, NY 10022.

Dated:   August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF DAVID BING PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], David Bing, Mayor of the City of Detroit, is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 17, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 13, 2013 at 3:00 p.m. (ET).

28579/2
08/23/2013 26552012.2

PLEASE TAKE FURTHER NOTICE that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

PLEASE TAKE FURTHER NOTICE that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated: August 23, 2013

**LOWENSTEIN SANDLER LLP**
By: */s/ Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

           Debtor.

To:

For Notice Only:

Mayor David Bing
Mayor of the City of Detroit
Coleman A. Young Municipal Center
2 Woodward Avenue - Suite 1126
Detroit, MI 48226

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 17, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                       DATE                                 SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of David Bing Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Mayor David Bing, Coleman A. Young Municipal Center, 2 Woodward Avenue - Suite 1126, Detroit, MI 48226.

Dated:    August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98,
CITY OF DETROIT RETIREES FOR EXAMINATION OF KEVYN D. ORR
PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of

Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9*

*of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c)*

*of the Bankruptcy Code* [Docket No. 10], *Memorandum in Support of Statement of*

*Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], and

*Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of*

*Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* (the "Orr Declaration")

[Docket No. 11], Kevyn D. Orr, Emergency Manager for the City of Detroit, is commanded to

appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for

chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy

Code (the "Subpoena"), a copy of which is annexed hereto, on **September 16, 2013 at 9:45 a.m.**

**(ET)**.  Written objections and responses to the Subpoena annexed hereto shall be served on or

before September 13, 2013 at 3:00 p.m. (ET).

28579/2
08/23/2013 26554492.2

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: */s/  Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                    Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:

Kevyn D. Orr
Emergency Manager for the City of
    Detroit
Office of Emergency Manager
2 Woodward Avenue
Detroit, MI 48226

For Notice Only:

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 16, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | **MANNER OF SERVICE** |
| **SERVED BY (PRINT NAME)** | | **TITLE** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
DATE                                                                      SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and

        (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

        (B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Kevyn D. Orr Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Kevyn D. Orr, Emergency Manager for the City of Detroit, Office of Emergency Manager, 2 Woodward Avenue, Detroit, MI 48226.


Dated:    August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF RICHARD DALE SNYDER PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Richard Dale Snyder, Governor of the State of Michigan, is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 17, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 13, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:  August 23, 2013

**LOWENSTEIN SANDLER LLP**
By: */s/  Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:                      For Notice Only:

Richard Dale Snyder         Heather Lennox
Executive Office of the Governor   Jones Day
111 South Capitol Avenue      North Point
P.O. Box 30013              901 Lakeside Avenue
Lansing, MI 48909         Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 17, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| | DATE: | PLACE: |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              DATE                                    SIGNATURE OF SERVER


                                                      _____
                                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information;

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | )    Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | )    Case No. 13-53846 |
| | ) |
| Debtor. | )    Hon. Steven W. Rhodes |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Richard Dale Snyder Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Richard Dale Snyder, Executive Office of the Governor, 111 South Capitol Avenue, P.O. Box 30013, Lansing, MI 48909.

Dated:    August 23, 2013

                                       */s/ Sharon L. Levine*
                                       Sharon L. Levine, Esq.
                                       **LOWENSTEIN SANDLER LLP**
                                       65 Livingston Avenue
                                       Roseland, New Jersey 07068
                                       (973) 597-2500 (Telephone)
                                       slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF LAMONT SATCHEL PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE <u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Lamont Satchel, Director of Labor Relations for the City of Detroit, is commanded to appear for a deposition (the "<u>Deposition</u>"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "<u>Subpoena</u>"), a copy of which is annexed hereto, on **September 17, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 13, 2013 at 3:00 p.m. (ET).

28579/2
08/23/2013 26552248.2

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To:                                   For Notice Only:

Lamont Satchel                        Heather Lennox
Director of Labor Relations           Jones Day
   for the City of Detroit           North Point
Coleman A. Young Municipal Center     901 Lakeside Avenue
2 Woodward Avenue, Suite 316          Cleveland, Ohio 44114-1190
Detroit, Michigan 48226

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 17, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ _____
DATE                                                                SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information;

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| | |
|---|---|
| In re: | )    Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | )    Case No. 13-53846 |
| | ) |
|            Debtor. | )    Hon. Steven W. Rhodes |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Lamont Satchel Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Lamont Satchel, Director of Labor Relations for the City of Detroit, Coleman A. Young Municipal Center, 2 Woodward Avenue, Suite 316, Detroit, Michigan 48226.

Dated:    August 23, 2013                    */s/ Sharon L. Levine*
                                          Sharon L. Levine, Esq.
                                          **LOWENSTEIN SANDLER LLP**
                                          65 Livingston Avenue
                                          Roseland, New Jersey 07068
                                          (973) 597-2500 (Telephone)
                                          slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF RICHARD BAIRD PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Richard Baird is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 18, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 13, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

28579/2
08/23/2013 26552443.2

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated: August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To: | For Notice Only:

Richard Baird
Executive Office of the Governor
111 South Capitol Avenue
P.O. Box 30013
Lansing, MI 48909

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 18, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                                    DATE                                    SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information;

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and

-5-

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Richard Baird Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Richard Baird, Executive Office of the Governor, 111 South Capitol Avenue, P.O. Box 30013, Lansing, MI 48909.

Dated:    August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF ANDREW DILLON PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Andrew Dillon, Treasurer for the State of Michigan, is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 18, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 13, 2013 at 3:00 p.m. (ET).

28579/2
08/23/2013 26552340.2

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

**SUBPOENA IN A CASE
UNDER THE BANKRUPTCY
CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:                                                  For Notice Only:

Andrew Dillon                                        Heather Lennox
Michigan Department of Treasury                      Jones Day
Austin Building                                      North Point
430 W. Allegan Street                                901 Lakeside Avenue
Lansing, MI 48922                                    Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 18, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| | DATE: | PLACE: |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
　　　　　　　　　　　DATE　　　　　　　　　　　　　　　SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
　　(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
　　(2) Command to Produce Materials or Permit Inspection.
　　(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
　　(3) Quashing or Modifying a Subpoena
　　(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　　(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information;

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
　　(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
　　(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
　　(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
　　(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　　(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　　(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
　　(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　　(2) Claiming Privilege or Protection.
　　(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Andrew Dillon Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Andrew Dillon, Michigan Department of Treasury, Austin Building, 430 W. Allegan Street, Lansing, MI 48922.

Dated:  August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|                              |   |                          |
|------------------------------|---|--------------------------|
| In re:                       | ) | Chapter 9                |
|                              | ) |                          |
| CITY OF DETROIT, MICHIGAN,   | ) | Case No. 13-53846        |
|                              | ) |                          |
| Debtor.                      | ) | Hon. Steven W. Rhodes    |
|                              | ) |                          |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98,
CITY OF DETROIT RETIREES FOR EXAMINATION OF DENNIS MUCHMORE
PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of

Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9*

*of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c)*

*of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of*

*Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Dennis

Muchmore is commanded to appear for a deposition (the "Deposition"), on matters related to the

City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case

Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September**

**18, 2013 at 9:45 a.m. (ET)**.  Written objections and responses to the Subpoena annexed hereto

shall be served on or before September 13, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the

offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:

Dennis Muchmore
Chief of Staff
Executive Office of the Governor
111 South Capitol Avenue
P.O. Box 30013
Lansing, MI 48909

For Notice Only:

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 18, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

-4-

# PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                   DATE                                           SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

-5-

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Dennis Muchmore Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Dennis Muchmore, Chief of Staff, Executive Office of the Governor, 111 South Capitol Avenue, P.O. Box 30013, Lansing, MI 48909.

Dated:   August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF WILLIAM DUNCAN SCHUETTE PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], William Duncan Schuette, Attorney General for the State of Michigan, is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 19, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 16, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

-2-

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To:

For Notice Only:

William Schuette
Attorney General
   for the State of Michigan
Cadillac Place, 10th Floor
3030 W. Grand Blvd., Suite 10-200
Detroit, MI 48202.

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 19, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | **MANNER OF SERVICE** |
| **SERVED BY (PRINT NAME)** | | **TITLE** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____   _____
        DATE                 SIGNATURE OF SERVER

                         _____
                         ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

-5-

13-53846-tjt  Doc 600  Filed 08/23/13  Entered 08/23/13 18:26:55  Page 78 of 185

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of William Schuette Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, and (3) the Attorney General for the State of Michigan, William Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202.


Dated:  August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF THOMAS QUASARANO PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Thomas Quasarano is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 19, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 16, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

28579/2
08/23/2013 26552596.2

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE
UNDER THE
BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

                         Debtor.

Case No.: 13-53846
(SWR) Chapter 9

| To: | For Notice Only: |
|---|---|
| Thomas Quasarano | Heather Lennox |
| Assistant Attorney General | Jones Day |
| Michigan Department of Attorney General | North Point |
| Cadillac Place, 10th Floor | 901 Lakeside Avenue |
| 3030 W. Grand Blvd., Suite 10-200 | Cleveland, Ohio 44114-1190 |
| Detroit, MI 48202 | |

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 19, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                  DATE                                  SIGNATURE OF SERVER

                                    _____
                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Thomas Quasarano Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Thomas Quasarano, Assistant Attorney General, Michigan Department of Attorney General, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202.

Dated:    August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF KYLE HERMAN PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Kyle Herman is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 20, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 17, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

              Debtor.

**SUBPOENA IN A CASE
UNDER THE BANKRUPTCY
CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:                    For Notice Only:

Kyle Herman           Heather Lennox
Miller Buckfire & Co. LLC    Jones Day
601 Lexington Avenue      North Point
22nd Floor              901 Lakeside Avenue
New York, NY 10022       Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 20, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

-4-

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                        DATE                                        SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information;

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Kyle Herman Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Kyle Herman, Miller Buckfire & Co. LLC, 601 Lexington Avenue, 22nd Floor, New York, NY 10022.


Dated:    August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF BRIAN DEVLIN PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Brian Devlin is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 20, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 17, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Of Page Intentionally Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Debtor.

Case No.: 13-53846 (SWR) Chapter 9

To:

Brian Devlin
Michigan Department of Attorney General
Cadillac Place, 10th Floor
3030 W. Grand Blvd., Suite 10-200
Detroit, MI 48202

For Notice Only:

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 20, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
       DATE           SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.

-5-

(A)  Information Withheld.  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      (i)  expressly make the claim; and

      (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Brian Devlin Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Brian Devlin, Michigan Department of Attorney General, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202.

Dated:    August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF CYNTHIA A. THOMAS PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Cynthia A. Thomas is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 23, 2013 at 9:45 a.m. (ET)**.  Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated: August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/ Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

         Debtor.

To:

For Notice Only:

Cynthia A. Thomas
Ernst & Young
155 N Wacker Dr, Ste 2000,
Chicago, IL 60606-1721

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 23, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                                      DATE                                              SIGNATURE OF SERVER

                                                         _____
                                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1)  Avoiding Undue Burden or Expense; Sanctions.  A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2)  Command to Produce Materials or Permit Inspection.
    (A)  Appearance Not Required.  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B)  Objections.  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested.  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:
        (i)  At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
        (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3)  Quashing or Modifying a Subpoena
    (A)  When Required.  On timely motion, the issuing court must quash or modify a subpoena that:
        (i)  fails to allow a reasonable time to comply;
        (ii)  requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
        (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv)  subjects a person to undue burden.
    (B)  When Permitted.  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
        (i)  disclosing a trade secret or other confidential research, development, or commercial information;

        (ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
        (iii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C)  Specifying Conditions as an Alternative.  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii)  ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1)  Producing Documents or Electronically Stored Information.  These procedures apply to producing documents or electronically stored information:
    (A)  Documents.  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B)  Form for Producing Electronically Stored Information Not Specified.  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C)  Electronically Stored Information Produced in Only One Form.  The person responding need not produce the same electronically stored information in more than one form.
    (D)  Inaccessible Electronically Stored Information.  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
    (2)  Claiming Privilege or Protection.
    (A)  Information Withheld.  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i)  expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Cynthia A. Thomas Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Cynthia A. Thomas, Ernst & Young, 155 N Wacker Dr, Ste 2000, Chicago, IL 60606-1721.

Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF JAMES DOAK PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], James Doak is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 23, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American
Federation of State, County and Municipal
Employees (AFSCME), AFL-CIO and Sub-Chapter
98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To:

For Notice Only:

| | |
|---|---|
| James Doak | Heather Lennox |
| Miller Buckfire & Co. LLC | Jones Day |
| 601 Lexington Avenue | North Point |
| 22nd Floor | 901 Lakeside Avenue |
| New York, NY 10022 | Cleveland, Ohio 44114-1190 |

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 23, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                         SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
   (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena
   (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
   (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

|  |  |
|---|---|
| In re: | ) |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) |
| | ) |
| Debtor. | ) |
| | ) |

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of James Doak Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) James Doak, Miller Buckfire & Co. LLC, 601 Lexington Avenue, 22nd Floor, New York, NY 10022.

Dated:    August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF GUARAV MALHOTRA PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], and *Declaration of Guarav Malhotra in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* (the "Malhotra Declaration") [Docket No. 12], Guarav Malhotra is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 23, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

**SUBPOENA IN A CASE
UNDER THE BANKRUPTCY
CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:                                        For Notice Only:

Guarav Malhotra                            Heather Lennox
Ernst & Young                              Jones Day
155 N Wacker Dr Ste 2000                   North Point
Chicago, IL 60606-1721                     901 Lakeside Avenue
                                           Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 23, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | **MANNER OF SERVICE** |
| **SERVED BY (PRINT NAME)** | | **TITLE** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                          SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Guarav Malhotra Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Guarav Malhotra, 155 N Wacker Dr Ste 2000, Chicago, IL 60606-1721.

Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

28579/2
08/23/2013 26553172.2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF DANIEL JERNEYCIC PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Daniel Jerneycic is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 24, 2013 at 9:45 a.m. (ET)**.  Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  *Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To:             For Notice Only:

Daniel Jerneycic         Heather Lennox
Ernst & Young            Jones Day
155 N Wacker Dr Ste 2000   North Point
Chicago, IL 60606-1721     901 Lakeside Avenue
                            Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 24, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                 DATE                                SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Daniel Jerneycic Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Daniel Jerneycic, Ernst & Young, 155 N Wacker Dr, Ste 2000, Chicago, IL 60606-1721.

Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98,
CITY OF DETROIT RETIREES FOR EXAMINATION OF CHARLES M. MOORE
PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of

Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9*

*of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c)*

*of the Bankruptcy Code* [Docket No. 10], *Memorandum in Support of Statement of*

*Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], and

*Declaration of Charles M. Moore in Support of Detroit, Michigan's Statement of Qualifications*

*Pursuant to Section 109(c) of the Bankruptcy Code* (the "Moore Declaration") [Docket No. 13],

Charles Moore is commanded to appear for a deposition (the "Deposition"), on matters related to

the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a

Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on

**September 24, 2013 at 9:45 a.m. (ET)**.  Written objections and responses to the Subpoena

annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated: August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/ Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To:                          For Notice Only:

Charles Moore                Heather Lennox
Conway McKenzie              Jones Day
401 S. Old Woodward, Suite 340   North Point
Birmingham, MI 48009         901 Lakeside Avenue
                             Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 24, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                                                   SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
   (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena
   (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
   (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
   (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
   (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

-5-

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Charles Moore Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Charles Moore, Conway McKenzie, 401 S. Old Woodward, Suite 340, Birmingham, MI 48009.

Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF JUAN SANTAMBROGIO PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE <u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Juan Santambrogio is commanded to appear for a deposition (the "<u>Deposition</u>"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "<u>Subpoena</u>"), a copy of which is annexed hereto, on **September 24, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

| To: | For Notice Only: |
|---|---|
| Juan Santambrogio<br>Ernst & Young<br>155 N Wacker Dr Ste 2000<br>Chicago, IL 60606-1721 | Heather Lennox<br>Jones Day<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114-1190 |

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 24, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>*/s/ Sharon L. Levine* | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

-4-

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____

DATE                                                      SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Juan Santambrogio Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Juan Santambrogio, Ernst & Young, 155 N Wacker Dr Ste 2000, Chicago, IL 60606-1721.


Dated:   August 23, 2013

                        */s/ Sharon L. Levine*
                        Sharon L. Levine, Esq.
                        **LOWENSTEIN SANDLER LLP**
                        65 Livingston Avenue
                        Roseland, New Jersey 07068
                        (973) 597-2500 (Telephone)
                        slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF RONALD E. GOLDSBERRY PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Ronald E. Goldsberry is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 25, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

**LOWENSTEIN SANDLER LLP**
By: */s/  Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:

Ronald E. Goldsberry
c/o Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

For Notice Only:

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 25, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

-4-

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
DATE                                             SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Ronald E. Goldsberry Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Ronald E. Goldsberry, c/o Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.

Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF FREDERICK HEADEN PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Frederick Headen is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 25, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American
Federation of State, County and Municipal
Employees (AFSCME), AFL-CIO and Sub-Chapter
98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

CITY OF DETROIT, MICHIGAN,

Case No.: 13-53846 (SWR)
Chapter 9

Debtor.

To:                          For Notice Only:

Frederick Headen            Heather Lennox
c/o Jones Day               Jones Day
North Point                 North Point
901 Lakeside Avenue         901 Lakeside Avenue
Cleveland, Ohio 44114-1190  Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 25, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                             SIGNATURE OF SERVER

                                                      _____
                                                        ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

-5-

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Frederick Headen Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Frederick Headen, c/o Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.


Dated:    August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF DARRELL BURKS PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Darrell Burks is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 25, 2013 at 9:45 a.m. (ET).** Written objections and responses to the Subpoena annexed hereto shall be served on or before September 20, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "<u>AFSCME</u>") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Of Page Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  *Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:                      For Notice Only:

Darrell Burks             Heather Lennox
c/o Jones Day            Jones Day
North Point              North Point
901 Lakeside Avenue     901 Lakeside Avenue
Cleveland, Ohio 44114-1190   Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 25, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

-4-

## PROOF OF SERVICE

| **SERVED** | DATE: | PLACE: |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
           DATE                       SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

-5-

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Darrell Burks Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Darrell Burks, c/o Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.

Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF KENNETH WHIPPLE PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, and in connection with *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Kenneth Whipple is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 26, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 23, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

             Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:

Kenneth Whipple
c/o Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

For Notice Only:

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 26, 2013 at 9:45 a.m. (ET)** |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sharon L. Levine | August 23, 2013 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|--------|-------|--------|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                    DATE                       SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information;

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
        (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and

-5-

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Kenneth Whipple Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Kenneth Whipple, c/o Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.

Dated:    August 23, 2013

/s/ Sharon L. Levine
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF HARRY WILSON PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], Harry Wilson is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 26, 2013 at 9:45 a.m. (ET)**. Written objections and responses to the Subpoena annexed hereto shall be served on or before September 23, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West

Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

   **PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP

By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:                        For Notice Only:

Harry Wilson             Heather Lennox
c/o Jones Day            Jones Day
North Point               North Point
901 Lakeside Avenue      901 Lakeside Avenue
Cleveland, Ohio 44114-1190  Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 26, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

-4-

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                SIGNATURE OF SERVER


_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Harry Wilson Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Harry Wilson, c/o Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.


Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98,
CITY OF DETROIT RETIREES FOR EXAMINATION OF THOMAS H. MCTAVISH
PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of

Civil Procedure, made applicable to this proceeding by Rules 9014 and 9016 of the Federal

Rules of Bankruptcy Procedure, and in connection with the *Debtor's Petition to Obtain Relief

Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant

to Section 109(c) of the Bankruptcy Code* [Docket No. 10], and *Memorandum in Support of

Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14],

Thomas H. McTavish is commanded to appear for a deposition (the "Deposition"), on matters

related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the

Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed

hereto, on **September 26, 2013 at 9:45 a.m. (ET)**.  Written objections and responses to the

Subpoena annexed hereto shall be served on or before September 23, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the

offices of The Michigan Council 25 of the American Federation of State, County & Municipal

Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 23, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                    Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:

Thomas H. McTavish
c/o Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

For Notice Only:

Heather Lennox
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 26, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 23, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| SERVED | DATE: | PLACE: |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | MANNER OF SERVICE |
| **SERVED BY (PRINT NAME)** | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                                             SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e)  Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Thomas H. McTavish Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was sent *via* first class mail to (1) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190, (2) the Attorney General for the United States of America, Eric Holder, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, (3) the Attorney General for the State of Michigan, Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202, and (4) Thomas H. McTavish, c/o Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.

Dated:   August 23, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com