UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
:
In re                                   :   Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              :   Case No. 13-53846
                                        :
                    Debtor.             :   Hon. Steven W. Rhodes
                                        :
                                        :
---------------------------------------------------------x

# DEBTOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO RETIREE ASSOCIATION PARTIES

Debtor submits the following requests for production of documents to the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), and Detroit Retired City Employees Association ("DRCEA"), (collectively, "Retiree Association Parties") pursuant to this Court's order of August 2, 2013 (DE #0280). All responsive documents are to be produced to Debtor's counsel in accordance with the Instructions below, unless otherwise agreed by the Debtor and Retiree Association Parties.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Debtor's requests for production:

1. "Retirement Systems" means the General Retirement System of the City of Detroit ("GRS") and the Police and Fire Retirement System of the City of Detroit ("PFRS"), collectively.

2. "Document" shall be used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither, and further includes any and every manner of information recordation, storage, transmission, or retrieval, including, but not limited to (a) typing, handwriting, printing, or any other form of writing or marking on paper or other material; (b) tape recordings, microfilms, microfiche, and photocopies; and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, disks, or other storage materials).

3. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether

orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

4. The word "person" means any natural or artificial person, including business entities and other legal entities

5. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

6. The use of the word "including" shall be construed to mean "without limitation."

7. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

8. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

9. The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

10. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should

be produced which are not subject to an objection and are known by, possessed or controlled by, or available to the Retiree Associate Parties or any of their attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

11. In the event one or both of the Retiree Association Parties assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document production request, the balance of the document production request should be answered in full. With respect to any document which is withheld on a claim of privilege, the Retiree Association Parties shall provide, at the time its responses are due hereunder, a statement setting forth as to each such document the following information:

        a. the name(s) of the sender(s) of the document;

        b. the name(s) of the author(s) of the document;

        c. the name(s) of the person(s) to whom the document or copies were sent;

        d. the date of the document;

e. a brief description of the nature and subject matter of the document; and

f. the nature of the privilege or the authority which is claimed to give rise to it.

12. If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

a. the type of document;

b. a description of the nature and contents of the document;

c. the identity of the author;

d. the circumstances under which it ceased to exist, was lost, mislaid, or otherwise missing;

e. the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist, was lost, mislaid or otherwise missing; and

f. the identity of all Person(s) who had knowledge of the contents.

13. Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response

to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information to Debtor without delay.

## Document Requests

1. All documents relating to the authority of the Retired Detroit Police and Fire Fighters Association ("RDPFFA") to act as the legal representative of retired former employees of the City of Detroit.

RESPONSE:

2. All documents relating to the authority of the Detroit Retired City Employees Association ("DRCEA") to act as the legal representative of retired former employees of the City of Detroit.

RESPONSE:

3. All documents that support the statement in Paragraph 22 of the Retiree Associations' Combined Objections that "retirees are represented and organized through the Retiree associations."

RESPONSE:

4. All documents relating to any agreement entered into by RDPFFA and the City of Detroit in which RDPFFA agreed to reduce, limit, or abridge the health benefits provided by the City of Detroit to existing RDPFFA member retirees.

RESPONSE:


5. All documents relating to any attempt prior to July 19, 2013, by RDPFFA to obtain any form of legal authority from its members to appoint RDPFFA as their representative in connection with negotiations to reduce, limit, or abridge health benefits provided by the City of Detroit to RDPFFA retirees.

RESPONSE:


6. All documents relating to any attempt prior to July 19, 2013, by RDPFFA to obtain any form of legal authority from its members to appoint RDPFFA as their representative in connection with negotiations to reduce, limit, or abridge pension rights or benefits – on a prospective basis only – provided by the Police and Fire Retirement System of the City of Detroit ("PFRS").

RESPONSE:

7. All documents relating to any agreement entered into by DRCEA and the City of Detroit in which DRCEA agreed to reduce, limit, or abridge the health benefits provided by the City of Detroit to existing DRCEA retirees.

RESPONSE:


8. All documents relating to any attempt prior to July 19, 2013 by DRCEA to obtain any form of legal authority from its members to appoint DRCEA their representative in connection with negotiations to reduce, limit, or abridge health benefits provided by the City of Detroit to DRCEA retirees.

RESPONSE:


9. All documents relating to any attempt prior to July 19, 2013 by DRCEA to obtain any form of legal authority from its members to appoint DRCEA as their representative in connection with DRCEA negotiations to reduce, limit, or abridge pension benefits – on a prospective basis only – provided by the GRS.

RESPONSE:

10. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by RDPFFA to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the PFRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the PFRS at each of the following meetings:

   a. The June 14, 2013, City of Detroit Proposal for Creditors;

   b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

   c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

RESPONSE:


11. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by DRCEA to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the GRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the

proposals the City of Detroit made respecting the GRS at each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

    b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

    c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.[1]

RESPONSE:


12. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by RDPFFA to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any health benefits provided to existing retiree members of RDPFFA, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting retiree health benefits at each of the following meetings:

---

[1] The July 11, 2013, meeting was conducted pursuant to an agreement regarding Michigan Rule of Evidence and Federal Rule of Evidence 408. Accordingly, these document requests should not be read to include a requirement to disclose documents, to the extent any exist, produced or discussed at such meeting.

a. The June 14, 2013, City of Detroit Proposal for Creditors;

   b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

   c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

RESPONSE:


13. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by DRCEA to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any health benefits provided to existing retiree members of DRCEA, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting retiree health benefits at each of the following meetings:

   a. The June 14, 2013, City of Detroit Proposal for Creditors;

   b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

RESPONSE:

14. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by any Retiree Association Party regarding the City of Detroit's financial health, including but not limited to, the City's cash flow, budgets, projected budgets, ability/inability to pay its debts when they become due, or ability/inability to provide civic services.

RESPONSE:

Dated: August 23, 2013                    Respectfully submitted,

    /s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com


ATTORNEYS FOR THE CITY OF DETROIT