UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-------------------------------------------------x
                                          :
In re                                     :    Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :    Case No. 13-53846
                                          :
                    Debtor.               :    Hon. Steven W. Rhodes
                                          :
                                          :
-------------------------------------------------x
```

## DEBTOR'S FIRST INTERROGATORIES TO DETROIT RETIREMENT SYSTEMS

Debtor hereby serves the following interrogatories to the Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS") (collectively, the "Retirement Systems") pursuant to this Court's order of August 2, 2013 (DE #0280). All responses must be answered by the Retirement Systems fully in writing, under oath, by September 13, 2013. *See* DE #0280.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to Debtor's Interrogatories:

1. "Retirement Systems" means the General Retirement System of the City of Detroit ("GRS") and the Police and Fire Retirement System of the City of Detroit ("PFRS"), collectively.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. The word "person" means any natural or artificial person, including business entities and other legal entities.

4. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

5. The use of the word "including" shall be construed to mean "without limitation."

6. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

7. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

8. To "state the basis" means to provide the complete factual summary of each element of the claim, allegation, or denial. The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation, or denial.

9. "Identify" or "describe" means the following:

   a. When used in connection with natural persons, "identify" or "describe" means to state the person's full name, present business address (or home address) and telephone number, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

   b. When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es), telephone number(s), and organization form (*e.g.*, corporation, sole proprietorship, partnership, joint venture, etc.).

   c. When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place,

date, and time of its occurrence, and the persons and/or entities engaged in the act.

d. When used in connection with documents, "identify" or "describe" means to state the nature of the document (*e.g.*, memorandum, letter, notes, etc.), its author(s), its addressee(s) or recipient(s), its title or subject matter, and a date. If the document has already been produced, it can be identified by the number given to it at the time of production. If the document has not been previously produced, then Debtor requests that it be produced, pursuant to Fed. R. Civ. P. 34, along with the Retirement Systems' response to these interrogatories.

e. When used in connection with an oral communication, "identify" or "describe" means to state the time, date, place, and means of the oral communication (*e.g.*, telephone, personal meeting, etc.), the identity of all persons participating in the oral communication, the identity of persons hearing the oral communication, and a detailed description of the oral communication.

10. In answering these interrogatories, the Retirement Systems shall furnish all information known or available. If any of these

interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

11. In the event Retirement Systems assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the interrogatory, the balance of the interrogatory should be answered in full.

**Interrogatories**

1. Please identify the person or persons for GRS who decided which actuarial assumptions and methods to use for each GRS annual actuarial report from 2004 to the present.

RESPONSE:

2. Please identify the person or persons for PFRS who decided which actuarial assumptions and methods to use in each PFRS annual actuarial report from 2004 to the present.

RESPONSE:

3. Please describe any authority delegated to or otherwise possessed by the trustees of GRS (anytime from 2004 to the present) to eliminate or reduce – on a prospective basis only – the benefits, rights and features (including, but not limited to, the elements of the pension formula) of the pensions provided to GRS participants who are already retired or terminated from the City of Detroit.

RESPONSE:

4. If the authority described in Interrogatory No. 3 exists (or did exist), please describe any instances in which the trustees either exercised such authority or discussed exercising such authority.

RESPONSE:

5. Please describe any authority delegated to or otherwise possessed by the trustees of GRS (from 2004 to the present) to eliminate or reduce – on a prospective basis only – the benefits, rights and features (including, but not

limited to, the elements of the pension formula) of the pensions provided to GRS participants who are actively employed by the City of Detroit.

RESPONSE:

6. If the authority described in Interrogatory No. 5 exists (or did exist), please describe any instances in which the trustees either exercised such authority or discussed exercising such authority.

RESPONSE:

7. Please describe any authority delegated to or otherwise possessed by the trustees of PFRS (from 2004 to the present) to eliminate or reduce – on a prospective basis only – the benefits, rights and features (including, but not limited to, the elements of the pension formula) of the pensions provided to PFRS participants who are already retired or terminated from the City of Detroit.

RESPONSE:

8. If the authority described in Interrogatory No. 7 exists (or did exist), please describe any instances in which the trustees either exercised such authority or discussed exercising such authority.

RESPONSE:

9. Please describe any authority delegated to or otherwise possessed by the trustees of PFRS (from 2004 to the present) to eliminate or reduce – on a prospective basis only – the benefit, rights and features (including, but not limited to, the elements of the pension formula) of the pensions provided to PFRS participants who are actively employed by the City of Detroit.

RESPONSE:

10. If the authority described in Interrogatory No. 9 exists (or did exist), please describe any instances in which the trustees either exercised such authority or discussed exercising such authority.

RESPONSE:

11. Please identify a lead person or persons who have knowledge of any feedback, criticism, reactions, proposals, or counterproposals made by GRS to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefit, rights and features of the GRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the GRS at each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

    b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

    c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

RESPONSE:

12. Please identify a lead person or persons who have knowledge of any feedback, criticism, reactions, proposals, or counterproposals made by PFRS to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefit, rights and features of the PFRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made at each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

    b. The June 20, 2013, presentation by the City of Detroit's professional advisors o the Retirement Systems, unions, and retiree associations, by the City of Detroit's professional advisors; and

    c. The July 11, 2013, presentation by the City of Detroit's professional advisors.

RESPONSE:

13. Identify all documents you intend to use as exhibits at the hearing regarding the eligibility of the City of Detroit to proceed under Chapter 9, including demonstrative exhibits.

RESPONSE:

14. Identify all witnesses you intend to call for any purpose at the hearing regarding the eligibility of the City of Detroit to proceed under Chapter 9.

RESPONSE:

15. Identify all experts whom you intend to call to testify at the hearing regarding the eligibility of the City of Detroit to proceed under Chapter 9 and identify their area of expertise.

RESPONSE:

Dated: August 23, 2013					Respectfully submitted,

  /s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT