UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**DETROIT RETIREMENT SYSTEMS' FIRST REQUESTS FOR ADMISSION DIRECTED TO THE CITY OF DETROIT, MICHIGAN**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026, 7036 and 9014(c) of the Federal Rules of Bankruptcy Procedure, the Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") hereby request that the City of Detroit, Michigan respond to the following requests for admissions (the "Requests for Admission"):

A. DEFINITIONS

1. "**Accrued Financial Benefits**" shall have the same meaning as ascribed to that term in Article IX, section 24 of the Michigan Constitution.

2. "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. § 101, *et seq*.

3. "**Bankruptcy Recommendation**" means the letter attached as Exhibit J to the Orr Declaration (defined below) delivered on or about July 16, 2013 to the Governor (defined below) and Andy Dillon, the Treasurer of the State of Michigan, recommending, pursuant to section 18(l) of PA 436 (defined below) that the City of Detroit, Michigan be authorized to file a case under Chapter 9 of the Bankruptcy Code.

4. "**Chapter 9 Case**" means the bankruptcy case commenced by the City of Detroit, Michigan, pursuant to chapter 9 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Michigan, case number 13-53846.

5. "**City**" means the City of Detroit, Michigan, and, as applicable, its officers, employees, representatives, attorneys, advisors, and/or agents.

6. "**Eligibility Objection**" means the Objection of the Detroit Retirement Systems to the Eligibility of the City of Detroit, Michigan to Be a Debtor Under Chapter 9 of the Bankruptcy Code filed in this Chapter 9 Case [Docket No. 519].

7. "**Emergency Manager**" means Kevyn D. Orr, the emergency manager for the City pursuant to PA 436.

8. "**Governor**" means Richard D. Snyder, Governor of the State of Michigan.

9. "**Governor's Authorization**" means the letter, attached as Exhibit K to the Orr Declaration, sent by the Governor to the Emergency Manager purporting to authorize the Emergency Manager to commence the Chapter 9 Case on behalf of the City.

10. "**GRS**" means the General Retirement System of the City of Detroit, and its agents and representatives.

11. "**Orr Declaration**" means the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code filed in the Chapter 9 Case [Docket No. 11].

12. "**PA 436**" means Michigan's Public Act 436, the Local Financial Stability and Choice Act, M.C.L. § 141.1541, *et seq.*

13. "**Person**" means a natural person, a partnership, a corporation, an unincorporated association, a professional association, or other form of entity.

14. "**Petition Date**" means July 18, 2013.

15. "**PFRS**" means the Police and Fire Retirement System of the City of Detroit, and its agents and representatives.

16. "**Restructuring Proposal**" means the City of Detroit Proposal for Creditors dated June 14, 2013.

17. "**Retirement Systems**" means the GRS together with the PFRS.

18. "**You**" or "**your**" means the City and, as applicable, its officers, employees, representatives, attorneys, and/or agents of each of them.

19. **Miscellaneous**. Terms not otherwise defined herein shall have the meanings ascribed to them in the Bankruptcy Code. The singular includes the plural and vice versa; the masculine gender includes the feminine and neuter genders and vice versa; "and" includes "or" and vice versa.

B. INSTRUCTIONS

1. If a matter is not admitted, the answer must specifically deny it or state in detail why you cannot truthfully admit or deny it.

2. A denial must fairly respond to the substance of the matter; and when good faith requires that you qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

3. You may assert lack of knowledge or information as a reason for failing to admit or deny only if you state that you have made reasonable inquiry and the information you know or can readily obtain is insufficient to enable you to admit or deny.

4. The grounds for objecting to a request must be stated. You may not object solely on the ground that the request presents a genuine issue for trial.

C.   RESERVATION OF RIGHTS

The Retirement Systems reserve the right to serve additional requests for admission upon the City after receiving the City's response to the Retirement Systems' Eligibility Objection, due on September 6, 2013.

D.   REQUESTS FOR ADMISSION

1.   Admit that Article IX, section 24 of the Michigan Constitution prohibits Accrued Financial Benefits from being impaired or diminished.

ANSWER:


2.   Admit that Article IX, section 24 of the Michigan Constitution prohibits the Governor from taking any action, directly or indirectly by authorizing action by a third party, that diminishes or impairs Accrued Financial Benefits.

ANSWER:


3.   Admit that Article IX, section 24 of the Michigan Constitution prohibits the City from taking any action that diminishes or impairs Accrued Financial Benefits.

5

ANSWER:

4. Admit that the Governor has no authority under the Michigan Constitution to authorize a case under chapter 9 of the Bankruptcy Code pursuant to which Accrued Financial Benefits will be diminished or impaired.

ANSWER:

5. Admit that the Restructuring Proposal proposes to impair or diminish Accrued Financial Benefits of the participants of the Retirement Systems.

ANSWER:

6. Admit that the Bankruptcy Recommendation proposes, among other things, to diminish or impair Accrued Financial Benefits of the participants in the Retirement Systems.

ANSWER:

7. Admit that the Governor's Authorization adopts the Bankruptcy Recommendation without modification.

ANSWER:

8. Admit that by adopting and approving the Bankruptcy Recommendation, including its proposal to diminish or impair Accrued Financial Benefits, the Governor's Authorization violated Article IX, section 24 of the Michigan Constitution.

ANSWER:

9. Admit that the Governor's Authorization could have included, under PA 436, a contingency prohibiting the diminishment or impairment of Accrued Financial Benefits.

ANSWER:

10. Admit that the Governor's Authorization, having no contingencies limiting the proposal under the Bankruptcy Recommendation or otherwise

prohibiting the City from seeking to diminish or impair Accrued Financial Benefits through this Chapter 9 Case, violated Article IX, section 24 of the Michigan Constitution.

ANSWER:

11. Admit that the Governor's Authorization enables the City to seek to diminish or impair Accrued Financial Benefits through this Chapter 9 Case.

ANSWER:

12. Admit that the City intends to seek to diminish or impair the Accrued Financial Benefits of the participants in the Retirement Systems through this Chapter 9 Case.

ANSWER:

13. Admit that, prior to June 14, 2013, no restructuring proposal had been made by the City and/or the Emergency Manager to the Retirement Systems.

ANSWER:

14. Admit that neither the City nor the Emergency Manager or his advisors had any bilateral negotiations with the Retirement Systems prior to the Petition Date.

ANSWER:

15. Admit that, as of the Petition Date, the financial information provided by the City to creditors in support of its Restructuring Proposal was not comprehensive of all material information relating to the City's financial condition and did not include certain material financial information, including, but not limited to, projected cash flows to the City from the creation of a Water Authority and income from any sale or other disposition of any artwork at the Detroit Institute of Arts, Belle Isle, or other real estate.

ANSWER:

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
Evan J. Feldman (P73437)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: August 23, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

10

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 23, 2013, the Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit, Michigan was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Evan J. Feldman (P73437)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: August 23, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*