UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**DETROIT RETIREMENT SYSTEMS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE CITY OF DETROIT, MICHIGAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rules 7026, 7034, and 9014(c) of the Federal Rules of Bankruptcy Procedure, the Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") request that the City of Detroit, Michigan respond to the following requests for production of documents in writing:

A.  DEFINITIONS

1. "**Accrued Financial Benefits**" shall have the same meaning ascribed to that term in Article IX, section 24 of the Michigan Constitution.

2. "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. § 101, *et seq*.

3. "**Bankruptcy Recommendation**" means the letter attached as Exhibit J to the Orr Declaration (defined below) delivered on or about July 16, 2013 to the Governor for the State of Michigan and Andy Dillon, the Treasurer for the State of Michigan, recommending, pursuant to section 18(l) of PA 436 (defined below) that the City of Detroit, Michigan be authorized to file a case under Chapter 9 of the Bankruptcy Code.

4. "**Chapter 9 Case**" means the bankruptcy case commenced by the City of Detroit, Michigan, pursuant to chapter 9 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Michigan, case number 13-53846.

5. "**City**" means the City of Detroit, Michigan, and, as applicable, its officers, employees, representatives, attorneys, advisors and/or agents.

6. "**Communications**" is used in the broadest sense and means any transmission of information from one Person (defined below) to another Person, by any means.

7. "**Document**" means, Communications, all writings of any nature or any medium upon which intelligence or information can be recorded, maintained or retrieved in the possession, custody or control of the City, including, without limitation, the original and each copy, regardless of the origin and location, of any correspondence, book, pamphlet, periodical, letter, e-mail, memorandum (including

2

any memorandum or report of a meeting or conversation), contract, agreement, study, report, analysis, invoice, bill, time sheet, time cards, expense voucher, receipt, book of account (including cash disbursement journal, cash receipt journal, income statement or reconciliation statement), financial statement, order form, record, bond, requisition, plan, drawing, specification, sound recording, minutes, diary, bylaws, articles of incorporation, calendar, telegram, message, handwritten note, draft working paper, photostat, microfilm, film, photograph, comparison, print, graph, drawing, sketch, chart, summary, data sheet, data processing card, tape, advertisement, and any other written, recorded, transcribed, punched, taped, filmed, or graphic, photographic, or electronic matter of any kind or nature (including marginal comments appearing on any documents or any other writing), however produced or reproduced, and any computer records (including any information on hardware or software).

8. "**Emergency Manager**" means Kevyn D. Orr, the emergency manager for the City pursuant to PA 436.

9. "**Eligibility Objection**" means the Objection of the Detroit Retirement Systems to the Eligibility of the City of Detroit, Michigan to Be a Debtor Under Chapter 9 of the Bankruptcy Code filed in this Chapter 9 Case [Docket No. 519].

10. "**Governor**" means Richard D. Snyder, Governor of the State of Michigan.

11. "**Governor's Authorization**" means the letter, attached as Exhibit K to the Orr Declaration, sent by the Governor to the Emergency Manager purporting to authorize the Emergency Manager to commence the Chapter 9 Case on behalf of the City.

12. "**GRS**" means the General Retirement System of the City of Detroit, and its agents and representatives.

13. "**Orr Declaration**" means the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code [Docket No. 11] filed in the Chapter 9 Case.

14. "**PA 436**" means Michigan's Public Act 436, the Local Financial Stability and Choice Act, M.C.L. § 141.1541, *et seq.*

15. "**Person**" means a natural person, a partnership, a corporation, an unincorporated association, a professional association, or other form of entity.

16. "**Petition Date**" means July 18, 2013.

17. "**PFRS**" means the Police and Fire Retirement System of the City of Detroit, and its agents and representatives.

18. "**Restructuring Proposal**" means the City of Detroit Proposal for Creditors dated June 14, 2013.

19. "**Retirement Systems**" means the GRS together with the PFRS.

20. "**You**" or "**your**" means the City and its officers, employees, representatives, attorneys, and/or agents of each of them.

21. **Miscellaneous**. Terms not otherwise defined herein shall have the meanings ascribed to them in the Bankruptcy Code. The singular includes the plural; the plural includes the singular; the masculine gender includes the feminine and neuter genders; the feminine gender includes the masculine and neuter genders; the neuter gender includes the masculine and feminine genders. "Including" is used in the sense of specification and is not to be construed as a word of limitation. "Relating to" and "regarding" mean in any way concerning or referring to, consisting of, respecting, involving, or otherwise connected with the subject matter of the information request; for a Document, this means the negotiation, drafting, execution and termination of the Document. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery any information which might otherwise be construed to be outside of its scope.

B. INSTRUCTIONS

1. By September 13, 2013, you are to respond in writing to these requests for production of documents, either stating that you will produce the items as requested or that you object to providing the items.

5

2. If you object, then you must provide the precise basis for your objection.

3. For those requests to which you do not object, you are to produce those requested items that are in your possession, custody, or control for inspection and copying to the undersigned at the offices of Clark Hill PLC, 151 S. Old Woodward, Birmingham, MI 48009. Alternatively, you may make copies of these items and send them to the undersigned along with your responses. If you send copies of the documents requested, then you must label or organize them so as to correspond with the requests.

4. If you claim a privilege to any communication or that the disclosure of information is protected by the work-product doctrine, then for each such response in which you claim privilege or protection, you must specify and identify (1) the specific privilege and/or protection claimed; (2) the communication and/or answer as to which the claim of privilege and/or protection is made; (3) the parties to the communication; (4) the general subject matter of the communication; and (5) the basis for your claim.

5. These Document Requests are continuing. If you are unable to answer any document request fully at this time, such request is to be answered to the best of the answering person's ability. Any subsequently acquired information

called for by these document requests is to be furnished immediately by you. *See* Fed. R. Civ. P. 26(e).

C. RESERVATION OF RIGHTS

The Retirement Systems reserve the right to serve additional requests for production of documents after receiving the City's response to the Retirement Systems' Eligibility Objection, due on September 6, 2013.

D. REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents that are identified in, evidence, support or relate to your responses to the Detroit Retirement Systems' First Set of Interrogatories Directed to the City of Detroit, Michigan.

2. All Documents that are identified in, evidence, support or relate to your responses to the Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit, Michigan.

3. All Documents that you will review or rely upon, or have reviewed or relied upon in preparing the City's response to the Retirement Systems' Eligibility Objection.

4. All Documents upon which the City intends to rely to support its contention that it is eligible to be a debtor under Chapter 9 of the Bankruptcy Code.

7

13-53846-tjt    Doc 613    Filed 08/23/13    Entered 08/23/13 20:01:59    Page 7 of 12

5. All Documents upon which the City intends to rely to support its contention that the requirements of PA 436 were satisfied prior to commencing the Chapter 9 Case.

6. All Documents upon which the City intends to rely to support its contention that it is specifically authorized by Michigan law or by a governmental officer or organization empowered by Michigan law to authorize it to be a debtor under Chapter 9 of the Bankruptcy Code.

7. All Documents between Kevyn D. Orr and the City or the State of Michigan during the period from September 1, 2012 through his swearing in on March 14, 2013 regarding or referring to Article IX, section 24 of the Michigan Constitution.

8. All Documents (1) between City officials, and (2) between City officials and third parties (including, but not limited to, financial advisors, officials and agents of the State of Michigan, representative of the holders of bonds or certificates of participation issued by or on behalf of the City, representatives of insurers of such bonds and/or certificates of participation, and representatives of holders of claims against the City arising under any interest-rate swap agreement or the insurers of such claims), during the period from December 1, 2012 to the date of the response to this Document Request regarding or referring to Article IX, section 24 of the Michigan Constitution.

9. All Communications (1) between City officials, and (2) between City officials and third parties (including, but not limited to, financial advisors, officials and agents of the State of Michigan, representative of the holders of bonds or certificates of participation issued by or on behalf of the City, representatives of insurers of such bonds and/or certificates of participation, and representatives of holders of claims against the City arising under any interest-rate swap agreement or the insurers of such claims), from June 1, 2013 to the Petition Date, that relate to the Emergency Manager's decision to recommend that the Governor authorize him to initiate a Chapter 9 bankruptcy proceeding on behalf of the City or decision to commence the Chapter 9 Case.

10. All Documents occurring within one year prior to the Petition Date of each and every City official, employee, agent, and/or representatives (including, but not limited to emergency financial managers, emergency managers, attorneys, accountants, actuaries, lobbyists, private investigators, consultants, and their staff or representatives) that relate to Article IX, section 24 of the Michigan Constitution, or the impairment or diminishment of pension benefits.

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
Evan J. Feldman (P73437)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: August 23, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

10

13-53846-tjt   Doc 613   Filed 08/23/13   Entered 08/23/13 20:01:59   Page 10 of 12

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 23, 2013, the Detroit Retirement Systems' First Requests for Production of Documents to the City of Detroit, Michigan was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Evan J. Feldman (P73437)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: August 23, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*