UNITED STATES DISTRICT COURT OF MICHIGAN
EASTERN DISTRICT, SOUTHERN DIVISION

In Re CITY OF DETROIT, MICHIGAN          Bankr. E.D. MI
                                         Case No. 13-53846

PETITION FOR ORDER LIFTING STAY

In Ronald Cook v. City of Detroit, and the Directors of its Human Resources and Water and Sewerage Department, in Their Official Capacities, Now Pending in the State of Michigan Court of Appeals, Nos. 310509 and 308561

NOW COMES Ronald Cook, Plaintiff-Appellant in the captioned (consolidated) cases pending in the Michigan Court of Appeals, to petition this Court to lift the stay filed in that Court by the City of Detroit on or about July 25, 2013.

In support of his motion, Cook states as follows:

1.      The subject matter of his original actions in Wayne County Circuit Court, Nos. 11-010396-CK and 12-004823-CL, concerned the City Water and Sewerage and Human Resources Departments' handling of a promotional opportunity for the position of Construction Equipment Operator Foreman dated March 12, 2007.

2.      Those actions were brought after the City Civil Service Commission ruled in Cook's favor, holding the defendant Departments' administration of the subject promotion violated the Commission's rules, and directing that the 2007 promotional process be "re-started" among then eligible candidates.

3.      The subject actions sought a mandamus and injunctive relief ordering the City to re-start the 2007 CEO Foreman promotional opportunity. Thus Cook's action

involved the Courts' equitable jurisdiction, to rectify the promotional opportunity the Civil Service Commission had found to violate its merit-based rules. More specifically, the actions sought an order which would compel the re-start of the violative 2007 process, thereby resulting in the (retro-active) appointment of an actually objectively qualified candidate.

4. Thus Cook's actions were not principally for damages, although he took the position that whichever of the actually-eligible candidates were promoted to the CEO Foreman position under a fair process consistent with Civil Service Rules should be entitled to back pay in the position, along with retro-active seniority.

5. The City's bankruptcy filing, directed to the monetary damages awarded or awardable under pending actions, therefore does not implicate the gravamen of Cook's actions.

(The history of Cook's actions, including the rulings of the Civil Service Commission Hearing Officer, the Civil Service Commission, and the Wayne County Circuit Court, along with Cook's position on the submitted issues, are fully set forth in his Brief on Appeal in the Michigan Court of Appeals, attached hereto for the Court's review as Exh A. The City's Notice of Suggestion of Pendency of Bankruptcy Case and Application of the Automatic Stay is attached hereto as Exh B.)

6. The Michigan Court of Appeals conducted an oral argument on Cook's appeals on June 12, 2013. At the hearing the Court indicated that it reviewed Cook's appeals favorably.

After the argument, but before the Court could issue its decision, the City filed the Notice of Stay remarked above. To date, Cook has not been apprised that the Court of Appeals has acted to stay the cases on appeal.

7. Cook now brings this petition to lift the stay, to the extent same is effectual, on grounds the City's bankruptcy claims do not divest the Michigan Courts from ruling in these cases under its chancery jurisdiction and authority. Any actual award of back wages to the successful candidate under the re-started CEO Foreman promotional process will not be adjudicated until the case is remanded to the Wayne County Circuit Court for further proceedings consistent with the Court of Appeals' decision. (Indeed, same cannot happen, since it is not clear who the successful candidate will be until the 2007 promotional process is re-started and an actually-eligible candidate is awarded the position.)

Contrariwise, should the Court not lift the stay, Cook and other objectively-qualified candidates will be irremediably prejudiced, since they will never have the opportunity to compete in a fair administration of the subject promotional opportunity, and be awarded the position, in the stead of the individual corruptly placed in same in found violation of the City's merit system rules.

8. As regards any back-pay award (i.e., the differential between what the successful candidate CEO made over the interim and what the corruptly-placed candidate made in the interim), Cook suggests that same is undeterminable at this point, and would be required to maintain the integrity of the City merit system process.

In any event, Cook submits that the state Courts' chancery jurisdiction is not implicated under the City's bankruptcy petition.

WHEREFORE, Ronald Cook respectfully urges the Court to enter its order lifting the stay the City has filed or sought in the Michigan Court of Appeals in the captioned cases.

          Respectfully Submitted,

          L. Rodger Webb, P.C.

          */s/ L. Rodger Webb*
          By: L. Rodger Webb (P33356)
          Counsel for Ronald Cook
          17000 West Ten Mile Road
          Goodman Acker Bldg, 2nd Floor
          Southfield, MI 48075
          Tel: 248 395 9750
          Fax: 248 395 9760

Dated: August 21, 2013

# UNITED STATES DISTRICT COURT OF MICHIGAN
# EASTERN DISTRICT, SOUTHERN DIVISION

In Re CITY OF DETROIT, MICHIGAN         Bankr. E.D. MI
                                                                        Case No. 13-53846

---

## BRIEF IN SUPPORT OF PETITION FOR ORDER LIFTING STAY

In Ronald Cook v. City of Detroit, and the Directors of its Human Resources and Water and Sewerage Department, in Their Official Capacities, Now Pending in the State of Michigan Court of Appeals, Nos. 310509 and 308561

In support of his petition, Ronald Cook, Plaintiff-Appellant in Michigan Court of Appeals Nos. 310509 and 308561, states as follows.

The cases pending in the Michigan Court of Appeals principally involve the State Courts' chancery jurisdiction, and do not concern the collection, assessment, or recovery of a money damages claim against the City of Detroit under §§362 and 922 of the Bankruptcy Code.

Further, if and when the Court of Appeals rules on Cook's appeals, any subject money damage claim (viz, the difference between the amount earned by the successful candidate under the mandated re-start of the 2007 CEO Foreman promotional opportunity, and the amount that the candidate held to be ineligible under the City Civil Service rules earned while wrongfully placed in that position) is speculative and does not implicate the gravamen of Cook's appeals.

Finally, Cook asserts that a bankruptcy filing in Federal Court cannot implicate the chancery jurisdiction of a state court, where the relief requested is for injunctive relief to redress the corrupt administration of a promotional process, under Civil Service merit system rules, which neither directly nor necessarily concerns money damages.

Respectfully Submitted,

L. Rodger Webb, P.C.

By: _____
L. Rodger Webb (P33356)
Counsel for Ronald Cook
17000 West Ten Mile Road
Goodman Acker Bldg, 2nd Floor
Southfield, MI 48075
Tel: 248 395 9750
Fax: 248 395 9760

Dated: August 21, 2013