

STATE OF MICHIGAN
IN THE COURT OF APPEALS

RONALD COOK,
Plaintiff-Appellant

COA#: 308561
COA#: 310509
LC#: 11-010396-CK
12-004823-CL

vs.

CITY OF DETROIT, and the Directors
of its Human Resources and Water and Sewerage Department,
in Their Official Capacities,
Defendants-Apellees

---

# PLAINTIFF-APPELLANT RONALD COOK'S BRIEF ON APPEAL

ORAL ARGUMENT REQUESTED

RECEIVED
2012 DEC -3 AM 10:24
COURT OF APPEALS
TROY OFFICE
LARRY S. ROYSTER
CHIEF CLERK

L. Rodger Webb, P.C.
Counsel for Plaintiff-Appellant Cook
L. Rodger Webb (P33356)
17000 West Ten Mile Road
Goodman Acker Building, 2nd Floor
Southfield, MI 48075
Tel: (248) 395-9750
Fax: (248) 395-9760

2012 DEC -5 AM 10:07

TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... iii
STATEMENT OF BASIS OF JURISDICTION .......... v
STATEMENT OF THE ISSUES PRESENTED .......... vi
STATEMENT OF APPLICABLE APPELLATE STANDARDS OF REVIEW .......... viii
STATEMENT OF FACTS .......... 1

(a) Introduction and Overview .......... 1

(b) The City Civil Service Commission .......... 4

(c) March 2007 Foreman Announcement/Cook's Protest/City CSC Decision .......... 5

(d) The July 19, 2011 CEO Foreman Promotional Opportunity Announcement .......... 10

(e) Grant's Post-Removal Action (WCCC No. 008334-CK) .......... 11

(f) Cook's 11-010396-CK Action Regarding the July 19, 2011 CEO Foreman Promotional Opportunity Announcement/Grant's Suit .......... 13

(g) Consolidation of Cook's, Grant's Suits/12-2-11-1-23-12 Hearings/Court's Order .......... 15

(h) 2-17-12 CEO Foreman Opportunity Announcement/Cook's 12-004823-CL Action/5-3-12 Hearing/Court's Order .......... 18

(i) Post May 8, 2012 Proceedings .......... 20

ARGUMENT .......... 23

A. Re: WCCC No. 11-010396-CK (COA No. 308561) .......... 23

(i) The Court Correctly Held at the 12-2-11 Hearing That a Writ of Mandamus Was Required in the Premises Presented .......... 23

- Re: (a) The Requirements of the CSC Decision .......... 24

- Re: (b) The Defendant Departments' Clear Duty to Follow and Implement the CSC's Decision and Order .......... 26

- Re: (c) Defendant Departments' Acts To Circumvent and Subvert the CSC's Decision, in Contravention of Their Clear Duty to Faithfully Implement Same .......... 28

    (ii) The Court abused its discretion at the hearing on the City's objections to Cook's proposed order by entering the order counter-proposed by the City simply and merely ordering that the CSC's Final Order "be implemented." .................................... 31

B. The Circuit Court erred in WCCC No. 12-004823-CL (COA No. 310509) by dismissing Cook's second action for mandamus and injunctive relief, notwithstanding the materially changed circumstances posited to the Court since the entry of its order in 11-010396-CK, on grounds his action was barred by "res judicata and collateral estoppel," and the fact that Cook had appealed its order in the earlier case .................................................... 41

Re: Res Judicata .................................................................. 43

Re: Collateral Estoppel .......................................................... 44

C. The Circuit Court erred in refusing to consider Cook's requests for attorney fees, made in both actions, in light of the City Corporate Counsel's default in Grant's lawsuit, and its complicity in the City departments' actions to subvert the decision and order of the Civil Service Commission, thereby forcing Cook effectively to represent the Commission, and to defend its decision, as well as the integrity of the City's due process merit-based Civil Service System....46

CONCLUSION .................................................................. 50

## Index of Authorities

**Michigan Cases**

Arim v Gen Motors Corp, 206 Mich App 178 (1994) ........ 44

Briarwood v. Faber's Fabrics, Inc., 163 Mich App 784 (1987) ........ 46

Bullock v. Huster, 209 Mich App 551 (1995) ........ 44

Cantwell v City of Southfield (After Remand), 105 Mich App 425 (1981) ........ 44, 45

Carlson v City of Troy, 90 Mich App 543 (1979) ........ viii, 33

Crider v Michigan, 110 Mich App 702 (1981) ........ 27

Dart v Dart, 224 Mich App 146 (1997) ........ 43

Davids v Davis, 179 Mich App 72 (1989) ........ 46

DeBeaussaert v Shelby Township, 122 Mich App 128 (1982) ........ 27

Detroit v Qualls, 434 Mich 340 (1990) ........ 44

Dudkin v Civil Service Commission, 127 Mich App 397 (1983) ........ 27

Estes v. Titus, 481 Mich 573 (2008) ........ ix, 46

Gillard v. Department of Social Services, 135 Mich 579 (1982) ........ 39

Groncki v. Detroit Edison Co.,, 453 Mich 644 (1996) ........ viii, 39

Harvey v. Harvey, 237 Mich App 432 (1999) ........ 43

Independence Township v. Eghigian, 161 Mich App 110 (1987) ........ 49

In re: Goehring, 184 Mich App 360 (1990) ........ 33

James v Department of Mental Health, 145 Mich App 229 (1985) ........ 27

John J. Fannon v. Fannon Products, LLC, 269 Mich 162 (2005) ........ 48

Justewicz v. Hamtramck Civil Service Commission, 65 Mich App 555 (1975) ........ 41

Larose Market, Inc v. Sylvan Center, Inc., 209 Mich App 201 (1995) ........ 46

Leahy v. Orion Township, 269 Mich App 527 (2006) ........ 44

Maldonado v Ford Motor Co, 476 Mich 372 (2006) ........ 33

McKeighan v Grass Lake Township Supervisor, 234 Mich App 194 (1999) ........ 30-31

McMichael v. McMichael, 217 Mich App 723 (1996) ........ 45

Michigan Consolidated Gas Company v. State Tax Commission, 4 Mich App 33 (1966) ........ 49

People v Babcock, 469 Mich 247 (2003) ........ 34

People v Gates, 434 Mich 146 (1990) ........ 44

People v. Martin, 482 Mich 851 (2008) ........ 49

Rasheed v. Chrysler Corp., 445 Mich 109 (1994) ........ 39

Reenders v. Parker, 217 Mich App 373 (1996) .... 49

S. Abraham & Sons, Inc. v. Department of Treasury, 260 Mich App 1 (2003) .... 49

South Looking Glass Drainage District Board v. Grand Trunk Western Railroad Company, 357 Mich 215 (1959) .... viii, 33

Spalding v Spalding, 355 Mich 382 (1959) .... 34

Tenbusch v. Department of Social Services, 172 Mich App 282 (1988) .... 39

Tuscola Co Abstract Co. Inc v Tuscola Co Register of Deeds, 206 Mich App 508 (1994) .... 30

VanDeventer v Michigan Nat'l Bank, 172 Mich App 456 (1988) .... 44

Viculin v Department of Civil Service, 386 Mich 375; 192 NW2d 449 (1971) .... 27

Wayne Co v Detroit, 233 Mich App 275 (1998) .... 1, 33, 43, 45

Wells v Dep't of Corrections, 447 Mich 415 (1994) .... 46

**Federal Cases**

Albemarle Paper Co. v. Moody, 422 U.S. 405 (1975) .... 39

**Detroit City Code** .... 4,5

**Other Authority**

Civ JI 142.31 .... 39

1 Restatement Judgments, 2d, §27 .... 44

## STATEMENT OF BASIS OF JURISDICTION

The Court has jurisdiction over the within of right appeal pursuant to MCL 600.308(2), and MCR 7.203(1).

## STATEMENT OF ISSUES PRESENTED

1. Did the Circuit Court err in WCCC No. 11-010396-CK (COA No. 308561) – while ordering "that the City of Detroit Civil Service Commission's June 21, 2011 Final Order be implemented" – by failing to issue the specific injunctive relief required to effect that order against the directors of the subject City departments, thereby sub silencio effectively denying plaintiff-appellant the mandamus relief to which he was entitled, and without which the Court's order in the premises presented was meaningless?

Plaintiff-Appellant says the answer is yes

Defendants-Appellees say the answer is no

The Circuit Court says the answer is no

2. Did the Circuit Court err in WCCC No. 12-004823-CL (COA No. 310509) by dismissing Cook's second action for mandamus and injunctive relief, notwithstanding the materially changed circumstances posited to the Court since the entry of its order in 11-010396-CK, on grounds his action was barred by "res judicata and collateral estoppel," and the fact that Cook had appealed its order in the earlier case?

Plaintiff-Appellant says the answer is yes

Defendants-Appellees say the answer is no

The Circuit Court says the answer is no

3. Did the Circuit Court err in refusing to consider Cook's requests for attorney fees, made in both actions, in light of the City Corporate Counsel's default in Grant's lawsuit, and its complicity in the City departments' actions to subvert the decision and order of the Civil Service

Commission, thereby forcing Cook effectively to represent the Commission, and to defend its decision, as well as the integrity of the City's due process merit-based Civil Service System?

    Plaintiff-Appellant says the answer is yes

    Defendants-Appellees say the answer is no

    The Circuit Court says the answer is no

## STATEMENT OF APPLICABLE APPELLATE STANDARDS OF REVIEW

As remarked by the Court in South Looking Glass Drainage District Board v. Grand Trunk Western Railroad Company, 357 Mich 215, 222 (1959),

> It has been held many times by this Court that mandamus is a discretionary writ and where there is evidence to support the circuit judge's denial thereof this Court will not disturb it. *Winter v. Royal Oak City Manager*, 317 Mich 259; *Kosiba v. Wayne County Board of Auditors*, 320 Mich 322; *City of Berkley v. Township of Royal Oak*, 320 Mich 597; *State Highway Commissioner v. Ottawa Circuit Judge*, 339 Mich 390.

Similarly, citing South Looking Glass, this Court stated in Carlson v. City of Troy, 90 Mich App 543, 547 (1979)

> This Court will not interfere with the granting of mandamus if there is evidence to support the trial court's findings. Absent abuse of discretion, the trial court's ruling will not be disturbed. (fn omitted)

Thus, in COA No. 308561, the Circuit Court's ultimately-entered order in 11-010396-CK, that "the City of Detroit Civil Service Commission's June 21, 2011 Final Order be implemented," without specifically requiring the defendant City Department Directors to re-start the 2007 CEO Foreman promotion under the terms of the March 12, 2007 announcement, and the then-applicable job description, solely among the objectively-qualified candidates thereunder, and excluding three candidates to that exam (all in accordance with the CSC's order adopting its Hearing Officer's recommendation, and with the Court's earlier ruling from the bench), is reviewed in this Court on the abuse of discretion standard.

In COA No. 310509, the Circuit Court's order dismissing Cook's Complaint "for the reasons stated on the record," viz, that said action was barred by res judicata and collateral estoppel, and the fact that Cook had appealed its order in 11-010396-CK, i.e., that the defendants were summarily entitled to judgment as a matter of law, is reviewed de novo in this Court. As held in Groncki v. Detroit Edison Co., 453 Mich 644, 649 (1996),

This Court reviews summary judgments de novo and must review the entire record to see if the defendant was entitled to summary disposition.

"The interpretation of statutes and Court rules is also a question of law subject to de novo review, as is the application of legal doctrines, such as res judicata and collateral estoppel." Estes v. Titus, 481 Mich 573, 579-580 (2008).

On the same basis, in both 308561 and 310509, the Circuit Court's orders, which dismiss Cook's request in his complaint sub silencio that the Court "permit Cook to petition for his costs and attorney fees for having had to file this action, the City of Detroit having defaulted on its charge to defend the jurisdiction and authority of its CSC, and indeed having repeatedly sought to subvert same," are reviewed de novo.

13-53846-tjt Doc 630-1 Filed 08/26/13 Entered 08/26/13 13:17:29 Page 10 of 20

STATEMENT OF FACTS

INTRODUCTION AND OVERVIEW

These consolidated appeals concern the actions for mandamus and injunctive relief plaintiff Ronald Cook brought against the City of Detroit and its Directors of its Human Resources (HRD) and Water and Sewerage Departments (DWSD) in Wayne County Circuit Court, in respect of the March 12, 2007 promotional opportunity for the position of CEO Foreman, and the subject departments' actions respecting same.

The first case was brought on August 26, 2011 to mandate implementation of the decision of the Detroit Civil Service Commission (CSC) issued on June 21, 2011, which adopted the recommendation of its hearing officer to grant Cook's subject grievance, and to "restart" the 2007 CEO Foreman promotional process – which it found to be defective under CS rules – pursuant to which three candidates, including the candidate (Bradford Grant) the departments wrongfully placed in the position under said process, were disqualified. The Commission adopted the hearing officer's recommendation (as it described same) to grant Cook's grievance "by declaring the [2007] recruitment should be restarted, the candidate selected [in 2007] and currently serving should be removed from the position." (Brackets in original)

Cook's action was necessitated by (i) the DWSD's post-CSC decision announcement in August 2011 of a promotional opportunity (under changed eligibility requirements with a changed job description) for the same CEO Foreman position. The announcement purported to open that opportunity to any DWSD employee, including the three candidates (including Grant, the one wrongfully appointed to the position) held to be disqualified under the defective 2007 process, and (ii) by the City's stipulation to an

order entered in Grant's favor, under auspices of his action for an injunction – to which the City did not file an answer or other pleading – which provided that he must remain in the position pending exhaustion of his grievance challenging his removal from the CEO Foreman position, and enjoining further processing of the August 2011 CEO Foreman announcement.

Under auspices of Cook's initial action, the WCCC ultimately entered an order on January 25, 2012 vacating the stipulated order entered in Grant's action and ordering that "the City of Detroit Civil Service Commission's June 21, 2011 Final Order be implemented."

Thereafter the subject departments again (for the third time) posted a promotional opportunity for the CEO Foreman position. This announcement made substantially the same changes to the March 12, 2007 announcement that the July 19, 2011 announcement had made, but in addition again changed the bases and weights for evaluation, from the 2007 and 2011 announcements. This time the departments restricted applicants, on the ground of a pre-requisite two years of related supervisory experience, which effectively disqualified all applicants other than Grant (including Cook, since he'd had, as of the 2007 announcement, only 18 months of such experience; whereas Grant had, wrongfully, been in the CEO Foreman position for over four years, pursuant to the defective 2007 process), to Grant and Cook.

Cook brought his second verified complaint for mandamus and injunctive relief in WCCC on April 9, 2012 again seeking an order directing the subject departments to implement the CSC's decision, upholding its Hearing Officer's recommendation, to

restart the 2007 process, among the then-eligible candidates, pursuant to the 2007 announcement and job description.

Upon hearing, the WCCC dismissed Cook's second action on May 8, 2012, on grounds same was barred by "res judicata and collateral estoppel," and the fact that Cook had appealed its order in the earlier case.

Cook's appeals in both cases (COA No. 308561 from WCCC No. 11-010396-CK, and COA No. 310509 from WCCC No. 12-004823-CL) have been consolidated in this Court by its order entered June 27, 2012.

In Cook's initial case, he attached copies of his post-CSC hearing brief (Exh A), the Hearing Officer's Opinion and Recommended Award (Exh B), and the Civil Service Commission's decision (Exh C), to his verified complaint. In his second verified complaint, he attached copies of the three CEO Foreman announcements, of March 12, 2007, July 19, 2011, and February 17, 2012, including the job descriptions associated with each (Exh A(i), (ii), and (iii)), the decisions of the Hearing Officer and the CSC (Exhs B and C), and the order of the Court in 11-010396-CK (Exh D). In addition, in the second case Cook submitted an affidavit, setting forth pertinent facts, including those post-dating the Court's order entered January 25, 2012, and attaching copies of his correspondence with the City of Detroit HR Director after the February 17, 2012 announcement, and a letter he received from an HR analyst respecting the processing of that announcement.

The City did not file an answer to either of Cook's complaints.

In each instance the City filed briefs in opposition to Cook's motions for preliminary injunction. In neither submission did the City challenge any of the facts

Cook submitted to the Court by his verified complaints and affidavit. Instead, the City argued, in the first case, that Cook had not met the requisite standard for a preliminary injunction, and, in the second, that Cook's action was barred by the doctrines of collateral estoppel and res judicata. All of these documents are in the record made below. Thus Cook's allegations of fact are unrebutted.

Cook's exposition of the facts applicable to his appeal, compendiously set forth below, from the March 12, 2007 announcement to the WCCC's ruling of May 8, 2012, are taken principally from his second verified complaint. Where that isn't so, as for instance with regard to the hearings conducted by the Court in both cases, and to the exhibits attached to Cook's complaints and affidavit, same are specifically identified.

The City Civil Service Commission

The City has adopted a Civil Service Commission pursuant to Const 1963, Art XI §6, by City Charter Section 6-505. The Commission is the head of the City's Human Resources Department. Among other functions, the Commission is charged with review and approval of civil service classification of positions, and examinations for positions. It has exclusive jurisdiction over grievances of City employees not covered by a collective bargaining agreement.

Under the City Charter, the Commission may "hold hearings, subpoena witnesses, administer oaths, take testimony, and require the production of evidence. *** The commission may delegate the powers to hold hearings, administer oaths and take testimony." Should the Commission designate a hearing officer as its delegate to hear a matter, the hearing officer "shall file a report of the decision, setting forth findings of

fact, conclusions of law, and recommendations, within thirty (30) calendar days of the hearing which is subject to review by the commission." Detroit Code, §6-513.

March 2007 CEO Foreman Announcement/Cook's Protest/City CSC Decision

On March 12, 2007 the City Department of Water and Sewerage (DWSD), under the administration of the City Human Resources Department, posted a promotional opportunity for the position of CEO Foreman, restricted to DWSD CEOs, under Civil Service Rule 2. Exh A(i), attached to 12-004823-CL Complaint.

The announcement set a closing date of March 26, 2007, by which date qualifying applicants' questionnaires and/or resumes must be submitted to "Louis Fischione, HR Consultant II," at a stated location. The announcement specified the "knowledge/skills/abilities and experience necessary for the job," among them considerable experience in operation and maintenance of construction machinery, "a reasonable portion of which should be in a supervisory capacity."

The CEO Foreman promotional opportunity process, which included interviews conducted by two DWSD supervisory personnel, David Kazda (the first time he'd ever, before or since, been part of an interview panel) and Milton Johnson, along with Fischione, the department's HR consultant, resulted in Bradford Grant's appointment to the CEO Foreman position on October 29, 2007.

Plaintiff Cook, one of the ten applicants for the promotion, immediately protested the process conducted by the DWSD under the purview of the HR Department on divers grounds, among them that

- the subject CEO Foreman vacancy was handled differently than such vacancies had historically been handled, without explanation, and in derogation of the

fashion in which other department foreman position vacancies were contemporaneously handled;

- individuals who did not timely submit their applications, as required by the posting, among them Bradford Grant, were nonetheless permitted to interview;

- two individuals were disqualified from applying for the position by the preliminary qualifications review due to unacceptable attendance, Sylvester Davis and Gary Payne; Davis was nonetheless permitted to interview;

- Grant, the applicant awarded the position, lied on his application, claiming that he had worked out of class (OOC) as a CEO Foreman in 2006, in the course of which he "performed a broad range of leadership duties," among other claims. In fact, Grant never worked as a CEO Foreman. He not only disqualified himself from consideration by that misrepresentation, he should have been, by published work rules, subject to significant disciplinary action for it;

- the interviews subject to the posting were adjourned for four months, without explanation;

- Grant did not show up for his scheduled interview, and, notwithstanding that he did not posit the requisite good cause for his failure to appear (he in fact requested a vacation day the day before the interview), was permitted an interview four days after the other candidates' interviews;

- the panel members appointed to conduct the interview were not vetted to ensure their impartiality; two of them (the two DSWD employees, Milton Johnson and David Kazda) had had issues with Cook that could be expected to (and, based on the interview questions and the panel members' scores, clearly did) taint the result; the third member of the panel, Fischione, was party to a complete subversion of Civil Service rules respecting DWSD vacancies in the Assistant Superintendent and Superintendent of Water Systems Maintenance and Construction positions, to his own patently illegitimate benefit, a fact which properly impugns his credibility and impeaches any DWSD promotional process in which he was involved, including the one at issue herein;

- the questions developed by the panel and posed at the candidates' interviews were not based on the subject position, a supervisory position, and wholly ignored the qualifications set forth by the announcement, which specified, among other 'knowledge/skills/abilities and education and experience necessary for the job' "considerable experience in the operation and maintenance of machinery used in public works construction, a reasonable portion of which should have been in a supervisory capacity;" and

- the scores awarded by the panel members, most especially Kazda's (awarded without benefit of prior review of the questions, and without use of a question-by-question answer sheet to inform points to be awarded), were egregiously

disproportionate, and reveal by their disproportion not substance but bias; that fact is further reflected in the panel's failure to review their scores to ensure fairness and fidelity to the contemplated points to be awarded question by question and candidate by candidate. Cook's post-hearing brief, Exh A to 11-010396-CK complaint, pp. 1-3.

The DWSD, by its assigned City Human Resources Department personnel, and specifically Charlotte Bush, conducted an investigation on Cook's challenges, ultimately concluding that the recruitment process was fair and that, while Cook made certain allegations concerning the process, same were not supported by "actual facts."

Cook filed a grievance on March 3, 2008 with the City Civil Service Commission, alleging that the administration of the CEO Foreman promotional opportunity was materially defective, as outlined above. In the event, the Civil Service Commission appointed Kathryn VanDagens, an experienced and esteemed labor arbitrator, to hear the case as the Commission's hearing officer.

In the event, the hearing before Arbitrator VanDagens on Cook's grievance was conducted over the period of 15 months, from September 9, 2009 to December 14, 2010, entailing nine hearing dates, and introduction of 75 exhibits. The hearings were transcribed by certified court reporters, at Cook's expense.

Cook was represented by Rodger Webb, the City Water and Sewerage and Human Resources Departments by Andrew Jarvis, of the City Corporation Counsel's office. No other party, including Bradford Grant, entered an appearance or sought to intervene.

Cook took the position at the CSC hearing that the administration of the CEO Foreman promotional opportunity was fatally compromised. The City took the position, consistent with its HR Department's investigation, that the promotional process was fair, and that Cook's protests respecting the administration of the promotion were not

supported by actual facts. Ten witnesses testified, including HR Department representatives Louis Fischione (by then promoted to DWSD Assistant Superintendent of Water Systems Maintenance and Construction), Charlotte Bush, the Human Resources Manager and supervisor of Human Resources personnel assigned to the department, and Brian Tennille, a Labor Relations Specialist II, along with David Kazda, one (with Fischione) of the three interviewers. (Milton Johnson, the third interviewer, passed before the hearing opened.) The City did not call Bradford Grant as a witness. Upon conclusion of the hearing on December 14, 2010, both sides filed post-hearing briefs.

Hearing Officer VanDagens issued her written decision on April 25, 2011. On review of the record evidence, taken before her under oath, she found that the CEO Foreman promotional process was in fact fatally defective. She made the following specific recommended findings to the City Civil Service Commission:

- that the DWSD changed its long-standing practice to fill the position of CEO Foreman by means of a promotional competitive examination, viz, an oral interview;

- that the applications of candidates Bradford Grant, Sylvester Davis and Ricardo Saenz should have been disqualified due to the fact that they had not timely submitted applications under the rules of the announcement, and Civil Service rules; and

- that Grant should have been disqualified for lying on his application, under Civil Service rules.

On the basis of these findings, Hearing Officer VanDagens recommended to the Civil Service Commission that "Grant must be removed from the position," that the 2007 "promotional process should be restarted," and that that process should proceed "among

objectively-qualified applicants" (i.e. among the 2007 candidates who had properly submitted applications and were objectively-qualified pursuant to the HR/DWSD promotional announcement.)

In light of this recommended conclusion, Hearing Officer VanDagens declined to address the "additional concerns" Cook raised at the hearing regarding the 2007 process. Exh B, attached to 12-004823-CL Complaint, pp. 9-15.

On May 18, 2011 the City Civil Service Commission conducted a hearing on the Opinion and Recommendation of Hearing Officer VanDagens. All five commissioners attended. Again, Webb represented Cook, City Assistant Corporation Counsel Jarvis represented the City. Gail Oxendine, City HR Director, along with other City HR representatives, attended the hearing.

At the hearing Webb presented the parties' briefs filed at the Step 4 hearing before Hearing Officer VanDagens, which the Commissioners accepted, and reviewed the record, pointing out that the Hearing Officer had not addressed multiple other material errors in the HR/DWSD Departments' administration of the 2007 CEO Foreman promotional opportunity process under the Commission's rules, and that the CEO ultimately chosen among those 2007 candidates eligible to apply under Hearing Officer VanDagens' recommendation, upon his appointment, was entitled to the difference in wages between the CEO and CEO Foreman's positions from the date of Grant's wrongful placement in the CEO Foreman position.

On June 21, 2011 the Commission, by letter from Brenda Braceful, one of the City HR representatives in attendance at the CSC hearing on May 18, issued its decision. The Commissioners unanimously accepted Hearing Officer VanDagens' recommended

findings and order, thereby adopting the mandates referenced above. Exh C, attached to 12-004823-CL Complaint.

The July 19, 2011 CEO Foreman Promotional Opportunity Announcement

DWSD personnel, under administration by the City Human Resources Department, for the second time, distributed an announcement for a department promotional opportunity for the CEO Foreman position, qualifying questionnaires to be submitted by August 2, 2011. The announcement purported to open the promotional process to any DWSD employee, including Grant, not merely the candidates who were 'objectively qualified' to apply for the position under the prejudicially defective 2007 promotional process, as mandated by the Commission. Exh A(ii), attached to 12-004823-CL complaint.

The announcement materially changed the qualifications required to apply for the position. The 2007 announcement, pursuant to which the CSC conducted its 4th step hearing and upon which it ruled in June 2011, stated as one of the 'knowledge/skills/ abilities, and education and experience eligibility requirements for the job' the following:

- Considerable experience in the operation and maintenance of construction machinery used in public works construction, a reasonable portion of which should have been in a supervisory capacity

The 2011 announcement provided as qualifications the following:

- Four (4) years of experience operating and maintaining construction machinery used in public works construction; two years of related supervisory experience.

In addition the City HR Department changed the CEO Foreman job description – which had been in place since June 25, 1984 – on July 7, 2011, two weeks after the CSC