UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

_____/

Case No. 13-53846
Chapter 9
Hon. Steven Rhodes

**STIPULATION FOR AGREED ORDER CLARIFYING THE COURT'S JULY 25, 2013 STAY ORDER AS IT RELATES TO PETITIONER ROBERT DAVIS' OPEN MEETINGS ACT LAWSUIT PENDING IN INGHAM COUNTY CIRCUIT COURT**

The parties hereto by their undersigned attorneys do stipulate to the entry of an Order in this matter stating:

This matter coming before the Court on the emergency motion of Petitioner Robert Davis for entry of an order clarifying the Court's July 25, 2013 Stay Order (Docket No. 310); the Court having reviewed Petitioner Robert Davis' emergency motion and the responses of the City (Docket No. 342) and of the State Attorney General (Docket No. 331); the Court having heard arguments in support of the motion and the responses and the parties having agreed to a resolution of the motion on the record:

IT IS HEREBY FOUND AND ORDERED THAT:

1. Petitioner Robert Davis' ("Petitioner") motion is GRANTED as set forth herein.

2. It is further ordered that, based upon and subject to the stipulation of the Petitioner referenced in paragraph 3 below, the Court's July 25, 2013 Stay Order Extending the Chapter 9 Stay ("Stay Order") does not apply or extend to Petitioner's Open Meetings Act lawsuit, Ingham County Circuit Court Case No. 13-281-NZ ("OMA lawsuit"), which is pending in the Ingham County Circuit Court before the Honorable Judge

William E. Collette ("Judge Collette") to the extent, and only to the extent, that the OMA lawsuit seeks the relief described in paragraph 4 and no other relief.

3. Petitioner stipulated on the record at a hearing held on August 21, 2013, as further evidenced by his counsel's duly authorized signature hereon, that Petitioner will not seek relief in his OMA lawsuit or otherwise, to invalidate: (a) the appointment of Kevyn Orr as the "Emergency Financial Manager" or "Emergency Manager;" or (b) any action taken, or that in the future may be taken, by Mr. Orr. The Court finds that such relief is stayed pursuant to sections 362 and 922(a) of the Bankruptcy Code.

4. It is further ordered that Judge Collette's adjudication of the merits of Petitioner's OMA lawsuit, in accordance with the Michigan Court of Appeals' June 20, 2013 Order, is not stayed and may proceed only to the extent that Petitioner seeks: (a) a declaratory judgment that the Open Meetings Act was violated and an injunction against future violations; and (b) an award of attorney fees and costs in connection with the OMA lawsuit. Nothing herein shall preclude Judge Collette from enforcing any order that may be entered in the OMA Lawsuit as permitted by paragraph 4(a) and/or 4(b) and otherwise consistent with this Order.

5. It is further found and ordered that Petitioner may not ask Judge Collette to make a finding or to enter an order in Petitioner's OMA lawsuit, invalidating: (a) the appointment of Kevyn Orr as the "Emergency Financial Manager" or "Emergency Manager" for the City of Detroit; or (b) any action taken or that may in the future be taken by Mr. Orr as the Emergency Financial Manager or the Emergency Manager, for that relief is subject to the automatic stay imposed by sections 362 and 922(a) of the Bankruptcy Code. This Order shall not in any way be interpreted or applied to

limit Judge Collette's authority to otherwise exercise his judicial authority and discretion to determine whether Petitioner's OMA lawsuit should proceed to trial as the Court of Appeals' June 20, 2013 Order permits and consistent with the findings and orders herein.

6. This is an agreed order entered in settlement of the motion. It is further ordered that neither this Order nor any order that may be issued by Judge Collette in Petitioner's OMA lawsuit: (a) shall have any preclusive effect on the Debtor in this or any other proceeding; or (b)(i) may be used by any third party in an attempt to invalidate the appointment of Kevyn Orr as the "Emergency Financial Manager" or "Emergency Manager" for the City of Detroit, or (ii) serve as the basis for invalidating any action taken or in the future to be taken by Mr. Orr as the Emergency Financial Manager or Emergency Manager. Any attempt by any third party to use any order that may be issued by Judge Collette in Petitioner's OMA lawsuit for any purpose shall be first approved by this Court.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Approved as to form:

_/S/ Andrew A. Paterson_____
Andrew A. Paterson (P18690)
Attorney for Petitioner Robert Davis

Dated: ___26 August 2013_____

3

/S/ Michelle Brya__(with permission attached)_____
Michelle M. Brya (P66861)
Joshua O. Booth (P53847)
Michigan Attorney General's Office
Attorneys for Governor Rick Snyder, State
Treasurer Andy Dillon, and Local Emergency
Financial Assistance Loan Board

Dated: _26 August 2013_____


/S/ Heather Lennox (with permission attached)_____
Davis G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Bruce Bennett (CA 105430)
JONES DAY
Attorneys for Debtor, City of Detroit

Dated: __26 August 2013_____