FILED (I)

VOID

FILED

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHFERN DIVISION - DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## OBJECTIONS TO PETITION FOR CHAPTER 9 BANKRUPTCY PETITION

St. Martins Cooperative, a Non-Profit Cooperative (hereinafter "St. Martins"), through her attorneys LAW OFFICES OF LEE & CORRELL, objects to the Chapter 9 Bankruptcy Petition filed by Kevyn Orr and states as follows:

1. St. Martins Cooperative ("St. Martins") is a Michigan Non-Profit Cooperative, doing business in the City of Detroit, Wayne County, Michigan.

2. Detroit Water and Sewage Department is a non-profit branch of the City of Detroit government, doing business in the City of Detroit, Wayne County, Michigan.

3. Detroit Board of Water Commissioners is a branch of the City of Detroit government, doing business in the City of Detroit, Wayne County, Michigan.

4. Since at least 1975, Detroit Water has been knowingly charging St. Martins a rate that is higher than the pre-approved rate for the water and sewage service.

5. Detroit Water charged St. Martins as if it were four times as large as it actually is in acreage, and therefore calculated the fees for St. Martins that were four times as large that they should have been.

6. In 2007, St. Martins approached Detroit Water with a request to reveal how Defendant Detroit Water calculated the water bills.

7. All of these requests for information and assistance were refused.

8. On January 22, 2009, St. Martins shared its calculations with Detroit Water.

9. In 2008, the St. Martins finally petitioned the Detroit City Council.

10. In April 2008, Detroit Water granted St. Martins a meeting; at which the Detroit Water requested that St. Martins make a written request under the Michigan Freedom of Information Act. .

11. In January 2009, St. Martins shared its calculations with Detroit Water.

12. The general statute of limitations does not apply in the present case because Detroit Water fraudulently concealed the inaccuracy of its billings to St. Martins for nearly forty years.

13. Fraudulent concealment is a defense to a defense of the statute of limitations. MCL 600.5855.

14. The elements of fraudulent concealment are:

   a) Wrongful concealment by the defendants of their actions;

   b) Failure of the plaintiffs to discover the operative facts that are the basis of the cause of action within the statute of limitations; and

   c) The exercise of due diligence until discovery of the facts. *State of Michigan ex fel. Kelley v McDonald Dairy Co.* 905 F Supp 447 (1995).

15. "'The rule in question prohibits the defendant from doing at *anytime anything* to prevent the plaintiff from ascertaining [the facts upon the which the cause of action depends]

either by affirmative action which conceals the truth, or by any device which avoids inquiry which would lead to discovery.'" *Draws v Levin*, 332 Mich 447, 453; 52 NW 2d 180 (1952).

16.     Detroit Water charged St. Martins as if it were four times as large as it actually is in acreage, and therefore calculated the fees for St. Martins that were four times as large that they should have been.

17.     Detroit Water Dept. also purposely and consciously withheld its erroneous measurements of St. Martins' acreage in order to succeed in overcharging St. Martins.

18.     Certainly, Detroit Water sending erroneous bills to St. Martins qualifies as fraudulent concealment because the error in the bills was based on a four-fold exaggeration of the actual acreage that St. Martins covered.

19.     Detroit Water engaged in further concealment by refusing to turn over documents.

20.     St. Martins also exercised due diligence in trying to discover the concealment when it engaged in numerous requests for information under the Freedom of Information Act in order to ascertain how far back the misleading bills stretched.

21.     This matter is presently pending as a civil action in the Wayne County Circuit Court entitled "*St. Martins v City of Detroit Water and Sewage et. al.*" Case No. 12-016332-CZ.

22.     In addition, Detroit Water filed a counterclaim as part of the same action against St. Martins.

23.     That action has been stayed by the filing of the present Petition.

24.     That counterclaim has not been stayed.

25.     Moreover, there are other reasons that the Petition should be denied; including but not limited to, the following;

        a)      There remains an issue as to the legality of the actions of Kevyn Orr; and,

b) There remains an issue as the legality of the Local Financial Stability Act itself;

c). The Detroit Water and Sewerage Department is not insolvent.

**WHEREFORE**, St. Martins Cooperative prays that this Honorable Court grant its Motion to Deny the Chapter 9 Petition in this matter, or in the alternative, grant it relief from any stay entered on the matter.

LAW OFFICES OF LEE & CORRELL

By: _/s/ Michael K. Lee_
MICHAEL K. LEE (P40012)
Attorneys for St. Martins Cooperative
24901 Northwestern Highway, Suite 113
Southfield, MI 48075
(248) 350-5900

Dated: August 26, 2013

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHFERN DIVISION - DIVISION

In re:

Chapter 9

Case No. 13-53846

CITY OF DETROIT, MICHIGAN

Hon. Steven W. Rhodes

Debtor.
_____/

## CERTIFICATE OF SERVICE

STACY STEINMAN, being duly sworn, deposes and states that on August 26, 2013, she

served a copy of the ST. MARTIN COOPERATIVE LLC'S MOTION TO FILE PAPER

OBJECTIONS TO CHAPTER 9 PETITION and copy of this CERTIFICATE upon the

following, by first class mail:

David G. Herman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH

Jeffrey B. Ellman
JONES DAY
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-3053

Jonathan S. Green
Miller Canfield
150 West Jefferson
Suite 2500

Detroit, MI 48226

Office of the United States Trustee
211 West Fort Street
Suite 700
Detroit, MI 48226

FURTHER DEPONENT SAYETH NOT.

/s/Stacy Steinman
**STACY STEINMAN**

Subscribed and sworn to before me
this 26th day of August 2013.

/s/ Michael K. Lee
Michael K. Lee, Notary Public
Wayne County, acting in Oakland County, Michigan
My Commission Expires: 11-28-2014