## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE BY THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES FOR EXAMINATION OF KATHERINE A. WARREN PURSUANT TO RULE 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULES 30(b)(1), (b)(6), AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that Rules 30(b)(1), (b)(6) and 45 of the Federal Rules of Civil Procedure, and in connection with the *Debtor's Petition to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 1], *Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 10], *Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 14], *Declaration of Gaurav Malhotra in Support of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 12], and *Declaration of Charles M. Moore in Support of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* [Docket No. 13], Katherine A. Warren is commanded to appear for a deposition (the "Deposition"), on matters related to the City of Detroit's filing for chapter 9 of the Bankruptcy Code, pursuant to the Subpoena in a Case Under the Bankruptcy Code (the "Subpoena"), a copy of which is annexed hereto, on **September 20, 2013 at 9:45 a.m. (ET)**.

28579/2
08/28/2013 26587949.1

Written objections and responses to the Subpoena annexed hereto shall be served on or before September 17, 2013 at 3:00 p.m. (ET).

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be conducted at the offices of The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "AFSCME") 600 West Lafayette Boulevard, Detroit, MI 48226, or such other time and location agreed upon by the parties.

**PLEASE TAKE FURTHER NOTICE** that the Deposition will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28(a) of the Federal Rules of Civil Procedure, and shall continue day to day, excluding weekends and holidays unless otherwise agreed by the parties, until completed. The testimony at the Deposition may be recorded by videographic and stenographic means. You are invited to participate to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

*[Remainder Intentionally Left Blank]*

Dated:   August 28, 2013

LOWENSTEIN SANDLER LLP
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF DETROIT

In re

CITY OF DETROIT, MICHIGAN,

                    Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.: 13-53846 (SWR)
Chapter 9

To:

Katherine A. Warren
Milliman, Inc.
1550 Liberty Ridge Drive
Suite 200
Wayne, PA 19087-5572

☑ **YOU ARE COMMANDED** to appear and testify at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Michigan AFSCME Council 25<br>600 West Lafayette Boulevard<br>Detroit, MI 48226 | **September 20, 2013 at 9:45 a.m. (ET**) |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sharon L. Levine | DATE<br>August 28, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sharon L. Levine, Esq.
Lowenstein Sandler LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| **SERVED** | DATE: | PLACE: |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                              DATE                                          SIGNATURE OF SERVER


_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and servicing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored Information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

-5-

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) |
| | ) Case No. 13-53846 |
| Debtor. | ) |
| | ) Hon. Steven W. Rhodes |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 28, 2013, *Notice by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees For Examination of Katherine A. Warren Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rules 30(b)(1), (b)(6), and 45 of the Federal Rules of Civil Procedure* was filed electronically via the ECF system and sent *via* first class mail to (i) Counsel to the Debtor, Heather Lennox, Esq., 901 Lakeside Avenue, Cleveland, OH 44114-1190; (ii) Katherine A. Warren, 1550 Liberty Ridge Drive, Suite 200 Wayne, PA 19087-5572; and (iii) Counsel to Milliman, Inc., R. Timothy Muth, Esq., Reinhart Boerner Van Deuren s.c., 1000 North Water Street, Suite 1700, Milwaukee, WI 53202.

Dated:    August 28, 2013

*/s/ Sharon L. Levine*
Sharon L. Levine, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com