UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  CITY OF DETROIT,        .        Docket No. 13-53846
        MICHIGAN,               .
                               .        Detroit, Michigan
                               .        August 21, 2013
               Debtor.          .        10:05 a.m.
. . . . . . . . . . . . . . . .

EXCERPT OF HEARING RE. EMERGENCY MOTION FOR
CLARIFICATION OF THE JULY 25, 2013, STAY ORDER

EXPEDITED HEARING RE. NOTICE OF PENDENCY OF DEFENDANT
SYNCORA GUARANTEE, INC.'S, EMERGENCY MOTION TO DISSOLVE
THE TEMPORARY RESTRAINING ORDER AND CONDUCT
EXPEDITED DISCOVERY

STATUS HEARING RE. CORRECTED MOTION TO ASSUME LEASE OR
EXECUTORY CONTRACT

ADVERSARY PROCEEDING 13-04942 - STATUS CONFERENCE RE.
ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S
EX PARTE MOTION FOR AN ORDER SHORTENING NOTICE, STAYING
FURTHER BRIEFING AND SCHEDULING AN EXPEDITED HEARING WITH
RESPECT TO MOTION OF DEBTOR CITY OF DETROIT TO SCHEDULE
STATUS CONFERENCE, SET BRIEFING SCHEDULES AND
MAINTAIN STATUS QUO

(EMERGENCY MOTION FOR CLARIFICATION OF THE JULY 25, 2013,
STAY ORDER)

BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:        Jones Day
                       By:  DAVID G. HEIMAN
                       North Point
                       901 Lakeside Avenue
                       Cleveland, OH  44114-1190
                       (216) 586-3939

                       Jones Day
                       By:  GREGORY M. SHUMAKER
                       51 Louisiana Avenue, N.W.
                       Washington, DC  20001-2113
                       (202) 879-3679

APPEARANCES (continued):

                          Jones Day
                          By:  CORINNE BALL
                          222 East 41st Street
                          New York, NY  10017-6702
                          (212) 326-7844

For Robert Davis:    Paterson Law Office
                          By:  ANDREW A. PATERSON, JR.
                          46350 Grand River, Suite C
                          Novi, MI  48374
                          (248) 568-9712

For the State of     State of Michigan - Assistant Attorney
Michigan -               General, State Operations Division
Governor, State      By:  MICHELLE M. BRYA
Treasurer, and            JOSHUA O. BOOTH
Local Emergency      525 W. Ottawa Street
Financial            P.O. Box 30754
Assistance Loan      Lansing, MI  48909
Board in State       (517) 373-1162
Case:

For Syncora Hold-    Kirkland & Ellis, LLP
ings, Ltd., Syncora  By:  STEPHEN C. HACKNEY
Guarantee, Inc.,     300 North LaSalle
and Syncora Capital  Chicago, IL  60654
Assurance, Inc.:     (312) 862-2074

For Detroit          Honigman, Miller, Schwartz & Cohn, LLP
Entertainment, LLC-  By:  JUDY B. CALTON
Motor City Casino    660 Woodward Avenue, Suite 2290
and Greektown        Detroit, MI  48226
Casino, LLC:         (313) 465-7344

For U.S. Bank:       McDermott, Will & Emery, LLP
                          By:  NATHAN F. COCO
                          227 West Monroe Street, Suite 4700
                          Chicago, IL  60606
                          (312) 372-2000

For David Sole:      Jerome D. Goldberg, PLLC
                          By:  JEROME GOLDBERG
                          2921 East Jefferson, Suite 205
                          Detroit, MI  48207
                          (313) 393-6001

APPEARANCES (continued):

```
                        Vanessa G. Fluker, Esq., PLLC
                        By:  VANESSA G. FLUKER
                        2921 East Jefferson, Suite 200
                        Detroit, MI  48207
                        (313) 393-6005

For Ambac Assurance     Arent Fox, LLP
Corporation:            By:  CAROLINE TURNER ENGLISH
                        1717 K Street, N.W.
                        Washington, DC  20036-5342
                        (202) 857-6178

For Financial           Weil, Gotshal & Manges, LLP
Guaranty Insurance      By:  ALFREDO R. PEREZ
Company:                700 Louisiana, Suite 1600
                        Houston, TX  77002
                        (713) 546-5040

For Detroit             Clark Hill, PLC
Retirement Systems-     By:  ROBERT GORDON
General Retirement      151 South Old Woodward, Suite 200
System of Detroit,      Birmingham, MI  48009
Police and Fire         (248) 988-5882
Retirement System
of the City of Detroit:

For Retired             Strobl & Sharp, PC
Detroit Police          By:  LYNN M. BRIMER
Members                 300 East Long Lake Road, Suite 200
Association:            Bloomfield Hills, MI  48304-2376
                        (248) 540-2300

For Erste               Ballard Spahr, LLP
Europaische             By:  VINCENT J. MARRIOTT, III
Pfandbrief-und          1735 Market Street, 51st Floor
Kommunalkreditbank      Philadelphia, PA  19103-7599
Aktiengesellschaft      (215) 864-8236
in Luxemburg, S.A.:

For International       International Union, UAW
Union, UAW:             By:  MICHAEL B. NICHOLSON
                        8000 East Jefferson Avenue
                        Detroit, MI  48214
                        (313) 926-5216

For National Public     Sidley Austin, LLP
Finance Guarantee       By:  GUY S. NEAL
Corporation:            1501 K Street, N.W.
                        Washington, DC  20005
                        (202) 736-8041
```

```
Court Recorder:        Letrice Calloway
                       United States Bankruptcy Court
                       211 West Fort Street
                       21st Floor
                       Detroit, MI  48226-3211
                       (313) 234-0068

Transcribed By:        Lois Garrett
                       1290 West Barnes Road
                       Leslie, MI  49251
                       (517) 676-5092
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1                         - - -

2    by the Court, and that you will support and defend the

3    Constitution and laws of the United States?

4              ATTORNEYS:  I will (collectively).

5              THE COURT:  All right.  Welcome.  We'll take care of

6    your paperwork for you.  You are all set.

7              ATTORNEY:  Thank you, your Honor.

8              THE COURT:  You're welcome.  One second, please.  My

9    password is not working here, Chris.  All right.  Well, let's

10   start.  I want to start with the Davis matter, please.

11             MR. PATERSON:  Thank you, your Honor.  Andrew

12   Paterson on behalf of Robert Davis.

13             THE COURT:  And you may proceed, sir.

14             MR. PATERSON:  Sir, this is our motion for

15   clarification of your stay order that was entered in July and

16   addressed, as we saw it, three state lawsuits that were

17   included in the stay, although the debtor was not a party to

18   those suits, but they did involve the first or second biggest

19   liability of the debtor, the pension plans.  And the

20   definition or the identification of those cases was set forth

21   in the motion, and your order did adopt that.

22             THE COURT:  Excuse me one second, sir.  Chris, it's

23   working.  Go ahead, sir.

24             MR. PATERSON:  Since that time, your order has been

25   interposed in our state case up in Ingham County on an open

1   meetings case.  It's also been interposed in other matters
2   that I've been involved in, and I'd like to have some
3   clarification as to the extent of that order.  I feel that
4   the state proceeding in Ingham County is an open meetings
5   case that has no impact whatsoever directly or practically on
6   the debtor's Chapter 9 protections.

7         THE COURT:  Well, let's talk about that.  What does
8   your client seek to accomplish by that lawsuit?

9         MR. PATERSON:  A declaration from the Court that the
10  Loan Board violated the Open Meetings Act in connection with
11  the appointment of Mr. Orr under Public Act 72 as the
12  emergency financial manager for the City of Detroit.

13        THE COURT:  And what does he intend to do with that
14  declaration if he obtains it?

15        MR. PATERSON:  The declaration is used in the state
16  court to guide conduct of public bodies, and I will also seek
17  an injunction that they not violate the OMA again, although
18  it's somewhat moot at this point since Public Act 72 has now
19  been repealed by the enactment of Public Act 436 of 2012
20  under which Mr. Orr currently serves and is appointed.

21        THE COURT:  Is it your representation to the Court
22  that it is not the intent of your client to use such a
23  declaration to remove Mr. Orr from office?

24        MR. PATERSON:  It is, and he did in our reply brief
25  so stipulate that we would not be appealing any such

1  decision.  I also indicated to the Court and have brought

2  with me a copy of the transcript from our July 24 hearing

3  before Judge Collette wherein he indicated that he was not

4  going to invalidate any actions taken by the Loan Board in

5  connection with the appointment.

6        THE COURT:  Well, I appreciate that, but I want to

7  be sure you understand the very specific question I'm asking

8  you.  I get that it is not the intent of your client or of

9  the state court to invalidate any of the actions of the Loan

10  Board or any of the actions that Mr. Orr has taken from the

11  time of his appointment until whenever that judgment might be

12  entered.  I've got that.

13        MR. PATERSON:  Nor could I seek that relief, nor

14  could the Court grant that under Michigan law.

15        THE COURT:  But that's not the question I'm asking.

16  I'm asking is -- the question I'm asking is is it your

17  representation to the Court that your client will not seek to

18  use that judgment to remove Mr. Orr from office in the

19  future?

20        MR. PATERSON:  That is, in fact, our stipulation.

21        THE COURT:  So if I heard you correctly, what you

22  plan to do with this judgment is to use it to enjoin the Loan

23  Board or others from violating the Open Meetings Act in the

24  future?

25        MR. PATERSON:  That is correct.

1          THE COURT:  And anything else?

2          MR. PATERSON:  No.  I mean the relief that I seek is

3    the declaration.  I am compelled to ask for an injunction

4    against further violations.  It's within the discretion of

5    the state court to issue or not issue that, and then I will,

6    of course, be seeking reimbursement of the attorneys' fees

7    and costs.

8          THE COURT:  All right.  So the question remaining to

9    be addressed is why shouldn't the order that the Court

10   previously entered be read to stay your suit or the suit

11   where you represent Mr. Davis?

12         MR. PATERSON:  Because none of the debtor's assets

13   or property is affected whatsoever by my suit.  My suit is

14   against state actors, not against the city.  The city is not

15   a party.  None of its departments are parties.  None of its

16   assets or property is subject to any action by the Circuit

17   Court in my OMA suit.  My OMA suit is exclusively against the

18   governor, the state treasurer, and the state Emergency

19   Financial Loan Board.

20         THE COURT:  All right.  Anything further, sir?

21         MR. PATERSON:  No.  I would just emphasize that the

22   de facto doctrine does validate all of the acts that have

23   occurred to date, in any event, and there's been no response

24   to that.  I mean that is clearly the state law.

25         THE COURT:  Thank you, sir.

1          MR. PATERSON:  Thank you.

2          THE COURT:  Who will be addressing this?  Oh, I'm

3    sorry.

4          MS. BRYA:  Good morning, your Honor.  Michelle Brya

5    and Joshua Booth.  We represent the governor, the state

6    treasurer, and the Local Emergency Financial Assistance Loan

7    Board in the state case.

8          It is our position that the scope of your order

9    extending the bankruptcy stay should include the Davis case.

10   In the debtor's motion they specifically requested that it

11   apply to actions against the governor, the treasurer, and the

12   Loan Board that directly or indirectly seek to enforce claims

13   against the city or interfere with the city's actions or

14   activities in the Chapter 9 case.  Although the order that

15   was signed by this Court specifically acknowledged the three

16   pre-petition cases, we believe that by the language of that

17   order it said that that language was included for the

18   avoidance of doubt, and it didn't in any way limit the scope

19   of your order to those three cases.

20         The defendants in the state case, the Davis versus

21   Loan Board case, are the exact same defendants that this

22   Court acknowledged in its order, the state treasurer, the

23   governor, and the Local Financial Emergency Loan Board, and

24   Davis seeks to invalidate the emergency manager, and that

25   would clearly interfere with the state's activities in the

1  Chapter 9 bankruptcy case.  Until Mr. Paterson filed his
2  reply brief, we weren't aware of his position with respect to
3  the invalidation, but clearly in his prayer for relief in the
4  state case in his second amended complaint he requests a
5  declaration that all decisions of the defendants, including
6  its votes taken at the March 14th Loan Board meeting, are
7  invalidated, and one of the decisions that they made that day
8  was the appointment of Mr. Orr, so we believe that by seeking
9  such relief, Mr. Paterson and Mr. Davis have not withdrawn
10 those claims for the invalidation of the emergency manager,
11 and, therefore, Judge Collette in the state case could still
12 order that invalidation occur and that Mr. Orr's appointment
13 be invalidated.  And we believe that that could have a
14 significant impact on the Chapter 9 proceedings, and we're
15 asking that you extend the scope of stay.
16      THE COURT:  Suppose the motion were granted with the
17 condition that prohibited that?
18      MS. BRYA:  That prohibited the ability for the state
19 court to invalidate the emergency manager?
20      THE COURT:  Precisely.
21      MS. BRYA:  That would be something that we would be
22 probably comfortable with, your Honor.  I mean certainly
23 that's the concern that we have is that if his position is
24 invalidated, then it could significantly impact the City of
25 Detroit and the state in general.

1          THE COURT:  It sounds like all Mr. Davis and his
2   counsel want here is a declaration that the Open Meetings Act
3   was violated and attorney fees.
4          MS. BRYA:  To some extent I think that that's
5   correct, your Honor, although they still have those claims in
6   their complaint, and so that relief, again, can still be
7   granted.
8          THE COURT:  But if my order of clarification limited
9   Mr. Davis to those two forms of relief, you would be
10  comfortable with that?
11         MS. BRYA:  Yes, your Honor, I believe we would.
12         THE COURT:  All right.  Thank you.
13         MS. BRYA:  Thank you, your Honor.
14         MR. HEIMAN:  Good morning, your Honor.  David
15  Heiman, Jones Day, on behalf of the city.  As a technical
16  matter, this seems more like a request for relief from stay
17  than clarification, but I'll leave that to your Honor, and I
18  don't -- it matters not to me whether we try to go through a
19  proper process or not in that respect, but I would like to
20  say that we're obviously very concerned about anything that
21  would in any way question the role or authority of the
22  executive decision-maker of the city, and I cannot imagine
23  anything that would be more disruptive to a Chapter 9 case
24  than that.  So to just respond to your proposal, if I can
25  call it that, I also have no problem with the suggestion as

1   it relates to Mr. Davis and his counsel, Mr. Paterson.  I am

2   concerned, however, about the impact of a ruling that

3   potentially invalidates the -- for the record, invalidates

4   the appointment of Mr. Orr not so much for the party that is

5   making the commitment to your Honor but for the rest of the

6   world and what they do with that, so I think we have to

7   address that.  I have no problem with your Honor getting

8   comfortable with whatever works here, but I just want to make

9   sure that we have covered the waterfront in terms of not

10   being exposed to some third party coming in and saying, "Look

11   at that order," so with that --

12           THE COURT:  Is it possible -- one second, sir.  Is

13   it legally possible to give Mr. Orr and the city that kind of

14   protection?

15           MR. HEIMAN:  I would assume -- I'm not a

16   constitutional scholar, your Honor, but I would assume if

17   your Honor issues an order that makes it clear -- and what I

18   think I heard you say is your order would say that, without,

19   again, being technical, the stay will not apply to the Davis

20   lawsuit -- the pending Davis lawsuit so long as the

21   Bankruptcy Court does not move to invalidate the appointment

22   of Mr. Orr.

23           THE COURT:  Well, you said "Bankruptcy Court," but,

24   of course, you mean the Circuit Court.

25           MR. HEIMAN:  Yes.  I'm sorry.  Excuse me.  I'm

1  sorry.  And so --

2          THE COURT:  Well, actually my question was a little

3  more specific than that.  It was the stay would be clarified

4  to permit Mr. Davis to seek a judgment -- a declaratory

5  judgment under the Open -- that the Open Meetings Act was

6  violated, obviously not finding that.  That's not our role

7  here, but a declaratory judgment that the -- seeking a

8  declaratory judgment that the Open Meetings Act was violated

9  and attorney fees, period.

10          MR. HEIMAN:  Okay.  And if I may suggest that we add

11  to that and that no other party may use any such ruling

12  should it come to pass in any way regarding -- with respect

13  to Mr. Orr's appointment without coming back to the

14  Bankruptcy Court, I think we would be satisfied, so it's --

15  it would, in fact, be a clarification of the stay as relates

16  to Mr. Davis' lawsuit, so I would think we could do that,

17  your Honor.

18          THE COURT:  Sir.

19          MR. PATERSON:  Yes.  I think the Court should be

20  aware that the Open Meetings Act itself I think addresses Mr.

21  Heiman's concern.  Section MCL 15.273 reads, "The circuit

22  court shall not have jurisdiction to invalidate a decision of

23  a public body for a violation of this act unless an action is

24  commenced pursuant to this section within the following

25  specified period of time," and then "(a) Within 60 days after

1    the approved minutes are made available to the public by the

2    public body."  His appointment was on March 14th.  Sixty days

3    have come and gone.  No one else can seek to invalidate the

4    appointment of Mr. Orr under Public Act 72 because the

5    Circuit Court would not have jurisdiction.

6            THE COURT:  So I take it by that that you wouldn't

7    object to the additional suggestion that Mr. Heiman made

8    here.

9            MR. PATERSON:  I would not.  It simply restates the

10   law, I think, of the state.

11           THE COURT:  Sir.

12           MR. HEIMAN:  No.  I was good.

13           THE COURT:  Okay.

14           MR. HEIMAN:  Thank you.

15           THE COURT:  Well, in the circumstances, it appears

16   to the Court that we have an agreement as to how this motion

17   should be resolved, so, Mr. Peterson, I'm going to ask you to

18   prepare an order with the three agreed upon conditions here

19   and have it approved as to form by the Attorney General's

20   Office and counsel for the city and then submit it to the

21   Court.

22           MR. PATERSON:  Will do.  Thank you, your Honor.

23           THE COURT:  You're all set, sir.

24      (Excerpt concluded at 10:20 a.m.)

25                            - - -

INDEX

WITNESSES:

    None

EXHIBITS:

    None

        I certify that the foregoing is a correct transcript
from the sound recording of the proceedings in the above-
entitled matter.


/s/ Lois Garrett                    August 29, 2013
_____        _____
Lois Garrett