UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 9

CITY OF DETROIT, MICHIGAN,                      No. 13-53846

    Debtor.                                HON. STEVEN W. RHODES

_____/

**MOTION TO QUASH AND FOR PROTECTIVE ORDER**

The State of Michigan, Governor Rick Snyder, Treasurer Andrew Dillon, the Governor's Transformation Manager Richard L. Baird, Department of Treasury Legal Counsel Frederick Headen, and Auditor General Thomas McTavish (collectively, "the State"), by counsel, move this Court for entry of a protective order, pursuant to Fed. R. Civ. P 45 and Fed. R. Civ. P. 26(c), quashing all discovery requests directed to the State because they are outside the scope of discovery permitted by this Court as to the eligibility issue and subject these state employees, officials, and agents to unnecessary and unduly burdensome discovery. The State says in support:

1. Various creditors in this case have propounded discovery requests to the State of Michigan and various state employees, officials,

1

and agents, related to the Debtor's eligibility to file chapter 9 bankruptcy.

2. The United Auto Workers have sent subpoenas duces tecum to the State of Michigan, State Treasurer Andrew Dillon, and Governor Rick Snyder. (Exhibit 1) These subpoenas commanded the State and these officials to appear to testify and to produce and permit inspection and copying of documents or communications relating to 2012 PA 436; Const 1963, art 9, § 24; and the Detroit bankruptcy petition and filing of the petition.

3. Michigan AFSCME Council 25 has subpoenaed for deposition various state employees (Doc. 600), and noticed these depositions to be completed by September 23, 2013. These subpoenas have been filed with this Court but as of the filing of this document only the Governor and Richard Baird had been properly served. The deponents include the Governor, the State Treasurer, and the Auditor General for the State of Michigan. On August 30, 2013, counsel for AFSCME indicated they will be withdrawing the subpoenas of Assistant Attorney General Brian Devlin, Assistant Attorney General Tom Quasarano, the Governor's Chief of Staff

Dennis Muchmore, the Governor's Deputy Chief of Staff John Roberts and the Governor's Executive Director Allison Scott.

4. The Retired Detroit Police Members Association's First Request for Production of Documents is directed to the State of Michigan (Doc. 596). It requests documents related to communications between Mr. Orr and various state officials including the Governor, the Treasurer, and any other agents of the State, related to the bankruptcy petition.

5. Since these requests were made, this Court's August 26, 2013 Order (Doc. 642) has significantly clarified and limited the scope of discovery on the eligibility issue. Specifically, discovery as to the eligibility objections is limited to factual issues on the following questions: whether the City was insolvent; whether the City desired "to effect a plan to adjust such debts"; whether the City negotiated in good faith with creditors; whether the City was unable to negotiate with creditors because such negotiation was impracticable; and whether the petition was filed in bad faith. (Doc. 642, Order Regarding Eligibility Objections, V & VII.)

6. Each of these requests is outside the scope of discovery allowed by this Court and thus subjects these state employees and officials to an unnecessary and undue burden.

7. In the event this motion is denied, the State requests the right to seek, within the timetable outlined in this Court's August 2, 2013 scheduling order (Doc. 280), reasonable limitations based on, among other things, recognized privileges.

8. On August 30, 2013, the undersigned counsel conferred with counsel for these creditors seeking discovery and sought concurrence in the filing of this motion. Concurrence was denied, thereby necessitating this motion.

For the reasons stated in this motion and the accompanying brief, the State respectfully requests that this Court grant this motion for an order quashing the subpoenas and for protective order, relieving these state employees, officials, and agents from any duty to respond to the UAW duces tecum subpoenas, the deposition subpoenas, and the Retired Detroit Police Members Association's request for production of documents, and award any other relief it deems equitable and just.

4

Respectfully submitted,

Matthew Schneider (P62190)
Chief Legal Counsel

Steven B. Flancher (P47894)
Assistant Attorney General


*/s/Steven B. Flancher (P47894)*
Assistant Attorney General
Attorneys for the State of Michigan
Michigan Dep't of Attorney General
P.O. Box 30754
Lansing, MI 48909
517-373-3203
FlancherS@michigan.gov


Dated: August 30, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                No. 13-53846

   Debtor.                                HON. STEVEN W. RHODES

_____/

**BRIEF IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER**

The central issue here is whether the discovery requests to these state employees, officials, and agents subject them to an undue burden because they are unnecessary, irrelevant, and outside the scope of this Court's Order clarifying and limiting discovery regarding objections to the City's eligibility to file bankruptcy under § 109 of the Bankruptcy Code.

Fed. R. Civ. P. 45 provides in pertinent part:

 (3) *Quashing or Modifying a Subpoena.*
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
       (i) fails to allow a reasonable time to comply;
       (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       (iv) subjects a person to undue burden.

*CH Holding Co. v. Miller Parking Co.*, 2013 WL 4516382, 2 ( (E.D.

1

Mich., August 26, 2013) (citing Fed. R. Civ. P. 45(c)(3)(A)).

Accordingly, Rule 45(c)(1) imposes a duty on creditors' attorneys to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Whether a subpoena is unduly burdensome is determined on a case-by-case basis taking into account the party's need for the documents and the nature and importance of the litigation. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

To determine whether the subpoena presents an undue burden, the following factors should be considered: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Id.* (internal citations omitted). Although irrelevance or overbreadth are not specifically listed under Rule 45 as a basis for quashing a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics,* 275 F.R.D. 251, 253 (S.D.Ohio 2011). Thus, in

reviewing a motion to quash, courts may consider, among other things, whether there are other viable means to obtain the same evidence. *Medical Center at Elizabeth Place, LLC v. Premier Health Partners*, 2013 WL 3872077, 1 (S.D. Ohio) (S.D. Ohio, 2013) (quoting *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55, 66 (1st Cir. 2003)).

Fed. R. Civ. P. 26(b)(2)(c) states that a court may on its own limit the extent of discovery if the discovery sought is cumulative, can be obtained from a more convenient source, the party seeking discovery has had ample opportunity to obtain the information, or the burden of the proposed discovery outweighs its benefits. Similarly, Fed. R. Civ. P. 26(c)(1) provides that this court can issue an order to protect a party from "annoyance, embarrassment, oppression or undue burden or expense."

Here, the narrow scope of the factual questions allowed by this Court's order relates only to whether the City of Detroit is eligible to file chapter 9 bankruptcy. The State was not involved in making the determination that the eligibility factors were met. For example, the State did not negotiate with creditors or make or decide not to make plans to adjust debts. The eligibility determination was made—and

3

could only be made—by the City of Detroit and Emergency Manager Kevyn Orr. (Mich. Comp. Law 144.1558(1) (empowering the emergency manager to act *exclusively* on the local government's behalf in a case under chapter 9).[1] Discovery of these state employees, officials, and agents is therefore irrelevant to the allowable factual questions related to eligibility.

---

[1] Mich. Comp. Law 141.1558 states,
> (1) If, in the judgment of the emergency manager, no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the emergency manager may recommend to the governor and the state treasurer that the local government be authorized to proceed under chapter 9. If the governor approves of the recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision, with a copy to the superintendent of public instruction if the local government is a school district. The governor may place contingencies on a local government in order to proceed under chapter 9. Upon receipt of the written approval, the emergency manager is authorized to proceed under chapter 9. This section empowers the local government for which an emergency manager has been appointed to become a debtor under title 11 of the United States Code, 11 USC 101 to 1532, as required by section 109 of title 11 of the United States Code, 11 USC 109, and empowers the emergency manager to act exclusively on the local government's behalf in any such case under chapter 9.

4

To the extent the Governor's reasons for authorizing Mr. Orr to file the petition are relevant, those reasons have already been set forth in the Governor's letter authorizing Orr to commence the bankruptcy filing and thus are available to creditors without need for discovery. (Governor's July 18, 2013 letter, attached as exhibit 2.)

Thus, any information sought in the deposition subpoenas (Doc. 600) is irrelevant and outside the scope of this Court's order. Document requests 3, 5, 6, and 7 of the UAW duces tecum subpoenas are clearly irrelevant as to the issue of eligibility. (Exhibit 1) So are document requests 4, 5, 6, 7, 8, 11–22 of the Retired Detroit Police Members Association's request for production (Doc. 596). The remainder of the requests in both discovery demands are overly broad. On this basis alone, these state employees, officials, and agents should be relieved of any duty to be deposed or otherwise respond to these discovery requests.

Further, these requests are duplicative. Discovery requests on the eligibility issue have been propounded on both the City of Detroit and Mr. Orr. Detroit Mayor David Bing and Mr. Orr have been subpoenaed for depositions. Numbers 3, 5, 6, 7, and 11 of the duces

5

tecum subpoenas to the State, the Governor, and the Treasurer are better directed to the City and Mr. Orr. (Exhibit 1) Likewise, requests for production 13, 14, 15, 16, 21, and 22 of the Retired Detroit Police Members Association's request for production are more appropriately directed to the City and Mr. Orr. (Doc. 596.) As demonstrated, the discovery requests to the State are duplicative and unnecessary. At the very least the discovery requests are premature in light of the fact that there has been no showing that the State officials were involved in any relevant eligibility determinations made prior to the filing of the petition. Any discovery from the State should follow discovery sought from Mr. Orr and the City—and *only* after a showing of relevant state involvement.

In addition, this Court's August 26, 2013 discovery order states that discovery related to eligibility objections is limited to the objections that raise factual—not legal— issues. (Doc. 642, VII(1)). Yet many of the documents sought in the UAW duces tecum subpoena and the Retired Detroit Police Members Association's first request for production of documents relate to legal issues such as those involving PA 436 and 1963 Const art 9, § 24 of the Michigan Constitution and the

appointment of an emergency manager. Thus, they are beyond this Court's Order narrowing discovery on the objections to eligibility. For example, 30(b)(6) Matters for Examination 1 and 2 and document requests 1, 2, 4, 8, 9, 10, and 12 of the UAW duces tecum subpoenas (Exhibit 1) relate to legal issues. The same is true for document requests 1, 2, 3, 9, and 10 of the Retired Detroit Police Members Association's first request for production of documents. (Doc. 596.) On that basis, they are outside the scope of the order and, thus, unduly burdensome. And again, the remainder of the questions in both these requests are unduly burdensome as irrelevant and/or duplicative.

Even if the requested documents exist, based on this Court's expedited discovery schedule it would be unduly burdensome to sort through the tens of thousands of available e-mails to determine whether they are responsive to these Creditors' overbroad requests. In the Governor's office alone, there are over 30,000 e-mails that would have to be individually evaluated for relevance to eligibility.

In short, there is not a single discovery request to the State that is appropriate given the narrow parameters of this Court's August 26, 2013 discovery order and the resultant irrelevance of the documents

7

sought, the lack of need for the documents, and the unnecessary cost and burden to the State. Accordingly, this Court should relieve these state employees, officials, and agents of any obligation to comply with these discovery requests.

The State of Michigan, Governor Rick Snyder, Treasurer Andrew Dillon, Richard L. Baird, Frederick Headen, and Auditor General Thomas McTavish respectfully request that this Court grant their motion for an order quashing the subpoenas and for protective order, relieving them of any duty to respond to the UAW subpoenas duces tecum, the deposition subpoenas, and the first request for production of documents related to the objections to the City's eligibility to file bankruptcy, and awarding any relief it deems equitable and just.

Respectfully submitted,

Matthew Schneider (P62190)
Chief Legal Counsel

Steven B. Flancher (P47894)
Assistant Attorney General


*/s/Steven B. Flancher (P47894)*
Assistant Attorney General
Attorneys for the State of Michigan
Michigan Dep't of Attorney General
P.O. Box 30754

8

Lansing, MI 48909
517-373-3203
FlancherS@michigan.gov

Date: August 30, 2013

# CERTIFICATE OF SERVICE

I hereby certify that on 30th day of August, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such.

/s/Steven B. Flancher (P47894)
Assistant Attorney General
Attorney for Defendant
P.O. Box 30736
Lansing, Michigan 48909
517.373.3203
E-mail: flancherS@michigan.gov

9