**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) ) | Case No. 13-53846 |
| Debtor. | ) ) | Hon. Steven W. Rhodes |

### THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' OPPOSITION TO THE STATE OF MICHIGAN, ET AL, MOTION TO QUASH AND FOR PROTECTIVE ORDER

The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**City**" or "**Debtor**") non-uniformed employees (the "**Retired AFSCME Employees**"), and about 2,523 active City employees (the "**Active AFSCME Employees**", or about seventy percent (70%) of the active non-uniformed union-represented employees, and together with the Retired AFSCME Employees, collectively, the "**AFSCME Detroit Employees**") -- through its counsel submits this objection (the "**Objection**") to the Motion of the State of Michigan, Governor Rick Snyder, Treasurer Andrew Dillon, the Governor's Transformation Manager Richard L. Baird, Department of Treasury Legal Counsel Frederick Headen, and Auditor General Thomas McTavish (collectively, the "**State**") for entry of an order quashing all discovery requests directed to the State. In support of this Objection, AFSCME respectfully states as follows:

## PRELIMINARY STATEMENT

1. The State's motion to quash subpoenas issued by AFSCME (the "**Motion to Quash**") is an unjustified attempt to forestall AFSCME from taking relevant and potentially vital discovery to which AFSCME is unquestionably entitled under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the scheduling orders issued by the Court. The discovery sought by AFSCME is both pertinent and critical to the factual questions surrounding the State's and the Governor's decisions to authorize the chapter 9 relief filing by the City of Detroit, Michigan (the "**City**" or the "**Debtor**"), the factors and assumptions that went into the decision, the timing of the decision and the decisions surrounding the process. Particularly in light of the expedited schedule imposed by the Court, any attempts to forestall AFSCME's access to information relevant to that determination should be rejected out of hand. Measured against AFSCME's strong interest in obtaining discovery now, prior to the close of discovery currently set for September 23, 2013, the Motion to Quash advances weak and unsupported conclusions which fail to carry the State's high burden in demonstrating the need for the requested relief, and represent a clear misunderstanding of the scope of permitted discovery and the stakes involved in its timely production. AFSCME already offered to limit the number of witnesses and cooperate on scheduling. The response was this motion. In this very tense and highly compressed judicial and mediation process, transparency must be encouraged over condoning litigation tactics that are unfair or even create the appearance of unfairness or that there is something to hide. The State's Motion to Quash should be denied.

## RELIEF REQUESTED

2. Pursuant to the Orders of this Court, applicable Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure for the Eastern District of Michigan, AFSCME respectfully requests the entry of an order (a) compelling

Governor Rick Snyder, Treasurer Andrew Dillon, the Governor's Transformation Manager Richard L. Baird, Department of Treasury Legal Counsel Frederick Headen, and Auditor General Thomas McTavish (collectively, the "**Requested Witnesses**") to, as applicable in their respective subpoenas (collectively, the "**Subpoenas**"), appear for deposition upon oral examination, (b) denying the Motion to Quash, and (c) directing the State to reimburse AFSCME for the attorneys' fees and costs that were incurred in the filing of this Objection, which was required as a result of the State's baseless Motion to Quash.

## BACKGROUND

3. On August 2, 2013, the Court entered an order (the "**First Scheduling Order**"), establishing dates and deadlines for the filing of objections to, production of discovery on, and ultimate adjudication of the Debtor's eligibility to file for protection under chapter 9 of the Bankruptcy Code.

4. On August 19, 2013, AFSCME, along with 108 other objectors, filed its Objection to the City of Detroit's Eligibility to Obtain Relief Under Chapter 9 of the Bankruptcy Code [Docket No. 505] (the "**AFSCME Eligibility Objection**").

5. In accordance with the First Scheduling Order, on August 23, 2013, AFSCME served discovery requests on parties in interest, including the subpoenas and notices of depositions served on the Requested Witnesses that are the subject of this Motion to Quash.

6. On August 26, 2013, the Court entered a second order (the "**Second Scheduling Order**"), setting those eligibility objections raising purely legal questions for oral argument on September 18, 2013. The Court further identified and detailed those issues the Court has determined necessitate resolution of genuine issues of material fact and therefore require discovery and trial presentation. Of those objections determined to necessitate discovery, the Court acknowledged that the following were raised in the AFSCME Eligibility Objection: (i) the City was not "insolvent," as required for eligibility by 11 U.S.C. § 101(32)(C); (ii) the City did

not negotiate in good faith with creditors, as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(B); (iii) the City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C); and (iv) the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c). The Court further ordered that all discovery related to eligibility objections is limited to those objections that raise factual issues, as outlined above, and that discovery may be propounded only by those parties identified by the Court as having filed such objections.

7. Although AFSCME requested, the State refused to accept service of any AFSCME subpoenas, including the subpoenas for the Requested Witnesses. Despite AFSCME giving notice of the request for these deposition by filing the subpoenas on the Bankruptcy Court Docket, the State forced AFSCME to incur the time and expense of having the subpoenas served by process server.

8. Thereafter, late in the afternoon on August 30, 2013, the State, through the Michigan Department of Attorney General, contacted counsel to AFSCME purportedly to resolve certain discovery issues.

9. The Attorney General's office's email, sent on Friday at 3:07 p.m., provided as follows:

**From:** Donnelly, Mark (AG) [mailto:donnellym@michigan.gov]
**Sent:** Friday, August 30, 2013 3:07 PM
**To:** Levine, Sharon L.
**Cc:** Sherman, Ann (AG); Nelson, Margaret (AG); Miller, Jeanmarie (AG); Booth, Joshua O. (AG)
**Subject:** Detroit Bankruptcy

Sharon,

    Confirming our conversation, the State of Michigan is seeking your concurrence in withdrawing the subpoenas issued to state personnel. This includes Governor Rick Snyder, Treasurer Andrew Dillon, the Governor's Transformation Manager Richard L. Baird, Assistant Attorneys General Brian Devlin and Tom Quasarano, the Governor's Chief of Staff Dennis Muchmore, the Governor's Deputy

Chief of Staff John Roberts, the Governor's Executive Director Allison Scott, Department of Treasury Legal Counsel Frederick Headen, and Auditor General Thomas McTavish.

We believe, given the Court's August 26th order, that the discovery requests directed to the State are outside the scope of discovery permitted by this Court as to the eligibility issue and subject these state employees, officials, and agents to unnecessary and unduly burdensome discovery.

Given the very fast track this case is on we plan to file a motion to quash today unless you will agree to withdraw these [subpoenas]. Thank you for your attention to this matter.

Mark Donnelly
Assistant Attorney General
Michigan Department of Attorney General
525 W Ottawa St, 5th Floor
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
(517) 373-2454 (fax)


10. AFSCME immediately responded by offering to limit the number of witnesses

and to cooperate on scheduling with an email at 4:12 p.m. that provided as follows:

**From:** Levine, Sharon L. [mailto:slevine@lowenstein.com]
**Sent:** Friday, August 30, 2013 4:12 PM
**To:** Donnelly, Mark (AG)
**Cc:** Sherman, Ann (AG); Nelson, Margaret (AG); Miller, Jeanmarie (AG); Booth, Joshua O. (AG)
**Subject:** RE: Detroit Bankruptcy

Mark:

Thank you for the email, it was helpful. AFSCME will only be pursuing subpoenas to depose the following five (5) of the ten (10) state personnel referred to in your email:

Governor Rick Snyder
Treasurer Andrew Dillon
The Governor's Transformation Manager Richard L. Baird
Department of Treasury Legal Counsel Frederick Headen
Auditor General Thomas McTavish.

In contrast, we will withdraw the subpoenas of the following state personnel mentioned in your email below:

Assistant Attorney General Brian Devlin
Assistant Attorney General Tom Quasarano
The Governor's Chief of Staff Dennis Muchmore
The Governor's Deputy Chief of Staff John Roberts
The Governor's Executive Director Allison Scott

We further agree to coordinate with you and the other parties on scheduling. Hopefully this resolves [the] need to file a motion to quash today. Thank you for your attention to this matter.

**Sharon L. Levine**
Partner
**Lowenstein Sandler LLP**
*T* 973 597 2374
*M* 973 768 9861
slevine@lowenstein.com
www.lowenstein.com
NEW YORK  PALO ALTO  ROSELAND


11. Rather than following up with any true attempt to resolve these issues, a very short bit later on Friday, August 30, 2013 (the evening of the start of the holiday weekend), the State filed its Motion to Quash with respect to all of AFSCME's deposition requests of the State related to the Debtor's eligibility. Each and every one of the subpoenas and deposition notices served on the Requested Witnesses by AFSCME were among the discovery requests challenged by the Motion to Quash.

12. In support of the Motion to Quash, the State argues that each of the discovery requests subject to the Motion is outside the scope of discovery allowed by the Court.

13. However, given the nature of this proceeding, perhaps more than almost any other, *transparency should be encouraged*.

14. *It is impossible to imagine any justification for asserting that the Governor's and the State's thought process and deliberations leading up to the filing of this case is not relevant to whether the filing was in good faith or whether the City is eligible for chapter 9 relief*.

15. AFSCME is entitled to try to understand and use in argument before this Court the deliberative process used by the State and the Governor and how the Governor came to authorize Emergency Manager Kevyn Orr ("**Orr**") to file the chapter 9 petition beyond the

reasons stated in the Governor's letter authorizing Orr to commence the bankruptcy filing (the "**Authorization Letter**") through discovery.

16. On the basis of two arguments -- that the State was not directly involved in the determination of the eligibility factors and that the Governor's reasons for authorizing the chapter 9 petition are already set forth in the Authorization Letter -- and these two arguments alone, the State concludes that the requested depositions are irrelevant. *("Thus, any information sought in the [deposition subpoenas filed by AFSCME] is irrelevant and outside the scope of this Court's order." See* State's Brief Supp. Mot. To Quash, at p. 5).[1] As will be discussed in greater detail below, such arguments cannot carry the State's heavy burden to demonstrate that the subpoenas should be quashed.

## AFSCME SOUGHT ONLY REASONABLE DISCOVERY REGARDING ELIGIBILITY

17. AFSCME's challenge to the Governor's authorization and the constitutionality of the authorization under Michigan law is, in part, an "as applied" challenge (*i.e.* a challenge which finds the Emergency Manager law unconstitutional based on the individual facts of the case), which turns, in part, on the fact that the Governor knew the City intended to impair pension rights when he signed his authorization. At minimum, AFSCME needs to probe in depositions regarding the Governor's and the State's views and conclusions and factually, among other things:

---

[1] The State raises additional arguments in the Motion to Quash to challenge the document requests propounded by the other objectors subject to the Motion. As AFSCME has not made any document requests of the Requested Witnesses.

-7-
13-53846-tjt    Doc 701    Filed 09/01/13    Entered 09/01/13 15:13:58    Page 7 of 16

whether, how and on what basis the State and Governor concluded the City was "insolvent," as required for eligibility by 11 U.S.C. § 109(c)(3) and as defined in 11 U.S.C. § 101(32)(C);

the nature extent and details surrounding the Governor's and State's input, influence and assumptions underpinning the purported proposed plan of adjustment, as opposed to other less drastic alternatives;

the Governor's and the State's involvement in and influence over the City's lack of any effort to negotiate in good faith with creditors;

the basis for the Governor's and the State's conclusion, participation in deciding or otherwise related to the City's assertion that it was "unable to negotiate with creditors because such negotiation is impracticable;"

the City's bankruptcy petition should be dismissed because it was filed in bad faith;

the failure of the Governor and the State to attach any contingencies to the authorization to file;

why the Governor and the State chose in the authorization letter to rely on 11 U.S.C. § 943(b) without attaching contingencies on the authorization itself;

whether the Governor and the State acted in good faith in filing.

18. Thus, AFSCME objects to the Motion to Quash as it prevents the permitted necessary discovery. AFSCME already agreed to limit its request to the following witnesses which include the Governor and his "inner circle" on this issue:

Governor Rick Synder;

Treasurer Andrew Dillon;

Governor's Transformation Manager Richard L. Baird;

Department of Treasury Legal Counsel Frederick Headen; and.

Auditor General Thomas McTavish.

19. In addition to the Governor and Treasurer Andrew Dillon, AFSCME seeks to depose two key members of the 2013 Detroit Financial Review Team, the body charged with reviewing the City's financial condition and upon whose conclusions the Governor determined

that a local government financial emergency existed, thereby concluding to appoint the Emergency Manager and deciding to authorize the filing of the chapter 9 petition. AFSCME appropriately seeks the depositions of Department of Treasury Legal Counsel Frederick Headen and Auditor General Thomas H. McTavish to understand vital facts illuminating the circumstances under which the Governor made his decisions with respect to the chapter 9 filing.

20. According to news reports[2], Frederick Headen played a regular role in reviewing the finances of troubled cities in Michigan and served on numerous review teams, including the 2012 Detroit Financial Review Team. These tasks included overseeing how struggling cities, such as Detroit, operate or recover under the oversight of an emergency manager. Mr. Headen clearly played a critical role as part of the 2013 Detroit Financial Review Team, with critical factual information concerning both the 2013 Detroit's Financial Review Team's formulation of its conclusions regarding the financial stability of the City and in the Governor's reliance on those conclusions.

21. Thomas McTavish, as the longest-serving appointed auditor general in Michigan going on his third eight-year term and with 36 years of government experience, is clearly a vital and trusted member of the Michigan State Government. His perspective and professional knowledge were no doubt integral in the 2013 Detroit Financial Review Team's conclusions concerning the financial condition of the City, and is an important source of the financial perspective on the 2013 Detroit Financial Review Team's ultimate conclusions and the Governor's reliance thereon.

22. Notably, the review team issued its findings on February 13, 2013 – weeks after discussions had already begun between Snyder's and Orr's teams regarding the possible appointment of Orr as Detroit Emergency Manager. Members of the financial review team may therefore have been privy to valuable information relevant to AFSCME's argument that Orr's

---

[2] http://www.mlive.com/politics/index.ssf/2012/10/fred_headon_is_a_wonk_in_wingt.html

appointment as Emergency Manager and the City's subsequent chapter 9 filing were foregone conclusions not made in good faith.

## THE MOTION TO QUASH SHOULD BE DENIED

23. The crux of the State's argument rests on the conclusion that the subpoenas are irrelevant to the factual issues surrounding the ultimate question of whether the City is eligible to file chapter 9 bankruptcy. Therefore, according to the State, any inquiry into the Requested Witnesses would be unnecessary and unduly burdensome. The arguments advanced by the State, however, neither demonstrate the irrelevance of the information uniquely known to each of the Requested Witnesses, nor come close to satisfying the State's heavy burden of demonstrating that the subpoenas are unduly burdensome and should be quashed.

24. Whether a burden is undue requires weighing "the likely relevance of the requested material ... against the burden ... of producing the material." *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir.1994). To quash a subpoena on grounds that it is unduly burdensome, "[t]he subpoenaed party must show that compliance with the subpoena would so cripple its business that the subpoena should be quashed or restricted." *U.S. v. Rail Union Technical Assistance, Inc.*, 1993 WL 944583, *4 (D.N.J. 1993), *citing FTC v. Texaco, Inc.*, 555 F.2d 862, 882 (D.C. Cir.) (en banc), *cert. denied sub nom.*, 431 U.S. 974 (1977). Moreover, it is axiomatic that "[s]ome burden on subpoenaed parties is to be expected… ." *FTC v. Texaco,* 555 F.2d at 882.

25. The party moving to quash a subpoena bears the burden of proof. *See Hansen Beverage Co. v. Innovation Ventures, LLC,* 2009 WL 2351769, at *1 (E.D.Mich. Jul.28, 2009); *Vitale v. McAtee*, 170 F.R.D. 404, 407 (E.D.Pa. 1997). The burden of proving that a subpoena is unduly burdensome under Fed. R. Civ. P. 45 is a heavy one. *See In re Yassai*, 225 B.R. 478, 484 (Bankr. C.D. Cal. 1998). In meeting the burden, the movant must do more than make conclusory statements regarding burdensomeness. *See, e.g., Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto Ins. Co.,* 2011 WL 4507417, at * 4 (E.D. Mich. Sept. 29, 2011), *citing* 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed.1995)

("That person cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena."); *RIMSTAT, Ltd. v. Hilliard*, 207 B.R. 964, 969 (D. D.C. 1997) ("Mere assertions that compliance would be burdensome are insufficient to satisfy such a burden."); *Gaskin v. Com. of Pennsylvania*, 1997 WL 734031, *1 (E.D. Pa. 1997) ("… the … mere assertion that the classroom observations will likely be disruptive, without more, is insufficient to show that the subpoenas should be quashed as unduly burdensome under Rule 45."); 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459. Indeed, the party moving to quash "must show, with specificity, that disclosure will work a clearly defined and serious injury to the moving party." *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc.*, 160 F.R.D. 70, 72 (E.D.Pa.1995). Yet conclusory statements are all the State offers.

26. Moreover, establishing that the Subpoenas are unduly burdensome requires the State to prove that "compliance with the subpoena would be unreasonable and oppressive." *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (citations omitted). Common examples of undue burden include: untimely service of the subpoena, inability to appear, inability to produce the requested documents or things, failure to identify items requested, or excessive costs. *See In re County of Orange*, 208 B.R. 117, 120 (Bankr. S.D.N.Y. 1997) (*quoting* Moore's Federal Practice § 45.04[3][b]). It is uncontroverted that the Subpoenas were timely served and there haven't been any allegations by the Requested Witnesses that they are unable to appear. Nor does the State assert that compliance with the Subpoenas would result in excessive cost or any prejudice to the Requested Witnesses. Rather, the State merely rests this Motion to Quash on conclusory assertions that the testimony of the Requested Witnesses is irrelevant and therefore *any* inquiry would be unduly burdensome.

27. Since the State has offered only a conclusory assertion that the Subpoenas are burdensome, without any attempt to explain how the Subpoenas are unreasonable or oppressive to the Requested Witnesses, the Motion to Quash must be denied.

28.     Further, the Federal Rules of Civil Procedure, incorporated in this contested matter by Fed. R. Bankr. P. 9014, permit parties, as a general matter, to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The scope of examination permitted under Rule 26(b) is broader than that permitted at trial, with the ultimate test being "whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 402 (6th Cir.1998) (quoting *Mellon v. Cooper–Jarrett, Inc.,* 424 F.2d 499, 500–01 (6th Cir.1970)); *Martin Properties, Inc. v. Florida Industries Investment Corp.*, 2003 WL 1877963, at *2 (N.D.Ill. Apr. 14, 2003). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Business Servs., Inc.,* 135 F.3d at 402. Courts permit discovery if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

29.     AFSCME is not seeking to pursue a fishing expedition through discovery, but needs to preserve its rights to obtain any information that AFSCME deems relevant to its objection to eligibility. Particularly in light of the expedited process pursuant to which the Court will adjudicate the Debtor's eligibility to file for chapter 9 relief, AFSCME should not be forestalled in obtaining access to all relevant information to that determination. The State's Motion to Quash is an effort to do just that and should be denied out of hand.

30.     The State has failed to put forth any valid or credible argument as to why the Court should grant its requested relief to quash the subpoenas and deny AFSCME access to information necessary to determine the City's eligibility for chapter 9 relief. Rather, the State presents two irrelevant and unpersuasive arguments that could not possibly support an order to quash.

31.     Based on the foregoing, the State's Motion to Quash should be denied.

# THE SUBPOENAS SHOULD BE ENFORCED BECAUSE THEY WERE VALIDLY ISSUED AND SEEK INFORMATION DISCOVERABLE WITHIN THE PERMISSIBLE LIMITS OF THE COURT'S ORDER AND APPLICABLE PROCEDURAL RULES

32. Pursuant to Federal Rule of Civil Procedure 45, applicable pursuant to Bankruptcy Rule 9016, a party (such as AFSCME) may compel a non-party (such as the Requested Witnesses) to produce documents and/or appear at a deposition to give testimony. *See Thompson v. Glenmede Trust Co.*, 1995 WL 752422, *2 (E.D.Pa. 1995). The subject matter of the discovery requested in a subpoena must, however, fall within the permissible scope of discovery. *See id.* Thus, the requested information/documents in the subpoena must be "relevant to the subject matter involved in the pending action...." Fed.R.Civ.P. 26(b)(1); *see also* 9A Miller & Wright, Federal Practice and Procedure, § 2459, at 42 (1995) (acknowledging that a subpoena may be quashed if it requests irrelevant matter).

33. The Subpoenas were appropriately issued and served pursuant to Fed. R. Civ. P. 45 and Bankruptcy Rule 9016 upon non-parties in connection with the AFSCME Eligibility Objection. A non-party witness is subject to the same scope of discovery under Fed. R. Civ. P. 45 as that person would be if they were a party to whom a subpoena is addressed pursuant to Fed. R. Civ. P. 34. *See Price Waterhouse LLP v. First American Corp.,* 182 F.R.D. 56, 61 (S.D.N.Y. 1998) (citing Fed.R.Civ.P. 45 Advisory Committee's Note).

34. The discovery requested in the Subpoenas is relevant to the subject matter of AFSCME's pending eligibility objection. In addition to being relevant to the issues raised in the AFSCME Eligibility Objection, the discovery sought from the Requested Witnesses is unavailable from any other source, as each of the Requested Witnesses has unique knowledge concerning the events leading to the filing of the chapter 9 petition, and more specifically, why the Governor's authorization of the filing was not limited to preclude any interference with vested pension rights. Such knowledge is further relevant to the specifically authorized discovery topics of whether the City negotiated in good faith, whether the City was unable to negotiate with creditors because such negotiation was impracticable, and whether the petition

was filed in bad faith. At minimum, AFSCME needs to probe in depositions regarding the Governor's (i) failure to attach any contingencies to his authorization and (ii) why the Governor chose in the Authorization Letter to rely on 11 U.S.C. § 943(b) without attaching contingencies on the authorization itself. The Requested Witnesses each possess individual information relevant to such determinations.

35. Therefore, inasmuch as the Subpoenas were properly issued and served upon the Requested Witnesses, the information sought to be discovered is relevant and/or likely to lead to the discovery of relevant information, and the Requested Witnesses will not be unduly burdened by complying with the Subpoenas, the Court should compel the Requested Witnesses to appear for the depositions as scheduled.

36. Finally, AFSCME requests that the State be required to reimburse AFSCME for its attorneys' fees and costs incurred in connection with its filing of the Objection. The State has intentionally thwarted AFSCME's efforts to obtain legitimate discovery and caused AFSCME to incur additional legal fees and costs as a result. As demonstrated herein, the Motion to Quash has no basis in fact or law. Accordingly, the Court should compel the State to reimburse AFSCME its attorneys' fees and costs for having to object to the Motion to Quash.

WHEREFORE, AFSCME respectfully requests the entry of the Proposed Order (annexed hereto as **Exhibit "A"**) denying the Motion to Quash, compelling compliance with the Subpoenas, directing the State to reimburse AFSCME's attorneys' fees and costs incurred in bringing this Objection, and granting AFSCME such other and further relief that may be just under the circumstances.

Dated: September 1, 2013

**LOWENSTEIN SANDLER LLP**
By: /s/ *Sharon L. Levine*
    Sharon L. Levine, Esq.
    John K, Sherwood, Esq.
    Philip J. Gross, Esq.
    Keara M. Waldron, Esq.
    65 Livingston Avenue
    Roseland, New Jersey 07068
    (973) 597-2500 (Telephone)
    (973) 597-6247 (Facsimile)
    slevine@lowenstein.com
    wjung@lowenstein.com
    pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and*

*Municipal Employees (AFSCME), AFL-CIO
and Sub-Chapter 98, City of Detroit Retirees*