# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
----------------------------------------------------x
                                          :
In re                                     :        Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :        Case No. 13-53846
                                          :
                        Debtor.           :        Hon. Steven W. Rhodes
                                          :
                                          :
----------------------------------------------------x
```

## MOTION OF DEBTOR, PURSUANT TO SECTIONS 105(a) AND 107 OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER (A) AUTHORIZING AND DIRECTING CITY OFFICIALS TO RELEASE CERTAIN INFORMATION REGARDING POTENTIAL TAX CREDITORS AND (B) AUTHORIZING FILING OF SUCH INFORMATION UNDER SEAL

The City of Detroit, Michigan ("Detroit" or the "City"), as the debtor

in the above-captioned case, hereby moves the Court, pursuant to sections 105(a)

and 107 of title 11 of the United States Code (the "Bankruptcy Code"), for the

entry of an order:[1] (a) authorizing and directing the applicable officials of the City

to release certain information relating to potential tax creditors as described herein

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1. A summary identifying each included attachment by exhibit number is appended to this Motion.

for use in the preparation of the list of creditors and claims required by

sections 924 and 925 of the Bankruptcy Code and for other required purposes in

this case and (b) authorizing the City to file such information under seal.

In support of this Motion, the City respectfully represents as follows:

## Background

1.      On July 18, 2013 (the "Petition Date"), the City filed a petition

for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      Incorporated in 1806, Detroit is the largest city in Michigan.

As of December 2012, the City had a population of less than 685,000 (down from a

peak population of nearly 2 million in 1950).  Over the past several decades, the

City has experienced significant economic challenges that have negatively

impacted employment, business conditions and quality of life.

3.      As of June 30, 2013 — the end of the City's 2013 fiscal year —

the City's liabilities exceeded $18 billion (including, among other things, general

obligation and special revenue bonds, unfunded actuarially accrued pension and

other postemployment benefit liabilities, pension obligation certificate liabilities

and related derivative liabilities).  As of June 30, 2013, the City's accumulated

unrestricted general fund deficit was approximately $237 million.

4.      In February 2013, a state review team determined that a local

government financial emergency exists in the City.  Thereafter, in March 2013,

Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "Emergency Manager") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"). Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case. MCL § 141.1558.

## Jurisdiction

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Lists of Creditors and Claims

6.      Section 924 of the Bankruptcy Code requires a chapter 9 debtor to file a list of creditors. See 11 U.S.C. § 924 ("The debtor shall file a list of creditors."). Consistent with this requirement, on the Petition Date, the City filed its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 16) (as amended, the "List of Creditors") identifying the City's creditors according to its books and records.[2]

---

[2]      On August 1, 2013, the City filed the Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258), which amended the information in the original List of Creditors.

7. Section 925 of the Bankruptcy Code provides that "[a] proof of claim is deemed filed under section 501 of this title for any claim that appears in the list filed under section 924 of this title, except a claim that is listed as disputed, contingent, or unliquidated."  11 U.S.C. § 925.

8. The City currently is preparing to further amend the List of Creditors to include any additional creditor information that has been identified and to provide the claim information contemplated by section 925 of the Bankruptcy Code, to the extent known.  The amended List of Creditors with the additional claim information contemplated by section 925 of the Bankruptcy Code is referred to herein as the "List of Creditors and Claims."

**The Potential Tax Creditors**

9. The City has potential creditors with claims for the return or refund of income taxes paid to the City (collectively, the "Potential Tax Creditors").  Currently, these Potential Tax Creditors are not included in the List of Creditors.  Because they are potential creditors of the City, the City believes that it is appropriate to list the Potential Tax Creditors on the List of Creditors and Claims, as contemplated by sections 924 and 925 of the Bankruptcy Code.

10. Taxpayer information received by the City is confidential and subject to statutory protections.  As such, officials within the City's Finance Department and other relevant officials (collectively, the "City Officials") are

concerned that they may be prohibited by state and/or local law from providing the information about the Potential Tax Creditors that is needed for the List of Creditors and Claims.

11.     In particular, Michigan law provides as follows with respect to the disclosure of tax data:

(1)     Information gained by the administrator, city treasurer or any other city official, agent or employee as a result of a return, investigation, hearing or verification required or authorized by this ordinance is confidential, except for official purposes in connection with the administration of the ordinance *and except in accordance with a proper judicial order*.

(2)     Any person who divulges this confidential information, except for official purposes, is guilty of a misdemeanor and subject to a fine not exceeding $500.00 or imprisonment for a period not exceeding 90 days, or both, for each offense. In addition, an employee of the city who divulges this confidential information is subject to discharge for misconduct.

M.C.L. § 141.674 (emphasis added).  This language is repeated almost <u>verbatim</u> in the Detroit City Code.  <u>See</u> Detroit City Code § 18-10-16.

12.     Given the potentially broad reach of these confidentiality provisions of Michigan law and the Detroit City Code and the associated penalties, the City Officials are understandably concerned that they may become subject to personal liability or even imprisonment for providing information for use in generating the List of Creditors and Claims unless they receive a "proper judicial order" authorizing them to do so.

13.     To complete the List of Claims and Creditors and for noticing and other required purposes in this case under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and related local rules, the Emergency Manager and his staff (the "EM Staff"), the City's financial advisors and restructuring counsel (together, the "City Advisors")[3] and the court-appointed claims and noticing agent (the "Claims Agent")[4] require access to the name and address of each Potential Tax Creditor and information relating to the nature and amount of any potential claims held by these parties (collectively, the "Creditor Information").  The confidentiality of this Creditor Information would continue to be respected.  For example, with the permission of the Court, the City intends to file the Creditor Information under seal to protect the confidentiality of taxpayer information.

## Relief Requested

14.     Pursuant to sections 105(a), 107(b)(1) and 107(c)(1) of the Bankruptcy Code, the City requests that the Court enter an order: (a) authorizing and directing the City Officials to release the Creditor Information as requested to the EM Staff, the City Advisors and the Claims Agent for inclusion in the List of

---

[3]     The City Advisors include, without limitation, Ernst & Young, LLP; Conway MacKenzie, Inc.; Miller Buckfire & Co., LLC; Jones Day; and Miller, Canfield, Paddock and Stone, P.L.C.

[4]     The Claims Agent is Kurtzman Carson Consultants, LLC.

Creditors and Claims and for any other required purposes in this case; and

(b) authorizing the City to file the portion of the List of Creditors and Claims

containing the Creditor Information, or any other document containing the Creditor

Information, under seal.

## Basis for Relief

*Request to Authorize and Direct the City Officials to Release the Creditor Information to the EM Staff, the City Advisors and the Claims Agent*

15.    Section 105(a) of the Bankruptcy Code provides in part that

"The court may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

16.    Relief is necessary under section 105(a) of the Bankruptcy

Code to assist the City in compliance with its obligations under the Bankruptcy

Code.  For example, sections 924 and 925 of the Bankruptcy Code require the City

to file its List of Creditors and Claims, in part, to allow the potential creditors

identified therein to receive notice of this chapter 9 case and their status as

potential creditors of the City.  The City Officials, however, have expressed the

reasonable concern that they may be exposed to personal liability and criminal

penalties under Michigan law and/or the Detroit City Code unless they obtain a

court order authorizing them to release the Creditor Information to the EM Staff,

the City Advisors and the Claims Agent.

17.     Accordingly, to protect the City Officials and allow the City to comply with its obligations under the Bankruptcy Code, it is necessary and appropriate for the Court to enter an order authorizing and directing the City Officials to release the Creditor Information as requested herein.  The EM Staff, the City Advisors and the Claims Agent will hold any Creditor Information in confidence, subject to the terms of the order approving this Motion.

**_Request to Authorize the City to File_**
**_the Identifying Information Under Seal_**

18.     Section 107 of the Bankruptcy Code provides, in part, as follows:

(b)     On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2)     protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

(c)

(1)     The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification (as defined in section 1028 (d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107.

19. The City submits that all of the Creditor Information is eligible for protection under section 107 of the Bankruptcy Code. With respect to individual tax payers, for example, the names and personal addresses of the Potential Tax Creditors constitute a "means of identification" under section 107(c)(1)(A) of the Bankruptcy Code. See 18 U.S.C. § 1028(d)(7) ("the term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . name . . . ."). In addition, the information relating to the nature and amount of any potential claims held by these parties likely constitutes "information contained in a paper described in subparagraph (A)" within the meaning of section 107(c)(1)(B) of the Bankruptcy Code. With respect to Potential Tax Creditors that are corporate entities, the City submits that the Creditor Information constitutes "confidential . . . commercial information" within the meaning of section 107(b)(1) of the Bankruptcy Code.

20. Pursuant to sections 107(b)(1) and 107(c)(1) of the Bankruptcy Code, the City requests that the Court enter an order authorizing the City to file the

Creditor Information under seal.  In the alternative, to the extent that any of the Creditor Information arguably falls outside of the scope of section 107 of the Bankruptcy Code, the City submits that the Court nevertheless may permit the filing under seal of the Creditor Information pursuant to the Court's equitable powers under section 105(a) of the Bankruptcy Code.

21.     This relief is appropriate to protect the interests of the Potential Tax Creditors and address the understandable concerns of the City Officials. Moreover, it is consistent with the policy underlying the confidentiality provisions of the Michigan City Income Tax Act, M.C.L. §§ 141.601, et seq., and the Detroit City Code, which reflect a legislative concern with protecting the personal information of taxpayers from the risks associated with public disclosure. Accordingly, pursuant to section 107 of the Bankruptcy Code, cause exists for the entry of an order authorizing the City to file any document (or portion thereof) containing the Creditor Information under seal.  In addition, the entry of such an order is necessary and appropriate under section 105(a) to carry out the provisions of the Bankruptcy Code.

## Reservation of Rights

22.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent,

pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

23.     Notice of this Motion has been given to the following (or their counsel if known):  (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the Official Committee of Retirees appointed in this case; (d) the unions representing certain of the City's employees and retirees; (e) the four associations of which the City is aware representing certain retirees of the City; (f) the City's pension trusts; (g) the insurers of the City's bonds; (h) the insurers of the certificates of participation issued with respect to the City's pension funds (the "COPs"); (i) certain significant holders of the COPs; (j) the counterparties under the swap contracts entered into in connection with the COPs (collectively, the "Swaps"); (k) the insurers of the Swaps; and (l) all entities that have requested notice pursuant to Bankruptcy Rule 2002.  In addition, a copy of the Motion was served on the Office of the United States Trustee.  The City submits that no other or further notice need be provided.

## Statement of Concurrence

24.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Local Rule 9014-1(g). Given the number of parties and potential parties involved in this case and the lack of known opposing parties who would be adversely impacted by the relief requested herein, it would be impracticable (and, with regard to unknown parties, impossible) for the City to affirmatively seek the concurrence of each opposing counsel interested in the relief sought herein. Moreover, under the governing state and local statutes, the City is not able to obtain the requested relief without an order of the Court. Accordingly, the City submits that imposing the requirements of Local Rule 9014-1(g) in this matter would be "unduly burdensome" and requests that its requirements be waived.

## Request for Hearing

25.     In the event that objections are filed to the relief requested herein, the City requests that the Court schedule a hearing on this Motion for the omnibus hearing scheduled for October 2, 2013, at 10:00 a.m., Eastern Time, or as soon thereafter as the Court's schedule permits.

ATI-2574738v5

## Statement Regarding Evidentiary Nature of Hearing

26.     The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

## No Prior Request

27.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that this Court: (a) enter an order substantially in the form attached hereto as Exhibit 1 granting the relief sought herein; and (b) grant such other and further relief to the City as the Court may deem proper.

ATI-2574738v5

Dated: September 3, 2013       Respectfully submitted,


 /s/  Heather Lennox_____
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None [No Affidavits Filed Specific to This Motion] |
| Exhibit 6 | None  [No Exhibits Filed Specific to This Motion] |

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-------------------------------------------------x
                                   :
In re                              : Chapter 9
                                   :
CITY OF DETROIT, MICHIGAN,         : Case No. 13-53846
                                   :
                    Debtor.        : Hon. Steven W. Rhodes
                                   :
                                   :
-------------------------------------------------x
```

## ORDER, PURSUANT TO SECTIONS 105(a) AND 107 OF THE BANKRUPTCY CODE, (A) AUTHORIZING AND DIRECTING CITY OFFICIALS TO RELEASE CERTAIN INFORMATION REGARDING POTENTIAL TAX CREDITORS AND (B) AUTHORIZING FILING OF SUCH INFORMATION UNDER SEAL

This matter coming before the Court on the Motion of Debtor,

Pursuant to Sections 105(a) and 107 of the Bankruptcy Code, for Entry of an Order

(A) Authorizing and Directing City Officials to Release Certain Information

Regarding Potential Tax Creditors and (B) Authorizing the Filing of Such

Information Under Seal (the "Motion"),[1] filed by the City of Detroit, Michigan

(the "City"); the Court having reviewed the Motion and having considered the

statements of counsel and the evidence adduced with respect to the Motion at a

hearing before the Court (the "Hearing"); the Court finding that:  (a) the Court has

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) notice of the Motion and the Hearing was sufficient under the circumstances; (d) all of the relief requested in the Motion is necessary and appropriate to carry out the provisions of the Bankruptcy Code and in the best interests of the City, its creditors and other parties in interest; and (e) cause exists justifying the filing of the Creditor Information under seal; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The City Officials are hereby authorized and directed to provide the Creditor Information, as requested, to the EM Staff, the City Advisors and the Claims Agent, pursuant to section 105(a) of the Bankruptcy Code.

3. The EM Staff, the City Advisors and the Claims Agent, as applicable, shall hold any Creditor Information in confidence subject to the terms of this Order. Notwithstanding the foregoing, the EM Staff, the City Advisors and the Claims Agent shall not be required to execute any confidentiality agreement or fulfill any other requirement to obtain access to the Creditor Information.

4. This Order constitutes a "proper judicial order" within the meaning of M.C.L. § 141.674 and Detroit City Code § 18-10-16.

5.     The City is hereby authorized to file the portion of the List of Creditors and Claims containing the Creditor Information, or any other document containing the Creditor Information, under seal pursuant to sections 105(a), 107(b)(1) and 107(c)(1) of the Bankruptcy Code.

# **EXHIBIT 2**

Form B20A(Official Form 20A)
12/1/10

## UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
 Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

## NOTICE OF MOTION OF DEBTOR, PURSUANT TO SECTIONS 105(A) AND 107 OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER (A) AUTHORIZING AND DIRECTING CITY OFFICIALS TO RELEASE CERTAIN INFORMATION REGARDING POTENTIAL TAX CREDITORS AND (B) AUTHORIZING THE FILING OF SUCH INFORMATION UNDER SEAL

The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, pursuant to sections 105(a) and 107 of the Bankruptcy Code:  (a) authorizing and directing applicable officials of the City to release certain information regarding potential tax creditors to the City's advisors and certain other entities for use in the preparation of documents required to be filed by the Bankruptcy Code and for other required purposes in this chapter 9 case; and (b) authorizing the City to file such information under seal.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by September 17, 2013**, you or your attorney must:

1.          File with the court a written response or an answer, explaining your position at:[1]

### United States Bankruptcy Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1]          Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500

2.     If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing. The City has requested that the Court schedule a hearing date of October 2, 2013 at 10:00 a.m., Eastern Time with respect to the motion.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:    September 3, 2013                    Respectfully submitted,


/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# EXHIBIT 4

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Motion of Debtor, Pursuant to Sections 105(a) and 107 of the Bankruptcy Code, for Entry of an Order (A) Authorizing and Directing City Officials to Release Certain Information Regarding Potential Tax Creditors and (B) Authorizing the Filing of Such Information Under Seal was filed and served via the Court's electronic case filing and noticing system on this 3rd day of September, 2013.

/s/ Heather Lennox