UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Chapter 9

CITY OF DETROIT, MICHIGAN	No. 13-53846
    Debtor.
	HON. STEVEN W. RHODES

_____/

## BRIEF IN SUPPORT OF PETITION FOR ORDER LIFTING STAY

In Detroit Branch NAACP, Michigan State Conference NAACP, Donnell White, individually and on behalf of Detroit Branch NAACP and Michigan State Conference NAACP, Thomas Stallworth III, individually, Rashida Tlaib, individually, and Maureen Taylor, individually, v. Rick Snyder, Andrew Dillon, and Ruth Johnson, in their Official Capacities, Now Stayed in the United States District Court Eastern District of Michigan, No. 13-12098.

In support of their petition, Petitioners as Plaintiffs in the Federal District Court Eastern District of Michigan No. 13-12098, state as follows:

It is clear that the Automatic Stay by itself pertaining to the City of Detroit does not apply to the above case. However, when this Court entered the Extension Order extending the Automatic Stay to Defendants Snyder and Dillon, the question arose of whether such an Extension Order, taken together with the automatic stay, applies to the case at hand when: **the case does not relate to the bankruptcy proceeding; Defendants and the City of Detroit do not have such identity where the Defendants can be considered the real debtor; the litigation cannot impact the City's ability to reorganize, the City's assets, nor would the City be required to devote its resources to the litigation where the City is not a named party; the stay does not effectuate the bankruptcy Court's main purpose to protect debtors and creditors, where the Petitioners**

1

**are not creditors, and Defendants are not debtors; and finally, the lawsuit was not contemplated either in the City's Motion nor this Court's Order, nor can the Order be read so broadly**. Petitioners unequivocally maintain that the Stay does not apply for the following reasons.

   *I. This Court Should Lift the Stay in the Above Case As It is Not Related to the Bankruptcy Proceeding Nor is the Stay Necessary or Appropriate to Carry out the Provisions of the Bankruptcy Code*

Under its powers pursuant to 11 USC § 105(a), the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 USC § 105(a). The Sixth Circuit has held that a court may utilize its equitable power under section 105(a) of the Bankruptcy Code to extend the automatic stay to non-debtor entities in "unusual circumstances[,]" such as where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.* (*In re Eagle-Picher Indus., Inc.*), 963 F.2d 855, 861 (6th Cir. 1992). A Bankruptcy Court may also extend automatic stay under 11 USC § 362 to stay proceedings or actions by or against nondebtors where such actions would adversely affect the property of the debtor. *GAF Corp. v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 26 B.R. 405, 409 (Bankr. S.D.N.Y. 1983). Additionally**,** Bankruptcy courts have authority to stay litigation when it could impact debtors' ability to reorganize, litigation could take assets of the estate, and debtors would be required to devote resources to monitoring litigation. *Lane v. Phila. Newspapers, LLC* (*In re Phila. Newspapers, LLC*), 423 B.R. 98 (Bankr. E.D. Pa 2010). However, it is not within bankruptcy court's jurisdiction under 11 USC § 105 to prevent action that would not be "related to" the bankruptcy case. *Fisher v Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998) (finding district

2

court case closely "related to" bankruptcy filing where investor claims involved same limited pool of money, in possession of same defendants, as result of same acts, performed by same individuals, as part of the same conspiracy).

The Extension Order cannot apply to the above case. The District Court agreed, stating "it is not apparent that any interests of the City of Detroit bankruptcy proceedings are implicated in the case." (**Exhibit A:** Order Regarding Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay, August 22, 2013, attached to Brief, 2). Snyder and Dillon, as third-party non-debtors, should be required to make a showing of "extraordinary circumstances" that would justify their inclusion in the bankruptcy court's section 105 order. In order to do so, Snyder and Dillon would have to show an exceptionally tight connection or identity with the City of Detroit such that a suit against them is essentially a suit against the City. *See Am. Imaging Servs., Inc,* 963 F.2d at 861. There is no such "identity" between the City of Detroit and Defendants, whereby a judgment against Defendants would "in effect be a judgment or finding against the debtor," the City of Detroit. *Am. Imaging Servs., Inc.,* 963 F.2d at 861. Nor would any property of the City of Detroit be affected should the stay be lifted, **particularly here when the requested relief does not involve any of the City's assets**. There would be no effect whatsoever on the City's ability to reorganize, on the assets of the estate, and the debtors would be not be required to devote resources to monitoring litigation, as they are not even named in this lawsuit. Further, this case is not "related to" the bankruptcy filing. For these reasons, this Court should lift the stay.

## *II. Even When the Extension Order is Considered As Part of the Automatic Stay, this Court Should Grant Petitioners Their Requested Relief Because the Five Factors Weigh in Their Favor*

Petitioners also request that this Court grant them relief from the Automatic Stay, insofar as it encompasses the Extension Order and the extent to which they are read together. Section 362(d) of the Bankruptcy Code authorizes a bankruptcy court to grant relief from the Automatic Stay in limited circumstances. See 11 U.S.C. § 362(d). In particular, section 362(d)(1) of the Bankruptcy Code provides that a party in interest may obtain relief from the Automatic Stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

"The Bankruptcy Code does not define 'cause' as used in [section] 362(d)(1). Therefore, under [section] 362(d), 'courts must determine whether discretionary relief is appropriate on a case by case basis.'" *Chrysler LLC v. Plastech Engineered Prods., Inc.* (*In re Plastech Engineered Prods., Inc.*), 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (quoting *Laguna Assocs. L.P. v. Aetna Casualty & Surety Co.* (*In re Laguna Assocs. L.P.*), 30 F.3d 734, 737 (6th Cir. 1994)). The determination of whether to grant relief "resides within the sound discretion of the Bankruptcy Court." *Sandweiss Law Center, P.C. v. Kozlowski (In re Bunting)*, No. 12-10472, 2013 WL 153309, at *17 (E.D. Mich. Jan. 15, 2013) (quoting *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002)).

> To guide the bankruptcy court's exercise of its discretion . . . the Sixth Circuit identifies five factors for the court to consider: (1) judicial economy; (2) trial readiness; (3) the resolution of the preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Bunting*, 2013 WL 153309, at *17 (quoting *Garzoni*, 35 F. App'x at 181) (internal quotation marks omitted). In determining whether cause exists, however, "the bankruptcy court should base

its decision on **the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code**." *Plastech*, 382 B.R. at 106 (quoting *In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995)).

It is clear that all the factors, to the extent they are applicable to a third party non-creditor, addressed by the Sixth Circuit weigh in favor of this Court's removal of the stay and its extension as it pertains to Petitioners. Petitioners' claims cannot be resolved through the Bankruptcy court and, as discussed above, are not related to the Bankruptcy proceeding because Petitioners seek no money damages implicating the City's assets. Secondly, although trial has not yet commenced in the lawsuit, it is by far from the preliminary stages and given the important constitutional questions at stake, the case should be permitted to move forward. As to the third factor, the resolution of the preliminary bankruptcy issues have absolutely no effect on the lawsuit in question. Again they are completely unrelated and do not touch on the same issues involving the debtor's estate, contractual obligations, or other similar matters. The fourth factor, although, again Petitioners are not creditors, their chances of success on the merits are substantial. Lastly, for the final factor, the City of Detroit is not named in the above lawsuit and the costs of defense and impact of the litigation on other creditors is minimal. Because all five factors weigh in Petitioners' favor, this Court should lift, taken together, the automatic stay and extension order as it pertains to their case.

Finally, the Court "should base its decision on **the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code**." *Plastech*, 382 B.R. at 106 (quoting *In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995)). The Supreme Court stated:

> **No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live.** Other rights, even the most basic, are illusory if the right to vote is undermined. Our Constitution

> leaves no room for classification of people in a way that unnecessarily abridges this right.
>
> *Wesberry v. Sanders*, 376 U.S. 1, 17-18 (1964).

Voters' rights under the First and Fourteenth Amendments were defined as "'the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters . . . to cast their votes effectively. Both of these rights, of course, **rank among our most precious freedoms.**'" *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983) (quoting *Williams v. Rhodes*, 393 U.S. 23, 30-31, (1968). The hardships of not having this case heard are immeasurable, as half of the total African-American population in Michigan has had their right to vote diluted.

Further, the stay in this case does not advance the goals of the Bankruptcy Code. The purpose of the stay in Bankruptcy proceedings is to "protect the debtor's interest." *Beacon Navigation GmbH v. Suzuki Motor Corp.*, No. 13-11516, 2013 U.S. Dist. LEXIS 7088 at *5 (E.D. Mich. May, 20 2013) (citing *In re Johns-Manville Corp.*, 26 B.R. 405, 409 (Bankr. S.D.N.Y. 1983) (explaining that "[a]lthough Section 105 may be used to extend [a] stay, Section 105 does not have a life of its own and this extension may only be accomplished within the proper boundaries of Section 362. That is, unless this extension is designed to protect the debtor's interests, it cannot be granted."). The legislative history of Section 362 notes that the automatic stay is designed to protect the debtor:

> *The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.*
>
> *See* S.Rep. No. 95-989, 95th Cong., 2d Sess. 54-55 (1978), U.S Code Cong. & Admin. News 1978, pp. 5787, 5840-41.

There is no debt or debtor to protect in this case. The automatic stay in Section 362 also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the *debtor's* assets prevents that. *See* H.R. Rep. No. 95-595, 95th Cong., 2nd Sess. 340 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5840-41. The proper scope of the Bankruptcy Court is to issue a stay that anticipates the protection of *creditors* from the injustice of a race for the *debtor's* assets. Here, not only is the City of Detroit, the debtor, not a party to this lawsuit, the Petitioners here are not "creditors" within the meaning of the Bankruptcy Code. They are not seeking damages from the City of Detroit, enforcing contracts, or requesting any relief, at all, from the City of Detroit. Because this case does not fall within the scope of the Bankruptcy Court's interest in the protection of creditors and debtors, this Court should lift the stay as it pertains to Petitioners.

### *III. This Court Should Lift the Stay Because This Case Was Not Named in the City's Motion, Nor Contemplated By the Court's Order*

Given the limitations for an extension order to proceedings relating to bankruptcy cases discussed above in "special circumstances" and the protections in mind for which they are to apply, the Extension Order here was granted to address particular concerns raised in the City of Detroit's motion. In its Motion, Debtor named several lawsuits (collectively, the "Prepetition Lawsuits"), that were filed "during the period immediately prior to the Petition Date." (Docket No. 56, 5). The Motion states that these suits were filed "*effectively seeking to frustrate the commencement of this chapter 9 case due to the protections and powers that the City would enjoy if a case were commenced.*" (Docket No. 56, 5). The City of Detroit requested the Order to "(a) aid in the administration of its bankruptcy case, (b) protect and preserve its property for the

7

benefit of citizens and stakeholders and (c) ensure that the City is afforded the breathing spell it needs to focus on developing and negotiating a plan for adjusting its debts." (Docket No. 56, 9). Upon hearing the Motion, the Court ordered that, **"[f]or the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed."** (Docket No. 166, 2).

None of the above named concerns listed in the Motion for the requested Order are at play here. Not only was this lawsuit not listed as one of the "Prepetition Lawsuits" clearly and explicitly covered by the Order, as this Court specifically named the lawsuits "**[f]or the avoidance of doubt**." (Docket No. 166, 2), this lawsuit was filed months before the City of Detroit filed for Bankruptcy. It was not brought to "frustrate the commencement" of the Chapter 9 proceeding. (*Id.*) Rather, the lawsuit was filed to address the violation of Petitioners' constitutional voting rights, a completely unrelated, but very important matter. The purposes for which the Motion was requested that are listed in the order are also not implicated here. This case does not affect the administration of the City's estate, affect the City's finances in any respect, nor does it interfere with the City taking its "breathing spell" to focus on a plan for its debts. As these motivations and considerations were not even contemplated by the Bankruptcy Court, the Order must be read in a way that so that it does not apply to this lawsuit. Indeed, the district court also labeled the Order as "broadly worded." (**Exhibit A**, attached to Brief, 2). For the above stated reasons, this Court should lift the stay as it pertains to Petitioners.

### IV. Lastly, The Extension Order Cannot be Read So Broadly as to Include Every Lawsuit Naming the Governor or State Treasurer

Lastly, the Extension Order cannot be read to have such a broad application, to each and every lawsuit in the country that implicates the named Defendants. Taking into account the innumerable causes of action available to the citizens of Michigan, there is surely thousands of lawsuits that would then fall under the scope of the Order. There must be some limitation.

8

Otherwise, the stay would halt suits involving tax recovery matters, cases involving constitutional rights, and violations of state law. The power of the Bankruptcy court is broad, but this Court must find that the Order only extends to litigation that relates to the Bankruptcy filing and the City of Detroit's finances, as proscribed by the Bankruptcy Code. Surely, the Order does not provide Defendants, who are not even debtors in the proceeding, complete immunity from all litigation. Indeed, the district court also found the Order to be "broadly worded." (**Exhibit A**, attached to Brief, 2). This cause of action does not impact the City of Detroit's finances, its ability to reorganize, the litigation is not grounded in damages that would take assets from the estate, and the City of Detroit would not be required to devote resources to monitoring the litigation, as it is not a party.

## CONCLUSION

**WHEREFORE**, Petitioners request that this Honorable Court lift the stay as it pertains to them and their case before the district court and enter the attached order. Petitioners also requests all other relief this Court deems appropriate in their favor.

Respectfully submitted,

NABIH H. AYAD & ASSOCIATES, P.C.

/s/ Nabih H. Ayad

---

NABIH H. AYAD (P-59518)
General Counsel
Arab-American Civil Rights League
Ayad Law, P.L.L.C.
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com

9

/s/ Melvin Butch Hollowell

_____

MELVIN BUTCH HOLLOWELL(P-37834)
General Counsel
Detroit Branch NAACP
8220 Second Avenue
Detroit, Michigan 48221
313-871-2087
butchhollowell@gmail.com

Dated: September 6, 2013                ATTORNEYS FOR PETITIONERS

10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Chapter 9

CITY OF DETROIT, MICHIGAN                No. 13-53846
      Debtor.

                                                              HON. STEVEN W. RHODES

_____/

## **EXHIBIT LIST**

| **Exhibit** | **Description** |
|---|---|
| **Exhibit A:** | Order Regarding Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay, August 22, 2013 |

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT BRANCH NAACP, et al.,

        Plaintiffs,

Case No. 13-CV-12098

v.

HON. GEORGE CARAM STEEH

RICHARD D. SNYDER et al.,

        Defendants.

_____/

**ORDER REGARDING NOTICE OF PENDENCY OF BANKRUPTCY
CASE AND APPLICATION OF THE AUTOMATIC STAY [DOC. 23]**

On August 7, 2013, defendants filed a Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay. The Notice references the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 922, as well as the order entered by the bankruptcy court on July 25, 2013, which extended the automatic stay to include certain "State Entities" defined as "the Governor, the State Treasurer and the members of the Loan Board . . . ." *In re City of Detroit, Michigan*, Case No. 13-53846 (Bankr. E.D. Mich.); Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor ("Extension Order"). Governor Snyder and Treasurer Dillon are named defendants in the captioned matter which was filed prior to the petition date and which defendants contend is subject to the bankruptcy court order extending the automatic stay.

Although it is not apparent that any interests of the City of Detroit bankruptcy

-1-

proceedings are implicated in the case, the plain language of the stay order would apply to this lawsuit.

In accordance with the broadly worded Extension Order issued by the bankruptcy court, this court will abide by the stay unless and until such time as an order issues lifting or modifying the stay to permit the captioned matter to proceed. Accordingly,

IT IS HEREBY ORDERED that proceedings in this case are STAYED until further order of the court.

IT IS HEREBY FURTHER ORDERED that this case is CLOSED for administrative and statistical purposes without prejudice because the defendants are covered by the bankruptcy court Extension Order. This closing does not constitute a decision on the merits.

IT IS FURTHER ORDERED that if the bankruptcy stay is removed, or a party obtains relief from the stay, then the case may be reopened upon the motion of any party.

IT IS FURTHER ORDERED that any party may apply to the bankruptcy court for relief from the automatic stay under 11 U.S.C. § 362 or for relief from the Extension Order.

So ordered.

Dated: August 22, 2013

            s/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 22, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

-3-

# PROOF OF SERVICE

I, Nabih H. Ayad, counsel for Petitioners, states as an officer of the Court that on September 6, 2013 he served a copy of Plaintiffs' Petition to lift Stay, Brief in Support, and Notice of Petition for Order Lifting Stay (Form B20A) on Denise C. Barton, counsel of record, at her address at P.O. Box 30736, Lansing, MI 48909 by first class mail.

AYAD LAW, PLLC

/s/ Nabih H. Ayad

NABIH H. AYAD (P-59518)
General Counsel
Arab-American Civil Rights League
AYAD LAW, PLLC
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com