UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

---------------------------------------------------------x
:
In re:                                  : Chapter 9
:
CITY OF DETROIT, MICHIGAN,              : Case No.: 13-53846
:
                              Debtor.   : Hon. Steven W. Rhodes
:
---------------------------------------------------------X

# RESPONSE OF INTERNATIONAL UNION, UAW TO AUGUST 26, 2013 ORDER REGARDING ELIGIBILITY OBJECTIONS

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") submits the following objections and comments in response to the Court's Order Regarding Eligibility Objections, Notices of Hearing And Certifications Pursuant to 28 U.S.C. § 2403 (a) and (b) [Docket No. 642] (the "Order Regarding Eligibility Objections").

## Preliminary Statement

UAW has organized its objections and comments in accordance with the numbered sections in the Court's Order and will address each such section below. In addition to the comments specific to each item addressed below, UAW's response to the Order is informed by the following overriding concerns that UAW urges the Court to consider with respect to the Order and the eligibility litigation in general. Many of the issues raised in the UAW's Eligibility Objection, and those

filed by the other objecting parties, involve matters that go to the heart of the lawful functioning, purpose, and authority of the federal municipal bankruptcy system, and whether that law can impair vital benefits which were earned by and are relied upon by the City of Detroit's workers and which are protected against impairment by the state's Constitution. The desire for a revitalized Detroit is no less fervent or passionate among those who contend that the lawful functioning of chapter 9 requires due deference and regard for the highest form of security that public employees and retirees can obtain — protection of their earned benefits under their state's Constitution. The controversy created by the Emergency Manager's proposal to cut accrued pension benefits threatens to become a battle of wills that eclipses a broader agenda for the City's recovery, and is less about Detroit and its future than about whether workers and retirees can be whipsawed into giving up protected benefits using the tactics that have been brought to bear by the Governor and the Emergency Manager's team. Rather than foster an atmosphere where active and retired workers and their unions and retiree associations can engage with other stakeholders and concentrate on productive solutions for Detroit, those aligned with the Emergency Manager apparently prefer to engage in strategic maneuvering using chapter 9 to gain leverage over ordinary citizens and target the modest benefits owed to them. The course adopted by the Governor and the Emergency Manager leave the objecting parties little choice but

to rigorously test these tactics against the carefully calibrated requirements for chapter 9 relief, and insist upon a full and fair opportunity to litigate the Eligibility Objections.

This Court established a litigation schedule in its August 2, 2013 order, which scheduled a trial on the Eligibility Objections and a series of intermediate deadlines in advance of the trial.[1] Although compressed into less than three months' time, the Court outlined a start-to-finish process by which the parties would file their Eligibility Objections, obtain a response by the City, engage in discovery, submit pre-trial briefs and a joint pre-trial order and conduct a trial beginning on October 23, 2013. The Order Regarding Eligibility Objections further complicates an already challenging process in several important respects. As explained further below, certain of UAW's Eligibility Objection grounds are not included in the Order, or at least not expressly accounted for, thereby creating uncertainty about the scope of the trial and the pre-trial argument proposed for September 18, 2013. Moreover, the Court has overruled one of UAW's eligibility objections — that the City fails to qualify for chapter 9 relief because it desires to effect a plan of adjustment that the City would be prohibited by law from implementing — without the benefit even of further argument, let alone discovery and trial on that objection. In addition, certain eligibility issues have been

---

[1] First Order Establishing Dates and Deadlines, dated August 2, 2013 [Docket No. 280].

identified in the Order as presenting purely legal issues and set for early oral argument a month before the scheduled trial date, even though at least some are clearly subject to factual inquiries. Discovery on those issues should not be foreclosed. In order to preserve the parties' ability to obtain a just determination of the Eligibility Objections, UAW urges the Court to reconsider its Order as set forth below.

## Objections and Comments

Section II – Eligibility Objections Raising Only Legal Issues

1. <u>Some of UAW's Eligibility Arguments Are Not Accounted For</u>. In its August 19, 2013 Objection to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [Docket No. 506] (the "UAW Eligibility Objection"), UAW described the manner in which the bankruptcy court's power under chapter 9 is constrained by principles of dual sovereignty and asserted that, absent strict adherence to these principles in the application of chapter 9, the statute would be rendered unconstitutional. UAW Eligibility Objection, pp. 12-16, 21 and note 17. Whether chapter 9 is constitutional *as applied* is an issue that is distinct from the issue identified in paragraph 1 of the Order as "Chapter 9 of the Bankruptcy Code violates the United States Constitution." Thus, the manner in which UAW has framed the issue regarding the constitutional application of chapter 9 may not be accounted for in

the Court's Order. Nor does the Order include the issue reflected in *Bond v. United States*, 131 S. Ct. 2355 (2011), *i.e.*, that state citizens themselves may assert that federal law contravenes the Tenth Amendment. *See* UAW Eligibility Objection, pp. 11. 18-19. These omissions create uncertainty regarding where in the litigation process the Court expects to UAW to address them, assuming the Court retains the early argument date reserved for certain of the eligibility issues.

        2.      In paragraph 7 of the Order, the issue identified is that the judgment in *Gracie Webster, et al. v. The State of Michigan, et al.*, Case No. 13-734-CZ (Ingham County Circuit Court) precluded the City from claiming that the Governor's authorization was valid. Although not listed in the Order as one of parties to assert that issue, UAW did rely upon *Webster* as a valid judgment applicable to the City and the Emergency Manager. UAW cited *Webster* in support of UAW's assertions that the Emergency Manager had no authority under state law to impair accrued pension benefits under chapter 9, and that the Michigan legislature could not have given the Emergency Manager that authority. *See* UAW Eligibility Objection, p. 18.

        3.      <u>Whether the Eligibility Objections Identified in Section II Raise "Only Legal Issues" Precluding Discovery.</u> UAW respectfully disagrees that all of the issues it has asserted and that are identified in Section II of the Order raise only legal issues for which no discovery is needed. Specifically, whether the chapter 9

filing was authorized as required by Section 109(c)(2) (paragraph 6 of the Order) is an issue that involves an inquiry into facts. For example, the Governor's July 18, 2013 letter authorizing the Emergency Manager to file the chapter 9 case refers extensively to certain conclusions reached by the Governor in issuing the authorization, each of which were presumably fact-intensive inquiries. *See* Declaration of Kevyn Orr, Exhibit L. How the Governor came to reach those conclusions involves a factual inquiry, as does the process followed by the Governor in issuing the authorization. The authorization also states that the Governor determined not to impose any contingencies at that time. How and why the Governor chose not to impose any contingencies, as well as why he thought the reference to Section 943(b)(4) — which applies only at confirmation — operated as a contingency upon the State's authorization are also factual inquiries for discovery. Similarly, the Emergency Manager's request for authorization to file the chapter 9 case is based on his team's assessment of the issues identified by him, and perhaps other matters not previously disclosed. In short, the chain of events leading to the request and authorization to file the bankruptcy petition involves factual matters for which the objecting parties are entitled to discovery.

    4.  Under the Court's Order, however, further discovery on that objection would be foreclosed. Section VII of the Order restricts discovery to those matters that the Court has identified as requiring "the resolution of genuine

- 6 -

13-53846-tjt   Doc 741   Filed 09/06/13   Entered 09/06/13 15:04:03   Page 6 of 13

issues of material fact," and which are set forth in Section V of the Order. The Section V issues do not include any of the Section II issues. The UAW thus faces potential limits on discovery into factual matters that are clearly relevant to a number of its Eligibility Objections. The State of Michigan has already filed a motion to quash three subpoenas issued by the UAW, relying upon the Court's Order. *See* Motion to Quash and For Protective Order dated August 30, 2013 [Docket No. 699].[2] The authorization requirement may or may not, ultimately, involve any *disputed* issues of fact, but whether or not there are disputed facts does not determine whether discovery may be had at all. *See* Rule 26(b)(1), Fed. R. Civ. Proc. (noting that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). *See also Conti v. American Axle and Mfg. Corp.*, 326 Fed.Appx. 900, 904 (6th Cir. 2009) (operative test in determining whether discovery on a particular matter is permissible is "whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.") Indeed, whether there are "genuine issues of material fact" in dispute may only be known after discovery is conducted. Thus, to the extent the Court retains the early argument date, the list of issues identified by the Court in Section II and described as raising only legal issues should be revised to

---

[2] UAW intends to file an objection to the Motion to Quash and so will not address the State of Michigan's contentions here, except to note that they are wholly without merit.

eliminate any issues for which discovery may be had. Moreover, under Section VII of the Order, discovery should not be limited solely to the matters currently set forth in Section V.

Sections III and IV – Hearing on Certain Eligibility Objections and Related Procedures

5. UAW does not object to procedures designed to organize a trial of Eligibility Objections lodged by many parties raising multiple issues. However, UAW questions whether presenting certain arguments weeks in advance of the scheduled trial will serve the purpose identified by the Court, *i.e.*, to promote a just determination of the City's eligibility. As shown above, denoting certain objections for argument now would foreclose discovery that could limit the parties' ability to present a full and fair case at the time prescribed by the Court for trial.[3] In any event, the allocations of time proposed for the objecting parties for the September 18, 2013 hearing does not afford sufficient time for argument, even assuming the Section II list of issues could be limited to those pure questions of law that do not involve any discovery.[4]

---

[3] Moreover, the Court has established a mediation process set to commence the day before the proposed argument on September 18. Inevitably, each process — the Eligibility litigation and the mediation — will pose a distraction with respect to the other.

[4] UAW notes that the Attorney General for the United States and the United States Attorney for the Eastern District of Michigan have been invited to participate as parties under the Court's certification pursuant to 28 U.S.C. § 2304 (a) and (b). They have been allotted time with the City and the State of Michigan, although their positions are not yet known.

Section V – Objections Requiring the Resolution of Disputed Facts

6. Although UAW is not identified in paragraph 8 of the Order as having asserted that the City is "insolvent" under Section 109(c)(3), UAW reserved its rights with respect to the insolvency requirement for chapter 9 relief pending the discovery process. UAW Eligibility Objection, p. 6, n. 5. Because Section VII of the Order limits discovery to the issues identified in Section V, and even then only to the parties now identified with those issues, UAW would be foreclosed from discovery regarding insolvency even though it reserved the right to address this eligibility requirement following discovery. Accordingly, in order to avoid unnecessary disputes to the extent the UAW attends depositions or obtains access to documents relevant to the insolvency requirement, we respectfully request that the Court's order not limit the permitted discovery solely to those parties currently listed in the Order in connection with particular issues.[5]

7. Paragraph 12 of the Order does not identify the UAW as one of the parties that has asserted that the chapter 9 petition should be dismissed because it was filed in bad faith. UAW's Eligibility Objection does assert that the chapter 9

---

[5] As the Court is aware, the City has now provided unrestricted access to its Data Room. Because UAW did not agree to sign a confidentiality agreement prior to that time, the UAW did not have access to the Data Room and to documents that may have been relevant to an analysis of the insolvency requirement.

petition was not filed in good faith under Section 921(c). *See* UAW Eligibility Objection, pp. 25-27.

Section VI – Eligibility Objection Identified in Paragraph 9 of the Order

8. In Section VI of its Order, the Court ruled against one of the UAW's Eligibility Objections, *i.e.,* that the City failed to qualify for chapter 9 relief under Section 109(c)(4) in that its desire to effect a plan to adjust its debts included proposals that the City could not lawfully implement. *See* UAW Eligibility Objection, p. 24. The Court has ruled that "[t]o meet the requirement of 11 U.S.C. § 109(c)(4), the City need only prove more generally that it desires 'to effect a plan to adjust such debts.'" Order Regarding Eligibility Objections, p. 6. The Court further states that it "will not consider the issue of the treatment of pension rights when considering the eligibility objection in paragraph 9." *Id.* Instead, the Court proposes to consider the parties' positions relating to "the treatment of pension rights when the debtor requests confirmation of a plan, or, perhaps in some other appropriate context."[6]

9. The UAW respectfully objects to the Court's summary determination regarding its assertion that the City has failed to meet the Section

---

[6] This section of the Order has generated considerable confusion and has been interpreted as an indication that *no* pension issues will be considered at the Eligibility Objections stage. While UAW has read the Order to overrule only the paragraph 9 eligibility objection (and notes that paragraphs 3 and 6 of the Order, at a minimum, include the treatment of pensions), the Court may wish to clarify this portion of the Order, to the extent UAW's objection herein is not sustained.

109(c)(4) eligibility requirement. The Court has included the Section 109(c)(4) eligibility requirement as one of the issues for trial, and therefore, under the current Order, subject to discovery. However, UAW would be foreclosed from pressing its case regarding this eligibility requirement any further, regardless of what facts relevant to this issue may be discovered and without even any additional oral argument. In its Eligibility Objection, the UAW asserted that the City determined to use federal bankruptcy law as a strategic opportunity to strong-arm retirees and pension-vested workers into negotiating away accrued pension benefits that are protected against impairment by the Michigan Constitution through the tools of the bankruptcy process. *See* UAW Eligibility Objection, pp. 25-27. What is known to date about how that process unfolded, *see id.*, pp. 7-10, leaves little doubt that the City (aided by the Governor's office) intended to present a proposal *before* the bankruptcy filing that was premised on its presumed ability to use federal bankruptcy law to trump the protections of the state Constitution.[7] UAW strongly believes that the discovery process will fill out the details of this tactical scheme and UAW has asserted that this course of events supports its assertion that the chapter 9 filing was made in bad faith. As a separate matter, however, a chapter 9

---

[7] The City's proposals, at least with respect to pension and retiree health benefits were, perforce, not made in good faith, because they could not have been accepted. *See e.g.*, Mich. Comp. Laws Const. Art. 9, § 24; *Chemical Workers v. Pittsburgh Plate Glass*, 404 U.S. 157, 181, n. 20 (1971).

filing premised upon a proposed plan that includes a proposal to impair benefits the City cannot lawfully impair leads inevitably to the question of whether the proposed plan of adjustment is, in this respect, unlawful, since it could not be confirmed under Section 943(b)(4). Deferring this issue to confirmation, and thus permitting the City to proceed with its chapter 9 case on this basis until that time in effect, fuels the City's plan — to use bankruptcy tools as leverage in order to obtain a result that impairs benefits that should not be part of this process to begin with. Accordingly, UAW respectfully submits that the Court's ruling rejecting UAW's eligibility objection under Section 109(c)(4) should be withdrawn and that UAW should be permitted to fully litigate the objection.

Section VII – Discovery Limits

10. As set forth above, the Court's Order in Section VII limits discovery to the issues in Section V, even though other eligibility objections involve an inquiry into facts and should be permitted to proceed to discovery and trial. Accordingly, the restriction of discovery to paragraphs 8-12 of the Order should be lifted. In addition, the discovery limitation set forth in paragraph 2 of Section VII should be relaxed (at least with respect to the insolvency requirement) based upon the now unrestricted access provided to the Data Room and because the Eligibility Objections were filed before the commencement of formal discovery.

- 12 -
13-53846-tjt    Doc 741    Filed 09/06/13    Entered 09/06/13 15:04:03    Page 12 of 13

## Conclusion

For the foregoing reasons, the UAW asks that the Court reconsider its Order Regarding Eligibility Objections consistent with the foregoing concerns.

Dated: New York, NY
September 6, 2013

Respectfully submitted,

By: /s/ Babette A. Ceccotti
Cohen, Weiss and Simon LLP
Babette A. Ceccotti
330 West 42nd Street
New York, New York 10036-6976
T: 212-563-4100
F: 212-695-5436
bceccotti@cwsny.com

- and -

Niraj R. Ganatra (P63150)
Michael Nicholson (P33421)
8000 East Jefferson Avenue
Detroit, Michigan 48214
T: (313) 926-5216
F: (313) 926-5240
nganatra@uaw.net
mnicholson@uaw.net

*Attorneys for International Union, UAW*