UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re Chapter 9
CITY OF DETROIT, MICHIGAN,                    Case No. 13-53846
Debtor.                                       Hon. Steven W. Rhodes
_____/

BRIAN A. MCKENNA (P46671)
MAMI KATO (P74237)
Attorneys for Plaintiff Devery Jones
2211 East Jefferson Avenue
Suite #200
Detroit, MI 48207
(313)  965-3464
(313) 965-4315 - FAX
brianmckenna@sachswaldman.com
mkato@sachswaldman.com

═══════════════════════════════════════════════

**DEVERY JONES MOTION FOR RELIEF FROM THE AUTOMATIC STAY**


        NOW COMES Devery Jones (hereinafter "Plaintiff"), by and through his attorneys

Sachs Waldman, P.C., and in support of his Motion for Relief from the Automatic Stay,

states as follows:

**JURISDICTION AND VENUE**

        1.        On July 18, 2013, the City of Detroit (hereinafter "Debtor") filed a Petition for

Bankruptcy under Chapter 9 of the United States Bankruptcy Code with the United States

Bankruptcy Court for the Eastern District of Michigan.

        2.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

        3.        Venue is proper pursuant to 28 U.S.C. 1408 and 1409.

4. Relief requested is based upon § 362(d) of the Bankruptcy Code.

## STATEMENT OF FACTS

5. On June 23, 2006, Devery Jones was on a motorcycle when he was struck by a motor vehicle that was being pursued by a City of Detroit police car. Mr. Jones was seriously injured in the collision, and later he had a leg amputated.

6. Mr. Jones subsequently filed suit against the City of Detroit, as well as Home-Owners Insurance and State Farm Insurance.

7. The Wayne County Circuit Court entered an Order on November 29, 2007 that assigned first priority to the City of Detroit with regard to paying No Fault benefits.

8. Plaintiff Mr. Jones has had to file subsequent lawsuits against the City of Detroit to adjudicate his claims for No Fault benefits, and the most recent of these actions is now pending in Wayne County Circuit Court, Case No. 12-014951-NF.

9. The City of Detroit is self-insured for purposes of Michigan's No Fault statute, MCL 500.3101d, and maintains its certificate of self-insurance with the State of Michigan.

10. The State of Michigan issues a certificate of self-insurance ". . . if the commissioner is satisfied that the person has and will continue to have the ability to pay judgments obtained against the person." MCL 500.3101d.

11. The City of Detroit continues to pay insurance claims to maintain its status as a self-insurer.

12. On or about July 18, 2013, the City of Detroit filed for bankruptcy under Chapter 9 of the United States Bankruptcy Code.

2

13. Pursuant to §362(a) and 922 of the Bankruptcy Code, as a result of the bankruptcy proceeding the case filed by Mr. Jones in Wayne County Circuit Court was automatically stayed.

## LEGAL BASIS FOR RELIEF REQUESTED

14. Pursuant to §362(d)(1) of the Bankruptcy Code, it is within the Bankruptcy Court's sound discretion to lift an automatic stay of proceedings for cause. *In re Kaplan Breslaw Ash., LLC*, 264 B.R. 309 (Bankr. S.D. N.Y. 2001)

15. It is well-settled that it is proper to lift a bankruptcy stay so that a plaintiff may establish the debtor's liability and then pursue a recovery against the debtor's insurers, sureties, or guarantors. *In Re Hothkamp*, 669 F.2d 505 (7th Cir. 1982) See also *In Re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1981).

16. The City of Detroit is self-insured for purposes of the Michigan No Fault statute, MCL 500.3101d, and maintains its status as a self-insurer.

17. The City of Detroit is continuing to pay insurance claims during the pendency of the bankruptcy.

18. If the City of Detroit were to cease paying insurance claims, it would lose its status as a self-insurer.

19. If the City of Detroit had to purchase insurance in the marketplace, it would necessarily incur greater expenses than it incurs as a self-insurer.

20. Therefore, Mr. Jones' claim, like that of any other insurance claimant, would not adversely affect the Debtor's Estate, and his claim does not interfere with the

3

bankruptcy proceeding.

21.     In the alternative, if this Court were to determine that the City of Detroit is insolvent with regard to paying Mr. Jones' claim, as a matter of Michigan law the aforementioned Home-Owners Insurance would assume priority for paying Mr. Jones' claim.

**WHEREFORE**, Plaintiff respectfully requests that this Court lift its automatic stay of proceedings as it applies to Plaintiff, so that he may establish liability against the City of Detroit  as a self-insurer.

***IN THE ALTERNATIVE***, Plaintiff respectively requests that this Court lift the automatic stay as it applies to Plaintiff for the sole purpose of amending  his Complaint in Wayne County Circuit Court to add Home-Owners Insurance as a party.

Respectfully submitted,

SACHS WALDMAN Professional Corporation,


BY:     ***/s/ Mami Kato***
          BRIAN A. MCKENNA (P46671)
          MAMI KATO (P74237)
          Attorneys for Plaintiff
          2211 East Jefferson Avenue
          Suite #200
          Detroit, MI 48207
          (313)  965-3464
          (313) 965-4315 - FAX
          brianmckenna@sachswaldman.com
          mkato@sachswaldman.com

DATED: September 5, 2013

4