**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

City of Detroit, Michigan,
     Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

**Order Regarding Eligibility Objections**
**Notices of Hearings**
**And**
**Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)**

> *This order includes a special notice of hearing to*
> *individuals who filed eligibility objections.*
> *Please see part VIII, page 6.*

## I.    Introduction

One hundred nine parties filed timely objections to the City's eligibility to file this bankruptcy case under § 109 of the Bankruptcy Code.[1] The Court appreciates the effort of each of the parties in this process.

The Court has thoroughly reviewed each of the filed objections, as well as the Statement Regarding the Michigan Constitution and the Bankruptcy of the City of Detroit that Michigan Attorney General Bill Schuette filed. (Dkt. #481) Some objections raise only legal issues, while others require the Court to resolve factual issues. The Court will address each in an appropriate manner.

## II.    Eligibility Objections Raising Only Legal Issues

The following objections raise only legal issues:

1.    Chapter 9 of the Bankruptcy Code violates the United States constitution.
        Asserted by:
            484    Local 324, International Union of Operating Engineers
            486    Local 517M, Service Employees International Union

---

[1] The Court previously allowed the Retiree Committee 14 days from the retention of its counsel to file eligibility objections. The Court anticipates that in light of the thorough objections that parties have already filed, including some objections by members of the Retiree Committee, this amount of time is sufficient. The Court also anticipates that the Retiree Committee will promptly retain counsel. The Court will give full consideration to any request by the Committee for relief from any established deadlines upon a showing that relief is necessary to protect its interests or to present its position to the Court.

505     Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME")

With respect to AFSCME, this argument includes, but is not limited to the following specific points raised in *The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees' Objection to the City of Detroit's Eligibility to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 505] (the "AFSCME Eligibility Objection"):

    i.    Chapter 9 unconstitutionally violates the federal structure of government because it allows Congress to exert impermissible control over state fiscal self-management. (Eligibility Objection, ¶¶ 40-62)

    ii.    Chapter 9 unconstitutionally violates the federal structure of government by allowing a state to commit otherwise unlawful acts simply by consenting to comply with an Act of Congress. (Eligibility Objection, ¶¶ 40-43)

    iii.    The rationale of the Supreme Court in upholding municipal bankruptcy in *United States v. Bekins* is no longer present because states can now pass their own statutes for municipal debt adjustment. (Eligibility Objection, ¶¶ 44-45)

    iv.    The rationale of the Supreme Court in upholding municipal bankruptcy in *United States v. Bekins* is no longer present because intervening Supreme Court precedent strengthening the federalism doctrine has effectively overruled *Bekins.* (Eligibility Objection, ¶¶ 46-62)

        a.    An individual citizen, such as an AFSCME Employee, possesses the right to the strict demarcation of authority between his federal and state government as a constitutional right against each of the federal government and the state government separately. (Eligibility Objection, ¶¶ 48, 59)

        b.    The strict separation of powers in the U.S. Constitution protects individual liberty by ensuring that each of the state and federal government remain accountable to its citizens for defined functions and not accumulate excessive power, and chapter 9 violates that constitutionally required system of accountability by

obscuring whether the state or federal government is responsible for the outcome of bankruptcy proceedings. (Eligibility Objection, ¶¶ 49-59)

    i.    Chapter 9 impinges an individual citizen's right to hold his state accountable by, *inter alia,* empowering the Bankruptcy Court during bankruptcy proceedings to use its equitable powers to order the state debtor to turn over documents; engage in mediation and negotiation; and appoint a trustee, who can in turn recover preferential transfers from the debtor. (Eligibility Objection, ¶¶ 52-53)

    ii.    Chapter 9 impinges an individual citizen's right to hold his state accountable by, *inter alia,* empowering the Bankruptcy Court to require that priorities of distribution from the Bankruptcy Code be satisfied in any plan of adjustment. (Eligibility Objection, ¶ 54)

  c.  An adjustment of a municipality's debts should be accomplished by the state political process in order to protect the accountability of a state to its citizens. (Eligibility Objection, ¶ 57)

v.    The degree of autonomy retained by a state under chapter 9 is irrelevant because the statute compromises the very principle of separate state sovereignty. (Eligibility Objection, ¶ 56)

vi.    Chapter 9 is a non-uniform law in violation of the Bankruptcy Clause because it permits the promulgation of non-uniform state laws which define each state's own distinct qualifications for eligibility. (Eligibility Objection, ¶ 58)

vii.    Chapter 9 would have been foreign to the framers' original intent for use of the Bankruptcy Clause of the Constitution. (Eligibility Objection, ¶ 58)

viii.    Under *New York v. United States,* the state consent requirement in chapter 9 does not cure the violation of individual rights. (Eligibility Objection, ¶¶ 60-62)

ix.    The state consent requirement in chapter 9 increases accountability problems presented by chapter 9 (Eligibility Objection, ¶ 62)

> > > x. AFSCME members have individual standing to assert that chapter 9 violates their individual rights. (Eligibility Objection, ¶¶ 63-66)
> > >
> > > > a. *Bond v. United States* squarely holds that individuals can challenge a congressional statute on the ground that it intrudes upon the sovereignty and authority of the states. (Eligibility Objection, ¶ 63)
> > > >
> > > > > i. Under *Bond,* chapter 9 is invalid because it insulates the state from a democratic process for adjusting the debts of its political subdivisions. (Eligibility Objection, ¶ 64)
> > > > >
> > > > > ii. Under *Bond,* chapter 9 is invalid because it gives the federal government arbitrary and excessive power over the concerns of public life. (Eligibility Objection, ¶ 64)
> > > >
> > > > b. Whether a state has invited federal incursion on state authority is not relevant under *Bond.* (Eligibility Objection, ¶ 65)
> > > >
> > > > c. Because Michigan citizens have the right to design their own law for municipal debt adjustment which might differ from chapter 9, and because chapter 9 designs a process for the state and its political subdivisions to adjust debts in ways impermissible outside of chapter 9, individual Michigan citizens (such as AFSCME members) have standing to object to chapter 9 on federalism grounds. (Eligibility Objection, ¶ 66)

2. ~~The Bankruptcy Court does not have the authority~~ The Bankruptcy Court does not have jurisdiction to determine the constitutionality of Chapter 9 of the Bankruptcy Code.

> Asserted by:
>
> | | |
> |---|---|
> | 484 | Local 324, International Union of Operating Engineers |
> | 486 | Local 517M, Service Employees International Union |
> | 505 | Michigan Council 25 Of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees |
>
> > With respect to AFSCME, who argues that the Bankruptcy Court does not have jurisdiction under *Stern v. Marshall,* to determine the constitutionality of Chapter 9 of the Bankruptcy Code (AFSCME Eligibility Objection, ¶¶ 67-71), this argument includes,

but is not limited to, the following specific points raised in the AFSCME Eligibility Objection:

    i.    Resolution of federal constitutional questions is an exercise of the "judicial power of the United States," which is reserved for Article III judges. (Eligibility Objection, ¶ 67)

    ii.    The "public rights" exception permitting bankruptcy courts to issue certain final orders does not apply to AFSCME's constitutional challenge to chapter 9 because AFSCME's challenge is independent of the federal bankruptcy statute itself and not resolvable simply by ruling on a proof of claim under that statute. (Eligibility Objection, ¶ 68)

    iii.    The "public rights" exception permitting bankruptcy courts to issue certain final orders does not apply to AFSCME's constitutional challenge to chapter 9 because AFSCME's challenge is disconnected from any federal regulatory scheme and does not seek to enforce a right created by congressional statute, but rather a constitutional right. (Eligibility Objection, ¶¶ 69-70)

    iv.    In light of its lack of jurisdiction, this Court should immediately refer this case to the District Court for the Eastern District of Michigan. (Eligibility Objection, ¶ 71)

    v.    AFSCME does not consent to this Court's jurisdiction or waive its rights to have an Article III court with proper jurisdiction decide the constitutionality of chapter 9. (AFSCME Eligibility Objection ¶ 67-71)

3.    Michigan Public Act 436 of 2012 violates the Michigan constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).

Asserted by:

| | |
|---|---|
| 484 | Local 324, International Union of Operating Engineers |
| 486 | Local 517M, Service Employees International Union |
| 504 | Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman |
| 505 | Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees |
| 506 | International Union, United Automobile, Aerospace and Agricultural Implement Workers of America |
| 519 | General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit 520 Retired Detroit Police Members Association |

With respect to AFSCME, this argument includes, but is not limited to the following specific points raised in *The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees' Objection to the City of Detroit's Eligibility to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 505] (the "AFSCME Eligibility Objection"):

        i.      PA 436 violates the strong home rule provisions of the Michigan Constitution. (Eligibility Objection, ¶¶ 85-100)

              a.   PA 436 strips the Detroit electorate of its Michigan constitutional rights to select its own local government officials and to structure its local government via charter. (Eligibility Objection, ¶¶ 87-88)

                        i.   Article VII of the Michigan Constitution incorporates the rule from *People ex rel. Le Roy v. Hurlbut* that the citizens have the right to select their local government officers. (Eligibility Objection, ¶¶ 87-88)

                      ii.   PA 436 violates Article VII of the Michigan Constitution by effectively adopting a new charter for the City not designed by the local electorate. (Eligibility Objection, ¶¶ 89, 90-91)

                     iii.   PA 436 violates Article VII by allowing the EM to serve in the role of mayor and city council of Detroit simultaneously without being selected by the people of Detroit. (Eligibility Objection, ¶ 90)

                     iv.   PA 436 swallows rights reserved to local electors to execute their own visions of local government by allowing the EM to entirely disregard the Detroit Charter and, therefore, in practice to unilaterally amend the charter at will – but the right to amend the City's charter is constitutionally reserved to the citizens of Detroit. (Eligibility Objection, ¶ 93)

                     v.   Because the EM is unelected, he was never authorized under Michigan law to file the

petition, and thus the City has not voluntarily filed a petition under section 301 of the Bankruptcy Code. (Eligibility Objection, ¶ 94)

b. PA 436 delegates excess power to the Emergency Manager beyond that held by the state legislature because, under Article IV, Section 29 of the Michigan Constitution the legislature cannot pass a local act if a general act can accomplish the same purpose; unless approved by two-thirds of the members of each house of the legislature; *and* until approved by a majority vote of electors in the affected locality, but under PA 436 the EM can adopt local ordinances and take purely local legal acts without these constraints, thus exceeding the power possessed by the legislature which passed PA 436. (Eligibility Objection, ¶¶ 95-97)

i. The Chapter 9 petition is a local act of the EM affecting only the locality of Detroit and therefore violates the Michigan Constitution. (Eligibility Objection ¶ 97)

c. Because the legislature can only delegate power if that power is subject to (1) standards and (2) due process, and because the EM's actions are subject to neither, PA 436 is unconstitutional. (Eligibility Objection, ¶¶ 98-100)

i. Among the unconstitutionally unfettered discretion accorded to the Emergency Manager is the power to enter into settlement agreements, which are a necessary ingredient for the City's ability to adjustits debts in bankruptcy, and therefore the City is not authorized under state law to participate in chapter 9 proceedings. (Eligibility Objection, ¶ 99)

ii. There is no state-law judicial review of the EM's actions during bankruptcy – both because the bankruptcy court cannot evaluate freestanding state law claims under *Stern v. Marshall*, and also because, for federalism reasons, the Bankruptcy Court generally does not interfere with settlements made during the course of a chapter 9 bankruptcy – and therefore individuals

affected by the EM's actions in bankruptcy are devoid of the due process they are constitutionally entitled to of any legislative act delegated by the legislature to an administrator via statute. (Eligibility Objection, ¶ 100)

4.    The Bankruptcy Court does not have the authority and jurisdiction to determine the constitutionality of Michigan Public Act 436 of 2012.
            Asserted by:
                384    Krystal Crittendon

5.    Detroit's Emergency Manager is not an elected official and therefore did not have valid authority to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2) including, without limitiation, because the City has not "voluntarily" filed a petition under 11 U.S.C. § 301.
            Asserted by:
                384    Krystal Crittendon
7.    Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).
            Asserted by:
                484    Local 324, International Union of Operating Engineers
                486    Local 517M, Service Employees International Union
                495    David Sole
                502    Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
                504    Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
                505    Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
                506    International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
                512    The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
                514    Center for Community Justice and Advocacy
                519    General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
                520    Retired Detroit Police Members Association
                505    Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

6.    8.Because of the proceedings and judgment in *Gracie Webster, et al. v. The State of Michigan, et al.*, Case No. 13-734-CZ (Ingham County Circuit Court), the City is precluded by law from claiming that the Governor's authorization to file this bankruptcy case was valid, as required for eligibility by 11 U.S.C. § 109(c)(2).

Asserted by:

| 495 | David Sole |
|-----|-----------|
| 519 | General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit |

With respect to AFSCME this issue was raised in the context of the City's request for the Governor's permission to file the chapter 9 petition; the Governor granting that permission; the City filing the petition; the Governor failing to withdraw his permission in compliance with the state court order requiring him to do so which was in effect from July 18, 2013 until the Court entered its Stay Order on July 26, 2013; and the City's failure to honor that same order. (Eligibility Objection, ¶¶ 21-22, 130). Furthermore, AFSCME is permitted fact discovery related to this argument in accordance with Paragraph 11 of this Order, *infra.*

## III.    Notice of Hearing on Eligibility Objections That Raise Only Legal Issues

The Court further concludes that a prompt oral argument on these legal issues will promote just, speedy, and efficient determination of the City's eligibility to be a debtor in Chapter 9 under § 109(c) of the Bankruptcy Code.  Accordingly, the Court will hear oral argument on these legal issues on **September 18, 2013 at 10:00 a.m.**, in Courtroom 716, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan.

## IV.    Procedures Regarding Eligibility Objections That Raise Only Legal Issues

At the oral argument, the objecting parties shall proceed first and share 120 minutes for their opening arguments and 30 minutes for their rebuttal arguments.  The City and the Attorney General shall then share 120 minutes for their opening arguments and 30 minutes for their surrebuttal arguments.

On the objecting parties' side, the parties that are identified above are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations. Attorney Robert Gordon is requested to organize and supervise these discussions.

Designates of the City, the Michigan Attorney General, the Attorney General of the United States, and the United States Attorney for the Eastern District of Michigan are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations.  Attorney David Heiman (or his designate) is requested to organize and supervise these discussions.

By the day before the argument, each side shall file its agreement, if any, regarding the allocation of time and the order of presentation. If either side is unable to agree, the Court will determine the allocation of time among the parties and the order of their presentations, and will announce its determination at the beginning of the argument.

## V. Eligibility Objections That Require the Resolution of Genuine Issues of Material Fact

The Court further concludes that the following specific objections require the resolution of genuine issues of material fact at the trial that the Court previously scheduled for October 23, 2013:

> 7. 9.The City was not "insolvent," as required for eligibility by 11 U.S.C. § 109(c)(3) and as defined in 11 U.S.C. § 101(32)(C).
>
> Asserted by:
>
> | | |
> |---|---|
> | 484 | Local 324, International Union of Operating Engineers |
> | 486 | Local 517M, Service Employees International Union |
> | 502 | Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey |
> | 520 | Retired Detroit Police Members Association |
> | 505 | Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees |
> | 520 | Retired Detroit Police Members Association |
>
> With respect to AFSCME, this argument includes, but is not limited to, the following specific points raised in the AFSCME Eligibility Objection:
>
> > i. The City may have budgeted itself into insolvency. (Eligibility Objection, ¶ 137)
> >
> > ii. The City may have available, but unexplored, options to enable it to pay debts. (Eligibility Objection, ¶ 138)
> >
> > iii. The City's current financial difficulties are less severe than in prior years, and the City may have other means to enhance revenues. (Eligibility Objection, ¶ 139)
> >
> > iv. Given the highly factual arguments regarding insolvency, AFSCME reserves the right to make, and likely will make, additional fact-based arguments on insolvency following discovery. (Eligibility Objection, ¶ 140)

8.  ~~10.~~The City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).

Asserted by:

| | |
|---|---|
| 484 | Local 324, International Union of Operating Engineers |
| 486 | Local 517M, Service Employees International Union |
| 504 | Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman |
| 506 | International Union, United Automobile, Aerospace and Agricultural Implement Workers of America |
| 520 | Retired Detroit Police Members Association |

9.  ~~11.~~The City did not negotiate in good faith with creditors, as required (in the alternative) for eligibility by 11 U.S.C. § 1 09(c)(5)(B).

Asserted by:

| | |
|---|---|
| 484 | Local 324, International Union of Operating Engineers |
| 486 | Local 517M, Service Employees International Union |
| 502 | Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey |
| 504 | Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman |
| ~~505~~ | ~~Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees~~ |
| 506 | International Union, United Automobile, Aerospace and Agricultural Implement Workers of America |
| 512 | The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association |
| 517 | Michigan Auto Recovery Service |
| 519 | General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit |
| 520 | Retired Detroit Police Members Association |
| 505 | Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees |

With respect to AFSCME, this argument includes, but is not limited to, the following specific points raised in the AFSCME Eligibility Objection:

i. City engaged only in "discussions," which it explicitly emphasized were not negotiations, at fewer than 5 short meetings where multiple stakeholders were present at the same time. (Eligibility Objection, ¶¶ 28-30, 105-06)

ii. City's take-it-or-leave-it Restructuring Plan was not open to any negotiations, which falls short of the requirements of section 109(c)(5)(B). (Eligibility Objection, ¶¶ 107-108)

iii. City flatly refused AFSCME's offers to jump-start one-on-one negotiations, instead explicitly refusing to meet with AFSCME one-on-one. (Eligibility Objection, ¶¶ 31-33, 108)

iv. City refused AFSCME's requests for adequate backup data used to generate the City's financial assumptions, which would have been necessary information for any "negotiations." (Eligibility Objection, ¶¶ 31, 33)

v. The City's refusal to negotiate with AFSCME has continued post-filing. (Eligibility Objection, ¶¶ 36-39)

vi. Assuming *arguendo* that any negotiations took place, such negotiations did not relate to a plan that was in the best interests of creditors as required by section 109(c)(5)(B). (Eligibility Objection, ¶¶ 109-114)

a. The proposed Restructuring Plan was not in the best interests of creditors because it was unconfirmable as, among other things, it seeks to impair or diminish vested pension rights in violation of Article IX, Section 24 of the Michigan Constitution, which renders it a plan requiring action by the debtor "prohibited by law" and thus unable to be confirmed under 11 U.S.C. § 943(b)(4). (Eligibility Objection, ¶¶ 109-111)

i. The Emergency Manager failed to consider before filing for chapter 9 an equitable argument that creditors extending debt after funding concerns surfaced should be subject to equitable subordination or fraudulent conveyance under sections 510(c) and 544(b)/548(a) of the Code. (Eligibility Objection, ¶ 113)

ii. Under section 928(b), the Emergency Manager should be exploring whether certain creditors should bear the burden of the City's operating expenses before pension cuts are imposed. (Eligibility Objection, ¶ 114)

10.    ~~12.~~ The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

Asserted by:

484    Local 324, International Union of Operating Engineers

486    Local 517M, Service Employees International Union

502    Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey

504    Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman

506    International Union, United Automobile, Aerospace and Agricultural Implement Workers of America

512    The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association

519    General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

505    Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

~~506    International Union, United Automobile, Aerospace and Agricultural Implement Workers of America~~

~~512    The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association~~

~~519    General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit~~

With respect to AFSCME, this argument includes, but is not limited to, the following specific points raised in the AFSCME Eligibility Objection:

a.    The City's prepetition plotting to hire the EM, an experienced bankruptcy counsel, to control the City before a financial emergency was even declared demonstrates that the City never had any intention of negotiating outside of bankruptcy. (Eligibility Objection ¶¶ 23-27, 118)

b.    The City's main creditors are the unions, its retirees, and the bond trustees, and while the City claims it could not negotiate retiree benefits with the unions or retirees, the City has in the past negotiated for retiree health benefits and pension benefits outside of chapter 9. (Eligibility Objection, ¶¶ 117-120)

    c. The City cannot demonstrate impracticability without even attempting to negotiate with its largest creditors, especially where those creditors have, like AFSCME, requested negotiations. (Eligibility Objection, ¶¶ 121-23)

**11.** ~~13.~~The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c).

    Asserted by:

| | |
|---|---|
| 484 | Local 324, International Union of Operating Engineers |
| 486 | Local 517M, Service Employees International Union |
| ~~505~~ | ~~Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees~~ |
| 519 | The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association |
| 520 | Retired Detroit Police Members Association |
| 505 | Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees |

    With respect to AFSCME, this argument includes, but is not limited to, the following specific points raised in the AFSCME Eligibility Objection:

      i. The State authorized (without contingencies) and the City commenced its filing "in dark of night" to avoid a bad state court ruling in the *Webster* litigation, and declined to take action to cease the filing in violation of the Declaratory Judgment there issued. (Eligibility Objection, ¶¶ 13-22, 130)

      ii. The City failed to consider reasonable alternatives to chapter 9. (Eligibility Objection, ¶ 131)

**12.** Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

    Asserted by:

| | |
|---|---|
| 484 | Local 324, International Union of Operating Engineers |
| 486 | Local 517M, Service Employees International Union |
| 495 | David Sole |
| 502 | Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey |
| 504 | Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman |

506    International Union, United Automobile, Aerospace and Agricultural Implement Workers of America

512    The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association

514    Center for Community Justice and Advocacy

519    General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

520    Retired Detroit Police Members Association

505    Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

With respect to AFSCME, who argues that the City is not authorized under state law to be a debtor because the Governor's blanket grant of permission to the EM to file under chapter 9 does not prohibit the impairment or diminishment of vested pension rights in violation of Article IX, Section 24 of the Michigan Constitution, this argument includes, but is not limited to, the following specific points raised in the AFSCME Eligibility Objection:

    i.    As already determined by a Michigan state court, Michigan state law forbids authorization of the City's bankruptcy petition insofar as it seeks to reduce accrued pension benefits in violation of the State Constitution. (Eligibility Objection, ¶ 76)

    ii.    The Emergency Manager made clear his intention to use this chapter 9 proceeding to reduce accrued pension benefits in violation of the state constitution prior to requesting permission from the Governor to file the City's chapter 9 petition. (Eligibility Objection, ¶ 76)

    iii.    Article IX, Section 24 of the Michigan Constitution means what it says: under no circumstances can accrued pension benefits be reduced. (Eligibility Objection, ¶¶ 77-78)

    iv.    The EM law is unconstitutional as applied where, as here, the Governor has abused his discretion by purporting to authorize a bankruptcy which he knows is intended to violate the constitution in view of the available information that the EM would be seeking to impair vested pension rights in this chapter 9 proceeding; where the Governor, despite such information, fails to attach explicit contingencies to the chapter 9 petition to protect the constitutional rights of

Michigan citizens with accrued pension rights, Section 18 of PA 436 is unconstitutional as applied. (Eligibility Objection, ¶¶ 79-81)

v.   Alternatively, because the Governor's authorization required that any plan of adjustment proposed by the City be legally executable under Section 943(b), and because the Michigan Constitution – under which the Governor is bound – prohibits any reduction in accrued pension rights, the Governor's authorization should be construed to have required that any plan of adjustment by the City comply with Article IX, Section 24 of the Michigan Constitution. (Eligibility Objection, ¶ 82)

vi.   AFSME's members with accrued pension rights are being harmed *now* by the EM's threat to use this chapter 9 proceeding to unconstitutionally reduce their pension benefits, and therefore they cannot be made to wait until after the Court decides all issues of eligibility to be heard on the argument that no plan of adjustment proposed by the City can be confirmed if it would reduce accrued pension benefits – this argument must be addressed *now* as a preliminary matter of eligibility.  (Eligibility Objection, ¶ 83)

## VI.    Order Regarding the Eligibility Objection in Paragraph 9~~8~~

As identified in paragraph 9~~8~~, among the matters for trial will be the objection that the City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).  More specifically, these objections assert that the Emergency Manager intends to propose a plan that that would impair the pension rights of employees and retirees in violation of the Michigan constitution and that such a plan cannot be confirmed.   These objections further assert that therefore the City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).

The Court fully recognizes and appreciates the extraordinary importance of the pension rights of the City's employees and retirees in this case and of how the City will ultimately propose to treat those rights.  It is an important question not only to the City's employees, retirees and unions, but also to all of the parties in the case.

However, the requirement of eligibility that the City desires "to effect a plan to adjust such debts" under 11 U.S.C. § 109(c)(4) does not obligate the City to prove that any particular plan that it might later propose is confirmable.  Accordingly, the Court will not consider the issue of the treatment of pension rights when considering the eligibility objection in paragraph 9~~8~~.  The Court fully preserves the opportunity of all parties to present their positions relating to the City's treatment of pension rights when the debtor requests confirmation of a plan, or, perhaps,

in some other appropriate context. To meet the requirement of 11 U.S.C. § 109(c)(4), the City need only prove more generally that it desires "to effect a plan to adjust such debts."

However, nothing in this paragraph shall limit the rights of AFSCME or other parties to raise the issue of the treatment of pensions rights in connection with the Court's consideration of other issues regarding eligibility, including points raised by AFSCME regarding authorization under 11 U.S.C. § 109(c)(2) and good faith negotiations under 11 U.S.C. § 109(c)(5). *See* AFSCME Eligibility Objection, ¶¶ 33-38; 49-51.

## VII. Order Regarding Discovery Related to Eligibility Objections

The Court concludes that the following limitations on discovery are appropriate:

1. Discovery related to eligibility objections is limited to the objections that raise factual issues, identified in paragraphs 8-12 7-12 above.

2. On the objecting parties' side, discovery may be propounded only by those parties who filed the eligibility objections that the Court identified in those paragraphs.

## VIII. Notice of Hearing to Individuals Who Filed Eligibility Objections

The Court recognizes that many individuals (other than those listed in paragraphs 1-12 above), most without counsel, also filed timely objections. The Court offers these individuals an opportunity to be heard on their objections. This hearing will be on **September 19, 2013, at 10:00 a.m.** in Courtroom 242, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan. *This opportunity is only for individuals that filed timely objections.* These parties are identified on the attached Exhibit A.

Just as the Court imposed time limits on the attorneys identified above, the Court must also impose a time limit on these individuals as well, due to the number of these individuals. Therefore, each individual who filed a timely objection may address the Court for 3 minutes regarding the objection. The City shall have 30 minutes to respond. No rebuttal will be permitted.

Due to security screening, the Court encourages the individuals that accept this opportunity to address the Court regarding their eligibility objections to arrive at the courthouse at least 60 minutes before the scheduled start time of the hearing. At 9:00 a.m., the court staff will begin to check in these individuals and will give each party a number establishing the order of speaking.

## IX. Certifications Pursuant to 28 U.S.C. § 2403(a) and (b)

Pursuant to 28 U.S.C. § 2403(a), the Court hereby certifies to the Attorney General of the United States that the constitutionality of Chapter 9 of Title 11 of the United States Code under the United States constitution is drawn in question in this case. The Court permits the United States to intervene for argument on the question of the constitutionality of Chapter 9 of the Bankruptcy Code and shall, subject to the applicable provisions of law, have all the rights of a party.

Pursuant to 28 U.S.C. § 2403(b), the Court hereby certifies to the Attorney General of the State of Michigan that the constitutionality of Michigan Public Act 436 of 2012 under the Michigan constitution is drawn in question in this case. The Court permits the State of Michigan to intervene for argument on the question of the constitutionality Michigan Public Act 436 of 2012 under the Michigan constitution and shall, subject to the applicable provisions of law, have all the rights of a party.

## X.    Untimely Objections

All untimely objections, identified on the attached Exhibit B, are overruled.

## XI.    Opportunity to Comment or Object

Parties may file objections to or comments on this order by September 6, 2013.

## XII.    Service

The clerk shall serve copies of this "Order Regarding Eligibility Objections, Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)" upon all parties who filed eligibility objections, the City, and the Attorney General of the State of Michigan. It is not necessary to serve the objections asserting the unconstitutionality of Michigan Public Act 436 of 2012 upon the Michigan Attorney General because his counsel was already served with those objections through electronic notice by ECF.

Pursuant to Rule 4(i) Federal Rules of Civil Procedure (applicable to the eligibility objections in this case under Rules 4(a)(l) and 9014(b) of the Federal Rules of Bankruptcy Procedure), the clerk shall also serve copies of this "Order Regarding Eligibility Objections, Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)", together with copies of the objections identified in paragraph 1 above, by registered or certified mail, upon both the Attorney General of the United States at Washington, D.C. and the civil process clerk at the United States Attorney's office in the Eastern District of Michigan.

It is so ordered.


_____/s/ Steven Rhodes_____
Steven Rhodes
United States Bankruptcy Judge


August 26, 2013

**EXHIBIT A**

**Individuals Who Are Invited to Address the Court Regarding
Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.**

| NAME | Docket# |
|------|--------:|
| | |
| Michael Abbott | 385 |
| Association of Professional and Technical Employee (APTE) | 482 |
| Linda Bain | 474 |
| Randy Beard | 480 |
| Russell Bellant | 402,405 |
| Michael G. Benson | 388 |
| Cynthia Blair | 492 |
| Dwight Boyd | 412 |
| Charles D. Brown | 460,491 |
| Lorene Brown | 403 |
| Paulette Brown | 431 |
| Rakiba Brown | 467 |
| Regina Bryant | 338,339 |
| Mary Diane Bukowski | 440 |
| David Bullock | 393 |
| Claudette Campbell | 408 |
| Johnnie R. Carr | 413 |
| Sandra Carver | 469 |
| Raleigh Chambers | 409 |
| Alma Cozart | 400 |
| Leola Regina Crittendon | 454 |
| Angela Crockett | 455 |
| Lucinda J. Darrah | 447,477 |
| Joyce Davis | 392 |
| Sylvester Davis | 435 |
| William Davis | 430 |
| Elmarie Dixon | 414 |
| Mary Dugans | 415 |
| Lewis Dukens | 394 |
| David Dye | 448 |
| Jacqueline Esters | 416 |
| Arthur Evans | 463 |
| Jerry Ford | 432 |
| William D. Ford | 417 |
| Ulysses Freeman | 429 |

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding
## Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| NAME | Docket# |
|------|---------|
|  |  |
| Olivia Gillon | 401 |
| Donald Glass | 386 |
| Lavarre W. Greene | 465 |
| William Hickey | 442 |
| LaVern Holloway | 397 |
| William J. Howard | 433 |
| Joanne Jackson | 437 |
| Ailene Jeter | 457 |
| Sheilah Johnson | 451 |
| Stephen Johnson | 418 |
| Joseph H. Jones | 389 |
| Sallie M. Jones | 419 |
| Aleta Atchinson-Jorgan | 462 |
| Zelma Kinchloe | 396 |
| Timothy King | 489 |
| Keetha R. Kittrell | 427 |
| Michael Joseph Karwoski | 510 |
| Roosevelt Lee | 468 |
| Althea Long | 399 |
| Edward Lowe | 425 |
| Lorna Lee Mason | 428 |
| Deborah Moore | 470 |
| Deborah Pollard | 421 |
| Larene Parrish | 420 |
| Lou Ann Pelletier | 335 |
| Michael K. Pelletier | 337 |
| Heidi Peterson | 513 |
| Helen Powers | 404 |
| Alice Pruitt | 4721 |
| Samuel L. Riddle | 422 |
| Kwabena Shabu | 426 |
| Michael D. Shane | 443 |
| Karl Shaw | 398 |
| Frank Sloan, Jr. | 436 |
| Gretchen R. Smith | 494 |
| Horace E. Stallings | 464 |
| Thomas Stephens | 461 |
| Dennis Taubitz | 446 |
| Charles Taylor | 423 |

**EXHIBIT A**

**Individuals Who Are Invited to Address the Court Regarding
Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.**

| NAME | Docket# |
|------|---------|
|  |  |
| Marzelia Taylor | 475 |
| The Chair of St. Peter | 493 |
| Dolores A. Thomas | 456 |
| Shirley Tollivel | 395 |
| Tracey Tresvant | 390 |
| Calvin Turner | 387 |
| Jean Vortkamp | 439 |
| William Curtis Walton | 411 |
| Jo Ann Watson | 490 |
| Judith West | 444 |
| Preston West | 407 |
| Cheryl Smith Williams | 458 |
| Charles Williams, II | 391 |
| Floreen Williams | 496 |
| Fraustin Williams | 479 |
| Leonard Wilson | 466 |
| Phebe Lee Woodberry | 459 |
| Anthony G. Wright, Jr. | 485 |

**EXHIBIT B**

**Eligibility Objections Overruled Because They Were Untimely**

| NAME | Docket# |
|---|---:|
| | |
| Hassan Aleem and Carl Williams | 565 |
| Charles Chatman | 539 |
| Andrea Edwards | 532 |
| Richard Johnson EI-Bey | 536 |
| Xylia Hall | 541 |
| Diane Hutchersun | 530 |
| Michael Jones | 549 |
| Nettie Reeves | 534 |
| Donald Richardson | 633 |