**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## *EX PARTE* MOTION TO EXPEDITE

NOW COMES the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**City**" or "**Debtor**") non-uniformed retired employees (the "**Retired AFSCME Employees**"), and about 2,523 active City employees (the "**Active AFSCME Employee**", or about seventy percent (70%) of the active non-uniformed union-represented employees, and together with the Retired AFSCME Employees, collectively, the "**AFSCME Detroit Employees**") – and through its counsel requests that this Court expedite hearing of *The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees' (I) Objections and Comments to the Court's August 26, 2013 Order Regarding Eligibility Objections Notices of Hearing and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b) and (II) Expedited Motion to Compel Depositions of City Witnesses* (the "**Objection**"). As grounds for this motion, AFSCME says as follows:

1. AFSCME filed the Objection to address the *Order Regarding Eligibility Objections, Notices of Hearing and Certifications*, entered on August 26, 2013 [Docket No.

642](the "**August 26 Order**") and to compel production of witnesses requested in connection with the Court's consideration of the City's eligibility to file for relief under chapter 9 of the Bankruptcy Code. By this Objection, AFSCME argues, *inter alia,* that the August 26 Order fails to properly categorize, account for, and, where appropriate, schedule for hearing at the September 18, 2013 Eligibility Hearing all issues raised in AFSCME's Eligibility Objection. The Objection further requests that the Court compel production of those witnesses under the City's control requested by AFSCME in accordance with the scheduling orders issued by the Court,[1] the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure, including Emergency Manager Kevyn Orr, Mayor David Bing, City Director of Labor Relations Lamont Satchel, Kenneth Buckfire (Miller Buckfire), Guarav Malhotra (Ernst & Young), and Charles Moore (Conway McKenzie), as well as two employees and witnesses from Milliman, Inc., Katherine A. Warren and Glenn Bowen (collectively, the "**Requested Witnesses**").

2. AFSCME and the City met and conferred regarding an agreed City witness list and deposition schedule and while the City has agreed preliminarily that it would produce Emergency Manager Kevyn Orr, City Director of Labor Relations Lamont Satchel, Kenneth Buckfire (Miller Buckfire), Guarav Malhotra (Ernst & Young), and Charles Moore (Conway McKenzie), it has refused to agree to produce Mayor David Bing and has yet to finalize a schedule or agreement regarding the other witnesses.

---

[1] The August 26 Order was preceded by an order entered on August 2, 2013 (the "**August 2 Order**"), establishing dates and deadlines regarding objections to the City's eligibility to file for relief under chapter 9 of the Bankruptcy Code. In accordance with the August 2 Order, AFSCME served subpoenas and notices of depositions on parties in interest, including several City and State employees and officials.

3. Pursuant to the August 2 Order, the deadline to complete depositions of non-expert witnesses is September 23, 2013.

4. In light of the expedited nature of the proceedings with respect to the debtor's eligibility to file for Chapter 9 protection, the lack of agreement reached between AFSCME and the City regarding the City's production of the Requested Witnesses, and the City's current refusal to produce Mayor Bing for deposition, this Court should grant AFSCME's request for an expedited hearing to resolve all issues in connection with the August 26 Order as soon as possible.

5. This Court has already recognized the exigency with which discovery disputes raised in connection with the City's eligibility to file for chapter 9 relief must be resolved when it issued an order for expedited hearing on the State's Motion to Quash certain of AFSCME's discovery requests and scheduled a hearing on the Motion to Quash for September 10, 2013 at 10:00 a.m. [Docket No. 703]. The instant dispute compels similar expedited consideration and resolution.

6. Accordingly, AFSCME respectfully requests that this Court expedite consideration of the Objection and schedule a hearing for September 10, 2013 or such other date as the Court deems appropriate.

**WHEREFORE**, AFSCME respectfully requests that this Court: (1) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief sought herein; and (ii) grant such other and further relief to AFSCME as the Court may deem proper.

Dated: September 6, 2013

                                        **LOWENSTEIN SANDLER LLP**
                                        By: */s/ Sharon L. Levine*
                                            Sharon L. Levine, Esq.

John K. Sherwood, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
jsherwood@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191


*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1            Proposed Form of Order

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## *EX PARTE* ORDER GRANTING MOTION TO EXPEDITE

This matter coming before the Court on the e*x parte* motion (the "**Motion**") of the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") for expedited consideration of *The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees' (I) Objections and Comments to the Court's August 26, 2013 Order Regarding Eligibility Objections Notices of Hearing and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b) and (II) Expedited Motion to Compel Depositions of City Witnesses* (the "**Objection**"), filed by AFSCME; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. A hearing on the Objection is scheduled for _____, 2013 at \_\_\_\_:00 \_\_\_\_.m.

Signed on _____

_____
Steven Rhodes
United States Bankruptcy Judge