## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                              Chapter 9

CITY OF DETROIT, MICHIGAN                            Case No. 13-53846

         Debtor.                                 Hon. Steven W. Rhodes

---

## CONSOLIDATED COMMENT OF RETIREE ASSOCIATION PARTIES TO ORDER REGARDING ELIGIBILITY OBJECTIONS

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.C.C., submit the following Consolidated Comment to the *Order Regarding Eligibility Objections* ("Order") (Contained in Docket: No. 642):

The Retiree Association Parties are concerned by the thirty (30) minute rebuttal time frame, set for the objecting parties, for the following reasons:

      a. The objecting parties will not be able to organize and prioritize, in advance, which of the City's argument(s) warrant rebuttal and to what extent;

b. The objecting parties will not have appropriate time to confer and decide on rebuttal strategy, especially considering the likely possibility that different parties will have different perceptions of what arguments to rebut and how to rebut those arguments, respectively; and

c. The objecting parties will be placed at a considerable disadvantage because the City does not have to contend with these issues.

In order to alleviate the concerns related to the rebuttal argument, the Retiree Association Parties propose to have rebuttal and surrebutal arguments heard the following day, September 19, 2013.

The Association Parties are also concerned that an objecting party may be deemed to have failed to reserve the argument or the argument as supplemented during oral argument if made by counsel for another objecting party. The Retiree Association Parties suggest that the Order be amended to include language similar to the following:

Some of the objecting parties have been limited (or agreed to have others argue) oral argument on a particular legal objection because the objecting parties as a group have been required to comply with the Court's time limit and procedures. Therefore, the Court orders that the fact that an objecting party does not present oral argument on a particular legal objection does not constitute a waiver of any written objection made by that party or limit that party's ability to pursue matters raised during oral argument on a particular issue. Nor shall the waiver or narrowing of a legal objection during the course of oral argument be binding on a party which because of the procedure adopted by the Court did not present oral argument.

The Court's consideration of this Consolidated Comment is appreciated.

Dated: September 6, 2013

Lippitt O'Keefe, PLLC

/s/ Ryan C. Plecha
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
Counsel for Retiree Association Parties
370 East Maple Road, 3rd Floor
Birmingham, Michigan  48009
(248) 646-8292
rplecha@lippittokeefe.com

SILVERMAN & MORRIS, P.L.L.C.
Thomas R. Morris (P39141)
Co-Counsel Retiree Association Parties
30500 Northwestern Highway,Suite 200
Farmington Hills, Michigan 48334
(248) 539-1330
morris@silvermanmorris.com