UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CITY OF DETROIT, MICHIGAN

                         Debtor,

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

_____/

## OBJECTIONS TO ORDER REGARDING ELIGIBILITY OBJECTIONS, NOTICES OF HEARINGS AND CERTIFICATIONS PURSUANT TO 28 USC § 2403 (a) and (b)

NOW COMES Creditor Dennis Taubitz for his objection to Order Regarding Eligibility Objections, Notices of Hearings and Certifications pursuant to 28 USC §2403(a) and (b) and states as follows:

1. That Creditor, Dennis Taubitz files objection regarding the City of Detroit's eligibility for Chapter 9 Bankruptcy.

2. That other creditors and/or interested parties listed in Exhibit A of the Court's order also filed objections to the City of Detroit's eligibility for Chapter 9 Bankruptcy.

3. Additionally, objections to the City of Detroit's Bankruptcy were filed by creditors and interested parties listed on page 1 through page 3 and page 4 and page 5.

4. Most of the creditors or interested parties reference in paragraph 3 are corporate or union interests.

5. Most of the creditors and/or interested parties referenced in paragraph 3 are represented by attorney (see page 6 of the Court's order).

6. This Court in its Order on page 6 specifies that the creditor contained in paragraph

3 are treated differently than the creditor and/or interested parties listed in Exhibit A.

7. This Court has engaged in a denial of due process and a denial of equal protection by treating some creditor and/or interested parties differently than other.

8. This Court no only provides a different date for a hearing not more importantly the Court set different time standard for the arguments. Specifically, the creditors listed in Exhibit A are not allowed to rebut the Debtor argument even though other creditors are provided this opportunity.

9. Further this court in its continuing pattern of a denial of due process in Part VII of the Order unduly and unfairly attempts to limit discovery.

10. All parties in this action should be allowed to engage in free ranging discovery.

WHEREFORE, Creditor Dennis Taubitz prays that this Court set aside the aforementioned order and allow all creditors equal time to make all necessary argument and that all parties be allowed to engage in free ranging discovery.

Respectfully submitted,

/s/ Dennis Taubitz
**DENNIS M. TAUBITZ**

# BRIEF IN SUPPORT

## I. This Court has engaged in a Denial of Equal Protection.

This court for no fathomable reason has decided in Section IV and Section VIII of its Order to treat creditors raising similar arguments differently therefore ensuring that the creditors are being denied equal protection under the law.

For example, in Section IV those creditors share 120 minute and most importantly are allowed 30 minutes to rebut the Debtor Argument. The rest of the creditors are addressed in Section VIII of the order and are treated differently. For example, the creditors listed in Exhibit A are only allowed 3 minutes to address their objections and most importantly these creditors are not allowed to rebut the debtor argument.

This unexplained different treatment of creditors is a denial of equal protection under the law.

## II. This Court has engaged in a continuous pattern of a Denial of Due Process.

Due process is defined as fair notice, fair hearing before a competent tribunal. Certainly, this Court has failed to provide fair notice (six (6) days notice is not fair notice). This Court's treatment of the creditors listed in Exhibit A is deplorable and despicable. The creditors in Exhibit A, in addition to being treated differently than the other creditors, is **not being granted a fair hearing**. Three minutes to present an argument is not allowing for a fair hearing. It is a sham hearing by a kangaroo court.

This court continued pattern of denial of due process is further set forth in Section VII of the Order that seeks to place unnecessary restriction on the discovery process. Discovery is a process

that is designed to allow all the parties to engage in a free flowing of information. This attempt to deny some creditors the ability to engage in discovery is a blatant attempt to prevent some creditors from being ambushed at trial as they are denied by this court the ability to engage in discovery. This practice ensures that the creditors listed in Exhibit A are denied a fair hearing. Certainly, the third component "before a competent tribunal" must also be questioned by this court's unexplained willingness to deny fair notice and deny a fair hearing to some of the 100,000 creditors, but not others.

Respectfully submitted,

_____
**DENNIS M. TAUBITZ**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  CHAPTER 9
 Case No. 13-53846
CITY OF DETROIT, MICHIGAN,  Hon. Steven W. Rhodes

Debtor.

_____/

PROOF OF SERVICE

I hereby certify that on September 6, 2013, Dennis M. Taubitz served copies as follows:

1. Objections to Order, Regarding Eligibility Objections, Notices of Hearings and Certifications Pursuant to 28 USC § 2403 (a) and (b) and Brief in Support with this Proof of Service:

2. Served upon: Heather Lennox
 Jones Day
 North Point
 901 Lakeside Avenue
 Cleveland, Ohio 44114

3. By First Class Mail.

Dated: September 6, 2013   _____ (Signature of Creditor)
 Dennis M. Taubitz

 Print Name: Dennis Taubitz

 _____
 Signature of Co-Debtor

 Print Name:_____

K:\DOCS\LIT\COLEP\A37000\OBJECT\PC4351.WPD        5