UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Hassan Aleem and Carl Williams
        Creditors

v

EMERGENCY MANAGER
KEVYN D. ORR
        Debtors
_____/

Case No. 13-53846
Hon. Steven W Rhodes

# RECONSIDERATION OF OBJECTION
# TO CHAPTER 9 BANKRUPTCY

Now comes the creditors in propria persona Hassan Aleem a retired builder inspector for city of Detroit and Carl Williams an retiree from the Elevator Construction Industry an interest party and both taxpayers in the city of Detroit and citizen of the state of Michigan.

The creditor and interest party object to the Bankruptcy for the following:

1) The act that the Emergency Manager, Kevyn Orr has cited that the Bankruptcy is relying on do not have authority under (Public Act 436)

1

because it did not receive the constitutional three-four vote as required to challenge the referendum of the people in accordance to Article II section 9 of the Michigan State Constitution.

Hypothetically speaking, if Public Act 436 was valid the emergency manager still wouldn't have the authority because under P. A. 436 the mayor or local governing body only can legally declare or apply for Bankruptcy, not an unelected appointed official. Also the Emergency Manager Kevyn Orr has contravened Chapter 9 Bankruptcy Code that states: "Only a municipality may file for relief under chapter 9 title 11 U.S.C. section 109 (c)," not Kevin Orr. The Public Act 436, nor the Bankruptcy Code provided for Kevin Orr to file for Bankruptcy. Although they both provides for the municipality only, therefore the Bankruptcy Court lack jurisdiction over the person and the subject matter in this instance.

2) The Court failed to comply with the Bankruptcy code requiring a notice to be given of the commencement of the case in according to 11 U.S.C. section 923 of the Bankruptcy code. The Bankruptcy Rule provide that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002(f). The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation

published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the bankruptcy code.

That most creditors and anyone of interest never received a notice and hearing, which is a denial of due process of law. In the present context these principles require that a person have timely and adequate notice detailing the reasons for the notice and an effective opportunity to defend. Armstrong v. Manzo, 380 U. S. 545, 552 (1965).

3) After the fact the Bankruptcy court established a hand picked hiring committee with attorneys to represent the retires and gave them time to object and respond. However, deprived and denied other creditors and people of interest without attorneys the right to be heard by stating they were untimely when they never received a notice to respond to. Armstrong v Manzo supra at 267. Since the court has allowed the hiring committee time to object and respond the other creditors and people of interest should be allowed to proceed as well, thus a due process and equal protection of the law violation of the 5th and 14th Amendments of the United States Constitution.

The court have appointed nine retires to represent thousands of retires with out their knowledge and consent, thus a denial of due process and equal

protection of the law and invidious discrimination against some retiree creditors, thus contravening 5th and 14th Amendments of the United States Constitution and discrimination of title 42 of 1983 Civil Rights Statute.

The Bankruptcy court showed bias against the creditors to overrule against them without receiving a timely and proper notice and in this instance none at all in according to the Bankruptcy code or rule requirement. The Bankruptcy court then refuse to allow some creditors objections for being untimely.

4) The emergency manager failed to comply with P.A. 436 by not providing a written mandatory financial and operating plan for the local government within 45 days after the emergency manager appointment, thus due process of law violation Article 1 section 2 of Michigan State Constitution and the 5th and 14th Amendment of the Constitutions of the United States.

The Financial manager, Kevyn Orr is a license experience Bankruptcy Attorney, who concealed the fact that he Kevin Orr was to present a financial plan to the local cities within 45 days pursuant to Public Act 436.

Kevyn Orr is not an elected official and have filed Bankruptcy in "Bad faith" by not providing a structure plan to elevate the problem prior to pur-

4

suing Bankruptcy, therefore conceal the facts and have perpetrated fraudulent concealment pursuant to MCL 600.5855. The creditors demand a hearing to determine the fact and the fraud. Rapaport v Rapaport, 185 Mich App 12 (1990)

Wherefore, and the above facts laws we demand that the court reconsider the fact and withdraw or dismiss or declaring the bankruptcy invalid and null and void.

Sincerely, submitted,

_____
Hassan Aleem
2440 Taylor
Detroit, Michigan 48205

_____
Carl Williams
10112 Somerset
Detroit, Michigan 48224

Hassan Aleem and Carl Williams
        Creditors

vs

Case No. 13-53846
Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGN
AND EMERGENCY MANAGER
KEVYN D. ORR
        Debtors
_____/

STATE OF MICHIGAN)
                      ) SS
COUNT Y OF WAYNE)

## PROOF OF SERVICE

_____Carl Williams_____, being first duly sworn, deposes and

Say: that on September 6th, 2013. I sent a copies of Reconsideration of

Objection to Chapter 9 Bankruptcy upon the concern parties by certified mail,

at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226


Emergency Manager
Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226


Sign _Carl Williams_____


Subscribed to and sworn to before me

This __6th__ day of September 2013,

_Curt Faulkner_____
Notary

CURTIS FAULKNER
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires March 8, 2014
Acting in the County of _WAYNE_