# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

CITY OF DETROIT, MICHIGAN        Chapter 9
       Case No. 13-53846
       Debtor.        Hon. Steven W. Rhodes
_____/

## MOTION OF MEIJER, INC. FOR RELIEF FROM THE AUTOMATIC STAY AND FOR WAIVER OF PROVISIONS OF FED.R.BANKR.P. 4001 (a) (3)

Meijer, Inc., a Michigan Corporation ("Meijer"), by and through its undersigned counsel, Miller, Canfield, Paddock and Stone, P.L.C., pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 922(b), L.B.R. 4001-1(E.D.M.), and L.B.R. 9014-1 (E.D.M.), moves for relief from the Automatic Stay to file and pursue an action in the Wayne County Circuit Court to vacate and modify private building and use restrictions on platted real property located in the City of Detroit ("City") and for waiver of the provisions of Fed. R. Bankr. P. 4001 (a)(3) and in support thereof states as follows:

1.       This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue in proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       On July 18, 2013, Debtor filed the above case seeking relief under Chapter 9 of the Bankruptcy Code.

3.       Pursuant to 11 U.S.C. § 922(a), the automatic stay of 11 U.S.C. § 362(a) became applicable at the time that the bankruptcy petition was filed.

4.       Meijer, Inc. owns and/or operates numerous large retail stores in Michigan including one in the City. The opening of a Meijer store in Detroit has provided significant

economic benefit to the City and convenience to its residents. Meijer desires to construct and operate a second retail store in the City upon the real property which is the subject of this Motion.

5.     Meijer owns lots in two platted subdivisions located in the City. More specifically, Meijer is the owner of Lots 25 through 29 and 36 through 50 of the Grand River Suburban Subdivision and lots 10 through 25 and 105 through 120 in the Louis C. Miller Subdivision. These lots are collectively referred to as the "Lots".

6.     The Lots are part of an assemblage of land ("Development Site") owned by Meijer on the south side of Grand River Avenue near the intersection with McNichols Road that are the site of the former Redford High School. The Development Site was rezoned by the City in November of 2011 as a Planned Development District consisting of a large retail center, gas station and multiple-tenant retail building. In addition, the Michigan Economic Growth Authority has approved a Brownfield tax credit of value of up to $3.3 million to facilitate the redevelopment of the Development Site.

7.     The Lots within the Development Site are burdened by a number of private building and use restrictions which, inter alia, purport to limit the use of the Lots to residential purposes. These building and use restrictions are inconsistent with the current zoning of the Lots as a Planned Development District which permits commercial development subject to site plan approval by the City.

8.     Meijer believes the private building and use restrictions which encumber the Lots are not enforceable. In order to move forward with the redevelopment of the Development Site, however, it is necessary to vacate and modify, by judicial proceeding, the private use restrictions

and record revised building and record new use restrictions that permit the redevelopment of the Development Site.

9.  Under applicable law, a Michigan Circuit Court may vacate, correct or revise all of a recorded plat upon the filing of a complaint by an owner of a lot in the subdivisions.  MCL § 560.222.  The complaint must be filed in the Circuit Court in which the subdivision covered by the plat is located, in this case the Wayne County Circuit Court.

10. Pursuant to MCL §§ 560.224a(1)(b) and (e) a complaint seeking to vacate, correct or revise a recorded plat must join as a party, among others, the municipality in which the plat is located and any municipality that has water and sewer utility installations or easements in the subdivision in which the plat is located.  The Lots are located in the City and the City has water and sewer installations in the subdivisions in which the Lots are located.   Consequently the City must be named as a party to the complaint to be filed by Meijer to obtain the relief described above.

11. Absent relief from the automatic stay Meijer cannot file and prosecute the complaint described in paragraphs 8 and 9.  The complaint is a necessary prerequisite to commencement of the commercial development permitted by the Planned Development District zoning of the Development Site.

12. Although the City must be named as a party to the complaint in accordance with applicable law, no monetary relief will be sought against the City.  The City will be named as a party only to comply with the provisions of MCL § 560.222 and the only relief that will be sought from the City is concurrence in the modification of the private use restrictions applicable to the Lots. These modifications are consistent with the zoning of the Lots previously approved

by the City.   In the unlikely event it becomes necessary to obtain any other relief against the City, further relief from the automatic stay will be sought.

13.     Under the provisions of Bankruptcy Code § 362(d)(1), made applicable to this case by Bankruptcy Code § 922(b),  relief from the automatic stay may be granted for cause.  In this present case cause exists because:  (i) no relief will be sought from the City, without further order of this Court, other than the City's concurrence in the modifications to the private use restrictions, which modifications are consistent with the rezoning of the Lots previously approved by the City; and (ii)  the commercial development to be undertaken on the Lots following modification of the plat restrictions will be of substantial economic and other benefit to the City and its residents.  Commencement of the case to vacate the private use restrictions is a necessary prerequisite to the commercial development and there is no just reason for delay of the filing of the case.

14.     Meijer has contacted counsel for the Debtor and believes the City has no objection to the relief sought in this Motion.

WHEREFORE, Meijer respectfully requests that this Court grant relief from the automatic stay to permit Meijer name the City as a party in the action described in this Motion, provided, that no relief may be sought against the City, absent further order of this Court, other than concurrence in the modification of the private use restrictions applicable to the Lots, waive the provisions of Fed. R. Bankr. P. 4001(a)(3) and grant all other relief as this Court deems just.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By: /s/ Timothy A. Fusco
       Timothy A. Fusco (P13768)
       150 West Jefferson, Suite 2500
       Detroit, MI 48226
       Phone: (313) 496-8435
       Fax: (313) 496-8452
       fusco@millercanfield.com

DATED: September 6, 2013

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

IN THE MATTER OF:

CITY OF DETROIT, MICHIGAN                    Chapter 9
                                             Case No. 13-53846
                    Debtor.                  Hon. Steven W. Rhodes
_____/

## <u>INDEX OF EXHIBITS</u>

Exhibit 1     Proposed Order
Exhibit 2     Notice of Opportunity to Respond
Exhibit 3     Certificate of Service

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

IN THE MATTER OF:

CITY OF DETROIT, MICHIGAN                    Chapter 9
                                             Case No. 13-53846
                    Debtor.                  Hon. Steven W. Rhodes
_____/

**ORDER GRANTING MOTION OF MEIJER, INC. FOR RELIEF FROM THE**
**AUTOMATIC STAY AND FOR WAIVER OF PROVISIONS**
**OF FED.R.BANKR.P. 4001 (a) (3)**

Upon consideration of the Motion of Meijer, Inc. For Relief From the Automatic Stay and

for Waiver of the Provisions of Fed. R. Bankr. P. 4001 (a)(3) (the "Motion"), and the Court being

duly advised in the premises;

IT IS ORDERED that:

1.      The Motion is GRANTED.

2.      Relief from that automatic stay is granted to permit Meijer, Inc. to name the Debtor

as a party defendant in the action for vacation and modification of private use restrictions described

in the Motion, provided, however, that that no relief may be sought against the City, absent further

order of this Court, other than concurrence by the City in the modifications of the private use

restrictions requested in the action.

3.      This Court finds that Rule 4001 (a) (3) of the Federal Rules of Bankruptcy

Procedure is waived and Meijer, Inc. may immediately commence the action for vacation and

modification of private use restrictions described in the Motion.

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

IN THE MATTER OF:

CITY OF DETROIT, MICHIGAN

                Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

**NOTICE OF OPPORTUNITY TO RESPOND TO MOTION OF MEIJER, INC. FOR**
**RELIEF FROM THE AUTOMATIC STAY AND FOR WAIVER OF**
**PROVISIONS OF FED.R.BANKR. P. 4001(a)(3)**

Meijer, Inc. ("Meijer") by its attorneys has filed papers with the court for an Order

granting relief from the automatic stay.

**Your rights may be affected.  You should read these papers carefully and discuss**

**them with your attorney.**

If you do not want the court to enter an order granting Meijer's Motion for Relief from

the Automatic Stay and for Waiver of Provisions of Fed.R.Bankr. P. 4001(A)(3), within 14 days,

you or your attorney must:

    1.  File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
226 West Second Street
Flint, Michigan 48502

If you mail your response to the court for filing, you must mail it early enough so that the

court will **receive** it on or before the date stated above.

You must also mail a copy to:

---

[1]  Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Timothy A. Fusco
Miller, Canfield, Paddock & Stone, PLC
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Timothy A. Fusco
Timothy A. Fusco (P13768)
150 West Jefferson, Suite 2500
Detroit, MI 48226
Phone: (313) 496-8435
Fax: (313) 496-8452
fusco@millercanfield.com

DATED: September 6, 2013

**EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

IN THE MATTER OF:

| | |
|---|---|
| CITY OF DETROIT, MICHIGAN | Chapter 9 |
| | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on September 6, 2013, he electronically filed the

***MOTION OF MEIJER, INC. FOR RELIEF FROM THE AUTOMATIC STAY AND FOR***

***WAIVER OF PROVISIONS OF FED.R.BANKR. P. 4001(a)(3)*** ("Motion") with the Clerk of the

Court using the ECF system which will send notification of such filing to all registered

participants in this matter.  The undersigned further certifies that he caused a copy of the Motion

to be served upon the following parties via First Class United States Mail:

Heather Lennox
Jones Day
222 East 41st Street
New York, NY 10017

Office of the U.S. Trustee
211 W. Fort Street
Detroit, MI 48226

Paula A. Hall
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009

     By: /s/ Timothy A. Fusco
       Timothy A. Fusco (P13768)
       150 West Jefferson, Suite 2500
       Detroit, MI  48226
       Phone: (313) 496-8435
       Fax: (313) 496-8452
       fusco@millercanfield.com

DATED: September 6, 2013