UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**  Chapter 9

CITY OF DETROIT, MICHIGAN,  Case No. 13-53846

Debtor.  Hon. Stephen W. Rhodes

_____/

**RESPONSE AND SUGGESTIONS OF THE OFFICIAL COMMITTEE OF RETIREES TO THE PROPOSED FEE REVIEW ORDER**

Comes now the Official Committee of Retirees, by its undersigned counsel, and for its Response and Suggestions to the Proposed Fee Review Order states:

**Summary**

The Retirees Committee was requested by the City and approved by the Court after representations by the City that the Committee could retain professionals who would be paid reasonable compensation by the City as determined by the Fee Examiner. This process was designed to protect the interests of the many thousands of retirees impacted by this bankruptcy and to minimize any appearance of undue influence by the City over the Retirees Committee. While the Retirees Committee supports the appointment of the Fee Examiner, certain changes need to be made to the proposed Fee Review Order to ensure that the Retirees Committee fully receives the protections to which they are entitled.

**Background**

1. The City of Detroit, Michigan (the "City") filed for relief under Chapter 9 of the Bankruptcy Code on July 18, 2013.

2. On July 19, 2013, the City filed a Motion, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees (the "Committee Motion"). [Dkt. No. 20].

3. Following a hearing on August 2, 2013, the Court entered an Order, Pursuant to Section 1102(a)(2) of the Bankruptcy Code Directing the Appointment of a Committee of Retired Employees. [Dkt. No. 279].

4. On August 19, 2013, the Court ordered the appointment of Robert M. Fishman as Fee Examiner in this case (the "Fee Examiner") [Dkt. 383] and ordered that the Fee Examiner file a Notice of Proposed Fee Review order by August 30, 2013.

5. The United States Trustee appointed the Official Committee of Retirees (the "Retirees Committee") on August 22, 2013. [Dkt. Nos. 566, 575].

6. The Retirees Committee formally retained the law firm of Dentons as its counsel on August 28, 2013. Brooks Wilkins Sharkey & Turco PLLC was retained by the Retirees Committee as its local counsel on September 3, 2013.

7. The Fee Examiner filed his Notice of Proposed Fee Review Order (the "Fee Review Order") on August 30, 2013. [Dkt. No. 697]. Responses are due by September 6, 2013, and the Court has scheduled a hearing on the proposed Fee Review Order on September 10, 2013 at 10:00 a.m.

8. The Retirees Committee supports the appointment of the Fee Examiner. The Retirees Committee also supports the proposed Fee Review Order, but with the changes discussed herein.

9. It is the understanding of counsel for the Retirees Committee that prior to submitting the Fee Review Order, the Fee Examiner made a good faith effort to review and

discuss the Fee Review Order with the City. Unfortunately, the Retirees Committee had yet to retain counsel when these discussions took place and did not have an opportunity to discuss the proposed Fee Review Order with the Fee Examiner before he needed to file it.

10. On September 4, 2013, counsel for the Retirees Committee had a positive and productive discussion with the Fee Examiner concerning several provisions of the proposed Fee Review Order. The Fee Examiner is considering the concerns raised by the Retirees Committee and the Committee is optimistic its issues can be resolved in advance of the hearing on the proposed Fee Review Order. To preserve its rights, however, the Retirees Committee submits this Response.

**Professionals Should Only be Required to Provide Their Complete Monthly Invoices to the Fee Examiner and Their Clients**

11. Paragraph 4 of the proposed Fee Review Order provides that each Professional, as defined therein, "must provide the Fee Examiner and the City with a complete copy of its respective monthly invoice, including detailed descriptions of the services rendered and costs advanced and a summary description, by category, of the work performed (the "Monthly Invoices")."

12. The proposed Fee Review Order also contemplates each Professional providing the Fee Examiner with redacted versions of their Monthly Invoices that the Fee Examiner will include in Quarterly Reports filed with the Court.

13. Professionals employed by the Retirees Committee should not be required to provide their complete (unredacted) Monthly Invoices to the City under any circumstance. The detailed descriptions of services rendered in those Monthly Invoices do (and will) contain highly confidential, attorney-client privileged information that cannot be shared with the City. Only the

3

Fee Examiner and the client(s) of a Professional should receive the complete Monthly Invoices and the proposed Fee Review Order should be modified accordingly.

**In Support of Entry of the Order Directing the Appointment of the Retirees Committee, the City Committed to the Payment of the Professionals of the Retirees Committee, and the Fee Review Order Should Reflect this Commitment.**

14. At the August 2, 2013 hearing on the City's Motion for an order directing the appointment of a Retirees Committee, the City acknowledged the need for that committee to engage legal and financial professionals, and that the City would need to pay them:

> "…in light of the special nature of this Committee [the Retirees Committee] that the City itself has sought, it is the City's current intent to pay for the reasonable fees and expenses of the committee professionals…."

Transcript 8/02/13 hearing, p. 116, beg. line 11.

15. The Court appreciated the City's commitment to compensate the professionals of the Retirees Committee:

> "The Court commends and accepts the City's offer to pay the reasonable expenses of the [Retirees Committee] and proposes that all such professional expenses be processed through the fee examiner process."

*Id.*, p. 120, beg. line 224.

16. The proposed Fee Review Order provides in Paragraph 11 that:

> Upon submission of a Monthly Invoice to the Fee Examiner, the City <u>may</u> pay <u>up to</u> eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses to the applicable Professionals. Upon the filing by the Fee Examiner of a Quarterly Report, the City <u>may</u> pay any remaining unpaid amounts respecting the Monthly Invoices covered by such Quarterly Report (emphasis added).

17. Therefore, in the proposed Fee Review Order, the City does not unequivocally commit to paying 85% of the requested fees and 100% of the requested expenses of a

Professional's Monthly Invoices. It says the City "<u>may</u> pay <u>up to</u>" 85% of fees and 100% of expenses. Similarly, the proposed Fee Review Order says only that the City "may" pay the remaining amounts. Nor does the City commit to any time frame within which the City must pay fees and expenses. Additionally, the Fee Review Order should provide for the prompt reimbursement of the reasonable out-of-pocket expenses incurred by the members of the Retirees Committee, who have and will continue to sacrifice significant time and energy on Committee matters. The Retirees Committee objects to the language of the proposed Fee Review Order and suggests that Paragraph 11 be changed to read as follows:

> Within thirty (30) days of the submission of a Monthly Invoice to the Fee Examiner, the City has agreed to pay eighty-five percent (85%) of the requested fees and one hundred percent (100%) of the requested expenses to the applicable Professionals. Within thirty (30) days of the filing by the Fee Examiner of a Quarterly Report, the City has agreed to pay any remaining unpaid amounts respecting the Monthly Invoices covered by such Quarterly Report. All reasonable out-of-pocket expenses incurred by members of the Retirees Committee in performance of their duties shall be reimbursed by the City within thirty (30) days of request by such Committee members.

**The Fee Examiner Should Also Have to Serve His Monthly Invoices on the Retirees Committee**

18. Paragraph 26 of the proposed Fee Review Order requires the Fee Examiner to only serve the City with his monthly invoice (the "FE Monthly Invoice"). The Fee Examiner has agreed to also serve the Retirees Committee with the FE Monthly Invoices and the Fee Review Order should be changed to reflect this.

### Conclusion

19. These suggested changes will assure the Retirees Committee that their professionals, and all other Professionals in this case, shall be regularly compensated by the City for their services in this important case.

5

13-53846-tjt    Doc 760    Filed 09/06/13    Entered 09/06/13 17:12:41    Page 5 of 6

WHEREFORE, the Official Committee of Retired Employees respectfully requests that the Court order the changes to the proposed Fee Review Order suggested herein.

Respectfully submitted,

By: /s/ Matthew E. Wilkins
Matthew E. Wilkins (P56697)
Paula A. Hall (P61101)
**Brooks Wilkins Sharkey & Turco PLLC**
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 971-1711; (248) 971-1801 – Facsimile
wilkins@bwst-law.com/hall@bwst-law.com

Dentons US LLP
Carol Neville
1221 Avenue of the Americas
New York, NY 10020
(212) 768-6700; (213) 768-6800 – Facsimile
Carole.neville@dentons.com

Dentons US LLP
Sam J. Alberts
1301 K Street, NW, Suite 600, East Tower
Washington, DC 20005-3364
(202) 408-7004; (202) 408-6339 – Facsimile
Sam.alberts@dentons.com

Salans FMC SNR Dentons Europe LLP
Claude D. Montgomery (P29212)
620 Fifth Avenue
New York, NY 10020
(212) 632-5500; (212) 632-5555 – Facsimile
Claude.montgomery@dentons.com

*Counsel for the Official Committee of Retirees*