UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Chapter 9
Case No. 13-53846-swr
Hon. Steven W. Rhodes

---

**RESPONSE OF THE RETIRED DETROIT POLICE MEMBERS
ASSOCIATION TO AUGUST 26, 2013 ORDER REGARDING
ELIGIBILTIY OJECTIONS, NOTICES OF HEARING
AND CERTIFICATIONS PURSUANT TO 28 U.S.C. § 2403 (a) AND (b)**

The Retired Detroit Police Members Association ("RDPMA"), by and through its attorneys, Strobl & Sharp, P.C., without acknowledging the jurisdiction of this Court, the constitutionality of the City of Detroit's ("Debtor" or "Detroit") Chapter 9 bankruptcy filing, or the eligibility of Detroit to relief under Chapter 9 of the Bankruptcy Code, hereby submits its response to the August 26, 2013 Order Regarding Eligibility Objections, Notices of Haring and Certifications Pursuant to 28 U.S.C. § 2403(a) and (b) (the "Order"), and states as follows,

1. On August 19, 2013, various parties filed objections to the eligibility of the City of Detroit to proceed as a Debtor under Chapter 9 of the Bankruptcy Code.

2. August 23, 2013 was set as the deadline for serving written discovery relative to the eligibility with responses due September 13, 2013.

3. The City of Detroit's response(s) to the objections is due on September 6, 2013.

4. On August 26, 2013, without the benefit of the response(s) filed by the City of Detroit and prior to the initial responses to written discovery, the Court entered the Order.

5. The Order identifies 7 objections asserted by various parties as raising strictly legal issues (the Legal Objections") and set oral argument on the Legal Objections for September 18, 2013. Eleven different parties raised one or more of the Legal objections.

6. As an initial point, the Order prematurely determines that certain objections raise strictly legal issues. The City of Detroit has not yet filed its response to the objections and discovery has not been completed.

7. The Order allocates 120 minutes to all 11 objecting parties to present their opening arguments on all Legal Objections and provides for 30 minutes of rebuttal. The Order allocates the identical amount of time to the City of Detroit for its argument and rebuttal.

8. Assuming that the 120 minutes is sufficient time for the objecting parties to present their arguments, clearly, not all of the objecting parties will be able to place all of their arguments on the record at the September 18th hearing.

9. The Order fails to preserve the potential appeal rights of the objecting parties that are not able to place their arguments on the record give the time constraints in the Order.

10. The objecting parties have had 3 weeks to coordinate the opening argument.

11. However, the Order fails to allow any time for the objecting parties to coordinate their rebuttal arguments.

12. The Order should allow time for the objecting parties to coordinate the rebuttal argument to be placed on the record.

**WHEREFORE**, the RDPMA requests that this Honorable Court revise the August 26, 2013 Order to (1) provide for discovery to be completed prior to the hearing on the Legal Objections identified by the Court, (2) provide that failure to place an argument on the record at the oral arguments does not constitute a waiver of a party's appeal rights on any and all objections preserved in that party's objection; and (3) allow time for the objecting parties to coordinate rebuttal arguments and granting such further and additional relief as deemed appropriate..

Respectfully Submitted,

**STROBL & SHARP, P.C.**

    /s/   Lynn M. Brimer
LYNN M. BRIMER (P43291)
MEREDITH E. TAUNT (P69698)
MALLORY FIELD (75289)
Attorneys for the Retired Detroit
Police Members Association
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
E-mail: mtaunt@stroblpc.com

Dated: September 6, 2013
*S&B\85244\001\PLDG\SB424893.DOCX