UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**COMMENTS OF THE DETROIT RETIREMENT SYSTEMS TO THE ORDER REGARDING ELIGIBILITY OBJECTIONS NOTICES OF HEARINGS AND CERTIFICATIONS PURSUANT TO 28 U.S.C. § 2403(a) & (b)**

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," together with PFRS, the "Retirement Systems") hereby submit these limited comments to the Order Regarding Eligibility Objections Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b) [Dkt. No. 642] (the "Order Regarding Eligibility Objections").[1]

**Oral Argument Time Allotment**

1. In accordance with its responsibilities under section IV of the Order Regarding Eligibility Objections, counsel for the Retirement Systems has, as of

---

[1] These Comments are filed subject to the reservations of rights in the Appearances filed by the undersigned counsel in this case, including the Retirement Systems' right to argue that this Court lacks subject-matter jurisdiction.

the date of these comments, communicated by telephone or electronic mail with counsel for all but two of the objecting parties asserting eligibility objections raising legal issues that are identified to be heard on September 18, 2013. Counsel for the Retirement Systems has also spoken with counsel for the Retiree Committee about the September 18, 2013 hearing.

2. From these discussions, it has become apparent that all counsel are committed to working collaboratively to coordinate the efficient presentation of arguments and the allocation of time for such presentation, and to avoid the duplication of arguments.

3. It has become equally apparent, however, that the amount of time allocated in the aggregate to the objecting parties for oral arguments (120 minutes for opening arguments and 30 minutes for rebuttal arguments) is likely to be insufficient to enable the objecting parties to reasonably present their arguments. This is due to the number and complexity of the issues and the sheer number of objecting parties. These difficulties are further complicated by the fact that the objecting parties have not yet had an opportunity to review the City's responsive briefing, which briefing may raise additional issues.

4. Accordingly, the Retirement Systems respectfully request that an additional 90 minutes for opening arguments and an additional 30 minutes for rebuttal arguments be allocated to the objecting parties at the hearing on the issues

identified in section II of the Order Regarding Eligibility Objections.  In light of the issues involved and the interests at stake, the Retirement Systems submit that such additional time is warranted and appropriate.

**Reservation of Claims/Issues**

5. Several parties have objected to the Court's characterization of the issues identified under section II of the Order Regarding Eligibility Objections. The Retirement Systems have taken the view that these characterizations were general and somewhat "short-hand" in nature and meant as a good-faith attempt to generally capture the various arguments of parties but was not intended to in any way limit the breadth of arguments that may actually be made that are thematically related to the general issue descriptions and which have been asserted in the parties' papers.  If the foregoing view is inaccurate, however, the Retirement Systems would object to the Order Regarding Eligibility Objections to the extent the issue descriptions therein exclude any issues raised in the Objection of the Retirement Systems to the City's eligibility [Dkt. No. 519] (the "Objection").

6. In the Objection, at pages 24-26, the Retirement Systems identified certain issues that they believe are appropriately before the Court at this juncture and reserved their right to argue various other issues subsequently.  Some of those reserved issues may include issues identified in the Order Regarding Eligibility

Objections, including, but not limited to, those described in section II, paragraphs 1 and 2 thereof. To the extent that the Court, pursuant to any hearing scheduled with respect to the current eligibility objections, does not rule on and/or does not need to rule on any issues reserved by the Retirement Systems, the Retirement Systems wish to make clear that they continue to reserve their right to argue those issues as and when they deem appropriate, as well as any other issue that may be raised by any party and/or ruled upon by the Court.

**Timing of Hearing**

7. The Court's original scheduling of pretrial and trial dates relative to all eligibility issues placed these matters on an expedited and ambitious schedule. Discovery has been expedited, and non-expert depositions are to be completed by September 23, 2013. To pull forward the October 23, 2013 hearing with respect to the issues identified in section II of the Order Regarding Eligibility Objections and place that hearing squarely in the middle of the parties' limited period to conduct depositions threatens to prejudice the parties' rights to take such discovery.

8. Moreover, as identified by the UAW [Dkt. No. 741] and AFSCME [Dkt. No. 747], there may indeed be facts pertinent to the issues scheduled for hearing on September 18, which facts are still subject to the ongoing discovery process. In the same vein, the Retirement Systems have requested document

production, admissions, and other discovery in connection with issues that are now scheduled for September 18. *See, e.g., Detroit Retirement Systems' First Request for Production of Documents Directed to the City of Detroit, Michigan* [Dkt. No. 613] and *Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit, Michigan* [Dkt. No. 611]. With responses from the City due on September 13, the Retirement Systems will have an unreasonably short amount of time to review such responses, and no time to seek supplemental responses or supplemental deposition testimony. As such, the Retirement Systems' rights are in danger of being abridged—and seemingly unnecessarily so, as the grounds for hastening the hearing to this degree are entirely unclear.

9. Finally, it is important to note that, in addition to the September 18 hearing and concurrent ongoing eligibility depositions and other discovery, there are, among other items on the crowded calendar: (a) a Court hearing on numerous issues on September 10; (b) a mediation session scheduled for September 17 with Judge Rosen and his mediation team; (c) discovery in connection with the City's proposed settlement of interest-rate swap liabilities (including a deposition on September 9 and several rebuttal depositions to be completed by September 19); and (d) an evidentiary hearing on the swap liability settlement scheduled for September 23 and 24. Again, the concurrent scheduling of these matters and the pace of the process threatens to prejudice the rights of the Retirement Systems and

others. Accordingly, the Retirement Systems concur in AFSCME's request for an adjournment of the September 18 hearing date. Dkt. No. 747.

**Correction in Section V**

10. The Retirement Systems also request that a correction to section V, paragraph 12 of the Order Regarding Eligibility Objections be made. Paragraph 12 references objections based upon bad faith under 11 U.S.C. § 921(c) and identifies an objection as being asserted by the Detroit Fire Fighters Association, the Detroit Police Offers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association at Docket No. 519. In fact, the eligibility objection at docket number 519 is the Retirement Systems' eligibility objection, which asserts an objection to the petition on the basis of 11 U.S.C. § 921(c). Paragraph 12 of the Order should be clarified to include both the Retirement Systems' eligibility objection [Dkt. No. 519] and the eligibility objection filed by the Retiree Association Parties [Dkt. No. 512].

**Request for Hearing**

11. The Retirement Systems respectfully request that these Comments be considered during the Court's hearing on September 10, 2013.

          Respectfully submitted,

          CLARK HILL PLC

          /s/ Robert D. Gordon
          Robert D. Gordon (P48627)
          Shannon L. Deeby (P60242)
          Jennifer K. Green (P69019)
          Evan J. Feldman (P73437)
          151 South Old Woodward Avenue, Suite 200
          Birmingham, Michigan 48009
          Telephone: (248) 988-5882
          Facsimile: (248) 988-2502
          rgordon@clarkhill.com
          sdeeby@clarkhill.com
          jgreen@clarkhill.com
          efeldman@clarkhill.com

Dated: September 6, 2013      *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 6, 2013, the Comments of the Detroit Retirement Systems to the Order Regarding Eligibility Objections Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b) were filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

> CLARK HILL PLC
>
> /s/ Robert D. Gordon
> Robert D. Gordon (P48627)
> Shannon L. Deeby (P60242)
> Jennifer K. Green (P69019)
> 151 South Old Woodward Avenue, Suite 200
> Birmingham, Michigan 48009
> Telephone: (248) 988-5882
> Facsimile: (248) 988-2502
> rgordon@clarkhill.com
>
> *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

Dated: September 6, 2013