UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re                                                   Chapter 9

CITY OF DETROIT, MICHIGAN,                              Case No. 13-53846

                                    Debtor.             Hon. Steven W. Rhodes
_____/

### SHIRLEY A.SCOTT'S RESPONSE TO DEBTOR'S MOTION AND BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes the Creditor, Shirley A. Scott, and in response to the Debtor's Motion and

Brief in Opposition to Motion for Relief from Automatic Stay Filed by Shirley A. Scott, states as

follows:

"The Bankruptcy Code does not define "cause" as used in [section] 362(d)(1). Therefore,

under [section] 362(d), courts must determine whether discretionary relief is appropriate by case

basis." Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods.,

Inc.), 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (quoting Laguna Assocs. L.P. v. Aetna

Casualty & Surety Co. (In re Laguna Assocs. L.P.), 30 F.3d 734, 737 (6th Cir. 1994)).  The

determination of whether to grant relief from the Automatic Stay "resides within the sound

discretion of the Bankruptcy Court."  Sandweiss Law Center,P.C. v.Kozlowski (In re Bunting),

No.12-10472, 2013 WL 153309, at *17 (E.D. Mich. Jan. 15, 2013) quoting In re Garzoni, 35 F.

App'x 179,181 (6th Cir. 2002)).

> To guide the bankruptcy court's exercise of its discretion…the Sixth Circuit identifies
> five factors for the court to consider:  (1) judicial economy; (2) trial readiness; (3) the
> resolution of the preliminary bankruptcy issues; (4) the creditor's chance of success on
> ~~the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate~~
> and the impact of the litigation on other creditors." ( Debtor's Brief pg. 3)

With respect to the first and third factors, "The City intends to file its amended creditor list in accordance with sections 924 and 925 of the Bankruptcy Code as soon as practicable. Thereafter, the City will seek the establishment of a bar date for claims and send notice of such to creditors. The Plaintiff's claim can be resolved most efficiently through the claims resolution process. As noted the claims process is a fundamental aspect of the bankruptcy process." (Debtor's Brief pgs. 4 and 5) The District Court scheduled the Defendants' Motion for Judgment on the Pleadings for October 17, 2013, and closed the case because of the Automatic Stay (See Attachment "A"). Without a hearing in the Bankruptcy Court or a ruling from the District Court, how will the Bankruptcy Court conclude that the Plaintiff is entitled to be a Creditor in the Claims Process when there is no judgment or ruling in favor of the Plaintiff? The Plaintiff will be prejudiced and the Creditor body at large will not receive equal treatment if the Automatic Stay is not lifted with respect to the hearing in the Plaintiff's case.

With respect to the second factor, the Debtor's attorney states "the Lawsuit is in its preliminary stages and is not ready for trial … As such, the Lawsuit has not advanced beyond the pleading stage, and discovery has not yet even commenced" (Debtor's Brief pg. 5). Please note the following in Attachment "B":

- Scheduling Order

- Notice of Deposition Duces Tecum of Plaintiff

- Notice of Withdrawal of Counsel

- Plaintiff's Request for Production

The case was scheduled for trial in accordance with the Scheduling Order.

With respect to the fourth factor, the Plaintiff's Response identifies the elements of retaliation (See Attachment "C"). The Court and not the Plaintiff or the Debtor's Attorney

will rule on the merits in the case. The Plaintiff will be prejudiced if the Defendants' Motion is not heard in the District Court. The Court will rule whether the Plaintiff has a valid claim of ~~retaliation for seeking to enforce a federal law, Section 3 of the HUD Act of 1968.~~ The Plaintiff has provided the Defendants with a Section 3 Guidebook and Section 3 Policies and Procedures to enforce Section 3 Compliance. Attachment "D" includes the following:

- City council unanimously passed a Resolution on November 23, 2010, urging the City to adhere to Section 3 Compliance;

- A former director of Planning and Development, Douglas Diggs, acknowledged Plaintiff's "push for Section 3 compliance" in a memo dated 9-1-11. Unfortunately, Mr. Diggs did not support Plaintiff's efforts when he was the director of Planning and Development (P&DD);

- The Defendants created a City of Detroit HUD Section 3 Compliance Office to monitor compliance with Section 3, and hired untrained individuals to perform the duties of a Compliance Officer. One of the compliance officers did not have a bachelor's degree, which was a requirement. The Compliance Office monitored compliance for Demolition activities for the State and not the City of Detroit as stated in the "Announcement";

- HUD suspended the City of Detroit's federal funding as stated in a memo from the divisional manager of Financial and Resources Management (FRM) Division in P&DD, Val Miller. P&DD is the Administrative Offices of federal funds. The Plaintiff tried to prevent HUD from suspending the federal funds for non-compliance, but could not do so alone without the support of the Defendants;

- The Plaintiff believes she has been retaliated against in the form of promotional opportunities for seeking to enforce Section 3 requirements. After the Plaintiff retired April 10, 2013, P&DD posted two (2) Manager II positions in May 2013. The Plaintiff

provided direction, plans, and management and coordination skills needed to administer Section 3 requirements, an essential service area of Planning and Development (P&DD), and Planning would not pay Plaintiff out-of-class, promote or post a General Manager's position for the Plaintiff, and give Plaintiff a staff person to assist in carrying out Section 3 Compliance. Just as demolition of vacant, blighted structures is an essential service of Buildings and Safety Engineering, so are contractual opportunities and the creation of jobs an essential service for P&DD. The federal funding requires the City to comply with federal laws with respect to the awarding of contracts and monitoring for compliance.

With respect to the fifth factor, the City of Detroit has its own Law Department to address employment issues; and because the Plaintiff has retired from the City, Plaintiff suggested a contractual position as a General Manager to carry out the essential services needed in P&DD. The Plaintiff's recommendation should be included in the restructuring process in an effort to prevent the recurrence of a suspension of federal funds. The City of Detroit receives 100% City Funds, 100% Federal Funds, and 100% State Funds, if the federal funds are suspended, the City will deplete its other funding sources.

WHEREFORE, it is respectfully prayed that this Honorable Court allow the Automatic Stay to be lifted, because this is an exceptional case, so that the Defendants' Motion can be heard in the District Court. The Bankruptcy Court will then be able to determine if the Plaintiff is a Creditor in the Bankruptcy Court proceedings.

Dated: September 6, 2013

_Shirley A. Scott_
Shirley A. Scott
15654 Spring Garden
Detroit, MI 48205

4

ATTACHMENT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Shirley A Scott,

                              Plaintiff(s),

v.                                              Case No. 2:12−cv−14048−SFC−MAR
                                                Hon. Sean F. Cox
Detroit, City of, et al.,

                              Defendant(s),

_____

### NOTICE OF MOTION HEARING

   You are hereby notified to appear before District Judge Sean F. Cox at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan.  Please report to Room 252.  The following motion(s) are scheduled for hearing:

          Motion for Judgment − #31

     • MOTION HEARING:  October 17, 2013 at 02:00 PM

### Certificate of Service

   I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

                              By: s/J. McCoy
                                   Case Manager

Dated:   July 9, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shirley A. Scott,

                Plaintiff,

V.

Case No. 12-14048
Honorable Sean F. Cox

City of Detroit, Mayor Dave Bing,
Marja Winters and Valeria Miller,

                Defendants.

_____/

I hereby certify that the foregoing is
a true copy of the original on file in this
Office.
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BY: _____
                    Deputy

## ORDER OF REMOVAL OF ACTION
## AS A PENDING MATTER

The Court having been informed that the Defendants have instituted bankruptcy proceedings,

thereby commencing a stay of proceedings in this civil action pursuant to 11 U.S.C. § 362(a)(1); and

it further appearing to the Court that such stay will remain in effect for a substantial period of time;

and there existing a possibility that at the close of such stay this matter will either voluntarily

dismissed by the parties or abandoned by the parties without notice to the Court; and there appearing

to be no further reason at this time to maintain the file as open one for statistical purposes;

**IT IS ORDERED** that the Clerk close this matter for statistical purposes. Nothing contained

in this Order or the related docket entry shall be considered a dismissal or disposition of this matter,

and, should further proceedings become necessary or desirable, any party may initiate them upon

termination of the stay of proceedings in the same manner as if this order had not been entered, and

the Court will order that the matter be reopened for statistical purposes.

**IT IS SO ORDERED.**

Dated:  July 29, 2013                                    S/ Sean F. Cox
                                                                    Sean F. Cox
                                                                    U. S. District Court Judge


I hereby certify that on July 29, 2013, the foregoing document was served upon counsel of record by electronic means and upon Shirley Scott by First Class Mail at the address below:

Shirley A Scott
15654 Spring Garden St.
Detroit, MI 48205


Dated:  July 29, 2013                                    S/ J. McCoy
                                                                    Case Manager

ATTACHMENT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I hereby certify that the foregoing is a true copy of the original on file in this Office.

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BY: _____ Deputy

SHIRLEY A. SCOTT,

                    Plaintiff(s),

v.

THE CITY OF DETROIT, et al.,

                    Defendant(s).

_____/

Case Number: 12-14048

Hon.  Sean F. Cox

**PARTIES ARE DIRECTED TO PROVIDE A HARD COPY (ON ONE SIDE ONLY) OF ALL MOTIONS, RESPONSES, REPLIES AND EXHIBITS, TABBED, TO CHAMBERS**

## SCHEDULING ORDER

This cause having come before the Court pursuant to Rule 16, Fed. R.Civ.P., the Court therefore enters the following schedule controlling the progress of this case:

**NOW THEREFORE, IT IS ORDERED that:**

**WITNESSES.**  All witnesses to be called at trial shall be listed by: **JULY 19, 2013**

**DISCOVERY.**  All discovery shall be completed by: **AUGUST 19, 2013**

**MOTIONS.**  No motions may be filed after: **SEPTEMBER 20, 2013**
***SEE ATTACHED PRACTICE GUIDELINES BEFORE FILING ANY MOTION*** If you fail to comply with those guidelines, the motion (or response) will not be considered as timely and will not be heard.

**FINAL PRETRIAL.**  Final Pretrial is scheduled for: **JANUARY 7, 2014 2:00 p.m.**

A proposed Joint Pretrial Statement signed by counsel for all parties, shall be filed with the Court **one week prior** to the Final Pretrial Conference.  The requirements of such a pretrial order are attached. *All requirements must be complied with.*

*Note: Because the main focus of the **Final Pretrial Conference** will be on settlement, counsel must bring their **clients** and any persons with **full settlement authority up to Plaintiff's demand** with them to the conference and any **settlement conferences**.  If you have any questions concerning this matter, please call my Case Manager at (313) 234-2653.

**TRIAL** is scheduled for the months of:  **JANUARY/FEBRUARY 2014**

DATE: March 19, 2013

                    s/ SEAN F. COX
                    UNITED STATES DISTRICT JUDGE

Copies to: **The attorneys of record via electronic means and Shirley Scott, via First Class Mail at Cadillac Towers Bldg, 65 Cadillac Square, Ste 1200, Detroit, MI 48226**