# Exhibit A

Form 250, Subpoena in a Case under the Bankruptcy Code (12/06)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re: City of Detroit

Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.* 13-53846

Chapter 9

To: State of Michigan
% Attorney General
G. Mennen Williams Building, 7th floor
525 W. Ottawa
Lansing, MI 48909
See attachment for matters of examination

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| United Auto Workers<br>8000 E. Jefferson<br>Detroit, MI 48214 | September 12, 2013  3:00pm |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attachment

| PLACE | DATE AND TIME |
|---|---|
| United Auto Workers<br>8000 E. Jefferson<br>Detroit, MI 48214 | September 12, 2013  3:00pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

ISSUING OFFICER SIGNATURE AND TITLE  
*[signature]* — attorney

DATE 8-23-13

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER  
William Wertheimer  
30515 Timberbrook Lane, Bingham Farms, MI 248-644-9200

Niraj Ganatra, UAW  
8000 E. Jefferson, Detroit, MI 48214 313-926-5216

* If the bankruptcy case is pending in a district other than the district in which the subpoena is i[ssued]

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/23/2013 | George W. Romney Building<br>111 S. Capitol<br>Lansing, Michigan 48933 |
| SERVED ON (PRINT NAME)<br>*Samantha Simons* — Executive Assistant Samantha Simons | | MANNER OF SERVICE<br>Personal |
| SERVED BY (PRINT NAME)<br>Renee Rodgers | | TITLE<br>Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8/23/2013
DATE

*Renee Rodgers*
SIGNATURE OF SERVER

18770 Farmington Rd., Livonia, MI 48152
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

Case No. 13-53846
Honorable Steven W. Rhodes

## ATTACHMENT TO SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM*, INCLUDING RULE 30(b)(6) MATTERS FOR EXAMINATION

### Introductory Statement

If the subpoenaed party's counsel has questions about this subpoena, or if counsel issuing the subpoena can otherwise facilitate production, the subpoenaed party's counsel is encouraged to contact issuing counsel.

### Instructions and Definitions

1. The time period covered by these requests is 1 September 2012 to the present.

2. These subpoena requests are continuing in nature, as long as the Bankruptcy Court's stay extension order (docket 166) is in effect. Documents sought by these requests that are obtained after you serve your answers must be produced by supplemental answers or productions.

3. Please produce responsive documents as they have been kept in the usual course of business, or organize and label the documents to respond to the enumerated requests.

4. If you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object.

5. If any privilege is claimed as a ground for not producing a document, provide a description of the basis of the claimed privilege and all information necessary for the Court to access the claim of privilege in accordance with applicable federal rules.

6. In the event that any document called for hereby was formerly in your possession custody or control and has been lost or destroyed, that document is to be identified in writing as follows: (1) addressor, addressee, person who prepared the document; (2) subject matter; (3) date of loss or destruction; and (4) if destroyed, the manner of destruction, reason for destruction and

person destroying the document. In providing pension information, please do not provide name, SS numbers ore other identifying information.

7. In providing pension information, please do not provide names, SS numbers or other identifying information.

8. **Communication** – When used in these subpoena requests, the term "communication" means any oral or written exchange or transmission of information by any means, including without limitation face-to-face conversation, mail, overnight delivery, internet, telephone, electronic mail or facsimile.

9. **Document** - When used in these subpoena requests, the term "document" shall have the broadest possible meaning ascribed to it by Federal Rule of Civil Procedure 34.

10. **Governor's aides and agents** - When used in these subpoena requests, the term the "Governor's aides and agents" includes, but is not limited to Dennis Muchmore (Chief of Staff), John Roberts (Deputy Chief of Staff), Richard Baird (Transformation Manager) and Allison Scott (Executive Director to the Governor).

11. **Relating to** - When used in these subpoena requests, a document, thing or communication "relating to" a given subject means all documents, things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

## Rule 30(b)(6) Matters for Examination

Please designate one or more officers, directors, managing agents or their equivalents to testify on the following matters about information known or reasonably available to the State:

1. The content of communications between the Governor and the State Treasurer and their aides and agents and the legislative branch relating to the legislation that became 2012 PA 436, including but not limited to communications that considered the issue of the interplay of Article 9, Section 24 of the Michigan Constitution specifically or vested pension benefits generally with this legislation.

2. The content of communications between the Governor and the State Treasurer and their aides and agents and any outside parties, including but not limited to anyone at Jones Day and Kevyn Orr relating to the subject of the impact of Article 9, Section 24 of the Michigan Constitution on the Detroit financial situation generally and a bankruptcy filing particularly.

3. The reason(s) the Governor decided not to place contingencies on this bankruptcy filing as expressly permitted by Section 18(1) of 2012 PA 436, particularly why no contingency related to Article 9, Section 24 of the Michigan Constitution was placed on the filing.

4. The reason(s) the Governor included the following statement in his 18 July 2013 Authorization to Commence Chapter 9 Bankruptcy Proceeding: "Federal law already contains the most important contingency—a requirement that the plan be legally executable. 11 U.S.C. 943(b)(4)."

### Request for Documents:

Please produce the following:

1. All documents or communications relating to Governor Rick Snyder's and State Treasurer Andy Dillon's and their aides and agents' (including members of the Governor's office of Legislative Affairs) communications with state legislators regarding the legislation that became 2012 PA 436, including but not limited to communications that considered the issue of the interplay of Article 9, Section 24 of the Michigan Constitution specifically or vested pension benefits generally with this legislation.

2. All documents or communications relating to pensions of and pension plans for active and retired employees of the City of Detroit and its component units, and/or to Article 9, Section 24 of the Michigan Constitution created during the requested time period, including all documents and communications that discuss, relate to or constitute any communications with any investment bankers, financial advisors, actuaries or actuarial consulting firms, or accounting firms relating to the City of Detroit and pension benefits including pension funding and contributions to the General Retirement System.

3. All documents or communications regarding a chapter 9 filing by the City of Detroit, including the authorization for filing the chapter 9 petition in this case, that were sent by, sent to or received by or between any of the following: Governor Rick Snyder, State Treasurer Andy Dillon, any of the Governor's aides or agents, anyone at Jones Day; any other outside legal, financial or actuarial consultant; Detroit City Mayor Dave Bing and/or any staff member of his office; and, following the appointment of the Detroit Emergency Manager, the Emergency Manager and/or any staff member of his office or any legal, financial or actuarial advisors consulted by the City, or the Detroit Emergency Manager.

4. All documents or communications regarding the appointment of any Emergency Managers for the City of Detroit sent by, or sent to or received by any of the following: Governor Rick Snyder and/or any of the Governor's aides or agents; Richard Baird; Detroit City Mayor David Bing and/or any staff member of his office; and the Detroit Emergency Manager and/or any staff member of his office, including any legal, financial or actuarial advisors consulted by the City, or the Detroit Emergency Manager.

5. All documents or communications relating to the Governor's decision to authorize the filing of a chapter 9 bankruptcy petition, including but not limited to those that preceded the 16 July 2013 request from the Detroit Emergency Manager or his office; the City of Detroit's eligibility to file under chapter 9, and the Detroit Emergency Manager's request for authorization to file a chapter 9 petition.

6. All documents or communications relating to the Governor's decision not to place contingencies on this bankruptcy filing as expressly permitted by Section 18(1) of 2012 PA 436, including documents or communications relating to any consideration of whether contingencies should be included in light of Article 9, Section 24 of the Michigan Constitution.

7. All documents or communications relating to the Governor's decision to include the following statement in the 18 July 2013 Authorization to Commence Chapter 9 Bankruptcy Proceeding: "Federal law already contains the most important contingency—a requirement that the plan be legally executable. 11 U.S.C. 943(b)(4)."

8. All documents or communications relating to the 14 June 2013 Detroit Emergency Manager's "Proposal For Creditors," as the Proposal relates to pension benefits, contributions to the General Retirement System, funding for pension benefits, and retiree health benefits matters, including but not limited to documents relating to the development of the Proposal's terms with respect to the General Retirement System, freezing pension accruals, accrued pension benefits and retiree health benefits.

9. All documents or communications relating to the 14 June 2013 City of Detroit "Executive Summary" as it relates to pension benefits, contributions to the General Retirement System, funding for pension benefits, and retiree health benefits matters, including but not limited to documents relating to the development of the terms with respect to the General Retirement System, freezing pension accruals, accrued pension benefits and retiree health benefits.

10. All documents or communications relating to the City of Detroit June 20, 2013 "Retiree Legacy Cost Restructuring Non-Uniform Retirees," as it relates to pension benefits, contributions to the General Retirement System, funding for pension benefits, and retiree health benefits matters, including but not limited to documents relating to the development of the "Objectives for Retiree Health Care Restructuring," "Proposed Retiree Health Care Restructuring and all sections related to pensions.

11. All documents or communications obtained by you from any source during the course of any investigation of the City, the State of Michigan, any governmental unit or government official or employee regarding or related to the City of Detroit's eligibility to file a chapter 9 bankruptcy case.

12. All documents or communications that discuss or relate to any compliance or non-compliance by the City with any pension or retiree health benefits obligations of the City, or and labor agreements, including, without limitation, collectively bargained agreements.