# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Chapter 9
Case No. 13-53846-swr
Hon. Steven W. Rhodes

### CREDITOR, RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S AMENDED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE STATE OF MICHIGAN

RETIRED DETROIT POLICE MEMBERS ASSOCIATION ("RDPMA"), by and through its attorneys, Strobl & Sharp, P.C., submits the following Amended First Request for Production of Documents, electronically stored information and tangible things directed to the State of Michigan. The answers must be served upon the undersigned attorney on or before the date set by the Court. The answer should be signed and sworn to by the person making the answers to these Requests. However, the answers should include information obtained by and available to said party and all agents, servants, employees, representatives, private investigators or others who are in possession or may have information for or on behalf of said party. These Requests shall be deemed continuing and supplemental answers shall be required immediately upon receipt thereof, if said party directly or indirectly obtains further or different information from the time the Answers are served to the time of Trial.

### DEFINITIONS

For the purpose of these Requests and answers thereto, the following definitions shall apply:

1. "Document" means any paper or other writing and any item of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential", "privileged", or otherwise restricted, wherever located, whether an original or a

1

copy, including but not limited to agreements, contracts, financial statements, invoices, minutes, work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews, or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimonies, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records, interoffice communications, files, electronic data processing cards, tapes, printouts, papers or other recordings, CD-ROMs, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertising, circulars, mailings and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the original or any other copy not containing such material within the foregoing definition.

2. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form or legal entity.

3. "You" or "Your" shall mean and include the State of Michigan, its elected officials, employees, agents, staff, servants and attorneys and shall also include Emergency Financial Manager Kevin Orr and his employees, agents, staff, servants and attorneys, as well as all attorneys and employees of the office of the Michigan Department of Attorney General, and any other related or affiliated entity, as well as all officers, employees, members, agents and representatives acting on behalf of such entities.

4. To "identify" a document (as hereinabove defined) or any other thing means to state its type (*e.g.*, letter, memorandum, periodical) or otherwise describe it, and in addition supply the following information with respect thereto, where applicable:

(a) the identity of the person who prepared it;

(b) the identity of the person who signed it or in whose name it was issued;

(c) the identity of the person to whom it was addressed or distributed;

(d) the nature and substance of the writing with sufficient particularly to enable it to be identified;

(e) the date, and if it bears no date, its approximate date;

(f) its physical location, the name and address of its custodian or custodians, and when it came into your possession or control, if such is the case;

(g) if any such document was, but is no longer in your possession or subject to your control, "identify" includes a description of what disposition was made of it and the identity of the person who presently has custody of it; and

(h) the specific portions of such document, if less than all of such document, which relates to, supports or is relied upon with reference to the subject of the specific inquiry.

5. To "identify" or provide the "identity" of a person or entity, please provide the following:

As to an individual, state his or her

(a) full and customarily used name;

(b) present or last known residence and business address; and

(c) present or last known employer and position(s) held with that employer.

As to an entity or any person other than an individual, state

(a) its legal name and any other names used by it;

(b) the form or manner of its organization (*e.g.*, partnership, corporation, etc.); and

(c) its address and principal place of business.

6. To "identify" a verbal communication shall mean to state with respect thereto:

(a) the identity of each person who participated in the communication and the name of each person who was present at the time it was made;

(b) by whom each such person was employed and whom each such person represented or purported to represent making such communication;

(c) the date when such communication took place;

(d) the place where such communication took place.

(e) what each person said, or if not known, the substance thereof; and

(f) the identification of each document pertaining to such verbal communication.

7. To "identify" a place, geographical area or location shall mean to state the number, street, municipality, state or province and country if without the United States wherein such place or geographical area is located.

3

8. "Communication," unless otherwise modified, shall mean both verbal communication and communication by document (as hereinabove defined).

9. "To "describe," "describe in detail," "state," or "state in detail" shall mean to relate as completely as possible each and every act, omission, incident, event, condition, circumstance or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to:

    (a)    identify all documents directly or indirectly related thereto;

    (b)    identify all communications directly or indirectly related thereto;

    (c)    identify all persons directly or indirectly related thereto; and

    (d)    identify all locations applicable to any events, incidents, conditions, circumstances or things directly or indirectly related thereto.

10. "Date" means the exact day, month and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

## INSTRUCTIONS

1. Each answer given in response to a Request shall identify the number of the Request and, if relevant, any subpart being responded to.

2. Each of the Requests is intended to be a continuing request and it is demanded that in the event at a later date you obtain any additional facts or form any conclusions, opinions, or intentions different from those set forth in your answers, you shall amend your answers to these Requests promptly and sufficiently in advance of any trial to set forth such facts, conclusions, opinions, or intentions.

3. If you know of the existence, past or present, of any document described in any request for production but are unable to produce such document because it is not presently in your possession, custody or control, you shall so state and shall identify such document in response to the request for production in question. Further, you shall:

    (a)    specify the nature of the document (such as, for example, a letter, telegram, memorandum, etc.).

    (b)    state the date, if any, appearing on the document or, if none, the date that such document was prepared.

    (c)    identify each person, if any, who was an addressee thereof, whether or not the name of such person appears on the document.

4

(d) state whether the document is still in existence.

(e) identify each person who presently has possession, custody or control of the document.

(f) identify each person who has read or examined all or any portion of the document.

(g) state the reason or reasons for the preparation of the document.

(h) state the location or locations where the document was prepared.

(i) if the document was at any time transmitted by one person to another, state their names and the location of the person transmitting the document at the time of transmittal and the location of the person receiving same at the time of receipt.

(j) describe in general the subject matter of the document.

4. If relevant, state in detail each fact upon which you base your contention that a document is protected by the attorney-client privilege and/or the work product doctrine.

5. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and in similar fashion, the use of the masculine form of a pronoun shall be construed to also include within its meaning the feminine form of the pronoun, and vice versa; and in a similar fashion, the use of any tense of a verb shall be construed to also include within its meaning all other tenses of the verb so used.

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please provide for inspection and copying any and all correspondence or other written communication, whether hard copy, electronic or otherwise, between Kevin Orr, Emergency Manager ("Orr"), or any agent, employee or counsel on his behalf to or from Richard D. Snyder, Governor of the State of Michigan (hereinafter "Snyder") or any agent, employee or counsel on his behalf regarding, referring or relating to the Chapter 9 Bankruptcy Petition filed in this matter on or about July 17, 2013, whether such correspondence or other communication was before or after the date the Petition was filed in this matter.

5

**RESPONSE:**

**REQUEST NO. 2:** Please provide for inspection and copying any and all correspondence or other written communication, whether hard copy, electronic or otherwise, between Kevin Orr, Emergency Manager ("Orr"), or any of his employees, agents, staff, servants and attorneys to or from Andrew "Andy" Dillon, Treasurer of the State of Michigan (hereinafter "Dillon") or any or any of his employees, agents, staff, servants and attorneys regarding, referring or relating to the Chapter 9 Bankruptcy Petition filed in this matter on or about July 17, 2013, whether such correspondence or other communication was before or after the date the Petition was filed in this matter.

**RESPONSE:**

**REQUEST NO. 3:** Please provide for inspection and copying any and all correspondence or other written communication, whether hard copy, electronic or otherwise, between Kevin Orr, Emergency Manager ("Orr"), or any of his employees, agents, staff, servants and attorneys to or from Bill Schuette, Attorney General of the State of Michigan (hereinafter "Schuette") regarding, referring or relating to the Chapter 9 Bankruptcy Petition filed in this matter on or about July 17, 2013, whether such correspondence or other communication was before or after the date the Petition was filed in this matter.

**RESPONSE:**




**REQUEST NO. 4:** Please provide for inspection and copying any and all reports or memoranda of meetings of any agent of the State of Michigan with Kevin Orr, Emergency Financial Manager, or his employees, agents, staff, servants and attorneys regarding, referring or in any way relating to the Petition filed in this matter.

**RESPONSE:**




**REQUEST NO. 5:** Please provide for inspection and copying any and all documents analyzing which was the appropriate or best time to file the Chapter 9 Petition in this matter, including the impact the various possible times for filing such Petition would have on all the various creditors of the City of Detroit, including, but not limited to RDPMA.

**RESPONSE:**

**REQUEST NO. 6:** Please provide for inspection and copying any and all documents in possession of the State of Michigan, or any of its employees, agents, staff, servants and attorneys regarding any and all possible alternatives to filing a Chapter 9 Bankruptcy Petition.

**RESPONSE:**

**REQUEST NO. 7:** Please provide for inspection and copying any and all correspondence or other written communication, whether hard copy, electronic or otherwise, between Kevin Orr, Emergency Manager, or any agent, employee or counsel on his behalf to or from Snyder or any agent, employee, staff member, servant or attorney on his behalf regarding the possible appointment of Kevin Orr as Emergency Manager of the City of Detroit and prior to such appointment.

**RESPONSE:**

8

**REQUEST NO. 8:** Please provide for inspection and copying any and all documents, including internal memoranda prepared by Snyder, Dillon or Schuette, their employees, agents, staff, servants and attorneys regarding possible alternatives to a Chapter 9 filing prior to the filing of the Petition in this matter.

**RESPONSE:**

Respectfully Submitted,

**STROBL & SHARP, P.C.**

By:    /s/   Lynn M. Brimer
     LYNN M. BRIMER (P43291)
     MEREDITH E. TAUNT (P69698)
     MALLORY FIELD (75289)
Attorneys for the Retired Detroit
Police Members Association
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
E-mail: lbrimer@stroblpc.com
         mtaunt@stroblpc.com
         mfield@stroblpc.com

Dated: September 9, 2013
J:\DOCS\85244\001\DISC\SB425583.DOCX