# EXHIBIT B



1 of 3 DOCUMENTS

JOHN NIX, As Conservator & Executor of the Estate of John R. Master and individually; REBEKAH DEAMON; RICHARD KLEIN, Plaintiffs-Appellants, v. JACK SWORD, CAROLE SWORD, MICHAEL DOBRONOS, LYDIA DOBRONOS, MICHAEL HERYAK, AND MARLETTA HERYAK, Defendants-Appellees.

No. 00-3033

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*11 Fed. Appx. 498; 2001 U.S. App. LEXIS 11328*

May 24, 2001, Filed

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** On Appeal from the United States District Court for the Northern District of Ohio. 94-00849. Nugent. 12-03-99.

**DISPOSITION:** AFFIRMED.

**COUNSEL:** For JOHN H. NIX, Plaintiff - Appellant: Harold Pollock, Harold Pollock Co., Cleveland, OH.

For JACK G. SWORD, CAROLE H. SWORD, Defendants - Appellees: David M. Maistros, Chagrin Falls, OH.

For MICHAEL DOBRONOS, LYDIA DOBRONOS, Defendants - Appellees: Anthony J. Damelio, Glen H. Garrett, Ziegler, Metzger & Miller, Cleveland, OH.

**JUDGES:** Before: MARTIN, Chief Judge; MOORE, Circuit Judge; TARNOW, * District Judge.

   *   The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

**OPINION**

[*499] **I. Introduction**

*PER CURIAM.* On April 22, 1994, John Master, John Nix, Rebekah Deamon and Richard Klein ("Plaintiffs") filed this action alleging: (1) illegal [**2] wiretapping in violation of the Federal Wiretap Act, *18 U.S.C. §§ 2511-2520*, and Federal Communications Act of 1934, *47 U.S.C. § 605*; (2) illegal wiretapping in violation of *Ohio Revised Code §§ 2933.51 - 2933.65*; (3) conspiracy to invade privacy and invasion of privacy through the recording of private telephone communications; (4) illegal wiretapping and conspiracy to conceal such wiretapping in violation of the Ohio Corrupt Activity Act, *O.R.C. § 2923.32*, and R.I.C.O., *18 U.S.C. § 1964*; and (5) intentional infliction of emotional distress.

This suit arose from events surrounding John Master's intent to develop a tract of land adjacent to his home. Plaintiffs accused Jack and Carole Sword and Michael and Lydia Dobronos ("Defendants") of wiretapping his phone in an attempt to subvert the development.

Throughout the course of litigation, the district court issued several discovery rulings, including a protective order as to Congressman Martin Hoke. Subsequently, the district court granted summary judgment in favor of Jack and Carole Sword and Michael and Lydia Dobronos. Plaintiffs challenge the district court's decisions [**3] limiting discovery and granting summary judgment.

The Plaintiffs filed a timely notice of appeal. On appeal, they argue that the district court erred on a number of grounds: 1) the court abused its discretion by improperly restricting the scope of discovery; 2) the court erroneously granted summary judgment without allowing further discovery; and 3) the court erred by granting summary judgment, because a genuine issue of material fact precluded such disposition.

For the following reasons, this Court AFFIRMS the district court's decisions.

**II. Discussion**

The Plaintiffs' arguments can be divided into two categories. Plaintiffs contest: 1) the district court's determinations regarding discovery, especially the protective order as to Congressman Hoke; and 2) the district court's grant of summary judgment.

**A. Discovery Arguments**

We review a district court's decision to grant a protective order for abuse of discretion. *See Coleman v. American Red Cross, 979 F.2d 1135, 1138 (6th Cir. 1992).* [*500]

Plaintiffs argue that the district court abused its discretion by restricting the scope of discovery throughout the entire lawsuit. In their briefs, however, Plaintiffs [**4] not only fail to specify which discovery decisions they are contesting but also fail to cite to the record. Plaintiffs' notice of appeal provides some guidance though, listing only three discovery decisions as issues on appeal. These decisions include the district court's (1) May 7, 1997 order denying them access to the insurance communications of Michael and Marletta Heryak; (2) June 5, 1997 order denying them access to the insurance communications of Jack and Carole Sword; and (3) February 13, 1996, and June 14, 1999 orders granting and upholding Martin Hoke's motion for a protective order. As this circuit has repeatedly recognized, an appellant who "chooses to designate specific determinations in its notice of appeal" may raise only such determinations on appeal; therefore, we review only the three discovery decisions listed in Plaintiffs' notice of appeal. *Crawford v. Roane, 53 F.3d 750, 752 (6th Cir. 1995)* (citation and quotation omitted).

We easily dispose of Plaintiffs' first two challenges to the district court's discovery rulings. First, because Plaintiffs voluntarily dismissed the Heryaks from this appeal with prejudice, we need not review the district court's [**5] May 7, 1997 order denying access to the Heryaks' insurance communications. Second, because Plaintiffs failed even to present arguments to us regarding the district court's June 5, 1997 order denying access to the insurance documents of Michael and Lydia Dobronos, we deem that argument waived. *See McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997).*

Finally, we affirm the district court's orders granting and upholding former Congressman Hoke's motion for a protective order. Although the district court erred in its imposition of the burden of establishing good cause for the protective order on the nonmovant, we conclude that the district court did not abuse its discretion by granting a protective order. *Rule 26 of the Federal Rules of Civil Procedure* permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense" *Fed. R. Civ. P. 26(c).* The burden of establishing good cause for a protective order rests with the movant. *See General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973).* "To show good cause, a movant for a protective order [**6] must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Avirgan v. Hull, 118 F.R.D. 252, 254 (D.D.C. 1987)* (citations omitted).

We find that the district court did not abuse its discretion by granting a protective order. In support of his motion for a protective order, Congressman Hoke submitted an affidavit stating that it would be difficult for

him to schedule a deposition, because of his legislative duties; he had no personal knowledge about the alleged wiretapping; he was not related to an agent working on the case, who had the same last name; and he never discussed this lawsuit with any of the Defendants in this case.

Plaintiffs cited the following reasons in support of deposing Congressman Hoke: (1) Congressman Hoke's relationship with the Brookside residents; (2) his involvement in the cellular telephone industry; (3) small contributions to the Congressman's campaign during the pendency of the lawsuit by Sword; (4) the Dobronoses' role in hosting for a party for the Congressman; and (5) an alleged familial relationship between the Congressman and the FBI [**7] agent, who conducted the initial investigation of alleged wiretapping.

[*501] Plaintiffs request this Court to find that the district court abused its discretion merely based on the extent of the relationship between the Congressman and the resident-Defendants. We refrain from doing so. The district court balanced the concerns of Congressman Hoke to be protected from annoyance, embarrassment and undue burden against the Plaintiffs' right to discovery. We find that the district court did not abuse its discretion in this regard.

**B. Summary Judgment**

We review a district court's order granting summary judgment *de novo*, using the same test as the district court. *See Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)*. Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. All facts and inferences must be construed in the light most favorable to the party opposing the motion. *53 F.3d at 753*.

Plaintiffs argue that the district [**8] court erred in granting summary judgment to the Defendants for three reasons: (1) necessary third-party discovery had not been completed; [1] (2) there were genuine issues of material fact; and (3) Carol Sword had improperly invoked her *Fifth Amendment* right against self-incrimination, thereby preventing Plaintiffs from obtaining discovery necessary to defeat summary judgment. We find Plaintiffs' argument unpersuasive.

> 1 The conclusion that the limitation on discovery was not an abuse of discretion, *supra*, disposes of this portion of the issue.

The Plaintiffs argue that the deposition testimony of Arlene Hill creates a genuine issue of fact. Hill was originally one of the neighbor/defendants in this action. After reviewing Hill's testimony, we conclude that it does not create any genuine issues of fact. While Hill testified that she knew of the tapes, she also testified that she did not know if the Swords and Dobronoses were involved in making the tapes or knew of the tapes prior to this lawsuit. Even viewing [**9] this testimony in the light most favorable to the Plaintiffs, no material issue of fact is raised.

Plaintiffs also made a number of unsupported allegations against the Dobronoses which fail to raise an issue of material fact.

Finally, Plaintiffs argued that a material issue of fact is raised by Carole Sword's invocation of her *Fifth Amendment* privilege in a related case, Mr. Sword's termination of his deposition in the related case, and the fact that their attorneys were in possession of the tapes. But Carole Sword exercised her *Fifth Amendment* privilege during a separate defamation claim. The context of her use of the privilege renders Plaintiffs' argument without merit. Further, the Plaintiffs had the opportunity to depose the Swords, but chose not to exercise this option. The Plaintiffs' failure to depose party witnesses when they had ample time and opportunity fails to raise a dispute as to material fact.

We conclude that the summary judgment was properly granted.

**III. Conclusion**

For the reasons stated above, this Court AFFIRMS the judgment of the district court.