UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                  Chapter 9

CITY OF DETROIT, MICHIGAN,              No. 13-53846

            Debtor.                     HON. STEVEN W. RHODES
_____/


**THE STATE'S RESPONSE TO (I) AFSCME'S OBJECTIONS TO MOTION TO QUASH (DOC. 701), AND (II) UAW AND AFSCME'S OBJECTIONS TO AUGUST 26, 2013 ORDER (DOCS. 741, 747)**

Having the benefit of this Court's 8/26/13 order (Doc. 642), AFSCME's objections to the motion to quash (Doc. 701), and the UAW and AFSCME's objections and comments to the 8/26/13 order (Docs. 741, 747), and even without the benefit of the Creditors' responses to this Court's 9/3/13 order (Doc. 703), relevancy issues continue and Creditors seek materials and testimony that is privileged.

**A.   No relevance to eligibility criteria or bad faith (921(c))**

Rule 26(b)(1) "requires that the discovery sought be relevant to the claims or defenses in the action." *Murray v. U.S. Dep't of Treasury*, 2010 WL 1980850 at *3-4, No. 08-cv-15147 (E.D. Mich. May 18, 2013). Here, the eligibility questions relate to *the City's* insolvency, desire for

plans to adjust debt, and negotiations. These creditors continue to seek information from *the State* that is not relevant to those questions. (Ex. 1.) See *Jabara v. Kelley*, 75 F.R.D. 475, 481 (E.D. Mich. 1977).

Creditors assert that the requested discovery is relevant to show a lack of "good faith" in filing. See 11 U.S.C. § 921(c). "Good faith" is not defined in the Code and under Sixth Circuit law "there is no particular test for determining whether a bankruptcy petition was filed in good faith." *Laguna Assoc. Ltd. Partnership v. Aetna Life & Casualty Surety Co.*, B.R. No. 0-92-02870, 1993 WL 730746 (E.D. Mich. April 12, 1993).[1] But notably, pre-bankruptcy planning—which is a basis for the UAW and AFSCME's challenge—is not itself indicative of bad faith. See *In re Chilhowee R-IV School Dist.*, 145 B.R. 981 (Bankr. W.D. Mo. 1992).

An example of lack of relevancy is AFSCME's Objections in ¶ 12.3(a) and (b). The Governor was not required to withdraw the authorization with entry of the *Webster* declaratory judgment on 7/19/13. The judgment was not subject to immediate enforcement,

---

[1] Caselaw often defines good faith by identifying what is not good faith—circumstances such as the existence of only a few unsecured creditors (*Laguna Assoc. Ltd Partnership v. Aetna Casualty & Surety Co.*, 30 F.3d 734 (6th Cir. 1994) or unreasonably deterring and harassing creditors (*In re Marsh*, 36 F.3d 825, 828 (9th Cir. 1994)).

M.C.R. 2.614(A)(1), an emergency appeal and stay motion were filed on 7/19/13, and a stay granted by the Court of Appeals on 7/23/13. Likewise, the status of the *Webster* case at the time the Petition was filed is a matter of record. The Petition was filed at 4:06 p.m. on July 18, 2013, rather than "in dark of night." (Doc 1.) The *Webster* preliminary injunction order was later entered at 4:25 p.m. on 7/18/13; the declaratory judgment was entered 7/19/13. The UAW's objections are similarly meritless. (Doc. 741, ¶ 3, p. 6.)

### B. The requested discovery is privileged.

Fed. R. Civ. P. 26(b) requires discovery to be both relevant and *not privileged.* It is clear from the objections and the document requests that privileged material and testimony is sought. (Doc. 741, UAW Objections, ¶3, p. 6; Doc. 747, AFSCME Objections, ¶¶ 17, 18; Response Ex. 1.)

#### 1. Privilege for high-ranking officials

Presumptively, the deposition of a high-ranking official violates Rule 26(b)(2)(C) and constitutes good cause for a protective order as an annoyance or undue burden within the meaning of Rule 26(c)(1).

*Turner v. City of Detroit*, No. 11-12961, 2012 WL 4839139 at *2, (E.D. Mich. Oct. 11, 2012); *U.S. v. Morgan*, 313 U.S. 409, 422 (1941).

While this rule is not absolute, the party seeking the deposition must show that "'the official has firsthand knowledge related to the claim being litigated'" and that "'other persons cannot provide the necessary information.'" *Boudreau v. Bouchard*, No. 07-10529, WL 4386836 at *4, *7-9 (E.D. Mich. Sept. 25, 2008) (quotation omitted) (disallowing testimony even where high-ranking official may have had *superior* knowledge). Finally, a high-ranking official's personal knowledge must also be essential to the case. *Murray*, 2010 WL 1980850 at *3. Other than the Governor's actual authorization, which speaks for itself, any other information sought from the State as to eligibility is available through the City and Orr and is thus protected by the privilege.

Alternatively, information this Court deems relevant can be sought through interrogatories, or if allowed, depositions that are controlled in length and scope under an appropriate order. See *id.*; *Jackson v. City of Detroit,* No. 05-7436, 2007 WL 2225886 at *9 (E.D. Mich. August 1, 2007); *Turner*, 2012 WL 4839139 at *3.

### 2. Executive/ deliberate-process privilege

Executive privilege pertains to presidential communications as to sensitive information and matters of policy. See *United States v. Reynolds*, 345 U.S. 1 (1953). States have adopted an analogous "gubernatorial communications privilege" under the rationale that the Governor has the same relation to the State as does the President to the United States. See *Rep. Pty of New Mexico v. New Mexico Tax. & Rev. Dep't*, 283 P3d 853, 864 (NM, 2012). This Court has the authority to recognize and apply the executive privilege as developed by the states, to this case. Fed. R. Evid. 501.

The related deliberative-process privilege aims to protect communications that are both "predecisional" and "deliberative." *Dan M. Norwood v. Fed. Aviation Admin.*, 993 F.2d 570 (6th Cir. 1993). A communication is predecisional when it is "'received by the decisionmaker on the subject of the decision prior to the time the decision is made,'" and deliberative when it "'reflects the give-and-take of the consultative process." *Id.* at 576. The test is "whether the disclosure of material would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" *Id.*

5

(internal citation omitted).  Factual matters that are "'severable without compromising the private remainder of the documents'" are not protected by the privilege.  *Id.* at 577.  The privilege can only be overcome by a showing of compelling need.  *FTC v. Bass Bros. Enter.,* Nos. C84-1304/1311, 1984 WL 355 at *2 (N.D. Ohio, May 8, 1984).

The creditors' objections and comments show they seek to learn not just underlying facts but thought process.  (Doc. 701, ¶¶ 14, 15; Doc. 741, ¶ 3; Doc. 747, ¶¶ 17, 18.)  Tellingly, AFSCME's objections to the motion to quash state, "*It is impossible to imagine any justification for asserting that the Governor's and the State's thought process and deliberations leading up to the filing of this case is not relevant to whether the filing was in good faith or whether the City is eligible for chapter 9 relief.*"  (Doc. 701, ¶ 14.)  AFSCME later states it "is entitled to try to understand and use in argument before this Court the deliberative process used by the state and the Governor. . ." *Id.,* ¶ 15.  The UAW likewise seeks information that is privileged.  For example, its objection ¶ 5 seeks discovery on "*How* the Governor came to reach those conclusions [regarding authorization to file bankruptcy]. . ." and "*How and why* the Governor chose not to impose any contingencies… ."

6

(Doc. 741, p. 6, ¶5, emphasis added.) These inquiries involve the Governor's thought process and are protected by the deliberative-process privilege. Moreover, since the Governor chose to explain how he came to his decision in the text of the letter giving the authorization, such discovery is unnecessary.

In sum, even *if* relevant, depositions and wholesale production of documents without the application of privileges and appropriate redactions—which would be time-consuming and unnecessary given available public documents and discovery requests to Orr and the City—would be overbroad and burdensome.

## RELIEF SOUGHT

For the reasons set forth here and in Doc. 600, the State respectfully requests that this Court:

1. Quash the subpoenas for testimony and quash all document requests on grounds of relevance and the privileges identified above;

2. Alternatively, issue a protective order :

   a. Limiting the production of documents to those determined relevant by this Court, subject to appropriate objections;

   b. Limiting the creditors to one deposition of two hours in duration and limited in scope to the specific fact issues identified in their responses.

Respectfully submitted,

/s/Matthew Schneider (P62190)
Chief Legal Counsel

Margaret A. Nelson (P30342)
Ann M. Sherman (P67762)
Assistant Attorneys General
Attorneys for the State of Michigan
Michigan Department of Attorney General
P.O. Box 30212
Lansing, MI 48909
517-373-1110
SchneiderM7@michigan.gov

Date: September 9, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such.

/s/Matthew Schneider (P62190)
Chief Legal Counsel
Michigan Department of Attorney General
P.O. Box 30212
Lansing, MI 48909
517-373-1110
SchneiderM7@michigan.gov