UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hassan Aleem and Carl Williams
Creditors

v

Case No. 13-53846
Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGN
AND EMERGENCY MANAGER
KEVYN D. ORR
Debtors
_____/

# RECONSIDERATION SUPPLEMENTAL OBJECTION TO CHAPTER 9 BANKRUPTCY

Now comes the creditors in propria persona, Hassan Aleem a retired builder inspector for city of Detroit and Carl Williams an retiree from the Elevator Construction Industry an interest party and both taxpayers in the city of Detroit and citizen of the state of Michigan.

The creditor and interest party reconsideration supplemental objection for Bankruptcy to this court to reconsider for the following:

1

1) The Bankruptcy Court have failed to enter an order designating who is to give and received notice by mail and identifying the newspaper in which the additional notice is to be published according to Fed. R. Bankr. P. 9007, 9008, thus has failed to meet the requirement of title 11U.S.C. 921 (c) and should be dismissed.

2) The Bankruptcy Court showed prejudice against creditors by failing to comply with the Bankruptcy code requiring a notice to be given of the commencement of the case in according to 11 U.S.C. section 923 of the Bankruptcy code and then ruling creditors ineligible for filing timely.

The Bankruptcy Rule provide that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002(f).

The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the bankruptcy code.

That most creditors and anyone of interest <u>never received a timely notice and hearing</u>, which is a denial of due process of law. In the present context these principles require that a person have <u>timely</u> and <u>adequate notice</u>

2

detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, 380 U. S. 545, 552 (1965). Goldberg also states that the parties are entitle to an impartial decision maker. The decision maker Judge Steven W. Rhodes action has not been impartial as a result of his decision to the creditors in this case and has placed them at a disadvantage now stating their objections are in-eligible, as a consequence of the court failure to meet the requirements to the Bankruptcy code title 11 U. S. C Section 923.

3) It has been reported that through Ed McNeil special assistant to the president of AFSCME Council 25 that the union was trying to get Kevyn Orr to come to the table to negotiate. He refused and this is a clear example of worst than bargaining in "bad faith." In bad faith you still go to the table even if you don't come to an agreement but at least try. thus failed to meet the requirement of title 11. U.S.C. section 109 (c) (5). The best solution is for the union to file unfair labor practice against the Kevyn Orr,

4) In a statement "Orr recommended the chapter 9 filing having determined that no feasible financial plan could be adopted that could satisfactorily rectify Detroit's financial emergency in timely manner." The assistant attorney general Steven Flancher stated in a court document that Orr could not adopt a

3

plan in a timely manner. Kevyn Orr action demonstrates he was incompetent and negligent in his own words that he could not adopt a plan in a timely manner and his action was substantiated by failing to comply within the 45 days. Kevyn Orr could have file for extension of time and failed to do so.

Kevyn Orr was not the lead attorney in the Chrysler Bankruptcy case. He has not been a lead attorney in Jones Day Law Firm. In an e-mail that was discovered by Robert Davis, pursuant to a Freedom of Information (FOIA). Mike Duggan in a discussion with governor Rick Snyder stated that Kevyn Orr should be appointed emergency manager because he was Black. In the PA 436 approximately, $700,000 was appropriated for the salary. It was reported Kevyn Orr only received $250.000 in salary and also was reported that Kevyn Orr owed the state of Maryland approximately $12,000 in taxes before being appointed as emergency manager. This illustrate that kevyn Orr appointment was only political window dressing and Mr. Orr does not have the financial acumens to lead a bankruptcy and the court can not made up the deficient of Kevyn Orr lack of legal talent and the case should be dismiss.

Mike Duggan was appointment secretary of the Educational Achievement Authority (EAA) by Detroit Public School Emergency Manager Roy Robert. Also Mike Duggan is a current candidate for the mayor for the

4

city of Detroit in the up coming November 2013 election.

Mike Duggan fraudulent sold Detroit Receiving Hospital to Vanguard when Detroit still owned the Hospital pursuant, to Detroit Receiving Hospital Act and state constitution Article VI Section 29. Detroit Receiving Hospital is still owned by the city of Detroit and Orr is hiding the city asset and the case should be dismiss.

Mike Duggan was the CEO of the Detroit Medical Center and was fined $30,000,000 million dollars for Medicaid fraud.

5) Kevyn Orr nor did the court apply solvency in accordance to 11 U.S.C. Bankruptcy code and should be dismissed.

Wherefore, and the above facts laws we demand that the court reconsider the fact and withdraw, dismiss or declaring the bankruptcy invalid and null and void.

Sincerely submitted,

_____
Hassan Aleem
2440 Taylor
Detroit, Michigan 48205

_____
Carl Williams
10112 Somerset
Detroit, Michigan 48224