UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 9
                                                    Case No. 13-53846
City of Detroit, Michigan,                          Hon. Steven W. Rhodes
        Debtor.
_____/

**FIRST AMENDED**
Order Regarding Eligibility Objections
Notices of Hearings
and
Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)

> *This order includes a special notice of hearing*
> *to individuals who filed eligibility objections,*
> *and includes provisions of interest to:*
> *Dennis Taubitz,*
> *Heidi Peterson*
> *Hassan Aleem,*
> *and Carl Williams.*
> *Please see Part VIII, page 6.*

**I. Introduction**

One hundred ten parties filed timely objections to the City's eligibility to file this bankruptcy case under § 109 of the Bankruptcy Code.

The Court appreciates the effort of each of the parties in this process.

The Court has thoroughly reviewed each of the filed objections, as well as the Statement Regarding the Michigan Constitution and the Bankruptcy of the City of Detroit that Michigan Attorney General Bill Schuette filed. (Dkt. #481) Some objections raise only legal issues, while others require the Court to resolve factual issues. The Court will address each in an appropriate manner.

**II. Eligibility Objections Raising Only Legal Issues**

On a preliminary basis, the following objections appear to raise only legal issues:[1]

---

[1] This summary of the parties' objections in Parts II & V is intended to capture in a shorthand form the substance of the parties' objections for identification purposes only and is not intended to limit, diminish or restate those objections.

1. Chapter 9 of the Bankruptcy Code violates the United States constitution.
    Asserted by:
    - 484 Local 324, International Union of Operating Engineers
    - 486 Local 517M, Service Employees International Union
    - 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 805 Official Committee of Retirees

2. The Bankruptcy Court does not have the jurisdiction to determine the constitutionality of Chapter 9 of the Bankruptcy Code.
    Asserted by:
    - 484 Local 324, International Union of Operating Engineers
    - 486 Local 517M, Service Employees International Union
    - 505 Michigan Council 25 Of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 805 Official Committee of Retirees

3. Michigan Public Act 436 of 2012 violates the Michigan constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).
    Asserted by:
    - 484 Local 324, International Union of Operating Engineers
    - 486 Local 517M, Service Employees International Union
    - 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
    - 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
    - 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
    - 520 Retired Detroit Police Members Association
    - 805 Official Committee of Retirees

4. The Bankruptcy Court does not have the jurisdiction to determine the constitutionality of Michigan Public Act 436 of 2012.
    Asserted by:
    - 384 Krystal Crittendon
    - 805 Official Committee of Retirees

5. Detroit's Emergency Manager is not an elected official and therefore did not have valid authority to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).
    Asserted by:
    - 384 Krystal Crittendon

505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
805 Official Committee of Retirees

6. Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

   Asserted by:
   484 Local 324, International Union of Operating Engineers
   486 Local 517M, Service Employees International Union
   495 David Sole
   502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
   504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
   505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
   506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
   512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
   514 Center for Community Justice and Advocacy
   519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
   520 Retired Detroit Police Members Association
   805 Official Committee of Retirees

7. Because of the proceedings and judgment in *Gracie Webster, et al. v. The State of Michigan, et al.*, Case No. 13-734-CZ (Ingham County Circuit Court), the City is precluded by law from claiming that the Governor's authorization to file this bankruptcy case was valid, as required for eligibility by 11 U.S.C. § 109(c)(2).

   Asserted by:
   495 David Sole
   519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

**III. Notice of Hearing on Eligibility Objections That Raise Only Legal Issues**

The Court further concludes that a prompt oral argument on these legal issues will promote a just, speedy, and efficient determination of the City's eligibility to be a debtor in Chapter 9 under § 109(c) of the Bankruptcy Code. Accordingly, the Court will hear oral argument on these legal issues on **October 15, 2013 at 10:00 a.m.** and **October 16, 2013 at**

**10:00 a.m.** in Courtroom 716, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan.

At the conclusion of the opening arguments, the Court will offer the objecting parties an opportunity to confer for the purpose of allocating and organizing their rebuttal arguments.

At the conclusion of the oral argument, the Court will not rule on legal issues, but will announce its determination as to which of the objections raise only legal issues and which require the resolution of genuine issues of material fact at the eligibility hearing previously set for October 23, 2013.

**IV. Procedures Regarding Hearing on Eligibility Objections That Appear to Raise Only Legal Issues**

At the oral argument, the objecting parties shall proceed first and share 210 minutes for their opening arguments and 60 minutes for their rebuttal arguments. The City and the Attorney General shall then share 210 minutes for their opening arguments and 60 minutes for their surrebuttal arguments.

On the objecting parties' side, the parties that are identified above are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations. Attorney Robert Gordon is requested to organize and supervise these discussions.

Designates of the City, the Michigan Attorney General, the Attorney General of the United States, and the United States Attorney for the Eastern District of Michigan are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations. Attorney David Heiman (or his designate) is requested to organize and supervise these discussions.

By the day before the argument, each side shall file its agreement, if any, regarding the allocation of time and the order of presentation. If either side is unable to agree, the Court will determine the allocation of time among the parties and the order of their presentations, and will announce its determination at the beginning of the argument.

Because the objecting parties as a group are required to comply with the time limits for the oral argument established in this order, some of the objecting parties may be limited in their oral argument on particular legal objections. Therefore, the fact that an objecting party did not present oral argument on a particular legal objection does not constitute a waiver of any written objection made by that party.

**V. Eligibility Objections That Require the Resolution of Genuine Issues of Material Fact**

The Court further concludes that the following specific objections require the resolution of genuine issues of material fact at the trial that the Court previously scheduled for October 23, 2013:

8. The City was not "insolvent," as required for eligibility by 11 U.S.C. § 109(c)(3) and as defined in 11 U.S.C. § 101(32)(C).

  Asserted by:
- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
- 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
- 520 Retired Detroit Police Members Association

9. The City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).
  Asserted by:
- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
- 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
- 520 Retired Detroit Police Members Association

10. The City did not negotiate in good faith with creditors, as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(B).
  Asserted by:
- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
- 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
- 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
- 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
- 512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
- 517 Michigan Auto Recovery Service
- 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
- 520 Retired Detroit Police Members Association
- 805 Official Committee of Retirees

11. The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).
    Asserted by:
    - 484   Local 324, International Union of Operating Engineers
    - 486   Local 517M, Service Employees International Union
    - 502   Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
    - 504   Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
    - 505   Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 506   International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
    - 512   The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
    - 519   General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
    - 805   Official Committee of Retirees

12. The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c).
    Asserted by:
    - 484   Local 324, International Union of Operating Engineers
    - 486   Local 517M, Service Employees International Union
    - 505   Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 506   International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
    - 512   The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
    - 519   General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
    - 520   Retired Detroit Police Members Association
    - 805   Official Committee of Retirees

**VI. Order Regarding the Eligibility Objection in Paragraph 9**

[The Court concludes that Part VI of the original order was imprudent and it is therefore abrogated.]

## VII. Order Regarding Discovery Related to Eligibility Objections and Amendments to Filed Objections

The Court concludes that the following limitations on discovery are appropriate:

1. [The Court concludes that the limitation on discovery in this sentence of the original order was imprudent and it is therefore abrogated.]

2. On the objecting parties' side, discovery may be propounded only by those parties who filed eligibility objections.

Based on evidence obtained during discovery, any objecting party may file an amended objection by October 11, 2013. Any such amended objection shall supersede the party's original objection.

## VIII. Notice of Hearing to Individuals Who Filed Eligibility Objections

The Court recognizes that many individuals (other than those listed in paragraphs 1-12 above), most without counsel, also filed timely objections. The Court offers these individuals an opportunity to be heard on their objections. This hearing will be on **September 19, 2013, at 10:00 a.m.** in Courtroom 716, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan. *Except as ordered in the next paragraph, this opportunity is only for individuals that filed timely objections.* These parties are identified on the attached Exhibit A.

The Court has determined to add the objection filed by Hassan Aleem and Carl Williams (Dkt. #565) to Exhibit A even though their objection was untimely.

Just as the Court imposed time limits on the attorneys identified above, the Court must also impose a time limit on these individuals as well, due to the number of these individuals. Therefore, each individual who filed a timely objection may address the Court for 3 minutes regarding the objection. However, upon their requests, Dennis Taubitz and Heidi Peterson may address the Court for 15 minutes each.

The City shall have 30 minutes to respond. No rebuttal will be permitted.

Due to security screening, the Court encourages the individuals that accept this opportunity to address the Court regarding their eligibility objections to arrive at the courthouse at least 60 minutes before the scheduled start time of the hearing. At 9:00 a.m., the court staff will begin to check in these individuals and will give each party a number establishing the order of speaking.

## IX. Certifications Pursuant to 28 U.S.C. § 2403(a) and (b)

Pursuant to 28 U.S.C. § 2403(a), the Court hereby certifies to the Attorney General of the United States that the constitutionality of Chapter 9 of Title 11 of the United States Code under the United States constitution is drawn in question in this case. The Court permits the United States to intervene for argument on the question of the constitutionality of Chapter 9 of the Bankruptcy Code and shall, subject to the applicable provisions of law, have all the rights of a party.

Pursuant to 28 U.S.C. § 2403(b), the Court hereby certifies to the Attorney General of the State of Michigan that the constitutionality of Michigan Public Act 436 of 2012 under the Michigan constitution is drawn in question in this case. The Court permits the State of Michigan

to intervene for argument on the question of the constitutionality of Michigan Public Act 436 of 2012 under the Michigan constitution and shall, subject to the applicable provisions of law, have all the rights of a party.

## X. Untimely Objections

All untimely objections, identified on the attached Exhibit B, are overruled.

## XI. Opportunity to Comment or Object

[This part of the original order is no longer necessary and it is therefore abrogated.]

## XII. Service

Pursuant to Rule 4(i) Federal Rules of Civil Procedure (applicable to the eligibility objections in this case under Rules 4(a)(1) and 9014(b) of the Federal Rules of Bankruptcy Procedure), the clerk shall also serve copies of the eligibility objections filed by the Official Committee of Retirees, by registered or certified mail, upon both the Attorney General of the United States at Washington, D.C. and the civil process clerk at the United States Attorney's office in the Eastern District of Michigan. Service of this paper upon the Michigan Attorney General has already be accomplished though ECF.

The clerk shall serve this amended order upon Dennis Taubitz, Heidi Peterson, Hassan Aleem, and Carl Williams.

This order supersedes this Court's Order Regarding Eligibility Objections entered on August 26, 2013. (Dkt #642)

It is so ordered.

                                              /s/ Steven Rhodes  
                                              Steven Rhodes  
                                              United States Bankruptcy Judge

September 12, 2013

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| NAME | Docket # |
| --- | --- |
|  |  |
| Michael Abbott | 385 |
| Hassan Aleem | 565 |
| Association of Professional and Technical Employee (APTE) | 482 |
| Aleta Atchinson-Jorgan | 462 |
| Linda Bain | 474 |
| Randy Beard | 480 |
| Russell Bellant | 402,405 |
| Michael G. Benson | 388 |
| Cynthia Blair | 492 |
| Dwight Boyd | 412 |
| Charles D. Brown | 460, 491 |
| Lorene Brown | 403 |
| Paulette Brown | 431 |
| Rakiba Brown | 467 |
| Regina Bryant | 338, 339 |
| Mary Diane Bukowski | 440 |
| David Bullock | 393 |
| Claudette Campbell | 408 |
| Johnnie R. Carr | 413 |
| Sandra Carver | 469 |
| Raleigh Chambers | 409 |
| Alma Cozart | 400 |
| Leola Regina Crittendon | 454 |
| Angela Crockett | 455 |
| Lucinda J. Darrah | 447, 477 |
| Joyce Davis | 392 |
| Sylvester Davis | 435 |
| William Davis | 430 |
| Elmarie Dixon | 414 |
| Mary Dugans | 415 |
| Lewis Dukens | 394 |
| David Dye | 448 |
| Jacqueline Esters | 416 |
| Arthur Evans | 463 |
| Jerry Ford | 432 |
| William D. Ford | 417 |
| Ulysses Freeman | 429 |

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| Name | Number |
|---|---|
| Olivia Gillon | 401 |
| Donald Glass | 386 |
| Lavarre W. Greene | 465 |
| William Hickey | 442 |
| LaVern Holloway | 397 |
| William J. Howard | 433 |
| Joanne Jackson | 437 |
| Ailene Jeter | 457 |
| Sheilah Johnson | 451 |
| Stephen Johnson | 418 |
| Joseph H. Jones | 389 |
| Sallie M. Jones | 419 |
| Michael Joseph Karwoski | 510 |
| Zelma Kinchloe | 396 |
| Timothy King | 489 |
| Keetha R. Kittrell | 427 |
| Roosevelt Lee | 468 |
| Althea Long | 399 |
| Edward Lowe | 425 |
| Lorna Lee Mason | 428 |
| Deborah Moore | 470 |
| Larene Parrish | 420 |
| Lou Ann Pelletier | 335 |
| Michael K. Pelletier | 337 |
| Heidi Peterson | 513 |
| Deborah Pollard | 421 |
| Helen Powers | 404 |
| Alice Pruitt | 472 |
| Samuel L. Riddle | 422 |
| Kwabena Shabu | 426 |
| Michael D. Shane | 443 |
| Karl Shaw | 398 |
| Frank Sloan, Jr. | 436 |
| Gretchen R. Smith | 494 |
| Cheryl Smith Williams | 458 |
| Horace E. Stallings | 464 |
| Thomas Stephens | 461 |
| Dennis Taubitz | 446 |
| Charles Taylor | 423 |

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| Marzelia Taylor | 475 |
|---|---|
| The Chair of St. Peter | 493 |
| Dolores A. Thomas | 456 |
| Shirley Tollivel | 395 |
| Tracey Tresvant | 390 |
| Calvin Turner | 387 |
| Jean Vortkamp | 439 |
| William Curtis Walton | 411 |
| Jo Ann Watson | 490 |
| Judith West | 444 |
| Preston West | 407 |
| Carl Williams | 565 |
| Charles Williams, II | 391 |
| Floreen Williams | 496 |
| Fraustin Williams | 479 |
| Leonard Wilson | 466 |
| Phebe Lee Woodberry | 459 |
| Anthony G. Wright, Jr. | 485 |

# EXHIBIT B

## Eligibility Objections Overruled Because They Were Untimely

| NAME | Docket # |
|---|---:|
| Charles Chatman | 539 |
| Andrea Edwards | 532 |
| Richard Johnson El-Bey | 536 |
| Xylia Hall | 541 |
| Diane Hutchersun | 530 |
| Michael Jones | 549 |
| Nettie Reeves | 534 |
| Donald Richardson | 633 |