UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

In re

City of Detroit

Debtor

Case No. 13-53846

Chapter 9

Judge Steven W. Rhodes

_____/

## MOTION OF MARIO'S RESTAURANT, INC. FOR RELIEF FROM STAY AND REQUEST FOR ENTRY OF ORDER WAIVING PROVISION OF FRBP 4001(a)(3)

Mario's Restaurant, Inc. moves this Court, under Bankruptcy Code §§361, 362, 363, 554 and other sections of the United States Code, and under the Federal Rules of Bankruptcy Procedure 4001 and 6007, for an Order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362. In support of this Motion, the Movant states:

### Background

1. The Court has jurisdiction over this matter under 28 USC §§ 157 and 1334. This is a core proceeding under 28 USC 157(b)(2). The venue of this case and this Motion is proper under 28 USC 1408 and 1409.

2. Mario's Restaurant, Inc. is a business established in Detroit for over 65 years and is located on Second Avenue. Mario's Restaurant, Inc. was informed that the City of Detroit was considering changing Second Avenue from a one-Way street into a two-way street. Mario's Restaurant, Inc. would be adversely effected by such a change and

wanted to know the factors that were going into that decision as well as who the parties who were advocating such a change.

3. As a result of the interest of Mario's Restaurant, Inc. in the issue of converting Second Avenue from a one-way street into a two-way street, a Freedom of Information request was submitted by Mario's Restaurant, Inc. That request was ignored for a period of time and therefore, suit was started in the Wayne County Circuit Court requesting information on the subject as well as costs for necessitating the suit and was assigned case number 13-008288 CZ.

4. The lawyer assigned to the case who is employed by the City of Detroit indicated that the information should be available to Mario's Restaurant, Inc. despite the fact that a stay is in effect and yet, the information sought has not been supplied.

5. Providing the information regarding the factors and parties behind the move to turn Second Avenue from a One-Way Street into a two-way street will not cost the debtor any money, will not adversely effect the debtor and is directly related to hearings taking place presently before City Council.

6. A proposed order granting relief from the automatic stay is attached as Exhibit "A".

7. The only other party who may be interested in this issue is the debtor itself who has received notice of this Motion. The Movant knows of no

other parties who may be interested in lifting this stay concerning this FOIA suit.

## ARGUMENT

8. The Movant is entitled to relief from the automatic stay under the Bankruptcy Code for the following reason(s):

The Movant is not requesting any property that would effect the reorganization of the Debtor as the movant is merely requesting that the City of Detroit produce documents that are available and are presently being considered by City Council.

WHEREFORE, Movant prays:

1. That the automatic stay enjoining this Freedom of Information case number 13-008288 CZ from proceeding be lifted with regard to the City providing the requested information.

2. That the automatic stay be terminated automatically, without hearing, in the absence of a responsive pleading and a waiver of the ten day stay provision;

3. That should relief from the stay be denied, that the stay be modified by requiring the Debtor from moving forward on changing Second Avenue into a two-way thoroughfair until such time as the Debtor provides the information requested under the Freedom of Information Act.

4. That in the event that the motion is contested, that the Debtor be required to pay Movant's costs and attorney fees in seeking relief from the automatic stay.

Respectfully submitted,

/s/Donald McGuigan II  P49004
/s/ William S. Stern P27396
24750 Lahser Road
Southfield, MI 48033
248-353-9400
don@mcguiganlaw.com
bstern1213@yahoo.com