In re:

CITY OF DETROIT, MICHIGAN

Chapter 9
Case No. 13-53846-swr
Hon. Steven W. Rhodes

# RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S ANSWERS TO DEBTOR'S FIRST SET OF INTERROGATORIES

NOW COME, the Retired Detroit Police Members Association ("RDPMA") and for their Answers to Debtor's First Set of Interrogatories, state as follows:

## I. General Objections

1. The RDPMA objects to the Debtor's First Set of Interrogatories to the extent:

   A. They seek the discovery of mental impressions, trial strategy or other information obtained by attorneys, professionals, agents or investigators which are otherwise protected from disclosure by virtue of the attorney-client privilege, accountant-client privilege, or other similar statutory or common law privileges and the attorney work product doctrine;

   B. They seek the discovery of information beyond the scope of FRCP 33;

   C. They seek information which is irrelevant and not otherwise reasonably calculated to lead to the discovery of admissible evidence in this case;

   D. They are overly broad, vague and unduly burdensome; which documents and information can otherwise be more easily obtained through other less costly and invasive discovery means including depositions;

E. They impose burdens upon the RDPMA not otherwise required or permitted; and

F. They seek documents and information which are otherwise in the possession of the Debtor, City of Detroit.

2. Subject to these General Objections, the RDPMA, through its counsel, will produce responsive documents, writings and tangible things which it believes to be responsive to the applicable discovery requests. The RDPMA's investigation and discovery in this matter are ongoing and the RDPMA reserves the right to provide further objections or will further produce responsive documents as they become available.

3. By responding, the RDPMA is not waiving any objections to the following discovery requests and is reserving all rights to amend and supplement its Answers.

## II. Interrogatories

1. Identify a person or persons who have knowledge of the categories of membership in RDPMA, and the extent to which retired, former employees of the City of Detroit are eligible to be members of RDPMA.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that the following individuals may have knowledge regarding the categories of membership in the RDPMA, and the extent to which retired, former employees of the City of Detroit are eligible to be members of the RDPMA: (1) Brenda Goss Andrews; (2) Gail Wilson Turner; (3) Benjamin Lee; (4) Janice Butler; (5) Paul Welles; and (6) Darryl Sanders.

2. Please indicate whether RDPMA has authority to serve as the legal representative of any retired, former employees of the City of Detroit.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that the RDPMA has the authority to serve a legal representative of certain of its members who are retirees of the City of Detroit Police Department.

3. Identify any person or persons who have knowledge of any feedback, criticism, reactions, proposals, or counterproposals made by RDPMA to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the PFRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the PFRS at each of the following meetings:

   a. The June 14, 2013, City of Detroit Proposal for Creditors;
   b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and
   c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that to the best of its knowledge there are no persons with knowledge regarding the feedback, criticism, reactions, proposals or counterproposals made by the RDPMA as an association to the City of Detroit between March 14, 2013 and July 19, 2013 in connection with a restructuring, reduction, modification or elimination of any benefits, rights and features of the PFRS.

4. Identify any person or persons who have knowledge of any feedback, criticism, reactions, proposals, or counterproposals made by RDPMA **to** the City of Detroit, between

March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the retiree health benefit programs covering then existing retirees, including but not limited **to** feedback, criticism, reactions, or counterproposals in response **to** the proposals the City of Detroit made respecting the retiree health benefits at each of the following meetings:

   a. The June 14, 2013, City of Detroit Proposal for Creditors;
   b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and
   c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that to the best of its knowledge there are no persons with knowledge regarding the feedback, criticism, reactions, proposals or counterproposals made by the RDPMA as an association to the City of Detroit between March 14, 2013 and July 19, 2013 in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the retiree health benefit programs.


5. Identify any person or persons who have knowledge of any agreement entered into by RDPMA with the City of Detroit in which RDPMA agreed to reduce, limit, or otherwise abridge the then existing health benefits provided by the City of Detroit to former employees who had already retired as of the effective date of the agreement.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that the RDPMA has not entered into any agreement with the City of Detroit in which the RDPMA agreed to reduce, limit, or otherwise abridge the then existing health benefits provided by the City of Detroit to former employees.

6. Identify any person or persons who have knowledge of any attempt prior to July 19, 2013, by RDPMA to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize RDPMA to legally bind him or her in connection with an agreement entered into by RDPMA to reduce, limit, or abridge the then existing health benefits provided by the City of Detroit to such retirees.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that the RDPMA was in the process of formation on July 19, 2013 and therefor the RDPMA did not obtain or attempt to obtain legal authority prior to July 19, 2013 to legally bind any retiree of the City of Detroit in connection with the then-existing health benefits provided by the City of Detroit to retirees.

7. Identify any person or persons who have knowledge of any agreement entered into by RDPMA with the City of Detroit in which RDPMA agreed to reduce, limit, or otherwise abridge the pension rights or benefits - on a prospective basis only - provided to then existing retirees by the PFRS.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that the RDPMA has not entered into any agreement with the City of Detroit in which the RDPMA agreed to reduce, limit, or otherwise abridge the pension rights or benefits provided to then existing retirees by the PFRS.

8. Identify any person or persons who have knowledge of any attempt prior to July 19, 2013, by RDPMA to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize RDPMA to legally bind him or her in

connection with an agreement entered into by RDPMA to reduce, limit, or otherwise abridge the pension rights or benefits - on a prospective basis only - provided to then existing retirees by the PFRS.

> **RESPONSE:**
>
> Without waiving its objections and reserving its rights to supplement, the RDPMA states that the RDPMA was in the process of formation on July 19, 2013 and therefor RDPMA did not obtain or attempt to obtain legal authority prior to July 19, 2013 to legally bind any retiree of the City of Detroit in connection with the pension benefits provided to retirees by the PFRS.

9. Identify all documents you intend to use as exhibits at the hearing regarding the eligibility of the City of Detroit to proceed under Chapter 9, including demonstrative exhibits.

> **RESPONSE:**
>
> Without waiving its objections and reserving its rights to supplement, the RDPMA states that discovery in this matter is ongoing. Responses to document requests served on the City of Detroit and State of Michigan have not been produced. The RDPMA has not determined the documents that will be used as exhibits at the hearing regarding eligibility of the City of Detroit to proceed under Chapter 9.

10. Identify all witnesses you intend to call for any purpose at the hearing regarding the eligibility of the City of Detroit to proceed under Chapter 9.

> **RESPONSE:**
>
> Without waiving its objections and reserving its rights to supplement, the RDPMA states that discovery in this matter is ongoing. Responses to discovery requests served on the City of Detroit and State of Michigan have not been produced. The RDPMA has not determined the identity of the witness that will be called at the hearing regarding eligibility of the City of Detroit to proceed under Chapter 9.

11. Identify all experts whom you intend to call to testify at the hearing regarding the eligibility of the City of Detroit to proceed under Chapter 9 and identify their area of expertise.

**RESPONSE:**

Without waiving its objections and reserving its rights to supplement, the RDPMA states that discovery in this matter is ongoing. Responses to discovery requests served on the City of Detroit and State of Michigan have not been produced. The RDPMA has not determined the identity of the any expert witness that will be called at the hearing regarding eligibility of the City of Detroit to proceed under Chapter 9.

Respectfully Submitted,

**STROBL & SHARP, P.C.**

By: _____/s/_____Lynn M. Brimer_____
  LYNN M. BRIMER (P43291)
  MEREDITH E. TAUNT (P69698)
  MALLORY FIELD (75289)
Attorneys for the Retired Detroit
Police Members Association
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
E-mail: lbrimer@stroblpc.com
   mtaunt@stroblpc.com
   mfield@stroblpc.com

Dated: September 13, 2013
*S&B\85244\001\PLDG\SB426623.RTF