---------------------------------------------------x
       :

In re                            :       Chapter 9

CITY OF DETROIT, MICHIGAN,    :       Case No. 13-53846

                 Debtor.   :       Hon. Steven W. Rhodes

       :

---------------------------------------------------x

## RESPONSE OF DETROIT POLICE LIEUTENANTS & SERGEANTS ASSOCIATION TO DEBTOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DETROIT PUBLIC SAFETY UNIONS

The Detroit Police Lieutenants & Sergeants Association ( hereinafter "DPLSA" and/or "Respondent"), by its attorneys, Erman, Teicher, Miller, Zucker & Freedman, P.C., and Peter P. Sudnick, PC, provides responses to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions as follows:

### PRELIMINARY STATEMENT

Respondent answers the Discovery Requests without conceding their relevancy, materiality, or admissibility and without prejudice to its right to object to further inquiry concerning the subject matter of any response or the use of any information contained therein for any purpose.

Respondent declines to deem the Discovery Requests as being continuing or requiring the filing of supplemental responses thereto, except insofar as any such

Interrogatory or Document Production Request is specifically made continuing or requiring supplemental responses pursuant to the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

## I.     GENERAL OBJECTIONS

The following General Objections shall apply to the responses to specific Interrogatories and/or Document Production Requests, even if not specifically referred to in those responses:

1.     Respondent objects generally to the Discovery Requests to the extent that they seek information, documents or materials which are subject to the privileges and doctrines for attorney/client communications, attorney work-product, material prepared for trial and/or in anticipation of litigation and/or any other applicable privilege, or to the extent the information, documents or materials are otherwise protected, exempt or immune from discovery or disclosure.

2.     Respondent objects generally to any specific Discovery Request as overly broad wherein it requests a response regarding "each," "all," "every," or "any."

3.     Respondent objects generally to any specific Discovery Request to the extent that a response is unduly burdensome.

4.     Respondent objects generally to any specific Discovery Request to the extent that it is vague and ambiguous and improperly requires Respondent to speculate as to its meaning.

5.     Respondent objects generally to any specific Discovery Request to the extent that it seeks information, documents or materials that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Respondent objects to the Discovery Requests to the extent that they seek information, documents and materials (a) not in Respondent's possession, (b) in the possession of another party or (c) equally available to or otherwise already in the City's possession.

7.     Respondent objects to the instructions contained in the Discovery Requests to the extent that they seek to impose obligations on Respondent which are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

8.     Respondent objects to the Discovery Requests to the extent that they purport to seek information relating to an unlimited period of time.

9.     By making a specific objection to a particular Discovery Request, Respondent does not imply that the specific objection is not applicable to any other particular Discovery Request or that the General Objections are inapplicable to that particular Discovery Request.

10.     While Respondent has responded to the Discovery Requests, it does not waive any of its rights to object to further inquiry or any effort to compel responses beyond those provided herein.

## II.   LIMITATIONS

The following Limitations shall apply to Respondent's responses to the Discovery Requests, even if not specifically referred to in these responses:

1.    Respondent's responses are based on information known to it at this time. Respondent reserves the right, however, to make reference, at trial or any hearing in this matter, to facts and documents not identified in these responses, or to call witnesses not identified in these responses, the existence or relevance of which may be discovered later by Respondent or its counsel.

2.    Generally, Respondent's responses are limited to the relevant time period.

3.    Respondent's responses reflect the current state of the knowledge, understanding, and belief of Respondent formed after reasonable inquiry. Respondent reserves the right to modify or supplement its responses.

4.    Notwithstanding, and without waiving Respondent's General Objections and Limitations, reasonable responses have been provided.

Responses provided are subject to the Objections and Limitations contained herein, which are hereby incorporated by reference into the following Responses to Debtor's First Set of Requests for Production of Documents to the Detroit Public Safety Unions.

4

## Document Requests

1. All documents relating to the categories of membership in the Detroit Public Safety Unions, and the extent to which retired, former employees of the City of Detroit are eligible to be members of the Detroit Public Safety Unions.

RESPONSE:  **For the DPLSA, none.**

2. All documents relating to the authority of the Detroit Public Safety Unions to act as the legal representative of retired, former employees of the City of Detroit.

RESPONSE:      **For the DPLSA, none.**

3. All documents relating to the May 21, 2013, letter from Mark Young of the Detroit Police Lieutenants and Sergeants Association to Brian Easley of Jones Day, attached as Exhibit 1, in which Mr. Young implies that he has authority to represent "current and future retirees."

RESPONSE:      **For the DPLSA, none. The DPLSA does not have the authority to represent current and future retirees. Any implication otherwise arising from the May 21, 2013 letter is mistaken or in error.**

4. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by the Detroit Public Safety Unions to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the PFRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the PFRS at each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

    b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

    c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations. [1]

RESPONSE: **For the DPLSA, none.**

---

[1] The July 11, 2013, meeting was conducted pursuant to an agreement regarding Michigan Rule of Evidence and Federal Rule of Evidence 408. Accordingly, these document requests should not be read to include a requirement to disclose documents, to the extent any exist, produced or discussed at such meeting.

5. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by Detroit Public Safety Unions to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the retiree health benefit programs covering then existing retirees, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting retiree health benefits each of the following meetings:

> a. The June 14, 2013, City of Detroit Proposal for Creditors;

> b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

> c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

RESPONSE:  **For the DPLSA, none.**


6. All documents relating to any agreement entered into by Detroit Public Safety Union with the City of Detroit in which the Detroit Public Safety Union agreed to reduce, limit, or otherwise abridge the then existing health benefits provided by the City of Detroit to former employees who had already retired as of the effective date of the agreement.

7

RESPONSE:  **For the DPLSA, none.**


7. All documents relating to any attempt prior to July 19, 2013, by a Detroit Public Safety Union to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize the Detroit Public Safety Union to legally bind him or her in connection with an agreement entered into by the Detroit Public Safety Unions to reduce, limit, or abridge the then existing health benefits provided by the City of Detroit to such retirees.

RESPONSE:  **For the DPLSA, none.**


8. All documents relating to any agreement entered into by a Detroit Public Safety Union with the City of Detroit in which the Detroit Public Safety Union agreed to reduce, limit, or otherwise abridge the pension rights or benefits – on a prospective basis only – provided to then existing retirees by the PFRS.

RESPONSE:  **For the DPLSA, none.**


9. All documents relating to any attempt prior to July 19, 2013, by a Detroit Public Safety Union to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize the Detroit Public

Safety Union to legally bind him or her in connection with an agreement entered into by the Detroit Public Safety Unions to reduce, limit, or otherwise abridge the pension rights or benefits – on a prospective basis only – provided to then existing retirees by the PFRS.

RESPONSE:   For the DPLSA, none.


10. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by a Detroit Public Safety Union regarding the City of Detroit's financial health, including but not limited to, the City's cash flow, budgets, projected budgets, ability/inability to pay its debts when they become due, or ability/inability to provide civic services.

RESPONSE:   **For the DPLSA, none, except for any documentation received from the City in its proposals to creditors and during meetings to discuss retirement and health benefit issues. The City is in possession of all such documentation and materials it presented to the DPLSA.**

Mark Young, President,
DPLSA

9

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By: _/s/ Barbara A. Patek_
    Barbara A. Patek  (P34666)
    Counsel for the Detroit
    Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI  48034
    Telephone: (248) 827-4100
    Facsimile:  (248) 827-4106
    E-mail:  bpatek@ermanteicher.com

PETER P. SUDNICK, P.C.
    Peter P. Sudnick (P30768)
    2555 Crooks Road, Suite 150
    Troy, MI  48084
    Telephone:  (248) 643-8533
    Facsimile:  (248) 643-0417
    E-mail:  psudnich@sudnicklaw.com

Dated:  September 13, 2013

\F:\OTHERINS\Detroit, CIty of\Doc production response DPLSA.doc