UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
                                                   :
In re                                              :   Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         :   Case No. 13-53846
                                                   :
                    Debtor.                        :   Hon. Steven W. Rhodes
                                                   :
                                                   :
---------------------------------------------------x

## THE DETROIT FIRE FIGHTERS ASSOCIATIONS' (DFFA) RESPONSE TO DEBTOR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The Detroit Fire Fighters Association (hereinafter "DFFA" and/or "Respondent"), by its attorneys, Erman, Teicher, Miller, Zucker & Freedman, P.C., and Legghio & Israel, PC, provides answers to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions as follows:

### PRELIMINARY STATEMENT

Respondent answers the Discovery Requests without conceding their relevancy, materiality, or admissibility and without prejudice to its right to object to further inquiry concerning the subject matter of any response or the use of any information contained therein for any purpose.

Respondent declines to deem the Discovery Requests as being continuing or requiring the filing of supplemental responses thereto, except insofar as any such

Page 1 of 11

Interrogatory or Document Production Request is specifically made continuing or requiring supplemental responses pursuant to the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

I. GENERAL OBJECTIONS

The following General Objections shall apply to the responses to specific Interrogatories and/or Document Production Requests, even if not specifically referred to in those responses:

1. Respondent objects generally to the Discovery Requests to the extent that they seek information, documents or materials which are subject to the privileges and doctrines for attorney/client communications, attorney work-product, material prepared for trial and/or in anticipation of litigation and/or any other applicable privilege, or to the extent the information, documents or materials are otherwise protected, exempt or immune from discovery or disclosure.

2. Respondent objects generally to any specific Discovery Request as overly broad wherein it requests a response regarding "each," "all," "every," or "any."

3. Respondent objects generally to any specific Discovery Request to the extent that a response is unduly burdensome.

4. Respondent objects generally to any specific Discovery Request to the extent that it is vague and ambiguous and improperly requires Respondent to speculate as to its meaning.

5. Respondent objects generally to any specific Discovery Request to the extent that it seeks information, documents or materials that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6. Respondent objects to the Discovery Requests to the extent that they seek information, documents and materials (a) not in Respondent's possession, (b) in the possession of another party or (c) equally available to or otherwise already in the City's possession.

7. Respondent objects to the instructions contained in the Discovery Requests to the extent that they seek to impose obligations on Respondent which are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

8. Respondent objects to the Discovery Requests to the extent that they purport to seek information relating to an unlimited period of time.

9. By making a specific objection to a particular Discovery Request, Respondent does not imply that the specific objection is not applicable to any other

particular Discovery Request or that the General Objections are inapplicable to that particular Discovery Request.

10. While Respondent has responded to the Discovery Requests, it does not waive any of its rights to object to further inquiry or any effort to compel responses beyond those provided herein.

II. LIMITATIONS

The following Limitations shall apply to Respondent's responses to the Discovery Requests, even if not specifically referred to in these responses:

1. Respondent's responses are based on information known to it at this time. Respondent reserves the right, however, to make reference, at trial or any hearing in this matter, to facts and documents not identified in these responses, or to call witnesses not identified in these responses, the existence or relevance of which may be discovered later by Respondent or its counsel.

2. Generally, Respondent's responses are limited to the relevant time period.

3. Respondent's responses reflect the current state of the knowledge, understanding, and belief of Respondent formed after reasonable inquiry. Respondent reserves the right to modify or supplement its responses.

4. Notwithstanding, and without waiving Respondent's General Objections and Limitations, reasonable responses have been provided.

Responses provided are subject to the Objections and Limitations contained herein, which are hereby incorporated by reference into the following Responses to Debtor's First Set of Requests for Production of Documents to the Detroit Public Safety Unions.

## Document Requests

1. All documents relating to the categories of membership in the Detroit Public Safety Unions, and the extent to which retired, former employees of the City of Detroit are eligible to be members of the Detroit Public Safety Unions.

**RESPONSE:**

**Objection. The DFFA does not possess or have custody or control over any document(s) of any Public Safety Union other than itself, the DFFA. Subject to and without waiving these objections, the DFFA responds, solely on behalf of the DFFA, to this Request as follows. See attached Exhibit 1 (Constitution and By-Laws of the International Association of Fire Fighters (IAFF)) and Exhibit 2 (Constitution and By-Laws of the DFFA, Local 344).**


2. All documents relating to the authority of the Detroit Public Safety Unions to act as the legal representative of retired, former employees of the City of Detroit.

**RESPONSE:**

**See Response to Request No. 1. With regard to the DFFA, it is not in possession, custody or control of any such documents.**

3. All documents relating to the May 21, 2013, letter from Mark Young of the Detroit Police Lieutenants and Sergeants Association to Brian Easley of Jones Day, attached as Exhibit 1, in which Mr. Young implies that he has authority to represent "current and future retirees."

**RESPONSE:**

**Objection. See Response to Request No. 1, above.**

4. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by the Detroit Public Safety Unions to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the PFRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the PFRS at each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

13-53846-tjt    Doc 835    Filed 09/13/13    Entered 09/13/13 16:41:57    Page 6 of 11

b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.[1]

RESPONSE:

**Objection. See Response to Request No. 1, above and the DFFA's response to Interrogatory No. 6 of Debtor-City's First Set of Interrogatories. Finally, see attached July 12, 2013 letter to Debtor-City's counsel, Messrs. Miller and Heiman. Exhibit 3**

5. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by Detroit Public Safety Unions to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the retiree health benefit programs covering then existing retirees, including but not

---

[1] The July 11, 2013, meeting was conducted pursuant to an agreement regarding Michigan Rule of Evidence and Federal Rule of Evidence 408. Accordingly, these document requests should not be read to include a requirement to disclose documents, to the extent any exist, produced or discussed at such meeting.

limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting retiree health benefits each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

    b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

    c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

**RESPONSE:**

**See Response to Request No. 1, above and the DFFA's Response to Interrogatory No. 7 of Debtor-City's First Set of Interrogatories.**


6. All documents relating to any agreement entered into by Detroit Public Safety Union with the City of Detroit in which the Detroit Public Safety Union agreed to reduce, limit, or otherwise abridge the then existing health benefits provided by the City of Detroit to former employees who had already retired as of the effective date of the agreement.

**RESPONSE:**

**The DFFA is not in possession, custody or control of any such document(s).**

7. All documents relating to any attempt prior to July 19, 2013, by a Detroit Public Safety Union to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize the Detroit Public Safety Union to legally bind him or her in connection with an agreement entered into by the Detroit Public Safety Unions to reduce, limit, or abridge the then existing health benefits provided by the City of Detroit to such retirees.

**RESPONSE:**

**See Response to Document Request No. 6, above.**

8. All documents relating to any agreement entered into by a Detroit Public Safety Union with the City of Detroit in which the Detroit Public Safety Union agreed to reduce, limit, or otherwise abridge the pension rights or benefits – on a prospective basis only – provided to then existing retirees by the PFRS.

**RESPONSE:**

**See Response to Document Request No. 6, above.**

9. All documents relating to any attempt prior to July 19, 2013, by a Detroit Public Safety Union to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize the Detroit Public Safety Union to legally bind him or her in connection with an agreement entered into by the Detroit Public Safety Unions to reduce, limit, or otherwise abridge the pension rights or benefits – on a prospective basis only – provided to then existing retirees by the PFRS.

**RESPONSE:**

**See Response to Document Request No. 6, above.**


10. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by a Detroit Public Safety Union regarding the City of Detroit's financial health, including but not limited to, the City's cash flow, budgets, projected budgets, ability/inability to pay its debts when they become due, or ability/inability to provide civic services.

**RESPONSE:**

**Objection. See Response to Request No. 1, above.**

This Request is also vague, overbroad and burdensome. For example, the DFFA has read virtually every local newspaper article that addresses research, studies or analysis of the City's financial health.

Finally, the DFFA does not have possession, custody or control of any such requested documents.

Dated: September 12, 2013

*/s/ Daniel F. McNamara*
Daniel F. McNamara, President
on behalf of DFFA Local 334

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By: */s/ Barbara A. Patek*
    Barbara A. Patek (P34666)
    Counsel for the Detroit
    Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI 48034
    Telephone: (248) 827-4100
    Facsimile: (248) 827-4106
    E-mail: bpatek@ermanteicher.com

LEGGHIO & ISRAEL, PC
    Christopher P. Legghio (P27378)
    306 S. Washington, Suite 600
    Royal Oak, MI 48067
    Telephone: 248 398 5900 x 1131
    Facsimile: 248 398 2662
    E-mail: CPL@legghioisrael.com