```
-------------------------------------------------------------------x
                                                                   :
In re                                                              :
                                                                   :  Chapter 9
                                                                   :
CITY OF DETROIT, MICHIGAN,                                         :
                                                                   :  Case No. 13-53846
                                    Debtor.                        :
                                                                   :
                                                                   :  Hon. Stephen W. Rhodes
                                                                   :
-------------------------------------------------------------------x
```

**DECLARATION OF CLAUDE D. MONTGOMERY, ESQ. IN SUPPORT OF THE MOTION BY OFFICIAL COMMITTEE OF RETIREES TO STAY DEADLINES AND THE HEARINGS CONCERNING A DETERMINATION OF ELIGIBILITY PENDING DECISION ON MOTION TO WITHDRAW THE REFERENCE**

I, Claude D. Montgomery, Esq., hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1. I am a Partner at Salans FMC SNR Denton Europe LLP ("Dentons") and I am admitted to practice in the Courts of the State of Michigan.

2. Dentons represents the Official Committee of Retirees (the "Committee"), which was appointed by the United States Trustee on August 23, 2013. Dentons was retained as Committee counsel on August 28, 2013. The Committee represents the interests of approximately 23,500 retirees in this case.

3. Dentons filed a Notice of Appearance on behalf of the Committee in this case on August 29, 2013 (Docket No. 683).

4. On July 18, 2013, the City of Detroit, Michigan (the "City") commenced the above-captioned case (the "Bankruptcy Proceeding") under Chapter 9 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Bankruptcy Court"). (Dkt. 1).

1

5. On July 19, 2013, the Debtor filed a Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice and (B) Establishing a Deadline for Objections to Eligibility and a Schedule for Their Consideration (Docket No. 18).

6. In an Order entered on August 2, 2013, the Bankruptcy Court directed the appointment of an Official Committee of Retirees (the "Committee") in the Bankruptcy Proceeding, the members of which were appointed on August 22, 2013. (Dkt. 279).

7. On August 26, 2013, the Bankruptcy Court entered an Order setting forth a discovery schedule with respect to the Eligibility Motion and setting a trial on any objections to the City's eligibility for Chapter 9 relief (the "Eligibility Objections") for October 23, 2013. (Dkt. 296).

8. On September 10, 2013, the Committee filed an Objection to the Eligibility of the City to Be a Debtor Under Chapter 9 of the Bankruptcy Code (the "Committee Eligibility Objection"). (Dkt. 805).

9. The Committee Eligibility Objection asserts that the City of Detroit the City was not was duly authorized for Chapter 9 relief. Among other things, the Committee asserts that that City was not duly authorized as a matter of Michigan state law to file its petition and that the City's filing raises significant issues of first impression of both Michigan state and federal constitutional law. The Committee also asserts that the Bankruptcy Court, as a non-Article III court, cannot determine these issues.

10. On September 11, 2013, the Committee filed a motion to withdraw the reference of the Eligibility Objection to the Bankruptcy Court (the "Withdrawal Motion") so that

the Eligibility Objection may be heard in the United States District Court for the Eastern District of Michigan (the "District Court").

11. On September 12, 2013, the Bankruptcy Court entered an Order establishing hearing dates of October 15 and 16 for Eligibility Objections that raise only legal issues. (Dkt. 821).

12. The Committee Objection states that the City of Detroit was not duly authorized under Michigan state law to file a Chapter 9 petition.

13. Stay relief during the pendency of the determination of the Withdrawal Motion is warranted. In the absence of such a stay, the Committee may suffer the loss of rights guaranteed by Article III of the U.S. Constitution. Furthermore, section 921(e) of the Bankruptcy Code provides that the Bankruptcy Court "may not, on account of an appeal from an order for relief, delay any proceeding under this chapter in the case in which the appeal is being taken; nor shall any court order a stay of such proceeding pending such appeal." 11 U.S.C. § 921(e). Thus, if this Court declares the City eligible for Chapter 9 relief then it will proceed to seek confirmation of a plan that impairs constitutionally protected pension benefits. The Committee may also find its Constitutional challenges to eligibility equitably mooted through confirmation of a plan of reorganization on appeal and therefore bound by the decisions of a non-Article III Court in contravention of basic due process rights to access to an Article III Court. The Committee hasn't consented to have the Eligibility Objection heard by the Bankruptcy Court.

1. The EM has threatened to cut off all City provided retiree medical and other health related coverage and to drastically reduce pension benefits used for ordinary living expenses. According to the EM, "there must be significant cuts in accrued, vested pension

amounts for both active and currently retired persons." *See* June 14 Proposal to Creditors. (Dkt. 11-1, Ex. A at 109) ("City Proposal"). Ultimately, the risk is the loss of life preserving or even life enhancing retirement compensation in the form of pension benefits for ordinary living expenses and City provided medical insurance for individuals not eligible for social security, Medicare and without additional resources. The City's effort to shift costs to retirees by attempting to cut their retirement compensation benefits, including pensions and healthcare benefits, either through elimination of certain insurance coverages or increase in the cost of modified coverage, constitutes irreparable injury in several ways. First, retirees with limited means may forego necessary medical treatment due to the inability to pay increased costs of healthcare. Second, vulnerable and elderly retirees will find it impossible to know the cost of medical expenses and to budget or pay for them, adding emotional anxiety. Third, under the City Proposal retirees may be forced to forego basic living necessities on account of the increased cost of their life preserving medical treatment.

14. Therefore, for the foregoing reasons, the Committee is seeking an *Ex Parte* Motion to expedite the hearing on the Motion to Stay determination of objections to eligibility pending resolution of the Withdrawal Motion.

I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed on September 13, 2013

                                            /*s*/ Claude D. Montgomery
Claude D. Montgomery (P29212)
620 Fifth Avenue
New York, New York 10020
Tel: (212) 632-5500; Fax: (212) 632-5555
Email: claude.montgomery@dentons.com

*Counsel for the Official Committee of Retirees*

