UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------x
In re :
: Chapter 9
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
: Hon. Steven W. Rhodes
Debtor. :
:
------------------------------x

**OBJECTION AND RESPONSES OF INTERNATIONAL UNION, UAW
TO DEBTOR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

International Union, UAW ("UAW") submits these objections and responses to the first request for production of documents of Debtor City of Detroit ("City") (DE#0610). None of these answers shall be deemed a waiver of any defense, claim, privilege, or objection as to relevance or admissibility in any proceedings. The UAW reserves the right to supplement its answers in whole or in part pursuant to the Federal Rules of Civil Procedure.

**General Objections:**

UAW objects to the production of documents that the Debtor already possesses or controls, as it would be cumulative, duplicative, and unduly burdensome.

UAW objects to the production of documents shielded from disclosure by the work product doctrine or attorney-client privilege – which objection is reiterated with particularity in the individual responses below. The UAW accordingly submits its Privilege Log with these objections and answers.

## Responses to Document Requests

1. All documents relating to the categories of membership in UAW, and the extent to which retired, former employees of the City of Detroit are eligible to be members of UAW.

RESPONSE:

Objection: This request is overly broad, vague, and unduly burdensome and to that extent it is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving its objection, the UAW produces documents under Tab 1 in response to this request.

2. All documents relating to the authority of UAW to act as the legal representative of retired, former employees of the City of Detroit.

RESPONSE:

Objection: This request is overly broad and vague, and appears – in the form and manner presented -- to be predicated on a legal conclusion subject to dispute.

Without waiving its objections, the UAW produces documents under Tabs 1 and 2 in response to this request.

3. All documents relating to the May 22, 2013, letter from UAW Local 2211 president Robyn Brooks ("Brooks") to Brian Easley of Jones Day, attached as Exhibit 1, including but not limited to those relating to Brooks' statement: "This Union does not . . . represent current retirees and has no authority to negotiate on their behalf."

RESPONSE:

Objection: This request seeks communications which are shielded from disclosure by the attorney work product doctrine and/or the attorney-client privilege.

In furtherance of this objection, the UAW submits the Privilege Log with this response. No other documents responsive to this request exist.

4. All documents relating to the May 22, 2013, letter from John Cunningham of UAW Region 1 to Brian Easley of Jones Day, attached as Exhibit 2, including but not limited to those

relating to Mr. Cunningham's statement that UAW Local Nos. 412 and 212 "do not . . . represent current retirees and has no authority to negotiate on their behalf."

RESPONSE:

Objection: This request seeks communications which are shielded from disclosure by the attorney work product doctrine and/or the attorney-client privilege.

In furtherance of this objection, the UAW submits the Privilege Log with this response. No other documents responsive to this request exist.

5. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by UAW to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the GRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the GRS at each of the following meetings:

   a. The June 14, 2013, City of Detroit Proposal for Creditors;

   b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

   c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.[1]

RESPONSE:

Objections: **First**, this request is vague. **Second**, this request posits a mistaken factual predicate that the City was presenting proposals for the purpose of inviting negotiation – rather, at each meeting, the City representatives expressly denied that the City was engaged in negotiations over these issues. **Third, and finally**, this request posits that the July 11, 2013 meeting was conducted "pursuant to an agreement regarding Michigan Rule of Evidence and Federal Rule of Evidence 408" so that documents "produced or discussed at such meeting" should not be disclosed, when in fact the July 11, 2013 meeting was not so conducted. Even so, the City cannot assert confidentiality over its own "proposals" yet request documents constituting responses to same.

---

[1] The July 11, 2013, meeting was conducted pursuant to an agreement regarding Michigan Rule of Evidence and Federal Rule of Evidence 408. Accordingly, these document requests should not be read to include a requirement to disclose documents, to the extent any exist, produced or discussed at such meeting.

In short, the City cannot have it both ways. The UAW accordingly objects on the grounds that the request seeks documents outside the permissible scope of Fed.R.Civ.P. 26.

Without waiving its objections, the UAW responds that to the extent it understands this request, it produces documents under Tab 3.

6. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by UAW to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the retiree health benefit programs covering then existing retirees, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting retiree health benefits at each of the following meetings:

   a. The June 14, 2013, City of Detroit Proposal for Creditors;

   b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

   c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

RESPONSE:

Objections: **First**, this request is vague. **Second**, this request posits a mistaken factual predicate that the City was presenting proposals for the purpose of inviting negotiations – rather, at each meeting, the City representatives expressly denied that the City was engaged in negotiations over these issues. **Third, and finally**, this request posits that the July 11, 2013 meeting was conducted "pursuant to an agreement regarding Michigan Rule of Evidence and Federal Rule of Evidence 408" so that documents "produced or discussed at such meeting" should not be disclosed, when, in fact, the July meeting was not so conducted. Even so, the City cannot assert confidentiality over its own "proposals" yet request documents constituting responses to same. In short, the City cannot have it both ways. The UAW accordingly objects on the grounds that the request seeks documents outside the permissible scope of Fed.R.Civ.P. 26.

Without waiving its objections, the UAW responds that to the extent it understands this request it produces documents under Tab 3.

7. All documents relating to any agreement entered into by UAW with the City of Detroit in which UAW agreed to reduce, limit, or otherwise abridge the then existing health benefits

4

provided by the City of Detroit to former employees who had already retired as of the effective date of the agreement.

RESPONSE:

UAW has no responsive documents.

8. All documents relating to any attempt prior to July 19, 2013 by UAW to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize UAW to legally bind them in connection with an agreement entered into by UAW to reduce, limit, or abridge the then existing health benefits provided by the City of Detroit to such retirees.

RESPONSE:

UAW has no responsive documents.

9. All documents relating to any agreement entered into by UAW with the City of Detroit in which UAW agreed to reduce, limit, or otherwise abridge the pension rights or benefits – on a prospective basis only – provided to then existing retirees by the GRS.

RESPONSE:

UAW has no responsive documents.

10. All documents relating to any attempt prior to July 19, 2013 by UAW to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize UAW to legally bind them in connection with an agreement entered into by UAW to reduce, limit, or otherwise abridge the pension rights or benefits – on a prospective basis only – provided to then existing retirees by the Detroit General Retirement System.

RESPONSE:

UAW has no responsive documents.

11. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by UAW regarding the City of Detroit's financial health, including but not limited to, the City's cash flow, budgets, projected budgets, ability/inability to pay its debts when they become due, or ability/inability to provide civic services.

RESPONSE:

Objection: This request appears to seek communications which are shielded from disclosure by the attorney work product doctrine and/or the attorney-client privilege.

In furtherance of this objection, the UAW submits the Privilege Log with this response.

Subject to the foregoing objection, UAW has no responsive documents.


Dated: September 13, 2013
   New York, NY

                   International Union, UAW

              By:  */s/ Babette A. Ceccotti*
                   Cohen, Weiss and Simon LLP
                   Babette A. Ceccotti
                   Thomas N. Ciantra
                   Peter D. DeChiara
                   Joshua J. Ellison
                   330 West 42nd Street
                   New York, NY 10036-6976
                   T: 212-563-4100
                   F: 212-695-5436
                   bceccotti@cwsny.com

                   -and-

                   Niraj R. Ganatra (P63150)
                   Michael Nicholson (P33421)
                   8000 East Jefferson Ave.
                   Detroit, MI 48214
                   T: (313) 926-5216
                   F: (313) 926-5240
                   nganatra@uaw.net
                   mnicholson@uaw.net

                   *Attorneys for International Union, UAW*