UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

**MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES RESPONSES AND OBJECTIONS TO DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

The Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**"), by and through its counsel, as and for its response to Debtor's First Set Of Requests For Production of Documents to AFSCME, hereby responds as follows:

**GENERAL RESPONSES AND OBJECTIONS TO DEBTOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.  AFSCME objects to the First Request for Production of Documents ("**Requests**") to the extent that they seek the production of any document protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege or any other privilege or ground for nonproduction available to it under state or federal statutory, constitutional, bankruptcy, or common law. AFSCME will provide an appropriate privilege log with respect to documents, if any, withheld from production on the ground of one or more applicable privileges or grounds for nonproduction.

2. AFSCME objects to the Requests to the extent that they are overbroad, unduly burdensome, oppressive or not commensurate with legitimate discovery needs.

3. AFSCME objects to the Requests to the extent that they seek materials that are irrelevant or immaterial to the subject matter of this bankruptcy proceeding, or are not reasonably calculated to lead to the discovery of admissible evidence.

4. AFSCME objects to the Requests to the extent that they do not identify the documents to be produced with reasonable particularity. AFSCME has responded to each of the individual Requests as it understands and interprets each request.

5. AFSCME objects to the Requests to the extent that they are redundant, overlapping, repetitive, overbroad, unduly burdensome, oppressive or not commensurate with Debtor's legitimate discovery needs. Accordingly, to the extent that AFSCME produces documents in response to any of the Requests, such documents will not necessarily be produced in response to any other request or requests that may call for their production.

6. AFSCME objects to the Requests to the extent that they call for the production of a trade secret or other confidential research, development, or commercial information under Fed. R. Civ. P. 26.

7. AFSCME objects to the Requests, including, without limitation, the Definitions and Instructions contained therein, to the extent that the Requests purport to require disclosure beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States District Courts for the Eastern District of Michigan.

8. AFSCME objects to the Requests to the extent they seek documents that already are in the Debtor's possession, are readily available to Debtor and/or are a matter of public record.

9. AFSCME objects to the Requests to the extent they seek the production of documents or things from any person or entity not a party to this bankruptcy proceeding.

10. Responsive documents will be made available electronically on a date and time to be arranged with the Debtor's counsel.

11. In responding to the Requests, AFSCME does not waive its right to challenge the relevance, materiality or admissibility of the information or documents provided, or to object to the use of the information or documents in any subsequent proceeding or trial in this bankruptcy. The production of any documents in response to a request shall not constitute any acknowledgment of the propriety of the request, and AFSCME reserves the right to object to any further or additional disclosure sought from it on any ground.

12. AFSCME's response that it will produce documents sought by a particular demand does not constitute an admission that it actually possesses the documents requested or that any such documents exist and are in AFSCME's possession, or, with respect to documents in existence, that it will not assert a particular objection at the time of production based upon privilege.

13. AFSCME reserves the right to rely, at the time of trial or in other proceedings in this bankruptcy, upon documents and evidence in addition to those provided in response to these Requests, specifically including but not limited to discovery produced to parties other than AFSCME.

14. AFSCME reserves the right to withhold from production any document or to redact portions of any document to be produced based upon any objections made herein, including but not limited to privilege.

15. These responses are based on present recollection, knowledge, and belief of AFSCME and its current officers, agents, and/or members reasonably believed to have knowledge of the information sought herein. The responses represent information ascertainable by AFSCME after diligent inquiry as of the date hereof and should not be construed to reflect all facts that may be responsive to these Requests. AFSCME reserves the right to supplement and/or amend these responses if further information becomes available in the course of its inquiry, through discovery, or otherwise. As the Debtor is aware, AFSCME is producing specific documents on a rolling basis due to the practical difficulty and extremely short schedule for discovery in this case. These responses should not be construed as, and do not constitute, a waiver of AFSCME's right to prove additional facts at trial or any other proceeding in this bankruptcy, or to amend these written responses based on additional facts or documents which may come to light as AFSCME is reviewing its own documents or documents produced to AFSCME during this discovery period.

## SPECIFIC RESPONSES

In addition to the General Objections and Responses set forth herein, which are incorporated by reference into each and every response, whether specifically referenced therein or not, AFSCME also states specific additional objections to the requests. By setting forth such specific objections, AFSCME does not limit or restrict the General Objections set forth above.

## Document Request No. 1.

1. All documents relating to the categories of membership in AFSCME, and the extent to which retired, former employees of the City of Detroit are eligible to be members of AFSCME.

**Response:** Objection. To the extent that this request calls for the production of information regarding categories of membership for AFSCME members outside of the City of Detroit, it is overbroad, unduly burdensome, and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. AFSCME will produce relevant non-privileged documents to the extent such documents are in AFSCME's possession. AFSCME will not produce information regarding membership therein which does not apply to current or former employees of the City of Detroit. Without waiver of or prejudice to the foregoing objections, AFSCME will produce relevant non-privileged documents, to the extent such documents exist and are in AFSCME's possession, which will include but not necessarily be limited to the AFSCME International Constitution and the Constitution for Detroit, Michigan, Retiree Sub-Chapter 98.

### Document Request No. 2.

2. All documents relating to the authority of AFSCME to act as the legal representative of retired, former employees of the City of Detroit.

**Response:** Objection. This request is vague and calls for an interpretation of legal authority which is readily available to the Debtor as a matter of public record. To the extent this request asks for documents regarding the membership relationship between AFSCME and retired, former employees of the City of Detroit, those documents will already have been produced in response to Document Request No. 1. Without waiver of or prejudice to the foregoing objections, AFSCME will produce relevant non-privileged documents, to the extent such

documents exist and are in AFSCME's possession, which will include but not necessarily be limited to the Declaration of Steven Kreisberg (originally submitted as Exhibit A to the *Response of AFSCME To The (I) Motion Of Debtor, Pursuant To Section 1102(A)(2) Of The Bankruptcy Code, For Entry Of An Order Directing The Appointment Of A Committee Of Retired Employees And (II) (A) Motion Of Debtor, Pursuant To Sections 102(1)(A) And 105(A) Of The Bankruptcy Code And Rules 2002(M) And 9007 Of The Federal Rules Of Bankruptcy Procedure, For Entry Of An Order Establishing Case Management And Scheduling Procedures And (B) Court's Notice Of Proposed Dates And Deadlines* [Docket No.245]).

### Document Request No. 3.

3. All documents relating to the May 24, 2013, letter from Ed McNeil to Brian Easley of Jones Day, attached as Exhibit 1, including but not limited to those relating to Mr. McNeil's statement, "Please be advised that in accordance with Michigan law, we have no authority in which to renegotiate the Pension or Medical benefits that members of our Union currently receive."

**Response:** Objection. This request is vague and overly broad, in that it seeks documents "relating to" another document. The request does not define the "relation" sought, or what time period the relation should encompass. Subject to and without waiving said objections, AFSCME will produce relevant non-privileged documents to the extent such documents are not protected by Rule 26 or any other privilege and are in AFSCME's possession, including but not necessarily limited to (1) Mr. McNeil's May 24 letter itself, which (a) agrees to a meeting with the City on the question of restructuring pension and retiree medical benefits, and (b) explicitly mentions AFSCME's negotiation of concessions in a previous 2012 "Tentative Agreement" and the fact that those concessions "could have saved well over 50 million dollars," a measurement

-6-

13-53846-tjt   Doc 842   Filed 09/13/13   Entered 09/13/13 17:08:56   Page 6 of 12

which included cost savings from reductions to retiree health care; and (2) a copy of the Tentative Agreement Letter of Understanding, signed by numerous AFSCME locals, which waived AFSCME's right to "arbitrate, participate as a party or sponsor legal action brought by retirees concerning the changes in their health care which" may have arisen as a result of the Tentative Agreement.

## Document Request No. 4.

4. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by AFSCME to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any rights and features of the GRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the GRS at each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

    b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

    c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.[1]

---

[1] The July 11, 2013, meeting was conducted pursuant to an agreement regarding Michigan Rule of Evidence and Federal Rule of Evidence 408. Accordingly, these document requests should not be read to include a requirement to disclose documents, to the extent any exist, produced or discussed at such meeting.

**Response:** Objection. The question is vague and unclear, especially as it assumes information was tendered which called for a response, or that AFSCME was otherwise provided an opportunity to respond. Further, no documents related to any such "proposals" or "counterproposals" by AFSCME exist with respect to the City's June 14 proposal or June 20 and July 11 presentations, as the City made clear that its proposal and presentations did *not* constitute a part of any negotiations with the City. Even more, the "relation" to documents is not defined by time or scope of relation. Without waiver of or prejudice to the foregoing objections, to the extent that AFSCME has documents in its possession related to feedback, criticism, or reactions by AFSCME to the City of Detroit regarding said proposal or presentations, AFSCME will produce any such relevant documents in its possession which are not privileged, including but not necessarily limited to (1) a letter dated June 17, 2013 from Steven Kreisberg, AFSCME Director of Collective Bargaining and Health Care Policy, to Kyle Herman of Miller Buckfire, LLC; and (2) a letter dated July 2, 2013 from Steven Kreisberg to Brian West Easterly of the Jones Day law firm.

**Document Request No. 5.**

5. All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by AFSCME to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the retiree health benefit programs covering then existing retirees, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made respecting the retiree health benefits at each of the following meetings:

    a. The June 14, 2013, City of Detroit Proposal for Creditors;

  b. The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

  c. The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

**Response**: See response to Request No. 4.

### Document Request No. 6.

  6. All documents relating to any agreement entered into by AFSCME with the City of Detroit in which AFSCME agreed to reduce, limit, or otherwise abridge the then existing health benefits provided by the City of Detroit to former employees who had already retired as of the effective date of the agreement.

**Response:** Objection. AFSCME objects to this request as overly broad and unduly burdensome. As a threshold matter, the request has a limitless date range. Further, it calls for information already within the Debtor's possession and/or available in the public record. Subject to the above objections, AFSCME will produce relevant non-privileged documents to the extent such documents exist and are in AFSCME's possession and can be obtained through a reasonable search thereof, including but not necessarily limited to (1) a letter dated August 6, 2013 from Steven Kreisberg, AFSCME Director of Collective Bargaining and Health Care Policy, to Evan Miller of the Jones Day law firm; a proposal titled "Exhibit A Medical Concessions" agreed to by AFSCME and the City of Detroit during the 2011/2012 collective bargaining negotiations; (2) a letter dated August 8, 2013 from Evan Miller of the Jones Day law firm to Steven Kreisberg,

-9-

13-53846-tjt   Doc 842   Filed 09/13/13   Entered 09/13/13 17:08:56   Page 9 of 12

AFSCME Director of Collective Bargaining and Health Care Policy; (3) a letter dated August 19, 2013 from Steven Kreisberg to Brian West Easterly of the Jones Day law firm; (4) a letter dated September 3, 2013 from Brian West Easterly of the Jones Day law firm to Steven Kreisberg, AFSCME Director of Collective Bargaining and Health Care Policy; and (5) the February 1, 2012 Tentative Agreement Letter of Understanding entered into between the City and AFSCME.

### **Document Request No. 7.**

7. All documents relating to any attempt prior to July 19, 2013, by AFSCME to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize AFSCME to legally bind them in connection with an agreement entered into by AFSCME to reduce, limit, or abridge the then existing health benefits provided by the City of Detroit to such retirees.

**Response:** Objection. AFSCME objects to this request as overly broad and unduly burdensome. As a threshold matter, the request has a limitless date range. Further, it potentially applies to thousands of AFSCME retirees. Additionally, any legal right created by law existing now or in the past speaks for itself. AFSCME further objects to the extent this Request plainly calls for privileged documents, including but not limited to documents protected by the attorney-client and attorney work product privileges. Subject to the above objections, AFSCME will produce relevant non-privileged documents to the extent such documents are in AFSCME's possession and can be obtained through a reasonable search thereof.

### **Document Request No. 8.**

8. All documents relating to any agreement entered into by AFSCME with the City of Detroit in which AFSCME agreed to reduce, limit, or otherwise abridge the pension rights or benefits

— on a prospective basis only — provided to then existing retirees by the Detroit General Retirement System.

**Response:** AFSCME objects to this request as being vague, overly broad and unduly burdensome. AFSCME further objects to this request to the extent it may be construed to call for information not relevant to the subject matter of this litigation, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to and without waiving any objections AFSCME states that it has no knowledge of any such document.

### Document Request No. 9.

9. All documents relating to any attempt prior to July 19, 2013, by AFSCME to obtain legal approval or form of legal authority from any existing retiree of the City of Detroit purporting to authorize AFSCME to legally bind them in connection with an agreement entered into by AFSCME to reduce, limit, or otherwise abridge the pension rights or benefits — on a prospective basis only — provided to then existing retirees by the Detroit General Retirement System.

**Response**: See Response to Request No. 7.

### Document Request No. 10.

10. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by AFSCME regarding the City of Detroit's financial health, including but not limited to, the City's cash flow, budgets, projected budgets, ability/inability to pay its debts when they become due, or ability/inability to provide civic services.

**Response**: Objection. AFSCME objects to this request as overly broad, unduly burdensome and improper. As a threshold matter, the request has a limitless date range. AFSCME additionally objects to the extent this Request plainly calls for documents protected by the attorney-client and

attorney work product privileges. Subject to the above objections, AFSCME will produce relevant non-privileged documents to the extent such documents are in AFSCME's possession and can be obtained through a reasonable search thereof.

Dated: September 13, 2013

**LOWENSTEIN SANDLER LLP**
By: /s/ *Sharon L. Levine*
    Sharon L. Levine, Esq.
    John K. Sherwood, Esq.
    Philip J. Gross, Esq.
    65 Livingston Avenue
    Roseland, New Jersey 07068
    (973) 597-2500 (Telephone)
    (973) 597-6247 (Facsimile)
    slevine@lowenstein.com
    jsherwood@lowenstein.com
    pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*