## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## THE DETROIT RETIREMENT SYSTEMS' RESPONSES AND OBJECTIONS TO THE DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, made applicable to this matter by Fed. R. Bankr. P. 7034 and Fed. R. Bankr. P. 9014(c), the General Retirement System of the City of Detroit ("GRS") and the Police and Fire Retirement System of the City of Detroit ("PFRS") (collectively, the "Retirement Systems"), hereby serve their Responses and Objections to the City of Detroit's First Set of Requests for Production of Documents (the "Requests").

## GENERAL OBJECTIONS

1.      On August 26, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an Order Regarding Eligibility Objections Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b) [Dkt. No. 642], which was amended by the First Amended Order Regarding Eligibility Objections Notices of Hearings and Certifications Pursuant to 28 U.S.C.

§ 2403(a) & (b) [Dkt. No. 821] (collectively, the "Orders Regarding Eligibility Objections").  The Orders Regarding Eligibility Objections authorize discovery related to the eligibility objections.  The Retirement Systems object to the Requests to the extent that they seek discovery that is not relevant to the eligibility objections and to the extent that they seek discovery beyond the scope of that established by the Orders Regarding Eligibility Objections.

2.     The Retirement Systems object to the various definitions and instructions contained in the Requests to the extent that they purport to contain requirements different from those imposed by the Federal Rules of Civil Procedure or to define words differently than they are defined in common usage.  The Retirement Systems have responded in accordance with the requirements of the relevant court rules and have interpreted the questions in accordance with common usage, and object to and do not recognize any effort to require them to respond in any other manner.

3.     The Retirement Systems also object to these Requests to the extent they seek identification or production of "all," "any," or "any and all" facts, documents, or other evidence since discovery in this matter is ongoing and further documents may be identified.

4. The Retirement Systems object to each Request to the extent that it seeks any document that (i) is protected from disclosure by the attorney-client privilege; (ii) constitutes attorney work-product; (iii) was prepared in anticipation of litigation or for trial; or (iv) is otherwise privileged or exempt from discovery.

5. The Retirement Systems object to each Request to the extent that it seeks documents protected from disclosure by (i) state or federal law; (ii) any confidentiality doctrines; (iii) any protective order; or (iv) any other privilege and/or immunity.

6. The Retirement Systems object to each Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Fed. R. Civ. P. 26(b)(1), made applicable by Fed. R. Bankr. P. 7026 and Fed. R. Bankr. P. 9014(c).

7. The Retirement Systems object to each Request to the extent that it seeks documents that are already in the possession, custody, or control of the City of Detroit, Michigan (the "City") or the City's counsel, or are otherwise equally available to the City from other less burdensome sources.

8. The Retirement Systems object to each Request to the extent that it is vague, is ambiguous, and/or lacks sufficient precision to allow the Retirement Systems to formulate an appropriate response.

3

9.     The Retirement Systems object to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks documents that are neither relevant to the matters raised in the eligibility objections nor reasonably calculated to lead to the discovery of admissible evidence.

10.    The Retirement Systems object to each Request to the extent that each such Request does not contain a time limitation.  The failure to include a time limitation makes each such Request overly broad, unduly burdensome, oppressive, vague, and/or ambiguous.

11.    The Retirement Systems' failure to object to any Request on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

12.    A response by the Retirement Systems shall not be construed as a waiver of any applicable privilege.

13.    These General Objections will be deemed to be continuing throughout the responses that follow, and any supplemental responses to the Requests, whether or not expressly referred to therein.  The stating of additional or other specific objections shall not constitute a waiver or limitation of these General Objections in their entirety.

4

14.     The Retirement Systems have attempted to locate all relevant and responsive information as of the date hereof.  The Retirement Systems reserve their right to supplement or amend their answers and objections to each Request in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, and/or any applicable order of the United States Bankruptcy Court for the Eastern District of Michigan, as appropriate and warranted.

15.     Any response to the Requests is subject to the Retirement Systems' right to object to the competency, relevance, materiality, or admissibility of any such response or document produced in this or any other proceeding or action. That the Retirement Systems have supplied information or documents in response to the Requests does not constitute an admission by the Retirement Systems that such information and/or documents are relevant or admissible.

## RESPONSES TO DOCUMENT REQUESTS

**1.     All documents, including work papers and data, that support, explain, or may be used to verify the information, data, calculations (including accrued liability and contribution amounts), and actuarial assumptions and methods set forth or used in each annual actuarial report respecting the GRS**

from 2004 to the present, including the draft actuarial report for the plan year ending June 30, 2012 (dated April 2013).

**RESPONSE:**

GRS objects to this Request because it seeks information that is not relevant to the eligibility objections and because it seeks discovery beyond the scope of discovery established by the Orders Regarding Eligibility Objections. GRS also objects to this Request because it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence in violation of Fed. R. Civ. P. 26(b)(1). GRS objects to this Request because it is temporally overbroad, as it seeks information from 2004 to the present.

GRS objects to this Request because, as a practical matter, the phrases "support, explain, or may be used to verify," and "information, data, calculations . . . and actuarial assumptions and methods set forth or used in each annual actuarial report" are undefined, imprecise, vague, and ambiguous. Due to this imprecision, the Request essentially seeks all documents related to GRS's annual actuarial reports. Because the Request fails to describe with "reasonable particularity" each document or communication the City seeks, the Request does not comply with Fed. R. Civ. P. 34(b)(1)(A).

6

Because the Request is imprecise and overbroad, it potentially seeks information which is confidential under state and federal law, including M.C.L. § 38.1140h(3), and/or subject to the accountant-client, attorney-client, and/or work product privileges.

The Request violates Fed. R. Civ. P. 26(b), is duplicative, and is propounded for an improper purpose because it seeks documents which are already in the City's possession, custody, and control. Moreover, and in further violation of Fed. R. Civ. P. 26(b), the Request is unreasonably duplicative and cumulative because the City already propounded a nearly identical request to Gabriel, Roeder, Smith & Company, GRS's actuary ("Gabriel Roeder"), by way of subpoena in these Chapter 9 proceedings. In May of 2013, both GRS and Gabriel Roeder produced to City's Emergency Manager Kevyn D. Orr (the "Emergency Manager") a host of documentation responsive to this Request in response to the Emergency Manager's April 25, 2013 letter requests. As part of a rolling production by the Retirement Systems of over 110,000 pages of documents and materials, on May 4, 10, and 20, 2013, GRS voluntarily produced to Miller Canfield P.L.C., legal counsel to the Emergency Manager, the meeting minutes of GRS's Board of Trustees dating back to 1970, GRS's Annual Reports dating back to 1998, and GRS's Annual Actuarial Reports dating back to 2002, all of which contain information responsive to this

7

request (the "May Production").  The May Production was made pursuant to M.C.L. § 38.11340(h)(3) and subject to the Emergency Manager's promise of confidentiality because of the sensitive nature of personally identifiable information[1] of GRS participants contained within the production, including in the database of census data used to conduct the 2012 Draft Actuarial Report and which is used in the calculation of actual or estimated retirement benefits for members of GRS.  GRS's meeting minutes from July 2004 to present are also publicly available on its website at http://www.rscd.org/gcminutes.htm.  Finally, GRS specifically produced to the Emergency Manager on May 4 the "draft actuarial report for the plan year ending June 30, 2012 (dated April 2013)" which the City seeks in discovery but has now had in its possession for over four months.

GRS also objects to this Request because the burden and expense of the proposed discovery outweighs its likely benefit and the burden for reviewing such records and deriving all or part of the information sought by this Request is substantially the same for the City as it is for GRS.  Fed. R. Civ. P. 26(b)(2)(C)(iii).

Subject to and without waiving these specific objections and the General Objections, GRS expects that between the May Production and Gabriel Roeder's

---

[1] Including, but not limited to, Social Security Numbers and pension identification numbers.

subpoena production, the City will have received all of the documents responsive to this Request.

**2.      All documents, including work papers and data, that support, explain, or may be used to verify the information, data, calculations (including accrued liability and contribution amounts), and actuarial assumptions and methods set forth or used in each annual actuarial report respecting the PFRS from 2004 to the present.**

   **RESPONSE:**

   PFRS objects to this Request because it seeks information that is not relevant to the eligibility objections and because it seeks discovery beyond the scope of discovery established by the Orders Regarding Eligibility Objections. PFRS also objects to this Request because it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence in violation of Fed. R. Civ. P. 26(b)(1).  PFRS objects to this Request because it is temporally overbroad, as it seeks information from 2004 to the present.

   PFRS objects to this Request because, as a practical matter, the phrases "support, explain, or may be used to verify," and "information, data, calculations . . . and actuarial assumptions and methods set forth or used in each annual actuarial

report" are undefined, imprecise, vague, and ambiguous. Due to this imprecision, the Request essentially seeks all documents related to PFRS's annual actuarial reports. Because the Request fails to describe with "reasonable particularity" each document or communication the City seeks, the Request does not comply with Fed. R. Civ. P. 34(b)(1)(A).

Because the Request is imprecise and overbroad, it potentially seeks information which is confidential under state and federal law, including M.C.L. § 38.1140h(3), and/or subject to the accountant-client, attorney-client, and/or work product privileges.

The Request violates Fed. R. Civ. P. 26(b), is duplicative, and is propounded for an improper purpose because it seeks documents which are already in the City's possession, custody, and control. Moreover, and in further violation of Fed. R. Civ. P. 26(b), the Request is unreasonably duplicative and cumulative because the City already propounded a nearly identical request to Gabriel Roeder by way of subpoena in these Chapter 9 proceedings. Furthermore, in May of 2013, both PFRS and Gabriel Roeder produced to the Emergency Manager a host of documentation responsive to this Request in response to the Emergency Manager's April 25, 2013 letter requests. As part of the May Production, PFRS voluntarily produced to Miller Canfield P.L.C., legal counsel to the Emergency Manager, the

10

meeting minutes of PFRS's Board of Trustees dating back to 1970, PFRS's Annual

Reports dating back to 1998, and PFRS's Annual Actuarial Reports dating back to

2002, all of which contain information responsive to this Request (as referred to

above, the "May Production").  The May Production was made pursuant to M.C.L.

§ 38.11340(h)(3) and subject to the Emergency Manager's promise of

confidentiality because of the sensitive nature of personally identifiable

information[2] of PFRS participants contained within the production, including in the

database of census data used to prepare PFRS's 2012 Actuarial Report and which

is used in the calculation of actual or estimated retirement benefits for members of

PFRS.  PFRS's meeting minutes from July 2004 to present are also publicly

available on its website at http://www.pfrsdetroit.org/board-minutes.aspx. The City

has had the vast majority of the May Production in its possession for over four

months.

   PFRS also objects to this Request because the burden and expense of the

proposed discovery outweighs its likely benefit and the burden for reviewing such

records and deriving all or part of the information sought by this Request is

substantially the same for the City as it is for PFRS.   Fed. R. Civ. P.

26(b)(2)(C)(iii).

---

[2] See Footnote 1.

Subject to and without waiving these objections and the General Objections, PFRS expects that between the May Production and Gabriel Roeder's subpoena response, the City will have received all of the documents responsive to this Request.

**3.     All documents that reflect any authority delegated to or otherwise possessed by the trustees of GRS to eliminate or reduce – on a prospective basis only – the benefits, rights and features (including but not limited to the elements of the pension formula) of the pensions provided to GRS members who are already retired from the City of Detroit.**

**RESPONSE:**

GRS objects to this Request because, as a practical matter, the Request as written is incomprehensible where the phrases "any authority," "delegated to," "otherwise possessed," "eliminate or reduce,"  "benefits, rights and features (including but not limited to the elements of the pension formula)," and "pensions" are undefined, imprecise, vague, and ambiguous.  See General Objection No. 2. Due to this imprecision, it is difficult to ascertain what documents are sought by the Request. Because the Request fails to describe with "reasonable particularity" each document or communication the City seeks, the Request does not comply

12

with Fed. R. Civ. P. 34(b)(1)(A).  Additionally, the Request appears to ask GRS to draw legal conclusions as to which documents would be responsive.  See General Objection No. 2.  GRS also objects to this Request because it is temporally overbroad, as it seeks documents dating back through perpetuity.

Subject to and without waiving these specific objections and the General Objections, no responsive documents exist because Article IX, section 24 of the Michigan Constitution of 1963 (the "Pension Clause") prohibits the GRS Trustees from taking any action that would impair or diminish accrued pension benefits.

**4.      All documents that reflect any authority delegated to or otherwise possessed by the trustees of GRS to eliminate or reduce – on a prospective basis only – the benefits, rights and features (including but not limited to the elements of the pension formula) of the pensions provided to GRS participants who are actively employed by the City of Detroit.**

**RESPONSE:**

GRS incorporates the General Objections and the specific objections raised in response to Request No. 3 by reference.

Subject to and without waiving these specific objections and the General Objections, GRS states that no responsive documents exist because the Pension

13

Clause prohibits the GRS Trustees from taking any action that would impair or diminish accrued financial benefits.

**5.      All documents that reflect any authority delegated to or otherwise possessed by the trustees of PFRS to eliminate or reduce – on a prospective basis only – the benefits, rights and features (including but not limited to the elements of the pension formula) of the pensions provided to PFRS participants who are already retired from the City of Detroit.**

**RESPONSE:**

PFRS objects to this Request because, as a practical matter, the Request as written is incomprehensible where the phrases "any authority," "delegated to," "otherwise possessed," "eliminate or reduce,"  "benefits, rights and features (including but not limited to the elements of the pension formula)," and "pensions" are undefined, imprecise, vague, and ambiguous.  See General Objection No. 2. Due to this imprecision, it is difficult to ascertain what documents are sought by the Request. Because the Request fails to describe with "reasonable particularity" each document or communication the City seeks, the Request does not comply with Fed. R. Civ. P. 34(b)(1)(A).  Additionally, the Request appears to ask PFRS to draw legal conclusions as to which documents would be responsive.  See

14

General Objection No. 2. PFRS also objects to this Request because it is temporally overbroad, as it seeks documents dating back through perpetuity.

Subject to and without waiving these specific objections and the General Objections, PFRS states that no responsive documents exist because the Pension Clause prohibits the PFRS Trustees from taking any action that would impair or diminish accrued pension benefits.

**6.      All documents that reflect any authority delegated to or otherwise possessed by the trustees of PFRS to eliminate or reduce – on a prospective basis only – the benefits, rights and features (including but not limited to the elements of the pension formula) of the pensions provided to PFRS participants who are actively employed by the City of Detroit.**

**RESPONSE:**

PFRS incorporates the General Objections and the specific objections raised in response to Request No. 5 by reference.

Subject to and without waiving these specific objections and the General Objections, PFRS states that no responsive documents exist because the Pension Clause prohibits the PFRS Trustees from taking any action that would impair or diminish accrued financial benefits.

15

**7.** All documents relating to the proposition that absent a Chapter 9 case, if the Retirement Systems had reached agreement with the City of Detroit on reducing or eliminating benefits, rights and features of the GRS and PFRS (including but not limited to the elements of the pension formula) for existing retirees – on a prospective basis only – the Retirement Systems possessed the legal power to bind those existing retirees absent each such retiree's express approval.

**RESPONSE:**

Subject to and without waiving the General Objections, and notwithstanding the impossibility of the hypothetical posed, the Retirement Systems are not aware of any such documents in their possession, custody, or control.

**8.** All documents relating to the proposition that absent a Chapter 9 case, if the Retirement Systems had reached agreement with the City of Detroit on reducing or eliminating benefits, rights and features of the GRS and PFRS (including but not limited to the elements of the pension formula) for existing active employees, the Retirement Systems possessed the legal power to bind those active employees absent each such employee's or his or her union's approval.

16

**RESPONSE:**

Subject to and without waiving the General Objections, and notwithstanding the impossibility of the hypothetical posed, the Retirement Systems are not aware of any such documents in their possession, custody, or control.

9.     All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by GRS to the City of Detroit, between March 14, 2013, and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the GRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made at each of the following meetings:

a.     The June 14, 2013, City of Detroit Proposal for Creditors;

b.     The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations; and

c.     The July 11, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations.

17

**RESPONSE:**

Subject to and without waiving the General Objections, GRS states that it is not currently aware of any responsive documents but will supplement this response as necessary under the relevant court rules.

**10.     All documents relating to any feedback, criticism, reactions, proposals, or counterproposals made by PFRS to the City of Detroit, between March 14, 2013 and July 19, 2013, in connection with a restructuring, reduction, modification, or elimination of any benefits, rights and features of the PFRS, including but not limited to feedback, criticism, reactions, or counterproposals in response to the proposals the City of Detroit made at each of the following meetings:**

    **a.     The June 14, 2013, City of Detroit Proposal for Creditors;**

    **b.     The June 20, 2013, presentation by the City of Detroit's professional advisors to the Retirement Systems, unions, and retiree associations, by the City of Detroit's professional advisors; and**

    **c.     The July 11, 2013 presentation by the City of Detroit's professional advisors.**

18

**RESPONSE:**

Subject to and without waiving the General Objections, PFRS states that it is not currently aware of any responsive documents but will supplement this response as necessary under the relevant court rules.

**11. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by GRS or PFRS regarding the City of Detroit's financial health, including but not limited to, the City's cash flow, budgets, projected budgets, ability/inability to pay its debts when they become due, or ability/inability to provide civic services.**

**RESPONSE:** The Retirement Systems object to this Request on the following grounds:

As a practical matter, the phrases and terms "any research, studies, or analysis," "financial health," "cash flow," "budgets," "projected budgets," "ability/inability to pay its debts when they become due," and "ability/inability to provide civic services" are undefined, imprecise, vague, and ambiguous. Due to this imprecision, it appears that the Request essentially seeks all documents related to the City. Because the Request fails to describe with "reasonable particularity" each document or communication the City seeks, the Request does not comply

19

with Fed. R. Civ. P. 34(b)(1)(A).  Moreover, the Request is temporally overbroad because it seeks documents dating back through perpetuity.

Because the Request is imprecise and overbroad it potentially seeks information which is confidential under state and federal law, including M.C.L. § 38.1140h(3), and/or subject to the accountant-client, attorney-client, and/or work product privileges.

Subject to and without waiving these specific objections and the General Objections, documents responsive to this request were produced by the City in a password-protected online data room and at meetings on June 14, June 20, June 25, July 9, and/or July 10, 2013 and are therefore already in the City's possession, custody and control.  Any other non-privileged documents responsive to the Request will be produced, subject to the objections above.

Respectfully submitted,

CLARK HILL PLC


/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated:  September 13, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 13, 2013, the foregoing Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Requests for Production of Documents was filed using the Court's CM/ECF system, which will send notification of such filing to all parties of record.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
Evan J. Feldman (P73437)
151 S. Old Woodward Ave, Ste 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: September 13, 2013        *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

23

9508174.2 34959/137210