IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                                           :

In re                                           :         Chapter 9

CITY OF DETROIT, MICHIGAN,       :         Case No. 13-53846

                Debtor.                :         Hon. Steven W. Rhodes

------------------------------------------------------x


# CITY OF DETROIT, MICHIGAN'S OBJECTIONS AND RESPONSES TO THE REQUESTS FOR ADMISSIONS IN INDIVIDUAL/CREDITOR/CLAIMANT HEIDI PETERSON'S (SECOND) CORRECTED DISCOVERY REQUESTS

Pursuant to Federal Rules of Civil Procedure Rules 26 and 36, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7036, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to the requests for admission in Individual/Creditor/Claimant Heidi Peterson's (Second) Corrected Discovery Requests (the "Requests for Admission").

# GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Requests for Admission. The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

2. The City's response to each and every one of these Requests for Admission is subject to any applicable competence, relevance, materiality, propriety, and admissibility objections, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if any of these Requests for Admission were asked of, or statements contained herein were made by, a witness present and testifying in court. The City explicitly reserves all such objections and may interpose them at trial.

3. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent that they seek

information subject to the attorney-client privilege, attorney work product doctrine, the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party. Further, any responses to these Requests for Admission shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

4. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

5. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

6. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as unduly burdensome and

oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive information. Accordingly, the City's responses to these Requests for Admission are based upon (1) a reasonable search, given the time permitted to respond to these Requests for Admission, of facilities and files reasonably expected to possess responsive information and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive information.

7. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek discovery of information that is not reasonably accessible on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular interrogatory, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

8. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as overbroad, unduly burdensome, cumulative, and duplicative to the extent they seek the production of "all" and "any" information of a specified type or nature, when a limited amount of information would suffice to provide a response. The City also objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as overbroad, vague, and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information regarding "any" or "all" persons, entities, objects, or events.

10. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the

extent they seek information relating to an individual topic or subject area for a time period outside the scope of the subject matter at issue in this proceeding.

11.     The City objects to each and every one of the Objector's definitions, instructions, and Requests for Admission to the extent that they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to answer.

12.     The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Interrogatory to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Interrogatory.

13.     The City objects to these Requests for Admission to the extent that they do not specify a responsive time period as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the City's responses to these Requests for Admission are limited to the time period of December 1, 2011 through July 18, 2013.

6
13-53846-tjt    Doc 848    Filed 09/13/13    Entered 09/13/13 20:42:39    Page 6 of 12

14. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, the City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent the information sought is equally available to the Objector, including information that is publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

15. The City's Objections are made based on its understanding and interpretation of each Request for Admission. The City reserves the right to supplement its Objections should Objector subsequently put forth an interpretation of any Request for Admission differing from the City's interpretation of the same language. The City reserves the right to object on any ground at any time to other discovery requests Objections may propound involving or relating to the same subject matter of these Requests for Admission.

16. The City's responses to these Requests for Admission reflect the current state of its knowledge and understanding regarding matters about which the inquiry has been made. The City reserves its rights to supplement or modify its responses with any relevant information as it may hereafter discover and will do so

to the extent required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

17. By responding to these Requests for Admission, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

18. Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

### SPECIFIC RESPONSES

1. **REQUEST**: Please admit that homeowner Peterson made efforts to resolve her problems with the city but that city personnel either ignored Peterson or went out of their way to not deal with Peterson in good faith.

**RESPONSE**: In addition to its General Objections, the City objects to Request for Admission No. 1 as neither relevant to the question of eligibility nor

reasonably calculated to lead to the discovery of admissible evidence. The City further objects that it is unduly burdensome and distracting for the City to have to investigate and respond to discovery requests that relate uniquely to the objections or personal complaints of individual objectors. can be provided upon request.

> 2. **REQUEST**: Please admit that the state all along was interested in moving Detroit quickly into bankruptcy for the reason that it was in the State's best interest for Detroit to be in bankruptcy.

**RESPONSE**: In addition to its General Objections, the City objects to Request for Admission No. 2 as neither relevant to the question of eligibility nor reasonably calculated to lead to the discovery of admissible evidence. The City further objects that it is unduly burdensome and distracting for the City to have to investigate and respond to discovery requests that relate uniquely to the objections or personal complaints of individual objectors.

> 3. **REQUEST**: Please admit that the state lottery money allegedly earmarked for Detroit schools never reaches Detroit schools and that it is common practice in Lansing to ignore Detroit's interests.

**RESPONSE**: In addition to its General Objections, the City objects to Request for Admission No. 3 as neither relevant to the question of eligibility nor reasonably calculated to lead to the discovery of admissible evidence. The City

9
13-53846-tjt    Doc 848    Filed 09/13/13    Entered 09/13/13 20:42:39    Page 9 of 12

further objects that it is unduly burdensome and distracting for the City to have to investigate and respond to discovery requests that relate uniquely to the objections or personal complaints of individual objectors.

> 4. **REQUEST**: Please admit that persons are taxed according to their apparent ability to pay rather than the value of their property and that such a system results in squatters living for free and homeowners carrying the burden by paying higher tax rates.

**RESPONSE**: In addition to its General Objections, the City objects to Request for Admission No. 4 as neither relevant to the question of eligibility nor reasonably calculated to lead to the discovery of admissible evidence. The City further objects that it is unduly burdensome and distracting for the City to have to investigate and respond to discovery requests that relate uniquely to the objections or personal complaints of individual objectors.

Dated: September 13, 2013      Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

      I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to the Requests for Admissions in Individual/Creditor/Claimant Heidi Peterson's (Second) Corrected Discovery Requests was filed and served via the Court's electronic case filing and noticing system on this 13th day of September, 2013.

Dated: September 13, 2013            /s/ Bruce Bennett
                                                   Bruce Bennett