# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------ x
                                                 :
In re                                            :    Chapter 9
                                                 :
CITY OF DETROIT, MICHIGAN,                       :    Case No. 13-53846
                                                 :
                    Debtor.                      :    Hon. Steven W. Rhodes
                                                 :
                                                 :
                                                 x

## CITY OF DETROIT, MICHIGAN'S OBJECTIONS AND RESPONSES TO DETROIT RETIREMENT SYSTEMS' FIRST REQUESTS FOR ADMISSION DIRECTED TO THE CITY OF DETROIT, MICHIGAN

Pursuant to Federal Rules of Civil Procedure Rules 26 and 36, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7036, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to the Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit, Michigan (the "Requests for Admission").

### GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Requests for Admission. The

assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of Objectors' general objections.

1. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

2. The City's response to each and every one of these Requests for Admission is subject to any applicable competence, relevance, materiality, propriety, and admissibility objections, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if any of these Requests for Admission were asked of, or statements contained herein were made by, a witness present and testifying in court. The City explicitly reserves all such objections and may interpose them at trial.

3. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the

extent that they seek information subject to the attorney-client privilege, attorney work product doctrine, the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party. Further, any responses to these Requests for Admission shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

4. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

5. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to

3

privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

6. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive information. Accordingly, the City's responses to these Requests for Admission are based upon (1) a reasonable search, given the time permitted to respond to these Requests for Admission, of facilities and files reasonably expected to possess responsive information and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive information.

7. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek discovery of information that is not reasonably accessible on the grounds of undue burden and cost. By stating that it

will produce or make available information responsive to a particular interrogatory, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

8. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as overbroad, unduly burdensome, cumulative, and duplicative to the extent they seek the production of "all" and "any" information of a specified type or nature, when a limited amount of information would suffice to provide a response. The City also objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as overbroad, vague, and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information regarding "any" or "all" persons, entities, objects, or events.

10. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information relating to an individual topic or subject area for a time period outside the scope of the subject matter at issue in this proceeding.

11. The City objects to each and every one of the Objectors' definitions, instructions, and Requests for Admission to the extent that they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to answer.

12. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues

of law subject to resolution by the court. The City will respond to each and every Interrogatory to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Interrogatory.

13. The City objects to these Requests for Admission to the extent that they do not specify a responsive time period as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the City's responses to these Requests for Admission are limited to the time period of December 1, 2011 through July 18, 2013.

14. The City objects to the definition of "City", "you", and "your" insofar as it purports to include "the City of Detroit, Michigan, and, as applicable, its officers, employees, representatives, attorneys, advisors, and/or agents" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for information that is not within the possession, custody, or control of the City.

15. The City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or

duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, the City objects to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information that is publicly available and/or already in the Objectors' possession, as providing such information would be unduly burdensome.

16. The City's Objections are made based on its understanding and interpretation of each Request for Admission. The City reserves the right to supplement its Objections should Objectors subsequently put forth an interpretation of any Request for Admission differing from the City's interpretation of the same language. The City reserves the right to object on any ground at any time to other discovery requests Objections may propound involving or relating to the same subject matter of these Requests for Admission.

17. The City's responses to these Requests for Admission reflect the current state of its knowledge and understanding regarding matters about which the inquiry has been made. The City reserves its rights to supplement or modify its responses with any relevant information as it may hereafter discover and will do so to the extent

required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

18. By responding to these Requests for Admission, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objectors' characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

19. Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

### REQUESTS FOR ADMISSION

**1. Admit that Article IX, section 24 of the Michigan Constitution prohibits Accrued Financial Benefits from being impaired or diminished.**

RESPONSE: The City denies the Request. The City refers to its Consolidated Reply brief to Objections. See DE #765.

**2. Admit that Article IX, section 24 of the Michigan Constitution prohibits the Governor from taking any action, directly or indirectly by authorizing action by a third party, that diminishes or impairs Accrued Financial Benefits.**

RESPONSE: The City denies the Request. The City refers to its Consolidated Reply brief to Objections. See DE #765.

**3. Admit that Article IX, section 24 of the Michigan Constitution prohibits the City from taking any action that diminishes or impairs Accrued Financial Benefits.**

RESPONSE: The City denies the Request. The City refers to its Consolidated Reply brief to Objections. See DE #765.

**4. Admit that the Governor has no authority under the Michigan Constitution to authorize a case under chapter 9 of the Bankruptcy Code pursuant to which Accrued Financial Benefits will be diminished or impaired.**

RESPONSE: The City denies the Request. The City refers to its Consolidated Reply brief to Objections. See DE #765.

**5. Admit that the Restructuring Proposal proposes to impair or diminish Accrued Financial Benefits of the participants of the Retirement Systems.**

RESPONSE: The City admits that the Restructuring Proposal contemplates a reduction in Accrued Financial Benefits to participants

of the Retirement Systems, but seeks agreement and acceptance by plan beneficiaries.  The City's intentions are to gain consensus with its creditors and propose a confirmable plan.   The remainder of this Request is denied.

> **6. Admit that the Bankruptcy Recommendation proposes, among other things, to diminish or impair Accrued Financial Benefits of the participants in the Retirement Systems.**

**RESPONSE**:   The City admits that the Bankruptcy Recommendation contemplates a reduction in Accrued Financial Benefits to participants of the Retirement Systems, but seeks agreement and acceptance by plan beneficiaries.  The City's intentions are to gain consensus with its creditors and propose a confirmable plan.  The remainder of this Request is denied.

> **7. Admit that the Governor's Authorization adopts the Bankruptcy Recommendation without modification.**

**RESPONSE:**  Admitted.

> **8. Admit that by adopting and approving the Bankruptcy Recommendation, including its proposal to diminish or impair Accrued Financial Benefits, the Governor's Authorization violated Article IX, section 24 of the Michigan Constitution.**

**RESPONSE**:  The City denies the Request.  The City refers to its Consolidated Reply brief to Objections.  See DE #765.

**9.     Admit that the Governor's Authorization could have included, under PA 436, a contingency prohibiting the diminishment or impairment of Accrued Financial Benefits.**

**RESPONSE**:  The City denies the Request.  The City refers to its Consolidated Reply brief to Objections.  See DE #765.

**10.    Admit that the Governor's Authorization, having no contingencies limiting the proposal under the Bankruptcy Recommendation or otherwise prohibiting the City from seeking to diminish or impair Accrued Financial Benefits through this Chapter 9 Case, violated Article IX, section 24 of the Michigan Constitution.**

**RESPONSE**:  The City denies the Request.  The City refers to its Consolidated Reply brief to Objections.  See DE #765.

**11.    Admit that the Governor's Authorization enables the City to seek to diminish or impair Accrued Financial Benefits through this Chapter 9 Case.**

**RESPONSE**:  Admitted.

**12.    Admit that the City intends to seek to diminish or impair the Accrued Financial Benefits of the participants in the Retirement Systems through this Chapter 9 Case.**

**RESPONSE:**  Admitted.

**13.    Admit that, prior to June 14, 2013, no restructuring proposal had been made by the City and/or the Emergency Manager to the Retirement Systems.**

**RESPONSE**:  Denied.

**14. Admit that neither the City nor the Emergency Manager or his advisors had any bilateral negotiations with the Retirement Systems prior to the Petition Date.**

RESPONSE: Denied.

**15. Admit that, as of the Petition Date, the financial information provided by the City to creditors in support of its Restructuring Proposal was not comprehensive of all material information relating to the City's financial condition and did not include certain material financial information, including, but not limited to, projected cash flows to the City from the creation of a Water Authority and income from any sale or other disposition of any artwork at the Detroit Institute of Arts, Belle Isle, or other real estate.**

RESPONSE: The City objects to the term "comprehensive" as vague and ambiguous and refers Objector to the language of the Restructuring Proposal and the information therein. See DE #11-1, Ex. A. On that basis, the Request is denied.

13
13-53846-tjt    Doc 849    Filed 09/13/13    Entered 09/13/13 20:46:32    Page 13 of 15

Dated: September 13, 2013     Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit, Michigan was filed and served via the Court's electronic case filing and noticing system on this 13th day of September, 2013.

Dated: September 13, 2013
/s/ Bruce Bennett
Bruce Bennett

15
13-53846-tjt    Doc 849    Filed 09/13/13    Entered 09/13/13 20:46:32    Page 15 of 15