# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
----------------------------------------------- x
                                                :
In re                                           :            Chapter 9
                                                :
CITY OF DETROIT, MICHIGAN,                      :            Case No. 13-53846
                                                :
                         Debtor.                :            Hon. Steven W. Rhodes
                                                :
                                                :
                                                x
```

## CITY OF DETROIT, MICHIGAN'S OBJECTIONS AND RESPONSES TO THE FIRST REQUEST OF INTERNATIONAL UNION, UAW AND FLOWERS PLAINTIFFS FOR PRODUCTION OF DOCUMENTS BY THE CITY OF DETROIT AND KEVYN ORR

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure Rules 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to the First Request of International Union, UAW and Flowers Plaintiffs for Production of Documents by the City of Detroit and Kevyn Orr (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to the Document Requests served by the International Union, UAW and Flowers Plaintiffs (the "Objectors"). The assertion of the same, similar,

or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

2.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary

information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

4.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

5.     The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688) Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of electronic information that is not reasonably accessible on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will

produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

7.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive documents.  Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive documents.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9.     The City objects to each and every one of the Objectors' definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally.  Such

definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

10. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.

11. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12. The City objects to these Document Requests to the extent that they do not specify a responsive time period as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the City's responses to these Interrogatories are limited to the time period of December 1, 2011 through July 18, 2013.

13. The City objects to the definition of "City" insofar as it purports to include "the City of Detroit, Michigan, including all agencies and departments thereof, and, for each, where applicable, the City's employees, attorneys, and agents of any kind" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for information that is not within the possession, custody, or control of the City.

14. The City objects to the definition of "you" and "your" insofar as it purports to include "the City of Detroit, Michigan, including all agencies and departments thereof, and, for each, where applicable, the City's employees, attorneys, and agents of any kind" and Kevyn Orr because such an expansive

definition is overly broad, unduly burdensome, and potentially calls for information that is not within the possession, custody, or control of the City.

15.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objectors' possession, as providing such information would be unduly burdensome.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

13-53846-tjt    Doc 853    Filed 09/13/13    Entered 09/13/13 21:15:16    Page 7 of 24

17.     The City's objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

18.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objectors' characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

19.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

20.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

8

# REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:** All documents, communications or other tangible things, contained in the "Data Room" as that term is defined in Paragraph 104 of the Orr Declaration. Documents in the Data Room need not be produced separately in response to this Request so long as UAW and the Flowers Plaintiffs are provided access to the Data Room without a required execution of a Non-Disclosure Agreement, a Milliman Release, or other confidentiality agreement, except with respect to any personally identifiable information.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 2:** All documents or communications between you and Governor Rick Snyder, including Governor Snyder's aides and agents, concerning Article 9, Section 24 of the Michigan Constitution specifically or the vested pensions of City employees and former employees generally, including concerning the development of the Restructuring Proposals as set forth on pages 109 of the Creditors' Proposal regarding "Claims For Unfunded OPEB Liabilities" and "Claims For Unfunded Pension Liabilities."

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers

containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 3:** All documents or communications between you and State Treasurer Andy Dillon, including the State Treasurer's aides and agents, concerning Article 9, Section 24 of the Michigan Constitution specifically or the vested pensions of City employees and former employees generally, including concerning the development of the Restructuring Proposals as set forth on pages 109 of the Creditors' Proposal regarding "Claims For Unfunded OPEB Liabilities" and "Claims For Unfunded Pension Liabilities."

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 4:** All documents or
> communications between you and Governor Rick Snyder, including
> Governor Snyder's aides and agents, concerning Article 9, Section 24
> of the Michigan Constitution specifically or the vested pensions of
> City employees and former employees generally, including
> concerning the development of the "Assumptions in 10-Year
> Projections" as set forth in the Creditors Proposal with respect to the
> "Legacy Expenditures" identified on page 95 of the Creditors
> Proposal.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:

The City objects to this document request as overbroad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. The

City also objects to this document request to the extent it requires answers

containing legal opinions or contentions that relate to fact or the application of law

to fact.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 5:** All documents or
> communications between you and State Treasurer Andy Dillon,
> including the State Treasurer's aides and agents, concerning Article 9,
> Section 24 of the Michigan Constitution specifically or the vested

pensions of City employees and former employees generally, including concerning the development of the "Assumptions in 10-Year Projections" as set forth in the Creditors Proposal with respect to the "Legacy Expenditures" identified on page 95 of the Creditors Proposal.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 6:** All documents or communications relating to pensions of and pension plans (including the General Retirement System for the City of Detroit) for active and retired employees of the City of Detroit and its component units with any investment bankers, financial advisors, actuaries or actuarial consulting firms, law firms or accounting firms, including Milliman, Conway MacKenzie, Inc., Ernst & Young, Jones Day or Miller Buckfire. The terms "pensions" and "pension plans" include pension funding, a freeze of benefit accruals, unfunded actuarial liability, actuarial assumptions and the City's contribution obligations to the General Retirement System for the City of Detroit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

The City objects to this document request as overbroad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence.

Specifically, the City objects to this document request as overbroad insofar as it

seeks documents related to "any investment bankers, financial advisors, actuaries

or actuarial consulting firms, law firms or accounting firms" without limitation.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 7:** All documents or
> communications regarding a chapter 9 filing by the City, including the
> authorization for filing a chapter 9 petition in this Bankruptcy Case,
> that were sent by, sent to or received by you from any of the
> following: Governor Rick Snyder, State Treasurer Andy Dillon, any
> of the Governor's aides or agents, any of the State Treasurer's aides or
> agents; Detroit City Mayor Dave Bing and/or any staff employed in
> his office.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

The City objects to this document request as overbroad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. The

City also objects to this document request to the extent it requires answers

containing legal opinions or contentions that relate to fact or the application of law
to fact.

Subject to and without waiving these specific objections or the general
objections noted above, the City responds that it will produce non-privileged
documents in its possession, custody, or control, to the extent they exist, that are
reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 8:**  All documents or
> communications regarding a chapter 9 filing by the City, including the
> authorization for filing a chapter 9 petition in this Bankruptcy Case,
> that were sent by, sent to or received by you from any of the
> following: Miller Buckfire; Ernst & Young; Milliman; Conway
> MacKenzie, Inc.; Jones Day.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

The City objects to this document request as overbroad, unduly burdensome, and
not reasonably calculated to lead to the discovery of admissible evidence.  The
City also objects to this document request to the extent it requires answers
containing legal opinions or contentions that relate to fact or the application of law
to fact.

Subject to and without waiving these specific objections or the general
objections noted above, the City responds that it will produce non-privileged
documents in its possession, custody, or control, to the extent they exist, that are
reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 9:** All documents or communications regarding the appointment of an Emergency Manager for the City sent by any of the following: Governor Rick Snyder and any of the Governor's aides or agents; State Treasurer Andy Dillon and any of the State Treasurer's aides or agents; Detroit City Mayor Dave Bing and any staff member employed by his office.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 10:** To any extent not covered by Request No. 9 above or otherwise, all documents or communications relating to Governor Rick Snyder's decision to authorize the filing of a chapter 9 bankruptcy petition by the City (including those communications that preceded the July 16, 2013 request from Orr), including the City's eligibility to file a petition under chapter 9, and Orr's request for authorization to file a chapter 9 bankruptcy petition.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.

**10:** The City objects to this document request as overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence. The

City also objects to this document request to the extent it requires answers

containing legal opinions or contentions that relate to fact or the application of law

to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 11:** All documents or communications relating to Governor Rick Snyder's decision not to place contingencies on the bankruptcy filing, including documents or communications relating to any consideration of whether contingencies should be included in light of Article 9, Section 24 of the Michigan Constitution or the vested pension benefits of City employees and former employees generally.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**11:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 12:** All documents or communications relating to Governor Snyder's decision to include the

following statement in the July 18, 2013 Authorization to Commence Chapter 9 Bankruptcy Proceeding attached as Exhibit K to the Orr Declaration: "Federal law already contains the most important contingency—a requirement that the plan be legally executable. 11 U.S.C. 943(b)(4)."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**12:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 13:** All documents or communications relating to the Creditors Proposal, as the Proposal relates to pension benefits, the City's contribution obligations to the General Retirement System for the City of Detroit, funding for pension benefits, unfunded actuarial liability, any actuarial assumptions related to the foregoing, and retiree health benefits and "OPEB" liabilities, including but not limited to documents relating to the development of the Proposal's terms with respect to the General Retirement System, freezing pension accruals, accrued pension benefits and retiree health benefits and OPEB liabilities.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**13:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 14:** All documents or communications relating to the "City of Detroit June 20, 2013 Retiree Legacy Cost Restructuring Non-Uniform Retirees," as that document relates to pension benefits, the City's contribution obligations to the General Retirement System for the City of Detroit, funding for pension benefits, unfunded actuarial liability, any actuarial assumptions related to the foregoing, and retiree health benefits and OPEB liabilities, including but not limited to documents relating to the development of the "Objectives for Retiree Health Care Restructuring," "Proposed Retiree Health Care Restructuring and all sections related to pensions and pension funding.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**14:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 15:** All documents or communications concerning the assertions regarding pension benefits, pension funding, actuarial assumptions and methodology, interest rate assumptions and unfunded actuarial liability set forth in paragraphs 11-17 of the Declaration of Charles M. Moore in Support of the City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**15:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 16:** All documents or communications with Milliman, Jones Day, Conway Mackenzie, Inc., Ernst & Young or Miller Buckfire concerning requests or instructions by you to Milliman to prepare analyses, projections, scenarios, valuations, or other studies regarding expected actuarial results for the General Retirement System of the City of Detroit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**16:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 17:** All documents concerning any analyses, projections, scenarios, valuations or other studies prepared by Milliman regarding pension benefits or the General Retirement System for the City of Detroit, including copies of any such analyses, projections, scenarios, valuations or other studies.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**17:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 18:** All documents concerning any analyses, projections, scenarios, valuations or other studies prepared by Conway MacKenzie, Inc. regarding pension benefits or the General Retirement System for the City of Detroit, including copies of any such analyses, projections, scenarios, valuations or other studies.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**18:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 19:** All documents concerning any efforts by you to satisfy the eligibility conditions set forth in 11 U.S.C. Section 109(c) of the Bankruptcy Code.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**19:** The City objects to this document request as overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 20:** Any and all expert reports and draft expert reports, including without limitation business plans, redevelopment plans, financial reports, valuations and actuarial reports which you intend to use or may use at the trial concerning the City's eligibility for Chapter 9 bankruptcy scheduled by the Bankruptcy Court to begin on October 23, 2013 (the "Eligibility Trial").
>
> **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**20:** The City objects to this document request insofar as it purports to impose an obligation on the City beyond that required by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy. Specifically, the City objects to this document request to the extent it is inconsistent with Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy Procedure 7026.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it does not intend to call any expert witnesses.

**DOCUMENT REQUEST NO. 21:** Any and all other documents, communications or other tangible evidence you will use, or may use, at the Eligibility Trial.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it purports to impose an obligation on the City beyond that imposed by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy. The City objects to this document request as overbroad and premature insofar as it seeks the production of exhibits.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, and will provide its exhibits in accordance with final pretrial order.

Dated: September 13, 2013    Respectfully submitted,

 /s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to the First Request of International Union, UAW and Flowers Plaintiffs for Production of Documents by the City of Detroit and Kevyn Orr was filed and served via the Court's electronic case filing and noticing system on this 13th day of September, 2013.


Dated: September 13, 2013       /s/  Bruce Bennet
                                       Bruce Bennett