## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------- x

                    :

In re                    :          Chapter 9

                    :

CITY OF DETROIT, MICHIGAN,   :          Case No. 13-53846

                    :

          Debtor.     :          Hon. Steven W. Rhodes

                    :

                    :

                    x

## CITY OF DETROIT, MICHIGAN'S OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION IN THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' REQUEST FOR THE DEBTOR'S PRODUCTION OF DOCUMENTS AND NOTICE OF DEPOSITION OF DEBTOR REPRESENTATIVE PURSUANT TO APPLICABLE RULES OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure Rules 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees' Request for the Debtor's Production of Documents and Notice of Deposition of Debtor Representative Pursuant to

Applicable Rules of the Federal Rules of Bankruptcy Procedure (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to the Document Requests served by The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the "Objectors"). The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality

between the City and any third party. Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

4.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

5.      The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688) Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally

identifiable information from any documents that may be produced in response to these Document Requests.

6.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of electronic information that is not reasonably accessible on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

7.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive documents.  Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive documents and (2) inquiries of the

City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive documents.

8. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9. The City objects to each and every one of the Objectors' definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Such definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to the definition for the "Time Period" of these Document Requests which encompasses documents from "December 1, 2011 through the present" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, the City objects to this definition on the grounds that it seeks documents and information regarding time periods after the filing of the City's petition.  Accordingly, the City's responses to these Document Requests are limited to the time period of December 1, 2011 through July 18, 2013.

13.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objectors' possession, as providing such information would be unduly burdensome.

14.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016,.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

15.     The City's objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to

supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language. The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

16.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objectors' characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

17.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

18.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:** To the extent not already produced, all proposals made by the EM regarding benefits, terms or conditions of employment for active City employees.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 1:** To the extent not already produced, all proposals made by the EM regarding retiree benefits for current and/or former City employees.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 2:** To the extent not already produced, copies of all documents or communications created during the Time Period regarding the City's chapter 9 filing and/or authorization for filing – including but not limited to communications concerning the City's eligibility to file under chapter 9, the EM's request of the Governor for permission to file under chapter 9, the Governor's grant of permission to the EM to file under chapter 9, as well as regarding, at however early a stage, the possibility of a chapter 9 filing – created, sent, or received by any of the following: Michigan Governor Richard Snyder and/or any staff member of his office, including but not limited to Dennis Muchmore (Chief of Staff), John

Roberts (Deputy Chief of Staff), and Richard Baird (Transformation Manager), and Allison Scott (Executive Director to the Governor); Richard Baird, whether in his capacity as a staff member of the Governor's office or as an outside consultant thereto; Detroit City Mayor David Bing and/or any staff member of his office; and the EM and/or any staff member of his office, including but not limited to any attorney or consultant thereto (e.g., Jones Day LLP).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 3:** To the extent not already produced, all documents or communications relating to the governor's decision not to place contingencies on this bankruptcy filing as expressly permitted by section 18(1) of 2012 PA 436, including documents or communications relating to any consideration of whether contingencies should be included in light of article 9, section 24 of the Michigan Constitution and why the Governor included the following statement in his authorization message "Federal law already contains the most important contingency—a requirement that the plan be legally executable. 11 U.S.C. 943(b)(4)."

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. The City

also objects to this document request to the extent it requires answers containing

legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 4:** To the extent not already
> produced, copies of all documents or communications created during
> the Time Period regarding the appointment of any Emergency
> Managers for the City– including but not limited to Kevyn Orr – sent
> to or received by any of the following: Michigan Governor Richard
> Snyder and/or any staff member of his office; Richard Baird, whether
> in his capacity as a staff member of the Governor's office or as an
> outside consultant thereto; Detroit City Mayor David Bing and/or any
> staff member of his office; and the EM and/or any staff member of his
> office, including but not limited to any attorney or consultant thereto
> (e.g., Jones Day LLP).

> **OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 5:**  To the extent not already produced, a list of entities or Persons that conducted due diligence with respect to potential purchase or transaction regarding any of the City's assets than those in the conduced by the City in the ordinary course.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**  The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it would purport to require the City to compile or create information in a specific form that the City does not keep or maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, from which such a list may be created.

**DOCUMENT REQUEST NO. 6:**  To the extent not already produced, all correspondence between the Debtor, or any of the

Debtor's professional advisors, regarding the City's eligibility to file
for protection under chapter 9.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. The City

also objects to this document request to the extent it requires answers containing

legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 7:** To the extent not already
produced, all documents created during the Time Period, including
(but not limited to) emails, that discuss or relate to any efforts by the
City to satisfy the conditions precedent to eligibility under chapter 9.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. The City

also objects to this document request to the extent it requires answers containing

legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 8:** To the extent not already produced, a list of financial advisors, investment bankers, and other similar professionals consulted by the Debtor with respect to eligibility or the filing for protection under chapter 9 and copies of all agreements, term sheets, etc. executed with those entities.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it would purport to require the City to compile or create information in a specific form that the City does not keep or maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, from which such a list may be created.

**DOCUMENT REQUEST NO. 9:** To the extent not already produced, all documents, including (but not limited to) emails, that discuss, relate to or constitute any communications from or to the EM or any of the EM's/City's professionals during the Time Period concerning any bankruptcy or debtor in possession financing related to the Debtor.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 10:** To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any communications regarding the Debtor's efforts to analyze, formulate or otherwise consider a business plan, redevelopment plan or plan of adjustment. Provide a list of the parties contacted by the Debtor with specific references to parties that executed confidentiality agreements and conducted due diligence regarding any plan of adjustment or redevelopment plan with or for the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. The City

also objects to this document request to the extent it requires answers containing

legal opinions or contentions that relate to fact or the application of law to fact.

Finally, the City further objects to this document request insofar as it would

purport to require the City to create documents that it does not create, keep, or

maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 11:** To the extent not already produced, all documents and communications created during the Time Period, including (but not limited to) emails, that discuss or concern the value of any of the Debtor's assets, whether as a going concern, liquidation, or otherwise.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 12:** A list of each debt owed the City (no matter the account or fund) by a person or entity, whether the debt is owed to a specific Department of the City or the City as an entity itself. This list should include, at least, the debt's amount, due date, origin or contract under which it is owed, the person/entity owing the debt, a short description of efforts made to collect the debt since August 2011, and an indication of how much, if any, of the original amount of that debt has been paid to the city thus far.

**a.** Specifically for debts owed by Olympia Entertainment, provide all documents or communications regarding debts associated with the lease of Joe Louis Arena and Cobo Hall.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it would purport to require the City to compile or create information in a specific form that the City does not keep or maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it, from which such a list may be created.

> **DOCUMENT REQUEST NO. 13:** A list of each tax abatement or reduction offered to any City taxpayer since 2011. This list should include, at least, the recipient of each tax abatement or reduction and the cumulative amount of adjustment to the taxes payable by that recipient, including but limited to property or income taxes.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it would purport to require the City to compile or create information in a specific form that the City does not keep or maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, from which such a list may be created.

**DOCUMENT REQUEST NO. 14:** A copy of the most recent "White Book" for the City of Detroit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:** The City also objects to this document request as overbroad and unduly burdensome insofar as it seeks documents that are publicly available and thus equally accessible to The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees. Moreover, the City objects to this document request as overbroad insofar as it seeks documents for a time period that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general objections noted above, the City refers The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees to the City of Detroit's website where White Books may be found, and specifically to the following web address for the most recent White Book for the City of Detroit:

https://www.detroitmi.gov/Portals/0/docs/finance/purchasing/RFP%2044985%20EXHIBIT%20B%20White%20Book%202012-2013.pdf.

**DOCUMENT REQUEST NO. 15:** A copy of each "Red Book" for the fiscal year since 2003.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:** The City also objects to this document request as overbroad and unduly burdensome insofar as it seeks documents that are publicly available and thus equally accessible to The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees. Moreover, the City objects to this document request as overbroad insofar as it seeks documents for a time period that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general objections noted above, the City refers The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees to this address at the City of Detroit's website where the Red Books for the years 2005/2006 through 2011/2012 may be found:

http://www.detroitmi.gov/DepartmentsandAgencies/BudgetDepartment/Archive.aspx.

**DOCUMENT REQUEST NO. 16:** A list of each item, thing of value, or other asset in which the City possesses an ownership interest – whether in whole, in part, in trust, or in whatever fractional and fiduciary form, and whether obtained by sale, gift, or any other form whatsoever – with a value of at least $50,000, including but not limited to items/things/assets owned or possessed by the Founders Society or Detroit Institute of Art a/k/a DIA Inc. The list should

include, at least, a short description of the item/thing/asset; an appraisal of its value; the source of that appraisal; any offers, including the amounts thereof, the City has received for it; and any restrictions on its use or sale, along with a short description thereof.

**a.** Specifically for items held by the Founders Society or the Detroit Institute of Art a/k/a/ DIA Inc., any documents or communications regarding the co-accession proposal of Mr. Mark White.

**b.** Specifically for items held by the Founders Society of the Detroit Institute of Art a/k/a/ DIA Inc., any documents or communications regarding or reflecting an appraisal of value and any restrictions or encumbrances on their use or sale.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it would purport to require the City to compile or create information in a specific form that the City does not keep or maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it, from which such a list may be created.

> **DOCUMENT REQUEST NO. 17:** A list of each piece of property owned by the City which is being used by a nongovernmental entity or person or has been so used since August 2011, and any rental, tenancy or usage fees paid thereby. This should include, at least, the property's address; the name of the non-government user; the date on which the user began to make use of the property and whether such use continues to this day; the amount of agreed-upon rent/tenancy/usage fees or payments by the user to the City; and the actual amount paid to the city in rent/tenancy/usage fees by the user since 2011; the contract for such usage; and whether the user is receiving any tax-abatement or reduction in taxes or fees due to be paid, including but not limited to reductions in income or property tax.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it would purport to require the City to compile or create information in a specific form that the City does not keep or maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, from which such a list may be created.

**DOCUMENT REQUEST NO. 18:** A list of each grant received by the City of Detroit for which all, or part, of the grant proceeds were returned to the grantor due to failure by the City to utilize or administer the grant dollars – whether due to simple non-use or improper or inappropriate use as determined by the grantor – since January of 2009.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City further objects to this document request insofar as it would purport to require the City to compile or create information in a specific form that the City does not keep or maintain in the ordinary course of business, and thus, should properly be framed as an interrogatory request pursuant to Federal Rule of Civil Procedure 33 and Federal Rule of Bankruptcy Procedure 7033.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, from which such a list may be created.

**DOCUMENT REQUEST NO. 19:** To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss or relate to any compliance or non-compliance by the City with any pension, benefits, or labor agreements, including, without limitation, collectively bargained agreements.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 20:** To the extent not already produced, any documents or communications regarding the interplay between Article 9, Section 24 of the Michigan Constitution or the

subject of pensions generally and PA 436 sent, received, reviewed, or created by Governor Rick Snyder, Treasurer Andy Dillon, or any of either of their staff, consultants, or any type of agent(s) whatsoever.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 21:** To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any projection, analysis, study, plan, report, prediction, statement or opinion (by any person, and whether formal or informal) regarding the City's business plans, redevelopment plans, plan of adjustment, financial results and/or possible restructuring and/or bankruptcy filing.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 22:**  To the extent not previously produced and created during the Time Period, any business plans, management reports, financial statements, financial projections, or comparisons of any financial projections for the Debtor to actual results generated pursuant a request by or on behalf of the EM in relation to formulating a business plan, redevelopment plan or plan of adjustment.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**  The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 23:**  To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any communications with any investment bankers, consultants, financial

advisors, auditors, or outside accounting firm relating to the Debtor and/or restructuring its financial operations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 24:** To the extent not already produced, all documents or communications created, sent, or received during the Time Period, relating to pension benefits or health care benefits which the Debtor provides or would provide upon retirement to active or retired City employees, including but not limited to communications between the following: The EM or any member of his staff, Governor Snyder or any member of his staff, Treasurer Dillon or any member of his staff, and any investment bankers, consultants, financial advisors, auditors, or outside accounting firm.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 25:** All documents or communications relating to the 14 June 2013 City of Detroit "Proposal for Creditors" "Executive Summary" as it relates to pension benefits, contributions to the General Retirement System, funding for pension benefits, and retiree health benefits matters, including but not limited to documents relating to the development of the terms with respect to the General Retirement System, freezing pension accruals, accrued pension benefits and retiree health benefits.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**25:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 26:** All documents or communications relating to the City of Detroit June 20, 2013 "Retiree Legacy Cost Restructuring Non-Uniform Retirees," as it relates to pension benefits, contributions to the General Retirement System, funding for pension benefits, and retiree health benefits matters, including documents relating to the development of the "Objectives for Retiree Health Care Restructuring," "Proposed Retiree Health Care Restructuring and all sections related to pensions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**26:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 27:** To the extent not already produced, all documents or communications reflecting or relating to the assertions regarding pension benefits, pension funding, actuarial assumptions and methodology, interest rate assumptions and unfunded actuarial liability set forth in paragraphs 11-17 of the Declaration of Charles M. Moore in Support of the City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, including documents or communications between Conway MacKenzie and: Milliman, Ernst & Young, Miller Buckfire, Jones Day, the Detroit Emergency Manager or anyone on his staff, Governor Snyder or the Governor's aides and agents, or State Treasurer Andy Dillon or anyone on his staff.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 28:** To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any communications with any investment bankers, consultants, financial advisors, auditors, or outside accounting firm relating to the Debtor and/or its pensions, including, without limitation, pension benefits, funding and contributions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 29:** To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute any proposed or actual agreements of any kind for the employment, indemnity, compensation and/or severance of any experts and consultants retained, hired or relied upon by the Debtor.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Specifically,

the City objects to this document request as overbroad insofar as it seeks

documents related to "any experts and consultants retained, hired or relied upon" by the City.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 30:** To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, ledgers, copies of checks, and wire transfers evidencing the City's payment of compensation of any type (salaries, bonuses, expense reimbursement, etc.) to the EM or anyone working for the EM.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad insofar as it seeks documents for a time period or subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will not produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 31:** All secrecy, confidentiality and nondisclosure agreements related to the Debtor's chapter 9 case to which the City and/or the EM is a party.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad insofar as it seeks documents for a subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request insofar as it seeks documents that are not in the City's possession, custody, or control.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 32:** To the extent not already produced, all documents created during the Time Period, including (but not limited to) emails, that discuss, relate to or constitute proof of

payment by the City of any fees or other charges of any law firm, accounting firm, consulting firm or other firm that rendered any services to any of the City, the EM, the Governor or any governmental unit and elected or appointed official in connection with the City's financial restructuring, business plan, redevelopment plan or proposed plan of adjustment. Provide payment history in Excel form (if possible).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad insofar as it seeks documents for a subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

On the basis of these specific objections and the general objections noted above, the City responds that it will not produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 33:** Any and all minutes (including any action by consent in lieu of a meeting) of the meetings of any committee, council, or other government body of the City, the State of Michigan or any governmental entity – including, but not limited to, any meetings attended by the EM or his staff and/or consultants – regarding the City's chapter 9 filing or financial restructuring during the Time Period.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**  The

City objects to this document request insofar as it seeks documents maintained as

confidential by action of law and thus inaccessible for production in this action.

Subject to and without waiving this specific objection or the general

objections noted above, the City responds that it will produce non-privileged,

public documents in its possession, custody, or control, to the extent they exist, that

are reasonably responsive to this request, as the City understands it, and will permit

any objector to view the videotaped recordings of the non-confidential meetings of

the city council during the responsive period.

> **DOCUMENT REQUEST NO. 34:**  Any and all insurance policies
> protecting or covering any of the Debtor's current or former elected
> officials, the EM, or other State of Michigan or City elected official.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**  The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Specifically,

the City objects to this document request as overbroad insofar as it seeks

documents for a subject matter that is not relevant to the objectors' claims or

defenses, and is therefore not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will not produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 35:** Any and all investigative reports prepared by or for the Debtor relating to or regarding eligibility under chapter 9 of the Bankruptcy Code.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request as vague and ambiguous with respect to the term "investigative reports". The City further objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 36:** Any and all documents acquired by the Debtor from any source during the course of any investigation of the City, the State of Michigan, any governmental unit or government official or employee regarding or related to eligibility.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:** The City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  The City

also objects to this document request to the extent it requires answers containing

legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 37:**  Any and all statements and
> summaries of statements from any witnesses who the Debtor intends
> to call at trial or who the Debtor reserves the right to call at the
> eligibility hearing, including on rebuttal.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**  The

City objects to this document request insofar as it purports to impose an obligation

on the City beyond that imposed by the Federal Rules of Civil Procedure and/or

the Federal Rules of Bankruptcy.  The City also objects to this document request as

overbroad and premature.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will provide the requested

information in accordance with final pretrial order.

> **DOCUMENT REQUEST NO. 38:**  Any and all expert reports and
> draft expert reports, including without limitation business plans,
> redevelopment plans, financial reports, valuations and actuarial

reports which Debtor reserves the right to call at the eligibility
hearing, including on rebuttal.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:** The

City objects to this document request insofar as it purports to impose an obligation

on the City beyond that required by the Federal Rules of Civil Procedure and/or the

Federal Rules of Bankruptcy. Specifically, the City objects to this document

request to the extent it is inconsistent with Federal Rule of Civil Procedure 26 and

Federal Rule of Bankruptcy Procedure 7026.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it does not intend to call any expert

witnesses.

> **DOCUMENT REQUEST NO. 39:** Any and all other documents or
> tangible evidence you seek to reserve the right to rely on at the
> eligibility hearing in this matter.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:** The

City objects to this document request insofar as it purports to impose an obligation

on the City beyond that imposed by the Federal Rules of Civil Procedure and/or

the Federal Rules of Bankruptcy. The City also objects to this document request as

overbroad and premature.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will provide the requested information in accordance with final pretrial order.

**DOCUMENT REQUEST NO. 40:** Any and all documents which support any allegation in support of eligibility.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 41:** Any and all documents which support any separate or affirmative defense made and/or which support any denial of any allegation relating to eligibility.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City

also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 42:** Any and all documents, reports, writings, drawings, graphs, charts, photographs, motion pictures, recordings, diagrams, or other things prepared by or for you, which contain or refer to any matter relevant to eligibility, and which you intend to reserve the right to introduce into evidence, or otherwise use at the eligibility hearing or relating to eligibility.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad to the extent that it seeks documents which contain or refer to any matter relevant to eligibility." The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 43:** Any and all documents and
things that you were requested to attach to your answers to any
interrogatory question, propounded by any party regarding eligibility.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**43:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 44:** Any and all reports, documents
and things that you obtained through the use of any subpoena or
subpoenas relating to eligibility.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**44:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 45:** Any and all documents, papers,
or other things referred to in any pleadings filed by the Debtor
regarding eligibility to the extent not already attached thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. The City

also objects to this document request as overbroad and unduly burdensome insofar

as it seeks documents that are equally accessible to the Objectors.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it, only insofar as

they are also responsive to other of these Document Requests.

> **DOCUMENT REQUEST NO. 46:** Any and all documents and/or
> thing of any kind whatsoever which you intend to introduce into
> evidence at the eligibility hearing, or reserve the right to rely upon in
> any way at the eligibility hearing, to show that any party to this
> matter, or any witness named in any interrogatory or deposition, has
> ever been convicted of, or entered a plea of guilty to, any criminal
> charge other than a traffic violation or disorderly persons offense.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. The City

also objects to this document request to the extent it requires answers containing

legal opinions or contentions that relate to fact or the application of law to fact.

The City further objects to this document request insofar as it purports to impose

an obligation on the City beyond that imposed by the Federal Rules of Civil

Procedure and/or the Federal Rules of Bankruptcy.  The City objects to this

document request as overbroad and premature insofar as it seeks the production of

exhibits.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it, and will provide

its exhibits in accordance with final pretrial order.

> **DOCUMENT REQUEST NO. 47:**  To the extent not already
> produced, any and all communications by, on behalf of or to the
> Debtor concerning negotiations or evidence of good faith required by
> chapter 9 of the Bankruptcy Code. This Request includes any and all
> such material obtained, and is not limited to only that portion of such
> material which you intend to make use of at the time of eligibility
> hearing.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**  The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  The City

also objects to this document request to the extent it requires answers containing

legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general

objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are

reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 48:** Any and all photographs, motion
> picture films, video-taped, or other pictorial material obtained by the
> Debtor or by any investigators or other persons or firms on behalf of
> the Debtor, concerning any acts, conduct, or activities of the Debtor,
> concerning negotiations or evidence of good faith. This Request
> includes any and all such material obtained, and is not limited to only
> that portion of such material which you intend to make use of at the
> time of eligibility hearing.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**48:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

> **DOCUMENT REQUEST NO. 49:** Any and all depositions or other
> transcripts of any testimony related to eligibility under chapter 9 of
> the Bankruptcy Code.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:** The

City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Specifically,

the City objects to this document request as overbroad and unduly burdensome

insofar as it seeks "all" depositions or other transcripts of any testimony related to

eligibility under chapter 9 of the Bankruptcy Code without limitation. The City

also objects to this document request as overbroad and unduly burdensome insofar as it seeks documents that are equally accessible to the Objectors.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will not produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 50:**  Any and all other documents or tangible evidence you seek to reserve the right to use at eligibility hearing.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**  The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated: September 13, 2013     Respectfully submitted,


   /s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to the Requests for Production in The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees' Request for the Debtor's Production of Documents and Notice of Deposition of Debtor Representative Pursuant to Applicable Rules of the Federal Rules of Bankruptcy Procedure was filed and served via the Court's electronic case filing and noticing system on this 13th day of September, 2013.

Dated: September 13, 2013

/s/ Bruce Bennet
Bruce Bennett