## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------- x
                                                   :
In re                                              :          Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         :          Case No. 13-53846
                                                   :
                                Debtor.            :          Hon. Steven W. Rhodes
                                                   :
                                                   :
                                                   x
```

## CITY OF DETROIT, MICHIGAN'S OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION IN CREDITOR, RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S AMENDED FIRST SET OF INTERROGATORIES TO DEBTOR, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST TO ADMIT

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure Rules 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to the requests for production in Creditor, Retired Detroit Police Members Association's Amended First Set of Interrogatories to Debtor, First Request for Production of Documents and First Request to Admit (the "Document Requests").

# GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to the Document Requests served by the Retired Detroit Police Members Association (the "Objectors"). The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party. Further, inadvertent production of any privileged or otherwise protected documents in response to these Document

Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.  The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

4.  The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

5.  The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688) Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of electronic information that is not reasonably accessible on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

7.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive documents.  Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive documents.

8. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9. The City objects to each and every one of the Objectors' definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Such definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "any" or "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

10. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation,

requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to these Document Requests to the extent that they do not specify a responsive time period as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the City's responses to these Interrogatories are limited to the time period of December 1, 2011 through July 18, 2013.

13.     The City objects to the definition of "You" or "Your" insofar as it purports to include the City "and any other related or affiliated entity, as well as all officers, employees, members, agents and representatives acting on behalf of such entities" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City.

14.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objectors' possession, as providing such information would be unduly burdensome.

15.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016,.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

16.     The City's objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to

supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

17.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objectors' characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

18.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

19.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

<h1 style="text-align:center">REQUESTS FOR PRODUCTION</h1>

**DOCUMENT REQUEST NO. 1:** Please provide a copy of any and all counteroffers that the City of Detroit received during the negotiations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 2:** Please produce any and all drafts of the June 14, 2013 Proposal for Creditors.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 3:** Please produce any and all communications, correspondence, memoranda, and any other document related to the Proposal for Creditors and any draft of the Proposal for Creditors.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 4:** Please produce any and all offers the City made to any of its creditors seeking a compromise of the creditor's debt owed to it by the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 5:** Please produce any and all correspondence exchanged with creditors of the City regarding the compromise of debt owed by the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 6:** Please produce any and all documents related to Kevyn Orr's resignation from Jones Day.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad insofar as it seeks documents for a time period or subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will not produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 7:** Please produce any and all correspondence between City officials and Governor Snyder or representatives of Governor Snyder's office related to the appointment of Kevyn Orr as Emergency Manager of the City of Detroit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 8:** Please produce any and all documents relating to the City's decision to defer approximately $108 million of current and prior year pension contributions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 9:** Please produce any and all documents regarding the City's decision to refrain from making a scheduled $39.7 million payment under certain pension-related service contracts that were due on June 14, 2013.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 10:** Please produce documents that the City used to reach the decision to reduce the number of City employees by more than 22% since fiscal year 2010.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:** The City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad insofar as it seeks documents for a time period or subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence. The City further objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 11:** Please produce documents the City used to determine that the City should implement revised City employment terms for non-union employees and union employees under expired collective bargaining agreements.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 12:** Please produce all documents related to the July 17, 2013 meeting between the City and advisors for NPFGC and Assured Guaranty as referenced in paragraph 103 of the Orr Declaration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**12:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 13:** Please produce all documents that support the City's conclusion that there is no reasonable alternative for the restructuring of the City's operations and obligations other than through a Chapter 9 case.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 14:** Please produce all documents that the City contends support its conclusion that required pension contributions are projected to increase due to an increasingly mature population is already in pension pay status.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City also objects to this document request as vague and ambiguous insofar as it does not specify where the City has asserted the conclusion that "required pension contributions are projected to increase due to an increasingly mature population is already in pension pay status."

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 15:** Please produce all documents that the City contends support its conclusion that required pension contributions are projected to increase due to the anticipated revision of aggressive and unrealistic actuarial assumptions used in the past.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City also objects to this document request as vague and ambiguous insofar as it does not specify where the City has asserted the conclusion that "required pension contributions are projected to increase due to the anticipated revision of aggressive and unrealistic actuarial assumptions used in the past."

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 16:** Please produce all documents that the City contends support its conclusion that required pension contributions are projected to increase in light of updated actuarial calculations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:** The City objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City also objects to this document request as vague and ambiguous insofar as it does not specify where the City has asserted the conclusion that "required pension contributions are projected to increase in light of updated actuarial calculations."

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 17:** Please produce all documents that the City contends support its conclusion that required pension contributions are projected to increase because of past deferrals of contributions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact. The City also objects to this document request as vague and ambiguous insofar as

it does not specify where the City has asserted the conclusion that "required pension contributions are projected to increase because of past deferrals of contributions."

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 18:** Please produce all documents referenced in paragraph 91 of the Orr Declaration that were presented to representatives of all of the City's unions and four retiree associations on June 20, 2013 including, but not limited to, suggested proposals for the modification of retiree health and pension obligations and the City's funding of those obligations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 19:** Please produce all documents related to the July 10, 2013 meetings as referenced in paragraph 95 of the Orr Declaration including, but not limited to, any additional information on the City's pension restructuring proposal.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

> **DOCUMENT REQUEST NO. 20:** Please produce all documents related to the July 11, 2013 meeting the City and its advisors held with select non-uniform unions and retiree associations and the GRS and certain uniformed unions and retiree associations and the PFRS to discuss retiree health issues as referenced in paragraph 96 of the Orr Declaration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:** The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires answers containing legal opinions or contentions that relate to fact or the application of law to fact.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**DOCUMENT REQUEST NO. 21:** Please produce all documents related to June 25, 2013 meetings between the City and Funded Debt and Pension Representatives as referenced in paragraph 97 of the Orr Declaration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**21:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 22:** Please produce all documents related to the June 25, 2013 meeting between the City and representatives of US Bank and its advisors as referenced in paragraph 98 of the Orr Declaration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**22:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 23:** Please produce all documents related to June 26, 2013 and June 27, 2013 meetings between the City and each bond insurer as referenced in paragraph 99 of the Orr Declaration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**23:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 24:** Please produce all documents related to the July 9-10, 2013 meeting between the City and representatives and/or advisors of NPFGC, AMBAC, FGIC, Assured Guaranty, Syncora, and the pension systems as referenced in paragraph 101 of the Orr Declaration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**24:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 25:** Please produce all documents related to the July 12, 2013 meeting between the City and advisors to the Pension Systems as referenced in paragraph 102 of the Orr Declaration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**25:** Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**DOCUMENT REQUEST NO. 26:** Please produce all documents and/or materials that were distributed at the June 14, 2013 presentation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO.**

**26:** Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated: September 13, 2013    Respectfully submitted,

    /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to the Requests for Production in Creditor, Retired Detroit Police Members Association's Amended First Set of Interrogatories to Debtor, First Request for Production of Documents and First Request to Admit was filed and served via the Court's electronic case filing and noticing system on this 13th day of September, 2013.


Dated: September 13, 2013

 /s/  Bruce Bennet
Bruce Bennett