UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  
          Debtors  
_____/

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

**OBJECTION TO THE PETITION FILED BY ONE KEVYN D. ORR SEEKING TO COMMENCE A CASE UNDER CHAPTER 9 OF TITLE 11 OF THE UNITED STATES CODE ON BEHALF OF THE CITY OF DETROIT, MICHIGAN.**

## OBJECTION

Now Comes the creditor in propria persona ARTHUR DENNIS COBB
                                      your name

I am a resident of the city of DETROIT, MI and taxpayers and citizen in the State of Michigan and of the United State.

The creditor reasons for objections to the Bankruptcy is the following:

1) The creditors never approved, agreed or consent to Kevyn Orr filing bankruptcy in accordance to 11 U.S.C. 903 (1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition (2) a judgment enter under

1

such a law may not bind a creditor that does not consent to such composition. 11 U.S.C. 903.thus <u>has failed to meet the requirement of title 11 U.S.C. 903 (c)</u> and <u>should be dismissed</u>.

2) The Bankruptcy Court have failed to enter an order designating <u>who is to give</u> and <u>received notice by mail</u> and <u>identifying the newspaper in which the additional notice is to be published according to Fed. R. Bankr. P. 9007, 9008,</u> thus <u>has failed to meet the requirement of title 11 U.S.C. 921 (c)</u> and <u>should be dismissed</u>, as required by 11 U.S.C. 921 (c).

3) The Bankruptcy Court showed prejudice against creditors by failing to comply with the Bankruptcy code requiring a notice to be given of the commencement of the case in according to 11 U.S.C. section 923 of the Bankruptcy code and then ruling creditors ineligible for filing timely.

The Bankruptcy Rule provide that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002(f).

The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the bankruptcy code.

2

That most creditors and anyone of interest <u>never</u> <u>received</u> <u>a</u> <u>timely</u> <u>notice</u> <u>and</u> <u>hearing</u>, which is a denial of due process and equal protection of law. In the present context these principles require that a person have <u>timely</u> and <u>adequate</u> <u>notice</u> detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, 380 U. S. 545, 552 (1965). Goldberg also states that the parties are entitle to an impartial decision maker. The decision maker Judge Steven W. Rhodes actions has not been impartial as a result of his decision to the creditors in this case and has placed them at a disadvantage now stating their objections are ineligible for various reasons, as a consequence of the <u>court failure to meet the requirements to the Bankruptcy code title 11 U. S. C Section 923</u>, therefore should be dismissed as required by 11 U.S.C. sect 923.

4) It has been reported that through Ed McNeil special assistant to the president of AFSCME Council 25 that the union was trying to get Kevyn Orr to come to the table to negotiate. He refused and this is a clear example of worst than bargaining in "bad faith." In bad faith you still go to the table even if you don't come to an agreement but at least try. thus failed to meet the requirement of title 11. U.S.C. section 109 (c) (5). The best solution is for the union to file unfair labor practice against the Kevyn Orr,

3

The Emergency Manager, Kevyn Orr showed "material prejudice" and "unclean hand" when the state withheld and refused to pay $224,000.000.00 for January 2012 and $139,000.000.00 still owed for January 2013 plus interest of unrestricted revenue sharing funds, thus a violation of the Michigan State Revenue Sharing Act 140 of 1971.

The state representatives, Govern Rick Snyder, the State Treasurer Andy Dillon, the State legislature and the Emergency Manager Kevyn Orr can not benefit from the fruit of the poisonous tree.

The Michigan legislature and the governor Snyder on the behalf of the State, like that of administrative officers in the execution of its laws, may constitute state action within the purview of the Fourteenth (14th Amendment).

> "The 14th Amendment governs any action of a State, "whether through its legislature or through its courts, or through its executive or administrative officers" *Mooney v Holohan 294 U.S. 105, 112 (1934). 113 citing; Carter v. Texas, 177 U.S. 442, 447; Roger v. Alabama, 192 U.S. 226 231; Chicago, Burlington & Quincy R. Co. v. Chicago, 166 U.S. 226, 233, 234*

5) The act that the Emergency Manager, Kevyn Orr has cited that the Bankruptcy is relying on do not have authority under (Public Act 436) because it did not receive the constitutional three-four vote as required to

4

challenge the referendum of the people in accordance to Article II section 9 of the Michigan State Constitution.

Hypothetically speaking, if Public Act 436 was valid the emergency manager still wouldn't have the authority because under P. A. 436 the mayor or local governing body only can legally declare or apply for Bankruptcy, not an unelected appointed official. Also the Emergency Manager Kevyn Orr has contravened Chapter 9 Bankruptcy Code that states: "<u>Only a municipality may file for relief under chapter 9 title 11 U.S.C. section 109 (c),</u>" <u>not Kevin Orr, The Public Act 436, nor the Bankruptcy Code</u> provided for Kevin Orr to file for Bankruptcy. They both provides for the municipality <u>only</u>, therefore Kevyn Orr lack standing under P.A. 436 and Bankruptcy code. The <u>Bankruptcy Court lack jurisdiction over the person and the subject matter</u>, thus contravening Federal Rule of Civil Procedure 12 (b) (1) and (2) in this instance and the case should have been dismissed.

6) As a retiree and creditor the court hand pick retiring committee, **can not adequately represent me** and other retiree and pensioners. The court through judge Rhodes is acting like "one-man grand jury," Trial before the judge who was at the same time the complainant, indicter and prosecutor, constitute a denial of the fair and impartial trial required by the Due Process

5

Clause of the Fourteenth Amendment to the Constitution of the United States. IN RE MURCHISON et al 349 U.S. 133 (1955).

The three minutes time limit that the court is allowing the creditor is nothing more than a joke and communist show trial.

In hindsight when the federal government move the bankruptcy proceeding with Chrysler and General Motors from Detroit to New York they must have known the bias and prejudice of the court in Detroit, and this case should also be move from Detroit to New York.

Wherefore, and the above reason we demand that this court grant relief declaring the bankruptcy invalid, null and void and dismiss this case
.

Sincerely submitted,
ARTHUR D, COBB

*Arthur D. Cobb*
Name interest party/Creditor
address: 1301 ORLEANS ST APT 902-E
city and state DETROIT, MI 48207
Date: 10-14-2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGN
AND EMERGENCY MANAGER
KEVYN D. ORR
    Debtors
_____/

STATE OF MICHIGAN)
                     ) SS
COUNT Y OF WAYNE)

**PROOF OF SERVICE**

____Carl Williams____, being first duly sworn, deposes and

Say: that on September___2013. I sent copies of Objection to Chapter 9

Bankruptcy upon the concern parties by certified mail, at the following

address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

Sign _Carl B Williams_

Subscribed to and sworn to before me

This _14th_ day of September 2013,

_Vera C. Magee_
NOTARY

VERA C. MAGEE
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Dec 29, 2019
ACTING IN COUNTY OF WAYNE