## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

# STATEMENT OF CONCURRENCE BY THE RETIREE ASSOCIATION PARTIES IN (1) THE OFFICIAL COMMITTEE OF RETIREES' MOTION TO WITHDRAW THE REFERENCE & (2) MOTION BY OFFICIAL COMMITTEE OF RETIREES TO STAY DEADLINES AND THE HEARINGS CONCERNING A DETERMINATION OF ELIGIBILITY PENDING DECISION ON MOTION TO WITHDRAW THE REFERENCE

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., submit the following Statement Of Concurrence By The Retiree Association Parties In (1) The Official Committee Of Retirees' Motion To Withdraw The Reference (Dkt. 806) & (2) Motion By Official Committee Of Retirees To Stay Deadlines And The Hearings Concerning A Determination Of Eligibility Pending

Decision On Motion To Withdraw The Reference (Dkt. 837) (hereinafter referred to as the "Statement of Concurrence").

On August 19, 2013, the Retiree Association Parties filed one of the 109 objections to the City's eligibility to be a Chapter 9 debtor (Dkt. 497) ("Objection"). The Retiree Association Parties' Objection asserted multiple grounds to dispute the City's eligibility to be a Chapter 9 debtor, including both legal and factual deficiencies. Most pertinent to this Statement of Concurrence are the legal arguments relating to (1) the unconstitutional nature of the Governor's *unconditional authorization* to permit the City to file for bankruptcy and (2) that the City's take-it-or-leave it proposal cannot be in good faith because it specifically violates the Michigan Constitution, Article IX, §24.[1]

The Retiree Association Parties concur with the Official Retiree Committee that the bankruptcy court does not have jurisdiction to resolve the constitutional issues referenced above and that withdrawal of the reference is mandatory and/or that there is good cause for withdrawal of the reference.[2] Because the notions of fair play and substantial justice require that the retirees have their disputes decided

---

[1] The summarization of legal issues contained herein, does not limit or impair any arguments made by the Retiree Association Parties in their filed Objection.

[2] The Retiree Association Parties hereby adopt and include by reference the authority cited, along with the legal and factual arguments asserted by the Official Committee of Retirees in its motions, as if fully restated herein.

by an Article III court, it is also essential that the bankruptcy court not take any action prior to the resolution of the Motion to Withdraw the Reference.[3]

*WHEREFORE,* the Retiree Association Parties request that reference to the bankruptcy court be withdrawn and that all hearings and trial(s) relating to the eligibility of the City to be a Chapter 9 debtor be stayed.

Dated: September 18, 2013

Lippitt O'Keefe, PLLC

/s/ Ryan C. Plecha
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
Counsel for Retiree Association Parties
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292
rplecha@lippittokeefe.com

SILVERMAN & MORRIS, P.L.L.C.
Thomas R. Morris (P39141)
Co-Counsel Retiree Association Parties
30500 Northwestern Hwy, Suite 200
Farmington Hills, Michigan 48334
(248) 539-1330
morris@silvermanmorris.com

---

[3] *See footnote 2.*