UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  
                Debtors

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

_____/

OBJECTION TO THE PETITION FILED BY ONE KEVYN D. ORR SEEKING TO COMMENCE A CASE UNDER CHAPTER 9 OF TITLE 11 OF THE UNITED STATES CODE ON BEHALF OF THE CITY OF DETROIT MICHIGAN.

## RESPONSE TO FIRST AMENDED ORDER REGARDING ELIGIBILITY OBJECTIONS NOTICE OF HEARINGS AND CERTIFICATION PURSUANT TO 28 U.S.C. SECTION 2403 (a) & (b)

In the order judge Steven W. Rhodes continue to show bias by stating ("The Court has determined to add the objection filed by Hassan Aleem and Carl Williams (Dkt. #565) to Exhibit A even though their objection was untimely.")

1) The court first have yet to explained how a creditor or any person not being notified at all could be untimely in his order is the first objection.

2) The Second objection is how a person could be untimely if not notified in according to 11 U.S.C. Section 923 of the Bankruptcy Code, which the court failed to comply with.

1

3) The judge continue to make decision in a arbitrary and capricious manner without explaining how you are untimely if you are not notified granting a motion for reconsideration and still continue to categorize you as being late without a rational explanation is bias in every sense of the word.

4) Judge Steven W. Rhodes have already shown overwhelmingly prejudice by his action thus far and refuse to admit, deny, or address the creditor objections that was support with an affidavit. The Creditors Hassan Aleem, Carl Williams and others have sworn testimony before this court and the ORDER doesn't have sworn testimony. In part the order is nothing more than innuendo, conjecture and hearsay without substantiated proof and no creditable sworn testimony or evidence.

The creditors objections on violation of 11 U.S.C. 903, 921 and 923 of the Bankruptcy Code of Federal Bankruptcy Court Procedures, Revenue Sharing Statute, Case laws and due process and equal protection of law of state and federal Constitutions. Where is the court and Kevyn Orr evidence?

This is a clear example of "the fruit of the poisonous tree" the person that planted the tree is Judge Steven W. Rhodes and anything stemming from that tree is tainted in his orders. Jurisdiction first must be established and

since it is obvious that both Bankruptcy Codes and P.A. 436 does not provide for Kevyn Orr to file and <u>only the municipality</u> can file for Bankruptcy therefore, court lacks jurisdiction over the person Kevyn Orr and over the subject matter, which is Bankruptcy, thus contravening Federal General Court Rules 12 (b) (1) and (2) and should be dismissed.

5) Judge Steven W Rhodes having 29 years experience on the bench made a <u>deliberate</u>, <u>conscious</u>, <u>tactical</u>, decision to not to notify the public.

6) The three minute time limits is not fair and unequal to creditors and they did not create this problem but we are being penalize. We the creditors are not experience lawyers and don't have the legal expertise an attorney have. Where do any attorneys only get three minutes to address the court in any venue this is irrational unreasonable and plain out right prejudice to the creditors rather inadvertently or intentional the consequence have the same effect less time to adequately represent yourself.

7) The court order granting motion for reconsideration stated: Because the objection was filed within 3 days of the initial deadline, and the motion for reconsideration of the Court's August 26, order was timely, the Court will treat DKT. #565 as a timely objection. This clearly show how the Bankruptcy Court decisions are arbitrary and capricious. U.S. v. Lotempio, D.C.N.Y., 58

3

13-53846-tjt    Doc 928    Filed 09/18/13    Entered 09/18/13 15:55:07    Page 3 of 7

F2d 358, 359; not governed by any fixed rules or standard. People exrel. Hultman v. Gilchrist, 188 N.Y.S. 61, 65, 114 Misc.651 The creditor need and requesting more time and preserve our right to oral hearing by written response.

8) The Emergency Manager, Kevyn Orr showed "material prejudice" and "unclean hand" when the state withheld and refused to pay $224,000.000.00 for January 2012 and $139,000.000.00 still owed for January 2013 plus interest of unrestricted revenue sharing funds, thus a violation of the Michigan State Revenue Sharing Act 140 of 1971. The State through Emergency Manager Kevyn Orr have a peculiar way bargaining in good faith when they deliberately refused to pay the unrestricted revenue sharing money they owed to the city of Detroit and then file for Bankruptcy. The state action is contrary to and just the opposite of what bargaining in good faith means. Bankruptcy Court may dismiss a chapter 9 petition, after notice and hearing, if it concludes the debtor did not file a petition in good faith or if the person does not meet the requirements of chapter 9 11 U.S.C. Section 921 (c).

To clarify the record the Creditor Hassan Aleem, Carl Williams and other **was not notified at all, not personally or publicly.** In our Reconsi-

deration of Objection to Chapter 9 Bankruptcy we stated: "most credi

tors and anyone of interest <u>never received a notice</u>, which is a denial of due

process and equal protection of the law of the 5th and 14th Amendment of the

Constitution of the United States. See page 3 of Reconsideration of object-

ion to Chapter 9 Bankruptcy.

    This clearly show's that Kevyn Orr didn't meet the requirement of

11 U.S.C. Section 921 and 923 to have standing or authority for chapter 9

Bankruptcy and in the interest of justice should be dismissed.

    WHEREFORE, and the above facts and law we demand the court

grant relief and dismiss this case.

Sincerely submitted,

_____      _____
Hassan Aleem                               Carl Williams
2440 Taylor                                    10112 Somerset
Detroit, Michigan 48205          Detroit, Michigan 48224

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
CITY OF DETROIT, MICHIGN
AND EMERGENCY MANAGER
KEVYN D. ORR
    Debtors

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

_____/

STATE OF MICHIGAN)
                )SS
COUNT Y OF WAYNE)

## PROOF OF SERVICE

_____Curl Williams_____, being first duly sworn, deposes and

Say: that on September___2013. I sent copies of Response to first Amended

Order regarding eligibility objections notice of hearings and certification

pursuant to 28 U.S.C. Section 2403 (a) & (b) upon the concern parties by

certified mail to the following addresses:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

Sign  Carl Williams

Subscribed to and sworn to before me

This 18th day of September 2013,

_____
NOTARY

