THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____x
: Chapter 9
In re: : Case No. 13-53846
CITY OF DETROIT, MICHIGAN, : Hon. Steven W. Rhodes
Debtor. :
:
:
_____

**PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER**

PETITIONERS, Robert Davis and Citizens United Against Corrupt Government, by and through their attorney, Andrew A. Paterson, submit their, Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order and state as follows:

1. It is imperative and urgent for this Court to address the merits of Petitioners Robert Davis' and Citizens United Against Corrupt Government's instant Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order because on September 10, 2013, Wayne County Circuit Court Judge Lita M. Popke entered a show cause order against Saunteel Jenkins, President of the Detroit City Council, to show cause as to why a writ of quo warranto shall not be granted removing her from the position of President of the Detroit City Council. Judge Popke's September 10, 2013 Show Cause Order set a date of September 26, 2013 for Saunteel Jenkins to file a response. (**See Judge Popke's Show Cause Order attached hereto as Exhibit A**).

2. On July 25, 2013, this Court entered an Order pursuant to Section 105(A) of the

Bankruptcy Code extending the Stay in Debtor's Chapter 9 estate ("**Debtor's Bankruptcy Petition**") to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor. ("**Stay Order**").

3. In paragraph number 3 of the Court's July 25, 2013 Order, the Court stated: "For the avoidance of doubt, *each Prepetition Lawsuits* hereby is stayed, pursuant to section 105(a) of the Bankruptcy Code, pending further order of this Court.

4. Although this Court's July 25, 2013 Order did not define the phrase "Prepetition Lawsuits", in a footnote to the Court's July 25, 2013 Order, the Court stated: "Capitalized terms not otherwise defined herein have the meaning given to them in the Motion."

5. The Motion filed by the Debtor, the City of Detroit, defined the terms "Prepetition Lawsuits' to mean specifically the three (3) Ingham County state Circuit Court Lawsuits that pertain to the contractual and constitutional rights of pensioners of the Debtor. The three (3) Ingham County Lawsuits referenced and defined as the "Prepetition Lawsuits" were described and defined in the Motion as follows:

    (1) *Webster v State of Michigan.,* Case No 13-734-CZ, Ingham County Circuit Court, filed July 3, 2013.

    (2) *Flowers v Snyder*, Case No 13-729-CZ, Ingham County Circuit Court, filed July 3, 2013.

    (3) *General Retirement System of the City of Detroit v Orr*, Case No. 13-768-CZ, filed July 17, 2013.

6. Despite the Court's narrow, and clear, indication that the Court's stay only extended to the above-referenced three (3) Ingham County Circuit Court cases that dealt specifically

with the Debtor's pensions and its obligations to its pensioners, the City of Detroit's Assistant Corporation Counsel, in Petitioners' quo warranto lawsuit, Wayne County Circuit Court Case No. 13-010901-AW ("**Quo Warranto Action**"), on behalf Saunteel Jenkins, President of the Detroit City Council, filed a pleading in the Wayne County Circuit Court alleging that this Court's July 25, 2013 Stay Order applied to the Quo Warranto Action. **(See City of Detroit filing on behalf of Saunteel Jenkins in Quo Warranto Action attached hereto as Exhibit B).**

7. Petitioners' Quo Warranto Action, does not have Debtor or any of its departments or the emergency manager as parties; it has absolutely no impact whatsoever on the Debtor's Bankruptcy Petition or proceedings in this Court. Petitioners' Quo Warranto Action is a quo warranto action against Suanteel Jenkins for unlawfully usurping the office of President of the Detroit City Council as a result of being unlawfully appointed by a majority of the Detroit City Council to the position of council president in violation of the 2012 Detroit City Charter, as amended. (**See Petitioners' Quo Warranto Petition as filed in Wayne County Circuit Court (without exhibits) attached hereto as Exhibit C)**.

8. Petitioners' Quo Warranto Action, is not one of the three (3) Ingham County Circuit Court cases listed in this Court's July 25, 2013 Order and it was not one of the cases listed in the definition of the term "Prepetition Lawsuits" as defined in the Debtor's Motion. But for the pleading filed on behalf of Saunteel Jenkins that falsely asserts that the Stay Order extends to Petitioners' Quo Warranto Action, the action has nothing to do with the Debtor's Bankruptcy Petition.

9. Petitioners' Quo Warranto Action will not affect, in any way, or disturb, or otherwise

impact the Debtor's Bankruptcy Petition or proceedings thereunder in this Court or the Debtor's assets and property. Moreover, no discovery will be necessary in Petitioners' Quo Warranto Action and the pertinent parties (i.e. Kevyn Orr, Emergency Manager) to the Bankruptcy Proceedings currently pending before this Court will not be disturbed or interrupted.

10. Accordingly, this Court's July 25, 2013 Order extending the stay did not, and should not apply to Petitioners' Quo Warranto Action.

11. However, because of the pleading filed with the Wayne County Circuit Court on behalf of Saunteel Jenkins, it is necessary for this Court to clarify that its Stay Order does not extend to Petitioners' Quo Warranto Action.

12. The City of Detroit's Corporation Counsel's claim about the reach of this Court's Stay Order, as claimed in their pleading filed on behalf of Saunteel Jenkins in the Quo Warranto Action, could be made in every lawsuit filed against individual elected officials who violate the law, even where those lawsuits, like Petitioners' Quo Warranto Action, have absolutely nothing to do with the Debtor's Bankruptcy Petition or the Debtor's assets and property. The City of Detroit's Corporation Counsel's claim will leave the states judiciary in confusion over its jurisdiction in such cases.

13. Consequently, it is necessary for this Court to clarify that its July 25, 2013 Stay Order only extends to the three (3) Ingham County Circuit Court cases it identified in the July 25, 2013 Stay Order and further clarify that the July 25, 2013 Stay Order does not extend to Petitioners' Quo Warranto Action.

14. Petitioners therefore respectfully requests that the Court so clarify that its July 25, 2013 Stay Order does not extend to Petitioners' Quo Warranto Action.

## NOTICE

15. Notice of this Motion has been given to Saunteel Jenkins' counsel of record. Petitioner Robert Davis submits that no other or further notice need to be provided.

## CONCLUSION/PRAYER FOR RELIEF

Petitioners, Robert Davis and Citizens United Against Corrupt Government, pray that the Court enter an order (a) clarifying that the Court's July 25, 2013 Stay Order does not extend to Petitioners' Quo Warranto Action, Wayne County Circuit Court Case No. 13-010901-AW; and (b) that Petitioners' Quo Warranto Action may proceed in the Wayne County Circuit Court to adjudication in an expeditious manner in accordance with the September 9, 2013 Show Cause Order.

                Respectfully submitted,

                /S/ Andrew A. Paterson (P18690)
                Attorney for Petitioners Robert Davis and Citizens United Against Corrupt Government
                46350 Grand River, Suite C
                Novi, MI 48374
                (248) 568-9712

DATED: September 19, 2013