State of Michigan
Third Circuit Court

---

Citizens United Against Corrupt Government,

    Plaintiff,

v.

Saunteel Jenkins in her capacity as
Detroit City Council President,

    Defendant.

Case No. 13-010901 AW
Judge Lita Masini Popke

---

Andrew A. Paterson P-18690
Attorney for Plaintiffs
46530 Grand River Ave., Suite C
Novi, MI 48735
248-568-9712
aap43@hotmail.com

James D. Noseda P-52563
Attorney for City Council President
  Saunteel Jenkins
City of Detroit Law Department
Coleman A. Young Municipal Center
Two Woodward Avenue, 5th Floor
Detroit, MI 48226
313-237-3057 / 237-5052
e-mail: nosej@detroitmi.gov

---

### Notice of Suggestion of Bankruptcy And Application of Automatic Stay

On July 18, 2013, the City of Detroit, Michigan ("City") filed a petition for relief under chapter 9 of title 11 of the United States Code ("Bankruptcy Code"). The City's bankruptcy case is captioned In re City of Detroit, Michigan, Case No. 13-53846, (Bank. E.D. Mich.) (the "Chapter 9 Case"), and is pending in the United States Bankruptcy Court for the Eastern District of Michigan. The City's Chapter 9 case was commenced under an order issued by Kevyn D. Orr, in his capacity as emergency manager of the City under section 18 of P.A. 436 of 2012. The Chapter 9 Case is pending before the honorable Steven W. Rhodes, United States Bankruptcy Judge.

On August 20, 2013, Plaintiff is this action applied for leave to file a complaint in quo warranto seeking to remove Council Member Saunteel Jenkins from her position as Council President. Defendant contends that plaintiff's application lacks a good faith basis in fact or law. Regardless of the merits of the claim asserted, this action could have been brought prior to July 18, 2013, and, therefore, the application was filed in violation of the automatic bankruptcy stay.

On June 27, 2013, having determined that Council Member Pugh had failed to fulfill his obligations and duties as a Council Member and the Council President, the Emergency Manager issued Order No. 9 which revoked Council Member Charles Pugh's authority to act as Council President. (A copy of Order No. 9 is attached as Exhibit D to Plaintiff's application in this case.) Council Member Pugh never did resume the duties of a Council Member and he resigned from office on September 13, 2013. (See Exhibit A.)

Under Detroit Charter § 4-103, the President Pro Tem would serve as Council President in the event of a vacancy in that office. On July 1, 2013, Council President Pro Tem Gary Brown resigned from City Council to take a position with the office of the Emergency Manager.

On July 9, 2013, under 2012 Detroit Charter ¶ 4-103, there being a vacancy in the office of President and no person holding the office of President Pro Tem, City Council selected Council Member Saunteel Jenkins as Council President. Attached as Exhibit B is a true copy of City Council resolution of July 9, 2013 selecting Council Member Jenkins as President, along with a copy of the City Clerk's tally of the unanimous 6-0 City Council vote on the resolution.

Plaintiff alleges that the July 9, 2013 vote to fill the vacancy in the office of President was not approved as required by Emergency Manager Order No. 3. But on August 5, 2013, the

Emergency Manager notified the City Clerk that he had approved all City Council voting action items of July 9, 2013 (with exceptions not applicable here). (Exhibit C.)

Under sections 362 and 922 of the Bankruptcy Code, the filing of the City's Chapter 9 Case operated as an automatic stay to the filing of this action which could have been commenced prior to July 18, 2013.

Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities of --
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . . 11 U.S.C. § 362(a).

On July 25, 2013, United States Bankruptcy Judge Steven Rhodes entered discrete orders:

> (a) confirming that the protections of the Chapter 9 Stay apply to the City, and its officers and inhabitants, including the Emergency Manager (Br. Docket #167); and
>
> (b) extending the Chapter 9 Stay to (1) the Governor of the State of Michigan, the Treasurer of the State of Michigan and the Local Emergency Financial Assistance Loan Board of the State of Michigan, together with each entity's staff, agents and representatives, and (2) employees of the City that are neither City officers nor inhabitants of the City, and (3) agents and representatives of the Governor and the Emergency Manager who act exclusively on the City's behalf in the Chapter 9 Case (Br. Docket #166).

Neither the Bankruptcy Court nor the United States District Court for the Eastern District of Michigan has issued an order lifting or modifying the Stay for the specific purpose of allowing

any party to the above-captioned proceeding to commence or continue any cause of action against the City, its officers, its employees, or its inhabitants. As such, the above-captioned proceeding may not be prosecuted and no valid judgment or order may be entered or enforced against the defendant who is both an officer and employee of the City.

Actions taken in violation of the Stay, and judgments or orders entered or enforced against the City, a City officer, a City employee, or a City inhabitant, to enforce a claim against the any of them, while the Stay is in effect, is void and without effect.

11 U.S.C. § 362(h) provides, in pertinent part: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney fees, and, in appropriate circumstances, may recover punitive damages." In re Seal, 192 B.R. 442, 455 (Bank. W.D. Mich. 1996) (finding that violation of the automatic stay in § 362 of the Bankruptcy Code is grounds for civil contempt, which may include an award of compensatory damages, attorneys' fees and costs, and payment of punitive damages).

Defendant expressly reserve all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any order or judgment entered in the above-captioned proceeding as void.

                                        Saunteel Jenkins, President
                                        Detroit City Council

                                        By: /s/ James D. Noseda
                                              P-52563

September 19, 2013

## Proof of Service

On September 19, 2013, I electronically filed the foregoing paper(s) with the Clerk of Court using the ECF system and served counsel of record via e-mail at their respective e-mail addresses of record. I declare that the foregoing statement is true to the best of my knowledge, information and belief.

/s/ James D. Noseda

September 13, 2013

Dear Clerk Winfrey,

It has been an honor to work with you at council and the Election Commission. I am grateful for the opportunity to have served the city we all love. I have accepted an offer for employment elsewhere. Because of that, I am stepping down from my position on the Detroit City Council immediately.

I wish you well in your future endeavors. I've learned a great deal from you. Thank you.

Respectfully,

Charles Pugh



EXHIBIT A

2013 SEP 13 P 2:52

DETROIT
CITY CLERK

<u>**Via Registered Mail**</u>

September 16, 2013

Hon. Charles Pugh
Detroit City Council
[home address]
Detroit, Michigan 482__

    **Re: Receipt of Letter of Resignation**

Dear Honorable Pugh:

    This confirms that your Letter of Resignation dated September 13, 2013, a copy of which is attached, was received at the Office of the Detroit City Clerk at 2:52 p.m. on Friday, September 13, 2013. Further, this confirms that your resignation from the Detroit City Council is effective immediately.

                      Very truly yours,

                        Janice M. Winfrey
                        Detroit City Clerk

JMW

Attachment

## RESOLUTION TO SELECT DETROIT CITY COUNCIL PRESIDENT

WHEREAS  The office of the President of the Detroit City Council is vacant; and section 4-103 of the 2012 Charter of the City of Detroit provides that City Council shall select its President from among its members by majority vote of members serving; NOW THEREFORE BE IT

RESOLVED  That the Detroit City Council hereby selects __SAUNTEELL JENKINS__ as President for a term ending on ~~December 31, 2013~~. January 1, 2014 @ 12:00p.m.


EXHIBIT B

RAD: 6/28/13

ADOPTED AS FOLLOWS:
COUNCIL MEMBERS...

| | YEAS | NAYS | YEAS | NAYS |
|---|---|---|---|---|
| | | | √ | |
| Kenneth V COCKREL, JR | ⌐ | | √ | |
| | | | √ | |
| Brenda JONES | ⌐ | | √ | |
| Charles Pugh | | | √ | |
| Andre L. SPIVEY | ⌐ | | √ | |
| James TATE | ⌐ | | √ | |
| Jo Ann WATSON | ⌐ | | √ | |
| Saunteel PRESIDENT Jenkins | ⌐ | | | |
| PRESIDENT PRO TEM | | | 9 | 0 |

# MEMORANDUM

To: Janice Winfrey, City Clerk

From: Kevyn D. Orr, Emergency Manager
City of Detroit

Date: August 5, 2013

Re: Voting Action Items Approved By the Detroit City Council at the Formal Session of July 9, 2013

I am authorizing approval of all voting action items approved by the Detroit City Council at the July 9, 2013 Formal Session except for the following:

**Jones**, reso. autho. **Settlement** in lawsuit of Charles Cameron v City of Detroit; Case No.: 12-008995-NO; File No.: A19000.004047 (RB); in the amount of $20,000.00; by reason of alleged injury sustained on or about October 15, 2010.

**Jones**, reso. autho. **Settlement** in lawsuit of Archie L. Arp v. City of Detroit; Police Department; File No.: 14643 (CM); in the amount of $19,500.00; by reason of any injuries or occupational diseases and their resultant disabilities incurred or sustained as the result of his past employment with the City of Detroit.

**Jones**, reso. autho. **Settlement** in lawsuit of Brenda L. Harris v City of Detroit Fire Department; File #: 14643; in the amount of $36,000.00; by reason of any injuries or occupational diseases and their resultant disabilities incurred or sustained as the result of her past employment with the City of Detroit.

**Jones**, reso. autho. **Settlement** in lawsuit of Barbara Gustafson; as next friend to Shawn Gustafson v. City of Detroit; Case No.: 12-003368-NO; File No.: A19000-004007 (CC); in the amount of $35,000.00; by reason of alleged injuries sustained on or about May 10, 2010.

**Jones**, reso. autho. **Settlement** in lawsuit of Warren Chiropractic & Rehab Clinic, P.C. v. City of Detroit; Case No.: 11-013740-NF; File No.: A20000-003266 (CC); in the amount of $21,500.00; by reason of medical treatment provided to Timothy Perry for the period January 27, 2011 through January 23, 2012.

**Jones**, reso. autho. **Legal Representation and Indemnification** in lawsuit of Jarret A. Williams v. City of Detroit, Adam Powers and Edward Lawson; United States District Court Case No. 12-13768; for P.O. Edward Lawson and P.O. Adam Powers.

**Jones**, reso. autho. **Legal Representation and Indemnification** in lawsuit of Floyd Brunson and Wendy Jefferson v. Police Officer Joseph Castro, Police Officer L. Rhodes, City of Detroit, and the County of Wayne; United States District Court Case No. 12-14109; for P. O. Leo Rhodes and P.O. Joseph Castro.

EXHIBIT C

**Jones,** reso. autho. **Legal Representation and Indemnification** in lawsuit of Aaron Stallings v. City of Detroit, City of Detroit Police Department, Police Officer M. Bolden #706, Police Officer L. Adams #4317, and Police Officer John Doe 1; Wayne County Circuit County Case No. 12-015312 NI; for P.O. Matthew Bolden and P. O. LeVan Adams.

**Jones,** reso. autho. **Legal Representation and Indemnification** in lawsuit of Henry Brown v. City of Detroit and Latonya Brooks; United States District Court Case No. 12-13402; for P. O. Latonya Brooks.

**Jones,** reso. autho. **Legal Representation and Indemnification** in lawsuit of William Gibbs v. Joseph Corbert; 36th District Court Case No. 12-202625; for P. O. Joseph Corbert.

cc:   Andre DuPerry, Purchasing Director
      Boysie Jackson, Deputy Purchasing Director
      Shani Penn, Chief of Staff

KDO:SP:ek