UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re                                          Chapter 9

CITY OF DETROIT, MICHIGAN                      Case No. 13-53846

    Debtor                              Hon. Steven Rhodes

Eligibility Objections Statement

Olivia Gillon, Docket #401 *Speaker #38*

September 19. 2013

FILED 2013 SEP 19 P 12:52 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT

My name is Olivia Gillon. I worked for the City of Detroit for 33 years and 9 months. I was a loyal employee with an excellent work and attendance record. I retired in 2002. I believe I earned my lifetime pension and health care benefits. I also earned a Bachelor of Science Degree with honors from Wayne State University.

My objection stated the City has too many assets to be bankrupt. The City's response is that "applicable law does not require it to exhaust all possible opportunities for revenue generation or adopt every conceivable cost-cutting measure prior to seeking relief under Chapter 9." The response refers to financial data set forth in a June 14 Creditor Proposal. Admittedly, I have not been in the "Data Room." Perhaps this Court had seen evidence of at least some exhaustive attempts to generate revenue prior to the filing.

I also objected to the Emergency Manager treating me like an individual creditor and being able to move me from under the protection of State Law to Federal Bankruptcy law without pension protection or retiree representation. However, I understand 1) a new 9-member Retiree Committee has been given fiduciary responsibility on behalf of City retirees and we will be able to vote on its decisions; and 2) the Constitutional issues have not been resolved.

The Emergency Manager did not come forth with specifics relative to pension and health care benefit cuts. However, it seems like the onus is being put on the retirees in fixing the City's financial problem. Most retirees were not involved in the decision process that got the City in trouble.

What I hope the court considers is that retirees will not be allowed to walk away from their financial responsibility. Retirees will not get the preferential treatment that banks and other "secured" creditors get. Many retirees have nothing to offset their losses. Even though I have the support of a husband, loss of my monthly pension and/or health care benefits will significantly destabilize our family finances.

I don't think Ally Bank will allow me to walk away from my leased Chrysler car. Nor will Quicken Loan allow us to walk away from our mortgage. When the real estate bubble burst and our home went under water, Chase Bank had no help for us even though the government bailed out the banks.

Quicken loan only refinanced our home after we submitted a significant number of documents and <u>agreed to paying mortgage insurance.</u> Quicken also required a letter from our employer stating we had a lifetime pension.

What I gave Quicken and what they accepted was, Detroit Board of Trustees, General Retirement System Form C of D 9S-AP (10-96). That form shows the lifetime pension options I was offered and the options I selected.

Bankruptcy is not the true path forward; especially, when it includes retirees. It is wrong to wipe the slate clean and put Detroit retirees and potentially thousands of other pension funds and health care benefits throughout the nation in jeopardy.

<u>And, by no means should funds set aside for City of Detroit pensions be used to pay other creditors with retirees at the end of the collection line because the debt owed us is deemed "unsecured."</u>