# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
----------------------------------------- x
                                          :
In re                                     :          Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :          Case No. 13-53846
                                          :
                   Debtor.                :          Hon. Steven W. Rhodes
                                          x
```

## DEBTOR'S OBJECTION TO DEVERY JONES
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The City of Detroit, Michigan (the "City"), as the debtor in the above-

captioned case, hereby objects to the Motion for Relief from the Automatic Stay

(Docket No. 742) (the "Stay Relief Motion") and supporting Brief (the "Stay

Relief Brief") filed by Devery Jones (the "Plaintiff"). In support of this Objection,

the City incorporates in their entirety the arguments set forth in the Brief in

Opposition to Devery Jones Motion for Relief from the Automatic Stay filed

contemporaneously herewith (the "Brief in Opposition") and respectfully

represents as follows:

## Background

1.      On July 18, 2013 (the "Petition Date"), the City commenced this case under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Prior to the Petition Date, on November 8, 2012, the Plaintiff filed a Complaint against the City in the Circuit Court for the County of Wayne, Michigan (the "Circuit Court"), case number 12-014951 (the "Lawsuit").  A copy of the Complaint is attached as Exhibit A.  The Complaint alleged that as a result of bodily injuries the Plaintiff suffered in a motor vehicle collision on June 23, 2006, the City is obligated to pay the Plaintiff his expenses and losses under MCL section 500.3100 et seq. ("Michigan's No-Fault Act").  See Complaint ¶¶ 6-11.  On December 14, 2012, the City filed its Answer and Affirmative Defenses, denying liability.  A copy of the Answer and Affirmative Defenses is attached as Exhibit B.  On February 26, 2013, the Circuit Court entered a Scheduling Order providing a discovery cutoff of June 20, 2013, case evaluation in August 2013, and a settlement conference forty-two days after the case evaluation. A copy of the Scheduling Order is attached as Exhibit C.  Prior to the case evaluation, the Lawsuit was stayed by the Circuit Court. No trial date has been set.

3.      On September 6, 2013, following the Petition Date, the Plaintiff filed the Stay Relief Motion in the chapter 9 case.  By the Stay Relief Motion, the Plaintiff seeks relief from the automatic stay of section 362 of the Bankruptcy

Code (the "<u>Automatic Stay</u>"), as made applicable in this chapter 9 case by section 901 of the Bankruptcy Code, to pursue his Lawsuit and establish the liability of the City. <u>See</u> Stay Relief Motion at 4. The Plaintiff alleges that allowing the Lawsuit to proceed "will not interfere with the existing bankruptcy case because the City of Detroit is self-insured for No Fault automobile insurance and continues to make payments for those claims." <u>See</u> Stay Relief Brief at 3. Alternatively, the Plaintiff requests that the Court lift the Automatic Stay to allow him to amend the Complaint to add his insurance company, Home-Owners Insurance, as a party to the Lawsuit. <u>See</u> Stay Relief Motion at 4. The Plaintiff alleges that if the City is not able to pay the benefits allegedly owed to him under Michigan's No-Fault Act, Home-Owners Insurance, as the "next-in-line insurer, would become liable to pay those benefits." <u>See</u> Stay Relief Brief at 3.

## Objection

4.    For all of the reasons set forth in the attached Brief in Opposition, which is incorporated herein by reference, cause does not exist warranting relief from the Automatic Stay with respect to the Lawsuit, and the Stay Relief Motion should be denied.

WHEREFORE, for the reasons set forth herein and in the Brief in Opposition, the City respectfully requests that this Court: (a) deny the Stay Relief

21535813.1\022765-00202

Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: September 20, 2013   Respectfully submitted,

        By: /s/Stephen S. LaPlante
        Jonathan S. Green (MI P33140)
        Stephen S. LaPlante (MI P48063)
        MILLER, CANFIELD, PADDOCK AND
        STONE, P.L.C.
        150 West Jefferson
        Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 963-6420
        Facsimile: (313) 496-7500
        green@millercanfield.com
        laplante@millercanfield.com

        David G. Heiman (OH 0038271)
        Heather Lennox (OH 0059649)
        JONES DAY
        North Point
        901 Lakeside Avenue
        Cleveland, Ohio 44114
        Telephone: (216) 586-3939
        Facsimile: (216) 579-0212
        dgheiman@jonesday.com
        hlennox@jonesday.com

        Bruce Bennett (CA 105430)
        JONES DAY
        555 South Flower Street Fiftieth Floor
        Los Angeles, California 90071
        Telephone: (213) 243-2382
        Facsimile: (213) 243-2539
        bbennett@jonesday.com

        ATTORNEYS FOR THE CITY OF DETROIT

- 4 -

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DEVERY JONES,

                Plaintiff,

v.

CITY OF DETROIT, a Municipal Corporation,

                Defendant.

_____/

12-          -NF
HON.  Robert L. Ziolkowski

12-014951-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/8/2012 2:57:44 PM
CATHY M. GARRETT

BARRY P. WALDMAN (P21902)
BRIAN A. MCKENNA (P46671)
Attorneys for Plaintiff
1000 Farmer Street
Detroit, MI 48226
(313) 965-3464
(313) 496-9416 - Direct Dial
(313) 965-4315 - FAX
brianmckenna@sachswaldman.com

==========================================================

**There was other civil actions between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, being C.A. Nos. 07-711525-NF, 09-002794-NF and 11-005759-NF, assigned to Judge Robert L. Ziolkowski which have been dismissed.**

                /s/ Brian A. McKenna
                BRIAN A. MCKENNA (P46671)

## **COMPLAINT**

    **NOW COMES** Plaintiff, Devery Jones, by and through his attorneys, SACHS WALDMAN Professional Corporation, and respectfully represents unto this Honorable Court as follows:

    1.    Plaintiff, Devery Jones is a resident of the City of Farmington Hills, County of Oakland, State of Michigan.

2.      Defendant, City of Detroit (hereinafter referred to as "Detroit") is a municipal corporation, created and existing under the laws of the State of Michigan.

3.      The amount in controversy is in excess of Twenty Five Thousand ($25,000.00) dollars, exclusive of costs and interest.

4.      At some time prior to June 23, 2006 Defendant City of Detroit executed and delivered a certain motor vehicle insurance policy which insured a certain police patrol vehicle that was involved in a police chase on June 23, 2006, and that vehicle was a cause of the accident and injuries.

5.      At all times relevant hereto, Defendant City of Detroit, under a valid policy of insurance and in accordance with the provisions of MCL §500.3100, et seq. (No-Fault Act), provided no-fault insurance coverage for Plaintiff.

6.      Under the terms and conditions of said insurance policy and the Michigan No-Fault Act, Defendant City of Detroit became obligated to pay to Plaintiff certain expenses and/or losses in the event that Plaintiff sustained bodily injury in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.

7.      On said date and at said time, said insurance policy which provided no-fault insurance coverage for Plaintiff, in accordance with the Michigan No-Fault Act, were in full force and effect.

8.      On June 23, 2006, Plaintiff Devery Jones was operating a motorcycle when he was caused to sustain serious bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle.

9.      As a result of said motor vehicle collision and subsequent bodily injury, Plaintiff Devery Jones was required to expend or become liable for large sums of money

2

for medical and hospital care and treatment and was caused to incur expenses in obtaining ordinary and necessary services from others in lieu of those services that would have been performed had he not been injured.

10.     By virtue of the foregoing and in accordance with the terms of said insurance policy and the said No-Fault Endorsement, Defendants have become liable to pay over to Plaintiff certain No-Fault benefits.

11.     Although Plaintiff has requested payment of said benefits from Defendant and reasonable proofs were submitted, Defendant City of Detroit have failed, refused and neglected to pay all of said benefits including allowable expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendant City of Detroit in whatever amount he is found to be entitled, together with costs, interest and attorney fees.

## COUNT II - DECLARATORY RELIEF

Plaintiff hereby incorporates by reference paragraphs one (1) through eleven (11) above, as if set forth more specifically, paragraph by paragraph.

12.     An actual controversy exists between Plaintiff and Defendant.

13.     The Court must determine the following:

a.     The applicability of the No-Fault Act to Plaintiff's claims;

b.     The amount of attendant care services and medical expenses, No-Fault interest, actual attorney fees, or other benefits owed to Plaintiff;

c.     Whether, and in what amount, any reduction, set-offs, or reimbursements may be claimed by Defendants;

d.     Other determinations, orders, and judgments necessary to fully adjudicate the right of the parties.

3

**WHEREFORE**, Plaintiff requests a declaration of rights and an award of damages in whatever amount he is found to be entitled to in excess of $25,000, plus interest, costs, and No-Fault attorney fees.

Respectfully submitted,

SACHS WALDMAN Professional Corporation,

BY:     */s/ Brian A. McKenna*_____
        BARRY P. WALDMAN (P21902)
        BRIAN MCKENNA (P46671)
        Attorneys for Plaintiff
        1000 Farmer Street
        Detroit, MI 48226
        313/965-3464

DATED: November 8, 2012

4

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**DEVERY JONES,**

        Plaintiff,

v

**CITY OF DETROIT,**

        Defendant.

_____/

Case No. 12-014951 NF

Hon. Robert L. Ziolkowski 12-014951-NF

FILED IN MY OFFICE
WAYNE COUNTY CLERK
12/14/2012 8:28:35 AM
CATHY M. GARRETT

**BRIAN A. MCKENNA (P-46671)**
Attorney for Plaintiff
1000 Farmer Street
Detroit, Michigan 48226
(313) 965-3464

**CALVERT BAILEY (P-42409)**
Attorney for Defendant
1800 First National Building
Detroit, Michigan 48226
(313) 237-3004

_____/

## ANSWER TO COMPLAINT AS TO CITY OF DETROIT ONLY

For answer to complaint in the above-entitled cause, Defendant CITY OF DETROIT,

a Municipal Corporation, by and through its undersigned attorney says as follows:

      1.      Having insufficient information or knowledge of the allegations of the paragraph

thereof corresponding hereto, Defendant neither admits nor denies the allegations included therein.

      2.      The paragraph thereof corresponding hereto is admitted.

      3.      Having insufficient information or knowledge of the allegations of the paragraph

K:\DOCS\LIT\BAILC\A37000\ANSWER\DJD1698.WPD

thereof corresponding hereto, Defendant neither admits nor denies the allegations included therein.

4. Defendant need not respond to the legal conclusions contained herein.

5. Defendant need not respond to the legal conclusions contained herein.

6. Defendant need not respond to the legal conclusions contained herein.

7. Defendant need not respond to the legal conclusions contained herein.

8. Defendant need not respond to the legal conclusions contained herein.

9. Having insufficient information or knowledge of the allegations of the paragraph thereof corresponding hereto, Defendant neither admits nor denies the allegations included therein.

10. Defendant need not respond to the legal conclusions contained herein.

11. Having insufficient information or knowledge of the allegations of the paragraph thereof corresponding hereto, Defendant denies same and leaves Plaintiff to proof thereof.

**WHEREFORE, IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to the Defendant.

<u>**COUNT II -DECLARATORY RELIEF**</u>

Each of the paragraphs of the prior Counts corresponding hereto are respectively answered as set forth herein above.

12. The paragraph thereof corresponding hereto is admitted.

13. Defendant need not respond to the legal conclusions contained herein.

**WHEREFORE, IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and

K:\DOCS\LIT\BAILC\A37000\ANSWER\DJD1698.WPD

attorney fees awarded to the Defendant.

Respectfully submitted,

*Calvert Bailey*
_____

**CALVERT BAILEY (P-42409)**
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendants City and DOT
1800 First National Building
Detroit, Michigan 48226
(313) 237-3004

## SPECIAL AND AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to set forth a cause of action upon which relief can be granted.

2.  The Defendant in the above-entitled cause, by and through the undersigned attorney, not waiving any deficiency or omission in any pleadings heretofore or hereafter filed by any other party hereto, hereby reserves the right to assert and file any affirmative and special defense as may become known by discovery proceedings in accordance with the rules and practices of this Court in such case made and provided, or otherwise.

3.  Plaintiff is not entitled to any benefits from defendant for the reason that he has not supplied to defendant reasonable proof of his claim, including the fact and amount of the loss sustained as required by Michigan's No-Fault Act.

4.  All or part of plaintiff's claim is barred by the terms and/or conditions of the insurance policy and/or Michigan's No-Fault Act, MCLA 300.3101 et. seq.

5.  If Plaintiff is entitled to no-fault benefits from defendant, defendant is entitled to a set off for benefits provided or required to be provided under the laws of any state or federal government.

K:\DOCS\LIT\BAIL.C\A37000\ANSWER\DJD1698.WPD

6.    Plaintiff's claim for personal protection insurance benefits is in some respect fraudulent or

      so excessive as to have no reasonable foundation and defendant is allowed an award of

      reasonable foundation and defendant is allowed an award of reasonable attorney's fees for

      having to defend against said claim.

7.    All benefits properly owing to plaintiff have been paid and plaintiff is not entitled to any

      benefits from defendant for the reason that she is not disabled and unable to return to

      work and/or medical treatment received is not reasonable and necessary.

                                        Respectfully submitted,

                                        *Calvert Bailey*
                                        _____
                                        **CALVERT BAILEY (P-42409)**
                                        CITY OF DETROIT LAW DEPARTMENT
                                        Attorney for Defendants City and DOT
                                        1800 First National Building
                                        Detroit, Michigan 48226
                                        (313) 237-3004

Dated: December 12, 2012

<div style="border:1px solid">

Proof of Service

The undersigned certifies that a copy
of the foregoing instrument was
e-filed via the Odyssey Filing System and serviced on
all parties, or their attorneys
of record, in the action noted above,
via e-mail on December 13, 2012.

Signature: *Shawntese Beacham*
            _____
            Shawntese Beacham

</div>

K:\DOCS\LIT\BAILC\A37000\ANSWER\DJD1698.WPD

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | STATUS CONFERENCE SCHEDULING ORDER<br>☐ AMENDED ORDER | CASE NO.<br>**12-014951-NF** |
|---|---|---|

Jones, Devery v City of Detroit
Hon. Robert L. Ziolkowski

Case Status: Open Active
Status Conference Date: 02/08/2013
Filed Date: 11/08/2012

| | | | | |
|---|---|---|---|---|
| PL | Jones, Devery | 46671 | Brian A. McKenna | (313) 496-9416 |
| DF | City of Detroit | 42409 | Calvert A. Bailey | (313) 224-4550 |

1.  ☒ Service has been obtained and time for filing of the answer has not lapsed.  IT IS ORDERED THAT:
     ☐ An adjourned Status Conference is to be held on: .
     ☐ **PLAINTIFF IS ORDERED** to notify all parties of this conference, and file proof of service with Clerk of the Court
        (Room 201 Coleman A. Young Municipal Center).
     ☒ The Court has established the schedule of events noted below and **PLAINTIFF IS ORDERED** to serve a copy of
        this Scheduling Order on all parties and file proof of service with the Clerk of the Court.

2.  ☐ Service has been obtained, time for filing an answer has lapsed and no answer has been filed by Defendant .
     Default shall be filed and served, and motion for entry of default judgment shall be filed and heard no later than .

12-014951-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/26/2013 9:23:44AM
CATHY M. GARRETT
/s/ Kimberly Clifton

3.  ☒ The following schedule of events is ordered:

Please check ( **x** ) Track Selection     ☒ Track #1      ☐ Track #2      ☐ Track #3      ☐ Other

| | Track #1 | Track #2 | Track #3 | Other |
|---|---|---|---|---|
| Witness Exchange Filing | 05/02/2013 | 07/18/2013 | 10/17/2013 | |
| Discovery Cutoff | 06/20/2013 | 09/19/2013 | 12/19/2013 | |
| Case Evaluation Month | 08/2013 | 11/2013 | 02/2014 | |
| Settlement Conference<br>(Case Evaluation date Plus 42 days) | 42 Days | 42 Days | 42 Days | |
| Other Conference | | | | |

Comments:

☐ ARISING OUT OF CASE #
Please check ( x ) if special case evaluation panel is applicable:
☐ COMMERICAL PANEL               ☐ EMPLOYMENT/DISCRIMINATION PANEL

NOTE:     The specific trial attorneys, parties, lienholders and insurance representatives or other persons with authority to make a final
           decision as to settlement are required to appear at the Settlement Conference, unless excused by the assigned judge.
NOTICE:   This constitutes a duly entered Order of this Court, and failure to comply strictly with all its terms, may result in sanctions.

| | | | |
|---|---|---|---|
| Attorney for Plaintiff | Bar No. | Attorney for Defendant | Bar No. |
| Attorney for Plaintiff | Bar No. | Attorney for Defendant | Bar No. |
| | | /s/ Robert L. Ziolkowski | 2/26/2013 |
| | | Circuit Court Judge | (Date) |