UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                     Chapter 9
                                                           Case No. 13-53846
City of Detroit, Michigan,                                 Hon. Steven W. Rhodes

     Debtor.
_____/

Order Denying Motion for Relief From Stay [Dkt. # 308]

On August 8, 2013, Michael Beydoun filed a motion for relief from the automatic stay. Beydoun has a judgment, currently pending on appeal before the Michigan Supreme Court, against the City relating to a traffic accident involving a City police car. Beydoun asserts that the City filed the bankruptcy petition to avoid his judgment in bad faith and that cause exists for relief from the stay so he can pursue collection on his judgment.

The City responds that allowing the continuation of actions such as this would undermine the protections of the automatic stay and jeopardize the City's efforts to restructure. Moreover, the City asserts that nothing in the motion establishes any bad faith or other cause in support of relief from the automatic stay.

The determination of whether to lift the automatic stay is left to the sound discretion of the Court. *In re Federated Dept. Stores, Inc.*, 328 F.3d 829, 836 (6th Cir. 2003) (citing *White v. White* (*In re White*), 851 F.2d 170, 174 (6th Cir. 1988)).

Beydoun cites cases holding that in determining a debtor's good faith in filing a bankruptcy case, the totality of the circumstances must be considered. See *Laguna Assoc. Ltd. P'ship v. Aetna Cas. & Surety Co.* (*In re Laguna Assoc. Ltd. P'ship*), 30 F.3d

734 (6th Cir. 1994); *In re Okoreeh-Baah*, 836 F.2d 1030, 1033 (6th Cir. 1988).  There is nothing particularly remarkable or controversial about that point.  However, most of the cases that conclude that the debtor's "bad faith" was cause to grant relief from the automatic stay were single asset real estate cases.  In those cases, relief from the stay is granted to allow the secured creditor to pursue its *in rem* remedy against the collateral under state law.  In those cases, granting relief from the stay does not prejudice unsecured creditors.

On the other hand, when an unsecured creditor like Beydoun seeks relief from the automatic stay to pursue collection from a debtor, there is significant potential harm to other creditors, because if successful, the creditor will be paid in his claim and promptly so, while other creditors are stayed.  This would be fundamentally unfair to them regardless of the asserted grounds for relief.  Beydoun has not cited any cases where relief from the automatic stay was granted to allow an unsecured creditor to collect on its judgment while other creditors were stayed.

Accordingly, the Court finds that the motion does not state sufficient cause for relief from the automatic stay.

The Court notes that many of Beydoun's bad faith arguments have been raised in the several eligibility objections.  This order is without prejudice to those arguments.

Accordingly, the motion is denied, without prejudice to Beydoun's right to file a proof of claim.

.

**Signed on September 24, 2013**

                       _____**/s/ Steven Rhodes**_____
                         **Steven Rhodes**

**United States Bankruptcy Judge**