UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

CITY OF DETROIT, MICHIGAN,　　　　　　　　　　　Chapter 9
　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 13-53846-swr
　　　　　　Debtor.　　　　　　　　　　　　　　　　Hon. Steven W. Rhodes
_____/

**MOTION AND INCORPORATED MEMORANDUM OF LAW BY PARTY-IN-INTEREST THOMAS GERALD MOORE FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED FOR DISCOVERY PURPOSES AND/OR TO RECOVER ANY INSURANCE COVERAGE UNDER DEFENDANTS' HOMEOWNERS INSURANCE POLICIES**

NOW COMES Thomas Gerald Moore, ("Moore"), by and through counsel, Jay S. Kalish, and for his Motion For Relief from the Automatic Stay to Allow Civil Litigation to Proceed for Discovery Purposes and/or To Recover Any Insurance Coverage under the Defendants' Homeowners Insurance Policies, and says as follows:

1.　　Moore is the Plaintiff in a civil action filed on January 2, 2103 in the United States District Court for the Eastern District of Michigan in Detroit assigned case number 2:13-cv-10010-SFC-LJM and styled as *Thomas Gerald Moore vs. Matthew Fulgenzi and Brian Headapohl,*. (the "Lawsuit").

2.　　Defendants Matthew Fulgenzi ("Fulgenzi"), and Brian Headapohl ("Headapohl"), are City of Detroit Police Officers.

3.　　The City of Detroit is not a named Defendant in the Lawsuit.

4.　　The Lawsuit asks for money damages against Fulgenzi and Headapohl in their individual capacity for the reason that at the time of the alleged conduct, they were off duty but acting under color of law.

5.　　On January 16, 2013, the City of Detroit, through its Law Department, filed an Answer, Affirmative Defenses and a Jury Demand on behalf of Fulgenzi and Headapohl.

1

6. On March 6, 2013, Moore filed his First Amended Complaint.

7. On March 7, 2013, the City of Detroit, through its Law Department, filed an Answer, Affirmative Defenses and Reliance on Jury Demand on behalf of Fulgenzi and Headapohl.

8. Through discovery, Plaintiff has determined that the Defendants, Fulgenzi and Headapohl are possessed of homeowner's insurance policies issued by AAA and Farmers Insurance, respectively, which were in force and continue to be in force and which may cover the claims advanced in Moore's Lawsuit as well as providing payment for the costs of defense.

9. On July 18, 2013, the City of Detroit filed a petition for relief under Chapter 9 of the United States Bankruptcy Code.

10. On July 25, 2013, at Docket #166, this Court entered its Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor, (the "Extended Stay Order").

11. Accordingly, the Lawsuit has been stayed and has been removed from District Court's active docket.

12. Defendants Fulgenzi and Headapohl are "Insured Persons" as that term is defined in their respective homeowner's insurance policies.

13. Plaintiff seeks an Order from this Court granting relief from the automatic stay provided in 11 USC § 362 and the Extended Stay Order to Allow the Lawsuit to proceed for discovery purposes and/or to recover any insurance coverage under the defendants' homeowners insurance policies,.

14. In support of his Motion, Moore states as follows:

    a. As the legislative history of §362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their *chosen forum and to relieve the bankruptcy court from any*

*duties that may be handled elsewhere.*" *In re Lamberjack*, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992) (citing Senate Report No., 989, 95th Cong., 2d Sess., 50)(emphasis added).

      b.      Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Éclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause:" §362(d)

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; 11 U.S.C. § 362(d)(1).

The statute does not define what constitutes "cause," however, many courts have determined that in examining whether cause exists they "must consider particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *In re Mego Int'l, Inc.*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

In determining what is just to all parties in interest with respect to lifting the automatic stay, Courts generally follow the decision of *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir. 1990). *See, e.g., Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating a district court order granting stay relief where the bankruptcy court had not applied the *Sonnax* factors, made only sparse factual findings and ultimately did not provide the appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate."). In *Sonnax*, the court outlined twelve factors to be considered when deciding whether to lift the automatic stay:

> (1) whether relief would result in a partial or complete resolution of the issues;
>
> (2) lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the other proceeding involves the debtor as a fiduciary;
>
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
>
> (6) whether the action primarily involves third parties;

3

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286.

Only those factors relevant to a particular case need be considered and the court need not assign them equal weight. *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

In this case, because the Lawsuit seeks no relief from the Debtor, and the Debtor is neither a party to the Lawsuit or a fiduciary, and the relief sought herein is limited to the availability of the Defendants' insurance coverage, an analysis of all of the Sonnax factors must lead to the conclusion that relief from the automatic stay will not impact the Debtor's bankruptcy case in any way.

    c.    In determining as to whether "cause" exists, most Courts "balance the hardship to the creditor, if they are not allowed to proceed with their lawsuit, against potential prejudice to the Debtor, Debtor's estate and other creditors." *In re R. J. Groover Constr., LLC,* 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008).

    d.    In this case, Defendants Fulgenzi and Headapohl are not debtors in a bankruptcy proceeding; their homeowners insurance policies and any payment from those insurance companies are not property of the bankruptcy estate, and, arguably, the insurance policies should cover the costs of defending the Lawsuit.

15. That the above mentioned facts and law constitute cause for termination of the automatic stay pursuant to 11 USC § 362(d)(1).

4

13-53846-tjt    Doc 1035    Filed 09/26/13    Entered 09/26/13 13:08:31    Page 4 of 5

16. Pursuant to LBR 4001-1(a) (E.D.M.), notice of this motion has been provided to the Debtor, Debtor's Counsel, Counsel for Fulgenzi and Headapohl and the Office of the U.S. Trustee.

17. Good cause exists for waiving the ten (10) day stay provision of Rule 4001(a)(3) Fed. Rules of Bankruptcy Procedure.

18. That pursuant to L.B.R. 9014-1(b)(4) (E.D.M.), attached is a copy of the proposed Order Terminating the Automatic Stay as to Moore labeled as Exhibit "A".

WHEREFORE, Movant respectfully pray that this Court enter an Order Terminating the Automatic Stay as to Thomas Gerald Moore to Allow Civil Litigation to Proceed for Discovery Purposes and/or To Recover Any Insurance Coverage under the Defendants' Homeowners Insurance Policies and for such additional relief as the Court deems just and equitable.

Respectfully Submitted,

JAY S. KALISH & ASSOCIATES, P.C.

 /s/   Jay S. Kalish                              .
JAY S. KALISH
Attorney for Thomas Gerald Moore
28592 Orchard Lake Road, Suite 360
Farmington Hills, MI 48334
(248) 932-3000
jskalish@aol.com
Mich Bar No. P26301

Dated: September 26, 2013