```
------------------------------------------------   x
                                                   :
In re                                              :    Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         :    Case No. 13-53846
                                                   :
                         Debtor.                   :    Hon. Steven W. Rhodes
                                                   x
```

# DEBTOR'S OBJECTION TO PETITION FOR ORDER LIFTING STAY

The City of Detroit, Michigan (the "City"), as the debtor in the above-captioned case, hereby objects to the Petition for Order Lifting Stay [Dkt. No. 740] (the "Stay Relief Motion") and supporting Brief (the "Stay Relief Brief") filed by Detroit Branch NAACP, Michigan State Conference NAACP, Donnell White, Thomas Stallworth III, individually, Rashida Tlaib, individually, and Maureen Taylor, individually (collectively, the "Plaintiffs"). In support of this Objection, the City incorporates the Brief in Opposition to Petition for Order Lifting Stay filed contemporaneously with this Objection (the "Brief in Opposition") and respectfully represents as follows:

## Background

1. On March 28, 2013, upon the effectiveness of Public Act 436, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"), Mr. Kevyn D. Orr became, and continues to act as, emergency manager with respect to the City under PA 436 (in such capacity, the "Emergency Manager").

2. Approximately six weeks later, on May 13, 2013, the Plaintiffs filed a complaint against Governor Rick Snyder, State Treasurer Andrew Dillon and Secretary of State Ruth Johnson (collectively, the "Defendants"), commencing Case No. 13-12098 (the "Lawsuit"), in the United States District Court for the Eastern District of Michigan, Southern Division (the "District Court").

3. On June 27, 2013, the Plaintiffs filed a First Amended Verified Complaint (the "Amended Complaint"). The Amended Complaint seeks: (i) an order declaring that PA 436 is unconstitutional (Prayer A); (ii) a preliminary and permanent order prohibiting the Defendants from implementing or enforcing PA 436 (Prayer B); (iii) a preliminary and permanent order prohibiting any emergency managers appointed under PA 436 from exercising any authority over local units of government and their officials (Prayer C); and (iv) a preliminary and permanent order that actions exercised by any emergency managers appointed under PA 436 are unenforceable (Prayer D). The Prayer for Relief is attached as Exhibit A.

4. On July 18, 2013, the Governor issued his written decision (the "Authorization") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order").

5. In accordance with the Authorization and Approval Order, on July 18, 2013 (the "Petition Date"), the City commenced this case under chapter 9 of the Bankruptcy Code.

6. On July 19, 2013, the City filed the Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice and (B) Establishing a Deadline for Objections to Eligibility and a Schedule for Their Consideration [Dkt. No. 18] (the "Eligibility Objection Motion"). The Eligibility Objection Motion requested that the Court set August 19, 2013 ("Objection Deadline"), as the deadline for all parties to file objections to the City's eligibility to obtain relief under chapter 9 of the Bankruptcy Code ("Eligibility Objections"). The Eligibility Objection Motion also asked the Court to set a schedule for hearing and resolving Eligibility Objections. Eligibility Objection Motion, ¶ 28. The Court granted the Eligibility Objection Motion on August 2, 2013, and entered an order setting the Objection

Deadline ("Objection Order," Dkt. No. 296). The Objection Order also set a schedule for hearing and resolving Eligibility Objections.

7. In accordance with the Objection Order, numerous creditors and other parties in interest have objected to the City's eligibility to be a debtor under chapter 9 of the Bankruptcy Code on the basis that, for one reason or another, PA 436 is unconstitutional on its face or as applied ("PA 436 Eligibility Objections"). See list of objecting parties in the First Amended Order Regarding Eligibility Objections Notices and Hearings and Certifications Pursuant to 28 U.S.C. §2403(a) & (b) [Dkt. No. 821]. These PA 436 Eligibility Objections are scheduled to be heard in less than one month.

8. On July 19, 2013, the City filed the Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees and (C) Agents and Representatives of the Debtor [Dkt. No. 56] (the "Stay Extension Motion"). The Stay Extension Motion requested that the Court extend the automatic stay provisions of sections 362 and 922 of the Bankruptcy Code (the "Automatic Stay") to, among others, the Governor and the Treasurer. The City requested such relief to "(a) aid in the administration of [the City's] bankruptcy case, (b) protect and preserve property for the benefit of citizens and stakeholders and (c) ensure that the City is afforded the breathing spell it needs to focus on

developing and negotiating a plan for adjusting its debts." Stay Extension Motion at ¶ 15. The City specifically expressed the concern that litigation against the Governor and Treasurer could be used as a means to pursue claims against the City or interfere with the chapter 9 process. Id. at ¶ 22.

9. On July 25, 2013, this Court entered the Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor [Dkt. No. 166] (the "<u>Stay Extension Order</u>"), granting the Stay Extension Motion. The Stay Extension Order is not subject to appeal and is a final order of the Court.

10. On September 6, 2013, following the Petition Date, the Plaintiffs filed the Stay Relief Motion. In the Stay Relief Motion, the Plaintiffs request that this Court lift the Automatic Stay, as extended by the Stay Extension Order, to allow them to proceed with the Lawsuit in the District Court.

11. On September 20, 2013, the Defendants filed a Brief in Opposition to the Stay Relief Motion [Dkt. No. 979] (the "<u>Defendants' Opposition</u>"). The City agrees with the Defendants' Opposition and further responds to the Stay Relief Motion.

- 5 -
13-53846-tjt    Doc 1043    Filed 09/26/13    Entered 09/26/13 17:37:55    Page 5 of 10

## Objection

12.  Despite the Plaintiffs' contention of "unrelatedness" and their efforts to characterize the gravamen of the relief they seek as not affecting the City, its assets or its creditors, the Lawsuit aims at the heart of the City's chapter 9 eligibility and the essence of the City's entire restructuring efforts under chapter 9, with the Emergency Manager at the helm. For all of the reasons set forth in the attached Brief in Opposition, which is incorporated herein by reference, and in the Defendants' Opposition, cause does not exist warranting relief from the Automatic Stay with respect to the Lawsuit, and the Stay Relief Motion should be denied.

WHEREFORE, for the reasons set forth in this Objection and in the Brief in Opposition, the City respectfully requests that this Court: (a) deny the Stay Relief Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: September 26, 2013         Respectfully submitted,

By: /s/Stephen S. LaPlante
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500

Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

100. The purpose of the 1965 Voting Rights Act is to ensure that the right of all citizens to vote, including the right to register to vote and cast meaningful votes, is preserved and protected as guaranteed by the Constitution.

101. Section 3(c) of the Voting Rights Act authorizes federal courts to place states and political subdivisions that have violated the Fourteenth or Fifteenth Amendments under preclearance, similar to Section 5 of the Act, which requires certain covered jurisdictions to preclear all voting changes with federal authorities. 42 U.S.C.§ 1973a(c) (2006).

102. Plaintiffs, having pled a violation of the Fourteenth Amendment, are eligible for the Court's implementation of Section 3(c) of the Voting Rights Act. This Court should use its discretion to retain jurisdiction and impose preclearance on the cities and school districts now having Emergency Managers in the state of Michigan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request of this Court the following relief:

A. An order declaring that Public Act 436 violates the Equal Protection and/or the Procedural and/or Substantive Due Process Clauses of the United States Constitution;

B. A preliminary and permanent order prohibiting Defendants, their respective agents, servants, employees, attorneys, successors, and all persons acting in concert with each or any of them, from implementing or enforcing Public Act 436;

C. A preliminary and permanent order prohibiting any Emergency Managers appointed under Public Act 436 from exercising any authority over any jurisdiction and/or unit of local government, and/or over any locally elected public officials in Michigan;

D. A preliminary and permanent order that actions exercised by Emergency Managers under Public Act 436 are unenforceable;

E. A preliminary and permanent order granting preclearance of the cities and school districts currently with Emergency Managers, including the City of Benton Harbor, the City of Detroit, the Detroit Public School System, the City of Ecorse, the City of Flint, the City of Hamtramck, the City of Highland Park, the Muskegon Heights School System, and the City of Pontiac under section 3(c) of the 1965 Voting Rights Act;

F. Attorney fees and costs;

G. Such other and further relief as this Court may deem necessary or proper.

Respectfully submitted,

/s/ Melvin Butch Hollowell

_____
MELVIN BUTCH HOLLOWELL (P-37834)
General Counsel
Detroit Branch NAACP
8220 Second Avenue
Detroit, Michigan 48221
313-871-2087
butchhollowell@gmail.com

/s/ Nabih H. Ayad

_____
NABIH H. AYAD (P-59518)
General Counsel
Arab-American Civil Rights League
Nabih Ayad & Associates
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com

ATTORNEYS FOR PLAINTIFFS

DATED: June 27, 2013