UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                            Chapter 9

City of Detroit, Michigan,                                        Case No. 13-53846

         Debtor.                                              Hon. Steven W. Rhodes

_____/

# OBJECTION OF DETROIT POLICE LIEUTENANTS AND SERGEANTS ASSOCIATION AND DETROIT POLICE COMMAND OFFICERS ASSOCIATION TO MOTION OF CREDITOR DEBORAH RYAN, AN INTERESTED PARTY, FOR RELIEF FROM THIS COURT'S ORDER STAYING PROCEEDINGS

The Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA"), through their counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., submit the following Objection to the Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings (the "Objection") as follows:

1. The DPLSA and DPCOA support and adopt the arguments set forth in the Debtor's Objection to the Amended Motion of Creditor Deborah Ryan, an Interested Party, For Relief from this Court's Order Staying Proceedings [Doc. No. 1028] and the Brief in Support of same [Doc. No. 1029].

2. Prior to the filing of this Chapter 9 proceeding and the resultant Stay pursuant to 11 U.S.C. §362, the City was obligated to tender the defense of and indemnify individuals such as the individual Detroit Defendants in the event of a lawsuit and judgment against them. In matters like the proceeding filed by Ryan, the City is the sole source of a defense and/or indemnification for acts allegedly committed by members of the DPLSA and DPCOA in the good faith performance of their duties as a City employee. The right to a defense and/or indemnification is included under Ordinance Section 13-11-b, applicable union Collective Bargaining Agreements, and the City Employment Terms ("CET").

3. Sergeant Kozloff and Inspector Blackmon are Detroit Police Department employees who are among the DPLSA and DPCOA and other Detroit Public Safety Union members who continue to provide essential services—police and fire protection-- on a daily basis to the City, its inhabitants and its visitors under extremely difficult conditions. The allegations against Sergeant Kozloff and Inspector Blackmon arise out of their good faith performance of these duties. Both have rights of defense and indemnification from the City and no right to a defense or to indemnification from any non-debtor third party.

4. The City, in its brief, indicates that the claims against the City, Sergeant Kozloff and Inspector Blackmon will be addressed at an appropriate time in these Chapter 9 proceedings, delaying, not denying Ryan her rights, see City's

2

Brief at pp. 11-12 and cases cited therein, and, presumably, preserving Sergeant Kozloff and Inspector Blackmon's indemnification rights, to the extent they might be triggered.

5. Because such a delay does not amount to "cause" in this case, the Automatic Stay must remain in place, both as to the City and the individual Detroit Defendants. As pointed out by the City, this case highlights why it was essential that this Court extend the Automatic Stay to non-officer City employees like Sergeant Kozloff and Inspector Blackmon. As the City's brief notes, the proposed Order attached to the Stay Relief Motion, goes beyond liquidating Ryan's claim, and also seeks relief "through judgment," and the pursuit of "her non-bankruptcy rights and remedies," which would permit post-judgment collection and open the door to other proceedings against the Defendants.

6. Furthermore, any modification of the Stay would be contrary to the Stay Orders entered by this Court [Doc. Nos. 166 and 167], would require the individual Detroit Defendants to seek stay relief to compel the City to defend and indemnify them and would also expose the individual Detroit Defendants to potential personal financial ruin. Given the individual Detroit Defendants' role in providing essential City services under often harrowing circumstances and given the other daily distractions they face as a result of the City's financial distress and these Chapter 9 proceedings, it would be unconscionable to open these individual

3

Detroit Defendants, and others who are similarly situated, to personal exposure in lawsuits under such circumstances.

## **RELIEF REQUESTED**

WHEREFORE, the DPLSA and DPCOA respectfully request that this Honorable Court deny the Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings in its entirety.

    ERMAN, TEICHER, MILLER,
    ZUCKER & FREEDMAN, P.C.

By: */s/ Barbara A. Patek*
    Earle I. Erman (P24296)
    Barbara A. Patek (P34666)
    Craig E. Zucker (P39907)
    Counsel for the Detroit Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI 48034
    Telephone: (248) 827-4100
    Facsimile: (248) 827-4106
    E-mail: bpatek@ermanteicher.com

DATED: September 27, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                   Chapter 9

City of Detroit, Michigan,                  Case No. 13-53846

            Debtor.                           Hon. Steven W. Rhodes

_____/

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 27, 2013, Objection of Detroit Police Lieutenants and Sergeants Association and Detroit Police Command Officers Association to Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By: */s/ Barbara A. Patek*
    Barbara A. Patek (P34666)
    Counsel for the Detroit
    Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI 48034
    Telephone: (248) 827-4100
    Facsimile: (248) 827-4106
    E-mail: bpatek@ermanteicher.com

DATED: September 27, 2013