UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 9

CITY OF DETROIT, MICHIGAN                                  No. 13-53846
     Debtor.

                                     HON. STEVEN W. RHODES

_____/

### PETITIONERS' REPLY TO THE DEBTOR'S RESPONSE (DOCKET NOS 1043 and 1044) AND PETITIONERS' REPLY TO THE STATE OF MICHIGAN'S RESPONSE (DOCKET NO 979)

In Detroit Branch NAACP, Michigan State Conference NAACP, Donnell White, individually and on behalf of Detroit Branch NAACP and Michigan State Conference NAACP, Thomas Stallworth III, individually, Rashida Tlaib, individually, and Maureen Taylor, individually, v. Rick Snyder, Andrew Dillon, and Ruth Johnson, in their Official Capacities, Now Administratively Stayed in the United States District Court Eastern District of Michigan, No. 13-12098.

**NOW COME**, Petitioners as Plaintiffs in the United States District Court Eastern

District of Michigan No. 13-12098 ("Lawsuit"), by and through their attorneys, state as follows

as their Reply to the Debtor's Response and Reply to the State of Michigan's Response:

The Lawsuit was brought to address the alarming fact that almost half of Michigan's total

African American population are currently under Emergency Manager rule, **state-wide**. The

Debtor seems to ignore the fact that this lawsuit challenges the Act as it applies to **all** Michigan

municipalities and their respective residents. The Lawsuit does not pertain exclusively or

specifically to the City of Detroit or its Emergency Manager.

Petitioners would again like to bring this Court's attention to the issues and rights at stake

in the stayed lawsuit. The lawsuit is broader than the bankruptcy case, no matter Debtor's

assertions to the contrary. This Court would be deciding important constitutional issues that would

affect not only the City of Detroit, but the impact of the Emergency Manager law in the entire state

1

of Michigan. Petitioners in the instant case are suffering irreparable harm for which there is no adequate remedy at law so long as the violations of their constitutional rights continue. *Chicago Teachers Union v. Hudson,* 475 U.S. 292 (1986). The Debtor has termed this Petition as a collateral attack on eligibility determinations, when really, Petitioners only wish to have their day in the appropriate court to have their constitutional law claims heard. As a reminder to this Court, Petitioners have set forth no argument questioning the validity or invalidity of these proceedings[1] and only wish to proceed with their case as normal course in the district court. Indeed, given that the Extension Order has no time limitation, as soon as this Court determines the eligibility issue according to the arguments set forth by both the State of Michigan and Debtor, this case should be allowed to proceed.

Essentially, the State of Michigan and the Debtor raise the same arguments in their opposition to the Petitioners' Petition for Relief. First, they incorrectly restate Petitioners' second argument. Petitioners have not asserted any claim that this Court has abused its discretion. (Docket No. 979, 6; Docket No. 1044, 5). Instead, Petitioners have asked this Court to correct the over breadth of the Order by concluding that it was never intended to apply to this action. Indeed, this Court has not yet made the determination that the extension Order even applies to this lawsuit.

Debtor and the State of Michigan further argue that the factors to be taken into account in determining whether an automatic stay should be lifted enumerated by the Sixth Circuit weigh in

---

[1] Despite the State of Michigan's assertion to the contrary, Petitioners' primary claim involves the violation of Petitioners' constitutional rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment of the Constitution, and not the "Home Rule" principle. The Lawsuit does not address this Court's eligibility issues, therefore the Lawsuit proceeding in a separate forum could not potentially "yield inconsistent adjudications on the same issues." (Docket No. 979, 8).

favor of denying the relief requested. However, there are two stark differences from this case to a typical determination under those factors. First, those factors, once again, address the situation as to creditors and the debtor. Petitioners are not creditors and the Defendants in the Lawsuit are not debtors. These set of facts fail to illustrate such limited circumstances where there exists "such identity between debtor and third party defendant and that the debtor may be said to be the real party defendant." *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.* (In re Eagle-Picher., Inc.), 963 F.2d 855, 861 (6th Cir. 1992).

Second, the automatic stay, by itself, does not apply to Petitioner's proceeding in the district court. Because this situation deals with an extension order, this Court must also take into account additional factors, including whether the case is related to the bankruptcy proceeding in unusual circumstances and whether the stay is necessary or appropriate to carry out the broad principles, policies and goals of the Bankruptcy code. *Am. Imaging Servs. Inc. v. Eagle –Picher Indus., Inc*. (In re Eagle-Picher Indus., Inc.), 963 F.2d 855, 861 (6th Cir. 1992); 11 USC § 105(a). As argued in Petitioners' Brief, the extension order should not apply to the Lawsuit for those reasons. (*See* Docket No. 740, Exhibit 3, 2-3).

Then, after all of the above is considered, the factors of the Sixth Circuit are applied, as they relate to the automatic stay: (1) judicial economy; (2) trial readiness; (3) the resolution of the preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *Bunting*, 2013 WL 153309, at *17 (quoting 35 F. App'x 179, 181 (6th Cir. 2002) (internal quotation marks omitted). To the extent those factors apply here, which already rests on shaky ground given the limited situations to which such a stay applies to a third party non-creditor, the factors do weigh in favor of the progression of the proceeding in the district court as argued in

Petitioners' Brief. (Docket No. 740, 4-7). Indeed, factor 4, which specifically pertains to creditors, and factor 5, which pertains to litigation burdens on the debtor, do not even apply to the case at hand. Debtor's argument that it would be forced to conduct litigation in this matter, is without merit. Again, Debtor is not named in the lawsuit nor could it reasonably expect to take any part in the defense of the lawsuit.

Lastly, Debtor claims that the timing of the Lawsuit's filing is somehow suspect in the same vein as the Prepetition Lawsuits because it occurred six weeks after Detroit's Emergency Manager was appointed. However, had this lawsuit even been a slight concern to the Debtor regarding the timing of the filing of suit in the same way the Prepetition Lawsuits were, this Lawsuit surely would have been included in its Motion to Extend the Stay. The fact that the three lawsuits were expressly raised by Debtors and subsequently stayed by this Court in "the avoidance of doubt," with no mention of the current lawsuit, goes in the face of Debtor's claim that the timing of the filing of this lawsuit was problematic or was the subject of the same concern of those lawsuits. Indeed, at the time of filing of this suit, there was no clear indication that the City would be filing for Bankruptcy. These facts are strikingly different from the Prepetition Lawsuits filed immediately prior to the petition date raised in the Debtor's Motion and in the subsequently addressed in this Court's order.

**WHEREFORE**, for the reasons listed above and outlined in their Brief submitted along with their Petition at Exhibit 3, Petitioners respectfully requests this Honorable Court to enter their order lifting the stay in Case No. 13-CV-12098 in the Eastern District of Michigan.

Respectfully submitted,


NABIH H. AYAD & ASSOCIATES, P.C.

/s/ Nabih H. Ayad

_____

NABIH H. AYAD (P-59518)
General Counsel
Arab-American Civil Rights League
Ayad Law, P.L.L.C.
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com

/s/ Melvin Butch Hollowell

_____

MELVIN BUTCH HOLLOWELL(P-37834)
General Counsel
Detroit Branch NAACP
8220 Second Avenue
Detroit, Michigan 48221
313-871-2087
butchhollowell@gmail.com

Dated: September 27, 2013

ATTORNEYS FOR PETITIONERS

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 9

CITY OF DETROIT, MICHIGAN                        No. 13-53846
        Debtor.

                                                 HON. STEVEN W. RHODES
_____/

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on September 27, 2013, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                        AYAD LAW, P.L.L.C.

                        /s/ Nabih H. Ayad

                        _____
                        NABIH H. AYAD (P-59518)

6