# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------------x
                                    :
In re                               :          Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :          Case No. 13-53846
                                    :
                        Debtor.     :          Hon. Steven W. Rhodes
                                    :
                                    :
------------------------------------------------------x
```

## NOTICE OF FILING OF SECOND AMENDED
## LIST OF CREDITORS AND CLAIMS, PURSUANT TO
## SECTIONS 924 AND 925 OF THE BANKRUPTCY CODE

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On July 18, 2013 (the "Petition Date"), the City of Detroit

(the "City"), filed a petition for relief under chapter 9 of title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the

Eastern District of Michigan.

2.      Also on the Petition Date, the City filed its List of Creditors

Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007

(Docket No. 16) (the "Original List of Creditors").

3.      On August 1, 2013, the City filed its Amended List of Creditors

Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007

(Docket No. 258) (the "Amended List of Creditors"), which replaced the Original List of Creditors and redacted certain personal information therein.

4.       Attached hereto as Exhibit A is the Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code, which amends and replaces the Amended List of Creditors and also constitutes the City's list of claims under section 925 of the Bankruptcy Code.

ATI-2579825v1

Dated: September 30, 2013        Respectfully submitted,


/s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

**EXHIBIT A**

ATI-2579825v1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-----------------------------------------------------x
:
In re                           : Chapter 9
:
CITY OF DETROIT, MICHIGAN,   : Case No. 13-53846
:
               Debtor.      : Hon. Steven W. Rhodes
:
:
-----------------------------------------------------x

### SECOND AMENDED LIST OF CREDITORS AND CLAIMS, PURSUANT TO SECTIONS 924 AND 925 OF THE BANKRUPTCY CODE

The City of Detroit, Michigan (the "City") hereby submits its second amended list of creditors (the "Second Amended List of Creditors"), pursuant to section 924 of title 11 of the United States Code (the "Bankruptcy Code"). This Second Amended List of Creditors also constitutes the City's list of claims under section 925 of the Bankruptcy Code.

### Background

1.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      On the Petition Date, the City filed its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007

(Docket No. 16) (as amended, the "List of Creditors"), identifying the City's known potential creditors according to its books and records.

3. On August 1, 2013, the City filed the Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258) (the "Amended List of Creditors"), which amended the information in the List of Creditors.

## Second Amended List of Creditors

4. The Second Amended List of Creditors supplements and amends the information in the List of Creditors and the Amended List of Creditors. The Second Amended List of Creditors also includes the information contemplated by section 925 of the Bankruptcy Code regarding the potential amounts of claims against the City's various governmental, proprietary and fiduciary funds (collectively, the "Funds"), as qualified by the assumptions, explanations and reservations of rights set forth below (the "Global Notes").

5. The Second Amended List of Creditors divides the City's potential creditors and claims into 15 separate schedules (collectively, the "Schedules"), as follows:

| Schedule | Classification |
| --- | --- |
| A | Long-Term Debt |
| B | Trade Debt |
| C | Employee Benefits |

| Schedule | Classification |
|----------|----------------|
| D | Pension Obligations |
| E | Non-Pension Retiree Obligations |
| F | Active Employee Obligations |
| G | Workers' Compensation |
| H | Litigation and Similar Claims |
| I | Real Estate Lease Obligations |
| J | Deposits |
| K | Grants |
| L | Pass-Through Obligations |
| M | Obligations to Component Units of the City |
| N | Property Tax-Related Obligations |
| O | Income Tax-Related Obligations |

6.     The foregoing classifications are used for convenience of presentation and are not intended to be, and shall not be deemed to be, dispositive of the nature of any particular creditor claim or obligation listed on any schedule.

7.     These Global Notes are expressly incorporated by reference in, and comprise an integral part of, the Second Amended List of Creditors, and should be referred to and reviewed in connection with any review thereof.

8.     The identification herein of any creditor or claim amount does not constitute an admission by the City that it has any ongoing liability to any party.

9.     Unless otherwise stated on Schedule A with respect to certain long-term debt and related obligations, all claims listed in the Second Amended List of Creditors are general unsecured claims.  With respect to any secured claims

identified by the City, the value of the collateral, if any, securing the claim and the amount of any deficiency claim is undetermined, and the City reserves all of its rights with respect thereto.

10. The City historically has closed its books as of June 30 of each year — the end of the City's fiscal year — and not more frequently. The audit process is complex and takes approximately six months to complete. Delays in invoicing, reconciliation or accounting for outstanding invoices and payments in the City's financial systems also impact the amounts identified in the City's books and records at any given point in time. Accordingly, in many cases, the City cannot be certain that it has identified its precise liability to a specific creditor as of the Petition Date, and reserves all rights related thereto.

11. In addition, the City may have satisfied certain prepetition claims identified in the Second Amended List of Creditors in whole or in part since the Petition Date (which payments may not yet be reflected in the City's financial systems) or may satisfy such claims in whole or in part in the future, particularly with respect to certain trade claims relating to goods and services essential to the health, safety and welfare of the City's residents. In certain cases, therefore, the City has identified claims – including all trade claims on Schedule B – as contingent, unliquidated and/or disputed out of an abundance of caution.

12.     Pursuant to applicable Michigan or federal law and sections 903 and 904 of the Bankruptcy Code, the proceeds of certain of the Funds (collectively, the "Special Use Funds") may not be used to satisfy the City's general obligations. Moreover, the claims of certain of the creditors identified herein are payable only from one or more Special Use Funds.  The City has included these claims and creditors in this Second Amended List of Creditors in the interests of full disclosure and reserves all of its rights with respect to these issues.

13.     To ensure confidentiality of personal information, address information for all of the City's active employees and retirees has been redacted from each schedule in the Second Amended Creditor List.  The City is prepared to file an unredacted version of the Second Amended Creditor List under seal if requested by the Court.

## Summary of Schedules

14.     The Schedules are preceded by a summary (the "Summary of Schedules") that identifies, with respect to each Schedule, the aggregate estimated amount of the claims therein (if known) and the percentage that these liabilities represent of the City's total estimated liabilities on all of the Schedules.[1]  Although the City has estimated the aggregate claim for unfunded actuarially accrued

---

[1]     Note that certain potential unliquidated claims have not been estimated or included in the figures contained in the Summary of Schedules.

liabilities ("UAAL") associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, an "OPEB Claim"), the City is not able to allocate this total estimated liability between its retirees identified on Schedule E and active employees identified on Schedule F (either in the aggregate or on a retiree-by-retiree or employee-by-employee basis). Accordingly, for presentation purposes, the City has included a separate line item for the sum of all estimated OPEB Claims, which is identified as the "OPEB Amount" on the Summary of Schedules.

15.     The referenced OPEB Amount of $5.7 billion was calculated as of June 30, 2011 based on the most recent data available and is consistent with the amount referenced on pages 23 and 24 of the City of Detroit Proposal for Creditors dated June 14, 2013 and attached as Exhibit A to the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code filed on the Petition Date (Docket No. 11) (the "Creditor Presentation").

**Schedule A — Long-Term Debt**

16.     Schedule A sets forth long-term debt and other funded obligations of the City, including (a) bonds, (b) notes and loans, (c) a capital lease, (d) obligations arising under Certificates of Participation (the "COPs") issued in

connection with funding the City's pension plans and (e) the interest rate swaps issued in connection with the COPs (the "Swaps").

17. Schedule A identifies, for each such obligation: (a) the original principal amount, year and series of the obligation; (b) whether the City considers the obligation to be secured or unsecured; (c) the amount of principal and interest outstanding as of the Petition Date or, in the case of the Swap liabilities, the estimated net value of the applicable Swap as of June 28, 2013; (d) the identity and capacity of any trustee or similar entity with respect to the obligation;[2] and (e) the identity of any insurer and applicable percentage of the obligation insured.

18. On the Petition Date, the City filed the Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of That Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant Rule 9019, and (III) Granting

---

[2]    Schedule A identifies U.S. Bank National Association ("U.S. Bank") as, among other things, trustee and contract administrator with respect to the COPs. The City's obligations relating to the COPs arise pursuant to the terms of certain 2005 and 2006 service contracts (the "Service Contracts") with the Detroit Police and Fire Retirement System Service Corporation and the Detroit General Retirement System Service Corporation (together, the "Service Corporations"). Each of the Service Corporations assigned its right to receive certain payments from the City under the Service Contracts to the Detroit Retirement Systems Funding Trusts (the "Funding Trusts"). U.S. Bank is the trustee of the Funding Trusts. Further, the Funding Trusts have appointed U.S. Bank as agent and attorney-in-fact to receive payments under the Service Contracts.

Related Relief (Docket No. 17) (the "9019 Motion").  By the 9019 Motion, the City sought:  (a) authorization to assume that certain Forbearance and Optional Termination Agreement among (i) Detroit General Retirement System Service Corporation, (ii) Detroit Police and Fire Retirement System Service Corporation, (iii) the City, (iv) UBS AG and (v) Merrill Lynch Capital Services, Inc. (the "Forbearance Agreement") pursuant to section 365(a) of the Bankruptcy Code; and (b) approval of the Forbearance Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

19.    Consistent with certain of the City's commitments under the Forbearance Agreement, the City has scheduled all liabilities under the Swaps as noncontingent, secured and undisputed and the COPs as noncontingent, liquidated and undisputed.  In the event that the Court does not grant the relief requested in the 9019 Motion or the City's commitments otherwise terminate, however, the City reserves all of its rights to amend the manner in which the COPs and Swaps are listed on Schedule A.

***Schedule B — Trade Debt***

20.    The City has endeavored to account for all outstanding prepetition invoices owed to its trade creditors.  Due to the volume of invoices, the size and complexity of the City's operations, delays in the applicable billing cycles, the backlog of data input with respect to the City's financial systems and other

factors, the City continues to identify and reconcile prepetition invoices.

In addition, as noted above, the City may have satisfied some or all of its

prepetition obligations to certain trade creditors since the Petition Date, or may do

so in the future, which payments are not reflected in Schedule B. In addition, the

amounts identified as liabilities of the City on Schedule B may include the amounts

of checks that the City has issued but the applicable payee has not yet deposited.

For these reasons, out of an abundance of caution, the City has categorized each of

the obligations identified on Schedule B as contingent and unliquidated.

### *Schedule C — Employee Benefits*

21. Schedule C identifies each of the third-party administrators of

the City's employee benefit plans (collectively, the "Benefit Plans"). The City has

categorized each of the obligations identified on Schedule C as contingent and

unliquidated because (a) the City may have satisfied in whole or in part certain

prepetition amounts owed under the Plans since the Petition Date and (b) a final

determination of the City's outstanding obligations under each of the Benefit Plans

as of the Petition Date remains subject to reconciliation by the City, including

certain ordinary course adjustments and true-ups that may be necessary in the

future.

### Schedule D — Pension Obligations

22.     Schedule D identifies the City's UAAL with respect to each of its two pension systems — the General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit (together, the "Pension Systems").  The UAAL amounts identified:  (a) are consistent with figures used in the Creditor Presentation; and (b) are subject to the assumptions, limitations, caveats and conditions set forth therein.  See Creditor Presentation at 98.

### Schedule E — Retiree Obligations

23.     Schedule E identifies the City's retirees, many of whom possess an unliquidated, contingent OPEB Claim against the City.  As noted above, the City is not able to determine the estimated OPEB Claim on a retiree-by-retiree basis and therefore has listed each retiree claim in an unknown amount.

24.     Note that the retiree's pension claims are paid through the pension systems.  The estimated UAAL claims owed by the City to the Pension Systems are identified on Schedule D and therefore are not included in Schedule E.

25.     For the avoidance of doubt, any claims other than OPEB Claims that may be raised by individual retirees against the City would be disputed.

26.     As noted above, address information for retirees has been redacted.

## Schedule F — Active Employee Obligations

27.     Schedule F identifies the City's active employees.  Since the Petition Date, the City has paid, and intends to continue to honor and pay, all current accrued obligations for wages and salaries, including earned vacation, severance and sick-leave pay and contributions to employee benefit plans. Accordingly, except as specifically identified elsewhere in this Second Amended List of Creditors, the City believes that it has satisfied or will satisfy all prepetition claims of active employees for such current liabilities.

28.     Many active employees hold an unliquidated, contingent OPEB Claim against the City.  As noted above, the City is not able to determine the estimated OPEB Claim on an employee-by-employee basis and therefore has listed each employee claim in an unknown amount.

29.     As noted above, address information for active employees has been redacted.

## Schedule G — Workers' Compensation

30.     The City continues to process workers' compensation claims and satisfy awards in the ordinary course.  Schedule G identifies each of the parties asserting unresolved prepetition workers' compensation claims against the City.

Because the claims identified on Schedule G have not been established, they are listed as contingent, unliquidated and disputed.

31.     To protect their personal information, the addresses for these creditors have been redacted.

### *Schedule H — Litigation and Similar Claims*

32.     Litigation claims against the City are identified on Schedule H. Demands made to the City short of litigation also are listed on Schedule H. All such claims are identified as contingent, unliquidated and disputed.

### *Schedule I — Real Estate Lease Obligations*

33.     The City has identified its unexpired real property leases (collectively, the "Leases") on Schedule I.  The City continues to reconcile its obligations under each of the Leases as of the Petition Date; therefore each of these claims is listed as contingent and unliquidated.

### *Schedule J — Deposits*

34.     The City holds cash deposits (collectively, the "Deposits") from various parties that may be returned to the depositing party or transferred to a third party under appropriate circumstances pursuant to the terms of governing rules, ordinances, regulations and agreements.  All of the amounts identified in Schedule J are listed as contingent and unliquidated because, in each case, the

applicable creditor may or may not satisfy the conditions necessary for return or transfer of some or all of the Deposit.

***Schedule K — Grants***

35. Schedule K sets forth the City's potential obligations arising from grants provided by various federal agencies (collectively, the "Grants"), either directly or through various state agencies. The Grants at issue generally take the form of advances for expenditures to be made by the City in the future. The City may be required to repay a Grant in whole or in part if, for example, (a) not all of the applicable Grant funds are spent or applied to the specified purpose within the timeframe or other parameters of the Grant or (b) the City fails to satisfy other regulatory requirements or conditions relating to the Grant. Accordingly, these claims are scheduled as contingent and unliquidated.

***Schedule L — Pass-Through Obligations***

36. Schedule L identifies amounts (collectively, the "Pass-Through Amounts") relating to certain property-tax payments collected by the City on behalf of, and that are payable to, other governmental entities (collectively, the "Recipients"). The City transfers these amounts to the Recipients in the ordinary course of business, and will continue to do so, subject to any rights of the City with respect thereto. As such, the City believes that the Pass-Through Amounts will not give rise to any claim held by the Recipients. Nevertheless, out

of an abundance of caution, the City has included the Pass-Through Amounts in this Second Amended List of Creditors as contingent and unliquidated claims.

### Schedule M — Obligations to Component Units of the City

37. Schedule M identifies the component units of the City (collectively, the "Component Units"), which are legally separate entities for which the elected officials of the City are financially accountable. City of Detroit, Michigan Comprehensive Annual Financial Report for the Fiscal Year Ended June 30, 2012 at 16. The City's prepetition interfund obligations to its Component Units are identified as unliquidated on Schedule M because they remain subject to reconciliation until the conclusion of the current fiscal year.

### Schedule N — Property Tax Related Obligations

38. The City's books and records reflect potential open items spanning many years relating to the payment of property taxes with respect to various parcels of real property (collectively, the "Parcels"). In each case, the City lacks supporting information relating to the existence of any actual claim or the identity of any party that may hold or assert any such claim. Accordingly, out of an abundance of caution, the City has listed these potential obligations on Schedule N, alphabetically by street address of the applicable Parcel, as contingent, unliquidated and disputed claims.

***Schedule O — Income Tax-Related Obligations***

39.     Information regarding the City's income tax refunds is
confidential under applicable state law and local ordinances and cannot be
disclosed absent a proper judicial order without incurring civil and/or criminal
penalties.  <u>See</u> M.C.L. § 141.674; Detroit City Code § 18-10-16.  As a result, this
information has not been available to the City's professionals preparing the Second
Amended List of Creditors and is not included therein.  By a motion filed on
September 3, 2013 (Docket No. 706) (the "<u>Tax Data Motion</u>"), the City requested
that the Court enter an order authorizing and directing City officials to release
information identifying income tax refund claims and the applicable creditors to
the City's professionals, the Emergency Manager and certain other parties.
On September 25, 2013, the Court entered an order (Docket No. 1021) granting the
relief requested in the Tax Data Motion, thereby authorizing City officials to
release the requested data to the City's professionals.  Consistent with the terms of
the Court's order, once the relevant information needed for Schedule O has been
provided to the City's professionals, Schedule O will be prepared and filed under
seal as part of a further amendment or supplement to the Second Amended List of
Creditors.

40.     Notwithstanding the foregoing, the City (a) has continued to
process income tax refunds, (b) has been paying income tax refund claims in the

ordinary course and (c) intends to continue processing and paying income tax refund claims in the future.

## Reservation of Rights

41. The City reserves all of its rights with respect to this Second Amended List of Creditors, including without limitation the right under Bankruptcy Rule 1009 to further amend, modify or supplement this Second Amended List of Creditors as a matter of course at any time before the City's chapter 9 case is closed.

42. The City files this Second Amended List of Creditors without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

Dated: September 30, 2013            Respectfully submitted,


 /s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF THE CITY OF DETROIT, MICHIGAN

      I, Kevyn D. Orr, Emergency Manager of the City of Detroit, Michigan, am the authorized officer or agent of the municipality named as the debtor in this case. I declare under penalty of perjury that I have read the foregoing Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code, and that it is true and correct to the best of my information and belief.

Dated: _September 30_ , 2013

_____
Kevyn D. Orr
Emergency Manager, City of Detroit