UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE:                                          Chapter 9

City of Detroit, Michigan.                      Case No. 13-53846

                Debtor.                        Hon. Steven W. Rhodes

_____/

**REPLY TO DEBTOR'S OBJECTION AND BRIEF IN SUPPORT TO THE AMENDED MOTION OF CREDITOR DEBORAH RYAN, AN INTERESTED PARTY, FOR RELIEF FROM THIS COURT'S ORDER STAYING PROCEEDINGS**

A. **Introduction**

The Debtor and the DPLSA have filed objections and responses to the Petitioner's Motion. While that Motion and Brief provide sufficient information and authority to answer the points that have been raised, this Reply will attempt to succinctly and specifically address issues that have been raised by the Debtor.

B. **Constitutional Challenge**

Petitioner asserts that by prolonging, dividing and diminishing Ms. Ryan's rights under the Federal Civil Rights Act of 1871, 42. U.S.C. §1983, the effect of the Automatic Stay and the Stay Extension is to violate her rights under the Civil Rights Act and, more importantly, under the Fourteenth Amendment. The Debtor dismisses Petitioner Ryan's constitutional challenge to this Court's Stay as a "distraction" and fails to address the cases and jurisprudence cited by Petitioner. Indeed, the Debtor dismisses this issue by claiming (in effect), "We have rights too." The problem with this "defense" is that it neither addresses Ryan's point, nor does it comply

1

with the most basic principle that attends the invocation of a constitutional right, namely that anyone claiming such a right must identify it with particularity. *Albright v. Oliver,* 510 U.S. 266, 271 (1994), *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156 (1978). Debtor totally fails to identify any constitutional it claims to have and upon which it relies.

## C. Judicial Economy

As the Debtor points out in its brief, it is within the "sound discretion" of this Court to determine whether cause exists to grant relief.

> To guide the bankruptcy court's exercise of its discretion . . . the Sixth Circuit identifies five factors for the court to consider: (1) judicial economy; (2) trial readiness; (3) the resolution of the preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*In re Bunting*, 2013 WL 153309, at *17 (quoting *Garzoni*, 35 F. App'x at 181) (internal quotation marks omitted).

Here, the parties are trial-ready. For reasons set forth and facts cited in the underlying Motion and Brief Petitioner Ryan has a strong case and is likely to prevail on the merits.

1. *Judicial Economy*

As noted in the Motion and Brief herein, to keep the Automatic Stay in place and force Petitioner Ryan to sever her claims between two sets of defendants and litigate each case separately, would violate principles of judicial economy. Much of the trial preparation has already been completed in this case: vast amounts of paper discovery have been submitted, several motions to compel have been filed, briefed and argued, 10,000s of documents have been reviewed, numerous witnesses (29) have already been deposed at length, expert disclosures for

2

13-53846-tjt    Doc 1064    Filed 10/01/13    Entered 10/01/13 15:13:16    Page 2 of 5

four experts, including full and complete expert reports, have been submitted pursuant to Federal Rule 26 and all discovery – fact and expert – has been concluded.

Furthermore, *all* Defendants in the underlying actions filed, briefed and attached countless exhibits that support Rule 56 motions for summary judgment. Responses have been filed to Canton Defendants' Summary Judgment Motions, a Reply was then filed by Canton.

However, Petitioner Ryan never had the opportunity to respond the Detroit Defendants' Motions, as the Debtor filed under Chapter 9 before Ms. Ryan could file what would have been an exceedingly persuasive response. It is a little disingenuous that Debtor points to its Summary Judgment Motion before Judge Goldsmith to argue that there is little likelihood of success for Ms. Ryan, while at the same time having prevented Ryan from filing a Response that would provide this Court with substantial and persuasive guidance.

In addition, because the claim against the City (as well as those against of the individual Detroit officers) – the 'state created danger' claims - are unusual and rare, it is critical that Judge Goldsmith determine these issues as expeditiously as possible. Since he has already heard very similar legal arguments and identical factual recitations, it is a waste of judicial resources to forfeit the opportunity to allow Judge Goldsmith to hear the Detroit (as well as Kozloff's and Blackmon's) Motion. Indeed, the judge is now writing an opinion as to the Canton Motions. At that point, and only at that point, will these cases be ready for resolution, trial, appeal or dismissal.

Defendant states that the City cannot afford the "distractions of defending lawsuits unrelated to the bankruptcy process." However, many of the City's witnesses will likely be called to testify in the City of Canton case, bankruptcy or not. Thus, the Detroit Defendants and

numerous Detroit officers will be a participant in this litigation regardless. In keeping the Automatic Stay in place, the City will be required to repeatedly testify in this matter.

Defendant attempts to argue that even if the Stay is lifted. It will not advance the creditor's interests, as she will be simply transformed into another kind of creditor in this Court. What the Debtor misses is that at least the Petitioner will have been allowed a single trial before a fact finder who can sort out and unravel the conflicting claims and testimonies of two separate groups of defendants.

Finally, Debtor argues that to allow this case to go forward before Judge Goldsmith will waste precious City resources which should be expended in furthering this bankruptcy. What this argument fails to recognize is that the City has an entire Law Department filled with salaried Section 1983 specialists, with nothing to do, specifically because of this bankruptcy proceeding. It is far more attentive to the City's fiscal interests to keep these lawyers busy than to pay the hourly and highly priced lawyers handling this bankruptcy case.

2. *Trial Readiness*

Defendant's *Brief* incorrectly asserts that Plaintiff's case is not ready for trial. However, Plaintiff is currently prepared to go to trial against the City of Canton in this very same case, and is more than prepared to litigate against the Debtor City of Detroit, as well.

3. *Resolution of the Preliminary Bankruptcy Issues*

A decision regarding this Motion will not affect this factor.

4. *The Creditor's Likelihood of Success of the Merits*

See the factual and legal representations in the original Motion and Brief.

5. *The Cost of Defense or Other Potential Burden to the Bankruptcy Estate, etc.*

Requiring the City to continue to defend this litigation would impose minimal costs on Defendant, as much of the required preparations for trial have already been completed.

**D. Conclusion**

For reasons set forth in the underlying Motion and Brief. Petitioner Ryan again asks that this Court grant the relief requested therein.

>Respectfully submitted,
>
>GOODMAN & HURWITZ, P.C.
>
>By:     /s/*William H. Goodman*
>William H. Goodman, P14173)
>Counsel for DEOBRAH RYAN
>1384 E. Jefferson Avenue
>Detroit, MI  48207
>Telephone: (313) 567-6170
>Facsimile:  (313) 567-4827
>E-mail:     mail@goodmanhurwitz.com; and
>            bgoodman@goodmanhurwitz.com

DATED:    October 1, 2013

**CERTIFICIATE OF SERVICE**

I hereby certify that on October 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to ECF participants in this matter.

>*s/William H. Goodman*
>William H. Goodman, P14173
>*Attorneys for Plaintiff*
>1394 E. Jefferson Ave.
>Detroit, MI 48207
>313-567-6170/ bgoodman@goodmanhurwitz.com