UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 9
Case No. 13-53846
City of Detroit, Michigan, Hon. Steven W. Rhodes

    Debtor.
_____/

Order Setting Evidentiary Hearing Regarding Amended Motion of Creditor
Deborah Ryan for Relief from This Court's Order Staying Proceedings

On September 11, 2013, Deborah Ryan, on behalf of the Estate of Patricia Williams, filed an amended motion for relief from the automatic stay to proceed with a 42 U.S.C. §1983 lawsuit that had been pending in the district court since March 2011. (Dkt. #819) The City of Detroit filed an objection to the amended motion (Dkt. #1028) and a brief (Dkt. #1029) on September 25, 2013.

> Bankruptcy Code § 362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay for cause. See 11 U.S.C. § 362(d)(1). The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Garzoni v. Kmart Corp.*, 35 F. App'x 179, 181 (6th Cir. 2002) (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)).

In her motion for relief from the stay, Ryan asserts that the factors, especially judicial economy, weigh in favor of relief from the automatic stay. She asserts that the district court is more familiar with the case and that the case should proceed against both the Canton and Detroit defendants simultaneously. Moreover, Ryan asserts "that the City

has an entire Law Department filled with salaried Section 1983 specialists, with nothing to do, specifically because of this bankruptcy proceeding." Movant's Reply Brief at 4. (Dkt. #1064)

The City opposes the motion, arguing:

> The Stay Relief Motion [Dkt. No. 819] is one of several motions for relief from the Automatic Stay filed shortly after the commencement of this chapter 9 case by parties seeking to avoid the consequences of the bankruptcy filing on pending litigation. The requested relief would undermine the breathing spell afforded to the City and can only be granted upon a demonstration of sufficient cause and where the scope of the requested relief is appropriate. The Plaintiff in this action fails to identify any basis to distinguish her case and afford her the requested right to proceed as if the bankruptcy had not occurred.

City's Brief in Response at 1. (Dkt. #1029)

The Court concludes that the record is not adequate with regard to the potential prejudice to the City if the motion is granted. Accordingly, the Court will conduct an evidentiary hearing on October 8, 2013 at 9 a.m., in Courtroom 716, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan, to give the City an opportunity to establish, by admissible evidence, its claim that relief from the automatic stay to allow this case to proceed in the district court to liquidate Ryan's claim will cause harm to the City.

.

**Signed on October 02, 2013**

                                          /s/ Steven Rhodes
                                          **Steven Rhodes**
                                          **United States Bankruptcy Judge**

2

13-53846-tjt    Doc 1073    Filed 10/02/13    Entered 10/02/13 16:35:05    Page 2 of 2