UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 9

CITY OF DETROIT, MICHIGAN,                      No. 13-53846

　　　　Debtor.                                 HON. STEVEN W. RHODES

_____/

ORDER REGARDING STATE OF MICHIGAN'S
MOTION TO QUASH AND FOR PROTECTIVE
ORDER (DOCUMENT # 699)

International Union, UAW ("UAW") and Flowers Plaintiffs served discovery subpoenas for documents and testimony on Governor Richard Snyder, Treasurer Andrew Dillon, and the State of Michigan under Fed. R. Civ. P. 30(b)(6); The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (collectively, "AFSCME") served deposition subpoenas including on Governor Snyder and Treasurer Dillon, related staff and other State employees and officials; and the Retired Detroit Police Members Association served a document production request on the State of Michigan in the referenced action;

1

The parties having agreed to a resolution of the Motion to Quash and for Protective Order at the September 10, 2013 hearing on this motion:

IT IS HEREBY ORDERED:

1. Governor Richard Snyder shall be deposed in this matter on October 9, 2013 at 8:30 a.m. at the Governor's Lansing, Michigan, Romney Building office.

2. The Governor's deposition shall be limited in duration to a total of 3 hours split between the AFSCME, the UAW and Flowers Plaintiffs as they decide; and the deposition is limited in scope to the issues raised in the AFSCME's, the UAW's and Flowers Plaintiffs' Eligibility Objections (Documents 504, 505 and 506).

3. The deliberate process privilege, to the extent any such privilege exists or would otherwise apply, shall be waived for purposes of the depositions and discovery requests issued to the State and State deponents referenced in this order.

4. AFSCME's deposition subpoenas directed to Thomas H. McTavish, Frederick Headen, Brian Devlin, Dennis Muchmore, John Roberts, Allison Scott, and Thomas Quasarano, are withdrawn.

5. The depositions of Treasurer Andrew Dillon, Richard Baird, and the State of Michigan under Fed. R. Civ. P. 30(b)(6) shall proceed following the conclusion of the Governor's deposition, if determined necessary by the party who issued each respective subpoena and in the order listed in this paragraph. Treasurer Dillon's deposition is scheduled to begin October 10, 2013 at 9:00 a.m. at his Lansing, Michigan office. Richard Baird's deposition is scheduled to begin October 10, 2013 following the Treasurer's deposition at a location to be determined by the issuing parties and his counsel. The State of Michigan 30(b)(6) deposition is scheduled for October 14, 2013 at 9:00 a.m., the location to be determined.

6. The Retired Detroit Police Members Association's original document production request served August 23, 2013, is withdrawn. The State of Michigan shall respond to the Amended First Request for Production of Documents served September 9, 2013 (Document 787-1); and the responses, per the parties' agreement, are limited to the time period from September 1, 2012 through and including the date of the filing of the Bankruptcy Petition in this case.

7. The documents produced pursuant to the discovery requests referenced in the order shall be produced as they become available with production to be completed by October 5, 2013, provided that the parties may mutually agree to extend such completion date.

8. The inadvertent production of any document subject to a claim of attorney-client privilege, work-product protection, or any other privilege or protection (other than a claim of deliberative process privilege), shall not be deemed a waiver or impairment of any claim of privilege or protection except as specifically waived by this Order. Upon receiving written notice from the disclosing party that materials asserted to be privileged or protected have been inadvertently produced, the receiving party shall promptly return all such material (and any copies that may have been made and shall request the return of said material that may have been distributed) to the producing party within five (5) business days of receipt of such notice. Nothing stated herein shall limit the right of a party to challenge a claim of privilege or protection made pursuant to this paragraph.

9. The State may not refuse to produce otherwise responsive documents based on the claim that Richard Baird is not an agent of the

State, nor may the State refuse to produce otherwise responsive documents that concern or relate to State business based on the claim that the document was generated, sent or received to or from an unofficial email address.

10. The deposing parties reserve the right to video tape the depositions.

11. During the depositions of State Executives and officials, those counsel attending shall limit their communications to co-counsel, clients, business partners, associates, and staff.

12. The UAW, AFSCME, Retired Detroit Police Members Association, Flowers Plaintiffs and the State of Michigan shall meet and confer to resolve all other issues related to the discovery requests as needed and as expeditiously as possible.

.

**Signed on October 02, 2013**

                                        **/s/ Steven Rhodes**
                                        **Steven Rhodes**
                                        **United States Bankruptcy Judge**