# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| Debtor. | : | Hon. Steven W. Rhodes |

## DEBTOR'S COMBINED OBJECTION AND MEMORANDUM OF LAW OPPOSING PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER

The City of Detroit, Michigan ("City"), as the debtor in the above-captioned case, objects to the Petitioners Robert Davis' And Citizens United Against Corrupt Government's Emergency Motion For Clarification Of The Court's July 25, 2013 Stay Order [Dkt. No. 949] ("Motion"). For the reasons set forth below, the Motion should be denied.

## BACKGROUND

1. On July 18, 2013 ("Petition Date"), the City commenced this case under chapter 9 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, on June 27, 2013, Mr. Kevyn Orr, the duly appointed emergency manager for the City, ("Emergency Manager"), issued Order

No. 9 which eliminated salary and wages with respect to Council Member Charles Pugh and likewise revoked his authority to act as Council President.[1] A copy of Order No. 9 is attached as **Exhibit A**. Council Member Pugh did not resume his duties as council member and subsequently resigned from office on September 13, 2013.

3. Pursuant to Detroit Charter § 4-403, the President Pro-Tem of the City Council serves as Council President in the event of a vacancy in that office. However, on July 1, 2013, Council President Pro-Tem, Gary Brown, resigned from the City Council in order to accept a position with the office of the Emergency Manager.

4. On July 9, 2013, City Council filled the vacancies, and Council Member Jenkins became Council President and Council Member Spivey became President Pro-Tem.

5. On August 20, 2013, Robert Davis and Citizens United Against Corrupt Government ("Plaintiffs") filed an Emergency Ex Parte Application for Leave to File Complaint for Writ of *Quo Warranto* ("Application") in the Wayne County Circuit Court ("State Court") seeking to remove Council Member Jenkins

---

[1] The removal of Council Member Pugh was based upon a determination that he had failed to fulfill his obligations and duties as a Council Member and the Council President.

from her position as Council President based upon Plaintiffs' allegation that the City Council's vote of July 9, 2013, was not lawful and was not approved as required by Emergency Manager Order No. 3 (**Exhibit B**).[2]

6. On September 10, 2013, the State Court Judge entered a Show Cause Order against Saunteel Jenkins in the *quo warranto* action ("State Court Case") demanding her to show cause why a writ of *quo warranto* should not be granted removing her from the position of President of the Detroit City Council.

7. In response to the Show Cause Order, on September 19, 2013, counsel for the City filed a Notice of Suggestion of Bankruptcy and Application of Automatic Stay ("Automatic Stay Notice") in the State Court proceeding. A copy of the Automatic Stay Notice is attached as **Exhibit D.**

8. Later that same day (September 19, 2013) the Plaintiffs filed the Motion. Plaintiffs' Motion requests a ruling from this Court that the Stay Extension Order does not apply to the State Court Case and that Plaintiffs may pursue the *quo warranto* action in the State Court against the Detroit City Council President.

---

[2] On August 5, 2013, the Emergency Manager notified the City Clerk that he had approved all City Council voting action items of July 9, 2013. The August 5, 2013 notification is attached hereto as **Exhibit C**.

- 3 -

# ARGUMENT

The Motion requests clarification of this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor ("Stay Extension Order") [Dkt. No. 166], namely that the Stay Extension Order does not apply to the State Court Case. But, Plaintiffs miss the point entirely. As a result of the City's Chapter 9 filing, specifically the application of 11 U.S.C. §§ 362 and 922(a), and the explicit terms of this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code [Dkt. No. 167] ("Stay Confirmation Order"), the stay applies.

Council President Jenkins and the Emergency Manager are both officers of the City. The Court has explicitly stated in its Stay Confirmation Order that the automatic stay §§ 362 and 922(a) applies to the officers of the City and the Emergency Manager. The State Court Case is a claim against the City as the City will be required to defend it and through its indemnification of a City officer will be responsible for costs and any penalty assessed. In short, the automatic stay applies and prohibited Plaintiffs from filing the Application and prohibits them from pursuing the State Court Case.

### A. The automatic stay of § 362(a) applies to the State Court Case.

Section 362(a) of the Bankruptcy Code provides in relevant part that:

> a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . **the commencement or continuation . . . of a judicial, administrative, or other action or proceeding** against the debtor that was or could have been commenced before the commencement of the case under this title, or **to recover a claim against the debtor that arose before the commencement of the case** . . . .

11 U.S.C. § 362(a) (emphasis added). The automatic stay "is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

The council vote to appoint Saunteel Jenkins the City Council President, occurred on July 9, 2013. The Application challenges the validity of that vote. Because the City Council vote occurred before July 18, 2013, the claim arose before the Petition Date, and the State Court Case is therefore stayed under 11 U.S.C. § 362 of the Bankruptcy Code.

### B. The stay of § 922 also applies to the State Court Case.

Because the State Court Case is a claim against the City through one if its officials, this action is also subject to the stay imposed by 11 U.S.C. § 922(a).

Section 922 of the Bankruptcy Code imposes a stay in addition to the stay under section 362 – a stay which is broader, in part, to that under § 362 because it applies to both pre-petition and post-petition legal proceedings.

Bankruptcy Code § 922 provides in relevant part:

> (a) A petition filed under this chapter operates as a stay, in addition to the stay provided by section 362 of this title, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor . . . . 11 U.S.C. § 922.

On July 25, 2013, this Court entered the Stay Confirmation Order confirming that the protections of the Chapter 9 stay apply to the City, and its officers and inhabitants, including the Emergency Manager.

When and how the stay under § 922(a) applies to an action brought against a municipal official was addressed in *In re City of Stockton, California*, 484 B.R. 372 (E.D. Cal. 2012). In the City of Stockton's Chapter 9 bankruptcy, the court explained that § 922(a) stayed an action against city officials who were entitled to defense and indemnity under California law. The court refused to lift the stay to

allow an action asserting a variety of state and federal claims based upon termination of Stockton's Fire Chief, to proceed against the City Manager and Deputy City Manager. The *Stockton* court explained:

> For the same reason that geometry holds that the shortest distance between two points is a straight line, the additional automatic stay of § 922(a), rather than the § 362 automatic stay, directly protects municipal officers in chapter 9 cases without the need for a court to perform the mental gymnastics required to extend the § 362 automatic stay.

*Id.* at 375-376.

Among the findings made by the Stockton court in support of this conclusion were: (a) that § 922(a) augments the stay of § 362(a); (b) that § 922(a) squarely covers the collection of judgments against a public official as well as the prosecution of such litigation; (c) that the phrase "to enforce a claim against the debtor" in § 922(a) encompasses both direct and indirect claims against a municipality; (d) that § 922(a) is embedded in the sovereign immunity landscape; and (e) that § 922(a) was designed to deal with situations where public officials of a debtor are sued. *Stockton,* at 378.

In another recent and well known municipal bankruptcy, Section 922(a) was held to bar the commencement or maintenance of a suit seeking declaratory relief, injunctive relief, *mandamus* and *quo warranto* against some of the commissioners of the county in bankruptcy. *See In Re Jefferson County, Alabama*, 484 B.R. 427 (S. D. Ala. 2012) (holding that a post-petition action against three of Jefferson

- 7 -

County's Commissioners was barred by § 922(a), and explaining that unlike § 362(a), § 922(a) extends to post-petition claims).

The holdings in the *Stockton* and *Jefferson County* cases are instructive and applicable to the facts in this case. The City, pursuant to the terms of the City Municipal Code, defends and indemnifies its officers and employees sued for acts taken in the scope and course of employment. Therefore, all costs associated with representing Council President Jenkins in the State Court Case, as well as any costs associated with a potential monetary judgment against her, would be paid by the City to its own detriment and the prejudice other creditors of the City.

By statute, a plaintiff who prevails in an action for *quo warranto* is entitled to recover costs against the defendant, and the court has discretion to impose a fine of up to $2,000.00. Under 1984 Detroit Code § 13-11-1 *et seq*., the City defends and indemnifies its officers and employees named in civil litigation which arises out the performance of acts within the employees' authority. In this case, the Council President would be entitled to defense and indemnity under the City Code – and she will almost certainly be indemnified by a vote of City Council. The Plaintiffs' proposed action presents a claim against the City through an action

brought against one of its officers. The State Court Case violates the § 922(a) stay.[3]

**C.    The Stay Confirmation Order entered by the Court applies to the State Court Action.**

To make it abundantly clear to all parties that §§ 362 and 922(a) apply in this bankruptcy case, this Court entered the Stay Confirmation Order. For absolute clarity, this Court restated the provisions of 362 and 922(a) and provided further illumination:

> 5.    For the avoidance of doubt, the protections of section 922(a)(1) of the Bankruptcy Code with respect to officers and inhabitants of the City, as set forth in paragraph 4(a) above, apply in all respects to: (a) the Emergency Manager; and (b) the City Officers, in whatever capacity each of them may serve.

Stay Confirmation Order at pp. 3-4.

Given that Mr. Davis' first submission in the City's chapter 9 filing was made on July 30, 2013 [Dkt. 219], Plaintiffs knew well in advance of August 19, 2013 (when Plaintiffs filed the Application), the automatic stay was in effect. The

---

[3] Plaintiffs seek a back-door to pursue a claim against the City and one of its officers, the City Council President, but they also make a direct challenge to the authority and prior actions of the Emergency Manager. (See Plaintiffs' argument beginning at page 14 of the Application **Exhibit E**.) To the extent that Plaintiffs attack the Emergency Manager's authority to act, the City may be drawn deeper into the State Court Case to defend the Emergency Manager's authority under P.A. 436.

- 9 -

Stay Confirmation Order makes clear that the automatic stay applies to officers of the City, including Council President Jenkins. Filing the Application and persisting in prosecuting the State Court Case also violates the Stay Confirmation Order.

## CONCLUSION

For the reasons set forth above, the State Court Case is subject to the automatic stay of § 362 and § 922(a) of the Bankruptcy Code. The application of this stay to Council President Jenkins is made crystal clear in the Stay Confirmation Order. The Application was filed in violation of the automatic stay, and continuing the State Court Case would also violate the stay.

WHEREFORE, for the foregoing reasons, the City respectfully requests that this Court: (a) confirm the applicability of the automatic stay to the State Court Case and deny the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: October 3, 2013      Respectfully submitted,

> By: /s/Stephen S. LaPlante
> Jonathan S. Green (MI P33140)
> Stephen S. LaPlante (MI P48063)
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
> 150 West Jefferson
> Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 963-6420
> Facsimile: (313) 496-7500

green@millercanfield.com
laplante@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT