UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONS

In re:

CITY OF DETROIT, MICHIGAN           Case No. 13-53846-SWR
                                                    Chapter 9
                                                    Hon. Steven W. Rhodes

          Debtor.
_____

## STATE OF MICHIGAN'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)(D)

The State of Michigan, through its undersigned counsel, requests entry of an order that limits inquiry relating to emergency manager candidates. Specifically, the State requests that the Court order that the State is not required to disclose the names of emergency manager candidates or provide information that would reveal the identities of those persons. For its motion, the State of Michigan states as follows:

1.        International Union, UAW ("UAW") and the Flowers Plaintiffs served discovery subpoenas for documents and testimony on Governor Snyder, Treasurer Andrew Dillon, and the State of Michigan under Fed.R.Civ.P. 30(b)(6); and The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (collectively, "ASFCME") served deposition subpoenas including on Governor Snyder, Treasurer Dillon, Transformation Manager Richard Baird, related staff and other State employees and officials. The depositions of Governor Snyder, Treasurer Dillon, Transformation Manager Baird and the 30(b)(6) deponent (the "State Deponents") pursuant to these subpoenas are scheduled for October 9 and 10, 2013

1

2. The State anticipates that the State Deponents may be asked to identify individuals other than Kevyn Orr who were actively considered for the position of emergency manager for the City of Detroit.

3. Each of the individuals, other than Mr. Orr, who were actively considered for the position were given assurances by the Governor's office that their identities would remain confidential.

4. Disclosure of the names of emergency manager candidates would not only violate their privacy and the assurances of confidentiality made to them but might also be damaging to certain of the individuals in their current positions because their current employers are not aware that these candidates had expressed an interest in the position. Further, certain of the individuals are elected officials whose re-electability could be affected by disclosure of their identities.

5. The State has resisted other efforts to compel disclosure of the names of emergency manager candidates. On June 12, 2013, the Ingham County Circuit Court ordered Mr. Baird and the State to disclose the names of the emergency manager candidates in a lawsuit brought by Robert Davis. On June 20, 2013, the Michigan Court of Appeals issued two orders reversing the Circuit Court's orders. *Robert Davis v. Local Emergency Financial Assistance Loan Board*, *Court of Appeals, State of Michigan, Order*, Docket Nos. 316710 and 316711, LC No. 13-000281-NZ (copies attached as Exhibit 1). The Court of Appeals' decisions were based on relevancy and the deliberative process privilege.

6. Relative to the subject subpoenas, the State has waived the deliberative process privilege for purposes of the depositions of Governor Snyder, Mr. Dillon and Mr. Baird.[1]

---

[1] The State did not waive the executive privilege which differs in its scope from the deliberative process privilege. The deliberative process privilege protects communications among government officials (*see* Exhibit 1) and is narrower in scope than the executive privilege. The

However, the State believes that the names of specific candidates are not relevant to issues relating to the eligibility of the City of Detroit to be a debtor in a chapter 9 proceeding, nor will such disclosure lead to admissible evidence.

7. The State is willing to provide generic background information on the individuals who were actively considered for the emergency manager position that would not include details that would identify specific individuals. The State is also prepared to provide the names and detailed information about the individuals to this Court for *in camera* review to enable the Court to determine the relevancy of the names. However, the State requests that the Court limit the parties from inquiring as to the identities of emergency manager candidates and order that the State is not required to disclose the names of emergency manager candidates or provide information that would reveal the identities of those persons.

## BASIS FOR RELIEF

8. Fed.R.Civ.P. 26(b)(1) provides:

> (b) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of person who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

---

executive privilege covers not only deliberative communications but also, as here, certain types of information. The executive privilege is based upon separation of powers principles and in concept has been recognized by the Michigan Supreme Court. *See in re 1976 PA 267,* 400 Mich. 660 (1977); *Federated Publications v. Michigan State University Board of Trustees*, 460 Mich. 75 (1999). The State believes the executive privilege is applicable here.

9. Fed.R.Civ.P. 26(c)(1), provides, in relevant part:

> (c) Protective Orders
> (1) In General. * * * The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * *
>
> (D) forbidding inquiry into certain matters, or limited the scope of disclosure or discovery to certain matters[.]

10. The Michigan Court of Appeals held in *Robert Davis* that the plaintiff had failed to show that the disclosure of the emergency manager candidates' names was relevant to establishing violations of the Open Meetings Act. *See,* Exhibit 1. Likewise, in this case, the disclosure of the identities of the emergency manager candidates is not relevant to whether the City of Detroit is eligible to be a debtor under chapter 9, nor will such disclosure lead to the discovery of admissible evidence. As stated above, the State is willing to provide information on these individuals relating to their respective qualifications and respective backgrounds, but the names of the individuals are not relevant to the issue of the City's eligibility.

11. "Good cause" under Rule 26(c) requires specific facts showing "clearly defined and serious injury" will result from the discovery sought. *Nix v. Sword*, 11 Fed.Appx. 498, 501 (6th Cir. 2001) quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

12. In this case, good cause exists for issuance of a protective order ordering that the State is not required to disclose the identities of the emergency manager candidates because clearly defined injury could result to those candidates. Specifically, certain of the individuals are currently employed and their respective employers are not aware of that that these individuals were being considered for the position. Disclosure of these individuals' identities could cause

4

13-53846-tjt    Doc 1094    Filed 10/04/13    Entered 10/04/13 19:47:40    Page 4 of 5

embarrassment and repercussions from their current employers.  Further, certain of the individuals are elected officials whose re-electability could be negatively impacted by disclosure of their identities.

13. Further, disclosure of the names of the emergency manager candidates will adversely affect the State's ability to consider qualified candidates in the future because those candidates may be concerned about the State's ability to keep their identities confidential.

14. The parties have agreed to certain time limits for the depositions of the State Deponents.  In lieu of objecting to questions relating to the identifies of the emergency manager candidates at the depositions, the State filed this motion so that the Court can determine whether to limit the parties' inquiry into this matter before the depositions take place so as not to delay the progress of the depositions that dealing with objections could potentially cause.

15. Concurrence in the motion was sought without success and attempts have been made by the State, ASFCME and the UAW to resolve the issues without success to date.

WHEREFORE, the State of Michigan requests that the Court enter an order, substantially in the form attached hereto.

Dated: October 4, 2013

Respectfully submitted,

/s/ Dawn R. Copley
Steven G. Howell (P28982)
Special Assistant Attorney General
Dawn R. Copley (P53343)
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425