# Court of Appeals, State of Michigan

## ORDER

Robert Davis v Local Emergency Financial Assistance Loan Board

Docket No. 316710

LC No. 13-000281-NZ

William C. Whitbeck
Presiding Judge

Patrick M. Meter

Michael J. Kelly
Judges

Pursuant to MCR 7.205(D)(2), in lieu of granting the application for leave to appeal, the Court orders that the circuit court's June 12, 2013 order compelling Richard Baird to disclose the names of the candidates for the emergency financial manager position is REVERSED. Our Court rules "permit[ ] the discovery of any matter that is not privileged and that is relevant to the pending case." *Alberto v Toyota Motor Corp*, 289 Mich App 328, 336; 796 NW2d 490 (2010), citing MCR 2.302(B)(1). Plaintiff fails to show that the disclosure of the candidates' names is relevant to establishing violations of the Open Meetings Act. MRE 401; *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 668; 819 NW2d 28 (2011). While evidence that affects the credibility of witnesses is usually relevant, *People v McKinney*, 410 Mich 413, 418; 301 NW2d 824 (1981), the trial court's ruling foreclosed any inquiries that might reflect on Baird's credibility.

This order is given immediate effect pursuant to MCR 7.215(F)(2).

The stay that this Court issued in its June 14, 2013 order is hereby lifted. We do not retain jurisdiction.

A true copy entered and certified by Angela P. DiSessa, Acting Chief Clerk, on

JUN 20 2013
Date

*Angela P. DiSessa*
Acting Chief Clerk

# Court of Appeals, State of Michigan

## ORDER

| | |
|---|---|
| Robert Davis v Local Emergency Financial Assistance Loan Board | William C. Whitbeck<br>Presiding Judge |
| Docket No. 316711 | Patrick M. Meter |
| LC No. 13-000281-NZ | Michael J. Kelly<br>Judges |

Pursuant to MCR 7.205(D)(2), in lieu of granting the application for leave to appeal, the Court orders that the circuit court's June 12, 2013 order compelling Richard Baird to disclose the names of the candidates for the emergency financial manager position is REVERSED, for the reasons stated in this Court's order in Docket No. 316710.

The Court further orders that the circuit court's June 12, 2013 order denying the governor's and Emergency Manager Kevyn Orr's motion to quash subpoenas is REVERSED. The deliberative process privilege "allows the government to withhold documents and other materials that would reveal advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Truel v City of Dearborn*, 291 Mich App 125, 135; 804 NW2d 744 (2010). The requested material is both predecisional and deliberative, and its disclosure "would inevitably reveal the government's deliberations." *Id.* at 136. The record does not reflect a sufficient need for the information to overcome the privilege in this case.

Pursuant to MCR 7.205(D)(2), it is further ORDERED that:

1. Within 7 days of the issuance of this Order, plaintiff-appellee Robert T. Davis (Davis) shall file his second amended complaint and the trial court shall accept that filing without the need for further action, notwithstanding the provisions of MCR 2.118(A)(2).

2. Within 14 days of the issuance of this Order, the parties shall meet and confer, whether in person or by telephone, as to a stipulated statement of facts concerning this matter. See MCR 2.116(A).

    (a) If the parties agree as to such a stipulated statement of facts, they shall file such stipulated statement of facts within such 14 day period with the trial court.

    (b) If the parties are unable to agree as to such a stipulated statement of facts, they shall file a notice of such inability with the trial court and the provisions of paragraphs 3 and 4 of this Order shall then apply.

3. Within 7 days of the filing of a stipulated statement of facts or notice of inability to agree upon such a stipulated statement of facts, as applicable:

(a) The defendants-appellants the Local Emergency Financial Assistance board, the Governor, and the State Treasurer (collectively, the State) or any of them may file an answer to such complaint pursuant to MCR 2.108(A).

(b) In lieu of filing an answer, the State may file a motion for summary disposition and supporting affidavits and brief pursuant to MCR 2.116.

(c) If the parties have been unable to agree as to a stipulated statement of facts under paragraph 2 of this Order, the State shall file a proposed statement of facts as an exhibit to the answer or motion for summary disposition.

4. Within 7 days of the filings in paragraph 3 of this Order:

(a) If the State has chosen to file an answer and if the parties have been unable to agree as to a stipulated statement of facts under paragraph 2 of this Order, Davis shall file his proposed statement of facts.

(b) If the State has chosen to file a motion for summary disposition in lieu of an answer pursuant to MCR 2.116, Davis shall file his reply to such motion with supporting affidavits, brief, and, if the parties have been unable to agree as to a stipulated statement of facts under paragraph 2 of this Order, a proposed statement of facts as an exhibit to his reply or supporting brief.

5. If the State files a motion for summary disposition:

(a) The trial court shall hear such motion within 21 days of the filings in paragraph 4 of this Order.

(b) The trial court shall issue its written opinion and order, with findings of fact annotated to the record, and conclusions of law within 21 days of the hearing upon such motion, with a.

(c) Any appeals of such opinion and order shall be filed with this Court within the time limits set out in MCR 7.204 or 7.205, as appropriate.

6. If no motion for summary disposition is filed:

(a) The matter shall be tried to the bench in the ordinary fashion but on an expedited basis so that such trial shall be completed within 42 days of the filings in paragraph 4.

(b) The trial court shall issue its written opinion and order, with findings of fact annotated to the record and conclusions of law, within 21 days of the completion of the trial.

(c) Any appeals of such opinion and order shall be filed with this Court within the time limits set out in MCR 7.204 or 7.205, as appropriate.

7. The trial court may hold a scheduling conference or conferences pursuant to MCR 2.401 on its own initiative or at the request of a party. The trial court may deal with discovery issues in such conference or conferences, but discovery shall in all events be concluded before the date for the

State's filing of an answer or motion for summary disposition pursuant to paragraph 3 of this Order. The trial court's scheduling order shall comply strictly with the provisions of this Order.

This order is given immediate effect pursuant to MCR 7.215(F)(2).

The stay that this Court issued in its June 14, 2013 order is hereby lifted. We do not retain jurisdiction. However, all appeals filed with this Court in this matter subsequent to the date of the filing of this Order but prior to any appeals pursuant to paragraphs 5 and 6 shall be submitted to this panel. Any appeals pursuant to paragraphs 5 and 6 shall be handled by this Court in the normal rotation but on an expedited basis.

JUN 20 2013
Date

A true copy entered and certified by Angela P. DiSessa, Acting Chief Clerk, on

Angela P. DiSessa
Acting Chief Clerk