UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONS

In re:

CITY OF DETROIT, MICHIGAN                    Case No. 13-53846-SWR
                                             Chapter 9
                                             Hon. Steven W. Rhodes
            Debtor.
_____

## *EX PARTE* MOTION FOR EXPEDITED HEARING

The State of Michigan, through its undersigned counsel, requests that this Court expedite hearing on its Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)(1)(d) (the "Protective Order Motion") that was filed concurrently with this *ex parte* motion. As grounds for this motion, the State of Michigan states as follows:

1. International Union, UAW ("UAW") and the Flowers Plaintiffs served discovery subpoenas for documents and testimony on Governor Snyder, Treasurer Andrew Dillon, and the State of Michigan under Fed.R.Civ.P. 30(b)(6); and The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (collectively, "ASFCME") served deposition subpoenas including on Governor Snyder, Treasurer Dillon, Transformation Manager Richard Baird, related staff and other State employees and officials. The depositions of Governor Snyder, Treasurer Dillon, Transformation Manager Baird and the 30(b)(6) deponent (the "State Deponents") pursuant to these subpoenas are scheduled for October 9 and 10, 2013

2. The State anticipates that the State Deponents may be asked to identify individuals other than Kevyn Orr who were actively considered for the position of emergency manager for the City of Detroit.

1

3. As stated in the Protective Order Motion, the State is concerned that disclosure of the identities of individuals who were emergency manager candidates could result in clearly defined injuries to those candidates. Specifically, certain of the individuals are currently employed and their respective employers are not aware that that these individuals were being considered for the position. Disclosure of these individuals' identities could cause embarrassment and potentially repercussions from their current employers. Further, certain of the individuals are elected officials whose re-electability could be greatly affected by disclosure of their identities.

4. Disclosure of the identities of the emergency manager candidates is not relevant to whether the City of Detroit is eligible to be a debtor under chapter 9, nor will such disclosure lead to the discovery of admissible evidence. As stated in the Protective Order Motion, the State is willing to provide information on these individuals relating to their respective qualifications and respective backgrounds, but the names of the individuals are not relevant to the issue of the City's eligibility.

5. Because the depositions are scheduled to occur on October 9 and 10, 2013, the State requests a hearing on an expedited basis to consider the State's Protective Order Motion, and requests that a hearing occur by no later than the close of business on October 8, 2013.

6. The parties have agreed to certain time limits for the depositions of the State Deponents. In lieu of objecting to questions relating to the identities of the emergency manager candidates at the depositions, the State filed the Protective Order Motion so that the Court can determine whether to limit the parties' inquiry into this matter before the depositions take place so as not to delay the progress of the depositions that dealing with objections could potentially cause.

7. Concurrence in the motion was sought without success and attempts have been made by the State, ASFCME and the UAW to resolve the issues without success to date.

8. Accordingly, the State respectfully requests that this Court expedite consideration of the Protective Order Motion and schedule a hearing for October 8, 2013, or such other date as the Court deems appropriate.

WHEREFORE, the State of Michigan respectfully requests that this Court: (1) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief sought herein; and (ii) grant such other and further relief to the State of Michigan as the Court may deem proper.

Dated: October 4, 2013                     Respectfully submitted,

/s/ Dawn R. Copley____
Steven G. Howell (P28982)
Special Assistant Attorney General
Dawn R. Copley (P53343)
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONS

In re:

CITY OF DETROIT, MICHIGAN     Case No. 13-53846-SWR
                              Chapter 9
                              Hon. Steven W. Rhodes
        Debtor.
_____

# ORDER GRANTING *EX PARTE* MOTION TO EXPEDITE HEARING

This matter comes before the Court on the *ex parte* motion (the "Motion") of the State of Michigan requesting expedited consideration of the State of Michigan's Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)(1)(d); and the Court being fully advised in the premises:

**IT IS ORDERED** that:

1. The Motion is GRANTED.

2. A hearing on the State of Michigan's Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)(1)(d) is scheduled for _____, 2013 at _____ __.m.

4