UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,  Chapter 9
  Case No. 13-53846
  Debtor.  Hon. Steven W. Rhodes

_____

**BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM
ORDER PURSUANT TO SECTION 105(A) OF THE
BANKRUPTCY CODE EXTENDING THE CHAPTER 9 STAY TO
CERTAIN (A) STATE ENTITIES,
(B) NON OFFICER EMPLOYEES, AND
<u>(C) AGENTS AND REPRESENTATIVES OF THE DEBTOR</u>**

Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Nicole A. Grimm (P74407)
Assistant Attorney General

Steve Howell (P28982)
Special Assistant Attorney
General

Attorneys for Respondents

# TABLE OF CONTENTS

                                                            <u>Page</u>

Table of Contents ...................................................................................... i

Index of Authorities .................................................................................. ii

Introduction .............................................................................................. 1

Argument .................................................................................................. 3

I.     This Court's Order extending the Chapter 9 Stay applies to this case. .............................................................................................. 3

II.    This Court was well within its authority to extend the automatic stay to this case. ............................................................. 6

III.   Petitioners have not demonstrated that imposition of this Court's stay extension order to the lawsuit is inequitable. ............. 7

Conclusion and Relief Requested .......................................................... 11

Certificate of Service (e-file) .................................................................. 13

# INDEX OF AUTHORITIES

Page

**Cases**

*A.H. Robins Co. v. Piccinin,*
  788 F.2d 994 (4th Cir. 1986) ................................................................... 6

*Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.),*
  963 F.2d 855 (6th Cir. 1992) ................................................................... 6

*In re Garzoni,*
  35 F. App'x 179 (6th Cir. 2002) .............................................................. 8

**Statutes**

Public Act 436 ........................................................................... 5, 6, 10, 11

## INTRODUCTION

Petitioners are plaintiffs who filed a lawsuit in the United States District Court for the Eastern District of Michigan (the "District Court"), against Governor Rick Snyder and State Treasurer Andy Dillon, commencing Case No. 2:13-cv-11370 (the "lawsuit") and seeking, among other things, "declaratory relief holding that Public Act 436 violates the United States Constitution . . . ." Complaint, *Phillips, et al. v. Snyder, et al.*, No. 2:13-cv-11370, Dkt. No. 1 (E.D. Mich. Mar. 27, 2013), at Pg ID 49.

On August 7, 2013, Respondents, Defendants in the lawsuit, filed a notice advising the District Court of the City of Detroit's petition for bankruptcy and requesting a stay in light of the Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (a) State Entities, (b) Non Officer Employees, and (c) Agents and Representatives of the Debtor that was entered on July 25, 2013 (the "Stay Order") which extended the Chapter 9 stay to certain State Entities[1] including Governor Snyder and Treasurer Andrew Dillon. *See*

---

[1] Capitalized terms not defined herein have the meaning given to them in the Stay Order.

Defendants' Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay, *Phillips, et al. v. Snyder, et al.*, No. 213-cv-11370, Dkt. No. 29 (E.D. Mich. Aug. 7, 2013); *see also* Stay Order, Dkt. No. 166, July 25, 2013.  The District Court agreed with Respondents' position.  *See* Order Regarding Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay, *Phillips, et al. v. Snyder, et al.*, No. 213-cv-11370, Dkt. No. 30 (E.D. Mich. Aug. 22, 2013).

Petitioners now move this Court for an order lifting the stay.  In support, Petitioners argue that:  (1) this Court's stay extension order does not apply to the lawsuit, either because it only applies to the prepetition lawsuits specifically mentioned in the City's motion for extension of the stay or because it should not be construed to apply to all lawsuits against Governor Snyder and Treasurer Dillon; (2) to the extent this Court's stay applies to the lawsuit, this Court should not have ordered the same; and (3) equity demands that Petitioners' lawsuit not be stayed.  Because none of these arguments has merit, Respondents respectfully request that this Court deny Petitioners' request for relief from stay.

# ARGUMENT

I. **This Court's Order extending the Chapter 9 Stay applies to this case.**

Petitioners' argument that the Stay Order does not apply to the lawsuit should be rejected. As a threshold matter, the Stay Order does not apply only to the specified Prepetition lawsuits. The Stay Order states, in relevant part:

> 2. Pursuant to section 105(a) of the Bankruptcy Code, the Chapter 9 Stay hereby is extended to apply in all respects (to the extent not otherwise applicable) to the State Entities (defined as the Governor, the State Treasurer and the members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives) …
>
> 3. For the avoidance of doubt, each of the Prepetition lawsuits hereby is stayed ….

Stay Order, Dkt. No. 166, July 25, 2013.

Had the Court intended that the Stay Order apply only to the Prepetition lawsuits, there would have been no need for the broader language in paragraph 2 of the Stay Order, extending the stay to the State Entities. Likewise, if actions against State Entities were stayed only to the extent they applied to the Prepetition lawsuits, the language in paragraph 2 extending the stay to the State Entities "to the extent not otherwise applicable" would be superfluous and without effect in

light of the language in paragraph 3 expressly staying the Prepetition lawsuits.

Nor did the City of Detroit's Motion for Entry of Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (a) State Entities, (b) Non Officer Employees, and (c) Agents and Representatives of the Debtor (the "Stay Motion") extend the Chapter 9 Stay to every case in which State Entities are parties. *See* Stay Motion, Dkt. No. 56, July 19, 2013. Instead, the Stay Motion sought to extend the Chapter 9 Stay "to actions or proceedings against the Governor, the State Treasurer and the members of the Loan Board,…that, directly or indirectly, seek to enforce claims against the City, interfere with the City's activities in this Chapter 9 case or otherwise deny the city the protections of the Chapter 9 stay." *Id*. at 13. As this Court's stay extension order simply "granted" the relief the Debtor sought in its motion, there is no support for Petitioners' argument that this Court's order extends the Chapter 9 bankruptcy stay to all lawsuits involving the specified State entities, regardless of

4

the relationship between those lawsuits and Detroit's bankruptcy proceedings.[2]

The Stay Order applies to Petitioner's lawsuit because the lawsuit seeks to interfere with the City's activities in its Chapter 9 case or otherwise deny the City the protections of the Chapter 9 Stay. Petitioners seek a declaration that PA 436 is unconstitutional, which would threaten to constrain Detroit's Emergency Manager's filing of Chapter 9 on behalf of the City of Detroit. Put another way, were Petitioners to prevail in their lawsuit and Public Act 436 be found unconstitutional, Detroit's Chapter 9 filing would be constrained before this Court has even had the opportunity to determine the City's eligibility.

---

[2] To the extent Petitioners request that this Court clarify its stay extension order by adopting verbatim the Debtor's language that the stay should apply to all actions "that, directly or indirectly, seek to enforce claims against the City, interfere with the City's activities in this Chapter 9 case or otherwise deny the City the protections of the Chapter 9 stay," Respondents do not oppose Petitioners' request.

5

## II. This Court was well within its authority to extend the automatic stay to this case.

Petitioners ask that this Court conclude that the Stay Order is overbroad as applied to their lawsuit or otherwise wrongfully imposed against them. Clearly established law shows the opposite is true.

Although Petitioners argue that applying a stay to a non-debtor third party is inequitable, they appear ultimately to concede that this Court has authority to extend automatic bankruptcy stays to non-debtor entities when, among other circumstances, "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F.2d 855, 861 (6th Cir. 1992). *see also* Petitioners' Brief in Support of Motion, Dkt. No. 1004–4, Sept. 23, 2013 (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

Governor Snyder and Treasurer Dillon are parties to the lawsuit which seeks a declaratory judgment that Public Act 436, the law by which all Emergency Managers including Kevyn Orr have been

appointed, is unconstitutional. Again, if Petitioners prevail, Detroit may lose its Emergency Manager and the actions he has taken, including the filing for bankruptcy on Detroit's behalf. A judgment for Petitioners would directly or indirectly interfere with this Chapter 9 case as the Emergency Manager has already exercised his authority to represent the City in bankruptcy proceedings. With no one to represent it in bankruptcy proceedings, Detroit's bankruptcy could come to a halt. Thus, in this case, a "judgment against the third-party defendant will in effect be a judgment or finding against the debtor." In sum, as the lawsuit could directly impact whether the City is eligible to be a Chapter 9 debtor, and thus, whether the City will be able to adjust its debts in a Chapter 9 proceeding, the lawsuit is related to this Chapter 9 case and this Court acted within its sound discretion in entering the Stay Order.

### III. Petitioners have not demonstrated that imposition of this Court's stay extension order to the lawsuit is inequitable.

Finally, this Court should reject Petitioners' argument that the equities associated with this case militate against continuing to impose this Court's stay extension order. Petitioners offer several "balancing"

tests from which this Court could choose, but each test ultimately leads to the same conclusion: the mere fact that Petitioners raise constitutional questions in their lawsuit does not mean that this Court cannot have or should not have temporarily stayed the lawsuit because of its potential to directly or indirectly interfere with the City of Detroit's Chapter 9 proceeding. As discussed above, Petitioners arguments that the lawsuit is unrelated to the Chapter 9 proceeding simply because they do not seek money damages from the City and the City is not a party should be rejected in light of the reality that Petitioners' requested relief, if granted, could vitiate Detroit's ability to restructure its debts. Likewise, there is no support for Petitioners' claim that temporarily delaying their lawsuit during the pendency of this Court's proceeding would "nullify federal law" as this Court's stay extension order does not deny Petitioners the right to be heard, but merely delays the adjudication of their claims.

While Petitioners instead focus on the tests other jurisdictions have used, it is noteworthy that the five factors enumerated in *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002) weigh heavily in favor of upholding the Chapter 9 Stay. In that case, the Sixth Circuit explained

that bankruptcy courts consider the following factors in deciding whether to lift a stay: "1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Id.* (internal citation omitted).

*First*, Petitioners' lawsuit directly challenges the constitutionality of Public Act 436. As the Court is well aware, various parties who have filed pleadings in opposition to the City's eligibility to be a Chapter 9 debtor have made arguments virtually identical to those raised by Petitioners. Because the lawsuit and this Court's pending determination concerning eligibility address the same issues, judicial economy dictates staying the lawsuit. If Petitioners' claims are heard in a separate forum, concurrent with this Court's adjudication of the eligibility objections, inconsistent adjudications on the same issues could potentially result.

*Second*, the lawsuit is not "trial ready." To the contrary, no discovery has been conducted and while the Defendants have filed a motion to dismiss, it has not yet been decided by the District Court.

The District Court has not yet decided whether there will be a trial, let alone have the parties readied themselves for one to the point that imposition of a stay would be inequitable.

*Third*, as stated above, currently before the Court is the threshold issue of whether the City is eligible to be a Chapter 9 debtor, and various parties have raised challenges to PA 436 in their objections to eligibility which are the same challenges raised in the lawsuit. The fact that the threshold eligibility issue—a preliminary bankruptcy issue— has yet to be decided by the Court weighs heavily against finding cause to grant relief from the Chapter 9 Stay.

*Fourth*, Petitioners have not demonstrated a strong chance of success on the merits of the lawsuit. Indeed, as more fully explained in Respondents' motion to dismiss, Petitioners lack standing to bring the lawsuit in the first place. Yet even if the District Court finds standing, Petitioners' claims universally fail because none of them survive the threshold requirement to state a valid claim for which relief can be granted. *See* Defendants' Motion to Dismiss and Brief in Support, *Phillips, et al. v. Snyder, et al.*, No. 213-cv-11370, Dkt. No. 20 (E.D. Mich. May 16, 2013).

*Fifth,* Petitioners assert that because the City is not a defendant in the lawsuit, and because they seek no money damages from the City, the lawsuit imposes no impact on the City or its property. This assertion ignores the tremendous impact continuation of the lawsuit will have on the process of this Chapter 9 case. As explained above, adjudication in another forum of issues relating to PA 436 threaten to invalidate the City's Chapter 9 filing or at the very least constrain it from moving forward in the proceeding, before this Court has even had the opportunity to determine the City's eligibility.

## CONCLUSION AND RELIEF REQUESTED

Petitioners have not demonstrated that this Court's order does not extend the automatic bankruptcy stay to this case, nor have they shown that this Court could not or should not have issued its order. To the contrary, it is clear that this Court properly extended the bankruptcy stay to this case because the two matters are so intrinsically related that if Petitioners are successful in their lawsuit against Governor Snyder and Treasurer Dillon, Detroit's bankruptcy could be constrained.

Accordingly, Respondents respectfully request that this Court deny Petitioners' motion for relief from this Court's stay extension order.

        Respectfully submitted,

        */s/Matthew Schneider*
        Matthew Schneider
        Chief Legal Counsel
        Attorney for State of Michigan
        P.O. Box 30754
        Lansing, Michigan 48909
        (517) 373-3203
        SchneiderM7@michigan.gov [P62190]

        Nicole A. Grimm (P74407)
        Assistant Attorney General
        P.O. Box 30736
        Lansing, Michigan 48909
        (517) 373-6434

        Steve Howell (P28982)
        Special Assistant Attorney General
        500 Woodward Avenue
        Suite 4000
        Detroit MI 48226
        313.223.3500

        Attorneys for Respondents

Dated: October 7, 2013

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on October 7, 2013 I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]