EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: CITY OF DETROIT, MICHIGAN, | . | Docket No. 13-53846 |
| | . | Detroit, Michigan |
| | . | July 24, 2013 |
| Debtor. | . | 10:02 a.m. |
| . . . . . . . . . . . . . . . . | . | |

HEARING RE. MOTION OF DEBTOR, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER CONFIRMING THE PROTECTIONS OF SECTIONS 362, 365 AND 922 OF THE BANKRUPTCY CODE (DOCKET #53) AND MOTION OF DEBTOR, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON-OFFICER EMPLOYEES AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR (DOCKET #56)
BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Jones Day<br>By: HEATHER LENNOX<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br>(216) 586-3939 |
| For AFSCME: | Lowenstein Sandler, LLP<br>By: SHARON L. LEVINE<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>(973) 597-2374 |
| For Syncora Guarantee and Syncora Capital Assurance: | Kirkland & Ellis, LLP<br>By: RYAN BENNETT<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2074 |
| For Public Safety Unions: | Erman, Teicher, Miller, Zucker & Freedman, PC<br>By: BARBARA PATEK<br>400 Galleria Officentre, Suite 444<br>Southfield, MI 48034<br>(248) 827-4100 |

APPEARANCES (continued):

| | |
|---|---|
| For Police and Fire Retirement System and General Retirement System of the City of Detroit: | Clark Hill, PLC<br>By: ROBERT GORDON<br>151 South Old Woodward, Suite 200<br>Birmingham, MI 48009<br>(248) 988-5882 |
| For the UAW: | Cohen, Weiss & Simon, LLP<br>By: BABETTE CECCOTTI<br>330 West 42nd Street, 25th Floor<br>New York, NY 10036<br>(212) 356-0227 |
| For the Flowers Plaintiffs: | Law Offices of William A. Wertheimer<br>By: WILLIAM WERTHEIMER<br>30515 Timberbrook Lane<br>Bingham Farms, MI 48025<br>(248) 644-9200 |
| For Nathaniel Brent: | In pro per<br>NATHANIEL BRENT<br>538 South Livernois<br>Detroit, MI 48209 |
| For the Phillips Plaintiffs: | The Sanders Law Firm, PC<br>By: HERBERT A. SANDERS<br>615 Griswold, Suite 913<br>Detroit, MI 48226<br>(313) 962-0099 |
| For the State of Michigan: | Michigan Department of Attorney General<br>By: MATTHEW SCHNEIDER<br>525 West Ottawa Street, Fl. 7<br>P.O. Box 30212<br>Lansing, MI 48909<br>(517) 241-8403 |
| For the Webster Plaintiffs: | McKnight, McClow, Canzano, Smith & Radtke, PC<br>By: JOHN R. CANZANO<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650 |

THE COURT: All right. So I will allow 15 minutes for each of the creditors that have filed objections. These are the Michigan Council 25 of AFSCME, Syncora, the UAW together with Creditors Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington, and Bruce Goldman, the Detroit public safety unions, if I can refer them -- refer to them by that, and the General Retirement System of the City of Detroit and the Police and Fire Retirement System of the city. It doesn't matter to me, counsel, the order in which you proceed, so I will leave that to you to work out.

MS. LEVINE: I'm going to go with alphabetical.

THE COURT: Okay.

MS. LEVINE: Good morning, your Honor. Sharon Levine, Lowenstein Sandler, for Michigan Council 25 of the American Federation of State, County, and Municipal Employees or AFSCME, as it's been referred to here today.

Your Honor, very briefly, it's clear that your Honor has read all the papers, and we very much appreciate that given the short time frame that we've been before this Court. Bankruptcy Code Section 105 is extraordinary relief, extraordinary in that it's only used to enforce rights that already exist under the Bankruptcy Code, so it's not there to create new rights that don't currently exist under the Code. What we have here in a Chapter 9 case, which is more restrictive than, for example, a Chapter 11 case, is the

situation where if, in fact, the state has not properly authorized the Chapter 9 filing, there are rights that don't exist under the Bankruptcy Code. If Chapter 9, as has historically been seen through the unconstitutional finding of predecessors to Chapter 9, is really being used here to avoid state constitutional rights, then Chapter 9 in and of itself is potentially unconstitutional. If not, it has to be construed narrowly in order to read it constitutionally. We would respectfully submit that using 105 to find rights that don't otherwise exist, particularly of a constitutional nature, is an extremely broad use of 105. This isn't a situation where we're saying to the controller or the governor or Mr. Orr, you know, don't respond to discovery requests in a state court action in a foreign jurisdiction because we need your attention here. We're taking away very fundamental constitutional rights.

Secondly, your Honor, if, in fact --

THE COURT: So your argument about the narrow application of Section 105 in this case is really a result of the fact that it's a Chapter 9.

MS. LEVINE: Yes, your Honor.

THE COURT: It's not an argument that's based on Section 105, per se.

MS. LEVINE: Yes, your Honor. In a Chapter 11 you'll have circumstances, for example, where even in the

broader case of a Chapter 11, you won't use Article -- you won't use Section 105 to grant a casino license or a liquor license or tell a utility board they can't change rates, but we have an even narrower situation here because we're in Chapter 9.

Two, Chapter 9 can't be used if, in fact, the state has not authorized under its constitution and its laws the Chapter 9 filing. The Chapter 9 filing here is arguably flawed because it intends to go after the pensions. If it goes after the pensions, it arguably violates the state constitution and can't be before this Court, so, again, the issue with regard to whether or not we have an appropriate state constitutional flaw -- sorry. The issue with regard to whether or not we have an appropriate filing is necessarily limited by whether or not we have an appropriate state -- we have an inappropriate state constitutional authorization. If we have an inappropriate state constitutional authorization, that is not simply an implementation tool under 105. That is, in essence, a substantive right that's being creative -- created under 105 that does not exist in the state court.

In addition to that, your Honor, and also importantly, three, individual citizens of the City of Detroit have the absolute right to protect their own constitutional rights. If we say to them they can't go to the state courts that are there for the protection of their

constitutional rights in part, then we are -- then we're using 105 again way more broadly than it gets used in the ordinary course as simply an implementation tool. We're creating more substantive rights. And while this Court has --

THE COURT: Well, but why isn't the extended stay that the city seeks here simply a procedural mechanism to funnel such challenges to the Bankruptcy Court and, therefore, does not have the effect of denying citizens or other creditors of their rights to have their constitutional claims heard?

MS. LEVINE: Your Honor, if this Court is a court of secondary jurisdiction, no disrespect, with -- but if you look at federalism, comity, abstention, and the state courts are the courts of primary jurisdiction, we would respectfully submit that unlike, for example, determining in a Chapter 11 case that there's a validly perfected security interest because you've looked at state law and the UCC is properly filed, we have a very fundamental right here that this Court is being asked to address, so what we're saying is instead of going to the court that's primarily responsible, we're going to come into this Court instead, and it's not as if there's delay or uncertainty with regard to the fact that those matters are going to get heard and considered quickly. We already have state court litigation pending, and the state

appellate courts are poised and ready to rule, so there's no reason to divest them of that appropriate jurisdiction under concepts of federalism, comity, and abstention and move that here to a court of secondary jurisdiction on those issues.

Your Honor, fourth, with regard to the form over substance, the procedural arguments with regard to 105, in certain circumstances where 105 is being used for things like stopping discovery or minimal things like that, that's one set, but the Federal Rules of Civil Procedure are put in place in order to protect parties and provide due process. There can't be a more fundamental situation where you need to enforce those types of rights than when you're dealing with basic fundamental constitutional rights, and we respectfully submit that even though there are circumstances where expediency mandates the use of 105 quickly, this is not one of those circumstances.

Your Honor, the breathing spell under 105 -- the breathing spell under the Bankruptcy Code and the use of 105 to extend the breathing spell is only appropriate if, in fact, the underlying bankruptcy is an appropriate bankruptcy. The idea that there's a breathing spell to continue what is potentially an unconstitutional or illegal -- not intentionally, no motive or anything, your Honor, but -- proceeding is clearly not anything that 105 was designed to implement.

Your Honor, we would respectfully submit that these are very, very fundamental rights, and unlike a Chapter 11 case where you have a defined benefit plan where if, in fact, it is terminated, there's federal insurance under the PBGC up to $57,000, or if you have a multi-employer plan, even if an employer withdraws, the beneficiaries themselves are protected, here our members who participate at most are at or below $19,000 a year. Clearly there's no safety net. These issues are hard issues. The collateral advantage to sending this back to the state court for an appropriate decision is that the conversations which we believe should have been happening more robustly before the filing could happen now. We respectfully -- we thank your Honor for the time, and we appreciate your Honor's consideration.

THE COURT: Thank you. Sir.

MR. BENNETT: Good morning, your Honor. Ryan Bennett of Kirkland & Ellis on behalf of Syncora Guarantee and Syncora Capital Assurance. Your Honor, as we attempted to describe in our papers, my client insures, in some cases owns certain securities called the certificates of participation, which were taken out in 2006 to fund some of the city's pension liabilities. We also insure a swap -- four swaps related to those securities that are tied to the interest rate, the floating interest rate associated with them.

THE COURT: Um-hmm.

MR. BRENT: However, this is the city's option. This isn't a requirement of law that they indemnify these --

THE COURT: Um-hmm.

MR. BRENT: -- just as -- my lawsuit is also against various state actors within the State of Michigan, which -- but, again, their wanting to extend this to them would prevent me from litigating my claims against the state officials that have already been denied immunity, and it is currently pending. Those portions they've appealed to the Circuit Court. So now that they're trying to extend this stay, now the Sixth Circuit Court of Appeals case of Brent versus Wayne County, et al. will be stayed as well where the different state defendants -- state employees have uphill decision to deny their qualified and absolute immunity.

THE COURT: The defendants in your particular suit are both city employees and other defendants are state employees?

MR. BRENT: Yes, and there's also state contractors involved in the lawsuit.

THE COURT: Contractors also. Thank you, sir. Would anyone else like to be heard?

MR. SANDERS: Good morning, your Honor. My name is Herb Sanders, and I represent the plaintiffs in the case of Phillips versus Snyder pending before this Court, Case Number

2:13-CV-11370, before Judge Steeh. That is a case that challenges the constitutionality of PA 436. Motions for summary -- for at least one summary disposition or summary judgment argument have been scheduled. As I initially read the request for stay extension motion filed by the city, it appeared that the city was seeking an extension of stay concerning financial matters that were being litigated, but pursuant to the oral presentation of the city's attorney, it concerns me when she has indicated -- and I paraphrase -- that she seeks relief concerning any litigation that might interfere with the city's rights as a Chapter 9 debtor. And I would suggest to the Court to the extent that it might be proposed or suggested that the litigation which I have referenced in which the constitutionality of PA 436 is to be determined by another judge in this court interferes with the rights of the city as a Chapter 9 debtor, that that case not be included as part of the stay order that this Court would issue. I believe it's imperative to this community, to this state that those issues be determined and, in fact, should probably be determined before the bankruptcy proceeds, but I would encourage the Court to not give a broad order if any order were to issue that would be inclusive of matters that are not financial matters such as there are other matters that I know that the union, AFSCME, and others are a part of seeking FOIA requests from the city, injunctive relief as it

relates to these types of matters, and I would ask the Court to consider not giving such a broad order --

THE COURT: Um-hmm.

MR. SANDERS: -- that that type of information could not be obtained and we could not have a determination as to the constitutionality of PA 436 by this Court.

THE COURT: Um-hmm.

MR. SANDERS: Thank you, your Honor.

THE COURT: Thank you. Sir, can you just give me your name again, please?

MR. SANDERS: Herb Sanders.

THE COURT: Mr. Sanders. Thank you, sir.

MR. SCHNEIDER: May it please the Court, Matthew Schneider, chief legal counsel to the Attorney General. I'm here on behalf of the State of Michigan. Your Honor, I'm here for a very, very limited purpose. As counsel to the debtor has indicated, they are not seeking to abrogate the exceptions in Section 362(b), and I know that this is a motion regarding Section 362, so our position is is that if the Court is, indeed, inclined to grant the motion regarding the stay, that the Court's order reflect that nothing in the Court -- nothing what the Court is doing will actually abrogate the exceptions afforded under 362(b).

THE COURT: Is there a specific exception you're concerned about?