THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____x
                                            :   **Chapter 9**
**In re:**                                  :   **Case No. 13-53846**
**CITY OF DETROIT, MICHIGAN,**               :   **Hon. Steven W. Rhodes**
           Debtor.                          :
                                            :
                                            :
_____x

**PETITIONERS ROBERT DAVIS' AND DESMOND M. WHITE'S SUPPLEMENTAL MEMORANDUM OF AUTHORITY AND LAW IN SUPPORT OF ITS EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER AND RELIEF FROM STAY**

PETITIONERS, ROBERT DAVIS, and DESMOND M. WHITE (**collectively "Petitioners"**) by and through their attorney, ANDREW A. PATERSON, submit this, their Supplemental Memorandum of Authority and Law In Support of Its Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order and Relief from Stay, states as follows:

1. On October 8, 2013, counsel for Petitioners filed with this Court an Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order and Relief from Stay ("**Emergency Motion**") (Docket # 1120) and an *Ex Parte* Emergency Motion for an *Ex Parte* Order to Reduce the Time to Respond and File Objections to Petitioners' Emergency Motion (Docket # 1121).

2. On October 9, 2013, after conducting an afternoon phone conference with counsel for Petitioners, counsel for the Debtor, and Eric Gaabo, Assistant Corporation Counsel for the City of Detroit, this Court entered an order scheduling an emergency hearing on Petitioners' Emergency Motion to be held on Thursday, October 10, 2013

at 3:30 p.m.  (Docket # 1128).

3. Upon being notified of this Court's entry of an order scheduling an emergency hearing to be held on October 10, 2013 at 3:30 p.m., Petitioner Robert Davis ("**Petitioner Davis**"), who is a former law-clerk intern to the current Chief Justice of the Michigan Supreme Court, Chief Justice Robert P. Young, Jr., contacted the Clerk of the Michigan Supreme Court, Larry Royster ("**Clerk of the Michigan Supreme Court**"), to request a copy of any memorandums that may had been issued by the Michigan Supreme Court to all judges of the circuit court and judges of the Michigan Court of Appeals regarding the proper filing and adjudication of election-day related matters for the August 6, 2013 Primary Election.

4. On October 9, 2013, just after the close of business, the Clerk of the Michigan Supreme Court emailed Petitioner Davis a copy of the memorandum that was issued by the Michigan Supreme Court to all judges of the various circuit courts and all judges of the Michigan Court of Appeals informing them of the procedure by which election-day related matters for the August 6, 2013 Primary Election were to be processed, filed, and adjudicated by the various courts.  **(See Michigan Supreme Court Memorandum attached hereto as Exhibit A).**

5. In his October 9, 2013 email to Petitioner Davis, the Clerk of the Michigan Supreme Court stated the following**:**

> Mr. Davis,
>
> Attached is the Elections Procedure memorandum that was circulated by the State Court Administrative Office prior to the last primary election. It is the same memo that was circulated prior to other primary and general elections. Also as I mentioned on the telephone, the procedure described in the memo is currently under review and it may change before the next general election.

> Finally, I understand the urgency of your request so I'm willing to accommodate you over the phone and by email. But for future requests, please submit them in writing to MSC General Counsel Joe Baumann.
>
> Larry Royster
> Clerk, Michigan Supreme Court

(**The October 9, 2013 Email sent to Petitioner Davis from Clerk of the Michigan Supreme Court at 5:09 p.m. Counsel for the Petitioners will bring a copy of said email to the October 10, 2013 Emergency Hearing for this Court's review**).

6. Because Petitioner Davis is quite familiar with the process that the state courts undertake in handling election-related matters, Petitioner Davis also contacted, in the late afternoon on October 9, 2013, the Wayne County Clerk's office and obtained a copy of the memorandum that was issued by the Wayne County Circuit Court Chief Judge Virgil Smith ("Chief Judge Smith") regarding election-day related matters. In his memo to the jusges and staff of the Wayne County Circuit Court, Chief Judge Smith set forth the procedure by which the Wayne County Circuit Court would handle, process, and adjudicate election-day related matters as directed the memorandum of the Michigan Supreme Court regarding the proper filing and adjudication of election-day related matters for the August 6, 2013 Primary Election. **(See Wayne County Circuit Court Chief Judge Virgil Smith's Memorandums regarding election-day related matters for the August 6, 2013 Primary Election attached hereto as Exhibit B).**

7. The process and procedures outlined in both the Michigan Supreme Court's and Wayne County Circuit Court's memorandums for the August 6, 2013 Primary Election are expected to be followed again for the November 5, 2013 General Election. However, as the Clerk of the Michigan Supreme Court indicated in his October 9, 2013 email to Petitioner Davis: "Also as I mentioned on the telephone,

the procedure described in the memo is **currently under review and it may change before the next general election**." (Emphasis supplied).

8. The reason why Petitioners have brought the aforementioned memorandums to the Court's attention is because they highlight the importance that election-related matters have within the State courts in the State of Michigan; especially those actions that will impact the counting of votes as cast by electors and the proper administration of elections as required by Michigan Election Law.

9. It is almost a known certainty that there will be some challenge or irregularity found on election day for the November 6, 2013 General Election. Thus, interested parties need immediate access to the courts to adjudicate such disputes.

10. As noted by the Petitioners in its Emergency Motion, the strained and dangerously narrow interpretation of this Court's July 25, 2013 Stay Order would operate to potentially disenfranchise electors and to deny individuals their fundamental right to participate in fair and properly administered elections. Further, it would allow Detroit election officials to hide behind the veil of this Court's Stay Order and violate Michigan Election Law without fearing any timely judicial review.

11. Petitioner Davis and counsel for the Petitioners have already proven in two (2) election cases, which were adjudicated prior to the entry of this Court's July 25 Stay Order, that the Detroit City Clerk and the Detroit Election Commission have, individually and collectively, improperly interpreted and applied Michigan Election Law in a way that has unlawfully infringed upon the rights of electors and candidates to participate in a fair, impartial, and properly administered election. For example, in *Barrow v Detroit Election Commission*, 301 Mich App 404; ___ NW2d ____

(2013), Petitioner Davis and counsel for the Petitioners, assisted former mayoral candidate, Tom Barrow, in his *successful* legal challenge of the *improper* placement of mayoral candidate Mike Duggan on the August 6, 2013 Primary Election ballot by the Detroit City Clerk and Detroit Election Commission. The Michigan Court of Appeals, in a published opinion, determined that the Detroit City Clerk and Detroit Election Commission, *improperly* interpreted and applied Michigan Election Law and the clear and unambiguous provisions of the 2012 Detroit City Charter, as amended, and thus declared that Mike Duggan's name *could not* appear on the August 6, 2013 Primary Election ballot. As a result, Mike Duggan had to run as a write-in candidate in the primary election. See *Barrow v Detroit Election Commission*, 301 Mich App 404; ___ NW2d ____ (2013).

12. In the case of *Wilcoxon v Detroit City Clerk*, 301 Mich App 619; ___ NW2d___ (2013), the Michigan Court of Appeals once again had to clean up the errors of the Detroit City Clerk and Detroit Election Commission. In *Wilcoxon v Detroit City Clerk, supra*, the Michigan Court of Appeals, in another published decision, affirmed the decision of Wayne County Circuit Court Judge Patricia Fresard to place Ms. Wilcoxon's name on the August 6, 2013 Primary Election ballot for the office of City Clerk, after the Detroit City Clerk and Detroit Election Commission *improperly* and *erroneously* determined that Ms. Wilcoxon's nominating petitions did not conform with the provisions as set forth in Michigan Election Law and thus *incorrectly* held that Ms. Wilcoxon did not qualify to have her name placed on the August 6, 2013 Primary Election ballot for the office of City Clerk. See *Wilcoxon v Detroit City Clerk*, 301 Mich App 619; ___ NW2d___ (2013).

13. These two cases cited above and the other election-related cases currently pending in Wayne County Circuit Court, clearly show the urgency and necessity of this Court to clarify that its July 25, 2013 Stay Order **does not apply** to any election-related cases involving the impending November 5, 2013 General Election because the prior *improper* actions of the Detroit City Clerk and Detroit Election Commission clearly reflect the need for their actions to be subject to **immediate and timely** judicial review.

14. As the memorandums of the Michigan Supreme Court and Wayne County Circuit Court clearly reflect, there is a need for members of the public, electors and interested parties to have access to the courts to **IMMEDIATELY** and **EXPEDITIOUSLY** adjudicate matters and challenges involving the November 5, 2013 General Election.

15. It is important to note for the Court that the adjudication of these election-related matters **in no way impacts** the Bankruptcy Proceedings currently pending in this Court. In fact, Petitioners' counsel has indicated, like he has stipulated and agreed to with the Corporation Counsel for the City of Detroit in the other pending election-related matter before Judge Fresard, that he would waive any right to any costs and/or attorney fees that may be awarded in these proceedings.

16. Moreover, considering the Corporation Counsel for the City of Detroit has previously agreed and stipulated to, on the record, in a pending election–related matter, that this Court's July 25, 2013 Stay Order **does not apply** to election-related cases, there is no reason for the Corporation Counsel for the City of Detroit and the Debtor not to agree that under the same circumstances that NONE of the election-

Page **6** of **8**

13-53846-tjt    Doc 1133    Filed 10/09/13    Entered 10/09/13 23:53:43    Page 6 of 8

related matters, which are currently pending or may be filed in the future, are subject to this Court's July 25, 2013 Stay Order.

17. Lastly, as Petitioners set forth in their Emergency Motion, **no additional costs** are being imposed upon the Debtor as a result of litigating these election-related matters considering the Debtor's Law Department (Corporation Counsel) has litigated these claims, and thus, the **expense of hiring outside legal counsel has been eliminated**.

18. Issuing an order clarifying that this Court's July 25, 2013 Stay **is not** applicable and **does not** extend to election-related matters will permit this Court to channel its attention and energy towards the more pressing issues facing the Debtor in these bankruptcy proceedings.

## NOTICE

19. Notice of this Motion has been given to Eric Gaabo, Assistant Corporation Counsel for the City of Detroit. Petitioners submit that no other or further notice, need to be provided.

## CONCLUSION/PRAYER FOR RELIEF

Petitioners pray that the Court enters an order (a) clarifying that the Court's July 25, 2013 Stay Order does not extend to Petitioners' Election Case, Case No. 13-013071-AW and (b) provide clarity that this Court's July 25, 2013 Stay Order does not apply to any election-related matter brought against the Detroit City Clerk and Detroit Election Commission relating to any election matter that impacts the impending election.

Respectfully submitted,

/S/ Andrew A. Paterson_____
Attorney for Petitioners
46350 Grand River, Suite C
Novi, MI 48374
(248) 645-0759

DATED; October 10, 2013