UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,             Case No. 13-53846-SWR
           Chapter 9
    Debtor.            Hon. Steven W. Rhodes

_____/

MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("Movants") are plaintiffs in a Class Action suit filed in U.S. District Court for the Eastern District of Michigan, case no. 4:12-cv-13747 (the "Class Action") and submit this motion for stay relief for the limited purpose of pursuing class certification, liquidating claims previously filed in the U.S. District Court, and seeking to enjoin the Detroit Water and Sewerage Department ("DWSD") from charging improper rates.

Jurisdiction and Request for Consent

1. The City of Detroit filed a voluntary Chapter 9 petition for relief on July 18, 2013.

2. This motion is filed under 11 U.S.C. § 362(d), as made applicable by 11 U.S.C. § 922(b) and Fed. R. Bankr. P. 4001 and 9014.

3. This is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. § 157(b)(2)(G) and 28 U.S.C. § 1334.

4. On September 5, 2013, Movants' counsel sought concurrence to the relief sought in this motion from the City of Detroit, through its counsel, Heather Lennox. The City did not agree to the request.

## Background

5. Approximately one year before the Chapter 9 petition was filed, Movants had commenced a class action lawsuit against the City of Detroit, acting through its Detroit Water and Sewerage Department, in the U.S. District Court, Eastern District of Michigan, case no. 4:12-cv-13747 (the "Class Action").

6. The Class Action was brought on behalf of a class of all persons and entities that own dwellings or buildings with multiple units that are used for residential purposes or other entities that pay water and sewerage utility charges for such dwellings/buildings, such as, but not limited to apartment buildings, cooperatives, town houses, and condominiums that have been charged improper commercial rates by DWSD.

7. The Class Action seeks certification of the class and contains the following four counts: Count I - Violation of Equal Protection - Commercial Rate Charges; Count II - Restitution/Assumpsit; Count III - Accounting and Escrow; and Count IV - Injunctive Relief.

8. A scheduling conference was held in the Class Action and a scheduling order was issued setting deadlines for matters relating to the request for class certification. The DWSD filed a response to the motion for class certification and a motion to dismiss the complaint. Shortly before the Chapter 9 filing, the district court held a hearing on the motions and took the matter under advisement. The Class Action was subsequently stayed by the bankruptcy filing.

9. Movants now seek relief from the automatic stay to allow Movants to continue prosecution of the Class Action for the limited purpose of pursuing class certification, establishing liability; and seeking to enjoin the DWSD from charging improper rates. Movants further request that relief from the automatic stay be effective immediately upon entry, notwithstanding the provisions of Fed. R. Bankr. P. 4001(a)(3).

10. The stay will remain in effect with respect to the enforcement by Movants of any pre-petition debts.

Legal Basis for Motion

11. The automatic stay created by the filing of the Chapter 9 case may be terminated, annulled or modified, for "cause". *See* 11 U.S.C. §§ 922(b) and 362(d).

12. The Bankruptcy Code does not define cause for purposes of when to allow relief from the automatic stay, so "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *In re Triden Associates Ltd. Partnership*, 52 F.3d 127, 131 (6th Cir. 1995).

13. To guide the bankruptcy court's exercise of its discretion, the Sixth Circuit identifies five factors for the court to consider: (1) "judicial economy"; (2) "trial readiness"; (3) "the resolution of preliminary bankruptcy issues"; (4) "the creditor's chance of success on the merits"; and (5) "the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Garzoni v. K-Mart Corp.*(*In re Garzoni*), 35 Fed. Appx. 179, 181 (6th Cir. Mich. 2002)(citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)).

14. The Class Action was pending almost a year in advance of the bankruptcy filing. The Class Action claims are non-bankruptcy related. District Court Judge Gershwin Drain has already heard and considered arguments on the motion for class certification and motion to dismiss and can dispose of these issues efficiently. Judicial economy will be furthered by allowing the case to continue in the district court where it originated, given the familiarity of the District Court with the case at hand and the substantive laws governing the claims. Given the limited relief requested, there will be little, if any, interference with the bankruptcy proceeding. The amount of any money damages resulting from the Class Action should be reduced to judgment so that Movants and the City of Detroit know the extent of any claim that may be filed in the bankruptcy matter.

15. If there is only going to be one proceeding to litigate these issues, it is generally the second court which will stay its action and defer to the court where the matter was first filed. *Urbain v. Knapp Brothers Manufacturing Co.*, 217 F.2d 810, 815 (6th Cir. 1954).

16. Absent stay relief, the DSWD will continue to charge Movants at higher commercial rates rather than residential rates, placing Movants at a financial disadvantage and causing Movants to accrue damages daily.

17. The Movants have set forth a clear and unambiguous class definition in connection with their equal protection claim. They have demonstrated that members of the class are billed commercial rates in conjunction with storm water runoff fees rather than residential rates. This class distinction is unconstitutional and arbitrary and violates the equal protection clause. *See Alexander v. Detroit*, 392 Mich. 30 (Mich. 1974). Thus, the Class Action is likely to succeed.

### Request for Relief

Movants request that this Court modify the automatic stay in accordance with the attached proposed order; and grant such further relief as the Court deems just and equitable considering the facts and circumstances of this case.

STEINBERG SHAPIRO & CLARK

/s/ Tracy M. Clark ( P60262)
Attorney for Movants
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date:   October 10, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,                           Case No. 13-53846-SWR
                                                               Chapter 9
                         Debtor.                 Hon. Steven W. Rhodes
_____/

ORDER GRANTING MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

This matter having come to be heard on the Motion for Limited Relief from the Automatic Stay filed by Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("Movants"), plaintiffs in a Class Action suit filed in U.S. District Court for the Eastern District of Michigan, case no. 4:12-cv-13747 (the "Class Action"). All parties in interest were provided notice of the Motion, and the Court is advised that no objections were filed or received. The Court is otherwise fully advised in this matter.

IT IS ORDERED as follows:

A.      The Motion for Limited Relief from the Automatic Stay is granted.

B.      Relief from that automatic stay applicable under 11 U.S.C. § 922(a) and 11 U.S.C. § 362(a) is granted to allow Movants to continue prosecution of the Class Action for the limited purpose of pursuing class certification, establishing liability; and seeking to enjoin the DWSD from charging improper rates,

C.      The stay will remain in effect with respect to the enforcement by the Movants of any pre-petition debts.

D.      The provisions of Fed. R. Bankr. P. 4001(a)(3) are waived and this Order shall be in full force and effect upon entry.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| City of Detroit, Michigan | Case No. 13-53846-SWR |
| 2 Woodward Avenue, Suite 1126 | Chapter 9 |
| Detroit, MI 48226 | Hon. Steven W. Rhodes |
| xx-xxx4606 | |
| Debtor. | |

_____/

## 14 DAY NOTICE OF MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("Movants") filed a motion seeking limited relief from the automatic stay for the purpose of pursuing class certification, liquidating claims previously filed in the U.S. District Court, and seeking to enjoin the Detroit Water and Sewerage Department from charging improper rates.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Trustee's motion, or if you want the court to consider your views on the motion, within 14 days from the date this notice is served, you or your attorney must:

1. File with the court a written objection or request for hearing, explaining your position at:[1]

    United States Bankruptcy Court
    211 W Fort St., Suite 2100
    Detroit, Michigan 48226

If you mail your objection or request for hearing to the court for filing, you must mail it early enough so the court will **receive** it before the 14 day period expires.

2. Mail a copy to:

    Tracy M. Clark, Esq.
    Steinberg Shapiro & Clark
    25925 Telegraph Rd., Suite 203
    Southfield, MI 48033

---

[1] Objection or request for hearing must comply with F.R. Civ.P. 8(b), (c) and (e).

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

                                                STEINBERG SHAPIRO & CLARK

                                                <u>/s/ Tracy M. Clark ( P60262)</u>
                                                Attorney for Movants
                                                25925 Telegraph Road, Suite 203
                                                Southfield, MI 48033
                                                (248) 352-4700
                                                clark@steinbergshapiro.com

Date: October 10, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,            Case No. 13-53846-SWR
                                        Chapter 9
               Debtor.            Hon. Steven W. Rhodes
_____/

BRIEF IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative rely on the facts and authority cited in their Motion for Limited Relief from Automatic Stay.

                                       STEINBERG SHAPIRO & CLARK

                                       /s/ Tracy M. Clark ( P60262)
                                       Attorney for Movants
                                       25925 Telegraph Road, Suite 203
                                       Southfield, MI 48033
                                       (248) 352-4700
                                       clark@steinbergshapiro.com

Date: October 10, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,   Case No. 13-53846-SWR
                             Chapter 9
                Debtor.      Hon. Steven W. Rhodes
_____/

## CERTIFICATE OF SERVICE

I certify that on October 10, 2013, I electronically filed *Motion for Limited Relief from Automatic Stay*; *14 Day Notice*; *Brief in Support*; and this *Certificate of Service* with the Clerk of the Court using the ECF system which sent notification of such filing to all parties required to receive service.

/s/ Joy L. Brown, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
jbrown@steinbergshapiro.com