----------------------------------------------- x
                                    :

In re                               :            Chapter 9
                                    :

CITY OF DETROIT, MICHIGAN,    :            Case No. 13-53846
                                    :

          Debtor.                :            Hon. Steven W. Rhodes
----------------------------------------------- x

# DEBTOR'S PROPOSED RESOLUTION, LIMITED OBJECTION AND MEMORANDUM OF LAW OPPOSING PETITIONERS ROBERT DAVIS' AND DESMOND M. WHITE'S EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 25, 2013 STAY ORDER AND RELIEF FROM STAY[1]

      The City of Detroit, Michigan ("City"), as the debtor in the above-captioned case, (i) proposes a modification of the automatic stay that resolves the issues raised by the Petitioners Robert Davis' And Desmond M. White's Emergency Motion For Clarification Of The Court's July 25, 2013 Stay Order And Relief From Stay [Dkt. No. 1120] ("Motion") and (ii) raises its limited objection in order

---

[1] While the caption includes the phrase "Relief From Stay," the movants do not request stay relief anywhere in the Motion, including in the prayer for relief, do not include it in the proposed order and do not address "cause" or any of the factors the Court must consider to determine if relief is warranted. Nor have the movants properly coded the submission in e-filing or paid the fee required to file a motion for relief. Therefore, the City will address primarily the relief actually requested in the Motion and only address the relief suggested in the caption (but not supported in the Motion) in its proposed resolution.

to preserve certain rights under its chapter 9. For the reasons set forth in this limited objection, the City agrees to a modification of the stay imposed by § 922(a), as set forth below, to permit the State Court Case and any election-related lawsuits to proceed but opposes the relief requested (or implied) by the Motion to the extent it would permit litigants to pursue collection of any penalties, damages, costs or attorneys' fees awarded in any election-related litigation. The City asks that the balance of the Motion, to the extent it calls for relief beyond the proposed resolution, be denied.

## BACKGROUND

1. On July 18, 2013 ("Petition Date"), the City commenced this case under chapter 9 of title 11 of the United States Code ("Bankruptcy Code").

2. On July 25, 2013, the Court entered its Order Pursuant to Section 105(a) of the Bankruptcy Code Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code [Dkt. #167] ("Stay Confirmation Order").

3. Also on July 25, 2013, the Court entered its Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor [Dkt. #166] ("Stay Extension Order").

4. After the Petition Date, on or about October 6, 2013, petitioners Robert Davis and Desmond M. White ("Plaintiffs") filed their Emergency Complaint and Emergency Motion for Writ of Mandamus, Declaratory Judgment, and Injunctive Relief ("Emergency Complaint") in the 3rd Circuit Court for the County of Wayne, State of Michigan ("State Court Case"). Judge Fresard has ordered that supplemental briefs be submitted by Friday, October 11 (Plaintiffs) and Tuesday, October 15 (the City) with oral argument to be heard next Wednesday, October 16.

5. Two days after the Emergency Complaint was filed (October 8, 2013), Plaintiffs filed the Motion. Plaintiffs' Motion requests a ruling from this Court that (i) the Stay Extension Order does not apply to the State Court Case and that Plaintiffs may pursue the State Court Case against the Detroit City Clerk and Detroit Election Commission (consisting of three officers or employees of the City: Detroit City Clerk, Janice Winfrey; President of the Detroit City Council, Saunteel Jenkins; and Corporate Counsel for the City of Detroit, Portia Roberson) and (ii) the Stay Extension Order either "does not extend to any election-related matters brought against the Detroit City Clerk and Detroit Election Commission pertaining to the November 5, 2013 General Election," (from the Proposed Order) or the Stay Extension Order "does not apply to any election-related matter brought against the

Detroit City Clerk and Detroit Election Commission relating to any election matter that impacts an impending election" (from the prayer for relief in the Motion).

### PRELIMINARY STATEMENT AND AGREEMENT TO MODIFY THE AUTOMATIC STAY IMPOSED BY SECTION 922

To be clear, it is of the utmost importance to the City that its chapter 9 case have as little impact on the November 5, 2013, General Election as possible. The City wants its officials to continue to perform their official political and governmental duties during the bankruptcy case. The City also understands that, as a corollary, this means that they must be subject to suit in connection with any election irregularities that may arise.

On the other hand, the City is afforded and requires certain protections in chapter 9 that are important not only to the City but to other constituents and participants in this bankruptcy case, including the City's creditors. These protections must be preserved even as the General Election goes forward. This is the delicate balancing act the City undertakes.

In that context, with respect to the State Court Case, the City agrees to a modification of the stay to permit (i) the State Court Case to proceed through the hearing next Wednesday, (ii) the Circuit Court to rule on the Emergency Complaint and (iii) the implementation of that ruling, so long as the Detroit City Clerk, the Detroit Election Commission and its members and the City are not

subject to any damages or penalties or other monetary sanctions, costs or attorneys' fees. The City acknowledges that implementing the ruling may require the City to expend funds if it becomes necessary to correct any election irregularities determined to have occurred in the State Court Case. Counsel for the Plaintiffs has agreed that he will not seek to recover any amounts from the Detroit City Clerk, the Detroit Election Commission or the City for damages or penalties or other monetary sanctions, costs or attorneys' fees.

With respect to lawsuits related solely to the General Election and not to other unrelated matters that are filed on or before the date of the General Election, November 5, 2013, and in compliance with the procedures promulgated by the Michigan Supreme Court and the 3rd Circuit Court ("Election-Related Lawsuits"), the City agrees to a modification of the stay to permit (i) the Election-Related Lawsuits to proceed in their ordinary course, (ii) the Circuit Court (or other court having jurisdiction over the matter) to rule on the Election-Related Lawsuits and (iii) the implementation of any ruling, <u>so long as</u> the Detroit City Clerk, the Detroit Election Commission and its members and the City are not subject to the collection of damages or penalties or other monetary sanctions, costs or attorneys' fees. The City acknowledges that implementing the rulings may require the City to expend funds if it becomes necessary to correct any election irregularities determined to have occurred in an Election-Related Lawsuit.

## OBJECTION TO THE REMAINING RELIEF REQUESTED

The Motion requests clarification that this Court's Stay Extension Order does not apply to the State Court Case, and, additionally, that the Stay Extension Order does not apply to (applying the broader request contained in the prayer for relief in the Motion) "any election-related matter brought against the Detroit City Clerk and Detroit Election Commission relating to any election matter that impacts an impending election." As in previous motions filed by Plaintiff Davis seeking "clarification of the Stay Extension Order", the Stay Confirmation Order and stay under § 922(a) have been ignored.

As a result of the City's chapter 9 filing, specifically the application of 11 U.S.C. §§ 362 and 922(a), and the explicit terms of this Court's Stay Confirmation Order, the stay applies. As this Court made very clear in those orders, those orders were entered without prejudice to the rights of creditors to seek relief from those stay orders, but there should be no doubt that those orders apply to the State Court Action in the first instance.

The Detroit City Clerk and the members of the Detroit Election Commission are all officers of the City. The Court has explicitly stated in its Stay Confirmation Order that the automatic stay imposed by §§ 362 and 922(a) applies to the officers of the City and the Emergency Manager. Contrary to Plaintiffs' assertions and

requested relief, the automatic stay, together with its special application in chapter 9, applies to these City officials.

As stated above, despite the fact that the State Court Case is stayed, any Election-Related Lawsuits would be stayed and the Plaintiffs have not addressed the standards or basis for relief from the stay orders in their Motion or related papers, the City will agree to a modification of the stay to permit the State Court Action and Election-Related Lawsuits to go forward.  It is the unconditional relief requested in the Motion that is troubling and to which the City objects.  The potential Election-Related Lawsuits are not yet addressed to the City or its officers on behalf of any real plaintiff, nor can the City know the particular harm that may be alleged.  Rather, it is intended to address a hypothetical or potential harm a plaintiff may assert against the Detroit City Clerk and the Detroit Election Commission due to speculative election irregularities, which may, through the City's indemnification of its City officers, expose the City to liability for any damages, penalties, costs or attorneys' fees that may be assessed.  The City understands that there may be suits of this type arising in the General Election, but without an actual controversy and no known circumstances, the City cannot agree in advance to broad and open-ended stay relief in connection with acts that have

not occurred and lawsuits that have not been filed.[2] The stay applies to the Election-Related Lawsuits, and the City will agree to a modification of the stay, but only on the conditions set forth above.

**A.  The automatic stay of § 922(a) applies to the potential lawsuits against the Detroit City Clerk and the Detroit Election Commission and potential collection actions arising from these suits.[3]**

The automatic stay "is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

Because any hypothetical Election-Related Lawsuit against the Detroit City Clerk and the Detroit Election Commission is essentially a suit against the City due to its indemnification obligations to its officials, this action is also subject to the stay imposed by 11 U.S.C. § 922(a).

---

[2] Furthermore, any actions commenced <u>after</u> the General Election will no longer need to be on an emergency basis, thereby affording the City time to review and determine the impact of any request for stay relief on the City's chapter 9 case before it stipulates to or opposes the additional requested relief.

[3] In paragraph 10 of the Motion, Plaintiffs allege that counsel for the City agreed that the automatic stay did not apply to the <u>Wilcoxon</u> case. This is untrue, and the City maintains that the stay would apply if the case had not been dismissed.

- 8 -
21599178.2\022765-00202
13-53846-tjt    Doc 1139    Filed 10/10/13    Entered 10/10/13 13:48:59    Page 8 of 14

Section 922 of the Bankruptcy Code imposes a stay in addition to the stay under section 362 – a stay which is broader, in part, to that under § 362 because it applies to both pre-petition and post-petition legal proceedings.

Bankruptcy Code § 922 provides in relevant part:

> (a) A petition filed under this chapter operates as a stay, in addition to the stay provided by section 362 of this title, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor . . . . 11 U.S.C. § 922.

On July 25, 2013, this Court entered the Stay Confirmation Order confirming that the protections of the chapter 9 stay apply to the City, and its officers and inhabitants. This would include the Detroit City Clerk and the members of the Detroit Election Commission.

When and how the stay under § 922(a) applies to an action brought against a municipal official was addressed in *In re City of Stockton, California*, 484 B.R. 372 (E.D. Cal. 2012). In the City of Stockton's chapter 9 bankruptcy, the court explained that § 922(a) stayed an action against city officials who were entitled to defense and indemnity under California law. The court refused to lift the stay to allow an action asserting a variety of state and federal claims based upon

21599178.2\022765-00202
13-53846-tjt    Doc 1139    Filed 10/10/13    Entered 10/10/13 13:48:59    Page 9 of 14

termination of Stockton's Fire Chief, to proceed against the City Manager and Deputy City Manager. The *Stockton* court explained:

> For the same reason that geometry holds that the shortest distance between two points is a straight line, the additional automatic stay of § 922(a), rather than the § 362 automatic stay, directly protects municipal officers in chapter 9 cases without the need for a court to perform the mental gymnastics required to extend the § 362 automatic stay.

*Id.* at 375-376.

Among the findings made by the Stockton court in support of this conclusion were: (a) that § 922(a) augments the stay of § 362(a); (b) that § 922(a) squarely covers the collection of judgments against a public official as well as the prosecution of such litigation; (c) that the phrase "to enforce a claim against the debtor" in § 922(a) encompasses both direct and indirect claims against a municipality; (d) that § 922(a) is embedded in the sovereign immunity landscape; and (e) that § 922(a) was designed to deal with situations where public officials of a debtor are sued. *Stockton,* at 378.

In another recent and well known municipal bankruptcy, Section 922(a) was held to bar the commencement or maintenance of a suit seeking declaratory relief, injunctive relief, *mandamus* and *quo warranto* against some of the commissioners of the county in bankruptcy. *See In Re Jefferson County, Alabama*, 484 B.R. 427 (S. D. Ala. 2012) (holding that a post-petition action against three of Jefferson

County's Commissioners was barred by § 922(a), and explaining that unlike § 362(a), § 922(a) extends to post-petition claims).

The holdings in the *Stockton* and *Jefferson County* cases are instructive and applicable here. The City, pursuant to the terms of the Detroit City Code, defends and indemnifies its officers and employees sued for acts taken in the scope and course of employment. Therefore, all costs associated with representing the Detroit City Clerk and the members of the Detroit Election Commission, as well as any costs associated with a potential monetary judgment against any of them, would be paid by the City to its own detriment and the prejudice of other creditors of the City.

Under 1984 Detroit Code § 13-11-1 *et seq.*, the City defends and indemnifies its officers and employees named in civil litigation which arises out the performance of acts within the employees' authority. In this case, the Detroit City Clerk and the members of the Detroit Election Commission would be entitled to defense and indemnity under the City Code – they will almost certainly be indemnified by a vote of City Council.

The Plaintiffs maintain that any election-related suit brought by anyone at any time is exempt the Stay Extension Order and, presumably, the Stay Confirmation Order. To the contrary, any potential suit that may be brought against the Detroit City Clerk and members of the Detroit Election Commission is

- 11 -
21599178.2\022765-00202
13-53846-tjt   Doc 1139   Filed 10/10/13   Entered 10/10/13 13:48:59   Page 11 of 14

stayed by § 922(a). While Plaintiffs have agreed not to seek any claim against the City, directly or indirectly, there is no way to know what other potential litigants in any Election-Related Lawsuits may seek from the City. While the City has agreed to modify the stay to permit any Election-Related Lawsuits to proceed, the stay must continue to apply to the collection of any damages or penalties or other monetary sanctions, costs or attorneys' fees from the Detroit City Clerk, the Detroit Election Commission and the City.

**B. The Stay Confirmation Order entered by the Court applies to the potential election-related suits.**

To make it abundantly clear to all parties that §§ 362 and 922(a) apply in this bankruptcy case, this Court entered the Stay Confirmation Order. For absolute clarity, this Court restated the provisions of 362 and 922(a) and provided further illumination:

> 5. For the avoidance of doubt, the protections of section 922(a)(1) of the Bankruptcy Code with respect to officers and inhabitants of the City, as set forth in paragraph 4(a) above, apply in all respects to: (a) the Emergency Manager; and (b) the City Officers, in whatever capacity each of them may serve.

Stay Confirmation Order at pp. 3-4.

As officers of the City, the Detroit City Clerk and the members of the Detroit Election Commission are protected "in whatever capacity each of them may serve" by the Stay Confirmation Order. While the City has agreed to modify

the stay to permit any Election-Related Lawsuits to proceed, the Stay Confirmation Order must continue to apply to the collection of any damages or penalties or other monetary sanctions, costs or attorneys' fees from the Detroit City Clerk, the Detroit Election Commission and the City.

## CONCLUSION

For the reasons set forth above, the City will stipulate to modification of the automatic stay to permit the State Court Case to continue, so long as the Detroit City Clerk, the Detroit Election Commission and the City are not subject to the collection of any damages or penalties or other monetary sanctions. The City also stipulates to the modification of the stay to permit any potential Election-Related Lawsuit to proceed. The automatic stay of § 362 and § 922(a) of the Bankruptcy Code continues to apply to the collection from the Detroit City Clerk, the Detroit Election Commission and the City of any damages or penalties or other monetary sanctions, costs or attorneys' fees awarded in any Election-Related Lawsuit.

WHEREFORE, for the foregoing reasons, the City respectfully requests that this Court: (a) enter an order conditionally modifying the automatic stay to permit the State Court Case and Election-Related Lawsuits to proceed, (b) otherwise deny the Motion; and (c) grant such other and further relief to the City as the Court may deem proper.

21599178.2\022765-00202
21599178.2\022765-00202

Dated: October 10, 2013    Respectfully submitted,

By: /s/ Stephen S. LaPlante
Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT