IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------ x
                                                 :

In re                                    :           Chapter 9
                                               :
CITY OF DETROIT, MICHIGAN,   :           Case No. 13-53846
                                               :
             Debtor.                  :           Hon. Steven W. Rhodes
                                               x


**DEBTOR'S COMBINED OBJECTION AND MEMORANDUM OF LAW OPPOSING THE MOTION AND INCORPORATED MEMORANDUM OF LAW BY PARTY-IN-INTEREST THOMAS GERALD MOORE FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED FOR DISCOVERY PURPOSES AND/OR TO RECOVER ANY INSURANCE COVERAGE UNDER DEFENDANTS' HOMEOWNERS INSURANCE POLICIES**

The City of Detroit, Michigan ("City"), as the debtor in the above-captioned case, objects to the Motion And Incorporated Memorandum Of Law By Party-In-Interest Thomas Gerald Moore For Relief From The Automatic Stay To Allow Civil Litigation To Proceed For Discovery Purposes and/or To Recover Any Insurance Coverage Under Defendants' Homeowners Insurance Policies [Dkt. No. 1035] ("Motion"). For the reasons set forth below, the Motion should be denied.

## BACKGROUND

1.  On July 18, 2013 ("Petition Date"), the City commenced this case under chapter 9 of title 11 of the United States Code ("Bankruptcy Code").

2.  Prior to the Petition Date, on January 2, 2013, Mr. Thomas Gerald Moore ("Plaintiff") filed, in the United States District Court for the Eastern District of Michigan, an action ("Lawsuit") against two City of Detroit Police Officers, Mr. Matthew Fulgenzi and Mr. Brian Headapohl, ("Defendants").

3.  The Lawsuit seeks money damages against the Defendants. The Lawsuit alleges that the Defendants were off duty at the time of the incident, but were acting under the color of law. *See* Motion at 4.

4.  The City assumed the defense of the Lawsuit and, on January 16, 2013, filed an Answer, Affirmative Defenses and a Jury Demand on behalf of the Defendants.

5.  On March 6, 2013 the Plaintiff filed a First Amended Complaint and on March 7, 2013, the City filed an Answer, Affirmative Defenses and Reliance on Jury Demand on behalf of the Defendants.

6.  Subsequent to the Petition Date, as a result of this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and

Representatives of the Debtor ("Stay Extension Order") [Dkt. No. 166], the United States District Court stayed the Lawsuit and removed it from its active docket.

7. On September 26, 2013, Plaintiff filed the Motion seeking relief from the automatic stay to allow the Lawsuit to proceed.

8. In the Motion, Plaintiff claims that, through discovery in the Lawsuit, he learned that the Defendants are covered by individual homeowner's insurance policies which "may cover the claims advanced in Moore's Lawsuit as well as providing payment for the costs of defense." *See* Motion at 8. The Motion continues on to assert that, because of the existence of these policies, allowing the Lawsuit to proceed will not effect the City or its chapter 9 case.

9. The Motion does not explain or discuss the homeowner insurance or the coverage allegedly available to the Defendants. Neither does the Motion indicate whether the Plaintiff would accept any amounts paid under the policies in full satisfaction of his alleged claim or whether he would agree to not pursue further payment from the Defendants individually, or from the City.

10. Regardless of the alleged homeowner insurance policy coverage, the Defendants have demanded that the City defend against, and hold them harmless from, any claims arising from the Lawsuit pursuant to City ordinances and the collective bargaining agreement which covers the Defendants. As noted, the City

has undertaken the defense of the Defendants in the Lawsuit. *See* Declaration of Mr. James M. Moore attached hereto as **Exhibit A**.

11. In addition, it seems almost axiomatic that if the Plaintiff were permitted to proceed against the homeowner policies, he would be required to prove the liability of the Defendants for the allegedly tortious actions giving rise to the Lawsuit. This would engender claim or issue preclusion concerns and require the City to continue its defense of the Defendants.

# ARGUMENT

The Motion, filed shortly after the commencement of this chapter 9 case, is another attempt to circumvent the stay of litigation arising from the bankruptcy filing. The requested relief would effectively undermine the breathing spell afforded to the City and can only be granted upon a demonstration of sufficient cause and where the scope of the requested relief is appropriate. The Plaintiff in this action fails to identify any basis to distinguish his case from other similarly situated lawsuits and has also failed to establish cause to afford him the requested right to proceed as if the bankruptcy had not occurred.

> Section 362(a) of the Bankruptcy Code provides in relevant part that:
>
> a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 362(a). The automatic stay "is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

Section 362(d) of the Bankruptcy Code authorizes a bankruptcy court to grant relief from the automatic stay in limited circumstances. *See* 11 U.S.C. § 362(d). In particular, section 362(d)(1) of the Bankruptcy Code provides that a party in interest may obtain relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

"The Bankruptcy Code does not define 'cause' as used in [section] 362(d)(1). Therefore, under [section] 362(d), 'courts must determine whether discretionary relief is appropriate on a case by case basis.'" *Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.)*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (*quoting Laguna Assocs. L.P. v. Aetna Casualty & Surety Co. (In re Laguna Assocs. L.P.*), 30 F.3d 734, 737 (6th Cir. 1994)). The determination of whether to grant relief from the automatic stay "resides within the sound discretion of the Bankruptcy Court." *Sandweiss Law Center, P.C. v. Kozlowski (In re Bunting)*, No. 12-10472, 2013 WL 153309, at *17 (E.D. Mich. Jan. 15, 2013) (*quoting In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002)). In determining whether cause exists, however, "the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *Plastech*, 382 B.R. at 106 (*quoting In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995)).

- 6 -
13-53846-tjt    Doc 1145    Filed 10/10/13    Entered 10/10/13 17:30:28    Page 6 of 13

In considering the Motion, this Court should be mindful of its recent Opinion delivered at the October 8, 2013 hearing and the corresponding Order, entered the same day, in response to a similar request for stay relief filed by another tort plaintiff. [Dkt. No. 1114] This Order effectively directed the City to quickly develop an efficient process for liquidating all pending tort claims ("Claims Resolution Process"). The City plans to comply with the 35 day timetable and develop the Claims Resolution Process. As this Court noted, such a process will benefit both the City and all of the City's creditors. The Court also stated that it is inappropriate for the Court to consider "cause" on a case by case basis. Instead, the Court explained that it should look at the pending cases in total when considering a relief from stay request. *See* Transcript of 10-8-2013 hearing and the Court's resulting Opinion and Order.

The Plaintiff's claim is one of approximately 700 lawsuits which were pending against the City on the Petition Date, (*See* Creditor List at Schedule G) and Plaintiff fails to provide any basis why his claim should not be dealt with in the same manner as other similarly situated claimants. Consequently, the Plaintiff has not provided a basis to proceed outside of the normal claims resolution process established under the Bankruptcy Code and should not be afforded relief from the automatic stay.

Plaintiff's only argument espousing "cause" can be seen in the following excerpts from the Motion:

> In this case, because the Lawsuit seeks no relief from the Debtor, and the Debtor is neither a party to the Lawsuit or a fiduciary, and the relief sought herein is limited to the availability of the Defendants' insurance coverage, an analysis of all the Sonnax factors must lead to the conclusion that relief from the automatic stay will not impact the Debtor's bankruptcy case in any way.

*See* Motion at 4.

> In this case, Defendants…are not debtors in a bankruptcy proceeding; their homeowners insurance policies and any payment from those insurance companies are not property of the bankruptcy estate, and, arguably, the insurance policies should cover the costs of defending the Lawsuit.

*See* Motion at 4.

However, as further explained below, Plaintiff's logic is flawed and his distinction is without a difference when considering the effect of continuing the Lawsuit on the City and its bankruptcy case.

The Plaintiff ignores the practical consequences of proceeding in the Lawsuit even if, as he claims, only the proceeds of the homeowner policies of the Defendants will be implicated. As noted in another case under Chapter 9, *In re Jefferson County, Alabama*, 491 B.R. 277, 285-287 (Bankr.N.D.Ala.2013) and explained in *Kaiser Grp. Int'l, Inc. v. Kaiser Aluminum & Chemical Corp. (In re Kaiser Aluminum Corp., Inc.)*, 315 B.R. 655, 658-659 (D.Del.2004), who is named in the lawsuit is not controlling. In *Kaiser*, the District Court held:

> KGI contends that its adversary action only names Travelers as a defendant, and therefore it is not a lawsuit against a debtor. The Court disagrees with KGI's position. The protection of the automatic stay extends to any action or proceeding against an interest of the debtor. The scope of this protection is not determined soley by whom a party chose to name in the proceeding, but rather, by who is the party with a real interest in the litigation.

*Id*. at 658.

As mentioned, it would seem clear that in order to reach the homeowner policies (assuming they would cover claims such as the one at issue) the Plaintiff would have to prove that the Defendants committed an actionable tort and are liable for damages. This, of course, is the crux of the claim currently asserted in the Lawsuit. As a practical matter, then, proceeding against the homeowner insurance would be dispositive of the claims against the Defendants and the City. *See In re Jefferson County* at 293-295.

In addition, and perhaps most importantly, the Defendants have asserted a right to indemnification from the City. *See* Moore Declaration. Consequently, since an award against the Defendants could give rise to claims against the City, Plaintiff's Lawsuit is akin to a suit directly against the City.

Plaintiff's claims against the Defendants involve alleged actions of the Defendants, while they were acting under the color of law. They claim a right to be defended by the City and to be indemnified from any judgment pursuant to City Municipal Code Section 13-11-1 and the Master Agreement between the City of

Detroit and the Detroit Police Officers Association. The City has undertaken the defense of the Defendants and the mandated process for determination of a right to indemnification is in process.[1] All costs associated with the Lawsuit will be borne by the City, and the outcome of the Lawsuit would directly implicate the City and its assets. In the absence of the stay the City would be exposed to continued defense costs and indemnification obligations. *See Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Industries, Inc.)*, 963 F.2d 855, 860 (6th Cir. 1992) (*citing A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) (noting that in light of indemnity arrangements, irreparable harm would result in the form of diminished resources available to creditors if claimants were allowed to proceed with actions against nondebtors, therefore an injunction was proper).

Numerous courts have similarly found that proceedings against a non-debtor defendant should be stayed where there is such a close identity between the non-debtor defendant and the debtor that a judgment against the non-debtor defendant would in effect be a judgment against the debtor. *See, e.g., A.H. Robins,* 788 F.2d at 999; *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc.,* 2009 WL 2413664, at *1 (S.D.Ala. Aug. 3, 2009); *Sudbury, Inc.,* 140 B.R. at 464. A stay

---

[1] The City Police Department recommended that the request for indemnification be denied. This recommendation was submitted to the City Council for review. No action has been taken by the Council. If the Council agrees with the recommendation the request will be submitted to binding arbitration pursuant to the Collective Bargaining Agreement. See Moore Declaration.

is appropriate where the claims against the debtor and non-debtor defendant are "inextricably interwoven," such as in the case of an indemnification agreement. *See E. Air Lines, Inc. v. Rolleston* (*In re Ionosphere Clubs, Inc.*), 111 B.R. 423, 434 (Bankr.S.D.N.Y.1990) (internal quotations and citation omitted); *see also Queenie, Ltd.,* 321 F.3d at 287–88; *A.H. Robins,* 788 F.2d at 999; *Gulf-mark Offshore, Inc.,* 2009 WL 2413664, at *1.

In *A.H. Robins*, the Fourth Circuit also explained one possible consequence of not applying the automatic stay in the context of an indemnity relationship:

> Of course, if the indemnitee, who has suffered a judgment for which he is entitled to be absolutely indemnified by the debtor, cannot file and have allowed as an adjudicated claim the actual amount of the judgment he has secured but must submit his claim for allowance in the bankruptcy proceeding with the prospect that his claim may not be allowed in the full amount of the judgment awarded in favor of him, the indemnitee will be unfairly mulcted by inconsistent judgments and his contract of indemnity in effect nullified.

*Id.* at 1000.

Finally, it is not necessary that the potential indemnification liability be determined for the stay to apply. Rather it is enough if, as here, there is a real possibility of an indemnification obligation. *See Robert Plan Corp. v. Liberty Mut. Ins. Co.,* 2010 WL 1193151, at *4 (E.D.N.Y. Mar. 23, 2010) ("given the possibility that the Officers had such an absolute right [of indemnification], the Bankruptcy Court properly protected the estate by staying the contempt case"); *see*

*also In re Fiddler's Creek, LLC,* 2010 WL 6618876, at *5 (Bankr.M.D.Fla. Sept. 15, 2010) (existence of "potential" indemnity and contribution claims was sufficient to apply unusual circumstances exception).

In view of the very real indemnification exposure of the City and its obligation to defend the Defendants, the stay should be continued and the Plaintiff's claim dealt with in the same manner as the many other tort claims pending against the City.

## **CONCLUSION**

For the reasons set forth above, the automatic stay is applicable to the Lawsuit and Plaintiff has failed to establish cause for relief from the automatic stay to allow the Lawsuit to proceed.

WHEREFORE, for the foregoing reasons, the City respectfully requests that this Court: (a) deny the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: October 10, 2013   Respectfully submitted,

>By: /s/Stephen S. LaPlante
>Jonathan S. Green (MI P33140)
>Stephen S. LaPlante (MI P48063)
>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>150 West Jefferson
>Suite 2500
>Detroit, Michigan 48226
>Telephone: (313) 963-6420
>Facsimile: (313) 496-7500
>green@millercanfield.com
>laplante@millercanfield.com
>
>David G. Heiman (OH 0038271)
>Heather Lennox (OH 0059649)
>JONES DAY
>North Point
>901 Lakeside Avenue
>Cleveland, Ohio 44114
>Telephone: (216) 586-3939
>Facsimile: (216) 579-0212
>dgheiman@jonesday.com
>hlennox@jonesday.com
>
>Bruce Bennett (CA 105430)
>JONES DAY
>555 South Flower Street Fiftieth Floor
>Los Angeles, California 90071
>Telephone: (213) 243-2382
>Facsimile: (213) 243-2539
>bbennett@jonesday.com
>
>ATTORNEYS FOR THE CITY OF DETROIT