# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

-------------------------------------------------------x
                                           :

In re                              :          Chapter 9
                                           :

CITY OF DETROIT, MICHIGAN,     :          Case No. 13-53846
                                         :

                      Debtor.       :          Hon. Steven W. Rhodes
                                         :
                                         :
-------------------------------------------------------x

## MOTION OF DEBTOR, PURSUANT TO SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

The City of Detroit ("Detroit" or the "City") hereby moves the Court,

pursuant to sections 105, 501 and 503 of title 11 of the United States Code

(the "Bankruptcy Code"), and Rules 2002 and 3003(c) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order[1]

establishing bar dates for filing proofs of claim and approving the form and manner

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1. A summary identifying each included attachment by exhibit number is appended to this Motion.

of notice thereof.  In support of this Motion, the City respectfully represents as follows:

## **General Background**

1.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      Incorporated in 1806, Detroit is the largest city in Michigan. As of December 2012, the City had a population of less than 685,000 (down from a peak population of nearly 2 million in 1950).  Over the past several decades, the City has experienced significant economic challenges that have negatively impacted employment, business conditions and quality of life.

3.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

4.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "Emergency Manager") under Public Act 436 of

2012, the Local Financial Stability and Choice Act, MCL § 141.1541, *et seq.* ("PA 436").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

## The List of Claims and the Claims Agent

5.　On the Petition Date, the City filed its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 16) (the "Original List of Creditors").

6.　On August 1, 2013, the City filed its Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258) (the "Amended List of Creditors"), which replaced the Original List of Creditors and redacted certain personal information therein.

7.　On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which supplemented and amended the information in the Amended List of Creditors and also constitutes the City's list of claims under section 925 of the Bankruptcy Code (as amended or supplemented from time to time, the "List of Claims").

8.　On July 19, 2013, the City filed the Motion of Debtor for Entry of an Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy

Code and Bankruptcy Rule 2002 (Docket No. 19) (the "<u>Claims Agent Motion</u>"). In light of the complexity of the City's chapter 9 case and the size of its potential creditor pool, the Claims Agent Motion sought the appointment of Kurtzman Carson Consultants, LLC ("<u>KCC</u>") as claims and noticing agent in this case. By an order entered on August 6, 2013 (Docket No. 297), the Court approved of the relief requested in the Claims Agent Motion.

## <u>Jurisdiction</u>

9.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## <u>Relief Requested</u>

10.     The City hereby moves the Court, pursuant to sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for the entry of an order: (a) establishing the general bar date by which the entities specified below must file proofs of claim in this chapter 9 case (the "<u>General Bar Date</u>"); (b) establishing the date by which proofs of claim (including any claims asserting administrative priority) relating to the City's rejection of executory contracts or unexpired leases must be filed (the "<u>Rejection Damages Bar Date</u>"); (c) establishing the date by which entities must file proofs of claim as a result of any further amendment of the List of Claims by the City (the "<u>Amended Claims</u>

List Bar Date"); (d) confirming the date by which governmental units must file proofs of claim in this case (the "Governmental Bar Date" and, collectively with the General Bar Date, the Rejection Damages Bar Date and the Amended Claims List Bar Date, the "Bar Dates"); and (e) approving the form and manner of notice of the Bar Dates.

### Request for an Order (A) Establishing the Bar Dates and Related Claims Procedures and (B) Approving Form and Manner of Notice Thereof

11.   To complete the restructuring process and make distributions to creditors in this case, the City requires, among other things, complete and accurate information regarding the nature, validity and amount of the claims[2] that will be asserted against the City.  Consequently, to avoid any delay in the restructuring process, the City requests that the Court (a) establish the Bar Dates and related claims procedures proposed herein and (b) approve the form and manner of notice thereof.

**A.**   ***Establishment of the Bar Dates***

12.   The General Bar Date.  Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed in a case under chapter 9 or chapter 11 of the Bankruptcy Code.  Fed. R. Bankr. P. 3003(c)(3)

---

[2]   The term "claim," as used herein, has the meaning given to it in section 101(5) of the Bankruptcy Code.

("The court shall fix . . . the time within which proofs of claim . . . may be filed.").[3] The City proposes that it will serve a notice of the Bar Dates and a proof of claim form by the date (the "Service Date") that is no later than five business days after the entry of an order approving this Motion and establishing the Bar Dates (the "Bar Date Order").  Assuming that the Bar Date Order is entered by November 13, 2013 (the date of one of the omnibus hearing dates in this case), the Service Date would occur no later than November 20, 2013.  The City requests that the Court establish January 21, 2014, at 5:00 p.m., Eastern Time, as the General Bar Date.[4]  This will provide no fewer than 60 days after the anticipated Service Date for creditors to file proofs of claim in this case.

13.    The General Bar Date is the date by which all entities[5] holding claims that arose, or are deemed to have arisen, prior to the Petition Date ("Prepetition Claims") must file proofs of claim unless they fall within one of the exceptions described below.  The General Bar Date would apply to all types of

---

[3]    Bankruptcy Rule 3003(a) states that this "rule applies in chapter 9 and 11 cases."  Section 501(a) of the Bankruptcy Code provides, generally, that "[a] creditor or an indenture trustee may file a proof of claim."  11 U.S.C. § 501(a).

[4]    If this Court schedules a hearing on this Motion in advance of the November 13, 2013 omnibus hearing, an earlier date could be set as the General Bar Date while still providing at least 60 days' notice to creditors.

[5]    As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

Prepetition Claims against the City, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the City proposes that the General Bar Date would apply to claims asserting priority under section 503(b)(9) of the Bankruptcy Code (any such claim, a "503(b)(9) Claim"). To that end, the City further proposes that the filing of a proof of claim form be deemed to satisfy the procedural requirements for the assertion of 503(b)(9) Claims (which, despite their priority status, are prepetition claims). All administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) Claims and the administrative portions of Rejection Damages Claims, will not be deemed proper if asserted by proof of claim.[6] The City intends to establish a process for the assertion of other administrative expense claims at a future date if and to the extent necessary.

      14. <u>The Rejection Damages Bar Date</u>. The City anticipates that certain entities may assert claims arising from or relating to the rejection of executory contracts or unexpired leases, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such rejected agreements, including:

---

[6]    Section 503 of the Bankruptcy Code, which deems certain claims to be administrative expenses, and section 507(a)(2), which grants priority status to administrative expenses, are made applicable in a chapter 9 case by section 901 of the Bankruptcy Code. 11 U.S.C. § 901. The City specifically reserves the right to dispute or object to, or assert counterclaims, offsets, recoupments or defenses against, any 503(b)(9) Claim or other claim asserting administrative priority status on any grounds.

(a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date;[7] and

(b) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims").  The City seeks to establish the Rejection Damages Bar Date as the deadline for entities to file any Rejection Damages Claims with respect to executory contracts or unexpired leases rejected pursuant to a Court order entered prior to the confirmation and effectiveness of the City's chapter 9 plan (a "Rejection Order").

15.     In particular, the City proposes that the Rejection Damages Bar Date will be the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the applicable Rejection Order.  Any Rejection Order entered by the Court will include a provision describing, and providing further notice of, the Rejection Damages Bar Date.

16.     For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date. The City proposes that the filing of a proof of claim form, along with a detailed

---

[7]     Claims arising from rejection of an executory contract or unexpired lease are treated "the same as if such claim had arisen before the date of the filing of the petition."  11 U.S.C. § 365(g)(1).

statement describing the nature and basis of any portion of a Rejection Damages Claim asserting administrative priority pursuant to section 503(b) of the Bankruptcy Code, be deemed to satisfy the procedural requirements for the assertion of such claim.

17.     <u>The Amended Claims List Bar Date</u>.  The City reserves the right to:  (a) dispute, or assert offsets or defenses against, (i) any filed claim (any such claim, a "<u>Filed Claim</u>") or (ii) any claim listed or reflected in the List of Claims (any such claim, a "<u>Scheduled Claim</u>") as to nature, amount, liability, classification or otherwise; (b) subsequently designate any Scheduled Claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims.  If the City amends or supplements its List of Claims after the Service Date, the City proposes that it will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Claims List Bar Date to file proofs of claim in response to the amendment or supplement to the List of Claims.

18.     In particular, if the City amends or supplements its List of Claims to:  (a) reduce the undisputed, noncontingent and liquidated amount of a Scheduled Claim; (b) change the nature or classification of a Scheduled Claim in a manner adverse to the listed creditor; or (c) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the

Bar Dates (in each case, a "Modified Claim"), the affected claimant will be permitted to file any proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim by the Amended Claims List Bar Date. By contrast, if the amendment to the List of Claims improves the amount or treatment of a previously listed or filed claim, claimants that previously were served with a notice of the Bar Dates are not permitted to file additional claims by the Amended Claims List Bar Date. An entity that previously filed a proof of claim will not be required to re-file its claim as a result of an amendment to the List of Creditors.

19. The City requests that the Amended Claims List Bar Date be established as the later of: (a) the General Bar Date; and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment or supplement to the List of Claims (an "Amendment Notice") is served on the claimant. Any Amendment Notice shall identify the Amended Claims List Bar Date.

20. Notwithstanding the foregoing, nothing contained herein shall preclude the City from objecting to any Filed Claim or Scheduled Claim on any grounds.

21. The Governmental Bar Date. Bankruptcy Rule 3002(c)(1) provides that "[a] proof of claim filed by a governmental unit . . . is timely filed if

it is filed not later than 180 days after the date of the order for relief." Fed. R. Bankr. P. 3002(c)(1). No order for relief has yet been entered in the City's chapter 9 case.[8] Nevertheless, the City requests that the Court's order granting the relief requested herein confirm that the Governmental Bar Date is established as the later of (a) 5:00 p.m., Eastern Time, on the first business day that is at least 180 days after this Court's entry of an order for relief in the City's chapter 9 case; and (b) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit.[9]

## B. *Entities That Must File Proofs of Claim by the General Bar Date*

22. The City proposes that, subject to the provisions of paragraphs 14 through 21 of this Motion for holders of claims subject to the Rejection Damages Bar Date, the Amended Claims List Bar Date and the Governmental Bar Date and the exceptions described in paragraph 23 below, the following entities must file proofs of claim on or before the General Bar Date:

(a)     Any entity: (i) whose Prepetition Claim against the City is not listed in the List of Claims or is listed as disputed, contingent or

---

[8]     Proceedings to establish the City's eligibility to be a chapter 9 debtor pursuant to section 109(c) of the Bankruptcy Code are ongoing at this time. If the City prevails in establishing eligibility, the Court will enter an order for relief consistent with section 921(d) of the Bankruptcy Code.

[9]     The City intends to provide all known creditors that are governmental units with prompt notice of this Court's entry of an order for relief and the resulting Governmental Bar Date.

unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment; and

(b)     Any entity that believes that its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the List of Claims.

## C.     *Entities Not Required to File Proofs of Claim by the General Bar Date*

23.     The City proposes that entities holding the following claims (which claims otherwise would be subject to the General Bar Date) need not file proofs of claim on account of such claims:

(a)     Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, a "Healthcare UAAL Claim").  The City submits that the liquidation of Healthcare UAAL Claims is not practicable or meaningful on a creditor-by-creditor basis and, therefore, no purpose would be served by requiring employees and retirees to attempt to quantify their Healthcare UAAL Claims through the submission of proofs of claim.

(b)     Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System (together, the "Retirement Systems"), for unfunded pension liabilities (any such claim, a "Pension Liability Claim"). In each case, the applicable Retirement System is the creditor of, and proper party to assert Pension Liability Claims against, the City.

(c)     Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds set forth on Exhibit 6.1 attached hereto (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs").  In each case, the trustee or similar entity (the "Trustee") has informed the City that, consistent with Bankruptcy Rule 3003(c)(5), it intends to:  (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d)     Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures,[10] provided,

---

[10]    The City has been processing income tax refunds in the ordinary course and intends to continue to do so.  In accordance with the authority granted the

however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(e)     Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of the Bankruptcy Court for the Eastern District of Michigan, or with KCC, in a form substantially similar to Official Bankruptcy Form No. 10;

(f)     Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(g)     Any claim that previously has been allowed by order of the Court;

(h)     Any claim that has been paid in full by the City; and

(i)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any

_____

(continued)
City by this Court's order dated September 25, 2013 (Docket No. 1021), the City intends to file under seal an amended Schedule O to the List of Claims identifying the City's known income tax refund creditors.

503(b)(9) Claim or any portion of a Rejection Damages Claim asserting

administrative priority under section 503(b) of the Bankruptcy Code).

24.     For the avoidance of doubt, the following entities should file

proofs of claim to the extent the filing of such claim is not otherwise made

unnecessary by the terms of the foregoing paragraph 23:  (a) employees and

retirees asserting Prepetition Claims other than Healthcare UAAL Claims and

Pension Liability Claims and (b) holders of bonds other than the Secured Bonds

(collectively, the "Unsecured GO Bonds") asserting Prepetition Claims in

connection with such bonds.[11]

**D.      _Liquidation of Tort Claims_**

25.     Consistent with the Court's order of October 8, 2013 (Docket

No. 1114), the City intends to file a motion by November 12, 2013 for approval of

an efficient process for liquidating prepetition tort claims asserted against the City.

The City anticipates that this process:  (a) may involve the use of alternative

dispute resolution practices, including mediation or consensual arbitration; and

(b) would be implemented once the tort claims have been asserted through the

proof of claim process.

---

[11]     The City intends to provide notice to beneficial holders of the Unsecured
GO Bonds, as set forth in paragraph 29 below.

E.     ___Effect of Failure to File Proofs of Claim___

26.     The City proposes that, pursuant to section 105(a) of the
Bankruptcy Code and Bankruptcy Rule 3003(c)(2),[12] any entity that is required to
file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy
Rules or the Bar Date Order with respect to a particular claim against the City, but
that fails properly to do so by the applicable Bar Date, should be forever barred,
estopped and enjoined from:  (a) asserting any claim against the City or property of
the City that (i) is in an amount that exceeds the amount, if any, that is identified in
the List of Claims on behalf of such entity as undisputed, noncontingent and
liquidated or (ii) is of a different nature or a different classification than any
Scheduled Claim identified in the List of Claims on behalf of such entity (any such
claim under this subparagraph (a) being referred to herein as an "Unscheduled
Claim"); (b) voting upon any plan of adjustment in this chapter 9 case or receiving
distributions under any plan of adjustment in this chapter 9 case in respect of an
Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim and any

---

[12]     Bankruptcy Rule 3003(c)(2) provides that:

> [a]ny creditor . . . whose claim . . . is not scheduled or scheduled as
> disputed, contingent, or unliquidated shall file a proof of claim . . .
> within the time prescribed by subdivision (c)(3) of this rule; any
> creditor who fails to do so shall not be treated as a creditor with
> respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3002(c)(2).

administrative priority component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

**F.** *__Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim__*

27.     The City proposes to serve on all known entities potentially holding claims that are subject to the Bar Dates:  (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as Exhibit 6.2 and incorporated herein by reference (the "Bar Date Notice"); and (b) a proof of claim form substantially in the form attached hereto as Exhibit 6.3 and incorporated herein by reference (the "Proof of Claim Form" and, collectively with the Bar Date Notice, the "Bar Date Notice Package").[13]

28.     The Bar Date Notice states, among other things, that proofs of claim must be filed on or before the applicable Bar Date and provides instructions for the filing of claims.  As soon as practicable, but in any event no later than five business days following this Court's entry of the Bar Date Order, the City intends

---

[13]     The Proof of Claim Form is derived from Official Bankruptcy Form No. 10, but has been modified, and may be further modified in certain limited respects, to (a) remove certain categories of claim that are inapplicable in chapter 9 and (b) accommodate the claims process in this case.  For example, the City has eliminated the check boxes providing for the assertion of priority claims under subsections (a)(1)(A), (a)(1)(B), (a)(4), (a)(5), (a)(7) and (a)(8) of section 507 of the Bankruptcy Code because the foregoing subsections are not applicable in a chapter 9 case pursuant to section 901(a) of the Bankruptcy Code.

to mail the Bar Date Notice Package by first class United States mail, postage

prepaid (or equivalent service), to:

(a)    all known potential claimants (or their counsel, if known), including all entities identified as potential claim holders in the List of Claims;

(b)    the Trustees;

(c)    counsel to the Official Committee of Retirees appointed in this case;

(d)    all parties that have requested notice of the proceedings in this case as of the date of the Bar Date Order;

(e)    all parties that have filed proofs of claim in this case as of the date of the Bar Date Order;

(f)    all parties to executory contracts and unexpired leases with the City, including all parties to executory contracts and unexpired leases rejected by a Rejection Order, if any, as of the date of the Bar Date Order;

(g)    all parties to pending litigation with the City;

(h)    the United States Attorney for this District; and

(i)    all federal and state environmental protection agencies for this jurisdiction.

29.    The City also intends to serve the Bar Date Notice Package on

the beneficial holders of the Unsecured GO Bonds. Many such beneficial holders

are not known to the City because the Unsecured GO Bonds are held in the name

of CEDE & Company on behalf of institutional brokers and other customers

(collectively, the "Institutional Nominees") of the Depository Trust and Clearing

Corporation ("DTC"). The Institutional Nominees, in turn, hold the Unsecured GO

Bonds, among other bonds, in "street name" on behalf of the beneficial holders. To ensure that the best notice practicable under the circumstances is provided to the beneficial holders of the Unsecured GO Bonds, the City intends to request from DTC a listing of the Institutional Nominees (the "Institutional Nominee List"), as of a record date that is no more than 30 days prior to the anticipated Service Date. Upon receipt of the Institutional Nominee List from DTC, KCC will cause the Bar Date Notice Package to be served on the Institutional Nominees with instructions for the Institutional Nominees to forward the Bar Date Notice Package to the beneficial holders of the Unsecured GO Bonds. In this regard, the City requests that the Court confirm that, where beneficial holders of Unsecured GO Bonds have agreed to accept service of notices relating to the Unsecured GO Bonds by electronic mail, service of the Bar Date Notice Package on the beneficial holders of the Unsecured GO Bonds by electronic mail will constitute adequate notice of the Bar Dates.[14]

30. The timing of the General Bar Date on January 21, 2014 will ensure that potential claimants known to the City as of the Service Date will receive no fewer than 60 days' notice by mail of the General Bar Date, assuming

---

[14] The City and KCC anticipate that final service of the Bar Date Notice Package on the holders of the Unsecured GO Bonds will be completed, whether by electronic mail or regular mail, by Broadridge Financial Solutions, Inc., a company that specializes in providing various forms of investor communications.

that the Bar Date Order is entered on or about the date of the omnibus hearing set for November 13, 2013. This substantially exceeds the minimum 21-day notice period provided by Bankruptcy Rule 2002(a)(7)[15] and the minimum 30-day notice period for foreign creditors provided by Bankruptcy Rule 2002(p).

31. Except with respect to holders of Unsecured GO Bonds, for holders of Scheduled Claims, the Proof of Claim Form mailed to such entities will indicate: (a) the amount of the Scheduled Claim, if any; (b) whether the Scheduled Claim is listed as disputed, contingent or unliquidated; and (c) whether the Scheduled Claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim.

32. The City proposes that claimants be required to submit proofs of claim on the Proof of Claim Form or on such other form that conforms substantially to Official Bankruptcy Form No. 10. For any claim to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required hereunder or by Bankruptcy Rules 3001(c) and 3001(d),[16] must be delivered to the City's claims processing center maintained

---

[15]  Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of … the time fixed for filing proofs of claims pursuant to [Bankruptcy] Rule 3003(c) …." Fed. R. Bankr. P. 2002(a)(7).

[16]  Bankruptcy Rule 3001(c) requires as follows:

by KCC (the "Claims Processing Center") at City of Detroit Claims Processing
Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo,
CA 90245 so as to be received no later than the applicable Bar Date.[17]  The City
proposes that claimants be permitted to submit proofs of claim in person or by
courier service, hand delivery or mail.  *Proofs of claim submitted by facsimile or
electronic mail will not be accepted*.  In addition, proofs of claim must (a) be
written in the English language and (b) be denominated in United States currency.
Proofs of claim will be deemed filed when actually received by KCC  at the Claims
Processing Center by one of the approved methods of delivery.

---

(continued)

> When a claim, or an interest in property of the debtor securing
> the claim, is based on a writing, the original or a duplicate shall
> be filed with the proof of claim.  If the writing has been lost or
> destroyed, a statement of the circumstances of the loss or
> destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c).  Bankruptcy Rule 3001(d) requires that "[i]f a
security interest in property of the debtor is claimed, the proof of claim shall
be accompanied by evidence that the security interest has been perfected."
Fed. R. Bankr. P. 3001(d).

The City proposes that, if the documents supporting a claimant's proof of
claim are voluminous, the claimant may file a summary of such documents
with its proof of claim; provided, however, that any claimant that files a
summary of supporting documents in lieu of the documentation required by
Bankruptcy Rule 3001 will be required to transmit the documents in support
of its claim to (a) KCC and (b) the City within ten days after the date of a
written request by the City for such documents.

[17]  Consistent with the terms of the retention of KCC as claims and noticing
agent, creditors will be directed to file claims directly with KCC rather than
the Clerk of this Court.

33.     The City submits that the proposed General Bar Date, which is no fewer than 60 days after the expected Service Date, will provide potential claimants with ample time after the mailing of the Bar Date Notice within which to review their own books and records and prepare and file proofs of claim, if necessary.  In addition, for Rejection Orders entered after the date that the Bar Date Order is entered, the City will include a description of the Rejection Damages Bar Date in the text of the Rejection Order.

**G.     _Publication of Bar Date Notice_**

34.     In light of the size of the City and its creditor pool, it is anticipated that there may be parties with potential claims against the City that the City was unable to identify in its List of Claims.  Asserted claims by such unknown potential claimants may include, for example:  (a) claims of trade vendors that failed to submit invoices to the City; (b) claims of certain former employees for whom the City may no longer possess current address information; (c) claims of entities with potential unasserted causes of action against the City; and (d) other claims that, for various other reasons, are not recorded in the City's books and records.  Accordingly, the City believes that (a) it is necessary to provide notice of the Bar Dates to entities whose names and addresses are unknown to the City and (b) it is advisable to provide supplemental notice to known holders of potential claims.  Therefore, pursuant to Bankruptcy

-22-

Rule 2002(l),[18] the City requests authority to publish the Bar Date Notice, modified to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense once in *The Detroit Free Press* and the national editions of *USA Today* and *The Wall Street Journal* at least 28 days prior to the General Bar Date.  The City also:  (a) intends to post the Bar Date Notice on (i) the City's restructuring website maintained by KCC at www.kccllc.net/detroit and (ii) the website maintained by the Emergency Manager's office at http://www.detroitmi.gov/EmergencyManager.aspx; and (b) reserves the right to publish the Bar Date Notice in other national or regional newspapers, trade journals or similar publications, as the City may deem necessary or appropriate in its sole discretion.

## Reservation of Rights

35.    The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property

---

[18]    Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

-22-

or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

36.     Notice of this Motion has been given to all entities that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (or their counsel if known).  In addition, a copy of the Motion was served on the Office of the United States Trustee.  The City submits that no other or further notice need be provided.

## Statement of Concurrence

37.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied."  Local Rule 9014-1(g).  Given the number of parties and potential parties involved in this case and the lack of known opposing parties who would be adversely impacted by the relief requested herein, it would be impracticable (and, with regard to unknown parties, impossible) for the City to affirmatively seek the concurrence of each opposing counsel interested in the relief sought herein.  Accordingly, the City submits that imposing the requirements of Local Rule 9014-1(g) in this matter would be "unduly burdensome" and requests that its requirements be waived.

## Request for Hearing

38.     The City requests that the Court schedule a hearing on this Motion for the omnibus hearing scheduled for November 13, 2013, at 10:00 a.m., Eastern Time, or sooner at such date and time as the Court's schedule permits.

## Statement Regarding Evidentiary Nature of Hearing

39.     The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

## No Prior Request

40.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that the Court:  (a) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief requested herein; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  October 10, 2013                Respectfully submitted,


  /s/ Heather Lennox                 
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None [No Affidavits Filed Specific to This Motion] |
| Exhibit 6.1 | Schedule of Secured Bonds |
| Exhibit 6.2 | Proposed Form of Bar Date Notice |
| Exhibit 6.3 | Proposed Proof of Claim Form |

# **EXHIBIT 1**

## **(Form of Proposed Order)**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-----------------------------------------------------x
:
In re                                               : Chapter 9
:
CITY OF DETROIT, MICHIGAN,                          : Case No. 13-53846
:
                                    Debtor.         : Hon. Steven W. Rhodes
:
:
-----------------------------------------------------x

## ORDER, PURSUANT TO SECTIONS 105, 501 AND 503
## OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002
## AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF
## <u>CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF</u>

This matter coming before the Court on the Motion of Debtor,

Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy

Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing

Proofs of Claim and Approving Form and Manner of Notice Thereof

(the "<u>Motion</u>"),[1] filed by the City of Detroit (the "<u>City</u>"); the Court having

reviewed the Motion and having considered the statements of counsel and the

evidence adduced with respect to the Motion at a hearing before the Court

(the "<u>Hearing</u>"); the Court finding that:  (a) the Court has jurisdiction over this

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion and the Hearing was

sufficient under the circumstances; and the Court having determined that the legal

and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      As used herein, (a) the term "claim" has the meaning given to

such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the

meaning given to such term in section 101(15) of the Bankruptcy Code and (c) the

term "governmental unit" has the meaning given to such term in section 101(27) of

the Bankruptcy Code.

3.      The form of Bar Date Notice Package, and the manner of

providing notice of the Bar Dates proposed in the Motion, are approved in all

respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l).  The form and

manner of notice of the Bar Dates approved herein are deemed to fulfill the notice

requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the

Debtors are authorized to serve the Bar Date Notice Package in the manner

described in paragraphs 16 through 18 below.

4.      Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert claims against the City that arose (or are deemed to have arisen) prior to July 18, 2013 (any such claim, a "Prepetition Claim") must file a proof of claim in writing in accordance with the procedures described herein by 5:00 p.m., Eastern Time, on January 21, 2014 (the "General Bar Date").

5.      The General Bar Date applies to all types of Prepetition Claims, including secured claims, unsecured priority claims and unsecured nonpriority claims.  For the avoidance of doubt, the General Bar Date shall apply to claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims").  The filing of a proof of claim form shall satisfy the procedural requirements for the assertion of 503(b)(9) Claims.  All administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) Claims and the administrative portions of Rejection Damages Claims (as defined below), shall not be deemed proper if asserted by proof of claim.

6.      Subject to the provisions of paragraphs 10 through 14 of this Order with respect to holders of claims subject to the Rejection Damages Bar Date, the Amended Claims List Bar Date and the Governmental Bar Date, and the exceptions described in paragraph 8 below, the following entities must file a proof of claim on or before the General Bar Date:

(a)     Any entity:  (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment; and

(b)     Any entity that believes that its prepetition claim is improperly classified in the List of Claims or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the List of Claims.

7.     The following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must be on the Proof of Claim Form attached hereto as Exhibit 1 or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b)     Proofs of claim must be filed by mailing the original proof of claim or delivering the original proof of claim by hand or overnight courier to City of Detroit Claims Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.  Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed;

(c)     Proofs of claim will be deemed timely filed only if actually received by the City's claims agent, Kurtzman Carson Consultants LLC ("KCC"), at the address set forth in the foregoing subparagraph on or before the applicable Bar Date.  If a creditor wishes to receive acknowledgement of KCC's receipt of a proof of claim, the creditor also must submit to KCC by the applicable Bar Date and concurrently with submitting its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope; and

(d)     Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available; (iii) be written in the English language; and

-4-

(iv) be denominated in United States currency. Any claimant that provides a summary in lieu of the documentation required by Bankruptcy Rule 3001 shall transmit the documents in support of its claim to KCC and the City within ten days after the date of any written request by the City for such documents.

8. Entities holding the following claims (which claims otherwise would be subject to the General Bar Date) shall <u>not</u> be required to file proofs of claim in this chapter 9 case on account of such claims:

(a) Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, a "<u>Healthcare UAAL Claim</u>").

(b) Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for unfunded pension liabilities (any such claim, a "<u>Pension Liability Claim</u>"). Any Pension Liability Claim is the responsibility of the applicable Retirement System.

(c) Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the Secured Bonds or (ii) the COPs.

(d) Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, <u>provided</u>, <u>however</u>, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(e) Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court or KCC in a form substantially similar to Official Bankruptcy Form No. 10;

(f) Any claim that is listed on the List of Claims if (i) the claim is <u>not</u> listed as "disputed," "contingent" or "unliquidated;" <u>and</u> (ii) such

-5-

entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(g) Any claim that previously has been allowed by order of the Court;

(h) Any claim that has been paid in full by the City; and

(i) Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any 503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

9. For the avoidance of doubt, the following entities should file proofs of claim to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing paragraph 8: (a) employees and retirees asserting Prepetition Claims *other than* Healthcare UAAL Claims and Pension Liability Claims and (b) holders of Unsecured GO Bonds asserting claims in connection with such bonds.

10. Any entities asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of this Court entered prior to the confirmation of the City's chapter 9 plan (a "Rejection Order"), or claims otherwise related to such rejected agreements, including (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date and (b) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages

Claims") are required to file proofs of claim by the later of (a) the General Bar

Date and (b) 5:00 p.m., Eastern Time, on the first business day that is at least

30 days after the entry of the applicable Rejection Order (the "Rejection Damages

Bar Date").  For the avoidance of doubt, all prepetition and postpetition claims of

any kind or nature relating to executory contacts or unexpired leases rejected by a

Rejection Order must be filed by the Rejection Damages Bar Date.  Rejection

Orders entered after the date of entry of this Order shall include a description of the

Rejection Damages Bar Date in the text of the Rejection Order.

          11.     Each entity asserting a Rejection Damages Claim with an

administrative claim component must file, along with its proof of claim, a detailed

statement describing the nature and basis of the portion of the Rejection Damages

Claim asserting an administrative priority under section 503(b) of the Bankruptcy

Code (the "Administrative Claim Supplement").  The filing of a proof of claim

form, along with an attached Administrative Claim Supplement, if applicable, shall

satisfy the procedural requirements for the assertion of a Rejection Damages Claim

(including any administrative claim included therein).

          12.     The City shall retain the right to:  (a) dispute, or assert offsets

or defenses against, any Filed Claim or any Scheduled Claim as to nature, amount,

liability, classification or otherwise; (b) subsequently designate any Scheduled

Claim as disputed, contingent or unliquidated; and (c) otherwise amend or

-7-

supplement the List of Claims. If the City amends or supplements the List of Claims after the Service Date, the City shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the applicable Amended Claims List Bar Date to file proofs of claim in response to the amendment or supplement to the List of Claims.

13.     In particular, if the City amends or supplements its List of Claims to: (a) reduce the undisputed, noncontingent and liquidated amount of a claim; (b) change the nature or classification of a Scheduled Claim in a manner adverse to the listed creditor; or (c) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (a) the General Bar Date; and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date"). By contrast, if the amendment to the List of Claims improves the amount or treatment of a previously listed or filed claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date. Notwithstanding the foregoing, nothing

contained herein shall preclude the City from objecting to any claim, whether listed or filed, on any grounds.

14.     Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units shall file proofs of claim in this case shall be the later of: (a) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (b) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit.

15.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any plan of adjustment in this chapter 9 case in respect of an Unscheduled Claim; or (c) with respect to

any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

16.     As soon as practicable, but in any event no later than five business days after the entry of this Order, the City, through KCC or otherwise, shall serve the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), on:

(a)     all known potential claimants (or their counsel, if known), including all entities identified as potential claim holders in the List of Claims;

(b)     the Trustees;

(c)     counsel to the Official Committee of Retirees appointed in this case;

(d)     all parties that have requested notice of the proceedings in this case as of the date of this Order;

(e)     all parties that have filed proofs of claim in this case as of the date of this Order;

(f)     all known parties to executory contracts and unexpired leases with the City, including all parties to executory contracts and unexpired leases rejected by a Rejection Order, if any, as of the date of this Order;

(g)     all known parties to pending litigation with the City;

(h)     the United States Attorney for this District; and

(i)     all federal and state environmental protection agencies for this jurisdiction.

17.     The City also shall serve the Bar Date Notice on the holders of the Unsecured GO Bonds.  If DTC has not already provided the Institutional Nominee List to the City as of the date of this Order, DTC is directed to provide the City with the Institutional Nominee List within three business days of this date. Service of the Bar Date Notice by electronic mail on those holders of the Unsecured GO Bonds that previously consented in writing to receive notices regarding the Unsecured GO Bonds by electronic mail shall constitute adequate notice of the Bar Dates on such holders.

18.     As part of the Bar Date Package, the City shall mail one or more Proof of Claim Forms (as appropriate), substantially in the form attached hereto as <u>Exhibit 2</u>, to the parties receiving the Bar Date Notice.  Except with respect to holders of Unsecured GO Bonds, for holders of Scheduled Claims listed in the List of Claims, the Proof of Claim Form mailed to such entities shall indicate how the City has listed the creditor's claim in the List of Claims, including:  (a) the amount of the claim, if any; (b) whether the claim is listed as disputed, contingent or unliquidated; and (c) whether the claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim.

19.     Pursuant to Bankruptcy Rule 2002(f), the City shall publish the Bar Date Notice, once, in the *Detroit Free Press*, *The Detroit News* and national editions of *USA Today* and *The Wall Street Journal* at least 28 days prior to the

CLI-2140771

General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates. The City is authorized to modify the Bar Date Notice to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense.

20.    The City and KCC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

21.    The entry of this Order is without prejudice to the right of the City to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

22.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order.

# EXHIBIT 1

## (Form of Bar Date Notice)

[<u>See</u> Exhibit 6.2 to the Motion]

# EXHIBIT 2

## (Proof of Claim Form)

[See Exhibit 6.3 to the Motion]

# **EXHIBIT 2**

## **(Notice)**

Form B20A(Official Form 20A)
12/1/10

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
           Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

## NOTICE OF MOTION OF DEBTOR, PURSUANT TO
## SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY
## RULES 2002 AND 3003(c), FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES
## <u>FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF</u>

The City of Detroit, Michigan (the "<u>City</u>") has filed papers with the Court seeking entry of an order, pursuant to sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), establishing bar dates for filing proofs of claim in the City's chapter 9 bankruptcy case, and approving the form and manner of notice thereof.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by October 24, 2013**, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

### United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

---

[1]     Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071

Jonathan S. Green
Stephen S. LaPlante
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226

2.        If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.  The City has requested that the Court schedule a hearing date with respect to the motion of **November 13, 2013** at 10:00 a.m., Eastern Time, or sooner if the Court's schedule permits.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:     October 10, 2013                    Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# EXHIBIT 4

**(Certificate of Service)**

## <u>CERTIFICATE OF SERVICE</u>

I, Heather Lennox, hereby certify that the foregoing Motion of Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof was filed and served via the Court's electronic case filing and noticing system on this 10th day of October, 2013.

/s/ Heather Lennox

# **EXHIBIT 6.1**

## **(Schedule of Secured Bonds)**

## SCHEDULE OF SECURED BONDS

With respect to the following series of bonds (collectively, the "Secured Bonds"), the applicable trustee or similar entity has informed the City that it will (i) file any proofs of claim on behalf of the holders of the Secured Bonds; and (ii) provide notice to the holders of the Secured Bonds.

| Description | Trustee or Similar Entity |
|---|---|
| Sewage Disposal System Revenue Bond Series 1998-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1998-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1999-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(1) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(2) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-E | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2012-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1993 | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1997-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-A | U.S. Bank N.A. |

| Description | Trustee or Similar Entity |
| --- | --- |
| Water Supply System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-C | U.S. Bank N.A. |
| Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010-A | U.S. Bank N.A. |
| Distributable State Aid General Obligation Limited Tax Bonds Series 2010 | U.S. Bank N.A. |
| Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2) | U.S. Bank N.A. |
| Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A | The Bank of New York Mellon Trust Company, N.A. |

# **EXHIBIT 6.2**

## **(Proposed Form of Bar Date Notice)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-------------------------------------------------------x
                                                       :
In re                                                  :        Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                              :        Case No. 13-53846
                                                       :
                               Debtor.                 :        Hon. Steven W. Rhodes
                                                       :
                                                       :
-------------------------------------------------------x
```

<div style="border: 1px solid black;">

### SUMMARY OF NOTICE

- This document explains how to file a claim against the City of Detroit, Michigan (the "City") in its bankruptcy case.

- The deadline for most claimants to file a claim against the City is **January 21, 2014 at 5:00 p.m., Eastern Time**.

- If you are required to file a claim against the City and do not do so, you will not be entitled to vote on, or share in any distributions under, the City's chapter 9 plan.

- **Not everyone is required to file a claim.** As described in greater detail below, the following claimants, among others, do **not** need to file a claim:

  - Retirees and employees whose claims are only for future healthcare or pension benefits.

  - Parties with routine income tax refund claims, which will be processed by the City in the ordinary course.

  - The holders of secured bonds (as described below) on whose behalf claims will be filed by the trustee of the applicable series of bonds.

  - Claimants asserting expenses of administration under section 503(b) of the Bankruptcy Code other than (a) claims under section 503(b)(9) of the Bankruptcy Code and (b) certain Rejection Damages Claims, as defined below.

- **You should read this document carefully.** After reading this document, if you have any questions regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline during normal business hours at (877) 298-6236, which is staffed by the City's claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC"). Please note that KCC is not permitted to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should consult an attorney.

</div>

[Note: This Summary of Notice is for the service version, not the publication version, of this Notice.]

## NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

### (GENERAL BAR DATE IS JANUARY 21, 2014
### AT 5:00 P.M., EASTERN TIME)

**TO ALL PERSONS AND ENTITIES**
**WITH CLAIMS AGAINST THE CITY OF DETROIT, MICHIGAN:**

On **[_____]**, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (Docket No. **[____]**) (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 9 bankruptcy case of the City.

By the Bar Date Order, the Court established **January 21, 2014 at 5:00 p.m., Eastern Time** (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the City's case. As described below, certain claimants are not required to file proofs of claim with respect to their claims, and the Bar Date Order also establishes different bar dates with respect to certain categories of claims. ***To determine if you need to file a proof of claim in this case and the applicable deadline and instructions for filing a proof of claim, please read this Notice carefully.***

### *List of Claims*

On the Filing Date (as defined below), the City filed its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 16) (the "Original List of Creditors"). On August 1, 2013, the City filed its Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258) (the "Amended List of Creditors"), which replaced the Original List of Creditors and redacted certain personal information therein.

On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which supplemented and amended the information in the Amended List of Creditors and also constitutes the City's list of claims under section 925 of the Bankruptcy Code (as amended or supplemented from time to time, the "List of Claims"). Any claim identified on the List of Claims is referred to herein as a "Scheduled Claim."

### *Proof of Claim Form*

For your convenience, enclosed with this Notice is a proof of claim form (the "Claim Form"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the City's List of Claims. A blank copy of the Claim Form also is available on the City's restructuring website at www.kccllc.net/detroit. **[Note: This paragraph is for the service version, not the publication version, of this Notice.]**

For the convenience of potential claimants, a proof of claim form prepared for use in the City's chapter 9 case (the "Claim Form") is available on the City's restructuring website at www.kccllc.net/detroit. **[Note: This paragraph is for the publication version of this Notice.]**

### *Certain Definitions*

As used in this Notice the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code") and includes, among other things, individuals, partnerships, corporations, joint ventures and trusts.

As used in this Notice, the term "claim" means, as to or against the City and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 1. THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in this case (collectively, the "Bar Dates"):

(a) The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the City that arose (or are deemed to have arisen) prior to the commencement of this case are required to file proofs of claim by the General Bar Date (i.e., by January 21, 2014 at 5:00 p.m., Eastern Time).  This case was commenced on July 18, 2013 (the "Filing Date").  The General Bar Date applies to all types of claims against the City that arose prior to the Filing Date, including secured claims, unsecured priority claims and unsecured nonpriority claims.  For the avoidance of doubt, the General Bar Date applies to all claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code, subject to Section 3 below.

(b) The Rejection Damages Bar Date.  Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation and effectiveness of a plan of adjustment in the City's chapter 9 case (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements, including (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Filing Date and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the relevant Rejection Order.  The later of these dates is referred to in this Notice as the "Rejection Damages Bar Date." *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date.* In accordance with the Bar Date Order, any Rejection Order entered by the Bankruptcy Court will specify the Rejection Damages Bar Date applicable to any executory contracts or unexpired leases rejected thereunder.

(c) The Amended Claims List Bar Date.  Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, the City amends or supplements its List of Claims to:  (i) reduce the undisputed, noncontingent and liquidated amount of a claim; (ii) change the nature or classification of a Scheduled Claim in a manner adverse to the listed creditor; or (iii) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (i) the General Bar Date; and (ii) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date").  The City will provide notice of any Amended Claims List Bar Date to affected claimants.  Affected claimants that previously filed a proof of claim (any such claim, a "Filed Claim") with respect the liabilities giving rise to any Modified Claim need not refile their proof of claim because the Filed Claim is deemed to supersede and replace the original Scheduled Claim and the Modified Claim.  In addition, if the City's amendment to the List of Claims improves the amount or treatment of a Scheduled Claim or a Filed Claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date.  Notwithstanding the foregoing, nothing contained herein precludes the City from objecting to any Scheduled Claim or Filed Claim on any grounds.

(d) The Governmental Bar Date.  Governmental units (as defined in section 101(27) of the Bankruptcy Code) are not subject to the General Bar Date.  Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units must file proofs of claim in this case (the "Governmental Unit Bar Date") is the later of:  (i) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (ii) any Rejection

Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit. No order for relief has yet been entered in the City's chapter 9 case, and proceedings to establish the City's eligibility to be a chapter 9 debtor are ongoing at this time. If the City prevails in establishing eligibility, the Court will enter an order for relief consistent with section 921(d) of the Bankruptcy Code. **[Update as appropriate at time that this Notice is finalized.]** The City will provide notice of the entry of an order for relief to all known creditors that are governmental units of the Court's entry of an order for relief and the resulting Governmental Bar Date.

2.    **WHO MUST FILE A PROOF OF CLAIM**

Unless one of the exceptions described in Section 5 below applies, if you have a claim that arose or is deemed to have arisen prior to the Filing Date (any such claim, a "Prepetition Claim"), you MUST file a proof of claim to share in distributions from the City's bankruptcy case or to vote on a chapter 9 plan. Claims based on acts or omissions of the City that occurred before the Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Except where the Rejection Damages Bar Date, the Amended Claims List Bar Date or the Governmental Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file proofs of claim on or before the General Bar Date:

(a)    any entity (i) whose Prepetition Claim against the City is not listed in the City's List of Claims or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment; and

(b)    any entity that believes its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the List of Claims.

3.    **WHAT TO FILE**

As noted above, the City is enclosing a Claim Form for use in this case, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10. If your claim is listed by the City on its List of Claims (other than claims arising from unsecured general obligation bonds issued by the City), the attached Claim Form sets forth: (a) the amount of your claim (if any) as listed by the City; (b) whether your claim is listed as disputed, contingent or unliquidated; and (c) whether your claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim. You will receive a different Claim Form for each claim listed in your name by the City. You may utilize the Claim Form(s) provided by the City to file your claim. Additional proof of claim forms may be obtained at the following websites: (a) www.kccllc.net/detroit for a blank Claim Form designed specifically for this case or (b) www.uscourts.gov/bkforms for a copy of Official Bankruptcy Form No. 10. **[Note: This paragraph is for the service version, not the publication version, of this Notice.]**

To file your claim, you may use (a) the Claim Form specifically prepared for this chapter 9 case, which is available at www.kccllc.net/detroit or (b) another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10 (which form is available at www.uscourts.gov/bkforms). **[Note: This paragraph is for the publication version of this Notice.]**

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents on which the claim is based (the "Supporting Documents") (or, if the Supporting Documents are voluminous, you may attach a summary) or an explanation as to why the documents are not available. If you file a summary of the Supporting Documents because they are voluminous, you must transmit the Supporting Documents to (a) the City of Detroit Claims Processing Center (as defined below) and (b) the City within ten days after the date of a written request by the City for such documents.

Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form satisfies the procedural requirements for the assertion of any administrative priority claims under section 503(b)(9) of the Bankruptcy Code. Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, satisfies the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). Claims asserting administrative expense priority (a) under section 503(b)(9) of the Bankruptcy Code or (b) as a portion of a Rejection Damages Claim must be filed by the General Bar Date and the Rejection Damages Bar Date, respectively.

***All other administrative claims under sections 503(b) and 507(a)(2) of the Bankruptcy Code will not be deemed proper if asserted by proof of claim. The City intends to establish a process for the assertion of such claims at a future date if and to the extent necessary or appropriate. Note that the claim priorities provided under subsections (a)(1) and (a)(3) through (a)(10) of section 507 of the Bankruptcy Code are inapplicable in chapter 9 pursuant to section 901(a) of the Bankruptcy Code.***

**4.     WHEN AND WHERE TO FILE**

All proofs of claim must be filed so as to be received **on or before the applicable Bar Date**, at the following address (the "City of Detroit Claims Processing Center"):

> City of Detroit Claims Processing Center
> c/o Kurtzman Carson Consultants, LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

Proofs of claim will be deemed filed only when **actually received** by the City of Detroit Claims Processing Center on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the City of Detroit Claims Processing Center, docketed and maintained by the City's claims agent, Kurtzman Carson Consultants LLC ("KCC"). If you wish to receive acknowledgement of KCC's receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, postage prepaid return envelope.

**5.     WHO DOES NOT NEED TO FILE A PROOF OF CLAIM**

The Bar Date Order further provides that entities holding the following claims (which claims otherwise would be subject to the General Bar Date) need not file proofs of claim on account of such claims:

(a)     Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, a "Healthcare UAAL Claim").

(b)     Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for unfunded pension liabilities (any such claim, a "Pension Liability Claim").

(c)     Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds identified on the "Schedule of Secured Bonds" on the last page

of this Notice (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs"). In each case, the trustee or similar entity with respect to the applicable series of Secured Bonds or COPs has informed the City that, consistent with Bankruptcy Rule 3003(c)(5), it intends to: (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d)     Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, provided, however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(e)     Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court in a form substantially similar to Official Bankruptcy Form No. 10;

(f)     Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(g)     Any claim that previously has been allowed by order of the Court;

(h)     Any claim that has been paid in full by the City; and

(i)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any 503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

**_For the avoidance of doubt, employees and retirees asserting Prepetition Claims other than Healthcare UAAL Claims and Pension Liability Claims should file a proof of claim to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing subparagraphs a through i._**

**6.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As described in Section 1 above, any entity wishing to assert a Rejection Damages Claim must file a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Damages Bar Date.

**7.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE CITY, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION THAN ANY CLAIM IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OF ADJUSTMENT IN THIS CHAPTER 9 CASE IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY 503(B)(9) CLAIM OR ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY.

## 8.    THE CITY'S LIST OF CLAIMS AND ACCESS THERETO

You may be listed as the holder of a claim against the City in the City's List of Claims.  To determine if and how you are listed on the List of Claims, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount and status of your claim(s).  See paragraph 10 below for instructions regarding how to access the List of Claims.  If you received postpetition payments from the City on account of your claim, the information on the enclosed proof of claim form may reflect the net remaining amount of your claims.

If you rely on the City's List of Claims, it is your responsibility to determine that the claim is accurately listed in the List of Claims.  However, you may rely on the enclosed form, which sets forth (a) the amount of your claim (if any) as listed; (b) specifies whether your claim is listed in the List of Claims as disputed, contingent or unliquidated; and (c) identifies whether your claim is listed as a secured, unsecured priority or unsecured nonpriority claim.

As described above, if you agree with the nature, amount and status of your claim as listed in the City's List of Claims, and if your claim is not described in the Schedules as "disputed," "contingent" or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.  **[Service Version, omit this Section 8 in Publication Version]**

## 9.    RESERVATION OF RIGHTS

The City reserves the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Claims as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any listed claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims.  Nothing contained in this Notice shall preclude the City from objecting to any claim, whether listed or filed, on any grounds.

## 10.    ADDITIONAL INFORMATION

Copies of the City's List of Claims, the Bar Date Order and other information and documents regarding the City's chapter 9 case are available free of charge on KCC's website at www.kccllc.net/detroit or for a fee at the Court's website at https://ecf.mieb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information through the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  The List of Claims and other documents filed in this case may be accessed electronically, between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the public access terminals located on the 17th Floor of the Bankruptcy Court Clerk's Office at 211 West Fort Street, Detroit, Michigan 48226.  Copies of documents may be printed for a charge.

If you require additional information regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline at (877) 298-6236 between 9:00 a.m. and 5:00 p.m., Eastern Time, Monday through Friday.  You also may contact the City's claims agent, KCC, directly by writing to:

<div align="center">

City of Detroit Claims Processing Center
c/o Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA  90245

</div>

**PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.  IF YOU ARE THE HOLDER OF A POSSIBLE CLAIM AGAINST THE CITY, YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE OR FOR ANY LEGAL ADVICE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

Dated:  **[_____]**, 2013                    BY ORDER OF THE COURT

## SCHEDULE OF SECURED BONDS

  The applicable trustee or similar entity with respect to the following series of bonds has informed the City that it intends to:  (a) file any proofs of claim against the City on behalf of the holders of these bonds; and (b) provide notice to the holders of the bonds.

| Description | Trustee or Similar Entity |
| --- | --- |
| Sewage Disposal System Revenue Bond Series 1998-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1998-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1999-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(1) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(2) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-E | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2012-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1993 | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1997-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-C | U.S. Bank N.A. |
| Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010-A | U.S. Bank N.A. |
| Distributable State Aid General Obligation Limited Tax Bonds Series 2010 | U.S. Bank N.A. |
| Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2) | U.S. Bank N.A. |
| Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A | The Bank of New York Mellon Trust Company, N.A. |

# **EXHIBIT 6.3**

## **(Proposed Proof of Claim Form)**

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN | CHAPTER 9<br>PROOF OF CLAIM |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 | |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone number:                    email:

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

**COURT USE ONLY**

❐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
     (*If known*)

Filed on:_____

❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**          $_____

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
    (See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:** | **3a.  Debtor may have scheduled account as:**_____<br>       (See instruction #3a) |
|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
     $_____

**Nature of property or right of setoff:** ❐ Real Estate  ❐ Motor Vehicle  ❐ Other
**Describe:**

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:**     $_____

**Annual Interest Rate (when case was filed)**_____% ❐ Fixed  or  ❐ Variable

**Amount Unsecured:**     $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**     $_____

**5b.  Amount of Claim Otherwise Entitled to Priority.  Specify Applicable Section of 11 U.S.C.  §  _____.**     $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
 Check the appropriate box.

❐ I am the creditor.  ❐ I am the creditor's authorized agent.        ❐ I am the trustee, or the debtor,        ❐ I am a guarantor, surety, indorser, or other codebtor.
                                                                    or their authorized agent.               (See Bankruptcy Rule 3005.)
                                                                (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):          (Signature)                    (Date)

_____

Telephone number:          email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, exceptions to these general rules may apply.*

## Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:** State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as listed by the debtor on the Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), as it may be amended or supplemented from time to time.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority as a Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**
If any portion of the claim is entitled to priority under U.S.C. §§ 503(b)(9) and 507(a)(2), state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011.
If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority as an Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims. For a chapter 9 case, 11 U.S.C. § 503(b)(9) may provide priority status to claims for "the value of goods received by the debtor within 20 days before the date of commencement of a case.. in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

Pursuant to 11 U.S.C. § 901(a), the priorities accorded certain claims under 11 U.S.C. § 507(a)(1) and (a)(3-10) are inapplicable in a chapter 9 case.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/Detroit

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOFS OF CLAIM TO:
City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245