UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHFERN DIVISION - DIVISION

In re:  Chapter 9

Case No. 13-53846

CITY OF DETROIT, MICHIGAN  Hon. Steven W. Rhodes

Debtor.
_____/

## MOTION FOR RELIEF FROM STAY

ST. MARTINS COOPERATIVE, through its attorneys, LAW OFFICES OF LEE & CORRELL, moves for relief from the stay in this matter, pursuant to F.E.D. Mich. LBR 9014-1, for the purpose of pursuing a claim that is nearly forty (40) years old in litigation commenced in 2009, and for the purpose of being able to fully defend a counterclaim brought against it by the CITY OF DETROIT WATER AND SEWAGE DEPARTMENT AND CITY OF DETROIT BOARD OF WATER COMMISSIONERS (hereinafter referred to collectively as "Detroit Water"), and states as follows:

1. St. Martins Cooperative ("St. Martins") is a Michigan Non-Profit Cooperative, and is located in Detroit.

2. Since at least 1975, Detroit Water has been knowingly charging Plaintiff St. Martins a rate that is higher than the pre-approved rate for the water and sewage service.

3. Detroit Water charged St. Martins as if it were four times as large as it actually is in acreage, and therefore calculated the fees for St. Martins that were four times as large that they should have been.

4. In 2007, St. Martins approached Detroit Water with a request to reveal how Detroit Water calculated the water bills.

5. All of these requests for information and assistance were refused.

6. St. Martins shared its calculations with Detroit Water. (**See**, Exhibit A).

7. Detroit Water refused to comply with any of the St. Martins' requests for information.

8. In 2008, St. Martins finally petitioned the Detroit City Council. (**See**, Exhibit A).

9. In April 2008, Detroit Water granted St. Martins a meeting; at which the Detroit Water requested that the St. Martins make a written request under the Michigan Freedom of Information Act. (**See**, Exhibits B and C).

10. Detroit Water so mischaracterized St. Martin's FOIA request, that St. Martins was forced to clarify the history and nature of the request. (**See**, Exhibits D and E).

11. In January 2009, St. Martins shared its calculations with Detroit Water. (**See**, Exhibit F).

12. Detroit Water simply declared that it would rely upon its statute of limitations defense. (**See**, Exhibit G).

13. The general statute of limitations does not apply because Detroit Water fraudulently concealed the inaccuracy of its billings to St. Martins for nearly forty years.

14. Fraudulent concealment is a defense to a defense of the statute of limitations. MCL 600.5855.

15. The elements of fraudulent concealment are:

    a) Wrongful concealment by the defendants of their actions;

b) Failure of the plaintiffs to discover the operative facts that are the basis of the cause of action within the statute of limitations; and

c) The exercise of due diligence until discovery of the facts. *State of Michigan ex fel. Kelley v McDonald Dairy Co.* 905 F Supp 447 (1995).

17. "'The rule in question prohibits the defendant from doing at *anytime anything* to prevent the plaintiff from ascertaining [the facts upon the which the cause of action depends] either by affirmative action which conceals the truth, or by any device which avoids inquiry which would lead to discovery.'" *Draws v Levin*, 332 Mich 447, 453; 52 NW 2d 180 (1952), (Italics supplied).

18. Detroit Water charged St. Martins as if it were four times as large as it actually is in acreage, and therefore calculated the fees for St. Martins that were four times as large that they should have been.

19. Detroit Water also purposely and consciously withheld its erroneous measurements of St. Martins' acreage in order to succeed in overcharging St. Martins.

20. Certainly, Detroit Water sending erroneous bills to St. Martins qualifies as fraudulent concealment because the error in the bills was based on a four-fold exaggeration of the actual acreage that St. Martins covered.

21. Detroit Water engaged in further concealment by refusing to turn over documents.

22. St. Martins also exercised due diligence in trying to discover the concealment when it engaged in numerous requests for information under the Freedom of Information Act in order to ascertain how far back the misleading bills stretched.

23. On or about September 23, 2008, the Federal District Court issued its Notice, to St. Martins among others, of a proposed settlement of a Class Action Lawsuit based on Detroit Water's fraudulent billing practices. (Exhibit H).

24. The Notice gave the Class Members until January 9, 2009 to opt out of the Class Action Lawsuit. (Exhibit H).

25. On January 7, 2009, St. Martins opted out of the Settlement. (Exhibit I).

26. In August 2009, St. Martins filed a complaint in Federal District Court for the Eastern District of Michigan ("Federal Action").

27. On or about July 16, 2012, Detroit Water filed a Motion for Summary Judgment.

28. St. Martins filed its Response in Opposition on August 16, 2012.

29. On April 25, 2011, the Federal District Court issued an Opinion and Order. ("Opinion"). (Exhibit J).

30. The Opinion addressed only the federal equal protection claim; the Federal District Court ruled that there was no dispute of fact regarding whether Detroit Water owed St. Martins $5,132.55.

31. The Federal Court therefore granted summary judgment to St. Martins on that issue.

32. The Federal District Court refused to take pendant jurisdiction or the remainder of the action, which was comprised of state law claims, and dismissed those without prejudice. (Exhibit J).

33. St. Martins then brought a civil action against Detroit Water based on the state law claims.

34.     Detroit Water brought a counterclaim against St. Martins based on its miscalculations and refusing to give any further credit to St. Martins even though a Federal Court has granted summary judgment as to some of its charging methodology.

35.     The Wayne County Circuit Court has entered an Administrative Stay against St. Martins' claims.

36.     However, Detroit Water's Counterclaim has not been stayed.

37.     This Court should lift the stay as to St. Martins so that it will not have to fight a lawsuit with the proverbial "one hand tied behind its back."

38.     Cause exists to grant this Motion for several reasons; including, but not limited to, the following:

    A.    This matter has been pending for more than four years;

    B.    The damages at issue have been accruing for nearly forty (40) years;

    C.    Detroit Water has a Counterclaim, which is not stayed by the Bankruptcy Petition;

    D.    Fairness and equity indicate that St. Martins should have the opportunity to meet and defend that Counterclaim, which it cannot do without relief from the Stay in this matter;

    E.    No preliminary bankruptcy issues are at risk;

    F.    St. Martins chances of success are strong since it has already prevailed on summary judgment as to some of the charges (Exhibit J);

    G.    There is no burden to the bankruptcy estate since Detroit Water has, for some decades, charged and collected monies to which it was not entitled.

39. In the absence of any genuine issue of material fact, this Court should bar the Defendant Detroit Water from using a statute of limitations defense.

**WHEREFORE**, the Plaintiff St. Martins Cooperative prays that this Honorable Court grant its Motion for Relief from Stay for the purpose of defending Detroit Water's Counterclaim and pursuing its own claim as setoff.

LAW OFFICES OF LEE & CORRELL

By: /s/ Michael K. Lee
MICHAEL K. LEE (P40012)
Attorneys for St. Martins Cooperative
24901 Northwestern Highway, Suite 113
Southfield, Michigan 48075
mlee@leeandcorrell.com
(248) 350-5900

Dated: October 11, 2013

## ST. MARTINS COOPEARATIVE'S INDEX OF EXHIBITS

St. Martins Cooperative, through its attorneys LAW OFFICES OF LEE & CORRELL, submits the following as its index of exhibits to this Motion:

Exhibit 1- Order Granting Relief from Stay

Exhibit 2 –Notice of Opportunity to Respond

Exhibit 3 – Brief in Support

Exhibit 4 – Certificate of Service

Documentary Exhibits –
- A – Memorandum dated March 21, 2008
- B – Correspondence dated April 1, 2008
- C – Memorandum dated April 4, 2008
- D –Notice of Receipt of FOIA Request dated May 2, 2008l
- E – Letter dated May 19, 2008
- F – Letter dated January 22, 2009
- G – Letter dated March 3, 2009
- H – Notice of Settlement of Class Action dated September 23, 2008f
- I – Letter dated January 7, 2009
- J – Opinion and Order dated April 25, 2011