# EXHIBIT H

### NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS OR ENTITIES WHO OR WHICH:
ON JULY 28, 2008 OWNED A RESIDENTIAL PROPERTY CONSISTING OF MORE THAN 4 RESIDENTIAL UNITS WHICH PROPERTY, BASED ON WATER AND SEWAGE METERS APPLICABLE TO SUCH PROPERTY, WAS ASSESSED SEWAGE CHARGES FROM THE DETROIT WATER BOARD AND SEWAGE DEPARTMENT CONTAINING AN IWC (INDUSTRIAL WASTE CONTROL) CHARGE AT ANY TIME FROM AND AFTER JUNE 1, 2001.

THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION (THE "COURT") AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER. THIS IS NOT A NOTICE THAT YOU HAVE BEEN SUED. THIS IS TO INFORM YOU THAT A CLASS ACTION HAS BEEN SETTLED FOR THREE MILLION DOLLARS ($3,000,000) UNDER THE TERMS AND CONDITIONS DESCRIBED BELOW AND THAT ACCORDING TO THE RECORDS REVIEWED BY CLASS COUNSEL AS DESCRIBED BELOW, DEFENDANT'S COUNSEL, DEFENDANT AND THE COURT, YOU FIT INTO THE CLASS DEFINITION SET FORTH ABOVE AND WILL BE DEEMED PART OF THE CLASS UNLESS YOU EXPRESSLY EXCLUDE YOURSELF FROM THE CLASS IN WRITING PURSUANT TO THE INSTRUCTIONS BELOW.

The settlement is subject to Court approval, resolves a lawsuit over whether the Detroit Water Board can be held liable for restitution and reimbursement of IWC charges that erroneously were assessed Class Members during the time period above set forth. If you are a Class Member, your legal rights are affected by this settlement unless further steps are taken by you. Accordingly, read this notice carefully. This notice is also to inform you that the Court has scheduled a hearing on February 3, 2009 at 10:00 o'clock at AM to determine whether the settlement should be determined as being fair, reasonable and adequate, whether the plan for allocation of the settlement funds is fair and reasonable and should be approved and whether the attorney fees and costs payable to the attorneys respecting the class under the settlement are fair and reasonable.

### BACKGROUND OF THE ACTION

The factual basis of the lawsuit is that the Defendant had been charging IWC charges to entities and persons which or who were not generating Industrial waste. The initial complaint sought to enjoin further charging of IWC charges to those person and entities making up the class and claimed lack of governmental immunity for reimbursement of such charges under the Equal Protection clauses of Constitutions of the United States and the State of Michigan. The statute of limitations for such a claim was only 3 years. A subsequent amendment of the complaint alleged an exception to governmental immunity under a theory of restitution for involuntary payment, given the lien rights granted the Defendant under Michigan statutes to enforce payment of water and sewage charges. Based on such statutory lien rights, Plaintiff's lawyers contended that the payments made by Class Members were involuntary. Defendant has defended on the basis that there is no statute permitting the reimbursement of such funds

and no waiver of governmental immunity. Further, Defendant claims payments were voluntary and the charges were acceptable over a substantial period of time by all of those parties who make up the Plaintiff Class.

## THE REASONS FOR THE SETTLEMENT, PROPOSED SETTLEMENT AND PLAN OF ALLOCATION

Given the extensive discovery that would have to be continued as well as the relative risks inherent in both the Plaintiff(s) position and the Defendant's defenses, Plaintiffs and Defendant agreed to settle the lawsuit. That way they avoid the costs of trial, extensive discovery and complex legal issues as well as appeals by the named parties. Attorneys for Plaintiff and Defendant have met on multiple occasions, separately and with the Court in negotiating a resolution and mutually compiling information necessary to determine the extent and breathe of the class and the claims being made. Plaintiffs' lawyers believe that the proposed settlement is fair and reasonable and in the best interest of the class because the settlement creates a Three Million Dollar ($3,000,000) settlement fund and avoids considerable risks and delays involved in continuing the lawsuit. Because the Detroit Water Board is a non-profit entity that by ordinance may not generate a profit, credits will have to be issued in order to properly budget reimbursement into the future as there presently is no budget reserve created or authorized to satisfy this litigation.

Even though Defendant contends that it is not liable and would be protected under existing law, settlement means that Defendant does not have to continue to spend money, time and effort on a lawsuit when it can give money to class members instead and resolve their claims.

## SETTLEMENT BENEFITS -- WHAT YOU GET

Defendant has agreed to create a Three Million Dollar ($3,000,000) fund to settle the lawsuit. All of this money will be paid out by way of credit and cash as described hereinafter. The costs of administrating the settlement are to be borne exclusively by the Defendant including necessary notices to class members and generation of data approved by Class Counsel for purposes of allocating the credits to Class Members. The amount approved by the Court for Class Counsels' fees and expenses for their efforts on behalf of the class will be the only sum deducted from the fund. The Class Counsels have not received any payment for their services in connection of the initiation of this litigation, nor have they been reimbursed for their out of pocket expenses. Further, each one of their retainer agreements with the named class members called for a 1/3 contingency fee of the settlement fund; however, following complete and full negotiations it was agreed that the contingency fee would be reduced to 21.67% respecting the class members named as plaintiffs and the class members participating in this settlement or $650,000. From the net remaining fund of $2,350,000, credits will be issued to all of those persons who make up the class excluding those Class Members who opt out as provided below. The credits will be issued over 24 months in equal monthly amounts. The credits will be determined as follows: The formula for that determination will be by taking the

entire amount of the improper IWC charges covered by this settlement for the period of time covered by the settlement, determine each meter's percentage of that charge since June 1, 2001 and then take that meter's percentage against $2,350,000 to determine the credit applicable to each meter and then divide that result by 24 to determine the amount of credit to be issued monthly per meter to each Class Member. For example, the entire amount of the IWC charges is $4,700,000.00. If a meter's charge represents .10% of that amount, then .10% times $2,350,000 would be $2,350 representing the amount available to the owner of residential property to which the meter is applicable. Accordingly, each credit for a 24 month period would be $97.92 per month.

Payments will not be made unless and until the Court grants final approval to the settlement and a Final Approval Order has been completed and entered and not appealed from. Any amounts that otherwise would have been available to Class Members who opt out of the class, will be disbursed by credits to all remaining settlement class members in conformity with the same formula as above set forth. The Defendant Detroit Water Board will have a list of Class Members and an estimate of the total credits available on a per meter basis to eligible Class Members. It can be found at www.dwsd.org, and/or whatever other website is chosen by the City for such posting. It is an estimate since, if an eligible Class Member opts out that Member's credits will be allocated to the whole class per the formula above. This same list is also available for review at the Law Offices of Becker & Wasvary, P.L.L.C., 2301 W. Big Beaver Rd, STE 318, Troy, MI 48084.

If you do not exclude yourself from the settlement, you will start receiving credits as soon as the next billing following final approval and judgment in this case. The Court will hold a hearing on February 3, 2009 to decide whether to approve the settlement. Please note, however, if this settlement is approved it is possible that there might be an appeal by someone, therefore please be patient.

Unless you exclude yourself, you are staying in the class. That means you will give up any claims relating to the lawsuit and cannot individually sue the Detroit Water Board for charging the IWC charge to you. The United States District Court for the Eastern District of Michigan, Southern Division is in charge of the case and the case is known as "Village Center, et al v City of Detroit, Department of Water and Sewerage, Case No. 07-12963", (the "Lawsuit")

The people who sued are called the Plaintiffs and the City of Detroit is called the Defendant.

### EXCLUDING YOURSELF FROM THE CLASS.

If you do not want credits from this settlement and instead want to keep your claims and right to sue the Detroit Water Board on your own, then you must take steps to get out of the class. This is called "excluding yourself from or opting out of the class".

If you decide to exclude yourself from the class, you will need to hire your own lawyer at your own expense. Class Counsel cannot and will not represent class members who exclude

themselves from the settlement. To exclude yourself from the class you must send a letter by first class mail stating that you want to be excluded from "Village Center, et al v City of Detroit, Department of Water and Sewage, Case No. 07-12963". Be sure to include your name, address, telephone number, account number and your signature as well as the date. To be valid an exclusion request must be received no later than January 9, 2009 by the Detroit Water Board at:

City of Detroit
Department of Water and Sewerage
735 Randolph Street, Suite 806
Detroit, Michigan 48226.

If you ask to be excluded from the class, you will not receive any settlement credit and you can not object to the settlement. If you exclude yourself you will not be legally bound by anything that happens in this lawsuit.

The law firm that brought the lawsuit has been representing you and other class members, these lawyers are called Class Counsel and are Carl G. Becker and Mark Wasvary from Becker & Wasvary, PLLC. You can send any questions you might have to them by contacting them at:

Carl G. Becker, Esq.
Mark Wasvary, Esq.
2301 W. Big Beaver; Suite 318
Troy, Michigan, 48084.

- Class Counsel has worked on this case so far without receiving any payments at all for their work or their out of pocket expenses. They will ask the Court for attorney fees plus reasonable out of pocket costs and expenses of up to 21.67% of the settlement fund for all of the lawyers that worked on the case. Defendant and Defendant's counsel have agreed that the fees are fair and reasonable under the circumstances and will not oppose the request. The fees are tied to the settlement agreement and if not approved, the settlement will not be consummated. The payment of the fees will come out of the settlement fund.

## OBJECTIONS TO SETTLEMENT

If you are a class member you can object to the settlement if there is some part of the settlement you do not like. You can give reasons why the Court should not approve it. The Court will consider the views of all objections. The objectee must send a letter stating that he/she/it objects to the settlement. At the top of your letter objecting to the settlement write "notice of intent to appear in "Village Center, et al v City of Detroit, Department of Water and Sewerage, Case No. 07-12963". Be sure to include your name, address, account number and telephone number, your signature, date and the reason you object to the settlement. In order for your objection to be considered by the Court, it must be received by the Defendant at the address set forth below no later than January 9, 2009 at:

City of Detroit
Department of Water and Sewerage
735 Randolph Street, Suite 808
Detroit, Michigan 48226.

### COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You do not need to attend that hearing but are welcome to attend if you so desire. The court will hold a fairness hearing on February 3, 2009 at 10:00 o'clock a.m. in the courtroom of Judge John Feikens on the 8th Floor of the Theodore Levin United States Courthouse located at 231 W. Lafayette Blvd, Detroit, Michigan, 48226. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections the Court will consider them. The Court will listen to people who have made a written request to speak at the hearing as above provided. After the hearing the Court will decide whether to approve the settlement including payment to Class Counsel. We do not know how long these decisions will take. In order to speak at the hearing, you must have sent in a timely objection that was received by the Defendant no later than January 9, 2009. You cannot speak at the hearing if you exclude yourself from the class.

**IF YOU DO NOTHING AT ALL, YOU WILL BE CONSIDERED PART OF THE SETTLEMENT CLASS AND YOU WILL RECEIVE CREDITS FROM THE SETTLEMENT.**

### GETTING MORE INFORMATION

This notice summarizes the most important aspects of the proposed settlement. For more detailed information, the complete Court file in the lawsuit is available for inspection in the office of the Clerk of the Court during regular business in the United States District Court, Eastern District of Michigan, Southern Division at 231 W. Lafayette Blvd, Detroit, Michigan, 48226. Should you have any questions in respect to this notice, the proposed settlement, or the litigation generally please address your request to Class Counsel for the class or to your own attorney. Do not contact the Court regarding these questions.

Dated:	September 23, 2008

		BY ORDER OF THE UNITED STATES DISTRICT COURT FOR
		THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION