# EXHIBIT J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

St. Martins Cooperative,

    Plaintiff,

v.                                    Case No. 09-13128

City of Detroit Water and Sewerage       Honorable Sean F. Cox
Department, *et al.*,

    Defendants.

_____/

## OPINION & ORDER

In this action, Plaintiff St. Martins Cooperative ("Plaintiff") asserts claims against the City of Detroit Water and Sewerage Department ("DWSD") and the Detroit Board of Water Commissioners (collectively "Defendants") relating to various charges that Plaintiff incurred for water and sewerage services. The matter is currently before the Court on Defendants' Motion to Dismiss and/or for Summary Judgment. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, the Court shall GRANT Defendants' motion to the extent that the Court shall rule that Plaintiff is entitled to judgment in the amount of $5,132.55 with respect to Plaintiff's equal protection claim. In addition, because this Court is disposing of Plaintiff's only federal-claim prior to discovery or issuance of a scheduling order, this Court shall decline to exercise supplemental jurisdiction over

1

Plaintiff's remaining state-law claims, which clearly predominate in this action, and shall dismiss those claims without prejudice.

## BACKGROUND

In *Village Center Assoc. v. City of Detroit*, Case No. 07-12963, owners of multi-unit residential buildings brought a class action suit against the City of Detroit alleging that they were improperly assessed an Industrial Waste Control ("IWC") charge in violation of Michigan and Federal Equal Protection clauses and Detroit's municipal code. More specifically, the residential building owners alleged that it was a "constitutionally improper classification" to apply an IWC charge to those who owned residential buildings with five or more units, while not collecting the IWC charge from those who owned residential buildings with four or less units, where, allegedly, neither group generated industrial waste and/or the cost of controlling industrial waste was the same among the two groups when measured on a per-unit basis. *Village Center* was assigned to the Honorable John Feikens. *Village Center* ultimately settled, with St. Martins being the only putative class member opting out of the class-action settlement. (Pl.'s Resp., Ex. J (*Village Center*, No. 07-12963 (E.D. Mich. Feb. 3, 2009) (final judgment and order)).

On August 10, 2009, Plaintiff, acting through counsel, filed this action in federal court. The action was originally assigned to the Honorable George Caram Steeh.

Plaintiff's complaint alleges that the Court "has jurisdiction because this matter arises out of a previous matter before this Court, specifically Case No. 2:07-cv-12963, which has been dismissed." (Compl. at ¶ 3). Plaintiff's complaint alleges the following four counts: "Breach of Contract" (Count I); "Actual Fraud/Intentional Misrepresentation" (Count II); "Constructive Fraud / Negligence Or 'Innocent' Misrepresentation" (Count III); and "Unjust Enrichment"

(Count IV).

In addition, in the body of the complaint, in a section titled "Common Allegations," Plaintiff alleges that:

> Since at least 1975, the Defendant Detroit Water Dept. has been knowingly charging the Plaintiff St. Martins a rate that is higher than the pre-approved rate for the water and sewerage services and based on a constitutionally improper classification of the Plaintiff St. Martins.

(Compl. at ¶ 9).

On August 24, 2009, this action was reassigned from Judge Steeh to Judge Feikens. (Docket Entry No. 5).

On April 27, 2010, Judge Feikens issued an Order to Show Cause (Docket Entry No. 7), which directed Plaintiff's counsel to respond in writing and explain why Plaintiff's counsel had ignored correspondence from the Court. Thereafter, Judge Feikens held a status conference, at which time Defendants indicated they would be filing an early dispositive motion. Neither Judge Steeh nor Judges Feikens issued a scheduling order in this action and it does not appear that discovery has begun.

Defendants filed their Motion to Dismiss and/or for Summary Judgment on July 15, 2010. Plaintiff filed its Response Brief on August 16, 2010, and Defendants filed their Reply Brief on August 18, 2010.

On October 22, 2010, Judge Feikens asked the parties for supplemental briefing. Defendants filed their Supplemental Brief on November 19, 2010.

On November 24, 2010, this action was reassigned to this Court, along with Case No. 77-1100 and several other cases.

3

On December 13, 2010, Plaintiff filed its supplemental brief.

ANALYSIS

A. This Court Has Federal Question Jurisdiction Over Plaintiff's Inartfully Pleaded Equal Protection Claim.

It is undisputed that the parties in this action are all Michigan citizens and therefore diversity jurisdiction does not exist. Moreover, each of the enumerated counts in Plaintiff's complaint (Counts I, II, III and IV) assert state-law claims.

Defendants contend that this Court lacks subject matter jurisdiction over this action and ask this Court to dismiss it under FED. R. CIV. P. 12(b)(1).

A motion to dismiss under FED. R. CIV. P. 12(b)(1) for lack of subject-matter jurisdiction comes in two varieties: a facial challenge, which tests the sufficiency of the pleading, or a factual challenge, which, as the name implies, attacks the factual basis for jurisdiction. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Under a facial challenge, the court must accept as true all the allegations in the complaint, and draw all reasonable inferences in favor of the non-moving party. *See Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. On the other hand, in a factual attack, the allegations in the complaint are not presumed true, and a district court may look beyond the pleadings and weigh competing evidence to determine whether subject-matter jurisdiction exists. *Id.*; *RMI Titanium Co.*, 78 F.3d at 1134.

Here, Defendants assert that "[P]laintiff has *failed to plead* a claim based on a federal question, and as such" the Court lacks subject-matter jurisdiction. (Docket Entry No. 10 at 1)

(emphasis added). Because Defendants have made a facial challenge, in determining the existence of subject-matter jurisdiction the Court shall accept as true the allegations in the Complaint, and draw all reasonable inferences in Plaintiff's favor.

In response to Defendants' motion, Plaintiff asserts that this Court has subject-matter jurisdiction over the claims asserted in its Complaint because Plaintiff has alleged a violation of the Federal Constitution pursuant to 42 U.S.C. § 1983. Although not asserted in one of the enumerated counts of the complaint, Plaintiff does allege that "[s]ince at least 1975, the Defendant Detroit Water Dept. has been knowingly charging the Plaintiff St. Martins a rate that is higher than the pre-approved rate for the water and sewerage services and based on a *constitutionally improper classification* of the Plaintiff St. Martins." (Compl. at ¶ 9) (emphasis added).[1]

Although St. Martins' equal protection claim could have been pleaded better, and presented in a separate count, viewing the Complaint in the light most favorable to St. Martins, and drawing reasonable inferences therefrom, the Court finds that a federal question exists on the face of the Complaint. It is not unreasonable to construe the phrase "constitutionally improper classification" as alleging that by collecting the IWC charge from St. Martins, DWSD has violated the Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution. *Cf. Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 901-902 (6th Cir. 2003) (upholding district court's finding that complaint alleged a cause of action based on 42 U.S.C. § 1983 and, therefore,

---

[1] Plaintiff also asserts that it should be allowed to amend its complaint if the Court finds that its complaint does not adequately plead its equal protection claim. (Docket Entry No. 12 at 5).

5

that there was subject-matter jurisdiction, where the complaint merely stated "'[t]his action arises under the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States.'").

That conclusion is supported by the fact that the Complaint also avers, "This court has jurisdiction because this matter arises out of a previous matter before this court, specifically [*Village Center Assoc. v. City of Detroit*]." (Compl. ¶ 3.) As discussed, *Village Center* was a class-action alleging that the City of Detroit violated the Federal Equal Protection Clause by improperly billing an IWC charge to some residential building owners but not others similarly situated. Further, St. Martins explains that it "opted-out of the Class Action on January 7, 2009; and then . . . filed the present action, based on the same transaction and occurrences." (Pl.'s Resp. at 4.) Thus, the Complaint's reference to a "constitutionally improper classification," along with its express reference to the claims asserted in the *Village Center* case, are sufficient to plead an equal protection claim under §1983.

Because a federal Equal Protection Clause violation may be brought pursuant to 42 U.S.C. § 1983, *see e.g., Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 129 S.Ct. 788, 796-97 (2009); *Reynolds v. Sims*, 377 U.S. 533, 537 (1964), this Court has subject-matter jurisdiction over Plaintiff's Federal Equal Protection claim.

B.  It Is Undisputed That Plaintiff Is Entitled To Judgment In The Amount Of $5,132.55 With Respect To Its Equal Protection Claim.

The only federal claim presented in Plaintiff's complaint is the equal protection claim. Because that is the only federal claim and this case is at an early stage of the litigation, this Court will evaluate Defendants' summary judgment argument as to this claim before determining

6

whether or not to exercise supplemental jurisdiction over the state-law claims.

Again, Plaintiff's equal protection claim in this action, like the equal protection claims in *Village Center*, is based upon the allegation that it was a "constitutionally improper classification" for DWSD to apply an IWC charge to those who owned residential buildings with five or more units, while not collecting the IWC charge from those who owned residential buildings with four or less units. Plaintiff's equal protection claim does not involve drainage charges.

Plaintiff's expert, James Phillips, conducted an analysis of DWSD billing records in order to determine: 1) the amount of IWC charges that Plaintiff was charged from 1999 to 2008; and 2) the amount of drainage charges[2] that Plaintiff was overcharged during that same period. (*See* Exs. K & L to Pl.'s Brief). Exhibit L to Plaintiff's Brief is a spreadsheet showing Plaintiff's expert's calculations. In the far right-hand side of the various pages, he states the various IWCs that DWSD charged to Plaintiff. The total amount of those charges, $5,132.55, is found on page 19, the last page of the spreadsheet, in the lower right-hand corner. Thus, as to the IWC charges – the only charges at issue with respect to Plaintiff's equal protection claim – Plaintiff's expert states that Plaintiff was improperly charged a total of $5,132.55.

Notably, Defendants do not dispute that Plaintiff is entitled to $5,132.55 on its equal protection claim. In Defendants' Motion, Defendants states that "DWSD consents to payment of" that amount to Plaintiff "and/or Judgment being entered in the amount of $5,132.55." (Defs.' Br., Docket Entry No. 10, at 11). Defendants contend that Plaintiff "never had to file suit to get this money" because DWSD acknowledged this amount was owed to Plaintiff before this action

---

[2] Plaintiff's state-law claims are based upon drainage charges.

was filed. (*See* Docket Entry No. 10 at 11; Docket Entry No. 15 at 2).

Accordingly, the Court shall grant summary judgment in favor of Plaintiff with respect to its equal protection claim and issue a judgment in favor of Plaintiff in the amount of $5,132.55.

C. <u>Having Resolved The Only Federal Claim In This Action At An Early Stage In The Litigation, The Court Declines To Exercise Supplement Jurisdiction Over The Remaining State-Law Claims.</u>

The Court is resolving Plaintiff's only federal claim in this action because the parties agree, prior to discovery or issuance of a scheduling order in this case, that Plaintiff is owed the amount it seeks for IWC charges in connection with its equal protection claim. As such, the Court must consider whether it should exercise supplemental jurisdiction over Plaintiff's remaining state-law claims:

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In addition, the Sixth Circuit has stated that a federal court that has disposed of a plaintiff's federal-law claims "should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719 (6th Cir. 2006). "Residual jurisdiction should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity

8

of litigation' outweigh" concerns "over needlessly deciding state law issues.'" *Id.* (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

Here, the Court is resolving Plaintiff's only federal claim prior to the commencement of discovery or issuance of a scheduling order. In addition, the Court concludes that Plaintiff's state-law claims clearly predominate over the federal claim over which this court has original jurisdiction. Indeed, Plaintiff's complaint does not even include its equal protection claim in a separate count and DWSD acknowledged that Plaintiff was entitled to $5,132.55 for IWC charges before this action was filed. Accordingly, this Court to declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and shall dismiss those claims without prejudice.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss and/or for Summary Judgment is GRANTED to the extent that the Court concludes that Plaintiff is entitled to a judgment in the amount of $5,132.55 with respect to Plaintiff's equal protection claim.

IT IS FURTHER ORDERED that, for the reasons set forth above, this Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claims and DISMISSES Counts I, II, III, and IV WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: April 25, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

St. Martins Cooperative,

    Plaintiff,

v.                                                                  Case No. 09-13128

City of Detroit Water and Sewerage            Honorable Sean F. Cox
Department, *et al.*,

    Defendants.

_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on April 25, 2011, by electronic and/or ordinary mail.

                                    S/Jennifer Hernandez
                                    Case Manager