**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**_EX PARTE_ MOTION OF THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' FOR AN ORDER AUTHORIZING IT TO FILE AN AMENDED OBJECTION IN EXCESS OF PAGE LIMIT**

The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**City**" or "**Debtor**") non-uniformed retired employees (the "**Retired AFSCME Employees**"), and about 2,523 active City employees (the "**Active AFSCME Employee**", or about seventy percent (70%) of the active non-uniformed union-represented employees, and together with the Retired AFSCME Employees, collectively, the "**AFSCME Detroit Employees**") -- through its counsel hereby moves the Court _ex parte_ for the entry of an order authorizing AFSCME to file an amended objection brief (the "**Amended Objection Brief**") in excess of 25 pages (to the extent AFSCME is so limited by the Local Rule) to the City's eligibility for relief under chapter 9 of the Bankruptcy Code and in opposition to the City's (A) _Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code_ [Docket No. 10] (the "**Statement of Eligibility**"); (B) _Memorandum in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code_ [Docket No. 14] (the

"**Eligibility Brief**"); (C) declarations of Kevyn D. Orr [Docket No. 11] (the "**Orr Declaration**"), Gaurav Malhotra [Docket No. 12] (the "**Malhotra Declareation**") and Charles M. Moore [Docket No. 13] (the "**Moore Declaration**", and together with the Orr Declaration and the Malhotra Declaration, the "**Eligibility Declarations**"); (D) *City of Detroit's Consolidated Reply to Objections to the Entry of an Order for Relief* (the "**Debtor's Reply**") [Docket No. 765]; and (E) *The State of Michigan's Response to Eligibility Objections Raising Only Legal Issues* [Docket No. 756] (the "**State's Response**").

1. On July 18, 213 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 9 of the Bankruptcy Code.

2. Also on the Petition Date and thereafter, the Debtor filed the Statement of Eligibility, Eligibility Brief, and the Eligibility Declarations (collectively, the "**Eligibility Documents**"). By the Eligibility Documents, the Debtor asserts its qualifications to be a debtor under section 109(c) of the Bankruptcy Code.

3. On August 19, 2013, AFSCME filed *The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub Chapter 98, City of Detroit Retirees' Objection to the City Of Detroit's Eligibility to Obtain Relief Under Chapter 9 of the Bankruptcy Code* [Docket No. 505] (the "**Original AFSCME Objection**"), pursuant to which AFSCME challenged, among other things, the Debtor's qualifications under section 109(c) and sought to have this proceeding dismissed.

4. On September 6, 2013, the Debtor filed the Debtor's Reply to respond to the objections filed to the City's eligibility for relief under chapter 9 and to the entry of an order for relief in this chapter 9 case. Also on September 6, 2013, the State filed the State's Response to set forth its responses to the objections raising only legal issues.

-2-
13-53846-tjt    Doc 1158    Filed 10/11/13    Entered 10/11/13 15:36:37    Page 2 of 11

5. The Court thereafter on September 12, 2013 entered the *First Amended Order Regarding Eligibility Objections, Notices of Hearing, and Certifications Pursuant to 28 U.S.C. § 2403(a)( & (b)* [Docket No. 821] (the "**Amended Scheduling Order**"), pursuant to which the Court directed, *inter alia*, "[b]ased on evidence obtained during discovery, any objecting party may file an amended objection by October 11, 2013" with such amended objection superseding the party's original objection.

6. In accordance with the Amended Scheduling Order, AFSCME now seeks to file an Amended Objection to supersede the Original AFSCME Objection to further supplement its arguments with respect to the propriety of this chapter 9 proceeding on the basis of evidence obtained through discovery.

7. Specifically, by this Amended Objection, and as will be developed more fully in the Amended Objection Brief, AFSCME further substantiates its challenge to the Debtor's qualifications under section 109(c). Separate and apart from AFSCME's challenges to the Debtor's qualifications under section 109(c), and again for reasons that will be more fully developed in AFSCME's Amended Objection Brief, AFSCME continues to argue, as it did in the Original AFSCME Objection, that chapter 9 of the Bankruptcy Code is itself unconstitutional as a violation of state sovereignty and should be struck down. Such Constitutional arguments, along with the related considerations of standing and jurisdiction, must be closely considered and resolved before the Court can proceed to the merits of the instant dispute.

8. Rule 9014-1(e) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan provides a 20 page limit to briefs filed in opposition to certain

identified proceedings, but does not include any page limitation on a brief filed in opposition to a Debtor's eligibility under Chapter 9 of the Bankruptcy Code.

9. Rule 7.1(d)(3)(A) of the Local Rules for the United States District Court for the Eastern District of Michigan ("**Rule 7.1(d)(3)(A)**") provides that the text of a response brief, including footnotes and signatures, may not exceed 25 pages.

10. AFSCME respectfully submits that, to the extent Rule 7.1(d)(3)(A) is applicable to the Objection Brief, AFSCME requires more than 25 pages to adequately address the panoply of state and federal constitutional and other legal issues relevant to this proceeding and to chapter 9 of the Bankruptcy Code generally. AFSCME must also address grave concerns with respect to the City's (i) lack of eligibility for chapter 9 under the requirements of section 109(c) of the Bankruptcy Code, and (ii) bad faith filing under section 921(c) of the Bankruptcy Code. Such matters require careful, detailed and extensive factual and legal briefing and cannot be constrained to any page limit proscribed by the local rule.

11. This Court previously granted AFSCME's motion to file the Original AFSCME Objection in excess of the page limit to afford AFSCME with sufficient opportunity to fully set forth its objections with respect to the City's chapter 9 filing. Particularly in light of the additional facts and arguments revealed through discovery that must be addressed *in addition* to those raised in the Original AFSCME Objection, AFSCME respectfully requests that this Court grant AFSCME the ability to submit an Amended Objection Brief in excess of the page limit.

12. The requested relief is further necessary to afford AFSCME sufficient opportunity to address and respond to the over sixty (60) pages of arguments and facts submitted in the Debtor's Eligibility Brief, the seventy-one (71) pages of arguments and facts submitted in the Debtor's Reply, the numerous other Eligibility Documents, and the additional

evidence now revealed during the discovery process. Under the constraints of the local rule, if applicable, AFSCME cannot possibly preserve the original arguments raised in the Original AFSCME Objection and incorporate those new facts and arguments revealed through discovery. Accordingly, and in the interests of due process, AFSCME should be granted permission to file an overlength Amended Objection Brief to ensure that all relevant facts and arguments on the important issues presented in this proceeding are adequately developed for the Court's consideration.

**WHEREFORE**, AFSCME respectfully requests that this Court (i) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief sought herein; and (ii) grant such other and further relief to AFSCME as the Court may deem proper.

Dated: October 11, 2013

**LOWENSTEIN SANDLER LLP**
By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
John K. Sherwood, Esq.
Philip J. Gross, Esq.
Keara M. Waldron, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
jsherwood@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1        Proposed Form of Order
Exhibit 2        Certificate of Service

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

### *EX PARTE* ORDER AUTHORIZING THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' TO FILE AN AMENDED OBJECTION IN EXCESS OF PAGE LIMIT

This matter coming before the Court on the e*x parte* motion (the "**Motion**") of the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") for an order authorizing it to file an Amended Objection Brief[1] in excess of page limit, filed by AFSCME; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. AFSCME may file its Amended Objection Brief in excess of 25 pages.

Signed on _____

_____
Steven Rhodes
United States Bankruptcy Judge

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

# **EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) ) | Case No. 13-53846 |
| Debtor. | ) ) | Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 11, 2013, the Ex Parte Motion of the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees for an Order Authorizing it to File an Amended Objection in Excess of Page Limit was filed with the Clerk of the Court using the CM/ECF system, which provides electronic notification of such filing to all counsel of record.

Dated: October 11, 2013

*/s/ Lisa M. Bonito*
Lisa M. Bonito
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)