# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

### *EX PARTE* MOTION OF THE DETROIT RETIREMENT SYSTEMS FOR AN ORDER AUTHORIZING THEM TO: (I) FILE A REPLY IN SUPPORT OF THEIR ELIGIBILITY OBJECTION AND (II) FILE A REPLY IN EXCESS OF PAGE LIMITATIONS

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") submit this *Ex Parte* Motion (the "Motion") for entry of an order authorizing the Retirement Systems to (i) file a reply (the "Reply") in support of their original Eligibility Objection (defined below) and (ii) to file the Reply in excess of page limitations. In support of this Motion, the Retirement Systems respectfully state as follows:

**Background**

1. On July 18, 2013, the City of Detroit, Michigan (the "City") filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code,

11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). In support of the petition and the related statement of qualifications, the City filed a Memorandum of Law in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code [Docket No. 14].

2. The Retirement Systems are listed by the City as its two largest unsecured creditors, allegedly holding claims in an aggregate amount of approximately $3.5 billion. The Retirement Systems safeguard the accrued financial benefits of the more than 32,000 active and retired employees of the City who are participants in the Retirement Systems.

The Eligibility Objection

3. On August 19, 2013, the Retirement Systems filed their *Objection of the Detroit Retirement Systems to the Eligibility of the City of Detroit, Michigan to be a Debtor Under Chapter 9 of the Bankruptcy Code* [Dkt. No. 519] (the "Eligibility Objection"). The Eligibility Objection argues, generally, that the City cannot satisfy the eligibility requirements of sections 109(c)(2) and 109(c)(5) of the Bankruptcy Code.

Events Subsequent to Filing the Eligibility Objection

4. On September 6, 2013, the City filed its Consolidated Reply to Objections to the Entry of an Order for Relief [Dkt. No. 765] (the "Consolidated Reply") arguing, for the first time, that determining the City to be eligible does not

2

13-53846-tjt    Doc 1167    Filed 10/11/13    Entered 10/11/13 20:31:05    Page 2 of 10

impair pensions and that the Pensions Clause and the Contract Clause of the Michigan Constitution provide essentially the same protection of pension benefits. As a result, the City argues that the Court may impair pension benefits like any other contract through confirmation of a plan of adjustment.

5. On September 17, 2013, the City also filed a response to the Retiree Committee's eligibility objection [Dkt. No. 918], raising additional legal arguments.

6. On September 20, 2013, the *Ex Parte* Motion of the State of Michigan for Leave to File a Supplemental Response to the Eligibility Objections Raising Only Legal Issues [Dkt. No. 987] was filed. The Court entered an *Ex Parte* Order [Dkt. No. 995] granting the State of Michigan's motion on September 20, 2013.

7. On October 4, 2013, the State of Michigan's Supplemental Response to Eligibility Objections Raising Only Legal Issues [Dkt. No. 1085] was filed, which argues, in part, that determining that the City is eligible to be a debtor under chapter 9 will not impair any contracts.

8. In addition to the foregoing events, on September 13, 2013, the Retirement Systems received discovery responses from the City which revealed facts relevant to the Eligibility Objection.

The Court's Eligibility Scheduling Order

9. On September 12, 2013, the Court entered the First Amended Order Regarding Eligibility Objections Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b) [Dkt. No. 821] (the "Amended Eligibility Scheduling Order").

10. The Amended Eligibility Scheduling Order states, in relevant part: "Based on evidence obtained during discovery, any objecting party may file an amended objection by October 11, 2013. Any such amended objection shall supersede the party's original objection." Amended Eligibility Scheduling Order, § VII, p. 7.

**Relief Requested**

11. The Retirement Systems intend to file a Reply in support of the Eligibility Objection, which is based, in part, upon facts learned in discovery, but which also responds to legal arguments made by the City and the State of Michigan in the briefs referenced above.

12. The Reply incorporates the Retirement Systems' original Eligibility Objection by reference. To avoid the uncertainty that the Court could treat the Reply as superseding the Eligibility Objection (per Section VII of the Amended Eligibility Scheduling Order), however, the Retirement Systems request

4

permission to file the Reply as such, in addition to their Eligibility Objection, rather than folding it into an amended Eligibility Objection.

13. The Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan do not establish a specific page limit for objections to eligibility. The 20-page limit for briefs set forth in E.D. Mich. LBR 9014-1(e) is not applicable to eligibility objections. The 5-page limit for reply briefs set forth in E.D. Mich. LBR 9014-1(e) also does not apply to eligibility objections.

14. E.D. Mich. LR 7.1(d)(3)(A), made applicable to this case by E.D. Mich. LBR 9029-1(1)(a), states that "[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages. A person seeking to file a longer brief may apply *ex parte* in writing setting forth the reasons." E.D. Mich. LR 7.1(d)(3)(A). E.D. Mich. LR 7.1(d)(3)(B) states that "the text of a reply brief, including footnotes and signatures, may not exceed 7 pages."

15. The Retirement Systems request entry of an order expanding the page limitations set forth in E.D. Mich. LBR 9014-1(e) and in E.D. Mich. LR 7.1(d)(3)(A), (B), to the extent that these rules are applicable to the Reply.

16. The Retirement Systems' Reply addresses a seminal issue in this case, namely whether the City is eligible to avail itself of the protections of Chapter 9 and addresses the City and the State of Michigan's arguments on this issue. Although the Retirement Systems have made a concerted effort to address each of

the legal and factual issues raised in their Reply concisely, the legal issues presented require detailed explanation, citation, and analysis of both state and federal constitutional, statutory, and case law.

17. The importance of the issues before the Court, and the impact that the Court's eligibility determination will potentially have upon the Retirement Systems and thousands of other creditors of the City, warrant granting the Retirement Systems relief from the page limits set forth in E.D. Mich. LBR 9014-1(e) and in E.D. Mich. LR 7.1(d)(3)(A), (B). Without this relief, the Retirement Systems will be hampered in their effort to adequately address the numerous issues before the Court.

WHEREFORE, for the reasons set forth above, the Retirement Systems respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A and grant such other relief as the Court deems proper.

Respectfully submitted,

CLARK HILL PLC


/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
Evan J. Feldman (P73437)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
sdeeby@clarkhill.com
jgreen@clarkhill.com
efeldman@clarkhill.com

Dated: October 11, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**ORDER AUTHORIZING THE DETROIT RETIREMENT SYSTEMS TO: (I) FILE A REPLY IN SUPPORT OF THEIR ELIGIBILITY OBJECTION AND (II) FILE A REPLY IN EXCESS OF PAGE LIMITATIONS**

This matter having come before the Court upon the *Ex Parte* Motion of the Detroit Retirement Systems for an Order Authorizing Them to: (i) File a Reply in Support of Their Eligibility Objection (ii) File a Reply in Excess of Page Limitations (the "Motion"); the Court having considered the Motion and finding that good cause exists for granting the relief requested;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Retirement Systems are authorized to file the a Reply in support of their Eligibility Objection.[1]

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion.

3. The Retirement Systems are granted relief from E.D. Mich. LBR 9013-1(e) and E.D. Mich. LR 7.1(d)(3)(A), (B) and are authorized to file a Reply in excess of twenty-five (25) pages.