UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                            Chapter 9

City of Detroit, Michigan,                        Case No. 13-53846

       Debtor.                              Hon. Steven W. Rhodes

_____/

**OBJECTION OF DETROIT POLICE OFFICERS ASSOCIATION
TO MOTION AND INCORPORATED MEMORANDUM OF LAW BY
PARTY-IN-INTEREST THOMAS GERALD MOORE FOR RELIEF FROM
THE AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO
PROCEED FOR DISCOVERY PURPOSES AND/OR TO RECOVER
ANY INSURANCE COVERAGE UNDER DEFENDANTS'
<u>HOMEOWNERS INSURANCE POLICIES</u>**

The Detroit Police Officers Association (the "DPOA"), through its counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., submits the following Objection to the Motion and Incorporated Memorandum of Law by Party-In-Interest Thomas Gerald Moore for Relief from the Automatic Stay to Allow Civil Litigation to Proceed for Discovery Purposes and/or to Recover any Insurance Coverage Under Defendants' Homeowners Insurance Policies (the "Objection") as follows:

    1.    The DPOA supports and adopts the arguments set forth in the Debtor's Combined Objection and Memorandum of Law Opposing the Motion and

Incorporated Memorandum of Law by Party-In-Interest Thomas Gerald Moore for Relief from the Automatic Stay to Allow Civil Litigation to Proceed for Discovery Purposes and/or to Recover any Insurance Coverage Under Defendants' Homeowners Insurance Policies [Doc. No. 1145] (the "City's Objection").

2. Prior to the filing of this Chapter 9 proceeding and the resultant Stay pursuant to 11 U.S.C. §362, the City was obligated to defend and indemnify individuals such as Detroit Police Officers Fulgenzi and Headapohl (the "Defendants") in the event of a lawsuit and judgment against them. In matters like the proceeding filed by Moore, the City is ordinarily the sole source of a defense and/or indemnification for acts allegedly committed by members of the DPOA in the good faith performance of their duties as City employees. Furthermore, the right to a defense and/or indemnification is included under Ordinance Section 13-11-b, applicable union Collective Bargaining Agreements, and the City Employment Terms ("CET"), and that right is not obviated by any alleged, alternative source of a defense and/or indemnification. As set forth in the declaration of the DPOA's labor counsel, James Moore, Esq., Exhibit A to the City's Objection, the DPOA has demanded and the City has undertaken the defense of the Defendants.

3. The Motion and Incorporated Memorandum of Law by Party-In-Interest Thomas Gerald Moore for Relief from the Automatic Stay to Allow Civil

Litigation to Proceed for Discovery Purposes and/or to Recover any Insurance Coverage Under Defendants' Homeowners Insurance Policies (the "Moore Stay Motion") [Docket No. 1035] seeks to have the stay lifted to proceed against the Defendants based upon some as yet unarticulated, wholly speculative suggestion that the Defendants may possibly have a right to a defense or indemnification under their homeowners' insurance policies.[1] The Moore Stay Motion provides this Court with nothing beyond this speculative suggestion, which cannot rise to the level of the showing of "cause" required under Section 362(d)(1).

4. The Defendants are among the DPOA and other Detroit Public Safety Union members who have provided essential services—police and fire protection-- on a daily basis to the City, its inhabitants and its visitors under extremely difficult conditions. The DPOA asserts that the allegations against Defendants arise out of their good faith performance of these duties. Both have rights of defense and indemnification from the City, and, in spite of its speculation, the Moore Stay Motion makes no showing that either Defendant has a right to a defense or to indemnification from any non-debtor third party.

---

[1] As noted above, even if such coverage existed, it would not obviate the City's obligation to defend and indemnify in this case. Furthermore, as the City's Objection aptly notes the Moore Motion makes no suggestion that it would limit its recovery to the coverage available under the homeowners' policies and offers no more than rank speculation that such policies might provide a defense or indemnification. Such speculation does not remotely rise to the level of "cause" required by Section 362(d)(1).

5. Any modification of the Stay would be contrary to the Stay Orders entered by this Court [Doc. Nos. 166 and 167], would almost certainly require the individual Defendants to seek stay relief to compel the City to defend and indemnify them and would also expose the Defendants to potential personal financial ruin. Given the Defendants' role in providing essential City services under often harrowing circumstances and given the other daily distractions they may face as a result of the City's financial distress and these Chapter 9 proceedings, it would be unconscionable to open the Defendants, and others who are similarly situated, to personal exposure in lawsuits under such circumstances based upon speculation that there might be an alternative source of defense and/or indemnification.

6. Finally, and most importantly, the City's Opposition indicates its intent to comply with this Court's October 8, 2013 opinion and order [Docket No. 1114] and to file a motion seeking to establish a claims procedure that would address Moore's claims. The DPOA, together with the other Detroit Public Safety Unions, has communicated its desire to have these and all other pending claims against its individual members fully and finally resolved through that claims process to the City.

## RELIEF REQUESTED

WHEREFORE, the DPOA respectfully request that this Honorable Court deny the Motion of Gerald Moore for Relief from this Court's Order Staying Proceedings in its entirety.

        ERMAN, TEICHER, MILLER,
        ZUCKER & FREEDMAN, P.C.

        By: */s/ Barbara A. Patek*
            Earle I. Erman (P24296)
            Barbara A. Patek (P34666)
            Craig E. Zucker (P39907)
            Counsel for the Detroit Public Safety Unions
            400 Galleria Officentre, Suite 444
            Southfield, MI 48034
            Telephone: (248) 827-4100
            Facsimile: (248) 827-4106
            E-mail: bpatek@ermanteicher.com

DATED: October 12, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                               Chapter 9

City of Detroit, Michigan,                          Case No. 13-53846

                   Debtor.                                      Hon. Steven W. Rhodes

_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 12, 2013, the Objection to the Motion and Incorporated Memorandum of Law by Party-In-Interest Thomas Gerald Moore for Relief from the Automatic Stay to Allow Civil Litigation to Proceed for Discovery Purposes and/or to Recover any Insurance Coverage Under Defendants' Homeowners Insurance Policies and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

        ERMAN, TEICHER, MILLER,
        ZUCKER & FREEDMAN, P.C.

        By: */s/ Barbara A. Patek*
            Barbara A. Patek (P34666)
            Counsel for the Detroit
            Public Safety Unions
            400 Galleria Officentre, Suite 444
            Southfield, MI 48034
            Telephone: (248) 827-4100
            Facsimile: (248) 827-4106
            E-mail: bpatek@ermanteicher.com

DATED: October 12, 2013