UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,     .     Docket No. 13-53846
        MICHIGAN,            .
                             .     Detroit, Michigan
                             .     October 10, 2013
                  Debtor.    .     3:33 p.m.
. . . . . . . . . . . . . . . . .


HEARING RE. PETITIONERS ROBERT DAVIS' AND
DESMOND M. WHITE'S EMERGENCY MOTION FOR CLARIFICATION
OF THE COURT'S JULY 25, 2013, STAY ORDER
AND RELIEF FROM STAY
BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:      Miller, Canfield, Paddock & Stone, PLC
                     By:  STEPHEN S. LAPLANTE
                     150 West Jefferson, Suite 2500
                     Detroit, MI  48226
                     (313) 963-6420

For Robert Davis     Paterson Law Office
and Desmond M.       By:  ANDREW A. PATERSON
White:               46350 Grand River, Suite C
                     Novi, MI  48374
                     (248) 568-9712

Court Recorder:      Letrice Calloway
                     United States Bankruptcy Court
                     211 West Fort Street
                     21st Floor
                     Detroit, MI  48226-3211
                     (313) 234-0068

Transcribed By:      Lois Garrett
                     1290 West Barnes Road
                     Leslie, MI  49251
                     (517) 676-5092

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1    THE CLERK:  All rise.  Court is in session.  Please

2  be seated.  Case Number 13-53846, City of Detroit, Michigan.

3    THE COURT:  Appearances, please.

4    MR. PATERSON:  Andrew Paterson on behalf of the

5  plaintiff, White.

6    MR. LAPLANTE:  Stephen LaPlante of Miller Canfield

7  on behalf of the city.

8    THE COURT:  Thank you.

9    MR. LAPLANTE:  I would also add Mr. Davis is here as

10  pro per in the state court proceedings.

11    THE COURT:  Mr. LaPlante, I'd like to actually begin

12  with you.

13    MR. LAPLANTE:  Okay, your Honor.  Good afternoon.

14    THE COURT:  I can't quite tell from your filing,

15  which I had an opportunity to review here, why the

16  plaintiff's lawsuit that's the subject of this motion

17  constitutes a claim against the city.

18    MR. LAPLANTE:  Your Honor, there are actually two

19  things that they're asking for.  One has to do with the state

20  court lawsuit, and they've agreed that they aren't going to

21  pursue any monetary damages against the city clerk or the

22  election commission --

23    THE COURT:  Correct.

24    MR. LAPLANTE:  -- and so we've agreed that they can

25  go ahead and proceed with that, and, in fact, that's what we

1  proposed in our submission.

2           THE COURT:  Well, it sort of is.  What you agreed

3  was that the stay could be lifted.  That's not my question.

4           MR. LAPLANTE:  Well, go ahead and repeat the

5  question.

6           THE COURT:  My question is why is there a stay at

7  all if their suit is not a claim against the city?  The stay

8  only applies to claims against the city.  "Claim" is a

9  defined term in the Bankruptcy Code; right?

10          MR. LAPLANTE:  I understand that, your Honor, but

11 until speaking with Mr. Paterson, with counsel for Mr. Davis

12 and Ms. White, I didn't know that they weren't going to

13 pursue any damages as part of their claims against the city

14 clerk for which the city would have to indemnify and the

15 members of the election commission, so that was just made

16 clear to me in my discussions with Mr. Paterson last night.

17 This has been on a very quick track, and so with that we

18 agreed --

19          THE COURT:  Okay.  I want to get to the heart of it

20 here.  Are you agreeing that there is no stay as to the suit,

21 or are you agreeing to lift the stay as the suit -- to the

22 suit because those are two very different things?

23          MR. LAPLANTE:  Your Honor, we agreed to modify the

24 stay, but, in fact, if -- in fact, if it's agreed by them

25 that they aren't going to pursue any monetary damages, costs,

1  attorney's fees, et cetera, then we will agree that the stay

2  does not apply to that suit.

3          THE COURT:  All right.

4          MR. LAPLANTE:  It does, however, apply to the

5  balance of the relief that they've requested.

6          THE COURT:  All right.  Hold on that for me for just

7  a second.  Mr. Paterson, may I see you, please?  You can just

8  stay there, Mr. LaPlante.

9          MR. PATERSON:  Your Honor, we have had some

10  discussion over the nature of a proposed order, and the order

11  that we had submitted along with our petition to the Court

12  included matters that are not ours, and we took it on ourself

13  to --

14          THE COURT:  I have a very specific question for you.

15          MR. PATERSON:  Yes.  And I liked your question to

16  him because that was --

17          THE COURT:  I have a question.

18          MR. PATERSON:  -- troubling me.

19          THE COURT:  I have a question for you.

20          MR. PATERSON:  Yes, sir.

21          THE COURT:  Are you ready?

22          MR. PATERSON:  Yes, sir.

23          THE COURT:  Okay.  Is what Mr. LaPlante said about

24  your agreement not to pursue any kind of a monetary award

25  against the city or its officers true?

1        MR. PATERSON:  That is true.  We did not ask for it

2  in our state court case, and we --

3        THE COURT:  Then as to that, I will enter a very

4  straightforward order, which says that in light of that

5  waiver, this lawsuit, White and Davis versus the City

6  Election Commission and the City Clerk or whoever the

7  defendants are, is not stayed by the automatic stay.

8        MR. PATERSON:  Thank you.  And we kind of agreed to

9  that, but --

10        THE COURT:  Excellent.

11        MR. PATERSON:  There was relief that I'd sought

12  that --

13        THE COURT:  That goes beyond that.

14        MR. PATERSON:  Goes beyond that, and let me tell you

15  why.  I think the question you asked him, whether it was a

16  modification, as he suggested, or a clarification that this

17  kind of a lawsuit is not covered by your stay order is

18  ambiguous, understandably so, in the minds of the Circuit

19  Court judges that I've encountered that have been met with --

20        THE COURT:  I'm sorry.  What's ambiguous?

21        MR. PATERSON:  The extent of your stay order with

22  respect to --

23        THE COURT:  Okay.  This is not a question of the

24  stay order at all.

25        MR. PATERSON:  I didn't think so either.

 1          THE COURT:  There are three stays; right?  There's

 2   the Section 362 stay, there's the 922 stay, and there's the

 3   extended stay under Section 105.  All of them --

 4          MR. PATERSON:  The 922 --

 5          THE COURT:  All of them depend in the first instance

 6   on whether the plaintiff's suit involves a claim against the

 7   city, and the word "claim," as we've pointed out, is a

 8   defined term.

 9          MR. PATERSON:  Your Honor, that was my

10   understanding.

11          THE COURT:  So if it's a claim against the city,

12   then under 362 it's stayed.  If it's against the governor and

13   the other people named in the extended order, it's stayed.

14   If it's against the people identified in 922, it's stayed.

15   But the first question always has to be is it a claim against

16   the city?

17          MR. PATERSON:  And that's my understanding.  I've

18   encountered, though, circuit judges that are met with the

19   argument from corporation counsel, not from Mr. LaPlante,

20   that the -- one of those stay orders may affect the

21   litigation.  "May" is the word they always use, and

22   understandably --

23          THE COURT:  Well, it's hard for me to give you an

24   advisory opinion on every other lawsuit that might be filed.

25          MR. PATERSON:  Well, that's why I filed the

7

1  supplement.

2          THE COURT:  I don't know what to tell you about

3  that.

4          MR. PATERSON:  Well, that's why -- we've prepared a

5  proposed order that mirrors the Supreme Court's direction

6  with respect to election day matters or election cases and

7  the special procedures that all of the courts go through on

8  election day, and it purported to include that -- a paragraph

9  mirroring the language we've agreed to with respect to the --

10         THE COURT:  Okay.

11         MR. PATERSON:  -- White and Davis case.

12         THE COURT:  You know, if the city and you agree on

13 some description of the kinds of cases that the stay does not

14 apply to and you want that in an order, if you agree, I'm

15 with you.

16         MR. PATERSON:  Well, we do.

17         THE COURT:  Is that right, sir?

18         MR. LAPLANTE:  Yes, your Honor.

19         THE COURT:  Okay.

20         MR. PATERSON:  The only -- I guess, in light of your

21 questions, which mirrored mine, the proposed order that we

22 had discussed talked about the city agreeing to a

23 modification of the stay orders.

24         THE COURT:  Yeah.  I want to say the stay does not

25 apply if it's not a claim.

1    MR. PATERSON:  And this order then would clarify

2  that the stay does not apply, and we'd change the language to

3  that effect.

4    MR. LAPLANTE:  Yes, we agree to that.

5    THE COURT:  All right.  So, you know, as the two of

6  you may know, one of our most highly respected Chapter 7

7  trustees, David Allard, passed away a couple days ago, and

8  visitation is this evening, so I was planning to leave for

9  that by five, so if you can get me an order by then, you

10  know, we'll see that it gets entered.  Otherwise it'll be

11  first thing in the morning.

12    MR. PATERSON:  We will do it right now.

13    THE COURT:  All right.  Is there anything else we

14  need to do today?

15    MR. PATERSON:  There's not, your Honor.

16    MR. LAPLANTE:  There isn't, your Honor.

17    THE COURT:  All right.  Thank you, counsel.

18    MR. LAPLANTE:  Thank you.

19    THE CLERK:  All rise.  Court is in recess.

20    (Proceedings concluded at 3:42 p.m.)

INDEX


<u>WITNESSES:</u>

     None

<u>EXHIBITS:</u>

     None



        I certify that the foregoing is a correct transcript
from the sound recording of the proceedings in the above-
entitled matter.



/s/ Lois Garrett                    October 14, 2013

Lois Garrett