# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---------------------------------------------- x
                                          :

In re                                       :             Chapter 9
                                          :

CITY OF DETROIT, MICHIGAN,    :             Case No. 13-53846
                                          :

                    Debtor.             :             Hon. Steven W. Rhodes
                                          x

## DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY

The City of Detroit, Michigan (the "City"), as the debtor in the above-captioned case, hereby objects to the Motion for Relief from the Automatic Stay and to Waive Provisions of F.R.Bankr.P. 4001(a)(3) [Dkt. No. 1057] (the "Motion") filed by Clifford Properties, Inc. ("Plaintiff"). There are two possibilities here. From Plaintiff's allegations and proposed complaint, it would appear that the City has no interest in the property at issue. If this is indeed the case, the City lacks a "dog in the fight" and thus there is no reason to grant Plaintiff relief from stay and force the City to participate (however briefly) in Plaintiff's proposed action. Alternatively, if the City does have an interest in the property at issue, then the protections of the automatic stay become paramount. Either way, Plaintiff's request for relief from the automatic stay should be denied.

## Background

In its Motion, Plaintiff assets that it wishes to quiet title to property located at 2482 Clifford, Detroit, Michigan (the "Property"). Motion, ¶ 2. Plaintiff asserts that there are several liens on this Property, though Plaintiff declines to elaborate further as to their nature. Motion, ¶ 3. Plaintiff apparently does not believe that the City holds any of these liens, since Plaintiff states that "Debtor is only a named defendant in this lawsuit due to the fact that the real property is located in the City of Detroit." Motion, ¶ 5. According to the proposed complaint provided by Plaintiff and attached as Exhibit A to this Objection, Plaintiff seeks to quiet title pursuant to MCL § 600.2932.[1]

---

[1] Sec. 2932. (1) **Interest of plaintiff.** Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

(2) **Mortgagees, eligibility.** No action may be maintained under subsection (1) by a mortgagee, his assigns, or representatives for recovery of the mortgaged premises, until the title to the mortgaged premises has become absolute, or by a person for the recovery of possession of premises, which were sold on land contracted, to whom relief is available under subdivision (1) of section 5634.

(3) **Establishment of title, relief afforded.** If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto. In an appropriate case the court may issue a writ of possession or restitution to the sheriff or other proper officer of any county in this state in which the premises recovered are situated.

(4) **Tenancy in common.** Any tenant or tenants in common who recovers any undivided interest in lands in an action under subsection (1) against a person or persons who may be in possession thereof, but who does not show in the trial of such action that he or they have any interest therein or title thereto, may take possession of the entire premises subject to all of the rights and interest of the other tenant or tenants in common therein.

(5) **Actions equitable in nature.** Actions under this section are equitable in nature.

## Objection

*Plaintiff Provides No Explanation for Why It Wishes to Sue the City*

MCL § 600.2932 allows a plaintiff to bring an action "against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." MCL § 600.2932(1). Plaintiff affirmatively states that the only reason the City is to be named in this suit is because the Property is located in the City. Motion, ¶ 5. Since Plaintiff does not allege that the City has an interest in the Property, let alone one adverse to Plaintiff's, there is no reason for Plaintiff to involve the City in its proposed quiet title action, much less get relief from the stay to do so[2].

*Plaintiff Provides No Reason for Granting Relief from the Automatic Stay*

Section 362(a)(1) of the Bankruptcy Code provides in relevant part that a petition for bankruptcy relief

> operates as a stay, applicable to all entities, of the commencement . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the

---

[2] The City requested the Plaintiff specify what interest it believes the City holds with respect to the Property, but it failed to do so. The Plaintiff has not provided the City with a title search or any other documentation with respect the City's inclusion in the quiet title action. The statute on which the quiet title action is based does not by its terms require the municipality in which the Property is located to be joined as a party. To be consistent, however, the complaint does not specify the interests claimed by the other defendants or why the Plaintiff's interest is superior to such claimed interests. The City should not have to guess as to the nature of the Plaintiff's claims.

debtor that arose before the commencement of the case
. . . .

11 U.S.C. § 362(a)(1). "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." Javens v. City of Hazel Park (In re Javens), 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

Section 362(d) of the Bankruptcy Code authorizes a bankruptcy court to grant relief from the automatic stay in limited circumstances. 11 U.S.C. § 362(d). Two such circumstances are implicated here. The first circumstance is a situation where the debtor lacks equity in certain property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). The second circumstance is for "cause." 11 U.S.C. § 362(d)(1).

Plaintiff's Motion suggests that the first circumstance is applicable here, alleging that "[t]his property has no value to the Bankruptcy estate [sic][3] and it is not necessary for an effective reorganization." Motion, ¶ 7. This is a strange assertion since neither the Motion nor the proposed complaint allege that the City has an interest in the Property, let alone an ownership interest. Consequently it is

---

[3] Plaintiff likely means "to the Debtor," since a chapter 9 filing does not create a bankruptcy estate. 11 U.S.C. § 902(2).

- 4 -

21608049.2\022765-00202
13-53846-tjt    Doc 1185    Filed 10/14/13    Entered 10/14/13 18:02:24    Page 4 of 12

hard to see why section 362(d)(2) would even be applicable. Further, the Property itself may not be owned by the City, but presumably the City collects property taxes on it. Such taxes result in a lien on the Property until the taxes are paid. See MCL § 211.40. A quiet title action could strip any actual or inchoate tax liens that lie against the Property for failure to pay taxes. See Cole v Cardoza, 441 F.2d 1337, 1343-44 (6th Cir. 1971). As noted previously, if there are no unpaid taxes, then there is no reason to involve the City in the law suit, and if there are, then the City likely has a lien and thus an interest in the Property. Either way, relief from the stay should be denied.

Plaintiff fails to allege any other cause for granting relief from the automatic stay. "The Bankruptcy Code does not define 'cause' as used in § 362(d)(1). Therefore, under § 362(d)(1), 'courts must determine whether discretionary relief is appropriate on a case by case basis.'" Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.), 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (quoting Laguna Assocs. L.P. v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. L.P.), 30 F.3d 734, 737 (6th Cir. 1994)). The determination of whether to grant relief from the Automatic Stay "resides within the sound discretion of the Bankruptcy Court." Sandweiss Law Ctr., P.C. v. Kozlowski (In re Bunting), No. 12-10472, 2013 WL 153309 at *17 (E.D. Mich. Jan. 15, 2013) (quoting Garzoni v. K-Mart Corp. (In re Garzoni), 35 F. App'x 179, 181 (6th Cir. 2002)).

> To guide the bankruptcy court's exercise of its discretion . . . the Sixth Circuit identifies five factors for the court to consider: (1) judicial economy; (2) trial readiness; (3) the resolution of the preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

Bunting, 2013 WL 153309, at *17 (quoting Garzoni, 35 F. App'x at 181) (internal quotation marks omitted). "In determining whether cause exists, the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." Plastech Engineered Prods., 382 B.R. at 106 (quoting In re C & S Grain Co., 47 F.3d 233, 238 (7th Cir. 1995)).

While the issue of "cause" does not appear to be applicable to the Motion, an analysis of these factors confirms that there is no "cause" justifying relief from the automatic stay. Taking the factors in order yields the following analysis.

1. Judicial economy weighs against relief. Plaintiff does not allege that the City has any interest in the Property Plaintiff wishes to challenge. Plaintiff admits that it only wants to sue the City because the Property is located in the City. Motion, ¶ 5. It is not in the interest of judicial economy to involve the City in a law suit where the Plaintiff cannot articulate a cognizable reason to sue the City.

2. The action has not yet commenced, so the proposed quite title action is neither trial ready nor close to it.

3. Plaintiff does not allege or suggest that this proposed quiet title action will resolve any issues in the City's bankruptcy case.

4. Plaintiff's bare bones allegations do not list which liens it seeks to challenge, much less allege any facts to suggest that Plaintiff will succeed on the merits in its proposed quiet title action. This also cuts against relief.

5. The cost of defense and impact on creditors weighs against granting relief. It is wasteful for the City to participate in a quiet title action where it has no interest in the Property involved. Conversely, if the City <u>does</u> have an interest in the Property, perhaps via a current or inchoate tax lien or some other mechanism, failure to participate could deprive the City of property, thus decreasing funds for creditors. Either result is a loss for the City.

In short, none of the factors suggest that relief from the automatic stay should be granted pursuant to 11 U.S.C. § 362(d)(1).

WHEREFORE, for the reasons set forth in this Objection, the City respectfully requests that this Court deny the Motion and grant such other and further relief to the City as the Court may deem proper.

Dated: October 14, 2013

        Respectfully submitted,

        By: /s/ Timothy A. Fusco
        Jonathan S. Green (P33140)
        Stephen S. LaPlante (P48063)
        Timothy A. Fusco (P13768)
        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 963-6420
        Facsimile: (313) 496-7500
        green@millercanfield.com
        laplante@millercanfield.com
        fusco@millercanfield.com

        David G. Heiman (OH 0038271)
        Heather Lennox (OH 0059649)
        JONES DAY
        North Point
        901 Lakeside Avenue
        Cleveland, Ohio 44114
        Telephone: (216) 586-3939
        Facsimile: (216) 579-0212
        dgheiman@jonesday.com
        hlennox@jonesday.com

        Bruce Bennett (CA 105430)
        JONES DAY
        555 South Flower Street Fiftieth Floor
        Los Angeles, California 90071
        Telephone: (213) 243-2382
        Facsimile: (213) 243-2539 bbennett@jonesday.com

        ATTORNEYS FOR THE CITY OF DETROIT

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

CLIFFORD PROPERTIES, INC.,
A Corporation,
      Plaintiff,

v.

Case No.     -CH
The Hon.

CITY OF DETROIT,
FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for Paramount Bank,
GARBE ROOFING & SHEET METAL INC.,
LYNN A. JUDD,
HARRY KEFALONITIS,
MARIA KEFALONITIS,
MARTY KMIECIK,
DENISE KOUSKOULAS,
GEORGE KOUSKOULAS,
DENISE KOUSKOULOS,
LEVEL ONE BANK,
STATE OF MICHIGAN,
ROY'S ELECTRIC,
WAYNE COUNTY TREASURER,
      Defendants.

_____/

FLG PLLC
Attorneys for Plaintiff
By: Michael Greiner (P68241)
29601 Hoover Road
Warren, MI 48093
(586) 693-2000 phone and fax
mike@financiallawgroup.com

_____/

## COMPLAINT TO QUIET TITLE

Plaintiff states the following for its complaint against the defendants:

1. Plaintiff is a Michigan corporation with its principal place of business located in the City of Detroit, Wayne County, Michigan.

2. Defendants are located as follows:
    a. CITY OF DETROIT, Detroit, County of Wayne, State of Michigan
    b. FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Paramount Bank, Washington, District of Columbia

c. GARBE ROOFING & SHEET METAL INC., Mt. Clemens, County of Macomb, State of Michigan
d. LYNN A. JUDD, St. Clair Shores, County of Macomb, State of Michigan
e. HARRY KEFALONITIS, Grosse Pointe Shores, County of Wayne, State of Michigan
f. MARIA KEFALONITIS, Grosse Pointe Shores, County of Wayne, State of Michigan
g. MARTY KMIECIK, Hamtramck, County of Wayne, State of Michigan
h. DENISE KOUSKOULAS, Grosse Pointe Shores, County of Wayne, State of Michigan
i. GEORGE KOUSKOULAS, Grosse Pointe Woods, County of Wayne, State of Michigan
j. DENISE KOUSKOULOS, Grosse Pointe Shores, County of Wayne, State of Michigan
k. LEVEL ONE BANK, Farmington Hills, County of Oakland, State of Michigan
l. STATE OF MICHIGAN, Lansing, County of Ingham, State of Michigan
m. ROY'S ELECTRIC, Hamtramck, County of Wayne, State of Michigan
n. WAYNE COUNTY TREASURER, Detroit, County of Wayne, State of Michigan

3. Plaintiff seeks equitable relief pursuant to MCL 600.2932 to quiet title against defendants regarding real property located in Detroit; therefore this court has jurisdiction, and this court is the proper venue for the complaint.

4. This complaint involves title to real property (the "Property") commonly known as 2482 Clifford, Detroit, Michigan 48201, legally described as:

**Lot 31, except the east 1 foot and Lots 32, 33, 34, and 35, Duffield's Sub-division of part of Park Lots 80 and 81 in the City of Detroit, Michigan, surveyed October 29, 1953, by Thomas Campau, according to the plat thereof as recorded in Liber 49, Page 573 of Plats, Wayne County Records.**

Tax identification numbers 02-001981-3 (lots 32, 33, 34, and 35) and 02-001984 (lot 31, except the east 1 foot).

5. Plaintiff purchased the Property on August 25, 1998..

6. The Deed is recorded at Liber 30200, Page 4491.0, Wayne County records, and is attached as Exhibit A.

7. Various defendants at one time or another have claimed an interest in the subject property.

8. All liens and claims of interest have been satisfied.

THEREFORE, Plaintiff respectfully requests that this court:

A. Enter judgment determining that Plaintiff holds full legal and equitable title to the Property in fee simple absolute, free and clear of any and all claims of defendants in this action, and quieting title to the Property forever in Plaintiff, subject only to a first mortgage dated April 19, 2005, recorded at Liber 42641, page 1174 et. seq., Wayne County Records, and assigned to Level One Bank on December 10, 2010 in a document recorded at Liber 50178, Pages 434 et. seq., Wayne county Records; and a second mortgage dated December 4, 2012 and held by Denise Kouskoulas.

B. Grant such other relief as is equitable.

Respectfully submitted,

FLG PLLC

By: _____
Michael Greiner (P68241)
Attorney for Plaintiff
29601 Hoover Road
Warren, MI 48093
(586) 693-2000

Dated: September 19, 2013

DEC -7 1998
DEC 07 1998

PR 30 1999

9947168 MAY 10 1999

Liber-30200 Page-4491.0
99286062 4/30/1999 11:56PM
F.E. Youngblood, Wayne Co. Register of Deeds

STATE OF MICHIGAN
WAYNE COUNTY
JULY 17, 1999
RECEIPT #1252

REAL ESTATE TRANSFER TAX
$ 187.00-CO
$ 1275.00-ST
STAMP #100205578

# WARRANTY DEED
STATUTORY FORM

KNOW ALL MEN BY THESE PRESENTS:
That RAY MICALLEF a/k/a RAY N. MICALLEF and MARIA MICALLEF, husband and wife and CHARLES V. MICALLEF a/k/a CHARLES MICALLEF, an unmarried man
Residing at RNM & MM: 3212 Post Road, Newport MI 48166
CM: 5185 Pte. Tremble Road, Algonac, MI 48001

Convey(s) and warrant(s) to CLIFFORD PROPERTIES, INC., a Michigan Corporation
whose street number and Post Office address is 70 Regal Place, Grosse Pointe Shores, Michigan 48236
the following premises situated in the City of Detroit, County of Wayne and the State of Michigan, to-wit:

Lot 31, except the east 1 foot and Lots 32, 33, 34, and 35, Duffield's Sub-division of part of Park Lots 80 and 81 in the City of Detroit, Michigan, surveyed October 29, 1953, by Thomas Campau, according to the plat thereof as recorded in Liber 49, Page 573 of Plats, Wayne County Records.

TAX I.D. #  Ward 2 02-001981-3 (Lots 32, 33, 34, and 35)
            02-001984 (Lot 31, except the east 1 foot)
COMMONLY KNOWN AS: 2482 Clifford, Detroit, Michigan 48201

together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, for the full consideration of:
One Hundred Seventy Thousand Dollars ($170,000.00)

NAME CHANGE REVIEWED

subject to the existing building and use restrictions and easements of record and zoning ordinances.

This is to certify that there are no tax liens or titles on this property and that taxes are paid for FIVE YEARS previous to date of this instrument,

Dated this 25th day of August, A.D., 1998

DEC 07 1998

Signed by: No. 66 Clerk
Treasurer, City of Detroit

Signed in Presence of:

STEPHEN J. TRAHEY
RAY N. MICALLEF a/k/a RAY MICALLEF

IRENE MICALLEF
MARIA MICALLEF, his wife

CHARLES V. MICALLEF a/k/a CHARLES MICALLEF, a single man

STATE OF MICHIGAN
COUNTY OF Wayne ss.
On this 25th Day of August, A.D., 1998, before me personally appeared RAY N. MICALLEF a/k/a RAY MICALLEF and MARIA MICALLEF, his wife and CHARLES V. MICALLEF a/k/a CHARLES MICALLEF, a single man to me known to be the person described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed, and represented that they are 18 years of age or older.

ANTINETTE GATY
Notary Public, Wayne County, MI
My Commission Expires Mar. 2, 2001

My commission expires
_____ 19___  Notary Public Wayne County, MI

Instrument Drafted by  Stephen J. Trahey
26316 Telegraph - P.O. Box 697
Flat Rock, MI 48134

When recorded return to
HARRY KEFALONITIS
913 BALLANTYNE
GROSSE POINTE SHORES
MI. 48236

Recording Fee
F-19
-1981-3
1984.

This is to certify that there are no tax liens or titles on this property and that taxes are paid for FIVE YEARS EXCEPT _____ Date _____

State Revenue Stamps
$1,452.00  MI 1773

DEED'S 8.00
REV 1462