UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONS

In re:

CITY OF DETROIT, MICHIGAN           Case No. 13-53846-SWR
Chapter 9
Hon. Steven W. Rhodes

Debtor.
_____

**STATE OF MICHIGAN'S REPLY TO
LOCAL 3308 AND LOCAL 917 OF THE AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES' OBJECTION TO MOTION OF DEBTOR
FOR ENTRY OF AN ORDER EXTENDING THE CHAPTER 9 STAY TO THE 36TH
DISTRICT COURT AND CERTAIN RELATED PARTIES**

The State of Michigan, through its undersigned counsel, submits this Reply to Local 3308 and Local 917 of the American Federation of State County and Municipal Employees' ("AFSCME") Objection (the "Objection") to Motion of Debtor for Entry of an Order Extending the Chapter 9 Stay to the 36th District Court and Certain Related Parties (the "36th District Court Motion").

**INTRODUCTION**

The State of Michigan is compelled to respond to only Section IV of the Objection at this time.

The State is not obligated to fund the operations of the 36th District Court. AFSCME contends that in the event that the City is unable to pay the litigation-related liabilities of the 36th District Court, the State "has a Constitutional obligation to adequately fund the Courts." (*Objection* at p. 12). Not only does AFSCME's contention lack merit, the opposite of AFSCME's contention is true – by statute, the City, alone, "is responsible for maintaining, financing and operating" the 36th District Court (M.C.L. § 600.8103(3)). Further, the Michigan

1

Supreme Court has held that requiring a local funding unit to pay the cost of a trial court does not violate the Michigan Constitution. Thus, Michigan law does not require the State to provide funding to the 36th District Court in the event that the City is unable or refuses to provide funding.

Finally, because the Michigan Legislature, in exercise of its governmental powers, imposed sole funding responsibility for the 36th District Court upon the City, compelling the Legislature to provide an alternate source of funding is prohibited by Section 903 of the Bankruptcy Code. Further, pursuant to Section 904 of the Bankruptcy Code, this Court cannot direct the City to expend its property or revenue to fund litigation-related liabilities of the 36th District Court. Therefore, contrary to AFSCME's contention, this Court cannot compel the Legislature to provide an alternate source of funding for the 36th District Court or direct the City to provide such funding.

## ARGUMENT

A. **Under Michigan Law, Funding Of Trial Courts Is A Local Responsibility**

Michigan statutes provide that the City is responsible for funding the 36th District Court:

> **A district of the third class** is a district consisting of 1 or more political subdivisions within a county and in which each political subdivision comprising the district **is responsible for maintaining, financing and operating the district court within its respective political subdivision** except as otherwise provided in this act. M.C.L. § 600.8103(3) (emphasis added).
>
> The thirty-sixth district consists of the city of Detroit and is a district of the third class. M.C.L. § 600.8121a(1).
>
> The term "district funding unit" or "district control unit" means:
> (a) The county in districts of the first and second class.
> (b) The city or the township in districts of the third class except as provided in subdivision (c).

2

> (c) The city or the incorporated village in districts of the third class in which portions of 2 townships comprise an incorporated village. M.C.L. § 600.8104.
>
> The governing body of each district funding unit shall annually appropriate, by line-item or lump-sum budget, funds for the operation of the district court in that district. M.C.L. § 600.8271(1) (in pertinent part).

Thus, the City comprises the thirty-sixth district and has been designated by the Legislature as a district of the third class. M.C.L. § 600.8121a(1). The Legislature has imposed upon the City, as a district of the third class, sole responsibility for financing the 36th District Court which is the district court "within [the City's] political subdivision." M.C.L. § 600.8103(3). Further, the City, as the "district funding unit" of the thirty-sixth district, is required to appropriate funds for the operation of the 36th District Court. M.C.L. § 600.8104; M.C.L. § 600.8271(1).[1]

The Michigan Supreme Court has held that the Legislature can rely on local governmental units to fund trial courts and that the Michigan Constitution does not obligate the State to fund the entire cost of trial court operations. In *Grand Traverse County v. State of Michigan*, 450 Mich. 457, 472-474 (1995), the Supreme Court held:

> We agree with the Court of Appeals that none of the constitutional provisions[2] relied on by plaintiffs requires the state to pay the entire cost of trial court operations. While strong arguments can be

---

[1] Under M.C.L. § 600.8202, the State's only district court-related funding requirement is the payment of the salaries of district court judges. *Judicial Attorneys Assoc. v. State of Michigan* 460 Mich. 590, 607 (1999) ("Accordingly, under Act 374, the state mandates that counties pay for the operation of the circuit courts, that district units pay for the operation of the district courts, and that the state pay circuit court and district court judicial salaries.").

[2] Plaintiffs in the *Grand Traverse County* case unsuccessfully argued that: the "one court of justice" language of *Const 1963, art 6, § 1* mandated the state's funding of the trial courts; that state funding was required by *Const 1963, art 9, § 1*; and *Const 1963, art 9, § 3* regarding uniformity of taxation makes it impermissible to impose the burden of court financing on local funding units. *Grand Traverse County*, 450 Mich. at 469.

> made that state funding would be a more desirable system of court financing, it is for the Legislature to determine whether to adopt such a system.
>
> * * *
>
> Despite the fact that the courts have always been regarded as part of state government, they have operated historically on local funds and resources. An unbroken line of cases stretching back 130 years recognizes the practice of imposing the costs of operating the courts on local funding units.

As the Supreme Court held in *Grand Traverse County*, it is up to the Legislature to determine whether to impose funding of trial courts on local governmental units. The Legislature made such a determination when it enacted M.C.L. § 600.8103 which imposes upon the City the sole responsibility for funding of the operations of the 36th District Court.

Although AFSCME cites *Grand Traverse County* in support of its contention that the Michigan Constitution requires the State to fund the 36th District Court in the event that the City is either unable or refuses to do so (*Objection* at pp. 12, 13), AFSCME's reliance on this case is misplaced. AFSCME erroneously contends that "The Michigan Supreme Court has been very clear that it is a state obligation to fund the courts which has been merely passed onto local funding units," (*Objection* at p. 13) and that "The Legislature is forced to provide another source of funding for the court" in the event that "the City cannot pay due to the pending bankruptcy action." *Objection* at p. 14. Contrary to AFSCME's contention, nowhere in *Grand Traverse County* does the Court hold that once the Legislature has imposed the obligation on a funding unit to fund a trial court the obligation is then passed back to the State in the event that the funding unit is unable to provide the necessary funding.

AFSCME argues that under the separation of powers doctrine, this Court can compel the State to provide an alternate source of funding if the City refuses to fund the litigation pending against the 36th District Court. *Objection* at pp. 12, 14. However, *46th Circuit Trial Court v.*

4

*County of Crawford*, 476 Mich. 131 (2006) and *Employees and Judge of the Second Judicial District Court v. County of Hillsdale*, 423 Mich. 705 (1985), on which AFSCME relies in support of this argument, are inapplicable because neither of these cases hold - nor has a Michigan court ever held - that a trial court can compel the State to provide funding once the Legislature has imposed that responsibility on a funding unit. *46th Circuit Trial* Court and *Hillsdale* involve the standard under which *trial courts* can compel their respective *funding units* to appropriate adequate funds. Therefore, AFSCME's contention that this Court can compel the Legislature to provide alternate funding for the 36th District Court is completely without merit.

Further, no Michigan court has ever found that an entity other than a Michigan court has standing to compel the funding unit to provide funding. Thus, AFSCME does not have standing to compel the City to appropriate funding to the 36th District Court, and it certainly does not have standing to impose such funding responsibility upon the State. For lack of standing reasons alone, AFSCME's arguments in support of its objection to the City's 36th District Court Motion fail.

**B.     The Bankruptcy Code Does Not Permit This Court To Transfer Funding Responsibility From The City To The State**

Since the imposition of funding responsibilities is an exercise of the Legislature's governmental powers over the City, Section 903 of the Bankruptcy Code prohibits this Court from compelling the Legislature to provide an alternate source of funding. 11 U.S.C. § 903 provides, in relevant part:

> This chapter does not limit or impair the power of the State to control, by legislation or otherwise, a municipality of or in such State in the exercise of the political or governmental powers of such municipality, including expenditures for such exercise[.]

5

Pursuant to Section 903, this Court is prohibited from impairing the Michigan Legislature's exercise of its governmental powers over the City, and thus, this Court cannot compel the Legislature to "provide another source of funding" or "compel [the Legislature] to provide appropriate funding" for the 36th District Court as AFSCME contends. *See*, Cong. Rec. H39413 (daily ed. Dec. 9, 1975, statement of Representative Edwards about the intent of § 903) ("[Section 903] contemplates absolutely no interference with the *operation* of the municipality and the *provision of governmental services* … Because the municipality is a creation of state law and operates by virtue of the delegation of power from the state, it would probably be an unconstitutional interference with the sovereignty of the state if … [§ 903] attempted to give the judge any power to determine whether the petitioner *should continue to operate*, or *what level of services or type of services the petitioner should provide.*").

Further, this Court is prohibited under Section 904 of the Bankruptcy Code from requiring the City to fund the litigation pending against the 36th District Court because such action would interfere with the property or revenue of the City. 11 U.S.C. § 904(2). *See*, *In re City of Stockton*, 478 B.R. 8, 24 (Bankr.E.D.Cal. 2012) (compelling the debtor to maintain retiree health benefits and pay plaintiffs' attorney fees is barred by § 904(2) because the court cannot direct the debtor in the use of its property).

Even if this Court had authority to compel either the State or the City to provide funding for the 36th District Court, funding for, particularly, litigation pending against the court should not be appropriated because it is not "reasonable and necessary." S*ee*, *46th Circuit Trial* Court, 476 Mich. at 149. Appropriation of funds is "necessary" only when it "affects the court's ability to function '"serviceably."' *46th Circuit Trial Court*, 476 Mich. at 149. The City's decision not

13-53846-tjt    Doc 1193    Filed 10/15/13    Entered 10/15/13 13:38:17    Page 6 of 7

to fund litigation pending against the 36th District Court during the Chapter 9 case has not been shown to cause the court to operate at less than a "serviceable" level.

## CONCLUSION

For the above reasons, the State requests that the Court overrule AFSCME's objection to the City's 36th District Court Motion.

Dated: October 15, 2013

Respectfully submitted,

/s/ Steven G. Howell
Steven G. Howell (P28982)
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425

Matthew Schneider
Chief Legal Counsel

Margaret A. Nelson
Assistant Attorney General
P.O. Box 30758
Lansing, MI 48909
517.373.6434

Dawn R. Copley (P53343)
Dickinson Wright PLLC

Attorneys for the State of Michigan
Michigan Dep't of Attorney General

DETROIT 56620-1 1297167v2