UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re                                                               Chapter 9

CITY OF DETROIT, MICHIGAN,                          Case No. 13-53846

                Debtor.                                      Hon. Steven W. Rhodes
_____/

### REPLY OF 36th DISTRICT COURT TO LOCAL 3308 AND LOCAL 917 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' OBJECTION TO MOTION OF DEBTOR FOR ENTRY OF AN ORDER EXTENDING THE CHAPTER 9 STAY TO THE 36th DISTRICT COURT AND CERTAIN RELATED ENTITIES

The 36th District Court, by and through its undersigned attorneys, hereby files this reply (the "Reply") to the *Local 3308 and Local 917 of the American Federation of State, County and Municipal Employees' Objection to Motion of Debtor for Entry of an Order Extending the Chapter 9 Stay to the 36th District Court and Certain Related Parties* and brief in support thereof [Dkt. No. 1125 – 1126] (the collectively, the "Objection") and states as follows:

### SUMMARY OF ARGUMENT

1.  In its Objection, AFSCME contends that the City has failed to satisfy its burden in seeking an extension of the automatic stay to the 36th District Court Parties. However, as set forth in greater detail below, it is clear that the funding relationship between the City and the 36th District Court presents "unusual circumstances" that require an extension of the automatic stay to the 36th District Court Parties.[1]

---

[1] AFSCME also argues that the relief requested in the Motion cannot be granted because the City did not commence an adversary proceeding. This Court has previously considered a similar argument and determined that an adversary proceeding is unnecessary because it would result in a "procedural and administrative nightmare." (Tr. of Hrg. on Mot. to Extend Stay to State Entities at p. 83:1-14.)

2. Alternatively, to the extent that this Court applies the elements required for a preliminary injunction to the relief requested in the Motion, the City has nonetheless provided justification for the extension of the automatic stay. Since the Petition Date, the City has expeditiously undertaken actions that will permit it to propose a successful plan of adjustment, leading to the conclusion that any proposed plan has a likelihood of success on the merits. In addition, because the 36th District Court operates for the benefit of the City and its residents, any interference in funding such operations will result in irreparable harm to the City, its residents and its creditors. Moreover, because the 36th District Court has no objection to the liquidation (but not collection) of monetary claims against the 36th District Court in the state courts, federal courts and arbitrational proceedings in which they are currently pending, AFSCME and its constituency will suffer little if any prejudice. Finally, the public interest is clearly implicated, and will be directly impacted, in the event that the 36th District Court is denied funds to continue its operations, conduct arraignments, and adjudicate disputes for the benefit of the City and its residents.

## BACKGROUND

3. The Michigan Supreme Court oversees administration of courts in Michigan and promulgates rules, administrative orders and a code of judicial conduct that affects all of the members of the judiciary within the State. MCL §§ 600.152, 600.219.

4. The State of Michigan is divided into judicial districts of the district court, each of which is an administrative unit subject to the superintending control of the Michigan Supreme Court. MCL § 600.8101. A district of the third class is a district consisting of one or more political subdivisions within a county and in which each political subdivision comprising the district is responsible for maintaining, financing and operating the district within its respective

political subdivision. MCL § 600.8103(3); *see also* MCL § 600.8271(1) (requiring appropriation and budgeting of funds by funding unit for benefit of district court).

5. The thirty-sixth district is a district of the third class consisting solely of the City of Detroit, Michigan (the "City"). MCL § 600.8121a(1). The City, therefore, is responsible for maintaining, financing and operating the 36th District Court. *Id.*; MCL § 600.8103(3).

6. The 36th District Court does not receive advance funding from the City on an annual or other temporal basis. (Green Aff. at ¶4.)[2] Instead, the City provides funding to the 36th District Court on an ongoing basis according to the needs and requirements of the 36th District Court. *Id.* The primary exceptions to this funding scheme are the payment of salaries to the employees of the 36th District Court, which are paid directly by the City, and the payment of salaries to the judges of the 36th District Court, which are paid by the State of Michigan. *Id.*; MCL § 8202.

7. Prior to the Petition Date (as defined below), the 36th District Court was the subject of several pending civil actions and arbitrations. The majority of these actions were based on tort claims alleged by various employees and former employees against the 36th District Court and its representatives. In addition, the 36th District Court was a named defendant in certain civil actions alleging breach of contract, or was the subject of demands made for money damages by third parties. When monetary judgments or other awards are entered against the 36th District Court, the City is responsible for satisfying, and has historically and consistently satisfied, the claims of judgment creditors. (*See* Green Aff. at ¶¶ 5-6.)

8. In connection with its operations and administrative functions, the 36th District Court collects fines, revenues and other charges (collectively, the "Revenues"). (Green Aff. at ¶

---

[2] The Declaration of Deborah Green in support of this Reply (the "Green Affidavit") is attached hereto as Exhibit A.

7.)  Upon receipt by the 36th District Court, Revenues are deposited into a bank account maintained by the 36th District Court. *Id.* Thereafter, the 36th District Court disburses the funds to the City in accordance with applicable law. *Id.* The City does not segregate these Revenues for the funding operations of the 36th District Court. Rather, the Revenues are absorbed by the City, and thereafter funds are separately transferred to the 36th District Court in accordance with MCL § 600.8103. On an annual basis, the 36th District Court provides Revenues to the City in the approximate amount of $14.5 million.[3] (Green Aff. at ¶ 7.)

9. As but one example of the claims asserted against the City, on August 14, 2013, less than one month after the Petition Date, an arbitrator entered an Award and Decision in a grievance between the 36th District Court and Michigan AFSCME Council 25 and Local 917 in the amount of $5,528,156.06 (the "AFSCME Arbitration").[4] (Green Aff. at ¶ 5.) To date, a final judgment has not been rendered against the 36th District Court, but the proceedings have continued after the Petition Date. *Id.*

10. In addition, judgment creditors and other parties holding awards against the 36th District Court have previously attempted to garnish accounts of the 36th District Court maintained by the City or financial institutions and administrators of payroll. (Green Aff. at ¶ 6.) Ultimately, the City was required to provide the funds necessary to satisfy these judgments and other awards. (Green Aff. at ¶ 6.)

11. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief under Chapter 9 of the Bankruptcy Code in this Court.

---

[3] As set forth in the Green Affidavit, in some instances a district court has generated sufficient revenues in order to satisfy the funding requirements of a funding unit. (Green Aff. at ¶ 7.) The 36th District Court, however, has not historically generated sufficient revenues to create a surplus.

[4] The City has referred to various other claimants who seek to obtain judgments and awards from the 36th District Court in its Motion. (Mot. at ¶ 9.)

4
13-53846-tjt    Doc 1196    Filed 10/15/13    Entered 10/15/13 18:37:15    Page 4 of 12

12. On September 25, 2013, the City filed its *Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to the 36th District Court and Certain Related Parties* [Dkt. No. 1027] (the "Motion"), which seeks to extend the automatic stay provisions for the benefit of the 36th District Court, its officers, employees, agents and representatives (collectively, the "36th District Court Parties").

13. Thereafter, the Local 3308 and Local 917 of the American Federation of State, County and Municipal Employees ("AFSCME") filed its Objection. This Court has scheduled a hearing on the Motion for October 18, 2013.

## REPLY

### I. Unusual Circumstances Support Extension of the Automatic Stay

14. When considering whether to extend the automatic stay to third parties, courts have employed an "unusual circumstances" test which examines whether the debtor and non-debtor party are inextricably intertwined. *See*, *e.g.*, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314-15 (6th Cir. 2000); *Cappuccilli v. Lewis*, 2010 WL 4683932, at *6 (E.D. Mich. Nov. 10, 2010).

15. In the instant case, unusual circumstances justify extension of the automatic stay to the 36th District Court Parties because it shares an identity of interests with the City. It is difficult to comprehend circumstances more unusual than the funding scheme for district courts that the Michigan legislature has enacted. The 36th District Court receives all of its funding for operations, administration and other obligations directly from the City pursuant to state statute. In the event that the funds provided by the City are subject to garnishment, execution, levy, or some similar collection remedy, the City and its residents will be obligated to provide duplicative funds to the 36th District Court to cover its operational expenses and obligations. In effect,

judgment creditors would be satisfying their claims to the detriment of other creditors holding claims against the City. More importantly, and as discussed *supra* at pp. 8-10, in the event that funds are obtained by judgment creditors and other persons holding claims against the 36th District Court, the City and its residents will ultimately suffer. In its Objection, AFSCME suggests that the City is not subject to any harm because "it can refuse to provide any additional funds or any funds at all to the 36th District Court." (Obj. at p. 9.) Such a suggestion is difficult to understand in light of the fact that the City, its residents, and presumably even members of AFSCME would be without the essential services that the 36th District Court Parties provide in the absence of funds from the City.

16. Because the 36th District Court and the City share an identity of interests and are financially intertwined, unusual circumstances exist which support extension of the automatic stay to the 36th District Court Parties.

## II. A Balancing of the Factors for a Preliminary Injunction Weighs in Favor of Stay Extension

17. In the event that this Court determines it is appropriate to balance the factors for a preliminary injunction, the City has nonetheless satisfied its burden. Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. § 105(a). When a bankruptcy court issues a preliminary injunction, including an extension of the automatic stay to third parties, the court must consider the following traditional factors governing preliminary injunctions: (i) the likelihood of the plaintiff's success on the merits, (ii) whether the plaintiff will suffer irreparable injury without the injunction, (iii) the harm to others which will occur if the injunction is granted, and (iv) whether the injunction would serve the public interest. *American Imaging Servs., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963

F.2d 855, 858 (6th Cir. 1992); (considering request to extend stay under unusual circumstances standard).[5]

18. The Sixth Circuit Court of Appeals has held that a court may utilize its equitable powers under section 105(a) of the Bankruptcy Code to extend the automatic stay to non-debtor parties when "unusual circumstances" exist. *In re Eagle-Picher*, 963 F.2d at 861. Unusual circumstances exist, for instance, where there is an identity between the debtor and the third party such that "the debtor may be said to be the real party defendant and that a judgment against the third party defendant will in effect be a judgment or finding against the debtor." *Id*. (quoting *A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

19. In its Objection, AFSCME argues that it would be inappropriate to extend the automatic stay for the benefit of the 36th District Court Parties because the City has failed to establish a need for injunctive relief. Upon review of the pertinent facts and the balancing of factors to be considered in connection with injunctive relief however, the City has clearly satisfied its burden.

### A. *The Likelihood of the City's Success on the Merits*

20. When considering whether a debtor is likely to succeed on the merits for purposes of extending the automatic stay, courts examine the likelihood of a successful reorganization. *See id*. at 860. However, it is not imperative that a debtor demonstrate a likelihood of a successful plan of reorganization in order to satisfy the standard for issuance of a preliminary injunction. *Id*. (citations omitted).

21. The City sought relief under Chapter 9 only three months ago and has since attempted to diligently address various issues identified by this Court and other parties to ensure

---

[5] Importantly, the four factors to be considered in connection with a preliminary injunction must be balanced, and are not prerequisites that all must be satisfied. *Id*. at 859 (citation omitted).

that it expeditiously advances a plan of adjustment. For example, the City (as well as other parties in this case) has briefed and conducted discovery with respect to its eligibility under section 109(c) of the Bankruptcy Code while, at the same time, attempting to analyze difficult economic issues that must be addressed in any plan of adjustment. Moreover, the City is subject to a deadline of March 2014 by which to propose a plan to its creditors and other parties in interest, and has recently proposed procedures related to proofs of claim. In essence, the City has been engaged in a two track approach – defending its eligibility while simultaneously undertaking the steps necessary to propose a plan of adjustment in a timely manner.

22. To date, there is no indication that the City will not be in a position to at least propose a plan of adjustment in a relatively short time frame given that it sought relief under Chapter 9 a few months ago. *See id.* at 860 (noting that bankruptcy court was familiar with debtor's progress in reorganization plan and that this factor relaxed in bankruptcy). In fact, AFSCME provides no evidence to the contrary in its Objection.

23. Because the City is in the process of developing and ultimately proposing plan of adjustment, the City has a likelihood of success on the merits.

### B. *The Harm to the City if the Injunction Is Not Granted*

24. In determining whether the second factor is satisfied, the Sixth Circuit has stated that a bankruptcy court should consider whether resources of the debtor's estate, both monetary and non-monetary, would be diminished if the injunction were not issued. *Id.* at 860-61.

25. In the instant case, it is difficult to imagine a situation where the City, its residents and its inhabitants would not be harmed in the event that the stay is not extended. As noted above, the City is required to fund all maintenance, operations and other obligations of the 36th District Court pursuant to applicable Michigan law. Other than judicial salaries, the 36th District

Court does not receive any funds from the State of Michigan. Instead, the 36th District Court is solely dependant upon the City in order to satisfy its obligations. (Green Aff. at ¶¶ 3-7.) In the event that the stay is not extended, creditors of the 36th District Court Parties could seek to satisfy judgments and awards directly against the assets of the 36th District Court and indirectly against the City. As noted in the Green Affidavit, judgment creditors have previously attempted to garnish accounts maintained for the benefit of the 36th District Court. Upon any garnishment, execution or levy, the City would be forced to redeploy funds to the 36th District Court so that it could sustain its operations. The City would therefore be preferring judgment creditors of the 36th District Court to the detriment of the City and its other creditors.

26. Perhaps more importantly, in the event that the stay is not extended to the 36th District Court Parties, the City <u>and its residents</u> would suffer great harm. Again, because the 36th District Court is dependent upon the City for all of its funding needs, the 36th District Court would suffer a disruption in operations and receipt of services by third parties as a result of any collection activities by judgment creditors. If judgment creditors succeed in garnishing the 36th District Court's accounts, the 36th District Court would be without sufficient funds to satisfy its obligations arising after the Petition Date unless the City provided it with additional funds. (Green Aff. at ¶ 8.)

27. For example, a depletion in or lack of funds could result in a disruption of the 36th District Court's ability to pay its trade vendors, such as the provider of video conferencing. Absent video conferencing capabilities, the 36th District Court could not conduct arraignments, thus creating not only a backlog at the City's jails, but also denying timely due process to those charged with crimes and violations. As yet another example, absent sufficient funds from the City, the 36th District Court would be deprived of its ability to satisfy obligations to court

reporters, thereby resulting in a cessation of hearings for lack of a record. As yet another example, albeit an extreme example, any impairment 36th District Court's funds could result in the court's inability to provide payment for vital benefits, such as health insurance, to its employees. Similar to a corporate reorganization, the loss of employee benefits could have a catastrophic result to the operations of the 36th District Court.

28. Finally, as noted above, the 36th District Court generates Revenue that it is required by applicable state law to turnover to the City. If the stay is not extended, a judgment creditor may seek to deprive the City of such Revenue by arguing to another court that the Revenue is not "property of the debtor." Although any seizure of the Revenue or similar act would violate the automatic stay under sections 362 and 922 of the Bankruptcy Code, the City would be forced to seek emergency relief from this Court in order to prevent, or perhaps reverse, authorization of another court with respect to the Revenue.[6]

29. Because the 36th District Court relies exclusively on the City for its funding, the City as well as its residents and creditors would suffer extreme prejudice in the event that the stay is not extended to the 36th District Court Parties.

---

[6] AFSCME also contends that the State of Michigan is required to fund the 36th District Court in the absence of funds from the City. In support of this contention, AFSCME cites several cases. *See*, *e.g.*, *Grand Traverse County v. State of Mich.*, 450 Mich. 457, 538 N.W. 2d 1 (1995) (Michigan Constitution does not require state to fund trial court's operations); *46th Cir. Trial Court v. County of Crawford*, 476 Mich. 131, 719 N.W. 2d 553 (2006) (trial court sought to compel funding from funding units, not state, in exercise of inherent power); *Employees and Judge of the Second Judicial District Court v. County of Hillsdale*, 423 Mich. 705, 378 N.W.2d 744 (1985) (same). Upon review, none of these cases stand for the proposition that the State of Michigan is responsible for funding the trial courts. The 36th District Court is perplexed as to why AFSCME believes *Grand Traverse* holds otherwise.

Additionally, on page 11 of its Objection, AFSCME cites to a recent Sixth Circuit decision for the proposition that sovereign immunity is granted to district courts in Michigan. *See Pucci v. Nineteenth District Court*, 628 F.3d 752 (6th Cir. 2010). In *Pucci*, the Sixth Circuit did consider, again albeit in the context of sovereign immunity, potential liability to the State of Michigan. *Id.* at 760-63; *see Dolan v. City of Ann Arbor*, 666 F.Supp. 2d 754 (E.D. Mich. 2009) (same). Confronted with a similar issue, the Michigan Supreme Court held that the State of Michigan had no potential liability for judgments against a district court. *Cameron v. Monroe County Probate Court*, 457 Mich. 423, 579 N.W.2d 859 (1998); *but see Barachkov v. 41B District Court*, 311 Fed. Appx. 863 (6th Cir. 2009) (questioning whether *Cameron* actually established state not potentially liable and finding to contrary). The aforementioned cases are distinguishable from the relief requested in the City's Motion, as they involved the question of sovereign immunity, not a balancing of factors for an injunction.

### C. AFSCME Will Suffer Little, If Any, Harm

30. The third factor to be balanced in connection with a request to extend the automatic stay requires that the court consider the harm to other parties. By its Motion, the City is simply seeking a stay of Legal Proceeding and other claims so as to protect against interruption of the operations of the 36th District Court. The City has not sought to otherwise impair holders of claims against the 36th District Court. The 36th District Court anticipates that certain creditors may obtain relief from the automatic stay *in appropriate circumstances*. As such, AFSCME and its members will suffer no prejudice other than having to await satisfaction of their claim pursuant to the terms of a confirmed plan of adjustment.

### D. The Public Interest Favors the City

31. The final factor examines the public interest as a whole. In the instant case and the context of the City's Motion, it is difficult to imagine a public interest more important than sustaining the operations of the 36th District Court. For the reasons identified above, the public interest, through a direct impact on the City and its residents, would be compromised in the event that the stay is not extended to the 36th District Court Parties.

### **CONCLUSION**

32. Based upon a review of all factors and the "unusual circumstances" presented by the City's obligation to fund the operations, maintenance and other obligations of the 36th District Court, it is appropriate for this Court to extend the automatic stay to the 36th District Court Parties pursuant to section 105(a) of the Bankruptcy Code.

WHEREFORE, the 36th District Court respectfully requests that this Court enter an order (i) extending the automatic stay to the 36th District Court Parties, and (ii) granting such other relief as is just and equitable.

Dated: October 15, 2013

Respectfully submitted,

**36th DISTRICT COURT**

By: /s/ John T. Gregg
    John T. Gregg (P68464)
BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Email: jgregg@btlaw.com

*Attorneys for 36th District Court*