**EXHIBIT A**

(Declaration of Deborah Green)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN,<br><br>    Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

**DECLARATION OF DEBORAH GREEN**

In accordance with 28 U.S.C. § 1746, Deborah Green declares the following:

1. I am employed as the Region I Director by the State Court Administrative Office (SCAO), which is appointed by the Michigan Supreme Court pursuant to Article VI, Section 3, of the Michigan Constitution of 1963. As Region I Director, I report to State Court Administrator Chad C. Schmucker.

2. As Region I Director, I am responsible to administratively assist all trial courts in Macomb, Oakland, and Wayne counties. As of the appointment of the Honorable Michael Talbot as Special Judicial Administrator of the 36th District Court, I have been assigned, virtually full-time, to assist Judge Talbot with the restructuring of the operations of the 36th District Court. As a result of my overall responsibilities, I am familiar with the manner in which Michigan trial courts, including district courts and the 36th District Court, are funded.

3. District courts are established by the Michigan legislature, which then also defines their jurisdiction and designates the "funding unit" of the court. The 36th District Court is a "class III" district court, meaning that its jurisdiction is defined by the boundary of the City of Detroit. The Michigan legislature, in creating the 36th District Court has designated the City of

Detroit ("City") as its funding unit, meaning that it has legislatively mandated that the City must pay the operational costs of the 36th District Court, with the exception of judicial salaries.

4. The 36th District Court is not "prefunded" by the City. Instead, its expenses are paid, on an ongoing basis, as bills are forwarded by the 36th District Court to the City for payment. Personnel costs are paid directly by the City.

5. I am aware of a significant arbitration award recently entered against the 36th District Court, amounting to approximately $5.5 million, which the 36th District Court does not have the funds to pay. Once this claim has been fully liquidated – meaning that a final judgment is entered against the Court – this obligation will then have to be forwarded to the City of Detroit for payment. At that point, the City of Detroit will be required to pay the judgment as a result of its constitutional obligation to fund the 36th District Court's reasonable and necessary expenses. This arrangement is consistent with the procedure by which all Michigan trial courts have judgments against them satisfied – a court's funding unit must pay judgments against that court.

6. While the 36th District Court has no funds from which to pay judgments, if a judgment creditor were to execute against the Court by seizing computers, communication systems, and furniture, the Court's operations would be severely disrupted, if not shut down completely. I am informed and believe that in early 2009 one judgment creditor in *Sciotti v. 36th District Court*, Wayne County Circuit Court case number 03-327602-CD, attempted execution against the Court through garnishments and show-cause orders. See attached. The City eventually paid the judgment.

7. As fines and other charges are collected by the Court, they are deposited in a bank account, from where they are disbursed according to statutory mandate, including primarily to the City. The City annually receives approximately $14.5 million from the Court. While this

revenue does not completely offset the Court's operating budget, collection efforts are now being improved as a result of Judge Talbot's ongoing restructuring efforts. In some instances, district courts generate so much revenue that the funding unit actually experiences a profit from its court's operations.

8. A shutdown of the Court's operations, whether as a result of a judgment creditor's actions or the City's failure to promptly pay the Court's expenses, would deprive the City's residents and others of the services of the Court, and would also interrupt the Court's revenue generation on behalf of the City through collection of fines and other charges.

9. I know the facts stated herein to be true of my own knowledge, except those stated on information and belief, and those I believe to be true. I am prepared and competent to testify concerning the foregoing if requested to do so by the Court.

*[signature]*
Deborah Green

188469

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | REQUEST FOR HEARING ON A MOTION (PRAECIPE) ORDER / JUDGMENT | CASE NO. 03-327602 NZ |
|---|---|---|

2 Woodward Avenue, Detroit, Michigan

| Plaintiff name(s) | | Defendant name(s) |
|---|---|---|
| Kenneth Sciotti | V | 36th District Court |

| Plaintiff attorney, bar no., address, and telephone no. | Defendant's attorney, bar no., address, and telephone no. |
|---|---|
| Scott E. Combs (P37554)<br>27780 Novi Road<br>Novi, Michigan 48377<br>(248) 380-5050 | Constance J. Allen (P30752)<br>Judicial Assistant, 36th District Ct.<br>421 Madison, Suite 4109<br>Detroit, Michigan 48226<br>(313) 965-3082 |

List additional attorneys on other side

1. Motion Title: Defendant's Motion To Quash Writs of Execution Enjoin Further Actions And For Costs And Sanctions

2. Moving Party: Defendant    Telephone No. (313) 965-3082

3. Please place on the motion calendar for: Friday, January 30, 2009

| Judge | Bar No. | Date | Time |
|---|---|---|---|
| Robert L. Ziolkowski | P22745 | January 30, 2009 | 9:00 a.m. |

Adj. to: _____   Adj. to: _____   Adj. to: _____

4. I certify that I have made personal contact with **Scott Combs** on 1/14/09 regarding concurrence in relief sought in this motion and that concurrence has been denied or that I have made reasonable and diligent attempts to contact counsel regarding concurrence with motion.

Date 1/16/09   Attorney _Constance J. Allen_   Bar No. P-30752

DATED: 1/16/08

**ORDER / JUDGMENT**

IT IS ORDERED THAT THIS MOTION IS:

☐ DENIED   ☐ GRANTED IN PART / DENIED IN PART   ☐ TAKEN UNDER ADVISEMENT   ☐ DISMISSED

☐ GRANTED AND IT IS FURTHER ORDERED AND ADJUDGED:

_____
CIRCUIT JUDGE

Approved as to form and substance by Counsel for:

Plaintiff _____

Defendant _____

Date _____

FILE EITHER IN PERSON OR BY MAIL WITH:
CATHY MARIE GARRETT
WAYNE COUNTY CLERK
201 CITY-COUNTY BUILDING
DETROIT, MI 48226

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

KEN SCIOTTI,

    Plaintiff,

v

36TH DISTRICT COURT,

    Defendant.

Case No: 03-327602 NZ
Hon. Robert L. Ziolkowski

---

| CONSTANCE J. ALLEN (P30752) | SCOTT E. COMBS (P37554) |
|---|---|
| **Attorney for Defendant** | **Attorney for Plaintiff** |
| 36th District Court | 27780 Novi Road, Suite 105 |
| 421 Madison, Suite 4109 | Novi, Michigan 48377 |
| Detroit, Michigan 48226 | (248) 380-5050 |
| (313) 965-3082 | |

## NOTICE OF HEARING

TO:  SCOTT E. COMBS (P37554)    ADP
      27780 NOVI ROAD, SUITE 105    16901 MICHIGAN AVENUE
      NOVI, MICHIGAN 48377    DEARBORN, MICHIGAN 48126

      CITY OF DETROIT FINANCE DEPART    COMERICA BANK
      CAYMC    201 W. FORT STREET
      TWO WOODWARD AVENUE, STE. 1200    DETROIT, MICHIGAN 48226
      DETROIT, MICHIGAN 48226

Please take Notice that Objection to Writs will be heard on Friday, January 30, 2009, at 9:00 a.m. before the Honorable Robert Ziolkowski, Room 1611, Coleman A. Young Municipal Center, 2 Woodward Avenue, Detroit, Michigan.

January 16, 2009

*/s/ Constance J. Allen*
CONSTANCE, J. ALLEN (P30752)
Judicial Assistant
36th District Court
421 Madison, Suite 4109
Detroit, Michigan 48226
(313) 965-3082

Approved, SCAO

Original - Court
1st copy - Plaintiff
2nd copy - Defendant
3rd copy - Garnishee

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>Third JUDICIAL CIRCUIT | OBJECTIONS TO GARNISHMENT<br>AND NOTICE OF HEARING | CASE NO.<br>03-327602-CD |
|---|---|---|

Court address | Court telephone no.

**Plaintiff's name, address, and telephone no. (judgment creditor)**
Kenneth Sciotti

v

**Defendant's name, address, and telephone no. (judgment debtor)**
36th District Court
421 Madison Ave, Ste. 4109
Detroit, MI 48226
Attorney for Defendant: Constance J. Allen (P30752)

**Plaintiff's attorney, bar no., address, and telephone no.**
Scott E. Combs (P37554)
27780 Novi Road, Suite 105
Novi, MI 48377
(248) 380-5050

**Garnishee's name and address**
ADP
16901 Michigan Avenue
Dearborn, MI 48126

## OBJECTIONS TO GARNISHMENT

I object to the garnishment issued on __01/12/2009__ and request a hearing on this objection because

☑ a. the funds or property are exempt from garnishment by law.
☐ b. garnishment is precluded by the pendency of bankruptcy proceedings.
☐ c. garnishment is barred by an installment payment order.
☐ d. garnishment is precluded because the maximum amount permitted by law is being withheld under a higher priority order.
☐ e. the judgment has been paid.
☑ f. the garnishment was not properly issued or is otherwise invalid for the following reason(s):
Upon information and belief, the amount of the garnishment demanded is inaccurate.

I was served with a copy of the writ on __N/A DEFENDANT WAS NOT PROPERLY SERVED__

Date: 1-15-2009

Signature of defendant: Constance J. Allen

## NOTICE OF HEARING ON OBJECTIONS

1. On _____ the defendant filed objections to the writ of garnishment dated _____.
2. A hearing is scheduled on ___Date___ at ___Time___ at ___Location___ before Hon. _____.
3. The defendant and plaintiff are required to appear.
4. The garnishee ☐ is ☐ is not required to appear.
5. ☐ a. Objections were filed within 14 days of the defendant being served with the writ. The garnishee shall continue to withhold funds but shall **not** release withheld funds until further order of the court.
   ☐ b. Objections were filed 14 days or more after the defendant was served with the writ. The garnishee shall continue to withhold and release funds unless otherwise ordered by the court.

Date | Deputy court clerk

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of this objection and notice on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date 13-53846-tjt    Doc 1210-1    Filed 10/16/13    Entered 10/16/13 16:34:44    Page 7 of 10

MC 49 (3/08) OBJECTIONS TO GARNISHMENT AND NOTICE OF HEARING | 15 USC 1672, 15 USC 1673, MCR 3.101(K)(3)

| Approved, SCAO | | Original - Court<br>1st copy - Plaintiff<br>2nd copy - Defendant<br>3rd copy - Garnishee |
|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>Third JUDICIAL CIRCUIT | OBJECTIONS TO GARNISHMENT<br>AND NOTICE OF HEARING | CASE NO.<br>03-327602-CD |

Court address | Court telephone no.

| Plaintiff's name, address, and telephone no. (judgment creditor)<br>Kenneth Sciotti | v | Defendant's name, address, and telephone no. (judgment debtor)<br>36th District Court<br>421 Madison Ave, Ste. 4109<br>Detroit, MI 48226<br>Attorney for Defendant: Constance J. Allen (P30752) |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Scott E. Combs (P37554)<br>27780 Novi Road, Suite 105<br>Novi, MI 48377<br>(248) 380-5050 | | Garnishee's name and address<br>Comerica Bank<br>201 W. Fort Street<br>Detroit, MI 48226-3215 |

**OBJECTIONS TO GARNISHMENT**

I object to the garnishment issued on __01/12/2009__ and request a hearing on this objection because
Date

☑ a. the funds or property are exempt from garnishment by law.
☐ b. garnishment is precluded by the pendency of bankruptcy proceedings.
☐ c. garnishment is barred by an installment payment order.
☐ d. garnishment is precluded because the maximum amount permitted by law is being withheld under a higher priority order.
☐ e. the judgment has been paid.
☑ f. the garnishment was not properly issued or is otherwise invalid for the following reason(s): _____
Upon information and belief, the amount of the garnishment demanded is inaccurate.

I was served with a copy of the writ on __N/A DEFENDANT WAS NOT PROPERLY SERVED.__
Date

__1-15-2009__                                   __[signature]__
Date                                              Signature of defendant

**NOTICE OF HEARING ON OBJECTIONS**

1. On _____ the defendant filed objections to the writ of garnishment dated _____.
   Date
2. A hearing is scheduled on _____ at _____ at _____
   Date          Time          Location
   _____ before Hon. _____
3. The defendant and plaintiff are required to appear.
4. The garnishee ☑ is ☐ is not required to appear.
5. ☐ a. Objections were filed within 14 days of the defendant being served with the writ. The garnishee shall continue to withhold funds but shall **not** release withheld funds until further order of the court.
   ☐ b. Objections were filed 14 days or more after the defendant was served with the writ. The garnishee shall continue to withhold and release funds unless otherwise ordered by the court.

_____      _____
Date                                                                Deputy court clerk

**CERTIFICATE OF MAILING**

I certify that on this date I served a copy of this objection and notice on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date    13-53846-tjt    Doc 1210-1    Filed 10/16/13    Entered 10/16/13 16:34:44    Page 8 of 10

MC 49 (3/08) OBJECTIONS TO GARNISHMENT AND NOTICE OF HEARING    15 USC 1672, 15 USC 1673, MCR 3.101(K)(3)

Approved, SCAO

Original - Court
1st copy - Plaintiff
2nd copy - Defendant
3rd copy - Garnishee

| STATE OF MICHIGAN JUDICIAL DISTRICT Third JUDICIAL CIRCUIT | OBJECTIONS TO GARNISHMENT AND NOTICE OF HEARING | CASE NO. 03-327602-CD |

Court address                                                                 Court telephone no.

**Plaintiff's name, address, and telephone no. (judgment creditor)**
Kenneth Sciotti

v

**Defendant's name, address, and telephone no. (judgment debtor)**
36th District Court
421 Madison Ave, Ste. 4109
Detroit, MI 48226
Attorney for Defendant: Constance J. Allen (P30752)

**Plaintiff's attorney, bar no., address, and telephone no.**
Scott E. Combs (P37554)
27780 Novi Road, Suit 105
Novi, MI 48377
(248) 380-5050

**Garnishee's name and address**
City of Detroit Finance Department
CAYMC
Two Woodward Ave, Ste. 1200
Detroit, MI 48226

## OBJECTIONS TO GARNISHMENT

I object to the garnishment issued on 01/12/2009 (Date) and request a hearing on this objection because

☒ a. the funds or property are exempt from garnishment by law.
☐ b. garnishment is precluded by the pendency of bankruptcy proceedings.
☐ c. garnishment is barred by an installment payment order.
☐ d. garnishment is precluded because the maximum amount permitted by law is being withheld under a higher priority order.
☐ e. the judgment has been paid.
☒ f. the garnishment was not properly issued or is otherwise invalid for the following reason(s): ___
Upon information and belief, the amount demanded in the garnishment is not accurate.

I was served with a copy of the writ on  N/A DEFENDANT WAS NOT PROPERLY SERVED.
                                         Date

1-15-2009
Date                                     Constance J Allen
                                         Signature of defendant

## NOTICE OF HEARING ON OBJECTIONS

1. On _____ the defendant filed objections to the writ of garnishment dated _____.
   Date
2. A hearing is scheduled on _____ at _____ at _____
   Date               Time            Location
   _____ before Hon. _____.
3. The defendant and plaintiff are required to appear.
4. The garnishee ☐ is ☐ is not required to appear.
5. ☐ a. Objections were filed within 14 days of the defendant being served with the writ. The garnishee shall continue to withhold funds but shall **not** release withheld funds until further order of the court.
   ☐ b. Objections were filed 14 days or more after the defendant was served with the writ. The garnishee shall continue to withhold and release funds unless otherwise ordered by the court.

Date _____                           Deputy court clerk _____

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of this objection and notice on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date _____                           Signature _____

MC 49 (3/08) OBJECTIONS TO GARNISHMENT AND NOTICE OF HEARING          15 USC 1672, 15 USC 1673, MCR 3.101(K)(3)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

KEN SCIOTTI,

        Plaintiff,                             Case No: 03-327602 NZ
                                                        Hon. Robert L. Ziolkowski

v

36TH DISTRICT COURT,

        Defendant.
_____/

## PROOF OF SERVICE

STATE OF MICHIGAN  )
                              ) SS.
COUNTY OF WAYNE  )

       I, Deborah C. Redmond, being first duly sworn, deposes and says; that on the 16th day of January 2009, she served a true copy of Objections To Garnishments, well as Notice of Hearing upon:

Mr. Scott E. Combs (P37554)             City of Detroit Finance Department
Attorney for Plaintiff                           CAYMC
27780 Novi Road, Suite 105              Two Woodward Avenue, Ste. 1200
Novi, Michigan 48377                         Detroit, Michigan 48226
(248) 380-5050

ADP                                                Comerica Bank
16901 Michigan Avenue                    201 W. Fort Street
Dearborn, Michigan 48126               Detroit, Michigan 48226

By placing said copies in an envelope correctly and plainly addressed to the above noted party and depositing said envelope in the U.S. Mail with postage thereon fully prepaid.

      Further deponent sayeth not.

                                                                                 DEBORAH C. REDMOND

Subscribed and sworn to before me
This 16th day of January, 2009

_____
CONSTANCE J. ALLEN   Notary Public
CONSTANCE J. ALLEN
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Feb 18, 2014
ACTING IN COUNTY OF