STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. BOX 30754
LANSING, MICHIGAN 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

July 15, 2013

Clerk of the Court
Ingham County Circuit Court
313 W. Kalamazoo
Lansing, MI 48901-7971

Dear Clerk:

Re: *Gracie Webster, et al v The State of Michigan, et al*
Ingham Circuit Docket No. 13-734-CZ

Enclosed for filing in the above entitled matter, please find the Defendants'
Response to Plaintiffs' Motion for Declaratory Judgment or Preliminary Injunction
and Brief in Support of Defendants' Motion for Summary Disposition along with
Proof of Service upon Plaintiff's attorney.

Sincerely,

*Thomas Quasarano*

Thomas Quasarano
Assistant Attorney General
State Operations Division
(517) 373-1162

TQ/llw
Enc.
c:   John R. Canzano
     Hon. Rosemarie Aquilina

AG# 2013-0048624-A – Webster v SOM, et al /clerk ltr

**801** 000046443

# STATE OF MICHIGAN

DEPARTMENT OF ATTORNEY GENERAL

07/12/2013

TWENTY AND 0/100

$20.00

PAY TO THE ORDER OF

INGHAM COUNTY CIRCUIT COURT

MOTION FEE
WEBSTER V SOM
THOMAS QUASARANO , STATE OPERATIONS

VOID IF DOLLAR AMOUNT EXCEEDS $5,000

Security features included
Details on back

TO THE TREASURER
STATE OF MICHIGAN
LANSING, MICHIGAN 48922

74-70
724

⑈000046443⑈ ⑈072400706⑈ 801 810 4⑈

GRACIE WEBSTER and
VERONICA THOMAS,

     Plaintiffs,

No. 13-734-CZ

v

HON. ROSEMARIE AQUILINA

THE STATE OF MICHIGAN, RICHARD SNYDER,
as Governor of the State of Michigan, and ANDY
DILLON, as Treasurer of the State of Michigan,

**NOTICE OF HEARING**

     Defendants.

_____/

| | |
|---|---|
| John R. Canzano (P30417) | Thomas Quasarano (P27982) |
| McKnight, McClow, Canzano, Smith & Radtke, P.C. | Brian Devlin (P34685) |
| Attorney for Plaintiffs | Assistant Attorneys General |
| 400 Galleria Officentre, Suite 117 | Attorney for Defendants |
| Southfield, MI 48034 | P.O. Box 30754 |
| (248) 354-9650 | Lansing, MI 48909 |
| jcanzano@michworklaw.com | (517) 373-1162 |
| | quasaranot@michigan.gov |
| | devlinb@michigan.gov |

_____/

     PLEASE TAKE NOTICE that Defendants' Motion For Summary Disposition under

MCR 2.116(C)(4), (5), and (8), shall be brought on for hearing before the Honorable Rosemarie

Aquilina in her courtroom in Lansing, Michigan, on **Monday, July 22, 2013 at 9:00 a.m.**, or as

soon thereafter as counsel may be heard.

     Respectfully submitted,

     Bill Schuette
     Attorney General

     *Thomas Quasarano*

     Thomas Quasarano (P27982)
     Brian Devlin (P34685)
     Assistant Attorneys General

Dated: July 15, 2013
AG# 2013-0048624 – S – Webster v SOM – Notice of Hearing

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

       Plaintiffs,

v

THE STATE OF MICHIGAN, RICK SNYDER,
Governor of the State of Michigan, and ANDY
DILLON, Treasurer of the State of Michigan,

       Defendants.

No. 13-734-CZ

HON. ROSEMARIE AQUILINA

**DEFENDANTS' MOTION FOR
SUMMARY DISPOSITION**

---

John R. Canzano (P30417)
McKnight, McClow, Canzano,
  Smith & Radke, P.C.
Counsel for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-345-9650
jcanzano@michworklaw.com

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Attorney for Defendants
Department of Attorney General
P.O. Box 30754
Lansing, MI 48909
517-373-1162
quasaranot@michigan.gov
devlinb@michigan.gov

---

    Defendants move, under MCR 2.116(C)(4), (5), and (8), for Summary Disposition

dismissing Plaintiffs' Complaint with prejudice, as supported by Defendants' Brief in Support.

    WHEREFORE, Defendants respectfully request that this Honorable Court grant

Defendants' Motion for Summary Disposition and dismiss Plaintiffs' Complaint with prejudice.

          Respectfully submitted,

          Bill Schuette
          Attorney General

          Thomas Quasarano (P27982)
          Brian Devlin (P34685)
          Assistant Attorneys General
          Attorneys for Defendants
          (517) 373-1162

Dated: July 15, 2013
AG# 2013-0048624-A – Webster-SOM – Motion

GRACIE WEBSTER and
VERONICA THOMAS,

     Plaintiffs,

            No. 13-734-CZ

v

            HON. ROSEMARIE AQUILINA

THE STATE OF MICHIGAN, RICK SNYDER,
Governor of the State of Michigan, and ANDY
DILLON, Treasurer of the State of Michigan,

     Defendants.

_____

John R. Canzano (P30417)
McKnight, McClow, Canzano,
  Smith & Radke, P.C.
Counsel for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-345-9650
jcanzano@michworklaw.com

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Attorney for Defendants
Department of Attorney General
P.O. Box 30754
Lansing, MI 48909
517-373-1162
quasaranot@michigan.gov
devlinb@michigan.gov

_____

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT OR PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY DISPOSITION

### Statement of Facts

Plaintiffs, as beneficiaries of the City of Detroit's pension system, bring a facial

constitutional challenge to the Local Financial Stability and Choice Act (Act), MCL 141.1541, *et*

*seq*, asserting that the Act is unconstitutional because it permits the Governor to authorize a

proceeding in Chapter 9 bankruptcy, allegedly in violation of Const 1963, art 9, § 24.[1] They

seek a declaratory judgment that the Act "is unconstitutional and in violation of [art 9, § 24] of

the Michigan Constitution because [the Act] permits accrued pension benefits to be diminished

or impaired by bankruptcy proceedings in direct contravention of the Constitution." (Complaint,

¶ 1). Plaintiffs have moved for an expedited hearing on their request for declaratory relief, or

request in the alternative a preliminary injunction enjoining the Governor from authorizing a

bankruptcy proceeding under the Act.

Section 18(1), MCL 141.1558(1), of the Act provides, in part:

> If, in the judgment of the emergency manager, no reasonable alternative to
> rectifying the financial emergency of the local government which is in
> receivership exists, then the emergency manager may recommend to the governor
> and the state treasurer that the local government be authorized to proceed under
> chapter 9. If the governor approves of the recommendation, the governor shall
> inform the state treasurer and the emergency manager in writing of the decision,
> with a copy to the superintendent of public instruction if the local government is a
> school district. The governor may place contingencies on a local government in
> order to proceed under chapter 9. Upon receipt of the written approval, the
> emergency manager is authorized to proceed under chapter 9.

Plaintiffs allege they are entitled to declaratory relief and a final judgment that the Act is

unconstitutional because the Act does not prohibit the Governor from authorizing a Chapter 9

bankruptcy, which threatens to diminish or impair Plaintiffs' accrued pension benefits contrary

to art 9, § 24. (Complaint, ¶26). Plaintiffs request relief and ask this Court to intrude upon the

Governor's authority and discretion based on their speculation that the Governor might exercise

his authority and approve a recommendation that the City proceed in bankruptcy; and that the

City's pension funds might be detrimentally affected during a Chapter 9 proceeding in federal

bankruptcy court. (Complaint, ¶27 and 28). But this Court should deny Plaintiffs' expedited

---

[1] Const 1963, art 9, § 24 provides, in part: "The accrued financial benefits of each pension plan
and retirement system of the state and its political subdivisions shall be a contractual obligation
thereof which shall not be diminished or impaired thereby."

motion for declaratory relief or, alternatively, preliminary injunction and dismiss the Complaint because Plaintiffs lack standing to sue, their claim is unripe, their facial constitutional challenge fails as a matter of law, and they cannot satisfy any of the factors necessary for granting injunctive relief.

**Argument**

I.    **Plaintiffs' motion for expedited declaratory relief should be denied and their Complaint dismissed pursuant to MCR 2.116(C)(4), (C)(5), and (C)(8) because Plaintiffs' lack standing, their claim is unripe, and their facial constitutional challenge fails as a matter of law.**

    **A.    Standard of Review.**

A party is entitled to summary disposition under MCR 2.116(C)(4) if the lower court "lacks jurisdiction of the subject matter." This Court must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence demonstrate a lack of subject-matter jurisdiction. *Toaz v Dep't of Treasury*, 280 Mich App 457, 459, 459; 760 NW2d 325 (2008) (quotation omitted). "[S]ummary disposition [under MCR 2.116(C)(5)] is merited when the plaintiffs lack the capacity to sue. In reviewing these motions, [the] Court must consider the parties' pleadings, depositions, admissions, affidavits, and other documentary evidence to determine whether the defendant is entitled to judgment as a matter of law." *In re Estate of Quintero*, 224 Mich App 682, 692; 569 NW2d 889 (1997). A motion brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim based upon the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The motion should be granted when a plaintiff's claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.* (quotation omitted).

**B.    Analysis.**

Plaintiffs have requested and moved for expedited treatment of their Complaint for declaratory and injunctive relief under MCR 2.605(D).  Defendants do not object and agree that the matter should be accorded expedited review with the exception that judgment for Defendants should be entered.  To that end, Defendants' have also moved for summary disposition under MCR 2.116(C)(4) (subject matter jurisdiction – ripeness), (C)(5) (capacity to sue – standing), and (C)(8) (failure to state a claim).  This Court should waive or adjust the customary response time for such motions, and decide Defendants' motion concurrent with Plaintiffs' motion for accelerated judgment.  As demonstrated below, this Court lacks jurisdiction to entertain Plaintiffs' Complaint because their claim is unripe, they do not have standing to bring this action, and their facial challenge fails as a matter of law.  Further, a speedy resolution of this action is required to avoid adversely impacting the City of Detroit Emergency Manager's current efforts to reach a consensus that could achieve some financial stability for the City without recourse to bankruptcy.  Delaying a resolution of this case would certainly have a negative impact on those efforts and send the wrong message to the citizens of Detroit and Michigan.

**1.    Plaintiffs' lack standing to bring this action.**

In *Lansing School Education Ass'n v Lansing Board of Education*, 487 Mich 349, 355, 372; 792 NW2d 686 (2010), the Michigan Supreme Court reinstated Michigan's previous "prudential" standing test, which automatically conferred standing upon any party who has a "legal cause of action," regardless of whether the underlying issue is justiciable.  "Under this approach, a litigant has standing whenever there is a legal cause of action" or the requirements of MCR 2.605 to seek a declaratory judgment are satisfied. *Id.* at

372. If a specific cause of action at law does not exist for the plaintiff, then the following applies:

> A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [Id.]

In this case, Plaintiffs cannot meet even this liberalized standard.

### a. Plaintiffs have not pled facts sufficient to establish a legal cause of action.

Plaintiffs have not pled facts sufficient to establish that a violation of their rights under Const 1963, art 9, § 24 has occurred or to establish that a cause of action exists under the Act; they do not even attempt to do so. Indeed, the Act expressly states that it provides no cause of action:

> A cause of action against this state or any department, agency, or entity of this state, or any officer or employee of this state acting in his or her official capacity, or any membership of a receivership transition advisory board acting in his or her official capacity, *may not be maintained for any activity authorized by this act, or for the act of a local government filing under chapter 9, including any proceeding following a local government's filing.* [MCL 141.1572 (emphasis added).]

Plaintiffs further acknowledge that the Governor has not authorized a bankruptcy filing as required under the Act. MCL 141.1558(1). Moreover, there are other contingencies that would need to occur before any "threat" to Plaintiffs' pension benefits could arise because:

- Even with the filing of a bankruptcy action, the City of Detroit must meet additional requirements before the case may proceed including completing a Plan of Reorganization to adjust its debts. The City must either obtain an agreement from creditors holding a majority of the amount of claims of each class the debtor intends to impair under a plan, negotiate in good faith with creditors and fail to obtain an agreement of creditors holding a majority of the amount of claims of each class the debtor intends to impair under a plan, be unable to negotiate with creditors because it is impractical, or reasonably believe a creditor may attempt to obtain a preference. 11 USC 109(c). The plan would have to include the pension beneficiaries as a "class of creditors" and propose a reduction of benefits; and

- The plan must be confirmed by the bankruptcy court. The plan must meet seven specific criteria for confirmation, including that "the debtor is not prohibited by law from taking any action necessary to carry out the plan." 11 USC 943(4).

No violation of art 9, § 24 could or would occur if the Governor authorizes the City of Detroit to proceed under Chapter 9 because the bankruptcy court would still have to find the City eligible for bankruptcy, and the court would have to approve a plan in bankruptcy that impairs vested pension benefits, or at least have such a plan presented to it.

Ignoring these contingencies, Plaintiffs' fact assertions center upon their alleged apprehension as to what *might* happen. Plaintiffs contend they are entitled to a declaratory judgment that the Act is facially unconstitutional because it "nowhere requires that in considering whether to approve an emergency manager's recommendation to proceed under Chapter 9, the Governor shall not approve such recommendation if accrued pension benefits may be diminished or impaired in violation of [art 9, § 24]." (Complaint, ¶¶ 18 and 19). Accordingly, Plaintiffs assert, "because [the Act] does not prohibit a municipality from proceeding under Chapter 9 of the US Bankruptcy Code if accrued pension benefits may be unconstitutionally diminished or impaired, [the Act] is unconstitutional on its face in violation of" art 9, § 24. *Id.* This allegation mistakes the scope of the "authorization"—it is not approval of the actual bankruptcy filing or plan— and presumes the Governor would act unconstitutionally.

Plaintiffs further allege that their:

[R]ights under the Michigan Constitution not to have their pension benefits "diminished or impaired" can only be guaranteed if this Court acts *before* the Governor approves a request to proceed under Chapter 9. Moreover, Emergency Manager Orr's threats that he will unconstitutionally diminish or impair Plaintiffs' vested pension rights have themselves harmed Plaintiffs by instilling in Plaintiffs a reasonable fear that their constitutional rights will be trampled upon and, in the process, their future source of income drastically eroded. [Complaint, ¶ 28.]

This Court cannot assume that there will be a Chapter 9 bankruptcy proceeding involving the City of Detroit. The Governor has not yet authorized such a proceeding at this time nor has the Governor had the opportunity to disapprove, approve, or approve and "place contingencies on a local government in order to proceed under chapter 9," as provided for in MCL 141.1558(1). And even if the Court assumes that there will be a Chapter 9 proceeding, this Court cannot assume what the contents of the City's plan might be, or that the federal bankruptcy court will approve a plan that will diminish or impair Plaintiffs' pension benefits. Because Plaintiffs' claim is based on a speculative threat of future-injury, they have failed to allege a legal cause of action for which they have standing to seek relief from this Court. *Lansing School Education Ass'n*, 487 Mich at 372.

### b.    Plaintiffs do not meet the requirements of MCR 2.605.

With respect to declaratory judgment actions, MCR 2.605(A)(1) provides:

> In a case of *actual controversy* within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted. [Emphasis added.]

MCR 2.605 "does not limit or expand the subject-matter jurisdiction of the courts, but instead incorporates the doctrines of standing, ripeness, and mootness." *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012). "The existence of an 'actual controversy' is a condition precedent to invocation of declaratory relief." *Shavers v Attorney General*, 402 Mich 554, 588; 267 NW2d 72 (1978); see also *Genesis Ctr, PLC v Comm'r of Financial & Ins Servs*, 246 Mich App 531, 544; 633 NW2d 834 (2001). "An 'actual controversy' . . . exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues." *UAW*, 295 Mich App at 495 (citations omitted) (footnotes omitted). "The

7

essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an ' " 'adverse interest necessitating the sharpening of the issues raised.' " ' " *Id.* (citations omitted) (footnotes omitted).

As discussed above, the parties are many steps away from a point at which an actual controversy will exist between them. Presently, the possibility of Chapter 9 bankruptcy represents only a possibility, and thus whether Plaintiffs' pension benefits might be impacted somewhere in the future in a bankruptcy proceeding is purely speculative. Thus, the Plaintiffs' interests and the Governor's, Treasurer's, and State's interests are not yet adverse, and therefore no sharpening of the issues through issuance of a declaratory judgment is required. Plaintiffs have failed to satisfy the requirements of MCR 2.605, and do not have standing to seek relief from this Court. *Lansing School Education Ass'n*, 487 Mich at 372.

> **c.** **Plaintiffs have not established a special injury, right, or substantial interest that will be detrimentally affected in a manner different from that of the citizenry at large.**

Even where there is no cause of action provided at law, a court may, in its discretion, determine whether a litigant has standing. *Lansing Schools*, 487 Mich at 372. This requires a showing that the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.

Here, as noted above, the Legislature did not intend to confer standing on any person to challenge the Act. Rather, it expressly provided that there is no cause of action under the Act. MCL 141.1572. And even if Plaintiffs have a special injury, right or interest based on their participation in the City's pension plan, which Defendants do not concede, it is not at all certain that this interest will be detrimentally affected. Again, no authorization to proceed in a Chapter 9

bankruptcy with respect to the City has been made, it remains hypothetical. It is also speculative to assume that Plaintiffs' pensions will be part of any bankruptcy proceeding. Moreover, a Chapter 9 bankruptcy proceeding affords various interested parties protections under the federal Bankruptcy Code.

Bankruptcy Code provisions applicable to a Chapter 9 bankruptcy are set forth under 11 USC 901(a). For instance, § 943, 11 USC 943, of the Bankruptcy Code regulates confirmation of a debtor's plan of adjustment. Section 943(b) sets forth seven criteria that must be met before a federal Bankruptcy Court can confirm the plan. The fourth and seventh requirements are noteworthy here. The fourth criteria requires the bankruptcy court determine "the debtor is not prohibited by law from taking any action necessary to carry out the plan." 11 USC 943(b)(4). The seventh criteria requires a determination that the plan be in the best interest of creditors, and that it be feasible. 11 USC 943(b)(7).

At this time, it is purely speculative as to whether Plaintiffs' interests will be detrimentally affected should the Governor authorize the City to proceed in Chapter 9. Plaintiffs therefore do not have standing to seek relief from this Court. *Lansing School Education Ass'n*, 487 Mich at 372.

### 3.    Plaintiffs' alleged constitutional claim is not ripe for review.

While both standing and ripeness are justiciability doctrines that assess pending claims to discern whether an actual or imminent injury in fact is present, they address different underlying concerns. *Michigan Chiropractic Council v Comm'r of Ins*, 475 Mich 363, 378-379; 716 NW2d 561 (2006). The standing doctrine "is designed to determine whether a particular party may properly litigate the asserted claim for relief." *Id.*, at 379. The ripeness doctrine, on the other hand, "does not focus on the suitability of the party; rather, ripeness focuses on the *timing* of the

action." *Id.* (emphasis in original). The ripeness doctrine precludes the adjudication of hypothetical or contingent claims before an actual injury has been sustained. An action is not ripe if it rests on contingent future events that may not occur as anticipated or may not occur at all. *Id.*, at 371 n. 14.

For the reasons already discussed above, Plaintiffs' contention that a future Chapter 9 bankruptcy could represent what they characterize as a "threat" to their interests in their pensions is not ripe because it rests on contingent future events that may or may not occur, to wit; that the Governor will approve proceeding in Chapter 9, that the approval will be without any contingencies, and that their pensions will be impaired as a result of the federal bankruptcy proceeding. Under these circumstances, this Court should dismiss Plaintiffs' Complaint as unripe for review. See *Strauss v Governor*, 459 Mich 526, 544, 545 n. 14; 592 NW2d 53 (1999), quoting *Straus v Governor*, 230 Mich App 222; 583 NW2d 520 (1998) (citation omitted) ("unless and until such [a constitutional] encroachment actually occurs, the issue is not ripe for adjudication," and "[w]here a constitutional question is presented anticipatorily, the Court is required by the limits on its authority to decline to rule.").

### 4. Plaintiffs' complaint fails to state a claim upon which this Court may grant relief.

Plaintiffs bring a facial constitutional challenge to the Local Financial Stability and Choice Act. They broadly assert that the Act is unconstitutional under Const 1963, art 9, § 24 because it empowers the Governor to authorize a proceeding in Chapter 9. (Complaint, ¶ 19).

"A facial challenge is a claim that the law is 'invalid *in toto* - and therefore incapable of any valid application. . . .' " *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 11 n 20; 740 NW2d 444 (2007) (citation omitted) (emphasis in original). "A party challenging the facial constitutionality of a statute faces an extremely

rigorous standard, and must show that no set of circumstances exists under which the [a]ct would be valid." *Id.* at 11 (internal quotation marks and citation omitted). Plaintiffs cannot satisfy this standard.

As discussed above, § 18(1) of the Act, MCL 141.1558(1), simply authorizes an emergency manager to recommend, and the Governor to authorize, proceeding under Chapter 9. It is silent with respect to what course of action an emergency manager should pursue in bankruptcy, including how a local government unit's assets and liabilities should be treated in bankruptcy. And relevant here, it does not require any particular treatment of pension funds. Indeed, section 18 does not even mention or allude to pension funds. Compare this to section 12(1)(m), MCL 141.1552(1)(m), of the Act, which describes an emergency manager's authority and duties with respect to a "municipal government's pension fund." Thus, nothing in the Act compels or requires any impairment of Plaintiffs' pension benefits contrary to art 9, § 24. The Act is therefore not facially unconstitutional. Moreover, Plaintiffs clearly cannot establish "that no set of circumstances exists under which the [a]ct would be valid," because the Governor could place a contingency eliminating the pension fund, payments and liabilities from a Chapter 9 proceeding. Additionally, the City may not include the pension funds, payments and liabilities in its plan; or the federal court may determine that federal bankruptcy law controls the analysis. Plaintiffs' facial constitutional challenge to the Act thus fails as a matter of law, and should be dismissed.

## II. Plaintiffs' alternative request for preliminary injunctive relief is premature, overbroad, and constitutionally infirm, and fails to satisfy the four requirements for issuance of a preliminary injunction.

Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury.

MCR 3.310(A); *Davis v City of Detroit Financial Review Team*, 296 Mich App 568, 613-614;

821 NW2d 896 (2012); *Michigan Coalition of State Employee Unions, et al v Civil Service

Commission,* 465 Mich 212, 226, n 11; 634 NW2d 692 (2001). In order to obtain a preliminary

injunction, a plaintiff must prove that (1) he is likely to prevail on the merits; (2) he will be

irreparably harmed if an injunction is not issued; (3) the harm to him absent an injunction

outweighs the harm that an injunction would cause the defendants; and (4) there will be no harm

to the public interest if an injunction is issued. *Detroit Fire Fighters Ass'n v Detroit*, 482 Mich

18, 34; 753 NW2d 579 (2008). A court's exercise of its discretion to consider injunctive relief

may not be arbitrary, but rather must be in accordance with the fixed principles of equity

jurisdiction and the evidence in the case. *Jeffrey v Clinton Twp*, 195 Mich App 260, 263; 489

NW2d 211 (1992). When seeking injunctive relief, the plaintiff has the burden of proof on each

of these factors. MCR 3.310(A)(4). Plaintiffs have not met their burden here, and their motion

should be denied.

### A. Plaintiffs' alternative request for preliminary injunctive relief is premature, overbroad, and constitutionally infirm.

Plaintiffs alternatively seek a preliminary injunction. But Plaintiffs' request should be

denied because it is premature, overbroad, and unsupported by precedent.

This Court "at all times is required to question sua sponte its own jurisdiction (whether over a

person, the subject matter of an action, *or the limits on the relief it may afford*)." *Strauss*, 459

Mich at 532, quoting *Straus*, 230 Mich App 222 (citation omitted) (emphasis added). In *Strauss*,

the Michigan Supreme Court, in adopting the Court of Appeals' opinion, expressed "doubt with

respect to the propriety of injunctive relief against the Governor," and observed that "separation

of powers principles, preclude *mandatory* injunctive relief, mandamus, against the Governor."

*Id.* (citations omitted) (emphasis added). The Court further observed that whether the same

12

reasoning also precludes "*prohibitory* injunctive relief" was an open question "that need not be resolved in [that] case." *Id.* (emphasis added). However, the Court also recognized, if not emphasized that

> declaratory relief normally will suffice to induce the legislative and *executive* branches, the principal members of which have taken oaths of fealty to the constitution identical to that taken by the judiciary, to conform their actions to constitutional requirements or confine them within constitutional limits. *Only when declaratory relief has failed should the courts even begin to consider additional forms of relief in these situations.* [*Id.* (emphasis added). See also *Davis v City of Detroit Financial Review Team*, 296 Mich App 568, 614, 632-635; 821 NW2d 896 (2012) (O'Connell, J., concurring).]

There is then almost a presumption that injunctive relief, of any kind, may not be entered against the Governor unless declaratory relief has failed. That has not happened here. Their request for an injunction should thus be denied as a premature.

Plaintiffs' request for injunctive relief should also be denied because it is overbroad. Plaintiffs ask this Court to enjoin the Governor from authorizing *any* bankruptcy for the City of Detroit. (Complaint, ¶ 31-34). This would include a bankruptcy proceeding in which pension funds were *not* at issue or at risk. Additionally, the authorization Plaintiffs seek to enjoin is to proceed in Chapter 9 only, not the actual bankruptcy Petition or plan. This court cannot determine, based on the record Plaintiffs' present, how any bankruptcy proceeding for the City of Detroit, if filed, may impact their pension benefits or if at all, until the bankruptcy plan is filed with the bankruptcy court and ultimately confirmed. 11 USC 943. Plaintiffs alleged constitutional violation and claimed injury is currently nothing more than pure speculation. Thus, Plaintiffs' request should be denied to the extent it is overbroad and not narrowly tailored to the facts and legal arguments.

Finally, Plaintiffs' request for injunctive relief should be denied to the extent it is a request for mandatory injunctive relief. Although Plaintiffs' have couched their request for

injunctive relief in prohibitory language, in reality they seek to compel the Governor to exercise his discretion in a particular manner.

Under § 18(1), MCL 141.1558(1), the Governor may (1) disapprove the recommendation; (2) approve the recommendation; or (3) approve the recommendation and place contingencies on the local government in proceeding under Chapter 9. Plaintiffs' seek to have this Court compel the Governor to exercise the first option, disapproval. But it is clear that this Court cannot constitutionally issue a mandatory injunction compelling the Governor to exercise his discretion and act in a particular manner. *Strauss*, 459 Mich at 532. See also *Flint City Council v State of Michigan*, 253 Mich App 378, 387; 655 NW2d 604 (2002) (Observing that Court had previously reversed circuit court "[b]ecause the court's order . . . required the Governor to take specific, court-ordered action, . . . in the nature of mandamus and in violation of the Michigan constitution"); *Musselman v Governor*, 200 Mich App 656, 662; 505 NW2d 288 (1993) ("mandamus will not lie to compel the Governor to act, regardless of whether the actions sought to be compelled are discretionary or ministerial"). Accordingly, Plaintiffs' request for preliminary or permanent injunctive relief must be denied.

**B.     Plaintiffs have failed to satisfy any of the four requirements for issuance of a preliminary injunction.**

**1.     Plaintiffs are not likely to succeed on the merits.**

Plaintiffs cannot demonstrate a substantial likelihood of success on the merits of their claim that the Act is unconstitutional under art 9, § 24 because, as set forth above in Argument I, they lack standing to sue; their claim is unripe; and their facial constitutional challenge fails as a matter of a law.

14

### 2. Plaintiffs will not suffer irreparable harm if an injunction is not issued.

Again, if justiciable, the underlying issue in this case is properly raised in the federal Bankruptcy Court in the context of the actual bankruptcy plan during the confirmation process and not in the state trial court. 11 USC 943. Plaintiffs' legal claims would ripen only if and when a bankruptcy proceeding includes a possible reduction or adverse impact on their pension benefits. It is in that forum, in the context of the specific bankruptcy plan, that these legal issues should be addressed and resolved. Because Plaintiffs have a legal remedy – litigation in the context of the bankruptcy action –they will not suffer irreparable harm if an injunction is not issued now. They have identified no immediate threat to their pension benefits.

### 3. Defendants would be harmed more by the granting of the relief than would Plaintiffs in the absence of an injunction.

While Plaintiffs retain their access to the remedies set forth in the federal Bankruptcy Code without need of court-granted injunctive relief, the grant of Plaintiffs' alternative motion for preliminary injunction would harm Defendants, the operation of state government, the City of Detroit and its fiscal recovery. As discussed above, the grant of such relief would require that this Court disregard the separation of powers doctrine. Const 1963, art 3, § 2. The granting of such relief also would unlawfully intrude on the Governor's executive powers to authorize a Chapter 9 bankruptcy under section 18 of the Act, MCL 141.1558, by barring him from implementing the Act. The breadth of the injunction sought would preclude the authorization of *any* bankruptcy proceeding thereby prohibiting the State, the Emergency Manager and the City of Detroit from accessing an important tool for resolution of the existing fiscal crisis. The impact on the State's and City's economy would be devastating and the consequent impact on Plaintiffs pension benefits potentially worse than any bankruptcy action would produce.

### 4. The harm to the public interest if the injunction is issued is readily apparent.

In that Defendants would be harmed more by the granting of the injunctive relief than would Plaintiffs in the absence of an injunction, likewise the public at large will be harmed for the same reasons. An affront to the separation of powers doctrine and an unlawful intrusion into the Governor's executive powers can never be in the public interest.

The administration of any statute is essentially a matter of public and not of individual concern. Accordingly, in this case, the public is not benefited by a court order that would bar the Governor from authorizing a Chapter 9 bankruptcy under section 18 of the Act, MCL 141.1558.

Furthermore, improper interference with these gubernatorial powers directly contravenes the Act's measures to "assure the fiscal accountability of the local government and the local government's capacity to provide or cause to be provided necessary governmental services essential to the public health, safety, and welfare." MCL 141.1549(2). An injunction would place the citizens of the City of Detroit at greater risk because it would eliminate access to an important tool to resolve the existing fiscal crisis, causing further detrimental impact to public safety, services, and welfare.

For all of these reasons, the Court's issuance of injunctive relief or other such relief would be unwarranted and inappropriate.

**Conclusion and Relief Requested**

For the reasons stated above, Defendants respectfully request that this Honorable Court deny Plaintiffs' motion for expedited declaratory relief and/or for a preliminary injunction, and grant Defendants' motion for summary disposition dismissing Plaintiffs' Complaint under MCR 2.116(C)(4), (5), and (8) with prejudice.

Respectfully submitted,

Bill Schuette
Attorney General

*Thomas Quasarano*

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Attorneys for Defendants
State Operations Division
(517) 373-1162

Dated: July 15, 2013
AG# 2013-0048624-A – Webster-SOM – Response to Mtn Declaratory Judgment

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

Plaintiffs,

No. 13-734-CZ

v

HON. ROSEMARIE AQUILINA

THE STATE OF MICHIGAN, RICHARD
SNYDER, as Governor of the State of
Michigan, and ANDY DILLON, as Treasurer
of the State of Michigan,

Defendants.

---

| | |
|---|---|
| John R. Canzano (P30417) | Thomas Quasarano (P27982) |
| McKnight, McClow, Canzano, Smith & | Brian Devlin (P34685) |
| Radtke, P.C. | Assistant Attorneys General |
| Attorney for Plaintiffs | Attorney for Defendants |
| 400 Galleria Officentre, Suite 117 | P.O. Box 30754 |
| Southfield, MI 48034 | Lansing, MI 48909 |
| (248) 354-9650 | (517) 373-1162 |
| jcanzano@michworklaw.com | quasaranot@michigan.gov |
| | devlinb@michigan.gov |

---

STATE OF MICHIGAN    )
                     ) ss
COUNTY OF INGHAM     )

**PROOF OF SERVICE**

The undersigned certifies that on July 15, 2013 she served a copy of the Defendants'

Response to Plaintiffs' Motion for Declaratory Judgment or Preliminary Injunction and Brief in

Support of Defendants' Motion for Summary Disposition by e-mail and first class mail upon:

John R. Canzano
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield, MI 48034
jcanzano@michworklaw.com

*Lynne L. Walton*
Lynne L. Walton

AG# 2013-0048624-C – Webster v SOM - POS