STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

    Plaintiffs,

vs                                             Case No. 13-734-CZ
                                                Hon. Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

    Defendants.
_____/

ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this ___ day of July, 2013.

PRESENT: _____
               Circuit Court Judge

    Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436 permits the Governor to authorize an emergency manager to proceed under chapter 9 of the bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter 9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

A copy of this Order shall be transmitted to President Obama.

It is so Ordered.

*Rosemarie E. Aquilina*
Circuit Court Judge
P37670