RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

317292

| Approved, Michigan Court of Appeals | | |
|---|---|---|
| LOWER COURT NAME<br>30th Circuit Ct. - Ingham Cty. | Electronically Filed<br>CLAIM OF APPEAL | LOWER COURT CASE NO.<br>13-734-CZ |

| Plaintiff / Petitioner Names(s)<br>Gracie Webster and Veronica Thomas | Defendant / Respondent Name(s)<br>Rick Snyder, Andy Dillon, and State of Michigan |
|---|---|
| ☐ Appellant(s) ☑ Appellee(s) | ☑ Appellant(s) ☐ Appellee(s) |
| Attorney<br>John Canzano    Bar No. 30417 | Attorney<br>Heather S. Meingast    Bar No. 55439 |

☐ Probate    In the matter of _____
Other interested party(ies) in probate matter: _____

1. **Defendants-Appellants** claims an appeal from a final judgment or order entered on **07/19/2013** in the **30th Circuit** Court of the State of Michigan, by Judge **RosemarieAquilin** (Bar No. **37670**).

2. Bond on appeal is ☐ filed. ☐ attached. ☐ waived. ☑ not required.

3. ☑ The transcript has been ordered.
   ☐ The transcript has been filed.
   ☐ No record was made.

4. ☐ THIS APPEAL INVOLVES A CONTEST AS TO THE CUSTODY OF A MINOR CHILD. MCR 7.204(D)(3)(a).

5. ☐ THIS APPEAL INVOLVES A RULING THAT MEETS THE REQUIREMENTS OF MCR 7.204(D)(3)(b).

Date: **07/19/2013**
(mm/dd/yyyy)

Appellant/Attorney's Signature: /s/ **Heather S. Meingast**

Business Address:
525 W. Ottawa, P.O. Box 30217
Lansing, MI 48909

Telephone Number:

(10/06) E-File Claim of Appeal     MCR 7.204

**Note:** Pursuant to MCR 7.204(C), a Claim of Appeal shall be accompanied by a copy of the judgment or order appealed from, applicable documentation of the status of the transcript, a true copy of any bond that has been filed, a current copy of the lower court register of actions, and a jurisdictional checklist on the form provided by the Court of Appeals (http://courtofappeals.mijud.net/efile/forms/E-File_Juris_Checklist.pdf).

Case Name: <u>Gracie Webster & Veronica Thomas</u>  v <u>Rick Snyder, Andy Dillon, State of Michigan</u>

INSTRUCTIONS: Please complete this checklist and file with your claim of appeal. **ALL** of the numbered items are required. Check each box as you confirm that each item is being filed.

- [✓] 1. A **signed** claim of appeal showing the correct lower court number(s). [MCR 7.204(B)(1) & (D).]

- [✓] 2. A filing fee of $375.00 or appropriate fee substitute. [MCR 7.202(3) & 7.204(B)(2).] (Where multiple lower court or tribunal numbers are involved, an additional filing fee may be required. Appellants will be advised of any additional amount required.)

- [✓] 3. A copy of the order you are appealing. [MCR 7.204(C)(1).] (This is the order deciding the merits and not an order denying reconsideration, new trial, or other post-judgment relief.)

- [ ] 4. Evidence that the necessary transcript has been ordered. [MCR 7.204(C)(2).] (Only one item from a through g is required).

    - [ ] a. No transcript will be filed. [MCR 7.204(C)(2) & AO 2004-5 ¶ 8(A)(1).]
    - [ ] b. The transcript has already been filed. [MCR 7.210(B)(1)(a).]
    - [✓] c. The complete transcript has been ordered. [MCR 7.210(B)(1)(a).]
    - [ ] d. This appeal is from a probate court proceeding which does not require a complete transcript. [MCR 7.210(B)(1)(b).]
    - [ ] e. A motion has been filed in the lower court or tribunal for submission of the appeal on less than the complete transcript. [MCR 7.210(B)(1)(c).]
    - [ ] f. The parties have stipulated to submission of the appeal on less than the complete transcript. [MCR 7.210(B)(1)(d).]
    - [ ] g. The parties have stipulated to a statement of facts. [MCR 7.210(B)(1)(e).]

- [✓] 5. Proof of service demonstrating that all other parties have been served. [MCR 7.204(C)(3).] (*Even if a party is not an appellee, they must be served.*)

- [✓] 6. A **current** register of actions from the lower court or tribunal. [MCR 7.204(C)(5).]

**Finality of Order Being Appealed** (Check the box that demonstrates your claim of appeal is by right. If neither applies, you do not have an appeal by right.)

- [✓] The claim of appeal is from an order defined as a final order by MCR 7.202(6) or MCR 5.801(B)(1). [MCR 7.203(A)(1).] Please specify which category of final order applies: <u>MCR 7.202(6)(a)(i)</u>

- [✓] The claim of appeal is from an order which is designated by statute, court rule, or case law as an order appealable by right to the Court of Appeals. Please specify the authority under which you have an appeal by right: <u>MCR 2.605(E)</u>

<u>7/19/13</u>
Date

_____
Preparer's Signature

6/07

Received by Michigan Court of Appeals 7/19/2013 2:29:26 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

WEBSTER, ET AL,

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-734-CZ

At a session of said Court in the City of Lansing, County of Ingham, State of Michigan, this 19 day of July, 201_

PRESENT: The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that DEFENDANTS' MOTION FOR SUMMARY DISPOSITION IS DENIED FOR THE REASONS STATED FROM THE BENCH.

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: _____    _____
Plaintiff / Plaintiff's Attorney          Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

    Plaintiffs,

vs                                              Case No. 13-734-CZ
                                                 Hon. Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

    Defendants.

_____/

ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this ___ day of July, 2013.

PRESENT: _____
              Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436 permits the Governor to authorize an emergency manager to proceed under chapter 9 of the bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter 9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

13-53846-tjt   Doc 1220-1   Filed 10/17/13   Entered 10/17/13 14:05:11   Page 4 of 6

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits. A copy of this Order shall be transmitted to President Obama.

It is so Ordered.

*Rosemarie E. Aquilina*
Circuit Court Judge
P37670

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM