STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL

P.O. Box 30212
Lansing, Michigan 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

July 19, 2013

Ms. Kimberly S. Hauser
Michigan Court of Appeals
Hall of Justice
925 W. Ottawa St.
P.O. Box 30022
Lansing, MI 48909-7522

Re: *Webster v Snyder*, Ingham County Circuit Court No. 13-734-CZ, COA Docket Nos 317286, 317292; *Flowers v Snyder*, Ingham County Circuit Court No. 13-729-CZ, COA Docket No. 317285; *The General Retirement System of the City of Detroit v Orr*, Ingham County Circuit Court No. 13-768-CZ, COA Docket No. 317284;

Dear Clerk Hauser:

As the Court is aware from our filings on behalf of Governor Snyder, Emergency Manager Orr, Treasurer Dillon, and the State of Michigan earlier today, Judge Aquilina of the Ingham County Circuit Court issued temporary-restraining and preliminary-injunction orders yesterday after the Governor had already authorized and Emergency Manager Orr had already filed a Chapter 9 bankruptcy petition on behalf of the City of Detroit. In our three applications for leave to appeal and accompanying motions, we ask the Court to stay the effect of the orders and stay all further trial-court proceedings.

A short time ago, Judge Aquilina concluded additional proceedings in these matters. In *Webster v Snyder,* Judge Aquilina entered final judgment on plaintiffs' claim for declaratory relief, denied the State's motions for summary disposition and for stay, and directed that her orders be transmitted directly to the President of the United States. In *Flowers v Snyder*, Judge Aquilina amended her previously issued preliminary injunction, and denied the State's motions for summary disposition and again denied motions for stay.

These are extraordinary actions, because Judge Aquilina has no legal basis to enter orders of any kind. As explained in the application for leave filed in *The*

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

*General Retirement System of the City of Detroit v Orr*, there is an automatic stay in place by virtue of the bankruptcy filing. In addition, Judge Aquilina did not even consider the factors for injunctive relief. And plaintiffs cannot show a likelihood of success on the merits (their claims are not yet ripe and can be litigated fully in the bankruptcy court), there is no danger of irreparable harm (for the same reasons), the harm to defendants' executive branch power outweighs any potential harm to plaintiffs (since they can litigate all of their claims in the bankruptcy court), and the harm to the public is immense.

These proceedings could not be more high stakes. The City of Detroit is in the most desperate financial straits, with estimated debt of $18 to $20 billion, roughly $24,000 per City resident. If Detroit were a state, its debt load would exceed that of 43 other states. And due to the City of Detroit's unsustainable debt load, the City has lost the ability to provide even the most basic services to its residents. Citizens wait an average of 58 minutes for the police to respond to their calls. Only 8.7% of criminal cases are solved. In the first quarter of 2013, 40% of the City's street lights were not functioning, and only one-third of the City's ambulances were in service. The bankruptcy is essential to Detroit being able to serve the basic health and safety needs of its citizens.

Enclosed is the final judgment in the *Webster* case, as well as all other orders entered today by the trial court in these cases, and accompanying motion for emergency consideration and consolidation. Defendants seek an immediate stay of *all* trial court orders in these cases, and a stay of *all* further trial court proceedings. I am available 24-7 at 517.898.5986 if the Court would like to conduct a telephonic hearing, or requires any additional information.

Sincerely,

/s/John J. Bursch

Michigan Solicitor General
Solicitor General Bureau

[Writer/typist initials]
[Enclosure or Enclosures or Enc. or Enc. (#)]
cc: [Name]

[Tracer Line]

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

FLOWERS, ET AL,

Plaintiff,

**ORDER**

HON. ROSEMARIE E. AQUILINA

v

RICK SNYDER, ET AL,

Docket No: 13-729-CZ

Defendant.

**At a session of said Court in the City of Lansing, County of Ingham, State of Michigan, this 19 day of July, 201_**

**PRESENT: The Honorable Rosemarie E. Aquilina 30th Judicial Circuit Court Judge**

Upon review of motion, and a hearing being held in open court, and argument having been heard, and being fully apprised of the issues, states the following:

**IT IS ORDERED** that DEFENDANTS' MOTION TO STAY, PENDING APPEAL, ENFORCEMENT OF THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND THE ORDER OF PRELIMINARY INJUNCTION IS DENIED FOR THE REASONS STATED FROM THE BENCH.

**IT IS SO ORDERED.**

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: ______________________ ______________________

Plaintiff / Plaintiff's Attorney Defendant / Defendant's Attorney

**STATE OF MICHIGAN**

**IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM**

FLOWERS, ET AL,

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-729-CZ

**At a session of said Court in the City of Lansing, County of Ingham, State of Michigan, this 19 day of July, 201_**

**PRESENT: The Honorable Rosemarie E. Aquilina 30th Judicial Circuit Court Judge**

Upon review of motion, and a hearing being held in open court, and argument having been heard, and being fully apprised of the issues, states the following:

**IT IS ORDERED** that DEFENDANTS' MOTION FOR SUMMARY DISPOSITION IS DENIED FOR THE REASONS STATED FROM THE BENCH.

**IT IS SO ORDERED.**

Rosemarie E. Aquilina

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: ______________________ Plaintiff / Plaintiff's Attorney ______________________ Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

ROBBIE FLOWERS, MICHAEL WELLS,
JANET WHITSON, MARY WASHINGTON and
BRUCE GOLDMAN

Plaintiffs,

vs.

Case No. 13-729-CZ
Hon. Rosemarie Aquilina

RICK SNYDER, as the Governor of the State of Michigan; ANDY DILLON, as the Treasurer of the State of Michigan; and the STATE OF MICHIGAN,

Defendants.

---

William A. Wertheimer (P26275)
Attorney for plaintiffs
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200
billwertheimer@gmail.com

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
PO Box 30754
Lansing, MI 48909
quasaranot@michigan.gov

Andrew Nickeloff (P37990)
Marshall J. Widick (P53942)
James A. Britton (P71157)
Attorneys for plaintiffs
Sachs Waldman
1000 Farmer
Detroit, MI 48226
313-496-9429
anickelhoff@sachswaldman.com
mwidick@sachswaldman.com
jabritton@sachswaldman.com

---

Amended
**PRELIMINARY INJUNCTION**

At a session of the Court, held in the City of Lansing,
County of Ingham, State of Michigan
on 19 July 13

PRESENT: Hon. Rosemarie E. Aquilina
CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiffs' Amended Verified Complaint and Motion for a Preliminary Injunction; the Court being fully advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in Plaintiffs' Complaint; Plaintiffs having adequately shown that a failure to immediately issue a Preliminary Injunction will cause irreparable injury to Plaintiffs by permitting the Governor and the State Treasurer ("Defendants") to authorize or otherwise proceed with Chapter 9 bankruptcy petition on behalf of the City of Detroit, or to aid in such a proceeding, wherein Plaintiffs' accrued financial benefits will be impaired; and the Court being otherwise fully informed in the premises and finding good cause:

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants are immediately and preliminarily enjoined and restrained from taking any action as to the authorization of a Chapter 9 bankruptcy proceeding for the City of Detroit and/or the filing of a Chapter 9 bankruptcy petition, or any action in aid and assistance as to the same;

IT IS FURTHER ORDERED that this preliminary injunction shall remain in full force and effect until further order of the Court.

IT IS SO ORDERED.

Rosemarie E. Aquilina P37670
CIRCUIT COURT JUDGE

DATE: 19 July 13

TIME: 11:30 a.m.

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

WEBSTER, ET AL,

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-734-CZ

**At a session of said Court in the City of Lansing, County of Ingham, State of Michigan, this 19 day of July, 201_**

**PRESENT: The Honorable Rosemarie E. Aquilina**
**30th Judicial Circuit Court Judge**

Upon review of motion, and a hearing being held in open court, and argument having been heard, and being fully apprised of the issues, states the following:

**IT IS ORDERED** that DEFENDANTS' MOTION FOR SUMMARY DISPOSITION IS DENIED FOR THE REASONS STATED FROM THE BENCH.

**IT IS SO ORDERED.**

Rosemarie E. Aquilina

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: ______________________ ______________________

Plaintiff / Plaintiff's Attorney Defendant / Defendant's Attorney

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

WEBSTER, ET AL,

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-734-CZ

**At a session of said Court in the City of Lansing, County of Ingham, State of Michigan, this 19 day of July, 201_**

**PRESENT: The Honorable Rosemarie E. Aquilina 30th Judicial Circuit Court Judge**

Upon review of motion, and a hearing being held in open court, and argument having been heard, and being fully apprised of the issues, states the following:

**IT IS ORDERED** that DEFENDANTS' MOTION TO STAY, PENDING APPEAL, THE ENFORCEMENT OF THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT AND THE ORDER OF DECLARATORY JUDGMENT IS DENIED FOR THE REASONS STATED FROM THE BENCH.

**IT IS SO ORDERED.**

Rosemarie E. Aquilina

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: ______________________ ______________________

Plaintiff / Plaintiff's Attorney Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

Plaintiffs,

vs

Case No. 13-734-CZ
Hon. Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

Defendants.

---

ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this 19th day of July, 2013.

PRESENT: Rosemarie E Aquilina
Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436 permits the Governor to authorize an emergency manager to proceed under chapter 9 of the bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter 9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

A copy of this Order shall be transmitted to President Obama.

It is so Ordered.

Rosemarie E. Aquilina P37670

Circuit Court Judge

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, and THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT,

Plaintiffs,

vs.

KEVYN D. ORR, in his official capacity as the EMERGENCY MANAGER OF THE CITY OF DETROIT, and RICHARD SNYDER, in his official capacity as the GOVERNOR OF THE STATE OF MICHIGAN,

Defendants.

Case No. 13-768-CZ

Hon. Rosemarie E. Aquilina

/

Ronald A. King (P45088)
Aaron O. Matthews (P64744)
Michael J. Pattwell (P72419)
CLARK HILL PLC
212 East Grand River Avenue
Lansing, Michigan 48906
(517) 318-3100
Attorneys for Plaintiffs

/

**AMENDED TEMPORARY RESTRAINING ORDER**

At a session of said Court, held in the City of Lansing, County of Ingham, State of Michigan on 19 July 13

PRESENT: HON. Rosemarie E. Aquilina
CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiffs' Complaint with verification and *Ex-Parte* Motion for a Temporary Restraining Order and oral *ex-parte* motion for amendment to the Temporary Restraining Order entered by the Court on July 18, 2013; the Court being fully

9216278.1 14893/161046

advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in Plaintiffs' Complaint; Plaintiffs having adequately shown that a failure to immediately issue a Temporary Restraining Order will cause irreparable injury to Plaintiffs by permitting the Governor and the Emergency Manager ("Defendants") to authorize and file a Chapter 9 bankruptcy petition, plan of adjustment, and/or other bankruptcy filings whereby Plaintiffs' accrued financial benefits may be impaired; and the Court being otherwise fully informed in the premises and finding good cause:

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants and their agents and representatives are immediately and temporarily enjoined and restrained from taking any further action that may: (i) cause or further the accrued financial benefits of the Retirement Systems or their participants from in any way being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution; or (ii) otherwise abrogates Article IX, section 24, of the Michigan Constitution;

IT IS FURTHER ORDERED that Defendants, and their agents and representatives are immediately and temporarily enjoined and restrained from filing with the United States Bankruptcy Court a plan of adjustment or any other filing pursuant to Chapter 9 of the United States bankruptcy code which seeks to impair or diminish the accrued financial benefits of the Retirement Systems or their participants;

IT IS FURTHER ORDERED that the Court shall hold a hearing on July 22, 2013 at 9:00 a.m. whereby Defendants shall show cause why a Preliminary Injunction shall not issue; and

IT IS FURTHER ORDERED that this temporary restraining order shall remain in full force and effect until 22 Aug., 2013 at 5:00 p.m.

IT IS SO ORDERED.

Rosemarie E. Aquilina
CIRCUIT COURT JUDGE P37670

DATE: 19 July 13

TIME: 12:30 PM