RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

| | STATE OF MICHIGAN<br>IN THE COURT OF APPEALS<br>**Cover Sheet** | CASE NO. | | |
|---|---|---|---|---|
| Lower Court or Tribunal | | CIRCUIT: | Year **13** | Number **734** | Case Type **CZ** |
| Ingham Circuit Court | | COURT OF APPEALS: | | | |

| Filing Party Last Name or Business/Entity/Agency Name | | Attorney Last Name | |
|---|---|---|---|
| Michigan Department of Attorney General | | Meingast | |
| Filing Party First Name | M.I. | Attorney First Name | M.I.  P Number |
| | | Heather | 55439 |
| Address (Street 1, Street 2, City, State, and ZIP Code) | | Address(Street 1, Street 2, City, State, and ZIP Code) | |
| | | 525 W. Ottawa, 4th Floor | |
| | | Lansing | MI  48913 |
| | | Attorney Telephone Number | |
| | | (517)373-4875 | |

| Type | Filename/Description | Filing<br>Fee | Doc<br>Fee | Total<br>This Filing |
|---|---|---|---|---|
| Application | Emergency Application for Leave to Appeal | $5.00 | ---- | $5.00 |

|  | | 3% Service Fee: | $0.15 |
|---|---|---|---|
| **Fee Substitute/Alternate Payment** | | **Total All Filings:** | **$5.15** |

**Reason:**

| | |
|---|---|
| [ ] | **Appointed Counsel** |
| [ ] | **Motion To Waive Fee** |
| [ ] | **Fees Waived in this Case** |
| [X] | **MI InterAgency Transfer** |
| [ ] | **No Fee per MCR 7.203(F)(2)** |

**Filer Office Use Only:**   2013

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin. As a recipient of service of these documents, you may wish to go to https://wiznet.wiznet.com/appealsmi to register as a user of the electronic filing system.

Initiate - 336075

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

| Lower Court or Tribunal | **STATE OF MICHIGAN**<br>**IN THE COURT OF APPEALS**<br>**Proof of Service** | *CASE NO.* | | | |
|---|---|---|---|---|---|
| Ingham Circuit Court | | CIRCUIT: | Year 13 | Number 734 | Case Type CZ |
| | | COURT OF APPEALS: | | | |

Case Name: ___Gracie Webster and Veronica Thomas v Rick Snyder, Andy Dillon, and State of Michigan___

On __7/19/2013__ , one copy of the following documents:

Application            Emergency Application for Leave to Appeal

was delivered to the persons listed below:

| Date | Signature |
|---|---|
| 7/19/2013 | /s/Aimee L. Nelson |

| Bar Number | Name | Delivery Method | Service Address |
|---|---|---|---|
| P- 30417 | Canzano, John R | Email | jcanzano@michworklaw.com |

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin. As a recipient of service of these documents, you may wish to go to https://wiznet.wiznet.com/appealsmi to register as a user of the electronic filing system.

STATE OF MICHIGAN
IN THE COURT OF APPEALS

GRACIE WEBSTER and
VERONICA THOMAS,

       Plaintiffs-Appellees,

v

RICK SNYDER, as the Governor of the
State of Michigan, ANDY DILLON, as the
Treasurer of the State of Michigan, and the
STATE OF MICHIGAN,

       Defendants-Appellants,

Docket No.
Case No. 13-734-CZ
Hon. Rosemarie Aquilina

---

**This appeal involves a ruling
prohibiting State governmental
action. Emergency relief
requested under MCR 7.205(E).**

---

**ACTION REQUIRED BY THE END OF BUSINESS FRIDAY, JULY 19, 2013**

**DEFENDANTS RICKY SNYDER, AND DILLON, AND THE STATE OF
MICHIGANS' EMERGENCY APPLICATION FOR LEAVE TO APPEAL**

Bill Schuette
Attorney General

John J. Bursch (P57679)
Solicitor General
Counsel of Record

Matthew Schneider (P62190)
Chief Legal Counsel

Margaret A. Nelson (P30342)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendants–Appellants
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

Dated: July 19, 2013.

# TABLE OF CONTENTS

Page

Table of Contents.................................................................................i

Index of Authorities...........................................................................iii

Statement of Question Presented .........................................................v

Statement of Jurisdiction ....................................................................1

Introduction .......................................................................................2

Statement of Facts and Proceedings Below............................................4

Argument ...........................................................................................7

I.   The trial court abused its discretion by enjoining Defendants from
     taking "any further action" that would diminish or impair Plaintiffs'
     pension benefits where the filing of the City of Detroit's bankruptcy
     petition renders their claim moot, and where Plaintiffs failed to satisfy
     the requirements for issuance of a TRO. ..........................................7

     A.   Standard of Review ...............................................................7

     B.   Plaintiffs' constitutional challenge to the Local Financial
          Stability and Choice Act and request for relief are moot. ...........8

     C.   Plaintiffs failed to satisfy the requirements for granting
          injunctive relief....................................................................9

          1.   No substantial likelihood of success on the merits. ...........9

               a.   Plaintiffs' request for injunctive relief was
                    premature and overbroad. .....................................9

               b.   Plaintiffs' lack standing to bring this action....................11

                    i.    Plaintiffs have not pled facts sufficient to
                          establish a legal cause of action............................11

                    ii.   Plaintiffs do not meet the requirements of
                          MCR 2.605. ......................................................14

                    iii.  Plaintiffs have not established a special
                          injury, right, or substantial interest that will

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

i

be detrimentally affected in a manner different from that of the citizenry at large. ......... 15

    c.    Plaintiffs' alleged constitutional claim is not ripe for review. ........................................................................ 16

    d.    Plaintiffs' complaint fails to state a claim upon which this Court may grant relief. .................................. 17

2.    Plaintiffs did not demonstrate irreparable harm. ...................... 19

3.    The injunction's harm to Defendants outweighs the harm to Plaintiffs in the absence of an injunction. .............................. 19

4.    The TRO harms the public interest. ........................................... 20

5.    Defendants request emergency relief under MCR 7.205(E)(2). ................................................................................. 20

Conclusion and Relief Requested ............................................................................... 21

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

ii

# INDEX OF AUTHORITIES

Page

## Cases

*Davis v City of Detroit Financial Review Team,*
296 Mich App 568; 821 NW2d 896 (2012) ......................................................... 7, 10

*Detroit Fire Fighters Ass'n v Detroit,*
482 Mich 18; 753 NW2d 579 (2008) .................................................................. 7

*Gen Motors Corp v Dep't of Treasury,*
290 Mich App 355; 803 NW2d 698 (2010) ........................................................ 8

*Genesis Ctr, PLC v Comm'r of Financial & Ins Servs,*
246 Mich App 531; 633 NW2d 834 (2001) ...................................................... 14

*In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA
71,*
479 Mich 1; 740 NW2d 444 (2007) .................................................................. 18

*Jeffrey v Clinton Twp,*
195 Mich App 260; 489 NW2d 211 (1992) ........................................................ 7

*Michigan Chiropractic Council v Comm'r of Ins,*
475 Mich 363; 716 NW2d 561 (2006) ........................................................ 16, 17

*Michigan Coalition of State Employee Unions, et al v Civil Service
Commission,*
465 Mich 212, n 11; 634 NW2d 692 (2001) ..................................................... 7

*Rinaldi v Civil Service Comm,*
69 Mich App 58; 244 NW2d 609 (1976) ........................................................... 8

*Shavers v Attorney General,*
402 Mich 554; 267 NW2d 72 (1978) ............................................................... 14

*Stewart v Algonac Savings Bank,*
263 Mich 272; 248 NW 619 (1933) .................................................................. 8

*Straus v Governor,*
230 Mich App 222; 583 NW2d 520 (1998) .................................................... 9, 17

*Straus v Governor,*
459 Mich 526; 592 NW2d 53 (1999) ....................................................... 9, 10, 17

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

*The General Retirement System of the City of Detroit v Orr et al.,*
   13-768-CZ ............................................................................................................... 21

*UAW v Central Mich Univ Trustees,*
   295 Mich App 486; 815 NW2d 132 (2012) ....................................................... 14

**Statutes**

11 USC 901(a) .......................................................................................................... 16

11 USC 943 ......................................................................................................... 16, 19

11 USC 943(b)(4) ..................................................................................................... 16

11 USC 943(b)(7) ..................................................................................................... 16

MCL 141.1541 ............................................................................................................ 2

MCL 141.1552(1)(m) ............................................................................................... 18

MCL 141.1558(1) ............................................................................................. 4, 8, 18

**Rules**

MCL 141.1572 ..................................................................................................... 12, 15

MCR 2.605 ....................................................................................................... 11, 14, 15

MCR 3.310(A) ............................................................................................................. 7

MCR 3.310(A)(4) ........................................................................................................ 7

MCR 7.202 ................................................................................................................... 1

MCR 7.203 ................................................................................................................... 1

MCR 7.205 ................................................................................................................... 1

MCR 7.205(E)(2) ................................................................................................. 20, 21

**Constitutional Provisions**

Const 1963, art 3, § 2 ............................................................................................... 19

Const 1963, art 9, § 24 ...................................................................................... passim

## STATEMENT OF QUESTION PRESENTED

1.  Whether the trial court abused its discretion by preliminarily enjoining Defendants from taking "any action in aid and assistance" of the City of Detroit's Chapter 9 bankruptcy proceeding, where the filing of the petition rendered Plaintiffs' claim moot, and where Plaintiffs failed to satisfy the requirements for issuance of an injunction.

    Appellants' answer:     Yes.

    Appellees' answer:      No.

    Trial court's answer:   No.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

## STATEMENT OF JURISDICTION

Defendants Governor Rick Snyder, Treasurer Andy Dillon, and the State of Michigan seek leave to appeal a July 18, 2013 temporary restraining order issued by Ingham County Circuit Court Judge Rosemarie Aquilina that enjoins Defendants from taking any actions that would threaten Plaintiffs' city pensions in relation to the City of Detroit's bankruptcy proceeding. (Exhibit 1.)

This Court has jurisdiction to grant leave to appeal under MCR 7.202(6)(a) and MCR 7.203(B)(1), and the application was timely filed under MCR 7.205(A)(1).

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# INTRODUCTION

At 4:06 p.m. on July 18, 2013, the Governor and the Emergency Manager for the City of Detroit gave the City a chance at a fresh start by filing a petition to initiate Chapter 9 bankruptcy proceedings in federal court. The petition is the culmination of weeks and months of careful review of the City's astonishingly poor financial condition, estimated to include $18-$20 *billion* in debt, more than 43 other *states*. The filing represents the City's only option for solving its longstanding fiscal crises, and it will require sacrifice.

But just minutes later, at 4:25 p.m., the trial court issued a temporary restraining order (TRO) enjoining the Governor, the Treasurer, and the State from Defendants from taking any actions that would aid the City of Detroit's Chapter 9 bankruptcy proceeding. (Exhibit 1.) This injunction is unlawful for a number of reasons.

First, Plaintiffs' complaint and request for relief, which seek to declare the Local Financial Stability and Choice Act (Act), MCL 141.1541, *et seq.* unconstitutional and prohibit the Governor from authorizing the City to proceed under Chapter 9, is now moot. The Governor has authorized the bankruptcy proceeding and the petition has been filed. Neither the Governor, nor the other Defendants, have any further role with respect to the bankruptcy proceeding.

Second, Plaintiffs failed to satisfy any of the factors for granting injunctive relief. In particular, Plaintiffs have no likelihood of success on the merits of their claims where they lack standing, their claim is not ripe, and their facial constitutional challenge to the Act fails as a matter of law. And Plaintiffs failed to

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

2

show any irreparable harm since it is entirely speculative at this time regarding whether Plaintiffs' pensions benefits will be diminished or impaired in bankruptcy.

Defendants respectfully request that this Court grant leave to appeal, dissolve the TRO, and stay all proceedings in the trial court in this and two companion cases, so that the Detroit bankruptcy may proceed and Plaintiffs' merits claims may be litigated in the proper forum—bankruptcy court.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

## STATEMENT OF FACTS AND PROCEEDINGS BELOW

Plaintiffs, as beneficiaries of the City of Detroit's pension system, brought a facial constitutional challenge to the Act asserting that it is unconstitutional because it permits the Governor to authorize a proceeding in Chapter 9 bankruptcy, allegedly in violation of article 9, § 24 of the 1963 Constitution.[1] They seek a declaratory judgment that the Act "is unconstitutional and in violation of [art 9, § 24] of the Michigan Constitution because [the Act] permits accrued pension benefits to be diminished or impaired by bankruptcy proceedings in direct contravention of the Constitution." (Exhibit 2, Complaint, ¶ 1.) Plaintiffs moved for an expedited hearing on their request for declaratory relief, or requested in the alternative a preliminary injunction enjoining the Governor from authorizing a bankruptcy proceeding under the Act.

Section 18(1), MCL 141.1558(1), of the Act provides:

> If, in the judgment of the emergency manager, no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the emergency manager may recommend to the governor and the state treasurer that the local government be authorized to proceed under chapter 9. If the governor approves of the recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision, with a copy to the superintendent of public instruction if the local government is a school district. The governor may place contingencies on a local government in order to proceed under chapter 9.

---

[1] Article 9, § 24 of the 1963 Constitution provides, in part: "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby."

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

4

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Plaintiffs allege they are entitled to declaratory relief and a final judgment that the Act is unconstitutional because the Act does not prohibit the Governor from authorizing a Chapter 9 bankruptcy, which threatens to diminish or impair Plaintiffs' accrued pension benefits contrary to art 9, § 24. (Exhibit 2, Complaint, ¶26.) Plaintiffs request relief and ask the trial court to intrude on the Governor's authority to authorize a bankruptcy proceeding; and that the City's pension funds might be detrimentally affected during a Chapter 9 proceeding in federal bankruptcy court. (Exhibit 2, Complaint, ¶27 and 28.) The trial court scheduled a hearing on Plaintiffs' motion for an expedited declaratory judgment on July 22, 2013.

But on July 16, 2013, the Emergency Manager for the City recommended to the Governor that the City be authorized to proceed under Chapter 9 of Title 11 to the United States Code, as permitted by section 18(1) of the Act. (Exhibit 3, Governor Letter.) And late in the day on July 18, 2013, the Governor approved the recommendation and authorized the Emergency Manager to proceed on behalf of the City in bankruptcy. *Id.*

At 4:06 p.m. the Emergency Manager filed the City's petition with the United States Bankruptcy Court for the Eastern District of Michigan. (Exhibit 4, Petition.) Before the actual filing, however, Plaintiffs appeared in the trial court seeking a TRO in connection with their prior motion for expedited declaratory relief and/or for a preliminary injunction. (Exhibit 5, Motion.) Defendants were notified of the request for TRO, and appeared at the trial court to argue against its issuance.

Ultimately, the trial court issued a TRO at 4:25 p.m. despite knowing that the petition had already been filed (a fact that meant the automatic stay of all state-court proceedings had already begun). The trial court denied Defendants' motion to stay. (Exhibit 6, Order.)

Because the trial court abused its discretion in issuing the TRO, Defendants file the instant emergency application for leave to appeal along with motions to stay the TRO, stay the proceedings, waive the transcript requirement, and for immediate consideration.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# ARGUMENT

I. **The trial court abused its discretion by enjoining Defendants from taking "any further action" that would diminish or impair Plaintiffs' pension benefits where the filing of the City of Detroit's bankruptcy petition renders their claim moot, and where Plaintiffs failed to satisfy the requirements for issuance of a TRO.**

## A. Standard of Review

Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury. MCR 3.310(A); *Davis v City of Detroit Financial Review Team*, 296 Mich App 568, 613-614; 821 NW2d 896 (2012); *Michigan Coalition of State Employee Unions, et al v Civil Service Commission,* 465 Mich 212, 226, n 11; 634 NW2d 692 (2001). To obtain a temporary or preliminary injunction, a plaintiff must prove that (1) he is likely to prevail on the merits; (2) he will be irreparably harmed if an injunction is not issued; (3) the harm to him absent an injunction outweighs the harm that an injunction would cause the defendants; and (4) there will be no harm to the public interest if an injunction is issued. *Detroit Fire Fighters Ass'n v Detroit*, 482 Mich 18, 34; 753 NW2d 579 (2008). A court's exercise of its discretion to consider injunctive relief may not be arbitrary, but rather must be in accordance with the fixed principles of equity jurisdiction and the evidence in the case. *Jeffrey v Clinton Twp*, 195 Mich App 260, 263; 489 NW2d 211 (1992). When seeking injunctive relief, the plaintiff has the burden of proof on each of these factors. MCR 3.310(A)(4). Plaintiffs did not met their burden here, and their motion should have been denied.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

**B.** **Plaintiffs' constitutional challenge to the Local Financial Stability and Choice Act and request for relief are moot.**

"An issue is . . . moot when a judgment, if entered, cannot for any reason have a practical effect on the existing controversy." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Here, Plaintiffs' Complaint asked the trial court to declare the Act unconstitutional because it permits the Governor to authorize the City to proceed in Chapter 9 bankruptcy, allegedly in violation of article 9, § 24 of the 1963 Constitution. (Exhibit 2, Complaint.) Plaintiffs asked the Court to declare or prohibit the Governor and Treasurer from authorizing the bankruptcy. *Id.* [2]

These requests are moot because the Governor has now authorized the Emergency Manager to proceed in bankruptcy, and the petition has been filed. The Defendants have no further duties with respect to the City's bankruptcy proceeding in federal court. Section 18(1) of the Act, MCL 141.1558(1), expressly "empowers the emergency manager to act *exclusively* on the local government's behalf in any such case under chapter 9." (Emphasis added.) Thus, there is no judgment the trial court could issue in this case that would have a practical effect on the alleged controversy.[3] Indeed, the TRO will have no practical effect with respect to

---

[2] Although Plaintiffs requested that relief be issued against Defendant Dillon, Defendant Dillon has no authority to authorize a bankruptcy, only the Governor may do so. MCL 141.1558(1).

[3] Moreover, courts avoid reaching constitutional issues if alternative means are available for deciding a case. *See Stewart v Algonac Savings Bank,* 263 Mich 272, 284; 248 NW 619 (1933); *Rinaldi v Civil Service Comm,* 69 Mich App 58, 69; 244 NW2d 609 (1976) ("We will not undertake a constitutional analysis when we can avoid it.").

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Plaintiffs' claims because, again, the Defendants have no further duties pertaining to the bankruptcy. Because Plaintiffs' Complaint is moot, the trial court abused its discretion in granting the TRO.

## C. Plaintiffs failed to satisfy the requirements for granting injunctive relief.

### 1. No substantial likelihood of success on the merits.

Plaintiffs cannot demonstrate a substantial likelihood of success on the merits of their claim that the Act is unconstitutional under article 9, § 24 because their requested injunctive relief is premature and overbroad; they lack standing; their claim is unripe; and, their facial constitutional challenge fails as a matter of a law.

#### a. Plaintiffs' request for injunctive relief was premature and overbroad.

A court is "at all times [ ] required to question sua sponte its own jurisdiction (whether over a person, the subject matter of an action, *or the limits on the relief it may afford*)." *Straus v Governor*, 459 Mich 526, 532; 592 NW2d 53 (1999), quoting *Straus v Governor*, 230 Mich App 222; 583 NW2d 520 (1998) (citation omitted) (emphasis added). In *Strauss*, the Michigan Supreme Court, in adopting this Court's opinion, expressed "doubt with respect to the propriety of injunctive relief against the Governor," and observed that "separation of powers principles, preclude *mandatory* injunctive relief, mandamus, against the Governor." *Id.* (citations omitted) (emphasis added). The Court further observed that whether the same

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

9

reasoning also precludes *"prohibitory* injunctive relief" was an open question "that need not be resolved in [that] case." *Id.* (emphasis added). However, the Court also recognized, if not emphasized that

> declaratory relief normally will suffice to induce the legislative and *executive* branches, the principal members of which have taken oaths of fealty to the constitution identical to that taken by the judiciary, to conform their actions to constitutional requirements or confine them within constitutional limits. *Only when declaratory relief has failed should the courts even begin to consider additional forms of relief in these situations. [Id.* (emphasis added). See also *Davis v City of Detroit Financial Review Team,* 296 Mich App 568, 614, 632-635; 821 NW2d 896 (2012) (O'Connell, J., concurring).]

Thus, there is essentially a presumption that injunctive relief, of any kind, may not be entered against the Governor unless declaratory relief has failed. That principle controls here, because Plaintiffs did not first attempt to secure declaratory relief and, only then, seek injunctive relief. Their request for an injunction should have been denied as premature.

Plaintiffs' request for injunctive relief should also have been denied because it was overbroad. The trial court entered the following TRO:

> Defendants are immediately and temporarily enjoined and restrained from taking any action (including the authorization of an unconditional bankruptcy proceeding for the City of Detroit and/or the filing of a Chapter 9 bankruptcy), *or taking any further action with respect to* any filing which has already occurred *that may*: (i) cause the accrued financial benefits of the Retirement System or their participants from *in any way* being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution, or (ii) otherwise abrogate Article IX, section 24, of the Michigan Constitution. [Exhibit 1 (emphasis added).]

As noted above, the Governor had already concluded his duty with respect to the bankruptcy filing at the time the TRO was issued and the Treasurer never had

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

any duties under section 18(1) to begin with. But each continue to have obligations and duties to perform with respect to the State of Michigan, its agencies, and citizens. The language of the injunction is broad (or vague) enough to encompass general actions taken by these Defendants in their executive capacities. Thus, Plaintiffs' request should have been denied to the extent it is overbroad and not narrowly tailored to the facts and legal arguments.

### b. Plaintiffs' lack standing to bring this action.

In *Lansing School Education Ass'n v Lansing Board of Education*, 487 Mich 349, 355, 372; 792 NW2d 686 (2010), the Michigan Supreme Court reinstated Michigan's previous "prudential" standing test, which automatically conferred standing upon any party who has a "legal cause of action," regardless of whether the underlying issue is justiciable. "Under this approach, a litigant has standing whenever there is a legal cause of action" or the requirements of MCR 2.605 to seek a declaratory judgment are satisfied. *Id.* at 372. If a specific cause of action at law does not exist for the plaintiff, then the following applies:

> A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Id.*]

In this case, Plaintiffs cannot meet even this liberalized standard.

### i. Plaintiffs have not pled facts sufficient to establish a legal cause of action.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Plaintiffs have not pled facts sufficient to establish that a violation of their rights under article 9, § 24 has occurred or to establish that a cause of action exists under the Act; they do not even attempt to do so. Indeed, the Act expressly states that it provides no cause of action: "A cause of action . . . may not be maintained for any activity authorized by this act, or for the act of a local government filing under chapter 9, including any proceeding following a local government's filing." MCL 141.1572 (emphasis added).

Moreover, there are other additional contingencies that would need to occur before any "threat" to Plaintiffs' pension benefits could arise. For instance:

- Even with the filing of a bankruptcy action, the City of Detroit must meet additional requirements before the case may proceed including completing a Plan of Reorganization to adjust its debts. The City must satisfy one of four requirements: (1) obtain an agreement from creditors holding a majority of the amount of claims of each class the debtor intends to impair under a plan, (2) negotiate in good faith with creditors and fail to obtain an agreement of creditors holding a majority of the amount of claims of each class the debtor intends to impair under a plan, (3) be unable to negotiate with creditors because it is impractical, or (4) reasonably believe a creditor may attempt to obtain a preference. 11 USC 109(c); and

- The plan must be confirmed by the bankruptcy court. The plan must meet seven specific criteria for confirmation, including that "the debtor is not prohibited by law from taking any action necessary to carry out the plan." 11 USC 943(4).

No violation of article 9, § 24 occurred or could have occurred when the Governor authorized the City of Detroit to proceed under Chapter 9, because the bankruptcy court will have to find the City eligible for bankruptcy, and then the court would still have to approve a plan in bankruptcy that impairs vested pension benefits, or at least have such a plan presented to it.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

12

Ignoring these contingencies, Plaintiffs' fact assertions center upon their alleged apprehension as to what *might* happen. Plaintiffs contend they are entitled to a declaratory judgment that the Act is facially unconstitutional because it "nowhere requires that in considering whether to approve an emergency manager's recommendation to proceed under Chapter 9, the Governor shall not approve such recommendation if accrued pension benefits may be diminished or impaired in violation of [art 9, § 24]." (Exhibit 2, Complaint, ¶¶ 18 and 19.) Accordingly, Plaintiffs assert, "because [the Act] does not prohibit a municipality from proceeding under Chapter 9 of the US Bankruptcy Code if accrued pension benefits may be unconstitutionally diminished or impaired, [the Act] is unconstitutional on its face in violation of" art 9, § 24. *Id.* This allegation mistakes the scope of the "authorization"—it is not approval of the actual bankruptcy filing or plan— and presumes the Governor would act unconstitutionally.

Plaintiffs further allege that their:

> [R]ights under the Michigan Constitution not to have their pension benefits "diminished or impaired" can only be guaranteed if this Court acts *before* the Governor approves a request to proceed under Chapter 9. Moreover, Emergency Manager Orr's threats that he will unconstitutionally diminish or impair Plaintiffs' vested pension rights have themselves harmed Plaintiffs by instilling in Plaintiffs a reasonable fear that their constitutional rights will be trampled upon and, in the process, their future source of income drastically eroded. [Exhibit 2, Complaint, ¶ 28.]

But the trial court cannot assume what the contents of the City's plan might be, or that the federal bankruptcy court will approve a plan that will diminish or impair Plaintiffs' pension benefits. In any event, Plaintiffs will have an opportunity to fully litigate the merits of their claim in the bankruptcy proceeding itself.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Because Plaintiffs' claim is based on a speculative threat of future injury, they have failed to allege a legal cause of action for which they have standing to seek relief from this Court. *Lansing School Education Ass'n*, 487 Mich at 372.

### ii. Plaintiffs do not meet the requirements of MCR 2.605.

With respect to declaratory judgment actions, MCR 2.605(A)(1) provides:

> In a case of *actual controversy* within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted. [Emphasis added.]

MCR 2.605 "does not limit or expand the subject-matter jurisdiction of the courts, but instead incorporates the doctrines of standing, ripeness, and mootness." *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012). "The existence of an 'actual controversy' is a condition precedent to invocation of declaratory relief." *Shavers v Attorney General*, 402 Mich 554, 588; 267 NW2d 72 (1978); see also *Genesis Ctr, PLC v Comm'r of Financial & Ins Servs*, 246 Mich App 531, 544; 633 NW2d 834 (2001). "An 'actual controversy' . . . exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues." *UAW*, 295 Mich App at 495 (citations omitted) (footnotes omitted). "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an ' " 'adverse interest necessitating the sharpening of the issues raised.' " ' " *Id.* (citations omitted) (footnotes omitted).

Presently, the possibility of whether Plaintiffs' pension benefits might be

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

impacted somewhere in the future during the bankruptcy proceeding is purely speculative. And in any event, by authorizing the bankruptcy proceeding the Governor concluded his duties under section 18(1) of the Act. Thus, the Plaintiffs' interests and the Governor's, Treasurer's, and State's interests are no longer adverse (if they ever were), and therefore no sharpening of the issues through issuance of a declaratory judgment is required. Plaintiffs have failed to satisfy the requirements of MCR 2.605, and do not have standing. *Lansing School Education Ass'n*, 487 Mich at 372.

### iii. Plaintiffs have not established a special injury, right, or substantial interest that will be detrimentally affected in a manner different from that of the citizenry at large.

Even where there is no cause of action provided at law, a court may, in its discretion, determine whether a litigant has standing. *Lansing Schools*, 487 Mich at 372. This requires a showing that the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.

Here, as noted above, the Legislature did not intend to confer standing on any person to challenge the Act. Rather, it expressly provided that there is no cause of action under the Act in MCL 141.1572. And any interest Plaintiffs have may not even be detrimentally affected by the bankruptcy filing. Such impact will not be

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

13-53846-tjt    Doc 1221-5    Filed 10/17/13    Entered 10/17/13 14:22:01    Page 23 of 37

known until a plan is proposed and Plaintiffs have litigated the merits of their constitutional claim in the bankruptcy case.

Bankruptcy Code provisions applicable to a Chapter 9 bankruptcy are set forth under 11 USC 901(a). For instance, § 943, 11 USC 943, of the Bankruptcy Code regulates confirmation of a debtor's plan of adjustment. Section 943(b) sets forth seven criteria that must be met before a federal Bankruptcy Court can confirm the plan. The fourth and seventh criteria are noteworthy here. The fourth criteria requires the bankruptcy court determine "the debtor is not prohibited by law from taking any action necessary to carry out the plan." 11 USC 943(b)(4). The seventh criteria requires a determination that the plan be in the best interest of creditors, and that it be feasible. 11 USC 943(b)(7).

At this time, it is purely speculative as to whether a plan will be confirmed that detrimentally affects Plaintiffs' interests. Plaintiffs therefore do not have standing. *Lansing School Education Ass'n*, 487 Mich at 372.

### c. Plaintiffs' alleged constitutional claim is not ripe for review.

While both standing and ripeness are justiciability doctrines that assess pending claims to discern whether an actual or imminent injury in fact is present, they address different underlying concerns. *Michigan Chiropractic Council v Comm'r of Ins*, 475 Mich 363, 378-379; 716 NW2d 561 (2006). The standing doctrine "is designed to determine whether a particular party may properly litigate the asserted claim for relief." *Id.*, at 379. The ripeness doctrine, on the other hand,

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

"does not focus on the suitability of the party; rather, ripeness focuses on the *timing* of the action." *Id.* (emphasis in original). The ripeness doctrine precludes the adjudication of hypothetical or contingent claims before an actual injury has been sustained. An action is not ripe if it rests on contingent future events that may not occur as anticipated or may not occur at all. *Id,* at 371 n 14.

For the reasons already discussed above, Plaintiffs' contention that a future Chapter 9 bankruptcy would present what they characterize as a "threat" to their interests in their pensions is not ripe because it rests on contingent future events that may or may not occur, to wit; that their pensions will be impaired as a result of a confirmed federal bankruptcy plan. Under these circumstances, Plaintiffs' Complaint is unripe for review. See *Straus*, 459 Mich at 544, 545 n, quoting *Straus*, 230 Mich App 222 (citation omitted) ("unless and until such [a constitutional] encroachment actually occurs, the issue is not ripe for adjudication," and "[w]here a constitutional question is presented anticipatorily, the Court is required by the limits on its authority to decline to rule.").

> ### d. Plaintiffs' complaint fails to state a claim upon which this Court may grant relief.

Plaintiffs bring a facial constitutional challenge to the Act. They broadly assert that the Act is unconstitutional under article 9, § 24 of the 1963 Constitution because it empowers the Governor to authorize a proceeding in Chapter 9. (Exhibit 2, Complaint, ¶ 19.)

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

"A facial challenge is a claim that the law is 'invalid *in toto* - and therefore incapable of any valid application. . . .' " *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 11 n 20; 740 NW2d 444 (2007) (citation omitted) (emphasis in original). "A party challenging the facial constitutionality of a statute faces an extremely rigorous standard, and must show that no set of circumstances exists under which the [a]ct would be valid." *Id.* at 11 (internal quotation marks and citation omitted). Plaintiffs cannot satisfy this standard.

As discussed above, § 18(1) of the Act, MCL 141.1558(1), simply authorizes an emergency manager to recommend, and the Governor to authorize, proceeding under Chapter 9. It is silent with respect to what course of action an emergency manager should pursue in bankruptcy, including how a local government unit's assets and liabilities should be treated in bankruptcy. And relevant here, it does not require any particular treatment of pension funds. Indeed, § 18 does not even mention or allude to pension funds. Compare this to § 12(1)(m), MCL 141.1552(1)(m), of the Act, which describes an emergency manager's authority and duties with respect to a "municipal government's pension fund." Thus, nothing in the Act compels or requires any impairment of Plaintiffs' pension benefits contrary to article 9, § 24. The Act is therefore not facially unconstitutional.

Moreover, Plaintiffs clearly cannot establish "that no set of circumstances exists under which the [a]ct would be valid," because the Governor could place a contingency eliminating pension funds, payments and liabilities from a Chapter 9

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

proceeding, although he did not do so with respect to the City. Additionally, the City may not include the pension funds, payments and liabilities in its plan; or the federal court may determine that federal bankruptcy law controls the analysis. Plaintiffs' facial constitutional challenge to the Act thus fails as a matter of law.

## 2. Plaintiffs did not demonstrate irreparable harm.

Again, if justiciable, Plaintiffs' underlying claim in this case may be raised in the federal Bankruptcy Court in the context of the actual bankruptcy plan during the confirmation process and not in the state trial court. 11 USC 943. Plaintiffs' legal claims would ripen only if and when a bankruptcy proceeding includes a possible reduction or adverse impact on their pension benefits. It is in that forum, in the context of the specific bankruptcy plan, that these legal issues should be addressed and resolved. Because Plaintiffs have a legal remedy—litigation in the context of the bankruptcy action—they will not suffer irreparable harm absent an injunction by the trial court.

## 3. The injunction's harm to Defendants outweighs the harm to Plaintiffs in the absence of an injunction.

Plaintiffs retain their access to the remedies set forth in the federal Bankruptcy Code without need of court-granted injunctive relief. Conversely, the trial' court's preliminary injunction would substantially harm Defendants. The entry of this injunction violates the separation of powers doctrine. Const 1963, art 3, § 2. Thus, the relief unlawfully intrudes on the Governor's executive powers to authorize a Chapter 9 bankruptcy under § 18 of the Act. The breadth of the

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

19

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

injunction may inhibit the Emergency Manager and the City of Detroit from properly prosecuting this bankruptcy action. A balancing of the relative harms counsels against injunctive relief, particularly where Plaintiffs can fully litigate their claims in the bankruptcy forum.

### 4. The TRO harms the public interest.

In most disputes involving requested injunctive relief, the parties focus on the merits of the underlying claim and the presence or absence of irreparable harm, paying only lip service to the impact on the public. This is no ordinary case. Due to the City of Detroit's unsustainable debt load, the City has lost the ability to provide even the most basic services to its residents. Citizens wait an average of 58 minutes for the police to respond to their calls. Only 8.7% of criminal cases are solved. In the first quarter of 2013, 40% of the City's street lights were not functioning, and only one-third of the City's ambulances were in service. This is a city that needs and deserves a fresh start. By ignoring fundamental principles of justiciability and the basic elements required to grant injunctive relief, the trial court jeopardizes public safety and welfare. Given the gravity of the situation, it is difficult to imagine a trial court order with more potential to harm the public interest.

### 5. Defendants request emergency relief under MCR 7.205(E)(2).

Given the fact that this is an injunction against the Governor and the other exigencies of the circumstances related to the City's bankruptcy proceeding,

13-53846-tjt   Doc 1221-5   Filed 10/17/13   Entered 10/17/13 14:22:01   Page 28 of 37

Defendants request that this application be resolved on an emergency basis under MCR 7.205(E)(2). Specifically, Defendants request relief by 5:00 p.m. on July 19, 2013, or at the latest by 9:00 a.m. on July 22, 2013. The trial court has scheduled a hearing on July 22, 2013 at 9:00 a.m., for Defendants to show cause in this case and in *The General Retirement System of the City of Detroit v Orr et al.*, 13-768-CZ, also on appeal, as to why a declaratory judgment and/or a preliminary injunction should not issue against Defendants in these matters.

## CONCLUSION AND RELIEF REQUESTED

Defendants respectfully ask this Court, by the close of business today or at the latest by 9:00 a.m. on July 22, 2013, to (1) grant the application for leave to appeal, (2) immediately dissolve the TRO, and (3) stay all proceedings in this trial court action and its two companion cases. Nothing less is at stake than the future of Michigan's largest city.

Respectfully submitted,

Bill Schuette
Attorney General

John J. Bursch (P57679)
Solicitor General
Counsel of Record

Matthew Schneider (P62190)
Chief Legal Counsel

s/Margaret A. Nelson (P30342)
s/Heather S. Meingast (P55439)
Assistant Attorneys General

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Attorneys for Defendants–Appellants
P.O. Box 30754
Lansing, MI 48909
(517) 373-6889

Dated:  July 19, 2013.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# EXHIBIT 1

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, and THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT,

*Gracie Webster and Veronica Thomas*

Plaintiffs,

vs.

*State of Michigan*

~~KEVYN D. ORR, in his official capacity as the~~ EMERGENCY MANAGER OF THE CITY OF DETROIT, and RICHARD SNYDER, in his official capacity as the GOVERNOR OF THE STATE OF MICHIGAN, *and Andy Dillon, Treasurer in his Official Capacity*

Defendants.

Case No. ~~13-768-CZ~~ *13-000734-CZ C30*

Hon. *Rosemarie Aquilina*

Ronald A. King (P45088)
Aaron O. Matthews (P64744)
Michael J. Pattwell (P72419)
CLARK HILL PLC
212 East Grand River Avenue
Lansing, Michigan 48906
(517) 318-3100
Attorneys for Plaintiffs

*John R Canzano P30917*
*McKnight, McClow, Canzano Smith*
*& Radtke P C*
*400 Galleria Officenter*

### TEMPORARY RESTRAINING ORDER

At a session of said Court, held in the City of Lansing, County of Ingham, State of Michigan on ___18 July 13___

PRESENT: HON. *Rosemarie E Aquilina* *and having appeal during the hearing for a TRO in 13-000734*
CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiffs' Complaint with verification and *Declaratory Judgment and Preliminary Injunction* ~~Ex Parte~~ Motion for a Temporary Restraining Order; the Court being fully advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in

9214431.1 14893/144127

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Plaintiffs' Complaint; Plaintiff having adequately shown that a failure to immediately issue a Temporary Restraining Order will cause irreparable injury to Plaintiffs by permitting the Governor and the Emergency Manager ("Defendants") to authorize and file a Chapter 9 bankruptcy petition wherein Plaintiffs' accrued financial benefits will be impaired prior this Court's scheduled preliminary injunction hearing on Monday, July 22, 2013; and the Court being otherwise fully informed in the premises and finding good cause: *which has already occurred*

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants are immediately and temporarily enjoined and restrained from taking any action (including the authorization of an unconditional Chapter 9 bankruptcy proceeding for the City of Detroit and/or the filing of a Chapter 9 bankruptcy petition) *or taking any further action with respect to any filing* that may: (i) cause the accrued financial benefits of the Retirement Systems or their participants from in any way being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution, or (ii) otherwise abrogate Article IX, section 24, of the Michigan Constitution;

IT IS FURTHER ORDERED that the Court shall hold a hearing on ___*July 22*___, 2013 at ___*9:00 AM*___ whereby Defendants shall show cause why a *Declaratory Judgment and/or* Preliminary Injunction shall not issue; and

IT IS FURTHER ORDERED that this temporary restraining order shall remain in full force and effect until ___*further order of the Court*___ , 2013 at 5:00 p.m.

IT IS SO ORDERED.

*Rosemarie E Aquilina*
CIRCUIT COURT JUDGE     *P37670*

DATE: *18 July 13*

TIME: *4:25 p.M.*

2

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# EXHIBIT 2

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

Case No. 13-734-CZ
Hon. CLINTON CANADY III

_____/

JOHN R. CANZANO (P30417)
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650
jcanzano@michworklaw.com

_____/

A civil action between these parties or
other parties arising out of the transaction
or occurrence alleged in the Complaint has
been previously filed in this Court,
where it was given docket number 13-729-CA
and was assigned to Judge Aquilina.
The action remains pending.

**VERIFIED COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**NATURE OF ACTION**

1.     This action seeks a declaratory judgment that the "Local Financial Stability and

Choice Act," 2012 PA 436, MCL 141.1541 *et seq* ("PA 436") is unconstitutional and in violation of

Article IX Section 24 of the Michigan Constitution because PA 436 permits accrued pension benefits to be diminished or impaired by bankruptcy proceedings in direct contravention of the Constitution. This action also seeks a preliminary and/or final injunction enjoining the Governor and/or the State Treasurer from authorizing a bankruptcy proceeding permitting an unconstitutional diminishment or impairment of accrued pension benefits under PA 436.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff Gracie Webster is a retiree from the City of Detroit. She retired in 2000 and is receiving a pension benefit under the City of Detroit's General Retirement System Pension Plan. She resides in Detroit and is a citizen of the State of Michigan.

3.     Plaintiff Veronica Thomas is an employee of the City of Detroit. She has worked for the City for 17 years. She is a participant in the City of Detroit's General Retirement System Pension Plan. Although she has not yet retired, based on her years of service Plaintiff Thomas has earned the right to an accrued vested pension benefit under the terms of the pension plan.

4.     Defendant State of Michigan is a governmental entity and sovereign state of the United States, retaining all powers reserved to it under the 10th Amendment to the United States Constitution.

5.     Defendant Richard Snyder is the Governor of the State of Michigan acting in his official capacity.

6.     Defendant Andy Dillon is Treasurer of the State of Michigan acting in his official capacity.

7.     The Governor may delegate his duties under Section 9 of PA 436, MCL 141.1549 to the State Treasurer.

8.     This court has jurisdiction under MCL 600.6419(4), which provides for the jurisdiction of circuit courts in proceedings for declaratory or equitable relief against the State, and

2

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

MCL 600.605, which provides original jurisdiction in the circuit courts.

9.     Venue is proper in this court under MCL 600.1621(a), because Defendants conduct business in Ingham County.

## COUNT I: DECLARATORY JUDGMENT

**PA 436 Is Unconstitutional Because It Permits Accrued Pension Benefits To Be Diminished Or Impaired In Direct Violation Of Article IX, Section 24 Of The Michigan Constitution**

10.     Article IX Section 24 of the Michigan Constitution provides in pertinent part:

> The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which **shall not be diminished or impaired** thereby.

11.     PA 436 was enacted by the Michigan Legislature on December 28, 2012 and became effective March 28, 2013.

12.     Among the purposes of PA 436, as stated in its preamble, are to "prescribe remedial measures to address a financial emergency within a local unit of government;" "to prescribe the powers and duties of an emergency manager for a local unit of government;" and "to provide a process by which a local unit of government . . . may file for bankruptcy."

13.     On March 14, 2013, Defendant Snyder appointed Kevyn Orr as Emergency Financial Manager for the City of Detroit, pursuant to 1990 PA 72, MCL 141.1201 *et seq* ("PA 72"). PA 436 is a successor statute to, and expressly repeals, PA 72.

14.     Pursuant to Sec 9(10) of PA 436, MCL 141.1549(10), Kevyn Orr, as an emergency financial manager appointed under former 1990 PA 72 "and serving immediately prior to the effective date of this act, shall be considered an emergency manager under this act [PA 436] and shall continue under this act to fulfill his or her powers and duties."

15.     Chapter 9 of the U.S. Bankruptcy Code, 11 USC §§901 *et seq*, provides a process by

3

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM