# EXHIBIT B

| Public Act 4 | Public Act 436 |
|---|---|
| **Determination of Financial Crisis and Appointment of Emergency Manager:** | **Determination of Financial Crisis and Appointment of Emergency Manager:** |

**Determination of Financial Crisis and Appointment of Emergency Manager:**

**Sec. 15.** (1) Within 10 days after receipt of the report provided for in section 13, the governor shall make 1 of the following determinations:

    (a) The local government is not in a condition of severe financial stress.

    (b) The local government is in a condition of severe financial stress as provided in section 14, but a consent agreement containing a plan to resolve the financial stress has been adopted under this act.

    (c) A local government financial emergency exists as provided in section 14 and no satisfactory plan exists to resolve the emergency.

    (d) The local government entered into a consent agreement containing a continuing operations plan or recovery plan to resolve a financial problem, but materially breached that consent agreement.

(2) If the governor determines pursuant to subsection (1) that a financial emergency exists, the governor shall provide the governing body and chief administrative officer of the local government with a written notification of the determination, findings of fact utilized as the basis upon which this determination was made, a concise and explicit statement of the underlying facts supporting the factual findings, and notice that the chief administrative officer or the governing body of the local government has 7 days after the date of the notification to request a hearing conducted by the state financial authority or the state financial authority's designee. Following the hearing, or if no hearing is requested following the expiration of the deadline by which a hearing may be requested, the governor, in his or her sole discretion based upon the record, shall either confirm or revoke,

---

**Determination of Financial Crisis and Appointment of Emergency Manager:**

**Sec. 6.** (1) Within 10 days after receipt of the report under section 5, the governor shall make 1 of the following determinations:

    (a) A financial emergency does not exist within the local government.

    (b) A financial emergency exists within the local government.

(2) Before making a determination under subsection (1), the governor, in his or her sole discretion, may provide officials of the local government an opportunity to submit a written statement concerning their agreement or disagreement with the findings and conclusion of the review team report under section 5. If the governor determines pursuant to subsection (1) that a financial emergency exists, the governor shall provide the governing body and chief administrative officer of the local government with a written notification of the determination, findings of fact utilized as the basis upon which this determination was made, a concise and explicit statement of the underlying facts supporting the factual findings, and notice that the chief administrative officer or the governing body of the local government has 7 days after the date of the notification to request a hearing conducted by the state financial authority or the state financial authority's designee. Following the hearing, or if no hearing is requested following the expiration of the deadline by which a hearing may be requested, the governor, in his or her sole discretion based upon the record, shall either confirm or revoke, in writing, the determination of the existence of a financial emergency. If confirmed, the governor shall provide a written report to the governing body and chief administrative officer of the local government of the findings of fact of the continuing or newly developed conditions or events providing a basis for the

in writing, the determination of the existence of a financial emergency. If confirmed, the governor shall provide a written report to the governing body and chief administrative officer of the local government of the findings of fact of the continuing or newly developed conditions or events providing a basis for the confirmation of a financial emergency, and a concise and explicit statement of the underlying facts supporting these factual findings.

(3) A local government for which a financial emergency determination under this section has been confirmed to exist may, by resolution adopted by a vote of 2/3 of the members of its governing body elected and serving, appeal this determination within 10 business days to the Ingham county circuit court. The court shall not set aside a determination of financial emergency by the governor unless it finds that the determination is either of the following:

    (a) Not supported by competent, material, and substantial evidence on the whole record.

    (b) Arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion.

(4) Upon the confirmation of a finding of a financial emergency, the governor shall declare the local government in receivership and shall appoint an emergency manager to act for and in the place and stead of the governing body and the office of chief administrative officer of the local government. The emergency manager shall have broad powers in receivership to rectify the financial emergency and to assure the fiscal accountability of the local government and the local government's capacity to provide or cause to be provided necessary governmental services essential to the public health, safety, and welfare. Upon the declaration of receivership and during the pendency of receivership, the governing body and the chief administrative officer of the local government may not exercise any of the

confirmation of a financial emergency and a concise and explicit statement of the underlying facts supporting these factual findings. In addition, a copy of the report shall be provided to each state senator and state representative who represents that local government. The report shall be posted on the department of treasury's website within 7 days after the report is provided to the governing body and chief executive officer of the local government.

(3) A local government for which a financial emergency determination under this section has been confirmed to exist may, by resolution adopted by a vote of 2/3 of the members of its governing body elected and serving, appeal this determination within 10 business days to the Michigan court of claims. A local government may, by resolution adopted by a vote of 2/3 of the members of its governing body elected and serving, waive its right to appeal as provided in this subsection. The court shall not set aside a determination of financial emergency by the governor unless it finds that the determination is either of the following:

    (a) Not supported by competent, material, and substantial evidence on the whole record.

    (b) Arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion.

**Sec. 9.** (1) The governor may appoint an emergency manager to address a financial emergency within that local government as provided for in this act.

(2) Upon appointment, an emergency manager shall act for and in the place and stead of the governing body and the office of chief administrative officer of the local government. The emergency manager shall have broad powers in receivership to rectify the financial emergency and to assure the fiscal accountability of the local government and the

powers of those offices except as may be specifically authorized in writing by the emergency manager and are subject to any conditions required by the emergency manager.

(5) All of the following apply to an emergency manager:

(a) The emergency manager shall have a minimum of 5 years' experience and demonstrable expertise in business, financial, or local or state budgetary matters.

(b) The emergency manager may but need not be a resident of the local government.

(c) The emergency manager shall be an individual.

(d) Except as otherwise provided in this subdivision, the emergency manager shall serve at the pleasure of the governor. An emergency manager is subject to impeachment and conviction by the legislature as if he or she were a civil officer under section 7 of article XI of the state constitution of 1963. A vacancy in the office of emergency manager shall be filled in the same manner as the original appointment.

(e) The emergency manager's compensation and reimbursement for actual and necessary expenses shall be paid by the local government and shall be set forth in a contract approved by the state treasurer. The contract shall be posted on the department of treasury's website within 7 days after the contract is approved by the state treasurer.

(6) In addition to staff otherwise authorized by law, an emergency manager shall appoint additional staff and secure professional assistance as the emergency manager considers necessary to fulfill his or her appointment.

(7) The emergency manager shall make quarterly reports to the state treasurer with respect to the financial condition of the local

local government's capacity to provide or cause to be provided necessary governmental services essential to the public health, safety, and welfare. Following appointment of an emergency manager and during the pendency of receivership, the governing body and the chief administrative officer of the local government shall not exercise any of the powers of those offices except as may be specifically authorized in writing by the emergency manager or as otherwise provided by this act and are subject to any conditions required by the emergency manager.

(3) All of the following apply to an emergency manager:

(a) The emergency manager shall have a minimum of 5 years' experience and demonstrable expertise in business, financial, or local or state budgetary matters.

(b) The emergency manager may, but need not, be a resident of the local government.

(c) The emergency manager shall be an individual.

(d) Except as otherwise provided in this subdivision, the emergency manager shall serve at the pleasure of the governor. An emergency manager is subject to impeachment and conviction by the legislature as if he or she were a civil officer under section 7 of article XI of the state constitution of 1963. A vacancy in the office of emergency manager shall be filled in the same manner as the original appointment.

(e) The emergency manager's compensation shall be paid by this state and shall be set forth in a contract approved by the state treasurer. The contract shall be posted on the department of treasury's website within 7 days after the contract is approved by the state treasurer.

(f) In addition to the salary provided to an emergency manager in a contract

4

government in receivership, with a copy to the superintendent of public instruction if the local government is a school district.

(8) The emergency manager shall continue in the capacity of an emergency manager as follows:

    (a) Until removed by the governor or the legislature as provided in subsection (5)(d). If an emergency manager is removed pursuant to this subdivision, the governor shall within 30 days of the removal appoint a new emergency manager.

    (b) Until the financial emergency is rectified.

(9) A local government shall be removed from receivership when the financial conditions are corrected in a sustainable fashion as determined by the state treasurer in accordance with this act.

(10) The governor may delegate his or her duties under this section to the state treasurer.

**Sec. 15a.** Notwithstanding section 3(1) of 1968 PA 317, MCL 15.323, an emergency manager appointed under this act or former 1988 PA 101 or former 1990 PA 72 is subject to all of the following:

    (a) 1968 PA 317, MCL 15.321 to 15.330, as a public servant.

    (b) 1973 PA 196, MCL 15.341 to 15.348, as a public officer.

    (c) 1968 PA 318, MCL 15.301 to 15.310, as if he or she were a state officer.

**Sec. 16.** An emergency financial manager appointed under former 1988 PA 101 or former 1990 PA 72, and serving on the effective date of this act, shall continue under this act to fulfill his or her powers and duties.

approved by the state treasurer under subdivision (e), this state may receive and distribute private funds to an emergency manager. As used in this subdivision, "private funds" means any money the state receives for the purpose of allocating additional salary to an emergency manager. Private funds distributed under this subdivision are subject to section 1 of 1901 PA 145, MCL 21.161, and section 17 of article IX of the state constitution of 1963.

(4) In addition to staff otherwise authorized by law, an emergency manager shall appoint additional staff and secure professional assistance as the emergency manager considers necessary to fulfill his or her appointment.

(5) The emergency manager shall submit quarterly reports to the state treasurer with respect to the financial condition of the local government in receivership, with a copy to the superintendent of public instruction the local government is a school district and a copy to each state senator and state representative who represents that local government. In addition, each quarterly report shall be posted on the local government's website within 7 days after the report is submitted to the state treasurer.

(6) The emergency manager shall continue in the capacity of an emergency manager as follows:

    (a) Until removed by the governor or the legislature as provided in subsection (3)(d). If an emergency manager is removed, the governor shall within 30 days of the removal appoint a new emergency manager.

    (b) Until the financial emergency is rectified.

    (c) If the emergency manager has served for at least 18 months after his or her appointment under this act, the emergency manager may, by resolution,

be removed by a 2/3 vote of the governing body of the local government. If the local government has a strong mayor, the resolution requires strong mayor approval before the emergency manager may be removed. Notwithstanding section 7(4), if the emergency manager is removed under this subsection and the local government has not previously breached a consent agreement under this act, the local government may within 10 days negotiate a consent agreement with the state treasurer. If a consent agreement is not agreed upon within 10 days, the local government shall proceed with the neutral evaluation process pursuant to section 25.

(7) A local government shall be removed from receivership when the financial conditions are corrected in a sustainable fashion as provided in this act. In addition, the local government may be removed from receivership if an emergency manager is removed under subsection (6)(c) and the governing body of the local government by 2/3 vote approves a resolution for the local government to be removed from receivership. If the local government has a strong mayor, the resolution requires strong mayor approval before the local government is removed from receivership. A local government that is removed from receivership while a financial emergency continues to exist as determined by the governor shall proceed under the neutral evaluation process pursuant to section 25.

(8) The governor may delegate his or her duties under this section to the state treasurer.

(9) Notwithstanding section 3(1) of 1968 PA 317, MCL 15.323, an emergency manager is subject to all of the following:

|  | (a) 1968 PA 317, MCL 15.321 to 15.330, as a public servant. |
|  | (b) 1973 PA 196, MCL 15.341 to 15.348, as a public officer. |
|  | (c) 1968 PA 318, MCL 15.301 to 15.310, as if he or she were a state officer. |
|  | (10) An emergency financial manager appointed under former 1988 PA 101 or former 1990 PA 72, and serving immediately prior to the effective date of this act, shall be considered an emergency manager under this act and shall continue under this act to fulfill his or her powers and duties. Notwithstanding any other provision of this act, the governor may appoint a person who was appointed as an emergency manager under former 2011 PA 4 or an emergency financial manager under former 1988 PA 101 or former 1990 PA 72 to serve as an emergency manager under this act. |
|  | (11) Notwithstanding section 7(4) and subject to the requirements of this section, if an emergency manager has served for less than 18 months after his or her appointment under this act, the governing body of the local government may pass a resolution petitioning the governor to remove the emergency manager as provided in this section and allow the local government to proceed under the neutral evaluation process as provided in section 25. If the local government has a strong mayor, the resolution requires strong mayor approval. If the governor accepts the resolution, notwithstanding section 7(4), the local government shall proceed under the neutral evaluation process as provided in section 25. |
| **Emergency Manager Orders:** | **Emergency Manager Orders:** |
| **Sec. 17.** (1) The emergency manager shall issue to the appropriate local elected and appointed officials and employees, agents, and contractors of the local government the orders the manager considers necessary to accomplish | **Sec. 10.** (1) An emergency manager shall issue to the appropriate local elected and appointed officials and employees, agents, and contractors of the local government the orders the emergency manager considers necessary to |

| | |
|---|---|
| the purposes of this act, including, but not limited to, orders for the timely and satisfactory implementation of a financial and operating plan developed pursuant to section 18, including an academic and educational plan for a school district, or to take actions, or refrain from taking actions, to enable the orderly accomplishment of the financial and operating plan. An order issued under this section is binding on the local elected and appointed officials and employees, agents, and contractors of the local government to whom it is issued. Local elected and appointed officials and employees, agents, and contractors of the local government shall take and direct those actions that are necessary and advisable to maintain compliance with the financial and operating plan.<br><br>(2) If an order of the emergency manager under subsection (1) is not reasonably carried out and the failure to carry out an order is disrupting the emergency manager's ability to manage the local government, the emergency manager, in addition to other remedies provided in this act, may prohibit the local elected or appointed official or employee, agent, or contractor of the local government from access to the local government's office facilities, electronic mail, and internal information systems. | accomplish the purposes of this act, including, but not limited to, orders for the timely and satisfactory implementation of a financial and operating plan, including an educational plan for a school district, or to take actions, or refrain from taking actions, to enable the orderly accomplishment of the financial and operating plan. An order issued under this section is binding on the local elected and appointed officials and employees, agents, and contractors of the local government to whom it is issued. Local elected and appointed officials and employees, agents, and contractors of the local government shall take and direct those actions that are necessary and advisable to maintain compliance with the financial and operating plan.<br><br>(2) If an order of the emergency manager under subsection (1) is not carried out and the failure to carry out an order is disrupting the emergency manager's ability to manage the local government, the emergency manager, in addition to other remedies provided in this act, may prohibit the local elected or appointed official or employee, agent, or contractor of the local government from access to the local government's office facilities, electronic mail, and internal information systems. |
| **Amendment of Financial and Operating Plan by Emergency Manager:**<br><br>**Sec. 18.** (1) The emergency manager shall develop and may amend a written financial and operating plan for the local government. The plan shall have the objectives of assuring that the local government is able to provide necessary or cause to be provided governmental services essential to the public health, safety, and welfare and assuring the fiscal accountability of the local government. The financial and operating plan shall provide for all of the following: | **Amendment of Financial and Operating Plan by Emergency Manager:**<br><br>**Sec. 11.** (1) An emergency manager shall develop and may amend a written financial and operating plan for the local government. The plan shall have the objectives of assuring that the local government is able to provide or cause to be provided governmental services essential to the public health, safety, and welfare and assuring the fiscal accountability of the local government. The financial and operating plan shall provide for all of the following: |

(a) Conducting all aspects of the operations of the local government within the resources available according to the emergency manager's revenue estimate.

(b) The payment in full of the scheduled debt service requirements on all bonds, notes, and municipal securities of the local government and all other uncontested legal obligations.

(c) The modification, rejection, termination, and renegotiation of contracts pursuant to section 19.

(d) The timely deposit of required payments to the pension fund for the local government or in which the local government participates.

(e) For school districts, an academic and educational plan.

(f) Any other actions considered necessary by the emergency manager in the emergency manager's discretion to achieve the objectives of the financial and operating plan, alleviate the financial emergency, and remove the local government from receivership.

(2) Within 45 days after the emergency manager's appointment, the emergency manager shall submit the financial and operating plan to the state treasurer, with a copy to the superintendent of public instruction if the local government is a school district, and to the chief administrative officer and governing body of the local government. The plan shall be regularly reexamined by the emergency manager and the state treasurer and may be modified from time to time by the emergency manager with notice to the state treasurer. If the emergency manager reduces his or her revenue estimates, the emergency manager shall modify the plan to conform to the revised revenue estimates.

(3) The financial and operating plan shall be in a form as provided by the state treasurer and

(a) Conducting all aspects of the operations of the local government within the resources available according to the emergency manager's revenue estimate.

(b) The payment in full of the scheduled debt service requirements on all bonds, notes, and municipal securities of the local government, contract obligations in anticipation of which bonds, notes, and municipal securities are issued, and all other uncontested legal obligations.

(c) The modification, rejection, termination, and renegotiation of contracts pursuant to section 12.

(d) The timely deposit of required payments to the pension fund for the local government or in which the local government participates.

(e) For school districts, an educational plan.

(f) Any other actions considered necessary by the emergency manager in the emergency manager's discretion to achieve the objectives of the financial and operating plan, alleviate the financial emergency, and remove the local government from receivership.

(2) Within 45 days after the emergency manager's appointment, the emergency manager shall submit the financial and operating plan, and an educational plan if the local government is a school district, to the state treasurer, with a copy to the superintendent of public instruction if the local government is a school district, and to the chief administrative officer and governing body of the local government. The plan shall be regularly reexamined by the emergency manager and the state treasurer and may be modified from time to time by the emergency manager with notice to the state treasurer. If the emergency manager reduces his or her revenue estimates, the emergency manager

| | |
|---|---|
| shall contain that information for each year during which year the plan is in effect that the emergency manager, in consultation with the state financial authority, specifies. The financial and operating plan may serve as a deficit elimination plan otherwise required by law if so approved by the state financial authority.<br><br>(4) The emergency manager, within 30 days of submitting the financial and operating plan to the state financial authority, shall conduct a public informational meeting on the plan and any modifications to the plan. This subsection does not mean that the emergency manager must receive public approval before he or she implements the plan or any modification of the plan. | shall modify the plan to conform to the revised revenue estimates.<br><br>(3) The financial and operating plan shall be in a form as provided by the state treasurer and shall contain that information for each year during which year the plan is in effect that the emergency manager, in consultation with the state financial authority, specifies. The financial and operating plan may serve as a deficit elimination plan otherwise required by law if so approved by the state financial authority.<br><br>(4) The emergency manager, within 30 days of submitting the financial and operating plan to the state financial authority, shall conduct a public informational meeting on the plan and any modifications to the plan. This subsection does not mean that the emergency manager must receive public approval before he or she implements the plan or any modification of the plan.<br><br><span style="color:red">(5) For a local government in receivership immediately prior to the effective date of this act, a financial and operating plan for that local government adopted under former 2011 PA 4 or a financial plan for that local government adopted under former 1990 PA 72 shall be effective and enforceable as a financial and operating plan for the local government under this act until modified or rescinded under this act.</span> |
| **Additional Actions by Emergency Manager:**<br><br>**Sec. 19.** (1) An emergency manager may take 1 or more of the following additional actions with respect to a local government which is in receivership, notwithstanding any charter provision to the contrary:<br>    (a) Analyze factors and circumstances contributing to the financial emergency of the local government and initiate | **Additional Actions by Emergency Manager:**<br><br>**Sec. 12.** (1) An emergency manager may take 1 or more of the following additional actions with respect to a local government that is in receivership, notwithstanding any charter provision to the contrary:<br>    (a) Analyze factors and circumstances contributing to the financial emergency of the local government and initiate |

steps to correct the condition.

(b) Amend, revise, approve, or disapprove the budget of the local government, and limit the total amount appropriated or expended.

(c) Receive and disburse on behalf of the local government all federal, state, and local funds earmarked for the local government. These funds may include, but are not limited to, funds for specific programs and the retirement of debt.

(d) Require and approve or disapprove, or amend or revise a plan for paying all outstanding obligations of the local government.

(e) Require and prescribe the form of special reports to be made by the finance officer of the local government to its governing body, the creditors of the local government, the emergency manager, or the public.

(f) Examine all records and books of account, and require under the procedures of the uniform budgeting and accounting act, 1968 PA 2, MCL 141.421 to 141.440a, or 1919 PA 71, MCL 21.41 to 21.55, or both, the attendance of witnesses and the production of books, papers, contracts, and other documents relevant to an analysis of the financial condition of the local government.

(g) Make, approve, or disapprove any appropriation, contract, expenditure, or loan, the creation of any new position, or the filling of any vacancy in a position by any appointing authority.

(h) Review payrolls or other claims against the local government before payment.

(i) Notwithstanding any minimum staffing level requirement established by charter or contract, establish and implement staffing levels for the local government.

(j) Reject, modify, or terminate 1 or more terms and conditions of an existing

steps to correct the condition.

(b) Amend, revise, approve, or disapprove the budget of the local government, and limit the total amount appropriated or expended.

(c) Receive and disburse on behalf of the local government all federal, state, and local funds earmarked for the local government. These funds may include, but are not limited to, funds for specific programs and the retirement of debt.

(d) Require and approve or disapprove, or amend or revise, a plan for paying all outstanding obligations of the local government.

(e) Require and prescribe the form of special reports to be made by the finance officer of the local government to its governing body, the creditors of the local government, the emergency manager, or the public.

(f) Examine all records and books of account, and require under the procedures of the uniform budgeting and accounting act, 1968 PA 2, MCL 141.421 to 141.440a, or 1919 PA 71, MCL 21.41 to 21.55, or both, the attendance of witnesses and the production of books, papers, contracts, and other documents relevant to an analysis of the financial condition of the local government

(g) Make, approve, or disapprove any appropriation, contract, expenditure, or loan, the creation of any new position, or the filling of any vacancy in a position by any appointing authority.

(h) Review payrolls or other claims against the local government before payment.

(i) Notwithstanding any minimum staffing level requirement established by charter or contract, establish and implement staffing levels for the local government.

(j) reject, modify, or terminate 1 or more terms and conditions of an existing

contract.

(k) After meeting and conferring with the appropriate bargaining representative and, if in the emergency manager's sole discretion and judgment, a prompt and satisfactory resolution is unlikely to be obtained, reject, modify, or terminate 1 or more terms and conditions of an existing collective bargaining agreement. The rejection, modification, or termination of 1 or more terms and conditions of an existing collective bargaining agreement under this subdivision is a legitimate exercise of the state's sovereign powers if the emergency manager and state treasurer determine that all of the following conditions are satisfied:

(i) The financial emergency in the local government has created a circumstance in which it is reasonable and necessary for the state to intercede to serve a significant and legitimate public purpose.

(ii) Any plan involving the rejection, modification, or termination of 1 or more terms and conditions of an existing collective bargaining agreement is reasonable and necessary to deal with a broad, generalized economic problem.

(iii) Any plan involving the rejection, modification, or termination of 1 or more terms and conditions of an existing collective bargaining agreement is directly related to and designed to address the financial emergency for the benefit of the public as a whole.

(iv) Any plan involving the rejection, modification, or

contract.

(k) Subject to section 19, after meeting and conferring with the appropriate bargaining representative and, if in the emergency manager's sole discretion and judgment, a prompt and satisfactory resolution is unlikely to be obtained, reject, modify, or terminate 1 or more terms and conditions of an existing collective bargaining agreement. The rejection, modification, or termination of 1 or more terms and conditions of an existing collective bargaining agreement under this subdivision is a legitimate exercise of the state's sovereign powers if the emergency manager and state treasurer determine that all of the following conditions are satisfied:

(i) The financial emergency in the local government has created a circumstance in which it is reasonable and necessary for the state to intercede to serve a significant and legitimate public purpose.

(ii) Any plan involving the rejection, modification, or termination of 1 or more terms and conditions of an existing collective bargaining agreement is reasonable and necessary to deal with a broad, generalized economic problem.

(iii) Any plan involving the rejection, modification, or termination of 1 or more terms and conditions of an existing collective bargaining agreement is directly related to and designed to address the financial emergency for the benefit of the public as a whole.

(iv) Any plan involving the rejection, modification, or

termination of 1 or more terms and conditions of an existing collective bargaining agreement is temporary and does not target specific classes of employees.

(l) Act as sole agent of the local government in collective bargaining with employees or representatives and approve any contract or agreement.

(m) If a municipal government's pension fund is not actuarially funded at a level of 80% or more, according to the most recent governmental accounting standards board's applicable standards, at the time the most recent comprehensive annual financial report for the municipal government or its pension fund was due, the emergency manager may remove 1 or more of the serving trustees of the local pension board or, if the state treasurer appoints the emergency manager as the sole trustee of the local pension board, replace all the serving trustees of the local pension board. For the purpose of determining the pension fund level under this subdivision, the valuation shall exclude the net value of pension bonds or evidence of indebtedness. The annual actuarial valuation for the municipal government's pension fund shall use the actuarial accrued liabilities and the actuarial value of assets. If a pension fund uses the aggregate actuarial cost method or a method involving a frozen accrued liability, the retirement system actuary shall use the entry age normal actuarial cost method. If the emergency manager serves as sole trustee of the local pension board, all of the following apply:

 (i) The emergency manager shall assume and exercise the authority and fiduciary responsibilities of the local pension board, including to the

termination of 1 or more terms and conditions of an existing collective bargaining agreement is temporary and does not target specific classes of employees.

(l) Act as sole agent of the local government in collective bargaining with employees or representatives and approve any contract or agreement.

(m) If a municipal government's pension fund is not actuarially funded at a level of 80% or more, according to the most recent governmental accounting standards board's applicable standards, at the time the most recent comprehensive annual financial report for the municipal government or its pension fund was due, the emergency manager may remove 1 or more of the serving trustees of the local pension board or, if the state treasurer appoints the emergency manager as the sole trustee of the local pension board, replace all the serving trustees of the local pension board. For the purpose of determining the pension fund level under this subdivision, the valuation shall exclude the net value of pension bonds or evidence of indebtedness. The annual actuarial valuation for the municipal government's pension fund shall use the actuarial accrued liabilities and the actuarial value of assets. If a pension fund uses the aggregate actuarial cost method or a method involving a frozen accrued liability, the retirement system actuary shall use the entry age normal actuarial cost method. If the emergency manager serves as sole trustee of the local pension board, all of the following apply:

 (i) The emergency manager shall assume and exercise the authority and fiduciary responsibilities of the local pension board including, to the

extent applicable, setting and approval of all actuarial assumptions for pension obligations of a municipal government to the local pension fund.

(ii) The emergency manager shall fully comply with the public employee retirement system investment act, 1965 PA 314, MCL 38.1132 to 38.1140m, and section 24 of article IX of the state constitution of 1963, and any actions taken shall be consistent with the pension fund's qualified plan status under the federal internal revenue code.

(iii) The emergency manager shall not make changes to a local pension fund without identifying the changes and the costs and benefits associated with the changes and receiving the state treasurer's approval for the changes. If a change includes the transfer of funds from 1 pension fund to another pension fund, the valuation of the pension fund receiving the transfer must be actuarially funded at a level of 80% or more, according to the most recent governmental accounting standards board's applicable standards, at the time the most recent comprehensive annual financial report for the municipal government was due.

(iv) The emergency manager's assumption and exercise of the authority and fiduciary responsibilities of the local pension board shall end not later than the termination of the receivership of the municipal

extent applicable, setting and approval of all actuarial assumptions for pension obligations of a municipal government to the local pension fund.

(ii) The emergency manager shall fully comply with the public employee retirement system investment act, 1965 PA 314, MCL 38.1132 to 38.1140m, and section 24 of article IX of the state constitution of 1963, and any actions taken shall be consistent with the pension fund's qualified plan status under the federal internal revenue code.

(iii) The emergency manager shall not make changes to a local pension fund without identifying the changes and the costs and benefits associated with the changes and receiving the state treasurer's approval for the changes. If a change includes the transfer of funds from 1 pension fund to another pension fund, the valuation of the pension fund receiving the transfer must be actuarially funded at a level of 80% or more, according to the most recent governmental accounting standards board's applicable standards, at the time the most recent comprehensive annual financial report for the municipal government was due.

(iv) The emergency manager's assumption and exercise of the authority and fiduciary responsibilities of the local pension board shall end not later than the termination of the receivership of the municipal

government as provided in this act.

(n) Consolidate or eliminate departments of the local government or transfer functions from department to another and appoint, supervise, and, at his or her discretion, remove administrators, including heads of departments other than elected officials.

(o) Employ or contract for, at the expense of the local government and with the approval of the state financial authority, auditors and other technical personnel considered necessary to implement this act.

(p) Retain 1 or more persons or firms, which may be an individual or firm selected from a list approved by the state treasurer, to perform the duties of a local inspector or a local auditor as described in this subdivision. The duties of a local inspector are to assure integrity, economy, efficiency, and effectiveness in the operations of the local government by conducting meaningful and accurate investigations and forensic audits, and to detect and deter waste, fraud, and abuse. At least annually, a report of the local inspector shall be submitted to the emergency manager, the state treasurer, and the superintendent of public instruction if the local government is a school district. The duties of a local auditor are to assure that internal controls over local government operations are designed and operating effectively to mitigate risks that hamper the achievement of the emergency manager's financial plan, assure that local government operations are effective and efficient, assure that financial information is accurate, reliable, and timely, comply with policies, regulations, and applicable laws, and assure assets are properly

---

government as provided in this act.

(n) Consolidate or eliminate departments of the local government or transfer functions from 1 department to another and appoint, supervise, and, at his or her discretion, remove administrators, including heads of departments other than elected officials.

(o) Employ or contract for, at the expense of the local government and with the approval of the state financial authority, auditors and other technical personnel considered necessary to implement this act.

(p) Retain 1 or more persons or firms, which may be an individual or firm selected from a list approved by the state treasurer, to perform the duties of a local inspector or a local auditor as described in this subdivision. The duties of a local inspector are to assure integrity, economy, efficiency, and effectiveness in the operations of the local government by conducting meaningful and accurate investigations and forensic audits, and to detect and deter waste, fraud, and abuse. At least annually, a report of the local inspector shall be submitted to the emergency manager, the state treasurer, the superintendent of public instruction if the local government is a school district, and each state senator and state representative who represents that local government. The annual report of the local inspector shall be posted on the local government's website within 7 days after the report is submitted. The duties of a local auditor are to assure that internal controls over local government operations are designed and operating effectively to mitigate risks that hamper the achievement of the emergency manager's financial plan, assure that local government

managed. At least annually, a report of the local auditor shall be submitted to the emergency manager, the state treasurer, and the superintendent of public instruction if the local government is a school district.

(q) An emergency manager may initiate court proceedings in Ingham county circuit court in the name of the local government to enforce compliance with any of his or her orders or any constitutional or legislative mandates, or to restrain violations of any constitutional or legislative power of his or her orders.

(r) If provided in the financial and operating plan, or otherwise with the prior written approval of the governor or his or her designee, sell, lease, convey, assign, or otherwise use or transfer the assets, liabilities, functions, or responsibilities of the local government, provided the use or transfer of assets, liabilities, functions, or responsibilities for this purpose does not endanger the health, safety, or welfare of residents of the local government or unconstitutionally impair a bond, note, security, or uncontested legal obligation of the local government.

(s) Apply for a loan from the state on behalf of the local government, subject to the conditions of the emergency municipal loan act, 1980 PA 243, MCL 141.931 to 141.942, in a sufficient amount to pay the expenses of the emergency manager and for other lawful purposes.

(t) Order, as necessary, 1 or more millage elections for the local government consistent with the Michigan election law, 1954 PA 116, MCL 168.1 to 168.992, sections 6 and 25 through 34 of article IX of the state constitution of 1963, and any other

operations are effective and efficient, assure that financial information is accurate, reliable, and timely, comply with policies, regulations, and applicable laws, and assure assets are properly managed. At least annually, a report of the local auditor shall be submitted to the emergency manager, the state treasurer, the superintendent of public instruction if the local government is a school district, and each state senator and state representative who represents that local government. The annual report of the local auditor shall be posted on the local government's website within 7 days after the report is submitted.

(q) An emergency manager may initiate court proceedings in the Michigan court of claims or in the circuit court of the county in which the local government is located in the name of the local government to enforce compliance with any of his or her orders or any constitutional or legislative mandates, or to restrain violations of any constitutional or legislative power or his or her orders.

(r) Subject to section 19, if provided in the financial and operating plan, or otherwise with the prior written approval of the governor or his or her designee, sell, lease, convey, assign, or otherwise use or transfer the assets, liabilities, functions, or responsibilities of the local government, provided the use or transfer of assets, liabilities, functions, or responsibilities for this purpose does not endanger the health, safety, or welfare of residents of the local government or unconstitutionally impair a bond, note, security, or uncontested legal obligation of the local government.

(s) Apply for a loan from the state on behalf of the local government, subject

16

applicable state law. A millage election ordered for a local government pursuant to this subdivision shall only be held at the general November election.

(u) Authorize the borrowing of money by the local government as provided by law.

(v) Approve or disapprove of the issuance of obligations of the local government on behalf of the local government under this subdivision. An election to approve or disapprove of the issuance of obligations of the local government pursuant to this subdivision shall only be held at the general November election.

(w) Enter into agreements with creditors or other persons or entities for the payment of existing debts, including the settlement of claims by the creditors.

(x) Enter into agreements with creditors or other persons or entities to restructure debt on terms, at rates of interest, and with security as shall be agreed among the parties, subject to approval by the state treasurer.

(y) Enter into agreements with other local governments, public bodies, or entities for the provision of services, the joint exercise of powers, or the transfer of functions and responsibilities.

(z) For municipal governments, enter into agreements with other units of municipal government to transfer property of the municipal government under 1984 PA 425, MCL 124.21 to 124.30, or as otherwise provided by law, subject to approval by the state treasurer.

(aa) Enter into agreements with 1 or more other local governments or public bodies for the consolidation of services.

(bb) For a city, village, or township, the emergency manager may recommend to

to the conditions of the emergency municipal loan act, 1980 PA 243, MCL 141.931 to 141.942.

(t) Order, as necessary, 1 or more millage elections for the local government consistent with the Michigan election law, 1954 PA 116, MCL 168.1 to 168.992, sections 6 and 25 through 34 of article IX of the state constitution of 1963, and any other applicable state law.

(u) Subject to section 19, authorize the borrowing of money by the local government as provided by law.

(v) Approve or disapprove of the issuance of obligations of the local government on behalf of the local government under this subdivision. An election to approve or disapprove of the issuance of obligations of the local government pursuant to this subdivision shall only be held at the general November election.

(w) Enter into agreements with creditors or other persons or entities for the payment of existing debts, including the settlement of claims by the creditors.

(x) Enter into agreements with creditors or other persons or entities to restructure debt on terms, at rates of interest, and with security as shall be agreed among the parties, subject to approval by the state treasurer.

(y) Enter into agreements with other local governments, public bodies, or entities for the provision of services, the joint exercise of powers, or the transfer of functions and responsibilities.

(z) For municipal governments, enter into agreements with other units of municipal government to transfer property of the municipal government under 1984 PA 425, MCL 124.21 to 124.30, or as otherwise provided by

the state boundary commission that the municipal government consolidate with 1 or more other municipal governments, if the emergency manager determines that consolidation would materially alleviate the financial emergency of the municipal government and would not materially and adversely affect the financial situation of the government or governments with which the municipal government in receivership is consolidated. Consolidation under this subdivision shall proceed as provided by law.

(cc) For municipal governments, with approval of the governor, disincorporate or dissolve the municipal government and assign its assets, debts, and liabilities as provided by law.

(dd) Exercise solely, for and on behalf of the local government, all other authority and responsibilities of the chief administrative officer and governing body concerning the adoption, amendment, and enforcement of ordinances or resolutions of the local government as provided in the following acts:

(i) The home rule city act, 1909 PA 279, MCL 117.1 to 117.38.

(ii) The fourth class city act, 1895 PA 215, MCL 81.1 to 113.20.

(iii) The charter township act, 1947 PA 359, MCL 42.1 to 42.34.

(iv) 1851 PA 156, MCL 46.1 to 46.32.

(v) 1966 PA 293, MCL 45.501 to 45.521.

(vi) The general law village act, 1895 PA 3, MCL 61.1 to 74.25.

(vii) The home rule village act, 1909 PA 278, MCL 78.1 to 78.28.

(viii) The revised school code, 1976 PA 451, MCL 380.1 to 380.1852.

law, subject to approval by the state treasurer.

(aa) Enter into agreements with 1 or more other local governments or public bodies for the consolidation of services.

(bb) For a city, village, or township, the emergency manager may recommend to the state boundary commission that the municipal government consolidate with 1 or more other municipal governments, if the emergency manager determines that consolidation would materially alleviate the financial emergency of the municipal government and would not materially and adversely affect the financial situation of the government or governments with which the municipal government in receivership is consolidated. Consolidation under this subdivision shall proceed as provided by law.

(cc) For municipal governments, with approval of the governor, disincorporate or dissolve the municipal government and assign its assets, debts, and liabilities as provided by law. The disincorporation or dissolution of the local government is subject to a vote of the electors of that local government if required by law.

(dd) Exercise solely, for and on behalf of the local government, all other authority and responsibilities of the chief administrative officer and governing body concerning the adoption, amendment, and enforcement of ordinances or resolutions of the local government as provided in the following acts:

(i) The home rule city act, 1909 PA 279, MCL 117.1 to 117.38.

(ii) The fourth class city act, 1895 PA 215, MCL 81.1 to 113.20.

(iii) The charter township act, 1947 PA 359, MCL 42.1 to 42.34.

(ix) 1979 PA 94, MCL 388.1601 to 388.1772.

(ee) Take any other action or exercise any power or authority of any officer, employee, department, board, commission, or other similar entity of the local government, whether elected or appointed, relating to the operation of the local government. The power of the emergency manager shall be superior to and supersede the power of any of the foregoing officers or entities.

(ff) Remove, replace, appoint, or confirm the appointments to any office, board, commission, authority, or other entity which is within or is a component unit of the local government.

(2) Except as otherwise provided in this act, during the pendency of the receivership, the authority of the chief administrative officer and governing body to exercise power for and on behalf of the local government under law, charter, and ordinance shall be suspended and vested in the emergency manager.

(3) Except as otherwise provided in this subsection, any contract involving a cumulative value of $50,000.00 or more is subject to competitive bidding by an emergency manager. However, if a potential contract involves a cumulative value of $50,000.00 or more, the emergency manager may submit the potential contract to the state treasurer for review and the state treasurer may authorize that the potential contract is not subject to competitive bidding.

(4) An emergency manager appointed for a city or village shall not sell or transfer a public utility furnishing light, heat, or power without the approval of a majority of the electors of the city or village voting thereon, or a greater number if the city or village charter provides, as required by section 25 of article VII of the

(iv) 1851 PA 156, MCL 46.1 to 46.32.

(v) 1966 PA 293, MCL 45.501 to 45.521.

(vi) The general law village act, 1895 PA 3, MCL 61.1 to 74.25.

(vii) The home rule village act, 1909 PA 278, MCL 78.1 to 78.28.

(viii) The revised school code, 1976 PA 451, MCL 380.1 to 380.1852.

(ix) The state school aid act of 1979, 1979 PA 94, MCL 388.1601 to 388.1896.

(ee) Take any other action or exercise any power or authority of any officer, employee, department, board, commission, or other similar entity of the local government, whether elected or appointed, relating to the operation of the local government. The power of the emergency manager shall be superior to and supersede the power of any of the foregoing officers or entities.

(ff) Remove, replace, appoint, or confirm the appointments to any office, board, commission, authority, or other entity which is within or is a component unit of the local government.

(2) Except as otherwise provided in this act, during the pendency of the receivership, the authority of the chief administrative officer and governing body to exercise power for and on behalf of the local government under law, charter, and ordinance shall be suspended and vested in the emergency manager.

(3) Except as otherwise provided in this subsection, any contract involving a cumulative value of $50,000.00 or more is subject to competitive bidding by an emergency manager. However, if a potential contract involves a cumulative value of $50,000.00 or more, the emergency manager may submit the potential contract to the state

19

state constitution of 1963. In addition, an emergency manager appointed for a city or village shall not utilize the assets of a public utility furnishing heat, light, or power, the finances of which are separately maintained and accounted for by the city or village, to satisfy the general obligations of the city or village.

treasurer for review and the state treasurer may authorize that the potential contract is not subject to competitive bidding.

(4) An emergency manager appointed for a city or village shall not sell or transfer a public utility furnishing light, heat, or power without the approval of a majority of the electors of the city or village voting thereon, or a greater number if the city or village charter provides, as required by section 25 of article VII of the state constitution of 1963. In addition, an emergency manager appointed for a city or village shall not utilize the assets of a public utility furnishing heat, light, or power, the finances of which are separately maintained and accounted for by the city or village, to satisfy the general obligations of the city or village.

**Chapter 9 Bankruptcy Filing**

**Sec. 23.** (1) If, in the judgment of the emergency manager, no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the emergency manager may recommend to the governor and the state treasurer that the local government be authorized to proceed under title 11 of the United States Code, 11 USC 101 to 1532. If the governor approves of the recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision, with a copy to the superintendent of public instruction if the local government is a school district. Upon receipt of the written approval, the emergency manager is authorized to proceed under title 11 of the United States Code, 11 USC 101 to 1532. This section empowers the local government for which an emergency manager has been appointed to become a debtor under title 11 of the United States Code, 11 USC 101 to 1532, as required by section 109 of title 11 of the United States Code, 11 USC 109, and empowers the

**Chapter 9 Bankruptcy Filing**

**Sec. 18.** (1) If, in the judgment of the emergency manager, no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the emergency manager may recommend to the governor and the state treasurer that the local government be authorized to proceed under chapter 9. If the governor approves of the recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision, with a copy to the superintendent of public instruction if the local government is a school district. The governor may place contingencies on a local government in order to proceed under chapter 9. Upon receipt of the written approval, the emergency manager is authorized to proceed under chapter 9. This section empowers the local government for which an emergency manager has been appointed to become a debtor under title 11 of the United States Code, 11 USC 101 to 1532, as required by section 109 of title 11 of the United States Code, 11 USC 109, and

| | |
|---|---|
| emergency manager to act exclusively on the local government's behalf in any such case under title 11 of the United States Code, 11 USC 101 to 1532.<br><br>(2) The recommendation to the governor and the state treasurer under subsection (1) shall include 1 of the following:<br><br>    (a) A determination by the emergency manager that no feasible financial plan can be adopted that can satisfactorily rectify the financial emergency of the local government in a timely manner.<br><br>    (b) A determination by the emergency manager that a plan, in effect for at least 180 days, cannot be implemented as written or as it might be amended in a manner that can satisfactorily rectify the financial emergency in a timely manner.<br><br>(3) The emergency manager shall provide a copy of the recommendation as provided under subsection (1) to the superintendent of public instruction if the local government is a school district. | empowers the emergency manager to act exclusively on the local government's behalf in any such case under chapter 9.<br><br>(2) The recommendation to the governor and the state treasurer under subsection (1) shall include 1 of the following:<br><br>    (a) A determination by the emergency manager that no feasible financial plan can be adopted that can satisfactorily rectify the financial emergency of the local government in a timely manner.<br><br>    (b) A determination by the emergency manager that a plan, in effect for at least 180 days, cannot be implemented as written or as it might be amended in a manner that can satisfactorily rectify the financial emergency in a timely manner.<br><br>(3) The emergency manager shall provide a copy of the recommendation as provided under subsection (1) to the superintendent of public instruction if the local government is a school district. |