## Page 1

```
 1              UNITED STATES BANKRUPTCY COURT
               FOR THE EASTERN DISTRICT OF MICHIGAN
 2                  SOUTHERN DIVISION - DETROIT
   ---------------------------------
 3 In re:                              Chapter 9
 4 CITY OF DETROIT, MICHIGAN,          Case No. 13-53846
 5         Debtor,              Hon. Steven W. Rhodes
   ---------------------------------
 6   V I D E O T A P E D   D E P O S I T I O N   O F
 7 WITNESS:      GOVERNOR RICHARD D. SNYDER
 8 LOCATION:     The Romney Building
               111 S. Capitol Avenue
 9             Lansing, Michigan
10 DATE:        Wednesday, October 9, 2013
               8:38 a.m.
11
12 APPEARANCES:
   FOR PLAINTIFFS FLOWERS:
13
               LAW OFFICE OF WILLIAM A. WERTHEIMER
14             30515 Timberbrook Lane
               Bingham Farms, Michigan  48025
15             248.644.9200
               billwertheimer@gmail.com
16             BY: WILLIAM A. WERTHEIMER  (P26275)
17 FOR INTERNATIONAL UNION, UAW:
18             COHEN, WEISS and SIMON, LLP
               330 West 42nd Street
19             New York, New York  10036-6976
               212.563.4100
20             pdechiara@cwsny.com
               BY: PETER D. DeCHIARA, ESQUIRE
21
   FOR THE RETIREES COMMITTEE:
22
               DENTONS US LLP
23             1221 Avenue of the Americas
               New York, New York  10020-1089
24             212.768.6881
               arthur.ruegger@dentons.com
25             BY: ARTHUR H. RUEGGER, ESQUIRE
```

## Page 2

```
 1 APPEARANCES, CONTINUING:
 2 FOR AFSCME, AMERICAN FEDERATION OF STATE, COUNTY and
   MUNICIPAL EMPLOYEES, AFL-CIO:
 3
               AFSCME GENERAL COUNSEL'S OFFICE
 4             1101 17th Street, NW, Suite 900
               Washington, D.C.  20036
 5             202.775.5900
               martz@afscme.org
 6             BY: MICHAEL L. ARTZ, ESQUIRE
 7             LOWENSTEIN SANDLER, LLP
               65 Livingston Avenue
 8             Roseland, New Jersey  07068
               973.597.2374
 9             slevine@lowenstein.com
               BY: SHARON L. LEVINE, ESQUIRE
10
11 FOR GENERAL RETIREMENT SYSTEM; CITY OF DETROIT POLICE AND
   FIRE RETIREMENT SYSTEM:
12
               CLARK HILL
13             212 E. Grand River Avenue
               Lansing, Michigan  48906
14             517.318.3060
               sgallagher@clarkhill.com
15             BY: SEAN PATRICK GALLAGHER  (P73108)
16             CLARK HILL
               500 Woodward Avenue, Suite 3500
17             Detroit, Michigan  48226
               313.965.8274
18             jgreen@clarkhill.com
               BY: JENNIFER K. GREEN  (P69019)
19
   FOR THE FINANCIAL GUARANTY INSURANCE CORPORATION:
20
               WILLIAMS WILLIAMS RATTNER &
21             PLUNKETT, PC
               380 North Old Woodward Avenue
22             Suite 300
               Birmingham, Michigan  48009
23             248.642.0333
               eje@wwwrplaw.com
24             BY: ERNEST J. ESSAD, JR.  (P32572)
25
```

## Page 3

```
 1 APPEARANCES, CONTINUING:
 2 FOR THE STATE OF MICHIGAN:
 3             MICHIGAN DEPT. OF ATTORNEY GENERAL
               Assistant Attorney General
 4             Solicitor General Bureau
               7th Floor G. Mennen Williams Building
 5             525 West Ottawa Street
               P.O. Box 30212
 6             Lansing, Michigan  48909
               517.373.1124
 7             nelsonm9@michigan.gov
               BY: MARGARET A. NELSON  (P30342)
 8
               MICHIGAN DEPT. OF ATTORNEY GENERAL
 9             Chief Legal Counsel
               Executive Division
10             7th Floor G. Mennen Williams Building
               525 West Ottawa Street
11             P.O. Box 30212
               Lansing, Michigan  48909
12             517.373.1110
               schneiderm7@michigan.gov
13             BY: MATTHEW SCHNEIDER  (P62190)
14             OFFICE OF THE GOVERNOR-LEGAL DIVISION
               George W. Romney Building
15             111 South Capitol Avenue
               P.O. Box 30013
16             Lansing, Michigan  48909
               517.241.5630
17             gadolam@michigan.gov
               BY: MICHAEL F. GADOLA  (P43960)
18
               DICKINSON WRIGHT, PLLC
19             215 South Washington Square, Suite 200
               Lansing, Michigan  48933-1816
20             517.487.4710
               pellsworth@dickinsonwright.com
21             BY: PETER H. ELLSWORTH  (P23657)
```

## Page 4

```
 1 APPEARANCES, CONTINUING:
 2 FOR THE CITY OF DETROIT:
 3             JONES DAY
 4             51 Louisiana Avenue, NW
               Washington, D.C.  20001-2113
 5             202.879.3939
               gshumaker@jonesday.com
 6             BY: GREGORY M. SHUMAKER, ESQUIRE
 7 VIDEO BY:    Tim Reitman, Reitman Video Specialists
 8 REPORTED BY: Laurel A. Jacoby, CSR-5059, RPR
```

Page 129

1 Q. Do you have any knowledge first or
2 secondhand as to whether that is true or not?
3 A. I don't recall that.
4 Q. Do you recall a reason that the 19th was selected as
5 the date that Mr. Orr would file bankruptcy?
6 A. One of the factors most likely was probably my
7 schedule, because this was a major media rollout, in
8 terms of availability.
9 Q. Okay.
10 A. At that -- the letter was coming and I wanted time
11 to contemplate and then we would look at the
12 schedule to say when is there a good opportunity to
13 have good communications.
14 Q. Leaving aside conversations you had with your
15 attorneys --
16 A. Uh-huh.
17 Q. -- in the days preceding the 17th say, say earlier
18 that week --
19 A. Yeah.
20 Q. -- were you privy to any conversations where the
21 idea was thrown out that if we have the filing on
22 the 19th that would oust Aquilina of jurisdiction on
23 the 22nd? Do you understand what I'm asking, or
24 words to that effect?
25 A. Yeah, I don't recall it.

Page 130

1 Q. You don't recall?
2 A. And again, that would be -- this is where we're back
3 to if there were other discussions, it would've been
4 attorney-client privilege, but I don't recall even
5 in that context.
6 Q. We know that, in fact, the filing was made on the
7 18th?
8 A. Uh-huh.
9 Q. Correct?
10 A. Correct.
11 Q. That would be an unusual circumstance; would it not?
12 That is, that you put together this very detailed
13 rollout down to what's going to happen at 11 a.m. a
14 couple days later and what's happening at noon and
15 1:30. It would be rare in terms of your work as
16 Governor for a significant event like this for the
17 date to move at the last minute; would it not?
18 A. Well, this is a unique circumstance.
19 Q. Yeah. On that we agree.
20 Was the unique circumstance the fact that
21 the litigants in the three cases were in court on
22 the 18th in front of Judge Aquilina in the afternoon
23 seeking emergency injunctive relief?
24 A. I had signed my letter prior to that.
25 Q. It's not what I asked you, Governor.

Page 131

1 A. Well, you did ask me. You said they were in the
2 courtroom, did then I act. And I acted prior to
3 them being in the courtroom.
4 Q. No. Okay. Fair enough.
5 A change was made between the 19th and the
6 18th as to the filing itself. You understand that?
7 A. Uh-huh.
8 Q. Correct?
9 A. Yes.
10 Q. And I'll represent to you that at Mr. Orr's
11 deposition he confirmed that the typed in date of
12 the 19th on the bankruptcy petition, the handwritten
13 eight was his handwriting.
14 Do you know anything about why the change
15 was made from the 19th to the 18th?
16 A. Yes.
17 Q. What do you know about it? Just tell me.
18 A. I made the decision that I was comfortable in my
19 conclusion that it was appropriate to file.
20 When the letter came to me on the 16th in
21 terms of recommending bankruptcy, I had set aside to
22 say I wanted an extended period of time to review
23 and to contemplate the situation. So I actually set
24 aside enough time that would have led to the Friday
25 morning situation to say I wanted more than one

Page 132

1 night to sleep on this because the importance of
2 this act.
3 And as I proceeded through the thought
4 process to say do I concur, am I going to authorize
5 the bankruptcy, I started discussions with my legal
6 counsel on how we would prepare a letter, how we
7 would go through that process and my thought
8 process, and I felt I didn't need to wait. I had
9 made my decision, I had consulted with legal
10 counsel, we had prepared a letter authorizing
11 bankruptcy, and I said we should just go ahead and
12 get this done.
13 Q. And as far as you know, that decision, the fact that
14 there was -- were requests for immediate injunctive
15 relief on that day in state court had nothing to do
16 with moving up the time?
17 A. People showed up in state court after that, and what
18 I would say is the consideration I had was the
19 filing of -- the lawsuits being filed in the prior
20 week or two weeks had some impact on my
21 decision-making process.
22 Q. Right.
23 A. And the reason I said that is because I could see
24 lawsuits being filed not only on pension issues but
25 could be filed by other creditors, by financial