#3 60082603 MAY 19 '06

Li-44727 Pg-873
206286410 5/19/2006 09:00AM
Bernard J. Youngblood
Wayne Co. Register of Deeds

# MORTGAGE

This Mortgage made as of this 11 day of MAY, 2006 between a single man (hereinafter called "Mortgagor"), residing at 15709 Pierson, Detroit, Michigan 48223 and the CITY OF DETROIT, a Michigan municipal corporation, acting by and through its Planning & Development Department (hereinafter called the "Mortgagee") having offices at 65 Cadillac Square, 19th Floor, Detroit, Michigan 48226.

WITNESSETH, That Mortgagor, for and in consideration of the principal sum of Thirty Thousand and 00/100 ($30,000.00), receipt of which is hereby acknowledged by Mortgagor, with no interest thereon, which shall be payable according to the terms of a Promissory Note, bearing even date herewith, (hereinafter referred to as the "Note") executed by Mortgagor to Mortgagee, and for the purpose of securing the performance of the covenants and conditions hereinafter contained, the Mortgagor hereby grants, conveys, warrants and mortgages to the Mortgagee the premises situated in the City of Detroit, County of Wayne, State of Michigan and described as follows (hereinafter called the "Premises"):

LAMONT TITLE CORPORATION

SEE EXHIBIT A, ATTACHED HERETO

Together with all easements and rights of way now or hereafter used in connection therewith, and all buildings;

Together with any and all improvements now or hereafter erected thereon, including, but not limited to, the fixtures, attachments, appliances, equipment, machinery, and other articles attached to the Premises;

Together with all fixtures, machinery, equipment and articles of personal property now or hereafter owned by Mortgagor and now or hereafter affixed to, placed upon or used in connection with the operation of said properties (sometimes hereinafter referred to as the "Personal Property") in which Mortgagor hereby grants a security interest to Mortgagee;

The Mortgagor covenants and agrees:

1. To promptly pay the principal on the indebtedness evidenced by the Note, and all other charges and indebtedness provided therein and in this Mortgage and in the manner provided in the Note and in this Mortgage.

2. To pay when due all taxes, assessments and other charges, which are now or shall hereafter, be a lien against the Premises, or any part thereof.

3. To keep the Premises in good repair and condition, to comply properly with all laws, ordinances, regulations or requirements of any governmental authority applicable thereto, and to abstain from the commission of waste.

4. The failure of Mortgagor to pay any taxes or assessments levied against the Premises, or any insurance premiums upon policies of insurance governing the Premises, in accordance with the terms hereof, shall constitute waste.

5. To keep all insurable property covered hereby insured against loss by fire or other natural hazard or disaster in an amount sufficient after the payment of all prior liens, to pay the amounts secured by this Mortgage.

6. If all or any part of the Premises are taken, whether temporarily or permanently, under power of eminent domain or by condemnation, the entire proceeds of the award or other payment in relief therefor shall be paid directly to Mortgagee. Payment of any proceeds of insurance or proceeds from any sale of the Premises at foreclosure shall also be made directly to the Mortgagee. Mortgagee shall have the right to apply any proceeds of insurance, proceeds of any sale of the Premises at foreclosure or proceeds of any condemnation or eminent domain award, in such amounts and proportions as Mortgagee shall in its sole discretion determine, to the full or partial satisfaction of any or all of the indebtedness and obligations of Mortgagor secured hereby, including any contingent or secondary obligation, whether or not the same shall then be due and payable by the primary obligor. In lieu of such application, Mortgagee shall have the right, but shall have no obligation, to require all or part of the proceeds of insurance or of any condemnation or eminent domain award to be used to restore or rebuild any part of the Premises damaged or destroyed by reason of the occurrence which gave rise to the payment of such proceeds.

7. Any improvements and/or repairs made to the Premises while the lien created by this Mortgage remains effective, and all plans and specifications therefor shall comply with all applicable municipal ordinances, regulations, and rules made or promulgated by lawful authority.

8. Should any default be made in the covenants or conditions hereunder, Mortgagee may, without demand or notice, pay any taxes, assessments, premiums or liens required to be paid by Mortgagor, make repairs, effect any insurance provided for herein, cause the abstract of title and tax histories of the Premises to be certified to date or procure new abstracts of title and tax histories in case none were furnished to it and procure title reports covering the Premises, and the sums paid for any one or all of said purposes shall from the time of the payment thereof, be due, and shall

financing statements or other chattel instruments to replace fixtures or appliances from time to time with similar items of equal value provided the replacements are free of any outstanding ownership interest, financing statements or encumbrances of any kind in favor of anyone other than Mortgagee. In the event Mortgagor shall fail to execute and record chattel instruments as required herein within ten (10) days after written request by Mortgagee, then Mortgagor hereby irrevocably appoints Mortgagee Mortgagor's attorney-in-fact to execute and deliver such financing statements or other instruments.

16. This Mortgage is subject and subordinate to a mortgage and promissory note, each dated _______________, 2006, granted to Golden Mortgage Corporation, located at 43252 Woodward Avenue, Bloomfield Hills, MI 48302 by Mortgagor on the Premises.

17. The covenants and conditions hereof shall bind, and the benefits and advantages thereof shall inure to the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural and the singular, and the use of any gender shall be applicable to all genders.

18. Notwithstanding anything contained herein to the contrary, the Mortgagor shall not sell, transfer, convey or encumber the Premises, or any substantial portion thereof, without the prior written consent of the Mortgagee, which consent shall be at the sole option and discretion of the Mortgagee.

19. Any provisions of this Mortgage prohibited or unenforceable by any applicable law shall be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof.

[END OF PAGE]

Li-44727 Pa-878

IN WITNESS WHEREOF, this Mortgage has been duly signed and sealed by the Mortgagor on or as of the day and year first above written.

MORTGAGOR:

Signature Redacted
a single man

STATE OF MICHIGAN )
)ss.
COUNTY OF WAYNE )

On this 11th day of MAY, 2006, before me, the subscriber, a Notary Public in and for said county, personally appeared , a single man, known to me to be the person described herein and who executed the within Mortgage, and then acknowledged the execution thereof to be his free act and deed.

Kevin A. McNulty, Notary Public
State of Michigan, County of Oakland
My Commission Expires 6/24/2011
Acting in the County of Wayne

Notary Public
Wayne County, Michigan
My Commission Expires:________
Acting in ________ County, Michigan

Drafted by ~~and when recorded return to~~:
Lewis & Munday, P.C.
2490 First National Building
660 Woodward Ave.
Detroit, Michigan 48226
Attn: J. Taylor Teasdale, Esquire

**When recorded return to:**
**LaMont Title Corporation**
**500 Griswold Street, Suite #2100**
**Detroit, Michigan 48226**

Li-44727 Pa-879

**Exhibit A**

**DESCRIPTION OF PROPERTY**

That land, situated in the City of Detroit, County of Wayne, State of Michigan, and described as follows:

Lot 56; REDFORD MANOR Subdivision Liber 38 Page 11 PLATS, W C R

Commonly known as 15709 Pierson, Detroit, Michigan 48223

Tax Parcel I.D.: Ward 22; Item 106930