**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: ) | | Chapter 9 |
| ) | | |
| CITY OF DETROIT, MICHIGAN, ) | | Case No. 13-53846 |
| ) | | |
| ) | | Hon. Steven W. Rhodes |
| Debtor. ) | | |
| ) | | |

# *EX PARTE* MOTION FOR SHORTENED NOTICE AND EXPEDITED HEARING REGARDING THE DETROIT RETIREMENT SYSTEMS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON THE GROUNDS OF PRIVILEGE

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") submits this *Ex Parte* Motion (the "Motion") pursuant to 11 U.S.C. § 102(1)(A), Rules 2002(m), 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and E.D. Mich. LBR 9006-1(b) for entry of an order shortening the applicable notice period on their Motion to Compel Production of Documents Withheld on the Grounds of Privilege (the "Motion to Compel"), setting an expedited hearing on the Motion to Compel, and for related relief. In support of this Motion, the Retirement Systems respectfully state as follows:

## Bases for Relief

1. The legal bases for the relief requested herein are section 102(1)(A) of the Bankruptcy Code, Bankruptcy Rules 2002(m), 9006(c), and 9007, and E.D. Mich. LBR 9006-1(b). Pursuant to Bankruptcy Rule 9006(c), the Court may, for cause shown, reduce the time for performance of any act required by the Federal Rules of Bankruptcy Procedure and any applicable period for notice thereof. Pursuant to E.D. Mich. LBR 9006-1(b), a party may move for, and the Court may enter, an *ex parte* Order reducing the time for a party to take any action or file any paper. Section 102(1)(A) of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007 grant the Court broad authority to regulate the form and manner of notice of hearings.

## Background and Relief Requested

2. As discussed in detail in the Motion to Compel, the privilege log produced by the City during discovery reveals that Jones Day's efforts to position itself to become the City's restructuring counsel included, among other things: (i) numerous communications with state officials and other potential restructuring consultant candidates, (ii) reviewing and commenting on PA 4[1] and the March 2012 Consent Agreement between the City and the State, and (iii)

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Compel.

preparing memoranda relating to chapter 9 issues, including the treatment of pension obligations and good faith negotiations. These, and other, Pre-Retention Documents, which were compiled for the purpose of currying favor with a *potential* client, are now being withheld as "privileged."

3. Initially, the City and the State withheld these documents on the basis of the attorney-client privilege. After admitting that no attorney-client relationship was formed, the City then produced the documents voluntarily in response to written requests from two of the objecting parties. Recently, and on the eve of the evidentiary hearing, the City changed course and is seeking to claw back the documents produced on the ostensible bases of the attorney-client privilege, work product doctrine, and/or common interest privilege.

4. The eligibility-related materials that the City now attempts to shield were not created as a result of any attorney-client relationship (and it is unclear *who* Jones Day is even claiming that it was representing during that time period) nor were they created as work product prepared in anticipation of litigation. Moreover, even *if* the documents were somehow privileged, the putative privilege was waived by the intentional and deliberate dissemination of those documents to third parties at the time that they were created and/or by producing them to the Retirement Systems and others in this case.

5. The Motion to Compel requests a determination that: (i) documents created prior to the time that Jones Day was formally retained as counsel for the City are not privileged and must immediately be produced in their entirety (including all attachments); and (ii) the City's recent re-assertion of any privilege is ineffective due to its express waiver.

6. Good cause exists for shortening notice of and expediting the hearing on the Motion to Compel because of the expedited nature of the eligibility proceedings and the impending evidentiary hearing that is scheduled to begin on October 23, 2013. It is critical that the privilege issues be resolved now to ensure that all relevant discovery is produced and to ensure that the Retirement Systems are not prejudiced in their ability to present relevant and admissible evidence during the evidentiary hearing in support of their arguments.

7. On October 18, 2013, the Court entered an *Ex Parte* Order Granting Motion to Expedite [Dkt. No. 1258], which Order set an expedited hearing on the UAW's Motion to (A) Compel Production of Documents Withheld on Grounds of Privilege and (B) for Reconsideration of This Court's September 19 Order on Privilege Issues [Dkt. No. 1234] (the "UAW's Motion to Compel"). For the same reasons that compelled this Court to grant expedited consideration

of the UAW's Motion to Compel, the instant dispute should be addressed with the same urgency.

8. For these reasons, good cause exists for shortening the notice period and expediting the hearing on the Motion to Compel.

9. Accordingly, the Retirement Systems respectfully request that this Court expedite consideration of the Motion to Compel and schedule a hearing for Wednesday, October 23, 2013 before or during the evidentiary hearing scheduled on the same date.

10. The Retirement Systems propose that the: (i) Order entered pursuant to this Motion and (ii) Motion to Compel be served via the CM/ECF system upon all parties requesting ECF notice in this case.

11. The Retirement Systems submit that such service is appropriate and sufficient under the circumstances.

WHEREFORE, for the foregoing reasons, the Retirement Systems request that the Court enter an Order substantially in the form attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: October 20, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: ) Chapter 9
)
CITY OF DETROIT, MICHIGAN, ) Case No. 13-53846
)
) Hon. Steven W. Rhodes
Debtor. )
)

**ORDER GRANTING *EX PARTE* MOTION FOR SHORTENED NOTICE AND EXPEDITED HEARING REGARDING THE DETROIT RETIREMENT SYSTEMS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON THE GROUNDS OF PRIVILEGE**

This matter comes before the Court on the Detroit Retirement Systems *Ex Parte* Motion (the "Motion") for Shortened Notice and Expedited Hearing Regarding the Detroit Retirement Systems' Motion to Compel Production of Documents Withheld on the Grounds of Privilege (the "Motion to Compel"); the Court having reviewed and considered the Motion and finding that good cause exists for granting the relief in this order;

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. A hearing on the Motion to Compel will be conducted on October __, 2013 at __:__ a.m./p.m., in the courtroom of the Honorable Steven W.

Rhodes, United States Bankruptcy Court, 231 W. Lafayette, Courtroom 100, Detroit, Michigan 48226.