UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

---------------------------------------------------------- x
                                                           :
In re:                                                     : Chapter 9
                                                           :
CITY OF DETROIT, MICHIGAN,                                 : Case No.: 13-53846
                                                           :
                                            DEBTOR.        : Hon. Steven W. Rhodes
                                                           :
---------------------------------------------------------- x

## MOTION OF INTERNATIONAL UNION, UAW AND *FLOWERS* PLAINTIFFS TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON GROUNDS OF PRIVILEGE BY THE STATE OF MICHIGAN

International Union, UAW ("UAW") and Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman, as plaintiffs in the suit *Flowers v. Snyder*, No. 13-729 CZ (Ingham County Circuit Court) (the "*Flowers* plaintiffs") hereby move this Court for the entry of an order in the form attached hereto as Exhibit 1 to compel production of documents withheld by the State of Michigan ("the State") on the grounds of attorney-client or executive privilege.

The State has claimed attorney-client and executive privilege with respect to numerous documents but have failed to provide sufficient detail on its privilege logs that would enable UAW and the *Flowers* plaintiffs to test whether the privilege has been properly invoked. With respect to one portion of its production, the State has failed to identify the parties to the relevant communications claimed to

be privileged; with respect to others, it has failed to identify the subject matter of the communication or that it included a request for legal advice.

In addition, the State has redacted portions of one document on which it claims a common interest privilege that antedates the retention of Emergency Manager Orr. There is no basis to assert a joint interest privilege with respect to communications that antedate the retention of the Emergency Manager and the State's apparent refusal to produce all such documents is groundless.

We have conferred with counsel for the State without resolution. Given the October 23 trial date and although the State has committed to providing more detailed privilege logs, we file this motion to preserve the issues should they not be resolved before October 23 and would request that the Court enter an order compelling production of all such documents.

## ARGUMENT

### I.

### THE STATE SHOULD BE COMPELLED TO PRODUCE DOCUMENTS INVOLVING COMMUNICATIONS WITH THE EMERGENCY MANAGER THAT ANTEDATE THE EMERGENCY MANAGER'S RETENTION

On the privilege log the State provided with its production, a March 12, 2012 document was identified as withheld either under the common interest privilege. The document was authored by Richard Baird and addressed to Kevyn Orr and was produced in redacted form with the notation it is an "Email forwarding

attorney's legal advice; privileged Email are redacted." A copy of that entry is Exhibit A to correspondence dated October 15 to Margret Nelson. (That October 15, 2013 letter is included in Exhibit 6 to this Motion as Exhibit A). Given that the Emergency Manager was not retained until March 15, there can be no basis for withholding under a common interest theory a document between the State and the City that antedates EM Orr's retention.

In response to UAW's October 15 correspondence, the State advised that it believed that it could assert common interest privilege with respect to "a communication occurring in connection with, and only a few days prior to the appointment" but failed to identify any basis for why or how this could be so. (A copy of this correspondence dated October 18 is included in Exhibit 6 to this Motion as Exhibit B). The Court should require the State to produce documents that antedate the retention of the Emergency Manager that it has withheld on the basis of common interest privilege.

As UAW showed in its motion to compel production from the City, the City and the State have used the common interest theory to block inquiry into their joint communications concerning the decision to pursue this Chapter 9 filing. This involves both precluding deposition testimony concerning communications between and among the Emergency Manager and state officials – both elected and appointed – and withholding documents reflecting such communications.

Based on this assertion, for example, the Governor refused to answer questions involving his discussion with Orr concerning a host of policy-related topics: the June 14 Proposal to Creditors; consideration to be provided to retirees whose pension benefits the City would impair; sales of City assets; the City's cash flow, and whether reductions in accrued pension benefits were necessary. *See* Deposition of Richard Snyder, dated October 9, 2013, Tr. at 12, 14, 43, 58, and 68. (Relevant excerpts collected in Exhibit 6 as Exhibit D). With respect to the critical issue of the reduction of accrued pension liabilities, the common-interest privilege was invoked to foreclose inquiry:

> Q. Let me – did you discuss with anyone other than your legal counsel and Mr. Orr whether there had to be cuts to Detroit's accrued pension liability?
>
> A. When you say other people, there would be people from the administration in the meetings that we had.
>
> Q. Who did you discuss that issue with?
>
> A. There could be any number of people that would include my chief of staff, Andy Dillon, and other people of the administration.
>
> Q. And what did you and Andy Dillon discuss on that issue?
>
> MS. NELSON: I'm going to object on the grounds of attorney-client privilege. These discussions occurred in the meetings with Mr. Orr and his counsel.

Tr. at 58.[1] In effect, the deliberations of public officials with respect to critical government decisions have been shielded from disclosure.[2]

As the State would have it the common interest privilege would extend to communications antedating even its decision to retain EM Orr. That contention should be rejected and the State compelled to produce all such documents.

In any event, with respect to the March 12, 2012 document noted above, the privilege log does not identify an attorney whose advice is reflected in the document. Nor does the redacted version of the document included in the production provide any information with respect to the attorney's involved or the subject matter of the communication sufficient to allow UAW or the *Flowers* plaintiffs to test the assertion of privilege (even assuming arguendo that it would be appropriate to claim common interest privilege with respect to a document antedating EM Orr's retention). As shown in part II below, a privilege log must contain such information to properly invoke privilege.

---

[1] As UAW urges in its motion with respect to the City's production [Docket No. 1234], this Court should reconsider its September 19 Order and require the production of all documents withheld on the basis of a common interest privilege that date from or before July 18, 2013, so that a full public record may be established concerning the deliberations of the Emergency Manager and the State that lead to this Chapter 9 filing.

[2] As shown in UAW's motion to compel production from the City, this is contrary to the Open Meetings Law which requires that the deliberations of a governing body be open to the public and narrowly limits the applicability of the attorney-client privilege to its deliberations.

## II.

## THE STATE'S PRIVILEGE LOG IS
## INSUFFICIENT TO PRESERVE CLAIMS OF PRIVILEGE

To assert the privilege a party "must make a minimal showing that the communication involved legal matters. This showing is not onerous and may be satisfied by as little as a statement in the privilege log explaining the nature of the legal issue for which advice was sought . . . Conclusory statements . . . do not satisfy even this minimal requirement." *In re Search Warrant Executed at Law Offices of Stephen Garea*, 173 F.3d 429, 429 (6th Cir. 1999); *see generally United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) ("if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of the legal requirements for application of the privilege, his claim will be rejected").

The State's privilege log has does not contain information sufficient to invoke the privilege. Attachment C to the October 15 correspondence (Exhibit A to Exhibit 6 to this Motion) is the State's second privilege log. It does not identify parties involved in any of the referenced communications nor does it indicate the subject matter of the communication or that it involved a request for legal advice. Similarly, with respect to entries on the State's first and third privilege logs (Attachments B and D to the October 15 correspondence) where attorney-client or executive privilege is claimed, none identifies the nature of the legal issue for which advice was sought.

The City should be compelled to produce documents for which attorney-client privilege has not been properly invoked, or, in the alternative, this Court should require the production of the documents for *in camera* review to ascertain whether the privilege has been properly asserted.

## **CONCLUSION**

The Court should compel production of documents (a) reflecting communications with the Kevyn Orr before the City retained Emergency Manager and (b) for which it has claimed privilege but has failed to sufficiently document in its privilege logs.

Dated: October 21, 2013

/s/ Babette A. Ceccotti
Cohen, Weiss and Simon LLP
Babette A. Ceccotti
Thomas N. Ciantra
330 West 42nd Street
New York, New York 10036-6979
T: 212-563-4100
F: 212-695-5436
bceccotti@cwsny.com
tciantra@cwsny.com

- and -

Niraj R. Ganatra (P63150)
8000 East Jefferson Avenue
Detroit, Michigan 48214
T: (313) 926-5216
F: (313) 926-5240
nganatra@uaw.net
mnicholson@uaw.net

*Attorneys for International Union, UAW*

-and-

/s/ William A. Wertheimer
William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
T: (248) 644-9200
billwertheimer@gmail.com

Andrew A. Nickelhoff
Sachs Waldman, P.C.
2211 East Jefferson Avenue
Detroit, Michigan 48207
T: (313) 965-3464
F: (313) 965-0268
anickelhoff@sachswaldman.com

*Attorneys for Flowers Plaintiffs*