UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------x
In re                                        :   Chapter 9
                                             :
                                             :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                   :
                                             :
              Debtor.                        :   Hon. Steven W. Rhodes
------------------------------------------------------------x

# APPLICATION FOR AN ORDER APPROVING
# THE RETENTION OF DENTONS US LLP AS COUNSEL
# TO THE OFFICIAL COMMITTEE OF RETIREES
# OF THE CITY OF DETROIT EFFECTIVE AUGUST 28, 2013

The Official Committee of Retirees in the above-captioned Chapter 9 case (the "Retiree Committee" or "Committee") submits this application (the "Application") for an order approving the employment and retention of Dentons US LLP ("Dentons") as counsel to the Retiree Committee effective as of August 28, 2013, pursuant to §§ 901(a), 1102(a)(1) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Committee submits the Declaration of Carole Neville (the "Neville Declaration") annexed hereto as Exhibit 2 and incorporated herein by reference and respectfully represents as follows:

## BACKGROUND

1. On July 18, 2013, the City of Detroit (the "City" or the "Debtor") filed a voluntary petition (the "Petition") for the adjustment of debt under Chapter 9 of the Bankruptcy Code.

2. By Order dated August 2, 2013, the Court directed the Office of the United States Trustee to appoint an official committee for retired employees pursuant to section 1102(a)(2).

3. The Committee was formed and the following parties were appointed thereto on August 22, 2013: (i) Edward L. McNeil for the Detroit, Michigan, Retiree Sub-Chapter 98 of the

American Federation of State, County and Municipal Employees, AFL-CIO; (ii) Michael Karwoski; (iii) Shirley V. Lightsey; (iv) Terry Renshaw; (v) Robert A. Shinske; (vi) Donald Taylor; (vii) Gail Wilson Turner; (viii) Gail M. Wilson; (ix) Wendy Fields-Jacobs for the International Union, UAW.

4. By unanimous resolution, the Committee selected and engaged Dentons as its counsel on August 28, 2013. The Committee executed an Engagement Letter on October 1, 2013, effective August 28, 2013, annexed hereto as Exhibit 3.

### RELIEF REQUESTED

5. By this Application, the Committee requests the entry of an order substantially in the form annexed hereto as Exhibit 1 authorizing it to retain and employ Dentons as its counsel effective August 28, 2013.[1]

6. Dentons is a leading international law firm created by the combination of SNR Denton, Fraser Milner Casgrain, and Salans (the "Combination"). The Combination was effectuated by the use of a Swiss verein structure, comparable to an association of limited partnerships. The retention of Dentons includes and contemplates the retention of Dentons' verein affiliate Salans FMC SNR Denton Europe LLP ("Dentons Europe") and lawyers and non-lawyer staff in its New York office. Effective October 1, 2013, Claude Montgomery, and other individuals from Dentons Europe expected to assist in this engagement, relocated to the New York office of Dentons and joined Dentons.

7. Dentons is uniquely qualified to represent the Retiree Committee. The firm has the expertise to address the issues facing the Committee, including (i) a strong, well known restructuring group; (ii) an experienced pension and benefits group, (iii) financing and capital

---

[1] This Application is being filed out of an abundance of caution. Although it is clear that the City's professionals are not required to seek an order approving retention, there is ambiguity as to the proper procedure for retention of professionals for committees appointed under section 1102.

markets practices with understanding of municipal bonds, swaps and other financing mechanisms, (iv) an incentive development group that has been involved in the redevelopment of several American cities and (iv) public policy and attorney general practitioners who understand the workings of governments. The restructuring group may draw upon the support of the firm's litigation, tax, labor and employment, real estate, and corporate groups as needed as well.

8. Dentons has had significant roles in many of the recent major reorganizations, including the Lehman Brothers, MF Global, American Airlines, and Kodak chapter 11 cases. The firm's lawyers have served as committee counsel in the United Airlines and Federal Mogul Chapter 11 cases, among many other committee representations in many jurisdictions across the United States, including several pre-section 1114 retiree committees, as more fully set forth in the Neville Declaration.

9. Dentons is expected to render such legal services as the Retiree Committee may require to discharge the Retiree Committee's responsibilities and further the interests of the Retiree Committee's constituents in this case. In addition to acting as primary professional spokesperson for the Retiree Committee, it is expected that Dentons' services will include, without limitation, the following matters:

   a. to give legal advice with respect to the Retiree Committee's powers and duties in the context of this case;
   b. to assist and advise the Retiree Committee in its consultation with the Debtor and others regarding the administration of this case;
   c. to attend meetings and negotiate with the Debtor's representatives and others;
   d. to appear, as appropriate, before the Court, the relevant Appellate Courts, and the United States Trustee, and to represent the interests of the Retiree Committee before said Courts and the United States Trustee;
   e. to advise the Retiree Committee in connection with proposals and pleadings submitted by the Debtor or others to this Court;
   f. to generally prepare on behalf of the Retiree Committee all necessary applications, motions, answers, orders, reports and other legal papers in support of positions taken by the Retiree Committee;

g. to assist the Retiree Committee in the review, analysis and negotiation of any plan(s) of adjustment that may be filed and to assist the Retiree Committee in the review, analysis, and negotiation of the disclosure statement accompanying any plan(s) of adjustment;

h. to take all necessary action to protect and preserve the interests of retirees represented by the Retiree Committee, including: (i) to investigate and prosecute actions on the Retiree Committee's behalf, (ii) challenge the City's eligibility to use Chapter 9 to terminate retirement promises and (iii) to conduct negotiations concerning all litigation in which the Debtor are involved;

i. to advise the committee on the retention of other professionals and experts to assists in the engagement, including local counsel;

j. to retain expert professional assistance and witnesses, as necessary; and

k. to perform all other necessary legal services for the Retiree Committee in connection with this Case.

10. As counsel to the Retiree Committee, Dentons shall receive compensation solely from the Debtor (and not from any Committee member), subject to the approval of this Court and compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Order entered on September 11, 2013 [Dkt.#810], and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Dentons.

11. The current hourly rates charged by Dentons attorneys and legal assistants are set forth in the Neville Declaration. Any and all expenses incurred by the firm will conform to the guidelines established by the Fee Order.

12. Among the expenses Dentons anticipates incurring in connection with its representation of the Retiree Committee relates to the engagement, with the consent of the Committee, of Segal Inc. ("Segal"), an actuarial consulting firm with an expertise in municipal pensions and other retiree compensation, to provide services in furtherance of Dentons provision of legal advise to the Retiree Committee. Dentons will include Segal's fees and expenses as a Dentons expense and apply for reimbursement of such expense in accordance with the Fee Order. Upon receiving payment form the City, Dentons will reimburse Segal for its services.

- 4 -

13-53846-tjt    Doc 1299    Filed 10/21/13    Entered 10/21/13 22:26:38    Page 4 of 6

13. To the best of the Retiree Committee's knowledge, information and belief, Dentons and its members, counsel and associates have no connection with the Debtor, its creditors or any other party in interest, or its attorneys or accountants, or with the U.S. Trustee, members of the Retirees Committee or the professionals retained by individual members of the Retiree Committee, except to the extent set forth in the Neville Declaration.

## JURISDICTION

14. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and the within Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a). The statutory predicates for the relief requested herein are §§ 901(a), 1102(a)(1) and 1103(a) of the Bankruptcy Code, as complemented by Bankruptcy Rule 2014.

## CONCLUSION

15. Based on the foregoing, the employment of Dentons by the Retiree Committee as counsel is necessary, is in the best interests of the Retiree Committee and the Debtor's estate, and complies with §§ 901(a), 1102(a)(1) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

16. Dentons (including attorneys from Dentons Europe for the transition period identified in the Neville Declaration) commenced performing services for the Retiree Committee on August 28, 2013. Accordingly, the Retiree Committee respectfully requests that the retention of Dentons be authorized effective as of August 28, 2013, in light of the continuing nature of the services which must be performed in order for Dentons to properly represent the Retiree Committee and in order to avoid any prejudice resulting from any administrative delay in the signing of a retention order.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order approving the retention of Dentons by the Committee to perform the services described herein, effective as of August 28, 2013, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 18, 2013

                                      THE OFFICIAL COMMITTEE OF RETIREES OF
                                      THE CITY OF DETROIT

                                  By: *[signature]*
                                      Terri L. Renshaw, Chair