# EXHIBIT 2

```
 1
 2                        STATE OF MICHIGAN
 3      IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE
 4  JEROME MOORE,
 5                   Plaintiff,
 6         -vs-                   Case No. 10 006 409 CD
 7  SOUTHEASTERN MICHIGAN HEALTH
 8  ASSOCIATION,
 9                   Defendant.
10  --------------------------------/
11                      MOTION HEARING
12        Friday, May 11, 2012, Detroit, Michigan
13   BEFORE THE HONORABLE AMY P. HATHAWAY, CIRCUIT JUDGE
14  APPEARANCES:
15  For the Plaintiff:     EDWARDS & JENNINGS, P.C.
16                         Alice B. Jennings (P29064)
17                         65 Cadillac Square, Rm. 2710
18                         Detroit, MI  48226
19                         (313) 961-5000
20  For the Defendant,
21  SEMHA:                 NEMETH BURWELL, P.C.
22                         Terry Bonnette (P67692)
23                         200 Talon Centre, Ste. 200
24                         Detroit, MI  48226
25                         (313) 567-5921
```

```
 1
 2   APPEARANCES: (cont'd)
 3   Appearing for the City of
 4   Detroit:                      CITY OF DETROIT LAW
 5                                  DEPARTMENT
 6                                 Andrew Jarvis (P59191)
 7                                 660 Woodward Ave. #1650
 8                                 Detroit, MI  48226
 9                                 (313) 237-5038
10                  TABLE OF CONTENTS
11
12   WITNESSES:
13
14
15          (none)
16   EXHIBITS:
17
18          (none)
19
20
21
22
23
24
25
```

13-53846-tjt    Doc 1307-2    Filed 10/22/13    Entered 10/22/13 14:01:35    Page 3 of 9

1   was reinstated in September is of 2008. And
2   then terminated again in February, of 2009.
3       He worked there for 13 months. He was
4   hired obviously as a black man, at a certain
5   age, which we won't go into, Mr. Moore, and 13
6   months later, he says he was fired because of
7   his race and his age. That's the first problem
8   we have to get over. Let's deal with the city
9   of Detroit.
10      First of all, the Court is satisfied that
11  there are questions of fact whether the
12  defendant city is an agent to apply under ELCRA
13  or whether it controlled a term, condition or
14  privilege of a nonemployee. That's the
15  McClemmons (phonetic) case that Miss Jennings
16  cited. And given the city's employment,
17  management and working relationship with
18  defendant SEMHA, especially in this case,
19  because of the two employees, I believe they
20  were King and Gregory; is that correct?
21      MS. JENNINGS: That's correct.
22      THE COURT: The Court is satisfied there
23  are questions of fact as to what control they
24  had over defendant employees relationship. So
25  for purposes of all these decisions that I have

1  to make, I'm going to address all counts to
2  both defendants.
3  I've already made a preliminary statement
4  regarding race and sex.
5  With respect to age discrimination, the
6  Court is satisfied that the comments that were
7  made were insufficient to get a claim for age
8  discrimination. There is no evidence that
9  satisfies this Court that the plaintiff was
10  treated differently. The comments do not go
11  directly to discriminate his age, but simply
12  that they were stray remarks as the defendant
13  calls them and the Court is satisfied that he
14  was not treated differently for the same or
15  similar conduct.
16  The defendant shows that the plaintiff was
17  terminated for not providing a quality product,
18  or not having the ability or understanding
19  necessary for the job. That's the memo from
20  King, which is March, 2009. But there's
21  nothing to establish that the alleged similarly
22  situated employees, which is required, were
23  performing their work unsatisfactory, or were
24  kept on anyway. The only real instance
25  plaintiff points to is McClainor, but she

# EXHIBIT 3

# MICHIGAN COURT OF APPEALS
## Schedule of Arguments - MCR 7.213(D)

**Wednesday, November 13, 2013 at 11:00 AM**
Detroit Courtroom, 3020 West Grand Boulevard, 14th Floor, Detroit
Karen M Fort Hood, PJ, and Henry William Saad and Stephen L Borrello, JJ

JEROME D GOLDBERG  **Case Call Item 10**
2921 E JEFFERSON AVE
STE 205
DETROIT, MI  48207

Mailed: October 4, 2013

COA.299

| | | |
|---|---|---|
| 9 | 307320-T* | MID MICHIGAN DIAGNOSTIC CORP V MICHIGAN INTERNAL MEDICINE PC |
| | | *Attorneys* |
| | | PL-CD-AT    DENNIS K EGAN  **Oral Argument Preserved** |
| | | DF-CP-AE    DONALD H ROBERTSON  **Oral Argument Preserved** |
| 9 | 307863-T* | MID-MICHIGAN DIAGNOSTIC CORP V MICHIGAN INTERNAL MEDICINE PC |
| | | *Attorneys* |
| | | PL-CD-AE    JOVAN DRAGOVIC  **Oral Argument Preserved** |
| | | PL-CD-AE    DENNIS K EGAN  **Oral Argument Preserved** |
| | | DF-CP-AT    DONALD H ROBERTSON  **Oral Argument Preserved** |
| 10 | 310920-D | JEROME MOORE V SOUTHEASTERN MICHIGAN HEALTH ASSOCIATION |
| | | *Attorneys* |
| | | PL-AT    ALICE B JENNINGS  **Oral Argument Preserved** |
| | | PL-AT    JEROME D GOLDBERG  **Oral Argument Preserved** |
| | | DF-AE    DEBORAH L BROUWER  **Oral Argument Preserved** |
| | | DF-AE    JASON MCFARLANE  **Oral Argument Preserved** |
| 11 | 311357-T | STEPHEN J DUNN V TIMOTHY M BENNETT |
| | | *Attorneys* |
| | | PL-AE-XT    STEPHEN J DUNN |
| | | DF-AT-XE    KEVIN L BENNETT  **Oral Argument Preserved** |
| 12 | 315867-T# | IN RE L VANNESTE MINOR |
| | | *Attorneys* |
| | | AE    SAMANTHA A LORD |
| | | PT-AE    TIMOTHY K MORRIS |
| | | RS-AT    BRANDON MCNAMEE  **Oral Argument Preserved** |

*NOTE:* The tables in the courtrooms are reserved for counsel or parties *in propria persona* who are endorsed to present oral argument. The tables are not to be occupied by parties or amici curiae who are not endorsed.

ALL MOTIONS RELATING TO THE CALENDAR SHOULD BE FILED BY: 10/22/2013

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                Chapter 9
                                                      Case No. 13-53846
City of Detroit, Michigan,

    Debtor.

---

**PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

This Motion having come before this Court on Motion of Jerome Moore, and the Court being otherwise advised on the premises:

IT IS ORDERED:

1. Jerome Moore's Motion for limited Relief from the Automatic Stay is granted.

2. The Automatic Stay is lifted for the limited purpose of allowing the City of Detroit to participate in Oral Argument in Mr. Moore's appeal, Michigan Court of Appeals No. 310-920 scheduled to be heard on November 13, 2013 and to allow for the Court of Appeals to render its decision on the Appeal.

3. If the Appeal is granted and the case is remanded for further proceedings to Wayne County Circuit Court, any further adjudication relative to the City of Detroit shall be subject to the automatic stay and to the jurisdiction of the bankruptcy court.