UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

    Debtor.

No. 13-53846

Chapter 9

HON. STEVEN W. RHODES

# EXHIBIT D

# STATE OF MICHIGAN'S RESPONSE TO MOTION OF INTERNATIONAL UNION, UAW AND FLOWERS PLAINTIFFS TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON GROUNDS OF PRIVILEGE BY THE STATE OF MICHIGAN

EXHIBIT D - Case Opinion - Pulte Homes


Not Reported in F.Supp.2d, 2011 WL 8212 (E.D.Mich.)
**(Cite as: 2011 WL 8212 (E.D.Mich.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
PULTE HOMES, INC., Plaintiff/Counter-defendant,
v.
AMERICAN GUARANTEE, AND LIABILITY INSURANCE COMPANY, Defendant/Counter–Plaintiff.

Civil Action No. 09–CV–11616.
Jan. 3, 2011.

Jeremy F. Heinnickel, John N. Ellison, Timothy P. Law, Reed Smith LLP, Philadelphia, PA, Thomas P. Van Dusen, Bodman, Troy, MI, for Plaintiff/Counter–defendant.

Blaise S. Curet, Debra R. Puebla, Sinnott, Puebla, Campagne & Curet, APLC, San Francisco, CA, Carol G. Schley, Peter B. Kupelian, Kupelian, Ormond, Southfield, MI, for Defendant/Counter–Plaintiff.

*OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY TO PRODUCE COMPLETE RESPONSES TO DISCOVERY (DOCKET NO. 53)*

MONA K. MAJZOUB, United States Magistrate Judge.

**\*1** This matter comes before the Court on Plaintiff's Motion To Compel American Guarantee And Liability Insurance Company to Produce Complete Responses To Discovery filed on October 1, 2010. (Docket no. 53). Defendant filed a Response Brief in Opposition on October 19, 2010. (Docket no. 58). Plaintiff filed a Reply Brief on October 26, 2010. (Docket no. 63). The parties filed a Joint Statement of Resolved and Unresolved Issues on December 13, 2010. (Docket no. 71). This matter was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 54). The Court heard oral argument on this matter on December 20, 2010. The matter is ready for ruling.

On April 6, 2010 Plaintiff served on Defendant its First Set of Interrogatories, First Set of Requests For Admission and First Set of Requests for Production of documents. On May 24, 2010 Defendant served responses and objections. Correspondence ensued between the parties. On September 8, 2010 Defendant served supplemental answers, responses and objections to some of the discovery. Plaintiff brings this motion to compel full and complete responses to the following: Request for Admission Nos. 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 19 and 20; Interrogatory Nos. 6, 7, 8, 9, 12 and 13; and Request for Production Nos. 6, 9, 20, 21, 22, 27, 31, 32 and 33. Prior to the hearing the parties resolved Request for Production No. 20.

For the reasons set forth on the record the Court ordered the following:

A. Request for Admission Nos. 6, 7, and 9 are deemed admitted;

B. Request for Admission Nos. 4, 8, 10, 11 and 14 are deemed denied;

C. Plaintiff's Motion is denied as to Request for Admission Nos. 12, 13 and 15 because Defendant's answers comply with Fed.R.Civ.P. 36 and are admitted in part and denied in part as set forth therein;

D. Request for Admission Nos. 19 and 20 are

stricken as ambiguous;

E. Defendant will amend its answers to the following: Interrogatory No. 6 to respond directly to the Interrogatory and state with respect to each activity whether it was completed and the results thereof; Interrogatory No. 8 to specifically identify all instances when it requested information about the claims and Plaintiff did not provide access or information, Interrogatory No. 12 and Interrogatory No. 13 to answer in full based on the information Defendant now has available;

F. Defendant will amend its answer to Interrogatory No. 9 to answer in full without objection. *See United States v. Roxworthy,* 457 F.3d 590, 593 (6th Cir., 2006); *Fine v. Bellefonte Underwriters Ins., Co.,* 91 F.R.D. 420, 422 (D.C.N.Y.1981); and *Janicker v. George Washington University,* 94 F.R.D. 648, 650 (D.D.C.1982);

G. Plaintiff's Motion to Compel is denied as to Interrogatory No. 7;

H. Defendant will serve amended full responses and all responsive documents to Request for Production No. 6, Request for Production No. 9 (limited to the period from May 1, 1997 through 2001), and Request For Production No. 27 (limited to the period from September 1, 2006 through the present);

**\*2** I. Plaintiff's Motion to Compel was denied as to Request for Production No. 31 as not limited to relevant information, Fed.R.Civ.P. 26(b)(1), and 33 as overly broad, not sufficiently specific and not limited to relevant information.

The Court now rules on the remaining Request for Production Nos. 21, 22 and 32, which were taken under advisement. Request for Production No. 21 seeks the complete file maintained by Alan Gray. Request for Production No. 22 asks for "[a]ll documents Zurich sent to or received from the Affiliated Alan Gray Companies relating to the Zurich Policies, the Legion Policies, the Claim and the Action." Defendant argues that the Alan Gray file and documents are protected by the attorney-client privilege. Mr Gray is not a party to this action and he is not an officer of either party. Defendant retained Mr. Gray's forensic accounting firm in 2007 to investigate the bases of Plaintiff's claims [FN1].

> [FN1]. The Gray audit concluded in August 2008 with a draft report. Defendant's counsel stated that the draft report has been produced to Plaintiff without a non-waiver agreement. Defendant's counsel also stated that there was no final report.

Defendant argues that it has produced all responsive documents including the entire claims investigation file except for correspondence between Mr. Gray and attorney Debra Puebla, which it argues is subject to attorney-client privilege. In its Response brief Defendant states that it "authorized Mr. Gray to communicate with its legal counsel about the nature and scope of his investigation and findings to assist legal counsel in its coverage evaluation." Defendant argues that Mr. Gray was Defendant's agent and as such, his communications are protected from disclosure by the attorney-client privilege.

The Court notes that the parties have not properly briefed this issue with respect to Plaintiff's Motion to Compel and have incorporated by reference arguments from Plaintiff's August 30, 2010 motion to compel documents responsive to the Alan Gray Subpoena, which was denied by this Court. (Docket no. 43). The only privilege log related to Alan Gray documents which appears on the docket before the Court is the privilege log filed with Defendant's Response Brief in Opposition to Plaintiff's motion to compel relating to the subpoena served on Alan Gray. The Court must look to that set of pleadings to determine the sufficiency of Defendant's amended priv-

Not Reported in F.Supp.2d, 2011 WL 8212 (E.D.Mich.)
**(Cite as: 2011 WL 8212 (E.D.Mich.))**

ilege log, and the Court will examine the only privilege log before it relating to the Alan Gray documents.

In a case "brought under the Court's diversity jurisdiction and featuring only state-law claims, Michigan law governs the scope of the attorney/client privilege. *See* Fed.R.Evid. 501." *Infosystems, Inc. v. Ceridian Corp.,* 197 F.R.D. 303, 305 n. 2 (E.D.Mich.2000). Under Michigan law,

> [t]he attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents. The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice.

*Leibel v. General Motors Corp.,* 250 Mich.App. 229, 646 N.W.2d 179, 183 (Mich.App.2002). "The privilege, however, cannot protect the actual facts underlying the information contained in a communication between attorney and client; the privilege protects only confidential communications between attorney and client." *State Farm Mutual Auto. Inc. Co. v. Hawkins,* 2008 WL 5383855 at *2 (E.D.Mich. Dec.23, 2008) (citing *Reed Dairy Farm v. Consumers Power Co.,* 227 Mich.App. 614, 576 N.W.2d 709, 712 (Mich.Ct.App.1998)). "Communications between an attorney and client which relate to business, rather than legal matters, do not fall within the protection of the attorney-client privilege." *Michigan First Credit Union v. Cumis Ins. Soc'y, Inc.,* 2006 U.S. Dist. LEXIS 45202 at *5–6, 2006 WL 1851018 (E.D.Mich. July 5, 2006) (citing *Coleman v. American Broadcasting Corp., Inc.,* 106 F.R.D. 201, 205 (D.D.C.1985)). The burden to show that a matter is not discoverable because it is privileged rests upon the party asserting privilege. *Infosystems, Inc.,* 197 F.R.D. at 306.

**\*3** Defendant argues that Mr. Gray is its agent. As Plaintiff points out, Mr. Gray was hired almost two years prior to the filing of Plaintiff's lawsuit and Defendant's counter-claim. Defendant argues that Ms. Puebla was coverage counsel and did not undertake the claims investigation. Defendant's argument pointedly highlights the fine line set forth by the courts in determining whether a lawyer is acting in the capacity of a lawyer giving legal advice and not as an investigator working in an "ongoing, open investigation into a claim." *Mich. First Credit Union,* 2006 U.S. Dist. LEXIS at *6 (noting that one of the documents was dated "well before even the initial denial of the claim" and to protect the pre-November 2005 communications "from disclosure would give too broad a scope to attorney-client privilege, and in a larger sense would permit an insurer to construct a 'shroud of secrecy' by simply designating an attorney to conduct an otherwise ordinary claim investigation." *Id.*).

Despite alleging this distinction in Ms. Puebla's capacity, Defendant's Amended Privilege Log (docket no. 48 Ex. K) and Redacted Log (relating to redacted portions of the Alan Gray documents, docket no. 48–1, 48–2, 48–3) do not "describe the nature of the documents, communications, or tangible things not produced or disclosed—... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," as required by Fed.R.Civ.P. 26(b)(5)(A)(ii).

Defendant's "Alan Gray Documents–Amended Privilege Log" sets forth the date of the document, author, recipients, persons copied, a "description" of the document, a "purpose" of the document and the privilege or claim, which are predominately "attorney-client privilege." (Docket no. 48). Every "description" of a document states either "Email[s] relating to Alan Gray audit of Pulte claim files" or "Email[s] relating to Alan Gray report for audit of Pulte claim files." Five entries on the Redacted Log describe an "Email related to Alan Gray, Inc.'s rates for services," accounting document and/or a new file

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 8212 (E.D.Mich.)
**(Cite as: 2011 WL 8212 (E.D.Mich.))**

creation form and are identified as "confidential/proprietary; relevance" instead of attorney client privilege. (Docket no. 48–3). It does not appear that documents "GRAY000965," "GRAY000966," "GRAY000970," "GRAY001190" and "GRAY001236" are at issue in this motion and they are not relevant to the issues in this action. Fed.R.Civ.P. 26(b)(1).

The "Purpose" of each document states that the communication is between, from and/or to AGLIC (Defendant), AGLIC's Counsel and/or AGLIC's agent and identifies the purpose of each document as the following: "[r]elated to AGLIC counsel's ongoing role in representing AGLIC in order to provide coverage analysis and legal advice as issues arise in connection with Pulte's demand for payment under policies." (Docket no. 48 Ex. K, 48–1, 48–2, 48–3). Substantively, Defendant's descriptions of the documents and their respective purposes offer nothing more than a conclusory assertion that each document relates to the subject of this action and is "related" to legal advice, without any further information.

**\*4** Defendant has already amended this privilege log once and the parties have argued this issue at hearing. The Court does not find that a second amended privilege log will aid in showing that the documents are covered by the attorney-client privilege where Defendant has had the opportunity to establish privilege in a privilege log, an amended log, its brief and at hearing and has failed to do so. The Court is left to speculate as to whether any legal advice was sought or given with respect to each document.

Furthermore, despite the unsupported allegation that Ms. Puebla is coverage counsel and did not undertake the claims investigation(s), the timeline of the "Alan Gray" documents in conjunction with Plaintiff's demands for payment weigh in favor of concluding that these communications were related to business and an ongoing investigation of the claims at issue. Defendant's boilerplate descriptions in the privilege log, despite the allegation that the documents are "related to" counsel's role in providing legal advice, are not inconsistent with this finding. The privilege logs describe counsel's "ongoing role" in providing coverage analysis and fail on a basic level to clearly assert whether each document seeks or conveys legal advice [FN2]. Defendant has simply failed to meet its burden of showing that these documents are not discoverable.

> [FN2]. The Court also notes that Defendant has been, to date, unwilling to provide a date or time frame when its investigation became or was undertaken in anticipation of litigation.

Request for Production No. 32 seeks "[a]ll communications with Zurich's reinsurance companies concerning the Claim." The Court finds that this request is overly broad and not limited to relevant information and documents. The Court will deny Plaintiff's motion as to Request for Production No. 32. Fed.R.Civ.P. 26(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel American Guarantee And Liability Insurance Company To Produce Complete Responses To Discovery (docket no. 53) is GRANTED as to Request For Production Nos. 21 and 22 related to the Alan Gray documents, is DENIED as to Request For Production No. 32 and is further GRANTED in part and DENIED in part as set forth herein and on the record.

**IT IS FURTHER ORDERED** that Defendant will produce all amended answers and full responses as ordered within thirty (30) days of entry of this Order.

**IT IS FURTHER ORDERED** that payment of attorneys fees and costs will not be ordered. Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii).

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 8212 (E.D.Mich.)
**(Cite as: 2011 WL 8212 (E.D.Mich.))**

## NOTICE TO THE PARTIES

Pursuant to Fed.R.Civ.P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

E.D.Mich.,2011.
Pulte Homes, Inc. v. American Guarantee, and Liability Ins. Co.
Not Reported in F.Supp.2d, 2011 WL 8212 (E.D.Mich.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

13-53846-tjt    Doc 1319-5    Filed 10/22/13    Entered 10/22/13 17:17:00    Page 6 of 6