## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-----------------------------------------------------x
:
:
In re:                          :         Chapter 9
:
CITY OF DETROIT, MICHIGAN,       :        Case No. 13-53846
:
              Debtor.          :        Hon. Steven W. Rhodes
:
:
-----------------------------------------------------x

## THE CITY'S MOTION FOR ENTRY
## OF AMENDED FINAL PRE-TRIAL ORDER

The City of Detroit (the "City"), debtor in the above-captioned case, hereby

files this Motion, pursuant to Local Rule 7016-1, requesting entry of the Amended

Final  Pre-Trial Order attached hereto as Exhibit 1, which reflects objectors'

exhibit renumbering received by the City by the time of filing and other stipulated

changes.

The City and interested objectors (the "Objectors") have been working

together in anticipation of a joint pre-trial order as contemplated by local rule.

Witness and exhibit lists were exchanged on Monday, October 14, 2013 and a

Stipulation For Entry of Joint Final Pre-Trial Order was filed on October 17

[Docket No. 1232].

On October 18, the Court issued an order assigning series of numbers to specific objectors, and requesting the submission of a modified pre-trial order.

At the pretrial conference on October 21, the Objectors indicated that the current submission of separate objector exhibit lists created redundancy among their exhibits. The Objectors indicated that they would consolidate their exhibit lists in conformance with the Court's prior request to renumber exhibits in a modified pre-trial order. The parties set to work on this renumbering project.

Also at the pre-trial conference, the Court indicated that it would enter an order admitting into evidence all exhibits as to which there were no objections. A minute entry in the docket to that effect was made earlier today, October 22. The court did not indicate that the parties would be permitted to assert new objections to exhibits.

Today, in connection with the renumbering process for the amended order, counsel to the Objectors requested that new objections be added to six of the City's exhibits. The City indicated that it had been relying on the Objectors' indication of objections since October 17 and understood that they were made final at the pretrial conference. The Objectors indicated they would no longer consent to a Stipulated Final Pre-Trial Order if these objections were not added.

The City therefore moves for entry of the Modified Final Pre-Trial Order, attached hereto as Exhibit 1. The City has made best efforts to incorporate

Objectors' exhibit renumbering requests timely received and believes that the

attached Order accurately reflects the parties' positions and agreements

WHEREFORE, the City respectfully requests that this Court (i) enter an

order substantially in the form attached hereto as Exhibit 1 and (ii) grant such other

further relief to the City as the Court may deem proper.

Dated:  October 22, 2013    Respectfully submitted,

/s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
 AND STONE, P.L.C.
150 West Jefferson

3

Suite 2500
Detroit, Michigan 48226
Telephone:  (313) 963-6420
Facsimile:   (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF
DETROIT

4

## <u>SUMMARY OF ATTACHMENTS</u>

The following documents are attached to this Motion, labeled in accordance with
Local Rule 9014-1(b).

| Exhibit 1 | Proposed Form of Order |
|-----------|------------------------|
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service [To Be Separately Filed] |

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

----------------------------------------------------x
:
:
In re:                                              Chapter 9
:
CITY OF DETROIT, MICHIGAN,                :         Case No. 13-53846
:
                    Debtor.                         Hon. Steven W. Rhodes
:
:
:
----------------------------------------------------x

## AMENDED FINAL PRE-TRIAL ORDER

Having been advised in the premises and having considered the City's

Motion for Entry of Amended Final Pre-Trial Order ("Motion"), the Court hereby

GRANTS the Motion and enters the following Pre-Trial Order:

## I.      JURISDICTION

### A.      City of Detroit

The City asserts that this Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§

1408 and 1409.

### B.    Objectors

The Objectors assert that this Court lacks the authority and jurisdiction to decide whether chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") violates the Constitution or to determine the constitutionality of PA 436, the Local Financial Stability and Choice Act, M.C.L. §141.1541, *et seq*. ("PA 436").  Accordingly, and with respect, this Court should immediately refer this constitutional challenge to chapter 9 and PA 436 to the District Court for the Eastern District of Michigan.

## II.    STATEMENT OF CITY'S CLAIMS

The City of Detroit asserts that it qualifies to be a debtor under Section 109(c) of Title 11 of the Bankruptcy Code and meets all of the eligibility requirements to seek debt relief under Chapter 9.

The City is a municipality as such term is defined in Section 101(40) of the Bankruptcy Code.  11 U.S.C. § 101(40).  The City is a "political subdivision" of the State of Michigan and thus a "municipality" within the meaning of Section 101(40), and the eligibility requirement of section 109(c)(1) of the Bankruptcy Code is satisfied.

The City is specifically authorized in its capacity as a municipality to be a debtor under Chapter 9 under the laws of the State of Michigan and by the appropriate state officers empowered thereby, as contemplated by Section

2

109(c)(2) of the Bankruptcy Code. On July 16, 2013 Kevyn D. Orr, the duly appointed Emergency Manager for the City (the "Emergency Manager"), based on his assessment of the City's financial condition recommended to Richard Snyder, Governor of the State of Michigan, and Andrew Dillon, Treasurer of the State of Michigan, that the City be authorized to proceed under Chapter 9. On July 18, 2013, the Governor issued his written decision approving the Emergency Manager's recommendation to seek protection under the bankruptcy laws. Pursuant thereto, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's Chapter 9 case consistent with the Governor's authorization.

The City is insolvent within the meaning of Section 101(32)(C) of the Bankruptcy Code. The City therefore meets the eligibility requirement of Section 109(c)(3) of the Bankruptcy Code.

The City desires to effect a plan of adjustment under Section 109(c)(4) of the Bankruptcy Code.

The City is unable to negotiate (or further negotiate) with its creditors because such negotiation is impracticable. The City has nevertheless negotiated in good faith with creditors who are represented and organized, but has failed to obtain the agreement of creditors holding at least a majority in amount of the

claims of each class that the City intends to impair under a plan of adjustment in this Chapter 9 case.

## III.    STATEMENT OF OBJECTORS' CLAIMS

### A.    The Committee asserts the following claims:

1.    The City cannot meet the criteria for eligibility under Section 109(c)(5)(B) of the Bankruptcy Code, in that it did not put forth a plan of adjustment, and did not negotiate in good faith, both as required under that Section.

2.    The City cannot establish that negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code, in that the City failed to set forth a plan of adjustment, and did not negotiate in good faith with classes of creditors with whom negotiations were practicable, both as required under that Section.

3.    Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. §109(c)(2).

4.    The City cannot meet its burden under Section 921(c) of demonstrating that it filed its Chapter 9 petition in good faith, in that (a) the Emergency Manager commenced this proceeding for the purpose of using Chapter 9 as a vehicle to attempt to impair and violate rights relating to vested pensions that

4

are explicitly protected under Article IX, Section 24, of the Michigan Constitution (the "Pension Clause") and (b) in connection with its petition, the City made representations that were inaccurate, misleading and/or incomplete.

**B.      The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:**

1.      The City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. §109(c)(5)(B).

2.      Michigan Public Act 436 of 2012 violates the Michigan Constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. §109(c)(2).

3.      Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. §109(c)(2).

4.      Chapter 9 of the Bankruptcy Code violates the 10th Amendment of the United States Constitution, U.S. Const., Am. X, to the extent it can be read to authorize the City it impair the vested pension rights of City employees in violation of the Michigan Constitution.

5

5.     The city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

6.     The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**C.     The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA assert the following claims:**

1.     The City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

2.     The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

3.     Negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

4.     Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. §109(c)(2).

6

5.    The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**D.    UAW and the *Flowers* Plaintiffs assert the following claims:**

The UAW and the  Plaintiffs claim that the City of Detroit is not eligible for bankruptcy under Chapter 9 of the Bankruptcy Code for the reasons set forth in the Amended Joint Objection of International Union, UAW and the Flowers Plaintiffs to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 1170], the Objection of International Union, UAW to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 506] (to the extent such Objection is not superseded by DE 1170),the Objection of Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman to the Putative Debtor's Eligibility to be a Debtor [DE 504],and the Pre-Trial Brief of International Union, UAW and the Flowers Plaintiffs with Respect to the Eligibility of the City of Detroit, Michigan for an Order for Relief Under Chapter 9 of the Bankruptcy Code [filed October 17, 2013].

**E.** **The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, assert the following claims:**

1. Chapter 9 violates the United States Constitution and AFSCME's active and retired members have individual standing to assert that chapter 9 violates the Constitution.

2. The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) because (i) it is not authorized by Michigan State Law or the Michigan Constitution to be a Debtor under chapter 9, and (ii) the law purporting to authorize the City to file chapter 9 - PA 436 - is unconstitutional including, without limitation, because it violates the strong home rule provisions of the Michigan Constitution.

3. The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) of the Bankruptcy Code because (i) it failed to participate in any good faith negotiations with creditors such as AFSCME prior to the filing for bankruptcy, and (ii) such negotiations were not impracticable, as required for eligibility under chapter 9 of the Bankruptcy Code.

4. The City's Petition should be dismissed under 11 U.S.C. § 921(c) because it was filed in bad faith.

5. The City has failed to meet its burden of proving its insolvency as require under 11 U.S.C. § 109(c)(3).

**F. The Retired Detroit Police Members Association (RDPMA) assert, in addition to and including herein by reference, the claims raised in this order by the other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, assert the following claims:**

1. The City of Detroit is not eligible for relief under Chapter 9 pursuant to Section 109(c) of the Bankruptcy Code because it is not authorized under Michigan State Law and the Constitution of the State of Michigan to be a debtor under Chapter 9.

2. Public Act 436 was passed in derogation of the right of referendum set forth in Article II Section 9 of the Michigan Constitution and is therefore unconstitutional under Michigan Law.

3. Emergency Manager Kevyn Orr was not authorized by Public Act 436 to file the instant Chapter 9 proceeding on behalf of the City of Detroit.

4. RDPMA's Exhibit A is a true and correct copy of the March 2, 2012 1:35:25 PM Email from Jeffrey B. Ellman to Corinne Ball and copying Heather Lennox and Thomas Wilson.

5. RDPMA's Exhibit B is a true and correct copy of the March 3, 2012 4:00:44 PM Email from Heather Lennox to Andy Dillon and copying Corinne Ball, Hugh Sawyer, Jeffrey Ellman, Ken Buckfire, Kyle Herman, Laura

9

Marcero, Sanjay Marken, Brom Stibitz, Stuart Erickson, David Kates and Thomas Wilson.

6.      RDPMA's Exhibit C is a true and correct copy of the State of Michigan, Comprehensive Annual Financial Report, for the Fiscal Year Ended September 30, 2012.

7.      RDPMA's Exhibit D is a true and correct copy of the January 31, 2013 3:45:47 PM Email from Kevyn Orr to Corinne Ball and copying Stephen Brogan.

**G.      The Police and Fire Retirement System of the City of Detroit ("PRFS") and the General Retirement System of the City of Detroit ("GRS" and together with PFRS, the "Retirement Systems") assert the following claims.**

1.      The City is not specifically authorized to be a debtor under chapter 9 by State law or a by a governmental officer empowered by State law to authorize such entity to be a debtor under such chapter and cannot satisfy 11 U.S.C. § 109(c)(2).

2.      The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(B) because it did not engage in good faith negotiations with its creditors.

3.      The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(C) because it did not negotiate with its creditors and negotiations were not impracticable.

10

4.    The City's bankruptcy petition should be dismissed because the City did not file the petition in good faith as required by 11 U.S.C. § 921(c).

## IV.    STIPULATED FACTS

1.    The City of Detroit is a municipality for purposes of Section 109(c)(1) of the Bankruptcy Code.

2.    On March 15, 2013 the Local Emergency Financial Assistance Loan Board created by the Emergency Municipal Loan Act, MCL §§ 141.931-141.942, appointed Kevyn D. Orr to the position of "emergency financial manager" for the City of Detroit.

3.    Mr. Orr formally took office as Emergency Manager on March 25, 2013.

4.    A meeting took place in Detroit on June 14, 2013 between the Emergency Manager and the City's advisors, on the one hand, and numerous creditor representatives, on the other, relating to the City's creditor proposal. Representatives of all Objectors except the Retiree Committee, which had not yet formed, attended the meeting.

5.    City's Exhibit 42 is a true and correct copy of a list of persons and corporate affiliations who responded that they would attend the June 14, 2013 creditor meeting in Detroit and is admissible as proof of such responses, without

11

prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

6.     A meeting took place in Detroit on the morning of June 20, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health and pension obligations.  Representatives and advisors the General Retirement System ("GRS") also attended the meeting.

7.     A second, separate meeting took place in Detroit in the afternoon of June 20, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health and pension obligations.  Representatives and advisors from the PFRS also attended the meeting.

8.     City's Exhibit 45 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend at least one of the two June 20, 2013 creditor meeting in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

9.     City's Exhibit 46 is a true and correct copy of the sign-in sheet for the morning June 20, 2013 creditor meeting in Detroit and is admissible as proof of

such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

10. City's Exhibit 47 is a true and correct copy of the sign-in sheet for the afternoon June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

11. A meeting took place on June 25, 2013 between the City's advisors, on the one hand, and representatives and advisors from the City's six bond insurers and U.S. Bank, the trustee or paying agent on all of the City's bond issuances. Representatives from Objectors GRS and PFRS also attended the meeting.

12. City's Exhibit 50 is a true and correct copy of the sign-in sheet and typewritten transcription thereof for the June 25, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

13. Meetings took place in Detroit on July 9 and 10, 2013 with representatives from certain bond insurers and Objectors GRS and PFRS relating to follow-up due diligence on the City's financial condition and creditor proposal.

14. City's Exhibit 53 is a true and correct copy of a typewritten attendance sheet for the July 9 and 10, 2013 creditor meetings in Detroit and is

admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

15.     A meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters.  Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

16.     City's Exhibit 56 is a true and correct copy of the sign-in sheet for the first July 10, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

17.     A second, separate meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters.  Representatives and/or advisors from Objectors DFFA, DPLSA, DPCOA, DPOA, RDPFFA, and PFRS attended the meeting.

18.     City's Exhibit 57 is a true and correct copy of the sign-in sheet for the second July 10, 2013 creditor meeting in Detroit and is admissible as proof of such

attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

19.     A meeting took place on the morning of July 11, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters.  Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

20.     City's Exhibit 58 is a true and correct copy of the sign-in sheet for the morning July 11, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

21.     A second, separate meeting took place in the afternoon of July 11, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters.  Representatives and/or advisors from Objectors DFFA, DPLSA, DPOA, RDPFFA, and PFRS attended the meeting.

22.     City's Exhibit 59 is a true and correct copy of the sign-in sheet for the afternoon July 11, 2013 creditor meeting in Detroit and is admissible as proof of

such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

23. City's Exhibit 55 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend one or more of the July 10 and 11, 2013 creditor meetings in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

24. City's Exhibit 35 is a true and correct copy of a non-exclusive log of creditor meetings or communications between the City and various creditors or creditor representatives and is admissible as evidence that such meetings or communications took place between the individuals or entities reflected thereon. This stipulation is without prejudice to the City's right to offer evidence that additional persons attended such meetings or that additional meetings took place, and is without prejudice to any individual Objectors' right to offer evidence as to its actual participation or attendance.

25. On July 16, 2013, the Emergency Manager sent a letter to the Governor, recommending a Chapter 9 proceeding pursuant to Section 18(1) of PA 436.

16

26.     On July 18, 2013, the Governor sent a reply letter to the Emergency Manager authorizing the City to file it voluntary petition for protection under Chapter 9 of title 11 of the United States Code.

27.     The City filed its voluntary petition for protection under Chapter 9 on July 18, 2013.

28.     On August 2, 2013, the City held a meeting with local union representatives respecting active employee health insurance.

29.     On September 13, 2013 the City filed the City of Detroit, Michigan's Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit Michigan [Docket No. 849], in which the City "[a]dmit[s] that the City intends to seek to diminish or impair the Accrued Financial Benefits of the participants in the Retirement Systems through this Chapter 9 Case."

30.     The representatives of the DFFA, DPOA, DPLSA and DPCOA, respectively, have authority to negotiate wages and benefits for the active employee members of the respective Detroit Public Safety Unions.

31.     Each of the respective Detroit Public Safety Unions represents the active employees of each of the DFFA, DPOA, DPLSA and DPCOA.

## V.  ISSUES OF FACT AND LAW TO BE LITIGATED

### A.  City's Position

The City identifies the following issues of fact and law to be litigated:

1.  Whether the City was generally not paying its debts as they become due.

    a.  City's authority

        (1)  11 U.S.C. § 109(c)(3).

        (2)  11 U.S.C. § 101(32)(C)(i).

        (3)  *In re New York City Off-Track Betting Corp.*, 427 B.R. 256, 272 (Bankr. S.D.N.Y. 2010) (finding deferral of current payments evidence of debtor's insolvency).

2.  Whether the City was unable to pay its debts as they become due.

    a.  City's authority

        (1)  11 U.S.C. § 109(c)(3).

        (2)  11 U.S.C. § 101(32)(C)(ii).

        (3)  *In re City of Stockton*, 493 B.R. 772, 788-90 (Bankr. E.D. Cal. 2013) (test for cash insolvency is prospective; demonstration of cash insolvency within current or succeeding fiscal year satisfies cash flow test; concepts of "budget insolvency" and "service delivery insolvency" inform inquiry into "cash insolvency").

        (4)  *In re City of Bridgeport*, 129 B.R. 332, 336-38 (Bankr. D. Conn. 1991) (test for municipal insolvency set forth at 11 U.S.C. § 101(32)(C)(ii)

is a "cash flow" test; "[T]o be found insolvent a city must prove that it will be unable to pay its debts as they become due in its current fiscal year or, based on an adopted budget, in its next fiscal year.").

(5) *Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo)*, 408 B.R. 280, 293-94 (B.A.P. 9th Cir. 2009) (a municipality need not pursue all possible means of generating and conserving cash prior to seeking chapter 9 relief; affirming finding of insolvency where raiding city's other funds to satisfy short term cash needs "would leave Vallejo more debilitated tomorrow than it is today"; finding city insolvent where further funding reductions would threaten its ability to provide for the basic health and safety of its citizens).

(6) *New York City Off-Track Betting Corp.*, 427 B.R. at 282 ("Even assuming [the debtor] could have theoretically done more to avoid bankruptcy, courts do not require chapter 9 debtors to exhaust every possible option before filing for chapter 9 protection.").

3. Whether the City desires to effect a plan to adjust its debts.

   a. City's authority

   (1) 11 U.S.C. § 109(c)(4).

   (2) *New York City Off-Track Betting Corp.*, 427 B.R. at 272 ("no bright-line test for determining whether a debtor desires to effect a plan" exists because of the "highly subjective nature of the inquiry").

   (3) *City of Vallejo*, 408 B.R. at 294-95 (A putative debtor need only show that the "purpose of the filing of the chapter 9 petition [is] not simply … to

19

buy time or evade creditors"; a municipality may meet the subjective eligibility requirement of section 109(c)(4) by attempting to resolve claims, submitting a draft plan or producing other direct or circumstantial evidence customarily submitted to show intent).

(4) *City of Stockton*, 493 B.R. at 791-92 (fact that a city would be left in worse financial condition as a result of the decision not to attempt to adjust its debts through the chapter 9 process is persuasive evidence of the municipality's honest desire to effect such an adjustment of debt).

4. Whether the City was unable to negotiate with its creditors prior to the filing of its chapter 9 petition because such negotiation was impracticable.

    a. City's authority

(1) 11 U.S.C. § 109(c)(5)(C).

(2) *New York City Off-Track Betting Corp.*, 427 B.R. at 276-77 ("Congress added [11 U.S.C. § 109(c)(5)(C)] to satisfy section 109's negotiation requirement in response to possible large municipality bankruptcy cases that could involve vast numbers of creditors."; "[I]mpracticability of negotiations is a fact-sensitive inquiry that depends upon the circumstances of the case.") (quotation omitted).

(3) *In re Cnty. of Orange*, 183 B.R. 594, 607 n.3 (Bankr. C.D. Cal. 1995) ("Section 109(c)(5)(C) was necessary because it was otherwise impossible for a large municipality, such as New York, to identify all creditors, form the proper committees, and obtain the necessary consent in a short period of time.").

20

(4)    *City of Vallejo*, 408 B.R. at 298 ("Petitioners may demonstrate impracticability by the sheer number of their creditors …."; finding that section 109(c)(5)(C) is satisfied where negotiation with any significant creditor constituency is impracticable).

(5)    *City of Stockton*, 493 B.R. at 794 (finding that the inability of a municipal debtor to negotiate with a natural representative of a numerous and far-flung creditor class (with the power to bind such class) may satisfy the "impracticability" requirement; refusal of creditors to negotiate establishes independent grounds for a finding of impracticability).

(6)    *In re Valley Health Sys.*, 383 B.R. 156, 163 (Bankr. C.D. Cal. 2008) ("Negotiations may also be impracticable when a municipality must act to preserve its assets and a delay in filing to negotiate with creditors risks a significant loss of those assets.").

5.    Whether the City negotiated in good faith with creditors holding at least a majority in amount of the claims of each class that the City intends to impair pursuant to a plan of adjustment.

a.    City's authority

(1)    11 U.S.C. § 109(c)(5)(B).

(2)    *In re Vills. at Castle Rock Metro. Dist. No. 4*, 145 B.R. 76, 84-85 (Bankr. D. Colo. 1990) (a municipality need not negotiate with every creditor within a given class; negotiations with large or prominent blocs of creditors will suffice to render a city eligible for chapter 9 relief; municipality satisfied requirement of negotiating with creditors by consulting with large institutional bondholders,

21

even though all series of bonds were not invited to participate in negotiations).

    (3)    *New York City Off-Track Betting Corp.*, 427 B.R. at 274-75 (finding that debtor had satisfied section 109(c)(5)(B) of the Bankruptcy Code where it had "engaged in negotiations with creditors regarding the possible terms of a reorganization plan prior to filing"; stating that "talks need not involve a formal plan to satisfy section 109(c)(5)(B)'s negotiation requirement.").

    (4)    *City of Vallejo*, 408 B.R. at 297 (noting that section 109(c)(5)(B) is satisfied where the debtor conducts "negotiations with creditors revolving around a proposed plan, at least in concept…. [that] designates classes of creditors and their treatment….").

6.    Whether the City's petition was filed in good faith within the meaning of section 921(c) of the Bankruptcy Code.

    a.    City's authority

    (1)    11 U.S.C. § 921(c).

    (2)    *City of Stockton*, 493 B.R. at 794 (good faith "is assessed on a case-by-case basis in light of all the facts, which must be balanced against the broad remedial purpose of chapter 9"; "[r]elevant considerations in the comprehensive analysis for § 921 good faith include whether the City's financial problems are of a nature contemplated by chapter 9, whether the reasons for filing are consistent with chapter 9, the extent of the City's prepetition efforts to address the issues, the extent that alternatives to chapter 9 were considered, and whether the City's residents would be prejudiced by denying chapter 9 relief.").

22

(3) *Cnty. of Orange*, 183 B.R. at 608 (Bankr. C.D. Cal. 1995) ("[T]he purpose of the filing must be to achieve objectives within the legitimate scope of the bankruptcy laws;" applying chapter 11 case law and finding the debtor's financial condition and motives, local financial realities and whether the debtor was seeking to "unreasonably deter and harass its creditors or attempting to effect a speedy, efficient reorganization on a feasible basis" as relevant factors in the good faith analysis).

(4) *In re McCurtain Municipal Auth.*, No. 07-80363, 2007 WL 4287604, at *5 (Bankr. E.D. Okla. Dec. 4, 2007) (holding that the existence of a factor precipitating a chapter 9 filing does not require a finding that the debtor's filing was made in bad faith when other reasons for filing bankruptcy are present).

**B.    Objectors' position**

B-1.   The Committee identifies the following issues of fact and law to be litigated:

1.    Whether the City can meet the criteria for eligibility under

Section 109(c)(5)(B) of the Bankruptcy Code and, in particular:

      a.    whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(B); and

      b.    whether the City negotiated in good faith as is required under Section 109(c)(5)(B).

2.    Whether the City can establish that good faith negotiations were

impracticable under Section 109(c)(5)(C) of the Bankruptcy Code and, in

particular:

23

<ol type="a">
<li>whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(C); and</li>
<li>whether the City negotiated in good faith with classes of creditors with whom negotiations were practicable, as is as required under Section 109(c)(5)(C).</li>
</ol>

3. Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

4. Whether the City can meet its burden under 11. U.S.C. § 921(c) of demonstrating that it filed its Chapter 9 petition in good faith and, in particular:

<ol type="a">
<li>whether the City's Emergency Manager filed this Chapter 9 proceeding for the purpose of attempting to use Chapter 9 as a vehicle to impair and violate rights related to vested pensions that are expressly protected from such impairment and violation under the Pension Clause of the Michigan Constitution; and</li>
<li>whether the City, in connection with filing its Chapter 9 petition, made representations that were false, misleading and or incomplete statements, particularly as regards the magnitude of the City's unfunded pension liability, the cash flow available to meet such liability and the availability of substantial additional cash from assets owned by the City that are capable of being monetized.</li>
</ol>

B-2. The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the

24

Detroit Police Command Officers Association (the "DPCOA") assert the following claims:

1.       Whether the City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. §109(c)(5)(B).

2.       Whether Michigan Public Act 436 of 2012 violates the Michigan Constitution, Art. IX, Sec. 24, and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. §109(c)(2).

3.       Whether there was valid authorization for the filing of the chapter 9 petition as required by 11 U.S.C. §109(c)(2), because the Governor's authorization did not prohibit the impairment of the pension rights of the City's employees and retirees, and therefore was not valid under the Michigan Constitution, Art. IX, Sec. 24 (the "Pension Clause").

4.       Whether chapter 9 of the Bankruptcy Code violates the Tenth Amendment, U.S. Const., Am. X, to the extent it allows the City to use the Bankruptcy Code to impair the vested pension rights of City employees and retirees in direct violation of the Pension Clause.

5.       Whether the city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

6. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-3. The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA identify the following issues of fact and law to be litigated:

1. Whether the City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

2. Whether City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

3. Whether negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

4. Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

5. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-4.  The UAW and the Flowers Plaintiffs identify the following factual and legal issues to be litigated:[1]

1.      Whether the City has met the eligibility requirement of Section 109(c)(4) of the Bankruptcy Code that a municipality "desires to effect a plan to adjust such debts" where the City's proposed plan is a plan that cannot be lawfully implemented under state law as required by Section 943(b)(4) and (6) of the Bankruptcy Code.

2.      Whether the City failed to negotiate with the UAW in good faith, as required by 11 U.S.C. §109(c)(5)(B).

3.      Whether the City was unable to negotiate with creditors because such negotiation was impracticable as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

4.      Whether the City was authorized to be a debtor under Chapter 9 as required by 11 U.S.C. Section 109(c)(2), as follows: whether the Governor's authorization was valid under State law, where (a) the City and the Governor manifested an intent to proceed in Chapter 9 in order to reduce the accrued pension rights of the City's employees and retirees, and the accrued pension rights of employees and retirees of the Detroit Public Library; (b) the City and the Governor

---

[1] The issues set forth herein are the UAW's and the Flowers Plaintiffs' principal legal and factual issues to be presented at, or in connection with, the eligibility trial.  UAW reserves all of the issues set forth in its Amended Objection which (a) are not listed herein but which may depend upon the resolution of its principal issues set forth above or (b) have been asserted and argued principally by other parties, such as whether the decision in Webster must be applied by the bankruptcy court.

did so proceed based on such intent of the City and the Governor, which in whole or in part motivated the Governor's authorization for the City's Chapter 9 filing and the City's filing itself; (c) the Governor's authorization did not prohibit the diminishment or impairment of the pension rights of such persons as a condition of authorizing the Chapter 9 filing; (d) neither the Governor nor the state Legislature had authority to act in derogation of Article 9, Section 24 of the Michigan Constitution; and (e) for any and all of the foregoing reasons, the Governor's authorization for the Chapter 9 filing, and the City's filing itself were and are contrary to the Michigan Constitution, Art. 9, Sec. 24.

5.     Whether the City's bankruptcy petition was filed in bad faith under 11 U.S.C. §921(c).

6.     Whether, under the U.S. Constitution, Chapter 9 is constitutional as applied to the City's petition where the City does not comply with Article 9, Section 24 of the Michigan Constitution.

B-5.   The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, identifies the following issues of fact and law to be litigated:

1.     Whether the City failed to negotiate in good faith with creditors as required by 11 U.S.C. § 109(c)(5), including, without limitation:

a. Whether the City engaged only in "discussions," which it emphasized were not negotiations.

b. Whether the City's June 14, 2013 Restructuring Plan was not open to negotiations, which falls short of the requirements of section 109(c)(5)(B).

c. Whether the City refused AFSCME's offers to negotiate.

d. Whether the City refused AFSCME's requests for adequate backup data used to generate the City's financial assumptions, which would have been necessary information for any "negotiations."

e. Whether the City's refusal to negotiate with AFSCME continued post-filing.

f. Whether assuming, *arguendo*, that any negotiations took place, such negotiations did not relate to a plan that was in the best interests of creditors as required by section 109(c)(5)(B).

2. Whether the City can meet its burden of proving that it was "unable to negotiate with creditors because such negotiation is impracticable," as required for eligibility by 11 U.S.C. § 109(c)(5)(C), and including, without limitation:

a. Whether the circumstances surrounding the City's hiring of the EM, an experienced bankruptcy counsel demonstrate that the City never had any intention of negotiating outside of bankruptcy.

b. Whether negotiations with the City's main creditors, the unions, its retirees, and the bond trustees, were practicable.

c. Whether the City cannot demonstrate impracticability where the City failed to negotiate with its largest

creditors, especially where those creditors have, like AFSCME, sought negotiations.

3.  Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c), including, without limitation:

> a.  Whether the State authorized (without contingencies) and the City commenced its filing to avoid a bad state court ruling in the Webster litigation, and declined to take action to cease the filing in violation of the Declaratory Judgment issued in that litigation.
>
> b.  Whether the City never intended to negotiate (in good faith or otherwise) and failed to consider reasonable alternatives to chapter 9.

4.  Whether the City is "insolvent," as defined in 11 U.S.C. § 101(32)(C)) and as required for eligibility by 11 U.S.C. § 109(c)(3), including, without limitation:

> a.  Whether the City has failed to prove its insolvency by expert evidence, by expert testimony, or by anything other than unproven assumptions (including assumptions regarding the unfunded amount of the City's pension and other retiree benefits).
>
> b.  Whether the City failed to explore options to enable it to pay debts, such as taking into account un-monetized assets and possible funding sources not included in the City's financial projections.
>
> c.  Whether the City's current financial difficulties are less severe than in prior years, and the City already had means to enhance revenues prior to the filing including the deal reached with the swap counterparties.

30

5.    Whether the Governor's authorization to the EM to file for

chapter 9 under Section 11 of PA 436 was improper, including, without limitation,

because it was invalid, unconstitutional, failed to contain contingencies (such as

not using the bankruptcy proceedings to diminish vested pension benefits), and/or

failed to require that any plan of adjustment not violate Article IX Section 24 of the

Michigan Constitution.

        a.    Whether the EM's exercise of authority under PA 436
             violated the strong home rule provisions of the Michigan
             Constitution.

B-6.  The Retired Detroit Police Members Association ("RDPMA") assert, in

addition to and including herein by reference, the claims raised in this order by the

other objectors, the claims set forth in pleadings, raised in oral argument and

adduced through evidence presented at trial, identifies the following issues of fact

and law to be litigated:

1.    Whether Public Act 436 violates the Michigan Constitution,

Article II, Section 9.

        a.    Whether the spending provisions found in Sections 34
             and 35 of Public Act 436 were included as an artifice to
             avoid the referendum provisions in Art. II, Sec. 9 of the
             Michigan Constitution.

        b.    Whether any provisions of Public Act 436 should be
             stricken on the grounds that such provisions were not
             approved by a majority of the electors of the State of
             Michigan in a general election.

2.    Whether the City of Detroit acted in bad faith when it filed its Chapter 9 Petition having knowledge that Public Act 436 was passed in derogation of the Michigan Constitutional referendum requirement.

3.    Whether Emergency Manager Kevyn Orr was properly appointed under Public Act 436.

B-7.   The Retirement Systems identify the following issues of fact and law to be litigated:

1.    Whether the City was validly authorized under State law by a governmental officer empowered by State law to authorize it to be a debtor when the Governor's authorization was in violation of Article IX, section 24 of the Michigan Constitution, because the authorization did not prohibit the City from diminishing or impairing accrued financial benefits.

2.    Whether the City failed to negotiate in good faith prepetition with the Retirement Systems (and possibly other creditors), when all meetings with the Retirement Systems (and possibly other creditors) were presentations to an audience of multiple parties at which no bilateral negotiations occurred.

3.    Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(B).

4.    Whether negotiations with the Retirement Systems and the City's other creditors were impracticable.

32

5. Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(C).

6. Whether the City can meet its burden of proof under 11 U.S.C. § 921(c) and demonstrate that it filed the bankruptcy petition in good faith when:

    a. The City filed the case with the intention to diminish and impair accrued financial benefits in violation of Article IX, section 24 of the Michigan Constitution;

    b. The Emergency Manager repeatedly threatened to file a bankruptcy immediately in the weeks before the filing, thus otherwise creating an environment of impracticability;

    c. As of the petition date, the Emergency Manager and the City did not have a clear picture of the City's assets, income, cash flow, and liabilities;

    d. The City did not even consider a restructuring scenario that did not impair accrued financial benefits; and

    e. Whether the City can demonstrate that it negotiated in good faith under section 109(c)(5) and the case law construing it where the City has admitted it does not have (and therefore did not negotiate) a formulated plan of adjustment.

## VI. EVIDENTIARY PROBLEMS LIKELY TO ARISE AT TRIAL

### A. City's Position

The City believes that evidentiary disputed likely to arise at trial can be addressed at the pre-trial conference.

### B. Objectors' Position

Objectors concur.

## VII. WITNESSES

### A. City's Witnesses

The City will call the following individuals as part of its case in chief or on rebuttal:

1. Kevyn D. Orr

2. Kenneth A. Buckfire

3. Gaurav Malhotra

4. Charles M. Moore

5. James E. Craig

The City may call the following individuals as part of its case in chief or on rebuttal:

1. Glenn Bowen

2. Kyle Herman, Director at Miller Buckfire (only as needed to sponsor City exhibits 99-101)

3. Custodial Witnesses. The City Objectors have been conferring as to the authenticity and admissibility of certain exhibits which would otherwise require the appearance in court of a custodial witness. The City reserves the right to call such witnesses if appropriate stipulations are not reached.

The City will call the following witnesses to testify, by deposition, as follows:

1. Richard Baird, October 10, 2013

    58:10-12
    58:16-19

34

59:25-60:14
100:13-101:6

4.       Treasurer Andrew Dillon, October 10, 2013

34:6-35:10
63:17-20
64:2-5
65:4-24
65:14-6:6
66:19-68:18
68:23-69:22
74:13-77:6
98:13-99:3

5.       Governor Richard D. Snyder, October 9, 2013

19:17-21:7
32:14-33:14
46:7-9
46:20-23
51:17-53:16
53:24-55:8
56:9-25
57:23-58:3
65:21-66:1
67:9-14
77:15-78:13
81:21-82:18
82:25-83:8
86:5-25
89:1-8
92:23-93:5
104:14-16
104:22-105:16
104:25-106:17
110:7-12
115:3-8
115:20-116:12
117:3-13

35

118:3-7
118:12-119:24
122:21-123:22
129:14-130:5
131:10-133:9
134:18-22
142:19-143:4
143:13-18

The City counter designates the following testimony in response to all of

Objectors' deposition designations:

1.    Lamont Satchel, September 19, 2013

        11:11-14:13
        46:12-47:21
        47:12-48:21
        48:23-49:6
        49:22-50:6
        54:11-55:20
        58:17-59:15
        60:18-61:21
        61:2-63:5
        62:16-25
        65:7-66:9
        68:1-74:24
        70:5-71:4
        71:17-72:2
        79:2-81:16
        82:9-84:22
        86:12-87:2
        88:13-19
        88:14-89:18
        89:25-90:1
        90:4-91:12

2.    Glen Bowen, September 24, 2013

36

12:7-9
18:9-20
19:12-20
19:21-21:15
22:14-23:5
23:12-21
24:17-22
28:10-29:1
29:2-30:14
33:15-34:7
34:8-21
35:12-36:4
36:10-12
40:3-41:12
44:11-13
43:15-44:8
60:13-61:10
63:21-64:5
66:15-67:22
68:17-71:3
81:20-83:10
91:18-92:13
93:4-14
93:15-94:2
98:13-99:3
99:9-17
100:18-22
111:20-112:22
129:14-22
130:8-132:11
133:10-134:18
141:9-17
142:8-10
142:13-19
143:1-6
143:8-19
146:8-19
147:2-148:15
148:19-22
149:2-3

149:6-8
150:5-15
174:11-176:21
177:3-11
177:18-178:3
177:4-16
183:17-185:11
192:8-193:11
194:4-12
194:13-195:10
198:5-7
198:17-19
203:20-204:9
204:11-14
204:16-19
205:7-206:11

3.    David Bing, October 14, 2013

10:5-10:21
14:22-16:16
18:10-19:4
20:25-21:4
36:10-37:12
58:12-58:16
64:24-65:5
75:12-75:21
101:14-103:11
108:10-108:25
109:6-109:8

The City has not counterdesignated deposition testimony in response to any

Objectors' designations from witnesses on the City's will-call witness list because

the City will call those witnesses to testify in person at trial.  The City nevertheless

reserves its rights to offer appropriate counterdesignations in the event that any

witness on its will-call list becomes unavailable to testify under Federal Rule of Evidence 804(a).

The City reserves its rights to offer appropriate counterdesignations in response to deposition designations offered by any Objector without reasonable notice to the City prior to the submission of this Joint Final Pre-trial Order.

Given the short time frame within which the City was required to assert objections to Objectors' documents, the City reserves its rights to provide supplemental objections should it need to do so. Similarly, should the same document appear more than once in Objectors' collective exhibit lists, an objection by the City to any one instance of the exhibit applies to all such copies, even if no objection was indicated for the other copies.

The City objects to the following deposition testimony offered by Objectors, other than form of the question.

<u>Kevyn Orr - 9/16/13 & 10/4/2013</u>

RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S

| <u>Designations</u> | <u>Objections</u> |
|---|---|
| p. 43 L18 – p. 46, L. 6 | Hearsay; Form; Speculation |

OFFICIAL COMMITTEE OF RETIREES' CONSOLIDATED DESIGNATIONS

| <u>Designations</u> | <u>Objections</u> |
|---|---|
| p. 10, L. 23 - p. 11, L. 14 | Speculation; Hearsay |
| p. 12, L. 1 - p. 13, L. 25 | Form; |

39

| | |
|---|---|
| p. 14, L. 14 - p. 15, L. 17 | |
| p. 17, L. 7 - p. 19, L. 19 | Speculation; Hearsay |
| p. 20, L. 19 - 25 | Hearsay; |
| p. 21, L. 3 - 6 | |
| p. 21, L. 21 - 24 | Hearsay; Speculation; Form |
| p. 23, L. 13 - 19 | Speculation; |
| p. 23, L. 24 - 25 | Hearsay; |
| p. 24, L. 4 - p. 25, L. 22 | Form; Hearsay |
| p. 26, L. 20 - 25 | Hearsay; |
| p. 29, L. 6 - p. 31, L. 5 | Hearsay; |
| p. 32, L. 14 - 23 | Hearsay; |
| p. 33, L. 5 - 13 | Hearsay; |
| p. 38, L. 11 - p. 41, L. 17 | Form; Speculation; Hearsay |
| p. 43, L. 15 - p. 45, L. 19 | Hearsay; Form; Speculation |
| p. 46, L. 7 - p. 47, L. 18 | Hearsay; Speculation; Calls for legal conclusion; |
| p. 48, L. 1 - p. 49, L. 8 | Calls for legal conclusion; Speculation; Hearsay |
| p. 50, L. 23 - p. 53, L. 7 | Hearsay; Calls for legal conclusion; Form |
| p. 53, L. 16 - 24 | Calls for legal conclusion; Form |
| p. 54, L. 2 - 5 | Hearsay; |
| p. 54, L. 13 - 19 | Form; Calls for legal conclusion; |
| p. 54, L. 22 - p. 55, L. 5 | Calls for legal conclusion; |
| p. 55, L. 8 - 17 | Calls for legal conclusion; |
| p. 55, L. 20 - p. 56, L. 19 | Calls for legal conclusion; Form |
| p. 56, L. 21 | Form; |
| p. 57, L. 11 - p. 60, L. 13 | Hearsay; Speculation; Form; |
| p. 61, L. 17 - p. 62, L. 24 | Hearsay; |
| p. 63, L. 25 - p. 64, L. 11 | Hearsay; |
| p. 65, L. 15 - p. 66, L. 1 | |
| p. 69, L. 3 - p. 71, L. 2 | Hearsay; Speculation |
| p. 71, L. 6 - 8 | |
| p. 71, L. 17 - p. 78, L. 5 | Calls for legal conclusion; Form; |
| p. 78, L. 21 | |
| p. 79, L. 2 - 6 | |

| | |
|---|---|
| p. 79, L. 16 - p. 80, L. 8 | Speculation; Calls for legal conclusion; |
| p. 80, L. 25 - p. 82, L. 23 | Hearsay; Form; |
| p. 82, L. 25 - p. 83, L. 3 | Form; |
| p. 83, L. 16 - p. 84, L. 2 | Form; |
| p. 84, L. 13 - 16 | Form; |
| p. 84, L. 18 - 24 | |
| p. 85, L. 19 - p. 86, L. 1 | Form; |
| p. 86, L. 16 - p. 95, L. 1 | Form; Calls for legal conclusion; Hearsay |
| p. 96, L. 25 - p. 108, L. 7 | Hearsay; Calls for legal conclusions; Form; Foundation; Relevance |
| p. 110, L. 12 - p. 119, L. 10 | Speculation; Form; Hearsay; |
| p. 119, L. 20 - p. 120, L. 16 | Form; |
| p. 120, L. 19 - p. 121, L. 12 | Hearsay; |
| p. 122, L. 7 - p. 123, L. 14 | |
| p. 123, L. 17 - p. 125, L. 10 | Hearsay; |
| p. 125, L. 24 - p. 127, L. 4 | Form |
| p. 127, L. 24 - p. 130, L. 23 | Hearsay; Form; Foundation; |
| p. 132, L. 12 - p. 133, L. 25 | Form; Hearsay; |
| p. 134, L. 3 - p. 135 L. 4 | Hearsay; |
| p. 136, L. 18 - p. 137, L. 1 | |
| p. 137, L. 12 - p. 144, L. 23 | Form; Hearsay; Speculation; Foundation; |
| p. 145, L. 25 - p. 146, L. 10 | Hearsay |
| p. 147, L. 19 – 25 | |
| p. 148, L. 16 - p. 153, L. 8 | Form; Hearsay; |
| p. 166, L. 12 – 24 | |
| p. 168, L. 5 - p. 172, L. 4 | Speculation; Form; Hearsay |
| p. 172, L. 19 - p. 176, L. 20 | Speculation; Hearsay |
| p. 177, L. 21 - p. 178, L. 1 | |
| p. 179, L. 2 - p. 185, L. 23 | Form; Hearsay; |
| p. 187, L. 3 - p. 190, L. 12 | Speculation; |
| p. 192, L. 2 – 8 | |
| p. 215, L. 13 – 24 | |
| p. 247, L. 1 – 7 | |
| p. 248, L. 15 - p. 249, L. 5 | Form; |

| | |
|---|---|
| p. 251, L. 16 – 18 | Hearsay |
| p. 252, L. 4 – 5 | |
| p. 252, L. 12 - p. 253, L. 6 | Hearsay; |
| p. 260, L. 8 – 21 | |
| p. 261, L. 21 - p. 262, L. 4 | Form; |
| p. 262, L. 13 – 23 | |
| p. 266, L. 18 – 25 | Hearsay; |
| p. 267, L. 11 - p. 268, L. 1 | Hearsay; |
| p. 270, L. 25 - p. 272, L. 6 | Form; |
| p. 272, L. 20 - p. 273, L. 13 | Form; |
| p. 273, L. 24 - p. 276, L. 8 | Foundation; Hearsay; Speculation |
| p. 277, L. 19 - p. 279, L. 6 | Speculation; |
| p. 279, L. 23 - p. 280, L. 4 | |
| p. 280, L. 17 – 19 | |
| p. 280, L. 23 – 25 | |
| p. 288, L. 10 - p. 289, L. 6 | Form; |
| p. 302, L. 9 - p. 303, L. 7 | Form; |

MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' DESIGNATIONS

| Designations | Objections |
|---|---|
| p. 18, L. 12 - p. 21, L. 20 | Speculation; Hearsay |
| p. 21, L. 3-6 | |
| p. 24, L. 24 – 25 | |
| p. 31, L. 5 | Hearsay; |
| p. 137, L. 25 – p. 138, L. 8 | Form; Hearsay; Speculation; Calls for legal conclusion; |
| p. 220, L. 19  - p. 221, L. 10 | |
| p. 237, L. 15 – p. 237, L. 5 | |
| p. 252, L. 25 – p. 253, L. 16 | Hearsay; |
| p. 288, L. 2- 9 | Form; |
| p. 301, L. 19 – p. 302, L. 8 | Hearsay; |
| p. 377, L. 1 – p. 380, L. 13 | Form; Speculation; |

UAW'S AND *FLOWERS* DESIGNATIONS

| Designations | Objections |
|---|---|
| p. 17, L. 15-18 | |
| p. 25, L. 23 – p. 26, L. 18 | Hearsay; |
| p. 29, L. 6 – 12 | Hearsay; |
| p. 40, L. 1 – L. 14 | Form; Speculation; |
| p. 69, L. 16 – p. 70, L. 2 | Speculation |
| p. 74, L. 6 – 9 | Speculation; |
| p. 81, L. 22 – p. 82, L. 11 | Hearsay; Form; |
| p. 84, L. 13 – p. 86, L. 1 | Form; |
| p. 94, L. 8 – 17 | Form; |
| p. 95, L. 10 – p. 96, L. 6 | Form; Hearsay; |
| p. 99, L. 6 – 15 | Calls for legal conclusions; Form; Foundation; |
| p. 103, L. 20 -23 | Hearsay; Form; |
| p. 104, L. 5-7 | |
| p. 105, L. 18 – p. 108, L. 7 | Hearsay; Form; |
| p. 110, L. 20 – p. 111, L. 5 | Speculation; Form; Hearsay; |
| p. 113, L. 13 – 22 | Form; Hearsay; |
| p. 124, L. 10 – p. 125, L. 3 | Hearsay |
| p. 128, L. 9 – 11 | Speculation; |
| p. 129, L. 14 – 18 | |
| p. 136, L. 18 – p. 137, L. 1 | Form; |
| p. 155, L . 1 – p. 156, L. 22 | Form; Hearsay |
| p. 155, L. 16 – p. 156, L. 22 | Form; Hearsay |
| p. 163, L. 8-17 | Speculation; |
| p. 164, L. 16-25 | Speculation; |
| p. 168, L. 5 – p. 170, L. 9 | Speculation; Form; Hearsay |
| p. 173, L. 21-23 | |
| p. 182, L .9 – 21 | Form; Speculation; |
| p. 183, L. 23- p. 184, L. 2 | Speculation |
| p. 185, L. 10-23 | Speculation |
| p. 189, L. 14-16 | Form; |
| p. 220, L. 19 – p. 221, L. 10 | |

43

| | |
|---|---|
| p. 222, L. 13 – p. 223, L. 21 | Form; |
| p. 225, L. 16 – p. 226, L. 5 | Form; Hearsay |
| p. 239, L. 7 – 15 | |
| p. 246, L. 12 – p. 247, L. 7 | |
| p. 252, L. 16 – p. 253, L. 6 | Hearsay; |
| p. 257, L. 17 – 20 | |
| p. 260, L. 8 – 21 | |
| p. 261, L. 21 – p. 262, L. 4 | Form; |
| p. 262, L. 16 – 23 | Form; Speculation; |
| p. 263, L. 22 – p. 264, L. 19 | Form; Hearsay; Speculation; |
| p. 267, L. 11 – p. 268, L. 1 | Hearsay; |
| p. 273, L. 6 -17 | Form; Foundation; |
| p. 361, L. 7-20 | |
| p. 374, L. 9 – p. 375, L. 7 | Speculation; Hearsay |
| p. 376, L. 12-21 | Speculation; Hearsay |
| p. 379, L. 21 – p. 380, L .20 | Form; Speculation; |
| p. 383, L. 3 – L. 6 | |
| p. 385, L. 1-7 | Form; |
| p. 408, L. 6 – p. 419, L. 7 | Foundation; Hearsay; Form |
| p. 422, L. 17 – p. 423, L. 7 | |
| p. 427, L. 11 – p. 428, L. 11 | Hearsay; Form; |
| p. 429, L. 16 – 21 | Speculation; Form |
| p. 446, L. 1 – p. 447, L. 10 | Hearsay; Form; |
| p. 478, L. 7 – p. 479, L. 1 | Form; Hearsay |
| p. 479, L. 13 – p. 479, L. 21 | Form; |

RETIREMENT SYSTEMS' CONSOLIDATED OBJECTIONS

| Designations | Objections |
|---|---|
| p. 10, L. 23 – p. 11, L. 14 | Speculation; Hearsay |
| p. 10, L 17–22 | Speculation; |
| p. 12, L. 1 – p. 13, L. 25 | Form; |
| p. 14, L. 14 – p. 15, L. 17 | |
| p. 17, L. 7 – p. 19, L. 19 | Speculation; Hearsay |
| p. 20, L. 19 – 25 | Hearsay; |

44

| | |
|---|---|
| p. 21, L. 3 – 20 | Hearsay; |
| p. 21, L. 21 – 24 | |
| p. 23, L. 13 – 19 | Speculation; |
| p. 23, L. 24 – 25 | Hearsay; |
| p. 24, L. 4 – p. 25, L. 22 | Form; Hearsay |
| p. 26, L. 20 – 25 | Hearsay; |
| p. 29, L. 6 – p. 32, L. 4 | Hearsay; |
| p. 32, L. 14 – 23 | Hearsay; |
| p. 33, L. 5 – 13 | Hearsay; |
| p. 38, L. 11 – p. 41, L. 17 | Form; Speculation; Hearsay |
| p. 43, L. 15 - p. 45, L. 19 | Hearsay; Form; Speculation |
| p. 46, L. 7 - p. 47, L. 18 | Hearsay; Speculation; Calls for legal conclusion; |
| p. 48, L. 1 - p. 49, L. 8 | Calls for legal conclusion; Speculation; Hearsay |
| p. 50, L. 23 - p. 53, L. 7 | Hearsay; Calls for legal conclusion; Form |
| p. 53, L. 16 – 24 | Calls for legal conclusion; Form |
| p. 54, L. 2 – 5 | Hearsay; |
| p. 54, L. 13 – 19 | Form; Calls for legal conclusion; |
| p. 54, L. 22 - p. 55, L. 5 | Calls for legal conclusion; |
| p. 55, L. 8 – 17 | Calls for legal conclusion; |
| p. 55, L. 20 - p. 56, L. 19 | Calls for legal conclusion; Form |
| p. 56, L. 21 | Form; |
| p. 57, L. 11 - p. 60, L. 13 | Hearsay; Speculation; Form; |
| p. 61, L. 17 - p. 62, L. 24 | Hearsay; |
| p. 63, L. 25 - p. 64, L. 11 | Hearsay; |
| p. 65, L. 15 - p. 66, L. 1 | |
| p. 69, L. 3 - p. 71, L. 2 | Hearsay; Speculation |
| p. 71, L. 6 – 8 | |
| p. 71, L. 17 - p. 78, L. 5 | Calls for legal conclusion; Form; |
| p. 78, L. 21 | |
| p. 79, L. 2 – 6 | |
| p. 79, L. 16 - p. 80, L. 8 | Speculation; Calls for legal conclusion; |
| p. 80, L. 25 - p. 82, L. 23 | Hearsay; Form; |
| p. 82, L. 25 - p. 83, L. 3 | Form; |

45

| | |
|---|---|
| p. 83, L. 16 - p. 84, L. 2 | Form; |
| p. 84, L. 13 – 16 | Form; |
| p. 84, L. 18 - 24 | |
| p. 85, L. 19 - p. 86, L.1 | Form; |
| p. 86, L. 16 - p. 95, L. 1 | Form; Calls for legal conclusion; Hearsay |
| p. 96, L. 25 - p. 108, L. 7 | Hearsay; Calls for legal conclusions; Form; Foundation; Relevance |
| p. 110, L. 12 - p. 119, L. 10 | Speculation; Form; Hearsay; |
| p. 119, L. 20 - p. 120, L. 16 | Form; |
| p. 120, L. 19 - p. 121, L. 12 | Hearsay; |
| p. 122, L. 7 - p. 123, L. 14 | |
| p. 123, L. 17 - p. 125, L. 10 | Hearsay; |
| p. 125, L. 24 - p. 127, L. 4 | Form |
| p. 127, L. 24 - p. 130, L. 23 | Hearsay; Form; Foundation; |
| p. 129: 14–18 | |
| p. 132, L. 12 - p. 133, L. 25 | Form; Hearsay; |
| p. 134, L. 3 - p. 135 L. 4 | Hearsay; |
| p. 136, L. 18 - p. 137, L. 1 | |
| p. 137, L. 12 - p. 144, L. 23 | Form; Hearsay; Speculation; Foundation; |
| p. 145, L. 25 - p. 146, L. 10 | Hearsay |
| p. 147, L. 19 - 25 | |
| p. 148, L. 16 - p. 153, L. 8 | Form; Hearsay; |
| p. 166, L. 12 - 24 | |
| p. 168, L. 5 - p. 172, L. 4 | Speculation; Form; Hearsay |
| p. 172, L. 19 - p. 176, L. 20 | Speculation; Hearsay |
| p. 177, L. 21 - p. 178, L. 1 | |
| p. 179, L. 2 - p. 185, L. 23 | Form; Hearsay; |
| p. 187, L. 3 - p. 190, L. 12 | Speculation; |
| p. 192, L. 2 - 8 | |
| p. 215, L. 13 - 24 | |
| p. 247, L. 1 - 7 | |
| p. 248, L. 15 - p. 249, L. 5 | Form; |
| p. 251, L. 16 - 18 | Hearsay |
| p. 252, L. 4 - 5 | |

| | |
|---|---|
| p. 252, L. 12 – p. 253, L. 6 | Hearsay; |
| p. 260, L. 8 – 21 | |
| p. 261, L. 21 – p. 262, L. 4 | Form; |
| p. 262, L. 16 – 23 | Form; Speculation; |
| p. 266, L. 18 – 25 | |
| p. 267, L. 11 – p. 268, L. 1 | Hearsay; |
| p. 270, L. 25 – p. 272, L. 6 | Form; |
| p. 271:18–21 | Hearsay |
| p. 272, L. 20 – p. 273, L. 13 | Form; |
| p. 273, L. 24 – p. 276, L. 8 | Foundation; Hearsay; Speculation |
| p. 277, L. 19 – p. 279, L. 6 | Speculation; |
| p. 279, L. 23 – p. 280, L. 4 | |
| p. 280, L. 17 – 19 | |
| p. 280, L. 23 – 25 | |
| p. 288, L. 10 – p. 292, L. 11 | Form; |
| p. 293, L. 12 – p. 297, L. 19 | Form; Hearsay; Speculation |
| p. 299, L. 22 – p. 303, L. 7 | Form; |
| p. 323, L. 22 – p. 324, L. 14 | Form; |
| p. 328, L. 4 – p. 329, L. 3 | Hearsay; Form; |
| p. 330, L. 13 – 17 | Relevance |
| p. 331, L. 18 – p. 332, L. 1 | Form; |
| p. 332, L. 2 | |
| p. 333, L. 11 – p. 335, L. 9 | Form; |
| p. 361, L. 7 – p. 362, L. 22 | Hearsay; Form; |
| p. 364, L. 5 – p. 365, L. 7 | Form; |
| p. 368, L. 10–15 | |
| p. 369, L. 12 – p. 381, L. 2 | Hearsay; Form; Foundation; Speculation |
| p. 409, L. 9 – p. 412, L. 18 | Foundation; Hearsay; Form |
| p. 415, L. 7 – p. 417, L. 11 | Hearsay; |
| p. 419, L. 2 – 7 | Form; |
| p. 455, L. 3 – p. 457, L. 1 | Form; |
| p. 477, L. 8 – p. 481, L. 22 | Hearsay; Foundation; Speculation |
| p. 489, L. 8 – 22 | Relevance; Speculation |

THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION
DESIGNATIONS

| Designation | Objection |
| --- | --- |
| p. 34, L. 3 - 5 | Speculation |
| p. 35, L. 11 – p. 36, L. 22 | Speculation; Form |

THE OFFICIAL COMMITTEE OF RETIREES' DESIGNATIONS

| Designation | Objection |
| --- | --- |
| p. 7, L. 18 - 20 | Hearsay; Form; |
| p. 60, L. 10 – p. 61, L. 2 | Foundation;  Form |
| p. 61, L. 9 – p. 63, L. 10 | Speculation; Form |
| p. 64, L. 10 - 15 | |
| p. 68, L. 23 – p. 69, L. 1 | |
| p. 69, L. 23 – p. 71, L. 12 | Form; Speculation |
| p. 89, L. 15 – p. 90, L. 24 | Speculation; Form |
| p. 91, L. 10 – p. 93, L. 1 | Hearsay; Form; Speculation |
| p. 94, L. 11 – p. 96, L. 9 | Speculation; Form |
| p. 119, L. 1 – p. 120, L. 14 | Speculation; Hearsay; Form |

MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES' DESIGNATIONS

| Designation | Objection |
| --- | --- |
| p. 63, L. 5 – p. 66, L. 1 | Hearsay; Form; Speculation |
| p. 68, L. 23 – p. 71, L. 12 | Hearsay; Speculation; Form |
| p. 119, L. 1 – p. 121, L. 17 | Hearsay; Speculation; Form |

RETIREES' SYSTEMS DESIGNATIONS

| Designation | Objection |
| --- | --- |
| p. 40, L. 14–23 | Speculation |
| p. 63, L. 17 – p. 66, L. 1 | Hearsay; Form; Speculation |
| p. 68, L. 23 – p. 71, L. 12 | Hearsay; Speculation; Form |
| p. 84, L. 20 – p. 88, L. 23 | Hearsay; Speculation; Foundation; Form |

| | |
|---|---|
| p. 89, L. 15–22 – p. 91, L. 10 – 22 | Hearsay; Form; Speculation |
| p. 107, L. 18 – p. 110, L. 4 | Speculation; Hearsay; Form; |
| p. 110, L. 23 – p. 111, L. 1–18 | Speculation; Hearsay; Form; Foundation |
| p. 112, L. 16 – p. 114, L. 25 | Hearsay; Speculation; |
| p. 119, L. 1 – p. 120, L. 14 | Hearsay; Speculation; Form |
| p. 120, L. 24 – p. 121, L. 17 | Hearsay; Speculation |

Richard Baird - 10/10/2013

MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES' DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 13, L. 11- p. 15, L. 10 | Foundation; Hearsay; Form; Speculation |
| p. 16, L. 2 - 18 | Hearsay; Form; Speculation |
| p. 19, L. 2 – 20 | Form; Hearsay |

Mayor David Bing - 10.14.2013

MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES' DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 12, L. 7 – p. 13, L. 24 | Hearsay; Speculation |
| p. 14, L. 9 - 21 | |
| p. 20, L. 19 – 24 | Form; Foundation |
| p. 45, L. 24 – p. 46, L. 10 | Form; Foundation; Speculation |
| p. 76, L. 2 – p. 68, L. 9 | Form; Foundation; Hearsay |
| p. 69, L. 8 – p. 70, L. 25 | Form; Hearsay; Speculation |
| p. 100, L. 15 – p. 101, L. 13 | Hearsay; Foundation; Form |
| p. 103, L. 15 – p. 106, L. 6 | Form; Foundation; Speculation |
| p. 106, L. 11 – p. 108, L. 9 | Form; Foundation; Hearsay; Speculation |
| p. 107, L. 16 – p. 108, L. 1 | Form; Foundation; Hearsay |

RETIREMENT SYSTEMS DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 60, L. 11 – p. 61, L. 8 | Form; Foundation |
| p. 67, L. 2–25 | Form; Foundation; Speculation |
| p. 9, L. 17–19 | |
| p. 12, L. 7 – p. 13, L. 7 | Hearsay; |
| p. 20, L. 19–21/ p. 20, L. 23–24 | Foundation; Form; |
| p. 69, L. 14 – p. 70, L. 4 | Form; Hearsay; Speculation |
| p. 112, L. 13–21 | Hearsay; Speculation |
| p. 116, L. 17 – p. 117, L. 11 | Speculation; Foundation |

THE OFFICIAL COMMITTEE OF RETIREES' DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 11, L. 9 – p. 13, L. 7 | Hearsay; Speculation |
| p. 50. L. 7 - p. 51, L. 8 | Form; |
| p. 53, L. 15 - p. 58, L. 11 | Foundation; Form; Speculation; |
| p. 59, L. 25 - p. 64, L. 23 | Foundation; Form; |
| p. 66, L. 21 - p. 68, L. 9 | Hearsay; Speculation; Form; |
| p. 72, L. 13 - p. 75, L. 11 | Foundation; Form; Speculation; Hearsay; |
| p. 75, L. 22 - p. 90, L. 3 | Foundation; Form; Speculation; Hearsay; |
| p. 91, L. 4 - 24 | Foundation; Form; Hearsay; |

Governor Richard D. Snyder - 10/9/2013

THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION
DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 27, L. 8 – p. 29, L. 12 | Speculation; Form; |

THE OFFICIAL COMMITTEE OF RETIREES' DESIGNATIONS
Objection

50

<u>Designation</u>

p. 9, L. 24 – p. 10, L. 1

p. 11, L. 20 – p. 12, L. 12          Speculation; Form

p. 13, L. 3 - 17                     Speculation; Form; Foundation

p. 13, L. 20 - 22

p. 29, L. 18 – p. 30, L. 2

p. 46, L. 3 - 6                      Form;

p. 46, L. 16 - 19

p. 46, L. 24 - 47, L. 5

p. 51, L. 17 – p. 53, L. 3           Hearsay; Form

p. 55, L. 20 – p. 56, L. 1

p. 57, L. 4 - 6                      Form; Speculation

p. 57, L. 9 - 11                     Form; Speculation

p. 59, L. 2 - 5                      Speculation

p. 60, L. 16 - 23                    Hearsay;

p. 61, L. 1 - 4

p. 61, L. 8

p. 63, L. 9 - 64, L. 10             Hearsay; Form;

p. 64, L. 14 - 18                    Speculation; Hearsay

p. 64, L. 20 – p. 65, L. 6

p. 71, L. 12 - 17                    Form; Speculation; Hearsay

p. 76, L. 11 - 13

p. 77, L. 6 - 19                     Speculation; Form

p. 78, L. 14 – p. 79, L. 14          Speculation; Form; Hearsay

p. 79, L. 25 – p. 80, L. 6           Form;

p. 85, L. 10 - 18

p. 87, L. 1 - 9                      Form;

p. 92, L. 16 - 20

p. 109, L. 10 - 110, L. 6            Form;

p. 120, L. 11 - 19                   Form; Speculation

p. 122, L. 10 - 13                   Form;

p. 122, L. 18 - 20                   Form;

p. 124, L. 3 -17                     Form; Hearsay; Speculation

p. 125, L. 21 – p. 126, L. 10        Form; Hearsay

51

| | |
|---|---|
| p. 126, L, 18 - 21 | Hearsay; |
| p. 127, L. 13 - 15 | Form; Speculation; |
| p. 128, L. 18 - 22 | Form; Speculation; Hearsay |
| p. 130, L. 6 - 24 | Form; Hearsay |
| p. 131, L. 5 - 9 | Form; Hearsay |
| p. 141, L. 4 | |
| p. 141, L. 7 - 10 | Hearsay |
| p. 141, L. 17 - 19 | |
| p. 142, L. 1 - 14 | Hearsay; Form; |
| p. 149, L. 25 – p. 150, L. 13 | Form; Hearsay |

MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES' DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 46, L. 3 - 23 | Form; Speculation; Hearsay |
| p. 52, L. 13 - 15 | Form; Hearsay |
| p. 63, L. 9 – p. 64, L. 18 | Form; Foundation; Hearsay |

RETIREMENT SYSTEMS DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 13, L. 24 – p. 14, L. 24 | Form; Hearsay; |
| p. 15, L. 12 – L. 21 | Form; |
| p. 32, L.18 – p. 33, L. 1 | Speculation; |
| p. 39, L. 5–16 | Form; |
| p. 40, L. 1–12 | Speculation; |
| p. 43, L. 22 – p. 44, L. 1 – 5 | Speculation; |
| p. 45, L. 8–23 | Form; |
| p. 46, L. 24 – p. 47, L. 5 | Form; Hearsay |
| p. 52, L. 13 – p. 53, L 15 | Form; Hearsay |
| p. 55, L. 9 – p. 57, L. 11 | Form; Foundation; Hearsay |
| p. 63, L. 12 – p. 64, L. 18 | Form; Foundation; Hearsay |
| p. 65, L. 1 – p. 67, L. 8 | Form; Speculation; Hearsay; Foundation |
| p. 76, L. 11 – p. 80, l. 21 | Form; Speculation; Hearsay; Foundation |

| | |
|---|---|
| p. 81, L. 21 – p. 82, L. 18 | Form; Hearsay |
| p. 83, L. 21 – p. 84, L. 1 | Hearsay; Form |
| p. 87, L. 1 – p. 88, L. 5 | Hearsay; Form; Speculation |
| p. 91, L. 18 – p. 93, L. 1 | Form; Hearsay; Foundation |
| p. 94, L. 18 – p. 95, L. 22 | Form; Hearsay |
| p. 122, L. 4 – p. 124, L. 17 | Form; Hearsay |
| p. 125, L. 21 – p. 126, L. 15 | |
| p. 127, L. 5 – L. 15 | |
| p. 128, L. 18—22 | Form; Speculation; Hearsay |
| p. 129, L. 4 – L. 13 | |
| p. 132, L. 13 – L. 21 | Form; |
| p. 149, L. 25 – p. 152, L. 3 | Form; Speculation; Foundation; Hearsay |

Howard Ryan - 10/14/13

THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION
DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 29,  L.4 – 15 | Speculation; Hearsay; Form |
| p. 30, L. 13 – 25 | Hearsay; Speculation; Form |
| p. 43, L. 14 - p. 47, L. 5 | Hearsay; Speculation; |

THE OFFICIAL COMMITTEE OF RETIREES' DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 7, L. 15 - p. 8, L. 7 | |
| p. 18, L. 14 - p. 19, L. 4 | Hearsay; |
| p. 25, L. 9 - p. 28, L.17 | Hearsay; Speculation; Form |
| p. 30, L. 13 - p. 31, L. 3 | Hearsay; Speculation; Form |
| p. 35, L. 25 - p. 37, L. 20 | Form; |
| p. 46, 6 - p. 46, L. 23 | Hearsay; Speculation; |

RETIREES' SYSTEMS DESIGNATIONS

| Designation | Objection |
|---|---|
| p. 43, L. 14 – p. 45, L. 5 | Hearsay; Speculation; Form; |

53

p. 46, L. 1 – L. 23                    Hearsay; Speculation;

UAW'S AND FLOWERS DESIGNATIONS

| Designation | Objection |
|---|---|
| Deposition in its Entirety | Hearsay; Form; Foundation; Speculation |

The City reserves its rights to call any witness identified by any Objector.

### B.    Objectors' Witnesses

Objectors' witnesses are indicated in Attachments A-G.

## VIII.  EXHIBITS

### A.    City's Exhibits

1.    Charter – City of Detroit

2.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008

3.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009

4.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010

5.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011

6.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012

7.    November 13, 2012, Memorandum of Understanding City of Detroit reform Program

8.    July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration)

9.    Cash Flow Forecasts

54

10. Ten-Year Projections

11. Legacy Expenditures (Assuming No Restructuring)

12. Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012

13. Schedule of water system bonds and related state revolving loans as of June 30, 2012

14. Annual Debt Service on Revenue Bonds

15. Schedule of COPs and Swap Contracts as of June 30, 2012

16. Annual Debt Service on COPs and Swap Contracts

17. Schedule of UTGO Bonds as of June 30, 2012

18. Schedule of LTGO Bonds as of June 30, 2012

19. Annual Debt Service on General Obligation Debt & Other Liabilities

20. July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration")

21. January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team

22. March 26, 2012, Report of the Detroit Financial Review Team

23. April 9, 2012, Financial Stability Agreement

24. December 14, 2012, Preliminary Review of the City of Detroit

25. February 19, 2013, Report of the Detroit Financial Review Team

26. March 1, 2013, letter from Governor Richard Snyder to the City

27. July 8, 2013, Ambac Comments on Detroit

55

28. July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436

29. July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding

30. July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code

31. Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration")

32. Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees

33. Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo

34. Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013

35. Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013

36. FRE 1006 chart summarizing meetings and communications with union creditors

37. FRE 1006 chart summarizing meetings and communications with nonunion creditors

38. FRE 1006 chart summarizing monthly cash forecast absent restructuring

39. February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel

40. List of Special Conferences for Association held with Members of Police Labor Relations

56

41. June 10, 2013, City of Detroit Financial and Operating Plan Slides

42. RSVP List of June 14, 2013 Proposal for Creditors Meeting

43. June 14, 2013, City of Detroit Proposal for Creditors

44. June 14, 2013, Proposal for Creditors – Executive Summary

45. List of Invitees to the June 20, 2013 Meetings

46. Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring)

47. Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring)

48. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees

49. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees

50. Invitee List and Sign-in Sheet for the June 25, 2013 Meeting

51. Cash Flow Forecasts provided at June 25, 2013 Meeting

52. Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 meetings

53. List of Attendees at July 9 and 10, 2013 Creditor Meetings

54. Detroit Future City Plan 2012

55. Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings

56. July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting

57. July 10, 2012 City of Detroit Sign In Sheet for 3:00 PM Police and Fire Meeting

58. July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Unformed Meeting

59. July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting

60. July 11, 2013 City of Detroit Union – Retiree Meeting Draft Medicare Advantage Plan Design Options

61. Correspondence between representatives of AFSCME and representatives of the City

62. Michigan Attorney General Opinion No. 7272

63. July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims

64. September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Section 924 and 925 of The Bankruptcy Code

65. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

66. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

67. June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

68. June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit

69. April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012

70. June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit

71. November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit

72. November 21, 2011 Memorandum from Irvin Corley, Jr., to Council Members of the City of Detroit City Council

73. July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions

74. July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st – June 30th)

75. May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan

76. Responses of International Union, UAW to Debtor's First Set of Interrogatories

77. UAW Privilege Log

78. Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories

79. The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories

80. Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

81. Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

82. Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

83. Answers to Debtor's First Interrogatories to Retiree Association Parties

84. Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories

85. Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories

86. Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents

87. Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents

88. The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents

89. Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions

90. The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents

91. Response of Retiree Association Parties to Debtor's First Requests for Production of Documents

92. Retired Detroit Police Members Association Response to Debtor's First Requests for Production

93. June 14, 2013 Index Card #1 from Nicholson

94. June 14, 2013 Index Card #2 from Nicholson

95. June 20, 2013 Typewritten Notes from June 20, 2013 Presentation

96. July 16, 2013 Nicholson Affidavit in *Flowers*

97. August 19, 2013 UAW Eligibility Objection

98. Nicholson Letter To Irwin re UAW Discovery Responses

99. FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013

100. FRE 1006 Chart summarizing the approximate number of pages in documents uploaded to the data room before July 18, 2013

101. Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room

102. July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted]

103. Any exhibit identified by any Objector.

**B.    Objectors' Exhibits and City's Objections**

Objectors' exhibits are indicated in Attachments A-G.

**C.    Objections to City's Exhibits**

Objectors' objections to the City's Exhibits are indicated in Attachment H.

Objectors reserve their rights to assert objections to City Exhibits 76-101.

61

# ATTACHMENT A

**THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S
WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS**

# THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S
# WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS

The Retired Detroit Police Members Association ("RDPMA"), through its counsel, Strobl & Sharp, P.C., hereby submits the following unique Exhibit List and Witness List:

**I.**    **Revised Witness List**

A. The RDPMA hereby submits this witness list of individuals who will be called for live testimony in the eligibility trial:

    1. Howard Ryan

B. The RDPMA hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

    1. Howard Ryan

    2. Treasurer Andrew Dillon

    3. Governor Richard Snyder

    4. Emergency Manager Kevyn Orr, September 16, 2013

C. The RDPMA hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D. The RDPMA hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

**II.**    **Unique Exhibit List**

The RDPMA hereby submits this consolidated list of evidence that will or may be used as evidence during the eligibility trial:

| 201 | 3/02/13-Dillon Dep. Ex. 6-<br>DTMI00234878 (email correspondence) | Hearsay; Relevance |
|---|---|---|
| 202 | 3/02/12-Dillon Dep. Ex. 7- | Hearsay, Relevance |

| | | |
|---|---|---|
| | DTMI00234877-880 (email correspondence) | |
| 203 | Basic Financial Statements, pages 27 - 32 of the State of Michigan Comprehensive Annual Financial Report for Fiscal Year Ending 2012 | Relevance |
| 205 | Comparison Chart of Public Act 4 and Public Act 436 | |

## III.  *Deposition Designations*

**The RDPMA hereby submits the following deposition designations:**

<u>10/14/13 Howard Ryan</u>

p. 29,  L.4 - 15
p. 30, L. 13 - 25
p. 43, L. 14 - p. 47, L. 5

<u>10/09/13 Richard Snyder</u>

p. 27, L. 8 - p. 29, L. 12

<u>10/10/13 Andrew Dillon</u>

p. 34, L. 3 - 5
p. 35, L. 11 - p. 36, L. 22

<u>09/16/13 Kevyn Orr</u>

p. 43 L18 – p. 46, L. 6

64

# ATTACHMENT B

## THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

**THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
(1) WITNESS LIST AND (2) EXHIBIT LIST**

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

*I.*     *Witness List*

A.     The Retiree Association Parties hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

    1.     Shirley V. Lightsey (see Declaration, Dkt. 502)
           c/o Lippitt O'Keefe, PLLC
           370 E. Maple Road
           Third Floor
           Birmingham MI, 48009
           (248) 646-8292

Ms. Lightsey is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), her attendance at multiple presentational meetings, that the DRCEA is a natural representative of the City of Detroit general retirees, that the DRCEA was ready, willing and able to negotiate with the City on Retiree issues, that the DRCEA

66

unsuccessfully requested to meet with Kevyn Orr and on the qualifications, history, successes and structure of the DRCEA.

      2.     Donald Taylor (see Declaration, Dkt. 502)
              c/o Lippitt O'Keefe, PLLC
              370 E. Maple Road
              Third Floor
              Birmingham MI, 48009
              (248) 646-8292

Mr. Taylor is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), his attendance at multiple presentational meetings, that the RDPFFA is a natural representative of the City of Detroit uniformed (police and fire) retirees, that the RDPFFA was ready, willing and able to negotiate with the City on Retiree issues, that the RDPFFA met with Kevyn Orr during which he stated that pensions would not be diminished or impaired and that certain classes of retirees covered by a consent judgment would not have their medical benefits impaired, the unsuccessful requests for follow up meetings with Mr. Orr or City officials and on the qualifications, history, successes and structure of the DRCEA.

      3.     Any and all witnesses listed, regardless of whether they are called, on the witness list of any party.

      4.     Any and all witnesses necessary to provide a proper foundation for any physical and/or documentary evidence or to rebut the same regarding testimony or other evidence sought to be admitted by any party.

67

## II. *Exhibit List*

The Retiree Association Parties hereby submit this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Retiree Association Parties' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 301 | Declaration of Shirley V. Lightsey (Dkt. 497, Ex. 2) | Hearsay ; Relevance |
| 302 | Declaration of Donald Taylor (Dkt. 497, Ex. 3) | Hearsay ; Relevance |
| 303 | Bylaws of DRCEA (RetAssnParties000032-000036)[2] | |
| 304 | Bylaws of RDPFFA (RetAssnParties000043-000060) | |
| 305 | Articles of Incorporation for DRCEA (RetAssnParties000038-000041) | |
| 306 | Articles of Incorporation for RDPFFA (RetAssnParties000042) | |
| 307 | Notice and Consent forms from DRCEA Members (See CD, Bates No. RetAssnParties000061) | |
| 308 | Notice and Consent forms from RDPFFA Members (See CD,  Bates No. RetAssnParties000062) | |
| 309 | Letter from Shirley V. Lightsey to Kevyn Orr, dated May 4, 2013 (RetAssnParties000181) | |
| 310 | Letters from DRCEA members to the DRCEA (RetAssnParties000001-000021) | Hearsay ; Relevance |
| 311 | RESERVED | |

---

[2] Bates numbers will be updated.

| | | |
|---|---|---|
| 312 | Wieler consent judgment (RetAssnParties000143-000180) | Hearsay ; Relevance |
| 313 | U.S. Trustee Retiree Committee Questionnaire completed by Shirley V. Lightsey (RetAssnParties000100-000104) | Hearsay ; Relevance |
| 314 | U.S. Trustee Retiree Committee Questionnaire completed by Donald Taylor (RetAssnParties000121-000125) | Hearsay ; Relevance |
| 315 | Pamphlet entitled "All About the DRCEA" (RetAssnParties000022-000031) | |

Each of the Retiree Association Parties reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other Objector

69

# ATTACHMENT C

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Official Committee of Retirees (the "Committee"), through their counsel, Dentons US LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Committee hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

1.    Emergency Manager Kevyn D. Orr

2.    Conway MacKenzie Senior Managing Director Charles Moore

3.    Michigan Treasurer Andy Dillon

B.    The Committee hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

1.    Milliman Principal and Consulting Actuary Glenn Bowen

2.    Michigan Labor Relations Director Lamont Satchel

3.    Ernst & Young LLP Principal Guarav Malhotra

4.    Kenneth Buckfire

71

5.      Governor Richard D. Snyder

6.      Howard Ryan

D.      The Committee hereby reserves the right to call as witnesses any witness called by any other party.

## II.    *Exhibit List*

The Committee hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 400. | 01/30/13 - Orr Dep. Ex. 1, JD-RD-0000113 (email chain) | |
| 401. | 01/31/13 - Orr Dep Ex. 2, JD-RD-0000303 (email chain) | |
| 402. | 01/31/13 - Orr Dep. Ex. 3, JD-RD-0000300-02 (email chain) | |
| 403. | 01/31/13 - Orr Dep. Ex. 4, JD-RD-0000295-96 (email chain) | |
| 404. | Orr Dep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 405. | 02/20/13 - Orr Dep Ex. 6, JD-RD-0000216-18 (email chain) | |
| 406. | 02/22/13 - Orr Dep Ex. 7, JD-RD-0000459-64 (email chain) | |
| 407. | 05/12/13 - Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 408. | 06/14/13 - Orr Dep. Ex. 9, Dkt. 438-16 (City of Detroit Proposal for Creditors) | |
| 409. | 07/16/13 - Orr Dep. Ex. 10, Dkt. 11-10 (letter Re: Recommendation Pursuant to | |

72

| | | |
|---|---|---|
| | Section 18(I) of PA 436) | |
| 410. | 07/18/13 - Orr Dep. Ex. 11, Dkt. 11-11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 411. | 07/12/13 - Orr Dep. Ex. 12, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 412. | 07/17/13 - Orr Dep. Ex. 13, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 413. | 09/11/13 - Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 414. | 07/18/13 - Orr Dep. Ex. 15, Dkt. 11 (Declaration of Kevyn Orr) | |
| 415. | 09/13/13 - Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit | |
| 416. | 06/27/13 - Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 417. | 02/13/13 - Orr Dep. Ex. 20, JD-RD-0000334-36 (email chain) | |
| 418. | 01/29/13 - Orr Dep. Ex. 21, DTMI00128731-805 (Jones Day 1/29/13 Pitchbook) | |
| 419. | 03/2013 - Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 420. | 02/15/13 - Orr Dep. Ex. 25, JD-RD-0000354-55 (email chain) | Authentication; Hearsay |
| 421. | 06/21/13 - Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 422. | 06/14/13 - Satchel Dep. Ex. 19, Dkt. | |

| | | |
|---|---|---|
| | 438-7 (letter Re: Retiree Benefit Restructuring Meeting | |
| 423. | 06/17/13 - Satchel Dep Ex. 20, Dkt. 438-6 (letter Re: Request from EFM for additional information) | |
| 424. | 09/24/13 - Bowen Dep. Ex. 4, DTMI00066176-90 (letter Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 425. | 11/16/12 - Bowen Dep. Ex. 9, DTMI00066269-74 (letterRe: DGRS Simple Projection) | |
| 426. | 05/20/13 - Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 427. | 05/21/13 - Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 428. | 09/24/13 - Bowen Dep. Ex. 14, (letter Re: One-Year Service Cancellation for DRGS and PFRS) | |
| 429. | 07/17/13 - Malhotra Dep. Ex. 8, DTMI00137104 (Ernst & Young - Amendment No. 7 to statement of work) | |
| 430. | 07/02/13 - Dkt. 438-9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 431. | 07/03/13 - Dkt. 438-10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 432. | 01/16/13 - DTMI00078970 - 79162, (Ernst & Young  Professional Service Contract) | |
| 433. | 04/04/13 - DTMI00210876 - 78, (Ernst | |

74

| | | |
|---|---|---|
| | & Young Amendment No. 6 to Professional Services Contract) | |
| 434. | 07/17/13 - Snyder Dep. Ex. 6, (City of Detroit Rollout Plan) | Hearsay |
| 435. | 06/07/13 - Snyder Dep. Ex. 7, (Tedder email) | Hearsay |
| 436. | 07/08/13 - Snyder Dep. Ex. 8, (Dillon email) | Hearsay |
| 437. | 07/09/13 - Snyder Dep. Ex. 9, (Dillon email) | Hearsay |
| 438. | 07/09/13 - Dillon Dep. Ex. 5 (Dillon email) | Hearsay |
| 439. | 09/13/2013 - Dkt. 849 (City's Response to General Retirement Systems Request For Admissions) | |
| 440. | 08/23/13 - Dkt. 611 (General Retirement Systems Request For Admissions) | |
| 441. | 06/30/2011 - DTMI00225546 - 96, (Gabriel Roeder Smith 73rd Annual Actuarial Valuation) | |
| 442. | 06/30/12 - DTMI00225597 - 645, (Gabriel Roeder Smith 74th Annual Actuarial Valuation) | |
| 443. | 03/2013 - Bing Dep. Ex. 3 DTMI00129416 - 53 (City of Detroit - Restructuring Plan | |
| 444. | 06/30/12 - Bing Dep. Ex. 4 - (Excerpt of Comprehensive Annual Financial Report - (pages 123-124)) | |
| 445. | 07/10/13 - Bing Dep. Ex. 5 - DTMI00098861-62, (email correspondence) | |
| 446. | The video as it is linked from the 09/16/13 and 10/4/13 depositions of Kevyn D. Orr | |

75

| | | |
|---|---|---|
| 447. | The video as it is linked from the 10/14/13 Dave Bing Deposition | |
| 448. | The video as it is linked from the 10/9/13 Richard D. Snyder Deposition | |
| 449. | The video as it is linked from 10/10/13 Andrew Dillon Deposition | |
| 450. | Any and all documents, correspondence and/or other materials authored by any witnesses identified in the City's witness list that contain relevant facts and/or information regarding this matter | Non-specific; non-compliant with Local Rule 7016-1(a)(9) |
| 451. | Any and all exhibits identified by any party | |
| 452. | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097-100, plus unnumbered timeline attachment)) | Hearsay |

## III.  *Deposition Designations*

**The Committee hereby submits the following deposition designations:**

09/16/13 Kevyn Orr

p. 10, L. 23 - p. 11, L. 14
p. 12, L. 1 - p. 13, L. 25
p. 14, L. 14 - p. 15, L. 17
p. 17, L. 7 - p. 19, L. 19
p. 20, L. 19 - 25
p. 21, L. 3 - 6
p. 21, L. 21 - 24
p. 23, L. 13 - 19
p. 23, L. 24 - 25
p. 24, L. 4 - p. 25, L. 22
p. 26, L. 20 - 25
p. 29, L. 6 - p. 31, L. 5
p. 32, L. 14 - 23
p. 33, L. 5 - 13

p. 38, L. 11 - p. 41, L. 17
p. 43, L. 15 - p. 45, L. 19
p. 46, L. 7 - p. 47, L. 18
p. 48, L. 1 - p. 49, L. 8
p. 50, L. 23 - p. 53, L. 7
p. 53, L. 16 - 24
p. 54, L. 2 - 5
p. 54, L. 13 - 19
p. 54, L. 22 - p. 55, L. 5
p. 55, L. 8 - 17
p. 55, L. 20 - p. 56, L. 19
p. 56, L. 21
p. 57, L. 11 - p. 60, L. 13
p. 61, L. 17 - p. 62, L. 24
p. 63, L. 25 - p. 64, L. 11
p. 65, L. 15 - p. 66, L. 1
p. 69, L. 3 - p. 71, L. 2
p. 71, L. 6 - 8
p. 71, L. 17 - p. 78, L. 5
p. 78, L. 21
p. 79, L. 2 - 6
p. 79, L. 16 - p. 80, L. 8
p. 80, L. 25 - p. 82, L. 23
p. 82, L. 25 - p. 83, L. 3
p. 83, L. 16 - p. 84, L. 2
p. 84, L. 13 - 16
p. 84, L. 18 - 24
p. 85, L. 19 - p. 86, L. 1
p. 86, L. 16 - p. 95, L. 1
p. 96, L. 25 - p. 108, L. 7
p. 110, L. 12 - p. 119, L. 10
p. 119, L. 20 - p. 120, L. 16
p. 120, L. 19 - p. 121, L. 12
p. 122, L. 7 - p. 123, L. 14
p. 123, L. 17 - p. 125, L. 10
p. 125, L. 24 - p. 127, L. 4
p. 127, L. 24 - p. 130, L. 23
p. 132, L. 12 - p. 133, L. 25
p. 134, L. 3 - p. 135 L. 4
p. 136, L. 18 - p. 137, L. 1

p. 137, L. 12 - p. 144, L. 23
p. 145, L. 25 - p. 146, L. 10
p. 147, L. 19 - 25
p. 148, L. 16 - p. 153, L. 8
p. 166, L. 12 - 24
p. 168, L. 5 - p. 172, L. 4
p. 172, L. 19 - p. 176, L. 20
p. 177, L. 21 - p. 178, L. 1
p. 179, L. 2 - p. 185, L. 23
p. 187, L. 3 - p. 190, L. 12
p. 192, L. 2 - 8
p. 215, L. 13 - 24
p. 247, L. 1 - 7
p. 248, L. 15 - p. 249, L. 5
p. 251, L. 16 - 18
p. 252, L. 4 - 5
p. 252, L. 12 - p. 253, L. 6
p. 260, L. 8 - 21
p. 261, L. 21 - p. 262, L. 4
p. 262, L. 13 - 23
p. 266, L. 18 - 25
p. 267, L. 11 - p. 268, L. 1
p. 270, L. 25 - p. 272, L. 6
p. 272, L. 20 - p. 273, L. 13
p. 273, L. 24 - p. 276, L. 8
p. 277, L. 19 - p. 279, L. 6
p. 279, L. 23 - p. 280, L. 4
p. 280, L. 17 - 19
p. 280, L. 23 - 25
p. 288, L. 10 - p. 289, L. 6
p. 302, L. 9 - p. 303, L. 7

10/04/13 Kevin Orr

p. 323, L. 22 – p. 324, L.14
p. 328, L. 4 - p. 329, L. 3
p. 330, L. 13 - 17
p. 331, L. 18 - p. 332, L. 1
p. 332, L. 2
p. 333, L. 11 - p. 335, L. 9

p. 361, L. 7 - p. 362, L. 22
p. 364, L. 5 - p. 365, L. 7
p. 368, L. 10-15
p. 369, L. 12 - p. 381, L. 2
p. 409, L. 9 - p. 412, L. 18
p. 415, L. 7 - p. 417, L. 11
p. 419, L. 2 - 7
p. 455, L. 3 - p. 457, L. 1
p. 464, L. 17 - 19
p. 477, L. 8 - p. 481, L. 22
p. 489, L. 8 - 22

09/18/13 Charles M. Moore Deposition Designations

p. 8, L. 4 - 8
p. 12, L. 3 - 6
p. 36, L. 9 - 12
p. 50, L. 2 - p. 51, L. 1
p. 51, L. 10 - 17
p. 52, L. 5 - 20
p. 53, L. 25 - p. 54, L. 11
p. 61, L. 18 - p. 62, L. 7
p. 62, L. 25 - p. 63, L. 12
p. 64, L. 6 - 7
p. 64, L. 9 - 14
p. 64, L. 16 - 20
p. 65, L. 4 - 11
p. 70, L. 16 - 18
p. 91, L. 20 - 23
p. 110, L. 12 - 22
p. 126, L. 22 - p. 127, L. 14
p. 130, L. 25 - p. 131, L. 14
p. 138, L. 7 - p. 139, L. 9
p. 140, L. 16 - p. 141, L. 2
p. 141, L. 8 - 19
p. 150, L. 24 - p. 151, L. 5
p. 151, L. 7 - 18
p. 151, L. 20 - p. 152, L. 1
p. 152, L. 8 - 21
p. 156, L. 18 - 25

<u>10/10/13 Andrew Dillon</u>

p. 7, L. 18 - 20
p. 60, L. 10 - p. 61, L. 2
p. 61, L. 9 - p. 63, L. 10
p. 64, L. 10 - 15
p. 68, L. 23 - p. 69, L. 1
p. 69, L. 23 - p. 71, L. 12
p. 89, L. 15 - p. 90, L. 24
p. 91, L. 10 - p. 93, L. 1
p. 94, L. 11 - p. 96, L. 9
p. 119, L. 1 - p. 120, L. 14

<u>09/24/13 Glen David Bowen</u>

p. 12, L. 7 - 9
p. 19, L. 12 - 20
p. 34, L. 8 - 21
p. 63, L. 21 - p. 64, L. 5
p. 73, L. 7 - 21
p. 91, L. 18 - p. 92, L. 13
p. 93, L. 4 - 14
p. 98, L. 13 - p. 99, L. 3
p. 99, L. 9 - 17
p. 100, L. 18 - 22
p. 129, L. 14 - 22
p. 130, L. 8 - p. 132, L. 11
p. 133, L. 10 - p. 134, L. 18
p. 141, L. 9 - 17
p. 142, L. 8 - 10
p. 142, L. 13 - 19
p. 143, L. 1 - 6
p. 143, L. 8 - 19
p. 146, L. 8 - 19
p. 147, L. 2 - p. 148, L. 15
p. 148, L. 19 - 22
p. 149, L. 2 - 3
p. 149, L. 6 - 8
p. 150, L. 5 - 15

p. 177, L. 18 - p. 178, L. 3
p. 192, L. 8 - p. 193, L. 11
p. 194, L. 4 - 12
p. 198, L. 5 - 7
p. 198, L. 17 - 19
p. 203, L. 20 - p. 204 L. 9
p. 204 L. 11 - 14
p. 204, L. 16 - 19
p. 205, L. 7 - p. 206, L. 11

09/19/13 Lamont Satchel

p. 65, L. 7 - p. 66, L. 9
p. 88, L. 14 - p. 89, L.18
p. 89, L. 25 - p. 90, L. 1
p. 90, L. 4 - p. 91, L. 3

09/09/13 Guarav Malhotra

p. 12, L. 22 - p. 13, L. 5
p. 17, L. 4 - 11
p. 19, L. 15 - p. 21, L. 12
p. 25, L. 7 - p. 26, L. 8
p. 40, L. 4 - 10
p. 50, L. 21 - p. 53, L. 20
p. 110 L. 8 - p. 115, L. 15
p. 115, L. 20 - p. 116, L. 3
p. 116, L. 10 - p. 119, L. 11
p. 119, L. 17 - p. 120, L. 11
p. 190, L. 18 - p. 192, L. 8
p. 196, L. 23 - p. 198, L. 13
p. 209, L. 3 - 18
p. 227, L. 12 - p. 228, L. 6

09/09/13 Guarav Malhotra

p. 10, L. 12 - 21
p. 11, L. 14 - p. 12, L. 18
p. 24, L. 18 - p. 25, L. 18
p. 28, L. 5 - p. 29, L. 18

p. 38, L. 12 - 21
p. 44, L. 21 - p. 47, L. 11
p. 51, L. 7 - p. 55, L. 12
p. 60, L. 4 - p. 63, L. 3
p. 80, L. 8 - 21
p. 106, L. 10 - p. 108, L. 11

09/20/13 Kenneth Buckfire

p. 10, L. 2 - 6
p. 37, L. 12 - p. 38, L. 4
p. 40, L. 2 - p. 40, L. 16
p. 58, L. 13 - p. 63, L. 3
p. 66, L. 6 - p. 68, L. 8
p. 74, L. 24 - p. 77, L. 2
p. 77, L. 8 - 22
p. 95, L. 7 - p. 97, L. 22
p. 98, L. 9 - p. 99, L. 19
p. 101, L. 7 - p. 102, L. 15
p. 104, L. 13 - p. 105, L. 6
p. 112, L. 12 – 25

10/09/13 Richard D. Snyder

p. 9, L. 24 - p. 10, L. 1
p. 11, L. 20 - p. 12, L. 12
p. 13, L. 3 - 17
p. 13, L. 20 - 22
p. 29, L. 18 - p. 30, L. 2
p. 46, L. 3 - 6
p. 46, L. 16 - 19
p. 46, L. 24 - p. 47, L. 5
p. 51, L. 17 - p. 53, L. 3
p. 55, L. 20 - p. 56, L. 1
p. 57, L. 4 - 6
p. 57, L. 9 - 11
p. 59, L. 2 - 5
p. 60, L. 16 - 23
p. 61, L. 1 - 4
p. 61, L. 8

p. 63, L. 9 - p. 64, L. 10
p. 64, L. 14 - 18
p. 64, L. 20 - p. 65, L. 6
p. 71, L. 12 - 17
p. 76, L. 11 - 13
p. 77, L. 6 - 19
p. 78, L. 14 - p. 79, L. 14
p. 79, L. 25 - p. 80, L. 6
p. 85, L. 10 - 18
p. 87, L. 1 - 9
p. 92, L. 16 - 20
p. 109, L. 10 - p. 110, L. 6
p. 120, L. 11 - 19
p. 122, L. 10 - 13
p. 122, L. 18 - 20
p. 124, L. 3 -17
p. 125, L. 21 - p. 126, L. 10
p. 126, L, 18 - 21
p. 127, L. 13 - 15
p. 128, L. 18 - 22
p. 130, L. 6 - 24
p. 131, L. 5 - 9
p. 141, L. 4
p. 141, L. 7 - 10
p. 141, L. 17 - 19
p. 142, L. 1 - 14
p. 149, L. 25 - p. 150, L. 13

<u>10/10/13 Andrew Dillon Deposition Designations</u>

p. 7, L. 18 - 20
p. 60, L. 10 - p. 61, L. 2
p. 61, L. 9 - 12
p. 61, L. 16 - p. 63, L. 10
p. 64, L. 10 - 15
p. 68, L. 20 - p. 69, L. 1
p. 69, L. 23 - p. 71, L. 12
p. 89, L. 15 - p. 90, L. 24
p. 91, L. 10 - p. 93, L. 1

p. 94, L. 11 - p. 95, L. 25
p. 96, L. 5 - 9
p. 119, L. 1 - p. 120, L. 14

10/14/13 Howard Ryan Deposition Designations

p. 7, L. 15 - p. 8, L. 7
p. 18, L. 14 - p. 19, L. 4
p. 25, L. 9 - p. 28, L. 17
p. 30, L. 13 - p. 31, L. 3
p. 35, L. 25 - p. 37, L. 20
p. 46, 6 - p. 46, L. 23

10/14/13 Dave Bing Deposition Designations

p. 11, L. 9 - p. 13, L. 7
p. 50. L. 7 - p. 51, L. 8
p. 53, L. 15 - p. 58, L. 11
p. 59, L. 25 - p. 64, L. 23
p. 66, L. 21 - p. 68, L. 9
p. 72, L. 13 - p. 75, L. 11
p. 75, L. 22 - p. 90, L. 3
p. 91, L. 4 - 24

84

# ATTACHMENT D

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED <u>(1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS</u>**

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED (1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Michigan Council 25 of the American Federation of State, County and Municipal Employees ("AFSCME"), through their counsel, Lowenstein Sandler LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.     *Witness List*

A.     The AFSCME hereby submits this consolidated witness list of individuals who will be called as live witnesses in the eligibility trial:

1.     Steven Kreisberg

B.     The AFSCME hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

1.     Governor Richard D. Snyder

2.     Emergency Manager Kevyn D. Orr

2.     Ernst & Young LLP Principal Guarav Malhotra

3.     Conway MacKenzie Senior Managing Director Charles Moore

4.     Michigan Treasurer Andy Dillon

5.     Richard Baird

86

6. Mayor David Bing

7. Howard Ryan

C. The AFSCME hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

1. Edward McNeil

D. The AFSCME hereby reserves the right to call as witnesses any witness called by any other party.

## II. *Exhibit List*

The AFSCME hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 501. | | 08/2007 - Dep. Ex. 8, (Office of the Auditor General Audit of the Municipal Parking Department) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 502. | | 12/16/11 - AFSCME000000368 – 373, (City of Detroit Budgetary Savings and Revenue Manifesto – City of Detroit Labor Organizations) | Authentication; Hearsay; Relevance |
| 503. | | 12/21/11 - Ex. C, (2011 Treasury Report) Declaration of Kevyn Orr in Support of Eligibility | |
| 504. | | 01/10/12 - Dep. Ex. 10, (City of Detroit Letter Request for Information to Cockrel, Budget, Finance and Audit Standing Committee Chair) Deposition of Kenneth A. Buckfire, September 20, 2013 | |

87

| | | | |
|---|---|---|---|
| 505. | | 02/01/12 - DTMI00086926 – 86983, (Tentative Agreement between City and Coalition of City of Detroit (non-uniform) Unions) | Hearsay; Relevance |
| 506. | | 03/02/12 - DTMI00234878 – 234880, (Email amongst Jones Day Subject: Consent Agreement) | |
| 507. | | 03/26/12 - Dep. Ex. 5, (Letter from Lamont Satchel to Edward McNeil Confirming Coalition of Unions representing Detroit City workers has ratified a new contract) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 508. | | 04/02/12 - Dep. Ex. 6, (Letter to Lamont Satchel from Edward McNeil providing updated list of coalition unions) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 509. | | 03/26/12 - DTMI00204529 - 204543, (2012 Financial Review Team Report, dated March 26, 2012) | |
| 510. | | 04/05/12 - DTMI00161620 - 161678, (2012 Consent Agreement) | |
| 511. | | 06/06/12 - Dep. Ex. 9, (City of Detroit Non-filer Collection Summary for years 2006 to 2009) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay; Relevance |
| 512. | | 06/11/12 - DMTI00098703- 98704 Email from Kyle Herman of Miller Buckfire to Heather Lennox & others Forwarding article "Bing: Detroit Will Miss Friday Payment if Suit Not Dropped" | Hearsay |
| 513. | | 07/18/12 - AFSCME000000291-337, (Letter from Satchel attaching City Employment Terms)· | Relevance |
| 514. | | 07/27/12 - AFSCME 000000340 – 343, (Inter-Departmental Communication from Lamont Satchel to City of Detroit Employees regarding employment terms) | Relevance |
| 515. | | 08/02/12 - Dep Ex. 11, (August 2, 2012 CET Implementation Project Kickoff Meeting) Deposition of Lamont Satchel, September 19, 2013 | Relevance; Hearsay |
| 516. | | 08/20/12 - AFSCME 000000344 - 347, (Cynthia Thomas Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |

| | | | |
|---|---|---|---|
| 517. | | 08/29/12 - DTMI00090577 – 90584, (Cynthia Thomas Revised Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |
| 518. | | 11/21/12 - DMTI00103931 - 103932, (Email Exchange with James Doak to Buckfire & others re: furloughs) | Hearsay; Relevance |
| 519. | | 12/02/12 - Moore Dep. Ex. 6, DTMI00078512 - 8514 (Email from Kriss Andrews to Andy Dillon re: respective roles of E&Y, Conway MacKenzie, and Miller Buckfire in restructuring) | |
| 520. | | 12/14/12 - DTMI00220457 - 220459, (2012 Treasury Report) | |
| 521. | | 12/18/12 - Dep. Ex. 12, (Letter from Edward McNeil to Lamont Satchel) Deposition of Lamont Satchel, September 19, 2013 | |
| 522. | | 12/19/12 - Dep. Ex. 13, (Budget Required Furlough) Deposition of Lamont Satchel, September 19, 2013 | |
| 523. | | 12/19/12 - Moore Dep. Ex. 7, DTMI00106319 - 106320, (Email from Van Conway to Moore Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 524. | | 12/19/12 - Moore Dep. Ex. 8, DTMI00079526, (Email from Moore to Kriss Andrews etc Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 525. | | 12/19/12 - Moore Dep. Ex. 9, (Email from Kriss Andrews to Baird Re: scope of work for Conway MacKenzie) | |
| 526. | | 12/19/12 - Moore dep. Ex. 10, DTMI00079528 - 79530 (Exhibit A Conway MacKenzie Scope of Services for January 9, 2013 through December 31, 2013) | |
| 527. | | 12/27/12 - Dep. Ex. 17 (Caremark/CVS Letter), Deposition of Lamont Satchel, September 19, 2013 | Hearsay; Relevance |
| 528. | | 01/2013 - Dep Ex. 5, (Water Supply System Capital | Hearsay; |

| | | | |
|---|---|---|---|
| | | Improvement Program Fiscal Years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 529. | | 01/2013 - Dep. Ex. 6, (Sewage Disposal System, Capital Improvement Program, Fiscal years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Hearsay; Relevance |
| 530. | | 01/03/13 - Dep Ex. 14, (Letter from Lamont Satchel to Ed McNeil in Response to December 28, 2012 Letter) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 531. | | 01/14/13 - DMTI00079665 - 79667(email from Kriss Andrews re: Professionals Call on Retiree Health Care Issues) | |
| 532. | | 01/22/13 - DMTI00079569 - 79574, (Email from Kriss Andrews to Himself attaching Executive Summary of Detroit Restructuring Plan) | |
| 533. | | 01/23/13 - Dep. Ex. 15, (Letter from Lamont Satchel to Ed McNeil responding to information request submitted December 18, 2012) Deposition of Lamont Satchel, September 19, 2013 | |
| 534. | | 01/25/13 - Dep. Ex. 16, (Letter from Ed McNeil to Lamont Satchel in preparation for meeting January 30, 2013) Deposition of Lamont Satchel, September 19, 2013 | |
| 535. | | 01/16/13 - Moore Dep. Ex. 11, DTMI00078909 - 78969 (Conway MacKenzie Professional Service Contract Transmittal Record approved January 16, 2013) | |
| 536. | 418 | 01/29/13 - DTMI00128731-128805, (Pitch Presentation given to the City by the City's Law Firm) | |
| 537. | 400 | 1/30/13 - JD-RD-0000113, (Email From Richard Baird forwarded by Corinne Ball to Heather Lennox "Bet he asked if Kevyn could be EM!") | |
| 538. | | 01/31/12 - JD-RD-0000177 -178, (10:52 email between Orr and his colleague) | |
| 539. | 403 | 01/31/13 - JD-RD-0000295 - 296 (3:45:47 PM Email between Kevyn Orr and Corinne Ball Re: Bloomberg | |

| | | | |
|---|---|---|---|
| | | involvement as a bad idea & new law as a "redo" of prior rejected law) | |
| 540. | 401 | 01/31/13 - JD-RD-0000303, (5:23:09 PM Email between Kevyn Orr and colleague re conversation with Richard Baird re: consideration of EM job; in response to email from Corinne Ball re: Bloomberg Foundation and financial support for EM & project) | |
| 541. | 402 | 01/31/13 - JD-RD-0000300 - 302, (4:10:58 PM Email exchange between Orr and Daniel Moss Re: prudence of making Detroit a "national issue" to provide "political cover" & best option to go through chapter 9) | |
| 542. | | 02/11/13 - DMTI00083374 - 83394, (City of Detroit FAB Discussion Document) | |
| 543. | 417 | 02/07/13 - JD-RD-0000334 - 336, (Email String between Richard Baird and Kevyn Orr re: Details of Emergency Manager Employment) February 12-13 | |
| 544. | | 02/12/13 - JD-RD-0000327, ( Email string between Richard Baird, Andy Dillon, Kevyn Orr and Others regarding schedule for Orr Visit on February 11, 2013) February 7, 2013-February 11, 2013 | |
| 545. | 420 | 02/13/13 - JD-RD-0000354-355, (Email String Regarding Prospect of Orr accepting position as Emergency Manager) February 13, 2013-February 15, 2013 | |
| 546. | | 02/18/13 - Moore Dep. Ex. 18, DTMI00103661 - 103663, (Email from Moore to Bill Pulte re: Pulte Capital Partners LLC employment to clear blight) | |
| 547. | | 02/19/13 - DTMI00080488 - 80508, (2013 Financial Review Team Report) | |
| 548. | | 02/19/13 - DTMI00080488 - 80508, (Supplemental Documentation of the Detroit Financial Review team Report) | |
| 549. | 405 | 02/20/13 - JD-RD-0000216 - 218, (Email attaching summary of partnership – Governor, Mayor & EM) | |
| 550. | 406 | 02/22/13 - JD-RD-0000459 - 464, (Email exchange concerning summary of partnership Exchange with Orr and Baird, forwarding exchange between Baird and Snyder) February 20- 22, 2013 | |

| | | | |
|---|---|---|---|
| 551. | | 02/22/13 - DTMI00097150 - 97154, (Letter from Irvin Corley, Director Fiscal Analysis Division and David Whitaker, Director Research & Analysis Division to Councilmembers Providing Comments on the Report of the Detroit Financial Review Team report) | |
| 552. | 419 | 03/2013 - DMTI00078433 - 78470, (City of Detroit Restructuring Plan, Mayor's Implementation Progress Report) | |
| 553. | | 03/01/13 - DTMI 00124558 - 24562, (Governor's Determination of Financial Emergency) | |
| 554. | | 03/11/13 - Moore Dep. Ex. 13, DTMI00078028– 78046, (FAB Discussion Document) | |
| 555. | | 03/27/13 - JD-RD-0000524 - 532, (Contract for Emergency Manager Services) | |
| 556. | | 04/05/13 - Moore Dep. Ex. 14 - DTMI00069987 – 70027, (City Council Review Restructuring Recommendations) | |
| 557. | | 04/08/13 - Moore Dep. Ex. 14 - DTMI00083414 – 83434 - (FAB Discussion Document) | |
| 558. | | 04/11/13 - , (Order No. 5, issued by the EM April 11, 2013, requires that the EM approve in writing of any transfers of the City's real property) | |
| 559. | | 05/02/13 - (Order No. 6, issued by the EM on May 2, 2013, directs the precise amount of deposits from the City to the Public Lighting Authority) | |
| 560. | 407 | 05/12/13 - DTMI00222548 - 222591, (Financial and Operating Plan) | |
| 561. | | 05/21/13 - Moore Dep. Ex. 4, DTMI00106352 - 6353, (email from Van Conway to Moore) | |
| 562. | | 05/21/13 - DTMI00106348 - 6349 (email exchange between Moore and Baird re: hiring of "Van" (Conway)) | |
| 563. | | 05/24/13 - Debtor's Omnibus Reply to Objections Ex. C, (Letter from Edward McNeil estimating savings from the Tentative Agreement of Approximately $50 million) | |
| 564. | 435 | 06/03/13 - Dep. Ex. 5, SOM20001327-1327-28, (Email String re: Financial and Operating Plan | Hearsay |

| | | | |
|---|---|---|---|
| | | Powerpoint January 3, 2013 through June 7, 2013) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 565. | | 06/10/13 - DTMI0011511-115432, (June 10 Presentation) | |
| 566. | 422 | 06/14/13 - DTMI00083043 - 83044, (letter from counsel to the City of Detroit to AFSCME) | |
| 567. | 408 | 06/14/13 - DTMI00227728 - 227861, (City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 568. | | 06/14/13 - DTMI00083741 - 83805, (Executive Summary of City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 569. | 423 | 06/17/13 - AFSCME000000040 - 41 Kreisberg letter to Miller Buckfire & Co., LLC. | |
| 570. | | 06/20/13 - DTMI00078574 - 78597, (Retiree Legacy Cost Restructuring, Uniform Retirees June 20, 2013 Presentation) | |
| 571. | | 06/20/13 - DTMI00078598 - 78621, (Retiree Legacy Cost Restructuring, Non-Uniform Retirees June 20, 2013 Presentation) | |
| 572. | | 06/21/13 - DMTI00099297 - 99298, (Email Sonya Mays to herself Re: refining current responsibilities to align more closely with City's financial restructuring effort) | |
| 573. | 421 | 06/21/13 - DTMI00078573 - 78621, (email from Lamont Satchel to David Bing and others attaching Emergency Manager's current restructuring plan for healthcare benefits and pensions) | |
| 574. | | 06/27/13 - DTMI00084443, (letter from counsel to the City of Detroit to AFSCME) (Letter to Ed- not letter included in objection) | |
| 575. | | 06/28/13 - DTMI00135831, (June 28, 2013 email from counsel to the City of Detroit to AFSCME) | |
| 576. | | 06/30/13 - DTMI00175701 - 175736, (City of Detroit Water Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |

| | | | |
|---|---|---|---|
| 577. | | 06/30/13 - DTMI00175663 - 74700, (City of Detroit Sewage Disposal Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |
| 578. | 430 | 07/02/13 - AFSCME000000036 - 39, (Kreisberg letter to counsel to the City of Detroit) | |
| 579. | 431 | 07/03/13 - DTMI00084320 - 84321, (letter from counsel to the City of Detroit to AFSCME) | |
| 580. | | 07/04/13 - DTMI00109900 -109901, (Email from Dana Gorman to Bill Nowling attaching Communications Rollout) | Hearsay |
| 581. | 436 | 07/08/13 - Dep. Ex. 7, SOM200003601, (Email re: Detroit and Pension Cuts) Deposition of Richard Baird, October 10, 2013 | |
| 582. | | 07/08/13 - SOM20010097, (Email from Bill Nowling to Governor's Office Attaching July 4, 2013 Spreadsheet entitled "Chapter 9 Communications Rollout") | Hearsay |
| 583. | | 07/18/13 - (Order No. 10, issued by the EM on July 8, 2013, suspends the Detroit Charter's requirement for filling vacancies on City Council) | |
| 584. | | 07/09/13 - SOM20010234, (Email from Treasurer Andy Dillon to the Governor and other Individuals in the Governor's Office) | Hearsay |
| 585. | 437 | 07/09/13 - Dep. Ex. 8, SOM200003657, (email re: Detroit and Referencing Meeting Keyvn Orr to have with pensions) Deposition of Richard Baird, October 10, 2013 | Hearsay |
| 586. | | 07/11/13 - DMTI00104215-104217, (Email from Dave Home to Kenneth Buckfire forwarding pre-read for call regarding options for protecting art) | Hearsay |
| 587. | 409 | 07/16/13 - DTMI00099244 - 99255, (Emergency Manager Recommendation of Chapter 9 Filing) | |
| 588. | | 07/17/13 - DTMI00128729-128730, (Email from Ken Buckfire regarding the deal reached between the City and its swap counterparties) | Hearsay |
| 589. | 429 | 07/17/13 - DTFOTA0000001 - 8, (Ernst & Young Amendment No. 7 to Professional Services Contract with City of Detroit) | |
| 590. | 410 | 07/18/13 - DTMI00116442 - 116445, (Governor's | |

| | | | |
|---|---|---|---|
| | | Authorization of Chapter 9 Filing) | |
| 591. | | 07/18/13 - Decl. Ex. A (Temporary Restraining Order dated July 18, 2013) Kreisberg Declaration, August 19, 2013 | |
| 592. | | 07/19/13 - Ex. B (Order of Declaratory Judgment dated July 19, 2013) Kreisberg Declaration, August 19, 2013 | |
| 593. | | 07/19/13 - DTMI00116442-116445, (email re: High Priority with attached July 18, 2013 Letter re Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 594. | | 08/06/13 - AFSCME000000050, (Kreisberg letter to counsel to the City of Detroit) (no attachment) | Relevance |
| 595. | | 08/08/13 - AFSCME000000045 - 46, (letter from counsel to the City of Detroit to AFSCME) | Relevance |
| 596. | 413 | 09/11/13 - Ex. 14, (Retiree Legacy Cost Restructuring Presentation) Deposition of Kevyn Orr, September 16, 2013 | Relevance |
| 597. | | 09/13/13 - DTFOTA1 – 153, (Letter from Jones Day to Caroline Turner attaching documents relied upon in Buckfire and Malhotra Depositions) Deposition of Kenneth A. Buckfire, September 20, 2013 | |
| 598. | | 10/09/13 - Ex. 11, (Email Subject: High Priority) Deposition of Governor Richard Snyder, October 9, 2013 | |
| 599. | | DTMI00117210 -117215, (Detroit City Council Rationale for Appeal) | Authentication; Relevance |
| 599-0 | | Ex. 18, (City Government Restructuring Program Hot Items) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay |
| 599-1 | | NERD Tax Return | Authentication; Hearsay; Relevance |
| 599-2 | | 6/11/13 – DTMI00234907-908, Dep. Ex. 9, (Email re: Professional Fees) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 599-3 | | 09/16/13 - Ex. B, (Deposition Transcript of Emergency Manager Kevyn Orr September 16, 2013) | |

| | | Declaration of Michael Artz. | |
|---|---|---|---|
| 599-4 | | 10/04/13 - Ex. E, (Transcript of continued deposition testimony given by Emergency Manager Kevyn Orr) Declaration of Michael Artz. | |
| 599-5 | | 10/09/13 - Ex. A, (Deposition Transcript of Governor Richard Snyder) Declaration of Michael Artz. | |
| 599-6 | | 09/20/13 - Ex. C, (Deposition Transcript of Guarav Malhotra) Declaration of Michael Artz. | Hearsay |
| 599-7 | | 09/18/13 - Ex. D, (Deposition of Charles Moore) Declaration of Michael Artz. | Hearsay |
| 599-8 | | Any and all documents, correspondence and/or other materials authored by any witnesses identified in City's witness list that contain relevant facts and/or information regarding this matter | |
| 599-9 | | Any and all exhibits identified by any party. | |

## III.    *Deposition Designations*

**The AFSCME hereby submits the following deposition designations**

<u>9/16/13 10/4/13 Kevyn Orr deposition</u>:

p. 18, L. 12 - p. 21, L. 20
p. 21, L. 3-6
p. 24, L. 24 – 25
p. 31, L. 5
p. 137, L. 25 – p. 138, L. 8
p. 220, L. 19  - p. 221, L. 10
p. 237, L. 15 – p. 237, L. 5
p. 252, L. 25 – p. 253, L. 16
p. 288, L. 2- 9
p. 301, L. 19 – p. 302, L. 8
p. 377, L. 1 – p. 380, L. 13

<u>9/20/13 Gaurav Malhotra deposition</u>:

p. 44, L. 21 – p. 45, L. 17
p. 86, L. 20 – 23

<u>9/18/13 Charles Moore deposition:</u>

p. 62, L. 2-7
p. 63, L. 10-12

<u>10/9/13 Governor Richard Snyder deposition</u>:

p. 46, L. 3 - 23
p. 52, L. 13 - 15
p. 63, L. 9 – p. 64, L. 18

<u>10/10/13 Treasurer Andrew Dillon deposition</u>

p. 63, L. 5 – p. 66, L. 1
p. 68, L. 23 – p. 71, L. 12
p. 119, L. 1 – p. 121, L. 17

<u>10/10/13 Andrew Baird deposition:</u>

p. 13, L. 11- p. 15, L. 10
p. 16, L. 2 - 18
p. 19, L. 2 – 20

<u>10/14/13 Mayor Dave Bing deposition:</u>

p. 12, L. 7 – p. 13, L. 24
p. 14, L. 9 - 21
p. 20, L. 19 – 24
p. 45, L. 24 – p. 46, L. 10
p. 76, L. 2 – p. 68, L. 9
p. 69, L. 8 – p. 70, L. 25
p. 100, L. 15 – p. 101, L. 13
p. 103, L. 15 – p. 106, L. 6
p. 106, L. 11 – p. 108, L. 9
p. 107, L. 16 – p. 108, L. 1

In addition to above, AFSCME reserves the right to add the designations of the other Objectors including but not limited to the depositions of Lamont Satchel on September 19, 2013, Kenneth Buckfire on September 20, 2013, and Glenn Bowen on September 24, 2013, to counter-designate portions of depositions that have been designated by the City, and amend these designations at or prior to trial.

# ATTACHMENT E

**THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED
(1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION**

## THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

## I.   *Witness List*

A.   The UAW and Flowers hereby submit this consolidated list of individuals who will be called as witnesses in the eligibility trial:

1.   Michael Nicholson - Subject:  City's pre-petition meetings with stakeholders and status of the employees and retirees of the Detroit Public Library

2.   Jack Dietrich – history of bargaining between UAW Local 2211 and City

3.   Janet Whitson –impact of pension cuts on retirees, including Detroit Public Library Retirees

4.   Michigan Governor Rick Snyder – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

5.   Michigan Treasurer Andy Dillon – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

6.   Michigan Transformation Manager Rick Baird – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

C.   The UAW hereby reserves the right to call as witnesses any witness called by any other party.

## II.   *Exhibit List*

The UAW hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Exhibit Numbers | | Exhibit | Objections |
|---|---|---|---|
| **UAW** | **Common** | | |
| 600 | 418. | Orr deposition Exh. 21 (Jones Day 1/29/13 pitchbook) | |
| 601 | 400 | Orr deposition Ex. 1, JD-RD-0000113 (email chain) | |
| 602 | 401. | Orr deposition Ex. 2, JD-RD-000303 (email chain) | |
| 603 | 402 | Orr deposition Ex. 3, JD-RD-0000300-302 (email chain) | |
| 604 | 405. | Orr deposition Ex. 6, JD-RD-0000216-218 (email chain) | |
| 605 | 407 | Orr deposition Ex. 8, (no Bates stamp) (5/12/13 EM Financial and Operating Plan) | |
| 606 | 408. | Orr deposition Ex. 9 (6/14/13 Proposal for Creditors) | |
| 607 | 409. | Orr deposition Ex. 10 (no Bates stamp) (7/16/13 EM letter to Governor) | |
| 608 | 410. | Orr deposition Ex. 11 (no Bates stamp) (7/18/13 Governor letter to EM) | |
| 609 | 414. | Orr's 7/18/13 declaration [Docket No. 11] | |
| 610 | None. | Orr deposition Ex. 17, City's responses to Retirement System's Admissions Requests [Docket No. 15] | |
| 611 | 410. | Orr deposition Ex. 18, DTMI00082699 (6/27/13 Jones Day letter to John Cunningham) | |
| | 436. | 7/8/13 email from Treasurer Dillon to Governor Snyder, (SOM20003601) | Hearsay |

| 612 | None | Buckfire deposition Ex. 13, DTM00103931-932 (Email chain) | Hearsay |
|------|------|------|------|
| 613 | 421. | Lamont Satchel deposition Ex. 18 (June 20, 2013 proposal). | Hearsay |
| 614 | None. | Rick Snyder Dep. Ex. 10, City of Detroit Chapter 9 Communications Rollout Plan | Hearsay |
| 615 | 437. | Rick Snyder Dep. Ex. 9, 7/9/13 email from Dillon to Snyder | Hearsay |
| 616 | 436. | Rick Snyder Dep. Ex. 8, 7/8/13 email from Dillon to Snyder | Hearsay |
| 617 | 435. | Rick Snyder Dep. Ex. 7 | Hearsay |
| 618 | 434. | Rick Snyder Dep. Ex. 6 | Hearsay |
| 619 | None | Rich Baird deposition Ex. 5 2/20/13 email from Baird to Orr | Relevance |
| 620 | None | Rich Baird deposition  Ex. 6, 2/22/13 email from Baird to Orr | Relevance |
| 621 | 438 | Andy Dillon deposition Ex. 5, 7/19/email | Hearsay |
| 622 | None | Andy Dillon deposition Ex. 7, 3/2/12 email | Hearsay; Relevance |
| 623 | None | UAW document production bates-stamped 302-303 (Michael Nicholson question cards) | |
| 624 | None | 7/18/13 Michael Nicholson affidavit, with attachments A and B | Hearsay; Relevance |

## III.   DEPOSITION DESIGNATIONS

**The UAW hereby submits the following deposition designations:**

9/16/13 Kevyn Orr deposition:

p.17; L.15-18
p.25, L.23 – p.26, L.18
p.29, L.6 – 12
p.40, L.1 – L.14
p.69, L.16 – p.70, L.2
p.74, L.6 – 9

p.81, L.22 – p.82, L.11
p.84, L.13 – p.86, L.1
p.94, L.8 – 17
p.95, L.10 – p.96, L.6
p.99, L.6 – 15
p.103, L.20 -23
p.104, L.5-7
p.105, L.18 – p.108, L.7
p.110, L.20 – p.111, L.5
p.113, L.13 – 22
p.124, L.10 – p.125, L.3
p.128, L.9 – 11
p.129, L.14 – 18
p.136, L.18 – p.137, L.1
p.155, L.1 – p.156, L.22
p.155, L.16 – p156, L.22
p.163, L.8-17
p.164, L.16-25
p.168, L.5 – p.170, L.9
p.173, L.21-23
p.182, L.9 – 21
p.183, L.23- p.184, L.2
p.185, L.10-23
p.189, L.14-16
p.220, L.19 – p.221, L.10
p.222, L.13 – p.223, L.21
p.225, L.16 – p.226, L.5
p.239, L.7 – 15
p.246, L.12 – p.247, L.7
p.252, L.16 – p.253, L.6
p.257, L.17 – 20
p.260, L.8 – 21
p.261, L.21 – p.262, L.4
p.262, L.16 – 23
p.263, L.22 – p.264, L.19
p.267, L.11 – p.268, L.1
p.273, L.6 -17
p.361, L.7-20
p.374, L.9 – p.375, L.7
p.376, L.12-21

p.379, L.21 – p.380, L.20
p.383, L.3 – L.6
p.385, L.1-7
p.408, L.6 – p.419, L.7
p.422, L.17 – p.423, L.7
p.427, L.11 – p.428, L.11
p.429, L.16 – 21
p.446, L.1 – p.447, L.10
p.478, L.7 – p.479, L.1
p.479, L.13 – p.479, L.21

9/20/13 Gaurav Malhotra deposition

p.54, L.22 – p.5, L.12
p.56, L.9 – p.57, L.1

9/18/13 and 10/4/13: Charles Moore deposition

p. 61 L. 18 - p. 62 L.7
p. 65 L. 12 – 23
p. 134 L. 23 - p. 135 L 16
p. 140 L. 16 - p. 141 L. 22
p. 150 L. 16 - p. 152 L. 21

9/20/13: Kenneth Buckfire

p. 67; L 13 - p. 68 L.11
p. 191 L.22 - p. 193 L. 9
p. 194 L. 10 – 24
p. 195 L.12- 17
p. 198 L 4- 12.
p. 211 L. 16 - p. 212 L.3
p. 225 L. 10 - p. 226 L. 4

9/24/13: Glenn Bowen

p. 34 L. 8 -21
p. 35 L. 12 - p. 36 l. 4
p. 43 L. 15 - p. 44 L. 8.

9/19/13 Lamont Satchel

p. 11 L. 11 -p. 14 L. 13
p. 54 L. 11 – p. 55 L. 20
p. 58 L. 17 – p. 59 L. 15
p. 61 L. 2 – p. 63 L. 5
p. 65 L. 13 – p. 66 L. 1
p. 68 L. 1 – L. 10
p. 69 L. 4- 72 p. 7
p. 72 L. 8 – p. 73 L. 1
p. 79 L. 2 - 81 L. 16
p. 82 L. 9 – p 84 L. 22
p. 86 L. 12- p. 87.2
p. 88 L. 13-19.

Deposition transcript of Howard Ryan, Treasury Department of Michigan, Director

of Office of Legislative Affairs (in its entirety)

## IV.    RESERVATION OF RIGHTS

UAW and the *Flowers* Plaintiffs anticipate filing motions challenging

certain assertions of privilege made by the City and/or by the State.  Should the

Court as a result of such motions find that the City and/or State improperly

withheld testimony or documents, the UAW and *Flowers* Plaintiffs reserve the

right to supplement or modify their exhibit and witness lists and statement of

claim.

104

# ATTACHMENT F

## THE DETROIT PUBLIC SAFETY UNIONS'
## CONSOLIDATED (1) WITNESS LIST,
## (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

## THE DETROIT PUBLIC SAFETY UNIONS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") through their counsel, Erman, Teicher Miller, Zucker & Freedman, P.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1.    Daniel F. McNamara (see Declaration, Dkt. 512-6)
c/o Erman, Teicher Miller, Zucker & Freedman, P.C
400 Galleria Officentre, Suite 444
Southfield, MI 48034
Telephone: (248) 827-4100

Mr. McNamara will testify about his duties as president of the DFFA, his responsibilities and the responsibilities of the DFFA on behalf of its members, and his dealings with representatives of the City prior to and after the filing of the chapter 9 petition. In particular, he will testify about correspondence with Lamont Satchel that addressed the termination of 2009 – 2013 Collective Bargaining Agreement effective 11:59 p.m. June 30, 2013; the City's terms and conditions of employment following the expiration of the CBA; and follow up meetings. Mr. McNamara will testify about the City's unilateral imposition of wage cuts, cuts to health care benefits and pension restructuring proposals, and that there were no negotiations between the City and the DFFA, despite the DFFA's willingness to participate at meetings.

106

2.  Mark Diaz  (see Declaration, Dkt. 512-1)
    c/o Erman, Teicher Miller, Zucker & Freedman, P.C
    400 Galleria Officentre, Suite 444
    Southfield, MI  48034
    Telephone: (248) 827-4100

Mr.  Diaz will testify about his duties as president, his responsibilities and the responsibilities of the DPOA on behalf of its members,    and his efforts to negotiate and arbitrate labor matters with the City.  In particular, Mr. Diaz will testify about  the Act 312 Arbitration and the awards that were issued as a result of same. He will testify that the City's lack of negotiations; the City's announcement of  its intention to impose new health care plans on the DPOA and other Public Safety Unions which significantly increase the members' out of pocket medical costs; and about the  "informational meetings" in June and July 2013, at which representatives from  Jones Day presented very general outlines of the City's restructuring proposal.

3.  Mark Young (see Declaration, Dkt. 512-7)
    c/o Erman, Teicher Miller, Zucker & Freedman, P.C
    400 Galleria Officentre, Suite 444
    Southfield, MI  48034
    Telephone: (248) 827-4100

Mr. Young will testify about his duties as president, his responsibilities and the responsibilities of the DPLSA on behalf of its members.  Mr. Young will testify about the DPLSA Feb. 4, 2013 Petition for Act 312 arbitration and the subsequent action of the City claiming it was not obligated to engage in bargaining under the Public Employment Relations Act, MCL 423.201 et seq as a result of Section 27(3) of Public Act 436; the decision of the MERC on July 14, 2013 granting the City's motion to dismiss the Act 312 arbitration; and the City's   subsequent statements that it had  no obligation to bargain with the DPLSA.  He will also testify about the City's actions in June and July 2013 relative to the termination of the CBA and the City's intent to impose changes to wages, benefits and working conditions, and correspondence with Lamont Satchel, the City Labor Relations Director.   Mr. Young will testify about presentations made by the City in June and July 2013 relative to pension restructuring and health plan changes for DPLSA members, and other meetings with the City/Emergency Manager to talk about employment issues

for DPLSA members, and the City's statement that the meetings should not be categorized as negotiations.

      4.     Mary Ellen Gurwitz  (see Declaration, Dkt. 512-8)
              c/o Erman, Teicher Miller, Zucker & Freedman, P.C
              400 Galleria Officentre, Suite 444
              Southfield, MI  48034
              Telephone: (248) 827-4100

Ms. Gurewitz will testify about the lack of negotiations between the DPCOA and the City and the terms that have been imposed by the City, and, in particular, the lack of negotiations with the City prior to the chapter 9 filing.

      B.     The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

      1.     Jeffrey M. Pegg, Vice President, DFFA Local 344

      2.     Teresa Sanderfer, Secretary, DFFA Local 344 Committee Member

      3.     Robert A. Shinske, Treasurer, DFFA Local 344

      4.     Linda Broden, Sergeant at Arms, DPOA RDPFFA

      5.     Rodney Sizemore, Vice President

      6.     Steve Dolunt, President, DPCOA

      7.     James Moore, Vice president, DPCOA

Each of the Detroit Public Safety Unions reserves the right to call any witness listed by the City, the State of Michigan or by any objecting party.

      C.     Witnesses from Deposition testimony:

Each of the Detroit Public Safety Unions reserves the right to  offer any portion of any deposition designated by any other objecting party.

## II. Exhibit List

The Detroit Public Safety Unions' hereby submit this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Public Safety Unions' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 704 | DFFA letter dated July 12, 2013 | |
| 705 | Jones Day letter of July 17, 2013 | |
| 706 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354 Panel's Findings, Opinion and Orders | Hearsay; Relevance |
| 707 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354, Supplemental Award | Hearsay; Relevance |
| 708 | City of Detroit v. DPOA MERC Case No.D12 D-0354 Chairman's Partial Award on Health Insurance | Hearsay; Relevance |
| 709 | Letter from Jones Day, Brian West Easley, dated June 14, 2013 | |
| 710 | Letter from Jones Day, Brian West Easley, dated June 27, 2013 | |
| 711 | DFFA Master Agreement, 2001-2009 | |
| 712 | DFFA Act 312 Award, dated Oct./Nov. 2011 | Hearsay; Relevance |
| 713 | DFFA Supplemental Act 312 Award | Hearsay; Relevance |
| 714 | DFFA Temporary Agreement | Hearsay; Relevance |
| 715 | DPLSA Master Agreement, 2009 | |
| 716 | DPCOA Master Agreement | |
| 717 | DPCOA Temporary Agreement | Hearsay; Relevance |
| 718. | City of Detroit v. DPOA MERC Case No.D09 F-0703 Decision and Order | Hearsay; Relevance |

109

| 719 | City of Detroit v. DPOA, No. C07 E-110 | Hearsay; Relevance |
| --- | --- | --- |

Each of the Detroit Public Safety Unions reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other objecting party.

# ATTACHMENT G

**THE RETIREMENT SYSTEMS' CONSOLIDATED
(1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

## THE RETIREMENT SYSTEMS' CONSOLIDATED
## (1) WITNESS LIST,
## (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems"), through their counsel, Clark Hill PLC, hereby submits the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Retirement Systems hereby submit this consolidated witness list of individuals who will be called as witnesses via deposition and/or live testimony in the eligibility trial:

1.    Kevyn D. Orr, Emergency Manager for the City of Detroit

2.    Andrew Dillon, Michigan Treasurer (via deposition or live)

3.    Richard Snyder, Michigan Governor (via deposition or live)

4.    Kenneth Buckfire, Miller Buckfire (via deposition or live)

B.    The Retirement Systems hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

112

1.   Glenn Bowen, Milliman Principal and Consulting Actuary Glenn Bowen (via deposition)

2.   Lamont Satchel, Michigan Labor Relations Director Lamont Satchel (via deposition)

3.   Charles Moore, Conway Mackenzie Managing Director (via deposition)

4.   Bradley A. Robins, Head of Financing Advisory & Restructuring for North America at Greenhill & Co., LLC

5.   Eric Mendelsohn, Managing Director of Greenhill & Co., LLC

6.   David Bing, Mayor for the City of Detroit (via deposition)

7.   Howard Ryan, State of Michigan 30(b)(6) Witness (via deposition)

C.   The Retirement Systems hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.   The Retirement Systems hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

## II.   *Exhibit List*

The Retirement Systems hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| Common | RSCD | | |

| | | | |
|---|---|---|---|
| | | OrrDep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| | | 01/29/13 – Orr Dep. Ex. 21, DTMI00128731–805 (Jones Day 1/29/13 Pitchbook) | |
| | | 01/30/13 – OrrDep. Ex. 1, JD–RD–0000113 (email chain) | |
| | | 01/31/13 – OrrDep. Ex. 4, JD–RD–0000295–96 (email chain) | |
| | | 01/31/13 – OrrDep. Ex. 3, JD–RD–0000300–02 (email chain) | |
| | | 01/31/13 – OrrDep Ex. 2, JD–RD–0000303 (email chain) | |
| | | 02/13/13 – OrrDep. Ex. 20, JD–RD–0000334–36 (email chain) | |
| | | 02/15/13 – OrrDep. Ex. 25, JD–RD–0000354–55 (email chain) | Authentication ; Hearsay |
| | | 02/20/13 – OrrDep. Ex. 6, JD–RD–0000216–18 (email chain) | |
| | | 02/22/13 – OrrDep. Ex. 7, JD–RD–0000459–64 (email chain) | |
| | | 03/2013 – Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| | | 05/12/13 – Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| | | 06/14/13 – Orr Dep. Ex. 9, Dkt. 438–16 (City of Detroit Proposal for Creditors) | |
| | | 06/27/13 – Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| | | 07/12/13 – Orr Dep. Ex. 12, Dkt. 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| | | 07/17/13 – Orr Dep. Ex. 13, Dkt. 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| | | 07/16/13 – Orr Dep. Ex. 10, Dkt. | |

114

| | | | |
|---|---|---|---|
| | | 11–10 (letter Re: Recommendation Pursuant to Section 18(I) of PA 436) | |
| | | 07/18/13 – Orr Dep. Ex. 11, Dkt. 11–11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| | | 09/11/13 – Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| | | 09/13/13 – Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' Frist Requests for Admission Directed to the City of Detroit | |
| | | 11/16/12 – Bowen Dep. Ex. 9, DTMI00066269–74 (letter Re: DGRS Simple Projection) | |
| | | 05/20/13 – Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| | | 05/21/13 – Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| | | 09/24/13 – Bowen Dep. Ex. 4, DTMI00066176–90 (letter Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA) | |
| | | 09/24/13 – Bowen Dep. Ex. 14, (letter Re: One–Year Service Cancellation for DRGS and PFRS) | |
| | | 06/14/13 – Satchel Dep. Ex. 19, Dkt. 438–7(letter Re: Retiree | |

| | | | |
|---|---|---|---|
| | | Benefit Restructuring Meeting) | |
| | | 06/17/13 – Satchel Dep. Ex. 20, Dkt. 438–6 (letter Re: Request from EFMfor additional information) | |
| | | 06/21/13 – Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| | | 07/02/13 – Dkt. 438–9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| | | 07/03/13 – Dkt. 438–10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| | | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097–100, plus unnumbered timeline attachment) | Hearsay |
| | | 07/17/2013 – Timeline/City of Detroit Chapter 9 Communications Rollout Plan (Snyder Dep 6, SOM20001331, plus unnumbered attachment) | Hearsay |
| | | 01/29/2013 – Baird Dep. Ex. 1 – Presentation to the City of Detroit, Jones Day (DTMI00128731–805) | |
| | | 07/09/2013 – Dillon Dep. Ex. 5 – Email A. Dillon to R. Snyder, D. Muchmore, R. Baird re: Detroit (SOM20010234) | Hearsay |
| | | 04/15/2013 – Email T. Stanton to B. Stibitz re: crains (SOM20009880) | Hearsay |
| | | 03/13/2013 – Email A. Dillon to T. Saxton, B. Stibitz, F. Headen re: KO (SOM20009255–56) | Hearsay |
| | | 02/27/2013 – Email J. Martin to C. | |

| | | | |
|---|---|---|---|
| | | Ball (cc: A. Dillon, K. Buckfire) re: Solicitation for Restructuring Legal Counsel (DTMI00234545) | |
| | | 05/12/2013 – Vickie Thomas CBS Detroit report re *Detroit EM Releases Financial Plan; City Exceeding Budget By $100M Annually* | Hearsay |
| | | 05/12/2013 – Financial and Operating Plan, City of Detroit, Office of Emergency Manager, Kevyn D. Orr | |
| | | 03/25/2012 – Email L. Marcero to K. Buckfire, etc. re: FW: Comments to draft from the City 3/23 (DTMI00234777–78) | Hearsay |
| | | 03/29/2012 – L. Marcero to K. Buckfire, et al. re: FW: Revised Agreement (DTMI00234774–76) | Hearsay |
| | | 05/20/2012 – H. Sawyer to K. Buckfire, et al. re: Detroit Update (DTMI00234763–64) | Hearsay |
| | | 6/5/2012 K. Herman to K. Buckfire, et al. re: Detroit consent agreement lawsuite to be heard by Ingham County Judge Collette (DTMI00234761–62) | Hearsay |
| | | 6/5/2012 – T. Wilson to H. Lennox re: meeting with Governor and conversation with K. Buckfire and Memos for Andy Dillon (DTMI00233348–49) | |
| | | 3/24/2012 Email to Ken Buckfire from L. Marcero (DTMI00234796—798) | Hearsay |
| | | 3/2/2012 – Email RE: PA 4 and Consent Agreement (Dillon Ex. 6, DTMI0023878–80) | Hearsay |
| | | 12/5/2012—Email K. Buckfire to | |

| | | | |
|---|---|---|---|
| | | C. Ball, et al. (DTMI00234741–48) | |
| | | 6/27/2013 Email from Tom Saxton and Terry Stanton (SOM20002871) | Hearsay |
| | | 3/3/2012 Email to Andy Dillon (Dillon Ex. 7, DTMI00234877) | Hearsay |
| | | 3/7/2012 Email to Ken Buckfire (DTMI00234867–234871) | |
| | | 3/24/2012 Email RE: Andy Dillon and Ch. 9 (DTMI00234799–800) | |
| | | 3/24/2012 Email to Ken Buckfire RE: Meeting w/ Dillon RE: PA, PA 72, Ch. 9 filing (DTMI00234796–234798) | Hearsay |
| | | 1/28/2013 Email to Orr RE: RFP (DTMI00235165–66) | Hearsay |
| | | 11/21/2012 Email to Ken Buckfire (Buckfire Dep. Ex. B13, DTMI00103933–34) | Hearsay |
| | | 1/30/2013 Email to K. Orr RE: RFP by MB (DTMI00234685) | Hearsay |
| | | 3/22/2013 Treasury Email RE: Milliman report (Dillon Exhibit 8, SOM20009920–9921) | Hearsay |
| | | 3/5/2012 Email to Andy Dillon (DMTI00231930) | |
| | | 7/8/2013 Email from Dillon to Governor (Baird Dep Ex. 7, SOM20003601) | Hearsay |
| | | 3/10/2012 Email to K. Buckfire (DTMI00234852–863) | |
| | | 1/28/2013 Email to K. Orr RE: Detroit Ch. 9 (DTMI00234687) | |
| | | 1/30/2013 Email to K. Orr RE: RFP Process (DTMI00234684–86) | Hearsay |
| | | 3/24/2012 Email to K. Buckfire RE: Update on Meeting with State | |

| | | | |
|---|---|---|---|
| | | Today (DTMI00234779–4788) | |
| | | 3/22/3012 Email to Andy Dillon and K. Buckfire (DTMI00234814) | Hearsay |
| | | 3/27/2012 Email to Chuck Moore (DTMI00235061) | Hearsay |
| | | 2/11/2013 Email to K. Orr RE: Ch. 9 filing (DTMI00235163) | |
| | | 1/15/2013 Email to K. Orr (DTM100235218) | |

## III.  *Deposition Designations*

The Retirement Systems hereby submits the following deposition designations:

09/16/13 Kevyn Orr

p. 10, L. 23 – p. 11, L. 14
p. 10, L 17–22
p. 12, L. 1 – p. 13, L. 25
p. 14, L. 14 – p. 15, L. 17
p. 17, L. 7 – p. 19, L. 19
p. 20, L. 19 – 25
p. 21, L. 3 – 20
p. 21, L. 21 – 24
p. 23, L. 13 – 19
p. 23, L. 24 – 25
p. 24, L. 4 – p. 25, L. 22
p. 26, L. 20 – 25
p. 29, L. 6 – p. 32, L. 4
p. 32, L. 14 – 23
p. 33, L. 5 – 13
p. 38, L. 11 – p. 41, L. 17
p. 43, L. 15 – p. 45, L. 19
p. 46, L. 7 – p. 47, L. 18
p. 48, L. 1 – p. 49, L. 8
p. 50, L. 23 – p. 53, L. 7
p. 53, L. 16 – 24
p. 54, L. 2 – 5

p. 54, L. 13 – 19
p. 54, L. 22 – p. 55, L. 5
p. 55, L. 8 – 17
p. 55, L. 20 – p. 56, L. 19
p. 56, L. 21
p. 57, L. 11 – p. 60, L. 13
p. 61, L. 17 – p. 62, L. 24
p. 63, L. 25 – p. 64, L. 11
p. 65, L. 15 – p. 66, L. 1
p. 69, L. 3 – p. 71, L. 2
p. 71, L. 6 – 8
p. 71, L. 17 – p. 78, L. 5
p. 78, L. 21
p. 79, L. 2 – 6
p. 79, L. 16 – p. 80, L. 8
p. 80, L. 25 – p. 82, L. 23
p. 82, L. 25 – p. 83, L. 3
p. 83, L. 16 – p. 84, L. 2
p. 84, L. 13 – 16
p. 84, L. 18 – 24
p. 85, L. 19 – p. 86, L.1
p. 86, L. 16 – p. 95, L. 1
p. 95, L. 6 – p. 96, L. 6
p. 96, L. 25 – p. 108, L. 7
p. 110, L. 12 – p. 119, L. 10
p. 119, L. 20 – p. 120, L. 16
p. 120, L. 19 – p. 121, L. 12
p. 122, L. 7 – p. 123, L. 14
p. 123, L. 17 – p. 125, L. 10
p. 125, L. 24 – p. 127, L. 4
p. 127, L. 24 – p. 130, L. 23
p. 129:14–18
p. 132, L. 12 – p. 133, L. 25
p. 134, L. 3 – p. 135 L. 4
p. 136, L. 18 – p. 137, L. 1
p. 137, L. 12 – p. 144, L. 23
p. 145, L. 25 – p. 146, L. 10
p. 147, L. 19 – 25
p. 148, L. 16 – p. 153, L. 8
p. 166, L. 12 – 24

p. 168, L. 5 – p. 172, L. 4
p. 172, L. 19 – p. 176, L. 20
p. 177, L. 21 – p. 178, L. 1
p. 179, L. 2 – p. 185, L. 23
p. 187, L. 3 – p. 190, L. 12
p. 192, L. 2 – 8
p. 215, L. 13 – 24
p. 247, L. 1 – 7
p. 248, L. 15 – p. 249, L. 5
p. 251, L. 16 – 18
p. 252, L. 4 – 5
p. 252, L. 12 – p. 253, L. 6
p. 260, L. 8 – 21
p. 261, L. 21 – p. 262, L. 4
p. 262, L. 13 – 23
p. 266, L. 18 – 25
p. 267, L. 11 – p. 268, L. 1
p. 270, L. 25 – p. 272, L. 6
p. 271:18–21
p. 272, L. 20 – p. 273, L. 13
p. 273, L. 24 – p. 276, L. 8
p. 277, L. 19 – p. 279, L. 6
p. 279, L. 23 – p. 280, L. 4
p. 280, L. 17 – 19
p. 280, L. 23 – 25
p. 288, L. 10 – p. 292, L. 11
p. 293, L. 12 – p. 297, L. 19
p. 299, L. 22 – p. 303, L. 7

<u>10/04/13 Kevin Orr Deposition Designations</u>

p. 323, L. 22 – p. 324, L.14
p. 328, L. 4 – p. 329, L. 3
p. 330, L. 13 – 17
p. 331, L. 18 – p. 332, L. 1
p. 332, L. 2
p. 333, L. 11 – p. 335, L. 9
p. 361, L. 7 – p. 362, L. 22
p. 364, L. 5 – p. 365, L. 7
p. 368, L. 10–15

p. 369, L. 12 – p. 381, L. 2
p. 409, L. 9 – p. 412, L. 18
p. 415, L. 7 – p. 417, L. 11
p. 419, L. 2 – 7
p. 455, L. 3 – p. 457, L. 1
p. 477, L. 8 – p. 481, L. 22
p. 489, L. 8 – 22

09/19/13 Lamont Satchel Deposition Designations

p. 65, L. 7 – p. 66, L. 9
p. 88, L. 14 – p. 89, L.18
p. 89, L. 25 – p. 90, L. 1
p. 90, L. 4 – p. 91, L. 3

09/24/13 Glen David Bowen Deposition Designations

p. 12, L. 7 – 9
p. 19, L. 12 – 20
p. 34, L. 8 – 21
p. 63, L. 21 – p. 64, L. 5
p. 73, L. 7 – 21
p. 91, L. 18 – p. 92, L. 13
p. 93, L. 4 – 14
p. 98, L. 13 – p. 99, L. 3
p. 99, L. 9 – 17
p. 100, L. 18 – 22
p. 129, L. 14 – 22
p. 130, L. 8 – p. 132, L. 11
p. 133, L. 10 – p. 134, L. 18
p. 141, L. 9 – 17
p. 142, L. 8 – 10
p. 142, L. 13 – 19
p. 142, L. 1 – 6
p. 142, L. 8 – 19
p. 146, L. 8 – 19
p. 147, L. 2 – p. 148, L. 15
p. 148, L. 19 – 22
p. 149, L. 2 – 3
p. 149, L. 6 – 8

p. 150, L. 5 – 15
p. 177, L. 18 – p. 178, L. 3
p. 192, L. 8 – p. 193, L. 11
p. 194, L. 4 – 12
p. 198, L. 5 – 7
p. 198, L. 17 – 19
p. 203, L. 20 – p. 204 L. 9
p. 204 L. 11 – 14
p. 204, L. 16 – 19
p. 205, L. 7 – p. 206, L. 11

09/18/13 Charles M. Moore Deposition Designations

p. 8, L. 4 – 8
p. 12, L. 3 – 6
p. 36, L. 9 – 12
p. 50, L. 2 – p. 51, L. 1
p. 51, L. 10 – 17
p. 52, L. 5 – 20
p. 53, L. 25 – p. 54, L. 11
p. 61, L. 18 – p. 62, L. 7
p. 62, L. 25 – p. 63, L. 12
p. 64, L. 6 – 7
p. 64, L. 9 – 14
p. 64, L. 16 – 20
p. 65, L. 4 – 11
p. 70, L. 16 – 18
p. 91, L. 20 – 23
p. 110, L. 12 – 22
p. 126, L. 22 – p. 127, L. 14
p. 130, L. 25 – p. 131, L. 14
p. 138, L. 7 – p. 139, L. 9
p. 140, L. 16 – p. 141, L. 2
p. 141, L. 8 – 19
p. 150, L. 24 – p. 151, L. 5
p. 151, L. 7 – 18
p. 151, L. 20 – p. 152, L. 1
p. 152, L. 8 – 21
p. 156, L. 18 – 25

123

Andrew Dillon Deposition Designations (10/10/2013)

p. 40, L. 14–23
p.63, L. 17 – p. 66, L. 1
p. 68, L. 23 – p. 71, L. 12
p. 84, L. 20 – p. 88, L. 23
p. 89, L. 15–22 – p. 91, L. 10 – 22
p. 107, L. 18 – p. 110, L. 4
p. 110, L. 23 – p. 111, L. 1–18
p. 112, L. 16 – p. 114, L. 25
p. 119, L. 1 – p. 120, L. 14
p. 120, L. 24 – p. 121, L. 17

Governor Snyder Deposition Designations (10/9/2013)

p. 13, L. 24 – p. 14, L. 24
p. 15, L. 12 – L. 21
p. 32, L. 18 – p. 33, L. 1
p. 39, L. 5–16
p. 40, L. 1–12
p. 43, L. 22 – p. 44, L. 1 – 5
p. 45, L. 8–23
p. 46, L. 24 – p. 47, L. 5
p. 52, L. 13 – p. 53, L 15
p. 55, L. 9 – p. 57, L. 11
p. 63, L. 12 – p. 64, L. 18
p. 65, L. 1 – p. 67, L. 8
p. 76, L. 11 – p. 80, l. 21
p. 81, L. 21 – p. 82, L. 18
p. 83, L. 21 – p. 84, L. 1
p. 87, L. 1 – p. 88, L. 5
p. 91, L. 18 – p. 93, L. 1
p. 94, L. 18 – p. 95, L. 22
p. 122, L. 4 – p. 124, L. 17
p. 125, L. 21 – p. 126, L. 15
p. 127, L. 5 – L. 15
p. 128, L. 18—22
p. 129, L. 4 – L. 13
p. 132, L. 13 – L. 21
p. 149, L. 25 – p. 152, L. 3

124

<u>Howard Ryan, State of Michigan 30(b)(6) Witness</u>:

p. 43, L. 14 – p. 45, L. 5
p. 46, L. 1 – L. 23

<u>David Bing, Mayor for the City of Detroit</u>:

p. 60, L. 11 – p. 61, L. 8
p. 67, L. 2–25
p. 9, L. 17–19
p. 12, L. 7 – p. 13, L. 7
p. 20, L. 19–21/ p. 20, L. 23–24
p. 69, L. 14 – p. 70, L. 4
p. 112, L. 13–21
p. 116, L. 17 – p. 117, L. 11

<u>Kenneth A. Buckfire</u>, 9/20/2013

p. 11, L. 20 – p. 12, L. 17
p. 14, L. 18 – p. 17, L. 5
p. 24, L. 21 – pg. 26, L 17
p. 28, L. 18 – pg. 33, L. 19
p. 34, L. 3 – L. 16
p. 35, L. 20 – p. 36, L. 14
p. 56, L. 8 – p. 57, L. 2.
p. 59, L. 2 – p. 69, L. 11
p. 72, L. 3 – 19
p. 75, L. 4 – p. 77, L. 21
p. 83, L. 6 – 23
p. 95, L. 2 – p. 13
p. 96, L. 19 – p. 97, L. 6
p. 98, L. 9 – p. 99, L. 2
p. 101, L. 7 – p. 102, L. 15
p. 106, L. 21 – p. 100, L. 16
p. 134, L. 3 – p. 136, L. 5
p. 148, L. 8 – p. 150, L. 8
p. 151, L. 8 – p. 155, L. 9
p. 165, L. 9 – p. 167, L. 23
p. 182, L. 15 – p. 184, L. 4

p. 191, L. 4 – p. 195, L. 15
p. 196, L. 15 – p. 198, L. 21
p. 202, L. 8 – L. 22
p. 211, L. 16 – p. 212, L. 3

# ATTACHMENT H

# OBJECTORS' OBJECTIONS TO THE CITY OF DETROIT DEBTOR'S LIST OF EXHIBITS

Objectors jointly submit the following objections to The City of

Detroit, Michigan (the "City's"), list of exhibits:

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 1. | Charter – City of Detroit [DTMI00230808-0933] | |
| 2. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008 [DTMI00230934-1157] | |
| 3. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009  [DTMI00231158-1378] | |
| 4. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010 [DTMI00230335-0571] | |
| 5. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011  [DTMI00230572-0807] | |
| 6. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012  [DTMI00231379-1623] | |
| 7. | November 13, 2012, Memorandum of Understanding City of Detroit Reform | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | Program  [DTMI00222996-3010] | |
| 8. | July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration") | Hearsay; Expert opinion |
| 9. | Cash Flow Forecasts [Malhotra Declaration Ex. A] | Hearsay; Expert opinion; Foundation |
| 10. | Ten-Year Projections [Malhotra Declaration Ex. B] | Hearsay; Expert opinion; Foundation |
| 11. | Legacy Expenditures (Assuming No Restructuring) [Malhotra Declaration Ex. C] | Hearsay; Expert opinion; Foundation |
| 12. | Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. D] | |
| 13. | Schedule of water system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. E] | |
| 14. | Annual Debt Service on Revenue Bonds [Malhotra Declaration Ex. F] | |
| 15. | Schedule of COPs and Swap Contracts as of June 30, 2012 [Malhotra Declaration Ex. G] | |
| 16. | Annual Debt Service on COPs and Swap Contracts [Malhotra Declaration Ex. H] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 17. | Schedule of UTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. I] | |
| 18. | Schedule of LTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. J] | |
| 19. | Annual Debt Service on General Obligation Debt & Other Liabilities [Malhotra Declaration Ex. K] | |
| 20. | July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration") | Hearsay; Expert opinion; Foundation |
| 21. | January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team [Orr Declaration Ex. C] | |
| 22. | March 26, 2012, Report of the Detroit Financial Review Team [Orr Declaration Ex. D] | |
| 23. | April 9, 2012, Financial Stability Agreement [Orr Declaration Ex. E] | |
| 24. | December 14, 2012, Preliminary Review of the City of Detroit [Orr Declaration Ex. F] | |
| 25. | February 19, 2013, Report of the Detroit Financial Review Team [Orr Declaration Ex. G] | |

130

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 26. | March 1, 2013, letter from Governor Richard Snyder to the City [Orr Declaration Ex. H] | |
| 27. | July 8, 2013, Ambac Comments on Detroit [Orr Declaration Ex. I] | Hearsay; Foundation; Relevance |
| 28. | July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436 [Orr Declaration Ex. J] | |
| 29. | July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding [Orr Declaration Ex. K] | |
| 30. | July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code [Orr Declaration Ex. L] | |
| 31. | Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration") | Hearsay; Expert opinion; Foundation |
| 32. | Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees [DTMI00084776-4924] | Hearsay; Authentication; Completeness; Foundation |
| 33. | Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo<br><br>[DTMI00231920] | Hearsay; Authentication; Foundation; Legibility; Relevance |

131

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 34. | Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013<br><br>[DTMI00231927-DTMI00231929] | Hearsay; Authentication; Foundation; |
| 35. | Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013.  [DTMI00231921-1926] | |
| 36. | FRE 1006 chart summarizing efforts to negotiate with union creditors. [DTMI-00235448] | |
| 37. | FRE 1006 chart summarizing efforts to negotiate with other creditors. [DTMI-00235447] | |
| 38. | FRE 1006 chart summarizing the City's projected cash flows. [DTMI00235438] | Hearsay; Foundation; Authentication |
| 39. | February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel [DTMI00125142-5183] | Hearsay; Foundation; Authentication; Relevance |
| 40. | List of Special Conferences for Association held with Members of Police Labor Relations [DTMI00125426] | Hearsay; Foundation; Authentication; Relevance |
| 41. | June 10, 2013, City of Detroit Financial and Operating Plan Slides [DTMI00224211-4231] | Hearsay; Authentication; Foundation; Expert opinion |

132

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 42. | RSVP List for June 14, 2013 Proposal for Creditors Meeting [DTMI00125427] | |
| 43. | June 14, 2013, City of Detroit Proposal for Creditors [DTMI00227144-7277] | |
| 44. | June 14, 2013 Proposal for Creditors – Executive Summary [DTMI00227278-7342] | |
| 45. | List of Invitees to the June 20, 2013 Meetings [DTMI00128659-8661] | |
| 46. | Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring) [DTMI00235427-5434] | |
| 47. | Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring) [DTMI00235435-5437] | |
| 48. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees [DTMI00067906-7928] | |
| 49. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees [DTMI00067930-7953] | |
| 50. | Invitee List and Sign-in Sheet for the June 25, 2013 Meeting [DTMI00125428-5431] | |
| 51. | Cash Flow Forecasts provided at June 25, 2013 Meeting [DTMI00231905-1919] | Hearsay: Expert opinion; Authentication; Foundation |
| 52. | Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | meetings [DTMI00128274-DTMI0012835; DTMI00239435-DTMI0023446] | |
| 53. | List of Attendees at July 9 and 10, 2013 Creditor Meetings [DTMI00231791] | |
| 54. | Detroit Future City Plan 2012 [DTMI00070031-0213] | |
| 55. | Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings [DTMI00235408-5426] | |
| 56. | July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting   [DTMI00229088-9090] | |
| 57. | July 10, 2012 City of Detroit Sign In Sheet for 3:30 PM Police and Fire Meeting [DTMI00229091-9094] | |
| 58. | July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting. [DTMI00229095-9096] | |
| 59. | July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting. [DTMI229102-9103] | |
| 60. | July 11, 2013 City of Detroit Union-Retiree Meeting Draft Medicare Advantage Plan Design Options [DTMI00135663] | |
| 61. | Correspondence between representatives of AFSCME and representatives of the City [Ex. F to the City of Detroit's Consolidated Reply to Objections to the Entry of an Order for Relief, Docket No. 765] | |
| 62. | Michigan Attorney General Opinion No. 7272 | Relevance; Foundation; Hearsay; Legal opinion |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 63. | July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims | |
| 64. | September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of The Bankruptcy Code | |
| 65. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066292-6307] | Hearsay; Expert opinion; Foundation |
| 66. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066176-6190] | Hearsay; Expert opinion; Foundation |
| 67. | June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066206-6210] | Hearsay; Expert opinion; Foundation |
| 68. | June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit [DTMI00225546-5596] | Hearsay; Expert opinion; Foundation |
| 69. | April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012  [DTMI00225597-5645] | Hearsay; Expert opinion; Foundation |
| 70. | June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit  [DTMI | Hearsay; Expert opinion; Foundation |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | 00202414-2461] | |
| 71. | November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit [DTMI00202462-2491] | Hearsay; Expert opinion; Foundation |
| 72. | November 21, 2011 Memorandum from Irvin Corley Jr., to Council Members of the City of Detroit City Council [DTMI00202511-2523] | Hearsay; Expert opinion; Foundation |
| 73. | July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions | |
| 74. | July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st - June 30th) | |
| 75. | May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan | |
| 76. | Responses of International Union, UAW to Debtor's First Set of Interrogatories | |
| 77. | UAW Privilege Log | Relevance |
| 78. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories | |

136

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 79. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories | |
| 80. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 81. | Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 82. | Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 83. | Answers to Debtor's First Interrogatories to Retiree Association Parties | |
| 84. | Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories | |
| 85. | Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories | |
| 86. | Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents | |
| 87. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents | |

137

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 88. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents | |
| 89. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions | |
| 90. | The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents | |
| 91. | Response of Retiree Association Parties to Debtor's First Requests for Production of Documents | |
| 92. | Retired Detroit Police Members Association Response to Debtor's First Requests for Production | |
| 93. | June 14, 2013 Index Card #1 from Nicholson | |
| 94. | June 14, 2013 Index Card #2 from Nicholson | |
| 95. | June 20, 2013 Typewritten Notes from June 20, 2013 Presentation | Foundation; Hearsay |
| 96. | July 16, 2013 Nicholson Affidavit in Flowers | |
| 97. | August 19, 2013 UAW Eligibility Objection | |
| 98. | Nicholson Letter To Irwin re UAW Discovery Responses | |
| 99. | FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013 | |
| 100. | FRE 1006 Chart summarizing the approximate number of pages in | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | documents uploaded to the data room before July 18, 2013 | |
| 101. | Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room | |
| 102. | July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted] | |
| 103. | Any exhibit identified by any Objector. | |

139

So ORDERED this ____ day of October ___, 2013.


_____
Steven W. Rhodes
United States Bankruptcy Judge

# **EXHIBIT 2**

### *Notice of Motion and Opportunity to Object*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                        :
In re                                   : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
                 Debtor.                : Hon. Steven W. Rhodes
                                        :
                                        :
                                        : Expedited Consideration
-------------------------------------------------x Requested
```

## NOTICE OF MOTION OF DEBTOR FOR MODIFIED
## FINAL PRE-TRIAL ORDER

**PLEASE TAKE NOTICE** that on October 22, 2013, the Debtor, City of Detroit, filed its Motion of Debtor for Modified Final Pre-Trial Order (the "**Motion**") in the United States Bankruptcy Court for the Eastern District of Michigan (the "**Bankruptcy Court**") seeking entry of the Modified Final Pre-Trial Order, attached hereto as Exhibit 1, which reflects objector's exhibit renumbering received by the City by the time of filing and other stipulated changed.,

**PLEASE TAKE FURTHER NOTICE** that <u>**your rights may be affected**</u> **by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Bankruptcy Court to grant the Debtor's Motion, or you want the Bankruptcy Court to consider your views on the Motion, the Court has scheduled a hearing on the Motion on October 23, 2013 at 9:00 AM and you or your attorney must attend.

**PLEASE TAKE FURTHER NOTICE** that if you or your attorney do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.

Dated: October 22, 2013                    Respectfully submitted,


                                           /s/ Bruce Bennett
                                           Bruce Bennett (CA 105430)
                                           JONES DAY
                                           555 South Flower Street
                                           Fiftieth Floor
                                           Los Angeles, California 90071
                                           Telephone:  (213) 243-2382
                                           Facsimile:  (213) 243-2539
                                           bbennett@jonesday.com


                                           David G. Heiman (OH 0038271)
                                           Heather Lennox (OH 0059649)
                                           JONES DAY
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, Ohio  44114
                                           Telephone:  (216) 586-3939
                                           Facsimile:  (216) 579-0212
                                           dgheiman@jonesday.com
                                           hlennox@jonesday.com

                                           Thomas F. Cullen, Jr. (DC 224733)
                                           Gregory M. Shumaker (DC 416537)
                                           Geoffrey S. Stewart (DC 287979)
                                           JONES DAY
                                           51 Louisiana Ave., N.W.
                                           Washington, D.C. 20001
                                           Telephone: (202) 879-3939
                                           Facsimile: (202) 626-1700
                                           tfcullen@jonesday.com
                                           gshumaker@jonesday.com
                                           gstewart@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# EXHIBIT 3

*None [Brief Not Required]*

# EXHIBIT 4

*Certificate of Service [To Be Separately File]*