```
Liber-32932    Page-1
201002701  12/08/2000
B.J. Youngblood, Wayne Co.Register of Deeds
RDHARCYN
```



0012934 9 DEC 08 2000

GREAT LAKES TITLE

# MORTGAGE

This form is issued under authority of Act 346 P.A. 1966. Execution of this form is required. Failure to execute this form may result in the denial of a mortgage loan by the Michigan State Housing Development Authority.

MICHIGAN DEPARTMENT OF CONSUMER AND INDUSTRY SERVICES
MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY
P.O. Box 30044
Lansing, MI 48909

GLT 37-2405

　　　THIS MORTGAGE is made this　　　27　　　day of　NOVEMBER , 2000　　, between the Mortgagor,
HUSBAND AND WIFE, TENANTS BY THE ENTIRETIES

whose address is　9303 OTSEGO
　　　　　　　　　DETROIT, MI　48204-4511
(herein "Borrower") and the

MORTGAGE CENTER LC

whose address is　20300 CIVIC CENTER DR. #403,
SOUTHFIELD, MI 48076　　　　　　　　　　(herein "Lender" or "Mortgagee").

　　　WHEREAS, Borrower is indebted to Lender in the principal sum of　SIXTY SEVEN THOUSAND NINE HUNDRED AND 00/100　　　　　　　($　　67,900.00　　) Dollars, to be paid with interest thereon in installments, the last of which is due on　DECEMBER　1, 2030　　, according to a certain mortgage note (herein "Note") bearing even date herewith;

　　　TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage, and the performance of the covenants and agreements of Borrower herein contained, and

VMP®-827(MI) (9703)　　　SFH 100 3/97
Page 1 of 7　　　　　Initials: CG DJG
VMP MORTGAGE FORMS - (800)521-7291

409-
LZ146　　253



31

WAYNE,MI　　　　　　　　　　　　　　Page 1 of 7　　　　　　　　　Printed on 6/30/2012 9:03:09 AM
Document: MG 32932.1
13-53846-tjt　　Doc 1336-4　　Filed 10/23/13　　Entered 10/23/13 15:48:17　　Page 1 of 7

Liber-32932    Page-2

Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the CITY of DETROIT, County of WAYNE, State of Michigan:
NORTH 18 FEET OF LOT 69, AND SOUTH 27 FEET OF LOT 70, AND 1/2 OF VACANT ALLEY ADJOINING IN REAR, PEARSON'S SOUTHFIELD ROAD SUBDIVISION, AS RECORDED IN LIBER 55, PAGE 56 OF PLATS, WAYNE COUNTY RECORDS.

Ward 22 Item NO. 70722-3

commonly known as  10045 Longacre, Detroit,  MI 48228

   TOGETHER with all the improvements now or hereafter erected on the property, including a mobile home, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate in the event this Mortgage is on a leasehold) are herein referred to as the "Property."

   BORROWER covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, that the Property is unencumbered, and that Borrower will warrant and defend generally the title to the Property except as listed in a schedule of exceptions to coverage in any title insurance policy insuring Lender's interest in the Property.

**COVENANTS.** Borrower and Lender covenant and agree as follows:

   **1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, late charges as provided in the Note, and the principal of and interest on any Future Advances secured by this Mortgage.

   **2. Funds for Taxes and Insurance.** Subject to Lender's option under paragraphs 3 and 4 hereof, Borrower shall pay to Lender on the day monthly installments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments which may attain priority over this Mortgage, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. The Funds shall be held in trust on behalf of the Borrower in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender shall make no charge for so holding and applying the Funds or verifying and compiling said assessments and bills. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest earned on the Funds shall be credited to Borrower, and unless such agreement is made, Lender shall not be required to pay Borrower any interest on the Funds. The Funds are pledged as additional security for the sums secured by this Mortgage.
   If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installment of Funds. If the amount of Funds held by Lender shall not be sufficient to pay taxes, assessments,

Initials: _CG_ _DSG_

VMP-827(MI) (9703)    of 7    SFH 100 3/97

WAYNE,MI    Page 2 of 7    Printed on 6/30/2012 9:03:09 AM
Document: MG 32932.1
13-53846-tjt    Doc 1336-4    Filed 10/23/13    Entered 10/23/13 15:48:17    Page 2 of 7

Liber-32932　　Page-3

insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency within thirty days after notice from Lender to Borrower requesting payment thereof.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender.

If under paragraph 16 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Charges; Liens.** Borrower shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and ground rents, if any, at Lender's option in the manner provided under paragraph 2 hereof or by Borrower's making payment, when due, directly to the payee thereof. Borrower shall promptly furnish to Lender all notices of amounts due under this paragraph, and in the event Borrower shall make payment directly, Borrower shall promptly furnish to Lender receipts evidencing such payments. Borrower shall promptly discharge any lien which has priority over this Mortgage; provided, that Borrower shall not be required to discharge any such lien so long as Borrower shall agree in writing to the payment of the obligation secured by such lien in a manner acceptable to Lender, or shall in good faith contest such lien by, or defend enforcement of such lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof.

**4. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amount and for such periods as Lender may require, provided, that Lender shall not require that the amount of such coverage exceed the greater of either (a) 80% of the current replacement cost of the Property, or (b) that amount of coverage required to pay the sums secured by this Mortgage.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All premiums on insurance policies shall be paid at Lender's option in the manner provided under paragraph 2 hereof or by Borrower's making payments, when due, directly to the insurance carrier.

All insurance policies and renewals thereof shall be in form acceptable to Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, and Borrower shall promptly furnish to Lender all renewal notices and all receipts of paid premiums. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender, and Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damages, provided such restoration or repair is economically feasible and the security of this Mortgage is not thereby impaired. If such restoration or repair is not economically feasible or if the security of this Mortgage would be impaired, the insurance proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower. If the Property is abandoned by Borrower or if Borrower fails to respond to Lender within 30 days after notice by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

Unless Lender and Borrower otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly installments referred to in paragraphs 1 and 2 hereof or change the amount of such installments.

If under paragraph 16 hereof the Property is acquired by Lender, all rights, title and interest of Borrower in and to any insurance policies and in and to the proceeds thereof (to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition) resulting from damage to the Property prior to the sale or acquisition shall pass to Lender.

**5. Preservation and Maintenance of Property; Leaseholds; Condominiums.** Borrower shall keep the Property in good repair and shall not permit or commit waste, impairment, or deterioration of the Property and shall comply with the provisions of any lease, if this Mortgage is on a leasehold. If this Mortgage is on a condominium unit, Borrower shall perform all of Borrower's obligations including, but not limited to, the covenant to pay condominium assessments under the declaration of condominium or master deed, the by-laws and regulations of the condominium project and constituent documents.

Initials: _CG DSG_

VMP-827(MI) (9703)　　　　　　　　　Page 3 of 7　　　　　　　　　SFH 100 3/97

WAYNE,MI　　　　　　　　　Page 3 of 7　　　　　　　　Printed on 6/30/2012 9:03:09 AM
Document: MG 32932.1
13-53846-tjt　　Doc 1336-4　　Filed 10/23/13　　Entered 10/23/13 15:48:17　　Page 3 of 7

Liber-32932    Page-4

**6. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums and take such action as is necessary to protect Lender's interests, including, but not limited to, disbursement of reasonable attorneys' fees and entry upon the Property to make repairs. Any amounts disbursed by Lender pursuant to this paragraph 6, with interest thereon, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate stated in the Note unless payment of interest at such rate would be contrary to applicable law, in which event such amounts shall bear interest at the highest rate permissible by applicable law. Nothing contained in this paragraph 6 shall require Lender to incur any expense or do any act hereunder.

**7. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**8. Condemnation.** Borrower shall notify Lender in writing promptly upon obtaining knowledge of the commencement of any proceedings for the condemnation or other taking of the Property.

In the event the Borrower fails to properly defend and protect the Lender's interest in the Property in connection with any condemnation or other taking of the Property, the Lender shall have the right to intervene in any such action to protect the Lender's interest in the Property and assess the Borrower for the reasonable costs of such actions by the Lender.

The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, there shall be applied to the sums secured by this Mortgage such proportion of the proceeds as is equal to that proportion which the amount of the sums secured by this Mortgage immediately prior to the date of taking bears to the fair market value of the Property immediately prior to the date of taking, with the balance of the proceeds paid to Borrower.

If the Property is abandoned by Borrower or if after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days of the date of such notice, Lender is authorized to collect and apply the proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

Unless Lender and Borrower otherwise agree in writing, any such application of proceeds to principal shall not extend or postpone the due date of the monthly installments referred to in paragraphs 1 and 2 hereof or change the amount of such installments.

**9. Borrower Not Released.** Extension of the time for payment or modification or amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest.

**10. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any right or remedy hereunder. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Mortgage.

**11. Remedies Cumulative.** All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage or afforded by law or equity, and may be exercised concurrently, independently or successively.

Initials: _CG DSG_

VMP-827(MI) (9703)                    Page 4 of 7                    SFH 100 3/97

WAYNE,MI                              Page 4 of 7                    Printed on 6/30/2012 9:03:10 AM
Document: MG 32932.1
13-53846-tjt    Doc 1336-4    Filed 10/23/13    Entered 10/23/13 15:48:17    Page 4 of 7

Liber-32932   Page-5

12. **Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15 hereof. The Lender intends to assign his interest in the Note and Mortgage to the Michigan State Housing Development Authority but is not precluded from assigning the Note and Mortgage to any other person or entity.

13. **Notice.** Any notice to Borrower provided for in this Mortgage shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address stated below, except for any notice required under paragraph 16 hereof to be given to Borrower in the manner prescribed by applicable law. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower when given in the manner designated herein.

14. **Governing Law; Severability; False Statements.** This Mortgage shall be governed by the law of the State of Michigan. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Mortgage and the Note are declared to be severable.

NOTICE: This Mortgage secures a below-market interest rate loan that was made possible because of tax-exempt financing. Tax-exempt financing contains several restrictions, both on the state and federal levels. During the application process, the Borrower made various representations in an Informational Certification, an Application Affidavit, a Closing Affidavit, and other documents in order to qualify for the tax-exempt financing. In the event that any of these representations were false or in the event that the Borrower made a false pretense, false statement, misrepresentation, or a material misstatement, such act shall be deemed a breach of covenant in this Mortgage for which the Lender has available all the remedies provided for in the Mortgage specifically including, but not limited to, acceleration, foreclosure and power of sale.

15. **Limitation on Sale or Transfer of the Property.** If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, so long as the Borrower continues to occupy the Property as his/her principal residence, (b) the creation of a purchase money security interest for household appliances, or (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or tenant by the entirety, Lender may, at Lender's option, declare all the sums secured by this Mortgage to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender, the Borrower, and the person to whom the Property is to be sold or transferred reach agreement in writing that (a) the credit of such person is satisfactory to Lender, (b) that such person qualifies as a person of low or moderate income as provided in Act No. 346 of the Public Acts of 1966 of the State of Michigan, as amended (the "Act") and the General Rules, as amended, and (c) that the transfer is in compliance with the Mortgage Subsidy Bond Tax Act of 1980, as amended (the "Tax Act"). If Lender has waived the option to accelerate provided in this paragraph 15 and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender may release Borrower from all obligations under this Mortgage and Note.

NOTICE: Pursuant to the Act and the Tax Act, so long as the debt, or any part thereof, is outstanding, the Borrower is hereby prohibited from transferring the Property (a) to any person with unsatisfactory credit, (b) to any person who is not a person of low or moderate income as provided in the Act and the General Rules, as amended, (c) to any person who does not intend to make the Property his principal residence within sixty (60) days of the transfer, (d) to any person prohibited from purchasing a house financed by tax-exempt financing pursuant to the Act or the Tax Act, and (e) at a purchase price in excess of that permitted by the Act or the Tax Act, unless the Mortgage is immediately paid and discharged. If the Property is transferred, without Lender's prior written consent, such act shall be deemed a breach of a covenant in this Mortgage and all the sums secured by the Mortgage shall be immediately due and payable. For purposes of this Mortgage, the words "sold or transferred," individually or together, specifically include, but are not limited to, an outright sale, sale on a land contract, sale with an assumption of the Mortgage, sale with wrap-around financing, and leasing of the Property.

Initials: CG DSG

VMP-827(MI) (9703)   Page 5 of 7   SFH 100 3/97

WAYNE,MI   Page 5 of 7   Printed on 6/30/2012 9:03:10 AM
Document: MG 32932.1
13-53846-tjt   Doc 1336-4   Filed 10/23/13   Entered 10/23/13 15:48:17   Page 5 of 7

Liber-32932     Page-6

If Lender exercises such option to accelerate, or if acceleration occurs automatically pursuant to the preceding paragraph, Lender shall mail Borrower notice of acceleration in accordance with paragraph 13 hereof. Such notice shall provide a period of not less than thirty (30) days from the date the notice is mailed within which the Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 16 hereof. The Lender is specifically authorized, pursuant to the Act, to accelerate the sums secured by the Mortgage, exercise a due on sale clause, exercise a power of sale, and foreclose this Mortgage with the occurrence of an event prohibited in paragraphs 14 and 15 of this Mortgage.

**16. Acceleration; Remedies:** Except as provided in paragraph 15 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 13 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand.

NOTICE: THIS MORTGAGE CONTAINS A POWER OF SALE AND UPON DEFAULT MAY BE FORECLOSED BY ADVERTISEMENT AS HEREIN PROVIDED.

Upon default being made in the payment of the sums of money herein agreed to be paid, or in the performance of any of the covenants or agreements herein contained according to the terms hereof or of the Note secured hereby, the Lender or holder of the Note is hereby authorized and empowered to sell the Property or cause it to be sold and to convey the same to the purchaser in any lawful manner, including but not limited to that provided by the Act and other Michigan Statutes which permit the Lender to sell the Property without affording the Borrower a hearing, or giving him/her personal notice; the only notice required is to publish notice in a local newspaper and to post a copy of the notice on the mortgaged premises.

**WAIVER:** By conferring this power of sale upon the Lender or mortgage holder, the Borrower for itself, its successors and assigns hereby waives all rights under the Constitution and Laws of the United States and under the Constitution and Laws of the State of Michigan both to a hearing on the right to exercise and the exercise of the power of sale, and to notice except as required by the Michigan Statutes which provide for Foreclosure by Advertisement. However, the Borrower reserves the right to timely contest the exercise of the power of sale by instituting suit against the Lender or mortgage holder in the Circuit Court of the county in which the Property is located or any other court of competent jurisdiction.

The Borrower further agrees that the Lender or mortgage holder is authorized and empowered to retain out of the sale proceeds such monies as are due under the terms of this Mortgage, the costs and charges of such sales, and also the attorney's fee provided by statute, rendering the surplus monies (if any there should be) to the Borrower. In the event of public sale the Property may, at the option of the Lender or mortgage holder, be sold in one or more parcels.

**17. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Mortgage or at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage and in enforcing Lender's remedies as provided in paragraph 16 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

Initials: _CG DSB_

VMP-827(MI) (9703)              Page 6 of 7              SFH 100 3/97

WAYNE,MI                         Page 6 of 7                Printed on 6/30/2012 9:03:10 AM
Document: MG 32932.1
13-53846-tjt    Doc 1336-4    Filed 10/23/13    Entered 10/23/13 15:48:17    Page 6 of 7

Liber-32932    Page-7

18. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall prepare and file a discharge of this Mortgage, without charge to Borrower, and shall pay the fee for recording the discharge.

IN WITNESS WHEREOF, the Borrower has executed this Mortgage.

Witnesses:

_Judith J. Coffman_
JUDITH J. COFFMAN

_Deborah Ellis_
DEBORAH ELLIS

Signature Redacted _____ (Seal)
-Borrower

Signature Redacted _____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Property Address:   10045 LONG ACRE
                    DETROIT, MI  48227

STATE OF MICHIGAN,
County of Wayne           } ss:

On this  27  day of  NOVEMBER  , 2000  before me personally appeared

                        ISBAND AND WIFE, TENANTS BY THE ENTIRETIES

, to me known to be the same person(s) described in and who executed the within instrument, and acknowledged execution of the same as    their    free act and deed.

My Commission Expires: JUDITH J. COFFMAN
NOTARY PUBLIC, OAKLAND CO, MI
MY COMM. EXPIRES: JULY 21, 2001
ACTING IN WAYNE COUNTY
Notary Public    _Judith J. Coffman_
, County, Michigan

This instrument was prepared by MORTGAGE CENTER LC
When Recorded, return to:
MORTGAGE CENTER LC
20300 CIVIC CENTER DR. #403
SOUTHFIELD, MI 48076
B.SMITH

VMP-827(MI) (9703)             Page 7 of 7              SFH 100 3/97

WAYNE,MI                    Page 7 of 7           Printed on 6/30/2012 9:03:10 AM
Document: MG 32932.1
13-53846-tjt   Doc 1336-4   Filed 10/23/13   Entered 10/23/13 15:48:17   Page 7 of 7