```
Liber-32932    Page-8
201002707   12/08/2000
B.J. Youngblood, Wayne Co.Register of Deeds
RDHARCYN
```

0012934 9 DEC 08 2000
GREAT LAKES TITLE

# HOME DOWN PAYMENT ASSISTANCE MORTGAGE
## City of Detroit

THIS MORTGAGE made as of the  27th  day of  November , 2000
between                                          husband and wife

located at   10045 Long Acre                       Street, Detroit, Michigan   48227
(hereinafter called "Mortgagor") and the CITY OF DETROIT, a Michigan municipal corporation, acting by and through its Planning and Development Department, having offices at 65 Cadillac Square, 19th Floor, Detroit, Michigan 48226 (hereinafter called the "Mortgagee").

WITNESSETH, that to secure the payment of an indebtedness in the principal sum of
Six Thousand Dollars and 00/100
($ 6,000.00          ) Dollars, receipt of which is hereby acknowledged by Mortgagor, with no interest thereon, which shall be payable according to the terms of a conditional payment note, bearing even date herewith (hereinafter called the "Note"), executed by the Mortgagor in favor of the Mortgagee, the proceeds of which are to be used to acquire, rehabilitate and/or improve the property hereinafter described, (hereinafter referred to as the "Project") and to further secure the performance of the covenants and conditions hereinafter contained in any Affordable Housing Restriction of even date herewith by and between the Mortgagee and Mortgagor (hereinafter called the "Affordable Housing Restriction") and the payment of any and all sums, indebtedness and liabilities of any and every kind to be due from the Mortgagor to the Mortgagee, its successors and assigns, under any other loan documents, agreements or instruments between Mortgagor and Mortgagee given in connection with or related to the Mortgage and the Note, the Mortgagor hereby grants, conveys and mortgages unto Mortgagee its successors and assigns, the premises situated in the City of Detroit, County of Wayne, State of Michigan and described as follows (hereinafter called the "Premises" or "Mortgaged Property"):
CITY OF DETROIT, COUNTY OF WAYNE, STATE OF MICHIGAN:
North 18 Feet of Lot 69, and South 27 Feet of Lot 70, and 1/2 of Vacant
Alley Adjoining in Rear, Pearson's Southfield Road Subdivision, as
recorded in Liber 55, Page 56 of Plats, Wayne County Records.

Ward 22 Item No. 70722-3

-269D(MI) (9712)            12/97
Printed on Recycled Paper   Initials: CGDSG
VMP MORTGAGE FORMS - (800)521-7291   Page 1 of 4

22

WAYNE,MI                    Page 1 of 4              Printed on 6/30/2012 9:03:11 AM
Document: MG 32932.8
13-53846-tjt    Doc 1336-7    Filed 10/23/13    Entered 10/23/13 15:48:17    Page 1 of 4

TOGETHER WITH:

1. all easements and rights-of-way now or hereafter used in connection therewith and all buildings, improvements and fixtures which are now or shall hereafter be placed upon or attached to the Premises;

2. all interests, estates of or other claims, both at law and in equity which Mortgagor now has or may hereafter acquire in the Premises;

3. all easements, rights-of-way and rights used in connection therewith or as a means of access thereto and all tenements, hereditaments and appurtenances thereof and thereto, and all water rights;

4. any and all improvements now or hereafter erected thereon, including, but not limited to the fixtures, attachments, appliances, equipment, machinery, and other articles attached to the Premises pursuant to the Project Plans (sometimes hereinafter referred to as the "Improvements").

5. all building material and equipment by Mortgagor, now located on the Premises, or hereafter acquired, and intended to be incorporated into the building, improvements or facilities now or hereafter constructed thereon; and

6. all right, title and interest, if any, of the Mortgagor in and to any streets and roads abutting said Premises to the center lines thereof and to any strips or gorges of land therein;

The Mortgage also encumbers all awards and proceeds of condemnation for the Premises or any part thereof to which Mortgagor is entitled for any taking or exercise of the right of eminent domain. All such awards and condemnation proceeds are hereby assigned to Mortgagee and the Mortgagee is hereby authorized, subject to the provisions contained in this Mortgage, to apply such awards and condemnation proceeds or any part thereof, after deducting therefrom any expenses incurred by the Mortgagee in the collection or handling thereof, toward the payment, in full or in part, of the Note secured by this Mortgage, notwithstanding the fact that the amount owing thereon may not then be due and payable.

The property, rights, and privileges referred to above are hereinafter collectively referred to as the "Mortgaged Property."

TO HAVE AND TO HOLD the Mortgaged Property, together with the appurtenances thereunto belonging or in any wise appertaining, as aforesaid, unto the Mortgagee and to its successors and assigns forever.

PROVIDED always, that if the Mortgagor shall pay all obligations evidenced by the Note or set forth herein and perform all obligations under the Affordable Housing Restriction then this Mortgage and the estate hereby granted shall cease, terminate and become void.

The Mortgagor covenants and agrees:

1. To promptly pay the principal on the indebtedness evidenced by the Note, and all other charges and indebtedness provided therein and in this Mortgage and in the manner provided in the Note and in this Mortgage, and to duly perform all of its covenants, agreements and obligations herein, in the Note and in any Affordable Housing Restriction required to be performed at the time and in the manner provided in this Mortgage, the Note, and the Affordable Housing Restriction, if any;

2. To pay when due all taxes, assessments and other charges which are now or shall hereafter be a lien against the Premises, or any part thereof;

3. To keep all property covered hereby in good repair and condition, to comply properly with all laws, ordinances, regulations or requirements of any governmental authority applicable thereto, and to abstain from the commission of waste;

4. To pay any taxes or assessments levied against the Premises, and to pay all insurance premiums upon policies of insurance governing the Premises, in accordance with the terms hereof, failure to do so shall constitute waste;

Initials: CG DSB

5. To keep all insurable property covered hereby insured against loss by fire or other natural hazard or disaster in an amount sufficient after the payment of all prior liens, to pay the amounts secured by this Mortgage;

6. To ensure that payment of any proceeds of insurance or proceeds of any condemnation or eminent domain award or proceeds from any sale of the Premises at foreclosure be made directly to the Mortgagee, and Mortgagee shall have the right to apply such proceeds, in such amounts and proportions as Mortgagee shall in its sole discretion determine, to the full or partial satisfaction of any or all of the indebtedness and obligations of Mortgagor secured hereby, including any contingent or secondary obligation, whether or not the same shall then be due and payable by the primary obligor (In lieu of such application, Mortgagee shall have the right, but shall have no obligation, to require all or part of the proceeds of insurance or of any condemnation or eminent domain award to be used to restore or rebuild any part of the Premises damaged or destroyed by reason of the occurrence which gave rise to the payment of such proceeds.);

7. To ensure that improvements and/or repairs to the Premises and all plans and specifications therefor shall comply with all applicable municipal ordinances, regulations, and rules made or promulgated by lawful authority; and

8. That should Mortgagor fail to fulfill or comply with any of the covenants or conditions herein required, Mortgagee may, without demand or notice, pay any taxes, assessments, premiums or liens required to be paid by Mortgagor, make repairs, effect any insurance provided for herein, cause the abstract of title and tax histories of the Premises to be certified to date or procure new abstracts of title and tax histories in case none were furnished to it and procure title reports covering the Premises, and the sums paid for any one or all of said purposes shall from the time of the payment thereof, be due, and shall constitute a further lien upon the Premises under this Mortgage. In the event of foreclosure, the abstract or abstracts of title shall become the property of Mortgagee.

The Mortgagee is authorized to declare, at its option, all or part of such indebtedness immediately due and payable upon the breach of any of the conditions, covenants or terms contained herein, the Affordable Housing Restriction, if any, or the occurrence of any uncured Event of Default as that term is defined in the Note.

If an uncured Event of Default occurs, the Mortgagee, in addition to its option to declare the entire indebtedness secured hereby immediately due, then or thereafter, as it may elect, regardless of the date of maturity, is also hereby authorized and empowered to sell or cause to be sold the Premises, pursuant to state law, in a single parcel or several parcels, at the option of the Mortgagee and out of the proceeds of the sale to retain the sums due hereunder, and all costs and charges of the sale (including the attorneys' fees provided by law). The commencement of proceedings to foreclose this Mortgage in a manner authorized by law shall be deemed an exercise of the above option.

The Mortgagor shall give immediate notice by registered or certified mail to the Mortgagee of any fire, damage or other casualty affecting the Premises, or of any conveyance, transfer or change in ownership of the Premises, or any part thereof. All notices to Mortgagor and to Mortgagee shall be deemed to be duly given if and when sent by registered or certified mail, postage prepaid, to the respective address of the Mortgagor and Mortgagee appearing on the first page hereof.

The covenants and conditions hereof shall bind, and the benefits and advantages thereof shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular numbers shall include the plural and the singular, and the use of any gender shall be applicable to all genders.

In accordance with the Note and the Affordable Housing Restriction, if any, the Mortgagor only shall during the Period of Affordability, sell the Premises to a qualified Homebuyer, as that term is defined in the Note, and approved by the City to effectuate the purposes and goals of the Program as defined in the Note and the Affordable Housing Restriction.

Any provisions of this Mortgage prohibited or unenforceable by any applicable law shall be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof.

Capitalized words and phrases used in this Mortgage shall, unless the context requires otherwise, have the same meaning as in the Note provided, however that in the event any provisions of this Mortgage are in conflict with the provisions of the Note, the latter shall prevail as to the parties to the Note.

VMP-269D(MI) (9712)    Printed on Recycled Paper    Page 3 of 4    Initials: _CG DSG_    12/97

WAYNE,MI     Page 3 of 4     Printed on 6/30/2012 9:03:11 AM
Document: MG 32932.8
13-53846-tjt    Doc 1336-7    Filed 10/23/13    Entered 10/23/13 15:48:17    Page 3 of 4

IN WITNESS WHEREOF, this Mortgage has been duly signed and sealed by the Mortgagor on or as of the day and year first above written.

WITNESSES:

*Judith J. Coffman*
JUDITH J. COFFMAN

*Deborah Ellis*
DEBORAH ELLIS

Signature Redacted
-Mortgagor

Signature Redacted
-Mortgagor

-Mortgagor

-Mortgagor

STATE OF MICHIGAN
COUNTY OF   Wayne

The foregoing instrument was acknowledged before me this   27th   day of   November,
2000   , by           husband and wife

as his/her own free act and deed.

*Judith J. Coffman*
Notary Public
                                                County, Michigan

My Commission Expires:

JUDITH J. COFFMAN
NOTARY PUBLIC, OAKLAND CO, MI
MY COMM. EXPIRES: JULY 21, 2004
ACTING IN WAYNE COUNTY, MI

After recording return to:

City of Detroit
Planning and Development Department
65 Cadillac Square
19th Floor
Detroit, MI 48226
Attention: Willie Moore

This Document was drafted by:

Frank E. Barbee, Esquire
LEWIS & MUNDAY, P.C.
1300 First National Building
Detroit, Michigan 48226