UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**MOTION OF SYNCORA GUARANTEE INC.
AND SYNCORA CAPITAL ASSURANCE INC.
FOR AUTHORITY TO ISSUE DOCUMENT AND
DEPOSITION SUBPOENAS TO THE DEBTOR, THE EMERGENCY
MANAGER, AND CERTAIN OF THE DEBTOR'S ADVISORS PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") in their respective capacity as insurer and direct holder of certain of the certificates of participation of the City of Detroit (the "City") and as insurers of the City's swaps entered into on account of the certificates (the "Swaps"), hereby files this motion for entry of an order (a) directing the City to produce documents identified on Exhibit A on or before November 1, 2013, or by such other date as the Court orders, in the manner and format in which those documents are maintained in the City's records[1] and (b) authorizing Syncora to examine the City on November 7, 2013, or such other date as the Court orders, regarding (i) the

---

[1] To the extent any of the documents listed on **Exhibit A** are kept or are available in electronic format, Syncora requests that the Order require such documents to be produced in native and original electronic format. Moreover, to the extent the City maintains financial records in electronic format, the Trustee requests that the Order require those files to be provided in one of the following formats: Microsoft Excel, Microsoft Access, or CSV (Comma Delimited Text).

process the City employed to solicit, review, negotiate, and make determinations, as well as the substance of the City's negotiations, analyses, and decision making, about all proposals from third-party financing sources, including creditors of the City (collectively, the "Potential DIP Lenders"), submitted to the City for debtor in possession financing and (ii) the nature and substance of the City's communications with the City Council regarding the Barclays' DIP (as defined herein), including the City's compliance with PA 436, including as identified on Exhibit A (the "Rule 2004 Discovery"). In support of this motion, Syncora states as follows:

## Background

1. On July 18, 2013, the City filed a voluntary petition for relief in the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code").

2. On July 18, 2013, the City filed its *Motion for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and (III) Granting Related Relief* [Docket No. 17] (the "Settlement Motion").

3. The City solicited from Potential DIP Lenders proposals for debtor in possession financing ("DIP Proposals") that would be used in part to finance the termination of the Swaps contemplated under the Forbearance and Optional Termination Agreement in the event the Settlement Motion is granted.

4. On August 29, 2013, the City sent Syncora a request for a DIP Proposal. Contemporaneously, the City sent a request for DIP Proposals to other Potential DIP Lenders. The stated deadline for submitting DIP Proposals to the City was September 16, 2013.[2]

5. On September 7, 2013, Syncora submitted a DIP Proposal to the City's representatives. Syncora and the City discussed the proposal on September 9, 2013. The City ultimately rejected the proposal.

6. On October 3, 2013, Syncora sent a revised DIP Proposal to the City's representatives. On various occasion since October 3, 2013, Syncora has expressed to the City, through its advisors, its willingness for Syncora and the City to arrive at a beneficial DIP Proposal for the City, including one that addressed the pending litigation among Syncora and the City.

7. In various conversations between the City and Syncora, the City has stated that it received multiple DIP Proposals from Potential DIP Lenders, including from key creditors of the City. On October 7, 2013, the City and

---

[2] NTD: Was deadline extended? If so, when did we get notice?

3

13-53846-tjt    Doc 1342    Filed 10/23/13    Entered 10/23/13 17:38:52    Page 3 of 9

Barclays Capital Inc. ("Barclays") reached an agreement on the material terms of a DIP Proposal.

8. On October 11, 2013, the City's emergency manager (the "EM") posted on the EM's website proposed order number 17 approving a DIP Proposal provided by Barclays (the "Barclays' DIP"). Attached to proposed order number 17 were certain of the terms of the Barclays' DIP. Notably, two of the three term sheets referenced in the Barclays' DIP were not disclosed, nor were any commitment or fee letters that exist.

9. After requesting from the City the missing term sheets and any commitment or fee letters that exist, the City turned over one of the missing term sheets but declined to provide the other requested materials. The City subsequently indicated that no term sheet existed for the Replacement Swap Transaction referenced in the Barclays' DIP term sheet attached to proposed order number 17 despite the discussion of such a transaction therein. Additionally, notwithstanding Syncora's additional requests to procure the missing information from the City, even on a confidential or redacted basis, the City continues to refuse to disclose the information. To appropriately and comprehensively evaluate the terms of the Barclays' DIP, including the value it provides the City (both on a stand alone basis and in comparison to other DIP Proposals submitted to the City), its impact on Syncora's rights, and its compliance with the Bankruptcy Code, it is

necessary to examine the full terms of the Barclays' DIP, including those terms contained in ancillary documents such as additional term sheets, commitment or fee letters, and all other DIP Proposals submitted to the City.

### Jurisdiction and Notice

10. Syncora brings this motion pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules").

11. The Court has jurisdiction over this motion under 28 U.S.C. § 1334(b). The motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### Relief Requested

12. Syncora seeks entry of an order, substantially in the form attached hereto as Exhibit 1, authorizing Syncora to issue document and deposition subpoenas to the Debtor, the EM, and certain of the Debtor's advisors. This authority shall not waive the right of the Debtor or any person to object to, or move to quash, such subpoena.

### Basis for Relief Requested

13. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Under Rule 2004, a party in interest may seek both documents and oral discovery related to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter

which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Rule 2004(b), (c).

14. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Cardinal Fastener & Specialty Co., Inc.*, 2013 WL 425858, at *5 (Bankr. N.D. Ohio Feb. 4, 2013); *see also In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (finding that the purpose of Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"); *In re Almatis*, No. 10-12308, 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting that "the purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred"); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into any matter that may affect the administration of the estate "comfortably falls within the allowed limits under Rule 2004").

15. Unlike discovery under the Federal Rules of Civil Procedure, discovery under Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, No. 07-11862, 2008 WL 304672, at *5 (Bankr. E.D. La. Feb. 6, 2009).

Further, "no contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." *In re Almatis*, 2010 WL 4877868, at *3. Consequently, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

16. The scope of a Rule 2004 examination is broader than that of discovery under the Federal Rules of Civil Procedure. *In re DeShetler*, 453 B.R. 295, 302 (Bankr. S.D. Ohio 2011) ("The scope of examination permitted pursuant to Rule 2004 is wider than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition.'"). Courts have thus recognized that Rule 2004 examinations may be "extremely broad." *In re Davis*, 452 B.R. 610, 618 (Bankr. E.D. Mich. 2011).

17. The decision whether to authorize the requested discovery rests within the discretion of the bankruptcy court. *See e.g., In re Hammond*, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992).

18. Courts in other jurisdictions have approved relief similar to the relief requested in this motion for 2004 discovery of parties in a chapter 9 proceeding. *In re City of San Bernardino, Cal.*, Case No. 12-28806 (Bankr. C.D. Cal. Jan. 15,

7

2013); *In re Jefferson Cnty, Ala.*, Case No. 11-05736 (Bankr. N.D. Ala. Jan. 27, 2012).

19.     Syncora's requested relief is well within the scope of Rule 2004.  In light of the City's track record of negotiating deals with select parties to the detriment of creditors generally, an Syncora specifically, and the City's lack of disclosure regarding its DIP process to date, Syncora requires the requested discovery to evaluate the process by which the City solicited, reviewed, negotiated, and made determinations, as well as the substance of the City's negotiations, analyses, and decisions making, about all DIP Proposals and the nature and substance of the City's communications with the City Council regarding the Barclays' DIP, including the City's compliance with PA 436.

## Conclusion

20.     For the foregoing reasons, Syncora respectfully requests that the Court grant this motion.

[*Remainder of this page intentionally left blank*]

Dated: October 23, 2013          /s/ *Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Syncora Holdings Ltd., Syncora Guarantee Inc., and Syncora Capital Assurance Inc.*

　　　　- and -

David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

*Local Counsel to Syncora Holdings Ltd., Syncora Guarantee Inc., and Syncora Capital Assurance Inc.*