UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' LIMITED OBJECTION TO THE DEBTOR'S MOTION TO ESTABLISH BAR DATES FOR FILING PROOFS OF CLAIM**

The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) ("**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**City**" or "**Debtor**") non-uniformed retired employees (the "**Retired AFSCME Employees**"), and about 2,523 active City employees (the "**Active AFSCME Employee**", or about seventy percent (70%) of the active non-uniformed union-represented employees, and together with the Retired AFSCME Employees, collectively, the "**AFSCME Detroit Employees**") -- through its undersigned counsel, hereby submits this objection (the "**Objection**") to the Debtors' *Motion For Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "**Bar Date Motion**")[1] [Docket No. 1146]. In support of this Objection, AFSCME respectfully states as follows:

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Bar Date Motion.

## GENERAL BACKGROUND

1. On July 18, 2013 (the "**Petition Date**"), the City filed a petition for relief in this Court, thereby commencing the instant chapter 9 proceeding.

2. On the Petition Date, the City filed its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 16) (the "**Original List of Creditors**").

3. On August 1, 2013, the City filed its Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258) (the "**Amended List of Creditors**"), which replaced the Original List of Creditors and redacted certain personal information therein.

4. On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which supplemented and amended the information in the Amended List of Creditors and also constitutes the City's list of claims under section 925 of the Bankruptcy Code (as amended or supplemented from time to time, the "**List of Claims**").

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## LIMITED OBJECTION

6. On October 10, 2013, the Debtor filed the Bar Date Motion, seeking an order: (a) establishing January 21, 2014 at 5:00 p.m, Eastern Time as the general bar date by

which entities, including those asserting claims under section 503(b)(9) of the Bankruptcy Code, must file proofs of claim in this chapter 9 case (the "**General Bar Date**"); (b) establishing the deadline by which proofs of claim, including any claims asserting administrative priority, relating to the City's rejection of executory contracts or unexpired leases must be filed (the "**Rejection Damages Bar Date**"); (c) establishing the deadline by which entities must file proofs of claim as a result of any further amendment to the List of Claims by the City (the "**Amended Claims List Bar Date**"); (d) confirming the date by which governmental units must file proofs of claim in this case (the "**Governmental Bar Date**" and, collectively with the General Bar Date, the Rejection Damages Bar Date and the Amended Claims List Bar Date, the "**Bar Dates**"); and (e) approving the form and manner of notice of the Bar Dates. See Bar Date Motion, ¶¶ 10, 12. In support of the Bar Date Motion, the Debtors state that the January 21, 2014 General Bar Date "will provide no fewer than 60 days after the anticipated Service Date for creditors to file proofs of claim in this case." Id. at ¶ 12. The Debtor offers no other support for the proposed Bar Date.

7. While AFSCME does not oppose the Debtor's proposed Bar Date and the Bar Date Motion in principle, the Bar Date Motion is defective in ways that the Debtor *must* remedy before this Court considers granting the requested relief.

8. First, the Bar Date Motion provides that a proof of claim form need not be filed for "[a]ny claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for unfunded pension liabilities," as any such claim "is the responsibility of the applicable Retirement System." See Bar Date Motion, ¶¶ 23(b). AFSCME objects to the Bar Date Motion to the extent the above-quoted language would limit the right of any party, including but not

limited to AFSCME, City employees or retirees, to independently assert damage claims in connection with such pension benefits. The question of whether or not parties (including but not limited to AFSCME, City employees or retirees) have the right to assert any claims related to the City's pension systems is a legal issue, and the Bar Date Motion is not the appropriate vehicle to limit parties rights to assert legal claims in relation to the pension systems. Such claims should be considered in the context of the claims reconciliation process and are premature at this time.

9. Second, the Bar Date Order should include the following language in paragraph 8, which sets forth those entities who need not file proofs of claim in this chapter 9 case:

> (j) any present or former employee of the Debtor with respect to any claim based on the payment of wages, salaries, employee medical benefits, insurance benefits, and other claim, unless the Debtor does not intend to pay such claim, in which case a proof of claim need not be submitted until the later of (i) the Claims Bar Date and (ii) 30 days from the date of written notice.

10. Accordingly, the Bar Date Motion should be denied. The Debtor must submit a revised Bar Date Motion and proposed order consistent with that attached hereto as **"Exhibit A"** to address AFSCME's objections outlined above.

Dated: October 24, 2013

**LOWENSTEIN SANDLER LLP**
By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
John K. Sherwood, Esq.
Philip J. Gross, Esq.
Keara M. Waldron, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.

THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# **EXHIBIT A**

```
------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 9
                                                      :
CITY OF DETROIT, MICHIGAN,                            :    Case No. 13-53846
                                                      :
Debtor.                                               :    Hon. Steven W. Rhodes
                                                      :
                                                      :
------------------------------------------------------x
```

**ORDER, PURSUANT TO SECTIONS 105, 501 AND 503
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002
AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF
CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

This matter coming before the Court on the Motion of Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Motion"),[1] filed by the City of Detroit (the "City"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. As used herein, (a) the term "claim" has the meaning given to such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to such term in section 101(27) of the Bankruptcy Code.

3. The form of Bar Date Notice Package, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(1). The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code and the Bankruptcy Rules. As such, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraphs 16 through 18 below.

4. Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert claims against the City that arose (or are deemed to have arisen) prior to July 18, 2013 (any such claim, a "Prepetition Claim") must file a proof of claim in writing in accordance with the procedures described herein by 5:00 p.m., Eastern Time, on January 21, 2014 (the "General Bar Date").

5. The General Bar Date applies to all types of Prepetition Claims, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date shall apply to claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims"). The filing of a proof of claim form shall satisfy the procedural requirements for the assertion of 503(b)(9) Claims. All administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) Claims and the administrative portions of Rejection Damages Claims (as defined below), shall not be deemed proper if asserted by proof of claim.

6. Subject to the provisions of paragraphs 10 through 14 of this Order with respect to holders of claims subject to the Rejection Damages Bar Date, the Amended Claims List Bar Date and the Governmental Bar Date, and the exceptions described in paragraph 8 below, the following entities must file a proof of claim on or before the General Bar Date:

(a) Any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment; and

(b) Any entity that believes that its prepetition claim is improperly classified in the List of Claims or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the List of Claims.

7. The following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must be on the Proof of Claim Form attached hereto as <u>Exhibit 1</u> or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b) Proofs of claim must be filed by mailing the original proof of claim or delivering the original proof of claim by hand or overnight courier to City of Detroit Claims Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. <u>Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed</u>;

(c) Proofs of claim will be deemed timely filed only if <u>actually received</u> by the City's claims agent, Kurtzman Carson Consultants LLC ("<u>KCC</u>"), at the address set forth in the foregoing subparagraph on or before the applicable Bar Date. If a creditor wishes to receive acknowledgement of KCC's receipt of a proof of claim, the creditor also must submit to KCC by the applicable Bar Date and concurrently with submitting its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope; and

(d) Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available; (iii) be written in the English language; and (iv) be denominated in United States currency. Any claimant that provides a summary in lieu of the documentation required by Bankruptcy Rule 3001

shall transmit the documents in support of its claim to KCC and the City within ten days after the date of any written request by the City for such documents.

8. Entities holding the following claims (which claims otherwise would be subject to the General Bar Date) shall <u>not</u> be required to file proofs of claim in this chapter 9 case on account of such claims:

(a) Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, a "<u>Healthcare UAAL Claim</u>").

(b) Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for unfunded pension liabilities (any such claim, a "<u>Pension Liability Claim</u>")~~.~~ ~~Any Pension Liability Claim is the responsibility of the applicable Retirement System~~, as such claims remain subject to further adjudication and will be resolved pursuant to the claims reconciliation process.  Nothing herein shall abridge or otherwise limit the rights of any creditor from asserting claims arising from, in connection with or related to pension benefits.

(c) Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the Secured Bonds or (ii) the COPs.

(d) Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, <u>provided</u>, <u>however</u>, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(e) Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court or KCC in a form substantially similar to Official Bankruptcy Form No. 10;

(f) Any claim that is listed on the List of Claims if (i) the claim is <u>not</u> listed as "disputed," "contingent" or "unliquidated;" <u>and</u> (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(g) Any claim that previously has been allowed by order of the Court;

(h) Any claim that has been paid in full by the City; and

(i) Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any 503(b)(9) Claim or any

portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

(j) any present or former employee of the Debtor with respect to any claim based on the payment of wages, salaries, employee medical benefits, insurance benefits, and other claim, unless the Debtor does not intend to pay such claim, in which case a proof of claim need not be submitted until the later of (i) the Claims Bar Date and (ii) 30 days from the date of written notice.

9. For the avoidance of doubt, the following entities should file proofs of claim to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing paragraph 8: (a) employees and retirees asserting Prepetition Claims *other than* Healthcare UAAL Claims and Pension Liability Claims and (b) holders of Unsecured GO Bonds asserting claims in connection with such bonds.

10. Any entities asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of this Court entered prior to the confirmation of the City's chapter 9 plan (a "Rejection Order"), or claims otherwise related to such rejected agreements, including (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date and (b) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the applicable Rejection Order (the "Rejection Damages Bar Date"). For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date. Rejection Orders entered after the date of entry of this Order shall include a description of the Rejection Damages Bar Date in the text of the Rejection Order.

11. Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the

nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "<u>Administrative Claim Supplement</u>"). The filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein).

12. The City shall retain the right to: (a) dispute, or assert offsets or defenses against, any Filed Claim or any Scheduled Claim as to nature, amount, liability, classification or otherwise; (b) subsequently designate any Scheduled Claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims. If the City amends or supplements the List of Claims after the Service Date, the City shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the applicable Amended Claims List Bar Date to file proofs of claim in response to the amendment or supplement to the List of Claims.

13. In particular, if the City amends or supplements its List of Claims to: (a) reduce the undisputed, noncontingent and liquidated amount of a claim; (b) change the nature or classification of a Scheduled Claim in a manner adverse to the listed creditor; or (c) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "<u>Modified Claim</u>"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (a) the General Bar Date; and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "<u>Amended Claims List Bar Date</u>"). By contrast, if the amendment to the List of Claims improves the amount or treatment of a previously listed or filed claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date. Notwithstanding the foregoing, nothing contained herein shall preclude the City from objecting to any claim, whether listed or filed, on any grounds.

14. Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units shall file proofs of claim in this case shall be the later of: (a) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (b) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit.

15. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "<u>Unscheduled Claim</u>"); (b) voting upon, or receiving distributions under any plan of adjustment in this chapter 9 case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

16. As soon as practicable, but in any event no later than five business days after the entry of this Order, the City, through KCC or otherwise, shall serve the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), on:

 (a) all known potential claimants (or their counsel, if known), including all entities identified as potential claim holders in the List of Claims;

 (b) the Trustees;

 (c) counsel to the Official Committee of Retirees appointed in this case;

 (d) all parties that have requested notice of the proceedings in this case as of the date of this Order;

(e) all parties that have filed proofs of claim in this case as of the date of this Order;

(f) all known parties to executory contracts and unexpired leases with the City, including all parties to executory contracts and unexpired leases rejected by a Rejection Order, if any, as of the date of this Order;

(g) all known parties to pending litigation with the City;

(h) the United States Attorney for this District; and

(i) all federal and state environmental protection agencies for this jurisdiction.

17. The City also shall serve the Bar Date Notice on the holders of the Unsecured GO Bonds. If DTC has not already provided the Institutional Nominee List to the City as of the date of this Order, DTC is directed to provide the City with the Institutional Nominee List within three business days of this date. Service of the Bar Date Notice by electronic mail on those holders of the Unsecured GO Bonds that previously consented in writing to receive notices regarding the Unsecured GO Bonds by electronic mail shall constitute adequate notice of the Bar Dates on such holders.

18. As part of the Bar Date Package, the City shall mail one or more Proof of Claim Forms (as appropriate), substantially in the form attached hereto as Exhibit 2, to the parties receiving the Bar Date Notice. Except with respect to holders of Unsecured GO Bonds, for holders of Scheduled Claims listed in the List of Claims, the Proof of Claim Form mailed to such entities shall indicate how the City has listed the creditor's claim in the List of Claims, including: (a) the amount of the claim, if any; (b) whether the claim is listed as disputed, contingent or unliquidated; and (c) whether the claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim.

19. Pursuant to Bankruptcy Rule 2002(f), the City shall publish the Bar Date Notice, once, in the *Detroit Free Press*, *The Detroit News* and national editions of *USA Today* and *The Wall Street Journal* at least 28 days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar

Dates. The City is authorized to modify the Bar Date Notice to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense.

20. The City and KCC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

21. The entry of this Order is without prejudice to the right of the City to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

22. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order.

-9-
13-53846-tjt    Doc 1360    Filed 10/24/13    Entered 10/24/13 13:31:15    Page 15 of 15