UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC., a
Domestic Nonprofit Corporation, and JOLIET
TOWN HOUSES COOPERATIVE ASSOCIATION,
a Domestic Nonprofit Corporation, ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
individually and on behalf of all similarly situated entities,

                Plaintiffs,                                <u>CLASS ACTION</u>

v.                                               Case No.
                                                HON.

CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE
DEPARTMENT,

                Defendant.

| PENTIUK, COUVREUR & KOBILJAK, P.C.<br>By:   Randall A. Pentiuk (P32556)<br>And: Kerry L. Morgan (P32645)<br>Attorneys for Plaintiffs<br>2915 Biddle Avenue, Suite 200<br>Wyandotte, MI 48192<br>(734) 281-7100<br><u>RPentiuk@pck-law.com</u><br><u>KMorgan@pck-law.com</u> | |
|---|---|

<u>CLASS ACTION COMPLAINT</u>

NOW COME Plaintiffs, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION, a Domestic Nonprofit Corporation, NICOLET TOWN HOUSES COOPERATIVE ASSOCIATION, a Domestic Nonprofit Corporation, LAFAYETTE TOWN HOUSES, INC., a

Domestic Nonprofit Corporation, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, a Domestic Nonprofit Corporation, and ST. JAMES COOPERATIVE, a Domestic Nonprofit Corporation, individually and on behalf of all similarly situated entities, by and through their Attorneys, PENTIUK, COUVREUR & KOBILJAK, P.C., and for their Complaint, states as follows:

## INTRODUCTION

1. This action is brought on behalf of a class of all persons and entities whom and which own dwellings or buildings with multiple units that are utilized for residential purposes or other entities that pay water and sewerage utility charges for such dwellings/buildings, such as, but not limited to apartment buildings, cooperatives, town houses and condominiums whom and which have been charged improper or commercial rates by the Detroit Water and Sewerage Department (hereinafter "DWSD"). A prior 2009 similar action was filed in *Village Center v City of Detroit*, 2:07-cv-12963.

2. DWSD is the entity designated under law that provides water and sewerage to its residents which include the Plaintiffs and others similarly situated.

3. For many years continuing through the date of filing this Complaint, Defendant has been charging Plaintiffs' residents, and upon information and belief others similarly situated, at a commercial rate rather than a residential rate. See Exhibit 1, LaSalle; Exhibit 2, Nicolet; Exhibit 3, Lafayette; Exhibit 4, Joliet; and Exhibit 5, St. James.

4. Upon information and belief, waste water discharged in the City of Detroit is treated by the DWSD pursuant to an agreement with the City of Detroit and DWSD.

## JURISDICTION AND PARTIES

5. This Court has jurisdiction as per 28 USC 1331 and venue is proper under 28 USC 1391(b).

6. Plaintiff, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to LaSalle Town Houses Cooperative Association.

7. Plaintiff, NICOLET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Nicolet Town Houses Cooperative Association.

8. Plaintiff, LAFAYETTE TOWN HOUSES, INC., is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Lafayette Town Houses, Inc.

9. Plaintiff, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Joliet Town Houses Cooperative Association.

10. Plaintiff, ST. JAMES COOPERATIVE, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to St. James Cooperative.

11. The Defendant, CITY OF DETROIT and the DETROIT WATER AND SEWERAGE DEPARTMENT, are located in Wayne County, Michigan.

## CLASS ALLEGATIONS

12. Plaintiffs incorporate paragraphs 1 through 11 as if more fully set forth herein.

13. All Plaintiffs and class members have suffered and continue to suffer similar harm due to being charged improper water rates and/or being charged at a commercial rate rather than a residential rate.

14. Class Definition: Plaintiffs seek to certify the following class.

> All entities or individuals owning, or acting for owners of, buildings, apartment buildings, town houses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the DWSD which DWSD has not previously adjusted based on prior litigation for the time period of at least six years prior to filing the instant complaint through the date of final judgment, or such longer amount of time as may be allowed by law.

15. Numerosity. The proposed class is so numerous that joinder of all members is impracticable. While the exact number of class members is not now known, the Plaintiffs believe the class number is significant and may be readily identified from Defendant's records.

16. Commonality. There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

17. Among the questions of law or fact common to the class are the following:

    a) Whether the commercial rate being charged bears a reasonable relation to the use of the utilities by the residential class and the services provided by the DWSD.

    b) Are all persons of the same class included and affected alike, or are immunities or privileges extended to an arbitrary or unreasonable class

4

while denied to others of like kind?

c) Does any ordinance, statute, court order or law prohibit and preclude the commercial rate to be assessed to Plaintiffs and those similarly situated?

18. <u>Typicality</u>. The harm suffered by named Plaintiffs is typical of the harm suffered by other class members as to the rate, differing only in amount. Accordingly, the claims of Plaintiffs are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendant to the class members in general. Thus, they properly form the basis for class treatment in this case.

19. Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant, to wit: Plaintiffs should be charged at residential and not commercial rates.

20. <u>Adequacy of Representation</u>. The represented parties will fairly and adequately assert and protect the interest of the class. The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

21. Plaintiffs' counsel will also fairly and adequately represent the interest of the class. The law firm of Pentiuk, Couvreur & Kobiljak, P.C., is well versed in the facts and the substantive law underlying the Plaintiffs' claims.

22. This class action is maintainable under Federal Rule of Civil Procedure 23(b)(1)(A)(B), (2) and (3).

23. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

a) The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b) Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24. The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, Defendant continues to charge an improper commercial rate as more fully described in this Complaint, despite prior litigation in connection with non-party entities.

25. The questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

26. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions.

27. In view of the complexity of the issues and expense of the litigation the separate claims of individual class members are insufficient in amount to support separate actions.

28. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

29. Plaintiffs are aware that potential members of the proposed class may have been parties to similar litigation in *Village Center v City of Detroit*, USDC #2:07-cv-12963 (2009). It may be that some Plaintiffs or potential class members' remedies in part are extinguished or modified by the Final Order in that case. Yet, since the conclusion of that case, it appears from Exhibits 1 - 5 that Plaintiffs were not accorded permanent relief and that the instant suit is required.

30. The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual basis for the Plaintiffs' claims are the same as for the claims of all class members. The only difference between individual claims is the severity of the damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases turning on the same question of law and fact. The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendant the burden of defending multiple suits.

### COUNT I
### VIOLATION OF EQUAL PROTECTION - COMMERCIAL RATE CHARGES

31. Plaintiff incorporates paragraphs 1 through 30 as if more fully set forth herein.

32. The charging of residential units at commercial rates is a Constitutionally improper

7

classification and in violation of the State and Federal guarantees of equal protection (Mich Constitution 1963, Article 1, Section 2; U.S. Constitution Article 14, Section 1).

33. DWSD does not incur any greater expense in the sewage that flows from multiple residential dwellings than single family dwellings.

34. DWSD does not incur any greater expense in providing water/sewage service to multiple residential dwellings than it does other residential properties.

35. Multiple residential dwellings that are charged the higher commercial rate are placed at a financial disadvantage compared with single family dwellings charged the lower residential rates.

36. Defendant does not incur any greater expense per unit in controlling sewage for multiple dwellings than it does in controlling waste or sewage from single family dwellings.

37. There is no natural distinguishing characteristic bearing a reasonable relationship to the object of the classification which results in multiple dwellings paying a higher commercial rate and single family dwellings paying a lower residential rate.

38. There is no natural distinguishing characteristic of increased expense for controlling waste/sewage of multiple dwellings as compared to the like class of excluded properties.

39. Single family dwellings are granted an immunity from paying a higher commercial rate while multiple dwellings are denied such a benefit.

40. Plaintiffs' equal protection rights as well as the rights of others similarly situated have been violated by Defendant and as a result have incurred monetary damages.

## COUNT II - RESTITUTION/ASSUMPSIT

41. Plaintiffs incorporate paragraphs 1 through 40 as if more fully set forth herein.

42. For years Defendant has been charging the higher commercial rate to Plaintiffs and those similarly situated for services continuously provided by it which charges are not authorized by the Orders of this Court in 2:07-cv-12963, or the contract they have with DWSD.

43. Water and sewer bills per Michigan State Laws and Detroit's own Municipal Ordinance are liens against properties that receive such services until paid.

44. Michigan law provides that an assumpsit action – an action to recover damages for a breach of promise, may be maintained against a municipality and/or its divisions without regard to governmental immunity when restitution is being sought for illegal or inappropriate assessment.

45. Plaintiffs seek a Court order ordering the cession of such illegal or inappropriate charges that are paid and restitution paid back to such time as is applicable under the relevant Statute of Limitations.

## COUNT III – ACCOUNTING AND ESCROW

46. Plaintiffs incorporate paragraphs 1 through 45 as if more fully set forth herein.

47. Members of the class continue to accrue damages daily to the extent that they are still being charged commercial rates.

48. Plaintiffs request this Honorable Court require Defendant to show cause why the commercial rates to the proposed class members should be subject to an accounting and not be paid into escrow with the Court during the pendency of the action.

9

## COUNT IV - INJUNCTIVE RELIEF

49. Plaintiffs incorporate paragraphs 1 through 48 as if more fully set forth herein.

50. Plaintiffs seek injunctive relief enjoining Defendant, its agents, employees and those persons in active concert and/or participation with charging residential multi-units commercial rates.

WHEREFORE, Plaintiffs, on their own and on behalf of those similarly situated, pray for the following relief;

    A.    An Order certifying the Plaintiffs' class and appointing Plaintiffs and their counsel to represent the class.

    B.    A Judgment of Money Damages to Plaintiffs and class members in an amount equal to the improperly paid commercial rates as described in the Complaint, or in the alternative, credits to Plaintiffs' accounts.

    C.    Injunctive relief as requested in Count IV of the Complaint.

    D.    An award of reasonable attorney fees and costs.

    E.    An incentive fee award to named Plaintiffs.

    F.    Such other and different relief as is just and equitable.

G.  A declaration that Defendants have not fully complied with the prior orders of this Court.

>Respectfully submitted,
>
>PENTIUK, COUVREUR & KOBILJAK, P.C.
>
>By: /s/ Randall A. Pentiuk
>   Randall A. Pentiuk (P32556)
>   Kerry L. Morgan (P32645)
>   Attorney for Plaintiffs
>   2915 Biddle Avenue, Suite 200
>   Wyandotte, MI 48192
>   (734) 281-7100
>   RPentiuk@pck-law.com
>   KMorgan@pck-law.com

Dated: August 23, 2012.
Z:\2-G-L Clients\LaSalle DWSD Class Action\Class Action Complaint June 26 2012.doc

11