UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit
Corporation, NICOLET TOWN HOUSES            Case No. 12-CV-13747
COOPERATIVE, A Domestic Nonprofit
Corporation, LAFAYETTE TOWN HOUSES,         Hon. Paul D. Borman
INC., a Domestic Nonprofit Corporation, and
JOLIET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit
Corporation, ST. JAMES COOPERATIVE, a
Domestic Nonprofit Corportation,

    Plaintiffs,

CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE
DEPARTMENT,

    Defendant.

| PENTIUK, COUVREUR & KOBILJAK, P.C. | CLARK HILL PLC |
|---|---|
| Randall A. Pentiuk (P32556) | Reginald M. Turner, Jr. (P40543) |
| rpentiuk@pck-law.com | rturner@clarkhill.com |
| Kerry L. Morgan (P32645) | Scott G. Smith (P31966) |
| kmorgan@pck-law.com | sgsmith@clarkhill.com |
| 2915 Biddle Avenue, Suite 200 | Matthew W. Heron (P61501) |
| Wyandotte, Michigan 48192 | mheron@clarkhill.com |
| (734)281-7100 | 500 Woodward Ave., Ste. 3500 |
| Attorneys for Plaintiffs | Detroit, MI 48226 |
| | 313.965.8300 |
| | Attorneys for Defendant |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant City of Detroit, ("Defendant"), by and through its attorneys Clark Hill PLC, for its Answer and Affirmative Defenses to the Complaint of Plaintiffs LaSalle Town Houses Cooperative Association ("LaSalle"), Nicolet Town Houses Cooperative Association ("Nicolet"), Lafayette Town Houses, Inc., ("Lafayette"), Joliet Town Houses Cooperative

Association ("Joliet"), and St. James Cooperative ("St. James"), (collectively, "Plaintiffs"), states as follows:

1. Defendant denies the allegations contained in this Paragraph, and denies the allegation that any of the Plaintiffs have been improperly charged "commercial rates" as alleged by Plaintiffs. Defendant further denies that the instant action is a "similar action" to *Village Center v. City of Detroit*, Case No. 07-CV-12963 ("*Village Center Action*"). The *Village Center Action* related to a challenge to industrial waste control ("IWC") charge rates, which Defendant does not levy on any of Plaintiffs' facilities.

2. Defendant admits that the Detroit Water and Sewerage Department ("DWSD") is the department within the City of Detroit that provides water and sewerage services to Detroit residents. Defendant denies that DWSD is an entity separate and distinct from the City of Detroit itself.

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial. The allegations contained in this Paragraph do not specify the component(s) of the charges being challenged.

4. Defendant denies the allegations contained in this Paragraph in the manner alleged. Waste water, usually understood to be sanitary sewage, discharged in the City of Detroit is treated by DWSD pursuant to the Charter of the City of Detroit and its ordinances, as opposed to agreement between DWSD and the City of Detroit.

## JURISDICTION AND PARTIES

5. The allegations contained in this Paragraph state conclusions of law to which no response is required.

6. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

9. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

11. Defendant admits that it is located in Wayne County, Michigan. Further, DWSD is a department within the City of Detroit that is also located in Wayne County, Michigan.

## CLASS ALLEGATIONS

12. Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

13. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Defendant further states that some members of the Plaintiffs' putative class may be currently charged, or may have been charged, residential rates for periods of time up to and including present charges.

14. Defendant denies that class certification is warranted in this case, and further denies that the class proposed by Plaintiffs is appropriate.

15. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

16. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

17. The allegations contained in this Paragraph, and its Subparagraphs, present questions and conclusions of law to which no response is required. To the extent a response is required, Defendant denies that the questions presented in this Paragraph present common issues supporting Plaintiffs' claims.

18. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

19. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the charges being challenged.

20. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

21. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

22. Defendant denies that the instant action is certifiable as a class action under FED. R. CIV. P. 23.

23. The allegations contained in this Paragraph, and its Subparagraphs, state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

24. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the charges being challenged.

25. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

26. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

27. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

28. Defendant denies the allegation contained in this Paragraph for the reason that it is untrue.

29. Defendant admits that it was a party to the *Village Center Action*. Defendant denies any allegation that it has not complied with any obligation arising out of the *Village Center Action*. Further, Plaintiff LaSalle also appears to have been a party to the *Village Center Action*. Any claims that were brought or could have been brought by any named Plaintiff, or putative class member, in the *Village Center Action* are barred in this action under the doctrines of merger and/or bar, and/or *res judicata*.

5

30. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

## COUNT I
## VIOLATION OF EQUAL PROTECTION -
## COMMERCIAL RATE CHARGES

31. Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

32. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

33. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

34. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

35. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

36. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

37. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

38. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue. Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

39. Defendant denies the allegations in this Paragraph for the reason that they are untrue.

40. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

## COUNT II - RESTITUTION/ASSUMPSIT

41. Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

42. Defendant denies the allegations contained in this Paragraph as phrased for the reason that they are untrue.

43. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations contained in this Paragraph.

44. The allegations contained in this Paragraph state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph, and denies any allegation that it has engaged in any illegal or inappropriate assessment for the reason that it is untrue.

45. Defendant admits that Plaintiffs seek relief from this Court. Defendant denies that any requested relief is warranted, and denies the allegation that it has engaged in any illegal or inappropriate assessment for the reason that it is untrue.

## COUNT III - ACCOUNTING AND ESCROW

46. Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

47. Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

48. Defendant admits that Plaintiffs seek relief. Defendant denies that Plaintiffs are entitled to any relief, and deny that a show cause order is warranted.

## COUNT IV - INJUNCTIVE RELIEF

49. Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

50. Defendant admits that Plaintiffs seek relief. Defendant denies that Plaintiffs are entitled to any relief, and deny that an injunction is warranted.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

    a.    Dismiss Plaintiffs' Complaint with prejudice;

    b.    Award Defendant its attorneys' fees and costs for having to defend this action; and

    c.    Award such other relief as the Court deems just and equitable.

    Respectfully submitted,

    CLARK HILL PLC

    By:    /s/ Reginald M. Turner, Jr.
    Reginald M. Turner, Jr. (P40543)
    rturner@clarkhill.com
    Scott G. Smith (P31966)
    sgsmith@clarkhill.com
    Matthew W. Heron (P61501)
    mheron@clarkhill.com
    500 Woodward Ave., Ste. 3500
    Detroit, MI 48226
    313.965.8300

Date: October 2, 2012    Attorneys for Defendant

9

**AFFIRMATIVE DEFENSES**

Defendant, City of Detroit, hereby puts Plaintiffs on notice that it may rely upon one or more of the following affirmative defenses:

1. Plaintiffs' claims are barred in whole or in part because they have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims against the Defendant, City of Detroit, are barred by the Governmental Immunity Act, MICH. COMP. LAWS § 691.1401, *et seq*.

3. Plaintiffs failed to mitigate damages.

4. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiffs' claims, either intentionally or unintentionally, improperly fail to distinguish between commercial IWC charges, and the actual components of the commercial rates that DWSD charges Plaintiffs.

6. Plaintiffs' claims are barred, in whole or in part, because Defendant's classification, if any, is rationally based and otherwise constitutes a proper exercise of municipal power.

7. Plaintiffs' claims are barred, in whole or in part, because Defendant's classification of property for Storm Water Drainage ("SWD") charges is rationally based on assumptions made regarding storm water volume due to meter sizes and/or expansive impervious surfaces.

8. No rate structure takes into account every different circumstance between properties, and every rate structure makes broad classifications in which it puts various types of properties, classifying them on the basis of practical similarities or differences for purposes of

water and sewage services, costs of services, and rates, not necessarily based on labels or types of use of the property.

9. The reclassifications of property sought by Plaintiffs may result in a denial of Equal Protection rights for DWSD customers.

10. Defendant's conduct is also authorized by the Detroit City Code ("Code") which requires that storm water shall be discharged into public sewers, Code Sec. 56-3-8(b), the Federal Water Pollution Act, which requires that each party that uses a municipal sewer system pay its fair share of the cost of operating the system, 33 U.S.C. § 1284(b)(1)(A), and Section 18 of the Michigan Revenue Bond Act, MICH. COMP. LAWS § 141.118, which prohibits municipal utilities from providing free service to any user of the utility system.

11. Plaintiffs' claims are barred by the Voluntary Payment Doctrine because Plaintiffs' payments of SWD charges were mistakes of law (as to Plaintiffs' rights).

12. Plaintiffs' Equal Protection claims are subject to dismissal because no City of Detroit Ordinance creates an impermissible class which is treated in a disparate fashion in relation to others similarly situated.

13. Some members of the Plaintiffs' putative class may be currently charged, or may have been charged, residential rates for periods of time up to and including present charges.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, acquiescence, and ratification.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, merger, and/or bar.

16. Plaintiffs' claims are barred, in whole or in part, by waiver and/or estoppel.

17. Defendant reserves the right to assert additional affirmative defenses.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

    a.    Dismiss Plaintiffs' Complaint with prejudice;

    b.    Award Defendant its attorneys' fees and costs for having to defend this action; and

    c.    Award such other relief as the Court deems just and equitable.

Respectfully submitted,

CLARK HILL PLC

By: /s/ Reginald M. Turner, Jr.
Reginald M. Turner, Jr. (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
500 Woodward Ave., Ste. 3500
Detroit, MI  48226
313.965.8300
Attorneys for Defendant

Date:  October 2, 2012

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause at their respective email addresses as listed for service via the Courts electronic filing system on October 2, 2012.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

By:/s/Paula Proffitt
Paula R. Proffitt