## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC. a Domestic
Nonprofit Corporation JOLIET TOWN HOUSES
COOPERATIVE ASSOCIATION, a Domestic
Nonprofit Corporation, and ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
Individually and on behalf of all similarly,

   Plaintiffs,

v.

CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE DEPARTMENT,

   Defendant.

Case No. 4:12-cv-13747

Hon. Gershwin A. Drain

**DEFENDANT'S MOTION
TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6)
AND/OR 12(c)**

---

PENTIUK, COUVREUR & KOBILJAK, P.C.
Randall A. Pentiuk (P32556)
rpentiuk@pck.law.com
Kerry L. Morgan (P32645)
kmorgan@pck-law.com
2915 Biddle Avenue, Suite 200
Wyandotte, Michigan 48192
(734) 281-7100
*Co-Counsel for Plaintiffs*

CLARK HILL PLC
Reginald M. Turner (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
Jenice C. Mitchell Ford (P61511)
jmitchellford@clarkhill.com
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
*Co-Counsel for Defendant*

JOHNSTON, SZTYKIEL, HUNT, GOLDSTEIN
& FITZGIBBONS, P.C.
Eric S. Goldstein (P45842)
egoldstein@jshlawmi.com
1301 West Long Lake Road, Suite 250
Troy, Michigan 48098
(248) 641-1800
*Co-Counsel for Plaintiffs*

## DEFENDANT'S MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(c)

Defendant City of Detroit, acting through its Detroit Water and Sewerage Department ("Defendant" or "DWSD"), through its counsel Clark Hill PLC, hereby move this Court for dismissal of the complaint in this action for Plaintiffs' failure to state a claim upon which relief can be granted. As such, Defendant is entitled to dismissal as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c). For the reasons set forth in the attached Brief, Defendant respectfully requests that this Court grant its Motion filed pursuant to FED. R. CIV. P. 12(b)(6) and/or 12(c).

Concurrence to the relief sought in this Motion was requested from counsel for Plaintiffs on March 5, 2013. Concurrence was denied on March 27, 2013.

Respectfully Submitted By:

CLARK HILL PLC

/s/ Jenice C. Mitchell Ford
Reginald M. Turner (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
Jenice C. Mitchell Ford (P61511)
jmitchellford@clarkhill.com
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
*Counsel for Defendant*

Date: May 21, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC. a Domestic
Nonprofit Corporation JOLIET TOWN HOUSES
COOPERATIVE ASSOCIATION, a Domestic
Nonprofit Corporation, and ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
Individually and on behalf of all similarly,

    Plaintiffs,

v.

CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE DEPARTMENT,

    Defendant.

Case No. 4:12-cv-13747

Hon. Gershwin A. Drain

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION
TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6)
AND/OR 12(c)**

---

PENTIUK, COUVREUR & KOBILJAK, P.C.
Randall A. Pentiuk (P32556)
rpentiuk@pck.law.com
Kerry L. Morgan (P32645)
kmorgan@pck-law.com
2915 Biddle Avenue, Suite 200
Wyandotte, Michigan 48192
(734) 281-7100
*Co-Counsel for Plaintiffs*

JOHNSTON, SZTYKIEL, HUNT, GOLDSTEIN
& FITZGIBBONS, P.C.
Eric S. Goldstein (P45842)
egoldstein@jshlawmi.com
1301 West Long Lake Road, Suite 250
Troy, Michigan 48098
(248) 641-1800
*Co-Counsel for Plaintiffs*

CLARK HILL PLC
Reginald M. Turner (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
Jenice C. Mitchell Ford (P61511)
jmitchellford@clarkhill.com
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
*Co-Counsel for Defendant*

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED .................................................................. ii

MOST CONTROLLING OR PERSUASIVE AUTHORITY ..................................... iii

INDEX OF AUTHORITIES ........................................................................................ iv

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(c) ........................................ 1

BACKGROUND .......................................................................................................... 1

    I.    The Parties ........................................................................................... 1

    II.    Plaintiffs' Claims Asserted In This Instant Matter .............................. 2

    III.    Plaintiffs' Claims Are Barred By *Res Judicata* Because Such Claims Were, Or Could Have Been, Raised In The Prior Matter Village Center, et al. v. City of Detroit ............................................. 2

ARGUMENT ................................................................................................................ 4

    I.    Standard of Review ............................................................................. 4

    II.    Plaintiffs' Claims Are Barred By *Res Judicata* .................................. 5

    III.    Plaintiffs Fail To State An Equal Protection Claim ............................ 7

CONCLUSION ........................................................................................................... 10

## STATEMENT OF ISSUES PRESENTED

I. Should Plaintiffs Claims Be Dismissed For Failure To State A Claim Pursuant To Fed. R. Civ. P. 12(b)(6) and/or 12(c)?

>Defendant answers 'Yes.'
>Plaintiffs answer 'No.'

## MOST CONTROLLING OR PERSUASIVE AUTHORITY

*Cases*

*First Am. Title Co. v. Devaugh,*
  480 F.3d 438, 444 (6th Cir. 2007) ................................................................... 5

*Golden v. City of Columbus,*
  404 F.3d 950, 959 (6th Cir. 2005) ................................................................ 5, 7

*Hadix v. Johnson,*
  230 F.3d 840, 843 (6th Cir. 2000) ................................................................... 7

*Land v. City of Grandville,*
  2 Mich. App. 681, 695 and 697; 141 N.W.2d 370, 376 and 377 (1966) ............. 8, 9

*Village Green of Lansing v. Bd. of Water and Light,*
  145 Mich. App. 379, 394; 377 N.W.2d 401, 409 (1985) ................................... 8

*Rules*

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 4

Fed. R. Civ. P. 12(c) ............................................................................................. 4

# INDEX OF AUTHORITIES

*Cases*

*Alexander v. City of Detroit*,
  392 Mich. 30, 35-36; 219 N.W.2d 41, 43 (1974).................................................................8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662, 684 (2009) ......................................................................................................5, 7

*Atlas Valley Golf and Country Club, Inc. v. Village of Goodrich*,
  227 Mich. App. 14, 15 and 16-17; 575 N.W.2d 56, 62 (1997) .............................................7, 8

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
  528 F.3d 426, 430 (6th Cir. 2008) ...............................................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 555, 570 (2007) ..............................................................................................5, 7

*Bittinger v. Tecumshe*, 123 F.3d 877, 880 (1997) *citing Kane v. Magna Mixer Co.*,
  71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*, 134 L. Ed. 2d 949, 116 S. Ct. 1848 (1996) ..........6

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
  648 F.3d 365, 379 (6th Cir. 2011).................................................................................................7

*Edison v. Tenn. Dep't of Children's Servs.*,
  510 F.3d 631, 634 (6th Cir. 2007) ...............................................................................................5

*EEOC v. J.H. Routh Packing, Co.*,
  246 F.3d 850, 851 (6th Cir. 2001)................................................................................................4

*First Am. Title Co. v. Devaugh*,
  480 F.3d 438, 444 (6th Cir. 2007) ...............................................................................................5

*Gean v. Hattaway*,
  330 F.3d 758, 771 (6th Cir. 2003).................................................................................................7

*Golden v. City of Columbus*,
  404 F.3d 950, 959 (6th Cir. 2005).............................................................................................5, 7

*Hadix v. Johnson*,
  230 F.3d 840, 843 (6th Cir. 2000).................................................................................................7

*Iroquois Properties v. City of East Lansing*,
  160 Mich. App. 544, 561; 408 N.W.2d 495, 503 (1987) .............................................................7

*Kane v. Magna Mixer Co.*,
   71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*,
   134 L. Ed. 2d 949 (1996) .................................................................................. 6

*Land v. City of Grandville*,
   2 Mich. App. 681, 695 and 697; 141 N.W.2d 370, 376 and 377 (1966) .............. 8, 9

*McGee v. East Ohio Gas Co.*,
   200 F.R.D. 382, 389 (S.D. Ohio 2001) ............................................................... 7

*Paskvan v. City of Cleveland Civil Serv. Comm'n*,
   946 F.2d 1233, 1235 (6th Cir. 1991) .................................................................. 5

*Sanders Confectionery Prods. v. Heller Financial, Inc.*,
   973 F.2d 474, 480 (6th Cir.1992) ....................................................................... 6

*Stout v. Byrider*, 228 F.3d 709,
   228 F.3d 709, 716 (6th Cir. 2000) ...................................................................... 5

*Township of Meridian v. East Lansing*,
   342 Mich. 734, 749; 71 N.W.2d 234, 237 (Mich. 1955) ..................................... 8

*Village Green of Lansing v. Bd. of Water and Light*,
   145 Mich. App. 379, 394; 377 N.W.2d 401, 409 (1985) ................................. 7, 8

### Rules

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4

Fed. R. Civ. P. 12(c) ................................................................................................... 4

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(c)

Defendant City of Detroit respectfully requests that this Court dismiss Plaintiffs' Complaint because Plaintiffs' claims, which are allegedly common to the proposed class members, are legally and factually insufficient. Specifically, Plaintiffs' equal protection claims are barred by *res judicata* because they could have and should have been asserted in an earlier equal protection action against the City of Detroit. Further, Plaintiffs' equal protection claim fails as a matter of law because Defendant has a rational basis for charging commercial water and sewerage rates to multiple family buildings with five or more units. As such, Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or (12(c).

## BACKGROUND

### I. THE PARTIES

Plaintiffs own and operate town home cooperatives and/or condominiums (the "Co-ops"). *See* Plaintiffs' Class Action Complaint ("*Plaintiffs' Complaint*"), ¶¶1 and 5-10 *[Docket Entry No. 1]*, attached as **Exhibit A**. The Co-ops contain five or more residential units (the "Co-ops"). *See* Plaintiffs' Response to Defendant's First Combined Set of Interrogatories, Requests for Production and Requests To Admit ("*Response To Combined Discovery Requests*"), Requests To Admit Nos. 4, 9, 16, 21 and 26, attached as **Exhibit B**. The Co-ops are not single family residential dwellings. *See Response To Combined Discovery*, Requests To Admit Nos. 5-8, 10-13, 17-20, 22-25 and 27-30. Unlike single family dwellings, the Co-ops do not have individual water meters or individual lawns for each unit. *Id.* Plaintiffs seek to add as class members all residential dwellings (apartment buildings, condominiums, co-ops, *etc.*) located within the City of Detroit that feature five or more residential units. *See* Plaintiffs' Motion For Class Certification ("*Plaintiffs' Motion*") at p. 1.

1

Defendant City of Detroit, acting through its Detroit Water and Sewerage Department ("Defendant" or "DWSD") provides water and sewerage to residential buildings and other buildings and facilities, including the Co-ops. *See* Defendant's Answer To Complaint, ¶2.

## II. PLAINTIFFS' CLAIMS ASSERTED IN THIS INSTANT MATTER

Plaintiffs claim that they are charged "improper or commercial rates" rather than a "residential rate" and that these charges violate "the equal protection clause of the United States and Michigan Constitutions." *Plaintiffs' Complaint* at ¶¶ 1, 3 and 32. *See also Plaintiffs' Motion* at p. 1. Plaintiffs seek to certify a class consisting of:

> [A]ll entities or individuals owning, or acting for owners of buildings, apartment buildings, town houses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the DWSD which DWSD has not previously adjusted based on prior litigation for the time period of at least six years prior to filing the instant complaint through the date of final judgment, or such longer amount of time as may be allowed by law.

*Plaintiffs' Complaint* at ¶14. *See also* Plaintiffs' Motion at p. 1. In this matter, Plaintiffs seek to add as class members ". . . hundreds if not . . . a thousand members . . . . from a "listing of apartment accounts provided by Defendant which identifies 2,432 structures . . . ." *Plaintiffs' Motion* at pp. 3-4.

## III. PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA* BECAUSE SUCH CLAIMS WERE, OR COULD HAVE BEEN, RAISED IN THE PRIOR MATTER VILLAGE CENTER, ET AL. V. CITY OF DETROIT

In *Village Center Associates Limited Dividend Housing Association, et al. v. City of Detroit, acting through its Detroit Water and Sewerage Department*, Case No. 07-cv-12963 (Hon. John Feikens) ("*Village Center*"), the plaintiffs filed a class action complaint alleging, *inter alia*:

> 3.   The Defendant has created an account classification in order to determine what rate to charge to certain customers (see Exhibit A). Based upon Defendants own classifications Plaintiffs and the class of persons and entities similarly situated are classified as commercial and/or apartment buildings, as all have greater than four (4) units.

> 4. During the class period those Plaintiffs and members of the proposed class that were charged commercial or apartment building rates were also charged an Industrial Waste Control charge in direct contradiction to specific ordinances enacted pursuant to a Consent Judgment in U.S. District Court Case No. 77-1100 as amended from time to time.

*Village Center First Amended Class Action Complaint* at ¶¶ 3-4 [*Village Center Docket Entry No. 21, Ex. 4*] ("*Village Center Complaint*"), attached as **Exhibit C**. The plaintiffs alleged that the proposed class number was "in excess of 2,000 members and [could] be readily identified from Defendant's records." *Id*. at ¶22.

The parties agreed to settle the matter and that the settlement class would include:

> [A]ll persons or entities who or which on July 28, 2008 owned a residential property consisting of more than 4 residential units which property, based on water and sewage meters applicable to such property, was assessed sewage charges from the Detroit Water Board and Sewerage Department Containing an IWC (Industrial Waste Control Charge) charge at any time from and after June 1, 2001.

*Village Center Complaint* at ¶21. *Village Center* was dismissed with prejudice, on the merits, pursuant to a Final Judgment and Order dated February 3, 2009 ("*Village Center Final Order*") [*Village Center Docket Entry No. 27*], attached as **Exhibit D.** The *Village Center Final Order* provides, in pertinent part:

> . . . [P]laintiffs' agree that the lawsuit shall be dismissed with prejudice, and Plaintiffs' and all settlement class members who do not timely exclude themselves from the Settlement Class, including any other person acting on their behalf or for their benefit, and including all Settlement Class members whose mail is returned as undeliverable mail for any reason hereby releases, covenants, not to sue, remises and forever discharges Defendant . . . from any causes of action, claims, debts, contracts, agreements, obligations, liabilities, suits, claims, damages, losses, or demands whatsoever ("claims"), in law or in equity, known or unknown at this time, suspected or unsuspected with Plaintiff and the class now have or ever had, or may in the future have, against [DWSD] . . . under any legal theory, including but not limited to, claims under equal protection or restitution, attorneys fees and/or costs of suit in connection with such claims, whether or not alleged, arising out of the allegations in or subject matter of the First Amended Class Action Complaint attached to this Preliminary Statement of Settlement Terms.

*Village Center Final Order* at ¶7. *See also* Preliminary Statement of Settlement Terms at ¶8 *[Village Center Docket Entry No. 21, Ex. 2]* ("*Village Center Settlement Agreement*"), attached as **Exhibit E**. The Village Center Settlement Class had 2,310 members. It included all of the Plaintiffs in this matter and many of the proposed class members. *See* DWSD IWC Settlement Final Worksheet ("*Village Center Settlement List*"), attached as **Exhibit F**. *See also* Memorandum As To Final List of Accounts/Class Members And Pro Rata Credit *[Village Center Docket Entry No. 24]* which references the *Village Settlement List*, attached as **Exhibit G** and Attorney Affidavit of Jenice C. Mitchell Ford ("*Attorney Affidavit*"), attached as **Exhibit H**. As part of the settlement, the DWSD provided appropriate remuneration (in the form of refunds, credits or payments) to members of *Village Center* Settlement Class members. *See Village Center Settlement List*. Many of the *Village Center* Settlement Class members, like the Plaintiffs and proposed plaintiffs in this action, own or operate multiple family dwellings with five or more residential units. *Id.* *Village Center* Settlement Class members were provided notice of the settlement. *See* Affidavit of Gary Watkins dated October 10, 2008 *[Village Center Docket Entry No. 25]*, attached as **Exhibit I**.

## ARGUMENT

### I. STANDARD OF REVIEW

The standard of review for a motion brought pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings for failure to state a claim upon which relief can be granted, is nearly identical to that employed when reviewing a motion brought pursuant to Fed. R. Civ. P. 12(b)(6). *See EEOC v. J.H. Routh Packing, Co.*, 246 F.3d 850, 851 (6th Cir. 2001). *See also* Fed. R. Civ. P. 12(b)(6) and 12(c). When a court is presented with a Rule 12(b)(6) or 12(c) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the

4

[c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). A court "must construe the complaint in the light most favorable to the plaintiff, accept[ing] all of the complaint's factual allegations as true." *Id.* (citation and internal quotations omitted).

Yet, to survive such a motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory." *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Thus, a party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 and 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard 'for all civil actions'"). A claim must be dismissed if the legal protections invoked by a party do not provide relief for the conduct alleged in its complaint. *Golden v. City of Columbus*, 404 F.3d 950, 959 (6th Cir. 2005).

A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

## II. PLAINTIFFS' CLAIMS ARE BARRED BY *RES JUDICATA*

The claims of many of members of the putative class are barred under the doctrine of *res judicata* or claim preclusion. A claim will be barred by prior litigation if the following elements are present: (i) a final decision on the merits by a court of competent jurisdiction; (ii) a subsequent action between the same parties or their "privies"; (iii) an issue in the subsequent action which was

5

litigated or which should have been litigated in the prior action; and (iv) an identity of the causes of action. *Bittinger v. Tecumshe*, 123 F.3d 877, 880 (1997) *citing Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert. denied*, 134 L. Ed. 2d 949, 116 S. Ct. 1848 (1996); *Sanders Confectionery Prods. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir.1992).

Here, all four (4) factors for claim preclusion are met. First, many potential class members were parties to *Village Center* where a final order on the merits was entered on February 3, 2009. *See Village Center Final Order*. Second, Plaintiffs seek to add these same entities to this subsequent matter. *See Plaintiffs' Complaint* at ¶14. *See also Plaintiffs' Motion* at p.1. Third, all members of the *Village Center* Settlement Class were aware that they were being charged commercial rates and could have but failed to challenge the imposition of that rate at that time. In settlement of that matter, all *Village Center* Settlement Class members waived their right to assert the claims now asserted in this matter. *See Village Center Settlement Agreement* at ¶¶1 and 8. Fourth, the claims asserted in this matter mirror those claims either asserted in the *Village Center First Amended Class Action Complaint*, waived in the *Village Center Settlement Agreement* and/or extinguished by the *Village Center Final Order*.

Even Plaintiffs acknowledge that "potential members of the proposed class may have been parties to "similar litigation in Village Center v City of Detroit, USDC #2-07-cv-12963 (2009). It may be that some Plaintiffs or potential class members' remedies in part are extinguished or modified by the Final Order in that case." *Plaintiffs' Complaint* at ¶29. Despite acknowledging this fact, Plaintiffs nonetheless seek to certify a class with approximately 2,332 structures – many if not most of whom were included in the *Village Center* Settlement Class as members or privies to members. Instead of taking measures within their control to refine the potential class, Plaintiffs rely on speculative numbers and unsupported assertions about class membership simply repeating in *Plaintiffs' Motion* what was stated in *Plaintiff's Complaint*.

As such, Plaintiffs have made "a blanket assertion of entitlement to relief" without raising "a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under these circumstances, Plaintiffs' claims must be dismissed because the legal protections invoked by a party do not provide relief for the conduct alleged in *Plaintiffs' Complaint*. *Golden*, 404 F.3d 950, 959 (6th Cir. 2005).

For these reasons, Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(c).

### III. PLAINTIFFS FAIL TO STATE AN EQUAL PROTECTION CLAIM

"To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quotations omitted). Under rational basis review, the governmental policy at issue "will be afforded a strong presumption of validity and must be upheld as long as there is a rational relationship between the disparity of treatment and some legitimate government purpose." *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000); *accord Atlas Valley Golf and Country Club, Inc. v. Village of Goodrich*, 227 Mich. App. 14, 15; 575 N.W.2d 56, 62 (1997). In other words, "a plaintiff faces a severe burden and must negate all possible rational justifications for the distinction." *Gean v. Hattaway*, 330 F.3d 758, 771 (6th Cir. 2003).

One purpose of the utility ratemaking process is to equitably apportion the cost of services to the customers who use them. *See Iroquois Properties v. City of East Lansing*, 160 Mich. App. 544, 561, 408 N.W.2d 495, 503 (1987). Courts have recognized, however, that it is often administratively impossible to measure a customer's actual use of a service. *See, e.g., Village*

7

*Green of Lansing v. Bd. of Water and Light*, 145 Mich. App. 379, 394; 377 N.W.2d 401, 409 (1985). For example, it would be unduly burdensome to determine how much electricity each individual tenant consumes in the common areas of a multiple-family dwelling. *Id.* It is likewise impossible to predict usage with mathematical formulas, since there are any number of variables that might affect why and how a customer uses a given service. *Land v. City of Grandville*, 2 Mich. App. 681, 695; 141 N.W.2d 370, 376 (1966) *citing Township of Meridian v. East Lansing*, 342 Mich. 734, 749; 71 N.W.2d 234, 237 (Mich. 1955)).

In light of these administrative difficulties, the rational-basis test does not require utility firms to perfectly measure or predict usage when apportioning the cost of services. *Atlas Valley*, 227 Mich. App. at 16-17. Instead, the Equal Protection Clause permits utility firms to classify customers based on any natural distinguishing characteristic that reasonably assists in the apportionment process. *See Alexander v. City of Detroit*, 392 Mich. 30, 35-36; 219 N.W.2d 41, 43 (1974). As such, courts have upheld a wide variety of classifications aimed at achieving equitable apportionment. *See, e.g., Land*, 2 Mich. App. at 697; 141 N.W.2d at 377 (upholding an ordinance imposing sewer charges based on the total number of residents in a dwelling unit) and *Village Green of Lansing*, 145 Mich. App. 379, 394; 377 N.W.2d 401, 409 (upholding the practice of charging commercial utility rates to the communal portions of a multi-family dwelling).

In the instant case, DWSD operates a combined sewer system that treats both stormwater and sanitary sewage. DWSD measures the usage of sanitary sewage services by metering the sewage as it leaves a given premises. It is too costly and burdensome to measure stormwater runoff, however, so DWSD apportions the costs stormwater treatment by charging higher rates to multiple family dwellings with five or more units.

The number of units in a residential complex is a natural distinguishing characteristic that rationally relates to the amount of stormwater entering a sewage system. On average, DWSD

8

incurs greater expense to provide sewerage services to multiple family units with five or more residential units than it does to multiple family units with four or less units or to five single family homes. *See* City of Detroit Water and Sewerage Department Report on Fiscal Year 1992 Water and Sewer Rates and Fiscal Year 1990 Sewer Look-Back Adjustments ("*Water and Sewer Rate Report*"), attached as **Exhibit J**. This is only logical, because the parcels of multiple family dwellings with five (5) or more units are generally larger than complexes with fewer units, and therefore have more square footage covered by roofs, driveways, parking lots and other impervious surfaces. These large impervious surfaces increase the amount of stormwater runoff and thereby increase the service costs incurred by DWSD. Thus, distinguishing between residential complexes based on the number of occupants is a rational means of apportioning the cost of utility services. *Land*, 2 Mich. App. at 697.

Plaintiffs rely on *Alexander v. City of Detroit*, 392 Mich. 30; 219 N.W.2d 41 (1974), to support their equal protection claims (and request for class certification), but that case is distinguishable. In *Alexander*, the plaintiffs raised an equal protection claim regarding a City of Detroit ordinance that required multiple dwellings of five or more units to pay a commercial waste charge for city refuse collection. *Alexander,* 392 Mich. at 34. The ordinance exempted condominiums and cooperatives and provided the Detroit City Council with discretion to make reductions or waiver of commercial waste fees. *Id.* The Michigan Supreme Court found the ordinance to be violative of the equal protection clause because its classifications and exceptions were not rationally related to cost of providing trash-collection services. In reaching that conclusion, the Supreme Court was "heavily influenced" by the trial judge's finding that "the City of Detroit did not consider the character of the waste generated in granting exemptions to dwellings with 4 units or less." *Id.* at 37. Moreover, "[t]he City of Detroit did not incur any greater expense in collecting refuse from multiple dwellings with 5 or more units than from condominiums or

9

cooperatives." *Id.* at 36-37. In the instant cases, DWSD did specifically consider the volume of stormwater produced by properties with five or more residential units and determined that, on average, those properties produced greater service costs per dwelling than other types of housing options. *See Water and Sewer Report* at p. 68 and Table S-17. DWSD also set a single rate for *all* multiple family dwellings with five or more units, and thus did not arbitrarily distinguish apartments from condominiums or cooperatives.

Accordingly, DWSD's ratemaking classifications are rationally related to the cost of providing services, and therefore do not violate the Equal Protection Clause. For this reason, Plaintiffs' Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(c).

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c).

          Respectfully submitted,

          CLARK HILL PLC

          By:   /s/ Jenice C. Mitchell Ford
                  Reginald M. Turner (P40543)
                  rturner@clarkhill.com
                  Scott G. Smith (P31966)
                  sgsmith@clarkhill.com
                  Matthew W. Heron (P61501)
                  mheron@clarkhill.com
                  Jenice C. Mitchell Ford (P61511)
                  jmitchellford@clarkhill.com
                  Clark Hill PLC
                  500 Woodward Avenue, Suite 3500
                  Detroit, Michigan 48226
                  (313) 965-8300
                  *Counsel for Defendant*

Date: May 21, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully Submitted By:

CLARK HILL PLC

/s/ Jenice C. Mitchell Ford
Reginald M. Turner (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
Jenice C. Mitchell Ford (P61511)
jmitchellford@clarkhill.com
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
*Counsel for Defendant*

11

9093110.2 34596/157060