# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | | Related to Doc. No. 1146 |

**RESPONSE BY THE DETROIT RETIREMENT SYSTEMS TO THE MOTION OF DEBTOR, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(C), FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES AND FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") hereby file this response to the Motion of Debtor, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Motion") [Dkt. No. 1146], stating as follows:[1]

---

[1] This Objection is filed subject to the reservations of rights in the Appearances filed by the undersigned counsel in this case, including the Retirement Systems' right to argue that this Court lacks subject-matter jurisdiction.

1.      The Retirement Systems submit that the Bar Date Motion, the accompanying order (the "Bar Date Order"), and the proposed Notice of Bar Date should clarify that employees and retirees who are not otherwise required under the Bar Date Order to file proofs of claim based on unfunded healthcare or pension liabilities must file proofs of claim if they wish to participate in the voting on a plan of adjustment in these chapter 9 proceedings.  Exactly how such claims and votes may be classified, quantified, and counted need not be decided at this time, but rather should await the filing of a plan of adjustment.  Alternatively, the Bar Date Order and Notice of Bar Date could provide that the claims as scheduled by the City and/or any claims filed by the Retirement Systems shall be sufficient in themselves to enable all holders of accrued pension and healthcare benefits to vote on any plan or plans proposed by the City in this case, with the process of allocating an amount of a temporarily allowed claim to each individual voter in accordance with Bankruptcy Rule 3018 being the subject of a subsequent motion.

2.      In paragraph 23 of the Bar Date Motion, the City proposes that entities holding either (a) claims for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan ("Healthcare UAAL Claims"); or (b) claims for unfunded pension liabilities ("Pension Liability Claims") need not file proofs of claim.  Bar Date Motion, ¶ 23(a)-(b).

3. However, in paragraph 22 of the Bar Date Motion, the City proposes that any entity wishing to "participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment" must file proofs of claim by the applicable bar date.

4. In paragraph 26 of the Bar Date Motion, the City proposes that any entity required to file a proof of claim pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order that fails to do so by the applicable bar date should be forever barred, estopped, and enjoined from, *inter alia*, "voting upon any plan of adjustment in this chapter 9 case." Bar Date Motion, ¶ 26.

5. The combined effect of these provisions is essentially that, regardless of whether an entity is required to file a proof of claim under the Bar Date Order, such entity *must* file a timely proof of claim in order to vote on the plan of adjustment. If this is indeed the intended effect of the Bar Date Motion, it should be specifically expressed in the Bar Date Order and in all Notices of Bar Date that are sent to claimants, published, or otherwise disseminated. The City's current proposal under the Bar Date Motion is to expressly inform the employees and retirees that they need not file proofs of claim if they are based on unfunded pension or healthcare liabilities *without expressly informing such claimants that following the City's instructions not to file a proof of claim effectively waives their rights to participate in the voting process on the City's plan of adjustment*. This

omission is misleading. Instead, the City should explain that, if they wish to vote, employees and retirees must file a proof of claim. They should be allowed to vote and have a voice in the confirmation process. Given the potential difficulty for individuals to calculate such claims, however, the City should allow such claimants to provide only their dates of employment and positions held, and highest salary level achieved and salary for last three years of employment (subject to a procedure to protect confidentiality), as a proxy for the calculation of their respective pension or healthcare claims. In the alternative, the City should expressly state that any retirees or employees holding claims based on unfunded pension or healthcare liabilities shall have the opportunity to vote on a plan of adjustment without having to file a proof of claim. A process for allocating a temporarily allowed claim amount to each individual voter in accordance with Bankruptcy Rule 3018 can be proposed via a subsequent motion.

6. Accordingly, the Bar Date Order and the Notice of Bar Date should be revised to protect the potential rights to vote of employees and retirees who hold claims but are not required to file proofs of claim. Furthermore, while the City is correct that the Retirement Systems will file claims against the city for unfunded pension liabilities, this does not justify denying employees and retirees the opportunity to file claims and vote on the plan in their own right, because the

Retirement Systems do not directly represent the individual employees and retirees.

7.  The Retirement Systems are willing to work with the City to craft mutually acceptable language for the Bar Date Order and the Notice of Bar Date to inform employees and retirees that they must file simplified proofs of claim if they wish to vote on the plan.

8.  The Retirement Systems also submit that, in light of the intervening Holiday season, a Bar Date of January 21, 2014 is somewhat challenging relative to employees and retirees and should be extended to January 28, 2014.

9.  The Retirement Systems are also concerned that, with respect to the filing of any claims related to pension underfunding, the setting of a bar date at this time may very well be premature and impracticable. The Retirement Systems submit that, at a minimum, a plan of adjustment addressing the treatment of the current and ongoing healthcare and pension plans must be proposed by the City before a bar date is fixed for claimants holding claims based on unfunded healthcare or pension liabilities. As to these issues, the Retirement Systems reserve all rights.

CLARK HILL PLC

Dated: October 24, 2013

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*