## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re:*

CITY OF DETROIT, MICHIGAN,

     *Debtor.*

)
)
)
)
)
)

Chapter 9
Case No. 13-53846

Hon. Steven W. Rhodes

### THE RETIREMENT SYSTEMS' RESPONSE TO THE DEBTOR'S MEMORANDUM REGARDING THE ADMISSIBILITY OF TESTIMONY REGARDING FINANCIAL FORECASTS AND OTHER LAY WITNESS TESTIMONY

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS") (collectively, the "Retirement Systems"), through their counsel, Clark Hill PLC, respond to the *Debtor's Memorandum Regarding Admissibility of Testimony Regarding the City's Financial Projections,* [Dkt. No. 1352], as follows:

  1. On October 23, 2013, the Court sustained objections by counsel for the Objecting Parties based on Fed. R. Evid. 701(c) and excluded from evidence as improper lay opinion the testimony City of Detroit (the "City") witness Gaurav Malhotra regarding forecasts of future expected cash flows of the City. (See **Exhibit A**, Rough Hr'g Tr. 10/23/2013 at 203:19 to 208:9, 213:13 to 214:22, 228:3-15, 241:15 to 242:6, 244:5-12, 257:10 to 258:25, 263:4-20, 269:19 to 272:15).

2.  On October 24, 2013, Kenneth Buckfire testified on several subjects for which he has not been qualified as an expert, including: a 10-year financial forecast (over objection, see **Exhibit B**, Rough Hr'g Tr. 10/24/2013 at 121:10-25); estimated unfunded pension liability (over objection, 122:24 to 124:7); a draft actuarial valuation report (127:14 to 131:25); the aviation industry (218:12 to 219:1); lease agreements regarding international border crossings (Windsor Tunnel, 219:4-16); real property values, municipal zoning, and land use planning (Belle Isle Park, p. 219:19 to 220:2); real property values, blight, and liens (222:2-22); the bond market (224:4-25), municipal parking operations (222:24 to 223:9), municipal entertainment and sports arenas (Joe Louis Area, 223:11-13).

3.  Neither Mr. Malhotra nor Mr. Buckfire has been identified by the City as an expert witness in these proceedings pursuant to the Court's August 2, 2013 Order [Dkt. No. 280] or qualified as an expert on any subject area pursuant to Fed. R. Evid. 702.

4.  Before proceedings continued on October 24, the City filed a memorandum which asserts that Mr. Malhotra should be allowed to provide certain testimony (the "Memorandum") [Dkt. No. 1352] related to cash flow forecasts and financial projections.  In its Memorandum, the City asserts that Mr. Malhotra should be allowed to testify regarding future cash flow projections on the basis of "particularized knowledge" of the City's finances based on two engagements by

his firm, Ernst & Young, over a two-year period to "help sort through" the City's finances. [Dkt. No. 1352 at 5].

5. At the conclusion of the hearing on October 23, the Court indicated that it would consider authority that indicates that an analysis and development of a forecast does not involve expertise. (Ex. A, Rough Hr'g Tr. 10/23/2013 at 272:12-15).

6. The authority offered by the City in the Memorandum fails to support the City's position, or supports the Court's decision to exclude Mr. Malhotra's testimony on future financial projections.

7. Fed. R. Evid. 701 was amended in the year 2000 to add subsection 701(c), which provides that a lay witness may only testify as to "opinions or inferences which are . . . (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *JGR, Inc. v. Thomasville Furniture Indus.*, 370 F.3d 519, 525 (6th Cir. 2004) (quoting Fed. R. Civ. P. 701).

8. According to the Advisory Committee Notes for the 2000 Amendments to the Federal Rules of Evidence,

> [m]ost courts have permitted the *owner or officer* of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, *but because of the particularized knowledge that the witness has by*

3

> *virtue of his or her position in the business*. The amendment
> does not purport to change this analysis.

*JGR, Inc.*, 370 F.3d at 525 (quoting Advisory Committee Notes to 2000 Amendments) (emphasis added by reviewing court). However, "generic industry experience does not pass Rule 702 scrutiny." *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 686 (5th Cir. 2003). "[A] lay witness who was never employed by or directly involved in a business is unlikely to have the type of first-hand knowledge necessary to provide reliable forecasts of future lost profits. The further removed a lay man is from a company's day-to-day operations, the less likely it is that his opinion testimony will be admissible under Rule 701." *Id*. at 686.

9. The year 2000 Amendments to the Federal Rules of Evidence served "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *Id*. (quoting Fed. R. Evid. 701, Advisory Committee Notes for 2000 Amendments).

10. This final foundational requirement "prevents a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in

Rule 702 and the pre-trial disclosure requirements set forth in . . . Fed. R. Civ. P.

26."[1] *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005).

11. Authority offered by the City is unhelpful, distinguishable, or inapplicable to the City's position.

12. For example, in *United States v. Madison*, 226 Fed. Appx. 535, 544 (6th Cir. 2006), Memorandum at 7, a lay witness used "simple arithmetic" that was "within the capacity of any reasonable lay person" to make his conclusion, and did not provide forecasts/predictive testimony. Mr. Malhotra's cash flow projections no doubt exceed "the capacity of any reasonable lay person." See also *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 929 ("person may testify as a lay

---

[1]    Under Fed. R. Civ. P. 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." In addition, "this disclosure must be accompanied by a written report…" Fed. R. Civ. P. 26(a)(2)(B). This written report must contain the witnesses' opinions, the data used to form those opinions, exhibits that will be used to summarize those opinions, the witness' qualifications, a list of cases where the witness testified in the past four years, and disclosure of any compensation paid to the expert. Fed. R. Civ. P. 265(a)(2)(B)(i)-(vi). Importantly, a "party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added).

Fed. R. Civ. P. Rule 37(c) mandates sanctions for failing to timely disclose or supplement an earlier disclosure. Once a violation of Rule 26 is found, sanctions under Rule 37(c) are mandatory. "Rule 37 authorizes -- indeed, directs -- exclusion of the witness as a sanction for a Rule 26 violation." *Smith v. Botsford Gen. Hosp.*, 419 F.3d 513, 517 (6th Cir. 2005); see also *Matilla v. S. Ky. Rural Elec. Coop. Corp.*, 240 Fed. Appx. 35, 43 (6th Cir. 2007) (noting the mandatory nature of sanctions under Rule 37 for violations of Rule 26 with respect to expert disclosures); *Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir. 2000) (upholding the exclusion of untimely expert-witness reports and affidavits).

witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person"). Indeed, given the complexity of the City's financial situation, it is likely that not many experts, much less an ordinary person, could comprehend, analyze and explain the City's cash flow forecasts.

13. Another case offered by the City included a future projection, but it was by a witness with personal knowledge of her own lost future earnings. *Donlin v. Phillips Lighting N. Am. Corp.*, 581 F.3d 73, 80-81 (3rd Cir. 2009) (testimony plaintiff-former employee in employment discrimination suit had personal knowledge of the damages she suffered in lost future earnings and pension benefits).

14. In two cases offered by the City, the lay witness testimony was improper or excluded. See *JGR, Inc.* at 526 (6th Cir. 2004) (held that the district court abused its discretion by allowing lay witness testimony on lost profits where the witness was not an owner, director, officer of the company and did not independently verify information on which he based his opinion); *DIJO, Inc. v.*, 351 F.3d at 686 (financial consultant's opinion was excluded from record because he did not have the "requisite first-hand, personal knowledge about DIJO," was never qualified as an expert witness, and "a lay witness who was never employed

by or directly involved in a business is unlikely to have the type of first-hand knowledge necessary to provide reliable forecasts of future lost profits").

15. In the cases offered by the City where lay witness opinion was admitted, the witness either did not offer testimony about future projections and/or held an internal position with the entity in question and was thereby intimately familiar with the entity. *Latifiver Liquidating Trust v. Clear Channel Comm.*, Inc., 345 F. Appx. 46, 50 (6th Cir. 2009) (lay testimony admitted under 701(c) because damages testimony on diminished value of a company was given by a company board member and major investor); *Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, 2013 U.S. Dist. LEXIS 58331 at *6 (W.D. Pa. Apr. 24, 2013) (lay witness testimony on economic prejudice admitted because testimony given by CEO); *In re LTV Steel Co.*, 285 B.R. 259, 263-64 (Bankr. N.D. Ohio 2012) (lay witness testimony on environmental liabilities given by officer of the company); *United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006) (lay witness testimony regarding a summary of past business records was admitted because the witness "simply added and subtracted numbers").

16. Finally, two of the cases relied upon by the City were decided before the 2000 Amendment to Rule 701, rendering them simply unhelpful.[2]

---

[2] *Lighting Lube, Inc. v. Witco Corp*, 4 F.3d 1153 (3rd Cir. 1993) (court focused on damages, interpreted Rule 701 almost 20 years before the 2000 amendment went into effect); *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir.

17. The City offers *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2002), a case where lay opinion testimony was provided regarding the prices for repairing a ship by a consultant who had worked for the company in question on cost estimates, bid price review, and contract administration. The Court in that case made no distinction regarding 'consultant' vs. employee/officer, referring to all of the witnesses as the "employees and/or officers." *Id.* at 1223.

18. The objection regarding Mr. Malhotra's improper lay testimony should be sustained because that testimony was properly excluded and prevents Mr. Malhotra from serving as an expert witness in lay clothing. It may be that Mr. Malhotra has specialized knowledge based on his experience, training, and education to qualify as an expert regarding any number of topics, but the City has not offered him as one in this matter.[3] However, to allow Mr. Malhotra to testify as a lay witness about projections of the City's future cash flows that he prepared with his years of training and experience, rather than just historical data he has collected about City finances, would be inconsistent with the language and policy behind Fed. R. Evid. 701(c). Mr. Malhotra's cash flow projections could not be

---

2002) (District Court was interpreting Rule 701 before 2000 Amendment went into effect and testimony was given by company officer ).

[3] Mr. Malhotra testified as to his status as a Certified Financial Analyst, in addition to his M.B.A. in finance [sic] in business policy from Case Western University, and 13 years of experience in the restructuring field. (Ex. A, Rough Hr'g Tr. at 194:9-24).

reproduced by a reasonable lay person lacking his training and experience, and he lacks "particularized knowledge" regarding the City from an internal and experienced perspective sufficient to liken his experience with that of an owner or an officer of a business.

19. The same logic applies to testimony by Kenneth Buckfire, whose testimony on October 24, 2013, varyingly delved into areas of improper lay testimony. Mr. Buckfire's opinions on topics ranging from the aviation industry to a 10-year financial forecast exceed the bounds of lay opinion testimony set forth in Rule 701.

20. "Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001) (emphasis added).

21. The purpose behind lay opinion testimony as explained by the *Peoples* court directly contradicts the counsel for the City's explanation that Mr. Buckfire is "a man of rare experience . . . telling his story . . . [as] . . . a witness of rare gifts." (Ex. B, Rough Hr'g Tr. 234:14 to 235:9). For example, Mr. Buckfire explained that his partner told him about the aviation industry (218:23-25), plainly relying on hearsay on subjects about which he lacks personal knowledge to provide

an expert opinion. This, and the examples noted above, are improper lay testimony by Mr. Buckfire, and all instances of it should be stricken from the record.

22. For the foregoing reasons, the Retirement Systems respectfully request that the Court sustain the objections lodged as to improper lay opinion proffered in violation of Rule 701.

Respectfully submitted,

CLARK HILL PLC


/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: October 25, 2013        *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*