STATE OF MICHIGAN
THIRD CIRCUIT COURT OF WAYNE COUNTY

ST. MARTINS COOPERATIVE,

        Plaintiff,

v.

CITY OF DETROIT WATER AND SEWAGE DEPARTMENT, and
CITY OF DETROIT BOARD OF WATER COMMISSIONERS,

        Defendants.

Case No. -    - CZ
Hon.

12-016332-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
12/11/2012 4:21:12 PM
CATHY M. GARRETT

_____/

LAW OFFICES OF LEE & CORRELL
BY: Michael Lee (P40012)
Attorneys for the Plaintiff
24901 Northwestern Highway
Suite 113
Southfield, MI 48075
mlee@leeandcorrell.com
(248) 350-5900

_____/

## COMPLAINT

PLAINTIFF ST. MARTINS COOPERATIVE, through its attorneys, LAW OFFICES OF LEE & CORRELL, complains against DEFENDANTS CITY OF DETROIT WATER AND SEWAGE DEPARTMENT AND CITY OF DETROIT BOARD OF WATER COMMISSIONERS (hereinafter referred to collectively as "Detroit Water"), and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff St. Martins Cooperative ("St. Martins") is a Michigan Non-Profit Cooperative, doing business in the City of Detroit, Wayne County, Michigan.

2. Defendant Detroit Water and Sewage Department is a non-profit branch of the City of Detroit government, doing business in the City of Detroit, Wayne County, Michigan.

3. Defendant Detroit Board of Water Commissioners is a branch of the City of Detroit government, doing business in the City of Detroit, Wayne County, Michigan.

4. This Court has jurisdiction because the amount in controversy exceeds $25,000.

5. Venue is properly laid in this court since all parties are residents of, and all actions related to this matter were performed in Wayne County, Michigan.

## COMMON ALLEGATIONS

6. Plaintiff St. Martins hereby incorporates by reference Paragraphs 1-5 of this Complaint as if fully restated herein.

7. Defendants Detroit Water provides services to citizens and residents of the City of Detroit, including but not limited to, sewage disposal and clean water.

8. Defendants Detroit Water provided those services to Plaintiff St. Martins, among others.

9. In exchange for these services, Plaintiff St. Martins pays a fee to Defendants Detroit Water based upon a pre-approved rate.

10. Since at least 1975, Defendants Detroit Water have been knowingly charging Plaintiff St. Martins a rate that is higher than the pre-approved rate for the water and sewage services.

11. Defendants Detroit Water has purposely and consciously withheld its overcharging of Plaintiff St. Martins and has made a profit at Plaintiff St. Martins's expense.

12. Plaintiff St. Martins would then charge its Members based on the fees as billed by Defendants Detroit Water, not knowing that it had been overcharged.

13. On or about June 30, 2009, Defendants Detroit Water sent Plaintiff St. Martins correspondence that indicated that Defendants Detroit Water intended to cease water service to one of Plaintiff St. Martins's buildings on or after July 2009.

## COUNT I: BREACH OF CONTRACT

14. Plaintiff St. Martins hereby incorporates by reference Paragraphs 1-13 of this Complaint as if fully restated herein.

15. Defendants Detroit Water breached its Contract with Plaintiff St. Martins when it failed to properly and accurately charge Plaintiff St. Martins for water and sewage service.

16. As a direct and proximate result of Defendants Detroit Water's breach, Plaintiff St. Martins has been harmed in several ways; including but not limited to;

    A. The loss of the funds;

    B. The loss of the utilization of the funds; and

    C. The loss of interest generated by the funds.

WHEREFORE, Plaintiff St. Martins Cooperative prays that this Honorable Court grant it the following relief:

    A. A Judgment for money damages against Defendants Detroit Water in an amount equal to the amount that it overcharged Plaintiff St. Martins;

    B. A judgment against Defendants Detroit Water in the amount of the value equivalent to the loss of the use of funds;

C. A judgment against Defendants Detroit Water for costs and attorneys' fees so wrongfully incurred.

D. Any other relief to which Plaintiff St. Martins is deemed entitled.

## COUNT II: ACTUAL FRUAD/INTENTIONAL MISREPRESENTATION

17. Plaintiff St. Martins hereby incorporates by reference Paragraphs 1-16 of this Complaint as if fully restate herein.

18. Defendants Detroit Water knew, or should have known, that the accounting system it employed miscalculated the fee Plaintiff St. Martins was supposed to pay for the water and sewage services rendered.

19. As a result of the Defendants Detroit Water's miscalculation, it compensated itself in an amount in excess of Five-hundred-thousand and zero/100 ($500,00.00) Dollars.

20. Defendants Detroit Water purposefully, intentionally, fraudulently and maliciously misrepresented to Plaintiff St. Martins that invoices regarding services performed were, in fact, accurately calculated.

21. As a direct and proximate result of the Defendants Detroit Water's actual fraud/intentional misrepresentation, Plaintiff St. Martins has been harmed in several ways; including but not limited to:

    A. The loss of funds;

    B. The loss of the utilization of the funds; and

    C. The loss of the interest generated by the funds.

WHEREFORE, Plaintiff St. Martins Cooperative prays that this Honorable Court grant it the following relief:

A. A judgment for money damages against Defendants Detroit Water in an amount equal to the amount that it overcharged Plaintiff St. Martins;

B. A judgment against Defendants Detroit Water in the amount of the value equivalent to the loss of the use of the funds;

C. A judgment against Defendants Detroit Water for costs and attorneys' fees so wrongfully incurred.

D. Any other relief to which Plaintiff St. Martins is deemed entitled.

## COUNT III: CONSTRUCTIVE FRAUD/NEGLIGENCE OR "INNOCENT" MISREPRESENTATION

22. Plaintiff St. Martins hereby incorporates by reference Paragraphs 1-21 of this Complaint as if fully restated herein.

23. Defendants Detroit Water's action with respect to its misrepresentations had the necessary effect of deceiving Plaintiff St. Martins and, therefore, constitutes constructive fraud.

24. Defendants Detroit Water knew, or should have known, that monies that it was collecting from Plaintiff St. Martins were not actually due and owing.

25. As a direct and proximate result of the Defendants Detroit Water's actual fraud/intentional misrepresentation, Plaintiff St. Martins has been harmed in several ways; including but not limited to:

    A. The loss of funds;

    B. The loss of the utilization of the funds; and

    C. The loss of the interest generated by the funds.

WHEREFORE, Plaintiff St. Martins Cooperative prays that this Honorable Court grant it the following relief:

A. A judgment for money damages against Defendants Detroit Water in an amount equal to the amount that it overcharged Plaintiff St. Martins;

B. A judgment against Defendants Detroit Water in the amount of the value equivalent to the loss of the use of the funds;

C. A judgment against Defendants Detroit Water for costs and attorneys' fees so wrongfully incurred; and

D. Any other relief to which the Plaintiff St. Martins is deemed entitled.

### COUNT IV: UNJUST ENRICHMENT

26. Plaintiff St. Martins hereby incorporates by reference Paragraphs 1-25 of this Complaint as if fully restated herein.

27. Defendants Detroit Water, effectively as a constructive trustee, unlawfully retained the funds from Plaintiff St. Martins in an amount equal to the amount that it overcharged Plaintiff St. Martins.

28. Defendants Detroit Water knew, or should have known, that the funds that it collected from the Plaintiff St. Martins did not belong to Detroit Water.

29. Defendants Detroit Water also knew that in fact the funds belonged to another entity; specifically Plaintiff St. Martins.

30. Defendants Detroit Water was and since 1975 has been unjustly enriched by retaining the monies that it held as a constructive trustee.

31. As a direct and proximate result of the Defendants Detroit Water's actual fraud/intentional misrepresentation, Plaintiff St. Martins has been harmed in several ways; including but not limited to:

    A. The loss of funds;

    B. The loss of the utilization of the funds; and

    C. The loss of the interest generated by the funds.

WHEREFORE, the Plaintiff St. Martins Cooperative prays that this Honorable Court grant it the following relief:

    A. A judgment for money damages against Defendants Detroit Water in an amount equal to the amount that it overcharged Plaintiff St. Martins;

    B. A judgment against Defendants Detroit Water in the amount of the value equivalent to the loss of the use of the funds;

    C. A judgment against Defendants Detroit Water for costs and attorneys' fees so wrongfully incurred; and

    D. Any other relief to which the Plaintiff St. Martins is deemed entitled.

LAW OFFICES OF LEE & CORRELL

By: /s/ Michael K. Lee
MICHAEL K. LEE (P40012)
Attorneys for Plaintiff St. Martins Cooperative
24901 Northwestern Highway, Suite 113
Southfield, Michigan 48075
mlee@leeandcorrell.com
(248) 350-5900

Dated: November 29, 2012