STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

ST. MARTIN'S COOPERATIVE,

    Plaintiff,

Case No. 12-016332-CK
Hon. Patricia Fresard

v

THE DETROIT WATER AND SEWERAGE DEPARTMENT,
and CITY OF DETROIT BOARD OF WATER COMMISSIONERS,

    Defendants.
and

12-016332-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/6/2013 3:03:49 PM
CATHY M. GARRETT

CITY OF DETROIT, a Michigan municipal corporation,

Counter-Plaintiff,

v

ST. MARTIN'S COOPERATIVE,

Counter-Defendant.

| LAW OFFICES OF LEE & CORRELL | CITY OF DETROIT LAW DEPARTMENT |
|---|---|
| By: Michael Lee (P40012) | By: Eric B. Gaabo (P39213) |
| mlee@leeandcorrell.com | gaabe@detroitmi.gov |
| Attorneys for St. Martins Cooperative | Assistant Corporation Counsel |
| 24901 Northwestern Highway | Attorney for City of Detroit |
| Suite 113 | Coleman A. Young Municipal Center |
| Southfield, MI 48074 | 2 Woodward Avenue, 5th Floor |
| (248) 350-5900 | Detroit, MI 48226 |
| | (313) 237-3052 |

## COUNTER-COMPLAINT

Defendant/Counter-Plaintiff, the City of Detroit ("the City"), files the following Counter-Complaint against Plaintiff/Counter-Defendant, St. Martin's Cooperative:

## PARTIES AND JURISDICTION

1. The City is a Michigan municipal corporation located in the City of Detroit, Wayne County, Michigan.

2. On information and belief, St. Martins Cooperative ("St. Martins") is a Michigan non-profit cooperative doing business in the City of Detroit, Wayne County, Michigan.

3. The actions giving rise to this Counter-Complaint involve property located in the City of Detroit, and took place in the City of Detroit, Wayne County, Michigan.

4. The City has been named as a Defendant in the Complaint filed by Plaintiff/Counter-Defendant in this case.

5. The amount in controversy in this Counter-Complaint, exclusive of interest and costs, is greater than $25,000, and this Court properly has jurisdiction over the claims asserted herein.

## GENERAL ALLEGATIONS

6. For at least the last 20 years, St. Martins has owned property in the City of Detroit located at the following addresses: 19780 Monte Vista, 19781-815 Monte Vista, 19820-38 Monte Vista, 10600 St Martins Avenue, and 10710-18 St Martins Avenue ("the subject property").

7. During that period of time, the City regularly and properly, in accordance with the Charter of the City of Detroit, local ordinances and statutes of the State of Michigan, provided water and sewage services to the property for St. Martin's benefit, and sent regular bills to St. Martins for such service.

8. In approximately 2006, the City discovered that its past bills to St. Martins, which

included an Industrial Waste Charge ("IWC") and a drainage fee, had been incorrectly calculated, resulting in an overcharge to St. Martins.[1]

9. The City then calculated the amount of amount of the drainage fee overcharges dating back to 2000 (the 6-year period for which Plaintiff could file suit under the applicable statute of limitations), and provided St. Martins with a credit going forward on all future bills, until the full amount of the overcharges was exhausted.

10. The amount of the drainage fee overcharges was fully paid back by the City of Detroit through credits against St. Martins' water and sewage bills by September 2010.[2]

11. Despite the fact that St. Martins has continued to use the water and sewage services supplied by the City and continued to receive bills requesting payment for such services, St. Martins has failed to pay the City in full for such services.

12. At the present time, St. Martins owes the City the following amounts on the following accounts:

| Account No. | Address | Amount |
|---|---|---|
| 020-0920.300 | 19820-38 Monte Vista | $9,443.71 |
| 020-0921.300 | 19780 Monte Vista | $0.00 |
| 020-0921.301 | 19780 Monte Vista | $8,650.86 |
| 020-0922.300 | 19781-815 Monte Vista | $0.00 |

---

[1] In a separate lawsuit filed in federal court in 2009 (St. Martins Cooperative v City of Detroit, et al, United States District Court for the Eastern District of Michigan, Case No. 09-13128) St. Martins received a judgment in the amount of $5,132.55 against the City relating to the IWC charges.

| | | |
|---|---|---|
| 020-0922.301 | 19781-815 Monte Vista | $11,050.80 |
| 020-0923.300 | 10710-18 St Martins Ave | $17,672.92 |
| 020-0924.300 | 10600 St Martins Ave | <u>$19,360.37</u> |
| | | $66,178.66 |

## COUNT I
## FORECLOSURE OF UTILITY LIEN

13. The City incorporates the allegations contained in paragraphs 1 - 12 of its Counter-Complaint by reference.

14. The City is expressly authorized to operate a water and sewage system by numerous laws, ordinances and charter provisions. See, e.g., Michigan Constitution, Article VII, Section 24, MCL 117.4a (4) (j),117.4b (2), 117.4e, 117.4f, 117.5e and 117.35, Chapter 15, Sections 7-1501 et seq of the 1997 Detroit Home Rule Charter and Chapter 56 of the Detroit City Code.

15. Pursuant to MCL 123.162, the City possesses a lien upon any building supplied with water and sewage services as security to collect all water rates, assessments or charges for such services. This lien is effective immediately upon providing water or sewage services.

16. In accordance with the laws of the State of Michigan, the lien created by providing water and sewage services has priority over all other liens except for taxes or special assessments, whether or not the other liens accrued or were recorded before the accrual of the water or sewerage system services to the premises.

17. The City has established a City of Detroit Utility Collection Ordinance

(hereinafter "the City of Detroit Water Collection Ordinance") pursuant to Ordinance Sec. 56-2-40 et. seq. of the City Code and MCL 123.161.

18. The City, by and through its Water & Sewerage Department, is authorized to institute suit for collection of water rates, assessments or charges in any court of competent jurisdiction. See Detroit Code Section 56-2-29 et. seq. and MCL 123.166.

19. The City of Detroit Utility Collection Ordinance, Section 56-2-44, authorizes the City to enforce its collection of the water rates, assessments and charges by selling the house, building, lot or piece or parcel of the land of the subject property.

20. Applicable law further provides that in the event of the sale of the subject property by the City,

    A.    No bid shall be received and considered which shall be in a sum less than the amount of the delinquency for water rates, assessments and charges and penalties attaching thereto for which such sale is had, together with costs of advertising and sale;

    B.    Upon payment by the successful bidder at a sale of his bid, the City shall issue to such successful bidder a "certificate of purchase," which shall state thereon the amount of the bid;

    C.    The "certificate of purchase" may be redeemed by only the owner or person in charge of such property or by any person having leasehold or other interest in the Subject Property by paying to the City the amount of the original bid, together with twenty-five (25%) thereof, within one (1) year after date of issuance of such certificate of purchase;

    D.    Upon payment of the redemption payment to the City, the City shall thereupon notify the owner or bona fide holder of the certificate of purchase, and shall pay to such owner or bona fide holder of the certificate of purchase, and shall pay to such owner or bona fide holder the money so received; and

    E.    Upon failure of redemption within one (1) year of the issuance of the certificate of purchase, the owner or bona fide holder of such certificate of purchase may certify such fact to the board by proper affidavit and surrender of the original

certificate of purchase and upon surrender, the City shall certify to the finance director that no redemption from such sale has been made and the finance director of the City shall thereupon issue to the present owner of such certificate of purchase a quitclaim deed to the Subject Property so sold.

**WHEREFORE**, Counter-Plaintiff, the City of Detroit, respectfully requests the following relief from this Honorable Court:

A. That this Honorable Court adjudge as foreclosed the water and/or sewerage charges of the City of Detroit in the amount of $66,178.66, plus interest, costs, and attorney's fees, and order the vesting in the City of absolute title in fee to the subject property against all persons claiming any estate or interest in the subject property, including the interests of the defendant(s) named in this complaint, whether arising or existing prior to the time such water and/or sewerage charges first became a lien or subsequent thereto;

B. That such judgment shall further provide that the City of Detroit shall have possession of said subject property, and that the City of Detroit shall have any process necessary to obtain possession of the said subject property;

C. That this Complaint and subsequent Judgment be allowed to be amended without leave in order to reflect accruing delinquent water and/or sewerage charges, interest, penalties, fees and costs of advertising;

D. That in the event of the sale of the subject property by the City, that no bid shall be received and considered which shall be in a sum less than the amount of the delinquency for water rates, assessments and charges and penalties attaching thereto for which such sale is had, together with costs of advertising and sale.

E. That in the event of a sale of the subject property by the City, that upon payment by the successful bidder at a sale of his bid, the City shall issue to such successful bidder a "certificate of purchase," which shall state thereon the amount of the bid.

F. That the "certificate of purchase" may be redeemed by only the owner or person in charge of such property or by any person having leasehold or other interest in the subject property by paying to the City the amount of the original bid, together with twenty-five (25%) thereof, within one (1) year after date of issuance of such certificate of purchase.

G. That upon payment of the redemption payment to the City, the City shall thereupon notify the owner or bona fide holder of the certificate of purchase, and shall pay to such owner or bona fide holder of the certificate of purchase, and shall pay to such owner or bona fide holder the money so received.

H. That upon failure of redemption within one (1) year of the issuance of the certificate of purchase, the owner or bona fide holder of such certificate of purchase may certify such fact to the board by proper affidavit and surrender of the original certificate of purchase and upon surrender, the City shall certify to the finance director that no redemption from such sale has been made and the finance director of the City of Detroit shall thereupon issue to the present owner of such certificate of purchase a quitclaim deed to the subject property so sold; and

I. That the City be granted such further relief as this Honorable Court shall deem just and equitable.

## COUNT II
## UNJUST ENRICHMENT

17. The City incorporates the allegations contained in paragraphs 1 - 16 of its Counter-Complaint by reference.

18. As a result of its acceptance and use of the water and sewage services provided by the City of Detroit and refusal to pay for such services, St. Martins has been unjustly enriched in an amount equal to $66,178.66, or greater, to the detriment of the City.

19. Justice requires that St. Martins be required to compensate the City of Detroit for itsreceipt of the water and sewage services supplied by the City.

WHEREFORE, Counter-Plaintiff, the City of Detroit, respectfully requests that the Court enter judgment in its favor and against Counter-Defendant, St. Martins Cooperative, in the amount of $66,178.66 or whatever amount is shown by the City's proofs, plus interest, award the City its costs and reasonable attorneys fees, and grant the City such additional relief as the Court deems appropriate.

## COUNT III
## ACCOUNT STATED

20. The City incorporates allegations 1- 19 of its Counter-Complaint by reference.

21. St. Martins agreed to pay the City for water and sewer services on an open account, upon receipt of billing statements itemizing the rates, charges and assessments for such services.

22. As described above, the City provided water and sewage services to St. Martins at the subject property, and submitted billing statements for payment, but St. Martins has failed to

K:\DOCS\LIT\GAABE\A41000\comp\EG6029.WPD    8

13-53846-tjt    Doc 1402-3    Filed 10/25/13    Entered 10/25/13 18:33:52    Page 9 of 16

pay the amounts owed.

23. The account between the parties has become stated. (See Affidavit of Account, attached as **Exhibit A**.)

24. There is now due and owing to the City, from St. Martins, the sum of $66,178.66.

WHEREFORE, Counter-Plaintiff, the City of Detroit, respectfully requests that the Court enter judgment in its favor and against Counter-Defendant, St. Martins Cooperative, in the amount of $66,178.66 or whatever amount is shown by the City's proofs, plus interest, award the City its costs and reasonable attorneys fees, and grant the City such additional relief as the Court deems appropriate.

Respectfully submitted,

S/ Eric B. Gaabo (P39213)
gaabe@detroitmi.gov
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
Coleman A. Young Municipal Center
2 Woodward Avenue, 5th Floor
Detroit, MI 48226
(313) 237-3052

Dated: February 6, 2013

# INDEX OF EXHIBITS

A. Affidavit of Account

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

ST. MARTIN'S COOPERATIVE,

    Plaintiff,

Case No. 12-016332-CK
Hon. Patricia Fresard

v

THE DETROIT WATER AND SEWERAGE DEPARTMENT,
and CITY OF DETROIT BOARD OF WATER COMMISSIONERS,

    Defendants.

and

12-016332-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/6/2013 3:10:17 PM
CATHY M. GARRETT

CITY OF DETROIT, a Michigan municipal
corporation,

    Counter-Plaintiff,

v

ST. MARTIN'S COOPERATIVE,

    Counter-Defendant.
_____/

| LAW OFFICES OF LEE & CORRELL | CITY OF DETROIT LAW DEPARTMENT |
|---|---|
| By: Michael Lee (P40012) | By: Eric B. Gaabo (P39213) |
| mlee@leeandcorrell.com | gaabe@detroitmi.gov |
| Attorneys for St. Martins Cooperative | Assistant Corporation Counsel |
| 24901 Northwestern Highway | Attorney for City of Detroit |
| Suite 113 | Coleman A. Young Municipal Center |
| Southfield, MI 48074 | 2 Woodward Avenue, 5th Floor |
| (248) 350-5900 | Detroit, MI 48226 |
| | (313) 237-3052 |

## AFFIDAVIT OF ACCOUNT

STATE OF MICHIGAN    )
                                    )ss
COUNTY OF WAYNE     )

K:\DOCS\LIT\GAABE\41000\AFDVT\EG6042.WPD

LaTanya Whitfield, being first duly sworn, deposes and states:

1. I am presently employed by the Detroit Water & Sewerage Department ("DWSD) as a Commercial Operations Specialist, and I make this affidavit based on my own personal knowledge and/or based upon books of account and other documents within my custody or control.

2. I am authorized to make this Affidavit on behalf of the City of Detroit.

3. Based on the books of record and other documents in my custody and control at this time, Counter-Defendant St. Martins Cooperative is justly indebted to Counter-Plaintiff, the City of Detroit, on an account stated for water and sewer services in the amount of $66,178.66, as set forth in detail below:

| Account No. | Address | Amount |
| --- | --- | --- |
| 020-0920.300 | 19820-38 Monte Vista | $9,443.71 |
| 020-0921.300 | 19780 Monte Vista | $0.00 |
| 020-0921.301 | 19780 Monte Vista | $8,650.86 |
| 020-0922.300 | 19781-815 Monte Vista | $0.00 |
| 020-0922.301 | 19781-815 Monte Vista | $11,050.80 |
| 020-0923.300 | 10710-18 St Martins Ave | $17,672.92 |
| 020-0924.300 | 10600 St Martins Ave | $19,360.37 |
| | | $66,178.66 |

4. St. Martins is continuing to accrue charges for water and sewage charges on a monthly basis. Therefore, the total amount owed by St. Martins is likely to continue to increase in the future, unless payments are made to reduce the indebtedness.

K:\DOCS\LIT\GAABE\A41000\AFDVT\EG6042.WPD

5. I am competent to testify to the facts set forth in this Affidavit, and will do so if called to testify in this action.

_____
LATANYA WHITFIELD

Subscribed and sworn to before me
this _____ day of _____, 2013

_____
Notary Public, Wayne County, MI
My Commission Expires: 3-2-2018

```
DEBRA L RAGLAND
Notary Public - Michigan
Wayne County
My Commission Expires Mar 2, 2018
Acting in the County of Wayne
```

K:\DOCS\LIT\GAABE\41000\AFDVT\EG6042.WPD

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

ST. MARTIN'S COOPERATIVE,

    Plaintiff,

Case No. 12-016332-CK
Hon. Patricia Fresard

v

THE DETROIT WATER AND SEWERAGE DEPARTMENT,
and CITY OF DETROIT BOARD OF WATER COMMISSIONERS,

    Defendants.

_____/

| LAW OFFICES OF LEE & CORRELL | CITY OF DETROIT LAW DEPARTMENT |
|---|---|
| By: Michael Lee (P40012) | By: Eric B. Gaabo (P39213) |
| mlee@leeandcorrell.com | gaabe@detroitmi.gov |
| Attorneys for Plaintiff | Assistant Corporation Counsel |
| 24901 Northwestern Highway | Attorney for Defendant City of Detroit |
| Suite 113 | Coleman A. Young Municipal Center |
| Southfield, MI 48074 | 2 Woodward Avenue, 5th Floor |
| (248) 350-5900 | Detroit, MI 48226 |
| | (313) 237-3052 |

12-016332-CZ

FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/6/2013 3:03:49 PM
CATHY M. GARRETT

**CERTIFICATE OF SERVICE**

On February 6, 2013, I sent a copy of Defendant/Counter-Plaintiff City of Detroit's Counter-Complaint and this Certificate of Service via e-mail to Michael Lee at mlee@leeandcorrell.com.

The statements above are true to the best of my information, knowledge, and belief.

                              Respectfully submitted,

                              /s/ Eric B. Gaabo (P-39213)
                              gaabe@detroitmi.gov
                              Attorney for City of Detroit

Dated: February 6, 2013

K:\DOCS\LIT\GAABE\A41000\PROOF\EG6045.WPD

K:\DOCS\LIT\GAABE\A41000\PROOF\EG6045.WPD