UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
: Chapter 9
In re :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------------x

**RESPONSE AND LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF RETIREES TO CITY'S MOTION PURSUANT TO SECTION 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(C), FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

The Official Committee of Retirees (the "Committee") of the City of Detroit (the "City") hereby responds to and files[1] this limited objection to the Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates For Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Motion") seeking to set a bar date of January 21, 2014 (the "Bar Date") for the filing of proofs of claim insofar as the Bar Date Motion relates to retiree claims and rights. In support of its response and limited objection, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Committee has no objection to the Bar Date Motion generally. The Committee's objection relates solely to the treatment of retiree claims.

2. According to the Bar Date Motion, the City is not requiring the filing of proofs of claim for (a) unfunded accrued actuarial liabilities ("UAAL") associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan; or (b) the claims of

---
[1] The City granted the Committee an extension until Monday, October 28, 2013 to file its response.

beneficiaries of the General Retirement System and Police and Fire Retirement System, which claims the City seeks to cede responsibility for filing to the applicable Retirement System. However, notice of the Bar Date will be served on all employees and retirees because the City does require employees and retirees to file claims that they may have other than the claims for those specified insurance and pension benefits.

3. The Committee believes that the City's proposed formulation of the retiree claims, the filing requirements and notice will lead to confusion for retirees about what claims they may have to file and concern that their rights are not being adequately protected. Moreover, given that the calculation of the retiree related claims are complex and time consuming, it makes sense to begin the process with the appropriate concerned parties.

4. To that end, the Committee proposes a procedure by which the Committee may file proofs of claim to establish the aggregate liability of the city for vested pension benefits and other post employment benefits to which retirees and deferred vested former employees of the City are entitled.

## BACKGROUND

5. The City's effort to modify accrued pension benefits conflicts with Article IX §24 of the Michigan Constitution (the "Pension Clause"). The claims for unpaid pension contributions, UAAL, and future contributions should be satisfied in full in order to ensure compliance with the Pension Clause. If the City had accepted its obligations under the Pension Clause, the Committee would not be concerned about the proofs of claim or the retiree's voting rights. In that case, the vested rights of the retirees would pass through the Chapter 9 unimpaired. However, the City has repeatedly affirmed its intention to cease making contributions to the pension plan and to treat the impairment of pension rights as a general unsecured claim to be paid at a fraction of their value.

6. Indeed, the City has already ceased making contributions to the pension plans notwithstanding the fact that Section 141.1552 of PA 436 requires the Emergency Manager to "fully comply with the public employee retirement system act, 1965 PA 314, MCL 38.1132 to 38.1140, and section 24 of article IX of the state constitution of 1963…." The Michigan Constitution prohibits the impairment of accrued pension benefits AND makes funding of the plans on an annual basis an absolute requirement. The City's proposal is to terminate its sponsorship and funding of the defined benefit pension plans, which will result in the complete elimination of promised pension benefits in as little as 8 to 10 years.

7. The proposal for the preservation of pension related claims in the Bar Date Motion is inadequate and inappropriate. The City proposes to cede pension related claims to the Retirement Systems. However, the Retirement Systems, as they themselves acknowledge, do not represent the individual retirees, who have standing on their own to assert the elimination of their pensions and the constitutional violations. *See e.g. Seitz v. Probate Judges Retirement*, 189 Mich App 445 (1991). Moreover, although the City claims that the Retirement Systems are the proper parties to assert the claims, the City has been highly critical of the practices of the Retirement Systems in the press and official reports. In addition, the proposed bar date notice advises that any one whose claim is listed as disputed, contingent or unliquidated must file a claim or lose the right to vote and to receive a recovery. The retirees are listed in the schedule as having unliquidated claims. For these reasons, the retirees are not likely to and should not be required to rely on the Retirement Systems to assert their claims for pension benefits.

8. The City is also determined to cut or eliminate other retirement benefits. On October 11, 2013, the City distributed to the Retirees its "2014 Calendar Year City of Detroit Retiree Health Care Plan" which reports that effective January 1, 2014, the City will be: (a) reducing its overall funding of Retiree healthcare benefits by almost 83% per year; (b) reducing

its funding of healthcare benefits for Retirees who are not eligible for Medicare from 72% of the total share of costs to a mere 15%; and (c) providing Medicare-eligible Retirees with coverage that will substantially increase their out-of-pocket expenses for both medical treatment and prescription drugs. Impairment of the retiree benefit compensation is cornerstone of the City's restructuring proposal. Spouses and dependents will lose coverage. The Committee has taken the position that the City's efforts to reduce and otherwise impair retiree other employment benefits violates Federal and Michigan law.

9. City proposes in its Bar Date Motion that no proof of claim need be filed on behalf of these reductions in other retirement benefits because of the difficulty in calculating these claims on an individual by individual basis.

## THE COMMITTEE'S BAR DATE PROPOSAL

10. In the context of these widely announced, dramatic changes to retiree benefit compensation, the Committee has several concerns about the Bar Date Motion. First, the Committee is concerned that retirees will be confused by the Notice that advises them not to file a claim for pension and certain other retirement benefits (despite listing their claims as unliquidated) and the advice on the notice that requires parties with claims listed as unliquidated to file claims or lose their right of recovery. Retirees will want reassurance that their rights to participate in the plan process are adequately protected. Second, the Committee is concerned that the City's bar date proposal will delay the plan process. The claims for pension and other post retirement benefits should be filed so they may be treated as part of the plan and the treatment accepted or rejected by the relevant classes.

11. Accordingly, the Retiree Committee seeks to modify the City's proposed order fixing the bar date to include the filing of protective retiree claims and claims for voting purposes pursuant to the following procedure.

12. First, the definition of the retiree claims that the City proposes to have filed or not filed needs to be clarified. The City pegs the proposed claims to UAAL, which bears no relation to the entitlement to vested pension benefits or to claims for other retirement benefits.[2] The Committee proposes two broad categories: one for pension related claims, and one for other retirement benefits.

13. To ease the burden on the retirees and the City and eliminate confusion with respect to the filing of claims, the Retiree Committee seeks authorization to file protective claims for each of the categories, calculated in an aggregate amount for the retiree group by the Committee's actuaries in consultation with the City's actuaries, and with respect to pension claim, in consultation with the Retirement System's actuaries as well.[3]

14. The Committee proposes that the retirees be authorized to file proofs of claim in nominal amounts that will preserve their rights to participate in the plan voting process for both the pension and other retirement benefit impairment. These proofs of claim would not be dispositive for distribution purposes.

15. The proposed procedure provides a mechanism to overcome a technical hurdle facing retirees in filing health benefit or pension claims themselves. Unless the City alters its present course voluntarily or by order of the Court, retirees will have undisputed claims against the City resulting from the City's post petition reduction of the pensions and other retirement benefits for its employees, among other claims. In its June 14 Proposal to Creditors, the City estimated the other retirement benefit claims at more than $5.4 billion and the pension claims at over $3.475 billion in connection with its proposal to creditors. [Dkt. No. 11-1 at 105].

---

[2] The City also requires retirees and employees to file claims for a vague category of other claims.

[3] The Committee understands that the unions and associations representing retirees may also want to file claims on behalf of their members. The Committee's filing is not intended to preclude others from filing claims.

Notwithstanding the City's statements, the City has scheduled the retirees as having unliquidated claims, which effectively requires the filing of aggregate proofs of claim by a representative body.

16. The difficulty for individuals in asserting their claims is that the amount of the benefits owed each retiree can only be determined through computations conducted by an actuary. Most retirees cannot calculate the amount of their claims without that assistance. Many retirees have not had an encounter with the bankruptcy court system, and some are very elderly and/or infirm. The process to calculate the claims in each category for more than 20,000 individuals would be extraordinarily time consuming and expensive.

17. The Committee's proposed procedure begins the lengthy process of quantifying the claims in the aggregate in each category. The Segal Group, the actuaries for the Committee, was retained by the City of Stockton to liquidate the health insurance and other post employment benefit claims for a substantially smaller group of retirees of that city in its Chapter 9 case. The process of quantifying the claim was extremely complex and considered both aggregate and individual factors. The list of retirees and eligible dependents was provided to the actuaries by the city and the city and the retiree committee in the Stockton case worked together to ensure the accuracy of the calculation. The Committee proposes the same degree of cooperation to operate in this case in developing the procedures and methodology for calculating the claims in this case. The Committee is prepared to take the lead in the process.

18. The procedure proposed by the Committee will make it clear that retirees' claims will be preserved and provide a message to the retirees that they will be able to participate in the plan process. The bar date notice, as it is currently prepared, indicates that anyone who does not file a claim will lose the right to vote and receive a distribution. Pursuant to this proposal, the City will send to each retiree a bar date notice, which will inform the retiree that pension and

- 6 -
13-53846-tjt    Doc 1424    Filed 10/28/13    Entered 10/28/13 14:11:22    Page 6 of 8

other retiree compensation claims are being calculated on his or her behalf, and he or she is free to file proofs of claim for health care and pension for voting purposes in a nominal amount. The notice will also advise that voting claim will not determine distribution. The City will transmit the Bar Date Notice by first class mail to all retirees listed on their schedules. The Retiree Committee will also post notice of the procedure on the Kurtzman Carson Consultants ("KCC") site.

19. The Committee proposes that notice to the retirees explain the procedure for filing proofs of claim in two categories as follows:

> The City has promised pension and other retirement benefits to its retirees. The City has not yet proposed a plan of adjustment to deal with the treatment of those obligations to pay some or all of your monthly health insurance premium and other benefits during your retirement.
>
> You may have claims against the City for the value of those benefits. The Court has authorized the Official Committee of Retirees (the "Retiree Committee") to file aggregate claims covering the claims of the City's retirees for pensions and other related benefits. As a result, you may, but are not required to file proofs of claim to protect your rights to vote on a plan of adjustment. The Retiree Committee will file claims on behalf of all retirees for (a) pension related benefits, and (b) other retirement benefits.
>
> The claim forms provided for you will assist the City and the Retiree Committee in calculating the aggregate claims and give you a right to vote on the plan of adjustment in this case for each claim. YOU WILL NOT LOSE YOUR RIGHT TO RECOVERY AND YOU WILL NOT BE BARRED FROM CONTINUING TO RECEIVE PENSION OR OTHER BENEFITS IF YOU DO NOT FILE THE CLAIMS.

20. To facilitate the process for calculating the claim, the Committee also proposes a modification to the standard proof of claim submitted to the claims agent by individuals asserting a right to pension and other post retirement benefits. The modified, supplemental proof of claim form would provide useful information to verify the City's records, including information for each retiree, spouse and dependent. The retiree proof of claim forms for this purpose could be

coded by number to preserve confidentiality with respect to names, addresses, and other information of the retirees.

21. The issues raised by the Bar Date Motion for retirees are extremely complex. The Committee is prepared to work with the City, the Retirement system and other interested parties to ensure that the interests of the retirees are fully protected.


Dated: October 28, 2013

DENTONS US LLP

By: */s/ Carole Neville*
Carole Neville
Claude D. Montgomery
1221 Avenue of the Americas
New York New York 10020
Tel: (212) 768-6700
carole.neville@dentons.com
claude.montgomery@dentons.com

and

Sam J. Alberts
DENTONS US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005-3364
Tel: (202) 408-6400
sam.alberts@dentons.com

and

Matthew E. Wilkins
Paula A. Hall
BROOKS WILKINS SHARKEY & TURCO
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Tel: (248) 971-1800
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Retirees Committee*