# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## CONSOLIDATED RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO ESTABLISH BAR DATES AND APPROVING MANNER OF NOTICE

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., submit this consolidated response to the City's Motion to Establish Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice (Dkt. 1146) ("Bar Date Motion").

The Bar Date Motion seeks to set a bar date of January 21, 2014 ("Bar Date") to file proofs of claims in certain categories. The City excludes from the Bar Date: (a) proofs of claims for unfunded accrued actuarial liabilities ("UAAL") associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan; and (b) proofs of claims of beneficiaries of the General Retirement System and Police and Fire Retirement System[1]. The City also seeks approval of a proposed form of notice of the Bar Date ("Notice").

---

[1] The City seeks to allocate the responsibility for filing claims of beneficiaries of the General Retirement System or the Police and Fire Retirement System to the respective retirement systems. The rights of those beneficiaries (i.e. the retirees) to challenge the position taken by the retirement systems should be preserved.

Nevertheless, the City proposes to send the Notice to all employees and retirees. It proposes doing this ostensibly to provide notice to those individuals with claims other than claims for health and/or pension benefits who the City argues are not excluded and will have to file a claim by the Bar Date.

The Retiree Association Parties remain steadfast in the position that all City efforts to modify (i.e., impair or diminish) accrued retiree benefits violate Art. IV § 24 of the Michigan Constitution ("Pension Clause"). If the City complies with the Pension Clause, proofs of claim will not be necessary because such benefits will be unimpaired. However, the City has loudly trumpeted its intention to cease making contributions to the pension plan[2] and to treat the UAAL as a general unsecured claim to be paid pennies on the dollar.

In addition, on October 11, 2013, the City distributed to the retirees its "2014 Calendar Year City of Detroit Retiree Health Care Plan" which proclaims that effective January 1, 2014, the City will (a) reduce its overall funding of retiree healthcare benefits by almost 83% per year; (b) reduce its funding of healthcare benefits for retirees who are not eligible for Medicare from 72% of the total share of costs to a mere 15%; and (c) provide Medicare-eligible retirees with coverage that will substantially increase their out-of-pocket expenses for both medical treatment and prescription drugs.

In the context of these announced, draconian changes to retiree benefits, the Notice will cause confusion. This confusion will result in an influx of benefit claims that will be needlessly filed with the Court. The Retiree Association Parties agree with the City that individual proofs

---

[2] In fact, City has already ceased making contributions to the pension plans. Section 12 of PA 436, M.C.L. § 141.1552, requires the emergency manager, in the event that he assumes control of a pension plan, to "fully comply with the public employee retirement system act, 1965 PA 314, MCL 38.1132 to 38.1140, and section 24 of article IX of the state constitution of 1963...." The Michigan Constitution prohibits the impairment of accrued pension benefits AND makes funding of the plans on an annual basis an absolute requirement. The Retiree Association Parties assume that the Retirement Systems will file claims for missed contributions.

of claims are not necessary. They should not be necessary both because the City and its agency, the Retirement Systems, have the ability to identify and calculate the claims without the participation of the retirees, and because the retirees do not have the means to calculate the claims. Calculation of the claims requires the application of an agreed actuarial methodology.

Unnecessary claims would burden the Court and parties in interest. Thousands of claims would mean thousands of ECF notices sent to dozens of attorneys. The Retiree Association Parties fear that in this context the old adage will come to pass that "the fastest way to get someone to do something is to tell them not to do that very thing." Retirees are distrustful of the City as it continues its very public plan to impair retiree pension and healthcare benefits. When the retirees get the Notice they will feel compelled to do exactly what the City tells them that they do not have to do - file a claim.

Based upon the foregoing concerns, the Retiree Association Parties request that this Court simplify the process. The preferred way to achieve the result desired by the City is to order that retirees' rights are protected in the plan confirmation process and that retirees need not take any further action to protect their rights or claims to either health or pension benefits, or their right to vote on a plan. A bold-faced sentence in the Notice stating this proposed order of the Court would provide solace and comfort and would prevent any confusion of retirees.

The Retiree Association Parties understand that this process does not address quantification of the claim amounts in the aggregate and/or as they apply to each retiree. Accordingly, the Retiree Association Parties believe that the Retiree Committee should be authorized to file protective claims for the retirees' pension benefits and other retirement benefits.

The claims should be calculated in an aggregate amount for the retiree group by the Committee's actuaries in consultation and agreement with the City's actuaries, and with respect

to the pension claims, in consultation with the Retirement Systems' actuaries as well. To the extent that the actuaries are unable to reach an agreement, then the dispute should be first referred to the mediation process and, if that does not succeed, then there should be the appointment of an agreed upon neutral actuary to facilitate an agreement.

It is the understanding of the Retiree Association Parties that it is standard for retiree committees to file proofs of claim for retirement benefits in Chapter 11 cases. For this reason and due to the Retiree Association Parties' trust in the expertise of the Retiree Committee and its hired professionals, the Retiree Association Parties are prepared to consent to the foregoing process and the actuarial procedures proposed by the Retiree Committee.

The foregoing procedure as proposed by the Retiree Association Parties will give security and comfort to the retirees that their rights and claims are being preserved without having to take any additional action. And the expertise and knowledge of the Retiree Committee and its professionals will facilitate a consensus by all of the parties on the appropriate claim values.

Pursuant to this proposal, the City would send each retiree a retiree-specific Notice, which would notify each retiree that he need take no further action as it relates to his pension and health benefit claims, and that his claims arising as a result of any proposed reduction to pension and/or other retiree benefits were being calculated on his behalf.

The City would transmit the Notice by first class mail to all retirees. The Retiree Committee would post notice of the procedure on the Kurtzman Carson Consultants ("KCC") site and disseminate information through the representative associations and unions. This process would result in the best notice and the smoothest procedure for the filing of claims- a result the City proclaims that it wants.

## CONCLUSION

For the reasons stated above, the Retiree Association Parties request that the amendments and revisions to the claims process, and the notices and procedures related thereto, as stated herein, be ordered by this Court.

Dated: October 28, 2013

Respectfully submitted,

**LIPPITT O'KEEFE, PLLC**

/s/ Ryan C. Plecha
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292
rplecha@lippittokeefe.com

**SILVERMAN & MORRIS, P.L.L.C.**
Thomas R. Morris (P39141)
30500 Northwestern Hwy, Suite 200
Farmington Hills, Michigan 48334
(248) 539-1330
morris@silvermanmorris.com

*Counsel for Retiree Association Parties*