UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

---------------------------------------------------------- x
                                                   :

In re:                                         :   Chapter 9

CITY OF DETROIT, MICHIGAN,      :   Case No.: 13-53846

                               Debtor.    :   Hon. Steven W. Rhodes
---------------------------------------------------------- x

**LIMITED OBJECTION OF INTERNATIONAL UNION, UAW
WITH RESPECT TO THE MOTION OF THE CITY OF
DETROIT, MICHIGAN PURSUANT TO SECTIONS 105, 501
AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 2002 AND 2003(C), FOR ENTRY OF AN ORDER
<u>ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM</u>**

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") responds and objects as follows to the Motion of the City of Detroit, Michigan (the "City") Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 2003(c), for Entry of an Order Establishing Bar Date for Filing Proofs of Claim (the "Bar Date Motion") [Dkt No. 1146]:[1]

---

[1] The City granted the UAW an extension until October 28, 2013 to file its response.

## Preliminary Statement

1. The UAW objects to the Bar Date Motion with respect to the terms the City asks the Court to approve regarding the filing of proofs of claim by the City's employees and retirees. In general, although the City would require employees and retirees to file proofs of claim for Prepetition Claims, the rules and instructions the City proposes are vague and complicated and will not provide the City's employees and retirees with adequate notice of the Bar Date requirements. In particular, as set forth more fully below, UAW objects to the City's attempt, through the Bar Date Motion, to assign or ask this Court to assign Pension Liability Claims to the Retirement System exclusively and preclude the employees and retirees, or the UAW on their behalf, from asserting claims related to pension underfunding and any resulting diminution in benefits arising from the City's bankruptcy proposals. In addition, the City attempts to exempt from the filing requirement certain claims for "unfunded actuarially accrued health care liabilities associated with the City's Health and Life Insurance Benefit Plan and Supplemental Death Benefit Plan" (defined as a "Healthcare UAAL Claim") (Bar Date Motion ¶ 23(a)), based upon a nearly incomprehensible description that the City apparently expects employees and retirees to understand sufficiently to be able to protect their rights. The City's proposed exemption also erroneously assumes that such claims cannot adequately be liquidated or quantified on a person

by person basis as the rationale for the exemption, creating some concern that the City simply intends not to recognize any such claims despite having based its bankruptcy proposal on drastic reductions in its active and retiree health care obligations. This concern is only heightened by the proposed Bar Date directive that an entity must file a proof of claim in order to preserve the right to vote on the plan or receive a distribution. UAW also objects to the Bar Date Motion to the extent the Motion would preclude the UAW from asserting claims for UAW-represented employees and, if they so choose, UAW-represented retirees for health benefit, pension or other claims. In addition, as is customary in large bankruptcy cases, subject to appropriate protection for voting and distribution rights, the City should also exempt employees and their labor organizations from filing claims for wages and other compensation under the City's current compensation programs.

## **The Bar Date Motion**

2. International Union, UAW is a labor organization headquartered in Detroit, Michigan whose members include both City of Detroit employees and retirees and employees and retirees of public entities related to the City of Detroit that participate in common with City of Detroit employees in retirement benefit plans, including the City of Detroit General Retirement System pension plan. UAW is representing the interests of such present and former UAW-represented active and retired employees in this bankruptcy case. There are

- 3 -
13-53846-tjt    Doc 1432    Filed 10/28/13    Entered 10/28/13 16:30:03    Page 3 of 11

approximately 200 retirees from UAW-represented bargaining units of City of Detroit component units. There are, additionally, many active UAW-represented employees who are vested in their retirement benefits. UAW-represented employees and retirees are from the following units: Civilian Police Investigators, City Law Department attorneys, City of Detroit Law Department paralegals, Water & Sewer waste water treatment operators, Detroit librarians and associated skilled trades workers.

   3. In the Bar Date Motion, the City seeks to establish, among other things, a General Bar Date by which certain entities must file proofs of claim for Prepetition Claims ("claims that arose, or are deemed to have arisen, prior to the Petition Date") Bar Date Motion, ¶ 13. Any entity whose claim is not listed (or that believes the City has improperly listed a claim) on the City's List of Claims and who wishes to share in the claims distribution under the plan of adjustment, must file a claim.

   4. The City proposes to exempt from the filing requirement Healthcare UAAL Claims, which the City believes cannot "practical[ly] or meaningful[ly] be liquidated "on a creditor-by-creditor basis" and "therefore, no purpose would be served by requiring employees and retirees to attempt to quantify their Healthcare UAAL Claims through the submission of proofs of claim." Bar Date Motion ¶ 23 (a). In addition, the City also seeks to exempt "[a]ny

claim by present or potential future beneficiaries of the City's two Retirement Systems" for "unfunded pension liabilities ('Pension Liability Claims')". Bar Date Motion ¶ 23(b). The City asserts that the applicable Retirement System "is the creditor of, and proper party to assert Pension Liability Claims" against the City. The Motion goes on to state that, however, "for the avoidance of doubt," certain entities should file proofs of claim unless covered by the exemption, including "employees and retirees asserting Prepetition Claims other than Healthcare UAAL Claims and Pension Liability Claims". Bar Date Motion, ¶ 24. The City also proposes procedures whereby claimants could be required to file amended proofs of claims within a specific time following the filing of an amendment or modification of the City's List of Creditors. Bar Date Motion, ¶¶ 17-19. The City's proposed notice of the Bar Date informs employees and retirees that they need not file certain types of claims, but also states that it is necessary to file a proof of claim in order to vote or obtain a distribution in the case. Bar Date Motion, Exhibit 6.2.

## **Limited Objection**

The City Cannot Assign Pension Liability Claims to the Retirement
System and Preclude Other Entities from Asserting Such Claims.

5. The Bar Date Motion improperly attempts to assign Pension Liability Claims to the Retirement Systems alone. While the Retirement Systems may well assert certain of such claims, the City cannot, through the procedural

mechanism of setting a claims bar date, in effect obtain a ruling from the Court that only the Retirement Systems hold and should alone assert all claims related to pensions.[2] Moreover, as the City has deferred certain pension funding contributions; has proposed to cease any further funding in order to free up money for its revitalization efforts; has proposed the same recovery for underfunding obligations as for its general unsecured claims; and believes that, as a result, accrued vested benefits will have to be significantly cut, the City cannot purport to limit the assertion of claims by any persons or entities who may enforce those obligations, including for any diminution in benefits.[3] Accordingly, whether grounded in the Michigan Constitution, or statutory, contractual or other bases, the assertion of claims for unfunded pension funding liabilities and unpaid benefits

---

[2] The City's attempt to do so is puzzling given the audit report of the Retirement System issued under the Emergency Manager's order. *See* www.freep.com/article/20139026/NEWS01/309260148 (describing audit report issued under Emergency Manager Order No. 8). Moreover, disputes and potential conflicts between the City and the Retirement System call into serious question the propriety of permitting the City to rely solely upon the assertion of claims by the Retirement System. *E.g.,* Mich. Comp. Laws § 141.1552(1)(m) (authorizing the Emergency Manager to, *inter alia*, assume the authority and fiduciary responsibilities of the local pension board).

[3] UAW asserts that Article 9, Section 24 of the Michigan Constitution prohibits the impairment or diminishment of accrued vested pension benefits and the Retirement System funding obligations through this chapter 9 case and fully reserves all of it rights in that regard, including its assertion that accrued vested pension benefits and the funding for those benefits cannot be reduced through a plan of adjustment or other bankruptcy procedures, including claims resolution procedures.

cannot be limited in advance to selected creditors through the vehicle of a Bar Date Motion. Any and all creditors who assert a right to payment against the City must be permitted to file such claims.[4]  *E.g., In re Altair Airlines, Inc*., 727 F. 2d 88 (3d Cir. 1984) (union is the creditor based upon its right, under non-bankruptcy law, to enforce obligations owed to employees).

The Exemptions of Healthcare UAAL Claims and
<u>Pension Liability Claims are Vague and Confusing</u>

6. The City's purported exemptions of the Healthcare UAAL and Pension Liability Claims are overly technical and will not likely be understood by the City's employees and retirees. Because the City is otherwise requiring employees and retirees to file proofs of claim for Prepetition Claims (itself a

---

[4] This includes active and retired UAW members who are now serving or who formerly served as employees of the Detroit Public Library, a separate municipal corporation under Michigan law that is not a debtor in these or any other chapter 9 proceedings. These UAW-represented Library employees and retirees may, of course, look to the Detroit Public Library and the State of Michigan to fund their pension benefits, and may assert their claims to that effect against the Detroit Public Library and the State of Michigan in any appropriate forum they choose consistent with Article IX, Section 24 of the Michigan Constitution, since such claims against the non-debtor Library and the non-debtor State cannot properly be the subject of either proofs of claim or claim resolutions procedures or discharge in this chapter 9 case (even if the rights of City employees and retirees could be so affected, an assertion by the City that UAW continues to dispute). Nevertheless, because these Library employees and retirees are being harmed by (a) the City's failure to fund the General Retirement System pension plan in which librarians participate along with City workers, and (b) the City's plan to cause the collapse of the General Retirement System through this failure to fund, the librarians' right to assert claims against the City itself must be preserved.

definition cast only in legal jargon), employees and retirees will not be given adequate notice of the claims that must be filed in order to be preserved. While the City's proposed Bar Date notice does say in a summary that "retirees and employees whose claims are only for future healthcare or pension benefits" need not file a proof of claim, paragraph 5 of the notice, which sets forth the filing exemptions, uses only the technical definitions. Bar Date Motion, Exhibit 6.2. In addition, whether an employee or retiree has "only" a claim for Healthcare UAAL or Pension Liability may not be readily determinable, at least not based on the general requirement that employees and retirees must file proofs of claim for Prepetition Claims.

7. Moreover, the exemption for Healthcare UAAL Claims appears to be premised on a contention by the City that such claims lack the ability to be readily liquidated. UAW has considerable experience in the resolution of retiree benefits obligations, including claims for retiree health and life insurance benefits, and knows such claims to be readily capable of liquidation, including on a person by person basis.[5] UAW has no objection to exempting entities, including the

---

[5] UAW has served as the authorized representative of retirees under Section 1114 of the Bankruptcy Code in numerous chapter 11 cases and has negotiated settlements where retiree health benefits obligations have been liquidated, including on a person by person basis. *See* 11 U.S.C. Section 1114( c)(1)(labor organization serves as the authorized representative); (i) (regarding claims for modified retiree health benefits).

employees and retirees, from the obligation (but not the right) to file claims in order to avoid burdening them with that process at this time, so long as the notice is based upon clear and non-technical terms and without prejudice to voting or distribution rights, but such an exemption should not be premised upon any assumption or basis that such claims cannot readily be liquidated.

Employees Working for the City Should Not Be Required to
File Proofs of Claim for Their Ordinary Course Compensation

8. It has become customary in larger cases to exempt from the bar date requirement current employees (and their labor organizations) based upon current compensation programs. Here, the City has left to employees and former employees the task of determining whether even their current compensation and benefit arrangements could be construed as Prepetition Claims. One solution would be to make the City's position clearer regarding the requirement to file proofs of claim with regard to current compensation programs and without prejudice to voting or distribution rights.[6] Moreover, there may be employees, such as the UAW-represented employees of the Library System and the Water and Sewer Department, who participate in the Retirement System but are otherwise compensated by a non-debtor entity. Instructions for those employees seeking to

---

[6] The Bar Date Motion relates that a request for an Administrative Expense bar date (other than for Section 503(b)(9) claims) will be made separately but this is insufficient without any specific reference to compensation or other obligations.

assert claims against the City, for whom some or all of their compensation is paid by non-debtor entities, should also be spelled out, and should not be inconsistent with the points made in note 3 above with respect to claims those persons may seek to assert against the City as debtor. In addition, the Bar Date order should expressly provide that labor organizations may assert claims on behalf of employees represented by such organizations as well as for former employees with the former employee's permission.

9. Finally, certain proposed procedures in the Bar Date Motion are too cumbersome. The City proposes to establish a process of amending or modifying its Creditor Lists. Bar Date Motion ¶¶ 17-19. In some cases, following the publication of amended and/or modified Creditor Lists, the affected creditor may have to file an amended claim within a limited period of time. These procedures are unnecessarily complicated, particularly for employees and retirees, and could easily become traps for the unwary. A principal purpose of a claims Bar Date is to establish firm deadlines for the submission of claims. A process of adjusting or modifying claims should await the claims resolution process where established rules govern and claimants would be placed on notice through that process. In addition, limiting the required filing location to a remote location is needlessly burdensome. The claims agent should be required to establish a

presence at the bankruptcy court to accept proofs of claim mailed or delivered in person so that those residing locally can submit their claims.

## Conclusion

For the foregoing reasons, the Bar Date Motion should be denied unless the foregoing objections are remedied.

Dated: New York, NY
      October 28, 2013

Respectfully submitted,

International Union, UAW

By: /s/ Babette A. Ceccotti
Cohen, Weiss and Simon LLP
Babette A. Ceccotti
330 West 42nd Street
New York, New York 10036-6976
T: 212-563-4100
F: 212-695-5436
bceccotti@cwsny.com

- and -

Niraj R. Ganatra (P63150)
Michael Nicholson (P33421)
8000 East Jefferson Avenue
Detroit, Michigan 48214
T: (313) 926-5216
F: (313) 926-5240
nganatra@uaw.net
mnicholson@uaw.net

*Attorneys for International Union, UAW*