IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**RESPONSE OF ASSURED GUARANTY MUNICIPAL CORP. TO THE MOTION OF DEBTOR, PURSUANT TO SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 2003(c), FOR ENTRY OF AN ORDER ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"), a creditor and party in interest in the chapter 9 case of the City of Detroit, Michigan (the "City"),[1] hereby files this response (the "Response") to the Motion of Debtor, Pursuant to Sections 105, 501 And 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 2003(c), for Entry of an

---

[1] Assured is a creditor and/or party in interest as it is the bond insurer of certain of the City's general obligation, sewer system, and water system bonds. Specifically, Assured and its affiliates insure or reinsure on a net basis, in amounts outstanding as of June 30, 2013, approximately $321,000,000 of the City's general obligation and general fund bonds (the "GO Bonds"), $1,000,000,000 of the City's sewer bonds, and $793,000,000 of the City's water bonds. As bond insurer, Assured is obligated to pay to bondholders the full principal and interest when due as required by its bond insurance policy to the extent the City does not satisfy its obligations under the insured bonds. Under relevant provisions of the applicable bond documents, insurance policies, and applicable law, to the extent Assured makes payments under its policies, it is subrogated to the rights of bondholders and effectively steps into the shoes of such bondholders. Assured, together with the other insurers of the City's general obligation bonds, shall be collectively referred to herein as the "Bond Insurers."

Order (the "Proposed Bar Date Order") Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Docket No. 1146] (the "Bar Date Motion"), and respectfully states as follows:

**RESPONSE**

1. Assured has no objection to the Bar Date Motion generally, and files this Response solely to request the following modifications (the "Proposed Modifications") be made to the Proposed Bar Date Order: (1) permit the City to serve notice of the bar date on the indenture trustees, paying agents, or similar fiduciaries (the "Paying Agents") for the GO Bonds and, if applicable, the Bond Insurers, rather than on the beneficial holders of the GO Bonds; and (2) add the beneficial holders of the GO Bonds to the list of entities not required to file proofs of claim.

2. Specifically, Assured requests that the City add the following additional category of entities not required to file proofs of claim to paragraph 8 of the Proposed Bar Date Order:

> Any entity whose Claim is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "Debt Claim") governing any debt security issued by the City pursuant to any bond resolution, sale order, trust instrument, paying agency agreement, or any other similar underlying document or agreement (together, the "Debt Instruments") if the indenture trustee, paying agent, similar fiduciary, or bond insurer under the applicable Debt Instruments files a proof of claim against the City, on or before the General Bar Date, on account of all Debt Claims against the

2

> City under the applicable Debt Instruments; *provided*, *however*, that any holder of a Debt Claim wishing to assert a Claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a proof of claim with respect to such Claim on or before the General Bar Date, unless another exception identified herein applies.

3. The Proposed Modifications will provide for more efficient use of estate and judicial resources, will ensure equitable treatment of all bondholders, and will not prejudice the City or any other creditors.

4. ***First***, the Proposed Modifications serve the interests of judicial economy. As stated in the Bar Date Motion, serving notice on all of the beneficial holders of GO Bonds will be a difficult proposition. The City concedes that, because many of the beneficial holders of GO Bonds "are not known to the City," the City can only endeavor to "ensure the best notice practicable under the circumstances . . . ." *See* Bar Date Motion ¶ 29. The process will require the City to, among other things, obtain a listing of institutional nominees (who hold the GO Bonds in "street name") from the Depository Trust and Clearing Corporation, serve the bar date package on the institutional nominees, and hope that the institutional nominees forward the bar date package to the beneficial holders. *See* Bar Date Motion ¶ 29; Proposed Bar Date Order ¶ 17.

5. The City's proposed notice procedures may result in an unknown number of holders of GO Bonds failing to file proofs of claim and subsequently appearing in this Court to argue that they did not receive notice of the bar date. By

3

allowing the Paying Agents or Bond Insurers to file proofs of claim on behalf of holders of GO Bonds, such unnecessary litigation and resulting drain on the Court's time and resources will be avoided.

6. **Second**, the Proposed Modifications will provide for significant conservation of estate resources. As noted above, serving notice on the beneficial holders of the GO Bonds will be an arduous and expensive process. Indeed, the City and its claims agent anticipate that, in order to complete the proposed service, they will need to hire Broadridge Financial Solutions, Inc., "a company that specializes in providing various forms of investor communications." *See* Bar Date Motion ¶ 29 n.14. The significant incremental expense of serving notice on all holders of GO Bonds can be avoided entirely if the Proposed Modifications are adopted.

7. **Finally**, the Proposed Modifications will ensure equitable treatment of the bondholders and will not prejudice the City or any other creditors. The sole purpose of the Proposed Modifications is to allow representatives of the GO Bonds constituency to file proofs of claim on behalf of the beneficial holders. The interests of the City and its creditors will be served by ensuring that "all those involved in the proceeding will be made aware of the claims against the debtor's estate." *See Liona Corp., Inc. v. PCH Assocs.* (*In re PCH Assocs.*), 949 F.2d 585, 605 (2d Cir. 1991).

WHEREFORE, Assured respectfully requests that this Court grant the Bar Date Motion with the Proposed Modifications, and grant such other and further relief as the Court deems just and proper.

Dated:  October 30, 2013  
        New York, New York

**CHADBOURNE & PARKE LLP**

By:   /s/ Lawrence A. Larose  
Lawrence A. Larose  
Samuel S. Kohn  
Marc B. Roitman  
30 Rockefeller Plaza  
New York, NY 10012  
Telephone: (212) 408-5100  
llarose@chadbourne.com  
skohn@chadbourne.com  
mroitman@chadbourne.com

*Counsel for Assured Guaranty Municipal Corp.*