UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 9 |
| City of Detroit, Michigan, | No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**SUPPLEMENTAL BRIEF OF THE DETROIT PUBLIC SAFETY UNIONS ON ELIGIBILILTY PURSUANT TO ORDER REGARDING FURTHERH BRIEFING ON ELIGIBILITY [DOCKET NO. 1217]**

The Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") (collectively, the "Detroit Public Safety Unions"), through their counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., state as follows for their Supplemental Brief in Support of Eligibility:

1. The Detroit Public Safety Unions join in the supplemental briefs filed by the Detroit Retirement Systems [Docket No. 1472], by the UAW [Docket No. 1469] and AFSCME [1467].

2. The Detroit Public Safety Unions further note that under applicable state and federal law, the Detroit Public Safety Unions are not eligible for and,

1

hence, do not receive Social Security retirement or disability benefits. Although Title II of the Social Security Act allows states, after a referendum, to consent to extend social security retirement and disability benefits to state and municipal employees, 42 U.S.C. §218,01, Section 218(d)(5)(A) precludes the extension of such benefits to police and firefighters.[1] Hence, Michigan's act extending such benefits to certain state and municipal employees, MCL 38.851, *et seq*, does not apply to police and firefighters, leaving them entirely dependent on the pension provided by the Detroit Police and Fire Retirement System upon their retirement or disability.

3. As such, active and retired Detroit police and firefighters, whose pensions the Emergency Manager proposes to significantly impair in direct violation of Art IX, Sec. 24 of the Michigan constitution have even less of a "backstop" than that provided by the PBGC. *See* UAW Supplemental Brief at pp. 7-8.

4. Given the lack of "social security" extended to police and firefighters, including Detroit police and fire fighters, it seems unimaginable that the citizens of Michigan, when they ratified this provision in 1962, thought the protections

---

[1] As set forth in 42 U.S.C. §218(d)(5)(a), "Nothing in paragraph (3) of this subsection shall authorize the extension of the insurance system established by this title to service in any policeman's or fireman's position."

provided by Art. IX, Sec. 24 could be "trumped" by federal bankruptcy law. As the Michigan Supreme Court has noted, quoting Justice Cooley, "'For as the Constitution does not derive its force from the convention which framed, but from the people who ratified it, the intent to be arrived at is that of the people, and it is not to be supposed that they have looked for any dark or abstruse meaning in the words employed, but rather that they have accepted them in the sense most obvious to the common understanding, and ratified the instrument in the belief that that was the sense designed to be conveyed.' (Cooley's Const Lim 81)." *Traverse City School District v. Attorney General*, 384 Mich. 390, 405; 185 N.W.2d 9, 14 (1971).

5. Given the specific and absolute protection afforded public employees by Art. IX, Sec. 24 and given the limitations imposed by the 10th Amendment on this Court's authority to interfere with the City's the political decisions necessitated by its obligation to provide essential services to its citizens, the Governor's authorization of the filing of the bankruptcy petition can only be squared with those constitutional requirements if it is read, consistent with the state law from which that specific authority flows, to preclude the impairment of the vested, accrued pension rights of active and retired Detroit fire and police officers.

Respectfully submitted,

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By: /s/Barbara A. Patek
    Earle I. Erman (P24296)

3

|  |  |
|---|---|
|  | Craig E. Zucker (P39907) |
|  | Barbara A. Patek (P34666) |
|  | Counsel for the Detroit Public Safety Unions |
|  | 400 Galleria Officentre, Suite 444 |
|  | Southfield, MI 48034 |
|  | Telephone: (248) 827-4100 |
|  | Facsimile: (248) 827-4106 |
| DATED: October 30, 2013 | E-mail: bpatek@ermanteicher.com |