**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re | ) ) | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) ) ) ) ) ) ) | In Proceedings Under Chapter 9. Hon. Steven W. Rhodes |
| Debtor. |  |  |

**APPLICATION PURSUANT TO SECTIONS
901, 1102 AND 1103 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF LAZARD FRERES & CO. LLC AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 3, 2013**

TO: THE HONORABLE STEVEN W. RHODES,
UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Retirees (the "Committee") appointed in the above-captioned Chapter 9 case (the "Chapter 9 Case") of the City of Detroit, Michigan as debtor (the "City" or the "Debtor") hereby submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit 1, under sections 901, 1102 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Lazard Frères & Co. LLC ("Lazard") as its financial advisor, effective as of September 3, 2013 (the "Retention Date"). This Application is supported by the Declaration of Andrew Yearley, Managing Director of Lazard, a copy of which is attached hereto as Exhibit 2 (the "Declaration") and incorporated by reference herein.

## BACKGROUND

1. On July 18, 2013, the City of Detroit (the "City" or the "Debtor") filed a voluntary petition (the "Petition") for the adjustment of debt under Chapter 9 of the Bankruptcy Code.

2. Upon Motion of the City, the Court directed the appointment of an official committee for retired employees pursuant to section 1102(a)(2) by Order dated August 2, 2013.

3. The Committee was formed and parties were appointed thereto on August 22, 2013. The Committee selected and engaged counsel on August 28, 2013 and on September 3, 2013, selected and engaged Lazard as its financial advisor.

4. On September 9, 2013, the Court entered a certain Fee Review Order (ECF # 810) setting forth the procedures for the compensation of Committee professionals, including Lazard.

## JURISDICTION

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of Michigan, entered [July 10, 1984]. This matter constitutes a "core proceeding" as that term is defined in 28 U.S.C. § 157(b). Venue of the Chapter 9 Case is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. By this Application, the Committee respectfully requests the entry of an order, pursuant to sections 901, 1102 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to retain and employ Lazard as its financial advisor in the

Chapter 9 Case, effective as of the Retention Date, pursuant to the terms, and subject to the conditions, of the engagement letter between the Committee and Lazard, dated as of September 3, 2013, a copy of which is attached hereto as <u>Exhibit 3</u> (the "<u>Engagement Letter</u>"). The Engagement Letter describes (a) the various services that Lazard anticipates performing for the Committee in the Chapter 9 Case and (b) the terms and conditions of Lazard's proposed engagement by the Committee. Lazard's provision of services to the Committee is conditioned upon this Court's approval of the Engagement Letter.

**BASIS FOR RELIEF REQUESTED**

7. The Committee respectfully submits that the services of a financial advisor are necessary and appropriate to enable it to evaluate the complex financial and economic issues raised by the Debtor's bankruptcy proceeding and to effectively fulfill its statutory duties.

8. The Committee formally reviewed materials submitted by Lazard prior to selecting it as the Committee's financial advisor. The Committee selected Lazard to act as its financial advisor in the Chapter 9 Case because of Lazard's significant expertise in providing financial advisory services to debtors and creditors in restructurings and distressed situations. The Committee's selection of Lazard was also based on the Committee's determination that Lazard's proposed fee structure is competitive and appropriate given the Committee's understanding of the facts and circumstances of the Chapter 9 Case.

**A.      Lazard's Qualifications**

9. Lazard is the U.S. operating subsidiary of a preeminent international financial advisory and asset management firm. Lazard, together with its predecessors and affiliates, has been advising clients around the world for over 150 years. Lazard has dedicated professionals who provide restructuring services to its clients.

10. Lazard and its professionals have extensive experience and an excellent reputation for providing high quality services parties in large and complex bankruptcy cases and other debt restructurings. The current managing directors, directors, vice presidents, associates and analysts of Lazard have extensive experience working with financially troubled entities in complex financial restructurings out-of-court and in bankruptcy cases. Lazard and its principals have advised debtors, creditors, equity constituencies and government agencies in many reorganization cases. Since 1990, Lazard's professionals have been involved in over 250 restructurings, representing over $1 trillion in debtor assets, including the Chapter 11 cases of AbitibiBowater. Inc., Adelphia Communications Corporation, Armstrong World Industries, Inc., Calpine Corporation, Capmark Financial Group, Inc., Daewoo Corporation, Lehman Brothers Holdings, Inc., Tropicana Entertainment, LLC, Movie Gallery, Inc., New Century TRS Holdings, Inc., Northwest Airlines Inc., Owens Corning Corp., Vertis Holdings, Inc., Vlasic Foods International, Inc., WCI Communities, Inc., Wellman, Inc. and Worldcom, Inc.

11. Lazard and its professionals have also extensive experience representing and advising labor unions and retirees in the bankruptcy context. Lazard's experience in this context includes advising the UAW in the structuring and negotiation of the VEBA trusts for General Motors Corporation ("General Motors"), Ford Motor Company ("Ford") and Chrysler Corporation ("Chrysler"), and advising the UAW VEBA trusts in the Chapter 11 bankruptcies of General Motors and Chrysler, advising the UAW in the Section 1113 litigations in the Delphi Corporation bankruptcy. Lazard is also currently advising the Allied Pilots of American Airlines in the bankruptcy of American Airlines and the National Association of Letter Carriers in their ongoing collective bargaining and restructuring negotiations with the United States Postal Service.

12. Based on the foregoing and on Lazard's vast experience and expertise, the Committee believes that the employment and retention of Lazard as the financial advisor to the Committee in the Chapter 9 Case is in the best interests of the Committee.

**B.    The Services to be Provided by Lazard**

13. The Committee anticipates that Lazard will render the following financial advisory services pursuant to the Engagement Letter to assist the Committee as requested:[1]

   a. to analyze the City's long-term business plan, operations, and related financial projections, including budgets and operational assessments and assumptions of the City;

   b. to analyze the City's debt capacity and proposed capital structure;

   c. to review and analyze any valuation of the City's assets;

   d. to review and analyze any restructuring alternatives for the City proposed by any party;

   e. to evaluate the financial aspects of any potential DIP loan or other financing by the City;

   f. in connection with the financial aspects of negotiations with the City;

   g. in meetings with the City or other third parties as appropriate in connection with the matters set forth herein;

   h. to prepare documents and by providing testimony in or related to the City's chapter 9 proceedings in the United States Bankruptcy Court for the Eastern District of Michigan Southern Division (the "Bankruptcy Court"), as necessary and customary, with respect to matters on which we have been engaged to advise the Committee hereunder;

   i. in relation to all of the aforementioned services, to assist in the communications between the Committee and the other professionals performing services for the Committee in relation to the chapter 9 proceedings and potential litigation related thereto; and

   j. with such other financial advisory services as the Committee may from

---

[1] This Application summarizes the terms of the Engagement Letter. To the extent there is a conflict between the Application and the Engagement Letter, the Engagement Letter will govern.

time to time reasonably request and which are customarily provided by financial advisors acting in similar situations.

14. Pursuant to section 1103(a) of the Bankruptcy Code, a committee may retain advisors to assist in the Chapter 9 cases. See 11 U.S.C. § 1103(a). In the Chapter 9 Case, the Committee requires qualified professionals to render these essential financial advisory services. As discussed above, Lazard has substantial expertise as a financial advisor in complex bankruptcy cases, and is well qualified to perform these services and to assist the Committee in the Chapter 9 Case.

## C. Professional Compensation

15. Subject to the Court's approval and, except as otherwise modified herein or by order of the Court, the Committee seeks the following consideration for Lazard's services (the "Fee Structure") pursuant to, and as further explained in, the Engagement Letter:

- **Monthly Fees**: Lazard will be paid a monthly fee (the "Monthly Fee") equal to $175,000 per month, which will accrue upon execution of the Engagement Letter and on the first day of each month thereafter until any termination of Lazard's engagement pursuant to the Engagement letter. Each Monthly Fee will be paid in advance on the first day of each month.

- **Transaction Fee**. In addition to the Monthly Fee, upon the earlier of approval by the Bankruptcy Court of a settlement of the material claims of the Retiree Committee and the consummation of the City's chapter 9 proceedings, Lazard shall be paid an additional fee that will appropriately compensate Lazard in light of the magnitude and complexity of the issues in the chapter 9 proceedings, which fee will be mutually agreed in good faith by Lazard, the Retiree Committee, and the City.

- **Expenses:** In addition to any fees that may be payable to Lazard, the Debtor will promptly reimburse Lazard for all expenses (including expenses of its counsel, if any) incurred in connection with, or arising out of Lazard's activities under or contemplated by, their engagement.[2]

---

[2] None of the Committee, its constituents, or any of its advisors or professionals (including, but not limited to, counsel to the Committee) will be liable for the fees, expenses or other amounts payable to Lazard under the Engagement Letter; it being understood that all amounts payable to Lazard shall be paid by the City consistent with the terms of the Fee Review Order.

16. The Committee understands that during the pendency of the Chapter 9 Case, Lazard shall serve fee statements and file interim and final applications for allowance of the fees and expenses payable to it under the terms of the Engagement Letter, pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Fee Review Order, and such other procedures as may be fixed by order of this Court.

17. Any and all expenses incurred by Lazard will conform to the guidelines established by the Fee Review Order.

18. Lazard has informed the Committee that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Lazard's restructuring professionals, when formally retained in bankruptcy cases, and when required by local rules, do, and in this bankruptcy case will, keep time records in half hour increments describing their daily activities and the identity of persons who performed such tasks. Also, Lazard will supplement this information with a list of the non-restructuring professionals who assist the restructuring department on this matter but who do not, as a matter of general practice, keep the records in the same manner and, in accordance with their general practice, will not keep time records in this matter.

19. In addition, apart from the time recording practices described above, Lazard's restructuring personnel do not maintain their time records on a "project category" basis. The Committee has been advised that to have Lazard recreate the time entries for its restructuring personnel and require its non-restructuring personnel to record its time as prescribed by the Local Rules would be, in each case, unduly burdensome and time consuming. As such, the Committee submits that the half hour time records that Lazard's restructuring

personnel will provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation.

**D.      Connections**

20.     In connection with this Application, counsel to the Committee provided Lazard with a list of creditors and other parties-in-interest in this Chapter 9 Case (the "<u>Parties In Interest</u>"). Lazard has informed the Committee that: (i) except as set forth in the Declaration and described below, it has no connection with the Debtor or the Parties In Interest in this case; (ii) it does not hold any interest adverse to the Debtor's estate; (iii) it is not owed any prepetition amounts from the Debtor; and (iv) it believes it is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

21.     Based on the foregoing, the Committee believes that the employment of Lazard would be in the best interests of the Committee and the Debtor.

## **NOTICE**

22.     Notice of this Application has been provided by first-class mail, postage pre-paid to: (a) the Office of the United States Trustee for the Eastern District of Michigan; (b) the City; (c) Kevin Orr, the Emergency Manager, (d) Jones Day, counsel to the Debtor; (e) the Fee Examiner and (f) all parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service.  In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Committee respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit 1, authorizing the Committee to retain and employ Lazard as its financial advisor and investment banker, effective as of September 3, 2013, and to grant such other and future relief as the Court deems appropriate.

Dated: October 30, 2013

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
RETIREES FOR THE CITY OF DETROIT,
MICHIGAN.

By: /s/ Terri L. Renshaw
Name: Terri L. Renshaw
Title: Committee Chair