UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re | ) Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) In Proceedings Under Chapter 9. |
|  | ) Hon. Steven W. Rhodes |
| Debtor. | ) |

**ORDER PURSUANT TO SECTIONS
901, 1102 AND 1103 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF LAZARD FRERES & CO. LLC AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 3, 2013**

Upon the application of the Official Committee of Retirees (the "Committee") of the City of Detroit, Michigan as debtor (the "City" or "Debtor "), pursuant to sections 901, 1102, 1103 and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing the Committee to employ and retain Lazard Frères & Co. LLC ("Lazard") as their financial advisor effective as of September 3, 2013 (the "Application")[1], pursuant to the terms of the engagement letter between the Committee and Lazard (the "Lazard Agreement"); and Lazard having submitted the Declaration in support of the Application; and the Court being satisfied based on the representations made in the Application and the Declaration that Lazard neither represents nor holds any interest adverse to the Committee nor represents any other entity having an adverse interest in connection with this Chapter 9 case, and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

(the "Hearing"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtor, its estate and its creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that the Committee is authorized to retain and employ Lazard as its financial advisor and investment banker pursuant to sections 1102 and 1103 of the Bankruptcy Code on the terms set forth in the Lazard Agreement effective as of September 3, 2013

ORDERED that, consistent with the agreement of the Debtor, Lazard will be compensated and reimbursed by the Debtor, in accordance with and subject to the terms of the Fee Review Order, entered September 11, 2013 (ECF # 810); provided, however, that Lazard (a) shall only be required to maintain time records for services rendered post-petition, in half-hour increments and (b) shall not be required to provide or conform to any schedule of hourly rates; and it is further

ORDERED that in addition to compensation for professional services rendered by Lazard, Lazard is entitled to reimbursement by the Debtor for reasonable expenses incurred in connection with the performance of its engagement under the Lazard Agreement, in accordance with and subject to the terms of the Fee Review Order, entered September 11, 2013 (ECF # 810); and it is further

ORDERED that none of the fees payable to Lazard shall constitute a "bonus" or fee

2

13-53846-tjt    Doc 1476-1    Filed 10/31/13    Entered 10/31/13 11:10:37    Page 2 of 3

enhancement under applicable law; and it is further

ORDERED that the terms of the Lazard Agreement are approved in all respects except as limited or modified herein; and it is further

ORDERED that the Fee Examiner retain all rights to object to Lazard's interim and final fee applications (including expense reimbursements) on all grounds provided in the Fee Review Order; and it is further

ORDERED that notwithstanding any provision to the contrary in the Application or the Lazard Agreement, during the Case the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.