UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Case No. 13-53846<br><br>In Proceedings Under Chapter 9.<br><br>Hon. Steven W. Rhodes |

**DECLARATION OF ANDREW YEARLEY IN SUPPORT OF THE APPLICATION PURSUANT TO SECTIONS 901, 1102 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAZARD FRERES & CO. LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 3, 2013**

I, Andrew Yearley, declare under penalty of perjury that:

1. I am a Managing Director the firm Lazard Frères & Co. LLC ("Lazard"), which has its principal office at 30 Rockefeller Plaza, New York, New York 10020. I am authorized to execute this declaration on behalf of Lazard. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.[1]

2. This declaration is being submitted in connection with the application (the "Application") seeking an order approving the retention of Lazard as financial advisor to the Official Committee of Retirees (the "Committee") of the City of Detroit (the "City" or "Debtor").

---

[1] Certain disclosures herein relate to matters within the personal knowledge of other professionals at Lazard and are based on information provided by them.

3. Lazard is the primary U.S. operating subsidiary of a preeminent international financial advisory and asset management firm. Lazard, together with its predecessors and affiliates, has been advising clients around the world for over 150 years. Lazard has dedicated professionals who provide restructuring services to its clients.

4. The current managing directors, directors, vice presidents and associates of Lazard have extensive experience working with financially troubled entities in complex financial restructurings out-of-court and in bankruptcy proceedings. Lazard and its principals have been involved as advisor to debtor, creditor and equity constituencies and government agencies in many reorganization cases. Since 1990, Lazard professionals have been involved in over 250 restructurings, representing over $1 trillion in debtor assets. In particular, Lazard has extensive experience representing and advising labor unions and retirees in the bankruptcy context. Lazard experience in this context includes advising the UAW in the structuring and negotiation of the VEBA trusts for General Motors Corporation ("General Motors"), Ford Motor Company ("Ford") and Chrysler Corporation ("Chrysler"), advising the UAW VEBA trusts in the Chapter 11 bankruptcies of General Motors and Chrysler, and advising the UAW in the Section 1113 litigations in the Delphi Corporation bankruptcy. Lazard is also currently advising the Allied Pilots of American Airlines in the bankruptcy of American Airlines and the National Association of Letter Carriers in their ongoing collective bargaining and restructuring negotiations with the United States Postal Service.

5. In connection with its proposed retention by the Committee in these cases, Lazard undertook to determine whether Lazard had any relationships that might cause it to hold or represent an interest adverse to the Committee. Specifically, Lazard obtained from the Committee and/or their representatives the names of individuals and entities that may be parties

2

in interest in these bankruptcy proceedings (the "Potential Parties in Interest") and such parties are listed on Schedule 1 annexed hereto.

6. To the extent that we have been able to ascertain that Lazard has been retained within the last three years to represent any of the other Potential Parties in Interest (or their apparent affiliates, as the case may be) in matters unrelated to these cases, based on an examination of electronic client files and records, such parties are listed on Schedule 2 annexed hereto. Lazard's representation of each entity listed on Schedule 2 (or its apparent affiliate, as the case may be), however, was or is only on matters that are unrelated to these cases. Other than as listed on Schedule 2, I am unaware of any engagements of Lazard by the Potential Parties in Interest within the last three years.

7. Given the size of the Firm and the breadth of Lazard's client base, it is possible, however, that Lazard may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters. To the extent that Lazard discovers any, or enters into any new, material relationship with Potential Parties in Interest, it will supplement this disclosure to the Court promptly.

8. In addition to the parties listed on Schedule 2, Lazard may also represent nor or in the future, or may have represented, affiliates of Potential Parties in Interest and Lazard may have worked with or work with now or in the future, and/or have now or in the future mutual clients with, certain accounting, law firms and other professionals who appear on the Potential Parties in Interest list. Lazard may also represent now or in the future, or may have represented in the past, committees or groups of lenders or creditors in connection with certain restructuring or refinancing engagements, which committees or groups include, or included, entities that appear on the Potential Parties in Interest list.

3

13-53846-tjt    Doc 1476-2    Filed 10/31/13    Entered 10/31/13 11:10:37    Page 3 of 10

9. Although Lazard has researched the Potential Parties in Interest list, the Debtor may have creditors, competitors and other parties with whom they maintain business relationships that are not included as Potential Parties-in-Interest and with whom we may have had in the past, or may now or in the future have, relationships. Additionally, as noted above, Lazard is the primary U.S. operating subsidiary of an international financial advisory and asset management firm and thus has several legally separate and distinct affiliates. Although it is possible that employees of certain affiliates may assist Lazard in connection with Lazard's engagement, as Lazard is the only entity being retained by the Committee, we have researched only the electronic client files and records of Lazard, not of all of its affiliates, to determine relationships with any Potential Parties in Interest.

10. Lazard also has an asset management affiliates, Lazard Asset Management LLC ("LAM") and Lazard Frères Gestion ("LFG"), and an affiliate, Edgewater HoldCo LLC, that holds interest in the management companies for certain private funds (collectively, "Edgewater"). Each of LAM, LFG and Edgewater is operated as a separate and distinct affiliate and is separated from Lazard's businesses, although Lazard receives payments from LAM and Edgewater generated by their respective business operations. As part of its regular business operations, LAM and LFG may act as investment advisor for or trade securities (including in discretionary client accounts, and through the operation of hedge funds and mutual funds, in which cases investment decisions are made by LAM or LFG), including on behalf of creditors, equity holders or other parties in interest in these cases, or Lazard or its affiliates, managing directors and employees. Some of these LAM or LFG accounts and funds may have in the past or may now or in the future hold debt or equity securities of the Debtor or the Debtor's creditors, equity holders, or other parties in interest in these cases, and LAM and LFG may have relationships with such

4

parties. Furthermore, some of the investment funds managed by Edgewater may have in the past or may now or in the future hold debt or equity securities of the Debtor or the Debtor's creditors, equity holders, or other parties in interest in these cases. Additionally, the Debtor, creditors, equity holders, or other parties in interest in these cases, and Lazard or its affiliates, managing directors, and employees, may be investors in investment funds that are managed by Edgewater. Lazard has in place compliance procedures to ensure that no confidential or nonpublic information concerning the Debtor has been or will be available to employees of LAM, LFG or Edgewater.[2]

11. Other than as disclosed herein, Lazard has no relationship with the Debtor of which I am aware after due inquiry. Based upon the foregoing, I believe that Lazard does not hold or represent an interest adverse to the Committee.

12. Lazard has provided and agrees to continue to provide assistance to the Committee in accordance with the terms and conditions set forth in the Engagement Agreement, which is annexed to the Application as <u>Exhibit 6</u>. Pursuant to the Engagement Agreement, for services provided to the Committee in the above-referenced case, Lazard has agreed to charge a monthly fee of $175,000. This monthly fee is consistent with or better than the amount of fees charged by Lazard in similar retentions in chapter 11 proceedings. In addition, the Engagement Agreement provides for a success fee to be agreed with the Committee and approved by the City.

---

[2] In addition, Lazard also has a business relationship with Lazard Capital Markets LLC ("LCM"). Effective May 10, 2005, Lazard transferred its then existing alternative investments business (which includes fund management and investment, but which did not include (and was prior to Lazard's acquisition of) Edgewater) and capital markets business (which includes equity research, syndicate, sales and trading) to new privately-held companies, Lazard Alternative Investments LLC ("LAI") and LCM, respectively, which are neither owned nor controlled by Lazard. LAI and LCM are owned and operated by LFCM Holdings LLC ("LFCM"), which is owned in large part by current and former Lazard managing directors. LFCM is separate from Lazard and its businesses. LFCM has informed us that it does not hold any proprietary interest in any of the Debtors' debt or equity securities. Potential Parties-in-Interest may be customers of LFCM or investors in funds managed by subsidiaries of LFCM, and LCM may have acted as underwriter in connection with offerings by Potential Parties-in-Interest (to the extent LCM has so acted as underwriter in the last three years such parties have been listed on Schedule 2).

5

The Engagement Agreement further provides for reimbursement of out-of-pocket expenses incurred by Lazard in connection with the services. Lazard acknowledges that payment of any amounts under the Engagement Agreement is subject to the terms of the Fee Review Order, dated September 11, 2013, Dkt. No. 810. No agreement or understanding exists to share any compensation received by Lazard for services to the Committee with any other person.

I declare under the penalty of perjury that the forgoing is true and correct, to the best of my knowledge.

Dated: October 24, 2013

LAZARD FRERES & CO. LLC

By: _____
Andrew Yearley
Managing Director

## Schedule 1

## Potential Parties in Interest

| | |
|---|---|
| AFL-CIO | Detroit Institute of Arts |
| AFSCME Crossing Guards | Detroit License Investigators Ass'n |
| AFSCME Forestry and Landscape Foreman | Detroit Police Command Officers Association |
| AFSCME Motor City Seasonals | Detroit Police Lieutenants and Sergeants Association |
| AFSCME Non-Supervisory | Detroit Police Officers Association |
| AFSCME Non-supervisory Locals 214 & 312 | Detroit Public Schools and Wayne County |
| AFSCME Paving Foreperson's | Deutsche Bank Securities Inc. |
| AFSCME Supervisory, Local 2394 | Donald Taylor |
| Airgas USA, LLC : | DOT Foreman's Ass'n |
| Amalgamated Transit Union (ATU) | Douglas C. Bernstein |
| Ambac Assurance Corporation | Edward L. McNeil |
| Ass'n of City of Detroit Supervisors | Emergency Medical Service Officers Ass'n (EMS) |
| Ass'n of Detroit Engineers | Enjoi Transportation, LLC |
| Ass'n of Munic. Engineers (Supervisors of ADE) | Field Engineers Ass'n |
| Ass'n of Municipal Inspectors | Financial Guaranty Insurance |
| Ass'n of Prof. & Technical Employees | Financial Security Assurance |
| Ass'n of Prof. Construction Inspectors | Foreman's Ass'n |
| Assist. Supervisors of Street Maint. & Constr. | Gail M. Wilson |
| Assured Guaranty Municipal Corp. | Gail Turner |
| AT&T Michigan | General Motors LLC |
| Bishop Real Estate, L.L.C. | General Retirement System of the City of Detroit |
| BlackRock Financial Management, Inc. | Genuine Parts Company |
| Blue Cross Blue Shield of Michigan and Blue Care Network of Michigan | Health Alliance Plan of Michigan |
| Building Construction Trades – Foreman | Hercules & Hercules, Inc. |
| Building Construction Trades - Non-Supervisory | International Union of Op. Engineers - Local 324 |
| Building Construction Trades - Special Service | International Union of Op. Engineers Supervisor Chapter of DOT |
| Buildings and Safety Inspectors – Tripartite | International Union, United Automobile, Aerospace and Agricultural Implement Workers of America |
| Caralyce M. Lassner | Janet M Ziulkowski |
| City of Detroit Water and Sewerage Department | Kenneth M. Schneider |
| City of Detroit, Michigan | Kurtzman Carson Consultants LLC |
| David Bing - Mayor | Leland Prince DTE Energy Co |
| Detroit Fire Fighters Association, I.A.F.F. Local 344 | Local 324 Park Management Ass'n |
| Detroit Income Tax Investigators Ass'n | Local 324 Principal Clerks Unit |
| Detroit Institute of Arts | MBIA Insurance |

# Schedule 1

## Potential Parties in Interest (cont'd)

| | |
|---|---|
| McAlpine PC | Senior Accountants, Analysts & Appraisers |
| Merrill Lynch Capital Services, Inc. | Shirley V. Lightsey as President of the Detroit Retired City Employees Association |
| Michael J. Karwoski | State of Michigan |
| Michigan Auto Recovery Service, Inc. | State of Michigan, Department of Attorney General |
| Michigan Bell Telephone Company d/b/a AT&T Michigan | Syncora Capital Assurance |
| Michigan Council 25 of the American Federation of State, County & Municipal Employees | Syncora Guarantee Inc. |
| Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO | Syncora Holdings Ltd. |
| Nathaniel Brent | Teamsters, Local 214 |
| National Industrial Maintenance - Michigan, Inc. | Teamsters, Local 214 |
| National Public Finance Guarantee Corporation | Terri L. Renshaw |
| New England Fertilizer Company | U.S. Bank N.A. |
| Nuveen Asset Management | U.S. Bank National Association |
| ODM, LLC | UAW Local 212 (Civilian Police Investigators) |
| Police and Fire Retirement System of the City of Detroit | UAW Local 2211 (Public Attorneys Ass'n) |
| Police and Fire Retirement System of the City of Detroit | UAW Local 412-Unit 86 (Law Dep't Paralegals) |
| Police Officers Labor Council (DetroitFac. Officers) | UBS AG |
| Police Officers Labor Council (Health Department | UBS Securities LLC |
| Retired Detroit Police and Fire Fighters Association | United States of America |
| Rick Synder - Governor | Upright Wrecking & Demolition, L.L.C. |
| Robert A. Shinske | US Health & Life Insurance Company |
| SBS Financial Products | Wade Trim Associates, Inc. |
| Schneiderman and Sherman, P.C | Wendy Fields-Jacobs |
| SEIU Local 517M - Non-Supervisory | Xerox Corporation |
| SEIU Local 517M – Prof. & Tech. Unit | XL Capital Assurance |
| SEIU Local 517M - Supervisory | |

## Schedule 2

## Relationships With Potential Parties In Interest

| | |
|---|---|
| AFL-CIO | SEIU |
| Ambac<br>(creditor representation) | US Bank N.A. |
| Financial Guaranty Insurance<br>(representation of Weil as counsel to the liquidator of FGIC) | United States of America<br>(Department of Treasury; Department of Energy) |
| MBIA | Xerox |
| General Motors | |