UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                    :   Chapter 9
In re                               :
                                    :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,          :
                                    :
                        Debtor.     :   Hon. Steven W. Rhodes
                                    :
                                    :
------------------------------------------------------x

**VERIFIED STATEMENT OF LAZARD FRERES & CO. LLC
PURSUANT TO PARAGRAPH 2 OF FEE REVIEW ORDER**

In accordance with paragraph 2 of the Fee Review Order, dated September 11, 2013, Dkt. No. 810, Lazard Frères & Co. LLC, as financial advisor to the Official Retiree Committee (the "Committee"), makes the following statement:

1. I am a Managing Director of Lazard Frères & Co. LLC ("Lazard"), which maintains offices at 30 Rockefeller Plaza, New York, New York 10020.

2. For services provided to the Committee in the above-referenced case, Lazard has agreed to charge a monthly fee of $175,000. This monthly fee is consistent with or better than the amount of fees charged by Lazard in similar retentions in chapter 11 proceedings. In addition, the engagement letter provides for a success fee to be agreed with the Committee and approved by the City.

3. Lazard has further advised the Committee that, consistent with Lazard's practice with respect to its other clients, it will also charge for out-of-pocket expenses incurred by Lazard in connection with services rendered in these matters including, but not limited to, photocopying, travel, and other fees and expenses which are consistent with the Fee Review Order.

4. Pursuant to paragraph 2(a), attached hereto as Exhibit 1 is a true and correct copy of Lazard's engagement letter.

5. Pursuant to paragraph 2(c), attached hereto as Exhibit 2 is a true and correct copy of Lazard's billing and expense categories that it will use in its Monthly invoices (as defined in the Fee Review order).

6. The foregoing constitutes the verified statement of Andrew Yearley.

_____
Andrew Yearley

Sworn to and subscribed before me
This 4th day of October, 2013

_____
Notary Public

DIANA M. LUPOLI
Notary Public, State of New York
No. 30-4931862
Qualified in Nassau County
Commission Expires June 20, 2014

# EXHIBIT 1

# LAZARD ENGAGEMENT LETTER

# LAZARD

As of September 3, 2013

Official Committee of Retirees of the City of Detroit
c/o Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089

Ladies and Gentlemen:

This letter (the "Agreement") confirms the terms of the agreement between Lazard Frères & Co. LLC ("Lazard") and the Official Committee of Retired Employees (the "Retiree Committee") of The City of Detroit (the "City") regarding the retention of Lazard to act as financial advisor to the Retiree Committee in connection with the proceedings the City sought and which may continue under chapter 9 of the United States Bankruptcy Code (Case No. 13-53846-SWR) as well as other potential litigation related thereto, as further described below.

I. <u>Scope of Services</u>. Lazard shall assist the Retiree Committee, as necessary and requested by the Retiree Committee:

   a. to analyze the City's long-term business plan, operations and related financial projections, including conducting a detailed review of the City's historical and projected revenue sources, operating costs, and cash flow projections, budgets and operational assessments;

   b. to analyze the reasonableness of the City's assumptions supporting its financial budgets, forecasts and projections and to prepare sensitivity analyses analyzing the impact of certain adjustments to those assumptions;

   c. to analyze the City's debt capacity and proposed capital structure;

   d. to review and analyze any valuation of the City's assets;

   e. to review and analyze any restructuring alternatives for the City proposed by any party, including the Retiree Committee;

   f. to evaluate the financial aspects of any potential DIP loan or other financing by the City;

   g. in connection with the financial aspects of negotiations with the City;

Lazard Frères & Co. LLC
30 Rockefeller Plaza
New York, NY 10112

      h.     in meetings with the City or other third parties as appropriate in connection with the matters set forth herein;

      i.     to prepare documents and by providing testimony in or related to the City's chapter 9 proceedings in the United States Bankruptcy Court for the Eastern District of Michigan Southern Division (the "Bankruptcy Court"), as necessary and customary, with respect to matters on which we have been engaged to advise the Retiree Committee hereunder;

      j.     in relation to all of the aforementioned services, to assist in the communications between the Retiree Committee and the other professionals performing services for the Retiree Committee in relation to the chapter 9 proceedings and potential litigation related thereto; and

      k.     with such other financial advisory services as the Retiree Committee may from time to time reasonably request and which are customarily provided by financial advisors acting in similar situations.

II.     <u>Nature of Services</u>. It is expressly understood that Lazard is engaged hereunder solely to provide services to the Retiree Committee as a group. Each member of the Retiree Committee understands and agrees that Lazard will provide the services described in this Agreement to the Retiree Committee as a group, and not for the individual members of the Retiree Committee. Lazard is being retained on behalf of, and will report solely to, the Retiree Committee, notwithstanding that Lazard's fees and expenses will be paid solely by the City. To the extent that Lazard's representation of the Retiree Committee as a group or the payment of Lazard's fees and expenses by the City may create a conflict of interest in respect of Lazard's engagement hereunder, each member of the Retiree Committee has waived any right to claim that such a conflict of interest may now or hereafter exist. Without limiting the foregoing, given that the services provided hereunder relate to potential litigation, it is expected that attorneys to the Retiree Committee will be involved in discussions related to Lazard's services and will be advising the Retiree Committee in seeking such services. It is therefore the intention that Lazard's work will be covered by the attorney work-product doctrine and other applicable privileges.

III.     <u>Compensation</u>. Lazard's compensation for services rendered under this agreement shall be paid by the City and will consist of the following cash fees:

      A.     <u>Monthly Fee</u>. A monthly fee of $175,000 (the "Monthly Fee"), payable on execution of this Agreement and on the first day of each month thereafter until the earlier of the completion of the case or the termination of Lazard's engagement pursuant to Section 7.

B.    <u>Transaction Fee</u>. In addition to the Monthly Fee, upon the earlier of approval by the Bankruptcy Court of a settlement of the material claims of the Retiree Committee and the consummation of the City's chapter 9 proceedings, Lazard shall be paid an additional fee that will appropriately compensate Lazard in light of the magnitude and complexity of the issues in the chapter 9 proceedings, which fee will be mutually agreed in good faith by Lazard and the Retiree Committee, taking into account the results achieved, and subject to approval of the City.

C.    <u>Expense Reimbursement</u>. In addition to any fees that may be payable to Lazard, the Retiree Committee shall seek from the City prompt reimbursement to Lazard, and the City shall promptly thereafter reimburse Lazard, for all reasonable expenses (including expenses of counsel, if any), travel and lodging, data processing and communications charges, courier services and other expenditures incurred in connection with, or arising out of Lazard's activities under or contemplated by, this engagement, including any expenses resulting from Lazard becomes involved in any legal proceeding or investigation related to Lazard's engagement hereunder. Lazard will provide the Retiree Committee with an invoice setting out the details of such expenses.

D.    No fee payable to any other person, by the City, the Retiree Committee or any other person or entity, shall reduce or otherwise affect any fee payable hereunder.

E.    All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

F.    For the avoidance of any doubt, it is understood that all amounts payable hereunder shall be paid by the City and not by the Retiree Committee.

IV.    <u>Information</u>. The Retiree Committee [through its Counsel, TOJ 14] shall cause the City to provide Lazard with all information concerning the business, assets, liabilities, operations, cash flows, properties, financial condition and prospects of the City that Lazard reasonably requests in connection with the services to be performed for the Retiree Committee hereunder. At all times during Lazard's engagement Lazard will be assuming that all information furnished to Lazard by or on behalf of the Retiree Committee, the City and third parties (i) is accurate and complete in all material respects and (ii) does not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements therein not misleading in light of the circumstances under which such statements are made. In advising pursuant to its engagement hereunder, Lazard will be using and relying on publicly available information and on data, material and other information furnished to Lazard by the City, the Retiree Committee and other parties. Lazard does not assume and shall not have any responsibility for independent verification of such information. Lazard will not, as part of its engagement, undertake any independent appraisal of any of the assets or liabilities of the City, the Retiree Committee or of any third party, or opine or give advice with respect to any issues of solvency.

V. <u>Limitations on Services as Advisor</u>. In rendering its services to the Retiree Committee, Lazard is not assuming any responsibility for the Retiree Committee', the City's, or any other person's underlying business decision to pursue (or not to pursue) any business strategy or to effect (or not to effect) any other transaction(s) or decision(s). Lazard shall not have any obligation or responsibility to provide accounting, audit, "crisis management," or business consultant services for the City, the Retiree Committee or any other person or entity and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements. Nothing in this Agreement is intended to obligate or commit Lazard or any of its affiliates to provide any services other than those set forth above. Lazard will not be responsible for and will not be deemed to have provided any tax, accounting, actuarial, legal or other similar specialist advice.

VI. <u>Termination</u>. Lazard's engagement hereunder will automatically terminate upon consummation of the City's chapter 9 proceedings and may be earlier terminated in writing by either the Retiree Committee or Lazard at any time, without continuing liability to the City, the Retiree Committee or Lazard; provided, however, that (i) termination or expiration of Lazard's engagement hereunder shall not affect the obligations and agreements under paragraphs II, IV, V, this paragraph VI, VII, VIII, IX, X, XI, XII, XIII and XIV hereof, (ii) notwithstanding any such termination or expiration, Lazard shall remain entitled to any fees accrued pursuant to paragraph III but not yet paid prior to such termination or expiration and to reimbursement of expenses pursuant to paragraph III incurred prior to such termination or expiration, and (iii) in addition, in the case of termination by the Retiree Committee (other than due to the bad faith, gross negligence or willful misconduct of Lazard) or any expiration of Lazard's engagement, Lazard shall remain entitled to full payment of all fees contemplated by paragraph IIIB hereof in respect of any subsequent settlement of the material claims of the Retiree Committee or consummation of the City's chapter 9 proceedings, whichever comes first.

VII. <u>Independent Contractor/Confidentiality of Advice</u>. Lazard has been retained under this agreement as an independent contractor to the Retiree Committee only; nothing herein is intended to create or shall be construed as creating a fiduciary relationship between Lazard and the Retiree Committee, the City or any other person. Lazard is not the trustee of, and is not authorized to bind, the Retiree Committee in any action or decision. The advice (oral or written) rendered by Lazard pursuant to this agreement is intended solely for the benefit and use of the Retiree Committee in considering the matters to which this agreement relates, and, notwithstanding any termination or expiration of Lazard's engagement hereunder, such advice may not be relied upon by any other person or entity, used for any other purpose or reproduced, disseminated, quoted or referred to at any time, in any manner for any purpose, nor shall any public references to Lazard be made by the Retiree Committee, without the prior consent of Lazard. Notwithstanding the foregoing, nothing herein shall prohibit any party hereto from disclosing to any and all persons the tax treatment and tax structure of any transaction and the portions of any materials that relate to such tax treatment or tax structure.

VIII. <u>Limitation of Liability</u>.  Neither Lazard nor any of our affiliates, nor any of our or their respective directors, officers, members, employees, agents or controlling persons, if any (each of the foregoing, including Lazard, being an "Released Person"), shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Retiree Committee or its members or their respective partners, directors, officers, employees, agents, affiliates, securityholders or creditors or any other person for or in connection with Lazard's engagement or any transactions or conduct in connection therewith, except to the extent that any losses, claims, damages, liabilities or expenses incurred by the Retiree Committee are found by a court of competent jurisdiction in a judgment which has become final in that it is no longer subject to appeal or review to have resulted primarily from such Released Person's bad faith, gross negligence or willful misconduct.

IX. <u>Successors and Assigns</u>.  This agreement shall be binding upon each party hereto and their respective successors and assigns.  Lazard has been engaged hereunder on behalf of only the Retiree Committee as a group and Lazard's engagement is not deemed to be on behalf of and is not intended to confer any rights upon, or duties to, any individual member of the Retiree Committee, the City, any constituent or creditor of the City, or any other person or entity other than the Released Persons.

X. <u>Authority</u>.  Each party hereto represents and warrants that it has all requisite power and authority to enter into this Agreement and the transactions contemplated hereby.  Each party hereto further represents and warrants that this Agreement has been duly and validly authorized by all necessary corporate or other action on the part of such party, has been duly executed and delivered by such party and constitutes a legal, valid and binding agreement of such party, enforceable in accordance with its terms.  Without limiting the generality of the foregoing, the person signing this Agreement on behalf of the Retiree Committee represents and warrants that he or she has all requisite power and authority to enter into this agreement on behalf of the Retiree Committee, that this agreement has been duly and validly authorized by all necessary action to bind the Retiree Committee to the terms hereof that are applicable to the Retiree Committee, that this agreement has been duly executed and delivered on behalf of the Retiree Committee and, with respect to the terms hereof that are applicable to the Retiree Committee, constitutes a legal, valid and binding agreement of the Retiree Committee, enforceable against the Retiree Committee in accordance with its terms.

XI. <u>Miscellaneous</u>. This Agreement constitutes the entire understanding of the parties hereto regarding the matters set forth herein and shall supersede all prior understandings and proposals, whether written or oral, relating to any of such matters contemplated herein. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument. This Agreement may only be amended or waived by a writing signed by the party against whom enforcement is sought.

XII. Bankruptcy Proceedings. Notwithstanding anything to the contrary set forth in this Agreement, Lazard acknowledges that payment of any amounts due hereunder is subject to the terms of the Fee Review Order entered by the Bankruptcy Court on September 11, 2013. The Retiree Committee agrees to use commercially reasonable efforts to cause the Bankruptcy Court to enter an order approving Lazard's retention on the terms set forth in this agreement, including payment by the City of amounts due hereunder, and to cause the City to pay any amounts due hereunder pursuant to the terms of the Fee Review Order entered by the Bankruptcy Court on September 11, 2013. The Retiree Committee further agrees that it believes that the amounts payable to Lazard hereunder are reasonable, regardless of the number of hours to be expended by Lazard's professionals in the performance of its the services.

XIII. Lazard Group. If appropriate in connection with performing its services for the Retiree Committee hereunder, Lazard may utilize the services of one or more of its affiliates, in which case references herein to Lazard shall include such affiliates. Any such affiliate so employed shall be entitled to all of the benefits afforded to Lazard hereunder and shall be entitled to be reimbursed for its costs and expenses on the same basis as Lazard.

XIV. Choice of Law. This agreement and any claim related directly or indirectly to this agreement (including any claim concerning advice provided pursuant to this agreement) shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law. No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York, and each of the parties hereby submits to the jurisdiction of such courts, except that during the pendency of the City's chapter 9 proceedings such claims shall be commenced in the Bankruptcy Court. Each party hereto hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding. ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM OR ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT OR CONDUCT IN CONNECTION WITH THIS ENGAGEMENT IS HEREBY WAIVED BY EACH PARTY HERETO.

If the foregoing agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate of this Agreement.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____
Ron Bloom
Managing Director

AGREED TO AND ACCEPTED
as of the date first
above written:

OFFICIAL COMMITTEE OF RETIREES OF THE CITY OF DETROIT

By: _____
Name: Terri Renshaw
Title: Committee Chair

# EXHIBIT 2

# EXPENSE CATEGORIES

## EXPENSE CATEGORIES

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Car Services and Taxis | | $0.00 |
| Consulting – Non-IT | | 0.00 |
| Courier/Shipping | | 0.00 |
| Electronic Information Service | | 0.00 |
| Employee Meals | | 0.00 |
| Hard Copy Information | | 0.00 |
| Legal Expenses | | 0.00 |
| Legal Fees | | 0.00 |
| Meals-Meetings/Travel | | 0.00 |
| Miscellaneous | | 0.00 |
| Presentation Costs/Graphics | | 0.00 |
| Photocopying Costs | | 0.00 |
| Telephone/Telex/Fax Usage | | 0.00 |
| Travel | | 0.00 |
| **Grand Total Expenses** | | **$0.00** |