UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DIVISION

IN RE:                                    CHAPTER 9
                                          CASE NO. 13-53846
                                          HON. STEVEN W. RHODES

CITY OF DETROIT, MICHIGAN

        Debtor.
_____/

## REPLY BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY

In its Response to the Motion for Relief from Stay, the Debtor City of Detroit (Debtor") erroneously claims that St. Martins failed to identify any valid reason for treating its claim differently from any of the other seven hundred creditors. (See, Debtor's Brief, pp. 1-2). The Debtor is incorrect. What Debtor fails to alert this Court to is to the fact that it has a Counter-Claim **against** St. Martins. Certainly, there are not 700 other creditors against whom the Debtor has counter-claims. That, in and of itself, makes this matter unique. It should be noted that the Debtor does not explain to this Court why it should be able to pursue its counterclaim (which is not stayed) while St. Martins cannot pursue its initial claim.

Nor does the Debtor cite or attach any objective substance to support its factual representations. The Debtor only cites its Brief in Opposition to Motion for Partial Summary Disposition, which is presently pending in the Wayne County Circuit Court. (See, Debtor's Brief, pp. 2-5). The Debtor misrepresents the actions of the Wayne County Circuit Court regarding that Motion. That Motion was denied **without prejudice.** The Circuit Court specifically allowed St. Martins refile the Motion. St. Martins refiled that Motion on June 8,

2013. The Debtor filed its Bankruptcy Petition on July 18, 2013. In is only because of the extensive scheduling of dispositive motions in the Circuit Court that it was not heard before the Debtor filed its Petition.

The Debtor argues that the Stay should not be lifted because stays are generally designed to give debtors "breathing room." (See, Debtor's Brief, p 6). In this case, it is hard to fathom how the Debtor needs breathing room when the Debtor has in fact filed a counterclaim, which again will not be stayed, against St. Martins. Equally confusing is the Debtor's claim that the continuation of the Stay against St. Martins will benefit the centralization of claims against it. (See, Debtor's Brief, p 8). The Debtor is apparently not concerned about decentralization in the form of its counterclaim against St. Martins.

The Debtor also makes a claim that lifting the Stay as to St. Martins would constitute unequal treatment. It is hard to imagine what is more unequal than the Debtor being allowed to pursue a counterclaim and St. Martins not being allowed to pursue its initial claim. Certainly, equal treatment would allow a claimant and counterclaimant to resolve their claims in one action as opposed to two separate actions in two different forums. Nor does leaving the Stay in place promote judicial economy. (See, Debtor's Brief, p 9). The claim is already split. If St. Martins is required to pursue a second separate adversarial action within the Bankruptcy Court, then that would fully create two separate parallel adversarial actions, in two different courts, in two different locations. However, both actions would be governed by the same substantive law. Therefore, only relief from the Stay with regard to the claims brought by St. Martins would serve the purpose of judicial economy.

The Debtor also claims that the Circuit Court matter is in its preliminary stages. (See, Debtor's Brief, p 9). Fortunately, the Debtor attached a copy of the Scheduling Order from the

Circuit Court matter, so this Court can determine the validity of that argument with its own eyes. That Scheduling Order shows clearly that the witness list deadline was nearly five months ago. Discovery ended more than two months ago. It further shows that the month for the Settlement Conference has passed. Therefore, it is hard to understand how the Debtor claims that the matter is not ready for trial. On the contrary, if St. Martins could have had its Motion for Partial Summary Disposition ruled upon, it very likely would have obviated the need for trial.

The Debtor also argues that relief from the stay is improper because this Court has not yet determined whether it is eligible for relief under Chapter 9 of the Bankruptcy Code. (See, Debtor's Brief, p 9). That determination is moot if St. Martins is allowed to continue with its claim in Wayne County Circuit Court, which it will already have to defend in any event, even if this Court's denies the Motion. The Debtor also claims that St. Martins has not shown a likelihood of success on the merits persuasive. This argument ignores the finding of the federal district court, that St. Martins was "entitled to a judgment…with respect to…the equal protection claim." (See, Exhibit J to St. Martins' Brief in Support of Motion for Relief from Stay, p 9). The only issue remaining is how far back the Debtor will be allowed to try to impose its statute of limitations defense.

Finally, the issue of "breathing room" is both self-contradictory and unpersuasive. The Debtor never explained how resources are being saved when it already paying for pursuing its counterclaim against St. Martins. There is no evidence that these efforts will be diminished in any way if the stay remains in effect. On the contrary, the efforts will in fact be duplicative because they would only result in a separate adversarial proceeding in the Bankruptcy Court. This would also be an unnecessary waste of time and resources in the form of collateral estoppel and raise *res judicata* issues. This Court can avoid all of that by lifting the stay of St. Martins'

claims. There is no need to do anything with regard to the Debtor's counterclaim since those are not stayed as a matter of law.

## CONCLUSION

For all the reasons stated above, St. Martins requests that this Court grant its Motion and lift the Stay as to its presently pending claim against the Debtor in the Wayne County Circuit Court.

LAW OFFICES OF LEE & CORRELL

By: /s/ Michael K. Lee
MICHAEL K. LEE (P40012)
Attorneys for St. Martins Cooperative
24901 Northwestern Highway, Suite 113
Southfield, MI 48075
(248) 350-5900

Dated: November 1, 2013