# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

    Debtor.

)
)
)
)
)
)
)
)

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## DEBTOR'S MOTION PURSUANT TO SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTOR TO FILE FEE LETTER UNDER SEAL IN CONNECTION WITH THE DEBTOR'S POST-PETITION FINANCING MOTION

The City of Detroit, Michigan, as debtor in the above-captioned case (the "City"), hereby submits this motion (this "Motion") for the entry of an order pursuant to Sections 105 and 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") substantially in the form attached hereto as Exhibit 1 (the "Proposed Order"), (a) authorizing the City to file under seal a copy of the Fee Letter dated as of October 6, 2013 (the "Fee Letter"), between Barclays Capital Inc. ("Barclays") and the City and (b) directing that the Fee Letter shall remain under seal, confidential and not be made available without the written consent of the City and Barclays or further order of this Court (after notice and hearing). In support of the Motion, the City respectfully represents and sets forth as follows:

## Factual Background

1.      On July 18, 2013 (the "<u>Petition Date</u>"), the City filed a petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>").

2.      Contemporaneously with the filing of this Motion, the City filed the Motion (the "<u>Financing Motion</u>") of the Debtor for a Final Order Pursuant to Sections 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 of the Bankruptcy Code (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay.[1]  The Financing Motion seeks, among other things, authority for the City to incur debt under the Post-Petition Facility on the terms set forth in the Financing Motion and to enter into and perform under the Financing Documents.

3.      As further described below, because the Fee Letter contains confidential commercial information regarding the potential cost to the City of the financing and commercially sensitive detail regarding how to calculate such potential cost, the disclosure of which would be harmful to both the City and to Barclays, and which the City agreed with Barclays under section 8 of the

---

[1] Terms capitalized but not defined herein shall have the meanings given to them in the Financing Motion.

CHI-1910079v3

Commitment Letter to keep confidential, the City requests authorization to file the Fee Letter under seal.

## Jurisdiction

4.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

## Relief Requested

5.    The City seeks entry of the Proposed Order authorizing the City to file the Fee Letter under seal and directing that the Fee Letter shall remain under seal and confidential in accordance with its terms and the terms of the Commitment Letter (the "Commitment Letter") dated as of October 6, 2013, between Barclays and the City.

## Basis for Relief

6.    Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In addition, Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from any

- 3 -

harm that could result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1)    protect any entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b).

7.    Bankruptcy Rule 9018 details the procedures by which a party in interest may move for relief under section 107(b). It provides, "On motion, or on its own initiative, with *or without* notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018 (emphasis added).  This provision is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).  Accordingly, it mandates sealing information where disclosure would unfairly benefit that entity's competitors. In re The Frontier Group, LLC, 256 B.R. 771 (Bankr. E.D. Tenn. 2000).

- 4 -

A.    **Section 107(b) Requires the Court to Protect Parties from Disclosure of Sensitive Commercial Information**

8.    Once the Court determines that a party in interest seeks protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application."  Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994). Courts have found that such relief should be granted if the information sought to be protected is commercial information.  See, e.g., Global Crossing, 295 B.R. at 725 (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").  Moreover, the resulting order should be broad (i.e., "any order which justice requires").  Global Crossing, 295 B.R. at 724; Bankruptcy Rule 9018.  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."  Orion, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." Global Crossing, 295 B.R. 724.

9.      Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  Orion, 21 F.3d at 27-28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, any interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

**B.      The Fee Letter Contains "Commercial Information" That Warrants Confidential Treatment Under the Bankruptcy Code**

10.      The City submits that the information contained in the Fee Letter is confidential commercial information that is entitled to protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 and that the City agreed under section 8 of the Commitment Letter to keep confidential.  The Fee Letter specifies not only the fee that Barclays is to receive for its commitment to provide the Post-Petition Facility, but also highly sensitive pricing information for the facility, the disclosure of which likely would increase the cost of the facility to the City.  As the Commitment Letter and Term Sheets describe, Barclays is permitted to syndicate the Post-Petition Facility.  In order to permit such syndication, and as is common in syndicated deals, the Fee Letter provides for so-called "market flex," whereby, to a limited extent and subject to certain conditions, Barclays is entitled to, among other things,  increase the interest rate on the loan to facilitate the

- 6 -

syndication.  If the terms of such "market flex" were fully disclosed, potential purchasers of the loan likely would simply demand the maximum permitted interest rate as a condition to their purchase, thereby increasing the cost of the financing to the City.

11.    The commitment fee that the City has agreed to pay also is Barclays' confidential pricing information, which the financial industry and its clients view as highly sensitive and confidential, particularly at this early stage in the financing process.  Exposing such proprietary information to the market would be detrimental to the City and to Barclays in several significant ways.  First, it would provide Barclays' direct competitors with an unfair pricing advantage in the municipal financing marketplace.  Fees paid by a borrower in connection with a financing would not typically be something that an arranger of financing would disclose to anyone.  Here, the fees payable under the Fee Letter are the product of extensive, good-faith, arm's-length negotiations. The fee and expense reimbursement provisions provided for in the Fee Letter primarily fall into three categories (i) compensation for credit risk and for Barclays' risk in underwriting the Post-Petition Facility, (ii) compensation for the large, sophisticated team of credit, financial, marketing, legal and other experts necessary to assist with the structuring and marketing of this complex, multi-tranche facility, and (iii) pricing terms which facilitate the marketing and syndication of the Post-Petition Facility.

- 7 -

Barclays is a well-established source of bankruptcy financing and the disclosure of certain of their fees and marketing strategies threatens the core of its business model and the syndication of this financing. Given the highly competitive nature of the investment banking and lending industries, it is of the utmost importance to Barclays that the details of the fee structure set forth in the Fee Letter be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage in the marketplace.

12.     Second, disclosure of the commitment fee would put Barclays at an unfair disadvantage in negotiations with potential participants in the Post-Petition Facility (to the ultimate detriment of the City), who would know Barclays' bottom line in payment of syndication or commitment fees to the participants. The result of such disclosure would be a likely increase in the cost of capital for the City.

13.     Third, disclosure of the commercial terms in the Fee Letter may set a negative precedent and thereby discourage other financial institutions from lending to other chapter 9 debtors for fear of disclosure of their commercial fee structures and related information.

14.     In summary, the Fee Letter contains confidential commercial information, and a broad publication of the Fee Letter would be materially harmful to the City and to the business of Barclays. The City therefore submits that good cause exists to authorize the City to file the Fee Letter under seal

- 8 -

15.     Bankruptcy courts have routinely granted requests to file commercial

fee information, including fee amounts, percentages and pricing information, under

seal. See, e.g., In re Patriot Coal Corp., et al., Case No. 12-12900, Dkt. No. 85

(Bankr. S.D.N.Y. July 16, 2012) (permitting debtor to file certain fee amounts and

percentages and pricing information under seal or redacted); In re Residential

Capital, LLC, et al., Case No. 12-12020, Dkt. No. 114 (Bankr. S.D.N.Y. May 18,

2012) (same); In re United Retail Group, Inc., et al., Case No. 12-10405, Dkt. No.

30 (Bankr. S.D.N.Y Feb. 1, 2012) (same); In re The Great Atlantic & Pacific Tea

Co., Inc., et al., Case No. 10-24549, Dkt. No. 3184 (Bankr. S.D.N.Y. Jan. 18,

2012) (same); In re NewPage Corp., et al., Case No. 11-12804, Dkt. No. 78

(Bankr. D. Del. Sept. 8, 2011) (same); In re Harry & David Holdings, Inc., et al.,

Case No. 11-10884, Dkt. No. 60 (Bankr. D. Del. Mar. 29, 2011) (permitting debtor

to file fee letter under seal in connection with postpetition financing); In re Tribune

Co., et al., Case No. 08-13141, Dkt. No. 62 (Bankr. D. Del. Dec. 10, 2008); In re

Northwest Airlines Corp., et al., Case No. 05-17930, Dkt. No. 1529 (Bankr.

S.D.N.Y. Dec. 22, 2005) (permitting debtor to file term sheet and financing

documents under seal); In re Adelphia Commc'n Corp., Case No. 02-41729, Dkt.

No. 4260 (Bankr. S.D.N.Y. Mar. 24, 2004) (permitting debtor to file under seal fee

letter, syndication letter and engagement letter relating to exit financing).

## Notice

16.     Notice of this Motion shall be provided to: (a) the trustees, transfer

agents and/or paying agents, as applicable, for the City's secured and unsecured

bonds; (b) the City's largest unsecured creditors as identified on the list filed under

Bankruptcy Rule 1007(d); (c) the Official Committee of Retirees appointed in this

case; (d) the unions representing certain of the City's employees and retirees; (e)

the four associations of which the City is aware representing certain retirees of the

City; (f) the City's pension trusts; (g) the insurers of the City's bonds; (h) the

insurers of the certificates of participation issued with respect to the City's pension

funds (the "COPs"); (i) certain significant holders of the COPs; (j) the

counterparties under the swap contracts entered into in connection with the COPs

(collectively, the "Swaps"); (k) the insurers of the Swaps; (l) counsel to the

Purchaser; (m) the other parties that submitted Lending Proposals; and (n) all

entities that have requested notice pursuant to Bankruptcy Rule 2002.   The City

submits that no other or further notice need be provided.

## Statement of Concurrence

17.     Rule 9014-1(g) of the Local Rules for the United States Bankruptcy

Court for the Eastern District of Michigan (the "Local Rules") provides that "in a

bankruptcy case unless it is unduly burdensome, the motion shall affirmatively

state that concurrence of opposing counsel in the relief sought has been requested

- 10 -

on a specified date and that the concurrence was denied." Local Rule 9014-1(g).

Given the number of parties and potential parties involved in this case and the lack

of known opposing parties who would be adversely impacted by the relief

requested herein, it would be impracticable (and, with regard to unknown parties,

impossible) for the City to affirmatively seek the concurrence of each opposing

counsel interested in the relief sought herein. Accordingly, the City submits that

imposing the requirements of Local Rule 9014-1(g) in this matter would be

"unduly burdensome" and requests that its requirements be waived.

## No Prior Request

18.     No prior motion for the relief requested herein has been made to this

or any other Court.

- 11 -

WHEREFORE, for the reasons set forth herein, the City respectfully requests that the Court grant the relief requested herein and further relief as is just and proper.

Dated: November 5, 2013               Respectfully submitted,


/s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Brad B. Erens
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
bberens@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

- 12 -

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD,
PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY
OF DETROIT

## <u>SUMMARY OF ATTACHMENTS</u>

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1                        Proposed Form of Order

Exhibit 2                        Notice

Exhibit 3                        None [Brief Not Required]

Exhibit 4                        Certificate of Service

Exhibit 5                        None [No Affidavits Filed Specific to This Motion]

# EXHIBIT 1

**(Proposed Form of Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN,<br><br>    Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

## ORDER AUTHORIZING THE DEBTOR TO FILE
## FEE LETTER UNDER SEAL IN CONNECTION WITH
## THE DEBTOR'S POST-PETITION FINANCING MOTION

Upon the motion (the "Motion") of the City of Detroit, Michigan, as

debtor in the above-captioned case (the "City"), for entry of an order (this "Order")

authorizing the City to file under seal the Fee Letter dated as of October 6, 2013

(the "Fee Letter"), between Barclays Capital Inc. ("Barclays") and the City in

connection with the City's Motion (the "Financing Motion")[1] of the Debtor for a

Final Order Pursuant to Sections 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f),

503, 507(a)(2), 904, 921 and 922 of the Bankruptcy Code (I) Approving Post-

Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status

and (III) Modifying Automatic Stay; and it appearing that this Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it

---

[1] Terms capitalized but not defined herein shall have the meanings given to
them in the Financing Motion.

appearing that venue of this chapter 9 case and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined (i)

the information contained in the Fee Letter is confidential commercial information

that the City has agreed, under section 8 of the Commitment Letter, to keep

confidential and (ii) that the relief provided herein is in the best interests of the

City, its creditors and other parties in interest; and after due deliberation thereon;

and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to Bankruptcy Code sections and 105(a) and 107(b),

and Bankruptcy Rule 9018, the City is authorized to file the Fee Letter under seal.

3.      The Fee Letter shall remain under seal, confidential and not be

made available without the written consent of the City and Barclays.

4.      The terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

5.      This Court shall retain jurisdiction to hear and decide any

dispute related to or arising from this Order.

- 2 -

# EXHIBIT 2

**(Notice)**

Form B20A(Official Form 20A)
12/1/10

## UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan


In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge:  Hon. Steven W. Rhodes**


Address:  2 Woodward Avenue, Suite 1126
         Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606


### NOTICE OF DEBTOR'S MOTION PURSUANT
### TO SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE FOR AN
### ORDER AUTHORIZING THE DEBTOR TO FILE FEE LETTER UNDER SEAL
### IN CONNECTION WITH THE DEBTOR'S POST-PETITION FINANCING MOTION

      The City of Detroit, Michigan (the "City") has filed papers with the Court (the "Seal Motion") seeking entry of an order, pursuant to sections 105 and 107(b) of the Bankruptcy Code authorizing the City to file a Fee Letter under seal, in connection with the City's post-petition financing motion.

      **<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by November 22, 2013**, you or your attorney must:[1]

1.         File with the court a written response or an answer, explaining your position at:[2]

### United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

      If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

---

[1] Concurrently herewith, the City is seeking expedited consideration and shortened notice of the Seal Motion. If the Court grants such expedited consideration and shortened notice, the City will file and serve notice of the new response deadline.

[2] Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Brad B. Erens
JONES DAY
77 West Wacker
Chicago, Illinois 60601

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071

Jonathan S. Green
Stephen S. LaPlante
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226

2.         If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

- 2 -

## **EXHIBIT 3**

**(Intentionally Omitted)**

# **EXHIBIT 4**

**(Certificate of Service)**

## <u>CERTIFICATE OF SERVICE</u>

I, David G. Heiman, hereby certify that the foregoing Debtor's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code for an Order Authorizing the Debtor to File Fee Letter Under Seal in Connection with the Debtor's Post-Petition Financing Motion was filed and served via the Court's electronic case filing and noticing system on this 5th day of November, 2013.

/s/ David G. Heiman

# EXHIBIT 5

**(Intentionally Omitted)**