UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                                Case No. 13-53846

        Debtor.                                   Hon. Steven W. Rhodes

_____/

**SUPPLEMENTAL OBJECTION BY THE DETROIT PUBLIC SAFETY UNIONS TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") (collectively, the "Detroit Public Safety Unions" or "DPSU"), through their counsel, Erman, Teicher, Miller, Zucker & Freedman, P.C., state their Supplemental Objection to the Motion of Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Motion") [Docket No. 1146] as follows:

1

1. The Detroit Public Safety Unions represent, between them, approximately 3000 members of the Detroit Police and Fire Departments (hereinafter referred to as the "DPSU member(s)").

2. On October 24, 2013, DPSU filed their Limited Objection to the Motion [Docket No. 1365], expressing their concern that the Motion failed to appropriately address two important types of claims held by DPSU members, specifically (a) pending grievances and (b) defense and indemnification claims arising out of tort actions filed against the City and/or particular DPSU members.

3. This supplement is being filed for the purpose of concurring in some of the objections to the Motion which have been raised by others on behalf of former and present employees of the Debtor. In addition to the deficiencies in the Debtor's proposed claims filing procedures already noted by DPSU, the following issues should be addressed in any order which establishes claims bar dates for the Debtor's varied and numerous creditors. Primarily it is suggested that the <u>notice</u> which will be served on the general creditor body be revised to plainly state the legal significance of not being required to file a proof of claim.

4. The Motion establishes two "exempt-from-filing" categories which impact the employee/creditors of the Debtor, including those represented by DPSU. As described in the Motion, these are: "Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life

2

Insurance Benefit Plain and the Supplemental Death Benefit Plan (any such claim, a "Healthcare UAAL Claim")" [Paragraph 23(a) of the Motion] and "Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System (together, the "Retirement Systems"), for unfunded pension liabilities (any such claim, a "Pension Liability Claim")" [Paragraph 23(b) of the Motion]. The Healthcare UAAL Claim and the Pension Liability Claim collectively shall be referred to as the "Exempted Claims."

5. The Debtor has proposed these exempted-from-filing categories based on a perceived difficulty that individuals would have in liquidating their respective Healthcare UAAL Claim or Pension Liability Claim. Although DPSU appreciates the administrative convenience associated with such an accommodation at this stage of the Chapter 9 proceeding, DPSU shares the concern, which has been voiced by other representative entities, that the voting rights of a claimholder who is not required to file a proof of claim will be jeopardized by a failure to file such claim. If this is not the case, clarifying language should be stated in both the order establishing claims bar dates and the notice which is sent to the creditor body.

6. DPSU surmises that the Exempted Claims were not created for the purpose of restricting the substantive rights of the claimants. Nevertheless, given 11 U.S.C. § 1126(a) which provides that only holders of "allowed" claims may

3

vote to accept or reject a plan, DPSU maintains that the Notice of Deadlines for Filing of Proofs of Claim ("Notice") be revised to specifically state that holders of Exempted Claims will not be barred from voting on any proposed Chapter 9 plan, the failure to file a proof of claim notwithstanding, and that similar language be added to the text of the order establishing claims bar dates.

7. Similarly, DPSU concurs with other objecting parties that the subject Notice should make it clear that the General Bar Date applies to <u>pre-petition</u> claims and not to "ordinary course" compensation accrued post-petition (on and after July 18, 2013). The Debtor should be paying wages and providing benefits to DPSU members post-petition. To the extent that the Debtor does not do so, post-petition claims may arise. Such post-petition claims would include, but not necessarily be limited to, wages, healthcare benefits, pension payments, work grievances, and tort defense and indemnification claims. Even if the Debtor meets its compensation obligations to its employees post-petition, the pre-petition versus post-petition dichotomy of a bankruptcy proceeding must be clearly communicated to the Debtor's employees, the vast majority of whom are lay people, in order to avoid a plethora of unnecessary and/or improperly-asserted administrative claims.

8. Thus, DPSU maintains that Paragraph 5(i) of the Notice, which describes "Who Does Not Need to File a Proof of Claim," be amended to identify that "any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy

4

Code as an expense of administration" <u>includes</u> employee-based claims for services rendered on or after July 18, 2013. Such employee-based claims include, but are not necessarily limited to, wages, healthcare benefits, pension payments, work grievances, tort defense and indemnification claims. DPSU recommends that such clarifying language be placed in bold type, so that it is clear that employees of the Debtor do not need to file a proof of claim by the General Bar Date on account of any post-petition claim, and the order establishing claims bar date be amended accordingly.

WHEREFORE, DPSU respectfully requests that the Motion be denied in its present form, and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,
ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By: <u>*/s/Julie Beth Teicher*</u>
Julie Beth Teicher (P34300)
Earle I. Erman (P24296)
Craig E. Zucker (P39907)
Barbara A. Patek (P34666)
Counsel for the Detroit Public Safety Unions
400 Galleria Officentre, Suite 444
Southfield, MI 48034
Telephone: (248) 827-4100
Facsimile: (248) 827-4106
E-mail: jteicher@ermanteicher.com

Dated: November 5, 2013

F:\CHAP 9\DETROIT\supp obj claims bar date mtn-2.docx

5