UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Chapter 9
                                                      Case No. 13-53846
City of Detroit, Michigan,                            Hon. Steven W. Rhodes

    Debtor.
_____/

**Order Denying Motion to Disqualify**

Mary Diane Bukowski, who previously filed an objection to eligibility in this case, has filed an "Objection And Request for Recusal." (Dkt #1553) The Court construes this as a motion to disqualify under 28 U.S.C. § 455. The Court concludes that a hearing is not necessary to resolve the motion. For the reasons stated herein, the motion is denied.

The motion seeks my disqualification from the case. It cites a forum held on October 10, 2012, organized by the Federal Bar Association of the Eastern District of Michigan, entitled "Between a Rock and a Hard Place-Municipal Entities in Distress," which I "chaired." The motion identifies two newspaper articles in which the comments of some of the speakers (other than me) are quoted. The motion asserts that these comments "appear to be favorable toward replacing public officials of municipalities with business officials, Michigan's emergency manager laws, and other opinions consistent with presentations by Jones Day on behalf of the City of Detroit in the instant case." The motion also notes that one of the speakers on the panel was Charles Moore, who is employed by Conway MacKenzie, a consultant for the City, and who testified on October 24, 2013, during the ongoing eligibility trial in this case.

28 U.S.C. § 455(a), made applicable in this bankruptcy case by Fed. R. Bankr. P. 5004(a), states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The Supreme Court has held that in evaluating whether a judge's impartiality might reasonably be questioned, the inquiry is from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances. *Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co.*, 535 U.S. 229, 232–33, 122 S. Ct. 1290 (2002); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861, 108 S. Ct. 2194 (1988); *see also Cheney v. United States Dist. Court*, 541 U.S. 913, 924, 124 S. Ct. 1391 (2004) (Scalia, J., in chambers); *Microsoft Corp. v. United States*, 530 U.S.1301, 1302, 121 S. Ct. 25 (Rehnquist, C.J., respecting recusal).

The United States Court of Appeals for the Sixth Circuit has held, "A district court judge must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This is an objective standard." *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (quotation marks and citation omitted).

In characterizing a "reasonable person," the Seventh Circuit observed:

> In addition to being well-informed about the surrounding facts and circumstances, for purposes of our analysis, a reasonable person is a "thoughtful observer rather than ... a hypersensitive or unduly suspicious person." *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990), *quoted in O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001), and *Hook*, 89 F.3d at 354; *accord Holland*, 519 F.3d at 913. Finally, a reasonable person is able to appreciate the significance of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely an illusion.

2

*In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010).

Generally, the mere fact that a judge has spoken or written on a particular issue or area of law does not require him to recuse himself when that issue arises in a case over which he is presiding. *See, e.g., Jenkins v. McCalla Raymer, LLC*, 492 F. App'x 968, 970 (11th Cir. 2012) (judge not required to recuse himself in homeowners' class action against lenders for wrongful foreclosure, even though he had participated as a speaker in two seminars involving residential mortgage regulation addressing mortgage lender and servicer defenses); *Sherwin–Williams Co.*, 607 F.3d at 478–79 (judge not automatically required to recuse himself because he wrote a law review article on a subject at issue in the litigation); *Lunde v. Helms*, 29 F.3d 367, 371 (8th Cir. 1994) ("We do not think that making alumni contributions or participating in university educational programs, without more, is a reasonable basis for questioning the judge's impartiality."); *United States v. Pitera*, 5 F.3d 624, 626–27 (2d Cir. 1993) (judge who gave a lecture to government agents and prosecutors, including advice on how to increase the prospects of a conviction in narcotics cases, was not required to recuse herself from narcotics prosecution).

In a somewhat similar context, Circuit Judge Boggs of the Sixth Circuit stated:

> [A] judge should never be reluctant to inform himself on a general subject matter area, or participate in conferences relative to any area of the law, for fear that the sources of information might later be assailed as "one sided." Just as a judge's personal reading list is not subject to monitoring and condemnation on that basis, neither is the speaker's list at a conference that the judge may attend.

*United States v. Bonds*, 18 F.3d 1327, 1330 (6th Cir. 1994). Judge Boggs further astutely observed:

> To the extent that a judge remains interested at all in the events of society, a judge will inevitably be exposed to matters relating, in greater or lesser degree, to interesting areas of the law on which the judge may be called to rule. However, such general knowledge

> does not constitute extra-judicial knowledge of disputed evidentiary facts. To the extent that the motion attempts to insinuate a particular closeness by this judge to one participant or another in the conference, as indicated above, it is simply not accurate. Nor does past participation in conferences . . . , even when that participation is recorded in print, indicate bias or extra-judicial knowledge, any more than the fact that a judge has written previous law review articles or opinions in a certain field.

*Id*. at 1331.

This Court further observes that Canon 4 of the Code of Conduct for United States Judges specifically authorizes a judge's participation in this kind of educational activity:

> CANON 4: A JUDGE MAY ENGAGE IN EXTRAJUDICIAL ACTIVITIES THAT ARE CONSISTENT WITH THE OBLIGATIONS OF JUDICIAL OFFICE
>
> A judge may engage in extrajudicial activities, including law-related pursuits and civic, charitable, educational, religious, social, financial, fiduciary, and governmental activities, and may speak, write, lecture, and teach on both law-related and nonlegal subjects. However, a judge should not participate in extrajudicial activities that detract from the dignity of the judge's office, interfere with the performance of the judge's official duties, reflect adversely on the judge's impartiality, lead to frequent disqualification, or violate the limitations set forth below.
>
> (A) Law-related Activities. (1) Speaking, Writing, and Teaching. A judge may speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice.

The official commentary to Canon 4 goes further. It encourages such extra-judicial activities:

> Complete separation of a judge from extrajudicial activities is neither possible nor wise; a judge should not become isolated from the society in which the judge lives. As a judicial officer and a person specially learned in the law, a judge is in a unique position to contribute to the law, the legal system, and the administration of justice, including revising substantive and procedural law and improving criminal and juvenile justice. To the extent that the

4

> judge's time permits and impartiality is not compromised, the judge is encouraged to do so, either independently or through a bar association, judicial conference, or other organization dedicated to the law.

In this case, a reasonable person with knowledge of all of the facts would know that I was only the moderator of the program and made no presentation at all. Instead, my role was limited to introducing the speakers and asking occasional questions to keep the presentations moving, focused and concise. Certainly, I heard the speakers' presentations and found them informative, but this proves nothing more than my interest in the law and in my community. As for Mr. Moore's participation in the presentation, Judge Boggs' observation on this point in *Bonds* fully applies here. "To the extent that the motion attempts to insinuate a particular closeness by this judge to one participant or another in the conference, as indicated above, it is simply not accurate." 18 F.3d at 1331.

In the circumstances of this case, I come to the same conclusion that Judge Boggs came to in *Bonds*:

> Based on the facts above, a reasonable person would not doubt my impartiality. An unreasonable person could focus on one aspect or another of things I have read or said, persons to whom I have talked, or articles in which I have been credited. However, a reasonable person, looking at all of the facts, would say that I am interested in the subject matter area, and no more.

*Id*.

The motion to disqualify is denied.

Not for Publication

.

**Signed on November 07, 2013**

                                          **/s/ Steven Rhodes**
                                          **Steven Rhodes**
                                          **United States Bankruptcy Judge**