UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In re:

CITY OF DETROIT, MICHIGAN,

         Debtor.

Case No. 13-53846
Chapter 9

Hon. Steven W. Rhodes

---

# MOTION OF BRENDAN MYLEWSKI AND ADVISACARE HEALTH CARE SOLUTIONS FOR RELIEF FROM THE AUTOMATIC STAY

Brendan Mylewski and Advisacare Health Care Solutions, Inc. (collectively, "**Movants**"), by their attorneys, Jami Jones PLLC and Rhoades McKee PC, pursuant to 11 U.S.C. §362, Fed. R. Bankr. P. 4001 and LBR 4001-1, request that this Court issue an Order conditioning, modifying or lifting the automatic stay imposed by 11 U.S.C. §362. In support of this Motion, the Movants state:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

## BACKGROUND

4. The Movant Mylewski was employed by the City of Detroit as a firefighter at all times relevant hereto.

-1-
U:\101\101720\004\BK\MRAS 11-7-13.Docx:kjh
13-53846-tjt   Doc 1566   Filed 11/07/13   Entered 11/07/13 15:10:35   Page 1 of 6

5. On or about August 13, 2010, Movant Mylewski was engaged in firefighting duties on behalf of the City in a building at the intersection of Drexel Road and Jefferson Avenue.

6. During and in the course of his firefighting duties as described in the preceding paragraph, Movant Mylewski became permanently and completely disabled when he suffered multiple severe injuries, leaving him wheel chair bound.

7. Pursuant to both the Detroit City Charter (the "Charter"), and the Master Agreement between the City of Detroit and the Detroit Fire Fighter's Association (the "Agreement"), Movant Mylewski, upon becoming so disabled, became entitled to certain benefits from the Police and Firefighters Retirement System (the "**Fund**"), as a duty disability retiree. These benefits from the Fund include, but are not limited to, benefits "like" those devised in the Michigan Worker's Disability Compensation Act, such as:

    a. Medical expenses;

    b. Home modifications;

    c. Prescription coverage;

    d. Attendant Care;

    e. Medical equipment and supplies; and,

    f. Case Management

    g. Vehicle Modification

    h. Wage loss

    i. Attorney fees for medical benefits wrongfully denied.

8. Under the terms and conditions of the Charter and Agreement, Debtor became obligated to pay from the Fund, on behalf of Movant Mylewski, the foregoing expenses or losses which Movant Mylewski sustained relative to his duty-related bodily injury and total disability.

9. Movant Mylewski meets all the requirements of total disability and his application for duty disability retirement was approved. See **Exhibit 6-1**.

10. Specifically, Movant Mylewski is unable to perform, for wage or profit, due to injury, illness or disease, the material and substantial duties of either his occupation or of any occupation for which he is suited, based on education, training and experience.

11. Movants believe that Debtor does not dispute that Movant Mylewski is totally disabled and totally incapacitated within the meaning of the Agreement and thus entitled to duty disability retirement benefits. Movant Mylewski continues, postpetition, to receive his duty disability compensation, and payment or reimbursement of certain medical and prescription expenses from the Fund. Debtor has, however, without reason, refused to pay certain benefits on behalf of Movant Mylewski, such as physician prescribed medical equipment and expenses, home modifications and, in particular, attendant care.

12. Upon information and belief, the Debtor does not contend that Movant Mylewski is not entitled to benefits such as attendant care, and it has no medical opinion disputing the necessity of the same, but rather, it may have questions with respect to the extent and costs of the equipment, home modifications and attendant care services.

13. Debtor has wrongfully refused to pay for the items recited above, such as attendant care, despite being supplied adequate proof of loss and entitlement to benefits.

U:\101\101720\004\BK\MRAS 11-7-13.Docx:kjh
13-53846-tjt    Doc 1566    Filed 11/07/13    Entered 11/07/13 15:10:35    Page 3 of 6

14. Debtor last paid any benefits of the type and variety listed in paragraph 11 on or about January, 2012, and has provided no reasonable basis for its further refusal to pay the benefits to which Plaintiff is entitled.

15. Movant Mylewski must continue to receive attendant care to deal with such functions as managing bowel program, personal hygiene and other bodily functions.

16. On September 5, 2012, Movant Mylewski filed a civil action in the Circuit Court for Wayne County, Michigan (the "**Prepetition Action**") (Case No. 12-011731-CK) seeking to recover the expenses which the City is obligated to pay on account of his disability. A copy the Complaint in the Prepetition Action accompanies this Motion as **Exhibit 6-2**. As of the date of this Motion, the amount of the disability related expenses the City is obligated to pay to the Movants exceeds $180,000.00.

17. Movant Advisacare Health Care Solutions, Inc. ("**Advisacare**") is a party to this Motion for the reason that Advisacare has continued to provide daily in-home care to Movant Mylewski since April of 2012 without payment in recognition of Movant Mylewski's acute need for Advisacare's services due to his severe disability.

18. The City has failed to pay any of Advisacare's invoices, and Advisacare cannot continue to provide the in-home care Movant Mylewski requires indefinitely without payment.

19. On July 1, 2013, Advisacare moved to intervene in the Prepetition Action due to its pecuniary interest in the subject matter of the Prepetition Action. A copy of Advisacare's Motion to Intervene accompanies this Motion as **Exhibit 6-3**.

20. Movants believe that only the Debtor has an interest in the subject matter of this Motion.

21. The Movants do not believe that this Motion will require an evidentiary hearing.

## RELIEF REQUESTED

22. Given the grave, life effecting consequences to Movant Mylewski should he be unable to obtain the disability benefits for which the City is obligated to pay, the Movants submit that such consequences constitute just cause for modifying the automatic stay of 11 U.S.C. §362 so as to allow the Prepetition Action to proceed, as well as to allow Advisacare to seek to intervene in that action.

23. That furthermore, the home modifications and medical equipment being sought will assist the claimant in becoming more independent and being able to negotiate these items with the Debtor will likely provide a long-term cost benefit to the Debtor.

WHEREFORE, the Movants request that this Honorable Court enter an Order:

(A) Modifying the stay so as to allow the Prepetition Action to proceed in the Wayne County Circuit Court;

(B) Modifying the stay so as to allow Advisacare to seek to intervene in the Prepetition Action;

(C) Granting such other or further relief as may be just or equitable.

Respectfully submitted,

**JAMI JONES, PLLC**
Attorneys for Brendan Milewski

Dated: November 7, 2013   By:   */s/ Jami W. Jones*
    Jami W. Jones (P-64720)
    Business Address:
      33200 Dequindre, Suite 100
      Sterling Heights, MI 48310
      (586) 268-8200

**RHOADES MCKEE PC**
Attorneys for Advisacare Health Care Solutions, Inc.

By: _/s/ **Harold E. Nelson**_
   Harold E. Nelson  (P-27974)
Business Address:
   161 Ottawa, N.W., Suite 600
   Grand Rapids, MI 49503
   (616) 235-3500