# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 13-53846
                                                Chapter 9
CITY OF DETROIT, MICHIGAN,
                                                Hon. Steven W. Rhodes
          Debtor.

### BRIEF IN SUPPORT OF MOTION OF BRENDAN MYLEWSKI AND ADVISACARE HEALTH CARE SOLUTIONS FOR RELIEF FROM THE AUTOMATIC STAY

#### FACTS

On or about August 13, 2010, Brendan Mylewski, a firefighter for the Debtor, was engaged in his duties on behalf of the Debtor with respect to a fire at the intersection of Drexel Road and Jefferson Avenue in Detroit, Michigan. In the course of exercising his duties, Mr. Mylewski suffered multiple severe injuries, resulting in permanent and complete disability.

Pursuant to both the Detroit City Charter and the Master Agreement between the City of Detroit and the Detroit Firefighters Association, Mr. Mylewski became entitled to certain benefits as a duty disability retiree, similar to the benefits available under the Michigan Worker's Disability Compensation Act.

On or about January 2012, the Debtor ceased making disability payments for the care Mr. Mylewski required. On September 5, 2012, Mr. Mylewski filed a civil action against the Debtor (the "**Prepetition Action**") in the Circuit Court for Wayne County, Michigan (Case No. 12-011731-CK), seeking to recover the expenses which the City is obligated to pay on account of his disability. The Prepetition Action has been pending for approximately 14 months and discovery has been completed.

Advisacare Health Care Solutions, Inc. was, and is, providing Mr. Mylewski with physician approved in-home attendant care services. However, the Debtor has refused and failed to pay Advisacare's invoices for such services. As a result, Advisacare filed a Motion to Intervene in the Prepetition Action to assert and protect its pecuniary interest in the subject matter of the action.

The Prepetition Action has been stayed pursuant to 11 U.S.C. §§362 and 922.

### DISCUSSION

**THE AUTOMATIC STAY AGAINST THE MOVANTS SHOULD BE LIFTED PURSUANT TO 11 U.S.C. §362(D)(1).**

The Bankruptcy Code, under 11 U.S.C. §362(d)(1), gives the Court the right "to grant relief from the stay ... for cause." The term "cause" has no clear definition under the Bankruptcy Code and is determined on a case by case basis. Although 11 U.S.C. §362(d) provides examples of factors which would constitute "cause'. Those factors are not exclusive. *Matter of Fernstrom Storage and Van Co.*, 938 F.2d at 731 (7th Cir. 1991); *In re Miller*, 459 B.R. 657, 676 (BAP 6th Cir. 2011).

> " 'Cause' " as used in § 362(d) "has no clear definition and is determined on a case-by-case basis." *In re Tucson Estates,* 912 F.2d 1162, 1166 (9th Cir.1990). *See also In re Makarewicz,* 121 B.R. 262, 264 (Bankr.S.D.Fla.1990); *In re Revco D.S.,* 99 B.R. 768, 777 (Bankr.N.D.Ohio 1989). Nevertheless, a number of themes emerge from the cases interpreting § 362(d)'s expansive language. As we wrote in *Matthews,* 739 F.2d at 251, "[s]uspension of [the automatic stay] may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." An influential district court opinion adopts a three factor test for determining whether "cause" exists, asking whether
>
> a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,
>
> b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

U:\101\101720\004\BK\Brief 11-7-13.Docx:kjh
13-53846-tjt    Doc 1566-4    Filed 11/07/13    Entered 11/07/13 15:10:35    Page 3 of 5

c) the creditor has a probability of prevailing on the merits.

*In re Pro Football Weekly,* 60 B.R. 824, 826 (N.D.Ill.1986) (bracketed text in original, internal quotations omitted). *See also In re Bock Laundry Machine,* 37 B.R. 564, 566 (Bankr.N.D.Ohio 1984).

*Matter of Fernstrom Storage and Van Co.,* 938 F.2d 731, 735 (C.A.7, 1991).

The Sixth Circuit has also identified the factors to be considered in determining whether cause exists to lift the stay:

> Bankruptcy Code §362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay for cause. See 11 U.S.C. §362(d)(1). The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Garzoni v Kmart Corp.,* 35 F. App'x 179, 181 (6th Cir. 2002) (citing *In re United Imports, Inc.,* 203 B.R. 162, 167 (Bankr. D. Neb. 1996)).

Mr. Mylewski has a case pending in the Wayne County Circuit Court in which discovery has been completed and is essentially ready for trial. Judicial economy would be achieved by letting the Prepetition Action proceed. It is not apparent that the cost of defense to the Debtor would be greater in the Prepetition Action than it would be in another form. No great prejudice to the Debtor will result from the continuation of that action and, moreover, the hardship to Mr. Mylewski by maintenance of the stay is palpable and considerably outweighs any hardship of continuation of the Prepetition Action would cause the Debtor. Moreover, the Movants submit that they have a probability of prevailing on the merits given the provisions of the City Charter and the Firefighters' Agreement. Finally, the benefits to which Mr. Mylewski may be found entitled would be provided by the Police and Firefighters Retirement System, not from the Debtor's general revenues.

WHEREFORE, the Movants respectfully request that this Court grant their Motion.

                Respectfully submitted,

**JAMI JONES, PLLC**
Attorneys for Brendan Milewski

Dated: November 7, 2013    By: */s/ Jami W. Jones*
        Jami W. Jones (P-64720)
Business Address:
   33200 Dequindre, Suite 100
   Sterling Heights, MI 48310
   (586) 268-8200

**RHOADES MCKEE PC**
Attorneys for Advisacare Health Care Solutions, Inc.

By: */s/ Harold E. Nelson*
    Harold E. Nelson (P-27974)
Business Address:
   161 Ottawa, N.W., Suite 600
   Grand Rapids, MI 49503
   (616) 235-3500