UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------:
                                                         :
In re                                                    :    Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN,                               :    Case No. 13-53846
                                                         :
                         Debtor.                         :    Hon. Steven W. Rhodes
                                                         :
---------------------------------------------------------:

## CITY OF DETROIT'S OBJECTION TO RULE 2004 MOTION OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. (D.E. 1342)

The City of Detroit, Michigan, in its capacity as the debtor in the above-captioned chapter 9 case (the "City"),[1] hereby opposes the relief requested in the above-captioned motion (the "Rule 2004 Motion").[2] In support of its Objection,[3] the City respectfully represents as follows:

---

[1] The City also is filing this Objection on behalf of Kevyn Orr, individually and in his official capacity as Emergency Manager of the City, since the Rule 2004 Motion was directed at Mr. Orr as well.

[2] On November 6, 2013, three parties filed joinders (collectively, the "Joinders") to the Rule 2004 Motion: Ambac Assurance Corporation (D.E. 1538); National Public Finance Guarantee Corporation (D.E. 1544); and Assured Guaranty Municipal Corp. (D.E. 1545). To the extent the Joinders request that the Court grant the relief requested in the Rule 2004 Motion, the City opposes the relief sought therein for the reasons set forth below.

[3] Capitalized terms used but not defined herein are accorded the meanings given to them in the Rule 2004 Motion.

## PRELIMINARY STATEMENT

The City has invested significant time and energy in a process designed to identify and secure postpetition financing that will allow it to achieve a number of key objectives in this restructuring. In its latest effort to disrupt the City's reorganization efforts, however, Syncora, itself a participant in the postpetition financing process, was not content to let that process proceed. Instead, in an apparent attempt to jump the queue before the City even had the opportunity to file its motion with this Court seeking approval of such financing — yet with the full knowledge that such a motion was shortly forthcoming — Syncora sought an order permitting discovery pursuant to Rule 2004.

The City has since filed its motion seeking approval of the postpetition financing and has committed to produce — and will produce promptly — documents that generally are responsive to the requests attached to the Rule 2004 Motion, as well as to make the City's witnesses available for deposition. Accordingly, Syncora has failed to demonstrate why, under these circumstances, it should be entitled to use Rule 2004 rather than pursue discovery as part of this contested matter. Therefore, the Rule 2004 Motion should be denied.

## BACKGROUND

1. Beginning in August 2013, the City commenced a robust process to obtain postpetition financing, which process entailed the solicitation of

more than 50 prospective lenders (including Syncora) and ultimately resulted, in early October, in an agreement with Barclays Capital, Inc. on the material terms of the postpetition financing.

2. On October 23, 2013, Syncora filed the Rule 2004 Motion. In that motion, Syncora seeks the entry of an order authorizing it to issue document and deposition subpoenas (collectively, the "<u>2004 Requests</u>") in order to "evaluate the process by which the City solicited, reviewed, negotiated, and made determinations, as well as the substance of the City's negotiations, analyses, and decisions making, about all DIP Proposals and the nature and substance of the City's communications with the City Council regarding the Barclays' DIP, including the City's compliance with PA 436." Rule 2004 Motion at ¶ 19.

3. On November 5, 2013, the City filed its motion for approval of postpetition financing (D.E. 1520) (the "<u>Financing Motion</u>"). The City at the same time also filed a motion to seal a fee letter related to that financing (D.E. 1521) (the "<u>Seal Motion</u>").

4. On November 5 and 6, counsel for the City reached out to counsel for Syncora to request a withdrawal of the 2004 Motion, given the filing of the Financing Motion and Seal Motion, and to discuss a discovery schedule. Counsel for the City will be discussing the matter with counsel for Syncora today to inform it that the City will produce relevant responsive documents that it

believes are properly within the scope of discovery in connection with the Financing Motion and make its witnesses in support of the Financing Motion available for deposition.[4] As noted above, counsel for the City has requested that the Rule 2004 Motion be withdrawn, but to date Syncora has not agreed to that request.

### ARGUMENT

*The Rule 2004 Motion is an Improper*
*Use of Rule 2004 as a Contested Matter is Pending*

5.  Even if one assumes, for purposes of argument, that Rule 2004 applies in a chapter 9 case, Rule 2004 examinations are not without limit. See Intercontinental Enters. Inc. v. Keller (In re Blinder, Robinson & Co., Inc.), 127 B.R. 267, 274 (D. Col. 1991) ("[T]he availability of Rule 2004 as a discovery tool is not unlimited.").

6.  In particular, it is well-settled that Rule 2004 examinations are inappropriate once the matter at issue becomes the subject of a contested matter or adversary proceeding. In re Michalski, 449 B.R. 273, 281 n.4 (Bankr. N.D. Ohio 2011) ("Once a contested matter or adversary proceeding has been initiated, discovery under Rule 2004 is no longer appropriate."); Conley v. Central Mortgage Co. (In re Conley), 414 B.R. 157, 159 (Bankr. E.D. Mich. 2009) ("If a party

---

[4] The City's stated intention to produce responsive documents is without prejudice to its right to assert any general and/or specific objections to the production of documents.

requires more information *and* there is no existing adversary proceeding or contested matter, the court may order the examination of any entity on motion of any party in interest [under] F.R. Bankr.P. Rule 2004") (emphasis added); see also In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("Courts have imposed limits on the use of Rule 2004 examinations . . . under the well recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004").

7. Here, the City filed the Financing Motion on November 5, 2013. There is no question that the Financing Motion is a contested matter as defined by Rule 9014. See Rule 4001(c)(1)(A) ("A motion for authority to obtain credit shall be made in accordance with Rule 9014"). It is equally clear that the 2004 Requests involve the issues and parties that are within the scope of this contested matter and at the center of the Financing Motion itself.[5]

8. The appropriate mechanism through which to evaluate the terms of the postpetition financing is as part of the contested matter initiated upon

---

[5] For example, the 2004 Requests seek extensive information about the "DIP Solicitation Process"— the marketing and selection process for the financing that is highlighted in the Financing Motion and that will undoubtedly be the subject of extensive evaluation in that context. Similarly, they seek all documents and communications relating to the "Barclay's DIP" — aka the City's proposed postpetition financing facility that is the subject of the Financing Motion. Indeed, Syncora itself admits that it is seeking information "[t]o appropriately and comprehensively evaluate the terms of the Barclays' DIP." Rule 2004 Motion at ¶ 9.

the City's filing of the ***motion to approve that same postpetition financing***. Permitting Syncora to discover information with respect to this topic outside of that forum would directly circumvent the limits that have been placed on Rule 2004. Accordingly, there is no basis to permit Syncora to utilize Rule 2004, rather than the framework provided by the Federal Rules of Civil Procedure, to conduct discovery in connection with the Financing Motion.

*The Rule 2004 Motion is Moot*
*Because the City Has Already Agreed to Produce*
*<u>Responsive Documents and Make Witnesses Available</u>*

9. Moreover, even if the Rule 2004 Motion were properly brought, it is nonetheless now moot in light of the City's stated intention to voluntarily produce responsive documents and make its witnesses available for depositions in connection with discovery on the Financing Motion.

10. The City currently intends to produce documents on or before the week of November 18, 2013 and, subsequently, to produce its witnesses for depositions at the times and locations agreed upon by the interested parties.[6] As such, by the time the Rule 2004 Motion is heard by the Court, the City will have substantially complied with the 2004 Requests. Accordingly, the relief sought in the Rule 2004 Motion is moot.

---

[6] The City also intends to seek to modify the objection deadline for the Financing Motion in order to accommodate such discovery.

## **CONCLUSION**

For the foregoing reasons, the Rule 2004 Motion should be denied.

Dated: November 7, 2013  Respectfully submitted,

/s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Robert W. Hamilton (OH 0038889)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Brad B. Erens
JONES DAY
77 W. Wacker Dr.
Chicago, IL 60601
Telephone:  (312) 269-3939
Facsimile:  (312) 782-8585
bberens@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY