UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

STIPULATION FOR MODIFICATION OF THE AUTOMATIC STAY OF 11 U.S.C. §362 TO SEEK INJUNCTIVE RELIEF AND WAIVER OF FED. R. BANKR. P. 4001(a)(3)

Sprint Communications Company L.P. ("Sprint"), by its counsel, and the City of Detroit ("City"), by its counsel, hereby requests that this Court enter an Order, a proposed form of which is attached as Exhibit 1, granting the modification of the automatic stay of 11 U.S.C. § 362 and waiver of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure solely to permit Sprint to immediately pursue a temporary restraining order and injunction against the City with respect to the Project (defined below). In support of this Stipulation, the parties state as follows:

JURISDICTION

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A) and (G). Venue is proper before this Court pursuant to 28

U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. §362(d)(1) and Bankruptcy Rule 4001.

## SUMMARY OF RELIEF REQUESTED

2. Sprint is the owner and operator of a nationwide telecommunications system (the "Telecommunications System"). Certain fiber optic cables located in a railroad right-of-way in the City of Detroit (the "Right-of-Way") are components of the Telecommunications System.

3. Sprint has been in discussions with Debtor about relocating the fiber optic cables in connection with a bridge reconstruction project at this location that is known as the Dequindre Cut (the "Project").

4. Work on the Project has stopped until Sprint's fiber optic cables are relocated, and the City anticipates incurring increased costs while its contractors are idled. On November 4, 2013, the City sent Sprint a letter demanding that Sprint remove its fiber optic cables "within five calendar days from the date of this letter" or the City will "direct the project contractor to remove them at your cost." On Thursday, November 7, 2013, the City agreed to give Sprint until Thursday, November 14, to provide an acceptable plan to move the fiber optic cables.

5. Sprint has been arranging to complete the requested work. However, Sprint and the City have not yet agreed to a plan, and any unilateral action by the City or its project contractor to move or interfere with the fiber optic cables could

result in immediate and irreparable damage to Sprint, the users of the Telecommunications System, and the public. Accordingly, Sprint asserts that it needs to be able to immediately seek a temporary restraining order and a preliminary or permanent injunction against the City regarding this matter.

6. Sprint has advised the City of the above, and business representatives and counsel for Sprint have communicated with representatives and counsel for the City about these same matters. However, as of the point in time at which this Stipulation is being filed, the City has not agreed to extend its deadline for a proposal beyond Thursday, November 14, 2013. Accordingly, Sprint asserts that it may need to seek injunctive relief.

7. On November 7, 2013, Sprint sought the concurrence of City's bankruptcy counsel for the relief sought in this Stipulation. Late in the evening of November 7, 2013, the City, through its counsel, indicated that it would agree to modify the automatic stay for the sole purpose to allow Sprint to pursue injunctive relief in the Wayne County Circuit Court, but the City would not agree to modify the stay to permit Sprint to pursue any monetary claim. Nothing in this stipulation shall constitute a waiver or admission of any rights, claims or argument by Sprint or the City of Detroit in the injunctive relief action, all of which is hereby reserved.

WHEREFORE, Sprint and the City respectfully request that this Court enter the proposed order attached as Exhibit 1 hereto granting the relief requested.

Dated: November 11, 2013					Respectfully submitted,

/s/ Stephen S. LaPlante					/s/ Jeffrey S. Grasl

| Stephen S. LaPlante (P48063) | Jeffrey S. Grasl (P62550) |
|---|---|
| Miller Canfield Paddock & Stone PLC | MCDONALD HOPKINS LLC |
| 150 W. Jefferson, Suite 2500 | 39533 Woodward Avenue, Suite 318 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| Telephone: (313) 496-8478 | Telephone: (248) 646-5070 |
| Facsimile: (313) 496-8452 | Facsimile: (248) 646-5075 |

						- and -

*Attorneys for City of Detroit*

Paul M. Hoffmann
STINSON MORRISON HECKER LLP
1201 Walnut St., Ste. 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 412-1191

*Attorneys for Sprint Communications Company L.P.*

Exhibit 1

Proposed Order

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

### ORDER MODIFYING THE AUTOMATIC STAY OF 11 U.S.C. §362 TO SEEK INJUNCTIVE RELIEF AND WAIVER OF FED. R. BANKR. P. 4001(a)(3)

This matter having come before the Court pursuant to that certain *Stipulation for Entry of Order Modifying the Automatic Stay of 11 U.S.C. § 362 to Seek Injunctive Relief and for Waiver of Fed. R. Bankr. P. 4001(3)* ("Stipulation") [Doc. ____] between Sprint Communications Company, L.P. ("Sprint") and the City of Detroit ("City"); the Court finding just cause exists for granting the relief requested in the Stipulation; and the Court being duly advised in the premises:

IT IS HEREBY ORDERED THAT:

1. To the extent the automatic stay is applicable, Sprint shall be and hereby is granted relief from the automatic stay provided by 11 U.S.C. § 362 solely for the purpose of pursuing a temporary restraining order and injunction with respect to the Project identified in the Stipulation.

2. For clarity, subject to further order of this Court, the automatic stay shall remain in effect with respect to any claims by Sprint for monetary damages against the City in connection with the Project.

3. For good cause, the automatic stay provided in Fed. R. Bankr. P. 4001(a)(3) shall be and hereby is vacated and waived to the extent provided in this Order.