IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------- x
In re                                          :     Chapter 9
                                               :
CITY OF DETROIT, MICHIGAN,                     :     Case No. 13-53846
                                               :
            Debtor.                            :     Hon. Steven W. Rhodes
---------------------------------------------- x

**DEBTOR'S OBJECTION AND BRIEF IN OPPOSITION TO MOBLEY PLAINTIFFS' MOTION AND BRIEF IN SUPPORT OF MOTION FOR MODIFICATION OF AUTOMATIC STAY AND THE STAY EXTENSION ORDER**

The Plaintiffs seek relief from the automatic stay to continue an appeal taken by the City of Detroit ("City") and other individual police officer defendants ("Officers") with respect to a narrow issue regarding the applicability of the qualified immunity defense to claims against the Officers. The Plaintiffs allege that there is a public interest in letting the appeal proceed, despite the fact that *they* did not file this appeal, the *City* did. Absent what is in essence an interlocutory appeal by the City, there would be no appeal. The Plaintiffs also concede that, regardless of whether the Court grants their requested relief, and *regardless of the appeal's outcome*, they still would have to participate in the claims resolution process to liquidate their alleged money damage claims against the City.[1]

---

[1] The City, by resolution, agreed to indemnify two of the Officers. The resolution is attached as Exhibit A.

The Plaintiffs will suffer no actual harm if the Court denies the requested relief. Once the Plaintiffs' claims have been resolved in the claims resolution process, one of two situations likely will occur. If the claims resolution moots the appeal, then further Sixth Circuit proceedings will be unnecessary and the Plaintiffs will be in exactly the same position they would have been had the City not filed its appeal. If the claims resolution does not moot the appeal, then the Sixth Circuit will issue its opinion once this bankruptcy case resolves and the stay no longer applies. Either way, the Plaintiffs get all of the relief to which they may be entitled.

In contrast, if forced to continue its appeal, the City would be required to prepare for oral argument and possible further litigation in the Sixth Circuit. Doing so would not relieve the City from resolving the Plaintiff's claims through the claims resolution process. Thus, in contrast to the *de minimis* benefit to the Plaintiffs, requiring the City to continue its appeal is burdensome and undermines the "breathing spell" afforded by the automatic stay. Since Plaintiffs fail to demonstrate that the equities favor relief from the automatic stay, such relief should be denied.

I. **BACKGROUND**

A. **The Lawsuit in the District Court**

On February 18, 2010, the Plaintiffs[2] filed a complaint against the Defendants[3] in the United States District Court for the Eastern District of Michigan ("District Court"), commencing case number 10-10675. The Plaintiffs amended their complaint on September 8, 2010. On April 17, 2012, the Plaintiffs moved for partial summary judgment against the City (but not the individual police officer defendants). The Defendants also moved for summary judgment with respect to Plaintiffs' claims and the Defendants' defense of qualified immunity.

The District Court granted the Plaintiffs' summary judgment against the City on three of the counts in the amended complaint, dismissed the remaining four counts, and denied the Defendants' motion on the qualified immunity defense. Motion, Exhibit 6A at 1-2. The District Court ordered that trial would proceed against all of the Defendants to determine damages on the three counts which were not dismissed. *Id.* The Defendants appealed the District Court's ruling on the

---

[2] The Plaintiffs are Ian Mobley, Kimberly Mobley, Paul Kaiser, Angie Wong, James Washington, Nathaniel Pierce, Jerome Price, Stephanie Hollander, Jason Leverette-Saunders, Wanda Leverette, Darlene Hellenberg, Thomas Mahler, and Laura Mahler.

[3] The Defendants are the City of Detroit, Vickie Yost, Daniel Buglo, Unnamed Detroit Police Officers, Gregory McWhorter, Anthony Potts, Charles Turner, Michael Brown, Brandon Cole, Tyrone Gray, Sheron Johnson and Kathy Singleton.

qualified immunity defense ("Appeal") to the Sixth Circuit Court of Appeals ("Court of Appeals"). No other issues were appealed by either party.

### B. The City's Bankruptcy Case

On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court. On October 10, 2013, the City filed its Motion for Entry of Order Establishing Bar Dates for Filings Proofs of Claim ("Bar Date Motion"). [Dkt. No. 1146]. As set forth in the Bar Date Motion, consistent with this Court's order of October 8, 2013 [Dkt. No. 1114], the City intends to file a motion by November 12, 2013, for approval of an efficient process for liquidating prepetition tort claims asserted against the City. Bar Date Motion ¶ 25. The City anticipates that this process (a) may involve the use of alternative dispute resolution practices, including mediation or consensual arbitration; and (b) would be implemented once the tort claims have been asserted through the proof of claims process. *Id*. The City also intends to establish a process for the assertion of other administrative expenses at a future date if and to the extent necessary. *Id*., ¶ 13.

On October 25, 2013, the Plaintiffs filed a Motion and Brief in Support of Motion for Modification of Automatic Stay and the Stay Extension Order ("Motion"). [Dkt. No. 1377]. The Motion seeks relief from the automatic stay and the stay extension order to effectively force the City to continue prosecuting its Appeal.

- 4 -
21685889.5\088888-03812
13-53846-tjt    Doc 1637    Filed 11/11/13    Entered 11/11/13 17:40:20    Page 4 of 10

## II. ARGUMENT

The automatic stay "is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

Bankruptcy Code section 362(d) authorizes a bankruptcy court to grant relief from the automatic stay in limited circumstances. In particular, section 362(d)(1) of the Bankruptcy Code provides that a party in interest may obtain relief from the Automatic Stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

"The Bankruptcy Code does not define 'cause' as used in [§] 362(d)(1). Therefore, under [§] 362(d), 'courts must determine whether discretionary relief is appropriate on a case by case basis.'" *Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.)*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (*quoting Laguna Assocs. L.P. v. Aetna Casualty & Surety Co. (In re Laguna Assocs. L.P.)*, 30 F.3d 734, 737 (6th Cir. 1994)). The determination of whether to grant relief from the automatic stay "resides within the sound discretion of the Bankruptcy Court." *Sandweiss Law Center, P.C. v. Kozlowski (In*

*re Bunting)*, No. 12-10472, 2013 WL 153309, at *17 (E.D. Mich. Jan. 15, 2013) (*quoting In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002)).

In determining whether cause exists "the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *Plastech*, 382 B.R. at 106 (*quoting In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995)); *see also* Op. and Order Denying NAACP's Motion for Relief from Stay at 10, Dkt. No. 1536 ("NAACP Order"). In that regard, a primary purpose of bankruptcy is the centralization of claims against the debtor for determination by the bankruptcy court through the claims allowance process. *See In re Hermoyian*, 435 B.R. 456, 464 (Bankr. E.D. Mich. 2010) (stating that an underlying policy of the Bankruptcy Code is the provision of a centralized forum for claims resolution and orderly distribution of assets). Further, the automatic stay benefits the creditor body at large by ensuring their equal treatment and preventing a race to the courthouse. *See* H.R. REP. NO. 95-595, at 340 (1977) ("The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.").

### A. Plaintiffs Will Not Be Harmed if Relief from the Stay Is Denied.

The Plaintiffs will suffer no cognizable harm if their Motion is denied. The District Court already ruled in their favor on the qualified immunity defense issue. This is all of the relief the Plaintiffs could have anticipated. Further, the Plaintiffs concede that even if the appeal is allowed to proceed, they still must participate in the claims resolution process *regardless* of what result the Court of Appeals should reach.[4] Thus, even if the District Court's ruling is affirmed, it would not advance the resolution of the Plaintiffs' alleged claims in this Chapter 9 case. In fact, relief from stay could actually *harm* the Plaintiffs, if the Sixth Circuit should overrule the District Court. Thus, other than their hopes for favorable precedent, the Plaintiffs gain little if stay relief is granted and lose nothing if it is denied.

The Plaintiffs allege that the public has a substantial interest in the resolution of the Appeal. This is mistaken for a number of reasons. First, the District Court has already issued a written decision in Plaintiff's favor. The precedential value of this decision goes a long way toward satisfaction of the alleged public interest. Second, having won in the District Court, the Plaintiffs have no right to "appeal" their victory to obtain binding precedent. Third, it is far from certain that Plaintiffs actually would prevail in the appeal. Fourth, the issue on appeal is narrow and involves factual circumstances unique to this case, so notwithstanding all of the

---

[4] The District Court has not yet liquidated damages. Motion, Exhibit 6A at 1-2.

foregoing, the "value" of making this precedent binding is speculative at best. The Plaintiffs' hope of additional precedent does not outweigh the public's substantial and concrete interest in the speedy and efficient resolution of this bankruptcy case, which will affect the local, regional and national economy. NAACP Order at 13.

### B. The City Will Be Harmed if Relief from Stay is Granted.

Allowing the Appeal to proceed undermines the protections of the automatic stay. As this Court recently emphasized, the automatic stay is "designed to consolidate into the bankruptcy case all proceedings that relate to and impact the case, so that the debtor, and, for that matter, all of the other parties, are not required to endure the expense and complexity of litigating multiple issues in multiple courts." NAACP Order at 11. If the Motion is granted, the City would be required to resume litigation in the Court of Appeals. Doing so will not relieve the City from then having to resolve the Plaintiffs' claims in this Court, as Plaintiffs candidly admit. Thus, forcing the City to continue with its Appeal on the qualified immunity defense would distract the City's restructuring efforts and divert its limited resources, all at a time when it is both working to negotiate and deliver a plan of adjustment quickly and engaged in a substantial amount of discovery and litigation (all on an expedited timeframe) arising in the bankruptcy case itself.

In short, the City sought relief under chapter 9 in part to obtain the "breathing spell" afforded by the automatic stay and the consequent protection

from its creditors while it restructures its affairs and prepares a plan of adjustment. The Plaintiffs should not be allowed to force the City to proceed on the Appeal the City initiated. Doing so would force the City to expend additional resources and distract its personnel at a critical time in its bankruptcy case. Plaintiffs will not be harmed by this; in fact, they may be spared a defeat in the Court of Appeals. Either way, their claims will be resolved in this forum. For these reasons, the overall goals of chapter 9 and the balance of harms weigh heavily in favor of denying stay relief to the Plaintiffs.

## III. CONCLUSION

WHEREFORE, the City respectfully requests that this Court (a) deny the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: November 11, 2013       Respectfully submitted,

By: /s/Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

- 9 -

fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT