UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' OBJECTION TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO FILE FEE LETTER UNDER SEAL IN CONNECTION WITH THE DEBTOR'S POST-PETITION FINANCING MOTION [DOCKET 1521]**

The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) ("**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**Debtor**") non-uniformed retired employees and about 2,523 active City employees, or about seventy percent (70%) of the active non-uniformed union-represented employees -- through its undersigned counsel, hereby submits this objection (the "**Objection**") to the *Debtor's Motion for An Order Authorizing the Debtor to File Fee Letter Under Seal in Connection with the Debtor's Post-Petition Financing Motion* ("**Motion**") [Docket 1521]. In support of this Objection, AFSCME respectfully states as follows:

**GENERAL BACKGROUND**

1. On July 18, 2013 (the "**Petition Date**"), the City filed a petition for relief in this Court, thereby commencing the instant chapter 9 proceeding.

2. On November 5, 2013, the Debtor filed the *Motion of the Debtor for a Final Order Pursuant to Sections 105, 362, 364(c)(1), 364(c)(2), 364 (e), 364(f), 503, 507(a)(2), 904, 921 and 922 of the Bankruptcy Code (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay* (the "**Financing Motion**").

3. On the same day the Debtor filed the Motion.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE FEE LETTER SHOULD NOT BE SEALED

5. AFSCME remains critically concerned that the Debtor continues to march towards a plan of adjustment and exit from this bankruptcy case in a manner that allows assets and funds which should better and properly be used to fund vested pension benefits to be used for other purposes – purposes that may bind the Debtor and the City's assets for years to come and not properly agreed to or vetted through a plan process.

6. Here, by the Motion, the Debtor continues to act without proper transparency or communication, by seeking to seal the fees to be paid to Barclays Capital Inc. ("**Barclays**") under a proposed fee letter dated as of October 6, 2013 (the "**Fee Letter**").

7. While there may be commercial business reasons for sealing fees in the non-municipal setting, Detroit is not a corporation, but a public body answerable to its citizens, including active and retired AFSCME employees.

8. The terms of the proposed financing under the Financing Motion and particularly the fees associated with that proposed financing should be disclosed.

9. The Debtor is asking this Court to approve financing that provides as collateral and security substantial tax revenues continuing for years after the bankruptcy case concludes.

10. It was just this type of long term debt that the Debtor claims created its current financial crisis.

11. Creating more long term debt over and to the exclusion of vested pension benefits, outside of a plan of adjustment – is, simply put, an unfair use of chapter 9.

12. The fees, which likely are a seven figure number, to be paid to Barclays should not be secret.

13. This motion continues the Debtor's path of non-disclosure, lack of transparency and limited information flow about the full impact of this chapter 9 case now and in the future.

14. In the municipal context, transparency should be more - not less - protected as a goal than the disclosures required in the chapter 11 context.

15. The complete and true cost of the DIP financing, including any fees paid to Barclays, and the competitive process, if any, undertaken which resulted in this fee arrangement should be fully disclosed.

WHEREFORE: AFSCME respectfully requests that the Motion be denied and for such other and further relief as the Court deems proper.

Dated: November 12, 2013

**LOWENSTEIN SANDLER LLP**
By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)

(973) 597-6247 (Facsimile)
slevine@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
MILLER COHEN, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*