UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-----------------------------------------------------------------x
                                                                 :
In re                                                            : Chapter 9
                                                                 :
CITY OF DETROIT, MICHIGAN,                                       : Case No. 13-53846
                                                                 :
                    Debtor.                                      : Hon. Steven W. Rhodes
                                                                 :
                                                                 :
-----------------------------------------------------------------x
```

**LIMITED OBJECTION OF FINANCIAL GUARANTY
INSURANCE COMPANY TO DEBTOR'S MOTION PURSUANT
TO SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE FOR AN
ORDER AUTHORIZING THE DEBTOR TO FILE FEE LETTER UNDER SEAL
IN CONNECTION WITH THE DEBTOR'S POST-PETITION FINANCING MOTION**

Financial Guaranty Insurance Company ("**FGIC**") files this limited objection (the "**Objection**") in response to *Debtor's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code for an Order Authorizing the Debtor to File Fee Letter Under Seal in Connection with the Debtor's Post-Petition Financing Motion* [Docket No. 1521] (the "**Motion to Seal**") and requests that the City[1] provide FGIC with copies of the Fee Letter and the engagement letter referenced in footnote 1 of the Financing Motion (the "**Engagement Letter**") pursuant to that certain Confidentiality Agreement, dated June 25, 2013, by and between FGIC and the City (the "**Confidentiality Agreement**"). In support of this Objection, FGIC respectfully states as follows:

1. Pursuant to the Motion to Seal, the City is seeking an order authorizing the City to file the Fee Letter under seal and directing that the Fee Letter remain under seal and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Seal.

confidential. (Mot. ¶ 5.) FGIC has no objection to the relief requested. However, FGIC is filing this Objection to request that the Court direct the City to provide FGIC with copies of the Fee Letter and the Engagement Letter pursuant to the Confidentiality Agreement.

2. The Fee Letter contains additional economic terms related to the City's proposed postpetition financing. Pursuant to the Engagement Letter, the City agreed to employ Barclays as the exclusive placement agent with respect to any financing the City may seek in connection with its exit from chapter 9, and to pay Barclays a fee to the extent the City does not use Barclays in such capacity. (Financing Mot. 1-2, fn. 1.) It is essential that FGIC review the Fee Letter and the Engagement Letter in order to have all of the information regarding consideration the City has agreed to provide to Barclays, which information is necessary to evaluate the proposed pospetition financing. Accordingly, on November 7, 2013 and November 10, 2013, counsel for FGIC emailed counsel for the City, requesting a copy of the Fee Letter and the Engagement Letter, respectively. In the emails, counsel for FGIC confirmed that FGIC would keep the Fee Letter and the Engagement Letter confidential pursuant to the Confidentiality Agreement. Counsel for the City never responded to FGIC's requests. As a result, FGIC is seeking relief from the Court.

3. Allowing FGIC to obtain copies of the Fee Letter and the Engagement Letter, subject to the protections of the Confidentiality Agreement, poses no risk of harm to the City or the City's proposed posteptition lender, Barclays, which could result from the public disclosure of commercially sensitive information therein. (Mot. ¶¶ 3, 10-14.) Consistent with the Confidentiality Agreement, FGIC will keep the Fee Letter and the Engagement Letter confidential, and, to the extent FGIC files an objection to the Financing Motion that references information in the Fee Letter or the Engagement Letter, FGIC will file such objection under seal.

Accordingly, there is no reason to deny FGIC access to the Fee Letter and the Engagement Letter, which FGIC needs to review in order to assess the relief requested in the Financing Motion.

4. Based upon the foregoing, FGIC respectfully requests that the Court direct the City to provide FGIC with copies of the Fee Letter and the Engagement Letter, subject to the terms of the Confidentiality Agreement.

Dated: November 13, 2013
Birmingham, Michigan

    /s/ Mark R. James
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

– and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance Company*

US_ACTIVE:\44365498\4\45259.0007

## Certificate of Service

      I, Mark R. James, hereby certify that on November 13, 2013, I caused the foregoing *Limited Objection of Financial Guaranty Insurance Company to Debtor's Motion Pursuant to Sections 105 and 107(B) of the Bankruptcy Code for an Order Authorizing the Debtor to File Fee Letter Under Seal in Connection with the Debtor's Post-Petition Financing Motion* to be filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter.

                                              /s/ Mark R. James