# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

## THE DETROIT RETIREMENT SYSTEMS' OBJECTION TO THE DEBTOR'S MOTION PURSUANT TO SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTOR TO FILE FEE LETTER UNDER SEAL IN CONNECTION WITH THE DEBTOR'S POST-PETITION FINANCING MOTION

The Police and Fire Retirement System of the City of Detroit ("PFRS") and

the General Retirement System of the City of Detroit ("GRS," and together with

PFRS, the "Retirement Systems") submit this Objection (the "Objection") to

Debtor's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code for

an Order Authorizing the Debtor to File Fee Letter Under Seal in Connection with

the Debtor's Post-Petition Financing Motion [Dkt. No. 1521] (the "Motion to

Seal").[1]   The Motion to Seal should be denied because the City of Detroit,

Michigan (the "City") has failed to demonstrate that cause exists for sealing the

---

[1]   This Objection is filed subject to the reservations of rights in the Appearances filed by the undersigned counsel in this case, including the Retirement Systems' right to argue that this Court lacks subject-matter jurisdiction.

Fee Letter. If the City is able to establish at hearing that it is entitled to some such relief, the Retirement Systems submit that they should nonetheless be provided by the City with copies of the Fee Letter[2] and the engagement letter referenced in footnote 1 of the Financing Motion (the "Engagement Letter") pursuant to the terms of an appropriate confidentiality agreement or protective order. In support of this Objection, the Retirement Systems respectfully state as follows:

## Background

1.     On July 18, 2013, the City filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code").

2.     On July 18, 2013, the City filed its Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019 and (III) Granting Related Relief [Dkt. No. 17, corrected by Dkt. No. 157 on 7/24/13] (the "Assumption Motion"). The Retirement Systems objected to the Assumption Motion, in part, on the grounds that the obligations incurred under the swap agreements are not secured by a valid lien in the Casino wagering tax revenue.

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Seal.

9845440.2 14893/165083

3.     The Retirement Systems, and others, filed objections to the City's eligibility to be a debtor under Chapter 9 of the Bankruptcy Code.  The Court has not yet determined that the City is eligible to be a debtor under Chapter 9 of the Bankruptcy Code.

4.     On August 29, 2013, the Court entered the Order Granting Motion of Debtor for Protective Order [Dkt No. 688], paragraph 3 of which provides in relevant part:

> All prior non-disclosure agreements and waivers governing access to the City's data room entered into by and between (i) the City and any interested party and/or (ii) Milliman and any interested party are of no force and effect.

5.     On October 25, 2013, the Detroit City Council filed a Notice of Filing by Detroit City Council of Resolution Regarding the Emergency Manager's Post-Petition Financing Proposal [Dkt. No. 1396] (the "City Council Resolution"), which Resolution raises significant concerns about the terms of the proposed post-petition financing and the power Barclays (defined below) will be able to wield over the City if the financing is approved.

6.     On November 5, 2013, the City filed the Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay [Dkt. No. 1520] (the "Financing Motion") seeking authority to

3

incur post-petition debt on the terms set forth in the Financing Motion - - the same financing that was roundly criticized in the City Council Resolution.

7.     Also on November 5, 2013, the City filed the Motion to Seal, alleging that the Fee Letter contains confidential commercial information of the City and Barclays Capital Inc. ("Barclays"), which, if disclosed, will disadvantage Barclays in its negotiations with potential participants in the Post-Petition Facility. The City also argues that disclosure of the Fee Letter will increase the cost of the Post-Petition Facility to the City and may set a "negative precedent" discouraging other institutions from lending to a Chapter 9 debtor.

8.     On November 5, 2013, the Court entered its Order Granting Debtor's *Ex Parte* Motion for an Order Shortening Notice and Scheduling an Expedited Hearing [Dkt. No. 1524], which order schedules a hearing on the Motion to Seal on November 14, 2013 at 10:00 a.m. The Order instructs the City to "be prepared to call witnesses and present evidence in support of its request." *Id.*

## Objections

9.     The Fee Letter and the Engagement Letter contain additional terms of the City's proposed post-petition financing.[3] Disclosure of these terms to the

---

[3] Footnote 1 of the Financing Motion discloses that pursuant to the terms of the Engagement Letter, the City agreed to employ Barclays as its exclusive placement agent for any exit financing that it seeks. If the City does not use Barclays as its exclusive placement agent for exit financing, the City must pay Barclays a fee.

4

Retirement Systems is imperative so that the Retirement Systems may properly evaluate, among other things: (a) whether the total cost of the proposed post-petition financing to the City and its residents is appropriate, and (b) whether the Fee Letter and/or Engagement Letter cede control over the City's restructuring to Barclays or other third parties in ways that are inappropriate.

10.     Because the City is a municipality, disclosure of the terms of any financing obtained by the City should be a matter of public record, particularly considering that the City proposes to pledge the Wagering Tax Revenue, Asset Proceeds Collateral, and Income Tax Revenue as collateral for the financing. Financing Motion at ¶47.

11.     The City has not demonstrated that the Fee Letter represents confidential commercial information that should be protected from disclosure under sections 105(a) or 107(b) of the Bankruptcy Code or under rule 9018 of the Federal Rules of Bankruptcy Procedure.

12.     The City is not a private corporation;  as a municipality, transparency of the terms of its financial agreements is of paramount importance to the public interest.

13.     The Motion to Seal fails to explain why the alleged potential impact of disclosure of the terms of the Fee Letter upon Barclays' efforts to syndicate the Post-Petition Facility and upon the potential cost of the facility to the City could

5

not have been avoided simply by syndicating the Post-Petition Facility *in advance of* seeking approval of the post-petition financing from this Court.

14.     The Retirement Systems also object to the proposed order attached as Exhibit 1 to the Motion to Seal insofar as it proposes to grant to the City and Barclays the exclusive authority to determine which parties-in-interest receive the Fee Letter and upon what terms.  See ¶ 3 of the Proposed Order attached as Exhibit 1 to the Motion to Seal.

15.     Should this Court conclude, upon consideration of the evidence presented by the City at the November 14th hearing or otherwise, that the Fee Letter should be sealed, the Retirement Systems should nonetheless be provided with a copy of the Fee Letter (and the Engagement Letter), subject to the terms of a mutually agreeable confidentiality agreement or protective order.  Disclosure of the Fee Letter and the Engagement Letter to the Retirement Systems poses no risk of harm to the City or to Barclays.  The Retirement Systems are not competitors of Barclays or potential participants in the Post-Petition Facility.  The Retirement Systems will keep the Fee Letter and the Engagement Letter confidential, and to the extent that they would file an objection to the Financing Motion that relies upon the Fee Letter or the Engagement Letter, they would request authority to file the Objection or the Fee Letter and the Engagement Letter under seal, or seek other protective measures, as appropriate.

9845440.2 14893/165083

WHEREFORE, the Retirement Systems request that the Court deny the Motion to Seal. In the alternative, the Retirement Systems request that the Fee Letter and the Engagement Letter be provided to them under an appropriate confidentiality agreement or protective order.

CLARK HILL PLC


/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
sdeeby@clarkhill.com
jgreen@clarkhill.com

Dated: November 13, 2013     *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

7