# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| In re: ) | |
| ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, ) | |
| ) | Case No. 13-53846 |
| Debtor. ) | |
| ) | |
| ) | Hon. Steven W. Rhodes |
| ) | |

## JOINT OBJECTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, ASSURED GUARANTY MUNICIPAL CORP., AND AMBAC ASSURANCE CORPORATION TO DEBTOR'S MOTION PURSUANT TO SECTIONS 105 AND 107(a) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTOR TO FILE FEE LETTER UNDER SEAL IN CONNECTION WITH DEBTOR'S POST-PETITION FINANCING MOTION

National Public Finance Guarantee Corporation ("National"),[1] Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"),[2] and Ambac Assurance Corporation ("Ambac"),[3] by

---

[1] National is a municipal bond insurer and is a creditor and party in interest in this chapter 9 proceeding. In particular, National has insured several bonds totaling approximately $2.4 billion issued by the City of Detroit (the "City"), including unlimited tax general obligation bonds, water supply system bonds, and sewage disposal system bonds.

[2] Assured is a monoline insurer that provides financial guarantees to the U.S. public finance market. Assured and its affiliates insure or reinsure approximately $2.1 billion in aggregate net principal amount of outstanding bonds issued by the City, including unlimited tax general obligation bonds, water supply system bonds, and sewage disposal system bonds.

LA1 2893666
2634091.1

and through their respective undersigned attorneys, hereby submit this objection (the "Objection") to the Debtor's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code for an Order Authorizing the Debtor to File Fee Letter Under Seal in Connection with the Debtor's Post-Petition Financing Motion [Docket No. 1521] (the "Under Seal Motion"). In support of this Objection, National, Assured, and Ambac respectfully submit as follows:

1. The City's request to file the Fee Letter[4] under seal is wholly inappropriate for a municipal bond financing. To state the obvious, the City is a public entity. By its Financing Motion, the City is seeking to issue public bonds in connection with its chapter 9 proceeding. If approved by this Court, the Financing Motion would grant Barclays Capital, Inc. ("Barclays") super-priority status, pursuant to sections 364, 503, and 507 of the Bankruptcy Code, over administrative expenses, postpetition claims, and all prepetition unsecured claims. The Post-Petition Facility, proposed to be structured as a public bond issuance by a municipality in chapter 9, is unique in the market place, and chapter 9 filings by major municipalities are hardly commonplace.

---

[3] Ambac is a monoline bond insurer and is a creditor and party in interest in this chapter 9 proceeding. Ambac has insured approximately $170 million of bonds issued by the City, including unlimited tax general obligation bonds and limited tax general obligation bonds.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Under Seal Motion.

2. The City's creditors, and the public generally, are entitled to a transparent and open process in evaluating the proposed Post-Petition Facility. That transparency would be materially disturbed should the instant Under Seal Motion be granted. This Court expressly recognized the need for transparency in this bankruptcy in particular (and as required in chapter 9 more generally) at the hearing on August 21, 2013 with respect to the City's data site.

3. An open and transparent process necessitates full disclosure concerning the financial terms of the Post-Petition Facility. It is indisputable that one of the key terms of any financing facility (bankruptcy or not), and certainly the Post-Petition Facility, is the cost of the facility. According to the Under Seal Motion, the Fee Letter contains information "regarding the potential cost to the City of the financing and commercially sensitive detail regarding how to calculate such potential cost." (Under Seal Motion ¶ 3.) The City thus concedes that without access to the Fee Letter, it is impossible to evaluate the actual cost of the financing to the City, much less understand the types, terms and amounts of the fees or whether the fees are justified in this case.

4. Additionally, to obtain approval of the Post-Petition Facility, under section 364(c) of the Bankruptcy Code, the City must demonstrate, among other things, that the terms of the proposed transaction are fair and reasonable and

that financing on better terms was not available.[5] The City asserts that it has determined in its reasonable business judgment that the Post-Petition Facility is the best available financing. (See DIP Motion ¶ 53-54.) The City further asserts that the Post-Petition Facility is in the best interests of the City, its creditors, citizens, and all other parties in interest. (See DIP Motion ¶ 55.) Without disclosure of the Fee Letter, however, no interested party can adequately evaluate the City's claims in these respects, nor can the City meet its evidentiary burden under section 364(c).

5. Moreover, sealing the cost of the financing hinders the ability of parties in interest, such as National, Assured, and Ambac, to assess the City's principal argument in favor of the Post-Petition Facility—that the savings generated from early termination of the Swap Agreements outweigh the City's obligations under the Post-Petition Facility. (See DIP Motion ¶ 55-56.) Absent

---

[5] 11 U.S.C. § 364(c). Courts generally apply a three-part test to assess debtor in possession financing requests under section 364(c), requiring a showing that (1) the debtor cannot obtain credit unencumbered or without superpriority status under section 364(b), (2) the credit transaction is necessary to preserve the assets of the estate, and (3) the terms of the transactions are fair, reasonable and adequate, given the circumstances. See, e.g., In re Los Angeles Dodgers LLC, 457 B.R. 308, 312 (Bankr. D. Del. 2011) (citing In re St. Mary Hosp., 86 B.R. 393, 401 (Bankr. E.D. Pa. 1988)). Courts also consider additional factors for purposes of sections 364(c), including whether (1) the proposed financing is an exercise of sound and reasonable business judgment, (2) the financing is in the best interests of the estate and its creditors, (3) any better offers or bids were proposed, and (4) the financing agreement was negotiated in good faith and at arm's length. See In re Farmland Indus., Inc., 294 B.R. 855, 879–80 (Bankr. W.D. Mo. 2003) (citing In re Crouse Grp., Inc., 71 B.R. 544, 547 (Bankr. E.D. Pa. 1987); In re Worldcom, Inc., No. 02-13533, 2002 WL 1732646, at *3 (Bankr. S.D.N.Y. 2002)).

disclosure of the financing's cost, parties in interest cannot meaningfully evaluate and, if necessary, challenge that calculation, and would be forced to accept the City's conclusion. Disclosure of the Fee Letter is thus warranted here.

6. Notably, the City's financing request is not at all comparable to the requests in chapter 11 corporate bankruptcies cited by the City in the Under Seal Motion. As a threshold matter, the City is not requesting authority to enter into a chapter 11 debtor-in-possession financing facility. Rather, the City is seeking approval for the issuance of a new series of municipal bonds. In the municipal bond market, it is customary to disclose the fees that will be paid in connection with the issuance of the bonds. As a result, the City's argument that none of the fees can be disclosed because they are highly sensitive and confidential is unavailing. Equally unpersuasive is the City's argument that disclosing the fees might result in a "competitive disadvantage" to Barclays. As discussed above, the Post-Petition Facility, proposed to be structured as a public bond issuance by a municipality in chapter 9, is unique in the market place, and chapter 9 filings by major municipalities are hardly commonplace. As such, it is difficult to fathom how the disclosure of the fees may result in a competitive disadvantage to Barclays.

7. Finally, the City has not cited a single on-point case in support of the relief it is seeking in the Under Seal Motion. None of the cases cited by the

City involved a chapter 9 proceeding or a public municipal bond financing. In addition, the City fails to cite a single case from this jurisdiction or the Sixth Circuit Court of Appeals.[6] Consequently, the City has failed to present any applicable precedent supporting the requested relief.

8. In summary, the City is requesting that certain key terms of a *public* financing issued by a *public* entity in chapter 9 not be disclosed. The City bears the burden of demonstrating that the Fee Letter should be filed under seal. See, e.g., In re Waring, 406 B.R. 763, 768 (Bankr. N.D. Ohio 2009) (holding that, in general, "papers filed in a bankruptcy case are part of the public record" under section 107(a) and that the moving party "has the burden of proving that the information should be protected" under section 107(b)(1)). For the reasons set forth above, National, Assured, and Ambac submit that the City has failed to carry its burden to justify why the substantial public interest in the key terms of this public financing should be disregarded.

9. The proposed order submitted by the City provides that the Fee Letter shall remain confidential and not be made available absent the written consent of the City and Barclays. The City, however, has not submitted a proposal for how parties in interest may seek such written consent from the City and

---

[6] Indeed, the only case the City cites from within the Sixth Circuit generally was from a chapter 7 proceeding pending before the Eastern District of Tennessee that involved the disclosure of the debtor's confidential client list. See In re Frontier Group, LLC, 256 B.R. 771 (Bankr. E.D. Tenn. 2000).

Barclays or the parameters for the use of the information contained in the Fee Letter in any objection to the Post-Petition Facility. If the Court is inclined to grant some form of the relief requested by the Under Seal Motion, then these issues should be addressed.

**WHEREFORE,** National, Assured, and Ambac respectfully request that the Court deny the relief requested in the Under Seal Motion and grant such other and further relief as is just and proper.

Dated: November 13, 2013         Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Louis P. Rochkind (P24121)
Paul R. Hage (P70460)
Eric D. Novetsky (P71953)
2777 Franklin Road, Suite 2500
Southfield, MI 48034
Tel: (248) 351-3000
Fax: (248) 351-3082
Email: phage@jaffelaw.com


**SIDLEY AUSTIN LLP**

Jeffrey E. Bjork
555 West Fifth Street, Ste. 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
Email: jbjork@sidley.com

Guy S. Neal
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
Email: gneal@sidley.com

*Attorneys for National Public Finance Guarantee Corporation*

-and-

**CHADBOURNE & PARKE LLP**

Lawrence A. Larose
Samuel S. Kohn
Marc B. Roitman
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
mroitman@chadbourne.com

*Counsel for Assured Guaranty Municipal Corp.*

-and-

**ARENT FOX LLP**

Carol Connor Cohen
Caroline Turner English
1717 K Street, NW
Washington, DC 20036
Telephone: (202) 857-6054
Email: carol.cohen@arentfox.com
Email: caroline.english@arentfox.com

David L. Dubrow
Mark A. Angelov
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900
Email: david.dubrow@arentfox.com
Email: mark.angelov@arentfox.com


**SCHAFER AND WEINER, PLLC**

Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Avenue, Ste. 100

Bloomfield Hills, MI 48304
Telephone: (248) 540-3340
Email: dweiner@schaferandweiner.com
Email: bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*