UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
: 
In re : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
: 
Debtor. : Hon. Steven W. Rhodes
: 
: 
---------------------------------------------------------x

**LIMITED OBJECTION OF DEBTOR TO APPLICATION PURSUANT TO SECTIONS 901, 1102 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 3, 2013**

The City of Detroit, Michigan (the "City"), as the debtor in the above-captioned case, hereby asserts this limited objection (this "Objection") to the Application Pursuant to Sections 901, 1102 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 for Entry of an Order Authorizing the Retention and Employment of Lazard Frères & Co. LLC as Financial Advisor to the Official Committee of Retirees Effective as of September 3, 2013 (Docket No. 1476) (the "Application")[1] filed by the Official Committee of Retirees appointed in the

---
[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

City's chapter 9 case (the "Committee"). In support of this Objection, the City respectfully represents as follows:

**Limited Objection**

1. The City does not object *per se* to the Committee's retention of Lazard Frères & Co. LLC ("Lazard") as financial advisor to the Committee. In fact, in connection with the formation of the Committee, the City agreed that the Committee could retain a financial advisor and that the City would pay for reasonable compensation of the Committee's financial advisor.[2]

2. Having reviewed the Application, the City does not see a reason why Lazard cannot be retained in that capacity under sections 901(a), 1102(a)(1) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"). However, the City takes issue with several provisions of the Application, the proposed form of order attached to the Application as Exhibit 1 (the "Proposed Order") and Lazard's proposed engagement letter attached to the Application as part of Exhibit 3 (the "Engagement Letter"), as set forth below.

---

[2] Pursuant to paragraph 24 of the Fee Review Order entered by this Court on September 11, 2013 (Docket No. 810) (the "Fee Review Order"), the "City has agreed to pay the reasonable fees and expenses of the Committee's Professionals, which at this time are lead counsel (Dentons), local counsel (Brooks Wilkins Sharkey & Turco), *a financial advisor (Lazard Frères & Co. LLC)* and an actuary (Segal Consulting), . . . ." (emphasis added).

3. *Transaction Fee*. The City does not agree to pay the transaction fee contemplated by Section III.B of the Engagement Letter (the "Transaction Fee").[3] The City believes that payment of a monthly fee to Lazard (proposed in the Engagement Letter to be $175,000) is sufficient to compensate Lazard for its services in connection with this chapter 9 case.[4] Neither in the parties' discussions nor in the Fee Review Order is there a suggestion that the City has agreed to use taxpayer money to pay a transaction or success fee to Lazard on top of its monthly fees for services provided. Although Section III.B of the Engagement Letter indicates that any Transaction Fee must be agreed upon by the City, it also states that Lazard "shall be paid" such fee and suggests that the City

---

[3] In particular, Section III.B of the Engagement Letter states:

> In addition to the Monthly Fee, upon the earlier of approval by the Bankruptcy Court of a settlement of the material claims of the Retiree Committee and the consummation of the City's chapter 9 proceedings, Lazard shall be paid an additional fee that will appropriately compensate Lazard in light of the magnitude and complexity of the issues in the chapter 9 proceedings, which fee will be mutually agreed in good faith by Lazard and the Retiree Committee, taking into account the results achieved, and subject to approval by the City.

See also Engagement Letter § VI (providing that, in the case of termination of Lazard's engagement by the Retiree Committee or any expiration of Lazard's engagement, "Lazard shall remain entitled to full payment of all fees contemplated by paragraph IIIB hereof…").

[4] Lazard's monthly fee will be subject to review for reasonableness pursuant to the terms of the Fee Review Order.

must negotiate such a fee. The City does not agree to pay the Transaction Fee and cannot be required to pay such a fee. As such, Section III.B of the Engagement Letter (and all references thereto or to the Transaction Fee) should be stricken from the Engagement Letter.

4. In addition, with respect to Lazard's monthly fee, the City believes that such fee should be pro-rated in instances where Lazard does not provide a full month of services (e.g., the first month of Lazard's engagement (September 3-30, 2013) and the final month of Lazard's engagement, to the extent not a full month). The City respectfully requests that any order granting the Application require such proration.

5. *Fee Applications*. The Application and the Proposed Order provide that Lazard will file interim and final fee applications for review and approval of this Court.[5] However, the fee application process is not applicable in this chapter 9 case. Rather, the review and payment of Lazard's compensation in this chapter 9 case are subject to the procedures established in the Fee Review Order.[6] Thus, any order granting the Application should not include references to

---

[5] See Application at ¶ 16; Proposed Order at p. 3.

[6] The City agreed to pay the reasonable fees and expenses of Lazard and the other Committee Professionals (as defined in the Fee Review Order) consistent with the review process established in the Fee Review Order. See Fee Review Order at ¶ 24.

the filing of fee applications and should make clear that the payment of Lazard's compensation and the reimbursement of its expenses are subject to the process set forth in the Fee Review Order.

6. *Expenses and Limitation of Liability*. The Engagement Letter contains reimbursement provisions and limitation of liability protections to which the City does not and cannot agree. See Engagement Letter § III.C ("the City shall … reimburse Lazard[] for all reasonable expenses (including expenses of counsel, if any) … incurred in connection with, or arising out of, Lazard's activities under or contemplated by, this engagement, including any expenses resulting from Lazard becomes [sic] involved in any legal proceeding or investigation related to Lazard's engagement hereunder"); see id. at § VIII (limitation on Lazard's liability).

7. The City has agreed to fund certain professionals of the Committee as set forth in the Fee Review Order, but has not agreed to reimburse Lazard for any legal fees or expenses of its counsel.[7] Likewise the City has not agreed to limit Lazard's liability in connection with this engagement. The City cannot be required to agree to such provisions. As such, the reimbursement provision in Section III.C of the Engagement Letter and the limitation of liability provision in Section VIII of the Engagement Letter should be stricken, and the

---

[7] See Fee Review Order at ¶ 24 (quoted above at footnote 2).

reimbursement of Lazard's expenses shall be subject to terms of the Fee Review Order.

        8.    *<u>Other Provisions in Conflict with the Fee Review Order</u>*. Certain additional provisions of the Engagement Letter appear to conflict with the terms of the Fee Review Order. For example, the Engagement Letter provides that the *Committee* will seek from the City prompt reimbursement of expenses incurred by Lazard.[8] Pursuant to the Fee Review Order, however, Lazard may seek reimbursement for its reasonable and actual out-of-pocket expenses by submitting its monthly invoices directly to the Fee Examiner and the City.[9] In addition, the Engagement Letter provides that (a) all amounts owed to Lazard "shall be paid promptly in cash" and (b) the Committee shall use commercially reasonable efforts to cause this Court to enter an order approving Lazard's retention, "including payment by the City of the amounts due" under the Engagement Letter.[10] As noted previously, however, the timing and scope of Lazard's compensation are subject to — and limited by — the Fee Review Order, which reflects the terms upon which the City has agreed to pay Lazard's fees and reimburse its expenses. As such, the City respectfully requests that any order granting the Application clarify that the

---

[8]     <u>See</u> Engagement Letter at § III.C.
[9]     <u>See</u> Fee Review Order at ¶ 4.
[10]    <u>See</u> Engagement Letter at §§ III.E, XII.

terms of the Engagement Letter, including those relating to Lazard's compensation, are subject in all respects to the Fee Review Order.

9. *Compelling the City to Provide Information*. Section IV of the Engagement Letter provides that the Committee "shall cause the City to provide Lazard with all information concerning the business, assets, liabilities, operations, cash flows, properties, financial condition and prospects of the City that Lazard reasonably requests in connection with the services to be performed" pursuant to the Engagement Letter. The City is working cooperatively with the Committee and its professionals to provide information relevant to the City's restructuring efforts. Although the intent of the quoted language is unclear, this language in the Engagement Letter and the Court's approval thereof should not be used as a mechanism to compel the City to provide information or turn over documents. The City respectfully requests that this language be stricken from the Engagement Letter, or that its intent be clarified to address the City's concern.

10. *Termination*. Section VI of the Engagement Letter provides that Lazard's engagement "will automatically terminate upon consummation of the City's chapter 9 proceedings and may be earlier terminated in writing by either the Retiree Committee or Lazard at any time…." The City believes that this provision of the Engagement Letter should: (a) be clarified to explain what is meant by "consummation of the City's chapter 9 proceedings" (presumably, this means

confirmation of a plan of adjustment); and (b) also provide for termination of Lazard's engagement upon the dissolution of the Committee, which could occur before the "consummation of the City's chapter 9 proceedings."

11. *Billing Matters.* The Application seeks approval of certain aspects of Lazard's billing that should be addressed by the Fee Examiner, not by way of the Application. Paragraphs 18 and 19 of the Application, respectively, request that Lazard's professionals be permitted to record their time in half hour increments (instead of six minute increments) and that Lazard be excused from the requirement of maintaining their time records on a "project category" basis.[11] Paragraph 13 of the Fee Review Order, however, provides that "[f]or Professionals [such as Lazard] not billing on an hourly basis, each Monthly Invoice shall include a summary description of the work performed *and such other information as may be agreed upon by the Professional and the Fee Examiner*."[12] Thus, the billing increment and project category requests in the Application are appropriately resolved by Lazard and the Fee Examiner.[13]

---

[11] See Application at ¶¶ 18-19; see also Proposed Order at p. 2.

[12] See Fee Review Order at ¶ 13 (emphasis added).

[13] In addition, Lazard's proposed expense categories attached to the Application as part of Exhibit 3 are subject to approval by the Fee Examiner, as set forth in paragraph 2 of the Fee Review Order.

WHEREFORE, the City respectfully requests that this Court: (a) enter an order either denying the Application or granting the Application only as consistent with the terms hereof; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: November 13, 2013	Respectfully submitted,

/s/Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY