UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

CITY OF DETROIT, MICHIGAN

    Debtor.

_____/

Chapter 9
Case No. 13-53846-swr
Hon. Stephen W. Rhodes

## BRIEF OF THE RETIREE ASSOCIATION PARTIES ON GOOD FAITH ISSUES

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually, and as President of the RDPFFA, and the Detroit Retired City Employees Association ("DRCEA") and Shirley V. Lightsey, individually, and as President of the DRCEA (collectively "Retiree Association Parties"), through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., file this brief on good-faith issues in connection with eligibility issues pursuant to 11 U.S.C. § 109(c).

1. The Retiree Association Parties agree with briefs already filed by objecting parties and anticipate that they will agree with the arguments made by other parties who disputed the City's eligibility under § 109(c). In an effort to conserve resources, and because they anticipate that other objecting parties will file persuasive briefs, the Retiree Association Parties have not prepared their own comprehensive brief on this topic.

2. The evidence showed, as the Retiree Association Parties discussed in their summation, that the City failed to negotiate with significant classes or groups of creditors, including in particular the City's retired employees. Those retirees were represented by the DRCEA (as to general retirees) and the RDPFFA (as to police and fire retirees). Negotiations with the DRCEA and RDPFFA were possible.

3. Section 109(c) of the Bankruptcy Code requires such negotiations for important reasons. Those reasons include a respect for local democracy and a desire that chapter 9 be a last resort. Chapter 9 should not be used, as the City is attempting to use it, as a complete substitute for the resolution of the City's financial challenges under state law when negotiations outside of chapter 9 are not first attempted in good faith.

4. The constitutionality of chapter 9 has been called into question. Whatever the resolution of that constitutional challenge, chapter 9 is nevertheless controversial for subjecting a subdivision of a state to a degree of federal control. This case is controversial for the additional reason that the positions taken by the Emergency Manager conflict with the Pensions Clause of the Michigan Constitution. Congress, in its wisdom, imposed upon a municipality the eligibility requirements of § 109(c). The controversy generated by this case heightens the need for compliance with those requirements.

5. The City's rush to chapter 9, under the Emergency Manager whose appointment displaced local democracy, bypassed the process of negotiation mandated under § 109(c). Although the City has argued that it would be disruptive for the case to

be dismissed, § 109(c) mandates that the case be dismissed. The requirement that the City first negotiate with its creditors is too important to be sacrificed to expediency. The requirement of good-faith negotiation was not met in this case no matter what definition of "good faith" is applied.

**WHEREFORE**, the Retiree Association Parties request that the Court dismiss the case so that the City will be required to engage in good-faith negotiations should it desire to seek relief under chapter 9.

Respectfully submitted,

**SILVERMAN & MORRIS, P.L.L.C.**


By: /s/ Thomas R. Morris
 Thomas R. Morris (P39141)
 Karin F. Avery (P45364)
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
Tel: (248) 539-1330; Fax: (248) 539-1355
morris@silvermanmorris.com
avery@silvermanmorris.com


**LIPPITT O'KEEFE, PLLC**
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
Tel: (248) 646-8292; Fax: (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

*Attorneys for the Retiree Association Parties*