**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

------------------------------------------------ x
                                                    :

In re                                         :          Chapter 9
                                                    :

CITY OF DETROIT, MICHIGAN,   :          Case No. 13-53846
                                                    :

             Debtor.                     :          Hon. Steven W. Rhodes
------------------------------------------------ x

**SUPPLEMENTAL BRIEF REGARDING PETITIONERS
ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT
GOVERNMENT'S EMERGENCY MOTION FOR CLARIFICATION
OF THE COURT'S JULY 25, 2013 STAY ORDER**

The City of Detroit, Michigan ("City") files this supplemental brief in order to (a) inform the Court of developments that have occurred since October 3, 2013 (the date the City filed its Combined Objection and Memorandum of Law [Dkt. #1079] ("Objection") in response to Petitioners Robert Davis' and Citizens United Against Corrupt Government's Emergency Motion for Clarification of the Court's July 25, 2013 Stay Order [Dkt. #949] ("Motion")); and (b) to propose the form of an Order that would be acceptable to the City.

1. On July 18, 2013 ("Petition Date"), the City commenced this case under chapter 9 of title 11 of the United States Code ("Bankruptcy Code").

2. On July 25, 2013, the Court entered its Order Pursuant to Section 105(a) of the Bankruptcy Code Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code [Dkt. #167] ("Stay Confirmation Order").

3. Also on July 25, 2013, the Court entered its Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor [Dkt. #166] ("Stay Extension Order").

4. After the Petition Date, on August 20, 2013, the Plaintiffs filed, in the 3rd Circuit Court for the County of Wayne, State of Michigan (Case No. 13-010901-AW), an *ex parte* application for leave to file a complaint in *quo warranto* seeking to remove City Council President Saunteel Jenkins from office ("State Court Case").

5. On September 19, 2013, Robert Davis and Citizens United Against Corrupt Government ("Plaintiffs") filed the Motion requesting a clarification of the applicability of the Stay Extension Order to the State Court Case.

6. On October 11, 2013, Judge Popke entered her Order Denying Application for Leave to File Complaint for Writ of Quo Warranto Against Saunteel Jenkins (Exhibit A), stating:

> [T]he Application for Leave is DENIED for the reasons set forth in the Defendant's Response. The action was filed in violation of the bankruptcy stay. Nonetheless, the response establishes that there was no violation of the City Charter and the election of Jenkins as President and Spivey as Pro Tem was done in conformance with charter requirements.

7. Although the Circuit Court has already ruled against Petitioners in the State Court Action and, consequently, there is even less likelihood that Plaintiffs will succeed on the merits in the State Court Action or reason to grant the Motion, the City is willing to stipulate to permit the Plaintiffs to proceed with the State Court Action if the Plaintiffs agree not to seek or otherwise pursue any monetary claims, including, without limitation, damages, penalties, fines, costs and/or attorneys' fees against Saunteel Jenkins or the City, either directly or indirectly (except as part of the claims resolution process to be established by the Court in this case). That would enable the Plaintiffs to pursue a late-filed appeal or otherwise continue the State Court Case in whatever lawful manner they see fit. However, the City asserts that collection actions against Saunteel Jenkins or the City, either directly or indirectly, should remain stayed, and the City does not consent to a modification of or relief from the stay for Plaintiffs to assert any monetary claims in the State Court Case or another forum (except in accordance with the claims resolution procedures to be established by this Court in this case).

8. Therefore, to resolve the Motion, and in keeping with the Court's direction made at the hearing on the previous "motion for clarification" brought by

Davis and White [Dkt. #1120], the City prepared and proposed a Stipulation and Proposed Order (Exhibit B). Plaintiffs have declined to enter into the stipulation.

The Motion may well be moot given Judge Popke's order, however, the City remains prepared to enter into the Stipulation and agree to entry of the Proposed Order resolving the Motion.

Dated: November 13, 2013

Respectfully submitted,

ATTORNEYS FOR THE CITY OF DETROIT

By: /s/Stephen S. LaPlante
Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

4

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com