IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

    Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

**REPLY BRIEF
IN SUPPORT OF MOTION FOR MODIFICATION OF AUTOMATIC STAY
AND THE STAY EXTENSION ORDERS**

**(The related docket entries are 1377 and 1637.)**

*Mobley v. City of Detroit* has been fully briefed before the Sixth Circuit, and, contrary to the Debtor/City's assertion as to the purportedly narrow scope of the case, the resulting decision could establish important precedent on fundamental civil liberties issues regarding the scope of police power to search and seize individuals and property—including the constitutionality of a police custom or policy that the District Court found to be widespread in Detroit. In opposing the *Mobley* Plaintiffs' motion to modify the Stays[1] in order to allow the Sixth Circuit to hear argument and rule, the City argues that (1) Plaintiffs will not be harmed if the motion is denied, and (2) the City will be harmed if the motion is granted. As explained below, neither of these two assertions is correct.

    **1.    Plaintiffs, and the public, will be harmed by the inability to obtain a long-awaited precedential ruling on important civil liberties issues.**

The City's argument that Plaintiffs will not be harmed if their motion is denied is based on the incorrect premise that the only meaningful benefit to be derived from their lawsuit is money damages. As explained thoroughly in Plaintiffs' motion and supporting brief (Dkt. #

---

[1] As used in Plaintiffs' motion and this reply, the term "Stays" refers to the automatic stay and this court's stay extension orders dated July 25, 2013 and November 15, 2013.

1

1377 at pp. 5-8), Plaintiffs brought this case primarily to establish binding Sixth Circuit precedent on important constitutional issues that will impact the civil liberties of thousands of people in Detroit and beyond. As recognized by the Supreme Court, the value to society of § 1983 lawsuits transcends the monetary damages sought or obtained by private plaintiffs, particularly where, as here, the claims concern widespread police practices or standard operating procedures, and a federal appeals court is in a position to establish binding precedent as to their constitutionality. Indeed, the monetary damages component of this case is not even before the Sixth Circuit on this appeal. That is why Plaintiffs have agreed that the Stays should be lifted only for the purpose of obtaining a Sixth Circuit ruling on the purely legal issues involved; they otherwise intend to participate in the claims resolution process to liquidate their claims.

In an attempt to minimize the value of the appeal, the City argues that Plaintiffs have already obtained valuable precedent from the District Court. Although it is true that the District Court ruled in Plaintiffs' favor, it is well established that the decision of a district court is considered only for its "persuasive" authority, whereas a published decision of the Court of Appeals is binding precedent throughout the circuit. Furthermore, given that the City has chosen to appeal the District Court's ruling, it does not appear that the City itself is prepared to recognize its persuasive value standing alone. Given the fact that the Sixth Circuit appeal has already been fully briefed, there is the potential for a tremendous public benefit to be gained by allowing the Sixth Circuit to rule.

The City also argues that Plaintiffs have no "right" to an appeal because they won in the District Court. Such an argument misapprehends the difference between an appeal and a stay. The City made the decision to file an interlocutory appeal, and the appeal has now been fully briefed by both sides. Notably, the City does *not* now contend that it wants to drop the appeal.

For the reasons explained above, Plaintiffs clearly have an interest in seeing the constitutional issues ruled upon by the Sixth Circuit. For such a ruling to occur, the Stays must be modified.

Next, the City argues that "it is far from certain" that Plaintiffs will win in the Sixth Circuit. It is difficult to see why this should result in the denial of Plaintiffs' motion. The relevant consideration is whether Plaintiffs have a "probability" of prevailing, not whether victory is "certain." The City makes no argument that Plaintiffs are unlikely to prevail. Indeed, given that Plaintiffs prevailed below and the City has not identified any subsequent change in the governing law, Plaintiffs have more than satisfied the "probability of success" factor.

The City also contends that the appeal concerns narrow, factual issues. This is simply incorrect. At issue in this case is the constitutionality of a custom and policy in the Detroit Police Department that the District Court found to be its widespread standard operating procedure: the arrests of innocent people for "loitering in a place of illegal occupation" and the taking of their cars for forfeiture proceedings, based solely on such persons' mere presence at a location where alcohol is being served without a license.[2]

Finally, the City cites this court's NAACP Order (Dkt. # 1536) in arguing for the "speedy and efficient resolution of this bankruptcy case." In fact, the reasoning of the NAACP Order weighs in favor of the limited relief Plaintiffs seek. This court specifically recognized that the public interest in vindicating important constitutional rights should be considered in addition to the purely private interests of the movants and the debtor. (NAACP Order at 10, 13). In the NAACP case, the court declined to lift the stay because doing so would have imperiled the

---

[2] Because the appeal is interlocutory, the Sixth Circuit's jurisdiction is invoked by the officers' qualified immunity defense. As recently explained in *Hidden Village, LLC v. City of Lakewood*, __ F.3d __, 2013 WL 5811642 at *2 (6th Cir. Oct. 30, 2013), the first step in the qualified immunity inquiry—whether the police officers violated Plaintiffs' constitutional rights—is largely dispositive of whether the City's widespread practice is unconstitutional.

position of the emergency manager and thus the entire bankruptcy proceeding. In the *Mobley* appeal, by contrast, no such consequence is possible; the Sixth Circuit will have the opportunity to rule on important constitutional issues completely unrelated to the bankruptcy.

In sum, the public interest strongly weighs in favor of the limited modification of the Stays sought by Plaintiffs to allow the Sixth Circuit to rule on the important constitutional issues in this fully-briefed pending case. Plaintiffs and the public will be harmed if their opportunity for this long-awaited resolution is lost.

> 2. **The City will not be harmed if this court modifies the Stays for the sole purpose of allowing the Sixth Circuit to hear argument and rule on this already-briefed appeal.**

As to any harm the City might suffer if the Stays are modified as requested, the City's only argument is that it will suffer the expense and distraction of having to resume the appeal. However, it must be emphasized that this appeal has been fully briefed. At most, the City might have to send an attorney to argue the already-briefed case.

To Plaintiffs' knowledge, the appellate attorney who wrote the City's brief for the Sixth Circuit is still employed by the City's Law Department, so there will be no need for a new attorney to become familiar with the case. Furthermore, it is rather unlikely that this appellate attorney is working on the bankruptcy case, so the City's conclusory assertion that its personnel will be significantly "distracted" from the bankruptcy proceedings is unpersuasive.

Additionally, it should be noted that the day after the City filed its brief in opposition to modifying the Stays in the *Mobley* case, the City filed a stipulation agreeing to lift the stay in another case so as to *allow oral argument* on a pending motion for reconsideration where a final judgment had already been entered. (*See* Dkt. # 1653 at p. 3.) Thus, it appears the City is fully capable of staffing relatively minor events like oral arguments at the end-stages of litigation where discovery and briefing have been completed.

4
13-53846-tjt    Doc 1767    Filed 11/19/13    Entered 11/19/13 16:11:30    Page 4 of 6

* * *

In sum, when one compares the substantial interests supporting Plaintiffs' motion to the truly minimal expense that the City might incur if the Stays are lifted on an already-briefed appeal, it is clear that the equities favor the limited relief Plaintiffs seek. Accordingly, the *Mobley* Plaintiffs request that this court find that there is cause to modify the Stays pursuant to 11 U.S.C. § 362(d)(1) for the limited purpose of allowing the Sixth Circuit to hear argument and render a decision in the appeal that is currently pending in that court, and enter an order accordingly.

Respectfully submitted,

/s/ Ronald L. Rose
Ronald L. Rose (P19621)
Cooperating Attorney, American Civil Liberties
  Union Fund of Michigan
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
(248) 203-0519
rrose@dykema.com

| | |
|---|---|
| Daniel S. Korobkin (P72842) | William H. Goodman (P14173) |
| Michael J. Steinberg (P48085) | Julie H. Hurwitz (P34720) |
| Kary L. Moss (P49759) | Kathryn Bruner James (P71374) |
| American Civil Liberties Union | Cooperating Attorneys, American Civil |
|   Fund of Michigan |   Liberties Union Fund of Michigan |
| 2966 Woodward Ave. | Goodman & Hurwitz, P.C. |
| Detroit, MI 48201 | 1394 E. Jefferson Ave. |
| (313) 578-6824 | Detroit, MI 48207 |
| dkorobkin@aclumich.org | (313) 567-6170 |
| msteinberg@aclumich.org | bgoodman@goodmanhurwitz.com |
| | jhurwitz@goodmanhurwitz.com |
| Dated: November 19, 2013 | kjames@goodmanhurwitz.com |

In re

CITY OF DETROIT, MICHIGAN,

    Debtor.

_____/

Chapter 9

Case No. 13-63846

Hon. Steven W. Rhodes

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2013, I electronically filed the foregoing Reply Brief In Support Of Motion For Modification Of Automatic Stay And The Stay Extension Orders using the ECF system which will send notification of such filing to all ECF participants in this matter.

                                        /s/ Ronald L. Rose (P19621)
                                        Cooperating Attorney, American Civil Liberties
                                            Union Fund of Michigan
                                        Dykema Gossett PLLC
                                        39577 Woodward Avenue, Suite 300
                                        Bloomfield Hills, MI  48304

BH01\1926477.1
ID\RLR - 019956\0999