# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------------x
                                      :
In re                                 : Chapter 9
                                      :
CITY OF DETROIT, MICHIGAN,            : Case No. 13-53846
                                      :
                        Debtor.       : Hon. Steven W. Rhodes
                                      :
------------------------------------------------------x
```

## STIPULATION TO FORM OF ORDER, PURSUANT TO SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

The undersigned hereby stipulate to the form of the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(C), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof attached hereto as <u>Exhibit A</u>.

Dated: November 19, 2013

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

/s/ Lawrence A. Larose
Lawrence A. Larose
Samuel S. Kohn
Marc B. Roitman
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
mroitman@chadbourne.com

ATTORNEYS FOR ASSURED
GUARANTY MUNICIPAL CORP.

/s/ Carol Connor Cohen
Carol Connor Cohen
Caroline Turner English
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20036-5342
Telephone: (202) 857-6054
Carol.Cohen@arentfox.com

David L. Dubrow
ARENT FOX LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900

Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
SCHAFER AND WEINER, PLLC
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Telephone: (248) 540-3340
bbest@schaferandweiner.com

ATTORNEYS FOR AMBAC
ASSURANCE CORPORATION

# EXHIBIT A

ATI-2585391v1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-----------------------------------------------------x
                                    :
In re                               : Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          : Case No. 13-53846
                                    :
                    Debtor.         : Hon. Steven W. Rhodes
                                    :
                                    :
-----------------------------------------------------x
```

**ORDER, PURSUANT TO SECTIONS 105, 501 AND 503**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002**
**AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF**
**CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

This matter coming before the Court on the Motion of Debtor,

Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy

Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing

Proofs of Claim and Approving Form and Manner of Notice Thereof

(the "Motion"),[1] filed by the City of Detroit (the "City"); the City having filed the

Notice of Filing of Amended Exhibits 6.1 and 6.2 to Motion of Debtor, Pursuant to

Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002

and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to
       them in the Motion.

Claim and Approving Form and Manner of Notice Thereof (Docket No. 1330)

(the "Amended Exhibits"); the following responses to the Motion (collectively,

the "Responses") having been filed:

(a)     The Response (Docket No. 1360) of the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME");

(b)     The Response (Docket No. 1365) of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association and the Detroit Police Command Officers Association (collectively, the "Public Safety Unions");

(c)     The Response (Docket No. 1372) of the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit;

(d)     The Response (Docket No. 1424) (the "Retiree Committee Response") of the Official Committee of Retirees (the "Retiree Committee");

(e)     The Response (Docket No. 1432) of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW");

(f)     The Response (Docket No. 1438) of the Retired Detroit Police Members Association, concurring in the Retiree Committee Response;

(g)     The Response (Docket No. 1442) (the "Retiree Association Response") of the Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association and Shirley V. Lightsey (collectively, the "Retiree Association Parties");[2]

(h)     The Response (Docket No. 1460) (the "Assured Response") of Assured Guaranty Municipal Corp.;

---

[2]     The Retiree Association Response corrected an earlier Response (Docket No. 1430), filed by the Retiree Association Parties.

(i)     The Response (Docket No. 1461) of National Public Finance Guarantee Corporation joining in the Assured Response;

(j)     The Response (Docket No. 1465) of Ambac Assurance Corporation joining in the Assured Response; and

(k)     The supplemental Response (Docket No. 1523) of the Public Safety Unions.

The City having filed the Reply in Support of Motion of Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Reply"); the Court having reviewed the Motion, the Amended Exhibits, the Responses and the Reply and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion, the Amended Exhibits, the Reply and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED, as set forth herein, and the Responses are resolved or addressed by the terms of this Order or as set forth on the record of the Hearing.

2.     As used herein, (a) the term "claim" has the meaning given to such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to such term in section 101(27) of the Bankruptcy Code.

3.     The form of (a) Notice of Deadlines for Filing of Proofs of Claim attached as Exhibit B to the Reply and attached hereto as <u>Annex I</u> (the "<u>Bar Date Notice</u>") and (b) the proof of claim form attached as Exhibit 6.3 to the Motion and attached hereto as <u>Annex II</u> (the "<u>Proof of Claim Form</u>" and, together with the Bar Date Notice, the "<u>Bar Date Notice Package</u>"), and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l).  The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraphs 23 through 26 below.  In addition, the City is authorized to

make non-substantive edits or corrections to the Bar Date Notice and the Proof of Claim form, consistent with the terms of this Order.

4.      Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert claims against the City that arose (or are deemed to have arisen) prior to July 18, 2013 (any such claim, a "Prepetition Claim") must file a proof of claim in writing in accordance with the procedures described herein by 4:00 p.m., Eastern Time, on February 21, 2014 (the "General Bar Date").

5.      Except as otherwise provided in this Order, the General Bar Date applies to all types of Prepetition Claims, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date shall apply to claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims"). The filing of a proof of claim form shall satisfy the procedural requirements for the assertion of 503(b)(9) Claims. All administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) Claims and the administrative portions of Rejection Damages Claims (as defined below), shall not be deemed proper if asserted by proof of claim.

6.      Subject to the provisions of paragraphs 16 through 19 of this Order with respect to holders of claims subject to the Rejection Damages Bar Date,

the Amended Claims List Bar Date and the Governmental Bar Date, and the exceptions described in paragraph 8 below, the following entities must file a proof of claim on or before the General Bar Date:

(a)    Any entity:  (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City (a "Chapter 9 Plan"); and

(b)    Any entity that believes that its prepetition claim is improperly classified in the List of Claims or is listed in an incorrect amount or priority and that desires to have its claim allowed in a classification, priority or amount other than that identified in the List of Claims, *provided that* any holder of GO Bonds (as defined below) asserting a claim solely for principal and interest in connection with such bonds is not required to file a proof of claim to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

7.    The following procedures for the filing of proofs of claim shall apply:

(a)    Proofs of claim must be on the Proof of Claim Form or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b)    Proofs of claim must be filed by mailing the original proof of claim or delivering the original proof of claim by hand or overnight courier either to:  (a) the City of Detroit Claims Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; or (b) the Clerk of the Court, United States Bankruptcy Court for the Eastern District of Michigan, 211 West Fort Street, Suite 1700, Detroit, Michigan 48226.  Proofs of claim submitted by facsimile, electronic mail or electronic (ECF) court filing shall not be accepted and shall not be deemed properly filed;

(c)     Proofs of claim will be deemed timely filed only if actually received by the City's claims agent, Kurtzman Carson Consultants LLC ("KCC"), or the Court at the addresses set forth in the foregoing subparagraph on or before the applicable Bar Date.  If a creditor wishes to receive acknowledgement of receipt of a proof of claim by KCC or the Clerk of this Court (the "Clerk's Office"), the creditor also must submit to KCC or Clerk's Office by the applicable Bar Date and concurrently with submitting its original proof of claim:  (i) a copy of the original proof of claim; and (ii) for claims submitted to KCC or by mail to the Clerk's Office, a self-addressed, postage prepaid return envelope; and

(d)     Proofs of claim must (i) be signed by the claimant or by an authorized agent of the claimant; (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available; (iii) be written in the English language; and (iv) be denominated in United States currency.  Any claimant that provides a summary in lieu of the documentation required by Bankruptcy Rule 3001 shall transmit the documents in support of its claim to KCC and the City within ten days after the date of any written request by the City for such documents.

8.     Entities holding the following claims (to the extent such claims would be subject to the General Bar Date) shall not be required to file proofs of claim in this chapter 9 case on account of such claims:

(a)     Any claim for liabilities associated with post-employment benefits under the City's Health and Life Insurance Benefit Plan, the Supplemental Death Benefit Plan or other non-pension post-employment welfare benefits, including unfunded actuarially accrued liabilities (any such claim, a "Healthcare Liability Claim").

(b)     Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for pension benefits or unfunded pension liabilities (any such claim, a "Pension Liability Claim").

(c)     Any claim of (or on behalf of) an active employee for ordinary course compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance

benefits ("Ordinary Course Compensation Claims"), *provided*, *however*, that Ordinary Course Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or similar proceeding even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits.

(d)     Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the Secured Bonds or (ii) the COPs.

(e)     Any claim by a holder for the repayment of principal or interest on or under the City's unlimited tax general obligation bonds, limited tax general obligation bonds and general fund bonds (collectively, the "GO Bonds") to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

(f)     Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, *provided*, *however*, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(g)     Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk's Office or KCC in a form substantially similar to Official Bankruptcy Form No. 10;

(h)     Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(i)     Any claim that previously has been allowed by order of the Court;

(j)     Any claim that has been paid in full by the City; and

(k)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any

503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

9.      Nothing herein shall operate to limit or deny the right of: (a) any employee or retiree to vote on any Chapter 9 Plan proposed by the City in this case with respect to Healthcare Liability Claims or Pension Liability Claims that they may possess; or (b) any entity to file any proof of claim that such entity deems necessary or appropriate, subject to any rights the City or other parties in interest may have to object to any such proof of claim.

10.      For the avoidance of doubt, the following entities should file proofs of claim to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing paragraph 8:  (a) employees and retirees asserting Prepetition Claims *other than* Healthcare Liability Claims, Pension Liability Claims or Ordinary Course Compensation Claims and (b) insurers of the GO Bonds asserting claims in connection with such bonds.

11.      Each of the Public Safety Unions may file one or more omnibus proofs of claim by the General Bar Date for its members with respect to (a) claims related to grievances for its respective members and/or (b) defense and indemnification claims arising from tort claims asserted or that may be asserted by third parties against the City and/or such Public Safety Union member(s), subject to the City's right to object to any such claims.  The filing of any such omnibus

proof of claim is without prejudice to the right of any Public Safety Union member to file a claim on his or her own behalf.

12.    The Retiree Committee may file one or more protective proofs of claim on behalf of retirees and their beneficiaries on account of Healthcare Liability Claims and Pension Liability Claims, subject to the City's rights to object to such claims.  For the avoidance of doubt, it is not necessary for the Retiree Committee to file any such proof of claim:  (a) to preserve the rights of retirees and their beneficiaries to receive any distributions from the City to which they may be entitled; or (b) to vote on any Chapter 9 Plan, to the extent such retirees and beneficiaries otherwise would be entitled to do so.  In addition, nothing herein shall preclude the Retirement Systems from filing proofs of claim on behalf of retirees and beneficiaries on account of Pension Liability Claims, nor shall this Order constitute a judicial determination of the proper party or parties to assert any claim.

13.    UAW may file one or more omnibus proofs of claim on behalf of UAW-represented employees and former employees, regardless of the nature of such claims, including, without limitation, claims for post-retirement health obligations, pension obligations (whether benefits, underfunding or otherwise) or other compensation, subject to the City's right to object to any such claims. The City shall reasonably cooperate with UAW in providing names and addresses of City retirees who are former employees of UAW-represented City bargaining

units to the extent the City has such information.  The filing of any such omnibus proof of claim is without prejudice to the right of any UAW-represented employee or former employee to file a claim on his or her own behalf.

14.    AFSCME may file one or more omnibus proofs of claim on behalf of AFSCME-represented employees and former employees, regardless of the nature of such claims, including, without limitation, claims for post-retirement health obligations, pension obligations (whether benefits, underfunding or otherwise) or other compensation, subject to the City's right to object to any such claims.  The City shall reasonably cooperate with AFSCME in providing names and addresses of City retirees who are former employees of AFSCME-represented City bargaining units to the extent the City has such information.  The filing of any such omnibus proof of claim is without prejudice to the right of any AFSCME-represented employee or former employee to file a claim on his or her own behalf.

15.    For the avoidance of doubt, the classification, priority and treatment of claims for principal and interest under the GO Bonds pursuant to any Chapter 9 Plan shall not be affected by any provision of this Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

16.    Any entities asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with

section 365 of the Bankruptcy Code and pursuant to an order of this Court entered prior to the confirmation of the City's Chapter 9 Plan (a "Rejection Order"), or claims otherwise related to such rejected agreements, including (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date and (b) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the applicable Rejection Order (the "Rejection Damages Bar Date"). For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date. Rejection Orders entered after the date of entry of this Order shall include a description of the Rejection Damages Bar Date in the text of the Rejection Order.

17.    Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement"). The filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall

satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein).

18. The City shall retain the right to: (a) dispute, or assert offsets or defenses against, any Filed Claim or any Scheduled Claim as to nature, amount, liability, classification, priority or otherwise; (b) subsequently designate any Scheduled Claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims. If the City amends or supplements the List of Claims after the Service Date, the City shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the applicable Amended Claims List Bar Date to file proofs of claim in response to the amendment or supplement to the List of Claims.

19. In particular, if the City amends or supplements its List of Claims to: (a) reduce the undisputed, noncontingent and liquidated amount of a claim; (b) change the nature, classification or priority of a Scheduled Claim in a manner adverse to the listed creditor; or (c) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (a) the General Bar Date; and (b) 4:00 p.m., Eastern Time, on the

first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date").  By contrast, if the amendment to the List of Claims improves the amount or treatment of a previously listed or filed claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date; *provided*, *however*, that nothing contained herein shall be construed to limit, enhance or otherwise affect a claimant's right to amend a timely filed proof of claim.

20.     Nothing contained in this Order shall preclude the City from objecting to any claim, whether listed or filed, on any grounds.  In addition, nothing herein limits, or is intended to limit, any claimant's rights to defend against any objection.

21.     Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units shall file proofs of claim in this case shall be the later of: (a) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (b) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit.

22.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order

with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

23.    Within five business days after the entry of this Order or as soon as practicable thereafter, the City, through KCC or otherwise, shall serve the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), on:

(a)    all known potential claimants (or their counsel, if known), including all entities identified as potential claim holders in the List of Claims;

(b)    the Trustees;

(c)    counsel to the Official Committee of Retirees appointed in this case;

(d)     all parties that have requested notice of the proceedings in this case as of the date of this Order;

(e)     all parties that have filed proofs of claim in this case as of the date of this Order;

(f)     all known parties to executory contracts and unexpired leases with the City, including all parties to executory contracts and unexpired leases rejected by a Rejection Order, if any, as of the date of this Order;

(g)     all known parties to pending litigation with the City;

(h)     the United States Attorney for this District; and

(i)     all federal and state environmental protection agencies for this jurisdiction.

24.     The City also shall serve the Bar Date Notice on the holders of the GO Bonds. If DTC has not already provided the Institutional Nominee List to the City as of the date of this Order, DTC is directed to provide the City with the Institutional Nominee List within three business days of this date or as soon as practicable thereafter. Service of the Bar Date Notice by electronic mail on those holders of the GO Bonds that previously consented in writing to receive notices regarding the GO Bonds by electronic mail shall constitute adequate notice of the Bar Dates on such holders.

25.     As part of the Bar Date Package, the City shall mail one or more Proof of Claim Forms (as appropriate) to the parties receiving the Bar Date Notice. Except with respect to holders of GO Bonds, for holders of Scheduled Claims listed in the List of Claims, the Proof of Claim Form mailed to such entities

shall indicate how the City has listed the creditor's claim in the List of Claims, including: (a) the amount of the claim, if any; (b) whether the claim is listed as disputed, contingent or unliquidated; and (c) whether the claim is listed as a secured claim or an unsecured nonpriority claim. Along with Proof of Claim Forms distributed to the holders of GO Bonds, the City will provide a schedule identifying the amount listed in the List of Claims for each series of GO Bonds.

26. Pursuant to Bankruptcy Rule 2002(f), the City shall publish the Bar Date Notice, once, in the *Detroit Free Press*, *The Detroit News* and national editions of *USA Today* and *The Wall Street Journal* at least 28 days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates. The City is authorized to modify the Bar Date Notice to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense.

27. The City and KCC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

28. The entry of this Order is without prejudice to the right of the City to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

29.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order.

-18-

# **ANNEX I**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-----------------------------------------------------------------x
                                          :
In re                                     :        Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :        Case No. 13-53846
                                          :
                        Debtor.           :        Hon. Steven W. Rhodes
                                          :
                                          :
-----------------------------------------------------------------x
```

## INFORMATION ABOUT DEADLINES TO FILE CLAIMS

---

### OVERVIEW – KEY POINTS

- This document is a legal notice concerning the bankruptcy case of the City of Detroit, Michigan. This document is being sent to all parties that may be owed money by the City (known as "creditors").

- **The Overview on this page describes the key terms of this document. Please read the entire document carefully for further details. On the following pages, each section of this document includes a summary of the main points, followed by more detailed information.**

- In bankruptcy, creditors may be required to file claim forms stating the amount of money owed to them as of the day the bankruptcy was filed. This document explains how to file claims.

- **Many creditors in the City's bankruptcy case <u>are not required</u> to file a claim.** This document explains who is required to file a claim and who is not required to file a claim. If you are not required to file a claim, then you do not need to take any action at this time to preserve your right to vote on or receive payments under a restructuring plan.

- **The following parties are <u>not</u> required to file a claim** *(for further information, see Section 1 of this document)*:

  o **City retirees and their beneficiaries** are not required to file claims for pension or healthcare benefits or other post-employment welfare benefits.

  o **City employees and their beneficiaries** are not required to file claims for pension or healthcare benefits, routine wages or other employment benefits.

  o **Taxpayers** are not required to file claims for routine income tax refunds.

  o **Bondholders** holding any of the bonds identified on the "Schedule of Secured Bonds" on the last two pages of this document and **holders of Certificates of Participation** issued by the City are not required to file claims for the repayment of principal, interest and/or other applicable fees and charges.

  o **Other bondholders** holding general obligation bonds are not required to file claims to receive their *pro rata* share of distributions on account of the amount of principal and interest calculated by the City.

- If you are required to file a claim against the City, you must do so by **February 21, 2014 at 4:00 p.m., Eastern Time**. A form that you may use to file your claim is provided with this document. *For further information, and other special deadlines for certain creditors, see Sections 3 and 4 of this document.*

- Claims may be mailed or hand delivered to the City's agent (Kurtzman Carson Consultants) or to the Court at the addresses provided in Section 5 of this document.

- After reading this document, if you have any questions regarding the filing of a claim, you may contact the City of Detroit Claims Hotline toll-free during normal business hours at **(877) 298-6236**. Please note that the people answering the hotline phone number are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to a lawyer.

---

**[Note: This Overview and the Summaries herein are for the service version, not the publication version, of this Notice.]**

**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM**
**(GENERAL BAR DATE IS FEBRUARY 21, 2014**
**AT 4:00 P.M., EASTERN TIME)**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS**
**AGAINST THE CITY OF DETROIT, MICHIGAN (THE "<u>CITY</u>"):**

On [_____], 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Court</u>") entered an order (Docket No. [\_\_\_]) (the "<u>Bar Date Order</u>") establishing certain deadlines for the filing of proofs of claim in the chapter 9 bankruptcy case of the City.

By the Bar Date Order, the Court established **<u>February 21, 2014 at 4:00 p.m., Eastern Time</u>** (the "<u>General Bar Date</u>"), as the general claims bar date for filing proofs of claim in the City's case. As described below, certain claimants are <u>not</u> required to file proofs of claim with respect to their claims, and the Bar Date Order also establishes different bar dates with respect to certain categories of claims. <u>See</u> Section 1 for more information. *To determine if you need to file a proof of claim in this case and the applicable deadline and instructions for filing a proof of claim, please read this Notice carefully.*

### *List of Claims*

On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which constitutes the City's list of claims (as amended or supplemented from time to time, the "<u>List of Claims</u>") under section 925 of title 11 the United States Code (the "<u>Bankruptcy Code</u>"). Any claim identified on the List of Claims is referred to herein as a "<u>Scheduled Claim</u>."

### *Proof of Claim Form*

For your convenience, enclosed with this Notice is a proof of claim form (the "<u>Claim Form</u>"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the City's List of Claims. *If you are the holder of a general obligation bond (defined in Section 1 as GO Bonds), please note that the List of Claims identifies the City's calculation of the total bond debt by series as of commencement of the City's bankruptcy case on July 18, 2013, and the List of Claims does not identify the amount owed to any particular bondholder. If you are a holder of a GO Bond, the amount listed by the City in the List of Claims for each series of GO Bonds is provided with your Claim Form.*

A blank copy of the Claim Form is available on the City's restructuring website at www.kccllc.net/detroit, along with all other documents filed in the City's bankruptcy case. **[Note: The preceding two paragraphs are for the service version, not the publication version, of this Notice.]**

For the convenience of potential claimants, a proof of claim form prepared for use in the City's chapter 9 case (the "<u>Claim Form</u>"), along with all other documents filed in the City's bankruptcy case, is available on the City's restructuring website at www.kccllc.net/detroit. **[Note: This paragraph is for the publication version of this Notice.]**

### *Certain Definitions*

The following definitions come from the Bankruptcy Code and are provided for your convenience.

As used in this Notice the term "<u>entity</u>" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, individuals, partnerships, corporations, joint ventures and trusts.

As used in this Notice, the term "<u>claim</u>" means, as to or against the City and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## SECTION 1 — WHO IS NOT REQUIRED TO FILE A PROOF OF CLAIM

<div style="border:1px solid black; padding:10px;">

**SUMMARY**

- **Section 1 describes which of the City's creditors <u>are not required</u> to file a claim. It states that the following creditors, among others, are <u>not</u> required to file a claim:**

  o **City retirees and their beneficiaries** are not required to file claims for pension or healthcare benefits or other post-employment welfare benefits. *The City will work with retiree representatives to establish an appropriate process for retirees and their beneficiaries to vote on and receive payments under any restructuring plan.*

  o **City employees and their beneficiaries** are not required to file claims for pension or healthcare benefits, routine wages or other employment benefits. *The City will work with employee representatives to establish an appropriate process for employees to vote on and receive payments under any restructuring plan.*

  o **Taxpayers** are not required to file claims for routine income tax refunds. *The City will continue to process routine income tax refunds according to its usual procedures.*

  o **Bondholders** holding any of the bonds identified on the "Schedule of Secured Bonds" on the last two pages of this Notice and **holders of Certificates of Participation** issued by the City are not required to file claims for the repayment of principal, interest and/or other applicable fees and charges. *In each case, the applicable trustee or other agent has agreed to file the claim on behalf of the holders.*

  o **Other bondholders** holding general obligation bonds are not required to file claims to receive their *pro rata* share of distributions on account of the amount of principal and interest listed on the City's list of claims. *See Section 8 for more details about the list of claims.*

- A restructuring plan is a document that explains how the City proposes to pay the amounts it owes to its creditors. Once filed, this plan will be available for creditors to review. **If you are not required to file a claim, you do not need to complete and return a claim form, and you will still keep your rights to vote on a restructuring plan and receive payments under the plan.** Who gets to vote on the plan will be determined at a later date. The amount you may receive under the plan also will be determined later. The plan may propose that you receive less than the amount you are owed.

- **Even if you are not required to file a claim form, you are permitted to do so.**

</div>

The Bar Date Order provides that entities holding the following claims **are not required to** file proofs of claim on account of such claims to preserve any right they may have to receive distributions from the City and vote on any chapter 9 plan of adjustment (a "<u>Plan</u>") proposed by the City:

    (a)    Claims of retirees, employees or other beneficiaries for (a) post-employment benefits under the City's Health and Life Insurance Benefit Plan, the Supplemental Death Benefit Plan or other non-pension post-employment welfare benefits, including unfunded actuarially accrued liabilities (any such claim, a "<u>Retirement Healthcare Claim</u>") and (b) pension benefits (any such claim, a "<u>Pension Claim</u>") under the City's two retirement systems, the General Retirement System and the Police and Fire Retirement System (together, the "<u>Retirement Systems</u>"). In consultation with the Official Committee of Retirees appointed in the Chapter 9 Case (the "<u>Retiree Committee</u>"), other groups representing the interests of current and future recipients of post-employment healthcare and pension benefits and, in the case of Pension Claims, the Retirement Systems, the City intends to establish an appropriate mechanism for such retirees, employees or other beneficiaries to vote on any Plan with respect to any pension and healthcare claims they may possess.

    (b)    Claims of active employees for ordinary course compensation and employment benefits including, without limitation, wages, salaries, employee medical benefits and insurance benefits ("<u>Ordinary Course Compensation Claims</u>"). The City intends to continue to pay Ordinary Course Compensation Claims in the normal course. Accordingly, active employees need not file proofs of claim on account of Ordinary Course Compensation Claims. For the avoidance of doubt, claims asserted or to be asserted in any lawsuit or similar proceeding are not Ordinary Course

Compensation Claims even where the claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits.

(c)    Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds identified on the "Schedule of Secured Bonds" on the last two pages of this Notice (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs").  In each case, the trustee or similar entity with respect to the applicable series of Secured Bonds or COPs has informed the City that, consistent with Bankruptcy Rule 3003(c), it intends to:  (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d)    Any claim by a holder for the repayment of principal or interest on or under the City's unlimited tax general obligation bonds, limited tax general obligation bonds and general fund bonds (collectively, the "GO Bonds" or "general obligations bonds") to preserve its right to a *pro rata* share of payments on account of the amount of principal and interest under such bonds listed in the List of Claims.  Holders of GO Bonds with claims for amounts beyond principal and interest under these bonds are required to file claims for those additional amounts unless another exception applies.  Also, the insurers of the GO Bonds must file any claims relating to the GO Bonds by the General Bar Date.  The classification, priority and treatment of claims for principal and interest under the GO Bonds pursuant to any Chapter 9 Plan shall not be affected by any provision of the Bar Date Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

(e)    Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, provided, however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(f)    Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court in a form substantially similar to Official Bankruptcy Form No. 10.

(g)    Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims.

(h)    Any claim that previously has been allowed by order of the Court.

(i)    Any claim that has been paid in full by the City.

(j)    Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any 503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

***For the avoidance of doubt, nothing herein or in the Bar Date Order affects any right that the claimants identified in subsections (a) through (h) of this Section 1 may have to vote on and receive distributions under any Plan proposed by the City.  Further, nothing herein or in the Bar Date Order should be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.***

***Nothing in this Section 1 limits the right of any entity (including, without limitation, the City, the Retiree Committee, the Retirement Systems or the City's unions, employees, retirees, bondholders, bond insurers, trustees, paying agents or any other entity) to (a) assert any proof of claim authorized under the Bankruptcy Code or (b) object to any proof of claim on any grounds to the extent permitted under the Bankruptcy Code.***

## SECTION 2 — WHO MUST FILE A PROOF OF CLAIM

---

### SUMMARY

- **Section 2 explains who must file a claim. If none of the exceptions in Section 1 apply to you, then you must file a claim.**

- Note that the instructions in this document are for filing claims for any amounts owed to you by the City that "arose" before July 18, 2013, when this bankruptcy case was filed. That may include amounts promised to you before July 18, 2013, even if they were not due until later.

- If you are the holder of a bond listed at the end of this document, or the holder of a Certificate of Participation, a trustee or agent has indicated that it will file a claim on your behalf.

- If you hold general obligation bonds, you are not required to file claims for your *pro rata* share of distributions on account of the amount of principal and interest listed on the City's list of claims. *See Section 8 for more details about the list of claims.* Claims for other amounts should be filed by the deadline.

- **Even if you are not required to file a claim form, you are permitted to do so.**

---

If none of the exceptions described in Section 1 applies, and if you have a claim that arose or is deemed to have arisen prior to the Filing Date (any such claim, a "<u>Prepetition Claim</u>"), you MUST file a proof of claim to share in distributions from the City's bankruptcy case and to vote on a Plan. Claims based on acts or omissions of the City that occurred before the Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Except where one of the exceptions described in Section 1 applies (or where the Rejection Damages Bar Date, the Amended Claims List Bar Date or the Governmental Bar Date applies to establish a different deadline), the following entities must file proofs of claim on or before the General Bar Date:

(a)     any entity (i) whose Prepetition Claim against the City is not listed in the City's List of Claims or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any Plan; and

(b)     any entity that believes its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount or priority and that desires to have its claim allowed in a classification, priority or amount other than that identified in the List of Claims, *provided that* any holder of GO Bonds asserting a claim for principal and interest in connection with such bonds is not required to file a proof of claim to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

*Note that the Bar Date Order should not be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.*

---

**SUMMARY**

- Section 3 states that the general deadline for creditors to file claims is **February 21, 2014 at 4:00 p.m., Eastern Time.**

- "Bar date" is the legal term for the deadline to file a claim form.

- There are other later deadlines for filing claims that apply to certain parties. Additional information about these deadlines will be sent to those parties. These deadlines also are explained in Section 3.

---

The Bar Date Order establishes the following bar dates for filing proofs of claim in this case (collectively, the "Bar Dates"):

(a)      The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the City that arose (or are deemed to have arisen) prior to the commencement of this case are required to file proofs of claim by the General Bar Date (i.e., by February 21, 2014 at 4:00 p.m., Eastern Time). This case was commenced on July 18, 2013 (the "Filing Date"). The General Bar Date applies to all types of claims against the City that arose prior to the Filing Date, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date applies to all claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code, subject to Section 4 below.

(b)      The Rejection Damages Bar Date. Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation and effectiveness of a Plan (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements, including (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Filing Date and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the relevant Rejection Order. The later of these dates is referred to in this Notice as the "Rejection Damages Bar Date." *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date.* In accordance with the Bar Date Order, any Rejection Order entered by the Bankruptcy Court will specify the Rejection Damages Bar Date applicable to any executory contracts or unexpired leases rejected thereunder.

(c)      The Amended Claims List Bar Date. Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, the City amends or supplements its List of Claims to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim; (ii) change the nature, classification or priority of a Scheduled Claim in a manner adverse to the listed creditor; or (iii) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (i) the General Bar Date; and (ii) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date"). The City will provide notice of any Amended Claims List Bar Date to affected claimants. Affected claimants that previously filed a proof of claim (any such claim, a "Filed Claim") with respect the liabilities giving rise to any Modified Claim need not refile their proof of claim because the Filed Claim is deemed to supersede and replace the original Scheduled Claim and the Modified Claim. In addition, if the City's amendment to the List of Claims improves the amount or treatment of a Scheduled Claim or a Filed Claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by

the Amended Claims List Bar Date; provided, however, that nothing contained in the Bar Date Order shall be construed to limit, enhance or otherwise affect a claimant's right to amend a timely filed proof of claim. In addition, notwithstanding the foregoing, nothing contained herein precludes the City from objecting to any Scheduled Claim or Filed Claim on any grounds.

(d)      The Governmental Bar Date. Governmental units (as defined in section 101(27) of the Bankruptcy Code) are not subject to the General Bar Date. Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units must file proofs of claim in this case (the "Governmental Unit Bar Date") is the later of: (i) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (ii) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit. No order for relief has yet been entered in the City's chapter 9 case, and proceedings to establish the City's eligibility to be a chapter 9 debtor are ongoing at this time. If the City prevails in establishing eligibility, the Court will enter an order for relief consistent with section 921(d) of the Bankruptcy Code. **[Update as appropriate at time that this Notice is finalized.]** The City will provide notice of the entry of an order for relief to all known creditors that are governmental units of the Court's entry of an order for relief and the resulting Governmental Bar Date.

## SECTION 4 — WHAT TO FILE

---

### SUMMARY

- Section 4 explains the paperwork for filing a claim.

- The claim form is sometimes called a "proof of claim."

- You must complete and sign the claim form and provide all necessary supporting documentation or a summary of this documentation.

- The amount owed to you must be listed in U.S. dollars, and the form must be filled out in English.

- The claim form includes instructions and explanations to assist you.

- A claim form is enclosed. Extra copies are available for free on the internet at www.kccllc.net/detroit.

---

As noted above, the City is enclosing a Claim Form for use in this case, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10. If your claim is listed by the City on its List of Claims (other than claims arising from GO Bonds), the attached Claim Form sets forth: (a) the amount of your claim (if any) as listed by the City; (b) whether your claim is listed as disputed, contingent or unliquidated; and (c) whether your claim is listed as a secured claim or an unsecured nonpriority claim. *If you are the holder of a GO Bond, please note that the List of Claims identifies the City's calculation of the total bond debt by series as of the Filing Date, and the List of Claims does not identify the amount owed to any particular bondholder. If you are a holder of a GO Bond, the amount listed by the City in the List of Claims for each series of GO Bonds is provided with your Claim Form.*

You will receive a different Claim Form for each claim listed in your name by the City. You may utilize the Claim Form(s) provided by the City to file your claim. Additional proof of claim forms may be obtained at the following websites: (a) www.kccllc.net/detroit for a blank Claim Form designed specifically for this case or (b) www.uscourts.gov/bkforms for a copy of Official Bankruptcy Form No. 10. **[Note: The preceding two paragraphs are for the service version, not the publication version, of this Notice.]**

To file your claim, you may use (a) the Claim Form specifically prepared for this chapter 9 case, which is available at www.kccllc.net/detroit or (b) another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10 (which form is available at www.uscourts.gov/bkforms). **[Note: This paragraph is for the publication version of this Notice.]**

All proof of claim forms must be **signed** by the claimant or by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents on which the claim is based (the "Supporting Documents") (or, if the Supporting Documents are voluminous, you may attach a summary) or an explanation as to why the documents are not available. If you file a summary of the Supporting Documents because they are voluminous, you must transmit the Supporting Documents to (a) the City of Detroit Claims Processing Center (as defined below) and (b) the City within ten days after the date of a written request by the City for such documents.

Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form satisfies the procedural requirements for the assertion of any administrative priority claims under section 503(b)(9) of the Bankruptcy Code. Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, satisfies the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). Claims asserting administrative expense priority (a) under section 503(b)(9) of the Bankruptcy Code or (b) as a portion of a Rejection Damages Claim must be filed by the General Bar Date and the Rejection Damages Bar Date, respectively.

*All other administrative claims under sections 503(b) and 507(a)(2) of the Bankruptcy Code will not be deemed proper if asserted by proof of claim. The City intends to establish a process for the assertion of such claims at a future date if and to the extent necessary or appropriate. Note that the claim priorities provided under subsections (a)(1) and (a)(3) through (a)(10) of section 507 of the Bankruptcy Code are inapplicable in chapter 9 pursuant to section 901(a) of the Bankruptcy Code.*

## SECTION 5 — WHEN AND WHERE TO FILE

---

**SUMMARY**

- Section 5 explains that claims may be mailed or hand delivered to *either*: (a) the City's Claims Processing Center in California or (b) the Clerk's Office at the Bankruptcy Court in Detroit, Michigan.

- The addresses for filing are listed in Section 5 below.

- All claims must be received by **February 21, 2014 at 4:00 p.m., Eastern Time**, if that deadline applies to you.

- **All claims must be mailed or delivered by hand. Fax and e-mail submissions are not allowed. Also, electronic filing of claims on the Court's docketing system is not permitted.**

- If you would like to receive an acknowledgment of your filing, you must provide an extra copy of your claim. If you are filing your claim by mail, or delivering it to the claims center in California, you also must provide a self-addressed, postage prepaid return envelope.

---

All proofs of claim must be mailed or delivered so as to be received **on or before the applicable Bar Date**, at either one of the following two locations:

(a)     the City of Detroit Claims Processing Center at the following address:

**City of Detroit Claims Processing Center**
**c/o Kurtzman Carson Consultants, LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

(b)   the Clerk's office at the Court (the "<u>Clerk's Office</u>") at the following address:

<div align="center">

**Office of the Clerk of Court**
**United States Bankruptcy Court**
**for the Eastern District of Michigan**
**211 West Fort Street**
**Suite 1700**
**Detroit, MI 48226**

</div>

Proofs of claim will be deemed filed only when **actually received** by the City of Detroit Claims Processing Center or the Clerk's Office on or before the applicable Bar Date.  **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**.  Any submissions by facsimile, electronic mail or electronic (ECF) court filing will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the City of Detroit Claims Processing Center and the Clerk's Office, docketed and maintained by the City's claims agent, KCC.  If you wish to receive acknowledgement of receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) for claims submitted to KCC or by mail to the Clerk's Office, a self-addressed, postage prepaid return envelope.

<div align="center">

**SECTION 6 — EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

</div>

<div align="center">

**SUMMARY**

</div>

- Section 6 provides special rules for creditors asserting claims arising from contracts that the City rejects during its bankruptcy case.

- "Rejecting" a contract is a special bankruptcy power that allows the City to stop performing certain agreements upon approval of the Bankruptcy Court.

As described in Section 3 above, any entity wishing to assert a Rejection Damages Claim must file a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Damages Bar Date.

<div align="center">

**SECTION 7 — CONSEQUENCES OF FAILURE TO FILE**
**A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

</div>

<div align="center">

**SUMMARY**

</div>

- Section 7 explains what happens if you are required to file a claim by the deadline, but do not.

- In that case, you will lose the right to vote on or receive payments under the City's restructuring plan.

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE CITY, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING:  (A) ASSERTING ANY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND

LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "<u>UNSCHEDULED CLAIM</u>"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN IN THIS CHAPTER 9 CASE IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY 503(B)(9) CLAIM OR ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY.

## SECTION 8 — THE CITY'S LIST OF CLAIMS

<div style="border:1px solid">

### SUMMARY

- Section 8 explains that the City filed a list of the claims that it believes it owes.

- The enclosed claim form will show how the City listed your claim. A copy of the claim list also is available on the internet at www.kccllc.net/detroit.

- Note that the City's bond debt was listed by bond series. Individual bondholders were not listed. The claim form sent to holders of general obligation bonds will include a list of all series of general obligation bonds, showing the City's calculation of the total principal and interest as of the date the bankruptcy was filed.

- If your claim is on the claim list, that means the City may have filed a claim for you. Please review the information carefully. If the City listed your claim with any of these labels, you cannot rely on the City's claim: "contingent" or "unliquidated" or "disputed." If you see any of these words next to your claim, you must file the claim form by the deadline if the claim deadline applies to you. *The parties listed in Section 1 do <u>not</u> have to file a claim form by the deadline.*

</div>

You may be listed as the holder of a claim against the City in the City's List of Claims. To determine if and how you are listed on the List of Claims, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount and status of your claim(s). See Section 10 below for instructions regarding how to access the List of Claims. If you received postpetition payments from the City on account of your claim, the information on the enclosed proof of claim form may reflect the net remaining amount of your claims.

If you rely on the City's List of Claims, it is your responsibility to determine that the claim is accurately listed in the List of Claims. However, you may rely on the enclosed form, which sets forth (a) the amount of your claim (if any) as listed; (b) specifies whether your claim is listed in the List of Claims as disputed, contingent or unliquidated; and (c) identifies whether your claim is listed as a secured, unsecured priority or unsecured nonpriority claim. *If you are the holder of a GO Bond, please note that the List of Claims identifies the City's calculation of the total bond debt by series as of the Filing Date, and the List of Claims does not identify the amount owed to any particular bondholder. If you are a holder of a GO Bond, the amount listed by the City in the List of Claims for each series of GO Bonds is provided with your Claim Form.*

As described above, if you agree with the nature, amount and priority of your claim as listed in the City's List of Claims, and if your claim is not described in the Schedules as "disputed," "contingent" or "unliquidated," you do not need to file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice. **[Note: This Section 8 is for the service version, not the publication version, of this Notice.]**

## SECTION 9 — RESERVATION OF RIGHTS

**SUMMARY**

- Section 9 explains that the City has the right to "object" to any claim you may file.

- This means that the City can challenge your claim in Court. If the City challenges your claim, you will be notified.

The City reserves the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Claims as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any listed claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims. Nothing contained in this Notice shall preclude the City from objecting to any claim, whether listed or filed, on any grounds. Nothing herein or in the Bar Date Order limits, or is intended to limit, any claimant's rights to defend against any objection.

## SECTION 10 — ADDITIONAL INFORMATION

**SUMMARY**

- Section 10 explains how you can get more information.

- If you have questions, you can call the **City of Detroit Claims Hotline toll-free at (877) 298-6236** between 9:00 a.m. and 5:00 p.m., Eastern Time, Monday through Friday. Or you can write to the address below.

- Information also will be available on the internet at www.kccllc.net/detroit.

- The people at the hotline cannot give you legal advice. Legal advice cannot be provided through the mailing address below or the City's website. If you want legal advice, you must contact a lawyer.

Copies of the City's List of Claims, the Bar Date Order and other information and documents regarding the City's chapter 9 case are available free of charge on KCC's website at www.kccllc.net/detroit or for a fee at the Court's website at https://ecf.mieb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information through the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. The List of Claims and other documents filed in this case may be accessed electronically, between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the public access terminals located in the Clerk's Office on the 17th Floor of the courthouse at 211 West Fort Street, Detroit, Michigan 48226. Copies of documents may be printed at the Clerk's Office for a charge.

If you require additional information regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline toll-free at **(877) 298-6236** between 9:00 a.m. and 5:00 p.m., Eastern Time, Monday through Friday. You also may contact the City's claims agent, KCC, directly by writing to:

<div align="center">

City of Detroit Claims Processing Center
c/o Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA 90245

</div>

**PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE. YOU <u>CANNOT</u> GET LEGAL ADVICE BY CALLING THE CITY OF DETROIT CLAIM HOTLINE OR BY WRITING TO THE CITY OF DETROIT CLAIMS PROCESSING CENTER. YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE OR FOR ANY LEGAL ADVICE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

Dated: [_____], 2013                    BY ORDER OF THE COURT

## SCHEDULE OF SECURED BONDS

The applicable trustee or similar entity with respect to the following series of bonds has informed the City that it intends to:  (a) file any proofs of claim against the City on behalf of the holders of these bonds; and (b) provide notice to the holders of the bonds.

| Secured Bond | Trustee or Similar Entity | Secured Bond | Trustee or Similar Entity |
|---|---|---|---|
| Sewage Disposal System Revenue Bond Series 1998-A | U.S. Bank National Association ("U.S. Bank") | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF2 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 1998-B | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF3 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 1999-A | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2007-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001-B | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2009-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001(C)(1) | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2012-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001(C)(2) | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2012-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001-D | U.S. Bank | | |
| Sewage Disposal System Revenue Bond Series 2001-E | U.S. Bank | Water Supply System Revenue Bond Series 1993 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2003-A | U.S. Bank | Water Supply System Revenue Bond Series 1997-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2003-B | U.S. Bank | Water Supply System Revenue Bond Series 2001-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2004-A | U.S. Bank | Water Supply System Revenue Bond Series 2001-C | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2005-A | U.S. Bank | Water Supply System Revenue Bond Series 2003-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2005-B | U.S. Bank | Water Supply System Revenue Bond Series 2003-B | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2005-C | U.S. Bank | Water Supply System Revenue Bond Series 2003-C | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-A | U.S. Bank | Water Supply System Revenue Bond Series 2003-D | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-B | U.S. Bank | Water Supply System Revenue Bond Series 2004-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-C | U.S. Bank | Water Supply System Revenue Bond Series 2004-B | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-D | U.S. Bank | Water Supply System Revenue Bond Series 2005-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2012-A | U.S. Bank | Water Supply System Revenue Bond Series 2005-B | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1992-B SRF | U.S. Bank | Water Supply System Revenue Bond Series 2005-C | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1993-B SRF | U.S. Bank | Water Supply System Revenue Bond Series 2006-A | U.S. Bank |

| Secured Bond | Trustee or Similar Entity | Secured Bond | Trustee or Similar Entity |
|---|---|---|---|
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1997-B SRF | U.S. Bank | Water Supply System Revenue Bond Series 2006-B | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF1 | U.S. Bank | Water Supply System Revenue Bond Series 2006-C | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF2 | U.S. Bank | Water Supply System Revenue Bond Series 2006-D | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF3 | U.S. Bank | Water Supply System Revenue Bond Series 2011-A | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF4 | U.S. Bank | Water Supply System Revenue Bond Series 2011-B | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF1 | U.S. Bank | Water Supply System Revenue Bond Series 2011-C | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF2 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF1 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF1 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF2 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF2 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2006-SRF1 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF1 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2008-SRF1 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF2 | U.S. Bank | | |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF3 | U.S. Bank | Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010-A | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF1 | U.S. Bank | Distributable State Aid General Obligation Limited Tax Bonds Series 2010 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF2 | U.S. Bank | Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2) | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF1 | U.S. Bank | | |
| | | Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A | The Bank of New York Mellon Trust Company, National Association |

# **ANNEX II**

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**COURT USE ONLY**

Name and address where notices should be sent:

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Telephone number:          email:

Name and address where payment should be sent (if different from above):

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:          email:

**1. Amount of Claim as of Date Case Filed:**          $_____

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❏Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**_____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Nature of property or right of setoff:** ❏Real Estate ❏Motor Vehicle ❏Other
**Describe:**

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate (when case was filed)_____% ❏Fixed or ❏Variable**

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** | $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.** | $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

❏ I am the creditor.  ❏ I am the creditor's authorized agent.    ❏ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ❏ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):          (Signature)                    (Date)

_____

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
For the convenience of creditors, the Court, Name of Debtor and Case Number already have been completed on this modified proof of claim form.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:** State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as listed by the debtor on the Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), as it may be amended or supplemented from time to time.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and

value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority as a Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**
If any portion of the claim is entitled to priority under U.S.C. §§ 503(b)(9) and 507(a)(2), state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed
after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011.
If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

_____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form by sending or delivering the form to one of the addresses provided below.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.
A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly

unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority as an Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims. In a chapter 9 case, 11 U.S.C. § 503(b)(9) may provide priority status to claims for "the value of goods received by the debtor within 20 days before the date of commencement of a case … in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

Pursuant to 11 U.S.C. § 901(a), the priorities accorded certain claims under 11 U.S.C. § 507(a)(1) and (a)(3-10) are inapplicable in a chapter 9 case.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/Detroit

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND OR DELIVER COMPLETED
PROOFS OF CLAIM TO:
City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245
-or-
Office of the Clerk of Court
United States Bankruptcy Court
for the Eastern District of Michigan
211 West Fort Street, Suite 1700
Detroit, MI 48226