# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | )  |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

## SYNCORA CAPITAL ASSURANCE INC. AND SYNCORA GUARANTEE INC.'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE CITY OF DETROIT

Pursuant to Local Bankruptcy Rule 7026-1, Syncora Capital Assurance Inc. and Syncora Guarantee Inc. ("Syncora") files these requests for the production of documents and requests that the Debtor, the City of Detroit (the "City") produce for Syncora's inspection and copying all documents and tangible things requested below in accordance with the Definitions and Instructions set forth below at the offices of their counsel, Kirkland & Ellis LLP at 300 N. LaSalle, Chicago, IL 60654. These requests are made pursuant to this Court's November 15, 2013 Order [Doc. No. 1743]. Each of the following requests is continuing in nature, such that if the City obtains or discovers additional responsive documents and things at a later date, such documents and things are to be made available to defendant for inspection and copying.

## DEFINITIONS

A. The term "City" means Detroit, Michigan.

B. The term "EM" means the emergency manager of the City appointed pursuant to PA 436.

C. The term "DIP Solicitation Process" means the process under taken by the City and its advisors to request and solicit proposals from Potential DIP Lenders for a DIP Loan.

D. The term "DIP Loan" means the debtor in possession financing sought by the City through the DIP Solicitation Process.

E. The term "DIP Negotiation" means the conversations, negotiations, and interactions with parties participating in the DIP Solicitation Process intended to lead to an acceptable proposal for a debtor in possession financing facility.

F. The term "PA 436" means Michigan Public Act 436 of 2012.

G. The term "PA 436 Compliance Process" means the steps taken by the City, the City's advisors, and the EM to comply with section 19(2) of PA 436, which requires the EM, before authorizing the borrowing of money, to submit the terms of the proposed borrowing of money to the governing body of the local government, which shall then have 10 days from the date of submission to approve or disapprove the borrowing.

H.  The term "Detroit Post Petition Financing Term Sheet" means the proposed term sheet circulated by the City to Potential DIP Lenders in connection with the DIP Solicitation Process.

I.  The term "Potential DIP Lender(s)" means those parties to whom the Detroit Post Petition Financing Term Sheet was circulated.

J.  The term "Document(s)" shall be interpreted in the broad and liberal sense and means written, typed, printed, recorded, graphic, or photographic matter or any other medium upon which intelligence or information can be recorded, stored, or retrieved, however produced or reproduced, of any kind and description, and whether an original, master, duplicate, or copy, including, but not limited to, paper, notes, accounts, books, journals, advertisements, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, including interoffice and intra-office communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, graphs, plans, specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of committee meetings, books of account, ledger books, notebooks, vouchers, bank checks, cashier's checks, receipts for cashier's check, canceled checks, check stubs, bills, receipts, invoices, delivery tickets, bills of lading, time sheets, desk calendars, appointment books, log books, diaries, diary entries, photographs, microfilm, microfiche, and

notes, minutes, transcriptions, or sound recordings of any conversations, negotiations, meetings, or conferences, conducted either in person or by telephone, or things similar to any of the foregoing, and all other papers, writings, or physical things containing information, including data compilations from which information can be obtained by detection devices, and including preliminary drafts of or marginal notes appearing on any document, however denominated or described.

K. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each particular request inclusive rather than exclusive.

L. The term "relating to" means in whole or in part and directly or indirectly relating to, pertaining to, connected with, concerning, commenting on, referring to, responding to, showing, evidencing, describing, analyzing, regarding, reflecting, or constituting.

### INSTRUCTIONS

1. All documents should be produced in the manner and format in which they are kept. Thus, to the extent any of the Documents listed below are kept or available in electronic format, such Documents should be produced in their native and original electronic format. Moreover, to the extent financial records are maintained in electronic format, those files should be provided in one of the

following formats: Microsoft Excel, Microsoft Access, or CSV (Comma Delimited Text).

2. These requests encompass all documents in the Debtor's possession, custody, or control, whether or not such documents were prepared by or for the Debtors. Where documents in the Debtor's possession, custody, or control are requested or inquired of, such request or inquiry includes documents in the possession, custody, or control of each of the Debtor's employees, agents, accountants, attorneys, auditors, representatives, consultants, advisors, all other persons or entities acting or purporting to act on behalf of the Debtor, and any other persons or entities from which the Debtor could obtain documents.

3. If the Debtor contends that no documents exist relating to all or part of a request, the Debtor shall state this contention and respond as fully as possible to all parts of the request for which documents exist.

4. If the Debtor claims that any privilege or protection excuses production of any document or part thereof, the Debtor must expressly make such claim in writing and provide a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail for Syncora to determine whether there is an adequate basis for invoking privilege or protection.

5. In the event that any document covered hereunder has been destroyed, discarded, or lost, the Debtors shall inform Syncora of this in writing and provide a

general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

6. If any document cannot be produced in full, it shall be produced to the maximum extent possible and the Debtors shall specify in writing the reasons for their inability to produce the remainder.

7. Each document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege consistent with the Instructions herein).

8. Unless stated otherwise, the time period applicable to the Documents called for is from January 2013, through the date of the document requests, subject to the Debtors' ongoing obligation to supplement responses under the applicable rules.

## DOCUMENT REQUESTS

A. **DIP SOLICITATION PROCESS:** The following Documents relating to the DIP Solicitation Process:

1. All Documents relating to any communication between the City, the City's advisors, the EM, or any other individual or entity regarding the need and/or purported uses for the DIP Loan.

2. All Documents and communication relating to the terms of the Detroit Post Petition Financing Term Sheet that was circulated to Potential DIP Lenders.

3. All Documents containing any opinion, study, inspection, or analysis of the necessity of the DIP Loan.

4. All Documents relating to, supporting, or explaining any changes in the Detroit Post Petition Financing Term Sheet before it was circulated to Potential DIP Lenders.

B. **DIP NEGOTIATION:** The following Documents relating to the DIP Negotiation:

5. All Documents and communication relating to the terms of any DIP Proposal.

6. All Documents and communications relating to, supporting, or explaining the City's reasoning for pursuing or not pursuing negotiations with a Potential DIP Lender, including any analysis of the perceived economic, political, or social benefits or drawbacks of any DIP Proposal.

7. All Documents and communication relating to, supporting, or explaining any changes made to the DIP Proposals after their initial submission by the Potential DIP Lenders.

8. All Documents and communication relating to the Barclay's DIP.

C. **PA 436 COMPLIANCE PROCESS: The following Documents relating to the City's compliance with PA 436 relating to the DIP Loan:**

9. All Documents sent to the City Council relating to the Barclays' DIP.

10. All Documents and communication between the City, its advisors, and the City Council relating to the process by which the City negotiated with Potential DIP Lenders, evaluated the DIP Proposals, and selected the Barclays' DIP.

11. All Documents and communication between the City, its advisors, and the City Council relating to the substance of the City's negotiations, analyses, and decision making about all DIP Proposals, including the Barclays' DIP.

12. All Documents and communication between the City, its advisors, and the City Council regarding the merits and perceived benefits of the Barclays' DIP.

*[Remainder of this page intentionally left blank]*

Dated: November 19, 2013        /s/ *Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Syncora Holdings Ltd., Syncora Guarantee Inc., and Syncora Capital Assurance Inc.*

- and -

David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

*Local Counsel to Syncora Holdings Ltd., Syncora Guarantee Inc., and Syncora Capital Assurance Inc.*

## Certificate of Service

      I, Stephen C. Hackney, hereby certify that on November 19, 2013, I caused the foregoing *Syncora Capital Assurance Inc. and Syncora Guarantee Inc.'s Requests for the Production of Documents to the City of Detroit* to be filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter.

                                            */s/ Stephen C. Hackney*
                                            Stephen C. Hackney