IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------- x
                                               :
In re                                          :    Chapter 9
                                               :
CITY OF DETROIT, MICHIGAN,                     :    Case No. 13-53846
                                               :
            Debtor.                            :    Hon. Steven W. Rhodes
---------------------------------------------- x

**DEBTOR'S CONCURRENCE WITH AND JOINDER IN
THE STATE'S MOTION FOR RECONSIDERATION**

The City of Detroit (the "City") concurs with the State in moving this Court for reconsideration of its Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. # 1004) ("Opinion"), and thus concurs in the Motion of the State of Michigan for Reconsideration (Dkt. # 1745).

1. Reconsideration should be granted if the movant "demonstrate[s] a palpable defect by which the court and the parties have been misled [and] also show[s] that a different disposition of the case must result from a correction thereof." E.D. Mich. Local Bankr. R. 9024-1(a)(3). "To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.*, 417 B.R. 449,

454 (E.D. Mich. 2009) (*quoting Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006)).

2. In holding that the July 25, 2013, order applied to the NAACP suit, this Court stated that "if the plaintiffs had included the City as a defendant in the lawsuit, it would have been stayed as to the City under 11 U.S.C. § 362(a) because the lawsuit <u>had the potential to directly impact the City's bankruptcy case</u>. The July 25, 2013 order extended that stay to any suits against the governor and the treasurer that <u>might have the same impact</u> on the City's bankruptcy case." Opinion at 4 (emphasis added). Thus, as this Court acknowledged, under the July 25, 2013 order, any lawsuit against the governor or treasurer that has the potential to directly impact the City's bankruptcy case is stayed.

3. In its Opinion, however, this Court declined to apply the July 25, 2013, order to the Phillips lawsuit due to a proposed amendment to the complaint because "it appears that the plaintiffs in the *Phillips* case intend to withdraw from their suit any request for relief as to the Detroit emergency manager. The Court concludes that this proposed amendment would eliminate the potential that the *Phillips* case might result in the removal of the Detroit emergency manager. Therefore, the potential amendment also removes the *Phillips* case from the effect of the July 25, 2013 order. Accordingly, subject to that condition, the Court concludes that the *Phillips* case is not subject to the July 25, 2013 order." Opinion

at 8-9. For the reasons discussed below it is clear, however, that the intention to not seek relief as to the Detroit emergency manager has not been satisfied.

4. In the State's Motion for Reconsideration, the State explained that it respectfully believed that the Court committed a clear error of law when it stated that the proposed amendment would "eliminate the potential" of the "removal of the Detroit emergency manager." The State reasoned that Count IX directly attacks the application of P.A. 436 in Detroit. Specifically, Count XI, titled in part "Removal of Emergency Managers," argues that all emergency managers, including Detroit's Emergency Managers, must be removed. Further, every single count in the Phillips complaint alleges that P.A. 436 was facially unconstitutional.

5. When analyzing the same issue with respect to the NAACP lawsuit, this Court reasoned, "If P.A. 436 were found to be unconstitutional, as the plaintiffs' lawsuit claims, then the City's emergency manager would be removed from office. Under applicable state law, no one else would be authorized to prosecute this chapter 9 case on behalf of the City. Accordingly, due to its potential impact on this bankruptcy case, the Court concludes that the July 25, 2013 order does apply to the NAACP case." Opinion at 8.

6. The City concurs with the State and respectfully submits that by this very same reasoning, the proposed amendment to the Phillips complaint does not remove the lawsuit from the July 25, 2013, order, if, as the Court apparently

21718417.3\022765-00202
13-53846-tjt    Doc 1777    Filed 11/20/13    Entered 11/20/13 17:07:51    Page 3 of 6

concludes, the order stays any action that has the potential to remove the emergency manager and impact the City's bankruptcy case. *See* Opinion at 4. As the State explained, the Phillips complaint challenges the facial constitutionality of P.A. 436 in all municipalities. Even if the words Kevyn Orr, Detroit Emergency Manager, or City of Detroit[1] do not appear in the amended complaint, a ruling that P.A. 436 is facially unconstitutional could remove the City's emergency manager leaving no other authorized person to prosecute this chapter 9 case on behalf of the City. *See* Opinion at 8. There is no question that such a ruling would, at the very least, directly affect the City's chapter 9 case. Further, even though this Court is not bound by a district court decision, an adverse ruling by the District Court would invariably affect the efforts initiated by the Court to reach a negotiated plan of adjustment. As such, this Court should reconsider its opinion and hold that the Phillips lawsuit is subject to the July 25, 2013, order.

7. It appears that by merely offering to remove Count I and a few of the plaintiffs from the complaint, the plaintiffs have misled the Court. The City believes that the only way to conform the complaint to comply with this Court's order is to remove all facial challenges to the constitutionality of P.A. 436 and leave in only "as applied" challenges that are fact-specific to municipalities other

---

[1] Even if Plaintiffs Phillips, Valenti and AFSCME Council 25 are removed from the complaint, there are still six Plaintiffs who are citizens of Detroit. *See* Phillips complaint ¶¶ 10, 23, 24, 25, 27, 28.

- 4 -
21718417.3\022765-00202
13-53846-tjt    Doc 1777    Filed 11/20/13    Entered 11/20/13 17:07:51    Page 4 of 6

than the City. Only in this fashion would the Complaint not "impact the City's bankruptcy case" or potentially lead to the removal of the Detroit emergency manner. To avoid unnecessary further proceedings, the Phillips plaintiffs' proposed amended complaint should be revised in this manner and submitted for Court approval to confirm that it will have "no bearing on the Debtor's rights in this bankruptcy proceeding." In the alternative, to resolve any doubt as to the potential interference with this bankruptcy case, the Phillips action should be stayed until confirmation of the plan of adjustment. If the Plaintiffs desire to bring their facial challenges to P.A. 436 outside of this Court's eligibility proceedings, a delay of a few months is not too much to ask to avoid the potential for interferences with the City's bankruptcy case—a position averred by all parties to this action.

**Conclusion**

WHEREFORE, the City respectfully requests that this Court reconsider its opinion and issue and issue an order stating that the July 25, 2013, order stays the Phillips lawsuit.

Dated: November 20, 2013          Respectfully submitted,

By: /s/ Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT