UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

**CITY OF DETROIT'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PRE-TRIAL AND TRIAL PROCEDURES
<u>AND SETTING ADDITIONAL HEARINGS</u>**

Debtor City of Detroit respectfully submits this motion for the purpose of simplifying and clarifying the procedures for conducting matters relating to the upcoming hearings on December 10, 11 and 12 on the City's two pending motions.

**Background**

On November 7, 2013, the Court entered on the docket a Notice of Hearing and Deadlines [Dkt. #1564] with respect to the City's Assumption Motion [Dkts. #17, #157]; certain evidentiary motions related to the Assumption Motion [Dkts. #893, #933, #935, #944, #954]; and the City's Motion to Approve Post-

Petition Financing [Dkt. #1520]. All of the foregoing motions are to be heard beginning at 9:00 a.m. on December 10, 2013, with the evidentiary hearing on the Assumption Motion and Post-Petition Financing Motions continuing through December 11 and 12, as needed. By this Motion, the City respectfully requests entry of an order (1) establishing procedures to streamline pre-trial and trial proceedings; and (2) setting hearings on related matters so that they may be heard together with the hearings on the Assumption Motion and Post-Petition Financing Motion.

In support of this Motion, the City respectfully states as follows:

A. **The Court Should Set Certain Pre-Trial Deadlines**

1. **Disclosure of Rebuttal Witnesses and Proposed Exhibits**

The initial deadline for objections to the Post-Petition Financing Motion is November 22, 2013. The City extended that deadline to November 27, 2013 for certain parties who are expected to engage in discovery with respect to the Post-Petition Financing Motion. Because of the intervening holiday weekend after November 27, the City's only realistic opportunity to depose objectors' rebuttal witnesses prior to hearing would be during the first week in December. To give the City adequate time to prepare for, schedule and take those depositions, we would ask that objectors to the Post-Petition Financing Motion be required to file by the close of business on November 29, 2013, a list of (1) their will-call and

may-call witnesses and (2) any exhibits the objectors intend to move into evidence at the hearing.

The City's witnesses related to both the Assumption Motion and the Post-Petition Financing Motion are disclosed herein. The City proposes that it file and serve its list of proposed exhibits at the same time (November 29) as the objectors.

### 2. Completion of Depositions

The City submits that all witnesses, including rebuttal witnesses, should be made available for deposition so that those depositions can be completed no later than December 9, 2013.

### 3. Briefing the Scope of Review of the Post-Petition Financing Motion

At a hearing on November 14, 2013, the Court requested briefing on the scope of its review of the Post-Petition Financing Motion under 11 U.S.C. § 364(c), but did not set a separate deadline for such briefing. We believe that any objectors who intend to address the scope of the Court's review should do so when they file their objections to the Post-Petition Financing Motion. The City's response regarding the scope of the Court's review would be included in its responses to objections generally, currently due on December 4, 2013 at noon.

### 4. Preparation of a Consolidated Exhibit List and Joint Statement of Facts

To simplify the admission of exhibits at the hearing, by December 6, 2013, we submit that the parties should prepare and file with the Court (1) a joint, consolidated exhibit list, indicating with respect to each exhibit (a) which party seeks its admission; (b) whether the parties stipulate to the authenticity of the exhibit; and (c) whether any parties object to the admission of the exhibit, and on what grounds; and (2) a joint statement of stipulated facts as to each of the Assumption Motion and the Post-Petition Financing Motion.

### B. The Hearings on the Assumption Motion and Post-Petition Financing Motion Should Be Consolidated

As the Court has previously stated, the Assumption Motion and the Post-Petition Financing Motion are closely interrelated and the proofs and arguments overlap in some places. While certain of the City's witnesses will testify primarily as to assumption, the City wishes to designate them as witnesses with respect to both motions out of an abundance of caution, to streamline the hearing, and to avoid potential objections. Specifically, the City intends to call the following witnesses, and reserves the right to seek to qualify any of them to give expert testimony at the hearing:

1. Kevyn Orr
2. Ken Buckfire
3. Gaurav Malhotra

4. James Doak – Post-Petition Financing Motion only

5. Charles Moore – Post-Petition Financing Motion only

To avoid duplication, we would suggest that each witness would be called only once and testify, if needed, regarding both motions.

Mr. Orr, Mr. Buckfire and Mr. Malhotra all have been deposed at length in connection with the Assumption Motion, but the City is prepared to offer each of them again for short depositions, solely with respect to the post-petition financing. The City has already agreed to produce Mr. Doak and Mr. Moore for depositions during the first week in December.

Because the objectors will have the opportunity to complete the depositions of all of the witnesses with respect to the Post-Petition Financing Motion prior to the start of the hearing, they will not be prejudiced if those witnesses testify regarding both Motions at once.

### C. Time at the Hearing Should Be Budgeted and the Objectors Should Be Required to Coordinate Their Arguments and Examinations

Approximately twelve parties objected to the Assumption Motion. Although the time to object to the Post-Petition Financing Motion does not expire until November 27, 2013, the City anticipates that a similar number of objections may be filed with respect to that motion. Because of the large number of parties who may seek to be heard, we believe that the Court should establish time

limitations for each side and require the objectors to coordinate their arguments and examinations of witnesses to avoid duplication and delay.

1. **Time Limitations**

When it was originally anticipated that the Assumption Motion would be tried by itself, the Court budgeted nine hours for the hearing, with four hours allotted to the City and five to the objectors. The City anticipates that, with the consolidation of the hearings on the two Motions, it can complete its case in chief, including opening statements and closing arguments, and cross-examine any rebuttal witnesses in seven hours. The City proposes that eight hours be budgeted to the objectors collectively, thereby keeping roughly the same percentage of time as originally allocated.

2. **Designation of Lead Counsel for the Objectors**

As the Manual for Complex Litigation notes, in multi-party lawsuits, "[t]raditional procedures in which . . . each attorney . . . presents arguments, and conducts witness examinations, may result in waste of time and money, in confusion and indirection, and in unnecessary burden on the court. Special procedures for coordination of counsel are therefore needed. . . ." *Manual for Complex Litigation, Third* at 26 (Federal Judicial Center 1995). One suggested procedure is the designation of one attorney to "serve[] as principal attorney for the group at trial in presenting arguments, making objections, conducting examination

of witnesses, and generally organizing and coordinating the work of the other attorneys on the trial team." *Id.* at 27.

The City recognizes that given the divergent interests of the objectors, the designation of a single lead attorney at trial may not be feasible. However, the objectors do fall naturally into certain groups or categories (for example, unions, monoline insurers and retirees). The designation of a lead attorney for each group, who are then directed to coordinate among themselves to the extent possible, will do much to streamline arguments and examinations by preventing redundancies and duplication.

### D. Hearings on the City's Motion to Intervene in the Syncora Adversary Proceeding and the Swap Counterparties' Motion to Dismiss the Adversary Proceeding Should Be Scheduled in Connection with the Assumption Motion and Post-Petition Financing Motion

After this bankruptcy case had commenced, on July 31, 2013, Syncora Guarantee Inc. sued the Swap Counterparties (UBS AG, Merrill Lynch Capital Services, Inc. and SBS Financial Products Company, LLC) in state court in New York. The Swap Counterparties removed the case to federal court, and the district court for the Southern District of New York transferred it to the district court for the Eastern District of Michigan, where it has been pending as Case No. 4:13-cv-14293-MAG-PJK (the "Adversary Proceeding"). On November 19, 2013, the

district court referred the Adversary Proceeding to this Court pursuant to L.R. 83.50. *See* Adversary Proceeding, Dkt. #24.

The Adversary Proceeding represents another attempt by Syncora to prevent the implementation of the Forbearance and Optional Termination Agreement. In the Adversary Proceeding, Syncora seeks injunctive and declaratory relief determining that it has "consent rights" that would bar termination of the Swap Agreements (as provided under the Forbearance and Optional Termination Agreement) unless Syncora consents. As the Court is aware from the pleadings filed with respect to the Assumption Motion, Syncora's claim to "consent rights" is disputed by the Swap Counterparties and the City. In the Assumption Motion, Syncora attacks the Forbearance and Optional Termination Agreement itself, while in the Adversary Proceeding it attacks the ability of the parties to perform the Forbearance and Optional Termination Agreement – but the two proceedings are two halves of the same coin.

The Swap Counterparties have filed a motion to dismiss the Adversary Proceeding, and Syncora has filed its response. *See* Adversary Proceeding, Dkts. #18, #19. Given the identity of the issues in the Motion to Dismiss and the Assumption Motion, the two motions should be heard together. Indeed, resolution of the Adversary Proceeding may facilitate the resolution of the Assumption Motion, since Syncora attempts in the Adversary Proceeding to

prevent the performance of the Forbearance and Optional Termination Agreement even if it is assumed.

The City suggests that since all parties involved will be in Detroit in any event for the hearing on the Assumption Motion and Post-Petition Financing Motion, and the motion to dismiss only raises purely legal issues, convenience would be best served by holding the hearing on the motion to dismiss immediately before or after the hearings. If the motion dismiss is heard immediately prior to the start of the hearing, under the Local Bankruptcy Rules, the Swap Counterparties' reply in support of their motion to dismiss would be due on December 5, three business days prior to the hearing.

In addition, the City (which was not named as a party in the Adversary Proceeding) filed a motion to intervene in the Adversary Proceeding. That motion is fully briefed and ready for hearing. *See* Dkts. #5, #13, #16. The City respectfully suggests that its motion to intervene should be heard on December 4, 2013 so that, if the motion is granted, the City has the opportunity to participate in the completion of the briefing and the hearing on the motion to dismiss the Adversary Proceeding.

## CONCURRENCE

The City sought concurrence in this Motion from Syncora but such concurrence was not obtained. Given the large number of objectors and potential objectors (some of whom are not yet known to the City), it is not feasible for the City to seek concurrence in this Motion from all parties. Accordingly, the City respectfully requests that such requirement be waived as to those additional parties.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1, establishing pre-trial and trial procedures and setting hearings on the City's motion to intervene and the Swap Counterparties' motion to dismiss the Adversary Proceeding.

Dated: November 22, 2013

Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Fax: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

  - and -

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
Geoffrey S. Irwin
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com
gsirwin@jonesday.com

**ATTORNEYS FOR THE CITY OF DETROIT**