IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------ x
                                              :

In re                                           :                         Chapter 9

CITY OF DETROIT, MICHIGAN,    :                        Case No. 13-53846

             Debtor.                           :                          Hon. Steven W. Rhodes
------------------------------------------------ x

**DEBTOR'S OBJECTION AND BRIEF IN OPPOSITION TO MOTION OF BRENDAN MILEWSKI AND ADVISACARE HEALTH CARE SOLUTIONS, INC. FOR RELIEF FROM THE AUTOMATIC STAY**

     Mr. Milewski and Advisacare Healthcare Solutions, Inc. (the "Movants") move for relief from the automatic stay to continue a pre-petition lawsuit which asserts that the City of Detroit ("City") failed to pay certain disability benefits. These benefits are similar to those provided under the Michigan Worker's Disability Compensation Act. Since the City's bankruptcy filing, it has been resolving and paying Mr. Milewski's claims and similar claims pursuant to its usual workers' compensation procedures. The Movants, however, have not followed those procedures with respect to certain of their claims and instead seek to litigate in Wayne County Circuit Court. *See* Exhibit 1, Declaration of Yolanda Carter.

     Allowing the Movants' claims to proceed outside of the City's usual workers' compensation procedures would cause the City unnecessary expense and

undermine one of the most fundamental protections afforded to the City as a chapter 9 debtor. As of the Petition Date, approximately 700 lawsuits were pending against the City. *See* Creditor List at Schedule G. Absent the enforcement of the automatic stay, the City would be spending its already limited resources defending these cases rather than focusing its efforts and resources on its restructuring. This concern is particularly relevant here where the Movants have an avenue for relief that does not require litigation—merely compliance with the City's procedures for resolution of claims of the type asserted by the Movants. The Movants fail to provide a legitimate basis to proceed outside of the usual workers' compensation procedures and should not be afforded relief from the stay to do so.

## I. BACKGROUND

### A. The Lawsuit in the Circuit Court

On October 23, 2012, Mr. Milewski filed his Complaint[1] against the City in Wayne County Circuit Court ("Circuit Court"), commencing case number 12-011731 ("Lawsuit"). The Complaint alleges that the City wrongfully refused to pay Mr. Milewski certain benefits that he is allegedly entitled to as a duty disability retiree under the Detroit City Charter and the Master Agreement between the City and the Detroit Fire Fighter's Association. Complaint ¶ 7.

---

[1] The Complaint is attached to the Motion as Exhibit 6-2.

On or about November 26, 2012, the City filed its answer denying liability and requesting the dismissal of Mr. Milewski's claims with prejudice. Both parties filed their witness lists in May, 2013. Mr. Milewski listed approximately 31 witnesses and the City listed approximately 12 witnesses.

On June 17, 2013, the Circuit Court entered an order extending the discovery cutoff and case evaluation to September, 2013. On July 1, 2013, Advisacare Healthcare Solutions, Inc. ("Advisacare") filed a Motion to Intervene in the Lawsuit.[2] The motion alleges that the City has failed to pay Advisacare for services it provided to Mr. Milewski since April, 2012. Prior to the adjudication of the motion to intervene, the Circuit Court stayed the Lawsuit due to the City's chapter 9 case.

### B. The City's Bankruptcy Case

On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, commencing the largest chapter 9 case in history. On November 12, 2013, the City filed its Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims ("ADR Motion"). [Dkt. No. 1665]. This ADR Motion provided that claims solely asserting workers' compensation liabilities against the City would continue to be

---

[2] The Motion to Intervene is attached to the Motion as Exhibit 6-3.

resolved in the ordinary course pursuant to the City's usual workers' compensation procedures. ADR Motion ¶ 16.

On November 7, 2013, Mr. Milewski and Advisacare filed their motion for relief from the automatic stay ("Motion"). [Dkt. No. 1566]. The Motion requests relief from stay to allow Lawsuit and Advisacare's motion to intervene to proceed in the Circuit Court. Motion at 5.

## II. ARGUMENT

The automatic stay "is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

Section 362(d) of the Bankruptcy Code authorizes a bankruptcy court to grant relief from the automatic stay in limited circumstances. *See* 11 U.S.C. § 362(d). In particular, section 362(d)(1) of the Bankruptcy Code provides that a party in interest may obtain relief from the Automatic Stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

"The Bankruptcy Code does not define 'cause' as used in [section] 362(d)(1). Therefore, under [section] 362(d), 'courts must determine whether

21726731.3\022765-00202

discretionary relief is appropriate on a case by case basis.'" *Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.)*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (*quoting Laguna Assocs. L.P. v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. L.P.)*, 30 F.3d 734, 737 (6th Cir. 1994)). The determination of whether to grant relief from the Automatic Stay "resides within the sound discretion of the Bankruptcy Court." *Sandweiss Law Center, P.C. v. Kozlowski (In re Bunting)*, No. 12-10472, 2013 WL 153309, at *17 (E.D. Mich. Jan. 15, 2013) (*quoting In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002)).

In determining whether cause exists "the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *Plastech*, 382 B.R. at 106 (*quoting In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995)); *see also* Opinion and Order at 10 [Dkt. No. 1536]. In that regard, a primary purpose of bankruptcy is the centralization of claims against the debtor for determination by the bankruptcy court through the claims allowance process. *See In re Hermoyian*, 435 B.R. 456, 464 (Bankr. E.D. Mich. 2010) (stating that an underlying policy of the Bankruptcy Code is the provision of a centralized forum for claims resolution and orderly distribution of assets). Further, the automatic stay benefits the creditor body at large by ensuring their equal treatment and preventing a race to the courthouse. *See* H.R. REP. NO. 95-595, at 340 (1977) ("The automatic stay also provides creditor

protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.").

### A. The Harm to the City if Relief from Stay is Granted

The City is committed to resolving the Movants' claims in the ordinary course pursuant to its usual workers' compensation procedures. The Movants, however, have failed to follow those procedures despite being repeatedly notified by the City. *See* Exhibit 1, Declaration of Yolanda Carter.

Since August 13, 2010, the City has paid $466,766.33 in medical benefits on behalf of Mr. Milewski. *Id.* As Mr. Milewski admits, after the City's bankruptcy filing, he continues "to receive his duty disability compensation, and payment or reimbursement of certain medical and prescriptions expenses from the Fund." Motion ¶ 11. The claims at issue in the Lawsuit remain unpaid mainly because Mr. Milewski has not allowed the City access to his home to determine whether the requested modifications are necessary or, in other instances, submitted the appropriate supporting documentation. *See* Exhibit 1, Declaration of Yolanda Carter.

Defending this Lawsuit and the other requests for stay relief that would likely follow if relief is granted here, would distract the City's restructuring efforts, diverting its limited resources at a time when it is both working to negotiate and

deliver a plan of adjustment quickly and engaged in a substantial amount of discovery and litigation (all on an expedited timeframe) arising in the bankruptcy case itself.  In short, the City sought relief under chapter 9 in part to obtain the "breathing spell" afforded by the automatic stay and the consequent protection from its creditors while it restructures its affairs and prepares a plan of adjustment.  The City's finances would be further depleted and its personnel distracted from their mission to operate the City for the benefit of its citizens and restructure its affairs if it were denied this basic protection of chapter 9 and forced to defend itself against the Movants outside of the City's usual workers' compensation procedures.  Accordingly, the overall goals of chapter 9 and the harm to the City weigh heavily in favor of denying stay relief to the Movants and requiring them to comply with the City's procedures for workers' compensation claims.

### B. The Harm to the Movants if Relief from Stay is Denied

No cognizable harm will flow to the Movants if their Motion is denied.  The City is committed to resolving workers' compensation claims in the ordinary course pursuant to its usual procedures.  If the Movants will allow the City to verify the alleged medical necessity of their claims, their claims will be paid.  As such, this Court should deny the Motion.  At a minimum, the Movants should be compelled to exhaust administrative remedies and procedures before seeking stay relief.

## III. CONCLUSION

WHEREFORE, the City respectfully requests that this Court: (a) deny the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: November 25, 2013      Respectfully submitted,

By: /s/Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071

Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT