# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | | Related to Doc. No. 1520 |

## JOINT RESPONSE OF THE OBJECTING PARTIES IN OPPOSITION TO THE CITY OF DETROIT'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PRE-TRIAL AND TRIAL PROCEDURES AND SETTING ADDITIONAL HEARINGS

The Police and Fire Retirement System of the City of Detroit and the

General Retirement System of the City of Detroit (collectively, the "Retirement

Systems"), Ambac Assurance Corporation ("Ambac"), National Public Finance

Guarantee Corporation ("National"), Assured Guaranty Municipal Corp.

("Assured"), Financial Guaranty Insurance Company ("FGIC"), Syncora

Guarantee, Inc. and Syncora Capital Assurance (collectively, "Syncora"),

Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and

Erste Europäische Pfandbrief-und Kommunalkreditbank Aktiengesellschaft in

Luxemburg S.A. (collectively, "EEPK"), FMS Wertmanagement ("FMS"), the

Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor,

individually and as President of the RDPFFA, the Detroit Retired City Employees

Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively, the "Retiree Association Parties"), the Retired Detroit Police Members Association (the "RDPMA"), the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (collectively, "AFSCME"), and David Sole ("Sole") (collectively, the "Objecting Parties") hereby file this joint response in opposition to the City of Detroit's Motion for Entry of an Order Establishing Pre-Trial and Trial Procedures And Setting Additional Hearings (the "Motion") [Dkt. No. 1788],[1] stating as follows:

## **Background**

The Objecting Parties do not, in principle, oppose certain pre-trial procedures. In fact, Syncora reached out to the City on behalf of the Objecting Parties to discuss precisely this issue several weeks ago. However, the Objecting Parties seek pre-trial procedures that are sensible and orderly. Instead of attempting to work through the various case management issues with the Objecting

---

[1] The Objecting Parties will refer to the City's Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of That Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019, and (III) Granting Related Relief [Dkt. 157] as the "Assumption Motion" and the City's Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921, and 922 (I) Approving Post-Petition Financing, (II) Graning Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay [Dkt. 157] as the "Financing Motion" throughout this brief.

Parties, the City unilaterally filed this motion and then sought an expedited hearing on the eve of the Thanksgiving holiday when many Objecting Parties are not available to attend a hearing in Detroit.

In its Motion, the City makes four principal requests, each of which poses problems. First, the City asks the Court to set certain pretrial deadlines that are entirely unworkable and prejudicial to the Objecting Parties. Specifically, the City requests (i) disclosure of all witnesses and proposed exhibits by November 29 (i.e., *before* completion of document review and depositions); (ii) preparation of a consolidated exhibit list and joint statement of facts by December 6 (again, *before* completion of depositions); and (iii) completion of depositions by December 9, the day before the scheduled hearing. The City also proposes that briefing regarding the scope of review of the Financing Motion under 11 U.S.C. § 364(c) be completed by November 27, the same day as the hearing on the instant Motion. Second, the City requests that the Assumption Motion and Financing Motion evidentiary hearings be combined. Third, the City requests that time limits for the Post-Petition Financing Motion hearing be set now and that "lead counsel" for all of the Objecting Parties be designated. Fourth, the City asks the Court to schedule a concurrent hearing on the City's Motion to Intervene in the Syncora Adversary Proceeding and the Swap Counterparties' Motion to Dismiss the Syncora Adversary Proceeding.

As a result of the inability of various counsel for the Objecting Parties to attend this hearing, a consolidated response is being filed that attempts to capture all of the various objections amongst the Objecting Parties.[2] For a host of reasons, the Objecting Parties oppose the Motion, but the primary objection is that the City's proposed deadlines are not feasible in light of the fact that: (i) the City has three newly-added witnesses for the Financing Motion evidentiary hearing (Kevyn Orr, Ken Buckfire and Guarov Malhotra) who have not yet been deposed, (ii) the City also now seeks depositions of the Objecting Parties' witnesses—which it had not previously requested at the recent hearing regarding discovery issues, and (iii) the Objecting Parties only recently received the City's production of 20,000 pages of documents relating to the Financing Motion and will need sufficient time to review them before taking depositions and designating trial exhibits. The Objecting Parties have been and continue to be willing to work within an expedited timeframe throughout this case, but such dispatch should not come at the expense of the Objecting Parties being prejudiced and unable to prepare properly for trial.

The Objecting Parties' second objection is that the two evidentiary hearing records should not be combined—the factual and legal issues are disparate, the discovery process is just beginning with respect to the Financing Motion, and

---

[2]     For efficiency's sake, the Objecting Parties have consolidated their objections to one joint response brief; however, where appropriate, a singular party's objection will be noted separately.

10320634.1 14893/165083

different parties are objecting to the two motions. The Assumption Motion is ready for trial and could proceed as scheduled; the Financing Motion, however, should be postponed a week. Alternatively, if the Court is inclined to conduct the two evidentiary hearings together, then at a minimum, the Objecting Parties request that the entire evidentiary hearing be deferred a week to permit the completion of all remaining discovery related to the Financing Motion and to build in an appropriate amount of time for the Objecting Parties to compile exhibit lists and a joint statement of facts (as requested by the City).

<u>Specific Objections</u>

**A.     The City's Proposed Pre-Trial Deadlines Are Unworkable And Prejudicial.**

On November 19, the City produced approximately 20,000 pages of documents, which the Objecting Parties are busily reviewing in order to prepare their written objections to the Financing Motion. The City previously disclosed its witnesses for the Financing Motion, James Doak and Charles Moore, and those witnesses are being deposed on December 4 and 5. In addition, however, it now appears from the City's Motion that Messrs. Orr, Malhotra and Buckfire (who have already been deposed in connection with the Assumption Motion) are also going to be testifying in connection with the Financing Motion. In fact, the City indicated that Orr, Malhotra and Buckfire may testify as expert witnesses, without any expert disclosures having been made. As a result, the Objecting Parties now need to

schedule three more depositions to occur prior to December 10. Thus, the schedule currently being proposed by the City in its Motion would result in the following unwieldy calendar (assuming that the depositions of Orr, Malhotra and Buckfire could all be squeezed in on Dec. 6, which is the only day left open prior to the commencement of the evidentiary hearing):

| Monday | Tuesday | Wednesday | Thursday | Friday |
|---|---|---|---|---|
| **Nov. 25**<br><br>• Review of City's 20,000 page DIP Production<br>• Preparation of DIP objections | **Nov. 26**<br><br>• Review of City's 20,000 page DIP Production<br>• Preparation of DIP objections<br>• Objection to ADR motion due | **Nov. 27**<br><br>• DIP Objections Due<br>• Hearing on Case Management Motion<br>• Hearing on PLA motion<br>• *[City's Proposed Deadline for 364(c) briefing]* | **Nov. 28**<br><br>Thanksgiving | **Nov. 29**<br><br>*[City's proposed witness and exhibit list deadline]* |
| **Dec. 2**<br><br>• Preparation of briefs due 12/4 and depositions occurring 12/4 and 12/5 | **Dec. 3**<br><br>• Eligibility Ruling in Open Court<br>• Hearing on Ambac, Assured, and National's Adversary Proceedings | **Dec. 4**<br><br>• Charles Moore Deposition<br>• Reply brief in support of Assumption motion due<br>• Responses/ Replies to Evidentiary motions due | **Dec. 5**<br><br>• James Doak Deposition<br>• City meeting with Monoline insurers and Financial Advisors | **Dec. 6**<br><br>• *[City's Proposed Joint Consolidated Witness & Exhibit List, Joint Statement of Facts]*<br>• *[Orr, Malhotra & Buckfire DIP depositions?]* |
| **Dec. 9**<br><br>• *[City's proposed deposition cutoff]*<br>• Mediation sessions for the City, the Retirement Systems, Retiree Committee & AFSCME | **Dec. 10**<br><br>Evidentiary Hearing | **Dec. 11**<br><br>Evidentiary Hearing | **Dec. 12**<br><br>Evidentiary Hearing | **Dec. 13** |

10320634.1 14893/165083

**(1)     The Disclosure of Rebuttal Witnesses and Proposed Exhibits**

The City asks that the Objecting Parties be required to disclose all exhibits, as well as will-call, may-call, and rebuttal witnesses by November 29, 2013 (the day after Thanksgiving).  The City's proffered deadline is unworkable for several reasons.  <u>First</u>, the City's Motion starts from the faulty premise that the parties objecting to the Assumption Motion are the same as the ones objecting to the Financing Motion. This is not necessarily so.  The objections to the Financing Motion are not due until November 27, so it is not yet known who will be objecting to that motion.  It would be prejudicial to those parties to expect them to file witness and exhibits lists two days after filing their objection, particularly given the intervening holiday.

<u>Second</u>, the City's own witnesses are not being deposed until December 4 and 5.  The City proposes that the Parties file witness and exhibits lists *before* the Objecting Parties will have even had the opportunity to depose the City's witnesses.  The necessity of any rebuttal witnesses will not be known by November 29, and the identity of necessary exhibits will likewise be unknown.

<u>Third</u>, the City just produced approximately 20,000 pages of documents on November 19, which the parties are in the midst of reviewing.[3]  Given that the production is still being reviewed and no witnesses have been deposed regarding

---

[3]     The City's production set did not even include a privilege log, and there are numerous documents withheld by the City on the grounds of privilege.

10320634.1 14893/165083

the contents of these documents, requiring exhibit disclosure on November 29 is infeasible and prejudicial to the Objecting Parties.

**(2)    Completion of Depositions**

The Objecting Parties do not oppose a reasonable deadline for depositions. However, the City just disclosed in its Motion that Orr, Buckfire, and Malhotra are going to offer testimony relating to the Financing Motion.  Had the Objecting Parties known that three additional depositions would have to be taken, they may not have scheduled Moore and Doak to occur on December 4 and 5 (instead, the Objecting Parties would have attempted to complete Moore and Doak sooner in order to leave time for Orr, Buckfire and Malhotra).  This is particularly prejudicial to the Objecting Parties, because the City also disclosed for the first time in its Motion that it may seek to qualify one or more of its witnesses to give expert testimony.

Lastly, the City now wants to depose the Objecting Parties' witnesses, which it did not ask for at the hearing on discovery issues held November 14.  Thus, the depositions of Orr, Buckfire, Malhotra <u>and</u> all of the Objecting Parties' witnesses would have to be held between Friday, December 6 and Monday, December 9.[4]

---

[4]    Furthermore, Syncora and certain other Objecting Parties had previously requested depositions of individuals in addition to Doak and Moore; however, the City would not agree to allow any other depositions.  Syncora was also advised by the City that the Objecting Parties would not be allowed to take Orr's deposition as it relates to the Financing Motion and that his testimony would be essentially

10320634.1 14893/165083

This leaves little to no time to obtain copies of the deposition transcripts from the court reporter in case it is needed to impeach a witness at trial or if parties need to review the transcripts in advance of trial. As a result, the current schedule is not viable.

### (3)    Briefing the Scope of the Post-Petition Financing Motion

The City proposes that any briefing by an objecting party relating to 11 U.S.C. § 364(c) must be submitted to the Court as part of that objecting party's brief due on November 27. The Objecting Parties will comply with this request.

### (4)    Preparation of Consolidated Exhibit List and Joint Statement of Facts

As noted above, two of the City's witnesses for the Financing Motion (Doak and Moore) are being deposed on December 4 and 5. The Objecting Parties do not yet know what those witnesses are going to say or what documents they may rely on. Yet, the City expects the Objecting Parties to have a joint, consolidated exhibit list and a joint statement of facts ready to be filed the very next day. December 6 is too early to have a joint set of exhibits or a statement of facts prepared because the attorneys who will need to be preparing these documents will have been tied up in depositions for the two days immediately preceding December 6. A one-day

duplicative of Doak and Moore's testimony. Now, in its recent Motion, the City has reversed its position with respect to Orr and Malhotra. All five of these depositions could have been scheduled and arranged weeks ago had the City not belatedly changed its position to serve its own tactical purposes.

10320634.1 14893/165083

turnaround not enough time, particularly when these filings will require coordination among numerous parties. Lastly, the City ignores the fact that Orr, Buckfire and Malhotra will (under the City's proposed schedule) have to all be deposed on December 6, which makes a December 6 deadline for the submission of exhibits and a joint statement of facts all the more impossible.

## B. The Hearings on the Assumption Motion and Post-Petition Financing Should Either Be Kept Separate, Or If Consolidated, They Should Both Be Moved One Week to December 17.

The City proposes to consolidate the Assumption Motion and Financing Motion evidentiary hearings and have witnesses testify to issues raised in both motions all at once rather than maintaining separate records.

There are several problems with this approach. First, while there is some overlap in the issues, there are many distinct factual and legal issues. Second, while the Assumption Motion is ready for a hearing, discovery has just begun with respect to the Financing Motion. The discovery of certain key witnesses for the Financing Motion (namely, Orr, Buckfire, and Malhotra) will not be complete before the December 10 hearing date.

In addition, given the compressed schedule, many Objecting Parties have had to use different members of their legal teams for the Assumption Motion and the Financing Motion, which would make a consolidated trial difficult. For example, a single Objecting Party may need two attorneys from its team to cross-

10320634.1 14893/165083

examine a single witness if the two hearings are consolidated, because one attorney is knowledgeable about Assumption Motion issues, while a different attorney is knowledgeable about Financing Motion issues.

Further, separation of the two hearings may in fact be *more* efficient—if the Objecting Parties prevail on the Assumption Motion, the Financing Motion hearing will be more narrowly tailored, as certain (if not all) issues would be moot.

Lastly, the record will be less clear on appeal, if an appeal is taken. These are novel issues under Chapter 9, and different legal standards apply to them. Evidence relevant to one motion may not be relevant to the other motion. The record on appeal will be more precise if the two motions are tried separately.

As a result of these concerns, the Objecting Parties request that the evidentiary hearings be kept separate: The Assumption Motion could proceed as scheduled on December 10, but the Financing Motion should be postponed to December 17. Alternatively, if the Court feels the evidentiary hearings should be consolidated, the Objecting Parties request that the entire consolidated hearing be moved one week (to December 17, 18, and 19) to permit the Objecting Parties time to complete the necessary discovery of the City's newly-disclosed witnesses (and to permit the City to depose any of the witnesses identified by the Objecting Parties). If the hearing is moved one week, this would rectify the scheduling difficulties created by the City's proposed pre-trial dates. For instance, the

deposition deadline could be moved from Monday, December 9 to Wednesday, December 11 to permit all parties to finish depositions. The joint stipulation of facts and consolidated exhibit lists that the City requested could be filed on Friday, December 13. The hearings could then commence December 17, 18 and 19. An additional week would not harm the City, as the deadline for finalizing the financing is not until January.

## C. Time at the Hearing Should Not Be Budgeted Yet, and the Objecting Parties Should Not Be Forced to Designate Lead Counsel

### (1) Time Limitations

The number of objections to the Financing Motion is not yet known. It is therefore premature to budget the length of time with respect to that hearing. For example, if twice as many objectors file briefs, or if the issues raised in those briefs are disparate, more time may need to be allocated to the Financing Motion.

### (2) Designation of Lead Counsel

The City wants the various Objecting Parties to choose one lead counsel to make objections, present arguments and examine witnesses. The obvious problem is that the Objecting Parties are not necessarily aligned. While the City suggests that the Objecting Parties could at least designate lead counsel for certain groups (*i.e.*, unions, monoline insurers, retirees), even those groups are not necessarily aligned. Moreover, if the two hearings are consolidated, this makes it even harder to designate lead counsel, because the list of objecting parties may not be the same

- 12 -

between the two hearings. For instance, certain unions did not object to the Assumption Motion, but will be objecting to or joining in objections to the Financing Motion. Similarly, the Ad Hoc COPS Holders filed an objection to the Assumption Motion [See Doc. 362], but upon information and belief, those parties will not be objecting to the Financing Motion. Accordingly, coordination of these diverse parties is not as straightforward as the City suggests. Nonetheless, the Objecting Parties will strive to coordinate their presentations to be efficient and avoid duplication.

**D.     Hearings on the City's Motion to Intervene In the Syncora Adversary Proceeding and the Swap Counterparties' Motion to Dismiss Should Not Be Scheduled in Connection with the Assumption and Post-Petition Financing Motions.**

These two issues have little to do with the vast majority of objections being raised at the Assumption and Financing Motions. Judicial economy would be better served by handling these issues separately.

Based on the foregoing, the Objecting Parties respectfully request that the Motion be denied, or in the alternative, modified as set forth herein.

*[Remainder of page left intentionally blank]*

10320634.1 14893/165083

Dated:  November 26, 2013

Respectfully submitted,

**CLARK HILL PLC**

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement
System of the City of Detroit and the
General Retirement System of the City of
Detroit*

By: */s/ Caroline Turner English*
Carol Connor Cohen
Caroline Turner English
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC  20036-5342
Telephone:  (202) 857-6054
E-mail:  Carol.Cohen@arentfox.com

-and-

David L. Dubrow
Mark A. Angelov
**ARENT FOX LLP**
1675 Broadway
New York, NY  10019
Telephone:  (212) 484-3900

-and-

SCHAFER AND WEINER, PLLC
Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
Telephone:  (248) 540-3340
E-mail:  bbest@schaferandweiner.com

*Attorneys for Ambac Assurance Corp.*

By:  /s/ Guy S. Neal
Eric D. Novetsky
Louis P. Rochkind
**JAFFE, RAITT, HEUER & WEISS, P.C.**
2777 Franklin Road, Suite 2500
Southfield, MI  48034
Telephone:  (248) 351-3000
Facsimile:  (248) 351-3082
E-mail:  enovetsky@jaffelaw.com

-and-

Jeffrey E. Bjork
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
E-mail:  jbjork@sidley.com

-and-

**SIDLEY AUSTIN LLP**
Guy S. Neal
1501 K Street, N.W.
Washington, DC  20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
E-mail:  gneal@sidley.com

*Attorneys for National Public Finance
Guarantee Corporation*

- 15 -

By: */s/ Lawrence A. Larose*
Lawrence A. Larose
Samuel S. Kohn
Marc D. Ashley
Marc B. Roitman
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
mashley@chadbourne.com
mroitman@chadbourne.com

*Attorneys for Assured Guaranty Municipal Corp.*

By: */s/ Mark R. James*
Ernest J. Essad Jr.
Mark R. James
**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.**
280 North Old Woodward Avenue, Ste 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
E-mail: EJEssad@wwrplaw.com
E-mail: mrjames@wwrplaw.com

-and-

Alfredo R. Pérez
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
E-mail: Alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance Company*

- 16 -

By: _/s/ Stephen C. Hackney_____
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

    - and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
**MCDONALD HOPKINS PLC**
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*


By: _/s/ Vincent J. Marriott, III_____
Howard S. Sher
**JACOB & WEINGARTEN, P.C.**
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Telephone: (248) 649-1200
Facsimile: (248) 649-2920
E-mail: howard@jacobweingarten.com

    -and-

- 17 -

Vincent J. Marriott, III
**BALLARD SPAHR LLP**
1735 Market Street, 51st Flr.
Philadelphia, PA 19103
Phone: 215.864.8236
Fax: 215.864.9762
Email: marriott@ballardspahr.com

-and-

Matthew G. Summers
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt
AG, Hypothekenbank Frankfurt
International S.A., and Erste Europäische
Pfandbrief-und Kommunalkreditbank
Aktiengesellschaft in Luxemburg S.A.*

By: /s/ Karen V. Newbury
Rick L. Frimmer
Karen V. Newbury
Michael W. Ott
**SCHIFF HARDIN, LLP**
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5600
Facsimile: (312) 258-5600
E-mail: rfrimmer@schiffhardin.com
E-mail: knewbury@schiffhardin.com
E-mail: mott@schiffhardin.com

*Attorneys for FMS Wertmanagement*

- 18 -

By: /s/ Thomas R. Morris
Thomas R. Morris
Karin F. Avery
**SILVERMAN & MORRIS, P.L.L.C.**
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone: (248) 539-1330
Facsimile: (248) 539-1355
E-mail: morris@silvermanmorris.com
E-mail: avery@silvermanmorris.com

-and-

**LIPPITT O'KEEFE, PLLC**
Brian D. O'Keefe
Ryan C. Plecha
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
Telephone: (248); 646-8292
Facsimile: (248) 646-8375
E-mail: bokeefe@lippittokeefe.com
E-mail: rplecha@lippittokeefe.com

*Attorneys for Retiree Association Parties*

By: /s/Meredith E. Taunt
Lynn M. Brimer (P43291)
Meredith E. Taunt (P69698)
Mallory A. Field (P75289)
**STROBL & SHARP, P.C.**
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
lbrimer@stroblpc.com
mtaunt@stroblpc.com
mfield@stroblpc.com

*Attorneys for Retired Detroit Police*
*Members Association*

- 19 -

By: /s/  Sharon L. Levine

Sharon L. Levine, Esq.

Philip J. Gross, Esq.

**LOWENSTEIN SANDLER LLP**

65 Livingston Avenue

Roseland, New Jersey 07068

(973) 597-2500 (Telephone)

(973) 597-6247 (Facsimile)

slevine@lowenstein.com

pgross@lowenstein.com

 -and-

Herbert A. Sanders, Esq.

**THE SANDERS LAW FIRM PC**

615 Griswold St., Suite 913

Detroit, MI 48226

(313) 962-0099 (Telephone)

(313) 962-0044 (Facsimile)

hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.

**MILLER COHEN, P.L.C.**

600 West Lafayette Boulevard

4th Floor

Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

By: */s/ Jerome D. Goldberg*
**JEROME D. GOLDBERG, PLLC**
Jerome D. Goldberg (P61678)
2921 East Jefferson, Suite 205
Detroit, MI 48207
Phone: 313-393-6001
Fax: 313-393-6007

*Attorney for David Sole, Party in Interest*