# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |
| SYNCORA GUARANTEE INC., | |
| Plaintiff, | Adv. Proc. No. _____ |
| v. | |
| UBS AG, SBS FINANCIAL PRODUCTS COMPANY, LLC, and MERRILL LYNCH CAPITAL SERVICES, INC. | |
| Defendants. | |

## OBJECTION OF PLAINTIFF SYNCORA GUARANTEE INC. TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PRE-TRIAL AND TRIAL PROCEDURES AND SETTING ADDITIONAL HEARINGS

Syncora Guarantee Inc. ("Syncora") files this objection to *Debtor's Motion for Entry of an Order Establishing Pre-Trial and Trial Procedures and Setting Additional Hearings* (Dkt. 1788). In support of its objection, Syncora respectfully states as follows:

## PRELIMINARY STATEMENT

1. By its motion (the "City Motion"), the City of Detroit (the "City") seeks to expedite this Court's consideration of Syncora Guarantee Inc.'s state law action (the "Action") against non-debtor defendant banks over the parties' respective rights under New York contracts (the "Swap Agreements") that were negotiated and executed seven years before the City's bankruptcy.

2. The City contends that its eve of bankruptcy entry into the Forbearance Agreement (as defined below) effectively overrides Syncora's consent rights. After confirming the automatic stay did not apply, Syncora properly filed the Action in New York state court on July 24, 2013; the defendant banks then removed the Action to federal court in New York, then transferred the Action to the District Court for the Eastern District of Michigan (the "District Court"), and filed a motion to dismiss there.

3. The City chose not to intervene in New York, then sought to intervene and to refer the Action to this Court. The District Court did not rule on any substantive matters and instead permitted the automatic reference to the Bankruptcy Court pursuant to Local Rule 83.50(a)(1) for consideration by this Court. The City is neither a party to the contracts at issue in this Action nor a party to the Action itself. Simply stated, the rights of the City are not at issue in the Action.

4. As a threshold matter, the City lacks standing to seek a scheduling order in an action to which it is not a party. While the City has filed a motion to intervene in the Action, no court, either in New York or Michigan, has found that the City has satisfied its burden of showing that it has a legally sufficient interest in the Action that the defendant banks do not adequately represent.

5. Even if the City did have standing, however, as this Court has previously recognized, the Action does not need to be considered concurrently with the City's motion to assume the Forbearance and Optional Termination Agreement (the "Forbearance Agreement"). This is because, on its face, the Action pertains only to the rights of Syncora and the Banks, *inter se,* under the Swap Agreements and related contracts, not to the City's rights under the Forbearance Agreement.

6. Moreover, given the present posture of the Action, it is not yet ripe for adjudication. In order for the issues in dispute to be heard on a complete record, as Syncora previously notified the Banks and the District Court, Syncora is prepared to file its motion for summary judgment, and will do so once the Action is docketed before the Bankruptcy Court. The interests of judicial efficiency are therefore best served by scheduling a single hearing in the Action after the parties have had the opportunity to fully brief plaintiff's motion for summary judgment.

7. Despite filing the Action in July, Syncora has yet to have one

substantive hearing on the merits of its claims. Rather, in order to delay resolution of the merits of the Action, obfuscate the straightforward issues in dispute and deprive Syncora of its choice of forum (a forum set forth in the underlying agreements), the Banks and the City have engaged in procedural ping-pong tactics as they moved this Action from three different courts. While any one of those courts could have entered a final order in the Action, this Court may not do so, thereby causing further delay in the ultimate resolution of the Action.

8. To the extent the City claims prejudice from such delay, its litigation gamesmanship tactics in New York and in the District Court are to blame.[1] Because the Action is in federal court on mere "related to" grounds, under 28 U.S.C. § 157(c) and the Supreme Court's decision in *Stern v. Marshall*, this Court is precluded from entering a final order and may only issue proposed findings of fact and conclusion of law. If efficiency were of paramount concern, this Action is therefore ripe for withdrawal of the reference under 28 U.S.C. § 157(d) and/or abstention under 28 U.S.C. § 1334(c).

9. Nonetheless, in order to avoid further motion practice and to expedite resolution of the Action, Syncora is prepared to forego filing a motion for

---

[1] Judge Lewis A. Kaplan of the Southern District of New York issued an order on August 14, 2013 directing the City either to move to intervene or have its improperly filed submissions to that court stricken from the docket. *See* Order, Case No. 13-05335 (S.D.N.Y. Aug. 14, 2013) (Dkt. 26). The City declined that explicit invitation and did not file its motion to intervene for another two months.

4
13-53846-tjt    Doc 1822    Filed 11/26/13    Entered 11/26/13 12:03:51    Page 4 of 17

withdrawal of the reference and/or abstention and to have this Court enter proposed findings of fact and conclusions of law subject to *de novo* review under Rule 9033 of the Federal Rules of Bankruptcy Procedure.

10. Consequently, that part of the City's motion that relates to the scheduling of the Action should be denied.[2]

## BACKGROUND

### A. The Nature Of This Action

11. In the Action, Syncora seeks a declaration that, under New York law, the defendant non-debtors UBS AG ("UBS"), SBS Financial Products Company, LLC ("SBS"), and Merrill Lynch Capital Services, Inc. ("Merrill Lynch," and together the "Banks") cannot terminate certain swap agreements (the "Swap Agreements"), to which the Banks are party and Syncora is a named third-party beneficiary, without Syncora's consent and, furthermore, that any purported termination of those contracts without Syncora's consent is void *ab initio*. *See* Ex. A (Complaint), at ¶7. The City is not a party to the Swap Agreements.

12. Syncora, a monoline insurer that provides bond guarantees to issuers of debt, guaranteed the payment obligations of two Michigan non-profit corporations, the Detroit General Retirement System Service Corporation and the

---

[2] This objection relates only to that part of the City Motion concerning the scheduling of a hearing on the Banks' joint motion to dismiss in the Action. Syncora and other parties in interest may make additional objections to the other parts of the City Motion.

Detroit Police and Fire Retirement System Service Corporation (together, the "Corporations"), under the Swap Agreements and certain Pension Obligation Certificates of Participation ("COPs") issued by the Corporations. Because a termination of the Swap Agreements could expose the Corporations, and consequently Syncora, to higher interest rates that could force the COPs into default, Syncora negotiated express contractual provisions that require the Banks and the Corporations to obtain Syncora's written consent to any amendment, modification, waiver, or early termination of the Swap Agreements in the event of a termination event or default. *Id.* ¶¶21-25. Consequently, Syncora's written consent is required for any modification or termination of the Swap Agreements. *Id.* ¶25.

13. The Banks entered into the Forbearance Agreement with the City and the Corporations on July 15, 2013, a mere three days before the City filed for bankruptcy. *Id.* ¶26. Through the Forbearance Agreement, the Banks purported to grant the City a right to direct the Banks to exercise the Banks' optional right to terminate the Swap Agreements. *Id.* According to the Forbearance Agreement, the Banks claim to have the right to terminate the Swap Agreements without Syncora's consent. *Id.* ¶28. Because Syncora contends that the Banks have no such right, it initiated the Action against the Banks in New York state court to clarify their respective rights under the Swap Agreements and related contracts.

*Id.* ¶¶31-33.

### B. Procedural History

14. Syncora filed the Action on July 24, 2013. On July 31, 2013, the Banks removed the Action to the Southern District of New York. That same day, the Banks moved to transfer the case to the District Court. On October 2, 2013, without reaching the question of whether there was federal jurisdiction or if the Action should be remanded to New York state court, Judge Lewis A. Kaplan granted Defendants' motion to transfer. On October 10, 2013, the case was transferred to the District Court.

15. On October 10, 2013, the City filed a motion to intervene in the District Court and requested that pursuant to Local Rule 83.50(a)(1) the case be automatically referred to the Bankruptcy Court to be adjudicated in connection with the City's bankruptcy proceeding. Syncora opposed both the motion to intervene and the reference to the Bankruptcy Court. On October 17, 2013, the Banks filed a motion to dismiss the Action, which Syncora also opposed.

16. On November 18, 2013, the District Court issued an order referring the Action to the Bankruptcy Court pursuant to Local Rule 83.50(a)(1). *See* Referral to Bankruptcy Court, Case No. 13-14293 (E.D. Mich. Nov. 18, 2013) (Dkt. 23). The District Court explicitly declined to rule on either the City's motion to intervene or the Banks' motion to dismiss. *Id.* at 4 ("[t]he matter is referred for

further proceedings, including consideration of the City's pending motion to intervene…and Defendants' pending motion to dismiss"). The District Court's order was also without prejudice to Syncora filing a motion to withdraw the reference. *See id.* at 3 ("Plaintiff certainly is free to file a motion to withdraw the reference following referral").

17. The Action has not yet been docketed in the Bankruptcy Court, as a separate adversary proceeding or otherwise, so no further motions have been filed by the parties. Nonetheless, on November 22, 2013, the City, a non-party to the Action, filed the City Motion seeking, *inter alia*, a hearing on its motion to intervene on December 4 and a hearing on the Banks' motion to dismiss on December 10. *See* City Motion at 9. Through this objection, Syncora opposes the relief requested in the City Motion as it relates to scheduling in the Action.

## ARGUMENT

### I. THE CITY HAS NO RIGHT TO BE HEARD AT THIS STAGE IN THE ACTION'S PROCEEDINGS

18. As a threshold matter, the City Motion should not be considered at this stage in the Action because the City is not a party to the Action and therefore has no standing to file motions in the Action.

19. The Action is a case between non-debtor parties, Syncora and the Banks, concerning their respective rights under the Swap Agreements and related contracts. As the City conceded in its motion, the City is not a party to the Action

8

and its motion to intervene in the Action is currently pending.[3]  City Motion at 9.

20.     It is well-established that only parties to an action may be heard on issues relating to that action.  *See, e.g., Flener v. Monticello Banking Co. (In re Alexander)*, 06-10238(1)(7), 2009 WL 3835038, at * 1 (Bankr. W.D. Ky. Nov. 16, 2009) ("[n]on-party participation is dependent on intervention" so debtor had no legal standing to seek dismissal of an adversary proceeding where the debtor was not a party and had not intervened); *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136, 137 (10th Cir. 1990) (debtor lacked standing to participate in adversary proceeding, absent intervention), *cert. denied*, 502 U.S. 863 (1991); *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1141 (1st Cir. 1992) ("nonparty participation in an adversary proceeding is dependent on intervention").

21.     The City has cited no authority whatsoever that would permit this Court to consider the City Motion as it relates to the Action before this Court considers the City's motion to intervene.  Because the City has no standing to file any motion in the Action, its motion to schedule a hearing in the Action must be denied.

22.     Moreover, even if the City was a party to the Action (which it is not)

---

[3]  Syncora opposed the City's motion to intervene.  The City is not party to the Swap Agreements and has no legal interest in the parties' dispute and it is therefore not permitted to intervene under either Rule 24(a)(1) or Rule 24(a)(2).  *See* Plaintiff Syncora Guarantee Inc.'s Response to the City of Detroit's Motion to Intervene, Case No. 13-14293 (E.D. Mich. Oct. 24, 2013) (Dkt. 13).

and even if it had standing to file motions in the Action (which it does not), the City has still put the cart before the horse by filing its motion before the Action is even docketed by this Court. In so doing, the City was apparently attempting to thwart Syncora's ability to file a timely motion to withdraw the District Court's automatic reference of the Action to this Court despite Syncora's previously stated intention to file such a motion and the District Court's explicit statement that it "intimate[d] no view on the propriety of withdrawing the reference." Referral to Bankruptcy Court, Case No. 13-14293 (E.D. Mich. Nov. 18, 2013) (Dkt. 23), at 4.

23. The City's improper filing also inappropriately attempts to short-circuit the ability of the actual parties to the Action to seek efficient resolution of the Action. Syncora has prepared, but not yet had the opportunity to file, its motion for summary judgment. And, as discussed more fully below, the Action can and should be decided on Syncora's motion for summary judgment. It is thus most efficient for the Court to schedule a hearing in the Action after the parties have had the chance to file and brief the summary judgment motion. By contrast, it is simply inefficient and an inappropriate use of judicial resources for the City to seek to schedule hearings in an action to which it is not a party.

## II. THERE IS NO NEED FOR EXPEDITED PROCEEDINGS IN THE ACTION

24. The City's Motion should also be denied because there is no reason to expedite this Court's consideration of the Action. The City contends that the

10

13-53846-tjt    Doc 1822    Filed 11/26/13    Entered 11/26/13 12:03:51    Page 10 of 17

Action should be heard concurrently with this Court's consideration of the Forbearance Agreement because "the two proceedings are two halves of the same coin." City Motion at 8. Even if that were the case, which it is not, that alone would not require the Action to be considered on December 10, 2013, particularly when the Action can be more efficiently resolved after the parties have fully briefed Syncora's motion for summary judgment.

25. As this Court has previously recognized, "if the motion to assume is granted, it's granted with all of the warts and questions about the contract. There's nothing about the assumption process that improves a debtor's position vis-a-vis other parties, right? We all understand that." *See* Ex. B (Transcript of Conference, August 2, 2013 at 127:13-17).[4]

26. In the Action, Syncora seeks a declaratory judgment with respect to the parties' rights under the Swap Agreements. Syncora does not seek adjudication of the City's rights under the Forbearance Agreement. Nothing prevents this Court from deciding the Assumption Motion while adjudication of Syncora's dispute with the Banks is pending.

27. Even if there was a reason for this Court to decide the two actions simultaneously, there is still no need to have an expedited hearing on the Banks'

---

[4] The written transcript of this hearing indicates that Your Honor used the term "word" and not "warts." This is a transcription error. *See* Audio Recording, available at: http://www.mieb.uscourts.gov/apps/detroit/DetroitAudio.cfm.

motion to dismiss. Under the terms of the Forbearance Agreement, the City has until March 2014 to exercise its termination option and the City is required to pay the Banks hundreds of millions of dollars whether it seeks to exercise its rights under that agreement on December 11, 2013 or March 13, 2014. *See* Ex. C (Forbearance Agreement), § 3.5 (defining "Applicable Percentage" as 82% if, *inter alia*, "the Optional Termination Notice Date occurs after [November 15, 2013] and prior to [March 14, 2014]").[5]

28. Defendants' motion to dismiss will be fully briefed by November 26, 2013 when the Banks' reply, should they chose to file one, is due in accordance with Local Rule 7.1. Syncora's motion for summary judgment can also be fully briefed within the next month. There is more than sufficient time for the Action to progress in due course and still be resolved by the March 2014 deadline arbitrarily imposed by the City and the Banks when they drafted the Forbearance Agreement. *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) ("it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making"); *In re Schindler*, No. 09-71199-ast, 2011 WL 1258531, *2 (Bankr. E.D.N.Y. Mar. 31, 2011).

29. The City Motion to expedite hearings in the Action should therefore

---

[5] According to the City, "the termination value of the swaps is approximately $300 million." *See* Debtor's Response to Motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (filed Aug. 1, 2013) (Dkt. 244), at 13.

be denied because there are no exigencies that require expedited proceedings.

## III. THE ACTION CAN BE MOST EFFICIENTLY DECIDED ON PLAINTIFF SYNCORA'S MOTION FOR SUMMARY JUDGMENT

30. In the Action, Syncora seeks a declaration that (i) the Banks cannot terminate the Swap Agreements without first obtaining Syncora's consent and (ii) any purported termination of the Swap Agreements without Syncora's express written consent is void *ab initio*. Because the Swap Agreements unambiguously provide Syncora with the right to consent to any purported termination, Syncora intends to file a motion for summary judgment once the Court dockets the Action. With that motion, Syncora intends to file additional documentary evidence, including to support its argument that the City and the Banks entered into the Forbearance Agreement in a transparent attempt to manufacture bankruptcy jurisdiction, modify the Swap Agreements and avoid Syncora's contractual consent rights. At that point, the Court will be able to rule on a complete record that no genuine issue of material fact is in dispute.

## IV. THIS COURT MAY ONLY ENTER PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

31. The constitutional limitations on this Court's authority also counsel in favor of this Court deciding the Action pursuant to Syncora's motion for summary judgment.

32. The Action is a contract dispute between non-debtors that is, at the

very most, only tangentially "related to" the City's bankruptcy: it is indisputably not a "core proceeding" because it "does not invoke a substantive right created by federal bankruptcy law and is [an action] that could exist outside of the bankruptcy." *Michigan Emp't Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir. 1991); *Bliss Techs., Inc. v. HMI Indus., Inc. (In re Bliss Techs., Inc.)*, 307 B.R. 598, 602 (Bankr. E.D. Mich. 2004) ("[I]f the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding.").[6]

33. Under the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), this court may enter proposed findings of fact and conclusions of law in "related to" proceedings but final rulings in such a case must be made by the District Court. *See also* 28 U.S.C. § 157(c)(1) (in related cases, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge…after reviewing de novo those matters to which any party has timely and specifically objected"); Fed. R. Bankr P. 9033 ("[i]n non-core proceedings heard pursuant to 28 U.S.C. § 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law….").

---

[6] This Court may make the determination that this is a non-core proceeding on its own motion pursuant to 28 U.S.C. § 157(b)(3).

34. Based upon the foregoing, the District Court would be obligated to grant a motion to withdraw the reference because (i) the Action is a state law case between non-debtors that is, at most, "related to" the City's bankruptcy, and (ii) there is "cause" for withdrawing the reference under 28 U.S.C. § 157(d) because this is a non-core proceeding between non-debtors and it would be both time and cost efficient to adjudicate it in a court that can issue a final judgment.

35. For these same reasons, Syncora submits that it would also be appropriate for either this Court or the District Court to abstain from hearing the Action and remand it to the New York state court under 28 U.S.C. § 1334(c)(2) and 28 U.S.C. § 1452(b). *See, e.g., Lindsey v. Dow Chemical Co. (In re Dow Corning Corp.)*, 113 F.3d 565, 570 (6th Cir. 1997) (even if an action is "related to" a bankruptcy case, it must be remanded to state court where, as here, it: (1) is based on state law claims, (2) lacks federal jurisdiction absent the bankruptcy, (3) was commenced in a state forum of appropriate jurisdiction, (4) can be timely adjudicated in state court, and (5) is a non-core proceeding).

36. Given the current procedural posture, however, rather than delay a decision on the merits any further, Syncora is willing to forego seeking to have the reference of this Action withdrawn or to have the Action remanded to New York state court. Rather, Syncora submits that this Court should, in accordance with *Stern v. Marshall* and 28 U.S.C. § 157(c)(1), issue proposed findings of fact and

15

<mark />13-53846-tjt    Doc 1822    Filed 11/26/13    Entered 11/26/13 12:03:51    Page 15 of 17

conclusions of law in the Action after the parties have had the opportunity to fully brief Syncora's motion for summary judgment. In the event that either party seeks to challenge this Court's ruling, the proposed findings of fact and conclusions of law will be subject to *de novo* review by the District Court in accordance with Rule 9033 of the Federal Rules of Bankruptcy Procedure.

## **CONCLUSION**

37. For the foregoing reasons, Syncora respectfully requests that the Bankruptcy Court deny that portion of the City's Motion for Entry of an Order Establishing Pre-Trial and Trial Procedures and Setting Additional Hearings as it relates to scheduling of the Action.

Dated: November 26, 2013               Respectfully submitted,

/s/ Stephen M. Gross

Stephen M. Gross (P35410)
Joshua A. Gadharf (P76860)
MCDONALD HOPKINS PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Tel: (248) 646-5070
sgross@mcdonaldhopkins.com
jgadharf@mcdonaldhopkins.com

-and-

Jonathan E. Pickhardt (admission pending)
Susheel Kirpalani
Jake M. Shields (4216123)
QUINN EMANUEL URQUHART & SULLIVAN, LLP

51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
jonpickhardt@quinnemanuel.com
susheelkirpalani@quinnemanuel.com
jakeshields@quinnemanuel.com

*Attorneys for Syncora Guarantee Inc.*