UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,             Case No. 13-53846-SWR
                                              Chapter 9
                 Debtor.            Hon. Steven W. Rhodes
_____/

**OBJECTION TO DEBTOR'S MOTION FOR ORDER
APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

**Introduction**

Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative (the "Cooperatives") are plaintiffs in a class action suit filed in U.S. District Court against the Detroit Water and Sewerage Department ("DWSD"), case no. 4:12-cv-13747 (the "Class Action"). In the Class Action, the Cooperatives assert that the DWSD is charging commercial water rates to residential multi-unit buildings in violation of state and federal guarantees of equal protection. The Cooperatives have sought relief from the automatic stay to continue prosecution of the Class Action for the purpose of certifying the class; establishing liability; and seeking to enjoin the DWSD from charging improper water rates (docket no.1137). Notably, the improper charging did not cease when the City's bankruptcy was filed. Thus, the Cooperatives are not stayed from filing a new complaint in district court to enjoin the DWSD from continuing the unconstitutional practice of charging residential multi-units at commercial rates.

The scope of the City's motion for approval of alternative dispute resolution procedures (docket no. 1665) is unclear, but it appears to provide the City with limitless authority to deem

any claim to fall into what it categorizes as a "Designated Claim":

> [] the City intends to identify certain disputed claims (collectively, the "Designated Claims") that it believes could be liquidated more efficiently, cost effectively and/or expeditiously through an alternative dispute resolution process, rather than by traditional litigation. The City may designate for liquidation pursuant to the ADR Procedures any proof of claim timely asserted in these cases by serving a notice (an "ADR Notice") on the applicable claimant.

(docket no. 1665, paragraph 16).

And, if the City's proposed order is entered, a "Designated Claimant" will have no opportunity to object to the designation or the procedures forced upon it by the one-sided[1] order. Thus, the Cooperatives are constrained to object to the motion, without even knowing if it pertains to them.

## Objection to ADR Procedures Motion

The primary reasons that the ADR Procedures will not promote efficiency of process with respect to the Cooperatives' claims are: 1) the Cooperatives are seeking injunctive relief, and 2) the Cooperatives' claims continue to accrue post-petition.

The ADR Procedures for the "monetary valuation" of claims will not dispose of the Cooperatives' goal of obtaining an injunction against the DWSD from charging improper water rates. The City acknowledges this problem at footnote 5 of its motion, stating—

> A number of Lift Stay Motions have involved requests for nonmonetary relief from the City, including, for example, quiet-title actions and requests that the City allow proceedings to continue to strip junior City liens from property with no equity to satisfy such liens. The City has been developing a mechanism to preemptively address and resolve such requests for nonmonetary relief to minimize the need for court involvement.

(docket 1665, p. 7, fn. 5). However, the City does not indicate whether, upon developing a

---

[1] For example, the City reserves for itself, the "sole discretion" to disregard the ADR Procedures and "pursue the litigation of any particular claim outside of the ADR Procedures where it deems more appropriate".

mechanism to address and resolve requests for nonmonetary relief, a new motion to enforce that mechanism will be required or if it will somehow fall within the scope of the proposed ADR Procedures order. Either way, the Cooperatives should not be forced to sit by while their equal rights are being violated so that the City can contrive some mechanism for dealing with claims for injunctive relief.

Also, the Cooperatives' post-petition injunction claims are not stayed by the bankruptcy and may be prosecuted in the district court, resulting in a duplication of efforts—addressing pre-petition claims under the proposed ADR Procedures order and addressing post-petition claims in the U.S. District Court. Judicial economy would dictate that all the claims should be addressed in one forum. And, that forum should be the U.S. District Court which has familiarity with the case, experience with the constitutional claims at issue, and jurisdiction to enter a final order. Moreover, the Michigan Tribunal Association as an ADR provider is neither suited nor equipped to decide questions of injunctive relief. This further undermines application of the City's ADR proposal to the Cooperatives.

**Conclusion**

Because the Cooperatives seek injunctive relief as well as monetary relief and because the conduct that the Cooperatives seek to enjoin continues post-petition giving rise to new causes of action, the proposed ADR Procedures order is not a suitable resolution mechanism for the Cooperatives' claims. Accordingly, the Cooperatives object to the ADR Procedures motion.

STEINBERG SHAPIRO & CLARK

/s/ Tracy M. Clark (P60262)
Attorney for Cooperatives
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: November 26, 2013