UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | ) Chapter 9 <br> ) Case No. 13-53846 <br> ) <br> ) Hon. Steven W. Rhodes <br> ) <br> ) <br> ) |
| CITY OF DETROIT, MICHIGAN, | |
| Debtor. | |

**ORDER PURSUANT TO SECTIONS 901, 1102 AND 1103
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014
FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF LAZARD FRÈRES
& CO. LLC AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 3, 2013**

Upon the application of the Official Committee of Retirees (the "Committee") of the City of Detroit, Michigan as debtor (the "City" or the "Debtor"), pursuant to sections 901, 1102 and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing the Committee to employ and retain Lazard Frères & Co. LLC ("Lazard") as its financial advisor effective as of September 3, 2013 (ECF #1476) (the "Application")[1], pursuant to the terms of the engagement letter between the Committee and Lazard attached to the Application as Exhibit 3 (the "Lazard Agreement"); and Lazard having submitted the Declaration in support of the Application; and the Debtor having filed a limited objection to the Application (ECF #1703) (the "Limited Objection"); and the Court being satisfied based on the representations made in the Application and the Declaration that Lazard neither represents nor holds any interest adverse to the Committee nor represents any other entity having an adverse

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

interest in connection with this Chapter 9 case; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and the Court being informed that the Limited Objection is resolved by this agreed form of order and, therefore, having determined that no hearing is necessary; and it further appearing that the relief granted herein is appropriate and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that the Committee is authorized to retain and employ Lazard as its financial advisor and investment banker pursuant to sections 1102 and 1103 of the Bankruptcy Code on the terms set forth in the Lazard Agreement, as modified herein, effective as of September 3, 2013; and it is further

ORDERED that, consistent with the agreement of the Debtor, Lazard will be compensated and reimbursed by the Debtor, in accordance with and subject to the terms of the Fee Review Order, entered September 11, 2013 (ECF # 810) (the "Fee Review Order"); *provided, however,* that (i) the Monthly Fee payable to Lazard for the month of September 2013 shall be prorated to reflect that Lazard's engagement did not commence until the third day of the month and, if applicable, the Monthly Fee payable to Lazard for the final month of Lazard's engagement shall be prorated if this chapter 9 case or Lazard's engagement is terminated prior to the end of the month and (ii) Lazard is hereby determined not to be a professional billing on an hourly basis and shall comply with paragraph 13 of the Fee Review Order by providing a summary description of the work performed each month and such other information as may be

2

13-53846-tjt    Doc 1832-1    Filed 11/26/13    Entered 11/26/13 16:35:05    Page 2 of 4

agreed upon by the Fee Examiner; and it is further

ORDERED that in addition to its reasonable compensation for professional services rendered, Lazard is entitled to reimbursement by the Debtor for actual and reasonable out-of-pocket expenses incurred in connection with the performance of its engagement under the Lazard Agreement, in accordance with and subject to the terms of the Fee Review Order; *provided that*, notwithstanding any provisions in the Lazard Agreement to the contrary, Lazard may seek reimbursement of legal fees through the procedures, and subject to the terms and conditions, set forth in the Fee Review Order, but only in the event that the incurrence of such legal fees relate to either (a) Lazard's pursuit of payment following a material breach by the City of its obligation to pay Lazard's fees under the Fee Review Order or (b) Lazard's successful defense of a judicial challenge to its fees by the City pursuant to paragraph 24 of the Fee Review Order; and it is further

ORDERED that for purposes of Section VI of the Lazard Agreement, (i) "consummation of the City's chapter 9 proceedings" shall mean "confirmation of a plan of adjustment" and (ii) Lazard's engagement also shall be automatically terminated upon the dissolution of the Committee unless such dissolution shall be by court order and such order is the subject of an appeal and a stay of such order has been entered; and it is further

ORDERED that nothing in this Order, the Lazard Agreement or the Application (i) shall be construed as prior consent by the City to the transaction fee set forth in Section III.B of the Lazard Agreement or any similar fee (any such fee, a "Transaction Fee"), which consent may be sought by Lazard only after agreement has been reached with the Committee as to the nature and amount of any such Transaction Fee; (ii) shall impose any limitation of liability on the City in favor of Lazard (and the limitation of liability provided for pursuant to Section VIII of the

Lazard Agreement shall not bind the City); or (iii) shall impose any requirement on the City to provide information to the Committee, Lazard or the Committee's other professionals or be used to compel the City to provide information or turn over documents.  For the avoidance of doubt, a Transaction Fee shall be payable to Lazard only upon the occurrence of all of the following three conditions precedent:  (i) the Committee approves the nature and amount of the Transaction Fee, (ii) the Fee Examiner approves the reasonableness of the Transaction Fee and (iii) the City consents to the Transaction Fee; and it is further

      ORDERED that the terms of the Lazard Agreement are approved in all respects except as limited or modified herein; and it is further

      ORDERED that, for the avoidance of any doubt and notwithstanding anything in the Application or the Lazard Agreement to the contrary, Lazard shall seek payment of its compensation and reimbursement of its expenses pursuant to the procedures set forth in the Fee Review Order, and all payment obligations of the Debtor pursuant to the Lazard Agreement shall be subject to the Fee Review Order; and it is further

      ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.