UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

**THE DETROIT RETIREMENT SYSTEMS' LIMITED OBJECTION TO THE MOTION OF THE DEBTOR, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS**

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") submit this Limited Objection (the "Objection") to the Motion of the Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Dkt. No. 1665] (the "ADR Motion").[1] In support of this Objection, the Retirement Systems respectfully state as follows:

---

[1] This Objection is filed subject to the reservations of rights in the Appearances filed by the undersigned counsel in this case, including the Retirement Systems' right to argue that this Court lacks subject-matter jurisdiction.

**Background**

1. On July 18, 2013, the City filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C. §101, *et seq*. (the "Bankruptcy Code").

2. On November 12, 2013, the City of Detroit, Michigan (the "City") filed the ADR Motion. The ADR Motion generally requests that mandatory alternative dispute resolution procedures (the "ADR Procedures") be established for resolving proofs of claim. The ADR Procedures generally involve a three-step process: (i) Offer Exchange;[2] (ii) Case Evaluation; and (iii) Binding Arbitration, if the parties consent to the same. In the ADR Motion, the City proposes that it be authorized to designate <u>any</u> proof of claim for resolution through the ADR Procedures. Motion at ¶16.

3. The ADR Motion identifies certain Initial Designated Claims that will be immediately designated for resolution through the ADR Procedures.

4. In footnote 17 to the ADR Motion, the City notes that it "believes that known holders of Initial Designated Claims are among the entities identified on Schedule H to the List of Claims." Motion at fn. 17.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the ADR Motion.

5. It appears from the ADR Motion and Schedule H (Litigation and Similar Claims) to the List of Creditors [Dkt. No. 1059] that the City proposes to treat four identified GRS matters and three identified PFRS matters as Initial Designated Claims subject to the ADR Procedures.

6. The Alternative Dispute Resolution Procedures attached as Exhibit 6 to the ADR Motion state:

> The City may designate for liquidation pursuant to the ADR Procedures ***any*** proof of claim timely asserted in these cases by serving a notice (the "ADR Notice") on the applicable claimant, if the City believes, in its sole discretion, that the ADR Procedures would promote the resolution of such claim and serve the intended objectives of the ADR Procedures. Without limiting the foregoing, any and all timely filed prepetition claims in the following categories shall be Designated Claims hereunder prior to the City serving an ADR Notice on the applicable claimant: (1) personal injury tort or wrongful death claims, (2) property damage claims or (3) claims relating to the operation of motor vehicles for which the City is self-insured pursuant to chapter 31 of Michigan's Insurance Code of 1956, M.C.L. §§ 500.3101, et seq. (collectively, the "Initial Designated Claims")[.] The holders of the Designated Claims, including Initial Designated Claims, are referred to herein as the "Designated Claimants."

ADR Motion, Exhibit 6 at pp. 1-2, *emphasis added*.

## Objections

7. It is unclear from the ADR Motion and the proposed Alternative Dispute Resolution Procedures attached as Exhibit 6 thereto whether the City intends to treat the Retirement Systems' matters identified on Schedule H to the List of Creditors as Initial Designated Claims. Because the Retirement Systems have not asserted personal injury tort or wrongful death claims, property damage claims, or claims relating to the operation of a motor vehicle, it would appear that the City may not intend to treat them as Initial Designated Claims. Out of an abundance of caution, however, the Retirement Systems object to the designation of the seven Retirement Systems' matters identified on Schedule H as Initial Designated Claims subject to the ADR Procedures.

8. The Retirement Systems also object to the ADR Motion to the extent that the City seeks authority to unilaterally designate any proof of claim filed by or on behalf of the Retirement Systems for resolution pursuant to the ADR Procedures.

9. Claims filed or asserted by the Retirement Systems are not appropriate for resolution pursuant to the ADR Procedures because their claims cannot be determined without: (i) a complete understanding of complex financial and actuarial data and (ii) a definitive understanding of how the pension plans will be treated under a plan of adjustment. Such complexities cannot be understood or

resolved through an alternative dispute resolution process that: (i) does not provide for the mutual exchange of information; (ii) limits the content of "Permitted Responses" and Counteroffers; and (iii) limits presentation time during Case Evaluation to 15 minutes per side unless unusual circumstances warrant additional time.

10. Claims for unpaid contributions, unfunded accrued actuarial liabilities, and unpaid pension benefits, whether asserted directly by the Retirement Systems, or directly or derivatively by or on behalf of retirees, should not be subject to the ADR Procedures, and the City should not be authorized to unilaterally direct any proof of claim arising from or based upon unpaid contributions, unfunded accrued actuarial liabilities, and unpaid pension benefits for resolution pursuant to the ADR Procedures.

11. The Retirement Systems also object to any claims of the Retirement Systems, including those identified by the City as Initial Designated Claims, being subject to the Initial Injunction or the ADR Injunction.

12. To resolve their objection, the Retirement Systems propose that the following language be added to the proposed order attached as Exhibit 1 to the ADR Motion:

> The matters identified on Schedule H to the List of Creditors [Dkt. No. 1059] with respect to the General Retirement System of the City of Detroit

5

13-53846-tjt    Doc 1834    Filed 11/26/13    Entered 11/26/13 22:28:55    Page 5 of 8

and the Police and Fire Retirement System of the City of Detroit (a) shall not be treated as (i) Initial Designated Claims or (ii) Designated Claims; (b) shall not be included in or directed for resolution by the City through the ADR Procedures; and (c) shall not be subject to the Initial Injunction or the ADR Injunction.

Any proof(s) of claim filed by or asserted (directly, indirectly, or derivatively) on behalf of (i) the General Retirement System of the City of Detroit; (ii) the Police and Fire Retirement System of the City of Detroit; or (iii) individual retirees shall not be subject to this Order or the ADR Procedures.

13. The Retirement Systems reserve their rights to supplement this Objection, as necessary, should they be unable to resolve these limited objections with the City in advance of a hearing on the ADR Motion.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
sdeeby@clarkhill.com
jgreen@clarkhill.com

Dated: November 26, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 26, 2013, The Detroit Retirement Systems' Limited Objection to the Motion of the Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

                CLARK HILL PLC

                /s/ Robert D. Gordon
                Robert D. Gordon (P48627)
                151 South Old Woodward Avenue, Suite 200
                Birmingham, Michigan 48009
                Telephone: (248) 988-5882
                Facsimile: (248) 988-2502
                rgordon@clarkhill.com

Dated: November 26, 2013      *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*