# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 9 |
| | Case No. 13-53846-SWR |
| CITY OF DETROIT, MICHIGAN, | Hon. Steven W. Rhodes |
| Debtor. | |

_____/

## OBJECTION OF RETIREE ASSOCIATION PARTIES
## TO DEBTOR'S POSTPETITION FINANCING MOTION

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor,

individually and as President of the RDPFFA, and the Detroit Retired City Employees Association

("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively,

"Retiree Association Parties"), through their counsel, Lippitt O'Keefe, PLLC and Silverman &

Morris, P.L.L.C., file this objection to the City's postpetition financing motion.

1.     On November 5, 2013, the City filed its Motion of the Debtor for a Final Order

Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921

and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority

Claim Status and (III) Modifying Automatic Stay (the "Financing Motion") (dkt. 1520).

2.     In the Financing Motion, the City seeks approval of a proposed postpetition bond

financing agreement ("Postpetition Financing"), to secure financing up to $350,000,000 from

Barclays Capital, Inc. ("Barclays").

3.     The proposed Postpetition Financing is to be comprised of two series of secured

bonds, the "Swap Termination Bonds" and the "Quality of Life Bonds."[1]

---

[1] Capitalized terms not otherwise defined herein are as defined by the City in the Financing Motion.

4.      The Swap Termination Bonds would be used to pay off the Swap Counterparties relative to the Forbearance Agreement.  The Forbearance Agreement has been objected to by many parties and is in dispute.

5.      The Quality of Life Bonds are proposed to be used to finance expenditures such as "blight removal, public safety and information technology infrastructure."  However, the proposed use of the proceeds is not disclosed in detail nor does the City propose to be restricted in its use of the proceeds.

6.      The Retiree Association Parties object to the Financing Motion for the following reasons:

A.      <u>The proposed Postpetition Financing is unreasonably expensive.</u>  The minimum interest rate would be 3.5% (LIBOR, presumed to be a minimum of 1%, plus 250 basis points).  Barclays would have the ability to further increase the cost by:

(i)      Activating the "market flex" provision of the fee letter to further raise the minimum interest rate to 6.5%; ***and***

(ii)     Charging a prepayment penalty equal to one year of interest if the bonds are redeemed within a year.

B.      <u>The fees are excessive, especially in light of the short-term nature of the loan</u>. The City proposes to pay Barclays a "Commitment Fee" of no less than $750,000.00 (1.25 % of the principal amount of the Bonds).  This Commitment Fee will likely be in excess of $4,000,000, plus attorneys' fees.  The City also proposes to pay a fee to Miller Buckfire & Co., LLC of .015% (approximately $525,000).  The maturity date of the Bonds is very short-term.  It could be as late as two and one-half years after the closing date on the transaction, or as early as the dismissal of

this case. Therefore, the City might be faced with additional fees if it is required to obtain replacement financing.

          C.    <u>The Postpetition Financing may not be in the best interests of creditors</u>.

The proposed pledge of the Asset Proceeds Collateral (and the City's other assets) limits the options available to the City to reach an agreement with other creditors, including the retirees, as to the treatment of their claims. [2] Moreover, there is a dispute regarding the validity of the Swap Counterparties' prepetition security interests in the City's casino revenues. [3] There is also a dispute regarding the continuing (postpetition) enforceability of those security interests (*see, e.g.,* the objection of the Retirement Systems, dkt. 370). If the security interests of the Swap Counterparties are not properly perfected, and/or if those interests are no longer secured, then the Swap Counterparties' claims should not be paid through the issuance of the Swap Termination Bonds, but instead should be paid pro-rata with the City's other unsecured creditors.

        The amount of the Quality of Life Bonds is equal to the sum of $350,000,000, less the amount of the Swap Termination Bonds. The Financing Motion does not disclose the proposed amount of the Swap Termination Bonds. Without these figures, the Retiree Association Parties cannot determine whether and to what extent the issuance of the Quality of Life Bonds might benefit the City.

        The City Council has expressed is disagreement with the proposed transaction (see dkt. no. 1396).

---

[2] According to a November 14, 2013 article in the Detroit News, Judge Rosen, the federal judge mediating various issues in this case, is "exploring whether regional and national foundations could create a fund that would protect the [DIA's] city-owned collection by helping to support retiree pensions."

[3] The City mentioned the existence of this dispute in its settlement motion (dkt. 157, ¶ 47), but no further details were provided by the City. However, there is an analysis of the potential invalidity of the security interests and/or the validity of the swap agreement in Ambac Assurance Corporation's objection to the settlement motion, filed on August 19, 2013 (dkt. 410).

D.      The Postpetition Financing represents the implementation of a plan of adjustment and creditor treatment prior to the filing of a plan of adjustment.  The City is attempting to adjust its prepetition obligations piecemeal, rather than through a comprehensive plan of adjustment.  The Financing Motion proposes to collateralize:

a.      The Asset Proceeds Collateral;

b.      Income tax revenue; and

c.      Taxes owing to the City on the gross receipts earned by the casinos located in the City.

In addition, the Postpetition Financing provides both the Quality of Life Bonds and the Swap Termination Bonds, if approved, with a super-priority claim status (including priority over all administrative expenses).  In a separate motion (dkt. 1341), the City seeks to collateralize its utility tax revenues.  If the City is permitted to grant such liens and super-priorities, then by the time the City files its plan of adjustment, few sources of revenue may be available to fund obligations such as pensions.  There is no justification for this piecemeal approach, especially in light of the City's prior indications that it intends to file a plan of adjustment before the end of the year.

E.      The proper place for the City to request approval of quality of life initiatives, pledging of assets,  and super-priority is through a plan of adjustment, in which this Court and the creditors would be able to review the proposed actions for their fairness to creditors under § 943 of the Bankruptcy Code.

7.      Discovery is ongoing, and additional objections are likely to be filed by other objecting parties.  The Retiree Association Parties anticipate that they will agree with the arguments made by many of these parties, and reserve the right to incorporate those additional objections into this objection.

**WHEREFORE,** the Retiree Association Parties respectfully request that the Court deny the Financing Motion.

Respectfully submitted,

**SILVERMAN & MORRIS, P.L.L.C.**

/s/ Thomas R. Morris
Thomas R. Morris (P39141)
Karin F. Avery (P45364)
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
Tel: (248) 539-1330; Fax: (248) 539-1355
morris@silvermanmorris.com
avery@silvermanmorris.com

**LIPPITT O'KEEFE, PLLC**
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
Tel: (248) 646-8292; Fax: (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

*Attorneys for Retiree Association Parties*

Dated: November 27, 2013

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION (DETROIT)**

In re:                                                    Chapter 9
                                                         Case No. 13-53846-SWR
CITY OF DETROIT, MICHIGAN,                                Hon. Steven W. Rhodes

                Debtor.
_____/

**CERTIFICATE OF SERVICE**

        I hereby certify that on November 27, 2013, I electronically filed with the Clerk of the Court

for the United States Bankruptcy Court, Eastern District of Michigan, an **Objection of Retiree**

**Association Parties to Debtor's Postpetition Financing Motion and this Certificate of Service**,

using the Court's CM/ECF System, which will sent notification of such filing to all parties

requesting notice on the electronic service list.

                                        _____/s/ Lori Powers_____
                                        Lori Powers
                                        Silverman & Morris, P.L.L.C.

Dated:  November 27, 2013