UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

Debtor
_____/

## RESPONSE TO THE CITY ON THE BANKRUPTCY PROCEEDING ON OUR OBJECTIONS DOCKET NUMBERS 565 AND 1428

Now comes the creditors and persons of interest in propria persona _Curl Williams_ and _Hassan Aleem_

We are resident of the city of Detroit and taxpayers and citizens in the State of Michigan and of the United States.

The Bankruptcy court hearing for eligibility on September 19, 2013 the Judge Steven W. Rhodes stated we could file additional information and it was also reported in the news, therefore, we submit this response to the city application, (or I should say the Emergency Manager, Kevyn Orr) responses amendments and stipulations on the Bankruptcy proceeding, until the court rules on creditors and all person of interest objections to dockets 565 and 1428:

1

The creditors and parties of interest as objectors in this action the moving parties respond to the city in this case and show the following:

1) The State through the Emergency manager continue to demonstrate prejudice because there were no financial review team or any analysis prior to appointing the Emergency Manager, Kevyn Orr to determine if it was even necessary to appoint an emergency manager or if bankruptcy was necessary. There was no evaluation of a review team under Public Act 1990 of 72 or Public Act 436.

a) Kevyn Orr, the emergency manager was suppose to began 6 months after being appointed submitting reports every 3 months thereafter, to the Governor Rick Snyder, the treasurer then Andy Dillon, the senate majority leader, the speaker of the house of representative, each state senator and state representative who represents the local government that is in receivership, and the clerk of the local government that is in receivership, and shall post on the internet on the website of the local government as required by Public Act 436 section 17. The state through the emergency manager have failed to follow and comply with Public Act 436 and is a procedure due process of law violation of the 5th and 14th Amendment of the Constitution of the United States.

b) The State of Michigan ordered a team Wednesday to review the financial of the City of Hamtramck. It's the second step in a process that could lead to the appointment of an emergency manager. A preliminary review by the

2

state, conducted at the request of city in serious financial condition. (Reported April 18, 2013 Detroit Free Press Page 7A Exhibit 7A). However, in Detroit there were no review or any analysis by a review team to determine if bankruptcy was even necessary under Public Act 72 of 1990 or Public Act 436, The state wide referendum repealed, abrogated, Public Act 4 and everything under and stemming from it was abolished, therefore, null and void and have no effect, thus violated due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United State.

The former State Treasurer, Andy Dillon stated that there was no reason to file for bankruptcy and that it was premature.

2) When Krystal Crittendon, former corporation council filed a suit in the Ingram County court of claim against the state of Michigan for money owed to the city. Judge Colette ruled that because she didn't have the authority and approval of the mayor the case was dismissed.

Neither the City Council and or the mayor never approved the Bankruptcy, nor were there a review team in accordance to Public Act 436 and the State through Kevyn Orr filed in violation of 11 USC 109 9(c) of the Bankruptcy code.

The bankruptcy court lacks jurisdictions over the person the Emergency Manager, Kevyn Orr because he doesn't have the legal authority to file for bankruptcy "<u>Only a municipality may file for relief under chapter 9,</u>" therefore, in violation of title 11 section 109 (c) of the Bankruptcy Code.

3

a) The petition for bankruptcy is invalid because the party that signed it failed to receive legal authorization and lacks the proper authority. See Bankruptcy City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D. Pa 2011).

In this case the court determined that this case should be dismissed and in our present circumstance it wasn't approved by the City Council and the Mayor didn't filed on the behalf of the city as required and no voluntary agreement, approval or consent and contravened 11 USC. 903 (1) & (2) and have no authority under chapter 9 and should be dismissed. In Harrisburg the chapter 9 law and third class city code to commence a bankruptcy case on the behalf of the city of Harrisburg and (2) the city of Harrisburg was not specifically authorized under state law to be a debtor under chapter 9 of the Bankruptcy code as required by 11 USC section 109 (c) (2).

b) In this case the circumstances are the same both officials are not authorized to file for Bankruptcy and Detroit have no legal state or city authorities to be a legal debtor and file for bankruptcy, therefore, the court lack jurisdiction over the person which is Kevyn Orr and the subject matter being Bankruptcy and violated 11 U.S.C. 109 (c). "Only a municipal may file for relief under chapter 9 for bankruptcy." and Fed. R. Civ. Proc Rule 12 b (1), (2), (h3) and the case should be dismissed.

As pointed out in the note accompanying former Bankruptcy Rule 915 an objection that a debtor is neither entitled to the benefit of the Code nor amenable to an involuntary petition goes to jurisdiction to the subject matter and may be at any time consistent with Rule 12 (h) (3) F. R. Civ. Proc. See Selligson & King, jurisdiction and Venue in Bankruptcy, 36 Ref .1 36, 38-40 (1962).

c)" Once jurisdiction is challenged, the court cannot proceed when its clearly appears that the courts lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US 505 F2d 1026. There is no discretion to ignore that lack of jurisdiction. "Joyce US 4747 F2d 215. The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert 469 F2d 416. The court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Lantana v. Hopper, 102 F2d 188; Chicago v. New York F supp 150.

5) We must emphasis that the state through Kevyn Orr didn't filed the Bankruptcy in "Good Faith:" (1) The state through their appointed representative, agent, or point man has failed to even attempt to provided a financial and operational plan within 45 days after his appointment, nor has there been an attempt since then or until this day to present a financial and operational plan or any other alternative plan, therefore a violation of Public Act. (PA) 436 Section 11 (2).

a) In an Detroit News Paper article of November 8, 2013 the Unions and

5

retiree organizations that opposed Detroit Bankruptcy have laid out a trail of evidence and testimony suggesting the 35 days between Orr's June 14, 2012 presentation of a debt-cutting plan and his July 18 bankruptcy filing was not enough time to negotiate. The Public Act 436 11 (2) provides 45 days and its evident Kevyn Orr rushed to file bankruptcy and was premature with no evidence of any financial plan then or now. (See exhibit B attached Detroit newspaper article November 8, 2013).

6) When the city admitted publicly in an administrative hearing before Michigan Employment Relation Commission (MERC) that they was not going to bargain and didn't have to bargain which is a violation of the labor law.

The city position was and still is that they was not going to bargain and did not have to because P.A. 436. Three Police Officer Unions challenged the city position not to negotiate for collective bargaining:

> As such, the Employer has no obligation to participate in Act 312 arbitration and is not required to do so. Accordingly, the arbitrations in the cases before us must be dismissed. **Case No.- D09 F-0703, D11 J-1169 and D13 A-0005.**

These Labor Relation cases set a precedent and is irrefutable evidence and demonstrate prime facie evidence. The city failed and refused to bargain in good faith and not at all in these cases cited above, therefore, continue to refusal to comply and meet the requirements of title 11. These violations is con-

6

sider as state evidence in according to the state evidence statute MCL 600.2113 and we demand's this case to be dismissed.

The city made a clear <u>deliberate</u>, <u>conscious</u>, <u>tactical</u> <u>decision</u> to refuse to bargain at all neither alone in good faith. (Reed v Allen U.S. 191, 193 (1913). This clearly was a violation of not bargaining in good faith and direct violation of title 11 USC sect 921 (c) of the Bankruptcy Code and should be dismissed.

7) The court through Judge Steven W. Rhodes is setting the creditors up to fail by giving creditors and other people of interest an informal hearing without sworn testimony. The creditor's creditability verses a formal hearing without sworn testimony placed them at a disadvantage and their testimony is consider nothing more than hearsay say. In Goldberg v Kelly 397 U.S. 254; 90 S. Ct 1011, 25 L. Ed 287 (1970) citing Armstrong 380 U.S. 545, 552 (1965) the court stated an "effective notice and hearing." We received no notices and only three minutes for oral hearing and this was hardly sufficient and adequate and nothing more than a "show trial."

The court didn't explain to the creditors and the people of interest the difference and how it affects them, especially the informal hearing proceeding. The Court has shown prejudice toward the creditors and they have been denied due process of the equal protection of the law, thus violation of the 14th

7

Amendment of the Constitution of the United States.

8) In order for the objectors as the creditors and people of interest to have a fair and impartial hearing the judge or the decision maker must not show bias or favoritism to one side or the other. Goldberg v Kelly supra, at 271 citing In Cf're Murchison, 349 U.S. 133 (1955); Wong Yang Sung v McGarth, 339 U.S. 33, 45-46 (1950).

9) The creditors and other people of interest as objectors did not have an attorney, which the debtors had attorneys to represent them and they were given more time during the oral hearing and this is unfair and unequal treatment. It is nothing more than a kangaroo court proceeding. This is a continue due process and equal protection of the law violations of the 14th Amendment of the Bankruptcy court through Judge Steven W. Rhodes.

10 During the Kwame Kilpatrick administration the city council unanimously approved a 1.44 billion pension swap deal that paid the city unfunded obligations to the pension fund. These swap was under the disguise or mislabeled them "Pension Obligation Certificate." Those pension swap plans was under investigation and being challenged nationally because they turned sour for cities when interest rate rose for example Detroit was paying 9% interest rate on the swap deals. (The Michigan Citizen September 29- October 5 2013). What happen and where is 1.44 billion dollars? This Bankruptcy is nothing more than a cover-up for the 1.44 billion dollars missing.

8

11) The Bankruptcy court an inferior court through Judge Steven W. Rhodes issued a stay on two Federal law suits in an Article III Federal Courts that has no money involved.

12) It is customary and a long standard principal that once an agency or a court has issued rules and regulations to govern its activity, The court's ruled that any time an agency promulgate rules they must scrupulously follow those rules or the decision cannot stand and may not violate them. In this case we are referring to Bankruptcy rules and codes and to bargain in good faith, regardless who makes the rules they must be follow them in a civilized society of rules and law making procedures. Security & Exchange Comm v. Chenery 318 U.S. 80 87, 88 (1943), Service v Dulles, 354 U.S. 363 77 S. Ct 1152, p1 L.ED2nd 1403 (1957) Pacific Molasses Co. v FTC, Tex (356 F2d 386 (1966).

9

the appearance of overtly racist conduct because bankruptcy has been applied in a discriminatory manner. This way they would make it more difficult to prove discrimination because Orr is Black. However, the color shouldn't manner only the consequence of a person action, if applied in a discriminatory manner to target a certain groups of people.

WHEREFORE, and the above facts and law we submit this motion to stay on the proceeding and orders issued on August 26, 2013 and September 12, 2012 and any other orders in this case 13-53846 by Judge Steven W Rhodes, until all the issues and claims are addressed in our Objections docket Nos. 565 and 1428.

Objectors Sincerely Submit

_Carl Williams_
Carl Williams
10112 Somerset
Detroit, Michigan 48224
(313) 521-5012

_Hassan Aleem_
Hassan Aleem
2440 Taylor
Detroit, Michigan 48206
(313) 205-4353

9) The creditors and other people of interest as objectors did not have an attorney

WHEREFORE, and the above facts and law we submit this response to the city on the proceeding in this case 13-53846 by Judge Steven W Rhodes, until all the issues and claims are addressed in our Objections docket Nos. 565 and 1428.

Objectors Sincerely Submit

_Carl Williams_
Carl Williams
10112 Somerset
Detroit, Michigan 48224
(313) 521-5012

_Hassan Aleem_
Hassan Aleem
2440 Taylor
Detroit, Michigan 48206
(313) 205-4353

# State orders a financial review for Hamtramck

**By Paul Egan**
Detroit Free Press Lansing Bureau

LANSING — The State of Michigan ordered a team Wednesday to review the finances of the City of Hamtramck.

It's the second step in a process that could lead to the appointment of an emergency manager. A preliminary review by the state, conducted at the request of city officials, found the city in "serious financial condition."

Among other problems, the city has delayed making $2 million in required pension contributions to help it manage its cash flow, the state Department of Treasury said in a news release.

The review team has 60 days to report to Gov. Rick Snyder.

A financial emergency was declared in Hamtramck in 2000, after a consent agreement was violated. The city emerged from the resulting receivership in 2007.

Detroit, Flint, Ecorse, Pontiac, Allen Park and Benton Harbor are now under state-appointed emergency managers.

School districts in Detroit, Highland Park and Muskegon Heights are also under emergency managers.

Contact Paul Egan: 517-372-8660 or pegan@freepress.com



the magic of macy's.com

**SPECIAL 39.99**
D ENSEMBLES
0, after special 59.99. Only
s. From Fairfield Square
n. Shown: Davenport. Full-king.
616363. Twin also on special.

**SPECIAL 29.99**
300-THREAD COUNT 6-PC. SET
Reg. $100-$120, after special 49.99-
59.99. Only at Macy's. From Westfield
Collection. Queen or king sheet set in
cotton/polyester. ★ WebID 744070

**SPECIAL 59.99**
800-THREAD COUNT 6-PC. SET
Reg. $175-... after special... Only
at Macy's. Velvet... collection. Queen
or king sheet set in cotton/polyester.
★ WebID 646404

**SPECIAL 129.99**
9-PC. COMFORTER SETS
Reg. $300-$400, after special 149.99-
199.99. Only at Macy's. Martha Stewart Collection™
Shown: Martha Stewart Collection™
Jade Flowers. ★ WebID 768353.

**SPECIAL 5.99**
RALPH LAUREN
after special 7.99. Basic
cotton bath towel in 6 colors.
396204

**SPECIAL 9.99**
CALVIN KLEIN
Reg. $35, after special 13.99. Signature pillow. Medium-extra firm. Standard/queen. ★ WebID 593077.

**SPECIAL EXTRA 20% OFF**
ALL MATTRESS PADS & TOPPERS
Special 23.99-403.19.
Reg. $50-$840, after special 29.99-503.99.
From our Charter Club, Martha Stewart Collection™ and Sensor Gel.

**SPECIAL 29.99**
ALL 53-PC. FLATWARE SETS
Reg. $80, after special 49.99. Service for 8 by International Silver. From top: Kensington (★ WebID 672501) or Simplicity (★ WebID 244575).

price reductions may have been taken. **May contain rose-cut diamonds. ‡All carat weights (ct. t.w.) are approximate; variance may be .05 carat. Jewelry photos may be enlarged or enhanced Fine jewelry at select stores; log on to macys.com for locations. Almost all gemstones have been treated to enhance their beauty & require special care, log on to macys.com/gemstones oo professional. Extra savings taken off of already-reduced prices; "special" prices reflect extra savings. Specials & clearance items are available while supplies last. Advertised merchandise ...ied at your local Macy's & selection may vary by store. Prices & merchandise may differ at macys.com. Luggage & electric items carry mfrs' warranties; to see a mfr's warranty at no charge...

## Closing arguments begin today in Detroit's bankruptcy trial

BY CHAD LIVENGOOD AND ROBERT SNELL
The Detroit News

Detroit — Labor union and retiree attorneys will get their final shot today to argue in court why Detroit is ineligible for bankruptcy when closing arguments begin in a historic trial over the city's financial collapse.

Testimony concluded Thursday afternoon in a trial that has seen Gov. Rick Snyder take the stand for an unprecedented court appearance to justify his decision to authorize Michigan's largest city to seek bankruptcy protection.

The trial has centered on whether Detroit Emergency Manager Kevyn Orr and his team of attorneys and consultants negotiated in good faith with labor unions, the city's pension funds and retiree organizations to avoid filing for bankruptcy.

U.S. Bankruptcy Judge Steven Rhodes, who will decide if Detroit can move forward to the contentious debt-cutting phase of Chapter 9 bankruptcy, has signaled he may not rule on eligibility until after Wednesday. That's the deadline Rhodes gave attorneys on both sides to file "legal briefs about whether he should use labor law or bankruptcy code standard when judging whether Detroit officials made a reasonable effort to avoid landing in his courtroom.

Unions and retiree organizations opposed to a Detroit bankruptcy have laid out a trail of evidence and testimony suggesting the 35 days between Orr's June 14 presentation of a debt-cutting plan and his July 18 bankruptcy filing was not enough time to negotiate.

"I think the testimony is clear that they rushed into court because they didn't want a state court judge to say they had to protect the pensions," said Bill Wertheimer, an attorney for retired unionized city workers.

The city's attorneys have argued Orr's offer to give $2 billion to pensioners, retirees and bondholders who are owed an estimated $11.5 billion is all the city can afford as Orr works to redirect $1.25 billion over ten years into improving city services.

During testimony Thursday, a financial consultant working for the city's two pension funds cast doubts about the seriousness of Orr's proposal to issue creditors a share of 30-year, $2 billion "non-recourse participation notes" payable once the city's financial condition improves.

There was no maturity date, a 15 percent interest rate and no obligation for Detroit to share proceeds from any asset sales, said Bradley Robins, a financial adviser at the New York firm Greenhill & Co.

"I didn't view that as a serious proposal," Robins testified. "I took it as the city putting creditors on notice that it wanted to begin the process about having a restructuring."

City bankruptcy attorney Tho-

Please see Bankruptcy, Page 6A

## Dems push to extend help for jobless

## AFTERMATH OF BLOODY SHOOTOUT

## 'WE HAVE LOST THE PATRIARCH OF OUR FAMILY'



## Feds to 9-state h centers $

Lansing — T government aw million to supp new health cent Michigan, inclu in Metro Detroit

The U.S. Dep Health and Hum vices said the fu announced Thu the Affordable C being made avai

According to l money goes to tw Detroit and sites Mount Clemens, Saginaw, Grand R Traverse City, Cen and Cassopolis.

## Plan to sell Way jail to be heard

Detroit —Way ty commissioners further details late month on a propo sell the unfinished four county buildi Dan Gilbert's Rock tures for $50 millio

County officials the Commissioners vote to approve mo forward with the sa week, but a committ the whole meeting rescheduled for Nov

Last week, count officials sued the jai jects manager, AECO

OPEN A MACY'S ACCOUNT FOR EXTRA 20% SAVINGS THE FIRST 2 DAYS, UP TO $100 savings valid the day your account is opened and the next day

Contact us: You can reach Walter T. Middlebrook, assistant managing editor, by calling (313) 222-2300, faxing (313) 496-5400, or at wmiddlebrook@detroitnews.com.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes  

Debtor

/

## AFFIDAVIT IN SUPPORT OF RESPONSE TO CHAPTER 9 BANKRUPTCY DOCKET NOS. 565 & 1428

**STATE OF MICHIGAN)**
                    )SS
**COUNTY OF WAYNE   )**

We  Carl Williams        Hassan Aleem

Being first duly sworn deposes and says:

That we make this affidavit of personal knowledge: That we are creditors and interest party in this bankruptcy action and resident of Detroit, Taxpayers of the State of Michigan and Citizen of the United States.

We show to the best of our knowledge and belief that the state through the Emergency Manager Kevyn Orr did not negotiate and conduct business with the city in good faith. That the state through Kevyn Orr also failed to comply and does not meet the requirements of title 11 of the

Bankruptcy code and rule.

That the law and facts herein this affidavit is in support of the response to the city on the Bankruptcy. We have read and understand the facts to be true. That we the affiant, if sworn as a witness, can testify competently to the facts stated in the objections and is true and correct to the best of our knowledge and belief.

Signed _Carl Williams_  _Hassan Aleem_

Subscribed and sworn to before me,

This 26th day of _November_, 2013

_Gloria Ann Surles_
Notary

GLORIA ANN SURLES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 15, 2017
ACTING IN COUNTY OF _Wayne_

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

Debtor

_____/

## PROOF OF SERVICE

___Carl Williams___, being first duly sworn deposes and Say that on November _27_ 2013. I sent a copy of response on the proceeding and affidavit docket Nos. 565 & 1428 Upon the concern parties by certified mail at the following address:

City of Detroit  
Corporation Council  
First National Building  
600 Woodward Ave  
Detroit, Michigan 48226

Emergency Manager  
Kevyn Orr  
Coleman A Young Municipal Center  
2 Woodward 11th floors  
Detroit, Michigan 48226

Sign _Carl Williams_

Subscribed and sworn to before me, This 26th day

of _____November_____ 2013

_Gloria Ann Surles_
Nota GLORIA ANN SURLES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 15, 2017
ACTING IN COUNTY OF _Wayne_