UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------

In re                                              Chapter 9

CITY OF DETROIT, MICHIGAN,                         Case No. 13-53846

               Debtor.              Hon. Steven W. Rhodes

-------------------------------------------------------

# OBJECTIONS OF CREDITOR DEBORAH RYAN, INTERESTED PARTY, TO THE MOTION OF THE DEBTOR, CITY OF DETROIT FOR AN ORDER APPROVING ADR PROCEEDINGS

NOW COMES DEBORAH RYAN and objects to the "*Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims.*" [Dkt # 1665] In support of those objections, the aforementioned interested party states the following:

1. She is an interested party, due to her life having been profoundly and adversely affected by the unconstitutional acts of the City of Detroit (hereafter, "Debtor") and its officers, agents and officials. As a result, she filed a complaint pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 28 U.S.C.

1

§1343. Her complaint asserts violations of the due process clauses of the Fifth and Fourteenth Amendments.

2. On July 18, 2013, the Debtor filed for an adjudication of bankruptcy, pursuant to Chapter 9 of the Bankruptcy Code [Dkt. #113].

3. On <u>July 25, 2013,</u> this Court entered both automatic and extended Stays of Proceedings [Dkt #166 ].

4. On September 11, 2013, Petitioner Ryan filed a Motion [Dkt. #819] for Relief from these Stays on several bases, including the assertion that this Court's Automatic Stay, as well as its Extended Stay, were in violation of the Fourteenth to the United States Constitution in that they infringed upon and diminished rights secured for her benefit by the Fourteenth Amendment; and, in addition, that the Stays also violate principles of judicial economy.

5. On October 18, 2013, in lieu of lifting the stay in this case, this Court entered an Order [Dkt #1114] that required the Debtor to file, within 35 days, a "motion for approval of an efficient process for liquidating all of the tort claims" against the City of Detroit and/or agents of the City of Detroit.[1] Notably, this Court

---

[1] The Debtor's underlying Motion inaccurately reports this Court's Order [Dkt # 1114] as "denying a tort claimant's request for relief from the automatic stay." This inaccurate assertion attempts to inflate the actual ruling of this Court into a on the constitutional challenge (as well as other challenges) where, in fact, no such decision has yet been issued by this Court.

did not rule, and has not ruled, on Ryan's constitutional challenge to the Stays (nor on her judicial economy challenge).

6. Presumably as a consequence, on November 12, 2013, the 35th day from the issuance of this Court's Order [Dk't #1114], the Debtor filed a *Motion for an Order Approving Alternative Dispute Resolution Procedures* [Dkt # 1665].

7. The Debtor's proposed ADR procedures do not meet this Court's requirement of "an efficient process for liquidating all of the tort claims" [Dkt #1114] insofar as the proposal gives the Debtor unilateral control of the process itself and would impose substantial and significant adverse consequences to "all" potential claimants, and especially to the Petitioner and other civil rights claimants. For example:

> a. "The City and its professionals" [Dkt #1665, p. 6, ¶15] apparently crafted the proposed plan without the slightest input from any persons, law firms or other entities representing alternative and competing interests and perspectives on behalf of potential claimants. Early settlement is an obviously "efficient" means of liquidating claims; however, the Debtor's unilateral and structurally biased plan will not promote early settlement, because settlement negotiations must be entered into with equanimity and good faith.
>
> b. At the outset of the proposed plan, the Debtor would have "sole discretion" to determine whether "the ADR Procedures would promote the resolution of such claim and serve the intended objectives of the ADR

3

Procedures." [Dkt #1665, p. 50] The Debtor proposes no clear standards[2] by which that determination would be made and potential claimants would have no mechanism by which to initiate or invite participation.

    c. Likewise, the Debtor insists that "(e)ven where the City has designated certain claims already as candidates for the ADR Procedures, the City in its *sole discretion* may pursue the litigation of any particular claim outside of the ADR Procedures where it deems it more appropriate." [Dkt #1665, p. 7, fn. 6; emphasis added]. Again, the Debtor sets forth no standards for this decision and provides no similarly equal right of a potential claimant to opt to litigate its claim.

    d. The Debtor would also wield tremendous, unilateral and unprecedented power to preemptively bar any and all claimants from seeking relief from the stays by serving an ADR Notice, at its sole discretion. The Debtor asserts that "the City requires sufficient time to initiate the ADR Procedures in a rational manner… without repeated interruptions in the form of Lift Stay Motions…" [Dkt. #1665, p. 10, ¶20]

---

[2] In Paragraph 19 of its Motion [Dkt #1665, pp. 9-10], the Debtor suggests a priority for claims based upon several factors: a) the difference between previous settlement offers, b) the nature and complexity of the claim, c) the "status" of an underlying lawsuit, d) whether the claimant previously "actively" participated in settlement discussions, and e) "any other considerations that the City deems relevant or appropriate in its sole discretion."

    First, these purported factors lack clarity; for example, how close must the previous offers be? Claims of what particular nature would be given priority? Does complexity of claims weigh in favor ADR priority (to avoid complex litigation) or would simpler matters be given priority?

    Second, and perhaps more significantly, these factors are to be evaluated by the unilateral and self-interested determinations of the City Law Department. This lack of objectivity and fairness is infused throughout this system.

This argument however is belied by the Debtor's proposal that "the City Law Department will be the primary group responsible to implementing the ADR Procedures for the City" [Dkt #1665, p. 9, fn 7]; whereas, the Debtor's bankruptcy counsel, as opposed to the City Law Department, has been the entity primarily responsible for responding to these motions seeking relief from the stay.

 e. The Debtor's plan would submit all claims that are not settled, through a series of offer exchanges, to the Wayne County Mediation Tribunal Association ("MTA"). For this purpose, the Debtor contemplates and commingles a wide variety of different cases, including cases based on auto negligence/"no fault", 1st party benefits for automobile accidents, slips and falls, highway/sidewalk/public building defects, employment discrimination and wrongful discharge. Into this mixture, it adds complex 42 U.S.C. §1983 cases (and other federal civil rights claims). However, the MTA is primarily soldiered by attorneys who are not experienced in constitutional and civil rights litigation and therefore, they are not likely to possess the skill, experience and judgment to adequately evaluate claims brought under the federal civil rights statutes.

 f. Further, since the MTA is designed to perform its assembly line operation in 15–20 minutes for each case, these cases, in particular cases involving complex and nuanced questions of constitutional law, are not appropriate for this kind of Procrustean procedure.

 g. The plan also unilaterally, and without any justification or analysis, proclaims that an Arbitration Award may not "award the Designated Claimant with: (i) punitive damages … (and) … attorneys' fees or other fees and costs…." [Dkt #1665, p. 64]  In so announcing, this "plan" thus

5

13-53846-tjt Doc 1866 Filed 11/27/13 Entered 11/27/13 17:34:41 Page 5 of 9

demonstrates hostility toward the Constitution, despite the fact that all of these elements of damage are compelled by 42 U.S.C. §§1983, 1988, the Fourteenth Amendment and specifically Section 5, thereof. See *Smith v. Wade*, 461 U.S. 30 (1982); *Fitzpatrick v. Bitzer,* 427 U.S. 445 (1975).[3] this aspect of the plan also provides a massive disincentive for civil rights claimants to submit to the binding arbitration process, thereby making the proposed plan not only antagonistic to civil rights claims, but also far less "efficient" in liquidating such claims.

8. Therefore, the Debtor has demonstrated that, as asserted by Petitioner Ryan in her first *Motion for Relief from Stay*, the Court ordered Stays in this case, violates the Fourteenth Amendment, when applied to these claims, brought pursuant to 42 U.S.C. §1983. [*See* Dkt #819, Petitioner's *Motion for Relief from this Court's Order Staying Proceedings* and Dkt #\*\*\*, *Brief in Support* for legal analysis]

**WHEREFORE,** for the reasons stated above, the Petitioner requests that this Court provide the following relief:

---

[3] It is to be noted that the policy behind the award of punitive damages is the "deterrence of constitutional violations…." *Smith v. Wade, supra,* at 35, fn 5. Further, the policy that underscores the award of attorney fees in §1983 cases is that of "encouraging private citizens to act as private attorneys general and serve the public interest by bringing suits to vindicate civil rights." *Kay v. Ehrler,* 900 F. 2nd 967, 970 (6th Cir. 1990).

A. Determine that the plan proposed by the Debtor [Dkt #1665] is essentially unfair to all claimants and potential claimants, in that it was promulgated with no input from interested parties;

B. Determine that the plan proposed by the Debtor [Dkt #1665] is essentially unconstitutional and unfair to all persons asserting claims against the Debtor, pursuant to 42 U.S.C. § 1983 and the Unites States Constitution, in that it does not distinguish between persons claiming under the Constitution and those asserting claims pursuant to Michigan statutory and common law;

C. Issue an Order:

   1. Denying the relief sought by the Debtor;

   2. Appoint a Creditors Committee consisting of civil rights claimants to participate in appropriate proceedings before this Court to protect the rights and interests of this unique class of claimants;

   3. Set a hearing date for all interested parties (or, in the alternative, the appropriate Creditors Committee(s)) to come before the Court and present reasons why the Debtor's proposed plan is deficient, unconstitutional, unfair and/or not in the best interests of justice and, therefore, in violation of this Court's Order [Dkt #1114] and to propose formulate a more equitable and more efficient plan for liquidating claims; and

   4. Lift the Stays, as originally requested by Petitioner pursuant to this Court's Order granting petitioner's motion for relief from these Stays [Dkt #1114], insofar as the Debtor has failed to comply with that Order (calling for "an efficient process for liquidating *all* of the tort claims") and has failed to submit a plan that complies with that Order.

7

Respectfully submitted,

*/s/William H. Goodman*
William H. Goodman   P14173
Goodman & Hurwitz, P.C.
*Attorneys for Plaintiff*
1394 E. Jefferson Ave.
Detroit, MI 48207
313-567-6170
bgoodman@goodmanhurwitz.com

Dated: November 27, 2013

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

-------------------------------------------------------

In re

CITY OF DETROIT, MICHIGAN,

            Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

-------------------------------------------------

## **CERTIFICIATE OF SERVICE**

I hereby certify that on November 27, 2013, I electronically filed 1) *Objections Of Creditors Deborah Ryan, Walter Swift And Dwayne Provience, Interested Parties, To The Motion Of The Debtor, City Of Detroit For An Order Approving ADR Proceedings and 2)* this *Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to ECF participants in this matter.

                                      */s/William H. Goodman*
                                      William H. Goodman, P14173
                                      *Attorneys for Plaintiff*
                                      1394 E. Jefferson Ave.
                                      Detroit, MI 48207
                                      313-567-6170/
                                      bgoodman@goodmanhurwitz.com

9

13-53846-tjt    Doc 1866    Filed 11/27/13    Entered 11/27/13 17:34:41    Page 9 of 9