UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:   Chapter 9
         Case No. 13-53846
City of Detroit, Michigan,

    Debtor.
_____/

**<u>INTERESTED PARTY CENTER FOR COMMUNITY JUSTICE AND ADVOCACY'S OBJECTION TO DEBTOR'S MOTION FOR A FINAL ORDER APPROVING POST-PETITION FINANCING, GRANTING LIENS AND PROVIDING SUPERPRIORITY CLAIM STATUS AND MODIFYING AUTOMATIC STAY [DOCKET 1520]</u>**

    NOW COMES Interested Party Center for Community Justice and Advocacy and for its Objection to Debtor's Motion for a Final Order Approving Post-Petition Financing, Granting Liens and Providing Superpriority Claims Status and Modifying Automatic Stay [Docket 1520], incorporating by reference and in concurrence with Interested Party David Sole's Objections, [Docket No. 1857], and further states as follows:

**INTRODUCTION**

    The Emergency Manager comes before this Honorable Court seeking bankruptcy eligibility for the City of Detroit, but has failed to comply with the statutory requirements to determine whether criminal conduct has occurred contributing to the financial situation in the City. This crucial component is not only mandatory, pursuant to statute, but necessary to ascertain the accurate amount of the debt owed before any financing or payout to these very financial entities contributing to the debt through potentially improper and illegal financing practices. MCL 141.1556 is clear, unambiguous and mandatory.

## LEGAL ARGUMENT

I. **THE CLEAR LANAGUAGE OF MCL 141.1556 MANDATES A CRIMINAL INVESTIGATION TO DETERMINE WHETHER CRIMINAL CONDUCT CONTRIBUTED TO THE CITY'S FINANCIAL STATUS AND UNDER THE TENENTS OF STATUTORY CONSTRUCTION, MUST BE COMPLETED BEFORE ANY DEBT IS PAID OR FINANCING APPROVED**

MCL 141.1556 is clear in its mandate:

> MCL 141.1556 Sec. 16. An emergency manager shall, on his or her own or upon the advice of the local inspector if a local inspector has been retained, make a determination as to whether possible criminal conduct contributed to the financial situation resulting in the local government's receivership status. If the emergency manager determines that there is reason to believe that criminal conduct has occurred, the manager shall refer the matter to the attorney general and the local prosecuting attorney for investigation. MCLS § 141.1556

Michigan law has long adhered to the principals of statutory construction, giving full effect to the unambiguous language of a statute. In *Pohutski v City of Allen Park*, 465 Mich 675, 683-684 (2002), the Michigan Supreme Court held:

> When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legislature's intent as expressed in the words of the statute. DiBenedetto v West Shore Hosp, 461 Mich. 394, 402; 605 N.W.2d 300 (2000); Massey v Mandell, 462 Mich. 375, 379-380; 614 N.W.2d 70 (2000). We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Turner v Auto Club Ins Ass'n, 448 Mich. 22, 27, 528 N.W.2d 681 (1995). Where the language is unambiguous, "we presume that the Legislature intended the meaning clearly expressed---no further judicial construction is required or permitted, and the statute must be enforced as written." DiBenedetto, 461 Mich. at 402. Similarly, courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature. *Pohutski v City of Allen Park*, 465 Mich 675, 683-684 (2002)

In the instant matter, two of the City's largest creditors, UBS and Bank of America, have been implicated in illegal activity involving municipal bonds, and in one case, a City of Detroit

related bond: (1) The Securities and Exchange Commission (SEC) fined UBS **$47,207,180.00** in civil penalties for municipal bond fraud and deceit, Case No. 11-2539,US District Ct.; (2) The SEC indicted and convicted **three (3) UBS executives of fraud** related to municipal bond bid rigging, NY Southern Division, Case No. 10-1217; and (3) A Bank of America executive was indicted July 19, 2012, for bid rigging and fraud in municipal bonds. US District Ct., Western District NC, Case No. 12-00235.

Making this matter even more egregious and warranting criminal investigation before any approval of financing is the fact that Emergency Manager Kevin Orr knew of this misconduct and has failed to perform any investigation or seek an independent investigation before launching the City into further debt potential, based upon fraudulent debt numbers. In deposition testimony on August 30, 2013, In The Matter of City of Detroit, Mr. Orr admitted under oath his knowledge of these criminal indictments and conviction, yet failed to comply with MCL 141.1556 mandating an investigation of criminal wrong doing. (**Exhibit 1**, Kevin Orr Deposition, pp. 322-323; pp. 326-327; p. 331)

## CONCLUSION

The statute enumerating the requirements for the emergency manager, specifically MCL 141.1556, mandates an investigation by its clear statutory language. Moreover, Emergency Manager Kevin Orr had knowledge of the criminal activity of UBS, its executives, and the Bank of America executive related to municipal bond fraud. Failure to comply with the unambiguous language of the statute renders the Emergency Manager in violation of the statute, and request for financing cannot be approved, based upon non-compliance with the mandated requisite of MCL 141.1556 to properly determine the amount of debt owed by the City of Detroit. Moreover, in light of the potential criminal activity related to the largest portion of Detroit's

municipal bond debt, there is no valid debt amount known, hence the inability to finance any resolution based on an unknown amount of debt. In fact, if fraud is determined by the City's largest creditor there may not be a need for the instant refinancing or bankruptcy, and UBS and Bank of America may, instead, owe the City.

WHEREFORE, Interested Party Center for Community Justice and Advocacy respectfully requests that the City of Detroit's Motion for a Final Order Approving Post-Petition Financing, Granting Liens and Providing Superpriority Claims Status and Modifying Automatic Stay [Docket 1520], be denied.

        Respectfully submitted,

        VANESSA G. FLUKER, ESQ., PLLC

By: /s/Vanessa G. Fluker
Vanessa G. Fluker, Esq. (P64870)
Attorneys for Interested Party Center for
Community Justice and Advocacy
2921 East Jefferson, Suite 200
Detroit, MI 48207
Phone: (313) 393-6005
Fax: (313) 393-6007
Email: vgflawyer@sbcglobal.net

DATED: November 27, 2013