UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
IN RE:  CITY OF DETROIT,      .      Docket No. 13-53846
        MICHIGAN,             .
                              .      Detroit, Michigan
                              .      November 27, 2013
                  Debtor.     .      11:19 a.m.
. . . . . . . . . . . . . . . .
```

HEARING RE. CITY OF DETROIT'S MOTION FOR ENTRY OF AN
ORDER ESTABLISHING PRE-TRIAL AND TRIAL PROCEDURES AND
SETTING ADDITIONAL HEARINGS (DOCKET #1788)
BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:         Jones Day
                        By:  GREGORY SHUMAKER
                        51 Louisiana Avenue, N.W.
                        Washington, D.C.  20001-2113
                        (212) 879-3679

                        Miller, Canfield, Paddock & Stone, PLC
                        By:  TIMOTHY A. FUSCO
                        150 West Jefferson, Suite 2500
                        Detroit, MI  48226
                        (313) 496-8435

For Detroit             Clark Hill, PLC
Retirement              By:  ROBERT D. GORDON
Systems - General       151 South Old Woodward, Suite 200
Retirement System       Birmingham, MI  48009
of Detroit, Police      (248) 988-5882
and Fire Retirement
System of the City
of Detroit:

For Detroit             Honigman, Miller, Schwartz & Cohn, LLP
Entertainment,          By:  JUDY B. CALTON
LLC - Motor City        660 Woodward Avenue, Suite 2290
Casino and Greek-       Detroit, MI  48226
town Casino, LLC:       (313) 465-7344

APPEARANCES (continued):

For Syncora:           McDonald Hopkins, PLC
                       By:  JOSHUA A. GADHARF
                       39533 Woodward Avenue, Suite 318
                       Bloomfield Hills, MI  48304
                       (248) 593-2942

                       Quinn Emanuel Urquhart & Sullivan, LLP
                       By:  SUSHEEL KIRPALANI
                            JAKE SHIELDS
                       50 Madison Avenue, 22nd Floor
                       New York, NY  10010
                       (212) 849-7000

For Erste              Ballard Spahr, LLP
Europaische            By:  VINCENT J. MARRIOTT, III
Pfandbrief-und         1735 Market Street, 51st Floor
Kommunalkreditbank     Philadelphia, PA  19103-7599
Aktiengesellschaft     (215) 864-8236
in Luxemburg, S.A.:

For the Swap           Warner, Nocross & Judd, LLP
Counterparties:        By:  STEPHEN B. GROW
                       900 Fifth Third Tower
                       111 Lyon Street, N.W.
                       Grand Rapids, MI  49503-2487
                       (616) 752-2158


Court Recorder:        Letrice Calloway
                       United States Bankruptcy Court
                       211 West Fort Street
                       21st Floor
                       Detroit, MI  48226-3211
                       (313) 234-0068

Transcribed By:        Lois Garrett
                       1290 West Barnes Road
                       Leslie, MI  49251
                       (517) 676-5092


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1      MR. SHUMAKER:  Good morning, your Honor.  Greg

2  Shumaker of Jones Day for the City of Detroit.

3      THE COURT:  Before you proceed, did anyone ever show

4  up on the Mobley matter?

5      MR. FUSCO:  Your Honor, we reached Mr. Rose finally.

6  He apologized.  He said he just inadvertently did not see the

7  notice for today and asked -- and we have no objection to

8  moving this to the next hearing date.

9      THE COURT:  Okay.  You may submit a stipulation and

10  order that accomplishes that.

11      MR. FUSCO:  Thank you.

12      THE COURT:  All right.

13      MR. SHUMAKER:  Your Honor, to resume, the city filed

14  this motion in an effort to gain your guidance in the lead-up

15  to the upcoming hearings on what we referred to as the

16  assumption motion and the DIP or the post-petition financing

17  motion.  As your Honor knows, you set aside December 10th,

18  11th, and 12th for the hearings on those motions, and what we

19  do in our motion is to lay out a proposed schedule to try

20  to -- to order things in the lead-up.  You know, I don't

21  think there's anything surprising in what the city has

22  proposed there.  It's, if you will, in some ways a redo of

23  what we did with the eligibility motion in terms of setting a

24  date for will call and may call witnesses, exhibit lists.  We

25  would suggest simultaneously exchanging those on Friday.

1  That's not the most convenient day on -- in the calendar, but

2  we are --

3          THE COURT:  It's more convenient than tomorrow.

4          MR. SHUMAKER:  That it is, your Honor.  It is

5  certainly that.  We thought so, so we suggested Friday.  But

6  all of it is sort of back-engineered from the hearing dates,

7  and, you know, we've got our will call and our may call

8  witness list again, the exhibit list.  We talked, your Honor,

9  with regard to the assumption motion hearing that your Honor

10  thought it would be helpful to have a joint statement of

11  facts, so we've been working -- actually, back in September

12  the city was working with the objectors on that effort, and

13  that would resume, and we presume it would also be helpful to

14  the Court to have one with regard to the DIP motion as well

15  and also have a joint exhibit list which would specify

16  obviously the exhibits that might be introduced at the

17  hearing and give the parties an opportunity to object and for

18  the Court to have something to look at and resolve matters as

19  we proceed to the hearings.

20          We also indicated that we -- in our motion we set

21  forth the witnesses that we believe will testify, and what we

22  did there gets into one of the issues that we were really

23  seeking the Court's guidance on, which is whether the Court

24  would like the -- it to be one or two hearings.  We believe

25  that for the convenience of the parties, the convenience of

1  the witnesses, and certainly the convenience of the Court as
2  well as the fact that the initial assumption motion hearing
3  was adjourned in part because a number of objectors had said,
4  "Hey, we can't really assess the reasonableness without
5  knowing what the financing situation is," so we see them as
6  going hand in hand, and that's why we suggested the hearing
7  would be one consolidated hearing.  We could have arguments
8  however the Court would want to set that up, but for purposes
9  of putting the witnesses on the stand, we would offer that
10 the witnesses would take the stand and testify with regard to
11 both, whatever their testimony is on the assumption motion
12 and then also with regard to the DIP motion as opposed to
13 having them step down after being cross-examined and then
14 bringing them back, so that's why we -- and we've -- the five
15 witnesses that we believe we'll be putting forth, your Honor
16 has already heard testimony from all of them, Mr. Orr,
17 Mr. Malhotra, Mr. Buckfire, Mr. Moore, and Mr. Doak.
18      Now, the declarants in support of the DIP motion
19 were Mr. Doak and Mr. Moore.  Your Honor heard a couple weeks
20 ago their testimony in connection with the motion for
21 discovery.  We also believe -- we don't believe that there
22 will be significant amounts of testimony from Mr. Orr,
23 Mr. Buckfire, or Mr. Malhotra on the DIP motion, but they did
24 play roles, and they may well get into that on the stand.
25 And we wanted to afford the objectors the -- we wanted to

1    advise them of that and then afford them the ability to have

2    what we would hope would be short depositions because they've

3    already been deposed in connection at least with the

4    assumption motion, so all of those were set up.

5         We also would like -- and I think it's only fair

6    that if the objectors are going to put forth rebuttal

7    witnesses, as they did with regard to the eligibility motion,

8    the city would like the opportunity to be able to depose

9    them, hence including a request that on Friday, which is

10   pretty close, but the -- because objections to the DIP motion

11   are due today, that they declare who their rebuttal witnesses

12   are because we need to depose them in advance of the hearing

13   ten days hence starting at the beginning of next week.  So

14   that's kind of what we were doing.

15        Now, we also -- so in terms of the scheduling, we

16   also -- one other matter that we were seeking your Honor's

17   advice on was the length of the hearing because, as your

18   Honor recalls, with regard to the assumption motion hearing,

19   it was going to be four hours for the city to put on its

20   case, five hours for the objectors.  We suggested seven and

21   eight, and, your Honor, we believe that's a doable and --

22   hopefully for both sides.

23        We've also suggested -- I think your Honor used this

24   in the November 18th hearing, and I think it would be helpful

25   if there was some way of having a lead cross-examiner of the

1    witnesses if there's -- we recognize there are different

2    interests at play, but perhaps if they were to categorize

3    them by groups, but when your Honor did that with the cross-

4    examinations of Mr. Doak and Mr. Moore, it certainly went

5    more smoothly.  And because this is a summary proceeding, in

6    general, we suggest that that might be advisable as well.

7           Now, with regard to the schedule that we proposed,

8    the objectors have kind of said, you know, we don't really

9    object to what you're -- well, there are some things that

10   they object to, but in general setting some dates and

11   deadlines makes some sense, but it seems rather hurried to us

12   because there's so much that's going to have to be done in

13   the next couple of weeks, and there's an intervening holiday.

14   And they've sort of suggested some proposals.  I wanted to

15   share with your Honor the concern that the city has about

16   doing that, and not to be presumptuous, but it's actually

17   somewhat of a concern for your Honor because the city is

18   going to be asking -- as you know, we've been trying to

19   proceed as expeditiously as possible with regard to these

20   motions because we believe the forbearance agreement -- we

21   want to -- we want to implement it, of course, and we

22   obviously want to fund it as well through the DIP motion.  We

23   need orders from your Honor to do that.  As things currently

24   stand, you heard some testimony about the Barclays commitment

25   letter on the 14th and how it operates, and right now the

1  Barclays commitment expires -- to fund the DIP loan expires
2  on January 7th, 2014.  And given how the forbearance
3  agreement operates and the obviously -- the obvious need to
4  fund the forbearance agreement, we believe that it's
5  necessary to have eight business days in advance.  The
6  forbearance agreement would require the city to give notice
7  to the swap counterparties that it has the ability to pay, it
8  has received an order, and it has the financing to do what
9  it's doing, and that's a seven-day notice period -- seven-day
10 business notice -- I'm sorry -- seven-business-day notice
11 period.  If you back out from January 7th, a day upon which
12 Barclays, by the terms of the city's agreement with them,
13 could walk away from its commitment, if you back up those
14 seven business days plus one for logistics -- that's the add-
15 on -- you come to December 26th as the date that the city
16 would be asking your Honor to provide an order, which may not
17 be perhaps the most convenient -- another perhaps
18 inconvenient date on the calendar especially if, as the
19 objectors have proposed, how about we move the hearing back
20 from the 10th, 11th, and 12th to the 17th, 18th, and 19th.
21 By my count, that's a week at a tough time of year, and so
22 obviously the city wants to be reasonable and accommodate,
23 you know, all of the parties' interests as best it can, but
24 it would put a -- we worry, a burden on the Court that's
25 worrisome.  We would prefer not to do that, and that's why we

1  think that, you know, sticking to the December 10th, 11th,

2  12th is the better way to go because it gives your Honor more

3  time to do what you need to do as opposed to issuing an order

4  from the bench at the end of the hearing or doing something

5  in those seven days.  So that's, you know, our suggestion.  I

6  could run through those dates, your Honor, and go through,

7  you know, the pros and cons, but I think your Honor gets all

8  that.  I actually have a calendar that prints it all out

9  nicely.  If your Honor would like it, I'm happy to give you

10 that.  But this -- I want to emphasize for the Court -- and I

11 know it was discussed at the hearing on the 14th -- but that

12 January 7th date is an important date because by then the

13 complete commitment fee that the city has agreed to pay in

14 order to get Barclays' commitment to fund -- to provide the

15 $350 million will have been paid.  That's over $4 million.

16 And if we don't hit that date, Barclays is able to walk away,

17 and that has obviously significant consequences, I mean,

18 because if they walk away, we don't have our DIP loan, and we

19 can't set forth -- take the steps that we think are so vital

20 to not only taking out the swaps, if you will, by way of the

21 forbearance agreement but also to get access to those quality

22 of life proceeds and implement the kinds of steps, blight,

23 addressing blight and whatnot, so that's the conundrum that

24 we currently find ourselves on, and I wanted to raise that

25 with your Honor.

1   The other aspect of our motion, which I'll touch on,

2 which is -- and I think I touched on most of the

3 objectors' -- the joint objectors' -- or the objectors' joint

4 response.  Syncora also raises -- it has its own independent

5 objection, and, your Honor, you know, that objection -- we

6 think it's time to deal with the Syncora -- the consent right

7 issue.  As your Honor knows, Syncora's basis for objecting to

8 the assumption motion is bound up in its consent rights as a

9 swaps insurer, and that issue has come up in other contexts.

10 It has come up in connection with the lawsuit that the city

11 was forced to file back on July 5th to gain a temporary

12 restraining order in order to continue to receive the casino

13 revenues.  That obviously predates the forbearance agreement,

14 which was a couple weeks later, but Syncora's defense to its

15 actions, which -- of the city's complaint is bound up in

16 these consent rates as well as the fact that after the

17 bankruptcy was commenced, as your Honor knows, Syncora went

18 to New York state court and filed an action against the swap

19 counterparties, and that action was removed and transferred

20 to the Eastern District of Michigan, and then -- I guess it

21 was as of the beginning of last week Judge Goldsmith referred

22 it to your Honor, so now all the bouncing Syncora consent

23 right balls are in sort of one bin now in front of your

24 Honor, which we think is the appropriate spot for those balls

25 to be.  And we believe that given the fact -- I'll be shocked

1   if in Syncora's objection -- well, first of all, I'll be

2   shocked if Syncora doesn't object today to the DIP motion,

3   but I'll also be shocked if that's not bound up in the

4   consent right issue.  And because there is a pending motion

5   to dismiss in the adversary proceeding that is -- the only

6   thing that's necessary is a reply brief, which I think

7   actually may have been filed yesterday, that's fully briefed,

8   and the city has moved to intervene in that case for what we

9   think are obvious reasons.  We have put in our motion a

10  suggestion to your Honor that you hear the motion to

11  dismiss -- actually, hear our motion to intervene to allow

12  the city to get into the action and then hear the consent

13  right issue because that's going to be a way of resolving

14  these consent rights, which, your Honor, I think we believe

15  you must do in connection with Syncora's objection in any

16  event.  And so that's kind of bound up in this motion.  I

17  don't know what your Honor would like to do about the timing

18  obviously, and -- but that's why we raise it because it is --

19  at least the Syncora consent right issue is what we view very

20  much a threshold issue and could impact the progress of the

21  Court's substantial -- of the -- I'm sorry -- the hearing

22  substantially when it comes before your Honor.

23          And I just would -- one additional -- just to

24  emphasize something that's obvious to your Honor, and I hate

25  to say this, but we were -- the city very much believes that

1    your Honor should be deciding the consent right issue.  I

2    mean you are forced to get familiar with some fairly

3    complicated documentation in connection with Syncora's

4    objection.  It obviously has a clear impact on the city's

5    revenues and the city's access to an incredibly important

6    revenue stream, and, again, all the balls now are in front of

7    you, and that's why we would submit that your Honor should

8    deal with it when you can.

9              THE COURT:  Thank you, sir.

10             MR. SHUMAKER:  Thank you, your Honor.

11             MR. GORDON:  Good morning, your Honor.  Good

12   morning, your Honor.  Robert Gordon of Clark Hill on behalf

13   of the Detroit Retirement Systems.  Your Honor, I'm actually

14   here today presenting the joint response of a large group of

15   objecting parties, so I have the solemn task of speaking on

16   behalf of, in some respects, my last count was at least 14

17   parties who all signed onto this joint response that we filed

18   yesterday.

19             THE COURT:  Um-hmm.

20             MR. GORDON:  I think that the genesis of the joint

21   response was, in part, due to the parties speaking amongst

22   themselves and realizing that they had common concerns and

23   recognizing also that if we could put it all into one

24   document rather than 14 documents, it might help the Court.

25   I hope it was helpful.

1    THE COURT:  Yes.

2    MR. GORDON:  And then I suspect it was also helpful

3    to out-state counsel to task me with presenting today so they

4    might avoid traveling on the day before the holiday.  In any

5    event, I guess, your Honor, I'm a little -- I don't know if

6    the word is "dismayed," and maybe the Court is as well, that

7    we're having a contested hearing on pretrial procedures and

8    scheduling matters.  Hopefully those could usually be worked

9    out to some extent, but if I may, I'd like to describe how

10   we've gotten here today.  Your Honor, we were before this

11   Court on November 14th discussing discovery in connection

12   with the financing motion.

13   THE COURT:  Well, I'll give you a brief opportunity

14   to do this, but mostly what I'm interested in is what do I

15   have to decide, what do you disagree on, what do you want to

16   do.

17   MR. GORDON:  Yes.  I understand, your Honor.

18   THE COURT:  But go ahead.

19   MR. GORDON:  I'll be brief.  We were here on the

20   14th, and at that time there was a discussion of the timing

21   of taking the depositions of Mr. Doak and Mr. Moore and only

22   Mr. Doak and Mr. Moore.  The city did not indicate that it

23   intended to call any other witnesses for the financing motion

24   and, in fact, opposed Syncora's request to depose Mr. Orr.

25   If the city was planning to call other witnesses, one would

1  have hoped that they would have mentioned it at that time.

2  They did not.  They also did not mention that they desired to

3  take the depositions of the objecting parties' witnesses at

4  that time.  Apparently subsequently the city decided

5  otherwise, had a change of heart, and in the intervening

6  eight days they could have reached out to the objecting

7  parties, but they did not.  Instead, last Friday at about

8  three o'clock in the afternoon they simply filed a motion and

9  asked for an expedited hearing.  The motion, your Honor, in

10  short, asks for procedures and deadlines that are illogical

11  and unworkable, and I'll get into that in one moment.  Your

12  Honor, the local rules, 9014-1, requires that a party filing

13  such a motion must seek the concurrence of parties or

14  otherwise assert that it was infeasible to do so, and the

15  section of the motion filed by the city states -- and I will

16  just quote directly from it at page 10 -- "The city sought

17  concurrence in this motion from Syncora, but such concurrence

18  was not obtained.  Given the large number of objectors and

19  potential objectors, paren, some of whom are not yet known to

20  the city, end paren, comma, it is not feasible for the city

21  to seek concurrence in this motion from all parties.

22  Accordingly, the city respectfully requests that such

23  requirement be waived as to those additional parties,

24  period," end quote.  In other words, the city didn't reach

25  out to any of the parties that appeared at the November 14th

 1  hearing other than Syncora.  It knew of all the parties that

 2  have objected to the swap motion, which is part of what this

 3  pretrial procedure is all about.  That's a finite number of

 4  parties.  It's probably less than ten.  They didn't reach out

 5  to any of them either.

 6        We filed our joint response as of noon yesterday,

 7  your Honor.  It's pretty straightforward.  In the interim,

 8  again, the city has not reached out to us to try to resolve

 9  these matters.  We actually during the break here reached out

10  to counsel to try to resolve it to no avail.

11        Your Honor, as we've mentioned in -- described in

12  our response, the deadlines are just not workable.  They

13  are -- the city is suggesting that all witnesses, will call

14  and rebuttal witnesses, should be identified by this Friday

15  before we've done depositions, before we've been able to

16  fully review 20,000 documents that were produced just last

17  week.  We submit that that's truly impossible and prejudicial

18  to have to identify all witnesses, including rebuttal

19  witnesses, by this Friday.  The identification particularly

20  of rebuttal witnesses clearly has to take place after

21  depositions have been taken.

22        Mr. Shumaker says that this is the same procedure

23  that was used in the eligibility hearings.  I don't recall

24  that to be the case.  I believe that the designation of

25  witnesses took place after some significant and fulsome

1   deposition discovery had already been taken, so the procedure
2   here is very different and very prejudicial.

3           It also -- the city also suggests that the exhibit
4   list and the joint statement of facts and the pretrial order
5   would be submitted on December 6th, the day after the
6   completion of the deposition of Mr. Moore and before
7   depositions have been taken of Mr. Orr, Mr. Malhotra, or Mr.
8   Buckfire, who are all now indicated to be taking the stand
9   for the financing hearing.  That's simply not workable, and
10  depositions will not have been completed, so -- and that
11  doesn't even include the taking of the depositions by the
12  city of any of the objecting parties' witnesses.  So
13  apparently the city --

14          THE COURT:  Who are you going to call?
15          MR. GORDON:  I'm sorry.
16          THE COURT:  Who are you going to call?
17          MR. GORDON:  Actually, myself, your Honor, I don't
18  know that we are going to call anybody, and I haven't had a
19  chance to talk with the other parties to see who they would
20  call.  And certainly obviously we'd have to identify them
21  within a reasonable period of time and allow them to take
22  them, but I don't know who that would be, your Honor.  It may
23  be a very limited number, and I would think it would be, but
24  I don't know.

25          So, your Honor, it's simply putting the cart before

1   the horse.  They're asking us to designate things before

2   we've even had a chance to review fully 20,000 documents and

3   take certain depositions at least and see what comes out of

4   those depositions to determine what exhibits we might want,

5   whether all the documents have been produced, whether there's

6   other documents that need to be produced and so forth.

7           Having said all that, we understand that everyone

8   wants to move quickly, and we're suggesting a solution for

9   that, and that solution is -- with respect to the financing

10  motion is that the dates be moved modestly one week.  Well,

11  let me say the trial dates moved one week.  The deposition

12  deadlines that -- the city is asking for the 9th.  With the

13  addition of Mr. Orr, Mr. Buckfire, and Mr. Malhotra, and the

14  city's desire to depose anybody on the objecting parties'

15  side, that's just not going to be possible, but we're only

16  asking to move that date, we're suggesting, to December 11th,

17  two days, from December 9th to December 11th for a deposition

18  cutoff.  By December 13th we could submit a joint statement

19  of facts, designation of witnesses and exhibit lists, and,

20  your Honor, I would actually suggest -- and I don't know if

21  the Court would indulge us in this regard.  I would suggest

22  that perhaps there should actually be a pretrial conference

23  on the 13th, that Friday, because I can't imagine with things

24  moving this fast that we're going to not have some issues.

25  One of those issues, in particular, is something that I think

1  is being asked for prematurely today by the city, which is to

2  determine how much time is needed by both parties and who

3  should be conducting the trial on behalf of the 14 or more

4  objectors.  I think that all has to be figured out with the

5  parties, and they need time to do that.  And I think if there

6  was a pretrial conference, that would be an excellent

7  opportunity to discuss those things before the trial, but

8  today seems difficult and premature to do that.  So, your

9  Honor, we're only asking to move the trial dates by a week

10  and to allow time for depositions.  We asked this --

11  suggested this to Mr. Shumaker, and the response was what you

12  heard, that the swap parties need an eight-day notice period

13  and that if you back that up, that gives the Court not a lot

14  of time to issue a ruling.  I would suggest that the swap

15  parties, first of all, have adjourned certain dates in the

16  forbearance agreement to allow the trial to take place

17  already and that the due process rights of the 14 objectors

18  shouldn't be held hostage by the swap parties standing on

19  ceremony needing eight days' notice of something that they

20  don't need eight days' notice of.  Yes, your Honor.

21          THE COURT:  I'd like your permission actually to

22  take a pause --

23          MR. GORDON:  Yes, sir.

24          THE COURT:  -- and suggest to you that I agree with

25  you that the trial is too rushed at this point and that we

1  should go the week of the 16th. Now, Chris says we have

2  motions on the 16th. What are those?

3          MR. GORDON: You do. You have a number of motions.

4          THE COURT: A number of motions, so we may have to

5  go like the 17th, 18th, and 19th instead of 16th, 17th, and

6  18th. Okay?

7          MR. GORDON: And that's what we have suggested.

8          THE COURT: So what I want to do is suspend this

9  hearing and ask all of you to try to agree on what the

10  schedule will be between now and December 17th. Are you

11  willing to do that?

12          MR. GORDON: Absolutely, your Honor.

13          THE COURT: Not willing to do that? Ms. Calton is

14  not willing to do that.

15          MS. CALTON: Could I just make a statement, please?

16          THE COURT: Of course. Step forward.

17          MS. CALTON: Judy Calton for Greektown Casino and

18  Detroit Entertainment, which is Motor City Casino Hotel, and

19  we filed rather limited objections to the financing motion.

20  This is unique in my career. I'm representing collateral,

21  and --

22          THE COURT: Right.

23          MS. CALTON: -- they're heavily regulated, and if

24  things aren't done pursuant to the regulations, they could be

25  sanctioned, fined, lose their license, which would interrupt

1  this important income stream, and we believe that the

2  proposed documents as drafted now put us at risk.  We're

3  talking with the city and Barclays on changes.  I'm extremely

4  optimistic that it will happen, but if for some reason it

5  doesn't happen, the city has agreed we could get up and argue

6  at the hearing without having to go through the discovery and

7  being part of the pretrial.  I just wanted to get that on the

8  record.  We don't care about the dates and that kind of

9  thing.

10      THE COURT:  All right.  One more?  Who wants to just

11  comment?

12      MR. GADHARF:  Hello, Judge.  Joshua Gadharf on

13  behalf on behalf of Syncora.  The Court graciously allowed

14  the Quinn Emanuel firm, who's representing Syncora in the --

15  on their objection, to appear telephonically --

16      THE COURT:  Um-hmm.

17      MR. GADHARF:  -- so Mr. Susheel Kirpalani and Jake

18  Shields are both on the line, and I just wanted to make sure

19  that they did not want to weigh in on the matter as well.

20      THE COURT:  Thank you.

21      MR. KIRPALANI:  Thank you, your Honor.

22      THE COURT:  Is there anyone on the line who --

23      MR. KIRPALANI:  This is Susheel Kirpalani from Quinn

24  Emanuel, and I have my colleague, Jake Shields, with me.  I

25  do want to thank the Court for allowing us to appear

1  telephonically for this matter.

2          THE COURT:  Okay.

3          MR. KIRPALANI:  In the future we would, of course,

4  come and appear in person.  The issue for Syncora and for the

5  aspects of the Syncora matter that we handle for the client

6  is different than the ones that your Honor is already dealing

7  with.  Let me try to narrow down what the issue actually is.

8          THE COURT:  No.  Sir, I'm going to -- I'm going

9  to --

10          MR. KIRPALANI:  Your Honor --

11          THE COURT:  Sir, can you hear me?

12          MR. KIRPALANI:  Yes.

13          THE COURT:  Okay.  I'm going to interrupt you

14  because I'm going to ask you to participate with the

15  attorneys here in trying to work this out.  If you can't,

16  then I'll deal with it, but I want to give you the lunch hour

17  here to try to -- to try to encourage all of the attorneys to

18  work together to narrow your issues hopefully to none, but

19  whatever is left I will deal with, so let's take --

20          MR. KIRPALANI:  Thank you, your Honor.

21          THE COURT:  Let's take a lunch break now and

22  reconvene at one o'clock.

23          MR. GORDON:  Your Honor, if I may, there's the one

24  issue that we haven't really discussed, and I don't know if

25  you're folding that into our discussions or whether that's

1  something that is better left to your Honor, is the issue of

2  whether they should be two hearings or one hearing.  There is

3  no doubt that there is a relationship between the swap

4  motion, if you will, and the DIP financing motion, if you

5  will.  They're related, but the inquiries are different, and

6  they're --

7           THE COURT:  My preference is to try them together.

8           MR. GORDON:  Is it also possible in that regard

9  because you'll see in our papers we mention the fact that

10  there are different attorneys from different -- each firm

11  that are handling those two parts -- is it possible that we

12  might have a hearing with -- on certain issues that are --

13  and then hearings on the other issues, keep them discrete, at

14  least, so that the record is clear as to which -- we'll talk

15  about it.  I understand, your Honor.

16           THE COURT:  Yeah.  And I'm willing to be very

17  flexible on that, you know, recognizing the different

18  interests that are involved, so, you know, I'll just ask you

19  all to be creative on how to solve that problem.  You can

20  figure it out.

21           MR. GORDON:  Very well.

22           THE COURT:  All right.  I'll see you at one.

23           MR. GORDON:  Thank you, your Honor.

24           THE CLERK:  All rise.  Court is in recess.

25      (Recess at 11:52 a.m. until 1:00 p.m.)

1        THE CLERK:  Court is in session.  Please be seated.

2   Recalling Case Number 13-53846, City of Detroit, Michigan.

3        THE COURT:  Is everything okay with our technology,

4   Chris?

5        THE CLERK:  I believe --

6        MR. SHUMAKER:  Good afternoon, your Honor.  For the

7   record, Greg Shumaker of Jones Day for the City of Detroit.

8   That was an excellent idea your Honor had.  During break I'm

9   pleased to report that all of us gathered in the cozy

10  conference room and developed a calendar between now and a --

11  hearing dates of December 17th, 18th, and 19th.  I'm happy to

12  run through that, your Honor, if you'd like me to.

13       THE COURT:  Yes, please.

14       MR. SHUMAKER:  The new revised calendar starts as

15  follows, and I apologize in advance because some of this is

16  my own scribbling, and I'm doing the best I can here to

17  interpret that, but on Monday, December 2nd, the objectors

18  are going to identify their direct witnesses.  These would be

19  the witnesses that they are aware of right now who would

20  testify at the hearing or might testify at the hearing so

21  that we can get their deposition set.  There's nothing

22  occurring on the 3rd, although I'm sure there will be a lot

23  of things which are just not on my calendar.

24       On Wednesday, December 4th, the -- there will be the

25  deposition of Charles Moore here in Detroit, and the city is

1    going to provide a draft of the joint statement of facts to

2    the objectors on that date. On Thursday, December 5th, there

3    will be a deposition of James Doak. I believe that will be

4    in Detroit, although I'm not certain of that. On Friday

5    there will be a deposition of Ken Buckfire. The parties are

6    tabling for now the issue of the length of those depositions

7    until we see the objections, and then we're going to see if

8    we can come to some agreement there.

9    On Monday, December 9th, then, your Honor --

10    December 9th, tentatively we're going to set the Orr

11    deposition on that date on the DIP motion issues. Also at

12    that time the parties plan on submitting exhibit lists to the

13    Court on that date, and the parties will reserve the right to

14    supplement those because the depositions will not be

15    finalized on that date. Then on Tuesday, December 10th, the

16    continue -- well, no. I shouldn't say continued. The

17    deposition of Mr. Malhotra would take place. It's unclear

18    right now in which location. On December 11th -- oh, I'm

19    sorry. One other thing on Tuesday, the 10th. We are

20    penciling in those days for the depositions of the direct

21    witnesses that the objectors identify on December 2nd, both

22    the 10th and on the 11th. We have penciled in those days.

23    And then also on the 11th continuing would be the parties'

24    deadline for submitting the joint statement of facts to your

25    Honor.

1          Moving to the 12th, on that date at noon would be

2    the deadline for the objectors to provide the city with the

3    names of any rebuttal witnesses regarding things that might

4    come up during the depositions that occur, and the deposition

5    dates for those rebuttal witnesses have been tentatively set

6    aside as Friday, the 13th, and Monday, the 16th.  Then on

7    Friday, the 13th, we were going to ask your Honor if you

8    might schedule a pretrial conference as Mr. Gordon had

9    mentioned the possibility of.  If you're able to, we were

10   hoping to cover the following subjects with you then, the

11   first being whether the city believes it necessary to put

12   Mr. Orr, Mr. Malhotra, or Mr. Buckfire up as an expert,

13   discussing that with your Honor as to whether -- what your

14   Honor's expectations are in that regard.  Also, we would

15   address at that conference the issue of process for

16   examination.  Your Honor, we talked about if someone could

17   take the lead.  I think the parties will have a better idea

18   then of whether that's possible.  We would also propose the

19   following if your Honor is amenable to it.  It would be to

20   hear the motions in limine that have already been filed, and

21   in connection therewith I should have mentioned something I

22   failed to do, that the parties would agree to file their

23   responses to the motions in limine that are outstanding on

24   Tuesday, December 10th, if your Honor would be able to hear

25   those on the 13th.

1     We would also propose that if your Honor wanted to

2  do this -- I don't believe you did at the assumption -- I'm

3  sorry -- at the eligibility hearing, but the exhibit

4  objections -- it would be possible to deal with them then.

5  It might expedite things the next week, so we would propose

6  that and then also the issue of time limits on the parties'

7  cases.  That's where I suggested, your Honor, that seven

8  hours for the city and eight hours for the objectors might be

9  reasonable, but that was -- would be a possible subject for

10  then.

11     And then moving to Monday, December 16th, I

12  mentioned the rebuttal witness deposition date, if necessary.

13  Oh, I'm sorry.  One last thing.  I keep forgetting about

14  December 10th.  The reply briefs -- the city's reply brief in

15  support of the assumption motion would be due on December

16  10th as well as the city's response to the objections that we

17  will be receiving today on the DIP motion --

18     THE COURT:  Okay.

19     MR. SHUMAKER:  -- would also be on the December

20  10th.  Sorry for going out of order there.  And that would

21  leave us, your Honor, with the hearing on the 17th, 18th, and

22  19th, a consolidated hearing of both the assumption and DIP

23  motions.

24     THE COURT:  That's certainly all fine with me.  We

25  can reconvene here for your final pretrial conference

1   actually in this courtroom --

2           MR. SHUMAKER:  Okay.

3           THE COURT:  -- on the 13th.

4           MR. SHUMAKER:  Wonderful.

5           THE COURT:  We just need a time, Chris.  Any idea?

6           THE CLERK:  10 a.m.

7           THE COURT:  10 a.m.?

8           MR. SHUMAKER:  Wonderful.

9           THE COURT:  Would anyone like to -- I'm sorry.

10  Something further, sir?

11          MR. SHUMAKER:  One thing.  I mentioned all that.

12  The one thing that was excluded in my rundown were issues

13  with Syncora, so these are the non-Syncora issues.

14          MR. MARRIOTT:  Good afternoon, your Honor.  Vince

15  Marriott, EEPK.  Just one quick clarification.  As I

16  understand it, the designation of rebuttal witnesses on the

17  12th is both the debtor and the objector's, and there's a

18  deadline of noon.

19          THE COURT:  Noon on the 12th?

20          MR. MARRIOTT:  Yes, yeah.

21          THE COURT:  Yes.  I think he said that.

22          MR. MARRIOTT:  Yeah.

23          THE COURT:  Yes.

24          MR. MARRIOTT:  Yeah.  Okay.  That's it.  Other than

25  that, I think it all got in.

```
 1              THE COURT:  All right.  So you'll submit an order.
 2    Is that the plan?
 3              MR. SHUMAKER:  Yes, your Honor.
 4              THE COURT:  Okay.  So now what's left to resolve
 5    with regard to Syncora or anything else?
 6              MR. KIRPALANI:  Your Honor, may I be heard on the
 7    phone?
 8              MR. SHUMAKER:  Your Honor, the Syncora issue is --
 9              MR. MARRIOTT:  Sorry.  Can I just make a quick
10    request?
11              THE COURT:  Sir.
12              MR. MARRIOTT:  I have a plane to catch.  Can I -- I
13    have no dog in this fight.  May I be excused?
14              THE COURT:  Yes, sir.
15              MR. MARRIOTT:  Thank you.
16              THE COURT:  Yes.
17              MR. SHUMAKER:  The remaining issue --
18              THE COURT:  Let's just be clear.  Who is on the
19    line, please?
20              MR. KIRPALANI:  Again, your Honor, for the record,
21    it's Susheel Kirpalani from Quinn Emanuel in New York
22    representing Syncora in the New York state lawsuit that's now
23    been removed and transferred to the Eastern District of
24    Michigan and that pursuant to the automatic reference is
25    currently sitting and waiting to be docketed for further
```

1  proceedings or consideration before the Court.

2          THE COURT:  Thank you.

3          MR. SHUMAKER:  And, your Honor, on the -- the

4  remaining issues relating to Syncora relate to what I was

5  explaining before about the city's position on the motion to

6  intervene with regard to the adversary proceeding and the

7  almost briefed motion to dismiss.  We have discussed it with

8  Syncora's counsel at the break.  We have not been able to

9  come to agreement.  What we would propose is in our papers,

10  which would be perhaps a -- if your Honor believes a hearing

11  is necessary -- frankly, on the city's motion to intervene,

12  we're not sure that a hearing would be necessary, but if your

13  Honor believes one is, sometime next week, when would be

14  convenient to your Honor, the 4th or the 5th or --

15          THE COURT:  When did you file this motion?

16          MR. SHUMAKER:  The motion to intervene, I believe,

17  was filed November 18th.

18          THE COURT:  Has there been a response to it?

19          MR. SHUMAKER:  There has.  It is fully briefed.

20          THE COURT:  Well, it's hard for me to give you an

21  answer to that without having actually looked at the papers,

22  so let me promise to get back to you as promptly as possible

23  on that and, if a hearing is necessary, to give you as prompt

24  a hearing as possible.

25          MR. SHUMAKER:  And then the one remaining issue on

1  behalf of the city, your Honor, was the motion -- the motion
2  to dismiss, which right now is pending and awaits the swap
3  counterparties' reply, and if the city were to be allowed to
4  intervene, then the city would participate in that briefing.
5  We were thinking that if your Honor wanted to, we could have
6  a hearing that next week -- it would be the week of December
7  9th -- to argue that motion, which, again, we believe would
8  pare down the issues that would be taken up on the assumption
9  and DIP motion hearings the next week.

10         THE COURT:  All right.  Walk me through that in
11  little baby steps because I'm not sure I quite followed it
12  from your earlier presentation.

13         MR. SHUMAKER:  Well, I'm sorry about that, your
14  Honor.  The issue is if the city is allowed to intervene --
15  I'll boil this down to its essence, which is the swap
16  counterparties, which are currently the parties in that
17  lawsuit, have filed a motion to dismiss saying that Syncora
18  does not have the consent rights that it argues that it has,
19  the same consent rights that are at issue with regard to
20  Syncora's objection to the assumption motion.  And what we
21  believe is -- as the swap counterparties believe, too, is
22  that that motion can be adjudicated by your Honor because it
23  is a matter of contract construction, contract
24  interpretation.  It's the interplay of the different swap
25  agreements and the collateral agreement and the forbearance

1   agreement, and if your Honor was to hear that -- if the city
2   were to intervene but it was to hear that the week of the
3   9th, then that would take care of a lot of -- well, the
4   Syncora objection we believe would fall to the side.
5          Now, in connection with that, we would also, I
6   think, be proposing that your Honor issue proposed findings
7   of fact and conclusions of law because that's a part of the
8   adversary proceeding, but I don't know if that answers your
9   question, your Honor.
10         MR. KIRPALANI:  Your Honor, if I could try and
11  clarify --
12         THE COURT:  Yes.  Go ahead, sir, please.
13         MR. KIRPALANI:  Thank you so much, your Honor, and,
14  again, I apologize for appearing telephonically.
15         THE COURT:  That's okay.
16         MR. KIRPALANI:  This is Susheel Kirpalani from Quinn
17  Emanuel on behalf of Syncora.  I just want to give your Honor
18  a macro sense of the issue.  In July after your Honor
19  confirmed at the city's counsel's clarification that the
20  automatic stay does not apply to the swap counterparties but
21  only to the city, we filed a lawsuit in New York state court
22  against our counterparties, the banks.  Thereafter, since
23  July, really nothing has happened other than procedural ping-
24  pong.  The banks sought to remove the case to federal court
25  in New York.  It was there for awhile.  Finally, Judge Kaplan

1  in the Southern District decided to transfer the venue to the

2  District Court in Michigan without deciding whether the

3  federal court had jurisdiction over the lawsuit, which is, as

4  counsel just mentioned, a New York state contract dispute

5  between two nondebtor parties.

6        Before the District Court last week we appeared and

7  tried to address the issue of where is the right place for

8  this dispute to be heard.  We made it clear to all the

9  parties as well as to the District Court that, consistent

10  with what Syncora's position has been before your Honor,

11  certain issues, while they may be related to the bankruptcy,

12  are noncore to the bankruptcy, and statutorily they are

13  required to be ordered and ruled upon and adjudicated by

14  either a state court or by an Article III federal District

15  Court.  In the interest of nothing other than efficiency,

16  what we've tried to do with the city and with the banks is

17  come up with a solution where we stop the procedural ping-

18  pong, we try to do something that's efficient.  We would

19  waive our right to try to seek the matter to be heard back

20  through mandatory abstention in New York state court, and we

21  would just have the matter adjudicated once in the District

22  Court.  That was opposed, and the determination was pushed

23  back on us that Judge Rhodes needs to review the issues.

24  Your Honor, I haven't appeared before you in this matter, but

25  I've read your transcripts.  I do believe that your Honor

1    previously thought of this issue and considered it to be one

2    of the many warts that may exist that if the forbearance

3    agreement were to be assumed, it would be a contract that's

4    assumed warts and all, and whatever the rights of nondebtor

5    parties are as between each other, they'll have to duke that

6    out in the right place at the right time.

7              Nevertheless, the city and the banks have tried, as

8    your Honor just heard, to kind of railroad the process and

9    push everything to be resolved before even the city has

10   properly intervened, before even the briefing is done, before

11   the plaintiff, Syncora, has an opportunity to file a motion

12   for summary judgment, which we've been waiting to file until

13   the matter would be docketed in some court.  And we have

14   proposed in the interest of efficiency to not seek to

15   withdraw the reference, to ask your Honor to consider the

16   motions for summary judgment along with the motion to dismiss

17   so everything is done once and done properly on a proper

18   record with appropriate briefing, and then your Honor could

19   issue proposed findings and proposed conclusions of law for

20   the District Court to consider adjudication and issuing an

21   order.  That was unacceptable to the city and to the banks,

22   and we -- I want to tell your Honor that we are trying to be

23   as efficient as possible.  We've never even had a substantive

24   day in court since July on the issues of what our rights are

25   vis-a-vis the banks under a contract that was negotiated

1   seven years before this bankruptcy case, and we'll do

2   whatever your Honor pleases in terms of timing, scheduling.

3   The city has not even filed a proposed pleading in support of

4   its intervention.  Frankly, we're not sure what they could

5   possibly say that our bank defendants have not already said,

6   but I'm not trying to stand on ceremony about those issues

7   either, but we do need due process.  We do need an

8   opportunity to respond if they want to take a position with a

9   pleading, and we have the right, as we've said in other

10  proceedings, to have this matter adjudicated in an Article

11  III court or in a state court, but in the issue of -- in the

12  interest of efficiency, we're happy to have your Honor issue

13  proposed findings and conclusions of law and then have it

14  adjudicated by the District Court, and that's where we stand.

15  And in terms of the briefing, whatever works for your Honor

16  and your Honor's staff, which I'm sure is overburdened by

17  enough, we will live by.

18          MR. SHUMAKER:  Your Honor, we -- counsel's

19  proposal -- Syncora's proposal is unacceptable to the city

20  because we do not believe that the matter is noncore.  We

21  believe that it is core and that it goes to the extent of the

22  lien of the property of the debtor.  And because of that, we

23  think that your Honor can, in fact, deal with this, and so

24  that's why -- I mean if we're able to brief up the -- okay.

25  We have no idea what additional facts Syncora is going to

1  allege because we believe this is purely an issue of contract

2  construction, but if there's a -- you know, a summary

3  judgment motion they're going to file in the next day or so,

4  we could get that briefed up, and we could argue that at the

5  first day of the hearing on the 17th because we think this

6  issue needs to be resolved once and for all for the city's

7  sake.

8          MR. KIRPALANI:  Timingwise that's fine with us, your

9  Honor.  It's an issue, again, now only of proposed findings

10 that your Honor could deliver at or, you know, after hearing

11 argument on December 17th.  We're fine with the schedule.

12 The issue had to do with where it should be finally

13 adjudicated and what our rights are under the Constitution,

14 and that's what we tried to make clear to the city and to the

15 banks.

16         MR. SHUMAKER:  Your Honor, Syncora could always

17 consent to your adjudicating this.

18         THE COURT:  Well, we can't determine the issue of

19 core versus noncore right now; right?  I don't have the

20 papers to try to figure that out, so we're going to have to

21 leave that issue open as well, and you'll have to brief it in

22 connection with some motion or another or maybe its own

23 motion.  I don't know.  The timing of these things is always

24 unfortunate, but I have to say that the process of trying to

25 get an issue as important as this one finally resolved within

 1  the time frame that we have set for ourselves on approving

 2  the DIP financing and the assumption motion feels very

 3  rushed.  And I'm normally all for efficiency and getting

 4  things done, as you all know, but this one feels a little

 5  over the line, so I'm going to -- I'm going to turn you down

 6  and suggest that we process this in the normal course, so

 7  we'll look at the motion to intervene in the next few days,

 8  early next week, and decide whether we need a hearing on

 9  that, but in connection with a motion to dismiss or motions

10  for summary judgment, we'll have to handle those in the

11  normal course.

12          MR. SHUMAKER:  Okay.  Thank you, your Honor.

13          THE COURT:  All right.

14          MR. KIRPALANI:  Thank you, your Honor.

15          THE COURT:  You're welcome, and, yes, sir, you may.

16          MR. GROW:  Thank you, your Honor.  Stephen Grow,

17  Warner, Norcross & Judd.  I represent the swap

18  counterparties, your Honor.  I think there may be some

19  additional context that may be appropriate here, your Honor.

20  There is, in fact, with the exception of the counterparties'

21  reply, a fully briefed motion to dismiss that's been pending

22  for some time at the District Court level.  Our thought was

23  that certainly --

24          THE COURT:  Well, it's fully briefed unless the city

25  is permitted to intervene, in which case it's going to want

1    to brief it.  Am I right about that?

2            MR. GROW:  That's probably true, but I would expect,

3    your Honor, that our interests and arguments in that

4    respect -- with respect to the legal arguments are fairly

5    well-aligned with the city's on this point.  You know, the

6    alternative is -- and I hear counsel for Syncora making the

7    point that they ought to be entitled to file a motion for

8    summary disposition that they've had on the shelf.  They can

9    certainly do that.  The Court, in the meantime, could

10   consider the motion to dismiss, and if the Court believed

11   that there was a basis to grant the motion to dismiss, it

12   would moot out the motion for summary disposition.  And I

13   understand the due process issues.  I understand that we're

14   moving at a very -- at a lightning clip here, and -- but it

15   seems to me that would be one way for -- to recognize

16   Syncora's due process concerns and at the same time give the

17   Court an opportunity to resolve this issue before the --

18           THE COURT:  Well, fair enough, but if it's noncore,

19   which, like I say, I don't know, but if it is, nothing I do

20   would be final until a District Court reviews it anyway;

21   right?

22           MR. GROW:  Understood; understood.  It's difficult

23   because --

24           THE COURT:  So there's that built-in inefficiency or

25   at least the potential for that built-in inefficiency

1  regardless.

2          MR. GROW:  There is.  There is.  Now, I think --

3          THE COURT:  So, you know, maybe the answer is for me

4  to try to get my arms around it enough to come to some

5  preliminary conclusion on whether it's core or noncore.

6  Where are the papers?  Have they been filed with the

7  District -- with the Bankruptcy Court yet -- or you said

8  they're in limbo.  Where are they?

9          MR. GROW:  I believe the District Court case has

10  been referred to your Honor, but it hasn't been docketed yet.

11          THE COURT:  Hasn't been opened up yet?

12          MR. GROW:  Right.  So I don't know whether there's a

13  paper file in transit.  I don't know what that process is,

14  but it has not --

15          THE COURT:  I don't either.  Chris, can we try to

16  track that down at some point today?

17          THE CLERK:  We haven't received it yet.

18          THE COURT:  Oh, we haven't received it from District

19  Court yet.  Which judge did you all say it was?

20          MR. GROW:  Goldsmith.

21          THE COURT:  All right.  Maybe we'll contact their

22  chambers and see.

23          MR. GROW:  My point, your Honor, was that this is

24  not something that has been sprung on Syncora.  There have

25  been pending motions which --

1    THE COURT:  Well, and I don't think they're

2  contending that it was, yeah.  All right.  Well, I think we

3  may just have to leave it open and let me get my arms further

4  around it and come up with a schedule that makes sense for

5  everybody.  I wish we could, you know, pin it down a little

6  further today, but it's too far beyond my grasp at this

7  point.

8    MR. GROW:  Understood, your Honor.  Thank you.

9    MR. SHUMAKER:  Your Honor, one suggestion.  If your

10 Honor was to allow the city to intervene and the issue of

11 core versus noncore could be briefed in connection with the

12 reply briefs that have to be filed in connection with that

13 motion to dismiss by the swap counterparties and obviously

14 Syncora and the city.

15    THE COURT:  When would those be due?

16    MR. SHUMAKER:  Whenever you say, your Honor.

17    THE COURT:  All right.  Let's leave that open, and

18 then we'll figure it out.

19    MR. SHUMAKER:  Thank you, your Honor.

20    THE COURT:  All right.  Are we done?  All right.

21 When can I expect the procedures order?

22    MR. SHUMAKER:  Your Honor, I was going to try to

23 circulate the draft on Monday and get it to you as quickly as

24 possible.  Would that --

25    THE COURT:  Okay.  But in the meantime, you all are

1  going to operate as if it's in effect?  Yes?

2          MR. SHUMAKER:  Yes, your Honor.

3          THE COURT:  Okay.

4          MR. SHUMAKER:  Thank you, your Honor.

5          THE COURT:  Thank you.  We're in recess.

6          THE CLERK:  All rise.  Court is adjourned.

7       (Proceedings concluded at 1:27 p.m.)

INDEX


<u>WITNESSES:</u>

    None

<u>EXHIBITS:</u>

    None


       I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.


/s/ Lois Garrett            November 28, 2013
_____     _____
Lois Garrett