UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,          .          Docket No. 13-53846
        MICHIGAN,                 .
                                  .          Detroit, Michigan
                                  .          November 27, 2013
                     Debtor.      .          9:03 a.m.
. . . . . . . . . . . . . . .


   HEARING RE. APPLICATION PURSUANT TO SECTIONS 901, 1002 AND
   1003 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR
 ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
  OF LAZARD FRERES & CO., LLC, AS FINANCIAL ADVISOR TO THE
    OFFICIAL COMMITTEE OF RETIREES AS OF SEPTEMBER 3, 2013
   (DOCKET 1476); MOTION FOR MODIFICATION OF AUTOMATIC STAY
        AND THE STAY EXTENSION ORDER (DOCKET #1377)
        BEFORE THE HONORABLE STEVEN W. RHODES
        UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:       Jones Day
                      By:  ROBERT W. HAMILTON
                      325 John H McConnell Blvd., Suite 600
                      Columbus, OH  43215
                      (614) 469-3939

                      Miller, Canfield, Paddock & Stone, PLC
                      By:  TIMOTHY A. FUSCO
                      150 West Jefferson, Suite 2500
                      Detroit, MI  48226
                      (313) 496-8435

For the Official      Dentons
Committee of          By:  CLAUDE MONTGOMERY
Retirees:             1221 Avenue of the Americas
                      New York, NY  10020-1089
                      (312) 632-8390

```
Court Recorder:        Letrice Calloway
                       United States Bankruptcy Court
                       211 West Fort Street
                       21st Floor
                       Detroit, MI  48226-3211
                       (313) 234-0068

Transcribed By:        Lois Garrett
                       1290 West Barnes Road
                       Leslie, MI  49251
                       (517) 676-5092
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1    THE CLERK:  All rise.  Court is in session.  Please

2  be seated.  Case Number 13-53846, City of Detroit, Michigan.

3    THE COURT:  Good morning.  I'd like to proceed first

4  with the motion to approve the appointment of Lazard.

5    MR. MONTGOMERY:  Good morning, your Honor.  Claude

6  Montgomery, Dentons, for the Retiree Committee.  I am pleased

7  to say that the debtor and the committee have resolved the

8  debtor's limited objection, and we filed last night on the

9  docket, Number 1832, a stipulation and a proposed order to

10  which the city has consented and the fee examiner has no

11  objection.  So if we may, your Honor, we'd like you to enter

12  that order.

13    THE COURT:  Would anyone in the courtroom like to

14  say anything about this?

15    MR. HAMILTON:  Good morning, your Honor.  Robert

16  Hamilton of Jones Day on behalf of the City of Detroit.

17  Counsel's representations are accurate.  The city's objection

18  has been resolved.  There is no agreement at this time to pay

19  a transaction fee to Lazard.  Any transaction fee that is

20  ultimately requested would be subject to the city's consent,

21  the Retiree Committee's approval at a later time, and would

22  be subject to the fee examiner's review for reasonableness at

23  a later time, but at this time all of the city's objections

24  have been resolved.

25    THE COURT:  Thank you.  Mr. Fishman, are you on the

1  line?  I'd asked Mr. Fishman to be on the line to see if he
2  had any comments about this.  Have you all been in touch with
3  him about this?
4          MR. MONTGOMERY:  Your Honor, I can represent to you
5  that Mr. Ellman from Jones Day sent the fee examiner an e-
6  mail with the attached proposed order, and he responded that
7  he had no objection, which is why the stipulation so
8  indicates.
9          THE COURT:  All right.  Thank you.  Is there a
10  representative of Lazard here?
11          MR. MONTGOMERY:  No, there is not.  We advised them
12  yesterday that the city had withdrawn its objection.
13          THE COURT:  Well, let me put the question I would
14  have asked to that person to you instead.
15          MR. MONTGOMERY:  Yes, sir.
16          THE COURT:  Can you describe in plain English that
17  the members of the constituency that you represent will
18  understand what it is Lazard will be doing for $125,000 a
19  month?
20          MR. MONTGOMERY:  $175,000.
21          THE COURT:  $175,000 a month.
22          MR. MONTGOMERY:  Your Honor, I can tell you with
23  certainty that the committee spent a full day interviewing
24  professional advisors and then more than a full committee
25  meeting dealing with the negotiations associated with the

1  retention of Lazard, so I believe the committee is fully

2  informed as to both what Lazard can do, and they have advised

3  Lazard, in fact, I would say rather directly of their

4  expectations of Lazard as well, your Honor.

5      THE COURT:  Well, my question wasn't really focused

6  so much on the committee.  I'm sure they are fully advised.

7  My question was in plain English that the constituents that

8  they represent can understand, the retirees themselves, what

9  Lazard is going to be doing.

10      MR. MONTGOMERY:  I think in plain English, they are

11  going to be trying to vet the debtor's financials and trying

12  to help the committee and its counsel develop a financial

13  plan that actually works for the retirees with respect to

14  funding of the pension plans as part of a plan of arrangement

15  and funding of the OPEB benefits as part of a plan of

16  arrangement.

17      THE COURT:  And approximately how many hours a month

18  do you expect Lazard employees to be working for that monthly

19  fee?

20      MR. MONTGOMERY:  I have no fixed expectation in that

21  regard, your Honor, and I don't believe the committee does

22  either.  And importantly, your Honor, in that regard, this

23  was not an hourly engagement.  Again, the committee did

24  interview financial advisors who were willing to be engaged

25  on an hourly basis, and their projections on a monthly basis

1  were substantially in excess of what Lazard is proposing to

2  charge.  In effect, your Honor, I think for the benefit of

3  the Retiree Committee, both the advisors and the committee

4  were looking at this as if it was a Chapter 11 style

5  financial advisor.

6          THE COURT:  Well, I'm sure that's so, but you're

7  talking about public money.

8          THE COURT:  Yes, your Honor, and, again, the

9  committee vetted the pricing of all of the constituent -- of

10  all of the competitors, and there were a number of

11  competitors who were invited, many of whom are quite well-

12  known and quite well-established, and Lazard was simply the

13  winner on all counts.  And these were both local and national

14  firms that were involved, your Honor.  And I might also add,

15  your Honor, because you're clearly thinking about this, the

16  safety valve of the fee examiner is obviously there, and

17  the -- Lazard is required to agree with the fee examiner not

18  only on the summary explanation but whatever other details

19  short of an hourly billing arrangement that the fee examiner

20  wants, and those conversations will happen.  And given our

21  first brush with the fee examiner, I'm confident that they

22  will be a detailed inquiry.

23          THE COURT:  Well, all right.  I'm going to grant

24  this but only on an interim basis.  I want someone from

25  Lazard to be here to answer these questions --

```
1            MR. MONTGOMERY:  Yes, sir.
2            THE COURT:  -- perhaps at our next hearing, which is
3     when, Chris?  December --
4            THE CLERK:  December 16th.
5            THE COURT:  December 16th.
6            MR. MONTGOMERY:  I will so advise Lazard, and they
7     will be here.
8            THE COURT:  On an interim basis, this is approved,
9     and we'll have a final hearing on this at that time.
10           MR. MONTGOMERY:  Thank you, your Honor.
11           THE COURT:  All right.  Let's turn our attention to
12    the motion for relief from stay in the Mobley matter.
13           MR. FUSCO:  Good morning, your Honor.  Timothy
14    Fusco, Miller Canfield, for the city.
15           THE COURT:  Who's not here?
16           MR. FUSCO:  The ACLU or Dykema.
17           THE COURT:  Have you had any contact with them?  Are
18    they planning to be here?  Do you know?
19           MR. FUSCO:  I have no -- I have not heard.  A reply
20    brief was filed last week, but, no, I've not heard from --
21           THE COURT:  All right.  In the circumstances, we'll
22    pass on this matter and move on to the lighting transaction.
23           (Proceedings concluded at 9:11 a.m.)
```

INDEX


<u>WITNESSES:</u>

    None

<u>EXHIBITS:</u>

    None


       I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.


/s/ Lois Garrett           December 1, 2013
_____      _____
Lois Garrett