UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYNCORA GUARANTEE INC.,

        Plaintiff,

vs.

UBS AG, et al.,

        Defendants.
_____/

Civil Action No.
4:13-cv-14293

HON. MARK A. GOLDSMITH

## REFERRAL TO BANKRUPTCY COURT

This action concerns a series of agreements entered into by various combinations of Defendant UBS AG, Defendant SBS Financial Products Company, LLC, Defendant Merrill Lynch Capital Services, Inc., the City of Detroit, Plaintiff Syncora Guarantee Inc., and two not-for-profit corporations created by the City relative to funding its pension obligations. Specifically, Plaintiff seeks injunctive and declaratory relief determining that it has "consent rights" that would bar termination of so-called "Swap Agreements" between the not-for-profit corporations and Defendants unless Plaintiff consents. Plaintiff's claim to "consent rights" is disputed by Defendants and the City, which wish to terminate the Swap Agreements as part of an effort to allow the City to access a substantial revenue stream (i.e. wagering taxes and developer payments referred to as "Casino Revenues"), which is currently encumbered.

The City — the debtor in a Chapter 9 bankruptcy proceeding in this district — is not named as a party in the instant action. As a consequence, it filed a motion to intervene and to refer this matter to the bankruptcy court (Dkt 5). However, the Court will not address the motion because, as explained below, the local rules of our district require the automatic referral of this action to the bankruptcy court.

Congress authorized the federal district courts to refer "any or all" bankruptcy related matters to the bankruptcy judges for their districts. See 28 U.S.C. § 157(a). Pursuant to that authority, Eastern District of Michigan Local Rule 83.50(a)(1) provides:

> Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

(Emphasis added).

Referrals to the bankruptcy court are automatic. See NM Holdings Co., LLC v. Shelby, No. 05-73638, 2006 WL 800781, at *1 (E.D. Mich. Mar. 6, 2006) ("28 U.S.C. § 157(a) permits each district court to refer cases and related proceedings arising under Title 11 to the bankruptcy court for the district. All such cases in the Eastern District of Michigan are referred automatically to the bankruptcy court pursuant to Local Rule 83.50(a)(1)."); see also In re Energy Conversion Devices, Inc., No. 12-12653, 2012 WL 5383165, at *1 (E.D. Mich. Oct. 26, 2012) (same); In re Lost Peninsula Marina Dev. Co., LLC, Nos. 10-10264, 10-10395, 2010 WL 3070134, at *2 (E.D. Mich. Aug. 4, 2010) (same).

Although Plaintiff originally disputed whether this action was "related to" the City's bankruptcy proceeding, see Pl.'s Resp. at 20 (Dkt. 13), Plaintiff's counsel acknowledged during the November 12, 2013 telephonic status conference with the Court that it is related. Such a concession is appropriate, given that the Sixth Circuit has interpreted the "related to" requirement broadly:

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or

> negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

In re Greektown Holdings, LLC, 728 F.3d 567, 577 (6th Cir. 2013) (internal quotation marks and citations omitted).

This action is related to the bankruptcy because it could conceivably alter the City's rights to, interest in, and freedom of action regarding, a substantial revenue stream — income that the bankruptcy court has already determined to be part of the bankruptcy estate. In re City of Detroit, Michigan, No. 13-53846 (Bankr. E.D. Mich.), 08/28/13 Order Regarding Casino Revenues and Automatic Stay (Dkt. 670) ("the Court concludes that the Casino Revenues are property of the estate").  If Plaintiff's position is sustained, the City's access to this revenue stream could be thwarted or impacted by demands Plaintiff might make to secure its consent to the termination of the Swap Agreements.  See Omega Tool Corp. v. Alix Partners, LLP, 416 B.R. 315, 320 (E.D. Mich. 2009) ("Courts . . . have routinely held that a case between two non-debtor parties is 'related to' a bankruptcy proceeding when, for example, the outcome of the case may increase or decrease claims against the debtor.") (internal citations omitted).

Plaintiff argues that referral is inappropriate because it will seek to withdraw the reference.  Pl.'s Resp. at 20; see also Pl.'s Supp. Br. at 5 (Dkt. 22).  But this argument puts the cart before the horse.  While Plaintiff certainly is free to file a motion to withdraw the reference following referral, Plaintiff has provided no authority suggesting that the automatic referral mechanism of Local Rule 83.50(a)(1) should be overridden simply because a party has announced its intention to file a withdrawal motion.  See Omega Tool Corp., 416 B.R. at 322.

Furthermore, Plaintiff's skeletal argument that a withdrawal would be warranted because Judge Rhodes is not authorized to issue final decisions does not render referral automatically pointless.  Pl.'s Resp. at 20; Pl.'s Supp. Br. at 5.  Even if Judge Rhodes has no authority to issue

final decisions in this action, an issue about which the parties disagree, he can still issue proposed findings of fact and conclusions of law.  See In re Global Technovations Inc., 694 F.3d 705, 722 (6th Cir. 2012).  District courts regularly refer both bankruptcy and non-bankruptcy matters to non-Article III judicial officers for non-final, non-binding decisions.  See, e.g., 28 U.S.C. § 157(c)(1) (providing that proposed findings of fact and conclusions of law are required in non-core proceedings); 28 U.S.C. § 636(b)(1)(B) (providing for referral of dispositive motions to magistrate judges for proposed findings and recommendations).  While the Court intimates no view on the propriety of withdrawing the reference, it concludes that there is no present reason to disregard the local rule providing for referral in the first instance.

Accordingly, the Court refers this matter to Judge Steven Rhodes in the bankruptcy court before whom the City of Detroit's Chapter 9 proceeding remains pending.  The matter is referred for further proceedings, including consideration of the City's pending motion to intervene (Dkt. 5) and Defendants' pending motion to dismiss (Dkt. 8).

SO ORDERED.

Dated:  November 18, 2013  
     Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2013.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager