**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

**APPLICATION PURSUANT TO SECTIONS**
**901, 1102 AND 1103 OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN**
**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF THE SEGAL COMPANY AS ACTUARIAL CONSULTANT TO THE**
**OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 4, 2013**

TO:  THE HONORABLE STEVEN W. RHODES,
     UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Retirees (the "Committee") appointed in the above-captioned

Chapter 9 case (the "Chapter 9 Case") of the City of Detroit, Michigan as debtor (the "City" or

the "Debtor") hereby submits this application (the "Application") for an order, substantially in

the form attached hereto as Exhibit 1, under sections 901, 1102 and 1103 of title 11 of the United

States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment

and retention of The Segal Corporation ("Segal" or the "Company") as its actuarial consultant,

effective as of September 4, 2013 (the "Retention Date"). This Application is supported by the

Declaration of Stuart I. Wohl, Senior Vice President of Segal, a copy of which is attached hereto

as Exhibit 5 (the "Declaration") and incorporated by reference herein.

## BACKGROUND

1.     On July 18, 2013, the City of Detroit (the "City" or the "Debtor") filed a voluntary petition (the "Petition") for the adjustment of debt under Chapter 9 of the Bankruptcy Code.

2.     Upon Motion of the City, the Court directed the appointment of an official committee for retired employees pursuant to section 1102(a)(2) by Order dated August 2, 2013.

3.     The Committee was formed and parties were appointed thereto on August 22, 2013.  The Committee selected and engaged counsel on August 28, 2013 and on September 4, 2013, selected and engaged Segal as its actuarial consultant.

4.     On September 9, 2013, the Court entered a certain Fee Review Order (ECF # 810) (the "Fee Order") setting forth the procedures for the compensation of Committee professionals, including Segal.

## RELIEF REQUESTED

5.     By this Application, the Committee respectfully requests the entry of an order, pursuant to sections 901, 1102 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to retain and employ Segal as its actuarial consultant in the Chapter 9 Case, effective as of the Retention Date, pursuant to the terms, and subject to the conditions, of the engagement letter between the Committee and Segal, dated as of September 4, 2013, a copy of which is attached hereto as Exhibit 6 (the "Engagement Letter").  The Engagement Letter describes (a) the various services that Segal anticipates performing for the Committee in the Chapter 9 Case and (b) the terms and conditions of Segal's proposed engagement by the Committee.  Segal's provision of

services to the Committee is conditioned upon this Court's approval of the Engagement Letter.

**BASIS FOR RELIEF REQUESTED**

6.      The Committee respectfully submits that the services of an actuarial consultant are necessary and appropriate to enable it to evaluate the complex financial issues raised by the Debtor's bankruptcy proceeding and to effectively fulfill its statutory duties.

7.      The Committee formally reviewed materials submitted by Segal prior to selecting it as the Committee's actuarial consultant.  The Committee selected Segal to act as its actuarial consultant in the Chapter 9 Case because of Segal's significant expertise in providing actuarial consultant services to Retiree Committees in restructurings and distressed situations. The Committee's selection of Segal was also based on the Committee's determination that Segal's proposed fee structure is competitive and appropriate given the Committee's understanding of the facts and circumstances of the Chapter 9 Case.

**A.      Segal's Qualifications**

8.      The Company is well qualified to serve as bankruptcy actuarial consultants to the Retiree Committee.  It was founded in 1939 and is one of the nation's leading actuarial and employee benefit plan consulting firms.  Segal provides pension and health benefit consulting services.  Segal maintains a staff of approximately 1,000 and has offices located in 22 cities in the United States and Canada.  Segal provides employee benefits and human resource consulting to over 2,500 clients.  The Company consults on the full range of health and welfare, retirement and human resources-related issues.

9.     The Company has a long history in assisting and advising 1114 committees in bankruptcy proceedings.  Its services have included assistance in educating the 1114 committees on health, life and other benefits, the actuarial valuations of such benefits, analyzing debtor offers, helping 1114 Committees develop counter-offers and negotiate over such benefit offers, testifying regarding retiree benefits and providing overall actuarial and benefit consulting services to the 1114 committee.  The Company has been retained by Retiree Committees in numerous nationally prominent bankruptcy proceedings including United Airlines, Kodak, Lone Star Industries, Federated-Allied Department Stores, Solutia, American Airlines, Eastern Airlines, Pan Am Airways, Northwest Airlines and others. We are also currently working with the City of Stockton in their Chapter 9 proceedings.

10.     Based on the foregoing and on Segal's vast experience and expertise, the Committee believes that the employment and retention of Segal as the actuarial consultant to the Committee in the Chapter 9 Case is in the best interests of the Committee.

**B.     The Services to be Provided by Segal**

11.     The Committee anticipates that Segal will render the following financial advisory services pursuant to the Engagement Letter to assist the Committee as requested:[1]

    a.  Translate actuarial concepts for the Committee and its Counsel;

    b.  Advise and assist Committee and its Counsel in its actuarial analysis of any plans;

    c.  Educate Committee and its Counsel regarding benefits;

---

[1]     This Application summarizes the terms of the Engagement Letter.  To the extent there is a conflict between the Application and the Engagement Letter, the Engagement Letter will govern.

d. Advise and assist Committee and its Counsel in its examination and analysis of any proposed retiree benefit modifications by the City that impact the Client and/or its constituents;

e. Participate in meetings and negotiations with the City, its advisors and counsel regarding proposed modifications, underlying assumptions, and support information;

f. Upon written request of the Committee and/or its Counsel, provide testimony on related matters, as appropriate; and

g. Provide other services as requested by the Committee and its Counsel.

12.     Pursuant to section 1103(a) of the Bankruptcy Code, a committee may retain advisors to assist in the Chapter 9 cases. See 11 U.S.C. § 1103(a). In the Chapter 9 Case, the Committee requires qualified professionals to render these essential actuarial consulting services.  As discussed above, Segal has substantial expertise as a financial advisor in complex bankruptcy cases, and is well qualified to perform these services and to assist the Committee in the Chapter 9 Case.

**C.     Professional Compensation**

13.     As actuarial consultant to the Committee, Segal shall receive compensation solely from the Debtor (and not from any Committee member), subject to the Fee Order entered on September 11, 2013 [Dkt.#810], and such other procedures as may be fixed by order of this Court with consent of the City.

14.     The current hourly rates charged by Segal professionals and staff are set forth in the Wohl Declaration.  Any and all expenses incurred by the firm will conform to the guidelines established by the Fee Order.

**D.     Connections**

15.     To the best of the Committee's knowledge, information and belief, Segal and its members and associates have no connection with the Debtor, its creditors or any

other party in interest, or its attorneys or accountants, or with the U.S. Trustee, members of the Committee or the professionals retained by individual members of the Committee, except to the extent set forth in the Declaration.

16.     Based on the foregoing, the Committee believes that the employment of Segal would be in the best interests of the Committee and the Debtor.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit 1, authorizing the Committee to retain and employ Segal as its financial advisor and investment banker, effective as of September 4, 2013, and to grant such other and future relief as the Court deems appropriate.

Dated: December 2, 2013

DENTONS US LLP

By:  _/s/ Carole Neville_

Carole Neville
Claude D. Montgomery
1221 Avenue of the Americas
New York New York 10020
Tel:  (212) 768-6700
carole.neville@dentons.com
claude.montgomery@dentons.com

and

Sam J. Alberts
DENTONS US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005-3364
Tel: (202) 408-6400
sam.alberts@dentons.com

and

Matthew E. Wilkins
Paula A. Hall
BROOKS WILKINS SHARKEY & TURCO
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Tel: (248) 971-1800
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Retirees Committee*

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice of Application and Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | Declaration |
| Exhibit 6 | Engagement Letter |

**Exhibit 1**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Case No. 13-53846 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | In Proceedings Under Chapter 9. |
|  | ) |  |
|  | ) |  |
|  | ) | Hon. Steven W. Rhodes |
| Debtor. | ) |  |
|  | ) |  |

**ORDER PURSUANT TO SECTIONS
901, 1102 AND 1103 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF THE SEGAL COMPANY AS ACTUARIAL CONSULTANT TO THE
OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 4, 2013**

Upon the application of the Official Committee of Retirees (the "Committee") of the City

of Detroit, Michigan as debtor (the "City" or "Debtor "), pursuant to sections 901, 1102 and 1103

of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing

the Committee to employ and retain The Segal Company ("Segal") as their actuarial consultant

effective as of September 4, 2013 (the "Application")[1], pursuant to the terms of the engagement

letter between the Committee and Segal  (the "Segal Agreement"); and Segal having submitted

the Declaration in support of the Application; and the Court being satisfied based on the

representations made in the Application and the Declaration that Segal neither represents nor

holds any interest adverse to the Committee nor represents any other entity having an adverse

interest in connection with this Chapter 9 case, and having considered the statements of counsel

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

and the evidence adduced with respect to the Application at a hearing before the Court (the

"Hearing"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28

U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is

sufficient under the circumstances, and that no further notice need be provided; and it further

appearing that the relief requested in the Application is in the best interests of the Debtor, its

estate and its creditors; and after due deliberation and sufficient cause appearing therefore, it is

hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that the Committee is authorized to retain and employ Segal as its actuarial

consultant pursuant to sections 1102 and 1103 of the Bankruptcy Code on the terms set forth in

the Segal Agreement effective as of September 4, 2013

ORDERED that, consistent with the agreement of the Debtor, Segal will be compensated

and reimbursed by the Debtor, in accordance with and subject to the terms of the Fee Review

Order, entered September 11, 2013 (ECF # 810).


Dated: _____, 2013
Detroit, Michigan


_____
THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 2

**Notice of Application and Opportunity to Object**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |
|  | ) |  |

**NOTICE OF APPLICATION PURSUANT TO SECTIONS**
**901, 1102 AND 1103 OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN**
**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF THE SEGAL COMPANY AS ACTUARIAL CONSULTANT TO THE**
**OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 4, 2013**

**PLEASE TAKE NOTICE** that the Official Committee of Retirees filed an Pursuant To Sections 901, 1102 And 1103 Of The Bankruptcy Code And Bankruptcy Rule 2014 For Entry Of An Order Authorizing The Retention And Employment Of The Segal Company As Actuarial Consultant To The Official Committee Of Retirees Effective As Of September 4, 2013 (the "Application").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to enter an order granting the Application or if you want the Court to consider your views on the Application, **within 14 days**, you or your attorney must:

1.      File with the Court a written objection, together with a proof of service, explaining your position at:

United States Bankruptcy Court
211 W. Fort Street
Detroit, Michigan 48226-3211

If you mail your objection to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

2.      Mail a copy of your objection to:

Carole Neville, Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020 and Paula A. Hall, 401 S. Old Woodward Avenue, Suite 400, Birmingham, MI 48009.

If an objection is timely filed and served, the clerk will schedule a hearing on the Application and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief.**

Dated: December 2, 2013

Respectfully Submitted,

By: _/s/ Carole Neville_
Carole Neville
Claude D. Montgomery
DENTONS US LLP
1221 Avenue of the Americas
New York New York 10020
Tel: (212) 768-6700
carole.neville@dentons.com
claude.montgomery@dentons.com

and

Sam J. Alberts
DENTONS US LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005-3364
Tel: (202) 408-6400
sam.alberts@dentons.com

and

Matthew E. Wilkins
Paula A. Hall
BROOKS WILKINS SHARKEY & TURCO
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Tel: (248) 971-1800
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Retirees Committee*

**Exhibit 3**

**None**

**Exhibit 4**

**Certificate of Service**

**CERTIFICATE OF SERVICE**

I, Carole Neville, hereby certify that service of the *Application Pursuant To Sections 901, 1102 And 1103 Of The Bankruptcy Code And Bankruptcy Rule 2014 For Entry Of An Order Authorizing The Retention And Employment Of The Segal Company As Actuarial Consultant To The Official Committee Of Retirees Effective As Of September 4, 2013* was filed and served via the Court's electronic case filing and noticing system on December 2, 2013.

*/s/* Carole Neville

**Exhibit 5**

**Declaration**

| | | |
|---|---|---|
| In re | ) | In Proceedings Under Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

## DECLARATION OF STUART I. WOHL IN SUPPORT OF THE APPLICATION PURSUANT TO SECTIONS 901, 1102 AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE SEGAL COMPANY AS ACTUARIAL CONSULTANT TO THE OFFICIAL COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 4, 2013

I, Stuart I. Wohl, declare under penalty of perjury that:

1.    I am a Senior Vice President of The Segal Company ("Segal" or the "Company"), which maintains offices at 1920 N Street, N.W., Washington, D.C. 20036. I am authorized to execute this declaration on behalf of Segal. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.[1]

2.    This declaration is being submitted in connection with the application (the "Application") for an order approving the retention of Segal as actuarial consultant to the Official Committee of Retirees (the "Committee") of the City of Detroit (the "City" or "Debtor").

3.    Segal is well qualified to serve as bankruptcy actuarial consultants to the Retiree Committee.  The Company was founded in 1939 and is one of the nation's leading actuarial and employee benefit plan consulting firms.   Segal provides both pension and health benefit

---

[1]    Certain disclosures herein relate to matters within the personal knowledge of other professionals at Segal and are based on information provided by them.

consulting services. We maintain a staff of approximately 1,000 and have offices located in 22 cities in the United States and Canada. Segal provides employee benefits and human resource consulting to over 2,500 clients. We consult on the full range of health and welfare, retirement and human resources-related issues.

4. Segal and its professionals have extensive experience and an excellent reputation for providing high quality services in bankruptcy cases. Segal has a long history in assisting and advising 1114 committees in bankruptcy proceedings. Its services have included assistance in educating the 1114 committees on health, life and other benefits, the actuarial valuations of such benefits, analyzing debtor offers, helping 1114 Committees develop counter-offers and negotiate over such benefit offers, testifying regarding retiree benefits and providing overall actuarial and benefit consulting services to the 1114 committee. The Company has been retained by Retiree Committees in numerous nationally prominent bankruptcy proceedings including United Airlines, Kodak, Lone Star Industries, Federated-Allied Department Stores, Solutia, American Airlines, Eastern Airlines, Pan Am Airways, Northwest Airlines and others. We are also currently working with the City of Stockton in their Chapter 9 proceedings.

5. In connection with its proposed retention by the Committee in these cases, Segal undertook to determine whether Segal had any relationships that might cause it to hold or represent an interest adverse to the Committee. Specifically, Segal obtained from counsel to the Committee the names of individuals and entities that may be parties in interest in these bankruptcy proceedings (the "Interested Party List"). The Company reviewed that list and compared to lists of current and past clients. We then reviewed those results. Based upon the information presently available, the Company is aware of no conflicts in connection with this engagement.

6.     Segal has no connection with the City, its creditors or any other party in interest, or its attorneys or accountants, or with the U.S. Trustee, members of the Retirees Committee or the professionals retained by individual members of the Retiree Committee except that Segal previously has represented, currently represents and may represent in the future the entities described below (or their affiliates), in matters totally unrelated to this case or the City:

(a)     AFL-CIO;

(b)     Amalgamated Transit Union (ATU);

(c)     International Union, United Automobile, Aerospace and Agricultural Implement Workers of America;

(d)     State of Michigan;

(e)     Wendy Field Jones;

(f)     United States of America.

7.     Given the size of the firm and the breadth of Segal's client base, it is possible, however, that Segal may now or in the future be retained by creditors and other parties in interest in the City's Chapter 9 case in unrelated matters. Segal may continue its representation of such parties, but has not and will not represent any of them in any matter relating to the City or this Chapter 9 case. To the extent that Segal discovers any, or enters into any new, material relationship with creditors and other parties in interest in the City's Chapter 9 case, it will supplement this disclosure to the Court promptly.

8.     Additionally, Segal may also represent in the future, or may have represented, affiliates of creditors and other parties in interest in the City's Chapter 9 case and Segal may have worked with or work with now or in the future, and/or have now or in the future mutual clients with, certain accounting, law firms and other professionals who appear in the City's Chapter 9 case.

9.      Although Segal has researched its connections with parties in interest in the City's Chapter 9 case, the Debtor may have creditors, competitors and other parties with whom they maintain business relationships that have not appeared in the Chapter 9 case and, therefore, have not been included in Segal's conflicts search and with whom we may have had in the past, or may now or in the future have, relationships.

10.     Other than as disclosed herein, Segal has no relationship with the Debtor of which I am aware after due inquiry. Based upon the foregoing, I believe that Segal does not hold or represent an interest adverse to the Committee.

11.     Segal has provided and agrees to continue to provide assistance to the Committee in accordance with the terms and conditions set forth in the Engagement Agreement, which is annexed to the Application as Exhibit 6. Pursuant to the Engagement Agreement, for services provided to the Committee in the above-referenced case, Segal has agreed to charge, subject to approval in accordance with the terms of the Fee Order, as defined in the Engagement Agreement, Segal's customary hourly rates and its customary reimbursements as charged to its bankruptcy and non-bankruptcy clients.

12.     At present, subject to periodic revisions and upward adjustment in accordance with our firm's general billing procedures, the range of hourly billing rates for a senior vice president is $500 to $750, the range of hourly billing rates for vice presidents is $380 to $495, the range of hourly billing rates for actuaries is $325 to $450, the range of hourly billing rates for analysts is $180 to $450, and the range of hourly billing rates for subject matter experts is $280 to $450.

13.     No agreement or understanding exists to share any compensation received by Segal for services to the Committee with any other person.

14.     In light of the foregoing and to the best of my knowledge, Segal neither holds nor represents any adverse interest in connection with the case as required by section 1103(b) of the Bankruptcy Code.

I declare under the penalty of perjury that the forgoing is true and correct, to the best of my knowledge.

THE SEGAL COMPANY

Dated: December 2, 2013          By: _____
                                      Stuart I. Wohl
                                      Senior Vice President

81478256\V-2

**<u>Exhibit 6</u>**

**Engagement Letter**


**Segal Consulting**

1920 N Street NW  Suite 400  Washington, DC 20036-1659
T 202.833.6400  www.segalco.com

November 26, 2013

Terri L. Renshaw, Chair
Official Retiree Committee of the City of Detroit
c/o Dentons US LLP
1221 Avenue of Americas
New York, New York 10020
Att: Carole Neville

**Re:     Consulting Services Agreement - Official Retiree Committee of the City of Detroit**

Dear Ms. Renshaw:

This letter sets forth the agreement between the Official Retiree Committee of the City of Detroit (the "Retiree Committee" or "Client") and The Segal Company (Eastern States), Inc., on behalf of itself and its affiliates (collectively, "Segal"), pursuant to which Segal will provide actuarial consulting services and related services to the Retiree Committee and its professional advisors in connection with the Chapter 9 Case of the City of Detroit (the "City"), Case No. 13-53846, pending in the United States Bankruptcy Court for the Eastern District of Michigan (the "Proceeding").

## 1.     SERVICES

This agreement contemplates services of character and quality that are necessarily adjunct to the Retiree Committee's counsel's services. Segal hereby agrees that it will not disclose to anyone, without the Retiree Committee's written permission, the nature or content of any oral or written communication with the Retiree Committee, or its other professional advisors, nor any information gained from the inspection of any records or documents submitted to Segal, and Segal will not permit inspection of any papers or documents without the Retiree Committee's permission in advance.

**(a)     Effective Date.**  This Agreement is effective on November 26, 2013.

**(b)     Scope of Services.**  Segal shall perform services pursuant to this Agreement as a non-testifying consultant. Segal's services do not include rendering legal or accounting services.

The services provided by Segal shall include the following:

Benefits, Compensation and HR Consulting. **Member of The Segal Group.** Offices throughout the United States and Canada

a.      Translate actuarial concepts and data for the retiree Committee, and its legal counsel Dentons US LLC (Counsel") to facilitate Counsel in giving legal advice to the Retiree Committee;

b.      Advise and assist the Retiree Committee and Counsel in its actuarial analysis of any plans;

c.      Educate the Retiree Committee and Counsel regarding benefits;

d.      Advise and assist the Retiree Committee and Counsel in its/their examination and analysis of any proposed retiree benefit modifications by the City that impact the Retiree Committee and/or its constituents;

e.      Participate in meetings and negotiations with the City, its advisors and counsel regarding proposed modifications, underlying assumptions, and support information;

f.      Upon written request of the Retiree Committee, provide testimony on related matters, as appropriate; and

g.      Provide other services as requested by the Retiree Committee relative to the Proceeding.

## 2.      FEES

Segal shall bill on a time and expense basis. The fees shall be based on the tasks required and the related time spent charged at the regular time charge rates of the members of Segal's consulting team. Segal's billing rates currently range from $180 to $750 an hour, subject to upward adjustment on or after each January 1st. In addition to professional fees, Segal's bills shall include out-of-pocket expenses. Segal agrees to comply in all respects with procedures established and orders entered by the U.S. Bankruptcy Court, Eastern District of Michigan ("Court"), with respect to the Proceeding. In particular, Segal agrees to comply with the Fee Review Order dated September 11, 2013 [Dkt. No. 810], as same may be amended by Order of the Court with the consent of the City.

Segal shall remit invoices for fees and expenses each month for the prior month's services to the Retiree Committee and the Court appointed Fee Examiner. Payment of all such invoices shall be made by the City (not the Retiree Committee or its members), subject to the prior review and approval of each such invoice by the Fee Examiner. Segal understands and acknowledges that neither the Retiree Committee nor its members are responsible for paying Segal fees and expenses.

## 3.      STANDARD OF CARE

Segal warrants that all services performed by Segal employees shall be of a high quality according to applicable industry standards. Client understands that Segal will be provided information and data from the City (or its agents and representatives). Segal shall have the right to rely on the accuracy and completeness of the data and information and shall have no responsibility for independently verifying or checking this data and information. However, notwithstanding the foregoing, Segal shall have the

duty to review the data for basic reasonableness and advise Client if the data and information appears to be abnormal, unusual, or incorrect.

### 4. CONFIDENTIALITY

Segal understands that it is the Retiree Committee's (and Counsel's) intention and position that the services provided by Segal to the Retiree Committee and Counsel pursuant to this Agreement will be covered by all applicable privileges, including the attorney-client privilege and attorney work-product privilege. Segal agrees to hold in confidence, and to not disclose to any third party, without Counsel's, or the Retiree Committee's written permission, the existence, nature, or content of any oral or written communications related in any manner to the subject matter of Counsel's representation of the Retiree Committee. Segal agrees not to disclose any information it obtains from the inspection of any record or document submitted to it, including information obtained from records or documents coming into its possession, during the performance of its services under this Agreement.

### 5. LIMITATION OF LIABILITY

Segal shall not be liable for any claim arising out of or relating to this Agreement or its performance or nonperformance of its obligations thereunder for an aggregate amount in excess of the fee paid to Segal for services rendered hereunder. The parties agree that this liability amount is reasonable and that Segal shall not be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including, without limitation, lost profits and opportunity costs) arising under this Agreement, except, the aforementioned limitation shall not apply in the event that a judge determines that such liability is attributable to the gross negligence or willful misconduct of Segal. This limit on liability shall apply regardless of the form of action, damage, claim, liability, cost, expense, or loss, whether in contract, statute, tort (including, without limitation, breach of contract, breach of warranty, negligence of any kind, whether active or passive, strict liability, misrepresentations, claims for failure to exercise due care in the performance of services hereunder and other torts), or any other legal or equitable grounds.

### 6. WARRANTIES AND DISCLAIMERS

Segal warrants that the services it will provide under this Agreement will be performed in a competent and professional manner by qualified personnel. The Retiree Committee agrees that Segal shall not be responsible for any inaccurate or incomplete information provided by the debtor or its employees or agents, or any work performed by the Retiree Committee, its other professional advisors, or any third party acting as an agent of either of them.

Neither party shall be liable to the other for failure to comply with the terms of this Agreement or delays in the performance of any of their respective obligations hereunder attributable to causes beyond reasonable control, including, but not limited to, acts of God, or, government order, rule or regulation or the other party's -failure to timely fulfill its responsibilities under this Agreement for the period during which the effects of such causes continue.

### 7. ACKNOWLEDGEMENTS

The parties acknowledge they have read this Agreement, understand it and agree to be bound by its terms. This Agreement will be valid and in effect for all future services unless reissued or revised. Each signatory below is a valid agent with the authority to bind their respective organization to the terms and conditions contained herein.

### 8. ENTIRE AGREEMENT

This Agreement sets forth the entire agreement between the parties as to the subject matter hereof and merges all prior discussions between them. Neither party shall be bound by any conditions, definitions, warranties, understandings or representations with respect to such subject matter other than as expressly provided herein, or in any prior written agreement between the parties, or as duly set forth on or after the effective date of this Agreement in writing and signed by a duly authorized representative of the party to be bound thereby.

### 9. SEVERABILITY/CONSTRUCTION

If any provision of this Agreement is held to be illegal, invalid or unenforceable, the validity, legality and enforceability of the remaining provisions shall not be affected. No consent to or waiver of any default hereunder shall be effective unless in writing and no such consent or waiver shall be construed as a consent to or waiver of any default in the future or of any other default hereunder.

### 10. ASSIGNMENT/TRANSFER

This Agreement may not be assigned or otherwise transferred by one party without the prior written consent of the other party.

### 11. RELATIONSHIP OF THE PARTIES

The parties agree that Segal is acting as an independent contractor in performing the services detailed in this Agreement. Nothing contained herein or done pursuant to this Agreement shall be interpreted as the parties entering into a joint venture or into a partnership or shall constitute either party hereto as the agent for the other for any purpose and neither party shall have the right to make any warranty or representation to such effect.

### 12. TERMINATION OF THE AGREEMENT

The Retiree Committee shall have the right, for any reason, to terminate this Agreement upon written ten (10) days written notice to Segal sent in accordance with Section 13 below. Segal shall have the right, for any reason, to terminate this Agreement upon thirty (30) days written notice to the Retiree Committee sent in accordance with Section 13 below and with the applicable sections of the Bankruptcy Code and Bankruptcy Rules. Upon receipt of a notice to terminate this Agreement, Segal shall cease any further work as of the effective date of the Agreement's termination and shall be entitled to payment for its services performed and expenses incurred up to the effective date of the Agreement's termination.

If one of the parties commits a material breach of its obligations hereunder, intent to terminate may be conveyed by the non-breaching party by written notice, setting forth the details of the breach, sent to the breaching party. Termination shall become effective ten (10) days from the date that the notification of intent to terminate was mailed, unless the breaching party corrects the breach before the 10-day period expires.

Notwithstanding termination of this Agreement, Sections 4 and 5 of this Agreement shall remain in full force and effect.

### 13.  NOTICES

All notices, requests, demands and other communications given or made in accordance with this Agreement shall be in writing, shall be given either by mail or by facsimile, or shall be deemed to have been given when deposited in the mails, as the case may be, postage pre-paid, or in the case of facsimile notices, when sent.

All such writings shall be sent to:

If to Client:

> Terri L. Renshaw
> Chair
> Official Retiree Committee of the City of Detroit
> c/o Dentons US LLP
> 1221 Avenue of the Americas
> New York, New York 10020
> Telephone: 212 768-6700
> Facsimile: 212 768-6800
> Att: Carole Neville

If to Segal:

> Stuart I. Wohl
> Senior Vice President
> The Segal Company
> 1920 N Street, NW
> Washington, DC 20036
> Telephone: 202-833-6431
> Fax: 202-833-6490

With a copy to:

> Attn: General Counsel
> The Segal Company
> 333 West 34th Street
> New York, NY 10001-2402

Telephone: (212) 251-5000
Fax: (212) 251-5275

## 14.    NO THIRD PARTY BENEFICIARIES

This Agreement is for the benefit of the parties to the Agreement and does not confer any rights or privileges upon any third parties.

## 15.    DISPUTE RESOLUTION

(a)    Mediation. Any disputes between the parties hereto are subject to mediation in accordance with the Judicial Arbitration and Mediation Service ("JAMS") as a condition precedent to the commencement of any legal proceeding hereunder.

(b)    Waiver of Jury Trial. Each party hereby irrevocably waive, to the fullest extent permitted by law, all rights to a trial by jury in any action, suit, proceeding, or counterclaim (whether in contract, statute, tort (such as negligence), or otherwise) arising out or relating to this Agreement.

## 16.    APPLICABLE LAW

This Agreement and all matters relating to his engagement (whether in contract, statute, tort (such as negligence), or otherwise), shall will be governed by, and construed in accordance with, the laws of the State of New York, without regard to the conflicts of law thereof. Exclusive jurisdiction for litigation of any dispute, controversy or claim arising out of or in connection with this Agreement, or breach thereof shall be only in the Court.

If this Agreement is in accordance with your understanding, please have a duly authorized representative execute the signature line below.

AGREED TO AND ACCEPTED ON BEHALF OF THE OFFICIAL RETIREE COMMITTEE OF THE CITY OF DETROIT

By: _Terri L Renshaw_                    Date: _NOV. 27, 2013_
    Terri Renshaw
    Chair

ACCEPTED AND AGREED ON BEHALF OF THE SEGAL COMPANY (EASTERN STATES), INC.

By: _Stuart I. Wohl_                      Date: November 26, 2013
    Stuart I. Wohl
    Senior Vice President