UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**MOTION OF THE OBJECTORS TO COMPEL THE PRODUCTION OF PRIVILEGE LOG**

The Objectors[1] submit this motion to compel the production of a privilege log by the Debtor City of Detroit (the "City") in connection with the City's document production relating to the *Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay* [Doc. No. 1520] (the "DIP Motion") and pursuant to this Court's November 15, 2013 Order [Doc. No. 1743], Syncora's Request for the Production of

---

[1] Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora"). Ambac Assurance Corporation, the Retiree Association Parties, Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "EEPK"), the Detroit Retired City Employees Association ("DRCEA"), the Retired Detroit Police and Fire Fighters Association ("RDPFFA") (collectively the "Retiree Associations"), the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit, and Financial Guaranty Insurance Company.

Documents [Doc. No. 1775], and Federal Rule of Bankruptcy Procedure 7026. In support of this motion, the Objectors respectfully represent as follows:

## BACKGROUND

1. On November 5, 2013, the City of Detroit filed the DIP Motion requesting approval for postpetition financing. In connection with the DIP Motion, certain objecting parties filed a Motion for Leave to Conduct Limited Discovery (the "DIP Discovery Motion") [Doc. No. 1640]. The City opposed certain of the Objectors' requested discovery.

2. On November 14, 2013, this Court held a hearing on the DIP Discovery Motion and issued an Order granting in part the DIP Discovery Motion [Doc. No. 1743]. Consistent with this Court's Order granting in part the Objectors' DIP Discovery Motion, Syncora filed its Request for the Production of Documents ("Document Requests") with the Court pursuant to Local Bankruptcy Rule 7026-1 [Doc. No. 1775]. As part of its Document Requests, Syncora requested that, "[i]f the Debtor claims any that any privilege or protection excuses production of any document or part thereof, the Debtor must expressly make such claim in writing and provide a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail for Syncora to determine whether there is an adequate basis for invoking privilege or protection." (Document Requests at 5.)

3. The City produced documents to the Objectors on November 20, 2013. As part of this production, the City withheld multiple documents on privilege grounds. The City did not, however, provide a corresponding privilege log.

4. On December 2, 2013, counsel for Syncora requested that the City provide a privilege log in order to assess the City's privilege claims. In response to this request, counsel for the City stated that it had not planned to provide a privilege log. Counsel for Syncora noted that (a) it was entitled to receive such a log under the relevant Federal Rules of Bankruptcy Procedure and Federal Rules of Discovery and (b) a log was necessary, as a practical matter, to assess the City's privilege claims. The City ultimately stated that it did not intend to provide a privilege log, claiming that it had not agreed to do so and that it was not required to do so "under the rules."

5. In light of the City's refusal to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the instructions in Syncora's Document Requests, the Objectors now seek to compel the production of a privilege log relating to the City's production of documents in connection with the DIP Motion.

## JURISDICTION

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7. The Objectors respectfully request the entry of an order substantially in the form of Exhibit 1 attached herein compelling the City to produce a privilege log or, in the alternative, finding that the City has waived privilege with respect to the documents withheld on that basis.

## BASIS FOR RELIEF

8. Rule 26(b)(5) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026, requires that a party claiming privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *In re Cont'l Capital Inv. Servs., Inc.*, BR 03-3370, 2011 WL 4624678 (Bankr. N.D. Ohio Sept. 30, 2011).

9. A privilege log satisfies the requirements of Rule 26(b)(5). *See Hoxie v. Livingston Cnty.*, CIV.A. 09-CV-10725, 2009 WL 5171845 (E.D. Mich. Dec.

22, 2009) *objections overruled,* 09-CV-10725, 2010 WL 457104 (E.D. Mich. Feb. 3, 2010) ("The [Defendants] must produce an adequate privilege log listing any and all documents which they withhold by claiming a privilege. . . . The [Defendants'] privilege log should contain sufficient information for the Court and Plaintiff to determine whether the withheld documents are properly subject to a privilege or protection.") (internal quotations and citations omitted). Moreover, in the absence of a privilege log, a court may consider the privilege claimed by party waived. *Id.* ("The Court can reject the claim of privilege where the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege.")

10. Although the City has withheld a number of responsive documents on privilege grounds, it has not provided any reason or basis for its privilege claims. In so doing, the City has violated Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Bankruptcy Procedure 7026.

11. Thus, while the City is intent on moving forward with the DIP Motion in an expedited fashion — and has objected to the Objectors' attempts to obtain all of the discovery that is necessary to adequately assess the transaction at issue — it remains unwilling to comply with its most basic discovery obligations vis-à-vis the limited discovery it has agreed to provide.

12. Accordingly, the Objectors respectfully request that the Court compel the production of a privilege log that contains sufficient information to meet the requirements of Rule 26(b)(5) or, in the alternative, reject the City's claim of privilege given the City's failure to demonstrate any basis for its claims.

## STATEMENT OF CONCURRENCE SOUGHT

13. Local Bankruptcy Rule 9014-1 provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Local Rule 9014-1(g).

14. Counsel for Syncora sought concurrence from opposing counsel for the relief requested in this motion on December 2, 2013. Counsel for the City did not agree to produce a privilege log.

## RESERVATION OF RIGHTS

15. The Objectors file this motion without prejudice or waiver of their rights under the Bankruptcy Code.

WHEREFORE, the Objectors respectfully request that this Court (a) enter an order substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief sought herein; and (b) grant such other and further relief as the Court may deem proper.

| Dated: December 2, 2013 | /s/ *Stephen C. Hackney* |
|---|---|
| | James H.M. Sprayregen, P.C. |
| | Ryan Blaine Bennett |
| | Stephen C. Hackney |
| | KIRKLAND & ELLIS LLP |
| | 300 North LaSalle |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |

                                        - and -

                              Stephen M. Gross
                              David A. Agay
                              Joshua Gadharf
                              MCDONALD HOPKINS LLC
                              39533 Woodward Avenue
                              Bloomfield Hills, MI 48304
                              Telephone: (248) 646-5070
                              Facsimile: (248) 646-5075

                              *Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

                              By: /s/ *Carol Connor Cohen*
                              Carol Connor Cohen
                              Caroline Turner English
                              **ARENT FOX LLP**
                              1717 K Street, NW
                              Washington, DC 20036-5342
                              Telephone: (202) 857-6054
                              E-mail: Carol.Cohen@arentfox.com

                              -and-

                              David L. Dubrow
                              Mark A. Angelov
                              **ARENT FOX LLP**
                              1675 Broadway
                              New York, NY 10019
                              Telephone: (212) 484-3900

-and-

SCHAFER AND WEINER, PLLC
Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
Telephone: (248) 540-3340
E-mail: bbest@schaferandweiner.com

*Attorneys for Ambac Assurance Corporation*

By: */s/ Vincent J. Marriott, III*
Howard S. Sher
**JACOB & WEINGARTEN, P.C.**
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Telephone: (248) 649-1200
Facsimile: (248) 649-2920
E-mail: howard@jacobweingarten.com

-and-

Vincent J. Marriott, III
**BALLARD SPAHR LLP**
1735 Market Street, 51st Flr.
Philadelphia, PA 19103
Phone: 215.864.8236
Fax: 215.864.9762
Email: marriott@ballardspahr.com

-and-

Matthew G. Summers
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428

8

Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "EEPK")*

Thomas R. Morris
Karin F. Avery
**SILVERMAN & MORRIS, P.L.L.C.**
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone: (248) 539-1330
Facsimile: (248) 539-1355
E-mail: morris@silvermanmorris.com
E-mail: avery@silvermanmorris.com

-and-

**LIPPITT O'KEEFE, PLLC**
By: /s/ Ryan C. Plecha
Brian D. O'Keefe
Ryan C. Plecha
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
Telephone: (248); 646-8292
Facsimile: (248) 646-8375
E-mail: bokeefe@lippittokeefe.com
E-mail: rplecha@lippittokeefe.com
*Attorneys for the Retiree Associations*

By: */s/Robert D. Gordon*
Robert D. Gordon
Shannon L. Deeby
CLARK HILL PLC
151 South Old Woodward Avenue, Suite 200
Birmingham, MI 48009
Telephone: (248) 988-5882

9

Facsimile: (248) 988-2502
E-mail: rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

By: */s/ Mark R. James*
Ernest J. Essad Jr.
Mark R. James
**WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.**
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
E-mail: EJEssad@wwrplaw.com
E-mail: mrjames@wwrplaw.com

-and-

Alfredo R. Pérez
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
E-mail: Alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance Company*