**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES' OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS**

The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) ("**AFSCME**") -- the representative of the interests of between at least forty and fifty percent (40-50%) of the about 11,943 retired City of Detroit (the "**Debtor**") non-uniformed retired employees (the "**Retired AFSCME Employees**") and about 2,523 active City employees (the "**Active AFSCME Employees**", and together with the Retired AFSCME Employees, collectively, the "**AFSCME Detroit Employees**"), or about seventy percent (70%) of the active non-uniformed union-represented employees -- through its undersigned counsel, hereby submits this objection (the "**Objection**") to the *Motion of the Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* [Docket No. 1665] (the "**ADR Motion**"). In further support of this Objection, AFSCME respectfully states as follows:

## BACKGROUND

1. On July 18, 2013 (the "**Petition Date**"), the City filed a petition for relief in this Court, thereby commencing the instant chapter 9 proceeding.

2. Pursuant to the Court's order dated October 8, 2013 [Docket No. 1114] (the "**Ryan Order**"), the Court denied a tort's claimants request for stay relief subject to the City's filing, on or before November 12, 2013, "a motion for approval of an efficient process for liquidating all of the tort claims or a motion for extension of time to file such a motion." The City has therefore filed the ADR Motion on November 12, 2013 in response to the Ryan Order.

3. The ADR Motion contains mandatory alternative dispute resolution procedures (collectively, the "**ADR Procedures**") to "promote the liquidation of tort claims and other Designated Claims.[1]" The ADR Procedures generally involve a three-step process of (i) Offer Exchange, (ii) Case Evaluation, and (iii) Binding Arbitration (if the parties consent to such Binding Arbitration).

4. Certain Initial Designated Claims – which include (a) personal injury tort or wrongful death claims. (b) property damage claims, or (c) claims relating to the operation of motor vehicles for which the City is self-insured – will be immediately subject to the ADR Procedures, and all Initial Designated Claims will be enjoined (the "**Initial Injunction**") until 119 days after the General Bar Date from filing or prosecuting, with respect to such Initial Designated Claim, any motion for relief from either (a) the automatic stay, or (b) any similar injunction that may be imposed upon the confirmation or effectiveness of a plan of adjustment. ADR Motion at ¶ 21.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the ADR Motion.

5. However, the City also proposes that it be authorized to designate **any** proof of claim for resolution through the ADR Procedures. ADR Motion at ¶ 16.

6. Thus, with respect to other non-tort claimants, the City can designate any proof of claim timely asserted in these cases by serving an ADR Notice on the applicable claimant. Upon the service of an ADR Notice on any Designated Claimant, such claimant will be enjoined from filing or prosecuting any stay motion or otherwise seeking to establish, liquidate, collect on or enforce the Designated Claim(s) identified in the ADR Notice other than by liquidating the claim through the ADR Procedures (the "**ADR Injunction**"). ADR Motion at ¶ 23. The ADR Injunction will expire with respect to a Designated Claim only when the ADR Procedures have been completed as to that Designated Claim.

7. All Designated Claims that receive an ADR Notice (regardless of whether such claimant agree to the ultimate resolution of the claim via binding arbitration) are subject to the Offer Exchange and Case Evaluation process, including the payment of a mandatory $75.00 Case Evaluation fee (and if for any reason, however, the fees for any Case Evaluation proceeding exceed $75.00 per party, such fees will be borne equally by the parties). ADR Motion at ¶ 29. The stated purpose of the Case Evaluation is to obtain a nonbinding, confidential, monetary valuation of the applicable Designated Claim, although through a complex process involving an ADR Clerk selecting a panel of case evaluators who will hold a short hearing on the legal and factual bases on the Designated Claim. ADR Motion at ¶ 30.

## **OBJECTION**

8. It is unclear from the ADR Motion and the proposed ADR Procedures attached to the ADR Motion which types of claims the City intends to treat as subject to the ADR Procedures. The intent of the ADR Motion (which was submitted in response to the Court's

Ryan Order) appears to be to deal with personal injury tort or wrongful death claims, property damage claims, or claims relating to the operation of a motor vehicle.

9. However, given the broad definition of "Designated Claims" potentially subject to the ADR Procedures in the ADR Motion and the statement that the City "may designate for liquidation pursuant to the ADR Procedures any proof of claim timely asserted in these cases", it appears that all proofs of claim may be subject to the ADR Procedures, including claims which may be asserted by AFSCME and/or AFSCME Detroit Employees regardless of the nature of such claims, including, without limitation, claims for (i) grievances and other employment claims arising under collective bargaining agreements and/or City Employment Terms (where existing ADR/grievance processes may already be in place), (ii) post-retirement health obligations, or (iii) pension obligations (whether benefits, underfunding or otherwise).

10. Given the complexities of the proposed ADR Procedures and the imposed injunctions and potential mandatory Case Evaluation fees, AFSCME submits that such unprecedented relief should only apply (if at all) to tort claimants and **not** to AFSCME and/or AFSCME Detroit Employees asserting claims for, *inter alia*, grievances and other employment claims, post-retirement health obligations, or pension obligations.

11. AFSCME recognizes that the treatment and payout on allowed claims asserted by AFSCME and/or AFSCME Detroit Employees may ultimately be dealt with under a plan of adjustment. However, particularly for (i) Active AFSCME Employees that already have an ADR/grievance process in place to adjudicate disputes and (ii) Retired AFSCME Employees that may not be particularly sophisticated or represented by counsel, springing upon this vulnerable population injunctions and ADR Procedures they are not familiar with is not necessary and will

just lead to more confusion, particularly as to a population already confused by the chapter 9 process.

12. Additionally, the ADR Procedures could spring the required costs of the Case Evaluation on AFSCME and AFSCME Detroit Employees and prevent such parties from seeking timely stay relief, to the extent deemed necessary. There is no basis under the Bankruptcy Code or Bankruptcy Rules to shift such costs and/or impose unprecedented injunctions such as the Initial Injunction or the ADR Injunction on AFSCME and/or AFSCME Detroit Employees.

13. Finally, for many of the reasons noted in the limited objection filed by the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit [Docket No. 1834] (the "**Retirement Systems Objection**"), due to their complexities, claims for post-retirement health obligations or pension obligations (whether benefits, underfunding or otherwise), whether asserted directly, or directly or derivatively by or on behalf of City employees or former employees/retirees (collectively, the "**Pension Claims**"), should not be subject to the ADR Procedures, and the City should not be authorized to unilaterally direct any proof of claim for resolution pursuant to the ADR Procedures. *See* Retirement Systems Objection at ¶ 9-10.

WHEREFORE, AFSCME respectfully requests that for the reasons set forth herein, the Court deny the ADR Motion or, in the alternative, exclude from the ADR Procedures any and all claims asserted by AFSCME or AFSCME Detroit Employees including, without limitation, grievances and other employment claims, post-retirement health obligations, or pension obligations and grant such other and further relief as the Court deems proper.

-5-

13-53846-tjt    Doc 1915    Filed 12/03/13    Entered 12/03/13 17:12:58    Page 5 of 6

Dated: December 3, 2013

**LOWENSTEIN SANDLER LLP**
By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
MILLER COHEN, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*