UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

*EX PARTE* MOTION FOR SHORTENED NOTICE AND
EXPEDITED HEARING REGARDING THE MOTION OF
THE DETROIT RETIREMENT SYSTEMS TO CERTIFY
THIS COURT'S ELIGIBILITY RULING FOR DIRECT APPEAL
TO THE SIXTH CIRCUIT COURT OF APPEALS

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (together, the "Retirement Systems") submit this *Ex Parte* Motion (the "Motion") pursuant to 11 U.S.C. § 102(1)(A), Rules 2002(m), 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and E.D. Mich. LBR 9006-1(b) for entry of an order shortening the applicable notice period on the Motion of the Detroit Retirement Systems to Certify this Court's Eligibility Ruling for Direct Appeal to the Sixth Circuit (the "Certification Motion"), setting an expedited hearing on the Certification Motion, and for related relief. In support of this Motion, the Retirement Systems respectfully state as follows:

## Bases for Relief

1. The legal bases for the relief requested herein are section 102(1)(A) of the Bankruptcy Code, Bankruptcy Rules 2002(m), 9006(c), and 9007, and E.D. Mich. LBR 9006-1(b). Pursuant to Bankruptcy Rule 9006(c), the Court may, for cause shown, reduce the time for performance of any act required by the Federal Rules of Bankruptcy Procedure and any applicable period for notice thereof. Pursuant to E.D. Mich. LBR 9006-1(b), a party may move for, and the Court may enter, an *ex parte* Order reducing the time for a party to take any action or file any paper. Section 102(1)(A) of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007 grant the Court broad authority to regulate the form and manner of notice of hearings.

## Background and Relief Requested

2. As discussed in detail in the Certification Motion, the Court's eligibility ruling is a paradigmatic case for immediate appeal to the Sixth Circuit pursuant to 28 U.S.C. §158(d)(2):

   (a) The City's eligibility to file for Chapter 9 bankruptcy is undeniably of great "public importance."

   (b) An immediate appeal of the City's eligibility would "materially advance" the progress of this case.

   (c) The Court's ruling directly conflicts with an earlier decision of a Michigan state court concerning the effect

> of the Pension Clause on the City's ability to discharge accrued pension debts in bankruptcy.

> (d) The eligibility issue presents significant questions of federal and state law as to which there is "no controlling decision" of the Sixth Circuit or U.S. Supreme Court.

3. Swift resolution of whether the City may proceed in Chapter 9 bankruptcy is of paramount importance to the City, the State, the public, and those City employees and retirees whose livelihoods depend on the accrued pension benefits that they earned, that the Michigan Constitution guarantees, and that the City seeks to discharge in bankruptcy. The Court has stressed that expeditiously resolving the question of the City's eligibility is nothing short of a "necessity" and is manifestly in "the public's interest." Op. and Order Denying Mot. to Stay Proceedings Pending Determination of Motion to Withdraw the Reference at 23, 24 [Dkt. No. 1039]. This Court also acknowledged the importance of the City's eligibility and resolution of attendant uncertainties in its December 3, 2013 oral ruling.

4. Bankruptcy Rule 8001(f)(3)(D) provides that a response to a request for certification be filed within 14 days after the request is served "or another time fixed by the court." Bankruptcy Rule 8001(f)(3)(E) provides that the matter shall be submitted without oral argument "unless the court otherwise directs."

5. Appeals of the Court's eligibility ruling have already been filed. The Retirement Systems submit that this Court should rule on the Certification Motion

before the appeals are docketed in the United States District Court for the Eastern District of Michigan (the "District Court"), which may cause this Court to lose jurisdiction over the Certification Motion.

6. Good cause exists for shortening notice of and expediting the hearing on the Certification Motion because: (a) the Court may lose jurisdiction over this matter once the appeals are docketed in the District Court; (b) such relief is consistent with the expedited nature of the Chapter 9 case, generally; (c) the Chapter 9 case will not be stayed pending resolution of the eligibility appeal, necessitating a speedy certification and appeal process; and (d) resolution of the eligibility appeal on an expeditious basis is of paramount importance to the City, its creditors, and the public.

7. For these reasons, good cause exists for shortening the notice period and expediting the hearing on the Certification Motion.

8. Accordingly, the Retirement Systems respectfully request that this Court expedite consideration of the Certification Motion and schedule a hearing for Friday, December 6, 2013.

9. The Retirement Systems propose that the: (i) Order entered pursuant to this Motion and (ii) Certification Motion to Compel be served via the CM/ECF system upon all parties requesting ECF notice in this case.

10. The Retirement Systems submit that such service is appropriate and sufficient under the circumstances.

WHEREFORE, the Retirement Systems request that the Court enter an Order substantially in the form attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

-and-

ARNOLD & PORTER LLP
Lisa Hill Fenning
777 South Figueroa Street
44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
lisa.fenning@aporter.com

Dated: December 4, 2013

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

**ORDER GRANTING *EX PARTE* MOTION FOR SHORTENED NOTICE AND EXPEDITED HEARING REGARDING THE MOTION OF THE DETROIT RETIREMENT SYSTEMS TO CERTIFY THIS COURT'S ELIGIBILITY RULING FOR DIRECT APPEAL TO THE SIXTH CIRCUIT COURT OF APPEALS**

This matter comes before the Court on the Detroit Retirement Systems' *Ex Parte* Motion (the "Motion") for Shortened Notice and Expedited Hearing Regarding the Motion of the Detroit Retirement Systems to Certify this Court's Eligibility Ruling for Direct Appeal to the Sixth Circuit Court of Appeals (the "Certification Motion"); the Court having reviewed and considered the Motion and finding that good cause exists for granting the relief in this order;

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. A hearing on the Certification Motion will be conducted on December __, 2013 at __:__ a.m./p.m., in the courtroom of the Honorable

Steven W. Rhodes, United States Bankruptcy Court, 231 W. Lafayette, Courtroom 100, Detroit, Michigan 48226.

3. Any written response to the Certification Motion shall be filed with the Court and served upon counsel for the Detroit Retirement Systems by December __, 2013 at __:__ a.m./p.m.