UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) ) | Hon. Steven W. Rhodes |

**RESPONSE OF THE OFFICIAL COMMITTEE OF RETIREES TO *EX PARTE*
MOTION FOR SHORTENED NOTICE AND
EXPEDITED HEARING REGARDING THE MOTION OF
THE DETROIT RETIREMENT SYSTEMS TO CERTIFY
THIS COURT'S ELIGIBILITY RULING FOR DIRECT APPEAL
TO THE SIXTH CIRCUIT COURT OF APPEALS**

The Official Committee of Retirees (the "Committee") hereby responds to the *Ex Parte* Motion (the "Motion") filed by Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (together, the "Retirement Systems") pursuant to 11 U.S.C. § 102(1)(A), Rules 2002(m), 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and E.D. Mich. LBR 9006-1(b) for entry of an order shortening the applicable notice period on the Motion of the Detroit Retirement Systems to Certify this Court's Eligibility Ruling for Direct Appeal to the Sixth Circuit (the "Certification Motion"), setting an expedited hearing on the Certification Motion, and for related relief. [Dkt. No. 1934]. In support of the Response, the Committee respectfully states:

PRELIMINARY STATEMENT

The Committee supports the Retirement Systems' request for an expedited determination of certification of any appeal of the Court's decision to the Sixth Circuit Court of Appeals. The Retirement Systems' request is in fact consistent with the Court's request that motions requesting appeal rights be promptly submitted. However, the Committee requests that the Court set a

hearing on the Retirement Systems' request next week (during the week of December 9, 2013) so that the Committee and those other objecting parties who intend to seek certification can be heard at the same time. The Committee intends to coordinate efforts so that the various parties' positions can be properly asserted and preserved.

RESPONSE

1. The Committee concurs that a swift appellate resolution of whether the City may proceed in Chapter 9 bankruptcy is of paramount importance to the City's retirees and employees, whose pension and other employment benefits may be subject to substantial impairment in the case. The Committee also concurs that the Court should rule on the certification motions that have been and will be filed before the appeals that have been and will filed are docketed in United States District Court for the Eastern District of Michigan (the "District Court"), in which event this Court may lose jurisdiction over the certification motions.

2. Nevertheless, the Committee submits that a hearing next week, at the Court's convenience, is more appropriate than the extremely expedited Friday hearing date requested by the Retirement System. The brief extension of time will give the City an opportunity to respond to the requests of the parties that it consent to certification to expedite the process in accordance with 28 U.S.C. section 158 (d)(2)(B)(ii) and Federal Rule of Bankruptcy Procedure 8001(f)(2)(B). A hearing next week will also give each of the objecting parties the opportunity to formulate its own requests for appellate review based on the Court's decision entered today and coordinate efforts in a manner that gives each party an opportunity to assert and preserve its position.

3. The eligibility trial was characterized by a high degree of cooperation and coordination by the objecting parties. The Committee submits that the same cooperation and

2

coordination will serve the parties and the Court in the appellate process.

4. For these reasons, the Committee submits that good cause exists for (a) setting the hearing on the certification motions for a date next week, (b) giving the objecting parties who seek certification or other relief an opportunity to be heard, and (c) setting a process for coordinating efforts.

WHEREFORE, the Committee requests that the Court enter an Order substantially in the form attached hereto as Exhibit A setting a hearing next week and allowing the coordination of efforts, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| /s/ Matthew E. Wilkins | By: /s/ Carole Neville |
| Matthew E. Wilkins (P56697) | Carole Neville |
| Paula A. Hall (P61101) | Claude D. Montgomery |
| Brooks Wilkins Sharkey & Turco PLLC | Dentons US LLP |
| 401 South Old Woodward Avenue, Suite 400 | 1221 Avenue of the Americas |
| Birmingham, Michigan 48009 | New York, New York 10020 |
| Tel: (248) 971-1800 | Tel: (212) 768-6700 |
| wilkins@bwst-law.com | carole.neville@dentons.com |
| hall@bwst-law.com | claude.montgomery@dentons.com |
| | |
| | Sam J. Alberts |
| | Dentons US LLP |
| | 1301 K Street, NW |
| | Suite 600, East Tower |
| | Washington, DC 20005-3364 |
| | Tel: (202) 408-6400 |
| | sam.alberts@dentons.com |
| Dated: December 5, 2013 | *Attorneys for the Retirees Committee* |