# EXHIBIT E

```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

IN RE:   CITY OF DETROIT,      .      Docket No. 13-53846
         MICHIGAN,              .
                                .     Detroit, Michigan
                                .     August 28, 2013
                   Debtor.      .     10:00 a.m.
. . . . . . . . . . . . . . . . .

               HEARING RE. OPINION RE. STAY ISSUE

     STATUS HEARING RE. CORRECTED MOTION TO ASSUME LEASE OR
                       EXECUTORY CONTRACT

                   MOTION FOR PROTECTIVE ORDER

        ADVERSARY PROCEEDING 13-04942 - STATUS CONFERENCE

                BEFORE THE HONORABLE STEVEN W. RHODES
                 UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:       Jones Day
                      By:  GREGORY M. SHUMAKER
                      51 Louisiana Avenue, N.W.
                      Washington, DC  20001-2113
                      (202) 879-3679

                      Jones Day
                      By:  CORINNE BALL
                      222 East 41st Street
                      New York, NY  10017-6702
                      (212) 326-7844

For Syncora Hold-     Kirkland & Ellis, LLP
ings, Ltd., Syncora   By:  STEPHEN C. HACKNEY
Guarantee, Inc.,      300 North LaSalle
and Syncora Capital   Chicago, IL  60654
Assurance, Inc.:      (312) 862-2074

For Detroit           Honigman, Miller, Schwartz & Cohn, LLP
Entertainment, LLC-   By:  JUDY B. CALTON
Motor City Casino     660 Woodward Avenue, Suite 2290
and Greektown         Detroit, MI  48226
Casino, LLC:          (313) 465-7344
```

1  Street, Inc. v. Goldberg, 811 F. Supp. 900 at 906, Southern
2  District of New York, 1993.
3           Pursuant to the collateral agreement, the casino
4  deposit -- the casino deposits -- sorry -- the casinos
5  deposit the funds owed to the city into the subaccount.  For
6  the subaccount to be an escrow account, as Syncora argues,
7  the arrangement would have to be such that the casinos would
8  retain ownership of the funds; however, there is simply no
9  basis in the collateral agreement for such a finding.
10          Likewise, there is no support for Syncora's
11 alternative argument that U.S. Bank, as the custodian, owns
12 the funds.  The fact that the city is not in possession of
13 the casino revenues is of no consequence in determining
14 whether they are the city's property.  See, for example,
15 United States versus Whiting Pools, Inc., 462 U.S. 198, 103
16 Supreme Court Reporter 2309, 1983.  The Court must conclude
17 that the casino revenues are, under applicable state law,
18 property of the city.
19          Section 362(b)(17) of the Bankruptcy Code exempts
20 from the automatic stay, quote, "the exercise by a swap
21 participant or a financial participant of any contractual
22 right (as defined in section 560) under any security
23 agreement or arrangement or other credit enhancement forming
24 a part of or related to any swap agreement, or of any
25 contractual right (as defined in section 560) to offset or

1  net out any termination value, payment amount, or other
2  transfer obligation arising under or in connection with 1 or
3  more such agreements, including any master agreement for such
4  agreements."
5  Section 101(53C) of the Bankruptcy Code defines swap
6  participant as, quote, "an entity that, at any time before
7  the filing of the petition, has an outstanding swap agreement
8  with the debtor," close quote.
9  It is Syncora's position that the swap
10 counterparties are swap participants and that Syncora has the
11 right to direct the actions of the swap counterparties under
12 the collateral agreement and that, therefore, any action
13 taken by the swap counterparties at the direction of Syncora
14 is not subject to the automatic stay.  Syncora also contends
15 that because it is a third-party beneficiary of the
16 collateral agreement, it is a swap participant.  The Court
17 concludes, however, that there is no legal support for either
18 of Syncora's arguments.  Syncora is not a swap participant as
19 that term is defined by the Bankruptcy Code, and the Court
20 concludes, therefore, that it cannot rely on Section
21 362(b)(17).  If Congress had intended to include a party like
22 Syncora within the definition of a swap participant on the
23 grounds that Syncora now asserts, Congress could readily have
24 done that with more expansive language, but it did not.
25 Instead, it limited the definition to those who have swap

1  agreements with the debtor, which Syncora does not.

2  Lastly, Syncora argues that Section 922(d) of the
3  Bankruptcy Code is applicable. That section provides, quote,
4  "Notwithstanding section 362 of this title and subsection (a)
5  of this section, a petition filed under this chapter does not
6  operate as a stay of application of pledged special revenues
7  in a manner consistent with section 927 of this title to
8  payment of indebtedness secured by such revenues." Assuming,
9  without deciding, that the funds on deposit with U.S. Bank
10 are special revenues, this section is inapplicable. Syncora
11 does not have a lien on the revenues. Further, the
12 accumulation of the funds in the subaccount is not the,
13 quote, "application of special pledged revenues to the
14 payment of indebtedness," close quote. It is merely an
15 administrative act. Therefore, there is no indebtedness to
16 Syncora here.

17 Accordingly, the Court concludes that the casino
18 revenues are protected by the automatic stay. The Court will
19 prepare and enter an order to that effect. This order will,
20 of course, be without prejudice to the right of any party to
21 seek relief from the stay under Section 362(d).

22 So let's turn then to the adversary proceeding. In
23 light of this order, is the city prepared to dismiss the
24 adversary proceeding against Syncora and others?

25 MR. SHUMAKER: Your Honor, Gregory Shumaker of Jones

1     (Proceedings concluded at 11:01 a.m.)
2                        * * *

INDEX

WITNESSES:

    None

EXHIBITS:

    None

        I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.

/s/ Lois Garrett                August 30, 2013

Lois Garrett