# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

**THE DETROIT RETIREMENT SYSTEMS' LIMITED RESPONSE TO AND CONCURRENCE IN MOTION OF CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE APPOINTING AND DIRECTING THE DEBTOR TO COOPERATE WITH A COMMITTEE OF CREDITORS AND INTERESTED PERSONS TO ASSESS THE ART COLLECTION OF THE DETROIT INSTITUTE OF ARTS BASED ON ARMS-LENGTH MARKET TRANSACTIONS TO ESTABLISH A BENCHMARK VALUATION**

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (together, the "Retirement Systems") hereby files their Limited Response to and Concurrence in: the Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Appointing and Directing the Debtor to Cooperate with a Committee of Creditors and Interested Persons to Assess the Art Collection of the Detroit Institute of Arts Based on Arms-Length Market Transactions to Establish a Benchmark Valuation [Dkt. No. 1833] (the "Motion"). In support hereof, the Retirement Systems state as follows:

1. The Retirement Systems share the concerns of the movants regarding the potential lack of transparency in the process of appraising the art collection of the Detroit Institute of Arts, in light of, among other things: (i) the unilateral manner in which the City has proceeded generally in this case, including the leasing of Belle Isle, and (ii) the apparent delay in sharing appraisal information from Christie's with the creditor constituencies. It does indeed appear that the City interprets section 904 of the Bankruptcy Code as excusing the City from even attempting to collaborate with parties in interest and build consensus around a plan of adjustment. The Retirement Systems vigorously dispute that interpretation.

2. While section 1104 of the Bankruptcy Code is not incorporated into Chapter 9, sections 105(a), 1102, and 1103 are incorporated. Pursuant to those sections, the Court has the authority to appoint a creditors committee "to assure adequate representation of creditors," per section 1102(a)(2), and such committee could then review the City's and Christie's process of appraising the art collection as a "matter relevant to the case or to the formulation of a plan," per section 1103(c)(3).

3. The City's attempts to characterize the Motion as a premature plan objection or as an improper attempt to file a creditor plan distort the Motion. To the contrary, the Motion merely expresses the valid concern that creditors be given adequate time and information to assess any proposed disposition of this critical

asset. The City's exclusive right to file a plan does not include the right to keep creditors in the dark or without ability to effectively respond to a proposed plan.

4. The City's argument that the Motion should be denied because it will not reduce litigation is also specious: while the relief requested may or may not reduce litigation, it will at least enable creditors to be able to be educated and equipped to engage in any litigation regarding this matter. As such, the relief requested appears proper.

5. The Motion, as the Retirement Systems read it, is only intended to ensure a fair and level playing field. To that extent, the Retirement Systems concur in the Motion.

WHEREFORE, the Retirement Systems respectfully request that the Court (i) grant the relief requested in the Motion and (ii) grant such other relief as the Court deems proper.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

Dated: December 10, 2013

# EXHIBIT 1

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 10, 2013, The Detroit Retirement Systems' Limited Response to and Concurrence in the Motion of the Objectors for Leave to Conduct Limited Discovery in Connection with the Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Appointing and Directing the Debtor to Cooperate with a Committee of Creditors and Interested Persons to Assess the Art Collection of the Detroit Institute of Arts Based on Arms-Length Market Transactions to Establish a Benchmark Valuation was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                      CLARK HILL PLC

                                                      /s/ Robert D. Gordon
                                                      Robert D. Gordon (P48627)
                                                      151 South Old Woodward Avenue, Suite 200
                                                      Birmingham, Michigan 48009
                                                      Telephone: (248) 988-5882
                                                      Facsimile: (248) 988-2502
                                                      rgordon@clarkhill.com

Dated: December 10, 2013                *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*