UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**MOTION OF SYNCORA GUARANTEE INC. AND SYNCORA
CAPITAL ASSURANCE INC. TO ADJOURN HEARING
ON THE DEBTOR'S ASSUMPTION MOTION [DKTS. 17 AND 157]
AND MOTION TO APPROVE POST-PETITION FINANCING [DKT. 1520]**

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora")[1] files this motion (the "Motion") to adjourn the hearing on the *Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving such Agreement Pursuant to Rule 9019, and (III) Granting Related Relief* (the "Assumption Motion") and *Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay* (the "DIP Motion" and the hearing on the Assumption Motion and the DIP Motion the "Hearing") until Syncora has completed additional discovery

---

[1] Ambac Assurance Corporation, Hypothekenbank Frankfurt AG, Hypothenkenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. join in this Motion.

as requested herein. In support of the Motion, Syncora respectfully states as follows:

**Background**

1. On July 18, 2013, the City of Detroit (the "City") filed the Assumption Motion, requesting approval of the July 15, 2013 Forbearance and Optional Termination Agreement (the "Forbearance Agreement") [Docket No. 17, Ex. 6]. In response, Syncora filed a motion for discovery related thereto (the "Assumption Discovery Motion") [Docket No. 142].

2. On August 2, 2013, the Court heard arguments on the Assumption Discovery Motion during which counsel for Syncora expressed concerns that an order on the Assumption Motion would contain judicial findings that could foreclose the rights of third parties, including Syncora, with respect to state law contractual disputes. (Aug. 2, 2013 Hearing, p. 124.) In response to these concerns, the Court assured counsel for Syncora that the Court's ruling on the Assumption Motion would do no more than "approve the decision of the city to assume [the Forbearance Agreement] and enter into the settlement or disapprove of it." (Id.) Further, the Court stated that if the Assumption Motion were approved, the Forbearance Agreement would be assumed 'warts and all,' implying that third-party legal rights would not be adjudicated during a hearing on the Assumption Motion.

3. Consistent with its comments regarding the Court's limited role in deciding the Assumption Motion, the Court initially denied Syncora's request for discovery. (Id. at 128.) Only after the City stated its intention to present witnesses at the hearing on the Assumption Motion was Syncora granted limited discovery thereon, consisting solely of depositions of three witnesses the City intended to present at trial. (Id. at 137.) In addition, the City produced a limited number of documents *after* the depositions, including documents the Objectors (defined below) had never seen before.

4. On November 5, 2013, the City filed the DIP Motion requesting approval for postpetition financing. In connection with the DIP Motion, certain objecting parties (the "Objectors") filed a motion for leave to conduct limited discovery (the "DIP Discovery Motion") [Docket No. 1640]. The City opposed certain of the Objectors' requested discovery.

5. On November 14, 2013, this Court held a hearing on the DIP Discovery Motion and issued an Order granting in part and denying in part the DIP Discovery Motion (the "DIP Discovery Order") [Docket No. 1743]. Recognizing that it was granting very limited discovery pursuant to the DIP Discovery Order, the Court invited the Objectors to resubmit their request for additional discovery in the future if needed.

6. Consistent with the DIP Discovery Order, Syncora filed its *Request for the Production of Documents* ("Document Requests") with the Court pursuant to Local Bankruptcy Rule 7026-1 [Docket No. 1775]. As part of its Document Requests, Syncora requested that, "[i]f the Debtor claims that any privilege or protection excuses production of any document or part thereof, the Debtor must expressly make such claims in writing and provide a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail for Syncora to determine whether there is an adequate basis for invoking privilege or protection." (Document Requests at 5.)

7. On November 20, 2013, the City produced documents to the Objectors.[2] As part of this production, the City withheld multiple documents on privilege grounds. The City did not, however, provide a corresponding privilege log.

8. On December 2, 2013, counsel for Syncora requested that the City provide a privilege log in order to assess the City's privilege claims. In response to this request, counsel for the City stated that it had not planned to provide a privilege log. Counsel for Syncora noted that (a) it was entitled to receive such a log under the relevant Federal Rules of Bankruptcy Procedure and Federal Rules of Evidence and (b) a log was necessary, as a practical matter, to assess the City's

---

[2] Significantly, the City also produced, or made available in the data room, a host of additional documents, but did so only *after* the Objectors had completed their depositions of the City's witnesses.

4

privilege claims. The City ultimately stated that it did not intend to provide a privilege log, claiming that it had not agreed to do so and that it was not required to do so "under the rules."

9. In light of the City's refusal to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the instructions in Syncora's Document Requests, the Objectors filed the *Motion of the Objectors to Compel the Production of Privilege Log* (the "<u>Motion to Compel</u>") [Docket No. 1899]. This Court has not yet scheduled a hearing on the Motion to Compel.

## Jurisdiction

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

11. Syncora respectfully requests the entry of an order (a) granting Syncora additional discovery on the DIP Motion and the Assumption Motion and (b) adjourning the Hearing until Syncora has had sufficient time to conduct the additional discovery.

## Basis for Relief Requested

### I. Syncora Requests Leave to Conduct Additional Discovery Relating to the DIP Motion and the Assumption Motion.

12. Local Rule 7026-3 states that "[d]iscovery in a contested matter is permitted only upon a court order for cause shown." E.D. Mich. LBR 7026-3. Syncora submits that, in this case, good cause exists for additional discovery on the DIP Motion and the Assumption Motion.

### II. Fulsome Discovery on the Forbearance Agreement is Proper in Light of the City's View Regarding the Scope of the Court's Review.

13. With respect to the Assumption Motion, Syncora's request for limited discovery was initially denied in full. Limited discovery was granted only after the City expressed its intent to present evidence at the hearing on the Assumption Motion. In response to the City's request for an evidentiary hearing, the Court granted Syncora discovery with respect to the witnesses and the documents the City intended to offer at the Assumption Motion hearing. (Aug. 2, 2013 Hr'g Transcript, 137). However, that discovery was exceedingly limited. By way of example, four of the five parties to the Forbearance Agreement (the two Swap Counterparties and the two Service Corporations) have neither been deposed nor produced documents.

14. The Court's denial of more fulsome discovery was premised on the scope of review in which the Court anticipated it would engage with respect to the Assumption Motion. However, the City's omnibus reply to objections to the

6

Assumption Motion (the "Assumption Reply") [Docket No. 2029] clearly sets forth the City's position that the Court has the jurisdiction to engage in a broad review of the City's request for approval of the Forbearance Agreement, including all state law claims related thereto. (Assumption Reply ¶ 8.) Specifically, the City states that the Court has authority to "consider all of the legal arguments presented by the Objectors, whether arising under state law or otherwise." (Assumption Reply ¶ 9.)

15. If the Court adopts the position articulated by the City in its Assumption Reply regarding the appropriate scope of review of the Forbearance Agreement, the Court should allow more fulsome discovery rather than proceeding on an overly limited record that will not provide the Court with all of the information it requires for disposition of the City's Assumption Motion.

### III. The City Cannot Base its Arguments in Favor of the DIP Motion on the Necessity of DIP Financing While Simultaneously Opposing Discovery on the Necessity of Such Financing.

16. With respect to the DIP Motion, Syncora was granted discovery only to the extent the City so agreed. (Nov. 14, 2013 Hr'g Transcript, 45.) By way of example, the Objectors have not been given the opportunity to discover the source documents and information underlying the need for, and uses of, the Quality of Life proceeds.

7

13-53846-tjt    Doc 2058    Filed 12/11/13    Entered 12/11/13 20:47:44    Page 7 of 14

17. The City has indicated an intention to call witnesses and present documents that will address the many challenges of the City. (Nov. 14, 2013 Hr'g, Transcript, 15.) The declaration of Mr. Doak, who the City indicated it will call as a witness, details some of the challenges faced by the City. (DIP Motion, Ex. 5A, ¶¶ 6-7.) Additionally, the DIP Motion goes into substantial detail regarding these challenges. (DIP Motion, ¶¶ 24-34.) Despite describing the City's challenges at length in the DIP Motion and offering up witnesses to testify to those challenges, the City subsequently stated that it "neither needs nor seeks court approval for its governmental decision to spend money on the Quality of Life initiatives." (DIP Reply ¶ 25.) The City cannot base its argument in favor of the DIP Motion on the challenges facing the City and simultaneously state that the Court cannot analyze evidence of those challenges when deciding whether to approve the DIP Motion.

18. In light of the foregoing, Syncora requests discovery on the specific needs for, and uses of, the DIP proceeds to evaluate whether the DIP financing is, in fact, necessary, reasonable, and in the best interests of creditors.

**IV. The Discovery Requested**

19. As a result of the foregoing, Syncora renews the discovery requests set forth in its two prior discovery motions.

20. Specifically, Syncora requests discovery on (a) the documents referred to by the emergency manager when determining whether the DIP

8

financing was in the best interests of creditors and necessary to enhance the value of the City, including those documents that relate to (i) assessments of how the City can improve itself, (ii) the perceived impact of the DIP financing on creditor recoveries, and (iii) specificity regarding the deployment of the proceeds of the DIP financing, and (b) the proposed specific uses of the proceeds of the DIP financing. In addition, the Syncora requests the opportunity to seek discovery from DIP lender, the Service Corporations, the City Council, and the Swap Counterparties, all of whom were integrally involved in negotiating the transactions contemplated in the DIP Motion and the Assumption Motion.

21. Representatives of the DIP lender and Service Corporations are uniquely positioned to provide Syncora with information concerning the process by which the DIP financing was negotiated, evaluated, and approved.

22. Similarly, the Swap Counterparties are the only parties able to provide information about their intentions regarding termination of the Swap Obligations, and potentially acceptable alternatives to the Forbearance Agreement. Since the bulk of the DIP financing will be used to pay the Swap Counterparties under the Forbearance Agreement, this information is directly relevant to whether the full amount of the requested borrowing is necessary.

23. Finally, discovery from the City Council is appropriate as that publicly elected body has rejected the proposed DIP financing and therefore is in a

unique position to testify regarding the necessity of the DIP financing and possible alternatives.

## V. Discovery is Required in Light of Restrictions Placed on Syncora's Use of Information Learned in Mediation.

24. Additionally, the City has taken the position that none of the information disseminated to Objectors during Mediation may be used in any filings or pleadings.[3] (Doak Dep., 11-12.) As a result, Syncora requires additional discovery to access critical information through means other than Mediation.

## VI. The City Failed to Comply with Previously Granted Discovery on the DIP Motion.

25. Finally, the City has failed to provide the limited discovery that has been granted to Syncora pursuant to this Court's DIP Discovery Order. Although the City produced over 20,000 documents in conjunction with the DIP Discovery Order, the City failed to produce a privilege log or otherwise satisfy Rule 26(b)(5) of the Federal Rules of Evidence. Further, when Syncora requested the City comply with Rule 26, the City refused to do so. As a result, Syncora renews its prior request for this discovery.

---

[3] Although the City did not object to the use of the specific documents referenced at the deposition of Mr. Doak as it intended to make those documents public, the City reiterated its position that all other information disseminated in the context of Mediation is subject to the confidentiality provision of the Court's August 13, 2013 mediation order [Docket No. 322].

10

13-53846-tjt    Doc 2058    Filed 12/11/13    Entered 12/11/13 20:47:44    Page 10 of 14

26. Pursuant to the Court's invitation to the Objectors to resubmit their discovery requests in the future, Syncora now asserts that additional discovery is necessary in light of the previously stated facts.

## **Conclusion**

27. For the foregoing reasons, Syncora respectfully requests that the Court grant this motion.

[*Remainder of this page intentionally left blank*]

Dated: December 11, 2013    /s/ Stephen C. Hackney
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Syncora Holdings Ltd., Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

- and -

David A. Agay
Joshua Gadharf
**MCDONALD HOPKINS LLC**
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

*Local Counsel to Syncora Holdings Ltd., Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*


By: */s/ Carol Connor Cohen*
Carol Connor Cohen
Caroline Turner English
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC 20036-5342
Telephone: (202) 857-6054
E-mail: Carol.Cohen@arentfox.com

-and-

David L. Dubrow
Mark A. Angelov
**ARENT FOX LLP**
1675 Broadway
New York, NY  10019
Telephone:  (212) 484-3900

-and-

SCHAFER AND WEINER, PLLC
Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
Telephone:  (248) 540-3340
E-mail:  bbest@schaferandweiner.com

*Attorneys for Ambac Assurance Corporation*

By:  */s/ Vincent J. Marriott, III*
Howard S. Sher
**JACOB & WEINGARTEN, P.C.**
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan  48084
Telephone:  (248) 649-1200
Facsimile:  (248) 649-2920
E-mail:  howard@jacobweingarten.com

-and-

Vincent J. Marriott, III
**BALLARD SPAHR LLP**
1735 Market Street, 51st Flr.
Philadelphia, PA  19103
Phone: 215.864.8236
Fax: 215.864.9762
Email: marriott@ballardspahr.com

-and-

Matthew G. Summers
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "EEPK")*