# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) **Expedited Consideration** |
| | ) **Requested** |

## *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING ON THE MOTION OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. TO ADJOURN HEARING ON THE DEBTOR'S ASSUMPTION MOTION [DKTS. 17 AND 157] AND MOTION TO APPROVE POST-PETITION FINANCING [DKT. 1520]

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") file this motion[1] for the entry of an *ex parte* order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") (a) shortening the notice period regarding the *Motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. to Adjourn Hearing on the Debtor's Assumption Motion [Dkts. 17 and 157] and Motion to Approve Post-Petition Financing [Dkt. 1520]* (the "Motion to

---

[1] Ambac Assurance Corporation, Hypothekenbank Frankfurt AG, Hypothenkenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. join in this *Ex Parte* Motion.

Adjourn"), and (b) scheduling a hearing on the Motion to Adjourn. In support of this motion, Syncora respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. In the Motion to Adjourn, filed contemporaneously herewith, Syncora seeks entry of an order (a) granting Syncora additional discovery and (b) adjourning the hearing on *Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving such Agreement Pursuant to Rule 9019, and (III) Granting Related Relief* (the "Assumption Motion") and *Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay* (the "DIP Motion" and the hearing on the Assumption Motion and the DIP Motion the "Hearing") until Syncora has completed the additional discovery. By the instant motion, Syncora seeks an order shortening the notice period regarding the Motion to

Adjourn, and scheduling a hearing on the Motion to Adjourn on December 13, 2013 at 10:00 a.m. or December 17, 2013 at 9:00 a.m.

**BASIS FOR RELIEF**

3. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion and without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(b) further provides that a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." E.D. Mich. LBR 9006-1(b). Additionally, under Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007. Together, these rules provide the Court with the authority to enter an *ex parte* order scheduling a hearing on shortened notice and approving the manner of such notice.

4. On July 18, 2013, the City of Detroit (the "City") filed the Assumption Motion, requesting approval of the July 15, 2013 Forbearance and Optional Termination Agreement (the "Forbearance Agreement") [Docket No. 17,

3

Ex. 6]. In response, Syncora filed a motion for discovery related thereto (the "Assumption Discovery Motion") [Docket No. 142].

5. On August 2, 2013, the Court heard arguments on the Assumption Discovery Motion during which counsel for Syncora expressed concerns that an order on the Assumption Motion would contain judicial findings that could foreclose the rights of third parties, including Syncora, with respect to state law contractual disputes. (Aug. 2, 2013 Hearing, p. 124.) In response to these concerns, the Court assured counsel for Syncora that the Court's ruling on the Assumption Motion would do no more than "approve the decision of the city to assume [the Forbearance Agreement] and enter into the settlement or disapprove of it." (Id.) Further, the Court stated that if the Assumption Motion were approved, the Forbearance Agreement would be assumed 'warts and all,' implying that third-party legal rights would not be adjudicated during a hearing on the Assumption Motion.

6. Consistent with its comments regarding the Court's limited role in deciding the Assumption Motion, the Court initially denied Syncora's request for discovery. (Id. at 128.) Only after the City stated its intention to present witnesses at the hearing on the Assumption Motion was Syncora granted limited discovery thereon, consisting solely of depositions of three witnesses the City intended to present at trial. (Id. at 137.)

7. On November 5, 2013, the City of Detroit (the "City") filed the DIP Motion requesting approval for postpetition financing. In connection with the DIP Motion, certain objecting parties filed a *Motion for Leave to Conduct Limited Discovery* (the "DIP Discovery Motion") [Docket No. 1640]. The City opposed certain of the Objectors' requested discovery.

8. On November 14, 2013, this Court held a hearing on the DIP Discovery Motion and issued an Order granting in part and denying in part the DIP Discovery Motion (the "DIP Discovery Order") [Docket No. 1743]. Recognizing that it was granting very limited discovery pursuant to the DIP Discovery Order, the Court invited the Objectors to resubmit their request for additional discovery in the future if needed.

9. On November 27, 2013, the Court issued the Notice of Adjournment of the Hearing [Docket No. 1864], rescheduling the Hearing from December 10, 2013 to December 17, 2013, to allow the parties to conduct the limited discovery granted in the DIP Discovery Order.

10. Because the Hearing is currently scheduled to commence on December 17, 2013, it is necessary to bring the Motion to Adjourn before the Court expeditiously to ensure Syncora has the requisite information to evaluate the transactions contemplated by the DIP Motion and Assumption Motion and meaningfully participate in the hearing thereon. Pursuant to the Court's invitation

to creditors to resubmit their request for additional discovery, Syncora requests a hearing on this Motion either in advance of the Hearing or at the Hearing.

11. Syncora will serve this *Ex Parte* Motion via the Court's ECF system to the parties in the above-captioned proceeding and will provide notice of the *ex parte* order promptly upon issuance.

12. For these reasons, Syncora submits that cause exists to schedule a hearing on its Motion for December 13, 2013, at 10:00 a.m., on shortened notice.

WHEREFORE, Syncora respectfully request that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Motion and granting such further relief as the Court deems appropriate.

[*The remainder of this page is intentionally left blank*]

Dated:  December 11, 2013         /s/ Stephen C. Hackney
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

*Attorneys for Syncora Holdings Ltd., Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

- and -

David A. Agay
Joshua Gadharf
**MCDONALD HOPKINS LLC**
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone:  (312) 280-0111
Facsimile:   (312) 280-8232

*Local Counsel to Syncora Holdings Ltd., Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*


By: */s/ Carol Connor Cohen*
Carol Connor Cohen
Caroline Turner English
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC  20036-5342
Telephone:  (202) 857-6054
E-mail:  Carol.Cohen@arentfox.com

-and-

David L. Dubrow
Mark A. Angelov
**ARENT FOX LLP**
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900

-and-

SCHAFER AND WEINER, PLLC
Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
Telephone: (248) 540-3340
E-mail: bbest@schaferandweiner.com

*Attorneys for Ambac Assurance Corporation*

By: */s/ Vincent J. Marriott, III*
Howard S. Sher
**JACOB & WEINGARTEN, P.C.**
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Telephone: (248) 649-1200
Facsimile: (248) 649-2920
E-mail: howard@jacobweingarten.com

-and-

Vincent J. Marriott, III
**BALLARD SPAHR LLP**
1735 Market Street, 51st Flr.
Philadelphia, PA 19103
Phone: 215.864.8236
Fax: 215.864.9762
Email: marriott@ballardspahr.com

-and-

Matthew G. Summers
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "EEPK")*