UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,   Chapter 9
                              Case No. 13-53846
            Debtor.           Hon. Steven W. Rhodes

---

**RESPONDENTS' REPLY TO PETITIONERS' RESPONSE TO MOTION FOR RECONSIDERATION OF OPINION AND ORDER DENYING NAACP'S MOTION FOR RELIEF FROM STAY (DKT. #740) AND GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. #1004)**

**INTRODUCTION**

On December 2, 2013, Petitioners, Plaintiffs in the *Phillips, et al. v. Snyder, et al.* lawsuit, responded to Respondents' motion for reconsideration of this Court's order granting Petitioners' motion for relief from stay. (Resp. to Mot. for Reconsideration of Opinion and Order Denying NAACP's Mot. for Relief from Stay and Granting Phillips' Mot. for Relief from Stay, Dkt. #1888.) For the reasons that follow, Petitioners' arguments are factually inaccurate, without legal support, and do not provide a basis for denying Respondents' motion.

# ARGUMENT

## I. The Debtor concurs and joins in Respondents' motion.

As a threshold issue, Petitioners' response brief incorrectly asserts that "Debtor City of Detroit does not seek reconsideration of this Court's Order." (*Id.* at 4.)

In fact, the Debtor concurred and joined in Respondents' motion on November 20, 2013—ten days before Petitioners' filed their response brief. (Debtor's Concurrence with and Joinder in the State's Mot. for Reconsideration, Dkt. #1777.) The Debtor asks this Court to reconsider its order because, among other things, a finding that PA 436 is unconstitutional "could remove the City's emergency manager leaving no other authorized person to prosecute [its] chapter 9 case . . . ." (*Id.* at 4.) Like Respondents, the Debtor submits that since this Court's stay-extension order applies to "any suits against the governor and the treasurer that might [have the potential to directly impact] the City's bankruptcy case," *any* iteration of Petitioners' complaint that includes a facial challenge to PA 436 or an as-applied challenge to PA 436 in Detroit must be stayed. (*Id.* at 2.)

## II. Petitioners' request for declaratory relief, if granted, would pose substantial questions as to Detroit's ability to proceed in bankruptcy.

Petitioners' response is also legally inaccurate. Notably, Petitioners admit "[i]t is true that a finding that PA 436 is unconstitutional might raise some 'serious questions' regarding the validity of actions taken by emergency managers appointed pursuant to PA 436 throughout the State of Michigan." (Dkt. #1888-4, at 8.) Yet rather than conceding that a stay is therefore appropriate, Petitioners now claim that even if PA 436 is declared unconstitutional, a separate legal action would be required to divest Detroit's EM of any power granted by the statute. (*Id.* at 7.)

Case law contradicts this assertion. The Sixth Circuit has plainly held that without a separate lawsuit seeking injunctive relief, "[a]n unconstitutional application of a statute *and* the passage of a statute that is unconstitutional in all of its applications may each be equally void from the outset." *Village of Mainville, Oh. v. Hamilton Tp. Bd. of Trustees*, 726 F.3d 762, 766 (6th Cir. 2013) (emphasis in original). Since a statute that is declared unconstitutional could be considered void *ab initio*, Petitioners' admission that even their gratuitously amended

3

complaint still seeks a declaration that PA 436 is unconstitutional demonstrates that Petitioners' lawsuit should be stayed. (Dkt. #1888-4, at 7.) Indeed, as this Court concluded when it denied NAACP's motion for relief from stay, "[i]f P.A. 436 were found to be unconstitutional, as the plaintiffs' lawsuit claims, then the City's emergency manager would be removed from office . . . . The impact in this bankruptcy case of the potential removal of the Detroit emergency manager by the plaintiffs' lawsuit cannot be overstated." (Opinion and Order Denying NAACP's Mot. for Relief from Stay and Granting Phillips' Mot. for Relief from Stay, Dkt. #1536, at 7-8.)

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated herein and more fully in Respondents' principal motion, Respondents respectfully request that this Court reconsider its order granting Petitioners' motion for relief from stay.

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754, Lansing, MI 48909
(517) 373-3203
SchneiderM7@michigan.gov [P62190]

4

Nicole A. Grimm (P74407)
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan
Michigan Department of
Attorney General

Dated: December 12, 2013