UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                              :
In re                                         :    Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                    :    Case No. 13-53846
                                              :
                    Debtor.                   :    Hon. Steven W. Rhodes
-------------------------------------------------- :


**THE CITY OF DETROIT'S OPPOSITION TO IMMEDIATE APPEAL AND
STATEMENT REGARDING CERTIFICATION TO THE SIXTH CIRCUIT**

In response to the Court's determination that the City of Detroit is eligible to

become a debtor under chapter 9 of the Bankruptcy Code, Docket No. 1945,

certain Objectors have sought immediate appeal and certification directly to the

United States Court of Appeals for the Sixth Circuit.[1]  The City believes the appeal

---

[1] See AFSCME Notice of Appeal, Docket No. 1907; AFSCME Motion to Appeal Order on Eligibility of City of Detroit, Michigan, Docket No. 1909; Retirement Systems Notice of Appeal, Docket No. 1930; Motion of the Detroit Retirement Systems to Certify This Court's Eligibility Ruling for Direct Appeal to the Sixth Circuit Court of Appeals, Docket No. 1933; AFSCME Request for Certification, Docket No. 1936; AFSCME Amended Notice of Appeal, Docket No. 1956; Official Committee of Retirees Notice of Appeal, Docket No. 2057; Official Committee of Retirees Request for Certification of the Eligibility Determination for Direct Appeal to the United States Court of Appeals for the Sixth Circuit Pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8001(f), Docket No. 2060; Motion of the Retiree Association Parties to Certify "Opinion Regarding Eligibility" and "Order for Relief Under Chapter 9 of the Bankruptcy Code" for Direct Appeal to the Court of Appeals, Docket No. 2068; Retiree Association Parties Notice of Appeal, Docket No. 2070.

of this eligibility ruling should be addressed in the ordinary course, following the City's continued efforts to reach agreement with its creditors and after the Court enters a final order confirming a plan of adjustment. Nonetheless, if the Court decides an appeal is appropriate at this time, then the City supports certification directly to the Sixth Circuit.[2]

    1. The City believes Objectors are not entitled to appeal as of right because a ruling of chapter 9 eligibility is not a "final judgment[], order[], or decree[]." 28 U.S.C. § 158(a). An order is final only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Under that standard, the eligibility ruling does not qualify as "final." As this Court explained in its memorandum opinion, "t[he] eligibility determination is merely a preliminary matter in this bankruptcy case. The city's ultimate objective is confirmation of a plan of adjustment." Opinion Regarding Eligibility at 143. Unless and until the City reaches that final objective, there will be no "final" order for Objectors to appeal.

---

    [2] The Court has scheduled a hearing for December 16, 2013, on the motions for certification to the Sixth Circuit filed by the Retirement Systems and AFSCME. See Notice Regarding Hearings Scheduled For December 16, 2013, Docket No. 2052. Through this filing, the City intends to respond both to these filings—which have already been set for a hearing—as well as to the other eligibility appeal filings for which a hearing has not yet been set.

2. Although Objectors claim there is a special "relaxed" understanding of finality that applies in bankruptcy, AFSCME Motion for Leave at 4, the Sixth Circuit recently affirmed that the finality analysis in bankruptcy "largely mirror[s]" the analysis that applies outside of bankruptcy. See In re Lindsey, 726 F.3d 857, 859-61 (6th Cir. 2013). Even if bankruptcy orders are final when they "finally dispose[] of discrete disputes within the larger case," Huntington Nat'l Bank v. Richardson (In re Cyberco Holdings, Inc.), 734 F. 3d 432 (6th Cir. 2013), the eligibility ruling does not meet that standard because eligibility is not a "discrete" issue but rather is an integral part of the overall determination of whether the City is entitled to adjust its debts under chapter 9. Indeed, two circuits have directly addressed this issue, with both holding that a grant of eligibility under chapter 9 is not a final order. See Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 339 F.3d 782, 787 (9th Cir. 2003); Path Science Labs., Inc. v. Greene Cnty. Hosp., 835 F.2d 589 (5th Cir. 1988). Objectors cite no contrary authority because there is none.

3. The eligibility ruling also does not fall under the so-called "collateral order doctrine," which applies to a "narrow class of decisions" that are not technically final but are treated as final because they "conclusively decide a disputed issue that is completely independent from the merits of the case and effectively unreviewable on appeal after a final order." Kelly v. Great Seneca
3

Financial Corp., 447 F.3d 944, 948 (6th Cir. 2006). Again, eligibility is not "completely independent from the merits" of a chapter 9 case, but is instead a crucial factor that goes directly to the merits of whether the Court should exercise its power to adjust the City's debts under chapter 9. Eligibility also is not "effectively unreviewable on appeal," because Objectors can challenge the City's eligibility on appeal from any order confirming a plan of adjustment.

4. Nor does the eligibility ruling meet the standard for a discretionary interlocutory appeal under 28 U.S.C. § 158(a)(3). Under that standard, Objectors must show (1) a "controlling" question of law, (2) as to which "there is a substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." In re Wicheff, 215 B.R. 839, 844 (6th Cir. 1998) (relying on the analogous standard for discretionary interlocutory appeals set forth in 28 U.S.C. § 1292(b)). The City does not believe that there is a substantial ground for difference of opinion on any of the controlling questions of law that underpin the Court's eligibility ruling. Under any reasonable interpretation of the law, the eligibility ruling is correct.

5. If the Court nonetheless determines an immediate appeal is proper, the City supports certification directly to the Sixth Circuit, bypassing review in the district court. This case "involves a matter of public importance," thus satisfying the test under 28 U.S.C. 158(d)(2)(A)(i) for certification of an otherwise

appealable order directly to the court of appeals. As the Sixth Circuit recognized in Lindsey, the statutory path "for appealing a bankruptcy decision to a court of appeals . . . permits review of interlocutory orders properly certified and accepted." 726 F.3d at 858.[3]

6. In sum, the City believes appellate review of the Court's eligibility ruling should come in the ordinary course, following a final order confirming a plan of adjustment. However, if the Court concludes an appeal is proper at this time, the City supports certification directly to the Court of Appeals for the Sixth Circuit.

---

[3] Under § 158(d)(2)(A), "The appropriate court of appeals shall have jurisdiction of appeals" including appeals of "interlocutory orders and decrees" "with leave of the court." Accordingly, interlocutory orders accompanied by leave of the bankruptcy court fall within the jurisdiction of the court of appeals if they are "certified" by the bankruptcy court and "accepted" by the appellate court. In re Lindsey, 726 F.3d at 858. Moreover, the Federal Rules of Bankruptcy Procedure treat circuit-court authorization as interchangeable with the bankruptcy court's grant of leave for an interlocutory appeal. See Fed. R. Bankr. P. 8003(d) ("If leave to appeal is required by 28 U.S.C. §158(a) and has not earlier been granted, the authorization of a direct appeal by a court of appeals under 28 U.S.C. §158(d)(2) shall be deemed to satisfy the requirement for leave to appeal.").

5
13-53846-tjt    Doc 2083    Filed 12/12/13    Entered 12/12/13 16:38:32    Page 5 of 7

Dated:  December 12, 2013	Respectfully submitted,

/s/ David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# Certificate of Service

I, David G. Heiman, hereby certify that the foregoing **THE CITY OF DETROIT'S OPPOSITION TO IMMEDIATE APPEAL AND STATEMENT REGARDING CERTIFICATION TO THE SIXTH CIRCUIT** was filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter on this 12th day of December 2013.

/s/ David G. Heiman_____

David G. Heiman