———————————————————— X
                                   :
In re:                             :   Chapter 9
                                   :
CITY OF DETROIT, MICHIGAN,         :   Case No. 13-53846 (SWR)
                                   :
                    Debtor.        :   Hon. Steven W. Rhodes
                                   :
———————————————————— X

## AD HOC COPS HOLDERS' REPLY TO THE STATEMENT OF MERRILL LYNCH CAPITAL SERVICES, INC. AND UBS AG IN SUPPORT OF DEBTOR'S MOTION TO ASSUME FORBEARANCE AND OPTIONAL TERMINATION AGREEMENT

### BACKGROUND

1. The "**Ad Hoc COPs Holders**"[1] hold $375 million of Certificates of Participation (the "**COPs**") payable out of "**Service Contracts**"[2] between the City and certain Service Corporations in accordance with a "**Contract Administration Agreement**".

2. The COPs are insured by two monoline insurance companies: Syncora Guaranty Inc. ("**Syncora**") and Financial Guaranty Insurance Co. ("**FGIC**").

3. The Swap Counterparties' swap termination claims are also payable out of the Service Contracts and are allegedly secured by a "**Collateral Agreement**".

---

[1] The Ad Hoc COPs Holders consist of Dexia Crédit Local, Dexia Holdings, Inc., and Nord/LB Covered Finance Bank, S.A. Their holdings are set forth in Exhibit 1 to the First Verified Statement Pursuant to Rule 2019 filed on August 16, 2013 [Dkt. No. 359].

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Assume the Forbearance Agreement [Dkt. No. 157].

4. The City seeks to compromise the swap termination claims under a Forbearance and Optional Termination Agreement ("**FOTA**"). The Ad Hoc COPs Holders initially filed a limited objection to the City's motion to approve the FOTA, seeking an order which preserved rights we or our trustee (as non-debtor parties) may have against the Swap Counterparties (as non-debtor parties) under relevant agreements. [Dkt. No. 362].

5. The City also seeks court approval of debtor-in-possession financing (the "**DIP**"). On November 27, 2013, Syncora objected to the DIP in part because the DIP would be used to fund swap termination claims under the FOTA in violation of a payment "waterfall" in Section 8.03 of the Service Contracts. [Dkt. No. 1870].

6. On December 10, the Swap Counterparties filed their Statement in Support of the FOTA (the "**Statement**") and argued that Section 8.03 of the Service Contract did not apply after an event of default, when (they argued) Section 4.8.2 of the Contract Administration Agreement applies to permit payment of swap termination claims. [Dkt. No. 2033].

7. The issue raised by Syncora on November 27 and debated by the Swap Counterparties on December 10 compelled the Ad Hoc COPs Holders to file this Reply.

8. This issue would require extensive briefing. For example, the Swap Counterparties argue that Section 8.03 does not apply either because Section 4.8.2 applies to preempt the waterfall or because payment of an amount based on a swap termination is not, in

fact, a payment under the waterfall. We submit that this Court need not and should not decide this or other issues between non-debtor parties under a very complicated set of agreements.[3]

9. If the Swap Counterparties receive payments or "realize upon security" in violation of the Section 8.03 waterfall, the Swap Counterparties must turn over the payments for distribution in compliance with the waterfall. See Section 9.1 of the Contract Administration Agreement, attached as **Exhibit A**.

10. Syncora argues that Section 8.03's waterfall applies and bars the City from implementing the FOTA. This is similar to a request for an injunction – indeed, if the City sought to implement the FOTA outside of bankruptcy, Syncora could stop implementation only by obtaining an injunction. The Court need not rule on Syncora's argument because Syncora has an adequate remedy at law: It can sue the Swap Counterparties outside of bankruptcy court to recover out-of-waterfall payments under Section 9.1 of the Contract Administration Agreement.

11. Indeed, the same analysis applies to most of the objections by Syncora and FGIC. Each asserts that the FOTA violates its agreements with the Swap Counterparties. If they are right, they can sue the Swap Counterparties for damages. The asserted violations do not justify the equivalent of an injunction.

12. Therefore, the Ad Hoc COPs Holders submit that the Court should approve the FOTA and the DIP without deciding or prejudicing the rights of non-debtor parties

---

[3] The Ad Hoc COPs Holders also respectfully submit that the bankruptcy court would lack jurisdiction to adjudicate contract claims between non-debtor third parties (including claims the holders may have themselves or through their trustee against the Swap Counterparties) under *Stern v. Marshall*, 564 U.S. __, 131 S. Ct. 2594 (2011) and *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, 458 U.S. 50 (1982).

against each other, consistent with the Court's previous statements.[4] The Court should simply enter the order proposed by the Ad Hoc COPs Holders in their initial Limited Objection and attached hereto as **Exhibit B**.

Dated:      Detroit, Michigan
              December 13, 2013

By: /S/Deborah L. Fish
ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142
P36580

KRAMER LEVIN NAFTALIS
   & FRANKEL LLP
Thomas Moers Mayer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to the Ad Hoc COPs Holders*

z:\13\079\plds\reply in support.doc

---

[4] At a status conference on the FOTA, Syncora's counsel expressed concern that the Debtor's Proposed Order "would entail the Court making judicial findings, judicial declarations that could foreclose the rights of third parties . . . ." Hr'g Tr. at 124:12-14 (Aug. 2, 2013) (attached to Dkt. No. 362 as **Exhibit 6-B**). The Court responded: "If that's your concern, I will assure you at the outset that my decision will be nothing more than to approve the decision of the city to assume this contract and enter into the settlement or disapprove of it." *Id.* at 124:15-18.

# Contract Administration Agreement 2006

among

Detroit Retirement Systems Funding Trust 2006,

Detroit General Retirement System Service Corporation
and
Detroit Police and Fire Retirement System Service Corporation,
severally and not jointly,

U.S. Bank National Association,
separately and not as Trustee of the Detroit Retirement Systems Funding Trust 2006

and the

Other Persons Party Hereto

Dated June 12, 2006

EXHIBIT A

8.21.5(2). The successor Enforcement Officer shall mail a notice of its succession to all of the parties hereto.

8.21.5(3). Upon the appointment of a successor Enforcement Officer becoming effective as provided in **this Section**, the retiring Enforcement Officer shall promptly transfer all property held by it as Enforcement Officer to the successor Enforcement Officer.

**Section 8.22. Merger, Consolidation and Succession to Business.**

*8.22.1.* If the Enforcement Officer consolidates, merges or converts into, or transfers all or substantially all its corporate trust business to, another corporation, the successor corporation without any further act shall be the successor Enforcement Officer *if* such successor corporation is eligible under **Section 8.20.1**. The successor Enforcement Officer may adopt the authentication of Certificates authenticated by the predecessor Enforcement Officer and deliver such Certificates with the same effect as if the successor Enforcement Officer had authenticated such Certificates.

**Section 8.23. Proof of Status**

*8.23.1.* A Person (other than a Beneficial Owner) shall prove its status as an Affected Party by submitting an affidavit to the Enforcement Officer stating that such Person is a Certificateholder or a Specified Hedge Counterparty and stating such facts, sufficient in the reasonable judgment of the Enforcement Officer, as are necessary to show that it is an affected Certificateholder or Specified Hedge Counterparty.

*8.23.2.* A Beneficial Owner shall prove its status as an Affected Party by submitting an affidavit and indemnity to the Enforcement Officer meeting the requirements of **Section 6.10** (as if such requirements were in respect of the Enforcement Officer) and by including in such affidavit a statement of facts stating such facts, sufficient in the reasonable judgment of the Enforcement Officer, as are necessary to show that it is affected by the particular Article 8 Event of Default.

*8.23.3.* The principal amount of Outstanding Certificates owned by a Beneficial Owner meeting the requirements of **Section 8.23.2** shall be deemed held by such Beneficial Owner and *not* held by Certificateholders for the purposes of **this Article**.

**Article IX — Agreements Among the Parties.**

**Section 9.1. Sharing Excess Payments Among the Parties**

Each party hereto agrees with each other party hereto that if any such party receives payments in excess of or out of the order or priority established in the Service Contract Priority Sections, whether voluntary or involuntary, by realization upon security, through the exercise of any right of set-off or banker's lien (whether based on common law, statute, contract or otherwise) (excluding applications of funds pursuant to non-default contract rights), by counterclaim or cross action or by the enforcement of any right hereunder or under any of the Service Contracts, that any such amount shall be returned to the Contract Administrator for proper distribution in accordance with the amount, the order and priority as set forth in the Service Contract Priority Sections other than to the extent provided in **Section 4.8.2**.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------ X
In re:                                           : Chapter 9
                                                 : Case No. 13-53846
CITY OF DETROIT, MICHIGAN                        : Hon. Steven W. Rhodes
                    Debtor.                      :
                                                 :
------------------------------------------------ X

## ORDER (I) AUTHORIZING THE ASSUMPTION OF THAT CERTAIN FORBEARANCE AND OPTIONAL TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT PURSUANT RULE 9019, AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[1] for entry of an order (i) authorizing the assumption of that certain forbearance and optional termination agreement pursuant to section 365(a) of the Bankruptcy Code, (ii) approving such agreement pursuant Bankruptcy Rule 9019, and (iii) granting related relief; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having recognized that nothing in this Order or the Forbearance Agreement affects the rights of third parties against each other or against the Swap Counterparties and that nothing in this Order shall be construed to modify or extend the automatic stay except as expressly stated hereunder; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms used herein are accorded the meanings given to them in the Motion with the exception of Swap Counterparties, which is expanded to include Merrill Lynch Capital Services, Inc.

**EXHIBIT B**
13-53846-swr    Doc 362    Filed 08/16/13    Entered 08/16/13 18:36:34    Page 8 of 40
13-53846-tjt    Doc 2105   Filed 12/13/13    Entered 12/13/13 14:45:43    Page 7 of 16

## THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A. <u>Jurisdiction and Venue</u>. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice</u>. Notice of the Motion and the Hearing was sufficient under the circumstances. As evidenced by the certificate of service, notice of the Motion and Hearing has been given to the following: (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the COPs; (h) certain significant holders of the COPs; (i) the Swaps; and (j) the insurers of the Swaps. In addition, a copy of the Motion was served on the Office of the United States Trustee. Cause exists to modify the requirement under Bankruptcy Rule 2002(a) that a hearing on approval of a compromise or settlement shall be given to all creditors and, accordingly, no other or further notice is required under the circumstances.

C. <u>Assumption Appropriate</u>. The assumption of the Forbearance Agreement and other relief sought in the Motion will benefit the City and is a sound exercise of the City's business judgment, is in the best interest of the City, its creditors and other parties in interest and is based on good, sufficient and sound business purposes and justifications. As of the date hereof, no defaults exist under the Forbearance Agreement and the City is not obligated to pay any cure amounts in connection with the assumption of the Forbearance Agreement.

D. <u>Rule 9019 Authorization</u>. The City is authorized, but not required, to adopt the Forbearance Agreement pursuant to Bankruptcy Rule 9019. The Forbearance Agreement is

2

13-53846-swr    Doc 362    Filed 08/16/13    Entered 08/16/13 18:36:34    Page 9 of 40
13-53846-tjt    Doc 2105    Filed 12/13/13    Entered 12/13/13 14:45:43    Page 8 of 16

fair, reasonable and equitable, subject to the third-party reservation of rights hereinafter provided.

E. <u>Consent to Use of Casino Revenues</u>. Pursuant to Section 1.2 of the Forbearance Agreement, UBS AG and MLCS consent to the City's use of the Casino Revenue as set forth in the Forbearance Agreement. The consent of UBS AG and MLCS will allow the City immediate access to its Casino Revenue as set forth in Forbearance Agreement, and no other or further consents are required.

F. <u>Modification of Automatic Stay</u>. Good cause exists to modify the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, solely to permit UBS AG and MLCS to petition for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement.

G. <u>Arm's-Length Agreement</u>. The Forbearance Agreement was negotiated at arm's length and in good faith by all parties to it. UBS AG and MLCS are not insiders of the City as that term is defined in Bankruptcy Code section 101(31). The parties' entry into and performance under the Forbearance Agreement does not violate any law, including the Bankruptcy Code, and does not give rise to any claim or remedy against the parties thereto, except as may be expressly set forth in this Order or in such agreements

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein and subject to the reservations of rights and other conditions as set forth herein.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise

- 3 -

13-53846-swr    Doc 362    Filed 08/16/13    Entered 08/16/13 18:36:34    Page 10 of 40
13-53846-tjt    Doc 2105    Filed 12/13/13    Entered 12/13/13 14:45:43    Page 9 of 16

resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. Pursuant to section 365(a) of the Bankruptcy Code, the City is authorized to assume the Forbearance Agreement, attached as <u>Exhibit 6</u> to the Motion.

4. The Forbearance Agreement is approved in its entirety. The City is authorized to perform its obligations that arise from the Forbearance Agreement pursuant to Bankruptcy Rule 9019, and any actions taken heretofore in furtherance of these obligations are hereby ratified.

5. The Custodian under the Collateral Agreement is hereby authorized to rely upon the terms of this Order and UBS AG and MLCS' consent to the use by the City of the Casino Revenue.

6. The automatic stay imposed pursuant to section 362 of the Bankruptcy Code is modified solely to permit UBS AG and MLCS to petition a court of competent jurisdiction for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement. No other modification or extension of the automatic stay is granted hereunder.

7. The City is authorized to take any and all actions necessary or appropriate to implement the terms of this Order and the Forbearance Agreement.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

9. Notwithstanding any other provision hereof (including without limitation paragraph 8) or any provision in the Forbearance Agreement, this Order shall not prejudice any rights of any third parties against each other, or their assertion of such rights against other non-

- 4 -
13-53846-swr    Doc 362    Filed 08/16/13    Entered 08/16/13 18:36:34    Page 11 of 40
13-53846-tjt    Doc 2105   Filed 12/13/13    Entered 12/13/13 14:45:43    Page 10 of 16

Debtor third parties. Nothing in the Forbearance Agreement and this Order shall be deemed to waive, modify or otherwise impair or enhance the respective rights of any third parties against each other under the COPs, swaps, and 2009 restructuring and all documents executed in connection therewith, including, without limitation, the Transaction Documents, the Contract Administration Agreements, and the Service Contracts, and all third parties expressly reserve all rights and remedies that each has now or may in the future have under those same documents and/or at law or in equity.

- 5 -

13-53846-swr   Doc 362   Filed 08/16/13   Entered 08/16/13 18:36:34   Page 12 of 40
13-53846-tjt   Doc 2105   Filed 12/13/13   Entered 12/13/13 14:45:43   Page 11 of 16

------------------------------------------------- X
In re:                                            : Chapter 9
                                                  : Case No. 13-53846
CITY OF DETROIT, MICHIGAN                         : Hon. ——————— Steven W. Rhodes
           Debtor.                                :
                                                  :
------------------------------------------------- X

## ORDER (I) AUTHORIZING THE ASSUMPTION OF THAT CERTAIN FORBEARANCE AND OPTIONAL TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT PURSUANT RULE 9019, AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[1] for entry of an order (i) authorizing the assumption of that certain forbearance and optional termination agreement pursuant to section 365(a) of the Bankruptcy Code, (ii) approving such agreement pursuant Bankruptcy Rule 9019, and (iii) granting related relief; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having recognized that nothing in this Order or the Forbearance Agreement affects the rights of third parties against each other or against the Swap Counterparties and that nothing in this Order shall be construed to modify or extend the automatic stay except as expressly stated hereunder; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms used herein are accorded the meanings given to them in the Motion with the exception of Swap Counterparties, which is expanded to include Merrill Lynch Capital Services, Inc.

- 1 -
13-53846-swr    Doc 362    Filed 08/16/13    Entered 08/16/13 18:36:34    Page 13 of 40
EXHIBIT 1-B
13-53846-tjt    Doc 2105   Filed 12/13/13    Entered 12/13/13 14:45:43    Page 12 of 16

## THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A. <u>Jurisdiction and Venue</u>. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice</u>. Notice of the Motion and the Hearing was sufficient under the circumstances. As evidenced by the certificate of service, notice of the Motion and Hearing has been given to the following: (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g) the COPs; (h) certain significant holders of the COPs; (i) the Swaps; and (j) the insurers of the Swaps. In addition, a copy of the Motion was served on the Office of the United States Trustee. Cause exists to modify the requirement under Bankruptcy Rule 2002(a) that a hearing on approval of a compromise or settlement shall be given to all creditors and, accordingly, no other or further notice is required under the circumstances.

C. <u>Assumption Appropriate</u>. The assumption of the Forbearance Agreement and other relief sought in the Motion will benefit the City and is a sound exercise of the City's business judgment, is in the best interest of the City, its creditors and other parties in interest and is based on good, sufficient and sound business purposes and justifications. As of the date hereof, no defaults exist under the Forbearance Agreement and the City is not obligated to pay any cure amounts in connection with the assumption of the Forbearance Agreement.

D. <u>Rule 9019 Authorization</u>. The City ~~was~~<u>is</u> authorized, but not required, to ~~seek approval of~~<u>adopt</u> the Forbearance Agreement pursuant to Bankruptcy Rule 9019. The

- 2 -

13-53846-swr    Doc 362    Filed 08/16/13    Entered 08/16/13 18:36:34    Page 14 of 40
13-53846-tjt    Doc 2105    Filed 12/13/13    Entered 12/13/13 14:45:43    Page 13 of 16

Forbearance Agreement is fair, reasonable and equitable, subject to the third-party reservation of rights hereinafter provided.

E. <u>Consent to Use of Casino Revenues</u>. Pursuant to Section 1.2 of the Forbearance Agreement, UBS AG and MLCS consent to the City's use of the Casino Revenue as set forth in the Forbearance Agreement. The consent of UBS AG and MLCS will allow the City immediate access to its Casino Revenue as set forth in Forbearance Agreement, and no other or further consents are required.

F. <u>Modification of Automatic Stay</u>. Good cause exists to modify the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, solely to permit UBS AG and MLCS to petition for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement.

G. <u>Arm's-Length Agreement</u>. The Forbearance Agreement was negotiated at arm's length and in good faith by all parties to it. UBS AG and MLCS are not insiders of the City as that term is defined in Bankruptcy Code section 101(31). The parties' entry into and performance under the Forbearance Agreement does not violate any law, including the Bankruptcy Code, and does not give rise to any claim or remedy against the parties thereto, except as may be expressly set forth in this Order or in such agreements.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein and subject to the reservations of rights and other conditions as set forth herein.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise
- 3 -

resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. Pursuant to section 365(a) of the Bankruptcy Code, the City is authorized to assume the Forbearance Agreement, attached as <u>Exhibit 6</u> to the Motion.

4. The Forbearance Agreement is approved in its entirety. The City is authorized to perform its obligations that arise from the Forbearance Agreement pursuant to Bankruptcy Rule 9019, and any actions taken heretofore in furtherance of these obligations are hereby ratified.

5. The Custodian under the Collateral Agreement is hereby authorized to rely upon the terms of this Order and UBS AG and MLCS' consent to the use by the City of the Casino Revenue.

6. The automatic stay imposed pursuant to section 362 of the Bankruptcy Code is modified solely to permit UBS AG and MLCS to petition a court of competent jurisdiction for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement. No other modification or extension of the automatic stay is granted hereunder.

7. The City is authorized to take any and all actions necessary or appropriate to implement the terms of this Order and the Forbearance Agreement.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

9. Notwithstanding any other provision hereof (including without limitation paragraph 8) or any provision in the Forbearance Agreement, this Order shall not prejudice any rights of any third parties against each other, or their assertion of such rights against other

- 4 -

13-53846-swr   Doc 362   Filed 08/16/13   Entered 08/16/13 18:36:34   Page 16 of 40
13-53846-tjt   Doc 2105   Filed 12/13/13   Entered 12/13/13 14:45:43   Page 15 of 16

non-Debtor third parties. Nothing in the Forbearance Agreement and this Order shall be deemed to waive, modify or otherwise impair or enhance the respective rights of any third parties against each other under the COPs, swaps, and 2009 restructuring and all documents executed in connection therewith, including, without limitation, the Transaction Documents, the Contract Administration Agreements, and the Service Contracts, and all third parties expressly reserve all rights and remedies that each has now or may in the future have under those same documents and/or at law or in equity.

- 5 -

13-53846-swr   Doc 362   Filed 08/16/13   Entered 08/16/13 18:36:34   Page 17 of 40
13-53846-tjt   Doc 2105   Filed 12/13/13   Entered 12/13/13 14:45:43   Page 16 of 16