# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> CITY OF DETROIT, MICHIGAN, ) <br> ) <br>       Debtor. ) <br> ) <br> _____ ) | Chapter 9 <br><br> Case No. 13-58346 <br><br> Hon. Steven W. Rhodes |

## REPLY OF THE DETROIT RETIREMENT SYSTEMS SUPPORTING CERTIFICATION OF A DIRECT APPEAL TO THE SIXTH CIRCUIT

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (together, the "Retirement Systems") submit this reply to the Opposition [Dkt. No. 2083] (the "Opposition") filed by the City of Detroit (the "City") and in support of their Motion to Certify This Court's Eligibility Ruling For Direct Appeal to the Sixth Circuit Court of Appeals [Dkt. No. 1933] (the "Motion").

**I.  All Parties Agree That the Court's Eligibility Ruling Satisfies the Section 158(d)(2) Criteria for a Direct Appeal to the Sixth Circuit**

The City concedes that this Court's eligibility ruling "'involves a matter of public importance,' thus satisfying the test under 28 U.S.C. § 158(d)(2)(A)(i) for certification … directly to the court of appeals." City Opp. 4-5.

The City further recognizes that this Court may certify a direct appeal to the Sixth Circuit *regardless* of whether the Court's eligibility ruling is final. City Opp.

1

4-5. As the City states, "the statutory path 'for appealing a bankruptcy decision to a court of appeals … permits review of interlocutory orders.'" *Id.* at 5 (quoting *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013)). Thus, even if the Court's eligibility ruling were interlocutory (which it demonstrably is *not*), the Sixth Circuit's authorization of a direct appeal satisfies any requirement for leave to appeal. *See* Retirement Sys. Mot. 14 (discussing Fed. R. Bank. R. 8003(d)); City Opp. 5 n.3 (same). Accordingly, this Court need not even reach the finality issue.

The City's concessions end the matter, especially given the City's insistence that this case proceed "as promptly as possible for the benefit of all parties in interest." City's Objection to Mot. of Official Retiree Comm. to Stay Deadlines and Hearings Related to Eligibility Proceedings at 1 [Dkt. No. 925]. Section 158(d)(2) specifically authorizes direct appeals in such cases of great public importance. The parties all need to know – now – whether the City is eligible to proceed with this case for the express purpose of diminishing and impairing the constitutionally guaranteed accrued pension benefits upon which over 32,000 municipal employees and retirees have relied. Moreover, the Code bars a stay pending appellate review of an eligibility determination. 11 U.S.C. § 921(e). Expediting the appeal here obviates any argument of equitable mootness if a plan were confirmed while eligibility is on appeal. Given the paramount interest of

200041166.1 14893/165083

retirees and citizens of Detroit, the Court can and should forthwith certify its eligibility ruling.

## II. The Court's Eligibility Ruling Is Final for Purposes of Appeal

In any event, the Court's eligibility ruling fully satisfies the "broader and more flexible" finality standard that applies to appeals in bankruptcy cases. *Millers Cove Energy Co. v. Moore* (*In re Millers Cove Energy Co.*), 128 F.3d 449, 451 (6th Cir. 1997). The parties agree that under that test, the question is whether the order "finally disposes of discrete disputes." City Opp. 3 (quoting *Huntington National Bank v. Richardson* (*In re Cyberco Holdings, Inc.*), 734 F.3d 432, 437 (6th Cir. 2013); *accord* Retirement Sys. Mot. 10-11. Here, the Court's order finally disposed of the discrete dispute over the City's eligibility to be a Chapter 9 debtor. The City's contentions to the contrary are meritless.

The City asserts that the issue of eligibility is not "discrete" but rather is "integral" to the case as a whole. City Opp. 3. The Retirement Systems disagree. Eligibility, by its nature, is a gatekeeping issue to entering into bankruptcy. *See, e.g., In re City of Vallejo*, 403 B.R. 72, 76 (Bankr. E.D. Cal. 2009), *aff'd IBEW, Local 2376 v. City of Vallejo (In re City of Vallejo)*, 432 B.R. 262 (E.D. Cal. 2010) (states "act as gatekeepers to their municipalities' access to relief under the Bankruptcy Code."). It is a threshold issue, not an issue that arises in various situations throughout the case. It addresses at the front end of a case, as it must,

3

whether the bankruptcy court has jurisdiction to proceed at all. As such, the issue of eligibility– while central to the case– is also clearly discrete.

The City further asserts that eligibility is a "preliminary" issue and there can be no final order "[u]nless and until" this Court confirms a plan of adjustment. City Opp. 2. But this Court already determined that the vital issue regarding the Pensions Clause was ripe for determination at the eligibility stage, *i.e.*, the issue "is here and it is now." *See* Op. Regarding Eligibility at 58 [Dkt. No. 1945]. This statement by the Court highlights the discreteness of the issue, and the finality of the determination. And those same considerations of immediacy and importance also justify an immediate appeal.

For its counterintuitive and novel finality standard, the City cites the statement in *Catlin v. United States*, 324 U.S. 229, 233 (1945), that "[a]n order is final only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" City Opp. 2. But *Catlin* is not a bankruptcy case and says nothing about the standard for finality in bankruptcy cases. *Catlin* involved an appeal of a district court decision in a condemnation action, and the decision accordingly sets forth the finality standard that applies in *non-bankruptcy* appeals of district court decisions under (now) 28 U.S.C. § 1291. *See* 324 U.S. at 234. Moreover, *Catlin* stressed that a strict final-judgment rule under Section 1291 supports the "elimination of delays caused by interlocutory appeals." *Id*. But

4

delay is no concern here, because 11 U.S.C. § 921(e) provides that the appeal of a bankruptcy court's eligibility ruling cannot "delay" the Chapter 9 proceeding, nor can any court "stay" the proceeding pending the appeal.

Quoting *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013), the City argues that the finality standard in bankruptcy cases "largely mirror[s]" the Section 1291 standard. City Opp. 3. But both before and after *Lindsey*, the Sixth Circuit repeatedly has held that "the finality requirement is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations." *In re Cyberco*, 734 F.3d 432, 437 (6th Cir. 2013) (collecting numerous Sixth Circuit cases dating to at least 1989). "[V]irtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation." *Id.* (internal quotation marks omitted). "One reason for this relaxed approach is that finality concepts that easily apply to lawsuits typically brought in the district courts do not readily translate into the more far reaching proceedings that characterize bankruptcy cases." *Id.* To the extent the panel in *Lindsey* purported to depart from this longstanding Sixth Circuit precedent, this Court is "still bound by the holding of the earlier case[s]." *Ward v. Holder*, 733 F.3d 601, 608 (6th Cir. 2013). That conclusion is particularly warranted because *Lindsey* does not cite, much less discuss, *Millers Cove Energy* and numerous other Sixth Circuit decisions to the same effect.

5

Regardless, *Lindsey* observed that "no one sought certification under § 158(d)(2)," which the panel emphasized gives parties and courts "the explicit option of an interlocutory appeal to a court of appeals in a bankruptcy case." 726 F.3d at 858-59. In other words, "Congress gave parties and courts flexibility to certify issues for appeal if doing so would help settle a novel legal question, resolve conflicting decisions or 'materially advance the progress of the case.'" *Id.* at 860 (quoting 28 U.S.C. § 158(d)(2)). As the City ultimately concedes, this is a paradigmatic case for a direct appeal to the Sixth Circuit.

The City also fails even to acknowledge, much less refute, that the Court's ruling on Chapter 9 eligibility is an Order for Relief and that orders for relief in involuntary cases under other chapters are final. *See* Retirement Sys. Mot. 11-14. As of 2005, Section 921(d) of the Code requires bankruptcy courts to enter the order for relief in a voluntary Chapter 9 case where eligibility is contested only *after* hearing and deciding the objections to eligibility. *See id.* at 11 (discussing 11 U.S.C. § 921(d)). As such, an order for relief in a Chapter 9 case is treated like orders for relief in involuntary cases under other chapters; such orders are final for purposes of appeal. *See id.* at 12-13 (collecting numerous cases). Indeed, the Code expressly contemplates that Chapter 9 eligibility rulings will be appealable: if they were not, Section 921(e)'s express bar of any stay pending appeal of an eligibility decision would be meaningless.

6

The City thus seriously errs in relying on pre-2005 cases under Chapter 9. City Opp. 3 (citing *Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (*In re City of Desert Hot Springs*), 339 F.3d 782 (9th Cir. 2003); *Path Science Labs., Inc. v. Greene Cnty. Hosp.* (*In re Greene Cnty. Hosp.*), 835 F.2d 589 (5th Cir. 1988)). *Desert Hot Springs* and *Greene County Hospital* are simply no longer good law. As the Retirement Systems explained, both cases pre-date the 2005 amendments to the Bankruptcy Code, which remove Chapter 9 cases from the automatic entry of an order for relief under Section 301(b) and squarely put the order for relief in a Chapter 9 case on the same footing as orders for relief in involuntary cases. *See* Retirement Sys. Mot. 13. There is no basis for treating contested orders for relief in Chapter 9 cases differently from contested orders for relief in cases under other chapters. For its part, the City does not explain how either *Desert Hot Springs* or *Greene County Hospital* could remain good law after the 2005 Code amendments.

The Retirement Systems request that the Court certify its Opinion Regarding Eligibility and Order for Relief for a direct appeal to the Sixth Circuit.

Dated: December 13, 2013

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

-and-

ARNOLD & PORTER LLP
Lisa Hill Fenning
777 South Figueroa Street
44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
lisa.fenning@aporter.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*