UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

### *EX PARTE* MOTION OF THE DETROIT RETIREMENT SYSTEMS FOR AN ORDER AUTHORIZING THEM TO FILE A REPLY IN EXCESS OF POTENTIAL PAGE LIMITATIONS[1]

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (together, the "Retirement Systems") submit this *Ex Parte* Motion (the "Motion") for entry of an order authorizing the Retirement Systems to file a reply (the "Reply") in support of their Certification Motion (defined below) in excess of potential page limitations. In support of this Motion, the Retirement Systems respectfully state as follows:

### Background

1. On July 18, 2013, the City of Detroit, Michigan (the "City") filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code,

---

[1] It is not clear that the 5-page limit in Local Bankruptcy Rule 9014-1(e) applies in this matter. However, the Retirement Systems file this Motion in an abundance of caution.

11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). In support of the petition and the related statement of qualifications, the City filed a Memorandum of Law in Support of Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code [Docket No. 14].

2. On August 19, 2013, the Retirement Systems filed the Objection of the Detroit Retirement Systems to the Eligibility of the City of Detroit, Michigan to be a Debtor Under Chapter 9 of the Bankruptcy Code [Dkt. No. 519] (the "Eligibility Objection"). The Eligibility Objection argued, generally, that the City cannot satisfy the eligibility requirements of sections 109(c)(2) and 109(c)(5) of the Bankruptcy Code.

3. On December 3, 2013, the Court ruled from the bench that the City is eligible to be a Chapter 9 debtor.

4. On December 5, 2013, the Court issued its Opinion Regarding Eligibility [Dkt. No. 1945] and entered the Order for Relief Under Chapter 9 of the Bankruptcy Code [Dkt. No. 1946].

5. On December 4, 2013, the Retirement Systems filed a timely Notice of Appeal [Dkt. No. 1930] and the Motion of the Detroit Retirement Systems to

Certify This Court's Eligibility Ruling for Direct Appeal to the Sixth Circuit Court of Appeals [Dkt. No. 1933] (the "Certification Motion").[2]

6. On December 12, 2013, the City filed its Opposition to Immediate Appeal and Statement Regarding Certification to the Sixth Circuit [Dkt. No. 2083] (the "Certification Response").

**Relief Requested**

7. The Retirement Systems intend to file a Reply in support of the Certification Motion, which responds to legal arguments made by the City in the Certification Response.

8. The Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan establish a 5-page limit for reply briefs. E.D. Mich. LBR 9014-1(e). As stated above, it is not clear that the 5-page limit in Local Bankruptcy Rule 9014-1(e) applies in this matter; however, the Retirement Systems file this Motion in an abundance of caution.

9. E.D. Mich. LR 7.1(d)(3)(B), made applicable to this case by E.D. Mich. LBR 9029-1(1)(a), states that "the text of a reply brief, including footnotes and signatures, may not exceed 7 pages."

---

[2] On December 12, 2013, the Retirement Systems also filed an Amended Notice of Appeal [Dkt. No. 2096], amended solely to attach copies of the Court's Opinion and Order entered subsequent to the original Notice of Appeal.

10. The Retirement Systems proposed Reply is eight pages. The Retirement Systems request entry of an order expanding the page limitations set forth in E.D. Mich. LBR 9014-1(e), to the extent applicable to this matter, to enable it to file a Reply in excess of five pages.

11. The Retirement Systems' Reply addresses an important issue in this case, namely whether the Court should certify the Retirement Systems' appeal directly to the Sixth Circuit Court of Appeals. Although the Retirement Systems have made a concerted effort to address the legal issues raised in their Reply concisely, the legal issues presented require detailed explanation, analysis, and citation.

12. The importance of the issues before the Court, and the impact that the Court's determination will potentially have upon the Retirement Systems and others, warrant granting the Retirement Systems relief from the page limits set forth in E.D. Mich. LBR 9014-1(e). Without this relief, the Retirement Systems will be hampered in their effort to adequately address the issues before the Court.

WHEREFORE, for the reasons set forth above, the Retirement Systems respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A and grant such other relief as the Court deems proper.

{Remainder of Page Left Intentionally Blank}

Dated: December 13, 2013            Respectfully submitted,

CLARK HILL PLC

  /s/   Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

-and-

ARNOLD & PORTER LLP
Lisa Hill Fenning
777 South Figueroa Street
44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
lisa.fenning@aporter.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

5

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**ORDER AUTHORIZING THE DETROIT RETIREMENT SYSTEMS TO FILE A REPLY IN EXCESS OF POTENTIAL PAGE LIMITATIONS**

This matter having come before the Court upon the *Ex Parte* Motion of the Detroit Retirement Systems for an Order Authorizing Them to File a Reply in Excess of Potential Page Limitations (the "Motion"); the Court having considered the Motion and finding that good cause exists for granting the relief requested;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Retirement Systems are granted relief from E.D. Mich. LBR 9014-1(e), to the extent it applies to this matter, and are authorized to file a Reply[3] in excess of five (5) pages.

---

[3] Capitalized terms shall have the meanings ascribed to them in the Motion.

200040548.2 14893/165083

13-53846-tjt    Doc 2121    Filed 12/13/13    Entered 12/13/13 18:18:29    Page 7 of 7