UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re ) | Chapter 9 |
| ) | |
| CITY OF DETROIT, MICHIGAN, ) | Case No. 13-53846 |
| ) | |
| Debtor. ) | Hon. Steven W. Rhodes |
| ) | |

**MOTION OF THE DETROIT FIRE FIGHTERS ASSOCIATION AND
DETROIT POLICE OFFICERS ASSOCIATION
TO CERTIFY THE COURT'S ELIGIBILITY RULING FOR
DIRECT APPEAL TO THE SIXTH CIRCUIT COURT OF APPEALS**

Pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f)(3) of the Federal Rules of Bankruptcy Procedure, The Detroit Fire Fighters Association (the "DFFA") and the Detroit Police Officers Association (the "DPOA") respectfully move to certify this Court's decision regarding the City's eligibility for relief under Chapter 9 of the United States Bankruptcy Code, specifically its Opinion Regarding Eligibility [Docket No. 1945] and the Order for Relief [Docket No. 1946] for a direct appeal to the U.S. Court of Appeals for the Sixth Circuit. The Court held that the City of Detroit is eligible to be a Chapter 9 debtor and can seek to discharge accrued, vested pension benefits in a plan of adjustment. The Court's eligibility ruling is of exceptional public importance, 28 U.S.C. § 158(d)(2), is in conflict with the opinion of the Michigan Attorney General with regard to the protection afforded

1

by the Pensions Clause of the Michigan Constitution, Art. IX, Sec. 24, presents significant questions of federal and state constitutional law for which there is no controlling Sixth Circuit authority, and certification would materially advance the progress of this case.

## STATEMENT OF FACTS

In support of their Motion for Certification, the DFFA and DPOA adopt the facts and procedural history set forth in AFSCME's Request for Certification [Docket 1936, pp. 5-7], the Retirement Systems' Motion for Certification [Docket 1933, pp. 4-8] and the Official Committee of Retiree's Motion [Docket No. 2060, pp. 2-6] (collectively, the "Certification Motions"). The DFFA and DPOA have filed a timely Notice of Appeal [Docket No. 2137].

## QUESTIONS PRESENTED

The fundamental question presented on appeal is whether this Court's ruling that the City of Detroit is eligible for relief under chapter 9 is legally erroneous and should be reversed. While the DFFA and DPOA reserve the right to challenge any of the rulings made by this Court in its Opinion Regarding Eligibility [Docket No. 1945] and its Order for Relief [Docket No. 1946], the focus of the DFFA and DPOA's appeal will be primarily on the "as applied" constitutional issues under the 10th Amendment and under the Takings Clause of the 5th Amendment, as applied to the states through the 14th Amendment, given the interplay between

2

Michigan's Pensions Clause, Mich. Const., Art. IX, Sec. 24; PA 436, MCL 141.1541, *et seq* and the other facts and circumstances that give rise to the City's filing of the petition, including the City's refusal to negotiate in good faith with any of the creditors whose rights the City seeks to impair through the discharge of its pension obligations.

## ARGUMENT

Pursuant to 28 U.S.C. § 158(d)(2), this Court "shall" certify an order for direct appeal to the appropriate court of appeals if it finds that any of the following applicable four circumstances are present: (1) the order "involves a matter of public importance"; (2) the order involves a question of law for which there is no controlling Supreme Court or Sixth Circuit precedent; (3) the order involves a question of law requiring resolution of conflicting decisions; *or* (4) an immediate appeal "may materially advance the progress of the case or the proceeding in which the appeal is taken." Certification is mandatory if any of the statutory conditions are met. *See, e.g., In re Qimonda AG,* 470 B.R. 374, 83 (E.D. Va. 2012).

For the reasons set forth in the Certification Motions, which are adopted by the DFFA and DPOA in support of certification of their appeal, and for the reasons suggested by the Ninth Circuit Court of Appeals in its opinion granting

certification in the City of San Bernardino chapter 9 proceedings, see Retirement Systems' Notice and Supplement and Exhibit 1 thereto [Docket No. 2136], certification is appropriate in this case due to its extreme public importance, the unsettled questions of federal and state constitutional law it raises and the manner in which an appellate court ruling will materially advance the progress of these proceedings.

## RELIEF REQUESTED

WHEREFORE, The Detroit Fire Fighters Association and the Detroit Police Officers Association respectfully request a that this Court certify their appeal for direct appeal to the Court of Appeals, enter an order in substantially the form submitted by the Retirement Systems as Exhibit 1 to their Certification Motion, and, in order to expedite and streamline the appellate process, include in the relief granted by the Retirement Systems' proposed order: (1) the appeal by the Detroit Fire Fighters Association and the Detroit Police Officers Association, (2) the appeals by the other parties to the Certification Motion and (3) the appeals all other parties who seek certification of a timely appeal in from the Order for Relief and Opinion Regarding Eligibility and (4) grant such other and further relief as the Court deems appropriate.

Dated: December 16, 2013       Respectfully submitted,

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By: /s/ *Barbara A. Patek*
    Barbara A. Patek (P34666)
    Julie Beth Teicher (P34300)
    Earle I. Erman (P24296)
    Craig E. Zucker (P39907)
    Counsel for Detroit Fire
    Fighters Association and
    Detroit Police Officers Association
    400 Galleria Officentre, Suite 444
    Southfield, MI 48034
    Telephone: (248) 827-4100
    Facsimile: (248) 827-4106
    E-mail: bpatek@ermanteicher.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE FOR MOTION OF THE DETROIT FIRE FIGHTERS ASSOCIATION AND DETROIT POLICE OFFICERS ASSOCIATIONTO CERTIFY THE COURT'S ELIGIBILITY RULING FOR DIRECT APPEAL TO THE SIXTH CIRCUIT COURT OF APPEALS**

The undersigned certifies that on December 16, 2013, the foregoing document was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

6

Dated: December 16, 2013

Respectfully submitted,

ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C.

By: /s/ *Barbara A. Patek*

Barbara A. Patek (P34666)
Julie Beth Teicher (P34300)
Earle I. Erman (P24296)
Craig E. Zucker (P39907)
Counsel for Detroit
Fire Fighters Association and
Detroit Police Officers Association
400 Galleria Officentre, Suite 444
Southfield, MI 48034
Telephone: (248) 827-4100
Facsimile: (248) 827-4106
E-mail: bpatek@ermanteicher.com