UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------

In re                                            Chapter 9

CITY OF DETROIT, MICHIGAN,                       Case No. 13-53846

             Debtor.                             Hon. Steven W. Rhodes

------------------------------------------------------

**MOTION TO SUBSTITUTE PETITIONER SWIFT TO REPLACE PETITIONER RYAN REGARDING HER OBJECTIONS TO MOTION OF DEBTOR FOR AN ORDER APPROVING ADR PROCEEDINGS**

NOW COMES DEBORAH RYAN AND WALTER SWIFT, both creditors and interested parties in the above action, and seek this Court's leave to substitute Petitioner Swift to replace Petitioner Ryan regarding her *Objections to Motion of Debtor for an Order Approving ADR Procedures*. [Dkt. #1866] In support of this relief, the aforementioned interested party states the following:

1.  On July 18, 2013, the Debtor filed for an adjudication of bankruptcy, pursuant to Chapter 9 of the Bankruptcy Code [Dkt. #113].

2.  On July 25, 2013, this Court entered both automatic and extended Stays of Proceedings [Dkt #166 ].

1

3. On September 11, 2013, Petitioner Ryan filed a Motion [Dkt. #819] for Relief from these Stays. The Debtor opposed lifting the Stays and asked this Court to deny the Motion. [Dkt. #1028, *Debtor's Objection*]

4. On October 18, 2013, in lieu of lifting the stay in this case, this Court entered an Order [Dkt #1114] that required the Debtor to file, within 35 days, a "motion for approval of an efficient process for liquidating all of the tort claims" against the City of Detroit and/or agents of the City of Detroit.

5. On November 12, 2013, the Debtor filed a *Motion for an Order Approving Alternative Dispute Resolution Procedures* [Dkt #1665].

6. On November 27, 2013, Petitioner Ryan filed her *Objections to Motion of Debtor for an Order Approving ADR Procedures*. [Dkt. #1866] Petition Ryan raised several systemic concerns regarding the fairness and efficiency of that Plan as applied to all potential claimants, but especially civil rights claimants such as herself. Petitioner Ryan sought all of the following relief:

   A. Determine that the plan proposed by the Debtor [Dkt #1665] is essentially <u>unfair to all claimants and potential claimants</u>, in that it was promulgated with no input from interested parties;

   B. Determine that the plan proposed by the Debtor [Dkt #1665] is essentially <u>unconstitutional and unfair to all persons asserting claims against the Debtor, pursuant to 42 U.S.C. § 1983 and the Unites States Constitution,</u> in that it does not distinguish between persons claiming under the Constitution and those asserting claims pursuant to Michigan statutory and common law;

   C. Issue an Order:

1. Denying the relief sought by the Debtor;

2. <u>Appoint a Creditors Committee consisting of civil rights claimants to participate in appropriate proceedings before this Court to protect the rights and interests of this unique class of claimants</u>;

3. <u>Set a hearing date for all interested parties</u> (or, in the alternative, the appropriate Creditors Committee(s)) to come before the Court and present reasons why the Debtor's proposed plan is deficient, unconstitutional, unfair and/or not in the best interests of justice and, therefore, in violation of this Court's Order [Dkt #1114] and to propose formulate a more equitable and more efficient plan for liquidating claims; and

4. Lift the Stays, as originally requested by Petitioner pursuant to this Court's Order granting petitioner's motion for relief from these Stays [Dkt #1114], insofar as the Debtor has failed to comply with that Order (calling for "an efficient process for liquidating *all* of the tort claims") and has failed to submit a plan that complies with that Order.

[Dkt. #1866, emphasis added]

7. Between November 19 and December 3, 2013, a number of other interested parties filed objections to the Debtor's proposed ADR Procedures on various grounds. [Dkt. #1763, 1765, 1828, 1834, 1902 & 1915] However, none of these objections raised substantially similar arguments nor sought relief similar to that of Petitioner Ryan's *Objections*.

8. On December 9, 2013, the Debtor, through Corporation Counsel Ed Keelean, approached Petitioner, through her counsel William Goodman, with an offer to stipulate to only to the final request for relief – to lift the Stays to allow

3

Petitioner Ryan's lawsuit to proceed before the Honorable Mark Goldsmith in the United States District Court for the Eastern District of Michigan. Notably, this offer came after the Debtor had denied Petitioner's earlier request for concurrence in precisely the same relief [see Dkt. #819, Page 12 of 13], after the Debtor formally opposed her attempt to obtain such relief [Dkt. #1028], and after the deadline for filing objections had passed.

9. Mr. Goodman agreed in principle to the Debtor's newly minted proposal to set aside the Stays, as applied to Petitioner Ryan. He also pointed out to Mr. Keelean that the *Objection* involved systemic issues that applied to other civil rights plaintiffs and that those plaintiffs, including specifically Petitioner Swift, would object on similar grounds.

10. In addition, Mr. Goodman indicated to Mr. Daniel Merrett, counsel for the Debtor, that Ms. Ryan, while agreeing in principle to a Stipulated Order to lift her stay and thereby to relinquish her Objections to the Debtor's Motion to implement the proposed ADR plan, would not agree to a Stipulated Order that in anyway might constitute a waiver of her underlying constitutional challenge to this this Sec. 1983 claim proceeding in bankruptcy

11. Between December 11 and 12, counsel for the Debtor and Petitioners exchanged emails, but did not agree on final language regarding the stipulation.

4

13-53846-tjt    Doc 2140    Filed 12/16/13    Entered 12/16/13 08:30:33    Page 4 of 8

12. Meanwhile, on December 11, 2013, the Debtor filed its *Reply in Support of Motion for Entry of an Order Approving ADR Procedures* [Dkt. #2056], which stated in pertinent part: "[T]he City has agreed with counsel to Deborah Ryan and the Public Safety Unions that, in resolution of the Ryan Response, the parties will stipulate to lifting of the Chapter 9 Stay solely to the extent necessary to allow the lawsuit captioned <u>Ryan v. City of Detroit, et al.</u>, Case No 11-cv-10900 (E.D. Mich.) (the "<u>Ryan Lawsuit</u>"), to proceed to judgment, thereby liquidating the claims of Deborah Ryan against the City and the Public Safety Union member defendants in the Ryan Lawsuit." [Dkt. #2056, Page 6 of 129] Debtor's *Reply* neglected to acknowledge Petitioner Ryan's reservation of her constitutional challenge.

13. Petitioner Walter Swift is a Creditor and an interested party, due to his life having been profoundly and adversely affected by the unconstitutional acts of the Debtor City and its police officers. As a result, he filed a complaint pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 28 U.S.C. §1343 (*Walter Swift v. City of Detroit, et al.*, E.D. Mich. Case No. 10-cv-12911).

14. Petitioner Swift has similar interests and objections as asserted by Petitioner Ryan in her *Objections to Motion of Debtor for an Order Approving ADR Procedures*. [Dkt. #1866]

15. Because Petitioner Swift could be adversely affected by the withdrawal of the systemic objections raised in Petitioner Ryan's *Objections*, he seeks to take her place in asserting those objections. He has attached his *Objections to Motion of Debtor for an Order Approving ADR Procedures* hereto. **[Exh. 1]**

16. Petitioner's counsel learned of the Court's *Notice Scheduling Hearing Scheduled for December 16, 2013* [Dkt. #2052] after 5 p.m. on Friday, December 13, 2012, and thus has had no opportunity to seek concurrence pursuant to L.B.R. 9104-1(g). However, Petitioners further state that because the arguments set forth and the relief requested by Petitioner Swift is nearly identical to that previously raised by Petitioner Ryan and because Petitioners' counsel raised these issues with Debtor's counsel in recent telephone calls, the Debtor suffers no prejudice of surprise or unpreparedness.

**WHEREFORE,** for the reasons stated above, the Petitioners request that this Court to substitute Petitioner Swift to replace Petitioner Ryan regarding her *Objections to Motion of Debtor for an Order Approving ADR Procedures* [Dkt. #1866] and to consider Petitioner Swift's *Objections to Motion of Debtor for an Order Approving ADR Procedures*, attached hereto.

                                  Respectfully submitted,

                                  */s/William H. Goodman*
                                  William H. Goodman   P14173

Goodman & Hurwitz, P.C.
                                        *Attorneys for Plaintiff*
                                        1394 E. Jefferson Ave.
                                        Detroit, MI 48207
                                        313-567-6170
                                        bgoodman@goodmanhurwitz.com

Dated: December 16, 2013

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

-----------------------------------------------------

## CERTIFICIATE OF SERVICE

I hereby certify that on December 16, 2013, I electronically filed 1) *Motion To Substitute Petitioner Swift To Replace Petitioner Ryan Regarding Her Objections To Motion Of Debtor For An Order Approving ADR Proceedings, with Certificate of Service* attached and 2) Exhibit 1, Swift Objections to ADR Procedures, with the Clerk of the Court using the ECF system which will send notification of such filing to ECF participants in this matter.

*/s/William H. Goodman*
William H. Goodman, P14173
*Attorneys for Plaintiff*
1394 E. Jefferson Ave.
Detroit, MI 48207
313-567-6170/
bgoodman@goodmanhurwitz.com