# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
----------------------------------------- x
                                          :
In re                                     :          Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :          Case No. 13-53846
                                          :
              Debtor.                     :          Hon. Steven W. Rhodes
----------------------------------------- x
```

## DEBTOR'S BRIEF IN OPPOSITION TO DARRELL MARHSALL'S MOTION FOR REVOCATION OF AUTOMATIC STAY

The Plaintiff requests "revocation" of the automatic stay as applied to his decades-long attempt to sue the City of Detroit ("City"). The City interprets this as a request for relief from stay and respectfully requests that it be denied.

The Plaintiff states that he has been diagnosed as "Paranoid schizophrenic delusional type, with a personality disorder." Motion, ¶ 2. He fails to disclose, however, that the District Court dismissed his case over a decade ago for failure to "make out any legally cognizable action over which this court might have jurisdiction." Ex. A, Dismissal Order.[1] "To prevent Mr. Marshall from further abusing the legal process," the District Court also enjoined him from filing new

---

[1] The City respectfully asks the Court to take judicial notice of the dockets in *Marshall v. Detroit City*, No. 2:00-cv-74576-GCS in the District Court, Eastern District of Michigan and *Marshall v. City of Detroit*, No. 13-1755 in the Sixth Circuit Court of Appeals, to which the Plaintiff refers in his Motion. *E.g.*, *Chase Bank USA, N.A.v. City of Cleveland*, 695 F.3d 548, 553 n.2 (noting that courts may take judicial notice of proceedings in other courts of record).

lawsuits without court permission and ordered that he not be allowed to appeal *in forma pauperis*. *Id.*

The Dismissal Order did not stop the Plaintiff's efforts. He has filed and continues to file motion after motion with the District Court, each and every one of which has been denied to-date. Ex. B, Docket of *Marshall v. Detroit City*.[2] Plaintiff's numerous attempts to appeal his case have been equally unsuccessful. His most recent appeal attempt was dismissed for failure to pay the filing fee.[3] Ex. C, Order from Sixth Circuit Court of Appeals. The Plaintiff asked the Sixth Circuit to reconsider *en banc* its dismissal of his appeal, but the court returned his request unfiled, stating that there is no provision for *en banc* review of an order dismissing a case for failure to pay the filing fee. Ex. D, Letter to Plaintiff.

Granting the Plaintiff relief from the automatic stay to allow him to continue to abuse the legal process benefits no one. The harm to the City of granting the Plaintiff relief dwarfs any possible harm the Plaintiff could claim to suffer from the stay. The City thus respectfully requests that the Court deny the Plaintiff's Motion.

---

[2] The exhibit shows the District Court docket as it stood as of December 15, 2013. A further and concise summary by the District Court of the state of affairs as of May 23, 2013, can be found in the District Court's order once again denying reinstatement of the Plaintiff's case. (Doc. No. 79, attached here as Ex. E).

[3] Plaintiff had asked the Sixth Circuit to allow him to proceed *in forma pauperis* despite the Dismissal Order, but the Sixth Circuit denied the request "because this appeal would clearly be frivolous." Ex. F.

21796141.2\022765-00202

# I.   <u>ARGUMENT</u>

The Plaintiff offers no cause for granting him relief from the automatic stay. Section 362(a) of the Bankruptcy Code states that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a). The automatic stay "stops all collection efforts, all harassment, and all foreclosure actions." *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

A bankruptcy court may grant relief from the automatic stay in limited circumstances, including for "cause." 11 U.S.C. § 362(d). "The Bankruptcy Code does not define 'cause' as used in [section] 362(d)(1). Therefore, under [section] 362(d), 'courts must determine whether discretionary relief is appropriate on a case by case basis.'" *Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.)*, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (*quoting Laguna Assocs. L.P. v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. L.P.)*, 30 F.3d 734, 737 (6th Cir. 1994)). Whether to grant relief from the automatic stay "resides within the sound discretion of the Bankruptcy Court." *Sandweiss Law Ctr., P.C. v.*

*Kozlowski (In re Bunting)*, No. 12-10472, 2013 WL 153309 at *17 (E.D. Mich.

Jan. 15, 2013) (*quoting In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002)).

> To guide the bankruptcy court's exercise of its discretion
> . . . the Sixth Circuit identifies five factors for the court to
> consider:  (1) judicial economy; (2) trial readiness;
> (3) the resolution of the preliminary bankruptcy issues;
> (4) the creditor's chance of success on the merits; and
> (5) the cost of defense or other potential burden to the
> bankruptcy estate and the impact of the litigation on other
> creditors.

*Bunting*, 2013 WL 153309 at *17 (*quoting Garzoni*, 35 F. App'x at 181) (internal

quotation marks omitted).  In determining whether cause exists, however, "the

bankruptcy court should base its decision on the hardships imposed on the parties

with an eye towards the overall goals of the Bankruptcy Code."  *Plastech*, 382

B.R. at 106 (*quoting In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995)).

These factors confirm that there is no cause for granting the Plaintiff relief

from the automatic stay.

1.    The interests of judicial economy weigh in favor of denying the
      Plaintiff's Motion, as evidenced by the long and fruitless docket
      endured by the District Court.

2.    The Plaintiff's case has long been dismissed and no appeal is pending,
      so it is not trial ready.

3.    There is no indication that the Plaintiff's case would resolve any
      bankruptcy issues.

4.    The Plaintiff has lost motion after motion in the District Court, which
      has deemed him an abuser of the legal process.  The Sixth Circuit has
      stated that his most recent appeal would have been frivolous, had it

been allowed to proceed.  These are strong indications that the Plaintiff has little chance of future success on the merits.

5.       Given that both the District Court and Sixth Circuit have characterized the Plaintiff's case as frivolous and vexatious, any further burden to the City is unwarranted.

In short, the District Court has determined that there is no merit to the Plaintiff's complaint, and the Sixth Circuit has stated that there appears to be little point to an appeal.  The Plaintiff offers no rationale to suggest that these determinations are erroneous and no cause for why he should be allowed relief from the automatic stay to continue his efforts.  Accordingly, the Sixth Circuit factors virtually mandate that the Plaintiff be denied relief from the automatic stay.

## II.       CONCLUSION

WHEREFORE,  the City respectfully requests that this Court: (a) deny the Plaintiff's Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: December 16, 2013        Respectfully submitted,


By: /s/Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com


ATTORNEYS FOR THE CITY OF DETROIT

- 6 -

ORIGINAL

CLOSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL L. MARSHALL,

Plaintiff,

vs.

Case No. 00-CV-74576
HON. GEORGE CARAM STEEH

CITY OF DETROIT, and
WAYNE COUNTY,

Defendants.
_____/

ORDER GRANTING PLAINTIFF IN FORMA PAUPERIS
STATUS AND DISMISSING CASE PURSUANT TO
28 U.S.C. § 1915(e)(2)(B)(i) AND ENJOINING PLAINTIFF
FROM FILING FURTHER LAWSUITS WITHOUT LEAVE OF COURT

Plaintiff Darrell L. Marshall, proceeding pro se, has filed suit against the City of

Detroit and Wayne County. Based upon the information in the Application to Proceed

in Forma Pauperis, the court grants plaintiff in forma pauperis status pursuant to 28

U.S.C. § 1915. For the reasons that follow, however, the court dismisses plaintiff's

complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed a number of cases in the United States District Court for the

Eastern District of Michigan based upon an incident which occurred in 1984, whereby

plaintiff was allegedly assaulted by City of Detroit police officers and hospitalized at

Detroit Receiving Hospital as a result of his injuries. Plaintiff was diagnosed by the

hospital as paranoid schizophrenic and committed to Northville State Hospital on a

court order. Plaintiff contends that prior to the assault, he was receiving mental health

treatment for a variety of disorders, and was receiving Social Security Supplemental

Income based on an anxiety disorder. In his current lawsuit, plaintiff maintains that

because the Wayne County Probate Court knew of his pre-existing psychological

diagnosis, it was aware that Detroit Receiving Hospital and the City of Detroit had

committed acts of fraud to cover-up the head injury plaintiff received by the Detroit



Police. Plaintiff does not allege sufficient facts to make out any legally cognizable action over which this court might have jurisdiction. The court, therefore, finds that plaintiff's claims are frivolous because they lack an arguable basis in law or fact. It is hereby ORDERED that plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Previous lawsuits have been brought by plaintiff against Michigan Rehabilitation Services, the United States Government, the City of Detroit, Detroit Receiving Hospital, the individual police officers, the Wayne County Probate Court, among others.[1] Each of the lawsuits relate to the same underlying incident. This court must protect its jurisdiction from vexatious litigants abusing the judicial process. See, In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). The Sixth Circuit has specifically approved a district court's power to limit the filing of lawsuits by vexatious litigants. See, Filipas v. Lemans, 835 F.2d 1145 (6th Cir. 1987). The court upheld a district court's order requiring the plaintiffs to receive leave of complaint from the court prior to filing any further lawsuits. Id. at 1146.

To prevent Mr. Marshall from further abusing the legal process, Mr. Marshall is hereby PRECLUDED AND RESTRAINED from filing any new actions in the United States District Court for the Eastern District of Michigan without initially obtaining leave of this court. This required action is hereby DEEMED a condition precedent to the commencement of any further civil action by him.

To obtain leave, Mr. Marshall MUST initially comply with all of the following requirements:

　　1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with

---

[1]See, e.g., Case Nos. 88-72503 (J. Hackett); 99-76129 (J. Cohn); 00-60069 (J. Steeh); 00-71283 (J. Hood).

2

any proposed complaint;

2.  As an exhibit to that motion, he must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new issue which has never been raised by him in court;

3.  By means of a second exhibit, he must identify and list the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file;

4.  As a third exhibit, he must provide a copy of each such complaint and a certified record of its disposition.  He must serve a copy of this order on each defendant if and when leave to serve is granted.

5.  As a fourth exhibit, he must append this order.

Failure to comply with these terms may itself be grounds for denying any motion for leave to file a complaint.  Compliance with these terms does not, of itself, constitute grounds for granting leave to file a complaint.

Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken in forma pauperis.

So ordered.

GEORGE CARAM STEEH
United States District Judge

Dated: **2 1 NOV 2000**
Detroit, Michigan.

3

CLOSED,APPEAL,IFP

# U.S. District Court
## Eastern District of Michigan (Detroit)
## CIVIL DOCKET FOR CASE #: 2:00-cv-74576-GCS

Marshall v. Detroit City                      Date Filed: 11/21/2000
Assigned to: District Judge George Caram Steeh Date Terminated: 11/21/2000
Demand: $500,000,000                          Jury Demand: Plaintiff
Case in other court: U.S. Supreme Court, 06-10832   Nature of Suit: 440 Civil Rights: Other
             U.S. Court of Appeals - Sixth Circuit,   Jurisdiction: Federal Question
             11-01921
             U.S. Court of Appeals - Sixth Circuit,
             13-01755

**Plaintiff**

**Darrell L. Marshall**                represented by **Darrell L. Marshall**
                                                    20001 Schaefer Highway
                                                    Detroit, MI 48235
                                                    248-991-2728
                                                    PRO SE

V.

**Defendant**

**Detroit, City of**
*Detroit, City of*

**Defendant**

**Wayne, County of**                  represented by **Azzam E. Elder**
                                                    Wayne County Corporation Counsel
                                                    600 Randolph
                                                    Second Floor
                                                    Detroit, MI 48226-2831
                                                    313-224-5030
                                                    *TERMINATED: 02/09/2006*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Ellen E. Mason - INACTIVE**
                                                    Wayne County Corporation Counsel
                                                    600 Randolph
                                                    Second Floor
                                                    Detroit, MI 48226-2831
                                                    313-224-5030
                                                    *TERMINATED: 02/09/2006*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**James M. Surowiec**
Wayne County Corporation Counsel
500 Griswold
11th Floor
Detroit, MI 48226
313-224-6682
Email: jsurowiec@co.wayne.mi.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron C. Thomas**
Wayne County Corporation Counsel
500 Griswold
11th Floor
Detroit, MI 48226
313-224-0552
Email: athomas@co.wayne.mi.us
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/13/2000 | 1 | APPLICATION by plaintiff Darrell L. Marshall to waive prepayment of the filing fee (pd) (Entered: 11/21/2000) |
| 10/25/2000 | 2 | ORDER reassigning case from Judge Nancy G. Edmunds to Judge George C. Steeh - Reason: companion case to 88-72503 (ew) (Entered: 11/21/2000) |
| 11/08/2000 | 3 | MOTION by plaintiff for recusal with proof of mailing (ew) (Entered: 11/21/2000) |
| 11/20/2000 | 8 | INTERLOCUTORY appeal by plaintiff Darrell L. Marshall of order dismissing case [6-1] to USCA - FEE: not paid (do) (Entered: 11/27/2000) |
| 11/21/2000 | 4 | MOTION by plaintiff for diversity of citizenship (ew) (Entered: 11/21/2000) |
| 11/21/2000 | 5 | COMPLAINT (ew) (Entered: 11/21/2000) |
| 11/21/2000 | 6 | ORDER by Judge George C. Steeh granting application to waive prepayment of the filing fee by Darrell L. Marshall [1-1], dismissing case and enjoining plaintiff from filing further lawsuits without leave of court [EOD Date 11/21/00] (ew) (Entered: 11/21/2000) |
| 11/22/2000 | 7 | ORDER by Judge George C. Steeh denying motion for recusal by Darrell L. Marshall [3-1] with proof of mailing [EOD Date 11/27/00] (dh) (Entered: 11/27/2000) |
| 11/27/2000 | 9 | PROOF of mailing of notice of appeal to USCA and Darrell Marshall (do) (Entered: 11/27/2000) |
| 11/27/2000 | 10 | CERTIFIED copy of appeal by Darrell L. Marshall [8-1] and docket transmitted to USCA (do) (Entered: 11/27/2000) |

| 11/27/2000 | 11 | MEMORANDUM by plaintiff Darrell L. Marshall in support of appeal [8-1] (dh) (Entered: 11/28/2000) |
|------------|----|-----|
| 11/27/2000 | 12 | MEMORANDUM by plaintiff Darrell L. Marshall in support of motion for recusal [3-1] (dh) (Entered: 11/28/2000) |
| 11/30/2000 | 13 | ORDER by Judge George C. Steeh denying memorandum in support by Darrell L. Marshall [12-1] (court construed this memorandum as a motion for reconsideration) with proof of mailing[EOD Date 12/1/00] (dh) (Entered: 12/01/2000) |
| 12/15/2000 | 14 | ACKNOWLEDGEMENT from USCA of receipt of appeal notice of appeal & docket [10-1] - appeal case # 00-2442 (ew) (Entered: 12/20/2000) |
| 02/15/2001 | 15 | NON-CERTIFIED copy of order from USCA dismissing case #00-2442 [0-0] (dh) (Entered: 02/16/2001) |
| 03/07/2001 | 16 | MANDATE from USCA dismissing interlocutory appeal by Darrell L. Marshall [8-1] - appeal case # 00-2442 (lh) (Entered: 03/08/2001) |
| 08/01/2001 | 17 | MOTION by plaintiff Darrell L. Marshall to reinstate case based on newly discovered evidence with attachments (DT) (Entered: 08/01/2001) |
| 09/13/2001 | 18 | ORDER by Judge George C. Steeh denying motion to reinstate case based on newly discovered evidence by Darrell L. Marshall [17-1] [EOD Date 9/17/01], with proof of mailing. (PP) (Entered: 09/17/2001) |
| 09/17/2001 | 19 | APPEAL by plaintiff Darrell L. Marshall of order [18-1] to USCA - FEE: not paid (do) (Entered: 09/20/2001) |
| 09/20/2001 | 20 | PROOF of mailing of notice of appeal to USCA and Darrell Marshall (do) (Entered: 09/20/2001) |
| 09/20/2001 | 21 | CERTIFIED copy of appeal notice by Darrell L. Marshall [19-1] and docket transmitted to USCA (do) (Entered: 09/20/2001) |
| 09/28/2001 | 22 | RECORD of appeal notice by Darrell L. Marshall [19-1] consisting of: 1 volume(s) of pleadings 0 transcript(s) 0 deposition(s) transmitted to USCA (RH) (Entered: 09/28/2001) |
| 10/01/2001 | 23 | APPLICATION by plaintiff Darrell L. Marshall to appeal in forma pauperis with affidavit in support (do) (Entered: 10/02/2001) |
| 10/04/2001 | 24 | ACKNOWLEDGMENT from USCA of receipt of appeal notice by Darrell L. Marshall [19-1] - appeal case # 01-2289 (lh) (Entered: 10/05/2001) |
| 10/09/2001 | 26 | ORDER by Judge George C. Steeh, to waive prepayment of appeal filing fee [EOD Date 10/18/01] (RH) (Entered: 10/18/2001) |
| 10/11/2001 | 25 | ACKNOWLEDGMENT from USCA of receipt of appeal record [22-1] - appeal case # 01-2289 (DT) (Entered: 10/15/2001) |
| 05/29/2002 | 27 | NON-CERTIFIED copy of order from USCA affirming the decision of the District Court - appeal case # 01-2289 (PP) (Entered: 05/30/2002) |
| 10/16/2002 | 28 | MANDATE from USCA affirming the decision of the District Court - appeal |

| | | case # 01-2289 (ew) (Entered: 10/16/2002) |
|---|---|---|
| 10/21/2002 | 29 | RECORD of appeal record [22-1] returned from USCA - appeal case # 01-2289 (dh) (Entered: 10/22/2002) |
| 06/09/2003 | 30 | MOTION by Darrell L. Marshall to reinstate case with proof of service (kb) (Entered: 06/11/2003) |
| 06/19/2003 | 31 | ORDER by Judge George C. Steeh denying motion to reinstate case by Darrell L. Marshall [30-1] [EOD Date 6/20/03], with proof of service. (PP) (Entered: 06/20/2003) |
| 12/15/2003 | 32 | MOTION by plaintiff for leave to file new civil rights complaint and for injunctive relief with exhibits A-G, and proof of service. (PP) (Entered: 12/15/2003) |
| 01/15/2004 | 33 | ORDER denying 32 Motion for Leave to File new complaint and for injunctive relief. Signed by Judge George Caram Steeh. (DHame, ) (Entered: 01/29/2004) |
| 01/28/2004 | 34 | MOTION for Recusal by Darrell L. Marshall. (DHame, ) (Entered: 02/06/2004) |
| 02/02/2004 | 35 | ORDER denying 34 Motion for Recusal. . Signed by Judge George Caram Steeh. (DHame, ) (Entered: 02/07/2004) |
| 02/13/2004 | 36 | ANSWER to 32 Motion for Leave to File filed by Wayne County. (Attachments: # 1 Exhibit A-B)(DHame, ) (Entered: 02/25/2004) |
| 03/11/2004 | 37 | MOTION For Leave To File New Civil Rights Complaint by Darrell L. Marshall with Exhibits A - D. (JBro, ) (Entered: 03/23/2004) |
| 04/02/2004 | 38 | MOTION for Medical Examination by Darrell L. Marshall. (KGeha, ) (Entered: 04/19/2004) |
| 04/16/2004 | 39 | ORDER denying 37 Motion leave to file new complaint, denying 38 Motion for medical examination and denying petition for judical review. Signed by Judge George Caram Steeh. (CMul, ) (Entered: 04/22/2004) |
| 10/07/2004 | 40 | APPLICATION FOR APPOINTMENT OF COUNSEL by Darrell L. Marshall. (RHutc, ) (Entered: 10/12/2004) |
| 10/07/2004 | 41 | MOTION to Appoint Counsel by Darrell L. Marshall. (RHutc, ) (Entered: 10/12/2004) |
| 10/14/2004 | 42 | ORDER denying 41 Motion to Appoint Counsel - Signed by Honorable George Caram Steeh. (LHack, ) (Entered: 10/15/2004) |
| 08/02/2005 | 43 | MOTION for Recusal and Reinstate Instant Case by Darrell L. Marshall. (JJoh, ) (Entered: 08/03/2005) |
| 09/01/2005 | 44 | ORDER denying 43 Motion to reinstate, denying 43 Motion for Recusal. - Signed by Honorable George Caram Steeh. (MBea, ) (Entered: 09/01/2005) |
| 09/02/2005 | 45 | NOTICE OF INTERLOCUTORY APPEAL as to 44 Order by Darrell L. Marshall. Fee Status: No Fee Paid. (LBeh, ) (Entered: 09/09/2005) |
| 09/09/2005 | 46 | Certificate of Service re 45 Notice of Interlocutory Appeal. (LBeh, ) (Entered: |

| | | |
|---|---|---|
| | | 09/09/2005) |
| 09/13/2005 | 47 | Mail Returned as Undeliverable. Mail sent to Darrell L. Marshal re 44 Order on Motion for Reinstate and Order on Motion for Recusal (LHack, ) (Entered: 09/15/2005) |
| 10/11/2005 | 48 | MOTION for Process Service on City of Detroit by Darrell L. Marshall. (LHack, ) (Entered: 10/12/2005) |
| 10/11/2005 | 49 | EMERGENCY MOTION to Supplement the Record by Darrell L. Marshall. (Attachments: # 1 Document Continuation)(LHack, ) (Entered: 10/12/2005) |
| 11/02/2005 | 50 | ORDER denying 48 Motion for process service on the City of Detroit; denying 49 Motion to supplement the record.- Signed by Honorable George Caram Steeh. (MBea, ) (Entered: 11/02/2005) |
| 12/27/2005 | 51 | MOTION for mental and physical examinations purusant to FRCP Rule 35 (A) by Darrell L. Marshall. (DPer, ) (Entered: 12/28/2005) |
| 01/03/2006 | 52 | ORDER denying 51 Motion for mental and physical examinations- Signed by Honorable George Caram Steeh. (MBea, ) (Entered: 01/03/2006) |
| 01/20/2006 | 53 | (STRICKEN 1/24/06) ADDENDUM to 49 MOTION to Supplement the Record by Darrell L. Marshall.(JJoh, ) Modified on 1/24/2006 (LHack, ). (Entered: 01/23/2006) |
| 01/24/2006 | 54 | ORDER to Strike 53 Addendum filed by Darrell L. Marshall,. Signed by Honorable George Caram Steeh. (LHack, ) (Entered: 01/24/2006) |
| 02/09/2006 | 55 | ATTORNEY SUBSTITUTION for Wayne County: James M. Surowiec added. Attorney Azzam E. Elder and Ellen E. Mason terminated. *Certificate of Service.* (Surowiec, James) (Entered: 02/09/2006) |
| 02/27/2006 | 56 | ATTORNEY APPEARANCE: James M. Surowiec appearing on behalf of Wayne County.(Surowiec, James) (Entered: 02/27/2006) |
| 06/05/2006 | 57 | (NOT CERTIFIED) ORDER from USCA re 45 Notice of interlocutory appeal filed by Darrell L. Marshall; defendant's motions are denied and District Court's order affirmed. [Appeal Case Number 05-2232] (DPer, ) (Entered: 06/05/2006) |
| 09/21/2006 | 58 | MANDATE of USCA as to 45 Notice of Interlocutory Appeal filed by Darrell L. Marshall, [Appeal Case Number 05-2232] (KGeha, ) (Entered: 09/21/2006) |
| 03/29/2007 | 59 | ORDER from USCA [Appeal Case Number 07-1173] (DEld) (Entered: 03/30/2007) |
| 05/03/2007 | 60 | LETTER from US Supreme Court - The Petition for Writ of Certiorari was filed on 4/17/07 and placed on the docket 4/25/07 as 06-10832 [Appeal Case Number 06-10832] (AGre) (Entered: 05/09/2007) |
| 07/13/2007 | 61 | LETTER from Supreme Court of United States - Denying Petition for Writ of Mandamus [Appeal Case Number 07-1173] [Supreme Court Case Number 06-10832 (JCre) (Entered: 07/16/2007) |
| 09/13/2007 | 62 | ORDER from U.S. Supreme Court re 45 Notice of Interlocutory Appeal filed |

| | | |
|---|---|---|
| | | by Darrell L. Marshall [Appeal Case Number 06-10832] (PPau) (Entered: 09/14/2007) |
| 03/19/2008 | 63 | MOTION to Vacate Judgment by Darrell L. Marshall. (RHut) (Entered: 03/20/2008) |
| 03/24/2008 | 64 | ORDER denying 63 Motion to Vacate Judgment. Signed by Honorable George Caram Steeh. (MBea) (Entered: 03/24/2008) |
| 04/01/2008 | 65 | MOTION for Reconsideration re 63 MOTION to Vacate by Darrell L. Marshall. (KGeh) (Entered: 04/07/2008) |
| 04/08/2008 | 66 | ORDER denying 65 Motion for Reconsideration. Signed by District Judge George Caram Steeh. (MBea) (Entered: 04/08/2008) |
| 06/14/2011 | 67 | MOTION to Vacate Judgment by Darrell L. Marshall. (KCas) (Entered: 06/14/2011) |
| 06/21/2011 | 68 | NOTICE of Change of Address/Contact Information by Darrell L. Marshall. (KCas) (Entered: 06/22/2011) |
| 07/06/2011 | 69 | MOTION to Expedite Ruling on Motion to Vacate Judgment by Darrell L. Marshall. (KCas) (Entered: 07/07/2011) |
| 07/18/2011 | 70 | ORDER denying 67 MOTION to Vacate Judgment filed by Darrell L. Marshall. Motions terminated: 67 69 . Signed by District Judge George Caram Steeh (MBea) (Entered: 07/18/2011) |
| 07/21/2011 | 71 | NOTICE OF APPEAL by Darrell L. Marshall re 70 Order, Terminate Motions. Fee Status: No Fee Paid. (KCas) (Entered: 07/22/2011) |
| 07/22/2011 | 72 | Certificate of Service re 71 Notice of Appeal. (KCas) (Entered: 07/22/2011) |
| 08/03/2011 | 73 | NOTICE of Appearance by Aaron C. Thomas on behalf of Wayne, County of. (Thomas, Aaron) (Entered: 08/03/2011) |
| 07/24/2012 | 74 | ORDER from U.S. Court of Appeals - Sixth Circuit re 71 Notice of Appeal filed by Darrell L. Marshall - Disposition: proceed ifp [4440656-2] filed by Darrell L. Marshall. Marshall is advised that this appeal will be dismissed for lack of prosecution, if the required filing fees of four hundred and fifty-five dollars ($455.00) are not paid to the Clerk of the United States District Court for the Eastern District of Michigan within thirty days of the filing date of this order. [Appeal Case Number 11-1921] (KKra) (Entered: 07/25/2012) |
| 08/24/2012 | 75 | ORDER from U.S. Court of Appeals - Sixth Circuit re 71 Notice of Appeal filed by Darrell L. Marshall - Disposition: Case is dismissed for want of prosecution [Appeal Case Number 11-1921] (KKra) (Entered: 08/24/2012) |
| 03/29/2013 | 76 | MOTION to Reinstate Civil Rights Complaint by Darrell L. Marshall. (KKra) (Entered: 04/01/2013) |
| 03/29/2013 | 77 | NOTICE of Change of Address/Contact Information by Darrell L. Marshall. (KKra) (Entered: 04/01/2013) |
| 04/15/2013 | 78 | MOTION to supplement re 76 MOTION to Reinstate Civil Rights Complaint |

| | | |
|---|---|---|
| | | and removal of related cases from State Court by Darrell L. Marshall. (DWor) (Entered: 04/15/2013) |
| 05/23/2013 | 79 | ORDER denying plaintiff's Motions to reinstate case 76 78 Signed by District Judge George Caram Steeh. (MBea) (Entered: 05/23/2013) |
| 05/23/2013 | 80 | ORDER denying plaintiff's motion for leave to file complaint. Signed by District Judge George Caram Steeh (MBea) (Entered: 05/23/2013) |
| 05/31/2013 | 81 | NOTICE OF APPEAL of an order that was entered on 5/23/13 by Darrell L. Marshall. Fee Status: No Fee Paid. (DWor) (Entered: 06/03/2013) |
| 06/03/2013 | 82 | Certificate of Service re 81 Notice of Appeal. (DWor) (Entered: 06/03/2013) |
| 06/12/2013 | 83 | APPLICATION [Entitled Motion] to Proceed without prepaying fees or costs on Appeal by Darrell L. Marshall. (DWor) (Entered: 06/12/2013) |
| 06/28/2013 | 84 | ORDER Denying 83 Application to Proceed to proceed on appeal in forma pauperis filed by Darrell L. Marshall Signed by District Judge George Caram Steeh. (MBea) (Entered: 06/28/2013) |
| 10/21/2013 | 85 | ORDER from U.S. Court of Appeals - Sixth Circuit re 81 Notice of Appeal filed by Darrell L. Marshall [Appeal Case Number 13-1755] (KKra) (Entered: 10/21/2013) |
| 11/27/2013 | 86 | ORDER from U.S. Court of Appeals - Sixth Circuit re 81 Notice of Appeal filed by Darrell L. Marshall [Appeal Case Number 13-1755] (KKra) (Entered: 11/27/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/15/2013 12:42:00 | | |
| **PACER Login:** | mc3037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:00-cv-74576-GCS |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Case No. 13-1755

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### ORDER

DARRELL L. MARSHALL

      Plaintiff

v.

CITY OF DETROIT; COUNTY OF WAYNE

      Defendants - Appellees


    Appellant having previously been advised that failure to satisfy certain specified

obligations would result in dismissal of the case for want of prosecution and it appearing that the

appellant has failed to satisfy the following obligation(s):

      The proper fee was not paid by November 22, 2013.

    It is therefore **ORDERED** that this cause be, and it hereby is, dismissed for want of

prosecution.

                      **ENTERED PURSUANT TO RULE 45(a),**
                      **RULES OF THE SIXTH CIRCUIT**
                      Deborah S. Hunt, Clerk

Issued:  November 27, 2013

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|                    | 100 EAST FIFTH STREET, ROOM 540    |                        |
| Deborah S. Hunt    | POTTER STEWART U.S. COURTHOUSE     | Tel. (513) 564-7000    |
| Clerk              | CINCINNATI, OHIO 45202-3988        | www.ca6.uscourts.gov   |

Filed: November 27, 2013

Darrell L. Marshall
20001 Schaefer Highway
Detroit, MI 48235

Re:   Case No. 13-1755, *Darrell Marshall v. City of Detroit, et al*
      Originating Case No. : 2:00-cv-74576

Dear Mr. Marshall,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc: Mr. James M. Surowiec
    Mr. Aaron C. Thomas
    Mr. David J. Weaver

Enclosure

No mandate to issue

RECEIVED

DEC 2 2013

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE   SIXTH CIRCUIT

CASE NO: 13-1755

DARRELL LAMAR MARSHALL,
                Plaintiff-Appellant,

VS.

CITY OF DETROIT and WAYNE COUNTY,
                Defendants-Appellees.

PETITION FOR REHEARING EN BANC

Now comes, petitioner Darrell L. Marshall and petition the
entire court for rehearing, based on the following facts.

1.      There are corruption, racial discrimination, and bias against
   individuals with disabilities in the United States District Court
   Eastern District of Michigan and the clerk's office of the Sixth
   Circuit Court of Appeals.

2.      The order of United States District Judge, George C. Steeh,
   the Sixth Circuit Court of Appeals, and the clerk's office of the
   Sixth Circuit Court of Appeals ruling the **Civil Rights Complaint**

(1)

frivolous with no legal basis is an act of corruption, racial dis-
crimination, and bias against individuals with disabilities based
on the fact that appellant have submitted a preponderance of mater-
ial facts that will prove, medical and legal fraud, conspiracy and
violation of United States Constitutional Rights.

3.    The State of Michigan and the Detroit Medical Center continue
to deny and delay medical diagnosis and treatment.

4.    On November 27, 2013 appellant filed a complaint with the
City of Detroit Police Department, Internal Affairs. Detroit Police
Officers are enticing a female friend to falsify sex charges again-
st appellant.

5.    IN THE MATTER OF:  CITY OF DETROIT, CHAPTER 13 BANKRUPTCY
CASE NO: 13-53846, U.S. BANKRUPTCY JUDGE, STEVEN RHODES, appellant
request revocation of stay of proceedings in this case, Darrell L.
Marshall VS. City of Detroit and Wayne County, District Court No:
00-CV-74576, Appeals Court No; 13-1755, based on the fact that,
State laws under the Emergency Manager Act violates the United States
CONSTITUTION FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR A
REDRESS OF GRIEVANCES , IN CIVIL RIGHTS CASES, and the City of Det-
roit has violated the automatic stay of proceedings by attempting to
frame appellant on sex crime charges.

(2)

6.    Appellant apologize to everyone that was affected by the crime appellant committed at the United States District Courthouse in Detroit Michigan on, December 27, 1989. Appellant committed the crime against the United States Government to try and get medical treatment.

7.    On April 24, 1984 appellant was brutally assaulted by Detroit Police and sustained a traumatic brain injury and post traumatic stress. Appellant was arrested taken to jail then transferred from jail to Detroit's Medical Center, Detroit Receiving Hospital. On April 24, 1984 Detroit Receiving Hospital was owned by the City of Detroit. The City of Detroit, Detroit Receiving Hospital, and the Wayne County Probate Court have conspired and concealed the fact that appellant have suffered a traumatic brain injury and post traumatic stress for at least, thirty years.

The City of Detroit, Detroit Receiving Hospital, Wayne County Probate Court, and the State of Michigan applied the fraudulent medical diagnosis, (Paranoid schizophrenic delusional type), with a personality disorder to cover-up the traumatic brain injury and post traumatic stress.

8.    Appellant have been in fear for my life and in fear of incarceration for the pass thirty years because of the unlawful acts committed against appellant by the defendants.

DARRELL LAMAR MARSHALL, PRO SE

(3)

### CERTIFICATE OF SERVICE

I, Darrell L. Marshall certify that, on November 30, 2013 I mailed by U.S. first class mail a copy of this petition to, Governor Rick Snyder at Michigan State Capital, Lansing Michigan 48909, City of Detroit Emergency Manager, Calvin Orr, City of Detroit Law Department 2 Woodward Ave. Detroit, Michigan 48226, Attorney Aaron C. Thomas, Wayne County Corporation Counsel, 500 Griswold 11th fl. Detroit, Michigan 48226.

DARRELL LAMAR MARSHALL, PRO SE
20001 SCHAEFER HWY.
DETROIT, MI. 48235
Ph. (313) 740-2416

Darrell L. Marshall
20001 Schaefer Hwy.
Detroit, MI, 48235



United States Court OF Appeals
For The Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio  45202-3988

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: December 02, 2013

Darrell L. Marshall
20001 Schaefer Highway
Detroit, MI 48235

Re:  Case No. 13-1755, *Darrell Marshall v. City of Detroit, et al*
Originating Case No. : 2:00-cv-74576

Dear Mr. Marshall,

The enclosed petition for rehearing en banc is being returned to you unfiled.

Neither the Federal Rules of Appellate Procedure nor the Rules of the Sixth Circuit make any provision for en banc review of an order dismissing a case for failure to pay the filing fee. Therefore, the petition is not accepted for filing.

Sincerely yours,

s/Beverly L. Harris
En Banc Coordinator
Direct Dial No. 513-564-7077

cc:  Mr. James M. Surowiec
Mr. Aaron C. Thomas

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL L. MARSHALL,

          Plaintiff,

vs.

                                  Case No. 00-CV-74576

CITY OF DETROIT, and
WAYNE COUNTY,
                                  HON. GEORGE CARAM STEEH

          Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTIONS TO REINSTATE CASE [DOC. 76 AND 78]

      Plaintiff, Darrell Marshall, brings the present motions to reinstate based on "fraud

upon the court" and his desire to remove two "related cases from state court."  Plaintiff's

lawsuit arose out of an incident which occurred in 1984, whereby plaintiff was allegedly

assaulted by City of Detroit police officers and hospitalized at Detroit Receiving Hospital.

While at the hospital, plaintiff was diagnosed as paranoid schizophrenic.  Plaintiff

accused defendants of using the diagnosis to cover-up head injuries he received in the

beating by Detroit police.  This court previously dismissed plaintiff's case as frivolous

and enjoined him from filing further lawsuits without leave of court.  (See, Order dated

November 21, 2000).  The Court subsequently denied a motion to reinstate plaintiff's

case based on newly discovered evidence.  This ruling was upheld by the Sixth Circuit

Court of Appeals two times, first in an Order dated May 29, 2002, and then in a second

Order dated June 2, 2006.  The Sixth Circuit Court of Appeals addressed plaintiff's case

a third time when it denied his petition for a writ of mandamus by which he sought an

-1-

order disqualifying this judge and reinstating his civil rights action.  (Order dated March 20, 2007).

Plaintiff now seeks reinstatement of this case, permission to file a new case, and removal of two state cases based on an alleged conspiracy to conceal medical and psychological injuries suffered by plaintiff at the hands of the City of Detroit, Detroit Police Officers, the State of Michigan, this court and numerous other entities.  While plaintiff acknowledges this court's previous order enjoining him from filing further lawsuits without leave of court, he does not comply with the requirements of that order. In addition, this court's order dated June 19, 2003, which was upheld by the Sixth Circuit, provides that any further motions for reinstatement of this civil action will be stricken as moot.  Now, therefore,

IT IS HEREBY ORDERED that plaintiff's motions for reinstatement, to file an independent action, and for removal are DENIED.

Dated:  May 23, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 23, 2013, by electronic and/or ordinary mail and also on Darrell L. Marshall, 20001 Schaefer Highway, Detroit, MI 48235.

s/Barbara Radke
Deputy Clerk

---

-2-

No.  13-1755

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DARRELL L. MARSHALL,                    )
                                        )
        Plaintiff-Appellant,            )
                                        )
v.                                      )        O R D E R
                                        )
CITY OF DETROIT; COUNTY OF WAYNE,       )
                                        )
        Defendants-Appellees.           )
                                        )

```
┌─────────────────────────────┐
│          FILED              │
│       Oct 21, 2013          │
│   DEBORAH S. HUNT, Clerk    │
└─────────────────────────────┘
```

        Darrell L. Marshall appeals pro se from a district court order that denied his motion to

reinstate a previously dismissed action that he had filed under 42 U.S.C. § 1983.  The district court

has denied him permission to proceed in forma pauperis on appeal.  Marshall now moves the court

pursuant to Federal Rule of Appellate Procedure 24(a)(5) to grant him permission to proceed in

forma pauperis on appeal.

        We will grant the motion if we are persuaded that the appeal is being taken in good faith.

*See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

        Upon review, the motion for leave to proceed in forma pauperis is hereby denied because this

appeal would clearly be frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Marshall is

directed to pay the $455 appellate filing fee in full to the Clerk of the United States District Court

for the Eastern District of Michigan within thirty days of the filing date of this order, or else this

appeal will be dismissed for lack of prosecution.

                        ENTERED BY ORDER OF THE COURT

                        Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: October 21, 2013

Darrell L. Marshall
20001 Schaefer Highway
Detroit, MI 48235

Re:  Case No. 13-1755, *Darrell Marshall v. City of Detroit, et al*
Originating Case No. : 2:00-cv-74576

Dear Mr. Marshall,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Mr. James M. Surowiec
Mr. Aaron C. Thomas
Mr. David J. Weaver

Enclosure