UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes<br><br>**Expedited Consideration Requested** |

# MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF SHARON McPHAIL

Interested party David Sole seeks to call Sharon McPhail, a former member of the Detroit City Council, as a rebuttal witness at the hearing (the "Hearing") on the Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019, and (III) Granting Related Relief [Docket Nos. 17, 157] (the "Assumption Motion") and the Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting

Liens And Providing Superpriority Claim Status And (III) Modifying Automatic Stay [Docket No. 1520] (the "Post-Petition Financing Motion"). *See* Docket No. 2063.

As an initial matter, it is clear from Mr. Sole's amended witness list that Ms. McPhail would be called to testify only with respect to the Assumption Motion and not with respect to the Post-Petition Financing Motion. *See id.* ("Ms McPhail was a city employee involved in the hearings when the Pension Obligation Certificates and Interest Rate Swaps were adopted in 2005-2006 and can rebut testimony as to conduct of the counter-parties and ratings agencies in connection with pushing for their adoption.").

However, discovery on the Assumption Motion has long since closed. This Court's Order Regarding Debtor's Motion to Assume Lease or Executory Contract [Docket No. 684] provided that "[d]iscovery depositions of rebuttal witnesses shall be completed by September 19, 2013." Mr. Sole, without seeking leave of the Court, disclosed Ms. McPhail as a rebuttal witness with respect to the Assumption Motion December 12, 2013, almost three months after the deadline for rebuttal witness depositions. Mr. Sole's unexcused tardiness in disclosing Ms. McPhail is grounds for striking her from the witness list. *See, e.g., Whyte v. United States Postal Serv.*, 2012 U.S. Dist. LEXIS 59854, *2-4 (S.D. Fla. Apr. 30, 2012) (striking additional witnesses who were not disclosed timely under the court's

scheduling order). In *Whyte*, the court found that the plaintiff was prejudiced by the late disclosure of witnesses two months before the start of trial. Here, the City is even more clearly prejudiced by the late disclosure of Ms. McPhail *two business days* before the start of trial.

Nonetheless, in an attempt to mitigate that prejudice in the event that the Court were inclined to excuse Mr. Sole's dilatory tactics, the City on Friday, December 13, noticed Ms. McPhail's deposition for the following Monday – the only remaining day before the start of trial. [Docket No. 2104.]

On Sunday afternoon, December 15, 2013, counsel for the City received an email from counsel for Mr. Sole, stating that he would be unable to produce Ms. McPhail for her deposition. *See* Ex. 6(a), J. Goldberg Email.[1] The City is thus doubly prejudiced: Not only was Ms. McPhail disclosed almost three months late, but the City is unable to depose her prior to trial. Under the circumstances, the Court should preclude Ms. McPhail from testifying.

## **CONCURRENCE**

Counsel for the City sought the concurrence of counsel for Mr. Sole in the relief sought in this motion, but such concurrence was not obtained.

---

[1] At 7:25 p.m. on Sunday Evening, counsel for Mr. Sole provided the City with an unsworn statement from Ms. McPhail. See Ex. 6(b), Email Attaching Statement. Ms. McPhail's unsworn statement confirms that Ms. McPhail's proposed testimony relates solely to the Assumption Motion.

# CONCLUSION

For the reasons stated herein, the City respectfully requests that the Court enter an order, in the form attached hereto as <u>Exhibit 1</u>, excluding Ms. McPhail from testifying at the Hearing.

Dated: December 16, 2013

Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Fax: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

- and -

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

**ATTORNEYS FOR THE CITY OF DETROIT**