UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------------------------------------------x
                                           :

In re:                                  :      Chapter 9

CITY OF DETROIT, MICHIGAN,     :      Case No. 13-53846

                   Debtor.           :      Hon. Steven W. Rhodes

----------------------------------------------------x

## NOTICE OF AFFIDAVIT OF MARY L. HALE

**PLEASE TAKE NOTICE** that:

1. At the hearing on Friday, December 13, 2013, the Court requested that counsel for the City of Detroit, Michigan (the "City") provide an affidavit describing the process and standards used during the City's review and production of documents with respect to the City's Post-Petition Financing Motion [Dkt. 1520], specifically with respect to documents designated as protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. In addition, the Court requested that the City's affiant be able to represent that she possesses a good faith belief that any documents withheld from production as a result of this process were protected by a proper claim of privilege.

2. Mary L. Hale, Of Counsel at Jones Day, who oversaw the review and production of documents with respect to the Post-Petition Financing Motion has prepared the affidavit enclosed with this notice as <u>Exhibit 1</u> in response to the Court's request.

Dated: December 17, 2013                    Respectfully submitted,

    /s/ Heather Lennox

Heather Lennox (OH 0059649)
David G. Heiman (OH 0038271)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap
PEPPER HAMILTON LLP

3

4000 Town Center
Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

*Counsel for the City of Detroit*

## Certificate of Service

      I, Heather Lennox, hereby certify that the foregoing Notice of Affidavit of Mary L. Hale was filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter on this 17th day of December 2013.

                                       /s/ Heather Lennox
                                            Heather Lennox

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                                      :
                                                      :
In re:                                                :   Chapter 9
                                                      :
CITY OF DETROIT, MICHIGAN,                            :   Case No. 13-53846
                                                      :
              Debtor.                                 :   Hon. Steven W. Rhodes
                                                      :
                                                      :
------------------------------------------------------x

## AFFIDAVIT OF MARY L. HALE

I, Mary L. Hale, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am Of Counsel at Jones Day, which currently serves as counsel to the City of Detroit, Michigan (the "City"), with respect to the above-captioned bankruptcy. I was responsible for the production of documents with respect to the City's Motion to Approve Post-Petition Financing [Dkt. 1520]. This included the responsibility for ensuring that documents subject to any applicable privilege and/or work product protection were withheld from the production, and that relevant, non-privileged documents were produced.

2. The review of documents, including the privilege review, was completed with the assistance of six Jones Day attorneys, one of whom, Patrick Hubbard, specializes in privilege review and the production of privilege logs and is very familiar with the current law on privilege. Time exigencies and cost considerations also required the use of contract attorneys to assist with the review. The Jones Day attorneys were physically located in the same room with, and supervised the review of documents by, approximately 24 contract attorneys. The physical proximity of the contract attorneys with the Jones Day attorneys allowed for questions, including those related to privilege, to be readily raised and addressed.

3. The contract attorneys were initially provided with a collection of written materials for review reflecting factual information related to the case, including the names and affiliations of various relevant attorneys, as well as legal issues, including legal standards related to privilege issues. The contract attorneys were given time to review those materials, and were then trained by myself and Mr. Hubbard, regarding the relevant procedures and standards for document review.

4. The first review of documents was focused on culling the responsive documents from the non-responsive, as well as identifying those documents that were potentially privileged. Those documents identified as potentially privileged were then aggregated and reviewed a second time (the "privilege review"). The

purpose of the second-level privilege review was to confirm that any document initially thought to be privileged was, in fact, privileged, and to collect the necessary information to produce a privilege log, if needed.

5. Before the second-level privilege review began, contract attorneys were chosen based on overall experience with document reviews as well as specific experience with privilege reviews, and trained on the standards and the procedures for identifying and testing claims of privilege over responsive documents in this matter. This additional level of training was done by Mr. Hubbard.

6. All of the Jones Day attorneys also participated in the second-level privilege review, as well as engaged in quality control reviews, including reviews of documents whose designation changed during the privilege review, or which reflected missing or conflicting information.

7. I have reviewed the information regarding privilege with respect to the documents the City has withheld from the production on the basis of privilege. Based on that review and my knowledge of the processes we used to identify privileged documents, it is my good faith belief that all the documents withheld are subject to a proper claim of an applicable privilege and/or work product protection.

Pursuant 28 U.S.C. § 1746, I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 16, 2013         By:   /s/ Mary Hale
                                        Mary Hale