UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes  

Debtor
_____/

# MOTION FOR RECONSIDERATION FOR A FORMAL HEARING UNDER YOUR OATH OF OFFICE PURSUANT TO 28 USC 453 TO STAY ON ORDER FOR RELIF UNDER CHAPTER 9 OF THE BANKRUPTCY CODE

Now comes the creditors and persons of interest in propria persona Carl Williams and Hassan Aleem.

We move this court for a Motion for Reconsideration for a legitimate/formal hearing under your oath of office, pursuant to 28 USC 453 on the Order for Reliefs under Chapter 9 of the Bankruptcy Code submit to Judge Steven W. Rhodes.

We are resident of the city of Detroit and taxpayers and citizens in the State of Michigan and of the United States.

1

The Bankruptcy court hearing for eligibility on September 19, 2013 of the Judge Steven W. Rhodes stated we could file additional information and it was also reported in the Detroit Free press, therefore, we submit this reconsideration to the Kevyn Orr, Emergency Manager/city application responses amendments and stipulations on the Bankruptcy proceeding, until the court rules on creditors and all person of interest objections to dockets 565 and 1428:

The creditors and parties of interest as objectors in this action the moving parties respond to the city in this case and show the following:

1) Judge Steven W. Rhodes stated in the newspapers (Free press) August 28, 2013, that he would hear objections to Detroit eligibility for Bankruptcy on September 18 and 19 2013. A month earlier than plan.

Brian O'Keefe of Lippitt O'Keefs in Birmingham that represent the Detroit Retired City Employee Association and Retired Detroit Police & Fire Fighters Association said that this puts creditors at a disadvantage.

This article didn't mention the word "presentation" that the judge stated in his order and opinion, which is not a hearing and is not binding and have no legal affect.

The judge has used a deceptive order and opinion to conceal the fact that he has denied the creditors due process of law and has perpetrated fraudulent

2

concealment MCL 600.5855 on the people by stating they made a presentation instead of testimony to an informal hearing.

The judge has misconstrued the facts to justify this misleading and fraudulent opinion to justify his decision on the Bankruptcy. Judge Steven W Rhodes has orchestrated this fraud from the beginning.

2) Judge Steven W Rhodes deceived the people by concealing the fact that the city never legally approved or consented to bankruptcy. He ignore or just disregarded the facts in this Bankruptcy Proceeding for example; The city council never had a vote to filing for bankruptcy and the Mayor never approve or even legally address Bankruptcy. Therefore, (1) the city of Detroit never legally approved, agreed or consented to Kevyn Orr filing for bankruptcy and Kevyn Orr have deceived the people to justify this fraudulent concealment to contravened that states: 11 U.S.C. 903(1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition (2) a judgment entered under such a law may not bind a creditor that does not consent to such composition. U.S.C. 903, thus continue to conceal evidence from the people has failed to meet <u>the requirement of title 11 U.S.C. 903 (c)</u> and <u>there is no binding agreement or contract</u> added to previous cited objections and/or a correction and <u>should be</u>

3

dismissed.

3) We must emphasis that Kevyn Orr and Judge Steven W Rhodes concealed the fact that Kevyn Orr didn't filed the Bankruptcy in "Good Faith:" When the State through the Emergency Manager Kevyn Orr showed material prejudice" and "unclean hand" when the state concealed the fact and withheld and refused to pay $224,000.000.00 for January 2012 and $139,000.000.00 still owed for January 2013 plus interest of unrestricted revenue sharing funds. thus a violation of the Michigan State Revenue Sharing Act 140 of 1971.

a) The State through Emergency Manager Kevyn Orr has a peculiar way of bargaining in good faith when they deliberately refused to pay the unrestricted revenue sharing money they owed to the city of Detroit and other expenses owed by the state cited by the formal corporation council Krystal A. Crittendon reported that the state was in default to the city for the following debts such as:

> The State of Michigan Department of Natural Resources past due invoices for electrical service for $39,730 58
>
> The State of Michigan Department of Transportation for delinquent parking violations $1,225.00.
>
> The State of Michigan Department of Transportation for past due invoice past due totaling $1,395,377.10.
>
> The Michigan State Highway owes $267,946.76
>
> The state owes this money and the governor Rick Snyder has openly

4

stated he was not going to pay and then turned around and filed for Bankruptcy. What arrogance and disrespect.

The state action is contrary to and just the opposite of what bargaining in good faith means. Bankruptcy Court may dismiss a chapter 9 petition, after notice and hearing, if it concludes the debtor did not file a petition in good faith or if the person does not meet the requirements of chapter 9 11 U.S.C. Section 921 (c). This case should be dismissed. The court or the state has not shown or demonstrated how this is consider conducting business in Good faith?

4) The Bankruptcy Court have failed to enter an order designating who is to give and receive notice by mail and <u>identifying the newspaper in which the additional notice is to publish according to Fed. R. Bankr. P. 9007, 9008</u>, therefore, failed to meet the requirement of title 11 U.S.C. 921 (c) and should have been dismissed.

a) To clarify the record the Creditors Hassan Aleem, Carl Williams and others **<u>were not notified at all, not personally or publicly.</u>** In our Reconsieration of Objections to ineligibility falsely alleging we were untimely with out being notice or notified to chapter 9 Bankruptcy we stated: "most creditors and anyone of interest <u>never received a notice that</u> violated. 11 U.S.C. 923 of the Bankruptcy code. The Bankruptcy rule provides that the clerk, or such other

5

person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the Bankruptcy code. This simply was not done and we say do not meet the requirements of title 11 or chapter 9 bankruptcy procedures, which is a failure to comply with the bankruptcy rule and code that is grounds for dismissal and denial of due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United States. See page 3 of Reconsideration of objection to a order erroneously alleging, we made a untimely objection without even being notice of Chapter 9 Bankruptcy from Judge Steven W. Rhodes.

In the present context these principle require that a person have timely and adequate notice detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). Goldberg also states that the parties are entitle to an impartial decision maker. The maker Judge Steven W. Rhodes has not been impartial as a result of his decision to the creditors an other parties of

6

interest in this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for not being untimely, after the fact they were not being notice or notified. As a consequence of <u>the court failure to meet the requirements to the Bankruptcy code title 11 U.S.C. Section 923</u>, therefore, should have been dismissed as provided the bankruptcy code.

    a) The petition for bankruptcy is invalid because the party that signed it failed to receive legal authorization and lacks the proper authority. See Bankruptcy City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D. Pa 2011).

    In this case the court determined that this case should be dismissed and in our present circumstance it wasn't approved by the City Council and the Mayor didn't filed on the behalf of the city as required and no voluntary agreement, approval or consent and contravened 11 USC. 903 (1) & (2) and have no authority under chapter 9 and should be dismissed. In Harrisburg the chapter 9 law and third class city code to commence a bankruptcy case on the behalf of the city of Harrisburg and (2) the city of Harrisburg was not specifically authorized under state law to be a debtor under chapter 9 of the Bankruptcy code as required by 11 USC section 109 (c) (2).

    b) In this case the circumstances are the same both officials are not auth-

7

orized to file for Bankruptcy and Detroit have no legal state or city authorities to be a legal debtor and file for bankruptcy under these circumstances, therefore, the court lack jurisdiction over the person which is Kevyn Orr and the subject matter being Bankruptcy and violated 11 U.S.C. 109 (c). "Only a municipal may file for relief under chapter 9 for bankruptcy."

5) Judge Steven W. Rhodes do not have jurisdiction over the parties or the subject in accordance to Federal Rules of Civil Procedure 12 b (1) (2) and (h3) and the case should be dismissed.

> As pointed out in the note accompanying former Bankruptcy Rule
> 915 an objection that a debtor is neither entitled to the benefit of
> the Code nor amenable to an involuntary petition goes to jurisdiction to the subject matter and may be at any time consistent with
> Rule 12 (h) (3) F. R. Civ. Proc. See Selligson & King, jurisdiction
> and Venue in Bankruptcy, 36 Ref .1 36, 38-40 (1962). (Response
> to the City on the Bankruptcy proceeding on our objections Docket
> Nos 565, 1428, 1784, 88-89, 1806)

c)" Once jurisdiction is challenged, the court cannot proceed when its clearly appears that the courts lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US 505 F2d 1026 8th Cir (1974).There is no discretion to ignore that lack of jurisdiction. "Joyce US 4747 F2d 215 3rd Cir (1973). The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert 469 F2d 416 2nd Cir (2008). The court

8

must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Lantana v. Hopper, 102 F2d 188; Chicago v. New York F supp 150 (1974).

The Order on the bankruptcy should be dismissed because the Kevyn Orr failed to get approval from the city therefore, the court lack's jurisdiction over the person and lack's jurisdiction over the subject matter bankruptcy. The Jurisdiction is invalid and unconstitutional because the person lacked standing and authority and have not established original Jurisdiction with the court.

6) The court through Judge Steven W. Rhodes has set up the creditors to fail and has conspired by his action with the city by giving creditors and other people of interest an informal hearing without sworn testimony. The creditor's creditability verses a formal hearing without sworn testimony place them at disadvantage and their testimony is consider nothing more than hearsay. In Goldberg v Kelly, 397 U.S. 254; 90 S Ct. 1011, 25 L. Ed. 2d 287 (1970) citing Armstrong v Manzo, 380 U.S. 545,552 (1965) the court stated an "effective notice and hearing" and three (3) minutes was hardly sufficient or adequate and just a "show trial."

The court didn't explain to the creditors and the people of interest the difference and how it affects them, especially the informal hearing proceeding.

9

The Court has shown prejudice toward the creditors and they have been denied due process of the law and equal protection of the law, thus violation of the 14th Amendment of the Constitution of the United States.

7) The court in it's order for Relief under chapter 9 continue misconstrue the facts to justify this fraudulent order of facts. The order stated that there were a review teams under Public Act 72 of 1900 and public act 436. This was completely false and there were no review team under Public Act 436.

Wherefore and the above fact and law we pray and demand that this honorable court reconsider the whole record and the violations that has occurred and reject the filing of the bankruptcy and dismiss this Bankruptcy Action.

Sincerely Submitted,

_____
Carl Williams

10112 Somerset

Detroit Michigan 48224

_____
Hassan Aleem

2440 Taylor

Detroit, Michigan 48206

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CASE NO: 13-53846
CHAPTER: 9
JUDGE: Steven W. Rhodes

Debtor.
_____/

ORDER GRANTING MOTION TO/FOR Reconsideration for a formal Hearing under your oath of office Pursuant to 28 USC 453 to Stay on Order for Relief under Chapter 9 of the Bankruptcy Code

This matter having come before the Court on Debtor's motion to/for Reconsideration for a formal hearing pursuant to 28 USC 453 the Court having considered the motion, and having found cause:

**IT IS ORDERED** that the motion is granted.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

Debtor

_____/

**AFFIDAVIT IN SUPPORT OF MOTION FOR RECONSIDERATION AND A FORMAL HEARING, UNDER YOUR OATH OF OFFICE PURSUANT TO 28 USC 453 TO STAY ON THE ORDER FOR RELIEF UNDER CHAPTER 9 BANKRUPTCY DOCKET NOS. 565 & 1428**

STATE OF MICHIGAN)  
                            )SS  
COUNTY OF WAYNE )

We  Carl Williams            Hassan Aleem

Being first duly sworn deposes and says:

That we make this affidavit of personal knowledge: That we are creditors and interest party in this bankruptcy action and resident of Detroit, Taxpayers of the State of Michigan and Citizen of the United States.

1

We show to the best of our knowledge and belief that the state through the Emergency Manager Kevyn Orr did not negotiate and conduct business with the city in good faith. That the state through Kevyn Orr and the order of Judge Steven W Rhodes has misconstrued and disregarded the true facts. The state through Kevyn Orr and the order for Relief under chapter 9 of Bankruptcy code has failed to comply and does not meet the requirements of title 11 of the Bankruptcy code and rules that has brought about a different result in the case against the creditors.

That the law and facts herein this affidavit is in support of the motion for Reconsideration on the Bankruptcy.

We have read and understand the facts to be true.

That we the affiant, if sworn as a witness, can testify competently to the facts stated in the Reconsideration of the objections is true and correct to the best of our knowledge and belief.

Signed _Carl Williams_     _Jasean Aleen_

Subscribed and sworn to before me,

This 16th day of _December_, 2013

_Gloria Ann Surles_
Notary

GLORIA ANN SURLES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 15, 2017
ACTING IN COUNTY OF WAYNE

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

Debtor
_____/

## PROOF OF SERVICE

_____Curl Williams_____, being first duly sworn deposes and Say that on November __17__ 2013. I sent a copy of Motion for Reconsideration for a formal hearing under your office pursuant to 28 USC 453 to Stay on the order for relief under chapter 9 of the bankruptcy code and procedures of objections of docket Nos. 565 & 1428 has been addressed. Upon the concern parties by certified mail at the following address:

City of Detroit  
Corporation Council  
First National Building  
600 Woodward Ave  
Detroit, Michigan 48226



13-53846-tjt    Doc 2193    Filed 12/17/13    Entered 12/17/13 13:38:49    Page 14 of 15

Emergency Manager
Kevyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floors
Detroit, Michigan 48226

Sign *Carl Williams*

Subscribed and sworn to before me, This 16th day
of ~~November~~ December 2013

*Gloria Ann Surles*
Notary
GLORIA ANN SURLES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 15 2017
ACTING IN COUNTY OF