

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes



## EX PARTE MOTION FOR LEAVE TO FILE OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES IN THE TRADITIONAL MANNER

NOW COMES the undersigned, and pursuant to the Electronic Filing and Procedures, seeks leave of this Court to file An Objection to Debtor's Motion for Entry of An Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (the "ADR Motion") in the traditional manner.

The Objection to the Debtor's ADR Motion cannot be submitted through the Case Management / Electronic Case Files (the "CM/ECF") system for the following reasons(s):

1. The undersigned attorney was admitted to practice in the Eastern District of Michigan on November 25, 2013.

2. Eastern District of Michigan Electronic Filing Policies and Procedures, states as follows:

1

(a) A filing user must be an attorney admitted and in good standing to practice in the Eastern District of Michigan, and attorney authorized to represent the United States Government, or a non-incarcerated *pro se* party granted access permission.

(1) Attorneys already admitted to practice who have a case pending before the Court must immediately comply with (b).

(2) Newly-admitted attorneys who have a case pending before the Court at the time of admission have up to two weeks to comply with (b). Newly-admitted attorneys do not need to comply with (b) until such time as the attorney has a case pending before the Court.

(b) Each filing must complete and submit the ECF Registration Form http://secure.mied.uscourts.gov/CMECF/AttorneyReg/. Effective September 19, 2005, filing users must complete mandatory ECF Training.

3. The undersigned attorney requested and completed the ECF registration process allowing a creditor attorney limited access login/password in the Eastern District of Michigan.

4. On December 10, 2013, the undersigned attorney was granted limited access to the ECF system and filed a Notice of Appearance and Request for Service of Papers; however, the limited access does not allow the undersigned attorney to file a response.

5. The undersigned attorney and his firm represent several prepetition clients, whose right may be severely affected by the Court's approval or denial of the Debtor's ADR Motion.

6. The undersigned attorney's Objection to the Debtor's ADR Motion reveals several flaws in the Debtor's Proposed Alternative Dispute Resolution Procedures. <u>In particular, the Debtor failed to address its status as a self-insured governmental unit for the purposes of Michigan's No-Fault Automobile Act.</u>

7. Michigan's No-Fault Law and Self-Insured Administrative Rules do not contemplate a Self-Insured Governmental Unit's insolvency and it is possible that no-fault claims against the Debtor are protect by the Michigan Property & Casualty Guaranty Association (the "<u>MP&CGA</u>") or can be assigned to the Michigan Assigned Claims Facility (the "<u>MACF</u>"). The Debtor should have negotiated with the MP&CGA, MACF, and no-fault claimants prior to submitting the ADR Motion.

3

13-53846-tjt    Doc 2209    Filed 12/16/13    Entered 12/18/13 12:10:05    Page 3 of 17

8. If the no-fault claims against the Debtor are subject to the MP&CGA or the MACF, then the Debtor will have more flexibility to liquidate prepetition claims and this Court will have more time to facilitate the reorganization.

9. Further, it is unclear from the Debtor's ADR Motion whether the Debtor can maintain a certificate of self-insurance for the purposes of Michigan's no-fault insurance during the reorganization.

For the foregoing reasons, the undersigned respectfully requests that this Court grant leave sought in this motion and allow the undersigned and his firm to present its objection during the hearing on Monday, December 16, 2013 at 9:00 a.m.

Respectfully submitted,

ROMANO LAW, P.L.L.C.

By: /s/ Trevor J. Zamborsky   12/11/2013
Trevor J. Zamborsky MI (P77244)
23880 Woodward Avenue
Pleasant Ridge, MI 48069
tzamborsky@romanolawpllc.com
Tel: (248) 750 – 0270
Fax: (248) 567 – 4827

DATED: December 10, 2013

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor,

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

## ORDER GRANTING *EX PARTE* MOTION FOR LEAVE TO FILE OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES IN THE TRADITIONAL MANNER

This matter having come before the Court on the motion (the "Motion") of the undersigned attorney for the entry of an order for leave to file Objection to Debtor's Motion For Entry of An Order Approving Alternative Dispute Resolution Procedures in the Traditional Manner, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The undersigned attorney shall have leave sought in the motion to file Objection, attached as Exhibit A, in the traditional manner and allow the undersigned attorney and his firm to present their objection during the hearing on Monday, December 16, 2013 at 10:00 a.m., before Honorable Steven Rhodes.

3. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Signed on: 12-16-2013

_____
Steven Rhodes
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| Exhibit | Description |
|---|---|
| A | Prepetition Claimant's Objection to Debtor's Motion For An Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims |

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor,

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

## PREPETITION CLAIMANT'S OBJECTION TO DEBTOR'S MOTION FOR AN ODER APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS

Eric Kimbrough, Leinathian Jelks, Brandon Brooks, Phyllis Tharpe, Rodney Heard, Clenette Harris, Gregory Brazell, Jennifer Harris-Barnes, Henry Hassan, Melvin Miller, Terry Hardison, Velma, Denson, Raymond Thompson, Lucy Flowers, Brandon Gilbert, Brady Johnson, Quentin King, Sharon Pettway, Taralyn Smith, Donna Weatherspoon, Tarita Wilburn, Joseph Wright, Laverne Covington, James Matson, Kevin McGillivary, Rhonda Craig, Orlando Marion, John Collins, Terry Hardison, Carolyn Harp, Jeffrey Peterson, Clementine Stephens, Ezekiel Davis, Michael McKay, David Both, Raymond Thompson, Jr., Doug Taylor, Shumithia Baker, Floyd Brunson, Jerry Ashley, Anthony Harmon, Shelton Bell, Jr., Jeremiah Duren, Otis Evans, Wendy Jefferson, Gary Musser, Mario Littlejohn, Angela Davis, Jeffrey Theriot, Bernard White, Eddie Moore, Robert Mcgowen, Curtis Morris, Hondra Porter, Kevin Mcdonald, Jay Woods, Taesean Parnell, Yvette

1

**EXHIBIT A**

Spencer, Viena Lowe, Landon Banks, Darchella Lattner, Micholas Martin, Marily Cloyd, Robert Hall, Victoria Wilson, Theresa Chalch, Angela Davis, Jamie Jackson, Donald Harris, Winter Owens, Samiya Speed, Teran Brown, Antonio Brooks, Jermaine Gleen, Ray Lizzamore, Daniel Latanzio, Woodrow Roberson, Kevin Ivie, Darnell Fields, Daniel Soto, Kevin McGillivary, and Bradley Schick (collectively "Prepetition Claimants"), by and through their undersigned counsel, hereby object to the Debtor's Motion for Entry of An Order Approving Alternative Dispute Resolution Procedures To Promote the Liquidation of Certain Prepetition Claims [Dkt # 1665] (the "ADR Motion"). In support of this objection, they respectfully state as follows:

## GENERAL BACKGROUND

1. On July 18, 2013 the City filed a voluntary petition for relief under chapter 9 of title 11 of the United States Bankruptcy Code [Dkt. # 113].

2. On July 25, 2013, this court entered both automatic and extended Stays of Proceedings [Dkt. # 166].

2. On October 8, 2013, the Court entered an Order [Dkt. # 1114] denying a tort claimant's request for relief from the automatic stay of sections 362 and 922 of the Bankruptcy Code, subject to the City's filing, on or before November 12, 2013, "a motion for approval of an efficient process for liquidating all of the tort claims or a motion for extension of time to file such a motion."

3. On November 12, 2013, the City of Detroit Michigan (the "City") filed the ADR Motion [Dkt. # 1665]. The ADR Motion seeks approval for a set of mandatory alternative dispute resolution procedures (the "ADR Procedures") for the liquidation of tort claims and other Designated Claims. The proposed ADR Procedures are comprise of up to three stages: (a) Offer and Exchange; (b) Case Evaluation; and (c) Binding Arbitration, if agreed to by the parties.

4. The ADR Motion identified certain Initial Designated Claims allegedly appropriate for liquidation through the ADR Procedures.

5. The Initial Designated Claims consists of any and all timely filed prepetition: (a) personal injury tort or wrongful death claims; (b) property damage claims; or (c) claims relating to the operation of motor vehicles for which the City is self-insured pursuant to Chapter 31 of Michigan's Insurance Code of 1956, M.C.L. §§ 500. 3101, *et seq*.

6. It appears from the ADR Motion that the City proposes to treat the above Prepetition Claimants' matters as Initial Designated Claims subject to the ADR Procedures.

## **OBJECTION**

7. The City has arbitrarily constructed a gauntlet that Prepetition Claimants personal must run before they enjoy the rights accorded them by the Bankruptcy Code, state law, and the United States Constitution. Such a process

3

**EXHIBIT A**
13-53846-tjt   Doc 2209   Filed 12/16/13   Entered 12/18/13 12:10:05   Page 10 of 17

undercuts and impedes their claim. The Court should not countenance such a scheme.

8. Specifically, the ADR Procedures fail to address several imperative issues:

## I. The Debtor's Proposed ADR Procedures Fail to Address The City's Position As a Self-Insured Government Entity For the Purposes of Michigan's No-Fault Act.

9. Michigan's No-Fault Automobile Act guarantees compensation for those injured in an automobile accident unless a limited exception applies. If there is no insurance available, a person injured in an automobile accident may apply to the Michigan Assigned Claims Facility. MCL 500.3172. If the no-fault insurer is insolvent, the insured's policy is backed by the Michigan Property and Casualty Guarantee Association. MCL 500.7925.

10. In Michigan every owner of a motor vehicle is required by law to purchase no-fault insurance in order to get a license plate. MCL 500.3101(1). It is against the law to drive without no-fault insurance. MCL 500.3101(1). The basic concept of the no-fault system is to provide drivers and passengers injured in auto accidents assured, adequate, and prompt compensation for their injuries.

11. The City is self-insured government entity for purposes of Michigan's No-Fault statute, MCL 500.3101d, and maintains its certificate of self-insurance with the State of Michigan.

4

**EXHIBIT A**

12. The State of Michigan issues a certificate of self-insurance ". . . if the commissioner is satisfied that the person has and will continue to have the ability to pay judgments obtained against the person." MCL 500.3101d.

13. A self-insured must maintain a loss reserve to pay claims which are anticipated during the certification year and which are submitted for payment during that year and to pay claims that have been incurred and submitted before the certification year, but have not yet been paid by the applicant or self-insured. Mich. Admin. Code r. 257.536(1).

14. Before the beginning of the certification year a self-insured must fully fund its lost reserve account. r. 257.536(2). The loss reserve account can only be used to pay claims that are incurred and submitted under the no-fault law. r. 257.536(3). The loss reserve account must be kept in a segregated account and must not be comingled with other funds of the self-insured. r. 257.536(5)

15. Self-insured governmental units do not have unfettered access to loss reserve accounts. Such access would violate the loss reserve provisions of the insurance code. r. 257.536(7).

16. The ADR Procedures fail to address the City's status as a self-insured governmental unit. In particular, the City's ADR Motion should have addressed the following:

>   a.  Whether the no-fault claims against the City are subject to the Michigan Property and Casualty Guarantee Association;

5

13-53846-tjt    Doc 2209    Filed 12/16/13    Entered 12/18/13 12:10:05    Page 12 of 17

b.  Whether the no-fault claims against the City can be assigned to the Michigan Assigned Claims Facility; and

c.  Whether the City can maintain its status as a self-insured governmental unit.

17. The City's proposed ADR Procedures should have addressed these issues and the City should have consulted with Prepetition Claimants to prepare a fair and proper proposal. The City, instead, avoided the drudgery of developing an original plan by appropriating processes used in previous bankruptcies[1]. A proper and carefully planned proposal would have considered the City's self-insured status.

## II. The City's ADR Procedures Fail to Address Prepetition Claims brought under 42 U.S.C. § 1983 and any other Prepetition Governmental Indemnification.

18. The City's ADR Procedures appear to designate prepetition claims filed under 42 U.S.C. § 1983 and other prepetition governmental indemnification as Initial Designated Claims. These prepetition claims should not be subject to the City's ADR Procedures.

19. Many Prepetition Claimants have filed claims against city officials that the City has agreed or is required to by state statute to indemnify. The City's bankruptcy should not prohibit Prepetition Claimants from pursuing their Section

---

[1] *In re The Great Atlantic & Pacific Tea, Company, Inc., et al.*

6

**EXHIBIT A**

1983 claims against individual city officials or other prepetition claims subject to governmental indemnification.

10. The City's liability in prepetition claims subject to governmental indemnification is derivative and not primary. Therefore, if any claim is subject to the proposed ADR Procedures, it would be the city official's claim for indemnification.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Prepetition Claimants respectfully request that this Court provide the following relief:

A. Determine that the proposed ADR Procedures fail to properly address claims relating to the operation of motor vehicles for which the City is self-insured.

B. Determine that the City's bankruptcy cannot prevent Prepetition Claimants from pursuing Section 1983 claims against city officials and other governmental indemnification claims.

C. Issue an Order:

    1. Denying the City's Motion for an order approving alternative dispute resolution procedures to promote the liquidation of certain prepetition claims;

    2. Appoint a Creditors Committee consisting of prepetition claimants the City proposes to identify as Initial Designated Claims to protect the rights and interest of this class of claimants;

    3. Set a hearing date for all prepetition claimants the City proposes to identify as Initial Designated Claims to come before this Court

7

and demonstration how the City's proposed ADR Procedures would violate the rights accorded them by the Bankruptcy Code, state law, and the United States Constitution and propose a proper plan for managing such claims.

Respectfully submitted,

ROMANO LAW, P.L.L.C.

By: /s/ Trevor J. Zamborsky    12/11/2013
Trevor J. Zamborsky MI (P77244)
23880 Woodward Avenue
Pleasant Ridge, MI 48069
tzamborsky@romanolawpllc.com
Tel:   (248) 750 – 0270
Fax:   (248) 567 – 4827

DATED: December 11, 2013

8

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor,

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

# NOTICE OF FILING OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES IN THE TRADITIONAL MANNER

Please take notice that the undersigned has filed an Objection to the Debtor's Motion for Entry of An Order Approving Alternative Dispute Resolution Procedures, attached as <u>Exhibit A</u>, in the traditional manner.

Leave of Court was previously granted on _____ by
[Date]
the above judicial officer.

Title of Paper: <u>Prepetition Claimant's Objection to Debtor's Motion For An Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims</u>

The Objection to the Debtor's Motion for Entry of An Order Approving Alternative Dispute Resolution Procedures was served in hard copy on the Court and

1

served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter.

/s/ Trevor J. Zamborsky   12/12/2013
Trevor J. Zamborsky MI (P77244)
Romano Law, P.L.L.C.
23880 Woodward Avenue
Pleasant Ridge, MI 48069
tzamborsky@romanolawpllc.com
Tel: (248) 750 – 0270
Fax: (248) 567 – 4827

DATED: December 10, 2013

2