UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

      Debtor,

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

## PREPETITION CLAIMANT'S OBJECTION TO DEBTOR'S MOTION FOR AN ODER APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS

Eric Kimbrough, Leinathian Jelks, Brandon Brooks, Phyllis Tharpe, Rodney Heard, Clenette Harris, Gregory Brazell, Jennifer Harris-Barnes, Henry Hassan, Melvin Miller, Terry Hardison, Velma, Denson, Raymond Thompson, Lucy Flowers, Brandon Gilbert, Brady Johnson, Quentin King, Sharon Pettway, Taralyn Smith, Donna Weatherspoon, Tarita Wilburn, Joseph Wright, Laverne Covington, James Matson, Kevin McGillivary, Rhonda Craig, Orlando Marion, John Collins, Terry Hardison, Carolyn Harp, Jeffrey Peterson, Clementine Stephens, Ezekiel Davis, Michael McKay, David Both, Raymond Thompson, Jr., Doug Taylor, Shumithia Baker, Floyd Brunson, Jerry Ashley, Anthony Harmon, Shelton Bell, Jr., Jeremiah Duren, Otis Evans, Wendy Jefferson, Gary Musser, Mario Littlejohn, Angela Davis, Jeffrey Theriot, Bernard White, Eddie Moore, Robert Mcgowen, Curtis Morris, Hondra Porter, Kevin Mcdonald, Jay Woods, Taesean Parnell, Yvette

1

Spencer, Viena Lowe, Landon Banks, Darchella Lattner, Micholas Martin, Marily Cloyd, Robert Hall, Victoria Wilson, Theresa Chalch, Angela Davis, Jamie Jackson, Donald Harris, Winter Owens, Samiya Speed, Teran Brown, Antonio Brooks, Jermaine Gleen, Ray Lizzamore, Daniel Latanzio, Woodrow Roberson, Kevin Ivie, Darnell Fields, Daniel Soto, Kevin McGillivary, and Bradley Schick (collectively "Prepetition Claimants"), by and through their undersigned counsel, hereby object to the Debtor's Motion for Entry of An Order Approving Alternative Dispute Resolution Procedures To Promote the Liquidation of Certain Prepetition Claims [Dkt # 1665] (the "ADR Motion"). In support of this objection, they respectfully state as follows:

## GENERAL BACKGROUND

1. On July 18, 2013 the City filed a voluntary petition for relief under chapter 9 of title 11 of the United States Bankruptcy Code [Dkt. # 113].

2. On July 25, 2013, this court entered both automatic and extended Stays of Proceedings [Dkt. # 166].

2. On October 8, 2013, the Court entered an Order [Dkt. # 1114] denying a tort claimant's request for relief from the automatic stay of sections 362 and 922 of the Bankruptcy Code, subject to the City's filing, on or before November 12, 2013, "a motion for approval of an efficient process for liquidating all of the tort claims or a motion for extension of time to file such a motion."

2

3. On November 12, 2013, the City of Detroit Michigan (the "City") filed the ADR Motion [Dkt. # 1665]. The ADR Motion seeks approval for a set of mandatory alternative dispute resolution procedures (the "ADR Procedures") for the liquidation of tort claims and other Designated Claims. The proposed ADR Procedures are comprise of up to three stages: (a) Offer and Exchange; (b) Case Evaluation; and (c) Binding Arbitration, if agreed to by the parties.

4. The ADR Motion identified certain Initial Designated Claims allegedly appropriate for liquidation through the ADR Procedures.

5. The Initial Designated Claims consists of any and all timely filed prepetition: (a) personal injury tort or wrongful death claims; (b) property damage claims; or (c) claims relating to the operation of motor vehicles for which the City is self-insured pursuant to Chapter 31 of Michigan's Insurance Code of 1956, M.C.L. §§ 500. 3101, *et seq*.

6. It appears from the ADR Motion that the City proposes to treat the above Prepetition Claimants' matters as Initial Designated Claims subject to the ADR Procedures.

## OBJECTION

7. The City has arbitrarily constructed a gauntlet that Prepetition Claimants personal must run before they enjoy the rights accorded them by the Bankruptcy Code, state law, and the United States Constitution. Such a process

3

13-53846-tjt    Doc 2211    Filed 12/16/13    Entered 12/18/13 12:18:51    Page 3 of 8

undercuts and impedes their claim. The Court should not countenance such a scheme.

8. Specifically, the ADR Procedures fail to address several imperative issues:

I. **The Debtor's Proposed ADR Procedures Fail to Address The City's Position As a Self-Insured Government Entity For the Purposes of Michigan's No-Fault Act.**

9. Michigan's No-Fault Automobile Act guarantees compensation for those injured in an automobile accident unless a limited exception applies. If there is no insurance available, a person injured in an automobile accident may apply to the Michigan Assigned Claims Facility. MCL 500.3172. If the no-fault insurer is insolvent, the insured's policy is backed by the Michigan Property and Casualty Guarantee Association. MCL 500.7925.

10. In Michigan every owner of a motor vehicle is required by law to purchase no-fault insurance in order to get a license plate. MCL 500.3101(1). It is against the law to drive without no-fault insurance. MCL 500.3101(1). The basic concept of the no-fault system is to provide drivers and passengers injured in auto accidents assured, adequate, and prompt compensation for their injuries.

11. The City is self-insured government entity for purposes of Michigan's No-Fault statute, MCL 500.3101d, and maintains its certificate of self-insurance with the State of Michigan.

4

12. The State of Michigan issues a certificate of self-insurance ". . . if the commissioner is satisfied that the person has and will continue to have the ability to pay judgments obtained against the person." MCL 500.3101d.

13. A self-insured must maintain a loss reserve to pay claims which are anticipated during the certification year and which are submitted for payment during that year and to pay claims that have been incurred and submitted before the certification year, but have not yet been paid by the applicant or self-insured. Mich. Admin. Code r. 257.536(1).

14. Before the beginning of the certification year a self-insured must fully fund its lost reserve account. r. 257.536(2). The loss reserve account can only be used to pay claims that are incurred and submitted under the no-fault law. r. 257.536(3). The loss reserve account must be kept in a segregated account and must not be comingled with other funds of the self-insured. r. 257.536(5)

15. Self-insured governmental units do not have unfettered access to loss reserve accounts. Such access would violate the loss reserve provisions of the insurance code. r. 257.536(7).

16. The ADR Procedures fail to address the City's status as a self-insured governmental unit. In particular, the City's ADR Motion should have addressed the following:

    a.    Whether the no-fault claims against the City are subject to the Michigan Property and Casualty Guarantee Association;

5

b.  Whether the no-fault claims against the City can be assigned to the Michigan Assigned Claims Facility; and

c.  Whether the City can maintain its status as a self-insured governmental unit.

17. The City's proposed ADR Procedures should have addressed these issues and the City should have consulted with Prepetition Claimants to prepare a fair and proper proposal. The City, instead, avoided the drudgery of developing an original plan by appropriating processes used in previous bankruptcies[1]. A proper and carefully planned proposal would have considered the City's self-insured status.

## II. The City's ADR Procedures Fail to Address Prepetition Claims brought under 42 U.S.C. § 1983 and any other Prepetition Governmental Indemnification.

18. The City's ADR Procedures appear to designate prepetition claims filed under 42 U.S.C. § 1983 and other prepetition governmental indemnification as Initial Designated Claims. These prepetition claims should not be subject to the City's ADR Procedures.

19. Many Prepetition Claimants have filed claims against city officials that the City has agreed or is required to by state statute to indemnify. The City's bankruptcy should not prohibit Prepetition Claimants from pursuing their Section

---

[1] *In re The Great Atlantic & Pacific Tea, Company, Inc., et al.*

6

1983 claims against individual city officials or other prepetition claims subject to governmental indemnification.

10. The City's liability in prepetition claims subject to governmental indemnification is derivative and not primary. Therefore, if any claim is subject to the proposed ADR Procedures, it would be the city official's claim for indemnification.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the Prepetition Claimants respectfully request that this Court provide the following relief:

A. Determine that the proposed ADR Procedures fail to properly address claims relating to the operation of motor vehicles for which the City is self-insured.

B. Determine that the City's bankruptcy cannot prevent Prepetition Claimants from pursuing Section 1983 claims against city officials and other governmental indemnification claims.

C. Issue an Order:

1. Denying the City's Motion for an order approving alternative dispute resolution procedures to promote the liquidation of certain prepetition claims;

2. Appoint a Creditors Committee consisting of prepetition claimants the City proposes to identify as Initial Designated Claims to protect the rights and interest of this class of claimants;

3. Set a hearing date for all prepetition claimants the City proposes to identify as Initial Designated Claims to come before this Court

and demonstration how the City's proposed ADR Procedures would violate the rights accorded them by the Bankruptcy Code, state law, and the United States Constitution and propose a proper plan for managing such claims.

>Respectfully submitted,
>
>ROMANO LAW, P.L.L.C.
>
>By: /s/ Trevor J. Zamborsky     12/2/2013
>Trevor J. Zamborsky MI (P77244)
>23880 Woodward Avenue
>Pleasant Ridge, MI 48069
>tzamborsky@romanolawpllc.com
>Tel:  (248) 750 – 0270
>Fax:  (248) 567 – 4827

DATED: December 11, 2013