UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

Order for Relief from the Automatic Stay to Allow Class Action to Proceed

On October 10, 2013, Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("the Cooperatives") filed a "Motion For Limited Relief From Automatic Stay." (Dkt. #1137) The Cooperatives are plaintiffs in a class action suit filed in U.S. District Court for the Eastern District of Michigan, case no 4:12-cv-13747. The Cooperatives seek relief from the automatic stay for the limited purpose of pursuing class certification, liquidating claims previously filed in the U.S. District Court, and seeking an injunction against the Detroit Water and Sewerage Department from charging improper rates.

The City of Detroit filed an objection to the motion. (Dkt. #1362; Dkt. #1363) The City asserts that the class action should be included in the claims resolution process like all other unsecured claims. The City filed a motion for approval of its proposed claims resolution process on November 12, 2013. (Dkt. #1665) The Court heard oral argument on that motion in the morning on December 16, 2013, and ordered the City to submit a revised proposed order for the Court to review.

The Court heard oral argument regarding the Cooperatives' motion for relief from stay in the afternoon on December 16, 2013, and took the matter under advisement.

The Court concludes that the claims resolution process proposed by the City is not suited to resolve the Cooperatives' class action lawsuit. The class action is intended to address a recurring and continuing issue - the City's alleged charging of improper water rates. Two aspects of the class action compel the Court's conclusion that relief from the automatic stay is warranted. First, the plaintiffs seek injunctive relief. Alternative dispute resolution procedures are generally not suited to address requests for injunctive relief. Additionally, although this class action does assert a constitutional claim, it does not seek redress for personal injury damages. The claim is regulatory or administrative in nature.

For the reasons stated herein, it is ordered that:

1. The Motion for Limited Relief from the Automatic Stay is granted.

2. Relief from that automatic stay applicable under 11 U.S.C. § 922(a) and 11 U.S.C. § 362(a) is granted to allow the Cooperatives to continue prosecution of the class action for the limited purpose of pursuing class certification, establishing liability, and seeking to enjoin the DWSD from charging improper rates.

3. The provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are waived for purposes of the relief granted in this order.

.

**Signed on December 18, 2013**

                                         **/s/ Steven Rhodes**
                                         **Steven Rhodes**
                                         **United States Bankruptcy Judge**