# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

## APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, appellants the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (collectively, "**AFSCME**" or the "**Appellants**"), respectfully submit this statement of the issues to be presented in connection with AFSCME's appeal [Docket Nos. 1907, 1956] (the "**Appeal**") from the bankruptcy court's (i) decision, announced from the bench on December 3, 2013, finding the City of Detroit, Michigan (the "**City**") eligible for relief under chapter 9 of the Bankruptcy Code (the "**Bench Decision**"); (ii) Order for Relief Under Chapter 9 of the Bankruptcy Code, dated December 5, 2013 finding the City of Detroit, Michigan eligible for relief under chapter 9 of the Bankruptcy Code [Docket No. 1946] (the "**Order for Relief**"); and (iii) accompanying Opinion Regarding Eligibility, dated December 5, 2013 [Docket No. 1945] (the "**Opinion**," together with the Bench Decision and Order for Relief, are collectively the "**Eligibility Order**").

## Issues To Be Presented On Appeal

The overarching question presented on appeal is whether the bankruptcy court's ruling that the City is eligible for debt adjustment relief under chapter 9 of the Bankruptcy Code – and that such debt adjustment relief may lawfully include the impairment of accrued pension rights – is legally erroneous and should be reversed. Subsumed within this overarching question presented are the following discrete legal issues:

(1) Whether chapter 9 is facially invalid under the United States Constitution as beyond Congress's Article I authority or as inconsistent with the principles of federalism embodied in the Tenth Amendment;

(2) Whether the principles of federalism embodied in both the Tenth Amendment to the United States Constitution and 11 U.S.C. § 903, among other sections of the Bankruptcy Code, stand as a bar to the impairment of accrued pension rights in this chapter 9 case in light of the Pensions Clause contained in Article IX, Section 24 of the Michigan Constitution;

(3) Whether the blanket permission for the City's chapter 9 petition provided by Michigan's Governor under Section 18 of Michigan Public Act 436 of 2012, aimed at satisfying the eligibility requirement of 11 U.S.C. § 109(c)(2) that a municipal debtor be "specifically authorized . . . by State law" to be a debtor under chapter 9, was void *ab initio* and of no legal force and effect because it violated the protection of accrued pension rights by the Pensions Clause of the Michigan Constitution and/or the protection of local self-governance by the strong Home Rule provisions of the Michigan Constitution.

(4) Whether the bankruptcy court committed reversible legal error in declining to dismiss the City's chapter 9 petition under 11 U.S.C. § 921(c) in the face of undisputed record evidence, taken note of by the bankruptcy court itself, dictating the conclusion that the petition was not filed "in good faith" within the meaning of 11 U.S.C. § 921(c); and

(5) Whether the bankruptcy court committed reversible legal error in holding that the City satisfied the eligibility requirement in 11 U.S.C.§ 109(c)(5)(c) that the City "is unable to negotiate with creditors because such negotiation is impracticable," notwithstanding the bankruptcy court's own well-supported factual finding that the City made no effort to negotiate in good faith with its creditors prior to the City filing its chapter 9 petition, and thus no effort to put the practicability of such negotiations to the test.

Dated: December 19, 2013

                                      **LOWENSTEIN SANDLER LLP**
                                      By: /s/ *Sharon L. Levine*

Sharon L. Levine, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*