UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
|  | ) |  |
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |
|  | ) |  |

**AMENDED MOTION TO CERTIFY THE COURT'S
ELIGIBILITY RULING FOR DIRECT APPEAL
TO THE SIXTH CIRCUIT COURT OF APPEALS[1]**

Pursuant to 28 U.S.C. § 158(d)(2) and Rule 8001(f)(3) of the Federal Rules of Bankruptcy Procedure, the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), and the Detroit Police Command Officers Association (the "DPCOA") respectfully move to certify this Court's decision regarding the City's eligibility for relief under Chapter 9 of the

---

[1] This Motion Amends the Motion of the Detroit Fire Fighters Association and Detroit Police Officers Association to Certify the Court's Eligibility Ruling for Direct Appeal to the Sixth Circuit Court of Appeals [Docket No. 2139] to add the Detroit Police Command Officers Association as movants.

United States Bankruptcy Code, specifically its[2] for a direct appeal to the U.S. Court of Appeals for the Sixth Circuit.  The Court held that the City of Detroit is eligible to be a Chapter 9 debtor and can seek to discharge accrued, vested pension benefits in a plan of adjustment.  The Court's eligibility ruling is of exceptional importance, 28 U.S.C § 158(d)(2), is in direct conflict with the opinion of the Michigan Attorney General with regard to the protection afforded by the Pension Clause of the Michigan Constitution, Art. IX, Sec. 24, presents significant questions of federal and state constitutional law for which there is no controlling Sixth Circuit authority, and certification would materially advance the progress of this case.

      The DFFA and DPOA timely filed their Notice of Appeal on December 15, 2013 [Docket No. 2137] and filed their Motion to Certify the Court's Eligibility Ruling for Direct Appeal to the Sixth Circuit Court of Appeals (the "Motion") [Docket No. 2139] on December 16, 2013.  The DPCOA has now elected to appeal the Court's Eligibility Opinion and Order and therefore, the DFFA, DPOA, and DPCOA timely filed an Amended Notice of Appeal [Docket No. 2253] such that all three public safety unions are joined in the same appeal. The DFFA, DPOA, and DPCOA filed the Amended Notice of Appeal because their interests are aligned, which therefore makes joinder practicable.  *See* Federal

---

[2] The Opinion Regarding Eligibility and the Order for Relief are attached hereto as Exhibit 1.

Rule of Appellate Procedure 3(b)(1).[3]  Similarly, the DFFA, DPOA, and DPCOA now file this Amended Motion so that the DPCOA may join in the request for certification for the direct appeal to the Sixth Circuit.[4]  As this Court knows, the DPCOA participated in the Eligibility Trial along with the DFFA and DPOA, and has participated in this proceeding side by side with the DFFA and the DPOA from the very beginning.

In the Motion, the DFFA and DPOA adopted the facts and procedural history set forth in AFSCME's Request for Certification [Docket No. 1936, pp 5-7], the Retirement Systems Motion for Certification [Docket No. 1933, pp.4-8] and the Official Committee of Retiree's Motion [Docket No. 2060, pp. 2-6].  The DFFA and DPOA also set forth their Questions Presented and Argument at pages 2-4.  For this Amended Motion, the DFFA, DPOA, and DPCOA adopt and restate the Statement of Facts, Questions Presented, and Argument set forth in the Motion.

At the December 16, 2013 hearing on the various certification requests filed in this proceeding, including the request filed by the DFFA and DPOA, the Court announced from the bench that it would issue a certification for immediate and direct appeals from its Eligibility Ruling to the Sixth Circuit Court of Appeals.

---

[3] Pursuant to the guidance provided by the Bankruptcy Clerk's office, the three public safety unions filed an Amended Notice of Appeal rather than filing a separate notice of appeal for the DPCOA.

[4] Although this Amended Motion is being filed after the Court ruled on the various certification motions, it is timely pursuant to 28 U.S.C. §158(d)(2).

The stated position of the City of Detroit at the hearing, as it explained in a filing the following day, was that "if the Court decides an appeal is appropriate at this time, then the City Supports certification to the Sixth Circuit" [Docket No. 2190]. No party at the hearing objected to the certification to the Sixth Circuit Court of Appeals. Accordingly, there should be no objection to certifying the DFFA, DPOA, and DPCOA's Amended Notice of Appeal for direct appeal to the Sixth Circuit Court of Appeals.

WHEREFORE, The Detroit Fire Fighters Association, the Detroit Police Officers Association, and the Detroit Police Command Officers Association restate the request for relief as stated in the Motion [Docket No. 2139] and respectfully request that this Court certify their amended appeal for direct appeal to the Sixth Circuit Court of Appeals.

*Signatures on next page*

Dated:  December 19, 2013	Respectfully submitted,

ERMAN, TEICHER, MILLER,
ZUCKER & FREEDMAN, P.C.

By:  */s/ Barbara A. Patek*
    Barbara A. Patek (P34666)
    Earle I. Erman  (P24296)
    Craig E. Zucker  (P39907)
    Counsel for The Detroit Fire Fighters
    Association, Detroit Police
    Officers Association, and Detroit
    Police Command Officers Association
    400 Galleria Officentre, Suite 444
    Southfield, MI  48034
    Telephone: (248) 827-4100
    Facsimile:  (248) 827-4106
    E-mail: bpatek@ermanteicher.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

**CERTIFICATE OF ERVICE FOR AMENDED MOTION
TO CERTIFY THE COURT'S ELIGIBILITY RULING FOR DIRECT
<u>APPEAL TO THE SIXTH CIRCUIT COURT OF APPEALS</u>**

The undersigned certifies that on December 19, 2013, the foregoing document was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

         ERMAN, TEICHER, MILLER,
         ZUCKER & FREEDMAN, P.C.

        By: */s/ Barbara A. Patek*
         Barbara A. Patek (P34666)
         400 Galleria Officentre, Suite 444
         Southfield, MI 48034
         Telephone: (248) 827-4100
         Facsimile: (248) 827-4106
         E-mail: bpatek@ermanteicher.com

# EXHIBIT

**Eligibility Opinion and Order**