UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re: : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No.: 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
------------------------------------------------------- x

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Appellants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goodman, as plaintiffs in the suit *Flowers v. Snyder*, No. 13-729 CZ (Ingham County Circuit Court) (the "*Flowers* Plaintiffs") set forth the following statement of issues to be presented in their appeal docketed at Docket Entry No. 2165:

1. Whether the bankruptcy court in its December 5, 2013 Order for Relief Under Chapter 9 of the Bankruptcy Code [Docket No. 1946] and its December 5, 2013 Opinion Regarding Eligibility [Docket No. 1945] (together, the Court's "Eligibility Determinations") erred in finding that the City of Detroit ("City") satisfied the requirements for eligibility to be a Chapter 9 debtor set forth in 11 U.S.C. §109(c).

2. Whether the bankruptcy court erred in finding that Michigan Governor Richard Snyder's July 18, 2013 approval of the City's bankruptcy filing constituted valid authorization under state law within the meaning of 11 U.S.C. §109(c)(2), given that (a) the City's Emergency Manager Kevyn Orr had made clear his intention that in bankruptcy the City would diminish or impair accrued pensions, (b) that Article IX, Section 24 of the Michigan Constitution clearly prohibits the diminishment or impairment of accrued pensions, (c) Chapter 9 of the Bankruptcy Code in no way displaces or preempts the application of Article IX, Section 24 of the Michigan Constitution, and (d) under the Michigan Constitution neither the Governor nor the Michigan Legislature has the authority either to amend the Michigan Constitution, to enact and/or approve legislation waiving the application of Article IX, Section 24 or other provisions of the Michigan Constitution, or to otherwise authorize waiving of the application of Article IX, Section 24 or other provisions of the Michigan Constitution, whether through authorization for a Chapter 9 proceeding under the federal Bankruptcy Code or otherwise.

3. Whether the bankruptcy court erred in finding that negotiations with the City's creditors over a plan of adjustment were impracticable within the meaning of 11 U.S.C. §109(c)(5)(C) when, among other things, the proposal the

City made to creditors and insisted on could not be accepted or implemented consistent with Article IX, Section 24 of the Michigan Constitution.

4. Whether the bankruptcy court erred in finding that negotiations with the City's creditors over a plan of adjustment were impracticable within the meaning of 11 U.S.C. §109(c)(5)(C) when, among other things, the City refused to bargain with the UAW regarding the UAW's proposal for a procedure to resolve certain claims via a class-action settlement outside of bankruptcy.

5. Whether the bankruptcy court erred in concluding that the City's Chapter 9 petition was filed in good faith under 11 U.S.C. §921(c) when, among other things, the bankruptcy court found "some substantial truth" in the allegations that the petition was not filed in good faith and also concluded that the City had not bargained in good faith with creditors prior to filing its petition.

6. Whether the bankruptcy court erred in concluding that Chapter 9 of the Bankruptcy Code, as applied in this case, is consistent with the Tenth Amendment to the United States Constitution, when application of Chapter 9, as interpreted by the bankruptcy court, would result in the diminishment or impairment of accrued pensions in violation of the Michigan Constitution in a situation where the people of the State of Michigan have not authorized either the waiver, amendment or non-application of the provisions of the Michigan Constitution, including but not limited its Article IX, Section 24, and where only

the people of the State of Michigan (and not the Michigan Governor or Legislature) have the authority under the Michigan Constitution to act for the State of Michigan in authorizing the federal government, pursuant to the Bankruptcy Clause of the United States Constitution or otherwise, to set aside the full application and enforcement of any provisions of the Michigan Constitution, including its Article IX, Section 24.

Dated: December 20, 2013

 /s/ Babette A. Ceccotti
Cohen, Weiss and Simon LLP
Babette A. Ceccotti
Thomas Ciantra
Peter D. DeChiara
Joshua J. Ellison
330 West 42nd Street
New York, New York 10036-6979
T: 212-563-4100
F: 212-695-5436
bceccotti@cwsny.com
tciantra@cwsny.com

- and -

Michael Nicholson (P33421)
Niraj R. Ganatra (P63150)
8000 East Jefferson Avenue
Detroit, Michigan 48214
T: (313) 926-5216
F: (313) 926-5240
nganatra@uaw.net
mnicholson@uaw.net

*Attorneys for International Union, UAW*

- and -

 /s/ William A. Wertheimer
William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
T: (248) 644-9200
billwertheimer@gmail.com

*Attorneys for Flowers Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December 2013 I caused a copy of the foregoing Statement of Issues to be Presented on Appeal to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                Cohen, Weiss and Simon LLP

By: /s/ Peter D. DeChiara
330 West 42nd Street
New York, New York 10036-6976
T: 212-563-4100
pdechiara@cwsny.com

*Attorneys for International Union, UAW*