In re:                                                                          Chapter 9
City of Detroit, Michigan,                                          Case No. 13-53846
    Debtor.                                                     Hon. Steven W. Rhodes
_____/

### Order Regarding Motion for Relief from the Automatic Stay
### Filed by Interested Party Thomas Gerald Moore

On September 26, 2013, Interested Party Thomas Gerald Moore filed a "Motion and Incorporated Memorandum of Law . . . for Relief from the Automatic Stay to Allow Civil Litigation to Proceed for Discovery Purposes and/or to Recover Any Insurance Coverage Under Defendants' Homeowners Insurance Policies." (Dkt. #1035) Mr. Moore is a plaintiff in a civil suit currently pending in the United States District Court for the Eastern District of Michigan against two officers with the City of Detroit Police Department, case no. 2:13-cv-10010-SFC-LJM, filed January 2, 2013. According to the motion, the lawsuit seeks money damages against the officers in their individual capacity "for the reason that at the time of the alleged conduct, they were off duty but acting under color of law."

The lawsuit was stayed following the entry of this Court's Order Pursuant to Section 105(a) Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor, on July 25, 2013. (Dkt. #166) Mr. Moore seeks relief from the stay on the grounds that the City is not a named party to the lawsuit and the officers possess homeowners insurance policies which allegedly cover the claims asserted by Mr. Moore and the officers' defense against those claims.

The City of Detroit filed an objection to the motion, (Dkt. #1145), as did the Detroit Police Officers Association (the "DPOA"). (Dkt. #1178) They argue the stay should not be lifted in Mr. Moore's case because the City is obligated to defend and indemnify the officers pursuant to City Municipal Code Section 13-11-1 and the Master Agreement between the City of Detroit and the DPOA. That obligation is not relieved unless and until a final determination is made in accordance with the procedures set forth in the Master Agreement and applicable collective bargaining agreements that the officers are not entitled to representation and indemnification. Indeed, the DPOA has demanded and the City has undertaken to defend the officers thus far in the lawsuit filed by Mr. Moore.

The City also argues that Mr. Moore's claims against the officers should be resolved in the alternative dispute resolution procedure which the City submitted for the Court's approval on November 12, 2013. (Dkt. #1665) The Court heard oral argument on that motion in the morning on December 16, 2013, and ordered the City to submit a revised proposed order for the Court to review.

The Court heard oral argument regarding Mr. Moore's motion for relief from stay in the afternoon on December 16, 2013, and took the matter under advisement.

Pursuant to Section 362(d) of the bankruptcy code, the Court is authorized to grant relief from the automatic stay to a party in interest "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d).

The Court concludes Mr. Moore has failed to establish cause for relief from the stay. The only cause he identifies is the existence of the insurance policies. He does not attempt to distinguish his claims against the officers from those which the City proposes to include in the alternative dispute resolution procedure.

For the reasons stated herein, it is ordered that the Motion and Incorporated Memorandum of Law by Party-in-Interest Thomas Gerald Moore for Relief from the Automatic Stay to Allow Civil Litigation to Proceed for Discovery Purposes and/or to Recover any Insurance Coverage Under Defendants' Homeowners Insurance Policies is denied. The motion is denied without prejudice to re-filing if and when a final determination is made that the officers are not entitled to representation and indemnification from the City.

.

**Signed on December 20, 2013**

                                                    **/s/ Steven Rhodes**
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**

3

13-53846-tjt    Doc 2266    Filed 12/20/13    Entered 12/20/13 13:24:16    Page 3 of 3