UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 9
City of Detroit, Michigan,  Case No. 13-53846
    Debtor.  Hon. Steven W. Rhodes
_____/

**Order Denying
"Motion for Modification of Automatic Stay and the Stay Extension Order"
and Extending the Time for Filing Motions for Reconsideration**

On October 25, 2013, Ian Mobley, Paul Kaiser, Angie Wong, James Washington, Nathaniel Price, Stephanie Hollander, Jason Leverette-Saunders, Darlene Hellenberg, Kimberly Mobley, Jerome Pierce, Wanda Leverette, and Laura Malher ("the Petitioners") filed a Motion for Modification of the Automatic Stay and the Stay Extension Order. (Dkt. #1377)

The Petitioners are plaintiffs in a civil rights law suit against the City of Detroit and several individual police officers pending in the U.S. District Court for the Eastern District of Michigan. *Mobley v. City of Detroit*, case no. 2:10-cv-10675. In late December, 2012, the City of Detroit filed an interlocutory appeal from an order entered in the district court case to the United States Court of Appeals for the Sixth Circuit. *Mobley v. City of Detroit,* case no. 12-2674.

On July 18, 2013, the City of Detroit filed a petition under chapter 9 of the bankruptcy code. The filing of the bankruptcy petition automatically stayed both the district court case and the appeal.

## I.

In the present motion, the Petitioners seek relief from the automatic stay for the limited purpose of allowing the appellate court to hear oral argument and rule on the appeal.[1]

The City filed an objection to the motion. (Dkt. #1637) On December 16, 2013, this Court heard oral argument on the motion and took the matter under advisement. For the reasons stated in this Order, the motion is denied.

The central legal question in the Petitioners' district court lawsuit is whether the police, when raiding an establishment that is serving alcohol without a license, may arrest every patron present and seize each patron's car, absent individualized probable cause that each patron knew that the establishment was operating unlawfully.

On cross-motions for summary judgment before the district court, the Petitioners sought judgment solely against the City but not the individual defendants. The defendants sought a judgment dismissing the Petitioners' claims as well as a judgment on the individual defendants' assertions of qualified immunity. The district court granted the Petitioners' motion against the City on three counts and dismissed four counts. The district court found that the challenged policies and procedures used by the police were widespread and unconstitutional. The district court denied the individual defendants' motion on qualified immunity and ordered that a trial would proceed against all of the defendants on the issue of damages. *Mobley v. City of Detroit*, 2:10-cv-10675 (E.D. Mich. Dec. 4, 2012).

---

[1.] The Petitioners "do not seek to enforce a judgment or collect damages outside the bankruptcy forum; they agree that the stay may be reinstated after the Sixth Circuit issues its decision." Petitioners' Br. at 2. (Dkt. #1377)

In late December, 2012, the City of Detroit appealed the district court's ruling on qualified immunity to the Sixth Circuit Court of Appeals. By the time the City of Detroit's bankruptcy petition was filed on July 18, 2013, all of the appellate briefs had been filed with the Sixth Circuit and the parties were awaiting a date for oral argument.

## II.

Section 362(d) of the bankruptcy code provides that the automatic stay may be modified "for cause." 11 U.S.C. § 362(d)(1).

Under 11 U.S.C. § 362(g), the debtor bears the burden of proving that there is not cause for relief from the stay.

"Cause" is not a defined term, "so courts must determine whether discretionary relief is appropriate on a case-by case basis." *Trident Assoc. Ltd. P'ship v. Metro. Life Ins. Co. (In re Trident Assoc. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995) (quotation marks omitted) (quoting *In re Laguna Assoc. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994)). Whether to grant such relief "resides within the sound discretion of the bankruptcy court." *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35 Fed. App'x 179, 181 (6th Cir. 2002).

"Determining cause is not a litmus test or a checklist of factors. It requires consideration of many factors and a balancing of competing interests." *Chrysler LLC v. Plastech Engineered Prod., Inc. (In re Plastech Engineered Prods., Inc.),* 382 B.R. 90, 209 (Bankr. E.D. Mich. 2008); *see also In re Cardinal Indus., Inc.,* 116 B.R. 964, 983 (Bankr. S.D. Ohio 1990) ("In determining whether or not cause exists, the bankruptcy court must balance the inherent hardships on all parties and base its decision on the degree of hardship and the overall goals of the Bankruptcy Code.").

# III.

In support of their motion, the Petitioners assert that there is a significant public interest in allowing the Sixth Circuit to establish "binding precedent on the limits of police power and the constitutional rights of citizens in Detroit and elsewhere." Petitioners' Br. at 6. (Dkt. #1377) They specifically note that the district court found that the challenged police practices were widespread and unconstitutional and that "the development of constitutional precedent [by the Sixth Circuit] will likely affect thousands of people in the future." *Id.* Moreover, because the appellate briefs have already been filed and all that remains is oral argument before the appellate court, the Petitioners contend that the City will not suffer any great prejudice in terms of time, money or diminution of its limited resources if the stay is modified.

In response, the City contends that its appeal is not directed toward challenging the district court's findings on the unconstitutionality of the challenged practices and procedures. The City concedes that the district court found its course of conduct unconstitutional and that, as a direct result of that opinion, it has changed the way it handles certain raids and arrests. To the extent that the Petitioners seek to vindicate a public interest, the City argues that that interest has largely been vindicated.

Furthermore, the City notes that its appeal challenges only the district court's findings regarding qualified immunity for the individual defendants. The factual circumstances relevant to qualified immunity are unique to this case and would be of little precedential value if addressed by the Sixth Circuit. At this point, the issue of qualified immunity is an issue of whether the Petitioners are entitled to money damages against either the City or the individual defendants. Even the Petitioners recognize that if they have claims, those claims will be addressed through the bankruptcy claims process.

In sum, the City contends that allowing the appeal to go forward will result in no substantive relief beyond what the City has already provided by changing its procedures in response to the district court's opinion, and no monetary relief beyond the bankruptcy claims process. Given that the automatic stay is intended to provide a debtor relief from its creditors while it attempts to restructure its affairs, the City argues that it should not be forced to proceed on an appeal that will provide nothing more to the parties who have already prevailed in the district court.

## IV.

In balancing the competing interests of the parties to determine whether there is cause for relief from the stay under 11 U.S.C. § 362(d)(1), the Court concludes that the motion should be denied. The potential benefits accruing to the Petitioners if the stay is lifted are minimal given the fact that they have already prevailed in district court. The district court agreed with the Petitioners that the challenged policies and procedures violated their constitutional rights. Counsel for the City represented to this Court that as a result of the district court's opinion, the City changed its procedures and no longer raids unlicensed drinking establishments, makes arrests, or seizes property in the manner challenged in the Petitioners' complaint. Nothing in the record contradicts those representations. Counsel for the Petitioners could not proffer any evidence suggesting that there presently exists ongoing, widespread constitutional violations of this type within jurisdictions bound by Sixth Circuit precedent. Even if the scope of the appeal is construed as broadly as the Petitioners contend, the Court is not persuaded that there is a significant public interest to be vindicated sufficient to justify the time, expense and effort required by the City should the stay be lifted.

5

On its face, the appeal is limited to the issue of qualified immunity for the individual officers. Because that issue addresses only monetary compensation, any claims the Petitioners may have will be handled through the bankruptcy claims process. Lifting the stay will have no effect on that process.

Finally, the Court notes that even if the stay were to be lifted, the Petitioners are unlikely to obtain the precedent they seek from the Sixth Circuit because Counsel for the City indicated on the record that if the stay is lifted, the City plans to withdraw its appeal.

Accordingly, for the reasons stated, the motion is denied. The Court will extend the time for filing a motion for reconsideration to 28 days from the entry of this order. This is adequate time for the Petitioners to present evidence that the precedent they seek from their appeal is necessary in the public interest.

It is so ordered.

Not for Publication.

.

**Signed on December 20, 2013**

                                          **/s/ Steven Rhodes**
                                          **Steven Rhodes**
                                          **United States Bankruptcy Judge**