# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

City of Detroit, Michigan,
    Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

### Order Regarding Eligibility Objections
### Notices of Hearings
### And
### Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)

> *This order includes a special notice of hearing to individuals who filed eligibility objections. Please see part VIII, page 6.*

## I. Introduction

One hundred nine parties filed timely objections to the City's eligibility to file this bankruptcy case under § 109 of the Bankruptcy Code.[1] The Court appreciates the effort of each of the parties in this process.

The Court has thoroughly reviewed each of the filed objections, as well as the Statement Regarding the Michigan Constitution and the Bankruptcy of the City of Detroit that Michigan Attorney General Bill Schuette filed. (Dkt. #481) Some objections raise only legal issues, while others require the Court to resolve factual issues. The Court will address each in an appropriate manner.

## II. Eligibility Objections Raising Only Legal Issues

The following objections raise only legal issues:

1.    Chapter 9 of the Bankruptcy Code violates the United States constitution.
        Asserted by:
                484  Local 324, International Union of Operating Engineers
                486  Local 517M, Service Employees International Union

---

[1] The Court previously allowed the Retiree Committee 14 days from the retention of its counsel to file eligibility objections. The Court anticipates that in light of the thorough objections that parties have already filed, including some objections by members of the Retiree Committee, this amount of time is sufficient. The Court also anticipates that the Retiree Committee will promptly retain counsel. The Court will give full consideration to any request by the Committee for relief from any established deadlines upon a showing that relief is necessary to protect its interests or to present its position to the Court.

       505  Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

2. The Bankruptcy Court does not have the authority to determine the constitutionality of Chapter 9 of the Bankruptcy Code.

    Asserted by:
       484  Local 324, International Union of Operating Engineers
       486  Local 517M, Service Employees International Union
       505  Michigan Council 25 Of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

3. Michigan Public Act 436 of 2012 violates the Michigan constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).

    Asserted by:
       484  Local 324, International Union of Operating Engineers
       486  Local 517M, Service Employees International Union
       504  Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
       505  Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
       506  International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
       519  General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
       520  Retired Detroit Police Members Association

4. The Bankruptcy Court does not have the authority and jurisdiction to determine the constitutionality of Michigan Public Act 436 of 2012.

    Asserted by:
       384  Krystal Crittendon

5. Detroit's Emergency Manager is not an elected official and therefore did not have valid authority to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).

    Asserted by:
       384  Krystal Crittendon

6. Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

    Asserted by:
       484  Local 324, International Union of Operating Engineers
       486  Local 517M, Service Employees International Union
       495  David Sole

502   Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
504   Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
505   Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
506   International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
512   The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
514   Center for Community Justice and Advocacy
519   General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
520   Retired Detroit Police Members Association

7. Because of the proceedings and judgment in *Gracie Webster, et al. v. The State of Michigan, et al.*, Case No. 13-734-CZ (Ingham County Circuit Court), the City is precluded by law from claiming that the Governor's authorization to file this bankruptcy case was valid, as required for eligibility by 11 U.S.C. § 109(c)(2).
Asserted by:
495   David Sole
519   General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

### III. Notice of Hearing on Eligibility Objections That Raise Only Legal Issues

The Court further concludes that a prompt oral argument on these legal issues will promote just, speedy, and efficient determination of the City's eligibility to be a debtor in Chapter 9 under § 109(c) of the Bankruptcy Code. Accordingly, the Court will hear oral argument on these legal issues on **September 18, 2013 at 10:00 a.m.**, in Courtroom 716, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan.

### IV. Procedures Regarding Eligibility Objections That Raise Only Legal Issues

At the oral argument, the objecting parties shall proceed first and share 120 minutes for their opening arguments and 30 minutes for their rebuttal arguments. The City and the Attorney General shall then share 120 minutes for their opening arguments and 30 minutes for their surrebuttal arguments.

On the objecting parties' side, the parties that are identified above are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations. Attorney Robert Gordon is requested to organize and supervise these discussions.

Designates of the City, the Michigan Attorney General, the Attorney General of the United States, and the United States Attorney for the Eastern District of Michigan are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time

3

among them (within the time limits established in this order) and on the order of their presentations. Attorney David Heiman (or his designate) is requested to organize and supervise these discussions.

By the day before the argument, each side shall file its agreement, if any, regarding the allocation of time and the order of presentation. If either side is unable to agree, the Court will determine the allocation of time among the parties and the order of their presentations, and will announce its determination at the beginning of the argument.

## V. Eligibility Objections That Require the Resolution of Genuine Issues of Material Fact

The Court further concludes that the following specific objections require the resolution of genuine issues of material fact at the trial that the Court previously scheduled for October 23, 2013:

8. The City was not "insolvent," as required for eligibility by 11 U.S.C. § 109(c)(3) and as defined in 11 U.S.C. § 101(32)(C).
   Asserted by:
   - 484 Local 324, International Union of Operating Engineers
   - 486 Local 517M, Service Employees International Union
   - 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
   - 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
   - 520 Retired Detroit Police Members Association

9. The City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).
   Asserted by:
   - 484 Local 324, International Union of Operating Engineers
   - 486 Local 517M, Service Employees International Union
   - 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
   - 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
   - 520 Retired Detroit Police Members Association

10. The City did not negotiate in good faith with creditors, as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(B).
    Asserted by:
    - 484 Local 324, International Union of Operating Engineers
    - 486 Local 517M, Service Employees International Union
    - 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
    - 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman

4

<div style="margin-left: 2em;">

505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America

512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association

517 Michigan Auto Recovery Service

519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

520 Retired Detroit Police Members Association

</div>

11. The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

<div style="margin-left: 2em;">

Asserted by:

484 Local 324, International Union of Operating Engineers

486 Local 517M, Service Employees International Union

502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey

504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman

505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America

512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association

519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

</div>

12. The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c).

<div style="margin-left: 2em;">

Asserted by:

484 Local 324, International Union of Operating Engineers

486 Local 517M, Service Employees International Union

505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

519 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association

520 Retired Detroit Police Members Association

</div>

5

13-53846-tjt Doc 2276-3 Filed 12/20/13 Entered 12/20/13 17:38:03 Page 5 of 36
13-53846-swr Doc 2242 Filed 08/20/13 Entered 08/20/13 17:38:03 Page 5 of 36    91

## VI. Order Regarding the Eligibility Objection in Paragraph 9

As identified in paragraph 9, among the matters for trial will be the objection that the City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4). More specifically, these objections assert that the Emergency Manager intends to propose a plan that that would impair the pension rights of employees and retirees in violation of the Michigan constitution and that such a plan cannot be confirmed. These objections further assert that therefore the City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).

The Court fully recognizes and appreciates the extraordinary importance of the pension rights of the City's employees and retirees in this case and of how the City will ultimately propose to treat those rights. It is an important question not only to the City's employees, retirees and unions, but also to all of the parties in the case.

However, the requirement of eligibility that the City desires "to effect a plan to adjust such debts" under 11 U.S.C. § 109(c)(4) does not obligate the City to prove that any particular plan that it might later propose is confirmable. Accordingly, the Court will not consider the issue of the treatment of pension rights when considering the eligibility objection in paragraph 9. The Court fully preserves the opportunity of all parties to present their positions relating to the City's treatment of pension rights when the debtor requests confirmation of a plan, or, perhaps, in some other appropriate context. To meet the requirement of 11 U.S.C. § 109(c)(4), the City need only prove more generally that it desires "to effect a plan to adjust such debts."

## VII. Order Regarding Discovery Related to Eligibility Objections

The Court concludes that the following limitations on discovery are appropriate:

1. Discovery related to eligibility objections is limited to the objections that raise factual issues, identified in paragraphs 8-12 above.

2. On the objecting parties' side, discovery may be propounded only by those parties who filed the eligibility objections that the Court identified in those paragraphs.

## VIII. Notice of Hearing to Individuals Who Filed Eligibility Objections

The Court recognizes that many individuals (other than those listed in paragraphs 1-12 above), most without counsel, also filed timely objections. The Court offers these individuals an opportunity to be heard on their objections. This hearing will be on **September 19, 2013, at 10:00 a.m.** in Courtroom 242, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan. *This opportunity is only for individuals that filed timely objections.* These parties are identified on the attached Exhibit A.

Just as the Court imposed time limits on the attorneys identified above, the Court must also impose a time limit on these individuals as well, due to the number of these individuals. Therefore, each individual who filed a timely objection may address the Court for 3 minutes regarding the objection. The City shall have 30 minutes to respond. No rebuttal will be permitted.

Due to security screening, the Court encourages the individuals that accept this opportunity to address the Court regarding their eligibility objections to arrive at the courthouse at least 60 minutes before the scheduled start time of the hearing. At 9:00 a.m., the court staff

6

will begin to check in these individuals and will give each party a number establishing the order of speaking.

## IX. Certifications Pursuant to 28 U.S.C. § 2403(a) and (b)

Pursuant to 28 U.S.C. § 2403(a), the Court hereby certifies to the Attorney General of the United States that the constitutionality of Chapter 9 of Title 11 of the United States Code under the United States constitution is drawn in question in this case. The Court permits the United States to intervene for argument on the question of the constitutionality of Chapter 9 of the Bankruptcy Code and shall, subject to the applicable provisions of law, have all the rights of a party.

Pursuant to 28 U.S.C. § 2403(b), the Court hereby certifies to the Attorney General of the State of Michigan that the constitutionality of Michigan Public Act 436 of 2012 under the Michigan constitution is drawn in question in this case. The Court permits the State of Michigan to intervene for argument on the question of the constitutionality Michigan Public Act 436 of 2012 under the Michigan constitution and shall, subject to the applicable provisions of law, have all the rights of a party.

## X. Untimely Objections

All untimely objections, identified on the attached Exhibit B, are overruled.

## XI. Opportunity to Comment or Object

Parties may file objections to or comments on this order by September 6, 2013.

## XII. Service

The clerk shall serve copies of this "Order Regarding Eligibility Objections, Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)" upon all parties who filed eligibility objections, the City, and the Attorney General of the State of Michigan. It is not necessary to serve the objections asserting the unconstitutionality of Michigan Public Act 436 of 2012 upon the Michigan Attorney General because his counsel was already served with those objections through electronic notice by ECF.

Pursuant to Rule 4(i) Federal Rules of Civil Procedure (applicable to the eligibility objections in this case under Rules 4(a)(1) and 9014(b) of the Federal Rules of Bankruptcy Procedure), the clerk shall also serve copies of this "Order Regarding Eligibility Objections, Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)", together with copies of the objections identified in paragraph 1 above, by registered or certified mail, upon both the Attorney General of the United States at Washington, D.C. and the civil process clerk at the United States Attorney's office in the Eastern District of Michigan.

It is so ordered.

<div style="text-align:right">

_____/s/ Steven Rhodes_____
Steven Rhodes
United States Bankruptcy Judge

</div>

August 26, 2013

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding
## Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| NAME | Docket # |
|------|---------:|
| Michael Abbott | 385 |
| Association of Professional and Technical Employee (APTE) | 482 |
| Linda Bain | 474 |
| Randy Beard | 480 |
| Russell Bellant | 402,405 |
| Michael G. Benson | 388 |
| Cynthia Blair | 492 |
| Dwight Boyd | 412 |
| Charles D. Brown | 460, 491 |
| Lorene Brown | 403 |
| Paulette Brown | 431 |
| Rakiba Brown | 467 |
| Regina Bryant | 338, 339 |
| Mary Diane Bukowski | 440 |
| David Bullock | 393 |
| Claudette Campbell | 408 |
| Johnnie R. Carr | 413 |
| Sandra Carver | 469 |
| Raleigh Chambers | 409 |
| Alma Cozart | 400 |
| Leola Regina Crittendon | 454 |
| Angela Crockett | 455 |
| Lucinda J. Darrah | 447, 477 |
| Joyce Davis | 392 |
| Sylvester Davis | 435 |
| William Davis | 430 |
| Elmarie Dixon | 414 |
| Mary Dugans | 415 |
| Lewis Dukens | 394 |
| David Dye | 448 |
| Jacqueline Esters | 416 |
| Arthur Evans | 463 |
| Jerry Ford | 432 |
| William D. Ford | 417 |
| Ulysses Freeman | 429 |
| Olivia Gillon | 401 |
| Donald Glass | 386 |

# EXHIBIT A

### Individuals Who Are Invited to Address the Court Regarding
### Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| | |
|---|---|
| Lavarre W. Greene | 465 |
| William Hickey | 442 |
| LaVern Holloway | 397 |
| William J. Howard | 433 |
| Joanne Jackson | 437 |
| Ailene Jeter | 457 |
| Sheilah Johnson | 451 |
| Stephen Johnson | 418 |
| Joseph H. Jones | 389 |
| Sallie M. Jones | 419 |
| Aleta Atchinson-Jorgan | 462 |
| Zelma Kinchloe | 396 |
| Timothy King | 489 |
| Keetha R. Kittrell | 427 |
| Michael Joseph Karwoski | 510 |
| Roosevelt Lee | 468 |
| Althea Long | 399 |
| Edward Lowe | 425 |
| Lorna Lee Mason | 428 |
| Deborah Moore | 470 |
| Deborah Pollard | 421 |
| Larene Parrish | 420 |
| Lou Ann Pelletier | 335 |
| Michael K. Pelletier | 337 |
| Heidi Peterson | 513 |
| Helen Powers | 404 |
| Alice Pruitt | 472 |
| Samuel L. Riddle | 422 |
| Kwabena Shabu | 426 |
| Michael D. Shane | 443 |
| Karl Shaw | 398 |
| Frank Sloan, Jr. | 436 |
| Gretchen R. Smith | 494 |
| Horace E. Stallings | 464 |
| Thomas Stephens | 461 |
| Dennis Taubitz | 446 |
| Charles Taylor | 423 |
| Marzelia Taylor | 475 |
| The Chair of St. Peter | 493 |

## EXHIBIT A

### Individuals Who Are Invited to Address the Court Regarding
### Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| | |
|---|---|
| Dolores A. Thomas | 456 |
| Shirley Tollivel | 395 |
| Tracey Tresvant | 390 |
| Calvin Turner | 387 |
| Jean Vortkamp | 439 |
| William Curtis Walton | 411 |
| Jo Ann Watson | 490 |
| Judith West | 444 |
| Preston West | 407 |
| Cheryl Smith Williams | 458 |
| Charles Williams, II | 391 |
| Floreen Williams | 496 |
| Fraustin Williams | 479 |
| Leonard Wilson | 466 |
| Phebe Lee Woodberry | 459 |
| Anthony G. Wright, Jr. | 485 |

# EXHIBIT B

## Eligibility Objections Overruled Because They Were Untimely

| NAME | Docket # |
|------|----------|
| | |
| Hassan Aleem and Carl Williams | 565 |
| Charles Chatman | 539 |
| Andrea Edwards | 532 |
| Richard Johnson El-Bey | 536 |
| Xylia Hall | 541 |
| Diane Hutchersun | 530 |
| Michael Jones | 549 |
| Nettie Reeves | 534 |
| Donald Richardson | 633 |

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

------------------------------------------------------- x
                     :

In re:                        :     Chapter 9
                     :

CITY OF DETROIT, MICHIGAN,    :     Case No.: 13-53846
                     :

           Debtor.       :     Hon. Steven W. Rhodes

------------------------------------------------------- X

## RESPONSE OF INTERNATIONAL UNION, UAW TO AUGUST 26, 2013 ORDER REGARDING ELIGIBILITY OBJECTIONS

        The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") submits the following objections and comments in response to the Court's Order Regarding Eligibility Objections, Notices of Hearing And Certifications Pursuant to 28 U.S.C. § 2403 (a) and (b) [Docket No. 642] (the "Order Regarding Eligibility Objections").

### Preliminary Statement

        UAW has organized its objections and comments in accordance with the numbered sections in the Court's Order and will address each such section below. In addition to the comments specific to each item addressed below, UAW's response to the Order is informed by the following overriding concerns that UAW urges the Court to consider with respect to the Order and the eligibility litigation in general. Many of the issues raised in the UAW's Eligibility Objection, and those

filed by the other objecting parties, involve matters that go to the heart of the

lawful functioning, purpose, and authority of the federal municipal bankruptcy

system, and whether that law can impair vital benefits which were earned by and

are relied upon by the City of Detroit's workers and which are protected against

impairment by the state's Constitution. The desire for a revitalized Detroit is no

less fervent or passionate among those who contend that the lawful functioning of

chapter 9 requires due deference and regard for the highest form of security that

public employees and retirees can obtain — protection of their earned benefits

under their state's Constitution.  The controversy created by the Emergency

Manager's proposal to cut accrued pension benefits threatens to become a battle of

wills that eclipses a broader agenda for the City's recovery, and is less about

Detroit and its future than about whether workers and retirees can be whipsawed

into giving up protected benefits using the tactics that have been brought to bear by

the Governor and the Emergency Manager's team.  Rather than foster an

atmosphere where active and retired workers and their unions and retiree

associations can engage with other stakeholders and concentrate on productive

solutions for Detroit, those aligned with the Emergency Manager apparently prefer

to engage in strategic maneuvering using chapter 9 to gain leverage over ordinary

citizens and target the modest benefits owed to them. The course adopted by the

Governor and the Emergency Manager leave the objecting parties little choice but

- 2 -

13-53846-swr  Doc 2274  Filed 12/06/13  Entered 12/06/13 15:04:03  Page 13 of 36
13-53846-swr  Doc 2274  Filed 12/06/13  Entered 12/06/13 15:04:03  Page 13 of 36     99

to rigorously test these tactics against the carefully calibrated requirements for chapter 9 relief, and insist upon a full and fair opportunity to litigate the Eligibility Objections.

This Court established a litigation schedule in its August 2, 2013 order, which scheduled a trial on the Eligibility Objections and a series of intermediate deadlines in advance of the trial.[1]  Although compressed into less than three months' time, the Court outlined a start-to-finish process by which the parties would file their Eligibility Objections, obtain a response by the City, engage in discovery, submit pre-trial briefs and a joint pre-trial order and conduct a trial beginning on October 23, 2013.  The Order Regarding Eligibility Objections further complicates an already challenging process in several important respects. As explained further below, certain of UAW's Eligibility Objection grounds are not included in the Order, or at least not expressly accounted for, thereby creating uncertainty about the scope of the trial and the pre-trial argument proposed for September 18, 2013.  Moreover, the Court has overruled one of UAW's eligibility objections — that the City fails to qualify for chapter 9 relief because it desires to effect a plan of adjustment that the City would be prohibited by law from implementing — without the benefit even of further argument,  let alone discovery and trial on that objection.  In addition, certain eligibility issues have been

---

[1] First Order Establishing Dates and Deadlines, dated August 2, 2013 [Docket No. 280].

identified in the Order as presenting purely legal issues and set for early oral argument a month before the scheduled trial date, even though at least some are clearly subject to factual inquiries.  Discovery on those issues should not be foreclosed.  In order to preserve the parties' ability to obtain a just determination of the Eligibility Objections, UAW urges the Court to reconsider its Order as set forth below.

## Objections and Comments

### Section II – Eligibility Objections Raising Only Legal Issues

      1.    <u>Some of UAW's Eligibility Arguments Are Not Accounted For</u>. In its August 19, 2013 Objection to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [Docket No. 506] (the "UAW Eligibility Objection"), UAW described the manner in which the bankruptcy court's power under chapter 9 is constrained by principles of dual sovereignty and asserted that, absent strict adherence to these principles in the application of chapter 9, the statute would be rendered unconstitutional.  UAW Eligibility Objection, pp. 12-16, 21 and note 17.  Whether chapter 9 is constitutional *as applied* is an issue that is distinct from the issue identified in paragraph 1 of the Order as "Chapter 9 of the Bankruptcy Code violates the United States Constitution."  Thus, the manner in which UAW has framed the issue regarding the constitutional application of chapter 9 may not be accounted for in

the Court's Order.  Nor does the Order include the issue reflected in *Bond v. United States*, 131 S. Ct. 2355 (2011), *i.e.*, that state citizens themselves may assert that federal law contravenes the Tenth Amendment.  *See* UAW Eligibility Objection, pp. 11. 18-19.  These omissions create uncertainty regarding where in the litigation process the Court expects to UAW to address them, assuming the Court retains the early argument date reserved for certain of the eligibility issues.

       2.     In paragraph 7 of the Order, the issue identified is that the judgment in *Gracie Webster, et al. v. The State of Michigan, et al*., Case No. 13-734-CZ (Ingham County Circuit Court) precluded the City from claiming that the Governor's authorization was valid.  Although not listed in the Order as one of parties to assert that issue, UAW did rely upon *Webster* as a valid judgment applicable to the City and the Emergency Manager.  UAW cited *Webster* in support of UAW's assertions that the Emergency Manager had no authority under state law to impair accrued pension benefits under chapter 9, and that the Michigan legislature could not have given the Emergency Manager that authority.  *See* UAW Eligibility Objection, p. 18.

       3.     <u>Whether the Eligibility Objections Identified in Section II Raise "Only Legal Issues" Precluding Discovery.</u>  UAW respectfully disagrees that all of the issues it has asserted and that are identified in Section II of the Order raise only legal issues for which no discovery is needed.  Specifically, whether the chapter 9

filing was authorized as required by Section 109(c)(2) (paragraph 6 of the Order) is an issue that involves an inquiry into facts.  For example, the Governor's July 18, 2013 letter authorizing the Emergency Manager to file the chapter 9 case refers extensively to certain conclusions reached by the Governor in issuing the authorization, each of which were presumably fact-intensive inquiries.  *See* Declaration of Kevyn Orr, Exhibit L.  How the Governor came to reach those conclusions involves a factual inquiry, as does the process followed by the Governor in issuing the authorization.  The authorization also states that the Governor determined not to impose any contingencies at that time.  How and why the Governor chose not to impose any contingencies, as well as why he thought the reference to Section 943(b)(4) — which applies only at confirmation — operated as a contingency upon the State's authorization are also factual inquiries for discovery.  Similarly, the Emergency Manager's request for authorization to file the chapter 9 case is based on his team's assessment of the issues identified by him, and perhaps other matters not previously disclosed.  In short, the chain of events leading to the request and authorization to file the bankruptcy petition involves factual matters for which the objecting parties are entitled to discovery.

4.    Under the Court's Order, however, further discovery on that objection would be foreclosed.  Section VII of the Order  restricts discovery to those matters that the Court has identified as requiring "the resolution of genuine

- 6 -

13-53846-tjt  Doc 227-3  Filed 08/06/13  Entered 08/06/13 15:04:03  Page 17 of 36
13-53846-swr  Doc 727  Filed 08/06/13  Entered 08/06/13 15:34:43  Page 6 of 13    103

issues of material fact," and which are set forth in Section V of the Order. The Section V issues do not include any of the Section II issues. The UAW thus faces potential limits on discovery into factual matters that are clearly relevant to a number of its Eligibility Objections. The State of Michigan has already filed a motion to quash three subpoenas issued by the UAW, relying upon the Court's Order. *See* Motion to Quash and For Protective Order dated August 30, 2013 [Docket No. 699].[2] The authorization requirement may or may not, ultimately, involve any *disputed* issues of fact, but whether or not there are disputed facts does not determine whether discovery may be had at all. *See* Rule 26(b)(1), Fed. R. Civ. Proc. (noting that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). *See also Conti v. American Axle and Mfg. Corp.*, 326 Fed.Appx. 900, 904 (6th Cir. 2009) (operative test in determining whether discovery on a particular matter is permissible is "whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.") Indeed, whether there are "genuine issues of material fact" in dispute may only be known after discovery is conducted. Thus, to the extent the Court retains the early argument date, the list of issues identified by the Court in Section II and described as raising only legal issues should be revised to

---

[2] UAW intends to file an objection to the Motion to Quash and so will not address the State of Michigan's contentions here, except to note that they are wholly without merit.

eliminate any issues for which discovery may be had.  Moreover, under Section

VII of the Order, discovery should not be limited solely to the matters currently set

forth in Section V.

<u>Sections III and IV – Hearing on Certain Eligibility Objections and Related
Procedures</u>

5.     UAW does not object to procedures designed to organize a trial

of Eligibility Objections lodged by many parties raising multiple issues.  However,

UAW questions whether presenting certain arguments weeks in advance of the

scheduled trial will serve the purpose identified by the Court, *i.e.*, to promote a just

determination of the City's eligibility.  As shown above, denoting certain

objections for argument now would foreclose discovery that could limit the parties'

ability to present a full and fair case at the time prescribed by the Court for trial.[3]

In any event, the allocations of time proposed for the objecting parties for the

September 18, 2013 hearing does not afford sufficient time for argument, even

assuming the Section II list of issues could be limited to those pure questions of

law that do not involve any discovery.[4]

---

[3] Moreover, the Court has established a mediation process set to commence the day before
the proposed argument on September 18.  Inevitably, each process — the Eligibility litigation
and the mediation — will pose a distraction with respect to the other.

[4] UAW notes that the Attorney General for the United States and the United States Attorney
for the Eastern District of Michigan have been invited to participate as parties under the Court's
certification pursuant to 28 U.S.C. § 2304 (a) and (b).  They have been allotted time with the
City and the State of Michigan, although their positions are not yet known.

Section V – Objections Requiring the Resolution of Disputed Facts

6.    Although UAW is not identified in paragraph 8 of the Order as having asserted that the City is "insolvent" under Section 109(c)(3), UAW reserved its rights with respect to the insolvency requirement for chapter 9 relief pending the discovery process.  UAW Eligibility Objection, p. 6, n. 5. Because Section VII of the Order limits discovery to the issues identified in Section V, and even then only to the parties now identified with those issues, UAW would be foreclosed from discovery regarding insolvency even though it reserved the right to address this eligibility requirement following discovery.  Accordingly, in order to avoid unnecessary disputes to the extent the UAW attends depositions or obtains access to documents relevant to the insolvency requirement, we respectfully request that the Court's order not limit the permitted discovery solely to those parties currently listed in the Order in connection with particular issues.[5]

7.    Paragraph 12 of the Order does not identify the UAW as one of the parties that has  asserted that the chapter 9 petition should be dismissed because it was filed in bad faith.  UAW's Eligibility Objection does assert that the chapter 9

---

[5] As the Court is aware, the City has now provided unrestricted access to its Data Room. Because UAW did not agree to sign a confidentiality agreement prior to that time, the UAW did not have access to the Data Room and to documents that may have been relevant to an analysis of the insolvency requirement.

petition was not filed in good faith under Section 921(c).  *See* UAW Eligibility

Objection, pp. 25-27.

Section VI – Eligibility Objection Identified in Paragraph 9 of the Order

> 8.     In Section VI of its Order, the Court ruled against one of the

UAW's Eligibility Objections, *i.e.,* that the City failed to qualify for chapter 9

relief under Section 109(c)(4) in that its desire to effect a plan to adjust its debts

included proposals that the City could not lawfully implement.  *See* UAW

Eligibility Objection, p. 24.  The Court has ruled that "[t]o meet the requirement of

11 U.S.C. § 109(c)(4), the City need only prove more generally that it desires 'to

effect a plan to adjust such debts.'"  Order Regarding Eligibility Objections, p. 6.

The Court further states that it "will not consider the issue of the treatment of

pension rights when considering the eligibility objection in paragraph 9." *Id.*

Instead, the Court proposes to consider the parties' positions relating to "the

treatment of pension rights when the debtor requests confirmation of a plan, or,

perhaps in some other appropriate context."[6]

> 9.     The UAW respectfully objects to the Court's summary

determination regarding its assertion that the City has failed to meet the Section

---

[6] This section of the Order has generated considerable confusion and has been interpreted as an indication that *no* pension issues will be considered at the Eligibility Objections stage.  While UAW has read the Order to overrule only the paragraph 9 eligibility objection (and notes that paragraphs 3 and 6 of the Order, at a minimum, include the treatment of pensions), the Court may wish to clarify this portion of the Order, to the extent UAW's objection herein is not sustained.

- 10 -

13-53846-tjt  Doc 2276-3  Filed 12/20/13  Entered 12/20/13 17:08:03  Page 21 of 36
13-53846-swr  Doc 794  Filed 09/06/13  Entered 09/06/13 15:04:03  Page 10 of 36    107

109(c)(4) eligibility requirement. The Court has included the Section 109(c)(4) eligibility requirement as one of the issues for trial, and therefore, under the current Order, subject to discovery. However, UAW would be foreclosed from pressing its case regarding this eligibility requirement any further, regardless of what facts relevant to this issue may be discovered and without even any additional oral argument. In its Eligibility Objection, the UAW asserted that the City determined to use federal bankruptcy law as a strategic opportunity to strong-arm retirees and pension-vested workers into negotiating away accrued pension benefits that are protected against impairment by the Michigan Constitution through the tools of the bankruptcy process. *See* UAW Eligibility Objection, pp. 25-27. What is known to date about how that process unfolded, *see id*., pp. 7-10, leaves little doubt that the City (aided by the Governor's office) intended to present a proposal *before* the bankruptcy filing that was premised on its presumed ability to use federal bankruptcy law to trump the protections of the state Constitution.[7] UAW strongly believes that the discovery process will fill out the details of this tactical scheme and UAW has asserted that this course of events supports its assertion that the chapter 9 filing was made in bad faith. As a separate matter, however, a chapter 9

---

[7] The City's proposals, at least with respect to pension and retiree health benefits were, perforce, not made in good faith, because they could not have been accepted. *See e.g*., Mich. Comp. Laws Const. Art. 9, § 24; *Chemical Workers v. Pittsburgh Plate Glass*, 404 U.S. 157, 181, n. 20 (1971).

- 11 -

13-53846-tjt  Doc 2276-3  Filed 12/20/13  Entered 12/20/13 17:08:03  Page 22 of 36
13-53846-swr  Doc 741  Filed 09/06/13  Entered 09/06/13 15:04:03  Page 12 of 36      108

filing premised upon a proposed plan that includes a proposal to impair benefits the City cannot lawfully impair leads inevitably to the question of whether the proposed plan of adjustment is, in this respect, unlawful, since it could not be confirmed under Section 943(b)(4). Deferring this issue to confirmation, and thus permitting the City to proceed with its chapter 9 case on this basis until that time in effect, fuels the City's plan — to use bankruptcy tools as leverage in order to obtain a result that impairs benefits that should not be part of this process to begin with. Accordingly, UAW respectfully submits that the Court's ruling rejecting UAW's eligibility objection under Section 109(c)(4) should be withdrawn and that UAW should be permitted to fully litigate the objection.

Section VII – Discovery Limits

10.    As set forth above, the Court's Order in Section VII limits discovery to the issues in Section V, even though other eligibility objections involve an inquiry into facts and should be permitted to proceed to discovery and trial. Accordingly, the restriction of discovery to paragraphs 8-12 of the Order should be lifted. In addition, the discovery limitation set forth in paragraph 2 of Section VII should be relaxed (at least with respect to the insolvency requirement) based upon the now unrestricted access provided to the Data Room and because the Eligibility Objections were filed before the commencement of formal discovery.

- 12 -

13-53846-tjt  Doc 2276-3  Filed 12/20/13  Entered 12/20/13 17:36:03  Page 23 of 36
13-53846-swr  Doc 764-1  Filed 09/06/13  Entered 09/06/13 15:04:03  Page 23 of 36    109

## Conclusion

For the foregoing reasons, the UAW asks that the Court reconsider its Order

Regarding Eligibility Objections consistent with the foregoing concerns.


Dated:      New York, NY
            September 6, 2013

                                    Respectfully submitted,


                              By:  /s/ Babette A. Ceccotti
                                   Cohen, Weiss and Simon LLP
                                   Babette A. Ceccotti
                                   330 West 42nd Street
                                   New York, New York 10036-6976
                                   T: 212-563-4100
                                   F: 212-695-5436
                                   bceccotti@cwsny.com

                                       -   and -

                                   Niraj R. Ganatra (P63150)
                                   Michael Nicholson (P33421)
                                   8000 East Jefferson Avenue
                                   Detroit, Michigan  48214
                                   T: (313) 926-5216
                                   F: (313) 926-5240
                                   nganatra@uaw.net
                                   mnicholson@uaw.net

                                   *Attorneys for International Union,
                                   UAW*

- 13 -

13-53846-tjt  Doc 2276-3  Filed 12/20/13  Entered 12/20/13 17:08:43  Page 124 of 136
13-53846-swr  Doc 761-1  Filed 09/06/13  Entered 09/06/13 15:04:03  Page 24 of 36   110

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                                     Chapter 9
                                                           Case No. 13-53846
City of Detroit, Michigan,                                 Hon. Steven W. Rhodes
      Debtor.
_____/

**FIRST AMENDED**
**Order Regarding Eligibility Objections**
**Notices of Hearings**
**and**
**Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)**

> *This order includes a special notice of hearing*
> *to individuals who filed eligibility objections,*
> *and includes provisions of interest to:*
> *Dennis Taubitz,*
> *Heidi Peterson*
> *Hassan Aleem,*
> *and Carl Williams.*
> *Please see Part VIII, page 6.*

**I. Introduction**

     One hundred ten parties filed timely objections to the City's eligibility to file this bankruptcy case under § 109 of the Bankruptcy Code.

     The Court appreciates the effort of each of the parties in this process.

     The Court has thoroughly reviewed each of the filed objections, as well as the Statement Regarding the Michigan Constitution and the Bankruptcy of the City of Detroit that Michigan Attorney General Bill Schuette filed. (Dkt. #481) Some objections raise only legal issues, while others require the Court to resolve factual issues. The Court will address each in an appropriate manner.

**II. Eligibility Objections Raising Only Legal Issues**

     On a preliminary basis, the following objections appear to raise only legal issues:[1]

---

[1] This summary of the parties' objections in Parts II & V is intended to capture in a shorthand form the substance of the parties' objections for identification purposes only and is not intended to limit, diminish or restate those objections.

1.  Chapter 9 of the Bankruptcy Code violates the United States constitution.
    Asserted by:
    484   Local 324, International Union of Operating Engineers
    486   Local 517M, Service Employees International Union
    505   Michigan Council 25 of The American Federation of State, County
          & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of
          Detroit Retirees
    805   Official Committee of Retirees

2.  The Bankruptcy Court does not have the jurisdiction to determine the
    constitutionality of Chapter 9 of the Bankruptcy Code.
    Asserted by:
    484   Local 324, International Union of Operating Engineers
    486   Local 517M, Service Employees International Union
    505   Michigan Council 25 Of The American Federation of State, County
          & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of
          Detroit Retirees
    805   Official Committee of Retirees

3.  Michigan Public Act 436 of 2012 violates the Michigan constitution and therefore the
    City was not validly authorized to file this bankruptcy case as required for eligibility
    by 11 U.S.C. § 109(c)(2).
    Asserted by:
    484   Local 324, International Union of Operating Engineers
    486   Local 517M, Service Employees International Union
    504   Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington
          and Bruce Goldman
    505   Michigan Council 25 of The American Federation of State, County
          & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of
          Detroit Retirees
    506   International Union, United Automobile, Aerospace and Agricultural
          Implement Workers of America
    519   General Retirement System of the City of Detroit, Police and Fire
          Retirement System of the City of Detroit
    520   Retired Detroit Police Members Association
    805   Official Committee of Retirees

4.  The Bankruptcy Court does not have the jurisdiction to determine the
    constitutionality of Michigan Public Act 436 of 2012.
    Asserted by:
    384   Krystal Crittendon
    805   Official Committee of Retirees

5.  Detroit's Emergency Manager is not an elected official and therefore did not have
    valid authority to file this bankruptcy case as required for eligibility by 11 U.S.C.
    § 109(c)(2).
    Asserted by:
    384   Krystal Crittendon

<div style="margin-left:2em">

505   Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

805   Official Committee of Retirees

</div>

6.   Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

Asserted by:

484   Local 324, International Union of Operating Engineers

486   Local 517M, Service Employees International Union

495   David Sole

502   Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey

504   Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman

505   Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

506   International Union, United Automobile, Aerospace and Agricultural Implement Workers of America

512   The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association

514   Center for Community Justice and Advocacy

519   General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

520   Retired Detroit Police Members Association

805   Official Committee of Retirees

7.   Because of the proceedings and judgment in *Gracie Webster, et al. v. The State of Michigan, et al.*, Case No. 13-734-CZ (Ingham County Circuit Court), the City is precluded by law from claiming that the Governor's authorization to file this bankruptcy case was valid, as required for eligibility by 11 U.S.C. § 109(c)(2).

Asserted by:

495   David Sole

519   General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

## III. Notice of Hearing on Eligibility Objections That Raise Only Legal Issues

The Court further concludes that a prompt oral argument on these legal issues will promote a just, speedy, and efficient determination of the City's eligibility to be a debtor in Chapter 9 under § 109(c) of the Bankruptcy Code. Accordingly, the Court will hear oral argument on these legal issues on **October 15, 2013 at 10:00 a.m.** and **October 16, 2013 at**

**10:00 a.m.** in Courtroom 716, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan.

At the conclusion of the opening arguments, the Court will offer the objecting parties an opportunity to confer for the purpose of allocating and organizing their rebuttal arguments.

At the conclusion of the oral argument, the Court will not rule on legal issues, but will announce its determination as to which of the objections raise only legal issues and which require the resolution of genuine issues of material fact at the eligibility hearing previously set for October 23, 2013.

## IV. Procedures Regarding Hearing on Eligibility Objections That Appear to Raise Only Legal Issues

At the oral argument, the objecting parties shall proceed first and share 210 minutes for their opening arguments and 60 minutes for their rebuttal arguments. The City and the Attorney General shall then share 210 minutes for their opening arguments and 60 minutes for their surrebuttal arguments.

On the objecting parties' side, the parties that are identified above are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations. Attorney Robert Gordon is requested to organize and supervise these discussions.

Designates of the City, the Michigan Attorney General, the Attorney General of the United States, and the United States Attorney for the Eastern District of Michigan are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations. Attorney David Heiman (or his designate) is requested to organize and supervise these discussions.

By the day before the argument, each side shall file its agreement, if any, regarding the allocation of time and the order of presentation. If either side is unable to agree, the Court will determine the allocation of time among the parties and the order of their presentations, and will announce its determination at the beginning of the argument.

Because the objecting parties as a group are required to comply with the time limits for the oral argument established in this order, some of the objecting parties may be limited in their oral argument on particular legal objections. Therefore, the fact that an objecting party did not present oral argument on a particular legal objection does not constitute a waiver of any written objection made by that party.

## V. Eligibility Objections That Require the Resolution of Genuine Issues of Material Fact

The Court further concludes that the following specific objections require the resolution of genuine issues of material fact at the trial that the Court previously scheduled for October 23, 2013:

8. The City was not "insolvent," as required for eligibility by 11 U.S.C. § 109(c)(3) and as defined in 11 U.S.C. § 101(32)(C).

4

13-53846-swr Doc 2276-3 Filed 08/29/13 Entered 08/29/13 17:38:53 Page 28 of 36
13-53846-swr Doc 822 Filed 09/12/13 Entered 09/12/13 17:38:53 Page 4 of 12   114

Asserted by:
- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
- 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
- 520 Retired Detroit Police Members Association

9. The City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).

Asserted by:
- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
- 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
- 520 Retired Detroit Police Members Association

10. The City did not negotiate in good faith with creditors, as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(B).

Asserted by:
- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
- 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
- 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
- 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
- 512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
- 517 Michigan Auto Recovery Service
- 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
- 520 Retired Detroit Police Members Association
- 805 Official Committee of Retirees

11. The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

Asserted by:

- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
- 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
- 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
- 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
- 512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
- 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
- 805 Official Committee of Retirees

12. The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c).

Asserted by:

- 484 Local 324, International Union of Operating Engineers
- 486 Local 517M, Service Employees International Union
- 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
- 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
- 512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
- 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
- 520 Retired Detroit Police Members Association
- 805 Official Committee of Retirees

## VI. Order Regarding the Eligibility Objection in Paragraph 9

[The Court concludes that Part VI of the original order was imprudent and it is therefore abrogated.]

## VII. Order Regarding Discovery Related to Eligibility Objections and Amendments to Filed Objections

The Court concludes that the following limitations on discovery are appropriate:

1. [The Court concludes that the limitation on discovery in this sentence of the original order was imprudent and it is therefore abrogated.]

2. On the objecting parties' side, discovery may be propounded only by those parties who filed eligibility objections.

Based on evidence obtained during discovery, any objecting party may file an amended objection by October 11, 2013. Any such amended objection shall supersede the party's original objection.

## VIII. Notice of Hearing to Individuals Who Filed Eligibility Objections

The Court recognizes that many individuals (other than those listed in paragraphs 1-12 above), most without counsel, also filed timely objections. The Court offers these individuals an opportunity to be heard on their objections. This hearing will be on **September 19, 2013, at 10:00 a.m.** in Courtroom 716, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan. *Except as ordered in the next paragraph, this opportunity is only for individuals that filed timely objections.* These parties are identified on the attached Exhibit A.

The Court has determined to add the objection filed by Hassan Aleem and Carl Williams (Dkt. #565) to Exhibit A even though their objection was untimely.

Just as the Court imposed time limits on the attorneys identified above, the Court must also impose a time limit on these individuals as well, due to the number of these individuals. Therefore, each individual who filed a timely objection may address the Court for 3 minutes regarding the objection. However, upon their requests, Dennis Taubitz and Heidi Peterson may address the Court for 15 minutes each.

The City shall have 30 minutes to respond. No rebuttal will be permitted.

Due to security screening, the Court encourages the individuals that accept this opportunity to address the Court regarding their eligibility objections to arrive at the courthouse at least 60 minutes before the scheduled start time of the hearing. At 9:00 a.m., the court staff will begin to check in these individuals and will give each party a number establishing the order of speaking.

## IX. Certifications Pursuant to 28 U.S.C. § 2403(a) and (b)

Pursuant to 28 U.S.C. § 2403(a), the Court hereby certifies to the Attorney General of the United States that the constitutionality of Chapter 9 of Title 11 of the United States Code under the United States constitution is drawn in question in this case. The Court permits the United States to intervene for argument on the question of the constitutionality of Chapter 9 of the Bankruptcy Code and shall, subject to the applicable provisions of law, have all the rights of a party.

Pursuant to 28 U.S.C. § 2403(b), the Court hereby certifies to the Attorney General of the State of Michigan that the constitutionality of Michigan Public Act 436 of 2012 under the Michigan constitution is drawn in question in this case. The Court permits the State of Michigan

to intervene for argument on the question of the constitutionality of Michigan Public Act 436 of 2012 under the Michigan constitution and shall, subject to the applicable provisions of law, have all the rights of a party.

## X. Untimely Objections

All untimely objections, identified on the attached Exhibit B, are overruled.

## XI. Opportunity to Comment or Object

[This part of the original order is no longer necessary and it is therefore abrogated.]

## XII. Service

Pursuant to Rule 4(i) Federal Rules of Civil Procedure (applicable to the eligibility objections in this case under Rules 4(a)(1) and 9014(b) of the Federal Rules of Bankruptcy Procedure), the clerk shall also serve copies of the eligibility objections filed by the Official Committee of Retirees, by registered or certified mail, upon both the Attorney General of the United States at Washington, D.C. and the civil process clerk at the United States Attorney's office in the Eastern District of Michigan. Service of this paper upon the Michigan Attorney General has already be accomplished though ECF.

The clerk shall serve this amended order upon Dennis Taubitz, Heidi Peterson, Hassan Aleem, and Carl Williams.

This order supersedes this Court's Order Regarding Eligibility Objections entered on August 26, 2013. (Dkt #642)

It is so ordered.

_____/s/ Steven Rhodes_____
Steven Rhodes
United States Bankruptcy Judge

September 12, 2013

8

13-53846-swr Doc 822-3 Filed 08/29/13 Entered 08/29/13 17:38:53 Page 82 of 136
13-53846-swr Doc 821 Filed 09/12/13 Entered 09/12/13 17:18:57 Page 32 of 36    118

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding
## Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| NAME | Docket # |
|---|---|
| | |
| Michael Abbott | 385 |
| Hassan Aleem | 565 |
| Association of Professional and Technical Employee (APTE) | 482 |
| Aleta Atchinson-Jorgan | 462 |
| Linda Bain | 474 |
| Randy Beard | 480 |
| Russell Bellant | 402,405 |
| Michael G. Benson | 388 |
| Cynthia Blair | 492 |
| Dwight Boyd | 412 |
| Charles D. Brown | 460, 491 |
| Lorene Brown | 403 |
| Paulette Brown | 431 |
| Rakiba Brown | 467 |
| Regina Bryant | 338, 339 |
| Mary Diane Bukowski | 440 |
| David Bullock | 393 |
| Claudette Campbell | 408 |
| Johnnie R. Carr | 413 |
| Sandra Carver | 469 |
| Raleigh Chambers | 409 |
| Alma Cozart | 400 |
| Leola Regina Crittendon | 454 |
| Angela Crockett | 455 |
| Lucinda J. Darrah | 447, 477 |
| Joyce Davis | 392 |
| Sylvester Davis | 435 |
| William Davis | 430 |
| Elmarie Dixon | 414 |
| Mary Dugans | 415 |
| Lewis Dukens | 394 |
| David Dye | 448 |
| Jacqueline Esters | 416 |
| Arthur Evans | 463 |
| Jerry Ford | 432 |
| William D. Ford | 417 |
| Ulysses Freeman | 429 |

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding
## Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| | |
|---|---|
| Olivia Gillon | 401 |
| Donald Glass | 386 |
| Lavarre W. Greene | 465 |
| William Hickey | 442 |
| LaVern Holloway | 397 |
| William J. Howard | 433 |
| Joanne Jackson | 437 |
| Ailene Jeter | 457 |
| Sheilah Johnson | 451 |
| Stephen Johnson | 418 |
| Joseph H. Jones | 389 |
| Sallie M. Jones | 419 |
| Michael Joseph Karwoski | 510 |
| Zelma Kinchloe | 396 |
| Timothy King | 489 |
| Keetha R. Kittrell | 427 |
| Roosevelt Lee | 468 |
| Althea Long | 399 |
| Edward Lowe | 425 |
| Lorna Lee Mason | 428 |
| Deborah Moore | 470 |
| Larene Parrish | 420 |
| Lou Ann Pelletier | 335 |
| Michael K. Pelletier | 337 |
| Heidi Peterson | 513 |
| Deborah Pollard | 421 |
| Helen Powers | 404 |
| Alice Pruitt | 472 |
| Samuel L. Riddle | 422 |
| Kwabena Shabu | 426 |
| Michael D. Shane | 443 |
| Karl Shaw | 398 |
| Frank Sloan, Jr. | 436 |
| Gretchen R. Smith | 494 |
| Cheryl Smith Williams | 458 |
| Horace E. Stallings | 464 |
| Thomas Stephens | 461 |
| Dennis Taubitz | 446 |
| Charles Taylor | 423 |

**EXHIBIT A**

**Individuals Who Are Invited to Address the Court Regarding
Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.**

| | |
|---|---|
| Marzelia Taylor | 475 |
| The Chair of St. Peter | 493 |
| Dolores A. Thomas | 456 |
| Shirley Tollivel | 395 |
| Tracey Tresvant | 390 |
| Calvin Turner | 387 |
| Jean Vortkamp | 439 |
| William Curtis Walton | 411 |
| Jo Ann Watson | 490 |
| Judith West | 444 |
| Preston West | 407 |
| Carl Williams | 565 |
| Charles Williams, II | 391 |
| Floreen Williams | 496 |
| Fraustin Williams | 479 |
| Leonard Wilson | 466 |
| Phebe Lee Woodberry | 459 |
| Anthony G. Wright, Jr. | 485 |

# EXHIBIT B

## Eligibility Objections Overruled Because They Were Untimely

| NAME | Docket # |
|------|---------:|
|  |  |
| Charles Chatman | 539 |
| Andrea Edwards | 532 |
| Richard Johnson El-Bey | 536 |
| Xylia Hall | 541 |
| Diane Hutchersun | 530 |
| Michael Jones | 549 |
| Nettie Reeves | 534 |
| Donald Richardson | 633 |