STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

    vs

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

Case No. 13-734-CZ

HON. ROSEMARIE AQUILINA

RECEIVED

JUL 19 2013

Clerk of the Court
30th Judicial Circuit

---

John R. Canzano (P30417)
McKnight, McClow, Canzano,
   Smith & Radke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034
(248) 345-9650
jcanzano@michworklaw.com
Counsel for Plaintiffs

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Department of Attorney General
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-1162
quasaranot@michigan.gov
devlinb@michigan.gov
Attorneys for Defendants

---

## NOTICE OF SUGGESTION OF PENDENCY OF
## BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY

**PLEASE TAKE NOTICE THAT**, on July 18, 2013 (the "Petition Date"), the City of

Detroit, Michigan (the "City") filed a petition for relief under chapter 9 of title 11 of the United

States Code (the "Bankruptcy Code"). The City's bankruptcy case is captioned *In re City of*

*Detroit, Michigan*, Case No. 13-53846, (Bankr. E.D. Mich.) (the "Chapter 9 Case"), and is

pending in the United States Bankruptcy Court for the Eastern District of Michigan

(the "Bankruptcy Court"). A copy of the voluntary petition filed with the Bankruptcy Court commencing the Chapter 9 Case is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE THAT, in accordance with the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code (the "Stay"), from and after the Petition Date, no act to (i) exercise control over property of the City or (ii) collect, assess or recover a claim against the City that arose before the commencement of the Chapter 9 Case may be commenced or continued against the City without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

PLEASE TAKE FURTHER NOTICE THAT, in accordance with the Stay, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date may be commenced or continued against (i) the City, in any judicial, administrative or other action or proceeding, or (ii) an officer or inhabitant of the City, in any judicial, administrative or other action or proceeding that seeks to enforce a claim against the City, and no related judgment or order may be entered or enforced against the City outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

PLEASE TAKE FURTHER NOTICE THAT actions taken in violation of the Stay, and judgments or orders entered or enforced against the City, or its officers or inhabitants to enforce a claim against the City, while the Stay is in effect, are void and without effect.

**PLEASE TAKE FURTHER NOTICE THAT** the City hereby expressly reserves all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any judgment entered in the above-captioned proceeding as void.

Dated: July 19, 2013

Respectfully submitted,

*Jaclyn Shoshana Levine*

Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Jaclyn Shoshana Levine (P58938)
MILLER, CANFIELD, PADDOCK
    AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com

COUNSEL FOR THE CITY

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re:

City of Detroit, Michigan,                                          Case No. 13-_____

_____ Debtor. ____/

## BANKRUPTCY PETITION COVER SHEET

(The debtor must complete and file this form with the petition in every bankruptcy case. Instead of filling in the boxes on the petition requiring information on prior and pending cases, the debtor may refer to this form.)

### Part 1

"Companion cases," as defined in L.B.R. 1073-1(b), are cases involving any of the following: (1) The same debtor; (2) A corporation and any majority shareholder thereof; (3) Affiliated corporations; (4) A partnership and any of its general partners; (5) An individual and his or her general partner; (6) An individual and his or her spouse; or (7) Individuals or entities with any substantial identity of financial interest or assets.

Has a "companion case" to this case ever been filed at any time in this district or any other district? Yes __ No **X**
(If yes, complete Part 2.)

### Part 2

For each companion case, state in chronological order of cases:

*Not applicable*

If the present case is a Chapter 13 case, state for each companion case:

*Not applicable*

### Part 3 - In a Chapter 13 Case Only

The Debtor(s) certify, re: 11 U.S.C. § 1328(f):          *Not Applicable*
[indicate which]

☐ Debtor(s) received a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

☐ Debtor(s) did not receive a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

☐ Debtor(s) received a discharge in a Chapter 13 case filed during the 2-years before filing this case.

☐ Debtor(s) did not receive a discharge in a Chapter 13 case filed during the 2-years before filing this case.

I declare under penalty of perjury that I have read this form and that it is true and correct to the best of my information and belief.

Kevyn D. Orr
Emergency Manager
City of Detroit

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

Date: July 18, 2013

ATTORNEYS FOR THE CITY OF DETROIT, MICHIGAN

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF MICHIGAN | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>City of Detroit, Michigan | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>38-6004606 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>2 Woodward Avenue<br>Suite 1126<br>Detroit, Michigan        ZIP CODE 48226 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Wayne | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above)<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

☐ Individual (includes Joint Debtors)
    *See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☒ Other (If debtor is not one of the above entities, check
    this box and state type of entity below.)
    Municipality

**Nature of Business**
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in
    11 U.S.C. § 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box.)

☐ Chapter 7
☒ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for
    Recognition of a Foreign
    Main Proceeding
☐ Chapter 15 Petition for
    Recognition of a Foreign
    Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization
    under title 26 of the United States
    Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

☐ Debts are primarily consumer
    debts, defined in 11 U.S.C.
    § 101(8) as "incurred by an
    individual primarily for a
    personal, family, or
    household purpose."

☒ Debts are
    primarily
    business debts.

**Filing Fee** (Check one box.)

☒ Full Filing Fee attached.

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach
    signed application for the court's consideration certifying that the debtor is
    unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must
    attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
    insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment
    on 4/01/16 and every three years thereafter*).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes
    of creditors, in accordance with 11 U.S.C. § 1126(b).

**THIS SPACE IS FOR COURT USE ONLY**

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
    distribution to unsecured creditors.

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| B1 (Official Form 1) (04/13) | Name of Debtor(s): |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | City of Detroit, Michigan |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| ☐ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☒ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | City of Detroit, Michigan |

Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____<br>   Signature of Debtor | X _____ |
| X _____<br>   Signature of Joint Debtor | (Signature of Foreign Representative) |
| Telephone Number (If not represented by attorney) | _____ |
| Date | (Printed Name of Foreign Representative) |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _~~signature~~_____<br>   Signature of Attorney for Debtor(s) | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| David G. Heiman    Bruce Bennett    Jonathan S. Green<br>Heather Lennox    JONES DAY    Stephen S. LaPlante<br>JONES DAY    555 South Flower Street    MILLER, CANFIELD<br>North Point    Fiftieth Floor    PADDOCK AND STONE,<br>901 Lakeside Avenue    Los Angeles, CA 90071    P.L.C.<br>Cleveland, OH 44114    Tel: (213) 243-2382    150 West Jefferson<br>Tel: (216) 586-3939    Fax: (213) 243-2539    Suite 2500<br>Fax: (216) 579-0212    bbennett@jonesday.com    Detroit, MI 48226<br>dgheiman@jonesday.com        Tel: (313) 963-6420<br>hlennox@jonesday.com        Fax: (313) 496-7500<br>            green@millercanfield.com<br>            laplante@millercanfield.com | Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br><br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| _~~July 18, 2013~~_<br>   Date | _____ |
| *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | Address<br><br>_____ |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | X _____<br>   Signature |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | Date |
| X _~~signature~~_____<br>   Signature of Authorized Individual | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| Kevyn D. Orr<br>Printed Name of Authorized Individual | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| Emergency Manager, City of Detroit<br>Title of Authorized Individual | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| July 18, 2013<br>Date | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT

### Eastern District of Michigan

| | | |
|---|---|---|
| In re City of Detroit, Michigan, , | ) | Case No. 13-_____ |
| Debtor. | ) | |
| | ) | |
| | ) | Chapter 9 |

## EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

Certain properties owned by City of Detroit, Michigan (the "City") have been (a) identified by the City as being structurally unsound and in danger of collapse and (b) scheduled for demolition (collectively, the "Demolition Properties"). The Demolition Properties may pose a threat of imminent harm to public health and/or safety. A list of the Demolition Properties is attached hereto as Schedule 1.

To its knowledge, the City currently does not own any property that is a Superfund Site as designated by the United States Environmental Protection Agency. The City currently owns (in whole or in part) various so-called "Brownfields properties" (collectively, the "Brownfields Properties") regulated by the Michigan Department of Environmental Quality. Currently, one or more private parties (rather than the City) are addressing any identified environmental conditions that might be present at the Brownfields Properties. To the City's knowledge, none of the Brownfields Properties are alleged to pose a threat of imminent and identifiable harm to the public health or safety. A representative list of certain Brownfields Properties is attached hereto as Schedule 2.

In addition to the foregoing, the City owns or is possession of approximately 60,000 parcels of land within the City's geographic boundaries and more than 7,000 vacant structures that are not designated as Demolition Properties or Brownfields Properties (collectively, the "Blighted Properties"). It is possible that some of the Blighted Properties could pose a threat to public health or safety. Although the City is not aware of any Blighted Properties currently posing a threat of "imminent and identifiable harm," the City notes the existence of these properties on this Exhibit C out of an abundance of caution.

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

See attached Schedule 1 with respect to the Demolition Properties and the attached Schedule 2 with respect to the Brownfields Properties.

# SCHEDULE 1

## City of Detroit, Michigan Demolition Properties

| Street Address | Property Type | Street Address | Property Type |
|---|---|---|---|
| 3922 14th | Residential | 20245 Derby | Residential |
| 3654 30th | Residential | 125 Dey | Residential |
| 12032 Abington | Residential | 14190 Dolphin | Residential |
| 2668 Anderdon | Residential | 229 Edmund Pl. | Commercial |
| 821 Anderson | Commercial | 3333 Edsel | Residential |
| 13501 Appoline | Residential | 203 Erskine | Residential |
| 7593 Arcola | Residential | 209 Erskine | Residential |
| 14125 Ardmore | Residential | 4417 Ewers | Residential |
| 13476 Arlington | Residential | 19332 Exeter | Residential |
| 13544 Arlington | Residential | 19339 Exeter | Residential |
| 10384 Aurora | Residential | 20467 Exeter | Residential |
| 2457 Beaubien | Commercial | 1731 Fischer | Residential |
| 2486 Beaubien | Residential | 13556 Fleming | Residential |
| 14371 Bentler | Residential | 7666 W. Fort | Commercial |
| 5317 Bewick | Residential | 5334 French Rd. | Residential |
| 19411 Blake | Residential | 6007 Frontenac | Commercial |
| 19700 Bloom | Residential | 18627 Gable | Residential |
| 6072 Braden | Residential | 3727 Garland | Residential |
| 9665 Broadstreet | Residential | 3917 Garland | Residential |
| 9616 Bryden | Residential | 4466 Garland | Residential |
| 6810 Bulwer | Commercial | 4470 Garland | Residential |
| 1454 Burlingame | Residential | 4003 Gilbert | Residential |
| 13469 Caldwell | Residential | 12511 Glenfield | Residential |
| 2009 Campbell | Residential | 14232 Goddard | Residential |
| 14203 E. Canfield | Residential | 14239 Goddard | Residential |
| 19221 Cardoni | Residential | 11648 Grandmont | Residential |
| 19324 Carrie | Residential | 5801 Grandy [1] | Commercial |
| 7626 Central | Residential | 5801 Grandy [2] | Commercial |
| 2535 Chalmers | Residential | 2937 Grant | Residential |
| 8115 Chamberlain | Residential | 5589 Guilford | Residential |
| 13199 Charest | Residential | 222 S. Harbaugh | Residential |
| 20190 Charleston | Residential | 2900 Harding | Residential |
| 3164 Charlevoix | Commercial | 8815 Harper | Commercial |
| 5083 Chatsworth | Residential | 17226 Hasse | Residential |
| 5717 Chene | Commercial | 7975 Hathon | Residential |
| 3636 Cicotte | Residential | 19227 Havana | Residential |
| 3032 Clements | Residential | 19309 Havana | Residential |
| 1117 Concord | Residential | 19321 Havana | Residential |
| 6628 Crane | Residential | 19397 Havana | Residential |
| 1243 Crawford | Residential | 7886 Helen | Residential |
| 2012 Dalzelle | Residential | 6200 Hereford | Residential |
| 20258 Danbury | Residential | 9905 Herkimer | Residential |
| 7787 Dayton | Residential | 1955 Highland | Residential |
| 8475 Dearborn | Residential | 1778 Holcomb | Residential |
| 1950 Dearing | Residential | 4407 Holcomb | Residential |
| 1956 Dearing | Residential | 4412 Holcomb | Residential |
| 1960 Dearing | Residential | 7202 Holmes | Residential |
| 2027 Dearing | Residential | 9278 Holmur | Residential |
| 8839 Dennison | Residential | 19925 Hoover | Commercial |

| Street Address | Property Type |
| --- | --- |
| 6360 Horatio | Residential |
| 15518 Idaho [1] | Commercial |
| 15518 Idaho [2] | Commercial |
| 12748 Ilene | Residential |
| 20136 Ilene | Residential |
| 15778 Iliad | Residential |
| 5290 Ivanhoe | Residential |
| 6435 Julian | Commercial |
| 8545 Kenney | Residential |
| 13989 Kentucky | Residential |
| 13301 Kercheval | Commercial |
| 5925 Kopernick | Residential |
| 17137 Lamont | Residential |
| 17208 Lamont | Residential |
| 3839 Lanman | Residential |
| 5206 Lawndale | Residential |
| 2194 Lemay | Residential |
| 3958 Lemay | Residential |
| 1601 Liddesdale | Residential |
| 1029 Liebold | Residential |
| 5065 Lillibridge | Residential |
| 15744 Livernois | Commercial |
| 12558 Longview | Residential |
| 12767 Loretto | Residential |
| 8881 Louis | Residential |
| 13441 Lumpkin | Residential |
| 14242 Mack (a/k/a 3181 Lakewood) | Commercial |
| 12368 MacKay | Residential |
| 12393 MacKay | Residential |
| 12398 MacKay | Residential |
| 13569 MacKay | Residential |
| 13909 MacKay | Residential |
| 13927 MacKay | Residential |
| 13952 MacKay | Residential |
| 13977 MacKay | Residential |
| 13983 MacKay | Residential |
| 459 Manistique | Residential |
| 12000 Mansfield | Residential |
| 8129 Marcus | Residential |
| 4588 Marseilles | Residential |
| 9343 N. Martindale | Residential |
| 8320 Maxwell | Residential |
| 8326 Maxwell | Residential |
| 4766 McDougall | Commercial |
| 2122 Meade | Residential |
| 2420 Meade | Residential |
| 3697 Medbury | Residential |
| 11654 Meyers | Residential |
| 8911 Milner | Residential |
| 2652 Norman | Residential |
| 10002 Nottingham | Residential |

| Street Address | Property Type |
| --- | --- |
| | Residential |
| 5115 Nottingham | Residential |
| 8811 Olivet | Residential |
| 8917 Otsego | Residential |
| 15799 Parkside | Residential |
| 18401 Pembroke | Residential |
| 11172 Promenade | Commercial |
| 2101 Puritan | Residential |
| 5807 Renville | Residential |
| 1957 Richton | Residential |
| 534 W. Robinwood | Residential |
| 6119 Rohns | Unknown |
| 14381 Rosa Parks Blvd. | Residential |
| 11735 Rutherford | Residential |
| 6835 Seminole | Commercial |
| 5737 E. Seven Mile | Residential |
| 2008 Sharon | Residential |
| 13422 Shields | Commercial |
| 10201 Shoemaker | Commercial |
| 10956 Shoemaker | Residential |
| 6750 Sparta | Commercial |
| 14291 Spring Garden | Residential |
| 4467 St. Clair | Residential |
| 6915 St. John | Residential |
| 7180 St. John | Commercial |
| 18805 St. Louis | Residential |
| 1928 Stanley | Residential |
| 12746 Strasburg | Residential |
| 8104 Thaddeus | Residential |
| 4832 Toledo | Residential |
| 6195 Townsend | Residential |
| 9778 Traverse | Residential |
| 17231 Trinity | Residential |
| 2634 Tuxedo | Residential |
| 2522-4 Tyler | Residential |
| 2660 Tyler | Commercial |
| 9526 Van Dyke | Residential |
| 2030 Vinewood | Commercial |
| 5757 Vinewood | Residential |
| 15451 Virgil | Commercial |
| 15300 E. Warren (Bldgs. 101 & 102) | Commercial |
| 64 Watson | Unknown |
| 6414 Willette | Residential |
| 4364 Woodhall | Residential |
| 11640 Woodmont | Residential |
| 12075 Woodmont | Residential |
| 12136 Woodmont | Residential |
| 12153 Woodmont | Residential |
| 11365 Yosemite | Residential |
| 11402 Yosemite | Residential |

-3-

## SCHEDULE 2

## City of Detroit, Michigan Brownfields Properties

| Name of Site | Description |
|---|---|
| Former Detroit Coke Site | 7819 West Jefferson Avenue |
| Belleview Development (Uniroyal) Site | 600 East Jefferson. 43-acre former Uniroyal site located in the East Riverfront District, bounded by Jefferson Avenue (to the north), MacArthur Bridge (to the east), Detroit River (to the south) and Meldrum Street (to the west). |
| Riverside Park Site | 3085 West Jefferson Avenue. West Grand Boulevard and 24th Street along the Detroit River. |



# EMERGENCY MANAGER
## CITY OF DETROIT

### ORDER No. 13

### FILING OF A PETITION UNDER CHAPTER 9
### OF TITLE 11 OF THE UNITED STATES CODE

BY THE AUTHORITY VESTED IN THE EMERGENCY MANAGER
FOR THE CITY OF DETROIT
PURSUANT TO MICHIGAN'S PUBLIC ACT 436 OF 2012,
KEVYN D. ORR, THE EMERGENCY MANAGER,
ISSUES THE FOLLOWING ORDER:

*Whereas*, on March 28, 2013, Michigan Public Act 436 of 2012 ("PA 436") became effective and Kevyn D. Orr became the Emergency Manager (the "EM") for the City of Detroit (the "City") with all the powers and duties provided under PA 436; and

Pursuant to section 9(2) of PA 436, the EM "shall act for and in the place and stead of" the Detroit Mayor and City Council; and

Section 9(2) of PA 436 also grants the EM "broad powers in receivership to rectify the financial emergency and to assure the fiscal accountability of the [City] and the [City's] capacity to provide or cause to be provided necessary governmental services essential to the public health, safety, and welfare;" and

Pursuant to section 10(1) of PA 436, the EM may "issue to the appropriate local elected and appointed officials and employees, agents, and contractors of the local government the orders the [EM] considers necessary to accomplish the purposes of this act;" and

Section 18(1) of PA 436 provides that "[i]f, in the judgment of the [EM], no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the [EM] may recommend to the governor and the

state treasurer that the local government be authorized to proceed under chapter 9" of title 11 of the United States Code (the "Bankruptcy Code"); and

Section 18(1) of PA 436 further provides that "[i]f the governor approves of the [EM's] recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision.... Upon receipt of the written approval, the emergency manager is authorized to proceed under chapter 9 [of the Bankruptcy Code]. This section empowers the local government for which an emergency manager has been appointed to become a debtor under [the Bankruptcy Code], as required by section 109 of [the Bankruptcy Code], and empowers the emergency manager to act exclusively on the local government's behalf in any such case under chapter 9" of the Bankruptcy Code; and

In accordance with section 18 of PA 436, the EM has recommended to the Governor of Michigan (the "Governor") and the Michigan State Treasurer (the "State Treasurer") that the City be authorized to proceed under chapter 9 of the Bankruptcy Code (the "Recommendation"); and

The Governor has provided the State Treasurer and the EM with his written approval of the Recommendation, a true and correct copy of which is attached hereto as Exhibit A, thereby authorizing the City to proceed under chapter 9.

**It is hereby ordered that:**

1. The City shall file a petition for relief under chapter 9 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court").

2. The City's Corporation Counsel, financial advisors, outside legal advisors and other officers and employees of the City, as applicable, are hereby authorized and directed, on behalf of and in the name of the City, to execute and verify the Petition and related Bankruptcy Court filings and perform any and all such acts as are reasonable, appropriate, advisable, expedient, convenient, proper or necessary to carry out this Order, as and to the extent directed by the EM or his designee.

3. If any component of this Order is declared illegal, unenforceable or ineffective in a legal or other forum or proceeding such component shall be deemed severable so that all other components contained in this Order shall remain valid and effective.

4. This Order is effective immediately upon the date of execution below.

5. This Order shall be distributed to the Mayor, City Council members and all department heads.

6. The EM may modify, rescind, or replace this Order at any time.

By: _____
Kevyn D. Orr
Emergency Manager
City of Detroit

Dated: July 18, 2013

cc: State of Michigan Department of Treasury
Mayor David Bing
Members of Detroit City Council

3

# EXHIBIT A

## Governor's Written Approval of Recommendation



RICK SNYDER
GOVERNOR

BRIAN CALLEY
LT. GOVERNOR

VIA HAND AND ELECTRONIC DELIVERY

July 18, 2013

Kevyn D. Orr
Emergency Manager
City of Detroit
Coleman A. Young Municipal Center
2 Woodward Ave., Suite 1126
Detroit, MI 48226

Andrew Dillon
State Treasurer
Michigan Department of Treasury
4th Floor Treasury Building
430 W. Allegan Street
Lansing, MI 48992

Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding

Dear Mr. Orr and Mr. Dillon,

I have reviewed Mr. Orr's letter of July 16, 2013, requesting my approval of his recommendation to commence a bankruptcy proceeding for the City of Detroit under Chapter 9 of title 11 of the United States Code. As you know, state law requires that any such recommendation must first be approved by the Governor before the emergency manager may take that step. MCL 141.1558. For the reasons discussed below, I hereby approve that recommendation and authorize Mr. Orr to make such a filing.

## Current Financial Emergency

In reviewing Mr. Orr's letter, his Financial and Operating Plan, and his report to creditors, it is clear that the financial emergency in Detroit cannot be successfully addressed outside of such a filing, and it is the only reasonable alternative that is available. In other words, the City's financial emergency cannot be satisfactorily rectified in a reasonable period of time absent this filing.

I have reached the conclusion that this step is necessary after a thorough review of all the available alternatives, and I authorize this necessary step as a last resort to return this great City to financial and civic health for its residents and taxpayers. This decision comes in the wake of 60 years of decline for the City, a period in which reality was often

ignored. I know many will see this as a low point in the City's history. If so, I think it will also be the foundation of the City's future -- a statement I cannot make in confidence absent giving the City a chance for a fresh start, without burdens of debt it cannot hope to fully pay. Without this decision, the City's condition would only worsen. With this decision, we begin to provide a foundation to rebuild and grow Detroit.

Both before and after the appointment of an emergency manager, many talented individuals have put enormous energy into attempting to avoid this outcome. I knew from the outset that it would be difficult to reverse 60 years of decline in which promises were made that did not reflect the reality of the ability to deliver on those promises. I very much hoped those efforts would succeed without resorting to bankruptcy. Unfortunately, they have not. We must face the fact that the City cannot and is not paying its debts as they become due, and is insolvent.

After reading Mr. Orr's letter, the Financial and Operating Plan, and the report to creditors, I have come to four conclusions.

1. Right now, the City cannot meet its basic obligations to its citizens.

2. Right now, the City cannot meet its basic obligations to its creditors.

3. The failure of the City to meet its obligations to its citizens is the primary cause of its inability to meet its obligations to its creditors.

4. The only feasible path to ensuring the City will be able to meet obligations in the future is to have a successful restructuring via the bankruptcy process that recognizes the fundamental importance of ensuring the City can meet its basic obligations to its citizens.

I will explain how I came to each conclusion.

**Inability to Meet Obligations to Its Citizens.** As Mr. Orr's Financial and Operating Plan and the June 14 Creditor Proposal have noted, the scale and depth of Detroit's problems are unique. The City's unemployment rate has nearly tripled since 2000 and is more than double the national average. Detroit's homicide rate is at the highest level in nearly 40 years, and it has been named as one of the most dangerous cities in America for more than 20 years. Its citizens wait an average of 58 minutes for the police to respond to their calls, compared to a national average of 11 minutes. Only 8.7% of cases are solved, compared to a statewide average of 30.5%. The City's police cars, fire trucks, and ambulances are so old that breakdowns make it impossible to keep up the fleet or properly carry out their roles. For instance, only a third of the City's ambulances were in service in the first quarter of 2013. Similarly, approximately 40% of the City's street lights were not functioning in that quarter and the backlog of complaints is more than 3,300 long. Having large swaths of largely abandoned structures -- approximately 78,000 -- creates additional public safety problems and reduces the quality of life in the City. Mr. Orr is correct that meeting the obligations the City has to

its citizens to provide basic services requires more revenue devoted to services, not less.

**Inability to Meet Obligations to Its Creditors.** The City has more than $18 billion in accrued obligations. A vital point in Mr. Orr's letter is that Detroit tax rates are at their current legal limits, and that even if the City was legally able to raise taxes, its residents cannot afford to pay additional taxes. Detroiters already have a higher tax rate than anywhere in Michigan, and even with that revenue the City has not been able to keep up with its basic obligations, both to its citizens and creditors. Detroit simply cannot raise enough revenue to meet its current obligations, and that is a situation that is only projected to get worse absent a bankruptcy filing.

**Failure to Meet Obligations to Citizens Creates Failure to Meet Obligations to Creditors.** Mr. Orr's letter and prior report put in stark reality the dramatic impact of the City's plummeting population. While many who love Detroit still live there, many other Detroiters at heart could not justify the sacrifice of adequate services. The City's population has declined 63% from its peak, including a 28% decline since 2000. That exodus has brought Detroit to the point that it cannot satisfy promises it made in the past. A decreasing tax base has made meeting obligations to creditors impossible. Mr. Orr is correct when he says the City cannot raise the necessary revenue through tax increases, and it cannot save the necessary revenue through reducing spending on basic services. Attempts to do so would only decrease the population and tax base further, making a new round of promises unfulfillable.

**Only One Feasible Path Offers a Way Out.** The citizens of Detroit need and deserve a clear road out of the cycle of ever-decreasing services. The City's creditors, as well as its many dedicated public servants, deserve to know what promises the City can and will keep. The only way to do those things is to radically restructure the City and allow it to reinvent itself without the burden of impossible obligations. Despite Mr. Orr's best efforts, he has been unable to reach a restructuring plan with the City's creditors. I therefore agree that the only feasible path to a stable and solid Detroit is to file for bankruptcy protection.

The past weeks have reaffirmed my confidence that Mr. Orr has the right priorities when it comes to the City of Detroit. I am reassured to see his prioritization of the needs of citizens to have improved services. I know we share a concern for the public employees who gave years of service to the City and now fear for their financial future in retirement, and I am confident that all of the City's creditors will be treated fairly in this process. We all believe that the City's future must allow it to make the investment it needs in talent and in infrastructure, all while making only the promises it can keep. Let us remain in close communication regarding measures Mr. Orr might take so we can discuss the possible impacts that might occur both within and outside of the City.

## Contingencies

2012 PA 436 provides that my approval of the recommendation to commence a Chapter 9 proceeding may place contingencies on such a filing. MCL 141.1558(1). I am choosing not to impose any such contingencies today. Federal law already contains the most important contingency – a requirement that the plan be legally executable. 11 USC 943(b)(4).

## Conclusion

In conclusion, I find Mr. Orr's Recommendation Letter to be persuasive, especially in conjunction with his prior reports laying out the level of services the City can provide and its financial ability to meet its obligations to creditors. I am also convinced that Mr. Orr has exercised his best efforts to arrive at a restructuring plan with the City's creditors outside of bankruptcy, to no avail. Given these facts, the only feasible path to sustainability for the City of Detroit is a filing under chapter 9 of the bankruptcy code. Therefore, I hereby approve Mr. Orr's recommendation and authorize the emergency manager to make such a filing on behalf of the City of Detroit and to take all actions that are necessary and appropriate toward that end.

Sincerely,

Richard D. Snyder
Governor
State of Michigan

Dept of Attorney General

JUL 3 1 2013

State Operations Division
RECEIVED

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

        vs

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

Case No. 13-734-CZ

HON. ROSEMARIE AQUILINA

---

John R. Canzano (P30417)
McKnight, McClow, Canzano,
   Smith & Radke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034
(248) 345-9650
jcanzano@michworklaw.com
Counsel for Plaintiffs

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Department of Attorney General
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-1162
quasaranot@michigan.gov
devlinb@michigan.gov
Attorneys for Defendants

---

**PROOF OF SERVICE**

    I certify that a copy of the Notice of Suggestion of Pendency of Bankruptcy Case and

Application of the Automatic Stay and this Proof of Service were served via electronically and

ordinary first class, U.S. mail, this 19th day of July 19, 2013, in a properly addressed, sealed

envelope, with postage fully prepaid, upon the following:

John R. Canzano (P30417)
McKnight, McClow, Canzano,
   Smith & Radke, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034
*jcanzano@michworklaw.com*

Thomas Quasarano
Brian Devlin
Assistant Attorneys General
Department of Attorney General
P.O. Box 30754
Lansing, Michigan 48909
*quasaranot@michigan.gov*
*devlinb@michigan.gov*

I declare under the penalties of perjury that the foregoing statement is true and correct to the best of my information and belief.

Kimberly L. Scott (P69706)
Miller, Canfield, Paddock and Stone, PLC
101 N. Main Street
Ann Arbor, MI 48104
Phone: (734) 668-7696

HONORABLE ROSEMARIE E. AQUILINA
INGHAM COUNTY CIRCUIT JUDGE
GENERAL TRIAL DIVISION

313 W. KALAMAZOO STREET
LANSING, MICHIGAN 48933
PHONE: (517) 483-6526
FAX: (517) 483-6534
E-MAIL: RAQUILINA@INGHAM.ORG



# State of Michigan
## Ingham County Circuit Court

### PROOF OF SERVICE

I hereby certify I served a copy of the Order of Declaratory Judgment in case number 13-734-CZ upon Plaintiffs, Defendants, and the President of the United States, Barack Obama, by placing the Order of Declaratory Judgment in case number 13-734-CZ in sealed envelopes addressed to John R. Canzano, attorney for Plaintiffs, Thomas Quasarano and Brian Devlin, attorneys for Defendants, and President Barack Obama, and deposited for mailing with the United States Mail at Lansing, Michigan on July 23, 2013.

JOHN R. CANZANO
McKNIGHT, McCLOW, CANZANO, SMITH & RADTKE, P.C.
400 GALLERIA OFFICENTRE, SUITE 117
SOUTHFIELD, MICHIGAN 48034

THOMAS QUASARANO
BRIAN DEVLIN
ASSISTANT ATTORNEY GENERAL
STATE OPERATIONS DIVISION
2ND FLOOR G. WILLIAMS BUILDING
525 WEST OTTAWA STREET
P.O. BOX 30754
LANSING, MICHIGAN 48909

PRESIDENT BARACK OBAMA
PRESIDENT OF THE UNITED STATES OF AMERICA
THE WHITE HOUSE
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

Dept of Attorney General

AUG 0 6 2013

State ...

**Morgan E. Cole (P75166)**
Law Clerk to the Honorable Rosemarie E. Aquilina

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

Case No. 13-734-CZ
Hon.   Rosemarie Aquilina

_____/

## ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this 19th day of July, 2013.

PRESENT: *Rosemarie E Aquilina*
Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the

constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial

Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436

permits the Governor to authorize an emergency manager to proceed under chapter 9 of the

bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter

9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

A copy of this Order shall be transmitted to President Obama.

It is so Ordered.

Rosemarie E. Aquilina

Circuit Court Judge

P 37670

```
 1                    STATE OF MICHIGAN
          30TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF INGHAM
 2                       CIVIL DIVISION

 3    THE GENERAL RETIREMENT SYSTEM
      OF THE CITY OF DETROIT, and THE
 4    POLICE AND FIRE RETIREMENT SYSTEM
      OF THE CITY OF DETROIT,
 5
                   Plaintiffs,
 6    v                                   Case No. 13-768-CZ
                                    Hon. Rosemarie Aquilina
 7    KEVYN D. ORR, in his official capacity
      as the EMERGENCY MANAGER OF THE CITY OF
 8    DETROIT, and RICHARD SNYDER, in his
      official capacity as the GOVERNOR OF THE
 9    STATE OF MICHIGAN,

10                   Defendants.
      _____/
11    GRACIE WEBSTER and
      VERONICA THOMAS,
12
                   Plaintiffs,
13    v                                   Case No. 13-734-CZ
                                    Hon. Rosemarie Aquilina
14    THE STATE OF MICHIGAN; RICHARD
      SNYDER, as Governor of the State
15    of Michigan; and ANDY DILLON,
      as Treasurer of the State of
16    Michigan,
                   Defendants.
17    _____/
      ROBBIE FLOWERS, MICHAEL WELLS,
18    JANET WHITSON, MARY WASHINGTON,
      and BRUCE GOLDMAN,
19
                   Plaintiffs,
20    v                                   Case No. 13-729-CZ
                                    Hon. Rosemarie Aquilina
21    RICK SNYDER, as the Governor of the
      State of Michigan; ANDY DILLON, as
22    the Treasurer of the State of Michigan;
      and the STATE OF MICHIGAN,
23
                   Defendants.
24    _____/

25            MOTION FOR PRELIMINARY INJUNCTION


                                                          1
```

```
 1              BEFORE THE HON. ROSEMARIE AQUILINA, CIRCUIT JUDGE

 2              Ingham County, Michigan - Thursday, July 18, 2013

 3

 4       APPEARANCES:

 5       For Plaintiffs Retirement Systems:
                              RONALD A. KING (P45088)
 6                            MICHAEL J. PATTWELL (P72419)
                              CLARK HILL PLC
 7                            212 East Grand River Ave.
                              Lansing, MI 48906
 8       For Plaintiffs Webster, et al.:
                              JOHN R. CANZANO (P30417)
 9                            Smith & Radtke, PC
                              400 Galleria Officentre, Ste. 117
10                            Southfield, MI  48034

11       For Plaintiffs Flowers, et al.:
                              WILLIAM A. WERTHEIMER (P26275)
12                            Attorney at Law
                              30515 Timberbrook Lane
13                            Bingham Farms, MI  48025

14       For the Defendants:  THOMAS QUASARANO (P27982)
                              Assistant Attorney General
15                            State Operations Division
                              P.O. Box 30754
16                            Lansing, MI 48909

17

18

19       REPORTED BY:         Melinda I. Dexter, RMR, RPR, CSR-4629
                              Official Court Reporter
20                            313 W. Kalamazoo
                              Post Office Box 40771
21                            Lansing, MI  48901-7971

22

23

24

25
```

2

```
1                    T A B L E   O F   C O N T E N T S

2

3

4

5        WITNESSES:

6            None

7

8

9

10

11       EXHIBITS:

12           None

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    Ingham County, Mi    an
2    Thursday, July 18, 2013 - At 4:15 p.m.
3        MR. KING: Good afternoon.
4        THE COURT: Good afternoon. We have everybody
5    here?
6        MR. KING: They are.
7        THE COURT: All right. This is Docket
8    13-768-CZ, the General Retirement System of the City of
9    Detroit and the Police and Fire Retirement System of the
10    City of Detroit versus Kevin D. Orr, in his official
11    capacity as the Emergency Manager of the City of Detroit,
12    and Richard Snyder, in his official capacity as the
13    Governor of the State of Michigan.
14        Counsel, your appearances for the record.
15        MR. KING: Good afternoon, your Honor. Ron
16    King with Clark Hill on behalf of the Plaintiffs, the
17    General Retirement System of the City of Detroit and the
18    Police and Fire Retirement System of the City of Detroit.
19        THE COURT: Welcome.
20        MR. KING: Thank you.
21        MR. QUASARANO: Your Honor, if I may, Thomas
22    Quasarano, Assistant Attorney General, that will be
23    appearing in this case on behalf of the Defendant. I
24    believe the Defendant was served yesterday. We have not
25    received a request for representation, but I'm very

1    likely going to be asked to represent the Governor.
2        THE COURT: Sir?
3        MR. WERTHEIMER: Excuse me, your Honor,
4    William Wertheimer. I apologize for my dress.
5        THE COURT: No problem. I know it's last
6    minute. I don't care how people are dressed. It's more
7    important that you are here.
8        MR. WERTHEIMER: Thank you, your Honor. I was
9    here to file my reply brief today for the Monday hearing.
10    I am now here knowing that this motion has been filed,
11    and I wanted to enter my appearance.
12        THE COURT: All right. You may have a seat.
13    There is plenty of room for all.
14        MR. WERTHEIMER: Thank you.
15        MR. CANZANO: Your Honor, excuse me, John
16    Canzano, Plaintiffs' attorney in the Webster case. Same
17    as Mr. Wertheimer, we just found out about this. I'm
18    here. My reply brief is being filed. I have a judge's
19    copy here somewhere.
20        THE COURT: All right. Have a seat.
21        MR. KING: Your Honor --
22        THE COURT: Anybody else?
23        MR. PATTWELL: Your Honor, Michael Pattwell
24    from Clark Hill on behalf of Plaintiffs.
25        THE COURT: Thank you.

1        C    .el?
2        MR. KING: Your Honor, Ron King again on behalf
3    of the Plaintiffs, the Detroit Retirement Systems. We
4    might need to beg the Court's indulgence. While we
5    appreciate that you have seen us on very short notice,
6    we've been advised that the City has filed, and we're
7    pulling it up on the electronic filing system, so we
8    might need a few minutes here to figure out our very next
9    step.
10        THE COURT: Okay.
11        MR. KING: Because the effect of a bankruptcy
12    filing, if, in fact, that's -- we're trying to conform
13    that. We think, in fact, it has been filed here within
14    the last hour. So we probably need about a
15    ten-minute recess here, if the Court would indulge us. I
16    know you have another matter.
17        THE COURT: Do we want to make a phone call?
18        MR. KING: Yeah. We can, but we're pretty --
19        THE COURT: Well, here's the thing: If they
20    haven't filed, we need to hurry up and proceed. If they
21    have filed --
22        MR. KING: We're pretty confident that they
23    filed.
24        Right?
25        I mean, we're pulling it up. Yeah. It's been

1    confirmed. So I'm not sure where that leaves us with
2    this proceeding because it's going to be pretty hard to
3    undue. It's been done.
4        MR. WERTHEIMER: There is no automatic stay in
5    this.
6        MR. KING: Yeah. What we're here for -- the
7    really --
8        What counsel is saying is there is no automatic
9    stay with respect to this proceeding. So in our
10    judgment, this matter will proceed. What you have before
11    you, however, is a motion for temporary restraining order
12    to enjoin certain conduct that's already occurred. So
13    I'm not sure that we really have a lot of business in
14    front of the Court at this moment, but I would like to
15    just confer for about ten minutes on that issue because
16    we will proceed in the case. And if we're here and you
17    want to take the time to set some sort of expedited
18    briefing schedule, we could do that also.
19        It's quite likely that you, your Honor, will be
20    able to make a ruling on the merits of this case in
21    advance of whatever occurs in the context of a Chapter 9
22    filing.
23        THE COURT: I plan on making a ruling on
24    Monday. I could make a ruling tomorrow, if push came to
25    shove, but Monday would probably be soon enough. I am

1  confident that the bankrupt    ourt won't act as quickly
2  as I will.
3      MR. KING: Yeah. I'm not sure, but we'll see.
4  I mean, there might -- but, nevertheless, so we should --
5      If you're prepared to rule on the merits on
6  Monday, again I'm not sure what -- if there is much
7  business for us left to do before the Court today.
8      THE COURT: Unless some kind of -- I don't
9  really have any authority over them, so.
10     MR. KING: Right.
11     THE COURT: I don't think anything --
12     Counsel?
13     MR. WERTHEIMER: Your Honor, the motion that's
14  up for Monday, our motion at least that's up for Monday,
15  is a request for a preliminary injunction to enjoin the
16  Governor. We have no evidence the Governor has
17  authorized any bankruptcy, and we would not only want to
18  go forward on Monday but ask that the motion for
19  preliminary injunction be moved up to now, hopefully, to
20  tomorrow morning if the Court will not hear it now. But
21  I don't think there is any reason why the Court cannot
22  hear our motion for preliminary injunction.
23     I'm not talking about in terms of the Court's
24  preparedness but in terms of the apparent filing. They
25  may have filed. But nobody -- I asked the Governor's

1  Office before we came in here -- er, the Attorney General
2  whether they could make any representations to me that
3  would obviate the need for me going forward, and they
4  could not.
5      So we've got a written, fully briefed request/
6  motion for preliminary injunction. The Attorney
7  General's Office has briefed it. Time is obviously of
8  the essence. I would suggest that the Court hear our
9  motion to preliminarily enjoin the Governor authorizing a
10  bankruptcy now.
11     MR. CANZANO: Your Honor, I would make
12  essentially the same request except that our motion,
13  although it seeks preliminary injunctive relief in the
14  alternative, it primarily seeks a final declaratory
15  judgment that what has just happened, apparently, is
16  unconstitutional, and that is ready for a final decision
17  we were saying on Monday. We have a reply brief that has
18  just been filed, and we could -- this Court
19  could issue that order immediately, and I don't know what
20  the consequences for the bankruptcy court would be,
21  necessarily, but I think it would -- it might make a
22  difference.
23     MR. WERTHEIMER: I'm sorry, and I think that at
24  a minimum, your Honor, I think we should -- I think the
25  Court should decide the preliminary injunction now, but

1  we should     out from the Office of the Attorney
2  General whether the Governor has authorized a bankruptcy
3  that has done the act that we were attempting to enjoin
4  and that they knew we were attempting to enjoin and that
5  they've known for the last two weeks and that they're
6  filing briefs on saying that it's not ripe. The
7  attorneys for the Government have represented to this
8  Court that our motion is not ripe.
9      THE COURT: I just received a note from my law
10  clerk that says the bankruptcy was filed at 4:06.
11     MR. KING: Right. Your Honor, so what we'd
12  like to do here is amend our emergency motion for
13  temporary restraining order and get it and request from
14  this Court an order enjoining the Governor and the
15  Emergency Manager from taking any further action in the
16  bankruptcy proceeding, and we'll modify our order to that
17  effect.
18     MR. WERTHEIMER: I would join that as to the
19  Governor. We have not sued the Detroit Emergency
20  Manager, but I would orally join in that motion as to the
21  Governor and the Secretary of the Treasury.
22     MR. CANZANO: I would say the same in our case.
23  We're not joining their motion but we're making a motion
24  in our case that would be the same as theirs only against
25  the Governor.

1      THE COURT: Granted, as to all of your
2  requests.
3      How soon are you going to present me with an
4  order?
5      MR. KING: Right now.
6      THE COURT: All right.
7      MR. KING: We just need to mark up the order
8  that we have for the Court.
9      THE COURT: Absolutely.
10     MR. QUASARANO: Your Honor, if I may, we would
11  ask that the Court stays enforcement of the order, and
12  your ruling on that would be appreciated at this time.
13     THE COURT: Denied.
14     MR. QUASARANO: Thank you. We'll present an
15  order as soon as possible.
16     THE COURT: Thank you.
17     MR. QUASARANO: Thank you, Judge.
18     MR. WERTHEIMER: And, your Honor, we will need a few
19  minutes to prepare a written order, but if we can --
20     THE COURT: Well, sir, would you like to copy
21  that and modify what they're doing? My law clerk will be
22  happy to help you.
23     MR. WERTHEIMER: Thank you, your Honor.
24     THE COURT: As to your stay, you'll be getting
25  that to me in --

1    MR. QUASARANO:    be I can just make a call
2  and get an order over to you right yet today.
3        THE COURT:  Sure.  You can even handwrite it.
4  I don't care how we do it.  You can run it over here, fax
5  it over here; whatever gets you the job done.  Time is of
6  the essence.
7        MR. QUASARANO:  I appreciate that.
8        MR. KING:  (Approaching the bench.)
9        Your Honor, Ron King again on behalf of the
10  Plaintiffs.  If we could go back on the record.
11        THE COURT:  Excuse me.
12        MR. KING:  We'd like to set the sequence of
13  events in terms of how things have transpired in the last
14  hour, if you will.  Just for the record, our motion for
15  emergency temporary restraining order was filed at
16  3:37 p.m.; that is, today, July 18th.  We promptly, well
17  in advance of 4 o'clock and probably within -- well,
18  actually, we had delivered prior to the filing time at
19  3:37 judge's copies to chambers for your review.
20        Then we waited for the Attorney General, who
21  doesn't feel compelled to make an appearance here in this
22  case because he hasn't actually been officially retained
23  yet, but, nevertheless, as a courtesy we waited for him
24  to appear, which he came upstairs sometime around 4:10.
25  We understand the bankruptcy filing was at 4:05?

1        THE COURT:  4:06.
2        MR. KING:  4:06.  The Court took the bench at
3  approximately 4:20.  And to the extent your Honor has had
4  an opportunity to read the papers and was inclined to
5  make a ruling, if you'd be willing to put that on the
6  record, then in the -- when we do seek dismissal of the
7  bankruptcy proceeding, we'll have some clear record of
8  the sequence of events here.
9        MR. WERTHEIMER:  Just to add, in terms of the
10  sequence of events, I did advise by telephone
11  Mr. Quasarano of the fact that I would be in court and
12  that it was my understanding that Clark Hill was going to
13  be in court seeking a temporary restraining order.  I
14  talked to him by phone before 4 this afternoon, sometime
15  between 3:30 and 4.
16        MR. QUASARANO:  And I could confirm that
17  Mr. Wertheimer gave me the professional curtesy of
18  letting me know that there was a hearing being planned.
19  I had no -- we have no personal knowledge in our division
20  of a bankruptcy being filed any certain time or date, so
21  there is nothing we could provide in terms of a response
22  that there is going to be a bankruptcy filed.  So we
23  learned it as everyone else learned.
24        THE COURT:  All right.  And obviously I heard
25  this was happening.  I had another hearing that was

1  supposed    ... place at 4 o'clock, and I understood
2  this was a very important issue, and we obviously have a
3  hearing scheduled, another hearing scheduled, at
4  9 o'clock on Monday.
5        So I advised my law clerk that we had a
6  4 o'clock hearing that wasn't going to take very long,
7  and whenever you all got here and that we would wait for
8  all of the attorneys, we would then have a hearing and to
9  let me know when everybody was in place and then I would
10  come out.
11        So that's exactly what happened.  She let me
12  know everybody was here, gave me the paperwork to look
13  over, and, of course, I did just that.  And we got out of
14  here as quickly as we could, obviously not in time
15  because 4:06 occurred and they did what they were going
16  to do, which I know you all raised here.
17        I did have an opportunity to -- with review of
18  what was filed, and you're asking me what I would have
19  done, and it was my intention, after reviewing what you
20  had filed, in addition to other research that my capable
21  externs from Cooley and from Michigan State, as well as
22  my very capable law clerk pulled for me, I reviewed
23  constitutional provisions, I reviewed legislative intent,
24  I reviewed what you all provided me, I reviewed a lot of
25  information in the last few hours, and it was my

1  intention to grant you your request completely.
2        MR. KING:  Thank you, your Honor.  Appreciate
3  your clarifying the record.
4        MR. WERTHEIMER:  Thank you, your Honor.
5  Your Honor, we have a proposed order.
6        THE COURT:  You may approach.  Thank you.
7        MR. WERTHEIMER:  Thank you.  It is handwritten.
8  (Approaching the bench.)
9        THE COURT:  No problem.
10        MR. WERTHEIMER:  And for caption, it just says,
11  at this point, Flowers Caption.
12        THE COURT:  Okay.
13        MR. WERTHEIMER:  I had some help in drafting
14  too if you can't read the --
15        THE COURT:  We'll make it work.
16        MR. WERTHEIMER:  Okay.  Thank you, Judge.
17        MR. KING:  We may be back tomorrow, your Honor.
18        MR. WERTHEIMER:  We may be back too,
19  your Honor.  And if we are, I will be in a suit.
20        THE COURT:  It's okay.  As long as your body is
21  covered, I don't care what's it's covered with.
22        MR. KING:  I think with respect to the present
23  motion before you, we have an order in place and
24  appreciate you making the accomodation and time for us
25  today.  Thank you.

```
 1          THE COURT:  No problem.
 2          Now, if you're back tomorrow, what is it going
 3    to be for?
 4          MR. KING:  We might file a mandamus action
 5    requiring the EM to withdraw the Chapter 9 filing.
 6          THE COURT:  Will this require time on the
 7    record?
 8          MR. KING:  Yes.
 9          THE COURT:  Okay.  My time restriction is that
10    I have my morning free until about 1:30.  Can you get it
11    here before 1:30?
12          MR. PATTWELL:  Yes.
13          MR. KING:  Absolutely.
14          THE COURT:  I'll make myself available all
15    morning until 1:30.
16          MR. KING:  Thank you, your Honor.
17          THE COURT:  Okay.
18          MR. CANZANO:  May I approach, your Honor?  I
19    have an order drafted also.
20          THE COURT:  You may.
21          MR. CANZANO:  (Approaching the bench.)
22          THE COURT:  Okay.  We'll make you copies, and
23    this is our copy.
24          Anything else for the record?
25          MR. KING:  No, your Honor.  Thank you.
```
16

```
 1          MR. WERTHEIMER:  No, your Honor.  Thank you.
 2          THE COURT:  That's all for the record.  Thank
 3    you.
 4                (At 4:38 p.m., the matter is
 5                concluded.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

```
 1      STATE OF MICHIGAN)
                          ) SS.
 2      COUNTY OF INGHAM)

 3

 4                    CERTIFICATE OF REPORTER

 5

 6            I, Melinda I. Dexter, Certified Shorthand

 7      Reporter, do hereby certify that the foregoing

 8      17 pages comprise an accurate, true, and complete

 9      transcript of the proceedings and testimony taken in the

10      case of The General Retirement System of the City of

11      Detroit, et al., versus Kevyn D. Orr, et al., Case

12      No. 13-768-CZ, and Gracie Webster, et al., versus the

13      State of Michigan, et al., Case No. 13-734-CZ, and

14      Robbie Flowers, et al., versus Rick Snyder, et al., Case

15      No. 13-729-CZ, on Thursday, July 18, 2013.

16            I further certify that this transcript of the

17      record of the proceedings and testimony truly and

18      correctly reflects the exhibits, if any, offered by the

19      respective parties.  WITNESS my hand this the eighteenth

20      day of July, 2013.

21

22                          Melinda I. Dexter, RMR, RPR, CSR-4629
23                          Official Court Reporter
                            313 West Kalamazoo
24                          Post Office Box 40771
                            Lansing, Michigan 48901-7971
25
```

18