# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
# TRANSCRIPT ORDER FORM

| | | |
|---|---|---|
| 111 First Street<br>Bay City, MI 48708 | 211 W. Fort Street<br>17th Floor<br>Detroit, MI 48226 | 226 W. Second Street<br>Flint, MI 48502 |

**Order Party: Name, Address and Telephone Number**

Name _____ **Babette A. Ceccotti** _____

Firm _____ **Cohen, Weiss and Simon LLP** _____

Address _____ **330 W 42, Floor 25** _____

City, State, Zip _____ **New York, NY 10036** _____

Phone _____ **212-356-0227** _____

Email _____ **bceccotti@cwsny.com** _____

**Case/Debtor Name:** **City of Detroit, Michigan**

**Case Number:** **13-53846**

**Chapter:** **9**

**Hearing Judge** **Hon. Steven Rhodes**

'⦿ **Bankruptcy** ◯ **Adversary**

◯ **Appeal** **Appeal No:** _____

---

**Hearing Information** (A separate form must be completed for **each** hearing date requested.)

**Date of Hearing:** __11/7/2013__ **Time of Hearing:** _____ **Title of Hearing:** Eligibility hearing _____

Please specify portion of hearing requested: ⦿ **Original/Unredacted** ''◯ Redacted '''''◯ Copy *2nd Party)

⦿ Entire Hearing ◯ Ruling/Opinion of Judge ◯ Testimony of Witness ◯ Other

Special Instructions: _____

---

**Type of Request:**

◯ Ordinary Transcript - $3.65 per page (30 calendar days)

◯ 14-Day Transcript - $4.25'r gt'r ci g (14 calendar days)

⦿ Expedited Transcript - $4.85'r gt'r ci g (7 working days)

'''''''◯ CD - $30; FTR Gold format''/'You must download the free
'''''FTR Record Player™ onto your computer from
'''''''''''''''''''''y y y (hti qrf (eqo ''

**FOR COURT USE ONLY**

Transcript To Be Prepared By

_____
Date          By

Order Received:

Transcript Ordered

Transcript Received

**Signature of Ordering Party:**

/s/ Babette A. Ceccotti          Date: __11/8/13__
By signing, I certify that I will pay all charges upon completion
of the transcript request.

# Instructions

**Use.** Use this form to order transcript of proceedings. Complete a separate order form for each hearing date for which transcript is ordered.

**Completion.** Complete the entire order form. Do *not* complete the shaded area which is reserved for the court's use.

**Order Copy.** Keep a copy for your records.

**Filing with the Court.** All requests must be electronically filed by attorneys. Debtors without counsel or parties without PACER access may mail or deliver the request to the court.

**Withdrawal of Request.** Decision to withdraw transcript request requires ordering party to (1) contact chambers; (2) notify transcriber; and (3) electronically file a notice of withdrawal. Debtors without counsel or parties without PACER access may mail or deliver the withdrawal to the court. Failure to do so will result in payment obligation to the Transcriber.

**Deposit Fee.** The Transcriber will notify you if a deposit fee is required and of the amount of the deposit fee. Upon receipt of the deposit, the Transcriber will process the order.

**Delivery Time.** Delivery time is computed from the date of receipt of the deposit fee.

**Completion of Order.** The Transcriber will notify you when the transcript is completed.

**Balance Due.** If the deposit fee was insufficient to cover all charges, the Transcriber will notify you of the balance due which must be paid to the Transcriber prior to receiving the completed order.

**Type of Request:**

> <u>Ordinary</u>. A transcript to be delivered within thirty (30) calendar days after receipt of the order by the Transcriber. The charge is $3.65 per page effective November 19, 2007.

> <u>14-Day</u>. A transcript to be delivered within fourteen (14) calendar days after receipt of the order by the Transcriber. The charge is $4.25 per page effective November 19, 2007.

> <u>Expedited</u>. A transcript to be delivered within seven (7) calendar days after receipt of the order by the Transcriber. The charge is $4.85 per page effective November 19, 2007.

> <u>CD</u>. Audio requests of a hearing are ordinarily completed within two (2) business days after receipt of an order. The ordering party will be notified by telephone when the CD is ready. Payment to the court (checks made payable to "Clerk of U.S. Bankruptcy Court") is required prior to picking up the CD. The charge is $52.00 per CD.

**Note:** Full price may be charged only if the transcript is delivered within the required time frame. For example, if an order for expedited transcript is not completed and delivered within seven (7) calendar days, payment would be at the next *delivery* rate.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## **TRANSCRIPT ORDER FORM**

| 111 First Street | 211 W. Fort Street | 226 W. Second Street |
|---|---|---|
| Bay City, MI 48708 | 17th Floor | Flint, MI 48502 |
| | Detroit, MI 48226 | |

---

**Order Party: Name, Address and Telephone Number**

Name _____ **Babette A. Ceccotti** _____

Firm _____ **Cohen, Weiss and Simon LLP** _____

Address _____ **330 W 42, Floor 25** _____

City, State, Zip _____ **New York, NY  10036** _____

Phone _____ **212-356-0227** _____

Email _____ **bceccotti@cwsny.com** _____

**Case/Debtor Name:** **City of Detroit, Michigan**

**Case Number:** **13-53846**

**Chapter:** **9**

**Hearing Judge** _ **Hon. Steven Rhodes**

'◉ **Bankruptcy**      ◯ **Adversary**

◯ **Appeal**     **Appeal No:** _____

---

**Hearing Information** (A separate form must be completed for **each** hearing date requested.)

**Date of Hearing:** __11/8/2013__     **Time of Hearing:** _____     **Title of Hearing:** Eligibility hearing

Please specify portion of hearing requested:   ◉ **Original/Unredacted** "◯ **Redacted** "'"◯ **Copy** *2nd Party)

◉ Entire Hearing      ◯ Ruling/Opinion of Judge      ◯ Testimony of Witness      ◯ Other

Special Instructions: _____

---

**Type of Request:**

◯ Ordinary Transcript - $3.65 per page (30 calendar days)

◯ 14-Day Transcript - $4.25'r gt'r ci g (14 calendar days)

◉ Expedited Transcript - $4.85'r gt'r ci g (7 working days)

'''"'◯ CD - $30; FTR Gold format"/ "You must download the free
'''"'FTR Record Player™ onto your computer from
"'"'''''''''''''''"y y y Onti qrf Qeqo "

**Signature of Ordering Party:**

/s/ Babette A. Ceccotti           Date: __11/8/13__
By signing, I certify that I will pay all charges upon completion
of the transcript request.

**FOR COURT USE ONLY**

Transcript To Be Prepared By

_____
Date        By

Order Received:

Transcript Ordered

Transcript Received

# Instructions

**Use.**  Use this form to order transcript of proceedings.  Complete a separate order form for each hearing date for which transcript is ordered.

**Completion.**  Complete the entire order form.  Do *not* complete the shaded area which is reserved for the court's use.

**Order Copy.**  Keep a copy for your records.

**Filing with the Court.**  All requests must be electronically filed by attorneys.  Debtors without counsel or parties without PACER access may mail or deliver the request to the court.

**Withdrawal of Request.**  Decision to withdraw transcript request requires ordering party to (1) contact chambers; (2) notify transcriber; and (3) electronically file a notice of withdrawal.  Debtors without counsel or parties without PACER access may mail or deliver the withdrawal to the court.  Failure to do so will result in payment obligation to the Transcriber.

**Deposit Fee.**  The Transcriber will notify you if a deposit fee is required and of the amount of the deposit fee.  Upon receipt of the deposit, the Transcriber will process the order.

**Delivery Time.**  Delivery time is computed from the date of receipt of the deposit fee.

**Completion of Order.**  The Transcriber will notify you when the transcript is completed.

**Balance Due.**  If the deposit fee was insufficient to cover all charges, the Transcriber will notify you of the balance due which must be paid to the Transcriber prior to receiving the completed order.

**Type of Request:**

> Ordinary.  A transcript to be delivered within thirty (30) calendar days after receipt of the order by the Transcriber.  The charge is $3.65 per page effective November 19, 2007.

> 14-Day.  A transcript to be delivered within fourteen (14) calendar days after receipt of the order by the Transcriber.  The charge is $4.25 per page effective November 19, 2007.

> Expedited.  A transcript to be delivered within seven (7) calendar days after receipt of the order by the Transcriber.  The charge is $4.85 per page effective November 19, 2007.

> CD.  Audio requests of a hearing are ordinarily completed within two (2) business days after receipt of an order.  The ordering party will be notified by telephone when the CD is ready.  Payment to the court (checks made payable to "Clerk of U.S. Bankruptcy Court") is required prior to picking up the CD.  The charge is $52.00 per CD.

**Note:** Full price may be charged only if the transcript is delivered within the required time frame.  For example, if an order for expedited transcript is not completed and delivered within seven (7) calendar days, payment would be at the next *delivery* rate.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
----------------------------------------------------x
                                          :
                                          :
                                          :
In re:                                    :        Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :        Case No. 13-53846
                                          :
                  Debtor.                 :        Hon. Steven W. Rhodes
                                          :
                                          :
----------------------------------------------------x
```

## SECOND AMENDED FINAL PRE-TRIAL ORDER

Having been advised in the premises and having considered the City's

Motion for Entry of Second Amended Final Pre-Trial Order ("Motion"), the Court

hereby GRANTS the Motion and enters the following Pre-Trial Order:

I.  **JURISDICTION**

A.  **City of Detroit**

1.      The City asserts that this Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

### B.    Objectors

2.    The Objectors assert that this Court lacks the authority and jurisdiction to decide whether chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") violates the Constitution or to determine the constitutionality of PA 436, the Local Financial Stability and Choice Act, M.C.L. § 141.1541, *et seq.* ("PA 436").  Accordingly, and with respect, this Court should immediately refer this constitutional challenge to chapter 9 and PA 436 to the District Court for the Eastern District of Michigan.

## II.    STATEMENT OF CITY'S CLAIMS

3.    The City of Detroit asserts that it qualifies to be a debtor under Section 109(c) of Title 11 of the Bankruptcy Code and meets all of the eligibility requirements to seek debt relief under Chapter 9.

4.    The City is a municipality as such term is defined in Section 101(40) of the Bankruptcy Code.  11 U.S.C. § 101(40).  The City is a "political subdivision" of the State of Michigan and thus a "municipality" within the meaning of Section 101(40), and the eligibility requirement of section 109(c)(1) of the Bankruptcy Code is satisfied.

5.    The City is specifically authorized in its capacity as a municipality to be a debtor under Chapter 9 under the laws of the State of Michigan and by the appropriate state officers empowered thereby, as

2

contemplated by Section 109(c)(2) of the Bankruptcy Code. On July 16, 2013 Kevyn D. Orr, the duly appointed Emergency Manager for the City (the "Emergency Manager"), based on his assessment of the City's financial condition recommended to Richard Snyder, Governor of the State of Michigan, and Andrew Dillon, Treasurer of the State of Michigan, that the City be authorized to proceed under Chapter 9. On July 18, 2013, the Governor issued his written decision approving the Emergency Manager's recommendation to seek protection under the bankruptcy laws. Pursuant thereto, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's Chapter 9 case consistent with the Governor's authorization.

6. The City is insolvent within the meaning of Section 101(32)(C) of the Bankruptcy Code. The City therefore meets the eligibility requirement of Section 109(c)(3) of the Bankruptcy Code.

7. The City desires to effect a plan of adjustment under Section 109(c)(4) of the Bankruptcy Code.

8. The City is unable to negotiate (or further negotiate) with its creditors because such negotiation is impracticable. The City has nevertheless negotiated in good faith with creditors who are represented and organized, but has failed to obtain the agreement of creditors holding at least a majority in amount of

the claims of each class that the City intends to impair under a plan of adjustment in this Chapter 9 case.

## III.   STATEMENT OF OBJECTORS' CLAIMS

### A.   The Committee asserts the following claims:

9.   The City cannot meet the criteria for eligibility under Section 109(c)(5)(B) of the Bankruptcy Code, in that it did not put forth a plan of adjustment, and did not negotiate in good faith, both as required under that Section.

10.   The City cannot establish that negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code, in that the City failed to set forth a plan of adjustment, and did not negotiate in good faith with classes of creditors with whom negotiations were practicable, both as required under that Section.

11.   Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

12.   The City cannot meet its burden under Section 921(c) of demonstrating that it filed its Chapter 9 petition in good faith, in that (a) the Emergency Manager commenced this proceeding for the purpose of using Chapter 9 as a vehicle to attempt to impair and violate rights relating to vested pensions that

4

are explicitly protected under Article IX, Section 24, of the Michigan Constitution (the "Pension Clause") and (b) in connection with its petition, the City made representations that were inaccurate, misleading and/or incomplete.

**B. The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:**

13. The City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

14. Michigan Public Act 436 of 2012 violates the Michigan Constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).

15. Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

16. Chapter 9 of the Bankruptcy Code violates the 10th Amendment of the United States Constitution, U.S. Const., Am. X, to the extent it can be read to authorize the City it impair the vested pension rights of City employees in violation of the Michigan Constitution.

17.     The city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

18.     The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**C.     The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA assert the following claims:**

19.     The City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

20.     The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

21.     Negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

22.     Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

13-53846-swr   Doc 2276-9   Filed 12/20/13   Entered 12/20/13 17:33:43   Page 10 of 26
13-53846-swr   Doc 1640   Filed 11/10/13   Entered 11/12/13 00:11:24   Page 9 of 126   520
159

23.     The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**D.     UAW and the *Flowers* Plaintiffs assert the following claims:**

24.     The UAW and the  Plaintiffs claim that the City of Detroit is not eligible for bankruptcy under Chapter 9 of the Bankruptcy Code for the reasons set forth in the Amended Joint Objection of International Union, UAW and the Flowers Plaintiffs to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 1170], the Objection of International Union, UAW to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 506] (to the extent such Objection is not superseded by DE 1170),the Objection of Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman to the Putative Debtor's Eligibility to be a Debtor [DE 504],and the Pre-Trial Brief of International Union, UAW and the Flowers Plaintiffs with Respect to the Eligibility of the City of Detroit, Michigan for an Order for Relief Under Chapter 9 of the Bankruptcy Code [filed October 17, 2013].

**E.** **The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, assert the following claims:**

25.     Chapter 9 violates the United States Constitution and AFSCME's active and retired members have individual standing to assert that chapter 9 violates the Constitution.

26.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) because (i) it is not authorized by Michigan State Law or the Michigan Constitution to be a Debtor under chapter 9, and (ii) the law purporting to authorize the City to file chapter 9 - PA 436 - is unconstitutional including, without limitation, because it violates the strong home rule provisions of the Michigan Constitution.

27.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) of the Bankruptcy Code because (i) it failed to participate in any good faith negotiations with creditors such as AFSCME prior to the filing for bankruptcy, and (ii) such negotiations were not impracticable, as required for eligibility under chapter 9 of the Bankruptcy Code.

28.     The City's Petition should be dismissed under 11 U.S.C. § 921(c) because it was filed in bad faith.

13-53846-swr   Doc 2276-9   Filed 12/20/13   Entered 12/20/13 17:28:43   Page 12 of 26
13-53846-swr   Doc 1640   Filed 11/09/13   Entered 11/12/13 09:13:24   Page 8 of 126   522
159

29.     The City has failed to meet its burden of proving its insolvency as require under 11 U.S.C. § 109(c)(3).

**F.     The Retired Detroit Police Members Association (RDPMA) assert, in addition to and including herein by reference, the claims raised in this order by the other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, assert the following claims:**

30.     The City of Detroit is not eligible for relief under Chapter 9 pursuant to Section 109(c) of the Bankruptcy Code because it is not authorized under Michigan State Law and the Constitution of the State of Michigan to be a debtor under Chapter 9.

31.     Public Act 436 was passed in derogation of the right of referendum set forth in Article II Section 9 of the Michigan Constitution and is therefore unconstitutional under Michigan Law.

32.     Emergency Manager Kevyn Orr was not authorized by Public Act 436 to file the instant Chapter 9 proceeding on behalf of the City of Detroit.

33.     RDPMA's Exhibit A is a true and correct copy of the March 2, 2012 1:35:25 PM Email from Jeffrey B. Ellman to Corinne Ball and copying Heather Lennox and Thomas Wilson.

34.     RDPMA's Exhibit B is a true and correct copy of the March 3, 2012 4:00:44 PM Email from Heather Lennox to Andy Dillon and copying Corinne Ball, Hugh Sawyer, Jeffrey Ellman, Ken Buckfire, Kyle Herman, Laura

9

13-53846-swr    Doc 2276-9    Filed 12/20/13    Entered 12/20/13 17:32:43    Page 13 of 26
13-53846-swr    Doc 1647    Filed 11/10/13    Entered 11/12/13 03:11:24    Page 13 of 126
159
523

Marcero, Sanjay Marken, Brom Stibitz, Stuart Erickson, David Kates and Thomas Wilson.

35.     RDPMA's Exhibit C is a true and correct copy of the State of Michigan, Comprehensive Annual Financial Report, for the Fiscal Year Ended September 30, 2012.

36.     RDPMA's Exhibit D is a true and correct copy of the January 31, 2013 3:45:47 PM Email from Kevyn Orr to Corinne Ball and copying Stephen Brogan.

**G.      The Police and Fire Retirement System of the City of Detroit ("PRFS") and the General Retirement System of the City of Detroit ("GRS" and together with PFRS, the "Retirement Systems") assert the following claims.**

37.     The City is not specifically authorized to be a debtor under chapter 9 by State law or a by a governmental officer empowered by State law to authorize such entity to be a debtor under such chapter and cannot satisfy 11 U.S.C. § 109(c)(2).

38.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(B) because it did not engage in good faith negotiations with its creditors.

39.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(C) because it did not negotiate with its creditors and negotiations were not impracticable.

10

13-53846-swj    Doc 2376-9    Filed 11/20/13    Entered 11/27/13 08:17:43    Page 14 of 126    524
13-53846-swr    Doc 1647    Filed 11/12/13    Entered 11/12/13 18:32:43    Page 14 of 26
159

40. The City's bankruptcy petition should be dismissed because the City did not file the petition in good faith as required by 11 U.S.C. § 921(c).

## IV. STIPULATED FACTS

41. The City of Detroit is a municipality for purposes of Section 109(c)(1) of the Bankruptcy Code.

42. On March 15, 2013 the Local Emergency Financial Assistance Loan Board created by the Emergency Municipal Loan Act, MCL §§ 141.931-141.942, appointed Kevyn D. Orr to the position of "emergency financial manager" for the City of Detroit.

43. Mr. Orr formally took office as Emergency Manager on March 25, 2013.

44. The DPOA received an Act 312 arbitration award on March 25, 2013 (the "Award").

45. The City appealed the portion of the Award that would have given back 5% of the previously imposed 10% wage reduction effective January 1, 2014 (the "City Appeal").

46. The City Appeal is stayed by the Chapter 9 filing.

47. On April 18, 2013, the City filed an emergency motion seeking to block ongoing Act 312 proceedings between (a) the City and the DPCOA and (b) the City and the DPLSA (the "Emergency Motion").

11

48.    On June 14, 2013, the Emergency Motion was granted.

49.    A meeting took place in Detroit on June 14, 2013 between the Emergency Manager and the City's advisors, on the one hand, and numerous creditor representatives, on the other, relating to the City's creditor proposal. Representatives of all Objectors except the Retiree Committee, which had not yet formed, attended the meeting.

50.    City's Exhibit 42 is a true and correct copy of a list of persons and corporate affiliations who responded that they would attend the June 14, 2013 creditor meeting in Detroit and is admissible as proof of such responses, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

51.    A meeting took place in Detroit on the morning of June 20, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health and pension obligations.  Representatives and advisors the General Retirement System ("GRS") also attended the meeting.

52.    A second, separate meeting took place in Detroit in the afternoon of June 20, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree

526

associations, on the other, relating to retiree health and pension obligations. Representatives and advisors from the PFRS also attended the meeting.

53.     City's Exhibit 45 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend at least one of the two June 20, 2013 creditor meeting in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

54.     City's Exhibit 46 is a true and correct copy of the sign-in sheet for the morning June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

55.     City's Exhibit 47 is a true and correct copy of the sign-in sheet for the afternoon June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

56.     A meeting took place on June 25, 2013 between the City's advisors, on the one hand, and representatives and advisors from the City's six bond insurers and U.S. Bank, the trustee or paying agent on all of the City's bond issuances.  Representatives from Objectors GRS and PFRS also attended the meeting.

57.     City's Exhibit 50 is a true and correct copy of the sign-in sheet and typewritten transcription thereof for the June 25, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

58.     On June 30, 2013, the Collective Bargaining Agreements between (a) the City and the DPLSA and (b) the City and the DFFA expired.

59.     Meetings took place in Detroit on July 9 and 10, 2013 with representatives from certain bond insurers and Objectors GRS and PFRS relating to follow-up due diligence on the City's financial condition and creditor proposal.

60.     City's Exhibit 53 is a true and correct copy of a typewritten attendance sheet for the July 9 and 10, 2013 creditor meetings in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

61.     A meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters.  Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

62.     City's Exhibit 56 is a true and correct copy of the sign-in sheet for the first July 10, 2013 creditor meeting in Detroit and is admissible as proof of

14

such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

63. A second, separate meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters. Representatives and/or advisors from Objectors DFFA, DPLSA, DPCOA, DPOA, RDPFFA, and PFRS attended the meeting.

64. City's Exhibit 57 is a true and correct copy of the sign-in sheet for the second July 10, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

65. A meeting took place on the morning of July 11, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters. Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

66. City's Exhibit 58 is a true and correct copy of the sign-in sheet for the morning July 11, 2013 creditor meeting in Detroit and is admissible as

proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

67.     A second, separate meeting took place in the afternoon of July 11, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters.  Representatives and/or advisors from Objectors DFFA, DPLSA, DPOA, RDPFFA, and PFRS attended the meeting.

68.     City's Exhibit 59 is a true and correct copy of the sign-in sheet for the afternoon July 11, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

69.     City's Exhibit 55 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend one or more of the July 10 and 11, 2013 creditor meetings in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

70.     City's Exhibit 35 is a true and correct copy of a non-exclusive log of creditor meetings or communications between the City and various creditors or creditor representatives and is admissible as evidence that such meetings or

communications took place between the individuals or entities reflected thereon. This stipulation is without prejudice to the City's right to offer evidence that additional persons attended such meetings or that additional meetings took place, and is without prejudice to any individual Objectors' right to offer evidence as to its actual participation or attendance.

71.     On July 16, 2013, the Emergency Manager sent a letter to the Governor, recommending a Chapter 9 proceeding pursuant to Section 18(1) of PA 436.

72.     On July 18, 2013, the Governor sent a reply letter to the Emergency Manager authorizing the City to file it voluntary petition for protection under Chapter 9 of title 11 of the United States Code.

73.     The City filed its voluntary petition for protection under Chapter 9 on July 18, 2013.

74.     On August 2, 2013, the City held a meeting with local union representatives respecting active employee health insurance.

75.     On September 13, 2013 the City filed the City of Detroit, Michigan's Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit Michigan [Docket No. 849], in which the City "[a]dmit[s] that the City intends to seek to diminish or

impair the Accrued Financial Benefits of the participants in the Retirement Systems through this Chapter 9 Case."

76.     The representatives of the DFFA, DPOA, DPLSA and DPCOA, respectively, have authority to negotiate wages and benefits for the active employee members of the respective Detroit Public Safety Unions.

77.     Each of the respective Detroit Public Safety Unions represents the active employees of each of the DFFA, DPOA, DPLSA and DPCOA.

## V.     ISSUES OF FACT AND LAW TO BE LITIGATED

### A.     City's Position

The City identifies the following issues of fact and law to be litigated:

78.     Whether the City was generally not paying its debts as they become due.

        a.     City's authority

            (1)     11 U.S.C. § 109(c)(3).

            (2)     11 U.S.C. § 101(32)(C)(i).

            (3)     *In re New York City Off-Track Betting Corp.*, 427 B.R. 256, 272 (Bankr. S.D.N.Y. 2010) (finding deferral of current payments evidence of debtor's insolvency).

79.     Whether the City was unable to pay its debts as they become due.

        a.     City's authority

            (1)     11 U.S.C. § 109(c)(3).

18

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:41:24   Page 23 of 126
13-53846-swr   Doc 1647   Filed 11/10/13   Entered 11/12/13 08:41:24   Page 23 of 126   532
159

(2)     11 U.S.C. § 101(32)(C)(ii).

(3)     *In re City of Stockton*, 493 B.R. 772, 788-90 (Bankr. E.D. Cal. 2013) (test for cash insolvency is prospective; demonstration of cash insolvency within current or succeeding fiscal year satisfies cash flow test; concepts of "budget insolvency" and "service delivery insolvency" inform inquiry into "cash insolvency").

(4)     *In re City of Bridgeport*, 129 B.R. 332, 336-38 (Bankr. D. Conn. 1991) (test for municipal insolvency set forth at 11 U.S.C. § 101(32)(C)(ii) is a "cash flow" test; "[T]o be found insolvent a city must prove that it will be unable to pay its debts as they become due in its current fiscal year or, based on an adopted budget, in its next fiscal year.").

(5)     *Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo)*, 408 B.R. 280, 293-94 (B.A.P. 9th Cir. 2009) (a municipality need not pursue all possible means of generating and conserving cash prior to seeking chapter 9 relief; affirming finding of insolvency where raiding city's other funds to satisfy short term cash needs "would leave Vallejo more debilitated tomorrow than it is today"; finding city insolvent where further funding reductions would threaten its ability to provide for the basic health and safety of its citizens).

(6)     *New York City Off-Track Betting Corp.*, 427 B.R. at 282 ("Even assuming [the debtor] could have theoretically done more to avoid bankruptcy, courts do not require chapter 9 debtors to exhaust every possible option before filing for chapter 9 protection.").

19

80. Whether the City desires to effect a plan to adjust its debts.

    a.    City's authority

        (1)    11 U.S.C. § 109(c)(4).

        (2)    *New York City Off-Track Betting Corp.*, 427 B.R. at 272 ("no bright-line test for determining whether a debtor desires to effect a plan" exists because of the "highly subjective nature of the inquiry").

        (3)    *City of Vallejo*, 408 B.R. at 294-95 (A putative debtor need only show that the "purpose of the filing of the chapter 9 petition [is] not simply … to buy time or evade creditors"; a municipality may meet the subjective eligibility requirement of section 109(c)(4) by attempting to resolve claims, submitting a draft plan or producing other direct or circumstantial evidence customarily submitted to show intent).

        (4)    *City of Stockton*, 493 B.R. at 791-92 (fact that a city would be left in worse financial condition as a result of the decision not to attempt to adjust its debts through the chapter 9 process is persuasive evidence of the municipality's honest desire to effect such an adjustment of debt).

81. Whether the City was unable to negotiate with its creditors prior to the filing of its chapter 9 petition because such negotiation was impracticable.

    a.    City's authority

        (1)    11 U.S.C. § 109(c)(5)(C).

        (2)    *New York City Off-Track Betting Corp.*, 427 B.R. at 276-77 ("Congress added [11 U.S.C. § 109(c)(5)(C)] to satisfy section 109's negotiation

534

requirement in response to possible large municipality bankruptcy cases that could involve vast numbers of creditors."; "[I]mpracticability of negotiations is a fact-sensitive inquiry that depends upon the circumstances of the case.") (quotation omitted).

(3) *In re Cnty. of Orange*, 183 B.R. 594, 607 n.3 (Bankr. C.D. Cal. 1995) ("Section 109(c)(5)(C) was necessary because it was otherwise impossible for a large municipality, such as New York, to identify all creditors, form the proper committees, and obtain the necessary consent in a short period of time.").

(4) *City of Vallejo*, 408 B.R. at 298 ("Petitioners may demonstrate impracticability by the sheer number of their creditors …."; finding that section 109(c)(5)(C) is satisfied where negotiation with any significant creditor constituency is impracticable).

(5) *City of Stockton*, 493 B.R. at 794 (finding that the inability of a municipal debtor to negotiate with a natural representative of a numerous and far-flung creditor class (with the power to bind such class) may satisfy the "impracticability" requirement; refusal of creditors to negotiate establishes independent grounds for a finding of impracticability).

(6) *In re Valley Health Sys.*, 383 B.R. 156, 163 (Bankr. C.D. Cal. 2008) ("Negotiations may also be impracticable when a municipality must act to preserve its assets and a delay in filing to negotiate with creditors risks a significant loss of those assets.").

82.     Whether the City negotiated in good faith with creditors holding at least a majority in amount of the claims of each class that the City intends to impair pursuant to a plan of adjustment.

> a.     City's authority
>
> > (1)     11 U.S.C. § 109(c)(5)(B).
> >
> > (2)     *In re Vills. at Castle Rock Metro. Dist. No. 4*, 145 B.R. 76, 84-85 (Bankr. D. Colo. 1990) (a municipality need not negotiate with every creditor within a given class; negotiations with large or prominent blocs of creditors will suffice to render a city eligible for chapter 9 relief; municipality satisfied requirement of negotiating with creditors by consulting with large institutional bondholders, even though all series of bonds were not invited to participate in negotiations).
> >
> > (3)     *New York City Off-Track Betting Corp.*, 427 B.R. at 274-75 (finding that debtor had satisfied section 109(c)(5)(B) of the Bankruptcy Code where it had "engaged in negotiations with creditors regarding the possible terms of a reorganization plan prior to filing"; stating that "talks need not involve a formal plan to satisfy section 109(c)(5)(B)'s negotiation requirement.").
> >
> > (4)     *City of Vallejo*, 408 B.R. at 297 (noting that section 109(c)(5)(B) is satisfied where the debtor conducts "negotiations with creditors revolving around a proposed plan, at least in concept…. [that] designates classes of creditors and their treatment….").

83.     Whether the City's petition was filed in good faith within the meaning of section 921(c) of the Bankruptcy Code.

a.    City's authority

    (1)    11 U.S.C. § 921(c).

    (2)    *City of Stockton*, 493 B.R. at 794 (good faith "is assessed on a case-by-case basis in light of all the facts, which must be balanced against the broad remedial purpose of chapter 9"; "[r]elevant considerations in the comprehensive analysis for § 921 good faith include whether the City's financial problems are of a nature contemplated by chapter 9, whether the reasons for filing are consistent with chapter 9, the extent of the City's prepetition efforts to address the issues, the extent that alternatives to chapter 9 were considered, and whether the City's residents would be prejudiced by denying chapter 9 relief.").

    (3)    *Cnty. of Orange*, 183 B.R. at 608 (Bankr. C.D. Cal. 1995) ("[T]he purpose of the filing must be to achieve objectives within the legitimate scope of the bankruptcy laws;" applying chapter 11 case law and finding the debtor's financial condition and motives, local financial realities and whether the debtor was seeking to "unreasonably deter and harass its creditors or attempting to effect a speedy, efficient reorganization on a feasible basis" as relevant factors in the good faith analysis).

    (4)    *In re McCurtain Municipal Auth.*, No. 07-80363, 2007 WL 4287604, at *5 (Bankr. E.D. Okla. Dec. 4, 2007) (holding that the existence of a factor precipitating a chapter 9 filing does not require a finding that the debtor's filing was made in bad faith when other reasons for filing bankruptcy are present).

## B. Objectors' position

B-1. The Committee identifies the following issues of fact and law to be litigated:

84. Whether the City can meet the criteria for eligibility under Section 109(c)(5)(B) of the Bankruptcy Code and, in particular:

   a. whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(B); and

   b. whether the City negotiated in good faith as is required under Section 109(c)(5)(B).

85. Whether the City can establish that good faith negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code and, in particular:

   a. whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(C); and

   b. whether the City negotiated in good faith with classes of creditors with whom negotiations were practicable, as is as required under Section 109(c)(5)(C).

86. Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

87. Whether the City can meet its burden under 11. U.S.C. § 921(c) of demonstrating that it filed its Chapter 9 petition in good faith and, in particular:

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:17:43   Page 28 of 126
13-53846-swr   Doc 1647   Filed 11/10/13   Entered 11/22/13 08:17:43   Page 28 of 126   538
159

a.  whether the City's Emergency Manager  filed this Chapter 9 proceeding for the purpose of attempting to use Chapter 9 as a vehicle to impair and violate rights related to vested pensions that are expressly protected from such impairment and violation under the Pension Clause of the Michigan Constitution; and

b.  whether the City, in connection with filing its Chapter 9 petition, made representations that were false, misleading and or incomplete statements, particularly as regards the magnitude of the City's unfunded pension liability, the cash flow available to meet such liability and the availability of substantial additional cash from assets owned by the City that are capable of being monetized.

B-2.   The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:

88.     Whether the City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. §109(c)(5)(B).

89.     Whether Michigan Public Act 436 of 2012 violates the Michigan Constitution, Art. IX, Sec. 24,  and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. §109(c)(2).

90.     Whether there was valid authorization for the filing of the chapter 9 petition as required by 11 U.S.C. §109(c)(2), because  the Governor's authorization did not prohibit the impairment of the pension rights of the City's

employees and retirees, and therefore was not valid under the Michigan Constitution, Art. IX, Sec. 24 (the "Pension Clause").

91.     Whether chapter 9 of the Bankruptcy Code violates the Tenth Amendment, U.S. Const., Am. X, to the extent it allows the City to use the Bankruptcy Code to impair the vested pension rights of City employees and retirees in direct violation of the Pension Clause.

92.     Whether the city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

93.     Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-3.  The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA identify the following issues of fact and law to be litigated:

94.     Whether the City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

95.     Whether City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

96.    Whether negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

97.    Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

98.    Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-4.  The UAW and the Flowers Plaintiffs identify the following factual and legal issues to be litigated:[1]

99.    Whether the City has met the eligibility requirement of Section 109(c)(4) of the Bankruptcy Code that a municipality "desires to effect a plan to adjust such debts" where the City's proposed plan is a plan that cannot be lawfully implemented under state law as required by Section 943(b)(4) and (6) of the Bankruptcy Code.

100.    Whether the City failed to negotiate with the UAW in good faith, as required by 11 U.S.C. §109(c)(5)(B).

---

[1] The issues set forth herein are the UAW's and the Flowers Plaintiffs' principal legal and factual issues to be presented at, or in connection with, the eligibility trial.  UAW reserves all of the issues set forth in its Amended Objection which (a) are not listed herein but which may depend upon the resolution of its principal issues set forth above or (b) have been asserted and argued principally by other parties, such as whether the decision in Webster must be applied by the bankruptcy court.

27

101.  Whether the City was unable to negotiate with creditors because such negotiation was impracticable as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

102.  Whether the City was authorized to be a debtor under Chapter 9 as required by 11 U.S.C. Section 109(c)(2), as follows: whether the Governor's authorization was valid under State law, where (a) the City and the Governor manifested an intent to proceed in Chapter 9 in order to reduce the accrued pension rights of the City's employees and retirees, and the accrued pension rights of employees and retirees of the Detroit Public Library; (b) the City and the Governor did so proceed based on such intent of the City and the Governor, which in whole or in part motivated the Governor's authorization for the City's Chapter 9 filing and the City's filing itself; (c) the Governor's authorization did not prohibit the diminishment or impairment of the pension rights of such persons as a condition of authorizing the Chapter 9 filing; (d) neither the Governor nor the state Legislature had authority  to act in derogation of Article 9, Section 24 of the Michigan Constitution; and (e) for any and all of the foregoing reasons, the Governor's authorization for the Chapter 9 filing, and the City's filing itself were and are contrary to the Michigan Constitution, Art. 9, Sec. 24.

103.  Whether the City's bankruptcy petition was filed in bad faith under 11 U.S.C. §921(c).

104. Whether, under the U.S. Constitution, Chapter 9 is constitutional as applied to the City's petition where the City does not comply with Article 9, Section 24 of the Michigan Constitution.

B-5. The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, identifies the following issues of fact and law to be litigated:

105. Whether the City failed to negotiate in good faith with creditors as required by 11 U.S.C. § 109(c)(5), including, without limitation:

a. Whether the City engaged only in "discussions," which it emphasized were not negotiations.

b. Whether the City's June 14, 2013 Restructuring Plan was not open to negotiations, which falls short of the requirements of section 109(c)(5)(B).

c. Whether the City refused AFSCME's offers to negotiate.

d. Whether the City refused AFSCME's requests for adequate backup data used to generate the City's financial assumptions, which would have been necessary information for any "negotiations."

e. Whether the City's refusal to negotiate with AFSCME continued post-filing.

f. Whether assuming, *arguendo*, that any negotiations took place, such negotiations did not relate to a plan that was in the best interests of creditors as required by section 109(c)(5)(B).

106.   Whether the City can meet its burden of proving that it was "unable to negotiate with creditors because such negotiation is impracticable," as required for eligibility by 11 U.S.C. § 109(c)(5)(C), and including, without limitation:

    a.   Whether the circumstances surrounding the City's hiring of the EM, an experienced bankruptcy counsel demonstrate that the City never had any intention of negotiating outside of bankruptcy.

    b.   Whether negotiations with the City's main creditors, the unions, its retirees, and the bond trustees, were practicable.

    c.   Whether the City cannot demonstrate impracticability where the City failed to negotiate with its largest creditors, especially where those creditors have, like AFSCME, sought negotiations.

107.   Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c), including, without limitation:

    a.   Whether the State authorized (without contingencies) and the City commenced its filing to avoid a bad state court ruling in the Webster litigation, and declined to take action to cease the filing in violation of the Declaratory Judgment issued in that litigation.

    b.   Whether the City never intended to negotiate (in good faith or otherwise) and failed to consider reasonable alternatives to chapter 9.

108. Whether the City is "insolvent," as defined in 11 U.S.C. § 101(32)(C)) and as required for eligibility by 11 U.S.C. § 109(c)(3), including, without limitation:

    a.    Whether the City has failed to prove its insolvency by expert evidence, by expert testimony, or by anything other than unproven assumptions (including assumptions regarding the unfunded amount of the City's pension and other retiree benefits).

    b.    Whether the City failed to explore options to enable it to pay debts, such as taking into account un-monetized assets and possible funding sources not included in the City's financial projections.

    c.    Whether the City's current financial difficulties are less severe than in prior years, and the City already had means to enhance revenues prior to the filing including the deal reached with the swap counterparties.

109. Whether the Governor's authorization to the EM to file for chapter 9 under Section 11 of PA 436 was improper, including, without limitation, because it was invalid, unconstitutional, failed to contain contingencies (such as not using the bankruptcy proceedings to diminish vested pension benefits), and/or failed to require that any plan of adjustment not violate Article IX Section 24 of the Michigan Constitution.

    a.    Whether the EM's exercise of authority under PA 436 violated the strong home rule provisions of the Michigan Constitution.

B-6. The Retired Detroit Police Members Association ("RDPMA") assert, in addition to and including herein by reference, the claims raised in this order by the

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 35 of 126   545
13-53846-swr   Doc 2647   Filed 11/12/13   Entered 11/12/13 08:41:24   Page 35 of
159

other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, identifies the following issues of fact and law to be litigated:

110.    Whether Public Act 436 violates the Michigan Constitution, Article II, Section 9.

a.    Whether the spending provisions found in Sections 34 and 35 of Public Act 436 were included as an artifice to avoid the referendum provisions in Art. II, Sec. 9 of the Michigan Constitution.

b.    Whether any provisions of Public Act 436 should be stricken on the grounds that such provisions were not approved by a majority of the electors of the State of Michigan in a general election.

111.    Whether the City of Detroit acted in bad faith when it filed its Chapter 9 Petition having knowledge that Public Act 436 was passed in derogation of the Michigan Constitutional referendum requirement.

112.    Whether Emergency Manager Kevyn Orr was properly appointed under Public Act 436.

B-7.   The Retirement Systems identify the following issues of fact and law to be litigated:

113.    Whether the City was validly authorized under State law by a governmental officer empowered by State law to authorize it to be a debtor when the Governor's authorization was in violation of Article IX, section 24 of the

13-53846-swj   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:41:24   Page 36 of 126    546
13-53846-swj   Doc 1647   Filed 11/10/13   Entered 11/12/13 17:32:43   Page 32 of 159
159

Michigan Constitution, because the authorization did not prohibit the City from diminishing or impairing accrued financial benefits.

114. Whether the City failed to negotiate in good faith prepetition with the Retirement Systems (and possibly other creditors), when all meetings with the Retirement Systems (and possibly other creditors) were presentations to an audience of multiple parties at which no bilateral negotiations occurred.

115. Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(B).

116. Whether negotiations with the Retirement Systems and the City's other creditors were impracticable.

117. Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(C).

118. Whether the City can meet its burden of proof under 11 U.S.C. § 921(c) and demonstrate that it filed the bankruptcy petition in good faith when:

    a.    The City filed the case with the intention to diminish and impair accrued financial benefits in violation of Article IX, section 24 of the Michigan Constitution;

    b.    The Emergency Manager repeatedly threatened to file a bankruptcy immediately in the weeks before the filing, thus otherwise creating an environment of impracticability;

    c.    As of the petition date, the Emergency Manager and the City did not have a clear picture of the City's assets, income, cash flow, and liabilities;

33

d.    The City did not even consider a restructuring scenario that did not impair accrued financial benefits; and

e.    Whether the City can demonstrate that it negotiated in good faith under section 109(c)(5) and the case law construing it where the City has admitted it does not have (and therefore did not negotiate) a formulated plan of adjustment.

## VI.    EVIDENTIARY PROBLEMS LIKELY TO ARISE AT TRIAL

### A.    City's Position

119.   The City believes that evidentiary disputed likely to arise at

trial can be addressed at the pre-trial conference.

### B.    Objectors' Position

120.   Objectors concur.

## VII.   WITNESSES

### A.    City's Witnesses

121.   The City will call the following individuals as part of its case in chief or on rebuttal:

a.    Kevyn D. Orr

b.    Kenneth A. Buckfire

c.    Gaurav Malhotra

d.    Charles M. Moore

e.    James E. Craig

122.   The City may call the following individuals as part of its case in chief or on rebuttal:

a.    Glenn Bowen

> b.  Kyle Herman, Director at Miller Buckfire (only as
> needed to sponsor City exhibits 99-101)

123.  Custodial Witnesses.  The City Objectors have been conferring as to the authenticity and admissibility of certain exhibits which would otherwise require the appearance in court of a custodial witness.  The City reserves the right to call such witnesses if appropriate stipulations are not reached.

124.  The City has not counterdesignated deposition testimony in response to any Objectors' designations from witnesses on the City's will-call witness list because the City will call those witnesses to testify in person at trial. The City nevertheless reserves its rights to offer appropriate counterdesignations in the event that any witness on its will-call list becomes unavailable to testify under Federal Rule of Evidence 804(a).

125.  The City reserves its rights to offer appropriate counterdesignations in response to deposition designations offered by any Objector without reasonable notice to the City prior to the submission of this Joint Final Pre-trial Order.

126.  Given the short time frame within which the City was required to assert objections to Objectors' documents, the City reserves its rights to provide supplemental objections should it need to do so.  Similarly, should the same document appear more than once in Objectors' collective exhibit lists, an objection

35

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 08:41:32   Page 39 of 126
13-53846-swr   Doc 2347-6   Filed 11/12/13   Entered 11/12/13 08:41:24   Page 39 of 126   549
159

by the City to any one instance of the exhibit applies to all such copies, even if no objection was indicated for the other copies.

127.   The City and the Objectors have conferred and submit the Objectors' consolidated deposition designations and the City's counter-designations at Attachment I.  The City reserves the right to object to the Objectors' deposition designations on the basis of attorney-client privilege, common interest privilege, work product doctrine and any other applicable privilege or immunity.

128.   The City reserves its rights to call any witness identified by any Objector.

**B.  Objectors' Witnesses**

130.   Objectors' witnesses are indicated in Attachments A-G.

## VIII.  EXHIBITS

**A.  City's Exhibits**

1.   Charter – City of Detroit

2.   Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008

3.   Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009

4.   Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010

5.   Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011

6.   Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012

7. November 13, 2012, Memorandum of Understanding City of Detroit reform Program

8. July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration)

9. Cash Flow Forecasts

10. Ten-Year Projections

11. Legacy Expenditures (Assuming No Restructuring)

12. Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012

13. Schedule of water system bonds and related state revolving loans as of June 30, 2012

14. Annual Debt Service on Revenue Bonds

15. Schedule of COPs and Swap Contracts as of June 30, 2012

16. Annual Debt Service on COPs and Swap Contracts

17. Schedule of UTGO Bonds as of June 30, 2012

18. Schedule of LTGO Bonds as of June 30, 2012

19. Annual Debt Service on General Obligation Debt & Other Liabilities

20. July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration")

21. January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team

22. March 26, 2012, Report of the Detroit Financial Review Team

23. April 9, 2012, Financial Stability Agreement

24. December 14, 2012, Preliminary Review of the City of Detroit

25. February 19, 2013, Report of the Detroit Financial Review Team

26. March 1, 2013, letter from Governor Richard Snyder to the City

27. July 8, 2013, Ambac Comments on Detroit

28. July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436

29. July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding

30. July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code

31. Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration")

32. Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees

33. Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo

34. Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013

35. Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013

13-53846-swr    Doc 2376-9    Filed 11/20/13    Entered 11/20/13 17:32:43    Page 43 of 126
13-53846-swr    Doc 1647    Filed 11/12/13    Entered 11/12/13 08:41:24    Page 98 of    552
159

36. FRE 1006 chart summarizing meetings and communications with union creditors

37. FRE 1006 chart summarizing meetings and communications with nonunion creditors

38. FRE 1006 chart summarizing monthly cash forecast absent restructuring

39. February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel

40. List of Special Conferences for Association held with Members of Police Labor Relations

41. June 10, 2013, City of Detroit Financial and Operating Plan Slides

42. RSVP List of June 14, 2013 Proposal for Creditors Meeting

43. June 14, 2013, City of Detroit Proposal for Creditors

44. June 14, 2013, Proposal for Creditors – Executive Summary

45. List of Invitees to the June 20, 2013 Meetings

46. Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring)

47. Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring)

48. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees

49. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees

50. Invitee List and Sign-in Sheet for the June 25, 2013 Meeting

51. Cash Flow Forecasts provided at June 25, 2013 Meeting

52.   Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 meetings

53.   List of Attendees at July 9 and 10, 2013 Creditor Meetings

54.   Detroit Future City Plan 2012

55.   Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings

56.   July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting

57.   July 10, 2012 City of Detroit Sign In Sheet for 3:00 PM Police and Fire Meeting

58.   July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting

59.   July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting

60.   July 11, 2013 City of Detroit Union – Retiree Meeting Draft Medicare Advantage Plan Design Options

61.   Correspondence between representatives of AFSCME and representatives of the City

62.   Michigan Attorney General Opinion No. 7272

63.   July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims

64.   September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Section 924 and 925 of The Bankruptcy Code

65.   June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

66.   June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

40

13-53846-swj   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 44 of 126
13-53846-swj   Doc 1647   Filed 11/10/13   Entered 11/12/13 08:41:24   Page 40 of 126   554
159

67. June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

68. June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit

69. April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012

70. June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit

71. November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit

72. November 21, 2011 Memorandum from Irvin Corley, Jr., to Council Members of the City of Detroit City Council

73. July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions

74. July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st – June 30th)

75. May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan

76. Responses of International Union, UAW to Debtor's First Set of Interrogatories

77. UAW Privilege Log

78. Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories

41

79.  The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories

80.  Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

81.  Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

82.  Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

83.  Answers to Debtor's First Interrogatories to Retiree Association Parties

84.  Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories

85.  Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories

86.  Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents

87.  Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents

88.  The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents

89.  Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 46 of 126
13-53846-swr   Doc 2647-6   Filed 11/10/13   Entered 11/27/13 08:41:24   Page 46 of 91   556

159

90. The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents

91. Response of Retiree Association Parties to Debtor's First Requests for Production of Documents

92. Retired Detroit Police Members Association Response to Debtor's First Requests for Production

93. June 14, 2013 Index Card #1 from Nicholson

94. June 14, 2013 Index Card #2 from Nicholson

95. June 20, 2013 Typewritten Notes from June 20, 2013 Presentation

96. July 16, 2013 Nicholson Affidavit in *Flowers*

97. August 19, 2013 UAW Eligibility Objection

98. Nicholson Letter To Irwin re UAW Discovery Responses

99. FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013

100. FRE 1006 Chart summarizing the approximate number of pages in documents uploaded to the data room before July 18, 2013

101. Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room

102. July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted]

103. Any exhibit identified by any Objector.

**B.    Objectors' Exhibits and City's Objections**

131. Objectors' exhibits are indicated in Attachments A-G.

## C. Objections to City's Exhibits

132. Objectors' objections to the City's Exhibits are indicated in Attachment H.

133. Objectors reserve their rights to assert objections to City Exhibits 76-101.

# ATTACHMENT A

**THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S**
**WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS**

# THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S
# WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS

The Retired Detroit Police Members Association ("RDPMA"), through its counsel, Strobl & Sharp, P.C., hereby submits the following unique Exhibit List and Witness List:

**I.**     **Revised Witness List**

A.  The RDPMA hereby submits this witness list of individuals who will be called for live testimony in the eligibility trial:

     1.   Howard Ryan

B.  The RDPMA hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

     1.   Howard Ryan

     2.   Treasurer Andrew Dillon

     3.   Governor Richard Snyder

     4.   Emergency Manager Kevyn Orr, September 16, 2013

C.  The RDPMA hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.  The RDPMA hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

**II.**     **Unique Exhibit List**

The RDPMA hereby submits this consolidated list of evidence that will or may be used as evidence during the eligibility trial:

| 201 | 3/02/13-Dillon Dep. Ex. 6- DTMI00234878 (email correspondence) | Hearsay; Relevance |
|-----|----------------------------------------------------------------|--------------------|
| 202 | 3/02/12-Dillon Dep. Ex. 7- DTMI00234877-880 (email correspondence) | Hearsay, Relevance |

| | | |
|---|---|---|
| 203 | Basic Financial Statements, pages 27 - 32 of the State of Michigan Comprehensive Annual Financial Report for Fiscal Year Ending 2012 | Relevance |
| 205 | Comparison Chart of Public Act 4 and Public Act 436 | |

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:17:43   Page 51 of 126   561

# ATTACHMENT B


## THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

48

## THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

*I.* *Witness List*

A. The Retiree Association Parties hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1. Shirley V. Lightsey (see Declaration, Dkt. 502)
   c/o Lippitt O'Keefe, PLLC
   370 E. Maple Road
   Third Floor
   Birmingham MI, 48009
   (248) 646-8292

Ms. Lightsey is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), her attendance at multiple presentational meetings, that the DRCEA is a natural representative of the City of Detroit general retirees, that the DRCEA was ready, willing and able to negotiate with the City on Retiree issues, that the DRCEA

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:41:24   Page 53 of 126
13-53846-swr   Doc 2476   Filed 11/20/13   Entered 11/22/13 08:41:24   Page 49 of
159                                                                              563

unsuccessfully requested to meet with Kevyn Orr and on the qualifications, history, successes and structure of the DRCEA.

> 2.   Donald Taylor (see Declaration, Dkt. 502)
> c/o Lippitt O'Keefe, PLLC
> 370 E. Maple Road
> Third Floor
> Birmingham MI, 48009
> (248) 646-8292

Mr. Taylor is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), his attendance at multiple presentational meetings, that the RDPFFA is a natural representative of the City of Detroit uniformed (police and fire) retirees, that the RDPFFA was ready, willing and able to negotiate with the City on Retiree issues, that the RDPFFA met with Kevyn Orr during which he stated that pensions would not be diminished or impaired and that certain classes of retirees covered by a consent judgment would not have their medical benefits impaired, the unsuccessful requests for follow up meetings with Mr. Orr or City officials and on the qualifications, history, successes and structure of the DRCEA.

3.   Any and all witnesses listed, regardless of whether they are called, on the witness list of any party.

4.   Any and all witnesses necessary to provide a proper foundation for any physical and/or documentary evidence or to rebut the same regarding testimony or other evidence sought to be admitted by any party.

13-53846-swr    Doc 2376-9    Filed 11/20/13    Entered 11/22/13 17:32:43    Page 54 of 126
13-53846-swr    Doc 1647    Filed 11/11/13    Entered 11/11/13 18:41:24    Page 95 of 126
159    564

## II. Exhibit List

The Retiree Association Parties hereby submit this consolidated exhibit list

of evidence that will or may be used as evidence during the eligibility trial:

| Retiree Association Parties' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 301 | Declaration of Shirley V. Lightsey (Dkt. 497, Ex. 2) | Hearsay ; Relevance |
| 302 | Declaration of Donald Taylor (Dkt. 497, Ex. 3) | Hearsay ; Relevance |
| 303 | Bylaws of DRCEA (RetAssnParties000032-000036)[2] | |
| 304 | Bylaws of RDPFFA (RetAssnParties000043-000060) | |
| 305 | Articles of Incorporation for DRCEA (RetAssnParties000038-000041) | |
| 306 | Articles of Incorporation for RDPFFA (RetAssnParties000042) | |
| 307 | Notice and Consent forms from DRCEA Members (See CD, Bates No. RetAssnParties000061) | |
| 308 | Notice and Consent forms from RDPFFA Members (See CD, Bates No. RetAssnParties000062) | |
| 309 | Letter from Shirley V. Lightsey to Kevyn Orr, dated May 4, 2013 (RetAssnParties000181) | |
| 310 | Letters from DRCEA members to the DRCEA (RetAssnParties000001-000021) | Hearsay ; Relevance |
| 311 | RESERVED | |

---

[2] Bates numbers will be updated.

13-53846-swit    Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:17:24   Page 55 of 126
13-53846-swit    Doc 2476-9   Filed 11/20/13   Entered 11/22/13 08:17:24   Page 55 of 126    565
159

| Retiree Association Parties' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 312 | Wieler consent judgment (RetAssnParties000143-000180) | Hearsay ; Relevance |
| 313 | U.S. Trustee Retiree Committee Questionnaire completed by Shirley V. Lightsey (RetAssnParties000100-000104) | Hearsay ; Relevance |
| 314 | U.S. Trustee Retiree Committee Questionnaire completed by Donald Taylor (RetAssnParties000121-000125) | Hearsay ; Relevance |
| 315 | Pamphlet entitled "All About the DRCEA" (RetAssnParties000022-000031) | |

Each of the Retiree Association Parties reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other Objector

13-53846-swr    Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 56 of 126
159
13-53846-swr    Doc 1647   Filed 11/11/13   Entered 11/11/13 08:41:24   Page 52 of 92    566

# ATTACHMENT C

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
<u>(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS</u>**

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Official Committee of Retirees (the "Committee"), through their counsel, Dentons US LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Committee hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

1.    Emergency Manager Kevyn D. Orr

2.    Conway MacKenzie Senior Managing Director Charles Moore

3.    Michigan Treasurer Andy Dillon

B.    The Committee hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

1.    Milliman Principal and Consulting Actuary Glenn Bowen

2.    Michigan Labor Relations Director Lamont Satchel

3.    Ernst & Young LLP Principal Guarav Malhotra

4.    Kenneth Buckfire

54

13-53846-swf   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:41:22   Page 458 of 126
13-53846-swf   Doc 2647   Filed 11/10/13   Entered 11/22/13 17:38:43   Page 54 of 126   568
159

5.   Governor Richard D. Snyder

6.   Howard Ryan

D.   The Committee hereby reserves the right to call as witnesses any witness called by any other party.

## II.   *Exhibit List*

The Committee hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 400. | 01/30/13 - Orr Dep. Ex. 1, JD-RD-0000113 (email chain) | |
| 401. | 01/31/13 - Orr Dep Ex. 2, JD-RD-0000303 (email chain) | |
| 402. | 01/31/13 - Orr Dep. Ex. 3, JD-RD-0000300-02 (email chain) | |
| 403. | 01/31/13 - Orr Dep. Ex. 4, JD-RD-0000295-96 (email chain) | |
| 404. | Orr Dep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 405. | 02/20/13 - Orr Dep Ex. 6, JD-RD-0000216-18 (email chain) | |
| 406. | 02/22/13 - Orr Dep Ex. 7, JD-RD-0000459-64 (email chain) | |
| 407. | 05/12/13 - Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 408. | 06/14/13 - Orr Dep. Ex. 9, Dkt. 438-16 (City of Detroit Proposal for Creditors) | |

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 08:41:43   Page 59 of 126
13-53846-swr   Doc 1647   Filed 11/10/13   Entered 11/27/13 17:32:43   Page 95 of 126   569
159

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 409. | 07/16/13 - Orr Dep. Ex. 10, Dkt. 11-10 (letter Re: Recommendation Pursuant to Section 18(I) of PA 436) | |
| 410. | 07/18/13 - Orr Dep. Ex. 11, Dkt. 11-11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 411. | 07/12/13 - Orr Dep. Ex. 12, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 412. | 07/17/13 - Orr Dep. Ex. 13, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 413. | 09/11/13 - Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 414. | 07/18/13 - Orr Dep. Ex. 15, Dkt. 11 (Declaration of Kevyn Orr) | |
| 415. | 09/13/13 - Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit | |
| 416. | 06/27/13 - Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 417. | 02/13/13 - Orr Dep. Ex. 20, JD-RD-0000334-36 (email chain) | |
| 418. | 01/29/13 - Orr Dep. Ex. 21, DTMI00128731-805 (Jones Day 1/29/13 Pitchbook) | |
| 419. | 03/2013 - Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 420. | 02/15/13 - Orr Dep. Ex. 25, JD-RD-0000354-55 (email chain) | Authentication; Hearsay |

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 421. | 06/21/13 - Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 422. | 06/14/13 - Satchel Dep. Ex. 19, Dkt. 438-7 (letter Re: Retiree Benefit Restructuring Meeting | |
| 423. | 06/17/13 - Satchel Dep Ex. 20, Dkt. 438-6 (letter Re: Request from EFM for additional information) | |
| 424. | 09/24/13 - Bowen Dep. Ex. 4, DTMI00066176-90 (letter Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 425. | 11/16/12 - Bowen Dep. Ex. 9, DTMI00066269-74 (letterRe: DGRS Simple Projection) | |
| 426. | 05/20/13 - Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 427. | 05/21/13 - Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 428. | 09/24/13 - Bowen Dep. Ex. 14, (letter Re: One-Year Service Cancellation for DRGS and PFRS) | |
| 429. | 07/17/13 - Malhotra Dep. Ex. 8, DTMI00137104 (Ernst & Young - Amendment No. 7 to statement of work) | |
| 430. | 07/02/13 - Dkt. 438-9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 61 of 126   571
13-53846-swr   Doc 2647-9   Filed 11/12/13   Entered 11/12/13 08:41:24   Page 57 of 92
159

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 431. | 07/03/13 - Dkt. 438-10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 432. | 01/16/13 - DTMI00078970 - 79162, (Ernst & Young Professional Service Contract) | |
| 433. | 04/04/13 - DTMI00210876 - 78, (Ernst & Young Amendment No. 6 to Professional Services Contract) | |
| 434. | 07/17/13 - Snyder Dep. Ex. 6, (City of Detroit Rollout Plan) | Hearsay |
| 435. | 06/07/13 - Snyder Dep. Ex. 7, (Tedder email) | Hearsay |
| 436. | 07/08/13 - Snyder Dep. Ex. 8, (Dillon email) | Hearsay |
| 437. | 07/09/13 - Snyder Dep. Ex. 9, (Dillon email) | Hearsay |
| 438. | 07/09/13 - Dillon Dep. Ex. 5 (Dillon email) | Hearsay |
| 439. | 09/13/2013 - Dkt. 849 (City's Response to General Retirement Systems Request For Admissions) | |
| 440. | 08/23/13 - Dkt. 611 (General Retirement Systems Request For Admissions) | |
| 441. | 06/30/2011 - DTMI00225546 - 96, (Gabriel Roeder Smith 73rd Annual Actuarial Valuation) | |
| 442. | 06/30/12 - DTMI00225597 - 645, (Gabriel Roeder Smith 74th Annual Actuarial Valuation) | |
| 443. | 03/2013 - Bing Dep. Ex. 3 DTMI00129416 - 53 (City of Detroit - Restructuring Plan | |

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 444. | 06/30/12 - Bing Dep. Ex. 4 - (Excerpt of Comprehensive Annual Financial Report - (pages 123-124)) | |
| 445. | 07/10/13 - Bing Dep. Ex. 5 - DTMI00098861-62, (email correspondence) | |
| 446. | The video as it is linked from the 09/16/13 and 10/4/13 depositions of Kevyn D. Orr | |
| 447. | The video as it is linked from the 10/14/13 Dave Bing Deposition | |
| 448. | The video as it is linked from the 10/9/13 Richard D. Snyder Deposition | |
| 449. | The video as it is linked from 10/10/13 Andrew Dillon Deposition | |
| 450. | Any and all documents, correspondence and/or other materials authored by any witnesses identified in the City's witness list that contain relevant facts and/or information regarding this matter | Non-specific; non-compliant with Local Rule 7016-1(a)(9) |
| 451. | Any and all exhibits identified by any party | |
| 452. | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097-100, plus unnumbered timeline attachment)) | Hearsay |

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:41:32   Page 63 of 126
13-53846-swr   Doc 1647   Filed 11/10/13   Entered 11/12/13 08:41:24   Page 59 of 92
159
573

# ATTACHMENT D

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED <u>(1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS</u>**

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED (1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Michigan Council 25 of the American Federation of State, County and Municipal Employees ("AFSCME"), through their counsel, Lowenstein Sandler LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

**I.    *Witness List***

A.    The AFSCME hereby submits this consolidated witness list of individuals who will be called as live witnesses in the eligibility trial:

1.    Steven Kreisberg

B.    The AFSCME hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

1.    Governor Richard D. Snyder

2.    Emergency Manager Kevyn D. Orr

2.    Ernst & Young LLP Principal Guarav Malhotra

3.    Conway MacKenzie Senior Managing Director Charles Moore

4.    Michigan Treasurer Andy Dillon

5.    Richard Baird

61

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 65 of 126
13-53846-swr   Doc 1647-9   Filed 11/11/13   Entered 11/11/13 08:41:43   Page 65 of 126   575
159

6.    Mayor David Bing

    7.    Howard Ryan

C.    The AFSCME hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

    1.    Edward McNeil

D.    The AFSCME hereby reserves the right to call as witnesses any witness called by any other party.

## II.    *Exhibit List*

The AFSCME hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 501. | | 08/2007 - Dep. Ex. 8, (Office of the Auditor General Audit of the Municipal Parking Department) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 502. | | 12/16/11 - AFSCME000000368 – 373, (City of Detroit Budgetary Savings and Revenue Manifesto – City of Detroit Labor Organizations) | Authentication; Hearsay; Relevance |
| 503. | | 12/21/11 - Ex. C, (2011 Treasury Report) Declaration of Kevyn Orr in Support of Eligibility | |

62

13-53846-swit    Doc 2376-9  Filed 11/20/13  Entered 11/20/13 17:32:43  Page 66 of 126
13-53846-swit    Doc 1647-9  Filed 11/11/13  Entered 11/11/13 08:41:44  Page 92 of 176
159
576

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 504. | | 01/10/12 - Dep. Ex. 10, (City of Detroit Letter Request for Information to Cockrel, Budget, Finance and Audit Standing Committee Chair) Deposition of Kenneth A. Buckfire, September 20, 2013 | |
| 505. | | 02/01/12 - DTMI00086926 – 86983, (Tentative Agreement between City and Coalition of City of Detroit (non-uniform) Unions) | Hearsay; Relevance |
| 506. | | 03/02/12 - DTMI00234878 – 234880, (Email amongst Jones Day Subject: Consent Agreement) | |
| 507. | | 03/26/12 - Dep. Ex. 5, (Letter from Lamont Satchel to Edward McNeil Confirming Coalition of Unions representing Detroit City workers has ratified a new contract) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 508. | | 04/02/12 - Dep. Ex. 6, (Letter to Lamont Satchel from Edward McNeil providing updated list of coalition unions) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 509. | | 03/26/12 - DTMI00204529 - 204543, (2012 Financial Review Team Report, dated March 26, 2012) | |
| 510. | | 04/05/12 - DTMI00161620 - 161678, (2012 Consent Agreement) | |
| 511. | | 06/06/12 - Dep. Ex. 9, (City of Detroit Non-filer Collection Summary for years 2006 to 2009) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay; Relevance |
| 512. | | 06/11/12 - DMTI00098703- 98704 Email from Kyle Herman of Miller Buckfire to Heather Lennox & others Forwarding article "Bing: Detroit Will Miss Friday Payment if Suit Not Dropped" | Hearsay |
| 513. | | 07/18/12 - AFSCME000000291-337, (Letter from Satchel attaching City Employment Terms)· | Relevance |

13-53846-swt   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:13:43   Page 67 of
159
13-53846-swr   Doc 2347-6   Filed 11/10/13   Entered 11/27/13 08:41:24   Page 67 of 92   577

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 514. | | 07/27/12 - AFSCME 000000340 – 343, (Inter-Departmental Communication from Lamont Satchel to City of Detroit Employees regarding employment terms) | Relevance |
| 515. | | 08/02/12 - Dep Ex. 11, (August 2, 2012 CET Implementation Project Kickoff Meeting) Deposition of Lamont Satchel, September 19, 2013 | Relevance; Hearsay |
| 516. | | 08/20/12 - AFSCME 000000344 - 347, (Cynthia Thomas Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |
| 517. | | 08/29/12 - DTMI00090577 – 90584, (Cynthia Thomas Revised Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |
| 518. | | 11/21/12 - DMTI00103931 - 103932, (Email Exchange with James Doak to Buckfire & others re: furloughs) | Hearsay; Relevance |
| 519. | | 12/02/12 - Moore Dep. Ex. 6, DTMI00078512 - 8514 (Email from Kriss Andrews to Andy Dillon re: respective roles of E&Y, Conway MacKenzie, and Miller Buckfire in restructuring) | |
| 520. | | 12/14/12 - DTMI00220457 - 220459, (2012 Treasury Report) | |
| 521. | | 12/18/12 - Dep. Ex. 12, (Letter from Edward McNeil to Lamont Satchel) Deposition of Lamont Satchel, September 19, 2013 | |
| 522. | | 12/19/12 - Dep. Ex. 13, (Budget Required Furlough) Deposition of Lamont Satchel, September 19, 2013 | |
| 523. | | 12/19/12 - Moore Dep. Ex. 7, DTMI00106319 - 106320, (Email from Van Conway to Moore Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |

64

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 524. | | 12/19/12 - Moore Dep. Ex. 8, DTMI00079526, (Email from Moore to Kriss Andrews etc Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 525. | | 12/19/12 - Moore Dep. Ex. 9, (Email from Kriss Andrews to Baird Re: scope of work for Conway MacKenzie) | |
| 526. | | 12/19/12 - Moore dep. Ex. 10, DTMI00079528 - 79530 (Exhibit A Conway MacKenzie Scope of Services for January 9, 2013 through December 31, 2013) | |
| 527. | | 12/27/12 - Dep. Ex. 17 (Caremark/CVS Letter), Deposition of Lamont Satchel, September 19, 2013 | Hearsay; Relevance |
| 528. | | 01/2013 - Dep Ex. 5, (Water Supply System Capital Improvement Program Fiscal Years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Hearsay; Relevance |
| 529. | | 01/2013 - Dep. Ex. 6, (Sewage Disposal System, Capital Improvement Program, Fiscal years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Hearsay; Relevance |
| 530. | | 01/03/13 - Dep Ex. 14, (Letter from Lamont Satchel to Ed McNeil in Response to December 28, 2012 Letter) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 531. | | 01/14/13 - DMTI00079665 - 79667(email from Kriss Andrews re: Professionals Call on Retiree Health Care Issues) | |
| 532. | | 01/22/13 - DMTI00079569 - 79574, (Email from Kriss Andrews to Himself attaching Executive Summary of Detroit Restructuring Plan) | |

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 533. | | 01/23/13 - Dep. Ex. 15, (Letter from Lamont Satchel to Ed McNeil responding to information request submitted December 18, 2012) Deposition of Lamont Satchel, September 19, 2013 | |
| 534. | | 01/25/13 - Dep. Ex. 16, (Letter from Ed McNeil to Lamont Satchel in preparation for meeting January 30, 2013) Deposition of Lamont Satchel, September 19, 2013 | |
| 535. | | 01/16/13 - Moore Dep. Ex. 11, DTMI00078909 - 78969 (Conway MacKenzie Professional Service Contract Transmittal Record approved January 16, 2013) | |
| 536. | 418 | 01/29/13 - DTMI00128731-128805, (Pitch Presentation given to the City by the City's Law Firm) | |
| 537. | 400 | 1/30/13 - JD-RD-0000113, (Email From Richard Baird forwarded by Corinne Ball to Heather Lennox "Bet he asked if Kevyn could be EM!") | |
| 538. | | 01/31/12 - JD-RD-0000177 -178, (10:52 email between Orr and his colleague) | |
| 539. | 403 | 01/31/13 - JD-RD-0000295 - 296 (3:45:47 PM Email between Kevyn Orr and Corinne Ball Re: Bloomberg involvement as a bad idea & new law as a "redo" of prior rejected law) | |
| 540. | 401 | 01/31/13 - JD-RD-0000303, (5:23:09 PM Email between Kevyn Orr and colleague re conversation with Richard Baird re: consideration of EM job; in response to email from Corinne Ball re: Bloomberg Foundation and financial support for EM & project) | |
| 541. | 402 | 01/31/13 - JD-RD-0000300 - 302, (4:10:58 PM Email exchange between Orr and Daniel Moss Re: prudence of making Detroit a "national issue" to provide "political cover" & best option to go through chapter 9) | |

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 542. | | 02/11/13 - DMTI00083374 - 83394, (City of Detroit FAB Discussion Document) | |
| 543. | 417 | 02/07/13 - JD-RD-0000334 - 336, (Email String between Richard Baird and Kevyn Orr re: Details of Emergency Manager Employment) February 12-13 | |
| 544. | | 02/12/13 - JD-RD-0000327, ( Email string between Richard Baird, Andy Dillon, Kevyn Orr and Others regarding schedule for Orr Visit on February 11, 2013) February 7, 2013-February 11, 2013 | |
| 545. | 420 | 02/13/13 - JD-RD-0000354-355, (Email String Regarding Prospect of Orr accepting position as Emergency Manager) February 13, 2013-February 15, 2013 | |
| 546. | | 02/18/13 - Moore Dep. Ex. 18, DTMI00103661 - 103663, (Email from Moore to Bill Pulte re: Pulte Capital Partners LLC employment to clear blight) | |
| 547. | | 02/19/13 - DTMI00080488 - 80508, (2013 Financial Review Team Report) | |
| 548. | | 02/19/13 - DTMI00080488 - 80508, (Supplemental Documentation of the Detroit Financial Review team Report) | |
| 549. | 405 | 02/20/13 - JD-RD-0000216 - 218, (Email attaching summary of partnership – Governor, Mayor & EM) | |
| 550. | 406 | 02/22/13 - JD-RD-0000459 - 464, (Email exchange concerning summary of partnership Exchange with Orr and Baird, forwarding exchange between Baird and Snyder) February 20- 22, 2013 | |
| 551. | | 02/22/13 - DTMI00097150 - 97154, (Letter from Irvin Corley, Director Fiscal Analysis Division and David Whitaker, Director Research & Analysis Division to Councilmembers Providing Comments on the Report of the Detroit Financial Review Team report) | |

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 552. | 419 | 03/2013 - DMTI00078433 - 78470, (City of Detroit Restructuring Plan, Mayor's Implementation Progress Report) | |
| 553. | | 03/01/13 - DTMI 00124558 - 24562, (Governor's Determination of Financial Emergency) | |
| 554. | | 03/11/13 - Moore Dep. Ex. 13, DTMI00078028–78046, (FAB Discussion Document) | |
| 555. | | 03/27/13 - JD-RD-0000524 - 532, (Contract for Emergency Manager Services) | |
| 556. | | 04/05/13 - Moore Dep. Ex. 14 - DTMI00069987 – 70027, (City Council Review Restructuring Recommendations) | |
| 557. | | 04/08/13 - Moore Dep. Ex. 14 - DTMI00083414 – 83434 - (FAB Discussion Document) | |
| 558. | | 04/11/13 - , (Order No. 5, issued by the EM April 11, 2013, requires that the EM approve in writing of any transfers of the City's real property) | |
| 559. | | 05/02/13 - (Order No. 6, issued by the EM on May 2, 2013, directs the precise amount of deposits from the City to the Public Lighting Authority) | |
| 560. | 407 | 05/12/13 - DTMI00222548 - 222591, (Financial and Operating Plan) | |
| 561. | | 05/21/13 - Moore Dep. Ex. 4, DTMI00106352 - 6353, (email from Van Conway to Moore) | |
| 562. | | 05/21/13 - DTMI00106348 - 6349 (email exchange between Moore and Baird re: hiring of "Van" (Conway)) | |
| 563. | | 05/24/13 - Debtor's Omnibus Reply to Objections Ex. C, (Letter from Edward McNeil estimating savings from the Tentative Agreement of Approximately $50 million) | |

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 564. | 435 | 06/03/13 - Dep. Ex. 5, SOM20001327-1327-28, (Email String re: Financial and Operating Plan Powerpoint January 3, 2013 through June 7, 2013) Deposition of Treasurer Andrew Dillon, October 10, 2013 | Hearsay |
| 565. | | 06/10/13 - DTMI0011511-115432, (June 10 Presentation) | |
| 566. | 422 | 06/14/13 - DTMI00083043 - 83044, (letter from counsel to the City of Detroit to AFSCME) | |
| 567. | 408 | 06/14/13 - DTMI00227728 - 227861, (City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 568. | | 06/14/13 - DTMI00083741 - 83805, (Executive Summary of City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 569. | 423 | 06/17/13 - AFSCME000000040 - 41 Kreisberg letter to Miller Buckfire & Co., LLC. | |
| 570. | | 06/20/13 - DTMI00078574 - 78597, (Retiree Legacy Cost Restructuring, Uniform Retirees June 20, 2013 Presentation) | |
| 571. | | 06/20/13 - DTMI00078598 - 78621, (Retiree Legacy Cost Restructuring, Non-Uniform Retirees June 20, 2013 Presentation) | |
| 572. | | 06/21/13 - DMTI00099297 - 99298, (Email Sonya Mays to herself Re: refining current responsibilities to align more closely with City's financial restructuring effort) | |
| 573. | 421 | 06/21/13 - DTMI00078573 - 78621, (email from Lamont Satchel to David Bing and others attaching Emergency Manager's current restructuring plan for healthcare benefits and pensions) | |
| 574. | | 06/27/13 - DTMI00084443, (letter from counsel to the City of Detroit to AFSCME) (Letter to Ed- not letter included in objection) | |

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 575. | | 06/28/13 - DTMI00135831, (June 28, 2013 email from counsel to the City of Detroit to AFSCME) | |
| 576. | | 06/30/13 - DTMI00175701 - 175736, (City of Detroit Water Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |
| 577. | | 06/30/13 - DTMI00175663 - 74700, (City of Detroit Sewage Disposal Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |
| 578. | 430 | 07/02/13 - AFSCME000000036 - 39, (Kreisberg letter to counsel to the City of Detroit) | |
| 579. | 431 | 07/03/13 - DTMI00084320 - 84321, (letter from counsel to the City of Detroit to AFSCME) | |
| 580. | | 07/04/13 - DTMI00109900 -109901, (Email from Dana Gorman to Bill Nowling attaching Communications Rollout) | Hearsay |
| 581. | 436 | 07/08/13 - Dep. Ex. 7, SOM200003601, (Email re: Detroit and Pension Cuts) Deposition of Richard Baird, October 10, 2013 | |
| 582. | | 07/08/13 - SOM20010097, (Email from Bill Nowling to Governor's Office Attaching July 4, 2013 Spreadsheet entitled "Chapter 9 Communications Rollout") | Hearsay |
| 583. | | 07/18/13 - (Order No. 10, issued by the EM on July 8, 2013, suspends the Detroit Charter's requirement for filling vacancies on City Council) | |
| 584. | | 07/09/13 - SOM20010234, (Email from Treasurer Andy Dillon to the Governor and other Individuals in the Governor's Office) | Hearsay |
| 585. | 437 | 07/09/13 - Dep. Ex. 8, SOM200003657, (email re: Detroit and Referencing Meeting Keyvn Orr to have with pensions) Deposition of Richard Baird, October 10, 2013 | Hearsay |
| 586. | | 07/11/13 - DMTI00104215-104217, (Email from Dave Home to Kenneth Buckfire forwarding pre-read for call regarding options for protecting art) | Hearsay |

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 587. | 409 | 07/16/13 - DTMI00099244 - 99255, (Emergency Manager Recommendation of Chapter 9 Filing) | |
| 588. | | 07/17/13 - DTMI00128729-128730, (Email from Ken Buckfire regarding the deal reached between the City and its swap counterparties) | Hearsay |
| 589. | 429 | 07/17/13 - DTFOTA0000001 - 8, (Ernst & Young Amendment No. 7 to Professional Services Contract with City of Detroit) | |
| 590. | 410 | 07/18/13 - DTMI00116442 - 116445, (Governor's Authorization of Chapter 9 Filing) | |
| 591. | | 07/18/13 - Decl. Ex. A (Temporary Restraining Order dated July 18, 2013) Kreisberg Declaration, August 19, 2013 | |
| 592. | | 07/19/13 - Ex. B (Order of Declaratory Judgment dated July 19, 2013) Kreisberg Declaration, August 19, 2013 | |
| 593. | | 07/19/13 - DTMI00116442-116445, (email re: High Priority with attached July 18, 2013 Letter re Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 594. | | 08/06/13 - AFSCME000000050, (Kreisberg letter to counsel to the City of Detroit) (no attachment) | Relevance |
| 595. | | 08/08/13 - AFSCME000000045 - 46, (letter from counsel to the City of Detroit to AFSCME) | Relevance |
| 596. | 413 | 09/11/13 - Ex. 14, (Retiree Legacy Cost Restructuring Presentation) Deposition of Kevyn Orr, September 16, 2013 | Relevance |
| 597. | | 09/13/13 - DTFOTA1 – 153, (Letter from Jones Day to Caroline Turner attaching documents relied upon in Buckfire and Malhotra Depositions) Deposition of Kenneth A. Buckfire, September 20, 2013 | |
| 598. | | 10/09/13 - Ex. 11, (Email Subject: High Priority) Deposition of Governor Richard Snyder, October 9, 2013 | |

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 599. | | DTMI00117210 -117215, (Detroit City Council Rationale for Appeal) | Authentication; Relevance |
| 599-0 | | Ex. 18, (City Government Restructuring Program Hot Items) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay |
| 599-1 | | NERD Tax Return | Authentication; Hearsay; Relevance |
| 599-2 | | 6/11/13 – DTMI00234907-908, Dep. Ex. 9, (Email re: Professional Fees) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 599-3 | | 09/16/13 - Ex. B, (Deposition Transcript of Emergency Manager Kevyn Orr September 16, 2013) Declaration of Michael Artz. | |
| 599-4 | | 10/04/13 - Ex. E, (Transcript of continued deposition testimony given by Emergency Manager Kevyn Orr) Declaration of Michael Artz. | |
| 599-5 | | 10/09/13 - Ex. A, (Deposition Transcript of Governor Richard Snyder) Declaration of Michael Artz. | |
| 599-6 | | 09/20/13 - Ex. C, (Deposition Transcript of Guarav Malhotra) Declaration of Michael Artz. | Hearsay |
| 599-7 | | 09/18/13 - Ex. D, (Deposition of Charles Moore) Declaration of Michael Artz. | Hearsay |
| 599-8 | | Any and all documents, correspondence and/or other materials authored by any witnesses identified in City's witness list that contain relevant facts and/or information regarding this matter | |
| 599-9 | | Any and all exhibits identified by any party. | |

72

# ATTACHMENT E

**THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED
<u>(1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION</u>**

# THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

## I. *Witness List*

A. The UAW and Flowers hereby submit this consolidated list of individuals who will be called as witnesses in the eligibility trial:

1. Michael Nicholson - Subject: City's pre-petition meetings with stakeholders and status of the employees and retirees of the Detroit Public Library

2. Jack Dietrich – history of bargaining between UAW Local 2211 and City

3. Janet Whitson –impact of pension cuts on retirees, including Detroit Public Library Retirees

4. Michigan Governor Rick Snyder – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

5. Michigan Treasurer Andy Dillon – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

6. Michigan Transformation Manager Rick Baird – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

C. The UAW hereby reserves the right to call as witnesses any witness called by any other party.

13-53846-swr Doc 2376-9 Filed 11/20/13 Entered 11/20/13 17:32:43 Page 78 of 126
13-53846-swr Doc 1647 Filed 11/10/13 Entered 11/12/13 08:41:24 Page 74 of
159
588

## II. Exhibit List

The UAW hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Exhibit Numbers | | Exhibit | Objections |
|---|---|---|---|
| **UAW** | **Common** | | |
| 600 | 418. | Orr deposition Exh. 21 (Jones Day 1/29/13 pitchbook) | |
| 601 | 400 | Orr deposition Ex. 1, JD-RD-0000113 (email chain) | |
| 602 | 401. | Orr deposition Ex. 2, JD-RD-000303 (email chain) | |
| 603 | 402 | Orr deposition Ex. 3, JD-RD-0000300-302 (email chain) | |
| 604 | 405. | Orr deposition Ex. 6, JD-RD-0000216-218 (email chain) | |
| 605 | 407 | Orr deposition Ex. 8, (no Bates stamp) (5/12/13 EM Financial and Operating Plan) | |
| 606 | 408. | Orr deposition Ex. 9 (6/14/13 Proposal for Creditors) | |
| 607 | 409. | Orr deposition Ex. 10 (no Bates stamp) (7/16/13 EM letter to Governor) | |
| 608 | 410. | Orr deposition Ex. 11 (no Bates stamp) (7/18/13 Governor letter to EM) | |
| 609 | 414. | Orr's 7/18/13 declaration [Docket No. 11] | |
| 610 | None. | Orr deposition Ex. 17, City's responses to Retirement System's Admissions Requests [Docket No. 15] | |
| 611 | 410. | Orr deposition Ex. 18, DTMI00082699 (6/27/13 Jones Day letter to John Cunningham) | |

75

| Exhibit Numbers | | Exhibit | Objections |
|---|---|---|---|
| **UAW** | **Common** | | |
| | 436. | 7/8/13 email from Treasurer Dillon to Governor Snyder, (SOM20003601) | Hearsay |
| 612 | None | Buckfire deposition Ex. 13, DTM00103931-932 (Email chain) | Hearsay |
| 613 | 421. | Lamont Satchel deposition Ex. 18 (June 20, 2013 proposal). | Hearsay |
| 614 | None. | Rick Snyder Dep. Ex. 10, City of Detroit Chapter 9 Communications Rollout Plan | Hearsay |
| 615 | 437. | Rick Snyder Dep. Ex. 9, 7/9/13 email from Dillon to Snyder | Hearsay |
| 616 | 436. | Rick Snyder Dep. Ex. 8, 7/8/13 email from Dillon to Snyder | Hearsay |
| 617 | 435. | Rick Snyder Dep. Ex. 7 | Hearsay |
| 618 | 434. | Rick Snyder Dep. Ex. 6 | Hearsay |
| 619 | None | Rich Baird deposition Ex. 5 2/20/13 email from Baird to Orr | Relevance |
| 620 | None | Rich Baird deposition Ex. 6, 2/22/13 email from Baird to Orr | Relevance |
| 621 | 438 | Andy Dillon deposition Ex. 5, 7/19/email | Hearsay |
| 622 | None | Andy Dillon deposition Ex. 7, 3/2/12 email | Hearsay; Relevance |
| 623 | None | UAW document production bates-stamped 302-303 (Michael Nicholson question cards) | |
| 624 | None | 7/18/13 Michael Nicholson affidavit, with attachments A and B | Hearsay; Relevance |

## III.   RESERVATION OF RIGHTS

UAW and the *Flowers* Plaintiffs anticipate filing motions challenging certain assertions of privilege made by the City and/or by the State.  Should the

Court as a result of such motions find that the City and/or State improperly withheld testimony or documents, the UAW and *Flowers* Plaintiffs reserve the right to supplement or modify their exhibit and witness lists and statement of claim.

# ATTACHMENT F

## THE DETROIT PUBLIC SAFETY UNIONS'
## CONSOLIDATED (1) WITNESS LIST,
## <u>(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS</u>

## THE DETROIT PUBLIC SAFETY UNIONS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") through their counsel, Erman, Teicher Miller, Zucker & Freedman, P.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

### I.     *Witness List*

A.     The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1.     Daniel F. McNamara (see Declaration, Dkt. 512-6)
       c/o Erman, Teicher Miller, Zucker & Freedman, P.C
       400 Galleria Officentre, Suite 444
       Southfield, MI  48034
       Telephone: (248) 827-4100

Mr. McNamara will testify about his duties as president of the DFFA, his responsibilities and the responsibilities of the DFFA on behalf of its members, and his dealings with representatives of the City prior to and after the filing of the chapter 9 petition.  In particular, he will testify about correspondence with Lamont Satchel that addressed the termination of 2009 – 2013 Collective Bargaining Agreement effective 11:59 p.m. June 30, 2013; the City's terms and conditions of employment following the expiration of the CBA; and follow up meetings.  Mr. McNamara will testify about the City's unilateral imposition of wage cuts, cuts to health care benefits and pension restructuring proposals, and that there were no negotiations between the City and the DFFA, despite the DFFA's willingness to participate at meetings.

13-53846-swj   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 08:17:43   Page 83 of 126    593

2.    Mark Diaz  (see Declaration, Dkt. 512-1)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr.  Diaz will testify about his duties as president, his responsibilities and the responsibilities of the DPOA on behalf of its members,    and his efforts to negotiate and arbitrate labor matters with the City.  In particular, Mr. Diaz will testify about  the Act 312 Arbitration and the awards that were issued as a result of same. He will testify that the City's lack of negotiations; the City's announcement of  its intention to impose new health care plans on the DPOA and other Public Safety Unions which significantly increase the members' out of pocket medical costs; and about the  "informational meetings" in June and July 2013, at which representatives from  Jones Day presented very general outlines of the City's restructuring proposal.

3.    Mark Young (see Declaration, Dkt. 512-7)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr. Young will testify about his duties as president, his responsibilities and the responsibilities of the DPLSA on behalf of its members.  Mr. Young will testify about the DPLSA Feb. 4, 2013 Petition for Act 312 arbitration and the subsequent action of the City claiming it was not obligated to engage in bargaining under the Public Employment Relations Act, MCL 423.201 et seq as a result of Section 27(3) of Public Act 436; the decision of the MERC on July 14, 2013 granting the City's motion to dismiss the Act 312 arbitration; and the City's   subsequent statements that it had  no obligation to bargain with the DPLSA.  He will also testify about the City's actions in June and July 2013 relative to the termination of the CBA and the City's intent to impose changes to wages, benefits and working conditions, and correspondence with Lamont Satchel, the City Labor Relations Director.   Mr. Young will testify about presentations made by the City in June and July 2013 relative to pension restructuring and health plan changes for DPLSA members, and other meetings with the City/Emergency Manager to talk about employment issues

80

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 84 of 126
13-53846-swr   Doc 1647-9   Filed 11/12/13   Entered 11/12/13 08:43:43   Page 90 of 92
159
594

for DPLSA members, and the City's statement that the meetings should not be categorized as negotiations.

    4.    Mary Ellen Gurwitz  (see Declaration, Dkt. 512-8)
                c/o Erman, Teicher Miller, Zucker & Freedman, P.C
                400 Galleria Officentre, Suite 444
                Southfield, MI  48034
                Telephone: (248) 827-4100

Ms. Gurewitz will testify about the lack of negotiations between the DPCOA and the City and the terms that have been imposed by the City, and, in particular, the lack of negotiations with the City prior to the chapter 9 filing.

    B.    The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

    1.    Jeffrey M. Pegg, Vice President, DFFA Local 344

    2.    Teresa Sanderfer, Secretary, DFFA Local 344 Committee Member

    3.    Robert A. Shinske, Treasurer, DFFA Local 344

    4.    Linda Broden, Sergeant at Arms, DPOA RDPFFA

    5.    Rodney Sizemore, Vice President

    6.    Steve Dolunt, President, DPCOA

    7.    James Moore, Vice president, DPCOA

Each of the Detroit Public Safety Unions reserves the right to call any witness listed by the City, the State of Michigan or by any objecting party.

    C.    Witnesses from Deposition testimony:

Each of the Detroit Public Safety Unions reserves the right to  offer any portion of any deposition designated by any other objecting party.

## II.    *Exhibit List*

The Detroit Public Safety Unions' hereby submit this consolidated exhibit
list of evidence that will or may be used as evidence during the eligibility trial:

| Public Safety Unions' Exhibit No. | Exhibit | Objections |
| --- | --- | --- |
| 704 | DFFA letter dated July 12, 2013 | |
| 705 | Jones Day letter of July 17, 2013 | |
| 706 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354 Panel's Findings, Opinion and Orders | Hearsay; Relevance |
| 707 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354, Supplemental Award | Hearsay; Relevance |
| 708 | City of Detroit v. DPOA MERC Case No.D12 D-0354 Chairman's Partial Award on Health Insurance | Hearsay; Relevance |
| 709 | Letter from Jones Day, Brian West Easley, dated June 14, 2013 | |
| 710 | Letter from Jones Day, Brian West Easley, dated June 27, 2013 | |
| 711 | DFFA Master Agreement, 2001-2009 | |
| 712 | DFFA Act 312 Award, dated Oct./Nov. 2011 | Hearsay; Relevance |
| 713 | DFFA Supplemental Act 312 Award | Hearsay; Relevance |
| 714 | DFFA Temporary Agreement | Hearsay; Relevance |
| 715 | DPLSA Master Agreement, 2009 | |
| 716 | DPCOA Master Agreement | |
| 717 | DPCOA Temporary Agreement | Hearsay; Relevance |
| 718. | City of Detroit v. DPOA MERC Case No.D09 F-0703 Decision and Order | Hearsay; Relevance |

13-53846-swr    Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:13:43   Page 86 of 126   596

| Public Safety Unions' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 719 | City of Detroit v. DPOA, No. C07 E-110 | Hearsay; Relevance |

Each of the Detroit Public Safety Unions reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other objecting party.

# ATTACHMENT G

## THE RETIREMENT SYSTEMS' CONSOLIDATED
### (1) WITNESS LIST,
### (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

# THE RETIREMENT SYSTEMS' CONSOLIDATED
## (1) WITNESS LIST,
## (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems"), through their counsel, Clark Hill PLC, hereby submits the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I. *Witness List*

A. The Retirement Systems hereby submit this consolidated witness list of individuals who will be called as witnesses via deposition and/or live testimony in the eligibility trial:

1. Kevyn D. Orr, Emergency Manager for the City of Detroit

2. Andrew Dillon, Michigan Treasurer (via deposition or live)

3. Richard Snyder, Michigan Governor (via deposition or live)

4. Kenneth Buckfire, Miller Buckfire (via deposition or live)

B. The Retirement Systems hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

1. Glenn Bowen, Milliman Principal and Consulting Actuary Glenn Bowen (via deposition)

2. Lamont Satchel, Michigan Labor Relations Director Lamont Satchel (via deposition)

3. Charles Moore, Conway Mackenzie Managing Director (via deposition)

4. Bradley A. Robins, Head of Financing Advisory & Restructuring for North America at Greenhill & Co., LLC

5. Eric Mendelsohn, Managing Director of Greenhill & Co., LLC

6. David Bing, Mayor for the City of Detroit (via deposition)

7. Howard Ryan, State of Michigan 30(b)(6) Witness (via deposition)

C.     The Retirement Systems hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.     The Retirement Systems hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

## II.     *Exhibit List*

The Retirement Systems hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 801 | 404 | OrrDep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 802 | 418 | 01/29/13 – Orr Dep. Ex. 21, DTMI00128731–805 (Jones Day 1/29/13 Pitchbook) | |
| 803 | 400 | 01/30/13 – OrrDep. Ex. 1, JD–RD–0000113 (email chain) | |
| 804 | 403 | 01/31/13 – OrrDep. Ex. 4, JD–RD–0000295–96 (email chain) | |
| 805 | 402 | 01/31/13 – OrrDep. Ex. 3, JD–RD–0000300–02 (email chain) | |
| 806 | 401 | 01/31/13 – OrrDep Ex. 2, JD–RD–0000303 (email chain) | |
| 807 | 417 | 02/13/13 – OrrDep. Ex. 20, JD–RD–0000334–36 (email chain) | |
| 808 | 420 | 02/15/13 – OrrDep. Ex. 25, JD–RD–0000354–55 (email chain) | Authentication ; Hearsay |
| 809 | 405 | 02/20/13 – OrrDep. Ex. 6, JD–RD–0000216–18 (email chain) | |
| 810 | 406 | 02/22/13 – OrrDep. Ex. 7, JD–RD–0000459–64 (email chain) | |
| 811 | 419 | 03/2013 – Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 812 | 407 | 05/12/13 – Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 813 | 408 | 06/14/13 – Orr Dep. Ex. 9, Dkt. 438–16 (City of Detroit Proposal for Creditors) | |
| 814 | 416 | 06/27/13 – Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 815 | 411 | 07/12/13 – Orr Dep. Ex. 12, Dkt. 512–6 (letter Re: City of Detroit Pension Restructuring) | |

13-53846-swit   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 91 of 126
13-53846-swit   Doc 1647-6   Filed 11/12/13   Entered 11/12/13 08:41:24   Page 91 of   601
159

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| RSCD | Common | | |
| 816 | 412 | 07/17/13 – Orr Dep. Ex. 13, Dkt. 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| 817 | 409 | 07/16/13 – Orr Dep. Ex. 10, Dkt. 11–10 (letter Re: Recommendation Pursuant to Section 18(I) of PA 436) | |
| 818 | 410 | 07/18/13 – Orr Dep. Ex. 11, Dkt. 11–11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 819 | 413 | 09/11/13 – Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 820 | 415 | 09/13/13 – Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' Frist Requests for Admission Directed to the City of Detroit | |
| 821 | 425 | 11/16/12 – Bowen Dep. Ex. 9, DTMI00066269–74 (letter Re: DGRS Simple Projection) | |
| 822 | 426 | 05/20/13 – Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| 823 | 427 | 05/21/13 – Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |

602

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 824 | 424 | 09/24/13 – Bowen Dep. Ex. 4, DTMI00066176–90 (letter Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA) | |
| 825 | 428 | 09/24/13 – Bowen Dep. Ex. 14, (letter Re: One–Year Service Cancellation for DRGS and PFRS) | |
| 826 | 422 | 06/14/13 – Satchel Dep. Ex. 19, Dkt. 438–7(letter Re: Retiree Benefit Restructuring Meeting) | |
| 827 | 423 | 06/17/13 – Satchel Dep. Ex. 20, Dkt. 438–6 (letter Re: Request from EFMfor additional information) | |
| 828 | 421 | 06/21/13 – Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 829 | 430 | 07/02/13 – Dkt. 438–9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 830 | 431 | 07/03/13 – Dkt. 438–10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 831 | | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097–100, plus unnumbered timeline attachment) | Hearsay |

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 832 | 434 | 07/17/2013 – Timeline/City of Detroit Chapter 9 Communications Rollout Plan (Snyder Dep 6, SOM20001331, plus unnumbered attachment) | Hearsay |
| 833 | | 01/29/2013 – Baird Dep. Ex. 1 – Presentation to the City of Detroit, Jones Day (DTMI00128731–805) | |
| 834 | 438 | 07/09/2013 – Dillon Dep. Ex. 5 – Email A. Dillon to R. Snyder, D. Muchmore, R. Baird re: Detroit (SOM20010234) | Hearsay |
| 835 | | 04/15/2013 – Email T. Stanton to B. Stibitz re: crains (SOM20009880) | Hearsay |
| 836 | | 03/13/2013 – Email A. Dillon to T. Saxton, B. Stibitz, F. Headen re: KO (SOM20009255–56) | Hearsay |
| 837 | | 02/27/2013 – Email J. Martin to C. Ball (cc: A. Dillon, K. Buckfire) re: Solicitation for Restructuring Legal Counsel (DTMI00234545) | |
| 838 | | 05/12/2013 – Vickie Thomas CBS Detroit report re *Detroit EM Releases Financial Plan; City Exceeding Budget By $100M Annually* | Hearsay |
| 839 | | 05/12/2013 – Financial and Operating Plan, City of Detroit, Office of Emergency Manager, Kevyn D. Orr | |
| 840 | | 03/25/2012 – Email L. Marcero to K. Buckfire, etc. re: FW: Comments to draft from the City 3/23 (DTMI00234777–78) | Hearsay |

13-53846-swit   Doc 2376-9   Filed 11/20/13   Entered 11/22/13 08:17:33   Page 94 of 126
159
13-53846-swr   Doc 1647   Filed 11/10/13   Entered 11/12/13 18:41:24   Page 90 of   604

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 841 | | 03/29/2012 – L. Marcero to K. Buckfire, et al. re: FW: Revised Agreement (DTMI00234774–76) | Hearsay |
| 842 | | 05/20/2012 – H. Sawyer to K. Buckfire, et al. re: Detroit Update (DTMI00234763–64) | Hearsay |
| 843 | | 6/5/2012 K. Herman to K. Buckfire, et al. re: Detroit consent agreement lawsuite to be heard by Ingham County Judge Collette (DTMI00234761–62) | Hearsay |
| 844 | | 6/5/2012 – T. Wilson to H. Lennox re: meeting with Governor and conversation with K. Buckfire and Memos for Andy Dillon (DTMI00233348–49) | |
| 845 | | 3/24/2012 Email to Ken Buckfire from L. Marcero (DTMI00234796—798) | Hearsay |
| 846 | | 3/2/2012 – Email RE: PA 4 and Consent Agreement (Dillon Ex. 6, DTMI0023878–80) | Hearsay |
| 847 | | 12/5/2012—Email K. Buckfire to C. Ball, et al. (DTMI00234741–48) | |
| 848 | | 6/27/2013 Email from Tom Saxton and Terry Stanton (SOM20002871) | Hearsay |
| 849 | | 3/3/2012 Email to Andy Dillon (Dillon Ex. 7, DTMI00234877) | Hearsay |
| 850 | | 3/7/2012 Email to Ken Buckfire (DTMI00234867–234871) | |
| 851 | | 3/24/2012 Email RE: Andy Dillon and Ch. 9 (DTMI00234799–800) | |

13-53846-swr  Doc 2376-9  Filed 11/20/13  Entered 11/20/13 17:32:43  Page 95 of 126
13-53846-swr  Doc 2347b  Filed 11/11/13  Entered 11/11/13 08:41:24  Page 91 of
159                                                                        605

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| RSCD | Common | | |
| 852 | | 3/24/2012 Email to Ken Buckfire RE: Meeting w/ Dillon RE: PA, PA 72, Ch. 9 filing (DTMI00234796–234798) | Hearsay |
| 853 | | 1/28/2013 Email to Orr RE: RFP (DTMI00235165–66) | Hearsay |
| 854 | | 11/21/2012 Email to Ken Buckfire (Buckfire Dep. Ex. B13, DTMI00103933–34) | Hearsay |
| 855 | | 1/30/2013 Email to K. Orr RE: RFP by MB (DTMI00234685) | Hearsay |
| 856 | | 3/22/2013 Treasury Email RE: Milliman report (Dillon Exhibit 8, SOM20009920–9921) | Hearsay |
| 857 | | 3/5/2012 Email to Andy Dillon (DMTI00231930) | |
| 858 | 436 | 7/8/2013 Email from Dillon to Governor (Baird Dep Ex. 7, SOM20003601) | Hearsay |
| 859 | | 3/10/2012 Email to K. Buckfire (DTMI00234852–863) | |
| 860 | | 1/28/2013 Email to K. Orr RE: Detroit Ch. 9 (DTMI00234687) | |
| 861 | | 1/30/2013 Email to K. Orr RE: RFP Process (DTMI00234684–86) | Hearsay |
| 862 | | 3/24/2012 Email to K. Buckfire RE: Update on Meeting with State Today (DTMI00234779–4788) | |
| 863 | | 3/22/3012 Email to Andy Dillon and K. Buckfire (DTMI00234814) | Hearsay |
| 864 | | 3/27/2012 Email to Chuck Moore (DTMI00235061) | Hearsay |
| 865 | | 2/11/2013 Email to K. Orr RE: Ch. 9 filing (DTMI00235163) | |

13-53846-swr   Doc 2376-9   Filed 11/20/13   Entered 11/20/13 17:32:43   Page 96 of 126
13-53846-swr   Doc 2047-6   Filed 12/10/13   Entered 12/10/13 18:41:24   Page 92 of
159
606

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 866 | | 1/15/2013 Email to K. Orr (DTM100235218) | |

607

# ATTACHMENT H

# OBJECTORS' OBJECTIONS TO THE CITY OF DETROIT DEBTOR'S LIST OF EXHIBITS

Objectors jointly submit the following objections to The City of

Detroit, Michigan (the "City's"), list of exhibits:

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 1. | Charter – City of Detroit [DTMI00230808-0933] | |
| 2. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008 [DTMI00230934-1157] | |
| 3. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009 [DTMI00231158-1378] | |
| 4. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010 [DTMI00230335-0571] | |
| 5. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011 [DTMI00230572-0807] | |
| 6. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012 [DTMI00231379-1623] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 7. | November 13, 2012, Memorandum of Understanding City of Detroit Reform Program [DTMI00222996-3010] | |
| 8. | July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration") | Hearsay; Expert opinion |
| 9. | Cash Flow Forecasts [Malhotra Declaration Ex. A] | Hearsay; Expert opinion; Foundation |
| 10. | Ten-Year Projections [Malhotra Declaration Ex. B] | Hearsay; Expert opinion; Foundation |
| 11. | Legacy Expenditures (Assuming No Restructuring) [Malhotra Declaration Ex. C] | Hearsay; Expert opinion; Foundation |
| 12. | Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. D] | |
| 13. | Schedule of water system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. E] | |
| 14. | Annual Debt Service on Revenue Bonds [Malhotra Declaration Ex. F] | |
| 15. | Schedule of COPs and Swap Contracts as of June 30, 2012 [Malhotra Declaration Ex. G] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 16. | Annual Debt Service on COPs and Swap Contracts [Malhotra Declaration Ex. H] | |
| 17. | Schedule of UTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. I] | |
| 18. | Schedule of LTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. J] | |
| 19. | Annual Debt Service on General Obligation Debt & Other Liabilities [Malhotra Declaration Ex. K] | |
| 20. | July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration") | Hearsay; Expert opinion; Foundation |
| 21. | January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team [Orr Declaration Ex. C] | |
| 22. | March 26, 2012, Report of the Detroit Financial Review Team [Orr Declaration Ex. D] | |
| 23. | April 9, 2012, Financial Stability Agreement [Orr Declaration Ex. E] | |
| 24. | December 14, 2012, Preliminary Review of the City of Detroit [Orr Declaration Ex. F] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 25. | February 19, 2013, Report of the Detroit Financial Review Team [Orr Declaration Ex. G] | |
| 26. | March 1, 2013, letter from Governor Richard Snyder to the City [Orr Declaration Ex. H] | |
| 27. | July 8, 2013, Ambac Comments on Detroit [Orr Declaration Ex. I] | Hearsay; Foundation; Relevance |
| 28. | July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436 [Orr Declaration Ex. J] | |
| 29. | July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding [Orr Declaration Ex. K] | |
| 30. | July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code [Orr Declaration Ex. L] | |
| 31. | Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration") | Hearsay; Expert opinion; Foundation |
| 32. | Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees [DTMI00084776-4924] | Hearsay; Authentication; Completeness; Foundation |

98

13-53846-tjt   Doc 2676-9   Filed 1/20/13   Entered 1/20/13 17:38:43   Page 102 of 126
13-53846-swr   Doc 1640-7   Filed 11/14/13   Entered 11/14/13 08:41:24   Page 93 of 116   612
159

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 33. | Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo<br><br>[DTMI00231920] | Hearsay; Authentication; Foundation; Legibility; Relevance |
| 34. | Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013<br><br>[DTMI00231927-DTMI00231929] | Hearsay; Authentication; Foundation; |
| 35. | Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013. [DTMI00231921-1926] | |
| 36. | FRE 1006 chart summarizing efforts to negotiate with union creditors. [DTMI-00235448] | |
| 37. | FRE 1006 chart summarizing efforts to negotiate with other creditors. [DTMI-00235447] | |
| 38. | FRE 1006 chart summarizing the City's projected cash flows. [DTMI00235438] | Hearsay; Foundation; Authentication |
| 39. | February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel [DTMI00125142-5183] | Hearsay; Foundation; Authentication; Relevance |

99

13-53846-tjt   Doc 2276-9   Filed 11/20/13   Entered 11/20/13 17:38:43   Page 103 of 126
13-53846-swr   Doc 1640-9   Filed 11/12/13   Entered 11/12/13 08:41:24   Page 99 of 126   613
159

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 40. | List of Special Conferences for Association held with Members of Police Labor Relations [DTMI00125426] | Hearsay; Foundation; Authentication; Relevance |
| 41. | June 10, 2013, City of Detroit Financial and Operating Plan Slides [DTMI00224211-4231] | Hearsay; Authentication; Foundation; Expert opinion |
| 42. | RSVP List for June 14, 2013 Proposal for Creditors Meeting [DTMI00125427] | |
| 43. | June 14, 2013, City of Detroit Proposal for Creditors  [DTMI00227144-7277] | |
| 44. | June 14, 2013 Proposal for Creditors – Executive Summary [DTMI00227278-7342] | |
| 45. | List of Invitees to the June 20, 2013 Meetings  [DTMI00128659-8661] | |
| 46. | Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring) [DTMI00235427-5434] | |
| 47. | Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring) [DTMI00235435-5437] | |
| 48. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees [DTMI00067906-7928] | |
| 49. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees  [DTMI00067930-7953] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 50. | Invitee List and Sign-in Sheet for the June 25, 2013 Meeting [DTMI00125428-5431] | |
| 51. | Cash Flow Forecasts provided at June 25, 2013 Meeting [DTMI00231905-1919] | Hearsay: Expert opinion; Authentication; Foundation |
| 52. | Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 meetings [DTMI00128274-DTMI0012835; DTMI00239435-DTMI0023446] | |
| 53. | List of Attendees at July 9 and 10, 2013 Creditor Meetings [DTMI00231791] | |
| 54. | Detroit Future City Plan 2012 [DTMI00070031-0213] | |
| 55. | Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings [DTMI00235408-5426] | |
| 56. | July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting   [DTMI00229088-9090] | |
| 57. | July 10, 2012 City of Detroit Sign In Sheet for 3:30 PM Police and Fire Meeting [DTMI00229091-9094] | |
| 58. | July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting. [DTMI00229095-9096] | |
| 59. | July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting. [DTMI229102-9103] | |
| 60. | July 11, 2013 City of Detroit Union-Retiree Meeting Draft Medicare Advantage Plan Design Options [DTMI00135663] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 61. | Correspondence between representatives of AFSCME and representatives of the City [Ex. F to the City of Detroit's Consolidated Reply to Objections to the Entry of an Order for Relief, Docket No. 765] | |
| 62. | Michigan Attorney General Opinion No. 7272 | Relevance; Foundation; Hearsay; Legal opinion |
| 63. | July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims | |
| 64. | September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of The Bankruptcy Code | |
| 65. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066292-6307] | Hearsay; Expert opinion; Foundation |
| 66. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066176-6190] | Hearsay; Expert opinion; Foundation |
| 67. | June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066206-6210] | Hearsay; Expert opinion; Foundation |
| 68. | June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit [DTMI00225546-5596] | Hearsay; Expert opinion; Foundation |

13-53846-swr    Doc 2376-9    Filed 11/20/13    Entered 11/20/13 18:17:32    Page 106 of 126

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 69. | April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012 [DTMI00225597-5645] | Hearsay; Expert opinion; Foundation |
| 70. | June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit [DTMI 00202414-2461] | Hearsay; Expert opinion; Foundation |
| 71. | November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit [DTMI00202462-2491] | Hearsay; Expert opinion; Foundation |
| 72. | November 21, 2011 Memorandum from Irvin Corley Jr., to Council Members of the City of Detroit City Council [DTMI00202511-2523] | Hearsay; Expert opinion; Foundation |
| 73. | July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions | |
| 74. | July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st - June 30th) | |
| 75. | May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 76. | Responses of International Union, UAW to Debtor's First Set of Interrogatories | |
| 77. | UAW Privilege Log | Relevance |
| 78. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories | |
| 79. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories | |
| 80. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 81. | Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 82. | Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 83. | Answers to Debtor's First Interrogatories to Retiree Association Parties | |
| 84. | Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories | |
| 85. | Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 86. | Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents | |
| 87. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents | |
| 88. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents | |
| 89. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions | |
| 90. | The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents | |
| 91. | Response of Retiree Association Parties to Debtor's First Requests for Production of Documents | |
| 92. | Retired Detroit Police Members Association Response to Debtor's First Requests for Production | |
| 93. | June 14, 2013 Index Card #1 from Nicholson | |
| 94. | June 14, 2013 Index Card #2 from Nicholson | |
| 95. | June 20, 2013 Typewritten Notes from June 20, 2013 Presentation | Foundation; Hearsay |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 96. | July 16, 2013 Nicholson Affidavit in Flowers | |
| 97. | August 19, 2013 UAW Eligibility Objection | |
| 98. | Nicholson Letter To Irwin re UAW Discovery Responses | |
| 99. | FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013 | |
| 100. | FRE 1006 Chart summarizing the approximate number of pages in documents uploaded to the data room before July 18, 2013 | |
| 101. | Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room | |
| 102. | July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted] | |
| 103. | Any exhibit identified by any Objector. | |

# ATTACHMENT I

1

## IX. Objectors' Transcripts

**A.** The City and Objectors submit the following Objectors' consolidated deposition designations and the City's counter-designations.

     1. Kevyn Orr, September 16, 2013 & October 4, 2013

### Objectors' Consolidated Designations

10:23 – 11:14
12:1 – 13:25
15:1 - 17
17:7 – 21:24
23:13 – 19
23:24 – 25
24: 4 – 25:22
26:20 – 25
29:6 –32:4
32:14 - 23
33:5 - 13
38:11 – 41:17
43:15 – 46:6
46:7 – 47:18
48:1 –49:8
50:23 – 52:9
53:20 - 56:21
57:11 –60:13
61:17 –62:24
63:25 – 64:11
65:15 – 66:1
69: 3 - 71:2
71:17 – 78:5
71:6 – 8

78:17 – 79:6
79:16 – 80:8
80:25 – 82:23
82: 25 - p. 83:3
83:16 –84:2
84:13 –86, L. 1
85:19 – 86:1
86:16 – 95:1
95:6 –96:6
96:25 –108:7
102:6 - 104:7
104:14 – 108:7
110:12 - 121:12
122:7 – 123:14
123:17 – 125:10
127:24 – 130:23
132:12 – 135:4
136, L. 18 – 137:1
137:12 – 144:23
145:25 – 146:10
147: 19 - 25
148:16 – 153: 8
155:1 – 156:22
163:8-17
164:16-25
166: 12 - 24
168: 5 – 172:4
172:19 - 178:1
179: 2 - 185:23
187: 3 – 190:12
192:2 – 8
215:13 – 24
220: 19 – 221:10
222:13 – 223:21

225:16 –226:5

237:15 –238:5

239:7 – 15

246:12 –247:7

248:15 –249:5

251:16 – 18

252:4 – 5

252:12 – 253:16

257:17 – 20

260:8 - 21

261:21 – 262:4

262:13 - 23

263:22 – 264:19

266:18 – 25

267:11 – 268:1

270:25 – 272:6

272:20 – 273:13

273: 6 – 276:8

277:19 – 279:6

279:23 – 280:4

280:17 – 19

280:23 – 25

288:2 – 292:11

293:12 – 297:19

299:22 – 303:7

323:22 – 324:14

328:4 – 329:3

330:13 – 17

331:18 – 332:2

333:11 – 335:9

361:7 – 362:22

364:5 – 365:7

368:10-15

369:12 – 381:2

383:3 – 6

385:1-7

408:6 – 419:7
422:17 – 423:7
427:11 – 428:11
429:16 – 21
446:1 – 447:10
455:3 – 457:1
477: 8 - 481:22
489: 8 – 22

**City's Counter-Designations**

10:17 - 22
11:15 - 25
14:1 - 25
15:18 - 25
21:25-22:1
22:14 - 23:12
25:23 - 26:19
41:18;
 42:13 - 43:15
47:19 - 47:25
49:9 - 49:23;
50:8- 50:22
56:22 - 57:9
64:17 - 65:14
52:5 - 57:10;
68:7 - 69:2 ;
71:3 - 71:8
78:6 - 79:6
79:7 - 15
80:9 - 80:24
83:4 - 83:15
112:3 - 112:20
96:7 - 96:24;
108:18 - 109:17
104:8 - 104:13
108:18 - 109:17
123:15 - 123:18
125:11 - 125:16
130:24 - 131:17

148:1 - 15
162:1 -163:7
166:25 - 168:4
172:5 - 18
178:2 - 179:1
185:24 - 187:2
223:22 - 224:2
249:9 - 250:15
251:16 - 252:11;
255:23 - 256:24
257:24 - 258:13
262:5 - 262:12
263:19 - 263:21;
264:20 - 265:17
267:1 - 267:10
268:2 - 270:24;
272:7 - 272:19
273:14 - 276:8
280:5 - 280:16
280:20 - 280:23
281:1 - 281:9
285:6 - 285:11
220:19 - 221:10,
222:13 - 224:2
299:8 - 299:21
330:18 - 331:17
365:9 - 366:11;
367:19 - 368:7
428:12 - 429:15
447:11 - 448:21
369:12 - 369:19

2.    Dave Bing, October 14, 2013

**Objectors' Consolidated Designations**

9:17 – 19
14:9 - 21
20:19 – 24
45:24 – 46:10

59:25 - 64:23

53:15 - 58:11

66:21 - 68:9

69:14 – 70:4

72:13 - 75:11

75:22 - 90:3

91:4 - 24

100:15 – 101:13

103:15 – 106:6

106:11 – 108:9

112: 13–21

116:17 – 117:11

## City's Counter-Designations

10:3 – 10:21
14:22 – 16:16
18:8 – 19:4
20:25 – 21:4
36:10 – 37:12
43:5 – 45:18
58:12 – 58:16
66:13 – 66:20
75:12 – 75:21
101:14 – 103:11
108:10 – 108:25
109:6 – 109:8

3. Charles Moore, September 18, 2013

**Objectors' Consolidated Designations**

8:4 - 8
12:3 - 6
36:9 - 12
50:2 - 51:1
51:9 - 17
52:5 - 20
53:25 - 54:11
61:18 - 62:7
62:25 - 63:12
64:6 - 7
64:9 - 14
64:16 - 20
65:4 – 13
70:16 - 18
91:20 - 23
110:12 - 22
126:22 - 127:14
130:25 - 131:14
134:23 – 135:16
138:7 - 139:9
140:16 - 141:22
150:16 - 151:5
151:7 - 18
151:20 - 152:1
152:2 - 7
152:8 - 21
156:18 - 25

**City's Counter-Designations**

15:9 - 16:13
20:14 - 24

22:2 - 12
34:16 - 36:8
49:8 - 25
59:7 - 61:17
92:1 - 11
123:22 - 124:25
131:15 - 22
132:18 - 133:15
137:14 - 138:6
166:1 - 21
168:5 - 8
168:16 - 20

4.     Glen Bowen, September 24, 2013

**Objectors' Consolidated Designations**

12:7 - 9
19:12 - 20
34:8 - 21
35:12 - 36:4
43:15 - 44:8
63:21 - 64:5
73:7 - 21
91:18 - 92:13
93:4 - 14
98:13 - 99:3
99:9 - 17
100:18 - 22
129:14 - 22
130:8 - 132:11
133:10 - 134:18
141:9 - 17
142:1 - 6
142:8 - 19

143:1 - 6
143:8 - 19
146:8 - 19
147:2 - 148:15
148:19 - 149:3
149:6 - 8
150:5 - 15
177:18 - 178:3
192:8 - 193:11
194:4 - 12
198:5 - 7
198:17 - 19
203:20 - 204:9
204:11 - 14
204:16 - 19
205:7 - 206:11

**City's Counter-Designations**

18:9 - 20
19:12 - 21:15
22:14 - 23:5
23:12 - 21
24:17 - 22
28:10 - 30:14
33:15 - 34:21
35:12 - 36:4
36:10 - 12
40:3 - 41:12
43:15 - 44:8
44:11 - 13
60:13 - 10
63:21 - 64:5
66:15 - 67:22
68:17 - 71:3

81:20 - 83:10
91:18 - 92:13
93:4 - 94:2
98:13 - 99:3
99:9 - 17
100:18 - 22
111:20 - 112:22
129:14 - 22
130:8 - 132:11
133:10 - 134:18
141:9 - 17
142:8 - 10
142:13 - 19
143:1 - 6
143:8 - 19
146:8 - 19
147:2 - 148:15
148:19 - 22
149:2 - 3
149:6 - 8
150:5 - 15
174:11 - 176:21
177:3 - 16
177:18 - 178:3
183:17 - 185:11
192:8 - 193:11
194:4 - 195:101
198:5 - 7
198:17 - 19
203:20 - 204:9
204:11 - 14
204:16 - 19
205:7 - 206:11

5. Howard Ryan, October 14, 2013

Objectors designate the deposition transcript of Howard Ryan in its entirety.

The City objects to the following deposition testimony offered by Objectors.

| Designation | Objection |
|---|---|
| 43:14-46 :23 | Speculation; Hearsay; Form; Foundation |

## X. City's Transcripts

**A.** The City and Objectors submit the following City's deposition

designations and the consolidated Objectors' counterdesignations.

1. Mark Diaz, October 20, 2013

**City's Designations**

10:6-13
14:23-15:12
16:1-25
17:17-18:7
19:17-20:5
20:8-17
21:6-14
22:6-23:24
24:15-20
26:5-9
26:12-27:14
28:3-29:1
29:11-31:16
32:19-21
33:22-35:5
35:9-36:10
38:8-20
38:24-40:21
41:1-21
44:1-15

46:15-20
47:7-48:5
48:18-21
49:4-7
49:18-23
51:25-52:19
53:9-10
53:18-55:14
59:13-20
61:20-62:1
62:21-64:1
64:25-65:17
65:22-66:4
66:20-67:6
67:16-68:6
69:19-24
75:22-76:1
76:8-77:8
78:4-79:20
80:6-20

2.     Mary Ellen Gurewitz, October 17, 2013

**City's Designations**
9:11-15
9:21-10:22
11:21-12:18
13:3-19
14:7-15:6
15:15-16:9

3.     Steven Kreisberg, October 18, 2013

**City's Designations**
6:4-6
7:21-9:2
9:14-11:9
11:13 - 19
12:10-13:9

13:20-14:15
14:16 - 20
17:8-12
18:16-21:18
22:2-20
23:7-25:18
26:4-29:6
29:17-21
30:15-31:13
31:14
32:3-7
32:21-33:13
33:14-34:2
34:3-35:1
35:2-14
36:21-37:19
38:18-39:5
39:9-17
43:13-17
44:11-22
46:19-47:7
48:12-50:1
50:3-51:19
51:20-53:1
53:9-54:4
54:5-16
55:6-11
58:8-21
60:1-61:20
62:19-63:17
64:19-65:10
72:3-73:2
73:3-16
75:10-76:18
79:15-80:1
80:2-7
81:1-14
82:16-85:2
87:15-21
90:13-19
90:20-91:2
96:18-97:19
98:20-100:5
100:6-101:3

101:4-15
102:15-103:20
105:17-21
105:22-106:4
106:16-107:3
107:3-18
116:19-117:16
118:5-20
118:22-119:7
120:10-121:19
132:17-133:4
133:12-135:9
137:18-139:16
141:22-142:20
146:11-147:7

## Objectors' Consolidated Counter-Designations

11: 13 – 19
14: 16 – 20
31: 14
33: 14 – 34: 2
35: 2 – 14
36: 21 – 37: 19
38: 18 – 39: 5
44: 11 – 22
50: 3 – 51: 19
55: 6 – 11
62: 19 – 63: 17
64: 19 – 65: 10
73: 3 – 16
75: 10 – 76: 18
80: 2 – 7
81: 1 – 14
87: 15 – 21
90: 20 – 91: 2
100: 6 – 101: 3
105: 22 – 106: 4
118: 22 – 119: 7
132: 17 – 133: 4

4. Shirley V. Lightsey, October 18, 2013

**City's Designations**

7:21-23
9:18-24
11:17-20
13:17-21
14:4-11
20:1-21:2
21:11-15
23:25-28:10
31:2-6
31:23-32:3
32:8-34:12
34:20-25
35:17-36:4
36:14-37:3
38:24-39:3
40:17-24
41:16-42:9
42:15-18
43:6-11
43:14-44:2
44:22-45:10
45:14-46:7
49:2-5
50:20-24
52:2-5
52:14-53:23
57:10-16
59:7-10
67:14-68:22
68:25-69:6
69:11-17

**Objectors' Consolidated Counter-Designations**

8:4-12
8:17-21
21:3-10
21:16-23:4

30:1-13
30:25-31:1
31:13-22
32:4-7
42:19-43:5
44:3-21
46:15-47:16
47:22-48:1
48:9-21
49:6-14
51:1-14
58:14-59:6
59:20-60:17

5.    Michael Brendan Liam Nicholson, October 16, 2013

**City's Designations**

6:16-12:11
12:12-15:20
20:6-25:3
31:7-32:10
32:23-34:5
37:3-12
38:13-40:20
41:5-44:5
45:24-51:6
54:13-56:7
59:7-64:16
65:4-66:5
84:8-92:4
96:11-97:17
98:21-100:8
104:17-105:17
122:4-20
161:11-163:7
178:23-179:24
182:7-183:21
186:1-187:14
188:1-7
190:1-191:2

191:20-194:24
197:23-201:14
202:7-16
203:8-205:2


6.    Bradley Robins, October 22, 2013

**City's Designations**

13:8-19
14:8-15:12
15:16-17:4
17:13-15
25:3-20
26:8-16
27:2-10
30:10-15
30:23-31:3
32:20-33:18
34:2-11
36:7-25
37:18-21
38:10-25
39:7-17
40:17-21
41:22-25
42:1-43:25
44:16-20
45:12-14
45:18-23
46:2-20
50:15-51:7
53:3-54:14
54:25-55:2
55:9-23
56:2-20
58:2-7
64:21-65:8
65:21-25
67:22-68:11
69:20-70:2

70:10-71:14
72:7-20
76:2-5
76:14-17
76:23-77:1

7.    Donald Taylor, October 18, 2013

**City's Designations**

6:15-18
6:22-8:2
9:15-23
13:9-14:5
16:9-17:20
18:14-24
19:8-21:7
21:12-22:11
22:14-17
23:11-14
23:19-24:2
24:9-25:12
25:17-26:6
26:13-21
26:25-27:6
27:11-17
27:24-28:16
29:4-16
29:24-30:12
30:19-22
31:16-22
31:25-32:2
32:7-17
33:6-7
34:17-24
35:6-9
35:15-36:6
37:11-38:3
38:14-39:21

## Objectors' Consolidated Counter-Designations

9:5-14
10:25-11:12
17:21-18:13
21:8-11
22:12-13
22:18-23:10
27:17-23
32:18-24
33:3-5
37:7-10
40:4-21

.

**Signed on November 10, 2013**

**_____/s/ Steven Rhodes_____**
**Steven Rhodes**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

-------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 9 |
| | : |
| CITY OF DETROIT, MICHIGAN, | : Case No.: 13-53846 |
| | : |
| Debtor. | : Hon. Steven W. Rhodes |

-------------------------------------------------------- x

### SUPPLEMENTAL BRIEF OF INTERNATIONAL UNION, UAW REGARDING GOOD FAITH BARGAINING

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") submits this supplemental brief regarding (1) whether the case law that addresses good faith negotiation under 11 U.S.C. §§ 1113 and 1114 and in labor law, should apply when determining eligibility under 11 U.S.C. §109(c), and (2) if so, how that case law suggests that the issue should be resolved in this case.

### Argument

### I.  "Good faith" Under Section 1113 and 1114 and Non-bankruptcy Labor Law is Instructive in Determining Eligibility Uunder 11 U.S.C. § 109(c)

The obligation to conduct good faith bargaining is a cornerstone of federal labor law and fundamental to collective bargaining.  A debtor's good faith bargaining is also integral to the substantive requirements of Sections 1113 and 1114 of the Bankruptcy Code, which were enacted to address, respectively, the rejection of collective bargaining agreements ("CBAs") and the modification of retiree health and life insurance benefits in chapter 11.  Under the National Labor Relations Act, collective bargaining is defined to include "the mutual obligation of the employer and

the representative of the employees to meet at reasonable time and confer in good faith with respect to" terms and conditions of employment or the negotiation of an agreement. *See* 29 U.S.C. § 158(d).

Drawing upon federal policies promoting collective bargaining, Congress enacted Section 1113 in order restore collective bargaining as the primary means of resolving the debtor's CBA issues. *See In re Maxwell Newspapers, Inc.*, 981 F.2d 85, 90 (2d Cir. 1992) (statute's "entire thrust" is to "ensure that well-informed and good faith negotiations occur in the market place, not as part of the judicial process."). *See also In re Century Brass Prods., Inc.*, 795 F.2d 265, 273 (2d Cir. 1986) (citing legislative history that Section 1113 "'places the primary focus on the private collective-bargaining process and not in the courts.'").[1] Thus, Section 1113 interposed the requirement that a debtor undertake good faith negotiations *before* commencing litigation to reject a CBA. Specifically, the statute requires that the debtor meet, at reasonable times, with the labor organization "to confer in good faith" in an attempt to reach mutually satisfactory modifications. *See* 11 U.S.C. § 1113(b)(1),(2); 11 U.S.C. § 1114(f)(2). *See generally*, *In re Pinnacle Airlines, Inc.*, 483 B.R. 381, 404-6 (Bankr. S.D.N.Y. 2012) (describing procedures under Section 1113).[2]

---

[1] Section 1113 was enacted to change the rules for rejection of a CBA following the Supreme Court's ruling in *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 526 (1984), that a debtor could reject a collective bargaining agreement under a permissive standard showing only that the CBA burdened the estate and that the balance of the equities favored rejection.

[2] The procedures and requirements under Section 1114 operate in a similar manner where a debtor seeks to modify retiree benefits. *See In re Horsehead Indus., Inc.,* 300

The courts have construed the duty to bargain in good faith as an obligation to conduct bargaining with an "'open mind and a sincere desire to reach agreement'". *E.g., NLRB v. Montgomery Ward & Co.*, 133 F.2d 676, 686 (9th Cir. 1943). *See also id.* (duty to bargain means participating actively "so as to indicate a present intention to find a basis for agreement"). Michigan public sector labor law incorporates a comparable duty to bargain patterned after federal labor law. *Detroit Police Officers Ass'n v. City of Detroit*, 214 N.W. 2d 803, 807-09 (1974). *See also id.* at 808 (good faith bargaining requirement "is simply that the parties manifest such an attitude and conduct that will be conducive to reaching an agreement"). The courts apply a similar standard under Section 1113. *See e.g., In re Walway,* 69 B.R. 967, 973 (Bankr. E.D. Mich. 1987) (good faith bargaining requires "conduct indicating an honest purpose to arrive at an agreement as the result of the bargaining process."); *In re Blue Diamond Coal Co.,* 131 B.R. 633, 646 (Bankr. E.D. Tenn. 1991).

The standards for good faith labor negotiations serve several goals under labor law that are relevant to chapter 9 eligibility: fostering the conditions for achieving a consensual resolution; establishing rules that are known to all participants; and ensuring that the law functions as intended, specifically, that meaningful negotiations are in fact conducted and that the alternative "impracticality" standard under Section 109(c)(5)(C) does not become a mere default option that effectively eliminates the

B.R. 573, 583 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.,* 134 B.R. 515, 519-20 (Bankr. S.D.N.Y. 1991).

"good faith negotiation" requirement of Section 109(c)(5)(B).[3] Under Section 1113, court-imposed rejection is intended as a last resort, after negotiations have failed to produce an agreement. Chapter 9 is also supposed to be a last resort. For rejection under Section 1113, and chapter 9, to truly be last resorts, then a requirement for negotiations that precedes court intervention must be an effective one and Congress has signaled as such by requiring, in both instances, "good faith" negotiations.[4]

The courts determine good faith by the examining the facts and circumstances of each case. *See NLRB v. Truitt Mfg. Co.*, 351 U.S. 152 153-5 (1956); *see also Calex Corp. v. NLRB*, 144 F. 3d 904, 909 (in determining good faith, court examines the "overall conduct of the parties"). Similarly, under Section 1113, the courts employ a case by case analysis, reviewing the totality of the circumstances in the context of the statutory requirements. *E.g., In re Delta Airlines*, 342 B.R. 684, 692 (Bankr. S.D.N.Y. 2006).

---

[3] For chapter 9, the "good faith" requirement under Section 109(c) serves "[i]mportant constitutional issues that arise when a municipality enters the bankruptcy arena" by requiring that, "before rushing to" bankruptcy court, the municipality first sought to negotiate in good faith concerning the treatment the creditors may be expected to receive under a plan. *In re Cottonwood Water and Sanitation Dist.,* 138 B.R. 973, 979 (Bankr. D. Colo. 1992).

[4] There are important differences, however. Section 1113 takes place in a chapter 11 case. Thus, the two statutory phases—bargaining and, if necessary, litigation—both take place under circumstances where eligibility to use federal bankruptcy power is not at issue. In chapter 9, where state authorization serves the "gatekeeping" function, whether and to what extent federal bankruptcy power will ultimately be used cannot be known at the pre-bankruptcy stage. Even so, in each case, the good faith standard is directed to the parties' intent and conduct, and to that extent the good faith labor bargaining standards are instructive in determining eligibility.

- 4 -

13-53846-tjt  Doc 2276  Filed 12/10/13  Entered 12/10/13 17:33:43  Page 134 of
159
13-53846-swr  Doc 2769  Filed 12/10/13  Entered 12/10/13 20:33:43  Page 134 of  644

The cases establish certain basic elements that fulfill the standards of honest purpose and sincere attempt to reach agreement required for good faith bargaining. In the seminal case of *Truitt Manufacturing*, for example, the Supreme Court ruled that an employer that withheld financial information to substantiate its claim that it could not afford a wage increase proposed by the union had engaged in bad faith bargaining:

> "Good faith bargaining necessarily requires that claims made by either bargainer should be honest claims. This is true about an asserted inability to pay in increase in wages. If such an argument is important enough to present in the give and take of bargaining, it is important enough to require some sort of proof of its accuracy."

*Truitt Mfg.*, 351 U.S. at 152-53. Section 1113 expressly requires that a debtor's proposal be based on "the most complete and reliable information" available and be submitted to the union with information necessary to evaluate the proposal. 11 U.S.C. § 1113(b)(i)(A),(B). Where an employer does not fulfill these requirements, the debtor's rejection motion will be denied. *See In re Mesaba Aviation, Inc.*, 341 B.R. 693, 717 (Bankr. D. Minn. 2006).

In addition, courts have denied CBA rejection motions under 1113 where the debtor remains intransigent in its proposal for modifications. *See In re Pinnacle Airlines*, 483 B.R. at 422-23 (debtor's motion to reject CBA denied where debtor made no movement from its initial aggregate savings demand); *see also Delta Airlines*, 342 B.R. at 697 (holding, as a general matter, that a debtor that "steadfastly maintains" that its initial proposal is non-negotiable does not comply with the "good faith" requirement under Section 1113, and denying rejection motion.)

These standards—evidencing a sincere attempt to reach agreement through a willingness to compromise, and substantiating proposals for concessions with credible

- 5 -

13-53846-tjt  Doc 2276-9  Filed 12/20/13  Entered 12/20/13 17:38:43  Page 135 of
159
13-53846-swr  Doc 2769  Filed 12/10/13  Entered 12/10/13 20:33:51  Page 5 of 9  645

information sufficient for the counter party to evaluate and respond—can readily be applied to determine good faith negotiations under Section 109(c) because the objectives are comparable—to reach an agreement that avoids court intervention.

## II.     The City Did Not Conduct Good Faith Negotiations

Under these standards, the City clearly failed to conduct good faith negotiations.  First, strategically negotiating "in the shadow of chapter 9," as it is evident the City planned to do and did, is the very antithesis of conducting good faith bargaining.  Rather than demonstrating a true "present" intent to reach agreement outside of bankruptcy based on credible information presented in an atmosphere that would foster a dialogue, the rollout of the Creditor Proposal and the ensuing meetings instead reflected activity designed for a chapter 9 filing.  To begin with, the Creditors' Proposal, reflecting an ambitious 10-year program that radically revamped the City's spending priorities by sacrificing protected benefits, was a challenging vehicle for conducting negotiations.  Whether the object is a new agreement under labor law or a modified CBA under Section 1113, good faith bargaining is premised on the parties understanding the objective.  Here, the EM presented a creditors recovery proposal embedded in (and based upon) a broad, 10-year revitalization plan.  If creditors were expected to respond with their own revitalization plans reflecting different spending priorities, it is inconceivable that proposals of that nature could be prepared—let alone discussed—within the meager three-week period the EM allowed prior to his arbitrary evaluation period.  If all the EM expected were responses to the narrowly focused creditors recoveries, then his proposal was, in fact, a "take it or leave it" proposal because the recoveries were driven by the revamped spending priorities and the City's

insistent assertions that they were simply treating everyone the same.[5]  Moreover, an "honest" claim requires credible substantiation.[6]  Here, the data room information was incomplete and (as it turned out) inappropriately restricted.  The single pension underfunding figure that drove the pension proposal bordered on misleading—in any event, not explained by its architects.  Indeed, the forward-looking revitalization plan was premised on myriad assumptions about the expenditures that were worked into the plan—all forecasts and predictions.  It is difficult to imagine that the entire $1.25 Billion program did not contain some elements about which reasonable minds could differ in terms of whether they were services that would make Detroit more attractive to residents and businesses (a goal which itself involved predictions about what will spur growth and economic recovery).[7]

Moreover, signs of willingness among the stakeholders to discuss aspects of the proposal even in the time permitted were rebuffed.  We know that the UAW's general counsel approached the EM's professionals with a suggestion for a framework to

---

[5] We know that, one month earlier, Mr. Orr viewed his preliminary plan as not negotiable, Mr. Orr testified that he probably would not have accepted any counter that did not cut accrued pensions in any event.  October 29, 2013 Transcript, p. 95.  In any event, the City's proposal depended on *federal* bankruptcy law to find that the creditors were "the same."  The City was not obliged to offer such treatment.

[6] The EM's declaration at the public meeting that pension benefits were "sacrosanct" at the same time that his June 14 Creditor Proposal was nearing completion is certainly antithetical to the assertion of an "honest" claim.

[7] The asserted privileges by both the City and the State during the eligibility litigation only confirm that their pre-bankruptcy effort was marked by deliberate restriction and control of information rather than a sincere effort to engage in informed, meaningful negotiations.

discuss OPEB benefits. He was told that there "wasn't time," in effect a refusal to bargain. Fundamental questions about the unions' authority to engage in discussions regarding accrued pensions protected by the Michigan constitution went unanswered. November 5, 2013 Transcript, pp. 56, 69. A team focused on a present intention to "find a basis for agreement" and a "sincere desire" to reach agreement would have answers to such basic questions at the ready, and would not simply dismiss constructive suggestions. Clearly, the City was not interested in reaching an agreement outside of bankruptcy and thus not sincere in their efforts to find a basis for an agreement. Instead, they preferred to orient their discussions to the bankruptcy process. In short, the City breached basic premises of good faith negotiations and is ineligible for chapter 9.

### **CONCLUSION**

For the foregoing reasons, and those set forth in the Amended Objection, the City's chapter 9 petition should be dismissed.

Dated: New York, New York
          November 13, 2013

| | |
|---|---|
| /s/ Babette A. Ceccotti | Niraj R. Ganatra (P63150) |
| Cohen, Weiss and Simon LLP | Michael Nicholson (P33421) |
| Babette A. Ceccotti | 8000 East Jefferson Avenue |
| 330 West 42nd Street | Detroit, Michigan 48214 |
| New York, New York 10036-6979 | T: (313) 926-5216 |
| T: 212-563-4100 | nganatra@uaw.net |
| bceccotti@cwsny.com | mnicholson@uaw.net |

*Attorneys for International Union, UAW*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---------------------------------------------------x
                    :

In re:                   :       Chapter 9
                    :

CITY OF DETROIT, MICHIGAN,  :       Case No. 13-53846

          Debtor.    :       Hon. Steven W. Rhodes
                    :

                    :
---------------------------------------------------x

## STIPULATION FOR ENTRY OF AN ORDER REGARDING EXHIBITS ADMITTED INTO EVIDENCE

On November 8, 2013, during a recess on the final day of the trial regarding the July 18, 2013 Eligibility Motion of the City of Detroit, Michigan (the "City"), the Court provided counsel with a list of trial exhibits that had been admitted into evidence over the course of the 9-day hearing. The list was intended to supplement the exhibits that had already been admitted into evidence by way of the Court's October 24, 2013 Pre-Trial Order regarding exhibits to which there had been no pre-trial objections. Counsel to the City and counsel to Objectors indicated in court that there were no objections to the supplemental list of exhibits that was provided by the Court but did not make that supplemental list part of the formal record. This stipulation is intended to formalize that understanding.

The supplemental list of admitted exhibits has been reformatted and is enclosed with this stipulation as Exhibit A. The parties, (a) Movant the City of Detroit and (b) Objectors (i) Shirley V. Lightsey, President of the Detroit Retired City Employees Association (the "DRCEA"), (ii) Don Taylor, President of the Retired Detroit Police and Firefighters Association (the "RDPFFA"), (iii) the DRCEA, (iv) the RDPFFA, (v) the Official Committee of Retirees (the "Committee"), (vi) the Michigan Council 25 of the American Federation of State, County and Municipal Employees ("AFSCME"), (vii) the UAW, (viii) the General Retirement System of the City of Detroit, (ix) the Police and Fire Retirement System of the City of Detroit, (x) the Detroit Public Safety Unions; and (xi) the Retired Detroit Police Members Association (collectively, "Objectors" to the City's July 18, 2013 Eligibility Motion), have now conferred and hereby stipulate that the exhibits listed and attached hereto as Exhibit A were admitted into evidence at the hearing on the City's Eligibility Motion.

The parties also believe that an additional exhibit, Exhibit 840, was admitted into evidence in part but was not included in the supplemental list from the Court. The parties stipulate that Exhibit 840 was admitted into the record in accordance with the limitations imposed by the Court at the time, which speak for themselves, but appear in the November 7, 2013 Unofficial Transcript (which is all that is available to the parties at the moment) at page 33, line 8 through page 34, line 6.

13-53846-tjt  Doc 2178-9  Filed 12/22/13  Entered 12/22/13 15:06:35  Page 14 of 19
13-53846-swr  Doc 2189  Filed 12/23/13  Entered 12/23/13 17:33:13  Page 1 of 19
159
650

The parties enter this stipulation without prejudice to any party's rights to seek the entry of other exhibits into the record.

13-53846-tjt   Doc 2278-9   Filed 12/29/13   Entered 12/29/13 17:38:43   Page 141 of
13-53846-swr   Doc 1789   Filed 11/22/13   Entered 11/22/13 15:06:35   Page 3 of 19   651
159

Dated:  November 22, 2013             Respectfully submitted,


/s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:   (213) 243-2382
Facsimile:    (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:   (216) 586-3939
Facsimile:    (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone:   (313) 963-6420
Facsimile:    (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

*Counsel for the City of Detroit*

13-53846-tjt   Doc 2178-9   Filed 12/20/13   Entered 12/20/13 17:06:43   Page 4 of 19
13-53846-swr   Doc 2789   Filed 12/22/13   Entered 12/22/13 15:06:35   Page 142 of
159

652

Respectfully submitted,


/s/ Claude D. Montgomery
Claude D. Montgomery, Esq.
Carole Neville, Esq.
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 768-6700
Facsimile:    (212) 768-6800
claude.montgomery@dentons.com

Sam J. Alberts, Esq.
DENTONS US LLP
1301 K Street, NW
Washington, DC 20005-3364
Telephone:   (202) 408-7004
Facsimile:    (202) 408-6339
sam.alberts@dentons.com

Matthew E. Wilkins, Esq. (P56697)
Paula A. Hall, Esq. (P61101)
BROOKS WILKINS SHARKEY
& TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Direct:         (248) 971-1711
Cell:           (248) 882-8496
Facsimile:    (248) 971-1801
wilkins@bwst-law.com
hal@bwst-law.com

*Counsel for the Official Committee of
Retirees*

Respectfully submitted,


/s/ D. O'Keefe, Esq.
Brian D. O'Keefe, Esq.
Ryan Plecha, Esq.
LIPPITT O'KEEFE, PLLC
370 E. Maple Road
Third Floor
Birmingham, Michigan 48009
Telephone:   (248) 646-8292
Facsimile:    (248) 646-8375
bokeefe@lippittokeefe.com

Thomas R. Morris, Esq.
SILVERMAN & MORRIS, P.L.L.C.
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone:   (248) 539-1330
Facsimile:    (248) 539-1355
morris@silvermanmorris.com

*Counsel for Shirley v. Lightsey, as an individual and as President of the Detroit Retired City Employee Association and for the Detroit Retired City Employee Association and Counsel for Don Taylor, as an individual and as President of the Retired Detroit Police and Firefighters Association and for the Retired Detroit Police and Firefighters Association*

13-53846-swr   Doc 2178-9   Filed 12/22/13   Entered 12/22/13 17:06:33   Page 6 of 19
13-53846-tjt   Doc 2789   Filed 12/29/13   Entered 12/29/13 15:08:43   Page 144 of
159                                                                                        654

Respectfully submitted,


/s/ Babette Ceccotti
Babette Ceccotti, Esq.
Bruce Levine, Esq.
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6979
Telephone:   (212) 356-0229
Facsimile:    (646) 473-8229
bceccotti@cwsny.com

*Counsel for the UAW*

/s/ William A. Wertheimer
LAW OFFICE OF WILLIAM A.
WERTHEIMER
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
Telephone:  (248) 644-9200
billwertheimer@gmail.com

*Counsel for the Flowers Plaintiffs*

13-53846-tjt  Doc 2189  Filed 12/22/13  Entered 12/22/13 17:08:43  Page 145 of 19
13-53846-swr  Doc 1789  Filed 12/22/13  Entered 12/22/13 17:06:33  Page 145 of 19
159
655

Respectfully submitted,


/s/ Barbara A. Patek
Barbara A. Patek
ERMAN, TEICHER, MILLER, ZUCKER
& FREEDMAN, P.C.
400 Galleria Officentre, Suite 444
Southfield, Michigan 48034
Telephone:   (248) 827-4100
Facsimile:    (248) 827-4106
bpatek@ermanteicher.com

*Counsel for The Detroit Public Safety Unions*

13-53846-tjt  Doc 2178-9  Filed 12/22/13  Entered 12/22/13 17:08:43  Page 146 of
13-53846-swr  Doc 1789  Filed 12/22/13  Entered 12/22/13 15:06:35  Page 3 of 19
159
656

Respectfully submitted,


/s/ Sharon L. Levine
Sharon L. Levine, Esq.
John K. Sherwood, Esq.
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone:   (973) 597-6246
Facsimile:    (973) 597-6247
pgross@lowenstein.com

*Counsel for AFSCME*

13-53846-swr   Doc 2789   Filed 12/22/13   Entered 12/22/13 17:06:35   Page 147 of 159
13-53846-tjt   Doc 2789   Filed 12/20/13   Entered 12/20/13 15:08:43   Page 3 of 19   657
159

Respectfully submitted,


/s/ Lynn Brimer
Lynn Brimer, Esq.
300 East Long Lake Road
Suite 200
Bloomfield Hills, Michigan 48304
Telephone:   (248) 540-2300
Facsimile:    (248) 645-2690
lbrimer@stroblpc.com

*Counsel for Retired Detroit Police Members Association*

Respectfully submitted,


/s/ Robert D. Gordon
Robert D. Gordon, Esq.
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
Telephone:   (248) 642-9692
Facsimile:    (248) 642-2174
email@clarkhill.com

*Counsel for Police and Fire Retirement
System of the City of Detroit and The
General Retirement System of the City of
Detroit*

13-53846-swr   Doc 2279   Filed 12/20/13   Entered 12/20/13 15:08:43   Page 149 of 159
13-53846-swr   Doc 1789   Filed 11/22/13   Entered 11/22/13 17:38:43   Page 11 of 15   659
159

**Exhibit A**

Exhibits admitted in addition to those listed in October 24, 2013 Pre-trial Order:

9
10
11
32
38
41
69
70
75[1]
105
201
202
438
458
460
505
588
615
616
619
620
624
625
626
706
707
717
718
719
836
841
846
853
870
872

---

[1] Exhibit 75 was also admitted in the Pre-trial Order.

13-53846-swr    Doc 2276    Filed 12/20/13    Entered 12/20/13 17:08:43    Page 150 of 159
13-53846-swr    Doc 1789    Filed 11/22/13    Entered 11/22/13 15:08:35    Page 12 of 15    660
159

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Stipulation, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | None [Notice Not Required] |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service [To Be Separately Filed] |

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
---------------------------------------------------x
                                                   :
                                                   :
In re:                                             :        Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         :        Case No. 13-53846
                                                   :
                    Debtor.                        :        Hon. Steven W. Rhodes
                                                   :
                                                   :
---------------------------------------------------x
```

## SUPPLEMENTAL ORDER ON EXHIBITS

Having been advised in the premises and having considered the parties'

Stipulation for Entry of an Order Regarding Exhibits Admitted Into Evidence

("Stipulation"), the Court hereby GRANTS the Stipulation and enters the

following Order:

1. In addition to those exhibits admitted by way of this Court's October 24,

2013 Pre-trial Order, the Court enters the following exhibits into the record for the

evidentiary hearing conducted from October 23, 2013 through November 8, 2013

on the City's Eligibility Motion, subject only to any limitations on use or

admissibility imposed by the Court at the time of admission:  Exhibit Nos. 9

through 11, 32, 38, 41, 69, 70, 75,[2] 105, 201, 202, 438, 458, 460, 505, 588, 615, 616, 619, 620, 624 through 626, 706, 707, 717 through 719, 836, 840, 841, 846, 853, 870, and 872.

Accordingly, the above-listed exhibits are admitted into evidence for the purposes of the trial regarding the July 18, 2013 Eligibility Motion of the City of Detroit, Michigan.

---

[2] Exhibit 75 was also admitted in the Pre-trial Order.

2

13-53846-swr   Doc 2276   Filed 12/20/13   Entered 12/20/13 17:38:43   Page 154 of 159
13-53846-swr   Doc 2769   Filed 12/20/13   Entered 12/20/13 15:08:55   Page 16 of 19   664
159

# EXHIBIT 2

*None [Notice of Motion and Opportunity to Object Not Required]*

# EXHIBIT 3

*None [Brief Not Required]*

# EXHIBIT 4

***Certificate of Service [To Be Separately Filed]***

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
--------------------------------------------------x
                                                  :
                                                  :
In re:                                            :        Chapter 9
                                                  :
CITY OF DETROIT, MICHIGAN,                        :        Case No. 13-53846
                                                  :
                    Debtor.                       :        Hon. Steven W. Rhodes
                                                  :
                                                  :
--------------------------------------------------x
```

## <u>SUPPLEMENTAL ORDER ON EXHIBITS</u>

Having been advised in the premises and having considered the parties'
Stipulation for Entry of an Order Regarding Exhibits Admitted Into Evidence
("Stipulation"), the Court hereby GRANTS the Stipulation and enters the
following Order:

1. In addition to those exhibits admitted by way of this Court's October 24,
2013 Pre-trial Order, the Court enters the following exhibits into the record for the
evidentiary hearing conducted from October 23, 2013 through November 8, 2013
on the City's Eligibility Motion, subject only to any limitations on use or
admissibility imposed by the Court at the time of admission:  Exhibit Nos. 9

13-53846-tjt  Doc 2276-1  Filed 12/20/13  Entered 12/20/13 14:38:43  Page 158 of
13-53846-swr  Doc 2760  Filed 12/20/13  Entered 12/20/13 14:38:43  Page 159 of
159                                                                        668

through 11, 32, 38, 41, 69, 70, 75,[1] 105, 201, 202, 438, 458, 460, 505, 588, 615, 616, 619, 620, 624 through 626, 706, 707, 717 through 719, 836, 840, 841, 846, 853, 870, and 872.

Accordingly, the above-listed exhibits are admitted into evidence for the purposes of the trial regarding the July 18, 2013 Eligibility Motion of the City of Detroit, Michigan.

.

**Signed on November 25, 2013**

**_____/s/ Steven Rhodes_____**
**Steven Rhodes**
**United States Bankruptcy Judge**

---

[1] Exhibit 75 was also admitted in the Pre-trial Order.