UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

CITY OF DETROIT, MICHIGAN                          Chapter 9
                                                   Case No. 13-53846-swr
            Debtor.                                Hon. Steven W. Rhodes

_____/

**STATEMENT BY RETIREE ASSOCIATION PARTIES
OF ISSUES ON APPEAL**

**NOW COME** Appellants, the Retired Detroit Police & Fire Fighters Association

("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit

Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually

and as President of the DRCEA (collectively, "Retiree Association Parties"), and hereby

state, pursuant to F.R.B.P. 8006, the following issues to be presented in this appeal:

**Statement of Issues on Appeal**

This appeal presents five primary issues, listed as issues one through five. Issues

two, three and four come within the first issue, but are important enough to merit listing

as separate issues. Other more specific issues are designated as sub-parts of the primary

issues.

1. Whether the Bankruptcy Court erred in finding, pursuant to 11 U.S.C.

§ 109(c), the City to be eligible to be a debtor under chapter 9 of the Bankruptcy Code.

   a. Whether the Bankruptcy Court erred by improperly relying on factors outside of

11 U.S.C. § 109(c), specifically, the perceived need of the City for chapter 9 relief.

2. Whether the Bankruptcy Court erred in finding that the City was specifically authorized, pursuant to Public Act 436 (M.C.L. § 141.1541 et seq.) , to be a debtor insofar as an order for relief might permit the filing by the City of a chapter 9 plan of adjustment which diminishes or impairs accrued financial benefits of the City's retirement systems in violation of the Pension Clause, Article IX, § 24 of the Michigan Constitution.

a. Whether each of (i) the Emergency Manager's July 16, 2013 request for authorization, (ii) the Governor's July 18, 2013 grant of unconditional authorization and/or (iii) the Emergency Manager's July 18, 2013 bankruptcy petition filing, should be considered void as an *ultra vires* act in violation of the Pension Clause of the Michigan Constitution, such that the City therefore lacked authorization under 11 U.S.C. §109(c)(2) to file this chapter 9 petition, where the Governor was aware of the Emergency Manager's expressed intention to impair or diminish vested pension benefits.

b. Whether Public Act 436 (M.C.L. § 141.1541 et seq.) is unconstitutional under the Michigan Constitution to the extent that it purported to authorize state officials to take actions that could, or were intended to, result in the impairment or diminishment of vested pension benefits that are expressly protected from impairment or diminishment by the Pension Clause of the Michigan Constitution.

c. Whether the City's chapter 9 case violated the Tenth Amendment of the United States Constitution by impermissibly intruding upon the sovereign rights of Michigan citizens to the extent the filing permits elected and appointed officials to impair or

2

diminish vested pension benefits that are expressly protected from impairment or

diminishment under the Pension Clause of the Michigan Constitution.

d.  Whether the Bankruptcy Court erred in its interpretation of the Pension Clause

of the Michigan Constitution by ignoring the funding provision, which states:

**Financial benefits, annual funding.**

> Financial benefits arising on account of service rendered in
> each fiscal year shall be funded during that year and such
> funding shall not be used for financing unfunded accrued
> liabilities.

3.  Whether the Bankruptcy Court failed to apply the correct legal standard in

determining that negotiations were "impracticable".

a.  Whether the Bankruptcy Court erred in its application of 11 U.S.C.

§ 109(c)(5) by confusing the impracticability of negotiations with a perceived

impracticability of reaching a binding resolution.

4.  Whether the Bankruptcy Court erroneously determined that negotiations were

"impracticable".

a.  Whether the City was excused from its obligation of good faith negotiations

under 11 U.S.C. § 109(c)(5)(B) on the ground that the number of individual creditors per

se made negotiations "impracticable", within the meaning of § 109(c)(5), where the

uncontested evidence showed that (i) prior to the bankruptcy filing, the City did not have

a plan of adjustment, and (ii) the court found that the City did not make a good faith

effort to negotiate with all classes of creditors with which negotiations were practicable.

5.  Whether the Bankruptcy Court erred in determining that the petition was filed in good faith as required under 11 U.S.C. § 921(c).

a.  Whether the City filed its petition without good faith, within the meaning of 11 U.S.C. § 921(c), where (i) the Emergency Manager was sworn to uphold the laws and constitution of Michigan, and (ii) admitted that vested pension benefits were "sacrosanct" under the Pension Clause of the Michigan Constitution, yet filed the petition with the specific and express intent of achieving ends that are prohibited by the Pension Clause.

Respectfully submitted,

**SILVERMAN & MORRIS, P.L.L.C.**

By:   /s/ Thomas R. Morris
      Thomas R. Morris (P39141)
      Karin F. Avery (P45364)
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
(248) 539-1330   Fax:  (248) 539-1355
morris@silvermanmorris.com
avery@silvermanmorris.com


**LIPPITT O'KEEFE, PLLC**
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292   Fax:  (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com


Dated: December 23, 2013        *Attorneys for the Retiree Association Parties*

13-53846-tjt   Doc 2301   Filed 12/24/13   Entered 12/24/13 00:15:22   Page 4 of 4