UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 9

CITY OF DETROIT, MICHIGAN  No. 13-53846
    Debtor.

HON. STEVEN W. RHODES

_____/

**APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Appellants, Detroit Branch NAACP, Michigan State Conference NAACP, Donnell White, individually and on behalf of Detroit Branch NAACP and Michigan State Conference NAACP, Thomas Stallworth III, individually, Rashida Tlaib, individually, and Maureen Taylor, individually, by and through their undersigned attorneys and pursuant to Fed. R. Bankr. P. 8006, hereby submit the following designation of items to be included in the record on appeal and the statement of issues presented on appeal to the United States District Court for the Eastern District of Michigan from a certain Order and Opinion denying NAACP's Motion for Relief from Stay, entered by the United States Bankruptcy Court for the Eastern District of Michigan on November 6, 2013.

**I.    APPELLANTS' DESIGNATION OF THE RECORD**

**a.  Docket Entries from *In re City of Detroit*, Case No. 13-53846**

| Designation Number | Filing Date | Docket Number | Description |
|---|---|---|---|
| 1 | 07/19/13 | 56 | Motion by Debtor to Extend Stay |
| 2 | 07/25/13 | 166 | July 25, 2013 Extension Order |

1

13-53846-swr  Doc 2203  Filed 12/24/13  Entered 12/24/13 12:59:50  Page 1 of 6
13-53846-swr  Doc 1893  Filed 12/02/13  Entered 12/02/13 16:28:28  Page 1 of 6

| 3 | 09/06/13 | 737 | Notice of Appearance and Request for Notice |
| --- | --- | --- | --- |
| 4 | 09/06/13 | 740 | Motion for Relief from Stay |
| 5 | 09/20/13 | 979 | Response to Motion filed by Interested Party State of Michigan |
| 6 | 09/23/13 | 996 | Notice of Hearing on Motion for Relief from Stay |
| 7 | 09/24/13 | 1013 | Corrected Response, filed by Interested Party State of Michigan |
| 8 | 09/26/13 | 1043 | Objection to Motion for Relief from Stay, Filed by Debtor in Possession |
| 9 | 09/26/13 | 1044 | Brief in Opposition to Petition for Order Lifting Stay, filed by Debtor in Possession |
| 10 | 09/27/13 | 1050 | Reply, filed by Appellants |
| 11 | 10/02/13 | | Minute Entry, Matter Taken Under Advisement |
| 12 | 11/06/13 | 1536 | Opinion and Order Denying NAACP's Motion for Relief |
| 13 | 11/08/13 | 1580 | Expedited Transcript Order Form of Hearing 10/02/2013 |
| 14 | 10/02/13 | | Transcript of Hearing on NAACP's Petition for Relief from Stay |
| 15 | 11/15/13 | 1745 | Motion for Reconsideration of Opinion and Order Denying NAACP's Motion for Relief from Stay and Granting Phillips' Motion for Relief |

|    |          |      |                                                                      |
|----|----------|------|----------------------------------------------------------------------|
|    |          |      | from Stay, filed by Snyder and Dillon[1]                             |
| 16 | 11/18/13 | 1762 | Notice of Requirement to File Designation                            |
| 17 | 11/18/13 | 1756 | Order Requiring Response and Setting Hearing Regarding Motion for Reconsideration |
| 18 | 11/18/13 | 1759 | Notice of Appeal to the District Court                               |
| 19 | 11/20/13 | 1777 | Debtor's Concurrence with and Joinder in the State's Motion for Reconsideration |

### b. Docket Entries from *NAACP v. Snyder*, Case No. 13-12098 (E.D. Mich. filed May 13, 2013) (for background purposes)

| Designation Number | Filing Date | Docket Number | Description |
|--------------------|-------------|---------------|-------------|
| 20 | 06/27/13 | 16 | Amended Complaint |
| 21 | 07/11/13 | 19 | Second Motion to Dismiss |
| 22 | 08/07/13 | 23 | Notice of Pendency of Bankruptcy Proceedings and Application for Automatic Stay |
| 23 | 08/11/13 | 25 | Response to Second Motion to Dismiss |
| 24 | 08/15/13 | 26 | Objection to Notice |
| 25 | 08/22/13 | 27 | Order regarding notice of pendency of bankruptcy case and application of automatic stay |

---

[1] This motion is set for hearing by the Bankruptcy Court on December 16, 2013. However, the Court is only reconsidering the Order and Opinion as to the *Phillips* motion.

3

13-53846-swr  Doc 2303  Filed 12/24/13  Entered 12/24/13 12:59:50  Page 3 of 6
13-53846-swr  Doc 1893  Filed 12/02/13  Entered 12/02/13 16:28:28  Page 3 of 6

## II. APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

A. Whether the Bankruptcy Court properly applied the principles of individual and organizational standing as its basis for determining that the stay applied to the *NAACP* case?

B. Whether the Bankruptcy Court correctly concluded that the stay applied to the *NAACP* case when the case does not relate to the bankruptcy proceeding where Petitioners are not creditors nor assert any claims against the City and the stay as applied to the *NAACP* case is not necessary or appropriate to carry out the provisions of the Bankruptcy Code?

C. Whether the Bankruptcy Court erred when it denied the *NAACP* motion for relief from the July 25, 2013 Extension Order when the five factors weighed in their favor (including judicial economy, trial readiness, resolution of preliminary bankruptcy issues, creditor's chance of success on the merits and the cost of defense or other potential burdens to the bankruptcy estate); the case was not named in the City's Motion, NAACP Petitioners did not receive notice, and the Order is broadly worded to apply to any lawsuit naming Governor Snyder and former Treasurer Andrew Dillon as defendants?

D. Whether the Bankruptcy Court properly distinguished the *NAACP* case from the *Phillips* case[2] (*Phillips v. Snyder*, No. 13-11370 (E.D. Mich. filed Mar. 27, 2013) where both cases involve the same Defendants and both seek declaratory relief that P.A. 436 is unconstitutional with the same qualification that the suit will only seek prospective relief and not seek the prospective invalidation of the Detroit Bankruptcy proceeding?

E. Whether the Bankruptcy Court had the jurisdiction to address a strictly constitutional law claim, not in any way intertwined with bankruptcy law or the Bankruptcy Code?

F. Whether the Bankruptcy Court abused its discretion when it used subjective reasoning and speculation as to the Petitioners' intentions and determined what is best for the City, over and above fundamental constitutional issues, such as voting rights?

---

[2] The Opinion and Order addresses two pre-petition motions for relief from the stay, the *NAACP* case and the *Phillips* case, which are companion cases currently before Judge Careem Steeh in the United States District Court. Both cases challenge the constitutionality of P.A. 436 and were filed before the City of Detroit filed for Bankruptcy in the Chapter 9 proceeding. The Bankruptcy Court ruled that the stay did not apply to the *Phillips* case but did apply to the *NAACP* case, continuing the stay in the district court before Judge Steeh.

4

13-53846-swr  Doc 2303  Filed 12/24/13  Entered 12/24/13 16:59:50  Page 4 of 6
13-53846-swr  Doc 1893  Filed 12/02/13  Entered 12/02/13 16:26:28  Page 4 of 6

Respectfully Submitted,

AYAD LAW, P.L.L.C.

/s/ Nabih H. Ayad

Nabih H. Ayad (P-59518)
Attorney for Petitioners
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com

/s/ Melvin Butch Hollowell

_____

MELVIN BUTCH HOLLOWELL(P-37834)
General Counsel
Detroit Branch NAACP
8220 Second Avenue
Detroit, Michigan 48221
313-871-2087

Date: December 2, 2013   butchhollowell@gmail.com

5

## **PROOF OF SERVICE**

I, Nabih H. Ayad, counsel for Appellants, states as an officer of the Court that on December 2, 2013 that the foregoing document, Designation of Items to be Included on Appeal and Statement of Issues on Appeal, was electronically filed with the Clerk of the Court using the ECF system, and will send notification of such filing to all ECF participants registered in this matter.

Respectfully Submitted,

AYAD LAW, P.L.L.C.

/s/ Nabih H. Ayad

Nabih H. Ayad (P-59518)
Attorney for Petitioners
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com