UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 9

CITY OF DETROIT, MICHIGAN  No. 13-53846
    Debtor.

HON. STEVEN W. RHODES

_____/

## PETITION FOR ORDER LIFTING STAY

In Detroit Branch NAACP, Michigan State Conference NAACP, Donnell White, individually and on behalf of Detroit Branch NAACP and Michigan State Conference NAACP, Thomas Stallworth III, individually, Rashida Tlaib, individually, and Maureen Taylor, individually, v. Rick Snyder, Andrew Dillon, and Ruth Johnson, in their Official Capacities, Now Administratively Stayed in the United States District Court Eastern District of Michigan, No. 13-12098.

**NOW COME**, Detroit Branch NAACP, Michigan State Conference NAACP, Donnell White, Thomas Stallworth III, Rashida Tlaib and Maureen Taylor ("Petitioners"), Petitioners, who are Plaintiffs in the above captioned case administratively stayed in the Federal Eastern District Court of Michigan, by and through their attorneys, petition this Court to lift the stay pursuant to Local Rule 4001-1, filed in that court on or about August 22, 2013.

In support of their motion, Petitioners state as follows:

1. The subject matter of Petitioners' Complaint filed on May 13, 2013, involves P.A. 436, Michigan's Emergency Manager Law, and alleged that the law violates Petitioners' constitutional voting rights under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

2. Over two months later on July 18, 2013, the City of Detroit, Michigan filed a petition for relief under Chapter 9 of Title 11 of the United States Code. In accordance with

1

the automatic stay imposed by operation of §§ 362 and 922 of the Bankruptcy Code, 11 U.S.C. §362 and 922, no cause of action filed prior to, or relating to the period prior to, the Petition Date may be continued or commenced against (i) the City and/or its employees, or (ii) an officer, employee, or inhabitant of the City, in any judicial, administrative or other court or tribunal to enforce a claim against the City without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

3. The initial automatic stay did not apply to the above captioned case, as the City of Detroit nor its employees are parties to this litigation.

4. In this Court on July 19, 2013, the City of Detroit filed a *Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain A) State Entities, B) Non-Officer Employees and C) Agents and Representatives of the Debtor*. (Docket No. 56).

5. In the above referenced Motion, Debtor named several lawsuits (collectively, the "Prepetition Lawsuits"), that were filed "during the period immediately prior to the Petition Date." (Docket No. 56, 5). The Motion states that these suits were filed "effectively seeking to frustrate the commencement of this chapter 9 case due to the protections and powers that the City would enjoy if a case were commenced." (Docket No. 56, 5).

6. The above captioned lawsuit was not named nor referenced in the City's Motion. Additionally, the lawsuit, commenced more than two months before the City filed for bankruptcy and not mere days beforehand, was not intended to frustrate the purpose of the bankruptcy proceeding.

7. On July 25, 2013, after a hearing on the Motion, this Court entered an Order extending the provisions of the automatic stay in all respects to include certain "State Entities" defined as "the Governor, the State Treasurer and the members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives." (Docket No. 166, 2).

8. This Court further ordered that, "[f]or the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed." (Docket No. 166, 2).

9. On August 7, 2013, Defendants filed a *Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay* in the district court, asserting that this Court's extension order applies to the case. Despite Petitioner's Objection to the Order, the district court entered on August 22, 2013, an *Order Regarding Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay* (**Exhibit A,** attached to Brief), closing the case for administrative and statistical purposes without prejudice. The court stated, "Although it is not apparent that any interests of the City of Detroit bankruptcy proceedings are implicated in the case, the plain language of the stay order would apply to this lawsuit. In accordance with the broadly worded Extension Order issued by the bankruptcy court, this court will abide by the stay unless and until such time as an order issues lifting or modifying the stay to permit the captioned matter to proceed." (**Exhibit A**, attached to Brief, 1-2)

10. Petitioners now bring this petition to lift the stay for the following reasons:

    A. The City's bankruptcy claims do not divest the Federal district courts from ruling under its jurisdiction and authority. Further, the district court ordered that any party may apply to the bankruptcy court for relief from the automatic stay under 11

3

13-53846-tjt/swr  Doc 2302/740  Filed 12/24/13 09/06/13  Entered 12/24/13 13:59:50 09/06/13 14:41:20  Page 3 of 5

U.S.C. § 362 or for relief from the Extension Order. (**Exhibit A**, attached to Brief, 2).

B. The above lawsuit is not related to the bankruptcy proceeding nor is the stay necessary or appropriate to carry out the provisions of the Bankruptcy Code.

C. The Stay is not appropriate to this case, given the purpose of the Bankruptcy system of protecting the debtor, the City of Detroit, and its creditors. **Petitioners are not creditors of the City of Detroit, nor are they seeking any damages, contractual claims, or similar related relief that would implicate the City's finances**. This case deals with important constitutional law issues that should not be delayed due to the City filing for Bankruptcy.

D. The above lawsuit was not the subject of the City's Motion or the Court's Order, as it was not listed as one of the "Prepetition Lawsuits" that the Order specifically stayed and this lawsuit was not filed in anticipation of the City filing for Bankruptcy.

E. The Order cannot be interpreted in such a broad way as to apply to every lawsuit in the country naming Defendants Snyder and Dillon as parties, particularly in the above case, given the nature of the action involving the constitutional issue of voting rights dilution, and not relating to the debtor's estate. The Order cannot possibly have the effect to stay all cases naming these state officials as parties, as there must be thousands of cases involving the Governor or State Treasurer.

F. Concurrence of opposing counsel in the relief sought was requested on September 6, 2013 and concurrence was not given.

4

13-53846-tjt  Doc 2302-4  Filed 12/24/13  Entered 12/24/13 13:59:50  Page 4 of 5
13-53846-swr  Doc 940  Filed 09/06/13  Entered 09/06/13 14:41:20  Page 4 of 5

**WHEREFORE**, for the reasons listed above and outlined in their attached Brief (Exhibit 3), Petitioners respectfully requests this Honorable Court to enter their order lifting the stay in Case No. 13-CV-12098 in the Eastern District of Michigan.

Respectfully submitted,

NABIH H. AYAD & ASSOCIATES, P.C.

/s/ Nabih H. Ayad

_____

NABIH H. AYAD (P-59518)
General Counsel
Arab-American Civil Rights League
Ayad Law, P.L.L.C.
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com

/s/ Melvin Butch Hollowell

_____

MELVIN BUTCH HOLLOWELL(P-37834)
General Counsel
Detroit Branch NAACP
8220 Second Avenue
Detroit, Michigan 48221
313-871-2087
butchhollowell@gmail.com

Dated: September 6, 2013

ATTORNEYS FOR PETITIONERS

5

13-53846-tjt Doc 2302-4 Filed 12/24/13 Entered 12/24/13 13:59:50 Page 5 of 5
13-53846-swr Doc 740 Filed 09/06/13 Entered 09/06/13 14:41:20 Page 5 of 5