UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,      Chapter 9
                                 Case no. 13-53846
           Debtor.               Hon. Steven W. Rhodes

---

**CORRECTED
BRIEF IN OPPOSITION TO PETITION FOR
ORDER LIFTING STAY**

**INTRODUCTION**

Petitioners are plaintiffs who filed a lawsuit in the United States District Court for the Eastern District of Michigan (the "District Court"), against Governor Rick Snyder, State Treasurer Andy Dillon, and Secretary of State Ruth Johnson, commencing Case No. 2:13-cv-12098 (the "Lawsuit") seeking: (1) a declaration that Public Act 436 ("PA 436"), Michigan Emergency Manager Law, is unconstitutional; (2) a preliminary and permanent order prohibiting Governor Snyder, Treasurer Dillon, and Secretary of State Johnson from enforcing Public Act 436 and prohibiting any emergency managers appointed under the Act (including Detroit's emergency manager) from exercising any authority over local units of government and their officials; and (3) the

invalidation of any actions taken by emergency managers, including Detroit's emergency manager, pursuant to the Act. *See* Amended Complaint, *NAACP, et al. v. Synder, et al.*, No. 2:13-cv-12098, Dkt. No. 16, at Prayer for Relief A-D (E.D. Mich., June 27, 2013).

On August 7, 2013, Respondents, Defendants in the Lawsuit, filed a motion advising the District Court of the City of Detroit's petition for bankruptcy and requesting a stay in light of the Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (a) State Entities, (b) Non Officer Employees, and (c) Agents and Representatives of the Debtor that was entered on July 25, 2013 (the "Stay Order") which extended the Chapter 9 stay to certain State Entities[1] including Governor Snyder and Treasurer Andrew Dillon. *See* Defendants' Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay, *NAACP, et al. v. Snyder, et al.*, No. 2:13-cv-12098, Dkt. No. 23 (E.D. Mich., Aug. 7, 2013); *see also* Stay Order, Dkt. No. 166, July 25, 2013. The District Court granted the motion over Petitioners' objection, staying proceedings in the Lawsuit. *See* Order Regarding Notice of Pendency of Bankruptcy Case and Application of

---

[1] Capitalized terms not defined herein have the meaning given to them in the Stay Order.

the Automatic Stay, *NAACP, et al. v. Synder, et al.*, No. 2:13-cv-12098, Dkt. No. 27 (E.D. Mich., Aug. 22, 2013).

On September 6, 2013, Petitioners moved this Court for an order lifting the stay. *See* Petition for Order Lifting Stay, Dkt. No. 0740, Sept. 6, 2013. In support, Petitioners raise three arguments: (1) this Court's order extending the Chapter 9 stay does not apply to the Lawsuit, either because it applies only to certain enumerated prepetition lawsuits or because it should not be construed to apply to all lawsuits against Governor Snyder and Treasurer Dillon; (2) to the extent this Court's stay applies to the Lawsuit, this Court abused its discretion in ordering the same; and (3) if the stay applies, Petitioners have demonstrated cause for this Court to grant them relief from the stay. Because none of these arguments has merit, Respondents respectfully request that this Court deny Petitioners' request for an order lifting the stay.

## ARGUMENT

**I.  This Court's Order extending the Chapter 9 Stay applies to this case.**

Petitioners' argument that the Stay Order does not apply to the Lawsuit should be rejected. As a threshold matter, the Stay Order does

3

13-53846-tjt Doc 2303-12 Filed 12/24/13 Entered 12/24/13 13:59:50 Page 3 of 12
13-53846-swr Doc 1013 Filed 09/24/13 Entered 09/24/13 13:24:37 Page 3 of 12

not apply only to the specified Prepetition Lawsuits. The Stay Order states, in relevant part:

> 2. Pursuant to section 105(a) of the Bankruptcy Code, the Chapter 9 Stay hereby is extended to apply in all respects (to the extent not otherwise applicable) to the State Entities (defined as the Governor, the State Treasurer and the members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives) …
>
> 3. For the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed ….

Stay Order, Dkt. No. 166, July 25, 2013.

Had the Court intended that the Stay Order apply only to the Prepetition Lawsuits, there would have been no need for the broader language in paragraph 2 of the Stay Order, extending the stay to the State Entities. Likewise, if actions against State Entities were stayed only to the extent they applied to the Prepetition Lawsuits, the language in paragraph 2 extending the stay to the State Entities "to the extent not otherwise applicable" would be superfluous and without effect in light of the language in paragraph 3 expressly staying the Prepetition Lawsuits. Rather, as the District Court recognized, "the plain language of the stay order would apply to this lawsuit." *See* Order Regarding Notice of Pendency of Bankruptcy Case and Application of

4

13-53846-tjt swr Doc 2303-12 Filed 02/24/13 Entered 02/24/13 13:59:50 Page 4 of 12
13-53846-swr Doc 1013 Filed 09/24/13 Entered 09/24/13 13:24:37 Page 4 of 12

the Automatic Stay, *NAACP, et al. v. Synder, et al.*, No. 2:13-cv-12098, Dkt. No. 27 (E.D. Mich., Aug. 22, 2013).

Nor did the City of Detroit's Motion for Entry of Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (a) State Entities, (b) Non Officer Employees, and (c) Agents and Representatives of the Debtor (the "Stay Motion") extend the Chapter 9 Stay to every case in which State Entities are parties. *See* Stay Motion, Dkt. No. 56, July 19, 2013. Instead, the Stay Motion sought to extend the Chapter 9 Stay "to actions or proceedings against the Governor, the State Treasurer and the members of the Loan Board,…that, directly or indirectly, seek to enforce claims against the City, interfere with the City's activities in this chapter 9 case or otherwise deny the city the protections of the Chapter 9 stay." *Id*. at 13. There is simply no support for Petitioners' argument that this Court's order extends the Chapter 9 bankruptcy stay to all lawsuits involving the specified state entities, regardless of the relationship between those lawsuits and Detroit's bankruptcy proceedings.

The Stay Order applies to the Lawsuit because the Lawsuit seeks to interfere with the City's activities in its Chapter 9 case or otherwise

deny the City the protections of the Chapter 9 Stay. Petitioners seek a declaration that PA 436 is unconstitutional, which would result in complete invalidation of all actions taken by emergency managers, thereby invalidating City of Detroit's Emergency Manager's filing of Chapter 9 on behalf of the City of Detroit.

**II.    This Court was well within its discretion to extend the automatic stay to this case.**

Petitioners ask that this Court conclude that the Stay Order was an abuse of this Court's discretion. Clearly established law, and commonsense, show the opposite is true.

As Petitioners recognize, the Sixth Circuit has held that this Court has authority to extend automatic bankruptcy stays to non-debtor entities when, among other circumstances, "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F.2d 855, 861 (6th Cir. 1992).

6

13-53846-tjt  Doc 2303-12  Filed 12/24/13  Entered 12/24/13 13:59:50  Page 6 of 12
13-53846-swr  Doc 1013  Filed 09/24/13  Entered 09/24/13 13:24:37  Page 6 of 11

Governor Snyder and Treasurer Dillon are parties to the Lawsuit which seeks to invalidate all actions of emergency managers under PA 436. If Petitioners prevail, Detroit's Chapter 9 filing will be invalidated. It is difficult to imagine a better example of a situation in which a "judgment against the third-party defendant will in effect be a judgment or finding against the debtor." As the Lawsuit could directly impact whether the City is eligible to be a Chapter 9 debtor, and thus, whether the City will be able to adjust its debts in a Chapter 9 proceeding, it is axiomatic that the Lawsuit is related to this Chapter 9 case and this Court acted within its sound discretion in entering the Stay Order.

**III. Petitioners have not demonstrated cause for this Court to grant relief from the automatic stay.**

Finally, this Court should similarly reject Petitioners' argument that cause exists to grant Petitioners relief from the stay because each of the five factors enumerated in *In re Garzoni*, 35 F. App'x 179, 181 (6th Cir. 2002) weighs heavily in favor of upholding the Chapter 9 Stay. In that case, the Sixth Circuit explained that bankruptcy court considers the following factors in deciding whether to lift a stay: "1)

7

judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Id.* (internal citation omitted).

*First*, in the Lawsuit, Petitioners' primary claim is that PA 436 violates "Home Rule" principles and is thus unconstitutional. As the Court is well aware, various parties who have filed pleadings in opposition to the City's eligibility to be a Chapter 9 debtor have made arguments virtually identical to those raised by Petitioners. Because the Lawsuit and this Court's pending determination concerning eligibility address the same issues, judicial economy dictates staying the Lawsuit. If the Lawsuit is heard in a separate forum it could potentially yield inconsistent adjudications on the same issues.

*Second*, the Lawsuit is not "trial ready." To the contrary, no discovery has been conducted and while the Defendants have filed a motion to dismiss, it has not yet been decided by the District Court. The District Court has not yet decided whether there will be a trial, let

8

13-53846-tjt  Doc 1013  Filed 09/24/13  Entered 09/24/13 13:24:37  Page 8 of 12
13-53846-swr  Doc 2308-12  Filed 12/24/13  Entered 12/24/13 13:59:50  Page 8 of 12

alone have the parties readied themselves for one to the point that imposition of a stay would be inequitable.

*Third*, as stated above, currently before the Court is the threshold issue of whether the City is eligible to be a Chapter 9 debtor, and various parties have raised challenges to PA 436 in their oppositions to eligibility which are the same challenges raised in the Lawsuit. The fact that the threshold eligibility issue—a preliminary bankruptcy issue—has yet to be decided by the Court weighs heavily against finding cause to grant relief from the Chapter 9 Stay.

*Fourth*, Petitioners have not demonstrated a strong chance of success on the merits of the Lawsuit, which contains no cognizable legal claims and, in many cases, relies on irrelevant comparisons of cities' "fiscal health scores" that have no application to the application of Public Act 436. *See* Defendants' Motion to Dismiss First Amended Complaint, *NAACP, et al. v. Synder, et al.*, No. 2:13-cv-12098, Dkt. No. 19 at 1-2 (E.D. Mich., July 11, 2013).

*Fifth,* the Petitioners assert that because the City is not a defendant in the Lawsuit, the Lawsuit imposes no impact on the city or its property. This assertion ignores the tremendous impact

9

continuation of the Lawsuit will have on the process of this Chapter 9 case. As explained above, adjudication in another forum of issues relating to PA 436 threaten to invalidate the city's Chapter 9 filing before this Court has had the opportunity to determine the City's eligibility.

## CONCLUSION AND RELIEF REQUESTED

Petitioners have not demonstrated that this Court's order does not extend the automatic bankruptcy stay to this case, nor have they shown that this Court abused its discretion in issuing its order or that cause exists to grant them relief from the stay. To the contrary, it is clear that this Court properly applied the bankruptcy stay to this case because the two matters are so intrinsically related that if Petitioners are successful in their lawsuit against Governor Snyder and Treasurer Dillon, Detroit's bankruptcy filing will itself be invalidated.

Accordingly, Respondents respectfully request that this Court deny Petitioners' Petition for Order Lifting Stay.

10

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for Respondents
P.O. Box 30736
Lansing, Michigan 48909
(517) 373.3042
SchneiderM7@michigan.gov
[P62190]

Nicole A. Grimm (P74407)
Assistant Attorney General
Attorney for Respondents
P.O. Box 30736
Lansing, Michigan 48909
517.373.6434

Steve Howell (P28982)
Special Assistant Attorney General
Attorney for Respondents
500 Woodward Avenue
Suite 4000
Detroit MI 48226
313.223.3500

Dated: September 20, 2013

11

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on September 20, 2013, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for Respondents
P.O. Box 30736
Lansing, Michigan  48909
(517) 373.3042
SchneiderM7@michigan.gov
[P62190]
