UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DETROIT BRANCH NAACP, MICHIGAN STATE CONFERENCE NAACP,**
**DONNELL R. WHITE**, individually and on behalf of Detroit Branch NAACP and Michigan State Conference NAACP,
**THOMAS STALLWORTH III**, individually,
**RASHIDA TLAIB**, individually,
**MAUREEN TAYLOR**, individually

Plaintiffs,

**Civil Action** No. 13-12098
**Hon. George Carem Steeh**
**Mag R. Steven Whalen**

v.

**RICK SNYDER**, in his Official Capacity as Governor of the State of Michigan, **ANDREW DILLON**, in his Official Capacity as Treasurer of the State of Michigan, and **RUTH JOHNSON**, and in her Official Capacity as Michigan Secretary of State,
_____Defendants._____

| | |
|---|---|
| Melvin Butch Hollowell (P37834) | Nabih H. Ayad & Associates |
| Attorney for Plaintiffs | Nabih H. Ayad (P59518) |
| 8220 Second Avenue | Attorney for Plaintiffs |
| Detroit, Michigan 48221 | 2200 N Canton Ctr Rd, Ste 220 |
| 313.207.3890 | Canton, Michigan 48187 |
| | 734.983.0500 |

Denise C. Barton (P41535)
Michael F. Murphy (P29213)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.373.6434_____/

**PLANTIFFS' OBJECTION TO DEFEDANTS' NOTICE OF PENDENCY OF BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY**

1

**NOW COME**, Plaintiffs, by and through their attorneys, and hereby submit the following as their Objection to Defendant's *Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay:*

1. Plaintiffs filed their Complaint on May 13, 2013, alleging that P.A. 436, Michigan's Emergency Manager Law, violates their constitutional voting rights under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

2. Defendants filed their *Motion to Dismiss* on June 6, 2013. Plaintiffs filed an *Amended Complaint* on June 27, 2013 and their *Response to Defendants' Motion to Dismiss* on July 9, 2013. Defendants filed their *Second Motion to Dismiss Plaintiffs' First Amended Complaint* on July 7, 2013.

3. On July 18, 2013, the City of Detroit, Michigan filed a petition for relief under Chapter 9 of Title 11 of the United States Code. (In re City of Detroit, Michigan, Case No. 13-53846, (Bankr. E.D. Mich.). In accordance with the automatic stay imposed by operation of §§ 362 and 922 of the Bankruptcy Code, 11 U.S.C. §362 and 922, no cause of action filed prior to, or relating to the period prior to, the Petition Date may be continued or commenced against (i) the City and/or its employees, or (ii)

an officer, employee, or inhabitant of the City, in any judicial, administrative or other court or tribunal to enforce a claim against the City without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

4. The automatic stay does not apply to the above captioned case, as the City of Detroit nor its employees are parties to this litigation.

5. On July 19, 2013, the City of Detroit filed a *Motion of Debtor, Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order Extending the Chapter 9 Stay to Certain A) State Entities, B) Non-Officer Employees and C) Agents and Representatives of the Debtor*. (**Exhibit 1**)

6. In the above referenced Motion, Debtor named several lawsuits (collectively, the "Prepetition Lawsuits"), that were filed "during the period immediately prior to the Petition Date." The Motion states that these suits were filed "effectively seeking to frustrate the commencement of this chapter 9 case due to the protections and powers that the City would enjoy if a case were commenced." (**Exhibit 1**, 5).

7. The above captioned lawsuit was not named in the City's Motion.

8. On July 25, 2013, after hearing the Motion, the Bankruptcy Court entered an Order extending the provisions of the automatic stay in all

3

respects (to the extent not otherwise applicable) to include certain "State Entities" defined as "the Governor, the State Treasurer and the members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives." (**Exhibit 2,** 2).

9. The Court further ordered that, "[f]or the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed." (**Exhibit 2**, 2).

10. On August 7, 2013, days before Plaintiffs' Response to Defendants' Second Motion to Dismiss was due pursuant to the Court's scheduling order, Defendants filed with this Court a *Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay*, asserting that Bankruptcy Court's extension order applies to the above captioned case. On August 11, 2013, Plaintiffs timely filed their *Response to Defendants' Second Motion to Dismiss*.

11. Plaintiffs object to Defendants' *Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay*, and request that this Court find that the Extension Order does not apply for the following reasons:

   A. This Court has the jurisdiction to determine whether the Stay applies to this case.

B.  This lawsuit was not the subject of the City's Motion or the Court's Order, as it was not listed as one of the "Prepetition Lawsuits" that the Order specifically stayed and this lawsuit was not filed in anticipation of the City filing for Bankruptcy.

C.  The Stay is not appropriate to this case, given the purpose of the Bankruptcy system of protecting the debtor, the City of Detroit, and its creditors. Plaintiffs are not creditors of the City of Detroit, nor are they seeking any damages, contractual claims, or similar relief that would implicate the City's finances. This case deals with important constitutional law issues that should not be delayed due to the City filing for Bankruptcy.

D.  The Order cannot be interpreted in such a broad way as to apply to every lawsuit in the country naming Defendants Snyder and Dillon as parties, particularly here given the nature of the action involving the constitutional issue of voting rights dilution, and not relating to the debtor's estate. The Order cannot possibly have the effect to stay all cases naming these state officials as parties, as there must be thousands of cases involving the Governor or State Treasurer.

**WHEREFORE**, Plaintiffs request that this Honorable Court strike Defendants' Notice and Application for Automatic Stay, and enter an order excluding this case from the automatic stay extension.

Respectfully submitted,

/s/ Melvin Butch Hollowell

_____

MELVIN BUTCH HOLLOWELL(P-37834)
General Counsel
Detroit Branch NAACP
8220 Second Avenue
Detroit, Michigan 48221
313-871-2087
butchhollowell@gmail.com

NABIH H. AYAD & ASSOCIATES, P.C.

/s/ Nabih H. Ayad

_____

NABIH H. AYAD (P-59518)
General Counsel
Arab-American Civil Rights League
Ayad Law, P.L.L.C.
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com

Dated: August 15, 2013

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DETROIT BRANCH NAACP, MICHIGAN
STATE CONFERENCE NAACP,**
**DONNELL R. WHITE**, individually and
on behalf of Detroit Branch NAACP and Michigan
State Conference NAACP,
**THOMAS STALLWORTH III**, individually,
**RASHIDA TLAIB**, individually,
**MAUREEN TAYLOR**, individually        **Civil Action** No. 13-12098
                                         **Hon. George Carem Steeh**
              Plaintiffs,                **Mag R. Steven Whalen**

v.

**RICK SNYDER**, in his Official Capacity as Governor
of the State of Michigan, **ANDREW DILLON**, in his Official
Capacity as Treasurer of the State of Michigan, and **RUTH
JOHNSON**, and in her Official Capacity as Michigan Secretary
of State,
_____Defendants._____

| | |
|---|---|
| Melvin Butch Hollowell (P37834) | Nabih H. Ayad & Associates |
| Attorney for Plaintiffs | Nabih H. Ayad (P59518) |
| 8220 Second Avenue | Attorney for Plaintiffs |
| Detroit, Michigan 48221 | 2200 N Canton Ctr Rd, Ste 220 |
| 313.207.3890 | Canton, Michigan 48187 |
| | 734.983.0500 |

Denise C. Barton (P41535)
Michael F. Murphy (P29213)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.373.6434_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS OBJECTION TO
DEFENDANTS' NOTICE OF AUTOMATIC STAY**

7

### A.    The District Court Has Jurisdiction to Determine Whether the Stay Extension Applies to This Case

This Court may determine whether a stay is appropriate in "*proceedings before it in accordance with its inherent power to control the cases on its docket.*" *Beacon*, 2013 U.S. Dist. LEXIS 70883, at *6 (citing *Landis,* 299 U.S. at 254-55). Further, the applicability of the automatic stay to a "proceeding is an issue of law within the competence of this court." *NLRB v. Edward Cooper Painting, Inc*., 804 F.2d 934, 938 (6th Cir. 1986) (determining the applicability of the automatic stay to its unfair labor practice proceeding). In *NLRB*, the Sixth Circuit Court adopted the Second Circuit's reasoning, that *"[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay*." *NLRB,* 804 F.2d at 939 (quoting *Baldwin-United Corp*., 765 F.2d 343, 347 (2d Cir. 1985) (footnote omitted)).

Although the stay in question is an extension to the automatic stay in the Detroit Bankruptcy proceeding, the principles outlined above still hold true, and this Court has jurisdiction to determine whether this case is subject to the Extension Stay Order.

8

### B. The District Court Should Not Impose a Stay in This Case Where Defendants Have Not Shown A Pressing Need for Delay nor Shown a Clear Case of Hardship in Being Required to Move Forward, Plaintiffs Are Not Creditors of the City of Detroit and the Scope of the Extension Order Does Not Reach Litigation Involving the Violation of Plaintiffs' Constitutional Rights Completely Unrelated to the City of Detroit's Finances

As discussed above, this Court has jurisdiction to determine whether the Bankruptcy Court's Extension Order applies to a case pending before it. The Sixth Circuit Court of Appeals has warned, however, "that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay has the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. The moving party must also show "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the [stay]." *Ohio Envtl. Council*, 565 F.2d at 396. Defendants have not met their burden of showing that these considerations weigh in favor of a stay. Indeed, they have merely cited the Order from the Bankruptcy proceeding, which did not specifically name this case nor are the concerns expressed within the Motion for the Order at issue here. This Court should not enter a stay because of important constitutional questions involving fundamental rights and liberties, namely Plaintiffs' voting rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Plaintiffs have the right to a

9

determination of their rights without undue delay. Detroit is the largest municipality in history to declare Bankruptcy and the amount of time which will likely lapse in the proceedings are factors which weigh heavily in favor of an interpretation and determination that the Extension Stay Order does not apply to a case involving the violation of Plaintiffs' constitutional rights.

A fair reading of the Extension Order of the Bankruptcy Court clearly shows that it does not apply to this case. Under its powers pursuant to 11 USC § 105(a), the Bankruptcy "[C]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 USC § 105(a). The Sixth Circuit has held that a court may utilize its equitable power under section 105(a) of the Bankruptcy Code to extend the automatic stay to non-debtor entities in "unusual circumstances." *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.* (In re Eagle-Picher Indus., Inc.), 963 F.2d 855, 861 (6th Cir. 1992). A Bankruptcy Court may also extend automatic stay under 11 USC § 362 to stay proceedings or actions by or against nondebtors where such actions would adversely affect the property of the debtor. *In re Johns-Manville Corp.*, 26 B.R. 405, 409 (Bankr. S.D.N.Y. 1983). Additionally, Bankruptcy courts have authority to stay litigation when it could impact debtors' ability to reorganize, litigation could take assets of the estate, and debtors would be required to devote resources to monitoring litigation. *In re Phila. Newspapers, LLC*, 423 BR 98 (Bankr. E.D. Pa 2010). However, it is not within

bankruptcy court's jurisdiction under 11 USC § 105 to prevent action that would not be "related to" the bankruptcy case. *Fisher v Apostolou*, 155 F3d 876, 882 (7th Cir. 1998) (finding district court case closely "related to" bankruptcy filing where investor claims involved same limited pool of money, in possession of same defendants, as result of same acts, performed by same individuals, as part of the same conspiracy).

### 1. The Court Should Not Order A Stay in This Case Because There is No Debtor or Creditor Here to Protect

The purpose of the stay in Bankruptcy proceedings is to "protect the debtor's interest." *Beacon*, 2013 U.S. Dist. LEXIS 70883 at *5 (citing *In re Johns-Manville Corp.*, 26 B.R. 405, 409 (Bankr. S.D.N.Y. 1983) (explaining that "[a]lthough Section 105 may be used to extend [a] stay, Section 105 does not have a life of its own and this extension may only be accomplished within the proper boundaries of Section 362. That is, unless this extension is designed to protect the debtor's interests, it cannot be granted."). The legislative history of Section 362 notes that the automatic stay is designed to protect the debtor:

> *The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.*

11

*See* S.Rep. No. 95-989, 95th Cong., 2d Sess. 54-55 (1978), U.S Code Cong. & Admin. News 1978, pp. 5787, 5840-41.

There is no debt or debtor to protect in this case. The automatic stay in Section 362 also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the *debtor's* assets prevents that. *See* H.R. Rep. No. 95-595, 95th Cong., 2nd Sess. 340 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5840-41.

### 2. *This Case Was Not Listed in the City's Motion Nor Was It Stayed in the Court's Order Given Explicitly "for the avoidance of doubt"*

Given the limitations for an extension order to proceedings relating to bankruptcy cases discussed above in "special circumstances" and the protections in mind for which they are to apply, the Extension Order here was granted to address particular issues raised in the City of Detroit's motion. In its Motion, Debtor named several lawsuits (collectively, the "Prepetition Lawsuits"), that were filed "during the period immediately prior to the Petition Date." (**Exhibit 1**, 5). The Motion states that these suits were filed "*effectively seeking to frustrate the commencement of this chapter 9 case due to the protections and powers that the City would enjoy if a case were commenced.*" (**Exhibit 1**, 5). The City of Detroit requested the Order to "(a) aid in the administration of its bankruptcy case, (b)

12

protect and preserve its property for the benefit of citizens and stakeholders and (c) ensure that the City is afforded the breathing spell it needs to focus on developing and negotiating a plan for adjusting its debts." (**Exhibit 1**, 9). Upon hearing the Motion, the Court ordered that, **"[f]or the avoidance of doubt**, **each of the Prepetition Lawsuits hereby is stayed.**" (**Exhibit 2**, 2).

The proper scope of the Bankruptcy Court is to issue a stay that anticipates the protection of *creditors* from the injustice of a race for the *debtor's* assets. Here, not only is the City of Detroit, the debtor, not a party to this lawsuit, the Plaintiffs here are not "creditors" within the meaning of the Bankruptcy Code. They are not seeking damages from the City of Detroit, enforcing contracts, or requesting any relief, at all, from the City of Detroit. Further, this lawsuit was not listed as one of the "Prepetition Lawsuits" clearly covered by the Order, as the Judge specifically named the lawsuits "[**f]or the avoidance of doubt**." (**Exhibit 2**, 2). This lawsuit was filed months before the City of Detroit filed for Bankruptcy and not to "frustrate the commencement" of the Chapter 9 proceeding. Rather, the lawsuit was filed to address the violation of Plaintiffs' constitutional voting rights, a completely unrelated matter. As these motivations and considerations were not even contemplated by the Bankruptcy Court, the Order must be read in a way that does not apply to this lawsuit.

### *3. The Extension Order Cannot be Read So Broadly as to Include Every Lawsuit Naming the Governor or State Treasurer*

Lastly, the Extension Order cannot be expanded such a broad application, to each and every lawsuit in the country that implicates the named Defendants. Taking into account the numerable causes of action available to the citizens of Michigan, there is surely thousands of lawsuits that would then fall under the Order. For instance, the stay would halt suits involving tax recovery matters, cases involving constitutional rights, and violations of state law. The power of the Bankruptcy court is broad, but this Court must find that the Order only extends to litigation that relates to the Bankruptcy filing and the City of Detroit's finances, as proscribed by the Bankruptcy Code. Surely, the Order does not provide Defendants complete immunity from all litigation. This cause of action does not impact the City of Detroit's finances, namely the ability of the City to reorganize, the litigation is not grounded in damages that would take assets from the estate, and the City of Detroit would not be required to devote resources to monitoring the litigation, as it is not a party.

## CONCLUSION

**WHEREFORE**, Plaintiffs request that this Honorable Court strike Defendants' Notice and Application for Automatic Stay, and enter an order excluding this case from the automatic stay extension.

Respectfully submitted,

/s/ Melvin Butch Hollowell

_____

MELVIN BUTCH HOLLOWELL(P-37834)
General Counsel
Detroit Branch NAACP
8220 Second Avenue
Detroit, Michigan 48221
313-871-2087
butchhollowell@gmail.com


NABIH H. AYAD & ASSOCIATES, P.C.

/s/ Nabih H. Ayad

_____

NABIH H. AYAD (P-59518)
General Counsel
Arab-American Civil Rights League
Ayad Law, P.L.L.C.
2200 North Canton Center Road, Suite 220
Canton, Michigan 48187
734-983-0500
nayad@ayadlaw.com


Dated: August 15, 2013                ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on August 15, 2013, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                  NABIH H. AYAD & ASSOCIATES, P.C.

                                  /s/ Nabih H. Ayad

                                  _____

                                  NABIH H. AYAD (P-59518)
                                  General Counsel
                                  Arab-American Civil Rights League
                                  Nabih Ayad & Associates
                                  2200 North Canton Center Road, Suite 220
                                  Canton, Michigan 48187
                                  734-983-0500
                                  nayad@ayadlaw.com