UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT BRANCH NAACP, et al.,

        Plaintiffs,

                                  Case No. 13-CV-12098

v.

                                  HON. GEORGE CARAM STEEH

RICHARD D. SNYDER et al.,

        Defendants.

_____/

**ORDER REGARDING NOTICE OF PENDENCY OF BANKRUPTCY
CASE AND APPLICATION OF THE AUTOMATIC STAY [DOC. 23]**

On August 7, 2013, defendants filed a Notice of Pendency of Bankruptcy Case and Application of the Automatic Stay. The Notice references the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code, 11 U.S.C. §§ 362 and 922, as well as the order entered by the bankruptcy court on July 25, 2013, which extended the automatic stay to include certain "State Entities" defined as "the Governor, the State Treasurer and the members of the Loan Board . . . ." *In re City of Detroit, Michigan*, Case No. 13-53846 (Bankr. E.D. Mich.); Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor ("Extension Order"). Governor Snyder and Treasurer Dillon are named defendants in the captioned matter which was filed prior to the petition date and which defendants contend is subject to the bankruptcy court order extending the automatic stay.

Although it is not apparent that any interests of the City of Detroit bankruptcy

-1-

proceedings are implicated in the case, the plain language of the stay order would apply to this lawsuit.

In accordance with the broadly worded Extension Order issued by the bankruptcy court, this court will abide by the stay unless and until such time as an order issues lifting or modifying the stay to permit the captioned matter to proceed.  Accordingly,

IT IS HEREBY ORDERED that proceedings in this case are STAYED until further order of the court.

IT IS HEREBY FURTHER ORDERED that this case is CLOSED for administrative and statistical purposes without prejudice because the defendants are covered by the bankruptcy court Extension Order.  This closing does not constitute a decision on the merits.

IT IS FURTHER ORDERED that if the bankruptcy stay is removed, or a party obtains relief from the stay, then the case may be reopened upon the motion of any party.

IT IS FURTHER ORDERED that any party may apply to the bankruptcy court for relief from the automatic stay under 11 U.S.C. § 362 or for relief from the Extension Order.

So ordered.

Dated:  August 22, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-2-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 22, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk