UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  CITY OF DETROIT,          .          Docket No. 13-53846
        MICHIGAN,                 .
                                  .          Detroit, Michigan
                                  .          December 20, 2013
                Debtor.           .          10:00 a.m.
. . . . . . . . . . . . . . . .

HEARING RE. STATUS CONFERENCE
BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:         Jones Day
                        By:  THOMAS CULLEN, JR.
                        51 Louisiana Avenue, N.W.
                        Washington, D.C.  20001-2113
                        (202) 879-3768

                        Pepper Hamilton, LLP
                        By:  ROBERT S. HERTZBERG
                        4000 Town Center, Suite 1800
                        Southfield, MI  48075-1505
                        (248) 359-7333

For Detroit             Clark Hill, PLC
Retirement Systems-     By:  ROBERT D. GORDON
General Retirement      151 South Old Woodward, Suite 200
System of Detroit,      Birmingham, MI  48009
Police and Fire         (248) 988-5882
Retirement System
of the City of
Detroit:

For Erste               Ballard Spahr, LLP
Europaische             By:  VINCENT J. MARRIOTT, III
Pfandbrief-und          1735 Market Street, 51st Floor
Kommunalkreditbank      Philadelphia, PA  19103-7599
Aktiengesellschaft      (215) 864-8236
in Luxemburg, S.A.:

For David Sole:         Jerome D. Goldberg, PLLC
                        By:  JEROME D. GOLDBERG
                        2921 East Jefferson, Suite 205
                        Detroit, MI  48207
                        (313) 393-6001

Court Recorder:      Letrice Calloway
                        United States Bankruptcy Court
                        211 West Fort Street
                        21st Floor
                        Detroit, MI  48226-3211
                        (313) 234-0068

Transcribed By:      Lois Garrett
                        1290 West Barnes Road
                        Leslie, MI  49251
                        (517) 676-5092

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1     THE CLERK:  All rise.  Court is in session.  Please
2 be seated.  Case Number 13-53846, City of Detroit, Michigan.
3     MR. CULLEN:  May it please the Court, your Honor,
4 Thomas Cullen of Jones Day representing the city.  As your
5 Honor strongly suggested, we have been meeting with the
6 various stakeholders over the past day.  Accordingly and in
7 the interest of bettering the swap settlement, the parties in
8 interest are attending court-ordered mediation under the
9 mediation program that your Honor has established Monday and
10 Tuesday of next week, and Ms. Ball and Mr. Hertzberg will be
11 attending that mediation on behalf of the city's legal team.
12     If the city is, as it hopes, successful in bettering
13 the swap settlement, the city will promptly file an amended
14 motion setting forth the revised terms of its agreement and
15 bring that amendment before the -- that amended agreement
16 before the Court at your Honor's earliest convenience.  With
17 the understanding that your Honor is unavailable until
18 January 2nd, the city will plan to produce Mr. Orr for a
19 deposition on December 31st in Washington, D.C., and will
20 make Mr. Orr available to testify at a continuation of this
21 week's hearing on the first date your Honor is available.
22 Mr. Orr will be, in such event, fully prepared to testify
23 with respect to the city's decision to enter into any such
24 agreement which results from this process.
25     At the same time and in the interim, we're doing, as

1  we're bound to do, whatever is necessary to protect the city

2  residents and interests and to preserve the city's ability to

3  take whatever course of action it ultimately deems necessary.

4  Indeed, the city, through Pepper Hamilton, is issuing

5  litigation hold notices to UBS, BAML, Orrick, Clark Hill, and

6  Lewis & Munday as well as to the COP banks with the intention

7  of preserving the city's ability to fully and completely

8  litigate its rights should an appropriate agreement not be

9  obtained.  To the extent that the city determines that such

10  interests are best served by seeking preliminary or other

11  relief from this Court, the city will do so expeditiously.

12  That's all I have, your Honor.

13        THE COURT:  Thank you, sir.  Would anyone like to be

14  heard regarding this matter?

15        MR. MARRIOTT:  Good morning, your Honor.  Vince

16  Marriott, Ballard Spahr, on behalf of EEPK and affiliates.  I

17  would just like to ask the debtor to confirm that it does

18  not --

19        THE COURT:  Excuse me one second.

20        MR. MARRIOTT:  Yes.

21        THE COURT:  I just need you to listen to this.

22        MR. CULLEN:  I'm very sorry, your Honor.

23        THE COURT:  That's okay.  Go ahead, sir.

24        MR. CULLEN:  I apologize, Vince.

25        MR. MARRIOTT:  That's fine.  I would just like the

1  debtor to confirm that at any continued hearing on this

2  matter, it will be producing no witnesses that it has not

3  previously identified, no documents that it has not

4  previously produced other than any revised agreement.

5        MR. CULLEN:  That is certainly our intention, your

6  Honor.

7        THE COURT:  All right.  Thank you.  Would anyone

8  else like to be heard regarding this matter?  No?  It would

9  be the Court's intention -- yes.  Yes or no?

10        MR. GORDON:  Thank you, your Honor.  Robert Gordon

11  of Clark Hill on behalf of the Retirement Systems.  Number

12  one, the proposal that's been made, just for the record,

13  wasn't conveyed to any of us before just now, so we're trying

14  to process -- I don't know why an e-mail couldn't have gone

15  out last night.

16        THE COURT:  Do you want a minute to process it?

17        MR. GORDON:  Could we?

18        THE COURT:  Absolutely.

19        MR. GORDON:  I would appreciate that.  I would like

20  to caucus.

21        THE COURT:  Go right ahead.

22        MR. GORDON:  Can we caucus for a moment because I'd

23  like to get some --

24        THE COURT:  Well, all right.  Fair enough.  How much

25  time would you like?

1    MR. GORDON:  Just five minutes even.

2    THE COURT:  Ms. Green says five minutes.  Okay.

3    MR. GORDON:  Would that be okay?

4    THE COURT:  On the safe side, we'll reconvene at

5  10:15.

6    MR. GORDON:  Thank you, your Honor.

7    THE CLERK:  All rise.  Court is in recess.

8    (Recess at 10:04 a.m. until 10:15 a.m.)

9    THE CLERK:  Court is in session.  Please be seated.

10  Recalling Case Number 13-53846, City of Detroit, Michigan.

11    MR. MARRIOTT:  Judge, the objectors caucused, and we

12  were in the process of sort of discussing with the debtor a

13  somewhat modified schedule.  Maybe I'll let you know what we

14  were discussing.  Apparently Mr. -- we had hoped that Mr.

15  Orr's deposition could be a day earlier than the 31st if the

16  hearing were going to start on the 2nd because of the

17  intervening holiday and the need to get a transcript and

18  review it and prepare.  Apparently Mr. Orr is not available

19  any earlier than the 31st, so our next proposal was that

20  trial recommence, if it is to recommence, on the 3rd rather

21  than the 2nd.  We don't know, frankly, whether it would

22  conclude the day it started because there's both witnesses,

23  and there is argument, and the debtor is -- has indicated a

24  reluctance to start on the 3rd if it meant we would not

25  finish until the following Monday, but it's the objectors'

1    view that we need at least a business day between Mr. Orr's

2    deposition and the commencement of the trial.

3          The other issue that we had which we did not have

4    the opportunity to raise with the debtor yet but I'll raise

5    now was a deadline by which if the debtor is going to file a

6    revised agreement that it be done so, and what we were going

7    to propose to the debtor was that it be noon on Friday, the

8    27th.  They have not had a chance to react to that because I

9    had not communicated that to them.

10          And the third would be that if -- presumably I mean

11   I'll know because I'm in the mediation, but there are parties

12   who are not -- who are objectors that are not in the

13   mediation who will not know whether we come out of Tuesday

14   with a resolution or not, and the third suggestion would be

15   that the debtor communicate by close of business on Tuesday

16   whether it will be filing a revised motion by midday on

17   Friday.  Those were our thoughts.  We've communicated some of

18   them to the debtor but not all.

19          MR. CULLEN:  Your Honor, our main objective here is

20   to get this done as quickly as possible, and if we could get

21   it all done on the 3rd, that would be -- that would be fine

22   with us, but we're -- you know, it's always at my back I hear

23   times winged chariot hurrying near for the city here.

24          And with respect to some indication of where we are

25   at the end of Tuesday, the world probably doesn't end if the

1  discussions leaked over or there were things to be done, so I
2  would -- the city would commit to give some kind of a status
3  at that time, and we will certainly --

4        THE COURT:  All right.  But on that I would ask you
5  to communicate to the attorneys who have appeared here in
6  connection with this proceeding but not by filing in the
7  court file.

8        MR. MARRIOTT:  Yes, your Honor.  That would be fine.
9  And in any notice that we give we will attempt to give them
10 sufficient information while not revealing the nature of
11 anything that should remain confidential is still --

12       THE COURT:  Right.

13       MR. MARRIOTT:  -- negotiable within the mediation.
14 With respect to the last date, it's certainly not
15 unreasonable to propose the 27th as an absolute drop dead
16 date.  We'll certainly attempt to have it as soon as we can
17 possibly have it.

18       THE COURT:  Okay.  Regarding the hearing, it doesn't
19 feel likely -- it's possible, but it doesn't feel likely that
20 if we started on January 3rd we would conclude on January
21 3rd.  How much of a problem is that?  As far as I'm
22 concerned, we could continue to Saturday, the 4th.  I don't
23 know about the availability of the building.

24       MR. MARRIOTT:  I'm not allergic to Saturday, your
25 Honor, so that would be -- that would be fine with us as

1  well.

2        THE COURT:  Anybody want to be heard about that

3  question?

4        MR. GORDON:  Your Honor, again, Robert Gordon for

5  the record.  If we had to pour over from the 3rd to the 4th

6  on that Saturday, we are amenable to that, so we were fine

7  with that suggestion.

8        If I may raise one other issue that was omitted in

9  the discussion here, but we had the discussion when we

10  caucused, the suggestion that Mr. Orr's deposition should

11  take place in Washington, D.C., where none of the creditors

12  are except for Ambac's counsel pretty much is, I would

13  suggest, offensive to some of us who are here in Detroit.  He

14  is the emergency manager of the City of Detroit.  They have

15  suggested this in the past, and we suggested that he should

16  be here, and we continue to suggest that he should be here.

17  He has accommodated us in the past.  I don't think we should

18  all have to go to D.C., your Honor.

19        THE COURT:  I wondered if you were going to bring

20  that up.

21        MR. GORDON:  Yes, your Honor.  Yes.

22        THE COURT:  What's the issue with D.C.?

23        MR. CULLEN:  We were, your Honor, trying to

24  calculate out the number of participants in this deposition

25  from various places, and we have a lot of New York, we have a

1  lot of Philadelphia, we have some Chicago, and we have one
2  cross-examining party from Detroit.  And the witness has been
3  deposed in both places, Washington and Detroit, back and
4  forth.  It just seemed to us in terms of the overall travel
5  budget of the matter that Washington was as convenient as any
6  other place for the counsel involved.  If it's -- the world
7  doesn't end either way, but that was our thinking.

8        THE COURT:  Thank you, sir.  Anyone else besides Mr.
9  Gordon want to be heard on this?

10        MR. GORDON:  I'll let Mr. Goldberg speak, but I just
11  wanted to clarify there's at least three parties in Detroit.
12  There are the retiree associations, there's Mr. Goldberg, and
13  there's the Retirement Systems, so there's at least three
14  here, your Honor.  And, as I said, other than counsel for
15  Ambac, I don't believe any other counsel is in D.C.

16        MR. GOLDBERG:  Jerome Goldberg appearing on
17  interested party, David Sole.  I also find it offensive that
18  the emergency manager for the City of Detroit -- we have to
19  go to Washington to depose the representative for the City of
20  Detroit, and it's burdensome, and burdens are always
21  relative.  I would submit that the burden on some of us in
22  Detroit is a little greater than the burden that it is on
23  some of these institutions that can afford it more, but more
24  important than that is the fact that he's representing
25  Detroit.  He should be in Detroit.

1       THE COURT: I agree. His deposition should be in

2    the City of Detroit, and the Court so orders. From the

3    city's perspective, what's the problem with going over to

4    January 7th should January 4th -- I'm sorry -- January 6th --

5    what's the problem with going to January 6th should January

6    4th, a Saturday, not be feasible for the building?

7       MR. HERTZBERG: Your Honor, Robert Hertzberg, Pepper

8    Hamilton. It is -- I've been an active participant in this,

9    and I'm not available after that weekend for a week, so the

10   thought was if we started on the 2nd, we would easily be done

11   with the 2nd and with the 3rd available if the Court had that

12   scheduled. When it became a problem for the objectors that

13   they wanted one business day, the thought was if we pushed

14   over to the weekend. It happens to be my scheduling problem.

15      THE COURT: Well, all right. I will inquire of the

16   building regarding its availability on the 4th, but, frankly,

17   if I'm advised that it will create extraordinary expense for

18   the judiciary to turn the utilities on and have all of the

19   security services available, with all respect to Mr.

20   Hertzberg, we may have to go to Monday, the 6th. I certainly

21   agree with the objecting parties that with a deposition on

22   the 31st, it is not appropriate to start on January 2nd, so

23   with that one open issue, I think we are in agreement on

24   everything else. All right. I trust you'll work out the

25   time of your deposition. Anyone want to bring up anything

1   further at this time?

2          MR. MARRIOTT:  Can I ask, Judge, where we ended up

3   on the filing of the motion if there's an amended motion to

4   be filed?

5          THE COURT:  I heard that there was a commitment to

6   that.

7          MR. MARRIOTT:  By Friday?  I mean on Friday?  Is

8   that --

9          MR. CULLEN:  You said the 27th; right?

10         MR. MARRIOTT:  Is that the 27th?  Whatever the

11  27th --

12         MR. CULLEN:  Yeah.  Whatever you said, the 27th

13  seems sensible to us.

14         THE COURT:  That's what I heard.  Friday, the 27th.

15         MR. MARRIOTT:  Okay.

16         THE COURT:  All right.  Thank you.  We're in recess.

17         THE CLERK:  All rise.  Court is adjourned.

18      (Proceedings concluded at 10:25 a.m.)

INDEX


<u>WITNESSES:</u>

None

<u>EXHIBITS:</u>

None


I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.


/s/ Lois Garrett                    December 26, 2013
_____         _____
Lois Garrett