# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

## Order for Relief Under Chapter 9 of the Bankruptcy Code

The Court has determined that the City of Detroit, Michigan has met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the bankruptcy code. The Court has further determined that the City of Detroit, Michigan filed its chapter 9 petition in good faith.

Accordingly, the Court hereby enters this Order for Relief and grants relief to the City of Detroit, Michigan under chapter 9 of the bankruptcy code.

.

**Signed on December 05, 2013**

                    **/s/ Steven Rhodes**  
                    **Steven Rhodes**  
                    **United States Bankruptcy Judge**

13-53846-swr Doc 2330-4 Filed 12/27/13 Entered 12/27/13 10:02:30 Page 1 of 6
13-53846-swr Doc 2119-6 Filed 12/13/13 Entered 12/13/13 09:46:12 Page 1 of 6
456

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,     Chapter 9
                                Case No. 13-53846
         Debtor.                Hon. Steven W. Rhodes

**RESPONDENTS' REPLY TO PETITIONERS' RESPONSE TO MOTION FOR RECONSIDERATION OF OPINION AND ORDER DENYING NAACP'S MOTION FOR RELIEF FROM STAY (DKT. #740) AND GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. #1004)**

## INTRODUCTION

On December 2, 2013, Petitioners, Plaintiffs in the *Phillips, et al. v. Snyder, et al.* lawsuit, responded to Respondents' motion for reconsideration of this Court's order granting Petitioners' motion for relief from stay. (Resp. to Mot. for Reconsideration of Opinion and Order Denying NAACP's Mot. for Relief from Stay and Granting Phillips' Mot. for Relief from Stay, Dkt. #1888.) For the reasons that follow, Petitioners' arguments are factually inaccurate, without legal support, and do not provide a basis for denying Respondents' motion.

# ARGUMENT

## I. The Debtor concurs and joins in Respondents' motion.

As a threshold issue, Petitioners' response brief incorrectly asserts that "Debtor City of Detroit does not seek reconsideration of this Court's Order." (*Id.* at 4.)

In fact, the Debtor concurred and joined in Respondents' motion on November 20, 2013—ten days before Petitioners' filed their response brief. (Debtor's Concurrence with and Joinder in the State's Mot. for Reconsideration, Dkt. #1777.) The Debtor asks this Court to reconsider its order because, among other things, a finding that PA 436 is unconstitutional "could remove the City's emergency manager leaving no other authorized person to prosecute [its] chapter 9 case . . . ." (*Id.* at 4.) Like Respondents, the Debtor submits that since this Court's stay-extension order applies to "any suits against the governor and the treasurer that might [have the potential to directly impact] the City's bankruptcy case," *any* iteration of Petitioners' complaint that includes a facial challenge to PA 436 or an as-applied challenge to PA 436 in Detroit must be stayed. (*Id.* at 2.)

2

## II. Petitioners' request for declaratory relief, if granted, would pose substantial questions as to Detroit's ability to proceed in bankruptcy.

Petitioners' response is also legally inaccurate. Notably, Petitioners admit "[i]t is true that a finding that PA 436 is unconstitutional might raise some 'serious questions' regarding the validity of actions taken by emergency managers appointed pursuant to PA 436 throughout the State of Michigan." (Dkt. #1888-4, at 8.) Yet rather than conceding that a stay is therefore appropriate, Petitioners now claim that even if PA 436 is declared unconstitutional, a separate legal action would be required to divest Detroit's EM of any power granted by the statute. (*Id.* at 7.)

Case law contradicts this assertion. The Sixth Circuit has plainly held that without a separate lawsuit seeking injunctive relief, "[a]n unconstitutional application of a statute *and* the passage of a statute that is unconstitutional in all of its applications may each be equally void from the outset." *Village of Mainville, Oh. v. Hamilton Tp. Bd. of Trustees*, 726 F.3d 762, 766 (6th Cir. 2013) (emphasis in original). Since a statute that is declared unconstitutional could be considered void *ab initio*, Petitioners' admission that even their gratuitously amended

3

complaint still seeks a declaration that PA 436 is unconstitutional demonstrates that Petitioners' lawsuit should be stayed. (Dkt. #1888-4, at 7.) Indeed, as this Court concluded when it denied NAACP's motion for relief from stay, "[i]f P.A. 436 were found to be unconstitutional, as the plaintiffs' lawsuit claims, then the City's emergency manager would be removed from office . . . . The impact in this bankruptcy case of the potential removal of the Detroit emergency manager by the plaintiffs' lawsuit cannot be overstated." (Opinion and Order Denying NAACP's Mot. for Relief from Stay and Granting Phillips' Mot. for Relief from Stay, Dkt. #1536, at 7-8.)

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated herein and more fully in Respondents' principal motion, Respondents respectfully request that this Court reconsider its order granting Petitioners' motion for relief from stay.

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754, Lansing, MI  48909
(517) 373-3203
SchneiderM7@michigan.gov [P62190]

4

Nicole A. Grimm (P74407)
                                    Assistant Attorney General

                                    Steven G. Howell
                                    Special Assistant Attorney General
                                    Dickinson Wright PLLC
                                    500 Woodward Avenue, Suite 4000
                                    Detroit, Michigan 48226-3425

                                    Attorneys for the State of Michigan
                                    Michigan Department of
                                    Attorney General

Dated: December 12, 2013

5

13-53846-tjt Doc 2330-4 Filed 12/27/13 Entered 12/27/13 10:02:30 Page 6 of 6
13-53846-swr Doc 2207-4 Filed 12/15/13 Entered 12/15/13 19:26:48 Page 6 of 6  461