

## State of Michigan
### Ingham County Circuit Court

### PROOF OF SERVICE

I hereby certify I served a copy of the Order of Declaratory Judgment in case number 13-734-CZ upon Plaintiffs, Defendants, and the President of the United States, Barack Obama, by placing the Order of Declaratory Judgment in case number 13-734-CZ in sealed envelopes addressed to John R. Canzano, attorney for Plaintiffs, Thomas Quasarano and Brian Devlin, attorneys for Defendants, and President Barack Obama, and deposited for mailing with the United States Mail at Lansing, Michigan on July 23, 2013.

JOHN R. CANZANO
McKNIGHT, McCLOW, CANZANO, SMITH & RADTKE, P.C.
400 GALLERIA OFFICENTRE, SUITE 117
SOUTHFIELD, MICHIGAN 48034

Dept of Attorney General

AUG 0 6 2013

State ...
... Division
... FED

THOMAS QUASARANO
BRIAN DEVLIN
ASSISTANT ATTORNEY GENERAL
STATE OPERATIONS DIVISION
2ND FLOOR G. WILLIAMS BUILDING
525 WEST OTTAWA STREET
P.O. BOX 30754
LANSING, MICHIGAN 48909

PRESIDENT BARACK OBAMA
PRESIDENT OF THE UNITED STATES OF AMERICA
THE WHITE HOUSE
1600 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20500

_Morgan C. Cole (P75166)_

Morgan E. Cole (P75166)
Law Clerk to the Honorable Rosemarie E. Aquilina

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

Case No. 13-734-CZ
Hon.  Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

_____/

## ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this _19th_ day of July, 2013.

PRESENT: _Rosemarie E. Aquilina_
             Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the

constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial

Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436

permits the Governor to authorize an emergency manager to proceed under chapter 9 of the

bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter

9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

*A copy of this Order shall be transmitted to President Obama.*

*It is so Ordered.* *Rosemarie E. Aquilina*
P 37670
Circuit Court Judge

1          STATE OF MICHIGAN
    30TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF INGHAM
2                  CIVIL DIVISION

3   THE GENERAL RETIREMENT SYSTEM
    OF THE CITY OF DETROIT, and THE
4   POLICE AND FIRE RETIREMENT SYSTEM
    OF THE CITY OF DETROIT,
5
                    Plaintiffs,
6   v                                        Case No. 13-768-CZ
                                        Hon. Rosemarie Aquilina
7   KEVYN D. ORR, in his official capacity
    as the EMERGENCY MANAGER OF THE CITY OF
8   DETROIT, and RICHARD SNYDER, in his
    official capacity as the GOVERNOR OF THE
9   STATE OF MICHIGAN,

10                  Defendants.
    _____/
11  GRACIE WEBSTER and
    VERONICA THOMAS,
12
                    Plaintiffs,
13  v                                        Case No. 13-734-CZ
                                        Hon. Rosemarie Aquilina
14  THE STATE OF MICHIGAN; RICHARD
    SNYDER, as Governor of the State
15  of Michigan; and ANDY DILLON,
    as Treasurer of the State of
16  Michigan,
                    Defendants.
17  _____/
    ROBBIE FLOWERS, MICHAEL WELLS,
18  JANET WHITSON, MARY WASHINGTON,
    and BRUCE GOLDMAN,
19
                    Plaintiffs,
20  v                                        Case No. 13-729-CZ
                                        Hon. Rosemarie Aquilina
21  RICK SNYDER, as the Governor of the
    State of Michigan; ANDY DILLON, as
22  the Treasurer of the State of Michigan;
    and the STATE OF MICHIGAN,
23
                    Defendants.
24  _____/

25          MOTION FOR PRELIMINARY INJUNCTION


                                                    1

```
 1              BEFORE THE HON. ROSEMARIE AQUILINA, CIRCUIT JUDGE

 2              Ingham County, Michigan - Thursday, July 18, 2013

 3

 4      APPEARANCES:

 5      For Plaintiffs Retirement Systems:
                                RONALD A. KING (P45088)
 6                              MICHAEL J. PATTWELL (P72419)
                                CLARK HILL PLC
 7                              212 East Grand River Ave.
                                Lansing, MI 48906
 8      For Plaintiffs Webster, et al.:
                                JOHN R. CANZANO (P30417)
 9                              Smith & Radtke, PC
                                400 Galleria Officentre, Ste. 117
10                              Southfield, MI  48034

11      For Plaintiffs Flowers, et al.:
                                WILLIAM A. WERTHEIMER (P26275)
12                              Attorney at Law
                                30515 Timberbrook Lane
13                              Bingham Farms, MI  48025

14      For the Defendants:     THOMAS QUASARANO (P27982)
                                Assistant Attorney General
15                              State Operations Division
                                P.O. Box 30754
16                              Lansing, MI 48909

17

18

19      REPORTED BY:            Melinda I. Dexter, RMR, RPR, CSR-4629
                                Official Court Reporter
20                              313 W. Kalamazoo
                                Post Office Box 40771
21                              Lansing, MI  48901-7971

22

23

24

25
```

2

```
 1                    T A B L E   O F   C O N T E N T S
 2
 3
 4
 5          WITNESSES:
 6               None
 7
 8
 9
10
11          EXHIBITS:
12               None
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1      Ingham County, Mi    an

2      Thursday, July 18, 2013 - At 4:15 p.m.

3      MR. KING:  Good afternoon.

4      THE COURT:  Good afternoon.  We have everybody

5  here?

6      MR. KING:  They are.

7      THE COURT:  All right.  This is Docket

8  13-768-CZ, the General Retirement System of the City of

9  Detroit and the Police and Fire Retirement System of the

10  City of Detroit versus Kevin D. Orr, in his official

11  capacity as the Emergency Manager of the City of Detroit,

12  and Richard Snyder, in his official capacity as the

13  Governor of the State of Michigan.

14      Counsel, your appearances for the record.

15      MR. KING:  Good afternoon, your Honor.  Ron

16  King with Clark Hill on behalf of the Plaintiffs, the

17  General Retirement System of the City of Detroit and the

18  Police and Fire Retirement System of the City of Detroit.

19      THE COURT:  Welcome.

20      MR. KING:  Thank you.

21      MR. QUASARANO:  Your Honor, if I may, Thomas

22  Quasarano, Assistant Attorney General, that will be

23  appearing in this case on behalf of the Defendant.  I

24  believe the Defendant was served yesterday.  We have not

25  received a request for representation, but I'm very

1  likely going to be asked to represent the Governor.

2      THE COURT:  Sir?

3      MR. WERTHEIMER:  Excuse me, your Honor,

4  William Wertheimer.  I apologize for my dress.

5      THE COURT:  No problem.  I know it's last

6  minute.  I don't care how people are dressed.  It's more

7  important that you are here.

8      MR. WERTHEIMER:  Thank you, your Honor.  I was

9  here to file my reply brief today for the Monday hearing.

10  I am now here knowing that this motion has been filed,

11  and I wanted to enter my appearance.

12      THE COURT:  All right.  You may have a seat.

13  There is plenty of room for all.

14      MR. WERTHEIMER:  Thank you.

15      MR. CANZANO:  Your Honor, excuse me, John

16  Canzano, Plaintiffs' attorney in the Webster case.  Same

17  as Mr. Wertheimer, we just found out about this.  I'm

18  here.  My reply brief is being filed.  I have a judge's

19  copy here somewhere.

20      THE COURT:  All right.  Have a seat.

21      MR. KING:  Your Honor --

22      THE COURT:  Anybody else?

23      MR. PATTWELL:  Your Honor, Michael Pattwell

24  from Clark Hill on behalf of Plaintiffs.

25      THE COURT:  Thank you.

2      MR. KING:  Your Honor, Ron King again on behalf

3  of the Plaintiffs, the Detroit Retirement Systems.  We

4  might need to beg the Court's indulgence.  While we

5  appreciate that you have seen us on very short notice,

6  we've been advised that the City has filed, and we're

7  pulling it up on the electronic filing system, so we

8  might need a few minutes here to figure out our very next

9  step.

10      THE COURT:  Okay.

11      MR. KING:  Because the effect of a bankruptcy

12  filing, if, in fact, that's -- we're trying to conform

13  that.  We think, in fact, it has been filed here within

14  the last half hour.  So we probably need about a

15  ten-minute recess here, if the Court would indulge us.  I

16  know you have another matter.

17      THE COURT:  Do we want to make a phone call?

18      MR. KING:  Yeah.  We can, but we're pretty --

19      THE COURT:  Well, here's the thing:  If they

20  haven't filed, we need to hurry up and proceed.  If they

21  have filed --

22      MR. KING:  We're pretty confident that they

23  filed.

24      Right?

25      I mean, we're pulling it up.  Yeah.  It's been

1  confirmed.  So I'm not sure where that leaves us with

2  this proceeding because it's going to be pretty hard to

3  undue.  It's been done.

4      MR. WERTHEIMER:  There is no automatic stay in

5  this.

6      MR. KING:  Yeah.  What we're here for -- the

7  really --

8      What counsel is saying is there is no automatic

9  stay with respect to this proceeding.  So in our

10  judgment, this matter will proceed.  What you have before

11  you, however, is a motion for temporary restraining order

12  to enjoin certain conduct that's already occurred.  So

13  I'm not sure that we really have a lot of business in

14  front of the Court at this moment, but I would like to

15  just confer for about ten minutes on that issue because

16  we will proceed in the case.  And if we're here and you

17  want to take the time to set some sort of expedited

18  briefing schedule, we could do that also.

19      It's quite likely that you, your Honor, will be

20  able to make a ruling on the merits of this case in

21  advance of whatever occurs in the context of a Chapter 9

22  filing.

23      THE COURT:  I plan on making a ruling on

24  Monday.  I could make a ruling tomorrow, if push came to

25  shove, but Monday would probably be soon enough.  I am

1 confident that the bankrupt... ourt won't act as quickly
2 as I will.
3         MR. KING: Yeah. I'm not sure, but we'll see.
4 I mean, there might -- but, nevertheless, so we should --
5         If you're prepared to rule on the merits on
6 Monday, again I'm not sure what -- if there is much
7 business for us left to do before the Court today.
8         THE COURT: Unless some kind of -- I don't
9 really have any authority over them, so.
10        MR. KING: Right.
11        THE COURT: I don't think anything --
12 Counsel?
13        MR. WERTHEIMER: Your Honor, the motion that's
14 up for Monday, our motion at least that's up for Monday,
15 is a request for a preliminary injunction to enjoin the
16 Governor. We have no evidence the Governor has
17 authorized any bankruptcy, and we would not only want to
18 go forward on Monday but ask that the motion for
19 preliminary injunction be moved up to now, hopefully, to
20 tomorrow morning if the Court will not hear it now. But
21 I don't think there is any reason why the Court cannot
22 hear our motion for preliminary injunction.
23        I'm not talking about in terms of the Court's
24 preparedness but in terms of the apparent filing. They
25 may have filed. But nobody -- I asked the Governor's

1 Office before we came in here -- er, the Attorney General
2 whether they could make any representations to me that
3 would obviate the need for me going forward, and they
4 could not.
5         So we've got a written, fully briefed request/
6 motion for preliminary injunction. The Attorney
7 General's Office has briefed it. Time is obviously of
8 the essence. I would suggest that the Court hear our
9 motion to preliminarily enjoin the Governor authorizing a
10 bankruptcy now.
11        MR. CANZANO: Your Honor, I would make
12 essentially the same request except that our motion,
13 although it seeks preliminary injunctive relief in the
14 alternative, it primarily seeks a final declaratory
15 judgment that what has just happened, apparently, is
16 unconstitutional, and that is ready for a final decision
17 we were saying on Monday. We have a reply brief that has
18 just been filed, and we would -- we could -- this Court
19 could issue that order immediately, and I don't know what
20 the consequences for the bankruptcy court would be,
21 necessarily, but I think it would -- it might make a
22 difference.
23        MR. WERTHEIMER: I'm sorry, and I think that at
24 a minimum, your Honor, I think we should -- I think the
25 Court should decide the preliminary injunction now, but

1 we should... out from the Office of the Attorney
2 General whether the Governor has authorized a bankruptcy
3 that has done the act that we were attempting to enjoin
4 and that they knew we were attempting to enjoin and that
5 they've known for the last two weeks and that they're
6 filing briefs on saying that it's not ripe. The
7 attorneys for the Government have represented to this
8 Court that our motion is not ripe.
9         THE COURT: I just received a note from my law
10 clerk that says the bankruptcy was filed at 4:06.
11        MR. KING: Right. Your Honor, so what we'd
12 like to do here is amend our emergency motion for
13 temporary restraining order and get it and request from
14 this Court an order enjoining the Governor and the
15 Emergency Manager from taking any further action in the
16 bankruptcy proceeding, and we'll modify our order to that
17 effect.
18        MR. WERTHEIMER: I would join that as to the
19 Governor. We have not sued the Detroit Emergency
20 Manager, but I would orally join in that motion as to the
21 Governor and the Secretary of the Treasury.
22        MR. CANZANO: I would say the same in our case.
23 We're not joining their motion but we're making a motion
24 in our case that would be the same as theirs only against
25 the Governor.

1         THE COURT: Granted, as to all of your
2 requests.
3         How soon are you going to present me with an
4 order?
5         MR. KING: Right now.
6         THE COURT: All right.
7         MR. KING: We just need to mark up the order
8 that we have for the Court.
9         THE COURT: Absolutely.
10        MR. QUASARANO: Your Honor, if I may, we would
11 ask that the Court stays enforcement of the order, and
12 your ruling on that would be appreciated at this time.
13        THE COURT: Denied.
14        MR. QUASARANO: Thank you. We'll present an
15 order as soon as possible.
16        THE COURT: Thank you.
17        MR. QUASARANO: Thank you, Judge.
18        MR. WERTHEIMER: Your Honor, we will need a few
19 minutes to prepare a written order, but if we can --
20        THE COURT: Well, sir, would you like to copy
21 that and modify what they're doing? My law clerk will be
22 happy to help you.
23        MR. WERTHEIMER: Thank you, your Honor.
24        THE COURT: As to your stay, you'll be getting
25 that to me in --

MR. QUASARANO: be I can just make a call and get an order over to you right yet today.

THE COURT: Sure. You can even handwrite it. I don't care how we do it. You can run it over here, fax it over here; whatever gets you the job done. Time is of the essence.

MR. QUASARANO: I appreciate that.

MR. KING: (Approaching the bench.)

Your Honor, Ron King again on behalf of the Plaintiffs. If we could go back on the record.

THE COURT: Excuse me.

MR. KING: We'd like to set the sequence of events in terms of how things have transpired in the last hour, if you will. Just for the record, our motion for emergency temporary restraining order was filed at 3:37 p.m.; that is, today, July 18th. We promptly, well in advance of 4 o'clock and probably within -- well, actually, we had delivered prior to the filing time at 3:37 judge's copies to chambers for your review.

Then we waited for the Attorney General, who doesn't feel compelled to make an appearance here in this case because he hasn't actually been officially retained yet, but, nevertheless, as a courtesy we waited for him to appear, which he came upstairs sometime around 4:10. We understand the bankruptcy filing was at 4:05?

12

THE COURT: 4:06.

MR. KING: 4:06. The Court took the bench at approximately 4:20. And to the extent your Honor has had an opportunity to read the papers and was inclined to make a ruling, if you'd be willing to put that on the record, then in the -- when we do seek dismissal of the bankruptcy proceeding, we'll have some clear record of the sequence of events here.

MR. WERTHEIMER: Just to add, in terms of the sequence of events, I did advise by telephone Mr. Quasarano of the fact that I would be in court and that it was my understanding that Clark Hill was going to be in court seeking a temporary restraining order. I talked to him by phone before 4 this afternoon, sometime between 3:30 and 4.

MR. QUASARANO: And I could confirm that Mr. Wertheimer gave me the professional curtesy of letting me know that there was a hearing being planned. I had no -- we have no personal knowledge in our opinion of a bankruptcy being filed any certain time or date, so there is nothing we could provide in terms of a response that there is going to be a bankruptcy filed. So we learned it as everyone else learned.

THE COURT: All right. And obviously I heard this was happening. I had another hearing that was

13

supposed ⸺ place at 4 o'clock, and I understood this was a very important issue, and we obviously have a hearing scheduled, another hearing scheduled, at 9 o'clock on Monday.

So I advised my law clerk that we had a 4 o'clock hearing that wasn't going to take very long, and whenever you all got here and that we would wait for all of the attorneys, we would then have a hearing and to let me know when everybody was in place and then I would come out.

So that's exactly what happened. She let me know everybody was here, gave me the paperwork to look over, and, of course, I did just that. And we got out of here as quickly as we could, obviously not in time because 4:06 occurred and they did what they were going to do, which I know you all raised here.

I did have an opportunity to -- with review of what was filed, and you're asking me what I would have done, and it was my intention, after reviewing what you had filed, in addition to other research that my capable externs from Cooley and from Michigan State, as well as my very capable law clerk pulled for me, I reviewed constitutional provisions, I reviewed legislative intent, I reviewed what you all provided me, I reviewed a lot of information in the last few hours, and it was my

14

intention to grant you your request completely.

MR. KING: Thank you, your Honor. Appreciate your clarifying the record.

MR. WERTHEIMER: Thank you, your Honor. Your Honor, we have a proposed order.

THE COURT: You may approach. Thank you.

MR. WERTHEIMER: Thank you. It is handwritten. (Approaching the bench.)

THE COURT: No problem.

MR. WERTHEIMER: And for caption, it just says, at this point, Flowers Caption.

THE COURT: Okay.

MR. WERTHEIMER: I had some help in drafting too if you can't read the --

THE COURT: We'll make it work.

MR. WERTHEIMER: Okay. Thank you, Judge.

MR. KING: We may be back tomorrow, your Honor.

MR. WERTHEIMER: We may be back too, your Honor. And if we are, I will be in a suit.

THE COURT: It's okay. As long as your body is covered, I don't care what's it's covered with.

MR. KING: I think with respect to the present motion before you, we have an order in place and appreciate you making the accomodation and time for us today. Thank you.

15

```
 1          THE COURT:  No pi  .em.
 2          Now, if you're back tomorrow, what is it going
 3  to be for?
 4          MR. KING:  We might file a mandamus action
 5  requiring the EM to withdraw the Chapter 9 filing.
 6          THE COURT:  Will this require time on the
 7  record?
 8          MR. KING:  Yes.
 9          THE COURT:  Okay.  My time restriction is that
10  I have my morning free until about 1:30.  Can you get it
11  here before 1:30?
12          MR. PATTWELL:  Yes.
13          MR. KING:  Absolutely.
14          THE COURT:  I'll make myself available all
15  morning until 1:30.
16          MR. KING:  Thank you, your Honor.
17          THE COURT:  Okay.
18          MR. CANZANO:  May I approach, your Honor?  I
19  have an order drafted also.
20          THE COURT:  You may.
21          MR. CANZANO:  (Approaching the bench.)
22          THE COURT:  Okay.  We'll make you copies, and
23  this is our copy.
24          Anything else for the record?
25          MR. KING:  No, your Honor.  Thank you.
```
<center>16</center>

```
 1          MR. WERTHEIMER:  No, your Honor.  Thank you.
 2          THE COURT:  That's all for the record.  Thank
 3  you.
 4              (At 4:38 p.m., the matter is
 5               concluded.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

13-53846-swr    Doc 1219-9    Filed 10/17/13    Entered 10/17/13 13:56:17    Page 7 of 8    993
13-53846-tjt    Doc 2334-29    Filed 12/27/13    Entered 12/27/13 13:37:04    Page 11 of 30

```
 1      STATE OF MICHIGAN)
                          ) SS.
 2      COUNTY OF INGHAM)

 3

 4                  CERTIFICATE OF REPORTER

 5

 6            I, Melinda I. Dexter, Certified Shorthand

 7      Reporter, do hereby certify that the foregoing

 8      17 pages comprise an accurate, true, and complete

 9      transcript of the proceedings and testimony taken in the

10      case of The General Retirement System of the City of

11      Detroit, et al., versus Kevyn D. Orr, et al., Case

12      No. 13-768-CZ, and Gracie Webster, et al., versus the

13      State of Michigan, et al., Case No. 13-734-CZ, and

14      Robbie Flowers, et al., versus Rick Snyder, et al., Case

15      No. 13-729-CZ, on Thursday, July 18, 2013.

16            I further certify that this transcript of the

17      record of the proceedings and testimony truly and

18      correctly reflects the exhibits, if any, offered by the

19      respective parties.  WITNESS my hand this the eighteenth

20      day of July, 2013.

21

22                          Melinda I. Dexter, RMR/RPR, CSR-4629

23                          Official Court Reporter
                            313 West Kalamazoo
24                          Post Office Box 40771
                            Lansing, Michigan 48901-7971
25
```

18

```
 1                        STATE OF MICHIGAN
           30TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF INGHAM
 2                          CIVIL DIVISION

 3

 4      GRACIE WEBSTER and
        VERONICA THOMAS,
 5
                          Plaintiffs,
 6      v                                    Case No. 13-734-CZ
                                          Hon. Rosemarie Aquilina
 7      THE STATE OF MICHIGAN; RICHARD
        SNYDER, as Governor of the State
 8      of Michigan; and ANDY DILLON,
        as Treasurer of the State of
 9      Michigan,
                          Defendants.
10      _____/
        ROBBIE FLOWERS, MICHAEL WELLS,
11      JANET WHITSON, MARY WASHINGTON,
        and BRUCE GOLDMAN,
12
                          Plaintiffs,
13      v                                    Case No. 13-729-CZ
                                          Hon. Rosemarie Aquilina
14      RICK SNYDER, as the Governor of the
        State of Michigan; ANDY DILLON, as
15      the Treasurer of the State of Michigan;
        and the STATE OF MICHIGAN,
16
                          Defendants.
17      _____/

18           MOTION TO AMEND PRELIMINARY INJUNCTION

19               MOTION FOR DEFAULT JUDGMENT

20              MOTION FOR SUMMARY DISPOSITION

21       BEFORE THE HON. ROSEMARIE AQUILINA, CIRCUIT JUDGE

22         Ingham County, Michigan - Friday, July 19, 2013

23

24

25
```

1

```
1        APPEARANCES:

2

3        For Plaintiffs Webster, et al.:
                            JOHN R. CANZANO (P30417)
                            Smith & Radtke, PC
4                           400 Galleria Officentre, Ste. 117
                            Southfield, MI  48034
5
         For Plaintiffs Flowers, et al.:
6                           WILLIAM A. WERTHEIMER (P26275)
                            Attorney at Law
7                           30515 Timberbrook Lane
                            Bingham Farms, MI  48025
8
         For State Defendants:
9                           THOMAS QUASARANO (P27982)
                            BRIAN DEVLIN (P34685)
10                          Assistant Attorney General
                            State Operations Division
11                          P.O. Box 30754
                            Lansing, MI 48909
12

13

14
         REPORTED BY:       Melinda I. Dexter, RMR, RPR, CSR-4629
15                          Official Court Reporter
                            313 W. Kalamazoo
16                          Post Office Box 40771
                            Lansing, MI  48901-7971
17

18

19

20

21

22

23

24

25

                                                            2
```

```
1                    T A B L E   O F   C O N T E N T S

2

3

4

5        WITNESSES:

6            None

7

8

9

10

11       EXHIBITS:

12           None

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

| | |
|---|---|
| 1       Ingham County, Michigan | 1    whatever the Court's preference would be. |
| 2    Friday, July 19, 2013 - At 11:25 a.m. | 2       THE COURT: Well, I'm going to sign this, and I |
| 3       THE COURT: Okay. All right. Robert Flowers, | 3    haven't compared the two. I think we probably should |
| 4    Michael Wells, Janet Whitson, Mary Washington, and Bruce | 4    call it an amended order. |
| 5    Goldman versus Rick Snyder, as the Governor of the State | 5       MR. WERTHEIMER: Okay. |
| 6    of Michigan; Andy Dillon, as the Treasurer of the State | 6       THE COURT: But let me just say that your stay |
| 7    of Michigan; and the State of Michigan, Docket 13-729-CZ. | 7    is denied. |
| 8       Counsel, your appearance for the record. | 8       MR. QUASARANO: Thank you, your Honor. |
| 9       MR. WERTHEIMER: William Wertheimer, | 9    Maybe -- |
| 10    your Honor, on behalf of Plaintiffs. | 10       THE COURT: Counsel? |
| 11       MR. CANZANO: Your Honor, John Canzano. I'm | 11       MR. QUASARANO: Maybe doing another separate |
| 12    not counsel in that case. I'm here on the Webster case. | 12    order makes the most sense, and we can do that using the |
| 13       THE COURT: Okay. Thank you. | 13    forms provided by the Court. |
| 14       MR. QUASARANO: Thomas Quasarano, Assistant | 14       THE COURT: Okay. Thank you. |
| 15    Attorney General on behalf of the State Defendants. | 15       MR. QUASARANO: Thank you. |
| 16       MR. DEVLIN: And Brian Devlin, Assistant | 16       MR. WERTHEIMER: Your Honor, one other thing |
| 17    Attorney General. | 17    that may be related to that, and that is, the order the |
| 18       THE COURT: Thank you. | 18    Court is entering, consistent with the order the Court |
| 19       Counsel? | 19    entered yesterday, provides us with the relief that we |
| 20       MR. WERTHEIMER: Your Honor, Plaintiffs are | 20    were seeking by our motion which was scheduled for |
| 21    here today in order to request that the Court enter | 21    hearing Monday at 9 o'clock. |
| 22    either a corrected or amended preliminary injunction | 22       The Attorney General had also noticed a motion |
| 23    order. The Court, I'm sure, recalls the circumstances | 23    to dismiss for Monday at 9 o'clock. It was not timely in |
| 24    yesterday. We have had a chance to have your order | 24    the sense that he did not give the appropriate time |
| 25    typed. We reviewed it. There were some mistakes in it. | 25    period for us to respond. In the reply brief I filed |
| <div align="center">4</div> | <div align="center">6</div> |
| 1    For example, the heading still said temporary restraining | 1    yesterday, we objected to that and said that we did not |
| 2    order from the other case where it was clear from the | 2    agree to expedited. There was no order expediting and |
| 3    record and from the body, even, of the order that it was | 3    suggested that the Court deny the -- their motion for |
| 4    a preliminary injunction. So we made that change. We | 4    that reason, but I raise it now just to indicate that |
| 5    typed everything. We put in the attorneys' names and the | 5    that also is out there and that maybe we want -- we want |
| 6    case name. | 6    another order dealing with that issue. |
| 7       We made a couple of other changes, which I have | 7       Our position is that it's not timely and that |
| 8    indicated to the Court off the record on another copy of | 8    it shouldn't be heard Monday in any event. I don't know |
| 9    the injunctive order. And I would -- we would -- I'm | 9    whether the Attorney General intends to proceed on Monday |
| 10    happy to go over each of those, if the Court needs. | 10    on it. |
| 11    Otherwise, I would request that the Court issue this | 11       MR. QUASARANO: Your Honor, we do understand |
| 12    preliminary injunction. I did not know whether the Court | 12    that under MCR 2.119, the motion for summary disposition |
| 13    would want to refer to it as corrected, amended, or not | 13    is a 21-day period. We sought stipulation of counsel. |
| 14    refer to it at all. So I left that blank. But we would | 14    They were kind enough to look at the briefs first to |
| 15    ask that the Court enter the order that we presented | 15    decide whether they would stipulate. They chose not to. |
| 16    today to conform to the Court's ruling yesterday. | 16       We also sought the endorsement on our notice of |
| 17       THE COURT: Counsel? | 17    hearing from the Court to allow the hearing on Monday. |
| 18       MR. QUASARANO: Yes, your Honor. As your Honor | 18    Yesterday at bench we discussed if we needed to -- we |
| 19    knows, we moved for a stay, and so I would ask either | 19    needed to set a hearing date on the dispositive motions. |
| 20    that the stay that was denied yesterday be identified in | 20    The Court is at liberty to have those heard today or on |
| 21    the modified order, or we can present another stay. I | 21    Monday or at such other time. Our notice of hearing did |
| 22    would assume that the Court would not grant a stay of | 22    say "or at such other time as the Court may order" on the |
| 23    this order consistent with yesterday. So either to | 23    notice of hearing itself. Thanks. |
| 24    identify it in this modified order as a stay was | 24       MR. CANZANO: Your Honor, if I could make a |
| 25    requested and denied, or we can just do another order, | 25    point that is related to that issue? |

THE COURT: Yes, sir.

MR. CANZANO: We've -- we've presented a motion this morning, an emergency motion, to advance the hearing on our motion for declaratory judgment that's set for Monday to today. It would be my intention to deal only with the declaratory judgment part of it today, not the injunction part of it. And they've already -- they've agreed that that can be expedited. I don't know that they've agreed that it can be expedited to today, but they agree that it could be expedited to Monday.

So if -- that part of it, either today or Monday, that would be a final declaratory judgment. My preference is to do it today.

THE COURT: Is that correct?

MR. QUASARANO: Well, I believe under 2.605(D), they can seek an expedited hearing, and certainly the Court has the authority to issue that. I think by not entertaining a dispositive motion, we're not going to have a complete argument. Mr. Devlin will be arguing for the State. But we do acknowledge what the court rule says, that's correct.

THE COURT: Well, are you objecting to having it heard today?

MR. QUASARANO: We will not object in the interest of judicial economy.

8

THE COURT: And your motion deals with that issue?

MR. QUASARANO: It's a (C)(8) motion that would address whether there are grounds for a declaratory judgment, yes.

THE COURT: Well, then --

I'm sorry?

MR. WERTHEIMER: I'm sorry. I may be confused now. Their motion that they filed in the Flowers case to dismiss deals with issues like ripeness. It's a (C)(4) and (C)(8) motion. Many of the facts have changed. I would think they would want to refile that, in any event. I mean, you know, to make an argument based on -- based on ripeness given what happened yesterday afternoon seems to me to be just, to use a lawyer's word, moot at this point. But I'm concerned only with their motion to dismiss in the Flowers case, not with anything related to Webster and whether we're to appear here Monday at 9 to -- per their notice or whether they've withdrawn that motion or not.

THE COURT: Okay. Well, let's deal with the Flowers case.

What is your intention in regard to Monday? Are you still asking the Court to hear your motion? It was noticed up for nine o'clock in the morning asking --

that, or will you be amending that?

MR. QUASARANO: No. I'll speak for Mr. Devlin here for a moment only. In the notice of hearing, we indicated to advance it to that date because of all the other activities in this case or such other time as the Court may order.

I do point out that in the Flowers case in the prayer for relief is a reference to declaratory judgment. Both cases are asking for both reliefs; preliminary and declaratory judgment. Preliminary injunction motions were granted. Our brief talks about the alternative, assuming arguendo there were a filing, a Chapter 9 filing, and then we go into the basis for why there are grounds not to declare judgment, why there is some jurisdictional grounds.

So I think that the brief is sufficiently adequate to address all of the issues that are still at issue in this case. Certainly there has been a factual change and those factual changes don't need to be addressed.

MR. WERTHEIMER: I guess I just would reiterate if -- I need to know whether counsel is going forward on Monday with its motion to dismiss. I still haven't heard a yes or no.

THE COURT: His answer is yes, Counsel.

10

MR. WERTHEIMER: Well, okay. If the answer is yes, I would just point out that it's clear under the rules that it is not timely; that no order has entered from this Court.

THE COURT: You're right.

MR. WERTHEIMER: Okay.

THE COURT: You know what we're doing? We are under siege here. Well, we aren't; I'm not. Technically I am through paper, but all of you are. Detroit is. The State is. So I'm not going to go through the usual court rules and the time and all of that. You are all going to spend your weekend doing what lawyers do, and that's a lot of homework because we're going to have that hearing Monday unless you're asking me to do it now.

I'm going to hear everything because we're not going to piecemeal this. You all know the case. I know the case; I've done the homework. I don't think myself or my staff got any sleep last night. We've been doing research. I bet if I called all of your wives and asked if you got any sleep, they'd be saying, "No. When is my husband going to get some sleep," right? So we're going to have a hearing, and I don't care if it's today or Monday. I'll come here Saturday, if you would like. I don't care. Let's get some answers, let's get a bottom

13-53846-swr   Doc 2219-10   Filed 10/17/13   Entered 10/17/13 16:56:17   Page 5 of 13-999
13-53846-tjt   Doc 2334-29   Filed 12/27/13   Entered 12/27/13 13:37:04   Page 17 of 31

30

| | |
|---|---|
| 1 because that's where you all are headed. I don't care | 1 Flowers will apply to Webster as well. The fact that |
| 2 what side you're on. Someone is going up, right? So I | 2 this case is now before the bankruptcy court means that |
| 3 have answers for you. Tell me your story. I've got the | 3 there is a court of competent jurisdiction that can hear |
| 4 solution. You might not like it. | 4 many of the concerns of the Plaintiffs. And that fact |
| 5. Can we move on? | 5 alone changes a lot of the ripeness arguments and things |
| 6 MR. QUASARANO: We're prepared to go today, or | 6 that you will see. |
| 7 we'll defer to brother counsel for Monday if more time is | 7 Nonetheless, it is the position of the State |
| 8 needed. | 8 that there has not been harm at this point to the |
| 9 MR. WERTHEIMER: I'll go today. We can go | 9 Plaintiffs. |
| 10 right now, I mean. | 10 THE COURT: Sir, there hasn't been harm because |
| 11 THE COURT: Okay. I can go right now too. | 11 they haven't acted. What we have here, and I would like |
| 12 How about you, sir? | 12 you to get to the point, because -- and you can make your |
| 13 MR. CANZANO: I think we already agreed that | 13 record. I'm a very patient judge. I think most people |
| 14 Webster could go today. | 14 will agree with that. But I have two very serious |
| 15 MR. DEVLIN: Very well. | 15 concerns because there was this rush to bankruptcy court |
| 16 THE COURT: We have an agreement. I think that | 16 that didn't have to occur and should not have occurred. |
| 17 might be the only thing you all agree on. Hallelujah. | 17 And certainly Plaintiffs should not have been blind- |
| 18. MR. QUASARANO: Other than it's very hot | 18 sided, and this Court and this process should not have |
| 19 outside. | 19 been ignored. |
| 20 THE COURT: Yeah. We can agree on that too. | 20 We have the Michigan Constitution Article IX, § |
| 21 Okay. | 21 24 that forbids the Emergency Manager to file bankruptcy |
| 22 Counsel? Well, let's let these gentlemen enter | 22 if pension plans or retirement system of this State or |
| 23 so we don't make noise for the court reporter before we | 23 its political subdivisions are diminished or impaired. |
| 24 proceed. | 24 And the Constitution states: |
| 25 Anybody else need to make an appearance? | 25 The accrued financial benefits of |
| 12 | 14 |
| 1 THE COURTROOM: (No verbal response.) | 1 each pension plan and requirement |
| 2 THE COURT: No? Okay. | 2 system of the state and its |
| 3 MR. CANZANO: Which case would you like to go | 3 political subdivisions shall be a |
| 4 first; Webster or Flowers? | 4 contractual obligation thereof |
| 5 THE COURT: Mr. -- | 5 which shall not be diminished or |
| 6 MR. WERTHEIMER: Well, he goes first on Flowers | 6 impaired. |
| 7 because it's his motion, so it's not my -- | 7 And the bankruptcy court will be doing exactly |
| 8 THE COURT: Okay. Whatever you'd like. | 8 that in its reorganization because the pensions are an |
| 9 MR. DEVLIN: Thank you, your Honor. My name | 9 unsecured asset. And under the bankruptcy |
| 10 is Brian Devlin, Assistant Attorney General. | 10 reorganization, under a reorganization Chapter 9, there |
| 11 THE COURT REPORTER: Could you approach the | 11 is no reaffirmation of debt. If I were doing a Chapter 7 |
| 12 podium, please? | 12 and wanted to go in and reaffirm payments on my car, I |
| 13 THE COURT: Yeah. If everybody would speak | 13 could do so. But there is no way that you can go into |
| 14 from the podium. The mikes work better. The court | 14 bankruptcy court and say, "I am going to reaffirm the |
| 15 reporter has better access to hear you. We'll make a | 15 pension so that we don't disrupt that." |
| 16 better record, and obviously the Court of Appeals and the | 16 So what we're doing here is violating the |
| 17 Supreme Court will need your record, please. | 17 Constitution. And then we have Michigan Complied Law |
| 18 MR. DEVLIN: Thank you, your Honor. Brian | 18 141.1552, which precludes the Emergency Manager from |
| 19 Devlin appearing on behalf of the Defendants. | 19 taking such actions. It states specifically in m -- (m) |
| 20 As Mr. Quasarano has mentioned, that obviously | 20 and (ii): |
| 21 there's been a very dramatic change in circumstances | 21 The emergency manager shall fully |
| 22 since the brief was filed. The petition in bankruptcy | 22 comply with the public employee |
| 23 has been filed as of yesterday. It changes some aspects | 23 retirement system investment |
| 24 of this case from the State's perspective, but not all. | 24 act -- |
| 25 The arguments that I make for the most part in | 25 Which is -- |

1    -- 1965 PA 314, and § 24 of
2    Article IX of the State
3    Constitution of 1963, and any
4    actions taken shall be consistent
5    with the pension fund's qualified
6    plan status under the federal
7    internal revenue code.
8         So tell me, sir, how do you get into bankruptcy
9    court and not violate the Constitution of Michigan and
10   not violate how the Emergency Manager is supposed to
11   operate? Haven't we jumped the gun? What are you doing
12   here, sir?
13        MR. DEVLIN: I can understand your Honor's
14   concerns. The position of the State is that none of
15   these impairments have occurred yet.
16        THE COURT: Only because the bankruptcy trustee
17   hasn't got his teeth into it. It will occur. It's
18   imminent, isn't it? Tell me how it's not imminent, sir?
19        MR. DEVLIN: I can't predict the future.
20        THE COURT: Yes, you can.
21        MR. DEVLIN: I cannot.
22        THE COURT: The bankruptcy court -- the
23   bankruptcy court has a certain function. You're a
24   lawyer. You understand the function of the bankruptcy
25   court. That's why you ran there yesterday not slowly but

16

1    that they have the power to address under 943, is just
2    that; it's just speculation.
3         THE COURT: It's a certainty, sir. You filed
4    in bankruptcy court, which is federal because you know
5    that certainty. I don't know how you get around it
6    because it's an unsecured asset that cannot be
7    reaffirmed, and there is no case law, and you know that
8    as well because all of us stayed up all night looking for
9    case law, and there is no case law. You can't tell me
10   that it can be segregated out and reaffirmed.
11        So these people that have this pension where it
12   is supposed to be protected under the Constitution and
13   under the legislative intent under the emergency manager
14   legislation, it cannot survive. It cannot survive
15   federal bankruptcy, and I have no jurisdiction there, and
16   you know that. And that's why everybody made us wait as
17   -- slowly we were waiting for your office to come here
18   out of courtesy. We waited so we would have both sides
19   present, which is what we do. We honor civility, and it
20   was filed in order to bind everybody so this could occur,
21   and it's cheating, sir, and it's cheating good people who
22   worked.
23        And so what's going to happen is we're not
24   honoring the Constitution, we're not honoring the
25   emergency manager legislation, and we're not honoring

18

1    in your running shoes, right?
2         MR. DEVLIN: I can't speak to that. I had
3    nothing to do with it. But I can tell you about § 943 of
4    the Bankruptcy Code, which affords all of the protections
5    that we discussed in the brief that I've alluded to
6    today.
7         None of those injuries have occurred at this
8    point. For that reason, we believe the claim is still
9    speculative. Of course those are legitimate concerns,
10   but the court, the bankruptcy court can address them.
11        I referred to -- I'd also refer to Straus, the
12   case cited in our brief too. If that injury has not
13   occurred, as we contend, then it's an inappropriate
14   remedy that the Plaintiffs are asking for today.
15        Now, obviously you and I don't see this injury
16   in quite the same terms, but that is the position of the
17   State. The injury has not occurred at this point.
18        THE COURT: That would be because the
19   bankruptcy judge has not sat at his bench like I have and
20   heard the case and started the reorganization, and that's
21   the only reason. For me to believe what you're saying
22   would be -- would make me Helen Keller who's not yet
23   learned the alphabet.
24        MR. DEVLIN: I think anything that you and I
25   speculate about that the bankruptcy court might order,

1    good citizens, and we're also not honoring the President
2    who took Detroit out of bankruptcy. What are we doing,
3    sir?
4         MR. DEVLIN: Your Honor, I understand what
5    you're saying, but I would take exception to the motion
6    that somehow the Attorney General's Office delayed or
7    dragged its feet or in any way tampered with the
8    proceedings yesterday. Now, I wasn't here. I wasn't
9    part of them, but I don't believe that's the case.
10        THE COURT: It looks that way, sir. If somehow
11   that's not the case, I apologize, but it's the old saying
12   if it looks like a duck, you know the rest.
13        MR. DEVLIN: Well, I don't want to speculate on
14   who did what yesterday. As I said, I wasn't here.
15        THE COURT: Thank you.
16        MR. DEVLIN: But it is our position that until
17   that injury occurs and in light of Straus, in light of
18   the jurisdiction of the bankruptcy court, that this
19   motion should be -- er, the motion is inappropriate. The
20   State's motion should be granted --
21        THE COURT: Sir --
22        MR. DEVLIN: -- thank you.
23        THE COURT: Let me ask you this: If the injury
24   occurs, isn't it then too late, much too late, way too

13-53846-swr   Doc 1219-10   Filed 10/17/13   Entered 10/17/13 13:56:17   Page 7 of 1001
13-53846-tjt   Doc 2334-29   Filed 12/27/13   Entered 12/27/13 13:37:04   Page 19 of 19

30

1 injury. The leg has been amputated, and we cannot fix
2 it.
3 　　　MR. DEVLIN: We don't know, is my position on
4 that. We don't know, and there is opportunity for this
5 very issue to be heard in the bankruptcy court.
6 　　　THE COURT: But there is no opportunity in the
7 bankruptcy court for them to fix the harm. Do you have
8 any law that says the bankruptcy court can fix the
9 pension fund because I haven't found that either, and
10 I've looked?
11 　　　MR. DEVLIN: Again, I understand the pension
12 fund to be tremendously under funded. There are many
13 problems here, far beyond what's gone on in the last
14 24 hours. But the court, the bankruptcy court does have
15 jurisdiction to hear these arguments, to note the
16 Michigan Constitutional provisions, and to order what it
17 feels it must order.
18 　　　THE COURT: Okay.
19 　　　MR. DEVLIN: Thank you.
20 　　　THE COURT: Thank you.
21 　　　MR. WERTHEIMER: Your Honor, I'll be brief.
22 First, I would just point out to the Court that this is a
23 motion under C -- MCR 2.116(C)(4), (5), and (8): That
24 is, it's a claim that there is no jurisdiction over the
25 subject matter; it's a claim that my clients have no

20

1 capacity to sue because apparently they're not being
2 injured; and it's a claim that we have failed to state a
3 claim.
4 　　　As to the law relating to those three points, I
5 would rely upon the briefs that I have filed, including
6 the reply brief that I filed yesterday in which I did
7 take the position that we should not hear -- that the
8 Court should not hear the motion to dismiss but in which
9 I dealt with all of those issues, and I won't repeat
10 those arguments.
11 　　　I would just point out a couple of things:
12 First of all, counsel says that he cannot predict the
13 future. The Detroit Emergency Manager, who is a
14 competent lawyer familiar with bankruptcy, has predicted
15 the future, and we quoted him in our complaint as saying,
16 essentially, that once he gets into bankruptcy, the
17 constitutional rights of our clients will disappear, will
18 be "trumped" in his words or in the words of the reporter
19 quoting him. And I think that was -- there was an
20 interview and there was also his statements made to the
21 Detroit Free Press Editorial Board.
22 　　　But the point being that the Detroit Emergency
23 Manager has had no reluctance to predict the future, and
24 his prediction is consistent with our claim and with the

1 just simply is not credible for an attorney for the
2 Governor and the State Treasurer to come here today and
3 say he can't predict the future when we indicated in our
4 complaint that the future could be predicted.
5 　　　I would also point out that since we were in
6 court yesterday, we now have not just the bankruptcy but
7 filings related to that bankruptcy. I'm not going to
8 introduce these documents, but I understand that counsel
9 in the Webster case that will be argued when we're done
10 here will be introducing them. I would simply point out
11 that we've got correspondence back and forth between the
12 Detroit Emergency Manager and the Governor requesting the
13 authorization and the Governor approving the
14 authorization, in which there is not a word mentioned
15 about Article IX, § 24 of the Michigan State
16 Constitution.
17 　　　Our Governor does not feel that that's
18 relevant. He goes on for pages in his authorization,
19 obviously for public relation's purposes, talking about
20 how deeply he cares about the city of Detroit, etcetera,
21 etcetera, but not one word about Article IX, § 24 of the
22 Constitution. And, of course, no such word from Mr. Orr
23 in his request to the Governor.
24 　　　So counsel's essentially saying "No harm yet.
25 Don't worry. Maybe bankruptcy court will take care of

22

1 it." But the people who are taking it into bankruptcy,
2 have taken it into bankruptcy have made very clear
3 they're not going to take care of it in bankruptcy.
4 　　　And finally just the obvious point, but I think
5 needs to be reiterated with all the flurry going on that
6 the whole point of injunctive relief is to prevent a harm
7 that has not yet occurred, and that's all we're seeking
8 with our overall lawsuit and all we were seeking with our
9 motion for preliminary injunction, which this Court has
10 already granted. Thank you.
11 　　　MR. QUASARANO: Your Honor, I think that the
12 State's briefing and argument sufficiently presents the
13 State's position, but I know the Court is patient, and I
14 would ask the Court's indulgence on the one matter of my
15 appearance here yesterday, and I would like to make this
16 clear for the record, if I may, but for Mr. Wertheimer,
17 who is counsel for the Flowers and others case, I would
18 not have known that the General Retirement System of the
19 City of Detroit, et al., even had a TRO motion scheduled.
20 　　　The only communication I had with counsel for
21 that, those Plaintiffs, was the night before asking if we
22 could accept service on the Governor, which, as the Court
23 knows, we're barred from accepting service on behalf of a
24 State Defendant. Until the State Defendant is served, we

13-53846-swr Doc 12310-10 Filed 10/17/19 Entered 10/17/19 13:56:17 Page 8 of 13
13-53846-tjt   Doc 2334-29   Filed 12/27/13   Entered 12/27/13 13:37:04   Page 20 of 23

30

I was told there would not be any preliminary
injunction or TRO sought in that case. I do understand
that situation had changed in the hours after that. But,
but for Mr. Wertheimer calling me, counsel in another
case, I would not have known. When he called me, and the
transcript yesterday says it was around 3:30 or so, and
then I arrived as quickly as I could walk over here. So
there was no delay on behalf of the Attorney General's
Office to be here, to represent the State's interest, to
be here to answer this Court's questions. And any delay
at all was because we were notified by counsel for the
Plaintiffs yesterday that they intended to bring the
motion. Thank you for letting me clarify that.

THE COURT: Thank you.

Anything further, sir?

MR. DEVLIN: Nothing further. Thank you.

THE COURT: Defendants have filed a motion for
summary disposition pursuant to (4), which is:

> The Court lacks jurisdiction of
> the subject matter.

This Court absolutely has jurisdiction of the
subject matter. It's a state question. I know they've
removed it to federal bankruptcy court, but we still have
very serious state questions. We have the State
Constitution, Article IX, § 24. We have an emergency

manager statute, and we have a Constitution at issue.
State issues are within the purview of this Court. I
don't care that it was removed to bankruptcy court.
There is nothing here that tells me it was properly
removed to federal bankruptcy court because there is a
procedure in place of how it gets removed. And this
Court does not believe it was properly placed in the
hands of the bankruptcy court because it is going to
affect pensions. Once it affects pensions, which is
clearly what it's going to do, it's in violation, and the
Governor can't give permission for it to go to bankruptcy
court. It's very clear. I think a first-year law
student understands the concept. And I know the Governor
is not a lawyer, but he has very well paid lawyers who do
understand the concept.

> The party asserting the claim
> lacks the legal capacity to sue.

That is MCR 2.116(5). A party asserting the
claim lacks the legal capacity to sue? How is that
possible? They're interested parties. Absolutely they
have capacity to sue. The pension's involved, the
pension related to the parties. I don't see any problems
there.

And then we have (8), which is always a

> The opposing party has failed to
> state a claim on which relief can
> be granted.

I see problems all over the place. I stated
them. I don't think I need to be redundant. Clearly
there are numerous claims and issues. I won't be
redundant. The relief requested is denied. Motion for
summary disposition is denied.

MR. WERTHEIMER: Thank you, your Honor.

THE COURT: Who's preparing the order?

MR. QUASARANO: I'll be preparing it for you,
Judge.

THE COURT: Thank you, very much, sir.

MR. QUASARANO: Thank you.

THE COURT: Next matter?

MR. WERTHEIMER: We are -- I am done relative
to the Flowers case.

THE COURT: Thank you, very much, sir.

MR. WERTHEIMER: I'll vacate. I think there
are others lawyers in the room with another related case.
So I'll wait in the courtroom but vacate counsel table.

THE COURT: Thank you.

MR. WERTHEIMER: Thank you.

MR. CANZANO: Your Honor, John Canzano on
behalf of the Plaintiffs in the Webster case. I would

like to clarify the relief that we are seeking here
today. We -- our complaint sought declaratory judgment
and preliminary injunction. Today we are seeking only a
declaratory judgment.

I have taken the liberty of preparing an order
for declaratory judgment which I can present when I'm
done, and the Court may or may not want to say everything
that I've said in there, but I think we are entitled to
that relief. The briefs -- this has all been briefed
already. I don't need to go over that.

The State's defense to our motion did not
contest the facts and did not contest the substance of
the merits of the law, which is that the Constitution
prohibits diminishment of pension -- accrued pension
benefits. They simply -- they simply said the case is
not ripe, and there is not an actual controversy for a
declaratory judgment.

Now, after yesterday, it's obviously ripe. We
cited a case in our reply brief, *City of Lake Angelus*,
which amazingly is almost on all fours with this case. I
won't describe that case again except to say that that
was a case where the Attorney General made the argument
that there was no injury and there was no need for
declaratory judgment because a request to a tribunal had

(Approaching the bench.)

court correctly ruled that the -- there is an actual
controversy because the parties need the court to tell
them what their rights and obligations are so they know
what to do in the future; whether this tribunal could
overrule a local ordinance which prohibited sea planes on
Lake Angelus, even though they hadn't been asked and they
hadn't ruled. So that part is exactly what we have. Now
we have the bankruptcy has been filed.

I would like to offer a couple exhibits, which
are the July 16th letter from Emergency Manager Orr
requesting authorization to file for Chapter 9, which
amazingly this happened on Tuesday, and none of our --
none of our crack reporters knew about this. Nobody knew
about this until yesterday. This was a secret letter.

And the July 18th letter from yesterday of the
Governor authorizing Emergency Manager Orr to file for
Chapter 9. And I think if you look at these two letters,
it is crystal clear what the judge has already concluded
in the prior case; that not only does the bankruptcy
threaten to impair but that that is the goal and the
intent of the emergency manager is to impair accrued
pension benefits in bankruptcy.

I'll give these to opposing counsel. These are
-- they're a matter of public record now. I just wrote
Exhibit A and Exhibit B on them.

28

(Approaching the bench.)

THE COURT: All right. Thank you.

MR. CANZANO: As to the merits, I think again
it is very clear this isn't a case where you need case
law. You just read the Constitution. It says pension
benefits shall not be diminished or impaired.
The Constitution says that. The Emergency Manager law
says the Governor can authorize the Emergency Manager to
file for Chapter 9. And it doesn't prohibit that -- it
doesn't require that pension benefits be protected when
he files for Chapter 9. And it is, therefore,
unconstitutional to that extent.

THE COURT: Is there any objection to the Court
receiving Exhibit A and B?

MR. DEVLIN: No objection, your Honor.

THE COURT: A and B are received. Thank you.

(At 12:04 p.m., Exhibit A and
Exhibit B is received.)

MR. CANZANO: So the emergency manager law is
unconstitutional to the extent that it allows the
Governor to authorize a Chapter 9 filing which threatens
to diminish or impair pension benefits. And the Governor
is prohibited by Article IX, § 24 from authorizing an
emergency manager to proceed under Chapter 9 in a manner
which threatened to impair accrued pension benefits. Any

29

such action by the Governor is without authority and in
violation of Article IX, § 24. And what happened
yesterday was a violation of the Constitution.

Now, my declaratory judgment order declares
these statements. It also has a paragraph at the end
that says:

In order to rectify his
unauthorized and unconstitutional
actions described above, the
Governor must: One, direct the
Emergency Manager to immediately
withdraw the Chapter 9 petition
filed on July 18th. And, two,
not authorize any further Chapter
9 filing which threatens to
diminish or impair accrued
pension benefits.

Now, this is just a declaratory judgment. So
it is my hope that if the Court is willing to enter this,
that the Governor will obey his oath of office and follow
what the Constitution requires. And so -- and if he does
not, then we may be back here on -- with another
iteration of this that requires some type of injunctive
relief.

At this time we're not seeking injunctive

30

relief, so I would -- I would withdraw our request for
preliminary injunction without prejudice. And I'd also
ask, if this order is entered, that the temporary
restraining order entered yesterday be vacated or
expired, and all we want is a declaratory judgment right
now.

THE COURT: And the reason to vacate or expire
the temporary restraining order?

MR. CANZANO: Because now we have the default
judgment and the TRO. I don't remember what the court
rule says, but it cannot only exist for a short period of
time on its own, and this is the tact that we would like
to take because we would like to tell the Governor, "This
is what you're supposed to do." And then if he doesn't
do that, then we'll then -- we'll reassess our options.

THE COURT: Okay. Thank you.

MR. CANZANO: May I present my draft order?

THE COURT: Yes. Have you presented it to the
other side?

MR. CANZANO: I have not.

THE COURT: Thank you.

MR. QUASARANO: We've looked at this,
your Honor.

MR. CANZANO: Just as to the matter of the
jurisdiction in the bankruptcy court, I don't think

31

1 anyone is arguing -- I don't think the Attorney General
2 is arguing that our case is stayed by the bankruptcy
3 court because we're not suing the Emergency Manager.
4 We're only suing the Governor and the Treasurer and the
5 State of Michigan, and they're not -- they're not in the
6 bankruptcy court. They're not the debtor, so that's an
7 argument that has been raised. But, just for clarity, I
8 wanted to point that out. That's all I have.
9        THE COURT: Thank you.
10       Response?
11       MR. DEVLIN: Thank you, your Honor. Brian
12 Devlin again on behalf of the Defendants. I won't repeat
13 the discussion we had on the Flowers case. Much of that
14 applies. The relief sought in each of these cases is the
15 same position of the State, is that the bankruptcy court
16 jurisdiction has a great effect on this, and that the
17 reliefs that might be desired by the Plaintiffs are
18 available through that court. Furthermore, we'd cite the
19 *Straus* case as well in this reply.
20       I would like to call the Court's attention to
21 just one other thing: There was reference made to the
22 Governor's obligation to uphold the terms of the United
23 States -- of the State Constitution but that also applies
24 to the United States Constitution, and bankruptcy court
25 is certainly someone he may have to answer to as well.

                          32

1 So that should not be lost sight of.
2        Finally, I wanted to point out that we do have
3 a motion for summary disposition pending in this case as
4 well. And I would rely on the arguments in the brief.
5 And the ones I've just restated as well to ask that that
6 relief be granted. Thank you.
7        THE COURT: Are you asking that that be heard
8 now, or would you like me to make a ruling on that now?
9        MR. DEVLIN: I think you could probably make a
10 ruling on it without further argument.
11       THE COURT: I think so too.
12       MR. DEVLIN: All right.
13       THE COURT: Okay.
14       MR. DEVLIN: Thank you.
15       THE COURT: Anything further?
16       MR. CANZANO: Nothing further, your Honor.
17       THE COURT: All right.
18       As to the motion for summary disposition in
19 regard to Defendants' motion is denied. I'm going to
20 incorporate the transcript, the arguments of the Flowers
21 matter into this file. I think that in order to have a
22 complete argument, we're going to consolidate the
23 arguments and the files for the purpose of today because
24 they are really united. They are part and parcel of the

1 transcript without looking at both.
2        So I'm going to direct the court reporter to
3 treat today as one transcript despite there being two
4 docket numbers, and I didn't even call both of them, but
5 we just sort of started, but we're really dealing with
6 Dockets 13-734-CZ and 13-729-CZ.
7        So the motion for summary disposition in regard
8 to 13-734-CZ, and that's Defendants' motion for summary
9 disposition is denied based on the same rationale the
10 Court had and reasoning in the prior case.
11       In regard to the request for declaratory
12 judgment, I think it is imperative that the Court sign
13 this. It's absolutely needed. And the Governor, I have
14 to believe, took his oath in all sincerity to uphold the
15 United States Constitution and the State of Michigan
16 Constitution. I hope he rereads certain sections and
17 reconsiders his actions.
18       I am finding the actions that have been taken
19 in regard to filing this action in the bankruptcy court
20 as overreaching and unconstitutional as it applies to
21 what the Detroit Emergency Manager Kevyn Orr has done in
22 conjunction with the Governor.
23       So I find it absolutely necessary to sign this
24 order of declaratory judgment. I am also going to order,
25 in addition to what you have crafted here, that a copy of

                          34

1 this order be forwarded to President Obama. I know that
2 he's watching this, and he's bailed out Detroit. If this
3 is going to ultimately proceed to bankruptcy without
4 anyone paying attention to Michigan's Constitution and to
5 what the legislature drafted and to what the Governor
6 himself signed into law, then there will ultimately be a
7 request that Obama will have to look at the pension, so
8 he might as well follow this. He said in the news that
9 he's following this. He might as well see what we've all
10 done here. It's that important to the State of Michigan
11 and to the thousands of people who will be affected, and
12 ultimately all of the taxpayers of the state of Michigan
13 are going to be affected because we will all have to pick
14 up the tab if this is not honored as it should be.
15       Additionally, I am asked that the temporary
16 restraining order be quashed and nullified, so that is
17 now withdrawn, and it expires today at 12:15. And the
18 order of declaratory judgment is being signed as that
19 expires.
20       Is there anything else for the record?
21       MR. WERTHEIMER: Not for the Plaintiffs in
22 Flowers, your Honor.
23       MR. QUASARANO: I'm obliged, your Honor, to
24 move for a stay of enforcement of the order of

```
1       THE COURT: You are obliged. I am obliged as
2   well to deny.
3       MR. QUASARANO: I'll have an order ready.
4   Thank you, Judge.
5       THE COURT: I look forward to signing all of
6   those orders today. I will be in until 5 or so. And I
7   haven't looked at Monday's docket. Have we taken care of
8   all of Monday or not?
9       MR. WERTHEIMER: I think, as to the Plaintiffs
10  in Flowers, you have because our motion was for
11  preliminary injunction, which you have granted and will
12  be providing us with that order, and their motion was for
13  summary disposition, which you've denied. I believe that
14  was all that was up in Flowers. So that the Flowers case
15  continues, but there is nothing up for Monday in Flowers.
16      MR. QUASARANO: Defendants concur in Flowers.
17      THE COURT: Okay. My law clerk is making
18  copies, multiple copies, of the order I've just signed.
19      I am here on a moment's notice as you all have
20  become accustomed to if you need me.
21      MR. WERTHEIMER: Thank you, your Honor.
22      THE COURT: That's all for the record.
23      MR. CANZANO: Thank you, your Honor.
24  Appreciate the Court's ability and willingness to help us
25  out on this urgent time.
                                              36
```

```
1       THE COURT: Thank you.
2           (At 12:16 p.m., the matter is
3           concluded.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1     STATE OF MICHIGAN)
                       ) SS.
2     COUNTY OF INGHAM)

3

4                 CERTIFICATE OF REPORTER

5

6          I, Melinda I. Dexter, Certified Shorthand

7     Reporter, do hereby certify that the foregoing

8     37 pages comprise an accurate, true, and complete

9     transcript of the proceedings and testimony taken in the

10    case of Gracie Webster, et al. versus Richard Snyder, et

11    al., Case Nos. 13-734-CZ and 13-729-CZ, on Friday,

12    July 19, 2013.

13         I further certify that this transcript of the

14    record of the proceedings and testimony truly and

15    correctly reflects the exhibits, if any, offered by the

16    respective parties.  WITNESS my hand this the nineteenth

17    day of July, 2013.

18

19

20

21

22                    _____
                      Melinda I. Dexter, RMR, RPR, CSR-4629
23                    Official Court Reporter
                      313 West Kalamazoo
24                    Post Office Box 40771
                      Lansing, Michigan 48901-7971
25
```

38

# STATE OF MICHIGAN

## IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

WEBSTER, ET AL

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: *13-734-CZ*

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this *19* day of *July*, 201_

PRESENT:  The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that *DEFENDANTS' MOTION FOR SUMMARY*
*DISPOSITION IS DENIED FOR THE REASONS STATED*
*FROM THE BENCH.*

IT IS SO ORDERED.

_____
Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form:  _____    _____
Plaintiff / Plaintiff's Attorney                Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

                                Case No. 13-734-CZ
                                Hon.  Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

---

## ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this _19th_ day of July, 2013.

PRESENT: _Rosemarie E Aquilina_
             Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the

constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial

Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436

permits the Governor to authorize an emergency manager to proceed under chapter 9 of the

bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter

9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

A copy of this Order shall be transmitted to President Obama.

It is so Ordered.

Rosemarie E. Aquilina
P37670
Circuit Court Judge

# STATE OF MICHIGAN

## IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

_WEBSTER, ET AL_ ,

Plaintiff,

v

_RICK SNYDER, ET AL_ ,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: _13-734-CZ_

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this _19_ day of _July_ , 201_

PRESENT:   The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that _DEFENDANTS' MOTION TO STAY, PENDING_
_APPEAL, THE ENFORCEMENT OF THE COURT'S ORDER_
_GRANTING PLAINTIFFS' MOTION FOR DECLARATORY_
_JUDGMENT AND THE ORDER OF DECLARATORY JUDGMENT_
_IS DENIED FOR THE REASONS STATED FROM THE_
_BENCH._

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P57670)
Circuit Court Judge

Approved as to form: _____        _____
             Plaintiff / Plaintiff's Attorney        Defendant / Defendant's Attorney