UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

**APPELLANTS' STATEMENT OF
ISSUES TO BE PRESENTED ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, appellants the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), and the Detroit Police Command Officers Association (the "DPCOA", and together with the DFFA and DPOA, are collectively the "Detroit Public Safety Unions" or the "Appellants"), respectfully submit this statement of issues to be presented in connection with the Appellants appeal [Docket Nos. 2137 and 2253] (the "Appeal") from the bankruptcy court's (i) decision, announced from the bench on December 3, 2013, finding the City of Detroit, Michigan eligible for relief under chapter 9 of the Bankruptcy Code (the "**Bench Decision**"); (ii) Order for Relief Under Chapter 9 of the Bankruptcy Code, dated December 5, 2013 finding the City of Detroit, Michigan eligible for relief under chapter 9 of the Bankruptcy Code [Docket No. 1946] (the "Order for Relief"); and (iii) accompanying Opinion Regarding Eligibility, dated December 5,

2013 [Docket No. 1945] (the "Opinion," together with the Bench Decision and Order for Relief, are collectively the "Eligibility Order").

## Issues To Be Presented On Appeal

For their issues to be presented on appeal, Appellants adopt as follows:

(1) Appellants adopt the statement of issue number 1 of AFSCME [Docket No. 2241]: "Whether chapter 9 is facially invalid under the United States Constitution as beyond Congress's Article I authority or as inconsistent with the principles of federalism embodied in the Tenth Amendment."

(2) Appellants adopt the statement of issue number 2 of AFSCME [Docket No. 2241]: "Whether the principles of federalism embodied in both the Tenth Amendment to the United States Constitution and 11 U.S.C. § 903, among other sections of the Bankruptcy Code, stand as a bar to the impairment of accrued pension rights in this chapter 9 case in light of the Pensions Clause contained in Article IX, Section 24 of the Michigan Constitution."

(3) Appellants adopt the statement of issue number 4 of AFSCME [Docket No. 2241]: "Whether the bankruptcy court committed reversible legal error in declining to dismiss the City's chapter 9 petition under 11 U.S.C. § 921(c) in the face of undisputed record evidence, taken note of by the bankruptcy court itself, dictating the conclusion that the petition was not filed "in good faith" within the meaning of 11 U.S.C. § 921(c)."

(4) Appellants adopt the statement of issue number 5 of AFSCME [Docket No. 2241]: "Whether the bankruptcy court committed reversible legal error in holding that the City satisfied the eligibility requirement in 11 U.S.C.§ 109(c)(5)(c) that the City "is unable to negotiate with creditors because such negotiation is impracticable," notwithstanding the bankruptcy court's own well-supported factual finding that the City made no effort to negotiate in good faith

with its creditors prior to the City filing its chapter 9 petition, and thus no effort to put the practicability of such negotiations to the test."

(5) Appellants adopt the statement of issue number 3 of the Retirement Systems [Docket No. 2275]: "Does the Tenth Amendment, as well as the Fifth and Fourteenth Amendments, preclude the application of 11 U.S.C. § 109(c)(2) to a municipal debtor whose discharge of accrued pension obligations would violate the State's constitution?"

(6) Appellants adopt the statement of issue number 2 of the UAW [Docket No. 2257]: "Whether the bankruptcy court erred in finding that Michigan Governor Richard Snyder's July 18, 2013 approval of the City's bankruptcy filing constituted valid authorization under state law within the meaning of 11 U.S.C. §109(c)(2), given that (a) the City's Emergency Manager Kevyn Orr had made clear his intention that in bankruptcy the City would diminish or impair accrued pensions, (b) that Article IX, Section 24 of the Michigan Constitution clearly prohibits the diminishment or impairment of accrued pensions, (c) Chapter 9 of the Bankruptcy Code in no way displaces or preempts the application of Article IX, Section 24 of the Michigan Constitution, and (d) under the Michigan Constitution neither the Governor nor the Michigan Legislature has the authority either to amend the Michigan Constitution, to enact and/or approve legislation waiving the application of Article IX, Section 24 or other provisions of the Michigan Constitution, or to otherwise authorize waiving of the application of Article IX, Section 24 or other provisions of the Michigan Constitution, whether through authorization for a Chapter 9 proceeding under the federal Bankruptcy Code or otherwise."

*Signatures on next page*

Dated: December 27, 2013    ERMAN, TEICHER, MILLER,
                            ZUCKER & FREEDMAN, P.C.

                            By:  /s/ Barbara A. Patek
                                Barbara A. Patek (P34666)
                                Earle I. Erman  (P24296)
                                Craig E. Zucker  (P39907)
                                Counsel for The Detroit Fire Fighters
                                Association, Detroit Police
                                Officers Association, and Detroit
                                Police Command Officers Association
                                400 Galleria Officentre, Suite 444
                                Southfield, MI  48034
                                Telephone: (248) 827-4100
                                Facsimile:  (248) 827-4106
                                E-mail: bpatek@ermanteicher.com

F:\CHAP 9\DETROIT\notice and motion re appeal\statement of issues.doc