UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
: 
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13- 53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------------x

**SUPPLEMENT TO MOTION OF DEBTOR
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
ASSUMPTION OF THAT CERTAIN FORBEARANCE AND OPTIONAL
TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF
THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT
PURSUANT RULE 9019, AND (III) GRANTING RELATED RELIEF**

The City of Detroit, Michigan ("Detroit" or the "City"), as the debtor in the above-captioned case, hereby submits this supplement (the "Supplement") to the *Motion of Debtor for Entry of an Order (i) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (ii) Approving Such Agreement Pursuant to Rule 9019, and (iii) Granting Related Relief* [Docket Nos. 17, 157] (the "Original Motion," and together with the Supplement, the "Motion").[1]

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Original Motion.

As set forth in the Original Motion and the *Omnibus Reply of the City of Detroit to Objections to the Motion for Assumption and Approval of the Forbearance and Optional Termination Agreement* [Docket No. 2029] (the "Omnibus Reply"), which are incorporated herein by reference, the Forbearance Agreement allows the City short-term and long-term access to its critically needed Casino Revenues, provides the City with an option to unwind the swap transactions and associated collateral arrangement at a discount and avoids the potential for protracted litigation.

## SIXTH AMENDMENT TO FORBEARANCE AGREEMENT

Since the filing of the Original Motion, the City, through the Court-ordered facilitative mediation process, has been able to negotiate an improved settlement agreement with the Swap Counterparties, which will be memorialized in a Sixth Amendment to the Forbearance and Optional Termination Agreement (the "Sixth Amendment"), substantially in the form attached hereto as Exhibit 6.

Under the Sixth Amendment, the Swap Counterparties will be paid $165 million as the Optional Termination Payment under the Forbearance and Optional Termination Agreement, together with breakage costs of up to $4.2 million. Consistent with the reduced Optional Termination Payment, the requested Post-Petition Financing will be reduced such that the Swap Termination Loan will be $165 million. All amounts in the General Receipts Subaccount and Holdback

Account will be released to the City upon closing. Should the parties fail to close on the Optional Termination on or before January 31, 2014, each of the City and the Swap Counterparties shall be entitled, upon giving written notice, to terminate[2] the Forbearance and Optional Termination Agreement and their obligations and undertakings thereunder.[3]

Each of these changes is beneficial to the City, and no party in interest can have any valid complaint with respect to the *improvement* of the City's compromise.

First, in the absence of the Sixth Amendment, the City estimates that, as of the date of its Omnibus Reply, the Optional Termination Payment would equal approximately $200 million or 75% of the mark-to-market value of the swap transactions, plus breakage costs. In contrast, the $165 million figure reflected in the Sixth Amendment amounts to approximately 62% of the mark-to-market value of the swap transactions as of that date. Thus, the City estimates that the Sixth

---

[2] Except with respect to the Swap Counterparties' ability to terminate based on certain specified Forbearance Period Termination Events, both parties are prohibited from terminating the Forbearance Agreement prior to January 31, 2014.

[3] This paragraph of the Supplement is a summary of the salient terms of the Sixth Amendment and is qualified in its entirety by the terms of the Sixth Amendment. If there are any inconsistencies between the summary contained herein and the Sixth Amendment, the Sixth Amendment shall control. Parties are strongly encouraged to read the Sixth Amendment in its entirety.

Amendment reflects an additional 13% discount that will save the City approximately $35 million as of that date.

Second, the Sixth Amendment adds an explicit provision requiring the Swap Counterparties to release monies left over in the General Receipts Subaccount and Holdback Account upon payment of the Optional Termination Payment. This change is meant for clarifying purposes only and, if anything, benefits the City by guaranteeing that it will receive a return of certain monies that are being held by the Collateral Agreement Custodian.

Third, the Forbearance Agreement provides both parties the right to terminate the Forbearance Agreement on or after January 31, 2014 and prohibits any termination prior to that date. This benefits the City in two ways: First, it provides the City with a right to terminate the Forbearance Agreement after January 31, 2014, and second, it prohibits the Swap Counterparties from exercising certain rights they may have had to terminate the Forbearance Agreement prior to January 31, 2014. It thus allows the City and the Swap Counterparties sufficient time to obtain a determination from the Bankruptcy Court on the Motion.

While the City maintains that the Forbearance Agreement, as originally proposed, satisfied the applicable standards imposed pursuant to Bankruptcy Rule 9019 and section 365 of the Bankruptcy Code, the City respectfully submits that the modifications made pursuant to the Sixth Amendment

-4-
13-53846-tjt    Doc 2341    Filed 12/27/13    Entered 12/27/13 23:11:19    Page 4 of 7

substantially improve the benefits that the City is receiving pursuant to the compromise and remove any doubt as to the merits of the Motion.

WHEREFORE, for the reasons stated herein, in the Original Motion, and in the Omnibus Reply, the City respectfully requests that this Court: (a) enter an order substantially in the form attached hereto as <u>Exhibit 1</u> granting the relief sought herein;[4] and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: December 27, 2013        Respectfully submitted,

                                          David G. Heiman (OH 0038271)
                                          Heather Lennox (OH 0059649)
                                          JONES DAY
                                          North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

---

[4] While Exhibit 1 hereto is substantially in the form of Exhibit 1 attached to the Original Motion, Exhibit 1 hereto has been modified to, among other things, (a) clarify that references therein to the "Forbearance Agreement" refer to the Forbearance Agreement, as amended by the Sixth Amendment to the Forbearance Agreement, and (b) memorialize the reservation of rights read into the record by counsel for the Ad Hoc Committee of COPs holders at the commencement of the Hearing.

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7300 - Telephone
(248) 359-7700 - Fax
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice [Attached to Original Motion] |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6 | Sixth Amendment to the Forbearance Agreement |