# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re                                         : Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                    : Case No. 13- 53846
                                              :
              Debtor.                         : Hon. Steven W. Rhodes
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER (I) AUTHORIZING THE ASSUMPTION
OF THAT CERTAIN FORBEARANCE AND OPTIONAL
TERMINATION AGREEMENT PURSUANT TO SECTION 365(a) OF
THE BANKRUPTCY CODE, (II) APPROVING SUCH AGREEMENT
PURSUANT RULE 9019, AND (III) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion (the "<u>Motion</u>")[1] for entry of an order (i) authorizing the assumption of that certain forbearance and optional termination agreement pursuant to section 365(a) of the Bankruptcy Code, (ii) approving such agreement pursuant Bankruptcy Rule 9019, and (iii) granting related relief; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "<u>Hearing</u>"); and the Court having

---

[1] Capitalized terms used herein are accorded the meanings given to them in the Motion. References herein to the "Forbearance Agreement" refer to the Forbearance Agreement, as amended by the Sixth Amendment to the Forbearance Agreement.

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

A.  <u>Jurisdiction and Venue</u>.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.  <u>Notice</u>.  Notice of the Motion and the Hearing was sufficient under the circumstances.  As evidenced by the certificate of service, notice of the Motion and Hearing has been given to the following:  (a) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) the unions representing certain of the City's employees and retirees; (d) the four associations of which the City is aware representing certain retirees of the City; (e) the City's pension trusts; (f) the insurers of the City's bonds; (g)  the COPs; (h) certain significant holders of the COPs; (i)  the Swaps; and (j) the insurers of the Swaps.  In addition, a copy of the Motion was served on the Office of the United States Trustee.  Cause exists to modify the requirement under Bankruptcy Rule 2002(a) that a hearing on approval

of a compromise or settlement shall be given to all creditors and, accordingly, no other or further notice is required under the circumstances.

        C.     <u>Assumption Appropriate</u>.  The assumption of the Forbearance Agreement and other relief sought in the Motion will benefit the City and is a sound exercise of the City's business judgment, is in the best interest of the City, its creditors and other parties in interest and is based on good, sufficient and sound business purposes and justifications.  As of the date hereof, no defaults exist under the Forbearance Agreement and the City is not obligated to pay any cure amounts in connection with the assumption of the Forbearance Agreement.

        D.     <u>Rule 9019 Authorization</u>. The City was authorized, but not required, to seek approval of the Forbearance Agreement pursuant to Bankruptcy Rule 9019.  The Forbearance Agreement is fair, reasonable and equitable.

        E.     <u>Consent to Use of Casino Revenues</u>.  Pursuant to Section 1.2 of the Forbearance Agreement, UBS AG and MLCS consent to the City's use of the Casino Revenue as set forth in the Forbearance Agreement.   The consent of UBS AG and MLCS will allow the City immediate access to its Casino Revenue as set forth in Forbearance Agreement, and no other or further consents are required.

        F.     <u>Modification of Automatic Stay</u>.  Good cause exists to modify the automatic stay, pursuant to section 362(d) of the Bankruptcy Code,  solely to

permit UBS AG and MLCS to petition for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement.

  G. <u>Arm's-Length Agreement</u>.  The Forbearance Agreement was negotiated at arm's length and in good faith by all parties.   UBS AG and MLCS are not insiders of the City as that term is defined in Bankruptcy Code section 101(31).  The parties' entry into and performance under the Forbearance Agreement does not violate any law, including the Bankruptcy Code, and does not give rise to any claim or remedy against the parties thereto, except as may be expressly set forth in this Order or in the Forbearance Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

  1. The Motion is GRANTED as set forth herein.

  2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

  3. Pursuant to section 365(a) of the Bankruptcy Code, the City is authorized to assume the Forbearance Agreement, attached as <u>Exhibit 6</u> to the Motion, as amended by the Sixth Amendment to the Forbearance Agreement.

  4. The Forbearance Agreement is approved in its entirety.  The City is authorized to perform its obligations that arise from the Forbearance

13-53846-tjt  Doc 2341-1  Filed 12/27/13  Entered 12/27/13 23:11:19  Page 5 of 6

Agreement pursuant to Bankruptcy Rule 9019, and any actions taken heretofore in furtherance of these obligations are hereby ratified.

5. The Custodian under the Collateral Agreement is hereby authorized to rely upon the terms of this Order and UBS AG and MLCS' consent to the use by the City of the Casino Revenue.

6. The automatic stay imposed pursuant to section 362 of the Bankruptcy Code is modified solely to permit UBS AG and MLCS to petition a court of competent jurisdiction for a writ of mandamus as a remedy for nonperformance under Section 2 of the Forbearance Agreement.

7. The City is authorized to take any and all actions necessary or appropriate to implement the terms of this Order and the Forbearance Agreement.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

9. This Order does not affect any claims or defenses of any non-debtor party against any other non-debtor party arising under or in connection with Section 9.1 of the Contract Administration Agreement dated as of June 12, 2006, as amended, among the Detroit Retirement Systems Funding Trust 2006, the Service Corporations (as defined in the Forbearance Agreement) and the other parties thereto.