# ITEM NO. 1

Revised 05/08

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re:

**City of Detroit, Michigan,**

Case No. 13-_____

_____ Debtor._____ /

## BANKRUPTCY PETITION COVER SHEET

(The debtor must complete and file this form with the petition in every bankruptcy case. Instead of filling in the boxes on the petition requiring information on prior and pending cases, the debtor may refer to this form.)

### Part 1

"Companion cases," as defined in L.B.R. 1073-1(b), are cases involving any of the following: (1) The same debtor; (2) A corporation and any majority shareholder thereof; (3) Affiliated corporations; (4) A partnership and any of its general partners; (5) An individual and his or her general partner; (6) An individual and his or her spouse; or (7) Individuals or entities with any substantial identity of financial interest or assets.

Has a "companion case" to this case ever been filed at any time in this district or any other district? Yes __  No **X**
**(If yes, complete Part 2.)**

### Part 2

**For each companion case, state in chronological order of cases:**

*Not applicable*

**If the present case is a Chapter 13 case, state for each companion case:**

*Not applicable*

### Part 3 - In a Chapter 13 Case Only

The Debtor(s) certify, re: 11 U.S.C. § 1328(f):              *Not Applicable*
  **[indicate which]**

  ☐ Debtor(s) received a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

  ☐ Debtor(s) did **not** receive a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

  ☐ Debtor(s) received a discharge in a Chapter 13 case filed during the 2-years before filing this case.

  ☐ Debtor(s) did **not** receive a discharge in a Chapter 13 case filed during the 2-years before filing this case.

I declare under penalty of perjury that I have read this form and that it is true and correct to the best of my information and belief.

| | | |
|---|---|---|
| Kevyn D. Orr<br>Emergency Manager<br>City of Detroit | David G. Heiman (OH 0038271)<br>Heather Lennox (OH 0059649)<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212<br>dgheiman@jonesday.com<br>hlennox@jonesday.com | Bruce Bennett (CA 105430)<br>JONES DAY<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 243-2382<br>Facsimile: (213) 243-2539<br>bbennett@jonesday.com | Jonathan S. Green (MI P33140)<br>Stephen S. LaPlante (MI P48063)<br>MILLER, CANFIELD, PADDOCK<br>AND STONE, P.L.C.<br>150 West Jefferson<br>Suite 2500<br>Detroit, MI 48226<br>Telephone: (313) 963-6420<br>Facsimile: (313) 496-7500<br>green@millercanfield.com<br>laplante@millercanfield.com |

Date: July 18, 2013

ATTORNEYS FOR THE CITY OF DETROIT, MICHIGAN

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF MICHIGAN | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**City of Detroit, Michigan** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>38-6004606 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**2 Woodward Avenue<br>Suite 1126<br>Detroit, Michigan**<br>ZIP CODE `48226` | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Wayne** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☒ Other (If debtor is not one of the above entities, check this box and state type of entity below.)
  **Municipality**

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☒ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>City of Detroit, Michigan |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>　　Signature of Attorney for Debtor(s)　　(Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☒ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | **City of Detroit, Michigan** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>   Telephone Number (if not represented by attorney)<br><br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>   (Printed Name of Foreign Representative)<br><br>   Date |
| **Signature of Attorney***<br><br>X _(signature)_<br>   Signature of Attorney for Debtor(s)<br><br>David G. Heiman   Bruce Bennett   Jonathan S. Green<br>Heather Lennox   JONES DAY   Stephen S. LaPlante<br>JONES DAY   555 South Flower Street   MILLER, CANFIELD<br>North Point   Fiftieth Floor   PADDOCK AND STONE,<br>901 Lakeside Avenue   Los Angeles, CA 90071   P.L.C.<br>Cleveland, OH 44114   Tel: (213) 243-2382   150 West Jefferson<br>Tel: (216) 586-3939   Fax: (213) 243-2539   Suite 2500<br>Fax: (216) 579-0212   bbennett@jonesday.com   Detroit, MI 48226<br>dgheiman@jonesday.com      Tel: (313) 963-6420<br>hlennox@jonesday.com      Fax: (313) 496-7500<br>      green@millercanfield.com<br>      laplante@millercanfield.com<br><br>_July 18, 2013_<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>   Signature<br><br>_____<br>   Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _(signature)_<br>   Signature of Authorized Individual<br><br>   Kevyn D. Orr<br>   Printed Name of Authorized Individual<br><br>   Emergency Manager, City of Detroit<br>   Title of Authorized Individual<br><br>   July 18, 2013<br>   Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

| | | |
|---|---|---|
| In re    City of Detroit, Michigan,                               ,    ) | Case No.   13-_____ | |
|                        Debtor.    ) | | |
|    )· | | |
|    ) | Chapter   9 | |

## EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

Certain properties owned by City of Detroit, Michigan (the "City") have been (a) identified by the City as being structurally unsound and in danger of collapse and (b) scheduled for demolition (collectively, the "Demolition Properties"). The Demolition Properties may pose a threat of imminent harm to public health and/or safety. A list of the Demolition Properties is attached hereto as Schedule 1.

To its knowledge, the City currently does not own any property that is a Superfund Site as designated by the United States Environmental Protection Agency. The City currently owns (in whole or in part) various so-called "Brownfields properties" (collectively, the "Brownfields Properties") regulated by the Michigan Department of Environmental Quality. Currently, one or more private parties (rather than the City) are addressing any identified environmental conditions that might be present at the Brownfields Properties. To the City's knowledge, none of the Brownfields Properties are alleged to pose a threat of imminent and identifiable harm to the public health or safety. A representative list of certain Brownfields Properties is attached hereto as Schedule 2.

In addition to the foregoing, the City owns or is possession of approximately 60,000 parcels of land within the City's geographic boundaries and more than 7,000 vacant structures that are not designated as Demolition Properties or Brownfields Properties (collectively, the "Blighted Properties"). It is possible that some of the Blighted Properties could pose a threat to public health or safety. Although the City is not aware of any Blighted Properties currently posing a threat of "imminent and identifiable harm," the City notes the existence of these properties on this Exhibit C out of an abundance of caution.

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

See attached Schedule 1 with respect to the Demolition Properties and the attached Schedule 2 with respect to the Brownfields Properties.

# SCHEDULE 1

## City of Detroit, Michigan Demolition Properties

| Street Address | Property Type |
|---|---|
| 3922 14th | Residential |
| 3654 30th | Residential |
| 12032 Abington | Residential |
| 2668 Anderdon | Residential |
| 821 Anderson | Commercial |
| 13501 Appoline | Residential |
| 7593 Arcola | Residential |
| 14125 Ardmore | Residential |
| 13476 Arlington | Residential |
| 13544 Arlington | Residential |
| 10384 Aurora | Residential |
| 2457 Beaubien | Commercial |
| 2486 Beaubien | Residential |
| 14371 Bentler | Residential |
| 5317 Bewick | Residential |
| 19411 Blake | Residential |
| 19700 Bloom | Residential |
| 6072 Braden | Residential |
| 9665 Broadstreet | Residential |
| 9616 Bryden | Residential |
| 6810 Bulwer | Commercial |
| 1454 Burlingame | Residential |
| 13469 Caldwell | Residential |
| 2009 Campbell | Residential |
| 14203 E. Canfield | Residential |
| 19221 Cardoni | Residential |
| 19324 Carrie | Residential |
| 7626 Central | Residential |
| 2535 Chalmers | Residential |
| 8115 Chamberlain | Residential |
| 13199 Charest | Residential |
| 20190 Charleston | Residential |
| 3164 Charlevoix | Commercial |
| 5083 Chatsworth | Residential |
| 5717 Chene | Commercial |
| 3636 Cicotte | Residential |
| 3032 Clements | Residential |
| 1117 Concord | Residential |
| 6628 Crane | Residential |
| 1243 Crawford | Residential |
| 2012 Dalzelle | Residential |
| 20258 Danbury | Residential |
| 7787 Dayton | Residential |
| 8475 Dearborn | Residential |
| 1950 Dearing | Residential |
| 1956 Dearing | Residential |
| 1960 Dearing | Residential |
| 2027 Dearing | Residential |
| 8839 Dennison | Residential |

| Street Address | Property Type |
|---|---|
| 20245 Derby | Residential |
| 125 Dey | Residential |
| 14190 Dolphin | Residential |
| 229 Edmund Pl. | Commercial |
| 3333 Edsel | Residential |
| 203 Erskine | Residential |
| 209 Erskine | Residential |
| 4417 Ewers | Residential |
| 19332 Exeter | Residential |
| 19339 Exeter | Residential |
| 20467 Exeter | Residential |
| 1731 Fischer | Residential |
| 13556 Fleming | Residential |
| 7666 W. Fort | Commercial |
| 5334 French Rd. | Residential |
| 6007 Frontenac | Commercial |
| 18627 Gable | Residential |
| 3727 Garland | Residential |
| 3917 Garland | Residential |
| 4466 Garland | Residential |
| 4470 Garland | Residential |
| 4003 Gilbert | Residential |
| 12511 Glenfield | Residential |
| 14232 Goddard | Residential |
| 14239 Goddard | Residential |
| 11648 Grandmont | Residential |
| 5801 Grandy [1] | Commercial |
| 5801 Grandy [2] | Commercial |
| 2937 Grant | Residential |
| 5589 Guilford | Residential |
| 222 S. Harbaugh | Residential |
| 2900 Harding | Residential |
| 8815 Harper | Commercial |
| 17226 Hasse | Residential |
| 7975 Hathon | Residential |
| 19227 Havana | Residential |
| 19309 Havana | Residential |
| 19321 Havana | Residential |
| 19397 Havana | Residential |
| 7886 Helen | Residential |
| 6200 Hereford | Residential |
| 9905 Herkimer | Residential |
| 1955 Highland | Residential |
| 1778 Holcomb | Residential |
| 4407 Holcomb | Residential |
| 4412 Holcomb | Residential |
| 7202 Holmes | Residential |
| 9278 Holmur | Residential |
| 19925 Hoover | Commercial |

| Street Address | Property Type |
|---|---|
| 6360 Horatio | Residential |
| 15518 Idaho [1] | Commercial |
| 15518 Idaho [2] | Commercial |
| 12748 Ilene | Residential |
| 20136 Ilene | Residential |
| 15778 Iliad | Residential |
| 5290 Ivanhoe | Residential |
| 6435 Julian | Commercial |
| 8545 Kenney | Residential |
| 13989 Kentucky | Residential |
| 13301 Kercheval | Commercial |
| 5925 Kopernick | Residential |
| 17137 Lamont | Residential |
| 17208 Lamont | Residential |
| 3839 Lanman | Residential |
| 5206 Lawndale | Residential |
| 2194 Lemay | Residential |
| 3958 Lemay | Residential |
| 1601 Liddesdale | Residential |
| 1029 Liebold | Residential |
| 5065 Lillibridge | Residential |
| 15744 Livernois | Commercial |
| 12558 Longview | Residential |
| 12767 Loretto | Residential |
| 8881 Louis | Residential |
| 13441 Lumpkin | Residential |
| 14242 Mack (a/k/a 3181 Lakewood) | Commercial |
| 12368 MacKay | Residential |
| 12393 MacKay | Residential |
| 12398 MacKay | Residential |
| 13569 MacKay | Residential |
| 13909 MacKay | Residential |
| 13927 MacKay | Residential |
| 13952 MacKay | Residential |
| 13977 MacKay | Residential |
| 13983 MacKay | Residential |
| 459 Manistique | Residential |
| 12000 Mansfield | Residential |
| 8129 Marcus | Residential |
| 4588 Marseilles | Residential |
| 9343 N. Martindale | Residential |
| 8320 Maxwell | Residential |
| 8326 Maxwell | Residential |
| 4766 McDougall | Commercial |
| 2122 Meade | Residential |
| 2420 Meade | Residential |
| 3697 Medbury | Residential |
| 11654 Meyers | Residential |
| 8911 Milner | Residential |
| 2652 Norman | Residential |
| 10002 Nottingham | Residential |

| Street Address | Property Type |
|---|---|
| 5115 Nottingham | Residential |
| 8811 Olivet | Residential |
| 8917 Otsego | Residential |
| 15799 Parkside | Residential |
| 18401 Pembroke | Residential |
| 11172 Promenade | Residential |
| 2101 Puritan | Commercial |
| 5807 Renville | Residential |
| 1957 Richton | Residential |
| 534 W. Robinwood | Residential |
| 6119 Rohns | Residential |
| 14381 Rosa Parks Blvd. | Unknown |
| 11735 Rutherford | Residential |
| 6835 Seminole | Residential |
| 5737 E. Seven Mile | Commercial |
| 2008 Sharon | Residential |
| 13422 Shields | Residential |
| 10201 Shoemaker | Commercial |
| 10956 Shoemaker | Commercial |
| 6750 Sparta | Residential |
| 14291 Spring Garden | Commercial |
| 4467 St. Clair | Residential |
| 6915 St. John | Residential |
| 7180 St. John | Residential |
| 18805 St. Louis | Commercial |
| 1928 Stanley | Residential |
| 12746 Strasburg | Residential |
| 8104 Thaddeus | Residential |
| 4832 Toledo | Residential |
| 6195 Townsend | Residential |
| 9778 Traverse | Residential |
| 17231 Trinity | Residential |
| 2634 Tuxedo | Residential |
| 2522-4 Tyler | Residential |
| 2660 Tyler | Residential |
| 9526 Van Dyke | Commercial |
| 2030 Vinewood | Residential |
| 5757 Vinewood | Commercial |
| 15451 Virgil | Residential |
| 15300 E. Warren (Bldgs. 101 & 102) | Commercial |
| 64 Watson | Commercial |
| 6414 Willette | Unknown |
| 4364 Woodhall | Residential |
| 11640 Woodmont | Residential |
| 12075 Woodmont | Residential |
| 12136 Woodmont | Residential |
| 12153 Woodmont | Residential |
| 11365 Yosemite | Residential |
| 11402 Yosemite | Residential |

-3-

13-53846  Doc 2361-1  Filed 07/01/02/14  Entered 07/01/02/14 08:28:52  Page 8 of 32
13-53846  Doc 2361-1  Filed 07/10/13/14  Entered 07/10/13/14 16:08:28  Page 7 of 10

# SCHEDULE 2

## City of Detroit, Michigan Brownfields Properties

| Name of Site | Description |
|---|---|
| Former Detroit Coke Site | 7819 West Jefferson Avenue |
| Belleview Development (Uniroyal) Site | 600 East Jefferson. 43-acre former Uniroyal site located in the East Riverfront District, bounded by Jefferson Avenue (to the north), MacArthur Bridge (to the east), Detroit River (to the south) and Meldrum Street (to the west). |
| Riverside Park Site | 3085 West Jefferson Avenue. West Grand Boulevard and 24th Street along the Detroit River. |



# EMERGENCY MANAGER
# CITY OF DETROIT

## ORDER No. 13

## FILING OF A PETITION UNDER CHAPTER 9
## OF TITLE 11 OF THE UNITED STATES CODE

By the Authority Vested in the Emergency Manager
For the City of Detroit
Pursuant to Michigan's Public Act 436 of 2012,
Kevyn D. Orr, the Emergency Manager,
Issues the Following Order:

*Whereas*, on March 28, 2013, Michigan Public Act 436 of 2012 ("PA 436") became effective and Kevyn D. Orr became the Emergency Manager (the "EM") for the City of Detroit (the "City") with all the powers and duties provided under PA 436; and

Pursuant to section 9(2) of PA 436, the EM "shall act for and in the place and stead of" the Detroit Mayor and City Council; and

Section 9(2) of PA 436 also grants the EM "broad powers in receivership to rectify the financial emergency and to assure the fiscal accountability of the [City] and the [City's] capacity to provide or cause to be provided necessary governmental services essential to the public health, safety, and welfare;" and

Pursuant to section 10(1) of PA 436, the EM may "issue to the appropriate local elected and appointed officials and employees, agents, and contractors of the local government the orders the [EM] considers necessary to accomplish the purposes of this act;" and

Section 18(1) of PA 436 provides that "[i]f, in the judgment of the [EM], no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the [EM] may recommend to the governor and the

state treasurer that the local government be authorized to proceed under chapter 9" of title 11 of the United States Code (the "Bankruptcy Code"); and

Section 18(1) of PA 436 further provides that "[i]f the governor approves of the [EM's] recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision…. Upon receipt of the written approval, the emergency manager is authorized to proceed under chapter 9 [of the Bankruptcy Code]. This section empowers the local government for which an emergency manager has been appointed to become a debtor under [the Bankruptcy Code], as required by section 109 of [the Bankruptcy Code], and empowers the emergency manager to act exclusively on the local government's behalf in any such case under chapter 9" of the Bankruptcy Code; and

In accordance with section 18 of PA 436, the EM has recommended to the Governor of Michigan (the "Governor") and the Michigan State Treasurer (the "State Treasurer") that the City be authorized to proceed under chapter 9 of the Bankruptcy Code (the "Recommendation"); and

The Governor has provided the State Treasurer and the EM with his written approval of the Recommendation, a true and correct copy of which is attached hereto as Exhibit A, thereby authorizing the City to proceed under chapter 9.

**It is hereby ordered that:**

1. The City shall file a petition for relief under chapter 9 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court").

2. The City's Corporation Counsel, financial advisors, outside legal advisors and other officers and employees of the City, as applicable, are hereby authorized and directed, on behalf of and in the name of the City, to execute and verify the Petition and related Bankruptcy Court filings and perform any and all such acts as are reasonable, appropriate, advisable, expedient, convenient, proper or necessary to carry out this Order, as and to the extent directed by the EM or his designee.

3. If any component of this Order is declared illegal, unenforceable or ineffective in a legal or other forum or proceeding such component shall be deemed severable so that all other components contained in this Order shall remain valid and effective.

4. This Order is effective immediately upon the date of execution below.

5. This Order shall be distributed to the Mayor, City Council members and all department heads.

2

6. The EM may modify, rescind, or replace this Order at any time.

Dated: July 18, 2013

By: _____
Kevyn D. Orr
Emergency Manager
City of Detroit

cc:     State of Michigan Department of Treasury
        Mayor David Bing
        Members of Detroit City Council

3

# EXHIBIT A

**Governor's Written Approval of Recommendation**



RICK SNYDER
GOVERNOR

BRIAN CALLEY
LT. GOVERNOR

VIA HAND AND ELECTRONIC DELIVERY

July 18, 2013

Kevyn D. Orr
Emergency Manager
City of Detroit
Coleman A. Young Municipal Center
2 Woodward Ave., Suite 1126
Detroit, MI 48226

Andrew Dillon
State Treasurer
Michigan Department of Treasury
4th Floor Treasury Building
430 W. Allegan Street
Lansing, MI 48992

Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding

Dear Mr. Orr and Mr. Dillon,

I have reviewed Mr. Orr's letter of July 16, 2013, requesting my approval of his recommendation to commence a bankruptcy proceeding for the City of Detroit under Chapter 9 of title 11 of the United States Code. As you know, state law requires that any such recommendation must first be approved by the Governor before the emergency manager may take that step. MCL 141.1558. For the reasons discussed below, I hereby approve that recommendation and authorize Mr. Orr to make such a filing.

## Current Financial Emergency

In reviewing Mr. Orr's letter, his Financial and Operating Plan, and his report to creditors, it is clear that the financial emergency in Detroit cannot be successfully addressed outside of such a filing, and it is the only reasonable alternative that is available. In other words, the City's financial emergency cannot be satisfactorily rectified in a reasonable period of time absent this filing.

I have reached the conclusion that this step is necessary after a thorough review of all the available alternatives, and I authorize this necessary step as a last resort to return this great City to financial and civic health for its residents and taxpayers. This decision comes in the wake of 60 years of decline for the City, a period in which reality was often

ignored. I know many will see this as a low point in the City's history. If so, I think it will also be the foundation of the City's future – a statement I cannot make in confidence absent giving the City a chance for a fresh start, without burdens of debt it cannot hope to fully pay. Without this decision, the City's condition would only worsen. With this decision, we begin to provide a foundation to rebuild and grow Detroit.

Both before and after the appointment of an emergency manager, many talented individuals have put enormous energy into attempting to avoid this outcome. I knew from the outset that it would be difficult to reverse 60 years of decline in which promises were made that did not reflect the reality of the ability to deliver on those promises. I very much hoped those efforts would succeed without resorting to bankruptcy. Unfortunately, they have not. We must face the fact that the City cannot and is not paying its debts as they become due, and is insolvent.

After reading Mr. Orr's letter, the Financial and Operating Plan, and the report to creditors, I have come to four conclusions.

1. Right now, the City cannot meet its basic obligations to its citizens.

2. Right now, the City cannot meet its basic obligations to its creditors.

3. The failure of the City to meet its obligations to its citizens is the primary cause of its inability to meet its obligations to its creditors.

4. The only feasible path to ensuring the City will be able to meet obligations in the future is to have a successful restructuring via the bankruptcy process that recognizes the fundamental importance of ensuring the City can meet its basic obligations to its citizens.

I will explain how I came to each conclusion.

**Inability to Meet Obligations to Its Citizens.** As Mr. Orr's Financial and Operating Plan and the June 14 Creditor Proposal have noted, the scale and depth of Detroit's problems are unique. The City's unemployment rate has nearly tripled since 2000 and is more than double the national average. Detroit's homicide rate is at the highest level in nearly 40 years, and it has been named as one of the most dangerous cities in America for more than 20 years. Its citizens wait an average of 58 minutes for the police to respond to their calls, compared to a national average of 11 minutes. Only 8.7% of cases are solved, compared to a statewide average of 30.5%. The City's police cars, fire trucks, and ambulances are so old that breakdowns make it impossible to keep up the fleet or properly carry out their roles. For instance, only a third of the City's ambulances were in service in the first quarter of 2013. Similarly, approximately 40% of the City's street lights were not functioning in that quarter and the backlog of complaints is more than 3,300 long. Having large swaths of largely abandoned structures -- approximately 78,000 -- creates additional public safety problems and reduces the quality of life in the City. Mr. Orr is correct that meeting the obligations the City has to

its citizens to provide basic services requires more revenue devoted to services, not less.

**Inability to Meet Obligations to Its Creditors.** The City has more than $18 billion in accrued obligations. A vital point in Mr. Orr's letter is that Detroit tax rates are at their current legal limits, and that even if the City was legally able to raise taxes, its residents cannot afford to pay additional taxes. Detroiters already have a higher tax rate than anywhere in Michigan, and even with that revenue the City has not been able to keep up with its basic obligations, both to its citizens and creditors. Detroit simply cannot raise enough revenue to meet its current obligations, and that is a situation that is only projected to get worse absent a bankruptcy filing.

**Failure to Meet Obligations to Citizens Creates Failure to Meet Obligations to Creditors.** Mr. Orr's letter and prior report put in stark reality the dramatic impact of the City's plummeting population. While many who love Detroit still live there, many other Detroiters at heart could not justify the sacrifice of adequate services. The City's population has declined 63% from its peak, including a 28% decline since 2000. That exodus has brought Detroit to the point that it cannot satisfy promises it made in the past. A decreasing tax base has made meeting obligations to creditors impossible. Mr. Orr is correct when he says the City cannot raise the necessary revenue through tax increases, and it cannot save the necessary revenue through reducing spending on basic services. Attempts to do so would only decrease the population and tax base further, making a new round of promises unfulfillable.

**Only One Feasible Path Offers a Way Out.** The citizens of Detroit need and deserve a clear road out of the cycle of ever-decreasing services. The City's creditors, as well as its many dedicated public servants, deserve to know what promises the City can and will keep. The only way to do those things is to radically restructure the City and allow it to reinvent itself without the burden of impossible obligations. Despite Mr. Orr's best efforts, he has been unable to reach a restructuring plan with the City's creditors. I therefore agree that the only feasible path to a stable and solid Detroit is to file for bankruptcy protection.

The past weeks have reaffirmed my confidence that Mr. Orr has the right priorities when it comes to the City of Detroit. I am reassured to see his prioritization of the needs of citizens to have improved services. I know we share a concern for the public employees who gave years of service to the City and now fear for their financial future in retirement, and I am confident that all of the City's creditors will be treated fairly in this process. We all believe that the City's future must allow it to make the investment it needs in talent and in infrastructure, all while making only the promises it can keep. Let us remain in close communication regarding measures Mr. Orr might take so we can discuss the possible impacts that might occur both within and outside of the City.

## Contingencies

2012 PA 436 provides that my approval of the recommendation to commence a Chapter 9 proceeding may place contingencies on such a filing. MCL 141.1558(1). I am choosing not to impose any such contingencies today. Federal law already contains the most important contingency – a requirement that the plan be legally executable. 11 USC 943(b)(4).

## Conclusion

In conclusion, I find Mr. Orr's Recommendation Letter to be persuasive, especially in conjunction with his prior reports laying out the level of services the City can provide and its financial ability to meet its obligations to creditors. I am also convinced that Mr. Orr has exercised his best efforts to arrive at a restructuring plan with the City's creditors outside of bankruptcy, to no avail. Given these facts, the only feasible path to sustainability for the City of Detroit is a filing under chapter 9 of the bankruptcy code. Therefore, I hereby approve Mr. Orr's recommendation and authorize the emergency manager to make such a filing on behalf of the City of Detroit and to take all actions that are necessary and appropriate toward that end.

Sincerely,

Richard D. Snyder
Governor
State of Michigan

## ITEM NO. 2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------x

|   |   |
|---|---|
| In re | : Chapter 9 |
| | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13-53846 |
| | : |
| Debtor. | : Hon. _____ |
| | : |
| | : |

------------------------------------------------------x

## STATEMENT OF QUALIFICATIONS PURSUANT
## TO SECTION 109(c) OF THE BANKRUPTCY CODE

The City of Detroit, Michigan (the "City") hereby certifies its

qualifications to be a debtor under section 109(c) of title 11 of the United States

Code (the "Bankruptcy Code").  This Statement of Qualifications Pursuant to

Section 109(c) of the Bankruptcy Code (the "Statement of Qualifications") is

supported by the Memorandum in Support of Statement of Qualifications Pursuant

to Section 109(c) of the Bankruptcy Code (the "Memorandum") filed

contemporaneously herewith and the accompanying declarations of Kevyn D. Orr,

Gaurav Malhotra and Charles M. Moore in support of this Statement of

Qualifications and the exhibits to each of the foregoing, all of which are

incorporated herein by reference.  The City hereby certifies as follows:

1.     The City is a municipality as such term is defined in section 101(40) of the Bankruptcy Code.  <u>See</u> Memorandum at § II.A.

2.     The City is specifically authorized in its capacity as a municipality and by name to be a debtor under chapter 9 under the laws of the State of Michigan and by the relevant governmental officers empowered by thereby.  <u>See</u> Memorandum at § II.B.  In particular, on July 16, 2013, Kevyn D. Orr, the duly appointed Emergency Manager for the City (the "<u>Emergency Manager</u>") under the Local Financial Stability and Choice Act, Public Act 436 of 2012, MCL § 141.1541, <u>et</u> <u>seq.</u> ("<u>PA 436</u>"), made a written recommendation to Richard D. Snyder, Governor of the State of Michigan, and Andrew Dillon, Treasurer of the State of Michigan, that the City be authorized to proceed under chapter 9 based on the Emergency Manager's judgment that "no reasonable alternative to rectifying the financial emergency of the [City] exists" because "no feasible financial plan can be adopted that can satisfactorily rectify the financial emergency of the [City] in a timely manner."  PA 436 §§ 18(1), 18(2); <u>see</u> <u>also</u> Memorandum at § II.B.  On July 18, 2013, the Governor issued his written decision (the "<u>Authorization</u>") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of the Bankruptcy Code, thereby satisfying the requirements of section 18 of PA 436.  <u>See</u> Memorandum at § II.B.  Thereafter, also on July 18, 2013, the Emergency

Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order").  See id.  True and correct copies of the Approval Order and the Authorization are attached hereto as Exhibit A.

3.      The City is insolvent within the meaning of section 101(32)(C) of the Bankruptcy Code.  See Memorandum at § II.C.

4.      The City desires to effect a plan to adjust its debts. See Memorandum at § II.D.

5.      The City (a) is unable to negotiate (or further negotiate) with creditors because such negotiation is impracticable; and (b) nevertheless, has negotiated in good faith with creditors who are represented and organized and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that the City intends to impair under a plan of adjustment in this chapter 9 case.  See Memorandum at § II.E.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

-3-

13-53846-swr  Doc 2301-1  Filed 01/02/14  Entered 01/02/14 18:08:52  Page 21 of 32
13-53846  Doc 101  Filed 07/18/13  Entered 07/18/13 21:26:17  Page 3 of 14

Dated:  July 18, 2013          Respectfully submitted,


                              /s/ David G. Heiman
                              David G. Heiman (OH 0038271)
                              Heather Lennox (OH 0059649)
                              JONES DAY
                              North Point
                              901 Lakeside Avenue
                              Cleveland, Ohio  44114
                              Telephone:  (216) 586-3939
                              Facsimile:  (216) 579-0212
                              dgheiman@jonesday.com
                              hlennox@jonesday.com

                              Bruce Bennett (CA 105430)
                              JONES DAY
                              555 South Flower Street
                              Fiftieth Floor
                              Los Angeles, California  90071
                              Telephone:  (213) 243-2382
                              Facsimile:  (213) 243-2539
                              bbennett@jonesday.com

                              Jonathan S. Green (MI P33140)
                              Stephen S. LaPlante (MI P48063)
                              MILLER, CANFIELD, PADDOCK AND
                                STONE, P.L.C.
                              150 West Jefferson
                              Suite 2500
                              Detroit, Michigan  48226
                              Telephone:  (313) 963-6420
                              Facsimile:  (313) 496-7500
                              green@millercanfield.com
                              laplante@millercanfield.com

                              ATTORNEYS FOR THE CITY

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF THE CITY OF DETROIT, MICHIGAN

I, Kevyn D. Orr, the Emergency Manager of the City of Detroit, Michigan, am an authorized officer or agent of the municipality named as the debtor in this case. I declare under penalty of perjury that I have read the foregoing Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, and that it is true and correct to the best of my information and belief.


Dated: July 18, 2013

/s/ Kevyn D. Orr
Kevyn D. Orr
Emergency Manager, City of Detroit

# EXHIBIT A

## APPROVAL ORDER AND AUTHORIZATION



# EMERGENCY MANAGER
# CITY OF DETROIT

## ORDER No. 13

## FILING OF A PETITION UNDER CHAPTER 9
## OF TITLE 11 OF THE UNITED STATES CODE

By the Authority Vested in the Emergency Manager
For the City of Detroit
Pursuant to Michigan's Public Act 436 of 2012,
Kevyn D. Orr, the Emergency Manager,
Issues the Following Order:

*Whereas*, on March 28, 2013, Michigan Public Act 436 of 2012 ("PA 436") became effective and Kevyn D. Orr became the Emergency Manager (the "EM") for the City of Detroit (the "City") with all the powers and duties provided under PA 436; and

Pursuant to section 9(2) of PA 436, the EM "shall act for and in the place and stead of" the Detroit Mayor and City Council; and

Section 9(2) of PA 436 also grants the EM "broad powers in receivership to rectify the financial emergency and to assure the fiscal accountability of the [City] and the [City's] capacity to provide or cause to be provided necessary governmental services essential to the public health, safety, and welfare;" and

Pursuant to section 10(1) of PA 436, the EM may "issue to the appropriate local elected and appointed officials and employees, agents, and contractors of the local government the orders the [EM] considers necessary to accomplish the purposes of this act;" and

Section 18(1) of PA 436 provides that "[i]f, in the judgment of the [EM], no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the [EM] may recommend to the governor and the

state treasurer that the local government be authorized to proceed under chapter 9" of title 11 of the United States Code (the "Bankruptcy Code"); and

Section 18(1) of PA 436 further provides that "[i]f the governor approves of the [EM's] recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision.... Upon receipt of the written approval, the emergency manager is authorized to proceed under chapter 9 [of the Bankruptcy Code]. This section empowers the local government for which an emergency manager has been appointed to become a debtor under [the Bankruptcy Code], as required by section 109 of [the Bankruptcy Code], and empowers the emergency manager to act exclusively on the local government's behalf in any such case under chapter 9" of the Bankruptcy Code; and

In accordance with section 18 of PA 436, the EM has recommended to the Governor of Michigan (the "Governor") and the Michigan State Treasurer (the "State Treasurer") that the City be authorized to proceed under chapter 9 of the Bankruptcy Code (the "Recommendation"); and

The Governor has provided the State Treasurer and the EM with his written approval of the Recommendation, a true and correct copy of which is attached hereto as Exhibit A, thereby authorizing the City to proceed under chapter 9.

**It is hereby ordered that:**

1. The City shall file a petition for relief under chapter 9 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court").

2. The City's Corporation Counsel, financial advisors, outside legal advisors and other officers and employees of the City, as applicable, are hereby authorized and directed, on behalf of and in the name of the City, to execute and verify the Petition and related Bankruptcy Court filings and perform any and all such acts as are reasonable, appropriate, advisable, expedient, convenient, proper or necessary to carry out this Order, as and to the extent directed by the EM or his designee.

3. If any component of this Order is declared illegal, unenforceable or ineffective in a legal or other forum or proceeding such component shall be deemed severable so that all other components contained in this Order shall remain valid and effective.

4. This Order is effective immediately upon the date of execution below.

5. This Order shall be distributed to the Mayor, City Council members and all department heads.

2

13-53846-swr Doc 2301-1 Filed 01/02/14 Entered 01/02/14 18:08:52 Page 26 of 32
13-53846 Doc 301-1 Filed 07/18/13 Entered 07/18/13 11:26:17 Page 9 of 14

6. The EM may modify, rescind, or replace this Order at any time.

Dated:   July 18, 2013

By: _____
Kevyn D. Orr
Emergency Manager
City of Detroit

cc:    State of Michigan Department of Treasury
       Mayor David Bing
       Members of Detroit City Council

3

# EXHIBIT A

## Governor's Written Approval of Recommendation



STATE OF MICHIGAN
**EXECUTIVE OFFICE**
LANSING

RICK SNYDER
GOVERNOR

BRIAN CALLEY
LT. GOVERNOR

VIA HAND AND ELECTRONIC DELIVERY

July 18, 2013

Kevyn D. Orr
Emergency Manager
City of Detroit
Coleman A. Young Municipal Center
2 Woodward Ave., Suite 1126
Detroit, MI 48226

Andrew Dillon
State Treasurer
Michigan Department of Treasury
4th Floor Treasury Building
430 W. Allegan Street
Lansing, MI 48992

Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding

Dear Mr. Orr and Mr. Dillon,

I have reviewed Mr. Orr's letter of July 16, 2013, requesting my approval of his
recommendation to commence a bankruptcy proceeding for the City of Detroit under
Chapter 9 of title 11 of the United States Code. As you know, state law requires that
any such recommendation must first be approved by the Governor before the
emergency manager may take that step. MCL 141.1558. For the reasons discussed
below, I hereby approve that recommendation and authorize Mr. Orr to make such a
filing.

### Current Financial Emergency

In reviewing Mr. Orr's letter, his Financial and Operating Plan, and his report to
creditors, it is clear that the financial emergency in Detroit cannot be successfully
addressed outside of such a filing, and it is the only reasonable alternative that is
available. In other words, the City's financial emergency cannot be satisfactorily
rectified in a reasonable period of time absent this filing.

I have reached the conclusion that this step is necessary after a thorough review of all
the available alternatives, and I authorize this necessary step as a last resort to return
this great City to financial and civic health for its residents and taxpayers. This decision
comes in the wake of 60 years of decline for the City, a period in which reality was often

ignored. I know many will see this as a low point in the City's history. If so, I think it will also be the foundation of the City's future – a statement I cannot make in confidence absent giving the City a chance for a fresh start, without burdens of debt it cannot hope to fully pay. Without this decision, the City's condition would only worsen. With this decision, we begin to provide a foundation to rebuild and grow Detroit.

Both before and after the appointment of an emergency manager, many talented individuals have put enormous energy into attempting to avoid this outcome. I knew from the outset that it would be difficult to reverse 60 years of decline in which promises were made that did not reflect the reality of the ability to deliver on those promises. I very much hoped those efforts would succeed without resorting to bankruptcy. Unfortunately, they have not. We must face the fact that the City cannot and is not paying its debts as they become due, and is insolvent.

After reading Mr. Orr's letter, the Financial and Operating Plan, and the report to creditors, I have come to four conclusions.

1. Right now, the City cannot meet its basic obligations to its citizens.

2. Right now, the City cannot meet its basic obligations to its creditors.

3. The failure of the City to meet its obligations to its citizens is the primary cause of its inability to meet its obligations to its creditors.

4. The only feasible path to ensuring the City will be able to meet obligations in the future is to have a successful restructuring via the bankruptcy process that recognizes the fundamental importance of ensuring the City can meet its basic obligations to its citizens.

I will explain how I came to each conclusion.

**Inability to Meet Obligations to Its Citizens.** As Mr. Orr's Financial and Operating Plan and the June 14 Creditor Proposal have noted, the scale and depth of Detroit's problems are unique. The City's unemployment rate has nearly tripled since 2000 and is more than double the national average. Detroit's homicide rate is at the highest level in nearly 40 years, and it has been named as one of the most dangerous cities in America for more than 20 years. Its citizens wait an average of 58 minutes for the police to respond to their calls, compared to a national average of 11 minutes. Only 8.7% of cases are solved, compared to a statewide average of 30.5%. The City's police cars, fire trucks, and ambulances are so old that breakdowns make it impossible to keep up the fleet or properly carry out their roles. For instance, only a third of the City's ambulances were in service in the first quarter of 2013. Similarly, approximately 40% of the City's street lights were not functioning in that quarter and the backlog of complaints is more than 3,300 long. Having large swaths of largely abandoned structures -- approximately 78,000 – creates additional public safety problems and reduces the quality of life in the City. Mr. Orr is correct that meeting the obligations the City has to

its citizens to provide basic services requires more revenue devoted to services, not less.

**Inability to Meet Obligations to Its Creditors.** The City has more than $18 billion in accrued obligations. A vital point in Mr. Orr's letter is that Detroit tax rates are at their current legal limits, and that even if the City was legally able to raise taxes, its residents cannot afford to pay additional taxes. Detroiters already have a higher tax rate than anywhere in Michigan, and even with that revenue the City has not been able to keep up with its basic obligations, both to its citizens and creditors. Detroit simply cannot raise enough revenue to meet its current obligations, and that is a situation that is only projected to get worse absent a bankruptcy filing.

**Failure to Meet Obligations to Citizens Creates Failure to Meet Obligations to Creditors.** Mr. Orr's letter and prior report put in stark reality the dramatic impact of the City's plummeting population. While many who love Detroit still live there, many other Detroiters at heart could not justify the sacrifice of adequate services. The City's population has declined 63% from its peak, including a 28% decline since 2000. That exodus has brought Detroit to the point that it cannot satisfy promises it made in the past. A decreasing tax base has made meeting obligations to creditors impossible. Mr. Orr is correct when he says the City cannot raise the necessary revenue through tax increases, and it cannot save the necessary revenue through reducing spending on basic services. Attempts to do so would only decrease the population and tax base further, making a new round of promises unfulfillable.

**Only One Feasible Path Offers a Way Out.** The citizens of Detroit need and deserve a clear road out of the cycle of ever-decreasing services. The City's creditors, as well as its many dedicated public servants, deserve to know what promises the City can and will keep. The only way to do those things is to radically restructure the City and allow it to reinvent itself without the burden of impossible obligations. Despite Mr. Orr's best efforts, he has been unable to reach a restructuring plan with the City's creditors. I therefore agree that the only feasible path to a stable and solid Detroit is to file for bankruptcy protection.

The past weeks have reaffirmed my confidence that Mr. Orr has the right priorities when it comes to the City of Detroit. I am reassured to see his prioritization of the needs of citizens to have improved services. I know we share a concern for the public employees who gave years of service to the City and now fear for their financial future in retirement, and I am confident that all of the City's creditors will be treated fairly in this process. We all believe that the City's future must allow it to make the investment it needs in talent and in infrastructure, all while making only the promises it can keep. Let us remain in close communication regarding measures Mr. Orr might take so we can discuss the possible impacts that might occur both within and outside of the City.

## Contingencies

2012 PA 436 provides that my approval of the recommendation to commence a Chapter 9 proceeding may place contingencies on such a filing. MCL 141.1558(1). I am choosing not to impose any such contingencies today. Federal law already contains the most important contingency – a requirement that the plan be legally executable. 11 USC 943(b)(4).

## Conclusion

In conclusion, I find Mr. Orr's Recommendation Letter to be persuasive, especially in conjunction with his prior reports laying out the level of services the City can provide and its financial ability to meet its obligations to creditors. I am also convinced that Mr. Orr has exercised his best efforts to arrive at a restructuring plan with the City's creditors outside of bankruptcy, to no avail. Given these facts, the only feasible path to sustainability for the City of Detroit is a filing under chapter 9 of the bankruptcy code. Therefore, I hereby approve Mr. Orr's recommendation and authorize the emergency manager to make such a filing on behalf of the City of Detroit and to take all actions that are necessary and appropriate toward that end.

Sincerely,

Richard D. Snyder
Governor
State of Michigan