IT IS HEREBY ORDERED, for the reasons stated on the record, that
*ORDER TO ENFORCEMENT OF ORDER GRANTING PLAINTIFFS*
Defendants' Request for a Stay of this pending appeal is denied, *OTHER RELIEF DESCRIBED*
*MOTION FOR PRELIMINARY INJUNCTION AND*
*IN THE ORDER IS DENIED,*

*Rosemarie E Aquilina*
*P37670*

**IT IS SO ORDERED**

HON. ROSEMARIE E. AQUILINA
COURT OF CLAIMS JUDGE

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30212
LANSING, MICHIGAN 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

July 19, 2013

Ms. Kimberly S. Hauser
Michigan Court of Appeals
Hall of Justice
925 W. Ottawa St.
P.O. Box 30022
Lansing, MI 48909-7522

Re:   *Webster v Snyder*, Ingham County Circuit Court No. 13-734-CZ, COA
      Docket Nos 317286, 317292; *Flowers v Snyder*, Ingham County Circuit
      Court No. 13-729-CZ, COA Docket No. 317285; *The General
      Retirement System of the City of Detroit v Orr*, Ingham County Circuit
      Court No. 13-768-CZ, COA Docket No. 317284;

Dear Clerk Hauser:

As the Court is aware from our filings on behalf of Governor Snyder,
Emergency Manager Orr, Treasurer Dillon, and the State of Michigan earlier today,
Judge Aquilina of the Ingham County Circuit Court issued temporary-restraining
and preliminary-injunction orders yesterday after the Governor had already
authorized and Emergency Manager Orr had already filed a Chapter 9 bankruptcy
petition on behalf of the City of Detroit. In our three applications for leave to
appeal and accompanying motions, we ask the Court to stay the effect of the orders
and stay all further trial-court proceedings.

A short time ago, Judge Aquilina concluded additional proceedings in these
matters. In *Webster v Snyder,* Judge Aquilina entered final judgment on plaintiffs'
claim for declaratory relief, denied the State's motions for summary disposition and
for stay, and directed that her orders be transmitted directly to the President of the
United States. In *Flowers v Snyder*, Judge Aquilina amended her previously issued
preliminary injunction, and denied the State's motions for summary disposition and
again denied motions for stay.

These are extraordinary actions, because Judge Aquilina has no legal basis to
enter orders of any kind. As explained in the application for leave filed in *The*

*General Retirement System of the City of Detroit v Orr*, there is an automatic stay in place by virtue of the bankruptcy filing. In addition, Judge Aquilina did not even consider the factors for injunctive relief. And plaintiffs cannot show a likelihood of success on the merits (their claims are not yet ripe and can be litigated fully in the bankruptcy court), there is no danger of irreparable harm (for the same reasons), the harm to defendants' executive branch power outweighs any potential harm to plaintiffs (since they can litigate all of their claims in the bankruptcy court), and the harm to the public is immense.

These proceedings could not be more high stakes. The City of Detroit is in the most desperate financial straits, with estimated debt of $18 to $20 billion, roughly $24,000 per City resident. If Detroit were a state, its debt load would exceed that of 43 other states. And due to the City of Detroit's unsustainable debt load, the City has lost the ability to provide even the most basic services to its residents. Citizens wait an average of 58 minutes for the police to respond to their calls. Only 8.7% of criminal cases are solved. In the first quarter of 2013, 40% of the City's street lights were not functioning, and only one-third of the City's ambulances were in service. The bankruptcy is essential to Detroit being able to serve the basic health and safety needs of its citizens.

Enclosed is the final judgment in the *Webster* case, as well as all other orders entered today by the trial court in these cases, and accompanying motion for emergency consideration and consolidation. Defendants seek an immediate stay of *all* trial court orders in these cases, and a stay of *all* further trial court proceedings. I am available 24-7 at 517.898.5986 if the Court would like to conduct a telephonic hearing, or requires any additional information.

Sincerely,

/s/John J. Bursch

Michigan Solicitor General
Solicitor General Bureau

[Writer/typist initials]
[Enclosure or Enclosures or Enc. or Enc. (#)]
cc:    [Name]

[Tracer Line]

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

FLOWERS, ET AL

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-729-CZ

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this 19 day of July, 201_

PRESENT: The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that DEFENDANTS' MOTION TO STAY PENDING APPEAL, ENFORCEMENT OF THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND THE ORDER OF PRELIMINARY INJUNCTION IS DENIED FOR THE REASONS STATED FROM THE BENCH.

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: _____          _____
                     Plaintiff / Plaintiff's Attorney        Defendant / Defendant's Attorney

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

_FLOWERS, ET AL_ ,

Plaintiff,

v

_RICK SNYDER, ET AL_ ,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: _13-729-CZ_

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this _19_ day of _July_ , 201_

PRESENT:     The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that _DEFENDANTS' MOTION FOR SUMMARY_
_DISPOSITION IS DENIED FOR THE REASONS STATED_
_FROM THE BENCH._

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P57670)
Circuit Court Judge

Approved as to form: _____        _____
Plaintiff / Plaintiff's Attorney          Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

ROBBIE FLOWERS, MICHAEL WELLS,
JANET WHITSON, MARY WASHINGTON and
BRUCE GOLDMAN

                Plaintiffs,

vs.

                                       Case No. 13-729-CZ
                                       Hon. Rosemarie Aquilina

RICK SNYDER, as the Governor of the State
of Michigan; ANDY DILLON, as the Treasurer of
the State of Michigan; and the STATE OF MICHIGAN,

                Defendants.

_____/

| | |
|---|---|
| William A. Wertheimer (P26275) | Thomas Quasarano (P27982) |
| Attorney for plaintiffs | Brian Devlin (P34685) |
| 30515 Timberbrook Lane | Assistant Attorneys General |
| Bingham Farms, MI 48025 | PO Box 30754 |
| 248-644-9200 | Lansing, MI 48909 |
| billwertheimer@gmail.com | quasaranot@michigan.gov |

Andrew Nickeloff (P37990)
Marshall J. Widick (P53942)
James A. Britton (P71157)
Attorneys for plaintiffs
Sachs Waldman
1000 Farmer
Detroit, MI 48226
313-496-9429
anickelhoff@sachswaldman.com
mwidick@sachswaldman.com
jabritton@sachswaldman.com

_____

Amended
PRELIMINARY INJUNCTION
At a session of the Court, held in the City of Lansing,
County of Ingham, State of Michigan
on _19 July 13_

PRESENT: Hon. Rosemarie E. Aquilina
CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiffs' Amended Verified Complaint and Motion for a Preliminary Injunction; the Court being fully advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in Plaintiffs' Complaint; Plaintiffs having adequately shown that a failure to immediately issue a Preliminary Injunction will cause irreparable injury to Plaintiffs by permitting the Governor and the State Treasurer ("Defendants") to authorize or otherwise proceed with Chapter 9 bankruptcy petition on behalf of the City of Detroit, or to aid in such a proceeding, wherein Plaintiffs' accrued financial benefits will be impaired; and the Court being otherwise fully informed in the premises and finding good cause:

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants are immediately and preliminarily enjoined and restrained from taking any action as to the authorization of a Chapter 9 bankruptcy proceeding for the City of Detroit and/or the filing of a Chapter 9 bankruptcy petition, or any action in aid and assistance as to the same;

IT IS FURTHER ORDERED that this preliminary injunction shall remain in full force and effect until further order of the Court.

IT IS SO ORDERED.

_Rosemarie E. Aquilina_
CIRCUIT COURT JUDGE  P37670

DATE: 19 July 13
TIME: 11:30 a.m.

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

_WEBSTER, ET AL_ ,

Plaintiff,

v

_RICK SNYDER, ET AL_ ,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: _13-734-CZ_

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this _19_ day of _July_, 201_

PRESENT:   The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that _DEFENDANTS' MOTION FOR SUMMARY_

_DISPOSITION IS DENIED FOR THE REASONS STATED_

_FROM THE BENCH._

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: _____     _____
                     Plaintiff / Plaintiff's Attorney      Defendant / Defendant's Attorney

# STATE OF MICHIGAN

## IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

_WEBSTER, ET AL_____,

Plaintiff,

**ORDER**

v

HON. ROSEMARIE E. AQUILINA

_RICK SNYDER, ET AL_____,

Docket No: _13-734-CZ_

Defendant.

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this _17_ day of _July_, 201_

PRESENT:   The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that _DEFENDANTS' MOTION TO STAY, PENDING_
_APPEAL, THE ENFORCEMENT OF THE COURT'S ORDER_
_GRANTING PLAINTIFFS' MOTION FOR DECLARATORY_
_JUDGMENT AND THE ORDER OF DECLARATORY JUDGMENT_
_IS DENIED FOR THE REASONS STATED FROM THE_
_BENCH._

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P57670)
Circuit Court Judge

Approved as to form:
_____          _____
Plaintiff / Plaintiff's Attorney          Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

      Plaintiffs,

vs                             Case No. 13-734-CZ
                                Hon.  Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

      Defendants.

_____

## ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this 19th day of July, 2013.

PRESENT: _Rosemarie E Aquilina_
               Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the

constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial

Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436

permits the Governor to authorize an emergency manager to proceed under chapter 9 of the

bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter

9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

*A copy of this Order shall be transmitted to President Obama.*

*It is so Ordered.* Rosemarie E. Aquilina
P 37670

Circuit Court Judge

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

THE GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT, and THE
POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,

               Plaintiffs,

    vs.

KEVYN D. ORR, in his official capacity as the
EMERGENCY MANAGER OF THE CITY OF
DETROIT, and RICHARD SNYDER, in his
official capacity as the GOVERNOR OF THE
STATE OF MICHIGAN,

               Defendants.

Case No. 13-768-CZ

Hon. Rosemarie E. Aquilina

_____/

Ronald A. King (P45088)
Aaron O. Matthews (P64744)
Michael J. Pattwell (P72419)
CLARK HILL PLC
212 East Grand River Avenue
Lansing, Michigan 48906
(517) 318-3100
Attorneys for Plaintiffs

_____/

## AMENDED TEMPORARY RESTRAINING ORDER

At a session of said Court, held in the City of
Lansing, County of Ingham, State of Michigan
on _____19 July 13_____

PRESENT: HON. _Rosemarie E. Aquilina_
              CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiffs' Complaint with verification and

*Ex-Parte* Motion for a Temporary Restraining Order and oral *ex-parte* motion for amendment to

the Temporary Restraining Order entered by the Court on July 18, 2013; the Court being fully

9216278.1 14893/161046

advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in Plaintiffs' Complaint; Plaintiffs having adequately shown that a failure to immediately issue a Temporary Restraining Order will cause irreparable injury to Plaintiffs by permitting the Governor and the Emergency Manager ("Defendants") to authorize and file a Chapter 9 bankruptcy petition, plan of adjustment, and/or other bankruptcy filings whereby Plaintiffs' accrued financial benefits may be impaired; and the Court being otherwise fully informed in the premises and finding good cause:

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants *and their agents and representatives* are immediately and temporarily enjoined and restrained from taking any further action that may: (i) cause or further the accrued financial benefits of the Retirement Systems or their participants from in any way being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution; or (ii) otherwise abrogates Article IX, section 24, of the Michigan Constitution;

IT IS FURTHER ORDERED that Defendants *and their agents and representatives* are immediately and temporarily enjoined and restrained from filing with the United States Bankruptcy Court a plan of adjustment or any other filing pursuant to Chapter 9 of the United States bankruptcy code which seeks to impair or diminish the accrued financial benefits of the Retirement Systems or their participants;

IT IS FURTHER ORDERED that the Court shall hold a hearing on July 22, 2013 at 9:00 a.m. whereby Defendants shall show cause why a Preliminary Injunction shall not issue; and

IT IS FURTHER ORDERED that this temporary restraining order shall remain in full force and effect until *22 Aug.*, 2013 at 5:00 p.m.

IT IS SO ORDERED.

2

Rosemarie E. Aquilina

CIRCUIT COURT JUDGE    P37670

DATE: 19 July 13

TIME: 12:30 PM

3

RECEIVED by Michigan Court of Appeals 7/9/2013 12:30:05 PM

| Lower Court or Tribunal | STATE OF MICHIGAN IN THE COURT OF APPEALS **Cover Sheet** | CASE NO. | | |
|---|---|---|---|---|
| Ingham Circuit Court | | CIRCUIT: | Year 13 | Number 734 | Case Type CZ |
| | | COURT OF APPEALS: | | |

| Filing Party Last Name or Business/Entity/Agency Name | Attorney Last Name |
|---|---|
| Michigan Department of Attorney General | Meingast |

| Filing Party First Name | M.I. | Attorney First Name | M.I. | P Number |
|---|---|---|---|---|
| | | Heather | | 55439 |

Address (Street 1, Street 2, City, State, and ZIP Code)

Address(Street 1, Street 2, City, State, and ZIP Code)

525 W. Ottawa, 4th Floor

Lansing     MI   48913

Attorney Telephone Number

(517)373-4875

| Type | Filename/Description | Filing Fee | Doc Fee | Total This Filing |
|---|---|---|---|---|
| Application | Emergency Application for Leave to Appeal | $5.00 | ---- | $5.00 |

|  |  |  |
|---|---|---|
| | 3% Service Fee: | $0.15 |
| **Fee Substitute/Alternate Payment** | **Total All Filings:** | **$5.15** |

**Reason:**

| | |
|---|---|
| ☐ | **Appointed Counsel** |
| ☐ | **Motion To Waive Fee** |
| ☐ | **Fees Waived in this Case** |
| X | **MI InterAgency Transfer** |
| ☐ | **No Fee per MCR 7.203(F)(2)** |

Filer Office Use Only:   2013

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin. As a recipient of service of these documents, you may wish to go to https://wiznet.wiznet.com/appealsmi to register as a user of the electronic filing system.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

| Lower Court or Tribunal | STATE OF MICHIGAN IN THE COURT OF APPEALS | CASE NO. | Year | Number | Case Type |
|---|---|---|---|---|---|
| Ingham Circuit Court | **Proof of Service** | CIRCUIT: | 13 | 734 | CZ |
| | | COURT OF APPEALS: | | | |

Case Name:   Gracie Webster and Veronica Thomas v Rick Snyder, Andy Dillon, and State of Michigan

On  7/19/2013   , one copy of the following documents:

Application                              Emergency Application for Leave to Appeal

was delivered to the persons listed below:

| Date | Signature |
|---|---|
| 7/19/2013 | /s/Aimee L. Nelson |

| Bar Number | Name | Delivery Method | Service Address |
|---|---|---|---|
| P- 30417 | Canzano, John R | Email | jcanzano@michworklaw.com |

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin. As a recipient of service of these documents, you may wish to log on to https://wip.courts.mi.gov/coa/appealsmi to register as a user of the electronic filing system.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

STATE OF MICHIGAN
IN THE COURT OF APPEALS

GRACIE WEBSTER and
VERONICA THOMAS,

     Plaintiffs-Appellees,

v

RICK SNYDER, as the Governor of the
State of Michigan, ANDY DILLON, as the
Treasurer of the State of Michigan, and the
STATE OF MICHIGAN,

     Defendants-Appellants,

Docket No.
Case No. 13-734-CZ
Hon. Rosemarie Aquilina

> **This appeal involves a ruling prohibiting State governmental action. Emergency relief requested under MCR 7.205(E).**

---

**ACTION REQUIRED BY THE END OF BUSINESS FRIDAY, JULY 19, 2013**

**DEFENDANTS RICKY SNYDER, AND DILLON, AND THE STATE OF MICHIGANS' EMERGENCY APPLICATION FOR LEAVE TO APPEAL**

Bill Schuette
Attorney General

John J. Bursch (P57679)
Solicitor General
Counsel of Record

Matthew Schneider (P62190)
Chief Legal Counsel

Margaret A. Nelson (P30342)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendants–Appellants
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

Dated: July 19, 2013.

# TABLE OF CONTENTS

Page

Table of Contents ............................................................................................ i

Index of Authorities ....................................................................................... iii

Statement of Question Presented .................................................................. v

Statement of Jurisdiction .............................................................................. 1

Introduction ................................................................................................... 2

Statement of Facts and Proceedings Below .................................................. 4

Argument ....................................................................................................... 7

I.     The trial court abused its discretion by enjoining Defendants from
       taking "any further action" that would diminish or impair Plaintiffs'
       pension benefits where the filing of the City of Detroit's bankruptcy
       petition renders their claim moot, and where Plaintiffs failed to satisfy
       the requirements for issuance of a TRO. ............................................ 7

       A.     Standard of Review ..................................................................... 7

       B.     Plaintiffs' constitutional challenge to the Local Financial
              Stability and Choice Act and request for relief are moot. ........ 8

       C.     Plaintiffs failed to satisfy the requirements for granting
              injunctive relief. ......................................................................... 9

              1.     No substantial likelihood of success on the merits. ......... 9

                     a.     Plaintiffs' request for injunctive relief was
                            premature and overbroad. ...................................... 9

                     b.     Plaintiffs' lack standing to bring this action. ........ 11

                            i.     Plaintiffs have not pled facts sufficient to
                                   establish a legal cause of action. ................. 11

                            ii.    Plaintiffs do not meet the requirements of
                                   MCR 2.605. .................................................. 14

                            iii.   Plaintiffs have not established a special
                                   injury, right, or substantial interest that will

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

be detrimentally affected in a manner
different from that of the citizenry at large. ......... 15

    c.    Plaintiffs' alleged constitutional claim is not ripe
for review. ........................................................................ 16

    d.    Plaintiffs' complaint fails to state a claim upon
which this Court may grant relief. .................................... 17

2.    Plaintiffs did not demonstrate irreparable harm. ....................... 19

3.    The injunction's harm to Defendants outweighs the harm
to Plaintiffs in the absence of an injunction. .............................. 19

4.    The TRO harms the public interest. ........................................... 20

5.    Defendants request emergency relief under MCR
7.205(E)(2). ................................................................................... 20

Conclusion and Relief Requested ............................................................... 21

ii

70

13-53846-swr   Doc 2361-5   Filed 01/02/14   Entered 01/02/14 18:28:52   Page 5 of 37
13-53846-swr   Doc 2361-1   Filed 01/02/14   Entered 01/02/14 14:22:02   Page 20 of 37

# INDEX OF AUTHORITIES

Page

**Cases**

*Davis v City of Detroit Financial Review Team,*
296 Mich App 568; 821 NW2d 896 (2012) ........................................ 7, 10

*Detroit Fire Fighters Ass'n v Detroit,*
482 Mich 18; 753 NW2d 579 (2008) ................................................ 7

*Gen Motors Corp v Dep't of Treasury,*
290 Mich App 355; 803 NW2d 698 (2010) ...................................... 8

*Genesis Ctr, PLC v Comm'r of Financial & Ins Servs,*
246 Mich App 531; 633 NW2d 834 (2001) ...................................... 14

*In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA
71,*
479 Mich 1; 740 NW2d 444 (2007) ................................................ 18

*Jeffrey v Clinton Twp,*
195 Mich App 260; 489 NW2d 211 (1992) ...................................... 7

*Michigan Chiropractic Council v Comm'r of Ins,*
475 Mich 363; 716 NW2d 561 (2006) ............................................ 16, 17

*Michigan Coalition of State Employee Unions, et al v Civil Service
Commission,*
465 Mich 212, n 11; 634 NW2d 692 (2001) .................................... 7

*Rinaldi v Civil Service Comm,*
69 Mich App 58; 244 NW2d 609 (1976) .......................................... 8

*Shavers v Attorney General,*
402 Mich 554; 267 NW2d 72 (1978) .............................................. 14

*Stewart v Algonac Savings Bank,*
263 Mich 272; 248 NW 619 (1933) ................................................ 8

*Straus v Governor,*
230 Mich App 222; 583 NW2d 520 (1998) ...................................... 9, 17

*Straus v Governor,*
459 Mich 526; 592 NW2d 53 (1999) .............................................. 9, 10, 17

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

*The General Retirement System of the City of Detroit v Orr et al.,*
13-768-CZ ................................................................................................ 21

*UAW v Central Mich Univ Trustees,*
295 Mich App 486; 815 NW2d 132 (2012) ............................................. 14

## Statutes

11 USC 901(a) ............................................................................................... 16

11 USC 943 ............................................................................................... 16, 19

11 USC 943(b)(4) .......................................................................................... 16

11 USC 943(b)(7) .......................................................................................... 16

MCL 141.1541 .................................................................................................. 2

MCL 141.1552(1)(m) ...................................................................................... 18

MCL 141.1558(1) .................................................................................... 4, 8, 18

## Rules

MCL 141.1572 ........................................................................................... 12, 15

MCR 2.605 ............................................................................................ 11, 14, 15

MCR 3.310(A) .................................................................................................... 7

MCR 3.310(A)(4) ............................................................................................... 7

MCR 7.202 ......................................................................................................... 1

MCR 7.203 ......................................................................................................... 1

MCR 7.205 ......................................................................................................... 1

MCR 7.205(E)(2) ....................................................................................... 20, 21

## Constitutional Provisions

Const 1963, art 3, § 2 .................................................................................... 19

Const 1963, art 9, § 24 ........................................................................... passim

## STATEMENT OF QUESTION PRESENTED

1.     Whether the trial court abused its discretion by preliminarily enjoining Defendants from taking "any action in aid and assistance" of the City of Detroit's Chapter 9 bankruptcy proceeding, where the filing of the petition rendered Plaintiffs' claim moot, and where Plaintiffs failed to satisfy the requirements for issuance of an injunction.

    Appellants' answer:     Yes.

    Appellees' answer:     No.

    Trial court's answer:     No.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# STATEMENT OF JURISDICTION

Defendants Governor Rick Snyder, Treasurer Andy Dillon, and the State of Michigan seek leave to appeal a July 18, 2013 temporary restraining order issued by Ingham County Circuit Court Judge Rosemarie Aquilina that enjoins Defendants from taking any actions that would threaten Plaintiffs' city pensions in relation to the City of Detroit's bankruptcy proceeding. (Exhibit 1.)

This Court has jurisdiction to grant leave to appeal under MCR 7.202(6)(a) and MCR 7.203(B)(1), and the application was timely filed under MCR 7.205(A)(1).

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

**INTRODUCTION**

At 4:06 p.m. on July 18, 2013, the Governor and the Emergency Manager for the City of Detroit gave the City a chance at a fresh start by filing a petition to initiate Chapter 9 bankruptcy proceedings in federal court. The petition is the culmination of weeks and months of careful review of the City's astonishingly poor financial condition, estimated to include $18-$20 *billion* in debt, more than 43 other *states*. The filing represents the City's only option for solving its longstanding fiscal crises, and it will require sacrifice.

But just minutes later, at 4:25 p.m., the trial court issued a temporary restraining order (TRO) enjoining the Governor, the Treasurer, and the State from Defendants from taking any actions that would aid the City of Detroit's Chapter 9 bankruptcy proceeding. (Exhibit 1.) This injunction is unlawful for a number of reasons.

First, Plaintiffs' complaint and request for relief, which seek to declare the Local Financial Stability and Choice Act (Act), MCL 141.1541, *et seq.* unconstitutional and prohibit the Governor from authorizing the City to proceed under Chapter 9, is now moot. The Governor has authorized the bankruptcy proceeding and the petition has been filed. Neither the Governor, nor the other Defendants, have any further role with respect to the bankruptcy proceeding.

Second, Plaintiffs failed to satisfy any of the factors for granting injunctive relief. In particular, Plaintiffs have no likelihood of success on the merits of their claims where they lack standing, their claim is not ripe, and their facial constitutional challenge to the Act fails as a matter of law. And Plaintiffs failed to

show any irreparable harm since it is entirely speculative at this time regarding whether Plaintiffs' pensions benefits will be diminished or impaired in bankruptcy.

Defendants respectfully request that this Court grant leave to appeal, dissolve the TRO, and stay all proceedings in the trial court in this and two companion cases, so that the Detroit bankruptcy may proceed and Plaintiffs' merits claims may be litigated in the proper forum—bankruptcy court.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

## STATEMENT OF FACTS AND PROCEEDINGS BELOW

Plaintiffs, as beneficiaries of the City of Detroit's pension system, brought a facial constitutional challenge to the Act asserting that it is unconstitutional because it permits the Governor to authorize a proceeding in Chapter 9 bankruptcy, allegedly in violation of article 9, § 24 of the 1963 Constitution.[1]  They seek a declaratory judgment that the Act "is unconstitutional and in violation of [art 9, § 24] of the Michigan Constitution because [the Act] permits accrued pension benefits to be diminished or impaired by bankruptcy proceedings in direct contravention of the Constitution." (Exhibit 2, Complaint, ¶ 1.)  Plaintiffs moved for an expedited hearing on their request for declaratory relief, or requested in the alternative a preliminary injunction enjoining the Governor from authorizing a bankruptcy proceeding under the Act.

Section 18(1), MCL 141.1558(1), of the Act provides:

> If, in the judgment of the emergency manager, no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the emergency manager may recommend to the governor and the state treasurer that the local government be authorized to proceed under chapter 9. If the governor approves of the recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision, with a copy to the superintendent of public instruction if the local government is a school district.  The governor may place contingencies on a local government in order to proceed under chapter 9.

---

[1] Article 9, § 24 of the 1963 Constitution provides, in part: "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby."

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Plaintiffs allege they are entitled to declaratory relief and a final judgment that the Act is unconstitutional because the Act does not prohibit the Governor from authorizing a Chapter 9 bankruptcy, which threatens to diminish or impair Plaintiffs' accrued pension benefits contrary to art 9, § 24. (Exhibit 2, Complaint, ¶26.) Plaintiffs request relief and ask the trial court to intrude on the Governor's authority to authorize a bankruptcy proceeding; and that the City's pension funds might be detrimentally affected during a Chapter 9 proceeding in federal bankruptcy court. (Exhibit 2, Complaint, ¶27 and 28.) The trial court scheduled a hearing on Plaintiffs' motion for an expedited declaratory judgment on July 22, 2013.

But on July 16, 2013, the Emergency Manager for the City recommended to the Governor that the City be authorized to proceed under Chapter 9 of Title 11 to the United States Code, as permitted by section 18(1) of the Act. (Exhibit 3, Governor Letter.) And late in the day on July 18, 2013, the Governor approved the recommendation and authorized the Emergency Manager to proceed on behalf of the City in bankruptcy. *Id.*

At 4:06 p.m. the Emergency Manager filed the City's petition with the United States Bankruptcy Court for the Eastern District of Michigan. (Exhibit 4, Petition.) Before the actual filing, however, Plaintiffs appeared in the trial court seeking a TRO in connection with their prior motion for expedited declaratory relief and/or for a preliminary injunction. (Exhibit 5, Motion.) Defendants were notified of the request for TRO, and appeared at the trial court to argue against its issuance.

Ultimately, the trial court issued a TRO at 4:25 p.m. despite knowing that the petition had already been filed (a fact that meant the automatic stay of all state-court proceedings had already begun). The trial court denied Defendants' motion to stay. (Exhibit 6, Order.)

Because the trial court abused its discretion in issuing the TRO, Defendants file the instant emergency application for leave to appeal along with motions to stay the TRO, stay the proceedings, waive the transcript requirement, and for immediate consideration.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

6

70

13-53846-swr   Doc 2361-1   Filed 01/02/14   Entered 01/02/14 18:08:52   Page 29 of 87
13-53846-swr   Doc 1221-1   Filed 10/17/13   Entered 10/17/13 14:22:01   Page 29 of 87

# ARGUMENT

I.    **The trial court abused its discretion by enjoining Defendants from taking "any further action" that would diminish or impair Plaintiffs' pension benefits where the filing of the City of Detroit's bankruptcy petition renders their claim moot, and where Plaintiffs failed to satisfy the requirements for issuance of a TRO.**

A.    **Standard of Review**

Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury. MCR 3.310(A); *Davis v City of Detroit Financial Review Team*, 296 Mich App 568, 613-614; 821 NW2d 896 (2012); *Michigan Coalition of State Employee Unions, et al v Civil Service Commission*, 465 Mich 212, 226, n 11; 634 NW2d 692 (2001). To obtain a temporary or preliminary injunction, a plaintiff must prove that (1) he is likely to prevail on the merits; (2) he will be irreparably harmed if an injunction is not issued; (3) the harm to him absent an injunction outweighs the harm that an injunction would cause the defendants; and (4) there will be no harm to the public interest if an injunction is issued. *Detroit Fire Fighters Ass'n v Detroit*, 482 Mich 18, 34; 753 NW2d 579 (2008). A court's exercise of its discretion to consider injunctive relief may not be arbitrary, but rather must be in accordance with the fixed principles of equity jurisdiction and the evidence in the case. *Jeffrey v Clinton Twp*, 195 Mich App 260, 263; 489 NW2d 211 (1992). When seeking injunctive relief, the plaintiff has the burden of proof on each of these factors. MCR 3.310(A)(4). Plaintiffs did not met their burden here, and their motion should have been denied.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

## B. Plaintiffs' constitutional challenge to the Local Financial Stability and Choice Act and request for relief are moot.

"An issue is . . . moot when a judgment, if entered, cannot for any reason have a practical effect on the existing controversy." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Here, Plaintiffs' Complaint asked the trial court to declare the Act unconstitutional because it permits the Governor to authorize the City to proceed in Chapter 9 bankruptcy, allegedly in violation of article 9, § 24 of the 1963 Constitution. (Exhibit 2, Complaint.) Plaintiffs asked the Court to declare or prohibit the Governor and Treasurer from authorizing the bankruptcy. *Id.* [2]

These requests are moot because the Governor has now authorized the Emergency Manager to proceed in bankruptcy, and the petition has been filed. The Defendants have no further duties with respect to the City's bankruptcy proceeding in federal court. Section 18(1) of the Act, MCL 141.1558(1), expressly "empowers the emergency manager to act *exclusively* on the local government's behalf in any such case under chapter 9." (Emphasis added.) Thus, there is no judgment the trial court could issue in this case that would have a practical effect on the alleged controversy. [3] Indeed, the TRO will have no practical effect with respect to

---

[2] Although Plaintiffs requested that relief be issued against Defendant Dillon, Defendant Dillon has no authority to authorize a bankruptcy, only the Governor may do so. MCL 141.1558(1).

[3] Moreover, courts avoid reaching constitutional issues if alternative means are available for deciding a case. *See Stewart v Algonac Savings Bank,* 263 Mich 272, 284; 248 NW 619 (1933); *Rinaldi v Civil Service Comm,* 69 Mich App 58, 69; 244 NW2d 609 (1976) ("We will not undertake a constitutional analysis when we can avoid it.").

8

13-53846-swr   Doc 2361-1   Filed 01/02/14   Entered 01/02/14 18:29:52   Page 81 of 87
13-53846-swr   Doc 1221-1   Filed 10/17/13   Entered 10/17/13 14:28:05   Page 81 of 87
70

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Plaintiffs' claims because, again, the Defendants have no further duties pertaining to the bankruptcy. Because Plaintiffs' Complaint is moot, the trial court abused its discretion in granting the TRO.

### C. Plaintiffs failed to satisfy the requirements for granting injunctive relief.

#### 1. No substantial likelihood of success on the merits.

Plaintiffs cannot demonstrate a substantial likelihood of success on the merits of their claim that the Act is unconstitutional under article 9, § 24 because their requested injunctive relief is premature and overbroad; they lack standing; their claim is unripe; and, their facial constitutional challenge fails as a matter of a law.

##### a. Plaintiffs' request for injunctive relief was premature and overbroad.

A court is "at all times [ ] required to question sua sponte its own jurisdiction (whether over a person, the subject matter of an action, *or the limits on the relief it may afford*)." *Straus v Governor*, 459 Mich 526, 532; 592 NW2d 53 (1999), quoting *Straus v Governor*, 230 Mich App 222; 583 NW2d 520 (1998) (citation omitted) (emphasis added). In *Strauss*, the Michigan Supreme Court, in adopting this Court's opinion, expressed "doubt with respect to the propriety of injunctive relief against the Governor," and observed that "separation of powers principles, preclude *mandatory* injunctive relief, mandamus, against the Governor." *Id.* (citations omitted) (emphasis added). The Court further observed that whether the same

9

reasoning also precludes *"prohibitory* injunctive relief" was an open question "that need not be resolved in [that] case." *Id.* (emphasis added). However, the Court also recognized, if not emphasized that

> declaratory relief normally will suffice to induce the legislative and *executive* branches, the principal members of which have taken oaths of fealty to the constitution identical to that taken by the judiciary, to conform their actions to constitutional requirements or confine them within constitutional limits. *Only when declaratory relief has failed should the courts even begin to consider additional forms of relief in these situations.* [*Id.* (emphasis added). See also *Davis v City of Detroit Financial Review Team*, 296 Mich App 568, 614, 632-635; 821 NW2d 896 (2012) (O'Connell, J., concurring).]

Thus, there is essentially a presumption that injunctive relief, of any kind, may not be entered against the Governor unless declaratory relief has failed. That principle controls here, because Plaintiffs did not first attempt to secure declaratory relief and, only then, seek injunctive relief. Their request for an injunction should have been denied as premature.

Plaintiffs' request for injunctive relief should also have been denied because it was overbroad. The trial court entered the following TRO:

> Defendants are immediately and temporarily enjoined and restrained from taking any action (including the authorization of an unconditional bankruptcy proceeding for the City of Detroit and/or the filing of a Chapter 9 bankruptcy), *or taking any further action with respect to* any filing which has already occurred *that may*: (i) cause the accrued financial benefits of the Retirement System or their participants from *in any way* being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution, or (ii) otherwise abrogate Article IX, section 24, of the Michigan Constitution. [Exhibit 1 (emphasis added).]

As noted above, the Governor had already concluded his duty with respect to the bankruptcy filing at the time the TRO was issued and the Treasurer never had

13-53846-swr   Doc 2361-1   Filed 01/02/14   Entered 01/02/14 18:29:52   Page 83 of 87

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

any duties under section 18(1) to begin with. But each continue to have obligations and duties to perform with respect to the State of Michigan, its agencies, and citizens. The language of the injunction is broad (or vague) enough to encompass general actions taken by these Defendants in their executive capacities. Thus, Plaintiffs' request should have been denied to the extent it is overbroad and not narrowly tailored to the facts and legal arguments.

### b. Plaintiffs' lack standing to bring this action.

In *Lansing School Education Ass'n v Lansing Board of Education*, 487 Mich 349, 355, 372; 792 NW2d 686 (2010), the Michigan Supreme Court reinstated Michigan's previous "prudential" standing test, which automatically conferred standing upon any party who has a "legal cause of action," regardless of whether the underlying issue is justiciable. "Under this approach, a litigant has standing whenever there is a legal cause of action" or the requirements of MCR 2.605 to seek a declaratory judgment are satisfied. *Id.* at 372. If a specific cause of action at law does not exist for the plaintiff, then the following applies:

> A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Id.*]

In this case, Plaintiffs cannot meet even this liberalized standard.

### i. Plaintiffs have not pled facts sufficient to establish a legal cause of action.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Plaintiffs have not pled facts sufficient to establish that a violation of their rights under article 9, § 24 has occurred or to establish that a cause of action exists under the Act; they do not even attempt to do so. Indeed, the Act expressly states that it provides no cause of action: "A cause of action . . . may not be maintained for any activity authorized by this act, or for the act of a local government filing under chapter 9, including any proceeding following a local government's filing." MCL 141.1572 (emphasis added).

Moreover, there are other additional contingencies that would need to occur before any "threat" to Plaintiffs' pension benefits could arise. For instance:

- Even with the filing of a bankruptcy action, the City of Detroit must meet additional requirements before the case may proceed including completing a Plan of Reorganization to adjust its debts. The City must satisfy one of four requirements: (1) obtain an agreement from creditors holding a majority of the amount of claims of each class the debtor intends to impair under a plan, (2) negotiate in good faith with creditors and fail to obtain an agreement of creditors holding a majority of the amount of claims of each class the debtor intends to impair under a plan, (3) be unable to negotiate with creditors because it is impractical, or (4) reasonably believe a creditor may attempt to obtain a preference. 11 USC 109(c); and

- The plan must be confirmed by the bankruptcy court. The plan must meet seven specific criteria for confirmation, including that "the debtor is not prohibited by law from taking any action necessary to carry out the plan." 11 USC 943(4).

No violation of article 9, § 24 occurred or could have occurred when the Governor authorized the City of Detroit to proceed under Chapter 9, because the bankruptcy court will have to find the City eligible for bankruptcy, and then the court would still have to approve a plan in bankruptcy that impairs vested pension benefits, or at least have such a plan presented to it.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Ignoring these contingencies, Plaintiffs' fact assertions center upon their alleged apprehension as to what *might* happen. Plaintiffs contend they are entitled to a declaratory judgment that the Act is facially unconstitutional because it "nowhere requires that in considering whether to approve an emergency manager's recommendation to proceed under Chapter 9, the Governor shall not approve such recommendation if accrued pension benefits may be diminished or impaired in violation of [art 9, § 24]." (Exhibit 2, Complaint, ¶¶ 18 and 19.) Accordingly, Plaintiffs assert, "because [the Act] does not prohibit a municipality from proceeding under Chapter 9 of the US Bankruptcy Code if accrued pension benefits may be unconstitutionally diminished or impaired, [the Act] is unconstitutional on its face in violation of" art 9, § 24. *Id.* This allegation mistakes the scope of the "authorization"—it is not approval of the actual bankruptcy filing or plan— and presumes the Governor would act unconstitutionally.

Plaintiffs further allege that their:

> [R]ights under the Michigan Constitution not to have their pension benefits "diminished or impaired" can only be guaranteed if this Court acts *before* the Governor approves a request to proceed under Chapter 9. Moreover, Emergency Manager Orr's threats that he will unconstitutionally diminish or impair Plaintiffs' vested pension rights have themselves harmed Plaintiffs by instilling in Plaintiffs a reasonable fear that their constitutional rights will be trampled upon and, in the process, their future source of income drastically eroded. [Exhibit 2, Complaint, ¶ 28.]

But the trial court cannot assume what the contents of the City's plan might be, or that the federal bankruptcy court will approve a plan that will diminish or impair Plaintiffs' pension benefits. In any event, Plaintiffs will have an opportunity to fully litigate the merits of their claim in the bankruptcy proceeding itself.

Because Plaintiffs' claim is based on a speculative threat of future injury, they have failed to allege a legal cause of action for which they have standing to seek relief from this Court. *Lansing School Education Ass'n*, 487 Mich at 372.

### ii. Plaintiffs do not meet the requirements of MCR 2.605.

With respect to declaratory judgment actions, MCR 2.605(A)(1) provides:

In a case of *actual controversy* within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted. [Emphasis added.]

MCR 2.605 "does not limit or expand the subject-matter jurisdiction of the courts, but instead incorporates the doctrines of standing, ripeness, and mootness." *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012). "The existence of an 'actual controversy' is a condition precedent to invocation of declaratory relief." *Shavers v Attorney General*, 402 Mich 554, 588; 267 NW2d 72 (1978); see also *Genesis Ctr, PLC v Comm'r of Financial & Ins Servs*, 246 Mich App 531, 544; 633 NW2d 834 (2001). "An 'actual controversy' . . . exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues." *UAW*, 295 Mich App at 495 (citations omitted) (footnotes omitted). "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an ' " 'adverse interest necessitating the sharpening of the issues raised.' " ' " *Id.* (citations omitted) (footnotes omitted).

Presently, the possibility of whether Plaintiffs' pension benefits might be

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

impacted somewhere in the future during the bankruptcy proceeding is purely speculative. And in any event, by authorizing the bankruptcy proceeding the Governor concluded his duties under section 18(1) of the Act. Thus, the Plaintiffs' interests and the Governor's, Treasurer's, and State's interests are no longer adverse (if they ever were), and therefore no sharpening of the issues through issuance of a declaratory judgment is required. Plaintiffs have failed to satisfy the requirements of MCR 2.605, and do not have standing. *Lansing School Education Ass'n*, 487 Mich at 372.

### iii. Plaintiffs have not established a special injury, right, or substantial interest that will be detrimentally affected in a manner different from that of the citizenry at large.

Even where there is no cause of action provided at law, a court may, in its discretion, determine whether a litigant has standing. *Lansing Schools*, 487 Mich at 372. This requires a showing that the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant.

Here, as noted above, the Legislature did not intend to confer standing on any person to challenge the Act. Rather, it expressly provided that there is no cause of action under the Act in MCL 141.1572. And any interest Plaintiffs have may not even be detrimentally affected by the bankruptcy filing. Such impact will not be

15

13-53846-swr   Doc 2361-1   Filed 01/02/14   Entered 01/02/14 18:00:52   Page 38 of 87
13-53846-swr   Doc 1221-1   Filed 10/17/13   Entered 10/17/13 14:22:01   Page 23 of 67
70

known until a plan is proposed and Plaintiffs have litigated the merits of their constitutional claim in the bankruptcy case.

Bankruptcy Code provisions applicable to a Chapter 9 bankruptcy are set forth under 11 USC 901(a). For instance, § 943, 11 USC 943, of the Bankruptcy Code regulates confirmation of a debtor's plan of adjustment. Section 943(b) sets forth seven criteria that must be met before a federal Bankruptcy Court can confirm the plan. The fourth and seventh criteria are noteworthy here. The fourth criteria requires the bankruptcy court determine "the debtor is not prohibited by law from taking any action necessary to carry out the plan." 11 USC 943(b)(4). The seventh criteria requires a determination that the plan be in the best interest of creditors, and that it be feasible. 11 USC 943(b)(7).

At this time, it is purely speculative as to whether a plan will be confirmed that detrimentally affects Plaintiffs' interests. Plaintiffs therefore do not have standing. *Lansing School Education Ass'n*, 487 Mich at 372.

> ### c. Plaintiffs' alleged constitutional claim is not ripe for review.

While both standing and ripeness are justiciability doctrines that assess pending claims to discern whether an actual or imminent injury in fact is present, they address different underlying concerns. *Michigan Chiropractic Council v Comm'r of Ins,* 475 Mich 363, 378-379; 716 NW2d 561 (2006). The standing doctrine "is designed to determine whether a particular party may properly litigate the asserted claim for relief." *Id.,* at 379. The ripeness doctrine, on the other hand,

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

"does not focus on the suitability of the party; rather, ripeness focuses on the *timing of the action.*" *Id.* (emphasis in original). The ripeness doctrine precludes the adjudication of hypothetical or contingent claims before an actual injury has been sustained. An action is not ripe if it rests on contingent future events that may not occur as anticipated or may not occur at all. *Id,* at 371 n 14.

For the reasons already discussed above, Plaintiffs' contention that a future Chapter 9 bankruptcy would present what they characterize as a "threat" to their interests in their pensions is not ripe because it rests on contingent future events that may or may not occur, to wit; that their pensions will be impaired as a result of a confirmed federal bankruptcy plan. Under these circumstances, Plaintiffs' Complaint is unripe for review. See *Straus*, 459 Mich at 544, 545 n, quoting *Straus*, 230 Mich App 222 (citation omitted) ("unless and until such [a constitutional] encroachment actually occurs, the issue is not ripe for adjudication," and "[w]here a constitutional question is presented anticipatorily, the Court is required by the limits on its authority to decline to rule.").

> **d.      Plaintiffs' complaint fails to state a claim upon which this Court may grant relief.**

Plaintiffs bring a facial constitutional challenge to the Act. They broadly assert that the Act is unconstitutional under article 9, § 24 of the 1963 Constitution because it empowers the Governor to authorize a proceeding in Chapter 9. (Exhibit 2, Complaint, ¶ 19.)

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

17

13-53846-tjt   Doc 2361-1   Filed 01/02/14   Entered 01/02/14 18:20:52   Page 40 of 87
13-53846-swr   Doc 1221-1   Filed 10/17/13   Entered 10/17/13 14:28:05   Page 25 of 57

70

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

"A facial challenge is a claim that the law is 'invalid *in toto* - and therefore incapable of any valid application. . . .' " *In re Request for Advisory Opinion Regarding Constitutionality of 2005 PA 71*, 479 Mich 1, 11 n 20; 740 NW2d 444 (2007) (citation omitted) (emphasis in original). "A party challenging the facial constitutionality of a statute faces an extremely rigorous standard, and must show that no set of circumstances exists under which the [a]ct would be valid." *Id.* at 11 (internal quotation marks and citation omitted). Plaintiffs cannot satisfy this standard.

As discussed above, § 18(1) of the Act, MCL 141.1558(1), simply authorizes an emergency manager to recommend, and the Governor to authorize, proceeding under Chapter 9. It is silent with respect to what course of action an emergency manager should pursue in bankruptcy, including how a local government unit's assets and liabilities should be treated in bankruptcy. And relevant here, it does not require any particular treatment of pension funds. Indeed, § 18 does not even mention or allude to pension funds. Compare this to § 12(1)(m), MCL 141.1552(1)(m), of the Act, which describes an emergency manager's authority and duties with respect to a "municipal government's pension fund." Thus, nothing in the Act compels or requires any impairment of Plaintiffs' pension benefits contrary to article 9, § 24. The Act is therefore not facially unconstitutional.

Moreover, Plaintiffs clearly cannot establish "that no set of circumstances exists under which the [a]ct would be valid," because the Governor could place a contingency eliminating pension funds, payments and liabilities from a Chapter 9

proceeding, although he did not do so with respect to the City. Additionally, the City may not include the pension funds, payments and liabilities in its plan; or the federal court may determine that federal bankruptcy law controls the analysis. Plaintiffs' facial constitutional challenge to the Act thus fails as a matter of law.

### 2. Plaintiffs did not demonstrate irreparable harm.

Again, if justiciable, Plaintiffs' underlying claim in this case may be raised in the federal Bankruptcy Court in the context of the actual bankruptcy plan during the confirmation process and not in the state trial court. 11 USC 943. Plaintiffs' legal claims would ripen only if and when a bankruptcy proceeding includes a possible reduction or adverse impact on their pension benefits. It is in that forum, in the context of the specific bankruptcy plan, that these legal issues should be addressed and resolved. Because Plaintiffs have a legal remedy—litigation in the context of the bankruptcy action—they will not suffer irreparable harm absent an injunction by the trial court.

### 3. The injunction's harm to Defendants outweighs the harm to Plaintiffs in the absence of an injunction.

Plaintiffs retain their access to the remedies set forth in the federal Bankruptcy Code without need of court-granted injunctive relief. Conversely, the trial court's preliminary injunction would substantially harm Defendants. The entry of this injunction violates the separation of powers doctrine. Const 1963, art 3, § 2. Thus, the relief unlawfully intrudes on the Governor's executive powers to authorize a Chapter 9 bankruptcy under § 18 of the Act. The breadth of the

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

injunction may inhibit the Emergency Manager and the City of Detroit from properly prosecuting this bankruptcy action. A balancing of the relative harms counsels against injunctive relief, particularly where Plaintiffs can fully litigate their claims in the bankruptcy forum.

### 4. The TRO harms the public interest.

In most disputes involving requested injunctive relief, the parties focus on the merits of the underlying claim and the presence or absence of irreparable harm, paying only lip service to the impact on the public. This is no ordinary case. Due to the City of Detroit's unsustainable debt load, the City has lost the ability to provide even the most basic services to its residents. Citizens wait an average of 58 minutes for the police to respond to their calls. Only 8.7% of criminal cases are solved. In the first quarter of 2013, 40% of the City's street lights were not functioning, and only one-third of the City's ambulances were in service. This is a city that needs and deserves a fresh start. By ignoring fundamental principles of justiciability and the basic elements required to grant injunctive relief, the trial court jeopardizes public safety and welfare. Given the gravity of the situation, it is difficult to imagine a trial court order with more potential to harm the public interest.

### 5. Defendants request emergency relief under MCR 7.205(E)(2).

Given the fact that this is an injunction against the Governor and the other exigencies of the circumstances related to the City's bankruptcy proceeding,

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Defendants request that this application be resolved on an emergency basis under MCR 7.205(E)(2). Specifically, Defendants request relief by 5:00 p.m. on July 19, 2013, or at the latest by 9:00 a.m. on July 22, 2013. The trial court has scheduled a hearing on July 22, 2013 at 9:00 a.m., for Defendants to show cause in this case and in *The General Retirement System of the City of Detroit v Orr et al.*, 13-768-CZ, also on appeal, as to why a declaratory judgment and/or a preliminary injunction should not issue against Defendants in these matters.

## CONCLUSION AND RELIEF REQUESTED

Defendants respectfully ask this Court, by the close of business today or at the latest by 9:00 a.m. on July 22, 2013, to (1) grant the application for leave to appeal, (2) immediately dissolve the TRO, and (3) stay all proceedings in this trial court action and its two companion cases. Nothing less is at stake than the future of Michigan's largest city.

Respectfully submitted,

Bill Schuette
Attorney General

John J. Bursch (P57679)
Solicitor General
Counsel of Record

Matthew Schneider (P62190)
Chief Legal Counsel

s/Margaret A. Nelson (P30342)
s/Heather S. Meingast (P55439)
Assistant Attorneys General

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Attorneys for Defendants–Appellants
P.O. Box 30754
Lansing, MI 48909
(517) 373-6889

Dated:  July 19, 2013.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# EXHIBIT 1

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

THE GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT, and THE
POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,

*[handwritten: Gracie Webster and Veronica Thomas]*

Plaintiffs,

Case No. ~~13-768-CZ~~ *[handwritten: 13-000734-CZ C30]*

vs. *[handwritten: State of Michigan]*

Hon. *[handwritten: Rosemarie Aquilina]*

~~KEVYN D. ORR, in his official capacity as the~~
~~EMERGENCY MANAGER OF THE CITY OF~~
~~DETROIT,~~ and RICHARD SNYDER, in his
official capacity as the GOVERNOR OF THE
STATE OF MICHIGAN, *[handwritten: and Andy Dillon, Treasurer in his official capacity]*

Defendants.

---

Ronald A. King (P45088)
Aaron O. Matthews (P64744)
Michael J. Pattwell (P72419)
CLARK HILL PLC
212 East Grand River Avenue
Lansing, Michigan 48906
(517) 318-3100
Attorneys for Plaintiffs

*[handwritten: John R Canzano P30417 McKnight, McClow, Canzano Smith & Radtke P C 400 Galleria Officenter]*

---

## TEMPORARY RESTRAINING ORDER

At a session of said Court, held in the City of
Lansing, County of Ingham, State of Michigan
on *[handwritten: 18 July 13]*

PRESENT: HON. *[handwritten: Rosemarie E Aquilina]*
CIRCUIT COURT JUDGE *[handwritten: and having appeared during the hearing for a TRO in 13.000734]*

This matter having come before the Court on Plaintiffs' Complaint with verification and *[handwritten: Declaratory Judgment and Preliminary Injunction]* ~~Ex-Parte~~ Motion for a Temporary Restraining Order; the Court being fully advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in

9214431.1 14893/144127

Plaintiffs' Complaint; Plaintiff having adequately shown that a failure to immediately issue a Temporary Restraining Order will cause irreparable injury to Plaintiffs by permitting the Governor and the Emergency Manager ("Defendants") to authorize and file a Chapter 9 bankruptcy petition wherein Plaintiffs' accrued financial benefits will be impaired prior this Court's scheduled preliminary injunction hearing on Monday, July 22, 2013; and the Court being otherwise fully informed in the premises and finding good cause: *which has already occurred*

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants are immediately and temporarily enjoined and restrained from taking any action (including the authorization of an unconditional Chapter 9 bankruptcy proceeding for the City of Detroit and/or the filing of a Chapter 9 bankruptcy petition) *or taking any further action with respect to any filing* that may: (i) cause the accrued financial benefits of the Retirement System or their participants from in any way being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution, or (ii) otherwise abrogate Article IX, section 24, of the Michigan Constitution;

IT IS FURTHER ORDERED that the Court shall hold a hearing on *July 22*, 2013 at *9:00* AM whereby Defendants shall show cause why a *Declaratory Judgment and/or* Preliminary Injunction shall not issue; and

IT IS FURTHER ORDERED that this temporary restraining order shall remain in full force and effect until *further order of the Court* , 2013 at 5:00 p.m.

IT IS SO ORDERED.

*Rosemarie E Aquilina*
CIRCUIT COURT JUDGE *P37670*

DATE: *18 July 13*

TIME: *4:25 p.M.*

2

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# EXHIBIT 2

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

      Plaintiffs,

vs

      Case No. 13-734-CZ
      Hon. CLINTON CANADY III

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

      Defendants.

_____/

JOHN R. CANZANO (P30417)
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650
jcanzano@michworklaw.com
_____/

A civil action between these parties or
other parties arising out of the transaction
or occurrence alleged in the Complaint has
been previously filed in this Court,
where it was given docket number 13-729-CA
and was assigned to Judge Aquilina.
The action remains pending.

## VERIFIED COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### NATURE OF ACTION

1.    This action seeks a declaratory judgment that the "Local Financial Stability and

Choice Act," 2012 PA 436, MCL 141.1541 *et seq* ("PA 436") is unconstitutional and in violation of

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Article IX Section 24 of the Michigan Constitution because PA 436 permits accrued pension benefits to be diminished or impaired by bankruptcy proceedings in direct contravention of the Constitution. This action also seeks a preliminary and/or final injunction enjoining the Governor and/or the State Treasurer from authorizing a bankruptcy proceeding permitting an unconstitutional diminishment or impairment of accrued pension benefits under PA 436.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Gracie Webster is a retiree from the City of Detroit. She retired in 2000 and is receiving a pension benefit under the City of Detroit's General Retirement System Pension Plan. She resides in Detroit and is a citizen of the State of Michigan.

3.      Plaintiff Veronica Thomas is an employee of the City of Detroit. She has worked for the City for 17 years. She is a participant in the City of Detroit's General Retirement System Pension Plan. Although she has not yet retired, based on her years of service Plaintiff Thomas has earned the right to an accrued vested pension benefit under the terms of the pension plan.

4.      Defendant State of Michigan is a governmental entity and sovereign state of the United States, retaining all powers reserved to it under the 10th Amendment to the United States Constitution.

5.      Defendant Richard Snyder is the Governor of the State of Michigan acting in his official capacity.

6.      Defendant Andy Dillon is Treasurer of the State of Michigan acting in his official capacity.

7.      The Governor may delegate his duties under Section 9 of PA 436, MCL 141.1549 to the State Treasurer.

8.      This court has jurisdiction under MCL 600.6419(4), which provides for the jurisdiction of circuit courts in proceedings for declaratory or equitable relief against the State, and

MCL 600.605, which provides original jurisdiction in the circuit courts.

9.    Venue is proper in this court under MCL 600.1621(a), because Defendants conduct business in Ingham County.

## COUNT I:  DECLARATORY JUDGMENT

**PA 436 Is Unconstitutional Because It Permits Accrued Pension Benefits To Be Diminished Or Impaired In Direct Violation Of Article IX, Section 24 Of The Michigan Constitution**

10.    Article IX Section 24 of the Michigan Constitution provides in pertinent part:

> The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which **shall not be diminished or impaired** thereby.

11.    PA 436 was enacted by the Michigan Legislature on December 28, 2012 and became effective March 28, 2013.

12.    Among the purposes of PA 436, as stated in its preamble, are to "prescribe remedial measures to address a financial emergency within a local unit of government;" "to prescribe the powers and duties of an emergency manager for a local unit of government;" and "to provide a process by which a local unit of government . . . may file for bankruptcy."

13.    On March 14, 2013, Defendant Snyder appointed Kevyn Orr as Emergency Financial Manager for the City of Detroit, pursuant to 1990 PA 72, MCL 141.1201 *et seq* ("PA 72"). PA 436 is a successor statute to, and expressly repeals, PA 72.

14.    Pursuant to Sec 9(10) of PA 436, MCL 141.1549(10), Kevyn Orr, as an emergency financial manager appointed under former 1990 PA 72 "and serving immediately prior to the effective date of this act, shall be considered an emergency manager under this act [PA 436] and shall continue under this act to fulfill his or her powers and duties."

15.    Chapter 9 of the U.S. Bankruptcy Code, 11 USC §§901 *et seq*, provides a process by

3

which a municipality may file for bankruptcy and become a debtor under Chapter 9 in federal bankruptcy court.

16. However, in order to protect state sovereignty and in recognition of federalism principles under the 10th Amendment to the U.S. Constitution, Chapter 9 of the Bankruptcy Code prohibits municipalities from filing for bankruptcy unless the municipality "is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter." Absent such authorization, federal bankruptcy courts have no jurisdiction under Chapter 9 over a municipality as a debtor. 11 USC §109(c)(2). See *Ashton v Cameron County Water Improvement Dist No 1*, 298 US 513; 56 S Ct 892; 80 L Ed 1309 (1936); and *United States v Bekins*, 304 US 27, 58 S Ct 811; 82 L Ed 1137 (1938).

17. Section 18 of PA 436, MCL 141.1558, specifically authorizes a local unit of government to become a debtor in a Chapter 9 bankruptcy proceeding if the emergency manager for the local government recommends to the Governor and the State Treasurer that the local government be authorized to proceed under Chapter 9, and if the Governor approves the recommendation by informing the emergency manager and State Treasurer in writing of his decision.

18. PA 436 nowhere requires that in considering whether to approve an emergency manager's recommendation to proceed under Chapter 9, the Governor shall not approve such recommendation if accrued pension benefits may be diminished or impaired in violation of Article IX Section 24 of the Michigan Constitution.

19. Accordingly, because PA 436 does not prohibit a municipality from proceeding under Chapter 9 of the U.S. Bankruptcy Code if accrued pension benefits may be unconstitutionally diminished or impaired , PA 436 is unconstitutional on its face in violation of Article IX Section 24 of the Michigan Constitution.

4

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

20. Section 11 of PA 436, MCL 141.1551, provides that "an emergency manager shall develop and may amend a written financial operating plan for the local government [and that] [t]he financial and operating plan shall provide for . . . [t]he timely deposit of required payments to the pension fund for the local government or in which the local government participates."

21. On May 12, 2013, Emergency Manager Orr issued a financial and operating plan pursuant to Section 11 of PA 436. (Available at www.freep.com/assets/freep/pdf/C4205233512.pdf.) The plan does not schedule the "timely deposit of required payments" to the pension funds as required by Section 11 of PA 436, but instead notes that payments have been deferred to manage a liquidity crisis.

22. On June 14, 2013, Emergency Manager Orr issued a "Proposal for Creditors" in which he presents various restructuring options. (Available at http://www.freep.com/assets/freep/pdf/C4206913614.pdf.) Nowhere in this document does Emergency Manager Orr indicate any intent to comply with Article IX Sec 24 of the Michigan Constitution. Instead, in direct contravention of the Michigan Constitution, the proposal expressly states that *"there must be significant cuts in accrued, vested pension amounts for both active and currently retired persons."*

23. Emergency Manager Orr has publicly threatened, in a June 14 interview with the Detroit Free Press Editorial Board, that vested pension benefits will be abrogated in a Chapter 9 proceeding authorized by the Governor pursuant to PA 436, and that any state law protecting vested pension benefits is "not going to protect" retirees or employees with vested pension benefits in bankruptcy court. (See www.freep.com/article/20130616/OPINION05/306160052/kevyn-orr-detroit-emergency-manager-creditors-fiscal-crisis.)

24. Article IX Section 24 of the Michigan Constitution is such a state law, which Emergency Manager Orr has asserted will "not . . . protect" vested pension benefits.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

5

25. Under PA 436, the only way Emergency Manager Orr could impose his desired "significant cuts in accrued, vested pension amounts for both active and currently retired persons" is through a Chapter 9 bankruptcy filing.

26. Plaintiffs are entitled to a declaratory judgment that PA 436 is unconstitutional under Article IX Section 24 of the Michigan Constitution because PA 436 does not prohibit the Governor from authorizing a Chapter 9 bankruptcy filing which threatens to unconstitutionally diminish or impair the Plaintiffs' accrued pension benefits, and a final judgment ordering that Defendant Snyder and/or Defendant Dillon not authorize a Chapter 9 filing which threatens to diminish or impair accrued pension benefits in violation of the Michigan Constitution.

27. This case presents an actual controversy entitling Plaintiffs to a declaratory judgment because the facts stated above indicate " an adverse interest necessitating the sharpening of the issues raised." *Lansing School Education Ass'n v Lansing Bd of Educ*, 487 Mich 349, 372 n20; 792 NW2d 686 (2010), quoting *Associated Builders and Contractors v Dep't of Consumer and Indus Servs Dir*, 472 Mich 117, 126; 693 NW2d 374 (2005). Plaintiffs are entitled to a declaratory judgment here "to obtain adjudication of rights before an actual injury occurs [and] to settle a matter before it ripens into a violation of the law . . ." *Rose v State Farm Mut Auto Ins Co*, 274 Mich App 291, 294; 732 NW2d 160 (2006).

28. Plaintiffs need for a Declaratory Judgment is urgent. Based on the above facts, a request by the Emergency Manager to proceed under Chapter 9 is imminent, because he has credibly threatened – indeed, has given every indication – that he intends to impair or diminish accrued pension benefits in contravention of Article IX Section 24 of the Michigan Constitution, and that Chapter 9 bankruptcy proceedings are the mechanism by which he can do so. Thus Plaintiffs' rights under the Michigan Constitution not to have their pension benefits "diminished or impaired" can

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

only be guaranteed if this Court acts *before* the Governor approves a request to proceed under Chapter 9. Moreover, Emergency Manager Orr's threats that he will unconstitutionally diminish or impair Plaintiffs' vested pension rights have themselves harmed Plaintiffs by instilling in Plaintiffs a reasonable fear that their constitutional rights will be trampled upon and, in the process, their future source of income drastically eroded.

29.　　Accordingly, Plaintiffs are entitled to a speedy hearing under MCR 2.605(D) on their request for declaratory relief.

## COUNT II: PRELIMINARY INJUNCTION

30.　　Plaintiffs incorporate by reference the allegations in paragraphs 1 through 29 above.

31.　　Plaintiffs will suffer irreparable harm if Defendants Snyder and Dillon are not enjoined from authorizing the Emergency Manager to proceed under Chapter 9 of the U.S. Bankruptcy Code and thereby seeking to abrogate Plaintiffs' rights under the Michigan Constitution and the source of livelihood it guarantees them in a forum which the Emergency Manager contends does not protect those rights.

32.　　The harm to Plaintiffs absent injunctive relief outweighs the harm to Defendants if an injunction is granted because the Governor and Treasurer will not be harmed if they are enjoined from authorizing the Emergency Manager to file under Chapter 9.

33.　　Plaintiffs are likely to succeed on the merits.

34.　　There will be harm to the public interest absent an injunction, as the accrued vested pension rights of thousands of City of Detroit retirees and employees will be threatened with abrogation in violation of the Michigan Constitution.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the following relief:

A.   A declaratory judgment that PA 436 is unconstitutional in violation of Article IX Section 24 of the Michigan Constitution.

B.   A preliminary and/or permanent injunction enjoining Defendant Snyder and Defendant Dillon from authorizing the Detroit Emergency Manager to commence proceedings under Chapter 9 of the U.S. Bankruptcy Code.

C.   An award to Plaintiffs of their costs and expenses, including attorneys' fees, incurred in this action.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: _____
John R. Canzano  (P30417)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650
jcanzano@michworklaw.com

Date: July 3, 2013

## VERIFICATION

STATE OF MICHIGAN      )
                                          )ss
COUNTY OF OAKLAND    )

John R. Canzano, being first duly sworn, deposes and states he is the attorney representing Plaintiffs herein; that he has read the foregoing verified complaint by him subscribed for and on

8

behalf of Plaintiffs; that he knows the contents thereof to be true except as to those matters stated upon information and belief, and as to those matters, he believes them to be true, and he is authorized to sign said Verified Complaint on behalf of Plaintiffs.

_____
John R. Canzano

Subscribed and sworn to before me this 3rd day of July 2013.

_____
Karen Ann Purslow, Notary Public
County of Oakland, State of Michigan
My Commission Expires:    April 19, 2014

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# EXHIBIT 3

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM



RICK SNYDER
GOVERNOR

BRIAN CALLEY
LT. GOVERNOR

VIA HAND AND ELECTRONIC DELIVERY

July 18, 2013

Kevyn D. Orr
Emergency Manager
City of Detroit
Coleman A. Young Municipal Center
2 Woodward Ave., Suite 1126
Detroit, MI 48226

Andrew Dillon
State Treasurer
Michigan Department of Treasury
4th Floor Treasury Building
430 W. Allegan Street
Lansing, MI 48992

Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding

Dear Mr. Orr and Mr. Dillon,

I have reviewed Mr. Orr's letter of July 16, 2013, requesting my approval of his recommendation to commence a bankruptcy proceeding for the City of Detroit under Chapter 9 of title 11 of the United States Code. As you know, state law requires that any such recommendation must first be approved by the Governor before the emergency manager may take that step. MCL 141.1558. For the reasons discussed below, I hereby approve that recommendation and authorize Mr. Orr to make such a filing.

### Current Financial Emergency

In reviewing Mr. Orr's letter, his Financial and Operating Plan, and his report to creditors, it is clear that the financial emergency in Detroit cannot be successfully addressed outside of such a filing, and it is the only reasonable alternative that is available. In other words, the City's financial emergency cannot be satisfactorily rectified in a reasonable period of time absent this filing.

I have reached the conclusion that this step is necessary after a thorough review of all the available alternatives, and I authorize this necessary step as a last resort to return this great City to financial and civic health for its residents and taxpayers. This decision comes in the wake of 60 years of decline for the City, a period in which reality was often

ignored. I know many will see this as a low point in the City's history. If so, I think it will also be the foundation of the City's future -- a statement I cannot make in confidence absent giving the City a chance for a fresh start, without burdens of debt it cannot hope to fully pay. Without this decision, the City's condition would only worsen. With this decision, we begin to provide a foundation to rebuild and grow Detroit.

Both before and after the appointment of an emergency manager, many talented individuals have put enormous energy into attempting to avoid this outcome. I knew from the outset that it would be difficult to reverse 60 years of decline in which promises were made that did not reflect the reality of the ability to deliver on those promises. I very much hoped those efforts would succeed without resorting to bankruptcy. Unfortunately, they have not. We must face the fact that the City cannot and is not paying its debts as they become due, and is insolvent.

After reading Mr. Orr's letter, the Financial and Operating Plan, and the report to creditors, I have come to four conclusions.

1. Right now, the City cannot meet its basic obligations to its citizens.

2. Right now, the City cannot meet its basic obligations to its creditors.

3. The failure of the City to meet its obligations to its citizens is the primary cause of its inability to meet its obligations to its creditors.

4. The only feasible path to ensuring the City will be able to meet obligations in the future is to have a successful restructuring via the bankruptcy process that recognizes the fundamental importance of ensuring the City can meet its basic obligations to its citizens.

I will explain how I came to each conclusion.

**Inability to Meet Obligations to Its Citizens.** As Mr. Orr's Financial and Operating Plan and the June 14 Creditor Proposal have noted, the scale and depth of Detroit's problems are unique. The City's unemployment rate has nearly tripled since 2000 and is more than double the national average. Detroit's homicide rate is at the highest level in nearly 40 years, and it has been named as one of the most dangerous cities in America for more than 20 years. Its citizens wait an average of 58 minutes for the police to respond to their calls, compared to a national average of 11 minutes. Only 8.7% of cases are solved, compared to a statewide average of 30.5%. The City's police cars, fire trucks, and ambulances are so old that breakdowns make it impossible to keep up the fleet or properly carry out their roles. For instance, only a third of the City's ambulances were in service in the first quarter of 2013. Similarly, approximately 40% of the City's street lights were not functioning in that quarter and the backlog of complaints is more than 3,300 long. Having large swaths of largely abandoned structures -- approximately 78,000 -- creates additional public safety problems and reduces the quality of life in the City. Mr. Orr is correct that meeting the obligations the City has to

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

its citizens to provide basic services requires more revenue devoted to services, not less.

**Inability to Meet Obligations to Its Creditors.** The City has more than $18 billion in accrued obligations. A vital point in Mr. Orr's letter is that Detroit tax rates are at their current legal limits, and that even if the City was legally able to raise taxes, its residents cannot afford to pay additional taxes. Detroiters already have a higher tax rate than anywhere in Michigan, and even with that revenue the City has not been able to keep up with its basic obligations, both to its citizens and creditors. Detroit simply cannot raise enough revenue to meet its current obligations, and that is a situation that is only projected to get worse absent a bankruptcy filing.

**Failure to Meet Obligations to Citizens Creates Failure to Meet Obligations to Creditors.** Mr. Orr's letter and prior report put in stark reality the dramatic impact of the City's plummeting population. While many who love Detroit still live there, many other Detroiters at heart could not justify the sacrifice of adequate services. The City's population has declined 63% from its peak, including a 28% decline since 2000. That exodus has brought Detroit to the point that it cannot satisfy promises it made in the past. A decreasing tax base has made meeting obligations to creditors impossible. Mr. Orr is correct when he says the City cannot raise the necessary revenue through tax increases, and it cannot save the necessary revenue through reducing spending on basic services. Attempts to do so would only decrease the population and tax base further, making a new round of promises unfulfillable.

**Only One Feasible Path Offers a Way Out.** The citizens of Detroit need and deserve a clear road out of the cycle of ever-decreasing services. The City's creditors, as well as its many dedicated public servants, deserve to know what promises the City can and will keep. The only way to do those things is to radically restructure the City and allow it to reinvent itself without the burden of impossible obligations. Despite Mr. Orr's best efforts, he has been unable to reach a restructuring plan with the City's creditors. I therefore agree that the only feasible path to a stable and solid Detroit is to file for bankruptcy protection.

The past weeks have reaffirmed my confidence that Mr. Orr has the right priorities when it comes to the City of Detroit. I am reassured to see his prioritization of the needs of citizens to have improved services. I know we share a concern for the public employees who gave years of service to the City and now fear for their financial future in retirement, and I am confident that all of the City's creditors will be treated fairly in this process. We all believe that the City's future must allow it to make the investment it needs in talent and in infrastructure, all while making only the promises it can keep. Let us remain in close communication regarding measures Mr. Orr might take so we can discuss the possible impacts that might occur both within and outside of the City.

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

## Contingencies

2012 PA 436 provides that my approval of the recommendation to commence a Chapter 9 proceeding may place contingencies on such a filing. MCL 141.1558(1). I am choosing not to impose any such contingencies today. Federal law already contains the most important contingency – a requirement that the plan be legally executable. 11 USC 943(b)(4).

## Conclusion

In conclusion, I find Mr. Orr's Recommendation Letter to be persuasive, especially in conjunction with his prior reports laying out the level of services the City can provide and its financial ability to meet its obligations to creditors. I am also convinced that Mr. Orr has exercised his best efforts to arrive at a restructuring plan with the City's creditors outside of bankruptcy, to no avail. Given these facts, the only feasible path to sustainability for the City of Detroit is a filing under chapter 9 of the bankruptcy code. Therefore, I hereby approve Mr. Orr's recommendation and authorize the emergency manager to make such a filing on behalf of the City of Detroit and to take all actions that are necessary and appropriate toward that end.

Sincerely,

Richard D. Snyder
Governor
State of Michigan

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

# EXHIBIT 4

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

Revised 05/08

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re:

City of Detroit, Michigan,                                         Case No. 13-_____

_____ Debtor._____ /

### BANKRUPTCY PETITION COVER SHEET

(The debtor must complete and file this form with the petition in every bankruptcy case. Instead of filling in the boxes on the petition requiring information on prior and pending cases, the debtor may refer to this form.)

#### Part 1

"Companion cases," as defined in L.B.R. 1073-1(b), are cases involving any of the following: (1) The same debtor; (2) A corporation and any majority shareholder thereof; (3) Affiliated corporations; (4) A partnership and any of its general partners; (5) An individual and his or her general partner; (6) An individual and his or her spouse; or (7) Individuals or entities with any substantial identity of financial interest or assets.

Has a "companion case" to this case ever been filed at any time in this district or any other district? Yes \_\_ No  X
(If yes, complete Part 2.)

#### Part 2

For each companion case, state in chronological order of cases:

*Not applicable*

If the present case is a Chapter 13 case, state for each companion case:

*Not applicable*

#### Part 3 - In a Chapter 13 Case Only

The Debtor(s) certify, re: 11 U.S.C. § 1328(f):                  *Not Applicable*
[indicate which]

☐ Debtor(s) received a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

☐ Debtor(s) did not receive a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

☐ Debtor(s) received a discharge in a Chapter 13 case filed during the 2-years before filing this case.

☐ Debtor(s) did not receive a discharge in a Chapter 13 case filed during the 2-years before filing this case.

I declare under penalty of perjury that I have read this form and that it is true and correct to the best of my information and belief.

Kevyn D. Orr
Emergency Manager
City of Detroit

| | | |
|---|---|---|
| David G. Heiman (OH 0038271) | Bruce Bennett (CA 105430) | Jonathan S. Green (MI P33140) |
| Heather Lennox (OH 0059649) | JONES DAY | Stephen S. LaPlante (MI P48063) |
| JONES DAY | 555 South Flower Street | MILLER, CANFIELD, PADDOCK |
| North Point | Fiftieth Floor | AND STONE, P.L.C. |
| 901 Lakeside Avenue | Los Angeles, CA 90071 | 150 West Jefferson |
| Cleveland, OH 44114 | Telephone: (213) 243-2382 | Suite 2500 |
| Telephone: (216) 586-3939 | Facsimile: (213) 243-2539 | Detroit, MI 48226 |
| Facsimile: (216) 579-0212 | bbennett@jonesday.com | Telephone: (313) 963-6420 |
| dgheiman@jonesday.com | | Facsimile: (313) 496-7500 |
| hlennox@jonesday.com | | green@millercanfield.com |
| | | laplante@millercanfield.com |

Date: July 18, 2013

ATTORNEYS FOR THE CITY OF DETROIT, MICHIGAN

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**City of Detroit, Michigan** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**38-6004606** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**2 Woodward Avenue**<br>**Suite 1126**<br>**Detroit, Michigan**<br>ZIP CODE **48226** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Wayne** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☒ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>**Municipality** | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☒ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>-------------------------------------------<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): **City of Detroit, Michigan** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☒  Yes, and Exhibit C is attached and made a part of this petition.

☐  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | City of Detroit, Michigan |

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>    _____<br>    Telephone Number (If not represented by attorney)<br><br>    _____<br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>    _____<br>    (Printed Name of Foreign Representative) |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>    Signature of Attorney for Debtor(s)<br><br>**David G. Heiman**   **Bruce Bennett**   **Jonathan S. Green**<br>**Heather Lennox**   JONES DAY   **Stephen S. LaPlante**<br>JONES DAY   555 South Flower Street   MILLER, CANFIELD<br>North Point   Fiftieth Floor   PADDOCK AND STONE,<br>901 Lakeside Avenue   Los Angeles, CA 90071   P.L.C.<br>Cleveland, OH 44114   Tel: (213) 243-2382   150 West Jefferson<br>Tel: (216) 586-3939   Fax: (213) 243-2539   Suite 2500<br>Fax: (216) 579-0212   bbennett@jonesday.com   Detroit, MI 48226<br>dgheiman@jonesday.com       Tel: (313) 963-6420<br>hlennox@jonesday.com       Fax: (313) 496-7500<br>                green@millercanfield.com<br>                laplante@millercanfield.com<br><br>July 18, 2013<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>    _____<br>    Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>    _____<br>    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>    _____<br>    Address |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br><br>    Kevyn D. Orr<br>    Printed Name of Authorized Individual<br><br>    Emergency Manager, City of Detroit<br>    Title of Authorized Individual<br><br>    July 18, 2013<br>    Date | X _____<br>    Signature<br><br>    _____<br>    Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

| | | | | |
|---|---|---|---|---|
| In re | City of Detroit, Michigan, | , | ) | Case No. 13-_____ |
| | Debtor. | | ) | |
| | | | ) | |
| | | | ) | Chapter 9 |

## EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

Certain properties owned by City of Detroit, Michigan (the "City") have been (a) identified by the City as being structurally unsound and in danger of collapse and (b) scheduled for demolition (collectively, the "Demolition Properties"). The Demolition Properties may pose a threat of imminent harm to public health and/or safety. A list of the Demolition Properties is attached hereto as Schedule 1.

To its knowledge, the City currently does not own any property that is a Superfund Site as designated by the United States Environmental Protection Agency. The City currently owns (in whole or in part) various so-called "Brownfields properties" (collectively, the "Brownfields Properties") regulated by the Michigan Department of Environmental Quality. Currently, one or more private parties (rather than the City) are addressing any identified environmental conditions that might be present at the Brownfields Properties. To the City's knowledge, none of the Brownfields Properties are alleged to pose a threat of imminent and identifiable harm to the public health or safety. A representative list of certain Brownfields Properties is attached hereto as Schedule 2.

In addition to the foregoing, the City owns or is possession of approximately 60,000 parcels of land within the City's geographic boundaries and more than 7,000 vacant structures that are not designated as Demolition Properties or Brownfields Properties (collectively, the "Blighted Properties"). It is possible that some of the Blighted Properties could pose a threat to public health or safety. Although the City is not aware of any Blighted Properties currently posing a threat of "imminent and identifiable harm," the City notes the existence of these properties on this Exhibit C out of an abundance of caution.

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

See attached Schedule 1 with respect to the Demolition Properties and the attached Schedule 2 with respect to the Brownfields Properties.

## City of Detroit, Michigan Demolition Properties

| Street Address | Property Type | | Street Address | Property Type |
|---|---|---|---|---|
| 3922 14th | Residential | | 20245 Derby | Residential |
| 3654 30th | Residential | | 125 Dey | Residential |
| 12032 Abington | Residential | | 14190 Dolphin | Residential |
| 2668 Anderdon | Residential | | 229 Edmund Pl. | Commercial |
| 821 Anderson | Commercial | | 3333 Edsel | Residential |
| 13501 Appoline | Residential | | 203 Erskine | Residential |
| 7593 Arcola | Residential | | 209 Erskine | Residential |
| 14125 Ardmore | Residential | | 4417 Ewers | Residential |
| 13476 Arlington | Residential | | 19332 Exeter | Residential |
| 13544 Arlington | Residential | | 19339 Exeter | Residential |
| 10384 Aurora | Residential | | 20467 Exeter | Residential |
| 2457 Beaubien | Commercial | | 1731 Fischer | Residential |
| 2486 Beaubien | Residential | | 13556 Fleming | Residential |
| 14371 Bentler | Residential | | 7666 W. Fort | Commercial |
| 5317 Bewick | Residential | | 5334 French Rd. | Residential |
| 19411 Blake | Residential | | 6007 Frontenac | Commercial |
| 19700 Bloom | Residential | | 18627 Gable | Residential |
| 6072 Braden | Residential | | 3727 Garland | Residential |
| 9665 Broadstreet | Residential | | 3917 Garland | Residential |
| 9616 Bryden | Residential | | 4466 Garland | Residential |
| 6810 Bulwer | Commercial | | 4470 Garland | Residential |
| 1454 Burlingame | Residential | | 4003 Gilbert | Residential |
| 13469 Caldwell | Residential | | 12511 Glenfield | Residential |
| 2009 Campbell | Residential | | 14232 Goddard | Residential |
| 14203 E. Canfield | Residential | | 14239 Goddard | Residential |
| 19221 Cardoni | Residential | | 11648 Grandmont | Residential |
| 19324 Carrie | Residential | | 5801 Grandy [1] | Commercial |
| 7626 Central | Residential | | 5801 Grandy [2] | Commercial |
| 2535 Chalmers | Residential | | 2937 Grant | Residential |
| 8115 Chamberlain | Residential | | 5589 Guilford | Residential |
| 13199 Charest | Residential | | 222 S. Harbaugh | Residential |
| 20190 Charleston | Residential | | 2900 Harding | Residential |
| 3164 Charlevoix | Commercial | | 8815 Harper | Commercial |
| 5083 Chatsworth | Residential | | 17226 Hasse | Residential |
| 5717 Chene | Commercial | | 7975 Hathon | Residential |
| 3636 Cicotte | Residential | | 19227 Havana | Residential |
| 3032 Clements | Residential | | 19309 Havana | Residential |
| 1117 Concord | Residential | | 19321 Havana | Residential |
| 6628 Crane | Residential | | 19397 Havana | Residential |
| 1243 Crawford | Residential | | 7886 Helen | Residential |
| 2012 Dalzelle | Residential | | 6200 Hereford | Residential |
| 20258 Danbury | Residential | | 9905 Herkimer | Residential |
| 7787 Dayton | Residential | | 1955 Highland | Residential |
| 8475 Dearborn | Residential | | 1778 Holcomb | Residential |
| 1950 Dearing | Residential | | 4407 Holcomb | Residential |
| 1956 Dearing | Residential | | 4412 Holcomb | Residential |
| 1960 Dearing | Residential | | 7202 Holmes | Residential |
| 2027 Dearing | Residential | | 9278 Holmur | Residential |
| 8839 Dennison | Residential | | 19925 Hoover | Commercial |

RECEIVED by Michigan Court of Appeals 7/19/2013 12:30:05 PM