UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

ATTACHMENT

APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

| Design-ation | Docket # | Filing Date | Description |
|---|---|---|---|
| 4. | 13 | 7/18/013 | Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hassan Aleem and Carl Williams
Creditors

vs

Case No. 13-53846

Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGN
AND EMERGENCY MANAGER
KEVYN D. ORR
Debtors
_____/

**OBJECTION TO CHAPTER 9 BANKRUPTCY**

Now Comes the creditor in pro se Hassan Aleem a retired builder inspector for city of Detroit and Carl Williams an interest party and both taxpayers in the city of Detroit and the state of Michigan.

The creditor and interest party object to the Bankruptcy for the following:

1) The Public Act 436 that the Bankruptcy is relying on did not receive the constitutional three-four vote as required to challenge the referendum of

1

the people in accordance to Article II section 9 of the Michigan constitution.

2) The Emergency Manager Kevyn Orr violated the Administrative Procedure Act 24.201 by not publishing his orders for sixty 60 days and hearing before it can become effective. The Supreme Court would sua sponte vacate order of state tax commission in equalization case for failure of the commission to proceed in accordance with the Administrative Procedures Act Saginaw County v. State Tax Commission (1974) 224 N.W.2d 283, 393 Mich 779, affirmed 244 N.W. 2d 909, 397 Mich. 550

3) We never received notice and hearing, which is a denial of due process of law. In the present context these principles require that a person have timely and adequate notice detailing the reasons for the notice and an effective opportunity to defend. Armstrong v. Manzo, 380 U. S. 545, 552 (1965).

4) The Local emergency financial assistance loan board mean the local emergency financial assistance loan board created under section 2 of the emergency municipal loan act 1980 PA 243, 243 MCL 141.932. The financial loan board responsibility is to loan money and not to appoint the emergency manager.

5) The emergency manager failed to comply with P.A. 436 by not providing a written mandatory financial and operating plan for the local government within 45 days after the emergency manager appointment, thus due process of law violation Article 1 section 2 of Michigan State Constitution and the 5th and 14th Amendment of the Constitutions of the United States

The Financial manager, Kevyn Orr have not shown any plan to reduce the so call financial trouble the local city have before or after the 45 days.

Wherefore and the above reason we pray that this court grant relief declaring the bankruptcy invalid and null and void.

Sincerely submitted,

*Hassan Aleem*
Hassan Aleem
2440 Taylor
Detroit, Michigan 48205

*Carl Williams*
Carl Williams
10112 Somerset
Detroit, Michigan 48224

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Hassan Aleem and Carl Williams
Creditors

vs

Case No. 13-53846

Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGN
AND EMERGENCY MANAGER
KEVYN D. ORR
Debtors

_____/

## AFFIDAVIT IN SUPPORT OF OBJECTION
## TO CHAPTER 9 BANKRUPTCY

STATE OF MICHIGAN)
                 ) SS
COUNTY OF WAYNE)

We __Carl Williams__    __Hassan Aleem__,

being first duly sworn, deposes and Say:

That we make this affidavit of personal knowledge; That we are a creditor

and interest party in this bankruptcy action and resident of Detroit, Taxpayers of the State of Michigan, and Citizens of the United States.

We never received notice and hearing, which is a denial of due process of law. In the present context these principles require that a person have timely and adequate notice detailing the reasons for the notice and an effective opportunity to defend. Armstrong v. Manzo, 380 U. S. 545, 552 (1965).

That the law and facts herein this in this affidavit in support of the objection of the bankruptcy. We have read and understand the facts to be true.

That we the affiants, if sworn as a witness, can testify competently to the facts stated in the objection and is true and correct to the best of our knowledge and belief.

Signed _Carl Williams_  _Hassan Aleem_

Subscribed and sworn to before me,

This 20th Day of August 2013

_Gloria Ann Surles_
Notary Public

GLORIA ANN SURLES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 15, 2017
ACTING IN COUNTY OF Wayne

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Hassan Aleem and Carl Williams
Creditors

vs

Case No. 13-53846

Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGN
AND EMERGENCY MANAGER
KEVYN D. ORR
    Debtors
_____/

STATE OF MICHIGAN)
                  ) SS
COUNT Y OF WAYNE)

FILED 2013 AUG 22 P 1:32 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT

## PROOF OF SERVICE

_____Carl Williams_____, being first duly sworn, deposes and Say: that on August 21 2013. I sent a copies of Objection to Chapter 9 Bankruptcy upon the concern parties by certified mail, at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226


Emergency Manager
Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226


Sign _Carl B Williams_____


Subscribed to and sworn to before me

This __21__ day of August 2013,

_____Rhonda Dial_____
Notary