UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# ATTACHMENT

# APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

| Design-ation | Docket # | Filing Date | Description |
|---|---|---|---|
| 13. | 1428 | 10/28/2013 | Addendum to Objections filed by creditors Hassan Aleem, Carl Williams |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  

        Debtor  
_____/

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

**ADDENDUM TO OBJECTIONS**

Now comes the creditors and persons of interest in Propria persona Carl Billiam and Hassan Aleem.

We are residents of the city of Detroit and taxpayers and citizens in the State of Michigan and of the United States.

The Bankruptcy court hearing for eligibility on September 19, 2013 the judge stated we could file additional information and it was also reported in the news, therefore, we submit the following objections:

The creditors and parties of interest in this action the moving parties move to add objections to pending decision in this case show the following:

1) The city of Detroit never legally approved, agreed or consented to

1

Kevyn Orr filing for bankruptcy and Kevyn Orr contravened 11 U.S.C. 903 (1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition (2) a judgment entered under such a law may not bind a creditor that does not consent to such composition. 11 U.S.C. 903, thus has failed to meet <u>the requirement of title 11 U.S.C. 903 (c)</u> and <u>there is no binding agreement or contract</u> added to previous cited objections and/or a correction and <u>should be dismissed.</u>

During the bankruptcy procedure in Pontiac the emergency manager had to get approval from the Local emergency financial assistance loan board before filing bankruptcy, however, here Kevny Orr didn't receive approval from the Local emergency financial assistance board which included the State Treasury. Nowhere in the Emergency Municipal Loan Act 243 of 1980 does it give the Local emergency financial assistance loan board this authority. Kevyn Orr is not an elected official buy only an agent of the State. The petition for bankruptcy is invalid because the party that signed it failed to receive legal authorization and lacks the proper authority. See Bankruptcy City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D.Pa 2011), In this case the court determined that this case should be dismissed because the City Council did

not have the authority under the chapter law and third class city code to commence a bankruptcy case on the behalf of the city of Harrisburg and (2) the city of Harrisburg was not specifically authorized under state law to be a debtor under chapter 9 of the Bankruptcy code as required by 11 USC sect 109 (c) (2). In this case the circumstances are the same both officials are not authorized to file for Bankruptcy and Detroit have no legal state authority to be a debtor therefore, the court lack jurisdiction over the person which is Kevyn Orr and the subject matter being Bankruptcy and violated 11 U.S.C. 109 (c). "Only a municipal may file for relief under chapter 9 for bankruptcy." and Fed.R.Civ.Proc Rule 12 b (1), (2) and (h3) and the case should be dismissed.

> Whenever it appears by suggestion of the parties or otherwise that the court lack jurisdiction of the subject matter, the court <u>shall dismiss the action. Fed R. Civ Proc. 12 (h) (3).</u>

3) The Official Committee of Retirees (the Committee) objection asserted that the Emergency Manager was not duly authorized, as a matter of law, to have filed a Chapter 9 petition on behalf of the city. We agree, however, we disagree with the withdrawal of the reference of the Eligibility.

4) The Emergency Manager Kevyn Orr violated the Administrative Procedure Act 24.201 et seq, by not publishing his orders for sixty 60 days and a hearing before it can become effective. The Supreme Court would sua sponte vacate order of state tax commission in equalization case for failure

3

of the commission to proceed in accordance with the Administrative Procedure Act. Saginaw County v. State Tax Commission (1974) 224 N.W.2d 283, 933 Mich 779, affirmed 244 N.W. 2d 909, 397 Mich. 550.

5) We must emphasis that the state through Kevyn Orr didn't filed the Bankruptcy in "Good Faith:" (1) The state through their appointed representative, agent, or point man has failed to even attempt to provided a financial and operational plan within 45 days after his appointment, nor has there been an attempt since then or until this day to present a financial and operational plan, therefore is a violation of P.A. 436 Section 11 (2).

The purpose of a chapter 9 is to provide a means to restructure and adjust debt through a plan. Liquidation is not allowed under 11 U.S.C. 926 (a) and is not an alternative to municipal chapter 9 Bankruptcy there is no provision in the law for liquidation of assets of the municipality and distribution of the proceeds to creditors. Such a liquidation or dissolution would undoubtedly violate the Tenth (10th) Amendment to the Constitution and the reservation to the state sovereignty over their internal affairs and they have not shown or presented a financial plan to avoid Bankruptcy.

The State through Governor Richard Snyder, Andy Dillon the state Treasury and the Emergency Manager Kevyn Orr showed material prejudice" and "unclean hands" and a continue failure to conduct business in good faith such as: When the

4

state withheld and refused to pay $224,000,000.00 for January 2012 and $139,000-,000.00 still owed for January 2013 plus interest of unrestricted revenue sharing funds, thus a violation of the Michigan State Revenue Sharing Act 140 of 1971. The State through Emergency Manager Kevyn Orr has a peculiar way of bargaining in good faith when they deliberately refused to pay the unrestricted revenue sharing money they owed to the city of Detroit and other expenses owed by the state revealed by the formal corporation council Krystal A. Crittendon reported that the state was in default to the city for the following debts such as:

> The State of Michigan Department of Natural Resources past due invoices for electrical service for $39,730.58.
>
> The State of Michigan Department of Transportation for delinquent parking violations $1,225.00.
>
> The State of Michigan Department of Transportation for past due invoices past due totaling $1,395,377.10.
>
> The Michigan State Highway owes $267,946.76

The state owes this money and the governor Rick Snyder has openly stated he was not going to pay; and this is what the state called good faith and then turned around and filed for Bankruptcy. What a show of arrogance and disrespect and no sense of good faith what so ever. The state through Governor Snyder who stated he was not going to pay and Andy Dillon the state treasurer legally authorized to receive, care for and disbursement of public revenue or corporation,

5

13-53846-tjt   Doc 2380-2   Filed 01/03/14   Entered 01/03/14 17:52:13   Page 6 of 19
13-53846-swr   Doc 1426   Filed 10/28/13   Entered 10/28/13 14:58:05   Page 5 of 18

upon lawful order; along with Kevyn Orr all agents or officers of the state has assisted and help cause the financial problems and contributory negligence on the State of Michigan.

The state action is contrary to and just the opposite of what "bargaining in good faith" means. Bankruptcy Court may dismiss a chapter 9 petition, after notice and hearing, if it concludes the debtor did not file a petition in good faith or if the person does not meet the requirements of chapter 9 title 11 U.S.C. Section 921 (c).

In this case we have both failed to bargain in good faith and did not meet the requirements of title 11 of Section 921. We demand's this case be dismissed in according to the code and rule of the Bankruptcy procedures in the interest of justice.

6) The Bankruptcy Court have failed to enter an order designating who is to give and receive notice by mail and identifying the newspaper in which the additional notice is to be published according to Fed. R. Bankr. P. 9007, 9008, therefore, failed to meet the requirement of title 11 U.S.C. 921(c) and should be dismissed.

7) To clarify the record the Creditors, people of interest, Hassan Aleem and Carl Williams and others **were not notified at all, not personally or publicly.** In our Reconsideration of Objections to chapter 9 Bankruptcy we stated: "most creditors and anyone of interest never received a notice that violated. 11 U.S.C.

6

13-53846-tit-swr  Doc 2380-13   Filed 01/03/14   Entered 01/03/14 17:52:13   Page 7 of 19
13-53846-swr   Doc 1426   Filed 10/28/13   Entered 10/28/13 14:58:05   Page 6 of 18

923 of the Bankruptcy code. The Bankruptcy rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). The notice must also be published" at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the Bankruptcy code. This simply was not done and continues to show the lack of conducting business in good faith. They also did not meet the requirements of title 11 of chapter 9 bankruptcy procedures, which are a failure to comply with the bankruptcy rule and code that is grounds for dismissal for just one noncompliance or violations and we have them both, thus denial of due process and equal protection of the law of the 5th and 14th Amendments of the Constitution of the United States. See page 3 of Reconsideration of Objection to chapter 9 Bankruptcy this case should be dismissed.

In the present context these principles require that a person have <u>timely</u> and <u>adequate</u> <u>notice</u> detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). Goldberg also states that the parties are entitled to an impartial decision maker. The decision maker Judge Steven W. Rhodes has not been impartial as a result of his decisions to the creditors and other parties of interest in

7

13-53846-tjt  Doc 2380-13  Filed 01/03/14  Entered 01/03/14 17:52:13  Page 8 of 19
13-53846-swr  Doc 1428  Filed 10/28/13  Entered 10/28/13 14:58:05  Page 7 of 18

this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for various reasons as a consequence of <u>the court failure to have met their requirements to the Bankruptcy code title 11 U.S.C. Section 923</u>, therefore, should be dismissed as provided by the bankruptcy code.

a) The court have yet to explained how a creditor or any person not being notified at all could be classified as being untimely in his orders is an essential objection?

b) How a person could be untimely if not notified in according to 11 U.S.C. Section 923 of the Bankruptcy Code, which the court failed to comply with?

6) The city position was and still is that they was not going to bargain and did not have to because P.A. 436. Three Police Officer Unions challenged the city position not to negotiate for collective bargaining:

> As such, the Employer has no obligation to participate in Act 312 arbitration and is not required to do so. Accordingly, the arbitrations in the cases before us must be dismissed. **Case No.- D09 F-0703, D11 J-1169 and D13 A-0005.**

These Labor Relation cases show irrefutably and show prime facie evidence that the city failed and **refused to bargain in good faith and not at all in these cases cited above**, therefore, continue refusal to comply and meet the requirements of title 11and these violations demand's this case to be dismissed. See exhibit A attached.

8

7) The court through Judge Steven W. Rhodes is setting the creditors up to fail by giving creditors and other people of interest an informal hearing without sworn testimony and their creditability verses a formal hearing without sworn testimony place them at disadvantage and their testimony is consider nothing more than hearsay. In Goldberg v Kelly supra, citing Armstrong v Manzo supra, the court stated an effective notice and hearing and three (3) minutes was hardly sufficient or adequate and just a show trial.

The court didn't explain to the creditors and the people of interest the difference and how it affects them, especially the informal hearing proceeding. The Court has shown prejudice toward the creditors and they have been denied due process of the law and equal protection of the law, thus violation of the 14th Amendment of the Constitution of the United States.

8) The Bankruptcy Court is a non Article III Constitutional court and is without constitutional authority to hear and determine the issue raised in the Eligibility Objections or regular Municipal Bankruptcy hearing. The retirees, pensioners and any person of interest and those who are affected by the Bankruptcy are Constitutionally entitled to have an Article III court determine basic redressable Constitutional issues affecting their livelihood as citizens of the state of Michigan is a due process and equal protection of the of law violation Article 1 section 2 of the State of Michigan Constitution and the 14th Amendment of the United State

9

Constitution.

The Bankruptcy Court had no authority over our Constitutional rights and denied the creditors due process of law and equal protection of the law and lacks Jurisdiction to hear case raising constitutional issues and demands a dismissal.

9) Judge Steven W. Rhodes stated he was going to place the Bankruptcy on the fast track proceeding as a result he showed material prejudice against the creditors and denied them due process and fair treatment (1) most creditors didn't receive notices, (2) Creditors did not receive ample and adequate time to respond during the oral hearing only three minutes but the attorneys had more time, (3) most creditors was given a informal hearing that placed them at a disadvantage regarding their testimony as hearsay with no creditability to the Bankruptcy proceeding vs. those with formal hearing of the Debtors, (4) The judge showed bias from the beginning when he fail to dismissed this case for failure to notice the creditors and then classified most of their objections ineligible for being untimely (5) most or practically all of the creditors didn't have an attorneys or any legal assistant to prepare and represent themselves and denied due process of law and equal protection of the law and we demand this case to be dismissed.

10) Hypothetically speaking, if Public act 436 was valid the emergency manager still wouldn't have the authority because under P.A. 436 the mayor or local governing body can legally declare or apply for Bankruptcy, not an unelected

10

official Kevyn Orr, The Public Act 436, nor the Bankruptcy Code provided for Kevyn Orr to file for Bankruptcy. Although they both provides for the municipality <u>only</u>, therefore, the Bankruptcy Court lack jurisdiction over the person and the subject matter in this instance. This is a violation of Federal Rule of Civil Procedure Rule 12(b) (1) and (2) and should be dismissed.

11) We like reiterate our objection 3 in supplemental reconsideration with an affidavit in support this time and the city continue to not to bargain in good faith. It has been reported that through Ed McNeil special assistant to the president of AFSCME Council 25 that the union was trying to get Kevyn Orr to come to the table to negotiate. He refused and this is clearly an example of worst than bargaining in "bad faith." In bad faith you still come to the table even if you don't come to an agreement but at least try, thus failed to meet the requirement of title 11 U.S.C. section 109 (c) (5). The best solution is for the union to file unfair labor practice against Kevyn Orr.

12) In relation to objection number five in our original or initial objection we like to reiterate: In a statement "Kevyn Orr recommended the chapter 9 filing having determined that no feasible financial plan could be adopted that could satisfactorily rectify Detroit's financial emergency in a timely manner" The assistant attorney general Steven Flancher stated in a court document that Orr could not adopt a plan in a timely manner. Kevyn Orr action demonstrates for itself he was incompetent and negligent in his own words and action that he could not adopt a plan in a timely manner and his action was substantiated by failing to comply

11

within 45 days. Kevyn Orr could have file for an extension of time under the circumstance and failed to do so.

Kevyn Orr was not the lead attorney in the Chrysler Bankruptcy case and Bankruptcy for Auto Plant is different from a municipality. He has not been a lead attorney in a Jones Day Law Firm. In an e-mail that was discovered by Robert Davis, pursuant to a Freedom of Information (FOIA).

Mike Duggan in a discussion with governor Snyder stated that Kevyn Orr should be appointed emergency manager because he was Black, not because he had skill, experience, or intelligence to perform the job. In the P A 436 approximately, $700,000 was appropriated for the salary. It was reported Kevyn Orr only received $250,000 in salary and also was reported that he owed the state of Maryland approximately $12,000 in taxes before being appointed as emergency manager. This illustrate that Mr. Orr was only political window dressing and Mr. Orr does not have the financial acumens to lead a bankruptcy and the court cannot make up the deficient of Kevyn Orr lack of legal talent and the case should be dismiss.

13) The city attorney was disingenuous and misrepresented the facts when they made a <u>deliberate, conscious, tactical decision</u> to cite part of Article 2 section 9 of the Constitution that really didn't apply when they highjack or displaced a referendum or initiative of the people. Reed v Allen, 268 U.S. 191, 193 (1913).

12

The union attorneys failed to submit the union unfair labor practice charge in the court cases **No. D09 F-0703, D11 J-1169, and D13 A-005.**

The attorney for the city intentionally omitted part of Article 2 section 9 parg 5 that requires 3/4 votes to become a law. This will adversely affected his client the city and therefore, a violation of ABA model of Professional Responsibility DR 1-102(A) (E) states:

> A lawyer shall not engage in conduct involving dishonesty, Fraud, deceit, or misrepresentation.

It is customary and a long standard principle that once an agency or a court has issued rules and regulations to govern its activity, The court's ruled that any time an agency promulgate rules they must scrupulously follow those rules or the decision cannot stand and may not violate them. In this case we are referring to Bankruptcy rules and codes and to bargain in good faith, regardless who makes the rule they must be followed in a civilized society of rules and law making procedures. Security & Exchange Comm v. Chenery 318 U.S. 80 87, 88 (1943), Service v Dulles, 354 U.S. 363 77 S. Ct 1152, p1 L.ED2nd 1403 (1957) Pacific Molasses Co. v FTC, Tex (356 F2d 386 (1966).

13

Wherefore, and the above facts and laws we demand that this honorable court grant relief declaring the Bankruptcy invalid, null and void and dismiss this case.

Sincerely submitted

_Carl B Williams_
Name interest party/creditor
Address: 10112 Somerset

City and state Detroit Michigan

_Hassan Aleem_
Name interest party/creditor
2440 Taylor

Detroit Mich 48206

Dated October 28, 2013

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  

        Debtor  
_____/

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes

FILED 2013 OCT 28 P 00 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT

## AFFIDAVIT IN SUPPORT OF ADDENDUM OBJECTION TO CHAPTER 9 BANKRUPTCY

**STATE OF MICHIGAN )**  
                        )SS  
**COUNTY OF WAYNE )**

We _Carl B. Williams_      HASSAN ALeem

Being first duly sworn deposes and says:

That we make this affidavit of personal knowledge: That we are creditors and interest party in this bankruptcy action and resident of Detroit, Taxpayers of the State of Michigan and Citizen of the United States.

      We show to the best of our knowledge and belief that the state through the Emergency Manager Kevyn Orr did not negotiate and conduct business with

11

the city in good faith. That the state through Kevyn Orr also failed to comply and does not meet the requirements of title 11 of the Bankruptcy code and rule.

That the law and facts herein this affidavit are in support of the objections of the Bankruptcy. We have read and understand the facts to be true.

That we the affiant, if sworn as a witness, can testify competently to the facts stated in the objection and is true and correct to the best of our knowledge and belief.

Signed __Carl Williams__  __Hassan Aleem__

Subscribed and sworn to before me,

This 28th day of __October__, 2013

__Gloria Ann Surles__
Notary

GLORIA ANN SURLES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 15, 2017
ACTING IN COUNTY OF Wayne

12

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  

Chapter 9  
Case No. 13-53846  
Hon: Steven W. Rhodes  

Debtor
_____/

## PROOF OF SERVICE

_____Carl Williams_____, being first duly sworn deposes and

Say that on October 28 2013. I sent a copy of Addendum Objection and

affidavit Upon the concern parties by certified mail at the following address:

City of Detroit  
Corporation Council  
First National Building  
600 Woodward Ave  
Detroit, Michigan 48226

13

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

Sign _Carl B Williams_

Subscribed and sworn to before me, This 28th day
of _October_ 2013

_Gloria Ann Surles_
Notary
GLORIA ANN SURLES
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 15, 2017
ACTING IN COUNTY OF _Wayne_

14