# Attachment 3

# Brief in Support

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                Chapter 9

CITY OF DETROIT, MICHIGAN,     No. 13-53846

        Debtor.                    HON. STEVEN W. RHODES

_____/

**RESPONDENTS' BRIEF IN SUPPORT OF MOTION TO STAY THE EFFECT OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. #1536-1) PENDING APPEAL OF THAT ORDER AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. #2256)**

## Introduction

As this Court well knows, the City of Detroit Chapter 9 bankruptcy is the largest Chapter 9 bankruptcy filing in our country's history. Now that the Court has concluded that the City is eligible to proceed under Chapter 9, anything that could jeopardize or even delay the bankruptcy proceedings should be carefully scrutinized. Because the plaintiffs in the *Phillips* Case[1] seek a ruling that Michigan Public

---

[1] Capitalized terms not defined herein have the meaning ascribed in the Motion.

Act 436 of 2012 (P.A. 436) is unconstitutional, this Court's decision to grant relief from the automatic stay formerly extended to the *Phillips* Case under the Extended Stay Order potentially threatens to diminish or eliminate the authority of Detroit's Emergency Manager, and thus, jeopardizes, or at a minimum, potentially delays the City's ability to go forward with a plan of adjustment. Accordingly, as set forth in more detail below, Respondents have met the factors for stay and respectfully request that this Court stay the effect of its November 6 Order (Dkt. #1536-1).

## Argument

**I. This case meets all the factors for stay.**

The factors this Court considers in determining whether an order should be stayed under Fed. R. Bankr. P. 8005 are generally the same factors considered in determining whether to issue a temporary restraining order or a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan*

*First Credit Union v. Smith (In re Smith)*, 501 B.R. 332, 335 (Bankr. E.D. Mich. 2013) quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991). The greater the likelihood of success on the merits, the less the court will require the movant to demonstrate irreparable harm. *Family Trust Foundation of Ky., Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004). Each factor is met here.

**A.  The State is likely to prevail on the merits.**

The scope of the *Phillips* Case is sweeping and its potential impact on the Detroit bankruptcy pervasive. As this Court recognized in its order lifting the stay, the *Phillips* Case "assert[s] that P.A. 436 violates [Petitioners'] rights under the United States Constitution, art. IV, § 4; amend. I; amend. XIII; amend. XIV; and the Voting Rights Act of 1965, 42 U.S.C. §§ 1973-1973(q)." (Dkt. #1536-1 at 1-2.) Petitioners "seek[] damages, declaratory relief, and injunctive relief, including relief 'restraining the Defendants *and any present and future EMs* from implementing or exercising authority and powers purportedly conveyed by Public Act 436." (Dkt. #1536-1 at 1-2, emphasis added.)

Indeed, the entire complaint in the *Phillips* Case is riddled with facial and as-applied challenges to P.A. 436. (See *Phillips*, No. 2-13-cv-11370, R. 1, Complaint , PG ID #24-47.) And the complaint challenges P.A. 436 in every municipality, including Detroit.

Attempting to ameliorate that sweeping impact, Petitioners proposed to withdraw Counts I and IX and remove Plaintiffs Phillips, Valenti, and AFSCME Council 25 from their lawsuit. But such action does not insulate Detroit Emergency Manager Kevyn Orr from attack because counts II through VIII and X would still remain—and they attack P.A. 436 on facial grounds:

- Count II: "On its face. . . Public Act 436 . . . disenfranchises citizens from their right to a democratically elected form of local government and their right to elect local officials who possess general legislative power." (*Phillips*, R. 1, Compl., at Pg ID #24-27.)

- Count II: "On its face. . . Public Act 436 violates the US Const., Art 4, § 4 through provisions of the statute that permit EMs [inter alia] to . . . '[b]e selected and appointed solely at the discretion of the Governor . . ." (*Id.* at Pg ID #27-28.)

- Counts IV, V, and VI: "On its face . . . Public Act 436 violates the Equal Protection Clause of the US Const., Amend. XIV, § 1 . . . ."

- Count VII: "On its face . . . .Public Act 436 violates the Voting Rights Act through provisions that provide for the

appointment of EMs and entering of consent agreements that abridge and dilute the voting rights of citizens within these localities . . . ." (*Id.* at Pg ID #38-40.)

- Count VIII: "On its face . . . Public Act 436 violates the U.S. Const., Amend. I through provisions that provide for the appointment of EMs with powers that strip all authority of local elected officials . . . ." (*Id.* at Pg ID #40-43.)

- Count X: "On its face . . . Public Act perpetuates the vestiges of slavery." (*Id.* at Pg ID #45-47.)

By their very wording and scope, these remaining claims challenge the appointment of all emergency managers in Michigan, including Detroit's emergency manager Kevyn Orr and the validity of Mr. Orr's decision to use the authority of P.A. 436 for filing the City's Chapter 9 bankruptcy. If the relief Petitioners' request in the *Phillips* Case is granted and P.A. 436 held unconstitutional, such a ruling could have retroactive effect, causing P.A. 436 to be "equally void from the outset," *Village of Mainville, Oh. v. Hamilton Tp. Bd. of Trustees*, 726 F.3d 762, 766 (6th Cir. 2013). Such ruling could render Emergency Manager Orr's actions in filing the Chapter 9 bankruptcy case invalid, greatly jeopardizing the Chapter 9 case. Thus, Respondents have a strong likelihood of success on their argument that the automatic stay

should continue to be extended to the *Phillips* Case because it threatens to undermine the validity of Detroit's bankruptcy filing.

**B.  Without a stay, the State could suffer irreparable injury.**

Again, since P.A. 436 is the only vehicle for a municipality in Michigan to file bankruptcy, a holding that P.A. 436 is unconstitutional could call into question the entire eligibility of the City of Detroit to file Chapter 9 bankruptcy. Mich. Comp. Laws 141.1558 (1).

It cannot be overemphasized that Detroit's dire financial condition is not localized—it jeopardizes the financial health and credit rating of the entire State. In turn, a holding in the *Phillips* Case that P.A. 436 is facially unconstitutional and subsequent actions including invalidation of the Chapter 9 filing, and/or delay in submission of the plan of adjustment would cause irreparable harm to the State.

Even if such a holding does not void the actions already taken by Detroit Emergency Manager Kevyn Orr, it could seriously call into question the authority of Mr. Orr to go forward with a plan of adjustment on behalf of the City in the Chapter 9 case. A shift in the authority and decision making structure from the Emergency Manager

to Detroit's new City Council could seriously impair current efforts to submit a timely and efficient plan of adjustment. At a minimum, such a shift would undoubtedly cause delays that would irreparably harm not only Detroit but the entire State. This factor counsels for a stay.

### C. Others will not be harmed if the stay is granted.

Petitioners are likely to argue that they will be harmed if this Court stays the November 6 Order because they will be unable to proceed with the *Phillips* Case and thus, they will be barred from challenging the constitutionality of P.A. 436 and its application to cities in Michigan. However, the State is not requesting a permanent injunction against the *Phillips* Case proceeding. Rather, the State is requesting that this Court stay its November 6 Order only pending appeal of such order so that the appellate court can may review whether the Petitioners' facial and as-applied constitutional challenges to P.A. 436 jeopardize the City's Chapter 9 case. Thus, this factor weighs in favor of granting the stay.

### D. The public interest would be served by a stay.

The public will be harmed by any interference with the Chapter 9 bankruptcy. As this Court outlined extensively in its Opinion Regarding Eligibility, the City of Detroit has for decades been experiencing dwindling population, employment, and revenues. (Dkt. #1945, Opinion Regarding Eligibility at 12.) This decline has "led to decaying infrastructure, excessive borrowing, mounting crime rates, spreading blight, and a deteriorating quality of life." (Dkt. #1945 at 12.) And even more important for purposes of the need for a stay, "the City no longer has the resources to provide its residents with the basic police, fire and emergency medical services that its residents need for their basic health and safety." (Dkt. #1945 at 12.) "Detroit was, and is, insolvent . . . ." (Dkt. #1945 at 113.) As this Court poignantly recognized, the City needs help "to reverse this decline in basic services, to attract new residents and businesses, and to revitalize and reinvigorate itself." (Dkt. #1945 at 13.)

The bankruptcy petition *is* that help. And because the provision of basic services is at stake, time is of the essence. The residents of Detroit would be irreparably harmed by *any* action that could

potentially harm or even delay the City's ability to address the delivery of these vital services. This factor weighs heavily for a stay.

In sum, each of the factors for a stay is met. Respondents therefore respectfully request that this Honorable Court stay the effect of its November 6, 2013 Order (Dkt. #1536-1) pending appeal of that order and this Court's Order denying Respondents' motion for reconsideration of the November 6, 2013 Order (Dkt. #2256).

                                                           Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Dated: January 10, 2014