IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------- x
                                               :
In re                                          :   Chapter 9
                                               :
CITY OF DETROIT, MICHIGAN,                     :   Case No. 13-53846
                                               :
           Debtor.                             :   Hon. Steven W. Rhodes
---------------------------------------------- x

**DEBTOR'S CONCURRENCE WITH AND JOINDER IN
THE RESPONDENTS MOTION TO STAY THE EFFECT OF ORDER
GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT.
#1536-1) PENDING APPEAL OF THAT ORDER AND ORDER DENYING
MOTION FOR RECONSIDERATION OF ORDER GRANTING PHILLIPS'
MOTION FOR RELIEF FROM STAY (DKT #2256)**

The City of Detroit (the "City") concurs[1] with Respondents Michigan Governor Rick Snyder and Michigan Treasurer Kevin Clinton in moving ("State's Motion") this Court under Fed. R. Bankr. P. 8005 to stay its order granting Petitioners' motion for relief from stay (Dkt. #1536-1) ("Order") pending appeal from such order. In support of this concurrence and joinder, the City respectfully represents as follows:

1. The Phillips' litigation should not be allowed to continue at this crucial time in this case prior to appellate review of the Order. It must be stayed

---

[1] Due to the timing of the filing of the State's Motion, and the absence of any specified time period for response, the City files this Concurrence at the earliest possible time. In the event this Court permits or invites formal responses the City intends to supplement this Concurrence.

for the same reason the Court found that the similar NAACP lawsuit was subject to its July 25, 2013 Order – its "potential to directly impact the City's bankruptcy case." Order at 4.

2. This Court allowed the Phillips suit to proceed based on their counsel's representation that they would amend their complaint so that it would have no "bearing on the Debtor's rights in this bankruptcy proceeding" as opposed to the NAACP suit which this Court found "explicitly seeks to remove all power and authority from the Detroit emergency manager." Order at 4, 8. The Phillips plaintiffs themselves, however, admit that if their amended complaint is successful "the impact of the declaratory relief on the bankruptcy is unknown because the scope of the relief granted cannot be known until such time as the District Court actually issues its findings." Response to Motion for Reconsideration [Dkt. #1888-4 at 6]. This statement cannot be reconciled with the Phillips' plaintiffs' earlier promise to this Court. As is now apparent, even though the Phillips' plaintiffs' amended complaint may not use the words "Kevyn Orr" or "Detroit emergency manager" it still challenges P.A. 436 in every municipality, including Detroit.[2]

3. It cannot be seriously questioned that the successful prosecution of the amended complaint would, at the very least, have the "potential to directly impact

---

[2] Shockingly, the Plaintiffs' amended complaint continues to include five Detroit residents—persons that should have no interest in the litigation if, indeed, Detroit is not one of the targets of the litigation. Response to Motion for Reconsideration [Dkt. #1888-7 at ¶¶ 20-22, 24-25.].

the City's bankruptcy case" and could, quite possibly, provide a basis to invalidate or call into question the entire chapter 9 filing. Thus, even if this Court is correct that a "finding by another court that P.A. 436 is unconstitutional will not automatically result in the removal of Kevyn Orr" the Phillips suit should still be subject to the July 25, 2013 Order because "such a ruling could have a retroactive effect, causing P.A. 436 to be equally void from the outset." Order Denying Motion for Reconsideration [Dkt. #2256]; State's Motion at 5; *Chicago, Indianapolis, & Louisville Ry. Co.*, 228 U.S. 559, 566 (1913) ("[A]n unconstitutional act is not a law, and can neither confer a right or immunity nor operate to supersede any existing valid law"); *Stanton v. Lloyd Hammond Produce Farms*, 400 Mich. 135, 144-45 (1977) ("[A]n unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed.").

4. It is not necessary, however, to determine at this point the exact consequences that would ensue from a ruling in the Phillips case. As the Plaintiffs themselves concede, it is impossible to conclude with exactitude what relief they will be afforded if successful.[3] This uncertainty poses practical and economic issues for the City. The mere pendency of litigation that could lead to the ouster of

---

[3] The Phillips plaintiffs could specify in their amended complaint that they do not seek any relief that could impact upon the Detroit bankruptcy or Kevyn Orr's appointment but they have declined to do so. Moreover, it is uncertain whether such a request would bind a court with respect to its ruling on the merits of the case or the relief that might be granted.

- 3 -
21848899.4\022765-00202
13-53846-tjt    Doc 2452    Filed 01/12/14    Entered 01/12/14 21:54:40    Page 3 of 6

the Emergency Manager, or even a prospective limitation upon his duties or powers, is likely to cloud the delicate negotiations that are ongoing to reach agreement on a consensual plan of adjustment. Also, because the City believes the outcome of the Phillips litigation is likely to impact this case, it may be forced to seek to intervene in the litigation causing the expenditure of legal fees and valuable time of the City's attorneys and officers. This Court need not look any further than its Eligibility Opinion as evidence of the significant consequences on the City and its residents that continuation of the Phillips litigation could cause.

5. Finally, if the target of the Phillips lawsuit is not Detroit – despite being filed two days after Mr. Orr took office – but is instead the municipalities of the other Phillips plaintiffs which had all been under Emergency Managers for at least two years, the plaintiffs cannot credibly argue that they will be harmed by a delay of a few more months. As such, the Order must be stayed pending its appeal.

## Conclusion

WHEREFORE, the City respectfully requests that this Court stay the Order pending the City and the State's appeal.

Dated: January 12, 2014        Respectfully submitted,

> By: /s/ Timothy A. Fusco
> Jonathan S. Green (P33140)
> Stephen S. LaPlante (P48063)
> Timothy A. Fusco (P13768)
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 963-6420
> Facsimile: (313) 496-7500
> green@millercanfield.com
> laplante@millercanfield.com
> fusco@millercanfield.com
>
> David G. Heiman (OH 0038271)
> Heather Lennox (OH 0059649)
> JONES DAY
> North Point
> 901 Lakeside Avenue
> Cleveland, Ohio 44114
> Telephone: (216) 586-3939
> Facsimile: (216) 579-0212
> dgheiman@jonesday.com
> hlennox@jonesday.com
>
> Bruce Bennett (CA 105430)
> JONES DAY
> 555 South Flower Street Fiftieth Floor
> Los Angeles, California 90071
> Telephone: (213) 243-2382

Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT