**ITEM NO. 20**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

## STATE OF MICHIGAN'S SUPPLEMENT TO
## THE RECORD REGARDING ELIGIBILITY

Per the Court's request during the October 15, 2013, hearing to determine the City's eligibility to be a debtor under Chapter 9, the State of Michigan supplements the record with the attached documents regarding the State court case of *Gracie Webster v State of Michigan*, Court of Claims Case No. 13-734-CZ, Court of Appeal Nos 317286 & 317292.

Respectfully submitted,

*/s/ Steven B. Flancher*
Steven B. Flancher (P47894)
Assistant Attorney General
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
flanchers@michigan.gov

Dated: October 17, 2013

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which

will provide electronic copies to counsel of record.

*/s/ Steven B. Flancher*
Steven B. Flancher (P47894)
Assistant Attorney General
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan  48909
(517) 373-3203
flanchers@michigan.gov

INGHAM COUNTY 30TH CIRCUIT
313 W. Kalamazoo St.

LANSING, MICHIGAN 48933

| Case Number | Status | Judge |
|---|---|---|
| 13-000734-CZ-C30 | OPEN | AQUILINA, ROSEMARIE E. |

In The Matter Of

Action

WEBSTER, GRACIE et al VS DEFENDANT: MI STATE OF et al

COMPLAINT W/ SUMMONS

| Party | Type | Attorneys |
|---|---|---|
| THOMAS, VERONICA | PLNTF | CANZANO, JOHN R. 400 GALLERIA OFFICENTER #117 SOUTHFIELD, MI 48034 |
| WEBSTER, GRACIE | PLNTF | CANZANO, JOHN R. 400 GALLERIA OFFICENTER #117 SOUTHFIELD, MI 48034 |
| GOV MI | DFNDT | |
| MI STATE OF | DFNDT | |
| TREASURER MI | DFNDT | |

| Opened | Judgment Date | Case Type |
|---|---|---|
| 07/03/2013 | | CZ - OTHER GENERAL CIVIL |

Comments:

| No. | Date of Filing | Operator | Pleadings and Actions / Journal Book-Page-Nbr    Ref Nbr | Original Amt Due/ Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| 1 | 07/03/13 | ATIMMER | COMPLAINT FILED  Receipt: 322485  Date: 07/03/2013 | 150.00 | 0.00 |
| 2 | 07/03/13 | ATIMMER | SUMMONS ISSUED | 0.00 | 0.00 |
| 3 | 07/03/13 | MKAHARI | MISCELLANEOUS MOTION FOR DECLARATORY JUDGMENT AND EXPEDITED HEARING OR IN THE ALT FOR PRELIM INJUNCTION | 0.00 | 0.00 |
| 4 | 07/03/13 | MKAHARI | BRIEF IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT AND EXPEDITED HEARING OR IN THE ALT FOR PRELIM INJUNCTION | 0.00 | 0.00 |
| 5 | 07/03/13 | KAMILTON 1 | ORDER OF REASSIGNMENT FROM JUDGE CANADY TO JUDGE AQUILINA | 0.00 | 0.00 |
| 6 | 07/05/13 | MKAHARI | ORDER TO SHOW CAUSE ON JULY 22, 2013 AT 9 | 0.00 | 0.00 |
| 7 | 07/05/13 | MKAHARI | SUMMONS ISSUED | 0.00 | 0.00 |
| 8 | 07/09/13 | KAMILTON 1 | CASE REASSIGNED FROM TO The judge was changed from CANADY III, CLINTON | 0.00 | 0.00 |

INGHAM COUNTY 30TH CIRCUIT
313 W. Kalamazoo St.

LANSING, MICHIGAN 48933

13-000734-CZ-C30    WEBSTER, GRACIE et al VS DEFENDANT:      MI STATE OF et al
                    *** End of Report ***

INGHAM COUNTY 30TH CIRCUIT
313 W. Kalamazoo St.

LANSING, MICHIGAN 48933

13-000734-CZ-C30    WEBSTER, GRACIE et al VS DEFENDANT: MI STATE OF et al

| No. | Date of Filing | Operator | Pleadings and Actions Journal Book-Page-Nbr    Ref Nbr | Original Amt Due/ Amt Dismissed | Balance Due |
|---|---|---|---|---|---|
| 9 | 07/09/13 | DCLINE | HEARING SET: Event: SHOW CAUSE HEARING Date: 07/22/2013   Time: 9:00 am Judge: AQUILINA, ROSEMARIE E.   Location: COURTROOM 5 - VETERANS MEMORIAL | 0.00 | 0.00 |
| 10 | 07/11/13 | KAMILTON 1 | PROOF OF SERVICE ON 070513 A COPY OF SUMMONS & COMPLAINT PERSONALLY SERVED UPON GOVERNOR SYNDER; STATE OF MICHIGAN; DEPT OF TREASURY | 0.00 | 0.00 |
| 11 | 07/16/13 | KAMILTON 1 | REQUEST FOR FILM AND ELECTRONIC MEDIA COVERAGE OF COURT PROCEEDINGS / DETROIT NEWS PHOTOGRAPHER TO APPEAR ON 7/22/13 @ 9AM | 0.00 | 0.00 |

|  | Totals By:  | COURT COSTS | 150.00 | 0.00 |
|---|---|---|---|---|
|  |  | INFORMATION | 0.00 | 0.00 |

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
| JUDICIAL DISTRICT | | |
| 30th JUDICIAL CIRCUIT | | 13-734-CZ |
| COUNTY PROBATE | | |

| Court address | Court telephone no. |
| 313 W. Kalamazoo, Lansing MI 48901 | (517) 483-6500 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
| Gracie Webster and | v | The State of Michigan, |
| Veronica Thomas | | Richard Snyder, Governor of the The State of Michigan, and |
| | | Andy Dillon, Treasurer of the State of Michigan |

Plaintiff's attorney, bar no., address, and telephone no.
John R. Canzano (P30417)
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield MI 48034
248-354-9650

H.D.
JUL 05 2013
**Tax Policy Division**

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued JUL 0 3 2013 | This summons expires OCT 0 2 2013 | Court clerk ELIZABETH ROBERTSON |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this Court _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| 13-729-CZ | Aquilina | P37670 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| Detroit MI, Wayne County | Lansing, MI, Ingham County |

| Place where action arose or business conducted |
| Ingham County |

07/05/2013
Date | Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
| --- | --- | --- | --- |
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

        Case No. 13-734-CZ
        Hon. CLINTON CANADY III

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

_____/

JOHN R. CANZANO (P30417)
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650
jcanzano@michworklaw.com

_____/

A civil action between these parties or
other parties arising out of the transaction
or occurrence alleged in the Complaint has
been previously filed in this Court,
where it was given docket number 13-729-CA
and was assigned to Judge Aquilina.
The action remains pending.

## VERIFIED COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## NATURE OF ACTION

    1.    This action seeks a declaratory judgment that the "Local Financial Stability and

Choice Act," 2012 PA 436, MCL 141.1541 *et seq* ("PA 436") is unconstitutional and in violation of

Article IX Section 24 of the Michigan Constitution because PA 436 permits accrued pension benefits to be diminished or impaired by bankruptcy proceedings in direct contravention of the Constitution. This action also seeks a preliminary and/or final injunction enjoining the Governor and/or the State Treasurer from authorizing a bankruptcy proceeding permitting an unconstitutional diminishment or impairment of accrued pension benefits under PA 436.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff Gracie Webster is a retiree from the City of Detroit. She retired in 2000 and is receiving a pension benefit under the City of Detroit's General Retirement System Pension Plan. She resides in Detroit and is a citizen of the State of Michigan.

3.     Plaintiff Veronica Thomas is an employee of the City of Detroit. She has worked for the City for 17 years. She is a participant in the City of Detroit's General Retirement System Pension Plan. Although she has not yet retired, based on her years of service Plaintiff Thomas has earned the right to an accrued vested pension benefit under the terms of the pension plan.

4.     Defendant State of Michigan is a governmental entity and sovereign state of the United States, retaining all powers reserved to it under the 10th Amendment to the United States Constitution.

5.     Defendant Richard Snyder is the Governor of the State of Michigan acting in his official capacity.

6.     Defendant Andy Dillon is Treasurer of the State of Michigan acting in his official capacity.

7.     The Governor may delegate his duties under Section 9 of PA 436, MCL 141.1549 to the State Treasurer.

8.     This court has jurisdiction under MCL 600.6419(4), which provides for the jurisdiction of circuit courts in proceedings for declaratory or equitable relief against the State, and

2

MCL 600.605, which provides original jurisdiction in the circuit courts.

9. Venue is proper in this court under MCL 600.1621(a), because Defendants conduct business in Ingham County.

## COUNT I: DECLARATORY JUDGMENT

### PA 436 Is Unconstitutional Because It Permits Accrued Pension Benefits To Be Diminished Or Impaired In Direct Violation Of Article IX, Section 24 Of The Michigan Constitution

10. Article IX Section 24 of the Michigan Constitution provides in pertinent part:

> The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof **which shall not be diminished or impaired** thereby.

11. PA 436 was enacted by the Michigan Legislature on December 28, 2012 and became effective March 28, 2013.

12. Among the purposes of PA 436, as stated in its preamble, are to "prescribe remedial measures to address a financial emergency within a local unit of government;" "to prescribe the powers and duties of an emergency manager for a local unit of government;" and "to provide a process by which a local unit of government . . . may file for bankruptcy."

13. On March 14, 2013, Defendant Snyder appointed Kevyn Orr as Emergency Financial Manager for the City of Detroit, pursuant to 1990 PA 72, MCL 141.1201 *et seq* ("PA 72"). PA 436 is a successor statute to, and expressly repeals, PA 72.

14. Pursuant to Sec 9(10) of PA 436, MCL 141.1549(10), Kevyn Orr, as an emergency financial manager appointed under former 1990 PA 72 "and serving immediately prior to the effective date of this act, shall be considered an emergency manager under this act [PA 436] and shall continue under this act to fulfill his or her powers and duties."

15. Chapter 9 of the U.S. Bankruptcy Code, 11 USC §§901 *et seq*, provides a process by

3

which a municipality may file for bankruptcy and become a debtor under Chapter 9 in federal bankruptcy court.

16.     However, in order to protect state sovereignty and in recognition of federalism principles under the 10th Amendment to the U.S. Constitution, Chapter 9 of the Bankruptcy Code prohibits municipalities from filing for bankruptcy unless the municipality "is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter." Absent such authorization, federal bankruptcy courts have no jurisdiction under Chapter 9 over a municipality as a debtor. 11 USC §109(c)(2). See *Ashton v Cameron County Water Improvement Dist No 1*, 298 US 513; 56 S Ct 892; 80 L Ed 1309 (1936); and *United States v Bekins*, 304 US 27, 58 S Ct 811; 82 L Ed 1137 (1938).

17.     Section 18 of PA 436, MCL 141.1558, specifically authorizes a local unit of government to become a debtor in a Chapter 9 bankruptcy proceeding if the emergency manager for the local government recommends to the Governor and the State Treasurer that the local government be authorized to proceed under Chapter 9, and if the Governor approves the recommendation by informing the emergency manager and State Treasurer in writing of his decision.

18.     PA 436 nowhere requires that in considering whether to approve an emergency manager's recommendation to proceed under Chapter 9, the Governor shall not approve such recommendation if accrued pension benefits may be diminished or impaired in violation of Article IX Section 24 of the Michigan Constitution.

19.     Accordingly, because PA 436 does not prohibit a municipality from proceeding under Chapter 9 of the U.S. Bankruptcy Code if accrued pension benefits may be unconstitutionally diminished or impaired , PA 436 is unconstitutional on its face in violation of Article IX Section 24 of the Michigan Constitution.

4

20. Section 11 of PA 436, MCL 141.1551, provides that "an emergency manager shall develop and may amend a written financial operating plan for the local government [and that] [t]he financial and operating plan shall provide for . . . [t]he timely deposit of required payments to the pension fund for the local government or in which the local government participates."

21. On May 12, 2013, Emergency Manager Orr issued a financial and operating plan pursuant to Section 11 of PA 436. (Available at www.freep.com/assets/freep/pdf/C4205233512.pdf.) The plan does not schedule the "timely deposit of required payments" to the pension funds as required by Section 11 of PA 436, but instead notes that payments have been deferred to manage a liquidity crisis.

22. On June 14, 2013, Emergency Manager Orr issued a "Proposal for Creditors" in which he presents various restructuring options. (Available at http://www.freep.com/assets/freep/pdf/C4206913614.pdf.) Nowhere in this document does Emergency Manager Orr indicate any intent to comply with Article IX Sec 24 of the Michigan Constitution. Instead, in direct contravention of the Michigan Constitution, the proposal expressly states that "*there must be significant cuts in accrued, vested pension amounts for both active and currently retired persons*."

23. Emergency Manager Orr has publicly threatened, in a June 14 interview with the Detroit Free Press Editorial Board, that vested pension benefits will be abrogated in a Chapter 9 proceeding authorized by the Governor pursuant to PA 436, and that any state law protecting vested pension benefits is "not going to protect" retirees or employees with vested pension benefits in bankruptcy court. (See www.freep.com/article/20130616/OPINION05/306160052/kevyn-orr-detroit-emergency-manager-creditors-fiscal-crisis.)

24. Article IX Section 24 of the Michigan Constitution is such a state law, which Emergency Manager Orr has asserted will "not . . . protect" vested pension benefits.

25.     Under PA 436, the only way Emergency Manager Orr could impose his desired "significant cuts in accrued, vested pension amounts for both active and currently retired persons" is through a Chapter 9 bankruptcy filing.

26.     Plaintiffs are entitled to a declaratory judgment that PA 436 is unconstitutional under Article IX Section 24 of the Michigan Constitution because PA 436 does not prohibit the Governor from authorizing a Chapter 9 bankruptcy filing which threatens to unconstitutionally diminish or impair the Plaintiffs' accrued pension benefits, and a final judgment ordering that Defendant Snyder and/or Defendant Dillon not authorize a Chapter 9 filing which threatens to diminish or impair accrued pension benefits in violation of the Michigan Constitution.

27.     This case presents an actual controversy entitling Plaintiffs to a declaratory judgment because the facts stated above indicate " an adverse interest necessitating the sharpening of the issues raised." *Lansing School Education Ass'n v Lansing Bd of Educ*, 487 Mich 349, 372 n20; 792 NW2d 686 (2010), quoting *Associated Builders and Contractors v Dep't of Consumer and Indus Servs Dir*, 472 Mich 117, 126; 693 NW2d 374 (2005). Plaintiffs are entitled to a declaratory judgment here "to obtain adjudication of rights before an actual injury occurs [and] to settle a matter before it ripens into a violation of the law . . ." *Rose v State Farm Mut Auto Ins Co*, 274 Mich App 291, 294; 732 NW2d 160 (2006).

28.     Plaintiff's need for a Declaratory Judgment is urgent.  Based on the above facts, a request by the Emergency Manager to proceed under Chapter 9 is imminent, because he has credibly threatened – indeed, has given every indication – that he intends to impair or diminish accrued pension benefits in contravention of Article IX Section 24 of the Michigan Constitution, and that Chapter 9 bankruptcy proceedings are the mechanism by which he can do so. Thus Plaintiffs' rights under the Michigan Constitution not to have their pension benefits "diminished or impaired" can

only be guaranteed if this Court acts *before* the Governor approves a request to proceed under Chapter 9. Moreover, Emergency Manager Orr's threats that he will unconstitutionally diminish or impair Plaintiffs' vested pension rights have themselves harmed Plaintiffs by instilling in Plaintiffs a reasonable fear that their constitutional rights will be trampled upon and, in the process, their future source of income drastically eroded.

29.    Accordingly, Plaintiffs are entitled to a speedy hearing under MCR 2.605(D) on their request for declaratory relief.

## COUNT II:  PRELIMINARY INJUNCTION

30.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 29 above.

31.    Plaintiffs will suffer irreparable harm if Defendants Snyder and Dillon are not enjoined from authorizing the Emergency Manager to proceed under Chapter 9 of the U.S. Bankruptcy Code and thereby seeking to abrogate Plaintiffs' rights under the Michigan Constitution and the source of livelihood it guarantees them in a forum which the Emergency Manager contends does not protect those rights.

32.    The harm to Plaintiffs absent injunctive relief outweighs the harm to Defendants if an injunction is granted because the Governor and Treasurer will not be harmed if they are enjoined from authorizing the Emergency Manager to file under Chapter 9.

33.    Plaintiffs are likely to succeed on the merits.

34.    There will be harm to the public interest absent an injunction, as the accrued vested pension rights of thousands of City of Detroit retirees and employees will be threatened with abrogation in violation of the Michigan Constitution.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the following relief:

A.  A declaratory judgment that PA 436 is unconstitutional in violation of Article IX Section 24 of the Michigan Constitution.

B.  A preliminary and/or permanent injunction enjoining Defendant Snyder and Defendant Dillon from authorizing the Detroit Emergency Manager to commence proceedings under Chapter 9 of the U.S. Bankruptcy Code.

C.  An award to Plaintiffs of their costs and expenses, including attorneys' fees, incurred in this action.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: _____
John R. Canzano (P30417)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650
jcanzano@michworklaw.com

Date: July 3, 2013

## VERIFICATION

STATE OF MICHIGAN    )
                                        )ss
COUNTY OF OAKLAND    )

John R. Canzano, being first duly sworn, deposes and states he is the attorney representing Plaintiffs herein; that he has read the foregoing verified complaint by him subscribed for and on

behalf of Plaintiffs; that he knows the contents thereof to be true except as to those matters stated upon information and belief, and as to those matters, he believes them to be true, and he is authorized to sign said Verified Complaint on behalf of Plaintiffs.

John R. Canzano

Subscribed and sworn to before me this 3rd day of July 2013.

Karen Ann Purslow, Notary Public
County of Oakland, State of Michigan
My Commission Expires:    April 19, 2014

9

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

Case No. 13-734-CZ
Hon. CANADY

_____/

JOHN R. CANZANO (P30417)
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650
jcanzano@michworklaw.com

_____/

### MOTION FOR DECLARATORY JUDGMENT
### AND EXPEDITED HEARING PURSUANT TO MCR 2.605(D),
### OR IN THE ALTERNATIVE FOR PRELIMINARY INJUNCTION.

    For the reasons stated in the attached brief, Plaintiffs request that this Court order an

expedited hearing and grant a declaratory judgment and permanent injunction, or, in the

alternative, a preliminary injunction in their favor.

                Respectfully submitted,

                McKNIGHT, McCLOW, CANZANO,
                SMITH & RADTKE, P.C.

        By: _____
                John R. Canzano (P30417)
                Attorneys for Plaintiffs
                400 Galleria Officentre, Suite 117
                Southfield, MI 48034
                248-354-9650
                jcanzano@michworklaw.com

Date: July 3, 2013

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

        Case No. 13-734-CZ
        Hon. CANADY

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

JOHN R. CANZANO (P30417)
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650
jcanzano@michworklaw.com

---

### BRIEF IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT AND EXPEDITED HEARING PURSUANT TO MCR 2.605(D), OR IN THE ALTERNATIVE FOR PRELIMINARY INJUNCTION.

This action seeks a declaratory judgment that the "Local Financial Stability and Choice Act," 2012 PA 436, MCL 141.1541 *et seq.* ("PA 436") is unconstitutional in violation of Article IX Section 24 of the Michigan Constitution, which expressly protects vested pension rights by requiring that "[t]he accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions . . *shall not be diminished or impaired . . .*"

Pursuant to MCR 2.605(D), "[t]he court may order a speedy hearing of an action for declaratory relief and may advance it on the calendar" in appropriate cases. This is such a case. Plaintiffs, a City of Detroit pensioner who retired 13 years ago, and a City of Detroit employee with 17 years of accrued vested service, are facing an imminent threat that their vested pension rights will be irreparably and permanently diminished and impaired in a Chapter 9 bankruptcy proceeding authorized by PA 436, in direct violation of Article IX Section 24 of the Michigan Constitution. In the alternative, Plaintiffs are seeking a preliminary injunction enjoining Defendant Governor Snyder and Defendant State Treasurer Dillon from authorizing a Chapter 9 bankruptcy under PA 436.

## FACTS

Plaintiffs incorporate herein the facts stated in the Verified Complaint. This case presents essentially a pure question of law. The pertinent facts are not in dispute.

Kevyn Orr currently serves as the Emergency Manager of the City of Detroit under PA 436. Under Section 18 of PA 436, Defendant Governor Snyder is empowered to authorize Orr to file for Chapter 9 bankruptcy on behalf of the City if the Governor approves the Emergency Manager's recommendation to do so.

On June 14, 2013, Emergency Manager Orr issued a "Proposal for Creditors" which expressly states that ***"there must be significant cuts in accrued, vested pension amounts for both active and currently retired persons."*** The same day, Emergency Manager Orr publicly threatened, in an interview with the Detroit Free Press Editorial Board, that vested pension benefits will not be protected in a Chapter 9 proceeding authorized by the Governor pursuant to PA 436, and that any state laws protecting vested pension benefits will "not . . . protect" retirees in bankruptcy court. As the Emergency Manager stated in the interview:

Q. You said in this report that you don't believe there is an obligation under our state constitution to pay pensions if the city can't afford it?

A. The reason we said it that way is to quantify the bankruptcy question. We think federal supremacy trumps state law.

Q. Which the Ninth Circuit agrees with for now.

A. It is what it is - so we said that in a soft way of saying, "Don't make us go into bankruptcy." **If you think your state-vested pension rights, either as an employee or a retiree -** *that's not going to protect you.* **If we don't reach an agreement one way or the other, we feel fairly confident that the state federal law, federalism, will trump state law or negotiate.** The irony of the situation is we might reach a deal with creditors quicker because employees and retirees think there is some benefit and that might force our hand. That might force a bankruptcy. (Emphasis added.)

## LAW

Plaintiffs are entitled to a declaratory judgment that PA 436 is unconstitutional in violation of Article IX Section 24 of the Michigan Constitution, because PA 436 permits accrued pension benefits to be diminished or impaired in direct contravention of the Constitution. Article IX Section 24 provides that "[t]he accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof *which shall not be diminished or impaired* thereby." There could not be a more clear and plain constitutional mandate. Article IX Section 24 means what it says: *accrued pension benefits "shall not be diminished or impaired."* See, *AFT Michigan v State of Michigan*, 297 Mich App 597, 610; 825 NW2d 595 (2012); *Mt Clemens Firefighters Union, Local 838, IAFF v City of Mt Clemens,* 58 Mich App 635, 644; 228 NW2d 500 (1975). The Official Record of the 1963 Constitutional Convention further supports that no governmental entity or its officials can do anything to diminish or impair vested pension benefits:

This is a new section that requires that accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions be a

contractual obligation which **cannot diminished or impaired by the action of its officials or governing body.**

2 Official Record, Constitutional Convention 1961, p. 3402 (emphasis added).

Chapter 9 of the U.S. Bankruptcy Code, 11 USC §§901 *et seq.*, provides a process by which a municipality may file for bankruptcy. However, because of federalism concerns and to protect the states' sovereignty, Chapter 9 prohibits a municipality from filing for bankruptcy unless "specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter." 11 USC §109(c)(2). Indeed, many states simply do not authorize their municipalities to file for bankruptcy at all. Absent such authorization, federal bankruptcy courts have no jurisdiction under Chapter 9 over a municipality as a debtor. See *Ashton v Cameron County Water District No 1*, 298 US 513; 56 S Ct 892; 80 L Ed 1309 (1936); and *United States v Bekins*, 304 US 27; 58 S Ct 811; 82 L Ed 1137 (1938).

Section 18 of PA 436 authorizes a municipality to commence Chapter 9 bankruptcy proceedings if the emergency manager appointed under PA 436 recommends, and the Governor authorizes, that the municipality file for bankruptcy under Chapter 9.

Notably, PA 436 explicitly recognizes that accrued pension benefits shall not be diminished or impaired outside the bankruptcy context. But PA 436 nowhere requires that the Governor shall not authorize a Chapter 9 bankruptcy filing if accrued pension benefits may be diminished or impaired thereby in violation of Article IX Section 24. *For example,* Section 11 of PA 436 requires that an emergency manager develop a written financial and operating plan for the local government and that such plan "shall provide" for "the timely deposit of required payments to the pension fund for the local government." *For example,* Section 13 of PA 436 authorizes the emergency manager to eliminate the salary, wages or other compensation and

benefits of the chief administrative officer and members of the governing body of the local government, but expressly provides that "[t]his section does not authorize the impairment of vested pension benefits." *For example*, Section 12(m) of PA 436 authorizes an emergency manager under certain circumstances to be appointed as the sole trustee of a local pension board and to replace the existing trustees, and requires that "the emergency manager shall fully comply with . . . Section 24 of Article IX of the state constitution . . ." when acting as the sole trustee.

By contrast, Section 18 of PA 436, which empowers the Governor to authorize a municipality to file for bankruptcy under Chapter 9, *nowhere* requires that the Governor shall not authorize such filing if accrued pension benefits may be unconstitutionally diminished or impaired. Clearly, the Legislature understood and honored the constitutional mandate not to diminish or impair accrued pension benefits outside of bankruptcy. Just as clearly, the Legislature *omitted* any constitutional protection against the impairment or diminishment of accrued pension benefits when the Governor authorizes a Chapter 9 bankruptcy filing under Section 18 of PA 436. In other words, by expressly ***including*** the protection of Article IX Section 24 in various sections of the law, but not Section 18, PA 436 plainly ***excludes*** those protections from Section 18.[1] Accordingly, PA 436 is unconstitutional on its face because it does not prohibit a municipality from proceeding under Chapter 9 if accrued pension benefits may be unconstitutionally diminished or impaired, in violation of Article IX Section 24 of the Michigan Constitution.

Plaintiffs are entitled to a declaratory judgment that PA 436 is unconstitutional under Article IX Section 24 of the Michigan Constitution because PA 436 does not prohibit the

---

[1] This conclusion is supported by the traditional maxim "*expressio unius est exclusio alterius*" (to express one thing is to exclude another). *See, e.g., Smitter v Thornapple Twp*, ____ Mich ____, 2013 Mich Lexis 912, *19, n 34 (June 19, 2013); *Johnson v Recca*, 492 Mich 169, 176, n 4; 821 NW2d 520 (2012).

Governor from authorizing a Chapter 9 bankruptcy filing which threatens to unconstitutionally diminish or impair the Plaintiffs' accrued pension benefits.

Plaintiffs' need for a Declaratory Judgment is urgent. The facts show that a request by the Emergency Manager to proceed under Chapter 9 is imminent, because he has given every indication that he intends to impair or diminish accrued pension benefits in contravention of Article IX Section 24 of the Michigan Constitution. Plaintiff's' rights under the Michigan Constitution not to have their pension benefits "diminished or impaired" can only be guaranteed if this Court acts *before* the Governor approves a request to proceed under Chapter 9.

This case presents an actual controversy entitling Plaintiffs to a declaratory judgment because the facts indicate "an adverse interest necessitating the sharpening of the issues raised." *Lansing School Education Ass'n v Lansing Bd of Educ*, 487 Mich 349, 372 n20; 792 NW2d 686 (2010), quoting *Associated Builders and Contractors v Wilbur*, 472 Mich 117, 126; 693 NW2d 374 (2005). Plaintiffs are entitled to a declaratory judgment here "to obtain adjudication of rights *before* an actual injury occurs [and] to settle a matter *before* it ripens into a violation of the law . . ." *Rose v State Farm Mutual Auto Insurance Co*, 274 Mich App 291, 294; 732 NW2d 160 (2006). (emphasis supplied)

This case presents the classic case for declaratory relief. Plaintiffs cannot wait to protect their constitutional rights until after the Governor authorizes a Chapter 9 filing. "Declaratory relief is designed to give litigants access to courts to preliminarily determine their rights. . . . the court is not precluded from reaching issues before actual injuries or loses have occurred." *City of Detroit v State of Michigan,* 262 Mich App 542, 550-551; 686 NW2d 514 (2004), citing *Shavers v Attorney General,* 402 Mich 554, 588-589; 267 NW2d 72 (1978) (explaining that plaintiff's request for declaratory relief "does not rely on the state having already violated the zoning ordinance [but] rather properly requests a determination whether the state had the

authority to proceed as planned"). Moreover, the Emergency Manager is admittedly using the threat of bankruptcy to force vested pensioners and employees to accede to his attempts to diminish and impair their accrued benefits **now.** Thus the harm to Plaintiffs is both imminent and actual.

Under MCR 2.605(D), this Court can and should order a speedy hearing and advance this case on the calendar. The need is urgent. *See,* Longhofer, 3 *Michigan Court Rules Practice* §2605.7 at 390. (Speedy hearing under 2.605(D) "will be done most frequently in actions involving clear-cut legal issues of public importance, with no factual issues to be tried"). *See also, Kuhn v Department of Treasury,* 384 Mich 378, 386-387; 183 NW2d 796 (1971) ("moving party is entitled to an expeditious disposition by the courts so that the right . . . guaranteed by the constitution is not jeopardized."); *State Farm v Savickas,* 1998 Mich App Lexis 984 (1998) (trial court accelerated trial and entered judgment, as authorized by MCR 2.605(D)).

In the alternative, Plaintiffs are entitled to a preliminary injunction. In deciding whether to issue a preliminary injunction, the court must weigh the following factors:

> Whether (1) the moving party made [a] required demonstration of irreparable harm, (2) the harm to the applicant absent such an injunction outweighs the harm it would cause to the adverse party, (3) the moving party showed that it is likely to prevail on the merits, and (4) there will be harm to the public interest if an injunction is not issued.

First, Plaintiffs will be irreparably harmed if the Governor authorizes a Chapter 9 filing in which the Emergency Manager has stated he intends to diminish or impair vested pension benefits in violation of Article IX Section 24. Because bankruptcy may foreclose further options or financial relief, this is not a case where money damages could remedy the constitutional impairment of Plaintiff's pension rights. Second, the Governor and Treasurer will not suffer any harm if they are enjoined from authorizing a Chapter 9 bankruptcy that would violate the Constitution's protection for Detroit's vested pensioners and employees. "[I]f the plaintiff shows

7

a substantial likelihood that the challenged law is unconstitutional, no substantial harm to others can be said to inhere its enjoinment." *Déjà vu of Nashville v Metro Gov't of Nashville and Davidson City*, 274 F3d 377, 400 (CA6, 2001). Third, for all the reasons stated above in support of a declaratory judgment, Plaintiffs are likely to succeed on the merits. Fourth, the public interest will be saved by upholding the Constitution's protection for thousands of long term City of Detroit retirees.

## CONCLUSION

Plaintiffs respectfully request that this Court grant a declaratory judgment and permanent injunction and/or preliminary injunction in their favor, as specified in the Verified Complaint.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: _____
John R. Canzano  (P30417)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
248-354-9650
jcanzano@michworklaw.com

Date:  July 3, 2013

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>30th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br><br>13-734-CZ |
|---|---|---|

| Court address<br>313 W. Kalamazoo, Lansing MI 48901 | Court telephone no.<br>(517) 483-6500 |
|---|---|

| Plaintiff's name(s), address(es), and telephone no(s).<br>Gracie Webster and<br>Veronica Thomas | | Defendant's name(s), address(es), and telephone no(s).<br>The State of Michigan,<br>Richard Snyder, Governor of the The State of Michigan, and<br>Andy Dillon, Treasurer of the State of Michigan |
|---|---|---|
| | v | |
| Plaintiff's attorney, bar no., address, and telephone no.<br>John R. Canzano (P30417)<br>McKnight, McClow, Canzano, Smith & Radtke, P.C.<br>400 Galleria Officentre, Suite 117<br>Southfield MI 48034<br>248-354-9650 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUL 0 3 2013 | This summons expires<br>OCT 0 2 2013 | Court clerk | ELIZABETH ROBERTSON |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this Court _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>13-729-CZ | Judge<br>Aquilina | Bar no.<br>P37670 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Detroit MI, Wayne County | Defendant(s) residence (include city, township, or village)<br>Lansing, MI, Ingham County |
|---|---|
| Place where action arose or business conducted<br>Ingham County | |

07/05/2013
_____
Date

_____
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

13-53846-swr Doc 247-10-3 Filed 10/04/17 13 Entered 01/04/17 13 10:33:17 Page 27 of 40

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
| --- | --- | --- |

**☐ OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**☐ AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
| --- | --- | --- | --- |
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____, County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _Motion and Brief in Support_
Attachments

on ___July 5 2013___ on behalf of ___Treasurer Andy Dillon___
Day, date, time

_Melissa Re_
Signature

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>30th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>13-734-CZ |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 313 W. Kalamazoo, Lansing MI 48901 | (517) 483-6500 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Gracie Webster and<br>Veronica Thomas | v | The State of Michigan,<br>Richard Snyder, Governor of the The State of Michigan, and<br>Andy Dillon, Treasurer of the State of Michigan |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| John R. Canzano (P30417)<br>McKnight, McClow, Canzano, Smith & Radtke, P.C.<br>400 Galleria Officentre, Suite 117<br>Southfield MI 48034<br>248-354-9650 |

---

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued JUL 0 3 2013 | This summons expires<br>OCT 0 2 2013 | Court clerk | ELIZABETH ROBERTSON |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

---

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this Court _____ Court.
The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 13-729-CZ | Aquilina | P37670 |

---

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Detroit MI, Wayne County | Lansing, MI, Ingham County |

| Place where action arose or business conducted |
|---|
| Ingham County |

| 07/05/2013 | |
|---|---|
| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**PROOF OF SERVICE**

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with Motion & Brief in Suppr
Attachments

_____ on July 5, 2013
Sign\ature                              Day, date, time

on behalf of State of Michigan

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>30th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>13-734-CZ |

| Court address<br>313 W. Kalamazoo, Lansing MI 48901 | Court telephone no.<br>(517) 483-6500 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>Gracie Webster and<br>Veronica Thomas | v | Defendant's name(s), address(es), and telephone no(s).<br>The State of Michigan,<br>Richard Snyder, Governor of the The State of Michigan, and<br>Andy Dillon, Treasurer of the State of Michigan |

Plaintiff's attorney, bar no., address, and telephone no.
John R. Canzano (P30417)
McKnight, McClow, Canzano, Smith & Radtke, P.C.
400 Galleria Officentre, Suite 117
Southfield MI 48034
248-354-9650

---

**SUMMONS**  NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>JUL 0 3 2013 | This summons expires<br>OCT 0 2 2013 | Court clerk<br>ELIZABETH ROBERTSON |

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

---

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this Court _____ Court.

The action ☑ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>13-729-CZ | Judge<br>Aquilina | Bar no.<br>P37670 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Detroit MI, Wayne County | Defendant(s) residence (include city, township, or village)<br>Lansing, MI, Ingham County |

Place where action arose or business conducted
Ingham County

---

07/05/2013

| Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  SUMMONS AND COMPLAINT  MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | |
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _Motion & Brief in Support_
Attachments

on _July 5, 2013_
Day, date, time

on behalf of _Governor Snyder_

_Samantha Simone_
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

Plaintiffs,

vs

Case No. 13-734-CZ
Hon.

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

Defendants.

Dept of Attorney General

JUL 0 9 2013

State Of
RE          Division
VED

## ORDER TO SHOW CAUSE

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this ___5___ day of July, 2013.

PRESENT:_____
Circuit Court Judge

The Court reviewed Plaintiffs' Verified Complaint, Motion for Declaratory Judgment and

Expedited Hearing Pursuant to MCR 2.605(D), or in the Alternative for Preliminary Injunction

and Brief in support thereof, and being otherwise fully advised in the premises.

**IT IS HEREBY ORDERED:**

1.      Defendants shall file and serve their Answer and any other responses to Plaintiffs'

Motion on or before __July 15__, 2013.

2.      Defendants shall show cause on __July 22__, 2013 at __9__ o'clock in the

_fore_noon why the declaratory judgment and permanent and/or preliminary injunction sought

by Plaintiffs should not be granted.

_____
Circuit Court Judge

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

      Plaintiffs,

vs

      Case No. 13-734-CZ
      Hon.

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

*Dept of Attorney General*

*JUL 0 9 2013*

*State ~~~ ~~~g Division*
*RE~~~ IVED*

      Defendants.

_____

**ORDER TO SHOW CAUSE**

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this ___5___ day of July, 2013.

PRESENT:_____
               Circuit Court Judge

The Court reviewed Plaintiffs' Verified Complaint, Motion for Declaratory Judgment and

Expedited Hearing Pursuant to MCR 2.605(D), or in the Alternative for Preliminary Injunction

and Brief in support thereof, and being otherwise fully advised in the premises.

    **IT IS HEREBY ORDERED:**

    1.    Defendants shall file and serve their Answer and any other responses to Plaintiffs'

Motion on or before ___July 15___, 2013.

    2.    Defendants shall show cause on ___July 22___, 2013 at ___9___ o'clock in the

___fore___noon why the declaratory judgment and permanent and/or preliminary injunction sought

by Plaintiffs should not be granted.

                               _____
                               Circuit Court Judge

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

                                      Case No. 13-734-CZ
                                      Hon.

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

                                                          /

## ORDER TO SHOW CAUSE

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this _5_ day of July, 2013.

        PRESENT:_____
                        Circuit Court Judge

    The Court reviewed Plaintiffs' Verified Complaint, Motion for Declaratory Judgment and

Expedited Hearing Pursuant to MCR 2.605(D), or in the Alternative for Preliminary Injunction

and Brief in support thereof, and being otherwise fully advised in the premises.

    **IT IS HEREBY ORDERED:**

    1.    Defendants shall file and serve their Answer and any other responses to Plaintiffs'

Motion on or before _July 15_, 2013.

    2.    Defendants shall show cause on _July 22_, 2013 at _9_ o'clock in the

_fore_noon why the declaratory judgment and permanent and/or preliminary injunction sought

by Plaintiffs should not be granted.

                                                      _[signature]_
                                  Circuit Court Judge

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. BOX 30754
LANSING, MICHIGAN 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

July 15, 2013

Clerk of the Court
Ingham County Circuit Court
313 W. Kalamazoo
Lansing, MI 48901-7971

Dear Clerk:

    Re:   *Gracie Webster, et al v The State of Michigan, et al*
          *Ingham Circuit Docket No. 13-734-CZ*

    Enclosed for filing in the above entitled matter, please find the Defendants'
Response to Plaintiffs' Motion for Declaratory Judgment or Preliminary Injunction
and Brief in Support of Defendants' Motion for Summary Disposition along with
Proof of Service upon Plaintiff's attorney.

          Sincerely,

          *Thomas Quasarano*

          Thomas Quasarano
          Assistant Attorney General
          State Operations Division
          (517) 373-1162

TQ/llw
Enc.
c:    John R. Canzano
       Hon. Rosemarie Aquilina

AG# 2013-0048624-A – Webster v SOM, et al /clerk ltr

**801** 000046443

## STATE OF MICHIGAN

DEPARTMENT OF ATTORNEY GENERAL

07/12/2013

TWENTY AND 0/100

$20.00

PAY TO THE ORDER OF:

INGHAM COUNTY CIRCUIT COURT

MOTION FEE
WEBSTER V SOM
THOMAS QUASARANO , STATE OPERATIONS

TO THE TREASURER
STATE OF MICHIGAN
LANSING, MICHIGAN 48922

74-70
724

VOID IF DOLLAR AMOUNT EXCEEDS $5,000

Security features included
Details on back

⑈"000046443"⑈ ⑆072400706⑆ 801 810 4"⑈

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

    Plaintiffs,

No. 13-734-CZ

v

HON. ROSEMARIE AQUILINA

THE STATE OF MICHIGAN, RICHARD SNYDER,
as Governor of the State of Michigan, and ANDY
DILLON, as Treasurer of the State of Michigan,

**NOTICE OF HEARING**

    Defendants.

                                                              /

John R. Canzano (P30417)
McKnight, McClow, Canzano, Smith & Radtke, P.C.
Attorney for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650
jcanzano@michworklaw.com

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Attorney for Defendants
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162
quasaranot@michigan.gov
devlinb@michigan.gov

                                                              /

PLEASE TAKE NOTICE that Defendants' Motion For Summary Disposition under

MCR 2.116(C)(4), (5), and (8), shall be brought on for hearing before the Honorable Rosemarie

Aquilina in her courtroom in Lansing, Michigan, on **Monday, July 22, 2013 at 9:00 a.m.**, or as

soon thereafter as counsel may be heard.

                                Respectfully submitted,

                                Bill Schuette
                                Attorney General

                                *Thomas Quasarano*

                                Thomas Quasarano (P27982)
                                Brian Devlin (P34685)
                                Assistant Attorneys General

Dated: July 15, 2013
AG# 2013-0048624 – S – Webster v SOM – Notice of Hearing

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

      Plaintiffs,

v

THE STATE OF MICHIGAN, RICK SNYDER,
Governor of the State of Michigan, and ANDY
DILLON, Treasurer of the State of Michigan,

      Defendants.

No. 13-734-CZ

HON. ROSEMARIE AQUILINA

**DEFENDANTS' MOTION FOR
SUMMARY DISPOSITION**

---

John R. Canzano (P30417)
McKnight, McClow, Canzano,
  Smith & Radke, P.C.
Counsel for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-345-9650
jcanzano@michworklaw.com

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Attorney for Defendants
Department of Attorney General
P.O. Box 30754
Lansing, MI 48909
517-373-1162
quasaranot@michigan.gov
devlinb@michigan.gov

---

    Defendants move, under MCR 2.116(C)(4), (5), and (8), for Summary Disposition

dismissing Plaintiffs' Complaint with prejudice, as supported by Defendants' Brief in Support.

    WHEREFORE, Defendants respectfully request that this Honorable Court grant

Defendants' Motion for Summary Disposition and dismiss Plaintiffs' Complaint with prejudice.

                Respectfully submitted,

                Bill Schuette
                Attorney General

                _Thomas Quasarano_
                Thomas Quasarano (P27982)
                Brian Devlin (P34685)
                Assistant Attorneys General
                Attorneys for Defendants
                (517) 373-1162

Dated: July 15, 2013

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

    Plaintiffs,

No. 13-734-CZ

HON. ROSEMARIE AQUILINA

v

THE STATE OF MICHIGAN, RICK SNYDER,
Governor of the State of Michigan, and ANDY
DILLON, Treasurer of the State of Michigan,

    Defendants.

---

John R. Canzano (P30417)
McKnight, McClow, Canzano,
  Smith & Radke, P.C.
Counsel for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-345-9650
jcanzano@michworklaw.com

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
Attorney for Defendants
Department of Attorney General
P.O. Box 30754
Lansing, MI 48909
517-373-1162
quasaranot@michigan.gov
devlinb@michigan.gov

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT OR PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY DISPOSITION

### Statement of Facts

Plaintiffs, as beneficiaries of the City of Detroit's pension system, bring a facial

constitutional challenge to the Local Financial Stability and Choice Act (Act), MCL 141.1541, *et*

*seq*, asserting that the Act is unconstitutional because it permits the Governor to authorize a