**ITEM NO. 21**

*Case Docket Number Search Results - 317292*

## APPELLATE DOCKET SHEET

**COA Case Number: 317292**

GRACIE WEBSTER V STATE OF MICHIGAN

| | | | |
|---|---|---|---|
| 1 | WEBSTER GRACIE | PL-AE | RET |
| | | | (30417) **CANZANO JOHN R** |
| | | | 400 GALLERIA OFFICENTRE |
| | | | SUITE 117 |
| | | | SOUTHFIELD MI 48034 |
| | | | (248) 354-9650 |
| 2 | THOMAS VERONICA | PL-AE | SAM |
| 3 | MICHIGAN STATE OF | DF-AT | AG |
| | | | (55439) **MEINGAST HEATHER S** |
| | | | 525 W OTTAWA STREET |
| | | | PO BOX 30736 |
| | | | LANSING MI 48909 |
| | | | (517) 373-6889 |
| 4 | GOVERNOR | DF-AT | SAM |
| 5 | STATE TREASURER | DF-AT | SAM |

**COA Status:** Case Concluded; File Archived

**Case Flags:** Closed due to Bankruptcy Stay

07/19/2013   1   Claim of Appeal - Civil

Proof of Service Date: 07/19/2013
Jurisdictional Checklist: Y
Register of Actions: Y
Fee Code: STATE
Attorney: 55439 - MEINGAST HEATHER S

07/19/2013   2   Order Appealed From

From: INGHAM CIRCUIT COURT
Case Number: 13-000734-CZ
Trial Court Judge: 37670 AQUILINA ROSEMARIE E

Nature of Case:
Declaratory Judgment

07/19/2013   3  LCt Order

Date: 07/19/2013
For Party: 3 MICHIGAN STATE OF DF-AT
Attorney: 55439 - MEINGAST HEATHER S
Comments: Order denying defendant's motion for summary disposition

07/19/2013   5  Correspondence Received

Date: 07/19/2013
For Party: 3 MICHIGAN STATE OF DF-AT
Attorney: 55439 - MEINGAST HEATHER S
Comments: Transcripts have been ordered per Juris Checklist on Claim; No hearir
steno # provided

07/19/2013   7  Correspondence Received

Date: 07/19/2013
Attorney: 30342 - NELSON MARGARET A
Comments: Summary of orders issued 7/19/13 in 3 related Lct cases; 7/19 order
stay in 317284 linked

07/22/2013   4  Telephone Contact

For Party: 1 WEBSTER GRACIE PL-AE
Attorney: 30417 - CANZANO JOHN R
Comments: Confirmed receipt of Claim via email service

07/22/2013   8  Telephone Contact

Comments: L. Fagins of Detroit Law Dept re: City will file Notice of Stay Due to Br
today

07/26/2013   9  Bankruptcy - Notice

Date: 07/25/2013
Attorney: 72916 - LINDSTROM AARON D
Comments: Order extending Chapter 9 Stay

07/30/2013  11  Submitted On Administrative Motion Docket

District: L
Item #: 12

08/01/2013  12  Order: Case Closed - Bankruptcy Stay - Subject to Reopen

View document in PDF format
Panel: AK
Attorney: 55439 - MEINGAST HEATHER S
Comments: Upon Receipt of 7/25/13 orders from US Bankruptcy Court

09/16/2013  13  File Closed-Out

File Location: F

Case Listing Complete

317292

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

Approved, Michigan Court of Appeals

| LOWER COURT NAME | Electronically Filed | LOWER COURT CASE NO. |
|---|---|---|
| 30th Circuit Ct. - Ingham Cty. | CLAIM OF APPEAL | 13-734-CZ |

| Plaintiff / Petitioner Names(s) | Defendant / Respondent Name(s) |
|---|---|
| **Gracie Webster and Veronica Thomas** | **Rick Snyder, Andy Dillon, and State of Michigan** |
| ☐ Appellant(s) ☑ Appellee(s) | ☑ Appellant(s) ☐ Appellee(s) |

| Attorney | Bar No. | Attorney | Bar No. |
|---|---|---|---|
| **John Canzano** | 30417 | **Heather S. Meingast** | 55439 |

☐ Probate   In the matter of _____

Other interested party(ies) in probate matter: _____

1. **Defendants-Appellants** _____ claims an appeal from a final judgment or order entered on **07/19/2013**

   in the **30th Circuit** _____ Court of the State of Michigan, by Judge **RosemarieAquilin** (Bar No. **37670** _____ ).

2. Bond on appeal is ☐ filed. ☐ attached. ☐ waived. ☑ not required.

3. ☑ The transcript has been ordered.
   ☐ The transcript has been filed.
   ☐ No record was made.

4. ☐ THIS APPEAL INVOLVES A CONTEST AS TO THE CUSTODY OF A MINOR CHILD.  MCR 7.204(D)(3)(a).

5. ☐ THIS APPEAL INVOLVES A RULING THAT MEETS THE REQUIREMENTS OF MCR 7.204(D)(3)(b).

Date: **07/19/2013** _____
      (mm/dd/yyyy)

Appellant/Attorney's Signature:  /s/ **Heather S. Meingast**

Business Address:
**525 W. Ottawa, P.O. Box 30217**

**Lansing, MI 48909**

Telephone Number:

(10/06) **E-File Claim of Appeal**                                                                 MCR 7.204

**Note:** Pursuant to MCR 7.204(C), a Claim of Appeal shall be accompanied by a copy of the judgment or order appealed from, applicable documentation of the status of the transcript, a true copy of any bond that has been filed, a current copy of the lower court register of actions, and a jurisdictional checklist on the form provided by the Court of Appeals (http://courtofappeals.mijud.net/efile/forms/E-File_Juris_Checklist.pdf)

Case Name: <u>Gracie Webster & Veronica Thomas</u> v <u>Rick Snyder, Andy Dillon, State of Michigan</u>

INSTRUCTIONS: Please complete this checklist and file with your claim of appeal. **ALL** of the numbered items are required. Check each box as you confirm that each item is being filed.

☑ 1. A **signed** claim of appeal showing the correct lower court number(s). [MCR 7.204(B)(1) & (D).]

☑ 2. A filing fee of $375.00 or appropriate fee substitute. [MCR 7.202(3) & 7.204(B)(2).] (Where multiple lower court or tribunal numbers are involved, an additional filing fee may be required. Appellants will be advised of any additional amount required.)

☑ 3. A copy of the order you are appealing. [MCR 7.204(C)(1).] (This is the order deciding the merits and not an order denying reconsideration, new trial, or other post-judgment relief.)

☐ 4. Evidence that the necessary transcript has been ordered. [MCR 7.204(C)(2).] (Only one item from a through g is required).

    ☐ a. No transcript will be filed. [MCR 7.204(C)(2) & AO 2004-5 ¶ 8(A)(1).]

    ☐ b. The transcript has already been filed. [MCR 7.210(B)(1)(a).]

    ☑ c. The complete transcript has been ordered. [MCR 7.210(B)(1)(a).]

    ☐ d. This appeal is from a probate court proceeding which does not require a complete transcript. [MCR 7.210(B)(1)(b).]

    ☐ e. A motion has been filed in the lower court or tribunal for submission of the appeal on less than the complete transcript. [MCR 7.210(B)(1)(c).]

    ☐ f. The parties have stipulated to submission of the appeal on less than the complete transcript. [MCR 7.210(B)(1)(d).]

    ☐ g. The parties have stipulated to a statement of facts. [MCR 7.210(B)(1)(e).]

☑ 5. Proof of service demonstrating that all other parties have been served. [MCR 7.204(C)(3).] (***Even if a party is not an appellee, they must be served.***)

☑ 6. A **current** register of actions from the lower court or tribunal. [MCR 7.204(C)(5).]

**Finality of Order Being Appealed** (Check the box that demonstrates your claim of appeal is by right. If neither applies, you do not have an appeal by right.)

☑ The claim of appeal is from an order defined as a final order by MCR 7.202(6) or MCR 5.801(B)(1). [MCR 7.203(A)(1).] Please specify which category of final order applies: <u>MCR 7.202(6)(a)(i)</u>

☑ The claim of appeal is from an order which is designated by statute, court rule, or case law as an order appealable by right to the Court of Appeals. Please specify the authority under which you have an appeal by right: <u>MCR 2.605(E)</u>

<u>7/19/13</u>

Date                                         Preparer's Signature

6/07

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

STATE OF MICHIGAN

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

WEBSTER ETAL ,

Plaintiff,

**ORDER**

v

HON. ROSEMARIE E. AQUILINA

RICK SNYDER, ET AL ,

Docket No: 13-734-CZ

Defendant.

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this 19 day of July, 201_

PRESENT:   The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

**IT IS ORDERED** that DEFENDANTS' MOTION FOR SUMMARY
DISPOSITION IS DENIED FOR THE REASONS STATED
FROM THE BENCH.

**IT IS SO ORDERED.**

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form:

_____          _____
Plaintiff / Plaintiff's Attorney          Defendant / Defendant's Attorney

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

        Plaintiffs,

vs

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

        Defendants.

Case No. 13-734-CZ
Hon.  Rosemarie Aquilina

_____

ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this _19th_ day of July, 2013.

PRESENT: *Rosemarie E Aquilina*
      Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436 permits the Governor to authorize an emergency manager to proceed under chapter 9 of the bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter 9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

A copy of this Order shall be transmitted to President Obama.

It is so Ordered.

Rosemarie E. Aquilina

Circuit Court Judge

P37670

RECEIVED by Michigan Court of Appeals 7/19/2013 2:29:26 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

| | STATE OF MICHIGAN<br>IN THE COURT OF APPEALS<br>**Cover Sheet** | CASE NO. | | |
|---|---|---|---|---|
| Lower Court or Tribunal | | CIRCUIT: | Year **13** | Number **768** | Case Type **CZ** |
| Ingham Circuit Court | | COURT OF APPEALS: | **317284** | |

## Filing Party

Filing Party Last Name or Business/Entity/Agency Name
**GOVERNOR OF MICHIGAN**

Filing Party First Name | M.I.

Address (Street 1, Street 2, City, State, and ZIP Code)

Attorney Last Name
**Nelson**

Attorney First Name | M.I. | P Number
**Margaret** | | **30342**

Address(Street 1, Street 2, City, State, and ZIP Code)
**Public Employment, Elections & Tort Division**
**P.O. Box 30736; 525 W. Ottawa, 5th Floor**
**Lansing** | **MI** | **48909**

Attorney Telephone Number
**(517)373-6434**

## Summary of Items Filed

| Type | Filename/Description | Filing Fee | Doc Fee | Total This Filing |
|---|---|---|---|---|
| Other | Letter to Clerk Hauser | $5.00 | ---- | $5.00 |
| | | 3% Service Fee: | | **$0.15** |
| | | Total All Filings: | | **$5.15** |

Fee Substitute/Alternate Payment

Reason:

| | |
|---|---|
| ☐ | **Appointed Counsel** |
| ☐ | **Motion To Waive Fee** |
| ☐ | **Fees Waived in this Case** |
| **X** | **MI InterAgency Transfer** |
| ☐ | **No Fee per MCR 7.203(F)(2)** |

Filer Office Use Only: | **2013**

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin. As a recipient of service of these documents, you may wish to go to https://wiznet.wiznet.com/appealsmi to register as a user of the electronic filing system.

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

| Lower Court or Tribunal | **STATE OF MICHIGAN**<br>**IN THE COURT OF APPEALS**<br><br>**Proof of Service** | *CASE NO.* | | | |
|---|---|---|---|---|---|
| Ingham Circuit Court | | CIRCUIT: | Year: 13 | Number: 768 | Case Type: CZ |
| | | COURT OF APPEALS: 317284 | | | |

Case Name: The General Retirement System, et al v. Kevyn D. Orr, et al

On  7/19/2013  , one copy of the following documents:

Other                                          Letter to Clerk Hauser

was delivered to the persons listed below:

Date
7/19/2013

Signature
/s/Cristina R. Dowker

| Bar Number | Name | Delivery Method | Service Address |
|---|---|---|---|
| P- 45088 | King, Ronald | Hand | 212 E. Grand River Ave. ; Lansing, MI 48906 |
| P- 26275 | Wertheimer, William | Email | billwertheimer@gmail.com |
| P- 30417 | Canzano, John | Email | jcanzano@michworklaw.com |
| P- 30342 | Nelson, Margaret A | E-Serve | nelsonm9@michigan.gov |

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin. As a recipient of service of these documents, you may wish to go to https://wiznet.wiznet.com/appealsmi to register and download...



STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL

P.O. Box 30212
Lansing, Michigan 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

July 19, 2013

Ms. Kimberly S. Hauser
Michigan Court of Appeals
Hall of Justice
925 W. Ottawa St.
P.O. Box 30022
Lansing, MI 48909-7522

> Re:  *Webster v Snyder*, Ingham County Circuit Court No. 13-734-CZ, COA
> Docket Nos 317286, 317292; *Flowers v Snyder*, Ingham County Circuit
> Court No. 13-729-CZ, COA Docket No. 317285;  *The General
> Retirement System of the City of Detroit v Orr*, Ingham County Circuit
> Court No. 13-768-CZ, COA Docket No. 317284;

Dear Clerk Hauser:

As the Court is aware from our filings on behalf of Governor Snyder,
Emergency Manager Orr, Treasurer Dillon, and the State of Michigan earlier today,
Judge Aquilina of the Ingham County Circuit Court issued temporary-restraining
and preliminary-injunction orders yesterday after the Governor had already
authorized and Emergency Manager Orr had already filed a Chapter 9 bankruptcy
petition on behalf of the City of Detroit.  In our three applications for leave to
appeal and accompanying motions, we ask the Court to stay the effect of the orders
and stay all further trial-court proceedings.

A short time ago, Judge Aquilina concluded additional proceedings in these
matters.  In *Webster v Snyder,* Judge Aquilina entered final judgment on plaintiffs'
claim for declaratory relief, denied the State's motions for summary disposition and
for stay, and directed that her orders be transmitted directly to the President of the
United States.  In *Flowers v Snyder*, Judge Aquilina amended her previously issued
preliminary injunction, and denied the State's motions for summary disposition and
again denied motions for stay.

These are extraordinary actions, because Judge Aquilina has no legal basis to
enter orders of any kind.  As explained in the application for leave filed in *The*

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

*General Retirement System of the City of Detroit v Orr*, there is an automatic stay in place by virtue of the bankruptcy filing. In addition, Judge Aquilina did not even consider the factors for injunctive relief. And plaintiffs cannot show a likelihood of success on the merits (their claims are not yet ripe and can be litigated fully in the bankruptcy court), there is no danger of irreparable harm (for the same reasons), the harm to defendants' executive branch power outweighs any potential harm to plaintiffs (since they can litigate all of their claims in the bankruptcy court), and the harm to the public is immense.

These proceedings could not be more high stakes. The City of Detroit is in the most desperate financial straits, with estimated debt of $18 to $20 billion, roughly $24,000 per City resident. If Detroit were a state, its debt load would exceed that of 43 other states. And due to the City of Detroit's unsustainable debt load, the City has lost the ability to provide even the most basic services to its residents. Citizens wait an average of 58 minutes for the police to respond to their calls. Only 8.7% of criminal cases are solved. In the first quarter of 2013, 40% of the City's street lights were not functioning, and only one-third of the City's ambulances were in service. The bankruptcy is essential to Detroit being able to serve the basic health and safety needs of its citizens.

Enclosed is the final judgment in the *Webster* case, as well as all other orders entered today by the trial court in these cases, and accompanying motion for emergency consideration and consolidation. Defendants seek an immediate stay of *all* trial court orders in these cases, and a stay of *all* further trial court proceedings. I am available 24-7 at 517.898.5986 if the Court would like to conduct a telephonic hearing, or requires any additional information.

Sincerely,

/s/John J. Bursch

Michigan Solicitor General
Solicitor General Bureau

[Writer/typist initials]
[Enclosure or Enclosures or Enc. or Enc. (#)]
cc:     [Name]

[Tracer Line]

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

FLOWERS, ET AL,

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-729-CZ

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this 19 day of July, 201_

PRESENT:   The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

**IT IS ORDERED** that DEFENDANTS' MOTION TO STAY PENDING ENFORCEMENT OF APPEAL, THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND THE ORDER OF PRELIMINARY INJUNCTION IS DENIED FOR THE REASONS STATED FROM THE BENCH.

**IT IS SO ORDERED.**

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: _____       _____
                      Plaintiff / Plaintiff's Attorney        Defendant / Defendant's Attorney

13-53846-swr   Doc 1220-2   Filed 10/17/13   Entered 10/17/13 14:05:11   Page 5 of 21

# STATE OF MICHIGAN

## IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

FLOWERS, ET AL ,

Plaintiff,

v

RICK SNYDER, ET AL ,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-729-CZ

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this 19 day of July, 201_

PRESENT: The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that _DEFENDANTS' MOTION FOR SUMMARY_

_DISPOSITION IS DENIED FOR THE REASONS STATED_

_FROM THE BENCH._

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: _____    _____
Plaintiff / Plaintiff's Attorney         Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

ROBBIE FLOWERS, MICHAEL WELLS,
JANET WHITSON, MARY WASHINGTON and
BRUCE GOLDMAN

                Plaintiffs,

vs.

                                    Case No. 13-729-CZ
                                    Hon. Rosemarie Aquilina

RICK SNYDER, as the Governor of the State
of Michigan; ANDY DILLON, as the Treasurer of
the State of Michigan; and the STATE OF MICHIGAN,

                Defendants.

_____/

William A. Wertheimer (P26275)
Attorney for plaintiffs
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200
billwertheimer@gmail.com

Andrew Nickeloff (P37990)
Marshall J. Widick (P53942)
James A. Britton (P71157)
Attorneys for plaintiffs
Sachs Waldman
1000 Farmer
Detroit, MI 48226
313-496-9429
anickelhoff@sachswaldman.com
mwidick@sachswaldman.com
jabritton@sachswaldman.com

Thomas Quasarano (P27982)
Brian Devlin (P34685)
Assistant Attorneys General
PO Box 30754
Lansing, MI 48909
quasaranot@michigan.gov

_____

## *Amended* PRELIMINARY INJUNCTION

At a session of the Court, held in the City of Lansing,
County of Ingham, State of Michigan
on   19   July   13

PRESENT: Hon. Rosemarie E. Aquilina
CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiffs' Amended Verified Complaint and Motion for a Preliminary Injunction; the Court being fully advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in Plaintiffs' Complaint; Plaintiffs having adequately shown that a failure to immediately issue a Preliminary Injunction will cause irreparable injury to Plaintiffs by permitting the Governor and the State Treasurer ("Defendants") to authorize or otherwise proceed with Chapter 9 bankruptcy petition on behalf of the City of Detroit, or to aid in such a proceeding, wherein Plaintiffs' accrued financial benefits will be impaired; and the Court being otherwise fully informed in the premises and finding good cause:

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants are immediately and preliminarily enjoined and restrained from taking any action as to the authorization of a Chapter 9 bankruptcy proceeding for the City of Detroit and/or the filing of a Chapter 9 bankruptcy petition, or any action in aid and assistance as to the same;

IT IS FURTHER ORDERED that this preliminary injunction shall remain in full force and effect until further order of the Court.

IT IS SO ORDERED.

*Rosemarie E. Aquilina*
CIRCUIT COURT JUDGE
P37670

DATE: 19 July 13
TIME: 11:30 a.m.

THE GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT, and THE
POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,

        Plaintiffs,

     vs.

KEVYN D. ORR, in his official capacity as the
EMERGENCY MANAGER OF THE CITY OF
DETROIT, and RICHARD SNYDER, in his
official capacity as the GOVERNOR OF THE
STATE OF MICHIGAN,

        Defendants.

Case No. 13-768-CZ

Hon. Rosemarie E. Aquilina

---

Ronald A. King (P45088)
Aaron O. Matthews (P64744)
Michael J. Pattwell (P72419)
CLARK HILL PLC
212 East Grand River Avenue
Lansing, Michigan 48906
(517) 318-3100
Attorneys for Plaintiffs

---

## AMENDED TEMPORARY RESTRAINING ORDER

At a session of said Court, held in the City of
Lansing, County of Ingham, State of Michigan
on _____ *19 July 13* _____

PRESENT: HON. *Rosemarie E. Aquilina*
        CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiffs' Complaint with verification and

*Ex-Parte* Motion for a Temporary Restraining Order and oral *ex-parte* motion for amendment to

the Temporary Restraining Order entered by the Court on July 18, 2013; the Court being fully

9216278.1 14893/161046

advised in the premises; Plaintiffs having shown a likelihood of success on the merits of the claims in Plaintiffs' Complaint; Plaintiffs having adequately shown that a failure to immediately issue a Temporary Restraining Order will cause irreparable injury to Plaintiffs by permitting the Governor and the Emergency Manager ("Defendants") to authorize and file a Chapter 9 bankruptcy petition, plan of adjustment, and/or other bankruptcy filings whereby Plaintiffs' accrued financial benefits may be impaired; and the Court being otherwise fully informed in the premises and finding good cause:

IT IS HEREBY ORDERED that Plaintiffs' Motion is granted;

IT IS FURTHER ORDERED that Defendants *and their agents and representatives* are immediately and temporarily enjoined and restrained from taking any further action that may: (i) cause or further the accrued financial benefits of the Retirement Systems or their participants from in any way being diminished or impaired as mandated by Article IX, section 24, of the Michigan Constitution; or (ii) otherwise abrogates Article IX, section 24, of the Michigan Constitution;

IT IS FURTHER ORDERED that Defendants *and their agents and representatives* are immediately and temporarily enjoined and restrained from filing with the United States Bankruptcy Court a plan of adjustment or any other filing pursuant to Chapter 9 of the United States bankruptcy code which seeks to impair or diminish the accrued financial benefits of the Retirement Systems or their participants;

IT IS FURTHER ORDERED that the Court shall hold a hearing on July 22, 2013 at 9:00 a.m. whereby Defendants shall show cause why a Preliminary Injunction shall not issue; and

IT IS FURTHER ORDERED that this temporary restraining order shall remain in full force and effect until *22 Aug*, 2013 at 5:00 p.m.

IT IS SO ORDERED.

2

13-53846-swr   Doc 1220-2   Filed 10/17/13   Entered 10/17/13 14:05:11   Page 10 of 21

_Rosemarie E. Aquilina_
CIRCUIT COURT JUDGE   P37670

DATE: _19 July 13_

TIME: _12³⁰ PM_

3

# STATE OF MICHIGAN

## IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

_WEBSTER, ET AL_ ,

Plaintiff,

v

_RICK SNYDER, ET AL_ ,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: _13-734-CZ_

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this _19_ day of _July_ , 201_

PRESENT:   The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that _DEFENDANTS' MOTION FOR SUMMARY_

_DISPOSITION IS DENIED FOR THE REASONS STATED_

_FROM THE BENCH._

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: _____          _____
              Plaintiff / Plaintiff's Attorney          Defendant / Defendant's Attorney

13-53846-swr   Doc 1220-2   Filed 10/17/13   Entered 10/17/13 14:05:11   Page 12 of 21

IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

WEBSTER, ET AL,

Plaintiff,

v

RICK SNYDER, ET AL,

Defendant.

**ORDER**

HON. ROSEMARIE E. AQUILINA

Docket No: 13-734-CZ

At a session of said Court in the City
of Lansing, County of Ingham, State of Michigan,
this 19 day of July, 201_

PRESENT:   The Honorable Rosemarie E. Aquilina
30th Judicial Circuit Court Judge

Upon review of motion, and a hearing being held in open court, and argument having

been heard, and being fully apprised of the issues, states the following:

IT IS ORDERED that DEFENDANTS' MOTION TO STAY, PENDING
APPEAL, THE ENFORCEMENT OF THE COURT'S ORDER
GRANTING PLAINTIFFS' MOTION FOR DECLARATORY
JUDGMENT AND THE ORDER OF DECLARATORY JUDGMENT
IS DENIED FOR THE REASONS STATED FROM THE
BENCH.

IT IS SO ORDERED.

Hon. Rosemarie E. Aquilina (P37670)
Circuit Court Judge

Approved as to form: _____     _____
Plaintiff / Plaintiff's Attorney               Defendant / Defendant's Attorney

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

GRACIE WEBSTER and
VERONICA THOMAS,

Plaintiffs,

vs

Case No. 13-734-CZ
Hon.   Rosemarie Aquilina

THE STATE OF MICHIGAN;
RICHARD SNYDER, as Governor
of the State of Michigan; and
ANDY DILLON, as Treasurer of
the State of Michigan,

Defendants.

_____/

ORDER OF DECLARATORY JUDGMENT

At a session of said Court held in Ingham County Circuit Court,
State of Michigan, this 19th day of July, 2013.

PRESENT: *Rosemarie E. Aquilina*
Circuit Court Judge

Plaintiffs request declaratory relief pursuant to MCR 2.605 concerning (1) the

constitutionality under Article IX Section 24 of the Michigan Constitution of the Local Financial

Stability and Choice Act, 2012 PA 436, MCL 141.1541, *et seq.* ("PA 436"), insofar as PA 436

permits the Governor to authorize an emergency manager to proceed under chapter 9 of the

bankruptcy code, chapter 9 of title 11 of the United States Code, 29 USC 901 to 946 ("Chapter

9") in a manner which threatens to diminish or impair accrued pension benefits; and (2) the

13-53846-swr   Doc 1220-2   Filed 10/17/13   Entered 10/17/13 14:05:11   Page 14 of 21

authority of the Governor and/or State Treasurer to authorize an emergency manager to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits.

Plaintiffs have requested, and Defendants have agreed in their Response, that the hearing in this matter may be advanced pursuant to MCR 2.605(D) and the court finds that expedited treatment is appropriate and that final declaratory relief is proper at this time.

The Court having reviewed the parties filings and submissions, and having heard oral argument by counsel for the parties, and being otherwise fully advised in the premises, and for the reasons stated on the record,

IT IS HEREBY ORDERED:

PA 436 is unconstitutional and in violation of Article IX Section 24 of the Michigan Constitution to the extent that it permits the Governor to authorize an emergency manager to proceed under Chapter 9 in any manner which threatens to diminish or impair accrued pension benefits; and PA 436 is to that extent of no force or effect;

The Governor is prohibited by Article IX Section 24 of the Michigan Constitution from authorizing an emergency manager under PA 436 to proceed under Chapter 9 in a manner which threatens to diminish or impair accrued pension benefits, and any such action by the Governor is without authority and in violation of Article IX Section 24 of the Michigan Constitution.

On July 16, 2013, City of Detroit Emergency Manager Kevyn Orr submitted a recommendation to Defendant Governor Snyder and Defendant Treasurer Dillon pursuant to Section 18(1) of PA 436 to proceed under Chapter 9, which together with the facts presented in Plaintiffs' filings, reflect that Emergency Manager Orr intended to diminish or impair accrued pension benefits if he were authorized to proceed under Chapter 9. On July 18, 2013, Defendant

13-53846-swr   Doc 1220-2   Filed 10/17/13   Entered 10/17/13 14:05:11   Page 15 of 21

Governor Snyder approved the Emergency Manager's recommendation without placing any contingencies on a Chapter 9 filing by the Emergency Manager; and the Emergency Manager filed a Chapter 9 petition shortly thereafter. By authorizing the Emergency Manager to proceed under Chapter 9 to diminish or impair accrued pension benefits, Defendant Snyder acted without authority under Michigan law and in violation of Article IX Section 24 of the Michigan Constitution.

In order to rectify his unauthorized and unconstitutional actions described above, the Governor must (1) direct the Emergency Manager to immediately withdraw the Chapter 9 petition filed on July 18, and (2) not authorize any further Chapter 9 filing which threatens to diminish or impair accrued pension benefits.

*A copy of this Order shall be transmitted to President Obama.*

*It is so Ordered.*

Rosemarie E. Aquilina
P37670
Circuit Court Judge

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

STATE OF MICHIGAN
IN THE COURT OF APPEALS

THE GENERAL RETIREMENT SYSTEM
OF THE CITY OF DETROIT; and THE
POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT

        Plaintiffs-Appellees,

v

KEVYN D. ORR, in his official capacity as the
EMERGENCY MANAGER OF THE CITY OF
DETROIT, and RICHARD SNYDER, in his
official capacity as the GOVERNOR OF THE
STATE OF MICHIGAN,

        Defendants-Appellants,

Docket No. 317284
Case No. 13-768-CZ
Hon. Rosemarie Aquilina

> **Relief requested by 5:00 p.m. on
> July 19, 2013, or by 8:00 a.m.,
> July 22, 2013, which is the date
> set for a show cause hearing in
> this matter.**

---

**DEFENDANTS' MOTION FOR EMERGENCY CONSIDERATION,
CONSOLIDATION, A STAY OF ALL ORDERS, AND A STAY OF ALL TRIAL
PROCEEDINGS**

      Bill Schuette
      Attorney General

      John J. Bursch (P57679)
      Solicitor General
      Counsel of Record

      Matthew Schneider (P62190)
      Chief Legal Counsel

      Margaret A. Nelson (P30342)
      Heather S. Meingast (P55439)
      Assistant Attorneys General
      Attorneys for Defendants–Appellants
      P.O. Box 30212
      Lansing, MI  48909
Dated:  July 19, 2013.      (517) 373-1124

Proposed consolidated Defendants Governor Richard Snyder, Treasurer Andy Dillon, the State of Michigan, and City of Detroit Emergency Manager Kevyn Orr, by and through their attorneys, Solicitor General, John J. Bursch, and Assistant Attorneys General Margaret A. Nelson and Heather S. Meingast, bring this motion pursuant to MCR 7.211. Defendants state the following in support of these motions:

1. On July 17, 2013, the City of Detroit's Pension Systems brought this case (*General Retirement Systems*) to assert a facial constitutional challenge to the Local Financial Stability and Choice Act (Act), MCL 141.1541, *et seq.*, asserting that the Act is unconstitutional because MCL 141.1558(1) permits the Governor to authorize a proceeding in Chapter 9 bankruptcy, allegedly in violation of article 9, § 24 of the 1963 Constitution. The Pension Systems alleged that the rights of the pension beneficiaries under article 9, § 24 and the funds themselves were threatened by any potential Chapter 9 bankruptcy filing. They sought declaratory relief against both Defendants and injunctive relief against Emergency Manager (EM) Orr.

2. The allegations in this case parallel the allegations in two other cases also originating in the same circuit court. In *Flowers v Snyder* (Case No. 317285), beneficiaries of the Detroit's pension systems also brought a facial challenge to the Act, on the same grounds. They sought both declaratory relief and an injunctive order precluding the Governor or the Treasurer from authorizing Detroit's Emergency Manager to proceed with any Chapter 9 bankruptcy. Similarly, in *Webster v Snyder* (Case Nos. 317286 & 317292), another group of beneficiaries of

2

13-53846-swr    Doc 4722-2    Filed 10/17/14    Entered 10/17/14 17:09:32    Page 27 of 42
13-53846-swr    Doc 122-2    Filed 10/17/13    Entered 10/17/13 14:05:21    Page 27 of 42

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

Detroit's pension systems also mounted a facial challenged to the constitutionality of the Act and sought expedited declaratory judgment and an order precluding the Governor or the Treasurer from authorizing Emergency Manager Orr from proceeding with any Chapter 9 bankruptcy.

3.      As detailed in emergency filings submitted today to this Court, the trial court issued orders yesterday, now today in each of these cases.  In *Webster* today, the trial court entered final judgment on plaintiffs' claim for declaratory relief, denied the State's motions for summary disposition and for stay, and directed that her orders be transmitted directly to the President of the United States.  In *Flowers* today, the trial court amended its previously issued preliminary injunction (to provide a clean, type-written copy), and again denied the State's motions for summary disposition and for stay.  In *General Retirement Systems*, the court issued an amended order denying the Defendants' motion to stay enforcement of the amended temporary restraining order and enjoining the filing of any plan of adjustment or any other filing pursuant to Chapter 9 that seeks to impair or diminish the accrued financial benefits of the Retirement Systems or their participants.

4.      Because of the final judgment in *Webster*, the State Defendants are, concurrently with this motion, filing a claim of appeal to defend the constitutionality of the Act and of the State Defendants' actions.  The State Defendants also move to consolidate these three cases, each of which presents overlapping issues regarding (1) the trial court's violation of the federal bankruptcy

court's automatic stay, (2) the trial court's issuance of injunctive relief despite failing to even consider the factors for injunctive relief, and (3) the trial court's erroneous decision to invalidate the Act.

5. For the reasons explained here and in the State Defendants' other filings today in these three matters, the State asks this Court to take jurisdiction of these three pending cases (*General Retirement Systems*, *Webster*, and *Flowers*), to stay all orders in those cases, and to stay all further trial-court proceedings in the three cases.

6. Pursuant to MCR 7.211(C)(6), the proposed consolidated Defendants also seek immediate consideration of this motion.

13-53846-swr   Doc 4722-9   Filed 10/14/14   Entered 10/14/14 17:05:21   Page 29 of 42

WHEREFORE, proposed consolidated Defendants Governor Richard Snyder, Treasurer Dillon, the State of Michigan, and Kevyn Orr respectfully request that this Court by the close of business today (1) consolidate the three cases, (2) immediately stay all of the trial court's orders, (3) stay all proceedings in the trial court action; and (4) grant immediate consideration under MCR 7.211(C)(6). Nothing less is at stake than the future of Michigan's largest city.

Respectfully submitted,

Bill Schuette
Attorney General

John J. Bursch (P57679)
Solicitor General
Counsel of Record

Matthew Schneider (P62190)
Chief Legal Counsel

/s/Margaret A. Nelson (P30342)

Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendants–Appellants
P.O. Box 30212
Lansing, MI 48909
(517) 373-1124

Dated: July 19, 2013.

RECEIVED by Michigan Court of Appeals 7/19/2013 3:33:08 PM

RECEIVED by Michigan Court of Appeals 7/26/2013 10:5:25 PM

| | **STATE OF MICHIGAN** **IN THE COURT OF APPEALS** **Cover Sheet** | *CASE NO.* | | | |
|---|---|---|---|---|---|
| Lower Court or Tribunal | | CIRCUIT: | Year 13 | Number 734 | Case Type CZ |
| Ingham Circuit Court | | COURT OF APPEALS: | 317292 | | |

| Filing Party Last Name or Business/Entity/Agency Name | | | Attorney Last Name | | |
|---|---|---|---|---|---|
| MICHIGAN STATE OF | | | Lindstrom | | |
| Filing Party First Name | | M.I. | Attorney First Name | M.I. | P Number |
| | | | Aaron | D. | 72916 |
| Address (Street 1, Street 2, City, State, and ZIP Code) | | | Address(Street 1, Street 2, City, State, and ZIP Code) | | |
| | | | Solicitor General Division | | |
| | | | P.O. Box 30212 | | |
| | | | Lansing | MI | 48909 |
| | | | Attorney Telephone Number | | |
| | | | (517)373-1124 | | |

| Type | Filename/Description | Filing Fee | Doc Fee | Total This Filing |
|---|---|---|---|---|
| Correspondence | Letter Regarding Bankruptcy Stay | $5.00 | ---- | $5.00 |
| | | 3% Service Fee | | $0.15 |
| Fee Substitute/Alternate Payment | | Total All Filings | | $5.15 |

Reason:

- [ ] **Appointed Counsel**
- [ ] **Motion To Waive Fee**
- [ ] **Fees Waived in this Case**
- [X] **MI InterAgency Transfer**
- [ ] **No Fee per MCR 7.203(F)(2)**

Filer Office Use Only:   2013

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin. As a recipient of service of these documents, you may wish to go to https://wiznet.wiznet.com/appealsmi to register as a user of the electronic filing system.

RECEIVED by Michigan Court of Appeals 7/26/2013 1:09:26 PM

| | | STATE OF MICHIGAN | CASE NO. | | | |
|---|---|---|---|---|---|---|
| Lower Court or Tribunal | | IN THE COURT OF APPEALS | CIRCUIT: | Year | Number | Case Type |
| Ingham Circuit Court | | **Proof of Service** | | 13 | 734 | CZ |
| | | | COURT OF APPEALS: | 317292 | | |

Case Name:  GRACIE WEBSTER V STATE OF MICHIGAN

On  7/26/2013  , one copy of the following documents:

Correspondence                              Letter Regarding Bankruptcy Stay

was delivered to the persons listed below:

| Date | Signature |
|---|---|
| 7/26/2013 | /s/Aimee L. Nelson |

| | Bar Number | Name | Delivery Method | Service Address |
|---|---|---|---|---|
| P- | | Appellate, AG | E-Serve | paasdivision@michigan.gov |
| P- | 30417 | Canzano, John R | Mail | 400 Galleria Officentre; Ste. 117; Southfield, MI 48034 |
| P- | 72916 | Lindstrom, Aaron D | E-Serve | lindstroma@michigan.gov |

The documents listed above were electronically filed with the Michigan Court of Appeals at the date/time stated in the left margin, and service upon the above recipients was made electronically or by first class mail.



P.O. Box 30212
Lansing, Michigan 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

July 26, 2013

Ms. Kimberly S. Hauser
Michigan Court of Appeals
Hall of Justice
925 W. Ottawa St.
P.O. Box 30022
Lansing, MI 48909-7522

> Re: *Webster v Snyder*, Ingham County Circuit Court No. 13-734-CZ, COA
> Docket Nos. 317286, 317292; *Flowers v Snyder*, Ingham County Circuit
> Court No. 13-729-CZ, COA Docket No. 317285; *The General Retirement
> System of the City of Detroit v Orr*, Ingham County Circuit Court No.
> 13-768-CZ, COA Docket No. 317284;

Dear Clerk Hauser:

Yesterday the U.S. Bankruptcy Court for the Eastern District of Michigan issued two stay orders arising from the City of Detroit's Chapter 9 bankruptcy. Taken together, the orders enjoin any person from continuing judicial proceedings against the City, the Governor, the Treasurer, the State, and Emergency Manager Orr. The orders accordingly apply to the above-listed cases. Concurrently with the filing of this letter, we are also filing in each of the above-listed cases a copy of the bankruptcy court's orders.

Sincerely,

/s/Aaron D. Lindstrom

Assistant Solicitor General
Solicitor General Bureau

RECEIVED by Michigan Court of Appeals 7/26/2013 1:09:26 PM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------x

In re                               :   Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :   Case No. 13-53846
                                    :
                 Debtor.            :   Hon. Steven W. Rhodes
                                    :
                                    :
-------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON OFFICER EMPLOYEES AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR

This matter coming before the Court on the Motion of Debtor,

Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order,

Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer

Employees and (C) Agents and Representatives of the Debtor (the "Motion"),[1]

filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the

Motion and the Orr Declaration and having considered the statements of counsel

and the evidence adduced with respect to the Motion at a hearing before the Court

(the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this

1

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to
       them in the Motion.



RECEIVED by Michigan Court of Appeals 7/26/2013 1:09:26 PM

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) the unusual circumstances present in this chapter 9 case warrant extending the Chapter 9 Stay to the State Entities, the Non-Officer Employees and the City Agents and Representatives; and the Court having determined that the legal and factual bases set forth in the Motion and the Orr Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 105(a) of the Bankruptcy Code, the Chapter 9 Stay hereby is extended to apply in all respects (to the extent not otherwise applicable) to the State Entities (defined as the Governor, the State Treasurer and the members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives), the Non-Officer Employees and the City Agents and Representatives.

3. For the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed, pursuant to section 105(a) of the Bankruptcy Code, pending further order of this Court.

-2-

13-53846-swr Doc 166 Filed 07/25/13 Entered 07/25/13 14:03:31 Page 35 of 42

4.    This order is entered without prejudice to the right of any creditor to file a motion for relief from the stay imposed by this order using the procedures of and under the standards of 11 U.S.C. § 362(d)-(g).

Signed on July 25, 2013

/s/ Steven Rhodes
Steven Rhodes
United States Bankruptcy Judge

RECEIVED by Michigan Court of Appeals 7/26/2013 1:09:26 PM

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---------------------------------------------x

In re

CITY OF DETROIT, MICHIGAN,

                              Debtor.

---------------------------------------------x

:
:
:
:
:
:
:
:
:
:
:

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE CONFIRMING THE PROTECTIONS OF SECTIONS 362, 365 AND 922 OF THE BANKRUPTCY CODE

This matter coming before the Court on the Motion of Debtor,

Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order

Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code

(the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court

having reviewed the Motion and the Orr Declaration and having considered the

statements of counsel and the evidence adduced with respect to the Motion at a

hearing before the Court (the "Hearing"); and the Court finding that:  (a) the Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is

a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to
them in the Motion.



Hearing was sufficient under the circumstances, (d) among other things, the requested relief confirms the protections of sections 362, 365 and 922 of the Bankruptcy Code and (e) the Emergency Manager is an officer of the City as that term is used in section 922(a)(1) of the Bankruptcy Code, and the Court having determined that the legal and factual bases set forth in the Motion and the Orr Declaration and at the Hearing establish just cause for the relief granted herein; [5/]

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:

    (a) commencing or continuing any judicial, administrative or other proceeding against the City, including the issuance or employment of process, that was or could have been commenced before the City's chapter 9 case was commenced;

    (b) recovering a claim against the City that arose before the commencement of its chapter 9 case;

    (c) taking any action to obtain possession of property of or from the City;

    (d) taking any action to create, perfect or enforce any lien against property of the City, to the extent that such lien secures a claim that arose before the commencement of the City's chapter 9 case;

RECEIVED by Michigan Court of Appeals 7/26/2013 1:09:26 PM

RECEIVED by Michigan Court of Appeals 7/26/2013 1:09:26 PM

(e)  taking any action to collect, assess or recover a claim against the City that arose before the commencement of its chapter 9 case; and

(f)  offsetting any debt owing to the City that arose before the commencement of its chapter 9 case against any claim against the City.

3.  All entities, including all persons and foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against or in any other way interfering with any and all property of the City, wherever located.

4.  Pursuant to section 922(a) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:

(a)  commencing or continuing a judicial, administrative, or other action or proceeding against an officer or inhabitant of the City, including the issuance or employment of process, that seeks to enforce a claim against the City; and

(b)  enforcing a lien on or arising out of taxes or assessments owed to the City.

5.  For the avoidance of doubt, the protections of section 922(a)(1) of the Bankruptcy Code with respect to officers and inhabitants of the City, as set

RECEIVED by Michigan Court of Appeals 7/26/2013 1:09:26 PM

forth in paragraph 4(a) above, apply in all respects to: (a) the Emergency Manager; and (b) the City Officers, in whatever capacity each of them may serve.

6.   Pursuant to section 365 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of the City's chapter 9 case solely because of a provision in such contract or lease that is conditioned on:

(a)   the insolvency or financial condition of the City at any time before the closing of the City's chapter 9 case; or

(b)   the commencement of the City's chapter 9 case.

7.   Pursuant to sections 362 and 365 of the Bankruptcy Code, all parties to an executory contract or unexpired lease with the City shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the City or otherwise expires by its own terms.

Signed on July 25, 2013

                                        /s/ Steven Rhodes
                                        Steven Rhodes
                                        United States Bankruptcy Judge

13-53846-swr Doc 2193 Filed 10/17/13 Entered 10/17/13 14:05:11 Page 41 of 41

# Court of Appeals, State of Michigan

# ORDER

**Gracie Webster v State Of Michigan**

Docket No. **317292**

LC No. **13-000734-CZ**

Amy Ronayne Krause, Judge, acting under MCR 7.211(E)(2), orders:

Upon receipt of the July 25, 2013, orders of the United States Bankruptcy Court for the Eastern District of Michigan extending the Chapter 9 Stay, pursuant to 11 USC 105(a), to certain State entities including defendants-appellants in this appeal, the Court orders that this appeal is CLOSED without prejudice. The closure does not constitute a dismissal or a decision on the merits. When the bankruptcy stay has been removed, the case may be reopened on motion.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

AUG 0 1 2013
_____
Date

_____
Chief Clerk