# ITEM NO. 36

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-----------------------------------------------------x
                                    :
In re                               :    Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :    Case No. 13-53846
                                    :
                    Debtor.         :    Hon. Steven W. Rhodes
                                    :
                                    :
                                    :
-----------------------------------------------------x
```

## CITY OF DETROIT'S SUPPLEMENTAL BRIEF
## IN SUPPORT OF ENTRY OF AN ORDER FOR RELIEF

The City of Detroit (the "City") respectfully submits this supplemental brief

in support of the entry of an Order for Relief[1] in this chapter 9 case and in response

to supplemental briefs (each, a "Supplemental Brief") filed by certain Objectors.

## I.      PA 436 Does Not Violate Art. II, § 9 of the Michigan Constitution

The Objectors suggest that PA 436 violates Article 2, Section 9 of the

Michigan Constitution because it is allegedly a "contrive[d] mechanism[ ] designed

---

[1]      Capitalized terms used but not defined herein shall have the meaning given
to them in the (a) Declaration of Kevyn D. Orr in Support of City of Detroit,
Michigan's Statement of Qualifications Pursuant to Section 109(c) of the
Bankruptcy Code (Docket No. 11) (the "Orr Declaration") and (b) City of
Detroit's Pre-Trial Brief in (I) Support of Entry of an Order for Relief and
(II) Opposition to Objections Requiring the Resolution of Issues of Material
Fact (Docket No. 1240) (the "City Pre-Trial Brief").

specifically to 'thwart' the referral process."  See, e.g., RDPMA Supplemental Brief,

at 8-9.[2]  This assertion is unwarranted.

Under Michigan law, the motives of the Michigan legislature in passing

PA 436 (or any provision thereof) are irrelevant to an inquiry into the statute's

constitutionality.  Michigan United Conservation Clubs v. Secretary of State,

630 N.W.2d 297 (Mich. 2001), is instructive on this point.  Concurring with the

Michigan United majority's reversal of the Court of Appeals' holding that a statute

including an appropriations provision was nevertheless subject to referendum,

Chief Justice Corrigan observed that

> the Legislature's subjective motivation for making a
> $1,000,000 appropriation … – assuming one can be
> accurately identified – is irrelevant.  Intervening
> defendant contends that … the "purpose" of the
> appropriation … was to evade a referendum.  This
> argument is misplaced.  This Court has repeatedly held
> that courts must not be concerned with the alleged
> motives of a legislative body in enacting a law, but only
> with the end result – the actual language of the
> legislation….

---

[2]  A related argument offered by the RDPMA – that PA 436 is ineffective and violates Article 2, Section 9 by virtue of having been enacted by the State legislature prior to having been approved by a majority of the Michigan voters – improperly assumes an identity between the rejected PA 4 and PA 436 and is easily dispatched.  Unlike PA 4, PA 436 has never been the subject of a referendum pursuant to Article 2, Section 9, and cannot be the target of such power.  Voter approval of PA 436 was not a prerequisite to the effectiveness thereof.  Likewise, Objectors identify no constitutional prohibition against PA 436's passage solely because it addressed subject matter similar to the recently-rejected PA 4 and none should be implied.

> [T]o make legislation depend upon motives would render all statute law uncertain…. Therefore the courts do not permit a question of improper legislative motives to be raised, but they will in every instance assume that the motives were public and befitting the station. They will also assume that the legislature had before it any evidence necessary to enable it to take the action it did take.

Mich. United, 630 N.W.2d at 298-99 (Corrigan, C.J., concurring) (quoting Cooley, Constitutional Law, pp. 154-55).[3]  The Michigan Supreme Court has made clear that, if the State's citizens believe its legislators to have been improperly motivated, their recourse is not the judiciary, but the constitutional powers of referendum and initiative *and the ballot box*.  See, e.g., Houston, 810 N.W.2d at 256 ("[I]t is the responsibility of the democratic, and representative, processes of government to check what the people may view as political or partisan excess by their Legislature."); Mich. United, 630 N.W.2d at 298 (emphasizing that "the intervening defendant retains a direct remedy, the initiative process.  Under our

---

[3]  See also Houston v. Governor, 810 N.W.2d 255, 256 (Mich. 2012) (stating that "nothing that is relevant [to determining the constitutionality of a statute] can be drawn from the political or partisan motivations of the parties"); Kuhn v. Dep't of Treasury, 183 N.W.2d 796, 799 (Mich. 1971) (rejecting argument that statutory language addressing meeting deficiencies in state funds was "a devious attempt to avoid the people's constitutional power of referendum;" stating that "[w]e will not concern ourselves with the legislators' motives for inserting the language regarding meeting deficiencies in the Act"); People v. Gardner, 106 N.W. 541, 542 (Mich. 1906) ("Nothing is better settled than the rule that the motives of a legislature or of the members cannot be inquired into, for the purpose of determining the validity of its laws.").

state constitution, this remedy is available even when the Legislature has made an appropriation….").[4]

Even if Michigan law did not prohibit an inquiry into the motivations of Michigan's legislators (which it does), the evidence does not demonstrate that the State included appropriations provisions in PA 436 for the sole purpose of improperly insulating the legislation from referendum.  The RDPMA's citation to the deposition testimony of Howard Ryan, the State's Rule 30(b)(6) witness, shows only that (A) the appropriations provision was included in the legislation at an early stage in its development and (B) that PA 436 was intended to provide the State with options in the event of a municipal financial emergency should PA 4 be rejected.  See RDPMA Supplemental Brief, at 4-5.  There is nothing in the testimony cited by the RDPMA that suggests – much less that demonstrates – that such provisions were included for the allegedly improper purpose of frustrating

---

[4]      Consideration of the evidentiary challenges inherent in the attempt to divine a legislature's motivations demonstrates that the Michigan Supreme Court's long-standing rule against such attempts is well-founded.  For example, it would be essentially impossible for a court to determine the intentions of the sundry legislators in each of the legislature's two houses involved in a bill's passage.  Even if such a determination were possible, the court would be charged with determining whose intent was relevant (the majority's?  a majority of the majority?) and possibly whether such intent was the legislators' sole or even primary motivation.  See Houston, 810 N.W.2d at 256 ("[T]his Court possesses no special capacity, and there are no legal standards, by which to assess the political propriety of actions undertaken by the legislative branch.").

Article 2, Section 9.[5]  Mr. Ryan is not a State legislator and, thus, did not vote on the bill, nor could he divine the intent of each legislator that voted on the bill.[6]

Moreover, the inclusion of appropriations provisions in PA 436 is simply irrelevant to an inquiry into the constitutionality of the statute.  The inclusion of appropriation provisions may be relevant to a frustrated attempt to subject legislation to the referendum process.  See Mich. United, 630 N.W.2d at 299-300 (Young, J., concurring) (describing an unsuccessful attempt to subject legislation to referendum).  Yet even a successful challenge to the inclusion of such provisions would not render the legislation unconstitutional; it would merely render it subject to referendum.  Where no such challenge has been made and no referendum process ever initiated (as is the case with PA 436), there is no practical, much less constitutional, consequence to the inclusion of such provisions.

---

[5]     Similarly, contrary to the RDPMA's suggestion, Jones Day and the State did not conspire to include an appropriations provision in PA 436.  The document cited to this effect – Objectors' Exhibit 201 – is an email dated March 2, 2012 (i.e., months prior to the drafting and proposal of PA 436) that does not even refer to an emergency manager statute in discussing the effect of appropriations provisions.  The notion that a months-old email – on a different topic – might have influenced the drafting of PA 436 is absurd.

[6]     Moreover, on October 28, 2013, the Governor testified – under direct examination from the RDPMA – that the appropriations provisions in PA 436 were included (a) to relieve municipalities of the burden of paying the salaries of emergency managers and the costs of financial consultants and (b) in direct response to concerns raised during the referendum process related to PA 4.  See Transcript of Hearing regarding Eligibility Trial conducted on October 28, 2013, at 223:4-14.

Accordingly, PA 436 does not violate Article 2, Section 9 of the Michigan Constitution and the City's satisfaction of section 109(c)(2) of the Bankruptcy Code cannot be undermined by the circumstances of PA 436's passage.

## II.      *Bekins* Confirms That Impairment of Municipal Contractual Obligations is Effected by the Bankruptcy Court

Numerous Objectors – concerned that the Pensions Clause's prohibition on impairment of pension obligations "[ ]by" the State would not apply to potential impairments of such obligations pursuant to a plan of adjustment – contest the proposition that any impairment of the City's various contractual obligations in this chapter 9 case will be effected not by the City or the State, but by the federal government through the Court.  E.g., AFSCME Supplemental Brief, at 4-8; Retiree Associations Supplemental Brief, at 7-8.  Yet the United States Supreme Court in United States v. Bekins, 304 U.S. 27 (1938), made clear that it is federal, and not state, power being exercised.  Citing the legislative history of former Chapter X of the Bankruptcy Act (the predecessor to chapter 9), the Bekins court identified the dilemma confronting "taxing agencies" (i.e., Chapter X's version of "municipality") in the absence of federal relief:  an inability to pay their debts on one hand and the lack of recourse to state municipal debt adjustment regimes forbidden by the Contracts Clause on the other.  "There is no hope for relief through statutes enacted by the States, because the Constitution forbids the passing of State laws impairing the obligations of existing contracts.  *Therefore, relief must come from Congress, if*

*at all*." Bekins, 304 U.S. at 51 (citing S. Rep. No. 911, 75th Cong., 1st Sess.) (emphasis added).

Chapter X resolved this dilemma:

> In the instant case we have cooperation to provide a remedy for a serious condition in which the States alone were unable to afford relief…. The natural and reasonable remedy through composition of the debts of the district was not available under State law by reason of the restriction imposed by the Federal Constitution upon the impairment of contracts by state legislation. The bankruptcy power is competent to give relief to debtors in such a plight…. Through [the State's] cooperation with the national government the needed relief is given.

Id. at 53-54. Thus, Bekins confirms that, through consenting to the filing of a municipality's bankruptcy petition, a State that is constitutionally forbidden from impairing a municipality's improvident contracts nevertheless may allow such municipality to obtain relief from the entity that *is* empowered to impair such contracts: the federal government, acting through the bankruptcy court.

That federal power is exercised to impair municipal contracts in bankruptcy was likewise recognized in Justice Cardozo's dissent in Ashton v. Cameron County Improvement District No. 1, 298 U.S. 513 (1936), which dissent was joined by three of the Justices in the Bekins majority, including Chief Justice Hughes, the author of Bekins.

> The Act does not authorize the states to impair through their own laws the obligation of existing contracts. Any interference by the states is remote and indirect…. If

> contracts are impaired, the tie is cut or loosened through
> the action of the court of bankruptcy approving a plan of
> composition under the authority of federal law. There,
> and not beyond in an ascending train of antecedents, is
> the cause of the impairment to which the law will have
> regard. Impairment by the central government through
> laws concerning bankruptcies is not forbidden by the
> Constitution. Impairment is not forbidden unless
> effected by the states themselves. No change in
> obligation results from the filing of a petition by one
> seeking a discharge, whether a public or a private
> corporation invokes the jurisdiction. The court, not the
> petitioner, is the efficient cause of the release.

Ashton, 298 U.S. at 541-42 (Cardozo, J., dissenting) (citations omitted). This

rationale would be adopted by the Bekins majority just two years later in

confirming the constitutionality of chapter 9's predecessor. Accordingly,

longstanding Supreme Court precedent confirms that it is the federal – and not

state – government that impairs contractual obligations in chapter 9, and the

Objectors' arguments to the contrary must be rejected.

III.    **The Pensions Clause Enjoys No Special Status in Chapter 9**

The Objectors contend that the constitutional status of the Pensions Clause

renders it qualitatively different than mere state statutory law and, thus, insulates it

from pre-emption by the federal Bankruptcy Code. See AFSCME Supplemental

Brief, at 2. The Objectors, however, offer no citation that might support their

differentiation of one form of state law from another for pre-emption purposes.

Indeed, as demonstrated in the City's prior briefing, far from being forbidden, the

pre-emption of state constitutional law – notably, the various state contracts clauses – is a commonplace in municipal bankruptcies.  See <u>Ass'n of Retired Emps. v. City of Stockton (In re City of Stockton)</u>, 478 B.R. 8, 16 (Bankr. E.D. Cal. 2012) ("The federal bankruptcy power also, by operation of the Supremacy Clause, trumps the similar contracts clause in the California state constitution.").

The Pensions Clause similarly establishes no special priority for claims for pension underfunding.  It merely establishes that such claims are contractual obligations of the State.  Accordingly, arguments that claims for underfunding require separate classification under a plan of adjustment or that such claims should be exempted from discharge (<u>see</u> Retirement Systems' Supplemental Brief, at 6-8), in addition to being premature and irrelevant to a determination of eligibility, should be rejected.

Finally, multiple Objectors (<u>see</u>, <u>e.g.</u>, AFSCME Supplemental Brief, at 3-4) identify the Supreme Court's decision in <u>Midlantic National Bank v. New Jersey Department of Environmental Protection</u>, 474 U.S. 494 (1986), as a source of protection for rights created by the Pensions Clause, which are characterized as necessary to public health and safety.  The Objectors offer no citation in support of the proposition that the impairment of monetary claims implicates public health and safety, and the City's research has uncovered none.  Accordingly, this argument must be rejected.

-9-
13-53846-tjt  Doc 2473-7  Filed 01/04/14  Entered 01/04/14 17:03:32  Page 10 of 10
13-53846-swr  Doc 1688  Filed 11/06/13  Entered 11/06/13 16:56:33  Page 10 of 10
471

For the foregoing reasons, and those set forth in the Prior Submissions and

City Pre-Trial Brief, the Court should enter an Order for Relief in this case.

Dated:  November 6, 2013                Respectfully submitted,

   /s/  Bruce Bennett

Bruce Bennett (CA 105430)
JONES DAY
555 South Flowers Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# ITEM NO. 37

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| _____ | ) | |

### UNITED STATES OF AMERICA'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE CONSTITUTIONALITY OF CHAPTER 9

Pursuant to this Court's Order Regarding Further Briefing on Eligibility (Docket No. 1217), the United States hereby responds to (1) *AFSCME's Supplemental Brief Regarding Eligibility* (Docket No. 1467) ("AFSCME Brief") and (2) *Supplemental Brief of the Official Committee of Retirees Regarding Ripeness* (Docket No. 1474) ("Committee Brief"). As with its *Memorandum in Support of Constitutionality of Chapter 9 of Title 11 of the United States Code* (Docket No. 1149), the United States addresses herein only those arguments concerning whether chapter 9 violates the United States Constitution.

### I.     The Court Must Interpret Chapter 9 to Avoid Finding It Unconstitutional

AFSCME's and the Committee's constitutional challenges to chapter 9 rest in large part upon (1) an unfounded assertion that the Supreme Court has overturned, *sub silentio,* its seventy-five year old decision in *United States v. Bekins*, 304 U.S. 27 (1938), and (2) a novel and unprecedented extension of the Supreme Court's anti-commandeering decisions. Such arguments are an ill-advised invitation for this Court to reach out and declare a federal statute unconstitutional which would clearly contravene the Supreme Court's direction regarding the consideration of constitutional challenges:

> The cardinal principle of statutory construction is to save and not to destroy. We have repeatedly held that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the act. Even to avoid a serious doubt the rule is the same.

*NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 30 (1937); *see also Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 454 (6th Cir. 2009). This bedrock rule applies with equal force to federal bankruptcy laws. *U.S. v. Security Indus. Bank*, 459 U.S. 70, 78 (1982).

As explained below, chapter 9 is not unconstitutional, and even any doubt on that issue must be resolved by upholding the statute.

## II.      Chapter 9 Does Not Violate Article I, Section 10 of the Constitution

AFSCME claims that "[t]he plain language of Article I, Section 10 [of the Constitution] . . . makes clear that Congress cannot pass a law consenting to an impairment of contracts by the state," which is what chapter 9 allegedly does. *AFSCME Br.* at 4-5. This claim misreads section 10, which articulates no restriction on Congress as opposed to the States.

Section 10 of Article I articulates the powers expressly forbidden to the States, not Congress. Section 9 separately prescribes those powers forbidden to Congress. As to the powers granted to each sovereign, section 8 delineates those powers specifically granted to Congress, and the Tenth Amendment to the Constitution grants to the States all other powers not delegated to the federal government or otherwise prohibited to them. Thus, sections 8 and 9 of Article I define the scope of Congress's powers, and section 10 of Article I and the Tenth Amendment define the scope of the States' powers. In short,

2

States -- not Congress -- are bound by the restrictions in section 10. A plain reading of that section confirms this.

Each of the three clauses in section 10 begins "[n]o State shall," indicating unequivocally that the section addresses only what a State cannot do, e.g., enter into a treaty (cl. 1), pass *ex post facto* laws or laws impairing contracts (cl. 1), lay any imposts or duties on imports or exports (cl. 2), or keep troops or ships of war in time of peace (cl. 3). Clauses 2 and 3 provide a congressional consent exception for powers otherwise forbidden the States, i.e., Congress can pass a statute authorizing States to lay imposts or duties on imports or exports, and States can thereby do so without violating section 10. But the absence of that exception in clause 1 does not, as AFSCME suggests, transform clause 1 into a restriction not only on what laws States can enact but also on congressional enactments, which restrictions belong in section 9. Rather, the absence simply means that, even if a federal statute authorized States to pass laws impairing contracts, States still cannot pass such a law without violating clause 1 of section 10.[1]

In this case, however, the challenged law (chapter 9) is not one passed by a State. It is a federal law subject to the scope of Congress's powers set forth in sections 8 and 9 but not section 10. Simply put, chapter 9 cannot violate section 10 because it is not a law passed by a State.

---

[1] The only case AFSCME cites in support of its argument, *Rhode Island v. Massachusetts*, 37 U.S. 657 (1838), does not undermine this plain reading. There, the Court noted in dicta that clause 1 of section 10 prohibited any exercise of government power from validating a State's entry into any treaty, alliance or confederation. 37 U.S. at 724-25. That statement simply means a State cannot enter into a treaty even with Congress's authorization to do so – the same way "[n]o State shall . . . *pass* any . . . law impairing the obligation of contracts," U.S. Const., art. I, § 10, cl. 1 (emphasis added), even if Congress says it is fine for States to do so. Here, no State has passed a law impairing contracts.

**III.** ***Bekins* Remains Good Law Despite *Asbury Park* and the Anti-Commandeering Decisions**

The balance of AFSCME's constitutional challenge to chapter 9, *AFSCME Br.* at 6-8, restates arguments already made regarding the viability of *Bekins* in light of *Faitoute Iron & Steel Co. v. City of Asbury Park, N.J.*, 316 U.S. 502 (1942), and the Supreme Court's anti-commandeering decisions. The United States has already responded to those arguments and believes AFSCME's challenge cannot stand. The United States offers, however, two additional responses further demonstrating the lack of merit in AFSCME's position.

    **A.**     <u>The Bankruptcy Clause Precludes State Municipal Debt Adjustments</u>

AFSCME's constitutional argument hinges on its assertion that, under *Asbury Park*, States can enact their own statutes for reorganizing municipal debt because the "necessity compelled by unexpected financial conditions to modify an original arrangement for *discharging* a city's debt is implied in every such obligation." *AFSCME Br.* at 6 (quoting *Asbury Park*) (emphasis added). Without this supposed holding gleaned from *Asbury Park*, AFSCME's constitutional challenge to chapter 9 fails.

Yet, this holding has efficacy only under the unique facts *Asbury Park* presented. Recall that *Asbury Park* involved a state debt adjusment plan approved <u>after</u> the Supreme Court declared the 1934 municipal bankruptcy act unconstitutional, *Ashton v. Cameron County Water Improvement Dist. No. 1*, 298 U.S. 513 (1936), but <u>before</u> Congress passed the 1937 act upheld in *Bekins*. *Asbury Park*, 316 U.S. at 507-08. In other words, no federal municipal bankruptcy act was in effect when the state debt adjustment plan was approved.

4

13-53846-tjt Doc 2473-7 Filed 10/4/14 Entered 10/4/14 17:03:82 Page 16 of 22
13-53846-swr Doc 1580 Filed 11/06/13 Entered 11/06/13 18:40:31 Page 4 of 12
471

If such an act did exist, as chapter 9 does today, the validity of New Jersey's municipal debt adjustment statute would have failed in the face of the Bankruptcy Clause. U.S. Const., art. I, § 8, cl. 4. Under that clause, "[t]he power of Congress to establish uniform laws on the subject of bankruptcies throughout the United States is unrestricted and paramount." *Int'l Shoe Co. v. Pinkus*, 278 U.S. 261, 265 (1929). Indeed, "Congress did not intend to give insolvent debtors seeking discharge, or their creditors seeking to collect claims, choice between the relief provided by the Bankruptcy Act and that specified in state laws." *Id.*; *see also Richardson v. Schafer* (*In re Schafer*), 689 F.3d 601, 610 (6th Cir. 2012) ("'So long as there is no national bankruptcy act, each state has full authority to pass insolvency laws binding persons and property within its jurisdiction.' Upon national action, however, states lost such power.") (citation omitted). Thus, state laws are suspended to the extent that they conflict with the laws of Congress, enacted under its constitutional authority, on the subject of bankruptcies, *Stellwagen v. Clum*, 245 U.S. 605, 613 (1918), and the New Jersey statute in *Asbury Park* would have failed this test as it provided for the discharge of debt, conflicting with one of the primary purposes of federal bankruptcy law, *Perez v. Campbell*, 402 U.S. 637, 648 (1971).[2]

Given the absence of an applicable federal municipal bankruptcy law in *Asbury Park*, however, the dissenting bondholders could not put the New Jersey statute to the Bankruptcy Clause test, which is why that clause is not even addressed in the decision.[3]

---

[2] The New Jersey statute provided that "no creditor whose claim is included in such adjustment or composition shall be authorized to bring any action or proceeding of any kind or character for the enforcement of his claim." 316 U.S. at 504.

[3] The dissenting bondholders did make a preemption argument based on the 1937 municipal bankruptcy act. Since that act said nothing, however, about "terminat[ing] a
*(continued on next page)*

5

13-53846-tjr Doc 2473-7 Filed 01/06/14 Entered 01/06/14 13:40:32 Page 17 of 21
13-53846-swr Doc 4560 Filed 11/06/13 Entered 11/06/13 13:40:32 Page 6 of 11
471

In contrast, chapter 9 applies today, and the Bankruptcy Clause would preclude a statute such as New Jersey's. For that reason, *Asbury Park* has no force beyond the facts present there, and AFSCME's reliance on it to undermine *Bekins* must fail.

B.   The Anti-Commandeering Doctrine Does Not Apply to Chapter 9

AFSCME's reliance on the anti-commandeering doctrine from *New York v. U.S.*, 505 U.S. 144 (1992), and *Printz v. U.S.*, 521 U.S. 898 (1997), a doctrine which the Supreme Court has rarely applied to invalidate federal law, is unavailing. Indeed, those two decisions are the only instances where the Supreme Court has so applied that doctrine, and the United States has already demonstrated the stark differences between chapter 9 and the intrusive statutes in those cases.

In contrast, the Supreme Court unanimously rejected an anti-commandeering challenge in *Reno v. Condon*, 528 U.S. 141 (2000), where the challenged statute involved a restriction on what States could do rather than a command to engage in affirmative regulatory action. In *Reno*, South Carolina challenged the constitutionality of the Driver's Privacy Protection Act of 1994 ("DPPA"), which prohibits States from selling personal information obtained in connection with a motor vehicle record. The Supreme Court rejected the State's anti-commandeering claim because the DPPA "does not require the South Carolina Legislature to enact any laws or regulations, and it does not require state officials to assist in the enforcement of federal statutes regulating private individuals." *Reno*, 528 U.S. at 151.

---

pending state court proceeding" such as New Jersey's, the Supreme Court rejected the argument as an implied retroactive nullification of state authority. 316 U.S. at 507-08.

Like the DPPA in *Reno*, and unlike the Brady Act in *Printz* and the waste storage act in *New York*, chapter 9 does not require a State legislature "to enact any laws or regulations, and it does not require state officials to assist in the enforcement of federal statutes regulating private individuals." *Reno*, 528 U.S. at 151; *see also Nat'l Collegiate Athletic Ass'n v. Governor of N.J.*, 730 F.3d 208, 231 (3rd Cir. 2013) ("Unlike the problematic 'take title' provision and the background check requirements, [the federal law] does not *require* or coerce the states to lift a finger – they are not required to pass laws . . . to expend any funds, or to in any way enforce federal law.") (emphasis in original).[4] More generally, chapter 9 imposes no affirmative duty on States to take any action whatsoever and in fact, leaves unfettered a State's power to bar its municipalities from gaining access to chapter 9. Chapter 9, therefore, does not offend the Tenth Amendment's commandeering prohibition.

## IV. THE COMMITTEE LACKS STANDING TO CHALLENGE CHAPTER 9

To demonstrate standing, the Committee claims its members have suffered an injury in fact from the Debtor's mere filing of chapter 9 because they have (1) had to make adjustments to their current habits and future plans and (2) lost negotiating leverage with the Debtor over the possible impairment of pension benefits. *Committee Br.* at 4 and 8.[5] The cases the Committee cites are, however, inapposite.

---

[4] In other words, and to address one of the Court's questions from the October 16 hearing regarding the meaning of *New York*, the Tenth Amendment's commandeering prohibition is not offended unless the language of the federal statute itself "compel[s] the States to enact or administer a federal regulatory program." *New York*, 505 U.S. at 188. Chapter 9 does not compel the States to do either.

[5] As parties in interest under 11 U.S.C. § 1109(b), the Committee's members have standing to appear and be heard on any issue is this case but as the Committee concedes, *(continued on next page)*

7

13-53846-tjt   Doc 2473-7   Filed 10/4/14   Entered 10/4/14 17:03:82   Page 19 of 21
13-53846-swr   Doc 4560   Filed 11/06/13   Entered 11/06/13 13:40:32   Page 7 of 12
471

As to the first injury, the Committee cites *Thomas More Law Center v. Obama*, 651 F.3d 529 (6th Cir. 2011). There, the injury arose from the minimum coverage provisions of the Patient Protection and Affordable Care Act that prompted plaintiffs to change their present spending and saving habits to avoid a tax penalty the act imposed for not having conforming health insurance. *Id*. at 535.[6] Here, no provision of chapter 9 imposes a similar requirement on the Committee's members that necessitates they expend personal funds or change saving habits. Unlike under the Affordable Care Act, the Committee's members are not in danger of being penalized under any provision of chapter 9 if they do not change their spending and saving habits.

As to the second injury, the Committee relies on *Clinton v. City of New York*, 524 U.S. 417 (1988), in which the Court held, among other things, that an association of potato farmers formed for the purpose of *acquiring* potato processing facilities had standing to challenge the line item veto by the President of a statutory provision that gave tax relief to the *sellers* of such facilities. *Id*. at 432. The Supreme Court recognized that the government's action, an elimination of a financial incentive for sellers, created a sufficient probability of harm to potential purchasers to fulfill the causation requirement for standing. *Id*. The veto of the tax relief had eliminated the benefit purchasers gained

---

Committee Br. at 6, they must also satisfy the standing requirements of *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). *In re Barnwell Cnty. Hosp.*, 459 B.R. 903, 908 (Bankr. D.S.C. 2011) ("Standing of the Committee to raise and contest such [chapter 9] authority and eligibility is dependent on the Committee meeting the test set forth in *Lujan*, as well as satisfying the party in interest standard.").

[6] After the Sixth Circuit's decision in *Thomas More*, the Supreme Court held that the Affordable Care Act "leaves an individual with a lawful choice" to buy or not buy health insurance, "so long as he is willing to pay a tax levied on" the choice not to buy. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2600 (2012).

13-53846-tjt  Doc 2473-7  Filed 01/04/14  Entered 01/04/14 10:37:82  Page 20 of 21
13-53846-swr  Doc 1580  Filed 11/06/13  Entered 11/06/13 13:40:37  Page 20 of 21
471

when they "received the equivalent of a statutory 'bargaining chip'" to use in negotiations with sellers. *Id.* Here, unlike the challenged line item veto which excised a specific statutory right providing the challenging party bargaining power, chapter 9 has not itself eliminated any such right of the retirees. Nor has chapter 9 itself vested the Debtor with a specific, statutory bargaining chip to eliminate pension benefits; absent creditor consent, the Debtor must still obtain this Court's approval of any plan of adjustment that proposes the impairment of such benefits or, for that matter, the impairment of any claims.

## V.    THE COMMITTEE'S CHALLENGE IS NOT RIPE

The Committee's challenge is also not ripe. The Committee contends its constitutional objection is ripe for adjudication because its "members need not wait until their pension benefits are impaired in violation of the [Michigan Constitution] Pension Clause," when the Debtor has made manifest its intent to impair those benefits. *Committee Br.* at 2-3. But the ripeness cases the Committee cites differ in one key aspect from this case – this Court must approve any plan of adjustment in which the Debtor seeks to impair pension benefits. The Debtor cannot impair those benefits unless and until this Court says that it can.[7]

The challenge to chapter 9 here is analogous to the zoning ordinance challenge the Sixth Circuit rejected on ripeness grounds in *Miles Christi Religious Order v. Township of Northville*, 629 F.3d 533 (6th Cir. 2010). Interlineating the Committee's own

---

[7] For example, the Committee cites *Rose v. Volvo Construction Equipment North America, Inc.*, 412 F. Supp. 2d 740 (N.D. Ohio 2005), but that case involved a challenge to a private employer's unilateral actions allegedly in violation of a collective bargaining agreement and a retirement plan. Here, the Debtor cannot impair pension benefits unilaterally and then defend that impairment post hoc.

9

13-53846-tjt   Doc 2473-7   Filed 01/04/14   Entered 01/04/14 17:03:32   Page 21 of
471
13-53846-swr   Doc 1580   Filed 11/06/13   Entered 11/06/13 13:40:37   Page 9 of 12

description of that case, *Committee Br.* at 2 n.3, "the zoning ordinance [chapter 9] challenge was unripe because a zoning board [this Court] had not determined how the ordinances applied to plaintiff's property [retirees' pension benefits] or whether a variance [impairment] would be granted." That determination, i.e., whether Debtor's plan of adjustment can impair pension benefits, may come in due course at which point the Committee's challenge arises in a concrete factual context and is therefore fit for judicial decision. *Miles Christi*, 629 F.3d at 537. Until then, the challenge is not ripe.

The Committee faults the United States for failing to specify how the factual landscape might change in this case, which would justify this Court staying its hand for prudential reasons. *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985). In fact, the Committee dismisses the chance of a successful mediation as "speculative at best." *Committee Br.* at 5 n.7. Yet, the Committee also seeks to retain Lazard Freres & Co. LLC ("Lazard") as a financial advisor to be paid a fixed monthly fee to assist it, among other things, in "connection with the financial aspects of negotiations with the City" and "reviewing and analyzing any restructuring alternatives for the City proposed by any party."[8] Indeed, the Committee seeks to pay Lazard, in addition to a monthly fee, a success fee if there is "a settlement of the material claims of the Retiree Committee and the consummation of the City's chapter 9 proceedings." *Lazard App.* at 6. Clearly then, settlement remains a viable possibility which would certainly change the factual

---

[8] *Application Pursuant to Sections 901, 1102 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 for Entry of an Order Authorizing the Retention and Employment of Lazard Freres & Co. LLC as Financial Advisor to the Official Committee of Retirees Effective as of September 3, 2013* at 5 (Docket No. 1476) ("Lazard Application").

landscape in which any constitutional challenge arises, if at all. Given this, the Court should not consider the constitutional challenges ripe for review.

## CONCLUSION

For all the foregoing reasons, the Court should reject the constitutional challenges to chapter 9.

Dated: November 6, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BARBARA L. MCQUADE
United States Attorney

J. CHRISTOPHER KOHN
Director

/s/ Matthew J. Troy
TRACY J. WHITAKER
JOHN T. STEMPLEWICZ
MATTHEW J. TROY
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, DC  20044
Tel: (202) 514-9038
Fax: (202) 514-9163
Tracy.Whitaker@usdoj.gov
John.Stemplewicz@usdoj.gov
Matthew.Troy@usdoj.gov
Attorneys for the United States

## CERTIFICATE OF SERVICE

I, Matthew J. Troy, hereby certify that the service of this United States of America's Supplemental Brief in Support of the Constitutionality of Chapter 9 was filed and served via the Court's electronic case filing and noticing system on November 6, 2013.

/s/ Matthew J. Troy

## ITEM NO. 38

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-----------------------------------------------------x

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

-----------------------------------------------------x

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## STIPULATION FOR ENTRY OF SECOND AMENDED FINAL PRE-TRIAL ORDER

Pursuant to Local Rule 7016-1, (a) movant City of Detroit ("City") and (b) objectors (i) Shirley V. Lightsey, President of the Detroit Retired City Employees Association (the "DRCEA"), (ii) Don Taylor, President of the Retired Detroit Police and Firefighters Association (the "RDPFFA"), (iii) the DRCEA, (iv) the RDPFFA, (v) the Official Committee of Retirees (the "Committee"), (vi) the UAW, (vii) the General Retirement System of the City of Detroit, (viii) the Police and Fire Retirement System of the City of Detroit, (ix) the Detroit Public Safety Unions; and (x) the Retired Detroit Police Members Association (collectively, "Objectors" to the City's July 18, 2013 Eligibility Motion), have conferred and

hereby stipulate to entry of the Joint Final Pre-Trial Order attached hereto as

Exhibit 1.

AFSCME does not join in this stipulation.

Dated:  November 8, 2013         Respectfully submitted,


/s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:   (213) 243-2382
Facsimile:   (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:   (216) 586-3939
Facsimile:   (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
    AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone:   (313) 963-6420
Facsimile:   (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

*Counsel for the City of Detroit, Michigan*

Respectfully submitted,


<u>/s/ Claude D. Montgomery</u>
Claude D. Montgomery, Esq.
Carole Neville, Esq.
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 768-6700
Facsimile:    (212) 768-6800
claude.montgomery@dentons.com

Sam J. Alberts, Esq.
Dentons US LLP
1301 K Street, NW
Washington, DC 20005-3364
Telephone:   (202) 408-7004
Facsimile:    (202) 408-6339
sam.alberts@dentons.com

Matthew E. Wilkins, Esq. (P56697)
Paula A. Hall, Esq. (P61101)
BROOKS WILKINS SHARKEY
   & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Direct:         (248) 971-1711
Cell:           (248) 882-8496
Facsimile:    (248) 971-1801
wilkins@bwst-law.com
hal@bwst-law.com

*Counsel for the Official Committee of
Retirees*

Respectfully submitted,

/s/ D. O'Keefe, Esq.
Brian D. O'Keefe, Esq.
Ryan Plecha, Esq.
Lippitt O'Keefe, PLLC
370 E. Maple Road
Third Floor
Birmingham, Michigan 48009
Telephone:   (248) 646-8292
Facsimile:   (248) 646-8375
bokeefe@lippittokeefe.com

Thomas R. Morris, Esq.
Silverman & Morris, P.L.L.C.
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone:   (248) 539-1330
Facsimile:   (248) 539-1355
morris@silvermanmorris.com

*Counsel for Shirley v. Lightsey, as an individual and as President of the Detroit Retired City Employee Association and for the Detroit Retired City Employee Association and Counsel for Don Taylor, as an individual and as President of the Retired Detroit Police and Firefighters Association and for the Retired Detroit Police and Firefighters Association*

Respectfully submitted,


/s/ Babette Ceccotti
Babette Ceccotti, Esq.
Bruce Levine, Esq.
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, New York 10036-6979
Telephone:   (212) 356-0229
Facsimile:   (646) 473-8229
bceccotti@cwsny.com

*Counsel for the UAW*

/s/ William A. Wertheimer
Law Office of William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
Telephone:  (248) 644-9200
billwertheimer@gmail.com

*Counsel for the Flowers Plaintiffs*

Respectfully submitted,

/s/ Barbara A. Patek
Barbara A. Patek
Erman, Teicher, Miller, Zucker
 & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, Michigan 48034
Telephone: (248) 827-4100
Facsimile: (248) 827-4106
bpatek@ermanteicher.com

*Consel for The Detroit Public Safety Unions*

Respectfully submitted,


/s/ Lynn Brimer
Lynn Brimer, Esq.
300 East Long Lake Road
Suite 200
Bloomfield Hills, Michigan 48304
Telephone:   (248) 540-2300
Facsimile:    (248) 645-2690
lbrimer@stroblpc.com

*Counsel for Retired Detroit Police Members
Association*

Respectfully submitted,


/s/ Robert D. Gordon
Robert D. Gordon, Esq.
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
Telephone:   (248) 642-9692
Facsimile:   (248) 642-2174
email@clarkhill.com

*Counsel for Police and Fire Retirement*
*System of the City of Detroit and The*
*General Retirement System of the City of*
*Detroit*

9

13-53846-swr   Doc 2470-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 34 of 42
13-53846-swr   Doc 1506   Filed 11/08/13   Entered 11/08/13 15:43:38   Page 9 of 10
471

# <u>SUMMARY OF ATTACHMENTS</u>

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| Exhibit 1 | Proposed Form of Order |
|-----------|------------------------|
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service [To Be Separately Filed] |

13-53846-swr   Doc 2473-17 Filed 08/14/14 Entered 08/14/15 15:43:08 Page 10 of 14
13-53846-tjt   Doc 14706   Filed 08/14/14   Entered 08/14/15 15:43:32   Page 35 of 42
471

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

-----------------------------------------------------x
: 
: 
In re: : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
: 
Debtor. : Hon. Steven W. Rhodes
: 
: 
-----------------------------------------------------x

## SECOND AMENDED FINAL PRE-TRIAL ORDER

Having been advised in the premises and having considered the City's

Motion for Entry of Second Amended Final Pre-Trial Order ("Motion"), the Court

hereby GRANTS the Motion and enters the following Pre-Trial Order:

I.    **JURISDICTION**

    A.    **City of Detroit**

        1.    The City asserts that this Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

13-53846-swr    Doc 4673-17   Filed 08/14/14   Entered 08/14/14 17:03:32   Page 37 of 42
13-53846-swr    Doc 2463-17   Filed 01/08/14   Entered 01/08/14 15:46:08   Page 92 of 142
471

**B.     Objectors**

2.      The Objectors assert that this Court lacks the authority and jurisdiction to decide whether chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") violates the Constitution or to determine the constitutionality of PA 436, the Local Financial Stability and Choice Act, M.C.L. § 141.1541, *et seq.* ("PA 436").  Accordingly, and with respect, this Court should immediately refer this constitutional challenge to chapter 9 and PA 436 to the District Court for the Eastern District of Michigan.

## II.     STATEMENT OF CITY'S CLAIMS

3.      The City of Detroit asserts that it qualifies to be a debtor under Section 109(c) of Title 11 of the Bankruptcy Code and meets all of the eligibility requirements to seek debt relief under Chapter 9.

4.      The City is a municipality as such term is defined in Section 101(40) of the Bankruptcy Code.  11 U.S.C. § 101(40).  The City is a "political subdivision" of the State of Michigan and thus a "municipality" within the meaning of Section 101(40), and the eligibility requirement of section 109(c)(1) of the Bankruptcy Code is satisfied.

5.      The City is specifically authorized in its capacity as a municipality to be a debtor under Chapter 9 under the laws of the State of Michigan and by the appropriate state officers empowered thereby, as

2

contemplated by Section 109(c)(2) of the Bankruptcy Code. On July 16, 2013 Kevyn D. Orr, the duly appointed Emergency Manager for the City (the "Emergency Manager"), based on his assessment of the City's financial condition recommended to Richard Snyder, Governor of the State of Michigan, and Andrew Dillon, Treasurer of the State of Michigan, that the City be authorized to proceed under Chapter 9. On July 18, 2013, the Governor issued his written decision approving the Emergency Manager's recommendation to seek protection under the bankruptcy laws. Pursuant thereto, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's Chapter 9 case consistent with the Governor's authorization.

6. The City is insolvent within the meaning of Section 101(32)(C) of the Bankruptcy Code. The City therefore meets the eligibility requirement of Section 109(c)(3) of the Bankruptcy Code.

7. The City desires to effect a plan of adjustment under Section 109(c)(4) of the Bankruptcy Code.

8. The City is unable to negotiate (or further negotiate) with its creditors because such negotiation is impracticable. The City has nevertheless negotiated in good faith with creditors who are represented and organized, but has failed to obtain the agreement of creditors holding at least a majority in amount of

the claims of each class that the City intends to impair under a plan of adjustment in this Chapter 9 case.

## III.   STATEMENT OF OBJECTORS' CLAIMS

### A.   The Committee asserts the following claims:

9.     The City cannot meet the criteria for eligibility under Section 109(c)(5)(B) of the Bankruptcy Code, in that it did not put forth a plan of adjustment, and did not negotiate in good faith, both as required under that Section.

10.     The City cannot establish that negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code, in that the City failed to set forth a plan of adjustment, and did not negotiate in good faith with classes of creditors with whom negotiations were practicable, both as required under that Section.

11.     Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

12.     The City cannot meet its burden under Section 921(c) of demonstrating that it filed its Chapter 9 petition in good faith, in that (a) the Emergency Manager commenced this proceeding for the purpose of using Chapter 9 as a vehicle to attempt to impair and violate rights relating to vested pensions that

4

4

13-53846-tjt   Doc 2478-17   Filed 01/08/14   Entered 01/08/14 17:03:32   Page 40 of 42
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:48:08   Page 45 of 142
471

are explicitly protected under Article IX, Section 24, of the Michigan Constitution (the "Pension Clause") and (b) in connection with its petition, the City made representations that were inaccurate, misleading and/or incomplete.

**B.** **The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:**

13.     The City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

14.     Michigan Public Act 436 of 2012 violates the Michigan Constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).

15.     Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

16.     Chapter 9 of the Bankruptcy Code violates the 10th Amendment of the United States Constitution, U.S. Const., Am. X, to the extent it can be read to authorize the City it impair the vested pension rights of City employees in violation of the Michigan Constitution.

17.    The city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

18.    The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**C.    The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA assert the following claims:**

19.    The City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

20.    The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

21.    Negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

22.    Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

6

13-53846-tjt   Doc 2403-17   Filed 01/08/14   Entered 01/08/14 17:03:32   Page 42 of 142
471
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:46:08   Page 47 of 142

23.     The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**D.     UAW and the *Flowers* Plaintiffs assert the following claims:**

24.     The UAW and the  Plaintiffs claim that the City of Detroit is not eligible for bankruptcy under Chapter 9 of the Bankruptcy Code for the reasons set forth in the Amended Joint Objection of International Union, UAW and the Flowers Plaintiffs to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 1170], the Objection of International Union, UAW to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 506] (to the extent such Objection is not superseded by DE 1170),the Objection of Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman to the Putative Debtor's Eligibility to be a Debtor [DE 504],and the Pre-Trial Brief of International Union, UAW and the Flowers Plaintiffs with Respect to the Eligibility of the City of Detroit, Michigan for an Order for Relief Under Chapter 9 of the Bankruptcy Code [filed October 17, 2013].

7

13-53846-tjt   Doc 2673-17   Filed 03/14/14   Entered 03/14/14 17:03:32   Page 43 of 142
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:46:03   Page 43 of 142
471

**E.** **The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, assert the following claims:**

25.     Chapter 9 violates the United States Constitution and AFSCME's active and retired members have individual standing to assert that chapter 9 violates the Constitution.

26.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) because (i) it is not authorized by Michigan State Law or the Michigan Constitution to be a Debtor under chapter 9, and (ii) the law purporting to authorize the City to file chapter 9 - PA 436 - is unconstitutional including, without limitation, because it violates the strong home rule provisions of the Michigan Constitution.

27.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) of the Bankruptcy Code because (i) it failed to participate in any good faith negotiations with creditors such as AFSCME prior to the filing for bankruptcy, and (ii) such negotiations were not impracticable, as required for eligibility under chapter 9 of the Bankruptcy Code.

28.     The City's Petition should be dismissed under 11 U.S.C. § 921(c) because it was filed in bad faith.

29.     The City has failed to meet its burden of proving its insolvency as require under 11 U.S.C. § 109(c)(3).

**F.      The Retired Detroit Police Members Association (RDPMA) assert, in addition to and including herein by reference, the claims raised in this order by the other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, assert the following claims:**

30.     The City of Detroit is not eligible for relief under Chapter 9 pursuant to Section 109(c) of the Bankruptcy Code because it is not authorized under Michigan State Law and the Constitution of the State of Michigan to be a debtor under Chapter 9.

31.     Public Act 436 was passed in derogation of the right of referendum set forth in Article II Section 9 of the Michigan Constitution and is therefore unconstitutional under Michigan Law.

32.     Emergency Manager Kevyn Orr was not authorized by Public Act 436 to file the instant Chapter 9 proceeding on behalf of the City of Detroit.

33.     RDPMA's Exhibit A is a true and correct copy of the March 2, 2012 1:35:25 PM Email from Jeffrey B. Ellman to Corinne Ball and copying Heather Lennox and Thomas Wilson.

34.     RDPMA's Exhibit B is a true and correct copy of the March 3, 2012 4:00:44 PM Email from Heather Lennox to Andy Dillon and copying Corinne Ball, Hugh Sawyer, Jeffrey Ellman, Ken Buckfire, Kyle Herman, Laura

9

Marcero, Sanjay Marken, Brom Stibitz, Stuart Erickson, David Kates and Thomas Wilson.

35.     RDPMA's Exhibit C is a true and correct copy of the State of Michigan, Comprehensive Annual Financial Report, for the Fiscal Year Ended September 30, 2012.

36.     RDPMA's Exhibit D is a true and correct copy of the January 31, 2013 3:45:47 PM Email from Kevyn Orr to Corinne Ball and copying Stephen Brogan.

**G.     The Police and Fire Retirement System of the City of Detroit ("PRFS") and the General Retirement System of the City of Detroit ("GRS" and together with PFRS, the "Retirement Systems") assert the following claims.**

37.     The City is not specifically authorized to be a debtor under chapter 9 by State law or a by a governmental officer empowered by State law to authorize such entity to be a debtor under such chapter and cannot satisfy 11 U.S.C. § 109(c)(2).

38.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(B) because it did not engage in good faith negotiations with its creditors.

39.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(C) because it did not negotiate with its creditors and negotiations were not impracticable.

40. The City's bankruptcy petition should be dismissed because the City did not file the petition in good faith as required by 11 U.S.C. § 921(c).

## IV. STIPULATED FACTS

41. The City of Detroit is a municipality for purposes of Section 109(c)(1) of the Bankruptcy Code.

42. On March 15, 2013 the Local Emergency Financial Assistance Loan Board created by the Emergency Municipal Loan Act, MCL §§ 141.931-141.942, appointed Kevyn D. Orr to the position of "emergency financial manager" for the City of Detroit.

43. Mr. Orr formally took office as Emergency Manager on March 25, 2013.

44. The DPOA received an Act 312 arbitration award on March 25, 2013 (the "Award").

45. The City appealed the portion of the Award that would have given back 5% of the previously imposed 10% wage reduction effective January 1, 2014 (the "City Appeal").

46. The City Appeal is stayed by the Chapter 9 filing.

47. On April 18, 2013, the City filed an emergency motion seeking to block ongoing Act 312 proceedings between (a) the City and the DPCOA and (b) the City and the DPLSA (the "Emergency Motion").

11

48.     On June 14, 2013, the Emergency Motion was granted.

49.     A meeting took place in Detroit on June 14, 2013 between the Emergency Manager and the City's advisors, on the one hand, and numerous creditor representatives, on the other, relating to the City's creditor proposal. Representatives of all Objectors except the Retiree Committee, which had not yet formed, attended the meeting.

50.     City's Exhibit 42 is a true and correct copy of a list of persons and corporate affiliations who responded that they would attend the June 14, 2013 creditor meeting in Detroit and is admissible as proof of such responses, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

51.     A meeting took place in Detroit on the morning of June 20, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health and pension obligations.  Representatives and advisors the General Retirement System ("GRS") also attended the meeting.

52.     A second, separate meeting took place in Detroit in the afternoon of June 20, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree

13-53846-swr   Doc 2460-17 Filed 08/14/14 Entered 01/14/15 17:03:32 Page 48 of 142
13-53846-swr   Doc 4670-17 Filed 11/08/13 Entered 11/08/13 15:46:08 Page 23 of 142
471

associations, on the other, relating to retiree health and pension obligations. Representatives and advisors from the PFRS also attended the meeting.

53.     City's Exhibit 45 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend at least one of the two June 20, 2013 creditor meeting in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

54.     City's Exhibit 46 is a true and correct copy of the sign-in sheet for the morning June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

55.     City's Exhibit 47 is a true and correct copy of the sign-in sheet for the afternoon June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

56.     A meeting took place on June 25, 2013 between the City's advisors, on the one hand, and representatives and advisors from the City's six bond insurers and U.S. Bank, the trustee or paying agent on all of the City's bond issuances.  Representatives from Objectors GRS and PFRS also attended the meeting.

57.    City's Exhibit 50 is a true and correct copy of the sign-in sheet and typewritten transcription thereof for the June 25, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

58.    On June 30, 2013, the Collective Bargaining Agreements between (a) the City and the DPLSA and (b) the City and the DFFA expired.

59.    Meetings took place in Detroit on July 9 and 10, 2013 with representatives from certain bond insurers and Objectors GRS and PFRS relating to follow-up due diligence on the City's financial condition and creditor proposal.

60.    City's Exhibit 53 is a true and correct copy of a typewritten attendance sheet for the July 9 and 10, 2013 creditor meetings in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

61.    A meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters.  Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

62.    City's Exhibit 56 is a true and correct copy of the sign-in sheet for the first July 10, 2013 creditor meeting in Detroit and is admissible as proof of

14

13-53846-tjt   Doc 2403-17   Filed 01/08/14   Entered 01/14/15 17:03:32   Page 50 of 142
471
13-53846-swr   Doc 4606   Filed 11/08/13   Entered 11/08/13 15:48:08   Page 28 of 142

such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

63. A second, separate meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters. Representatives and/or advisors from Objectors DFFA, DPLSA, DPCOA, DPOA, RDPFFA, and PFRS attended the meeting.

64. City's Exhibit 57 is a true and correct copy of the sign-in sheet for the second July 10, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

65. A meeting took place on the morning of July 11, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters. Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

66. City's Exhibit 58 is a true and correct copy of the sign-in sheet for the morning July 11, 2013 creditor meeting in Detroit and is admissible as

proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

67. A second, separate meeting took place in the afternoon of July 11, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters. Representatives and/or advisors from Objectors DFFA, DPLSA, DPOA, RDPFFA, and PFRS attended the meeting.

68. City's Exhibit 59 is a true and correct copy of the sign-in sheet for the afternoon July 11, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

69. City's Exhibit 55 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend one or more of the July 10 and 11, 2013 creditor meetings in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

70. City's Exhibit 35 is a true and correct copy of a non-exclusive log of creditor meetings or communications between the City and various creditors or creditor representatives and is admissible as evidence that such meetings or

communications took place between the individuals or entities reflected thereon. This stipulation is without prejudice to the City's right to offer evidence that additional persons attended such meetings or that additional meetings took place, and is without prejudice to any individual Objectors' right to offer evidence as to its actual participation or attendance.

71.     On July 16, 2013, the Emergency Manager sent a letter to the Governor, recommending a Chapter 9 proceeding pursuant to Section 18(1) of PA 436.

72.     On July 18, 2013, the Governor sent a reply letter to the Emergency Manager authorizing the City to file it voluntary petition for protection under Chapter 9 of title 11 of the United States Code.

73.     The City filed its voluntary petition for protection under Chapter 9 on July 18, 2013.

74.     On August 2, 2013, the City held a meeting with local union representatives respecting active employee health insurance.

75.     On September 13, 2013 the City filed the City of Detroit, Michigan's Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit Michigan [Docket No. 849], in which the City "[a]dmit[s] that the City intends to seek to diminish or

impair the Accrued Financial Benefits of the participants in the Retirement

Systems through this Chapter 9 Case."

76. The representatives of the DFFA, DPOA, DPLSA and DPCOA,

respectively, have authority to negotiate wages and benefits for the active

employee members of the respective Detroit Public Safety Unions.

77. Each of the respective Detroit Public Safety Unions represents

the active employees of each of the DFFA, DPOA, DPLSA and DPCOA.

## V.  ISSUES OF FACT AND LAW TO BE LITIGATED

### A.  City's Position

The City identifies the following issues of fact and law to be litigated:

78. Whether the City was generally not paying its debts as they

become due.

    a.  City's authority

        (1)  11 U.S.C. § 109(c)(3).

        (2)  11 U.S.C. § 101(32)(C)(i).

        (3)  *In re New York City Off-Track Betting Corp.*, 427 B.R. 256, 272 (Bankr. S.D.N.Y. 2010) (finding deferral of current payments evidence of debtor's insolvency).

79. Whether the City was unable to pay its debts as they become

due.

    a.  City's authority

        (1)  11 U.S.C. § 109(c)(3).

(2)     11 U.S.C. § 101(32)(C)(ii).

(3)     *In re City of Stockton*, 493 B.R. 772, 788-90 (Bankr. E.D. Cal. 2013) (test for cash insolvency is prospective; demonstration of cash insolvency within current or succeeding fiscal year satisfies cash flow test; concepts of "budget insolvency" and "service delivery insolvency" inform inquiry into "cash insolvency").

(4)     *In re City of Bridgeport*, 129 B.R. 332, 336-38 (Bankr. D. Conn. 1991) (test for municipal insolvency set forth at 11 U.S.C. § 101(32)(C)(ii) is a "cash flow" test; "[T]o be found insolvent a city must prove that it will be unable to pay its debts as they become due in its current fiscal year or, based on an adopted budget, in its next fiscal year.").

(5)     *Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo)*, 408 B.R. 280, 293-94 (B.A.P. 9th Cir. 2009) (a municipality need not pursue all possible means of generating and conserving cash prior to seeking chapter 9 relief; affirming finding of insolvency where raiding city's other funds to satisfy short term cash needs "would leave Vallejo more debilitated tomorrow than it is today"; finding city insolvent where further funding reductions would threaten its ability to provide for the basic health and safety of its citizens).

(6)     *New York City Off-Track Betting Corp.*, 427 B.R. at 282 ("Even assuming [the debtor] could have theoretically done more to avoid bankruptcy, courts do not require chapter 9 debtors to exhaust every possible option before filing for chapter 9 protection.").

80.    Whether the City desires to effect a plan to adjust its debts.

<ol type="a">
<li>City's authority

<ol>
<li>11 U.S.C. § 109(c)(4).</li>
<li>*New York City Off-Track Betting Corp.*, 427 B.R. at 272 ("no bright-line test for determining whether a debtor desires to effect a plan" exists because of the "highly subjective nature of the inquiry").</li>
<li>*City of Vallejo*, 408 B.R. at 294-95 (A putative debtor need only show that the "purpose of the filing of the chapter 9 petition [is] not simply … to buy time or evade creditors"; a municipality may meet the subjective eligibility requirement of section 109(c)(4) by attempting to resolve claims, submitting a draft plan or producing other direct or circumstantial evidence customarily submitted to show intent).</li>
<li>*City of Stockton*, 493 B.R. at 791-92 (fact that a city would be left in worse financial condition as a result of the decision not to attempt to adjust its debts through the chapter 9 process is persuasive evidence of the municipality's honest desire to effect such an adjustment of debt).</li>
</ol>
</li>
</ol>

81. Whether the City was unable to negotiate with its creditors prior to the filing of its chapter 9 petition because such negotiation was impracticable.

<ol type="a">
<li>City's authority

<ol>
<li>11 U.S.C. § 109(c)(5)(C).</li>
<li>*New York City Off-Track Betting Corp.*, 427 B.R. at 276-77 ("Congress added [11 U.S.C. § 109(c)(5)(C)] to satisfy section 109's negotiation requirement in response to possible large municipality bankruptcy cases that could involve</li>
</ol>
</li>
</ol>

20

13-53846-swr  Doc 2403-17  Filed 01/08/14  Entered 01/08/14 17:03:32  Page 56 of 142
13-53846-swr  Doc 4606  Filed 11/08/13  Entered 11/08/13 15:48:08  Page 31 of 14
471

vast numbers of creditors."; "[I]mpracticability of negotiations is a fact-sensitive inquiry that depends upon the circumstances of the case.") (quotation omitted).

(3) *In re Cnty. of Orange*, 183 B.R. 594, 607 n.3 (Bankr. C.D. Cal. 1995) ("Section 109(c)(5)(C) was necessary because it was otherwise impossible for a large municipality, such as New York, to identify all creditors, form the proper committees, and obtain the necessary consent in a short period of time.").

(4) *City of Vallejo*, 408 B.R. at 298 ("Petitioners may demonstrate impracticability by the sheer number of their creditors …."; finding that section 109(c)(5)(C) is satisfied where negotiation with any significant creditor constituency is impracticable).

(5) *City of Stockton*, 493 B.R. at 794 (finding that the inability of a municipal debtor to negotiate with a natural representative of a numerous and far-flung creditor class (with the power to bind such class) may satisfy the "impracticability" requirement; refusal of creditors to negotiate establishes independent grounds for a finding of impracticability).

(6) *In re Valley Health Sys.*, 383 B.R. 156, 163 (Bankr. C.D. Cal. 2008) ("Negotiations may also be impracticable when a municipality must act to preserve its assets and a delay in filing to negotiate with creditors risks a significant loss of those assets.").

82. Whether the City negotiated in good faith with creditors holding at least a majority in amount of the claims of each class that the City intends to impair pursuant to a plan of adjustment.

        a.     City's authority

           (1)     11 U.S.C. § 109(c)(5)(B).

           (2)     *In re Vills. at Castle Rock Metro. Dist. No. 4*, 145 B.R. 76, 84-85 (Bankr. D. Colo. 1990)  (a municipality need not negotiate with every creditor within a given class; negotiations with large or prominent blocs of creditors will suffice to render a city eligible for chapter 9 relief; municipality satisfied requirement of negotiating with creditors by consulting with large institutional bondholders, even though all series of bonds were not invited to participate in negotiations).

           (3)     *New York City Off-Track Betting Corp.*, 427 B.R. at 274-75 (finding that debtor had satisfied section 109(c)(5)(B) of the Bankruptcy Code where it had "engaged in negotiations with creditors regarding the possible terms of a reorganization plan prior to filing"; stating that "talks need not involve a formal plan to satisfy section 109(c)(5)(B)'s negotiation requirement.").

           (4)     *City of Vallejo*, 408 B.R. at 297 (noting that section 109(c)(5)(B) is satisfied where the debtor conducts "negotiations with creditors revolving around a proposed plan, at least in concept…. [that] designates classes of creditors and their treatment….").

83.     Whether the City's petition was filed in good faith within the meaning of section 921(c) of the Bankruptcy Code.

        a.     City's authority

           (1)     11 U.S.C. § 921(c).

           (2)     *City of Stockton*, 493 B.R. at 794 (good faith "is assessed on a case-by-case basis in light of all the facts, which must be balanced against the broad

22

remedial purpose of chapter 9"; "[r]elevant considerations in the comprehensive analysis for § 921 good faith include whether the City's financial problems are of a nature contemplated by chapter 9, whether the reasons for filing are consistent with chapter 9, the extent of the City's prepetition efforts to address the issues, the extent that alternatives to chapter 9 were considered, and whether the City's residents would be prejudiced by denying chapter 9 relief.").

(3) *Cnty. of Orange*, 183 B.R. at 608 (Bankr. C.D. Cal. 1995) ("[T]he purpose of the filing must be to achieve objectives within the legitimate scope of the bankruptcy laws;" applying chapter 11 case law and finding the debtor's financial condition and motives, local financial realities and whether the debtor was seeking to "unreasonably deter and harass its creditors or attempting to effect a speedy, efficient reorganization on a feasible basis" as relevant factors in the good faith analysis).

(4) *In re McCurtain Municipal Auth.*, No. 07-80363, 2007 WL 4287604, at *5 (Bankr. E.D. Okla. Dec. 4, 2007) (holding that the existence of a factor precipitating a chapter 9 filing does not require a finding that the debtor's filing was made in bad faith when other reasons for filing bankruptcy are present).

## B.  Objectors' position

B-1.  The Committee identifies the following issues of fact and law to be litigated:

84.  Whether the City can meet the criteria for eligibility under

Section 109(c)(5)(B) of the Bankruptcy Code and, in particular:

a.    whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(B); and

b.    whether the City negotiated in good faith as is required under Section 109(c)(5)(B).

85.    Whether the City can establish that good faith negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code and, in particular:

a.    whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(C); and

b.    whether the City negotiated in good faith with classes of creditors with whom negotiations were practicable, as is as required under Section 109(c)(5)(C).

86.    Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

87.    Whether the City can meet its burden under 11. U.S.C. § 921(c) of demonstrating that it filed its Chapter 9 petition in good faith and, in particular:

a.    whether the City's Emergency Manager  filed this Chapter 9 proceeding for the purpose of attempting to use Chapter 9 as a vehicle to impair and violate rights related to vested pensions that are expressly protected from such impairment and violation under the Pension Clause of the Michigan Constitution; and

b.   whether the City, in connection with filing its Chapter 9 petition, made representations that were false, misleading and or incomplete statements, particularly as regards the magnitude of the City's unfunded pension liability, the cash flow available to meet such liability and the availability of substantial additional cash from assets owned by the City that are capable of being monetized.

B-2.   The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:

88.    Whether the City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. §109(c)(5)(B).

89.    Whether Michigan Public Act 436 of 2012 violates the Michigan Constitution, Art. IX, Sec. 24,  and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. §109(c)(2).

90.    Whether there was valid authorization for the filing of the chapter 9 petition as required by 11 U.S.C. §109(c)(2), because  the Governor's authorization did not prohibit the impairment of the pension rights of the City's employees and retirees, and therefore was not valid under the Michigan Constitution, Art. IX, Sec. 24 (the "Pension Clause").

91.     Whether chapter 9 of the Bankruptcy Code violates the Tenth Amendment, U.S. Const., Am. X, to the extent it allows the City to use the Bankruptcy Code to impair the vested pension rights of City employees and retirees in direct violation of the Pension Clause.

92.     Whether the city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

93.     Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-3.  The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA identify the following issues of fact and law to be litigated:

94.     Whether the City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

95.     Whether City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

96. Whether negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

97. Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

98. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-4. The UAW and the Flowers Plaintiffs identify the following factual and legal issues to be litigated:[1]

99. Whether the City has met the eligibility requirement of Section 109(c)(4) of the Bankruptcy Code that a municipality "desires to effect a plan to adjust such debts" where the City's proposed plan is a plan that cannot be lawfully implemented under state law as required by Section 943(b)(4) and (6) of the Bankruptcy Code.

100. Whether the City failed to negotiate with the UAW in good faith, as required by 11 U.S.C. §109(c)(5)(B).

---

[1] The issues set forth herein are the UAW's and the Flowers Plaintiffs' principal legal and factual issues to be presented at, or in connection with, the eligibility trial. UAW reserves all of the issues set forth in its Amended Objection which (a) are not listed herein but which may depend upon the resolution of its principal issues set forth above or (b) have been asserted and argued principally by other parties, such as whether the decision in Webster must be applied by the bankruptcy court.

101. Whether the City was unable to negotiate with creditors because such negotiation was impracticable as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

102. Whether the City was authorized to be a debtor under Chapter 9 as required by 11 U.S.C. Section 109(c)(2), as follows: whether the Governor's authorization was valid under State law, where (a) the City and the Governor manifested an intent to proceed in Chapter 9 in order to reduce the accrued pension rights of the City's employees and retirees, and the accrued pension rights of employees and retirees of the Detroit Public Library; (b) the City and the Governor did so proceed based on such intent of the City and the Governor, which in whole or in part motivated the Governor's authorization for the City's Chapter 9 filing and the City's filing itself; (c) the Governor's authorization did not prohibit the diminishment or impairment of the pension rights of such persons as a condition of authorizing the Chapter 9 filing; (d) neither the Governor nor the state Legislature had authority  to act in derogation of Article 9, Section 24 of the Michigan Constitution; and (e) for any and all of the foregoing reasons, the Governor's authorization for the Chapter 9 filing, and the City's filing itself were and are contrary to the Michigan Constitution, Art. 9, Sec. 24.

103. Whether the City's bankruptcy petition was filed in bad faith under 11 U.S.C. §921(c).

104. Whether, under the U.S. Constitution, Chapter 9 is constitutional as applied to the City's petition where the City does not comply with Article 9, Section 24 of the Michigan Constitution.

B-5. The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, identifies the following issues of fact and law to be litigated:

105. Whether the City failed to negotiate in good faith with creditors as required by 11 U.S.C. § 109(c)(5), including, without limitation:

a. Whether the City engaged only in "discussions," which it emphasized were not negotiations.

b. Whether the City's June 14, 2013 Restructuring Plan was not open to negotiations, which falls short of the requirements of section 109(c)(5)(B).

c. Whether the City refused AFSCME's offers to negotiate.

d. Whether the City refused AFSCME's requests for adequate backup data used to generate the City's financial assumptions, which would have been necessary information for any "negotiations."

e. Whether the City's refusal to negotiate with AFSCME continued post-filing.

f. Whether assuming, *arguendo*, that any negotiations took place, such negotiations did not relate to a plan that was in the best interests of creditors as required by section 109(c)(5)(B).

13-53846-swr  Doc 2403-17  Filed 01/08/14  Entered 01/14/14 17:03:32  Page 65 of 142
13-53846-swr  Doc 4103-17  Filed 11/08/13  Entered 11/08/13 15:46:08  Page 40 of 142
471

106. Whether the City can meet its burden of proving that it was "unable to negotiate with creditors because such negotiation is impracticable," as required for eligibility by 11 U.S.C. § 109(c)(5)(C), and including, without limitation:

   a. Whether the circumstances surrounding the City's hiring of the EM, an experienced bankruptcy counsel demonstrate that the City never had any intention of negotiating outside of bankruptcy.

   b. Whether negotiations with the City's main creditors, the unions, its retirees, and the bond trustees, were practicable.

   c. Whether the City cannot demonstrate impracticability where the City failed to negotiate with its largest creditors, especially where those creditors have, like AFSCME, sought negotiations.

107. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c), including, without limitation:

   a. Whether the State authorized (without contingencies) and the City commenced its filing to avoid a bad state court ruling in the Webster litigation, and declined to take action to cease the filing in violation of the Declaratory Judgment issued in that litigation.

   b. Whether the City never intended to negotiate (in good faith or otherwise) and failed to consider reasonable alternatives to chapter 9.

13-53846-swr   Doc 2408-17   Filed 01/03/14   Entered 01/03/14 17:03:32   Page 66 of 142
13-53846-swr   Doc 4608-1   Filed 05/13/14   Entered 05/13/14 15:48:08   Page 66 of 142
471

108.    Whether the City is "insolvent," as defined in 11 U.S.C. §
101(32)(C)) and as required for eligibility by 11 U.S.C. § 109(c)(3), including,
without limitation:

 a. Whether the City has failed to prove its insolvency by expert evidence, by expert testimony, or by anything other than unproven assumptions (including assumptions regarding the unfunded amount of the City's pension and other retiree benefits).

 b. Whether the City failed to explore options to enable it to pay debts, such as taking into account un-monetized assets and possible funding sources not included in the City's financial projections.

 c. Whether the City's current financial difficulties are less severe than in prior years, and the City already had means to enhance revenues prior to the filing including the deal reached with the swap counterparties.

109.    Whether the Governor's authorization to the EM to file for
chapter 9 under Section 11 of PA 436 was improper, including, without limitation,
because it was invalid, unconstitutional, failed to contain contingencies (such as
not using the bankruptcy proceedings to diminish vested pension benefits), and/or
failed to require that any plan of adjustment not violate Article IX Section 24 of the
Michigan Constitution.

 a. Whether the EM's exercise of authority under PA 436 violated the strong home rule provisions of the Michigan Constitution.

B-6.    The Retired Detroit Police Members Association ("RDPMA") assert, in
addition to and including herein by reference, the claims raised in this order by the

31

other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, identifies the following issues of fact and law to be litigated:

110.    Whether Public Act 436 violates the Michigan Constitution, Article II, Section 9.

        a.      Whether the spending provisions found in Sections 34 and 35 of Public Act 436 were included as an artifice to avoid the referendum provisions in Art. II, Sec. 9 of the Michigan Constitution.

        b.      Whether any provisions of Public Act 436 should be stricken on the grounds that such provisions were not approved by a majority of the electors of the State of Michigan in a general election.

111.    Whether the City of Detroit acted in bad faith when it filed its Chapter 9 Petition having knowledge that Public Act 436 was passed in derogation of the Michigan Constitutional referendum requirement.

112.    Whether Emergency Manager Kevyn Orr was properly appointed under Public Act 436.

B-7.    The Retirement Systems identify the following issues of fact and law to be litigated:

113.    Whether the City was validly authorized under State law by a governmental officer empowered by State law to authorize it to be a debtor when the Governor's authorization was in violation of Article IX, section 24 of the

Michigan Constitution, because the authorization did not prohibit the City from diminishing or impairing accrued financial benefits.

114.   Whether the City failed to negotiate in good faith prepetition with the Retirement Systems (and possibly other creditors), when all meetings with the Retirement Systems (and possibly other creditors) were presentations to an audience of multiple parties at which no bilateral negotiations occurred.

115.   Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(B).

116.   Whether negotiations with the Retirement Systems and the City's other creditors were impracticable.

117.   Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(C).

118.   Whether the City can meet its burden of proof under 11 U.S.C. § 921(c) and demonstrate that it filed the bankruptcy petition in good faith when:

    a.    The City filed the case with the intention to diminish and impair accrued financial benefits in violation of Article IX, section 24 of the Michigan Constitution;

    b.    The Emergency Manager repeatedly threatened to file a bankruptcy immediately in the weeks before the filing, thus otherwise creating an environment of impracticability;

    c.    As of the petition date, the Emergency Manager and the City did not have a clear picture of the City's assets, income, cash flow, and liabilities;

33

13-53846-swr   Doc 2463-17   Filed 01/08/14   Entered 01/08/14 17:03:32   Page 69 of 142
13-53846-swr   Doc 1408-17   Filed 11/08/13   Entered 11/08/13 18:58:08   Page 44 of 142
471

d.      The City did not even consider a restructuring scenario that did not impair accrued financial benefits; and

e.      Whether the City can demonstrate that it negotiated in good faith under section 109(c)(5) and the case law construing it where the City has admitted it does not have (and therefore did not negotiate) a formulated plan of adjustment.

## VI.    EVIDENTIARY PROBLEMS LIKELY TO ARISE AT TRIAL

### A.      City's Position

119.    The City believes that evidentiary disputed likely to arise at

trial can be addressed at the pre-trial conference.

### B.      Objectors' Position

120.    Objectors concur.

## VII.   WITNESSES

### A.      City's Witnesses

121.    The City will call the following individuals as part of its case in chief or on rebuttal:

a.      Kevyn D. Orr

b.      Kenneth A. Buckfire

c.      Gaurav Malhotra

d.      Charles M. Moore

e.      James E. Craig

122.    The City may call the following individuals as part of its case in chief or on rebuttal:

a.      Glenn Bowen

34

b.    Kyle Herman, Director at Miller Buckfire (only as needed to sponsor City exhibits 99-101)

123.    Custodial Witnesses.  The City Objectors have been conferring as to the authenticity and admissibility of certain exhibits which would otherwise require the appearance in court of a custodial witness.  The City reserves the right to call such witnesses if appropriate stipulations are not reached.

124.    The City has not counterdesignated deposition testimony in response to any Objectors' designations from witnesses on the City's will-call witness list because the City will call those witnesses to testify in person at trial. The City nevertheless reserves its rights to offer appropriate counterdesignations in the event that any witness on its will-call list becomes unavailable to testify under Federal Rule of Evidence 804(a).

125.    The City reserves its rights to offer appropriate counterdesignations in response to deposition designations offered by any Objector without reasonable notice to the City prior to the submission of this Joint Final Pre-trial Order.

126.    Given the short time frame within which the City was required to assert objections to Objectors' documents, the City reserves its rights to provide supplemental objections should it need to do so.  Similarly, should the same document appear more than once in Objectors' collective exhibit lists, an objection

by the City to any one instance of the exhibit applies to all such copies, even if no objection was indicated for the other copies.

127.    The City and the Objectors have conferred and submit the Objectors' consolidated deposition designations and the City's counter-designations at Attachment I.  The City reserves the right to object to the Objectors' deposition designations on the basis of attorney-client privilege, common interest privilege, work product doctrine and any other applicable privilege or immunity.

128.    The City reserves its rights to call any witness identified by any Objector.

### B.    Objectors' Witnesses

130.    Objectors' witnesses are indicated in Attachments A-G.

## VIII. EXHIBITS

### A.    City's Exhibits

1.    Charter – City of Detroit

2.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008

3.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009

4.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010

5.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011

6.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012

7.  November 13, 2012, Memorandum of Understanding City of Detroit reform Program

8.  July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration)

9.  Cash Flow Forecasts

10. Ten-Year Projections

11. Legacy Expenditures (Assuming No Restructuring)

12. Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012

13. Schedule of water system bonds and related state revolving loans as of June 30, 2012

14. Annual Debt Service on Revenue Bonds

15. Schedule of COPs and Swap Contracts as of June 30, 2012

16. Annual Debt Service on COPs and Swap Contracts

17. Schedule of UTGO Bonds as of June 30, 2012

18. Schedule of LTGO Bonds as of June 30, 2012

19. Annual Debt Service on General Obligation Debt & Other Liabilities

20. July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration")

21. January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team

22. March 26, 2012, Report of the Detroit Financial Review Team

37

23. April 9, 2012, Financial Stability Agreement

24. December 14, 2012, Preliminary Review of the City of Detroit

25. February 19, 2013, Report of the Detroit Financial Review Team

26. March 1, 2013, letter from Governor Richard Snyder to the City

27. July 8, 2013, Ambac Comments on Detroit

28. July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436

29. July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding

30. July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code

31. Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration")

32. Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees

33. Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo

34. Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013

35. Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013

38

36. FRE 1006 chart summarizing meetings and communications with union creditors

37. FRE 1006 chart summarizing meetings and communications with nonunion creditors

38. FRE 1006 chart summarizing monthly cash forecast absent restructuring

39. February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel

40. List of Special Conferences for Association held with Members of Police Labor Relations

41. June 10, 2013, City of Detroit Financial and Operating Plan Slides

42. RSVP List of June 14, 2013 Proposal for Creditors Meeting

43. June 14, 2013, City of Detroit Proposal for Creditors

44. June 14, 2013, Proposal for Creditors – Executive Summary

45. List of Invitees to the June 20, 2013 Meetings

46. Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring)

47. Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring)

48. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees

49. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees

50. Invitee List and Sign-in Sheet for the June 25, 2013 Meeting

51. Cash Flow Forecasts provided at June 25, 2013 Meeting

39

13-53846-swr    Doc 2403-17   Filed 01/08/14   Entered 01/08/14 17:03:32   Page 75 of 142
13-53846-swr    Doc 4606-17   Filed 05/12/14   Entered 05/12/14 15:48:08   Page 30 of 142
471

52. Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 meetings

53. List of Attendees at July 9 and 10, 2013 Creditor Meetings

54. Detroit Future City Plan 2012

55. Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings

56. July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting

57. July 10, 2012 City of Detroit Sign In Sheet for 3:00 PM Police and Fire Meeting

58. July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting

59. July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting

60. July 11, 2013 City of Detroit Union – Retiree Meeting Draft Medicare Advantage Plan Design Options

61. Correspondence between representatives of AFSCME and representatives of the City

62. Michigan Attorney General Opinion No. 7272

63. July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims

64. September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Section 924 and 925 of The Bankruptcy Code

65. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

66. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

40

67.   June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

68.   June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit

69.   April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012

70.   June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit

71.   November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit

72.   November 21, 2011 Memorandum from Irvin Corley, Jr., to Council Members of the City of Detroit City Council

73.   July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions

74.   July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st – June 30th)

75.   May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan

76.   Responses of International Union, UAW to Debtor's First Set of Interrogatories

77.   UAW Privilege Log

78.   Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories

79.  The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories

80.  Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

81.  Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

82.  Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

83.  Answers to Debtor's First Interrogatories to Retiree Association Parties

84.  Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories

85.  Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories

86.  Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents

87.  Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents

88.  The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents

89.  Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions

90. The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents

91. Response of Retiree Association Parties to Debtor's First Requests for Production of Documents

92. Retired Detroit Police Members Association Response to Debtor's First Requests for Production

93. June 14, 2013 Index Card #1 from Nicholson

94. June 14, 2013 Index Card #2 from Nicholson

95. June 20, 2013 Typewritten Notes from June 20, 2013 Presentation

96. July 16, 2013 Nicholson Affidavit in *Flowers*

97. August 19, 2013 UAW Eligibility Objection

98. Nicholson Letter To Irwin re UAW Discovery Responses

99. FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013

100. FRE 1006 Chart summarizing the approximate number of pages in documents uploaded to the data room before July 18, 2013

101. Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room

102. July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted]

103. Any exhibit identified by any Objector.

## B.  Objectors' Exhibits and City's Objections

131. Objectors' exhibits are indicated in Attachments A-G.

43

## C. Objections to City's Exhibits

132. Objectors' objections to the City's Exhibits are indicated in Attachment H.

133. Objectors reserve their rights to assert objections to City Exhibits 76-101.

13-53846-tjt Doc 2408-17 Filed 01/08/14 Entered 01/14/15 17:03:32 Page 80 of 142
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:46:08 Page 55 of 142
471

# ATTACHMENT A

## THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S
## WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS

# THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S
## WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS

The Retired Detroit Police Members Association ("RDPMA"), through its counsel, Strobl & Sharp, P.C., hereby submits the following unique Exhibit List and Witness List:

**I.**   **Revised Witness List**

A.   The RDPMA hereby submits this witness list of individuals who will be called for live testimony in the eligibility trial:

    1.   Howard Ryan

B.   The RDPMA hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

    1.   Howard Ryan

    2.   Treasurer Andrew Dillon

    3.   Governor Richard Snyder

    4.   Emergency Manager Kevyn Orr, September 16, 2013

C.   The RDPMA hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.   The RDPMA hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

**II.**   **Unique Exhibit List**

The RDPMA hereby submits this consolidated list of evidence that will or may be used as evidence during the eligibility trial:

| 201 | 3/02/13-Dillon Dep. Ex. 6-<br>DTMI00234878 (email correspondence) | Hearsay; Relevance |
|---|---|---|
| 202 | 3/02/12-Dillon Dep. Ex. 7-<br>DTMI00234877-880 (email correspondence) | Hearsay, Relevance |

46

| 203 | Basic Financial Statements, pages 27 - 32 of the State of Michigan Comprehensive Annual Financial Report for Fiscal Year Ending 2012 | Relevance |
|-----|---|---|
| 205 | Comparison Chart of Public Act 4 and Public Act 436 | |

# ATTACHMENT B

## THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

## THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

### I.     *Witness List*

A.     The Retiree Association Parties hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1.     Shirley V. Lightsey (see Declaration, Dkt. 502)
       c/o Lippitt O'Keefe, PLLC
       370 E. Maple Road
       Third Floor
       Birmingham MI, 48009
       (248) 646-8292

Ms. Lightsey is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), her attendance at multiple presentational meetings, that the DRCEA is a natural representative of the City of Detroit general retirees, that the DRCEA was ready, willing and able to negotiate with the City on Retiree issues, that the DRCEA

unsuccessfully requested to meet with Kevyn Orr and on the qualifications, history, successes and structure of the DRCEA.

2.   Donald Taylor (see Declaration, Dkt. 502)
     c/o Lippitt O'Keefe, PLLC
     370 E. Maple Road
     Third Floor
     Birmingham MI, 48009
     (248) 646-8292

Mr. Taylor is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), his attendance at multiple presentational meetings, that the RDPFFA is a natural representative of the City of Detroit uniformed (police and fire) retirees, that the RDPFFA was ready, willing and able to negotiate with the City on Retiree issues, that the RDPFFA met with Kevyn Orr during which he stated that pensions would not be diminished or impaired and that certain classes of retirees covered by a consent judgment would not have their medical benefits impaired, the unsuccessful requests for follow up meetings with Mr. Orr or City officials and on the qualifications, history, successes and structure of the DRCEA.

3.   Any and all witnesses listed, regardless of whether they are called, on the witness list of any party.

4.   Any and all witnesses necessary to provide a proper foundation for any physical and/or documentary evidence or to rebut the same regarding testimony or other evidence sought to be admitted by any party.

50

13-53846-swr   Doc 2403-17   Filed 01/04/14   Entered 01/04/14 17:03:32   Page 86 of 142
13-53846-swr   Doc 4608-17   Filed 05/08/14   Entered 05/08/14 15:46:08   Page 86 of 142
471

## II. Exhibit List

The Retiree Association Parties hereby submit this consolidated exhibit list

of evidence that will or may be used as evidence during the eligibility trial:

| Retiree Association Parties' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 301 | Declaration of Shirley V. Lightsey (Dkt. 497, Ex. 2) | Hearsay ; Relevance |
| 302 | Declaration of Donald Taylor (Dkt. 497, Ex. 3) | Hearsay ; Relevance |
| 303 | Bylaws of DRCEA (RetAssnParties000032-000036)[2] | |
| 304 | Bylaws of RDPFFA (RetAssnParties000043-000060) | |
| 305 | Articles of Incorporation for DRCEA (RetAssnParties000038-000041) | |
| 306 | Articles of Incorporation for RDPFFA (RetAssnParties000042) | |
| 307 | Notice and Consent forms from DRCEA Members (See CD, Bates No. RetAssnParties000061) | |
| 308 | Notice and Consent forms from RDPFFA Members (See CD, Bates No. RetAssnParties000062) | |
| 309 | Letter from Shirley V. Lightsey to Kevyn Orr, dated May 4, 2013 (RetAssnParties000181) | |
| 310 | Letters from DRCEA members to the DRCEA (RetAssnParties000001-000021) | Hearsay ; Relevance |
| 311 | RESERVED | |

---

[2] Bates numbers will be updated.

13-53846-swr   Doc 2463-17   Filed 08/14/14   Entered 08/14/14 17:03:32   Page 87 of 142
13-53846-swr   Doc 4606-7   Filed 11/08/14   Entered 11/08/14 15:48:08   Page 82 of 14
471

| 312 | Wieler consent judgment (RetAssnParties000143-000180) | Hearsay ; Relevance |
|------|------|------|
| 313 | U.S. Trustee Retiree Committee Questionnaire completed by Shirley V. Lightsey (RetAssnParties000100-000104) | Hearsay ; Relevance |
| 314 | U.S. Trustee Retiree Committee Questionnaire completed by Donald Taylor (RetAssnParties000121-000125) | Hearsay ; Relevance |
| 315 | Pamphlet entitled "All About the DRCEA" (RetAssnParties000022-000031) | |

Each of the Retiree Association Parties reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other Objector

13-53846-swr   Doc 2403-17   Filed 01/08/14   Entered 01/08/14 17:03:32   Page 88 of 142
13-53846-swr   Doc 4606-17   Filed 05/12/14   Entered 05/12/14 15:48:08   Page 88 of 142

# ATTACHMENT C

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

53

**THE OFFICIAL COMMITTEE OF RETIREES'**
**CONSOLIDATED (1) WITNESS LIST,**
**(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Official Committee of Retirees (the "Committee"), through their counsel, Dentons US LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Committee hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

        1.    Emergency Manager Kevyn D. Orr

        2.    Conway MacKenzie Senior Managing Director Charles Moore

        3.    Michigan Treasurer Andy Dillon

B.    The Committee hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

        1.    Milliman Principal and Consulting Actuary Glenn Bowen

        2.    Michigan Labor Relations Director Lamont Satchel

        3.    Ernst & Young LLP Principal Guarav Malhotra

        4.    Kenneth Buckfire

13-53846-swr   Doc 2463-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 90 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:48:08   Page 88 of
471

5.     Governor Richard D. Snyder

6.     Howard Ryan

D.     The Committee hereby reserves the right to call as witnesses any witness called by any other party.

## II.   *Exhibit List*

The Committee hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 400. | 01/30/13 - Orr Dep. Ex. 1, JD-RD-0000113 (email chain) | |
| 401. | 01/31/13 - Orr Dep Ex. 2, JD-RD-0000303 (email chain) | |
| 402. | 01/31/13 - Orr Dep. Ex. 3, JD-RD-0000300-02 (email chain) | |
| 403. | 01/31/13 - Orr Dep. Ex. 4, JD-RD-0000295-96 (email chain) | |
| 404. | Orr Dep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 405. | 02/20/13 - Orr Dep Ex. 6, JD-RD-0000216-18 (email chain) | |
| 406. | 02/22/13 - Orr Dep Ex. 7, JD-RD-0000459-64 (email chain) | |
| 407. | 05/12/13 - Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 408. | 06/14/13 - Orr Dep. Ex. 9, Dkt. 438-16 (City of Detroit Proposal for Creditors) | |
| 409. | 07/16/13 - Orr Dep. Ex. 10, Dkt. 11-10 (letter Re: Recommendation Pursuant to | |

13-53846-tjt   Doc 2470-17   Filed 01/08/14   Entered 01/14/15 13:03:32   Page 91 of 142
13-53846-swr   Doc 4608-17   Filed 11/08/13   Entered 11/08/13 15:46:08   Page 56 of 142
471

| | | |
|---|---|---|
| | Section 18(I) of PA 436) | |
| 410. | 07/18/13 - Orr Dep. Ex. 11, Dkt. 11-11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 411. | 07/12/13 - Orr Dep. Ex. 12, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 412. | 07/17/13 - Orr Dep. Ex. 13, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 413. | 09/11/13 - Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 414. | 07/18/13 - Orr Dep. Ex. 15, Dkt. 11 (Declaration of Kevyn Orr) | |
| 415. | 09/13/13 - Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit | |
| 416. | 06/27/13 - Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 417. | 02/13/13 - Orr Dep. Ex. 20, JD-RD-0000334-36 (email chain) | |
| 418. | 01/29/13 - Orr Dep. Ex. 21, DTMI00128731-805 (Jones Day 1/29/13 Pitchbook) | |
| 419. | 03/2013 - Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 420. | 02/15/13 - Orr Dep. Ex. 25, JD-RD-0000354-55 (email chain) | Authentication; Hearsay |
| 421. | 06/21/13 - Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 422. | 06/14/13 - Satchel Dep. Ex. 19, Dkt. | |

13-53846-swr    Doc 2408-17    Filed 01/08/14    Entered 01/08/14 17:03:32    Page 92 of 142
13-53846-swr    Doc 4608-17    Filed 11/08/14    Entered 11/08/14 14:08:08    Page 87 of 142
471

|      | | |
|------|---|---|
|      | 438-7 (letter Re: Retiree Benefit Restructuring Meeting | |
| 423. | 06/17/13 - Satchel Dep Ex. 20, Dkt. 438-6 (letter Re: Request from EFM for additional information) | |
| 424. | 09/24/13 - Bowen Dep. Ex. 4, DTMI00066176-90 (letter Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 425. | 11/16/12 - Bowen Dep. Ex. 9, DTMI00066269-74 (letterRe: DGRS Simple Projection) | |
| 426. | 05/20/13 - Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 427. | 05/21/13 - Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 428. | 09/24/13 - Bowen Dep. Ex. 14, (letter Re: One-Year Service Cancellation for DRGS and PFRS) | |
| 429. | 07/17/13 - Malhotra Dep. Ex. 8, DTMI00137104 (Ernst & Young - Amendment No. 7 to statement of work) | |
| 430. | 07/02/13 - Dkt. 438-9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 431. | 07/03/13 - Dkt. 438-10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 432. | 01/16/13 - DTMI00078970 - 79162, (Ernst & Young  Professional Service Contract) | |
| 433. | 04/04/13 - DTMI00210876 - 78, (Ernst | |

13-53846-swr   Doc 2403-17  Filed 01/09/14   Entered 01/09/14 17:03:32   Page 93 of 142
13-53846-swr   Doc 4608  Filed 11/08/14   Entered 11/08/14 16:08:58   Page 93 of 142
471

| | | |
|---|---|---|
| | & Young Amendment No. 6 to Professional Services Contract) | |
| 434. | 07/17/13 - Snyder Dep. Ex. 6, (City of Detroit Rollout Plan) | Hearsay |
| 435. | 06/07/13 - Snyder Dep. Ex. 7, (Tedder email) | Hearsay |
| 436. | 07/08/13 - Snyder Dep. Ex. 8, (Dillon email) | Hearsay |
| 437. | 07/09/13 - Snyder Dep. Ex. 9, (Dillon email) | Hearsay |
| 438. | 07/09/13 - Dillon Dep. Ex. 5 (Dillon email) | Hearsay |
| 439. | 09/13/2013 - Dkt. 849 (City's Response to General Retirement Systems Request For Admissions) | |
| 440. | 08/23/13 - Dkt. 611 (General Retirement Systems Request For Admissions) | |
| 441. | 06/30/2011 - DTMI00225546 - 96, (Gabriel Roeder Smith 73rd Annual Actuarial Valuation) | |
| 442. | 06/30/12 - DTMI00225597 - 645, (Gabriel Roeder Smith 74th Annual Actuarial Valuation) | |
| 443. | 03/2013 - Bing Dep. Ex. 3 DTMI00129416 - 53 (City of Detroit - Restructuring Plan | |
| 444. | 06/30/12 - Bing Dep. Ex. 4 - (Excerpt of Comprehensive Annual Financial Report - (pages 123-124)) | |
| 445. | 07/10/13 - Bing Dep. Ex. 5 - DTMI00098861-62, (email correspondence) | |
| 446. | The video as it is linked from the 09/16/13 and 10/4/13 depositions of Kevyn D. Orr | |

| | | |
|---|---|---|
| 447. | The video as it is linked from the 10/14/13 Dave Bing Deposition | |
| 448. | The video as it is linked from the 10/9/13 Richard D. Snyder Deposition | |
| 449. | The video as it is linked from 10/10/13 Andrew Dillon Deposition | |
| 450. | Any and all documents, correspondence and/or other materials authored by any witnesses identified in the City's witness list that contain relevant facts and/or information regarding this matter | Non-specific; non-compliant with Local Rule 7016-1(a)(9) |
| 451. | Any and all exhibits identified by any party | |
| 452. | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097-100, plus unnumbered timeline attachment)) | Hearsay |

# ATTACHMENT D

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED
<u>(1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION
DESIGNATIONS</u>**

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED (1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Michigan Council 25 of the American Federation of State, County and Municipal Employees ("AFSCME"), through their counsel, Lowenstein Sandler LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

**I.    *Witness List***

A.    The AFSCME hereby submits this consolidated witness list of individuals who will be called as live witnesses in the eligibility trial:

1.    Steven Kreisberg

B.    The AFSCME hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

1.    Governor Richard D. Snyder

2.    Emergency Manager Kevyn D. Orr

2.    Ernst & Young LLP Principal Guarav Malhotra

3.    Conway MacKenzie Senior Managing Director Charles Moore

4.    Michigan Treasurer Andy Dillon

5.    Richard Baird

6.    Mayor David Bing

7.    Howard Ryan

C.    The AFSCME hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

1.    Edward McNeil

D.    The AFSCME hereby reserves the right to call as witnesses any witness called by any other party.

## II.   *Exhibit List*

The AFSCME hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 501. | | 08/2007 - Dep. Ex. 8, (Office of the Auditor General Audit of the Municipal Parking Department) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 502. | | 12/16/11 - AFSCME000000368 – 373, (City of Detroit Budgetary Savings and Revenue Manifesto – City of Detroit Labor Organizations) | Authentication; Hearsay; Relevance |
| 503. | | 12/21/11 - Ex. C, (2011 Treasury Report) Declaration of Kevyn Orr in Support of Eligibility | |
| 504. | | 01/10/12 - Dep. Ex. 10, (City of Detroit Letter Request for Information to Cockrel, Budget, Finance and Audit Standing Committee Chair) Deposition of Kenneth A. Buckfire, September 20, 2013 | |

62

13-53846-swr    Doc 2472-17    Filed 01/14/14    Entered 01/14/14 17:03:32    Page 98 of 142
13-53846-swr    Doc 4406    Filed 05/01/14    Entered 05/01/14 15:46:08    Page 98 of 142
471

| | | | |
|---|---|---|---|
| 505. | | 02/01/12 - DTMI00086926 – 86983, (Tentative Agreement between City and Coalition of City of Detroit (non-uniform) Unions) | Hearsay; Relevance |
| 506. | | 03/02/12 - DTMI00234878 – 234880, (Email amongst Jones Day Subject: Consent Agreement) | |
| 507. | | 03/26/12 - Dep. Ex. 5, (Letter from Lamont Satchel to Edward McNeil Confirming Coalition of Unions representing Detroit City workers has ratified a new contract) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 508. | | 04/02/12 - Dep. Ex. 6, (Letter to Lamont Satchel from Edward McNeil providing updated list of coalition unions) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 509. | | 03/26/12 - DTMI00204529 - 204543, (2012 Financial Review Team Report, dated March 26, 2012) | |
| 510. | | 04/05/12 - DTMI00161620 - 161678, (2012 Consent Agreement) | |
| 511. | | 06/06/12 - Dep. Ex. 9, (City of Detroit Non-filer Collection Summary for years 2006 to 2009) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay; Relevance |
| 512. | | 06/11/12 - DMTI00098703- 98704 Email from Kyle Herman of Miller Buckfire to Heather Lennox & others Forwarding article "Bing: Detroit Will Miss Friday Payment if Suit Not Dropped" | Hearsay |
| 513. | | 07/18/12 - AFSCME000000291-337, (Letter from Satchel attaching City Employment Terms)· | Relevance |
| 514. | | 07/27/12 - AFSCME 000000340 – 343, (Inter-Departmental Communication from Lamont Satchel to City of Detroit Employees regarding employment terms) | Relevance |
| 515. | | 08/02/12 - Dep Ex. 11, (August 2, 2012 CET Implementation Project Kickoff Meeting) Deposition of Lamont Satchel, September 19, 2013 | Relevance; Hearsay |
| 516. | | 08/20/12 - AFSCME 000000344 - 347, (Cynthia Thomas Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |

63

13-53846-swr    Doc 2403-17    Filed 01/08/14    Entered 01/08/14 17:03:32    Page 99 of 142
13-53846-swr    Doc 4608-17    Filed 05/12/14    Entered 05/12/14 15:48:08    Page 99 of 142
471

| | | | |
|---|---|---|---|
| 517. | | 08/29/12 - DTMI00090577 – 90584, (Cynthia Thomas Revised Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |
| 518. | | 11/21/12 - DMTI00103931 - 103932, (Email Exchange with James Doak to Buckfire & others re: furloughs) | Hearsay; Relevance |
| 519. | | 12/02/12 - Moore Dep. Ex. 6, DTMI00078512 - 8514 (Email from Kriss Andrews to Andy Dillon re: respective roles of E&Y, Conway MacKenzie, and Miller Buckfire in restructuring) | |
| 520. | | 12/14/12 - DTMI00220457 - 220459, (2012 Treasury Report) | |
| 521. | | 12/18/12 - Dep. Ex. 12, (Letter from Edward McNeil to Lamont Satchel) Deposition of Lamont Satchel, September 19, 2013 | |
| 522. | | 12/19/12 - Dep. Ex. 13, (Budget Required Furlough) Deposition of Lamont Satchel, September 19, 2013 | |
| 523. | | 12/19/12 - Moore Dep. Ex. 7, DTMI00106319 - 106320, (Email from Van Conway to Moore Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 524. | | 12/19/12 - Moore Dep. Ex. 8, DTMI00079526, (Email from Moore to Kriss Andrews etc Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 525. | | 12/19/12 - Moore Dep. Ex. 9, (Email from Kriss Andrews to Baird Re: scope of work for Conway MacKenzie) | |
| 526. | | 12/19/12 - Moore dep. Ex. 10, DTMI00079528 - 79530 (Exhibit A Conway MacKenzie Scope of Services for January 9, 2013 through December 31, 2013) | |
| 527. | | 12/27/12 - Dep. Ex. 17 (Caremark/CVS Letter), Deposition of Lamont Satchel, September 19, 2013 | Hearsay; Relevance |
| 528. | | 01/2013 - Dep Ex. 5, (Water Supply System Capital | Hearsay; |

| | | | |
|---|---|---|---|
| | | Improvement Program Fiscal Years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 529. | | 01/2013 - Dep. Ex. 6, (Sewage Disposal System, Capital Improvement Program, Fiscal years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Hearsay; Relevance |
| 530. | | 01/03/13 - Dep Ex. 14, (Letter from Lamont Satchel to Ed McNeil in Response to December 28, 2012 Letter) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 531. | | 01/14/13 - DMTI00079665 - 79667(email from Kriss Andrews re: Professionals Call on Retiree Health Care Issues) | |
| 532. | | 01/22/13 - DMTI00079569 - 79574, (Email from Kriss Andrews to Himself attaching Executive Summary of Detroit Restructuring Plan) | |
| 533. | | 01/23/13 - Dep. Ex. 15, (Letter from Lamont Satchel to Ed McNeil responding to information request submitted December 18, 2012) Deposition of Lamont Satchel, September 19, 2013 | |
| 534. | | 01/25/13 - Dep. Ex. 16, (Letter from Ed McNeil to Lamont Satchel in preparation for meeting January 30, 2013) Deposition of Lamont Satchel, September 19, 2013 | |
| 535. | | 01/16/13 - Moore Dep. Ex. 11, DTMI00078909 - 78969 (Conway MacKenzie Professional Service Contract Transmittal Record approved January 16, 2013) | |
| 536. | 418 | 01/29/13 - DTMI00128731-128805, (Pitch Presentation given to the City by the City's Law Firm) | |
| 537. | 400 | 1/30/13 - JD-RD-0000113, (Email From Richard Baird forwarded by Corinne Ball to Heather Lennox "Bet he asked if Kevyn could be EM!") | |
| 538. | | 01/31/12 - JD-RD-0000177 -178, (10:52 email between Orr and his colleague) | |
| 539. | 403 | 01/31/13 - JD-RD-0000295 - 296 (3:45:47 PM Email between Kevyn Orr and Corinne Ball Re: Bloomberg | |

| | | | |
|---|---|---|---|
| | | involvement as a bad idea & new law as a "redo" of prior rejected law) | |
| 540. | 401 | 01/31/13 - JD-RD-0000303, (5:23:09 PM Email between Kevyn Orr and colleague re conversation with Richard Baird re: consideration of EM job; in response to email from Corinne Ball re: Bloomberg Foundation and financial support for EM & project) | |
| 541. | 402 | 01/31/13 - JD-RD-0000300 - 302, (4:10:58 PM Email exchange between Orr and Daniel Moss Re: prudence of making Detroit a "national issue" to provide "political cover" & best option to go through chapter 9) | |
| 542. | | 02/11/13 - DMTI00083374 - 83394, (City of Detroit FAB Discussion Document) | |
| 543. | 417 | 02/07/13 - JD-RD-0000334 - 336, (Email String between Richard Baird and Kevyn Orr re: Details of Emergency Manager Employment) February 12-13 | |
| 544. | | 02/12/13 - JD-RD-0000327, ( Email string between Richard Baird, Andy Dillon, Kevyn Orr and Others regarding schedule for Orr Visit on February 11, 2013) February 7, 2013-February 11, 2013 | |
| 545. | 420 | 02/13/13 - JD-RD-0000354-355, (Email String Regarding Prospect of Orr accepting position as Emergency Manager) February 13, 2013-February 15, 2013 | |
| 546. | | 02/18/13 - Moore Dep. Ex. 18, DTMI00103661 - 103663, (Email from Moore to Bill Pulte re: Pulte Capital Partners LLC employment to clear blight) | |
| 547. | | 02/19/13 - DTMI00080488 - 80508, (2013 Financial Review Team Report) | |
| 548. | | 02/19/13 - DTMI00080488 - 80508, (Supplemental Documentation of the Detroit Financial Review team Report) | |
| 549. | 405 | 02/20/13 - JD-RD-0000216 - 218, (Email attaching summary of partnership – Governor, Mayor & EM) | |
| 550. | 406 | 02/22/13 - JD-RD-0000459 - 464, (Email exchange concerning summary of partnership Exchange with Orr and Baird, forwarding exchange between Baird and Snyder) February 20- 22, 2013 | |

| | | | |
|---|---|---|---|
| 551. | | 02/22/13 - DTMI00097150 - 97154, (Letter from Irvin Corley, Director Fiscal Analysis Division and David Whitaker, Director Research & Analysis Division to Councilmembers Providing Comments on the Report of the Detroit Financial Review Team report) | |
| 552. | 419 | 03/2013 - DMTI00078433 - 78470, (City of Detroit Restructuring Plan, Mayor's Implementation Progress Report) | |
| 553. | | 03/01/13 - DTMI 00124558 - 24562, (Governor's Determination of Financial Emergency) | |
| 554. | | 03/11/13 - Moore Dep. Ex. 13, DTMI00078028–78046, (FAB Discussion Document) | |
| 555. | | 03/27/13 - JD-RD-0000524 - 532, (Contract for Emergency Manager Services) | |
| 556. | | 04/05/13 - Moore Dep. Ex. 14 - DTMI00069987 – 70027, (City Council Review Restructuring Recommendations) | |
| 557. | | 04/08/13 - Moore Dep. Ex. 14 - DTMI00083414 – 83434 - (FAB Discussion Document) | |
| 558. | | 04/11/13 - , (Order No. 5, issued by the EM April 11, 2013, requires that the EM approve in writing of any transfers of the City's real property) | |
| 559. | | 05/02/13 - (Order No. 6, issued by the EM on May 2, 2013, directs the precise amount of deposits from the City to the Public Lighting Authority) | |
| 560. | 407 | 05/12/13 - DTMI00222548 - 222591, (Financial and Operating Plan) | |
| 561. | | 05/21/13 - Moore Dep. Ex. 4, DTMI00106352 - 6353, (email from Van Conway to Moore) | |
| 562. | | 05/21/13 - DTMI00106348 - 6349 (email exchange between Moore and Baird re: hiring of "Van" (Conway)) | |
| 563. | | 05/24/13 - Debtor's Omnibus Reply to Objections Ex. C, (Letter from Edward McNeil estimating savings from the Tentative Agreement of Approximately $50 million) | |
| 564. | 435 | 06/03/13 - Dep. Ex. 5, SOM20001327-1327-28, (Email String re: Financial and Operating Plan | Hearsay |

| | | | |
|---|---|---|---|
| | | Powerpoint January 3, 2013 through June 7, 2013) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 565. | | 06/10/13 - DTMI0011511-115432, (June 10 Presentation) | |
| 566. | 422 | 06/14/13 - DTMI00083043 - 83044, (letter from counsel to the City of Detroit to AFSCME) | |
| 567. | 408 | 06/14/13 - DTMI00227728 - 227861, (City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 568. | | 06/14/13 - DTMI00083741 - 83805, (Executive Summary of City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 569. | 423 | 06/17/13 - AFSCME000000040 - 41 Kreisberg letter to Miller Buckfire & Co., LLC. | |
| 570. | | 06/20/13 - DTMI00078574 - 78597, (Retiree Legacy Cost Restructuring, Uniform Retirees June 20, 2013 Presentation) | |
| 571. | | 06/20/13 - DTMI00078598 - 78621, (Retiree Legacy Cost Restructuring, Non-Uniform Retirees June 20, 2013 Presentation) | |
| 572. | | 06/21/13 - DMTI00099297 - 99298, (Email Sonya Mays to herself Re: refining current responsibilities to align more closely with City's financial restructuring effort) | |
| 573. | 421 | 06/21/13 - DTMI00078573 - 78621, (email from Lamont Satchel to David Bing and others attaching Emergency Manager's current restructuring plan for healthcare benefits and pensions) | |
| 574. | | 06/27/13 - DTMI00084443, (letter from counsel to the City of Detroit to AFSCME) (Letter to Ed- not letter included in objection) | |
| 575. | | 06/28/13 - DTMI00135831, (June 28, 2013 email from counsel to the City of Detroit to AFSCME) | |
| 576. | | 06/30/13 - DTMI00175701 - 175736, (City of Detroit Water Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |

| 577. |     | 06/30/13 - DTMI00175663 - 74700, (City of Detroit Sewage Disposal Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |
|------|-----|----|----|
| 578. | 430 | 07/02/13 - AFSCME000000036 - 39, (Kreisberg letter to counsel to the City of Detroit) | |
| 579. | 431 | 07/03/13 - DTMI00084320 - 84321, (letter from counsel to the City of Detroit to AFSCME) | |
| 580. |     | 07/04/13 - DTMI00109900 -109901, (Email from Dana Gorman to Bill Nowling attaching Communications Rollout) | Hearsay |
| 581. | 436 | 07/08/13 - Dep. Ex. 7, SOM200003601, (Email re: Detroit and Pension Cuts) Deposition of Richard Baird, October 10, 2013 | |
| 582. |     | 07/08/13 - SOM20010097, (Email from Bill Nowling to Governor's Office Attaching July 4, 2013 Spreadsheet entitled "Chapter 9 Communications Rollout") | Hearsay |
| 583. |     | 07/18/13 - (Order No. 10, issued by the EM on July 8, 2013, suspends the Detroit Charter's requirement for filling vacancies on City Council) | |
| 584. |     | 07/09/13 - SOM20010234, (Email from Treasurer Andy Dillon to the Governor and other Individuals in the Governor's Office) | Hearsay |
| 585. | 437 | 07/09/13 - Dep. Ex. 8, SOM200003657, (email re: Detroit and Referencing Meeting Keyvn Orr to have with pensions) Deposition of Richard Baird, October 10, 2013 | Hearsay |
| 586. |     | 07/11/13 - DMTI00104215-104217, (Email from Dave Home to Kenneth Buckfire forwarding pre-read for call regarding options for protecting art) | Hearsay |
| 587. | 409 | 07/16/13 - DTMI00099244 - 99255, (Emergency Manager Recommendation of Chapter 9 Filing) | |
| 588. |     | 07/17/13 - DTMI00128729-128730, (Email from Ken Buckfire regarding the deal reached between the City and its swap counterparties) | Hearsay |
| 589. | 429 | 07/17/13 - DTFOTA0000001 - 8, (Ernst & Young Amendment No. 7 to Professional Services Contract with City of Detroit) | |
| 590. | 410 | 07/18/13 - DTMI00116442 - 116445, (Governor's | |

| | | Authorization of Chapter 9 Filing) | |
|---|---|---|---|
| 591. | | 07/18/13 - Decl. Ex. A (Temporary Restraining Order dated July 18, 2013) Kreisberg Declaration, August 19, 2013 | |
| 592. | | 07/19/13 - Ex. B (Order of Declaratory Judgment dated July 19, 2013) Kreisberg Declaration, August 19, 2013 | |
| 593. | | 07/19/13 - DTMI00116442-116445, (email re: High Priority with attached July 18, 2013 Letter re Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 594. | | 08/06/13 - AFSCME000000050, (Kreisberg letter to counsel to the City of Detroit) (no attachment) | Relevance |
| 595. | | 08/08/13 - AFSCME000000045 - 46, (letter from counsel to the City of Detroit to AFSCME) | Relevance |
| 596. | 413 | 09/11/13 - Ex. 14, (Retiree Legacy Cost Restructuring Presentation) Deposition of Kevyn Orr, September 16, 2013 | Relevance |
| 597. | | 09/13/13 - DTFOTA1 – 153, (Letter from Jones Day to Caroline Turner attaching documents relied upon in Buckfire and Malhotra Depositions) Deposition of Kenneth A. Buckfire, September 20, 2013 | |
| 598. | | 10/09/13 - Ex. 11, (Email Subject: High Priority) Deposition of Governor Richard Snyder, October 9, 2013 | |
| 599. | | DTMI00117210 -117215, (Detroit City Council Rationale for Appeal) | Authentication; Relevance |
| 599-0 | | Ex. 18, (City Government Restructuring Program Hot Items) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay |
| 599-1 | | NERD Tax Return | Authentication; Hearsay; Relevance |
| 599-2 | | 6/11/13 – DTMI00234907-908, Dep. Ex. 9, (Email re: Professional Fees) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 599-3 | | 09/16/13 - Ex. B, (Deposition Transcript of Emergency Manager Kevyn Orr September 16, 2013) | |

| | | | |
|---|---|---|---|
| | | Declaration of Michael Artz. | |
| 599-4 | | 10/04/13 - Ex. E, (Transcript of continued deposition testimony given by Emergency Manager Kevyn Orr) Declaration of Michael Artz. | |
| 599-5 | | 10/09/13 - Ex. A, (Deposition Transcript of Governor Richard Snyder) Declaration of Michael Artz. | |
| 599-6 | | 09/20/13 - Ex. C, (Deposition Transcript of Guarav Malhotra) Declaration of Michael Artz. | Hearsay |
| 599-7 | | 09/18/13 - Ex. D, (Deposition of Charles Moore) Declaration of Michael Artz. | Hearsay |
| 599-8 | | Any and all documents, correspondence and/or other materials authored by any witnesses identified in City's witness list that contain relevant facts and/or information regarding this matter | |
| 599-9 | | Any and all exhibits identified by any party. | |

71

# ATTACHMENT E

**THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED
(1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION**

# THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

## I.      *Witness List*

A.      The UAW and Flowers hereby submit this consolidated list of individuals who will be called as witnesses in the eligibility trial:

> 1.      Michael Nicholson - Subject: City's pre-petition meetings with stakeholders and status of the employees and retirees of the Detroit Public Library
>
> 2.      Jack Dietrich – history of bargaining between UAW Local 2211 and City
>
> 3.      Janet Whitson –impact of pension cuts on retirees, including Detroit Public Library Retirees
>
> 4.      Michigan Governor Rick Snyder – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials
>
> 5.      Michigan Treasurer Andy Dillon – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials
>
> 6.      Michigan Transformation Manager Rick Baird – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

C.      The UAW hereby reserves the right to call as witnesses any witness called by any other party.

13-53846-swr   Doc 2476-17   Filed 01/14/14   Entered 01/14/14 15:17:58   Page 109 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 109 of 142
471

## II. Exhibit List

The UAW hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Exhibit Numbers | | Exhibit | Objections |
|---|---|---|---|
| **UAW** | **Common** | | |
| 600 | 418. | Orr deposition Exh. 21 (Jones Day 1/29/13 pitchbook) | |
| 601 | 400 | Orr deposition Ex. 1, JD-RD-0000113 (email chain) | |
| 602 | 401. | Orr deposition Ex. 2, JD-RD-000303 (email chain) | |
| 603 | 402 | Orr deposition Ex. 3, JD-RD-0000300-302 (email chain) | |
| 604 | 405. | Orr deposition Ex. 6, JD-RD-0000216-218 (email chain) | |
| 605 | 407 | Orr deposition Ex. 8, (no Bates stamp) (5/12/13 EM Financial and Operating Plan) | |
| 606 | 408. | Orr deposition Ex. 9 (6/14/13 Proposal for Creditors) | |
| 607 | 409. | Orr deposition Ex. 10 (no Bates stamp) (7/16/13 EM letter to Governor) | |
| 608 | 410. | Orr deposition Ex. 11 (no Bates stamp) (7/18/13 Governor letter to EM) | |
| 609 | 414. | Orr's 7/18/13 declaration [Docket No. 11] | |
| 610 | None. | Orr deposition Ex. 17, City's responses to Retirement System's Admissions Requests [Docket No. 15] | |
| 611 | 410. | Orr deposition Ex. 18, DTMI00082699 (6/27/13 Jones Day letter to John Cunningham) | |

74

| | 436. | 7/8/13 email from Treasurer Dillon to Governor Snyder, (SOM20003601) | Hearsay |
|---|---|---|---|
| 612 | None | Buckfire deposition Ex. 13, DTM00103931-932 (Email chain) | Hearsay |
| 613 | 421. | Lamont Satchel deposition Ex. 18 (June 20, 2013 proposal). | Hearsay |
| 614 | None. | Rick Snyder Dep. Ex. 10, City of Detroit Chapter 9 Communications Rollout Plan | Hearsay |
| 615 | 437. | Rick Snyder Dep. Ex. 9, 7/9/13 email from Dillon to Snyder | Hearsay |
| 616 | 436. | Rick Snyder Dep. Ex. 8, 7/8/13 email from Dillon to Snyder | Hearsay |
| 617 | 435. | Rick Snyder Dep. Ex. 7 | Hearsay |
| 618 | 434. | Rick Snyder Dep. Ex. 6 | Hearsay |
| 619 | None | Rich Baird deposition Ex. 5 2/20/13 email from Baird to Orr | Relevance |
| 620 | None | Rich Baird deposition  Ex. 6, 2/22/13 email from Baird to Orr | Relevance |
| 621 | 438 | Andy Dillon deposition Ex. 5, 7/19/email | Hearsay |
| 622 | None | Andy Dillon deposition Ex. 7, 3/2/12 email | Hearsay; Relevance |
| 623 | None | UAW document production bates-stamped 302-303 (Michael Nicholson question cards) | |
| 624 | None | 7/18/13 Michael Nicholson affidavit, with attachments A and B | Hearsay; Relevance |

## III.   RESERVATION OF RIGHTS

UAW and the *Flowers* Plaintiffs anticipate filing motions challenging certain assertions of privilege made by the City and/or by the State.  Should the Court as a result of such motions find that the City and/or State improperly withheld testimony or documents, the UAW and *Flowers* Plaintiffs reserve the

right to supplement or modify their exhibit and witness lists and statement of claim.

# ATTACHMENT F

**THE DETROIT PUBLIC SAFETY UNIONS'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

13-53846-swr Doc 2473-17 Filed 01/14/14 Entered 01/14/14 17:09:32 Page 113 of 142
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 113 of 142
471

# THE DETROIT PUBLIC SAFETY UNIONS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") through their counsel, Erman, Teicher Miller, Zucker & Freedman, P.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

> 1.    Daniel F. McNamara (see Declaration, Dkt. 512-6)
> c/o Erman, Teicher Miller, Zucker & Freedman, P.C
> 400 Galleria Officentre, Suite 444
> Southfield, MI  48034
> Telephone: (248) 827-4100

Mr. McNamara will testify about his duties as president of the DFFA, his responsibilities and the responsibilities of the DFFA on behalf of its members, and his dealings with representatives of the City prior to and after the filing of the chapter 9 petition.  In particular, he will testify about correspondence with Lamont Satchel that addressed the termination of 2009 – 2013 Collective Bargaining Agreement effective 11:59 p.m. June 30, 2013; the City's terms and conditions of employment following the expiration of the CBA; and follow up meetings.  Mr. McNamara will testify about the City's unilateral imposition of wage cuts, cuts to health care benefits and pension restructuring proposals, and that there were no negotiations between the City and the DFFA, despite the DFFA's willingness to participate at meetings.

2.    Mark Diaz  (see Declaration, Dkt. 512-1)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr.  Diaz will testify about his duties as president, his responsibilities and the responsibilities of the DPOA on behalf of its members,   and his efforts to negotiate and arbitrate labor matters with the City.  In particular, Mr. Diaz will testify about  the Act 312 Arbitration and the awards that were issued as a result of same. He will testify that the City's lack of negotiations; the City's announcement of  its intention to impose new health care plans on the DPOA and other Public Safety Unions which significantly increase the members' out of pocket medical costs; and about the  "informational meetings" in June and July 2013, at which representatives from  Jones Day presented very general outlines of the City's restructuring proposal.

3.    Mark Young (see Declaration, Dkt. 512-7)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr. Young will testify about his duties as president, his responsibilities and the responsibilities of the DPLSA on behalf of its members.  Mr. Young will testify about the DPLSA Feb. 4, 2013 Petition for Act 312 arbitration and the subsequent action of the City claiming it was not obligated to engage in bargaining under the Public Employment Relations Act, MCL 423.201 et seq as a result of Section 27(3) of Public Act 436; the decision of the MERC on July 14, 2013 granting the City's motion to dismiss the Act 312 arbitration; and the City's  subsequent statements that it had  no obligation to bargain with the DPLSA.  He will also testify about the City's actions in June and July 2013 relative to the termination of the CBA and the City's intent to impose changes to wages, benefits and working conditions, and correspondence with Lamont Satchel, the City Labor Relations Director.   Mr. Young will testify about presentations made by the City in June and July 2013 relative to pension restructuring and health plan changes for DPLSA members, and other meetings with the City/Emergency Manager to talk about employment issues

for DPLSA members, and the City's statement that the meetings should not be categorized as negotiations.

4.  Mary Ellen Gurwitz  (see Declaration, Dkt. 512-8)
    c/o Erman, Teicher Miller, Zucker & Freedman, P.C
    400 Galleria Officentre, Suite 444
    Southfield, MI  48034
    Telephone: (248) 827-4100

Ms. Gurewitz will testify about the lack of negotiations between the DPCOA and the City and the terms that have been imposed by the City, and, in particular, the lack of negotiations with the City prior to the chapter 9 filing.

B.  The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

1.  Jeffrey M. Pegg, Vice President, DFFA Local 344

2.  Teresa Sanderfer, Secretary, DFFA Local 344 Committee Member

3.  Robert A. Shinske, Treasurer, DFFA Local 344

4.  Linda Broden, Sergeant at Arms, DPOA RDPFFA

5.  Rodney Sizemore, Vice President

6.  Steve Dolunt, President, DPCOA

7.  James Moore, Vice president, DPCOA

Each of the Detroit Public Safety Unions reserves the right to call any witness listed by the City, the State of Michigan or by any objecting party.

C.  Witnesses from Deposition testimony:

Each of the Detroit Public Safety Unions reserves the right to  offer any portion of any deposition designated by any other objecting party.

## II. Exhibit List

The Detroit Public Safety Unions' hereby submit this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Public Safety Unions' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 704 | DFFA letter dated July 12, 2013 | |
| 705 | Jones Day letter of July 17, 2013 | |
| 706 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354 Panel's Findings, Opinion and Orders | Hearsay; Relevance |
| 707 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354, Supplemental Award | Hearsay; Relevance |
| 708 | City of Detroit v. DPOA MERC Case No.D12 D-0354 Chairman's Partial Award on Health Insurance | Hearsay; Relevance |
| 709 | Letter from Jones Day, Brian West Easley, dated June 14, 2013 | |
| 710 | Letter from Jones Day, Brian West Easley, dated June 27, 2013 | |
| 711 | DFFA Master Agreement, 2001-2009 | |
| 712 | DFFA Act 312 Award, dated Oct./Nov. 2011 | Hearsay; Relevance |
| 713 | DFFA Supplemental Act 312 Award | Hearsay; Relevance |
| 714 | DFFA Temporary Agreement | Hearsay; Relevance |
| 715 | DPLSA Master Agreement, 2009 | |
| 716 | DPCOA Master Agreement | |
| 717 | DPCOA Temporary Agreement | Hearsay; Relevance |
| 718. | City of Detroit v. DPOA MERC Case No.D09 F-0703 Decision and Order | Hearsay; Relevance |

81

13-53846-swr Doc 2476-17 Filed 01/14/14 Entered 01/14/14 15:43:58 Page 21 of 142
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 14:35:32 Page 92 of 142
471

| 719 | City of Detroit  v. DPOA, No. C07 E-110 | Hearsay; Relevance |
| --- | --- | --- |

Each of the Detroit Public Safety Unions reserves the right to  rely on  any portion of any Exhibit offered into evidence by the City, the State or any other objecting party.

# ATTACHMENT G

**THE RETIREMENT SYSTEMS' CONSOLIDATED
(1) WITNESS LIST,
<u>(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS</u>**

# THE RETIREMENT SYSTEMS' CONSOLIDATED
## (1) WITNESS LIST,
## (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems"), through their counsel, Clark Hill PLC, hereby submits the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I. *Witness List*

A. The Retirement Systems hereby submit this consolidated witness list of individuals who will be called as witnesses via deposition and/or live testimony in the eligibility trial:

1. Kevyn D. Orr, Emergency Manager for the City of Detroit

2. Andrew Dillon, Michigan Treasurer (via deposition or live)

3. Richard Snyder, Michigan Governor (via deposition or live)

4. Kenneth Buckfire, Miller Buckfire (via deposition or live)

B. The Retirement Systems hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

84

1.      Glenn Bowen, Milliman Principal and Consulting Actuary Glenn Bowen (via deposition)

2.      Lamont Satchel, Michigan Labor Relations Director Lamont Satchel (via deposition)

3.      Charles Moore, Conway Mackenzie Managing Director (via deposition)

4.      Bradley A. Robins, Head of Financing Advisory & Restructuring for North America at Greenhill & Co., LLC

5.      Eric Mendelsohn, Managing Director of Greenhill & Co., LLC

6.      David Bing, Mayor for the City of Detroit (via deposition)

7.      Howard Ryan, State of Michigan 30(b)(6) Witness (via deposition)

C.      The Retirement Systems hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.      The Retirement Systems hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

## II.     *Exhibit List*

The Retirement Systems hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 801 | 404 | OrrDep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 802 | 418 | 01/29/13 – Orr Dep. Ex. 21, DTMI00128731–805 (Jones Day 1/29/13 Pitchbook) | |
| 803 | 400 | 01/30/13 – OrrDep. Ex. 1, JD–RD–0000113 (email chain) | |
| 804 | 403 | 01/31/13 – OrrDep. Ex. 4, JD–RD–0000295–96 (email chain) | |
| 805 | 402 | 01/31/13 – OrrDep. Ex. 3, JD–RD–0000300–02 (email chain) | |
| 806 | 401 | 01/31/13 – OrrDep Ex. 2, JD–RD–0000303 (email chain) | |
| 807 | 417 | 02/13/13 – OrrDep. Ex. 20, JD–RD–0000334–36 (email chain) | |
| 808 | 420 | 02/15/13 – OrrDep. Ex. 25, JD–RD–0000354–55 (email chain) | Authentication ; Hearsay |
| 809 | 405 | 02/20/13 – OrrDep. Ex. 6, JD–RD–0000216–18 (email chain) | |
| 810 | 406 | 02/22/13 – OrrDep. Ex. 7, JD–RD–0000459–64 (email chain) | |
| 811 | 419 | 03/2013 – Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 812 | 407 | 05/12/13 – Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 813 | 408 | 06/14/13 – Orr Dep. Ex. 9, Dkt. 438–16 (City of Detroit Proposal for Creditors) | |
| 814 | 416 | 06/27/13 – Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 815 | 411 | 07/12/13 – Orr Dep. Ex. 12, Dkt. 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| 816 | 412 | 07/17/13 – Orr Dep. Ex. 13, Dkt. | |

13-53846-swr Doc 2470-17 Filed 01/31/14 Entered 01/31/14 15:43:58 Page 122 of 142
13-53846-swr Doc 7606-17 Filed 11/08/16 Entered 11/08/16 15:43:58 Page 122 of 142
471

| | | | |
|---|---|---|---|
| | | 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| 817 | 409 | 07/16/13 – Orr Dep. Ex. 10, Dkt. 11–10 (letter Re: Recommendation Pursuant to Section 18(I) of PA 436) | |
| 818 | 410 | 07/18/13 – Orr Dep. Ex. 11, Dkt. 11–11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 819 | 413 | 09/11/13 – Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 820 | 415 | 09/13/13 – Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' Frist Requests for Admission Directed to the City of Detroit | |
| 821 | 425 | 11/16/12 – Bowen Dep. Ex. 9, DTMI00066269–74 (letter Re: DGRS Simple Projection) | |
| 822 | 426 | 05/20/13 – Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| 823 | 427 | 05/21/13 – Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| 824 | 424 | 09/24/13 – Bowen Dep. Ex. 4, DTMI00066176–90 (letter Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA) | |
| 825 | 428 | 09/24/13 – Bowen Dep. Ex. 14, (letter Re: One–Year Service | |

| | | Cancellation for DRGS and PFRS) | |
|---|---|---|---|
| 826 | 422 | 06/14/13 – Satchel Dep. Ex. 19, Dkt. 438–7(letter Re: Retiree Benefit Restructuring Meeting) | |
| 827 | 423 | 06/17/13 – Satchel Dep. Ex. 20, Dkt. 438–6 (letter Re: Request from EFMfor additional information) | |
| 828 | 421 | 06/21/13 – Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 829 | 430 | 07/02/13 – Dkt. 438–9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 830 | 431 | 07/03/13 – Dkt. 438–10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 831 | | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097–100, plus unnumbered timeline attachment) | Hearsay |
| 832 | 434 | 07/17/2013 – Timeline/City of Detroit Chapter 9 Communications Rollout Plan (Snyder Dep 6, SOM20001331, plus unnumbered attachment) | Hearsay |
| 833 | | 01/29/2013 – Baird Dep. Ex. 1 – Presentation to the City of Detroit, Jones Day (DTMI00128731–805) | |
| 834 | 438 | 07/09/2013 – Dillon Dep. Ex. 5 – Email A. Dillon to R. Snyder, D. Muchmore, R. Baird re: Detroit (SOM20010234) | Hearsay |
| 835 | | 04/15/2013 – Email T. Stanton to B. Stibitz re: crains (SOM20009880) | Hearsay |
| 836 | | 03/13/2013 – Email A. Dillon to | Hearsay |

13-53846-swr Doc 2470-17 Filed 01/11/14 Entered 01/11/14 15:47:58 Page 124 of 142

| | | | |
|---|---|---|---|
| | | T. Saxton, B. Stibitz, F. Headen re: KO (SOM20009255–56) | |
| 837 | | 02/27/2013 – Email J. Martin to C. Ball (cc: A. Dillon, K. Buckfire) re: Solicitation for Restructuring Legal Counsel (DTMI00234545) | |
| 838 | | 05/12/2013 – Vickie Thomas CBS Detroit report re *Detroit EM Releases Financial Plan; City Exceeding Budget By $100M Annually* | Hearsay |
| 839 | | 05/12/2013 – Financial and Operating Plan, City of Detroit, Office of Emergency Manager, Kevyn D. Orr | |
| 840 | | 03/25/2012 – Email L. Marcero to K. Buckfire, etc. re: FW: Comments to draft from the City 3/23 (DTMI00234777–78) | Hearsay |
| 841 | | 03/29/2012 – L. Marcero to K. Buckfire, et al. re: FW: Revised Agreement (DTMI00234774–76) | Hearsay |
| 842 | | 05/20/2012 – H. Sawyer to K. Buckfire, et al. re: Detroit Update (DTMI00234763–64) | Hearsay |
| 843 | | 6/5/2012 K. Herman to K. Buckfire, et al. re: Detroit consent agreement lawsuite to be heard by Ingham County Judge Collette (DTMI00234761–62) | Hearsay |
| 844 | | 6/5/2012 – T. Wilson to H. Lennox re: meeting with Governor and conversation with K. Buckfire and Memos for Andy Dillon (DTMI00233348–49) | |
| 845 | | 3/24/2012 Email to Ken Buckfire from L. Marcero (DTMI00234796—798) | Hearsay |
| 846 | | 3/2/2012 – Email RE: PA 4 and | Hearsay |

| | | | |
|---|---|---|---|
| | | Consent Agreement (Dillon Ex. 6, DTMI0023878–80) | |
| 847 | | 12/5/2012—Email K. Buckfire to C. Ball, et al. (DTMI00234741–48) | |
| 848 | | 6/27/2013 Email from Tom Saxton and Terry Stanton (SOM20002871) | Hearsay |
| 849 | | 3/3/2012 Email to Andy Dillon (Dillon Ex. 7, DTMI00234877) | Hearsay |
| 850 | | 3/7/2012 Email to Ken Buckfire (DTMI00234867–234871) | |
| 851 | | 3/24/2012 Email RE: Andy Dillon and Ch. 9 (DTMI00234799–800) | |
| 852 | | 3/24/2012 Email to Ken Buckfire RE: Meeting w/ Dillon RE: PA, PA 72, Ch. 9 filing (DTMI00234796–234798) | Hearsay |
| 853 | | 1/28/2013 Email to Orr RE: RFP (DTMI00235165–66) | Hearsay |
| 854 | | 11/21/2012 Email to Ken Buckfire (Buckfire Dep. Ex. B13, DTMI00103933–34) | Hearsay |
| 855 | | 1/30/2013 Email to K. Orr RE: RFP by MB (DTMI00234685) | Hearsay |
| 856 | | 3/22/2013 Treasury Email RE: Milliman report (Dillon Exhibit 8, SOM20009920–9921) | Hearsay |
| 857 | | 3/5/2012 Email to Andy Dillon (DMT00231930) | |
| 858 | 436 | 7/8/2013 Email from Dillon to Governor (Baird Dep Ex. 7, SOM20003601) | Hearsay |
| 859 | | 3/10/2012 Email to K. Buckfire (DTMI00234852–863) | |
| 860 | | 1/28/2013 Email to K. Orr RE: Detroit Ch. 9 (DTMI00234687) | |
| 861 | | 1/30/2013 Email to K. Orr RE: RFP Process (DTMI00234684– | Hearsay |

| | | | |
|---|---|---|---|
| | | 86) | |
| 862 | | 3/24/2012 Email to K. Buckfire RE: Update on Meeting with State Today (DTMI00234779–4788) | |
| 863 | | 3/22/3012 Email to Andy Dillon and K. Buckfire (DTMI00234814) | Hearsay |
| 864 | | 3/27/2012 Email to Chuck Moore (DTMI00235061) | Hearsay |
| 865 | | 2/11/2013 Email to K. Orr RE: Ch. 9 filing (DTMI00235163) | |
| 866 | | 1/15/2013 Email to K. Orr (DTM100235218) | |

91

13-53846-swr   Doc 2473-17   Filed 01/13/14   Entered 01/13/14 17:03:32   Page 127 of 242
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 90 of 142
471

# ATTACHMENT H

13-53846-swr    Doc 2473-17  Filed 01/31/14  Entered 01/31/14 17:03:32    Page 128 of 142
13-53846-swr    Doc 1606-1  Filed 11/08/13  Entered 11/08/13 15:48:03    Page 903 of 942
471

## OBJECTORS' OBJECTIONS TO THE CITY OF DETROIT
## DEBTOR'S LIST OF EXHIBITS

Objectors jointly submit the following objections to The City of

Detroit, Michigan (the "City's"), list of exhibits:

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 1. | Charter – City of Detroit [DTMI00230808-0933] | |
| 2. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008 [DTMI00230934-1157] | |
| 3. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009  [DTMI00231158-1378] | |
| 4. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010 [DTMI00230335-0571] | |
| 5. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011  [DTMI00230572-0807] | |
| 6. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012  [DTMI00231379-1623] | |
| 7. | November 13, 2012, Memorandum of Understanding City of Detroit Reform | |

13-53846-swr   Doc 4673-17   Filed 05/12/14   Entered 05/12/14 17:03:32   Page 129 of 242
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 14:48:03   Page 90 of 142
471

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | Program  [DTMI00222996-3010] | |
| 8. | July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration") | Hearsay; Expert opinion |
| 9. | Cash Flow Forecasts [Malhotra Declaration Ex. A] | Hearsay; Expert opinion; Foundation |
| 10. | Ten-Year Projections [Malhotra Declaration Ex. B] | Hearsay; Expert opinion; Foundation |
| 11. | Legacy Expenditures (Assuming No Restructuring) [Malhotra Declaration Ex. C] | Hearsay; Expert opinion; Foundation |
| 12. | Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. D] | |
| 13. | Schedule of water system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. E] | |
| 14. | Annual Debt Service on Revenue Bonds [Malhotra Declaration Ex. F] | |
| 15. | Schedule of COPs and Swap Contracts as of June 30, 2012 [Malhotra Declaration Ex. G] | |
| 16. | Annual Debt Service on COPs and Swap Contracts [Malhotra Declaration Ex. H] | |

94

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 17:03:32   Page 130 of 242
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 18:43:08   Page 95 of 141
471

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 17. | Schedule of UTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. I] | |
| 18. | Schedule of LTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. J] | |
| 19. | Annual Debt Service on General Obligation Debt & Other Liabilities [Malhotra Declaration Ex. K] | |
| 20. | July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration") | Hearsay; Expert opinion; Foundation |
| 21. | January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team [Orr Declaration Ex. C] | |
| 22. | March 26, 2012, Report of the Detroit Financial Review Team [Orr Declaration Ex. D] | |
| 23. | April 9, 2012, Financial Stability Agreement [Orr Declaration Ex. E] | |
| 24. | December 14, 2012, Preliminary Review of the City of Detroit [Orr Declaration Ex. F] | |
| 25. | February 19, 2013, Report of the Detroit Financial Review Team [Orr Declaration Ex. G] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 26. | March 1, 2013, letter from Governor Richard Snyder to the City [Orr Declaration Ex. H] | |
| 27. | July 8, 2013, Ambac Comments on Detroit [Orr Declaration Ex. I] | Hearsay; Foundation; Relevance |
| 28. | July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436 [Orr Declaration Ex. J] | |
| 29. | July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding [Orr Declaration Ex. K] | |
| 30. | July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code [Orr Declaration Ex. L] | |
| 31. | Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration") | Hearsay; Expert opinion; Foundation |
| 32. | Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees [DTMI00084776-4924] | Hearsay; Authentication; Completeness; Foundation |
| 33. | Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo

[DTMI00231920] | Hearsay; Authentication; Foundation; Legibility; Relevance |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 34. | Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013<br><br>[DTMI00231927-DTMI00231929] | Hearsay; Authentication; Foundation; |
| 35. | Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013. [DTMI00231921-1926] | |
| 36. | FRE 1006 chart summarizing efforts to negotiate with union creditors. [DTMI-00235448] | |
| 37. | FRE 1006 chart summarizing efforts to negotiate with other creditors. [DTMI-00235447] | |
| 38. | FRE 1006 chart summarizing the City's projected cash flows. [DTMI00235438] | Hearsay; Foundation; Authentication |
| 39. | February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel [DTMI00125142-5183] | Hearsay; Foundation; Authentication; Relevance |
| 40. | List of Special Conferences for Association held with Members of Police Labor Relations [DTMI00125426] | Hearsay; Foundation; Authentication; Relevance |
| 41. | June 10, 2013, City of Detroit Financial and Operating Plan Slides [DTMI00224211-4231] | Hearsay; Authentication; Foundation; Expert opinion |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 42. | RSVP List for June 14, 2013 Proposal for Creditors Meeting [DTMI00125427] | |
| 43. | June 14, 2013, City of Detroit Proposal for Creditors  [DTMI00227144-7277] | |
| 44. | June 14, 2013 Proposal for Creditors – Executive Summary [DTMI00227278-7342] | |
| 45. | List of Invitees to the June 20, 2013 Meetings  [DTMI00128659-8661] | |
| 46. | Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring) [DTMI00235427-5434] | |
| 47. | Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring) [DTMI00235435-5437] | |
| 48. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees [DTMI00067906-7928] | |
| 49. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees  [DTMI00067930-7953] | |
| 50. | Invitee List and Sign-in Sheet for the June 25, 2013 Meeting [DTMI00125428-5431] | |
| 51. | Cash Flow Forecasts provided at June 25, 2013 Meeting [DTMI00231905-1919] | Hearsay: Expert opinion; Authentication; Foundation |
| 52. | Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | meetings [DTMI00128274-DTMI0012835; DTMI00239435-DTMI0023446] | |
| 53. | List of Attendees at July 9 and 10, 2013 Creditor Meetings [DTMI00231791] | |
| 54. | Detroit Future City Plan 2012 [DTMI00070031-0213] | |
| 55. | Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings [DTMI00235408-5426] | |
| 56. | July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting   [DTMI00229088-9090] | |
| 57. | July 10, 2012 City of Detroit Sign In Sheet for 3:30 PM Police and Fire Meeting [DTMI00229091-9094] | |
| 58. | July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting. [DTMI00229095-9096] | |
| 59. | July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting. [DTMI229102-9103] | |
| 60. | July 11, 2013 City of Detroit Union-Retiree Meeting Draft Medicare Advantage Plan Design Options [DTMI00135663] | |
| 61. | Correspondence between representatives of AFSCME and representatives of the City [Ex. F to the City of Detroit's Consolidated Reply to Objections to the Entry of an Order for Relief, Docket No. 765] | |
| 62. | Michigan Attorney General Opinion No. 7272 | Relevance; Foundation; Hearsay; Legal opinion |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 63. | July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims | |
| 64. | September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of The Bankruptcy Code | |
| 65. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066292-6307] | Hearsay; Expert opinion; Foundation |
| 66. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066176-6190] | Hearsay; Expert opinion; Foundation |
| 67. | June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066206-6210] | Hearsay; Expert opinion; Foundation |
| 68. | June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit [DTMI00225546-5596] | Hearsay; Expert opinion; Foundation |
| 69. | April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012 [DTMI00225597-5645] | Hearsay; Expert opinion; Foundation |
| 70. | June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit [DTMI | Hearsay; Expert opinion; Foundation |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | 00202414-2461] | |
| 71. | November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit [DTMI00202462-2491] | Hearsay; Expert opinion; Foundation |
| 72. | November 21, 2011 Memorandum from Irvin Corley Jr., to Council Members of the City of Detroit City Council [DTMI00202511-2523] | Hearsay; Expert opinion; Foundation |
| 73. | July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions | |
| 74. | July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st - June 30th) | |
| 75. | May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan | |
| 76. | Responses of International Union, UAW to Debtor's First Set of Interrogatories | |
| 77. | UAW Privilege Log | Relevance |
| 78. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories | |

13-53846-swr    Doc 2673-17   Filed 02/14/14   Entered 02/14/14 17:03:32   Page 137 of 142
13-53846-swr    Doc 1608   Filed 11/08/13   Entered 11/08/13 16:48:03   Page 92 of 94
471

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 79. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories | |
| 80. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 81. | Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 82. | Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 83. | Answers to Debtor's First Interrogatories to Retiree Association Parties | |
| 84. | Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories | |
| 85. | Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories | |
| 86. | Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents | |
| 87. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 88. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents | |
| 89. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions | |
| 90. | The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents | |
| 91. | Response of Retiree Association Parties to Debtor's First Requests for Production of Documents | |
| 92. | Retired Detroit Police Members Association Response to Debtor's First Requests for Production | |
| 93. | June 14, 2013 Index Card #1 from Nicholson | |
| 94. | June 14, 2013 Index Card #2 from Nicholson | |
| 95. | June 20, 2013 Typewritten Notes from June 20, 2013 Presentation | Foundation; Hearsay |
| 96. | July 16, 2013 Nicholson Affidavit in Flowers | |
| 97. | August 19, 2013 UAW Eligibility Objection | |
| 98. | Nicholson Letter To Irwin re UAW Discovery Responses | |
| 99. | FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013 | |
| 100. | FRE 1006 Chart summarizing the approximate number of pages in | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | documents uploaded to the data room before July 18, 2013 | |
| 101. | Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room | |
| 102. | July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted] | |
| 103. | Any exhibit identified by any Objector. | |

13-53846-swr    Doc 2473-17    Filed 01/31/14    Entered 01/31/14 17:03:32    Page 140 of 142
13-53846-swr    Doc 1608-17    Filed 11/08/13    Entered 11/08/13 14:49:03    Page 915 of
471

# ATTACHMENT I

13-53846-swr   Doc 2673-17   Filed 03/19/14   Entered 03/19/14 15:17:03   Page 61 of 142
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 63 of 142
471

## IX. Objectors' Transcripts

**A.** The City and Objectors submit the following Objectors' consolidated

deposition designations and the City's counter-designations.

    1. Kevyn Orr, September 16, 2013 & October 4, 2013

### Objectors' Consolidated Designations

10:23 – 11:14
12:1 – 13:25
15:1 - 17
17:7 – 21:24
23:13 – 19
23:24 – 25
24: 4 – 25:22
26:20 – 25
29:6 –32:4
32:14 - 23
33:5 - 13
38:11 – 41:17
43:15 – 46:6
46:7 – 47:18
48:1 –49:8
50:23 – 52:9
53:20 - 56:21
57:11 –60:13
61:17 –62:24
63:25 – 64:11
65:15 – 66:1
69: 3 - 71:2
71:17 – 78:5
71:6 – 8

13-53846-swr   Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 142 of 242
13-53846-swr   Doc 1608   Filed 11/08/13   Entered 11/08/13 15:48:03   Page 142 of 242
471

78:17 – 79:6

79:16 – 80:8

80:25 – 82:23

82: 25 - p. 83:3

83:16 –84:2

84:13 –86, L. 1

85:19 – 86:1

86:16 – 95:1

95:6 –96:6

96:25 –108:7

102:6 - 104:7

104:14 – 108:7

110:12 - 121:12

122:7 – 123:14

123:17 – 125:10

127:24 – 130:23

132:12 – 135:4

136, L. 18 – 137:1

137:12 – 144:23

145:25 – 146:10

147: 19 - 25

148:16 – 153: 8

155:1 – 156:22

163:8-17

164:16-25

166: 12 - 24

168: 5 – 172:4

172:19 - 178:1

179: 2 - 185:23

187: 3 – 190:12

192:2 – 8

215:13 – 24

220: 19 – 221:10

222:13 – 223:21

107

13-53846-swr    Doc 2470-17    Filed 01/09/14    Entered 01/14/14 17:03:32    Page 143 of 142
13-53846-swr    Doc 1608-17    Filed 11/08/13    Entered 11/08/13 15:43:03    Page 143 of 142
471

225:16 –226:5
237:15 –238:5
239:7 – 15
246:12 –247:7
248:15 –249:5
251:16 – 18
252:4 – 5
252:12 – 253:16
257:17 – 20
260:8 - 21
261:21 – 262:4
262:13 - 23
263:22 – 264:19
266:18 – 25
267:11 – 268:1
270:25 – 272:6
272:20 – 273:13
273: 6 – 276:8
277:19 – 279:6
279:23 – 280:4
280:17 – 19
280:23 – 25
288:2 – 292:11
293:12 – 297:19
299:22 – 303:7
323:22 – 324:14
328:4 – 329:3
330:13 – 17
331:18 – 332:2
333:11 – 335:9
361:7 – 362:22
364:5 – 365:7
368:10-15
369:12 – 381:2
383:3 – 6
385:1-7

108

13-53846-tyj   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 17:03:32   Page 144 of 142
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 9 of 12
471

408:6 – 419:7
422:17 – 423:7
427:11 – 428:11
429:16 – 21
446:1 – 447:10
455:3 – 457:1
477: 8 - 481:22
489: 8 – 22

## City's Counter-Designations

10:17 - 22
11:15 - 25
14:1 - 25
15:18 - 25
21:25-22:1
22:14 - 23:12
25:23 - 26:19
41:18;
 42:13 - 43:15
47:19 - 47:25
49:9 - 49:23;
50:8- 50:22
56:22 - 57:9
64:17 - 65:14
52:5 - 57:10;
68:7 - 69:2 ;
71:3 - 71:8
78:6 - 79:6
79:7 - 15
80:9 - 80:24
83:4 - 83:15
112:3 - 112:20
96:7 - 96:24;
108:18 - 109:17
104:8 - 104:13
108:18 - 109:17
123:15 - 123:18
125:11 - 125:16
130:24 - 131:17

148:1 - 15
162:1 -163:7
166:25 - 168:4
172:5 - 18
178:2 - 179:1
185:24 - 187:2
223:22 - 224:2
249:9 - 250:15
251:16 - 252:11;
255:23 - 256:24
257:24 - 258:13
262:5 - 262:12
263:19 - 263:21;
264:20 - 265:17
267:1 - 267:10
268:2 - 270:24;
272:7 - 272:19
273:14 - 276:8
280:5 - 280:16
280:20 - 280:23
281:1 - 281:9
285:6 - 285:11
220:19 - 221:10,
222:13 - 224:2
299:8 - 299:21
330:18 - 331:17
365:9 - 366:11;
367:19 - 368:7
428:12 - 429:15
447:11 - 448:21
369:12 - 369:19

2.    Dave Bing, October 14, 2013

**Objectors' Consolidated Designations**

9:17 – 19
14:9 - 21
20:19 – 24
45:24 – 46:10

13-53846-swr    Doc 2473-17    Filed 01/14/14    Entered 01/14/14 17:03:32    Page 146 of 242
13-53846-swr    Doc 1608-17    Filed 11/08/13    Entered 11/08/13 15:48:03    Page 146 of 242
471

59:25 - 64:23

53:15 - 58:11

66:21 - 68:9

69:14 – 70:4

72:13 - 75:11

75:22 - 90:3

91:4 - 24

100:15 – 101:13

103:15 – 106:6

106:11 – 108:9

112: 13–21

116:17 – 117:11

## City's Counter-Designations

10:3 – 10:21
14:22 – 16:16
18:8 – 19:4
20:25 – 21:4
36:10 – 37:12
43:5 – 45:18
58:12 – 58:16
66:13 – 66:20
75:12 – 75:21
101:14 – 103:11
108:10 – 108:25
109:6 – 109:8

111

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 17:03:32   Page 147 of 242
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 92 of 194
471

3. Charles Moore, September 18, 2013

### Objectors' Consolidated Designations

8:4 - 8
12:3 - 6
36:9 - 12
50:2 - 51:1
51:9 - 17
52:5 - 20
53:25 - 54:11
61:18 - 62:7
62:25 - 63:12
64:6 - 7
64:9 - 14
64:16 - 20
65:4 – 13
70:16 - 18
91:20 - 23
110:12 - 22
126:22 - 127:14
130:25 - 131:14
134:23 – 135:16
138:7 - 139:9
140:16 - 141:22
150:16 - 151:5
151:7 - 18
151:20 - 152:1
152:2 - 7
152:8 - 21
156:18 - 25

### City's Counter-Designations

15:9 - 16:13
20:14 - 24

112

13-53846-swr   Doc 2673-17   Filed 03/14/14   Entered 03/14/14 17:03:32   Page 148 of 242
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:48:03   Page 123 of 142
471

22:2 - 12
34:16 - 36:8
49:8 - 25
59:7 - 61:17
92:1 - 11
123:22 - 124:25
131:15 - 22
132:18 - 133:15
137:14 - 138:6
166:1 - 21
168:5 - 8
168:16 - 20

4.      Glen Bowen, September 24, 2013

### Objectors' Consolidated Designations

12:7 - 9
19:12 - 20
34:8 - 21
35:12 - 36:4
43:15 - 44:8
63:21 - 64:5
73:7 - 21
91:18 - 92:13
93:4 - 14
98:13 - 99:3
99:9 - 17
100:18 - 22
129:14 - 22
130:8 - 132:11
133:10 - 134:18
141:9 - 17
142:1 - 6
142:8 - 19

113

13-53846-swr   Doc 2673-17   Filed 03/19/14   Entered 03/19/14 17:03:32   Page 149 of 242
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 24 of 142
471

143:1 - 6
143:8 - 19
146:8 - 19
147:2 - 148:15
148:19 - 149:3
149:6 - 8
150:5 - 15
177:18 - 178:3
192:8 - 193:11
194:4 - 12
198:5 - 7
198:17 - 19
203:20 - 204:9
204:11 - 14
204:16 - 19
205:7 - 206:11

**City's Counter-Designations**

18:9 - 20
19:12 - 21:15
22:14 - 23:5
23:12 - 21
24:17 - 22
28:10 - 30:14
33:15 - 34:21
35:12 - 36:4
36:10 - 12
40:3 - 41:12
43:15 - 44:8
44:11 - 13
60:13 - 10
63:21 - 64:5
66:15 - 67:22
68:17 - 71:3

114

13-53846-swr    Doc 2473-17  Filed 01/31/14  Entered 01/31/14 17:03:32    Page 150 of 242
13-53846-tjt    Doc 1606-8  Filed 11/08/13  Entered 11/08/13 14:03:03    Page 150 of 242
471

81:20 - 83:10

91:18 - 92:13

93:4 - 94:2

98:13 - 99:3

99:9 - 17

100:18 - 22

111:20 - 112:22

129:14 - 22

130:8 - 132:11

133:10 - 134:18

141:9 - 17

142:8 - 10

142:13 - 19

143:1 - 6

143:8 - 19

146:8 - 19

147:2 - 148:15

148:19 - 22

149:2 - 3

149:6 - 8

150:5 - 15

174:11 - 176:21

177:3 - 16

177:18 - 178:3

183:17 - 185:11

192:8 - 193:11

194:4 - 195:101

198:5 - 7

198:17 - 19

203:20 - 204:9

204:11 - 14

204:16 - 19

205:7 - 206:11

5.    Howard Ryan, October 14, 2013

115

13-53846-swr   Doc 2673-17   Filed 03/14/14   Entered 03/14/14 17:03:32   Page 151 of 242
13-53846-swr   Doc 2408-3   Filed 01/06/14   Entered 01/06/14 15:48:03   Page 925 of 942
471

Objectors designate the deposition transcript of Howard Ryan in its entirety.

The City objects to the following deposition testimony offered by Objectors.

| Designation | Objection |
| --- | --- |
| 43:14-46 :23 | Speculation; Hearsay; Form; Foundation |

## X. City's Transcripts

A. The City and Objectors submit the following City's deposition designations and the consolidated Objectors' counterdesignations.

1. Mark Diaz, October 20, 2013

**City's Designations**

10:6-13
14:23-15:12
16:1-25
17:17-18:7
19:17-20:5
20:8-17
21:6-14
22:6-23:24
24:15-20
26:5-9
26:12-27:14
28:3-29:1
29:11-31:16
32:19-21
33:22-35:5
35:9-36:10
38:8-20
38:24-40:21
41:1-21
44:1-15
46:15-20
47:7-48:5

116

48:18-21
49:4-7
49:18-23
51:25-52:19
53:9-10
53:18-55:14
59:13-20
61:20-62:1
62:21-64:1
64:25-65:17
65:22-66:4
66:20-67:6
67:16-68:6
69:19-24
75:22-76:1
76:8-77:8
78:4-79:20
80:6-20


2.  Mary Ellen Gurewitz, October 17, 2013

      **City's Designations**
      9:11-15
      9:21-10:22
      11:21-12:18
      13:3-19
      14:7-15:6
      15:15-16:9


3.  Steven Kreisberg, October 18, 2013

      **City's Designations**

      6:4-6
      7:21-9:2
      9:14-11:9
      11:13 - 19
      12:10-13:9
      13:20-14:15
      14:16 - 20

13-53846-swr   Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 153 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:48:08   Page 153 of 242
471

17:8-12
18:16-21:18
22:2-20
23:7-25:18
26:4-29:6
29:17-21
30:15-31:13
31:14
32:3-7
32:21-33:13
33:14-34:2
34:3-35:1
35:2-14
36:21-37:19
38:18-39:5
39:9-17
43:13-17
44:11-22
46:19-47:7
48:12-50:1
50:3-51:19
51:20-53:1
53:9-54:4
54:5-16
55:6-11
58:8-21
60:1-61:20
62:19-63:17
64:19-65:10
72:3-73:2
73:3-16
75:10-76:18
79:15-80:1
80:2-7
81:1-14
82:16-85:2
87:15-21
90:13-19
90:20-91:2
96:18-97:19
98:20-100:5
100:6-101:3
101:4-15
102:15-103:20

118

13-53846-swr    Doc 2673-17  Filed 03/19/14  Entered 03/19/14 17:03:32   Page 154 of
13-53846-swr    Doc 1608-17  Filed 11/08/13  Entered 11/08/13 15:48:03   Page 25 of 142
471

105:17-21
105:22-106:4
106:16-107:3
107:3-18
116:19-117:16
118:5-20
118:22-119:7
120:10-121:19
132:17-133:4
133:12-135:9
137:18-139:16
141:22-142:20
146:11-147:7

### Objectors' Consolidated Counter-Designations

11: 13 – 19
14: 16 – 20
31: 14
33: 14 – 34: 2
35: 2 – 14
36: 21 – 37: 19
38: 18 – 39: 5
44: 11 – 22
50: 3 – 51: 19
55: 6 – 11
62: 19 – 63: 17
64: 19 – 65: 10
73: 3 – 16
75: 10 – 76: 18
80: 2 – 7
81: 1 – 14
87: 15 – 21
90: 20 – 91: 2
100: 6 – 101: 3
105: 22 – 106: 4
118: 22 – 119: 7
132: 17 – 133: 4

4.    Shirley V. Lightsey, October 18, 2013

119

## City's Designations

7:21-23
9:18-24
11:17-20
13:17-21
14:4-11
20:1-21:2
21:11-15
23:25-28:10
31:2-6
31:23-32:3
32:8-34:12
34:20-25
35:17-36:4
36:14-37:3
38:24-39:3
40:17-24
41:16-42:9
42:15-18
43:6-11
43:14-44:2
44:22-45:10
45:14-46:7
49:2-5
50:20-24
52:2-5
52:14-53:23
57:10-16
59:7-10
67:14-68:22
68:25-69:6
69:11-17

## Objectors' Consolidated Counter-Designations

8:4-12
8:17-21
21:3-10
21:16-23:4
30:1-13
30:25-31:1

120

31:13-22
32:4-7
42:19-43:5
44:3-21
46:15-47:16
47:22-48:1
48:9-21
49:6-14
51:1-14
58:14-59:6
59:20-60:17

5.    Michael Brendan Liam Nicholson, October 16, 2013

**City's Designations**

6:16-12:11
12:12-15:20
20:6-25:3
31:7-32:10
32:23-34:5
37:3-12
38:13-40:20
41:5-44:5
45:24-51:6
54:13-56:7
59:7-64:16
65:4-66:5
84:8-92:4
96:11-97:17
98:21-100:8
104:17-105:17
122:4-20
161:11-163:7
178:23-179:24
182:7-183:21
186:1-187:14
188:1-7
190:1-191:2
191:20-194:24
197:23-201:14

121

13-53846-swr Doc 2478-17 Filed 01/13/14 Entered 01/13/14 17:03:32 Page 157 of 242
13-53846-swr Doc 1608-17 Filed 11/08/13 Entered 11/08/13 15:48:03 Page 93 of 142
471

202:7-16
203:8-205:2

6.    Bradley Robins, October 22, 2013

**City's Designations**

13:8-19
14:8-15:12
15:16-17:4
17:13-15
25:3-20
26:8-16
27:2-10
30:10-15
30:23-31:3
32:20-33:18
34:2-11
36:7-25
37:18-21
38:10-25
39:7-17
40:17-21
41:22-25
42:1-43:25
44:16-20
45:12-14
45:18-23
46:2-20
50:15-51:7
53:3-54:14
54:25-55:2
55:9-23
56:2-20
58:2-7
64:21-65:8
65:21-25
67:22-68:11
69:20-70:2
70:10-71:14
72:7-20

122

13-53846-swr    Doc 2673-17  Filed 03/14/14  Entered 03/14/14 17:03:32   Page 158 of 242
13-53846-swr    Doc 1608-17  Filed 11/08/13  Entered 11/08/13 14:08:03   Page 93 of 142
471

76:2-5
76:14-17
76:23-77:1

7.    Donald Taylor, October 18, 2013

### City's Designations

6:15-18
6:22-8:2
9:15-23
13:9-14:5
16:9-17:20
18:14-24
19:8-21:7
21:12-22:11
22:14-17
23:11-14
23:19-24:2
24:9-25:12
25:17-26:6
26:13-21
26:25-27:6
27:11-17
27:24-28:16
29:4-16
29:24-30:12
30:19-22
31:16-22
31:25-32:2
32:7-17
33:6-7
34:17-24
35:6-9
35:15-36:6
37:11-38:3
38:14-39:21

### Objectors' Consolidated Counter-Designations

9:5-14

10:25-11:12
17:21-18:13
21:8-11
22:12-13
22:18-23:10
27:17-23
32:18-24
33:3-5
37:7-10
40:4-21

13-53846-swr    Doc 2673-17    Filed 03/19/14    Entered 03/19/14 17:03:32    Page 160 of 242
13-53846-swr    Doc 1508-17    Filed 11/08/13    Entered 11/08/13 15:48:03    Page 93 of 142
471

# **EXHIBIT 2**

## *Notice of Motion and Opportunity to Object*

13-53846-swr    Doc 2473-17  Filed 01/13/14   Entered 01/13/14 17:03:32   Page 161 of 242
13-53846-swr    Doc 1608-17  Filed 11/08/13   Entered 11/08/13 15:43:03   Page 163 of 242
471

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------x
                             :

In re                           : Chapter 9
                             :

CITY OF DETROIT, MICHIGAN,    : Case No. 13-53846
                             :

                Debtor.    : Hon. Steven W. Rhodes
                             :
                             : **Expedited Consideration**
-------------------------------------------------------x **Requested**

## <u>NOTICE OF MOTION OF DEBTOR FOR MODIFIED</u>
## <u>FINAL PRE-TRIAL ORDER</u>

13-53846-swr    Doc 1603-17  Filed 11/08/13   Entered 11/08/13 14:08:32   Page 16 of 14
13-53846-swr    Doc 2470-17  Filed 01/14/14   Entered 01/14/14 17:03:32   Page 162 of
471

**PLEASE TAKE NOTICE** that on November 8, 2013, the Debtor, City of Detroit, filed its Motion of Debtor for Second Amended Final Pre-Trial Order (the "**Motion**") in the United States Bankruptcy Court for the Eastern District of Michigan (the "**Bankruptcy Court**") seeking entry of the Modified Final Pre-Trial Order, attached hereto as Exhibit 1, which reflects objector's exhibit renumbering received by the City by the time of filing and other stipulated changed.,

**PLEASE TAKE FURTHER NOTICE** that <u>**your rights may be affected**</u> **by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Bankruptcy Court to grant the Debtor's Motion, or you want the Bankruptcy Court to consider your views on the Motion, the Court has scheduled a hearing on the Motion on October 23, 2013 at 9:00 AM and you or your attorney must attend.

**PLEASE TAKE FURTHER NOTICE that if you or your attorney do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.**

2

471

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 17:03:32   Page 163 of 242
13-53846-swr   Doc 1608   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 3 of 14

Dated: November 8, 2013                    Respectfully submitted,


                                           /s/ Bruce Bennett
                                           Bruce Bennett (CA 105430)
                                           JONES DAY
                                           555 South Flower Street
                                           Fiftieth Floor
                                           Los Angeles, California 90071
                                           Telephone:  (213) 243-2382
                                           Facsimile:  (213) 243-2539
                                           bbennett@jonesday.com



                                           David G. Heiman (OH 0038271)
                                           Heather Lennox (OH 0059649)
                                           JONES DAY
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, Ohio  44114
                                           Telephone:  (216) 586-3939
                                           Facsimile:  (216) 579-0212
                                           dgheiman@jonesday.com
                                           hlennox@jonesday.com

                                           Thomas F. Cullen, Jr. (DC 224733)
                                           Gregory M. Shumaker (DC 416537)
                                           Geoffrey S. Stewart (DC 287979)
                                           JONES DAY
                                           51 Louisiana Ave., N.W.
                                           Washington, D.C. 20001
                                           Telephone: (202) 879-3939
                                           Facsimile: (202) 626-1700
                                           tfcullen@jonesday.com
                                           gshumaker@jonesday.com
                                           gstewart@jonesday.com

3
471
13-53846-swr    Doc 2478-17    Filed 01/14/14    Entered 01/14/14 17:03:32    Page 164 of 242
13-53846-swr    Doc 1608    Filed 11/08/13    Entered 11/08/13 13:48:03    Page 163 of 242

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# EXHIBIT 3

*None [Brief Not Required]*

# EXHIBIT 4

*Certificate of Service [To Be Separately Filed]*

13-53846-swr   Doc 2473-17   Filed 01/08/14   Entered 01/08/14 15:48:03   Page 167 of 242
471
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:13:32   Page 94 of 142

# ITEM NO. 38

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

-----------------------------------------------------x

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

-----------------------------------------------------x

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## STIPULATION FOR ENTRY OF SECOND AMENDED FINAL PRE-TRIAL ORDER

Pursuant to Local Rule 7016-1, (a) movant City of Detroit ("City") and (b) objectors (i) Shirley V. Lightsey, President of the Detroit Retired City Employees Association (the "DRCEA"), (ii) Don Taylor, President of the Retired Detroit Police and Firefighters Association (the "RDPFFA"), (iii) the DRCEA, (iv) the RDPFFA, (v) the Official Committee of Retirees (the "Committee"), (vi) the UAW, (vii) the General Retirement System of the City of Detroit, (viii) the Police and Fire Retirement System of the City of Detroit, (ix) the Detroit Public Safety Unions; and (x) the Retired Detroit Police Members Association (collectively, "Objectors" to the City's July 18, 2013 Eligibility Motion), have conferred and

1353846131108000000000032

hereby stipulate to entry of the Joint Final Pre-Trial Order attached hereto as

Exhibit 1.

      AFSCME does not join in this stipulation.

Dated: November 8, 2013                    Respectfully submitted,


                                           /s/ Bruce Bennett
                                           Bruce Bennett (CA 105430)
                                           JONES DAY
                                           555 South Flower Street
                                           Fiftieth Floor
                                           Los Angeles, California 90071
                                           Telephone:   (213) 243-2382
                                           Facsimile:    (213) 243-2539
                                           bbennett@jonesday.com

                                           David G. Heiman (OH 0038271)
                                           Heather Lennox (OH 0059649)
                                           JONES DAY
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, Ohio 44114
                                           Telephone:   (216) 586-3939
                                           Facsimile:    (216) 579-0212
                                           dgheiman@jonesday.com
                                           hlennox@jonesday.com

                                           Jonathan S. Green (MI P33140)
                                           Stephen S. LaPlante (MI P48063)
                                           MILLER, CANFIELD, PADDOCK
                                              AND STONE, P.L.C.
                                           150 West Jefferson
                                           Suite 2500
                                           Detroit, Michigan 48226
                                           Telephone:   (313) 963-6420
                                           Facsimile:    (313) 496-7500
                                           green@millercanfield.com
                                           laplante@millercanfield.com

                                           *Counsel for the City of Detroit, Michigan*

3

13-53846-tjw   Doc 2470-7   Filed 11/03/14   Entered 11/03/14 17:03:32   Page 171 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:38   Page 67 of
471

Respectfully submitted,


/s/ Claude D. Montgomery
Claude D. Montgomery, Esq.
Carole Neville, Esq.
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 768-6700
Facsimile:    (212) 768-6800
claude.montgomery@dentons.com

Sam J. Alberts, Esq.
Dentons US LLP
1301 K Street, NW
Washington, DC 20005-3364
Telephone:   (202) 408-7004
Facsimile:    (202) 408-6339
sam.alberts@dentons.com

Matthew E. Wilkins, Esq. (P56697)
Paula A. Hall, Esq. (P61101)
BROOKS WILKINS SHARKEY
  & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Direct:        (248) 971-1711
Cell:          (248) 882-8496
Facsimile:    (248) 971-1801
wilkins@bwst-law.com
hal@bwst-law.com

*Counsel for the Official Committee of
Retirees*

4

13-53846-tjt   Doc 2473-7   Filed 09/4/14   Entered 09/4/14 17:03:32   Page 172 of
471
13-53846-swr   Doc 1006   Filed 11/08/13   Entered 11/08/13 15:19:38   Page 4 of 4

Respectfully submitted,


<u>/s/ D. O'Keefe, Esq.</u>
Brian D. O'Keefe, Esq.
Ryan Plecha, Esq.
Lippitt O'Keefe, PLLC
370 E. Maple Road
Third Floor
Birmingham, Michigan 48009
Telephone:  (248) 646-8292
Facsimile:  (248) 646-8375
bokeefe@lippittokeefe.com

Thomas R. Morris, Esq.
Silverman & Morris, P.L.L.C.
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone:  (248) 539-1330
Facsimile:  (248) 539-1355
morris@silvermanmorris.com

*Counsel for Shirley v. Lightsey, as an
individual and as President of the Detroit
Retired City Employee Association and for
the Detroit Retired City Employee
Association and Counsel for Don Taylor, as
an individual and as President of the Retired
Detroit Police and Firefighters Association
and for the Retired Detroit Police and
Firefighters Association*

5

13-53846-tjr   Doc 2473   Filed 01/14/14   Entered 01/14/14 14:23:32   Page 173 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:38   Page 6 of 7
471

Respectfully submitted,


/s/ Babette Ceccotti
Babette Ceccotti, Esq.
Bruce Levine, Esq.
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, New York 10036-6979
Telephone:   (212) 356-0229
Facsimile:    (646) 473-8229
bceccotti@cwsny.com

*Counsel for the UAW*

/s/ William A. Wertheimer
Law Office of William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
Telephone:  (248) 644-9200
billwertheimer@gmail.com

*Counsel for the Flowers Plaintiffs*

6

13-53846-tjt   Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:09:32   Page 6 of 7
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 174 of 471

Respectfully submitted,


/s/ Barbara A. Patek
Barbara A. Patek
Erman, Teicher, Miller, Zucker
  & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, Michigan 48034
Telephone:  (248) 827-4100
Facsimile:   (248) 827-4106
bpatek@ermanteicher.com

*Consel for The Detroit Public Safety Unions*

7

13-53846-tjr Doc 2473-7 Filed 01/14/14 Entered 01/14/14 17:03:32 Page 175 of
13-53846-swr Doc 1666 Filed 11/08/13 Entered 11/08/13 15:43:88 Page 7 of 14
471

Respectfully submitted,


/s/ Lynn Brimer
Lynn Brimer, Esq.
300 East Long Lake Road
Suite 200
Bloomfield Hills, Michigan 48304
Telephone: (248) 540-2300
Facsimile: (248) 645-2690
lbrimer@stroblpc.com

*Counsel for Retired Detroit Police Members Association*

8

13-53846-tjt  Doc 2473-7  Filed 01/31/14  Entered 01/31/14 17:03:32  Page 176 of
13-53846-swr  Doc 1606  Filed 11/08/13  Entered 11/08/13 15:43:33  Page 8 of 142
471

Respectfully submitted,


/s/ Robert D. Gordon
Robert D. Gordon, Esq.
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
Telephone:   (248) 642-9692
Facsimile:   (248) 642-2174
email@clarkhill.com

*Counsel for Police and Fire Retirement*
*System of the City of Detroit and The*
*General Retirement System of the City of*
*Detroit*

9

13-53846-tjt   Doc 2473-7   Filed 01/14/14   Entered 01/14/14 17:08:32   Page 177 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:13:33   Page 9 of 12
471

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with
Local Rule 9014-1(b).

| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service [To Be Separately Filed] |

13-53846-swr   Doc 2473-17   Filed 01/14/14   Entered 01/14/14 15:43:58   Page 10 of 12
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:17:08   Page 178 of
471

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---------------------------------------------------x
                           :

In re:                     :        Chapter 9

CITY OF DETROIT, MICHIGAN,  :        Case No. 13-53846

          Debtor.     :

                           :        Hon. Steven W. Rhodes

                           :
---------------------------------------------------x

## SECOND AMENDED FINAL PRE-TRIAL ORDER

Having been advised in the premises and having considered the City's

Motion for Entry of Second Amended Final Pre-Trial Order ("Motion"), the Court

hereby GRANTS the Motion and enters the following Pre-Trial Order:

I.     **JURISDICTION**

    A.    **City of Detroit**

        1.     The City asserts that this Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

**B.     Objectors**

2.      The Objectors assert that this Court lacks the authority and jurisdiction to decide whether chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") violates the Constitution or to determine the constitutionality of PA 436, the Local Financial Stability and Choice Act, M.C.L. § 141.1541, *et seq.* ("PA 436").  Accordingly, and with respect, this Court should immediately refer this constitutional challenge to chapter 9 and PA 436 to the District Court for the Eastern District of Michigan.

## II.     STATEMENT OF CITY'S CLAIMS

3.      The City of Detroit asserts that it qualifies to be a debtor under Section 109(c) of Title 11 of the Bankruptcy Code and meets all of the eligibility requirements to seek debt relief under Chapter 9.

4.      The City is a municipality as such term is defined in Section 101(40) of the Bankruptcy Code.  11 U.S.C. § 101(40).  The City is a "political subdivision" of the State of Michigan and thus a "municipality" within the meaning of Section 101(40), and the eligibility requirement of section 109(c)(1) of the Bankruptcy Code is satisfied.

5.      The City is specifically authorized in its capacity as a municipality to be a debtor under Chapter 9 under the laws of the State of Michigan and by the appropriate state officers empowered thereby, as

2

contemplated by Section 109(c)(2) of the Bankruptcy Code.  On July 16, 2013

Kevyn D. Orr, the duly appointed Emergency Manager for the City (the

"Emergency Manager"), based on his assessment of the City's financial condition

recommended to Richard Snyder, Governor of the State of Michigan, and Andrew

Dillon, Treasurer of the State of Michigan, that the City be authorized to proceed

under Chapter 9.  On July 18, 2013, the Governor issued his written decision

approving the Emergency Manager's recommendation to seek protection under the

bankruptcy laws.  Pursuant thereto, also on July 18, 2013, the Emergency Manager

issued an order approving the filing of the City's Chapter 9 case consistent with the

Governor's authorization.

6.     The City is insolvent within the meaning of Section 101(32)(C)

of the Bankruptcy Code.  The City therefore meets the eligibility requirement of

Section 109(c)(3) of the Bankruptcy Code.

7.     The City desires to effect a plan of adjustment under Section

109(c)(4) of the Bankruptcy Code.

8.     The City is unable to negotiate (or further negotiate) with its

creditors because such negotiation is impracticable.  The City has nevertheless

negotiated in good faith with creditors who are represented and organized, but has

failed to obtain the agreement of creditors holding at least a majority in amount of

the claims of each class that the City intends to impair under a plan of adjustment in this Chapter 9 case.

## III.   STATEMENT OF OBJECTORS' CLAIMS

### A.   The Committee asserts the following claims:

9.     The City cannot meet the criteria for eligibility under Section 109(c)(5)(B) of the Bankruptcy Code, in that it did not put forth a plan of adjustment, and did not negotiate in good faith, both as required under that Section.

10.     The City cannot establish that negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code, in that the City failed to set forth a plan of adjustment, and did not negotiate in good faith with classes of creditors with whom negotiations were practicable, both as required under that Section.

11.     Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

12.     The City cannot meet its burden under Section 921(c) of demonstrating that it filed its Chapter 9 petition in good faith, in that (a) the Emergency Manager commenced this proceeding for the purpose of using Chapter 9 as a vehicle to attempt to impair and violate rights relating to vested pensions that

4

13-53846-tjt   Doc 2473-17   Filed 01/11/14   Entered 01/11/14 15:43:58   Page 151 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 95 of 142
471

are explicitly protected under Article IX, Section 24, of the Michigan Constitution (the "Pension Clause") and (b) in connection with its petition, the City made representations that were inaccurate, misleading and/or incomplete.

**B. The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:**

13. The City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

14. Michigan Public Act 436 of 2012 violates the Michigan Constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).

15. Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

16. Chapter 9 of the Bankruptcy Code violates the 10th Amendment of the United States Constitution, U.S. Const., Am. X, to the extent it can be read to authorize the City it impair the vested pension rights of City employees in violation of the Michigan Constitution.

17. The city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

18. The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**C.** **The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA assert the following claims:**

19. The City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

20. The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

21. Negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

22. Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

13-53846-swr Doc 2476-17 Filed 01/11/14 Entered 01/11/14 15:43:58 Page 7 of 12
13-53846-swr Doc 1606-17 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 7 of 12
471

23.     The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**D.     UAW and the *Flowers* Plaintiffs assert the following claims:**

24.     The UAW and the  Plaintiffs claim that the City of Detroit is not eligible for bankruptcy under Chapter 9 of the Bankruptcy Code for the reasons set forth in the Amended Joint Objection of International Union, UAW and the Flowers Plaintiffs to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 1170], the Objection of International Union, UAW to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 506] (to the extent such Objection is not superseded by DE 1170),the Objection of Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman to the Putative Debtor's Eligibility to be a Debtor [DE 504],and the Pre-Trial Brief of International Union, UAW and the Flowers Plaintiffs with Respect to the Eligibility of the City of Detroit, Michigan for an Order for Relief Under Chapter 9 of the Bankruptcy Code [filed October 17, 2013].

**E.** **The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, assert the following claims:**

25.     Chapter 9 violates the United States Constitution and AFSCME's active and retired members have individual standing to assert that chapter 9 violates the Constitution.

26.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) because (i) it is not authorized by Michigan State Law or the Michigan Constitution to be a Debtor under chapter 9, and (ii) the law purporting to authorize the City to file chapter 9 - PA 436 - is unconstitutional including, without limitation, because it violates the strong home rule provisions of the Michigan Constitution.

27.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) of the Bankruptcy Code because (i) it failed to participate in any good faith negotiations with creditors such as AFSCME prior to the filing for bankruptcy, and (ii) such negotiations were not impracticable, as required for eligibility under chapter 9 of the Bankruptcy Code.

28.     The City's Petition should be dismissed under 11 U.S.C. § 921(c) because it was filed in bad faith.

29.     The City has failed to meet its burden of proving its insolvency as require under 11 U.S.C. § 109(c)(3).

**F.      The Retired Detroit Police Members Association (RDPMA) assert, in addition to and including herein by reference, the claims raised in this order by the other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, assert the following claims:**

30.     The City of Detroit is not eligible for relief under Chapter 9 pursuant to Section 109(c) of the Bankruptcy Code because it is not authorized under Michigan State Law and the Constitution of the State of Michigan to be a debtor under Chapter 9.

31.     Public Act 436 was passed in derogation of the right of referendum set forth in Article II Section 9 of the Michigan Constitution and is therefore unconstitutional under Michigan Law.

32.     Emergency Manager Kevyn Orr was not authorized by Public Act 436 to file the instant Chapter 9 proceeding on behalf of the City of Detroit.

33.     RDPMA's Exhibit A is a true and correct copy of the March 2, 2012 1:35:25 PM Email from Jeffrey B. Ellman to Corinne Ball and copying Heather Lennox and Thomas Wilson.

34.     RDPMA's Exhibit B is a true and correct copy of the March 3, 2012 4:00:44 PM Email from Heather Lennox to Andy Dillon and copying Corinne Ball, Hugh Sawyer, Jeffrey Ellman, Ken Buckfire, Kyle Herman, Laura

9

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 15:17:32   Page 188 of 192
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 190 of 192
471

Marcero, Sanjay Marken, Brom Stibitz, Stuart Erickson, David Kates and Thomas Wilson.

35.     RDPMA's Exhibit C is a true and correct copy of the State of Michigan, Comprehensive Annual Financial Report, for the Fiscal Year Ended September 30, 2012.

36.     RDPMA's Exhibit D is a true and correct copy of the January 31, 2013 3:45:47 PM Email from Kevyn Orr to Corinne Ball and copying Stephen Brogan.

**G.     The Police and Fire Retirement System of the City of Detroit ("PRFS") and the General Retirement System of the City of Detroit ("GRS" and together with PFRS, the "Retirement Systems") assert the following claims.**

37.     The City is not specifically authorized to be a debtor under chapter 9 by State law or a by a governmental officer empowered by State law to authorize such entity to be a debtor under such chapter and cannot satisfy 11 U.S.C. § 109(c)(2).

38.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(B) because it did not engage in good faith negotiations with its creditors.

39.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(C) because it did not negotiate with its creditors and negotiations were not impracticable.

40. The City's bankruptcy petition should be dismissed because the City did not file the petition in good faith as required by 11 U.S.C. § 921(c).

## IV. STIPULATED FACTS

41. The City of Detroit is a municipality for purposes of Section 109(c)(1) of the Bankruptcy Code.

42. On March 15, 2013 the Local Emergency Financial Assistance Loan Board created by the Emergency Municipal Loan Act, MCL §§ 141.931-141.942, appointed Kevyn D. Orr to the position of "emergency financial manager" for the City of Detroit.

43. Mr. Orr formally took office as Emergency Manager on March 25, 2013.

44. The DPOA received an Act 312 arbitration award on March 25, 2013 (the "Award").

45. The City appealed the portion of the Award that would have given back 5% of the previously imposed 10% wage reduction effective January 1, 2014 (the "City Appeal").

46. The City Appeal is stayed by the Chapter 9 filing.

47. On April 18, 2013, the City filed an emergency motion seeking to block ongoing Act 312 proceedings between (a) the City and the DPCOA and (b) the City and the DPLSA (the "Emergency Motion").

11

48. On June 14, 2013, the Emergency Motion was granted.

49. A meeting took place in Detroit on June 14, 2013 between the Emergency Manager and the City's advisors, on the one hand, and numerous creditor representatives, on the other, relating to the City's creditor proposal. Representatives of all Objectors except the Retiree Committee, which had not yet formed, attended the meeting.

50. City's Exhibit 42 is a true and correct copy of a list of persons and corporate affiliations who responded that they would attend the June 14, 2013 creditor meeting in Detroit and is admissible as proof of such responses, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

51. A meeting took place in Detroit on the morning of June 20, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health and pension obligations. Representatives and advisors the General Retirement System ("GRS") also attended the meeting.

52. A second, separate meeting took place in Detroit in the afternoon of June 20, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree

associations, on the other, relating to retiree health and pension obligations. Representatives and advisors from the PFRS also attended the meeting.

53.     City's Exhibit 45 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend at least one of the two June 20, 2013 creditor meeting in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

54.     City's Exhibit 46 is a true and correct copy of the sign-in sheet for the morning June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

55.     City's Exhibit 47 is a true and correct copy of the sign-in sheet for the afternoon June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

56.     A meeting took place on June 25, 2013 between the City's advisors, on the one hand, and representatives and advisors from the City's six bond insurers and U.S. Bank, the trustee or paying agent on all of the City's bond issuances.  Representatives from Objectors GRS and PFRS also attended the meeting.

57.     City's Exhibit 50 is a true and correct copy of the sign-in sheet and typewritten transcription thereof for the June 25, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

58.     On June 30, 2013, the Collective Bargaining Agreements between (a) the City and the DPLSA and (b) the City and the DFFA expired.

59.     Meetings took place in Detroit on July 9 and 10, 2013 with representatives from certain bond insurers and Objectors GRS and PFRS relating to follow-up due diligence on the City's financial condition and creditor proposal.

60.     City's Exhibit 53 is a true and correct copy of a typewritten attendance sheet for the July 9 and 10, 2013 creditor meetings in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

61.     A meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters.  Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

62.     City's Exhibit 56 is a true and correct copy of the sign-in sheet for the first July 10, 2013 creditor meeting in Detroit and is admissible as proof of

14

13-53846-swr   Doc 2470-17   Filed 01/11/14   Entered 01/11/14 15:17:38   Page 193 of 142
13-53846-swr   Doc 4606-17   Filed 11/08/13   Entered 11/08/13 14:35:32   Page 195 of 142
471

such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

63. A second, separate meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters. Representatives and/or advisors from Objectors DFFA, DPLSA, DPCOA, DPOA, RDPFFA, and PFRS attended the meeting.

64. City's Exhibit 57 is a true and correct copy of the sign-in sheet for the second July 10, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

65. A meeting took place on the morning of July 11, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters. Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

66. City's Exhibit 58 is a true and correct copy of the sign-in sheet for the morning July 11, 2013 creditor meeting in Detroit and is admissible as

13-53846-swr    Doc 2476-17    Filed 01/31/14    Entered 01/31/14 15:37:58    Page 194 of 42
13-53846-swr    Doc 1606-17    Filed 11/08/13    Entered 11/08/13 15:37:53    Page 196 of 142
471

proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

67.    A second, separate meeting took place in the afternoon of July 11, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters.  Representatives and/or advisors from Objectors DFFA, DPLSA, DPOA, RDPFFA, and PFRS attended the meeting.

68.    City's Exhibit 59 is a true and correct copy of the sign-in sheet for the afternoon July 11, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

69.    City's Exhibit 55 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend one or more of the July 10 and 11, 2013 creditor meetings in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

70.    City's Exhibit 35 is a true and correct copy of a non-exclusive log of creditor meetings or communications between the City and various creditors or creditor representatives and is admissible as evidence that such meetings or

communications took place between the individuals or entities reflected thereon. This stipulation is without prejudice to the City's right to offer evidence that additional persons attended such meetings or that additional meetings took place, and is without prejudice to any individual Objectors' right to offer evidence as to its actual participation or attendance.

71.     On July 16, 2013, the Emergency Manager sent a letter to the Governor, recommending a Chapter 9 proceeding pursuant to Section 18(1) of PA 436.

72.     On July 18, 2013, the Governor sent a reply letter to the Emergency Manager authorizing the City to file it voluntary petition for protection under Chapter 9 of title 11 of the United States Code.

73.     The City filed its voluntary petition for protection under Chapter 9 on July 18, 2013.

74.     On August 2, 2013, the City held a meeting with local union representatives respecting active employee health insurance.

75.     On September 13, 2013 the City filed the City of Detroit, Michigan's Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit Michigan [Docket No. 849], in which the City "[a]dmit[s] that the City intends to seek to diminish or

17

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 15:17:58   Page 196 of 142
13-53846-swr   Doc 4606-17   Filed 11/08/13   Entered 11/08/13 15:17:58   Page 196 of 142
471

impair the Accrued Financial Benefits of the participants in the Retirement

Systems through this Chapter 9 Case."

76.     The representatives of the DFFA, DPOA, DPLSA and DPCOA,

respectively, have authority to negotiate wages and benefits for the active

employee members of the respective Detroit Public Safety Unions.

77.     Each of the respective Detroit Public Safety Unions represents

the active employees of each of the DFFA, DPOA, DPLSA and DPCOA.

## V.     ISSUES OF FACT AND LAW TO BE LITIGATED

### A.     City's Position

The City identifies the following issues of fact and law to be litigated:

78.     Whether the City was generally not paying its debts as they

become due.

  a.     City's authority

    (1)     11 U.S.C. § 109(c)(3).

    (2)     11 U.S.C. § 101(32)(C)(i).

    (3)     *In re New York City Off-Track Betting Corp.*, 427
            B.R. 256, 272 (Bankr. S.D.N.Y. 2010) (finding
            deferral of current payments evidence of debtor's
            insolvency).

79.     Whether the City was unable to pay its debts as they become

due.

  a.     City's authority

    (1)     11 U.S.C. § 109(c)(3).

18

13-53846-swr   Doc 2470-17   Filed 01/11/14   Entered 01/11/14 15:17:58   Page 197 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 99 of 142
471

(2)     11 U.S.C. § 101(32)(C)(ii).

(3)     *In re City of Stockton*, 493 B.R. 772, 788-90 (Bankr. E.D. Cal. 2013) (test for cash insolvency is prospective; demonstration of cash insolvency within current or succeeding fiscal year satisfies cash flow test; concepts of "budget insolvency" and "service delivery insolvency" inform inquiry into "cash insolvency").

(4)     *In re City of Bridgeport*, 129 B.R. 332, 336-38 (Bankr. D. Conn. 1991) (test for municipal insolvency set forth at 11 U.S.C. § 101(32)(C)(ii) is a "cash flow" test; "[T]o be found insolvent a city must prove that it will be unable to pay its debts as they become due in its current fiscal year or, based on an adopted budget, in its next fiscal year.").

(5)     *Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo)*, 408 B.R. 280, 293-94 (B.A.P. 9th Cir. 2009) (a municipality need not pursue all possible means of generating and conserving cash prior to seeking chapter 9 relief; affirming finding of insolvency where raiding city's other funds to satisfy short term cash needs "would leave Vallejo more debilitated tomorrow than it is today"; finding city insolvent where further funding reductions would threaten its ability to provide for the basic health and safety of its citizens).

(6)     *New York City Off-Track Betting Corp.*, 427 B.R. at 282 ("Even assuming [the debtor] could have theoretically done more to avoid bankruptcy, courts do not require chapter 9 debtors to exhaust every possible option before filing for chapter 9 protection.").

80.     Whether the City desires to effect a plan to adjust its debts.

19

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 15:17:53   Page 198 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:47:35   Page 198 of 142
471

a. City's authority

(1) 11 U.S.C. § 109(c)(4).

(2) *New York City Off-Track Betting Corp.*, 427 B.R. at 272 ("no bright-line test for determining whether a debtor desires to effect a plan" exists because of the "highly subjective nature of the inquiry").

(3) *City of Vallejo*, 408 B.R. at 294-95 (A putative debtor need only show that the "purpose of the filing of the chapter 9 petition [is] not simply … to buy time or evade creditors"; a municipality may meet the subjective eligibility requirement of section 109(c)(4) by attempting to resolve claims, submitting a draft plan or producing other direct or circumstantial evidence customarily submitted to show intent).

(4) *City of Stockton*, 493 B.R. at 791-92 (fact that a city would be left in worse financial condition as a result of the decision not to attempt to adjust its debts through the chapter 9 process is persuasive evidence of the municipality's honest desire to effect such an adjustment of debt).

81. Whether the City was unable to negotiate with its creditors prior to the filing of its chapter 9 petition because such negotiation was impracticable.

a. City's authority

(1) 11 U.S.C. § 109(c)(5)(C).

(2) *New York City Off-Track Betting Corp.*, 427 B.R. at 276-77 ("Congress added [11 U.S.C. § 109(c)(5)(C)] to satisfy section 109's negotiation requirement in response to possible large municipality bankruptcy cases that could involve

20

vast numbers of creditors."; "[I]mpracticability of negotiations is a fact-sensitive inquiry that depends upon the circumstances of the case.") (quotation omitted).

(3) *In re Cnty. of Orange*, 183 B.R. 594, 607 n.3 (Bankr. C.D. Cal. 1995) ("Section 109(c)(5)(C) was necessary because it was otherwise impossible for a large municipality, such as New York, to identify all creditors, form the proper committees, and obtain the necessary consent in a short period of time.").

(4) *City of Vallejo*, 408 B.R. at 298 ("Petitioners may demonstrate impracticability by the sheer number of their creditors …."; finding that section 109(c)(5)(C) is satisfied where negotiation with any significant creditor constituency is impracticable).

(5) *City of Stockton*, 493 B.R. at 794 (finding that the inability of a municipal debtor to negotiate with a natural representative of a numerous and far-flung creditor class (with the power to bind such class) may satisfy the "impracticability" requirement; refusal of creditors to negotiate establishes independent grounds for a finding of impracticability).

(6) *In re Valley Health Sys.*, 383 B.R. 156, 163 (Bankr. C.D. Cal. 2008) ("Negotiations may also be impracticable when a municipality must act to preserve its assets and a delay in filing to negotiate with creditors risks a significant loss of those assets.").

82.    Whether the City negotiated in good faith with creditors holding at least a majority in amount of the claims of each class that the City intends to impair pursuant to a plan of adjustment.

21

a. City's authority

(1) 11 U.S.C. § 109(c)(5)(B).

(2) *In re Vills. at Castle Rock Metro. Dist. No. 4*, 145 B.R. 76, 84-85 (Bankr. D. Colo. 1990) (a municipality need not negotiate with every creditor within a given class; negotiations with large or prominent blocs of creditors will suffice to render a city eligible for chapter 9 relief; municipality satisfied requirement of negotiating with creditors by consulting with large institutional bondholders, even though all series of bonds were not invited to participate in negotiations).

(3) *New York City Off-Track Betting Corp.*, 427 B.R. at 274-75 (finding that debtor had satisfied section 109(c)(5)(B) of the Bankruptcy Code where it had "engaged in negotiations with creditors regarding the possible terms of a reorganization plan prior to filing"; stating that "talks need not involve a formal plan to satisfy section 109(c)(5)(B)'s negotiation requirement.").

(4) *City of Vallejo*, 408 B.R. at 297 (noting that section 109(c)(5)(B) is satisfied where the debtor conducts "negotiations with creditors revolving around a proposed plan, at least in concept…. [that] designates classes of creditors and their treatment….").

83. Whether the City's petition was filed in good faith within the meaning of section 921(c) of the Bankruptcy Code.

a. City's authority

(1) 11 U.S.C. § 921(c).

(2) *City of Stockton*, 493 B.R. at 794 (good faith "is assessed on a case-by-case basis in light of all the facts, which must be balanced against the broad

22

13-53846-swr Doc 2473-17 Filed 01/31/14 Entered 01/31/14 15:17:08 Page 201 of 471
13-53846-swr Doc 1606-17 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 93 of 142
471

remedial purpose of chapter 9"; "[r]elevant considerations in the comprehensive analysis for § 921 good faith include whether the City's financial problems are of a nature contemplated by chapter 9, whether the reasons for filing are consistent with chapter 9, the extent of the City's prepetition efforts to address the issues, the extent that alternatives to chapter 9 were considered, and whether the City's residents would be prejudiced by denying chapter 9 relief.").

(3) *Cnty. of Orange*, 183 B.R. at 608 (Bankr. C.D. Cal. 1995) ("[T]he purpose of the filing must be to achieve objectives within the legitimate scope of the bankruptcy laws;" applying chapter 11 case law and finding the debtor's financial condition and motives, local financial realities and whether the debtor was seeking to "unreasonably deter and harass its creditors or attempting to effect a speedy, efficient reorganization on a feasible basis" as relevant factors in the good faith analysis).

(4) *In re McCurtain Municipal Auth.*, No. 07-80363, 2007 WL 4287604, at *5 (Bankr. E.D. Okla. Dec. 4, 2007) (holding that the existence of a factor precipitating a chapter 9 filing does not require a finding that the debtor's filing was made in bad faith when other reasons for filing bankruptcy are present).

## B. Objectors' position

B-1. The Committee identifies the following issues of fact and law to be litigated:

84. Whether the City can meet the criteria for eligibility under

Section 109(c)(5)(B) of the Bankruptcy Code and, in particular:

       a.      whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(B); and

       b.      whether the City negotiated in good faith as is required under Section 109(c)(5)(B).

85.     Whether the City can establish that good faith negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code and, in particular:

       a.      whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(C); and

       b.      whether the City negotiated in good faith with classes of creditors with whom negotiations were practicable, as is as required under Section 109(c)(5)(C).

86.     Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

87.     Whether the City can meet its burden under 11. U.S.C. § 921(c) of demonstrating that it filed its Chapter 9 petition in good faith and, in particular:

       a.      whether the City's Emergency Manager  filed this Chapter 9 proceeding for the purpose of attempting to use Chapter 9 as a vehicle to impair and violate rights related to vested pensions that are expressly protected from such impairment and violation under the Pension Clause of the Michigan Constitution; and

b. whether the City, in connection with filing its Chapter 9 petition, made representations that were false, misleading and or incomplete statements, particularly as regards the magnitude of the City's unfunded pension liability, the cash flow available to meet such liability and the availability of substantial additional cash from assets owned by the City that are capable of being monetized.

B-2. The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:

88. Whether the City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. §109(c)(5)(B).

89. Whether Michigan Public Act 436 of 2012 violates the Michigan Constitution, Art. IX, Sec. 24, and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. §109(c)(2).

90. Whether there was valid authorization for the filing of the chapter 9 petition as required by 11 U.S.C. §109(c)(2), because the Governor's authorization did not prohibit the impairment of the pension rights of the City's employees and retirees, and therefore was not valid under the Michigan Constitution, Art. IX, Sec. 24 (the "Pension Clause").

91. Whether chapter 9 of the Bankruptcy Code violates the Tenth Amendment, U.S. Const., Am. X, to the extent it allows the City to use the Bankruptcy Code to impair the vested pension rights of City employees and retirees in direct violation of the Pension Clause.

92. Whether the city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

93. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-3. The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA identify the following issues of fact and law to be litigated:

94. Whether the City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

95. Whether City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

96. Whether negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

97. Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

98. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-4. The UAW and the Flowers Plaintiffs identify the following factual and legal issues to be litigated:[1]

99. Whether the City has met the eligibility requirement of Section 109(c)(4) of the Bankruptcy Code that a municipality "desires to effect a plan to adjust such debts" where the City's proposed plan is a plan that cannot be lawfully implemented under state law as required by Section 943(b)(4) and (6) of the Bankruptcy Code.

100. Whether the City failed to negotiate with the UAW in good faith, as required by 11 U.S.C. §109(c)(5)(B).

---

[1] The issues set forth herein are the UAW's and the Flowers Plaintiffs' principal legal and factual issues to be presented at, or in connection with, the eligibility trial. UAW reserves all of the issues set forth in its Amended Objection which (a) are not listed herein but which may depend upon the resolution of its principal issues set forth above or (b) have been asserted and argued principally by other parties, such as whether the decision in Webster must be applied by the bankruptcy court.

101.   Whether the City was unable to negotiate with creditors because such negotiation was impracticable as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

102.   Whether the City was authorized to be a debtor under Chapter 9 as required by 11 U.S.C. Section 109(c)(2), as follows: whether the Governor's authorization was valid under State law, where (a) the City and the Governor manifested an intent to proceed in Chapter 9 in order to reduce the accrued pension rights of the City's employees and retirees, and the accrued pension rights of employees and retirees of the Detroit Public Library; (b) the City and the Governor did so proceed based on such intent of the City and the Governor, which in whole or in part motivated the Governor's authorization for the City's Chapter 9 filing and the City's filing itself; (c) the Governor's authorization did not prohibit the diminishment or impairment of the pension rights of such persons as a condition of authorizing the Chapter 9 filing; (d) neither the Governor nor the state Legislature had authority  to act in derogation of Article 9, Section 24 of the Michigan Constitution; and (e) for any and all of the foregoing reasons, the Governor's authorization for the Chapter 9 filing, and the City's filing itself were and are contrary to the Michigan Constitution, Art. 9, Sec. 24.

103.   Whether the City's bankruptcy petition was filed in bad faith under 11 U.S.C. §921(c).

104.    Whether, under the U.S. Constitution, Chapter 9 is
constitutional as applied to the City's petition where the City does not comply with
Article 9, Section 24 of the Michigan Constitution.

B-5.    The Michigan Council 25 of the American Federation of State, County &
Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
("AFSCME") assert, in addition to and including herein by reference, the claims
raised in this order, in filed pleadings, oral argument and adduced through
evidence at trial, identifies the following issues of fact and law to be litigated:

105.    Whether the City failed to negotiate in good faith with creditors
as required by 11 U.S.C. § 109(c)(5), including, without limitation:

a.    Whether the City engaged only in "discussions," which it
emphasized were not negotiations.

b.    Whether the City's June 14, 2013 Restructuring Plan was
not open to negotiations, which falls short of the
requirements of section 109(c)(5)(B).

c.    Whether the City refused AFSCME's offers to negotiate.

d.    Whether the City refused AFSCME's requests for
adequate backup data used to generate the City's financial
assumptions, which would have been necessary
information for any "negotiations."

e.    Whether the City's refusal to negotiate with AFSCME
continued post-filing.

f.    Whether assuming, *arguendo*, that any negotiations took
place, such negotiations did not relate to a plan that was
in the best interests of creditors as required by section
109(c)(5)(B).

106.    Whether the City can meet its burden of proving that it was "unable to negotiate with creditors because such negotiation is impracticable," as required for eligibility by 11 U.S.C. § 109(c)(5)(C), and including, without limitation:

  a.    Whether the circumstances surrounding the City's hiring of the EM, an experienced bankruptcy counsel demonstrate that the City never had any intention of negotiating outside of bankruptcy.

  b.    Whether negotiations with the City's main creditors, the unions, its retirees, and the bond trustees, were practicable.

  c.    Whether the City cannot demonstrate impracticability where the City failed to negotiate with its largest creditors, especially where those creditors have, like AFSCME, sought negotiations.

107.    Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c), including, without limitation:

  a.    Whether the State authorized (without contingencies) and the City commenced its filing to avoid a bad state court ruling in the Webster litigation, and declined to take action to cease the filing in violation of the Declaratory Judgment issued in that litigation.

  b.    Whether the City never intended to negotiate (in good faith or otherwise) and failed to consider reasonable alternatives to chapter 9.

108.    Whether the City is "insolvent," as defined in 11 U.S.C. § 101(32)(C)) and as required for eligibility by 11 U.S.C. § 109(c)(3), including, without limitation:

a.    Whether the City has failed to prove its insolvency by expert evidence, by expert testimony, or by anything other than unproven assumptions (including assumptions regarding the unfunded amount of the City's pension and other retiree benefits).

b.    Whether the City failed to explore options to enable it to pay debts, such as taking into account un-monetized assets and possible funding sources not included in the City's financial projections.

c.    Whether the City's current financial difficulties are less severe than in prior years, and the City already had means to enhance revenues prior to the filing including the deal reached with the swap counterparties.

109.    Whether the Governor's authorization to the EM to file for chapter 9 under Section 11 of PA 436 was improper, including, without limitation, because it was invalid, unconstitutional, failed to contain contingencies (such as not using the bankruptcy proceedings to diminish vested pension benefits), and/or failed to require that any plan of adjustment not violate Article IX Section 24 of the Michigan Constitution.

a.    Whether the EM's exercise of authority under PA 436 violated the strong home rule provisions of the Michigan Constitution.

B-6.  The Retired Detroit Police Members Association ("RDPMA") assert, in addition to and including herein by reference, the claims raised in this order by the

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 15:17:58   Page 210 of 142
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:17:58   Page 210 of 142
471

other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, identifies the following issues of fact and law to be litigated:

110.   Whether Public Act 436 violates the Michigan Constitution, Article II, Section 9.

a.   Whether the spending provisions found in Sections 34 and 35 of Public Act 436 were included as an artifice to avoid the referendum provisions in Art. II, Sec. 9 of the Michigan Constitution.

b.   Whether any provisions of Public Act 436 should be stricken on the grounds that such provisions were not approved by a majority of the electors of the State of Michigan in a general election.

111.   Whether the City of Detroit acted in bad faith when it filed its Chapter 9 Petition having knowledge that Public Act 436 was passed in derogation of the Michigan Constitutional referendum requirement.

112.   Whether Emergency Manager Kevyn Orr was properly appointed under Public Act 436.

B-7.   The Retirement Systems identify the following issues of fact and law to be litigated:

113.   Whether the City was validly authorized under State law by a governmental officer empowered by State law to authorize it to be a debtor when the Governor's authorization was in violation of Article IX, section 24 of the

Michigan Constitution, because the authorization did not prohibit the City from diminishing or impairing accrued financial benefits.

114.   Whether the City failed to negotiate in good faith prepetition with the Retirement Systems (and possibly other creditors), when all meetings with the Retirement Systems (and possibly other creditors) were presentations to an audience of multiple parties at which no bilateral negotiations occurred.

115.   Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(B).

116.   Whether negotiations with the Retirement Systems and the City's other creditors were impracticable.

117.   Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(C).

118.   Whether the City can meet its burden of proof under 11 U.S.C. § 921(c) and demonstrate that it filed the bankruptcy petition in good faith when:

    a.    The City filed the case with the intention to diminish and impair accrued financial benefits in violation of Article IX, section 24 of the Michigan Constitution;

    b.    The Emergency Manager repeatedly threatened to file a bankruptcy immediately in the weeks before the filing, thus otherwise creating an environment of impracticability;

    c.    As of the petition date, the Emergency Manager and the City did not have a clear picture of the City's assets, income, cash flow, and liabilities;

d.    The City did not even consider a restructuring scenario that did not impair accrued financial benefits; and

e.    Whether the City can demonstrate that it negotiated in good faith under section 109(c)(5) and the case law construing it where the City has admitted it does not have (and therefore did not negotiate) a formulated plan of adjustment.

## VI.    EVIDENTIARY PROBLEMS LIKELY TO ARISE AT TRIAL

### A.    City's Position

119.    The City believes that evidentiary disputed likely to arise at trial can be addressed at the pre-trial conference.

### B.    Objectors' Position

120.    Objectors concur.

## VII.    WITNESSES

### A.    City's Witnesses

121.    The City will call the following individuals as part of its case in chief or on rebuttal:

a.    Kevyn D. Orr

b.    Kenneth A. Buckfire

c.    Gaurav Malhotra

d.    Charles M. Moore

e.    James E. Craig

122.    The City may call the following individuals as part of its case in chief or on rebuttal:

a.    Glenn Bowen

        b.     Kyle Herman, Director at Miller Buckfire (only as needed to sponsor City exhibits 99-101)

123.   Custodial Witnesses.  The City Objectors have been conferring as to the authenticity and admissibility of certain exhibits which would otherwise require the appearance in court of a custodial witness.  The City reserves the right to call such witnesses if appropriate stipulations are not reached.

124.   The City has not counterdesignated deposition testimony in response to any Objectors' designations from witnesses on the City's will-call witness list because the City will call those witnesses to testify in person at trial. The City nevertheless reserves its rights to offer appropriate counterdesignations in the event that any witness on its will-call list becomes unavailable to testify under Federal Rule of Evidence 804(a).

125.   The City reserves its rights to offer appropriate counterdesignations in response to deposition designations offered by any Objector without reasonable notice to the City prior to the submission of this Joint Final Pre-trial Order.

126.   Given the short time frame within which the City was required to assert objections to Objectors' documents, the City reserves its rights to provide supplemental objections should it need to do so.  Similarly, should the same document appear more than once in Objectors' collective exhibit lists, an objection

by the City to any one instance of the exhibit applies to all such copies, even if no objection was indicated for the other copies.

127. The City and the Objectors have conferred and submit the Objectors' consolidated deposition designations and the City's counter-designations at Attachment I. The City reserves the right to object to the Objectors' deposition designations on the basis of attorney-client privilege, common interest privilege, work product doctrine and any other applicable privilege or immunity.

128. The City reserves its rights to call any witness identified by any Objector.

**B.    Objectors' Witnesses**

130. Objectors' witnesses are indicated in Attachments A-G.

## VIII.  EXHIBITS

**A.    City's Exhibits**

1.    Charter – City of Detroit

2.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008

3.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009

4.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010

5.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011

6.    Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012

7.  November 13, 2012, Memorandum of Understanding City of Detroit reform Program

8.  July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration)

9.  Cash Flow Forecasts

10. Ten-Year Projections

11. Legacy Expenditures (Assuming No Restructuring)

12. Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012

13. Schedule of water system bonds and related state revolving loans as of June 30, 2012

14. Annual Debt Service on Revenue Bonds

15. Schedule of COPs and Swap Contracts as of June 30, 2012

16. Annual Debt Service on COPs and Swap Contracts

17. Schedule of UTGO Bonds as of June 30, 2012

18. Schedule of LTGO Bonds as of June 30, 2012

19. Annual Debt Service on General Obligation Debt & Other Liabilities

20. July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration")

21. January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team

22. March 26, 2012, Report of the Detroit Financial Review Team

13-53846-swr   Doc 2470-17   Filed 01/14/14   Entered 01/14/14 15:17:58   Page 216 of 142

23. April 9, 2012, Financial Stability Agreement

24. December 14, 2012, Preliminary Review of the City of Detroit

25. February 19, 2013, Report of the Detroit Financial Review Team

26. March 1, 2013, letter from Governor Richard Snyder to the City

27. July 8, 2013, Ambac Comments on Detroit

28. July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436

29. July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding

30. July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code

31. Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration")

32. Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees

33. Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo

34. Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013

35. Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013

13-53846-swr Doc 2470-17 Filed 01/31/14 Entered 01/31/14 15:17:38 Page 21 of 142
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 94 of 102
471

36. FRE 1006 chart summarizing meetings and communications with union creditors

37. FRE 1006 chart summarizing meetings and communications with nonunion creditors

38. FRE 1006 chart summarizing monthly cash forecast absent restructuring

39. February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel

40. List of Special Conferences for Association held with Members of Police Labor Relations

41. June 10, 2013, City of Detroit Financial and Operating Plan Slides

42. RSVP List of June 14, 2013 Proposal for Creditors Meeting

43. June 14, 2013, City of Detroit Proposal for Creditors

44. June 14, 2013, Proposal for Creditors – Executive Summary

45. List of Invitees to the June 20, 2013 Meetings

46. Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring)

47. Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring)

48. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees

49. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees

50. Invitee List and Sign-in Sheet for the June 25, 2013 Meeting

51. Cash Flow Forecasts provided at June 25, 2013 Meeting

52. Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 meetings

53. List of Attendees at July 9 and 10, 2013 Creditor Meetings

54. Detroit Future City Plan 2012

55. Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings

56. July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting

57. July 10, 2012 City of Detroit Sign In Sheet for 3:00 PM Police and Fire Meeting

58. July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting

59. July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting

60. July 11, 2013 City of Detroit Union – Retiree Meeting Draft Medicare Advantage Plan Design Options

61. Correspondence between representatives of AFSCME and representatives of the City

62. Michigan Attorney General Opinion No. 7272

63. July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims

64. September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Section 924 and 925 of The Bankruptcy Code

65. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

66. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

67. June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

68. June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit

69. April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012

70. June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit

71. November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit

72. November 21, 2011 Memorandum from Irvin Corley, Jr., to Council Members of the City of Detroit City Council

73. July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions

74. July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st – June 30th)

75. May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan

76. Responses of International Union, UAW to Debtor's First Set of Interrogatories

77. UAW Privilege Log

78. Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories

79. The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories

80. Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

81. Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

82. Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

83. Answers to Debtor's First Interrogatories to Retiree Association Parties

84. Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories

85. Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories

86. Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents

87. Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents

88. The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents

89. Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions

42

90. The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents

91. Response of Retiree Association Parties to Debtor's First Requests for Production of Documents

92. Retired Detroit Police Members Association Response to Debtor's First Requests for Production

93. June 14, 2013 Index Card #1 from Nicholson

94. June 14, 2013 Index Card #2 from Nicholson

95. June 20, 2013 Typewritten Notes from June 20, 2013 Presentation

96. July 16, 2013 Nicholson Affidavit in *Flowers*

97. August 19, 2013 UAW Eligibility Objection

98. Nicholson Letter To Irwin re UAW Discovery Responses

99. FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013

100. FRE 1006 Chart summarizing the approximate number of pages in documents uploaded to the data room before July 18, 2013

101. Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room

102. July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted]

103. Any exhibit identified by any Objector.

**B. Objectors' Exhibits and City's Objections**

131. Objectors' exhibits are indicated in Attachments A-G.

x

43

## C.     Objections to City's Exhibits

132.   Objectors' objections to the City's Exhibits are indicated in Attachment H.

133.   Objectors reserve their rights to assert objections to City Exhibits 76-101.

# ATTACHMENT A

**THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S**
**WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS**

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 15:43:58   Page 224 of 242
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 96 of 142
471

# THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS

The Retired Detroit Police Members Association ("RDPMA"), through its counsel, Strobl & Sharp, P.C., hereby submits the following unique Exhibit List and Witness List:

## I. Revised Witness List

A. The RDPMA hereby submits this witness list of individuals who will be called for live testimony in the eligibility trial:

1. Howard Ryan

B. The RDPMA hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

1. Howard Ryan

2. Treasurer Andrew Dillon

3. Governor Richard Snyder

4. Emergency Manager Kevyn Orr, September 16, 2013

C. The RDPMA hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D. The RDPMA hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

## II. Unique Exhibit List

The RDPMA hereby submits this consolidated list of evidence that will or may be used as evidence during the eligibility trial:

| 201 | 3/02/13-Dillon Dep. Ex. 6-DTMI00234878 (email correspondence) | Hearsay; Relevance |
| 202 | 3/02/12-Dillon Dep. Ex. 7-DTMI00234877-880 (email correspondence) | Hearsay, Relevance |

46

13-53846-swr Doc 2473-17 Filed 01/14/14 Entered 01/14/14 15:17:58 Page 37 of 142
13-53846-swr Doc 1606-17 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 37 of 142
471

| | | |
|---|---|---|
| 203 | Basic Financial Statements, pages 27 - 32 of the State of Michigan Comprehensive Annual Financial Report for Fiscal Year Ending 2012 | Relevance |
| 205 | Comparison Chart of Public Act 4 and Public Act 436 | |

47

# ATTACHMENT B

## THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

# THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I. Witness List

A. The Retiree Association Parties hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1. Shirley V. Lightsey (see Declaration, Dkt. 502)
   c/o Lippitt O'Keefe, PLLC
   370 E. Maple Road
   Third Floor
   Birmingham MI, 48009
   (248) 646-8292

Ms. Lightsey is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), her attendance at multiple presentational meetings, that the DRCEA is a natural representative of the City of Detroit general retirees, that the DRCEA was ready, willing and able to negotiate with the City on Retiree issues, that the DRCEA

13-53846-swr  Doc 2473-17  Filed 01/31/14  Entered 01/31/14 17:09:32  Page 238 of 242
13-53846-swr  Doc 1606-17  Filed 11/08/13  Entered 11/08/13 15:43:58  Page 230 of 242
471

unsuccessfully requested to meet with Kevyn Orr and on the qualifications, history, successes and structure of the DRCEA.

    2.      Donald Taylor (see Declaration, Dkt. 502)
             c/o Lippitt O'Keefe, PLLC
             370 E. Maple Road
             Third Floor
             Birmingham MI, 48009
             (248) 646-8292

Mr. Taylor is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), his attendance at multiple presentational meetings, that the RDPFFA is a natural representative of the City of Detroit uniformed (police and fire) retirees, that the RDPFFA was ready, willing and able to negotiate with the City on Retiree issues, that the RDPFFA met with Kevyn Orr during which he stated that pensions would not be diminished or impaired and that certain classes of retirees covered by a consent judgment would not have their medical benefits impaired, the unsuccessful requests for follow up meetings with Mr. Orr or City officials and on the qualifications, history, successes and structure of the DRCEA.

    3.      Any and all witnesses listed, regardless of whether they are called, on the witness list of any party.

    4.      Any and all witnesses necessary to provide a proper foundation for any physical and/or documentary evidence or to rebut the same regarding testimony or other evidence sought to be admitted by any party.

50

13-53846-swr Doc 2473-17 Filed 01/14/14 Entered 01/14/14 15:47:38 Page 229 of 242
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:17:58 Page 124 of 142
471

## II. Exhibit List

The Retiree Association Parties hereby submit this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Retiree Association Parties' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 301 | Declaration of Shirley V. Lightsey (Dkt. 497, Ex. 2) | Hearsay ; Relevance |
| 302 | Declaration of Donald Taylor (Dkt. 497, Ex. 3) | Hearsay ; Relevance |
| 303 | Bylaws of DRCEA (RetAssnParties000032-000036)[2] | |
| 304 | Bylaws of RDPFFA (RetAssnParties000043-000060) | |
| 305 | Articles of Incorporation for DRCEA (RetAssnParties000038-000041) | |
| 306 | Articles of Incorporation for RDPFFA (RetAssnParties000042) | |
| 307 | Notice and Consent forms from DRCEA Members (See CD, Bates No. RetAssnParties000061) | |
| 308 | Notice and Consent forms from RDPFFA Members (See CD, Bates No. RetAssnParties000062) | |
| 309 | Letter from Shirley V. Lightsey to Kevyn Orr, dated May 4, 2013 (RetAssnParties000181) | |
| 310 | Letters from DRCEA members to the DRCEA (RetAssnParties000001-000021) | Hearsay ; Relevance |
| 311 | RESERVED | |

---

[2] Bates numbers will be updated.

| | | |
|---|---|---|
| 312 | Wieler consent judgment (RetAssnParties000143-000180) | Hearsay ; Relevance |
| 313 | U.S. Trustee Retiree Committee Questionnaire completed by Shirley V. Lightsey (RetAssnParties000100-000104) | Hearsay ; Relevance |
| 314 | U.S. Trustee Retiree Committee Questionnaire completed by Donald Taylor (RetAssnParties000121-000125) | Hearsay ; Relevance |
| 315 | Pamphlet entitled "All About the DRCEA" (RetAssnParties000022-000031) | |

Each of the Retiree Association Parties reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other Objector

# ATTACHMENT C

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

13-53846-swr Doc 2473-17 Filed 01/31/14 Entered 01/31/14 15:17:58 Page 42 of 42
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 94 of 142
471

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Official Committee of Retirees (the "Committee"), through their counsel, Dentons US LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

**I.** **_Witness List_**

A.    The Committee hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

    1.    Emergency Manager Kevyn D. Orr

    2.    Conway MacKenzie Senior Managing Director Charles Moore

    3.    Michigan Treasurer Andy Dillon

B.    The Committee hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

    1.    Milliman Principal and Consulting Actuary Glenn Bowen

    2.    Michigan Labor Relations Director Lamont Satchel

    3.    Ernst & Young LLP Principal Guarav Malhotra

    4.    Kenneth Buckfire

5.      Governor Richard D. Snyder

6.      Howard Ryan

D.      The Committee hereby reserves the right to call as witnesses any witness called by any other party.

## II. *Exhibit List*

The Committee hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 400. | 01/30/13 - Orr Dep. Ex. 1, JD-RD-0000113 (email chain) | |
| 401. | 01/31/13 - Orr Dep Ex. 2, JD-RD-0000303 (email chain) | |
| 402. | 01/31/13 - Orr Dep. Ex. 3, JD-RD-0000300-02 (email chain) | |
| 403. | 01/31/13 - Orr Dep. Ex. 4, JD-RD-0000295-96 (email chain) | |
| 404. | Orr Dep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 405. | 02/20/13 - Orr Dep Ex. 6, JD-RD-0000216-18 (email chain) | |
| 406. | 02/22/13 - Orr Dep. Ex. 7, JD-RD-0000459-64 (email chain) | |
| 407. | 05/12/13 - Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 408. | 06/14/13 - Orr Dep. Ex. 9, Dkt. 438-16 (City of Detroit Proposal for Creditors) | |
| 409. | 07/16/13 - Orr Dep. Ex. 10, Dkt. 11-10 (letter Re: Recommendation Pursuant to | |

55

| | | |
|---|---|---|
| | Section 18(I) of PA 436) | |
| 410. | 07/18/13 - Orr Dep. Ex. 11, Dkt. 11-11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 411. | 07/12/13 - Orr Dep. Ex. 12, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 412. | 07/17/13 - Orr Dep. Ex. 13, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 413. | 09/11/13 - Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 414. | 07/18/13 - Orr Dep. Ex. 15, Dkt. 11 (Declaration of Kevyn Orr) | |
| 415. | 09/13/13 - Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit | |
| 416. | 06/27/13 - Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 417. | 02/13/13 - Orr Dep. Ex. 20, JD-RD-0000334-36 (email chain) | |
| 418. | 01/29/13 - Orr Dep. Ex. 21, DTMI00128731-805 (Jones Day 1/29/13 Pitchbook) | |
| 419. | 03/2013 - Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 420. | 02/15/13 - Orr Dep. Ex. 25, JD-RD-0000354-55 (email chain) | Authentication; Hearsay |
| 421. | 06/21/13 - Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 422. | 06/14/13 - Satchel Dep. Ex. 19, Dkt. | |

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 17:03:32   Page 235 of 42

| | | |
|---|---|---|
| | 438-7 (letter Re: Retiree Benefit Restructuring Meeting | |
| 423. | 06/17/13 - Satchel Dep Ex. 20, Dkt. 438-6 (letter Re: Request from EFM for additional information) | |
| 424. | 09/24/13 - Bowen Dep. Ex. 4, DTMI00066176-90 (letter Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 425. | 11/16/12 - Bowen Dep. Ex. 9, DTMI00066269-74 (letterRe: DGRS Simple Projection) | |
| 426. | 05/20/13 - Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 427. | 05/21/13 - Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 428. | 09/24/13 - Bowen Dep. Ex. 14, (letter Re: One-Year Service Cancellation for DRGS and PFRS) | |
| 429. | 07/17/13 - Malhotra Dep. Ex. 8, DTMI00137104 (Ernst & Young - Amendment No. 7 to statement of work) | |
| 430. | 07/02/13 - Dkt. 438-9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 431. | 07/03/13 - Dkt. 438-10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 432. | 01/16/13 - DTMI00078970 - 79162, (Ernst & Young Professional Service Contract) | |
| 433. | 04/04/13 - DTMI00210876 - 78, (Ernst | |

| | | |
|---|---|---|
| | & Young Amendment No. 6 to Professional Services Contract) | |
| 434. | 07/17/13 - Snyder Dep. Ex. 6, (City of Detroit Rollout Plan) | Hearsay |
| 435. | 06/07/13 - Snyder Dep. Ex. 7, (Tedder email) | Hearsay |
| 436. | 07/08/13 - Snyder Dep. Ex. 8, (Dillon email) | Hearsay |
| 437. | 07/09/13 - Snyder Dep. Ex. 9, (Dillon email) | Hearsay |
| 438. | 07/09/13 - Dillon Dep. Ex. 5 (Dillon email) | Hearsay |
| 439. | 09/13/2013 - Dkt. 849 (City's Response to General Retirement Systems Request For Admissions) | |
| 440. | 08/23/13 - Dkt. 611 (General Retirement Systems Request For Admissions) | |
| 441. | 06/30/2011 - DTMI00225546 - 96, (Gabriel Roeder Smith 73rd Annual Actuarial Valuation) | |
| 442. | 06/30/12 - DTMI00225597 - 645, (Gabriel Roeder Smith 74th Annual Actuarial Valuation) | |
| 443. | 03/2013 - Bing Dep. Ex. 3 DTMI00129416 - 53 (City of Detroit - Restructuring Plan | |
| 444. | 06/30/12 - Bing Dep. Ex. 4 - (Excerpt of Comprehensive Annual Financial Report - (pages 123-124)) | |
| 445. | 07/10/13 - Bing Dep. Ex. 5 - DTMI00098861-62, (email correspondence) | |
| 446. | The video as it is linked from the 09/16/13 and 10/4/13 depositions of Kevyn D. Orr | |

58

| | | |
|---|---|---|
| 447. | The video as it is linked from the 10/14/13 Dave Bing Deposition | |
| 448. | The video as it is linked from the 10/9/13 Richard D. Snyder Deposition | |
| 449. | The video as it is linked from 10/10/13 Andrew Dillon Deposition | |
| 450. | Any and all documents, correspondence and/or other materials authored by any witnesses identified in the City's witness list that contain relevant facts and/or information regarding this matter | Non-specific; non-compliant with Local Rule 7016-1(a)(9) |
| 451. | Any and all exhibits identified by any party | |
| 452. | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097-100, plus unnumbered timeline attachment)) | Hearsay |

# ATTACHMENT D

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED <u>(1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS</u>**

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED (1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Michigan Council 25 of the American Federation of State, County and Municipal Employees ("AFSCME"), through their counsel, Lowenstein Sandler LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

**I.    Witness List**

A.    The AFSCME hereby submits this consolidated witness list of individuals who will be called as live witnesses in the eligibility trial:

1.    Steven Kreisberg

B.    The AFSCME hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

1.    Governor Richard D. Snyder

2.    Emergency Manager Kevyn D. Orr

2.    Ernst & Young LLP Principal Guarav Malhotra

3.    Conway MacKenzie Senior Managing Director Charles Moore

4.    Michigan Treasurer Andy Dillon

5.    Richard Baird

6. Mayor David Bing

7. Howard Ryan

C. The AFSCME hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

1. Edward McNeil

D. The AFSCME hereby reserves the right to call as witnesses any witness called by any other party.

## II. *Exhibit List*

The AFSCME hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 501. | | 08/2007 - Dep. Ex. 8, (Office of the Auditor General Audit of the Municipal Parking Department) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 502. | | 12/16/11 - AFSCME000000368 – 373, (City of Detroit Budgetary Savings and Revenue Manifesto – City of Detroit Labor Organizations) | Authentication; Hearsay; Relevance |
| 503. | | 12/21/11 - Ex. C, (2011 Treasury Report) Declaration of Kevyn Orr in Support of Eligibility | |
| 504. | | 01/10/12 - Dep. Ex. 10, (City of Detroit Letter Request for Information to Cockrel, Budget, Finance and Audit Standing Committee Chair) Deposition of Kenneth A. Buckfire, September 20, 2013 | |

62

13-53846-swr Doc 2473-17 Filed 01/14/14 Entered 01/14/14 15:17:58 Page 241 of
13-53846-swr Doc 1606-17 Filed 11/08/13 Entered 11/08/13 15:43:53 Page 3 of 12
471

| | | | |
|---|---|---|---|
| 505. | | 02/01/12 - DTMI00086926 – 86983, (Tentative Agreement between City and Coalition of City of Detroit (non-uniform) Unions) | Hearsay; Relevance |
| 506. | | 03/02/12 - DTMI00234878 – 234880, (Email amongst Jones Day Subject: Consent Agreement) | |
| 507. | | 03/26/12 - Dep. Ex. 5, (Letter from Lamont Satchel to Edward McNeil Confirming Coalition of Unions representing Detroit City workers has ratified a new contract) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 508. | | 04/02/12 - Dep. Ex. 6, (Letter to Lamont Satchel from Edward McNeil providing updated list of coalition unions) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 509. | | 03/26/12 - DTMI00204529 - 204543, (2012 Financial Review Team Report, dated March 26, 2012) | |
| 510. | | 04/05/12 - DTMI00161620 - 161678, (2012 Consent Agreement) | |
| 511. | | 06/06/12 - Dep. Ex. 9, (City of Detroit Non-filer Collection Summary for years 2006 to 2009) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay; Relevance |
| 512. | | 06/11/12 - DMTI00098703- 98704 Email from Kyle Herman of Miller Buckfire to Heather Lennox & others Forwarding article "Bing: Detroit Will Miss Friday Payment if Suit Not Dropped" | Hearsay |
| 513. | | 07/18/12 - AFSCME000000291-337, (Letter from Satchel attaching City Employment Terms)· | Relevance |
| 514. | | 07/27/12 - AFSCME 000000340 – 343, (Inter-Departmental Communication from Lamont Satchel to City of Detroit Employees regarding employment terms) | Relevance |
| 515. | | 08/02/12 - Dep Ex. 11, (August 2, 2012 CET Implementation Project Kickoff Meeting) Deposition of Lamont Satchel, September 19, 2013 | Relevance; Hearsay |
| 516. | | 08/20/12 - AFSCME 000000344 - 347, (Cynthia Thomas Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 17:59:32   Page 242 of 242
13-53846-swr   Doc 7150-17   Filed 11/08/14   Entered 11/08/14 15:43:58   Page 242 of 242

| | | | |
|---|---|---|---|
| 517. | | 08/29/12 - DTMI00090577 – 90584, (Cynthia Thomas Revised Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |
| 518. | | 11/21/12 - DMTI00103931 - 103932, (Email Exchange with James Doak to Buckfire & others re: furloughs) | Hearsay; Relevance |
| 519. | | 12/02/12 - Moore Dep. Ex. 6, DTMI00078512 - 8514 (Email from Kriss Andrews to Andy Dillon re: respective roles of E&Y, Conway MacKenzie, and Miller Buckfire in restructuring) | |
| 520. | | 12/14/12 - DTMI00220457 - 220459, (2012 Treasury Report) | |
| 521. | | 12/18/12 - Dep. Ex. 12, (Letter from Edward McNeil to Lamont Satchel) Deposition of Lamont Satchel, September 19, 2013 | |
| 522. | | 12/19/12 - Dep. Ex. 13, (Budget Required Furlough) Deposition of Lamont Satchel, September 19, 2013 | |
| 523. | | 12/19/12 - Moore Dep. Ex. 7, DTMI00106319 - 106320, (Email from Van Conway to Moore Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 524. | | 12/19/12 - Moore Dep. Ex. 8, DTMI00079526, (Email from Moore to Kriss Andrews etc Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 525. | | 12/19/12 - Moore Dep. Ex. 9, (Email from Kriss Andrews to Baird Re: scope of work for Conway MacKenzie) | |
| 526. | | 12/19/12 - Moore dep. Ex. 10, DTMI00079528 - 79530 (Exhibit A Conway MacKenzie Scope of Services for January 9, 2013 through December 31, 2013) | |
| 527. | | 12/27/12 - Dep. Ex. 17 (Caremark/CVS Letter), Deposition of Lamont Satchel, September 19, 2013 | Hearsay; Relevance |
| 528. | | 01/2013 - Dep Ex. 5, (Water Supply System Capital | Hearsay; |

| | | | |
|---|---|---|---|
| | | Improvement Program Fiscal Years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 529. | | 01/2013 - Dep. Ex. 6, (Sewage Disposal System, Capital Improvement Program, Fiscal years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Hearsay; Relevance |
| 530. | | 01/03/13 - Dep Ex. 14, (Letter from Lamont Satchel to Ed McNeil in Response to December 28, 2012 Letter) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 531. | | 01/14/13 - DMTI00079665 - 79667(email from Kriss Andrews re: Professionals Call on Retiree Health Care Issues) | |
| 532. | | 01/22/13 - DMTI00079569 - 79574, (Email from Kriss Andrews to Himself attaching Executive Summary of Detroit Restructuring Plan) | |
| 533. | | 01/23/13 - Dep. Ex. 15, (Letter from Lamont Satchel to Ed McNeil responding to information request submitted December 18, 2012) Deposition of Lamont Satchel, September 19, 2013 | |
| 534. | | 01/25/13 - Dep. Ex. 16, (Letter from Ed McNeil to Lamont Satchel in preparation for meeting January 30, 2013) Deposition of Lamont Satchel, September 19, 2013 | |
| 535. | | 01/16/13 - Moore Dep. Ex. 11, DTMI00078909 - 78969 (Conway MacKenzie Professional Service Contract Transmittal Record approved January 16, 2013) | |
| 536. | 418 | 01/29/13 - DTMI00128731-128805, (Pitch Presentation given to the City by the City's Law Firm) | |
| 537. | 400 | 1/30/13 - JD-RD-0000113, (Email From Richard Baird forwarded by Corinne Ball to Heather Lennox "Bet he asked if Kevyn could be EM!") | |
| 538. | | 01/31/12 - JD-RD-0000177 -178, (10:52 email between Orr and his colleague) | |
| 539. | 403 | 01/31/13 - JD-RD-0000295 - 296 (3:45:47 PM Email between Kevyn Orr and Corinne Ball Re: Bloomberg | |

| | | | |
|---|---|---|---|
| | | involvement as a bad idea & new law as a "redo" of prior rejected law) | |
| 540. | 401 | 01/31/13 - JD-RD-0000303, (5:23:09 PM Email between Kevyn Orr and colleague re conversation with Richard Baird re: consideration of EM job; in response to email from Corinne Ball re: Bloomberg Foundation and financial support for EM & project) | |
| 541. | 402 | 01/31/13 - JD-RD-0000300 - 302, (4:10:58 PM Email exchange between Orr and Daniel Moss Re: prudence of making Detroit a "national issue" to provide "political cover" & best option to go through chapter 9) | |
| 542. | | 02/11/13 - DMTI00083374 - 83394, (City of Detroit FAB Discussion Document) | |
| 543. | 417 | 02/07/13 - JD-RD-0000334 - 336, (Email String between Richard Baird and Kevyn Orr re: Details of Emergency Manager Employment) February 12-13 | |
| 544. | | 02/12/13 - JD-RD-0000327, ( Email string between Richard Baird, Andy Dillon, Kevyn Orr and Others regarding schedule for Orr Visit on February 11, 2013) February 7, 2013-February 11, 2013 | |
| 545. | 420 | 02/13/13 - JD-RD-0000354-355, (Email String Regarding Prospect of Orr accepting position as Emergency Manager) February 13, 2013-February 15, 2013 | |
| 546. | | 02/18/13 - Moore Dep. Ex. 18, DTMI00103661 - 103663, (Email from Moore to Bill Pulte re: Pulte Capital Partners LLC employment to clear blight) | |
| 547. | | 02/19/13 - DTMI00080488 - 80508, (2013 Financial Review Team Report) | |
| 548. | | 02/19/13 - DTMI00080488 - 80508, (Supplemental Documentation of the Detroit Financial Review team Report) | |
| 549. | 405 | 02/20/13 - JD-RD-0000216 - 218, (Email attaching summary of partnership – Governor, Mayor & EM) | |
| 550. | 406 | 02/22/13 - JD-RD-0000459 - 464, (Email exchange concerning summary of partnership Exchange with Orr and Baird, forwarding exchange between Baird and Snyder) February 20- 22, 2013 | |

| | | | |
|---|---|---|---|
| 551. | | 02/22/13 - DTMI00097150 - 97154, (Letter from Irvin Corley, Director Fiscal Analysis Division and David Whitaker, Director Research & Analysis Division to Councilmembers Providing Comments on the Report of the Detroit Financial Review Team report) | |
| 552. | 419 | 03/2013 - DMTI00078433 - 78470, (City of Detroit Restructuring Plan, Mayor's Implementation Progress Report) | |
| 553. | | 03/01/13 - DTMI 00124558 - 24562, (Governor's Determination of Financial Emergency) | |
| 554. | | 03/11/13 - Moore Dep. Ex. 13, DTMI00078028–78046, (FAB Discussion Document) | |
| 555. | | 03/27/13 - JD-RD-0000524 - 532, (Contract for Emergency Manager Services) | |
| 556. | | 04/05/13 - Moore Dep. Ex. 14 - DTMI00069987 – 70027, (City Council Review Restructuring Recommendations) | |
| 557. | | 04/08/13 - Moore Dep. Ex. 14 - DTMI00083414 – 83434 - (FAB Discussion Document) | |
| 558. | | 04/11/13 - , (Order No. 5, issued by the EM April 11, 2013, requires that the EM approve in writing of any transfers of the City's real property) | |
| 559. | | 05/02/13 - (Order No. 6, issued by the EM on May 2, 2013, directs the precise amount of deposits from the City to the Public Lighting Authority) | |
| 560. | 407 | 05/12/13 - DTMI00222548 - 222591, (Financial and Operating Plan) | |
| 561. | | 05/21/13 - Moore Dep. Ex. 4, DTMI00106352 - 6353, (email from Van Conway to Moore) | |
| 562. | | 05/21/13 - DTMI00106348 - 6349 (email exchange between Moore and Baird re: hiring of "Van" (Conway)) | |
| 563. | | 05/24/13 - Debtor's Omnibus Reply to Objections Ex. C, (Letter from Edward McNeil estimating savings from the Tentative Agreement of Approximately $50 million) | |
| 564. | 435 | 06/03/13 - Dep. Ex. 5, SOM20001327-1327-28, (Email String re: Financial and Operating Plan | Hearsay |

| | | Powerpoint January 3, 2013 through June 7, 2013) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
|---|---|---|---|
| 565. | | 06/10/13 - DTMI0011511-115432, (June 10 Presentation) | |
| 566. | 422 | 06/14/13 - DTMI00083043 - 83044, (letter from counsel to the City of Detroit to AFSCME) | |
| 567. | 408 | 06/14/13 - DTMI00227728 - 227861, (City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 568. | | 06/14/13 - DTMI00083741 - 83805, (Executive Summary of City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 569. | 423 | 06/17/13 - AFSCME000000040 - 41 Kreisberg letter to Miller Buckfire & Co., LLC. | |
| 570. | | 06/20/13 - DTMI00078574 - 78597, (Retiree Legacy Cost Restructuring, Uniform Retirees June 20, 2013 Presentation) | |
| 571. | | 06/20/13 - DTMI00078598 - 78621, (Retiree Legacy Cost Restructuring, Non-Uniform Retirees June 20, 2013 Presentation) | |
| 572. | | 06/21/13 - DMTI00099297 - 99298, (Email Sonya Mays to herself Re: refining current responsibilities to align more closely with City's financial restructuring effort) | |
| 573. | 421 | 06/21/13 - DTMI00078573 - 78621, (email from Lamont Satchel to David Bing and others attaching Emergency Manager's current restructuring plan for healthcare benefits and pensions) | |
| 574. | | 06/27/13 - DTMI00084443, (letter from counsel to the City of Detroit to AFSCME) (Letter to Ed- not letter included in objection) | |
| 575. | | 06/28/13 - DTMI00135831, (June 28, 2013 email from counsel to the City of Detroit to AFSCME) | |
| 576. | | 06/30/13 - DTMI00175701 - 175736, (City of Detroit Water Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |

13-53846-swr   Doc 2476-17   Filed 01/08/14   Entered 01/08/14 15:47:32   Page 247 of
13-53846-swr   Doc 2406-17   Filed 11/08/13   Entered 11/08/13 15:47:38   Page 247 of

| 577. |     | 06/30/13 - DTMI00175663 - 74700, (City of Detroit Sewage Disposal Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |
|------|-----|------|------|
| 578. | 430 | 07/02/13 - AFSCME000000036 - 39, (Kreisberg letter to counsel to the City of Detroit) | |
| 579. | 431 | 07/03/13 - DTMI00084320 - 84321, (letter from counsel to the City of Detroit to AFSCME) | |
| 580. |     | 07/04/13 - DTMI00109900 -109901, (Email from Dana Gorman to Bill Nowling attaching Communications Rollout) | Hearsay |
| 581. | 436 | 07/08/13 - Dep. Ex. 7, SOM200003601, (Email re: Detroit and Pension Cuts) Deposition of Richard Baird, October 10, 2013 | |
| 582. |     | 07/08/13 - SOM20010097, (Email from Bill Nowling to Governor's Office Attaching July 4, 2013 Spreadsheet entitled "Chapter 9 Communications Rollout") | Hearsay |
| 583. |     | 07/18/13 - (Order No. 10, issued by the EM on July 8, 2013, suspends the Detroit Charter's requirement for filling vacancies on City Council) | |
| 584. |     | 07/09/13 - SOM20010234, (Email from Treasurer Andy Dillon to the Governor and other Individuals in the Governor's Office) | Hearsay |
| 585. | 437 | 07/09/13 - Dep. Ex. 8, SOM200003657, (email re: Detroit and Referencing Meeting Keyvn Orr to have with pensions) Deposition of Richard Baird, October 10, 2013 | Hearsay |
| 586. |     | 07/11/13 - DMTI00104215-104217, (Email from Dave Home to Kenneth Buckfire forwarding pre-read for call regarding options for protecting art) | Hearsay |
| 587. | 409 | 07/16/13 - DTMI00099244 - 99255, (Emergency Manager Recommendation of Chapter 9 Filing) | |
| 588. |     | 07/17/13 - DTMI00128729-128730, (Email from Ken Buckfire regarding the deal reached between the City and its swap counterparties) | Hearsay |
| 589. | 429 | 07/17/13 - DTFOTA0000001 - 8, (Ernst & Young Amendment No. 7 to Professional Services Contract with City of Detroit) | |
| 590. | 410 | 07/18/13 - DTMI00116442 - 116445, (Governor's | |

| | | | |
|---|---|---|---|
| | | Authorization of Chapter 9 Filing) | |
| 591. | | 07/18/13 - Decl. Ex. A (Temporary Restraining Order dated July 18, 2013) Kreisberg Declaration, August 19, 2013 | |
| 592. | | 07/19/13 - Ex. B (Order of Declaratory Judgment dated July 19, 2013) Kreisberg Declaration, August 19, 2013 | |
| 593. | | 07/19/13 - DTMI00116442-116445, (email re: High Priority with attached July 18, 2013 Letter re Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 594. | | 08/06/13 - AFSCME000000050, (Kreisberg letter to counsel to the City of Detroit) (no attachment) | Relevance |
| 595. | | 08/08/13 - AFSCME000000045 - 46, (letter from counsel to the City of Detroit to AFSCME) | Relevance |
| 596. | 413 | 09/11/13 - Ex. 14, (Retiree Legacy Cost Restructuring Presentation) Deposition of Kevyn Orr, September 16, 2013 | Relevance |
| 597. | | 09/13/13 - DTFOTA1 – 153, (Letter from Jones Day to Caroline Turner attaching documents relied upon in Buckfire and Malhotra Depositions) Deposition of Kenneth A. Buckfire, September 20, 2013 | |
| 598. | | 10/09/13 - Ex. 11, (Email Subject: High Priority) Deposition of Governor Richard Snyder, October 9, 2013 | |
| 599. | | DTMI00117210 -117215, (Detroit City Council Rationale for Appeal) | Authentication; Relevance |
| 599-0 | | Ex. 18, (City Government Restructuring Program Hot Items) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay |
| 599-1 | | NERD Tax Return | Authentication; Hearsay; Relevance |
| 599-2 | | 6/11/13 – DTMI00234907-908, Dep. Ex. 9, (Email re: Professional Fees) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 599-3 | | 09/16/13 - Ex. B, (Deposition Transcript of Emergency Manager Kevyn Orr September 16, 2013) | |

| | | | |
|---|---|---|---|
| | | Declaration of Michael Artz. | |
| 599-4 | | 10/04/13 - Ex. E, (Transcript of continued deposition testimony given by Emergency Manager Kevyn Orr) Declaration of Michael Artz. | |
| 599-5 | | 10/09/13 - Ex. A, (Deposition Transcript of Governor Richard Snyder) Declaration of Michael Artz. | |
| 599-6 | | 09/20/13 - Ex. C, (Deposition Transcript of Guarav Malhotra) Declaration of Michael Artz. | Hearsay |
| 599-7 | | 09/18/13 - Ex. D, (Deposition of Charles Moore) Declaration of Michael Artz. | Hearsay |
| 599-8 | | Any and all documents, correspondence and/or other materials authored by any witnesses identified in City's witness list that contain relevant facts and/or information regarding this matter | |
| 599-9 | | Any and all exhibits identified by any party. | |

# ATTACHMENT E

**THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED
<u>(1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION</u>**

## THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

### I.    *Witness List*

A.    The UAW and Flowers hereby submit this consolidated list of individuals who will be called as witnesses in the eligibility trial:

      1.    Michael Nicholson - Subject:  City's pre-petition meetings with stakeholders and status of the employees and retirees of the Detroit Public Library

      2.    Jack Dietrich – history of bargaining between UAW Local 2211 and City

      3.    Janet Whitson –impact of pension cuts on retirees, including Detroit Public Library Retirees

      4.    Michigan Governor Rick Snyder – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

      5.    Michigan Treasurer Andy Dillon – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

      6.    Michigan Transformation Manager Rick Baird – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

C.    The UAW hereby reserves the right to call as witnesses any witness called by any other party.

## II. Exhibit List

The UAW hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Exhibit Numbers | | Exhibit | Objections |
|---|---|---|---|
| **UAW** | **Common** | | |
| 600 | 418. | Orr deposition Exh. 21 (Jones Day 1/29/13 pitchbook) | |
| 601 | 400 | Orr deposition Ex. 1, JD-RD-0000113 (email chain) | |
| 602 | 401. | Orr deposition Ex. 2, JD-RD-000303 (email chain) | |
| 603 | 402 | Orr deposition Ex. 3, JD-RD-0000300-302 (email chain) | |
| 604 | 405. | Orr deposition Ex. 6, JD-RD-0000216-218 (email chain) | |
| 605 | 407 | Orr deposition Ex. 8, (no Bates stamp) (5/12/13 EM Financial and Operating Plan) | |
| 606 | 408. | Orr deposition Ex. 9 (6/14/13 Proposal for Creditors) | |
| 607 | 409. | Orr deposition Ex. 10 (no Bates stamp) (7/16/13 EM letter to Governor) | |
| 608 | 410. | Orr deposition Ex. 11 (no Bates stamp) (7/18/13 Governor letter to EM) | |
| 609 | 414. | Orr's 7/18/13 declaration [Docket No. 11] | |
| 610 | None. | Orr deposition Ex. 17, City's responses to Retirement System's Admissions Requests [Docket No. 15] | |
| 611 | 410. | Orr deposition Ex. 18, DTMI00082699 (6/27/13 Jones Day letter to John Cunningham) | |

74

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 15:17:32   Page 253 of
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 95 of 142
471

| | 436. | 7/8/13 email from Treasurer Dillon to Governor Snyder, (SOM20003601) | Hearsay |
|---|---|---|---|
| 612 | None | Buckfire deposition Ex. 13, DTM00103931-932 (Email chain) | Hearsay |
| 613 | 421. | Lamont Satchel deposition Ex. 18 (June 20, 2013 proposal). | Hearsay |
| 614 | None. | Rick Snyder Dep. Ex. 10, City of Detroit Chapter 9 Communications Rollout Plan | Hearsay |
| 615 | 437. | Rick Snyder Dep. Ex. 9, 7/9/13 email from Dillon to Snyder | Hearsay |
| 616 | 436. | Rick Snyder Dep. Ex. 8, 7/8/13 email from Dillon to Snyder | Hearsay |
| 617 | 435. | Rick Snyder Dep. Ex. 7 | Hearsay |
| 618 | 434. | Rick Snyder Dep. Ex. 6 | Hearsay |
| 619 | None | Rich Baird deposition Ex. 5 2/20/13 email from Baird to Orr | Relevance |
| 620 | None | Rich Baird deposition Ex. 6, 2/22/13 email from Baird to Orr | Relevance |
| 621 | 438 | Andy Dillon deposition Ex. 5, 7/19/email | Hearsay |
| 622 | None | Andy Dillon deposition Ex. 7, 3/2/12 email | Hearsay; Relevance |
| 623 | None | UAW document production bates-stamped 302-303 (Michael Nicholson question cards) | |
| 624 | None | 7/18/13 Michael Nicholson affidavit, with attachments A and B | Hearsay; Relevance |

## III.   RESERVATION OF RIGHTS

UAW and the *Flowers* Plaintiffs anticipate filing motions challenging certain assertions of privilege made by the City and/or by the State.  Should the Court as a result of such motions find that the City and/or State improperly withheld testimony or documents, the UAW and *Flowers* Plaintiffs reserve the

75

13-53846-swr   Doc 2470-17 Filed 01/11/14 Entered 01/11/14 15:43:58   Page 25 of 42
13-53846-swr   Doc 1606-17 Filed 11/08/13 Entered 11/08/13 14:17:58   Page 96 of 102
471

right to supplement or modify their exhibit and witness lists and statement of claim.

# ATTACHMENT F

**THE DETROIT PUBLIC SAFETY UNIONS'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

13-53846-swr Doc 2470-17 Filed 01/16/14 Entered 01/16/14 15:17:32 Page 256 of 142
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 98 of 142
471

## THE DETROIT PUBLIC SAFETY UNIONS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") through their counsel, Erman, Teicher Miller, Zucker & Freedman, P.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.     *Witness List*

A.     The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1.     Daniel F. McNamara (see Declaration, Dkt. 512-6)
        c/o Erman, Teicher Miller, Zucker & Freedman, P.C
        400 Galleria Officentre, Suite 444
        Southfield, MI  48034
        Telephone: (248) 827-4100

Mr. McNamara will testify about his duties as president of the DFFA, his responsibilities and the responsibilities of the DFFA on behalf of its members, and his dealings with representatives of the City prior to and after the filing of the chapter 9 petition.  In particular, he will testify about correspondence with Lamont Satchel that addressed the termination of 2009 – 2013 Collective Bargaining Agreement effective 11:59 p.m. June 30, 2013; the City's terms and conditions of employment following the expiration of the CBA; and follow up meetings.  Mr. McNamara will testify about the City's unilateral imposition of wage cuts, cuts to health care benefits and pension restructuring proposals, and that there were no negotiations between the City and the DFFA, despite the DFFA's willingness to participate at meetings.

78

2.    Mark Diaz  (see Declaration, Dkt. 512-1)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr.  Diaz will testify about his duties as president, his responsibilities and the responsibilities of the DPOA on behalf of its members,   and his efforts to negotiate and arbitrate labor matters with the City.  In particular, Mr. Diaz will testify about  the Act 312 Arbitration and the awards that were issued as a result of same. He will testify that the City's lack of negotiations; the City's announcement of  its intention to impose new health care plans on the DPOA and other Public Safety Unions which significantly increase the members' out of pocket medical costs; and about the  "informational meetings" in June and July 2013, at which representatives from  Jones Day presented very general outlines of the City's restructuring proposal.

3.    Mark Young (see Declaration, Dkt. 512-7)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr. Young will testify about his duties as president, his responsibilities and the responsibilities of the DPLSA on behalf of its members.  Mr. Young will testify about the DPLSA Feb. 4, 2013 Petition for Act 312 arbitration and the subsequent action of the City claiming it was not obligated to engage in bargaining under the Public Employment Relations Act, MCL 423.201 et seq as a result of Section 27(3) of Public Act 436; the decision of the MERC on July 14, 2013 granting the City's motion to dismiss the Act 312 arbitration; and the City's   subsequent statements that it had  no obligation to bargain with the DPLSA.  He will also testify about the City's actions in June and July 2013 relative to the termination of the CBA and the City's intent to impose changes to wages, benefits and working conditions, and correspondence with Lamont Satchel, the City Labor Relations Director.   Mr. Young will testify about presentations made by the City in June and July 2013 relative to pension restructuring and health plan changes for DPLSA members, and other meetings with the City/Emergency Manager to talk about employment issues

79

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 15:47:32   Page 258 of
471
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 95 of 142

for DPLSA members, and the City's statement that the meetings should not be categorized as negotiations.

    4.     Mary Ellen Gurwitz  (see Declaration, Dkt. 512-8)
             c/o Erman, Teicher Miller, Zucker & Freedman, P.C
             400 Galleria Officentre, Suite 444
             Southfield, MI  48034
             Telephone: (248) 827-4100

Ms. Gurewitz will testify about the lack of negotiations between the DPCOA and the City and the terms that have been imposed by the City, and, in particular, the lack of negotiations with the City prior to the chapter 9 filing.

    B.     The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

    1.     Jeffrey M. Pegg, Vice President, DFFA Local 344

    2.     Teresa Sanderfer, Secretary, DFFA Local 344 Committee Member

    3.     Robert A. Shinske, Treasurer, DFFA Local 344

    4.     Linda Broden, Sergeant at Arms, DPOA RDPFFA

    5.     Rodney Sizemore, Vice President

    6.     Steve Dolunt, President, DPCOA

    7.     James Moore, Vice president, DPCOA

Each of the Detroit Public Safety Unions reserves the right to call any witness listed by the City, the State of Michigan or by any objecting party.

    C.     Witnesses from Deposition testimony:

Each of the Detroit Public Safety Unions reserves the right to  offer any portion of any deposition designated by any other objecting party.

## II.    Exhibit List

The Detroit Public Safety Unions' hereby submit this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Public Safety Unions' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 704 | DFFA letter dated July 12, 2013 | |
| 705 | Jones Day letter of July 17, 2013 | |
| 706 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354 Panel's Findings, Opinion and Orders | Hearsay; Relevance |
| 707 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354, Supplemental Award | Hearsay; Relevance |
| 708 | City of Detroit v. DPOA MERC Case No.D12 D-0354 Chairman's Partial Award on Health Insurance | Hearsay; Relevance |
| 709 | Letter from Jones Day, Brian West Easley, dated June 14, 2013 | |
| 710 | Letter from Jones Day, Brian West Easley, dated June 27, 2013 | |
| 711 | DFFA Master Agreement, 2001-2009 | |
| 712 | DFFA Act 312 Award, dated Oct./Nov. 2011 | Hearsay; Relevance |
| 713 | DFFA Supplemental Act 312 Award | Hearsay; Relevance |
| 714 | DFFA Temporary Agreement | Hearsay; Relevance |
| 715 | DPLSA Master Agreement, 2009 | |
| 716 | DPCOA Master Agreement | |
| 717 | DPCOA Temporary Agreement | Hearsay; Relevance |
| 718. | City of Detroit v. DPOA MERC Case No.D09 F-0703 Decision and Order | Hearsay; Relevance |

81

13-53846-swr   Doc 2470-17   Filed 01/11/14   Entered 01/11/14 15:43:58   Page 26 of 42
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 14:17:38   Page 92 of 142
471

| 719 | City of Detroit v. DPOA, No. C07 E-110 | Hearsay; Relevance |

Each of the Detroit Public Safety Unions reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other objecting party.

13-53846-tjt   Doc 2470-17   Filed 01/13/14   Entered 01/14/15 17:03:32   Page 261 of 102
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 93 of 142
471

# ATTACHMENT G

**THE RETIREMENT SYSTEMS' CONSOLIDATED
(1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

**THE RETIREMENT SYSTEMS' CONSOLIDATED
(1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems"), through their counsel, Clark Hill PLC, hereby submits the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

*I.*     *Witness List*

A.     The Retirement Systems hereby submit this consolidated witness list of individuals who will be called as witnesses via deposition and/or live testimony in the eligibility trial:

> 1.     Kevyn D. Orr, Emergency Manager for the City of Detroit
>
> 2.     Andrew Dillon, Michigan Treasurer (via deposition or live)
>
> 3.     Richard Snyder, Michigan Governor (via deposition or live)
>
> 4.     Kenneth Buckfire, Miller Buckfire (via deposition or live)

B.     The Retirement Systems hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

13-53846-swr   Doc 2476-17   Filed 01/31/14   Entered 01/31/14 17:39:32   Page 263 of
471
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 95 of 142

1. Glenn Bowen, Milliman Principal and Consulting Actuary Glenn Bowen (via deposition)

2. Lamont Satchel, Michigan Labor Relations Director Lamont Satchel (via deposition)

3. Charles Moore, Conway Mackenzie Managing Director (via deposition)

4. Bradley A. Robins, Head of Financing Advisory & Restructuring for North America at Greenhill & Co., LLC

5. Eric Mendelsohn, Managing Director of Greenhill & Co., LLC

6. David Bing, Mayor for the City of Detroit (via deposition)

7. Howard Ryan, State of Michigan 30(b)(6) Witness (via deposition)

C.     The Retirement Systems hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.     The Retirement Systems hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

## II.     *Exhibit List*

The Retirement Systems hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

85

13-53846-swr   Doc 2470-17   Filed 01/14/14   Entered 01/14/14 15:17:38   Page 264 of 471
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 96 of 142

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 801 | 404 | OrrDep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 802 | 418 | 01/29/13 – Orr Dep. Ex. 21, DTMI00128731–805 (Jones Day 1/29/13 Pitchbook) | |
| 803 | 400 | 01/30/13 – OrrDep. Ex. 1, JD–RD–0000113 (email chain) | |
| 804 | 403 | 01/31/13 – OrrDep. Ex. 4, JD–RD–0000295–96 (email chain) | |
| 805 | 402 | 01/31/13 – OrrDep. Ex. 3, JD–RD–0000300–02 (email chain) | |
| 806 | 401 | 01/31/13 – OrrDep Ex. 2, JD–RD–0000303 (email chain) | |
| 807 | 417 | 02/13/13 – OrrDep. Ex. 20, JD–RD–0000334–36 (email chain) | |
| 808 | 420 | 02/15/13 – OrrDep. Ex. 25, JD–RD–0000354–55 (email chain) | Authentication ; Hearsay |
| 809 | 405 | 02/20/13 – OrrDep. Ex. 6, JD–RD–0000216–18 (email chain) | |
| 810 | 406 | 02/22/13 – OrrDep. Ex. 7, JD–RD–0000459–64 (email chain) | |
| 811 | 419 | 03/2013 – Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 812 | 407 | 05/12/13 – Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 813 | 408 | 06/14/13 – Orr Dep. Ex. 9, Dkt. 438–16 (City of Detroit Proposal for Creditors) | |
| 814 | 416 | 06/27/13 – Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 815 | 411 | 07/12/13 – Orr Dep. Ex. 12, Dkt. 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| 816 | 412 | 07/17/13 – Orr Dep. Ex. 13, Dkt. | |

13-53846-swr   Doc 2473-17   Filed 01/11/14   Entered 01/11/14 17:39:32   Page 265 of 471
13-53846-swr   Doc 4606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 265 of 471
471

| | | | |
|---|---|---|---|
| | | 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| 817 | 409 | 07/16/13 – Orr Dep. Ex. 10, Dkt. 11–10 (letter Re: Recommendation Pursuant to Section 18(I) of PA 436) | |
| 818 | 410 | 07/18/13 – Orr Dep. Ex. 11, Dkt. 11–11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 819 | 413 | 09/11/13 – Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 820 | 415 | 09/13/13 – Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' Frist Requests for Admission Directed to the City of Detroit | |
| 821 | 425 | 11/16/12 – Bowen Dep. Ex. 9, DTMI00066269–74 (letter Re: DGRS Simple Projection) | |
| 822 | 426 | 05/20/13 – Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| 823 | 427 | 05/21/13 – Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| 824 | 424 | 09/24/13 – Bowen Dep. Ex. 4, DTMI00066176–90 (letter Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA) | |
| 825 | 428 | 09/24/13 – Bowen Dep. Ex. 14, (letter Re: One–Year Service | |

87

| | | | |
|---|---|---|---|
| | | Cancellation for DRGS and PFRS) | |
| 826 | 422 | 06/14/13 – Satchel Dep. Ex. 19, Dkt. 438–7(letter Re: Retiree Benefit Restructuring Meeting) | |
| 827 | 423 | 06/17/13 – Satchel Dep. Ex. 20, Dkt. 438–6 (letter Re: Request from EFMfor additional information) | |
| 828 | 421 | 06/21/13 – Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 829 | 430 | 07/02/13 – Dkt. 438–9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 830 | 431 | 07/03/13 – Dkt. 438–10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 831 | | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097–100, plus unnumbered timeline attachment) | Hearsay |
| 832 | 434 | 07/17/2013 – Timeline/City of Detroit Chapter 9 Communications Rollout Plan (Snyder Dep 6, SOM20001331, plus unnumbered attachment) | Hearsay |
| 833 | | 01/29/2013 – Baird Dep. Ex. 1 – Presentation to the City of Detroit, Jones Day (DTMI00128731–805) | |
| 834 | 438 | 07/09/2013 – Dillon Dep. Ex. 5 – Email A. Dillon to R. Snyder, D. Muchmore, R. Baird re: Detroit (SOM20010234) | Hearsay |
| 835 | | 04/15/2013 – Email T. Stanton to B. Stibitz re: crains (SOM20009880) | Hearsay |
| 836 | | 03/13/2013 – Email A. Dillon to | Hearsay |

| | | | |
|---|---|---|---|
| | | T. Saxton, B. Stibitz, F. Headen re: KO (SOM20009255–56) | |
| 837 | | 02/27/2013 – Email J. Martin to C. Ball (cc: A. Dillon, K. Buckfire) re: Solicitation for Restructuring Legal Counsel (DTMI00234545) | |
| 838 | | 05/12/2013 – Vickie Thomas CBS Detroit report re *Detroit EM Releases Financial Plan; City Exceeding Budget By $100M Annually* | Hearsay |
| 839 | | 05/12/2013 – Financial and Operating Plan, City of Detroit, Office of Emergency Manager, Kevyn D. Orr | |
| 840 | | 03/25/2012 – Email L. Marcero to K. Buckfire, etc. re: FW: Comments to draft from the City 3/23 (DTMI00234777–78) | Hearsay |
| 841 | | 03/29/2012 – L. Marcero to K. Buckfire, et al. re: FW: Revised Agreement (DTMI00234774–76) | Hearsay |
| 842 | | 05/20/2012 – H. Sawyer to K. Buckfire, et al. re: Detroit Update (DTMI00234763–64) | Hearsay |
| 843 | | 6/5/2012 K. Herman to K. Buckfire, et al. re: Detroit consent agreement lawsuite to be heard by Ingham County Judge Collette (DTMI00234761–62) | Hearsay |
| 844 | | 6/5/2012 – T. Wilson to H. Lennox re: meeting with Governor and conversation with K. Buckfire and Memos for Andy Dillon (DTMI00233348–49) | |
| 845 | | 3/24/2012 Email to Ken Buckfire from L. Marcero (DTMI00234796—798) | Hearsay |
| 846 | | 3/2/2012 – Email RE: PA 4 and | Hearsay |

| | | | |
|---|---|---|---|
| | | Consent Agreement (Dillon Ex. 6, DTMI0023878–80) | |
| 847 | | 12/5/2012—Email K. Buckfire to C. Ball, et al. (DTMI00234741–48) | |
| 848 | | 6/27/2013 Email from Tom Saxton and Terry Stanton (SOM20002871) | Hearsay |
| 849 | | 3/3/2012 Email to Andy Dillon (Dillon Ex. 7, DTMI00234877) | Hearsay |
| 850 | | 3/7/2012 Email to Ken Buckfire (DTMI00234867–234871) | |
| 851 | | 3/24/2012 Email RE: Andy Dillon and Ch. 9 (DTMI00234799–800) | |
| 852 | | 3/24/2012 Email to Ken Buckfire RE: Meeting w/ Dillon RE: PA, PA 72, Ch. 9 filing (DTMI00234796–234798) | Hearsay |
| 853 | | 1/28/2013 Email to Orr RE: RFP (DTMI00235165–66) | Hearsay |
| 854 | | 11/21/2012 Email to Ken Buckfire (Buckfire Dep. Ex. B13, DTMI00103933–34) | Hearsay |
| 855 | | 1/30/2013 Email to K. Orr RE: RFP by MB (DTMI00234685) | Hearsay |
| 856 | | 3/22/2013 Treasury Email RE: Milliman report (Dillon Exhibit 8, SOM20009920–9921) | Hearsay |
| 857 | | 3/5/2012 Email to Andy Dillon (DMT00231930) | |
| 858 | 436 | 7/8/2013 Email from Dillon to Governor (Baird Dep Ex. 7, SOM20003601) | Hearsay |
| 859 | | 3/10/2012 Email to K. Buckfire (DTMI00234852–863) | |
| 860 | | 1/28/2013 Email to K. Orr RE: Detroit Ch. 9 (DTMI00234687) | |
| 861 | | 1/30/2013 Email to K. Orr RE: RFP Process (DTMI00234684– | Hearsay |

| | | 86) | |
|---|---|---|---|
| 862 | | 3/24/2012 Email to K. Buckfire RE: Update on Meeting with State Today (DTMI00234779–4788) | |
| 863 | | 3/22/3012 Email to Andy Dillon and K. Buckfire (DTMI00234814) | Hearsay |
| 864 | | 3/27/2012 Email to Chuck Moore (DTMI00235061) | Hearsay |
| 865 | | 2/11/2013 Email to K. Orr RE: Ch. 9 filing (DTMI00235163) | |
| 866 | | 1/15/2013 Email to K. Orr (DTM100235218) | |

13-53846-swr   Doc 2473-17   Filed 01/09/14   Entered 01/09/14 17:03:32   Page 270 of 242
13-53846-swr   Doc 1508-17   Filed 11/08/13   Entered 11/08/13 18:08:32   Page 90 of 142
471

# ATTACHMENT H

## OBJECTORS' OBJECTIONS TO THE CITY OF DETROIT
## DEBTOR'S LIST OF EXHIBITS

Objectors jointly submit the following objections to The City of

Detroit, Michigan (the "City's"), list of exhibits:

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 1. | Charter – City of Detroit [DTMI00230808-0933] | |
| 2. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008 [DTMI00230934-1157] | |
| 3. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009  [DTMI00231158-1378] | |
| 4. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010 [DTMI00230335-0571] | |
| 5. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011  [DTMI00230572-0807] | |
| 6. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012  [DTMI00231379-1623] | |
| 7. | November 13, 2012, Memorandum of Understanding City of Detroit Reform | |

13-53846-swr    Doc 4673-17    Filed 05/12/14    Entered 05/12/14 15:43:03    Page 90 of 142
13-53846-swr    Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:17:03   Page 272 of
471

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | Program  [DTMI00222996-3010] | |
| 8. | July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration") | Hearsay; Expert opinion |
| 9. | Cash Flow Forecasts [Malhotra Declaration Ex. A] | Hearsay; Expert opinion; Foundation |
| 10. | Ten-Year Projections [Malhotra Declaration Ex. B] | Hearsay; Expert opinion; Foundation |
| 11. | Legacy Expenditures (Assuming No Restructuring) [Malhotra Declaration Ex. C] | Hearsay; Expert opinion; Foundation |
| 12. | Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. D] | |
| 13. | Schedule of water system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. E] | |
| 14. | Annual Debt Service on Revenue Bonds [Malhotra Declaration Ex. F] | |
| 15. | Schedule of COPs and Swap Contracts as of June 30, 2012 [Malhotra Declaration Ex. G] | |
| 16. | Annual Debt Service on COPs and Swap Contracts [Malhotra Declaration Ex. H] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 17. | Schedule of UTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. I] | |
| 18. | Schedule of LTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. J] | |
| 19. | Annual Debt Service on General Obligation Debt & Other Liabilities [Malhotra Declaration Ex. K] | |
| 20. | July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration") | Hearsay; Expert opinion; Foundation |
| 21. | January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team [Orr Declaration Ex. C] | |
| 22. | March 26, 2012, Report of the Detroit Financial Review Team [Orr Declaration Ex. D] | |
| 23. | April 9, 2012, Financial Stability Agreement [Orr Declaration Ex. E] | |
| 24. | December 14, 2012, Preliminary Review of the City of Detroit [Orr Declaration Ex. F] | |
| 25. | February 19, 2013, Report of the Detroit Financial Review Team [Orr Declaration Ex. G] | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 26. | March 1, 2013, letter from Governor Richard Snyder to the City [Orr Declaration Ex. H] | |
| 27. | July 8, 2013, Ambac Comments on Detroit [Orr Declaration Ex. I] | Hearsay; Foundation; Relevance |
| 28. | July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436 [Orr Declaration Ex. J] | |
| 29. | July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding [Orr Declaration Ex. K] | |
| 30. | July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code [Orr Declaration Ex. L] | |
| 31. | Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration") | Hearsay; Expert opinion; Foundation |
| 32. | Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees [DTMI00084776-4924] | Hearsay; Authentication; Completeness; Foundation |
| 33. | Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo<br><br>[DTMI00231920] | Hearsay; Authentication; Foundation; Legibility; Relevance |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 34. | Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013<br><br>[DTMI00231927-DTMI00231929] | Hearsay; Authentication; Foundation; |
| 35. | Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013. [DTMI00231921-1926] | |
| 36. | FRE 1006 chart summarizing efforts to negotiate with union creditors. [DTMI-00235448] | |
| 37. | FRE 1006 chart summarizing efforts to negotiate with other creditors. [DTMI-00235447] | |
| 38. | FRE 1006 chart summarizing the City's projected cash flows. [DTMI00235438] | Hearsay; Foundation; Authentication |
| 39. | February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel [DTMI00125142-5183] | Hearsay; Foundation; Authentication; Relevance |
| 40. | List of Special Conferences for Association held with Members of Police Labor Relations [DTMI00125426] | Hearsay; Foundation; Authentication; Relevance |
| 41. | June 10, 2013, City of Detroit Financial and Operating Plan Slides [DTMI00224211-4231] | Hearsay; Authentication; Foundation; Expert opinion |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 42. | RSVP List for June 14, 2013 Proposal for Creditors Meeting [DTMI00125427] | |
| 43. | June 14, 2013, City of Detroit Proposal for Creditors [DTMI00227144-7277] | |
| 44. | June 14, 2013 Proposal for Creditors – Executive Summary [DTMI00227278-7342] | |
| 45. | List of Invitees to the June 20, 2013 Meetings [DTMI00128659-8661] | |
| 46. | Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring) [DTMI00235427-5434] | |
| 47. | Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring) [DTMI00235435-5437] | |
| 48. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees [DTMI00067906-7928] | |
| 49. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees [DTMI00067930-7953] | |
| 50. | Invitee List and Sign-in Sheet for the June 25, 2013 Meeting [DTMI00125428-5431] | |
| 51. | Cash Flow Forecasts provided at June 25, 2013 Meeting [DTMI00231905-1919] | Hearsay: Expert opinion; Authentication; Foundation |
| 52. | Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | meetings [DTMI00128274-DTMI0012835; DTMI00239435-DTMI0023446] | |
| 53. | List of Attendees at July 9 and 10, 2013 Creditor Meetings [DTMI00231791] | |
| 54. | Detroit Future City Plan 2012 [DTMI00070031-0213] | |
| 55. | Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings [DTMI00235408-5426] | |
| 56. | July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting [DTMI00229088-9090] | |
| 57. | July 10, 2012 City of Detroit Sign In Sheet for 3:30 PM Police and Fire Meeting [DTMI00229091-9094] | |
| 58. | July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting. [DTMI00229095-9096] | |
| 59. | July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting. [DTMI229102-9103] | |
| 60. | July 11, 2013 City of Detroit Union-Retiree Meeting Draft Medicare Advantage Plan Design Options [DTMI00135663] | |
| 61. | Correspondence between representatives of AFSCME and representatives of the City [Ex. F to the City of Detroit's Consolidated Reply to Objections to the Entry of an Order for Relief, Docket No. 765] | |
| 62. | Michigan Attorney General Opinion No. 7272 | Relevance; Foundation; Hearsay; Legal opinion |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 63. | July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims | |
| 64. | September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of The Bankruptcy Code | |
| 65. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066292-6307] | Hearsay; Expert opinion; Foundation |
| 66. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066176-6190] | Hearsay; Expert opinion; Foundation |
| 67. | June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066206-6210] | Hearsay; Expert opinion; Foundation |
| 68. | June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit [DTMI00225546-5596] | Hearsay; Expert opinion; Foundation |
| 69. | April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012 [DTMI00225597-5645] | Hearsay; Expert opinion; Foundation |
| 70. | June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit [DTMI | Hearsay; Expert opinion; Foundation |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | 00202414-2461] | |
| 71. | November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit [DTMI00202462-2491] | Hearsay; Expert opinion; Foundation |
| 72. | November 21, 2011 Memorandum from Irvin Corley Jr., to Council Members of the City of Detroit City Council [DTMI00202511-2523] | Hearsay; Expert opinion; Foundation |
| 73. | July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions | |
| 74. | July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st - June 30th) | |
| 75. | May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan | |
| 76. | Responses of International Union, UAW to Debtor's First Set of Interrogatories | |
| 77. | UAW Privilege Log | Relevance |
| 78. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories | |

13-53846-swr   Doc 2673-17   Filed 02/14/14   Entered 02/14/14 17:03:32   Page 280 of
471
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 14:43:03   Page 92 of 142

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 79. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories | |
| 80. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 81. | Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 82. | Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 83. | Answers to Debtor's First Interrogatories to Retiree Association Parties | |
| 84. | Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories | |
| 85. | Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories | |
| 86. | Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents | |
| 87. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 88. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents | |
| 89. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions | |
| 90. | The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents | |
| 91. | Response of Retiree Association Parties to Debtor's First Requests for Production of Documents | |
| 92. | Retired Detroit Police Members Association Response to Debtor's First Requests for Production | |
| 93. | June 14, 2013 Index Card #1 from Nicholson | |
| 94. | June 14, 2013 Index Card #2 from Nicholson | |
| 95. | June 20, 2013 Typewritten Notes from June 20, 2013 Presentation | Foundation; Hearsay |
| 96. | July 16, 2013 Nicholson Affidavit in Flowers | |
| 97. | August 19, 2013 UAW Eligibility Objection | |
| 98. | Nicholson Letter To Irwin re UAW Discovery Responses | |
| 99. | FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013 | |
| 100. | FRE 1006 Chart summarizing the approximate number of pages in | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | documents uploaded to the data room before July 18, 2013 | |
| 101. | Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room | |
| 102. | July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted] | |
| 103. | Any exhibit identified by any Objector. | |

# ATTACHMENT I

## IX. Objectors' Transcripts

**A.** The City and Objectors submit the following Objectors' consolidated deposition designations and the City's counter-designations.

      1.     Kevyn Orr, September 16, 2013 & October 4, 2013

### Objectors' Consolidated Designations

10:23 – 11:14
12:1 – 13:25
15:1 - 17
17:7 – 21:24
23:13 – 19
23:24 – 25
24: 4 – 25:22
26:20 – 25
29:6 –32:4
32:14 - 23
33:5 - 13
38:11 – 41:17
43:15 – 46:6
46:7 – 47:18
48:1 –49:8
50:23 – 52:9
53:20 - 56:21
57:11 –60:13
61:17 –62:24
63:25 – 64:11
65:15 – 66:1
69: 3 - 71:2
71:17 – 78:5
71:6 – 8

13-53846-swr   Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 285 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 71 of 142
471

78:17 – 79:6

79:16 – 80:8

80:25 – 82:23

82: 25 - p. 83:3

83:16 –84:2

84:13 –86, L. 1

85:19 – 86:1

86:16 – 95:1

95:6 –96:6

96:25 –108:7

102:6 - 104:7

104:14 – 108:7

110:12 - 121:12

122:7 – 123:14

123:17 – 125:10

127:24 – 130:23

132:12 – 135:4

136, L. 18 – 137:1

137:12 – 144:23

145:25 – 146:10

147: 19 - 25

148:16 – 153: 8

155:1 – 156:22

163:8-17

164:16-25

166: 12 - 24

168: 5 – 172:4

172:19 - 178:1

179: 2 - 185:23

187: 3 – 190:12

192:2 – 8

215:13 – 24

220: 19 – 221:10

222:13 – 223:21

107

13-53846-swr   Doc 2673-17   Filed 03/13/14   Entered 03/13/14 17:03:32   Page 286 of 242
13-53846-tjt   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:48:08   Page 93 of 142
471

225:16 –226:5
237:15 –238:5
239:7 – 15
246:12 –247:7
248:15 –249:5
251:16 – 18
252:4 – 5
252:12 – 253:16
257:17 – 20
260:8 - 21
261:21 – 262:4
262:13 - 23
263:22 – 264:19
266:18 – 25
267:11 – 268:1
270:25 – 272:6
272:20 – 273:13
273: 6 – 276:8
277:19 – 279:6
279:23 – 280:4
280:17 – 19
280:23 – 25
288:2 – 292:11
293:12 – 297:19
299:22 – 303:7
323:22 – 324:14
328:4 – 329:3
330:13 – 17
331:18 – 332:2
333:11 – 335:9
361:7 – 362:22
364:5 – 365:7
368:10-15
369:12 – 381:2
383:3 – 6
385:1-7

408:6 – 419:7
422:17 – 423:7
427:11 – 428:11
429:16 – 21
446:1 – 447:10
455:3 – 457:1
477: 8 - 481:22
489: 8 – 22

**City's Counter-Designations**

10:17 - 22
11:15 - 25
14:1 - 25
15:18 - 25
21:25-22:1
22:14 - 23:12
25:23 - 26:19
41:18;
 42:13 - 43:15
47:19 - 47:25
49:9 - 49:23;
50:8- 50:22
56:22 - 57:9
64:17 - 65:14
52:5 - 57:10;
68:7 - 69:2 ;
71:3 - 71:8
78:6 - 79:6
79:7 - 15
80:9 - 80:24
83:4 - 83:15
112:3 - 112:20
96:7 - 96:24;
108:18 - 109:17
104:8 - 104:13
108:18 - 109:17
123:15 - 123:18
125:11 - 125:16
130:24 - 131:17

148:1 - 15
162:1 -163:7
166:25 - 168:4
172:5 - 18
178:2 - 179:1
185:24 - 187:2
223:22 - 224:2
249:9 - 250:15
251:16 - 252:11;
255:23 - 256:24
257:24 - 258:13
262:5 - 262:12
263:19 - 263:21;
264:20 - 265:17
267:1 - 267:10
268:2 - 270:24;
272:7 - 272:19
273:14 - 276:8
280:5 - 280:16
280:20 - 280:23
281:1 - 281:9
285:6 - 285:11
220:19 - 221:10,
222:13 - 224:2
299:8 - 299:21
330:18 - 331:17
365:9 - 366:11;
367:19 - 368:7
428:12 - 429:15
447:11 - 448:21
369:12 - 369:19

2.    Dave Bing, October 14, 2013

**Objectors' Consolidated Designations**

9:17 – 19
14:9 - 21
20:19 – 24
45:24 – 46:10

110

13-53846-swr    Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 289 of 142
13-53846-swr    Doc 1606-17   Filed 11/08/13   Entered 11/08/13 16:43:03   Page 92 of 94
471

59:25 - 64:23

53:15 - 58:11

66:21 - 68:9

69:14 – 70:4

72:13 - 75:11

75:22 - 90:3

91:4 - 24

100:15 – 101:13

103:15 – 106:6

106:11 – 108:9

112: 13–21

116:17 – 117:11

## City's Counter-Designations

10:3 – 10:21
14:22 – 16:16
18:8 – 19:4
20:25 – 21:4
36:10 – 37:12
43:5 – 45:18
58:12 – 58:16
66:13 – 66:20
75:12 – 75:21
101:14 – 103:11
108:10 – 108:25
109:6 – 109:8

3. Charles Moore, September 18, 2013

**Objectors' Consolidated Designations**

8:4 - 8
12:3 - 6
36:9 - 12
50:2 - 51:1
51:9 - 17
52:5 - 20
53:25 - 54:11
61:18 - 62:7
62:25 - 63:12
64:6 - 7
64:9 - 14
64:16 - 20
65:4 – 13
70:16 - 18
91:20 - 23
110:12 - 22
126:22 - 127:14
130:25 - 131:14
134:23 – 135:16
138:7 - 139:9
140:16 - 141:22
150:16 - 151:5
151:7 - 18
151:20 - 152:1
152:2 - 7
152:8 - 21
156:18 - 25

**City's Counter-Designations**

15:9 - 16:13
20:14 - 24

13-53846-swr    Doc 2473-17    Filed 01/13/14    Entered 01/13/14 17:03:32    Page 291 of
13-53846-swr    Doc 1608    Filed 11/08/13    Entered 11/08/13 15:43:03    Page 23 of 142
471

22:2 - 12
34:16 - 36:8
49:8 - 25
59:7 - 61:17
92:1 - 11
123:22 - 124:25
131:15 - 22
132:18 - 133:15
137:14 - 138:6
166:1 - 21
168:5 - 8
168:16 - 20

4.    Glen Bowen, September 24, 2013

### Objectors' Consolidated Designations

12:7 - 9
19:12 - 20
34:8 - 21
35:12 - 36:4
43:15 - 44:8
63:21 - 64:5
73:7 - 21
91:18 - 92:13
93:4 - 14
98:13 - 99:3
99:9 - 17
100:18 - 22
129:14 - 22
130:8 - 132:11
133:10 - 134:18
141:9 - 17
142:1 - 6
142:8 - 19

113

143:1 - 6
143:8 - 19
146:8 - 19
147:2 - 148:15
148:19 - 149:3
149:6 - 8
150:5 - 15
177:18 - 178:3
192:8 - 193:11
194:4 - 12
198:5 - 7
198:17 - 19
203:20 - 204:9
204:11 - 14
204:16 - 19
205:7 - 206:11

## City's Counter-Designations

18:9 - 20
19:12 - 21:15
22:14 - 23:5
23:12 - 21
24:17 - 22
28:10 - 30:14
33:15 - 34:21
35:12 - 36:4
36:10 - 12
40:3 - 41:12
43:15 - 44:8
44:11 - 13
60:13 - 10
63:21 - 64:5
66:15 - 67:22
68:17 - 71:3

81:20 - 83:10
91:18 - 92:13
93:4 - 94:2
98:13 - 99:3
99:9 - 17
100:18 - 22
111:20 - 112:22
129:14 - 22
130:8 - 132:11
133:10 - 134:18
141:9 - 17
142:8 - 10
142:13 - 19
143:1 - 6
143:8 - 19
146:8 - 19
147:2 - 148:15
148:19 - 22
149:2 - 3
149:6 - 8
150:5 - 15
174:11 - 176:21
177:3 - 16
177:18 - 178:3
183:17 - 185:11
192:8 - 193:11
194:4 - 195:101
198:5 - 7
198:17 - 19
203:20 - 204:9
204:11 - 14
204:16 - 19
205:7 - 206:11

5.    Howard Ryan, October 14, 2013

13-53846-swr   Doc 2473-17 Filed 01/31/14   Entered 01/31/14 17:03:32   Page 294 of 442
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 926 of 942
471

Objectors designate the deposition transcript of Howard Ryan in its entirety.

The City objects to the following deposition testimony offered by Objectors.

Designation                         Objection
43:14-46 :23                        Speculation; Hearsay; Form; Foundation

## X.     City's Transcripts

A.     The City and Objectors submit the following City's deposition

designations and the consolidated Objectors' counterdesignations.

1.     Mark Diaz, October 20, 2013

**City's Designations**

10:6-13
14:23-15:12
16:1-25
17:17-18:7
19:17-20:5
20:8-17
21:6-14
22:6-23:24
24:15-20
26:5-9
26:12-27:14
28:3-29:1
29:11-31:16
32:19-21
33:22-35:5
35:9-36:10
38:8-20
38:24-40:21
41:1-21
44:1-15
46:15-20
47:7-48:5

116

48:18-21
49:4-7
49:18-23
51:25-52:19
53:9-10
53:18-55:14
59:13-20
61:20-62:1
62:21-64:1
64:25-65:17
65:22-66:4
66:20-67:6
67:16-68:6
69:19-24
75:22-76:1
76:8-77:8
78:4-79:20
80:6-20

2.     Mary Ellen Gurewitz, October 17, 2013

**City's Designations**

9:11-15
9:21-10:22
11:21-12:18
13:3-19
14:7-15:6
15:15-16:9

3.     Steven Kreisberg, October 18, 2013

**City's Designations**

6:4-6
7:21-9:2
9:14-11:9
11:13 - 19
12:10-13:9
13:20-14:15
14:16 - 20

117

13-53846-swr    Doc 2608-17   Filed 01/08/14   Entered 01/08/14 15:48:03   Page 28 of 142
13-53846-swr    Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 296 of
471

17:8-12
18:16-21:18
22:2-20
23:7-25:18
26:4-29:6
29:17-21
30:15-31:13
31:14
32:3-7
32:21-33:13
33:14-34:2
34:3-35:1
35:2-14
36:21-37:19
38:18-39:5
39:9-17
43:13-17
44:11-22
46:19-47:7
48:12-50:1
50:3-51:19
51:20-53:1
53:9-54:4
54:5-16
55:6-11
58:8-21
60:1-61:20
62:19-63:17
64:19-65:10
72:3-73:2
73:3-16
75:10-76:18
79:15-80:1
80:2-7
81:1-14
82:16-85:2
87:15-21
90:13-19
90:20-91:2
96:18-97:19
98:20-100:5
100:6-101:3
101:4-15
102:15-103:20

118

13-53846-swr    Doc 2473-17  Filed 01/31/14  Entered 01/31/14 17:03:32   Page 297 of
13-53846-swr    Doc 1608-17  Filed 11/05/13  Entered 11/05/13 16:03:32   Page 297 of 242
471

105:17-21
105:22-106:4
106:16-107:3
107:3-18
116:19-117:16
118:5-20
118:22-119:7
120:10-121:19
132:17-133:4
133:12-135:9
137:18-139:16
141:22-142:20
146:11-147:7

### Objectors' Consolidated Counter-Designations

11: 13 – 19
14: 16 – 20
31: 14
33: 14 – 34: 2
35: 2 – 14
36: 21 – 37: 19
38: 18 – 39: 5
44: 11 – 22
50: 3 – 51: 19
55: 6 – 11
62: 19 – 63: 17
64: 19 – 65: 10
73: 3 – 16
75: 10 – 76: 18
80: 2 – 7
81: 1 – 14
87: 15 – 21
90: 20 – 91: 2
100: 6 – 101: 3
105: 22 – 106: 4
118: 22 – 119: 7
132: 17 – 133: 4

4. Shirley V. Lightsey, October 18, 2013

119

13-53846-swr    Doc 2473-17    Filed 01/14/14    Entered 01/14/14 17:03:32    Page 298 of
13-53846-swr    Doc 1608-17    Filed 11/08/13    Entered 11/08/13 15:43:03    Page 93 of 142
471

## City's Designations

7:21-23
9:18-24
11:17-20
13:17-21
14:4-11
20:1-21:2
21:11-15
23:25-28:10
31:2-6
31:23-32:3
32:8-34:12
34:20-25
35:17-36:4
36:14-37:3
38:24-39:3
40:17-24
41:16-42:9
42:15-18
43:6-11
43:14-44:2
44:22-45:10
45:14-46:7
49:2-5
50:20-24
52:2-5
52:14-53:23
57:10-16
59:7-10
67:14-68:22
68:25-69:6
69:11-17

## Objectors' Consolidated Counter-Designations

8:4-12
8:17-21
21:3-10
21:16-23:4
30:1-13
30:25-31:1

120

31:13-22
32:4-7
42:19-43:5
44:3-21
46:15-47:16
47:22-48:1
48:9-21
49:6-14
51:1-14
58:14-59:6
59:20-60:17

5.    Michael Brendan Liam Nicholson, October 16, 2013

**City's Designations**

6:16-12:11
12:12-15:20
20:6-25:3
31:7-32:10
32:23-34:5
37:3-12
38:13-40:20
41:5-44:5
45:24-51:6
54:13-56:7
59:7-64:16
65:4-66:5
84:8-92:4
96:11-97:17
98:21-100:8
104:17-105:17
122:4-20
161:11-163:7
178:23-179:24
182:7-183:21
186:1-187:14
188:1-7
190:1-191:2
191:20-194:24
197:23-201:14

121

13-53846-swr    Doc 2473-17    Filed 01/31/14    Entered 01/31/14 17:03:32    Page 300 of
471
13-53846-swr    Doc 1606-17    Filed 11/08/13    Entered 11/08/13 15:43:03    Page 300 of 142

202:7-16
203:8-205:2

6.    Bradley Robins, October 22, 2013

**City's Designations**

13:8-19
14:8-15:12
15:16-17:4
17:13-15
25:3-20
26:8-16
27:2-10
30:10-15
30:23-31:3
32:20-33:18
34:2-11
36:7-25
37:18-21
38:10-25
39:7-17
40:17-21
41:22-25
42:1-43:25
44:16-20
45:12-14
45:18-23
46:2-20
50:15-51:7
53:3-54:14
54:25-55:2
55:9-23
56:2-20
58:2-7
64:21-65:8
65:21-25
67:22-68:11
69:20-70:2
70:10-71:14
72:7-20

122

76:2-5
76:14-17
76:23-77:1

7.    Donald Taylor, October 18, 2013

**City's Designations**

6:15-18
6:22-8:2
9:15-23
13:9-14:5
16:9-17:20
18:14-24
19:8-21:7
21:12-22:11
22:14-17
23:11-14
23:19-24:2
24:9-25:12
25:17-26:6
26:13-21
26:25-27:6
27:11-17
27:24-28:16
29:4-16
29:24-30:12
30:19-22
31:16-22
31:25-32:2
32:7-17
33:6-7
34:17-24
35:6-9
35:15-36:6
37:11-38:3
38:14-39:21

**Objectors' Consolidated Counter-Designations**

9:5-14

10:25-11:12
17:21-18:13
21:8-11
22:12-13
22:18-23:10
27:17-23
32:18-24
33:3-5
37:7-10
40:4-21

# **EXHIBIT 2**

## *Notice of Motion and Opportunity to Object*

13-53846-swr    Doc 2673-17  Filed 02/14/14  Entered 02/14/14 17:03:32  Page 304 of 342
13-53846-swr    Doc 1606-17  Filed 11/08/13  Entered 11/08/13 15:43:03  Page 306 of 342
471

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
                             :

In re                          : Chapter 9
                             :

CITY OF DETROIT, MICHIGAN,   : Case No. 13-53846
                             :

                    Debtor.    : Hon. Steven W. Rhodes
                             :

                             : **Expedited Consideration**
-------------------------------------------------------x **Requested**

## NOTICE OF MOTION OF DEBTOR FOR MODIFIED
## FINAL PRE-TRIAL ORDER

**PLEASE TAKE NOTICE** that on November 8, 2013, the Debtor, City of Detroit, filed its Motion of Debtor for Second Amended Final Pre-Trial Order (the "**Motion**") in the United States Bankruptcy Court for the Eastern District of Michigan (the "**Bankruptcy Court**") seeking entry of the Modified Final Pre-Trial Order, attached hereto as Exhibit 1, which reflects objector's exhibit renumbering received by the City by the time of filing and other stipulated changed.,

        **PLEASE TAKE FURTHER NOTICE** that <u>**your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**</u>

        **PLEASE TAKE FURTHER NOTICE** that if you do not want the Bankruptcy Court to grant the Debtor's Motion, or you want the Bankruptcy Court to consider your views on the Motion, the Court has scheduled a hearing on the Motion on October 23, 2013 at 9:00 AM and you or your attorney must attend.

        **PLEASE TAKE FURTHER NOTICE that if you or your attorney do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.**

2
471

13-53846-swr    Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 306 of 242
13-53846-swr    Doc 1608-1   Filed 11/08/13   Entered 11/08/13 15:43:03   Page 93 of 94

Dated: November 8, 2013                    Respectfully submitted,


                                            /s/ Bruce Bennett
                                           Bruce Bennett (CA 105430)
                                           JONES DAY
                                           555 South Flower Street
                                           Fiftieth Floor
                                           Los Angeles, California 90071
                                           Telephone:  (213) 243-2382
                                           Facsimile:  (213) 243-2539
                                           bbennett@jonesday.com



                                           David G. Heiman (OH 0038271)
                                           Heather Lennox (OH 0059649)
                                           JONES DAY
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, Ohio  44114
                                           Telephone:  (216) 586-3939
                                           Facsimile:  (216) 579-0212
                                           dgheiman@jonesday.com
                                           hlennox@jonesday.com

                                           Thomas F. Cullen, Jr. (DC 224733)
                                           Gregory M. Shumaker (DC 416537)
                                           Geoffrey S. Stewart (DC 287979)
                                           JONES DAY
                                           51 Louisiana Ave., N.W.
                                           Washington, D.C. 20001
                                           Telephone: (202) 879-3939
                                           Facsimile: (202) 626-1700
                                           tfcullen@jonesday.com
                                           gshumaker@jonesday.com
                                           gstewart@jonesday.com

3
471
13-53846-swr   Doc 2478-17   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 307 of 312
13-53846-swr   Doc 1608   Filed 11/08/13   Entered 11/08/13 18:48:03   Page 93 of 142

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

4

13-53846-swr   Doc 2673-17   Filed 02/09/15   Entered 02/09/15 17:03:32   Page 308 of 242
13-53846-swr   Doc 1608   Filed 11/08/14   Entered 11/08/14 15:43:03   Page 94 of 112
471

# EXHIBIT 3

*None [Brief Not Required]*

13-53846-swr    Doc 2673-17    Filed 02/14/14    Entered 02/14/14 17:03:32    Page 309 of 342
13-53846-swr    Doc 1606-17    Filed 11/08/13    Entered 11/08/13 15:48:03    Page 309 of 342
471

# EXHIBIT 4

*Certificate of Service [To Be Separately Filed]*

13-53846-swr   Doc 2673-17   Filed 02/14/14   Entered 02/14/14 17:03:32   Page 310 of 142
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:48:03   Page 94 of 242
471

# ITEM NO. 38

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

------------------------------------------------------x

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

:
:
:
:
:
:
:
:
:
:

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

------------------------------------------------------x

## STIPULATION FOR ENTRY OF SECOND AMENDED FINAL PRE-TRIAL ORDER

Pursuant to Local Rule 7016-1, (a) movant City of Detroit ("City") and (b) objectors (i) Shirley V. Lightsey, President of the Detroit Retired City Employees Association (the "DRCEA"), (ii) Don Taylor, President of the Retired Detroit Police and Firefighters Association (the "RDPFFA"), (iii) the DRCEA, (iv) the RDPFFA, (v) the Official Committee of Retirees (the "Committee"), (vi) the UAW, (vii) the General Retirement System of the City of Detroit, (viii) the Police and Fire Retirement System of the City of Detroit, (ix) the Detroit Public Safety Unions; and (x) the Retired Detroit Police Members Association (collectively, "Objectors" to the City's July 18, 2013 Eligibility Motion), have conferred and

hereby stipulate to entry of the Joint Final Pre-Trial Order attached hereto as

Exhibit 1.

AFSCME does not join in this stipulation.

Dated: November 8, 2013    Respectfully submitted,


/s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
   AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

*Counsel for the City of Detroit, Michigan*

3

13-53846-tjt  Doc 2473  Filed 01/31/14  Entered 01/31/14 19:32  Page 314 of
471
13-53846-swr  Doc 1606  Filed 11/08/13  Entered 11/08/13 13:40:33  Page 3 of 4

Respectfully submitted,


/s/ Claude D. Montgomery
Claude D. Montgomery, Esq.
Carole Neville, Esq.
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 768-6700
Facsimile:    (212) 768-6800
claude.montgomery@dentons.com

Sam J. Alberts, Esq.
Dentons US LLP
1301 K Street, NW
Washington, DC 20005-3364
Telephone:   (202) 408-7004
Facsimile:    (202) 408-6339
sam.alberts@dentons.com

Matthew E. Wilkins, Esq. (P56697)
Paula A. Hall, Esq. (P61101)
BROOKS WILKINS SHARKEY
   & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Direct:          (248) 971-1711
Cell:             (248) 882-8496
Facsimile:    (248) 971-1801
wilkins@bwst-law.com
hal@bwst-law.com

*Counsel for the Official Committee of Retirees*

4

13-53846-tjt   Doc 2473-7   Filed 01/14/14   Entered 01/14/14 19:38:32   Page 315 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 13:43:38   Page 4 of 4
471

Respectfully submitted,


/s/ D. O'Keefe, Esq.
Brian D. O'Keefe, Esq.
Ryan Plecha, Esq.
Lippitt O'Keefe, PLLC
370 E. Maple Road
Third Floor
Birmingham, Michigan 48009
Telephone:   (248) 646-8292
Facsimile:   (248) 646-8375
bokeefe@lippittokeefe.com

Thomas R. Morris, Esq.
Silverman & Morris, P.L.L.C.
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
Telephone:   (248) 539-1330
Facsimile:   (248) 539-1355
morris@silvermanmorris.com

*Counsel for Shirley v. Lightsey, as an individual and as President of the Detroit Retired City Employee Association and for the Detroit Retired City Employee Association and Counsel for Don Taylor, as an individual and as President of the Retired Detroit Police and Firefighters Association and for the Retired Detroit Police and Firefighters Association*

5

13-53846-tjt   Doc 2473   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 316 of
13-53846-swr   Doc 1607   Filed 11/08/13   Entered 11/08/13 13:43:33   Page 31 of 42
471

Respectfully submitted,


/s/ Babette Ceccotti
Babette Ceccotti, Esq.
Bruce Levine, Esq.
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, New York 10036-6979
Telephone:   (212) 356-0229
Facsimile:    (646) 473-8229
bceccotti@cwsny.com

*Counsel for the UAW*

/s/ William A. Wertheimer
Law Office of William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
Telephone:  (248) 644-9200
billwertheimer@gmail.com

*Counsel for the Flowers Plaintiffs*

6

13-53846-tjt   Doc 2473   Filed 01/14/14   Entered 01/14/14 17:38:32   Page 317 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 6 of 14
471

Respectfully submitted,


/s/ Barbara A. Patek
Barbara A. Patek
Erman, Teicher, Miller, Zucker
  & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, Michigan 48034
Telephone:  (248) 827-4100
Facsimile:   (248) 827-4106
bpatek@ermanteicher.com

*Consel for The Detroit Public Safety Unions*

7

13-53846-tjt   Doc 2473-7   Filed 01/14/14   Entered 01/14/14 17:03:32   Page 318 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 7 of 11
471

Respectfully submitted,


/s/ Lynn Brimer
Lynn Brimer, Esq.
300 East Long Lake Road
Suite 200
Bloomfield Hills, Michigan 48304
Telephone:   (248) 540-2300
Facsimile:    (248) 645-2690
lbrimer@stroblpc.com

*Counsel for Retired Detroit Police Members
Association*

8

Respectfully submitted,


/s/ Robert D. Gordon
Robert D. Gordon, Esq.
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
Telephone:   (248) 642-9692
Facsimile:    (248) 642-2174
email@clarkhill.com

*Counsel for Police and Fire Retirement System of the City of Detroit and The General Retirement System of the City of Detroit*

13-53846-tjt   Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:08:32   Page 320 of
13-53846-swr   Doc 1006-7   Filed 11/08/13   Entered 11/08/13 15:43:38   Page 9 of 12
471

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with
Local Rule 9014-1(b).

| Exhibit 1 | Proposed Form of Order |
|-----------|------------------------|
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service [To Be Separately Filed] |

# EXHIBIT 1

13-53846-swr   Doc 2470-17   Filed 01/11/14   Entered 01/11/14 15:43:58   Page 132 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:17:35   Page 321 of
471

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                     :
                                     :
In re:                               :        Chapter 9
                                     :
CITY OF DETROIT, MICHIGAN,           :        Case No. 13-53846
                                     :
                    Debtor.          :        Hon. Steven W. Rhodes
                                     :
                                     :
-----------------------------------------------------x
```

## SECOND AMENDED FINAL PRE-TRIAL ORDER

Having been advised in the premises and having considered the City's

Motion for Entry of Second Amended Final Pre-Trial Order ("Motion"), the Court

hereby GRANTS the Motion and enters the following Pre-Trial Order:

## I.    JURISDICTION

### A.    City of Detroit

1.      The City asserts that this Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

### B. Objectors

2. The Objectors assert that this Court lacks the authority and jurisdiction to decide whether chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") violates the Constitution or to determine the constitutionality of PA 436, the Local Financial Stability and Choice Act, M.C.L. § 141.1541, *et seq.* ("PA 436"). Accordingly, and with respect, this Court should immediately refer this constitutional challenge to chapter 9 and PA 436 to the District Court for the Eastern District of Michigan.

## II. STATEMENT OF CITY'S CLAIMS

3. The City of Detroit asserts that it qualifies to be a debtor under Section 109(c) of Title 11 of the Bankruptcy Code and meets all of the eligibility requirements to seek debt relief under Chapter 9.

4. The City is a municipality as such term is defined in Section 101(40) of the Bankruptcy Code. 11 U.S.C. § 101(40). The City is a "political subdivision" of the State of Michigan and thus a "municipality" within the meaning of Section 101(40), and the eligibility requirement of section 109(c)(1) of the Bankruptcy Code is satisfied.

5. The City is specifically authorized in its capacity as a municipality to be a debtor under Chapter 9 under the laws of the State of Michigan and by the appropriate state officers empowered thereby, as

2

contemplated by Section 109(c)(2) of the Bankruptcy Code. On July 16, 2013 Kevyn D. Orr, the duly appointed Emergency Manager for the City (the "Emergency Manager"), based on his assessment of the City's financial condition recommended to Richard Snyder, Governor of the State of Michigan, and Andrew Dillon, Treasurer of the State of Michigan, that the City be authorized to proceed under Chapter 9. On July 18, 2013, the Governor issued his written decision approving the Emergency Manager's recommendation to seek protection under the bankruptcy laws. Pursuant thereto, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's Chapter 9 case consistent with the Governor's authorization.

6. The City is insolvent within the meaning of Section 101(32)(C) of the Bankruptcy Code. The City therefore meets the eligibility requirement of Section 109(c)(3) of the Bankruptcy Code.

7. The City desires to effect a plan of adjustment under Section 109(c)(4) of the Bankruptcy Code.

8. The City is unable to negotiate (or further negotiate) with its creditors because such negotiation is impracticable. The City has nevertheless negotiated in good faith with creditors who are represented and organized, but has failed to obtain the agreement of creditors holding at least a majority in amount of

3

13-53846-swr Doc 2470-17 Filed 01/08/14 Entered 01/08/14 15:17:30 Page 43 of 42
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 325 of 471

the claims of each class that the City intends to impair under a plan of adjustment in this Chapter 9 case.

## III.    STATEMENT OF OBJECTORS' CLAIMS

### A.    The Committee asserts the following claims:

9.    The City cannot meet the criteria for eligibility under Section 109(c)(5)(B) of the Bankruptcy Code, in that it did not put forth a plan of adjustment, and did not negotiate in good faith, both as required under that Section.

10.    The City cannot establish that negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code, in that the City failed to set forth a plan of adjustment, and did not negotiate in good faith with classes of creditors with whom negotiations were practicable, both as required under that Section.

11.    Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

12.    The City cannot meet its burden under Section 921(c) of demonstrating that it filed its Chapter 9 petition in good faith, in that (a) the Emergency Manager commenced this proceeding for the purpose of using Chapter 9 as a vehicle to attempt to impair and violate rights relating to vested pensions that

4

13-53846-tjt    Doc 2470-17    Filed 01/11/14    Entered 01/11/14 15:17:58    Page 326 of
13-53846-swr    Doc 1606    Filed 11/08/13    Entered 11/08/13 14:43:58    Page 95 of 142
471

are explicitly protected under Article IX, Section 24, of the Michigan Constitution (the "Pension Clause") and (b) in connection with its petition, the City made representations that were inaccurate, misleading and/or incomplete.

**B.** **The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:**

13.     The City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

14.     Michigan Public Act 436 of 2012 violates the Michigan Constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).

15.     Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

16.     Chapter 9 of the Bankruptcy Code violates the 10th Amendment of the United States Constitution, U.S. Const., Am. X, to the extent it can be read to authorize the City it impair the vested pension rights of City employees in violation of the Michigan Constitution.

5

13-53846-swr   Doc 2470-17   Filed 01/11/14   Entered 01/11/14 15:47:58   Page 327 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:47:58   Page 337 of
471

17. The city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

18. The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**C. The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA assert the following claims:**

19. The City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

20. The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

21. Negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

22. Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan Constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

23.     The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

**D.     UAW and the *Flowers* Plaintiffs assert the following claims:**

24.     The UAW and the  Plaintiffs claim that the City of Detroit is not eligible for bankruptcy under Chapter 9 of the Bankruptcy Code for the reasons set forth in the Amended Joint Objection of International Union, UAW and the Flowers Plaintiffs to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 1170], the Objection of International Union, UAW to the City of Detroit, Michigan's Eligibility for an Order for Relief Under Chapter 9 of the Bankruptcy Code [DE 506] (to the extent such Objection is not superseded by DE 1170),the Objection of Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman to the Putative Debtor's Eligibility to be a Debtor [DE 504],and the Pre-Trial Brief of International Union, UAW and the Flowers Plaintiffs with Respect to the Eligibility of the City of Detroit, Michigan for an Order for Relief Under Chapter 9 of the Bankruptcy Code [filed October 17, 2013].

**E.** **The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, assert the following claims:**

25.     Chapter 9 violates the United States Constitution and AFSCME's active and retired members have individual standing to assert that chapter 9 violates the Constitution.

26.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) because (i) it is not authorized by Michigan State Law or the Michigan Constitution to be a Debtor under chapter 9, and (ii) the law purporting to authorize the City to file chapter 9 - PA 436 - is unconstitutional including, without limitation, because it violates the strong home rule provisions of the Michigan Constitution.

27.     The City is not eligible to file for chapter 9 protection under 11 U.S.C. § 109(c) of the Bankruptcy Code because (i) it failed to participate in any good faith negotiations with creditors such as AFSCME prior to the filing for bankruptcy, and (ii) such negotiations were not impracticable, as required for eligibility under chapter 9 of the Bankruptcy Code.

28.     The City's Petition should be dismissed under 11 U.S.C. § 921(c) because it was filed in bad faith.

29.     The City has failed to meet its burden of proving its insolvency as require under 11 U.S.C. § 109(c)(3).

**F.     The Retired Detroit Police Members Association (RDPMA) assert, in addition to and including herein by reference, the claims raised in this order by the other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, assert the following claims:**

30.     The City of Detroit is not eligible for relief under Chapter 9 pursuant to Section 109(c) of the Bankruptcy Code because it is not authorized under Michigan State Law and the Constitution of the State of Michigan to be a debtor under Chapter 9.

31.     Public Act 436 was passed in derogation of the right of referendum set forth in Article II Section 9 of the Michigan Constitution and is therefore unconstitutional under Michigan Law.

32.     Emergency Manager Kevyn Orr was not authorized by Public Act 436 to file the instant Chapter 9 proceeding on behalf of the City of Detroit.

33.     RDPMA's Exhibit A is a true and correct copy of the March 2, 2012 1:35:25 PM Email from Jeffrey B. Ellman to Corinne Ball and copying Heather Lennox and Thomas Wilson.

34.     RDPMA's Exhibit B is a true and correct copy of the March 3, 2012 4:00:44 PM Email from Heather Lennox to Andy Dillon and copying Corinne Ball, Hugh Sawyer, Jeffrey Ellman, Ken Buckfire, Kyle Herman, Laura

Marcero, Sanjay Marken, Brom Stibitz, Stuart Erickson, David Kates and Thomas Wilson.

35.     RDPMA's Exhibit C is a true and correct copy of the State of Michigan, Comprehensive Annual Financial Report, for the Fiscal Year Ended September 30, 2012.

36.     RDPMA's Exhibit D is a true and correct copy of the January 31, 2013 3:45:47 PM Email from Kevyn Orr to Corinne Ball and copying Stephen Brogan.

**G.     The Police and Fire Retirement System of the City of Detroit ("PRFS") and the General Retirement System of the City of Detroit ("GRS" and together with PFRS, the "Retirement Systems") assert the following claims.**

37.     The City is not specifically authorized to be a debtor under chapter 9 by State law or a by a governmental officer empowered by State law to authorize such entity to be a debtor under such chapter and cannot satisfy 11 U.S.C. § 109(c)(2).

38.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(B) because it did not engage in good faith negotiations with its creditors.

39.     The City cannot meet its burden of proof under 11 U.S.C. § 109(c)(5)(C) because it did not negotiate with its creditors and negotiations were not impracticable.

10

40.    The City's bankruptcy petition should be dismissed because the City did not file the petition in good faith as required by 11 U.S.C. § 921(c).

## IV.    STIPULATED FACTS

41.    The City of Detroit is a municipality for purposes of Section 109(c)(1) of the Bankruptcy Code.

42.    On March 15, 2013 the Local Emergency Financial Assistance Loan Board created by the Emergency Municipal Loan Act, MCL §§ 141.931-141.942, appointed Kevyn D. Orr to the position of "emergency financial manager" for the City of Detroit.

43.    Mr. Orr formally took office as Emergency Manager on March 25, 2013.

44.    The DPOA received an Act 312 arbitration award on March 25, 2013 (the "Award").

45.    The City appealed the portion of the Award that would have given back 5% of the previously imposed 10% wage reduction effective January 1, 2014 (the "City Appeal").

46.    The City Appeal is stayed by the Chapter 9 filing.

47.    On April 18, 2013, the City filed an emergency motion seeking to block ongoing Act 312 proceedings between (a) the City and the DPCOA and (b) the City and the DPLSA (the "Emergency Motion").

11

13-53846-swr    Doc 2476-17    Filed 01/08/14    Entered 01/08/14 15:43:58    Page 33 of 42
471
13-53846-swr    Doc 1606-17    Filed 11/08/13    Entered 11/08/13 15:43:58    Page 333 of 142

48.     On June 14, 2013, the Emergency Motion was granted.

49.     A meeting took place in Detroit on June 14, 2013 between the Emergency Manager and the City's advisors, on the one hand, and numerous creditor representatives, on the other, relating to the City's creditor proposal. Representatives of all Objectors except the Retiree Committee, which had not yet formed, attended the meeting.

50.     City's Exhibit 42 is a true and correct copy of a list of persons and corporate affiliations who responded that they would attend the June 14, 2013 creditor meeting in Detroit and is admissible as proof of such responses, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

51.     A meeting took place in Detroit on the morning of June 20, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health and pension obligations. Representatives and advisors the General Retirement System ("GRS") also attended the meeting.

52.     A second, separate meeting took place in Detroit in the afternoon of June 20, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree

associations, on the other, relating to retiree health and pension obligations. Representatives and advisors from the PFRS also attended the meeting.

53. City's Exhibit 45 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend at least one of the two June 20, 2013 creditor meeting in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

54. City's Exhibit 46 is a true and correct copy of the sign-in sheet for the morning June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

55. City's Exhibit 47 is a true and correct copy of the sign-in sheet for the afternoon June 20, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

56. A meeting took place on June 25, 2013 between the City's advisors, on the one hand, and representatives and advisors from the City's six bond insurers and U.S. Bank, the trustee or paying agent on all of the City's bond issuances. Representatives from Objectors GRS and PFRS also attended the meeting.

57.     City's Exhibit 50 is a true and correct copy of the sign-in sheet and typewritten transcription thereof for the June 25, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

58.     On June 30, 2013, the Collective Bargaining Agreements between (a) the City and the DPLSA and (b) the City and the DFFA expired.

59.     Meetings took place in Detroit on July 9 and 10, 2013 with representatives from certain bond insurers and Objectors GRS and PFRS relating to follow-up due diligence on the City's financial condition and creditor proposal.

60.     City's Exhibit 53 is a true and correct copy of a typewritten attendance sheet for the July 9 and 10, 2013 creditor meetings in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

61.     A meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters.  Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

62.     City's Exhibit 56 is a true and correct copy of the sign-in sheet for the first July 10, 2013 creditor meeting in Detroit and is admissible as proof of

such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

63.     A second, separate meeting took place in the afternoon of July 10, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to pension funding and related matters.  Representatives and/or advisors from Objectors DFFA, DPLSA, DPCOA, DPOA, RDPFFA, and PFRS attended the meeting.

64.     City's Exhibit 57 is a true and correct copy of the sign-in sheet for the second July 10, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

65.     A meeting took place on the morning of July 11, 2013 between the City's advisors, on the one hand, and non-uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters.  Representatives and/or advisors from Objectors UAW, DRCEA, AFSCME, and GRS attended the meeting.

66.     City's Exhibit 58 is a true and correct copy of the sign-in sheet for the morning July 11, 2013 creditor meeting in Detroit and is admissible as

proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

67.    A second, separate meeting took place in the afternoon of July 11, 2013 between the City's advisors, on the one hand, and uniformed employee representatives from the City's unions and four retiree associations, on the other, relating to retiree health issues and related matters.  Representatives and/or advisors from Objectors DFFA, DPLSA, DPOA, RDPFFA, and PFRS attended the meeting.

68.    City's Exhibit 59 is a true and correct copy of the sign-in sheet for the afternoon July 11, 2013 creditor meeting in Detroit and is admissible as proof of such attendance, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

69.    City's Exhibit 55 is a true and correct copy of a list of persons and corporate affiliations who were invited to attend one or more of the July 10 and 11, 2013 creditor meetings in Detroit and is admissible as proof of such invitations, without prejudice to any individual Objectors' right to offer evidence as to its actual attendance.

70.    City's Exhibit 35 is a true and correct copy of a non-exclusive log of creditor meetings or communications between the City and various creditors or creditor representatives and is admissible as evidence that such meetings or

communications took place between the individuals or entities reflected thereon. This stipulation is without prejudice to the City's right to offer evidence that additional persons attended such meetings or that additional meetings took place, and is without prejudice to any individual Objectors' right to offer evidence as to its actual participation or attendance.

71. On July 16, 2013, the Emergency Manager sent a letter to the Governor, recommending a Chapter 9 proceeding pursuant to Section 18(1) of PA 436.

72. On July 18, 2013, the Governor sent a reply letter to the Emergency Manager authorizing the City to file it voluntary petition for protection under Chapter 9 of title 11 of the United States Code.

73. The City filed its voluntary petition for protection under Chapter 9 on July 18, 2013.

74. On August 2, 2013, the City held a meeting with local union representatives respecting active employee health insurance.

75. On September 13, 2013 the City filed the City of Detroit, Michigan's Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit Michigan [Docket No. 849], in which the City "[a]dmit[s] that the City intends to seek to diminish or

impair the Accrued Financial Benefits of the participants in the Retirement Systems through this Chapter 9 Case."

76. The representatives of the DFFA, DPOA, DPLSA and DPCOA, respectively, have authority to negotiate wages and benefits for the active employee members of the respective Detroit Public Safety Unions.

77. Each of the respective Detroit Public Safety Unions represents the active employees of each of the DFFA, DPOA, DPLSA and DPCOA.

## V. ISSUES OF FACT AND LAW TO BE LITIGATED

### A. City's Position

The City identifies the following issues of fact and law to be litigated:

78. Whether the City was generally not paying its debts as they become due.

    a. City's authority

        (1) 11 U.S.C. § 109(c)(3).

        (2) 11 U.S.C. § 101(32)(C)(i).

        (3) *In re New York City Off-Track Betting Corp.*, 427 B.R. 256, 272 (Bankr. S.D.N.Y. 2010) (finding deferral of current payments evidence of debtor's insolvency).

79. Whether the City was unable to pay its debts as they become due.

    a. City's authority

        (1) 11 U.S.C. § 109(c)(3).

18

(2)    11 U.S.C. § 101(32)(C)(ii).

(3)    *In re City of Stockton*, 493 B.R. 772, 788-90 (Bankr. E.D. Cal. 2013) (test for cash insolvency is prospective; demonstration of cash insolvency within current or succeeding fiscal year satisfies cash flow test; concepts of "budget insolvency" and "service delivery insolvency" inform inquiry into "cash insolvency").

(4)    *In re City of Bridgeport*, 129 B.R. 332, 336-38 (Bankr. D. Conn. 1991) (test for municipal insolvency set forth at 11 U.S.C. § 101(32)(C)(ii) is a "cash flow" test; "[T]o be found insolvent a city must prove that it will be unable to pay its debts as they become due in its current fiscal year or, based on an adopted budget, in its next fiscal year.").

(5)    *Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo)*, 408 B.R. 280, 293-94 (B.A.P. 9th Cir. 2009) (a municipality need not pursue all possible means of generating and conserving cash prior to seeking chapter 9 relief; affirming finding of insolvency where raiding city's other funds to satisfy short term cash needs "would leave Vallejo more debilitated tomorrow than it is today"; finding city insolvent where further funding reductions would threaten its ability to provide for the basic health and safety of its citizens).

(6)    *New York City Off-Track Betting Corp.*, 427 B.R. at 282 ("Even assuming [the debtor] could have theoretically done more to avoid bankruptcy, courts do not require chapter 9 debtors to exhaust every possible option before filing for chapter 9 protection.").

80.    Whether the City desires to effect a plan to adjust its debts.

a. City's authority

(1) 11 U.S.C. § 109(c)(4).

(2) *New York City Off-Track Betting Corp.*, 427 B.R. at 272 ("no bright-line test for determining whether a debtor desires to effect a plan" exists because of the "highly subjective nature of the inquiry").

(3) *City of Vallejo*, 408 B.R. at 294-95 (A putative debtor need only show that the "purpose of the filing of the chapter 9 petition [is] not simply … to buy time or evade creditors"; a municipality may meet the subjective eligibility requirement of section 109(c)(4) by attempting to resolve claims, submitting a draft plan or producing other direct or circumstantial evidence customarily submitted to show intent).

(4) *City of Stockton*, 493 B.R. at 791-92 (fact that a city would be left in worse financial condition as a result of the decision not to attempt to adjust its debts through the chapter 9 process is persuasive evidence of the municipality's honest desire to effect such an adjustment of debt).

81. Whether the City was unable to negotiate with its creditors prior to the filing of its chapter 9 petition because such negotiation was impracticable.

a. City's authority

(1) 11 U.S.C. § 109(c)(5)(C).

(2) *New York City Off-Track Betting Corp.*, 427 B.R. at 276-77 ("Congress added [11 U.S.C. § 109(c)(5)(C)] to satisfy section 109's negotiation requirement in response to possible large municipality bankruptcy cases that could involve

20

13-53846-swr  Doc 2470-17  Filed 01/31/14  Entered 01/31/14 15:43:58  Page 342 of 342
13-53846-swr  Doc 1606-17  Filed 11/08/13  Entered 11/08/13 14:17:08  Page 342 of
471

vast numbers of creditors."; "[I]mpracticability of negotiations is a fact-sensitive inquiry that depends upon the circumstances of the case.") (quotation omitted).

(3) *In re Cnty. of Orange*, 183 B.R. 594, 607 n.3 (Bankr. C.D. Cal. 1995) ("Section 109(c)(5)(C) was necessary because it was otherwise impossible for a large municipality, such as New York, to identify all creditors, form the proper committees, and obtain the necessary consent in a short period of time.").

(4) *City of Vallejo*, 408 B.R. at 298 ("Petitioners may demonstrate impracticability by the sheer number of their creditors …."; finding that section 109(c)(5)(C) is satisfied where negotiation with any significant creditor constituency is impracticable).

(5) *City of Stockton*, 493 B.R. at 794 (finding that the inability of a municipal debtor to negotiate with a natural representative of a numerous and far-flung creditor class (with the power to bind such class) may satisfy the "impracticability" requirement; refusal of creditors to negotiate establishes independent grounds for a finding of impracticability).

(6) *In re Valley Health Sys.*, 383 B.R. 156, 163 (Bankr. C.D. Cal. 2008) ("Negotiations may also be impracticable when a municipality must act to preserve its assets and a delay in filing to negotiate with creditors risks a significant loss of those assets.").

82.     Whether the City negotiated in good faith with creditors holding at least a majority in amount of the claims of each class that the City intends to impair pursuant to a plan of adjustment.

      a.    City's authority

        (1)    11 U.S.C. § 109(c)(5)(B).

        (2)    *In re Vills. at Castle Rock Metro. Dist. No. 4*, 145 B.R. 76, 84-85 (Bankr. D. Colo. 1990) (a municipality need not negotiate with every creditor within a given class; negotiations with large or prominent blocs of creditors will suffice to render a city eligible for chapter 9 relief; municipality satisfied requirement of negotiating with creditors by consulting with large institutional bondholders, even though all series of bonds were not invited to participate in negotiations).

        (3)    *New York City Off-Track Betting Corp.*, 427 B.R. at 274-75 (finding that debtor had satisfied section 109(c)(5)(B) of the Bankruptcy Code where it had "engaged in negotiations with creditors regarding the possible terms of a reorganization plan prior to filing"; stating that "talks need not involve a formal plan to satisfy section 109(c)(5)(B)'s negotiation requirement.").

        (4)    *City of Vallejo*, 408 B.R. at 297 (noting that section 109(c)(5)(B) is satisfied where the debtor conducts "negotiations with creditors revolving around a proposed plan, at least in concept.... [that] designates classes of creditors and their treatment....").

83.    Whether the City's petition was filed in good faith within the meaning of section 921(c) of the Bankruptcy Code.

      a.    City's authority

        (1)    11 U.S.C. § 921(c).

        (2)    *City of Stockton*, 493 B.R. at 794 (good faith "is assessed on a case-by-case basis in light of all the facts, which must be balanced against the broad

22

remedial purpose of chapter 9"; "[r]elevant considerations in the comprehensive analysis for § 921 good faith include whether the City's financial problems are of a nature contemplated by chapter 9, whether the reasons for filing are consistent with chapter 9, the extent of the City's prepetition efforts to address the issues, the extent that alternatives to chapter 9 were considered, and whether the City's residents would be prejudiced by denying chapter 9 relief.").

(3) *Cnty. of Orange*, 183 B.R. at 608 (Bankr. C.D. Cal. 1995) ("[T]he purpose of the filing must be to achieve objectives within the legitimate scope of the bankruptcy laws;" applying chapter 11 case law and finding the debtor's financial condition and motives, local financial realities and whether the debtor was seeking to "unreasonably deter and harass its creditors or attempting to effect a speedy, efficient reorganization on a feasible basis" as relevant factors in the good faith analysis).

(4) *In re McCurtain Municipal Auth.*, No. 07-80363, 2007 WL 4287604, at *5 (Bankr. E.D. Okla. Dec. 4, 2007) (holding that the existence of a factor precipitating a chapter 9 filing does not require a finding that the debtor's filing was made in bad faith when other reasons for filing bankruptcy are present).

**B.    Objectors' position**

B-1.   The Committee identifies the following issues of fact and law to be litigated:

84.    Whether the City can meet the criteria for eligibility under

Section 109(c)(5)(B) of the Bankruptcy Code and, in particular:

a. whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(B); and

b. whether the City negotiated in good faith as is required under Section 109(c)(5)(B).

85. Whether the City can establish that good faith negotiations were impracticable under Section 109(c)(5)(C) of the Bankruptcy Code and, in particular:

a. whether the City presented a plan of adjustment to the City's creditors as is required under Section 109(c)(5)(C); and

b. whether the City negotiated in good faith with classes of creditors with whom negotiations were practicable, as is as required under Section 109(c)(5)(C).

86. Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

87. Whether the City can meet its burden under 11. U.S.C. § 921(c) of demonstrating that it filed its Chapter 9 petition in good faith and, in particular:

a. whether the City's Emergency Manager filed this Chapter 9 proceeding for the purpose of attempting to use Chapter 9 as a vehicle to impair and violate rights related to vested pensions that are expressly protected from such impairment and violation under the Pension Clause of the Michigan Constitution; and

24

        b.      whether the City, in connection with filing its Chapter 9 petition, made representations that were false, misleading and or incomplete statements, particularly as regards the magnitude of the City's unfunded pension liability, the cash flow available to meet such liability and the availability of substantial additional cash from assets owned by the City that are capable of being monetized.

B-2.   The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") assert the following claims:

     88.     Whether the City failed to negotiate with the Detroit Public Safety Unions in good faith, as required by 11 U.S.C. §109(c)(5)(B).

     89.     Whether Michigan Public Act 436 of 2012 violates the Michigan Constitution, Art. IX, Sec. 24, and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. §109(c)(2).

     90.     Whether there was valid authorization for the filing of the chapter 9 petition as required by 11 U.S.C. §109(c)(2), because the Governor's authorization did not prohibit the impairment of the pension rights of the City's employees and retirees, and therefore was not valid under the Michigan Constitution, Art. IX, Sec. 24 (the "Pension Clause").

91. Whether chapter 9 of the Bankruptcy Code violates the Tenth Amendment, U.S. Const., Am. X, to the extent it allows the City to use the Bankruptcy Code to impair the vested pension rights of City employees and retirees in direct violation of the Pension Clause.

92. Whether the city was not "unable to negotiate with creditors because such negotiation in impracticable," as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

93. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-3. The Retiree Association Parties, consisting of the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA identify the following issues of fact and law to be litigated:

94. Whether the City failed to negotiate with the Retiree Association Parties in good faith, as required by 11 U.S.C. § 109(c)(5)(B).

95. Whether City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).

96. Whether negotiations with the retiree constituents was practicable, as the DRCEA and the RDPFFA were ready, willing, and able to negotiate with the City as natural representatives of retirees.

97. Whether the Governor's authorization to file this bankruptcy case is void and/or unconstitutional under the Michigan Constitution because he did not prohibit the City from impairing the pension rights of its employees and retirees, as required for eligibility by 11 U.S.C. §109(c)(2).

98. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. §921(c).

B-4.  The UAW and the Flowers Plaintiffs identify the following factual and legal issues to be litigated:[1]

99. Whether the City has met the eligibility requirement of Section 109(c)(4) of the Bankruptcy Code that a municipality "desires to effect a plan to adjust such debts" where the City's proposed plan is a plan that cannot be lawfully implemented under state law as required by Section 943(b)(4) and (6) of the Bankruptcy Code.

100. Whether the City failed to negotiate with the UAW in good faith, as required by 11 U.S.C. §109(c)(5)(B).

---

[1] The issues set forth herein are the UAW's and the Flowers Plaintiffs' principal legal and factual issues to be presented at, or in connection with, the eligibility trial.  UAW reserves all of the issues set forth in its Amended Objection which (a) are not listed herein but which may depend upon the resolution of its principal issues set forth above or (b) have been asserted and argued principally by other parties, such as whether the decision in Webster must be applied by the bankruptcy court.

27

101.   Whether the City was unable to negotiate with creditors because such negotiation was impracticable as required (in the alternative) for eligibility by 11 U.S.C. §109(c)(5)(C).

102.   Whether the City was authorized to be a debtor under Chapter 9 as required by 11 U.S.C. Section 109(c)(2), as follows: whether the Governor's authorization was valid under State law, where (a) the City and the Governor manifested an intent to proceed in Chapter 9 in order to reduce the accrued pension rights of the City's employees and retirees, and the accrued pension rights of employees and retirees of the Detroit Public Library; (b) the City and the Governor did so proceed based on such intent of the City and the Governor, which in whole or in part motivated the Governor's authorization for the City's Chapter 9 filing and the City's filing itself; (c) the Governor's authorization did not prohibit the diminishment or impairment of the pension rights of such persons as a condition of authorizing the Chapter 9 filing; (d) neither the Governor nor the state Legislature had authority  to act in derogation of Article 9, Section 24 of the Michigan Constitution; and (e) for any and all of the foregoing reasons, the Governor's authorization for the Chapter 9 filing, and the City's filing itself were and are contrary to the Michigan Constitution, Art. 9, Sec. 24.

103.   Whether the City's bankruptcy petition was filed in bad faith under 11 U.S.C. §921(c).

28

13-53846-swr   Doc 2476-17   Filed 01/11/14   Entered 01/11/14 15:17:08   Page 350 of
471
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 350 of 442

104.   Whether, under the U.S. Constitution, Chapter 9 is constitutional as applied to the City's petition where the City does not comply with Article 9, Section 24 of the Michigan Constitution.

B-5.   The Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME") assert, in addition to and including herein by reference, the claims raised in this order, in filed pleadings, oral argument and adduced through evidence at trial, identifies the following issues of fact and law to be litigated:

105.   Whether the City failed to negotiate in good faith with creditors as required by 11 U.S.C. § 109(c)(5), including, without limitation:

a.   Whether the City engaged only in "discussions," which it emphasized were not negotiations.

b.   Whether the City's June 14, 2013 Restructuring Plan was not open to negotiations, which falls short of the requirements of section 109(c)(5)(B).

c.   Whether the City refused AFSCME's offers to negotiate.

d.   Whether the City refused AFSCME's requests for adequate backup data used to generate the City's financial assumptions, which would have been necessary information for any "negotiations."

e.   Whether the City's refusal to negotiate with AFSCME continued post-filing.

f.   Whether assuming, *arguendo*, that any negotiations took place, such negotiations did not relate to a plan that was in the best interests of creditors as required by section 109(c)(5)(B).

106. Whether the City can meet its burden of proving that it was "unable to negotiate with creditors because such negotiation is impracticable," as required for eligibility by 11 U.S.C. § 109(c)(5)(C), and including, without limitation:

    a.    Whether the circumstances surrounding the City's hiring of the EM, an experienced bankruptcy counsel demonstrate that the City never had any intention of negotiating outside of bankruptcy.

    b.    Whether negotiations with the City's main creditors, the unions, its retirees, and the bond trustees, were practicable.

    c.    Whether the City cannot demonstrate impracticability where the City failed to negotiate with its largest creditors, especially where those creditors have, like AFSCME, sought negotiations.

107. Whether the City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c), including, without limitation:

    a.    Whether the State authorized (without contingencies) and the City commenced its filing to avoid a bad state court ruling in the Webster litigation, and declined to take action to cease the filing in violation of the Declaratory Judgment issued in that litigation.

    b.    Whether the City never intended to negotiate (in good faith or otherwise) and failed to consider reasonable alternatives to chapter 9.

108.    Whether the City is "insolvent," as defined in 11 U.S.C. §

101(32)(C)) and as required for eligibility by 11 U.S.C. § 109(c)(3), including,

without limitation:

       a.    Whether the City has failed to prove its insolvency by
             expert evidence, by expert testimony, or by anything
             other than unproven assumptions (including assumptions
             regarding the unfunded amount of the City's pension and
             other retiree benefits).

       b.    Whether the City failed to explore options to enable it to
             pay debts, such as taking into account un-monetized
             assets and possible funding sources not included in the
             City's financial projections.

       c.    Whether the City's current financial difficulties are less
             severe than in prior years, and the City already had
             means to enhance revenues prior to the filing including
             the deal reached with the swap counterparties.

109.    Whether the Governor's authorization to the EM to file for

chapter 9 under Section 11 of PA 436 was improper, including, without limitation,

because it was invalid, unconstitutional, failed to contain contingencies (such as

not using the bankruptcy proceedings to diminish vested pension benefits), and/or

failed to require that any plan of adjustment not violate Article IX Section 24 of the

Michigan Constitution.

       a.    Whether the EM's exercise of authority under PA 436
             violated the strong home rule provisions of the Michigan
             Constitution.

B-6.  The Retired Detroit Police Members Association ("RDPMA") assert, in

addition to and including herein by reference, the claims raised in this order by the

other objectors, the claims set forth in pleadings, raised in oral argument and adduced through evidence presented at trial, identifies the following issues of fact and law to be litigated:

110.    Whether Public Act 436 violates the Michigan Constitution, Article II, Section 9.

    a.    Whether the spending provisions found in Sections 34 and 35 of Public Act 436 were included as an artifice to avoid the referendum provisions in Art. II, Sec. 9 of the Michigan Constitution.

    b.    Whether any provisions of Public Act 436 should be stricken on the grounds that such provisions were not approved by a majority of the electors of the State of Michigan in a general election.

111.    Whether the City of Detroit acted in bad faith when it filed its Chapter 9 Petition having knowledge that Public Act 436 was passed in derogation of the Michigan Constitutional referendum requirement.

112.    Whether Emergency Manager Kevyn Orr was properly appointed under Public Act 436.

B-7.    The Retirement Systems identify the following issues of fact and law to be litigated:

113.    Whether the City was validly authorized under State law by a governmental officer empowered by State law to authorize it to be a debtor when the Governor's authorization was in violation of Article IX, section 24 of the

Michigan Constitution, because the authorization did not prohibit the City from diminishing or impairing accrued financial benefits.

114. Whether the City failed to negotiate in good faith prepetition with the Retirement Systems (and possibly other creditors), when all meetings with the Retirement Systems (and possibly other creditors) were presentations to an audience of multiple parties at which no bilateral negotiations occurred.

115. Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(B).

116. Whether negotiations with the Retirement Systems and the City's other creditors were impracticable.

117. Whether the City can meet its burden of proof under 11 U.S.C. § 109(c)(5)(C).

118. Whether the City can meet its burden of proof under 11 U.S.C. § 921(c) and demonstrate that it filed the bankruptcy petition in good faith when:

    a.    The City filed the case with the intention to diminish and impair accrued financial benefits in violation of Article IX, section 24 of the Michigan Constitution;

    b.    The Emergency Manager repeatedly threatened to file a bankruptcy immediately in the weeks before the filing, thus otherwise creating an environment of impracticability;

    c.    As of the petition date, the Emergency Manager and the City did not have a clear picture of the City's assets, income, cash flow, and liabilities;

> d. The City did not even consider a restructuring scenario that did not impair accrued financial benefits; and

> e. Whether the City can demonstrate that it negotiated in good faith under section 109(c)(5) and the case law construing it where the City has admitted it does not have (and therefore did not negotiate) a formulated plan of adjustment.

## VI. EVIDENTIARY PROBLEMS LIKELY TO ARISE AT TRIAL

### A. City's Position

119. The City believes that evidentiary disputed likely to arise at trial can be addressed at the pre-trial conference.

### B. Objectors' Position

120. Objectors concur.

## VII. WITNESSES

### A. City's Witnesses

121. The City will call the following individuals as part of its case in chief or on rebuttal:

> a. Kevyn D. Orr

> b. Kenneth A. Buckfire

> c. Gaurav Malhotra

> d. Charles M. Moore

> e. James E. Craig

122. The City may call the following individuals as part of its case in chief or on rebuttal:

> a. Glenn Bowen

13-53846-swr    Doc 2470-17    Filed 01/14/14    Entered 01/14/14 15:43:58    Page 356 of 142
471

   b. Kyle Herman, Director at Miller Buckfire (only as needed to sponsor City exhibits 99-101)

  123. Custodial Witnesses.  The City Objectors have been conferring as to the authenticity and admissibility of certain exhibits which would otherwise require the appearance in court of a custodial witness.  The City reserves the right to call such witnesses if appropriate stipulations are not reached.

  124. The City has not counterdesignated deposition testimony in response to any Objectors' designations from witnesses on the City's will-call witness list because the City will call those witnesses to testify in person at trial. The City nevertheless reserves its rights to offer appropriate counterdesignations in the event that any witness on its will-call list becomes unavailable to testify under Federal Rule of Evidence 804(a).

  125. The City reserves its rights to offer appropriate counterdesignations in response to deposition designations offered by any Objector without reasonable notice to the City prior to the submission of this Joint Final Pre-trial Order.

  126. Given the short time frame within which the City was required to assert objections to Objectors' documents, the City reserves its rights to provide supplemental objections should it need to do so.  Similarly, should the same document appear more than once in Objectors' collective exhibit lists, an objection

35

13-53846-swr  Doc 2470-17  Filed 01/31/14  Entered 01/31/14 15:43:58  Page 357 of 142
13-53846-swr  Doc 1606  Filed 11/08/13  Entered 11/08/13 15:43:58  Page 96 of 142
471

by the City to any one instance of the exhibit applies to all such copies, even if no objection was indicated for the other copies.

127. The City and the Objectors have conferred and submit the Objectors' consolidated deposition designations and the City's counter-designations at Attachment I. The City reserves the right to object to the Objectors' deposition designations on the basis of attorney-client privilege, common interest privilege, work product doctrine and any other applicable privilege or immunity.

128. The City reserves its rights to call any witness identified by any Objector.

**B. Objectors' Witnesses**

130. Objectors' witnesses are indicated in Attachments A-G.

## VIII. EXHIBITS

**A. City's Exhibits**

1. Charter – City of Detroit

2. Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008

3. Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009

4. Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010

5. Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011

6. Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012

36

13-53846-swr Doc 2470-17 Filed 01/31/14 Entered 01/31/14 15:43:58 Page 359 of 142
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 358 of 142
471

7.    November 13, 2012, Memorandum of Understanding City of Detroit reform Program

8.    July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration)

9.    Cash Flow Forecasts

10.   Ten-Year Projections

11.   Legacy Expenditures (Assuming No Restructuring)

12.   Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012

13.   Schedule of water system bonds and related state revolving loans as of June 30, 2012

14.   Annual Debt Service on Revenue Bonds

15.   Schedule of COPs and Swap Contracts as of June 30, 2012

16.   Annual Debt Service on COPs and Swap Contracts

17.   Schedule of UTGO Bonds as of June 30, 2012

18.   Schedule of LTGO Bonds as of June 30, 2012

19.   Annual Debt Service on General Obligation Debt & Other Liabilities

20.   July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration")

21.   January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team

22.   March 26, 2012, Report of the Detroit Financial Review Team

37

13-53846-swr   Doc 2470-17   Filed 01/13/14   Entered 01/13/14 15:17:58   Page 359 of 142
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 35 of 42
471

23. April 9, 2012, Financial Stability Agreement

24. December 14, 2012, Preliminary Review of the City of Detroit

25. February 19, 2013, Report of the Detroit Financial Review Team

26. March 1, 2013, letter from Governor Richard Snyder to the City

27. July 8, 2013, Ambac Comments on Detroit

28. July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436

29. July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding

30. July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code

31. Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration")

32. Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees

33. Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo

34. Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013

35. Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013

36. FRE 1006 chart summarizing meetings and communications with union creditors

37. FRE 1006 chart summarizing meetings and communications with nonunion creditors

38. FRE 1006 chart summarizing monthly cash forecast absent restructuring

39. February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel

40. List of Special Conferences for Association held with Members of Police Labor Relations

41. June 10, 2013, City of Detroit Financial and Operating Plan Slides

42. RSVP List of June 14, 2013 Proposal for Creditors Meeting

43. June 14, 2013, City of Detroit Proposal for Creditors

44. June 14, 2013, Proposal for Creditors – Executive Summary

45. List of Invitees to the June 20, 2013 Meetings

46. Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring)

47. Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring)

48. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees

49. June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees

50. Invitee List and Sign-in Sheet for the June 25, 2013 Meeting

51. Cash Flow Forecasts provided at June 25, 2013 Meeting

52. Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 meetings

53. List of Attendees at July 9 and 10, 2013 Creditor Meetings

54. Detroit Future City Plan 2012

55. Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings

56. July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting

57. July 10, 2012 City of Detroit Sign In Sheet for 3:00 PM Police and Fire Meeting

58. July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting

59. July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting

60. July 11, 2013 City of Detroit Union – Retiree Meeting Draft Medicare Advantage Plan Design Options

61. Correspondence between representatives of AFSCME and representatives of the City

62. Michigan Attorney General Opinion No. 7272

63. July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims

64. September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Section 924 and 925 of The Bankruptcy Code

65. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

66. June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

40

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 15:17:58   Page 362 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 361 of 142
471

67. June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller

68. June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit

69. April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012

70. June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit

71. November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit

72. November 21, 2011 Memorandum from Irvin Corley, Jr., to Council Members of the City of Detroit City Council

73. July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions

74. July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st – June 30th)

75. May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan

76. Responses of International Union, UAW to Debtor's First Set of Interrogatories

77. UAW Privilege Log

78. Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories

79. The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories

80. Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

81. Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

82. Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions

83. Answers to Debtor's First Interrogatories to Retiree Association Parties

84. Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories

85. Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories

86. Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents

87. Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents

88. The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents

89. Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions

90. The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents

91. Response of Retiree Association Parties to Debtor's First Requests for Production of Documents

92. Retired Detroit Police Members Association Response to Debtor's First Requests for Production

93. June 14, 2013 Index Card #1 from Nicholson

94. June 14, 2013 Index Card #2 from Nicholson

95. June 20, 2013 Typewritten Notes from June 20, 2013 Presentation

96. July 16, 2013 Nicholson Affidavit in *Flowers*

97. August 19, 2013 UAW Eligibility Objection

98. Nicholson Letter To Irwin re UAW Discovery Responses

99. FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013

100. FRE 1006 Chart summarizing the approximate number of pages in documents uploaded to the data room before July 18, 2013

101. Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room

102. July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted]

103. Any exhibit identified by any Objector.

**B.    Objectors' Exhibits and City's Objections**

131.   Objectors' exhibits are indicated in Attachments A-G.

## C.    Objections to City's Exhibits

132.    Objectors' objections to the City's Exhibits are indicated in Attachment H.

133.    Objectors reserve their rights to assert objections to City Exhibits 76-101.

# ATTACHMENT A

## THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S
## <u>WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS</u>

# THE RETIRED DETROIT POLICE MEMBERS ASSOCIATION'S WITNESS LIST, EXHIBIT LIST AND DEPOSITION DESIGNATIONS

The Retired Detroit Police Members Association ("RDPMA"), through its counsel, Strobl & Sharp, P.C., hereby submits the following unique Exhibit List and Witness List:

## I.    Revised Witness List

A.  The RDPMA hereby submits this witness list of individuals who will be called for live testimony in the eligibility trial:

    1.  Howard Ryan

B.  The RDPMA hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

    1.  Howard Ryan

    2.  Treasurer Andrew Dillon

    3.  Governor Richard Snyder

    4.  Emergency Manager Kevyn Orr, September 16, 2013

C.  The RDPMA hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.  The RDPMA hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

## II.    Unique Exhibit List

The RDPMA hereby submits this consolidated list of evidence that will or may be used as evidence during the eligibility trial:

| 201 | 3/02/13-Dillon Dep. Ex. 6-<br>DTMI00234878 (email correspondence) | Hearsay; Relevance |
|-----|-------------------------------------------------------------------|--------------------|
| 202 | 3/02/12-Dillon Dep. Ex. 7-<br>DTMI00234877-880 (email correspondence) | Hearsay, Relevance |

46

13-53846-tjt   Doc 2473-17   Filed 01/14/14   Entered 01/14/14 17:05:32   Page 368 of 471
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 37 of 142

| | | |
|---|---|---|
| 203 | Basic Financial Statements, pages 27 - 32 of the State of Michigan Comprehensive Annual Financial Report for Fiscal Year Ending 2012 | Relevance |
| 205 | Comparison Chart of Public Act 4 and Public Act 436 | |

# ATTACHMENT B

## THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

# THE RETIREE ASSOCIATION PARTIES' CONSOLIDATED
## (1) WITNESS LIST AND (2) EXHIBIT LIST

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively "Retiree Association Parties") through their counsel, Lippitt O'Keefe, PLLC and Silverman & Morris, P.L.L.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Retiree Association Parties hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1.    Shirley V. Lightsey (see Declaration, Dkt. 502)
c/o Lippitt O'Keefe, PLLC
370 E. Maple Road
Third Floor
Birmingham MI, 48009
(248) 646-8292

Ms. Lightsey is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), her attendance at multiple presentational meetings, that the DRCEA is a natural representative of the City of Detroit general retirees, that the DRCEA was ready, willing and able to negotiate with the City on Retiree issues, that the DRCEA

unsuccessfully requested to meet with Kevyn Orr and on the qualifications, history, successes and structure of the DRCEA.

  2.  Donald Taylor (see Declaration, Dkt. 502)
      c/o Lippitt O'Keefe, PLLC
      370 E. Maple Road
      Third Floor
      Birmingham MI, 48009
      (248) 646-8292

Mr. Taylor is prepared to testify on matters including, but not limited to, the fact that the City did not negotiate on retiree matters (pension and OPEB), his attendance at multiple presentational meetings, that the RDPFFA is a natural representative of the City of Detroit uniformed (police and fire) retirees, that the RDPFFA was ready, willing and able to negotiate with the City on Retiree issues, that the RDPFFA met with Kevyn Orr during which he stated that pensions would not be diminished or impaired and that certain classes of retirees covered by a consent judgment would not have their medical benefits impaired, the unsuccessful requests for follow up meetings with Mr. Orr or City officials and on the qualifications, history, successes and structure of the DRCEA.

  3.  Any and all witnesses listed, regardless of whether they are called, on the witness list of any party.

  4.  Any and all witnesses necessary to provide a proper foundation for any physical and/or documentary evidence or to rebut the same regarding testimony or other evidence sought to be admitted by any party.

50

13-53846-swr Doc 2476-17 Filed 01/11/14 Entered 01/11/14 15:17:58 Page 37 of 42
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 372 of
471

## II. Exhibit List

The Retiree Association Parties hereby submit this consolidated exhibit list

of evidence that will or may be used as evidence during the eligibility trial:

| Retiree Association Parties' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 301 | Declaration of Shirley V. Lightsey (Dkt. 497, Ex. 2) | Hearsay ; Relevance |
| 302 | Declaration of Donald Taylor (Dkt. 497, Ex. 3) | Hearsay ; Relevance |
| 303 | Bylaws of DRCEA (RetAssnParties000032-000036)[2] | |
| 304 | Bylaws of RDPFFA (RetAssnParties000043-000060) | |
| 305 | Articles of Incorporation for DRCEA (RetAssnParties000038-000041) | |
| 306 | Articles of Incorporation for RDPFFA (RetAssnParties000042) | |
| 307 | Notice and Consent forms from DRCEA Members (See CD, Bates No. RetAssnParties000061) | |
| 308 | Notice and Consent forms from RDPFFA Members (See CD, Bates No. RetAssnParties000062) | |
| 309 | Letter from Shirley V. Lightsey to Kevyn Orr, dated May 4, 2013 (RetAssnParties000181) | |
| 310 | Letters from DRCEA members to the DRCEA (RetAssnParties000001-000021) | Hearsay ; Relevance |
| 311 | RESERVED | |

---

[2] Bates numbers will be updated.

| 312 | Wieler consent judgment (RetAssnParties000143-000180) | Hearsay ; Relevance |
|-----|-------------------------------------------------------|---------------------|
| 313 | U.S. Trustee Retiree Committee Questionnaire completed by Shirley V. Lightsey (RetAssnParties000100-000104) | Hearsay ; Relevance |
| 314 | U.S. Trustee Retiree Committee Questionnaire completed by Donald Taylor (RetAssnParties000121-000125) | Hearsay ; Relevance |
| 315 | Pamphlet entitled "All About the DRCEA" (RetAssnParties000022-000031) | |

Each of the Retiree Association Parties reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other Objector

# ATTACHMENT C

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

**THE OFFICIAL COMMITTEE OF RETIREES'
CONSOLIDATED (1) WITNESS LIST,
(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

The Official Committee of Retirees (the "Committee"), through their counsel, Dentons US LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

**I.    *Witness List***

A.    The Committee hereby submits this consolidated witness list of individuals who will be called as witnesses via deposition testimony in the eligibility trial:

　　　1.    Emergency Manager Kevyn D. Orr

　　　2.    Conway MacKenzie Senior Managing Director Charles Moore

　　　3.    Michigan Treasurer Andy Dillon

B.    The Committee hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

　　　1.    Milliman Principal and Consulting Actuary Glenn Bowen

　　　2.    Michigan Labor Relations Director Lamont Satchel

　　　3.    Ernst & Young LLP Principal Guarav Malhotra

　　　4.    Kenneth Buckfire

54

5.    Governor Richard D. Snyder

6.    Howard Ryan

D.    The Committee hereby reserves the right to call as witnesses any witness called by any other party.

## II.    *Exhibit List*

The Committee hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Common Exhibit No. | Exhibit | Objections |
|---|---|---|
| 400. | 01/30/13 - Orr Dep. Ex. 1, JD-RD-0000113 (email chain) | |
| 401. | 01/31/13 - Orr Dep Ex. 2, JD-RD-0000303 (email chain) | |
| 402. | 01/31/13 - Orr Dep. Ex. 3, JD-RD-0000300-02 (email chain) | |
| 403. | 01/31/13 - Orr Dep. Ex. 4, JD-RD-0000295-96 (email chain) | |
| 404. | Orr Dep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 405. | 02/20/13 - Orr Dep Ex. 6, JD-RD-0000216-18 (email chain) | |
| 406. | 02/22/13 - Orr Dep Ex. 7, JD-RD-0000459-64 (email chain) | |
| 407. | 05/12/13 - Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 408. | 06/14/13 - Orr Dep. Ex. 9, Dkt. 438-16 (City of Detroit Proposal for Creditors) | |
| 409. | 07/16/13 - Orr Dep. Ex. 10, Dkt. 11-10 (letter Re: Recommendation Pursuant to | |

55

| | | |
|---|---|---|
| | Section 18(I) of PA 436) | |
| 410. | 07/18/13 - Orr Dep. Ex. 11, Dkt. 11-11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 411. | 07/12/13 - Orr Dep. Ex. 12, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 412. | 07/17/13 - Orr Dep. Ex. 13, Dkt. 512-6 (letter Re: City of Detroit Pension Restructuring) | |
| 413. | 09/11/13 - Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 414. | 07/18/13 - Orr Dep. Ex. 15, Dkt. 11 (Declaration of Kevyn Orr) | |
| 415. | 09/13/13 - Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' First Requests for Admission Directed to the City of Detroit | |
| 416. | 06/27/13 - Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 417. | 02/13/13 - Orr Dep. Ex. 20, JD-RD-0000334-36 (email chain) | |
| 418. | 01/29/13 - Orr Dep. Ex. 21, DTMI00128731-805 (Jones Day 1/29/13 Pitchbook) | |
| 419. | 03/2013 - Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 420. | 02/15/13 - Orr Dep. Ex. 25, JD-RD-0000354-55 (email chain) | Authentication; Hearsay |
| 421. | 06/21/13 - Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 422. | 06/14/13 - Satchel Dep. Ex. 19, Dkt. | |

13-53846-swr   Doc 2470-17 Filed 01/11/14 Entered 01/11/14 17:30:32 Page 378 of 471
13-53846-swr   Doc 1500-17 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 378 of 402
471

| | | |
|---|---|---|
| | 438-7 (letter Re: Retiree Benefit Restructuring Meeting | |
| 423. | 06/17/13 - Satchel Dep Ex. 20, Dkt. 438-6 (letter Re: Request from EFM for additional information) | |
| 424. | 09/24/13 - Bowen Dep. Ex. 4, DTMI00066176-90 (letter Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 425. | 11/16/12 - Bowen Dep. Ex. 9, DTMI00066269-74 (letterRe: DGRS Simple Projection) | |
| 426. | 05/20/13 - Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 427. | 05/21/13 - Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10-Year Projection of Plan Freeze and No Future COLA) | |
| 428. | 09/24/13 - Bowen Dep. Ex. 14, (letter Re: One-Year Service Cancellation for DRGS and PFRS) | |
| 429. | 07/17/13 - Malhotra Dep. Ex. 8, DTMI00137104 (Ernst & Young - Amendment No. 7 to statement of work) | |
| 430. | 07/02/13 - Dkt. 438-9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 431. | 07/03/13 - Dkt. 438-10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 432. | 01/16/13 - DTMI00078970 - 79162, (Ernst & Young  Professional Service Contract) | |
| 433. | 04/04/13 - DTMI00210876 - 78, (Ernst | |

13-53846-swr   Doc 2476-17   Filed 01/11/14   Entered 01/11/14 15:43:58   Page 379 of 471
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 379 of 471
471

| | | |
|---|---|---|
| | & Young Amendment No. 6 to Professional Services Contract) | |
| 434. | 07/17/13 - Snyder Dep. Ex. 6, (City of Detroit Rollout Plan) | Hearsay |
| 435. | 06/07/13 - Snyder Dep. Ex. 7, (Tedder email) | Hearsay |
| 436. | 07/08/13 - Snyder Dep. Ex. 8, (Dillon email) | Hearsay |
| 437. | 07/09/13 - Snyder Dep. Ex. 9, (Dillon email) | Hearsay |
| 438. | 07/09/13 - Dillon Dep. Ex. 5 (Dillon email) | Hearsay |
| 439. | 09/13/2013 - Dkt. 849 (City's Response to General Retirement Systems Request For Admissions) | |
| 440. | 08/23/13 - Dkt. 611 (General Retirement Systems Request For Admissions) | |
| 441. | 06/30/2011 - DTMI00225546 - 96, (Gabriel Roeder Smith 73rd Annual Actuarial Valuation) | |
| 442. | 06/30/12 - DTMI00225597 - 645, (Gabriel Roeder Smith 74th Annual Actuarial Valuation) | |
| 443. | 03/2013 - Bing Dep. Ex. 3 DTMI00129416 - 53 (City of Detroit - Restructuring Plan | |
| 444. | 06/30/12 - Bing Dep. Ex. 4 - (Excerpt of Comprehensive Annual Financial Report - (pages 123-124)) | |
| 445. | 07/10/13 - Bing Dep. Ex. 5 - DTMI00098861-62, (email correspondence) | |
| 446. | The video as it is linked from the 09/16/13 and 10/4/13 depositions of Kevyn D. Orr | |

58

| | | |
|---|---|---|
| 447. | The video as it is linked from the 10/14/13 Dave Bing Deposition | |
| 448. | The video as it is linked from the 10/9/13 Richard D. Snyder Deposition | |
| 449. | The video as it is linked from 10/10/13 Andrew Dillon Deposition | |
| 450. | Any and all documents, correspondence and/or other materials authored by any witnesses identified in the City's witness list that contain relevant facts and/or information regarding this matter | Non-specific; non-compliant with Local Rule 7016-1(a)(9) |
| 451. | Any and all exhibits identified by any party | |
| 452. | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097-100, plus unnumbered timeline attachment)) | Hearsay |

# ATTACHMENT D

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED (1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS**

60

13-53846-swr Doc 2470-17 Filed 01/31/14 Entered 01/31/14 17:09:32 Page 381 of 442
13-53846-swr Doc 1606 Filed 11/08/13 Entered 11/08/13 15:43:58 Page 130 of 142
471

**THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES' CONSOLIDATED
(1) WITNESS LIST (2) EXHIBIT LIST AND (3) DEPOSITION
DESIGNATIONS**

The Michigan Council 25 of the American Federation of State, County and
Municipal Employees ("AFSCME"), through their counsel, Lowenstein Sandler
LLP, for the Eligibility Hearing scheduled to start October 23, 2013, submit the
following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition
Designations:

**I.    *Witness List***

A.    The AFSCME hereby submits this consolidated witness list of
individuals who will be called as live witnesses  in the eligibility trial:

1.    Steven Kreisberg

B.    The AFSCME hereby submits this consolidated witness list of
individuals who will be called as witnesses via deposition testimony in the
eligibility trial:

1.    Governor Richard D. Snyder

2.    Emergency Manager Kevyn D. Orr

2.    Ernst & Young LLP Principal Guarav Malhotra

3.    Conway MacKenzie Senior Managing Director Charles Moore

4.    Michigan Treasurer Andy Dillon

5.    Richard Baird

6.    Mayor David Bing

7.    Howard Ryan

C.    The AFSCME hereby submits this consolidated witness list of individuals who may be called as witnesses via deposition testimony in the eligibility trial:

1.    Edward McNeil

D.    The AFSCME hereby reserves the right to call as witnesses any witness called by any other party.

## II.    *Exhibit List*

The AFSCME hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| AFSCME Exhibit No. | Common Exhibit No. | Exhibit | Objections |
|---|---|---|---|
| 501. | | 08/2007 - Dep. Ex. 8, (Office of the Auditor General Audit of the Municipal Parking Department) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 502. | | 12/16/11 - AFSCME000000368 – 373, (City of Detroit Budgetary Savings and Revenue Manifesto – City of Detroit Labor Organizations) | Authentication; Hearsay; Relevance |
| 503. | | 12/21/11 - Ex. C, (2011 Treasury Report) Declaration of Kevyn Orr in Support of Eligibility | |
| 504. | | 01/10/12 - Dep. Ex. 10, (City of Detroit Letter Request for Information to Cockrel, Budget, Finance and Audit Standing Committee Chair) Deposition of Kenneth A. Buckfire, September 20, 2013 | |

13-53846-swr   Doc 2476-17   Filed 01/14/14   Entered 01/14/14 15:17:58   Page 384 of
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 391 of
471

| | | | |
|---|---|---|---|
| 505. | | 02/01/12 - DTMI00086926 – 86983, (Tentative Agreement between City and Coalition of City of Detroit (non-uniform) Unions) | Hearsay; Relevance |
| 506. | | 03/02/12 - DTMI00234878 – 234880, (Email amongst Jones Day Subject: Consent Agreement) | |
| 507. | | 03/26/12 - Dep. Ex. 5, (Letter from Lamont Satchel to Edward McNeil Confirming Coalition of Unions representing Detroit City workers has ratified a new contract) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 508. | | 04/02/12 - Dep. Ex. 6, (Letter to Lamont Satchel from Edward McNeil providing updated list of coalition unions) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 509. | | 03/26/12 - DTMI00204529 - 204543, (2012 Financial Review Team Report, dated March 26, 2012) | |
| 510. | | 04/05/12 - DTMI00161620 - 161678, (2012 Consent Agreement) | |
| 511. | | 06/06/12 - Dep. Ex. 9, (City of Detroit Non-filer Collection Summary for years 2006 to 2009) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay; Relevance |
| 512. | | 06/11/12 - DMTI00098703- 98704 Email from Kyle Herman of Miller Buckfire to Heather Lennox & others Forwarding article "Bing: Detroit Will Miss Friday Payment if Suit Not Dropped" | Hearsay |
| 513. | | 07/18/12 - AFSCME000000291-337, (Letter from Satchel attaching City Employment Terms)· | Relevance |
| 514. | | 07/27/12 - AFSCME 000000340 – 343, (Inter-Departmental Communication from Lamont Satchel to City of Detroit Employees regarding employment terms) | Relevance |
| 515. | | 08/02/12 - Dep Ex. 11, (August 2, 2012 CET Implementation Project Kickoff Meeting) Deposition of Lamont Satchel, September 19, 2013 | Relevance; Hearsay |
| 516. | | 08/20/12 - AFSCME 000000344 - 347, (Cynthia Thomas Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |

13-53846-swr Doc 2476-17 Filed 01/31/14 Entered 01/31/14 15:17:58 Page 385 of 142

| | | | |
|---|---|---|---|
| 517. | | 08/29/12 - DTMI00090577 – 90584, (Cynthia Thomas Revised Memorandum re: Changes in Pension Provisions to Unionized Employees Subject to City Employment Terms) | Hearsay; Relevance |
| 518. | | 11/21/12 - DMTI00103931 - 103932, (Email Exchange with James Doak to Buckfire & others re: furloughs) | Hearsay; Relevance |
| 519. | | 12/02/12 - Moore Dep. Ex. 6, DTMI00078512 - 8514 (Email from Kriss Andrews to Andy Dillon re: respective roles of E&Y, Conway MacKenzie, and Miller Buckfire in restructuring) | |
| 520. | | 12/14/12 - DTMI00220457 - 220459, (2012 Treasury Report) | |
| 521. | | 12/18/12 - Dep. Ex. 12, (Letter from Edward McNeil to Lamont Satchel) Deposition of Lamont Satchel, September 19, 2013 | |
| 522. | | 12/19/12 - Dep. Ex. 13, (Budget Required Furlough) Deposition of Lamont Satchel, September 19, 2013 | |
| 523. | | 12/19/12 - Moore Dep. Ex. 7, DTMI00106319 - 106320, (Email from Van Conway to Moore Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 524. | | 12/19/12 - Moore Dep. Ex. 8, DTMI00079526, (Email from Moore to Kriss Andrews etc Re: draft "Exhibit A" concerning proposed scope of services for Conway MacKenzie as part of K with City of Detroit) | |
| 525. | | 12/19/12 - Moore Dep. Ex. 9, (Email from Kriss Andrews to Baird Re: scope of work for Conway MacKenzie) | |
| 526. | | 12/19/12 - Moore dep. Ex. 10, DTMI00079528 - 79530 (Exhibit A Conway MacKenzie Scope of Services for January 9, 2013 through December 31, 2013) | |
| 527. | | 12/27/12 - Dep. Ex. 17 (Caremark/CVS Letter), Deposition of Lamont Satchel, September 19, 2013 | Hearsay; Relevance |
| 528. | | 01/2013 - Dep Ex. 5, (Water Supply System Capital | Hearsay; |

| | | | |
|---|---|---|---|
| | | Improvement Program Fiscal Years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Relevance |
| 529. | | 01/2013 - Dep. Ex. 6, (Sewage Disposal System, Capital Improvement Program, Fiscal years 2013 through 2017 (January 2013 Update) Deposition of Kenneth A. Buckfire, September 20, 2013 | Hearsay; Relevance |
| 530. | | 01/03/13 - Dep Ex. 14, (Letter from Lamont Satchel to Ed McNeil in Response to December 28, 2012 Letter) Deposition of Lamont Satchel, September 19, 2013 | Relevance |
| 531. | | 01/14/13 - DMTI00079665 - 79667(email from Kriss Andrews re: Professionals Call on Retiree Health Care Issues) | |
| 532. | | 01/22/13 - DMTI00079569 - 79574, (Email from Kriss Andrews to Himself attaching Executive Summary of Detroit Restructuring Plan) | |
| 533. | | 01/23/13 - Dep. Ex. 15, (Letter from Lamont Satchel to Ed McNeil responding to information request submitted December 18, 2012) Deposition of Lamont Satchel, September 19, 2013 | |
| 534. | | 01/25/13 - Dep. Ex. 16, (Letter from Ed McNeil to Lamont Satchel in preparation for meeting January 30, 2013) Deposition of Lamont Satchel, September 19, 2013 | |
| 535. | | 01/16/13 - Moore Dep. Ex. 11, DTMI00078909 - 78969 (Conway MacKenzie Professional Service Contract Transmittal Record approved January 16, 2013) | |
| 536. | 418 | 01/29/13 - DTMI00128731-128805, (Pitch Presentation given to the City by the City's Law Firm) | |
| 537. | 400 | 1/30/13 - JD-RD-0000113, (Email From Richard Baird forwarded by Corinne Ball to Heather Lennox "Bet he asked if Kevyn could be EM!") | |
| 538. | | 01/31/12 - JD-RD-0000177 -178, (10:52 email between Orr and his colleague) | |
| 539. | 403 | 01/31/13 - JD-RD-0000295 - 296 (3:45:47 PM Email between Kevyn Orr and Corinne Ball Re: Bloomberg | |

| | | | |
|---|---|---|---|
| | | involvement as a bad idea & new law as a "redo" of prior rejected law) | |
| 540. | 401 | 01/31/13 - JD-RD-0000303, (5:23:09 PM Email between Kevyn Orr and colleague re conversation with Richard Baird re: consideration of EM job; in response to email from Corinne Ball re: Bloomberg Foundation and financial support for EM & project) | |
| 541. | 402 | 01/31/13 - JD-RD-0000300 - 302, (4:10:58 PM Email exchange between Orr and Daniel Moss Re: prudence of making Detroit a "national issue" to provide "political cover" & best option to go through chapter 9) | |
| 542. | | 02/11/13 - DMTI00083374 - 83394, (City of Detroit FAB Discussion Document) | |
| 543. | 417 | 02/07/13 - JD-RD-0000334 - 336, (Email String between Richard Baird and Kevyn Orr re: Details of Emergency Manager Employment) February 12-13 | |
| 544. | | 02/12/13 - JD-RD-0000327, ( Email string between Richard Baird, Andy Dillon, Kevyn Orr and Others regarding schedule for Orr Visit on February 11, 2013) February 7, 2013-February 11, 2013 | |
| 545. | 420 | 02/13/13 - JD-RD-0000354-355, (Email String Regarding Prospect of Orr accepting position as Emergency Manager) February 13, 2013-February 15, 2013 | |
| 546. | | 02/18/13 - Moore Dep. Ex. 18, DTMI00103661 - 103663, (Email from Moore to Bill Pulte re: Pulte Capital Partners LLC employment to clear blight) | |
| 547. | | 02/19/13 - DTMI00080488 - 80508, (2013 Financial Review Team Report) | |
| 548. | | 02/19/13 - DTMI00080488 - 80508, (Supplemental Documentation of the Detroit Financial Review team Report) | |
| 549. | 405 | 02/20/13 - JD-RD-0000216 - 218, (Email attaching summary of partnership – Governor, Mayor & EM) | |
| 550. | 406 | 02/22/13 - JD-RD-0000459 - 464, (Email exchange concerning summary of partnership Exchange with Orr and Baird, forwarding exchange between Baird and Snyder) February 20- 22, 2013 | |

| | | | |
|---|---|---|---|
| 551. | | 02/22/13 - DTMI00097150 - 97154, (Letter from Irvin Corley, Director Fiscal Analysis Division and David Whitaker, Director Research & Analysis Division to Councilmembers Providing Comments on the Report of the Detroit Financial Review Team report) | |
| 552. | 419 | 03/2013 - DMTI00078433 - 78470, (City of Detroit Restructuring Plan, Mayor's Implementation Progress Report) | |
| 553. | | 03/01/13 - DTMI 00124558 - 24562, (Governor's Determination of Financial Emergency) | |
| 554. | | 03/11/13 - Moore Dep. Ex. 13, DTMI00078028–78046, (FAB Discussion Document) | |
| 555. | | 03/27/13 - JD-RD-0000524 - 532, (Contract for Emergency Manager Services) | |
| 556. | | 04/05/13 - Moore Dep. Ex. 14 - DTMI00069987 – 70027, (City Council Review Restructuring Recommendations) | |
| 557. | | 04/08/13 - Moore Dep. Ex. 14 - DTMI00083414 – 83434 - (FAB Discussion Document) | |
| 558. | | 04/11/13 - , (Order No. 5, issued by the EM April 11, 2013, requires that the EM approve in writing of any transfers of the City's real property) | |
| 559. | | 05/02/13 - (Order No. 6, issued by the EM on May 2, 2013, directs the precise amount of deposits from the City to the Public Lighting Authority) | |
| 560. | 407 | 05/12/13 - DTMI00222548 - 222591, (Financial and Operating Plan) | |
| 561. | | 05/21/13 - Moore Dep. Ex. 4, DTMI00106352 - 6353, (email from Van Conway to Moore) | |
| 562. | | 05/21/13 - DTMI00106348 - 6349 (email exchange between Moore and Baird re: hiring of "Van" (Conway)) | |
| 563. | | 05/24/13 - Debtor's Omnibus Reply to Objections Ex. C, (Letter from Edward McNeil estimating savings from the Tentative Agreement of Approximately $50 million) | |
| 564. | 435 | 06/03/13 - Dep. Ex. 5, SOM20001327-1327-28, (Email String re: Financial and Operating Plan | Hearsay |

67

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 15:47:58   Page 389 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 389 of 142
471

| | | | |
|---|---|---|---|
| | | Powerpoint January 3, 2013 through June 7, 2013) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 565. | | 06/10/13 - DTMI0011511-115432, (June 10 Presentation) | |
| 566. | 422 | 06/14/13 - DTMI00083043 - 83044, (letter from counsel to the City of Detroit to AFSCME) | |
| 567. | 408 | 06/14/13 - DTMI00227728 - 227861, (City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 568. | | 06/14/13 - DTMI00083741 - 83805, (Executive Summary of City of Detroit's "Proposal for Creditors" presented by the City of Detroit on June 14, 2013) | |
| 569. | 423 | 06/17/13 - AFSCME000000040 - 41 Kreisberg letter to Miller Buckfire & Co., LLC. | |
| 570. | | 06/20/13 - DTMI00078574 - 78597, (Retiree Legacy Cost Restructuring, Uniform Retirees June 20, 2013 Presentation) | |
| 571. | | 06/20/13 - DTMI00078598 - 78621, (Retiree Legacy Cost Restructuring, Non-Uniform Retirees June 20, 2013 Presentation) | |
| 572. | | 06/21/13 - DMTI00099297 - 99298, (Email Sonya Mays to herself Re: refining current responsibilities to align more closely with City's financial restructuring effort) | |
| 573. | 421 | 06/21/13 - DTMI00078573 - 78621, (email from Lamont Satchel to David Bing and others attaching Emergency Manager's current restructuring plan for healthcare benefits and pensions) | |
| 574. | | 06/27/13 - DTMI00084443, (letter from counsel to the City of Detroit to AFSCME) (Letter to Ed- not letter included in objection) | |
| 575. | | 06/28/13 - DTMI00135831, (June 28, 2013 email from counsel to the City of Detroit to AFSCME) | |
| 576. | | 06/30/13 - DTMI00175701 - 175736, (City of Detroit Water Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |

| 577. |     | 06/30/13 - DTMI00175663 - 74700, (City of Detroit Sewage Disposal Fund Basic Financial Statements) | Authentication; Hearsay; Relevance |
|------|-----|-----------------------------------------------------------------------------------------------------|-----------------------------------|
| 578. | 430 | 07/02/13 - AFSCME000000036 - 39, (Kreisberg letter to counsel to the City of Detroit) | |
| 579. | 431 | 07/03/13 - DTMI00084320 - 84321, (letter from counsel to the City of Detroit to AFSCME) | |
| 580. |     | 07/04/13 - DTMI00109900 -109901, (Email from Dana Gorman to Bill Nowling attaching Communications Rollout) | Hearsay |
| 581. | 436 | 07/08/13 - Dep. Ex. 7, SOM200003601, (Email re: Detroit and Pension Cuts) Deposition of Richard Baird, October 10, 2013 | |
| 582. |     | 07/08/13 - SOM20010097, (Email from Bill Nowling to Governor's Office Attaching July 4, 2013 Spreadsheet entitled "Chapter 9 Communications Rollout") | Hearsay |
| 583. |     | 07/18/13 - (Order No. 10, issued by the EM on July 8, 2013, suspends the Detroit Charter's requirement for filling vacancies on City Council) | |
| 584. |     | 07/09/13 - SOM20010234, (Email from Treasurer Andy Dillon to the Governor and other Individuals in the Governor's Office) | Hearsay |
| 585. | 437 | 07/09/13 - Dep. Ex. 8, SOM200003657, (email re: Detroit and Referencing Meeting Keyvn Orr to have with pensions) Deposition of Richard Baird, October 10, 2013 | Hearsay |
| 586. |     | 07/11/13 - DMTI00104215-104217, (Email from Dave Home to Kenneth Buckfire forwarding pre-read for call regarding options for protecting art) | Hearsay |
| 587. | 409 | 07/16/13 - DTMI00099244 - 99255, (Emergency Manager Recommendation of Chapter 9 Filing) | |
| 588. |     | 07/17/13 - DTMI00128729-128730, (Email from Ken Buckfire regarding the deal reached between the City and its swap counterparties) | Hearsay |
| 589. | 429 | 07/17/13 - DTFOTA0000001 - 8, (Ernst & Young Amendment No. 7 to Professional Services Contract with City of Detroit) | |
| 590. | 410 | 07/18/13 - DTMI00116442 - 116445, (Governor's | |

69

13-53846-swr Doc 2470-17 Filed 01/11/14 Entered 01/11/14 15:17:58 Page 391 of 471
13-53846-swr Doc 2460-17 Filed 11/08/13 Entered 11/08/13 14:35:32 Page 391 of 471

| | | | |
|---|---|---|---|
| | | Authorization of Chapter 9 Filing) | |
| 591. | | 07/18/13 - Decl. Ex. A (Temporary Restraining Order dated July 18, 2013) Kreisberg Declaration, August 19, 2013 | |
| 592. | | 07/19/13 - Ex. B (Order of Declaratory Judgment dated July 19, 2013) Kreisberg Declaration, August 19, 2013 | |
| 593. | | 07/19/13 - DTMI00116442-116445, (email re: High Priority with attached July 18, 2013 Letter re Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 594. | | 08/06/13 - AFSCME000000050, (Kreisberg letter to counsel to the City of Detroit) (no attachment) | Relevance |
| 595. | | 08/08/13 - AFSCME000000045 - 46, (letter from counsel to the City of Detroit to AFSCME) | Relevance |
| 596. | 413 | 09/11/13 - Ex. 14, (Retiree Legacy Cost Restructuring Presentation) Deposition of Kevyn Orr, September 16, 2013 | Relevance |
| 597. | | 09/13/13 - DTFOTA1 – 153, (Letter from Jones Day to Caroline Turner attaching documents relied upon in Buckfire and Malhotra Depositions) Deposition of Kenneth A. Buckfire, September 20, 2013 | |
| 598. | | 10/09/13 - Ex. 11, (Email Subject: High Priority) Deposition of Governor Richard Snyder, October 9, 2013 | |
| 599. | | DTMI00117210 -117215, (Detroit City Council Rationale for Appeal) | Authentication; Relevance |
| 599-0 | | Ex. 18, (City Government Restructuring Program Hot Items) Deposition of Kenneth A. Buckfire, September 20, 2013 | Authentication; Hearsay |
| 599-1 | | NERD Tax Return | Authentication; Hearsay; Relevance |
| 599-2 | | 6/11/13 – DTMI00234907-908, Dep. Ex. 9, (Email re: Professional Fees) Deposition of Treasurer Andrew Dillon, October 10, 2013 | |
| 599-3 | | 09/16/13 - Ex. B, (Deposition Transcript of Emergency Manager Kevyn Orr September 16, 2013) | |

| | | Declaration of Michael Artz. | |
|---|---|---|---|
| 599-4 | | 10/04/13 - Ex. E, (Transcript of continued deposition testimony given by Emergency Manager Kevyn Orr) Declaration of Michael Artz. | |
| 599-5 | | 10/09/13 - Ex. A, (Deposition Transcript of Governor Richard Snyder) Declaration of Michael Artz. | |
| 599-6 | | 09/20/13 - Ex. C, (Deposition Transcript of Guarav Malhotra) Declaration of Michael Artz. | Hearsay |
| 599-7 | | 09/18/13 - Ex. D, (Deposition of Charles Moore) Declaration of Michael Artz. | Hearsay |
| 599-8 | | Any and all documents, correspondence and/or other materials authored by any witnesses identified in City's witness list that contain relevant facts and/or information regarding this matter | |
| 599-9 | | Any and all exhibits identified by any party. | |

# ATTACHMENT E

**THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED
(1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION**

# THE UAW'S AND *FLOWERS* PLAINTIFFS' CONSOLIDATED (1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

## I.    *Witness List*

A.    The UAW and Flowers hereby submit this consolidated list of individuals who will be called as witnesses in the eligibility trial:

      1.    Michael Nicholson - Subject:  City's pre-petition meetings with stakeholders and status of the employees and retirees of the Detroit Public Library

      2.    Jack Dietrich – history of bargaining between UAW Local 2211 and City

      3.    Janet Whitson –impact of pension cuts on retirees, including Detroit Public Library Retirees

      4.    Michigan Governor Rick Snyder – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

      5.    Michigan Treasurer Andy Dillon – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

      6.    Michigan Transformation Manager Rick Baird – motivation for Chapter 9 filings and dealings between Emergency Manager and state officials

C.    The UAW hereby reserves the right to call as witnesses any witness called by any other party.

## II.    Exhibit List

The UAW hereby submits this consolidated exhibit list of evidence that will

or may be used as evidence during the eligibility trial:

| Exhibit Numbers | | Exhibit | Objections |
|---|---|---|---|
| UAW | Common | | |
| 600 | 418. | Orr deposition Exh. 21 (Jones Day 1/29/13 pitchbook) | |
| 601 | 400 | Orr deposition Ex. 1, JD-RD-0000113 (email chain) | |
| 602 | 401. | Orr deposition Ex. 2, JD-RD-000303 (email chain) | |
| 603 | 402 | Orr deposition Ex. 3, JD-RD-0000300-302 (email chain) | |
| 604 | 405. | Orr deposition Ex. 6, JD-RD-0000216-218 (email chain) | |
| 605 | 407 | Orr deposition Ex. 8, (no Bates stamp) (5/12/13 EM Financial and Operating Plan) | |
| 606 | 408. | Orr deposition Ex. 9 (6/14/13 Proposal for Creditors) | |
| 607 | 409. | Orr deposition Ex. 10 (no Bates stamp) (7/16/13 EM letter to Governor) | |
| 608 | 410. | Orr deposition Ex. 11 (no Bates stamp) (7/18/13 Governor letter to EM) | |
| 609 | 414. | Orr's 7/18/13 declaration [Docket No. 11] | |
| 610 | None. | Orr deposition Ex. 17, City's responses to Retirement System's Admissions Requests [Docket No. 15] | |
| 611 | 410. | Orr deposition Ex. 18, DTMI00082699 (6/27/13 Jones Day letter to John Cunningham) | |

| | | | |
|---|---|---|---|
| | 436. | 7/8/13 email from Treasurer Dillon to Governor Snyder, (SOM20003601) | Hearsay |
| 612 | None | Buckfire deposition Ex. 13, DTM00103931-932 (Email chain) | Hearsay |
| 613 | 421. | Lamont Satchel deposition Ex. 18 (June 20, 2013 proposal). | Hearsay |
| 614 | None. | Rick Snyder Dep. Ex. 10, City of Detroit Chapter 9 Communications Rollout Plan | Hearsay |
| 615 | 437. | Rick Snyder Dep. Ex. 9, 7/9/13 email from Dillon to Snyder | Hearsay |
| 616 | 436. | Rick Snyder Dep. Ex. 8, 7/8/13 email from Dillon to Snyder | Hearsay |
| 617 | 435. | Rick Snyder Dep. Ex. 7 | Hearsay |
| 618 | 434. | Rick Snyder Dep. Ex. 6 | Hearsay |
| 619 | None | Rich Baird deposition Ex. 5 2/20/13 email from Baird to Orr | Relevance |
| 620 | None | Rich Baird deposition Ex. 6, 2/22/13 email from Baird to Orr | Relevance |
| 621 | 438 | Andy Dillon deposition Ex. 5, 7/19/email | Hearsay |
| 622 | None | Andy Dillon deposition Ex. 7, 3/2/12 email | Hearsay; Relevance |
| 623 | None | UAW document production bates-stamped 302-303 (Michael Nicholson question cards) | |
| 624 | None | 7/18/13 Michael Nicholson affidavit, with attachments A and B | Hearsay; Relevance |

## III. RESERVATION OF RIGHTS

UAW and the *Flowers* Plaintiffs anticipate filing motions challenging certain assertions of privilege made by the City and/or by the State. Should the Court as a result of such motions find that the City and/or State improperly withheld testimony or documents, the UAW and *Flowers* Plaintiffs reserve the

75

13-53846-swr   Doc 2476-17   Filed 01/14/14   Entered 01/14/14 15:43:58   Page 397 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 396 of 471

right to supplement or modify their exhibit and witness lists and statement of claim.

# ATTACHMENT F

**THE DETROIT PUBLIC SAFETY UNIONS'
CONSOLIDATED (1) WITNESS LIST,
<u>(2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS</u>**

77

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 15:43:58   Page 399 of 142
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:17:53   Page 399 of
471

**THE DETROIT PUBLIC SAFETY UNIONS' CONSOLIDATED
(1) WITNESS LIST, (2) EXHIBIT LIST AND (3) DEPOSITION
DESIGNATIONS**

The Detroit Public Safety Unions, consisting of the Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") through their counsel, Erman, Teicher Miller, Zucker & Freedman, P.C., submit the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

**I.     *Witness List***

A.     The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who will be called as witnesses in the eligibility trial:

1.     Daniel F. McNamara (see Declaration, Dkt. 512-6)
       c/o Erman, Teicher Miller, Zucker & Freedman, P.C
       400 Galleria Officentre, Suite 444
       Southfield, MI  48034
       Telephone: (248) 827-4100

Mr. McNamara will testify about his duties as president of the DFFA, his responsibilities and the responsibilities of the DFFA on behalf of its members, and his dealings with representatives of the City prior to and after the filing of the chapter 9 petition.  In particular, he will testify about correspondence with Lamont Satchel that addressed the termination of 2009 – 2013 Collective Bargaining Agreement effective 11:59 p.m. June 30, 2013; the City's terms and conditions of employment following the expiration of the CBA; and follow up meetings.  Mr. McNamara will testify about the City's unilateral imposition of wage cuts, cuts to health care benefits and pension restructuring proposals, and that there were no negotiations between the City and the DFFA, despite the DFFA's willingness to participate at meetings.

2.    Mark Diaz  (see Declaration, Dkt. 512-1)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr.  Diaz will testify about his duties as president, his responsibilities and the responsibilities of the DPOA on behalf of its members,   and his efforts to negotiate and arbitrate labor matters with the City.  In particular, Mr. Diaz will testify about  the Act 312 Arbitration and the awards that were issued as a result of same. He will testify that the City's lack of negotiations; the City's announcement of  its intention to impose new health care plans on the DPOA and other Public Safety Unions which significantly increase the members' out of pocket medical costs; and about the  "informational meetings" in June and July 2013, at which representatives from  Jones Day presented very general outlines of the City's restructuring proposal.

3.    Mark Young (see Declaration, Dkt. 512-7)
      c/o Erman, Teicher Miller, Zucker & Freedman, P.C
      400 Galleria Officentre, Suite 444
      Southfield, MI  48034
      Telephone: (248) 827-4100

Mr. Young will testify about his duties as president, his responsibilities and the responsibilities of the DPLSA on behalf of its members.  Mr. Young will testify about the DPLSA Feb. 4, 2013 Petition for Act 312 arbitration and the subsequent action of the City claiming it was not obligated to engage in bargaining under the Public Employment Relations Act, MCL 423.201 et seq as a result of Section 27(3) of Public Act 436; the decision of the MERC on July 14, 2013 granting the City's motion to dismiss the Act 312 arbitration; and the City's  subsequent statements that it had  no obligation to bargain with the DPLSA.  He will also testify about the City's actions in June and July 2013 relative to the termination of the CBA and the City's intent to impose changes to wages, benefits and working conditions, and correspondence with Lamont Satchel, the City Labor Relations Director.  Mr. Young will testify about presentations made by the City in June and July 2013 relative to pension restructuring and health plan changes for DPLSA members, and other meetings with the City/Emergency Manager to talk about employment issues

79

for DPLSA members, and the City's statement that the meetings should not be categorized as negotiations.

    4.      Mary Ellen Gurwitz  (see Declaration, Dkt. 512-8)
           c/o Erman, Teicher Miller, Zucker & Freedman, P.C
           400 Galleria Officentre, Suite 444
           Southfield, MI  48034
           Telephone: (248) 827-4100

Ms. Gurewitz will testify about the lack of negotiations between the DPCOA and the City and the terms that have been imposed by the City, and, in particular, the lack of negotiations with the City prior to the chapter 9 filing.

    B.     The Detroit Public Safety Unions' hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

    1.     Jeffrey M. Pegg, Vice President, DFFA Local 344

    2.     Teresa Sanderfer, Secretary, DFFA Local 344 Committee Member

    3.     Robert A. Shinske, Treasurer, DFFA Local 344

    4.     Linda Broden, Sergeant at Arms, DPOA RDPFFA

    5.     Rodney Sizemore, Vice President

    6.     Steve Dolunt, President, DPCOA

    7.     James Moore, Vice president, DPCOA

Each of the Detroit Public Safety Unions reserves the right to call any witness listed by the City, the State of Michigan or by any objecting party.

    C.     Witnesses from Deposition testimony:

Each of the Detroit Public Safety Unions reserves the right to  offer any portion of any deposition designated by any other objecting party.

80

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 15:17:33   Page 402 of 471
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 140 of 142
471

## II. Exhibit List

The Detroit Public Safety Unions' hereby submit this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

| Public Safety Unions' Exhibit No. | Exhibit | Objections |
|---|---|---|
| 704 | DFFA letter dated July 12, 2013 | |
| 705 | Jones Day letter of July 17, 2013 | |
| 706 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354 Panel's Findings, Opinion and Orders | Hearsay; Relevance |
| 707 | City of Detroit and Detroit Police Officers Association, MERC Case No. D12 D-0354, Supplemental Award | Hearsay; Relevance |
| 708 | City of Detroit v. DPOA MERC Case No.D12 D-0354 Chairman's Partial Award on Health Insurance | Hearsay; Relevance |
| 709 | Letter from Jones Day, Brian West Easley, dated June 14, 2013 | |
| 710 | Letter from Jones Day, Brian West Easley, dated June 27, 2013 | |
| 711 | DFFA Master Agreement, 2001-2009 | |
| 712 | DFFA Act 312 Award, dated Oct./Nov. 2011 | Hearsay; Relevance |
| 713 | DFFA Supplemental Act 312 Award | Hearsay; Relevance |
| 714 | DFFA Temporary Agreement | Hearsay; Relevance |
| 715 | DPLSA Master Agreement, 2009 | |
| 716 | DPCOA Master Agreement | |
| 717 | DPCOA Temporary Agreement | Hearsay; Relevance |
| 718. | City of Detroit v. DPOA MERC Case No.D09 F-0703 Decision and Order | Hearsay; Relevance |

81

| 719 | City of Detroit v. DPOA, No. C07 E-110 | Hearsay; Relevance |

Each of the Detroit Public Safety Unions reserves the right to rely on any portion of any Exhibit offered into evidence by the City, the State or any other objecting party.

# ATTACHMENT G

## THE RETIREMENT SYSTEMS' CONSOLIDATED
## (1) WITNESS LIST,
## (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

# THE RETIREMENT SYSTEMS' CONSOLIDATED
## (1) WITNESS LIST,
## (2) EXHIBIT LIST AND (3) DEPOSITION DESIGNATIONS

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems"), through their counsel, Clark Hill PLC, hereby submits the following Consolidated (1) Witness List, (2) Exhibit List and (3) Deposition Designations:

## I.    *Witness List*

A.    The Retirement Systems hereby submit this consolidated witness list of individuals who will be called as witnesses via deposition and/or live testimony in the eligibility trial:

> 1.    Kevyn D. Orr, Emergency Manager for the City of Detroit
>
> 2.    Andrew Dillon, Michigan Treasurer (via deposition or live)
>
> 3.    Richard Snyder, Michigan Governor (via deposition or live)
>
> 4.    Kenneth Buckfire, Miller Buckfire (via deposition or live)

B.    The Retirement Systems hereby submit this consolidated witness list of individuals who may be called as witnesses in the eligibility trial:

1. Glenn Bowen, Milliman Principal and Consulting Actuary Glenn Bowen (via deposition)

2. Lamont Satchel, Michigan Labor Relations Director Lamont Satchel (via deposition)

3. Charles Moore, Conway Mackenzie Managing Director (via deposition)

4. Bradley A. Robins, Head of Financing Advisory & Restructuring for North America at Greenhill & Co., LLC

5. Eric Mendelsohn, Managing Director of Greenhill & Co., LLC

6. David Bing, Mayor for the City of Detroit (via deposition)

7. Howard Ryan, State of Michigan 30(b)(6) Witness (via deposition)

C.    The Retirement Systems hereby reserves the right to call as a witness any witness identified by any other party, regardless of whether such witness is called to testify.

D.    The Retirement Systems hereby reserves the right to call as a witness any rebuttal and/or impeachment and/or foundation witness as necessary.

## II.    *Exhibit List*

The Retirement Systems hereby submits this consolidated exhibit list of evidence that will or may be used as evidence during the eligibility trial:

13-53846-swr   Doc 2476-17   Filed 01/11/14   Entered 01/11/14 15:17:03   Page 407 of 471
13-53846-swr   Doc 1606-17   Filed 11/08/13   Entered 11/08/13 15:43:58   Page 96 of 142
471

| Exhibit No. | | Exhibit | Objections |
|---|---|---|---|
| **RSCD** | **Common** | | |
| 801 | 404 | OrrDep. Ex. 5, M.C.L.A. Const. Art. 9, § 24 | |
| 802 | 418 | 01/29/13 – Orr Dep. Ex. 21, DTMI00128731–805 (Jones Day 1/29/13 Pitchbook) | |
| 803 | 400 | 01/30/13 – OrrDep. Ex. 1, JD–RD–0000113 (email chain) | |
| 804 | 403 | 01/31/13 – OrrDep. Ex. 4, JD–RD–0000295–96 (email chain) | |
| 805 | 402 | 01/31/13 – OrrDep. Ex. 3, JD–RD–0000300–02 (email chain) | |
| 806 | 401 | 01/31/13 – OrrDep Ex. 2, JD–RD–0000303 (email chain) | |
| 807 | 417 | 02/13/13 – OrrDep. Ex. 20, JD–RD–0000334–36 (email chain) | |
| 808 | 420 | 02/15/13 – OrrDep. Ex. 25, JD–RD–0000354–55 (email chain) | Authentication ; Hearsay |
| 809 | 405 | 02/20/13 – OrrDep. Ex. 6, JD–RD–0000216–18 (email chain) | |
| 810 | 406 | 02/22/13 – OrrDep. Ex. 7, JD–RD–0000459–64 (email chain) | |
| 811 | 419 | 03/2013 – Orr Dep. Ex. 22, DTMI00129416 (Restructuring Plan) | |
| 812 | 407 | 05/12/13 – Orr Dep. Ex. 8, (Financial and Operating Plan) | |
| 813 | 408 | 06/14/13 – Orr Dep. Ex. 9, Dkt. 438–16 (City of Detroit Proposal for Creditors) | |
| 814 | 416 | 06/27/13 – Orr Dep. Ex. 18, DTMI00082699 (letter Re: City of Detroit Restructuring) | |
| 815 | 411 | 07/12/13 – Orr Dep. Ex. 12, Dkt. 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| 816 | 412 | 07/17/13 – Orr Dep. Ex. 13, Dkt. | |

13-53846-swr   Doc 2470-17   Filed 01/31/14   Entered 01/31/14 17:09:32   Page 408 of 142
13-53846-tjt   Doc 7506   Filed 11/08/16   Entered 11/08/16 15:43:58   Page 409 of 142

| | | | |
|---|---|---|---|
| | | 512–6 (letter Re: City of Detroit Pension Restructuring) | |
| 817 | 409 | 07/16/13 – Orr Dep. Ex. 10, Dkt. 11–10 (letter Re: Recommendation Pursuant to Section 18(I) of PA 436) | |
| 818 | 410 | 07/18/13 – Orr Dep. Ex. 11, Dkt. 11–11 (letter Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding) | |
| 819 | 413 | 09/11/13 – Orr Dep. Ex. 14, (Retiree Legacy Cost Restructuring Presentation) | |
| 820 | 415 | 09/13/13 – Orr Dep. Ex. 17, Dkt. 849 (City of Detroit Objections and Responses to Detroit Retirement Systems' Frist Requests for Admission Directed to the City of Detroit | |
| 821 | 425 | 11/16/12 – Bowen Dep. Ex. 9, DTMI00066269–74 (letter Re: DGRS Simple Projection) | |
| 822 | 426 | 05/20/13 – Bowen Dep. Ex. 10 DTMI00066285 (Letter Re: DGRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| 823 | 427 | 05/21/13 – Bowen Dep Ex. 11, (letter from G. Bowen to E. Miller Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA | |
| 824 | 424 | 09/24/13 – Bowen Dep. Ex. 4, DTMI00066176–90 (letter Re: PFRS Simple 10–Year Projection of Plan Freeze and No Future COLA) | |
| 825 | 428 | 09/24/13 – Bowen Dep. Ex. 14, (letter Re: One–Year Service | |

| | | | |
|---|---|---|---|
| | | Cancellation for DRGS and PFRS) | |
| 826 | 422 | 06/14/13 – Satchel Dep. Ex. 19, Dkt. 438–7(letter Re: Retiree Benefit Restructuring Meeting) | |
| 827 | 423 | 06/17/13 – Satchel Dep. Ex. 20, Dkt. 438–6 (letter Re: Request from EFMfor additional information) | |
| 828 | 421 | 06/21/13 – Satchel Dep. Ex. 18, DTMI00078573 (email attaching 6/20/13 Retiree Legacy Cost Restructuring) | |
| 829 | 430 | 07/02/13 – Dkt. 438–9 (letter from S. Kreisberg to B. Easterly Re: Request for Information) | |
| 830 | 431 | 07/03/13 – Dkt. 438–10 (letter from B. Eastley to S. Kreisberg Re: City of Detroit Restructuring) | |
| 831 | | 07/08/2013 – Email from Bill Nowling to Governor's staff regarding timeline (SOM20010097–100, plus unnumbered timeline attachment) | Hearsay |
| 832 | 434 | 07/17/2013 – Timeline/City of Detroit Chapter 9 Communications Rollout Plan (Snyder Dep 6, SOM20001331, plus unnumbered attachment) | Hearsay |
| 833 | | 01/29/2013 – Baird Dep. Ex. 1 – Presentation to the City of Detroit, Jones Day (DTMI00128731–805) | |
| 834 | 438 | 07/09/2013 – Dillon Dep. Ex. 5 – Email A. Dillon to R. Snyder, D. Muchmore, R. Baird re: Detroit (SOM20010234) | Hearsay |
| 835 | | 04/15/2013 – Email T. Stanton to B. Stibitz re: crains (SOM20009880) | Hearsay |
| 836 | | 03/13/2013 – Email A. Dillon to | Hearsay |

| | | | |
|---|---|---|---|
| | | T. Saxton, B. Stibitz, F. Headen re: KO (SOM20009255–56) | |
| 837 | | 02/27/2013 – Email J. Martin to C. Ball (cc: A. Dillon, K. Buckfire) re: Solicitation for Restructuring Legal Counsel (DTMI00234545) | |
| 838 | | 05/12/2013 – Vickie Thomas CBS Detroit report re *Detroit EM Releases Financial Plan; City Exceeding Budget By $100M Annually* | Hearsay |
| 839 | | 05/12/2013 – Financial and Operating Plan, City of Detroit, Office of Emergency Manager, Kevyn D. Orr | |
| 840 | | 03/25/2012 – Email L. Marcero to K. Buckfire, etc. re: FW: Comments to draft from the City 3/23 (DTMI00234777–78) | Hearsay |
| 841 | | 03/29/2012 – L. Marcero to K. Buckfire, et al. re: FW: Revised Agreement (DTMI00234774–76) | Hearsay |
| 842 | | 05/20/2012 – H. Sawyer to K. Buckfire, et al. re: Detroit Update (DTMI00234763–64) | Hearsay |
| 843 | | 6/5/2012 K. Herman to K. Buckfire, et al. re: Detroit consent agreement lawsuite to be heard by Ingham County Judge Collette (DTMI00234761–62) | Hearsay |
| 844 | | 6/5/2012 – T. Wilson to H. Lennox re: meeting with Governor and conversation with K. Buckfire and Memos for Andy Dillon (DTMI00233348–49) | |
| 845 | | 3/24/2012 Email to Ken Buckfire from L. Marcero (DTMI00234796—798) | Hearsay |
| 846 | | 3/2/2012 – Email RE: PA 4 and | Hearsay |

| | | | |
|---|---|---|---|
| | | Consent Agreement (Dillon Ex. 6, DTMI0023878–80) | |
| 847 | | 12/5/2012—Email K. Buckfire to C. Ball, et al. (DTMI00234741–48) | |
| 848 | | 6/27/2013 Email from Tom Saxton and Terry Stanton (SOM20002871) | Hearsay |
| 849 | | 3/3/2012 Email to Andy Dillon (Dillon Ex. 7, DTMI00234877) | Hearsay |
| 850 | | 3/7/2012 Email to Ken Buckfire (DTMI00234867–234871) | |
| 851 | | 3/24/2012 Email RE: Andy Dillon and Ch. 9 (DTMI00234799–800) | |
| 852 | | 3/24/2012 Email to Ken Buckfire RE: Meeting w/ Dillon RE: PA, PA 72, Ch. 9 filing (DTMI00234796–234798) | Hearsay |
| 853 | | 1/28/2013 Email to Orr RE: RFP (DTMI00235165–66) | Hearsay |
| 854 | | 11/21/2012 Email to Ken Buckfire (Buckfire Dep. Ex. B13, DTMI00103933–34) | Hearsay |
| 855 | | 1/30/2013 Email to K. Orr RE: RFP by MB (DTMI00234685) | Hearsay |
| 856 | | 3/22/2013 Treasury Email RE: Milliman report (Dillon Exhibit 8, SOM20009920–9921) | Hearsay |
| 857 | | 3/5/2012 Email to Andy Dillon (DMT00231930) | |
| 858 | 436 | 7/8/2013 Email from Dillon to Governor (Baird Dep Ex. 7, SOM20003601) | Hearsay |
| 859 | | 3/10/2012 Email to K. Buckfire (DTMI00234852–863) | |
| 860 | | 1/28/2013 Email to K. Orr RE: Detroit Ch. 9 (DTMI00234687) | |
| 861 | | 1/30/2013 Email to K. Orr RE: RFP Process (DTMI00234684– | Hearsay |

13-53846-swr Doc 2603-17 Filed 01/08/14 Entered 01/08/14 17:03:32 Page 91 of 94
13-53846-swr Doc 2408-17 Filed 01/14/14 Entered 01/14/14 13:03:32 Page 412 of
471

| | | | |
|---|---|---|---|
| | | 86) | |
| 862 | | 3/24/2012 Email to K. Buckfire RE: Update on Meeting with State Today (DTMI00234779–4788) | |
| 863 | | 3/22/3012 Email to Andy Dillon and K. Buckfire (DTMI00234814) | Hearsay |
| 864 | | 3/27/2012 Email to Chuck Moore (DTMI00235061) | Hearsay |
| 865 | | 2/11/2013 Email to K. Orr RE: Ch. 9 filing (DTMI00235163) | |
| 866 | | 1/15/2013 Email to K. Orr (DTM100235218) | |

91

# ATTACHMENT H

## OBJECTORS' OBJECTIONS TO THE CITY OF DETROIT DEBTOR'S LIST OF EXHIBITS

Objectors jointly submit the following objections to The City of

Detroit, Michigan (the "City's"), list of exhibits:

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 1. | Charter – City of Detroit [DTMI00230808-0933] | |
| 2. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2008 [DTMI00230934-1157] | |
| 3. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2009  [DTMI00231158-1378] | |
| 4. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2010 [DTMI00230335-0571] | |
| 5. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2011  [DTMI00230572-0807] | |
| 6. | Comprehensive Annual Financial Report for the City of Detroit, Michigan for the Fiscal Year Ended June 30, 2012  [DTMI00231379-1623] | |
| 7. | November 13, 2012, Memorandum of Understanding City of Detroit Reform | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | Program  [DTMI00222996-3010] | |
| 8. | July 18, 2013 Declaration of Gaurav Malhotra in Support of the Debtor's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Malhotra Declaration") | Hearsay; Expert opinion |
| 9. | Cash Flow Forecasts [Malhotra Declaration Ex. A] | Hearsay; Expert opinion; Foundation |
| 10. | Ten-Year Projections [Malhotra Declaration Ex. B] | Hearsay; Expert opinion; Foundation |
| 11. | Legacy Expenditures (Assuming No Restructuring) [Malhotra Declaration Ex. C] | Hearsay; Expert opinion; Foundation |
| 12. | Schedule of the sewage disposal system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. D] | |
| 13. | Schedule of water system bonds and related state revolving loans as of June 30, 2012 [Malhotra Declaration Ex. E] | |
| 14. | Annual Debt Service on Revenue Bonds [Malhotra Declaration Ex. F] | |
| 15. | Schedule of COPs and Swap Contracts as of June 30, 2012 [Malhotra Declaration Ex. G] | |
| 16. | Annual Debt Service on COPs and Swap Contracts [Malhotra Declaration Ex. H] | |

94

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14   Page 416 of
471
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 17:03:32   Page 95 of 142

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 17. | Schedule of UTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. I] | |
| 18. | Schedule of LTGO Bonds as of June 30, 2012 [Malhotra Declaration Ex. J] | |
| 19. | Annual Debt Service on General Obligation Debt & Other Liabilities [Malhotra Declaration Ex. K] | |
| 20. | July 18, 2013 Declaration of Kevyn D. Orr In Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Orr Declaration") | Hearsay; Expert opinion; Foundation |
| 21. | January 13, 2012, City of Detroit, Michigan Notice of Preliminary Financial Review Findings and Appointment of a Financial Review Team [Orr Declaration Ex. C] | |
| 22. | March 26, 2012, Report of the Detroit Financial Review Team [Orr Declaration Ex. D] | |
| 23. | April 9, 2012, Financial Stability Agreement [Orr Declaration Ex. E] | |
| 24. | December 14, 2012, Preliminary Review of the City of Detroit [Orr Declaration Ex. F] | |
| 25. | February 19, 2013, Report of the Detroit Financial Review Team [Orr Declaration Ex. G] | |

95

13-53846-swr   Doc 2673-17   Filed 02/19/14   Entered 02/19/14 17:03:32   Page 96 of 142
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:48:03   Page 417 of 471

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 26. | March 1, 2013, letter from Governor Richard Snyder to the City [Orr Declaration Ex. H] | |
| 27. | July 8, 2013, Ambac Comments on Detroit [Orr Declaration Ex. I] | Hearsay; Foundation; Relevance |
| 28. | July 16, 2013, Recommendation Pursuant to Section 18(1) of PA 436 [Orr Declaration Ex. J] | |
| 29. | July 18, 2013, Authorization to Commence Chapter 9 Bankruptcy Proceeding [Orr Declaration Ex. K] | |
| 30. | July 18, 2013, Emergency Manager Order No. 13 Filing of a Petition Under Chapter 9 of Title 11 of the United States Code [Orr Declaration Ex. L] | |
| 31. | Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration") | Hearsay; Expert opinion; Foundation |
| 32. | Collection of correspondence between Jones Day and representatives of Unions regarding the representation of current retirees [DTMI00084776-4924] | Hearsay; Authentication; Completeness; Foundation |
| 33. | Chart on verbal communications with Unions regarding the representation of current retirees authored by Samantha Woo

[DTMI00231920] | Hearsay; Authentication; Foundation; Legibility; Relevance |

13-53846-swr   Doc 2673-17   Filed 02/14/14   Entered 02/14/14 17:03:32   Page 418 of
471
13-53846-swr   Doc 4608   Filed 11/08/13   Entered 11/08/13 16:48:08   Page 96 of 142

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 34. | Memorandum to File about communications with Unions regarding the representation of current retirees authored by Samantha Woo dated October 4, 2013<br><br>[DTMI00231927-DTMI00231929] | Hearsay; Authentication; Foundation; |
| 35. | Redacted log of meetings and correspondence between the City and its advisors and various creditors prior to July 18, 2013. [DTMI00231921-1926] | |
| 36. | FRE 1006 chart summarizing efforts to negotiate with union creditors. [DTMI-00235448] | |
| 37. | FRE 1006 chart summarizing efforts to negotiate with other creditors. [DTMI-00235447] | |
| 38. | FRE 1006 chart summarizing the City's projected cash flows. [DTMI00235438] | Hearsay; Foundation; Authentication |
| 39. | February 21, 2013 to June 21, 2013 Calendar of Lamont Satchel [DTMI00125142-5183] | Hearsay; Foundation; Authentication; Relevance |
| 40. | List of Special Conferences for Association held with Members of Police Labor Relations [DTMI00125426] | Hearsay; Foundation; Authentication; Relevance |
| 41. | June 10, 2013, City of Detroit Financial and Operating Plan Slides [DTMI00224211-4231] | Hearsay; Authentication; Foundation; Expert opinion |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 42. | RSVP List for June 14, 2013 Proposal for Creditors Meeting [DTMI00125427] | |
| 43. | June 14, 2013, City of Detroit Proposal for Creditors [DTMI00227144-7277] | |
| 44. | June 14, 2013 Proposal for Creditors – Executive Summary [DTMI00227278-7342] | |
| 45. | List of Invitees to the June 20, 2013 Meetings [DTMI00128659-8661] | |
| 46. | Sign-in sheets from June 20, 2013, 10:00 AM-12:00 PM (Non-Uniform Retiree Benefits Restructuring) [DTMI00235427-5434] | |
| 47. | Sign-in sheets from June 20, 2013 2:00-4:00 PM (Uniform Retiree Benefits Restructuring) [DTMI00235435-5437] | |
| 48. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Non-Uniform Retirees [DTMI00067906-7928] | |
| 49. | June 20, 2013 City of Detroit Retiree Legacy Cost Restructuring – Uniform Retirees [DTMI00067930-7953] | |
| 50. | Invitee List and Sign-in Sheet for the June 25, 2013 Meeting [DTMI00125428-5431] | |
| 51. | Cash Flow Forecasts provided at June 25, 2013 Meeting [DTMI00231905-1919] | Hearsay: Expert opinion; Authentication; Foundation |
| 52. | Composite of emails attaching 63 letters dated June 27, 2013 to participants of the June 20, 2013 | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | meetings [DTMI00128274-DTMI0012835; DTMI00239435-DTMI0023446] | |
| 53. | List of Attendees at July 9 and 10, 2013 Creditor Meetings [DTMI00231791] | |
| 54. | Detroit Future City Plan 2012 [DTMI00070031-0213] | |
| 55. | Collection of correspondence regarding invitations to the July 10 Pension Meetings and July 11 Retiree Health Meetings [DTMI00235408-5426] | |
| 56. | July 10, 2013 City of Detroit Sign In Sheet for 1:00 PM Pension and Retiree Meeting   [DTMI00229088-9090] | |
| 57. | July 10, 2012 City of Detroit Sign In Sheet for 3:30 PM Police and Fire Meeting [DTMI00229091-9094] | |
| 58. | July 11, 2013 City of Detroit Sign-in Sheet for 10:00 AM Non-Uniformed Meeting. [DTMI00229095-9096] | |
| 59. | July 11, 2013 City of Detroit Sign-in Sheet for the 1:30 PM Uniformed Meeting. [DTMI229102-9103] | |
| 60. | July 11, 2013 City of Detroit Union-Retiree Meeting Draft Medicare Advantage Plan Design Options [DTMI00135663] | |
| 61. | Correspondence between representatives of AFSCME and representatives of the City [Ex. F to the City of Detroit's Consolidated Reply to Objections to the Entry of an Order for Relief, Docket No. 765] | |
| 62. | Michigan Attorney General Opinion No. 7272 | Relevance; Foundation; Hearsay; Legal opinion |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 63. | July 31, 2013 Notice of Filing Amended List of Creditors Holding 20 Largest Unsecured Claims | |
| 64. | September 30, 2013 Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of The Bankruptcy Code | |
| 65. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066292-6307] | Hearsay; Expert opinion; Foundation |
| 66. | June 4, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066176-6190] | Hearsay; Expert opinion; Foundation |
| 67. | June 14, 2013 Letter from Glenn Bowen and Katherine A. Warren to Evan Miller [DTMI00066206-6210] | Hearsay; Expert opinion; Foundation |
| 68. | June 30, 2011, Gabriel Roeder Smith & Company, 73rd Annual Actuarial Valuation of the General Retirement System of the City of Detroit [DTMI00225546-5596] | Hearsay; Expert opinion; Foundation |
| 69. | April 2013, Gabriel Roeder Smith & Company, Draft 74th Annual Actuarial Valuation of the General Retirement System of the City of Detroit as of June 30, 2012  [DTMI00225597-5645] | Hearsay; Expert opinion; Foundation |
| 70. | June 30, 2012, Gabriel Roeder Smith & Co., 71st Annual Actuarial Valuation of the Police and Fire Retirement System of the City of Detroit  [DTMI | Hearsay; Expert opinion; Foundation |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | 00202414-2461] | |
| 71. | November 8, 2012 Letter from Kenneth G. Alberts to The Retirement Board Police and Fire Retirement System for the City of Detroit [DTMI00202462-2491] | Hearsay; Expert opinion; Foundation |
| 72. | November 21, 2011 Memorandum from Irvin Corley Jr., to Council Members of the City of Detroit City Council [DTMI00202511-2523] | Hearsay; Expert opinion; Foundation |
| 73. | July 17, 2013 Letter from Evan Miller to representatives of the City of Detroit Police and Firefighters Unions | |
| 74. | July 15, 2013 Quarterly Report with Respect to the Financial Condition of the City of Detroit (period April 1st - June 30th) | |
| 75. | May 12, 2013 City of Detroit, Office of the Emergency Manager, Financial and Operating Plan | |
| 76. | Responses of International Union, UAW to Debtor's First Set of Interrogatories | |
| 77. | UAW Privilege Log | Relevance |
| 78. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Interrogatories | |

13-53846-swr   Doc 2673-17   Filed 08/19/14   Entered 08/19/14 17:03:32   Page 423 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 15:48:03   Page 94 of 142
471

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 79. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Interrogatories | |
| 80. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 81. | Response of Detroit Police Lieutenants & Sergeants Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 82. | Response of Detroit Police Officers Association to Debtor's First Set of Interrogatories to the Detroit Public Safety Unions | |
| 83. | Answers to Debtor's First Interrogatories to Retiree Association Parties | |
| 84. | Retired Detroit Police Members Association's Answers to Debtor's First Set of Interrogatories | |
| 85. | Responses of the Official Committee of Retirees to Debtor's First Set of Interrogatories | |
| 86. | Objection and Responses of International Union, UAW to Debtor's First Request for Production of Documents | |
| 87. | Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO, and Sub-Chapter 98, City of Detroit Retirees Responses and Objections to Debtor's First Set of Requests for Production of Documents | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| 88. | The Detroit Retirement Systems' Responses and Objections to the Debtor's First Set of Request for Production of Documents | |
| 89. | Amended (Signed) Response of Detroit Police Command Officers Association to Debtor's First Requests for Production of Documents to the Detroit Public Safety Unions | |
| 90. | The Detroit Fire Fighters Associations' (DFFA) Response to Debtor's First Request for Production of Documents | |
| 91. | Response of Retiree Association Parties to Debtor's First Requests for Production of Documents | |
| 92. | Retired Detroit Police Members Association Response to Debtor's First Requests for Production | |
| 93. | June 14, 2013 Index Card #1 from Nicholson | |
| 94. | June 14, 2013 Index Card #2 from Nicholson | |
| 95. | June 20, 2013 Typewritten Notes from June 20, 2013 Presentation | Foundation; Hearsay |
| 96. | July 16, 2013 Nicholson Affidavit in Flowers | |
| 97. | August 19, 2013 UAW Eligibility Objection | |
| 98. | Nicholson Letter To Irwin re UAW Discovery Responses | |
| 99. | FRE 1006 Chart summarizing the approximate number of documents uploaded to the data room before July 18, 2013 | |
| 100. | FRE 1006 Chart summarizing the approximate number of pages in | |

| City's Exhibit No. | Exhibit Description | Objections |
|---|---|---|
| | documents uploaded to the data room before July 18, 2013 | |
| 101. | Declaration of Kyle Herman, Director at Miller Buckfire, in support of the FRE 1006 charts summarizing the approximate number of documents and pages uploaded to the data room | |
| 102. | July 15, 2013 Letter from Assured Guaranty Municipal Corp., Ambac Assurance Corporation and National Public Finance Guarantee Corporation to Kevyn D. Orr [redacted] | |
| 103. | Any exhibit identified by any Objector. | |

13-53846-swr   Doc 2473-17   Filed 01/08/14   Entered 01/08/14 17:03:32   Page 426 of
471
13-53846-swr   Doc 4608-17   Filed 05/12/14   Entered 05/12/14 15:43:08   Page 95 of 142

# ATTACHMENT I

13-53846-swr    Doc 2473-17  Filed 01/03/14  Entered 01/03/14 17:03:32  Page 6 of 14
471
13-53846-swr    Doc 1606-17  Filed 11/08/13  Entered 11/08/13 15:43:03  Page 96 of 242

## IX. Objectors' Transcripts

**A.** The City and Objectors submit the following Objectors' consolidated deposition designations and the City's counter-designations.

    1.    Kevyn Orr, September 16, 2013 & October 4, 2013

### Objectors' Consolidated Designations

10:23 – 11:14
12:1 – 13:25
15:1 - 17
17:7 – 21:24
23:13 – 19
23:24 – 25
24: 4 – 25:22
26:20 – 25
29:6 –32:4
32:14 - 23
33:5 - 13
38:11 – 41:17
43:15 – 46:6
46:7 – 47:18
48:1 –49:8
50:23 – 52:9
53:20 - 56:21
57:11 –60:13
61:17 –62:24
63:25 – 64:11
65:15 – 66:1
69: 3 - 71:2
71:17 – 78:5
71:6 – 8

78:17 – 79:6

79:16 – 80:8

80:25 – 82:23

82: 25 - p. 83:3

83:16 –84:2

84:13 –86, L. 1

85:19 – 86:1

86:16 – 95:1

95:6 –96:6

96:25 –108:7

102:6 - 104:7

104:14 – 108:7

110:12 - 121:12

122:7 – 123:14

123:17 – 125:10

127:24 – 130:23

132:12 – 135:4

136, L. 18 – 137:1

137:12 – 144:23

145:25 – 146:10

147: 19 - 25

148:16 – 153: 8

155:1 – 156:22

163:8-17

164:16-25

166: 12 - 24

168: 5 – 172:4

172:19 - 178:1

179: 2 - 185:23

187: 3 – 190:12

192:2 – 8

215:13 – 24

220: 19 – 221:10

222:13 – 223:21

225:16 –226:5

237:15 –238:5

239:7 – 15

246:12 –247:7

248:15 –249:5

251:16 – 18

252:4 – 5

252:12 – 253:16

257:17 – 20

260:8 - 21

261:21 – 262:4

262:13 - 23

263:22 – 264:19

266:18 – 25

267:11 – 268:1

270:25 – 272:6

272:20 – 273:13

273: 6 – 276:8

277:19 – 279:6

279:23 – 280:4

280:17 – 19

280:23 – 25

288:2 – 292:11

293:12 – 297:19

299:22 – 303:7

323:22 – 324:14

328:4 – 329:3

330:13 – 17

331:18 – 332:2

333:11 – 335:9

361:7 – 362:22

364:5 – 365:7

368:10-15

369:12 – 381:2

383:3 – 6

385:1-7

408:6 – 419:7
422:17 – 423:7
427:11 – 428:11
429:16 – 21
446:1 – 447:10
455:3 – 457:1
477: 8 - 481:22
489: 8 – 22

**City's Counter-Designations**

10:17 - 22
11:15 - 25
14:1 - 25
15:18 - 25
21:25-22:1
22:14 - 23:12
25:23 - 26:19
41:18;
 42:13 - 43:15
47:19 - 47:25
49:9 - 49:23;
50:8- 50:22
56:22 - 57:9
64:17 - 65:14
52:5 - 57:10;
68:7 - 69:2 ;
71:3 - 71:8
78:6 - 79:6
79:7 - 15
80:9 - 80:24
83:4 - 83:15
112:3 - 112:20
96:7 - 96:24;
108:18 - 109:17
104:8 - 104:13
108:18 - 109:17
123:15 - 123:18
125:11 - 125:16
130:24 - 131:17

13-53846-swr    Doc 2478-17  Filed 01/13/14  Entered 01/13/14 17:03:32  Page 431 of 471
13-53846-swr    Doc 1608-17  Filed 11/08/13  Entered 11/08/13 15:48:03  Page 92 of 142
471

148:1 - 15
162:1 -163:7
166:25 - 168:4
172:5 - 18
178:2 - 179:1
185:24 - 187:2
223:22 - 224:2
249:9 - 250:15
251:16 - 252:11;
255:23 - 256:24
257:24 - 258:13
262:5 - 262:12
263:19 - 263:21;
264:20 - 265:17
267:1 - 267:10
268:2 - 270:24;
272:7 - 272:19
273:14 - 276:8
280:5 - 280:16
280:20 - 280:23
281:1 - 281:9
285:6 - 285:11
220:19 - 221:10,
222:13 - 224:2
299:8 - 299:21
330:18 - 331:17
365:9 - 366:11;
367:19 - 368:7
428:12 - 429:15
447:11 - 448:21
369:12 - 369:19

2.    Dave Bing, October 14, 2013

### Objectors' Consolidated Designations

9:17 – 19
14:9 - 21
20:19 – 24
45:24 – 46:10

13-53846-swr    Doc 2478-17    Filed 01/14/14    Entered 01/14/14 17:03:32    Page 132 of 142
13-53846-swr    Doc 1608-17    Filed 11/08/13    Entered 11/08/13 15:43:03    Page 02 of 142
471

59:25 - 64:23

53:15 - 58:11

66:21 - 68:9

69:14 – 70:4

72:13 - 75:11

75:22 - 90:3

91:4 - 24

100:15 – 101:13

103:15 – 106:6

106:11 – 108:9

112: 13–21

116:17 – 117:11

**City's Counter-Designations**

10:3 – 10:21
14:22 – 16:16
18:8 – 19:4
20:25 – 21:4
36:10 – 37:12
43:5 – 45:18
58:12 – 58:16
66:13 – 66:20
75:12 – 75:21
101:14 – 103:11
108:10 – 108:25
109:6 – 109:8

111

13-53846-swr   Doc 2473-17   Filed 01/31/14   Entered 01/31/14 17:03:32   Page 433 of 442
13-53846-swr   Doc 1508-17   Filed 11/08/13   Entered 11/08/13 14:08:32   Page 92 of 104
471

3.     Charles Moore, September 18, 2013

### Objectors' Consolidated Designations

8:4 - 8
12:3 - 6
36:9 - 12
50:2 - 51:1
51:9 - 17
52:5 - 20
53:25 - 54:11
61:18 - 62:7
62:25 - 63:12
64:6 - 7
64:9 - 14
64:16 - 20
65:4 – 13
70:16 - 18
91:20 - 23
110:12 - 22
126:22 - 127:14
130:25 - 131:14
134:23 – 135:16
138:7 - 139:9
140:16 - 141:22
150:16 - 151:5
151:7 - 18
151:20 - 152:1
152:2 - 7
152:8 - 21
156:18 - 25

### City's Counter-Designations

15:9 - 16:13
20:14 - 24

22:2 - 12
34:16 - 36:8
49:8 - 25
59:7 - 61:17
92:1 - 11
123:22 - 124:25
131:15 - 22
132:18 - 133:15
137:14 - 138:6
166:1 - 21
168:5 - 8
168:16 - 20

4.    Glen Bowen, September 24, 2013

### Objectors' Consolidated Designations

12:7 - 9
19:12 - 20
34:8 - 21
35:12 - 36:4
43:15 - 44:8
63:21 - 64:5
73:7 - 21
91:18 - 92:13
93:4 - 14
98:13 - 99:3
99:9 - 17
100:18 - 22
129:14 - 22
130:8 - 132:11
133:10 - 134:18
141:9 - 17
142:1 - 6
142:8 - 19

143:1 - 6
143:8 - 19
146:8 - 19
147:2 - 148:15
148:19 - 149:3
149:6 - 8
150:5 - 15
177:18 - 178:3
192:8 - 193:11
194:4 - 12
198:5 - 7
198:17 - 19
203:20 - 204:9
204:11 - 14
204:16 - 19
205:7 - 206:11

**City's Counter-Designations**

18:9 - 20
19:12 - 21:15
22:14 - 23:5
23:12 - 21
24:17 - 22
28:10 - 30:14
33:15 - 34:21
35:12 - 36:4
36:10 - 12
40:3 - 41:12
43:15 - 44:8
44:11 - 13
60:13 - 10
63:21 - 64:5
66:15 - 67:22
68:17 - 71:3

81:20 - 83:10
91:18 - 92:13
93:4 - 94:2
98:13 - 99:3
99:9 - 17
100:18 - 22
111:20 - 112:22
129:14 - 22
130:8 - 132:11
133:10 - 134:18
141:9 - 17
142:8 - 10
142:13 - 19
143:1 - 6
143:8 - 19
146:8 - 19
147:2 - 148:15
148:19 - 22
149:2 - 3
149:6 - 8
150:5 - 15
174:11 - 176:21
177:3 - 16
177:18 - 178:3
183:17 - 185:11
192:8 - 193:11
194:4 - 195:101
198:5 - 7
198:17 - 19
203:20 - 204:9
204:11 - 14
204:16 - 19
205:7 - 206:11

5.    Howard Ryan, October 14, 2013

115

Objectors designate the deposition transcript of Howard Ryan in its entirety.

The City objects to the following deposition testimony offered by Objectors.

| Designation | Objection |
|---|---|
| 43:14-46 :23 | Speculation; Hearsay; Form; Foundation |

## X.    City's Transcripts

A.    The City and Objectors submit the following City's deposition designations and the consolidated Objectors' counterdesignations.

1.    Mark Diaz, October 20, 2013

**City's Designations**

10:6-13
14:23-15:12
16:1-25
17:17-18:7
19:17-20:5
20:8-17
21:6-14
22:6-23:24
24:15-20
26:5-9
26:12-27:14
28:3-29:1
29:11-31:16
32:19-21
33:22-35:5
35:9-36:10
38:8-20
38:24-40:21
41:1-21
44:1-15
46:15-20
47:7-48:5

116

13-53846-swr   Doc 2673-17   Filed 03/14/14   Entered 03/14/14 17:03:32   Page 438 of
471
13-53846-swr   Doc 4608   Filed 05/12/14   Entered 05/12/14 15:43:03   Page 92 of 142

48:18-21
49:4-7
49:18-23
51:25-52:19
53:9-10
53:18-55:14
59:13-20
61:20-62:1
62:21-64:1
64:25-65:17
65:22-66:4
66:20-67:6
67:16-68:6
69:19-24
75:22-76:1
76:8-77:8
78:4-79:20
80:6-20

2.   Mary Ellen Gurewitz, October 17, 2013

**City's Designations**

9:11-15
9:21-10:22
11:21-12:18
13:3-19
14:7-15:6
15:15-16:9

3.   Steven Kreisberg, October 18, 2013

**City's Designations**

6:4-6
7:21-9:2
9:14-11:9
11:13 - 19
12:10-13:9
13:20-14:15
14:16 - 20

117

13-53846-swr    Doc 2673-17    Filed 03/14/14    Entered 03/14/14 17:03:32    Page 439 of 142
13-53846-swr    Doc 1608-17    Filed 11/08/13    Entered 11/08/13 13:48:03    Page 92 of 94
471

17:8-12
18:16-21:18
22:2-20
23:7-25:18
26:4-29:6
29:17-21
30:15-31:13
31:14
32:3-7
32:21-33:13
33:14-34:2
34:3-35:1
35:2-14
36:21-37:19
38:18-39:5
39:9-17
43:13-17
44:11-22
46:19-47:7
48:12-50:1
50:3-51:19
51:20-53:1
53:9-54:4
54:5-16
55:6-11
58:8-21
60:1-61:20
62:19-63:17
64:19-65:10
72:3-73:2
73:3-16
75:10-76:18
79:15-80:1
80:2-7
81:1-14
82:16-85:2
87:15-21
90:13-19
90:20-91:2
96:18-97:19
98:20-100:5
100:6-101:3
101:4-15
102:15-103:20

118

13-53846-swr   Doc 2673-17   Filed 03/15/14   Entered 03/15/14 17:03:32   Page 440 of
13-53846-swr   Doc 1606   Filed 11/08/13   Entered 11/08/13 14:08:03   Page 92 of 142
471

105:17-21
105:22-106:4
106:16-107:3
107:3-18
116:19-117:16
118:5-20
118:22-119:7
120:10-121:19
132:17-133:4
133:12-135:9
137:18-139:16
141:22-142:20
146:11-147:7

### Objectors' Consolidated Counter-Designations

11: 13 – 19
14: 16 – 20
31: 14
33: 14 – 34: 2
35: 2 – 14
36: 21 – 37: 19
38: 18 – 39: 5
44: 11 – 22
50: 3 – 51: 19
55: 6 – 11
62: 19 – 63: 17
64: 19 – 65: 10
73: 3 – 16
75: 10 – 76: 18
80: 2 – 7
81: 1 – 14
87: 15 – 21
90: 20 – 91: 2
100: 6 – 101: 3
105: 22 – 106: 4
118: 22 – 119: 7
132: 17 – 133: 4

4.    Shirley V. Lightsey, October 18, 2013

## City's Designations

7:21-23
9:18-24
11:17-20
13:17-21
14:4-11
20:1-21:2
21:11-15
23:25-28:10
31:2-6
31:23-32:3
32:8-34:12
34:20-25
35:17-36:4
36:14-37:3
38:24-39:3
40:17-24
41:16-42:9
42:15-18
43:6-11
43:14-44:2
44:22-45:10
45:14-46:7
49:2-5
50:20-24
52:2-5
52:14-53:23
57:10-16
59:7-10
67:14-68:22
68:25-69:6
69:11-17

## Objectors' Consolidated Counter-Designations

8:4-12
8:17-21
21:3-10
21:16-23:4
30:1-13
30:25-31:1

31:13-22
32:4-7
42:19-43:5
44:3-21
46:15-47:16
47:22-48:1
48:9-21
49:6-14
51:1-14
58:14-59:6
59:20-60:17

5.    Michael Brendan Liam Nicholson, October 16, 2013

**City's Designations**

6:16-12:11
12:12-15:20
20:6-25:3
31:7-32:10
32:23-34:5
37:3-12
38:13-40:20
41:5-44:5
45:24-51:6
54:13-56:7
59:7-64:16
65:4-66:5
84:8-92:4
96:11-97:17
98:21-100:8
104:17-105:17
122:4-20
161:11-163:7
178:23-179:24
182:7-183:21
186:1-187:14
188:1-7
190:1-191:2
191:20-194:24
197:23-201:14

202:7-16
203:8-205:2

6.    Bradley Robins, October 22, 2013

**City's Designations**

13:8-19
14:8-15:12
15:16-17:4
17:13-15
25:3-20
26:8-16
27:2-10
30:10-15
30:23-31:3
32:20-33:18
34:2-11
36:7-25
37:18-21
38:10-25
39:7-17
40:17-21
41:22-25
42:1-43:25
44:16-20
45:12-14
45:18-23
46:2-20
50:15-51:7
53:3-54:14
54:25-55:2
55:9-23
56:2-20
58:2-7
64:21-65:8
65:21-25
67:22-68:11
69:20-70:2
70:10-71:14
72:7-20

122

13-53846-swr   Doc 2473-17   Filed 01/08/14   Entered 01/14/14 17:03:32   Page 444 of
471
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:48:08   Page 34 of 41

76:2-5
76:14-17
76:23-77:1

7.  Donald Taylor, October 18, 2013

   **City's Designations**

   6:15-18
   6:22-8:2
   9:15-23
   13:9-14:5
   16:9-17:20
   18:14-24
   19:8-21:7
   21:12-22:11
   22:14-17
   23:11-14
   23:19-24:2
   24:9-25:12
   25:17-26:6
   26:13-21
   26:25-27:6
   27:11-17
   27:24-28:16
   29:4-16
   29:24-30:12
   30:19-22
   31:16-22
   31:25-32:2
   32:7-17
   33:6-7
   34:17-24
   35:6-9
   35:15-36:6
   37:11-38:3
   38:14-39:21

   **Objectors' Consolidated Counter-Designations**

   9:5-14

10:25-11:12
17:21-18:13
21:8-11
22:12-13
22:18-23:10
27:17-23
32:18-24
33:3-5
37:7-10
40:4-21

# **EXHIBIT 2**

## *Notice of Motion and Opportunity to Object*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                       :
In re                                  : Chapter 9
                                       :
CITY OF DETROIT, MICHIGAN,             : Case No. 13-53846
                                       :
                    Debtor.            : Hon. Steven W. Rhodes
                                       :
                                       : Expedited Consideration
-------------------------------------------------x Requested
```

## <u>NOTICE OF MOTION OF DEBTOR FOR MODIFIED FINAL PRE-TRIAL ORDER</u>

13-53846-swr    Doc 2473-17  Filed 01/14/14  Entered 01/14/14 17:03:32  Page 748 of 142
13-53846-swr    Doc 1608-1   Filed 11/08/13  Entered 11/08/13 15:43:32  Page 96 of 241
471

**PLEASE TAKE NOTICE** that on November 8, 2013, the Debtor, City of Detroit, filed its Motion of Debtor for Second Amended Final Pre-Trial Order (the "**Motion**") in the United States Bankruptcy Court for the Eastern District of Michigan (the "**Bankruptcy Court**") seeking entry of the Modified Final Pre-Trial Order, attached hereto as Exhibit 1, which reflects objector's exhibit renumbering received by the City by the time of filing and other stipulated changed.,

**PLEASE TAKE FURTHER NOTICE** that **your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Bankruptcy Court to grant the Debtor's Motion, or you want the Bankruptcy Court to consider your views on the Motion, the Court has scheduled a hearing on the Motion on October 23, 2013 at 9:00 AM and you or your attorney must attend.

**PLEASE TAKE FURTHER NOTICE that if you or your attorney do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.**

2

471

13-53846-swr   Doc 2473-17   Filed 01/09/14   Entered 01/09/14 17:03:32   Page 449 of 4
13-53846-swr   Doc 1608-17   Filed 11/08/13   Entered 11/08/13 15:48:08   Page 93 of 242

Dated: November 8, 2013

Respectfully submitted,

 /s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

3
471

13-53846-swr    Doc 2473-17   Filed 01/13/14   Entered 01/13/14 17:03:32   Page 450 of 242
13-53846-swr    Doc 1608   Filed 11/08/13   Entered 11/08/13 13:48:03   Page 93 of 94

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE,
P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

4

471

13-53846-swr   Doc 2673-17   Filed 02/03/14   Entered 02/03/14 17:03:32   Page 451 of 242
13-53846-swr   Doc 1608   Filed 11/08/13   Entered 11/08/13 14:03:32   Page 94 of 142

# EXHIBIT 3

*None [Brief Not Required]*

13-53846-swr    Doc 2473-17  Filed 01/14/14  Entered 01/14/14 17:03:32  Page 152 of 142
13-53846-swr    Doc 1606-1  Filed 11/08/13  Entered 11/08/13 15:43:03  Page 94 of 242
471

# **EXHIBIT 4**

## *Certificate of Service [To Be Separately Filed]*

# ITEM NO. 39

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

--------------------------------------------------x
                                                  :
In re                                             :        Chapter 9
                                                  :
CITY OF DETROIT, MICHIGAN,                        :        Case No. 13-53846
                                                  :
                        Debtor.                   :        Hon. Steven W. Rhodes
                                                  :
                                                  :
                                                  :
-------------------------------------------------- x

## DEBTOR'S MEMORANDUM REGARDING GOOD FAITH UNDER 11 U.S.C. § 109(c)(5)(B), LABOR LAW, AND 11 U.S.C. §§ 1113, 1114

Under one of 11 U.S.C. § 109(c)'s options, the City of Detroit (the "City") is

eligible for chapter 9 if it "negotiated in good faith with creditors" but "failed to

obtain the agreement of creditors holding at least a majority in amount of the

claims of each class that [the City] intends to impair under a [chapter 9] plan."

11 U.S.C. § 109(c)(5)(B).[1]  The objectors claim that prepetition negotiations should

mirror those that precede the modification of labor agreements or retiree benefits

under 11 U.S.C. §§ 1113 and 1114.  See, e.g., 10/23 Tr. 141:22–25.  This claim

fails.  As explained below, there is no indication that Congress ever meant for

courts to consider labor law or sections 1113 and 1114 when evaluating good faith

under chapter 9, nor would it have made sense for Congress to do so given the

---

[1] As the City's other briefs explain, it is also eligible because negotiations
were "impracticable."  11 U.S.C. § 109(c)(5)(C).

significant differences between these bargaining contexts.  See In re City of

Stockton, 493 B.R. 772, 784 (Bankr. E.D. Cal. 2013) ("As these various versions

of good faith . . . arise in different contexts, they may have different meanings.").

Moreover, even if chapter 11 cases applied, the City's efforts suffice.

**I.      Collective Bargaining Differs Dramatically from, and Provides No
          Guidance for, Prepetition Negotiations Under Chapter 9.**

"Collective bargaining . . . lies at the core of our national labor policy."

Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 79 (1977).  As a result, courts

scrutinize employers' negotiating efforts in labor bargaining carefully.  See, e.g.,

Pleasantview Nursing Home, Inc. v. NLRB, 351 F.3d 747, 757–59 (6th Cir. 2003)

(finding good faith after evaluating the negotiation process).

Cases interpreting good faith in labor law do not apply here.  Prepetition

negotiations are a far cry from the heavily-stylized two-party negotiations that

occur in a labor bargaining context.  Collective bargaining generally involves a

small number of known, represented parties and a considerable amount of time.

See Pleasantview, 351 F.3d at 750–51, 755–56.  Section 109(c)(5)(B) negotiations,

on the other hand, encompass negotiations with *all* of a municipality's creditors,

many of whom have no experience with or capacity for labor-style bargaining

(such as bondholders) or no group-wide representative outside of the bankruptcy

context (such as retirees), see, e.g., 11/5 Tr. 11:12–20.  In addition, given the

municipality's financial situation, the negotiations often must take place quickly,

2

as was the case here.  <u>See, e.g.</u>, 10/28 Tr. 32:18–34:6.  These differences require a flexibility foreign to formal labor bargaining.  Indeed, even in the limited, two-party, chapter 11 labor bargaining context, Congress "did not intend bankruptcy courts to interpret" the "'good faith' element of § 1113(b)(2)" (discussed further below) under "labor law precedent" given the exigencies of bankruptcy.  <u>In re Kentucky Truck Sales</u>, 52 B.R. 797, 801 (Bankr. W.D. Ky. 1985).

Section 109(c)(5)(B) also serves a different purpose than collective bargaining.  Finding eligibility does not *resolve* disputes—it merely opens the door to further proceedings.  Chapter 9 also does not necessarily favor prepetition dispute resolution; potential municipal debtors need not even engage in negotiations if negotiating would be "impracticable."  11 U.S.C. § 109(c)(5)(C).  Indeed, chapter 9 exists to grant municipalities relief from problems they cannot fix themselves and often cannot fix with others.  Thus, eligibility conditions must be "construed broadly to provide access to relief," <u>In re Hamilton Creek Metro. Dist.</u>, 143 F.3d 1381, 1384 (10th Cir. 1998), and good faith may be found even if labor bargaining rigors have not been scrupulously followed.[2]

---

[2] Indeed, it would be particularly inappropriate to impose labor bargaining concepts on non-union creditors in this case given that state law has relieved the City of any duty to bargain collectively even with its unions.  <u>See</u> Mich. Comp. Laws § 141.1567(3).

## II.  Sections 1113 and 1114 Do Not Apply in Chapter 9.

The objectors analogize to the good faith negotiations required under 11 U.S.C. §§ 1113 and 1114, see, e.g., 10/23 Tr. 141:22–25, which establish requirements for the modification of collective-bargaining agreements or retiree benefits.  See 11 U.S.C. § 1113(b)(2) (the debtor must "meet . . . to confer in good faith in attempting to reach mutually satisfactory modifications of such agreement"); 11 U.S.C. § 1114(e)–(f) (retiree benefits).

These sections and cases interpreting them do not apply here.  Congress enacted section 1113 in response to NLRB v. Bildisco & Bildisco, 465 U.S. 513, 526 (1984), which held that a chapter 11 debtor could reject a collective bargaining agreement by showing only that "reasonable efforts to negotiate a voluntary modification have been made" and that "the equities . . . favor . . . rejecting the labor contract."  Yet, in amending the Code to include more stringent requirements for debtors seeking to reject collective bargaining agreements, Congress refused to apply those requirements to chapter 9.  See 11 U.S.C. § 901(a).  Thus, "the judicial consensus is that Bildisco controls rejection of collective bargaining agreements [or modification of retiree benefits] in chapter 9 cases[;]" sections 1113 and 1114 have no application.  In re City of Stockton, 478 B.R. 8, 23 (Bankr. E.D. Cal. 2012).  Since sections 1113 and 1114 have no application in chapter 9, cases evaluating good faith under those provisions also have no application here.

Moreover, the good faith analysis in these cases is bound up with section 1113's and 1114's other mechanisms for fostering voluntary, *postpetition* resolution of labor disputes.[3]  Congress did not extend these provisions, including their good faith standard, to prepetition chapter 9 negotiations for good reason. While chapter 9 shares chapter 11's goal of encouraging voluntary agreements, the kind of "expedited . . . collective bargaining" envisioned by sections 1113 and 1114, In re Fulton Bellows & Components, Inc., 307 B.R. 896, 900 (Bankr. E.D. Tenn. 2004) (internal quotation marks and citation omitted), often cannot take place before filing.  Sections 1113 and 1114 establish frameworks for addressing labor and retiree disputes *during* bankruptcy—when all issues are before one court, and retirees have clear and statutorily authorized bargaining representatives.  See, e.g., 11 U.S.C. § 1113(d)–(e) (setting out quick timeframe and process for emergency relief); 11 U.S.C. § 1114(c) (mechanism for determining retirees' representative).  Pre-filing, however, a chapter 9 debtor must seek to deal with *all*

_____

[3] The "rigid requirement[s]" of sections 1113 and 1114, In re Pinnacle Airlines Corp., 483 B.R. 381, 387 (Bankr. S.D.N.Y. 2012), are designed "to ensure that well-informed and good faith negotiations occur in the market place, not as part of the judicial process," In re Maxwell Newspapers, Inc., 981 F.2d 85, 90 (2d Cir. 1992).  Courts evaluating good faith under these sections emphasize their negotiation-forcing provisions when assessing good faith.  See id. at 89 (a debtor may avoid an agreement only when the union rejects a proposal "without good cause"); Wheeling-Pittsburgh Steel Corp. v. United Steelworkers, 791 F.2d 1074, 1094 (3d Cir. 1986) (negotiations not long enough where debtor could have applied for temporary emergency relief).

of its creditors—including individuals that cannot be bound as a group, such as retirees and bondholders. It must also negotiate without the protections of the automatic stay or the availability of emergency relief. Given these significant differences, municipalities negotiating before filing simply cannot be held to the same good faith standard as those negotiating within the structured, bilateral confines of sections 1113 and 1114.

### III. Even If the Chapter 11 Cases Were To Apply, the City Negotiated in Good Faith.

Even if the chapter 11 cases did apply here, the City has met the standard for good faith. At the June 14, 2013 meeting, it provided creditors with a detailed proposal for modifying its obligations based on the most complete and reliable information the City had at the time. Through the thousands of documents in its Data Room, <u>see</u> Ex. 100, the City also provided creditors with the information needed to evaluate the proposal. <u>Cf.</u> 11 U.S.C. §§ 1113(b)(1)(B), 1114(f)(1)(B) (requiring disclosure of reasonable information, not every stitch of information a creditor may demand).

The June 14 proposal was not presented on a "take it or leave it" basis. 10/24 Tr. 196:14–16. Rather, the City solicited counterproposals and was willing to consider any "that came over the transom." 10/28 Tr. 70:2–8; <u>see</u> <u>In re Allied Delivery Sys. Co.</u>, 49 B.R. 700, 703 (Bankr. N.D. Ohio 1985) (good faith under § 1113 where debtor modified proposal during negotiations). Moreover, given that

the City "was operating on a razor's edge," 10/24/13 Tr. 185:10–186:23, the month

it gave creditors to offer counterproposals was also reasonable:  courts recognize

the tight deadlines necessary in section 1113 and 1114 cases.  See, e.g., In re

Maxwell Newspapers, Inc., 981 F.2d 85, 91 (2d Cir. 1992) ("[T]en hours is ample

time to consider . . . a [final] proposal" in the § 1113 context); Allied Sys., 49 B.R.

at 703 (good faith under section 1113 where the parties negotiated over a month).

The City also conducted a host of meetings with various creditor groups, including

the objectors.  See, e.g., In the Matter of Walway Co., 69 B.R. 967, 973 (Bankr.

E.D. Mich 1987) (good faith where debtor met "numerous times with the Union to

engage in discussions"); Allied Sys., 49 B.R. at 703 (a few meetings sufficed).

To be sure, the parties did not reach an agreement.  Failure to agree,

however, does not prove bad faith, especially where it resulted largely from the

objectors' intransigence.  UAW and AFSCME were not "willing to negotiate with

the emergency manager over reduction in accrued pension benefits."  11/5 Tr.

49:15–18; see also 11/5 Tr. 19:8–25.  UAW also sponsored litigation against the

City immediately after the June 14 meeting, 11/5 Tr. 70:3–16, and AFSCME

refused to share a counterproposal it had already prepared, 11/5 Tr. 17:9–18:23.

Similarly, the Retirement Systems did not submit a proposal, 11/7 Tr. 156:2–23,

and the Retiree Associations would only advocate for "enhancements" to benefits,

not reductions, 11/4 Tr. 120:4–15.  "It is not possible to negotiate with a stone

wall," City of Stockton, 493 B.R. at 793, and parties that refuse to make concessions or counterproposals cannot challenge the debtor's good faith, see, e.g., In re Hoffman Bros. Packing Co., 173 B.R. 177, 188 (B.A.P. 9th Cir. 1994) (§ 1113); In re Ormet Corp., 324 B.R. 655, 660 (Bankr. S.D. Ohio 2005) (same). Nor can creditors who insist on running to court rather than negotiating. See In re Pleasant View Util. Dist., 24 B.R. 632, 639 (Bankr. M.D. Tenn. 1982). The City did its best to seek an agreement in the limited time that its dwindling resources permitted. It therefore negotiated in good faith even if one were to import the standard of sections 1113 and 1114 into section 109(c)(5)(B).

Dated: November 13, 2013

Respectfully submitted,

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

/s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

# ITEM NO. 40

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

No. 13-53846

Chapter 9

HON. STEVEN W. RHODES

## MEMORANDUM REGARDING SUPPLEMENTAL AUTHORITY

On November 8, 2013, the Sixth Circuit Court of Appeals entered its Order in the case *City of Pontiac Retired Employees Assoc., et. al. v. Schimmel,* docket no. 12-2087 (November 8, 2013 Order) and granted Defendant's and Intervenor Defendant's Petition for Rehearing En Banc. (Exhibit 1.) As a result, the decision in this case reported at *City of Pontiac Retired Employees Assoc., et. al. v. Schimmel,* 726 F.3d 767 (6th Cir. 2013) is vacated and the mandate is stayed. The case has been restored to the docket to be briefed and argued *en banc.*

The reported decision was cited and relied on by several Objectors in support of arguments challenging the constitutionality of 2012 P.A. 436. The most recent references are found in Doc. #1471, pp. 8-9 (RDPMA's supplemental briefing) and Doc. #1474, pp. 13-15 (Official

Committee of Retirees supplemental briefing).  Because this Order

vacates the reported decision and stays the mandate, it has no

application in the captioned matter.

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan  48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Aaron D. Lindstrom
Assistant Solicitor General

Margaret A. Nelson
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney
General
Dickinson Wright PLLC
500 Woodward Avenue, Suite
4000
Detroit, Michigan  48226-3425

Attorneys for the State of
Michigan
Michigan Dep't of Attorney
General

Dated: November 14, 2013

No. 12-2087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| CITY OF PONTIAC RETIRED EMPLOYEES ASSOCIATION, ET AL., | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| LOUIS SCHIMMEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EMERGENCY MANAGER OF THE CITY OF PONTIAC, ET AL., | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |
| | ) |
| | ) |

**FILED**
Nov 08, 2013
DEBORAH S. HUNT, Clerk

O R D E R

**BEFORE:** **BATCHELDER, Chief Judge; BOGGS, MOORE, COLE, CLAY, GIBBONS, ROGERS, SUTTON, COOK, McKEAGUE, GRIFFIN, KETHLEDGE, WHITE, STRANCH, and DONALD, Circuit Judges.**

A majority of the Judges of this Court in regular active service have voted for rehearing of this case en banc.  Sixth Circuit Rule 35(b) provides as follows:

"A decision to grant rehearing en banc vacates the previous opinion and judgment of the court, stays the mandate, and restores the case on the docket as a pending appeal"

Accordingly, it is **ORDERED**, that the previous decision and judgment of this court is vacated, the mandate is stayed and this case is restored to the docket as a pending appeal.

**ENTERED BY ORDER OF THE COURT**

**Deborah S. Hunt, Clerk**

# ITEM NO. 41

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## SUPPLEMENTAL ORDER REGARDING SECOND AMENDED FINAL PRE-TRIAL ORDER

Having been advised in the premises and having considered the stipulation between the City and AFSCME (the "**Stipulation**") to entry of a supplement to the Second Amended Final Pre-Trial Order dated November 10, 2013 [Docket No. 1647] (the "**Second Amended PTO**").

IT IS ORDERED THAT:

1.     The Stipulation is GRANTED as set forth herein.

2.     The following deposition designations and counter-designations are deemed to be part of the Second Amended PTO:

**Gaurav Malhotra, September 20, 2013**

### 1. Consolidated Designations

44:21–45:17
54:22–55:12
56:9–57:1
86:20–23

**2. City's Counter-Designations**

45:18 - 46:1

.

**Signed on November 15, 2013**

<u>       /s/ Steven Rhodes       </u>
**Steven Rhodes**
**United States Bankruptcy Judge**

-2-

13-53846-swr    Doc 1747    Filed 11/15/13    Entered 11/15/13 15:25:36    Page 2 of 2
13-53846-tjt    Doc 2473-17    Filed 01/14/14    Entered 01/14/14 17:03:32    Page 469 of 471

# ITEM NO. 42

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 9
                                                          Case No. 13-53846
City of Detroit, Michigan,                                Hon. Steven W. Rhodes

    Debtor.
_____/

<u>Notice of Bench Decision</u>

    Notice is hereby given that the Court will give its decision regarding eligibility on December 3, 2013, at 9:00 a.m. in Courtroom 100, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan. Counsel are invited, but not required to appear. The Court will issue a written decision shortly thereafter.

    Due to security screening, the Court encourages the individuals who plan to attend to arrive at the courthouse at least 60 minutes earlier than the start time of the bench decision.

Signed on November 25, 2013

                          /s/ Steven Rhodes
                      Steven Rhodes
                      United States Bankruptcy Judge