UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor,

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

**EX PARTE MOTION FOR LEAVE TO FILE MOTION OF PREPETITION 42 U.S.C. § 1983 CLAIMANTS, PUSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A COMMITTEE OF PREPEITION 42 U.S.C. § 1983 CLAIMANTS IN THE TRADITIONAL MANNER**

NOW COMES the undersigned, and pursuant to the Electronic Filing and Procedures, seeks leave of this Court to file A Motion for the Entry of An Order Directing the Appointment of a Committee of Prepetition 42 U.S.C. § 1983 Claimants (the "Committee Motion") in the traditional manner.

The Committee Motion cannot be submitted through the Case Management / Electronic Case Files (the "CM/ECF" system for the following reason(s):

1. The undersigned attorney was admitted to practice in the Eastern District of Michigan on November 25, 2013.

2. Eastern District of Michigan Electronic Filing Policies and Procedures, states as follows:

(a) A filing user must be an attorney admitted and in good standing to practice in the Eastern District of Michigan, and attorney authorized to represent the United States Government, or a non-incarcerated *pro se* party granted access permission.

(1) Attorneys already admitted to practice who have a case pending before the Court must immediately comply with (b).

(2) Newly-admitted attorneys who have a case pending before the Court at the time of admission have up to two weeks to comply with (b). Newly-admitted attorneys do not need to comply with (b) until such time as the attorney has a case pending before the Court.

(b) Each filing must complete and submit the ECF Registration Form http://secure.mied.uscourts.gov/CMECF/AttorneyReg/. Effective September 19, 2005, filing users must complete mandatory ECF Training.

3. The undersigned attorney requested and completed the ECF registration process allowing a creditor attorney limited access login/password in the Eastern District of Michigan.

4. On December 10, 2013, the undersigned attorney was granted limited access to the ECF system and filed a Notice of Appearance and Request for Service of Papers; however, the limited access does not allow the undersigned attorney to file a motion pursuant to section 1102(a)(2) of the Bankruptcy Code. <u>Moreover, the undersigned attorney is registered for ECF Training on Wednesday, January 22, 2014</u>.

5. On December 16, 2013, at a hearing before the Court (the "<u>Hearing</u>") the undersigned attorney and his law firm presented evidence that Case Evaluations are not an effective method for resolving prepetition 42 U.S.C. § 1983 claims.

6. The Court having considered the statements of counsel indicated that the Court would confer with Chief Judge Gerald Rosen on the effectiveness of Case Evaluation.

7. On December 20, 1013, the City and the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association (collectively, the "<u>Public Safety Unions</u>"), filed a Stipulation For an Order Resolving Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, For Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Docket No. 2272] (the "<u>Stipulated Order</u>").

8. On December 24, 2013, the Court entered an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Docket No. 2302] (the "ADR Order"). The ADR Order is the proposed order that the City and Public Safety Unions submitted for entry, except that the Court added paragraph 20 addressing claims under 42 U.S.C. § 1983 pending in the district court. Paragraph 20 states as follows:

> Notwithstanding anything in this Order, the "ADR Procedures" that this Order approves (Annex 1), or in the ADR Procedures Motion, all lawsuits alleging claims against the City, its employees or both under 42 U.S.C. § 1983 that are pending in the United States District Court are referred to Chief United Stated District Judge Gerald Rosen for mediation under such procedures as he determines.

13. The Court should appoint a Creditor Committee consisting of 1983 Claimants to protect the rights and interest of this class of claimants.

For the foregoing reasons, the undersigned respectfully requests that this Court Grant leave sought in this motion to allow the undersigned attorney to file in the traditional manner.

Respectfully submitted,

By: /s/ Trevor J. Zamborsky
Trevor J. Zamborsky MI (P77244)
23880 Woodward Avenue
Pleasant Ridge, MI 48069
tzamborsky@romanolawpllc.com
Tel: (248) 750 – 0270
Fax: (248) 567 – 4827

DATE: 1-9-14

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| Exhibit | Description |
|---|---|
| A | Motion of Prepetition 42 U.S.C. § 1983 Claimants, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Prepetition 42 U.S.C. § 1983 Claimants |