In re:

Chapter 9

CITY OF DETROIT, MICHIGAN,

Case No. 13-53846
Hon. Steven Rhodes

       Debtor,

---

## MOTION OF PREPETITION 42 U.S.C. § 1983 CLAIMANTS, PUSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A COMMITTEE OF PREPEITION 42 U.S.C. § 1983 CLAIMANTS

Prepetition claimants with lawsuits alleging claims against the City, its employee or both under 42 U.S.C. § 1983 that are pending in the United States District Court (the "1983 Claimants"), as interested parties in the above-captioned case, hereby moves the Court, pursuant to section 1102(a)(2) of title 11 of the United States Code (the "Code"), for the entry of an order directing the appointment of a 42 U.S.C. § 1983 claimant committee to represent 1983 Claimants in connection with this case. In support of this Motion, the 1983 Claimants respectfully represents as follows:

### GENERAL BACKGROUND

1.    On July 18, 2013 the City of Detroit (the "City") filed a voluntary petition for relief under chapter 9 of title 11 of the United States Bankruptcy Code [Docket No. 113].

1

2.    On July 25, 2013, this court entered both automatic and extended Stays of Proceedings [Docket No. 166].

3.    On October 8, 2013, the Court entered an Order [Docket No. 1114] denying a tort claimant's request for relief from the automatic stay of sections 362 and 922 of the Bankruptcy Code, subject to the City's filing, on or before November 12, 2013, "a motion for approval of an efficient process for liquidating all of the tort claims or a motion for extension of time to file such a motion."

4.    On November 12, 2013, the City filed the Debtor's Motion for Entry of An Order Approving Alternative Dispute Resolution Procedures To Promote the Liquidation of Certain Prepetition Tort Claims (the "ADR Motion") [Docket No. 1665]. The ADR Motion seeks approval for a set of mandatory alternative dispute resolution procedures (the "ADR Procedures") for the liquidation of tort claims and other Designated Claims. The proposed ADR Procedures are comprise of up to three stages: (a) Offer and Exchange; (b) Case Evaluation; and (c) Binding Arbitration, if agreed to by the parties.

5.    The ADR Motion identified certain Initial Designated Claims allegedly appropriate for liquidation through the ADR Procedures.

6.    The Initial Designated Claims consists of any and all timely filed prepetition: (a) personal injury tort or wrongful death claims; (b) property damage claims; or (c) claims relating to the operation of motor vehicles for which the City is

2

self-insured pursuant to Chapter 31 of Michigan's Insurance Code of 1956, M.C.L. §§ 500. 3101, *et seq*.

7.    The 1983 Claimants filed an objection to the ADR Motion [Docket No. 2211]. The following responses were also filed:

    (a)    the response [Docket Nos. 1763 and 1765] of Jeffrey Sanders;

    (b)    the objection [Docket No 1828] of LaSalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association and St. James Cooperative (collectively, the "Cooperatives");

    (c)    the limited objection [Docket No. 1834] of the Police and Fire Retirement System of the City of Detroit and the General Retirement System (together, the "Retirement System");

    (d)    the objection [Docket No. 1866] (the "Ryan Response") of Deborah Ryan;

    (e)    the limited objection [Docket No. 1902) of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association and the Detroit Police Command Officers Association (collectively, the "Public Safety Unions"); and

    (f)    the objection [Docket No. 1915] of the Michigan Council 25 the American Federation of State, County and Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME").

8.    The City also received informal response (collectively, the "Informal Responses") from the following parties:

    (a)    the United States Department of Justice (the "DOJ");

    (b)    Financial Guaranty Insurance Company ("FGIC");

3

(c)   Ambac Assurance Corporation ("Ambac"); and

(d)   Amalgamated Transit Union Local 26 ("ATU").

9.   On December 16, 2013, at a hearing before the Court (the "Hearing") the 1983 Claimants presented evidence that Case Evaluations are not an effective method for resolving prepetition 42 U.S.C. § 1983 claims.

10.   The Court having considered the statements of counsel indicated that the Court would confer with Chief Judge Gerald Rosen on the effectiveness of Case Evaluation.

11.   On December 20, 1013, the City and the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association (collectively, the "Public Safety Unions"), filed a Stipulation For an Order Resolving Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, For Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Docket No. 2272] (the "Stipulated Order").

12.   On December 24, 2013, the Court entered an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Docket No. 2302] (the "ADR Order"). The ADR Order is the proposed order that

4

the City and Public Safety Unions submitted for entry, except that the Court added

paragraph 20 addressing claims under 42 U.S.C. § 1983 pending in the district court.

Paragraph 20 states as follows:

> Notwithstanding anything in this Order, the "ADR Procedures" that this
> Order approves (Annex 1), or in the ADR Procedures Motion, all
> lawsuits alleging claims against the City, its employees or both under
> 42 U.S.C. § 1983 that are pending in the United States District Court
> are referred to Chief United Stated District Judge Gerald Rosen for
> mediation under such procedures as he determines.

13.    The Court should appoint a Creditor Committee consisting of 1983

Claimants to protect the rights and interest of this class of claimants.

## JURISDICTION

14.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue

for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

15.    The 1983 Claimants by and through their undersigned attorney hereby

seek an order, pursuant to section 1102(a)(2) of the Bankruptcy Code, directing the

United States Trustee for the Eastern District of Michigan (the "U.S. Trustee") to

appoint an official creditor committee (the "42 U.S.C. § 1983 Claimant Committee"

to act as the authorized representative of those 1983 Claimants identified in the ADR

Order.

5

## BASIS FOR RELIEF

### *Appointment of a 42 U.S.C. § 1983 Claimant Committee is Justified*

16.    Section 1102(a)(2) of the Bankruptcy Code provides as follows:

On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

11 U.S.C. § 1102(a)(2). Section 1102 of the Bankruptcy Code is made applicable in a case under chapter 9 by section 901 of the Bankruptcy Code. 11 U.S.C. § 901(a).

17.    In the context of chapter 11 cases whether the appointment of a specific committee is appropriate depends on the facts and circumstances of the case. See In re Beker Indus. Corp., 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985) ("The statute affords no test of adequate representation, leaving the bankruptcy court with discretion to examine the facts of each case to determine if additional committees are warranted").

18.    In determining whether to appoint a committee under section 1102(a)(2) of the Bankruptcy Code, "the following non-exclusive factors are the most pertinent: (a) the nature of the case; (b) identification of the various groups of creditors and their interests; (c) the composition of the committee; and (d) the ability of the committee to properly function." In re Dow Corning Corp., 194 B.R. 121, 142 (Bankr. E.D. Mich. 1996).

6

19.    In this case, the appointment of the 42 U.S.C. § 1983 Claimant Committee is necessary to assure the adequate representation of 1983 Claimants. The City's bankruptcy case is largest chapter 9 case in history and many issues presented are unique, including 42 U.S.C. § 1983 claims against the City, its employees or both. In the aggregate, the 1983 Claimants constitute a massive unsecured obligation to be addressed in the restructuring. The 1983 Claimants are of crucial importance because their federal rights have been violated. Under these circumstances, the 1983 Claimants require unique consideration to protect their rights and interest.

20.    The 1983 Claimants and their interests have been identified by the Court as a unique group of creditors. The Court having considered the statements of counsel and response to the ADR Motion indicated that the Court would confer with Chief Judge Gerald Rosen regarding claims under 42 U.S.C. § 1983 pending in the district court. Subsequently, the Court entered the ADR Order, which acknowledged the 1983 Claimants unique rights and interest.

21.    The 1983 Claimants would benefit from adequate representation. The collective 1983 Claimants are one of the largest obligations to be addressed by the restructuring. Absent appointment of a 42 U.S.C. § 1983 Committee, only a minority of 1983 Claimants stand to receive any form of representation in this chapter 9 case.

7

22.     Moreover, the 1983 Claimants are uniquely positioned as a group, particularly given (a) their common interest in protecting their rights under federal and state law (b) the importance of maximizing relief requested under 42 U.S.C. § 1983 and (c) the impact that this restructuring will have on the 1983 Claimants. The appointment of the 42 U.S.C. § 1983 Claimant Committee, therefore, will (a) provide representation to the 1983 Claimants that they would otherwise lack, (b) provide a single party to negotiate with the City on behalf of the 1983 Claimants as a group and (c) assist the 1983 Claimants in expressing their views and exercise their rights during the City's restructuring.

23.     The appointment of the 42 U.S.C. § 1983 Claimant Committee is vital to the Court's determination of proper mediation procedures. The Court cannot properly construct mediation procedures without conferring with the City and 1983 Claimants. Moreover, the City cannot as a practical matter engage each of the 1983 Claimants individually. The appointment of the 42 U.S.C. § 1983 Claimant Committee will provide the City and the Court with a centralized point of contact, and the 1983 Claimants with proper representation, to engage in negotiations regarding the mediation procedures. For these reasons, the 1983 Claimants respectfully submits that the appointment of the 42 U.S.C. § 1983 Claimant Committee is proper under sections 901 and 1102(a)(2) of the Bankruptcy Code.

*Appointment of the 42 U.S.C. § 1983 Committee*

24.    The 1983 Claimants will work cooperatively with the U.S. Trustee to establish an appropriate, open and fair procedure by which the U.S. Trustee will solicit interested 1983 Claimants' Representatives and possibly 1983 Claimants to serve on the 42 U.S.C. § 1983 Committee (the "Selection Procedures"). In particular, the 1983 Claimants propose the following Selection Procedures:

(a)    Promptly following the entry of an order granting this Motion, the 1983 Claimants will contact various key law firms, 1983 Claimant Representatives, and 1983 Claimants for input respecting 1983 Claimant representatives. Following such input, the 1983 Claimants will contact the U.S. Trustee to agree upon a method for identifying a representative sample from among the key law firms, 1983 Claimant Representatives, and 1983 Claimants to solicit (collectively "Solicited");

(b)    Within three business days of the 1983 Claimants and U.S. Trustee identifying the Solicited, the 1983 Claimants will mail a notice and questionnaire in the form attached hereto as Exhibit 2 (the "Questionnaire") to each Solicited to determine his or her interest in serving on the 42 U.S.C. § 1983 Claimant Committee.

(c)    Any Solicited interested in serving on the 42 U.S.C. § 1983 Claimant Committee will be required to complete the Questionnaire and fax or mail it to the U.S. Trustee's Office so that it is *received* by the U.S. Trustee no later than seven days after it is mailed to the Solicited by the 1983 Claimants (the "Questionnaire Deadline")

(d)    The 1983 Claimants will provide the U.S. Trustee with contact information with respect to the various key law firms, 1983 Claimant Representatives, and 1983 Claimants. The U.S. Trustee may also solicit the interest of key law firms, 1983 Claimant

9

Representatives, and 1983 Claimants to participate in the 42 U.S.C. § 1983 Claimant Committee.

(e)     The U.S. Trustee will work promptly to select the individuals to serve on the 42 U.S.C. § 1983 Claimant Committee from those Solicited that submitted a Questionnaire by the Questionnaire Deadline.

(f)     After the U.S. Trustee forms the 42 U.S.C. § 1983 Claimant Committee, it will promptly file an appropriate notice with the Court.

WHEREFORE, the 1983 Claimants respectfully requests that this Court: (a) enter an order substantially in the form attached hereto as Exhibit 1 granting the relief sought herein; and (b) grant such other and further relief to the 1983 Claimants as the Court may deem proper.


Respectfully submitted,

ROMANO LAW, P.L.L.C.

By: _____
Trevor J. Zamborsky MI (P77244)
23880 Woodward Avenue
Pleasant Ridge, MI 48069
tzamborsky@romanolawpllc.com
Tel:   (248) 750 – 0270
Fax:   (248) 567 – 4827


10

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | 42 U.S.C. § 1983 Claimant Committee Questionnaire |

**EXHIBIT A**

**EXHIBIT 1**

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor,

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

---

## ORDER, PURSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE, DIRECTING THE APPOINTMENT OF A COMMITTEE OF PREPETITION 42 U.S.C. § 1983 CLAIMANTS

This matter coming before the Court on the Motion of Debtor, Pursuant to

Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the

Appointment of a Committee of Prepetition 42 U.S.C. § 1983 Claimants (the

"Motion"), filed by prepetition claimants with lawsuits alleging claims against the

City of Detroit, Michigan (the "City"), its employee or both under 42 U.S.C. § 1983

that are pending in the United States District Court (the "1983 Claimants"), and

having considered the statements of counsel and the evidence adduced with respect

to the Motion at a Hearing before the Court (the "Hearing"); and the Court finds that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(b) this is a core proceedings pursuant to § 157(b), (c) notice of the Motion and

Hearing was sufficient under the circumstances, (d) the appointment of the 42 U.S.C.

§ 1983 Claimants Committee pursuant to section 1102(a)(2) of the Bankruptcy Code

is necessary to ensure adequate representation of the 1983 Claimants in this chapter 9 case and (e) the Selection Procedures for the appointment of the 42 U.S.C. § 1983 Claimant Committee described herein are fair and are reasonably designed to result in a balanced and representative 42 U.S.C. § 1983 Claimant Committee; and the Court having determined that the legal and factual bases set forth in the Motion and the at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED

2. Pursuant to Section 1102(a)(2) of the Bankruptcy Code, the U.S. Trustee shall promptly appoint a 42 U.S.C. § 1983 Claimant Committee to represent 1983 Claimants, as set forth in the Selection Procedures described below.

3. The following Selection Procedures are hereby approved:

(a) Promptly following the entry of an order granting this Motion, the 1983 Claimants will contact various key law firms, 1983 Claimant Representatives, and 1983 Claimants for input respecting 1983 Claimant representatives. Following such input, the 1983 Claimants will contact the U.S. Trustee to agree upon a method for identifying a representative sample from among the key law firms, 1983 Claimant Representatives, and 1983 Claimants to solicit (collectively "Solicited");

(b) Within three business days of the 1983 Claimants and U.S. Trustee identifying the Solicited, the 1983 Claimants will mail a notice and questionnaire in the form attached hereto as Exhibit 2 (the "Questionnaire") to each Solicited to determine his or her interest in serving on the 42 U.S.C. § 1983 Claimant Committee.

**EXHIBIT A**

(c)    Any Solicited interested in serving on the 42 U.S.C. § 1983 Claimant Committee will be required to complete the Questionnaire and fax or mail it to the U.S. Trustee's Office so that it is *received* by the U.S. Trustee no later than seven days after it is mailed to the Solicited by the 1983 Claimants (the "Questionnaire Deadline")

(d)    The 1983 Claimants will provide the U.S. Trustee with contact information with respect to the various key law firms, 1983 Claimant Representatives, and 1983 Claimants. The U.S. Trustee may also solicit the interest of key law firms, 1983 Claimant Representatives, and 1983 Claimants to participate in the 42 U.S.C. § 1983 Claimant Committee.

(e)    The U.S. Trustee will work promptly to select the individuals to serve on the 42 U.S.C. § 1983 Claimant Committee from those Solicited that submitted a Questionnaire by the Questionnaire Deadline.

(f)    After the U.S. Trustee forms the 42 U.S.C. § 1983 Claimant Committee, it will promptly file an appropriate notice with the Court.

6.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

**IT IS SO ORDERED**

**Signed on:** _____

_____
**Steven Rhodes**
**United States Bankruptcy Judge**

EXHIBIT A

## EXHIBIT 2

**EXHIBIT A**

**OFFICE OF THE UNITED STATES TRUSTEE FOR THE
EASTERN DISTRICT OF MICHIGAN
211 WEST FORT STREET, SUITE 700
DETROIT, MICHIGAN 48226
TEL. NO. (313) 226-7999
FAX NO. (313) 226-7952**

**<u>42 U.S.C. § 1983 CLAIMANT COMMITTEE QUESTIONNAIRE</u>**

IN RE:     <u>THE CITY OF DETROIT, MICHIGAN (THE "CITY")</u>
           Case No. 13-53846

**PLEASE RETURN BY FAX OR MAIL TO THE
ABOVE ADDRESS SO THAT THE FORM IS <u>RECEIVED</u>
NO LATER THAN _____, 2014 AT 5:00 P.M. (ET)**

PLEASE TYPE OR PRINT CLEARLY:

The undersigned creditor is willing to serve on the 42 U.S.C. § 1983 Claimant Committee:

1.     Name: _____

2.     Address: _____

3.     Phone number: _____

4.     E-Mail: _____

5.     Date of birth: _____

6.     Date of incident: _____

7.     Please provide a brief description of the alleged incident giving rise to your claim under
       42 U.S.C. § 1983: _____
       _____
       _____
       _____

8.     Have you hired an attorney to represent you in the alleged incident giving rise to your
       claim under 42 U.S.C. § 1983?      Yes _____      No _____

       If yes, please provide your attorney's the name, address, and phone number: _____
       _____
       _____

17

**EXHIBIT A**

9.   Are you a member of any organization, group, or association that represents 42 U.S.C. § 1983 Claimants or a member of any civil rights organization, group, or association?
Yes _____   No _____

If yes, what organization, group, or association? _____

Did you ever hold a leadership position with that organization, group, or association?
Yes _____   No _____

If yes, please explain you leadership role: _____
_____
_____
_____

10.  If appointed to the 42 U.S.C. § 1983 Claimant Committee, would you be physically able and available to travel to attend meetings?   Yes _____   No _____

If yes, please explain: _____
_____
_____
_____

11.  Please provide any other information or background as to why you should be appointed to the 42 U.S.C. § 1983 Claimant Committee, including any specific skills that you have that would be valuable to the 42 U.S.C. § 1983 Claimant Committee: _____
_____
_____
_____
_____
_____

SIGNATURE: _____

Print Name: _____

Date: _____

THIS IS NOT A PROOF OF CLAIM FORM. PROOFS OF CLAIM ARE FILED WITH THE CLERK OF THE BANKRUPTCY COURT OR AS OTHERWISE DIRECTED BY ORED OF THE BANKRUPTCY COURT, NOT WITH THE UNITED STATES TRUSTEE.

**ATTORNEYS WILLING TO SERVE ON THE 42 U.S.C. § 1983 CLAIMANT COMMITTEE PLEASE COMPLETE THE ADDITIONAL QUESTIONNAIRE ON THE FOLLOWING PAGE.**

**EXHIBIT A**

**OFFICE OF THE UNITED STATES TRUSTEE FOR THE
EASTERN DISTRICT OF MICHIGAN
211 WEST FORT STREET, SUITE 700
DETROIT, MICHIGAN 48226
TEL. NO. (313) 226-7999
FAX NO. (313) 226-7952**

**42 U.S.C. § 1983 CLAIMANT COMMITTEE QUESTIONNAIRE**

IN RE:     THE CITY OF DETROIT, MICHIGAN (THE "CITY")
           Case No. 13-53846

**PLEASE RETURN BY FAX OR MAIL TO THE
ABOVE ADDRESS SO THAT THE FORM IS RECEIVED
NO LATER THAN _____, 2014 AT 5:00 P.M. (ET)**

PLEASE TYPE OR PRINT CLEARLY:

1.    Name and professional number: _____

2.    Office Address: _____

3.    Bar membership: _____

4.    Do you or your firm regularly represent 42 U.S.C. § 1983 Claimants?
      Yes _____     No _____

      If yes, please explain: _____
      _____
      _____
      _____

5.    Do you or your firm have a 42 U.S.C. § 1983 client whose claim against the City of
      Detroit, Michigan, its employees, or both that is pending in the United Stated District
      Court?
      Yes _____     No _____

      If yes, please explain: _____
      _____
      _____
      _____

19

6.    If appointed to the 42 U.S.C. § 1983 Claimant Committee, would you be physically able to travel to attend meetings?   Yes _____     No _____

      If yes, please explain: _____
      _____
      _____
      _____

7.    Please provide any other information or background as to why you should be appointed to the 42 U.S.C. § 1983 Claimant Committee, including any specific skills that you have that would be valuable to the 42 U.S.C. § 1983 Claimant Committee: _____
      _____
      _____
      _____
      _____
      _____
      _____

SIGNATURE: _____

Print Name: _____

Date: _____

THIS IS NOT A PROOF OF CLAIM FORM. PROOFS OF CLAIM ARE FILED WITH THE CLERK OF THE BANKRUPTCY COURT OR AS OTHERWISE DIRECTED BY ORED OF THE BANKRUPTCY COURT, NOT WITH THE UNITED STATES TRUSTEE.

20