UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------------------x

**CORRECTED**

**REPLY OF CREDITORS TO DEBTOR'S OBJECTION TO
MOTION OF CREDITORS FOR ENTRY OF AN ORDER PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE APPOINTING AND
DIRECTING THE DEBTOR TO COOPERATE WITH A COMMITTEE OF
CREDITORS AND INTERESTED PERSONS TO ASSESS THE ART COLLECTION
OF THE DETROIT INSTITUTE OF ARTS BASED ON ARMS-LENGTH
MARKET TRANSACTIONS TO ESTABLISH A BENCHMARK VALUATION**

The undersigned creditors (the "**Creditors**") hereby file this reply (the "**Reply**") to the Objection [Docket No. 2020] and Brief in Opposition [Docket No. 2021] filed by the City of Detroit (the "**City**" or the "**Debtor**") in opposition to the Art Committee Motion.[1] In support of this Reply and the Art Committee Motion, the Creditors respectfully represent as follows:

**I.  Appointment of an Art Committee Will Assist the City in Complying With an Important Confirmation Requirement and Will Ensure Creditor Representation With Respect Thereto**

1. The Creditors do not dispute the City's interpretation of section 105(a) of the Bankruptcy Code[2] as empowering the Court to enter orders to carry out the provisions of the

---

[1] The "Art Committee Motion" refers to the *Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Appointing and Directing the Debtor to Cooperate with a Committee of Creditors and Interested Persons to Assess the Art Collection of the Detroit Institute of Arts Based on Arms-Length Market Transactions to Establish a Benchmark Valuation* [Docket No. 1833].

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Art Committee Motion.

Bankruptcy Code. Indeed, as outlined in the Art Committee Motion, appointment of the Art Committee will (to use the City's phrase) "complement and implement" section 943(b)(7) of the Bankruptcy Code. In addition, the Art Committee is necessary to enable creditors to engage with the City in discussions about the value of the Art in a manner that is practical and not overly burdensome.

### A. The Art Committee Will Facilitate Satisfaction of the Best Interests of Creditors Test

2. The City unfairly criticizes the Creditors as failing to tie the proposed exercise of section 105(a) of the Bankruptcy Code to appoint the Art Committee to another Bankruptcy Code section. Yet, the central argument in the Art Committee Motion is that appointment of the Art Committee is necessary to establish a benchmark valuation of the Art that can be relied upon at confirmation in evaluating whether the City will have met its burden of proof that its proposed plan of adjustment satisfies the best interests of creditors test in section 943(b)(7) of the Bankruptcy Code. As detailed in the Art Committee Motion, this test requires the City to demonstrate that its plan maximizes the value of the Art to enhance creditor recoveries.[3] The Art Committee's role would be to work with the City to establish an agreed-upon valuation that could then be referred to when assessing whether the City's plan (however it treats the Art) satisfies this test.[4] In addition to implementing section 943(b)(7) of the Bankruptcy Code, appointment of the Art Committee is consistent with section 1102(a)(2) of the Bankruptcy Code.

---

[3] Contrary to the City's assertion, the Creditors recognize that the best interests test also requires the Court to consider whether a plan of adjustment provides a better alternative for creditors than what they already have outside of a chapter 9 proceeding. (Art Comm. Mot. ¶ 16.) The Creditors submit that outside of bankruptcy they could exercise certain remedies against the City (such as collecting a judgment against the City through a tax assessed pursuant to MCL 600.6093(1)). In order to avoid this result, the City, acting rationally and with due care, would seek to monetize the Art, a valuable asset that is not essential to the health, safety or welfare of its residents.

[4] An agreed-upon valuation would also facilitate the mediation process, which has been negatively affected by creditors' lack of information regarding the value and of the Art and the City's proposed disposition thereof.

### B. An Art Committee Is a Practical and Appropriate Mechanism for Facilitating Creditor Involvement in Efforts to Value the Art

3. Prior to (just a few weeks ago) publicizing the completed Christie's appraisal, the City did not share with creditors or their representatives information about the value of the Art or potential means for maximizing its value. The Preliminary Appraisal provides limited insight into these issues but, as discussed below, many information gaps and questions remain. Moreover, to date, the City has been unwilling to engage in any meaningful discussions with creditors about valuing and monetizing the Art. In this regard, creditors' interests have not been adequately represented with respect to this valuable asset. Recognizing that it may not be feasible or practical for the City to engage in such discussions with *all* creditors, the Art Committee Motion provides a solution: appoint a representative committee for this limited purpose.

4. Because the Art Committee's role will be very focused and targeted, and closely tied to implementation of section 943(b)(7) of the Bankruptcy Code, the Creditors determined that section 105(a) of the Bankruptcy Code is the appropriate vehicle for the relief requested. Unlike creditors' committees typically appointed pursuant to section 1102 of the Bankruptcy Code, the Art Committee members will not assume fiduciary duties to other creditors and will not represent such creditors with respect to any issue other than valuation of the Art.[5] Nevertheless, appointment of the Art Committee is consistent with the discretionary factors identified by the City as typically considered in the context of a section 1102(a)(2) inquiry. Here, (a) the Creditors are not asking the City to bear or defray the expenses incurred by the Art Committee; (b) the request is timely, as the City has not yet filed its plan of adjustment;

---

[5] *See Official Comm. of Unsecured Creditors of Grand Eagle Cos. V. ASEA Brown Boverie, Inc.*, 313 B.R. 219, (N.D. Ohio 2004) ("[A] committee of unsecured creditors is a fiduciary only to the creditors it represents and must act vigorously to pursue their interests").

(c) the City's cooperation with the Art Committee will streamline the confirmation process; and

(d) to date, the City has refused to allow creditor participation in its efforts to value the Art.

II. **Waiting Until Plan Confirmation to Litigate About the Value of the Art Will Harm the City By Causing Delay and Wasting Resources**

5. Rather than taking steps now to reach consensus and avoid a likely fight at confirmation about the value of the Art, the City prefers to wait until it has filed its plan to deal with this issue. It is curious that a debtor that takes every opportunity to remind the Court and creditors about the urgency of the case and the need to emerge from chapter 9 quickly would so easily pass up a proposal that would streamline the process around an asset that will comprise a key component of the City's plan. This will result in additional expense and delay. Importantly, the Art Committee Motion does not ask the Court to render a decision on confirmation. It merely suggests a process by which the City and creditor representatives could take productive steps to resolve what is and promises to be a contentious and important issue. Further, although, as the City points out, courts may refuse to consider issues related to confirmation prior to a confirmation hearing, courts often consider whether a plan is "patently unconfirmable" earlier in the case in the context of, for example, considering whether to lift the automatic stay[6] or approve a disclosure statement.[7]

III. **The Purpose of the Art Committee is to Develop an Agreed Upon Value of the Art, Not Direct How the City's Plan Will Treat It**

6. Contrary to the City's allegations, the Creditors are not trying to infringe upon the City's exclusive right to file a plan or dictate how such plan must treat the Art. The Art Committee Motion merely requests the opportunity to establish a benchmark valuation against which creditors and the Court can evaluate *the City's* proposed treatment of the Art (or the

---

[6] *See .e.g. In re Creekstone Apartments Assocs., L.P.*, 168 B.R. 639, 643 (Bankr. M.D. Tenn 1994).
[7] *See e.g. In re Dow Corning Corp.* 237 B.R. 380, n.1 (Bankr. E.D. Mich. 1999)

proceeds thereof).  For similar reasons, the relief requested does not violate sections 904(1) or 904(2) of the Bankruptcy Code.

7. In addition, it is section 943(b)(7) of the Bankruptcy Code that requires the City to prove that any plan proposed by the City maximizes the value of the Art. Accordingly, cooperating with the Art Committee in advance of confirmation will not result in the City expending any additional money or resources beyond what is already necessary for the City to meet its burden with respect to the best interests of creditors test.  The relief requested will only serve to streamline this process.  Thus, the relief requested does not violate section 904(2) of the Bankruptcy Code.

### IV. The City's Valuation Efforts Are Insufficient

8. Contrary to the City's assessment, Christie's Preliminary Appraisal is insufficient to establish a benchmark valuation of the Art for plan confirmation purposes. Pursuant to the City's instructions, Christie's valued only 5% of the Art (Brief in Opposition [Docket No. 2021], Ex. 1 at 1), even though "the City owns all or substantially all of the Collection."  (*Id.* ¶ 2.)  The remaining 95% needs to be valued, including in the context of potential sale, loan and/or lease transactions that involve the entire collection or some portion thereof.  Such information is imperative, particularly in light of recent reports of a deal with certain nonprofit foundations that would generate only $330 million for the Art,[8] well below the low end of the value range in the Preliminary Appraisal (*Id.,* Ex. 1 at 2) and substantially below the believed value of the entire collection (which is in the billions of dollars range). Accordingly, the relief requested in the Art Committee Motion is not duplicative of the City's efforts.

---

[8] *See* United States District Court for the Eastern District of Michigan, *Statement of Detroit Bankruptcy Mediators*, Jan. 13, 2014.

## CONCLUSION

WHEREFORE, the Creditors respectfully request that the Court enter the Order, substantially in the form attached to the Art Committee Motion as Exhibit 1, granting the relief requested in the Art Committee Motion and herein and such other and further relief as the Court may deem just and proper.

DATED: January 16, 2014

*/s/ Mark R. James*_____
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

– and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance Company*

*/s/Ryan Blaine Bennett*_____
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Capital Assurance Inc.*
*and Syncora Guarantee Inc.*

By: */s/ Rick L. Frimmer*
Rick L. Frimmer
Karen V. Newbury
Michael W. Ott
**SCHIFF HARDIN, LLP**
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5600
Facsimile: (312) 258-5600
E-mail: rfrimmer@schiffhardin.com
E-mail: knewbury@schiffhardin.com
E-mail: mott@schiffhardin.com

*Attorneys for FMS Wertmanagement*

**ARENT FOX LLP**

By: */s/ Carol Connor Cohen*
CAROL CONNOR COHEN
CAROLINE TURNER ENGLISH
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Carol.Cohen@arentfox.com
 DAVID L. DUBROW
 MARK A. ANGELOV
 1675 BROADWAY
 NEW YORK, NY 10019
 (212) 484-3900

and

**SCHAFER AND WEINER, PLLC**
DANIEL J. WEINER (P32010)
BRENDAN G. BEST (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*

*/s/ Howard S. Sher*
Howard S. Sher, Esquire
Jacob & Weingarten, P.C.
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Tel: (248) 649-1200
Fax: (248) 649-2920
E-mail: howard@jacobweingarten.com

Vincent J. Marriott, III, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 864-8236
Fax: (215) 864-9762
E-mail: marriott@ballardspahr.com

-and-

Matthew G. Summers, Esquire
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.*

**LOWENSTEIN SANDLER LLP**
By: /s/  Sharon L. Levine
Sharon L. Levine, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
pgross@lowenstein.com

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

By: /s/ Kristin K. Going
Kristin K. Going  (Application Pending)
Heath D. Rosenblat (Application Pending)
Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140
Facsimile:   (212) 248-3141

*Counsel for Wilmington Trust Company, National Association, as Successor Trustee and Successor Contract Administrator*

    */s/ Deborah L. Fish*
ALLARD & FISH, P.C.
Deborah L. Fish
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel to Dexia Crédit Local, Dexia Holdings, Inc., and NORD/LB Covered Finance Bank S.A.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-------------------------------------------------------x
                                           :
In re                                      : Chapter 9
                                           :
CITY OF DETROIT, MICHIGAN,                 : Case No. 13-53846
                                           :
                    Debtor.                : Hon. Steven W. Rhodes
                                           :
                                           :
-------------------------------------------------------x
```

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2014 the *CORRECTED REPLY OF CREDITORS TO DEBTOR'S OBJECTION TO MOTION OF CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE APPOINTING AND DIRECTING THE DEBTOR TO COOPERATE WITH A COMMITTEE OF CREDITORS AND INTERESTED PERSONS TO ASSESS THE ART COLLECTION OF THE DETROIT INSTITUTE OF ARTS BASED ON ARMS-LENGTH MARKET TRANSACTIONS TO ESTABLISH A BENCHMARK VALUATION* was filed and served via the Court's electronic case filing and noticing system to all parties registered to received electronic notices in this matter.

       /s/ Mark R. James  
       Mark R. James (P54375)  
       Attorney for Financial Guaranty  
       Insurance Company  
       Williams, Williams, Rattner & Plunkett, P.C.  
       380 North Old Woodward Ave., Suite 300  
       Birmingham, MI 48009  
       (248) 642-0333  
       mrjames@wwrplaw.com

Dated: January 16, 2014

US_ACTIVE:\44399070\7\45259.0007