## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |
| | ) **Expedited Consideration** |
| | ) **Requested** |

## *EX PARTE* EMERGENCY MOTION TO (I) ISSUE A TEMPORARY ADMINISTRATIVE STAY OF THE DIP ORDER AND (II) SET A BRIEFING AND HEARING SCHEDULE

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") file this motion (this "Motion") for the entry of an *ex parte* order pursuant to section 105(a) of the Bankruptcy Code (i) staying the DIP Order (defined below) on a temporary administrative basis and (ii) establishing a briefing and hearing schedule.

In support of this motion, Syncora respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

2.  Syncora seeks a temporary administrative stay of this Court's minute entry (the "DIP Order") conditionally approving the DIP Motion (as defined below) with respect to the Quality of Life financing and denying the DIP Motion with respect to the Swap Termination financing. Syncora requests that the administrative stay remain in place until this Court evaluates any motion for stay pending appeal that is filed with respect to the DIP Order.

3.  To facilitate the most efficient use of this Court's resources, Syncora also respectfully submits that establishing a briefing and hearing schedule for any motion for stay pending appeal is appropriate at this stage.

**BASIS FOR RELIEF**

4.  Section 105(a) of the Bankruptcy Code provides that this Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Syncora respectfully submits that an administrative stay, or delay in the effectiveness, of the DIP Order is appropriate under the circumstances described herein.

5.  On December 17, 2013, December 18, 2013, January 3, 2014, and January 13, 2014, this Court held hearings (the "Combined Hearing") on the *Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of That Certain Forbearance and Optional Termination Agreement Pursuant to Section*

*365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019 and (III) Granting Related Relief*, dated July 13, 2013 [Docket No. 17] to assume the Forbearance Agreement and settle controversies with the Swap Counterparties (the "<u>Forbearance Agreement Motion</u>") and the *Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. § §105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Status and (III) Modifying Automatic Stay* [Docket No. 1520] (the "<u>DIP Motion</u>").

6. On January 16, 2014, this Court denied the Forbearance Agreement Motion, and also denied the DIP Motion to the extent that it funded the Swap Termination financing, but conditionally approved the DIP Motion to the extent it sought approval of the Quality of Life financing.

7. Syncora respectfully submits that an administrative stay is appropriate to give parties an opportunity to file a motion for stay pending appeal, and to provide this Court with an opportunity to evaluate and hear such motions. Absent that relief, it is possible that the City could attempt to close a revised DIP Facility before this Court is able to consider the appropriateness of a stay pending appeal. And once the DIP Facility is closed, Syncora expects that the City and other parties will vigorously argue that any relief on appeal is foreclosed by section 364(e) of the Bankruptcy Code.

8. An administrative stay is also appropriate because of the unique circumstances here. This Court's approval of the Quality of Life financing was conditioned on the City demonstrating that any proposed use of the Quality of Life financing complies with state law. To that end, this Court stated that if the City intends to secure the Quality of Life financing with the Casino Revenues, a process would need to be put into place to ensure that the City's proposed use of the Quality of Life proceeds was in compliance with the gaming act. Importantly, that review process will take some time. Alternatively, the Court suggested that the City could secure the Quality of Life financing with an alternative source of collateral. If the City pursues that route, however, parties will still need time to evaluate whether the newly-proposed structure itself complies with state law.

9. Additionally, the Quality of Life financing, as originally proposed, was secured by the Casino Revenues, and, importantly, that no other liens would be in place on the Casino Revenues because the liens securing the Swaps would be released by the Forbearance Agreement. For that reason, the DIP Motion did not need to address, among other things, the adequate protection requirement of section 364(d)(1)(B), because no liens were being primed. Because the Swaps will now remain in place, however, the Quality of Life financing will likely need to be restructured. Parties will need a chance to evaluate the restructured facility, and

4

potentially file objections based on the new structure. This Court should hear any such objections *before* the revised DIP Facility closes.

10. Accordingly, Syncora respectfully submits that an administrative stay of the DIP Order should be issued, at least until this Court has had an opportunity to evaluate any motion for stay of the DIP Order pending appeal. Syncora also respectfully requests that this Court issue a briefing and hearing schedule.

11. Syncora will serve this Motion via the Court's ECF system to the parties in the above-captioned proceeding and will provide notice of the *ex parte* order promptly upon issuance.

WHEREFORE, Syncora respectfully request that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Motion and granting such further relief as the Court deems appropriate.

Dated: January 16, 2014            /s/ *Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

                - and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*