UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| | ) | |
| In re | ) | Case No. 13-53846 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Chapter 9 |
| | ) | |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

**ORDER, PURSUANT TO SECTIONS 901, 1102 AND 1103 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014,
AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE SEGAL
COMPANY AS ACTUARIAL CONSULTANT TO THE OFFICIAL
<u>COMMITTEE OF RETIREES EFFECTIVE AS OF SEPTEMBER 4, 2013</u>**

Upon the application of the Official Committee of Retirees (the "Committee") of the City

of Detroit, Michigan as debtor (the "City" or the "Debtor"), pursuant to sections 901, 1102 and

1103 of the Bankruptcy Code and Bankruptcy Rule 2014, for entry of an order authorizing the

Committee to employ and retain The Segal Company ("Segal") as its actuarial consultant

effective as of September 4, 2013 (the "Application")[1], pursuant to the terms of the engagement

letter between the Committee and Segal dated November 26, 2013 and attached hereto as Exhibit

A (the "Segal Agreement"); and Segal having submitted the Declaration in support of the

Application; and the Court being satisfied based on the representations made in the Application

and the Declaration that Segal neither represents nor holds any interest adverse to the Committee

nor represents any other entity having an adverse interest in connection with this Chapter 9 case;

and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and it further appearing that the relief granted herein is appropriate; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that the Committee is authorized to retain and employ Segal as its actuarial consultant pursuant to sections 1102 and 1103 of the Bankruptcy Code on the terms set forth in the Segal Agreement, as modified herein and attached hereto as Exhibit A, effective as of September 4, 2013; and it is further

ORDERED that, consistent with the agreement of the Debtor, Segal will be compensated and reimbursed by the Debtor in accordance with and subject to the terms of the Fee Review Order, entered September 11, 2013 (ECF # 810); and it is further

ORDERED that nothing in this Order, the Segal Agreement or the Application shall impose any limitation of liability on the City in favor of Segal (and the limitation of liability provided for pursuant to Section 5 of the Segal Agreement shall not bind the City); and it is further

ORDERED that, in addition to the termination provisions set forth in Section 12 of the Segal Agreement, Segal's engagement shall be automatically terminated upon the dissolution of the Committee, unless such dissolution shall be by court order and such order is the subject of an appeal and a stay of such order has been entered; and it is further

ORDERED that this Order does not constitute a determination with respect to Section 4 of the Segal Agreement that any particular information or document is (or is not) confidential or

privileged, and all rights with respect to these issues are reserved.


Signed on January 21, 2014


/s/ Steven Rhodes

Steven Rhodes
United States Bankruptcy Judge

**Exhibit A**

Segal Consulting

1920 N Street NW Suite 400 Washington, DC 20036-1659
T 202.833.6400 www.segalco.com

November 26, 2013

Terri L. Renshaw, Chair
Official Retiree Committee of the City of Detroit
c/o Dentons US LLP
1221 Avenue of Americas
New York, New York 10020
Att: Carole Neville

**Re:** **Consulting Services Agreement - Official Retiree Committee of the City of Detroit**

Dear Ms. Renshaw:

This letter sets forth the agreement between the Official Retiree Committee of the City of Detroit (the "Retiree Committee" or "Client") and The Segal Company (Eastern States), Inc., on behalf of itself and its affiliates (collectively, "Segal"), pursuant to which Segal will provide actuarial consulting services and related services to the Retiree Committee and its professional advisors in connection with the Chapter 9 Case of the City of Detroit (the "City"), Case No. 13-53846, pending in the United States Bankruptcy Court for the Eastern District of Michigan (the "Proceeding").

## 1.    SERVICES

This agreement contemplates services of character and quality that are necessarily adjunct to the Retiree Committee's counsel's services. Segal hereby agrees that it will not disclose to anyone, without the Retiree Committee's written permission, the nature or content of any oral or written communication with the Retiree Committee, or its other professional advisors, nor any information gained from the inspection of any records or documents submitted to Segal, and Segal will not permit inspection of any papers or documents without the Retiree Committee's permission in advance.

**(a)**    **Effective Date.** This Agreement is effective on September 4, 2013.

**(b)**    **Scope of Services.** Segal shall perform services pursuant to this Agreement as a non-testifying consultant. Segal's services do not include rendering legal or accounting services.

The services provided by Segal shall include the following:

Benefits, Compensation and HR Consulting. Member of The Segal Group. Offices throughout the United States and Canada.

a. Translate actuarial concepts and data for the retiree Committee, and its legal counsel Dentons US LLC (Counsel") to facilitate Counsel in giving legal advice to the Retiree Committee;

b. Advise and assist the Retiree Committee and Counsel in its actuarial analysis of any plans;

c. Educate the Retiree Committee and Counsel regarding benefits;

d. Advise and assist the Retiree Committee and Counsel in its/their examination and analysis of any proposed retiree benefit modifications by the City that impact the Retiree Committee and/or its constituents;

e. Participate in meetings and negotiations with the City, its advisors and counsel regarding proposed modifications, underlying assumptions, and support information;

f. Upon written request of the Retiree Committee, provide testimony on related matters, as appropriate; and

g. Provide other services as requested by the Retiree Committee relative to the Proceeding.

## 2. FEES

Segal shall bill on a time and expense basis. The fees shall be based on the tasks required and the related time spent charged at the regular time charge rates of the members of Segal's consulting team. Segal's billing rates currently range from $180 to $750 an hour, subject to upward adjustment on or after each January 1st. In addition to professional fees, Segal's bills shall include out-of-pocket expenses. Segal agrees to comply in all respects with procedures established and orders entered by the U.S. Bankruptcy Court, Eastern District of Michigan ("Court"), with respect to the Proceeding. In particular, Segal agrees to comply with the Fee Review Order dated September 11, 2013 [Dkt. No. 810], as same may be amended by Order of the Court with the consent of the City.

Segal shall remit invoices for fees and expenses each month for the prior month's services to the Retiree Committee and the Court appointed Fee Examiner. Payment of all such invoices shall be made by the City (not the Retiree Committee or its members), subject to the prior review and approval of each such invoice by the Fee Examiner. Segal understands and acknowledges that neither the Retiree Committee nor its members are responsible for paying Segal fees and expenses.

## 3. STANDARD OF CARE

Segal warrants that all services performed by Segal employees shall be of a high quality according to applicable industry standards. Client understands that Segal will be provided information and data from the City (or its agents and representatives). Segal shall have the right to rely on the accuracy and completeness of the data and information and shall have no responsibility for independently verifying or checking this data and information. However, notwithstanding the foregoing, Segal shall have the

duty to review the data for basic reasonableness and advise Client if the data and information appears to be abnormal, unusual, or incorrect.

## 4. CONFIDENTIALITY

Segal understands that it is the Retiree Committee's (and Counsel's) intention and position that the services provided by Segal to the Retiree Committee and Counsel pursuant to this Agreement will be covered by all applicable privileges, including the attorney-client privilege and attorney work-product privilege. Segal agrees to hold in confidence, and to not disclose to any third party, without Counsel's, or the Retiree Committee's written permission, the existence, nature, or content of any oral or written communications related in any manner to the subject matter of Counsel's representation of the Retiree Committee. Segal agrees not to disclose any information it obtains from the inspection of any record or document submitted to it, including information obtained from records or documents coming into its possession, during the performance of its services under this Agreement.

## 5. LIMITATION OF LIABILITY

Segal shall not be liable for any claim arising out of or relating to this Agreement or its performance or nonperformance of its obligations thereunder for an aggregate amount in excess of the fee paid to Segal for services rendered hereunder. The parties agree that this liability amount is reasonable and that Segal shall not be liable for consequential, special, indirect, incidental, punitive or exemplary damages, costs, expenses, or losses (including, without limitation, lost profits and opportunity costs) arising under this Agreement, except, the aforementioned limitation shall not apply in the event that a judge determines that such liability is attributable to the gross negligence or willful misconduct of Segal. This limit on liability shall apply regardless of the form of action, damage, claim, liability, cost, expense, or loss, whether in contract, statute, tort (including, without limitation, breach of contract, breach of warranty, negligence of any kind, whether active or passive, strict liability, misrepresentations, claims for failure to exercise due care in the performance of services hereunder and other torts), or any other legal or equitable grounds.

## 6. WARRANTIES AND DISCLAIMERS

Segal warrants that the services it will provide under this Agreement will be performed in a competent and professional manner by qualified personnel. The Retiree Committee agrees that Segal shall not be responsible for any inaccurate or incomplete information provided by the debtor or its employees or agents, or any work performed by the Retiree Committee, its other professional advisors, or any third party acting as an agent of either of them.

Neither party shall be liable to the other for failure to comply with the terms of this Agreement or delays in the performance of any of their respective obligations hereunder attributable to causes beyond reasonable control, including, but not limited to, acts of God, or, government order, rule or regulation or the other party's -failure to timely fulfill its responsibilities under this Agreement for the period during which the effects of such causes continue.

### 7. ACKNOWLEDGEMENTS

The parties acknowledge they have read this Agreement, understand it and agree to be bound by its terms. This Agreement will be valid and in effect for all future services unless reissued or revised. Each signatory below is a valid agent with the authority to bind their respective organization to the terms and conditions contained herein.

### 8. ENTIRE AGREEMENT

This Agreement sets forth the entire agreement between the parties as to the subject matter hereof and merges all prior discussions between them. Neither party shall be bound by any conditions, definitions, warranties, understandings or representations with respect to such subject matter other than as expressly provided herein, or in any prior written agreement between the parties, or as duly set forth on or after the effective date of this Agreement in writing and signed by a duly authorized representative of the party to be bound thereby.

### 9. SEVERABILITY/CONSTRUCTION

If any provision of this Agreement is held to be illegal, invalid or unenforceable, the validity, legality and enforceability of the remaining provisions shall not be affected. No consent to or waiver of any default hereunder shall be effective unless in writing and no such consent or waiver shall be construed as a consent to or waiver of any default in the future or of any other default hereunder.

### 10. ASSIGNMENT/TRANSFER

This Agreement may not be assigned or otherwise transferred by one party without the prior written consent of the other party.

### 11. RELATIONSHIP OF THE PARTIES

The parties agree that Segal is acting as an independent contractor in performing the services detailed in this Agreement. Nothing contained herein or done pursuant to this Agreement shall be interpreted as the parties entering into a joint venture or into a partnership or shall constitute either party hereto as the agent for the other for any purpose and neither party shall have the right to make any warranty or representation to such effect.

### 12. TERMINATION OF THE AGREEMENT

The Retiree Committee shall have the right, for any reason, to terminate this Agreement upon written ten (10) days written notice to Segal sent in accordance with Section 13 below. Segal shall have the right, for any reason, to terminate this Agreement upon thirty (30) days written notice to the Retiree Committee sent in accordance with Section 13 below and with the applicable sections of the Bankruptcy Code and Bankruptcy Rules. Upon receipt of a notice to terminate this Agreement, Segal shall cease any further work as of the effective date of the Agreement's termination and shall be entitled to payment for its services performed and expenses incurred up to the effective date of the Agreement's termination.

If one of the parties commits a material breach of its obligations hereunder, intent to terminate may be conveyed by the non-breaching party by written notice, setting forth the details of the breach, sent to the breaching party. Termination shall become effective ten (10) days from the date that the notification of intent to terminate was mailed, unless the breaching party corrects the breach before the 10-day period expires.

Notwithstanding termination of this Agreement, Sections 4 and 5 of this Agreement shall remain in full force and effect.

## 13.    NOTICES

All notices, requests, demands and other communications given or made in accordance with this Agreement shall be in writing, shall be given either by mail or by facsimile, or shall be deemed to have been given when deposited in the mails, as the case may be, postage pre-paid, or in the case of facsimile notices, when sent.

All such writings shall be sent to:

If to Client:

>       Terri L. Renshaw
>       Chair
>       Official Retiree Committee of the City of Detroit
>       c/o Dentons US LLP
>       1221 Avenue of the Americas
>       New York, New York 10020
>       Telephone: 212 768-6700
>       Facsimile:  212 768-6800
>       Att: Carole Neville

If to Segal:

>       Stuart I. Wohl
>       Senior Vice President
>       The Segal Company
>       1920 N Street, NW
>       Washington, DC  20036
>       Telephone: 202-833-6431
>       Fax: 202-833-6490

With a copy to:

>       Attn:  General Counsel
>       The Segal Company
>       333 West 34th Street
>       New York, NY  10001-2402

Telephone: (212) 251-5000
Fax: (212) 251-5275

## 14. NO THIRD PARTY BENEFICIARIES

This Agreement is for the benefit of the parties to the Agreement and does not confer any rights or privileges upon any third parties.

## 15. DISPUTE RESOLUTION

(a)   Mediation.  Any disputes between the parties hereto are subject to mediation in accordance with the Judicial Arbitration and Mediation Service ("JAMS") as a condition precedent to the commencement of any legal proceeding hereunder.

(b)   Waiver of Jury Trial.  Each party hereby irrevocably waive, to the fullest extent permitted by law, all rights to a trial by jury in any action, suit, proceeding, or counterclaim (whether in contract, statute, tort (such as negligence), or otherwise) arising out or relating to this Agreement.

## 16. APPLICABLE LAW

This Agreement and all matters relating to his engagement (whether in contract, statute, tort (such as negligence), or otherwise), shall will be governed by, and construed in accordance with, the laws of the State of New York, without regard to the conflicts of law thereof. Exclusive jurisdiction for litigation of any dispute, controversy or claim arising out of or in connection with this Agreement, or breach thereof shall be only in the Court.

If this Agreement is in accordance with your understanding, please have a duly authorized representative execute the signature line below.

AGREED TO AND ACCEPTED ON BEHALF OF THE OFFICIAL RETIREE COMMITTEE OF THE CITY OF DETROIT

By: _Terri L. Renshaw_         Date: 12·12·2013
    Terri Renshaw
    Chair

ACCEPTED AND AGREED ON BEHALF OF THE SEGAL COMPANY (EASTERN STATES), INC.

By: _____         Date: 11/26/2013
    Stuart I. Wohl
    Senior Vice President