UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# ATTACHMENT

# APPELLANT STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

| Item | Date Filed | Docket # | Description |
|---|---|---|---|
| 7. | 11/15/2013 | 1745 | State of Michigan's Motion for Reconsideration of Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

**MOTION FOR RECONSIDERATION OF
OPINION AND ORDER DENYING NAACP'S MOTION FOR
RELIEF FROM STAY (DKT. #740) AND GRANTING PHILLIPS'
MOTION FOR RELIEF FROM STAY (DKT. #1004)**

Movants Governor Rick Snyder and former Treasurer Andy Dillon, Respondents in Petitioners Catherine Phillips, et al's Motion for Relief from Stay (Dkt. #740), by and through their attorneys Matthew Schneider and Nicole Grimm, Assistant Attorneys General, hereby submit this motion for reconsideration of this Court's opinion and order (Dkt. #1536-1) denying NAACP's motion for relief from stay (Dkt. #740) and granting Phillips' motion for relief from stay (Dkt. #1004) and in support rely on the facts and legal analysis set forth in their attached brief filed in support of the same.

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Nicole A. Grimm (P74407)
Assistant Solicitor General

Margaret A. Nelson
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Ave., Ste. 4000
Detroit, Michigan 48226-3425

Dated: November 15, 2013

Attorneys for the State of Michigan

2

13-53846-tjt    Doc 2547    Filed 01/28/14    Entered 01/28/14 14:20:54    Page 2 of 12
13-53846-swr    Doc 1743    Filed 11/15/13    Entered 11/15/13 14:38:54    Page 3 of 13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF OPINION AND ORDER DENYING NAACP'S MOTION FOR RELIEF FROM STAY (DKT. #740) AND GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. #1004)**

## INTRODUCTION

On November 6, 2013, after both lawsuits had been stayed in district court and plaintiffs in both cases moved for relief before this Court, this Court issued an Opinion and Order Denying NAACP's Motion for Relief from Stay and Granting Phillips' Motion for Relief from Stay. (Opinion and Order Denying NAACP's Motion for Relief from Stay and Granting Phillips' Motion for Relief from Stay, Dkt. #1536-1.) For the reasons that follow, Governor Rick Snyder and former Treasurer Andy Dillon, Defendants in the *Phillips* lawsuit (hereinafter, Respondents), respectfully submit that granting the

*Phillips* motion was clear error, and request that this Court grant their motion for reconsideration.

## ARGUMENT

### I. Standard of Review

A motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. Local Rule 9024-1(a). To establish a "palpable defect," the movant generally must identify a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Respondents respectfully submit that this Court's conclusion that Petitioners' proposed amendment to withdraw Count I and Plaintiffs Phillips, Valenti, and AFSCME Council 25 from their lawsuit would "eliminate the potential that the *Phillips* case might result in the removal of the Detroit emergency manager" constituted clear error

sufficient to satisfy this standard. Accordingly, for the reasons that follow, Respondents request that this Court reconsider its decision and hold that its July 25, 2013 stay extension order applies to this lawsuit.

## II. Legal Analysis

### A. According to this Court's order, its July 25, 2013 stay order applies unless Petitioners withdraw all requested relief that would diminish the authority of the Detroit Emergency Manager under PA 436.

At the outset of its opinion, this Court correctly recognized the sweeping scope of the *Phillips* lawsuit, recognizing that it "assert[s] that P.A. 436 violates [Petitioners'] rights under the United States Constitution, art. IV, § 4; amend. I; amend. XIII; amend. XIV; and the Voting Rights Act of 1965, 42 U.S.C. §§ 1973-1973(q)." (Dkt. #1536-1, at 1-2.) Similarly, it recognized the broad relief Petitioners request, noting that they "seek[] damages, declaratory relief, and injunctive relief, including relief 'restraining the Defendants and any present and future EMs from implementing or exercising authority and powers purportedly conveyed by Public Act 436.'" (Dkt. #1536-1, at 1-2.)

On page 8 of its opinion, this Court distinguished the *NAACP* and *Phillips* lawsuits on the basis that *Phillips* "includes residents and

officials of not only the City of Detroit but also some of the other municipalities in which emergency managers have been appointed." (Dkt. #1536-1, at 8.) Based on the fact that the *Phillips* lawsuit challenged the application of PA 436 in several places, not just in Detroit, this Court held that its July 25, 2013 stay order did not apply to the *Phillips* lawsuit so long as it was amended to "withdraw . . . any request for relief as to the Detroit emergency manager." (Dkt. #1536-1, at 8-9.) It further held that Petitioners' proposal to withdraw Count I of their complaint and Plaintiffs Phillips, Valenti, and AFSCME Council 25 served this purpose, since it "would eliminate the potential that the *Phillips* case might result in the removal of the Detroit emergency manager." (Dkt. #1536-1, at 8-9.)

By the plain language of its order, this Court has made clear that lawsuits challenging PA 436 must be stayed during Detroit's bankruptcy proceedings to the extent they threaten to diminish the power of the Detroit Emergency Manager. While Respondents agree with this conclusion, they respectfully submit it was clear error to conclude that Petitioners' proposed withdrawal of Count I and various plaintiffs from the *Phillips* lawsuit would insulate the Detroit

4

Emergency Manager from attack. To the contrary, Respondents submit that the *Phillips* case, like the *NAACP* case to which this Court held that the stay applies, is a broad challenge to PA 436 which, if successful, would pose a serious question as to the validity of Detroit's bankruptcy filing.

### III. Every count in Petitioners' complaint alleges that PA 436 is facially unconstitutional.

To validate the conclusion that Petitioners must only withdraw Count I of their complaint to proceed, it must be the case that Petitioners' remaining allegations, if proven, would not "result in the removal of the Detroit emergency manager." (Dkt. #1536-1, at 8-9.) Yet the argument that PA 436 is facially unconstitutional is found throughout Petitioners' complaint:

- Count II argues that PA 436 violates *substantive due process.* Paragraph 127 alleges that "[o]n its face, as applied, and in practice, Public Act 436 . . . disenfranchises citizens from their right to a democratically elected form of local government and their right to elect local officials who possess general legislative power, . . . ." Complaint, *Phillips, et al. v. Snyder, et al.*, No. 213-cv-11370, Dkt. No. 1 (E.D. Mich. Mar. 27, 2013) (*Phillips* Compl.) at Pg ID 24-27. (emphasis added).

- Count III argues that PA 436 violates *the guarantee to a republican form of government.* Paragraph 138 alleges that "[o]n its face, as applied, and in practice, Public Act 436 violates

5

13-53846-tjt  Doc 2547  Filed 01/28/14  Entered 01/28/14 14:20:59  Page 8 of 13
13-53846-swr Doc 2474-3 Filed 01/28/13 Entered 01/28/13 14:33:04 Page 7 of 12

the US Const., Art. 4, §4 through provisions of the statute that permit EMs [*inter alia*] to . . . [b]e selected and appointed **solely at the discretion of the Governor** . . . ." *Id.* at Pg ID 27-28. (emphasis added).

- Counts IV, V, and VI argue that PA 436 violates *equal protection*. Paragraphs 151, 167, and 182 alleges that "*[o]n its face, as applied, and in practice*, Public Act 436 violates the Equal Protection Clause of US Const., Amend. XIV, § 1 through provisions of the statute that:

    o unduly revoke and/or impermissibly dilute the community's right to vote for local officials . . .
    o discriminate in the appointment of an EM and revocation of the community's right to vote for local officials based on the racial composition of that community . . .
    o condition the revocation of the community's right to vote for local officials based on the wealth of that community and the individuals who reside there." *Id.* at Pg ID 28-38. (emphasis added).

- Count VII argues that PA 436 violates *the Voting Rights Act*. Paragraph 194 alleges that "*[o]n its face, as applied, and in practice*, Public Act 436 violates the Voting Rights Act through provisions that provide for the appointment of EMs and entering of consent agreements that abridge and dilute the voting rights of citizens within these localities . . . ." *Id.* at Pg ID 38-40. (emphasis added).

- Count VIII argues that PA 436 violates *freedom of speech and the right to petition government*. Paragraph 208 alleges that "*[o]n its face, as applied, and in practice*, Public Act 436 violates the U.S. Const., Amend. I through provisions that provide for the appointment of EMs with powers that strip all authority of local elected officials, through provisions of the statute that ratify appointments made and legislative acts taken by EMs acting under Public Act 4." *Id.* at Pg ID 40-43. (emphasis added).

- Count X argues that PA 436 *perpetuates the vestiges of slavery*. Paragraph 229 alleges that "[o]n its face, as applied, and in practice, Public Act 436 violates the U.S. Const., Amend. XIII, § 1 through provisions of the statute that . . . discriminatorily and intentionally revoke[e] the community's right to vote for local officials based on the racial composition of that community." *Id*. at Pg ID 45-47. (emphasis added).

Petitioners' complaint challenges PA 436 in all municipalities, including Detroit. Indeed, while Counts II through VIII and Count X apply to all municipalities equally, Count IX is a direct attack on the application of PA 436 in Detroit, specifically. *See Phillips* Compl., at Pg ID 43-45. Paragraph 220 alleges that "[o]n its face, as applied, and in practice, Public Act 436 and appointment of the City of Detroit's EFM and . . . EM violates the US Const., Amend I through provisions that . . . [p]ermit Kevyn Orr to act for and in the place and stead of the local governing body of cities . . . [and] [v]est the full powers of the local government of the City of Detroit . . . [in a] single entity represented by Kevyn Orr and the Jones Day law firm . . . ." *Id*. Likewise, Count XI is titled "Removal of Emergency Managers" and argues that all emergency managers, including Detroit's Emergency Manager, must be removed because "[o]n its face, as applied, and in practice, Public Act 436 violates the Equal Protection Clause of US Const. Amend. XIV, § 1

7

through provisions of the statute [that] discriminate between cities and school boards that presently have had EMs for longer than 18 months and those that will receive EMs after March 28, 2013." *Id*. at 47-49.

Even if Count I is removed from Petitioners' complaint, the allegations above still remain. And without exception, every count of the *Phillips* lawsuit, like the *NAACP* lawsuit, contains a facial attack on the constitutionality of PA 436.[1] Because any finding that the statute is unconstitutional would pose serious questions regarding the validity of Detroit's bankruptcy filing and its ability to move forward in the restructuring of its debts, Petitioners' lawsuit would unquestionably impact, directly or indirectly, bankruptcy proceedings before this Court.

**IV. The relief Petitioners request would diminish the Detroit Emergency Manager's authority under PA 436.**

This Court has already recognized that adjudication of Petitioners' lawsuit depends upon the removal of any requested relief that would "diminish[] the Detroit emergency manager's authority under P.A. 436." (Dkt. #1536-1, at 14.) It bears noting that this would include, at a

---

[1] For this reason, the question of what impact a challenge to PA 436 as applied in a different municipality might have on the Act's application in Detroit is inapposite.

8

13-53846-tjt Doc 2547 Filed 01/28/14 Entered 01/28/14 14:30:34 Page 10 of 13

minimum, removal of the relief sought in subparts (a), (b), and (e) of Petitioners' prayer for relief. Respectively, these subparts seek: declaratory relief holding that PA 436 is unconstitutional; injunctive relief restraining present and future EMs from "implementing or exercising authority and powers purportedly conveyed by Public Act 436"; and "injunctive relief invalidating and restraining the terms of present and future consent agreements entered into under Public Act 436." *Phillips* Compl., at Pg ID 49-50. To the extent Petitioners pray for relief that does not bear directly on the application of PA 436 in Detroit, these prayers alone, bereft of any supporting counts, are insufficient to allow Petitioners' lawsuit to proceed. Rather, as this Court's own criteria for application of its July 25, 2013 stay order would require withdrawal of every count of Petitioners' lawsuit, Respondents respectfully request that this Court grant their motion for reconsideration and issue a new order denying Petitioners' motion for relief from stay.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated, Respondents respectfully request that this Court reconsider its order granting Petitioners' motion for relief from stay and issue a new order denying the same.

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Nicole A. Grimm (P74407)
Assistant Solicitor General

Margaret A. Nelson
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Ave., Ste. 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan

Dated: November 15, 2013

10

13-53846-tjt Doc 2547-3 Filed 01/28/14 Entered 01/28/14 14:33:34 Page 13 of 13
13-53846-swr Doc 1745 Filed 01/29/13 Entered 01/29/13 15:20:59 Page 12 of 12