# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br>Case No. 13-53846<br>Hon. Steven W. Rhodes |

### STIPULATION BY AND BETWEEN RONALD COOK AND THE CITY OF DETROIT REGARDING
### PETITION FOR ORDER LIFTING STAY FILED BY RONALD COOK

This stipulation regarding the Petition for Order Lifting Stay Filed by Ronald Cook ("Motion") is entered into on this 22nd day of January, 2014, by and between Ronald Cook ("Plaintiff") and the City of Detroit, Michigan (the "City").

1. On July 18, 2013 ("Petition Date"), the City commenced this case under chapter 9 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, Plaintiff and the City were parties to litigation in Wayne County Circuit Court, Cases Nos. 11-010396 and 12-004823, both involving a grievance filed by the Plaintiff arising out of a 2007 promotion process conducted by the City of Detroit Water and Sewerage Department ("Litigation"). The Circuit Court entered an Order in Case No. 11-010396 on January 25, 2012, and dismissed Case No. 12-004823 on May 8, 2012. An appeal of both Circuit Court cases was taken by the Plaintiff to the Michigan Court of Appeals and the Court of Appeals consolidated the cases in an Order entered June 27, 2012.

3. On the Petition Date, the Appeal (as defined <u>infra</u>) was pending before the Michigan Court of Appeals. All briefing was complete and oral argument had been conducted. Nothing remained to be completed with respect to the Appeal other than the issuance of a decision by the Court.

4. Following the Petition Date, on August 26, 2013, the Plaintiff filed the Motion in this chapter 9 case. (Docket No. 630).

5. By the Motion, the Plaintiff sought relief from the automatic stay of section 362 of the Bankruptcy Code ("Automatic Stay"), as made applicable in this chapter 9 case by sections 901 and 922 of the Bankruptcy Code, to, inter alia, allow the Michigan Court of Appeals to issue its ruling on Court of Appeals cases nos. 308561 and 310509. ("Appeal").

6. Plaintiff and the City reached an agreement to modify the Automatic Stay to permit the Court of Appeals to issue its ruling but precluded any further action by the Plaintiff in the Litigation absent further order by the Court (Docket No. 951 and amended by Docket No. 993). Consequently, this Court entered an Order Approving Stipulation by and between Ronald Cook and the City of Detroit Regarding Petition for Order Lifting Stay Filed by Ronald Cook (Docket No. 1020).

7. On January 2, 2014, the Michigan Court of Appeals issued its opinion and Order regarding the Appeal ("COA Order"). A copy of the COA Order is attached hereto as Exhibit A. The COA Order directs the city to conduct a new promotional process in accordance with requirements set forth in the opinion.

8. Plaintiff and the City have reached an agreement to further modify the Automatic Stay to permit the promotional process to proceed as required by the COA Order.

9. Plaintiff and the City have agreed to the attached proposed Order and request that the Court enter the same.

Dated: January 22, 2014

STIPULATED:

  /s/ Rodger L. Webb
Rodger L. Webb (P33356)
17000 West Ten Mile Road
Goodman Acker Bldg., 2nd Floor
Southfield, MI 48075
Tel: (248) 395-9750
Fax: (248) 395-9760
rodger@weflaw.com.

ATTORNEY FOR PLAINTIFF


  /s/ Eric D. Carlson
Eric D. Carlson (MI P60277)
Timothy A. Fusco (MI P13768)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
laplante@millercanfield.com
carlson@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue

Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com


ATTORNEYS FOR THE CITY

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

## ORDER MODIFYING THE AUTOMATIC STAY

This matter came before the Court by stipulation ("Stipulation") between Ronald Cook ("Plaintiff") and the City of Detroit ("City"), with respect to Plaintiff's Petition for Order Lifting Stay ("Motion") described in the Stipulation; the parties have reached an agreement to address the issues raised in the Motion as provided for herein; and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the automatic stay is hereby modified for the purpose of permitting the promotional process to be re-opened and proceed in the manner specified by the Michigan Court of Appeals opinion and Order issued in case nos. 308561 and 310509.

IT IS FURTHER ORDERED that the automatic stay is further modified to allow liquidation of any retroactive pay claims which may arise if Plaintiff receives a promotion as a result of the re-opened promotional process.

WILLIAM B. MURPHY
CHIEF JUDGE
DAVID H. SAWYER
CHIEF JUDGE PRO TEM
MARK J. CAVANAGH
KATHLEEN JANSEN
E. THOMAS FITZGERALD
HENRY WILLIAM SAAD
JOEL P. HOEKSTRA
JANE E. MARKEY
PETER D. O'CONNELL
WILLIAM C. WHITBECK
MICHAEL J. TALBOT
KURTIS T. WILDER
PATRICK M. METER
DONALD S. OWENS

KIRSTEN FRANK KELLY
CHRISTOPHER M. MURRAY
PAT M. DONOFRIO
KAREN FORT HOOD
STEPHEN L. BORRELLO
DEBORAH A. SERVITTO
JANE M. BECKERING
ELIZABETH L. GLEICHER
CYNTHIA DIANE STEPHENS
MICHAEL J. KELLY
DOUGLAS B. SHAPIRO
AMY RONAYNE KRAUSE
MARK T. BOONSTRA
MICHAEL J. RIORDAN
JUDGES

JEROME W. ZIMMER JR.
CHIEF CLERK



# State of Michigan
# Court of Appeals
## Lansing Office

TO ATTORNEYS OF RECORD:

Enclosed with this letter is the decision and opinion in the entitled matter. Under MCR 7.215(E), this opinion is the judgment of the Court of Appeals. The official date of the filing of this opinion is the date that is printed on it, and all time periods for further action under the rules will run from that date. See MCR 7.215(F) and (I), and MCR 7.302(C)(2)(b).

If the words *For Publication* appear on the face of this opinion, it will be published in the Michigan Appeals Reports. If the word *Unpublished* appears on the face of this opinion, it was not slated for publication at the time it was released. See MCR 7.215(A).

Although an opinion that is to be published is official as of the date that is printed on it, actual publication will be delayed until editorial work is completed in the Reporter's Office. This editorial work may result in slight changes in style or in citations when the opinion is published in the Michigan Appeals Reports.

I hereby certify that the annexed is a true and correct copy of the opinion filed in the record of the Court of Appeals in the entitled matter and that the date printed thereon is the actual date of filing.

Very truly yours,

Jerome W. Zimmer Jr.
Chief Clerk

JWZ/las
Encl.
cc: Trial Judge or Agency

RECEIVED
JAN 08 2014
Law Department
City of Detroit

DETROIT OFFICE
CADILLAC PLACE
3020 W. GRAND BLVD. SUITE 14-300
DETROIT, MICHIGAN 48202-6020
(313) 972-5678

TROY OFFICE
COLUMBIA CENTER
201 W. BIG BEAVER RD. SUITE 800
TROY, MICHIGAN 48084-4127
(248) 524-8700

GRAND RAPIDS OFFICE
STATE OF MICHIGAN OFFICE BUILDING
350 OTTAWA, N.W.
GRAND RAPIDS, MICHIGAN 49503-2349
(616) 456-1167

LANSING OFFICE
925 W. OTTAWA ST.
P.O. BOX 30022
LANSING, MICHIGAN 48909-7522
(517) 373-0786

COURT OF APPEALS WEB SITE ~ http://courts.mi.gov/courts/coa/

RONALD COOK,

Plaintiff-Appellant,

v

CITY OF DETROIT, DETROIT DEPARTMENT
OF HUMAN RESOURCES DIRECTOR, AND
DETROIT DEPARTMENT OF WATER AND
SEWERAGE DIRECTOR,

Defendants-Appellees.

UNPUBLISHED
January 2, 2014

Nos. 308561, 310509
Wayne Circuit Court
LC Nos. 11-010396-CK,
12-004823-CL

Before: JANSEN, P.J., and CAVANAGH and MARKEY, JJ.

PER CURIAM.

In Docket No. 308561 (the initial action), plaintiff appeals by right the trial court's order that granted his request for a writ of mandamus but did not order the specific relief he requested. In Docket No. 310509 (the subsequent action), plaintiff appeals by right the trial court's order dismissing his complaint on the grounds of collateral estoppel and res judicata. We affirm in part but amend the trial court's order in the initial action consistent with this opinion.

First, plaintiff alleges that the trial court abused its discretion when it granted his request for a writ of mandamus but failed to order the specific injunctive relief requested. We disagree.

We review for an abuse of discretion a trial court's decision to grant or deny a writ of mandamus. *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 513; 810 NW2d 95 (2011). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Bay City v Bay Co Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011). Whether the defendant has a clear legal duty to perform and whether the plaintiff has a clear legal right to the performance of that duty are questions of law, which this Court reviews de novo. *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438; 722 NW2d 243 (2006).

"Mandamus is an extraordinary remedy which may issue to compel a body or an officer to perform a clear legal duty for one holding a clear legal right to such performance." *Detroit v Detroit Police Officers Ass'n*, 174 Mich App 388, 392; 435 NW2d 799 (1989). "The issuance of a writ of mandamus is proper where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the

-1-

act requested, (3) the act is ministerial and involves no exercise of discretion of [sic] judgment, and (4) no other remedy exists, legal or equitable, that might achieve the same result." *Tuggle v Dep't of State Police*, 269 Mich App 657, 668; 712 NW2d 750 (2006).

In the initial action, the trial court adopted defendants' proposed order, which stated:

> IT IS HEREBY ORDERED that the City of Detroit Civil Service Commission's June 21, 2011 Final Order be implemented. See Exhibit A.[1]
>
> IT IS FURTHER ORDERED that Plaintiff Bradford Grant[']s Complaint is dismissed with Prejudice for the reasons stated on the record.
>
> THIS ORDER CLOSES THE CASE WITH PREJUDICE.

The specific relief plaintiff requested is reflected in his proposed order:

> 1. Cook's request for declaratory judgment as to Grant's action, Bradford Grant v. City of Detroit, Water and Sewerage Department, WCCC No. 11-008334-CK, is GRANTED. Said action is hereby dismissed with prejudice and the Court's order entered in that case by stipulation on July 29, 2011 is VACATED.
>
> 2. Cook's request for a writ of mandamus respecting enforcement of the City Civil Service Commission's order on the 2007 CEO Foreman promotion is GRANTED.
>
> More specifically, the Court orders the Directors of the City Human Resources and Water and Sewerage Departments, as applicable, to re-start [sic] the 2007 CEO Foreman promotion under the terms of the subject March 12, 2007 announcement, and the then-applicable June 25, 1984 job description, solely among the objectively-qualified candidates thereunder. Bradford Grant, Sylvester Davis and Ricardo Saenz are specifically excluded from participation or consideration in said re-started [sic] 2007 process.
>
> 3. The Court reserves judgment on whether the successful candidate under the above-mandated process is entitled to retroactive seniority and back pay in the position of CEO Foreman, from the date of Bradford Grant's appointment to the date of that candidate's appointment to the position. The parties are free to file supplemental briefs on that issue.

In explaining its decision to adopt defendants' proposed order instead of plaintiff's proposed order, the trial court stated that plaintiff's proposed order included a lot of "add-ons,"

---

[1] Exhibit A to the Order is a letter to plaintiff's counsel indicating the Civil Service Commission's decision to accept the findings and decision of Hearing Officer Kathryn VanDagens.

some of which were "a little reachy and stretchy." Contrary to the trial court's determination in this regard, we conclude that plaintiff's proposed order was consistent with the trial court's oral decision at the December 2, 2011, hearing. At that hearing, the court stated, "there's to be a hearing or there's to be a promotional exam started again with the original applicants, the original eligible applicants, and using the original criteria that was designated back in '07." The court also said that three of the original candidates, Grant, Davis, and Saenz, were to be excluded from the process. Finally, the court told the parties that it would consider the issue of back pay if they wanted to further brief the issue.

At the same time, however, we conclude that defendants' proposed order—that the Civil Service Commission (CSC) order "be implemented"—was also consistent with the trial court's oral ruling. The court incorporated the CSC order in its own order by ordering it implemented, citing to it, and attaching it to the order. The CSC order expressly states that the promotional process should be restarted, that Grant, Davis, and Saenz should be disqualified from applying, and that Grant should be removed from the position. Thus, the trial court's order, which incorporates the CSC order, addresses almost all the specific relief plaintiff requested.

The problem, of course, is that the trial court's order was not particularly helpful, especially given defendants' history of noncompliance with the CSC order. For example, even though the CSC order unambiguously provided for the disqualification of Grant, Davis, and Saenz, defendants opened the July 2011 promotional opportunity to all employees. Further, despite the CSC order's directive that Grant be removed from the position of CEO Foreman, defendants stipulated to an order in Grant's lawsuit against them that allowed him to remain in the position, pursue an administrative grievance, and reapply if his grievance were unsuccessful. Because defendants have shown their unwillingness to comply with the CSC order, as well as the trial court's order incorporating the CSC order by reference, we find it necessary to amend the trial court's order in the initial action to clarify the steps that defendants must immediately take. The trial court's order in the initial action is hereby amended to specify that (1) defendants shall immediately restart the CEO Foreman promotional process with the original eligible applicants and using the original criteria from 2007; (2) Grant, Davis, and Saenz are disqualified from applying, and (3) Grant shall be immediately removed from the position of CEO Foreman. MCR 7.216(A)(1) and (7). If defendants continue with their pattern of noncompliance following the release of this opinion, plaintiff may file a motion in the trial court to compel defendants to show cause why they should not be held in contempt.

Second, plaintiff claims that the trial court erred by concluding that his claim in the subsequent action was barred by collateral estoppel and res judicata. We disagree.

The application of collateral estoppel or res judicata presents a question of law that this Court reviews de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

"Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (internal citations and quotation marks omitted). Mutuality

-3-

13-53846-tjt    Doc 2549    Filed 01/23/14    Entered 01/23/14 16:55:29    Page 9 of 11

of estoppel exists when the party asserting collateral estoppel would have been bound by the previous litigation, had the judgment gone against him. *Id.* at 684-685.

The doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). The third element of res judicata can be met under one of two tests. First, the "same evidence" test considers whether "the same facts or evidence are essential to the maintenance of the two actions." *Jones v State Farm Mut Automobile Ins Co*, 202 Mich App 393, 401; 509 NW2d 829 (1993), modified on other grounds *Patterson v Kleiman*, 447 Mich 429; 526 NW2d 879 (1994). Second, under the "same transaction" test, a subsequent claim is barred if it arises from the same transaction, or single group of operative facts, as the previous claim. *Adair*, 470 Mich at 124. The party asserting res judicata has the burden of establishing it. See *Richards v Tibaldi*, 272 Mich App 522, 531; 726 NW2d 770 (2006).

It is undisputed the initial action ended in a final judgment. The initial and subsequent actions involve the same parties and arise from the same allegation—defendants' failure to comply with the CSC order. Plaintiff alleges that his second complaint relies on facts that were not available during the initial action. Plaintiff's complaint in the subsequent action is based, in part, on defendants' alleged failure to comply with the CSC order when they posted the promotional opportunity announcement in February 2012. This announcement was posted after the trial court entered its final order in the initial action. Thus, the subsequent action relies on different facts than the initial action. But the same claim forms the basis of both actions— defendants' failure to comply with the CSC order. Plaintiff requested the same relief in both actions. Consequently, the trial court did not err in applying res judicata.

Finally, plaintiff asserts that the trial court should have considered his request for attorney fees. We disagree.

A trial court's decision to award attorney fees is reviewed for an abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012). The trial court's findings of fact are reviewed for clear error and questions of law are reviewed de novo. *Id.* It is an abuse of discretion for a trial court to not exercise discretion when called on to do so. *Id.*

Even though plaintiff requested attorney fees in both of his complaints, the trial court did not address this request. Nonetheless, the court's failure to do so was not an abuse of discretion. In Michigan, it is well settled that recovery of attorney fees is governed by the American rule. The American rule provides that each party to litigation pays its own costs, unless a statute, court rule, or common-law exception allows for the recovery of attorney fees from the losing party. See MCL 600.2405(6); *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). Although plaintiff requested attorney fees in both complaints, he did not assert a legal basis for recovering attorney fees by citing a statute, court rule, or common-law exception to the American rule. The trial court did not abuse its discretion by failing to address plaintiff's unsupported assertion that he was entitled to fees. See MCR 2.119(A)(1)(b) and (2).

We affirm in part but amend the trial court's order in the initial action to specify that (1) defendants shall immediately restart the CEO Foreman promotional process with the original

-4-

eligible applicants and using the original criteria from 2007; (2) Grant, Davis, and Saenz are disqualified from applying, and (3) Grant shall be immediately removed from the position of CEO Foreman. We do not retain jurisdiction. No costs pursuant to MCR 7.219, no party having prevailed in full.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Jane E. Markey