UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan            Chapter 9
                                                       Case No. 13-53846
               Debtor.                          Hon. Steven W. Rhodes

## Exhibit 3 - Brief in Opposition

### To:

### Petitioners' Response to Respondents' Motion to Stay the Effect of Order Grnating Phillips' Motion for Relief From Stay (Dkt 1536) Pending Appeal of that Order and Order Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief from Stay (Dkt 2256)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Chapter 9

City of Detroit, Michigan,

Debtor.

Case No. 13-53846
Hon. Steven W. Rhodes

## BRIEF IN OPPOSITION TO RESPONDENTS' MOTION TO STAY THE EFFECT OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. 1536) PENDING APPEAL OF THAT ORDER AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. 2256)

The Respondents' recitation of the procedural history of this matter is correct except that it fails to mention that after this Court ruled that the Phillips case was not subject to the automatic or extended stay (Docket number 1536-1, November 6, 2013), Respondents filed a Motion for Reconsideration which was also denied (Dkt. # 2256, December 20, 2013.)

In response to Respondents' Motion for Reconsideration, this Court exercised its option to allow Petitioners to file a response and held a hearing on the Motion for Reconsideration, thus allowing a full re-airing of all of Respondents' arguments. (Dkt. #1756.)

Further, Petitioners' Response to the Motion for Reconsideration included as an exhibit the proposed First Amended Complaint that it intended to file in the District Court. (Dkt. #1888-7.) Thus, this Court had the opportunity to scrutinize exactly what changes to their District Court complaint the Petitioners had made in compliance with the conditions and limitations contained in this Court's original Order (Dkt. #1536-1), and apparently did not find them wanting.

This Court's Order Denying Motion for Reconsideration (Docket 2256) soundly rejected Respondents' argument that a successful challenge to P.A. 436 will inevitably or automatically lead to the removal of Kevin Orr, noting that further action would need to be taken and that any

such further legal actions implicating the Detroit bankruptcy would be subject to the automatic stay.

This Motion to Stay this Court's prior rulings pending their appeal -- the Respondents' third bite at this apple -- brings nothing new to the table. In fact a cornerstone of the Respondents' argument continues to be that:

> Petitioners "seek []damages, declaratory relief and injunctive relief, including relief 'restraining the defendants *and any present and future EMs* from implementing or exercising authority and powers purportedly conveyed by public act 436'." (Dkt. #1536-1, pp. 1-2)
>
> (Respondents' Brief, Dkt. #2448-3, p. 3.)

Respondents cite to this Court's original Opinion and Order which was quoting Petitioner's original District Court complaint (pp. 49-50). Petitioner's proposed First Amended District Court complaint no longer seeks the quoted relief. The new prayer for relief reads as follows:

**PRAYER FOR RELIEF**
WHEREFORE, Plaintiffs pray this Honorable court enter Judgment against Defendants providing:

a. For declaratory relief holding that Public Act 436 violates the United States Constitution, Art. 4, §4; Amend I; Amend XIII; and Amend. XIV; and the Voting Rights Act of 1965, 42 U.S.C. §§ 1973 *et. seq.*;

b. For liquidated, compensatory, and punitive damages in an amount fair and just under the circumstances;

c. For preclearance remedies as permitted by 42 USC § 1973a(c);

d. For attorneys' fees and costs; and

e. For such further relief as is just and equitable.

Likewise, Respondents' entire motion is nothing but a rehash of its previous arguments.

A Motion to Stay pending appeal pursuant to Bankruptcy Rule 8005 should not be granted where the arguments presented by the movant have already been heard by the Court, briefed by the parties and subjected to oral argument with the court overruling the movant's objections, and the movant fails to advance new law or facts different or additional to those previously argued before the court. In re Roth American, Inc., 90 B.R. 94 (Bankr. M.D. Pa. 1988). Where, as here, the arguments presented by the Governor and Treasurer are substantively the same as those already twice rejected and/or properly addressed by this Court, there is no reason to believe that they will likely prevail on the merits on appeal nor that they will suffer irreparable harm if the stay is not granted.

Factors for Stay

Respondent's assertions that the State is likely to prevail on the merits, i.e. obtain a reversal of this Court's decision that the Petitioners' District Court constitutional challenge to the validity of a statute effecting the entire state (P.A. 436) is not stayed by Detroit's bankruptcy filing, is entirely unsupported by anything except ever higher-pitched screeching.

Respondents assert, as if it were a truth so universally recognized that no citation is necessary, that any relief Petitioners might obtain in the District Court case -- whether it be a wholesale finding that PA 436 violates every constitutional provision alleged in their Complaint, on its face, or a finding that a single clause in the law violates a single clause of the constitution as applied -- will automatically result in the nullification of the appointment of Kevin Orr as Detroit's Emergency Manager and the unwinding of every action he has taken, including initiating the bankruptcy and formulating and implementing a plan of adjustment under this Court's jurisdiction. For this grand proposition, Respondents' rely on what at best could be

considered dicta in a single case, <u>Village of Mainville, Ohio v. Hamilton Township Board of Trustees</u>, 726 F 3rd 762, 766 (6th Cir. 2013).

In that case, a developer was asserting that a lien filed against its real property for fees purportedly owed to the Township constituted a violation of the takings clause of the Fifth Amendment. The District Court below had concluded that the developer's claim was not ripe because it had not sought compensation through the procedures that the governmental unit provided prior to bringing its takings claim. This refers to a specific rule, applicable only to takings claims, handed down in <u>Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172 (1985). The developer was arguing, for the first time on appeal, that the <u>Williamson County</u> rule applied only to "as applied" challenges to the takings clause and not to "facial" challenges. The holding of the 6th circuit was that the developer had forfeited this argument by failing to raise it in the district court. In no way does the cited case even arguably stand for the proposition that a favorable decision in <u>Phillips v Snyder</u> would "have a retroactive effect, causing P.A. 436 to be 'equally void from the outset'." The phrase "equally void from the outset" quoted from <u>Village of Mainville</u> is taken completely out of context from a discussion about whether a facial challenge can be distinguished from an as-applied challenge by the remedy sought.

In sum, none of the factors for a stay have been met. Respondents have failed to set forth any basis for this Court to conclude that they are likely to prevail on their appeal. Nor have they cited any authority for the proposition that success in the Phillips case would (or even could form a basis to) nullify or undo anything which has happened up to that point in Detroit bankruptcy proceedings. Yet that is the irreparable injury they rely upon to obtain a stay. Respondents do not deny that the citizens of other governmental units now or in the future subjected to P.A. 436

will be harmed if the stay is granted. They merely argue, again without any authority or specifics, that the harm such delay would cause to the citizens of the rest of the State subject to PA 436 emergency management, is outweighed by the State's need to push Detroit through bankruptcy. Such balancing of interests however is not required because the Phillips case does not seek any relief which would affect the Detroit bankruptcy. Finally they assert that the public interest would be served by a stay because Detroit is insolvent and unable to provide basic services for its citizens. However true that may be, the public whose interest is to be considered here includes all the citizens of the State of Michigan, particularly those who are now or in the future will be subject to emergency management, not just the residents of Detroit. This Court has already protected these purported interests of Detroit's residents and the State by requiring the Phillips Plaintiffs to refrain from seeking relief that would directly affect Detroit, its Emergency Manager or its bankruptcy and by recognizing that it will be the gatekeeper and adjudicator of any future litigation intended to apply the holdings in the Phillips case to Kevin Orr or Detroit's bankruptcy.

Dated: January 24, 2014

Respectfully submitted,
  */s/Hugh M. Davis*
Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, PC
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
Davis@ConLitPC.com and
Heenan@ConLitPC.com
Attorneys for Petitioners

Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Attorneys for Petitioners
Goodman & Hurwitz PC on behalf of Detroit & Michigan National Lawyers Guild
1394 E. Jefferson Ave.

Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com
Attorneys for Petitioners

John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
Attorneys for Petitioners

Herbert A. Sanders (P43031)
THE SANDERS LAW FIRM PC
615 Griswold St. Ste. 913
Detroit, Michigan 48226
(313) 962-0099/Fax: (313) 962-0044
haslawpc@gmail.com
Attorneys for Petitioners

Richard G. Mack, Jr. (P58657)
Keith D. Flynn (P74192)
MILLER COHEN, P.L.C.
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454/Fax: (313) 964-4490
richardmack@millercohen.com
Attorneys for Petitioners

Darius Charney
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th floor
New York, New York 10012
(212) 614-6464/Fax: (212) 614-6499
dcharney@ccrjustice.org
Attorneys for Petitioners

F:\Cases\Phillips v. Snyder\In Re Detroit Bankruptcy\Pldgs\Brief in Opposition to Petitioner's Resp to Respondents' Mtn to Stay (2014-01-23).docx

13-53846-tjt   Doc 2560-3   Filed 01/24/14   Entered 01/24/14 16:14:09   Page 7 of 7