# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

--------------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
--------------------------------------------------------x

## STIPULATION FOR AN ORDER RESOLVING MOTION OF CREDITOR DEBORAH RYAN, AN INTERESTED PARTY, FOR RELIEF FROM THIS COURT'S ORDER STAYING PROCEEDINGS

Deborah Ryan (the "Plaintiff"), the City of Detroit (the "City") and The Detroit Police Lieutenants & Sergeants Association and the Detroit Police Command Officers Association (together, the "Public Safety Unions"), by and through each of their undersigned counsel, stipulate to the entry of the order attached hereto as Exhibit 1.

Dated: January 27, 2014

| | |
|---|---|
| /s/ William H. Goodman | /s/ Heather Lennox |
| William H. Goodman (P14173) | David G. Heiman (OH 0038271) |
| GOODMAN & HURWITZ, P.C. | Heather Lennox (OH 0059649) |
| Attorneys for Plaintiff | JONES DAY |
| 1394 E. Jefferson Ave. | North Point |
| Detroit, MI 48207 | 901 Lakeside Avenue |
| Telephone: (313) 567-6170 | Cleveland, Ohio 44114 |
| bgoodman@goodmanhurwitz.com | Telephone: (216) 586-3939 |
| | Facsimile: (216) 579-0212 |
| ATTORNEY FOR | dgheiman@jonesday.com |
| DEBORAH RYAN | hlennox@jonesday.com |
| | |
| | Bruce Bennett (CA 105430) |
| /s/ Barbara A. Patek | JONES DAY |
| Earle I. Erman (P24296) | 555 South Flower Street |
| Barbara A. Patek (P34666) | Fiftieth Floor |
| Craig E. Zucker (P39907) | Los Angeles, California 90071 |
| ERMAN, TEICHER, MILLER, | Telephone: (213) 243-2382 |
| ZUCKER & FREEDMAN, P.C. | Facsimile: (213) 243-2539 |
| 400 Galleria Officentre, Suite 444 | bbennett@jonesday.com |
| Southfield, MI 48034 | |
| Telephone: (248) 827-4100 | Jonathan S. Green (MI P33140) |
| Facsimile: (248) 827-4106 | Stephen S. LaPlante (MI P48063) |
| bpatek@ermanteicher.com | MILLER, CANFIELD, PADDOCK |
| | AND STONE, P.L.C. |
| ATTORNEYS FOR THE | 150 West Jefferson |
| PUBLIC SAFETY UNIONS | Suite 2500 |
| | Detroit, Michigan 48226 |
| | Telephone: (313) 963-6420 |
| | Facsimile: (313) 496-7500 |
| | green@millercanfield.com |
| | laplante@millercanfield.com |
| | |
| | ATTORNEYS FOR THE CITY |

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------------------------------------------x
                                              :

In re                                  : Chapter 9

CITY OF DETROIT, MICHIGAN,    : Case No. 13-53846

                Debtor.            : Hon. Steven W. Rhodes

----------------------------------------------------x

**ORDER RESOLVING MOTION OF CREDITOR
DEBORAH RYAN, AN INTERESTED PARTY, FOR
<u>RELIEF FROM THIS COURT'S ORDER STAYING PROCEEDINGS</u>**

This matter came before the Court on the Amended Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings (Docket No. 819) (the "<u>Stay Relief Motion</u>"), filed by Deborah Ryan (the "<u>Plaintiff</u>"), plaintiff in the lawsuit captioned <u>Ryan v. City of Detroit, et al.</u>, Case No. 11-cv-10900 (E.D. Mich.) (the "<u>Lawsuit</u>"); the City of Detroit (the "<u>City</u>") having filed the Debtor's Objection to the Amended Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings and a brief in support (Docket Nos. 1028 and 1029) (together, the "<u>Debtor's Objection</u>"); the Detroit Police Lieutenants & Sergeants Association and the Detroit Police Command Officers Association (together, the "<u>Public Safety Unions</u>") having filed the Objection of Detroit Police Lieutenants and Sergeants

Association and Detroit Police Command Officers Association to Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings (Docket No. 1049) (together with the Debtor's Objection, the "Objections"); the Plaintiff having filed the Reply to Debtor's Objection and Brief in Support to the Amended Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings (Docket No. 1064) (the "Reply"); the Court having reviewed the Stay Relief Motion, the Objections and the Reply and having considered the statements of counsel and the evidence adduced with respect to the Stay Relief Motion at a hearing before the Court (the "Hearing"); the Court being advised that the terms of this Order resolve the Stay Relief Motion and the Objections; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court otherwise being fully advised in the premises;

        IT IS HEREBY ORDERED THAT:

        1.     The Motion and the Objections are RESOLVED, as set forth herein.

        2.     Pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), relief from the automatic stay of sections 362(a) and 922

of the Bankruptcy Code, as extended by orders of the Court (the "Chapter 9 Stay") is granted solely to the extent necessary to allow the Lawsuit to proceed to a final nonappealable judgment (a "Final Judgment"), thereby liquidating the Plaintiff's claims against all defendants in the Lawsuit, including the City and any defendants in the Lawsuit that are Public Safety Union members (the "Member Defendants").

        3.      The City shall continue to provide the Member Defendants with a defense and indemnification in accordance with Sections 13-11-1 and 13-11-3 of the 1984 Municipal Code and the terms of any applicable collective bargaining agreement pending a final determination, pursuant to the terms of such applicable collective bargaining agreement, of whether or not the employee is entitled to defense and indemnification.

        4.      Any Final Judgment against the City obtained by the Plaintiff in the Lawsuit shall be a prepetition claim against the City, subject to treatment under any confirmed chapter 9 plan of adjustment.  In addition, if the Plaintiff obtains a Final Judgment against any Member Defendant in the Lawsuit, the City acknowledges that the Member Defendant may assert a claim against the City for indemnification (the "Indemnification Claim").  Such Indemnification Claim shall be subject to treatment under any confirmed chapter 9 plan of adjustment.  If the City objects to or disputes the Indemnification Claim, the dispute shall be resolved in accordance with the terms of the applicable CBA.

5. Except as provided herein, the Chapter 9 Stay shall otherwise remain in full force and effect with respect to the Lawsuit. Absent further order of the Court, the Plaintiff shall not be permitted to collect on or to seek any proceeding supplementary to judgment from the City or the Member Defendants on any Final Judgment entered in the Lawsuit.