# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-------------------------------------------------x
                                         :
In re                                    : Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               : Case No. 13-53846
                                         :
                          Debtor.        : Hon. Steven W. Rhodes
                                         :
-------------------------------------------------x
```

## ORDER RESOLVING MOTION OF CREDITOR
## DEBORAH RYAN, AN INTERESTED PARTY, FOR
## RELIEF FROM THIS COURT'S ORDER STAYING PROCEEDINGS

This matter came before the Court on the Amended Motion of

Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order

Staying Proceedings (Docket No. 819) (the "Stay Relief Motion"), filed by

Deborah Ryan (the "Plaintiff"), plaintiff in the lawsuit captioned Ryan v. City of

Detroit, et al., Case No. 11-cv-10900 (E.D. Mich.) (the "Lawsuit"); the City of

Detroit (the "City") having filed the Debtor's Objection to the Amended Motion of

Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order

Staying Proceedings and a brief in support (Docket Nos. 1028 and 1029) (together,

the "Debtor's Objection"); the Detroit Police Lieutenants & Sergeants Association

and the Detroit Police Command Officers Association (together, the "Public Safety

Unions") having filed the Objection of Detroit Police Lieutenants and Sergeants

Association and Detroit Police Command Officers Association to Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings (Docket No. 1049) (together with the Debtor's Objection, the "Objections"); the Plaintiff having filed the Reply to Debtor's Objection and Brief in Support to the Amended Motion of Creditor Deborah Ryan, an Interested Party, for Relief from this Court's Order Staying Proceedings (Docket No. 1064) (the "Reply"); the Court having reviewed the Stay Relief Motion, the Objections and the Reply and having considered the statements of counsel and the evidence adduced with respect to the Stay Relief Motion at a hearing before the Court (the "Hearing"); the Court being advised that the terms of this Order resolve the Stay Relief Motion and the Objections; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1.      The Motion and the Objections are RESOLVED, as set forth herein.

2.      Pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), relief from the automatic stay of sections 362(a) and 922

of the Bankruptcy Code, as extended by orders of the Court (the "Chapter 9 Stay")

is granted solely to the extent necessary to allow the Lawsuit to proceed to a final

nonappealable judgment (a "Final Judgment"), thereby liquidating the Plaintiff's

claims against all defendants in the Lawsuit, including the City and any defendants

in the Lawsuit that are Public Safety Union members (the "Member Defendants").

3.     The City shall continue to provide the Member Defendants with

a defense and indemnification in accordance with Sections 13-11-1 and 13-11-3 of

the 1984 Municipal Code and the terms of any applicable collective bargaining

agreement pending a final determination, pursuant to the terms of such applicable

collective bargaining agreement, of whether or not the employee is entitled to

defense and indemnification.

4.     Any Final Judgment against the City obtained by the Plaintiff in

the Lawsuit shall be a prepetition claim against the City, subject to treatment under

any confirmed chapter 9 plan of adjustment.  In addition, if the Plaintiff obtains a

Final Judgment against any Member Defendant in the Lawsuit, the City

acknowledges that the Member Defendant may assert a claim against the City for

indemnification (the "Indemnification Claim").  Such Indemnification Claim shall

be subject to treatment under any confirmed chapter 9 plan of adjustment.  If the

City objects to or disputes the Indemnification Claim, the dispute shall be resolved

in accordance with the terms of the applicable CBA.

5.      Except as provided herein, the Chapter 9 Stay shall otherwise remain in full force and effect with respect to the Lawsuit.  Absent further order of the Court, the Plaintiff shall not be permitted to collect on or to seek any proceeding supplementary to judgment from the City or the Member Defendants on any Final Judgment entered in the Lawsuit.

.

**Signed on January 28, 2014**

_____/s/ Steven Rhodes_____
**Steven Rhodes**
**United States Bankruptcy Judge**

6.