UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

### Order Denying Motion to Stay Pending Appeal (Dkt. #2448)

Governor Rick Snyder and Treasurer Kevin Clinton filed this motion to stay pending appeal of this Court's Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004). (Dkt. #1536) The motion seeks a stay of this order allowing the Phillips parties to pursue their claims against parties other than the City of Detroit or its officers. The City filed a concurrence and joinder. (Dkt. #2452) The Phillips parties filed an objection. (Dkt. #2560) The Court has determined that a hearing on this matter will not materially assist the Court.

In determining whether a stay pending appeal should be granted pursuant to Fed. R. Bankr. P. 8005, a court considers the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). In determining whether to issue an injunction, a bankruptcy court must consider:

    1. Whether the movant has shown a strong or substantial likelihood of success on the merits;

    2. Whether the movant has demonstrated irreparable injury;

    3. Whether the issuance of an injunction would cause substantial harm to others; and

    4. Whether the public interest is served by the issuance of an injunction.

*Am. Imaging Serv., Inc. v. Eagle–Picher Indus., Inc.* (*In re Eagle–Picher Indus., Inc.*), 963 F.2d 855, 858–59 (6th Cir. 1992) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)). The moving party bears the burden of proving by a preponderance of the evidence that a stay should issue. "[A] court's decision to [grant or] deny a Rule 8005 stay is highly discretionary." *In re Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997).

The Court concludes that although the appeal is probably not frivolous, the Movants have failed to show a reasonable likelihood of success on appeal. To succeed on appeal, they would have to establish that in allowing the Phillips parties' claims to proceed, this Court abused its discretion. This is usually a difficult hurdle to overcome. *See B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 936 (6th Cir. 2010) ("An abuse of discretion occurs where the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment.") (citation and internal quotation marks omitted). In this case, that hurdle will be challenging because the Phillips parties' claims, as amended, are unrelated to the City and their effect on the City's bankruptcy, if any, is highly speculative and distant.

The Movants have also failed to establish that they will suffer irreparable harm absent a stay. The district court case to which this matter relates (#13-cv-11370), was in the beginning stages when the case was administratively closed due to the City's bankruptcy filing. The defendant filed a motion to dismiss which had not yet been heard by the court. Presumably, that motion will now proceed to a resolution by the district court in due course. If the motion is granted, there will be no impact on this case. If the motion is denied, the case will then proceed through the discovery, summary judgment, trial and appellate processes, all before there may be any impact on the City. A resolution of that case is likely months or years away and the appeal of this matter will likely be resolved long before then.

2
13-53846-tjt    Doc 2594    Filed 01/29/14    Entered 01/29/14 16:32:06    Page 2 of 3

The Court further finds that the issuance of a stay will cause substantial harm to the Phillips parties by denying their right to proceed with a claim that has little or nothing to do with the City or this bankruptcy.

Finally, the Court concludes that the public has a strong interest in avoiding unnecessary delay in the resolution of significant civil rights claims, such as those asserted by the Phillips parties in the district court.

Accordingly, the movants motion for stay pending appeal is denied.

It is so ordered.

Not for Publication

.

**Signed on January 29, 2014**

                                            /s/ Steven Rhodes
                                            **Steven Rhodes**
                                            **United States Bankruptcy Judge**