UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

CITY OF DETROIT, MICHIGAN

        Debtor.

Chapter 9
Case No. 13-53846-swr
Hon. Steven W. Rhodes

_____/

## MOTION OF THE RETIREE ASSOCIATION PARTIES TO CERTIFY "OPINION REGARDING ELIGIBILITY" AND "ORDER FOR RELIEF UNDER CHAPTER 9 OF THE BANKRUPTCY CODE" FOR DIRECT APPEAL TO THE COURT OF APPEALS

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually, and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually, and as President of the DRCEA (collectively "Retiree Association Parties"), respectfully move for certification of direct appeal of the Opinion Regarding Eligibility ("Opinion", Dkt. 1945) and the Order for Relief (Dkt. 1946) to the court of appeals, under 28 U.S.C. § 158(d)(2) and FRBP 8001(f)(3). The Court's holdings that (1) the City of Detroit is eligible to be a Chapter 9 debtor, and (2) that vested accrued pension benefits are no different than any other contract of the City and can be impaired through Chapter 9, are the impetus of this request. These holdings present matters of extreme public importance, the resolution of which will set Sixth Circuit precedent. Moreover, immediate appeal of the holdings will materially advance the litigation. Therefore, direct appeal to the court of appeals is appropriate and justified.

# PRELIMINARY STATEMENT

The Retiree Association Parties request that this Court remain true to its desire to "expedite" consideration of the eligibility objections and certify the appeal for direct consideration by the court of appeals. (Opinion, p 2). The Court has acknowledged that resolving constitutional arguments in this case is "a matter of judicial prudence, resolving this [constitutional] issue will likely expedite the resolution of this bankruptcy case." (Opinion, p 58). According to the Court, resolving the eligibility question is a matter of "necessity" and clearly within "the public's interest." (Opinion & Order Denying Motion to Stay, Dkt 1039, pp. 23-24). As the Retirement Systems astutely pointed to in their Motion (Dkt. 1933), the Court went on to say:

> "the consequences of extending the eligibility process . . . are truly beyond irreparable and bordering on the incomprehensible," because "the creditors' many eligibility objections create substantial uncertainty regarding the City's ability to achieve its goal of adjusting its debt through Chapter 9." *Id.* at 24. "Until that uncertainty is removed," the Court explained, "the City's progress in recovering its financial, civic, commercial, and cultural life and in revitalizing itself will likely be slowed, if not stalled entirely." *Id.*

Throughout this case, the need for expediency has been trumpeted by the City. It has stated in its papers that "a determination of its eligibility to be a chapter 9 debtor is a threshold condition to achieving [its] goals...to complete the chapter 9 process as promptly as possible for the benefit of ***all parties in interest***." (City's Objection to Stay Deadlines, Dkt. 925, p. 1(emphasis added)). In its Opinion, the Court summarized that "[t]he City's ultimate objective is confirmation of a plan of adjustment...its intent to

achieve that objective with all deliberate speed and to file its plan shortly." (Opinion, p. 143).

The Retiree Association Parties request that the same speed and expediency be used in resolving the eligibility determination through the appellate process, which clearly weighs in favor of certifying the appeal directly to the court of appeals. (28 U.S.C. § 158(d)(2)(A)(iii)). Direct appeal to the court of appeals will remove a layer of appellate review and will "materially advance the progress of the case." *Id.*

In addition to expediency, the following factors also weigh undeniably in favor of direct certification to the court of appeals: (1) the "public importance" of the Court's Opinion; (2) that the Opinion decides questions of law with no "controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States;" and (3) that the Opinion rules contrary to the Michigan Circuit Court on Michigan's constitutional protection of pensions and, therefore, involves "questions(s) of law requiring resolution of conflicting decisions." (28 U.S.C. §158(d)(2)(A)(2)).

## STATEMENT OF FACTS

The Retiree Association Parties rely on the statement of facts presented in their Objection to Eligibility (Dkt. 502) and concur in the factual statements presented by the Retirement Systems (Dkt.1933), AFSCME (Dkt.1936) and the Official Committee of Retirees (Dkt. 260) in their respective certification motions.

The Retiree Association Parties cite the following additional facts relevant to the questions presented for certification.

1. In 1961, a Constitutional Convention was commenced in Michigan. During that Constitutional Convention, Committee Proposal 40, which eventually was adopted as Article IX § 24 of the 1963 Constitution, was discussed. The record indicates that it was intended to enhance the protection of state and municipal pensions.

2. The official record of the Constitutional Convention provides illustrative context and contains the following quotations:

> - MR. BINKOWSKI: …And there is no question that when an employee today takes employment with a governmental unit, he does so with the idea that there is a pension plan or retirement system involved. (Michigan Constitutional Convention Proceedings, Seventy-First Day, Friday, February 2, 1962, pp 773).

> - MR. STAFSETH: All we are saying, in effect, in this proposal is: one, that the retirement that was promised any employee which *he has lived long enough to earn shall not be impaired or diminished* (Michigan Constitutional Convention Proceedings, Seventy-First Day, Friday, February 2, 1962, p 772 (emphasis added)).

3. Contrary to the conclusion of the Court, Shirley Lightsey and Donald Taylor both testified that the City did not ask for the position of their respective retiree Associations. Further, neither informed the City that their respective Associations would not negotiate vested accrued pension benefits. (Opinion, p 124).

4. The discovery responses discussed in the Opinion, were not made by the Retiree Associations until well after the filing of the petition by the City on July 18, 2013. The post-petition positions of the Associations, unknown to the City prior to the filing of the petition, did not prevent the City from undertaking the required pre-petition negotiations.

## QUESTIONS PRESENTED FOR CERTIFICATION [1]

The Retiree Association Parties seek, without limitation, certification of the following questions for direct appeal to the court of appeals:

1. Whether the Bankruptcy Court, pursuant to § 109(c), erred in finding the City to be eligible to be a debtor under chapter 9.

2. Whether the Bankruptcy Court, pursuant to §109(c), erred by improperly relying on factors outside of §109(c), specifically, the perceived need of the City for Chapter 9 relief.

3. Whether the Bankruptcy Court erred in finding that the City was specifically authorized, pursuant to Public Act 436, to be a debtor insofar as an order for relief might permit the filing by the City of a chapter 9 plan of adjustment which diminishes or impairs accrued financial benefits of the City's retirement systems in violation of Article IX, § 24 of the Michigan Constitution.

4. Did the Bankruptcy Court err in its interpretation of Article 9 § 24 of the Michigan Constitution by ignoring the funding provision, which states:

### Financial benefits, annual funding.

Financial benefits arising on account of service rendered in each fiscal year shall be funded during that year and such funding shall not be used for financing unfunded accrued liabilities.

---

[1] The Retiree Association Parties join in and concur in the Questions Presented raised by the Official Committee of Retirees as if fully restated herein in addition to those articulated by the Retirees Association Parties above.

5. Whether the Bankruptcy Court failed to apply the correct legal standard in determining that negotiations were "impracticable."

6. Whether the Bankruptcy Court erred in its application of § 109(c)(5) by confusing the impracticability of negotiations with a perceived impracticability of reaching a binding resolution?

7. Whether the Bankruptcy Court erroneously determined that negotiations were "impracticable."

8. Whether the Bankruptcy Court erred in determining that the petition was filed in good faith as required under § 921(c).

## **RELIEF SOUGHT**

The Retiree Association Parties respectfully request certification for a direct appeal of the eligibility determination and order for relief to the court of appeals.

## **REASONS FOR DIRECT APPEAL TO THE COURT OF APPEALS**

The statutory requirements of 28 U.S.C. 158(d)(2) are clear and provide that this Court "shall make the certification" of a "judgment, order or decree" that:

> **(i)** …involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

> **(ii)** …involves a question of law requiring resolution of conflicting decisions; **_or_**

> **(iii)** …may materially advance the progress of the case or proceeding in which the appeal is taken…

28 U.S.C. §§ 158(d)(2)(A)(i)-(iii) (emphasis added).

Congress was clear in its intent to remove judicial discretion from the certification process, in that it states that the court "shall" certify any case for direct appeal where

any of the statutory requirements are met. *In re Qimonda AG,* 470 B.R. 374, 383 (E.D. Va. 2012). Congress's purpose for providing a direct and mandatory path to circuit court review is twofold: (1) to expedite appeals in important cases; and (2) to allow for the circuit courts to create binding precedent on novel and important issues. *In re Pacific Lumber Co.*, 584 F.3d 229, 242-43 (5th Cir. 2009).

This case is undeniably a matter of public importance as contemplated by Congress because it has local, state and national implications. The significance of the Court's ruling that the City is eligible for Chapter 9 relief when one of its intended purposes is to significantly impair or reduce vested pension rights, contrary to state law, cannot be denied.

The Opinion and Order for Relief are a final ruling on, and adjudication of, the City's eligibility to be a debtor in Chapter 9.[2] Moreover, eligibility rulings in the Chapter 9 context are of utmost importance because such determinations "severely curtail the power of the bankruptcy courts…once a petition is approved." *In re New York Off-Track Betting Corp.,* 427 B.R. 256, 264 (Bankr. S.D.N.Y. 2010).

The Order for Relief is a final order determining eligibility, which this Court must certify for direct appeal to the court of appeals if any of the factors set forth in 28 U.S.C. § 158(d)(2) are satisfied.

---

[2] The Retiree Association Parties further concur in and incorporate by reference, as if fully restated herein, the arguments made by the Retirement Systems in its motion under the section entitled "The Court's Eligibility Ruling is Final for Purposes of Certification for a Direct Appeal to the Sixth Circuit." (Dkt. 1933, p 10-14).

### A. The Court's Opinion Regarding Eligibility and Order for Relief Under Chapter 9 Satisfy Each of The Disjunctive Standards Set Forth under 28 U.S.C. § 158(d)(2) and Requires Certification.

The Opinion independently satisfies each of the criteria set forth by 28 U.S.C. § 158(d)(2) because: (1) the ruling is of the utmost public importance; (2) direct appeal to the court of appeals will materially advance the case; (3) the Opinion decides novel issues of first impression that have no controlling authority from the court of appeals or the U.S. Supreme Court; and (4) the Opinion conflicts with the ruling of the Michigan Circuit Court in the case of *Gracie Webster et al. v. State of Michigan et al.*, Case No. 13-734-CZ (Ingham Cty. Mich. Cir. Ct., filed July 3, 2013). The Retiree Association Parties, however, will focus on points relative to public importance, advancing the litigation and the lack of binding precedent, while relying on the arguments asserted by the Retirement Systems as it relates to the existence of conflicting decisions.

### i. The Matter is of the Utmost Public Importance [3]

Before discussing the legal merits and standards applied to assessing whether this case is a matter of public importance, it seems factually obvious. The Opinion and Order for Relief determined eligibility in the most significant chapter 9 case in United States history. The Opinion is unprecedented in scope and significance. As this Court stated in its Opinion, Detroit "was once a hardworking, diverse, vital city, the home of the automobile industry, proud of its nickname – the 'Motor City,'" but the City has been in decay for decades. (Opinion, p 5). This extraordinary measure alone is a matter

---

[3] In addition to the reasons stated by the Retiree Association Parties herein, the Retiree Association Parties also concur in the arguments asserted by the Retirement Systems, AFSCME and the Official Committee of Retirees.

of great public importance and has been covered by local, state, national and international press from the initial filing of the petition to the eligibility ruling and has no signs of stopping until the case is resolved.

Even more important than the finding of eligibility is the Court's ruling that despite article IX § 24 of the Michigan Constitution, "nothing distinguishes pension debt in a municipal bankruptcy from any other debt." (Opinion, p 74). Equating accrued vested pension benefits to mere contracts is a matter of extreme public importance on multiple levels. A final resolution of whether vested and constitutionally protected pension benefits can be impaired through the bankruptcy process is a matter of financial survival for many of the over 20,000 retirees currently receiving these benefits. Active workers in the City of Detroit also have a vital interest in knowing whether vested pension benefits will be available upon retirement and whether to continue employment with the City of Detroit or seek other employment. The public importance of this decision is omnipresent because it has the potential to impact every municipal retiree and worker in the United States who is or will be entitled to a pension.

To determine whether a decision involves a matter of public importance, the Court must assess if the ruling impacts "important legal issues or important practical ramifications." *In re Qimonda AG*, 470 B.R. 374, 386 (E.D. Va. 2012). Collier on Bankruptcy is also instructive on this point by providing that "a court may find a matter to be of public importance if it could impact a large number of jobs or vital interests in the community." 5 Collier on Bankruptcy ¶ 5.06[4][b] (16th ed. 2013). The impact of

allowing reductions in constitutionally protected pension benefits on the retirees and their communities is undeniable.

Further, "[p]ublic importance exists when the matter on appeal transcend[s] the litigants and involves a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." *Mark IV Indus. v. New Mexico Env. Dept.,* 452 B.R. 385, 388-89 (S.D.N.Y 2011). The resolution of this matter will provide guidance to any American municipality with an underfunded pension system. This is a matter of national jurisprudence.

### ii. Direct Appeal to the Sixth Circuit Will Materially Advance the Case [4]

The Retiree Association Parties contend that direct appeal to the court of appeals would unquestionably advance this case in a material way. As discussed above, the Court and City have been advocates of urgency and expediency, which now weighs in favor of direct appeal to the court of appeals. A direct appeal to the court of appeals will remove a layer of appellate review because, no matter the outcome, a ruling by the district court would be appealed to the court of appeals.

In addition, the resolution of the eligibility determination and its impact on constitutionally protected benefits will clearly impact the ability of the City to confirm a plan that attempts to impair said pension benefits. *In re Ransom,* 380 B.R. 809 (9th Cir. B.A.P. 2007). This will also impact the ability of the City and creditors to further attempt to reach a mutual resolution.

---

[4] In addition to the reasons stated by the Retiree Association Parties herein, the Retiree Association Parties also concur in the arguments asserted by the Retirement Systems, AFSCME and the Official Committee of Retirees.

*iii.*     *Material and Novel Issues of First Impression Were Decided in the Opinion without Controlling Authority From The Sixth Circuit or U.S. Supreme Court.* [5]

The lack of controlling authority from the Sixth Circuit or the U.S. Supreme Court on the interplay between the state constitution and federal bankruptcy law is significant and alone justifies certification under 28 U.S.C. 158(d)(2). Certification is appropriate and required if "there is at least one question of law as to which there is no controlling decision." *In re Qimonda AG,* 470 B.R. at 386.

The resolution of the questions presented above for direct certification to the court of appeals is not governed by controlling authority from the court of appeals or the U.S. Supreme Court.

## REQUEST FOR CONCURRENCE

Like the Retirement Systems (Dkt. 1933), AFSCME (Dkt. 1936) and the Official Retiree Committee (Dkt.___), the Retiree Association Parties sent a request for concurrence to the City for the relief sought in this Motion. No response (in the affirmative or negative) has been received from the City. The Retiree Association Parties request was made on December 8, 2013.

## NO PRIOR REQUEST

The Retiree Association Parties have not made any prior request for the relief sought in this Motion, either from this Court or any other court.

## CONCLUSION

---

[5] In addition to the reasons stated by the Retiree Association Parties herein, the Retiree Association Parties also concur in the arguments asserted by the Retirement Systems, AFSCME and the Official Committee of Retirees.

For the foregoing reasons, the Retiree Association Parties request that the Court grant certification of direct appeal to the United States Court of Appeals for the Sixth Circuit of the Court's "Opinion Regarding Eligibility" and "Order for Relief Under Chapter 9 of the Bankruptcy Code". A proposed order is attached to this motion.

Respectfully submitted,

**LIPPITT O'KEEFE, PLLC**

By:     /s/ Ryan C. Plecha
        Brian D. O'Keefe (P39603)
        Ryan C. Plecha (P71957)
Attorneys for Retiree Association Parties
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
Tel: (248) 646-8292;  Fax:  (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

**SILVERMAN & MORRIS, P.L.L.C.**
Thomas R. Morris (P39141)
Karin F. Avery (P45364)
Co-counsel for Retiree Association Parties
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
Tel: (248) 539-1330;  Fax:  (248) 539-1355
morris@silvermanmorris.com
avery@silvermanmorris.com

Dated:  December 12, 2013

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | See Proposed Order (No Additional Notice Attached) |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6 | Opinion Regarding Eligibility and Order for Relief, both dated December 5, 2013 |

**EXHIBIT 1**
**Proposed Form of Order**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |
|  | ) |  |

## <u>ORDER CERTIFYING APPEAL TO THE COURT OF APPEALS</u>

Upon the motion [Docket No. __] (the "<u>Motion</u>") of the Retiree Association Parties for entry of an order certifying its appeal of the Court's order for relief, supported by the Opinion Regarding Eligibility [Docket No. 1945] (the "<u>Eligibility Opinion</u>") directly to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 158(d)(2)(B)(i) and Federal Rule of Bankruptcy Rule 8001(f)(3); and the Court having determined that notice of the Motion was sufficient under the circumstances, and that no other or further notice is required; and the Court having heard the arguments of the parties regarding the Motion; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore; it is hereby

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the at least one of the circumstances specified in 28 U.S.C. § 158(d)(2)(A) exists. Specifically, the Court finds that (i) the Eligibility Opinion

involves questions of law as to which there is no controlling decision of the Sixth Circuit of Appeals or the Supreme Court of the United States, (ii) the Eligibility Opinion involves a matter of public importance, (iii) an immediate appeal may materially advance the progress of the case.

# EXHIBIT 2

**See Proposed Order (No Additional Notice Attached)**

13-53846-tjt Doc 2601-7 Filed 01/30/14 Entered 01/30/14 15:12:44 Page 17 of 23
13-53846-swr Doc 2068-3 Filed 12/12/13 Entered 12/12/13 12:12:44 Page 17 of 23
{00203361}17

# EXHIBIT 3

# None

{00202361}18

# EXHIBIT 4

## Certificate of Service

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                          Chapter 9

CITY OF DETROIT, MICHIGAN                        Case No. 13-53846

    Debtor.                                  Hon. Steven W. Rhodes

---

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certified that on December 12, 2013, the foregoing document was filed using the Court CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

Respectfully submitted,

/s/ Judy Dobrzycki
Judy Dobrzycki
Lippitt O'Keefe, PLLC
Legal Assistant to Ryan C. Plecha
370 E. Maple Rd., 3rd Floor
Birmingham, MI 48009
(248) 646-8292
jdobrzycki@lippittokeefe.com

DATED: December 12, 2013

{00199987}1

13-53846-tjt swr Doc 2601 Doc 2068-5 Filed 01/30/14 Filed 12/12/13 Entered 01/30/14 10:59:12 Entered 12/12/13 12:12:44 Page 20 of 23 Page 2 of 3

# EXHIBIT 5

## None

# EXHIBIT 4

## Certificate of Service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 9

CITY OF DETROIT, MICHIGAN                        Case No. 13-53846

Debtor.                                          Hon. Steven W. Rhodes

## CERTIFICATE OF SERVICE

The undersigned certified that on December 12, 2013, the foregoing document was filed

using the Court CM/ECF system, which CM/ECF system will send notification of such filing to

all parties of record.

Respectfully submitted,

/s/ Judy Dobrzycki
Judy Dobrzycki
Lippitt O'Keefe, PLLC
Legal Assistant to Ryan C. Plecha
370 E. Maple Rd., 3rd Floor
Birmingham, MI 48009
(248) 646-8292
jdobrzycki@lippittokeefe.com

DATED: December 12, 2013