# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

District of Michigan

File Docket Numbers 2264 & 2265

In re:                                    Chapter 9
CITY OF DETROIT, MICHIGAN                  Case No. 13-53846
AND EMERGENCY MANAGER                      Hon: Steven W. Rhodes
KEVYN D. ORR

                    Debtor
_____/


## PETITION FOR PERMISSION TO APEAL BY APPELLANTS CARL WILLIAMS AND HASSAN ALEEM AND OTHERS OF INTEREST PURSUANT TO 28 U.S.C. SECTION 158 (d)



FILED
2014 JAN 21 P 4: 07
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

# TABLE OF CONTENTS

INDEX OF AUTHORITY                                                                    II

PRELIMINARY STATEMENT                                                v

STATEMENT OF FACTS                                                vii

QUESTION PRESENTED ON APPEAL                           1-18

RELIEF REQUESTED                                                     19

# INDEX OF AUTHORITIES

**CASE LAW:**                                                    **Pages**

Armstrong v. Manzo, U.S. 545, 552 (1965)                        5,

Bankruptcy City of Harrisburg Pennsylvania,
465 B.R.744 (Bankr. M.D.Pa 2011)                                2,

Chicago v. New York F supp 150.                                 16,

Goldberg v. Kelly 397 U.S. 254 (1970)                           5,

Joyce US 4747 F2d 215                                            16,

Melo v. US 505 F2d 1026.                                        16,

Michigan Bank-Midwest v D J Reynaert, Inc 165
Mich App 630, 643; 419 NW2d 439 (1988)                          16

Lantana v. Hopper, 102 F2d 188                                  16,

Rapaport v Rapaport 185 Mich App 12 (1990)                      16,

Rosemond v. Lambert 469 F2d 416                                 16

Saginaw County v. State Tax Commission
(1974) 224 N.W.2d 283, 933 Mich 779,
affirmed 244 N.W. 2d 909, 397 Mich. 550.                        10,
.

 St Clair Commercial & Saving Bank v Macauley,
66 Mich App 210, 214-215; 238 NW2d 806 (1975),
1v den 396 NW2d 864 (1976).                                     16


**Statutory Authority:**
11 USC sect 109 (c) (2).                                        2,
11 USC Sect 109 (c)                                             2,

11 U.S.C. 903 (1)                                             1, 15,

11 USC 921 c                                                  3,4, 18

11 USC 923                                                    3,4,5,

11 U.S.C. 926 (a)

MICHIGAN COMPLY LAW

MCL 600.5855                                                  1

**ACTS**

Emergency Municipal Loan Act 243 of 1980                     2,

Michigan State Revenue Sharing Act 140 of 1971.

Public Act 436                                               17,

**Rules and other Authority:**

Administrative Procedure Act 24.201 et seq,                  9,

Fed.R.Civ.Proc Rule 12 b (1), (2) and (h3)                   2,

Feb R. Bankr 2002 (f)                                        5

(121 Cong Rec H39413(daily ed Dec 9 1975);
remarks of Reps. Kindess and Edward.
11 USC 903 Norton Bankruptcy Law and Practice
3d. Congressional Record Statement (Reform Act
of 1978).                                                    1,

PA 436                                                       18,

P.A. 436 Section 11 (2).                                     7,

iii

# Constitutions

5th Amendment          4

14th Amendment         4

Article II Section 9        18,

iv

# PRELIMINARY STATEMENT

The petitioners Hassan Aleem and Carl Williams respectfully petition this Court, pursuant to 28 U.S.C. sect 158 (d) (2) (A) and Rule 5 of the Federal Rules of Appellate Procedures, for authorization to appeal directly from the opinion regarding Eligibility ("Opinion") (Dkt 2264 & 2265) and the Order for Relief Under Chapter 9 of the Bankruptcy Court for the Eastern District of Michigan. The Opinion and order are together referred to as the "Eligibility Determination" and are attached as Exhibit A.

All parties agreed that the Eligibility Determination involves matters of public importance and the bankruptcy court certified court certified the Eligibility Determination for direct Appeal under 28 U.S.C. sect 158 (d) (2) holding that it involves a matter of public importance. Certification Regarding Direct Appeal (Dkt 2268)(Dkt 2264 & 2265)("Certification") (Dkt 2269) Memorandum Regarding Certification(Dkt 2269), (2264& 2265) ("Meomorandum").

However, the appellants Carl Williams and Hassan Aleem disagree with the expedition on the appeal for the above reason stated that it involves a matter of public importance and a very serious matter that needs precaution to prevent mistakes which has already occurred as partially question jurisdiction and

v

notification, as required by the Bankruptcy code and procedures.

.

vi

# SATEMENT OF FACTS

This case is historic, unprecedented and a matter of public importance.

On July 18, 2013, Kevyn Orr the emergency manager (a state appointed) filed a chapter 9 involuntary petition, alleging the city filed without consent and approval by the legislature and the mayor the chief executive officer of the municipality.

The City has substantial debt that has been inflated by adding assist such as the water department which is independent and separate from the general funds and the amount owed to the city by the state and other debtors has not been accounted for therefore, the so called 18 billion owed is inaccurate. The 18 billion is not that of the city of Detroit but that the figures of the state or its appointed state agent Kevyn Orr.

Since Kevyn Orr has filed for his unapproved and unauthorized petition, the case has proceeded at a fast pace. In less than six months, over 2,400 entries have been made on the docket. The bankruptcy court has facilitated this fast pace by granting approximately twenty-six motions to expedite hearings, while only denying five. Speed and not accuracy and justice has been a demonstrable theme of this case.

vii

Theme of speed carried through to the process of adjudicating over one hundred eligibility objections. The objections were varied but most if not all were based in part on the city's stated intention to violated the Pension Clause of Article 9 Sect 24 of the Michigan State Constitution through use of the bankruptcy machinery of chapter 9.

In the bankruptcy court hast to proceed essential steps was disregarded that placed the creditors at a disadvantage and change the outcome of this case.

vi

# QUESTION PRESENTED (1)

1.  Whether jurisdiction was established before the court commence the case?

## ARGUMENT 1

We the appellants said no.  The Bankruptcy code and Public Act 436 both state that only the municipality can only file for bankruptcy under chapter 9. Prior to filing the petition the proper steps is approval by city council and the proper person or official is the mayor.  This simply was not done. The city of Detroit never legally approved, agreed or consented to Kevyn Orr filing for bankruptcy and Kevyn Orr contravened 11 U.S.C. 903 (1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition (2) a judgment entered under such a law may not bind a creditor that does not consent to such composition. 11 U.S.C. 903, thus has failed to meet the requirement of title 11 U.S.C. 903 (c) and there is no binding consent agreement or contract added to previous cited objections and/or a correction and should been  dismissed.

> The power to govern remains with the municipality not with
> The judge or any unelected official, unless State, not Federal,
> law provides for some alternate system. (121 Cong Rec H39413
> (daily ed Dec 9 1975); remarks of Reps. Kindess and Edward.
>  11 USC 903 Norton Bankruptcy Law and Practice 3d. Congress-

1

lonal Record Statement (Reform Act of 1978).

During the bankruptcy procedure in Pontiac the emergency manager had to get approval from the Local emergency financial assistance loan board before filing bankruptcy, however, here Kevyn Orr didn't receive approval from the Local emergency financial assistance board which included the State Treasury. Nowhere in the Emergency Municipal Loan Act 243 of 1980 does it give the Local emergency financial assistance loan board this authority. Kevyn Orr is not an elected official buy only an agent of the State. The petition for bankruptcy is invalid because the party that signed it failed to receive legal authorization and lacks the proper authority. See Bankruptcy City of Harrisburg Pennsylvania, 465 B.R.744 (Bankr. M.D.Pa 2011), In this case the court determined that this case should be dismissed because the City Council did not have the authority under the chapter law and third class city code to commence a bankruptcy case on the behalf of the city of Harrisburg and (2) the city of Harrisburg was not specifically authorized under state law to be a debtor under chapter 9 of the Bankruptcy code as required by 11 USC sect 109 (c) (2). In this case the circumstances are the same both officials are not authorized to file for Bankruptcy and Detroit have no legal state authority to be a debtor therefore, the court lack jurisdiction over the person which is Kevyn Orr and the subject matter being Bankruptcy and violated

2

11 U.S.C. 109 (c). "Only a municipal may file for relief under chapter 9 for bankruptcy." and Fed.R.Civ.Proc Rule 12 b (1), (2) and (h3) and the case should be dismissed.

> Whenever it appears by suggestion of the parties or otherwise that the court lack jurisdiction of the subject matter, the court shall dismiss the action. Fed R. Civ Proc. 12 (h) (3).

## QUESTION II

2. Whether the court designated a person to publish a notice in according to 11 USC 923 of the Bankruptcy code and procedures?

## ARGUMENT II

The Bankruptcy Court have failed to enter an order designating who is to give and receive notice by mail and identifying the newspaper in which the additional notice is to publish according to Fed. R. Bankr. P. 9007, 9008, therefore, failed to meet the requirement of title 11 U.S.C. 921 (c) and should have been dismissed.

a) To clarify the record the Creditors Hassan Aleem, Carl Williams and others **were not notified at all, not personally or publicly.** In our Reconsieration of Objections to ineligibility falsely alleging we were untimely with out being notice or notified to chapter 9 Bankruptcy we stated: "most creditors and anyone of interest never received a notice that violated. 11 U.S.C. 923 of the

3

Bankruptcy code. The Bankruptcy rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). <u>The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates</u>," in title 11 U.S.C. sect 923 of the Bankruptcy code. This simply was not done and we say do not meet the requirements of title 11 or chapter 9 bankruptcy proce-dures, which is a failure to comply with the bankruptcy rule and code that is grounds for dismissal and denial of due process and equal protection of the law of the 5th and14th Amendment of the Constitution of the United States.

The state action is contrary to and just the opposite of what bargaining in good faith means. Bankruptcy Court may dismiss a chapter 9 petition, after notice and hearing, if it concludes the debtor did not file a petition in good faith or if the person does not meet the requirements of chapter 9 11 U.S.C. Section 921 (c). This case should be dismissed.

To clarify the record the Creditors Hassan Aleem, Carl Williams and others **<u>were not notified at all, not personally or publicly.</u>** In our Reconsi-

4

eration of Objections to chapter 9 Bankruptcy we stated: "most creditors and anyone of interest never received a notice that violated. 11 U.S.C. 923 of the Bankruptcy code. The Bankruptcy rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the Bankruptcy code. This simply was not done or we should say do not meet the requirements of title 11 or chapter 9 bank-ruptcy procedures, which a failure to comply with the bankruptcy rule and code that is grounds for dismissal and denial of due process and equal protecttion of the law of the 5th 14th Amendment of the Constitution of the United States. See page 3 of Reconsideration of objection to Chapter 9Bankruptcy.

In the present context these principle require that a person have timely and adequate notice detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). Goldberg also states that the parties are entitle

5

to an impartial decision maker. The maker Judge Steven W. Rhodes has not been impartial as a result of his decision to the creditors and other parties of interest in this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for various reasons as a consequence of the court failure to meet the requirements to the Bankruptcy code title 11 U.S.C. Section 923, therefore, should be dismissed as provided the bankruptcy code 11 USC 921 .

a) The court have yet to explained how a creditor or any person not being notified at all could be classified as being untimely in his orders is an essential objection?

b) How a person could be untimely if not notified in according to 11 U.S.C. Section 923 of the Bankruptcy Code, which the court failed to comply with?

**QUESTION III**

3. Whether the emergency manager, Kevyn Orr had authority and standing to file for Bankruptcy?

ARGUMENT III

This question was answered in question one and it showed clearly that Kevyn Orr was an unelected official and was not an elected official of the

6

municipality and we incorporate argument one by way of reference as fully setforth Argument one and three.

## QUESTION IV

4. Whether the state through the emergency manager, Kevyn Orr and other state officials bargain or conduct business in good faith?

### ARGUMENT IV

We must emphasis that Kevyn Orr didn't filed the Bankruptcy in "Good Faith:" (1) The state through their appointed representative, agent, or point man has failed to even attempt to provided a financial and operational plan within 45 days after his appointment, nor has there been an attempt since then or until this day, therefore a violation of P.A. 436 Section 11 (2). The purpose of a chapter 9 is to provide a means to restructure and adjust debt through a plan. Liquidation is not allowed and is not an alternative to municipal chapter 9 Bankruptcy and they have not shown or presented a financial plan. The State through the Emergency Manager Kevyn Orr showed material prejudice" and "unclean hand" when the state withheld and refused to pay $224,000.000.00 for January 2012 and $139,000.000.00 still owed for January 2013 plus interest of unrestricted revenue sharing funds. thus a violation of the Michigan State Revenue Sharing Act 140 of 1971.

7

The State through Emergency Manager Kevyn Orr has a peculiar way of

bargaining in good faith when they deliberately refused to pay the unrestricted

revenue sharing money they owed to the city of Detroit and other expenses owed

by the state cited by the formal corporation council Krystal A. Crittendon reported

that the state was in default to the city for the following debts such as:

> The State of Michigan Department of Natural Resources past due
> invoices for electrical service for $39,730 58

> The State of Michigan Department of Transportation for delinquent
> parking violations $1,225.00.

> The State of Michigan Department of Transportation for past due
> invoice past due totaling $1,395,377.10.

> The Michigan State Highway owes $267,946.76

> The state owes this money and the governor Rick Snyder has openly

stated he was not going to pay and then turned around and filed for

Bankruptcy.

What arrogance and disrespect.

The state action is contrary to and just the opposite of what bargaining

in good faith means. Bankruptcy Court may dismiss a chapter 9 petition, after

notice and hearing, if it concludes the debtor did not file a petition in good faith or

8

13-53846-swr  Doc 2535   Filed 01/30/14   Entered 01/30/14 14:30:45   Page 17 of 29

if the person does not meet the requirements of chapter 9 11 U.S.C.

Section 921 (c). This case should be dismissed.

## QUESTION V

5. Whether the Emergency Manager, Kevyn Orr violated the Administrative

Procedure Act by not publishing his order for sixty days and a hearing?

### ANSWER

The Emergency Manager Kevyn Orr violated the Administrative Procedure

Act 24.201 et seq, by not publishing his orders for sixty 60 days and hearing before

it can become effective. The Supreme Court would sua sponte vacate order of

state tax commission in equalization case for failure of the commission to proceed

in accordance with the Administrative Procedure Act. Saginaw County v. State Tax

Commission (1974) 224 N.W.2d 283, 933 Mich 779, affirmed 244 N.W. 2d 909, 397

Mich. 550.

We must emphasis that Kevyn Orr didn't filed the Bankruptcy in

"Good Faith:" (1) The state through their appointed representative, agent, or

point man has failed to even attempt to provided a financial and operational

plan within 45 days after his appointment, nor has there been an attempt since

then or until this day, therefore a violation of P.A. 436 Section 11 (2). The purpose

of a chapter 9 is to provide a means to restructure and adjust debt through a

9

plan. Liquidation is not allowed and is not an alternative to municipal chapter 9

Bankruptcy and they have not shown or presented a financial plan. The State

through the Emergency Manager Kevyn Orr showed material prejudice" and

"unclean hand" when the state withheld and refused to pay $224,000.000.00

for January 2012 and $139,000.000.00 still owed for January 2013 plus interest

of unrestricted revenue sharing funds. thus a violation of the Michigan State

Revenue Sharing Act 140 of 1971. This clearly demonstrates that the state through

Kevyn Orr has failed to negotiation or conduct business in a food faith manner and

has violated 11 USC.

## QUESTION VI

6. Whether the legislature body (city Council) had approved or consented

to the Bankruptcy?

## ARGUMENT

The answer is no. During the hearing held September 19, 2013 two council

members Councilwomen Brenda Jones and Joan Watson both testified that the

city never agreed or consent to filing for Bankruptcy.

## QUESTION VII

7. Whether the legislature of the municipality or unelected official is legally

10

authorized to apply for Bankruptcy?

ANSWER VII

The city council is the legislature body of the municipality and have the duty as council to approve or disapprove legislation and to make resolutions, ordinance and amendments to the charter. The city council also have the authority to approve or disapprove Bankruptcy.

**QUESTION VIII**

8. Whether liquidation is a alternative and allowed under chapter 9 Bankruptcy?

ANSWER VIII

The purpose of a chapter 9 is to provide a means to restructure and adjust debt through a plan. Liquidation is not allowed under 11 U.S.C. 926 (a) and is not an alternative to municipal chapter 9 Bankruptcy there is no provision in the law for liquidation of assets of the municipality and distribution of the proceeds to creditors. Such a liquidation or dissolution would undoubtedly violate the Tenth (10th) Amendment to the Constitution and the reservation to the state sovereignty over their internal affairs and they have not shown or presented a financial plan to avoid Bankruptcy.

The State through Governor Richard Snyder, Andy Dillon the state Treasury and the Emergency Manager Kevyn Orr showed material prejudice" and "unclean

11

hands" and a continue failure to conduct business in good faith such as: When the state withheld and refused to pay $224,000,000.00 for January 2012 and $139,000,000.00 still owed for January 2013 plus interest of unrestricted revenue sharing funds, thus a violation of the Michigan State Revenue Sharing Act 140 of 1971.

The State through Emergency Manager Kevyn Orr has a peculiar way of bargaining in good faith when they deliberately refused to pay the unrestricted revenue sharing money they owed to the city of Detroit and other expenses owed by the state revealed by the formal corporation council Krystal A. Crittendon reported that the state was in default to the city.

## QUESTION IX

9. Whether the Bankruptcy Court given appellants and other creditors a fair and adequate notice and Hearing?

### ARGUMENT

a) The answer is no? The bankruptcy court never till this day issued any notice as defined by the Bankruptcy code, therefore, failed to conduct business in a good faith manner and to met the requirements of Bankruptcy code and procedure. This alone is grounds for a dismissal under 11 USC 921.

The state action is contrary to and just the opposite of what "bargaining in

12

good faith" means. Bankruptcy Court may dismiss a chapter 9 petition, after adequate notice and hearing, if it concludes the debtor did not file a petition in good faith or if the person does not meet the requirements of chapter 9 title 11 U.S.C. Section 921 (c).

b) The court through Judge Steven W. Rhodes has set the creditors up to fail by giving creditors and other people of interest an informal hearing without sworn testimony and their creditability verses a formal hearing without sworn testimony place them at disadvantage and their testimony is consider nothing more than hearsay. In Goldberg v Kelly supra, citing Armstrong v Manzo supra, the court stated an effective notice and hearing and three (3) minutes was hardly sufficient or adequate and just a show trial.

The court didn't explain to the creditors and the people of interest the difference and how it affects them, especially the informal hearing proceeding. The Court has shown prejudice toward the creditors and they have been denied due process of the law and equal protection of the law, thus violation of the 14th Amendment of the Constitution of the United States.

In this case we have both failed to bargain in good faith and did not meet the requirements of title 11 of Section 921. We demand's this case be dismissed in

13

according to the code and rule of the Bankruptcy procedures in the interest of justice.

### QUESTION X

10. Whether the court showed prejudice and denied due process when they failed to have an evidentiary hearing on the fraud on bankruptcy proceedings?

### ARGUMENT

Judge Steven W. Rhodes stated in the newspapers (Free press) August 28, 2013, that he would hear objections to Detroit eligibility for Bankruptcy on September 18 and 19 2013. A month earlier than plan.

Brian O'Keefe of Lippitt O'Keefs in Birmingham that represent the Detroit Retired City Employee Association and Retired Detroit Police & Fire Fighters Association said that this puts creditors at a disadvantage.

This article didn't mention the word "presentation" that the judge stated in his order and opinion, which is not a hearing and is not binding and have no legal affect.

The judge has used a deceptive order and opinion to conceal the fact that he has denied the creditors due process of law and has perpetrated fraudulent concealment MCL 600.5855 on the people by stating they made a presentation

14

instead of testimony to an informal hearing.

The judge has misconstrued the facts to justify this misleading and fraudulent opinion to justify his decision on the Bankruptcy. Judge Steven W Rhodes has orchestrated this fraud from the beginning.

a) Judge Steven W Rhodes deceived the people by concealing the facts that the city never legally approved or consented to bankruptcy. (b) He ignore or just disregarded the facts in this Bankruptcy Proceeding for example; The city council never had a vote to filing for bankruptcy and the Mayor never approve or even legally address Bankruptcy. (c)Therefore, (1) the city of Detroit never legally approved, agreed or consented to Kevyn Orr filing for bankruptcy and Kevyn Orr have deceived the people to justify this fraudulent concealment to contravened 11 U.S.C. 903(1) that states: a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition (2) a judgment entered under such a law may not bind a creditor that does not consent to such composition. U.S.C. 903, thus continue to conceal evidence from the people and has failed to meet the requirement of title 11 U.S.C. 903 (c) and there is no binding agreement or contract added to previous cited objections and/or a correction and should have

15

<u>been dismissed.</u>

It should be noted that once a party alleges misrepresentation, fraud or that the court has been mislead in some other form or fashion it is an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing into the allegations. Rapaport v Rapaport 185 Mich App 12 (1990) citing Michigan Bank-Midwest v D J Reynaert, Inc 165 Mich App 630, 643; 419 NW2d 439 (1988) St Clair Commercial & Saving Bank v Macauley, 66 Mich App 210, 214-215; 238 NW2d 806 (1975), 1v den 396 NW2d 864 (1976).

## QUESTION XI

11. Whether the bankruptcy court failed to addressed question about jurisdiction over the person and the subject matter?

## ARGUMENT

Once jurisdiction is challenged, the court cannot proceed when its clearly appears that the courts lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US 505 F2d 1026. There is no discretion to ignore that lack of jurisdiction. "Joyce US 4747 F2d 215. The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert 469 F2d 416. The court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Lantana v. Hopper, 102 F2d 188; Chicago v. New York F supp 150.

16

The Order on the bankruptcy should be dismissed because the Kevyn

Orr is not an elected official failed to get approval from the city therefore, the

court lack's jurisdiction over the person and lack's jurisdiction over the subject

matter bankruptcy. The Jurisdiction is invalid and unconstitutional because the

person lacked standing and authority and have not established original

Jurisdiction with the court.

We must emphasis that the state through Kevyn Orr didn't filed the

Bankruptcy in "Good Faith:" (1) The state through their appointed representa-

tive, agent, or point man has failed to even attempt to provided a financial and

operational plan within 45 days after his appointment, nor has there been an

attempt since then or until this day to present a financial and operational plan

or any other alternative plan, therefore a violation of Public Act. (PA) 436

Section 11 (2).

## QUESTION XII

12. Whether the Bankruptcy court violated title 11 of the Bankruptcy code

and proceedings?

### ANSWER

The Bankruptcy rule provides that the clerk, or such other person as the

court may direct is to give notice Fed. R. Bankr. P 2002 (f). The notice must also

17

be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the Bankruptcy code. This simply was not done and we say do not meet the requirements of title 11 or chapter 9 bankruptcy procedures, which is a failure to comply with the bankruptcy rule and code that is grounds for dismissal and denial of due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United States.

The Bankruptcy Court have failed to enter an order designating who is to give and receive notice by mail and identifying the newspaper in which the additional notice is to publish according to Fed. R. Bankr. P. 9007, 9008, therefore, failed to meet the requirement of title 11 U.S.C. 921 (c) and should have been dismissed.

This clearly demonstrate the court violated title 11 USC 921 and 923 and Federal Rule of Bankruptcy Procedures 9007, 9008.

## QUESTION XIII

13. Whether appellants and other creditors was deceived by the bank-ruptcy court?

18

The appellants as well as other creditors was deceived by the bankruptcy court most of them never received notices and the so called hearing was a sham. No sworn testimony and after the fact the judge didn't even recognize our testimony and call the unsworn testimony presentation which have no weight or legal credibility and the debtors and other creditors had sworn testimony, this demonstrated deceit in the court to prevent the creditors from prevailing.

## QUESTION XIV

14.  Whether there was a review team before the implementation of Public Act 436? If the answer is yes give the date, time and names of the people who implemented them?

There were a review tem under Public Act 4 but there were no public review team under Public Act 436. Public Act did not receive the three-fourth (3/4) vote to pass as required under Article 2 section 9 of the Michigan State Constitution to challenge a  law or referendum presented by the people.

## QUESTIONS XV

15. Whether Public Act 436 provides for municipality to file for Bankruptcy?

ARGUMENT

There is a provision under Public Act 436 where you have four choices and Bankruptcy was one of the choices.

19

RELIEF REQUESTED

WHEREFORE, and the above reasons and law we demand dismissal of the

Bankruptcy Proceeding.


Respectfully Submitted


Carl Williams
10112 Somerset
Detroit, Michigan 48224
521-5012


Hassan Aleem
2440 Taylor
Detroit, Michigan
205 4353