UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**NOTICE OF APPEAL FROM ORDER AUTHORIZING
THE PUBLIC LIGHTING AUTHORITY TRANSACTION**

**PLEASE TAKE NOTICE THAT** Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (together, "Syncora"), pursuant to 28 U.S.C. § 158(a) and Rules 8001(a) and 8002(a) of the Federal Rules of Bankruptcy Procedure, file this notice of appeal to the United States District Court for the Eastern District of Michigan, Southern Division from the order of the United States Bankruptcy Court for the Eastern District of Michigan (the Honorable Steven W. Rhodes, presiding) [Docket No. 1955, entered December 6, 2013] (the "Order").

Syncora's appeal concerns the process the City of Detroit (the "City") employed in evaluating the lighting transaction the Order approves and the City's associated factual presentation to the Court. Syncora agrees with the City that the City faces many challenges, including with respect to its lighting infrastructure, and the City's desire to remedy its ills is understandable. But the City did not explain to parties in interest or the Court the lighting plan it intends to implement

and, more broadly, Syncora believes the City provided insufficient factual bases for parties in interest and the Court to evaluate the merits of the lighting transaction.

This notice of appeal is timely filed pursuant to Federal Rule of Bankruptcy Procedure 8002(a). The names of the parties to the Order appealed from, the names of other parties-in-interest, and the names, addresses, telephone and facsimile numbers of their respective attorneys are as follows:

### **Appellants**

Syncora Guarantee Inc. and Syncora Capital Assurance Inc., represented by:

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

2

13-53846-tjt  Doc 2616-1  Filed 01/30/14  Entered 01/30/14 15:09:40  Page 2 of 19
13-53846-swr  Doc 2273  Filed 12/20/13  Entered 12/20/13 17:29:29  Page 2 of 19

**Appellee**

City of Detroit, represented by:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com


Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

3

13-53846-tjt Doc 2616-1 Filed 01/30/14 Entered 01/30/14 15:09:40 Page 3 of 19
13-53846-swr Doc 2273 Filed 12/20/13 Entered 12/20/13 15:07:29 Page 3 of 19

- and -

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

## Other Interested Parties

State of Michigan, represented by:

Matthew Schneider
Chief Legal Counsel

Margaret A. Nelson
Assistant Attorney General
P.O. Box 30758
Lansing, Michigan 48909
Telephone: (517) 373-6434
Facsimile: (517) 373-3042

- and -

Steven G. Howell
Dawn R. Copley
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500

4

13-53846-tjt Doc 2616-1 Filed 01/30/14 Entered 01/30/14 15:09:49 Page 4 of 19
13-53846-swr Doc 2273 Filed 12/20/13 Entered 12/20/13 15:07:29 Page 4 of 19

Public Lighting Authority, represented by:

Jonathan S. Green
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7997

5

Dated: December 20, 2013        Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

**In re:**

**CITY OF DETROIT, MICHIGAN,**      Case No.: 13-53846

        **Debtor.**
_____/

        **Adv. No.:**

        **Appellant,**

**v.**

        **Appellee.**

---

**CAUSE OF ACTION/NATURE OF SUIT:** (This matter is referred to the district court for the following reasons)

| | | |
|---|---|---|
| __X__ | [422] 28 U.S.C. 158 | Bankruptcy Appeal |
| _____ | [422] 28 U.S.C. 158 | Motion for Leave to Appeal |
| _____ | [423] 28 U.S.C. 157(d) | Motion for Withdrawal of Reference |
| _____ | [423] 28 U.S.C. 157(c) (1) | Proposed Findings of Fact and Conclusions of Law |
| _____ | [423] 28 U.S.C. 158 (c) (a) | Order of Contempt |

| | |
|---|---|
| Dated: December 20, 2013 | */s/ Stephen C. Hackney* |

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

Name and Addresses of Interested Parties:

Syncora Guarantee Inc.
135 West 50th St 20th Floor
New York, New York 10020

Syncora Capital Assurance Inc.
1221 Avenue of the Americas
32nd Floor
New York, New York 10020

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

    - and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

City of Detroit, represented by:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

- and -

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075

Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com


State of Michigan, represented by:

Matthew Schneider
Chief Legal Counsel

Margaret A. Nelson
Assistant Attorney General
P.O. Box 30758
Lansing, Michigan 48909
Telephone: (517) 373-6434
Facsimile: (517) 373-3042

- and -

Steven G. Howell
Dawn R. Copley
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
Telephone: (313) 223-3500


Public Lighting Authority, represented by:

Jonathan S. Green
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7997

# Order Authorizing the Public Lighting Authority Transaction

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| | : | Hon. Steven W. Rhodes |
| Debtor, | : | |
| | : | |

ORDER (I) AUTHORIZING THE DEBTOR TO
ENTER INTO AND PERFORM UNDER CERTAIN
TRANSACTION DOCUMENTS WITH THE PUBLIC LIGHTING
AUTHORITY AND (II) GRANTING OTHER RELATED RELIEF

This matter coming before the Court on the Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to Enter Into and Perform Under Certain Transaction Documents with the Public Lighting Authority and (II) Granting Other Related Relief (the "Motion"); whereas, in the Motion, the Debtor specifically requested an order (the "Order"): (i) authorizing, pursuant to sections 105(a), 362, 364, 904(2) and 922 of title 11 of the United States Code (the "Bankruptcy Code"), the City of Detroit (the "Debtor") to enter into and perform under (a) the Interlocal Agreement (the "C&F Agreement") for the Construction and Financing of a Public Lighting System by and between the Debtor and the Public Lighting Authority (the "PLA"), (b) the Interlocal Agreement for the Operation, Maintenance and Management of a Public Lighting System, by and between the Debtor and the PLA (subsections (a) and (b), collectively, the "Interlocal Agreements" and subsections

13-53846-swr Doc 2616-1 Filed 01/30/14 Entered 01/30/14 15:09:40 Page 13 of 19
13-53846-swr Doc 2195 Filed 12/20/13 Entered 12/20/13 12:02:36 Page 13 of 19
CHI-1908453v2

(a) and (c) below, collectively, the "Approved Agreements")), and (c) the Amended and Restated Trust Agreement (the "Trust Agreement") by and between the Debtor, the PLA, the Michigan Finance Authority (the "MFA") and Wilmington Trust, National Association, each substantially in the form attached as Exhibits 6.1, 6.2 and 6.3 to the Motion , (the "PLA Transaction Documents"); (ii) authorizing and approving a financing transaction for the benefit of the Debtor and the granting of a pledge and lien in, and the irrevocable transfer of, specified Pledged Revenues (as defined in the Motion) of the Debtor under section 364(c)(2) of the Bankruptcy Code; and (iii) granting other related relief; the Court having reviewed the Motion and exhibits attached thereto and having held a hearing to consider the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.  Jurisdiction and Venue.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.  Notice.  Notice of the Motion and the Hearing was sufficient and proper under the circumstances and no further notice is necessary.

C.  *Authorization Appropriate*.  The authorization sought in the Motion, to the extent approved by this Court, will benefit the Debtor and its citizens and is a sound exercise of the Debtor's business judgment, is in the best interest of the Debtor, its creditors and other parties in interest and is based on good, sufficient and sound business purposes and justifications.

D.  *Bankruptcy Court Authorization*.  The Bankruptcy Code permits, but does not require, the Debtor to seek this Court's authorization to enter into and perform under the PLA Transaction Documents.  Solely to the extent necessary to grant the relief requested in this Order, the Debtor has consented to the jurisdiction of the Court.  Under the circumstances of this case, the terms and conditions of this Order are fair and reasonable and will facilitate the Debtor's improvement of its public lighting system.

E.  *Good Faith*.  The Approved Agreements are the result of good faith, arms-length negotiations among the Debtor, the PLA, the MFA and the initial purchasers of the MFA bonds (the "Initial Holders") issued by the MFA pursuant to Executive Order 2010-2 and the Shared Credit Rating Act, Act 227, Public Acts of Michigan 1985, as amended MCL 141.1051 et seq (the "MFA Bonds").  The PLA's issuance of the bonds (the "Act 392 Bonds") in connection with the Approved Agreements and in accordance with the Municipal Lighting Authority Act, Act No. 392, Public Acts of Michigan 2012, as amended MCL

13-53846-tjt    Doc 2616-5    Filed 01/30/14    Entered 01/30/14 15:09:40    Page 15 of 19
13-53846-swr   Doc 2193    Filed 12/20/13    Entered 12/20/13 12:02:36    Page 15 of 19
CHI-1908453v2

§ 123.1261, et seq, ("Act 392"), the MFA's issuance of the MFA Bonds and the extension of credit and purchase of the MFA Bonds by the Initial Holders of the MFA Bonds each represents an extension of credit in "good faith" within the meaning of section 364(e) of the Bankruptcy Code.  In addition, the grant by the Debtor of a pledge and lien in, and the Debtor's irrevocable transfer of, its right, title and interest in the utility taxes that it levies pursuant to the Utility Users Tax Act, MCL 141.1151 to 141.1177 ("Act 100") to secure, and to provide a source for the repayment of, the Act 392 Bonds in connection with the Approved Agreements and in accordance with Act 392 is in "good faith" within the meaning of section 364(e) of the Bankruptcy Code.  As such, the PLA, the MFA and the Initial Holders of the MFA Bonds are entitled to the protections afforded under section 364(e) of the Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. Pursuant to sections 105(a) and 364(c) of the Bankruptcy Code, the Debtor is authorized to enter into, and perform under, the Approved

Agreements and to otherwise satisfy the requirements of Act 100 and Act 392. The Approved Agreements, substantially in the forms attached to the Motion, will constitute valid, binding and non-avoidable obligations of the Debtor enforceable against the Debtor in accordance with the terms of this Order, the Approved Agreements, Act 100 and Act 392. The Debtor is authorized to perform and fulfill its respective obligations under the Approved Agreements, Act 100 and Act 392.

4. The Debtor has taken, and is authorized to continue to take, all steps required of it under Act 392 to irrevocably instruct each public utility and resale customer collecting Pledged Revenues to irrevocably transfer the Debtor's interest in the Pledged Revenues to the trustee (the "<u>Trustee</u>") appointed under the Trust Agreement and remit and transfer the Pledged Revenues to the Trustee for the payment of the Act 392 Bonds, so that an amount of the Pledged Revenues not to exceed $12.5 million in any calendar year can be used only for the purposes set forth in the Trust Agreement and in accordance with Act 392. Except as set forth in Act 100, Act 392 and the Approved Agreements, Pledged Revenues do not constitute property of the Debtor, and the Debtor has no right, claim or interest in or right to interfere with, control, or deal with in any manner the Pledged Revenues irrevocably transferred, or that will be transferred, to the Trustee.

5. Pursuant to section 364(c) of the Bankruptcy Code, upon execution of the Approved Agreements, the Pledged Revenues are, and will have

been, validly pledged and irrevocably transferred to the Trustee and held in trust for the benefit of the MFA and the Initial Holders of the MFA Bonds. As such, the provisions of section 921(e) of the Bankruptcy Code apply to the Approved Agreements and to the PLA, the MFA and the holders of the MFA Bonds.

6. In connection therewith, the PLA, MFA and the Initial Holders of the MFA Bonds have extended credit to the Debtor and otherwise engaged in the financing transaction described herein in "good faith" within the meaning of section 364(e) of the Bankruptcy Code, and are entitled to all the rights, remedies, privileges and benefits provided for under section 364(e) of the Bankruptcy Code. If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacation or stay will not affect the validity or enforceability of the Act 392 Bonds, the MFA Bonds or any trust, pledge, lien or other security interest or priority authorized or created pursuant to the Approved Agreements, Act 100, Act 392 or the documents governing the issuance of the MFA Bonds (the "<u>MFA Bond Documents</u>").

7. To the extent applicable, the automatic stay provisions of sections 362 and 922 of the Bankruptcy Code are vacated and modified to the extent necessary to permit the PLA, the MFA or the holders of the MFA Bonds to effect the Approved Agreements and comply with Act 100 and Act 392 and to enforce all of their respective rights, remedies, liens and security interests under

6

13-53846-tjt Doc 2616-5 Filed 01/30/14 Entered 01/30/14 15:09:40 Page 18 of 19
13-53846-swr Doc 2193 Filed 12/20/13 Entered 12/20/13 12:02:36 Page 18 of 19
CHI-1908453v2

the Approved Agreements, the MFA Bond Documents or under Act 100 or Act 392 and to exercise all rights and remedies under the Approved Agreements, the MFA Bond Documents or under Act 100 or Act 392.

8. This Order and all rights and remedies of the PLA, the MFA and the holders of the MFA Bonds under this Order shall remain effective and may not be modified, impaired or discharged, notwithstanding the authority of the Emergency Manager of the Debtor to act on behalf of and bind the Debtor, the dismissal of this case, or the confirmation of, or failure to confirm, any plan of adjustment in this case.

9. No party will be required to file any claim or proof of claim in this case respecting its rights or interests in the matters approved by this Order.

10. This Order will be effective immediately upon its entry.

.

**Signed on December 06, 2013**

                                                                   /s/ Steven Rhodes
                                                                   Steven Rhodes
                                                                   United States Bankruptcy Judge

7

13-53846-swr  Doc 2161-5  Filed 12/20/13  Entered 12/20/13 12:02:36  Page 19 of 19
13-53846-tjt  Doc 2616-1  Filed 01/30/14  Entered 01/30/14 15:09:40  Page 19 of 19
CHI-1908453v2