UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**NOTICE OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. REGARDING THE POSTPETITION FINANCING MINUTE ENTRY AND ASSOCIATED NOTICE OF APPEAL**

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") file this notice regarding its *Notice of Appeal from Order Denying in Part; Granting in Part the Motion of the Debtor for a Final Order Approving Postpetition Financing* [Doc. No. 2515, Jan. 17, 2014] (the "Notice of Appeal").

Syncora respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**SUBJECT OF NOTICE**

2. Syncora provides notice that pursuant to the terms of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 8001, 8002, and 8006, Syncora will not file a designation of the record on appeal in connection with its Notice of Appeal. Syncora reserves its rights in the event the City, the Court, or any other party in interest treats the Court's January 17 minute entry (the "Minute Entry") conditionally approving the City's motion to enter into the DIP Motion (defined below) as a "judgment, order, or decree" under Bankruptcy Rule 8001.

**BASIS FOR NOTICE**

3. On December 17, 2013, December 18, 2013, January 3, 2014, and January 13, 2014, this Court held hearings (the "Combined Hearing") on the *Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of That Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019 and (III) Granting Related Relief*, dated July 13, 2013 [Docket No. 17] to assume the Forbearance Agreement and settle controversies with the Swap Counterparties (the "Forbearance Agreement Motion") and the *Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. § §105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition*

*Financing, (II) Granting Liens and Providing Superpriority Status and (III) Modifying Automatic Stay* [Docket No. 1520] (the "DIP Motion").

4. On January 16, 2014, this Court denied the Forbearance Agreement Motion, and also denied the DIP Motion to the extent that it funded the Swap Termination financing, but conditionally approved the DIP Motion to the extent it sought approval of the Quality of Life financing. This Court entered the Minute Entry the same day.

5. To preserve its rights with respect to the Minute Entry and any effort by the City to close any transaction pursuant to the Minute Entry, Syncora filed (a) its *Ex Parte Motion to (I) Issue a Temporary Administrative Stay of the DIP Order and (II) Set a Briefing and Hearing Schedule* [Doc. No. 2500, Jan. 16, 2014]; (b) its *Emergency Motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. for Stay Pending Appeal* [Doc. No. 2516, Jan. 17, 2014]; and (c) its Notice of Appeal.

6. On January 22, 2014, following hearings on the motion to appoint an art committee and a hearing in the Retiree Committee's adversary proceeding against the City, this Court stated that there was no order with respect to the DIP Motion. In light of this Court's statement, Syncora's understands this Court's position to be that the Minute Entry is not a "judgment, order, or decree" under Bankruptcy Rule 8001.

7. Bankruptcy Rule 8002 provides that "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." Bankruptcy Rule 8006, in turn, provides that an appellant must file its designation of the record on appeal and statement of issues on appeal within 14 days of "filing the notice of appeal as provided by Rule 8001(a)."

8. In light of this Court's statements on January 22, the Notice of Appeal was filed "after the announcement of a decision or order but before entry of the judgment, order, or decree." Accordingly, the Notice of Appeal has not been "filed" for purposes of Bankruptcy Rule 8006, and Syncora will not file a designation of the record and issues on appeal in connection with its Notice of Appeal until such time as a final order is entered.

9. Syncora reserves its rights with respect to any effort by the City to enter into any postpetition financing on the basis of the Minute Entry.

4

Dated: January 31, 2014 /s/ *Ryan Blaine Bennett*

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*