## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
```
                              :
In re                         :        Chapter 9
                              :
CITY OF DETROIT, MICHIGAN,    :        Case No. 13-53846
                              :
                    Debtor.   :        Hon. Steven W. Rhodes
                              :
                              :
                              :
```
-------------------------------------------------------x

## MOTION OF DEBTOR FOR ENTRY OF
## AN ORDER VACATING THE APPOINTMENT OF
## <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>

The City of Detroit, Michigan (the "<u>City</u>") requests that the Court

enter an order[1] vacating the appointment of an official committee of unsecured

creditors in the City's bankruptcy case by the Office of the United States Trustee

(the "<u>U.S. Trustee</u>") because the appointment of such a committee is discretionary

in chapter 9 and is neither necessary nor prudent in the City's case. In support of

this Motion, the City respectfully represents as follows:

---

[1] This Motion includes certain attachments that are labeled in accordance with
Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the
Eastern District of Michigan (the "<u>Local Rules</u>"). Consistent with Local
Rule 9014-1(b), a copy of the proposed form of order granting this Motion is
attached hereto as <u>Exhibit 1</u>. A summary identifying each included
attachment by exhibit number is appended to this Motion.

## Background

1.      On July 18, 2013 (the "<u>Petition Date</u>"), the City filed a petition in this Court for relief under chapter 9 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

2.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed and now serves as emergency manager with respect to the City (in such capacity, the "<u>Emergency Manager</u>") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, *et seq.* ("<u>PA 436</u>").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

## The Appointment of the Retiree Committee and the Creditors' Committee

3.      On July 19, 2013, the City filed a motion seeking the appointment of an official committee (the "<u>Retiree Committee</u>") to act as the authorized representative of former employees of the City and their beneficiaries who are entitled to receive pension benefits and health and other post-employment welfare benefits from the City (Docket No. 20) (the "<u>Retiree Committee Motion</u>"). This Court entered an order granting the Retiree Committee Motion on August 2, 2013 (Docket No. 279).  On August 22, 2013, the U.S. Trustee appointed the Retiree Committee (Docket No. 566).

4.      In November 2013, the U.S. Trustee informed the City of its intention to appoint another official committee in the City's bankruptcy case — an official committee of unsecured creditors — if the City were found to be eligible to be a chapter 9 debtor.

5.      On December 5, 2013, this Court entered (a) its Opinion Regarding Eligibility (Docket No. 1945), in which the Court found that the City is eligible to be a debtor under chapter 9 of the Bankruptcy Code, and (b) the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946).

6.      Also on December 5, 2013, the City sent a letter to the U.S. Trustee stating its opposition to the appointment of an official committee of unsecured creditors and its decision not to fund any fees or expenses incurred by such a committee (the "December 5 Letter").  A copy of the December 5 Letter is attached hereto as Exhibit 6A.  Notwithstanding the City's opposition to the appointment of a new committee, the City provided the U.S. Trustee with the information it requested about potential committee members.

7.      On December 23, 2013, the U.S. Trustee filed the Appointment of Committee of Unsecured Creditors (Docket No. 2290), appointing the following as members of an official committee of unsecured creditors in the City's bankruptcy case (the "Creditors' Committee"):  Financial Guaranty Insurance Company ("FGIC"); the Police and Fire Retirement System of the City of Detroit

(the "PFRS"); the General Retirement System of the City of Detroit (the "GRS"); Wilmington Trust Company ("Wilmington"); and Jessie Payne.

8. On December 24, 2013, the City sent a letter to the U.S. Trustee expressing its opposition to the formation and composition of the Creditors' Committee and reiterating its decision not to fund any professional fees or costs incurred by such committee (the "December 24 Letter"). A copy of the December 24 Letter is attached hereto as Exhibit 6B.

9. On January 8, 2014, the U.S. Trustee sent a letter to counsel for the City confirming its decision to form the Creditors' Committee (the "January 8 Letter"). A copy of the January 8 Letter is attached hereto as Exhibit 6C.

## Jurisdiction

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Basis for Relief

11. This Court is authorized pursuant to section 105(d) of the Bankruptcy Code to vacate the appointment of the Creditors' Committee. Section 105(d) of the Bankruptcy Code provides that the bankruptcy court may:

issue an order … prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically.

11 U.S.C. § 105(d)(2).

12.     Bankruptcy courts have found that section 105(d) of the Bankruptcy Code provides the authority to disband an official committee of unsecured creditors where circumstances warrant.  In re Pacific Ave., LLC, 467 B.R. 868, 870 (Bankr. W.D.N.C. 2012) ("The court believes that Section 105(d) [of the Bankruptcy Code] gives it the authority to disband a creditors' committee and that the circumstances of this case merit such action for several reasons:  The Committee is no longer necessary to protect the interests of its constituency; the administrative expense of the Committee is not justified; and the Committee has appeared to be counter-productive to the process of this case.").

13.     For the reasons set forth below, the City respectfully submits that this Court should exercise its powers under section 105(d) of the Bankruptcy Code to vacate the appointment of the Creditors' Committee.

**The Appointment of a Committee of**
**Unsecured Creditors Is Discretionary in Chapter 9**

14.     As a threshold matter, the U.S. Trustee wrongly argues that section 1102(a)(1) of the Bankruptcy Code *requires* the U.S. Trustee to appoint a committee of unsecured creditors in a chapter 9 case.  The City concedes that section 1102 of the Bankruptcy Code applies in a chapter 9 case by virtue of

section 901 of the Bankruptcy Code.[2] However, the part of section 1102 mandating the appointment of unsecured creditors' committees by its terms applies only in chapter 11 cases. The City does not believe there is a statutory basis to read the words "under chapter 11 of this title" out of this provision.

15. The relevant language from section 1102 of the Bankruptcy Code is found in subsection (a)(1), which provides, in pertinent part, as follows:

> as soon as practicable ***after the order for relief under chapter 11 of this title***, the United States trustee shall appoint a committee of creditors holding unsecured claims….

11 U.S.C. § 1102(a)(1) (emphasis added). Thus, by its express terms, this provision applies only to chapter 11 cases. See 7 Collier on Bankruptcy ¶ 1102.01 (16th ed.) ("Section 1102 of the Bankruptcy Code vests the United States trustee with the duty and the authority to appoint committees ***in chapter 11 cases***.") (emphasis added).

16. There is no reason why section 1102 of the Bankruptcy Code should not be read and applied as written. There are parts of section 1102 that ***are relevant*** to chapter 9 (e.g., subsection (a)(2), which permits the Court to order the appointment of additional committees upon request; and subsection (a)(4), which allows the Court to change the composition of a committee upon request), and other parts of section 1102 that ***are not relevant*** in chapter 9 (e.g.,

---

[2]    See 11 U.S.C. § 901(a).

subsection (a)(1), which applies only in chapter 11; subsection (a)(3), which applies only to small business debtors; and subsection (b)(2) regarding committees of equity security holders—which provision cannot possibly apply in a chapter 9 case).

17.    Thus, the statutory requirement for the U.S. Trustee to appoint an official committee of unsecured creditors exists only in chapter 11 cases, and the appointment of such a committee in chapter 9 is wholly discretionary. Moreover, under the circumstances present here, the appointment of the Creditors' Committee is not prudent.

### The Creditors' Committee Is Not Necessary to Protect the Interests of Unsecured Creditors in This Case

18.    The appointment of the Creditors' Committee should be vacated because each of the members of the Creditors' Committee, as well as other unsecured creditors of the City, already are well-represented in the City's chapter 9 case.

19.    The members of the Creditors' Committee primarily are parties actively involved in the City's case on a day-to day basis, including by filing motions and objections, appearing in court and attending mediation sessions.[3]  In particular, the GRS; the PFRS; Wilmington, as the trustee for holders of

---

[3]    By the City's count, the entities appointed to Creditors' Committee have filed no less than 50 substantive pleadings in the City's bankruptcy case and have commenced or participated in two adversary proceedings and two appeals.

certificates of participation issued to fund the City's retirement systems
(the "COPs"); and FGIC, as an insurer of the COPs, are well represented in the
City's case, have appeared in court, are parties to the Court-ordered mediation
process and are involved in other discussions and negotiations with the City.
The City interacts with these parties on virtually a daily basis. Thus, the
appointment of these parties to the Creditors' Committee — the purpose of which
is to provide representation for otherwise unrepresented unsecured creditors — is
wholly unnecessary.[4] Even the final member of the Creditors' Committee — a tort
creditor — has counsel and is represented. None of these parties require a
committee to have an active and effective voice in the City's chapter 9 case.

20. Other unsecured creditors of the City also are well represented
in the City's chapter 9 case. Numerous other representatives of unsecured bonds
and the COPs have been active participants in this case, including debtholders,
other trustees/paying agents and insurers. Employees of the City are represented
by numerous unions that have been active in the case. The City requested, and
obtained, the appointment of the Retiree Committee to represent retired City
employees — the largest group of unsecured creditors potentially unrepresented in

---

[4]     In fact, given the level of separate involvement by each of these creditors in
the City's case in all major issues, including in pending adversary
proceedings, contested matters, court-ordered mediations and other activities,
it does not appear that they are well-positioned to act at the time as a
fiduciary for all unsecured creditors.

the bankruptcy case, and the unsecured creditor constituency that was most in need of representation. Retired City employees are now represented by the Retiree Committee, and also benefit from the active participation of unions and retiree associations. All of these parties are represented by competent counsel.

21. Of the remaining unsecured creditors, trade creditors providing essential services relating to health, safety and public welfare in many cases have been or will be paid. Other trade creditors are business enterprises that can represent themselves in the chapter 9 case, including through counsel. Similarly, plaintiffs in pending litigation are represented by counsel and are able to participate and actually have participated in these cases, as reflected by the numerous motions to lift the automatic stay and other pleadings that have been filed by litigation plaintiffs to date.[5] Most other creditors have no need for a committee or other significant participation in the bankruptcy (e.g., income tax refund creditors that will be paid in the ordinary course).

22. Thus, the interests of unsecured creditors already are well represented in this case, and no creditors' committee is needed. See In re Pacific Ave., LLC, 467 B.R. at 870 (finding that because the interests of creditors were

---

[5]   By the City's count, plaintiffs in pending litigation have filed approximately 20 motions for relief from the automatic stay and more than 40 other substantive pleadings in the City's bankruptcy case.

adequately represented in the debtor's case, the official committee's "representation [was] duplicative and unnecessary").

### *The Additional Expense of the Creditors' Committee Is Not Justified*

23.     In light of the foregoing, the City has decided that it should not fund any professional fees or costs that might be incurred by the Creditors' Committee, and the Bankruptcy Code does not provide a basis for the Creditors' Committee to charge its costs to the debtor (as it would in chapter 11 cases).[6] Nevertheless, addressing or responding to the activities of the Creditors' Committee is expected to increase costs to the City and unnecessarily divert its limited resources.  This additional administrative burden further supports the disbandment of the Creditors' Committee.  See In re Pacific Ave., LLC, 467 B.R. at 870 (in granting motion to disband creditors' committee, finding that the administrative expense of said committee was not justified).

---

[6]     See In re City of Prichard, Alabama, Case No. 09-15000 (Bankr. S.D. Ala.) (Docket No. 98) (denying request of unsecured creditors' committee that court require chapter 9 debtor to pay committee counsel's fees and expenses), appeal denied Official Comm. of Unsecured Creditors v. City of Prichard, Ala. (In re City of Prichard, Ala.), No. 10-00012, 2010 WL 2383984 (S.D. Ala. June 9, 2010); 11 U.S.C. § 904 ("Notwithstanding any power of the court, unless the debtor consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—
(1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the debtor's use or enjoyment of any income-producing property.").

***The Creditors' Committee Will Disrupt the Progress***
***Being Made in the Court-Ordered Mediation Sessions***

24.     Finally, the City believes that the Creditors' Committee will be counter-productive to the progress of the City's case.  The City is engaged in an extensive court-ordered mediation process with the GRS, the PFRS and the holders and insurers of the COPs, among other parties.  The City believes that the appointment of the Creditors' Committee comprised largely of parties already participating in mediation will not advance, and may well disrupt, the mediation.  This risk is particularly significant where four of the five Creditors' Committee members already are participating in mediation, with their own counsel, to advocate their individual interests.  This potential disturbance in the progress of this case toward the confirmation of a plan of adjustment further supports the relief requested herein.  See <u>id.</u> at 871 (in granting motion to disband creditors' committee, finding that committee had contributed to the "marked deterioration in the progress" of the cases and that its efforts had not inured to the benefit of its constituency, but had significantly increased the administrative burden on all other parties).

25.     For all these reasons, the City respectfully requests that the Court enter an order vacating the appointment of the Creditors' Committee.

## Reservation of Rights

26.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

27.     Notice of this Motion has been given to the U.S. Trustee, counsel to the Creditors' Committee and all entities that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (or their counsel if known).  The City submits that no other or further notice need be provided.

## Statement of Concurrence

28.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied."  Local Rule 9014-1(g).  As set forth above, the City effectively sought the relief requested herein in its December 24 Letter to the

U.S. Trustee. In its January 8 Letter, the U.S. Trustee expressed its disagreement with the City's position and stated that the City was free to file an objection to the appointment of the Creditors' Committee.

## **Statement Regarding Evidentiary Nature of Hearing**

29.     The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

## **No Prior Request**

30.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief requested herein; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  January 31, 2014          Respectfully submitted,


 /s/Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None [No Affidavits Filed Specific to This Motion] |
| Exhibit 6A | December 5 Letter |
| Exhibit 6B | December 24 Letter |
| Exhibit 6C | January 8 Letter |

# EXHIBIT 1

**(Form of Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-----------------------------------------------------x
                                        :
In re                                   : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
                        Debtor.         : Hon. Steven W. Rhodes
                                        :
                                        :
-----------------------------------------------------x
```

**ORDER VACATING THE APPOINTMENT**
**OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

This matter coming before the Court on the Motion of Debtor for

Entry of an Order Vacating the Appointment of Official Committee of Unsecured

Creditors (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the

Court having reviewed the Motion and having considered the statements of counsel

and the evidence adduced with respect to the Motion at a hearing before the Court

(the "Hearing"); the Court finding that:  (a) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion and the Hearing was

sufficient under the circumstances; and the Court having determined that the legal

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to
       them in the Motion.

and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Appointment of Committee of Unsecured Creditors (Docket No. 2290) is hereby vacated.  The Creditors' Committee is hereby disbanded and shall have no further standing in connection with this case, effective upon the entry of this Order.

CLI-2175721v9

# EXHIBIT 2

## (Notice)

Form B20A (Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

In re:

                                                      **Chapter: 9**

**CITY OF DETROIT, MICHIGAN,**

                                                      **Case No.: 13-53846**

                          **Debtor.**                                      **Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
               Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

**NOTICE OF MOTION OF DEBTOR FOR ENTRY OF AN ORDER**
**<u>VACATING THE APPOINTMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

      The City of Detroit, Michigan (the "<u>City</u>") has filed papers with the Court seeking entry of an order vacating the appointment of an official committee of unsecured creditors in the City's bankruptcy case by the Office of the United States Trustee.

      **<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by February 14, 2014,** you or your attorney must:

1.              File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

         If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

---

[1]      Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071

Jonathan S. Green
Stephen S. LaPlante
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226

2.          If a response or answer is timely filed and served, the Court will schedule a hearing on the motion
and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the
relief sought in the motion or objection and may enter an order granting that relief.**

Dated:     January 31, 2014                    Respectfully submitted,


                                               /s/Heather Lennox
                                               David G. Heiman (OH 0038271)
                                               Heather Lennox (OH 0059649)
                                               JONES DAY
                                               North Point
                                               901 Lakeside Avenue
                                               Cleveland, Ohio  44114
                                               Telephone:  (216) 586-3939
                                               Facsimile:  (216) 579-0212
                                               dgheiman@jonesday.com
                                               hlennox@jonesday.com

                                               Bruce Bennett (CA 105430)
                                               JONES DAY
                                               555 South Flower Street
                                               Fiftieth Floor
                                               Los Angeles, California 90071
                                               Telephone:  (213) 243-2382
                                               Facsimile:  (213) 243-2539
                                               bbennett@jonesday.com

                                               Jonathan S. Green (MI P33140)
                                               Stephen S. LaPlante (MI P48063)
                                               MILLER, CANFIELD, PADDOCK AND
                                                   STONE, P.L.C.
                                               150 West Jefferson
                                               Suite 2500
                                               Detroit, Michigan  48226
                                               Telephone:  (313) 963-6420
                                               Facsimile:  (313) 496-7500
                                               green@millercanfield.com
                                               laplante@millercanfield.com

                                               ATTORNEYS FOR THE CITY

# EXHIBIT 4

**(Certificate of Service)**

## <u>CERTIFICATE OF SERVICE</u>

    I, Heather Lennox, hereby certify that the foregoing Motion of Debtor for Entry of an Order Vacating the Appointment of Official Committee of Unsecured Creditors was filed and served via the Court's electronic case filing and noticing system on this 31th day of January, 2014.

/s/Heather Lennox

**EXHIBIT 6A**

**(December 5 Letter)**

# JONES DAY

1420 PEACHTREE STREET, N.E. • SUITE 800 • ATLANTA, GEORGIA 30309.3053

TELEPHONE: +1.404.521.3939 • FACSIMILE: +1.404.581.8330

Direct Number: (404) 581-8309
jbellman@jonesday.com

December 5, 2013

**VIA ELECTRONIC MAIL**

Maria D. Giannirakis, Esq.
Trial Attorney
Office of the United States Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Ave. East, Suite 441
Cleveland, Ohio 44114
maria.d.giannirakis@usdoj.gov

Re: In re City of Detroit, Michigan, Case No. 13-53846 (Bankr. E.D. Mich.)

Dear Maria:

I wanted to follow up on our discussions about the potential appointment of an official committee of unsecured creditors (a "Creditors' Committee") in the above-referenced chapter 9 case of the City of Detroit, Michigan (the "City"). The City does not believe that a Creditors' Committee is needed or appropriate in this case and requests that the Office of the United States Trustee (the "U.S. Trustee") reconsider its decision to solicit interest in such a committee.

The City would like the U.S. Trustee to consider the following points in connection with the City's request that no Creditors' Committee be appointed:

- Unsecured creditors are well-represented in the City's chapter 9 case. With respect to unsecured bonds and certificates of participation, numerous parties have been active participants in this case, including trustees/paying agents, monoline insurers and certain debtholders. Employees are represented by various unions that have been active in the case. The City requested, and obtained, the appointment of a retiree committee (the "Retiree Committee") to represent retirees – the largest group of unsecured creditors potentially unrepresented in the bankruptcy, and the group most in need of representation. Retirees now have their committee, as well as the active participation of unions and retiree associations. All of these parties are represented by competent counsel. Of the remaining unsecured creditors, trade creditors providing essential services relating to health, safety and public welfare in many cases have been or will be paid. Other trade creditors are business enterprises that

ATI-2554636v1

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES
MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

can represent themselves in the chapter 9 case, including through counsel. Similarly, plaintiffs to pending litigation are represented by counsel and are able to participate in these cases, as reflected by the numerous motions to lift the automatic stay and other pleadings that have been filed by this group to date. Most other creditors have no need for a committee or other significant participation in the bankruptcy (e.g., income tax refund creditors that will be paid in the ordinary course). In sum, the interests of unsecured creditors already are well represented in this case, and no Creditors' Committee is needed.

- The potential cost of an additional Creditors' Committee is projected to be significant. The cost of just the counsel and financial advisor to the Retiree Committee in the first full month of work (September 2013) was over $1.5 million,[1] and is expected to be larger is subsequent months. If a Creditors' Committee is formed and incurs similar fees from January through October 2014, the total cost could be $15 million to $20 million or more. Addressing or responding to the activities of the Creditors' Committee also will increase the City's costs for its own professionals.

- In light of the substantial projected costs, the City's limited resources and the lack of any need or benefit from a Creditors' Committee, the City will not agree to fund the costs of a Creditors' Committee.

- The City does not believe that the U.S. Trustee is required to form, or attempt to form, a Creditors' Committee. I understand that the U.S. Trustee believes that section 1102(a)(1) requires it to try to form a Creditors' Committee based on the statutory language providing that "as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims. . . ." By its terms, however, this language applies only to chapter 11 cases. Although all of section 1102 is incorporated into chapter 9 by virtue of section 901 of the Bankruptcy Code, there is no basis to read the chapter 11 restriction out of section 1102(a)(1). Appointment of an official committee in chapter 9 is discretionary and would not be prudent in this case.

---

[1]     The Retiree Committee also has hired an actuary.

ATI-2554636v1

Maria D. Giannirakis, Esq.
December 5, 2013
Page 3

Again, the City requests that the U.S. Trustee reconsider its decision to solicit interest in a Creditors' Committee. Instead, the U.S. Trustee should use its discretion not to appoint such a committee in the City's chapter 9 case. If you have any questions, or would like to discuss these matters, please do not hesitate to contact me.

Sincerely,

Jeffrey B. Ellman

cc:     Kevyn D. Orr
        Heather Lennox, Esq.

ATI-2554636v1

# EXHIBIT 6B

## (December 24 Letter)

CLI-2175721v9

# JONES DAY

1420 PEACHTREE STREET, N.E. • SUITE 800 • ATLANTA, GEORGIA 30309.3053

TELEPHONE: +1.404.521.3939 • FACSIMILE: +1.404.581.8330

Direct Number: (404) 581-8309
JBELLMAN@JONESDAY.COM

JP005106
258183-609001

December 24, 2013

VIA E-MAIL

Daniel M. McDermott
Office of the United States Trustee
211 West Fort Street, Suite 700
Detroit, Michigan 48226
Daniel.M.McDermott@usdoj.gov

      Re:    *In re City of Detroit, Michigan*, Case No. 13-53846 (Bankr.
            E.D. Mich): Composition of Official Unsecured Creditors Committee

Dear Dan:

      I am one of the attorneys representing the City of Detroit, Michigan (the "City"), as debtor in the above-captioned chapter 9 bankruptcy proceeding. Previously, in a letter from me to Maria Giannirakis of your office dated December 5, 2013 (the "December 5 Letter"), the City (i) expressed its opposition to the appointment of an official committee of unsecured creditors in its chapter 9 case and (ii) made clear its decision not to fund such a committee. The City also expressed its view that section 1102(a)(1) of the Bankruptcy Code applied only in chapter 11 and does not require the Office of the United States Trustee (the "U.S. Trustee") to appoint such a committee in chapter 9.

      Nevertheless, I now have received the Appointment of Committee of Unsecured Creditors (Docket No. 2290), filed on December 23, 2013 in the City's chapter 9 case. By this notice, the City learned that the following parties were appointed as members of an official committee of unsecured creditors in the City's bankruptcy case (the "Committee"): Financial Guaranty Insurance Company ("FGIC"); the Police and Fire Retirement System of the City of Detroit (the "PFRS"); the General Retirement System of the City of Detroit (the "GRS"); Wilmington Trust Company ("Wilmington"); and Jessie Payne. For the reasons set forth below and in my December 5 letter, the City takes issue with the appointment of the Committee and its composition.

      As a threshold matter, the City reiterates its opposition to the formation of another official committee. The members of the Committee primarily are parties actively involved in the City's case on a day-to-day basis, including by filing motions and objections, appearing in court and attending mediations. In particular, the GRS; the PFRS; Wilmington, as the trustee for holders of certificates of participation issued to fund the City's retirement systems (the "COPs");

CLI-2172453v3

Daniel M. McDermott
December 24, 2013
Page 2

and FGIC, as an insurer of the COPs, already are well represented in the City's case, and the City is dealing with these parties on a daily basis. Thus, the appointment of these parties to the Committee — the purpose of which is to provide representation for otherwise unrepresented unsecured creditors — is wholly unnecessary.[1] Even the final member of the Committee — a tort creditor — has counsel and is represented. As such, these parties do not require a committee to have an active and effective voice in the City's chapter 9 case.

For these reasons and the other reasons set forth in the December 5 Letter, the City does not agree to fund any of the activities of the Committee. Even so, the City is concerned that responding to the Committee is expected to increase costs to the City and unnecessarily divert its limited resources.

Finally, as you may be aware, the City is engaged in an extensive court-ordered mediation process with the GRS, the PFRS and the holders and insurers of the COPs, among other parties. The City believes that the appointment of the Committee comprised largely of parties participating in mediation will seriously disrupt the progress being made in mediation, including by fostering an adversarial atmosphere that directly conflicts with the goal of the mediation process. As such, the City highly recommends that U.S. Trustee promptly discuss the appointment of the Committee with Chief Judge Gerald E. Rosen of the United States District Court for the Eastern District of Michigan who serves as the Bankruptcy Court-appointed lead mediator for all matters relating the City's chapter 9 case. The City believes that it is important for the U.S. Trustee to consider the views of Judge Rosen about the impact that the appointment of the Committee – and the composition of the Committee in particular – will have on the critical mediation process.

Please feel free to contact me with any questions. I look forward to your response.

Sincerely,

Jeffrey B. Ellman

cc: David G. Heiman, Esq.
The Honorable Chief Judge Gerald E. Rosen

---

[1]   In fact, given the level of separate involvement by each of these creditors in the chapter 9 case in all major issues – including in pending adversary proceedings, contested matters, court-ordered mediations and other activities – it does not appear that they are well-positioned to act at the same time as a fiduciary for all unsecured creditors.

**EXHIBIT 6C**

**(January 8 Letter)**



**U.S. Department of Justice**

Office of the United States Trustee

*Ohio and Michigan, Region 9*

---

Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave. East
Suite 441
Cleveland, OH 44114-1240

Phone: 216-522-7800
Fax: 216-522-7193

January 8, 2014

Jeffrey B. Ellman, Esq.
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053
jbellman@jonesday.com

Re: In re: City of Detroit, Michigan, Case No. 13-53846 (Bankr. E.D. Mich.)

Dear Jeff:

I received your letter of December 24, 2013 regarding the appointment of the Official Committee of Unsecured Creditors in the City of Detroit ("City") bankruptcy case.

After review of both the December 24th letter and your letter of December 5, 2013 to Maria Giannirakis, and considering all the points raised on behalf of the City, I must respectfully disagree with you. Section 901 of the Bankruptcy Code states that 11 U.S.C. §1102 applies in a case filed under chapter 9 of Title 11. Section 1102(a)(1) requires that the United States Trustee, as soon as practicable after the order for relief, appoint an official committee of creditors holding unsecured claims. After the Court entered its order for relief on December 5, 2013, we solicited unsecured creditors and determined that there was sufficient interest to make the appointment of a creditors committee practicable. Accordingly, and in compliance with my statutory duty, I appointed a creditors committee, the members of which will serve as fiduciaries to its constituency.

You also have suggested that appointment of a committee should be considered in light of ongoing mediation of disputes. We believe that the legal mandate of the Bankruptcy Code is dispositive. You are free, of course, to express the City's intent not to compensate committee professionals. Furthermore, if you believe you have legal grounds to do so, you may file an objection to the appointment of the committee or to its composition. That would allow such objection, and responses to it, to be heard on the record by the Bankruptcy Court.

Sincerely,

Daniel M. McDermott
United States Trustee, Region 9