**MEDIA, TranscriptREQ, NOCLOSE, APPEAL, DirApl**

# U.S. Bankruptcy Court
## Eastern District of Michigan (Detroit)
## Bankruptcy Petition #: 13−53846−swr

*Date filed:* 07/18/2013

*Assigned to:* Judge Steven W. Rhodes
Chapter 9
Voluntary
No asset

| | | |
|---|---|---|
| ***Debtor In Possession*** | represented by | **Bruce Bennett** |
| **City of Detroit, Michigan** | | 555 S. Flower Street |
| 2 Woodward Avenue | | 50th Floor |
| Suite 1126 | | Los Angeles, CA 90071 |
| Detroit, MI 48226 | | (213) 489−3939 |
| WAYNE−MI | | Email: bbennett@jonesday.com |
| Tax ID / EIN: 38−6004606 | | |

**Judy B. Calton**
Honigman Miller Schwartz &Cohn LLP
2290 First National Building
Detroit, MI 48226
(313) 465−7344
Fax : (313) 465−7345
Email: jcalton@honigman.com

**Eric D. Carlson**
150 West Jefferson
Suite 2500
Detroit, MI 48226
313−496−7567
Email: carlson@millercanfield.com

**Timothy A. Fusco**
150 West Jefferson
Suite 2500
Detroit, MI 48226−4415
(313) 496−8435
Email: fusco@millercanfield.com

**Jonathan S. Green**
150 W. Jefferson
Ste. 2500
Detroit, MI 48226
(313) 963−6420
Email: green@millercanfield.com

**David Gilbert Heiman**
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586−7175
Email: dgheiman@jonesday.com

**Robert S. Hertzberg**
4000 Town Center
Suite 1800

Southfield, MI 48075−1505
248−359−7300
Fax : 248−359−7700
Email: hertzbergr@pepperlaw.com

**Deborah Kovsky−Apap**
Pepper Hamilton LLP
4000 Town Center
Suite 1800
Southfield, MI 48075
(248) 359−7300
Fax : (248) 359−7700
Email: kovskyd@pepperlaw.com

**Kay Standridge Kress**
4000 Town Center
Southfield, MI 48075−1505
(248) 359−7300
Fax : (248) 359−7700
Email: kressk@pepperlaw.com

**Stephen S. LaPlante**
150 W. Jefferson Ave.
Suite 2500
Detroit, MI 48226
(313) 496−8478
Email: laplante@millercanfield.com

**Heather Lennox**
222 East 41st Street
New York, NY 10017
212−326−3939
Email: hlennox@jonesday.com

**Marc N. Swanson**
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson
Suite 2500
Detroit, MI 48226
(313) 496−7591
Email: swansonm@millercanfield.com

*U.S. Trustee*              represented by **Sean M. Cowley (UST)**
**Daniel M. McDermott**                    United States Trustee
                                           211 West Fort Street
                                           Suite 700
                                           Detroit, MI 48226
                                           (313) 226−3432
                                           Email: Sean.cowley@usdoj.gov

                                           **Richard A. Roble (UST)**
                                           United States Trustee
                                           211 West Fort Street
                                           Suite 700
                                           Detroit, MI 48226
                                           (313) 226−6769
                                           Email: Richard.A.Roble@usdoj.gov

*Retiree Committee*         represented by **Sam J. Alberts**
**Official Committee of Retirees**          1301 K Street, NW
                                           Suite 600, East Tower
                                           Washington, DC 20005−3364

(202) 408−7004
Email: sam.alberts@dentons.com

**Paula A. Hall**
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 971−1800
Email: hall@bwst−law.com

**Claude D. Montgomery**
620 Fifth Avenue
New York, NY 10020
(212) 632−8390
Email: claude.montgomery@dentons.com,docketny@dentons.com

**Carole Neville**
1221 Avenue of the Americas
25th Floor
New York, NY 10020
(212) 768−6889
Email: carole.neville@dentons.com

**Matthew Wilkins**
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 971−1800
Email: wilkins@bwst−law.com

| Filing Date | | # | Docket Text |
|---|---|---|---|
| 10/10/2013 | | 1137 | Motion for Relief from Stay , *Notice of Motion, Brief in Support of Motion, and Certificate of Service*. Fee Amount $176, Filed by Interested Parties St. James Cooperative, Joliet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Nicolet Town Houses Cooperative Association, Lasalle Town Houses Cooperative Association (Clark, Tracy) (Entered: 10/10/2013) |
| 10/10/2013 | | 1146 | Motion *of Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* Filed by Debtor In Possession City of Detroit, Michigan (Lennox, Heather) (Entered: 10/10/2013) |
| 10/24/2013 | | 1362 | Objection to (related document(s): 1137 Motion for Relief from Stay , *Notice of Motion, Brief in Support of Motion, and Certificate of Service*. Fee Amount $176,) Filed by Debtor In Possession City of Detroit, Michigan (Fusco, Timothy) (Entered: 10/24/2013) |
| 10/24/2013 | | 1363 | Brief *in Opposition to Motion for Limited Relief From Automatic Stay* Filed by Debtor In Possession City of Detroit, Michigan (RE: related document(s)1137 Motion for Relief from Stay , *Notice of Motion, Brief in Support of Motion, and Certificate of Service*. Fee Amount $176,, 1362 Objection). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (Fusco, Timothy) (Entered: 10/24/2013) |
| 10/24/2013 | | 1364 | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service Filed by Debtor In Possession City of Detroit, Michigan (RE: related document(s)1362 Objection, 1363 Brief). (Fusco, Timothy) (Entered: 10/24/2013) |
| 11/11/2013 | | 1624 | Reply to (related document(s): 1362 Objection filed by Debtor In Possession City of Detroit, Michigan, 1363 Brief filed by Debtor In Possession City of Detroit, Michigan) Filed by Interested Parties Joliet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, St. James Cooperative (Clark, Tracy) (Entered: 11/11/2013) |
| 11/12/2013 | | 1665 | Motion *of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* Filed by Debtor In Possession City of Detroit, Michigan (Lennox, Heather) (Entered: 11/12/2013) |
| 11/21/2013 | | 1782 | Order, Pursuant To Sections 105, 501 And 503 Of The Bankruptcy Code And Bankruptcy Rules 2002 And 3003(c), Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (RE: related document(s)1146 Establishing Ch. 9 Bar Dates for Filing Proofs of Claim filed by Debtor In Possession City of Detroit, Michigan, 1769 Stipulation filed by Debtor In Possession City of Detroit, Michigan, 1742 Order Regarding Submission of Order Establishing Claims Bar Date). Proof of Claim Deadline is February 21, 2014 at 4:00 P.M. Eastern Time. (ckata) Modified on 11/21/2013 (Sam R.). (Entered: 11/21/2013) |
| 12/11/2013 | | 2056 | Reply to (related document(s): 1665 Generic Motion filed by Debtor In Possession City of Detroit, Michigan) */ Reply in Support of Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* Filed by Debtor In Possession City of Detroit, Michigan (Lennox, Heather) (Entered: 12/11/2013) |
| 12/18/2013 | | 2229 | Transcript regarding Hearing Held 12/16/13 RE: Application to Employ Lazard Freres &Co., LLC, as Financial Advisor; Motions to Certify Eligibility; Motion for Entry of an Order Approving Alternative Dispute Resolution Procedures. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 91 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 03/19/2014. Until that time, the transcript may be viewed at the Clerk's Office by parties who do not receive electronic notice and participated in the proceeding. A copy of the transcript may be purchased from the official court transcriber Lois Garrett at 517.676.5092. (RE: related document(s) 2149 Transcript Request, 2202 Transcript Request, 2206 Transcript Request). Redaction Request Due By 01/8/2014. Redacted Transcript Submission Due By 01/15/2014. Transcript access will be restricted through 03/19/2014. (Garrett, Lois) (Entered: 12/18/2013) |
| 12/19/2013 | | 2238 | Transcript regarding Hearing Held 12/16/13 RE: Motion to Modify Automatic Stay; Motion for Reconsideration/Rehearing; Motion for Relief from Stay and Waiving the FRBP 4001(a)(3) re. Allow Civil Litigation to Proceed for Discovery Purposes and/or to Recover any Insurance Coverage Under Defendants' Homeowner's |

| | | | |
|---|---|---|---|
| | | | Insurance Policies; Motion for Relief from Stay Filed by Creditor St. Martins Cooperative; Motion for Relief from Stay Filed by Interested Parties St. James Cooperatie, Joliet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Nicolet Town Houses Cooperative Association, Lasalle Town Houses Cooperative Association. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 91 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 03/20/2014. Until that time, the transcript may be viewed at the Clerk's Office by parties who do not receive electronic notice and participated in the proceeding. A copy of the transcript may be purchased from the official court transcriber Lois Garrett at 517.676.5092. (RE: related document(s) 2162 Transcript Request). Redaction Request Due By 01/9/2014. Redacted Transcript Submission Due By 01/16/2014. Transcript access will be restricted through 03/20/2014. (Garrett, Lois) (Entered: 12/19/2013) |
| 12/24/2013 | | 2302 | Order, Pursuant To Sections 105 And 502 Of The Bankruptcy Code, Approving Alternative Dispute Resolution Procedures To Promote The Liquidation Of Certain Prepetition Claims (Related Docs. #2297 Stipulation By and Between The City of Detroit and the Public Safety Unions Re: an Order Resolving Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims / Amended Stipulation (Related Docket Nos. 1665 &2272). Filed by Debtor In Possession City of Detroit, Michigan. and 1665 Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Filed by Debtor In Possession City of Detroit, Michigan ). (ckata) (Entered: 12/24/2013) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,                           Case No. 13-53846-SWR
                                             Chapter 9
            Debtor.                      Hon. Steven W. Rhodes

_____ /

## MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("Movants") are plaintiffs in a Class Action suit filed in U.S. District Court for the Eastern District of Michigan, case no. 4:12-cv-13747 (the "Class Action") and submit this motion for stay relief for the limited purpose of pursuing class certification, liquidating claims previously filed in the U.S. District Court, and seeking to enjoin the Detroit Water and Sewerage Department ("DWSD") from charging improper rates.

### Jurisdiction and Request for Consent

1.      The City of Detroit filed a voluntary Chapter 9 petition for relief on July 18, 2013.

2.      This motion is filed under 11 U.S.C. § 362(d), as made applicable by 11 U.S.C. § 922(b) and Fed. R. Bankr. P. 4001 and 9014.

3.      This is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. § 157(b)(2)(G) and 28 U.S.C. § 1334.

4.      On September 5, 2013, Movants' counsel sought concurrence to the relief sought in this motion from the City of Detroit, through its counsel, Heather Lennox. The City did not agree to the request.

<u>Background</u>

5. Approximately one year before the Chapter 9 petition was filed, Movants had commenced a class action lawsuit against the City of Detroit, acting through its Detroit Water and Sewerage Department, in the U.S. District Court, Eastern District of Michigan, case no. 4:12-cv-13747 (the "Class Action").

6. The Class Action was brought on behalf of a class of all persons and entities that own dwellings or buildings with multiple units that are used for residential purposes or other entities that pay water and sewerage utility charges for such dwellings/buildings, such as, but not limited to apartment buildings, cooperatives, town houses, and condominiums that have been charged improper commercial rates by DWSD.

7. The Class Action seeks certification of the class and contains the following four counts: Count I - Violation of Equal Protection - Commercial Rate Charges; Count II - Restitution/Assumpsit; Count III - Accounting and Escrow; and Count IV - Injunctive Relief.

8. A scheduling conference was held in the Class Action and a scheduling order was issued setting deadlines for matters relating to the request for class certification. The DWSD filed a response to the motion for class certification and a motion to dismiss the complaint. Shortly before the Chapter 9 filing, the district court held a hearing on the motions and took the matter under advisement. The Class Action was subsequently stayed by the bankruptcy filing.

9. Movants now seek relief from the automatic stay to allow Movants to continue prosecution of the Class Action for the limited purpose of pursuing class certification, establishing liability; and seeking to enjoin the DWSD from charging improper rates. Movants further request that relief from the automatic stay be effective immediately upon entry, notwithstanding the provisions of Fed. R. Bankr. P. 4001(a)(3).

2

10. The stay will remain in effect with respect to the enforcement by Movants of any pre-petition debts.

<u>Legal Basis for Motion</u>

11. The automatic stay created by the filing of the Chapter 9 case may be terminated, annulled or modified, for "cause". *See* 11 U.S.C. §§ 922(b) and 362(d).

12. The Bankruptcy Code does not define cause for purposes of when to allow relief from the automatic stay, so "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *In re Triden Associates Ltd. Partnership*, 52 F.3d 127, 131 (6th Cir. 1995).

13. To guide the bankruptcy court's exercise of its discretion, the Sixth Circuit identifies five factors for the court to consider: (1) "judicial economy"; (2) "trial readiness"; (3) "the resolution of preliminary bankruptcy issues"; (4) "the creditor's chance of success on the merits"; and (5) "the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Garzoni v. K-Mart Corp.*(*In re Garzoni*), 35 Fed. Appx. 179, 181 (6th Cir. Mich. 2002)(citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)).

14. The Class Action was pending almost a year in advance of the bankruptcy filing. The Class Action claims are non-bankruptcy related. District Court Judge Gershwin Drain has already heard and considered arguments on the motion for class certification and motion to dismiss and can dispose of these issues efficiently. Judicial economy will be furthered by allowing the case to continue in the district court where it originated, given the familiarity of the District Court with the case at hand and the substantive laws governing the claims. Given the limited relief requested, there will be little, if any, interference with the bankruptcy proceeding. The amount of any money damages resulting from the Class Action should be reduced to judgment so that Movants and the City of Detroit know the extent of any claim that may be filed in the bankruptcy matter.

3

13-53846-swr Doc 2629-1 Filed 02/06/14 Entered 02/06/14 12:30:36 Page 8 of 130
13-53846-swr Doc 2649-7 Filed 02/06/14 Entered 02/06/14 17:30:56 Page 9 of 100 8

15.     If there is only going to be one proceeding to litigate these issues, it is generally the second court which will stay its action and defer to the court where the matter was first filed. *Urbain v. Knapp Brothers Manufacturing Co.*, 217 F.2d 810, 815 (6th Cir. 1954).

16.     Absent stay relief, the DSWD will continue to charge Movants at higher commercial rates rather than residential rates, placing Movants at a financial disadvantage and causing Movants to accrue damages daily.

17.     The Movants have set forth a clear and unambiguous class definition in connection with their equal protection claim. They have demonstrated that members of the class are billed commercial rates in conjunction with storm water runoff fees rather than residential rates. This class distinction is unconstitutional and arbitrary and violates the equal protection clause. *See Alexander v. Detroit*, 392 Mich. 30 (Mich. 1974). Thus, the Class Action is likely to succeed.

<u>Request for Relief</u>

Movants request that this Court modify the automatic stay in accordance with the attached proposed order; and grant such further relief as the Court deems just and equitable considering the facts and circumstances of this case.

STEINBERG SHAPIRO & CLARK

<u>/s/ Tracy M. Clark ( P60262)</u>
Attorney for Movants
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date:   October 10, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,                           Case No. 13-53846-SWR
                                                     Chapter 9
                     Debtor.                         Hon. Steven W. Rhodes
_____/

## ORDER GRANTING MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

This matter having come to be heard on the Motion for Limited Relief from the Automatic Stay filed by Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("Movants"), plaintiffs in a Class Action suit filed in U.S. District Court for the Eastern District of Michigan, case no. 4:12-cv-13747 (the "Class Action"). All parties in interest were provided notice of the Motion, and the Court is advised that no objections were filed or received. The Court is otherwise fully advised in this matter.

IT IS ORDERED as follows:

A.       The Motion for Limited Relief from the Automatic Stay is granted.

B.       Relief from that automatic stay applicable under 11 U.S.C. § 922(a) and 11 U.S.C. § 362(a) is granted to allow Movants to continue prosecution of the Class Action for the limited purpose of pursuing class certification, establishing liability; and seeking to enjoin the DWSD from charging improper rates,

C.       The stay will remain in effect with respect to the enforcement by the Movants of any pre-petition debts.

D.       The provisions of Fed. R. Bankr. P. 4001(a)(3) are waived and this Order shall be in full force and effect upon entry.

13-53846-tjt   Doc 2583   Filed 02/06/14   Entered 02/06/14 09:08:09   Page 1 of 3
13-53846-swr   Doc 2435-1   Filed 01/10/14   Entered 01/10/14 17:30:37   Page 9 of 130

10

In re:

City of Detroit, Michigan                          Case No. 13-53846-SWR
2 Woodward Avenue, Suite 1126                       Chapter 9
Detroit, MI 48226                                  Hon. Steven W. Rhodes
xx-xxx4606

                        Debtor.
_____/

## 14 DAY NOTICE OF MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("Movants") filed a motion seeking limited relief from the automatic stay for the purpose of pursuing class certification, liquidating claims previously filed in the U.S. District Court, and seeking to enjoin the Detroit Water and Sewerage Department from charging improper rates.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Trustee's motion, or if you want the court to consider your views on the motion, within 14 days from the date this notice is served, you or your attorney must:

1.      File with the court a written objection or request for hearing, explaining your position at:[1]

      United States Bankruptcy Court
      211 W Fort St., Suite 2100
      Detroit, Michigan 48226

If you mail your objection or request for hearing to the court for filing, you must mail it early enough so the court will **receive** it before the 14 day period expires.

2.      Mail a copy to:

      Tracy M. Clark, Esq.
      Steinberg Shapiro & Clark
      25925 Telegraph Rd., Suite 203
      Southfield, MI 48033

---

[1]Objection or request for hearing must comply with F.R. Civ.P. 8(b), (c) and (e).

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

STEINBERG SHAPIRO & CLARK

 /s/ Tracy M. Clark ( P60262)
Attorney for Movants
25925 Telegraph Road, Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date:   October 10, 2013

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,                                    Case No. 13-53846-SWR
                                                              Chapter 9
                        Debtor.                               Hon. Steven W. Rhodes
_____/

<u>BRIEF IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY</u>

      Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative rely on the facts and authority cited in their Motion for Limited Relief from Automatic Stay.

                                          STEINBERG SHAPIRO & CLARK

                                          <u>/s/ Tracy M. Clark ( P60262)</u>
                                          Attorney for Movants
                                          25925 Telegraph Road, Suite 203
                                          Southfield, MI 48033
                                          (248) 352-4700
                                          clark@steinbergshapiro.com

Date:   October 10, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,                    Case No. 13-53846-SWR
                                              Chapter 9
                    Debtor.                   Hon. Steven W. Rhodes
_____/

CERTIFICATE OF SERVICE

     I certify that on October 10, 2013, I electronically filed *Motion for Limited Relief from Automatic Stay*; *14 Day Notice*; *Brief in Support*; and this *Certificate of Service* with the Clerk of the Court using the ECF system which sent notification of such filing to all parties required to receive service.

    /s/ Joy L. Brown, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
jbrown@steinbergshapiro.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
                                        :
In re                                   :          Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              :          Case No. 13-53846
                                        :
                     Debtor.            :          Hon. Steven W. Rhodes
                                        :
                                        :
-------------------------------------------------------x

## MOTION OF DEBTOR, PURSUANT TO SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

The City of Detroit ("Detroit" or the "City") hereby moves the Court,

pursuant to sections 105, 501 and 503 of title 11 of the United States Code

(the "Bankruptcy Code"), and Rules 2002 and 3003(c) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order[1]

establishing bar dates for filing proofs of claim and approving the form and manner

---

[1]    This Motion includes certain attachments that are labeled in accordance with
       Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the
       Eastern District of Michigan (the "Local Rules").  Consistent with Local
       Rule 9014-1(b), a copy of the proposed form of order granting this Motion is
       attached hereto as Exhibit 1.  A summary identifying each included
       attachment by exhibit number is appended to this Motion.

of notice thereof.  In support of this Motion, the City respectfully represents as follows:

### General Background

1.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      Incorporated in 1806, Detroit is the largest city in Michigan. As of December 2012, the City had a population of less than 685,000 (down from a peak population of nearly 2 million in 1950).  Over the past several decades, the City has experienced significant economic challenges that have negatively impacted employment, business conditions and quality of life.

3.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

4.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "Emergency Manager") under Public Act 436 of

2012, the Local Financial Stability and Choice Act, MCL § 141.1541, *et seq.* ("PA 436").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

### The List of Claims and the Claims Agent

5.      On the Petition Date, the City filed its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 16) (the "Original List of Creditors").

6.      On August 1, 2013, the City filed its Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258) (the "Amended List of Creditors"), which replaced the Original List of Creditors and redacted certain personal information therein.

7.      On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which supplemented and amended the information in the Amended List of Creditors and also constitutes the City's list of claims under section 925 of the Bankruptcy Code (as amended or supplemented from time to time, the "List of Claims").

8.      On July 19, 2013, the City filed the Motion of Debtor for Entry of an Order Appointing Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy

Code and Bankruptcy Rule 2002 (Docket No. 19) (the "<u>Claims Agent Motion</u>").

In light of the complexity of the City's chapter 9 case and the size of its potential

creditor pool, the Claims Agent Motion sought the appointment of Kurtzman

Carson Consultants, LLC ("<u>KCC</u>") as claims and noticing agent in this case. By an

order entered on August 6, 2013 (Docket No. 297), the Court approved of the relief

requested in the Claims Agent Motion.

## Jurisdiction

9.      The Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

## Relief Requested

10.      The City hereby moves the Court, pursuant to sections 105, 501

and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for the

entry of an order: (a) establishing the general bar date by which the entities

specified below must file proofs of claim in this chapter 9 case (the "<u>General Bar</u>

<u>Date</u>"); (b) establishing the date by which proofs of claim (including any claims

asserting administrative priority) relating to the City's rejection of executory

contracts or unexpired leases must be filed (the "<u>Rejection Damages Bar Date</u>");

(c) establishing the date by which entities must file proofs of claim as a result of

any further amendment of the List of Claims by the City (the "<u>Amended Claims</u>

List Bar Date"); (d) confirming the date by which governmental units must file proofs of claim in this case (the "Governmental Bar Date" and, collectively with the General Bar Date, the Rejection Damages Bar Date and the Amended Claims List Bar Date, the "Bar Dates"); and (e) approving the form and manner of notice of the Bar Dates.

### Request for an Order (A) Establishing the Bar Dates and Related Claims Procedures and (B) Approving Form and Manner of Notice Thereof

11.     To complete the restructuring process and make distributions to creditors in this case, the City requires, among other things, complete and accurate information regarding the nature, validity and amount of the claims[2] that will be asserted against the City.  Consequently, to avoid any delay in the restructuring process, the City requests that the Court (a) establish the Bar Dates and related claims procedures proposed herein and (b) approve the form and manner of notice thereof.

A.     *Establishment of the Bar Dates*

12.     The General Bar Date.  Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed in a case under chapter 9 or chapter 11 of the Bankruptcy Code.  Fed. R. Bankr. P. 3003(c)(3)

---

[2]     The term "claim," as used herein, has the meaning given to it in section 101(5) of the Bankruptcy Code.

("The court shall fix . . . the time within which proofs of claim . . . may be filed.").[3] The City proposes that it will serve a notice of the Bar Dates and a proof of claim form by the date (the "Service Date") that is no later than five business days after the entry of an order approving this Motion and establishing the Bar Dates (the "Bar Date Order"). Assuming that the Bar Date Order is entered by November 13, 2013 (the date of one of the omnibus hearing dates in this case), the Service Date would occur no later than November 20, 2013. The City requests that the Court establish January 21, 2014, at 5:00 p.m., Eastern Time, as the General Bar Date.[4] This will provide no fewer than 60 days after the anticipated Service Date for creditors to file proofs of claim in this case.

13. The General Bar Date is the date by which all entities[5] holding claims that arose, or are deemed to have arisen, prior to the Petition Date ("Prepetition Claims") must file proofs of claim unless they fall within one of the exceptions described below. The General Bar Date would apply to all types of

---

[3]     Bankruptcy Rule 3003(a) states that this "rule applies in chapter 9 and 11 cases." Section 501(a) of the Bankruptcy Code provides, generally, that "[a] creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a).

[4]     If this Court schedules a hearing on this Motion in advance of the November 13, 2013 omnibus hearing, an earlier date could be set as the General Bar Date while still providing at least 60 days' notice to creditors.

[5]     As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

Prepetition Claims against the City, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the City proposes that the General Bar Date would apply to claims asserting priority under section 503(b)(9) of the Bankruptcy Code (any such claim, a "503(b)(9) Claim"). To that end, the City further proposes that the filing of a proof of claim form be deemed to satisfy the procedural requirements for the assertion of 503(b)(9) Claims (which, despite their priority status, are prepetition claims). All administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) Claims and the administrative portions of Rejection Damages Claims, will not be deemed proper if asserted by proof of claim.[6] The City intends to establish a process for the assertion of other administrative expense claims at a future date if and to the extent necessary.

14. The Rejection Damages Bar Date. The City anticipates that certain entities may assert claims arising from or relating to the rejection of executory contracts or unexpired leases, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such rejected agreements, including:

---

[6] Section 503 of the Bankruptcy Code, which deems certain claims to be administrative expenses, and section 507(a)(2), which grants priority status to administrative expenses, are made applicable in a chapter 9 case by section 901 of the Bankruptcy Code. 11 U.S.C. § 901. The City specifically reserves the right to dispute or object to, or assert counterclaims, offsets, recoupments or defenses against, any 503(b)(9) Claim or other claim asserting administrative priority status on any grounds.

13-53846-swr    Doc 2246-1   Filed 02/02/14   Entered 02/02/14 09:08:09   Page 21 of
130
7
21

(a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date;[7] and

(b) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims").  The City seeks to establish the Rejection Damages Bar Date as the deadline for entities to file any Rejection Damages Claims with respect to executory contracts or unexpired leases rejected pursuant to a Court order entered prior to the confirmation and effectiveness of the City's chapter 9 plan (a "Rejection Order").

15.     In particular, the City proposes that the Rejection Damages Bar Date will be the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the applicable Rejection Order.  Any Rejection Order entered by the Court will include a provision describing, and providing further notice of, the Rejection Damages Bar Date.

16.     For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date. The City proposes that the filing of a proof of claim form, along with a detailed

---

[7]     Claims arising from rejection of an executory contract or unexpired lease are treated "the same as if such claim had arisen before the date of the filing of the petition."  11 U.S.C. § 365(g)(1).

statement describing the nature and basis of any portion of a Rejection Damages Claim asserting administrative priority pursuant to section 503(b) of the Bankruptcy Code, be deemed to satisfy the procedural requirements for the assertion of such claim.

17.    <u>The Amended Claims List Bar Date</u>.  The City reserves the right to:  (a) dispute, or assert offsets or defenses against, (i) any filed claim (any such claim, a "<u>Filed Claim</u>") or (ii) any claim listed or reflected in the List of Claims (any such claim, a "<u>Scheduled Claim</u>") as to nature, amount, liability, classification or otherwise; (b) subsequently designate any Scheduled Claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims.  If the City amends or supplements its List of Claims after the Service Date, the City proposes that it will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Claims List Bar Date to file proofs of claim in response to the amendment or supplement to the List of Claims.

18.    In particular, if the City amends or supplements its List of Claims to:  (a) reduce the undisputed, noncontingent and liquidated amount of a Scheduled Claim; (b) change the nature or classification of a Scheduled Claim in a manner adverse to the listed creditor; or (c) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the

Bar Dates (in each case, a "Modified Claim"), the affected claimant will be permitted to file any proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim by the Amended Claims List Bar Date. By contrast, if the amendment to the List of Claims improves the amount or treatment of a previously listed or filed claim, claimants that previously were served with a notice of the Bar Dates are not permitted to file additional claims by the Amended Claims List Bar Date. An entity that previously filed a proof of claim will not be required to re-file its claim as a result of an amendment to the List of Creditors.

19.    The City requests that the Amended Claims List Bar Date be established as the later of:  (a) the General Bar Date; and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment or supplement to the List of Claims (an "Amendment Notice") is served on the claimant.  Any Amendment Notice shall identify the Amended Claims List Bar Date.

20.    Notwithstanding the foregoing, nothing contained herein shall preclude the City from objecting to any Filed Claim or Scheduled Claim on any grounds.

21.    The Governmental Bar Date.  Bankruptcy Rule 3002(c)(1) provides that "[a] proof of claim filed by a governmental unit . . . is timely filed if

it is filed not later than 180 days after the date of the order for relief." Fed. R.

Bankr. P. 3002(c)(1). No order for relief has yet been entered in the City's

chapter 9 case.[8] Nevertheless, the City requests that the Court's order granting the

relief requested herein confirm that the Governmental Bar Date is established as

the later of (a) 5:00 p.m., Eastern Time, on the first business day that is at least

180 days after this Court's entry of an order for relief in the City's chapter 9 case;

and (b) any Rejection Damages Bar Date or Amended Claims List Bar Date

applicable to the governmental unit.[9]

**B.** ***Entities That Must File Proofs of Claim by the General Bar Date***

22. The City proposes that, subject to the provisions of

paragraphs 14 through 21 of this Motion for holders of claims subject to the

Rejection Damages Bar Date, the Amended Claims List Bar Date and the

Governmental Bar Date and the exceptions described in paragraph 23 below, the

following entities must file proofs of claim on or before the General Bar Date:

(a) Any entity: (i) whose Prepetition Claim against the City

is not listed in the List of Claims or is listed as disputed, contingent or

---

[8]      Proceedings to establish the City's eligibility to be a chapter 9 debtor pursuant to section 109(c) of the Bankruptcy Code are ongoing at this time. If the City prevails in establishing eligibility, the Court will enter an order for relief consistent with section 921(d) of the Bankruptcy Code.

[9]      The City intends to provide all known creditors that are governmental units with prompt notice of this Court's entry of an order for relief and the resulting Governmental Bar Date.

unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment; and

(b)     Any entity that believes that its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the List of Claims.

## C.     *Entities Not Required to File Proofs of Claim by the General Bar Date*

23.     The City proposes that entities holding the following claims (which claims otherwise would be subject to the General Bar Date) need not file proofs of claim on account of such claims:

(a)     Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, a "Healthcare UAAL Claim").  The City submits that the liquidation of Healthcare UAAL Claims is not practicable or meaningful on a creditor-by-creditor basis and, therefore, no purpose would be served by requiring employees and retirees to attempt to quantify their Healthcare UAAL Claims through the submission of proofs of claim.

(b)     Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System (together, the "Retirement Systems"), for unfunded pension liabilities (any such claim, a "Pension Liability Claim"). In each case, the applicable Retirement System is the creditor of, and proper party to assert Pension Liability Claims against, the City.

(c)     Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds set forth on Exhibit 6.1 attached hereto (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs").  In each case, the trustee or similar entity (the "Trustee") has informed the City that, consistent with Bankruptcy Rule 3003(c)(5), it intends to:  (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d)     Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures,[10] provided,

---

[10]     The City has been processing income tax refunds in the ordinary course and intends to continue to do so.  In accordance with the authority granted the

however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(e)      Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of the Bankruptcy Court for the Eastern District of Michigan, or with KCC, in a form substantially similar to Official Bankruptcy Form No. 10;

(f)      Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(g)      Any claim that previously has been allowed by order of the Court;

(h)      Any claim that has been paid in full by the City; and

(i)      Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any

_____

(continued)
        City by this Court's order dated September 25, 2013 (Docket No. 1021), the City intends to file under seal an amended Schedule O to the List of Claims identifying the City's known income tax refund creditors.

503(b)(9) Claim or any portion of a Rejection Damages Claim asserting

administrative priority under section 503(b) of the Bankruptcy Code).

24.    For the avoidance of doubt, the following entities should file

proofs of claim to the extent the filing of such claim is not otherwise made

unnecessary by the terms of the foregoing paragraph 23:  (a) employees and

retirees asserting Prepetition Claims other than Healthcare UAAL Claims and

Pension Liability Claims and (b) holders of bonds other than the Secured Bonds

(collectively, the "Unsecured GO Bonds") asserting Prepetition Claims in

connection with such bonds.[11]

**D.    _Liquidation of Tort Claims_**

25.    Consistent with the Court's order of October 8, 2013 (Docket

No. 1114), the City intends to file a motion by November 12, 2013 for approval of

an efficient process for liquidating prepetition tort claims asserted against the City.

The City anticipates that this process:  (a) may involve the use of alternative

dispute resolution practices, including mediation or consensual arbitration; and

(b) would be implemented once the tort claims have been asserted through the

proof of claim process.

---

[11]    The City intends to provide notice to beneficial holders of the Unsecured
GO Bonds, as set forth in paragraph 29 below.

**E.** *Effect of Failure to File Proofs of Claim*

26.    The City proposes that, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2),[12] any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, should be forever barred, estopped and enjoined from:  (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under this subparagraph (a) being referred to herein as an "Unscheduled Claim"); (b) voting upon any plan of adjustment in this chapter 9 case or receiving distributions under any plan of adjustment in this chapter 9 case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim and any

---

[12]    Bankruptcy Rule 3003(c)(2) provides that:

> [a]ny creditor . . . whose claim . . . is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim . . . within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3002(c)(2).

administrative priority component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

**F.**   ***Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim***

27.   The City proposes to serve on all known entities potentially holding claims that are subject to the Bar Dates:  (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as <u>Exhibit 6.2</u> and incorporated herein by reference (the "<u>Bar Date Notice</u>"); and (b) a proof of claim form substantially in the form attached hereto as <u>Exhibit 6.3</u> and incorporated herein by reference (the "<u>Proof of Claim Form</u>" and, collectively with the Bar Date Notice, the "<u>Bar Date Notice Package</u>").[13]

28.   The Bar Date Notice states, among other things, that proofs of claim must be filed on or before the applicable Bar Date and provides instructions for the filing of claims.  As soon as practicable, but in any event no later than five business days following this Court's entry of the Bar Date Order, the City intends

---

[13]   The Proof of Claim Form is derived from Official Bankruptcy Form No. 10, but has been modified, and may be further modified in certain limited respects, to (a) remove certain categories of claim that are inapplicable in chapter 9 and (b) accommodate the claims process in this case.  For example, the City has eliminated the check boxes providing for the assertion of priority claims under subsections (a)(1)(A), (a)(1)(B), (a)(4), (a)(5), (a)(7) and (a)(8) of section 507 of the Bankruptcy Code because the foregoing subsections are not applicable in a chapter 9 case pursuant to section 901(a) of the Bankruptcy Code.

to mail the Bar Date Notice Package by first class United States mail, postage

prepaid (or equivalent service), to:

> (a)    all known potential claimants (or their counsel, if known), including all entities identified as potential claim holders in the List of Claims;
>
> (b)    the Trustees;
>
> (c)    counsel to the Official Committee of Retirees appointed in this case;
>
> (d)    all parties that have requested notice of the proceedings in this case as of the date of the Bar Date Order;
>
> (e)    all parties that have filed proofs of claim in this case as of the date of the Bar Date Order;
>
> (f)    all parties to executory contracts and unexpired leases with the City, including all parties to executory contracts and unexpired leases rejected by a Rejection Order, if any, as of the date of the Bar Date Order;
>
> (g)    all parties to pending litigation with the City;
>
> (h)    the United States Attorney for this District; and
>
> (i)    all federal and state environmental protection agencies for this jurisdiction.

29.    The City also intends to serve the Bar Date Notice Package on

the beneficial holders of the Unsecured GO Bonds. Many such beneficial holders

are not known to the City because the Unsecured GO Bonds are held in the name

of CEDE & Company on behalf of institutional brokers and other customers

(collectively, the "Institutional Nominees") of the Depository Trust and Clearing

Corporation ("DTC"). The Institutional Nominees, in turn, hold the Unsecured GO

Bonds, among other bonds, in "street name" on behalf of the beneficial holders. To ensure that the best notice practicable under the circumstances is provided to the beneficial holders of the Unsecured GO Bonds, the City intends to request from DTC a listing of the Institutional Nominees (the "Institutional Nominee List"), as of a record date that is no more than 30 days prior to the anticipated Service Date. Upon receipt of the Institutional Nominee List from DTC, KCC will cause the Bar Date Notice Package to be served on the Institutional Nominees with instructions for the Institutional Nominees to forward the Bar Date Notice Package to the beneficial holders of the Unsecured GO Bonds. In this regard, the City requests that the Court confirm that, where beneficial holders of Unsecured GO Bonds have agreed to accept service of notices relating to the Unsecured GO Bonds by electronic mail, service of the Bar Date Notice Package on the beneficial holders of the Unsecured GO Bonds by electronic mail will constitute adequate notice of the Bar Dates.[14]

30.     The timing of the General Bar Date on January 21, 2014 will ensure that potential claimants known to the City as of the Service Date will receive no fewer than 60 days' notice by mail of the General Bar Date, assuming

---

[14]     The City and KCC anticipate that final service of the Bar Date Notice Package on the holders of the Unsecured GO Bonds will be completed, whether by electronic mail or regular mail, by Broadridge Financial Solutions, Inc., a company that specializes in providing various forms of investor communications.

that the Bar Date Order is entered on or about the date of the omnibus hearing set for November 13, 2013.  This substantially exceeds the minimum 21-day notice period provided by Bankruptcy Rule 2002(a)(7)[15] and the minimum 30-day notice period for foreign creditors provided by Bankruptcy Rule 2002(p).

31.    Except with respect to holders of Unsecured GO Bonds, for holders of Scheduled Claims, the Proof of Claim Form mailed to such entities will indicate:  (a) the amount of the Scheduled Claim, if any; (b) whether the Scheduled Claim is listed as disputed, contingent or unliquidated; and (c) whether the Scheduled Claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim.

32.    The City proposes that claimants be required to submit proofs of claim on the Proof of Claim Form or on such other form that conforms substantially to Official Bankruptcy Form No. 10.  For any claim to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required hereunder or by Bankruptcy Rules 3001(c) and 3001(d),[16] must be delivered to the City's claims processing center maintained

---

[15]    Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of … the time fixed for filing proofs of claims pursuant to [Bankruptcy] Rule 3003(c) …."  Fed. R. Bankr. P. 2002(a)(7).

[16]    Bankruptcy Rule 3001(c) requires as follows:

by KCC (the "<u>Claims Processing Center</u>") at City of Detroit Claims Processing

Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo,

CA 90245 so as to be received no later than the applicable Bar Date.[17] The City

proposes that claimants be permitted to submit proofs of claim in person or by

courier service, hand delivery or mail. *<u>Proofs of claim submitted by facsimile or</u>*

*<u>electronic mail will not be accepted</u>*. In addition, proofs of claim must (a) be

written in the English language and (b) be denominated in United States currency.

Proofs of claim will be deemed filed when actually received by KCC at the Claims

Processing Center by one of the approved methods of delivery.

---

(continued)

      When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c). Bankruptcy Rule 3001(d) requires that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d).

The City proposes that, if the documents supporting a claimant's proof of claim are voluminous, the claimant may file a summary of such documents with its proof of claim; <u>provided</u>, <u>however</u>, that any claimant that files a summary of supporting documents in lieu of the documentation required by Bankruptcy Rule 3001 will be required to transmit the documents in support of its claim to (a) KCC and (b) the City within ten days after the date of a written request by the City for such documents.

[17]    Consistent with the terms of the retention of KCC as claims and noticing agent, creditors will be directed to file claims directly with KCC rather than the Clerk of this Court.

33.     The City submits that the proposed General Bar Date, which is no fewer than 60 days after the expected Service Date, will provide potential claimants with ample time after the mailing of the Bar Date Notice within which to review their own books and records and prepare and file proofs of claim, if necessary.  In addition, for Rejection Orders entered after the date that the Bar Date Order is entered, the City will include a description of the Rejection Damages Bar Date in the text of the Rejection Order.

**G.     _Publication of Bar Date Notice_**

34.     In light of the size of the City and its creditor pool, it is anticipated that there may be parties with potential claims against the City that the City was unable to identify in its List of Claims.  Asserted claims by such unknown potential claimants may include, for example:  (a) claims of trade vendors that failed to submit invoices to the City; (b) claims of certain former employees for whom the City may no longer possess current address information; (c) claims of entities with potential unasserted causes of action against the City; and (d) other claims that, for various other reasons, are not recorded in the City's books and records.  Accordingly, the City believes that (a) it is necessary to provide notice of the Bar Dates to entities whose names and addresses are unknown to the City and (b) it is advisable to provide supplemental notice to known holders of potential claims.  Therefore, pursuant to Bankruptcy

Rule 2002(l),[18] the City requests authority to publish the Bar Date Notice, modified to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense once in *The Detroit Free Press* and the national editions of *USA Today* and *The Wall Street Journal* at least 28 days prior to the General Bar Date. The City also: (a) intends to post the Bar Date Notice on (i) the City's restructuring website maintained by KCC at www.kccllc.net/detroit and (ii) the website maintained by the Emergency Manager's office at http://www.detroitmi.gov/EmergencyManager.aspx; and (b) reserves the right to publish the Bar Date Notice in other national or regional newspapers, trade journals or similar publications, as the City may deem necessary or appropriate in its sole discretion.

### Reservation of Rights

35.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property

---

[18]     Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

36.     Notice of this Motion has been given to all entities that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (or their counsel if known).  In addition, a copy of the Motion was served on the Office of the United States Trustee.  The City submits that no other or further notice need be provided.

## Statement of Concurrence

37.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied."  Local Rule 9014-1(g).  Given the number of parties and potential parties involved in this case and the lack of known opposing parties who would be adversely impacted by the relief requested herein, it would be impracticable (and, with regard to unknown parties, impossible) for the City to affirmatively seek the concurrence of each opposing counsel interested in the relief sought herein.  Accordingly, the City submits that imposing the requirements of Local Rule 9014-1(g) in this matter would be "unduly burdensome" and requests that its requirements be waived.

## Request for Hearing

38.     The City requests that the Court schedule a hearing on this Motion for the omnibus hearing scheduled for November 13, 2013, at 10:00 a.m., Eastern Time, or sooner at such date and time as the Court's schedule permits.

## Statement Regarding Evidentiary Nature of Hearing

39.     The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

## No Prior Request

40.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that the Court:  (a) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief requested herein; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  October 10, 2013          Respectfully submitted,


  /s/ Heather Lennox               
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None [No Affidavits Filed Specific to This Motion] |
| Exhibit 6.1 | Schedule of Secured Bonds |
| Exhibit 6.2 | Proposed Form of Bar Date Notice |
| Exhibit 6.3 | Proposed Proof of Claim Form |

# **EXHIBIT 1**

## **(Form of Proposed Order)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

-----------------------------------------------------x
                                                     :
In re                                                : Chapter 9
                                                     :
CITY OF DETROIT, MICHIGAN,                           : Case No. 13-53846
                                                     :
                        Debtor.                      : Hon. Steven W. Rhodes
                                                     :
                                                     :
-----------------------------------------------------x

## ORDER, PURSUANT TO SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of Debtor,

Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy

Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing

Proofs of Claim and Approving Form and Manner of Notice Thereof

(the "Motion"),[1] filed by the City of Detroit (the "City"); the Court having

reviewed the Motion and having considered the statements of counsel and the

evidence adduced with respect to the Motion at a hearing before the Court

(the "Hearing"); the Court finding that:  (a) the Court has jurisdiction over this

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      As used herein, (a) the term "claim" has the meaning given to such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to such term in section 101(15) of the Bankruptcy Code and (c) the term "governmental unit" has the meaning given to such term in section 101(27) of the Bankruptcy Code.

3.      The form of Bar Date Notice Package, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l).  The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraphs 16 through 18 below.

4. Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert claims against the City that arose (or are deemed to have arisen) prior to July 18, 2013 (any such claim, a "Prepetition Claim") must file a proof of claim in writing in accordance with the procedures described herein by 5:00 p.m., Eastern Time, on January 21, 2014 (the "General Bar Date").

5. The General Bar Date applies to all types of Prepetition Claims, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date shall apply to claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims"). The filing of a proof of claim form shall satisfy the procedural requirements for the assertion of 503(b)(9) Claims. All administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) Claims and the administrative portions of Rejection Damages Claims (as defined below), shall not be deemed proper if asserted by proof of claim.

6. Subject to the provisions of paragraphs 10 through 14 of this Order with respect to holders of claims subject to the Rejection Damages Bar Date, the Amended Claims List Bar Date and the Governmental Bar Date, and the exceptions described in paragraph 8 below, the following entities must file a proof of claim on or before the General Bar Date:

(a)     Any entity:  (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment; and

(b)     Any entity that believes that its prepetition claim is improperly classified in the List of Claims or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the List of Claims.

7.     The following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must be on the Proof of Claim Form attached hereto as Exhibit 1 or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b)     Proofs of claim must be filed by mailing the original proof of claim or delivering the original proof of claim by hand or overnight courier to City of Detroit Claims Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.  Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed;

(c)     Proofs of claim will be deemed timely filed only if actually received by the City's claims agent, Kurtzman Carson Consultants LLC ("KCC"), at the address set forth in the foregoing subparagraph on or before the applicable Bar Date.  If a creditor wishes to receive acknowledgement of KCC's receipt of a proof of claim, the creditor also must submit to KCC by the applicable Bar Date and concurrently with submitting its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope; and

(d)     Proofs of claim must (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available; (iii) be written in the English language; and

(iv) be denominated in United States currency. Any claimant that provides a summary in lieu of the documentation required by Bankruptcy Rule 3001 shall transmit the documents in support of its claim to KCC and the City within ten days after the date of any written request by the City for such documents.

8. Entities holding the following claims (which claims otherwise would be subject to the General Bar Date) shall not be required to file proofs of claim in this chapter 9 case on account of such claims:

(a) Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, a "Healthcare UAAL Claim").

(b) Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for unfunded pension liabilities (any such claim, a "Pension Liability Claim"). Any Pension Liability Claim is the responsibility of the applicable Retirement System.

(c) Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the Secured Bonds or (ii) the COPs.

(d) Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, provided, however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(e) Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court or KCC in a form substantially similar to Official Bankruptcy Form No. 10;

(f) Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such

-5-

entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

>(g)     Any claim that previously has been allowed by order of the Court;

>(h)     Any claim that has been paid in full by the City; and

>(i)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any 503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

9.     For the avoidance of doubt, the following entities should file proofs of claim to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing paragraph 8:  (a) employees and retirees asserting Prepetition Claims *other than* Healthcare UAAL Claims and Pension Liability Claims and (b) holders of Unsecured GO Bonds asserting claims in connection with such bonds.

10.     Any entities asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of this Court entered prior to the confirmation of the City's chapter 9 plan (a "Rejection Order"), or claims otherwise related to such rejected agreements, including (a) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Petition Date and (b) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages

Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the applicable Rejection Order (the "Rejection Damages Bar Date"). For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date. Rejection Orders entered after the date of entry of this Order shall include a description of the Rejection Damages Bar Date in the text of the Rejection Order.

11.    Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement"). The filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, shall satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein).

12.    The City shall retain the right to: (a) dispute, or assert offsets or defenses against, any Filed Claim or any Scheduled Claim as to nature, amount, liability, classification or otherwise; (b) subsequently designate any Scheduled Claim as disputed, contingent or unliquidated; and (c) otherwise amend or

-7-

CLI-2140771

130

supplement the List of Claims. If the City amends or supplements the List of Claims after the Service Date, the City shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the applicable Amended Claims List Bar Date to file proofs of claim in response to the amendment or supplement to the List of Claims.

13. In particular, if the City amends or supplements its List of Claims to: (a) reduce the undisputed, noncontingent and liquidated amount of a claim; (b) change the nature or classification of a Scheduled Claim in a manner adverse to the listed creditor; or (c) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (a) the General Bar Date; and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date"). By contrast, if the amendment to the List of Claims improves the amount or treatment of a previously listed or filed claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date. Notwithstanding the foregoing, nothing

-8-

contained herein shall preclude the City from objecting to any claim, whether listed or filed, on any grounds.

14.     Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units shall file proofs of claim in this case shall be the later of: (a) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (b) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit.

15.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any plan of adjustment in this chapter 9 case in respect of an Unscheduled Claim; or (c) with respect to

any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

16.     As soon as practicable, but in any event no later than five business days after the entry of this Order, the City, through KCC or otherwise, shall serve the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), on:

(a)     all known potential claimants (or their counsel, if known), including all entities identified as potential claim holders in the List of Claims;

(b)     the Trustees;

(c)     counsel to the Official Committee of Retirees appointed in this case;

(d)     all parties that have requested notice of the proceedings in this case as of the date of this Order;

(e)     all parties that have filed proofs of claim in this case as of the date of this Order;

(f)     all known parties to executory contracts and unexpired leases with the City, including all parties to executory contracts and unexpired leases rejected by a Rejection Order, if any, as of the date of this Order;

(g)     all known parties to pending litigation with the City;

(h)     the United States Attorney for this District; and

(i)     all federal and state environmental protection agencies for this jurisdiction.

17.     The City also shall serve the Bar Date Notice on the holders of the Unsecured GO Bonds.  If DTC has not already provided the Institutional Nominee List to the City as of the date of this Order, DTC is directed to provide the City with the Institutional Nominee List within three business days of this date. Service of the Bar Date Notice by electronic mail on those holders of the Unsecured GO Bonds that previously consented in writing to receive notices regarding the Unsecured GO Bonds by electronic mail shall constitute adequate notice of the Bar Dates on such holders.

18.     As part of the Bar Date Package, the City shall mail one or more Proof of Claim Forms (as appropriate), substantially in the form attached hereto as Exhibit 2, to the parties receiving the Bar Date Notice.  Except with respect to holders of Unsecured GO Bonds, for holders of Scheduled Claims listed in the List of Claims, the Proof of Claim Form mailed to such entities shall indicate how the City has listed the creditor's claim in the List of Claims, including:  (a) the amount of the claim, if any; (b) whether the claim is listed as disputed, contingent or unliquidated; and (c) whether the claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim.

19.     Pursuant to Bankruptcy Rule 2002(f), the City shall publish the Bar Date Notice, once, in the *Detroit Free Press*, *The Detroit News* and national editions of *USA Today* and *The Wall Street Journal* at least 28 days prior to the

CLI-2140771

General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates. The City is authorized to modify the Bar Date Notice to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense.

20.    The City and KCC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

21.    The entry of this Order is without prejudice to the right of the City to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

22.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order.

# **EXHIBIT 1**

## **(Form of Bar Date Notice)**

[<u>See</u> Exhibit 6.2 to the Motion]

# EXHIBIT 2

## (Proof of Claim Form)

[See Exhibit 6.3 to the Motion]

# **EXHIBIT 2**

## **(Notice)**

Form B20A(Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

In re:

**CITY OF DETROIT, MICHIGAN,**

          **Debtor.**

**Chapter: 9**

**Case No.: 13-53846**

**Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
         Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

**NOTICE OF MOTION OF DEBTOR, PURSUANT TO
SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 2002 AND 3003(c), FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

      The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, pursuant to sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), establishing bar dates for filing proofs of claim in the City's chapter 9 bankruptcy case, and approving the form and manner of notice thereof.

      **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by October 24, 2013**, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

      If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

---

[1]      Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071

Jonathan S. Green
Stephen S. LaPlante
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226

2.      If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.  The City has requested that the Court schedule a hearing date with respect to the motion of **November 13, 2013** at 10:00 a.m., Eastern Time, or sooner if the Court's schedule permits.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:     October 10, 2013                    Respectfully submitted,

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

**EXHIBIT 4**

**(Certificate of Service)**

## <u>CERTIFICATE OF SERVICE</u>

I, Heather Lennox, hereby certify that the foregoing Motion of Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof was filed and served via the Court's electronic case filing and noticing system on this 10th day of October, 2013.


/s/ Heather Lennox

# EXHIBIT 6.1

## (Schedule of Secured Bonds)

## SCHEDULE OF SECURED BONDS

With respect to the following series of bonds (collectively, the "Secured Bonds"), the applicable trustee or similar entity has informed the City that it will (i) file any proofs of claim on behalf of the holders of the Secured Bonds; and (ii) provide notice to the holders of the Secured Bonds.

| Description | Trustee or Similar Entity |
| --- | --- |
| Sewage Disposal System Revenue Bond Series 1998-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1998-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1999-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(1) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(2) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-E | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2012-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1993 | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1997-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-A | U.S. Bank N.A. |

| Description | Trustee or Similar Entity |
|---|---|
| Water Supply System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-C | U.S. Bank N.A. |
| Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010-A | U.S. Bank N.A. |
| Distributable State Aid General Obligation Limited Tax Bonds Series 2010 | U.S. Bank N.A. |
| Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2) | U.S. Bank N.A. |
| Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A | The Bank of New York Mellon Trust Company, N.A. |

# EXHIBIT 6.2

## (Proposed Form of Bar Date Notice)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------------------x
                     :

In re                         :         Chapter 9
                     :

CITY OF DETROIT, MICHIGAN,      :         Case No. 13-53846
                     :

             Debtor.      :         Hon. Steven W. Rhodes
                     :
                     :

------------------------------------------------------x

---

## SUMMARY OF NOTICE

- This document explains how to file a claim against the City of Detroit, Michigan (the "City") in its bankruptcy case.

- The deadline for most claimants to file a claim against the City is **January 21, 2014 at 5:00 p.m., Eastern Time**.

- If you are required to file a claim against the City and do not do so, you will not be entitled to vote on, or share in any distributions under, the City's chapter 9 plan.

- **Not everyone is required to file a claim.** As described in greater detail below, the following claimants, among others, do **not** need to file a claim:

  - Retirees and employees whose claims are only for future healthcare or pension benefits.

  - Parties with routine income tax refund claims, which will be processed by the City in the ordinary course.

  - The holders of secured bonds (as described below) on whose behalf claims will be filed by the trustee of the applicable series of bonds.

  - Claimants asserting expenses of administration under section 503(b) of the Bankruptcy Code other than (a) claims under section 503(b)(9) of the Bankruptcy Code and (b) certain Rejection Damages Claims, as defined below.

- **You should read this document carefully.** After reading this document, if you have any questions regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline during normal business hours at (877) 298-6236, which is staffed by the City's claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC"). Please note that KCC is not permitted to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should consult an attorney.

[Note: This Summary of Notice is for the service version, not the publication version, of this Notice.]

## NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

### (GENERAL BAR DATE IS JANUARY 21, 2014
### AT 5:00 P.M., EASTERN TIME)

**TO ALL PERSONS AND ENTITIES**
**WITH CLAIMS AGAINST THE CITY OF DETROIT, MICHIGAN:**

On **[_____]**, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (Docket No. **[___]**) (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 9 bankruptcy case of the City.

By the Bar Date Order, the Court established **January 21, 2014 at 5:00 p.m., Eastern Time** (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the City's case. As described below, certain claimants are not required to file proofs of claim with respect to their claims, and the Bar Date Order also establishes different bar dates with respect to certain categories of claims. *To determine if you need to file a proof of claim in this case and the applicable deadline and instructions for filing a proof of claim, please read this Notice carefully.*

### *List of Claims*

On the Filing Date (as defined below), the City filed its List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 16) (the "Original List of Creditors"). On August 1, 2013, the City filed its Amended List of Creditors Pursuant to Section 924 of the Bankruptcy Code and Bankruptcy Rule 1007 (Docket No. 258) (the "Amended List of Creditors"), which replaced the Original List of Creditors and redacted certain personal information therein.

On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which supplemented and amended the information in the Amended List of Creditors and also constitutes the City's list of claims under section 925 of the Bankruptcy Code (as amended or supplemented from time to time, the "List of Claims"). Any claim identified on the List of Claims is referred to herein as a "Scheduled Claim."

### *Proof of Claim Form*

For your convenience, enclosed with this Notice is a proof of claim form (the "Claim Form"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the City's List of Claims. A blank copy of the Claim Form also is available on the City's restructuring website at www.kccllc.net/detroit. **[Note: This paragraph is for the service version, not the publication version, of this Notice.]**

For the convenience of potential claimants, a proof of claim form prepared for use in the City's chapter 9 case (the "Claim Form") is available on the City's restructuring website at www.kccllc.net/detroit. **[Note: This paragraph is for the publication version of this Notice.]**

### *Certain Definitions*

As used in this Notice the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code") and includes, among other things, individuals, partnerships, corporations, joint ventures and trusts.

As used in this Notice, the term "claim" means, as to or against the City and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

# 1. THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in this case (collectively, the "Bar Dates"):

(a)     <u>The General Bar Date</u>. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the City that arose (or are deemed to have arisen) prior to the commencement of this case are required to file proofs of claim by the General Bar Date (<u>i.e.</u>, by January 21, 2014 at 5:00 p.m., Eastern Time). This case was commenced on July 18, 2013 (the "<u>Filing Date</u>"). The General Bar Date applies to all types of claims against the City that arose prior to the Filing Date, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date applies to all claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code, subject to Section 3 below.

(b)     <u>The Rejection Damages Bar Date</u>. Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation and effectiveness of a plan of adjustment in the City's chapter 9 case (any such order, a "<u>Rejection Order</u>"), or claims otherwise related to such rejected agreements, including (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Filing Date and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "<u>Rejection Damages Claims</u>") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the relevant Rejection Order. The later of these dates is referred to in this Notice as the "<u>Rejection Damages Bar Date</u>." *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date.* In accordance with the Bar Date Order, any Rejection Order entered by the Bankruptcy Court will specify the Rejection Damages Bar Date applicable to any executory contracts or unexpired leases rejected thereunder.

(c)     <u>The Amended Claims List Bar Date</u>. Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, the City amends or supplements its List of Claims to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim; (ii) change the nature or classification of a Scheduled Claim in a manner adverse to the listed creditor; or (iii) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "<u>Modified Claim</u>"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (i) the General Bar Date; and (ii) 5:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "<u>Amended Claims List Bar Date</u>"). The City will provide notice of any Amended Claims List Bar Date to affected claimants. Affected claimants that previously filed a proof of claim (any such claim, a "<u>Filed Claim</u>") with respect the liabilities giving rise to any Modified Claim need not refile their proof of claim because the Filed Claim is deemed to supersede and replace the original Scheduled Claim and the Modified Claim. In addition, if the City's amendment to the List of Claims improves the amount or treatment of a Scheduled Claim or a Filed Claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date. Notwithstanding the foregoing, nothing contained herein precludes the City from objecting to any Scheduled Claim or Filed Claim on any grounds.

(d)     <u>The Governmental Bar Date</u>. Governmental units (as defined in section 101(27) of the Bankruptcy Code) are not subject to the General Bar Date. Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units must file proofs of claim in this case (the "<u>Governmental Unit Bar Date</u>") is the later of: (i) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (ii) any Rejection

Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit. No order for relief has yet been entered in the City's chapter 9 case, and proceedings to establish the City's eligibility to be a chapter 9 debtor are ongoing at this time. If the City prevails in establishing eligibility, the Court will enter an order for relief consistent with section 921(d) of the Bankruptcy Code. **[Update as appropriate at time that this Notice is finalized.]** The City will provide notice of the entry of an order for relief to all known creditors that are governmental units of the Court's entry of an order for relief and the resulting Governmental Bar Date.

## 2.   WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section 5 below applies, if you have a claim that arose or is deemed to have arisen prior to the Filing Date (any such claim, a "Prepetition Claim"), you MUST file a proof of claim to share in distributions from the City's bankruptcy case or to vote on a chapter 9 plan. Claims based on acts or omissions of the City that occurred before the Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Except where the Rejection Damages Bar Date, the Amended Claims List Bar Date or the Governmental Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file proofs of claim on or before the General Bar Date:

(a)     any entity (i) whose Prepetition Claim against the City is not listed in the City's List of Claims or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment; and

(b)     any entity that believes its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the List of Claims.

## 3.   WHAT TO FILE

As noted above, the City is enclosing a Claim Form for use in this case, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10. If your claim is listed by the City on its List of Claims (other than claims arising from unsecured general obligation bonds issued by the City), the attached Claim Form sets forth: (a) the amount of your claim (if any) as listed by the City; (b) whether your claim is listed as disputed, contingent or unliquidated; and (c) whether your claim is listed as a secured claim, an unsecured priority claim or an unsecured nonpriority claim. You will receive a different Claim Form for each claim listed in your name by the City. You may utilize the Claim Form(s) provided by the City to file your claim. Additional proof of claim forms may be obtained at the following websites: (a) www.kccllc.net/detroit for a blank Claim Form designed specifically for this case or (b) www.uscourts.gov/bkforms for a copy of Official Bankruptcy Form No. 10. **[Note: This paragraph is for the service version, not the publication version, of this Notice.]**

To file your claim, you may use (a) the Claim Form specifically prepared for this chapter 9 case, which is available at www.kccllc.net/detroit or (b) another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10 (which form is available at www.uscourts.gov/bkforms). **[Note: This paragraph is for the publication version of this Notice.]**

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents on which the claim is based (the "Supporting Documents") (or, if the Supporting Documents are voluminous, you may attach a summary) or an explanation as to why the documents are not available. If you file a summary of the Supporting Documents because they are voluminous, you must transmit the Supporting Documents to (a) the City of Detroit Claims Processing Center (as defined below) and (b) the City within ten days after the date of a written request by the City for such documents.

Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form satisfies the procedural requirements for the assertion of any administrative priority claims under section 503(b)(9) of the Bankruptcy Code. Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, satisfies the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). Claims asserting administrative expense priority (a) under section 503(b)(9) of the Bankruptcy Code or (b) as a portion of a Rejection Damages Claim must be filed by the General Bar Date and the Rejection Damages Bar Date, respectively.

***All other administrative claims under sections 503(b) and 507(a)(2) of the Bankruptcy Code will not be deemed proper if asserted by proof of claim. The City intends to establish a process for the assertion of such claims at a future date if and to the extent necessary or appropriate. Note that the claim priorities provided under subsections (a)(1) and (a)(3) through (a)(10) of section 507 of the Bankruptcy Code are inapplicable in chapter 9 pursuant to section 901(a) of the Bankruptcy Code.***

**4.     WHEN AND WHERE TO FILE**

All proofs of claim must be filed so as to be received **on or before the applicable Bar Date**, at the following address (the "City of Detroit Claims Processing Center"):

> City of Detroit Claims Processing Center
> c/o Kurtzman Carson Consultants, LLC
> 2335 Alaska Avenue
> El Segundo, CA 90245

Proofs of claim will be deemed filed only when **actually received** by the City of Detroit Claims Processing Center on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the City of Detroit Claims Processing Center, docketed and maintained by the City's claims agent, Kurtzman Carson Consultants LLC ("KCC"). If you wish to receive acknowledgement of KCC's receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, postage prepaid return envelope.

**5.     WHO DOES NOT NEED TO FILE A PROOF OF CLAIM**

The Bar Date Order further provides that entities holding the following claims (which claims otherwise would be subject to the General Bar Date) need not file proofs of claim on account of such claims:

(a)     Any claim for unfunded actuarially accrued healthcare liabilities associated with the City's Health and Life Insurance Benefit Plan and the Supplemental Death Benefit Plan (any such claim, a "Healthcare UAAL Claim").

(b)     Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for unfunded pension liabilities (any such claim, a "Pension Liability Claim").

(c)     Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds identified on the "Schedule of Secured Bonds" on the last page

of this Notice (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs"). In each case, the trustee or similar entity with respect to the applicable series of Secured Bonds or COPs has informed the City that, consistent with Bankruptcy Rule 3003(c)(5), it intends to: (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d)     Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, provided, however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(e)     Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court in a form substantially similar to Official Bankruptcy Form No. 10;

(f)     Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(g)     Any claim that previously has been allowed by order of the Court;

(h)     Any claim that has been paid in full by the City; and

(i)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any 503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

***For the avoidance of doubt, employees and retirees asserting Prepetition Claims other than Healthcare UAAL Claims and Pension Liability Claims should file a proof of claim to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing subparagraphs a through i.***

**6.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As described in Section 1 above, any entity wishing to assert a Rejection Damages Claim must file a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Damages Bar Date.

**7.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE CITY, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING:  (A) ASSERTING ANY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION THAN ANY CLAIM IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OF ADJUSTMENT IN THIS CHAPTER 9 CASE IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY 503(B)(9) CLAIM OR ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY.

**8.      THE CITY'S LIST OF CLAIMS AND ACCESS THERETO**

You may be listed as the holder of a claim against the City in the City's List of Claims.  To determine if and how you are listed on the List of Claims, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount and status of your claim(s).  See paragraph 10 below for instructions regarding how to access the List of Claims.  If you received postpetition payments from the City on account of your claim, the information on the enclosed proof of claim form may reflect the net remaining amount of your claims.

If you rely on the City's List of Claims, it is your responsibility to determine that the claim is accurately listed in the List of Claims.  However, you may rely on the enclosed form, which sets forth (a) the amount of your claim (if any) as listed; (b) specifies whether your claim is listed in the List of Claims as disputed, contingent or unliquidated; and (c) identifies whether your claim is listed as a secured, unsecured priority or unsecured nonpriority claim.

As described above, if you agree with the nature, amount and status of your claim as listed in the City's List of Claims, and if your claim is not described in the Schedules as "disputed," "contingent" or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.  **[Service Version, omit this Section 8 in Publication Version]**

**9.      RESERVATION OF RIGHTS**

The City reserves the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Claims as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any listed claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims.  Nothing contained in this Notice shall preclude the City from objecting to any claim, whether listed or filed, on any grounds.

**10.      ADDITIONAL INFORMATION**

Copies of the City's List of Claims, the Bar Date Order and other information and documents regarding the City's chapter 9 case are available free of charge on KCC's website at www.kccllc.net/detroit or for a fee at the Court's website at https://ecf.mieb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information through the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  The List of Claims and other documents filed in this case may be accessed electronically, between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the public access terminals located on the 17th Floor of the Bankruptcy Court Clerk's Office at 211 West Fort Street, Detroit, Michigan 48226.  Copies of documents may be printed for a charge.

If you require additional information regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline at (877) 298-6236 between 9:00 a.m. and 5:00 p.m., Eastern Time, Monday through Friday.  You also may contact the City's claims agent, KCC, directly by writing to:

City of Detroit Claims Processing Center
c/o Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA  90245

**PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.  IF YOU ARE THE HOLDER OF A POSSIBLE CLAIM AGAINST THE CITY, YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE OR FOR ANY LEGAL ADVICE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

Dated: [_____], 2013                    BY ORDER OF THE COURT

## SCHEDULE OF SECURED BONDS

The applicable trustee or similar entity with respect to the following series of bonds has informed the City that it intends to: (a) file any proofs of claim against the City on behalf of the holders of these bonds; and (b) provide notice to the holders of the bonds.

| Description | Trustee or Similar Entity |
|---|---|
| Sewage Disposal System Revenue Bond Series 1998-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1998-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 1999-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(1) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001(C)(2) | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2001-E | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Sewage Disposal System Revenue Bond Series 2012-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1993 | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 1997-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2001-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2003-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2004-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2005-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-C | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2006-D | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-A | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-B | U.S. Bank N.A. |
| Water Supply System Revenue Bond Series 2011-C | U.S. Bank N.A. |
| Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010-A | U.S. Bank N.A. |
| Distributable State Aid General Obligation Limited Tax Bonds Series 2010 | U.S. Bank N.A. |
| Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2) | U.S. Bank N.A. |
| Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A | The Bank of New York Mellon Trust Company, N.A. |

# EXHIBIT 6.3

## (Proposed Proof of Claim Form)

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone number:                    email:

**COURT USE ONLY**

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
   (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**          $_____

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❏Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
   (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**_____
   (See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Nature of property or right of setoff:** ❏Real Estate  ❏Motor Vehicle  ❏Other
**Describe:**

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:**          $_____

**Annual Interest Rate (when case was filed)_____% ❏Fixed  or  ❏Variable**

**Amount Unsecured:**          $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**          $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**          $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
 Check the appropriate box.

❏ I am the creditor.   ❏ I am the creditor's authorized agent.   ❏ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)   ❏ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):          (Signature)                    (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:** State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as listed by the debtor on the Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), as it may be amended or supplemented from time to time.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and

value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority as a Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**
If any portion of the claim is entitled to priority under U.S.C. §§ 503(b)(9) and 507(a)(2), state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed
after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011.
If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly

unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority as an Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims. In a chapter 9 case, 11 U.S.C. § 503(b)(9) may provide priority status to claims for "the value of goods received by the debtor within 20 days before the date of commencement of a case.. in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

Pursuant to 11 U.S.C. § 901(a), the priorities accorded certain claims under 11 U.S.C. § 507(a)(1) and (a)(3-10) are inapplicable in a chapter 9 case.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

### _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/Detroit

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

> PLEASE SEND COMPLETED PROOFS OF CLAIM TO:
> City of Detroit Claims Processing Center
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------- x
                                             :
In re                                        :          Chapter 9
                                             :
CITY OF DETROIT, MICHIGAN,                    :          Case No. 13-53846
                                             :
            Debtor.                          :          Hon. Steven W. Rhodes
-------------------------------------------- x
```

## DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY

The City of Detroit (the "City") objects to the Motion for Limited Relief from the Automatic Stay [Dkt. No. 1137] (the "Stay Relief Motion") filed by Lasalle Town Houses Cooperative Association, Joliet Town Houses Cooperative Association, and St. James Cooperative (collectively, the "Plaintiffs"). In support of this Objection, the City incorporates in their entirety the arguments set forth in the Brief in Opposition to the Stay Relief Motion, filed contemporaneously herewith (the "Brief in Opposition") and respectfully represents as follows:

### Objection

For all of the reasons set forth in the Brief in Opposition, the relief requested in the Stay Relief Motion must be denied.

WHEREFORE, for the reasons set forth herein and in the Brief in Opposition, the City respectfully requests that this Court: (a) deny the Stay Relief

Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: October 24, 2013          Respectfully submitted,

By: /s/ Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382

- 2 -

13-53846-tjw   Doc 22954-1   Filed 07/08/14   Entered 07/08/14 09:08:09   Page 72 of
130
13-53846-swr   Doc 22954-1   Filed 07/24/14   Entered 07/24/14 17:08:07   Page 72 of   79

Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------- x
                                             :
In re                                        :        Chapter 9
                                             :
CITY OF DETROIT, MICHIGAN,                    :        Case No. 13-53846
                                             :
            Debtor.                          :        Hon. Steven W. Rhodes
-------------------------------------------- x
```

## DEBTOR'S BRIEF IN OPPOSITION TO MOTION FOR
## LIMITED RELIEF FROM AUTOMATIC STAY[1]

Although the Plaintiffs style their motion as one for "limited relief," in actuality, the motion requests complete relief from the automatic stay. The Plaintiffs ask that their potential class action lawsuit proceed as if the City's bankruptcy had not occurred. This is not "limited" relief; it is exemption from the automatic stay applicable to all lawsuits pending against the City. The Plaintiffs fail to identify any legitimate basis for this exemption or explain why their alleged general unsecured claims differ from the thousands of other general unsecured claims that will be resolved through the claims resolution process. Additionally, courts have consistently held that once a bankruptcy case is filed, judicial economy favors resolving potential class claims in the bankruptcy case rather than in a

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Debtor's Objection to Motion for Relief from the Automatic Stay.

separate class action lawsuit.  A bankruptcy case consolidates all claims in one forum and allows class action claimants to file proofs of claim without counsel and at virtually no cost.  It is, in reality, a more effective process than a class action lawsuit.

As set forth in the City's motion to establish a claims bar date, the City intends to file a motion seeking approval of an efficient process for liquidating prepetition claims asserted against the City.  Allowing the Plaintiffs' lawsuit to proceed *ad hoc* outside the claims resolution process would undermine one of the most fundamental protections afforded to the City as a chapter 9 debtor.  As of the Petition Date, approximately 700 lawsuits were pending against the City.  *See* Creditor List at Schedule G.  Absent the enforcement of the automatic stay, the City would be spending its already limited resources defending these cases rather than focusing its efforts and resources on its restructuring.  The Plaintiffs fail to provide a basis to proceed outside of the normal claims resolution process and should not be afforded relief from the stay to do so.

## I.    <u>BACKGROUND</u>

### A.    **The Lawsuit in the District Court**

On August 23, 2012, the Plaintiffs filed a complaint against the City of Detroit, acting through its Detroit Water and Sewerage Department, in the United States District Court for the Eastern District of Michigan ("<u>District Court</u>"),

commencing case number 12-13747 ("Lawsuit").  The Complaint (without exhibits) is attached as Exhibit 1.   Paragraph one of the Complaint alleges that the Lawsuit involves a "class of all persons and entities which own dwellings or buildings with multiple units that are utilized for residential purposes or other entities that pay water and sewerage utility charges for such dwelling/buildings, such as, but not limited to apartment buildings, cooperatives, town houses and condominiums whom and which have been charged improper or commercial rates by the Detroit Water and Sewerage Department." Complaint ¶ 1. The relief sought in the Complaint includes class certification, money damages in an amount equal to the allegedly improperly paid commercial rates, and an incentive fee to the named plaintiffs.  Complaint at 10.

On October 2, 2012, the City, represented by Clark Hill PLC ("Clark Hill"), filed its answer and affirmative defenses ("Answer").  The Answer is attached as Exhibit 2.  In the Answer, the City denies that the Plaintiffs are entitled to the relief sought in the Complaint and raises numerous affirmative defenses, including *res judicata* based upon a prior settlement between many of the Plaintiffs and the City.

On January 16, 2013, the District Court entered its Order Setting Discovery and Motion Deadlines Relative to Class Certification and Setting  Hearing Date ("Pre-Certification Scheduling Order"). The Pre-Certification Scheduling Order is attached as Exhibit 3.  As set forth in the Pre-Certification Scheduling Order, at the

parties' request, the District Court divided the Lawsuit into pre-certification and post-certification stages. Pre-Certification Scheduling Order at 1. The Court established March 31, 2013 as the pre-certification discovery cutoff and June 4, 2013, as the deadline for the final brief on the Plaintiffs' motion for certification. *Id.* at 2.

On May 21, 2013, the City filed its motion to dismiss the Complaint ("Motion to Dismiss"). The Motion to Dismiss (without exhibits) is attached as Exhibit 4. As set forth in the Motion to Dismiss, the Plaintiffs' claims are barred by *res judicata* because they could and should have been asserted in an earlier equal protection action against the City. Further, the Plaintiffs' equal protection claim fails as a matter of law because the City has a rational basis for charging commercial water and sewerage rates to multiple family buildings with five or more units. Motion to Dismiss at 1.

On July 11, 2013, the District Court conducted a hearing on the Motion to Dismiss and the Plaintiffs' Motion to Certify Class. At the conclusion of the hearing, the District Court took both matters under advisement. On July 29, 2013, the District Court entered an order staying and administratively closing the Lawsuit due to the City's bankruptcy filing. In or around July 2013, Clark Hill was terminated as counsel due to the irreconcilable conflict caused by its representation

of the General Retirement System of the City of Detroit in connection with this chapter 9 case.  Exhibit 5, Wolfson Dec. ¶¶ 6-7.

**B.      The City's Bankruptcy Case**

On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, commencing the largest chapter 9 case in history.

On October 10, 2013, the City filed its Motion for Entry of Order Establishing Bar Dates for Filings Proofs of Claim ("Bar Date Motion"). [Dkt. No. 1146].   As set forth in the Bar Date Motion, consistent with this Court's order of October 8, 2013 [Dkt. No. 1114], the City intends to file a motion by November 12, 2013 for approval of an efficient process for liquidating prepetition tort claims asserted against the City.  Bar Date Motion ¶ 25.  The City anticipates that this process: (a) may involve the use of alternative dispute resolution practices, including mediation or consensual arbitration; and (b) would be implemented once the tort claims have been asserted through the proof of claims process.  *Id*. The City also intends to establish a process for the assertion of other administrative expense claims at a future date if and to the extent necessary *Id*. ¶ 13.

## II.  **ARGUMENT**

Under the factors generally applied to stay motions in this circuit, there is no cause for relief from stay. Section 362(a) of the Bankruptcy Code provides in relevant part that:

> a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 362(a).  The Automatic Stay "is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors.  It stops all collection efforts, all harassment, and all foreclosure actions." *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363 (6th Cir. 1997) (quoting H.R. REP. NO. 95-595, at 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6296).

Section 362(d) of the Bankruptcy Code authorizes a bankruptcy court to grant relief from the Automatic Stay in limited circumstances.  *See* 11 U.S.C. § 362(d).  In particular, section 362(d)(1) of the Bankruptcy Code provides that a party in interest may obtain relief from the Automatic Stay "for cause, including

the lack of adequate protection of an interest in property of such party in interest."

11 U.S.C. §362(d)(1).

"The Bankruptcy Code does not define 'cause' as used in [section]
362(d)(1). Therefore, under [section] 362(d), 'courts must determine whether
discretionary relief is appropriate on a case by case basis.'" *Chrysler LLC v.
Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.)*, 382
B.R. 90, 106 (Bankr. E.D. Mich. 2008) (*quoting Laguna Assocs. L.P. v. Aetna
Casualty & Surety Co. (In re Laguna Assocs. L.P.)*, 30 F.3d 734, 737 (6th Cir.
1994)). The determination of whether to grant relief from the Automatic Stay
"resides within the sound discretion of the Bankruptcy Court." *Sandweiss Law
Center, P.C. v. Kozlowski (In re Bunting)*, No. 12-10472, 2013 WL 153309, at *17
(E.D. Mich. Jan. 15, 2013) (*quoting In re Garzoni*, 35 F. App'x 179, 181 (6th Cir.
2002)).

> To guide the bankruptcy court's exercise of its discretion
> . . . the Sixth Circuit identifies five factors for the court to
> consider: (1) judicial economy; (2) trial readiness; (3) the
> resolution of the preliminary bankruptcy issues; (4) the
> creditor's chance of success on the merits; and (5) the
> cost of defense or other potential burden to the
> bankruptcy estate and the impact of the litigation on other
> creditors.

*Bunting*, 2013 WL 153309, at *17 (*quoting Garzoni*, 35 F. App'x at 181) (internal

quotation marks omitted). In determining whether cause exists, however, "the

bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *Plastech*, 382 B.R. at 106 (*quoting In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995)). In that regard, a primary purpose of bankruptcy is the centralization of claims against the debtor for determination by the bankruptcy court through the claims allowance process. *See In re Hermoyian*, 435 B.R. 456, 464 (Bankr. E.D. Mich. 2010) (stating that an underlying policy of the Bankruptcy Code is the provision of a centralized forum for claims resolution and orderly distribution of assets). Further, the automatic stay benefits the creditor body at large by ensuring their equal treatment and preventing a race to the courthouse. *See* H.R. REP. NO. 95-595, at 340 (1977) ("The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors.").

Here, consideration of these factors confirms that no cause (much less sufficient cause) exists to justify relief from the Automatic Stay to allow the Lawsuit to proceed. With respect to the first factor, the interests of judicial economy weigh heavily in favor of denying the Stay Relief Motion. Courts have generally held that once a bankruptcy case is filed, judicial economy favors resolving claims of any alleged class by the bankruptcy claim resolution process

rather than in a separate non-bankruptcy class action lawsuit. "[B]ankruptcy significantly changes the balance of factors to be considered in determining whether to allow a class action and . . . class certification may be less desirable in bankruptcy than in ordinary civil litigation." *TL Admin. Corp. v. Twinlab Corp. (In re Ephedra Prods. Liab. Litig.)*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (citations and internal quotation marks omitted). As the *Ephedra* court noted, "[the] superiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost." *Id.* at 9; *see also In re Motors Liq. Co.*, 447 B.R. 150, 163-65 (Bankr. S.D.N.Y. 2011) (noting that "class litigation is inherently more time-consuming than the expedited bankruptcy procedure for resolving contested matters"). In short, the claims of the Plaintiffs and any other putative members of the class can be resolved most efficiently through the centralized claims resolution process, a fundamental aspect of bankruptcy, which affords both the claimant and debtor necessary protections.

With respect to the second factor, the Lawsuit is in its preliminary stages. The City's Motion to Dismiss and the Plaintiff's motion for class certification are pending. There is no timeline for a decision by the Court, and it is inevitable that

the non-prevailing party will seek to appeal an adverse ruling.[2]  No trial date

appears on the docket.  Thus, the Lawsuit is not even advanced beyond the pre-

certification stage, much less trial ready.

The third and fourth factors also weigh in favor of denying the Stay Relief

Motion.  The Court has not yet resolved the City's eligibility for relief in this

chapter 9 case.  Nothing could be more basic or preliminary to the ultimate

outcome of this chapter 9 case.  Further, as set forth in the Motion to Dismiss, the

Plaintiffs have not demonstrated a likelihood of success on the merits.  *See* Exhibit

4.

Additionally, the fifth factor weighs in favor of denying the Stay Relief

Motion.  If this Court were to allow the Plaintiffs to proceed with the Lawsuit, the

City would be required to obtain new outside counsel to represent it in the Lawsuit.

Wolfson Dec. ¶ 8.  Hiring new outside counsel would cause the City to incur

substantial expenses.  *Id.* ¶ 9.  New outside counsel would be required to, among

other things, review the numerous motions, pleadings and discovery responses

filed in the Lawsuit.  *Id.*  Further, if the Lawsuit were allowed to proceed and the

---

[2] The broad relief requested by the Plaintiffs to "liquidate the claim" would
seemingly permit all necessary appeals or other motions until liquidation is
achieved.  At a minimum, it would be fundamentally unfair to permit a ruling on
the class certification issue and, if certification is granted, deny the City the ability
to further challenge such a ruling.  Liquidating all of the claims in the bankruptcy
process avoids all of these issues and both expedites the claims liquidation process
and reduces its cost.

Motion to Dismiss not granted by the District Court, the Lawsuit would consume large resources. *Id.* ¶ 10. As a potential class action, the Lawsuit is a significant matter requiring considerable legal expenses. *Id.* Requiring the City to defend the Lawsuit would distract its restructuring efforts, diverting its limited resources at a time when it is both working to negotiate and deliver a plan of adjustment quickly and engaged in a substantial amount of discovery and litigation (all on an expedited timeframe) arising in the bankruptcy case itself.

Perhaps sensing that the stay relief factors do not tilt in their favor, the Plaintiffs cite to *Urbain v. Knapp Brothers Manufacturing Company* for the proposition that this Court should "stay its actions." Stay Relief Motion ¶ 15. *Urbain*, however, did not involve the automatic stay or a bankruptcy case, but instead focused on the idea that if two separate but related Federal District Court actions are filed, the court in which the first action is filed can stay proceedings in the second until matters in the first proceeding are resolved. *Urbain v. Knap Bros. Mfg. Co.*, 217 F.2d 810 (6th Cir. 1954). That case is entirely different from the facts here, where a bankruptcy case has been filed and the Bankruptcy Code § 362 automatic stay is in effect. The entire purpose of the automatic stay is to provide debtors with breathing room and avoid the race to the courthouse. The Plaintiffs' assertion, which is essentially that they "won the race to the courthouse" and thus should be allowed to proceed is contrary to the Bankruptcy Code.

In short, allowing the Lawsuit to proceed undermines the protections of the automatic stay. The City sought relief under chapter 9 in part to obtain the "breathing spell" afforded by the automatic stay and the consequent protection from its creditors while it restructures its affairs and prepares a plan of adjustment. The City's finances would be further depleted and its personnel distracted from their mission to operate the City for the benefit of its citizens and restructure its affairs if it were denied this basic protection of chapter 9 and forced to defend itself against the Plaintiffs so early in the case. Accordingly, the overall goals of chapter 9 weigh heavily in favor of denying stay relief to the Plaintiffs.

III.  **CONCLUSION**

WHEREFORE, the City respectfully requests that this Court: (a) deny the Stay Relief Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: October 24, 2013          Respectfully submitted,

By: /s/Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420

Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com


ATTORNEYS FOR THE CITY OF DETROIT

EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC., a
Domestic Nonprofit Corporation, and JOLIET
TOWN HOUSES COOPERATIVE ASSOCIATION,
a Domestic Nonprofit Corporation, ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
individually and on behalf of all similarly situated entities,**

|  | |
|---|---|
| Plaintiffs, | **CLASS ACTION** |
| v. | Case No. |
|  | HON. |
| **CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE
DEPARTMENT,** | |
| Defendant. | |

| |
|---|
| **PENTIUK, COUVREUR & KOBILJAK, P.C.**
By:    Randall A. Pentiuk (P32556)
And:  Kerry L. Morgan (P32645)
Attorneys for Plaintiffs
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
(734) 281-7100
RPentiuk@pck-law.com
KMorgan@pck-law.com |

**CLASS ACTION COMPLAINT**

NOW COME Plaintiffs, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION,

a Domestic Nonprofit Corporation, NICOLET TOWN HOUSES COOPERATIVE

ASSOCIATION, a Domestic Nonprofit Corporation, LAFAYETTE TOWN HOUSES, INC., a

*(vertical left margin)* PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

Domestic Nonprofit Corporation, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, a Domestic Nonprofit Corporation, and ST. JAMES COOPERATIVE, a Domestic Nonprofit Corporation, individually and on behalf of all similarly situated entities, by and through their Attorneys, PENTIUK, COUVREUR & KOBILJAK, P.C., and for their Complaint, states as follows:

## INTRODUCTION

1.      This action is brought on behalf of a class of all persons and entities whom and which own dwellings or buildings with multiple units that are utilized for residential purposes or other entities that pay water and sewerage utility charges for such dwellings/buildings, such as, but not limited to apartment buildings, cooperatives, town houses and condominiums whom and which have been charged improper or commercial rates by the Detroit Water and Sewerage Department (hereinafter "DWSD"). A prior 2009 similar action was filed in *Village Center v City of Detroit*, 2:07-cv-12963.

2.      DWSD is the entity designated under law that provides water and sewerage to its residents which include the Plaintiffs and others similarly situated.

3.      For many years continuing through the date of filing this Complaint, Defendant has been charging Plaintiffs' residents, and upon information and belief others similarly situated, at a commercial rate rather than a residential rate. See Exhibit 1, LaSalle; Exhibit 2, Nicolet; Exhibit 3, Lafayette; Exhibit 4, Joliet; and Exhibit 5, St. James.

4.      Upon information and belief, waste water discharged in the City of Detroit is treated by the DWSD pursuant to an agreement with the City of Detroit and DWSD.

2

**JURISDICTION AND PARTIES**

5.      This Court has jurisdiction as per 28 USC 1331 and venue is proper under 28 USC 1391(b).

6.      Plaintiff, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to LaSalle Town Houses Cooperative Association.

7.      Plaintiff, NICOLET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Nicolet Town Houses Cooperative Association.

8.      Plaintiff, LAFAYETTE TOWN HOUSES, INC., is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Lafayette Town Houses, Inc.

9.      Plaintiff, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Joliet Town Houses Cooperative Association.

10.     Plaintiff, ST. JAMES COOPERATIVE, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to St. James Cooperative.

11.     The Defendant, CITY OF DETROIT and the DETROIT WATER AND SEWERAGE DEPARTMENT, are located in Wayne County, Michigan.

3

## CLASS ALLEGATIONS

12.     Plaintiffs incorporate paragraphs 1 through 11 as if more fully set forth herein.

13.     All Plaintiffs and class members have suffered and continue to suffer similar harm due to being charged improper water rates and/or being charged at a commercial rate rather than a residential rate.

14.     <u>Class Definition</u>: Plaintiffs seek to certify the following class.

>       All entities or individuals owning, or acting for owners of, buildings, apartment buildings, town houses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the DWSD which DWSD has not previously adjusted based on prior litigation for the time period of at least six years prior to filing the instant complaint through the date of final judgment, or such longer amount of time as may be allowed by law.

15.     <u>Numerosity</u>.  The proposed class is so numerous that joinder of all members is impracticable.  While the exact number of class members is not now known, the Plaintiffs believe the class number is significant and may be readily identified from Defendant's records.

16.     <u>Commonality</u>.  There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

17.     Among the questions of law or fact common to the class are the following:

>       a)      Whether the commercial rate being charged bears a reasonable relation to the use of the utilities by the residential class and the services provided by the DWSD.

>       b)      Are all persons of the same class included and affected alike, or are immunities or privileges extended to an arbitrary or unreasonable class

4

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

at law

while denied to others of like kind?

    c)    Does any ordinance, statute, court order or law prohibit and preclude the commercial rate to be assessed to Plaintiffs and those similarly situated?

18.    <u>Typicality</u>.  The harm suffered by named Plaintiffs is typical of the harm suffered by other class members as to the rate, differing only in amount.  Accordingly, the claims of Plaintiffs are the same as those of the other class members.  Resolution of these common questions will determine the liability of the Defendant to the class members in general.  Thus, they properly form the basis for class treatment in this case.

19.    Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant, to wit: Plaintiffs should be charged at residential and not commercial rates.

20.    <u>Adequacy of Representation</u>.  The represented parties will fairly and adequately assert and protect the interest of the class.  The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

21.    Plaintiffs' counsel will also fairly and adequately represent the interest of the class.  The law firm of Pentiuk, Couvreur & Kobiljak, P.C., is well versed in the facts and the substantive law underlying the Plaintiffs' claims.

22.    This class action is maintainable under Federal Rule of Civil Procedure 23(b)(1)(A)(B), (2) and (3).

23.    The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

5

a)      The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b)      Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24.      The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory relief is appropriate respecting the class as a whole.   Specifically, Defendant continues to charge an improper commercial rate as more fully described in this Complaint, despite prior litigation in connection with non-party entities.

25.      The questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

26.      The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions.

27.      In view of the complexity of the issues and expense of the litigation the separate claims of individual class members are insufficient in amount to support separate actions.

6

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

28.     It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

29.     Plaintiffs are aware that potential members of the proposed class may have been parties to similar litigation in *Village Center v City of Detroit*, USDC #2:07-cv-12963 (2009).  It may be that some Plaintiffs or potential class members' remedies in part are extinguished or modified by the Final Order in that case.  Yet, since the conclusion of that case, it appears from Exhibits 1 - 5 that Plaintiffs were not accorded permanent relief and that the instant suit is required.

30.     The class action is the appropriate method for the fair and efficient adjudication of the controversy.  The legal and factual basis for the Plaintiffs' claims are the same as for the claims of all class members.  The only difference between individual claims is the severity of the damages.  Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases turning on the same question of law and fact.  The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims.  Further, the class action will save the Defendant the burden of defending multiple suits.

## COUNT I
## VIOLATION OF EQUAL PROTECTION - COMMERCIAL RATE CHARGES

31.     Plaintiff incorporates paragraphs 1 through 30 as if more fully set forth herein.

32.     The charging of residential units at commercial rates is a Constitutionally improper

7

classification and in violation of the State and Federal guarantees of equal protection (Mich Constitution 1963, Article 1, Section 2; U.S. Constitution Article 14, Section 1).

33.     DWSD does not incur any greater expense in the sewage that flows from multiple residential dwellings than single family dwellings.

34.     DWSD does not incur any greater expense in providing water/sewage service to multiple residential dwellings than it does other residential properties.

35.     Multiple residential dwellings that are charged the higher commercial rate are placed at a financial disadvantage compared with single family dwellings charged the lower residential rates.

36.     Defendant does not incur any greater expense per unit in controlling sewage for multiple dwellings than it does in controlling waste or sewage from single family dwellings.

37.     There is no natural distinguishing characteristic bearing a reasonable relationship to the object of the classification which results in multiple dwellings paying a higher commercial rate and single family dwellings paying a lower residential rate.

38.     There is no natural distinguishing characteristic of increased expense for controlling waste/sewage of multiple dwellings as compared to the like class of excluded properties.

39.     Single family dwellings are granted an immunity from paying a higher commercial rate while multiple dwellings are denied such a benefit.

40.     Plaintiffs' equal protection rights as well as the rights of others similarly situated have been violated by Defendant and as a result have incurred monetary damages.

8

## COUNT II - RESTITUTION/ASSUMPSIT

41.    Plaintiffs incorporate paragraphs 1 through 40 as if more fully set forth herein.

42.    For years Defendant has been charging the higher commercial rate to Plaintiffs and those similarly situated for services continuously provided by it which charges are not authorized by the Orders of this Court in 2:07-cv-12963, or the contract they have with DWSD.

43.    Water and sewer bills per Michigan State Laws and Detroit's own Municipal Ordinance are liens against properties that receive such services until paid.

44.    Michigan law provides that an assumpsit action – an action to recover damages for a breach of promise, may be maintained against a municipality and/or its divisions without regard to governmental immunity when restitution is being sought for illegal or inappropriate assessment.

45.    Plaintiffs seek a Court order ordering the cession of such illegal or inappropriate charges that are paid and restitution paid back to such time as is applicable under the relevant Statute of Limitations.

## COUNT III – ACCOUNTING AND ESCROW

46.    Plaintiffs incorporate paragraphs 1 through 45 as if more fully set forth herein.

47.    Members of the class continue to accrue damages daily to the extent that they are still being charged commercial rates.

48.    Plaintiffs request this Honorable Court require Defendant to show cause why the commercial rates to the proposed class members should be subject to an accounting and not be paid into escrow with the Court during the pendency of the action.

9

## COUNT IV - INJUNCTIVE RELIEF

49.    Plaintiffs incorporate paragraphs 1 through 48 as if more fully set forth herein.

50.    Plaintiffs seek injunctive relief enjoining Defendant, its agents, employees and those persons in active concert and/or participation with charging residential multi-units commercial rates.

WHEREFORE, Plaintiffs, on their own and on behalf of those similarly situated, pray for the following relief;

A.    An Order certifying the Plaintiffs' class and appointing Plaintiffs and their counsel to represent the class.

B.    A Judgment of Money Damages to Plaintiffs and class members in an amount equal to the improperly paid commercial rates as described in the Complaint, or in the alternative, credits to Plaintiffs' accounts.

C.    Injunctive relief as requested in Count IV of the Complaint.

D.    An award of reasonable attorney fees and costs.

E.    An incentive fee award to named Plaintiffs.

F.    Such other and different relief as is just and equitable.

10

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

G.   A declaration that Defendants have not fully complied with the prior orders of this

Court.

Respectfully submitted,

PENTIUK, COUVREUR & KOBILJAK, P.C.


By: /s/ Randall A. Pentiuk
Randall A. Pentiuk (P32556)
Kerry L. Morgan (P32645)
Attorney for Plaintiffs
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
(734) 281-7100
RPentiuk@pck-law.com
KMorgan@pck-law.com

Dated: August 23, 2012.
Z:\2-G-L Clients\LaSalle DWSD Class Action\Class Action Complaint June 26 2012.doc

11

EXHIBIT 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit
Corporation, NICOLET TOWN HOUSES                    Case No. 12-CV-13747
COOPERATIVE, A Domestic Nonprofit
Corporation, LAFAYETTE TOWN HOUSES,                 Hon. Paul D. Borman
INC., a Domestic Nonprofit Corporation, and
JOLIET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit
Corporation, ST. JAMES COOPERATIVE, a
Domestic Nonprofit Corportation,

       Plaintiffs,

CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE
DEPARTMENT,

       Defendant.

| PENTIUK, COUVREUR & KOBILJAK, P.C. | CLARK HILL PLC |
|---|---|
| Randall A. Pentiuk (P32556) | Reginald M. Turner, Jr. (P40543) |
| rpentiuk@pck-law.com | rturner@clarkhill.com |
| Kerry L. Morgan (P32645) | Scott G. Smith (P31966) |
| kmorgan@pck-law.com | sgsmith@clarkhill.com |
| 2915 Biddle Avenue, Suite 200 | Matthew W. Heron (P61501) |
| Wyandotte, Michigan 48192 | mheron@clarkhill.com |
| (734)281-7100 | 500 Woodward Ave., Ste. 3500 |
| Attorneys for Plaintiffs | Detroit, MI  48226 |
| | 313.965.8300 |
| | Attorneys for Defendant |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant City of Detroit, ("Defendant"), by and through its attorneys Clark Hill PLC,

for its Answer and Affirmative Defenses to the Complaint of Plaintiffs LaSalle Town Houses

Cooperative Association ("LaSalle"), Nicolet Town Houses Cooperative Association

("Nicolet"), Lafayette Town Houses, Inc., ("Lafayette"), Joliet Town Houses Cooperative

Association ("Joliet"), and St. James Cooperative ("St. James"), (collectively, "Plaintiffs"), states as follows:

1.      Defendant denies the allegations contained in this Paragraph, and denies the allegation that any of the Plaintiffs have been improperly charged "commercial rates" as alleged by Plaintiffs.  Defendant further denies that the instant action is a "similar action" to *Village Center v. City of Detroit*, Case No. 07-CV-12963 ("*Village Center Action*").  The *Village Center Action* related to a challenge to industrial waste control ("IWC") charge rates, which Defendant does not levy on any of Plaintiffs' facilities.

2.      Defendant admits that the Detroit Water and Sewerage Department ("DWSD") is the department within the City of Detroit that provides water and sewerage services to Detroit residents.  Defendant denies that DWSD is an entity separate and distinct from the City of Detroit itself.

3.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.  The allegations contained in this Paragraph do not specify the component(s) of the charges being challenged.

4.      Defendant denies the allegations contained in this Paragraph in the manner alleged.  Waste water, usually understood to be sanitary sewage, discharged in the City of Detroit is treated by DWSD pursuant to the Charter of the City of Detroit and its ordinances, as opposed to agreement between DWSD and the City of Detroit.

## JURISDICTION AND PARTIES

5.      The allegations contained in this Paragraph state conclusions of law to which no response is required.

8473631.6 34596/157060

6.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

7.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

8.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

9.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

10.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

11.      Defendant admits that it is located in Wayne County, Michigan.  Further, DWSD is a department within the City of Detroit that is also located in Wayne County, Michigan.

## CLASS ALLEGATIONS

12.      Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

13.      Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Defendant further states that  some members of the Plaintiffs' putative class may be currently charged, or may have been charged, residential rates for periods of time up to and including present charges.

14.      Defendant denies that class certification is warranted in this case, and further denies that the class proposed by Plaintiffs is appropriate.

3

15.     The allegations contained in this Paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

16.     The allegations contained in this Paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

17.     The allegations contained in this Paragraph, and its Subparagraphs, present questions and conclusions of law to which no response is required.   To the extent a response is required, Defendant denies that the questions presented in this Paragraph present common issues supporting Plaintiffs' claims.

18.     The allegations contained in this Paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

19.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the charges being challenged.

20.     The allegations contained in this Paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

21.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Paragraph which serves as a denial.

22.     Defendant denies that the instant action is certifiable as a class action under FED. R. CIV. P. 23.

8473631.6 34596/157060

23.     The allegations contained in this Paragraph, and its Subparagraphs, state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

24.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the charges being challenged.

25.     The allegations contained in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

26.     The allegations contained in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

27.     The allegations contained in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

28.     Defendant denies the allegation contained in this Paragraph for the reason that it is untrue.

29.     Defendant admits that it was a party to the *Village Center Action*.  Defendant denies any allegation that it has not complied with any obligation arising out of the *Village Center Action*.  Further, Plaintiff LaSalle also appears to have been a party to the *Village Center Action*.  Any claims that were brought or could have been brought by any named Plaintiff, or putative class member, in the *Village Center Action* are barred in this action under the doctrines of merger and/or bar, and/or *res judicata*.

8473631.6 34596/157060

30.     The allegations contained in this Paragraph state conclusions of law to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

## COUNT I
## VIOLATION OF EQUAL PROTECTION -
## COMMERCIAL RATE CHARGES

31.     Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

32.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

33.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

34.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

35.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

36.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

37.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

38.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.  Further answering, the allegations contained in this Paragraph do not specify the component(s) of the "sewage" charge(s) being challenged.

39.     Defendant denies the allegations in this Paragraph for the reason that they are untrue.

40.     The allegations contained in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

## COUNT II - RESTITUTION/ASSUMPSIT

41.     Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

42.     Defendant denies the allegations contained in this Paragraph as phrased for the reason that they are untrue.

43.     The allegations contained in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant admits the allegations contained in this Paragraph.

44.     The allegations contained in this Paragraph state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph, and denies any allegation that it has engaged in any illegal or inappropriate assessment for the reason that it is untrue.

7

45.     Defendant admits that Plaintiffs seek relief from this Court.  Defendant denies that any requested relief is warranted, and denies the allegation that it has engaged in any illegal or inappropriate assessment for the reason that it is untrue.

## COUNT III - ACCOUNTING AND ESCROW

46.     Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

47.     Defendant denies the allegations contained in this Paragraph for the reason that they are untrue.

48.     Defendant admits that Plaintiffs seek relief.  Defendant denies that Plaintiffs are entitled to any relief, and deny that a show cause order is warranted.

## COUNT IV - INJUNCTIVE RELIEF

49.     Defendant incorporates its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

50.     Defendant admits that Plaintiffs seek relief.  Defendant denies that Plaintiffs are entitled to any relief, and deny that an injunction is warranted.

8473631.6 34596/157060

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

    a.       Dismiss Plaintiffs' Complaint with prejudice;

    b.       Award Defendant its attorneys' fees and costs for having to defend this action; and

    c.       Award such other relief as the Court deems just and equitable.

                        Respectfully submitted,

                        CLARK HILL PLC

                     By:     /s/ Reginald M. Turner, Jr.
                        Reginald M. Turner, Jr. (P40543)
                        rturner@clarkhill.com
                        Scott G. Smith (P31966)
                        sgsmith@clarkhill.com
                        Matthew W. Heron (P61501)
                        mheron@clarkhill.com
                        500 Woodward Ave., Ste. 3500
                        Detroit, MI  48226
                        313.965.8300

Date:  October 2, 2012             Attorneys for Defendant

9

## **AFFIRMATIVE DEFENSES**

Defendant, City of Detroit, hereby puts Plaintiffs on notice that it may rely upon one or more of the following affirmative defenses:

1.      Plaintiffs' claims are barred in whole or in part because they have failed to state a claim upon which relief can be granted.

2.      Plaintiffs' claims against the Defendant, City of Detroit, are barred by the Governmental Immunity Act, MICH. COMP. LAWS § 691.1401, *et seq*.

3.      Plaintiffs failed to mitigate damages.

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

5.      Plaintiffs' claims, either intentionally or unintentionally, improperly fail to distinguish between commercial IWC charges, and the actual components of the commercial rates that DWSD charges Plaintiffs.

6.      Plaintiffs' claims are barred, in whole or in part, because Defendant's classification, if any, is rationally based and otherwise constitutes a proper exercise of municipal power.

7.      Plaintiffs' claims are barred, in whole or in part, because Defendant's classification of property for  Storm Water Drainage ("SWD") charges is rationally based on assumptions made regarding storm water volume due to meter sizes and/or expansive impervious surfaces.

8.      No rate structure takes into account every different circumstance between properties, and every rate structure makes broad classifications in which it puts various types of properties, classifying them on the basis of  practical similarities or differences for purposes of

water and sewage services, costs of services, and rates, not necessarily based on labels or types of use of the property.

9.    The reclassifications of property sought by Plaintiffs may result in a denial of Equal Protection rights for DWSD customers.

10.    Defendant's conduct is also authorized by the Detroit City Code ("Code") which requires that storm water shall be discharged into public sewers, Code Sec. 56-3-8(b), the Federal Water Pollution Act, which requires that each party that uses a municipal sewer system pay its fair share of the cost of operating the system, 33 U.S.C. § 1284(b)(1)(A), and Section 18 of the Michigan Revenue Bond Act, MICH. COMP. LAWS § 141.118, which prohibits municipal utilities from providing free service to any user of the utility system.

11.    Plaintiffs' claims are barred by the Voluntary Payment Doctrine because Plaintiffs' payments of SWD charges were mistakes of law (as to Plaintiffs' rights).

12.    Plaintiffs' Equal Protection claims are subject to dismissal because no City of Detroit Ordinance creates an impermissible class which is treated in a disparate fashion in relation to others similarly situated.

13.    Some members of the Plaintiffs' putative class may be currently charged, or may have been charged, residential rates for periods of time up to and including present charges.

14.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, acquiescence, and ratification.

15.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, merger, and/or bar.

16.    Plaintiffs' claims are barred, in whole or in part, by waiver and/or estoppel.

17.    Defendant reserves the right to assert additional affirmative defenses.

11

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

a.        Dismiss Plaintiffs' Complaint with prejudice;

b.        Award Defendant its attorneys' fees and costs for having to defend this action;

        and

c.        Award such other relief as the Court deems just and equitable.

        Respectfully submitted,

        CLARK HILL PLC

        By:    /s/ Reginald M. Turner, Jr.
              Reginald M. Turner, Jr. (P40543)
              rturner@clarkhill.com
              Scott G. Smith (P31966)
              sgsmith@clarkhill.com
              Matthew W. Heron (P61501)
              mheron@clarkhill.com
              500 Woodward Ave., Ste. 3500
              Detroit, MI  48226
              313.965.8300

Date:  October 2, 2012        Attorneys for Defendant

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause at their respective email addresses as listed for service via the Courts electronic filing system on October 2, 2012.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

By:/s/Paula Proffitt
Paula R. Proffitt

8473631.6 34596/157060

EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASALLE TOWN HOUSES
COOPERATIVE ASSOCIATION, *et al.*,

        Plaintiffs,

                                     Case No. 12-cv-13747
                                     Honorable Gershwin A. Drain

v.

CITY OF DETROIT, acting
through its DETROIT WATER
AND SEWERAGE DEPARTMENT,

        Defendant.
_____/

**ORDER SETTING DISCOVERY AND MOTION DEADLINES RELATIVE TO CLASS
CERTIFICATION ISSUE AND SETTING HEARING DATE**

      The parties appeared for a status conference on this date.  On August 23, 2012, Plaintiffs

filed a class action complaint alleging that Defendant, the City of Detroit, through its Water and

Sewerage Department, has improperly charged Plaintiffs for water and sewerage utility services at

commercial rates rather than residential rates.  Plaintiffs currently include five entities which own

cooperative residential dwellings or buildings with multiple residences.  They seek class certification

pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure.

      In order to resolve this matter in an efficient manner, the Court adopts the parties' proposal

set forth in their joint discovery plan, filed on November 26, 2012.  Accordingly, this matter shall

be divided into pre-certification and post-certification stages.  Therefore, the following dates shall

apply:

-1-

| PRE-CERTIFICATION SCHEDULING DEADLINES | |
| --- | --- |
| Initial Disclosures required by Rule 26(a) due: | January 15, 2013 |
| Pre-Certification Discovery cutoff: | March 31, 2013 |
| Plaintiffs' Motion to Certify Class due: | April 30, 2013 |
| Defendant's Response in Opposition due: | May 21, 2013 |
| Plaintiffs' Reply in Support of Class Certification due: | June 4, 2013 |

Oral argument on Plaintiffs' Motion to Certify Class is set for June 18, 2013 at 2:00 p.m.

A status conference will also be held on June 18, 2013.

SO ORDERED.

Dated: January 16, 2013                    /s/Gershwin A Drain
                                           GERSHWIN A. DRAIN
                                           United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 16, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

-2-

EXHIBIT 4

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC. a Domestic
Nonprofit Corporation JOLIET TOWN HOUSES
COOPERATIVE ASSOCIATION, a Domestic
Nonprofit Corporation, and ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
Individually and on behalf of all similarly,

      Plaintiffs,

v.

CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE DEPARTMENT,

      Defendant.

Case No. 4:12-cv-13747

Hon. Gershwin A. Drain

**DEFENDANT'S MOTION
TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6)
AND/OR 12(c)**

---

PENTIUK, COUVREUR & KOBILJAK, P.C.
Randall A. Pentiuk (P32556)
rpentiuk@pck.law.com
Kerry L. Morgan (P32645)
kmorgan@pck.law.com
2915 Biddle Avenue, Suite 200
Wyandotte, Michigan 48192
(734) 281-7100
*Co-Counsel for Plaintiffs*

CLARK HILL PLC
Reginald M. Turner (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
Jenice C. Mitchell Ford (P61511)
jmitchellford@clarkhill.com
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
*Co-Counsel for Defendant*

JOHNSTON, SZTYKIEL, HUNT, GOLDSTEIN
& FITZGIBBONS, P.C.
Eric S. Goldstein (P45842)
egoldstein@jshlawmi.com
1301 West Long Lake Road, Suite 250
Troy, Michigan 48098
(248) 641-1800
*Co-Counsel for Plaintiffs*

## DEFENDANT'S MOTION TO DISMISS
## <u>PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(c)</u>

Defendant City of Detroit, acting through its Detroit Water and Sewerage Department ("Defendant" or "DWSD"), through its counsel Clark Hill PLC, hereby move this Court for dismissal of the complaint in this action for Plaintiffs' failure to state a claim upon which relief can be granted.  As such, Defendant is entitled to dismissal as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c).  For the reasons set forth in the attached Brief, Defendant respectfully requests that this Court grant its Motion filed pursuant to FED. R. CIV. P. 12(b)(6) and/or 12(c).

Concurrence to the relief sought in this Motion was requested from counsel for Plaintiffs on March 5, 2013.  Concurrence was denied on March 27, 2013.

Respectfully Submitted By:

CLARK HILL PLC

/s/ Jenice C. Mitchell Ford
Reginald M. Turner (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
Jenice C. Mitchell Ford  (P61511)
jmitchellford@clarkhill.com
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan  48226
(313) 965-8300
*Counsel for Defendant*

Date:  May 21, 2013

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC. a Domestic
Nonprofit Corporation JOLIET TOWN HOUSES
COOPERATIVE ASSOCIATION, a Domestic
Nonprofit Corporation, and ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
Individually and on behalf of all similarly,

       Plaintiffs,

v.

CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE DEPARTMENT,

       Defendant.

Case No. 4:12-cv-13747

Hon. Gershwin A. Drain

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION
TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(6)
AND/OR 12(c)**

---

PENTIUK, COUVREUR & KOBILJAK, P.C.
Randall A. Pentiuk (P32556)
rpentiuk@pck.law.com
Kerry L. Morgan (P32645)
kmorgan@pck.law.com
2915 Biddle Avenue, Suite 200
Wyandotte, Michigan 48192
(734) 281-7100
*Co-Counsel for Plaintiffs*

JOHNSTON, SZTYKIEL, HUNT, GOLDSTEIN
& FITZGIBBONS, P.C.
Eric S. Goldstein (P45842)
egoldstein@jshlawmi.com
1301 West Long Lake Road, Suite 250
Troy, Michigan 48098
(248) 641-1800
*Co-Counsel for Plaintiffs*

CLARK HILL PLC
Reginald M. Turner (P40543)
rturner@clarkhill.com
Scott G. Smith (P31966)
sgsmith@clarkhill.com
Matthew W. Heron (P61501)
mheron@clarkhill.com
Jenice C. Mitchell Ford (P61511)
jmitchellford@clarkhill.com
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
*Co-Counsel for Defendant*

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ................................................................. ii

MOST CONTROLLING OR PERSUASIVE AUTHORITY ....................................... iii

INDEX OF AUTHORITIES ............................................................................... iv

BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(c) ...................................... 1

BACKGROUND ............................................................................................. 1

    I.    The Parties ..................................................................................... 1

    II.   Plaintiffs' Claims Asserted In This Instant Matter ................................. 2

    III.  Plaintiffs' Claims Are Barred By *Res Judicata* Because Such Claims Were,
         Or Could Have Been, Raised In The Prior Matter <u>Village Center, et al. v.</u>
         <u>City of Detroit</u> ................................................................................ 2

ARGUMENT ................................................................................................. 4

    I.    Standard of Review ......................................................................... 4

    II.   Plaintiffs' Claims Are Barred By *Res Judicata* ................................... 5

    III.  Plaintiffs Fail To State An Equal Protection Claim ............................... 7

CONCLUSION ............................................................................................. 10

i

## STATEMENT OF ISSUES PRESENTED

I.   Should Plaintiffs Claims Be Dismissed For Failure To State A Claim Pursuant To Fed. R.
Civ. P. 12(b)(6) and/or 12(c)?

        Defendant answers 'Yes.'
        Plaintiffs answer 'No.'

## MOST CONTROLLING OR PERSUASIVE AUTHORITY

**Cases**

*First Am. Title Co. v. Devaugh,*
    480 F.3d 438, 444 (6th Cir. 2007) ................................................................... 5

*Golden v. City of Columbus,*
    404 F.3d 950, 959 (6th Cir. 2005) ................................................................. 5, 7

*Hadix v. Johnson,*
    230 F.3d 840, 843 (6th Cir. 2000) ................................................................... 7

*Land v. City of Grandville,*
    2 Mich. App. 681, 695 and 697; 141 N.W.2d 370, 376 and 377 (1966) ............................. 8, 9

*Village Green of Lansing v. Bd. of Water and Light,*
    145 Mich. App. 379, 394; 377 N.W.2d 401, 409 (1985) ........................................... 8


**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 4

Fed. R. Civ. P. 12(c) ........................................................................................... 4

9093110.2 34596/157060

## INDEX OF AUTHORITIES

*Cases*

*Alexander v. City of Detroit,*
    392 Mich. 30, 35-36; 219 N.W.2d 41, 43 (1974) ................................................................ 8, 9

*Ashcroft v. Iqbal,*
    556 U.S. 662, 684 (2009) ................................................................ 5, 7

*Atlas Valley Golf and Country Club, Inc. v. Village of Goodrich,*
    227 Mich. App. 14, 15 and 16-17; 575 N.W.2d 56, 62 (1997) ................................ 7, 8

*Bassett v. Nat'l Collegiate Athletic Ass'n,*
    528 F.3d 426, 430 (6th Cir. 2008) ................................................................ 5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 555, 570 (2007) ................................................................ 5, 7

*Bittinger v. Tecumshe,* 123 F.3d 877, 880 (1997) *citing Kane v. Magna Mixer Co.,*
71 F.3d 555, 560 (6th Cir. 1995), *cert. denied,* 134 L. Ed. 2d 949, 116 S. Ct. 1848 (1996) .......... 6

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano,*
    648 F.3d 365, 379 (6th Cir. 2011) ................................................................ 7

*Edison v. Tenn. Dep't of Children's Servs.,*
    510 F.3d 631, 634 (6th Cir. 2007) ................................................................ 5

*EEOC v. J.H. Routh Packing, Co.,*
    246 F.3d 850, 851 (6th Cir. 2001) ................................................................ 4

*First Am. Title Co. v. Devaugh,*
    480 F.3d 438, 444 (6th Cir. 2007) ................................................................ 5

*Gean v. Hattaway,*
    330 F.3d 758, 771 (6th Cir. 2003) ................................................................ 7

*Golden v. City of Columbus,*
    404 F.3d 950, 959 (6th Cir. 2005) ................................................................ 5, 7

*Hadix v. Johnson,*
    230 F.3d 840, 843 (6th Cir. 2000) ................................................................ 7

*Iroquois Properties v. City of East Lansing,*
    160 Mich. App. 544, 561; 408 N.W.2d 495, 503 (1987) ................................................................ 7

iv

*Kane v. Magna Mixer Co.,*
    71 F.3d 555, 560 (6th Cir. 1995), *cert. denied,*
    134 L. Ed. 2d 949 (1996) ........................................................................... 6

*Land v. City of Grandville,*
    2 Mich. App. 681, 695 and 697; 141 N.W.2d 370, 376 and 377 (1966).............................. 8, 9

*McGee v. East Ohio Gas Co.,*
    200 F.R.D. 382, 389 (S.D. Ohio 2001) .................................................. 7

*Paskvan v. City of Cleveland Civil Serv. Comm'n,*
    946 F.2d 1233, 1235 (6th Cir. 1991) ........................................................ 5

*Sanders Confectionery Prods. v. Heller Financial, Inc.,*
    973 F.2d 474, 480 (6th Cir.1992).......................................................... 6

*Stout v. Byrider,* 228 F.3d 709,
    228 F.3d 709, 716 (6th Cir. 2000) ........................................................ 5

*Township of Meridian v. East Lansing,*
    342 Mich. 734, 749; 71 N.W.2d 234, 237 (Mich. 1955)............................................ 8

*Village Green of Lansing v. Bd. of Water and Light,*
    145 Mich. App. 379, 394; 377 N.W.2d 401, 409 (1985) ...................................... 7, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................... 4

Fed. R. Civ. P. 12(c)...................................................................... 4

v