UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

               Debtor.

_____/

Case No. 13-53846-SWR
Chapter 9
Hon. Steven W. Rhodes

# EXHIBITS FOR APPELLEES' DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Appellees, Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative, attach the following items to be included in the record on appeal to the United States District Court with respect to the City of Detroit's Notice of Appeal, filed on January 2, 2014 (Doc. No. 2358), from the Order of Bankruptcy Judge Honorable Steven W. Rhodes entered in this case on December 18, 2013 (Doc. No. 2223):

| Date | Docket No. | Description |
|---|---|---|
| 11/26/2013 | 1828 | Objection to (related document(s): <u>1665</u> Motion of Debtor, Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims) Filed by Interested Parties Joliet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, St. James Cooperative (Clark, Tracy) (Entered: 11/26/2013) |
| 12/18/2013 | 2223 | Order for Relief from the Automatic Stay to Allow Class Action to Proceed (Related Doc #<u>1137</u>). (jjm) (Entered: 12/28/2013) |

DATED: 2/3/2014

Respectfully submitted,
__/s/ Robert Bassel_____
ROBERT N. BASSEL (P48420)
Attorneys for Appellees
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

**PROOF OF SERVICE**

On the above date, I served a copy of the above document upon counsel of record.

|  |  |
|---|---|
| | Respectfully submitted, |
| | __/s/ Robert Bassel _____ |
| | ROBERT N. BASSEL (P48420) |
| | Attorneys for Appellees |
| | P.O. Box T |
| | Clinton, MI 49236 |
| DATED: 2/3/2014 | (248) 677-1234 |
| | bbassel@gmail.com |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,　　　　　　　　　　　Case No. 13-53846-SWR
　　　　　　　　　　　　　　　　　　　　　　　Chapter 9
　　　　　　　Debtor.　　　　　　　　　　　　　Hon. Steven W. Rhodes
_____/

**OBJECTION TO DEBTOR'S MOTION FOR ORDER
APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES**

**Introduction**

Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative (the "Cooperatives") are plaintiffs in a class action suit filed in U.S. District Court against the Detroit Water and Sewerage Department ("DWSD"), case no. 4:12-cv-13747 (the "Class Action"). In the Class Action, the Cooperatives assert that the DWSD is charging commercial water rates to residential multi-unit buildings in violation of state and federal guarantees of equal protection. The Cooperatives have sought relief from the automatic stay to continue prosecution of the Class Action for the purpose of certifying the class; establishing liability; and seeking to enjoin the DWSD from charging improper water rates (docket no.1137). Notably, the improper charging did not cease when the City's bankruptcy was filed. Thus, the Cooperatives are not stayed from filing a new complaint in district court to enjoin the DWSD from continuing the unconstitutional practice of charging residential multi-units at commercial rates.

The scope of the City's motion for approval of alternative dispute resolution procedures (docket no. 1665) is unclear, but it appears to provide the City with limitless authority to deem

any claim to fall into what it categorizes as a "Designated Claim":

> [] the City intends to identify certain disputed claims (collectively, the "Designated Claims") that it believes could be liquidated more efficiently, cost effectively and/or expeditiously through an alternative dispute resolution process, rather than by traditional litigation. The City may designate for liquidation pursuant to the ADR Procedures any proof of claim timely asserted in these cases by serving a notice (an "ADR Notice") on the applicable claimant.

(docket no. 1665, paragraph 16).

And, if the City's proposed order is entered, a "Designated Claimant" will have no opportunity to object to the designation or the procedures forced upon it by the one-sided[1] order. Thus, the Cooperatives are constrained to object to the motion, without even knowing if it pertains to them.

## Objection to ADR Procedures Motion

The primary reasons that the ADR Procedures will not promote efficiency of process with respect to the Cooperatives' claims are: 1) the Cooperatives are seeking injunctive relief, and 2) the Cooperatives' claims continue to accrue post-petition.

The ADR Procedures for the "monetary valuation" of claims will not dispose of the Cooperatives' goal of obtaining an injunction against the DWSD from charging improper water rates. The City acknowledges this problem at footnote 5 of its motion, stating—

> A number of Lift Stay Motions have involved requests for nonmonetary relief from the City, including, for example, quiet-title actions and requests that the City allow proceedings to continue to strip junior City liens from property with no equity to satisfy such liens. The City has been developing a mechanism to preemptively address and resolve such requests for nonmonetary relief to minimize the need for court involvement.

(docket 1665, p. 7, fn. 5). However, the City does not indicate whether, upon developing a

---

[1] For example, the City reserves for itself, the "sole discretion" to disregard the ADR Procedures and "pursue the litigation of any particular claim outside of the ADR Procedures where it deems more appropriate".

mechanism to address and resolve requests for nonmonetary relief, a new motion to enforce that mechanism will be required or if it will somehow fall within the scope of the proposed ADR Procedures order. Either way, the Cooperatives should not be forced to sit by while their equal rights are being violated so that the City can contrive some mechanism for dealing with claims for injunctive relief.

Also, the Cooperatives' post-petition injunction claims are not stayed by the bankruptcy and may be prosecuted in the district court, resulting in a duplication of efforts—addressing pre-petition claims under the proposed ADR Procedures order and addressing post-petition claims in the U.S. District Court. Judicial economy would dictate that all the claims should be addressed in one forum. And, that forum should be the U.S. District Court which has familiarity with the case, experience with the constitutional claims at issue, and jurisdiction to enter a final order. Moreover, the Michigan Tribunal Association as an ADR provider is neither suited nor equipped to decide questions of injunctive relief. This further undermines application of the City's ADR proposal to the Cooperatives.

## Conclusion

Because the Cooperatives seek injunctive relief as well as monetary relief and because the conduct that the Cooperatives seek to enjoin continues post-petition giving rise to new causes of action, the proposed ADR Procedures order is not a suitable resolution mechanism for the Cooperatives' claims. Accordingly, the Cooperatives object to the ADR Procedures motion.

STEINBERG SHAPIRO & CLARK

/s/ Tracy M. Clark (P60262)
Attorney for Cooperatives
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: November 26, 2013

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

### Order for Relief from the Automatic Stay to Allow Class Action to Proceed

On October 10, 2013, Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative ("the Cooperatives") filed a "Motion For Limited Relief From Automatic Stay." (Dkt. #1137) The Cooperatives are plaintiffs in a class action suit filed in U.S. District Court for the Eastern District of Michigan, case no 4:12-cv-13747. The Cooperatives seek relief from the automatic stay for the limited purpose of pursuing class certification, liquidating claims previously filed in the U.S. District Court, and seeking an injunction against the Detroit Water and Sewerage Department from charging improper rates.

The City of Detroit filed an objection to the motion. (Dkt. #1362; Dkt. #1363) The City asserts that the class action should be included in the claims resolution process like all other unsecured claims. The City filed a motion for approval of its proposed claims resolution process on November 12, 2013. (Dkt. #1665) The Court heard oral argument on that motion in the morning on December 16, 2013, and ordered the City to submit a revised proposed order for the Court to review.

The Court heard oral argument regarding the Cooperatives' motion for relief from stay in the afternoon on December 16, 2013, and took the matter under advisement.

The Court concludes that the claims resolution process proposed by the City is not suited to resolve the Cooperatives' class action lawsuit. The class action is intended to address a recurring and continuing issue - the City's alleged charging of improper water rates. Two aspects of the class action compel the Court's conclusion that relief from the automatic stay is warranted. First, the plaintiffs seek injunctive relief. Alternative dispute resolution procedures are generally not suited to address requests for injunctive relief. Additionally, although this class action does assert a constitutional claim, it does not seek redress for personal injury damages. The claim is regulatory or administrative in nature.

For the reasons stated herein, it is ordered that:

1. The Motion for Limited Relief from the Automatic Stay is granted.

2. Relief from that automatic stay applicable under 11 U.S.C. § 922(a) and 11 U.S.C. § 362(a) is granted to allow the Cooperatives to continue prosecution of the class action for the limited purpose of pursuing class certification, establishing liability, and seeking to enjoin the DWSD from charging improper rates.

3. The provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are waived for purposes of the relief granted in this order.

.

**Signed on December 18, 2013**

                                                **/s/ Steven Rhodes**
                                                **Steven Rhodes**
                                                **United States Bankruptcy Judge**

2

13-53846-tjt Doc 2628-9 Filed 02/03/14 Entered 02/03/14 09:02:09 Page 7 of 7
13-53846-swr Doc 2423 Filed 12/18/13 Entered 12/18/13 08:44:09 Page 2 of 2