UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

**NOTICE OF HYPOTHEKENBANK FRANKFURT AG, HYPOTHEKENBANK FRANKFURT INTERNATIONAL S.A., AND ERSTE EUROPÄISCHE PFANDBRIEF- UND KOMMUNALKREDITBANK AKTIENGESELLSCHAFT IN LUXEMBURG S.A. REGARDING THE POSTPETITION FINANCING MINUTE ENTRY AND ASSOCIATED NOTICE OF APPEAL**

Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively, "EEPK"), by their undersigned attorneys, hereby file this notice (this "Notice") regarding the *Notice of Appeal from Order Denying in Part; Granting in Part the Motion of the Debtor for a Final Order Approving Postpetition Financing* [Doc. No. 2529, Jan. 21, 2014] (the "Notice of Appeal"), and states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**SUBJECT OF NOTICE**

2. EEPK provides notice that pursuant to the terms of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 8001, 8002, and 8006, EEPK will not file a designation of the record on appeal in connection with its Notice of Appeal. EEPK reserves its rights in the

event the City, the Court, or any other party in interest treats the Court's January 17 minute entry (the "Minute Entry") conditionally approving the City's motion to enter into the DIP Motion (defined below) as a "judgment, order, or decree" under Bankruptcy Rule 8001.

## BASIS FOR NOTICE

3. On December 17, 2013, December 18, 2013, January 3, 2014, and January 13, 2014, this Court held hearings (the "Combined Hearing") on the *Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of That Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy Code, (II) Approving Such Agreement Pursuant to Rule 9019 and (III) Granting Related Relief*, dated July 13, 2013 [Docket No. 17] to assume the Forbearance Agreement and settle controversies with the Swap Counterparties (the "Forbearance Agreement Motion") and the *Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. § §105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Status and (III) Modifying Automatic Stay* [Docket No. 1520] (the "DIP Motion").

4. On January 16, 2014, this Court denied the Forbearance Agreement Motion, and also denied the DIP Motion to the extent that it funded the Swap Termination financing, but conditionally approved the DIP Motion to the extent it sought approval of the Quality of Life financing. This Court entered the Minute Entry the same day.

5. To preserve its rights with respect to the Minute Entry and any effort by the City to close any transaction pursuant to the Minute Entry, on January 21, 2014, EEPK filed its Notice of Appeal and joined in the Emergency Motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. for Stay Pending Appeal [Doc. No. 2530, Jan. 21, 2014].

6. On January 22, 2014, following hearings on the motion to appoint an art committee and a hearing in the Retiree Committee's adversary proceeding against the City, this Court stated that the Minute Entry does not constitute an order. In light of this Court's statement, EEPK understands this Court's position to be that the Minute Entry is not a "judgment, order, or decree" under Bankruptcy Rule 8001.

7. Bankruptcy Rule 8002 provides that "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." Bankruptcy Rule 8006, in turn, provides that an appellant must file its designation of the record on appeal and statement of issues on appeal within 14 days of "filing the notice of appeal as provided by Rule 8001(a)."

8. In light of this Court's statements on January 22, the Notice of Appeal was filed "after the announcement of a decision or order but before entry of the judgment, order, or decree." Accordingly, the Notice of Appeal has not been "filed" for purposes of Bankruptcy Rule 8006, and EEPK will not file a designation of the record and issues on appeal on February 4, 2014.

9. EEPK reserves its rights with respect to any effort by the City to enter into any postpetition financing on the basis of the Minute Entry.

DATED:  February 4, 2014.

        */s/ Howard S. Sher*
        Howard S. Sher, Esquire (P38337)
        Jacob & Weingarten, P.C.
        Somerset Place
        2301 W. Big Beaver Road, Suite 777
        Troy, Michigan 48084
        Tel:  (248) 649-1200
        Fax:  (248) 649-2920
        E-mail:  howard@jacobweingarten.com

        -and-

        Vincent J. Marriott, III, Esquire
        Ballard Spahr LLP
        1735 Market Street, 51st Floor
        Philadelphia, Pennsylvania 19103
        Tel:  (215) 864-8236
        Fax: (215) 864-9762
        E-mail: marriott@ballardspahr.com

        -and-

        Matthew G. Summers, Esquire
        Ballard Spahr LLP
        919 North Market Street, 11th Floor
        Wilmington, Delaware 19801
        Tel:  (302) 252-4428
        Fax:  (302) 252-4466
        E-mail: summersm@ballardspahr.com

        *Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.*

## CERTIFICATE OF SERVICE

      I, Howard S. Sher, state that on February 4, 2014, I filed a copy of the foregoing Notice Regarding the Post-Petition Financing Minute Entry and Associated Notice of Appeal with the Clerk of Court using the Court's ECF system and I hereby certify that the Court's ECF system has served all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

                                            /s/ Howad S. Sher
                                            Howard S. Sher