UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |

**FIRST INTERIM APPLICATION OF FEE EXAMINER PARTIES
FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

Pursuant to paragraph 27 of this Court's Fee Review Order dated September 11, 2013 (Dkt. # 810) ("Fee Review Order"), Robert M. Fishman, the Court appointed fee examiner in the above-captioned case ("Fee Examiner"), hereby applies for the interim allowance of compensation and reimbursement of expenses for the Fee Examiner Parties (as defined in the Fee Review Order) for the period beginning August 8, 2013 through and including September 30, 2013 ("Application Period"). Specifically, the Fee Examiner requests the entry of an order authorizing the interim allowance and payment to the Fee Examiner Parties of (A) fees in the aggregate amount of $65,796.00 for services rendered during the Application Period, and (B) expense reimbursement in the aggregate amount of $1,960.90 for actual expenses incurred in connection with services rendered during the Application Period. These aggregate amounts consist of fees and expenses by (i) the Fee Examiner (requesting $31,390.00 in fees and $1,897.20 in expenses), (ii) Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel to the Fee Examiner (requesting $28,466.00 in fees and $63.70 in expenses), and (iii) Kapila & Company ("Kapila"), financial advisor to the Fee Examiner (requesting $5,940.00 in fees and $0 in expenses). In support of this First Interim Fee Application (the "Application"), the Fee Examiner states as follows:

## BACKGROUND

1. On July 18, 2013, the City of Detroit ("City") commenced its chapter 9 case (the "Case"). With the consent of the City, and pursuant to 11 U.S.C. §§ 105, 943(b)(3), 1129(a)(2), and 1129(a)(3), the Court entered an order on August 8, 2013 that appointed the Fee Examiner (Dkt. # 383) ("Fee Examiner Order").

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FEE EXAMINER'S ROLE IN CITY'S BANKRUPTCY CASE

3. As set forth in the Fee Examiner Order, the Fee Examiner's responsibility is to "assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3)." *See* Fee Examiner Order at ¶ 3. The scope of the Fee Examiner's review of Professional Fee Expenses[1] is limited to professional compensation and expense reimbursement obligations that the City incurred in connection with this bankruptcy case on a postpetition basis. To assist him in the performance of his duties, the Fee Examiner is authorized to use the services of Shaw Fishman and Kapila. *See* Fee Examiner Order at ¶ 5.

4. With the assistance of Shaw Fishman and Kapila, the Fee Examiner has assumed the duties and responsibilities contemplated in the Fee Examiner Order and the Fee Review Order, including (i) establishing procedures for the submission of Professional Fee Expenses; (ii) establishing procedures for the public disclosure of Professional Fee Expenses; (iii) developing a uniform method for reviewing Professional Fee Expenses to ensure all fees are disclosed and reasonable; (iv) extensively reviewing the submission of all Professional Fee Expenses for

---

[1] All terms not otherwise defined carry the meaning ascribed to them in the Fee Examiner Order and the Fee Review Order.

disclosure and reasonableness; (v) cross-referencing the submissions of Professional Fee Expenses to ensure minimum duplication of services for which Professionals seek compensation from the City; (vi) preparing and submitting reports to Professionals and the Court detailing the review of Professional Fee Expenses and, where appropriate, making recommendations; and (vii) communicating with Professionals submitting Professional Fee Expenses regarding their fees, expenses, and the Fee Examiner's recommendations for making any alterations or changes thereto.

5. For the performance of the aforementioned duties and responsibilities by the Fee Examiner Parties, the Fee Review Order authorizes the Fee Examiner Parties to seek interim compensation and reimbursement of expenses. *See* Fee Review Order at ¶ 27.

## GENERAL STATUS OF FEE REVIEW PROCESS

6. The Fee Review Order controls the process by which (i) Professionals for the City and the Committee submit Monthly Invoices to the Fee Examiner for review, and (ii) the Fee Examiner reviews Monthly Invoices and communicates with Professionals regarding those Monthly Invoices (the "Fee Review Process"). Under the terms of the Fee Review Order, each Professional seeking compensation and reimbursement from the City for postpetition services was first required to submit to the Fee Examiner (a) an executed copy of its engagement letter, (b) a verified statement respecting its regular hourly rates and any discounted rates, and (c) a list of the billing and expense categories that the Professional would use in its Monthly Invoices.

7. Monthly Invoices for the period of July 18, 2013 through August 31, 2013 (collectively, the "J/A Invoices") were due to the Fee Examiner by October 21, 2013. Following detailed reviews of each submitted J/A Invoice, and consultations among the Fee Examiner Parties, the Fee Examiner transmitted Preliminary Reports regarding each submitted J/A Invoice to Professionals on November 25, 2013. The Fee Examiner Parties then initiated Resolution

Discussions with each Professional regarding its J/A Invoice and the recommendations made in the Preliminary Reports. The Fee Examiner gave particular focus to ensuring that each Monthly Invoice provided enough detail regarding the services performed, advising Professionals of the level of detail and disclosures required of each Monthly Invoice, and evaluating the impact of rate discounts provided by Professionals for services rendered to the City and Committee. For the J/A Invoice period, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Ernst & Young LLP, Foley & Lardner LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C.[2] and Dentons.

8. On or before November 18, 2013, Professionals submitted Monthly Invoices to the Fee Examiner for services rendered during September 2013. A similar review process was undertaken for September Invoices as for the J/A Invoices, and the Fee Examiner transmitted Preliminary Reports to Professionals on or about January 7, 2014. For the month of September, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Ernst & Young LLP, Foley & Lardner LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C. Dentons, Brooks Wilkins Sharkey & Turco PLLC, Lazard Freres & Co. LLC and Segal Company.

9. The Fee Examiner Parties are currently concluding Resolution Discussions with Professionals regarding submitted October Monthly Invoices, and they are beginning the Fee Review Process for submitted November Monthly Invoices. Additionally, counsel for the City

---

[2] The Kilpatrick firm was added to the City's list of Professionals on or about December 13, 2013, so its invoices were received and reviewed on a different schedule than the other Professionals.

advised the Fee Examiner in December that three Professionals (Kilpatrick & Associates PC, Dykema Gossett PLLC, and Ottenwess, Allman & Taweel, PLC) were retained by the City following entry of the Fee Review Order and that these Professionals would be submitting Monthly Invoices for review. The Fee Examiner Parties have received invoices from Kilpatrick & Associates, and the Fee Review Process is proceeding. The Fee Examiner has just received invoices for Ottenwess, Allman & Taweel, PLC and has yet to receive any invoices from Dykema, Gossett PLLC.

10. Pursuant to the Fee Review Order, the Fee Examiner has prepared Final Monthly Reports regarding the reviewed J/A Invoices and September Invoices. These Final Monthly Reports have been included in the Fee Examiner's Quarterly Report, which was simultaneously filed with this Application.

### SERVICES RENDERED BY FEE EXAMINER PARTIES AND EXPENSES INCURRED

11. During the Application Period, the Fee Examiner Parties rendered 159.0 hours of professional services, comprised of 73.0 hours by the Fee Examiner, 66.2 hours by Shaw Fishman and 19.8 hours by Kapila, having an aggregate value[3] of $70,542.80. In the early stages of the engagement, the Fee Examiner was required to provide a greater percentage of the overall services, but once the other Fee Examiner Parties began the actual Fee Review Process, more of the work was performed by less expensive professionals. The average hourly rate for the Fee Examiner and Shaw Fishman attorneys and paraprofessionals for services rendered during the Application Period is approximately $463. The average hourly rate for Kapila professionals for services rendered during the Application Period is approximately $308. The actual and

---

[3] All references to the value of professional services by the Fee Examiner Parties are based on the discounted rates applicable to this Case.

necessary costs expended by the Fee Review Parties, and for which the Fee Examiner Parties request reimbursement, is $1,960.90.

12. The Fee Examiner Parties are providing fee review services at significant discounts from their standard hourly rates. A comparison of the Fee Examiner Parties' standard hourly rates and their discounted Detroit rates applicable to the Application Period is attached hereto as <u>Exhibit 6-A</u>.

13. In paragraph 8 of the Fee Examiner Order, the Shaw Fishman Cap was placed on the maximum blended rate permitted on the fees charged by the Fee Examiner and Shaw Fishman ($430 per hour), and the Kapila Cap was placed on the maximum blended rate permitted on the fees charged by Kapila ($300 per hour). The Shaw Fishman and Kapila Caps are determined on a quarterly basis. For the Application Period, the Shaw Fishman Cap results in a discount of 6.96% on the aggregate compensation sought by the Fee Examiner and Shaw Fishman. The Kapila Cap results in a discount of 2.62% on the aggregate compensation sought by Kapila.

      A.      **<u>Services Rendered by Robert M. Fishman as Fee Examiner</u>**

14. During the Application Period, the Fee Examiner rendered 73.0 hours of professional services in this Case having an aggregate value of $42,900, for an average hourly rate of approximately $588. The Fee Examiner provided professional services with respect to every aspect of the Fee Review Process, including developing the Fee Review Process itself and drafting the Fee Review Order, both in conjunction with counsel for the City and the Official Committee of Retirees (the "<u>Committee</u>").

15. Immediately following his appointment as Fee Examiner, the Fee Examiner familiarized himself with the status of the Case and began consulting with Shaw Fishman and Kapila professionals with respect to his appointment and their assistance with his responsibilities

as Fee Examiner. With the Court's initial guidance and through consultations with counsel for both the City and the Committee, the Fee Examiner worked expeditiously to develop processes and procedures by which Professionals would submit Monthly Invoices to the Fee Examiner and the Fee Examiner Parties would conduct their review of Monthly Invoices. The Fee Examiner's discussions and collaborations culminated in the entry of the Fee Review Order. Specifically, the issues addressed and processes developed by the Fee Examiner with respect to the Fee Review Process, and incorporated into the Fee Review Order, include: (i) the timeline of Monthly Invoice submissions; (ii) a framework for communications between Professionals and the Fee Examiner Parties; (iii) the scope of the Fee Examiner's review of Professional Fee Expenses; (iv) the requirements of submissions by the Fee Examiner to the Court; (v) and the structure and formatting of Monthly Invoices submitted by Professionals.

16. In addition to developing the framework of the Fee Review Process, the Fee Examiner also attended hearings on the Fee Review Order and began consultations with Professionals regarding rates and billing categories to be used in Monthly Invoices. Detailed invoices for the services rendered by the Fee Examiner during the Application Period are attached to this Application as <u>Exhibit 6-B</u>.

17. In summary, after application of the Shaw Fishman Cap, the Fee Examiner seeks the interim allowance of $31,390.00 in compensation with respect to services provided by the Fee Examiner during the Application Period (the "<u>Fee Examiner Compensation Request</u>"). The time actually spent by the Fee Examiner at the applicable discounted rate, and as adjusted by the Shaw Fishman Cap, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Fee Examiner | $300.00[4] | 3.0 | $900 |
| Robert M. Fishman | Fee Examiner | $600.00 | 70.0 | $42,000 |
| | Total: | (weighted) $587.67 | 73.0 | $42,900 |
| Adjusted Total with SF Cap: | | $430.00 | 73.0 | $31,390 |

18. The Fee Examiner also seeks interim reimbursement in the amount of $1,897.20 (the "Fee Examiner Expense Reimbursement Request") for his actual and necessary costs during the Application Period (the "Fee Examiner Expenses"). The Fee Examiner Expenses are detailed in Exhibit 6-B.

19. The specific expenses comprising the Fee Examiner Expense Reimbursement Request are as follows:

| Category | Amount |
|---|---|
| Travel | $1,620.30 |
| Working Meals | $81.90 |
| Parking/Taxi | $195.00 |
| **Total:** | **$1,897.20** |

20. The foregoing categories consist of the following:

   a. Travel: The Fee Examiner made two trips to Detroit during the Application Period to attend a status hearing, the hearing on the Fee Review Order, and a meetings with the City's counsel. Expenses attributed to "Travel" include round trip airfare, hotel stays, and ground transportation while in Detroit.

   b. Working Meals: Dining expenses were incurred during the Application Period on account of the Fee Examiner's overnight stays in Detroit.

   c. Parking/Taxi: The Fee Examiner bills for direct expenses incurred for parking fees and taxis utilized while in Detroit.

21. All of the Fee Examiner Expenses are expenses related to the necessary travel undertaken by the Fee Examiner in the course of his duties and responsibilities in this case.

---

[4] Rate for non-working travel.

### B. Services Rendered by Shaw Fishman Glantz & Towbin LLC

22. During the Application Period, Shaw Fishman rendered 66.2 hours of professional services assisting the Fee Examiner, having an aggregate value of $21,543.00. The average hourly rate of Shaw Fishman professionals (excluding the Fee Examiner) for the Application Period is approximately $325. Shaw Fishman has assisted the Fee Examiner in all aspects of the Fee Review Process, which has included developing the Fee Review Process itself and drafting the Fee Review Order.

23. Following the Fee Examiner's appointment, Shaw Fishman began consulting with him regarding his appointment and began researching comparable fee review guidelines used in other large bankruptcy cases. In order to develop comprehensive fee review guidelines, Shaw Fishman consulted various sources and spoke with other bankruptcy professionals. Research regarding fee review guidelines included a review of local rules and administrative orders of the Court, a review of federal case law, a review of the United States Trustee fee guidelines, and several meetings and conference calls with personnel from the Office of the United States Trustee. After lengthy research on the topic, Shaw Fishman assisted the Fee Examiner in developing the Fee Review Process, and provided comments and input with respect to the drafting of the Fee Review Order.

24. Once the Fee Review Order was entered, Shaw Fishman assisted the Fee Examiner in establishing the internal framework for reviewing Monthly Invoices and communicating with Professionals, including the construction of procedures to receive and track Monthly Invoice submissions and the creation of a memorandum outlining the criteria for reviewing Monthly Invoices. Detailed invoices for the services rendered by Shaw Fishman during the Application Period are attached to this Application as Exhibit 6-C.

25.     In summary, after application of the Shaw Fishman Cap, Shaw Fishman seeks the interim allowance of $28,466.00 in compensation with respect to services provided to the Fee Examiner during the Application Period (the "Shaw Fishman Compensation Request"). The time actually spent by Shaw Fishman professionals at the applicable discounted rate, and as adjusted by the Shaw Fishman Cap, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Ira Bodenstein | Member | $425.00 | 15.2 | $6,460.00 |
| Peter J. Roberts | Member | $410.00 | 13.4 | $5,494.00 |
| Gordon E. Gouveia | Member | $325.00 | 13.6 | $4,420.00 |
| John W. Guzzardo | Associate | $300.00 | 2.8 | $840.00 |
| David R. Doyle | Associate | $250.00 | 9.2 | $2,300.00 |
| Marc S. Reiser | Associate | $250.00 | 7.3 | $1,825.00 |
| Allison Hudson | Associate | $0.00 | 3.5 | $0.00 |
| Melissa A. Westbrook | Paralegal | $170.00 | 1.2 | $204.00 |
| | Total: | (weighted) $325.42 | 66.2 | $21,543.00 |
| | Adjusted Total with SF Cap: | $430.00 | 66.2 | $28,466.00 |

26.     Shaw Fishman also seeks interim reimbursement in the amount of $63.70 (the "Shaw Fishman Expense Reimbursement Request") for its actual and necessary costs during the Application Period (the "Shaw Fishman Expenses"). The Shaw Fishman Expenses are detailed in Exhibit 6-C.

27.     The specific expenses incurred during the Application Period and for which reimbursement is requested are as follows:

| Category[5] | Amount |
|---|---|
| Online docketing and documents (PACER) | $63.70 |
| **Total:** | **$63.70** |

Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court.

---

[5] In the August 2013 Monthly Invoice of Shaw Fishman, a charge for Westlaw in the amount of $84.77 was inadvertently included. Shaw Fishman does not seek reimbursement of this expense, and it is not included in this Application.

28. All of the Shaw Fishman Expenses are expenses that Shaw Fishman customarily recoups for providing professional services to other clients.

    C.    **Services Rendered by Kapila & Company**

29. During the Application Period, Kapila rendered 19.8 hours of professional services assisting the Fee Examiner, having an aggregate value of $6,099.80. The average hourly rate of Kapila professionals for the Application Period is approximately $308. Kapila assisted the Fee Examiner in designing excel spreadsheets and utilizing software to organize and analyze Monthly Invoices.

30. Specifically, during the Application Period, Kapila developed organizational spreadsheets and perfected its software's application to Monthly Invoices, such that data can be extracted from Monthly Invoices submitted in PDF format and organized into Kapila's spreadsheets for analysis, review and annotation by the Fee Examiner Parties and subsequent distribution to Professionals in conjunction with Preliminary Reports. In addition to its vital technical assistance, Kapila also assisted the Fee Examiner and Shaw Fishman with researching fee review guidelines in chapter 9 bankruptcies, and provided useful feedback on drafts of the Fee Review Order. In the Fee Review Process, Kapila also reviews and comments on the Monthly Invoices of the various accounting, financial advisors and investment bankers who are submitting Invoices to the Fee Examiner under the Fee Review Order.

31. Detailed invoices for the services rendered by Kapila during the Application Period are attached to this Application as <u>Exhibit 6-D</u>.

32. In summary, after application of the Kapila Cap, Kapila seeks the interim allowance of $5,940.00 in compensation with respect to services provided to the Fee Examiner during the Application Period (the "<u>Kapila Compensation Request</u>"). The time actually spent by Kapila at its applicable discounted rates, and as adjusted by the Kapila Cap, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Soneet Ravi Kapila | Partner | $442.00 | 4.4 | $1,944.80 |
| Mary McMickle | Partner | $330.00 | 7.0 | $2,310.00 |
| Melissa Davis | Partner | $330.00 | 1.2 | $396.00 |
| Shantel Thomas | Forensic Consultant | $208.00 | 6.6 | $1,372.80 |
| Catherine Murchison | Forensic Analyst | $144.00 | 0.3 | $43.20 |
| Joan Zeiler | Paraprofessional | $110.00 | 0.3 | $33.00 |
| | Total: | (weighted) $308.07 | 19.8 | $6,099.80 |
| | Adjusted Total With Kapila Cap: | $300.00 | 19.8 | $5,940.00 |

33. Kapila is not seeking any reimbursement of expenses incurred during the Application Period.

## PAYMENTS RECEIVED BY FEE EXAMINER PARTIES TO DATE

34. Pursuant to paragraph 27 of the Fee Review Order, the Fee Examiner filed August and September monthly invoices with the Court on behalf of the Fee Examiner Parties, and he provided notice of the invoices to interested parties through CM/ECF.

35. The Fee Examiner Parties have received no objection to their August monthly invoices or their September monthly invoices. In accordance with the Fee Review Order, the City has made certain interim payments ("Interim Payments") to the Fee Examiner Parties on account of their invoices for August and September.

36. In accordance with the Fee Review Order, the City has made Interim Payments to the Fee Examiner and Shaw Fishman in the aggregate amount of $56,196.69. Subject to this Court's allowance of this Application, the application of these Interim Payments in partial satisfaction of the Fee Examiner Compensation Request, the Fee Examiner Expense Reimbursement Request, the Shaw Fishman Compensation Request, and the Shaw Fishman Expense Reimbursement Request will leave an aggregate balance due to the Fee Examiner and Shaw Fishman of $5,620.21 for amounts billed but not paid during the Application Period (the "Unpaid FE/SF Compensation").

37. In accordance with the Fee Review Order, the City has made Interim Payments to Kapila in the amount of $5,184.83. Subject to this Court's allowance of this Application, the application of these Interim Payments in partial satisfaction of the Kapila Compensation Request and the Kaplia Expense Reimbursement Request will leave a balance due to Kapila of $755.17 for amounts billed but not paid during the Application Period (the "<u>Unpaid Kapila Compensation</u>").

## **<u>REASONABLENESS OF COMPENSATION AND BENEFITS CONFERRED</u>**

38. Pursuant to § 943(b)(3) of the Bankruptcy Code, the amounts to be paid for services and expenses in this Case must be fully disclosed and be reasonable. *See* 11 U.S.C. § 943(b)(3). Through this Application, the Fee Examiner Parties have fully disclosed the amounts sought by each of them for services and expenses during the Application Period, and they have demonstrated the reasonableness of those amounts.

39. All of the services rendered by the Fee Examiner Parties during the Application Period were necessary for the execution of the Fee Examiner's duties and responsibilities as set forth in the Fee Examiner Order and the Fee Review Order. Moreover, at all times, the Fee Examiner Parties rendered their services in an effective and efficient manner without any unnecessary duplication of efforts. Therefore, the compensation requested through this Application is reasonable in all respects, particularly in light of the nature, extent, and complexity of the matters involved and the benefits conferred by the Fee Examiner Parties.

40. The most significant benefit conferred by the appointment of the Fee Examiner and the establishment of the Fee Review Process is the deterrent effect that the entire Fee Review Process has on the submission of inappropriate fee and expense requests. Additionally, the Fee Review Process allows for the review and extensive analysis of all Professionals' invoices by an unbiased, objective third party.

41. In reviewing the J/A and September Invoices, the Fee Examiner Parties discussed with Professionals the actual impact of any voluntary discounts provided, and identified areas in Monthly Invoices where the inadequacy of time descriptions, unreasonableness of time, or improperly allocated resources warranted writing off certain fees and expenses or revising applicable time and expense entries. During the Application Period, the efforts and review by the Fee Examiner Parties resulted in a reduction in excess of $270,000 in Professional Fee Expenses from those initially billed.[6] In part, such voluntary reductions came from certain Professionals, at the Fee Examiner Parties' recommendation, making adjustments to their applicable rates in order to provide reduced rates to the City and the Committee, and from writing off time due to inadequate time entries in the Monthly Invoices.

42. For all of the foregoing reasons, the approval of the compensation and expense reimbursement requested herein is appropriate. This Application should be approved accordingly.

## CONCLUSION

WHEREFORE, the Fee Examiner requests the entry of an order, substantially in the form attached hereto as Exhibit 1, that:

(a) Allows $65,796.00 in aggregate compensation to the Fee Examiner Parties on an interim basis for the Application Period;

(b) Allows $1,960.90 in aggregate expense reimbursement to the Fee Examiner Parties on an interim basis for the Application Period;

(c) Authorizes the Fee Examiner Parties to apply the Interim Payments to the compensation and expense reimbursement requests allowed pursuant to this Application;

---

[6] This amount is in addition to the approximately $1,500,000 in voluntary reductions taken by the Professionals prior to the submission of the Monthly Invoices.

(d) Authorizes and directs the City to pay the Unpaid FE/SF Compensation and the Unpaid Kapila Compensation; and

(e) Provides the Fee Examiner Parties with such additional relief as may be appropriate and just under the circumstances.

        Respectfully submitted,

        Robert M. Fishman, Fee Examiner

Dated: February 4, 2014        By: /s/ Peter J. Roberts
                                                One of his attorneys

Peter J. Roberts
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
P: (312) 541-0151
F: (312) 980-3888
E: proberts@shawfishman.com