# Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

## DECLARATION OF TERRI L. RENSHAW IN SUPPORT OF THE OFFICIAL COMMITTEE OF RETIREE'S MOTION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO SECTION 503(B)(3)(F) OF THE BANKRUPTCY CODE[1]

I, Terri L. Renshaw, declare under penalty of perjury that:

1. I serve as Chairman of the Official Committee of Retirees (the "Committee") of the City of Detroit (the "City" or "Debtor"). I am authorized to execute this declaration both in my capacity as a Committee Member and on behalf of the Committee. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. This declaration is being submitted in connection with the motion (the "Motion") filed by the Committee seeking entry of an order allowing the Policy Premium as an administrative expense pursuant to section 503(b)(3)(F) of the Bankruptcy Code in order to permit the Committee to procure the Insurance Policy and incentivize certain of the Committee Members to continue serving thereon, and in turn, preserving an important balance on the Committee, if not, the Committee's existence.

3. I completed my undergraduate studies at the University of Michigan in 1977 and graduated from Wayne State University Law School and was admitted to the State Bar of

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

Michigan in 1981. I have more than thirty years of legal experience, with a focus on employment law and litigation. I worked for the City in various capacities throughout my career, including: (i) more than four years as Supervising Assistant Corporation Counsel, City Law Department; (ii) nearly four years as Deputy Corporation Counsel, City Law Department; and (iii) more than five years as a sexual-harassment and managerial-responsibilities instructor for the Detroit Police Department. I also taught civil liability for over ten years at the Schoolcraft College Reserve Officer Training Program.

4. I retired from the practice of law in January 2012.

5. In light of my experience as an attorney in Michigan, I believe there is a substantial risk that the Committee Members could be sued for actions taken in connection with the good faith performance of their official duties in this bankruptcy case.

6. Specifically, I am concerned with the risk that the Committee Members may be sued in the absence of any protection the Committee Members might receive should the City's plan of adjustment, if any, becomes effective. Moreover, even if a plan contains exculpation and release provisions, I am concerned that certain parties may still bring suit against Committee Members who do not have, and, regardless, should not be expected to expend, personal resources to defend themselves.

7. Accordingly, several of the Committee Members requested that the Committee obtain an errors and omissions insurance policy—on terms comparable to the Insurance Policy—in order to mitigate the risk associated with litigation against the Committee Members.

8. Upon information and belief, at least two national insurance brokerages were unable to obtain a satisfactory policy due to the unusual circumstances of this case.

9. Upon information and belief, Segal Select received a quote for the Insurance Policy on or about November 26, 2013, but only after an extensive search.

10. Upon information and belief, the Insurance Policy was customized to address only the Committee Members' exposure in the absence of an effective plan of adjustment.

11. Upon information and belief, the Committee will not be able to procure the Insurance Policy unless the Policy Premium is allowed by the Court as an administrative expense claim.

12. I do not have the personal resources to defend against legal actions that may be filed against individual members of the Committee, even if such actions are considered frivolous.

13. Consequently, I believe that procuring the Insurance Policy is essential to the Committee as currently constituted and its ability to function properly in the City's bankruptcy proceeding.

I declare under the penalty of perjury that the forgoing is true and correct, to the best of my knowledge.

Dated: February 6, 2014    /s/ Terri L. Renshaw
Terri L. Renshaw
Chairman of the Official Committee of Retirees