UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                                      :
In re                                                 : Chapter 9
                                                      :
CITY OF DETROIT, MICHIGAN,                            : Case No. 13-53846
                                                      :
                        Debtor.                       : Hon. Steven W. Rhodes
                                                      :
------------------------------------------------------x

## STIPULATION BY AND BETWEEN THE CITY OF DETROIT AND THE PUBLIC SAFETY UNIONS REGARDING PROOFS OF CLAIM TO BE FILED BY PUBLIC SAFETY UNIONS

The City of Detroit (the "City") and the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association and the Detroit Police Command Officers Association (collectively, the "Public Safety Unions"), by and through each of their undersigned counsel, stipulate as follows:

    1.  On July 18, 2013 (the "Petition Date"), the City filed a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"). On December 5, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") issued an opinion finding that the City is eligible for relief under chapter 9 of the Bankruptcy Code (Docket No. 1945) and entered an order for relief in favor of the City (Docket No. 1946).

2. On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order"). The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time (the "General Bar Date"), as the general bar date for the filing of proofs of claim in the City's chapter 9 case.

3. Pursuant to the Bar Date Order, each of the Public Safety Unions was granted the right to file the following omnibus claims on behalf its respective members: (a) claims related to grievances ("Grievance Claims") and/or (b) defense and indemnification claims arising from tort claims asserted or that may be asserted by third parties against the City and/or Public Safety Union member(s) ("Defense and Indemnification Claims"), subject to the City's right to object to any such claims.

4. During the process of preparing the Defense and Indemnification Claims, the Public Safety Unions determined the following:

> (a) The Public Safety Unions cannot compile a complete list of all Public Safety Union members who are or may be entitled to a Defense and Indemnification Claim. The Public Safety Unions frequently do not receive notice of the commencement of a lawsuit in which a Public Safety Union member is named unless, at the time a Public Safety Union member makes a demand for defense and indemnification, the City determines that it

intends to dispute the Public Safety Union member's right to be defended and/or indemnified by the City.

(b) In the ordinary course, the City undertakes the defense of Public Safety Union members pursuant to the terms, conditions and limitations of Sections 13-11-1 through 13-11-3 of the 1984 Municipal Code and the terms, conditions and limitations of any applicable collective bargaining agreement (a "CBA"), if any. It is not always known at the outset of a lawsuit involving a Public Safety Union member whether the Public Safety Union member has a right to defense and indemnity or whether there will be a dispute over the right to a defense and indemnification.

(c) Working cooperatively, the City and the Public Safety Unions have determined that there are a small number of instances in which there is a known dispute as to the right of one or more defendant Public Safety Union members to be defended or indemnified by the City in a pending lawsuit. Typically, the majority of such disputes between the City and Public Safety Union members are resolved in the ordinary course.

(d) Neither the City nor the Public Safety Unions have or maintain a list of all of the known potential Public Safety Union members who may have a potential Defense and Indemnification Claim, and developing such a list would require the parties to incur significant additional expense without assurance that the list would be complete and accurate in all respects (as further described below).

(e) As a result of the automatic stay of sections 362(a) and 922 of the Bankruptcy Code, as extended by orders of the Court, there may be potential Defense and Indemnification Claims that presently are unknown to the City and the Public Safety Unions, and that cannot be identified by the Public Safety Unions until after the General Bar Date.

(f) The Public Safety Unions have used their best efforts to obtain the information necessary to prepare the omnibus proofs of claims based on currently known Defense and Indemnification Claims. For the reasons set forth above, however, there likely will be individual Public Safety Union members who have Defense and Indemnification Claims that are unknown to the Public Safety Unions until after the General Bar Date. In this event, the Public Safety Unions will be unable to specifically identify these matters in their omnibus proofs of claim.

(g) The City and the Public Safety Unions agree that the Public Safety Unions should be permitted to file a protective proof of claim on behalf of their respective members asserting all Defense and Indemnification claims arising prior to the Petition Date whether or not known to the Public Safety Unions as of the General Bar Date.

(h) There also are potential claims of Public Safety Union members as a result of disciplinary action instituted against such member by the City ("<u>Discipline Claims</u>" and, collectively with the Grievance Claims and the Defense and Indemnification Claims, the "<u>Public Safety Union Claims</u>"). Although prepetition Discipline Claims, like Grievance Claims, are being addressed in the ordinary course through processes established by the City, Discipline Claims are not, as a technical matter, Grievance Claims and, therefore are not specifically addressed in the Bar Date Order. The City and the Public Safety Unions nevertheless agree that Discipline Claims should be treated in the same manner as Grievance Claims and further agree that the Public Safety Unions may file an omnibus claim on behalf of their members on account of such claims.

(i) The Public Safety Unions do not receive notice of every disciplinary action. Although the Public Safety Unions have made every effort to compile a list of all potential Discipline Claims, the Public Safety Unions remain

concerned that certain Discipline Claims may inadvertently not be identified in any omnibus proof of claim filed by the Public Safety Unions with respect to Discipline Claims.

(j) Many of the Public Safety Union Claims are unliquidated, contingent claims that will not be liquidated and/or resolved until after the General Bar Date. Many of these claims will be handled in the ordinary course of the City's affairs.

5. In light of the factors set forth above, and other considerations relative to the nature of these types of claims, the City and the Public Safety Unions agree as follows:

(a) In addition to the Grievance Claims and the Defense and Indemnification Claims, each of the Public Safety Unions may file one or more omnibus proofs of claim by the General Bar Date asserting the Discipline Claims of such Public Safety Union's members, subject to the City's right to object to any such claims. The filing of any such omnibus proof of claim is without prejudice to the right of any Public Safety Union member to file a proof of claim on his or her own behalf.

(b) Each Public Safety Union may file an unliquidated omnibus proof of claim on behalf of its members by the General Bar Date asserting potential and contingent Defense and Indemnification Claims on a protective basis with respect to matters that the Public Safety Union is not aware of.

(c) Following the General Bar Date and during the pendency of the City's chapter 9 case, the Public Safety Unions may amend any omnibus proof of claim filed on account of Public Safety Unions Claims to identify additional Public Safety Union Claims, including the addition of Public Safety Union members. The City shall not object

to the timeliness of any such amendment, *provided that* any amendment by the Public Safety Unions to add a Public Safety Union member not previously identified by the General Bar Date shall be filed on or before May 30, 2014. Nothing herein shall limit or modify the Public Safety Unions' rights to otherwise amend their claims. All other objections and all defenses are preserved.

(d) All Public Safety Union Claims shall be subject to treatment under any confirmed chapter 9 plan of adjustment.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

6. The City and the Public Safety Unions have agreed to the attached proposed Order and request that the Court enter the same.

Dated: February 7, 2014

| | |
|---|---|
| /s/ Julie Beth Teicher | /s/ Heather Lennox |
| Julie Beth Teicher (P34300) | David G. Heiman (OH 0038271) |
| Earle I. Erman (P24296) | Heather Lennox (OH 0059649) |
| Barbara A. Patek (P34666) | JONES DAY |
| Craig E. Zucker (P39907) | North Point |
| ERMAN, TEICHER, MILLER, | 901 Lakeside Avenue |
|   ZUCKER & FREEDMAN, P.C. | Cleveland, Ohio 44114 |
| 400 Galleria Officentre, Suite 444 | Telephone: (216) 586-3939 |
| Southfield, MI 48034 | Facsimile: (216) 579-0212 |
| Telephone: (248) 827-4100 | dgheiman@jonesday.com |
| Facsimile: (248) 827-4106 | hlennox@jonesday.com |
| jteicher@ermanteicher.com | |
| | Bruce Bennett (CA 105430) |
| ATTORNEYS FOR THE | JONES DAY |
| PUBLIC SAFETY UNIONS | 555 South Flower Street |
| | Fiftieth Floor |
| | Los Angeles, California 90071 |
| | Telephone: (213) 243-2382 |
| | Facsimile: (213) 243-2539 |
| | bbennett@jonesday.com |
| | |
| | Jonathan S. Green (MI P33140) |
| | Stephen S. LaPlante (MI P48063) |
| | MILLER, CANFIELD, PADDOCK |
| |   AND STONE, P.L.C. |
| | 150 West Jefferson |
| | Suite 2500 |
| | Detroit, Michigan 48226 |
| | Telephone: (313) 963-6420 |
| | Facsimile: (313) 496-7500 |
| | green@millercanfield.com |
| | laplante@millercanfield.com |
| | |
| | ATTORNEYS FOR THE CITY |

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                                         :
In re                                                    : Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN,                               : Case No. 13-53846
                                                         :
                    Debtor.                              : Hon. Steven W. Rhodes
                                                         :
---------------------------------------------------------x

**ORDER APPROVING STIPULATION BY AND BETWEEN THE CITY
OF DETROIT AND THE PUBLIC SAFETY UNIONS REGARDING
PROOFS OF CLAIM TO BE FILED BY PUBLIC SAFETY UNIONS**

This matter came before the Court on the Stipulation By and Between the City of Detroit and the Public Safety Unions Regarding Proofs of Claim to Be Filed by Public Safety Unions (the "Stipulation"),[1] filed by the City of Detroit (the "City") and the Public Safety Unions; the Court having reviewed the Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Stipulation.

2. The Public Safety Unions may file one or more omnibus proofs of claim by the General Bar Date asserting the Discipline Claims of such Public Safety Union's members, subject to the City's right to object to any such claims. The filing of any such omnibus proof of claim is without prejudice to the right of any Public Safety Union member to file a proof of claim on his or her own behalf.

3. Each Public Safety Union may file an unliquidated omnibus proof of claim on behalf of its members by the General Bar Date asserting potential and contingent Defense and Indemnification Claims on a protective basis with respect to matters that the Public Safety Union is not aware of.

4. Following the General Bar Date and during the pendency of the City's chapter 9 case, the Public Safety Unions may amend any omnibus proof of claim filed on account of Public Safety Unions Claims to identify additional Public Safety Union Claims, including the addition of Public Safety Union members. The City shall not object to the timeliness of any such amendment, *provided that* any amendment by the Public Safety Unions to add a Public Safety Union member not previously identified by the General Bar Date shall be filed on or before May 30, 2014. Nothing herein shall limit or modify the Public Safety Unions' rights to otherwise amend their claims. All other objections and all defenses are preserved.

5. Nothing herein, in the Stipulation or in the Bar Date Order shall give rise to any right of any Public Safety Union member or Public Safety Union to indemnification or defense by the City to the extent not otherwise provided for under applicable nonbankruptcy law, including the terms of any applicable CBA.

6. All Public Safety Union Claims shall be subject to treatment under any confirmed chapter 9 plan of adjustment.

# **CERTIFICATE OF SERVICE**

      I, Heather Lennox, hereby certify that the foregoing Stipulation by and Between the City of Detroit and the Public Safety Unions Regarding Proofs of Claim To Be Filed by Public Safety Unions was filed and served via the Court's electronic case filing and noticing system on this 7th day of February, 2014.

                                              /s/ Heather Lennox