UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | No. 13-53846<br><br>Chapter 9<br><br>HON. STEVEN W. RHODES |

**APPELLANT STATE OF MICHIGAN'S
DESIGNATION OF THE CONTENTS OF THE RECORD AND
STATEMENT OF ISSUES ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, appellant State of Michigan (the "State") submits this designation of the contents of the record and statement of issues on appeal regarding the State's Notice of Appeal [Dkt. #2439] filed on January 9, 2014, pursuant to 28 U.S.C. § 158(a)(1) and Rules 8001(a) and 8002(b) of the Federal Rules of Bankruptcy Procedure from the *Opinion and Order Denying NAACP's Motion for Relief from Stay and Granting Phillips' Motion for Relief from Stay* [Dkt. #1536-1] entered on November 6, 2013 (the "Phillips Stay Relief Order") and *Order Denying*

*Motion for Reconsideration* [Dkt. #2256] entered on December 20, 2013 (the "Reconsideration Order").

## I. DESIGNATION OF THE CONTENTS OF THE RECORD ON APPEAL

| Item | Date Filed | Docket # | Description |
|---|---|---|---|
| 1. | 7/25/2013 | 166 | Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |
| 2. | 9/23/2013 | 1004 | Catherine Phillips, et al.'s Motion for Relief From Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor (Attachments: #1; #2; #3; #4; #5; #6; #7; #8; #9) |
| 3. | 10/7/2013 | 1107 | State of Michigan's Brief in Opposition to Motion for Relief from Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |

2

13-53846-tjwr Doc 2671-1 Filed 02/19/14 Entered 02/19/14 14:16:09 Page 2 of 6
13-53846-swr Doc 2547 Filed 02/19/14 Entered 02/19/14 14:39:34 Page 2 of 6

| | | | |
|---|---|---|---|
| 4. | 10/7/2013 | 1108 | Debtor's Objection to Catherine Phillips, et al.'s Motion for Relief from Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |
| 5. | 10/7/2013 | 1109 | Debtor's Brief in Opposition to Catherine Phillips, et al.'s Motion for Relief from Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor (Attachments: Exhibit A; Exhibit B; Exhibit C) |
| 6. | 11/6/2013 | 1536-1 | Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004) |
| 7. | 11/15/2013 | 1745 | State of Michigan's Motion for Reconsideration of Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004) |
| 8. | 11/20/2013 | 1777 | Debtor's Concurrence With and Joinder in The State of Michigan's Motion for Reconsideration |

3

13-53846-tjt   Doc 2674   Filed 02/19/14   Entered 02/19/14 14:16:09   Page 3 of 6
13-53846-swr   Doc 2547   Filed 02/19/14   Entered 02/19/14 14:39:04   Page 3 of 6

| 9. | 12/2/2013 | 1888 | Petitioner's Response to Respondents Snyder and Dillon's Motion for Reconsideration (Dkt. #1745) of Opinion and Order (Dkt. #1536-1) Denying NAACP's Motion for Relief from Stay and Granting Phillips' Motion for Relief from Stay (Attachments: Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5; Exhibit 6) |
| 10. | 12/20/2013 | 2256 | Order Denying Motion for Reconsideration (Dkt. #1745) |
| 11. | 1/23/2014 | 2546 | Transcript of December 16, 2013 Hearing Regarding Docket #1745 (transcript order pending) |

## II. STATEMENT OF ISSUES ON APPEAL

1. Whether the Bankruptcy Court erred in concluding that the *Phillips* Plaintiffs'[1] proposal to amend their Complaint by withdrawing Count I and eliminating Plaintiffs Phillips, Valenti, and AFSCME Council 25 "eliminates the potential that the *Phillips* case might result

---

[1] Plaintiffs in *Phillips, et al. v. Snyder, et al.*, United States District Court for the Eastern District of Michigan, Case No 13-11370 (the "*Phillips* Case").

4

13-53846-tjt  Doc 2674  Filed 02/19/14  Entered 02/19/14 14:16:09  Page 4 of 6
13-53846-swr  Doc 2547  Filed 02/19/14  Entered 02/19/14 14:39:34  Page 4 of 6

in the removal of the Detroit emergency manager" and thus, that the Bankruptcy Court's July 15 Order[2] does not apply to the *Phillips* Case.

2. Whether the Bankruptcy Court erred in holding that the July 15 Order does not apply to the *Phillips* Case where arguments that PA 436[3] is facially unconstitutional are found throughout the Complaint, and a holding in the *Phillips* Case that PA 436 is unconstitutional could pose serious questions regarding the validity of actions taken by Detroit's Emergency Manager in the Bankruptcy Case[4].

3. Whether the Bankruptcy Court erred in denying the State's Motion for Reconsideration[5] where the *Phillips* Stay Relief Order resulted from a palpable defect which misled the Bankruptcy Court to

---

[2] *Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor* entered by the Bankruptcy Court on July 15, 2013 [Dkt. #166].

[3] Public Act 436 of 2012 of the State of Michigan, also known as the Local Financial Stability And Choice Act, Mich. Comp. Laws §§ 141.1541-141.1575.

[4] *In re City of Detroit, Michigan*, United States Bankruptcy Court for the Eastern District of Michigan, Case No. 13-53846.

[5] *State of Michigan's Motion for Reconsideration of Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004)* [Dkt. #1745].

5

13-53846-tjt Doc 2674 Filed 02/19/14 Entered 02/19/14 14:16:09 Page 5 of 6
13-53846-swr Doc 2547 Filed 02/19/14 Entered 02/19/14 14:39:34 Page 5 of 6

conclude that withdrawal of Count I and eliminating Plaintiffs Phillips, Valenti, and AFSCME Council 25 would eliminate the threat the *Phillips* Case poses to the validity of actions taken by Detroit's Emergency Manager in the Bankruptcy Case.

4. Whether the Bankruptcy Court erred in denying the State's Motion for Reconsideration by holding that "a finding by another court that P.A. 436 is unconstitutional will not automatically result in the removal of Kevyn Orr [because] [f]urther action would need to be taken, and any such further action is subject to the automatic stay," where a holding in the *Phillips* Case that PA 436 is unconstitutional could render PA 436 void *ab initio*, and thus, could pose serious questions regarding the validity of actions taken by Detroit's Emergency Manager in the Bankruptcy Case.

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel

P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]
Attorney for State of Michigan

Dated: January 23, 2014

6

13-53846-tjt Doc 2674 Filed 02/19/14 Entered 02/19/14 14:16:09 Page 6 of 6
13-53846-swr Doc 2544 Filed 02/19/14 Entered 02/19/14 14:33:34 Page 6 of 6