UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# ATTACHMENT

# APPELLANT STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

| Item | Date Filed | Docket # | Description |
|---|---|---|---|
| 10. | 12/20/2013 | 2256 | Order Denying Motion for Reconsideration (Dkt. #1745) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

### Order Denying Motion for Reconsideration (Dkt. #1745)

Governor Rick Snyder and former Treasurer Andy Dillon filed a motion for reconsideration of this Court's Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004). (Dkt. #1536) The City of Detroit filed a concurrence and joinder. (Dkt. #1777) The Court entered an order requiring the Phillips parties to file a response and setting the matter for hearing on December 16, 2013. Following the hearing, the Court took the matter under advisement.

This motion is to be decided pursuant to Local Bankruptcy Rule 9024-1(a)(3), which provides:

> Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

LBR 9024-1(a)(3).

The State essentially argues that even though the plaintiffs in this suit have removed any request for the removal of Kevyn Orr as Detroit's emergency manager, a successful challenge to P.A. 436 will inevitably lead to that result. However, the Court must conclude that such is not the case. A finding by another court that P.A. 436 is unconstitutional will not automatically

result in the removal of Kevyn Orr. Further action would need to be taken, and any such further action is subject to the automatic stay. Accordingly, the motion for reconsideration is denied.

It is so ordered.

.

**Signed on December 20, 2013**

                                                                                   /s/ Steven Rhodes
                                                                         **Steven Rhodes**
                                                                         **United States Bankruptcy Judge**