## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan          Chapter 9
         Case No. 13-53846
        Debtor.         Hon. Steven W. Rhodes

_____/

### APPELLEE CATHERINE PHILLIPS, ET AL.'S SUPPLEMENTAL DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Pursuant to Rule 8006 of the Federal Rule of Bankruptcy Procedure, Appellees, Catherine Phillips, *et al.* submit this designation of the contents of the record in connection with City of Detroit's Notice of Appeal filed on January 3, 2014 (Dkt No. 2375) and Governor Rick Synder and State Treasurer Kevin Clinton's Notice of Appeal filed on January 9, 2014 (Dkt No. 2439) from the Order of Bankruptcy Judge Honorable Steven W. Rhodes entered in this case on November 6, 2013 (Dkt No. 1536) and the Order Denying Motion for Reconsideration, entered on December 20, 2013, (Dkt No. 2256).

### Designation of Items

Appellees (Phillips Plaintiffs) designates the attached additional items from the Bankruptcy Court docket to be included in the record on this appeal to the United States District Court for the Eastern District of Michigan, as listed on the Appendix, attached hereto.

Respectfully submitted,

   */s/Hugh M. Davis*
Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, PC
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
Davis@ConLitPC.com and
Heenan@ConLitPC.com

1

Attorneys for Petitioners
Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Attorneys for Petitioners
Goodman & Hurwitz PC on behalf of Detroit &
Michigan National Lawyers Guild
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com
Attorneys for Petitioners

John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
Attorneys for Petitioners

Herbert A. Sanders (P43031)
THE SANDERS LAW FIRM PC
615 Griswold St. Ste. 913
Detroit, Michigan 48226
(313) 962-0099/Fax: (313) 962-0044
haslawpc@gmail.com
Attorneys for Petitioners

Richard G. Mack, Jr. (P58657)
Keith D. Flynn (P74192)
MILLER COHEN, P.L.C.
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454/Fax: (313) 964-4490
richardmack@millercohen.com
Attorneys for Petitioners

Darius Charney

Ghita Schwarz

CENTER FOR CONSTITUTIONAL RIGHTS

666 Broadway, 7th floor

New York, New York 10012

(212) 614-6464/Fax: (212) 614-6499

dcharney@ccrjustice.org

Attorneys for Petitioners

3

# U.S. Bankruptcy Court
## Eastern District of Michigan (Detroit)
## Bankruptcy Petition #: 13-53846-swr

*Date filed:* 07/18/2013

*Assigned to:* Judge Steven W. Rhodes
Chapter 9
Voluntary
No asset

**Debtor In Possession**
**City of Detroit, Michigan**
2 Woodward Avenue
Suite 1126
Detroit, MI 48226
WAYNE-MI
Tax ID / EIN: 38-6004606

represented by **Bruce Bennett**
555 S. Flower Street
50th Floor
Los Angeles, CA 90071
(213) 489-3939
Email: bbennett@jonesday.com

**Judy B. Calton**
Honigman Miller Schwartz & Cohn LLP
2290 First National Building
Detroit, MI 48226
(313) 465-7344
Fax : (313) 465-7345
Email: jcalton@honigman.com

**Eric D. Carlson**
150 West Jefferson
Suite 2500
Detroit, MI 48226
313-496-7567
Email: carlson@millercanfield.com

**Timothy A. Fusco**
150 West Jefferson
Suite 2500
Detroit, MI 48226-4415
(313) 496-8435
Email: fusco@millercanfield.com

**Jonathan S. Green**
150 W. Jefferson
Ste. 2500
Detroit, MI 48226
(313) 963-6420
Email: green@millercanfield.com

**David Gilbert Heiman**
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-7175
Email: dgheiman@jonesday.com

**Robert S. Hertzberg**
4000 Town Center
Suite 1800
Southfield, MI 48075-1505
248-359-7300
Fax : 248-359-7700
Email: hertzbergr@pepperlaw.com

**Deborah Kovsky-Apap**
Pepper Hamilton LLP
4000 Town Center
Suite 1800
Southfield, MI 48075
(248) 359-7300
Fax : (248) 359-7700
Email: kovskyd@pepperlaw.com

**Kay Standridge Kress**
4000 Town Center
Southfield, MI 48075-1505
(248) 359-7300
Fax : (248) 359-7700
Email: kressk@pepperlaw.com

**Stephen S. LaPlante**
150 W. Jefferson Ave.
Suite 2500
Detroit, MI 48226
(313) 496-8478
Email: laplante@millercanfield.com

**Heather Lennox**
222 East 41st Street
New York, NY 10017
212-326-3939
Email: hlennox@jonesday.com

**Marc N. Swanson**
                              Miller Canfield Paddock and Stone, P.L.C
                              150 W. Jefferson
                              Suite 2500
                              Detroit, MI 48226
                              (313) 496-7591
                              Email: swansonm@millercanfield.com

*U.S. Trustee*               represented by **Sean M. Cowley (UST)**
**Daniel M. McDermott**                      United States Trustee
                              211 West Fort Street
                              Suite 700
                              Detroit, MI 48226
                              (313) 226-3432
                              Email: Sean.cowley@usdoj.gov

                              **Richard A. Roble (UST)**
                              United States Trustee
                              211 West Fort Street
                              Suite 700
                              Detroit, MI 48226
                              (313) 226-6769
                              Email: Richard.A.Roble@usdoj.gov

*Creditor Committee*         represented by **Geoffrey T. Pavlic**
**Committee of Unsecured**                   25925 Telegraph Rd.
**Creditors**                 Suite 203
                              Southfield, MI 48033-2518
                              (248) 352-4700
                              Fax : (248) 352-4488
                              Email: pavlic@steinbergshapiro.com

                              **Mark H. Shapiro**
                              25925 Telegraph Rd.
                              Suite 203
                              Southfield, MI 48033-2518
                              (248) 352-4700
                              Fax : (248) 352-4488
                              Email: shapiro@steinbergshapiro.com

*Retiree Committee*          represented by **Sam J. Alberts**
**Official Committee of Retirees**           1301 K Street, NW
                              Suite 600, East Tower
                              Washington, DC 20005-3364
                              (202) 408-7004
                              Email: sam.alberts@dentons.com

**Paula A. Hall**
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 971-1800 .
Email: hall@bwst-law.com

**Claude D. Montgomery**
620 Fifth Avenue
New York, NY 10020
(212) 632-8390
Email: claude.montgomery@dentons.com,docketny@de

**Carole Neville**
1221 Avenue of the Americas
25th Floor
New York, NY 10020
(212) 768-6889
Email: carole.neville@dentons.com

**Matthew Wilkins**
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 971-1800
Email: wilkins@bwst-law.com

| Filing Date | # | Docket Text |
|---|---|---|
| 1/10/2014 | <u>2448</u><br>(21 pgs;  docs) | Motion To Stay Pending Appeal (related documents <u>1536</u> Memorandum Opinion and Order, <u>2256</u> Order on Motion To Reconsider) Filed by Interested Party State of Michigan (Attachments: # <u>1</u> Exhibit 1 - Prpposed Order # <u>2</u> Exhibit 2 - Notice of Motion and Opportunity to Object # <u>3</u> Exhibit 3 - Brief in Support # <u>4</u> Exhibit 4 - COS) (Schneider, Matthew) (Entered: 01/10/2014) |
| 1/12/2014 | <u>2452</u> (6 pgs) | Concurrence Filed by Debtor In Possession City of Detroit, Michigan (RE: related document(s)<u>2448</u> Motion To Stay Pending Appeal (related documents <u>1536</u> Memorandum Opinion and Order, <u>2256</u> Order on Motion To Reconsider) ). (Fusco, Timothy) (Entered: 01/12/2014) |
| 1/24/2014 | <u>2560</u><br>(18 pgs;<br>7 docs) | Response to (related document(s): <u>1536</u> Memorandum Opinion and Order, <u>2256</u> Order on Motion To Reconsider) Filed by Creditor Catherine W. Phillips (Attachments: # <u>1</u> Exhibit none # <u>2</u> Exhibit 2 - Order # <u>3</u> Exhibit 3 - Brief in Opposition # <u>4</u>Exhibit 4 - Certificate of Service |

| | | |
|---|---|---|
| | | # 5 Exhibit 5 - none # 6 Exhibit 6 - None) (Davis, Hugh) (Entered: 01/24/2014) |
| 1/29/2014 | 2594<br>(3 pgs) | Order Denying Motion to Stay Pending Appeal (Dkt. #2448). (Related Doc # 2448). (ckata) (Entered: 01/29/2014) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                Chapter 9

CITY OF DETROIT, MICHIGAN,            No. 13-53846

Debtor.                               HON. STEVEN W. RHODES

_____/

**RESPONDENTS' MOTION TO STAY THE EFFECT OF ORDER
GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY
(DKT. #1536-1) PENDING APPEAL OF THAT ORDER AND
ORDER DENYING MOTION FOR RECONSIDERATION OF
ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM
STAY (DKT. #2256)**

Respondents Michigan Governor Rick Snyder and Michigan

Treasurer Kevin Clinton[1] (Defendants in *Catherine Phillips, et. al v.

Snyder, et. al,* Case No. 13-cv-11370, filed in the United States District

Court for the Eastern District of Michigan (the *"Phillips* Case")) by and

through their attorneys, Matthew Schneider, Chief Legal Counsel, and

Michael Murphy, move this Honorable Court under Fed. R. Bankr. P.

8005 to stay its order granting Petitioners' motion for relief from stay

---

[1] Andrew Dillon resigned on October 11, 2013. His replacement, Kevin
Clinton, assumed office on November 1, 2013. Pursuant to Fed. R. Civ.
P. 25(d), Mr. Clinton is automatically substituted as a party to this
action in Mr. Dillon's place.

1

(Dkt. #1536-1) pending appeal from such order.  In support of this
motion, Respondents state:

    1.    This motion is timely based on Respondents' motion for
reconsideration of the order lifting stay (Dkt. #1745).

    2.    On July 25, 2013, this Court entered *Order Pursuant to
Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to
Certain (A) State Entities, (B) Non Officer Employees and (C) Agents
and Representatives of the Debtor* (the "Extended Stay Order")(Dkt.
#166).

    3.    Petitioners, Plaintiffs in the *Phillips* Case, requested relief
from the Extended Stay Order (Dkt. #1004).

    4.    On November 6, 2013, this Court issued an Opinion and
Order (the "November 6 Order") (Dkt. #1536-1) ordering, in part, that
"it is not necessary for the Court to grant relief from the stay to allow
the Phillips case to proceed because that case is not subject to the
Court's July 25, 2013 order.  This order is conditioned on the Phillips
plaintiffs' amendment of their complaint to eliminate their request for
the removal of the Detroit emergency manager and for any other relief
that diminishes the Detroit emergency manager's authority under P.A.

436." Respondents filed a motion for reconsideration of the November 6 Order (Dkt. #1745) which this Court denied (Dkt. #2256).

5.    Based on these Orders, Plaintiffs in the *Phillips* Case have filed a motion to reopen the District Court case and to dismiss Plaintiffs Phillips, Valenti, & AFSCME Council 25 and counts I and IX from the Complaint and to amend the relief requested. (*Phillips v. Snyder*, Eastern District of Michigan Case No. 2:13-cv-11370, R. 32, Pg ID #372.)

6.    For the reasons set forth in the supporting brief attached, each of the factors for stay is met.

7.    Pursuant to L.B.R. 9014-1(g), Respondents sought but did not obtain concurrence in this motion.

Accordingly, Respondents respectfully request that this Honorable Court stay the effect of its November 6 Order (Dkt. #1536-1) pending appeal of that Order and this Court's Order denying Respondents' motion for reconsideration (Dkt. #1745).

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan

3

P.O. Box 30754
Lansing, Michigan  48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Aaron D. Lindstrom
Solicitor General

Michael Murphy
Assistant Attorney General

Ann Sherman
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney
General
Dickinson Wright PLLC
500 Woodward Avenue, Suite
4000
Detroit, Michigan  48226-3425

Attorneys for the State of
Michigan
Michigan Dep't of Attorney
General

Dated: January 10, 2014

4

# Attachment 1
# Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

## ORDER GRANTING STAY OF THIS COURT'S ORDER DATED NOVEMBER 6, 2013, DKT NO. 1536

THE COURT HAVING FOUND THAT:

Upon motion of the Governor and State Treasurer of Michigan to Stay this Court's Order Lifting the Automatic Stay (Dkt No. 1536),

IT IS HEREBY ORDERED that the Motion is granted and this Court's Order dated November 6, 2013, Dkt. No. 1536 is stayed pending appeal.

# Attachment 2
# Notice of Motion and
# Opportunity to Object

Form B20A(Official Form 20A)
12/1/10

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

**In re: CITY OF DETROIT**

**Chapter:** __9__
**Case No.:** __13-53846__
**HON. STEVEN W. RHODES**

## NOTICE OF MOTION FOR STAY OF ORDER, DOCKET NO. 1536

Defendant Governor and State Treasurer have filed papers with the Court to Stay an Order, Dkt No. 1536.

<u>Your rights may be affected</u>. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in a motion, or if you want the Court to consider your views on the motion, within 14 days, you or your attorney must:

1.        File with the Court a written response or an answer, explaining your position at:[1]

### United States Bankruptcy Court
### 211 W. Fort Street, Ste. 2100
### Detroit, Michigan 48226

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

1

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Matthew Schneider
Chief Legal Counsel
Michigan Department of Attorney
P.O. Box 30754
Lansing, Michigan  48909
(517) 373-3203

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: 01/10/13

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan  48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

2

# Attachment 3

# Brief in Support

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                 No. 13-53846

    Debtor.                            HON. STEVEN W. RHODES

_____/

**RESPONDENTS' BRIEF IN SUPPORT OF MOTION TO STAY
THE EFFECT OF ORDER GRANTING PHILLIPS' MOTION FOR
RELIEF FROM STAY (DKT. #1536-1) PENDING APPEAL OF
THAT ORDER AND ORDER DENYING MOTION FOR
RECONSIDERATION OF ORDER GRANTING PHILLIPS'
MOTION FOR RELIEF FROM STAY (DKT. #2256)**

## Introduction

As this Court well knows, the City of Detroit Chapter 9

bankruptcy is the largest Chapter 9 bankruptcy filing in our country's

history. Now that the Court has concluded that the City is eligible to

proceed under Chapter 9, anything that could jeopardize or even delay

the bankruptcy proceedings should be carefully scrutinized. Because

the plaintiffs in the *Phillips* Case[1] seek a ruling that Michigan Public

_____

[1] Capitalized terms not defined herein have the meaning ascribed in the
Motion.

Act 436 of 2012 (P.A. 436) is unconstitutional, this Court's decision to grant relief from the automatic stay formerly extended to the *Phillips* Case under the Extended Stay Order potentially threatens to diminish or eliminate the authority of Detroit's Emergency Manager, and thus, jeopardizes, or at a minimum, potentially delays the City's ability to go forward with a plan of adjustment. Accordingly, as set forth in more detail below, Respondents have met the factors for stay and respectfully request that this Court stay the effect of its November 6 Order (Dkt. #1536-1).

## Argument

### I. This case meets all the factors for stay.

The factors this Court considers in determining whether an order should be stayed under Fed. R. Bankr. P. 8005 are generally the same factors considered in determining whether to issue a temporary restraining order or a preliminary injunction: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan*

2

*First Credit Union v. Smith (In re Smith)*, 501 B.R. 332, 335 (Bankr. E.D. Mich. 2013) quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The greater the likelihood of success on the merits, the less the court will require the movant to demonstrate irreparable harm. *Family Trust Foundation of Ky., Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004). Each factor is met here.

## A. The State is likely to prevail on the merits.

The scope of the *Phillips* Case is sweeping and its potential impact on the Detroit bankruptcy pervasive. As this Court recognized in its order lifting the stay, the *Phillips* Case "assert[s] that P.A. 436 violates [Petitioners'] rights under the United States Constitution, art. IV, § 4; amend. I; amend. XIII; amend. XIV; and the Voting Rights Act of 1965, 42 U.S.C. §§ 1973-1973(q)." (Dkt. #1536-1 at 1-2.) Petitioners "seek[] damages, declaratory relief, and injunctive relief, including relief 'restraining the Defendants *and any present and future EMs* from implementing or exercising authority and powers purportedly conveyed by Public Act 436." (Dkt. #1536-1 at 1-2, emphasis added.)

3

Indeed, the entire complaint in the *Phillips* Case is riddled with facial and as-applied challenges to P.A. 436. (See *Phillips*, No. 2-13-cv-11370, R. 1, Complaint , PG ID #24-47.) And the complaint challenges P.A. 436 in every municipality, including Detroit.

Attempting to ameliorate that sweeping impact, Petitioners proposed to withdraw Counts I and IX and remove Plaintiffs Phillips, Valenti, and AFSCME Council 25 from their lawsuit. But such action does not insulate Detroit Emergency Manager Kevyn Orr from attack because counts II through VIII and X would still remain—and they attack P.A. 436 on facial grounds:

- Count II: "On its face. . . Public Act 436 . . . disenfranchises citizens from their right to a democratically elected form of local government and their right to elect local officials who possess general legislative power." (*Phillips*, R. 1, Compl., at Pg ID #24-27.)

- Count II: "On its face. . . Public Act 436 violates the US Const., Art 4, § 4 through provisions of the statute that permit EMs [inter alia] to . . . '[b]e selected and appointed solely at the discretion of the Governor . . .'" (*Id.* at Pg ID #27-28.)

- Counts IV, V, and VI: "On its face . . . Public Act 436 violates the Equal Protection Clause of the US Const., Amend. XIV, § 1 . . . ."

- Count VII: "On its face . . . .Public Act 436 violates the Voting Rights Act through provisions that provide for the

4

appointment of EMs and entering of consent agreements that abridge and dilute the voting rights of citizens within these localities . . . ." (*Id.* at Pg ID #38-40.)

- Count VIII: "On its face . . . Public Act 436 violates the U.S. Const., Amend. I through provisions that provide for the appointment of EMs with powers that strip all authority of local elected officials . . . ." (*Id.* at Pg ID #40-43.)

- Count X: "On its face . . . Public Act perpetuates the vestiges of slavery." (*Id.* at Pg ID #45-47.)

By their very wording and scope, these remaining claims challenge the appointment of all emergency managers in Michigan, including Detroit's emergency manager Kevyn Orr and the validity of Mr. Orr's decision to use the authority of P.A. 436 for filing the City's Chapter 9 bankruptcy. If the relief Petitioners' request in the *Phillips* Case is granted and P.A. 436 held unconstitutional, such a ruling could have retroactive effect, causing P.A. 436 to be "equally void from the outset," *Village of Mainville, Oh. v. Hamilton Tp. Bd. of Trustees*, 726 F.3d 762, 766 (6th Cir. 2013). Such ruling could render Emergency Manager Orr's actions in filing the Chapter 9 bankruptcy case invalid, greatly jeopardizing the Chapter 9 case. Thus, Respondents have a strong likelihood of success on their argument that the automatic stay

5

should continue to be extended to the *Phillips* Case because it threatens to undermine the validity of Detroit's bankruptcy filing.

## B. Without a stay, the State could suffer irreparable injury.

Again, since P.A. 436 is the only vehicle for a municipality in Michigan to file bankruptcy, a holding that P.A. 436 is unconstitutional could call into question the entire eligibility of the City of Detroit to file Chapter 9 bankruptcy. Mich. Comp. Laws 141.1558 (1).

It cannot be overemphasized that Detroit's dire financial condition is not localized—it jeopardizes the financial health and credit rating of the entire State. In turn, a holding in the *Phillips* Case that P.A. 436 is facially unconstitutional and subsequent actions including invalidation of the Chapter 9 filing, and/or delay in submission of the plan of adjustment would cause irreparable harm to the State.

Even if such a holding does not void the actions already taken by Detroit Emergency Manager Kevyn Orr, it could seriously call into question the authority of Mr. Orr to go forward with a plan of adjustment on behalf of the City in the Chapter 9 case. A shift in the authority and decision making structure from the Emergency Manager

6

13-53846-swr    Doc 2448-3    Filed 01/10/14    Entered 01/10/14 16:33:55    Page 7 of 10
13-53846-swr    Doc 2673-1    Filed 02/10/14    Entered 02/10/14 16:24:30    Page 24 of 59

to Detroit's new City Council could seriously impair current efforts to submit a timely and efficient plan of adjustment. At a minimum, such a shift would undoubtedly cause delays that would irreparably harm not only Detroit but the entire State. This factor counsels for a stay.

### C.    Others will not be harmed if the stay is granted.

Petitioners are likely to argue that they will be harmed if this Court stays the November 6 Order because they will be unable to proceed with the *Phillips* Case and thus, they will be barred from challenging the constitutionality of P.A. 436 and its application to cities in Michigan. However, the State is not requesting a permanent injunction against the *Phillips* Case proceeding. Rather, the State is requesting that this Court stay its November 6 Order only pending appeal of such order so that the appellate court can may review whether the Petitioners' facial and as-applied constitutional challenges to P.A. 436 jeopardize the City's Chapter 9 case. Thus, this factor weighs in favor of granting the stay.

7

13-53846-swr    Doc 2448-3    Filed 01/10/14    Entered 01/10/14 16:33:55    Page 8 of 10
13-53846-swr    Doc 2673-1    Filed 02/10/14    Entered 02/10/14 16:24:50    Page 25 of 59

**D.    The public interest would be served by a stay.**

The public will be harmed by any interference with the Chapter 9 bankruptcy.  As this Court outlined extensively in its Opinion Regarding Eligibility, the City of Detroit has for decades been experiencing dwindling population, employment, and revenues.  (Dkt. #1945, Opinion Regarding Eligibility at 12.)  This decline has "led to decaying infrastructure, excessive borrowing, mounting crime rates, spreading blight, and a deteriorating quality of life."  (Dkt. #1945 at 12.)  And even more important for purposes of the need for a stay, "the City no longer has the resources to provide its residents with the basic police, fire and emergency medical services that its residents need for their basic health and safety."  (Dkt. #1945 at 12.)  "Detroit was, and is, insolvent . . . ."  (Dkt. #1945 at 113.)  As this Court poignantly recognized, the City needs help "to reverse this decline in basic services, to attract new residents and businesses, and to revitalize and reinvigorate itself."  (Dkt. #1945 at 13.)

The bankruptcy petition *is* that help.  And because the provision of basic services is at stake, time is of the essence.  The residents of Detroit would be irreparably harmed by *any* action that could

8

13-53846-swr    Doc 2448-3    Filed 01/10/14    Entered 01/10/14 16:33:55    Page 9 of 10
13-53846-swr    Doc 2673-1    Filed 02/10/14    Entered 02/10/14 16:24:30    Page 28 of 59

potentially harm or even delay the City's ability to address the delivery of these vital services. This factor weighs heavily for a stay.

In sum, each of the factors for a stay is met. Respondents therefore respectfully request that this Honorable Court stay the effect of its November 6, 2013 Order (Dkt. #1536-1) pending appeal of that order and this Court's Order denying Respondents' motion for reconsideration of the November 6, 2013 Order (Dkt. #2256).

Respectfully submitted,

/s/ Matthew Schneider
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan  48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Dated: January 10, 2014

9

13-53846-swr   Doc 2448-3   Filed 01/10/14   Entered 01/10/14 16:33:55   Page 10 of 10
13-53846-swr   Doc 2673-1   Filed 02/10/14   Entered 02/10/14 16:24:50   Page 27 of 59

# Attachment 4
# Certificate of Service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2014, I electronically filed

RESPONDENTS' MOTION TO STAY THE EFFECT OF ORDER

GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY ((DKT.

#1536-1) PENDING APPEAL OF THAT ORDER AND ORDER

DENYING MOTION FOR RECONSIDERATION OF ORDER

GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT.

#2256) with the Clerk of the Court for the United States Bankruptcy

Court, Eastern District of Michigan, Southern Division using the ECF

System, which will send notification of such filing to all attorneys and

parties of record registered electronically.

*/s/Matthew Schneider*
Matthew Schneider, Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754, Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov [P62190]

Michigan Department of Attorney General

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

---------------------------------------------- x
                                        :

In re                                :          Chapter 9

                                          :

CITY OF DETROIT, MICHIGAN,   :          Case No. 13-53846

                                          :

          Debtor.                  :          Hon. Steven W. Rhodes

---------------------------------------------- x

## DEBTOR'S CONCURRENCE WITH AND JOINDER IN THE RESPONDENTS MOTION TO STAY THE EFFECT OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. #1536-1) PENDING APPEAL OF THAT ORDER AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT #2256)

The City of Detroit (the "City") concurs[1] with Respondents Michigan Governor Rick Snyder and Michigan Treasurer Kevin Clinton in moving ("State's Motion") this Court under Fed. R. Bankr. P. 8005 to stay its order granting Petitioners' motion for relief from stay (Dkt. #1536-1) ("Order") pending appeal from such order. In support of this concurrence and joinder, the City respectfully represents as follows:

1.     The Phillips' litigation should not be allowed to continue at this crucial time in this case prior to appellate review of the Order. It must be stayed

---

[1] Due to the timing of the filing of the State's Motion, and the absence of any specified time period for response, the City files this Concurrence at the earliest possible time. In the event this Court permits or invites formal responses the City intends to supplement this Concurrence.

for the same reason the Court found that the similar NAACP lawsuit was subject to its July 25, 2013 Order – its "potential to directly impact the City's bankruptcy case." Order at 4.

2. This Court allowed the Phillips suit to proceed based on their counsel's representation that they would amend their complaint so that it would have no "bearing on the Debtor's rights in this bankruptcy proceeding" as opposed to the NAACP suit which this Court found "explicitly seeks to remove all power and authority from the Detroit emergency manager." Order at 4, 8. The Phillips plaintiffs themselves, however, admit that if their amended complaint is successful "the impact of the declaratory relief on the bankruptcy is unknown because the scope of the relief granted cannot be known until such time as the District Court actually issues its findings." Response to Motion for Reconsideration [Dkt. #1888-4 at 6]. This statement cannot be reconciled with the Phillips' plaintiffs' earlier promise to this Court. As is now apparent, even though the Phillips' plaintiffs' amended complaint may not use the words "Kevyn Orr" or "Detroit emergency manager" it still challenges P.A. 436 in every municipality, including Detroit.[2]

3. It cannot be seriously questioned that the successful prosecution of the amended complaint would, at the very least, have the "potential to directly impact

---

[2] Shockingly, the Plaintiffs' amended complaint continues to include five Detroit residents— persons that should have no interest in the litigation if, indeed, Detroit is not one of the targets of the litigation. Response to Motion for Reconsideration [Dkt. #1888-7 at ¶¶ 20-22, 24-25.].

21848899.4\022765-00202

13-53846-swr   Doc 2452   Filed 01/12/14   Entered 01/12/14 21:54:40   Page 2 of 6
13-53846-swr   Doc 2673-1   Filed 02/10/14   Entered 02/10/14 16:24:50   Page 32 of 59

the City's bankruptcy case" and could, quite possibly, provide a basis to invalidate or call into question the entire chapter 9 filing. Thus, even if this Court is correct that a "finding by another court that P.A. 436 is unconstitutional will not automatically result in the removal of Kevyn Orr" the Phillips suit should still be subject to the July 25, 2013 Order because "such a ruling could have a retroactive effect, causing P.A. 436 to be equally void from the outset." Order Denying Motion for Reconsideration [Dkt. #2256]; State's Motion at 5; *Chicago, Indianapolis, & Louisville Ry. Co.*, 228 U.S. 559, 566 (1913) ("[A]n unconstitutional act is not a law, and can neither confer a right or immunity nor operate to supersede any existing valid law"); *Stanton v. Lloyd Hammond Produce Farms*, 400 Mich. 135, 144-45 (1977) ("[A]n unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed.").

4.      It is not necessary, however, to determine at this point the exact consequences that would ensue from a ruling in the Phillips case. As the Plaintiffs themselves concede, it is impossible to conclude with exactitude what relief they will be afforded if successful.[3] This uncertainty poses practical and economic issues for the City. The mere pendency of litigation that could lead to the ouster of

---

[3] The Phillips plaintiffs could specify in their amended complaint that they do not seek any relief that could impact upon the Detroit bankruptcy or Kevyn Orr's appointment but they have declined to do so. Moreover, it is uncertain whether such a request would bind a court with respect to its ruling on the merits of the case or the relief that might be granted.

21848899.4\022765-00202

the Emergency Manager, or even a prospective limitation upon his duties or powers, is likely to cloud the delicate negotiations that are ongoing to reach agreement on a consensual plan of adjustment. Also, because the City believes the outcome of the Phillips litigation is likely to impact this case, it may be forced to seek to intervene in the litigation causing the expenditure of legal fees and valuable time of the City's attorneys and officers. This Court need not look any further than its Eligibility Opinion as evidence of the significant consequences on the City and its residents that continuation of the Phillips litigation could cause.

5.      Finally, if the target of the Phillips lawsuit is not Detroit – despite being filed two days after Mr. Orr took office – but is instead the municipalities of the other Phillips plaintiffs which had all been under Emergency Managers for at least two years, the plaintiffs cannot credibly argue that they will be harmed by a delay of a few more months.   As such, the Order must be stayed pending its appeal.

21848899.4\022765-00202

## Conclusion

WHEREFORE, the City respectfully requests that this Court stay the Order pending the City and the State's appeal:

Dated: January 12, 2014    Respectfully submitted,

By: /s/ Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382

- 5 -

21848899.4\022765-00202
13-53846-swr    Doc 2452    Filed 01/12/14    Entered 01/12/14 21:54:40    Page 5 of 6
13-53846-swr    Doc 2673-1    Filed 02/10/14    Entered 02/10/14 16:22:30    Page 34 of 59

Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

21848899.4\022765-00202

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Chapter 9                                          .

City of Detroit, Michigan,                                    Case No. 13-53846
                                           Debtor. Hon. Steven W. Rhodes
_____/

## PETITIONERS' RESPONSE TO RESPONDENTS' MOTION TO STAY THE EFFECT OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. 1536) PENDING APPEAL OF THAT ORDER AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. 2256)

NOW COME Petitioners, (Plaintiffs in *Catherine Phillips, et. al v. Snyder, et. al,* Case No. 13-cv-11370, filed in the United States District Court for the Eastern District of Michigan (the "*Phillips* Case")) by and through their attorneys and, respond to the Governor and Treasurer's Motion under Fed. R. Bankr. P. 8005 to stay this Court's Order Granting Petitioners' Motion for Relief from Stay (Dkt. #1536-1) pending appeal by the Governor, Treasurer and Debtor from such Order. In opposition to that Motion, Petitioner's state:

    1.     Respondents have failed to even arguably meet the criteria for issuance of a stay pending appeal.

For the reasons stated in the accompanying brief, Petitioners respectfully request that this Honorable Court deny Respondent's Motion herein to stay the effect of its November 6, 2013 Order (Dkt. #1536-1) pending appeal of that Order and this Court's Order denying Respondents' Motion for Reconsideration (Dkt. #2256).

Dated: January 24, 2014         Respectfully submitted,
                           */s/Hugh M. Davis*
                           Hugh M. Davis (P12555)
                           Cynthia Heenan (P53664)
                           Constitutional Litigation Associates, PC
                           450 W. Fort St., Ste. 200
                           Detroit, MI 48226

(313) 961-2255/Fax: (313) 961-5999
Davis@ConLitPC.com and
Heenan@ConLitPC.com
Attorneys for Petitioners

Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Attorneys for Petitioners
Goodman & Hurwitz PC on behalf of Detroit &
Michigan National Lawyers Guild
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com
Attorneys for Petitioners

John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
Attorneys for Petitioners

Herbert A. Sanders (P43031)
THE SANDERS LAW FIRM PC
615 Griswold St. Ste. 913
Detroit, Michigan 48226
(313) 962-0099/Fax: (313) 962-0044
haslawpc@gmail.com
Attorneys for Petitioners

Richard G. Mack, Jr. (P58657)
Keith D. Flynn (P74192)
MILLER COHEN, P.L.C.
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454/Fax: (313) 964-4490
richardmack@millercohen.com
Attorneys for Petitioners

Darius Charney
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th floor
New York, New York 10012
(212) 614-6464/Fax: (212) 614-6499
dcharney@ccrjustice.org
Attorneys for Petitioners

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

              Debtor.

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

---

**<u>Exhibit 1 - None</u>**

**<u>To:</u>**

**<u>Petitioners' Response to Respondents' Motion to Stay the Effect of Order Grnating
Phillips' Motion for Relief From Stay (Dkt 1536) Pending Appeal of that Order and Order
Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief from
Stay (Dkt 2256)</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

                                        Chapter 9
                                        Case No. 13-53846
          Debtor.                       Hon. Steven W. Rhodes

_____/

**Exhibit 2 - Order Denying Stay of This Court's Order Dated 11/6/13 (Dkt 1536)**

**To:**

**Petitioners' Response to Respondents' Motion to Stay the Effect of Order Grnating Phillips' Motion for Relief From Stay (Dkt 1536) Pending Appeal of that Order and Order Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief from Stay (Dkt 2256)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

               Debtor.

Chapter 9.
Case No. 13-53846
Hon. Steven W. Rhodes

## ORDER DENYING STAY OF THIS COURT'S ORDER DATED NOVEMBER 6, 2013, DKT NO. 1536

THE COURT HAVING FOUND THAT:

      Upon Motion of the Governor and State Treasurer of Michigan to Stay this Court's Order Lifting the Automatic Stay (Dkt No. 1536).

      IT IS HEREBY ORDERED that the Motion is denied.

Dated:

                              _____
                                Hon. Steven W. Rhodes

F:\Cases\Phillips v. Snyder\In Re Detroit Bankruptcy\Pldgs\Order Denying Stay of this Court's Order of 11-6-13 (2014-01-23).docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan            Chapter 9
                                          Case No. 13-53846
         Debtor.                    Hon. Steven W. Rhodes

## <u>Exhibit 3 - Brief in Opposition</u>

### <u>To:</u>

#### <u>Petitioners' Response to Respondents' Motion to Stay the Effect of Order Grnating Phillips' Motion for Relief From Stay (Dkt 1536) Pending Appeal of that Order and Order Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief from Stay (Dkt 2256)</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Chapter 9

City of Detroit, Michigan,

Case No. 13-53846
Debtor. Hon. Steven W. Rhodes

_____/

## BRIEF IN OPPOSITION TO RESPONDENTS' MOTION TO STAY THE EFFECT OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. 1536) PENDING APPEAL OF THAT ORDER AND ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING PHILLIPS' MOTION FOR RELIEF FROM STAY (DKT. 2256)

The Respondents' recitation of the procedural history of this matter is correct except that it fails to mention that after this Court ruled that the Phillips case was not subject to the automatic or extended stay (Docket number 1536-1, November 6, 2013), Respondents filed a Motion for Reconsideration which was also denied (Dkt. # 2256, December 20, 2013.)

In response to Respondents' Motion for Reconsideration, this Court exercised its option to allow Petitioners to file a response and held a hearing on the Motion for Reconsideration, thus allowing a full re-airing of all of Respondents' arguments. (Dkt. #1756.)

Further, Petitioners' Response to the Motion for Reconsideration included as an exhibit the proposed First Amended Complaint that it intended to file in the District Court. (Dkt. #1888-7.) Thus, this Court had the opportunity to scrutinize exactly what changes to their District Court complaint the Petitioners had made in compliance with the conditions and limitations contained in this Court's original Order (Dkt. #1536-1), and apparently did not find them wanting.

This Court's Order Denying Motion for Reconsideration (Docket 2256) soundly rejected Respondents' argument that a successful challenge to P.A. 436 will inevitably or automatically lead to the removal of Kevin Orr, noting that further action would need to be taken and that any

such further legal actions implicating the Detroit bankruptcy would be subject to the automatic stay.

This Motion to Stay this Court's prior rulings pending their appeal -- the Respondents' third bite at this apple -- brings nothing new to the table. In fact a cornerstone of the Respondents' argument continues to be that:

> Petitioners "seek []damages, declaratory relief and injunctive relief, including relief 'restraining the defendants *and any present and future EMs* from implementing or exercising authority and powers purportedly conveyed by public act 436'." (Dkt. #1536-1, pp. 1-2)
>
> (Respondents' Brief, Dkt. #2448-3, p. 3.)

Respondents cite to this Court's original Opinion and Order which was quoting Petitioner's original District Court complaint (pp. 49-50). Petitioner's proposed First Amended District Court complaint no longer seeks the quoted relief. The new prayer for relief reads as follows:

### PRAYER FOR RELIEF
WHEREFORE, Plaintiffs pray this Honorable court enter Judgment against Defendants providing:

a. For declaratory relief holding that Public Act 436 violates the United States Constitution, Art. 4, §4; Amend I; Amend XIII; and Amend. XIV; and the Voting Rights Act of 1965, 42 U.S.C. §§ 1973 *et. seq.*;

b. For liquidated, compensatory, and punitive damages in an amount fair and just under the circumstances;

c. For preclearance remedies as permitted by 42 USC § 1973a(c);

d. For attorneys' fees and costs; and

e. For such further relief as is just and equitable.

Likewise, Respondents' entire motion is nothing but a rehash of its previous arguments.

A Motion to Stay pending appeal pursuant to Bankruptcy Rule 8005 should not be granted where the arguments presented by the movant have already been heard by the Court, briefed by the parties and subjected to oral argument with the court overruling the movant's objections, and the movant fails to advance new law or facts different or additional to those previously argued before the court. In re Roth American, Inc., 90 B.R. 94 (Bankr. M.D. Pa. 1988). Where, as here, the arguments presented by the Governor and Treasurer are substantively the same as those already twice rejected and/or properly addressed by this Court, there is no reason to believe that they will likely prevail on the merits on appeal nor that they will suffer irreparable harm if the stay is not granted.

Factors for Stay

Respondent's assertions that the State is likely to prevail on the merits, i.e. obtain a reversal of this Court's decision that the Petitioners' District Court constitutional challenge to the validity of a statute effecting the entire state (P.A. 436) is not stayed by Detroit's bankruptcy filing, is entirely unsupported by anything except ever higher-pitched screeching.

Respondents assert, as if it were a truth so universally recognized that no citation is necessary, that any relief Petitioners might obtain in the District Court case -- whether it be a wholesale finding that PA 436 violates every constitutional provision alleged in their Complaint, on its face, or a finding that a single clause in the law violates a single clause of the constitution as applied -- will automatically result in the nullification of the appointment of Kevin Orr as Detroit's Emergency Manager and the unwinding of every action he has taken, including initiating the bankruptcy and formulating and implementing a plan of adjustment under this Court's jurisdiction. For this grand proposition, Respondents' rely on what at best could be

considered dicta in a single case, <u>Village of Mainville, Ohio v. Hamilton Township Board of Trustees,</u> 726 F 3rd 762, 766 (6th Cir. 2013).

In that case, a developer was asserting that a lien filed against its real property for fees purportedly owed to the Township constituted a violation of the takings clause of the Fifth Amendment. The District Court below had concluded that the developer's claim was not ripe because it had not sought compensation through the procedures that the governmental unit provided prior to bringing its takings claim. This refers to a specific rule, applicable only to takings claims, handed down in <u>Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank,</u> 473 U.S. 172 (1985). The developer was arguing, for the first time on appeal, that the <u>Williamson County</u> rule applied only to "as applied" challenges to the takings clause and not to "facial" challenges. The holding of the 6th circuit was that the developer had forfeited this argument by failing to raise it in the district court. In no way does the cited case even arguably stand for the proposition that a favorable decision in <u>Phillips v Snyder</u> would "have a retroactive effect, causing P.A. 436 to be 'equally void from the outset'." The phrase "equally void from the outset" quoted from <u>Village of Mainville</u> is taken completely out of context from a discussion about whether a facial challenge can be distinguished from an as-applied challenge by the remedy sought.

In sum, none of the factors for a stay have been met. Respondents have failed to set forth any basis for this Court to conclude that they are likely to prevail on their appeal. Nor have they cited any authority for the proposition that success in the Phillips case would (or even could form a basis to) nullify or undo anything which has happened up to that point in Detroit bankruptcy proceedings. Yet that is the irreparable injury they rely upon to obtain a stay. Respondents do not deny that the citizens of other governmental units now or in the future subjected to P.A. 436

will be harmed if the stay is granted. They merely argue, again without any authority or specifics, that the harm such delay would cause to the citizens of the rest of the State subject to PA 436 emergency management, is outweighed by the State's need to push Detroit through bankruptcy. Such balancing of interests however is not required because the Phillips case does not seek any relief which would affect the Detroit bankruptcy. Finally they assert that the public interest would be served by a stay because Detroit is insolvent and unable to provide basic services for its citizens. However true that may be, the public whose interest is to be considered here includes all the citizens of the State of Michigan, particularly those who are now or in the future will be subject to emergency management, not just the residents of Detroit. This Court has already protected these purported interests of Detroit's residents and the State by requiring the Phillips Plaintiffs to refrain from seeking relief that would directly affect Detroit, its Emergency Manager or its bankruptcy and by recognizing that it will be the gatekeeper and adjudicator of any future litigation intended to apply the holdings in the Phillips case to Kevin Orr or Detroit's bankruptcy.

Dated: January 24, 2014

Respectfully submitted,
_/s/Hugh M. Davis_
Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, PC
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
Davis@ConLitPC.com and
Heenan@ConLitPC.com
Attorneys for Petitioners

Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Attorneys for Petitioners
Goodman & Hurwitz PC on behalf of Detroit &
Michigan National Lawyers Guild
1394 E. Jefferson Ave.

Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com
Attorneys for Petitioners

John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
Attorneys for Petitioners

Herbert A. Sanders (P43031)
THE SANDERS LAW FIRM PC
615 Griswold St. Ste. 913
Detroit, Michigan 48226
(313) 962-0099/Fax: (313) 962-0044
haslawpc@gmail.com
Attorneys for Petitioners

Richard G. Mack, Jr. (P58657)
Keith D. Flynn (P74192)
MILLER COHEN, P.L.C.
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454/Fax: (313) 964-4490
richardmack@millercohen.com
Attorneys for Petitioners

Darius Charney
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th floor
New York, New York 10012
(212) 614-6464/Fax: (212) 614-6499
dcharney@ccrjustice.org
Attorneys for Petitioners

F:\Cases\Phillips v. Snyder\In Re Detroit Bankruptcy\Pldgs\Brief in Opposition to Petitioner's Resp to Respondents' Mtn to Stay (2014-01-23).docx

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

Chapter 9
Case No. 13-53846

Debtor.

Hon. Steven W. Rhodes

_____/

## Exhibit 4 - Certificate of Service

## To:

**Petitioners' Response to Respondents' Motion to Stay the Effect of Order Grnating Phillips' Motion for Relief From Stay (Dkt 1536) Pending Appeal of that Order and Order Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief from Stay (Dkt 2256)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

                Debtor.

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2014, she filed the following documents with the court, using the court's CM/ECF system, which will send notice of the filings to all registered participants in this matter.

**Petitioners' Response to Respondents' Motion to Stay the Effect of Order Granting Phillips' Motion for Relief From Stay (DKT 1536-1) Pending Appeal of that Order and Order Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief From Stay (Dkt 2256).**

Respectfully submitted,

   */s/Hugh M. Davis*
Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, PC
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
Davis@ConLitPC.com and
Heenan@ConLitPC.com
Attorneys for Petitioners

Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Attorneys for Petitioners
Goodman & Hurwitz PC on behalf of Detroit &
Michigan National Lawyers Guild
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
jhurwitz@goodmanhurwitz.com

bgoodman@goodmanhurwitz.com
Attorneys for Petitioners

John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
Attorneys for Petitioners

Herbert A. Sanders (P43031)
THE SANDERS LAW FIRM PC
615 Griswold St. Ste. 913
Detroit, Michigan 48226
(313) 962-0099/Fax: (313) 962-0044
haslawpc@gmail.com
Attorneys for Petitioners

Richard G. Mack, Jr. (P58657)
Keith D. Flynn (P74192)
MILLER COHEN, P.L.C.
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454/Fax: (313) 964-4490
richardmack@millercohen.com
Attorneys for Petitioners

Darius Charney
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th floor
New York, New York 10012
(212) 614-6464/Fax: (212) 614-6499
dcharney@ccrjustice.org
Attorneys for Petitioners

F:\Cases\Phillips v. Snyder\In Re Detroit Bankruptcy\Pldgs\COS for Petitioner's Resp to Respondents' Motion to Stay (2014-01-23).doc

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

Debtor.

**Exhibit 5 - None**

**To:**

**Petitioners' Response to Respondents' Motion to Stay the Effect of Order Grnating Phillips' Motion for Relief From Stay (Dkt 1536) Pending Appeal of that Order and Order Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief from Stay (Dkt 2256)**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

         Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

---

### Exhibit 6 - None

### To:

### Petitioners' Response to Respondents' Motion to Stay the Effect of Order Grnating Phillips' Motion for Relief From Stay (Dkt 1536) Pending Appeal of that Order and Order Denying Motion for Reconsideration of Order Granting Phillips' Motion for Relief from Stay (Dkt 2256)

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                    Chapter 9
City of Detroit, Michigan,                Case No. 13-53846
    Debtor.                          Hon. Steven W. Rhodes
_____/

## Order Denying Motion to Stay Pending Appeal (Dkt. #2448)

Governor Rick Snyder and Treasurer Kevin Clinton filed this motion to stay pending appeal of this Court's Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004). (Dkt. #1536) The motion seeks a stay of this order allowing the Phillips parties to pursue their claims against parties other than the City of Detroit or its officers. The City filed a concurrence and joinder. (Dkt. #2452) The Phillips parties filed an objection. (Dkt. #2560) The Court has determined that a hearing on this matter will not materially assist the Court.

In determining whether a stay pending appeal should be granted pursuant to Fed. R. Bankr. P. 8005, a court considers the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). In determining whether to issue an injunction, a bankruptcy court must consider:

1. Whether the movant has shown a strong or substantial likelihood of success on the merits;

2. Whether the movant has demonstrated irreparable injury;

3. Whether the issuance of an injunction would cause substantial harm to others; and

4. Whether the public interest is served by the issuance of an injunction.

*Am. Imaging Serv., Inc. v. Eagle–Picher Indus., Inc. (In re Eagle–Picher Indus., Inc.)*, 963 F.2d 855, 858–59 (6th Cir. 1992) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)). The moving party bears the burden of proving by a preponderance of the evidence that a stay should issue. "[A] court's decision to [grant or] deny a Rule 8005 stay is highly discretionary." *In re Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997).

The Court concludes that although the appeal is probably not frivolous, the Movants have failed to show a reasonable likelihood of success on appeal. To succeed on appeal, they would have to establish that in allowing the Phillips parties' claims to proceed, this Court abused its discretion. This is usually a difficult hurdle to overcome. *See B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 936 (6th Cir. 2010) ("An abuse of discretion occurs where the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment.") (citation and internal quotation marks omitted). In this case, that hurdle will be challenging because the Phillips parties' claims, as amended, are unrelated to the City and their effect on the City's bankruptcy, if any, is highly speculative and distant.

The Movants have also failed to establish that they will suffer irreparable harm absent a stay. The district court case to which this matter relates (#13-cv-11370), was in the beginning stages when the case was administratively closed due to the City's bankruptcy filing. The defendant filed a motion to dismiss which had not yet been heard by the court. Presumably, that motion will now proceed to a resolution by the district court in due course. If the motion is granted, there will be no impact on this case. If the motion is denied, the case will then proceed through the discovery, summary judgment, trial and appellate processes, all before there may be any impact on the City. A resolution of that case is likely months or years away and the appeal of this matter will likely be resolved long before then.

13-53846-swr    Doc 2673-1    Filed 02/10/14    Entered 02/10/14 16:24:50    Page 55 of 59

The Court further finds that the issuance of a stay will cause substantial harm to the Phillips parties by denying their right to proceed with a claim that has little or nothing to do with the City or this bankruptcy.

Finally, the Court concludes that the public has a strong interest in avoiding unnecessary delay in the resolution of significant civil rights claims, such as those asserted by the Phillips parties in the district court.

Accordingly, the movants motion for stay pending appeal is denied.

It is so ordered.

Not for Publication

Signed on January 29, 2014

_____ /s/ Steven Rhodes _____
**Steven Rhodes**
**United States Bankruptcy Judge**

3

13-53846-swr    Doc 2594    Filed 01/29/14    Entered 01/29/14 16:32:06    Page 3 of 3
13-53846-swr    Doc 2673-1    Filed 02/10/14    Entered 02/10/14 16:24:30    Page 56 of 59

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan

                       Debtor.

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

_____/

## APPELLEE CATHERINE PHILLIPS, ET AL.'S SUPPLEMENTAL DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Pursuant to Rule 8006 of the Federal Rule of Bankruptcy Procedure, Appellees, Catherine Phillips, *et al.* submit this designation of the contents of the record in connection with City of Detroit's Notice of Appeal filed on January 3, 2014 (Dkt No. 2375) and Governor Rick Synder and State Treasurer Kevin Clinton's Notice of Appeal filed on January 9, 2014 (Dkt No. 2439) from the Order of Bankruptcy Judge Honorable Steven W. Rhodes entered in this case on November 6, 2013 (Dkt No. 1536) and the Order Denying Motion for Reconsideration, entered on December 20, 2013, (Dkt No. 2256).

## Designation of Items

Appellees (Phillips Plaintiffs) designates the attached additional items from the Bankruptcy Court docket to be included in the record on this appeal to the United States District Court for the Eastern District of Michigan, as listed on the Appendix, attached hereto.

Respectfully submitted,

   _/s/Hugh M. Davis___
Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, PC
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 961-5999
Davis@ConLitPC.com and
Heenan@ConLitPC.com

Attorneys for Petitioners
Julie H. Hurwitz (P34720)
William H. Goodman (P14173)
Attorneys for Petitioners
Goodman & Hurwitz PC on behalf of Detroit &
Michigan National Lawyers Guild
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
jhurwitz@goodmanhurwitz.com
bgoodman@goodmanhurwitz.com
Attorneys for Petitioners

John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
Attorneys for Petitioners

Herbert A. Sanders (P43031)
THE SANDERS LAW FIRM PC
615 Griswold St. Ste. 913
Detroit, Michigan 48226
(313) 962-0099/Fax: (313) 962-0044
haslawpc@gmail.com
Attorneys for Petitioners

Richard G. Mack, Jr. (P58657)
Keith D. Flynn (P74192)
MILLER COHEN, P.L.C.
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454/Fax: (313) 964-4490
richardmack@millercohen.com
Attorneys for Petitioners

Darius Charney
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th floor
New York, New York 10012
(212) 614-6464/Fax: (212) 614-6499
dcharney@ccrjustice.org
Attorneys for Petitioners