UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

--------------------------------------------------------x
                                                        :
In re                                                   : Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                              : Case No. 13-53846
                                                        :
                    Debtor.                             : Hon. Steven W. Rhodes
                                                        :
--------------------------------------------------------x

# ORDER APPROVING STIPULATION BY AND BETWEEN THE CITY OF DETROIT AND THE PUBLIC SAFETY UNIONS REGARDING PROOFS OF CLAIM TO BE FILED BY PUBLIC SAFETY UNIONS

This matter came before the Court on the Stipulation By and Between the City of Detroit and the Public Safety Unions Regarding Proofs of Claim to Be Filed by Public Safety Unions (the "Stipulation"),[1] filed by the City of Detroit (the "City") and the Public Safety Unions; the Court having reviewed the Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Stipulation.

2.      The Public Safety Unions may file one or more omnibus proofs of claim by the General Bar Date asserting the Discipline Claims of such Public Safety Union's members, subject to the City's right to object to any such claims. The filing of any such omnibus proof of claim is without prejudice to the right of any Public Safety Union member to file a proof of claim on his or her own behalf.

3.      Each Public Safety Union may file an unliquidated omnibus proof of claim on behalf of its members by the General Bar Date asserting potential and contingent Defense and Indemnification Claims on a protective basis with respect to matters that the Public Safety Union is not aware of.

4.      Following the General Bar Date and during the pendency of the City's chapter 9 case, the Public Safety Unions may amend any omnibus proof of claim filed on account of Public Safety Unions Claims to identify additional Public Safety Union Claims, including the addition of Public Safety Union members. The City shall not object to the timeliness of any such amendment, *provided that* any amendment by the Public Safety Unions to add a Public Safety Union member not previously identified by the General Bar Date shall be filed on or before May 30, 2014.  Nothing herein shall limit or modify the Public Safety Unions' rights to otherwise amend their claims.  All other objections and all defenses are preserved.

5. Nothing herein, in the Stipulation or in the Bar Date Order shall give rise to any right of any Public Safety Union member or Public Safety Union to indemnification or defense by the City to the extent not otherwise provided for under applicable nonbankruptcy law, including the terms of any applicable CBA.

6. All Public Safety Union Claims shall be subject to treatment under any confirmed chapter 9 plan of adjustment.

.

**Signed on February 11, 2014**

                                                                                    /s/ Steven Rhodes
                                                                                 **Steven Rhodes**
                                                                                 **United States Bankruptcy Judge**

7.