# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## APPLICATION PURSUANT TO BANKRUPTCY CODE SECTIONS 901 AND 1103, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON & FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 22, 2014

The Official Committee of Unsecured Creditors (the "**Committee**") of the City of

Detroit, Michigan (the "**City**"), by Jay H. Smith IV of Wilmington Trust, National Association,

Chairperson of the Committee, hereby submits this application (the "**Application**") pursuant to

sections 901 and 1103 of title 11, United States Code, as amended (the "**Bankruptcy Code**"),

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule

2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of

Michigan (the "**Local Rules**") for entry of an order authorizing the retention and employment of

Morrison & Foerster LLP ("**Morrison & Foerster**" or the "**Firm**") as attorneys to the

Committee *nunc pro tunc* to January 22, 2014. In support of the Application, the Committee

relies upon and incorporates by reference the declaration of Brett H. Miller (the "**Miller**

**Declaration**"). The Committee seeks to retain Morrison & Foerster as co-counsel with Steinberg

Shapiro & Clark ("**Co-Counsel**"). In further support of this Application, the Committee

respectfully represents as follows:

1

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are Bankruptcy Code sections 901 and 1103, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

2.    On July 18, 2013, the City filed a voluntary petition for the adjustment of debt under Chapter 9 of the Bankruptcy Code.

3.    On December 23, 2013, the United States Trustee, pursuant to sections 901 and 1102(a)(1) and (b) of the Bankruptcy Code, appointed the Committee.

4.    The members of the Committee are Financial Guaranty Insurance Company, the General Retirement System of the City of Detroit, Jessie Payne, the Police and Fire Retirement System of the City of Detroit, and Wilmington Trust, National Association.

5.    On January 22, 2014, the Committee held a meeting at which Jay H. Smith IV of Wilmington Trust, National Association was elected Chairperson of the Committee. Derek Donnelly of Financial Guaranty Insurance Company was elected alternate Chairperson.

6.    During the meeting on January 22, 2014, the Committee unanimously selected Morrison & Foerster as counsel to the Committee.

7.    On January 31, 2014, the City filed the *Motion of Debtor for Entry of an Order Vacating the Appointment of Official Committee of Unsecured Creditors* (the "**Disband Motion**") [Docket No. 2626].

2

8.      On February 3, 2014, the Court entered a *Notice of Hearing* [Docket No. 2629], scheduling a hearing on the Disband Motion for February 19, 2014 at 10:00 a.m.

9.      On February 14, 2014, the Committee filed its response to the Disband Motion.

**RELIEF REQUESTED**

10.     Subject to this Court's approval, the Committee seeks to employ Morrison & Foerster as its general bankruptcy counsel in connection with the commencement and prosecution of the City's chapter 9 case and all related matters *nunc pro tunc* to January 22, 2014.  Pursuant to Bankruptcy Code sections 901 and 1103, Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee respectfully requests that the Court enter an order authorizing the Committee to employ and retain Morrison & Foerster as their counsel to perform the necessary legal services during the chapter 9 case.

11.     Additional facts in support of the specific relief sought herein are set forth in the Miller Declaration, attached hereto as Exhibit B, as well as below.

12.     Morrison & Foerster and Co-Counsel, together, have extensive experience and knowledge in the field of debtors' and creditors' rights, municipal reorganizations, and the representation of official committees under section 1103 of the Bankruptcy Code.  The Committee believes this knowledge and experience makes Morrison & Foerster and Co-Counsel well-qualified to act as the Committee's general bankruptcy counsel during the pendency of this chapter 9 case.

**A.      Services to be Provided**

13.     The Committee anticipates that Morrison & Foerster will, in connection with this chapter 9 case and subject to orders of this Court, provide a range of services to assist the Committee with its fiduciary duties as prescribed in section 1103(c) of the Bankruptcy Code, including, but not limited to, the following:

3

(a)    assist and advise the Committee in its consultation with the City relative to the administration of the chapter 9 case;

(b)    attend meetings and negotiate with the representatives of the City and other parties in interest;

(c)    assist and advise the Committee in its examination and analysis of the conduct of the City's affairs;

(d)    assist the Committee in the review, analysis, and negotiation of any plan(s) of adjustment that may be filed and assist the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any plan(s) of adjustment;

(e)    take all necessary actions to protect and preserve the interests of the Committee and general unsecured creditors, including: (i) the investigation and possible prosecution of actions on their behalf; (ii) if appropriate, negotiations concerning all litigation in which the City is involved; and (iii) if appropriate, review and analysis of claims filed against the City

(f)    assist the Committee with its fiduciary duties under section 1102(b)(3) to provide access to information to creditors;

(g)    generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, and papers in support of positions taken by the Committee; and

(h)    appear, as appropriate, before this Court, the appellate courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee.

14.    By separate application, the Committee is seeking to retain and employ Co-Counsel.  Morrison & Foerster will make every effort to avoid and/or minimize unnecessary duplication of services in the chapter 9 case.

**B.    <u>Professional Compensation</u>**

15.    Morrison & Foerster intends to apply for compensation for professional services rendered in connection with the chapter 9 case, subject to the approval of this Court and compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and

4

such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Morrison & Foerster.

16.     In connection with its representation of the Committee, Morrison & Foerster will use its standard hourly rates in effect at the time that it performs professional services, subject to the following adjustment set forth herein: Morrison & Foerster's rates will not exceed the hourly rates charged by Jones Day attorneys of comparable stature.[1]  In particular, Morrison & Foerster's hourly rates for matters implicated in the chapter 9 case range as follows:

> (a)     the hourly rates for partners range from $705 per hour to $1,250 per hour, based upon a variety of factors, including seniority, distinction, and expertise in one's field;

> (b)     the hourly rates for "of counsel" ranges from $595 per hour to $975 per hour;

> (c)     the hourly rates for associates range from $280 per hour to $750 per hour, based upon year of graduation from law school; and

> (d)     the hourly rates for paraprofessionals range from $185 per hour to $410 per hour.

17.     The Committee believes that these rates, and the terms and conditions of Morrison & Foerster's employment, are reasonable.

18.     The following professionals at Morrison & Foerster are presently expected to have primary responsibility for providing services to the Committee:

| Brett H. Miller | Bankruptcy Partner | $1,050 |
| Lorenzo Marinuzzi | Bankruptcy Partner | $995 |
| Larry Engel | Bankruptcy Partner | $950 |
| Melissa A. Hager | Bankruptcy Of Counsel | $825 |
| William Hildbold | Bankruptcy Associate | $610 |

---

[1]  In the event the hourly rates set forth herein are adjusted during the pendency of the chapter 9 case, Morrison & Foerster will file a statement regarding any increases in rates with the Court, and will serve it on the United States Trustee and the City.

| Jessica Arett | Bankruptcy Associate | $415 |
| Danielle Braun | Paraprofessional | $290 |

19.     As the chapter 9 case proceeds, Morrison & Foerster's representation of the Committee may require the active participation of attorneys and paraprofessionals from other departments, in addition to the attorneys and paraprofessionals assigned to this case as listed above.  To the fullest extent possible, attorneys having the requisite expertise who already have knowledge with respect to these areas and/or the matters involved will be assigned to this case so that duplication of effort is avoided.  Consistent with the ranges of hourly rates described above, the hourly rates of the other partners, "of counsel," associates, and paraprofessionals that hereafter may act for the Committee may be higher or lower than those of the persons listed above.

20.     In addition to the hourly rates set forth above, Morrison & Foerster customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, facsimile transmissions, messengers, courier mail, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, filing fees, computer research, and similar items.  Subject to this Court's order(s) with respect to the reimbursement of expenses, Morrison & Foerster will seek reimbursement of all such charges incurred on behalf of the Committee.

21.     No promises have been received by Morrison & Foerster, its partners, those attorneys who are "of counsel" to the Firm and the associates of the Firm as to compensation in connection with the chapter 9 case other than in accordance with the provisions of the Bankruptcy Code.  Morrison & Foerster, its partners, those attorneys who are "of counsel" to the Firm and the associates of the Firm do not have any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with this case.

6

### C. **Morrison & Foerster's Disinterestedness**

22.     To the best of the Committee's knowledge, Morrison & Foerster does not hold or represent any interest adverse to the City and, except as disclosed in the Miller Declaration, does not have any "connections" to the City's creditors, affiliates, other parties-in-interest or potential parties-in-interest, or the United States Trustee for the Eastern District of Michigan. Accordingly, Morrison & Foerster is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code). To the extent that Morrison & Foerster is determined to have a conflict with respect to a particular client or matter, the Committee will utilize Co-Counsel.

23.     The Committee believes that the employment of Morrison & Foerster is in the best interests of the City, and is necessary and required for the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

24.     As set forth in the Miller Declaration, Morrison & Foerster has represented, currently represents, and will likely in the future represent certain parties-in-interest or potential parties-in-interest in the chapter 9 case in matters unrelated to the City, the chapter 9 case, or such entities' claims against the City. As part of its customary practice, Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the City, claimants, and parties-in-interest in this chapter 9 case.

25.     Morrison & Foerster has advised the Committee and the United States Trustee that it will periodically review its files during the pendency of the chapter 9 case to ensure that no conflicts or other disqualifying circumstances exist or arise; and if any new relevant facts or

relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify such further developments by filing a supplemental declaration.

26.     Therefore, the relief requested in the Application is appropriate and should be granted by this Court.

## NOTICE

27.     The Committee will serve notice of this Motion on the General & Special Service List.  All parties who have requested electronic notice of filings in the case through the Court's ECF system will automatically receive notice of this motion through the ECF system no later than the day after its filing with the Court.  A copy of this motion and any order approving it will also be made available on the City's case information website (located at http://www.kccllc.net/detroit).  In light of the relief requested, the Committee submits that no further notice is necessary.

## NO PRIOR REQUEST

28.     No prior application for the relief requested herein has been filed in to this or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: February 14, 2014
Baltimore, Maryland

Respectfully Submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF THE CITY OF
DETROIT

By:

Jay H. Smith IV
Vice President
Wilmington Trust, National Association
25 South Charles Street, 11th Floor
Baltimore, Maryland 21201
Tel: 410-545-2193

9

**Exhibit A**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
|  | ) |
| CITY OF DETROIT, MICHIGAN | ) Case No. 13-53846 |
|  | ) |
|  | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
|  | ) |

## ORDER GRANTING APPLICATION PURSUANT TO BANKRUPTCY CODE SECTIONS 901 AND 1103, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRISON & FOERSTER LLP AS ATTORNEYS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JANUARY 22, 2014

Upon the application (the "**Application**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") of the City of Detroit, Michigan (the "**City**"), pursuant to sections 901 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1 for authorization to employ and retain Morrison & Foerster LLP ("**Morrison & Foerster**") as attorneys for the Committee, pursuant to the terms set forth in the Application; and upon the Declaration of Brett H. Miller, a partner of Morrison & Foerster, filed in support of the Application, annexed to the Application as Exhibit B (the "**Miller Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Miller Declaration, that Morrison & Foerster and its professionals are "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by Bankruptcy Code section 1107(b); and, as required by section 1103 of the Bankruptcy Code, neither hold nor represent any interest adverse to the City and its estate; and the Court having jurisdiction to consider the Application

---

[1] Capitalized terms not otherwise defined herein shall have meanings ascribed to them in the Application.

and the relief requested therein pursuant to 28 U.S.C. § 1334 and consideration of the Application and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been served and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Application is granted;

**ORDERED** that, to the extent the Application is inconsistent with the Miller Declaration or this Order, the terms of this Order shall govern;

**ORDERED** that, pursuant to section 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, and subject to the terms of this Order, the Committee is authorized to employ and retain Morrison & Foerster as its bankruptcy counsel, on the terms set forth in the Application and the Miller Declaration, *nunc pro tunc* to January 22, 2014, to perform the services described herein;

**ORDERED** that Morrison & Foerster shall be compensated for its services and reimbursed for any reasonable and necessary expenses and disbursements in accordance with the rates (as adjusted from time to time) and disbursement policies as set forth in the Application, the Miller Declaration and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred;

**ORDERED** that the Committee is authorized to take all actions necessary to effectuate

2

the relief granted pursuant to this Order in accordance with the Application;

**ORDERED** that the notice procedures set forth in the Application are good and sufficient notice and satisfy Bankruptcy Rule 9014 by providing the counterparties with a notice and an opportunity to object and be heard at a hearing;

**ORDERED** that this Order shall be immediately effective and enforceable upon its entry;

**ORDERED** that, notwithstanding anything to the contrary in the Application, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

3

**Exhibit B**

ny-1127171

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Brett H. Miller
Lorenzo Marinuzzi

*Proposed Attorneys for the Official Committee*
*of Unsecured Creditors of City of Detroit, Michigan*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN | ) | Case No. 13-53846 |
| | ) | |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**DECLARATION OF BRETT H. MILLER IN SUPPORT OF THE APPLICATION**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 901 AND 1103, BANKRUPTCY**
**RULE 2014 AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF MORRISON & FOERSTER LLP AS**
**ATTORNEYS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
***NUNC PRO TUNC* TO JANUARY 22, 2014**

I, Brett H. Miller, being duly sworn, state the following under penalty of perjury:

1.      I am a partner in the law firm of Morrison & Foerster LLP ("**Morrison &**

**Foerster**" or the "**Firm**"). The Firm maintains offices for the practice of law at 1290 Avenue of

the Americas, New York, New York 10104, as well as other locations in the United States and

worldwide. I am an attorney duly admitted and in good standing to practice before the Court of

the State of New York and the United States District Court for the Eastern District of Michigan.

2.      I submit this Declaration (the "**Declaration**") in support of the application (the

"**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") of the City

of Detroit, Michigan (the "**City**") pursuant to sections 901 and 1103 of title 11 of the United

States Code, (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "**Local Rules**"), for entry of an order authorizing the retention and employment of Morrison & Foerster as attorneys to the Committee *nunc pro tunc* to January 22, 2014. The Committee seeks to retain Morrison & Foerster as co-counsel with Steinberg Shapiro & Clark ("**Co-Counsel**"). Except as otherwise indicated, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

### Services to be Provided

3.      Morrison & Foerster has extensive experience and knowledge in the field of debtors' and creditors' rights, municipal reorganizations, and the representation of official committees under section 1103 of the Bankruptcy Code. The Committee believes this knowledge and experience makes Morrison & Foerster well-qualified to act as the Committee's general bankruptcy counsel during the pendency of this chapter 9 case.

4.      The Committee anticipates that Morrison & Foerster will, in connection with this chapter 9 case and subject to orders of this Court, provide a range of services to assist the Committee with its fiduciary duties as prescribed in section 1103(c) of the Bankruptcy Code, including, but not limited to, the following:

> a.   assist and advise the Committee in its consultation with the City relative to the administration of the chapter 9 case;
>
> b.   attend meetings and negotiate with the representatives of the City and other parties in interest;
>
> c.   assist and advise the Committee in its examination and analysis of the conduct of the City's affairs;

2

d. assist the Committee in the review, analysis, and negotiation of any plan(s) of adjustment that may be filed and assist the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any plan(s) of adjustment;

e. take all necessary actions to protect and preserve the interests of the Committee and general unsecured creditors, including: (i) the investigation and possible prosecution of actions on their behalf; (ii) if appropriate, negotiations concerning all litigation in which the City is involved; and (iii) if appropriate, review and analysis of claims filed against the City;

f. assist the Committee with its fiduciary duties under section 1102(b)(3) to provide access to information to creditors

g. generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, and papers in support of positions taken by the Committee; and

h. appear, as appropriate, before this Court, the appellate courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee.

5.      By separate application, the Committee is seeking to retain and employ the law firm of Steinberg Shapiro & Clark as co-counsel.  Morrison & Foerster will make every effort to avoid and/or minimize unnecessary duplication of services in the chapter 9 case.

## Professional Compensation

6.      In connection with its representation of the Committee, Morrison & Foerster will use its standard hourly rates in effect at the time that it performs professional services, subject to the following adjustment set forth herein: Morrison & Foerster's rates will not exceed the hourly rates charged by Jones Day attorneys of comparable stature.

7.      As of the date of execution of this Application, the ranges of Morrison & Foerster's hourly rates are as follows:

3

(a)     the hourly rates for partners range from $705 per hour to $1,250 per hour, based upon a variety of factors, including seniority, distinction, and expertise in one's field;

(b)     the hourly rates for "of counsel" ranges from $595 per hour to $975 per hour;

(c)     the hourly rates for associates range from $280 per hour to $750 per hour, based upon year of graduation from law school; and

(d)     the hourly rates for paraprofessionals range from $185 per hour to $410 per hour.

8.     Morrison & Foerster's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. These hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere. I believe that these rates, and the terms and conditions of Morrison & Foerster's employment, are reasonable.

9.     The following professionals at Morrison & Foerster are presently expected to have primary responsibility for providing services to the Committee:

| | | |
|---|---|---|
| Brett H. Miller | Bankruptcy Partner | $1,050 |
| Lorenzo Marinuzzi | Bankruptcy Partner | $995 |
| Larry Engel | Bankruptcy Partner | $950 |
| Melissa A. Hager | Bankruptcy Of Counsel | $825 |
| William Hildbold | Bankruptcy Associate | $610 |
| Jessica Arett | Bankruptcy Associate | $415 |
| Danielle Braun | Paraprofessional | $290 |

10.     As the chapter 9 case proceeds, Morrison & Foerster's representation of the Committee may require the active participation of attorneys and paraprofessionals from other departments, in addition to the attorneys and paraprofessionals assigned to this case as listed above. To the fullest extent possible, attorneys having the requisite expertise who already have

4

knowledge with respect to these areas and/or the matters involved will be assigned to this case so that duplication of effort is avoided. Consistent with the ranges of hourly rates described above, the hourly rates of the other partners, "of counsel," associates, and paraprofessionals that hereafter may act for the Committee may be higher or lower than those of the persons listed above.

11.     In addition to the hourly rates set forth above, Morrison & Foerster customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, facsimile transmissions, messengers, courier mail, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items. Subject to this Court's order(s) with respect to the reimbursement of expenses, Morrison & Foerster will seek reimbursement of all such charges incurred on behalf of the Committee.

12.     No promises have been received by Morrison & Foerster, its partners, those attorneys who are "of counsel" to the Firm and the associates of the Firm as to compensation in connection with the chapter 9 case other than in accordance with the provisions of the Bankruptcy Code. Morrison & Foerster, its partners, those attorneys who are "of counsel" to the Firm and the associates of the Firm do not have any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with this case.

<u>**Disinterestedness and Disclosure of Connections**</u>

13.     In order to ascertain Morrison & Foerster's "connections," as that term is used in Bankruptcy Rule 2014, with the City, the City's creditors, and other parties-in-interest in the chapter 9 case, Morrison & Foerster's new business department, under the supervision of attorneys in the Business Restructuring and Insolvency group, conducted an internal search to

identify any "connections" with the parties named and identified in the City's initial pleadings, on the City's service lists, on the mediation lists and in notices of appearance filed by various parties, as well as additional parties identified by the Official Committee of Retirees. This search included secured and unsecured creditors, the City's current professionals, pertinent City officials, City law firms and other professionals. (collectively, the "**Interested Parties**").

14.     Morrison and Foerster's New Business Department conducted the search consistent with its normal and customary practices using Morrison & Foerster's conflict database to determine if Morrison & Foerster currently represents or formerly represented any of the Interested Parties. Morrison & Foerster searched the names of the Interested Parties in a computer system containing the names of Morrison & Foerster's current and former clients. This search revealed that certain Interested Parties are or may be current or former Morrison & Foerster clients.

15.     Based on the results of this search, and through direct inquiries with Morrison & Foerster attorneys as necessary, it was determined that the representation of the Interested Parties concerned matters in which such clients were not adverse to the City.

16.     The status of the Interested Parties may have changed or could change during the pendency of the chapter 9 case without Morrison & Foerster's knowledge. Morrison & Foerster will periodically review its files during the pendency of the chapter 9 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify such further developments and will promptly file a supplemental Declaration, as required by Bankruptcy Rule 2014(a).

## Specific Disclosures

17.     Morrison & Foerster does not hold or represent any interest adverse to the City and, except as disclosed below, does not have any "connections" to the City's creditors, affiliates, other parties in interest and potential parties in interest, or the United States Trustee for the Eastern District of Michigan.  Accordingly, Morrison & Foerster is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), and Morrison & Foerster's employment is necessary and in the best interests of the City.

18.     As specifically set forth below, Morrison & Foerster represents or has represented certain of the City's creditors or other parties in interest in matters unrelated to the City and this chapter 9 case; however, none of the representations described herein are materially adverse to the interests of the City.  Those Interested Parties include:

   a.   AMBAC Assurance Corporation

   b.   Bank of New York Mellon

   c.   Blackrock Financial Management, Inc.

   d.   DEPFA Bank PLC

   e.   Deutsche Bank Securities Inc.

   f.   Dexia Credit Local

   g.   Merrill Lynch Capital Services Inc.

   h.   T-Mobile USA Inc.

   i.   UBS AG

   j.   Unisys Corp.

   k.   U.S. Bank National Association

7

19.     As part of its customary practice, Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by the City, claimants, and parties in interest in the chapter 9 case.

20.     Morrison & Foerster will not represent the Committee in an adversary proceeding or other litigation against any current client of Morrison & Foerster without obtaining appropriate waivers where necessary or appropriate.  In addition, Morrison & Foerster will not represent any client in any matter involving the City or the chapter 9 case while retained as the Committee's counsel.  Morrison & Foerster will notify the United States Trustee of any waivers it receives during the pendency of the City's bankruptcy case.  If any matters arise with respect to which Morrison & Foerster cannot obtain a necessary a waiver, Co-Counsel will represent the interests of the unsecured creditors.

21.     To the extent the Committee seeks to retain additional professionals to represent the Committee in any matters relating to the chapter 9 case, Morrison & Foerster will make all reasonable efforts not to duplicate the services rendered by these professionals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2014

/s/ Brett H. Miller
Brett H. Miller

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,                          Case No.   13-53846
                                                    Chapter 9
            Debtor.                                 Hon. Steven W. Rhodes
_____/

**14 DAY NOTICE OF APPLICATION FOR APPROVAL OF THE EMPLOYMENT
OF MORRISON & FOERSTER LLP, AS CO-COUNSEL FOR THE COMMITTEE
OF UNSECURED CREDITORS OF THE CITY OF DETROIT, MICHIGAN
*NUNC PRO TUNC* TO JANUARY 22, 2014**

The Committee of Unsecured Creditors of the City of Detroit, Michigan have filed papers
with the Court for an order authorizing employment of Morrison & Foerster LLP as co-counsel
for the Committee.   The Application additionally seeks retention on a *nunc pro tunc* basis, to
January 22, 2014.   A copy of the Application is on file with the Court.

**Your rights may be affected.**   **You should read these papers carefully and discuss
them with your attorney, if you have one in this bankruptcy case.   (If you do not have an
attorney, you may wish to consult one.)**

If you do not want the Court to grant the applications, or if you want the Court to consider
your views on the applications, then within 14 days after service of this notice, you or your
attorney must:

File with the Court a written objection or request for a hearing at:[1]

**INTAKE OFFICE**
**U.S. Bankruptcy Court**
211 West Fort Street, 17th Floor
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so the
Court will **receive** it on or before the 14 day period expires.

_____

[1]Objection or request for hearing must comply with F.R. Civ.P. 8(b), (c) and (e).

You must also mail a copy to:

**MORRISON & FOERSTER, LLP**
**c/o Brett H. Miller, Esq.**
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8051

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

MORRISON & FOERSTER LLP

/s/ Brett H. Miller
Brett H. Miller
Proposed Co-Counsel for the Committee
of Unsecured Creditors
1290 Avenue of the Americas
New York, NYU 10104-0050
(212) 468-8051
bmiller@mofo.com

Date: February 14, 2014

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN | ) | Case No. 13-53846 |
|  | ) |  |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 14, 2014, she electronically filed with the Court, via the Court's Electronic Case Filing System, the *Application Pursuant to Bankruptcy Code Sections 901 and 1103, Bankruptcy Rule 2014 and Local Rule 2014-1 for Entry of an Order Authorizing the Retention and Employment of Morrison & Foerster LLP as Attorneys to the Official Committee of Unsecured Creditors Nunc Pro Tunc to January 22, 2014*, the Notice of the Application, and this Certificate of Service, which will be sent to all parties registered to receive notice in this above-captioned case.

Dated: New York, New York
   February 14, 2014                MORRISON & FOERSTER LLP


            By:    /s/ Laura A. Guido
                   _____

                   Laura A. Guido

                   MORRISON & FOERSTER LLP
                   1290 Avenue of the Americas
                   New York, New York 10104
                   Telephone: (212) 468-8000
                   Facsimile: (212) 468-7900

1