UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 13-53846-SWR

**CITY OF DETROIT, MICHIGAN**                       Chapter 9

    Debtor.                         HON. STEVEN W. RHODES

_____/

**UNITED STATES TRUSTEE'S OBJECTION TO CITY'S "MOTION FOR ENTRY OF
AN ORDER VACATING THE APPOINTMENT OF OFFICIAL COMMITTEE OF
<u>UNSECURED CREDITORS" [Doc. No. 2626]</u>**

    Daniel M. McDermott, United States Trustee for Region 9, objects to the City's Motion for Entry of an Order Vacating the Appointment of Official Committee of Unsecured Creditors, Docket #2626 ("the Motion"), and in support states as follows:

    1.    The United States Trustee is mandated to appoint committees in chapter 9 cases pursuant to 11 U.S.C. § 1102(a)(1), made applicable to chapter 9 cases by 11 U.S.C. § 901(a).

    2.    In fulfilling his statutory duties, on December 23, 2013, the United States Trustee filed his "Appointment of Committee of Unsecured Creditors" [Doc. No. 2290], appointing the Unsecured Creditors' Committee ("the Committee") in this case.

    3.    The City filed its "Motion for Entry of an Order Vacating the Appointment of Official Committee of Unsecured Creditors" on January 31, 2014. *See* Doc. No. 2626.

    4.    For the reasons explained in the attached brief, the United States Trustee was required to, and did, fulfill his non-discretionary statutory duty by appointing the Committee in this chapter 9 case pursuant to sections 1102(a)(1) and 901(a).

5. For the reasons explained in the attached brief, the authority to disband a committee of creditors duly appointed by the United States Trustee under 11 U.S.C. § 1102(a)(1) rests with the United States Trustee.

6. For the reasons explained in the attached brief, the United States Trustee has no "discretion" over whether to appoint committees of unsecured creditors under section 1102(a)(1) [*see* City's Motion, Doc. No. 2626, ¶ 17].

7. For the reasons explained in the attached brief, an order under 11 U.S.C. § 105(d) disbanding the creditors' committee would be improper, because such relief would be inconsistent with other provisions of the Bankruptcy Code. The only case cited by the City in support of such relief is inapposite because the court itself appointed the committee upon the recommendation of the Bankruptcy Administrator—an arm of the court—as distinguished from the United States Trustee—a component of the Executive Branch. Therefore that court's reliance on section 105(d) was flawed because, consistent with the United States Trustee position here, the entity with the power to appoint also had the power to disband.

8. For the reasons explained in the attached brief, an official committee of unsecured creditors serves as a fiduciary for all unsecured creditors in connection with matters of interest and importance in the case and will not duplicate the role of the Retiree Committee or interfere with ongoing mediation.

**WHEREFORE**, the United States Trustee requests that this Court enter an Order denying the relief requested and for such other relief as the Court may deem appropriate in the circumstances.

          Respectfully submitted,

          **DANIEL M. McDERMOTT**
          **UNITED STATES TRUSTEE**
          Region 9

By    /s/ Sean M. Cowley (P72511)
        Sean.Cowley@usdoj.gov
        Maria D. Giannirakis (OH 0038220)
        Maria.D.Giannirakis@usdoj.gov
        Trial Attorney
        Office of the U.S. Trustee
        211 West Fort St - Suite 700
        Detroit, Michigan 48226
        (313) 226-3432

Dated: February 14, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 13-53846-SWR

**CITY OF DETROIT, MICHIGAN**  Chapter 9

    Debtor.  HON. STEVEN W. RHODES

_____/

**UNITED STATES TRUSTEE'S BRIEF IN OPPOSITION TO CITY'S "MOTION FOR ENTRY OF AN ORDER VACATING THE APPOINTMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS" [Doc. No. 2626]**

**I.     INTRODUCTION & SUMMARY OF ARGUMENT**

The United States Trustee appointed an Official Committee of Unsecured Creditors ("the Committee") on December 23, 2013, as he was required to do by 11 U.S.C. § 1102(a)(1) after the Court entered an Order for Relief. *See* Doc. No. 1946 (order for relief); Doc. No. 2290 (notice of appointment). Section 1102's language is mandatory: "the United States trustee **shall appoint** a committee of creditors holding unsecured claims . . ." 11 U.S.C. § 901(a) incorporates section 1102 in its entirety for chapter 9 cases. In fulfilling his statutory obligation, the United States Trustee solicited general unsecured creditors to determine whether there was sufficient interest to form an Official Committee of Unsecured Creditors, the same process generally followed by the United States Trustee in other chapter 9 cases and in chapter 11 cases as well. There was sufficient interest, and the United States Trustee appointed the Committee to represent the interests of, and to be a fiduciary for, all the general unsecured creditors of the

City. Almost a month after the United States Trustee appointed the Committee, the City filed its Motion to Disband. [Doc. No. 2626].[1]

In support of its Motion [Doc. No. 2626], the City makes the following arguments, which are here coupled with a summary of the United States Trustee's responses:

- The City argues that the language of 11 U.S.C. § 1102(a)(1) precludes it from applying in chapter 9. [Doc. No. 2626, ¶ 14]. It does not. Section 901(a) of chapter 9 explicitly incorporates section 1102 in its entirety, which requires the United States Trustee's appointment of a committee here.

- The City also argues, by implication, that a court may disband an unsecured creditors' committee appointed by the United States Trustee under 11 U.S.C. § 1102(a)(1) under either chapter 9 or chapter 11. But outside of North Carolina and Alabama, Congress delegated authority to the United States Trustee over committees in the 1986 amendments to the Code, with only a few clearly delineated exceptions that do not apply here.

- The City argues that even if the United States Trustee may appoint committees under section 1102(a)(1) in chapter 9 cases, the appointment powers are only discretionary. [Doc. No. 2626, ¶ 17]. Section 1102(a)(1), however, uses the mandatory "shall" for general unsecured creditor committee appointments. The United States Trustee has no discretion whether to appoint unsecured creditors' committees as long as there are creditors willing to serve.

- The City argues that 11 U.S.C. § 105(d) permits a court to disband a committee. [Doc. No. 2626, ¶¶ 11-13, 22]. But that argument is inconsistent with the plain language of section 105(d), because disbanding the Committee here would be contrary to other direct provisions of the Code.

As discussed more fully below, the City relies upon a legal theory apparently never before advanced in a chapter 9 case, upon a single inapposite chapter 11 case from a jurisdiction where the United States Trustee Program does not operate, and asks for relief under 11 U.S.C. § 105(d) that is contrary to other express provisions in the Code. The City's Motion should therefore be denied.

---

[1] The City and the United States Trustee also exchanged letters on the subject of committee appointment, which the City attached as exhibits to its Motion.

2

### A. Section 1102(a)(1), which Chapter 9 Incorporates, Requires the United States Trustee to Appoint a Committee.

Chapter 9 incorporates numerous sections of the Code from other chapters, including all of 11 U.S.C. § 1102. *See* 11 U.S.C. § 901. Thus, it is well established that section 1102(a)(1) of the Bankruptcy Code requires the United States Trustee to appoint a committee of unsecured creditors in every case (as long as unsecured creditors are willing to serve):

> (1) Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate.

11 U.S.C. § 1102(a)(1). Consistent with that obligation, United States Trustees routinely appoint committees required by section 1102(a)(1) in chapter 9 cases without the entry of a court order (other than an order for relief). *E.g., In re County of Orange*, 219 B.R. 543, 558 (Bankr. C.D. Cal. 1997);[2] *see also In re Pauls Valley Hosp. Auth.*, No. 13-10791-SAH (W.D. Okla.); *In re Barnwell County Hosp.,* No. 11-06207 (D.S.C.); *In re Sierra Kings Health Care Dist.,* No. 09-19728 (E.D. Cal.); *In re Village of Washington Park*, No. 04-31911 (S.D. Ill.); *In re Los Osos Community Services*, No. 06-10548 (C.D. Cal.); *In re Alta Healthcare Dist.,* No. 01-17857 (E.D. Cal.); *In re City of Westminster*, No. 00-41266 (E.D. Tex.).[3]

Further, the United States Trustee's obligation to appoint a committee pursuant to section 1102(a)(1) in chapter 9 cases was recognized by the court in *In re Colorado Centre Metro District*, 113 B.R. 25 (Bankr. D. Colo. 1990) ("committee cannot be formed until after an order for relief has entered in the case[.]") *Id*. at 27. And the City's own brief presents yet another

---

[2] One of the signatories to the City's motion was counsel of record for the debtor in *Orange County*.

[3] *See also, e.g.,* 7 Collier on Bankruptcy ¶ 901.04[31] (16th ed. 2012) ("In judicial districts in which the United States trustee system is operative, the United States trustee appoints the committee of creditors called for by section 1102").

3

example of where a court stated that an unsecured creditor's committee is *required* to be appointed in a chapter 9 case. *In re City of Prichard, Alabama*, Case No. 09-15000 (Bankr. S.D. Ala.). *See* City's Motion, Doc. No. 2626, ¶ 23 n.6 ("Pursuant to 11 U.S.C. §1102 *requiring* the Court to appoint . . . .") (The court in *Prichard* appointed the committee because Alabama and North Carolina are not part of the United States Trustee Program and cases there are, instead, administered by Bankruptcy Administrators, which are part of the Judiciary).

Despite section 901's incorporation of section 1102 in its entirety and the United States Trustee's resulting obligation to appoint an unsecured creditors' committee, the City advances the novel and seemingly unprecedented legal argument that sub-section 1102(a)(1) does not apply. But in section 901(a), Congress precisely selected the sections and sub-sections that would be incorporated in chapter 9 and those that would not:

> (a) Sections 301, 333, 344, 347(b), 349, 350(b), 351[1] 361, 362, 364(c), 364(d), 364(e), 364(f), 365, 366, 501, 502, 503, 504, 506, 507(a)(2), 509, 510, 524(a)(1), 524(a)(2), 544, 545, 546, 547, 548, 549(a), 549(c), 549(d), 550, 551, 552, 553, 555, 556, 557, 559, 560, 561, 562, 1102, 1103, 1109, 1111(b), 1122, 1123(a)(1), 1123(a)(2), 1123(a)(3), 1123(a)(4), 1123(a)(5), 1123(b), 1123(d), 1124, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), 1127(d), 1128, 1129(a)(2), 1129(a)(3), 1129(a)(6), 1129(a)(8), 1129(a)(10), 1129(b)(1), 1129(b)(2)(A), 1129(b)(2)(B), 1142(b), 1143, 1144, and 1145 of this title apply in a case under this chapter.

11 U.S.C. § 901(a). Thus, of the 54 Code sections incorporated by section 901(a), 42 are wholly incorporated while twelve are partly incorporated. Section 1102 is among the 42 sections wholly incorporated without including or excluding specific sub-sections.[4] If Congress intended to exclude sub-section 1102(a)(1) in chapter 9—as the City contends—surely it would have done so

---

[4] The twelve partially incorporated sections are 347, 350, 351, 364, 507, 524, 549, 1111, 1123, 1126, 1129, and 1142.

in section 901 itself, as it did with every other section of the Code where it did not incorporate particular sub-sections.[5]

Furthermore, the subchapter for chapter 11 railroad reorganization cases expressly excludes section 1102(a)(1)—and sub-section (a)(1) only—so that the United States Trustee is neither required nor authorized to appoint a committee of unsecured creditors and is not authorized to appoint a discretionary committee. *See* 11 U.S.C. § 1161.[6] Thus, if the City were correct, there is no distinction between municipal reorganizations under chapter 9 and railroad reorganizations under chapter 11 with respect to committees – both would bar general unsecured committees under section 1102(a)(1) but allow other committees under section 1102(a)(2). Yet Congress explicitly barred section 1102(a)(1) committees in railroad reorganizations (section 1161) but did not do so in chapter 9. Where Congress "includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Bates v. United States*, 522 U.S. 23, 118 (1997); *see also Lynch v. Johns-Manville Steel Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983) (acknowledging the Bankruptcy Code as "a detailed and calculated statutory scheme particularly appropriate to *in pari materia* construction.")

Not only has the United States Trustee appointed committees under section 1102(a)(1) in multiple chapter 9 cases, the City cites no law supporting its novel assertion that the "chapter 11" language in section 1102(a)(1) limits its authority in chapter 9. This is why the City primarily hinges its argument *not* on the language of section 1102(a)(1) but on 11 U.S.C. § 105(d). *See*

---

[5] This is why the City's argument regarding other subsections of 1102 being incorporated but inapplicable – such as subsections 1102(a)(3) and 1102(b)(2) – simply does not support it's motion. Congress incorporated them anyway, rather than incorporating piecemeal those portions of section 1102 it thought applicable and excluding those it did not.

[6] But the United States Trustee may appoint *other* committees under section 1102(a)(2) if the court so orders.

5

City's Motion, Doc. No. 2626, ¶ 11 (relying on section 105(d) as the basis for relief under the current motion).

> **B.     The Authority to Disband Section 1102(a)(1) Unsecured Creditors' Committees Rests with the United States Trustee**.

In section 1102, Congress gave the United States Trustee and bankruptcy courts important, but divergent, authority with respect to committees in chapter 11 (and by extension in chapter 9). Outside of North Carolina and Alabama, the United States Trustee appoints committees and, as appropriate, monitors membership and occasionally modifies it. A bankruptcy court may, if requested:

- Order the United States Trustee to appoint additional committees, if necessary to assure adequate representation;

- Order the United States Trustee to change committee membership if necessary to ensure adequate representation;

- Order that a committee not be appointed in a small business case; and

- Order the United States Trustee to increase membership to include a creditor that is a small business concern.

11 U.S.C. § 1102(a)(2)-(4). Thus, section 1102 authorizes a court to order that a committee not be appointed in only one type of case—small business. Beyond these four matters, section 1102 is silent on the court's role in committee appointments, composition, modification, or disbandment.[7] 7 *Collier on Bankruptcy* ¶ 1102.07[1] (16th ed. 2012) (no specific authorization for court to order the disbandment of a committee appointed by the United States Trustee).

Because section 1102 expressly limits the cases where the Court may order that a committee not be appointed to small business cases, the absence of authority for a court to

---

[7] In a related context where the Code does not give the court authority to modify committee membership if the committee is adequately representative, the court's authority does not extend to reviewing the United States Trustee's decision – under a *de novo* standard or otherwise. Rather, the court simply determines adequate representation. *See In re Shorebank*, 467 B.R. 156, 162 (Bankr. N.D. Ill. 2012) ("there is nothing for a court to review – other than the bare decision itself" to see if the committee is adequately representative.)

6

prohibit committee formation in any other case is significant. Several canons of statutory construction are instructive here. First, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal citations omitted). Second, *expressio unius est exclusio alterius*—the express mention of one thing excludes all others. *Contintental Ill. Nat'l Bank & Trust Co. of Chicago v. Chicago, R.I. & P. Ry. Co.*, 294 U.S. 648, 677 (1935). The statute expressly grants courts specific but limited authority to order certain committee changes and to prohibit committee formation only in small business cases. Under these two principles of statutory construction, section 1102 therefore does not authorize the court to disband an unsecured creditors committee.

Even if the Court were to find that the Code is ambiguous regarding its authority, the legislative history of the Code demonstrates that the Court cannot disband an unsecured creditors committee appointed under section 1102(a)(1). The relative and delineated roles for the court and the United States Trustee in committee matters under section 1102 are not accidental. The 1986 amendments, which established the United States Trustee system on a permanent, nationwide basis (except for North Carolina and Alabama), reflected Congress's desire to separate the judicial and administrative functions and to screen courts from administrative functions that could raise conflict of interest issues. *See In re Victory Markets, Inc.*, 196 B.R. 1, 3-4 (Bankr. N.D.N.Y. 1995).

This interpretation of section 1102 is consistent with the general legal principle that the power to appoint is the power to remove. Indeed, federal courts have long held that "absent a specific provision to the contrary" in a statute, "the power of removal from office is incident to

7

13-53846-tjt    Doc 2688    Filed 02/14/14    Entered 02/14/14 17:30:19    Page 10 of 14

the power of appointment." *Carlucci v. Doe*, 488 U.S. 93, 99 (1988) (citations omitted). In a related context—where the United States Trustee accepted a chapter 12 trustee's resignation without bankruptcy court approval and the bankruptcy court intervened to require a motion, hearing, and judicial determination—the Sixth Circuit ruled that the "authority to terminate . . . is implicit in the power of appointment . . . ." *In re Brookover*, 352 F.3d 1083, 1089 (6th Cir. 2003). Thus, where neither the Bankruptcy Code nor Rules assigned "the duty to accept the prior trustee's resignation to the court," that duty fell to the United States Trustee incident to the appointment power and not to the court. *Id.* at 1088.

Here, the United States Trustee has the duty and authority to appoint section 1102(a)(1) committees. The authority of a bankruptcy court to direct that section 1102(a)(1) committees not be appointed is limited to cases of small business debtors. *See* 11 U.S.C. § 1102(a)(3). Therefore, in all other cases the authority to disband a section 1102(a)(1) committee is vested in the United States Trustee as the entity that formed the committee.

C. **The United States Trustee's Duty to Appoint Unsecured Creditors' Committees under Chapter 9 is not "Discretionary."**

The City also asserts that the United States Trustee's authority to appoint committees under section 1102(a)(1) is only "discretionary." [Doc. No. 2626, ¶ 17]. The flaws in such an argument are numerous. The City points out no language in the statute supporting its argument regarding discretion. Nor could it – the plain language of section 1102(a)(1) says the United States Trustee "shall" appoint an unsecured creditors' committee and that the United States Trustee "may" appoint other committees as he or she "deems appropriate." 11 U.S.C. § 1102(a)(1); *see also In re Revco D.S., Inc.*, 898 F.2d 498, 501 (6th Cir. 1990) (holding that the word "shall" in the Bankruptcy Code denotes compulsion and mandatory obligation, not discretion). If, as the City argues, section 1102(a)(1) does not apply in chapter 9, the United

8

States Trustee would not have any authority, mandatory or discretionary, to appoint any committee under that subsection. But, as discussed above, section 1102(a)(1) does apply, and the United States Trustee's duty to appoint an unsecured creditors' committee is mandatory.

D. **Relief under Section 105(d) is Not Available, because the Court Cannot Grant Relief That is Inconsistent with the Remainder of the Code.**

The City finally relies on a single inapposite chapter 11 case from a jurisdiction where the United States Trustee Program does not operate (so the court or its Bankruptcy Administrator appoints committees) and asks for relief under 11 U.S.C. § 105(d) inconsistent with other express provisions of the Code. The court in *In re Pacific Avenue, LLC*, 467 B.R. 868, 871 (Bankr. W.D.N.C. 2012), disbanded an unsecured creditor's committee that it had appointed after the appointment of a chapter 11 trustee. Although the court's analysis in *Pacific Avenue* was flawed, its ultimate decision to disband a committee it appointed is consistent with the United States Trustee's position here. That is, in Alabama and North Carolina, the court itself (or its Bankruptcy Administrator, part of the judicial branch) appoints committees. Because "the power of removal from office is incident to the power of appointment," *Carlucci v. Doe*, 488 U.S. 93, 99 (1988) (citations omitted), the court in *Pacific Avenue* had the authority to disband a committee that it appointed—and it could do so without violating the division of authority between courts and the United States Trustee in the management of official committees set forth in section 1102.

The *Pacific Avenue* court relied on 11 U.S.C. § 105(d) as authority for the court to disband the general unsecured creditors committee that it had appointed under section 1102(a)(1). 467 B.R. at 870. This reliance was unnecessary and misguided. First, as discussed above, the court had authority (incident to its power to appoint) to disband a committee and need not have invoked section 105(d). Second, the court in *Pacific Avenue* incorrectly applied section

9

105(d). Section 105(d) provides that the court may, at a status conference, issue an order "prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically. . . ." 11 U.S.C. § 105(d)(1). This seemingly broad authority, however, is limited. Such an order cannot be "inconsistent with another provision of [title 11] or with any application Federal Rule of Bankruptcy Procedure . . . ." *Id.*[8]

Section 1102(a) expressly limits the cases where the court may direct that an unsecured creditors' committee not be formed—small business cases. 11 U.S.C. § 1102(a)(3). By allowing courts to dispense with committees only in a limited subset of cases, Congress implicitly barred courts from doing so in others. An order disbanding a general unsecured creditors' committee or directing that one should not be appointed, other than in a small business chapter 11 case, would be inconsistent with section 1102(a) and therefore would not be a proper order under section 105(d).

"'A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . .'" *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp.181–186 (rev. 6th ed. 2000)). A holding that courts may disband or preclude the appointment of committees in any reorganization case pursuant to section 105(d) would render 11 U.S.C. § 1102(a)(3) superfluous, because a court in a small business case would need to resort to that authority to dispense with a committee. If Congress wanted bankruptcy courts to have the authority to preclude the appointment of all committees appointed under section 1102(a)(1), it easily could have granted

---

[8] "[A] bankruptcy court's general and equitable powers must and can only be exercised within the confines of the Bankruptcy Code." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 382 (Alito, J., dissenting) (citations and quotation marks omitted); *see also Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 244 (6th Cir. 2009) ("We have held that section 105(a) grants the Bankruptcy Court equitable power, but have warned that such power is constrained by the provisions of the Bankruptcy Code") (citations and quotation marks omitted); *In re Rice*, 78 F.3d 1144, 1151 (6th Cir. 1996) (powers under 105 "must be exercised within the confines of, or consistent with, the Bankruptcy Code").

10
13-53846-tjt    Doc 2688    Filed 02/14/14    Entered 02/14/14 17:30:19    Page 13 of 14

them that authority as it did in small business and railroad cases. *See* 11 U.S.C. §§ 1102(a)(3) and 1161.  It did not.

### III.  CONCLUSION

For these reasons the United States Trustee respectfully requests that this Court deny the City's Motion for Entry of an Order Vacating the Appointment of Official Committee of Unsecured Creditors, Docket #2626, and that the Court grant such other relief as the Court deems appropriate.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By  /s/ Sean M. Cowley (P72511)
Sean.Cowley@usdoj.gov
Maria D. Giannirakis (OH 0038220)
Maria.D.Giannirakis@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-3432

Dated: February 14, 2014