## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                          :
In re                                     : Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                : Case No. 13-53846
                                          :
                          Debtor.         : Hon. Steven W. Rhodes
                                          :
                                          :
-------------------------------------------------x
```

## MOTION OF THE CITY OF DETROIT FOR
## APPROVAL OF THE PROPOSED DISCLOSURE STATEMENT

The City of Detroit (the "City") moves the Court for the entry of an order approving the proposed *Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 2709) (as it may be amended, modified or supplemented, the "Disclosure Statement"), as containing adequate information pursuant to section 1125 of title 11 of the United States States Code (the "Bankruptcy Code").

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.        On July 18, 2013, the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

3.        A thorough description of the City's economic decline, the challenges it faces and the events leading up to the filing of the case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* (Docket No. 11), and in the Disclosure Statement.

4.        On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5.        On February 21, 2014, the City filed the *Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 2708) (as it may be amended, modified or supplemented, the "Plan") and the Disclosure Statement. Although the City had originally expected to file the Plan earlier, it postponed filing the Plan in order to continue discussions and negotiations designed to reach agreement with respect to treatment of claims in the Plan, including the discussions conducted through the mediation process. Notwithstanding this slight delay, the City filed the Plan prior to the March 1, 2014 deadline set by the Court

earlier in the case. *See First Order Establishing Dates and Deadlines* (August 2, 2013) (Docket No. 280).

      6.    It is the City's view that all of the material issues affecting the City's restructuring have been discussed with its key creditors and key potential funders of the Plan, that progress has been made in its efforts to resolve these material issues by consensus or by Bankruptcy Court review and that it is now necessary to begin the Plan confirmation process in order to enable the City to emerge from bankruptcy in a timely manner. Under the Plan as filed, it is the City's objective to emerge from bankruptcy at or near the conclusion of Mr. Orr's term as Emergency Manager in September 2014. This time frame is consistent with the Court's mandated date for filing a plan of adjustment in this case. The City expects that negotiations with important creditor groups will continue to be productive and that it will be able to secure significant and important creditor support for the Plan in the next stage of this case.

      7.    In addition to attempting to emerge from bankruptcy prior to the conclusion of the Emergency Manager's term, time is of the essence for the citizens of the City of Detroit. Those who live and work in the City and depend on its ability to provide them with efficient and effective services to maintain an appropriate quality of life are the true victims of delay. It is essential to conclude

this chapter 9 case as soon as possible so that the City can return to a condition that its citizens have a right to expect.

## Relief Requested

8.      The City files this motion pursuant to section 1125 of the Bankruptcy Code, as made applicable in this case by sections 103(f) and 901(a) of the Bankruptcy Code; Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 3017-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules").

9.      The City seeks the entry of an order, substantially in the form of the proposed order attached hereto as Exhibit 1, that approves the proposed Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code.

## The Disclosure Statement Should be Approved.

10.      The Court should approve the Disclosure Statement because it contains adequate information as required by section 1125 of the Bankruptcy Code.   For purposes of the Bankruptcy Code, "adequate information" means:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). *See also In re Microwave Prods. of Am., Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989) ("The purpose of the disclosure provisions . . . is to provide holders of claims and interests with 'adequate information' . . . in order for them to be able to make an informed judgment as to the feasibility of the plan."); *In re Malek*, 35 B.R. 443, 444 (Bankr. E.D. Mich. 1983) (a disclosure statement should "be of such a nature that parties [are] able to reach an informed judgment about the plan").

11.    In determining whether a disclosure statement contains adequate information, courts in the Sixth Circuit and elsewhere have found the following types of information, among others, relevant:

a.    the circumstances that gave rise to the filing of the bankruptcy petition;

b.    the source of the information provided in the disclosure statement;

c.    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets are authorized, other than those set forth in the disclosure statement;

d.    the financial condition and performance of the debtor while in bankruptcy;

e.    information regarding claims against the debtor;

f.    the accounting and valuation methods used to produce the financial information in the disclosure statement;

g.    a summary of the plan;

h.    an estimate of all administrative expenses;

i. the collectability of any accounts receivable;

j. any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

k. information relevant to the risks being taken by the creditors;

l. the actual or projected value that could be obtained from avoidable transfers;

m. the existence, likelihood and possible success of nonbankruptcy litigation; and

n. the tax consequences of the plan.

*See, e.g., In re Commonwealth Group-Mocksville Partners, LP*, No. 12-34319, 2013 WL 1728056, at *2 (Bankr. E.D. Tenn. Apr. 22, 2013); *In re Keisler*, No. 08-34321, 2009 WL 1851413, at *4 (Bankr. E.D. Tenn. June 29, 2009); *In re Malek*, 35 B.R. 443, 443-44 (Bankr. E.D. Mich. 1983); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

 12. The list of categories set forth above is intended as a guide and not a comprehensive list of all relevant types of information. *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("certain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case"). Rather, a court has broad discretion and must decide whether a disclosure statement contains adequate information on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See Scioto Valley*, 88 B.R. at 170 ("A determination

as to what constitutes adequate information in any particular instance must occur on a case-by-case basis under the facts and circumstances presented.");
*Commonwealth Group-Mocksville Partners*, 2013 WL 1728056, at *2 (the factors are "only a general 'yardstick' and need to be modified as the circumstances and size of each case warrant") (citation omitted); *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will take a practical approach as to what is necessary under the circumstances of each case . . . .'").

13.    The Disclosure Statement contains ample information with respect to the topics identified above, including information with respect to: (a) the terms of the Plan; (b) events preceding the City's chapter 9 case; (c) certain nonbankruptcy litigation; (d) descriptions of the employee benefit programs of the City; (e) estimates of the claims asserted, or to be asserted, against the City and the value of distributions to be received by holders of allowed claims; (f) the risk factors affecting the Plan; (g) the method and timing of distributions under the Plan; (h) the federal tax consequences of the Plan and (i) appropriate disclaimers regarding the Court's approval of information as contained in the Disclosure

Statement. Accordingly, the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

14.     Furthermore, Bankruptcy Rule 3016(c) provides: "If a plan provides for an injunction against conduct not otherwise enjoined under the [Bankruptcy] Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction."

15.     Sections III.D.5.a and III.D.5.b provide for injunctions against conduct not otherwise enjoined by the Bankruptcy Code for purposes of Bankruptcy Rule 3016(c). Section V.E.6 of the Disclosure Statement contains, in bold font, a description of these Plan injunctions, including a description of all acts to be enjoined and the identity of all entities that would be subject to these injunctions. Accordingly, the Disclosure Statement satisfies Bankruptcy Rule 3016(c).

## <u>Conclusion</u>

16.     Based on the foregoing, the City respectfully submits that the Disclosure Statement should be approved because it contains adequate information pursuant to section 1125 of the Bankruptcy Code.

## Notice

17.     Notice of this motion has been given to the United States Trustee for the Eastern District of Michigan, the Retiree Committee appointed by the U.S. Trustee pursuant to the Court's *Order, Pursuant to Section 1102(A)(2) of the Bankruptcy Code, Directing the Appointment of a Committee of Retired Employees* (Docket No. 279) and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. The City submits that no other or further notice need be provided.

## Statement of Concurrence

18.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Given the number of parties and potential parties involved in this case and the lack of known opposing parties who would be adversely impacted by the relief requested herein, it would be impracticable (and, with regard to unknown parties, impossible) for the City to affirmatively seek the concurrence of each opposing counsel interested in the relief sought herein. Accordingly, the City submits that imposing the requirements of Local Rule 9014-1(g) with respect to this motion would be "unduly burdensome" and requests that its requirements be waived.

## No Prior Request

19.     No prior request for the relief sought in this motion has been

made to this or any other Court.

## Reservation of Rights

20.     The City files this motion without prejudice to or waiver of its

rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is

intended to, shall constitute or shall be deemed to constitute the City's consent,

pursuant to section 904 of the Bankruptcy Code, to this Court's interference with

(a) any of the political or governmental powers of the City, (b) any of the property

or revenues of the City or (c) the City's use or enjoyment of any income-

producing property.


WHEREFORE, the City respectfully requests that the Court enter an

order, substantially in the form attached hereto as Exhibit 1, approving the

Disclosure Statement as containing adequate information pursuant to section 1125

of the Bankruptcy Code.

Dated: February 21, 2014          Respectfully submitted,


          /s/  Heather Lennox
          David G. Heiman (OH 0038271)
          Heather Lennox (OH 0059649)
          JONES DAY
          North Point
          901 Lakeside Avenue
          Cleveland, Ohio  44114
          Telephone:  (216) 586-3939
          Facsimile:  (216) 579-0212
          dgheiman@jonesday.com
          hlennox@jonesday.com

          Bruce Bennett (CA 105430)
          JONES DAY
          555 South Flower Street
          Fiftieth Floor
          Los Angeles, California 90071
          Telephone:  (213) 243-2382
          Facsimile:  (213) 243-2539
          bbennett@jonesday.com

          Jonathan S. Green (MI P33140)
          Stephen S. LaPlante (MI P48063)
          MILLER, CANFIELD, PADDOCK AND
              STONE, P.L.C.
          150 West Jefferson
          Suite 2500
          Detroit, Michigan  48226
          Telephone:  (313) 963-6420
          Facsimile:  (313) 496-7500
          green@millercanfield.com
          laplante@millercanfield.com

          ATTORNEYS FOR THE CITY

# SUMMARY OF EXHIBITS

The following exhibits are attached to this motion, labeled in accordance with
Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None (Brief Not Required) |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None (No Affidavits Filed Specific to this Motion) |
| Exhibit 6 | None (No Documentary Exhibits) |

# EXHIBIT 1

## Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------------x
                                    :
In re                               : Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          : Case No. 13-53846
                                    :
                      Debtor.       : Hon. Steven W. Rhodes
                                    :
                                    :
------------------------------------------------------x
```

## <u>ORDER APPROVING THE PROPOSED DISCLOSURE STATEMENT</u>

This matter came before the Court on the *Motion of the City of Detroit for Approval of the Proposed Disclosure Statement* (the "<u>Motion</u>") (Docket No. _____).  The Court reviewed the Motion, the *Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 2709) (as it may be amended, modified or supplemented, the "<u>Disclosure Statement</u>"), and the *Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 2708) (as it may be amended, modified or supplemented, the "<u>Plan</u>") and heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "<u>Hearing</u>").  The Court has determined, after due deliberation, that (i) it has jurisdiction over this matter, (ii) this matter is a core proceeding, (iii) notice of the Motion and the Hearing was adequate under the circumstances, and (iv) the

relief requested in the Motion is fair, equitable, and in the best interests of the City

of Detroit (the "City"), its creditors, and other parties in interest.[1]

Accordingly, it is hereby ORDERED that:

1.      All objections to the Motion are overruled in their entirety, and the

Motion is granted as set forth in this Order.

2.      The Disclosure Statement contains "adequate information" as defined

by section 1125(a)(1) of title 11 of the United States Code (the "Bankruptcy

Code") and is hereby approved.

3.      The Disclosure Statement provides adequate notice of, and satisfies

Federal Rule of Bankruptcy Procedure 3016(c) with respect to, the injunction

provisions contained in Section III of the Plan.

4.      The City is authorized to make non-substantive or immaterial changes

to the Disclosure Statement and all related documents (including, without

limitation, all related exhibits), without further order of the Court, including,

without limitation, (a) ministerial changes to correct typographical and

grammatical errors, (b) conforming changes among the Disclosure Statement, the

Plan, and any related materials and (c) altering the format of such documents to

facilitate their efficient distribution.

---

[1]     To the extent any finding of fact in this order constitutes a conclusion of law,
it is adopted as such.  To the extent any conclusion of law in this order
constitutes a finding of fact, it is adopted as such.

5.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

6.    The City and its counsel are authorized, in their discretion, to take or refrain from taking any action necessary or appropriate to effect the terms of and relief granted by the Order in accordance with the Motion and without further order of the Court.

7.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 2

## Notice

Form B20A (Official Form 20A)

## UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
         Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

### NOTICE OF MOTION OF THE CITY OF DETROIT FOR APPROVAL OF THE PROPOSED DISCLOSURE STATEMENT

The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, pursuant to section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017, approving the *Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit*.

      **<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or before March 26, 2014 at 4:00 p.m. Eastern time**, or such other date established by the court, you or your attorney must:

1.       File with the court a written response or an answer, explaining your position at:[1]

### United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

If you mail your response to the court for filing, you must mail it early enough so the court will <u>receive</u> it on or before the date stated above.  Registered users of the court's case filing system must file pleadings electronically.

---

[1]       Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman
Heather Lennox
Thomas A. Wilson
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071

Jonathan S. Green
Stephen S. LaPlante
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226

2.     If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing. The City has requested that the Court schedule a hearing date with respect to the motion on April 11, 2014.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

# EXHIBIT 4

## Certificate of Service

I, Heather Lennox, hereby certify that the foregoing *Motion of the City of Detroit for Approval of Disclosure Statement Procedures* was filed and served via the Court's electronic case filing and noticing system on this 21st day of February, 2014.

/s/ Heather Lennox
