IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------x
                                   :

In re                                 :                Chapter 9

CITY OF DETROIT, MICHIGAN,    :                Case No. 13-53846

          Debtor.                  :                Hon. Steven W. Rhodes
---------------------------------------------x

**DEBTOR'S OBJECTION AND BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT ENFORCEMENT OF JUDGMENT AGAINST CITY OF DETROIT, AND FOR RULING THAT JUDGMENT BASED ON CLAIM FOR TAKING OF PROPERTY WITHOUT JUST COMPENSATION IS NOT SUBJECT TO REDUCTION OR COMPROMISE IN BANKRUPTCY, AS TO T&T MANAGEMENT, INC., SUCCESSOR TO MERKUR STEEL SUPPLY, INC.**

**I.    INTRODUCTION**

The Motion is disingenuous and misleading. While couched as a request for relief from the automatic stay, the Motion seeks not only relief from the stay to allow T&T Management, Inc. ("T&T") to collect its pre-petition unsecured judgment in full but also a declaratory ruling that the judgment is "not subject to compromise or reduction" in the City of Detroit's (the "City") chapter 9 bankruptcy case. T&T's motion for a "ruling" is procedurally improper because the requested relief cannot be granted by a motion – T&T must file an adversary proceeding for a declaratory judgment or object to its treatment in the City's plan. As the entire Motion is premised on this "ruling", it must be denied on this basis alone. Further, to the extent that T&T filed a proof of claim (which as of the filing of this Objection it has not), the Motion was filed in violation of the injunction contained in the ADR Order. If, on the other hand, T&T failed to file a timely proof of claim, it is enjoined from asserting its claim through the Motion or otherwise. Finally, even if the requested ruling was substantively correct (which it is not), the

Court may not enter T&T's proposed order because allowing it to collect its judgment would interfere with the City's property in violation of Bankruptcy Code section 904. For all of these reasons, the Motion must be denied.

## II. BACKGROUND

### A. Merkur Steel Supply Inc. v. City of Detroit

On or about March 29, 2002, the Wayne County Circuit Court entered a judgment against the City in the amount of $7,988,815.60 for past damages and ordered the City to pay Merkur Steel Supply, Inc. "rent in the amount of $3,800 per month, as future damages, beginning March 7, 2002… The monthly rent payments will continue until either (1) Merkur ceases to lease the property, (2) the City of Detroit acquires ownership of the property or (3) the City of Detroit takes the necessary actions to lift the restrictions preventing construction of a building on the vacant five-acre parcel." Motion, Exhibit 1.

### B. The City's Bankruptcy Case

On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, commencing the largest chapter 9 case in history. On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Order"). [Doc. No. 1782]. The Bar Date Order established 4:00 p.m., Eastern Time, on February 21, 2014 as the general bar date ("General Bar Date"). Bar Date Order ¶ 4. The Bar Date Order further provided that an entity that fails to file a proof of claim by the applicable Bar Date "shall be forever barred, estopped and enjoined from…asserting any claim against the City or property of the City…" *Id.* ¶ 22.

On December 24, 2013, this Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the

Liquidation of Certain Prepetition Claims ("ADR Order") which approved the Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1. [Doc. No. 2302]. ADR Order ¶ 6. The ADR Procedures provide that "property damage claims" constitute Initial Designated Claims. ADR Procedures ¶ I.A. The ADR Procedures further provide that

> For the period commencing on the date of entry of the ADR Order until the date that is 119 days after the General Bar Date (the "Initial Designation Period"), any Designated Claimant holding an Initial Designated Claim (and any other person or entity asserting an interest in such claim) shall be enjoined (the "Initial Injunction") from filing or prosecuting, with respect to such Initial Designated claim, any motion (a "Stay Motion") for relief from either (1) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court…

ADR Procedures ¶ I.B.

On February 21, 2013, the City filed its Plan for the Adjustment of Debts ("Plan") and related disclosure statement. [Doc. Nos. 2708 & 2709].

### III. ARGUMENT

#### A. T&T's Motion Fails on Procedural Grounds

To the extent T&T filed a proof of claim for the payments claimed in the Motion,[1] the claim is a "Initial Designated Claim" pursuant to the ADR Order as a claim for property damage. As such, T&T is enjoined from filing a motion for relief from stay until 119 days after the General Bar Date. If, on the other hand, T&T failed to file a proof of claim by the General Bar Date, it is forever barred from asserting the claim against the City under the Bar Date Order.

---

[1] As of Sunday, February 23, 2014, it does not appear that T&T Management, Inc. filed a proof of claim nor was its alleged claim contained in the Debtor's List of Creditors. Regardless of the merits of the T&T's argument with respect to the ability to adjust the rent payment due under the judgment, the payment is a claim for which a proof of claim must be filed.

- 3 -

Thus, T&T has either violated the injunction set forth in the ADR Order or the injunction in the Bar Date Order. As such, and on this basis alone, T&T's motion must be denied.

Further, T&T may not obtain a "ruling" that its judgment is "not subject to reduction or compromise as a result of the City of Detroit's bankruptcy" by merely filing the Motion. Motion at 5. As set forth in Federal Rule of Bankruptcy Procedure 7001(9), a party seeking a declaratory judgment to determine the dischargeability of a debt, recover money or property or obtain an injunction or other equitable relief must file an adversary proceeding.[2] As the entire basis for the stay relief motion is based on T&T's claim that the judgment may not be reduced or compromised due to the alleged constitutional nature of its claim, the motion cannot be granted unless and until T&T initiates an adversary proceeding and obtains the ruling requested by the Motion. Moreover, any such ruling must be made by this Court and not the state court, as the dischargeability of a debt or the nature of an asserted claim are solely within the province of this Court's jurisdiction.

Finally, to the extent that T&T has timely asserted a claim for the judgment, this claim will be treated by the Plan. If T&T believes that the Plan fails to properly treat its claim by, for example, paying less than its full amount, the proper recourse is to file an objection to the Plan and not a motion for relief from the automatic stay to continue its state court proceeding.

---

[2] The City expressly reserves, and does not waive, all procedural and substantive arguments with respect to any adversary proceeding initiated by T&T.

### B. Entry of T&T's Proposed Order Would Violate Bankruptcy Code Section 904

Even if the relief sought were substantively correct,[3] the Court may not enter the proposed order because it violates Bankruptcy Code section 904 by interfering with the City's property. Bankruptcy Code section 904 provides in pertinent part that "Nothwithstanding any power of the court, unless the debtor consents…the court may not…interfere with…any of the property or revenues of the debtor…" 11 U.S.C. § 904. Entering T&T's proposed order, which states that the "Automatic Stay is terminated as to T&T Management…to collect upon the Final Judgment against the City…", would violate section 904 because this Court would be interfering with the Debtor's property by allowing T&T to collect its judgment.

## IV. CONCLUSION

WHEREFORE, the City respectfully requests that this Court: (a) deny the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

---

[3] The City notes that in *United States v. Bekins,* the United States Supreme Court specifically upheld the Municipal Corporation Bankruptcy Act, 50 Stat. 653 (1937), over objections that the statute violated the Fifth Amendment: "As the bankruptcy power may be exerted to give effect to a plan for the composition of the debts of an insolvent debtor, we find no merit in appellant's objections under the Fifth Amendment." 304 U.S. 27, 54 (1938) (internal citations omitted). More importantly, this issue is not properly before the Court at this time.

Dated: February 24, 2014     Respectfully submitted,

By: /s/Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT