UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------------------x

## FINANCIAL GUARANTY INSURANCE COMPANY'S JOINDER IN THE OBJECTION TO MOTION OF THE DEBTOR FOR APPROVAL OF DISCLOSURE STATEMENT PROCEDURES

Financial Guaranty Insurance Company ("**FGIC**"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, hereby joins in the *Objection to Motion of the Debtor for Approval of the Disclosure Statement Procedures* [Docket No. 2730] (the "**Objection**").

In support of this joinder, FGIC adopts and incorporates the arguments in the Objection in their entirety as if fully set forth in this joinder. In addition, FGIC respectfully submits as follows:

1. Scheduling a hearing on the Disclosure Statement is premature because, in addition to the missing exhibits and documents highlighted in Section I.A. of the Objection and set forth on Exhibit A of the Objection, the City has indicated that material changes to the Disclosure Statement[1] and the Plan are likely. For example, the City "expects that negotiations with important creditor groups will continue to be productive and that it will be able to secure

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

significant and important creditor support for the Plan in the next stage of the case." (Scheduling Mot. ¶ 7.) In addition, Section VI.B.2 of the Disclosure Statement references a "Potential DWSD Transaction" that the City may enter into "if such transaction enables the City to make larger, more rapid or more certain distributions to at least some of its creditors," without providing any additional details about such potential transaction. (Plan Art.IV(A)(2).) To the extent the City enters into new settlements with creditor groups or a DWSD Transaction, the City will need to amend the Plan and the Disclosure Statement. Thus, it would be a waste of time and resources to forge ahead with a Disclosure Statement hearing at this juncture, only to repeat the process in order to address any of these potentially material Plan modifications as they arise.

2. Further, the large, complex and unprecedented nature of the City's chapter 9 case and the lack of consensus at this juncture demand the establishment of appropriate procedures and deadlines that safeguard the due process rights of all parties in interest and the integrity of the chapter 9 process. *See e.g., Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 450 (1968) ("The need for expedition . . . is not a justification for abandoning proper standards.").

3. To the extent the Court is inclined to grant the Motion, FGIC reiterates the Objectors' concerns regarding the language in the Proposed Order requiring any objection or response to be accompanied by the objecting party's evidentiary support for its objection, including declarations made under penalty of perjury and other admissible documentary evidence. (Obj. n.5.) In addition to the concerns raised in the Objection, it is inappropriate to require objectors to submit evidentiary support for their objections before the City has met its burden by submitting its own evidence to establish that the Disclosure Statement contains adequate information and should be approved. *See In re Am. Capital Equip. LLC*, 688 F.3d 145,

155 (3d Cir. 2012) ("The debtor has the burden of proving that a disclosure statement is adequate, including showing that the plan is confirmable or that defects might be cured or involve material facts in dispute.").

WHEREFORE, for the reasons set forth in the Objection and above, FGIC respectfully requests that the Court deny the City's Scheduling Motion.

Dated: February 24, 2014
      Birmingham, Michigan

/S/ Ernest J. Essad, Jr.
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

– and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance Company*