UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit                                    Case No. 13-53846-SWR
                                                   Chapter 9
                        Debtor.                    Hon. Steven W. Rhodes
_____/

corrected
**CLASS CLAIMANTS' MOTION FOR APPLICATION OF FED.R.BANKR.P. 7023
AND FOR RELATED RELIEF**

      Now come Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative, on behalf of themselves and the Class as defined below (collectively, "Class Claimants"), and state:

      1.     Class Claimants are parties to a class action suit filed in the United States  District Court for the Eastern District of Michigan, <u>Town Houses Cooperative Association et al v. City of Detroit</u>, Case No. 4:12-cv-13747 (the "Class Action").

      2.     Class Claimants are being charged improper water rates by the Detroit Water and Sewerage Department, in violation of state and federal guarantees of equal protection. The improper charging did not cease when the City's bankruptcy was filed. A prior classification employed by the City was found to have violated the equal protection clause in *Alexander v City of Detroit,* 392 Mich 30; 219 NW2d 41 (1994).

      3.     Class Claimants have filed this motion to, inter alia, apply the provisions of Bankruptcy Rules 9014 and 7023 and allow the filing of a class proof of claim for the class of claimants defined as follows ("Class"), to the extent required:

      "All entities or individuals owning, or acting for owners of, buildings, apartment buildings, townhouses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the City of Detroit and/or the Detroit Water and Sewerage Department for water and sewerage and component services with the time period at least six years prior to the filing of this action through the date of final judgment or such longer amount of time as may be allowed by law."

      WHEREFORE, this Court should grant Class Claimants the relief requested in the attached proposed Order, and grant them such further relief as this Court deems just.

                          Respectfully submitted,
                          __/s/ Robert Bassel _____
                          ROBERT N. BASSEL (P48420)
                          Attorneys for Class Claimants
                          P.O. Box T
                          Clinton, MI 49236
DATED: 2/25/2014            (248) 677-1234
                          bbassel@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| City of Detroit | Case No. 13-53846-SWR |
| | Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

**CLASS CLAIMANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR APPLICATION OF FED.R.BANKR.P. 7023
AND FOR RELATED RELIEF**

Now come Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative, on behalf of themselves and the Class as defined in the underlying motion (collectively, "Class Claimants"), and state:

## I.      INTRODUCTION

Class Claimants are parties to a class action suit filed in the United States  District Court for the Eastern District of Michigan, <u>Town Houses Cooperative Association et al v. City of Detroit</u>, Case No. 4:12-cv-13747 (the "Class Action") before Judge Gershwin Drain.   Class Claimants seek class certification in the Class Action.  Class Claimants have filed the underlying motion to, inter alia, file and prosecute a class proof of claim on behalf of all similarly situated claimants of Debtor.

On December 18, 2013, this Court granted the Class Claimants relief from stay to, inter alia,

> 2.      Relief from that automatic stay applicable under 11 U.S.C. § 922(a) and 11 U.S.C. § 362(a) is granted to allow the Cooperatives to continue prosecution of the class action for the limited purpose of pursuing class certification, establishing liability, and seeking to enjoin the DWSD from charging improper rates.

Class Claimants have been diligently pursuing class certification, however, as of the date of this motion, a final ruling has not been made.  Judge Drain has set a hearing on March 4, 2014 on the Class Claimant's motion to certify the Class:

| | | |
|---|---|---|
| 01/29/2014 | 39 | NOTICE OF HEARING on 38 Renewed MOTION to Certify Class . **Motion Hearing set for 3/4/2014 02:00 PM before District Judge Gershwin A. Drain** (Bankston, T) (Entered: 01/29/2014) |

**A.      Request to Allow Judge Drain to Resolve the Rule 23 certification issues/Limited Abstention**

Page 2 of 30

This Court has determined that the Class Action before Judge Drain shall proceed to determine the class certification issues. Insofar as there are Rule 23 issues in the underlying motion, this Court should allow Judge Drain to decide the Rule 23 issues to conserve legal and judicial resources. The Class Action was pending almost a year in advance of the bankruptcy filing. The Class Action claims are non-bankruptcy related. District Court Judge Gershwin Drain has already heard and considered arguments on the motion for class certification and motion to dismiss and can dispose of these issues efficiently. Judicial economy will be furthered by allowing the case to continue in the District Court where it originated, given the familiarity of the District Court with the case at hand and the substantive laws governing the claims. The amount of any money damages resulting from the Class Action will be reduced to judgment so that Class Claimants and the City of Detroit may liquidate the claims of the Class Claimants in the bankruptcy matter. Insofar as proofs of claim will need to be filed for the payment of prepetition claims, this Court should (a) extend the proof of claim deadline for the Class Claimants until after Judge Drain has determined the certification issues, and (b) allow the filing of a class proof of claim so that the class members may receive their proper distribution in this case and so that they may properly vote their claims.

## B.  Basis for Certification of the Class

As will be demonstrated before Judge Drain and as indicated below, the Class Claimants have set forth a clear and unambiguous class definition in connection with their equal protection claim. They have demonstrated that members of the class are billed commercial rates in conjunction with storm water runoff fees rather than residential rates. This class distinction is unconstitutional and arbitrary and violates the equal protection clause. *See Alexander v. Detroit*, 392 Mich. 30 (Mich. 1974). Thus, the Class Action is likely to succeed. To the extent the Court does not extend the time for the filing of a class proof of claim or abstain to allow Judge Drain to determine the Rule 23 issues, Class Claimants seek certification of a similar class in this Court for purposes of submitting a class proof of claim, and Class Claimants seek the designation of their counsel as Class Counsel to represent the Class for this purpose. Class Claimants' counsel is in the best position to represent Class members and is in the best position to obtain favorable resolution of this matter on behalf of the Class, as Class Claimants' counsel is familiar with the facts and the parties due to their activities in the underlying litigation.

As will be indicated below, cause exists for the relief requested by Class Claimants.

## II. BACKGROUND

Approximately one year before the Chapter 9 petition was filed, Class Claimants had commenced a class action lawsuit against the City of Detroit, acting through its Detroit Water and Sewerage Department ("DWSD"), in the U.S. District Court, Eastern District of Michigan, Case No. 4:12-cv-13747 (the "Class Action"). The Class Action was brought on behalf of, and sought of the class of claimants defined as follows ("Class"):

> "All entities or individuals owning, or acting for owners of, buildings, apartment buildings, townhouses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the City of Detroit and/or the Detroit Water and Sewerage Department for water and sewerage and component services with the time period at least six years prior to the filing of this action through the date of final judgment or such longer amount of time as may be allowed by law."

The Class Action complaint contains four counts: Count I - Violation of Equal Protection -

Commercial Rate Charges; Count II - Restitution/Assumpsit; Count III - Accounting and Escrow; and Count IV - Injunctive Relief. A scheduling conference was held in the Class Action and a scheduling order was issued setting deadlines for matters relating to the request for class certification. The DWSD filed a response to the motion for class certification and a motion to dismiss the complaint. Shortly before the Chapter 9 filing, the district court held a hearing on the motions and took the matter under advisement. The Class Action was subsequently stayed by the bankruptcy filing. Class Claimants sought relief from the automatic stay to allow them to continue prosecution of the Class Action for the limited purpose of pursuing class certification, establishing liability; and seeking to enjoin the DWSD from charging improper rates. This Court granted relief from stay for the purposes sought in its 12.18.2013 Order.

## III.  ARGUMENT

### A.  Application of Rule 23

The majority of courts permit class proofs of claims in bankruptcy proceedings, and this is the rule in the Sixth Circuit. See Reid v. White Motor Corp., 886 F.2d 1462 (6th Cir. 1989). Pursuant to Bankruptcy Rule 9014(c), bankruptcy courts have the discretion to invoke Bankruptcy Rule 7023, on their own accord or upon motion by a party in interest, at any stage within a contested matter. Fed. R. Bankr.P. 7023(c) ("The court may at any stage in a particular [contested] matter direct that one or more of the other rules in Part VII [that are not otherwise expressly applicable pursuant to Bankruptcy Rule 9014(c)] shall apply."). The Sixth Circuit Court of Appeals has recognized the Bankruptcy Rule 7023 may be invoked in contested matters with respect to filing class proofs of claim. See Reid v. White Motor Corp., 886 F.2d 1462, 1469–70 (6th Cir.1989) ("Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed.R.Civ.P. 23, the class action rule, to "any stage" in contested matters, including, class proofs of claim.").

The procedure for filing and prosecuting a class claim in court is somewhat unsettled. See e.g. Colliers on Bankruptcy  P 7023.01 Applicability of Class Action Procedure; Class Claims (2013)(" Courts differ in determining when a Rule 7023 motion is timely made. The Court of Appeals for the Eleventh Circuit has held that a motion for class certification cannot be made until an objection to the class proof of claim is filed. However, some courts have rejected this proposition, holding instead that a motion for class certification is timely when filed with a proof of claim. "). Given the lack of clear direction, Class Claimants have filed the underlying motion, asking the Court to apply the provisions of Bankruptcy Rules 9014 and 7023. In re Commonpoint Mortgage Co., 283 B.R. 469 (W.D. Mich. 2002). In addition, Class Claimants have also filed a Class Proof of Claim in accordance with Debtor's bar date notice. A copy of Claimants' Class Proof of Claim is attached hereto as Exhibit A, which includes a verification by the prospective class representative.

### B.  Elements for Rule 23 certification

It will be demonstrated before Judge Drain that the rate classification is unconstitutional and violates the equal protection clause. A prior classification employed by the City was found to have violated the equal protection clause. In *Alexander v City of Detroit,* 392 Mich 30; 219 NW2d 41 (1994), it was alleged that all owners of residential structures with more than four units were charged commercial waste charges in connection with garbage collection. Those charges were not imposed upon residential properties with four or fewer units. Not only was class certification found and upheld, but the

City's classification failed constitutional equal protection scrutiny. *Alexander* at 45. The City has a poor track record. Class Claimants expect the same unconstitutional result will be found in the Class Action.

Federal Rule of Bankruptcy Procedure 7023 incorporates Federal Rule of Civil Procedure 23 in adversary proceedings. "Bankruptcy Rule 7023(a) sets forth four prerequisites that must be satisfied before a class action may be maintained: numerosity, commonality, typicality, and adequacy of representation." *In re Commonpoint Mortgage Co.*, 283 B.R. 469, 476 (W.D. Mich. 2002). As explained in detail below, Class Claimants have met each of these requirements.

**Basis for Claim**

The properties and structures within the City of Detroit secure their water and sewerage services from the City itself. The City provides the services and advances charges. The method for calculating the charge for the service uses the classification of the property as a variable within this formula. However, the City of Detroit arbitrarily charges a class of residential properties a nonresidential charge for sewer and water including storm water nm-off services. Specifically, this class of residential properties is charged at the commercial level notwithstanding the fact that they are residential. This is undisputed. In response to preliminary discovery requests, the City has confirmed that it charges residential dwellings with more than four units as commercial users for the storm water drainage component. If there are four or less units they are charged at residential rates for that component. In this case, the Class Claimants contend that the arbitrary imposition of a higher rate on residential properties that have more than four units within them is a violation of the equal protection clause of the United States and Michigan Constitutions. The Complaint specifically asserts that there is no natural distinguishing characteristic bearing a reasonable relationship to the object of the classification that justifies paying a higher commercial rate in residential structures greater than four units as compared to residential structures with four or less units.

**Proposed Class**

Class Claimants propose the class be defined as:

> "All entities or individuals owning, or acting for owners of, buildings, apartment buildings, townhouses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the City of Detroit and/or the Detroit Water and Sewerage Department for water and sewerage and component services with the time period at least six years prior to the filing of this action through the date of final judgment or such longer amount of time as may be allowed by law."

The United States Supreme Court in discussing Fed R Civ Proc 23 specifically directed that:

> "A class action may be maintained" if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy representation), and it also must fit into one of the three categories described in subdivision (b). Fed R Civ Proc 23(b). By its terms this creates a categorical rule entitling a plaintiff whose suit meets this specified criteria to pursue his claim as a class action.

*Shady Grove Orthopedics Association v Allstate Insurance Company* 559 US 393; 130 S Ct

The general proposition in weighing class certification motions is to resolve all doubts in favor of class certification. *In re Cardizem CD Antitrust Litigation* 200 FRD 297, 303 (ED Mich 2001)(concluding that courts should err in favor of allowing class certification). The United States Supreme Court has cautioned against making class determinations based upon the merits of the case but instead should resolve such issues on the assumption that all well pled allegations are true. *Eizen v Carlisle & Jacqelin* 417 US 156, 177; 94 S Ct 2140 (1974). Issues in favor of certification include the extent to which a single uniform issue is to be resolved amongst the purported class litigants. *Products, Inc. v Windsor* 521 US 591,617; 117 S Ct 2231 (1997). As will be set forth in greater substance below, all of the elements in favor of class certification are established in this situation. There is a cleanly defined class that has been treated uniformly by the arbitrary classification imposed upon them by the City of Detroit in calculating its water and sewer and component charges. Given this uniformity, class certification is preferred so as not only to provide an efficient system for all involved, but to spare the Court from hundreds, if not thousands, of individual actions that have no materially distinguishing characteristics.

### C.     The Rule 23(a) Criteria For Class Certification Are Satisfied

As stated above, Fed R Civ Proc 23(a) sets forth four criteria for certifying class action: One or more members of a class may sue or be sued as representative parties on behalf of all only if

> (1) The class is so numerous that joinder of all members is impracticable;
> (2) There are questions of law or fact common to the class;
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) The representative parties will fairly and adequately protect the interests of the class.

The proposed class in this case meets all of the requirements of the rule.

### 1. JOINDER OF ALL MEMBERS IS IMPRACTICAL

The numerosity requirement is not defined by any type of threshold number. Generally speaking the numerosity requirement is satisfied by demonstrating that joinder would be difficult or inconvenient. *Rodriguez* by *Rodriguez v Berry Brook Farms, Inc.* 672 F Supp 1009, 1013 (WD Mich 1987). It has been observed that numerosity is met when a potential class exceeds 40 members. See *Stewart v Abraham* 275 F3d 220, 226-227 (3rd Circuit 2001); *Curry v SBC Communications, Inc.* 250 FRD 3001, 3010 (ED Mich 2008). Research shows that courts have certified classes with as few as 24 or even 18 class members. *Novella v West Chester County* 443 F Supp 2d (St NY 2006) (24 class members); *Gasper v Linvatec Corp* 167 FRD 51 (ND 111 1996) (18 class members). Provided that general knowledge and common sense demonstrate that the class is large, the exact number of its members is not needed. *Benttie v Century Tel, Inc.* 234 FRD 160, 168 (ED Mich 2006). Preliminary discovery provided by the City demonstrate that there are easily hundreds if not in excess of a thousand members that meet the proposed class definition. The listing of apartment accounts provided by Defendant in preliminary discovery identify 2,432 structures

alone.

## 2. THERE ARE QUESTIONS OF LAW AND FACT COMMON TO THE CASE

The common question analysis is concerned with whether there is a common issue. A common issue is one "the resolution of which will advance the litigation" *Saur* v *Snappy Apple Farms, Inc.* 2003 FRD 281, 287 (WD Mich 2001). There need only be one common issue for this element to be satisfied. *Alkir* v *Irving* 330 F3d 802, 820 (61h Circuit 2003). Further, to establish the commonality of the issue, it is sufficient if its resolution impacts a substantial portion of the class members. *Jenkins v Raymark* 782 F2d 468,472 (5'h Circuit 1986). In short, the commonality element is a low hurdle that is easily surmounted. *In re Welding Fumes Product Litigation* 245 FRD 279,297 (ND Ohio 2007).

This case is advanced primarily on the strength of the equal protection clause. It contends that there has been an unreasonable and arbitrary classification treating one class differently from another class. It analyzes the propriety of the classification itself.

> "The equal protection clause, like the due process clause, is a guaranty that controls the reasonableness of governmental action. The classification must be a reasonable one, and it must bear a reasonable relation to the object of the legislation."

*Village Green of Lansing et a1 v The Board of Water and Light et a1* 145 Mich App 379, 387: 377 NW2d 401 (1985) (citing to *Dandridge* v *Williams* 397 *US* 471; 90 S Ct 1153 (1970)).

The City has drawn a distinction between residential buildings with four or less dwelling units as against residential buildings with more than four units. This is the challenged classification. Common questions are:

1. Does the commercial charge hear a reasonable relationship to the service provided by the City of Detroit?

2. Is the classification, separating four or less units from greater than four units, one that is based upon natural distinguishing characteristics which would then bear a reasonable relationship to the object of the legislation/classification?

3. Are all persons of the same class treated alike?

4. Is the classification an arbitrary classification?

Given the core theory, these questions are inextricably bound to each other. Addressing them serves resolution of whether this classification can survive scrutiny under the equal protection clause. In other words, this case will address whether the classification can survive constitutional scrutiny. Resolving this core question advances the case cleanly and productively. Indeed, class certification was extended in a cause of action against the City of Detroit based upon a fundamentally similar classification. In *Alexander* v *City of Detroit,* 392 Mich 30; 219 NW2d 41 (1994), it was alleged that all owners of residential structures with more than four units were charged commercial waste charges in connection with garbage collection. Those charges were not imposed upon residential properties with four or fewer units. Not only was

class certification found and upheld, but the City's classification under constitutional equal protection scrutiny failed. *Alexander* at 45.

There are common questions of law and fact here which speak in favor of certification. Generally speaking the typicality requirement tests whether the interests of the identified class representatives are in alignment with those of the class such that the representatives who advance the case will advance interests of the class. *In re American Medical Systems, Inc.* 75 F3d 1069, 1082 (6th Circuit 1996). Provided the class representatives and the class members of claims are based on the same legal or remedial theory, typicality is satisfied. *Adamson* v *Bowen* 855 F2d 668,676 (10"' Circuit 1988).

### 3.    TYPICALITY OF CLAIMS

The typicality element here is satisfied by virtue of the fact that the named Class Claimants are bringing the exact same claim as the identified class. There is no meaningful distinction separating out the legal theories. Thus, the class representatives have claims that are typical of the class as a whole. Given that alignment, the typicality requirement is satisfied.

### 4. THE PROPOSED CLASS REPRESENTATIVES  WILL FAIRLY AND ADEQUATELY ASSERT AND PROTECT THE INTERESTS OF THE CLASS

The basic test for this step of the analysis allows the court to consider the qualifications, experience and general ability of class counsel to conduct the litigation and whether there is any basis for antagonism between class members. *Stout* v JD *Byrider* 228 F3d 709, 717 (6th Circuit 2000).

The Class Claimants in the purported class are represented by Randall Pentiuk and Kerry Morgan of the firm of Pentiuk Couvreur & Kobiljak, P.C.. Randall A. Pentiuk has litigated numerous Federal and state cases since his 1981 admission to the State Bar of Michigan. Attorney Pentiuk is also licensed in Illinois and Indiana, and Attorney Morgan in Virginia Both are also admitted in the District of Columbia. They currently represent a class of over 200 Michigan municipalities in a suit against the Michigan Department of Environmental Quality alleging violation of the Michigan Constitution Headlee amendments by the Agency's imposition of unfunded mandates upon the class in connection with MS4 storm water permits. See *Riverview et al v MDEQ,* 09-712 CZ, Ingham County Circuit Court; CA#301557 & 302903, Michigan Court of Appeals. That action also concerns itself with water and sewer charges. These attorneys have substantial experience dealing with complex matters involving multiple parties with antagonistic interests, even when some of the antagonists are aligned on the same side of the case caption. Their combined experience and sophistication demonstrate that these attorneys are well qualified and will adequately represent the class The named Class Claimants are enthusiastic about vindicating the rights of the class. In light of the commonality and typicality present in this case, there is little room for antagonism between the named Class Claimants and class members to even develop.

### D.    The Rule 23(b) Criteria For Class Certification Are Satisfied

After satisfying the criteria in Rule 23(a), prior to extending certification, at least one of the requirements of Rule 23(b) must be satisfied as well. Class Claimants contend that at least two prongs address these circumstances.  Class Claimants first turn attention to Fed R Civ Proc 23(b)(l)(A) which provides that:

A class action may be maintained if Rule 23(a) is satisfied and if:
(1) Prosecuting separate actions by or against individual class members would create a risk of:

> (A) Inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class;

As is demonstrated by the prior discussions, this is a simple class. The recourse sought is both monetary and injunctive so that the complained of practice ceases and overpaid charges refunded. The same issue predominates. As a consequence, if individual actions are brought such could give rise to inconsistent or varying adjudications just as the rule contemplates. If the billing practice complained of is upheld in one case and found unconstitutional in another, the City of Detroit would have inconsistent and incompatible standards of conduct to comply with.

Moreover, Fed R Civ Proc 23(b)(2) authorizes certification if:

> (2) The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Additionally, in light of the preceding commonality and typicality discussions, certification under Fed R Civ Proc 23(b)(1)(3) is warranted which authorizes certification when:

> (3) The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defensive separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concerning litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

The common questions of law and fact predominate. In order for the court to be satisfied that is an accurate statement, it need only conclude that the issues which are subject to generalized proof and which are applicable to the class as a whole, predominate over the issues that are subject only to individualized proof. *Amchem Products, Inc, v Windsor* 521 US 591, 61 7; 117 S Ct 223 1 (1997). Predominance is satisfied unless it is clear the common questions will be overwhelmed by the individual issues to the extent that it renders the class action valueless. *In re* NASDAQ *Market-Makers Antitrust Litigation* 169 FRD 493, 51 7 (SDNY 1996). The only distinction between the class members would be the damage calculations. This does not preclude class certification. *Olden v LaFarge Corp* 383 F3rd 495, 510-511 (6'h Circuit

Looking at these elements as a whole, the class action is a superior form to individual actions in achieving the fair and efficient adjudication of the common, typical issues in controversy. It is superior to individual actions. It prohibits inconsistent outcomes. It will bring finality to the litigation on this issue, not only on behalf of the named parties, but also with

respect to other members of the class. This is the superior mechanism by which to proceed for the same reasons, this case will be easily and efficiently managed as a class under the class action procedures set forth in the Federal Rules.

**E.    Appointment Of Class Counsel Under Fed.R.Civ.P. 23(g)**

Provided Judge Drain Court grants certification, he will then be required to consider the appointment of class counsel under Fed R Civ Proc 23(g). The four factors this Court considers are:

(i) The work counsel has done in identifying or investigating potential claims
in the action;
(ii) Counsel's experience in handling class actions, other complex litigation,
and the types of claims asserted in the action;
(iii) Counsel's knowledge of the applicable law; and
(iv) The resources that counsel will commit to representing the class.

Speaking to these factors, Randall Pentiuk has a long history of representation of cooperative housing entities and is no stranger to municipal litigation. Mr. Pentiuk has done a great deal of the ground work in analyzing the situation on behalf of existing clients. In conjunction with Kerry Morgan, Of Counsel to Mr. Pentiuk's firm, a significant investigation regarding the claim has already been undertaken. Both attorneys have substantial experience in handling complex litigation as the Ingham County Class action on behalf of hundreds of Michigan municipalities referenced above demonstrates. They are committed to committing the necessary resources to representing the class through final adjudication.

**F.    Additional Bankruptcy Court Factors**

In determining the propriety of the filing of a class proof of claim and adoption of Fed.R.Bankr.P. 7023, Courts look at the following additional factors which also weigh in favor of allowing Class Claimants to file a class proof of claim.

### 1.    Class certification and a class claim are the superior methods for handling Class Claims

"In determining whether a class action is the superior method of adjudicating a particular claim, the court must exercise its discretion and carefully 'consider the benefits and costs of class litigation.'" *In re Commonpoint Mortgage*, 283 B.R. at 479 (quoting *In re American Reserve Corp.,* 840 F.2d 487, 492 (7th Cir.1988)). In this case, because of the relatively low amount of recovery compared with the cost of litigation, many potential class members would be unlikely or unable to pursue claims against the Debtor, thus, making the filing of a class proof of claim optimal to protect their interests.

The class proof of claim mechanism promotes judicial economy and efficiency by eliminating the duplicative presentation of proofs, making it cost effective for individuals with small claims to have their day in court. Further, with only one proof of claim for the Class, Debtor would only be required to file one objection and deal with one group of counsel on these issues, conserving its limited resources. The Class claim also conserves resources of the Court, as the issue of the validity of the claim can be determined in one hearing, rather than thousands of hearings on each individual claim.

Absentee class members do not have a significant interest in controlling or prosecuting separate

actions. Individual class members cannot afford to prosecute separate actions; therefore, they do not have a significant interest in controlling this litigation. Further, Class Claimants' interests are aligned with absent class members' interests; thus, Class Claimants will adequately prosecute this action on their own behalf and on behalf of absent class members.

### 2.       The Benefits of a Civil Class Action Exist in the Bankruptcy Context as Well

An additional inquiry into the superiority requirement in the bankruptcy context is whether the benefits that generally support class certification in civil litigation are realizable in the bankruptcy case. *In re Commonpoint Mortgage Co.*, 283 B.R. at 479. "These benefits usually include efficiency of a class proof of claim, compensation to the injured parties, and deterrence of future wrongdoing by the debtor." *Id.* (internal quotation omitted).

#### a.       Efficiency of class proof of claim

As noted above, the submittal of one class proof of claim greatly increases the efficiency of the claims process relative to this group of claimants.  Rather than having to submit objections to thousands of claims and deal with counsel for thousands of claimants, Debtor will only need to file a single objection and deal with one group of counsel. Given Debtor's resources, this fact demonstrates that the class proof of claim is the most efficient.  Further, with only the validity of a class proof of claim to decide, the Court's resources are likewise conserved, enhancing the efficiency of the class proof of claim process.

#### b.  Compensation to injured parties

Even in bankruptcy, the class action mechanism is  useful because  "holders of contingent claims ... may not recognize their entitlement unless some champion appears." *In re American Reserve Corp.*, 840 F.2d at 489. For these potential claimants, "[e]ven though there is no fee to file claims in bankruptcy, the opportunity costs of the time needed to investigate and decide whether to file may be substantial." *Id. See In re United Companies Fin. Corp.*, 276 B.R. 368 (Bankr.D.Del.2002) (class action is superior method for adjudicating claims where many class members are unaware of their rights under state law and where small amount of any potential recovery renders prosecution of individual claims cost-prohibitive).
*In re Commonpoint Mortgage Co.*, 283 B.R. at 480.

Debtor's bar date notice may not have reached all cooperatives and their residents to inform them that they have a claim and that there is a deadline to prosecute the claim.    Given the relatively small amount of a single claim and the relatively high costs of acquiring counsel for this purpose, many potential class members may not submit claims because they are not sure if they have one.

#### c.       Deterrence of future wrongdoing

The fact that individual claimants may not bring actions, because of the great cost of litigation compared to the relatively small size of their claims, means that only a class action will be sufficient to deter similar wrongdoings in the future.

"It is possible, however, that 'the award of damages against a bankrupt will have exemplary effects for firms that are not yet bankrupt but may become so.' *In re American Reserve Corp.*, 840 F.2d at 491. Consequently, although it is somewhat speculative and not a major factor or consideration, if this court ultimately determines that CommonPoint is liable to the class, that

finding may conceivably deter other lenders from engaging in similar procedures and activities."
*In re Commonpoint Mortgage Co.*, 283 B.R. at 481.

Similarly, certifying the class action against the Debtor may deter others from engaging in similar actions.

### d.      Justice for Class Claimants

"The court must consider the interests of the potential class members themselves. The allegations in this case suggest that CommonPoint may have wronged several of its unsuspecting consumer customers.  Without access to the Closing Document, which was generated internally by CommonPoint employees, many of these borrowers are likely unaware of their potential claims against CommonPoint. Even if some borrowers suspect that they may have a claim against CommonPoint, it is probable that they will lack the resources and motivation necessary to pursue their claim in the normal bankruptcy setting. Thus, absent class certification in this case, most of these consumers will have no other meaningful opportunity to pursue their claims against CommonPoint.  Such a result would be unfair and unacceptable to this court."
*In re Commonpoint Mortgage Co.*, 283 B.R. at 481.

The analysis for this consideration is similar  to the analysis of compensation to injured parties, discussed above.  In addition, while alone, these  individual claimants have very small claims as compared to other creditors, certification of a class  of claimants provides them with a louder voice with respect to recoupment of moneys owed.

## CONCLUSION

For the foregoing reasons, Class Claimants respectfully request that the Court enter the attached proposed Order to apply Fed.R.Civ.P. 7023 to this matter, allow the filing of a class proof of claim by the Class Claimants, and for such other and further relief as this Court deems just.

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Class Claimants
P.O. Box T
Clinton, MI 49236
DATED: 2/25/2014                               (248) 677-1234
bbassel@gmail.com

Page 12 of 31

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

|  |  |
|---|---|
| City of Detroit | Case No. 13-53846-SWR |
|  | Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

## ORDER GRANTING CLAIMANTS' MOTION FOR APPLICATION OF FED.R.BANKR.P. 7023 AND FOR RELATED RELIEF

**THIS MATTER** having come before the Court on the above-captioned motion, there being no unresolved objections, and sufficient cause existing for the relief requested,

### NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion, as herein modified, is granted.

2. The Court directs, pursuant to Fed.R.Bankr.P. 9014, that Fed.R.Bankr.P. 7023 applies to this matter.

3. Pursuant to Fed.R.Bankr.P. 7023 and Fed.R.Civ.P. 23, the Court certifies the Class for purposes of entry of this Order.

4. Solely with respect to the Class and Class Claimants, the General Bar Date established in the "Order, Pursuant To Sections 105, 501 And 503 Of The Bankruptcy Code And Bankruptcy Rules 2002 And 3003(C), Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof" entered November 21, 2013 (ECF 1782) (the "Bar Date Order") shall be extended to permit the Class Claimants and the Class to file a class proof of claim or to amend the class proof of claim filed on 2.21.2014 against the Debtor through and including the earlier of (a) 4:00 p.m., Eastern Time, on May 21, 2014 or (b) ten days after entry of a final, nonappealable Order regarding certification of the class in LaSalle Town Houses Cooperative Association et al v. City of Detroit, Case No. 4:12-cv-13747 (E.D. Mich.), absent further Court Order. All other terms and conditions set forth in the Bar Date Order shall continue to govern.

5. Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative, are designated as representatives of the Class for bankruptcy court purposes. Pentiuk, Couvreur & Kobiljak, P.C is designated as Lead Class Counsel for the Class. Robert Bassel is designated as Liaison Counsel for the Class.

6. The Class Claimants are authorized to file the proof of claim which was filed on behalf of the Class on 2.21.2014 (as it may be amended from time to time, the "Claim"). Subject to the provisions of Paragraphs 7 and 8, such Claim shall be deemed to be an allowed claim for all purposes in these proceedings.

7. Nothing in this Order shall in any manner impair the right of such party in interest to object on

any grounds to the Class Claim or any future claims of the Class filed in this case, or otherwise act to waive or estop such party in interest with respect thereto, other than with respect to the propriety of filing of a class proof of claim.

8. Nothing in this Order shall be deemed to impair any rights of the Class, the Class Claimants or the individual Class members  to seek allowance of the Claim or any future claims at any time hereafter, after proper notice and a hearing, and nothing in this Order shall impair any party in interest's right to object to the same.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| City of Detroit | Case No. 13-53846-SWR |
| | Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

## NOTICE OF OPPORTUNITY TO RESPOND TO
## CLASS CLAIMANTS' MOTION FOR APPLICATION OF FED.R.BANKR.P. 7023
## AND FOR RELATED RELIEF

PLEASE TAKE NOTICE that the Class Claimants as defined in the underlying motion request application of Fed.R.Bankr.P. 7023 and related relief.

**YOUR RIGHTS MAY BE AFFECTED**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

The Motion is available for review at the office of the Clerk of the U.S. Bankruptcy Court for the Eastern District of Michigan, located at 211 W. Fort Street, Detroit, MI 48226, or may be obtained by sending a **written** request to Robert N. Bassel, Esq., at the address below.
If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the motion, within 14 days unless shorted by the Court, you or your attorney must:

1. Communicate with the Court regarding your response or an answer explaining your position, at:
United States Bankruptcy Court, 211 W. Fort Street, Detroit, MI 48226
You must also communicate your response to Robert N. Bassel, Esq. at the address stated below.
**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief requested in the motion.**

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Class Claimants
P.O. Box T
Clinton, MI 49236
DATED: 2/25/2014          (248) 677-1234
bbassel@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

      City of Detroit                      Case No. 13-53846-SWR
                                        Chapter 9
               Debtor.             Hon. Steven W. Rhodes
_____/

## PROOF OF SERVICE

The undersigned served, or caused to be served, copies of CLASS CLAIMANTS' MOTION FOR APPLICATION OF FED.R.BANKR.P. 7023 AND FOR RELATED RELIEF, Notice of Time to Respond and Proof of Service upon the counsel of record.

                                Respectfully submitted,
                                __/s/ Robert Bassel _____
                                ROBERT N. BASSEL (P48420)
                                Attorneys for Class Claimants
                                P.O. Box T
                                Clinton, MI 49236
DATED: 2/25/2014                   (248) 677-1234
                                bbassel@gmail.com

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN~VERSION 3.0 13 PLAN | **Proof of Claim** |
|---|---|

| Name of Debtor:<br>**City of Detroit** | Case Number:<br>**13-53846** | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Class Claimants (see attached)**

**COURT USE ONLY**

Name and address where notices should be sent:
**Robert Bassel, Attorney**
**POBox T**
**Clinton, MI 49236**
Telephone number: **248.677.1234**      email: **bbassel@gmail.com**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
**Randall Pentiuk, Attorney**
**2915 Biddle Ave Ste 200**
**Wyandotte, MI 48192**
Telephone number: **(734) 281-7100**      email: **rpentiuk@pck-law.com**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**      $ ___ see attached

If all or part of your claim is secured, complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** ___ see attached ___
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** _____ | **3a. Debtor may have scheduled account as:** _____ <br>(See instruction #3a ) | **3b. Uniform Claim Identifier (optional):** _____ <br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate:** ___0___ %  ☐ Fixed or  ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "**redacted**".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: **see attachment**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor. ■ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Robert Bassel (see attached)**
Title: **see attached**
Company:

**/s/ Robert Bassel (see attached)**

Address and telephone number (if different from notice address above):

(Signature)   (Date)

**POBox T**
**49236**

Telephone number: **248.677.1234**   email: **bbassel@gmail.com**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**CITY OF DETROIT**
**Case No. 13-53846**
**Attachment to Proof of Claim Filed by Class Claimants**

Class Claimants are parties to a class action lawsuit filed in the United States District Court for the Eastern District of Michigan, <u>Town Houses Cooperative Association et al v. City of Detroit</u>, Case No. 4:12-cv-13747 (the "Class Action") before Judge Gershwin Drain. Class Claimants seek class certification in the Class Action on behalf of the following (the "Class"):

> "All entities or individuals owning, or acting for owners of, buildings, apartment buildings, townhouses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the City of Detroit and/or the Detroit Water and Sewerage Department for water and sewerage and component services with the time period at least six years prior to the filing of this action through the date of final judgment or such longer amount of time as may be allowed by law."

On December 18, 2013, the Bankruptcy Court granted the Class Claimants relief from stay to, inter alia, "continue the prosecution of the class action" as indicated in paragraph 2 of the Court's Order. The Class Claimants are entitled to damages for the period in which the Debtor overcharged the Class, which would include at least the six years prior to the filing of the Class Action on August 23, 2012 through the present and going forward. The complaint in the Class Action seeks, among other things, "A Judgment of Money Damages to Plaintiffs and class members in an amount equal to the improperly paid commercial rates as described in the Complaint, or in the alternative, credits to Plaintiffs' accounts." The complaint asserts 4 Counts which follow: COUNT I VIOLATION OF EQUAL PROTECTION - COMMERCIAL RATE CHARGES; COUNT II – RESTITUTION/ASSUMPSIT; COUNT III- ACCOUNTING AND ESCROW; and COUNT IV - INJUNCTIVE RELIEF

The Class members have not yet been definitively identified, however, the number of class members, though not known specifically, is sufficient to meet the numerosity requirement under the applicable rules for purposes of class certification

Supporting Documentation. A copy of the class action complaint is attached. Supporting documentation is available, however, it is voluminous and thus not attached. The documentation includes, but is not limited to, the following: (i) the Class Action complaint and attachments, as may be amended; (ii) the papers and pleadings filed in the Class Action and any evidence submitted therein; and (iii) discovery in the Class Action. The Debtor has copies of all of these documents. Copies are available upon request.

The Class Claim is currently unliquidated because, among other things: (1) discovery in the Class Action is ongoing and was stayed before the identification of any tangible water rate(s) to derive a specific damages amount; (2) discovery responses that were produced by the Detroit Water and Sewer Department suggest that commercial and residential rate charges (and the crucial difference between the two) are the products of a complex formula or algorithm; (3) the specifics and calculations processes have been so far withheld from Class Claimants by Debtor; and (4) discovery of Debtor's witnesses capable of testifying concerning the above was stayed. The filing of this proof of claim

is not intended as a waiver of the rights of the Class Claimants, all of which are expressly preserved.

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Class Claimants
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

DATED: 2/21/2014

/s/ _____
Randall A. Pentiuk—P32556
Kerry L, Morgan, P32645
Attorneys for Class Claimants
Pentiuk Couvreur & Kobiljak PC
2915 Biddle Ave Ste 200
Wyandotte, MI  48192
Phone: (734) 281-7100
Fax: (734) 281-7102
e-Mail: rpentiuk@pck-law.com

VERIFICATION

I am a member of the Class Claimants and a representative of the prospective class with respect to the Class Action.  A copy of the Class Action complaint is attached.

**Verified under penalty of perjury**

/s/ Samuel J. Magar
Samuel J. Magar on behalf of, inter alia,  the Class Claimants and  Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., and Joliet Town Houses Cooperative Association,
MAGAR & COMPANY
22100 Woodward Avenue
Ferndale, MI  48220
(248) 298-2775 x114
sam@magarcompany.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC., a
Domestic Nonprofit Corporation, and JOLIET
TOWN HOUSES COOPERATIVE ASSOCIATION,
a Domestic Nonprofit Corporation, ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
individually and on behalf of all similarly situated entities,

|  |  |
|---|---|
| Plaintiffs, | **CLASS ACTION** |
| v. | Case No.<br>HON. |
| CITY OF DETROIT, acting through its<br>DETROIT WATER AND SEWERAGE<br>DEPARTMENT, | |
| Defendant. | |

| | |
|---|---|
| **PENTIUK, COUVREUR & KOBILJAK, P.C.**<br>By: Randall A. Pentiuk (P32556)<br>And: Kerry L. Morgan (P32645)<br>**Attorneys for Plaintiffs**<br>2915 Biddle Avenue, Suite 200<br>Wyandotte, MI 48192<br>(734) 281-7100<br>RPentiuk@pck-law.com<br>KMorgan@pck-law.com | |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION,

a Domestic Nonprofit Corporation, NICOLET TOWN HOUSES COOPERATIVE

ASSOCIATION, a Domestic Nonprofit Corporation, LAFAYETTE TOWN HOUSES, INC., a

*Left margin (rotated):* PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

Domestic Nonprofit Corporation, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, a Domestic Nonprofit Corporation, and ST. JAMES COOPERATIVE, a Domestic Nonprofit Corporation, individually and on behalf of all similarly situated entities, by and through their Attorneys, PENTIUK, COUVREUR & KOBILJAK, P.C., and for their Complaint, states as follows:

## INTRODUCTION

1. This action is brought on behalf of a class of all persons and entities whom and which own dwellings or buildings with multiple units that are utilized for residential purposes or other entities that pay water and sewerage utility charges for such dwellings/buildings, such as, but not limited to apartment buildings, cooperatives, town houses and condominiums whom and which have been charged improper or commercial rates by the Detroit Water and Sewerage Department (hereinafter "DWSD"). A prior 2009 similar action was filed in *Village Center v City of Detroit*, 2:07-cv-12963.

2. DWSD is the entity designated under law that provides water and sewerage to its residents which include the Plaintiffs and others similarly situated.

3. For many years continuing through the date of filing this Complaint, Defendant has been charging Plaintiffs' residents, and upon information and belief others similarly situated, at a commercial rate rather than a residential rate. See Exhibit 1, LaSalle; Exhibit 2, Nicolet; Exhibit 3, Lafayette; Exhibit 4, Joliet; and Exhibit 5, St. James.

4. Upon information and belief, waste water discharged in the City of Detroit is treated by the DWSD pursuant to an agreement with the City of Detroit and DWSD.

2

## JURISDICTION AND PARTIES

5.      This Court has jurisdiction as per 28 USC 1331 and venue is proper under 28 USC 1391(b).

6.      Plaintiff, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to LaSalle Town Houses Cooperative Association.

7.      Plaintiff, NICOLET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Nicolet Town Houses Cooperative Association.

8.      Plaintiff, LAFAYETTE TOWN HOUSES, INC., is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Lafayette Town Houses, Inc.

9.      Plaintiff, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Joliet Town Houses Cooperative Association.

10.     Plaintiff, ST. JAMES COOPERATIVE, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to St. James Cooperative.

11.     The Defendant, CITY OF DETROIT and the DETROIT WATER AND SEWERAGE DEPARTMENT, are located in Wayne County, Michigan.

3

## CLASS ALLEGATIONS

12.   Plaintiffs incorporate paragraphs 1 through 11 as if more fully set forth herein.

13.   All Plaintiffs and class members have suffered and continue to suffer similar harm

due to being charged improper water rates and/or being charged at a commercial rate rather than a

residential rate.

14.   Class Definition: Plaintiffs seek to certify the following class.

> All entities or individuals owning, or acting for owners of,
> buildings, apartment buildings, town houses, housing cooperatives
> and condominiums with multiple units and utilized for residential
> purposes whom and which have been charged at a commercial rate
> by the DWSD which DWSD has not previously adjusted based on
> prior litigation for the time period of at least six years prior to
> filing the instant complaint through the date of final judgment, or
> such longer amount of time as may be allowed by law.

15.   Numerosity. The proposed class is so numerous that joinder of all members is

impracticable. While the exact number of class members is not now known, the Plaintiffs believe

the class number is significant and may be readily identified from Defendant's records.

16.   Commonality. There are questions of law or fact common to the members of the

class that predominate over questions affecting only individual members.

17.   Among the questions of law or fact common to the class are the following:

a)   Whether the commercial rate being charged bears a reasonable relation to

the use of the utilities by the residential class and the services provided by

the DWSD.

b)   Are all persons of the same class included and affected alike, or are

immunities or privileges extended to an arbitrary or unreasonable class

4

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

while denied to others of like kind?

      c)    Does any ordinance, statute, court order or law prohibit and preclude the commercial rate to be assessed to Plaintiffs and those similarly situated?

18.    Typicality. The harm suffered by named Plaintiffs is typical of the harm suffered by other class members as to the rate, differing only in amount. Accordingly, the claims of Plaintiffs are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendant to the class members in general. Thus, they properly form the basis for class treatment in this case.

19.    Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant, to wit: Plaintiffs should be charged at residential and not commercial rates.

20.    Adequacy of Representation. The represented parties will fairly and adequately assert and protect the interest of the class. The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

21.    Plaintiffs' counsel will also fairly and adequately represent the interest of the class. The law firm of Pentiuk, Couvreur & Kobiljak, P.C., is well versed in the facts and the substantive law underlying the Plaintiffs' claims.

22.    This class action is maintainable under Federal Rule of Civil Procedure 23(b)(1)(A)(B), (2) and (3).

23.    The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

5

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

a) The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b) Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24. The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, Defendant continues to charge an improper commercial rate as more fully described in this Complaint, despite prior litigation in connection with non-party entities.

25. The questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

26. The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions.

27. In view of the complexity of the issues and expense of the litigation the separate claims of individual class members are insufficient in amount to support separate actions.

6

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

28. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

29. Plaintiffs are aware that potential members of the proposed class may have been parties to similar litigation in *Village Center v City of Detroit*, USDC #2:07-cv-12963 (2009). It may be that some Plaintiffs or potential class members' remedies in part are extinguished or modified by the Final Order in that case. Yet, since the conclusion of that case, it appears from Exhibits 1 - 5 that Plaintiffs were not accorded permanent relief and that the instant suit is required.

30. The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual basis for the Plaintiffs' claims are the same as for the claims of all class members. The only difference between individual claims is the severity of the damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases turning on the same question of law and fact. The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendant the burden of defending multiple suits.

## COUNT I
## VIOLATION OF EQUAL PROTECTION -
## COMMERCIAL RATE CHARGES

31. Plaintiff incorporates paragraphs 1 through 30 as if more fully set forth herein.

32. The charging of residential units at commercial rates is a Constitutionally improper

7

classification and in violation of the State and Federal guarantees of equal protection (Mich Constitution 1963, Article 1, Section 2; U.S. Constitution Article 14, Section 1).

33. DWSD does not incur any greater expense in the sewage that flows from multiple residential dwellings than single family dwellings.

34. DWSD does not incur any greater expense in providing water/sewage service to multiple residential dwellings than it does other residential properties.

35. Multiple residential dwellings that are charged the higher commercial rate are placed at a financial disadvantage compared with single family dwellings charged the lower residential rates.

36. Defendant does not incur any greater expense per unit in controlling sewage for multiple dwellings than it does in controlling waste or sewage from single family dwellings.

37. There is no natural distinguishing characteristic bearing a reasonable relationship to the object of the classification which results in multiple dwellings paying a higher commercial rate and single family dwellings paying a lower residential rate.

38. There is no natural distinguishing characteristic of increased expense for controlling waste/sewage of multiple dwellings as compared to the like class of excluded properties.

39. Single family dwellings are granted an immunity from paying a higher commercial rate while multiple dwellings are denied such a benefit.

40. Plaintiffs' equal protection rights as well as the rights of others similarly situated have been violated by Defendant and as a result have incurred monetary damages.

8

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## COUNT II - RESTITUTION/ASSUMPSIT

41.     Plaintiffs incorporate paragraphs 1 through 40 as if more fully set forth herein.

42.     For years Defendant has been charging the higher commercial rate to Plaintiffs and those similarly situated for services continuously provided by it which charges are not authorized by the Orders of this Court in 2:07-cv-12963, or the contract they have with DWSD.

43.     Water and sewer bills per Michigan State Laws and Detroit's own Municipal Ordinance are liens against properties that receive such services until paid.

44.     Michigan law provides that an assumpsit action – an action to recover damages for a breach of promise, may be maintained against a municipality and/or its divisions without regard to governmental immunity when restitution is being sought for illegal or inappropriate assessment.

45.     Plaintiffs seek a Court order ordering the cession of such illegal or inappropriate charges that are paid and restitution paid back to such time as is applicable under the relevant Statute of Limitations.

## COUNT III – ACCOUNTING AND ESCROW

46.     Plaintiffs incorporate paragraphs 1 through 45 as if more fully set forth herein.

47.     Members of the class continue to accrue damages daily to the extent that they are still being charged commercial rates.

48.     Plaintiffs request this Honorable Court require Defendant to show cause why the commercial rates to the proposed class members should be subject to an accounting and not be paid into escrow with the Court during the pendency of the action.

9

49.    Plaintiffs incorporate paragraphs 1 through 48 as if more fully set forth herein.

50.    Plaintiffs seek injunctive relief enjoining Defendant, its agents, employees and those persons in active concert and/or participation with charging residential multi-units commercial rates.

WHEREFORE, Plaintiffs, on their own and on behalf of those similarly situated, pray for the following relief;

A.    An Order certifying the Plaintiffs' class and appointing Plaintiffs and their counsel to represent the class.

B.    A Judgment of Money Damages to Plaintiffs and class members in an amount equal to the improperly paid commercial rates as described in the Complaint, or in the alternative, credits to Plaintiffs' accounts.

C.    Injunctive relief as requested in Count IV of the Complaint.

D.    An award of reasonable attorney fees and costs.

E.    An incentive fee award to named Plaintiffs.

F.    Such other and different relief as is just and equitable.

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

10

G. A declaration that Defendants have not fully complied with the prior orders of this

Court.

<div style="margin-left: 40%;">

Respectfully submitted,

PENTIUK, COUVREUR & KOBILJAK, P.C.

By: /s/ Randall A. Pentiuk
    Randall A. Pentiuk (P32556)
    Kerry L. Morgan (P32645)
    Attorney for Plaintiffs
    2915 Biddle Avenue, Suite 200
    Wyandotte, MI 48192
    (734) 281-7100
    RPentiuk@pck-law.com
    KMorgan@pck-law.com

</div>

Dated: August 23, 2012.
Z:\2-G-L Clients\LaSalle DWSD Class Action\Class Action Complaint June 26 2012.doc

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

11