IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**LIMITED OBJECTION OF ASSURED GUARANTY MUNICIPAL CORP. TO APPLICATIONS TO EMPLOY COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"),[1] a creditor and party in interest in the chapter 9 case of the City of Detroit, Michigan (the "City"), hereby files this limited objection (the "Limited Objection") to (a) the Application for Approval of the Employment of Steinberg Shapiro & Clark ("SSC"), as Co-Counsel for the Committee of Unsecured Creditors of the City of Detroit, Michigan (the "Committee") *Nunc Pro Tunc* To January 22, 2014 [Docket No. 2685] (the "SSC Application") and (b) the Application Pursuant to Bankruptcy Code Sections 901 and 1103, Bankruptcy Rule 2014, and Local Rule 2014-1 For Entry of an Order Authorizing the Retention and Employment of Morrison & Foerster LLP ("Morrison & Foerster" and, together

---

[1] Assured is a monoline insurer that provides financial guarantees to the U.S. public finance market. Assured and its affiliates insure or reinsure approximately $2.24 billion in gross aggregate principal amount of outstanding bonds issued by the City, including water supply system bonds, sewage disposal system bonds, and unlimited tax general obligation bonds.

with SSC, "Proposed Committee Counsel") as Attorneys to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to January 22, 2014 [Docket No. 2686] (the "Morrison & Foerster Application" and, together with the SSC Application, the "Applications"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Through the Applications, the Committee seeks to employee Proposed Committee Counsel as its bankruptcy counsel in connection with the commencement and prosecution of the City's chapter 9 case and all related matters *nunc pro tunc* to January 22, 2014.[2]

2. In the Applications, the Committee has represented that Proposed Committee Counsel intends to "apply for compensation" for professional services it renders in connection with the above-captioned chapter 9 case. *See* SSC Application, at ¶ 7 ("The Committee understands that SSC will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with *inter alia*, sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules, and orders of this Court, for all services rendered and expenses incurred."); Morrison & Foerster Application, at ¶ 15 ("Morrison & Foerster intends to apply for compensation for professional

---

[2] Presumably the Applications will be moot if this Court grants the Motion of Debtor for Entry of an Order Vacating the Appointment of Official Committee of Unsecured Creditors (the "Disband Motion") [Docket No. 2626].

services rendered in connection with the chapter 9 case, subject to the approval of this Court and compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Morrison & Foerster.").

3. In order to avoid the substantial financial burden that Proposed Committee Counsel's professional fees and expenses would place on the City, to the detriment to the City, its residents and its creditors, this Court should enter an order denying the Applications to the extent they would allow Proposed Committee Counsel to apply for compensation for professional services from the City.

## BACKGROUND

4. On July 18, 2013, the City filed a voluntary petition for the adjustment of debt under chapter 9 of the Bankruptcy Code.

5. On December 23, 2013, the United States Trustee appointed the Committee.

6. On July 31, 2014, the City filed the Disband Motion.

7. The Committee filed an objection to the Disband Motion on February 14, 2014 (the "Committee Objection"). The Committee also filed the Applications on February 14, 2014.

8. The City filed a reply in support of the Disband Motion on February 18, 2014 (the "City Reply").

9. A hearing on the Disband Motion was held on February 19, 2014 (the "Hearing").

10. The Committee filed a supplemental brief to issues raised at the Hearing on February 24, 2014 (the "Committee Brief").

11. The Court issued an order striking the supplemental brief on February 25, 2014 (the "Striking Order").

12. This Court has not yet issued a ruling on the Disband Motion.

## LIMITED OBJECTION

**I. The City Cannot Be Required to Pay Proposed Committee Counsel's Professional Fees and Costs Because Chapter 9 Does Not Incorporate Section 330 of the Bankruptcy Code**

13. The City cannot be compelled to pay Proposed Committee Counsel's professional fees and costs. Section 330 of the Bankruptcy Code is unambiguously inapplicable in a case, such as this, that is pending under chapter 9 of the Bankruptcy Code. However, section 330 is the only section of the Bankruptcy Code that can compel a debtor to pay the professional fees incurred by an official committee of unsecured creditors. Accordingly, the City may not be compelled to pay fees and costs charged or incurred by Proposed Committee Counsel.

4

### A. Section 330 of the Bankruptcy Code Does Not Apply in Chapter 9

14. According to the plain and unambiguous language of section 901 of the Bankruptcy Code, section 330 of the Bankruptcy Code does not apply in a chapter 9 bankruptcy case. Where the text of a statute is unambiguous, it should be interpreted according to its plain meaning. *See U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"). This court should therefore find that section 330 of the Bankruptcy Code is inapplicable in this case.

15. Under most chapters of the bankruptcy code, section 330 of the Bankruptcy Code governs the compensation of professionals retained by an official committee of unsecured creditors. *See* 11 U.S.C. §§ 327, 330, 1103. Specifically, section 330 is made applicable to a case pending under any of chapters 7, 11, 12, or 13 of the Bankruptcy Code by operation of section 103(a) of the Bankruptcy Code. *See* 11 U.S.C. §§ 103(a) ("chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title . . . .").

16. Cases under chapter 9, however, are structured differently because of the unique constitutional limitations that arise in municipal bankruptcies. Rather than adopting the provisions of other Bankruptcy Code chapters in an omnibus

5

13-53846-tjt    Doc 2775    Filed 02/28/14    Entered 02/28/14 12:39:02    Page 5 of 13

fashion, chapter 9 is carefully tailored and contains a comprehensive list of all sections of the Bankruptcy Code that apply in chapter 9 cases. *See* 11 U.S.C. § 901. Section 330 is absent from that list and therefore does not apply. *See* 11 U.S.C. § 901.

17. Unsurprisingly, given the unambiguous language of section 901, courts addressing the issue have overwhelmingly held that section 330 does not apply in chapter 9 cases.[3] *See, e.g.*, *In re Cnty. Of Orange*, 241 B.R. 212, 216 (Bankr. C.D. Cal. 1999) ("Because [section 901] excludes [section] 330 from the list of statutes applicable to chapter 9 cases, it [did] not apply [in the chapter 9 case before the court]"); *In re Sanitary & Improvement Dist. No. 7 of Lancaster County, Neb.*, 96 B.R. 966, 967 (Bankr. D. Neb. 1989) ("Section 901 of the Code does not incorporate [s]ections 327-331, which are the professional compensation statutes.").

18. Although the plain language of the statute is conclusive, all canons of statutory construction also lead to the conclusion that section 330 is applicable in a case under chapter 9. As this Sixth Circuit has noted, "[i]n interpreting

---

[3] The Committee has previously argued that two cases, *In re Castle Pines North Metro. Dist.*, 129 B.R. 233 (Bankr. D. Colo. 1991) and an unreported order from the case of *In re Pauls Valley Hosp. Auth.*, No. 13-10791 (Bankr. W.D. Okla. July 18, 2013), support the proposition that section 330 does apply in chapter 9 cases. In addition to the majority of cases supporting the opposite proposition, one court has expressly rejected the decision in *In re Castle Pines*. *See In re East Shoshone Hosp. Dist.*, 226 B.R. 430, 431 n.2 (Bankr. D. Idaho 1998) ("I therefore respectfully disagree with that portion of [*In re Castle Pines*] which, to me, parse § 901(b) too finely in order to bring § 330 within § 901(a).")

6

[Congressional] silence, we keep in mind the statutory canon *expressio[] unius est exclusio alterius* ('the expression of one thing is to the exclusion of the other.')." *Nat'l Truck Equip. Ass'n v. Nat'l Highway Traffic Safety Admin.*, 972 F.2d 669, 674 (6th Cir. 1992) (citing *Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 188 (1978); *Nat'l Railroad Passenger Corp. v. Nat'l Ass'n of Railroad Passengers*, 414 U.S. 453, 458 (1974)) (emphasis in original). Thus, Congress's decision to list 78 specific provisions of the Bankruptcy Code that apply in a case under chapter 9 without ever mentioning section 330 requires the conclusion that section 330 does not apply in chapter 9 cases.

19. Indeed, "[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *In re New Haven Projects Ltd. Liab. Co.*, 225 F.3d 283, 288 (2d Cir. 2000) (citing *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994)). Had Congress intended to apply section 330 to cases under chapter 9—as it did with cases under all other chapters of the Bankruptcy Code save for chapter 15—it could readily have done so. Congress did not. Accordingly, section 330 is inapplicable to this case.

  B. The City Cannot Be Compelled to Pay the
    <u>Professional Fees and Expenses of Proposed Committee Counsel</u>

20. Without access to section 330 of the Bankruptcy Code, the Committee cannot compel the City to pay the professional fees and expenses of Proposed

7

Committee Counsel. Section 330 provides the only basis to compel a debtor to involuntarily pay the fees and expenses of an official committee of unsecured creditors' professionals.[4] As the leading bankruptcy treatise stated succinctly:

> Absent the debtor's consent, there is nothing in chapter 9 that automatically requires a debtor to pay the fees and costs of an official committee, professionals employed by the committee or professionals employed by members of an official committee. Sections 328 through 331 are not incorporated in chapter 9.

6 Collier on Bankruptcy ¶ 901.04[13] (16th ed.). Consequently, even if this Court were inclined to permit the Committee to retain counsel, it is neither required nor permitted to compel the City to pay for the fees and expenses of the Committee's professionals.

21. Other courts facing similar requests by an official committee of unsecured creditors on an application to employ counsel and for counsel's fees and expenses to be paid by a chapter 9 debtor have reached precisely this conclusion. For example, when faced with such a request in the chapter 9 case of the City of Prichard, Alabama, the Alabama Bankruptcy Court for the Southern District granted the application to employ counsel but denied the request for counsel's fees and expenses to be paid by the chapter 9 debtor. *See Official Comm. of Unsecured Creditors v. City of Prichard, Ala.* (*In re City of Prichard, Ala.*), No. 10-00012,

---

[4] Indeed, sections 903 and 904 reserve a municipal debtor's right to control its expenditures and therefore prohibit a bankruptcy court from entering an order requiring a municipal debtor to pay the fees and expenses of an official committee of unsecured creditor's professionals without a municipal debtor's consent. *See* 11 U.S.C. §§ 903, 904.

8

2010 WL 2383984 (S.D. Ala. June 9, 2010). Accordingly, this Court should deny the Applications to the extent they seek permission for Proposed Committee Counsel to apply for compensation for professional fees and expenses from the City.[5]

## II. Incurring Proposed Committee Counsel's Fees and Expenses is Unnecessary

22. Although section 330 does not apply in this case, its requirement in other contexts that professional compensation should be necessary and beneficial to the completion of the case is instructive and suggests that Proposed Committee Counsel should not be permitted to apply for compensation from the City.

23. Under section 330 of the Bankruptcy Code, compensation of an official committee's professional's fees and expenses is not unlimited:

> In determining the amount of ***reasonable compensation*** to be awarded to . . . [a] professional person [including the attorneys for an official committee of unsecured creditors], the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including . . . (C) whether the services were ***necessary to the administration of***, ***or beneficial*** at the time at which the service was rendered toward the completion of, a case under this title . . . .

11 U.S.C. § 330(a)(3) (emphasis added).

---

[5] For the avoidance of future litigation and uncertainty, the issue of payment must be decided here, upon consideration of the Applications, because the applications explicitly state that Proposed Committee Counsel intend to apply for compensation for professional services.

A.  Unsecured Creditors are Already Adequately Represented

24. In this case, the unsecured creditors that would be represented by the Committee are already adequately represented by sophisticated counsel. The Committee is composed of Financial Guaranty Insurance Company, the General Retirement System of the City of Detroit, the Police and Fire Retirement System of the City of Detroit, Wilmington Trust Company, and Jessie Payne. Appointment of Committee of Unsecured Creditors, *In re City of Detroit*, No. 13-53846, Docket No. 2290, (Bankr. E.D. Mich. Dec. 23, 2013). Each of these parties is represented by counsel[6] and has actively participated in the City's bankruptcy case.[7]

25. Indeed, the overwhelming majority of unsecured creditors are already represented. As the City explained during the Hearing, "this is not a case where Dcreditors are unrepresented . . . 98% or maybe more of unsecured creditors by dollar are [already] represented in this case and [the City has] been in discussions

---

[6] Financial Guaranty Insurance Company is represented by Weil Gotshal & Manges LLP; the General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit are represented by Clark Hill PLC; Wilmington Trust Company, is represented by Foster Swift Collins & Smith PC and Drinker Biddle & Reath LLP; and Jessie Payne is represented by Simon, Stella & Zingas, P.C.

[7] *See, e.g.,* Objection of Financial Guaranty Insurance Company to Motion of Debtor for Entry of an Order (i) Authorizing the Assumption of That Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(A) of the Bankruptcy Code, (ii) Approving Such Agreement Pursuant to Rule 9019, and (iii) Granting Related Relief, *In re City of Detroit,* No. 13-53846, Docket No. 360, (Bankr. E.D. Mich. Aug. 16, 2013); Limited Objection of the Detroit Retirement Systems to Motion of Debtor, Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order Directing the Appointment of a Committee of Retired Employees, *In re City of Detroit,* No. 13-53846, Docket No. 226, (Bankr. E.D. Mich. July 31, 2013).

with them." Hr'g Tr. at 8:6-9 (Feb. 19, 2014). By the U.S. Trustee's own admission, only tort claimants, trade claimants, and other litigation claimants are not currently represented by counsel. Hr'g Tr. at 21:22 to 22:8 (Feb. 19, 2014). However, none of the members of the Committee represent those constituencies. Consequently, this Court recently questioned how the "[C]ommittee, all of whom are already represented in the case, will represent the interests of trade creditors?" Hr'g Tr. at 22:9-11 (Feb. 19, 2014). Because of the Committee members' active involvement in the case to date and the Court's own doubts regarding the Committee's ability to represent the interest of those few creditors that are not already represented by counsel in this case, it is highly doubtful that the Committee will add value to the City's bankruptcy case. Furthermore, it is questionable whether there is a need for any representation of trade creditors in the City's bankruptcy case because the City has continued to pay its trade creditors and trade creditors would not be impaired under the form of plan of adjustment filed by the City on February 21, 2014.

B.  The Committee Will Not Add Value to this Case

26.  On numerous occasions during the Hearing, the Committee failed to articulate any value that the Committee (and, by extension, the services of Proposed Committee Counsel) will add to the completion of the City's bankruptcy case. *See, e.g.,* Hr'g Tr. at 25:21 to 28:12, 30:12 to 31:19, 32:16 to 33:7 (Feb. 19,

11

2014).  Nevertheless, the Committee has attempted to argue (before the Court issued the Striking Order) that its participation in this case will meaningfully reduce the amount of fees and expenses incurred by the City by reducing the amount of time it takes to resolve the mediation and plan of adjustment process. *See* Committee Brief, at ¶¶ 10-11.  This argument has two glaring flaws.

27. First, as any repeat participant in multi-sided negotiations can attest, adding additional parties to a dispute rarely, if ever, results in a swifter conclusion of negotiations.  Here, the Committee's alleged ability to shorten negotiations is premised on the Proposed Committee Counsel "acting as a bridge builder between the creditor groups in the mediation."  *See* Committee Brief, at ¶ 15.  However, given the strong parochial interests of the individual Committee members, it is doubtful that the Committee can actually expedite the consensus building process.

28. Second, even if Proposed Committee Counsel's participation in the case could theoretically speed negotiations, additional speed would only bring an economic benefit to the City and its creditors if it could completely offset the additional fees and expenses that the Committee's professionals will charge the City.  There is no indication that any hypothetical expedition of the negotiation process brought about by the Committee's participation would meet that significant hurdle.

29. In short, the Committee has not demonstrated that it and, by extension, Proposed Committee Counsel, will add any value to this case. Accordingly, Proposed Committee Counsel should not be permitted to apply for compensation for professional fees and expenses in this case.

## CONCLUSION

WHEREFORE, Assured respectfully requests that the Court enter an order: (a) denying the Applications to the extent set forth herein; (b) prohibiting Proposed Committee Counsel from applying for compensation for their professional fees and costs for services rendered to the Committee in this case, and (c) granting Assured such other and further relief as may be just and proper.

Dated: New York, New York
       February 28, 2013      **CHADBOURNE & PARKE LLP**

                                              By: /s/ Lawrence A. Larose
                                              Lawrence A. Larose
                                              Samuel S. Kohn
                                              30 Rockefeller Plaza
                                              New York, NY 10012
                                              Telephone: (212) 408-5100
                                              llarose@chadbourne.com
                                              skohn@chadbourne.com

                                              *Attorneys for Assured Guaranty Municipal Corp.*