UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                :
In re                           :    Chapter 9
                                :
CITY OF DETROIT, MICHIGAN,      :    Case No. 13-53846
                                :
                Debtor.         :    Hon. Steven W. Rhodes
                                :
                                :
---------------------------------------------------------x

# LIMITED OBJECTION OF DEBTOR TO APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF STEINBERG SHAPIRO & CLARK, AS CO-COUNSEL FOR THE COMMITTEE OF UNSECURED CREDITORS OF THE CITY OF DETROIT, MICHIGAN *NUNC PRO TUNC* TO JANUARY 22, 2014

The City of Detroit, Michigan (the "City"), as the debtor in the

above-captioned case, hereby asserts this limited objection (this "Objection") to the

Application for Approval of the Employment of Steinberg Shapiro & Clark, as

Co-Counsel for the Committee of Unsecured Creditors of the City of Detroit,

Michigan *Nunc Pro Tunc* to January 22, 2014 (Docket No. 2685)

(the "Application") filed by the Official Committee of Unsecured Creditors

appointed in the City's chapter 9 case (the "Creditors' Committee").[1] In support of this Objection, the City respectfully represents as follows:

**Limited Objection**

1. In the event that the Court denies the Motion to Disband, the City does not object *per se* to the Creditors' Committee's retention of Steinberg Shapiro & Clark ("SSC") as co-counsel to the Creditors' Committee. However, the City files this Objection to raise two important points with respect to SSC's compensation. As set forth in more detail below, the City has not agreed (and does not agree) to pay any fees or expenses incurred by SSC, and title 11 of the United States Code (the "Bankruptcy Code") does not provide a basis to require the City to compensate SSC. Similarly, SSC may not apply to the Court for compensation of professional services rendered to the Creditors' Committee or reimbursement of expenses incurred in connection therewith.

*SSC May Not Charge Its Fees and Expenses to the City*

2. The City has not agreed — and does not agree — to pay any fees or expenses incurred by the Creditors' Committee, including any professional

---

[1] On January 31, 2014, the City filed a motion to vacate the appointment of the Creditors' Committee (Docket No. 2626) (the "Motion to Disband"). A hearing on the Motion to Disband was held on February 19, 2014, at the conclusion of which the matter was taken under advisement by the Court. As of the filing of this Objection, the Court has yet to rule on the Motion to Disband.

fees or expenses incurred by SSC. Absent the City's consent, the Bankruptcy Code provides no basis on which to require the City to pay the fees and expenses incurred by the Creditors' Committee or its professionals or members. See 6 Collier on Bankruptcy ¶ 901.04[13] (16th ed.) (stating that "[a]bsent the debtor's consent, there is nothing in chapter 9 that automatically requires a debtor to pay the fees and costs of an official committee, professionals employed by the committee or professionals employed by members of an official committee").

3. In particular, sections 326 through 331 of the Bankruptcy Code (i.e., the provisions governing professional compensation) do not apply in chapter 9. See 11 U.S.C. § 901(a); In re Cnty. of Orange, 241 B.R. 212, 216 (Bankr. C.D. Cal. 1999) ("Section 901 lists a number of sections which apply to chapter 9 cases, including several sections in chapter 3, but § 330 from chapter 3 is not among them. Because the statute excludes § 330 from the list of statutes applicable to chapter 9 cases, it does not apply here."); In re E. Shoshone Hosp. Dist., 226 B.R. 430, 431 (Bankr. D. Idaho 1998) (noting that sections 327, 328, 330 and 331 of the Bankruptcy Code are not incorporated in chapter 9); In re Sanitary & Improvement Dist. No. 7 of Lancaster Cnty., Neb., 96 B.R. 966 (Bankr. D. Neb. 1989) (finding that the court had "no power to rule upon the appropriateness of the use of bond funds for payment of administrative expenses on an interim basis. Section 901 of the Code does not incorporate

Sections 327-331, which are the professional compensation statutes. Section 903 precludes this Court from exercising any control over the expenditures of a municipality. Section 904 precludes this Court from interfering with the property of debtor or the exercise of its governmental powers."); 6 Collier on Bankruptcy ¶ 901.04[13] (16th ed.) (noting that "[s]ections 328 through 331 [of the Bankruptcy Code] are not incorporated in chapter 9").[2]

    4.    As such, the City cannot be required to pay SSC's fees and expenses.[3] See In re City of Prichard, Ala., No. 09-15000 (Bankr. S.D. Ala.) (Docket No. 98) (denying request of unsecured creditors' committee that court require chapter 9 debtor to pay committee counsel's fees and expenses), appeal denied Official Comm. of Unsecured Creditors v. City of Prichard, Ala. (In re City of Prichard, Ala.), No. 10-00012, 2010 WL 2383984 (S.D. Ala. June 9, 2010). It is likewise inappropriate for SSC to seek inclusion in the fee review process established by the Court's Fee Review Order (Docket No. 810) (the "Fee Review Order"), which covers only those professionals whose fees and expenses the City

---

[2]   See also 11 U.S.C. § 904 ("Notwithstanding any power of the court, unless the debtor consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—(1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the debtor's use or enjoyment of any income-producing property.").

[3]   Thus, SSC should plan to seek payment of its fees and expenses from its client, the Creditors' Committee.

has expressly agreed to pay.  See Application at ¶ 10 ("SSC and MoFo intend to seek inclusion in the Court's September 11, 2013 'Fee Review Order' [Docket No. 810] and avail themselves of the procedures set forth in that Order.").

*The Filing of Fee Applications is Not Appropriate in This Case*

5. The Application provides that, if granted, SSC will file fee applications with the Court.  See Application at ¶ 8 ("The Committee understands that SSC will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with *inter alia*, sections 330 and 331 of the Bankruptcy Code…"); id. at ¶ 10 ("No compensation will be paid to SCC except upon application to and approval by the Bankruptcy Court after notice and hearing as required by law unless otherwise ordered by this Court…").  However, because sections 330 and 331 of the Bankruptcy Code do not apply in chapter 9, SSC cannot file fee applications under these provisions.[4]

6. Thus, in the event that the Motion to Disband is denied, any order granting the Application should be clear that (a) the City is not thereby

---

[4] If the Creditors' Committee finds a source of payment for its professional fees other than the City (e.g., the members of the Creditors' Committee), SSC would not have to file fee applications to be paid.  And even if the City were to agree to pay the professional fees incurred by the Creditors' Committee (which the City has no plans to do), the City anticipates that SSC's compensation would be subject to the process set forth in the Fee Review Order, which does not contemplate that professionals subject thereto will file fee applications.

required to pay the fees and expenses incurred by SSC, (b) SSC will not file fee applications with the Court and (c) SSC will not seek to be compensated pursuant to the Fee Review Order.

WHEREFORE, the City respectfully requests that this Court: (a) enter an order either denying the Application or granting the Application consistent with the terms hereof; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: February 28, 2014   Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# **CERTIFICATE OF SERVICE**

      I, Heather Lennox, hereby certify that the foregoing Limited Objection of Debtor to Application for Approval of the Employment of Steinberg Shapiro & Clark, as Co-Counsel for the Committee of Unsecured Creditors of the City of Detroit, Michigan *Nunc Pro Tunc* to January 22, 2014, was filed and served via the Court's electronic case filing and noticing system on this 28th day of February, 2014.

                                                  /s/Heather Lennox