## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|                            |   |                        |
|----------------------------|---|------------------------|
|                            | ) |                        |
| In re                      | ) | Chapter 9              |
|                            | ) |                        |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846      |
|                            | ) |                        |
| Debtor.                    | ) | Hon. Steven W. Rhodes  |
|                            | ) |                        |
|                            | ) | **Re: Docket No. 2755** |

## COMMENT TO THE FIRST AMENDED ORDER ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT

The undersigned creditors and parties in interest (collectively, the "Commenting Parties"), in accordance with paragraph 1 of the *First Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment*, dated February 25, 2014 [Docket No. 2755] (the "Scheduling Order") and the Court's statements at the February 25, 2014 hearing, hereby submit this comment (the "Comment") to the Scheduling Order and, in support thereof, respectfully state as follows:

### Preliminary Statement

1.      The Commenting Parties appreciate the Court's desire to promote the just, speedy, and inexpensive determination of this case, and respect the fact that the Court has set a streamlined process designed to move the City toward confirmation in an expeditious fashion.

US_ACTIVE:\44436255\5\45259.0007

2.     The Commenting Parties, however, are concerned that the Court's schedule is unrealistically compressed and contains some structural and sequencing issues that should be reconsidered.  To that end, this Comment proposes several modest modifications to the Scheduling Order that will result in greater efficiencies and create a more fair and fulsome approval and confirmation process.  Attached to this Comment as <u>Exhibit A</u> is a modified order reflecting the Commenting Parties' proposed revisions.  For the Court's convenience, attached to this Comment as <u>Exhibit B</u> is a blackline of the proposed modified order compared to the Scheduling Order.

3.     The Commenting Parties request six principal modifications to the Scheduling Order, with the goal of achieving a practical and fair process with respect to both the *Disclosure Statement with respect to the Plan for the Adjustment of the Debts of the City of Detroit*, dated February 21, 2014 [Docket No. 2709] (as the same may be amended, the "<u>Disclosure Statement</u>") and the *Plan for the Adjustment of the Debts of the City of Detroit*, dated February 21, 2014 [Docket No. 2708] (as the same may be amended, the "<u>Plan</u>"):  1) extension of certain deadlines to facilitate the orderly solicitation of votes from thousands of potential creditors (including retirees and, to the extent applicable, holders of public securities with claims against the City) and permit appropriate and adequate discovery; 2) elimination of the deemed waiver of objections to the Disclosure

US_ACTIVE:\44436255\5\45259.0007

Statement by parties who fail to submit information requests by March 14, 2014;
3) addition of a requirement to designate fact witnesses prior to trial; 4) elimination of the single deadline for objections to the Disclosure Statement and Plan;
5) clarification that parties are not precluded from objecting to the Disclosure Statement on the grounds that the Plan is patently unconfirmable; and
6) elimination of the bifurcation of legal and factual issues in connection with Plan confirmation. The rationale for each of these proposed modifications is addressed below.

<u>**Argument**</u>

**I. Extension of Certain Deadlines**

4. The Scheduling Order does not permit sufficient time for, among other things, solicitation and voting by the many thousands of retirees and, to the extent applicable, holders of public securities who hold claims in this case. As is explained in more detail in the comments we understand will be filed by representatives of certain of these groups, the procedures necessary for providing notice to, soliciting, and obtaining votes from these individuals will take more time than the current schedule provides and may have a significant impact on the nature of the Plan objections. The roll-forward of dates proposed in the modified order addresses these concerns by facilitating an orderly timeline for what will be a logistically complicated voting process.

3

5.    The Scheduling Order also does not afford sufficient time for adequate and effective discovery in support of Plan objections.  The Scheduling Order currently contemplates, for example, that depositions begin on April 1, 2014, but the City is not bound to respond to written discovery requests until April 18, 2014.  Effective depositions likely cannot occur prior to the City providing documents about which relevant witnesses may be questioned.[1]  The Commenting Parties' proposed order extends certain deadlines to facilitate an efficient and cooperative discovery process.

## II.    Elimination of Deemed Waiver of Objections to the Disclosure Statement

6.    The Scheduling Order contemplates that parties waive any objections to the Disclosure Statement if they fail to submit to the City requests for additional information to be added to the Disclosure Statement by March 14, 2014.  The Commenting Parties commit to making a good faith effort to submit requests for additional information by this deadline.  Nonetheless, the waiver provision in the Scheduling Order constitutes a *de facto* shortening of the April 1, 2014 Disclosure Statement objection deadline, in contravention of Rule 2002(b) of the Federal Rules of Bankruptcy Procedure.  Such a reduction is not necessary or appropriate

---

[1] Certain of the Commenting Parties note that discovery with respect to eligibility, the Forbearance and Optional Termination Agreement and postpetition financing was rendered complicated and difficult by the City's production of documents on the day of, or even after, the relevant depositions on multiple occasions.  This resulted in unnecessary discovery disputes.  The Commenting Parties would like to avoid these types of problems during the Plan confirmation process.

4

under the circumstances. The goal of the Federal Rules of Bankruptcy Procedure, and, specifically, the 28-day notice period set forth in Rule 2002(b), is to protect parties' due process rights. That overriding concern should be paramount, particularly in a case of this scope and magnitude.

7. In addition, the Commenting Parties anticipate that, as and to the extent the City supplements the Disclosure Statement subsequent to the March 14 deadline, new questions and deficiencies may be identified as a result of such additional information. Accordingly, the Commenting Parties urge that a failure to submit requests for additional information should not constitute a waiver of the right to object to the adequacy of the Disclosure Statement.

## III.    Addition of a Requirement to Designate Witnesses

8. In the interests of efficiency of this chapter 9 case, the proposed modifications provide for the Court setting an additional deadline for the City to designate fact and expert witnesses by April 1, 2014 and for the objectors to designate witnesses by May 15, 2014. This will ensure that creditors and the City are able to notice the correct witnesses for depositions, eliminate unnecessary disputes over who is and is not an expert witness, and allow all parties to prepare adequately for the plan confirmation hearing. These deadlines will also prevent unanticipated requests for schedule changes based on the disclosure of witnesses

US_ACTIVE:\44436255\5\45259.0007

late in the discovery and confirmation process, and will serve the interests of efficiency and judicial economy.

### IV. Elimination of the Single Deadline for Disclosure Statement and Plan Objections

9.      The Scheduling Order contemplates that the deadline to object to the Disclosure Statement and the Plan fall on the same date, April 1, 2014, which is also the deadline for serving written discovery requests and the date on which depositions may commence.  It is neither feasible nor fair to expect parties to formulate Plan objections until there is available a Court-approved disclosure statement that contains adequate information (as contemplated by section 1125 of the Bankruptcy Code and Rule 3017) describing the Plan.  In addition, objections to the Plan should not be submitted until at least some reasonable time after the City has complied with written discovery requests.  This will allow objecting parties to submit meaningful objections to the Plan, taking into account as much information as is available at that time, and avoid a piecemeal approach. Furthermore, there are concerns regarding the ability to provide adequate notice and information to the City's retirees, employees and certain security holders with claims against the City, which concerns are addressed in more detail in separate comments filed by representatives of certain of these groups.

## V. Clarification that Parties are Not Precluded from Objecting to the Disclosure Statement on the Grounds that the Plan is Patently Unconfirmable

10.     The Scheduling Order states that parties may not state objections to the Plan as objections to the Disclosure Statement.  The Commenting Parties request that the Scheduling Order be revised to clarify that this prohibition does not preclude parties from asserting an objection to the Disclosure Statement that the Plan, on its face, is patently unconfirmable.  *See e.g. In re Sparkle Stor-All Eaton Township, LLC*, No. 11–30382, 2011 WL 4542709, at *5 (Bankr. N.D. Ohio Sept. 28, 2011) ("[E]ven if the disclosure statement provided 'adequate information' about the proposed plan . . .  which it does not, the proposed plan is still not confirmable on its face and the disclosure statement . . .  thus cannot be approved as a basis for plan vote solicitation."); *In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1999) ("The Court believes that disapproval of the adequacy of a disclosure statement may sometimes be appropriate where it describes a plan of reorganization which is so fatally flawed that confirmation is impossible."); *see also In re American Capital Equipment, LLC*, 688 F.3d 145 (3d Cir. 2012); *cf. In re Dow Corning Corp.*, 237 B.R. 380, 384 n.1 (Bankr. E.D. Mich. 1999) (court considered whether plan was "patently unconfirmable" at the disclosure statement hearing).  This is an appropriate type of disclosure statement

US_ACTIVE:\44436255\5\45259.0007

objection which may ultimately promote a more efficient Plan confirmation process and, therefore, should be permitted.

## VI. Elimination of the Bifurcation of Legal and Factual Confirmation Issues

11.     There is a very high likelihood, if not certainty, that most, if not all, objections to the Plan will require consideration of mixed questions of law and fact.  Efficiency and judicial economy would therefore be better served if all objections to the Plan were heard at a single proceeding.  As such, the Commenting Parties' proposed schedule eliminates the division between questions of law and fact and proposes a single confirmation hearing.

12.     To the extent the Court wishes to go forward with bifurcated proceedings, the Commenting Parties propose that the proceeding at which this Court considers legal arguments should occur later in the timeline, after the close of expert discovery and voting, so that the legal issues will be fully-informed by the relevant facts and opinions.

## <u>Reservation of Rights</u>

13.     The modified order is submitted without prejudice to any Commenting Party subsequently seeking relief from or modification to such order as circumstances may occur and warrant.

US_ACTIVE:\44436255\5\45259.0007

## Conclusion

For the foregoing reasons, the Commenting Parties respectfully request that the Court enter a modified order substantially in the form attached to this Comment as Exhibit A.

Dated: February 28, 2014

 /s/ Mark R. James
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite
300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

 – and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance*
*Company*

9

DENTONS US LLP

By:   /s/ Carole Neville
Carole Neville
Claude D. Montgomery
1221 Avenue of the Americas
New York New York 10020
Tel:  (212) 768-6700
carole.neville@dentons.com
claude.montgomery@dentons.com

and

Sam J. Alberts
DENTONS US LLP
1301 K Street, NW  Suite 600, East Tower
Washington, DC 20005-3364
Tel: (202) 408-6400
sam.alberts@dentons.com

and

Matthew E. Wilkins
Paula A. Hall
BROOKS WILKINS SHARKEY & TURCO
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Tel: (248) 971-1800
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Official Committee of
Retirees*

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
sdeeby@clarkhill.com

*Counsel to the Police and Fire Retirement
System of the City of Detroit and the
General Retirement System of the City of
Detroit*

avery@silvermanmorris.com


SIDLEY AUSTIN LLP

By: _____ */s/ Guy S. Neal* _____
Guy S. Neal
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
Email: gneal@sidley.com

Jeffrey E. Bjork
555 West Fifth Street, Ste. 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
Email: jbjork@sidley.com

and

11

JAFFE, RAITT, HEUER & WEISS, P.C.
Eric D. Novetsky (P71953)
Louis P. Rochkind (P24121)
2777 Franklin Road, Suite 2500
Southfield, MI 48034
Tel: (248) 351-3000
Fax: (248) 351-3082
Email: enovetsky@jaffelaw.com

*Attorneys for National Public Finance
Guarantee Corporation*

**LIPPITT O'KEEFE GORNBEIN, PLLC**

By:      /s/ Ryan C. Plecha
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
Attorneys for Retiree Association Parties
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
Tel: (248) 646-8292;  Fax:  (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

and

**SILVERMAN & MORRIS, P.L.L.C.**
Thomas R. Morris (P39141)
Karin F. Avery (P45364)
Co-counsel for Retiree Association Parties
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
Tel: (248) 539-1330;  Fax:  (248) 539-1355
morris@silvermanmorris.com
avery@silvermanmorris.com

*Attorneys for the Retiree Association Parties*

12

**LOWENSTEIN SANDLER LLP**
By: /s/  *Sharon L. Levine*
Sharon L. Levine, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
MILLER COHEN PLC
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191
(313) 566-4787 (Telephone)
(313) 964-4490 (Facsimile)
richardmack@millercohen.com

*Counsel to Michigan Council 25 of the*
*American Federation of State, County and*
*Municipal Employees, AFL-CIO*
*and Sub-Chapter 98, City of Detroit Retirees*

13

**ARENT FOX LLP**
By: /s/ Carol Connor Cohen
CAROL CONNOR COHEN
CAROLINE TURNER ENGLISH
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Carol.Cohen@arentfox.com

DAVID L. DUBROW
MARK A. ANGELOV
1675 Broadway
New York, NY 10019
(212) 484-3900

and

**SCHAFER AND WEINER, PLLC**
DANIEL J. WEINER (P32010)
BRENDAN G. BEST (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*

**CHADBOURNE & PARKE LLP**
By: /s/ Lawrence A. Larose
Lawrence A. Larose
Samuel S. Kohn
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com

*Attorneys for Assured Guaranty*
*Municipal Corp.*

14

*/s/ Rick L. Frimmer*

Rick L. Frimmer
Mark J. Fisher
Michael W. Ott
**SCHIFF HARDIN, LLP**
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
E-mail: rfrimmer@schiffhardin.com
E-mail: mfisher@schiffhardin.com
E-mail: mott@schiffhardin.com

*Attorneys for FMS Wertmanagement Service*
*GmbH, as servicer for*
*FMS Wertmanagement AöR*

/s/ Howard S. Sher
Howard S. Sher, Esquire
Jacob & Weingarten, P.C.
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Tel: (248) 649-1200
Fax: (248) 649-2920
E-mail: howard@jacobweingarten.com

Vincent J. Marriott, III, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 864-8236
Fax: (215) 864-9762
E-mail: marriott@ballardspahr.com

and-

15

Matthew G. Summers, Esquire
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.*

By: */s/Deborah L. Fish*
ALLARD & FISH, P.C.
Deborah L. Fish
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to Dexia Crédit Local, Dexia Holdings, Inc., and NORD/LB Covered Finance Bank S.A.*

16

ERMAN, TEICHER,
ZUCKER & FREEDMAN, P.C.

By: /s/ Barbara A. Patek
Earle I. Erman  (P24296)
Craig E. Zucker  (P39907)
Barbara A. Patek (P34666)
400 Galleria Officentre, Suite 444
Southfield, MI  48034
Telephone:  (248) 827-4100
Facsimile:   (248) 827-4106
E-mail:  bpatek@ermanteicher.com

*Counsel for the Detroit Public Safety Unions*

US_ACTIVE:\44436255\5\45259.0007

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                          Chapter 9

City of Detroit, Michigan,                      Case No. 13-53846

                Debtor.        Hon. Steven W. Rhodes

_____ /

### Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment

The City has filed a plan of adjustment and a proposed disclosure statement. To promote the just, speedy, and inexpensive determination of this case as required by Fed. R. Bankr. P. 1001, the Court hereby establishes the deadlines and hearing dates set forth below.

> *Nothing herein excuses any party from the continuing obligation to participate in good faith in any mediation as ordered by Chief Judge Rosen.*
>
> *Further, the Court again strongly encourages all parties to negotiate with full intensity and vigor with a view toward resolving their disputes regarding the treatment of claims in the City's plan of adjustment.*

1.      **February 28, 2014** is the deadline for parties to file objections to or comments regarding this order.

2.      **March 14, 2014** is the deadline for any party intending to object to the disclosure statement to make a good faith effort to advise counsel for the City in writing of any request to include additional information in the disclosure statement of which such party is aware as of such date. These requests shall not be filed with the Court, nor shall a party's requests limit or waive the scope of its objections to the disclosure statement.

3.      **March 21, 2014** is the deadline for the City to file any revisions to the disclosure statement, including, without limitation, those made in response to submissions to the City made on March 14, 2014.

4.      **April 1, 2014** is the deadline:

    (a)      To file objections to the disclosure statement; and

    (b)      For the City to designate fact and expert witnesses to be offered in support of plan confirmation, and identify the subjects each will address

*Parties shall not state objections to the plan as objections to the proposed disclosure statement; provided that the foregoing shall not preclude disclosure statement objections premised on patent unconfirmability of the plan.*

*When filing an objection to the proposed disclosure statement, a party shall use the proper ECF event code for the filing.*

5.    **April 4, 2014** is the deadline:

    (a)    For the City to file one combined response to all of the timely objections to the proposed disclosure statement; and

    (b)    To serve written discovery requests regarding plan confirmation.  This is also the date on which depositions may commence regarding plan confirmation.

6.    **April 9, 2014** is the deadline for attorneys who have filed timely disclosure statement objections, to meet and confer with counsel for the City with a view toward narrowing and resolving their disputes regarding the adequacy of the disclosure statement.  This "meet and confer" may be in person or by telephone.  Any party whose attorney fails to timely participate in this process will be deemed to have waived its objections to the disclosure statement.

*The Court strongly encourages the parties to resolve all disclosure statement objections before the hearing on the disclosure statement, and strongly discourages the parties from pursuing expensive, time-consuming and unnecessary litigation regarding the adequacy of the disclosure statement.*

7.    **April 11, 2014** is the deadline for the City to file a statement identifying the objections to the disclosure statement that remain after the "meet and confer" process required by paragraph 6 above.

8.    **April 14, 2014 at 9:00 a.m.** shall be the date and time of the hearing on any unresolved objections to the disclosure statement.

9.    **April 21, 2014** is the deadline for the City to mail plan solicitation packages and, to the extent provided in any order approving vote solicitation procedures, to provide packages to applicable DTC participants.

10.   **May 2, 2014** is the deadline to comply with written discovery requests and for the City to submit expert reports.

11.   **May 15, 2014** is the deadline:

    (a)    To file objections to the plan; provided, that any party filing an objection may supplement such objection at the time of submission of such party's pre-trial brief, as provided below, as and to the extent discovery occurring after such deadline, or the results of plan voting, give rise to additional or modified objections to the plan; and

    (b)    For objectors to designate fact witnesses and expert witnesses and identify the subject matter each will address.

*When filing an objection to the proposed plan, a party shall use the proper ECF event code for the filing.*

12.   **May 27, 2014** is the deadline for the City to file one combined response to all of the timely objections to the plan, and to file a brief in support of plan confirmation.

13.   **May 28, 2014 at 11:00 a.m.** shall be the date and time of the initial status conference on plan confirmation. Among other things, such status conference shall address deadlines for disclosure of exhibits and rebuttal witnesses.

14.   **June 16, 2014** is the deadline:

      (a)   To complete non-expert depositions; and

      (b)   For objectors to submit expert reports.

15.   **June 30, 2014** is the deadline:

      (a)   For plan voting; and

      (b)   To complete expert depositions.

16.   **July 8, 2014 at 4:00 p.m.** is the deadline:

      (a)   To submit a proposed joint final pretrial order in compliance with LBR 7016-1; and

      (b)   To file pretrial briefs and any supplements to plan objections.

17.   **July 9, 2014 at 11:00 a.m.** shall be the date and time of the final pretrial conference on plan confirmation.

18.   **July 14, 2014 at 9:00 a.m.** shall be the date and time for the commencement of the trial on plan confirmation.  **At this hearing, in addition to any evidence addressing the factual issues raised in the parties' plan objections, the City shall present evidence establishing the feasibility of its plan as required by 11 U.S.C. § 943(b)(7).** Additional hearing dates, as necessary, will be July ___, 2014.

The dates and deadlines established herein will be extended only on motion establishing good cause.

It is so ordered.

**Exhibit B**

**Blackline of Proposed Order to Scheduling Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
|               Debtor. | Hon. Steven W. Rhodes |

_____ /

**~~First~~Second Amended Order Establishing Procedures, Deadlines and**
**Hearing Dates Relating to the Debtor's Plan of Adjustment[1]**

       The City has filed a plan of adjustment and a proposed disclosure statement. To promote the just, speedy, and inexpensive determination of this case as required by Fed. R. Bankr. P. 1001, the Court hereby establishes the deadlines and hearing dates set forth below~~. Note: Following a hearing on the City's Motion for Approval of Disclosure Statement Procedures (Dkt. #2714), the Court will address additional disclosure statement procedures in a separate order~~.

> *Nothing herein excuses any party from the continuing obligation to participate in good faith in any mediation as ordered by Chief Judge Rosen.*
>
> *Further, the Court again strongly encourages all parties to negotiate with full intensity and vigor with a view toward resolving their disputes regarding the treatment of claims in the City's plan of adjustment.*

1.     **February 28, 2014** is the deadline for parties to file objections to or comments regarding this order.

2.     **March 14, 2014** is the deadline for any party intending to object to the disclosure statement to make a good faith effort to advise counsel for the City in writing of any request to include additional information in the disclosure statement of which such party is aware as of such date. These requests shall not be filed with the Court~~. Any party who fails to make such a timely request of the City will be deemed to have waived any~~, nor shall a party's requests limit or waive the scope of its objections to the ~~proposed~~ disclosure statement.

3.     **March 21, 2014** is the deadline for the City to file any revisions to the disclosure statement, including, without limitation, those made in response to submissions to the City made on March 14, 2014.

4.     ~~3.~~ **April 1, 2014** is the deadline:

       ~~(a)     To file objections to the plan;~~

---

[1] ~~The only amendment herein is that the deadline in paragraph 3 is extended to April 1, 2014.~~

(a)   ~~(b) To file objections to the proposed~~ To file objections to the disclosure statement; and

(b)   ~~(c) To serve written discovery requests regarding plan confirmation. This is also the date on which depositions may commence on the plan objections.~~ For the City to designate fact and expert witnesses to be offered in support of plan confirmation, and identify the subjects each will address

*~~Parties shall file objections to the plan and objections to the proposed disclosure statement as separate papers and may not combine them.~~*

*Parties shall not state objections to the plan as objections to the proposed disclosure statement; provided that the foregoing shall not preclude disclosure statement objections premised on patent unconfirmability of the plan.*

*When filing an objection to the proposed disclosure statement, ~~and when filing an objection to the plan,~~ a party shall use the proper ECF event code for the filing.*

~~Shortly after this deadline, the Court will enter an order identifying the objections to the plan that raise only legal issues and the objections to the plan that raise factual issues.~~

**5.**   **April 4, 2014** is the deadline:

(a)   ~~4. April 4, 2014 is the deadline for~~ For the City to file one combined response to all of the timely objections to the proposed disclosure statement. ~~This response shall also identify any objections to the proposed disclosure statement that were not preceded by compliance with paragraph 2, above.~~; and

(b)   To serve written discovery requests regarding plan confirmation. This is also the date on which depositions may commence regarding plan confirmation.

**6.**   **~~5.~~ April 9, 2014** is the deadline for attorneys ~~who have complied with paragraph 2 above, and~~ who have filed timely disclosure statement objections, to meet and confer with counsel for the City with a view toward narrowing and resolving their disputes regarding the adequacy of the disclosure statement. This "meet and confer" may be in person or by telephone. Any party whose attorney fails to timely participate in this process will be deemed to have waived its objections to the disclosure statement.

*The Court strongly encourages the parties to resolve all disclosure statement objections before the hearing on the disclosure statement, and strongly discourages the parties from pursuing expensive, time-consuming and unnecessary litigation regarding the adequacy of the disclosure statement.*

**7.**   **~~6.~~ April 11, 2014** is the deadline for the City to file:

(a)   ~~Its combined response to all of the timely objections to the plan; and~~

(b)    ~~A~~ a statement identifying the objections to the disclosure statement that remain after the "meet and confer" process required by paragraph ~~5,~~6 above.

**7.**    ~~April 14, 2014 at 9:00 a.m. shall be the date and time of:~~

**8.**    ~~(a) The~~**April 14, 2014 at 9:00 a.m.** shall be the date and time of the hearing on any unresolved objections to the disclosure statement~~; and~~.

~~(b)    The initial status conference on plan confirmation.~~

**9.**    **April 21, 2014** is the deadline for the City to mail plan solicitation packages and, to the extent provided in any order approving vote solicitation procedures, to provide packages to applicable DTC participants.

**10.**    ~~8. April 18,~~**May 2,** 2014 is the deadline to comply with written discovery requests~~.~~ and for the City to submit expert reports.

**11.**    **May 15, 2014** is the deadline:

(a)    To file objections to the plan; provided, that any party filing an objection may supplement such objection at the time of submission of such party's pre-trial brief, as provided below, as and to the extent discovery occurring after such deadline, or the results of plan voting, give rise to additional or modified objections to the plan; and

(b)    For objectors to designate fact witnesses and expert witnesses and identify the subject matter each will address.

*When filing an objection to the proposed plan, a party shall use the proper ECF event code for the filing.*

**12.**    **May 27, 2014** is the deadline for the City to file one combined response to all of the timely objections to the plan, and to file a brief in support of plan confirmation.

**13.**    ~~9. April~~**May** 28, 2014 at ~~9~~**11**:00 a.m. shall be the date and time of ~~arguments~~the initial status conference on plan confirmation~~ objections that raise only legal issues~~. Among other things, such status conference shall address deadlines for disclosure of exhibits and rebuttal witnesses.

**14.**    ~~10. May 9,~~**June 16,** 2014 is the deadline:

(a)    To complete non-expert depositions; and

~~(b)    To designate expert witnesses and submit expert reports.~~

(b)    ~~11. May 23, 2014 is the deadline to counter-designate experts and~~For objectors to submit expert reports.

**15.** ~~12.~~ **June** ~~6,~~**30,** **2014** is the deadline ~~to~~:

    (a)    For plan voting; and

    (b)    To complete expert depositions.

**16.** ~~13. June 10,~~**July 8,** **2014** **at 4:00 p.m.** is the deadline:

    (a)    To submit a proposed joint final pretrial order in compliance with LBR 7016-1; and

    (b)    To file pretrial briefs and any supplements to plan objections.

**17.** ~~14. June 11,~~**July 9,** **2014 at** ~~9~~**11:00 a.m.** shall be the date and time of the final pretrial conference on plan confirmation.

**18.** ~~15. June 16,~~**July 14,** **2014 at 9:00 a.m.** shall be the date and time for the commencement of the trial on plan confirmation ~~objections that raise factual issues~~. **At this hearing, in addition to any evidence addressing the factual issues raised in the parties' plan objections, the City shall present evidence establishing the feasibility of its plan as required by 11 U.S.C. § 943(b)(7).** Additional hearing dates, as necessary, will be ~~June 17-20 and 23-27,~~July ___, 2014.

The dates and deadlines established herein will be extended only on motion establishing good cause.

It is so ordered.

~~Signed on February 24, 2014~~          _____~~/s/ Steven Rhodes~~_____
                                        ~~Steven Rhodes~~
                                        ~~United States Bankruptcy Judge~~

Document comparison by Workshare Compare on Friday, February 28, 2014
12:25:56 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://DMS-EAST/DMEAST/18497462/1 |
| Description | #18497462v1<DMEAST> - Detroit Plan Process Proposed Order |
| Document 2 ID | interwovenSite://DMS-EAST/DMEAST/18497462/5 |
| Description | #18497462v5<DMEAST> - Detroit Plan Process Proposed Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 54 |
| Deletions | 63 |
| Moved from | 7 |
| Moved to | 7 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 131 |

## Exhibit C

## Certificate of Service

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
------------------------------------------------------------x
                                        :
   In re                                : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
                Debtor.                 : Hon. Steven W. Rhodes
                                        :
                                        :
------------------------------------------------------------x
```

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 28, 2014 the *Comment to the First Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* was filed and served via the Court's electronic case filing and noticing system to all parties registered to received electronic notices in this matter.

/s/ Mark R. James
Mark R. James (P54375)
Attorney for Financial Guaranty
Insurance Company
Williams, Williams, Rattner & Plunkett, P.C.
380 North Old Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 642-0333
mrj@wwrplaw.com

Dated: February 28, 2014