UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------x
                                                       :
In re                                                  : Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                             : Case No. 13-53846
                                                       :
                Debtor.                                : Hon. Steven W. Rhodes
                                                       :
                                                       :
-------------------------------------------------------x

**RESPONSE OF THE CITY OF DETROIT
TO THE COURT'S FIRST AMENDED ORDER
ESTABLISHING PROCEDURES, DEADLINES AND HEARING
DATES RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT**

On February 25, 2014, the Court entered its *First Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* (Docket No. 2755) (the "Amended Scheduling Order").[1] Among other things, the Amended Scheduling Order sets forth certain procedures and deadlines that allow for the commencement of: (a) a hearing to consider approval of the City of Detroit's (the "City") *Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 2709)

---

[1] The Amended Scheduling Order modified and superseded the Court's prior *Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* (Docket No. 2727) (the "Initial Scheduling Order"), entered on February 24, 2014.

(the "Disclosure Statement") on April 14, 2014; and (b) a final hearing to consider confirmation of the City's *Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 2708) (the "Plan") on June 16, 2014. In the Amended Scheduling Order, the Court solicited comments or objections thereto no later than February 28, 2014. *See* Amended Scheduling Order ¶ 1.

The City generally welcomes the expeditious timeline for confirmation established by the Amended Scheduling Order, as it believes that time is of the essence in this chapter 9 case and that the plan confirmation process should move forward as efficiently as possible. The City suggests relatively few comments herein, which are intended to address certain technical and practical considerations with respect to the solicitation and confirmation process. As a result, the City proposes very brief extensions of certain deadlines and hearing dates (collectively, the "Deadlines and Hearing Dates") set forth in the Amended Scheduling Order, such that the ultimate hearing on confirmation is delayed only by one week.[2]

---

[2] Contemporaneously with the filing of this Response, the City has also filed its *Motion of the City of Detroit for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* (the "Solicitation Procedures Motion"), which is incorporated herein by reference. The City respectfully requests that the Court consider certain additional deadlines and procedures requested in that motion as it considers this Response.

Accordingly, the City asks that the Court reconsider certain of the Deadlines and Hearing Dates as follows:

**<u>Response</u>**

1. As is typical of a case of this size and complexity, the City's filing of its Plan and Disclosure Statement represented an important but, in many ways, preliminary step in the confirmation process. Notwithstanding the filing of the Plan and Disclosure Statement, the City expects that its continuing discussions and negotiations with creditors and other parties in interest — including through the Court-ordered mediation process before Chief Judge Rosen — will continue uninterrupted. The City, moreover, fully expects that, as these negotiations and mediations continue, the City and at least some of its stakeholders will ultimately reach consensual resolutions of their disputes, and that the Plan will be amended to account for such resolutions. Accordingly, as is customary with large bankruptcy cases, the City has always contemplated that the version of the Plan with respect to which the City ultimately and formally solicits acceptances and rejections (the "<u>Solicitation Version</u>"), which could change up until the hearing on the Disclosure Statement, would differ in material respects from the Plan filed on February 21, 2014 (the "<u>Current Plan Version</u>").

2. To account for such contemplated changes to the Plan, and for certain practical considerations related to the solicitation and tabulation of votes

(among other things), the City proposes the following changes to the Deadlines and Hearing Dates, as described in more detail below:

- The City requests that it be granted seven days, rather than the three proposed, to file its consolidated reply (the "DS Reply") to objections to the Disclosure Statement (as was the case in the Initial Scheduling Order).

- The City asks that the Court consider whether the opportunity for creditors to object to the Plan should occur after distribution of the Solicitation Version thereof, given that the Plan is likely to change materially between now and the approval of the Disclosure Statement (which will occur, at the earliest, on April 14, 2014) and commencement of the solicitation process.

- The City asks that the Court schedule the ultimate hearing on confirmation of the Plan for a date no earlier than June 23, 2014 (as opposed to the currently-scheduled June 16, 2014) to allow certain creditors (especially the City's various bondholders) sufficient time to vote and to provide the City's balloting agent (the "Balloting Agent") with sufficient time for distribution and tabulation of ballots.

A.  **The City Requests that the Court Provide the City with Seven Days to Respond to Disclosure Statement Objections.**

3. Prior to entry of the Initial Scheduling Order, the City filed its *Motion of the City of Detroit for Approval of Disclosure Statement Procedures* (Docket No. 2714) (the "DS Procedures Motion"). In the DS Procedures Motion, the City proposed: (a) a March 26, 2014 deadline for objections to the Disclosure Statement (the "DS Objection Deadline"); (b) a two-week period for the City to file its DS Reply (the "DS Reply Deadline"); and (c) a hearing to consider approval of the Disclosure Statement two days after the DS Reply Deadline. The Court's

Initial Scheduling Order (a) established March 28, 2014 as the DS Objection Deadline and (b) provided the City with one week, instead of two, to file its DS Reply.  Consistent with the Court's initial thoughts of permitting the City one week to respond to, and attempt to resolve, objections to the Disclosure Statement, the City requests a similar seven-day period here.[3]

### B. The City Requests Certain Minor Modifications to the Deadlines and Hearing Dates Related to Plan Confirmation.

4. As described in further detail below, the City also requests that the Court consider certain amendments to the Deadlines and Hearing Dates to accommodate (a) the City's desire to reach consensual resolutions of as many creditor disputes as possible prior to its solicitation of acceptances and rejections of the Plan and (b) the administrative and logistical burdens attendant to the solicitation process in this chapter 9 case.

5. First, as noted above, the City expects that the Current Plan Version will change — perhaps materially — up to the time of the Disclosure

---

[3] The City does not object to the remaining Deadlines and Hearing Dates that relate to the Disclosure Statement approval process:  (a) a March 14, 2014 deadline for parties to advise the City's counsel of any requests for additional information in the Disclosure Statement; (b) an April 1, 2014 deadline for objections to the Disclosure Statement; (c) an April 9, 2014 deadline for parties to meet and confer with respect to objections to the Disclosure Statement; (d) an April 11, 2014 deadline for the City to file a statement identifying unresolved objections to the Disclosure Statement; and (e) the scheduling of the hearing to consider approval of the Disclosure Statement for April 14, 2014.  *See* Amended Scheduling Order ¶¶ 2, 3, 5, 6 and 8.

Statement hearing on April 14, 2014. Accordingly, an April 1, 2014 deadline for objections to the Plan may not provide parties in interest with a sufficient opportunity to object to the Solicitation Version of the Plan. If the Court is in agreement, the City would propose April 28, 2014 as the deadline for filing objections to the Plan,[4] May 12, 2014 as the City's consolidated reply deadline, and May 19, 2014 as the date for the hearing on Plan arguments that raise only legal issues.

    **C.    The City Requests a Slight Extension of the Scheduled Confirmation Hearing**

    6.    Finally, regardless of whether the Court adopts a revised schedule for the Plan objection process as suggested in Section B above, the City requests that the Court postpone the start of the ultimate hearing to consider confirmation of the Plan from June 16, 2014 to June 23, 2014. In the City's Solicitation Procedures Motion, filed concurrently herewith, the City contemplates that the Disclosure Statement will be approved at the Disclosure Statement hearing on April 14, 2014. The City will need three days thereafter to finalize the Plan, the Disclosure Statement and all other related solicitation materials. In addition, because of the large number of creditors entitled to vote on the Plan (currently

---

[4]    The City would request that the Court consider complementary extensions of the discovery-related deadlines set forth in the Amended Scheduling Order, as deemed necessary.

estimated to be approximately 67,000), plus parties in interest that are not entitled to vote on the Plan (currently estimated to be approximately 103,000), the Balloting Agent has informed the City that it will require seven days to effect service of all required solicitation packages and related notices. Thus, the City expects to begin solicitation of votes on the Plan no earlier than April 24, 2014.

7. The length of time necessary for creditors to review the Solicitation Version of the Plan and the Disclosure Statement, to determine whether to vote for or against the Plan and to complete the voting process is longer with respect to claims related to the more than 50 series of bonds and other debt instruments. Although the majority of such debt instruments are held in street name by banks, brokers and other nominees, it is the beneficial holders of such instruments that are generally entitled to vote on the Plan.

8. As described in more detail in the Solicitation Procedures Motion, beneficial holders will vote to accept or reject the Plan pursuant to a multi-stage process. Nominees must identify the tens of thousands of beneficial holders of their debt instruments. The Balloting Agent will send solicitation packages to the nominees, and the nominees will then forward beneficial ballots to the beneficial holders. The beneficial holders will fill out beneficial ballots and return them to the nominees, which will then fill out master ballots to be returned to the Balloting Agent for tabulation.

9. The City has been informed by both the Balloting Agent and by certain indenture trustees that, optimally, the solicitation process for beneficial holders of bonds would take 60 days. Notwithstanding these parties' preferences, the City has proposed that the Court allow for a 45-day solicitation period, which period more closely aligns with the Court's suggested Deadlines and Hearing Dates.[5] Similarly, the Balloting Agent has informed the City that, in light of the sheer number of outstanding debt instruments and creditors casting ballots on the Plan (and the various treatment elections contained in those ballots), the City would optimally budget three weeks to complete the tabulation of votes after solicitation. After consultation with the Balloting Agent, the City has budgeted only ten days for such tabulation.

10. Thus, assuming that solicitation begins on April 24, 2014, and creditors entitled to vote on the Plan are provided with a 45-day solicitation period, the voting deadline for acceptances and rejections of the Plan would be June 9, 2014,[6] and the tabulation of ballots (and the filing of a corresponding tabulation affidavit) could be completed no earlier than June 19, 2014. Accordingly, the City proposes that the Court schedule its final hearing on Plan

---

[5] The City is not opposed to a 60-day solicitation period if the Court believes that 60 days is more appropriate and in the best interests of creditors.

[6] Forty-five days from April 24, 2014 is June 8, 2014, which is a Sunday.

confirmation no earlier than June 23, 2014 (as opposed to the currently-scheduled June 16, 2014). This brief delay will allow all parties in interest sufficient time to complete the voting process and for the Balloting Agent to accurately tabulate all votes on the Plan.

11. Similarly, the City suggests that it will be helpful to have the voting results tabulated before the Court conducts its final pre-trial hearing since, then, the parties and the Court will know which classes have accepted the Plan and which classes may be subject to a cramdown. If the Court is in agreement, based on the schedule proposed in the preceding paragraph, the final pretrial hearing could be held on June 20, 2014.

## Conclusion

12. For the reasons set forth herein, the City proposes that the Court make minor modifications to the Deadlines and Hearing Dates, which do not materially alter the Court's proposed confirmation schedule.

Dated: February 28, 2014          Respectfully submitted,

 /s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

## Certificate of Service

I, Heather Lennox, hereby certify that the foregoing *Response of the City of Detroit to the Court's First Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* was filed and served via the Court's electronic case filing and noticing system on this 28th day of February, 2014.

/s/ Heather Lennox
