UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

---------------------------------------------------------x
: 
In re: : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No.: 13-53846
: 
Debtor. : Hon. Steven W. Rhodes
: 
---------------------------------------------------------x

**RESPONSE OF INTERNATIONAL UNION, UAW TO FIRST AMENDED ORDER ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT**

The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") submits the following comments in response to the Court's First Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Docket No. 2755] (the "Procedures Order").

**Preliminary Statement**

The Court entered the Procedures Order citing the command of the Federal Rules of Bankruptcy Procedure to construe the rules "to secure the just, speedy and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. What cannot be ignored in following this command, however, is the unprecedented nature of the case before the Court. Never before has a

municipality used the federal bankruptcy system for the broad purposes and objectives reflected in the City's proposed plan of adjustment.  While many Michigan residents and businesses will benefit from the improvements the City has incorporated into its revitalization plan, assuming that program continues to be based upon the plan of adjustment filed by the City last week, *they will do so at the direct, significant and life-changing expense of their fellow citizens.* Important and unprecedented legal, political and policy questions are raised by the City's adjustment plan, including its apparent premise that Detroit can rebuild only by targeting the modest retirement benefits of its most vulnerable citizens.  Accordingly, we urge the Court to craft the schedule with an appropriate regard for the "just" balanced against the "speedy" and the "inexpensive."  While the UAW intends to remain fully engaged in the mediation process ordered by the Court, we will also rigorously insist upon a full and fair opportunity to challenge the City's plan of adjustment in litigation if the mediation process fails and it remains necessary to do so.  We shall also continue to press for our right to expeditiously appeal from the Court's Eligibility Determination, which appeal has now been accepted by the Sixth Circuit.

## Comments to the Procedures Order

<u>Waiver of Objections to the Disclosure Statement</u>

      1.    In paragraph 2 of the Procedures Order, the Court has proposed a deadline of March 14, 2014 to "advise counsel for the City in writing of any request to include additional information in the disclosure statement." The order further provides that any party who fails to make such a timely request "will be deemed to have waived any objections to the disclosure statement." The UAW respectfully suggests that the "waiver" provision is unclear and possibly prejudicial, and therefore should be deleted. A disclosure statement typically goes through many iterations and revisions before being approved for voting by creditors. The current disclosure statement will most certainly be no exception. *See, e.g., Objection of the Detroit Retirement Systems to the Motion of the City of Detroit for Approval of the Disclosure Statement Procedures* [Docket no. 2735] (describing the "'moving target' problem" created by deficiencies in the documents). Only the City controls when it chooses to release revised drafts. Moreover, there may be objections to the disclosure statement that take a form other than a request for additional information. If the "waiver" provision means that parties must compose all of their proposed additions and will be deemed to have waived items not submitted to the City by March 14th, then the provision is not practical given the current state of the documents, and indeed prejudicial, given

the usual give and take and rewriting that inevitably follows the initial filing of a disclosure statement, particularly one that is as broad in scope and complex as the City's. If, on the other hand, the Court interposed the March 14th deadline to ensure that parties actively and promptly engage in formulating their objections to the disclosure statement so that the City can begin the process of considering proposed revisions, then paragraph 2 of the Procedures Order suffices for that purpose without the "waiver" provision or the related provisions in paragraphs 4 and 5.

The April 1 Deadline For Objections to the Plan Should be
Deferred Until After the Disclosure Statement Has Been Approved
<u>and the April 28 Oral Argument Should be Deferred to a Later Time</u>

        2.     In paragraph 3 of the Procedures Order, the Court has set April 1, 2014 for the filing of objections to the disclosure statement and for the filing of objections to the plan of adjustment. UAW respectfully suggests that the confirmation objection deadline be moved to a date following the approval of the disclosure statement and voting procedures so that parties in interest are working from an approved form of the disclosure statement and approved voting procedures in lodging objections to the plan of adjustment.[1] Consideration of the disclosure

---

[1] We understand the City is preparing to file a motion proposing balloting and voting procedures. The Court should consider setting a time certain by which the City must file such a motion so that it can be heard at the time set for approval of the disclosure statement and should also add the plan voting deadline to the schedule.

statement and confirmation of the plan involve distinct legal standards. Rather than tackle both at once, UAW submits that an orderly process is better served by focusing on these significant steps in the process serially.

3. If the purpose of the April 1 plan confirmation objection deadline is, in part, to identify those parties intending to participate in pre-trial discovery, a deadline for preliminary objections, or similar filing solely for that purpose could be established, so long as the parties' deadline for the submission of supplemental or additional plan confirmation objections is set for a date following approval of the disclosure statement and voting procedures as suggested above.

4. Regarding the April 28, 2014 date proposed for argument on plan confirmation objections that raise only legal issues, UAW respectfully suggests that this date be moved to a date closer to the commencement of the trial proposed to begin on June 16, 2014. In the eligibility litigation, the oral arguments on legal issues were held beginning during the week prior to the trial, following the submission of amended eligibility objections. UAW suggests that a similar process be followed here as well, or, at a minimum, that oral argument on legal issues be held closer to the time for trial, to allow for the advance of the discovery process.

Comments Regarding Discovery Deadlines

    5. In paragraphs 3, 8, 10, 11 and 12, the Court has proposed certain deadlines related to discovery. Regarding depositions, we suggest that, in connection with its combined response to be filed by April 11 under the Procedures Order, the City be required to designate its witnesses and experts related to plan confirmation so that deposition schedules can be commenced at least for those witnesses the City intends to offer. Having the City produce its list first mitigates some of the "guesswork" by parties who wish to serve deposition notices in connection with the plan. The April 11 deadline should expressly apply to the City's proposed expert designations and submission of expert reports (or, in any event, the City should be required to designate experts and submit reports on a date much earlier than the proposed date of May 9, 2014 ). The June 6 date for the completion of expert depositions is only four days earlier than the proposed June 10 date for submission of pre-trial briefs and a joint pre-trial order. Based on our experience during the eligibility trial, a four day gap may be insufficient where depositions occur on or close to the June 6 date due to the need to obtain final deposition transcripts. Accordingly, we suggest adjusting the discovery process for expert witnesses to allow for additional time between the deadline and the submission of final pre-trial documents. As noted above, the City's deadline for

designation of experts should, in any event, be much earlier than the date proposed in paragraph 10.

6. For the reasons set forth in paragraph 2 above, the deadline set for written discovery regarding plan confirmation in paragraph 3 of the Procedures Order also should be deferred until after approval of the disclosure statement and the deadline for completion of responses proposed in paragraph 8 be adjusted accordingly.

<u>The City Should be Required to Supply Certain Initial Disclosures</u>

7. As noted by certain objectors to the City's motion for approval of Disclosure Statement Procedures, the plan and disclosure statement documents filed by the City are woefully incomplete. *E.g., Objection of the Detroit Retirement Systems to the Motion of the City of Detroit for Approval of the Disclosure Statement Procedures* [Docket no. 2735]; *Objection of the Official Committee of Retirees to Motion of the City of Detroit For Approval of Disclosure Statement Procedures and Response to the Court's Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 2740] (the "*Retiree Committee Response*"); *Objection to Motion of the Debtor for Approval of Disclosure Statement Procedures,* [Docket No. 2730], Exhibit A. The Court should not countenance wordsmithing by the City regarding whether documents describing transactions integral to their

proposed plan, and referenced in their own plan documents, are "supplements" or otherwise not needed in connection with approval of the disclosure statement or permitted to be supplied at remote dates in the future. Instead, the Court should require that the City supply these documents in connection with approval of the disclosure statement. The City has posted some documents in connection with its revitalization plan in the data room. Because the City's revitalization plan is integral to its proposed treatment of creditors under the plan, the City should be required to post all up to date material supporting and explaining its proposed spending program, including revisions thereto, in the data room.[2]

---

[2] In its August 29, 2013 Order [Docket No. 688], the Court ordered that "all interested parties shall have unrestricted access to the data room" (subject to the City's ability to redact certain personally identifiable information). The data room provides a means of uploading relevant documents without the need for parties to file duplicative and time-wasting discovery requests. We urge the Court to require the City to post all documents on which it intends to rely in support of its plan of adjustment to the fullest extent practicable in order to mitigate the costs and expenses of discovery.

## Conclusion

For the foregoing reasons, the UAW asks that the Court reconsider its Procedures Order consistent with the foregoing comments.[3]

Dated: February 28, 2014

                                  Respectfully submitted,

                              By: /s/ Babette A. Ceccotti
                                  Cohen, Weiss and Simon LLP
                                  Babette A. Ceccotti
                                  330 West 42nd Street
                                  New York, New York 10036-6976
                                  T: 212-563-4100
                                  F: 212-695-5436
                                  bceccotti@cwsny.com

                                        - and -

                                  Niraj R. Ganatra (P63150)
                                  Michael Nicholson (P33421)
                                  8000 East Jefferson Avenue
                                  Detroit, Michigan 48214
                                  T: (313) 926-5216
                                  F: (313) 926-5240
                                  nganatra@uaw.net
                                  mnicholson@uaw.net

                                  *Attorneys for International Union, UAW*

---

[3] In addition, with respect to matters not covered herein, the UAW joins the Retiree Committee's Response.