# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | )  |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |
| | ) **Re: Docket No. 2755** |

**JOINDER OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR CONTRACT ADMINISTRATOR, TO (A) COMMENT TO THE FIRST AMENDED ORDER ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT AND (B) THE WATER AND SEWER BOND TRUSTEE'S LIMITED OBJECTION TO THE FIRST AMENDED ORDER ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT**

Wilmington Trust, National Association, not individually, but in its capacity as successor contract administrator (the "Contract Administrator")[1], joins (this "Joinder") in (a) *Comment To The First Amended Order Establishing Procedures, Deadlines And Hearing Dates Relating To The Debtor's Plan Of Adjustment* [Docket No. 2780] (the "Comment") and (b) *The Water And Sewer Bond Trustee's Limited Objection To The First Amended Order Establishing Procedures, Deadlines And Hearing Dates Relating To The Debtor's Plan Of Adjustment* [Docket No. 2794] (the "Limited Objection"); and in accordance with paragraph 1 of the *First Amended Order*

---

[1] Wilmington Trust, National Association, serves as successor to U.S. Bank National Association ("U.S. Bank"), as: (a) Trustee under that certain Trust Agreement, dated June 2, 2005, by and among the Detroit General Retirement System Service Corporation (the "GRS Corporation"), the Detroit Police and Fire Retirement System Service Corporation (the "PFRS Corporation"), and U.S. Bank, and Contract Administrator under that certain Contract Administration Agreement, dated June 2, 2005, by and among the Detroit Retirement Systems Funding Trust (the "2005 Funding Trust"), the GRS Corporation, the PFRS Corporation, and U.S. Bank, regarding the issuance of Certificates of Participation Series 2005-A by the 2005 Funding Trust and the transactions contemplated thereby; and (b) Trustee under that certain Trust Agreement, dated June 12, 2006, by and among the GRS Corporation, the PFRS Corporation, and U.S. Bank, and as the Contract Administrator under that certain Contract Administration Agreement, dated June 12, 2006, by and among the Detroit Retirement Systems Funding Trust 2006 (the "2006 Funding Trust"), the GRS Corporation, the PFRS Corporation and U.S. Bank, in each case, regarding the issuance of Certificates of Participation Series 2006-A and 2006-B by the 2006 Funding Trust and the transactions contemplated thereby.

*Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment*, dated February 25, 2014 [Docket No. 2755] (the "Scheduling Order") and the Court's statements at the February 25, 2014 hearing whereby the Court solicited input from creditors and parties in interest regarding the Scheduling Order, hereby submits this Joinder and respectfully states as follows:

1. The Contract Administrator hereby joins in and adopts the arguments set forth in the Comment and the Limited Objection as qualified below.

## SUPPLEMENTAL COMMENT

2. The Contract Administrator echoes the concerns raised in the Limited Objection by U.S. Bank, National Association in its capacity as trustee (the "Trustee"). The Contract Administrator, like the Trustee, has the right to file proofs of claim and exercise certain rights and remedies for the benefit of the beneficial holders of the certificates of participation ("COPs"), but similarly lacks the authority to vote on a plan of adjustment – such right is provided to the beneficial COPs holders under the various agreements. Additionally and as explained in the Limited Objection, the COPs are also held in "street name" at The Depository Trust Company ("DTC").

3. The Contract Administrator has serious concerns that the timeline proposed in the Scheduling Order does not provide beneficial holders with due process, nor does it promote a process whereby beneficial holders will receive adequate information as required by Section 1125 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

4. In fact Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") addresses both the need to disseminate accurate information and the need to provide

ample time for beneficial holders to receive and review the information. Specifically, Bankruptcy Rule 3017(d) states "[u]pon *approval of a disclosure statement* . . . [,]" as such there is a clear triggering event (*i.e.*, approval of a disclosure statement) that starts the notice process. Further, Bankruptcy Rule 3017(e) addresses the need for solicitation procedures to ensure due process rights to beneficial holders like the COPs holders are protected. Currently, the Scheduling Order does not account for such notice process, which can be remedied along the lines advocated in this Joinder, the Limited Objection, and the Comment.

5. The Contract Administrator agrees with the Trustee that if the voting deadline occurs less than sixty (60) days from the commencement of the solicitation process it cannot reasonably be expected that all beneficial holders will have had an opportunity to review the solicitation materials, consult with advisors in order to make an informed decision on the plan, and submit a ballot.

6. As the Court is keenly aware, this Chapter 9 proceeding is the largest ever filed, and currently the City of Detroit, Michigan (the "City") has not reached a deal with a single creditor. And yet the proposed timeline in the Scheduling Order seeks to have a confirmation hearing approximately three and a half months after the City's proposed plan of adjustment was first filed. This schedule is significantly shorter than any of the other major municipal bankruptcies.[2]

7. Furthermore, the Contract Administrator is concerned that the expedited schedule could result in parties reviewing and relying upon incomplete information, which will only promote a confusing and piecemeal approach to what, all assuredly will agree, is one of the most

---

[2] *See*, In re City of Stockton, Case No.12-32118 (E.D. Cal.), In re City of San Bernardino, Case No. 6:12-28006 (C.D. Cal.), In re Jefferson County, Alabama, Case No. 11-05736 (N.D. Ala.), and In re City of Vallejo, Case No. 08-26813 (E.D. Cal.).

complex bankruptcy proceedings in history.  By requiring confirmation objections to be filed prior to approval of the disclosure statement and dissemination of an approved disclosure statement, the Scheduling Order violates Bankruptcy Rule 3017(d) as set forth above, but also has the effect of violating Section 1125(b) of the Bankruptcy Code, which precludes postpetition solicitation of an acceptance or rejection of a plan until a court has approved the disclosure statement after notice and hearing.

8. While the Contract Administrator is mindful of the Court's desire for an expeditious process, this must be balanced against not only due process (*i.e.*, sufficient notice under Bankruptcy Rule 3017(d)), but adequate disclosure under Section 1125 of the Bankruptcy Code.  Congress described the requirement of adequate disclosure to parties in interest as a key feature of the reorganization provisions of Chapter 11.  H.R.Rep.No. 595, 95th Cong., 1st Sess. At 226 (1977).

9. As described by at least one Court:  "[t]he United States Trustee, the creditors and the other parties in interest are more familiar than the court with the case, and are more likely to spot inaccuracies and deficiencies.  In addition, participants in the case should have the chance to review the proposed disclosure statement, raise potential objections with the plan proponent, negotiate necessary changes, and present a 'cleaner,' amended disclosure statement for judicial approval." *In re Amster Yard Assoc.*, 214 B.R. 122, 125 (Bankr. S.D.N.Y. 1997).

10. Thus, while the Contract Administrator supports the proposed schedule accompanying the Comment (with the exception of the plan objection deadline discussed above), the Contract Administrator remains concerned that the process does not promote the core tenants of Title 11, specifically ensuring that parties have sufficient notice and information to make an informed decision on the City's proposed plan of adjustment.

## RESERVATION OF RIGHTS

11. This Joinder is submitted without prejudice to subsequently seeking relief from or modification to any such order respecting the matters set forth in the Scheduling Order and/or this Joinder as circumstances may occur and/or warrant.

## CONCLUSION

For the foregoing reasons, the Contract Administrator respectfully requests that the Court enter a modified order that provides (i) no less than sixty (60) days between the date of submission of solicitation packets to DTC and the voting deadline, (ii) for a plan objection deadline after the ballot voting deadline, and (iii) that solicitation packets must be submitted to DTC seven (7) days after entry of an order approving a disclosure statement.

Dated: February 28, 2014
      New York, New York

RESPECTFULLY SUBMITTED,

DRINKER BIDDLE & REATH LLP

  /s/ Heath D. Rosenblat
Heath D. Rosenblat, Esq.
Kristin K. Going Esq. (Application Pending)
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Heath.Rosenblat@dbr.com
E-mail: Kristin.Going@dbr.com
Telephone: (212) 248-3140

-and-

Dirk H. Beckwith, Esq. (P35609)
32300 Northwestern Highway, Suite 230
Farmington Hills, Michigan 48334-1471
Telephone: (248) 539-9918
E-mail: dbeckwith@fosterswift.com

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*