Elaine E. Thayer
5345 Urbana Drive
Brighton, MI 48116
(810) 220-8074
Email: homeet@comcast.net

March 4, 2014

Mayor Michael Duggan
2 Woodward Avenue, Suite 1126
Detroit, MI 48226

Kevyn Orr, Emergency Manager
2 Woodward Avenue
Suite 1126
Detroit, MI 48226

WJBK Fox 2
P.O. Box 2000
16550 West Nine Mile Road
Southfield, MI 48037-2000
ATTN: Huel Perkins

Honorable Judge Steven W. Rhodes
U.S. Bankruptcy Court for the Eastern
 District of Michigan, Southern Division
211 W. Fort Street, Suite 1800
Courtroom 1825 – Case No. 13-53846
Detroit, MI 48226

Retirement System The City of Detroit
2 Woodward Avenue, Room 908
Detroit, MI 48226

Governor Rick Snyder
111 S. Capitol Avenue
Lansing, MI 48933

I would like to ask you to read this letter as it addresses Pension issues that I have yet to hear being discussed through all the Bankruptcy discussions.

First and foremost, the City of Detroit entered into what they called the "General Retirement System 1973 Defined Benefit/Defined Contribution Plan of the City of Detroit." This was in reality two separate plans, the first being the 1973 Defined Benefit Plan which guaranteed a City retiree a fixed monthly pension check for the rest of their life and possibly a beneficiary if they had chosen that option. The other part of this plan known as the 1973 Defined Contribution Plan was an <u>optional</u> savings plan for employees. If you chose to contribute to this plan, the funds were invested and you received a rate of return annually. There was no guarantee as to what your account would be worth at the time of your retirement.

Then along came the "New 1998 Defined Contribution Plan" offered by the City of Detroit as a second pension option. The employees that were currently in the Defined Benefit Pension Plan had the opportunity to transfer into this New 1998 Defined Contribution Plan. This Pension Plan is a 401k, which means the employee is responsible for their choice of investment portfolios offered through the Mutual Funds administered by Great West Retirement Services. The employee contributes to this pension plan every pay along with the City. In this case, the employee bears the risks associated with investments not the City of Detroit. When it's time for an employee to retire under the Defined Contribution Pension Plan they do not receive a check from the City for a fixed amount of money every month. Instead, all the years that the employee was contributing to their Defined Contribution Plan the money was held in an account under the

employee's name and thus the funds always belonged to that employee once they entered his account. The employee decides how he wants to withdraw his funds for his retirement years.

In either case, whether an employee chose to remain in the Defined Benefit Pension Plan or to transfer to the New 1998 Defined Contribution Pension Plan they would all be retirees one day with a pension they earned through their years of service at the City of Detroit.

The Pension portion of the current Bankruptcy Case No. 13-53846 only addresses cutting the pensions of Defined Benefit members due to the retirement funds being underfunded. Because these employees chose to stay with the Defined Benefit Pension due to its guaranteed security they are now being told they have to bear part of the financial crisis that the City of Detroit now faces. However, the employees who transferred to the Defined Contribution Pension Plan are not affected because the money that was set aside for their retirement went directly into their personal accounts relieving the City of the additional future funding liability, but also preventing them from attaching their pension funds in times such as what the City is now facing in this Bankruptcy case.

I want to know how anyone can decide to go after only one group of retirees from the City of Detroit? If the Defined Benefit retirees have to bear a part of this financial burden then the Defined Contribution retirees should also be made to contribute, but that can't happen can it considering they ran with their money. How do you justify targeting only part of the retirees from the City of Detroit? The current changes in the Health Care are affecting not only current employees but also retirees. Any reductions to pensions should also be across the board reducing the accruing pensions of current employees as well as retirees who retired under the Defined Benefit Plan or the Defined Contribution Plan.

The City of Detroit along with many other cities made promises to their employees with regards to pensions for their retirees not knowing whether they would be able to meet the demands or not. Yet, in 1963 the State Constitution of Michigan, Section 24, Public Pension Plans and Retirement Systems, Obligations was put to a vote and the residents of this State approved the following language, "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby." Governor Rick Snyder took office on January 1, 2011 and part of the Oath of Office that he made was to uphold the Michigan Constitution. I realize that these are different times from 1963 when Section 24 was approved and made part of our State Constitution, but there have been many down times since then and the Defined Pension benefits were never under fire as they are today. I also realize that Governor Rick Snyder is making efforts to fund portions of the financial burden that the City of Detroit is facing and that is greatly appreciated by all Michiganders. However, he needs to re-visit his Oath of Office and what he stood for on January 1, 2011 he should still stand for today no matter how difficult or inconvenient. Oaths of Office are meant to be upheld not forgotten.