**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

--------------------------------------------------------x

In re                                  :    Chapter 9
                                       :
CITY OF DETROIT, MICHIGAN,             :    Case No. 13-53846
                                       :
                        Debtor.        :    Hon. Steven W. Rhodes
                                       :
                                       :
                                       :
                                       :

--------------------------------------------------------x

**ORDER (I) ESTABLISHING PROCEDURES FOR SOLICITATION**
**AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN**
**OF ADJUSTMENT AND (II) APPROVING NOTICE PROCEDURES**
**RELATED TO CONFIRMATION OF THE PLAN OF ADJUSTMENT**

This matter came before the Court on the *Motion of the City of Detroit for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* (Docket No. 2789) (the "Motion").[1]  The Court reviewed the Motion and all objections thereto, heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court on March 5, 2014 (the "Initial Hearing") and at a further hearing held on March 11, 2014 (together with the Initial Hearing, the "Hearing"), the rules

---

[1]  Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

for tabulation of ballots (the "Amended Tabulation Rules," attached hereto as Exhibit 1), and the form of notice of voting dispute resolution procedures (the "Notice of Voting Dispute Resolution Procedures," attached hereto as Exhibit 2). The Court has determined, after due deliberation, that (a) it has jurisdiction over this matter, (b) this is a core proceeding, (c) notice of the Motion and the Hearing was adequate under the circumstances and (d) the relief requested in the Motion, as modified herein, is fair, equitable and in the best interests of the City, its creditors and other parties in interest.[2]

Accordingly, it is hereby ORDERED that:

1.      The Motion is granted to the extent set forth in this Order.

2.      The Solicitation Procedures and Confirmation Procedures, as modified and approved by this Order, provide a fair and equitable noticing and voting process and satisfy the requirements of title 11 of the United States Code (the "Bankruptcy Code"), including sections 103(f), 105(a), 901(a), 1125, 1126 and 1128 of the Bankruptcy Code; the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including Bankruptcy Rules 2002, 3017, 3018, 3020, 9007 and 9008; the Local Rules of the Bankruptcy Court for the Eastern District of

---

[2]     To the extent any finding of fact in this order constitutes a conclusion of law, it is adopted as such. To the extent any conclusion of law in this order constitutes a finding of fact, it is adopted as such.

Michigan (the "Local Rules"), including Local Rules 3017-1 and 3018-1; and the requirements of due process.

3.    The record date for purposes of determining which creditors are entitled to vote on the Plan (the "Voting Record Date") shall be April 14, 2014.

4.    With respect to any claim that is transferred prior to the Voting Record Date, the transferee will be entitled to vote on the Plan on account of such transferred claim only if both of the following conditions are satisfied prior to the Voting Record Date:  (a) the transferee files a notice of the transfer pursuant to Bankruptcy Rule 3001(e); and (b) (i) the objection deadline with respect to such transfer has passed and no party has objected to the transfer, (ii) if there are any objections to the transfer, such objections have been resolved or (iii) the transferor has signed a sworn statement confirming the validity of the transfer.

5.    The City, through Kurtzman Carson Consultants LLC (the "Balloting Agent") shall send a Solicitation Package, no later than April 28, 2014, to (a) any party that is entitled to vote on the Plan and that has filed a timely proof of claim (or such party's transferee, if such transferee is entitled to vote on the Plan in accordance with paragraph 4 of this order), which claim has not been disallowed, waived or withdrawn prior to the date of the mailing of the Solicitation Packages; (b) any party that is entitled to vote on the Plan and that the City listed as holding a claim in the Second Amended List of Creditors and Claims (the "List of

Creditors"), attached as Exhibit A to the *Notice of Filing of Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code* (Docket No. 1059), which claim is not listed as a contingent, unliquidated or disputed claim, and which claim has not been disallowed, waived or withdrawn prior to the date of the mailing of the Solicitation Packages; (c) all Nominees of Beneficial Holders of claims in Classes 1A, 1B, 1C, 1D, 7, 8 or 9 under the Plan; (d) all insurers of securities giving rise to claims in Classes 1A, 1B, 1C, 1D, 1E, 7, 8 or 9 under the Plan (collectively, the "Insurers"); (e) any known participant in the General Retirement System of the City of Detroit or the Police and Fire Retirement System of the City of Detroit and all related known holders of OPEB claims, regardless of whether such person is identified on the List of Creditors or has filed a proof of claim; (f) all known counterparties to unexpired leases and executory contracts as of the City's petition date, July 18, 2013; and (g) the United States Trustee for the Eastern District of Michigan.

6.     The Solicitation Package shall be required to include the following information and documents:

    a.     a copy of the Confirmation Hearing Notice;

    b.     a CD-ROM which includes the Plan, the Disclosure Statement and all exhibits thereto that have been filed in this case prior to the date of the mailing of the Solicitation Package;

    c.     the appropriate form of Ballot for voting on the Plan;

    d.     a Ballot return envelope;

e.     a copy of the Amended Tabulation Rules;

f.     a copy of the Notice of Voting Dispute Resolution Procedures; and

g.     a cover letter (i) describing the contents of the Solicitation Package, (ii) describing the contents of the CD-ROM and instructions for using the CD-ROM and (iii) providing information about how to obtain, at no charge, hard copies of any materials provided on the CD-ROM.

7.     The ballots, the form of which will be determined in connection with the Disclosure Statement Hearing (collectively, the "Ballots"), will be distributed as part of the Solicitation Package as provided below.

a.     With respect to Classes 1A, 1B, 1C, 1D, 7, 8 and 9 (and any subclasses thereof under the Plan), the City shall be required to obtain a listing of all Nominees as of the Voting Record Date. The DTC shall be required to provide the City or the Balloting Agent with a list of all Nominees within three business days of entry of the order approving the Disclosure Statement. On or before April 28, 2014, the Balloting Agent shall send Solicitation Packages to the Nominees with instructions to (i) forward Solicitation Packages to the applicable Beneficial Holders, (ii) collect ballots from the Beneficial Holders (the "Beneficial Ballots"), (iii) prepare a Master Ballot based on the contents of the Beneficial Ballots and (iv) return the Master Ballot to the Balloting Agent by the Voting Deadline. Any Beneficial Holder that holds Debt Instruments in its own name, as opposed to through a Nominee, will submit a Ballot directly to the Balloting Agent and will not vote through the Master Ballot process.

b.     Each Insurer shall receive a Ballot from the Balloting Agent that is required to be returned directly to the Balloting Agent by the Voting Deadline.

c.     Each Beneficial Holder and each Insurer of securities giving rise to claims in (i) Classes 1A, 1B, 1C or 1D (or any subclass thereof) will receive separate ballots for each CUSIP of securities giving rise to claims in Classes or subclasses in which it holds or insures claims and (ii) Classes 1E or 1F will receive separate Ballots for each subclass of claims in which it holds or insures claims.

d.     Holders of claims in Classes 5, 12, 13 and 14, and each of the Beneficial Holders of securities giving rise to Claims in Classes 1E and 1F shall receive a Ballot from the Balloting Agent that is required to be returned directly to the Balloting Agent by the Voting Deadline.

e.     Each holder of a Class 13 Other Unsecured Claim is permitted to elect to reduce its claim to $25,000 in the aggregate and obtain treatment of such reduced claim as a Class 14 Convenience Claim (the "Convenience Class Election").  The City is hereby authorized to use the Class 13 Ballots as the mechanism for Class 13 creditors to make the Convenience Class Election.

f.     Each Beneficial Holder or each Insurer of securities giving rise to a Class 9 COP Claim is permitted to elect to participate in the Plan COP Settlement (the "COP Settlement Election").  The City is hereby authorized to use the Class 9 Ballots as the mechanism for each Class 9 Beneficial Holder and Insurer to make the COP Settlement Election.

g.     Each Beneficial Holder or each Insurer of securities giving rise to a claim in Classes 1A, 1B, 1C or 1D (or any subclass thereof) is permitted to elect the form of payment they are entitled to receive under the Plan (the "Distribution Elections").  The City is hereby authorized to use the Ballots for Classes 1A, 1B, 1C and 1D (and any subclass thereof) for each Beneficial Holder and each Insurer of these classes as the mechanism for each such Beneficial Holder and Insurer to make the Distribution Elections.  The Distribution Elections will be made for each individual CUSIP of securities giving rise to claims in such classes which each Beneficial Holder or each Insurer holds or insures.

h.     The Convenience Class Elections, COP Settlement Elections and Distribution Elections (collectively, the "Elections") made on the Ballots will be deemed irrevocable and legally binding obligations of the electing creditors, each Beneficial Holder, or each Insurer, as applicable, upon the execution of the Ballots and confirmation of the Plan.

i.     A Class 1A, 1B, 1C, 1D or 13 Ballot that (i) neither accepts nor declines its respective Election, (ii) elects both to accept and decline the Election or (iii) otherwise attempts to partially accept and partially decline the Election will be deemed to decline the Election.  For the avoidance of doubt, each Beneficial Holder and each Insurer of securities giving rise to claims in (a) Classes 1A, 1B, 1C or 1D (or any subclass thereof) may vote differently and make different elections for each respective CUSIP of securities giving rise to claims in such classes or subclasses which they hold or insure, provided that all votes cast and elections made by a voting party with respect to claims arising in connection with any particular CUSIP must be the same for such CUSIP, and (b) Classes 1E or 1F may vote differently for each respective subclass in which they hold or insure claims.

j.     A Class 9 Ballot that (i) neither accepts nor declines the COP Settlement Election or (ii) elects both to accept and decline the COP Settlement Election with respect to all Class 9 claims voted thereon will be deemed to decline the COP Settlement Election.

8.     All Ballots, including Master Ballots, must be properly executed, completed and delivered to the Balloting Agent either by (a) mail in the return envelope provided with each Ballot, (b) overnight courier or (c) personal delivery so that, in each case, all Ballots are received by the Balloting Agent no later than 5:00 p.m., Eastern Time, on June 30, 2014 (the "Voting Deadline").

9.     The following voting dispute resolution procedures are approved:

a.   If a party (including, but not limited to, an Insurer) is not identified in the Plan or in the Motion as having the right to vote on the Plan, and if that party believes it has a right to vote on the Plan, then, by May 13, 2014, the party (the "Claiming Party") shall file and serve on the ECF noticing list a "Notice of Asserted Right to Vote a Claim" and a brief in support of the rights asserted therein, which brief shall identify (i) the claim(s) (and Classes or subclasses, as applicable) with respect to which the Claiming Party asserts voting rights, (ii) whether the Claiming Party possesses the right to make an Election with respect to such claim(s), (iii) the legal and factual support for asserting such voting and/or Election rights, and (iv) the proper treatment of the Claiming Party's vote(s) for purposes of section 1126(c) of the Bankruptcy Code.

b.   The Claiming Party's Notice of Asserted Right to Vote a Claim and supporting brief shall be made available on the Balloting Agent's website.

c.   Any holder affected by a Claiming Party's Notice of Asserted Right to Vote a Claim (any such holder, an "Affected Holder"), U.S. Bank National Association, in its capacity as trustee for those certain bonds issued by the City for the Detroit Water and Sewer Department (the "Water and Sewer Bond Trustee"), those certain holders of Detroit water and sewer revenue bonds represented by Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and Kramer Levin Naftalis & Frankel LLP (the "Ad Hoc Committee of Water and Sewer Bondholders"), Wilmington Trust, National Association, as Successor Trustee for the Detroit Retirement Systems Funding Trust 2005 and the Detroit Retirement Systems Funding Trust 2006 (the "COPs Trustee"), or any representative thereof shall each be permitted to file and serve on the ECF noticing list a brief in response to any Notice of Asserted Right to Vote by June 12, 2014.

d.   Any Claiming Party that files Notice of Asserted Right to Vote a Claim shall be permitted to file and serve any reply brief in support of such notice on the ECF noticing list by June 20, 2014.

e.   A hearing will be held on June 26, 2014 at which the Court shall hear and determine any disputes arising in connection with a Notice of Asserted Right to Vote a Claim.

f.   Any determination by the Court as to who has the right to vote, who has the right to make Elections and how the votes will be treated for purposes of section 1126(c) of the Bankruptcy Code for a particular CUSIP of securities giving rise to claims in Classes 1A, 1B, 1C or 1D or for a particular class or subclass of securities giving rise to claims in Classes 1E or 9, as applicable, shall be applicable to all Affected Holders and the Claiming Party with respect to that particular CUSIP of securities, class or subclass, as applicable.

g.   Any Claiming Party that does not assert any alleged voting rights pursuant to the procedures set forth in this paragraph 9 shall be barred from asserting such rights at any later date.

h.   If neither (i) an Affected Holder nor (ii) (A) the Water and Sewer Bond Trustee, (B) the COPs Trustee or (C) the Ad Hoc Committee of Water and Sewer Bondholders (as applicable) contests a Notice of Asserted Right to Vote a Claim, the Claiming Party will be granted the relief sought in its Notice of Asserted Right to Vote a Claim.

i.   If the Voting Deadline established in this Court's Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Docket No. 2937) is altered, the City, the Insurers, any Claiming Parties, the Water and Sewer Bond Trustee, the Ad Hoc Committee of Water and Sewer Bondholders and the COPs Trustee may, by mutual agreement, seek a further order of the Court that correspondingly alters the deadlines established in this paragraph 9.

10.   The form of the Notice of Non-Voting Status attached to the Motion as Exhibit 6B is hereby approved.  The City is authorized to distribute to holders of claims in Classes 2A, 2B, 2C, 2D, 2E, 2D, 3, 4, 6 and 15, which classes are not

entitled to vote under the terms of the Plan, the Notice of Non-Voting Status in lieu of Solicitation Packages.

11.     The Amended Tabulation Rules establish a fair and equitable voting process and are hereby approved.

12.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of allowance of, or distribution on account of, any claim and without prejudice to the rights of the City in any other context, each claim within a Class of claims entitled to vote on the Plan, with the exception of claims in Classes 10 and 11, shall be temporarily allowed in accordance with the Amended Tabulation Rules.  Claims in Classes 10 and 11 shall be allowed as set forth in supplemental tabulation rules, to be approved by the Court at a future date.

13.     If any claimant seeks different treatment of a claim for voting purposes, other than in accordance with the Amended Tabulation Rules, such claimant shall be required to file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the City's counsel by the later of (a) May 1, 2014 or (b) 10 days after the date of service of a notice of objection, if any, to the applicable claim. Any Ballot submitted by a claimant that files a Rule 3018 Motion shall be counted solely in accordance with the Amended Tabulation Rules until the underlying

claim is temporarily allowed by order of this Court for voting purposes in a different amount or classification, after notice and a hearing.

14.     The requirement that a party file a Rule 3018 Motion does not apply to any Beneficial Holder on whose behalf a proof of claim was filed by such Beneficial Holder's trustee.

15.     In order to ensure that Solicitation Packages can be prepared and served by April 28, 2014, DTC is directed, within three business days of entry of any order approving the Disclosure Statement, to provide the City with the list of the names and addresses of all Nominees of securities giving rise to claims in Classes 1A, 1B, 1C, 1D, 7, 8, or 9 as of the Voting Record Date.

16.     The City or the Balloting Agent shall file a summary of the results of the tabulation of all Ballots and Master Ballots (the "<u>Ballot Tabulation Summary</u>") on or before July 11, 2014 at 5:00 p.m. Eastern Time.

17.     The Confirmation Hearing Notice substantially in the form attached to the Motion as Exhibit 6A is approved.  The City shall include a copy of the Confirmation Hearing Notice with the Solicitation Packages.

18.     The City shall publish a copy of the Confirmation Hearing Notice on or before May 9, 2014 in *The Detroit Free Press* and the national editions of *USA Today* and *The Wall Street Journal*.  Such notice by publication is hereby deemed to provide sufficient notice, consistent with the requirements of due process, of the

approval of the Disclosure Statement, the Voting Deadline, the time, date and place of the Confirmation Hearing, and the injunctions provided under the Plan, to persons who do not otherwise receive notice by mail pursuant to this order.

19.     The Solicitation Procedures and Confirmation Procedures, as modified and approved by this Order, will provide sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Elections available to certain classes, the Tabulation Rules and the Confirmation Hearing.

20.     The City is authorized to make non-substantive or immaterial changes to the Plan (in accordance with the terms thereof and section 942 of the Bankruptcy Code), the Amended Tabulation Rules, the Confirmation Hearing Notice, the Notice of Non-Voting Status, the Solicitation Packages and all related documents, without further order of the Court, including, but not limited to (a) ministerial changes to correct typographical and grammatical errors, (b) conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to the mailing thereof and (c) altering the format of such documents to facilitate their efficient distribution.

21.     Upon the occurrence of any material modification, amendment or alteration to or of the proposed Plan, or the filing by the City of any alternative plan of adjustment under chapter 9 of the Bankruptcy Code, any creditor or party-in-interest in this case shall be entitled to file a motion with this Court requesting

12

any appropriate relief on an expedited basis, including, without limitation, entry of an order modifying, vacating or amending: (a) this Order; (b) any of the Solicitation and Confirmation Procedures, as modified and approved by this Order; and/or (c) the Tabulation Rules.

22.     Notwithstanding any provision in this Order or the Tabulation Rules, the rights of all creditors and parties-in-interest in this case to make any and all objections to the City's proposed Disclosure Statement and proposed Plan, including, but not limited to, any objections to any of the City's proposed classifications of claims, are fully preserved.

23.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

24.     The City and its counsel are authorized, in their discretion, to take or refrain from taking any action necessary or appropriate to effectuate the terms of and relief granted by the Order in accordance with the Motion and without further order of the Court.

25.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**Signed on March 11, 2014**

_____
     **/s/ Steven Rhodes**
     **Steven Rhodes**
     **United States Bankruptcy Judge**

# **Exhibit 1**

CLI-2192857v8

## PROPOSED RULES FOR TABULATION OF BALLOTS

I.      Unless otherwise provided in the rules below, and except as provided in Rule III, a claim will be deemed temporarily allowed for voting purposes in an amount equal to the full stated amount claimed by the holder of such claim to be an unsecured nonpriority claim in any proof of claim filed by the applicable bar date (or otherwise deemed timely filed under applicable law) to the extent that the proof of claim specifies a fixed or liquidated amount. Any additional contingent or unliquidated amounts will be temporarily disallowed for voting purposes.

II.     If a claim is deemed allowed under the *Plan for the Adjustment of Debts of the City of Detroit (February 21, 2014)* (as it may be amended, modified or supplemented, the "Plan"),[1] such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan.

III.    Notwithstanding any other provision in these rules, claims in Classes 1A, 1B, 1C, 1D, 1E, 1F, 7, 8 and 9 (or any subclass thereof) will be deemed temporarily allowed for voting purposes in the full amount set forth in the Plan regardless of whether any such claim is classified as secured, contingent, disputed or unliquidated; provided that, for good cause shown, the City can petition the Court for leave to object to the allowance of such claims for voting purposes consistent with Rule VII below. Notwithstanding the first sentence hereof, for the avoidance of doubt, each Insurer of securities giving rise to claims in Classes 1A, 1B, 1C, 1D, 1E, 7, 8 or 9 (or any subclass thereof) will be allowed to vote the full amount of the principal of, interest on, and any other amount payable pursuant to the securities it insures in these classes. Notwithstanding the first sentence hereof, for the avoidance of doubt, each Beneficial Holder of securities giving rise to claims in Classes 1A, 1B, 1C, 1D, 1E, 1F, 7, 8 or 9 will be allowed to vote the full amount of the principal of, and interest on, and any other amount payable pursuant to the securities it beneficially holds.

IV.    Except as provided in Rule III, if a claim for which a proof of claim has been timely filed is marked or identified as contingent or unliquidated on its face or if the proof of claim does not otherwise specify a fixed or liquidated amount, such contingent or unliquidated claim will be temporarily allowed for voting purposes in the amount of $1.00.

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the *Motion of the City of Detroit for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment.*

V.     If a claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court or by an agreement between the City and the creditor estimating or otherwise allowing a claim for voting purposes (an "Estimation Agreement"), such claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court.  The following shall apply to Estimation Agreements:

a.     With respect to any Estimation Agreement, the City must file a notice of such agreement (an "Estimation Notice") with the Bankruptcy Court and serve such Estimation Notice on (i) the affected creditor, (ii) the Retiree Committee appointed in the City's bankruptcy case, (iii) the United States Trustee for the Eastern District of Michigan and (iv) all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

b.     Each Estimation Notice: (i) may address a single claim or multiple claims; (ii) shall describe the pertinent terms of the Estimation Agreement between the parties (including the amount in which the creditor's claim will be temporarily allowed for voting purposes); and (iii) provide that any party in interest may file written objections to the Estimation Agreement described therein (an "Estimation Objection") and serve such objection on the City and the affected creditor no later than seven days after service of the Estimation Notice (the "Estimation Objection Deadline").

c.     If no Estimation Objection is filed and served by the Estimation Objection Deadline with respect to a particular Estimation Agreement, the claim or claims addressed in the relevant Estimation Agreement will be temporarily allowed for voting purposes as set forth in the Estimation Agreement without further action of the parties or the Bankruptcy Court.

d.     If an Estimation Objection is timely filed and served and such Estimation Objection is not resolved consensually by the parties, the claim or claims addressed in the Estimation Agreement will not be temporarily allowed for voting purposes unless approved by an order of the Bankruptcy Court.  The City or the claimant may schedule any such Estimation Objection and the related Estimation Agreement for hearing before the Bankruptcy Court.  Along with any notice of hearing on a contested Estimation Agreement, the City may file additional briefing in support of the agreement.

VI.    Except as provided in Rule III, if a claim is (a) either (i) not listed in the List of Creditors or (ii) listed in the List of Creditors as contingent, unliquidated or disputed, and (b) a proof of claim was not timely filed or deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, then, unless the City has consented otherwise in writing, such claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).[2]

---

[2]     Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall

CLI-2192857v8

VII.  Subject to Rule III, if the City has filed and served an objection to a claim by May 15, 2014, such claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection. If an objection does not identify the proposed amount of a claim (e.g., if the claim remains subject to estimation or liquidation), then such claim will be temporarily allowed in the amount of $1.00.

VIII.  Except as provided in Rule III, if the automatic stay has been modified by an order of the Bankruptcy Court at least fifteen days before the Voting Deadline to permit a claim to be adjudicated, in whole or in part, in another court (including an appellate court), such claim will be temporarily allowed in the amount of $1.00.

IX.  If a creditor identifies a claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the tabulation rules set forth herein, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

X.  Except as provided in Rule III, if a creditor submits a Ballot relating to a claim (a) for which there is no timely-filed proof of claim and there is no corresponding non-contingent, liquidated, undisputed claim held by such claim holder set forth in the List of Creditors, or (b) which has been disallowed, waived, or withdrawn by order of the Bankruptcy Court, by stipulation, or otherwise, then such Ballot will not be counted unless otherwise ordered by the Bankruptcy Court.

XI.  Any Ballot that does not indicate either an acceptance or a rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, will not be counted; provided that Beneficial and individual Ballots for voting Class 9 claims may indicate both acceptance and rejection of the Plan, consistent with the ability of Holders thereof to split their respective votes.

XII.  With respect to any Ballot that contains an option to make a Convenience Class Election, Settlement Election or Distribution Election (each an "Election"), the Election made on the Ballot will be deemed irrevocable and legally binding upon execution of the Ballot and confirmation of the Plan.

XIII.  A Class 1A, 1B, 1C, 1D or 13 Ballot that (a) neither accepts nor declines its respective Election, (b) elects both to accept and decline the Election or (c) otherwise attempts to partially accept and partially decline the Election will be deemed to decline the Election.

XIV.  A Class 9 Ballot that (a) neither accepts nor declines the COP Settlement Election or (b) elects both to accept and decline the COP Settlement Election with respect to all Class 9 claims voted thereon will be deemed to decline the COP Settlement Election.

XV.  Any Ballot that is not executed shall not be counted.

---

file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

CLI-2192857v8

XVI. If a creditor casts more than one Ballot voting the same claim, the latest-dated properly executed Ballot received before the Voting Deadline will supersede any other previously-received Ballots.

XVII. Except as set forth in this Rule XVII, any creditor with more than one claim in a particular class or, if there are subclasses, in the particular subclass must vote all such claims either to accept the Plan or to reject the Plan. Holders of Class 9 claims shall be permitted to split their respective votes, accepting the Plan with respect to certain Class 9 claims while rejecting the Plan with respect to others. Each Beneficial Holder and each Insurer of securities giving rise to claims in (a) Classes 1A, 1B, 1C or 1D (or any subclass thereof) may vote differently and make different elections for each respective CUSIP of securities giving rise to claims in such classes or subclasses which it holds or insures, provided that all votes cast and elections made by a voting party with respect to claims arising in connection with any particular CUSIP must be the same for such CUSIP and (b) Classes 1E or 1F may vote differently for each respective subclass in which it holds or insures claims. Other than as set forth in this Rule XVII, if any such creditor casts a Ballot or Ballots purporting to split its vote with respect to claims in the same class or, if there are subclasses, in the particular subclass, the Ballot or Ballots will not be counted.

XVIII. Any creditor with claims in more than one class must submit a separate Ballot for each class. If a creditor uses a single Ballot to vote claims in more than one class, that Ballot will not be counted.

XIX. Ballots delivered by email, fax or any other electronic means will not be counted.

XX. If a transferor of a claim has already voted with respect to that claim, the transferee of such claim may not change that vote either before or after the Voting Deadline.

XXI. The following procedures shall apply only with respect to the tabulation of Ballots submitted on account of the Beneficial Holders of claims in Classes 1A, 1B, 1C, 1D, 7, 8 and 9 only.

    a. Votes cast through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee shall not be counted in excess of the amount of debt securities held by such Nominee as of the Voting Record Date.

    b. If conflicting votes or "over-votes" are submitted by a Nominee, the City or Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee.

    c. If over-votes are submitted by a Nominee that are not reconciled prior to the preparation of Ballot Tabulation Summary (as defined below), then the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position in the debt securities.

d.   For purposes of tabulating votes, each Beneficial Holder shall be deemed to have voted only the principal amount of and interest due on its securities.

e.   A single Nominee may complete and deliver to the Balloting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Ballots.  If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall supersede any prior Master Ballot.

f.   A person signing a Beneficial Ballot or Master Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required by court order or requested, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.

g.   Each Nominee to which Beneficial Ballots are returned shall (i) summarize the results of all votes cast by the Beneficial Holders on the Master Ballot, (ii) return the Master Ballot to the Balloting Agent so that it is received by the Voting Deadline <u>and</u> (iii) provide the Balloting Agent with a copy of all Beneficial Ballots received by the Nominee.

h.   Each Nominee shall retain the originals of all Beneficial Ballots for a period of at least one year following the Voting Deadline and shall make such Beneficial Ballots available for inspection upon request of the Bankruptcy Court, the Balloting Agent or counsel for the City.

i.   If an agreement is reached among the City, the Balloting Agent and a member of the Ad Hoc Bondholder Committee with respect to securities giving rise to claims in Classes 1A, 1B, 1C or 1D, such agreeing member of the Ad Hoc Bondholder Committee may return its Ballot(s) directly to the Balloting Agent and is not required to submit its respective Ballot(s) to any Nominee.

XXII.   The Balloting Agent shall date- and time-stamp all Ballots, including Master Ballots, when received.  The Balloting Agent shall retain all original Ballots, including Master Ballots and Beneficial Ballots, and an electronic copy of each for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court.

XXIII.   The Balloting Agent shall prepare a summary of the results of the tabulation of all Ballots, including Master Ballots (the "<u>Ballot Tabulation Summary</u>"), which will include a certification of votes by the Balloting Agent, and which will identify, among other things, Ballots that were withdrawn and votes that were changed as a result of a superseding Ballot.  The Ballot Tabulation Summary shall be filed with the Court on or before July 11, 2014.

XXIV.   The City may waive any defects or irregularities as to any Ballot, including any Master Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented only in the Ballot Tabulation Summary.

# **Exhibit 2**

CLI-2193136v3

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------------x
                                              :
In re                                         :    Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                     :    Case No. 13-53846
                                              :
                        Debtor.               :    Hon. Steven W. Rhodes
                                              :
                                              :
                                              :
-------------------------------------------------------x
```

## NOTICE OF VOTING DISPUTE
## RESOLUTION PROCEDURES RELATED TO THE PLAN
## <u>FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT</u>

PLEASE TAKE NOTICE OF THE FOLLOWING

      1.     A claiming party (a "<u>Claiming Party</u>"), including, but not limited to, an insurer of a security giving rise to a claim in Classes 1A, 1B, 1C, 1D, 1E, 7, 8 or 9, may assert a right to (a) vote to accept or reject the Plan for the Adjustment of Debts of the City of Detroit (February 21, 2014) (Docket No. 2708) (as it may be amended, modified or supplemented, the "<u>Plan</u>")[1] in respect of your claim and/or (b) make an election (if applicable) with respect to the treatment of that claim under the Plan (any such election, an "<u>Election</u>").

---

[1]    Capitalized terms used but not defined herein have the meaning given to them in the Plan.

CLI-2193136v3

2. The Claiming Party will file a brief explaining the legal and factual basis for asserting the right to vote and/or make an Election in respect of your claim through this Court's ECF filing system on **May 13, 2014**. The Claiming Party's brief shall be posted to (a) the website of the City's Claims and Balloting Agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/Detroit and (b) if applicable, on the Electronic Municipal Market Access website, http://emma.msrb.org/Home, as soon as reasonably practicable thereafter.

3. If a Claiming Party has asserted the right to vote to accept or reject the Plan and/or make an Election in respect of your claim, you are permitted to file a brief responding to the Claiming Party's brief on or before **June 12, 2014** through this Court's ECF filing system. If you do not file a brief in response to the Claiming Party's asserted right to vote, the Court may determine such Claiming Party is entitled to vote to accept or reject the Plan and/or make an Election in respect of your claim.

4. If you file a brief in response, the Claiming Party will be permitted to file a reply brief on or before **June 20, 2014**.

5. On **June 26, 2014 at 9:00 a.m.**, this Court will hold a hearing to determine the Claiming Party's right to vote to accept or reject the Plan and/or make an Election in respect of your claim. If a Claiming Party asserts the right to vote to accept or reject the Plan and/or make an Election in respect of your claim,

**and** you have filed a responsive brief by the date provided in this notice, you are entitled to appear and be heard by the Court at this hearing, which will be held at the United States District Court for the Eastern District of Michigan, Southern Division, 231 West Lafayette Boulevard, Detroit, Michigan 48226.