UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,     .      Docket No. 13-53846
          MICHIGAN,          .
                             .      Detroit, Michigan
                             .      March 11, 2014
                Debtor.      .      10:00 a.m.
. . . . . . . . . . . . . . .


    HEARING RE. CORRECTED MOTION OF THE OFFICIAL COMMITTEE OF
         RETIREES FOR ENTRY OF AN ORDER ALLOWING AN
      ADMINISTRATIVE EXPENSE CLAIM (DKT#2660); MOTION OF THE
     CITY OF DETROIT FOR ENTRY OF AN ORDER (I) ESTABLISHING
    PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO
     ACCEPT OR REJECT PLAN OF ADJUSTMENT AND (II) APPROVING
       NOTICE PROCEDURES RELATED TO CONFIRMATION OF THE
                PLAN OF ADJUSTMENT (DKT#2789)
           BEFORE THE HONORABLE STEVEN W. RHODES
           UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:        Jones Day
                       By:  HEATHER LENNOX
                       222 East 41st Street
                       New York, NY  10017
                       (212) 326-3837


For Erste              Ballard Spahr, LLP
Europaische            By:  MATTHEW G. SUMMERS
Pfandbrief-und         919 North Market Street, 11th Floor
Kommunalkreditbank     Wilmington, DE  19801-3034
Aktiengesellschaft     (302) 252-4428
in Luxemburg, S.A.:


For the Official       Dentons US, LLP
Committee of           By:  CAROLE NEVILLE
Retirees:              1221 Avenue of the Americas, 25th Floor
                       New York, NY  10020-1089
                       (312) 632-8390

```
Court Recorder:       Letrice Calloway
                      United States Bankruptcy Court
                      211 West Fort Street
                      21st Floor
                      Detroit, MI  48226-3211
                      (313) 234-0068

Transcribed By:       Lois Garrett
                      1290 West Barnes Road
                      Leslie, MI  49251
                      (517) 676-5092
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1    THE CLERK:  All rise.  Court is in session.  Please

2  be seated.  Case Number 13-53846, City of Detroit, Michigan.

3    THE COURT:  Good morning.  I'd like to begin with

4  the Retirees' Committee motion.  Where does that stand,

5  please?

6    MS. NEVILLE:  Good morning, your Honor.  Carole

7  Neville on behalf of the Retiree Committee.  I believe Mr.

8  Alberts was going to try to dial in.

9    THE COURT:  Are you on the line, sir?

10    MS. NEVILLE:  Well, I'm pleased to announce we have

11  an agreement.

12    THE COURT:  Okay.

13    MS. NEVILLE:  What I would like to do, your Honor,

14  is to just announce that there is a fund that will be set up

15  for the committee members, and there are procedures for the

16  defense.  It provides for us to file a motion to get the

17  courts to issue an injunction to protect the committee

18  members, but I would like not to have to read the terms yet

19  into the record and submit an order for your Honor's

20  consideration later.

21    THE COURT:  Okay.

22    MS. LENNOX:  Good morning, your Honor.  Heather

23  Lennox of Jones Day for the city, for the record.  I can

24  confirm what Ms. Neville told the Court.  We have reached a

25  settlement.  This will be documented and submitted to the

1   Court, and so we're very pleased to have this matter

2   resolved.

3           THE COURT:  All right.  When may we expect an order?

4           MS. LENNOX:  I think we can do it expeditiously,

5   your Honor.  We can get it to you this week.

6           THE COURT:  Okay.  Thank you.  All right.  And now

7   we'll address the balloting motion, please.

8           MS. LENNOX:  So since we were in front of the Court

9   last Tuesday, the parties who had objected and the parties

10  that made appearances and spoke at the hearing have

11  consulted.  We have reached an agreed form of order and

12  agreed procedures.  We filed the clean form of order last

13  night and blacklines this morning.  If your Honor doesn't

14  have the blacklines, I have copies that I can hand up.

15          THE COURT:  I do, and I have read it, and it's fine

16  with me.

17          MS. LENNOX:  Okay.  In that case, that will save me

18  from going through lots and lots of discourse on the record

19  about what's changed.  There are --

20          THE COURT:  Excellent.

21          MS. LENNOX:  -- a couple of representations that the

22  parties have asked me to make on the record with respect to

23  tabulation rule Number 3, and I'm happy to make them on the

24  record.  Tabulation Number -- tabulation rule Number 3, your

25  Honor, basically says that the bond claims are going to be

1   temporarily allowed for voting in face amount.  The city is
2   still reserving a right to object to these claims, but if it
3   does, the claims will still be allowed in their face amount
4   for voting unless the city can come to the Court and show
5   good cause why that shouldn't be the case.
6           THE COURT:  Okay.
7           MS. LENNOX:  This is precautionary.  We're not
8   intending to object to the claims right now.  We have filed
9   papers with respect to the COPs claims.  As your Honor
10  pointed out last time, those are, in effect, objections to
11  claims, nevertheless, because they are in their own class,
12  and they only affect themselves and not anybody else.  We
13  have agreed that for voting purposes they can vote in full
14  amounts.
15          THE COURT:  Okay.
16          MS. LENNOX:  There are a couple of changes to the
17  order that parties who are reading it this morning have asked
18  to make.  They are very few.  If I may walk your Honor
19  through them --
20          THE COURT:  Sure.
21          MS. LENNOX:  Okay.  The first -- looking at the
22  blackline of the order, your Honor, on paragraph 6, which is
23  on page 6 of the blackline, this is a request from the
24  Retiree Committee.  This is the paragraph that lists all of
25  the things that will be included in the solicitation package,

1    and we had the word "only," it will only include these

2    things.  Counsel for the Retiree Committee pointed out that,

3    well, we're going to have another order where more things are

4    going to go to the retirees, so they asked us to strike the

5    word "only" --

6              THE COURT:  Okay.

7              MS. LENNOX:  -- which is fine.  The next changes are

8    in paragraphs 9(f) of the order, which is on page 11 of the

9    blackline.  Three lines up from the bottom we say that any

10   determination that your Honor may make with respect to who

11   has the right to vote will be binding on all affected

12   holders.  People were concerned that that meant that they

13   couldn't appeal, so we have changed those words to

14   "applicable" to all holders.

15             THE COURT:  Okay.

16             MS. LENNOX:  Secondly, on that same page in

17   paragraph (h), the concept is if neither a bondholder nor the

18   trustee or the ad hoc committee objects to a notice of right

19   to vote, then the notice of right to vote will control.  The

20   language just was changed from "both and" to "neither nor,"

21   just a little clarifying thing, so, your Honor, the paragraph

22   will read now, "If neither, one, an affected holder, nor,

23   two," all the parties listed there, "contests a notice of

24   asserted right to vote, the claiming party will be granted

25   the relief."

1        THE COURT:  Okay.

2        MS. LENNOX:  And then finally there is a typo in

3   paragraph 24 that was pointed out to me this morning.  In the

4   second line of paragraph 24 on page 16 of the blackline, "We

5   should refrain from taking any action necessary or

6   appropriate to effectuate," not "effective," "the terms of

7   the order."  Those are the only changes to the order, your

8   Honor.

9        THE COURT:  Okay.

10       MS. LENNOX:  And does your Honor have any questions

11  with respect to any of this?

12       THE COURT:  No.

13       MS. LENNOX:  There's one final issue that counsel

14  for the safety unions, Ms. Teicher, asked me to bring to the

15  Court's attention, with which we have agreed.  By virtue of

16  some stipulations in the bar date order, counsel for the

17  safety unions -- the union filed a proof of claim for all of

18  its members that might actually have a claim.  Nevertheless,

19  the union does not want to vote those claims.  It wants the

20  individual members that have those claims to vote those

21  claims.  We have agreed that that will happen, so --

22       THE COURT:  Okay.

23       MS. LENNOX:  -- I've been asked to put that on the

24  record.  So with that --

25       THE COURT:  Does that need to be in an order or in

1   this order?

2          MS. LENNOX:  If it needs to be in an order, if Ms.

3   Teicher feels it needs to be in an order, we're happy to

4   submit a stipulation to the Court --

5          THE COURT:  All right.

6          MS. LENNOX:  -- to that effect, and with that, your

7   Honor, I believe that's all the open issues that we had with

8   respect to this order from last week.

9          THE COURT:  Thank you.  Would anyone like to be

10  heard regarding this?

11         MR. SUMMERS:  Good morning, your Honor.  Matthew

12  Summers, Ballard Spahr, on behalf of EEPK and affiliates,

13  which is the COPs holder.  Your Honor, the narrow issue that

14  I'd just like to present to the Court, this process kind of

15  started out as trying to avoid litigation, and I think now we

16  have a briefing schedule and a proposed hearing.  I, you

17  know, can see that that's the way it's going to go.  The one

18  issue I'd like to raise for your Honor is that the proposed

19  hearing date under the order that's been submitted is June

20  26, and the voting deadline is June 30th.  And I would

21  suggest that pushing the hearing date out into early July,

22  just past the voting deadline, might avoid litigation or

23  occupying the Court's time with a hearing over what may, in

24  fact, turn out to be a nonissue if parties and their -- well,

25  bondholders and their insurers vote the same way, and so I

1   would respectfully submit, your Honor, that that may avoid
2   some burden on the lawyers, would certainly avoid imposing on
3   your Honor that's sitting on the bench and hearing all these
4   issues, that might be a simple fix that I --
5            THE COURT:  I wondered about --
6            MR. SUMMERS:  -- EEPK would certainly support.
7            THE COURT:  Ms. Lennox.
8            MS. LENNOX:  This issue actually, your Honor, was
9   addressed at the prior hearing, and I'll reiterate the
10  reasons for doing it the way that we're doing it.  First is
11  we are going to have now with how we're conducting this
12  voting almost 400 classes of claims, and for most of those
13  classes of claims we're going to have two people that claim
14  the right to vote.  Because the voting in this case -- and
15  let's put the retiree voting aside one moment -- is so
16  complicated, our balloting agent had asked for three weeks to
17  tabulate the votes because it's so complicated.  We said,
18  "You're not going to get three weeks.  How about ten days?"
19  So they are already dealing with a very abbreviated time
20  frame, so our view is we need to know which votes they're
21  counting before they start counting.  The voting deadline is
22  June 30th.  That means they start counting on July 1.  We
23  can't wait another five days to figure out whose votes
24  they're counting when they're counting this many complicated
25  votes.  And we had talked about having the hearing later in

1   July or on July 1 after the voting deadline closes, but we

2   figured if this issue comes before your Honor, your Honor

3   might want a few days to consider the papers and issue a

4   ruling, and we didn't pressure the Court to say, "Well, your

5   hearing has" -- "We really, really need your order entered

6   the same day of the hearing," so we put the hearing as close

7   to the voting deadline as we could, and so that's the reason

8   for the process. We don't think that moving it any later

9   than that is really going to be workable.

10          THE COURT: All right. I'm going to stick with the

11  26th for yet another reason, which is I'm not available for a

12  hearing for two weeks after that anyway.

13          MS. LENNOX: Okay. That's a very good reason, your

14  Honor. All right. Thank you.

15          THE COURT: Anyone else want to say anything about

16  this?

17          MS. NEVILLE: Carole Neville for the Retiree

18  Committee. Your Honor, with respect to paragraph 17, it

19  approves the confirmation hearing notice, and I discussed

20  this with Ms. Lennox. We both agree that there may be

21  changes to it, and we wanted the Court to know that even

22  though this form is approved, it should maybe say

23  "substantially in the form" so that we have the right to make

24  some changes to it. It's very long right now and very

25  technical, and we may want to have some additions or change

1     some of the paragraphs.

2         THE COURT: Can you come up with some language that

3     allows for a little bit of leeway here?

4         MS. LENNOX: Your Honor, we can certainly say

5     "substantially in the form of," and if there are significant

6     changes, we can bring them to your attention before the

7     disclosure statement hearing.

8         THE COURT: Is that acceptable?

9         MS. NEVILLE: Yes.

10        THE COURT: All right. Would anyone else like to

11     say anything? All right. After you make those few changes,

12     you may upload it in our order processing program, and it

13     will be entered.

14        MS. LENNOX: Thank you, your Honor.

15        THE COURT: All right. Anything further for today?

16        MS. LENNOX: Not today, your Honor.

17        THE COURT: All right. We're in recess.

18        THE CLERK: All rise. Court is adjourned.

19     (Proceedings concluded at 10:12 a.m.)

INDEX


<u>WITNESSES:</u>

　　None

<u>EXHIBITS:</u>

　　None


　　　I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.


/s/ Lois Garrett                    March 12, 2014
_____            _____
Lois Garrett