**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
| Debtor. | Hon. Steve W. Rhodes |

_______________________________________/

**AFFIDAVIT OF PUBLICATION OF THE NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM IN THE WALL STREET JOURNAL**

# AFFIDAVIT

**STATE OF TEXAS )**
**) ss:**
**CITY AND COUNTY OF DALLAS)**

I, Jeff Aldridge, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s):

JAN-22-2014;

ADVERTISER: City of Detroit;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
22 day of January 2014

Notary Public

JENNIFER KAY WATSON LAWS
Notary Public, State of Texas
My Commission Expires
November 03, 2015

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

In re CITY OF DETROIT, MICHIGAN, Debtor. | Chapter 9 • Case No. 13-53846 | Hon. Steven W. Rhodes

**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM**

(GENERAL BAR DATE IS FEBRUARY 21, 2014 AT 4:00 P.M., EASTERN TIME)

**TO ALL PERSONS AND OTHER ENTITIES WITH CLAIMS AGAINST THE CITY OF DETROIT, MICHIGAN (THE "CITY"):**

On November 21, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (Docket No. 1782) (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 9 bankruptcy case of the City.

By the Bar Date Order, the Court established **February 21, 2014 at 4:00 p.m., Eastern Time** (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the City's case. As described below, certain claimants are not required to file proofs of claim with respect to their claims, and the Bar Date Order also establishes different bar dates with respect to certain categories of claims. See Section 1 for more information. ***To determine if you need to file a proof of claim in this case and the applicable deadline and instructions for filing a proof of claim, please read this Notice carefully.***

***List of Claims.*** On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which constitutes the City's list of claims (as amended or supplemented from time to time, the "List of Claims") under section 925 of title 11 the United States Code (the "Bankruptcy Code"). Any claim identified on the List of Claims is referred to herein as a "Scheduled Claim."

***Proof of Claim Form.*** For the convenience of potential claimants, a proof of claim form prepared for use in the City's chapter 9 case (the "Claim Form"), along with all other documents filed in the City's bankruptcy case, is available on the City's restructuring website at www.kccllc.net/detroit.

***Certain Definitions.*** The following definitions come from the Bankruptcy Code and are provided for your convenience.

As used in this Notice the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, individuals, partnerships, corporations, joint ventures and trusts.

As used in this Notice, the term "claim" means, as to or against the City and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**SECTION 1 — WHO IS NOT REQUIRED TO FILE A PROOF OF CLAIM.** The Bar Date Order provides that entities holding the following claims **are not required** to file proofs of claim on account of such claims to preserve any right they may have to receive distributions from the City and vote on any chapter 9 plan of adjustment (a "Plan") proposed by the City:

(a) Claims of retirees, employees or other beneficiaries for (a) post-employment benefits under the City's Health and Life Insurance Benefit Plan, the Supplemental Death Benefit Plan or other non-pension post-employment welfare benefits, including unfunded actuarially accrued liabilities (any such claim, a "Retirement Healthcare Claim") and (b) pension benefits (any such claim, a "Pension Claim") under the City's two retirement systems, the General Retirement System and the Police and Fire Retirement System (together, the "Retirement Systems"). In consultation with the Official Committee of Retirees appointed in the Chapter 9 Case (the "Retiree Committee"), other groups representing the interests of current and future recipients of post-employment healthcare and pension benefits and, in the case of Pension Claims, the Retirement Systems, the City intends to establish an appropriate mechanism for such retirees, employees or other beneficiaries to vote on any Plan with respect to any Pension Claims and Retirement Healthcare Claims they may possess.

(b) Claims of active employees for ordinary course compensation and employment benefits including, without limitation, wages, salaries, employee medical benefits and insurance benefits ("Ordinary Course Compensation Claims"). The City intends to continue to pay Ordinary Course Compensation Claims in the normal course. Accordingly, active employees need not file proofs of claim on account of Ordinary Course Compensation Claims. For the avoidance of doubt, claims asserted or to be asserted in any lawsuit or similar proceeding are not Ordinary Course Compensation Claims even where the claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits.

(c) Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds identified on the "Schedule of Secured Bonds" at the end of this Notice (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs"). In each case, the trustee or similar entity with respect to the applicable series of Secured Bonds or COPs has informed the City that, consistent with Bankruptcy Rule 3003(c), it intends to: (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d) Any claim by a holder for the repayment of principal or interest on or under the City's unlimited tax general obligation bonds, limited tax general obligation bonds and general fund bonds (collectively, the "GO Bonds") to preserve its right to a *pro rata* share of payments on account of the amount of principal and interest under such bonds listed in the List of Claims. Holders of GO Bonds with claims for amounts beyond principal and interest under these bonds are required to file claims for those additional amounts unless another exception applies. Also, the insurers of the GO Bonds must file any claims relating to the GO Bonds by the General Bar Date. The classification, priority and treatment of claims for principal and interest under the GO Bonds pursuant to any Plan shall not be affected by any provision of the Bar Date Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

(e) Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, provided, however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(f) Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court in a form substantially similar to Official Bankruptcy Form No. 10.

(g) Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims.

(h) Any claim that previously has been allowed by order of the Court.

(i) Any claim that has been paid in full by the City.

(j) Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than claims asserting administrative expense priority (a) under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims") or (b) as a portion of a Rejection Damages Claim (as defined below).

***For the avoidance of doubt, nothing herein or in the Bar Date Order affects any right that the claimants identified in subsections (a) through (h) of this Section 1 may have to vote on and receive distributions under any Plan proposed by the City. Further, nothing herein or in the Bar Date Order should be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.***

***Nothing in this Section 1 limits the right of any entity (including, without limitation, the City, the Retiree Committee, the Retirement Systems or the City's unions, employees, retirees, bondholders, bond insurers, trustees, paying agents or any other entity) to (a) assert any proof of claim, authorized under the Bankruptcy Code or (b) object to any proof of claim on any grounds to the extent permitted under the Bankruptcy Code.***

**SECTION 2 — WHO MUST FILE A PROOF OF CLAIM.** If none of the exceptions described in Section 1 applies, and if you have a claim that arose or is deemed to have arisen prior to the commencement of the City's bankruptcy case on July 18, 2013 (any such claim, a "Prepetition Claim"), you MUST file a proof of claim to share in distributions from the City's bankruptcy case and to vote on a Plan. Claims based on acts or omissions of the City that occurred before the Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Except where one of the exceptions described in Section 1 applies (or where the Rejection Damages Bar Date, the Amended Claims List Bar Date or the Governmental Bar Date applies to establish a different deadline), the following entities must file proofs of claim on or before the General Bar Date:

(a) any entity (i) whose Prepetition Claim against the City is not listed in the City's List of Claims or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any Plan; and

(b) any entity that believes its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount or priority and that desires to have its claim allowed in a classification, priority or amount other than that identified in the List of Claims, *provided that* any holder of GO Bonds asserting a claim for principal and interest in connection with such bonds is not required to file a proof of claim to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

***Note that the Bar Date Order should not be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.***

**SECTION 3 — THE BAR DATES.** The Bar Date Order establishes the following bar dates for filing proofs of claim in this case (collectively, the "Bar Dates"):

(a) The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the City that arose (or are deemed to have arisen) prior to the commencement of this case are required to file proofs of claim by the General Bar Date (i.e., by February 21, 2014 at 4:00 p.m., Eastern Time). This case was commenced on July 18, 2013 (the "Filing Date"). The General Bar Date applies to all types of claims against the City that arose prior to the Filing Date, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date applies to all 503(b)(9) Claims, subject to Section 4 below.

(b) The Rejection Damages Bar Date. Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation and effectiveness of a Plan (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements, including: (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Filing Date; and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the relevant Rejection Order. The later of these dates is referred to in this Notice as the "Rejection Damages Bar Date." *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date.* In accordance with the Bar Date Order, any Rejection Order entered by the Bankruptcy Court will specify the Rejection Damages Bar Date applicable to any executory contracts or unexpired leases rejected thereunder.

(c) The Amended Claims List Bar Date. Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, the City amends or supplements its List of Claims to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim; (ii) change the nature, classification or priority of a Scheduled Claim in a manner adverse to the listed creditor; or (iii) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (i) the General Bar Date; and (ii) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date"). The City will provide notice of any Amended Claims List Bar Date to affected claimants. Affected claimants that previously filed a proof of claim (any such claim, a "Filed Claim") with respect the liabilities giving rise to any Modified Claim need not refile their proof of claim because the Filed Claim is deemed to supersede and replace the original Scheduled Claim and the Modified Claim. In addition, if the City's amendment to the List of Claims improves the amount or treatment of a Scheduled Claim or a Filed Claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date; provided, however, that nothing contained in the Bar Date Order shall be construed to limit, enhance or otherwise affect a claimant's right to amend a timely filed proof of claim. In addition, notwithstanding the foregoing, nothing contained herein precludes the City from objecting to any Scheduled Claim or Filed Claim on any grounds.

(d) The Governmental Bar Date. On December 5, 2013, the Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) (the "Order for Relief"). Governmental units (as defined in section 101(27) of the Bankruptcy Code) are not subject to the General Bar Date. Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units must file proofs of claim in this case (the "Governmental Unit Bar Date") is the later of: (i) **June 4, 2014** (i.e., the first business day that is at least 180 days following the date of the entry of the Order for Relief); and (ii) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit.

**SECTION 4 — WHAT TO FILE.** To file your claim, you may use (a) the Claim Form specifically prepared for this chapter 9 case, which is available at www.kccllc.net/detroit or (b) another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10 (which form is available at www.uscourts.gov/bkforms).

All proof of claim forms must be **signed** by the claimant or by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents on which the claim is based (the "Supporting Documents") (or, if the Supporting Documents are voluminous, you may attach a summary) or an explanation as to why the documents are not available. If you file a summary of the Supporting Documents because they are voluminous, you must transmit the Supporting Documents to (a) the City of Detroit Claims Processing Center (as defined below) and (b) the City within ten days after the date of a written request by the City for such documents.

Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form satisfies the procedural requirements for the assertion of any 503(b)(9) Claims. Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, satisfies the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). All 503(b)(9) Claims and claims asserting administrative expense priority as a portion of a Rejection Damages Claim must be filed by the General Bar Date and the Rejection Damages Bar Date, respectively.

***All other administrative claims under sections 503(b) and 507(a)(2) of the Bankruptcy Code will not be deemed proper if asserted by proof of claim. The City intends to establish a process for the assertion of such claims at a future date if and to the extent necessary or appropriate. Note that the claim priorities provided under subsections (a)(1) and (a)(3) through (a)(10) of section 507 of the Bankruptcy Code are inapplicable in chapter 9 pursuant to section 901(a) of the Bankruptcy Code.***

**SECTION 5 — WHEN AND WHERE TO FILE.** All proofs of claim must be mailed or delivered so as to be received **on or before the applicable Bar Date**, at either one of the following two locations: (a) the City of Detroit Claims Processing Center at the following address: **City of Detroit Claims Processing Center, c/o Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA 90245**; or (b) the Clerk's office at the Court (the "Clerk's Office") at the following address: **Office of the Clerk of Court, United States Bankruptcy Court for the Eastern District of Michigan, 211 West Fort Street, Suite 1700, Detroit, MI 48226.**

Proofs of claim will be deemed filed only when **actually received** by the City of Detroit Claims Processing Center or the Clerk's Office on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission**. Any submissions by facsimile, electronic mail or electronic (ECF) court filing will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the City of Detroit Claims Processing Center and the Clerk's Office, docketed and maintained by the City's claims agent, KCC. If you wish to receive acknowledgement of receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim: (a) a copy of the original proof of claim; and (b) for claims submitted to KCC or by mail to the Clerk's Office, a self-addressed, postage prepaid return envelope.

**SECTION 6 — EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** As described in Section 3 above, any entity wishing to assert a Rejection Damages Claim must file a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Damages Bar Date.

**SECTION 7 — CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE.** ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE CITY, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN IN THIS CHAPTER 9 CASE IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY 503(B)(9) CLAIM OR ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY.

**SECTION 8 — RESERVATION OF RIGHTS.** The City reserves the right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Claims as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any listed claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims. Nothing contained in this Notice shall preclude the City from objecting to any claim, whether listed or filed, on any grounds. Nothing herein or in the Bar Date Order limits, or is intended to limit, any claimant's rights to defend against any objection.

**SECTION 9 — ADDITIONAL INFORMATION.** Copies of the City's List of Claims, the Bar Date Order and other information and documents regarding the City's chapter 9 case are available free of charge on KCC's website at www.kccllc.net/detroit or for a fee at the Court's website at https://ecf.mieb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information through the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. The List of Claims and other documents filed in this case may be accessed electronically, between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the public access terminals located in the Clerk's Office on the 17th Floor of the courthouse at 211 West Fort Street, Detroit, Michigan 48226. Copies of documents may be printed at the Clerk's Office for a charge.

If you require additional information regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline toll-free at **(877) 298-6236** between 10:00 a.m. and 6:00 p.m., Eastern Time, Monday through Friday. You also may contact the City's claims agent, KCC, directly by writing to: City of Detroit Claims Processing Center, c/o Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

**PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE. YOU CANNOT GET LEGAL ADVICE BY CALLING THE CITY OF DETROIT CLAIM HOTLINE OR BY WRITING TO THE CITY OF DETROIT CLAIMS PROCESSING CENTER. YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE OR FOR ANY LEGAL ADVICE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE COURT

**SCHEDULE OF SECURED BONDS.** The applicable trustee or similar entity with respect to the following series of bonds has informed the City that it intends to: (a) file any proofs of claim against the City on behalf of the holders of these bonds; and (b) provide notice to the holders of the bonds.

Sewage Disposal System Revenue Bond Series 1998-A; Sewage Disposal System Revenue Bond Series 1998-B; Sewage Disposal System Revenue Bond Series 1999-A; Sewage Disposal System Revenue Bond Series 2001-B; Sewage Disposal System Revenue Bond Series 2001(C)(1); Sewage Disposal System Revenue Bond Series 2001(C)(2); Sewage Disposal System Revenue Bond Series 2001-D; Sewage Disposal System Revenue Bond Series 2001-E; Sewage Disposal System Revenue Bond Series 2003-A; Sewage Disposal System Revenue Bond Series 2003-B; Sewage Disposal System Revenue Bond Series 2004-A; Sewage Disposal System Revenue Bond Series 2005-A; Sewage Disposal System Revenue Bond Series 2005-B; Sewage Disposal System Revenue Bond Series 2005-C; Sewage Disposal System Revenue Bond Series 2006-A; Sewage Disposal System Revenue Bond Series 2006-B; Sewage Disposal System Revenue Bond Series 2006-C; Sewage Disposal System Revenue Bond Series 2006-D; Sewage Disposal System Revenue Bond Series 2012-A; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1992-B SRF; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1993-B SRF; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1997-B SRF; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF3; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF4; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF3; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF3; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2007-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2009-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2010-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2012-SRF1; Water Supply System Revenue Bond Series 1993; Water Supply System Revenue Bond Series 1997-A; Water Supply System Revenue Bond Series 2001-A; Water Supply System Revenue Bond Series 2001-C; Water Supply System Revenue Bond Series 2003-A; Water Supply System Revenue Bond Series 2003-B; Water Supply System Revenue Bond Series 2003-C; Water Supply System Revenue Bond Series 2003-D; Water Supply System Revenue Bond Series 2004-A; Water Supply System Revenue Bond Series 2004-B; Water Supply System Revenue Bond Series 2005-A; Water Supply System Revenue Bond Series 2005-B; Water Supply System Revenue Bond Series 2005-C; Water Supply System Revenue Bond Series 2006-A; Water Supply System Revenue Bond Series 2006-B; Water Supply System Revenue Bond Series 2006-C; Water Supply System Revenue Bond Series 2006-D; Water Supply System Revenue Bond Series 2011-A; Water Supply System Revenue Bond Series 2011-B; Water Supply System Revenue Bond Series 2011-C; Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF1; Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF2; Water Supply System State Revolving Fund Revenue Bonds Series 2006-SRF1; Water Supply System State Revolving Fund Revenue Bonds Series 2008-SRF1; Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010-A; Distributable State Aid General Obligation Limited Tax Bonds Series 2010; Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2); Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A.