# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

```
---------------------------------------------------------------x
                                                               :   Chapter 9
In re                                                          :
                                                               :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                                     :
                                                               :   Hon. Steven W. Rhodes
                                          Debtor.              :
                                                               :
                                                               :
---------------------------------------------------------------x
```

## NOTICE OF DEPOSITION OF KEVYN D. ORR AND REQUEST FOR THE DEBTOR'S PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 and 30, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7030, and in connection with the Motion of Debtor for Entry of an Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving a Settlement and Plan Support Agreement and Granting Related Relief [Dkt. 2806], and after conferring with the above-captioned debtor (the "**Debtor**"), the Official Committee of Retirees (the "**Committee**"), by and through its counsel, will take the deposition upon oral examination (the "**Deposition**") of **Kevyn D. Orr** at the offices of Pepper Hamilton LLP, located at 4000 Town Center, Suite 1800, Southfield, Michigan 48075 on **Wednesday, March 19, 2014**, or such other time and location agreed upon by the parties. The Deposition will begin at **1:00 pm (ET)** and continue until **3:00 pm (ET)**. The Deposition will be taken before a court reporter or other person authorized by law to administer oaths and provide an official record of the deposition. The Deposition will be transcribed by stenographic means for the purpose of discovery, for use in the above-titled

81978964\V-1

13-53846-tjt    Doc 3013    Filed 03/13/14    Entered 03/13/14 17:19:50    Page 1 of 7

action, and for any other purpose permitted under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 34, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7034, and in connection with the Motion of Debtor for Entry of an Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving a Settlement and Plan Support Agreement and Granting Related Relief [Dkt. 2806], and after conferring with the Debtor, the Debtor is commanded to produce documents set forth in Schedule 1 annexed hereto on or before **Monday, March 17, 2014 at 12:00 pm** (ET) at the offices of Dentons US LLP, counsel for the Committee, 1221 Avenue of the Americas, New York, NY 10020-1089.

Dated: March 13, 2014                                                                                         Respectfully submitted,

| | | |
|---|---|---|
| Matthew E. Wilkins (P56697) | Sam J. Alberts | By: /s/ Claude D. Montgomery |
| Paula A. Hall (P61101) | DENTONS US LLP | Claude D. Montgomery (P29212) |
| BROOKS WILKINS SHARKEY & TURCO PLLC | 1301 K. Street, NW Suite 600, East Tower | Carole Neville DENTONS US LLP |
| 401 South Old Woodward, Suite 400 | Washington, DC 2005-3364 | 1221 Avenue of the Americas |
| Birmingham, Michigan 48009 | Tel: (202) 408-6400 | New York, New York 10020 |
| Direct: (248) 971-1711 | Fax: (202) 408-6399 | Tel: (212) 768-6700 |
| Cell: (248) 882-8496 | sam.alberts@dentons.com | Fax: (212) 768-6800 |
| Fax: (248) 971-1801 | | claude.montgomery@dentons.com |
| wilkins@bwst-law.com | | carole.neville@dentons.com |
| hall@bwst-law.com | | |

*Counsel for the Official Committee of Retirees*

# SCHEDULE 1

## DEFINITIONS

A.  The term "Allowed Claim" shall have the meaning set forth in the Plan.

B.  The term "Bankruptcy Case" shall mean *In re Detroit*, Case No. 13-53846 (Bankr. E.D. Mich. 2013).

C.  The term "City" or "Debtor" means the City of Detroit, Michigan.

D.  The term "Class" shall have the meaning set forth in the Plan.

E.  The term "Committee" refers to the Official Committee of Retirees appointed in the Bankruptcy Case.

F.  The term "Plan" means that certain proposed plan of adjustment that the City filed on February 21, 2014 as Docket No. 2708 in the Bankruptcy Case, as the same may be amended.

G.  The term "Settlement Agreement" means that certain proposed settlement and plan support agreement between the City and the Swap Counterparties.

H.  The term "Settlement and Plan Support Agreement Term Sheet" means the term sheet setting forth the materials terms of the Settlement Agreement filed by the City as Exhibit 6 to Docket No. 2708 in the Bankruptcy Case.

I.  The term "Swap Counterparties" means UBS AG and Merrill Lynch Capital Services, Inc.

J.  The term "document(s)" shall be interpreted in the broad and liberal sense and includes, but is not limited to, the following terms, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither, and further includes any and every manner of information, recordation, storage, transmission, or retrieval, including, but not limited to (a) typing, handwriting, printing, or any

other form of writing or marking on paper or other material; (b) tape recordings, microfilms, microfiche, and photocopies; and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, disks, or other storage materials) obtained by detection devices, and including preliminary drafts of or marginal notes appearing on any document, however denominated or described.

K. The term "communication(s)" includes every manner of transmitting or receiving facts, information, opinion, or thoughts from one person to another person, whether orally, by documents, writing, electronic mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

L. The word "person" means any natural or artificial person, including business entities and other legal entities.

M. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each particular request inclusive rather than exclusive.

**INSTRUCTIONS**

N. All documents should be produced in the manner and format in which they are kept. Thus, to the extent any of the documents listed below are kept or available in electronic format, such documents should be produced in their native and original electronic format.

O. These requests encompass all documents in the City's possession, custody, or control, whether or not such documents were prepared by or for the Debtor. Where documents

in the Debtor's possession, custody, or control are requested or inquired of, such request or inquiry includes documents in the possession, custody, or control of each of the Debtor's employees, agents, accountants, attorneys, auditors, representatives, consultants, advisors, all other persons or entities from which the Debtor could obtain documents.

P. If the Debtor contends that no documents exist relating to all or part of a request, the Debtor shall state this contention and respond as fully as possible to all parts of the request for which documents exist.

Q. If the Debtor claims that any privilege or protection excuses production of any document or part thereof, the Debtor must expressly make such claim in writing and provide a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail for the Committee to determine whether there is an adequate basis for invoking privilege or protection.

R. In the event that any document covered hereunder has been destroyed, discarded, or lost, the Debtor shall inform the Committee of this in writing and provide a general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

S. If any document cannot be produced in full, it shall be produced to the maximum extent possible and the Debtor shall specify in writing the reasons for their inability to produce the remainder.

T. Each document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege consistent with the Instructions herein).

U. Unless stated otherwise, the time period applicable to the documents called for is

from July 18, 2013, through the date of the document requests, subject to the Debtor's ongoing obligation to supplement these responses under the applicable rules.

## DOCUMENT REQUESTS

1. All drafts of the Settlement Agreement exchanged with or submitted to the Swap Counterparties, their counsel or mediators assigned for the Bankruptcy Case.

2. All drafts of the Settlement and Plan Support Agreement Term Sheet exchanged with or submitted to the Swap Counterparties, their counsel or mediators assigned for the Bankruptcy Case.

3. All documents that refer to or discuss the treatment of the Swap Counterparties as creditors under the Plan.

4. All documents that refer to or discuss the allowance, priority and treatment of the Swap Counterparties' claim under the Plan.

5. All documents that refer to or discuss the Swap Counterparties being treated as a separate Class as part of the Plan.

6. All documents that refer to or discuss a decision or agreement by the City to allow the Swap Counterparties' claim as part of the Plan, or the reasons for such decision or agreement.

7. All documents that refer to or discuss a decision or agreement by the City to treat the Swap Counterparties as a separate Class as part of the Plan, or the reasons for such decision or agreement.

8. All documents that refer to or discuss reasons why the City decided or agreed to enter into the Settlement Agreement.

9. All documents referring to or discussing the actual or potential import of (a) a vote, in favor of the Plan, of the Swap Counterparties as a Class under the Plan or (b) the cram

down of creditors under the Plan.

10. All documents referring to or discussing the amount of the Allowed Claim proposed for the Swap Counterparties under the Plan, or the calculation of or rationale for such amount.

11. All documents referring to or discussing the consideration to the Swap Counterparties for their agreement to vote in favor of the Plan.