# United States Bankruptcy Court
# For the Eastern District of Michigan
# Southern Division

| | |
|---|---|
| In re<br><br>City of Detroit<br><br>                         Debtor,<br>                         . | Chapter 9<br><br>Case No. 13-53846<br><br>Judge Steven W.<br><br>Rhodes<br><br>Objection to Disclosure Statement by Creditor, Ben McKenzie, Jr. |
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
Attorneys for the City of Detroit
North Point
90I Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
Attorney for the City of Detroit
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)

Donnelly W. Hadden (P- 14507)
Donnelly W. Hadden, P.C.
Attorney for Creditor, Ben McKenzie, Jr.
2002 Bancroft
Ann Arbor, Michigan 48108
Telephone: 734-213-7002
dwhadden@umich.edu

Ellen Dennis (P-24400)
Law Office of Ellen Dennis
Attorney for Creditor, Ben McKenzie, Jr.
101 S. Ann Arbor St., Ste. 203A
Saline, Michigan 48176
Telephone: 734 944-5819
m.ellen.dennis@gmail.com

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Attorneys for the City of Detroit
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
green@millercanfield.com
laplante@millercanfield.com

OBJECTION TO DISCLOSURE STATEMENT, by CREDITOR BEN McKENZIE, JR. and MEMORANDUM OF LAW

Creditor, Ben McKenzie, Jr., by his attorneys, Donnelly W. Hadden and Ellen Dennis, OBJECTS to the Disclosure Statement filed by the debtor (Doc 2709) because it does not adequately state the information. The Statement does not reveal the availability of $15,200,000.00 being held in escrow by the State of Michigan Department of Treasury for the purpose of paying pre-petition claims relating to the operation of motor vehicles for which the city is self-insured. See Memorandum of Understanding dated June 4th, 2013 copy attached, Exhibit 1.

1.      Ben McKenzie, Jr. has standing to make this objection because he is the holder of two claims. He was a pedestrian struck by a bus on January 7th, 2010. His claims are:

●       No. 578, filed Jan 21st, 2014, a claim for unpaid No-Fault Personal Protection Benefits ("PIP" claim) *q.v.*, and

●       No. 579, filed Jan 21st 2014, a claim for residual liability non-economic damages ("NI" claim) *q.v.*

His actions against the debtor are stayed by the Automatic Stay Order issued in this case on August 6th, 2013, copy attached, Exhibit 2.

2

13-53846-tjt    Doc 3021    Filed 03/14/14    Entered 03/14/14 17:20:57    Page 2 of 5

2. This court, in Docket No. 2302, Alternative Dispute Resolution Procedures, recognizes *inter. alia* "(3) claims, to the extent not satisfied in the ordinary course, relating to the operation of motor vehicles for which the city is self-insured pursuant to...MCL §500.3101 *et seq.*" Mr. McKenzie's claims have not been satisfied.

3. On May 2nd 2013 debtor's application for a Certificate of Self-Insurance was submitted but the city did not qualify because it could not meet the net worth requirement. See Exhibit 1.

4. The Department of Treasury agreed with the Department of Insurance and Financial Affairs to put $15.2 million in escrow to pay claims and judgments stemming from the city's obligations under the No-Fault law which it could not pay. In exchange, the latter department issued a Certificate of Self-Insurance to the city, valid until June 9th, 2014, Certificate No. 695, copy attached, Exhibit 3.

5. On July 18th, 2013, the city filed this bankruptcy case and became unable to pay pre-petition claims in the ordinary course of business.

6. Although this $15.2 million is escrowed exclusively for the payment of claims related to the operation of motor vehicles, it should be included in the Disclosure Statement because by reserving those funds for their purpose, that makes available $15.2 million for distribution to other creditors.

7. The existence of this fund is not listed in the Disclosure Statement, Doc 2709.

MEMORANDUM OF LAW

MCL 500.3101 mandates that the owner or registrant of a motor vehicle required to be registered in Michigan shall maintain "...**security** for the payment of benefits under personal injury protection (PIP), property protection insurance (PPI) and residual liability insurance." Security may be provided by purchasing automobile insurance per MCL 500.2101 -or- by

3

13-53846-tjt    Doc 3021    Filed 03/14/14    Entered 03/14/14 17:20:57    Page 3 of 5

qualifying as a "self-insured" fleet owner of more than 25 vehicles under MCL 500.3101d.

In addition to having more than 25 vehicles the rules require that a fleet owner must prove to possess a net worth of more than $5 million, Michigan Administrative Code, R.257.538. On May 9th, 2013 the debtor did not meet the net worth criteria. The Commissioner of Insurance and Industry Services was required to deny a self-insurance certificate to the city. Also, R.257.538(2)(d) provides that a Certificate of Self-Insurance can be cancelled if the owner/registrant files a petition in bankruptcy or is declared bankrupt by a federal court.

Instead, the Director issued a Certificate of Self-Insurance to the debtor, valid until June 9th, 2014, upon consideration of $15.2 million being placed in an escrow account with the state Treasury Department as security for the payment of benefits. There is no likelihood the bankrupt debtor will be able to satisfy those claims. These funds are available to those creditors holding pre-petition PIP, PPI and residual liability claims and ought to be listed as assets in the Disclosure Statement because they free other assets to be used to satisfy other creditors.

WHEREFORE Creditor, Ben McKenzie, Jr. requests that the Disclosure Statement be Amended to show an additional $15.2 million as stated above.

/s/ Ellen Dennis (P-24400)
Attorney for Creditor Ben Mckenzie, Jr.
101 S. Ann Arbor St., Suite 203A
Saline, MI 48176
(734) 944-5819
m.ellen.dennis@gmail.com

DONNELLY W. HADDEN, P.C.
By: /s/ Donnelly W. Hadden  (P-14507)
Donnelly W. Hadden
Attorney for Creditor, Ben Mckenzie, Jr.
2002 Bancroft Drive
Ann Arbor, MI 48108-9307
(734) 213-7002
dwhadden@umich.edu

March 14, 2014

# Certificate of Service

I hereby certify that on March 14, 2014, I electronically filed the foregoing paper with the Clerk of the Bankruptcy Court using the ECF system which will send notification of such filing to the following:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
Attorneys for the City of Detroit
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
Attorney for the City of Detroit
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382 bbennett@jonesday.com

Jonathan S. Green (MI P33140) Stephen S. LaPlante (MI P48063) MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Attorneys for the City of Detroit
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
green@millercanfield.com laplante@millercanfield.com

/s/Ellen Dennis
Attorney for Creditor,
Ben Mckenzie, Jr.
101 S. Ann Arbor St., Ste. 203A
Saline, MI 48176
Telephone: 734-944-5819
m.ellen.dennis@gmail.com