UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

## CITY OF DETROIT'S RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF RETIREES' REQUEST FOR PRODUCTION OF DOCUMENTS

The City of Detroit (the "City") hereby serves the following responses and objections (including the "General Objections" set forth below) to the Request for Production of Documents [Docket No. 3013] (the "Document Requests")[1] propounded by the Official Committee of Retirees (the "Committee").

## GENERAL OBJECTIONS

The City objects to the Document Requests in their entirety because they are not permitted in this contested matter. Local Rule 7026-3 provides that "[d]iscovery in a contested matter is permitted only upon a court order for cause shown." The Committee did not seek, much less obtain, an order of the Court permitting the extensive document discovery that the Committee now demands. As the Committee is aware, the Court has twice denied requests for document

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Document Requests.

discovery in connection with the City's request for approval of a settlement with the Swap Counterparties. *See, e.g.,* Hrg. Tr. (Aug. 2, 2013) [Docket No. 316] at 131:25-132:3 (denying requests for discovery by Syncora Guarantee Inc. and Erste Europaische and explaining that "[w]hether the debtor can establish grounds for its motion doesn't seem to me depend on anything other than what they assert in their motion and what they offer in court").

Furthermore, the Court has already issued an order setting the parameters of discovery in this matter: depositions of up to two hours each of witnesses designated by the City. *See* Docket No. 2913. The Court's order does not provide for document discovery.

The City further objects to each of the Committee's Document Requests to the extent that:

1. The Committee already possesses, or has equal access to, the documents sought by the Document Request.

2. The Document Request seeks documents protected by the attorney-client privilege or the work product doctrine, or otherwise protected against or privileged from disclosure by law or rule of court; including, but not limited to, information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the City. Such documents will not be provided in response to the Committee's Document Requests. The City intends to produce an updated privilege log to supplement the privilege log previously produced in connection with its earlier proposed settlement with the Swap Counterparties, reflecting the legal memoranda and emails reviewed by Kevyn Orr.

3. The Document Request seeks documents for an unreasonable or irrelevant period of time.

4. The Document Request seeks documents that are not relevant to the factors to be considered by the Court under Rule 9019 and applicable case law in determining whether to approve the Settlement Agreement, are immaterial, or are otherwise not reasonably calculated to lead to the discovery of admissible evidence.

5. The Document Request calls for the production of "all" documents pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome.

The City incorporates by reference, as if fully set forth below in each individual response, the General Objections to the Committee's Document Requests.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

1. All drafts of the Settlement Agreement exchanged with or submitted to the Swap Counterparties, their counsel or mediators assigned for the Bankruptcy Case.

**Response:** Subject to and without waiving the General Objections, the City states that it will provide a copy of the execution draft of the Settlement Agreement as soon as it is available.

2. All drafts of the Settlement and Plan Support Agreement Term Sheet exchanged with or submitted to the Swap Counterparties, their counsel or mediators assigned for the Bankruptcy Case.

**Response:** The City refers the Committee to the General Objections.

3. All documents that refer to or discuss the treatment of the Swap Counterparties as creditors under the Plan.

**Response:** The City refers the Committee to the General Objections.

4. All documents that refer to or discuss the allowance, priority and treatment of the Swap Counterparties' claim under the Plan.

**Response:** The City refers the Committee to the General Objections.

5. All documents that refer to or discuss the Swap Counterparties being treated as a separate Class as part of the Plan.

**Response:** The City refers the Committee to the General Objections.

6. All documents that refer to or discuss a decision or agreement by the City to allow the Swap Counterparties' claim as part of the Plan, or the reasons for such decision or agreement.

**Response:** The City refers the Committee to the General Objections.

7. All documents that refer to or discuss a decision or agreement by the City to treat the Swap Counterparties as a separate Class as part of the Plan, or the reasons for such decision or agreement.

**Response:** The City refers the Committee to the General Objections.

8. All documents that refer to or discuss reasons why the City decided or agreed to enter into the Settlement Agreement.

**Response:** The City refers the Committee to the General Objections.

9. All documents referring to or discussing the actual or potential import of (a) a vote, in favor of the Plan, of the Swap Counterparties as a Class under the Plan or (b) the cram down of creditors under the Plan.

**Response:** The City refers the Committee to the General Objections.

10. All documents referring to or discussing the amount of the Allowed Claim proposed for the Swap Counterparties under the Plan, or the calculation of or rationale for such amount.

**Response:** The City refers the Committee to the General Objections.

11. All documents referring to or discussing the consideration to the Swap Counterparties for their agreement to vote in favor of the Plan.

**Response:** The City refers the Committee to the General Objections.

Dated: March 17, 2014　　　　　　Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
(248) 359-7300  -  Telephone
(248) 359-7700  -  Fax
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

Corinne Ball
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile:  (212) 755-7306
cball@jonesday.com

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

-5-
13-53846-tjt    Doc 3025    Filed 03/17/14    Entered 03/17/14 12:01:54    Page 5 of 5