UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

**JOINDER OF THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES TO THE OBJECTIONS TO THE MOTION OF DEBTOR FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT AND GRANTING RELATED RELIEF**

Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (the AFSCME retiree chapter for City of Detroit retirees) (collectively, "**AFSCME**") through its counsel, hereby joins in the following objections (collectively, the "**Objections**") to the *Motion of Debtor for Entry of an Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving a Settlement and Plan Support Agreement and Granting Related Relief* [Docket No. 2802] (the "**Revised Swap Settlement Motion**") filed by: (i) the Official Committee of Retirees [Docket No. 3032]; (ii) the COPS Holders (Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft

in Luxemburg S.A., FMS Wertmanagement AöR, and Dexia Crédit Local and Dexia Holdings, Inc.) [Docket No. 3040]; and (iii) David Sole [Docket No. 3043]. AFSCME respectfully adopts and incorporates the arguments set forth in the Objections, along with the arguments set forth in paragraphs 4 through 15 to the *Limited Objection of the Detroit Retirement Systems* [Docket No. 3028], as if fully set forth herein and reserves the right to join in and/or assert any further arguments or objections asserted by any party at or prior to the hearing on the Revised Swap Settlement Motion. AFSCME further respectfully states as follows:

1. AFSCME is troubled and concerned with the City, via the Revised Swap Settlement Motion and plan support agreement contained therein, seeking to create an impaired consenting class under its proposed plan of adjustment for purposes of cramming down impaired dissenting classes, including classes containing pension claims and general unsecured claims.

2. AFSCME finds it particularly objectionable that the City will be using the Swap Counterparties, assuming the Swap settlement is approved, as the impaired consenting class under its plan given that the Court has already determined that the City is likely to succeed on a challenge to the Swap Counterparties' liens on the gaming tax revenue under the Michigan Gaming Control and Revenue Act, M.C.L. §§ 432.201 *et seq*. If such challenge were

brought, the Swap Counterparties would likely be impaired unsecured creditors like all others under the Plan and would likely have voted its claims against the Plan. Instead, the City – which to date has failed to reach agreement with nearly all of its creditor constituencies – is effectively seeking to "buy" the votes of the Swap Counterparties to secure a much needed impaired consenting class; thus, it is of no moment to the City that paying $85 million of real dollars now to the Swap Counterparties is below the lowest point of reasonableness.

3. Of course, it is not surprising that the Swap Counterparties have signed up for this deal, given the Court's findings in its bench opinion issued on January 16, 2014.

4. However, AFSCME expects the Court to once again see through the City's charades and not allow the City proceed with this unreasonable and inequitable settlement for the purpose of obtaining an impaired consenting class and cramming down current and former AFSCME employees and other unsecured creditors.

**WHEREFORE**, for the reasons set forth in the Objections, AFSCME respectfully requests that the Court deny the Revised Swap Settlement Motion and grant such other and further relief as the Court may deem just and proper.

Dated: March 17, 2014

      **LOWENSTEIN SANDLER LLP**
      By: /s/ *Sharon L. Levine*
      Sharon L. Levine, Esq.
      Philip J. Gross, Esq.
      65 Livingston Avenue
      Roseland, New Jersey 07068
      (973) 597-2500 (Telephone)
      (973) 597-6247 (Facsimile)
      slevine@lowenstein.com
      pgross@lowenstein.com

      -and-

      Herbert A. Sanders, Esq.
      THE SANDERS LAW FIRM PC
      615 Griswold St., Suite 913
      Detroit, MI 48226
      (313) 962-0099 (Telephone)
      (313) 962-0044 (Facsimile)
      hsanders@miafscme.org

      -and-

      Richard G. Mack, Jr., Esq.
      MILLER COHEN PLC
      600 West Lafayette Boulevard
      4th Floor
      Detroit, MI 48226-3191
      (313) 566-4787 (Telephone)
      (313) 964-4490 (Facsimile)
      richardmack@millercohen.com

      *Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 17, 2014, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which provides electronic notification of such filing to all counsel of record.

Dated: March 17, 2014

*/s/ Philip J. Gross*
Philip J. Gross
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
pgross@lowenstein.com