UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Chapter 9
City of Detroit, Michigan,                            Case No. 13-53846
    Debtor.                                       Hon. Steven W. Rhodes
_____/

### Order Denying Motion for Relief from Stay

This matter is before the Court on a "Motion for Limited Relief from Automatic Stay," filed by Jessie Payne, an individual tort claimant. (Dkt. #2684) The City filed an objection to the motion. (Dkt. #2804) Heidi Peterson, another individual tort claimant, also filed a "Memorandum Re: Debtor City's Objection to Jessie Payne's Motion." (Dkt. #2814) The issue is whether the movant has established "cause" for relief from the stay under 11 U.S.C. § 362(d)(1). The Court concludes that oral argument is not necessary to resolve the motion.

Ms. Payne holds two judgments against the City of Detroit. According to the motion, the judgments are to compensate Ms. Payne for personal injuries she sustained in a motor vehicle accident involving a vehicle owned and operated by the City, for which the City is self-insured. Pursuant to this Court's previous Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Dkt. #2302), such claims are to be resolved in the Alternative Dispute Resolution process. *See* Dkt. #2302 at 17-18 ("Claims subject to the ADR Procedures . . . (3) claims, to the extent not satisfied in the ordinary course, relating to the operation of motor vehicles for which the City is self-insured . . . .").

Ms. Payne does not attempt to distinguish her claims. Instead, she asserts that she should be allowed to proceed because her judgments against the City will not be satisfied with "property

of this bankruptcy estate." Even if this was a proper basis to grant relief from the stay and allow Ms. Payne to circumvent the ADR Procedures, the Court disagrees with Ms. Payne's assertion.

Pursuant to a series of previous agreements and transactions between and among the City, the State of Michigan, and U.S. Bank, the City created and funded, through the sale of various bonds, an account dedicated to the payment of claims arising from the operation of City-owned motor vehicles. In June 2013, due to the City's dismal financial state, the Michigan Department of Insurance and Financial Services ("DIFS") required assurances from the Michigan Department of Treasury before the DIFS would issue the City's 2013 Certificate of Self Insurance. Specifically, Treasury agreed to escrow $15.2 million to be used to pay claims against the City arising from the operation of the City's motor vehicles, and to "make appropriate payments from the escrowed funds," if "the City is unable to or fails to pay a judgment or claim." Payne's Motion at Ex. C, Memorandum of Understanding, ¶ II, 2. (Dkt. #2684)

That the funds are held in escrow does not change the fact that the funds constitute City property for the purposes of this motion. Because Ms. Payne offers no other reason why her claim should not proceed under the ADR Procedures, the Court concludes the motion should be denied for lack of cause shown under 11 U.S.C. § 362(d)(1).

For the reasons stated herein, it is ordered that the Motion for Limited Relief from Automatic Stay (Dkt. #2684) is denied.

Not for Publication

.

**Signed on March 18, 2014**

                                                                                         /s/ Steven Rhodes
                                                                                          **Steven Rhodes**
                                                                               **United States Bankruptcy Judge**