UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

:   Chapter 9

:   Case No. 13-53846

:   Hon. Steven W. Rhodes

---------------------------------------------------------------x

**MOTION OF THE OFFICIAL COMMITTEE OF RETIREES TO
COMPEL THE PRODUCTION OF DOCUMENTS REQUESTED IN
CONNECTION WITH THE DEPOSITION OF KEVYN ORR AS
RELATES TO THE CITY'S PROPOSED SETTLEMENT AND PLAN
SUPPORT AGREEMENT WITH THE SWAP COUNTERPARTIES**

The Official Committee of Retirees (the "Committee") hereby moves for the entry of an order compelling the Debtor to produce the documents requested by the Committee in its Notice of Deposition of Kevyn D. Orr and Request for the Debtor's Production of Documents [Dkt. 3013].

Consistent with the Court's Scheduling Order of March 6, 2014 [Dkt. 2913] (the "Scheduling Order"), the Committee requested the production of a limited set of documents that are necessary and appropriate to allow a meaningful deposition of Mr. Orr[1] relative to the proposed Settlement and Plan Support Agreement with the Swap Counterparties. [Dkt. 3013, Exhibit 1 at pp. 6-7] (the "Committee Requests"). The City, however, has refused to produce the vast majority of the documents requested, thus necessitating the instant motion, in support of which the Committee respectfully states as follows:

---

[1] At the time of the request, the deposition of Mr. Orr had been set for March 19. It has since been reset for March 31. [Dkt. 3055].

1

1.    Pursuant to the Scheduling Order, the hearing to consider the Debtor's proposed Settlement and Plan Support Agreement with UBS AG and Merrill Lynch Capital Services, Inc. (collectively, the "Swap Counterparties") is set for April 3, 2014 and requires that objections to the settlement be filed by March 17, 2014. [Dkt. 2913.]   The Scheduling Order expressly permits the Committee to "conduct a deposition of each witness [disclosed on the City's witness list] up to 2 hours per witness" on the condition that all depositions be completed by March 25, 2014. (*Id.*)

2.    In accordance with the Scheduling Order, on March 17, 2014, the Committee filed an Objection to various aspects of the Debtor's proposed settlement and plan support agreement with the Swap Counterparties (the "Objection"), on grounds that, *inter alia*: (i) the Swap Counterparties do not have a valid claim against the City or a valid security interest in the City's casino revenues; (ii) the Swap Counterparties' claim for the $85 million settlement amount is a new claim that, under the proposed plan of adjustment, will be paid in full and not impaired, and thus cannot properly be classified as an impaired claim for plan of adjustment purposes; and (iii) the Plan Support Agreement is a bad faith, and impermissible, attempt by the City to qualify for cramdown over the dissenting vote of the majority of creditors by locking up the vote of a single class of creditors, created for and only for this purpose.   [*See* Dkt. 3032.]

3.    On March 13, 2014, in conjunction with its Objection and in accordance with the Scheduling Order, the Committee served a Notice of Deposition and Request for the Debtor's Production of Documents upon the City for the deposition of Kevyn D. Orr.[2] [Dkt. 3013.] More specifically, the Committee's deposition notice "was accompanied by a request under Rule 34 to produce documents," Fed. R. Civ. P. 30(b)(2), namely the Committee Requests. [*See* Dkt.

---

[2]  *See* n.1 above.

3013.] The requests propounded by the Committee sought a limited, narrowly-targeted set of documents that pertain directly to issues raised in the Committee's Objection. On March 17, 2013, the City filed Responses and Objections [*see* Dkt. 3025], which objected to nearly all of the Committee Requests on the basis that such requests were not authorized by court order, as well as various other, boilerplate grounds.

3. The City's objections and responses to the Committee Requests are baseless. Contrary to the City's contentions [Dkt. 3025, at 1-2], the Committee Requests are fully consonant with the Scheduling Order. Nothing in the Scheduling Order precludes a request for the production of documents in connection with the referenced depositions. Rather, the Scheduling Order expressly authorizes discovery in this contested matter for the purposes of local bankruptcy rule 7026-3 as it allows the Committee to conduct "depositions of the each witness for up to two hours." [*See* Dkt. 2913.] Pursuant to Fed. R. Civ. P. 30(b)(2), which is made applicable by Fed. R. Bankr. P. 7030, a notice of deposition may be accompanied by a "request under Rule 34 to produce documents…." Fed. R. Civ. P. 30(b)(2). Accordingly, inherent in the Court's grant of authority for the Committee to notice depositions on an expedited basis is the right to accompany such notice with a request, correspondingly expedited, for the production of documents as provided for in Fed. R. Civ. P. 30(b)(2). Accordingly, there was no need for the Court to have separately authorized the Committee Requests.

4. The City's objections on this ground are also undercut by its agreement to produce a subset (albeit a small one) of the documents requested by the Committee [*see* Dkt. 3025, Response to Committee Requests No. 1] as well as the privilege log called for by the Committee Requests [*see* Dkt. 3025, p. 2, General Objection 2]. The City's objections are further undercut by its agreement to produce documents informally requested by other objectors. [*See* Dkt. 3047.]

3

The City offers no reasoned basis to treat informal requests more favorably than the Committee's formal requests.

5.    Also irrelevant is the City's assertion that the Court previously rejected discovery requests in connection with the City's prior failed attempts to settle with Swap Counterparties. [Dkt. 3025, at 1-2.]   As set forth in the Committee's Objection, the City's current proposed settlement with the Swap Counterparties is materially different from the City's prior failed settlement proposals.   The current proposal, among other things, artificially creates a separate class of allowed secured claims for the Swap Counterparties that is contractually bound to vote for the City's plan of adjustment, which vote confers no apparent benefit on the claim holders themselves.   Rather, the City concedes that the separate class of "impaired" secured claims is designed to "facilitate" the City's ability to impose a cramdown over creditors that are substantially and adversely impacted by the City's proposed plan. [*See* Dkt. 2806, ¶ 51.] Among other things, whereas the City has asserted that such scheme is "fair and equitable" [Dkt. 2806, ¶ 20] and in the "best interests of … the public and [the City's] creditors" (*id*. at ¶¶ 62, 65), the Committee in its Objection has challenged those assertions and contends that in structuring the proposed settlement -- in particular, the Plan Support Agreement which is a material component thereof -- the City was not acting in good faith.   The limited set of documents sought by the Committee, which were not sought in connection with the prior proposed settlements with the Swap Counterparties, bears directly on those issues and should accordingly be produced in advance of the Orr deposition.

6.    The City's remaining objections to the Committee Requests are equally groundless. Quite obviously, the Committee does not "possess" or have "equal access" to the documents requested.   [Dkt. 3025, p. 2, General Objection 1].   The Committee is not a party to the

4

proposed Settlement and Plan Support Agreement and was not involved in the negotiations thereof. The documents requested by the Committee are narrowly tailored to the issues raised by the Committee in its Objection and, by their terms, only call for the production of documents pertinent to the current proposed settlement, negotiations on which presumably began sometime after January 16, 2014, when the Court orally denied the City's motion to approve the Forbearance and Optional Termination Agreement.[3] The Committee's requests thus manifestly do not seek documents "for an unreasonable or irrelevant period of time" or that are "irrelevant," and are not overly broad. (*See* Dkt. 3025, p. 3, General Objections 3-5.)

6. The City has acknowledged that documents should be produced sufficiently in advance of the upcoming Orr and Malhotra depositions to enable the requestors to prepare adequately [Dkt. 3047, at 2], and has stated that it will produce the documents it is producing voluntarily on or before March 26, 2014. (*See* Exhibit 6 hereto). Accordingly, the Committee respectfully requests that production be made no later than March 26, 2014, which is just 3 business days prior to the Orr deposition (now set for March 31).

The undersigned counsel certifies that, on March 18, 2014, in accordance with Local Rule 9014-1(h), concurrence of opposing counsel in the relief sought herein was sought and the concurrence was denied.

---

[3] The Committee Requests also in places refer to the treatment of the Swap Counterparties under the City's proposed plan of adjustment, which was filed on February 21, 2014.

5

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, compelling the City to produce, on or before March 26, 2014, all non-privileged documents called for by the Committee's Request, and to provide the Committee, on or before March 26, 2014, with a privilege log of all documents withheld from production on privilege grounds, and granting further relief as the Court deems appropriate.

Dated: March 18, 2014                                        Respectfully submitted,


Matthew E. Wilkins (P56697)      Sam J. Alberts              By: /s/ Claude D. Montgomery
Paula A. Hall (P61101)           DENTONS US LLP              Claude D. Montgomery (P29212)
BROOKS WILKINS SHARKEY &         1301 K. Street, NW          Carole Neville
TURCO PLLC                       Suite 600, East Tower       DENTONS US LLP
401 South Old Woodward, Suite 400 Washington, DC 2005-3364   1221 Avenue of the Americas
Birmingham, Michigan   48009     Tel:   (202) 408-6400       New York, New York 10020
Direct: (248) 971-1711           Fax:   (202) 408-6399       Tel:   (212) 768-6700
Cell: (248) 882-8496             sam.alberts@dentons.com     Fax:   (212) 768-6800
Fax: (248) 971-1801                                          claude.montgomery@dentons.com
wilkins@bwst-law.com                                         carole.neville@dentons.com
hall@bwst-law.com

*Counsel for the Official Committee of Retirees*

6