# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                        :
In re                                   : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
                         Debtor.        : Hon. Steven W. Rhodes
                                        :
                                        :
-------------------------------------------------x
```

## MOTION OF THE CITY OF DETROIT FOR ENTRY OF AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE

The City of Detroit (the "City") hereby moves the Court, pursuant to section 365(d)(4) of title 11 of the United States Code ("Bankruptcy Code"), for the entry of an order: (i) granting an extension, through and including July 2, 2014, of the time for the City to assume or reject any of the leases, subleases or other agreements under which the City is a lessee that may be considered an unexpired lease of nonresidential real property (collectively, the "Real Property Leases"); and (ii) granting certain related relief. In support of this Motion, the City respectfully states as follows:

## Jurisdiction

1.      This Court has jurisdiction over this motion pursuant to

28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On July 18, 2013 (the "Petition Date"), the City filed a petition

for relief in this Court, thereby commencing the largest chapter 9 case in history.

3.      On December 5, 2013, this Court determined that the City was

eligible to be a debtor under chapter 9 of the Bankruptcy Code.  *See Order for

Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946) (the "Order for

Relief").

4.      On February 21, 2014, the City filed its Plan for the Adjustment

of Debts of the City of Detroit (Docket No. 2708) (as it may be amended, modified

or supplemented, the "Plan") and its Disclosure Statement with Respect to Plan for

the Adjustment of Debts of the City of Detroit (Docket No. 2709) (as it may be

amended, modified or supplemented, the "Disclosure Statement").

5.      A thorough description of the City's economic decline,

the challenges it faces and the events leading up to the filing of this case can be

found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's*

*Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code*

(Docket No. 11) and the Disclosure Statement.

## Relief Requested

6.    Sections 365(d)(4)(A) and (B) of the Bankruptcy Code provide

that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—(i) the date that is 120 days after the date of the order for relief; (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. §365(d)(4)(A)-(B).  Section 365 is incorporated into chapter 9 pursuant

to section 901(a) of the Bankruptcy Code.

7.    The City files this motion, pursuant to sections 365(d)(4) and

901(a) of the Bankruptcy Code, requesting entry of an order granting a 90-day

extension of the initial 120-day period to assume or reject the Real Property Leases

established by section 365(d)(4)(A) of the Bankruptcy Code

(the "Assumption/Rejection Period").  The Real Property Leases include, without

limitation, the agreements listed on Schedule 1 to the proposed order attached as

Exhibit 1 to this Motion.  Because the Court entered the Order for Relief on

December 5, 2013, the Assumption/Rejection Period currently ends 120 days after

that date – *i.e.*, on April 4, 2014.  The 90-day extension requested herein would

extend the Assumption/Rejection Period through and including July 2, 2014.

8.     Section 365(d)(4)(B) of the Bankruptcy Code specifically

authorizes the Court to extend the Assumption/Rejection Period by 90 days upon

the motion of a debtor for "cause."  The term "cause" as used in section 365(d)(4)

is not defined in the Bankruptcy Code.  In determining whether cause exists for an

extension of the Assumption/Rejection Period, courts have relied upon several

factors relevant to the City's chapter 9 case, including:

a.  whether the case is exceptionally complex and involves a large
    number of leases;

b.  whether the leases are an important asset such that the decision to
    assume or reject would be central to any plan; and

c.  whether the debtor has had insufficient time to intelligently
    appraise each lease's value to a plan.

*See, e.g. In re Service Merchandise Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D.

Tenn. 2000); *In re Columbus One Parcel Service, Inc.*, 138 B.R. 194, 195 (Bankr.

S.D. Ohio 1992); *In re Perfectlite Co.*, 118 B.R. 84, 86 (Bankr. N.D. Ohio 1990);

*see also In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is

permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987)); *South St. Seaport L.P. v. Burger Boys,Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (considering the complexity of the debtors' cases and the number of leases the debtors must evaluate).

9. Applying the above factors, requisite "cause" exists in this chapter 9 case to extend the Assumption/Rejection Period. The City's chapter 9 case is the largest and most complex chapter 9 case ever filed. To date, the City and its employees who are critical to making decisions about the Real Property Leases, when not engaged in their ordinary course responsibilities related to the City's operations, have focused their efforts almost entirely on (a) tasks necessary to formulate the Plan by the court-established deadline of March 1, 2014; (b) assisting with the parallel mediation proceedings being overseen by Chief Judge Gerald Rosen of the District Court; and (c) addressing other restructuring and administrative issues relevant to this case. Nevertheless, the City has initiated, and is continuing, the process of analyzing each Real Property Lease to determine whether assumption or rejection is appropriate.

10. Although the overall number of Real Property Leases is relatively modest, certain of the Real Property Leases are central to the City's

contemplated restructuring because (a) such leased properties house significant government functions (*e.g.*, numerous police stations; offices of the water/sewer department); and (b) the rejection of certain leases, if operationally feasible, may provide a significant reduction in future expenditures. However, the decision to assume or reject any given Real Property Lease involves the consideration of various factors, not all of which can be addressed expeditiously. For example, prior to making the decision to assume or reject a Real Property Lease, the City must carefully analyze, among other things, (a) the availability of potential new locations for the relevant City operations, (b) the logistics and costs of relocation and (c) the possible "move-out" dates for the affected City departments. In addition, final decisions about certain of these leases are difficult without understanding the restructuring terms of the Plan, which are only now being finalized (with a Plan confirmation hearing set to commence in July 2014).

11.     The City requires more time to ensure that any proposed assumptions or rejections will promote cost savings, while preserving efficient governance, and will be consistent with the Plan presented for confirmation. In addition, the City is working to resolve information deficiencies with respect to certain of the lessors under the Real Property Leases (any such lessor, a "Lessor") to determine whether assumption or rejection of the applicable Real Property

Leases is appropriate.  These combined factors provide proper "cause" for the Court to approve the requested extension.

12.     Pending the City's election to assume or reject the Real Property Leases, the City will continue to perform all of its undisputed obligations arising from and after the Petition Date in a timely fashion, including the payment of postpetition rent due, as required by section 365(d)(3) of the Bankruptcy Code. As a result, there should be no prejudice to the Lessors as a result of the requested extension.

13.     Based upon the foregoing, the City respectfully submits that this Court should extend the Assumption/Rejection Period during which the City may assume or reject the Real Property Leases for 90 days through and including July 2, 2014.

14.     Additionally, the City requests authority to further extend the Assumption/Rejection Period beyond July 2, 2014 without further order of the Court, but with the written consent of the affected Lessor (any such extension, a "Consensual Extension") and upon prior written notice to:  (a) counsel to the official committee of retired employees appointed in this chapter 9 case (the "Retiree Committee"); and (b) all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The City submits that it would be administratively burdensome to the Court and the

City to seek separate orders of the Court approving each such Consensual Extension. Moreover, with Court authorization, further extensions by mutual agreement of the City and the affected Lessor are expressly contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

15. The City proposes that the following procedures govern any Consensual Extension:

- Prior to the expiration of the Assumption/Rejection Period, the City will file with the Court, and serve upon the Notice Parties, a notice of (a) the City's intent to effect a Consensual Extension with respect to a Real Property Lease and (b) the affected Lessor's written consent thereto (an "Extension Notice").

- Any party that wishes to object to a Consensual Extension (any such objection, an "Objection") must file with the Court and serve such Objection upon the City and the affected Lessor no later than five business days after the date of filing of the applicable Extension Notice (the "Objection Deadline").

- If any Objection is not withdrawn within five business days of the applicable Objection Deadline, then the Court shall schedule a hearing to determine whether to approve the Consensual Extension sought by the City and the affected Lessor. The City and the affected Lessor are authorized to file briefs in support of the Consensual Extension no later than two business days prior to any such hearing.

- If no objection to an Extension Notice is timely filed in accordance with these procedures, the Consensual Extension described in such notice will be deemed approved without further order of the Court.

The City further requests that the Court authorize a "bridge" extension of the Assumption/Rejection Period for the time period between the filing of an

Extension Notice and either (a) the fifth business day thereafter or (b) if an Objection is filed, the date that is five business days after the entry of an order of the Court approving or denying the applicable Consensual Extension.

## Notice

16.     The City is serving this Motion upon (a) the Notice Parties; and (b) all known Lessors.  In the event that a Lessor has been omitted from the service list, the Court nonetheless may enter an order extending the time in which the City may assume or reject the applicable Real Property Lease provided that the City has made a good faith effort to identify and serve all known Lessors.  *See In re American Healthcare Mgmt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990) (holding that an order extending time for debtor to assume or reject leases may be entered by a bankruptcy court without affording other parties notice and a hearing).  The City submits that no other or further notice need be provided.

## Reservation of Rights

17.     The City files this motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing

property. Nothing in this Motion constitutes an admission by the City that any instrument is or is not a true lease. Further, the City reserves any and all rights, claims and defenses with respect to the characterization of the Real Property Leases under sections 365(d)(3) and(4) of the Bankruptcy Code or otherwise.

## Statement of Concurrence

18. Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Given the number of parties and potential parties involved in this case and the likelihood of opposing parties who would be adversely impacted by the relief requested herein but are currently unknown to the City, it would be impracticable (and, with regard to unknown parties, impossible) for the City to affirmatively seek the concurrence of each opposing counsel interested in the relief sought herein. Accordingly, the City submits that imposing the requirements of Local Rule 9014-1(g) in this matter would be "unduly burdensome" and requests that such requirements be waived.

## No Prior Request

19. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1: (i) granting the relief sought herein; and (ii) granting to the City such other and further relief as the Court may deem proper.

Dated: March 19, 2014          Respectfully submitted,


 /s/  David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None [No Affidavits Filed Specific to This Motion] |

## **Exhibit 1**

Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                              :
In re                                         : Chapter 9
                                              :
CITY OF DETROIT, MICHIGAN,                     : Case No. 13-53846
                                              :
                          Debtor.             : Hon. Steven W. Rhodes
                                              :
                                              :
-----------------------------------------------------x
```

## ORDER EXTENDING THE TIME TO ASSUME OR REJECT
## UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

This matter coming before the Court on the *Motion of the City of Detroit for Entry of an Order Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Real Property, Pursuant to Section 365(d)(4) of the Bankruptcy Code* (the "Motion") [Docket No. __], filed by the City of Detroit (the "City"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion[1] at the hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding

---

[1]     Capitalized terms not otherwise defined in this Order have the meanings given them in the Motion.

pursuant to 28 U.S.C. §157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and, after due deliberation, the Court having determined that (i) cause for the relief granted herein has been demonstrated under section 364(d)(4)(B), (ii) the relief granted herein is necessary and appropriate in connection with the City's adjustment of debts and (iii) the relief granted herein is in the best interest of the City and its creditors;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The City's time to elect to assume or reject the Real Property Leases (including, without limitation, those leases identified on Schedule 1 attached hereto) is extended through and including July 2, 2014, pursuant to section 365(d)(4) of the Bankruptcy Code.

3.    The City is hereby authorized to further extend the time to assume or reject any of the Real Property Leases with the written consent of the affected Lessor according to the following procedures:

- Prior to the expiration of the Assumption/Rejection Period, the City shall file with the Court, and serve upon the Notice Parties, a notice of (a) the City's intent to effect a Consensual Extension with respect to a Real Property Lease and (b) the affected Lessor's written consent thereto (an "Extension Notice").

- Any party that wishes to object to a Consensual Extension (any such objection, an "Objection") must file with the Court and serve such Objection upon the City and the affected Lessor no

later than five business days after the date of filing of the applicable Extension Notice (the "<u>Objection Deadline</u>").

- If any Objection is not withdrawn within five business days of the applicable Objection Deadline, then the Court shall schedule a hearing to determine whether to approve the Consensual Extension sought by the City and the affected Lessor. The City and the affected Lessor are authorized to file briefs in support of the Consensual Extension no later than two business days prior to any such hearing.

- If no objection to an Extension Notice is timely filed in accordance with these procedures, the Consensual Extension described in such notice will be deemed approved without further order of the Court.

4. The Court hereby extends the Assumption/Rejection Period to include the time period between the filing of an Extension Notice and either (a) the fifth business day thereafter or (b) if an Objection is filed, the date that is five business days after the entry of an order of the Court approving or denying the applicable Consensual Extension.

## Schedule 1

**Nonexclusive List of Unexpired Nonresidential Real Property Leases**

CHI-1921661v10

**Nonexclusive List of Unexpired Nonresidential Real Property Leases**

| Landlord | Lease Description | Lease Address | Notice Address |
|---|---|---|---|
| Sky Group/Tom Hardiman | Detroit Police Department | 7310 Woodward Ave., Detroit MI 48202 | 7310 Woodward Ave., Ste 500 Detroit MI 48202 |
| The Realty Co./ Joan Fiore | Detroit Police Department | 2121 W Fort St., Detroit MI 48216 | 2411 Vinewood St., Detroit MI 48216 |
| Bishop Realty Est./ Vincent Bronnen | Detroit Police Department | 14655 Dexter Ave., Detroit MI 48238 | 30078 Schoenherr Rd., Warren, MI 48093 |
| CFSB Woodward Office LLC | Board of Ethics Administrative Offices | 660 Woodward Ave., Detroit MI 48226 | Dan Gilber/Bedrock Real Estate Services, 1092 Woodward Ave., Detroit MI 48226 |
| Clark St. Properties | Detroit Water and Sewer Department | 4473 W Jefferson Ave., Detroit MI 48209 | 17108 Mack Ave., Grosse Pointe MI 48230 |
| Clark St. Properties | Detroit Water and Sewer Department | 235 McKinstry St., Detroit MI 48209 | 17108 Mack Ave., Grosse Pointe MI 48230 |
| Chicago Associates | Detroit Police Mini Station | 18634 Chicago W, Detroit MI 48239 | 18634 Chicago W, Detroit MI 48239 |
| Rebert Buildings | Detroit Police Mini Station | 7744 W Vernor Hwy., Detroit MI 48209 | 7752 W Vernor Hwy., Detroit MI 48209 |
| Mike Curris | Detroit Police Mini Station | 13206 E Jefferson Ave., Detroit MI 48215 | Riverbend Properties, 18633 Mack Ave., Detroit MI 48209 |
| Bel Air 8 | Detroit Police Mini Station | 9500 E Eight Mile Rd., Detroit MI 48234 | 25550 Grand River Ave., Redford MI 48240 |
| Viriginia Pk Assoc | Detroit Police Mini Station | 8675 Rosa Parks Blvd., Detroit MI 48206 | 8671 Rosa Parks Blvd., Detroit MI 48206 |
| Farbman FK Park | Department of Elections | 2932-42 W Grand Blvd., Detroit MI 48202 | 3031 W. Grand Blvd. Suite 400, Detroit MI 48202 |

# **EXHIBIT 2**

## **(Notice)**

Form B20A (Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

In re:

**CITY OF DETROIT, MICHIGAN,**

       **Debtor.**

**Chapter: 9**

**Case No.: 13-53846**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
        Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

**NOTICE OF MOTION OF THE CITY OF DETROIT FOR ENTRY OF AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**

     The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order extending the time to assume or reject unexpired leases of nonresidential real property, pursuant to section 365(d)(4) of the Bankruptcy Code.

       **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

     If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by April 2, 2014**, you or your attorney must:

1.       File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

       If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1]       Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071

Jonathan S. Green
Stephen S. LaPlante
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226

2.      If a response or answer is timely filed and served, the Court will schedule a hearing on the motion
and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the
relief sought in the motion or objection and may enter an order granting that relief.**

Dated:    March 19, 2014              Respectfully submitted,


                                      /s/  David G. Heiman
                                      David G. Heiman (OH 0038271)
                                      Heather Lennox (OH 0059649)
                                      JONES DAY
                                      North Point
                                      901 Lakeside Avenue
                                      Cleveland, Ohio  44114
                                      Telephone:  (216) 586-3939
                                      Facsimile:  (216) 579-0212
                                      dgheiman@jonesday.com
                                      hlennox@jonesday.com

                                      Bruce Bennett (CA 105430)
                                      JONES DAY
                                      555 South Flower Street
                                      Fiftieth Floor
                                      Los Angeles, California 90071
                                      Telephone:  (213) 243-2382
                                      Facsimile:  (213) 243-2539
                                      bbennett@jonesday.com

                                      Jonathan S. Green (MI P33140)
                                      Stephen S. LaPlante (MI P48063)
                                      MILLER, CANFIELD, PADDOCK AND
                                          STONE, P.L.C.
                                      150 West Jefferson
                                      Suite 2500
                                      Detroit, Michigan  48226
                                      Telephone:  (313) 963-6420
                                      Facsimile:  (313) 496-7500
                                      green@millercanfield.com
                                      laplante@millercanfield.com

                                      ATTORNEYS FOR THE CITY

# EXHIBIT 4

**(Certificate of Service)**

## CERTIFICATE OF SERVICE

I, David G. Heiman, hereby certify that the foregoing Motion of the City of Detroit for Entry of an Order Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Real Property, Pursuant to Section 365(d)(4) of the Bankruptcy Code was filed and served via the Court's electronic case filing and noticing system on this 19th day of March, 2014.

/s/ David G. Heiman