# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

-------------------------------------------------------x
: 
In re : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
: 
Debtor. : Hon. Steven W. Rhodes
: 
: **Expedited Consideration Requested**
-------------------------------------------------------x

## *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO MOTION OF THE CITY OF DETROIT FOR ENTRY OF AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE

The City of Detroit (the "City") moves the Court for the entry of an *ex parte* order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") (a) shortening the notice period with respect to the *Motion of the City of Detroit for Entry of an Order Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* (the "Motion to Extend"), and (b) scheduling a hearing on the Motion on or before April 1, 2014.

## Jurisdiction

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

2. The City filed the Motion to Extend contemporaneously with the filing of the instant *Ex Parte* Motion. In the Motion to Extend, the City seeks entry of an order that, among other things, (a) grants an extension, through and including July 2, 2014, of the time for the City to assume or reject any of the leases, subleases or other agreements under which the City is a lessee that may be considered an unexpired lease of nonresidential real property (collectively, the "Real Property Leases"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"); and (b) grants certain related relief.

3. Pursuant to Bankruptcy Rules 9006(c)(1) and 9007 and Local Rule 9006-1(b), the City seeks entry of an order (a) shortening the notice period with respect to the Motion to Extend and (b) scheduling a hearing on the Motion to Extend on or prior to April 1, 2014.

## Basis for Relief

4. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Local Rule 9006-1(b) permits a party to "file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." Bankruptcy Rule 9007 further provide that "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Together, these rules provide the Court with the authority to enter an *ex parte* order scheduling a hearing on the Motion on shortened notice and to approve the manner of notice of such hearing.

5. The City respectfully submits that is important for the Motion to Extend to be heard on an expedited basis. Section 365(d)(4)(A) of the Bankruptcy Code provides a 120-day period after the date of the order for relief for the City to assume or reject unexpired nonresidential real property leases (the "Assumption/Rejection Period"). If the City does not specifically assume or reject such leases by the end of the Assumption/Rejection Period, such leases will automatically be deemed rejected. The current Assumption/Rejection Period ends

on April 4, 2014 (*i.e.*, 120 days after the Court's order for relief was entered on December 5, 2013.

6. For certain of the reasons set forth in the Motion to Extend (*e.g.*, the impact of the City's recently-filed Plan on the City's decisions to assume or reject; certain informational deficiencies with respect to the identity of certain of the Lessors), the City did not file the Motion to Extend until March 19, 2014. The City now wishes to ensure that the deadline to assume or reject the Real Property Leases does not lapse pending the consideration of the Motion to Extend.

7. Under the circumstances, the City submits that the potential for the Real Property Leases to be deemed rejected by operation of law prior to the entry of an order of the Court extending the Assumption/Rejection Period constitutes sufficient cause to reduce the notice period otherwise applicable to the Motion to Extend and schedule an expedited hearing thereon in advance of the expiration of the Assumption/Rejection Period. Accordingly, the City requests that the Court enter an order to: (a) shorten the notice period with respect to the Motion to Extend to require any objections to be filed no later than March 26, 2014; (b) require any replies to any such objections to be filed no later March 28, 2014; and (c) schedule a hearing on the Motion to Extend not later than April 1, 2014.

8. Because the City intends to continue fulfilling its obligations under the Real Property Leases as required by section 365(d)(3) of the Bankruptcy Code

pending any decision to assume or reject, the City believes that the Lessors (a) will not suffer any prejudice on account of the relief sought in the Motion to Extend and (b) thus are not expected to contest such relief. Accordingly, the relief sought in this *Ex Parte* Motion is unlikely to prejudice the Lessors. Should the Court nevertheless deny the relief sought herein (and thus postpone its decision with respect to the Motion to Extend until after the expiration of the Assumption/Rejection Period), the City requests that the Court enter a bridge order extending the Assumption/Rejection Period until a date that is five business days after the entry of an order determining the Motion to Extend.

9. The City will (a) serve this *Ex Parte* Motion via the Court's ECF system to all parties served with the Motion to Extend and those parties who have requested electronic notice and (b) provide notice of any *ex parte* order entered by the Court promptly upon issuance.

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached as <u>Exhibit 1</u>, granting the relief requested in this *Ex Parte* Motion.

Dated: March 19, 2014           Respectfully submitted,


  /s/  David G. Heiman
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# EXHIBIT 1

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---------------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
                Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------------x

## ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO MOTION OF THE CITY OF DETROIT FOR ENTRY OF AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE

This matter came before the Court on the Ex Parte *Motion of the City of Detroit for Entry of an Order Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* (Docket No. _____) (the "*Ex Parte* Motion").[1] The Court reviewed the *Ex Parte* Motion and has determined, after due deliberation, that (i) it has jurisdiction over this matter, (ii) this matter is a core proceeding, (iii) sufficient cause exists to reduce the notice period with respect to the Motion to Extend and

---

[1] Capitalized terms not otherwise defined herein have the meaning given to them in the *Ex Parte* Motion.

schedule an expedited hearing thereon and (iv) the relief requested in the *Ex Parte* Motion is fair, equitable, and in the best interests of the City, its creditors and other parties in interest.[2]

Accordingly, it is hereby ORDERED that:

1. The *Ex Parte* Motion is granted as set forth in this Order.

2. Any objection to the Motion to Extend shall be filed and served no later than March 26, 2014.

3. Any reply to an objection to the Motion to Extend shall be filed and served no later than March 28, 2014.

4. A hearing with respect to the Motion to Extend shall be held on _____, 2014 at _____ Eastern Time before the Honorable Steven Rhodes in Courtroom ____ at 231 W. Lafayette Blvd, Detroit, Michigan 48226.

---

[2] To the extent any finding of fact in this order constitutes a conclusion of law, it is adopted as such. To the extent any conclusion of law in this order constitutes a finding of fact, it is adopted as such.