# EXHIBIT N

LAW OFFICES
**LEWIS & MUNDAY**
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.

2490 FIRST NATIONAL BUILDING
660 WOODWARD AVENUE
DETROIT, MICHIGAN 48226

TELEPHONE (313) 961-2550
TELECOPIER (313) 961-1270

June 12, 2006

Addressees on **Exhibit A** hereto

Re: **Detroit Retirement Systems Funding Trust 2006 Certificates of Participation Series 2006-B**

Dear Ladies and Gentlemen:

We acted as Certificate Counsel in connection with the issuance by the Detroit Retirement Systems Funding Trust 2006 of the above-captioned certificates (the *Certificates*), and are delivering this opinion in connection with the respective documents identified on Exhibit B hereto (collectively, the *Swap Documents*) between each of the Detroit General Retirement System Service Corporation and the Detroit Police and Fire Retirement System Service Corporation (each, a *Service Corporation* and collectively, the *Service Corporations*) and certain parties identified on Exhibit B (each, a *Swap Party*).

The Service Corporations have each entered into separate Service Contracts with the City of Detroit dated June 7, 2006 (collectively, the *Service Contracts*). In the Service Contracts, the City of Detroit has agreed to make payments in respect of certain amounts payable by the Service Corporations under designated Swap Documents and referred to as *Hedge Payables*.

We have examined such documents and have investigated such matters of fact as we have deemed necessary or appropriate for the opinions expressed herein. In such examination, we have assumed the genuineness of all signatures (other than those of officers of each of the Service Corporations on the Swap Documents), the authenticity of all documents submitted to us as originals, and the conformity to authentic original documents of all documents submitted to us as copies.

We have been furnished with, and with your consent have relied upon, certificates of one or more officers of each of the Service Corporations with respect to certain factual matters, copies of which are included in the closing transcript for the Certificates. In addition, we have obtained and relied upon such certificates and assurances from public officials as we have deemed necessary.

We are opining herein as to the effect on the subject transactions only of the federal laws of the United States, and the laws of the State of Michigan and express no opinion with respect to the applicability thereto, or the effect thereon, of the laws of any other jurisdiction.

Upon the basis of the foregoing and upon such investigations as we have deemed necessary, we are of the opinion that:

1. Each Service Corporation is a nonprofit corporation duly organized, validly existing and in good standing under the laws of the State of Michigan.

2. Each Service Corporation has the requisite corporate power and authority to enter into each Swap Document to which it is a party and to perform its obligations thereunder, and each such Swap Document has been duly authorized, executed and delivered by the applicable Service Corporation and, assuming due authorization, execution and delivery by the applicable Swap Party and that the substantive laws of the State of Michigan are the same as the substantive laws of the State of New York in all material respects, each of the Swap Documents to which it is a party constitutes the valid and binding obligation of the applicable Service Corporation, enforceable in accordance with its terms, subject, as to enforcement, to bankruptcy, insolvency, reorganization and other laws of general applicability relating to or affecting creditors' rights and to general equity principles.

3. The execution, delivery and performance of each of the Swap Documents by each Service Corporation and the entering into the Transaction by each Service Corporation have been and remain duly authorized by all necessary corporate action of each Service Corporation and do not violate any provision of such Service Corporation's Articles of Incorporation or Bylaws, conflict with or constitute on the part of such Service Corporation a breach or default under any existing law, regulation, court order or consent decree to which such Service Corporation is subject, or to the best of our knowledge, after due inquiry, any agreement or instrument to which such Service Corporation is a party or by which it is bound.

4. The Service Corporations have received all authorizations, consents, approvals, exemptions, and licenses from, and have made all necessary filings with, any governmental authority required as a condition to the validity of, or for the execution and delivery of, the Swap Documents, or to the performance by each Service Corporation of its obligations thereunder.

5. There is no action, suit or proceeding pending or, to the best of our knowledge after due investigation, threatened against or affecting the Service Corporations before any court or arbitrator or any governmental body, agency or official which, if adversely decided, would materially adversely affect the ability of either Service

Corporation to perform its obligations under any of the Swap Documents to which it is a party.

6. The payment obligations of each Service Corporation under each Swap Document to which it is a party are secured by a security interest in all of such Service Corporation's right, title and interest in, to and under the amounts payable by the City of Detroit to such Service Corporation in respect of Hedge Payables (as defined in the Service Contracts) under the applicable Service Contract.

Very truly yours,

Lewis & Munday

A Professional Corporation

**Exhibit A**
**Addressees**

This opinion is delivered to the following persons, but to the extent indicated below, speaks only to designated Swap Documents and may not be relied upon with respect to any other Swap Documents referenced herein:

**UBS AG, Stamford Branch** (with respect only to Swap Documents to which it is a party)

**SBS Financial Products Company, LLC** (with respect only to Swap Documents to which it is a party)

**Merrill Lynch Capital Services, Inc.** (with respect only to the MLCS CSAs and the Swap Documents to which SBS Financial Products Company, LLC is a party)

**Financial Guaranty Insurance Company** (with respect only to Swap Documents for which it provides a policy of insurance or other credit enhancement)

**XL Capital Assurance Inc.** (with respect only to Swap Documents for which it provides a policy of insurance or other credit enhancement)

## Exhibit B
## Schedule of Swap Documents

### Swap Documents entered into by
### Detroit General Retirement System Service Corporation

- ISDA Master Agreement, Schedule and Credit Support Annex dated as of May 25, 2005, and Confirmation dated June 7, 2006, each with **UBS AG**

- ISDA Master Agreement, Schedule and Credit Support Annex dated as of June 7, 2006 between **UBS AG** and **Detroit General Retirement System Service Corporation.**

- ISDA Master Agreement dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and SBSFPC (General Retirement System/XL)

- Schedule to the Master Agreement dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and SBSFPC (General Retirement System/XL).

- Confirmation Letter dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and SBSFPC (General Retirement System/XL).

- Transaction Transfer Agreement dated June 7, 2006 between **Detroit General Retirement System Service Corporation**, Merrill Lynch Capital Services, Inc. ("MLCS) and the SBSFPC (General Retirement System/XL).

- Credit Support Annex dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and MLCS

- Shortfall Agreement dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and SBSFPC (General Retirement System/XL).

- Master Agreement dated May 25, 2005 between **Detroit General Retirement System Service Corporation** and SBSFPC (General Retirement System/FGIC).

- Schedule to Master Agreement dated May 25, 2005, as amended by the Confirmation Letter (as defined below), between **Detroit General Retirement System Service Corporation** and SBSFPC.

- Confirmation Letter to ISDA Master Agreement dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and SBSFPC (General Retirement System/FGIC).

- Transaction Transfer Agreement dated May 25, 2005 between **Detroit General Retirement System Service Corporation,** SBSFPC and MLCS as amended by Exhibit A Transaction Under the Master Agreement Subject to the Transaction Transfer Agreement (General Retirement System/FGIC) dated June 7, 2006, between **Detroit General Retirement System Service Corporation,** SBSFPC and MLCS and acknowledged by Financial Guaranty Insurance Corporation.

- Credit Support Annex dated May 25, 2005 between **Detroit General Retirement System Service Corporation** and MLCS, as amended and supplemented by a First Amendment to Credit Support Annex dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and MLCS.

- Mutual Release Agreement dated June 7, 2006 between **Detroit General Retirement System Service Corporation** and SBSFPC (General Retirement System/FGIC).

### Swap Documents entered into by
### Detroit Police and Fire Retirement System Service Corporation

- ISDA Master Agreement, Schedule and Credit Support Annex dated as of May 25, 2005, and Confirmation dated June 7, 2006, each with **UBS AG** (FGIC-Insured)

- ISDA Master Agreement, Schedule and Credit Support Annex dated as of May 25, 2005, and Confirmation dated June 7, 2006, each with **UBS AG** (XLCA-Insured)

- Master Agreement dated May 25, 2005 between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC (Police and Fire Retirement System/XL).

- Schedule to Master Agreement dated May 25, 2005, as amended by the Confirmation Letter (as defined below), between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC.

- Confirmation Letter to ISDA Master Agreement dated June 7, 2006 between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC (Police and Fire Retirement System/XL).

- Transaction Transfer Agreement dated May 25, 2005 between **Detroit Police and Fire Retirement System Service Corporation,** SBSFPC and MLCS as amended by Exhibit A Transaction Under the Master Agreement Subject to the Transaction Transfer Agreement (Police and Fire Retirement System/XL) dated June 7, 2006, between **Detroit Police and Fire Retirement System Service Corporation,** SBSFPC and MLCS and acknowledged by XL Capital Assurance Inc.

- Credit Support Annex dated May 25, 2005 between **Detroit Police and Fire Retirement System Service Corporation** and MLCS, as amended and supplemented by a First Amendment to Credit Support Annex dated June 7, 2006 between **Detroit Police and Fire Retirement System Service Corporation** and MLCS.

UBS AG *et.al.*
June 12, 2006
Page 7

- Mutual Release Agreement dated June 7, 2006 between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC (Police and Fire Retirement System/XL).

- Master Agreement dated May 25, 2005 between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC (Police and Fire Retirement System/FGIC).

- Schedule to Master Agreement dated May 25, 2005, as amended by the Confirmation Letter (as defined below), between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC.

- Confirmation Letter to ISDA Master Agreement dated June 7, 2006 between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC (Police and Fire Retirement System/FGIC).

- Transaction Transfer Agreement dated May 25, 2005 between **Detroit Police and Fire Retirement System Service Corporation**, SBSFPC and MLCS as amended by Exhibit A Transaction Under the Master Agreement Subject to the Transaction Transfer Agreement (Police and Fire Retirement System/FGIC) dated June 7, 2006, between **Detroit Police and Fire Retirement System Service Corporation**, SBSFPC and MLCS and acknowledged by Financial Guaranty Insurance Corporation.

- Credit Support Annex dated May 25, 2005 between **Detroit Police and Fire Retirement System Service Corporation** and MLCS, as amended and supplemented by a First Amendment to Credit Support Annex dated June 7, 2006 between **Detroit Police and Fire Retirement System Service Corporation** and MLCS.

- Mutual Release Agreement dated June 7, 2006 between **Detroit Police and Fire Retirement System Service Corporation** and SBSFPC (Police and Fire Retirement System/FGIC).

LAW OFFICES

LEWIS & MUNDAY

A PROFESSIONAL CORPORATION

FORMERLY LEWIS, WHITE & CLAY, P.C.

2490 FIRST NATIONAL BUILDING

660 WOODWARD AVENUE

DETROIT, MICHIGAN 48226

TELEPHONE (313) 961-2550

TELECOPIER (313) 961-1270

June 12, 2006

Detroit Retirement Systems Funding Trust 2006
   c/o U.S. Bank National Association, as trustee
                  Detroit, Michigan

Ladies and Gentlemen:

    We acted as Certificate Counsel in connection with the issuance by the Detroit Retirement Systems Funding Trust 2006 (the *Funding Trust*) of the Certificates of Participation Series 2006-A and the Certificates of Participation Series 2006-B, (collectively, the *Certificates*) and in that capacity we examined a transcript of the proceedings relating to the issuance of the Certificates.

    The Funding Trust was created by the Trust Agreement, dated June 12, 2006 (the *Trust Agreement*), between the Detroit General Retirement System Service Corporation (the *GRS Service Corporation*) and the Detroit Police and Fire Retirement System Service Corporation (the *PFRS Service Corporation*), severally and not jointly, and U.S. Bank National Association, as trustee (the *Trustee*). Each of the GRS Service Corporation and the PFRS Service Corporation is herein called a *Service Corporation* and collectively the *Service Corporations*.

    The Certificates are issued pursuant to the below defined Resolution and the Service Contracts and under the Trust Agreement. The Certificates evidence undivided, proportionate interests in the rights to receive certain payments (*Funding Trust Receivables*) to be made by the City of Detroit, Michigan (the *City*), under (i) the Detroit General Retirement System Service Contract 2006, dated June 7, 2006, between the City and the GRS Service Corporation and (ii) the Detroit Police and Fire Retirement System Service Contract 2006, dated June 7, 2006, between the City and the PFRS Service Corporation (each, a *Service Contract* and collectively, the *Service Contracts*). The Service Corporations were created pursuant to Ordinance No. 05-05 of the City. The Service Contracts, the formation of the Funding Trust by the Service Corporations and the issuance of certificates of participation thereunder were authorized by resolution of the City Council of the City, adopted on April 26, 2006 (the *Resolution*).

    The Service Contracts are administered for the Service Corporations and the Funding Trust by U.S. Bank National Association (the *Contract Administrator*), separately and not as Trustee, pursuant to the Contract Administration Agreement, dated June 12, 2006 (the *Contract*

Detroit Retirement Systems Funding Trust 2006
June 12, 2006
Page 2

*Administration Agreement*), among the Funding Trust, each of the Service Corporations, severally and not jointly, and the Contract Administrator and other parties named therein.

The Certificates are issued for the purpose of funding (i) the prepayment of certain payments otherwise required to be made by the City under the service contracts it entered into with the Service Corporations on May 25, 2005 (the *2005 Service Contracts*), and (ii) the purchase of certain certificates of participation issued on June 2, 2005 (the *2005 Certificates*). The 2005 Certificates evidence undivided, proportionate interests in certain payments to be made under the 2005 Service Contracts.

The 2005 Service Contracts were entered into by the City with the Service Corporations for the purpose of funding specific amounts of the unfunded accrued actuarial liabilities (*Subject UAAL*) of each of the City's General Retirement System (the *GRS*) and Police and Fire Retirement System (the *PFRS* and with the GRS, the *Retirement Systems*). The effect of funding the Subject UAAL under the 2005 Service Contract was to reduce the financial burden of the Retirement Systems to the City in the present and future years. The 2006 Certificates are intended to have the effect of restructuring certain payments under the 2005 Service Contracts and thereby assist the City in fulfilling its constitutional obligations with respect to the Retirement Systems. In consideration for such assistance by the Service Corporations, the City agreed in each Service Contract to pay the Funding Trust Receivables, which include, as service charges, the funding costs of the Service Corporations in obtaining the capital represented by the Certificates.

The City's special labor counsel, Sullivan Ward Asher & Patton PC, rendered an opinion on certain matters of labor law relative to the opinions expressed herein. That opinion is included in transcript of proceedings.

Based on our examination of the transcript of the proceedings, we are of the opinion that:

1. Each Service Corporation validly exists as a nonprofit corporation under the laws of the State of Michigan and has the corporate power to enter into its Service Contract and the Trust Agreement. The City has the power to enter into the Service Contracts.

2. Each Service Contract was validly authorized, executed and delivered by the respective Service Corporation and the City and is a valid and binding agreement of such Service Corporation and the City and is enforceable in accordance with its terms. Neither the faith and credit nor the taxing power nor any special revenues of the City are pledged to the payment of Funding Trust Receivables, and the obligation of the City to pay Funding Trust Receivables does not constitute indebtedness within the meaning of any limitation of Michigan law applicable to the City.

3. The Contract Administration Agreement was validly authorized, executed and delivered by each of the Service Corporations and, assuming valid authorization, execution and delivery by the Trustee on behalf of the Funding Trust and by the Contract Administrator, is a valid and binding agreement of each of the Service Corporations, enforceable in accordance with its terms.

Detroit Retirement Systems Funding Trust 2006
June 12, 2006
Page 3

4. The Trust Agreement was validly authorized, executed and delivered by each of the Service Corporations and, assuming valid authorization, execution and delivery by the Trustee, is a valid and binding agreement of each of the Service Corporations, enforceable in accordance with its terms.

5. The Funding Trust was validly created by the Trust Agreement and has the power to issue and deliver the Certificates.

6. The Certificates were validly issued and delivered by the Funding Trust and represent undivided interests in the Funding Trust Receivables in accordance with their terms.

The enforceability of the Service Contracts, the Contract Administration Agreement and the Trust Agreement may be limited or affected by bankruptcy, insolvency, reorganization, moratorium, and other similar laws affecting creditors' rights generally heretofore or hereafter enacted to the extent constitutionally applicable and may also be subject to the exercise of judicial discretion in accordance with general principles of equity.

Very truly yours,

*Lewis & Munday*
A Professional Corporation