# EXHIBIT O



CITY OF DETROIT
LAW DEPARTMENT

660 WOODWARD AVENUE
1650 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550
FAX 313•224•5505
WWW.CI.DETROIT.MI.US

June 12, 2006

UBS Securities LLC
Siebert Brandford Shank & Co., LLC
Bear, Stearns & Co. Inc.
Citigroup Global Markets

M.R. Beal & Company
Popular Securities, Inc.
Financial Guaranty Insurance Company
XL Capital Assurance Inc.

Re: Detroit Retirement Systems Funding Trust 2006
$948,540,000 Certificates of Participation Series 2006

Ladies and Gentlemen:

This opinion is being rendered to you pursuant to Section M.3.c of the Underwriting Agreement dated June 7, 2006 (the "Underwriting Agreement") entered into among the City of Detroit (the "City"), Detroit General Retirement System Service Corporation, Detroit Police and Fire Retirement System Service Corporation and UBS Securities LLC, as Representative of and on behalf of the Underwriters identified therein, relating to the issuance and sale by the Detroit Retirement Systems Funding Trust 2006 of its $948,540,000 Certificates of Participation Series 2006 (the "Certificates"). Capitalized items used and not otherwise defined in this opinion have the same meaning as in the Underwriting Agreement.

The Certificates are being issued to provide moneys to fund the optional redemption of certain certificates of participation and the purchase and cancellation of certain other certificates of participation that were issued in 2005 to fund certain then existing unfunded accrued actuarial liabilities of each Retirement System of the City and to pay certain related ancillary amounts set forth in the Service Contracts, including the costs of issuance of the Certificates.

As Corporation Counsel for the City, I am familiar with the legal affairs of the City and I have examined the following documents in connection with this transaction: the Underwriting Agreement; the Authorizing Ordinances; the Authorizing Resolution; the 2006 Service Contracts; the Continuing Disclosure Undertaking; the Preliminary Offering Circular with respect to the Certificates, dated May 31, 2006; the Offering Circular with respect to the Certificates, dated June 7, 2006; the City Charter; applicable statutes; the Constitution of the State of Michigan; and such other documents as are necessary to render the following opinions. Based upon my review of these documents, I am of the opinion that:

(i) The City is duly existing as a municipality organized under and by virtue of the laws of the State of Michigan, with full legal right, power and authority to undertake the activities described in and contemplated by the Offering Circular, the Authorizing Ordinances, the Authorizing Resolution, the 2006 Service Contracts, the Underwriting Agreement and the Continuing Disclosure Undertaking, to cause the creation of the

KWAME M. KILPATRICK, MAYOR



(ii) Service Corporations, and to execute and deliver the documents and agreements described in the Offering Circular as documents and agreements to which the City is a party.

(iii) The Authorizing Ordinances and the Authorizing Resolution have been duly adopted, and the 2006 Service Contracts, the Continuing Disclosure Undertaking, and the Offering Circular have been duly authorized, executed and delivered by the City and, assuming due authorization, execution and delivery by the other parties thereto as applicable, are valid and binding obligations of the City, enforceable in accordance with their respective terms, subject to applicable bankruptcy, insolvency, reorganization, moratorium or similar laws from time to time in effect affecting the enforceability of creditors' rights generally and to general principles of equity, regardless of whether considered in a proceeding in equity or at law.

(iv) The adoption of the Authorizing Ordinances and the Authorizing Resolution and the execution and delivery of the 2006 Service Contracts, the Underwriting Agreement, and the Offering Circular, and compliance with the provisions thereof, do not and will not conflict with or constitute on the part of the City a breach or default under any existing law, regulation, court order, or consent decree to which the City is subject, or, to the best of my knowledge after due inquiry, any agreement or instrument to which the City is a party or by which the City is bound.

(v) All actions on the part of the City necessary for the making and performance of the Authorizing Ordinances, the Authorizing Resolution, the 2006 Service Contracts, the Underwriting Agreement, and the Continuing Disclosure Undertaking, and the actions on the part of the City contemplated thereby, including causing the formation of the Service Corporations and the authentication and delivery of the Certificates, have been duly and effectively taken and no consent, authorization or approval of, or filing or registration with, any governmental or regulatory officer or body not already obtained is required to be obtained by the City for the making and performance of the Authorizing Ordinances, the Authorizing Resolution, the 2006 Service Contracts, the Continuing Disclosure Undertaking, or the Underwriting Agreement, or the actions on the part of the City contemplated thereby, including causing the formation of the Service Corporations and the authentication and delivery of the Certificates, except that the offer and sale of the Certificates in certain jurisdictions may be subject to compliance with the provisions of the securities or blue sky laws of such jurisdictions (as to which no opinion is

2



expressed).

(vi) No litigation before or by any court, public board or body, other than as indicated in the Offering Circular, is pending or, to the best of my knowledge, threatened against the City **(1)** affecting the creation, organization, or corporate existence of the City or the title of its present City Council members to their respective offices or that would affect the existence of either Service Corporation in a materially adverse way, **(2)** seeking to prohibit, restrain, or enjoin the execution and delivery of the 2006 Service Contracts or the issuance or delivery of the COPs, **(3)** in any way contesting or affecting the validity or enforceability of the 2006 Service Contracts, the Authorizing Ordinances, the Authorizing Resolution, the Continuing Disclosure Undertaking, or the Underwriting Agreement, or **(4)** contesting in any material respect the completeness or accuracy of the Offering Circular.

(vii) The City was not required by a court order or judgment to levy a tax in the fiscal year ended June 30, 2005.

(viii) The City has not been found by a court of competent jurisdiction to be in violation of any finance or tax-related state or federal statutes during the preceding fiscal year ended June 30, 2005.

(ix) The distribution of the Preliminary Offering Circular and the execution, delivery, and distribution of the Offering Circular have been duly authorized by the City, and the Offering Circular has been duly executed and delivered by the City; and the representations and warranties of the City as set forth in the Underwriting Agreement and the 2006 Service Contracts are, as to all matters of law, true and accurate on and as of the Closing Date as if made on the Closing Date.

(x) I have reviewed the information contained in the Offering Circular under the caption "LITIGATION" and such information does not contain any untrue statement of a material fact or omit to state a material fact required to be stated therein or necessary to make the statements therein, in light of the circumstances under which they were made, not misleading, and it is my opinion that the City is not unreasonable in its opinion that any litigation not described in the Offering Circular which is pending against the City, and of which I am aware, is litigation incidental to the operations of the City and unlikely to have a material effect on the power or authority of the City to satisfy its obligations under the 2006 Service Contracts.

3

KWAME M. KILPATRICK, MAYOR



(xi) And I further state that although I have not verified and am not passing upon and assume no responsibility for the accuracy, completeness, or fairness of the statements contained in the Offering Circular, based upon my participation in the preparation of the Offering Circular as counsel to the City, I have no reason to believe that the Offering Circular, as of its date and as of the Closing Date, contained or contains any untrue statement of a material fact or omitted or omits to state a material fact required to be stated therein or necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading (except that no opinion or belief is expressed with respect to the financial statements and other financial and statistical data included in the Offering Circular, the information included therein relating to the Insurers or their insurance policies, the information relating to DTC, Clearstream or Euroclear and the book-entry system, or the information relating to the Disclosure Dissemination Agent).

The foregoing opinions are based solely on the laws of the State of Michigan and no opinion is given with respect to the laws of other jurisdictions. Further, these opinions are given on and as of the date hereof only and do not contemplate, and no opinion is given or intended with respect to, future events or subsequent changes in law or fact. These opinions are given solely to the Underwriters and the Insurers and may not be relied upon by any other person or entity or for any purpose other than as expressly set forth herein.

Very Truly Yours,

John E. Johnson, Jr.
Corporation Counsel