# EXHIBIT T

LAW OFFICES
# Lewis & Munday
A PROFESSIONAL CORPORATION
Formerly Lewis, White & Clay, P.C.
2490 First National Building
660 Woodward Avenue
Detroit, Michigan 48226

TELEPHONE (313) 961-2550

TELECOPIER (313) 961-1270

June 26, 2009

UBS AG
Stamford, Connecticut

SBS Financial Products Company, LLC
New York, New York

Merrill Lynch Capital Services, Inc.
New York, New York

Ladies and Gentlemen:

This opinion letter is delivered to you pursuant to Section 2.4 of the Collateral Agreement, dated as of June 15, 2009 (the *Collateral Agreement*), among the City of Detroit, Michigan (the *City*), the Detroit General Retirement System Service Corporation (a *Service Corporation*), the Detroit Police and Fire Retirement System Service Corporation (also, a *Service Corporation*), the U.S. Bank National Association, as custodian, and the other parties thereto (the *Counterparties*).

Undefined capitalized terms used herein and defined in the Collateral Agreement are used herein as therein defined. As used herein, *Resolution* means the resolution of the City adopted on June 23, 2009, implementing the terms of the Authorizing Ordinance.

We acted as special counsel to the City and to each of the Service Corporations in connection with the Settlement Transaction.

We have examined such documents (including, but not limited to, the Collateral Agreement, the Irrevocable Instructions, the Hedges, and the Service Contracts (collectively, the *Documents*) and made such investigation of law as we deemed appropriate to render the opinions set forth below. As to matters of fact material to our opinions, we have relied, without independent investigation, on representations made in the Documents and certificates of the City and each Service Corporation. We have also relied on matters of fact in certificates of public officials.

We note that the Collateral Agreement is governed by New York law to the extent set forth in the Collateral Agreement. The opinions given herein with respect to the Collateral Agreement are given as if the Collateral Agreement were governed by the internal law of Michigan.

Based on the foregoing, we are of the opinion that:

1. Each of the Authorizing Ordinance and the Resolution was duly adopted in accordance with state law and the requirements of the Charter of the City (the *Charter*), has not been amended, and is valid and binding.

2. Each Service Corporation validly exists as a nonprofit corporation under the laws of the State of Michigan and has the corporate power to enter into the Documents to which it is a party. The City has the power to enter into the Documents to which it is a party.

3.   The City Hedge Payables Related Obligations and all obligations of the City under the Authorizing Ordinance and the Documents are contractual obligations, enforceable in the same manner as any other contract of the City and are not general obligations of the City to which the City has pledged its full faith and credit or ad valorem taxing power.

4.   The Settlement Transaction will not cause the City to violate or exceed any applicable debt limit or constitute or create any "indebtedness" of the City within the meaning of any limitation of The Home Rule City Act, being Act 279 of 1909 of the Public Acts of Michigan, as amended, or any Michigan constitutional or other non-tax statutory or City charter limitation.

5.   The City Pledge, including the lien of the City Pledge (i) has been validly established, in favor of the Service Corporations, pursuant to each of the Authorizing Ordinance and the Collateral Agreement, (ii) is valid, binding and enforceable against all parties having claims of any kind in tort, contract or otherwise against the City irrespective of whether such claims are voluntary or involuntary or any such claimants have notice of the City Pledge; and (iii) is a valid lien in the Pledged Property, whether received or to be received.  Neither the Authorizing Ordinance nor the Collateral Agreement nor any other document or any statement, or instrument by which the City Pledge is created or evidenced nor any financing statement or other notice need be recorded or filed.

6.   The Service Corporation Security Interest (i) has been validly established, in favor of the Counterparties, pursuant to each of the Authorizing Ordinance and the Collateral Agreement; (ii) is valid, binding, and enforceable; and (iii) is perfected as a security interest in the Service Corporation Property.

7.   To the extent that the Governmental Exception is applicable, the Service Corporation Pledge, including the lien of the Service Corporation Pledge has been validly established, in favor of the Counterparties, pursuant to each of the Authorizing Ordinance and the Collateral Agreement, is valid, binding, and enforceable against all parties having claims of any kind in tort, contract or otherwise against a Service Corporation irrespective of whether such claims are voluntary or involuntary or any such claimants have notice of the Service Corporation Pledge and is a valid lien on the Service Corporation Property.  Neither the Authorizing Ordinance nor the Collateral Agreement nor any other document or any statement, or instrument by which the Service Corporation Pledge is created or evidenced nor any financing statement or other notice need be recorded or filed.

8.   The Documents to which the City or a Service Corporation is a party are valid, binding and enforceable against the City and each Service Corporation in accordance with their respective terms.

9.   The pledge and use of Wagering Tax Property as contemplated in the Settlement Transaction constitute authorized purposes under the Wagering Tax Revenue Statute (including, without limitation, Section (3)(a) of the Wagering Tax Revenue Statute, and if applicable, any regulation or ordinance, other than the Authorizing Ordinance, relating thereto), the Authorizing Ordinance and Section 18-14-1 et seq. of the Detroit City Code.

10. The pledge and use of the Wagering Tax Property as contemplated by the Settlement Transaction does not and shall not "supplant existing...local expenditures" as prohibited by Section 12(14) of the Wagering Tax Revenue Statute.

11. The Settlement Transaction and any other transactions to be consummated in connection therewith are not subject to approval by vote of the electors of the City and are not subject to any right of referendum by City electors.

12. Any action taken by the City Council by the Resolution, in lieu of an ordinance, has the same force and effect as if taken by ordinance.

13. The execution, delivery and performance of the Documents to which the City is a party have been duly authorized by all necessary action on the part of the City. The Documents to which the City is a party have been duly executed and delivered by the City.

14. The execution, delivery and performance of the Documents to which the Service Corporations are parties have been duly authorized by all necessary action on the part of the Service Corporations. The Documents to which the Service Corporations are parties have been duly executed and delivered by the Service Corporations.

15. No further governmental or judicial consents, approvals, authorizations, registrations, declarations, or filings are required to be obtained or made by the Service Corporations in order to execute, deliver, or perform their obligations under the Documents or to consummate the transactions contemplated by the Documents.

16. The execution, delivery and performance of each of the Documents by each Service Corporation do not violate any provision of either Service Corporation's Articles of Incorporation or By-laws or the City Charter or Detroit City Code, conflict with or constitute on the part of a Service Corporation a breach or default under any existing law, regulation, court order or consent decree to which either Service Corporation is subject, or to the best of our knowledge, after due inquiry, any agreement or instrument to which the City or either Service Corporation is a party or by which it is bound.

17. There is no action, suit or proceeding pending or, to the best of our knowledge after due investigation, threatened against or affecting the Service Corporations before any court or arbitrator or any governmental body, agency or official which, if adversely decided, would materially adversely affect the ability of the a Service Corporation to perform its obligations under any of the Documents to which it is a party.

18. Pledged Property or Service Corporation Property does not include:

> (a)     amounts payable by the State of Michigan (the "State") to or for the City under the State Revenue Sharing Act of 1971 and the Single Business Tax Act of 1975 and any other State laws hereinafter enacted that provide for the distribution of State-collected taxes described in the foregoing acts ("Distributable State Aid"), the receipt of which Distributable State Aid (other than the certain sales tax component thereof) is dependent upon annual appropriations by the State legislature, which may discontinue some or all of the taxes making up Distributable State Aid or decrease the same or discontinue or diminish the amount or change the manner of distribution of Distributable State Aid; or

(b)     the 1989 City of Detroit Distributable State Aid Resource Recovery Obligations Set Aside Trust Fund (the "Set Aside Trust Fund") created by the City with the State Aid Trustee,

For purpose of the foregoing, the following definitions apply:

"Authority" means the Greater Detroit Resource Recovery Authority, a public body corporate and politic created by the cities of Detroit and Highland Park, Michigan, and any successor thereto.

"State Aid Trustee" means Comerica Bank, a Michigan banking corporation, as trustee under the Supplemental Service Contract, and each successor as such trustee and each separate trustee and co-trustee thereunder.

"Supplemental Service Contract" means the Supplemental Service Contract between the City and the Authority.

Our opinions with respect to the validity and enforceability of the Documents are subject to applicable bankruptcy, reorganization, insolvency, moratorium or similar laws affecting creditors' rights generally and subject, as to enforceability, to equitable principles of general application, regardless of whether enforcement is sought in a proceeding in equity or at law.

Our opinions are limited to Michigan law (without reference to its conflicts of law rules) and the federal law of the United States of America. Further, our opinions are given on and as of the date hereof only and do not contemplate, and no opinion is given or intended with respect to, future events or subsequent changes in law or fact.

This opinion letter is provided for the benefit of the persons to whom it is addressed and may not be relied upon or quoted from or referred to without our prior written consent except that this opinion letter may be included in a transcript of the record of proceedings relating the Settlement Transaction and reference may be made to it in the index of documents in such transcript.

Very truly yours,

A Professional Corporation

LAW OFFICES
**Lewis & Munday**
A PROFESSIONAL CORPORATION
Formerly Lewis, White & Clay, P.C.
2490 First National Building
660 Woodward Avenue
Detroit, Michigan 48226

TELEPHONE (313) 961-2550

TELECOPIER (313) 961-1270

June 26, 2009

U.S. Bank National Association
Detroit, Michigan

Financial Guaranty Insurance Company
New York, New York

Syncora Guarantee, Inc.
New York, New York

**Re**: Collateral Agreement, dated as of June 15, 2009 (the *Collateral Agreement*), among the City of Detroit, Michigan, the Detroit General Retirement System Service Corporation, the Detroit Police and Fire Retirement System Service Corporation, the U.S. Bank National Association, as custodian, and the other parties thereto

Ladies and Gentlemen:

The first of you is acting as Custodian under the Collateral Agreement and the other two of you are Insurers as such term is defined in the Collateral Agreement.

We have this day delivered our opinion letter with respect to the Collateral Agreement and other matters set forth therein. Each of you may rely on such opinion letter in your respective capacities as if it were addressed to you.

Very truly yours,

A Professional Corporation