# EXHIBIT X

Senate Fiscal Agency
P. O. Box 30036
Lansing, Michigan 48909-7536




Telephone: (517) 373-5383
Fax: (517) 373-1986
TDD: (517) 373-0543

Senate Bill 29 (Substitute S-3 as reported by the Committee of the Whole)
Sponsor: Senator Joanne G. Emmons
Committee: Finance

**CONTENT**

The bill would create the "Revised Municipal Finance Act" to regulate borrowing by municipalities, and their issuance of "debt" or "obligations"; and prescribe the powers and duties of the Department of Treasury to protect the credit of the State and its municipalities. The bill would prohibit a municipality from issuing debt or obligations except in accordance with the proposed Act (unless otherwise exempted by law). The bill would take effect March 1, 2002; and would repeal the existing Municipal Finance Act and the administrative rules of the Municipal Finance Division (in the Department of Treasury) April 30, 2002. The terms of the existing Act would apply to any debt or obligation issued pursuant to a Department order before May 1, 2002. (Currently, the Municipal Finance Act prescribes the powers and duties of the Department of Treasury to regulate the borrowing and issuance of obligations by municipalities, and places various requirements on the municipalities. In addition, a number of other statutes authorize municipal debt.)

The bill would do the following:

-- Require each municipality to file an audit report each year with the Department, accompanied by a qualifying statement (on a form prescribed by the Department). If the Department determined that a municipality complied with the qualifying requirements prescribed in the bill, the municipality could issue debts or obligations without further approval from the Department, until the next qualifying statement was due, or the Department made a new determination, whichever occurred first. If the Department determined that a municipality was not qualified, it could not issue debt or obligations under the bill without the prior approval of the Department.
-- Provide that a municipality's debt or obligation of an authorized issue could be sold at a competitive sale or negotiated sale, as determined by the municipality's governing body.
-- Specify that if a municipality issued a single series of obligations in anticipation of the collection of taxes for the next succeeding fiscal year, the resolution authorizing the obligation would have to contain an irrevocable provision for the levying of a tax for repayment of the obligation.
-- Allow a municipality to issue a debt in anticipation of receiving grants from the United States, or the State, under certain circumstances.
-- Require a county, city, township, or village to publish a notice of its intent to issue obligations for the cost of any capital improvements before issuing such obligations; and allow electors to call for an election on the question of issuing the obligations.

Under the bill, a "municipality" would be a county, township, city, village, school district, community college district, metropolitan district, port district, drainage district, district library, or another governmental authority or agency that had the power to issue an obligation; a municipality would not include the State or any authority, agency, fund, commission, board, or department of the State. "Debt" would mean all indebtedness, including principal and interest, evidenced by bonds, obligations, refunding obligations, notes, contracts, or certificates of indebtedness that were lawfully issued or assumed, in whole or in part, by a municipality as a full faith and credit pledge of the municipality, were payable out of special assessments, or would be evidenced by a judgment or decree against the municipality based on one or more of the municipality's obligations. "Obligation" would mean evidence of indebtedness such as a bond, refunding bond, note, contract or assessment for the payment of a bond or obligation, and other similar instrument issued, pledged, or incurred by a municipality, that, on its face, met one or both of the following requirements and was not exempted from the proposed or current Act by the provisions of law authorizing its issuance: pledged the limited tax full faith and credit of the municipality, or was payable primarily or secondarily from taxes, or special assessment, or both.

Legislative Analyst: G. Towne

**FISCAL IMPACT**

State Impact: Under the bill, State revenues would be altered by an unknown amount because of changes in filing requirements and filing fees. Under current law, the Department of Treasury receives approximately $250,000 per year in fees from local units to review and approve the issuance of debt or obligations. The current fee structure would be replaced with a new fee structure. Under the bill, local units would be required annually to submit an audit report and a qualifying statement to be able to issue debt or obligations without further approval from the Department of Treasury. Because the degree to which local units would change debt issuance under the bill is unknown, State revenues might change from altered financial activity even if the fee revenue under the bill were comparable to existing fee revenue.

After issuing debt, all local units would be required to remit a filing fee of 0.02% of the debt issued, but not less than $100 or more than $1,000, at the time they filed legal documentation of the issued debt with the Department of Treasury. If a local unit filed the annually required reports late, then a $100 late fee would be required with this filing. Those local units not granted qualified status would have to obtain prior approval before each bond issuance by submitting an application and supporting documentation and paying a filing fee of 0.03% of the debt issued, but not less than $800 or more than $2,000. A $100 late filing fee also would be imposed, if applicable. How the collection of these fees would compare with current fees is indeterminate.

Local Impact: Since under certain conditions local units would no longer be required to seek prior approval from the State for sales of bonds and other debt obligations, the timing of fees related to bond issuance would be altered. As with State revenues, the bill's impact on total fees paid is unknown. Other provisions of the bill would allow local units to issue debt more easily or would increase the length of maturity for certain construction related debt obligations. If local units took advantage of these provisions of the bill, then annual debt service payments by local units could increase or decrease. To what extent local units would increase debt issuance under the bill is unknown, although any impact is expected to be minimal because the bill proposes no changes that would substantively alter the incentives for issuing debt or alter the amount of debt issued. The only significant change from current law under the bill is that certain home rule cities would no longer be able to issue certain debt relating to school district finances and anticipated collections of delinquent property taxes. The fiscal impact of this change is unknown, since it would affect few jurisdictions, minimally alter the purposes for which a home rule city may issue debt, and only affect primarily what a local unit may pledge to repay such debt.

Date Completed: 4-16-01

Fiscal Analyst: D. Zin
J. Runnels

This analysis was prepared by nonpartisan Senate staff for use by the Senate in its deliberations and does not constitute an official statement of legislative intent.