Appeal Nos. 14-1208, 14-1209, 14-1211, 14-1212, 14-1213, 14-1214, 14-1215

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

IN RE: CITY OF DETROIT, MICHIGAN,

*Debtor in Possession.*

_____

RETIRED DETROIT POLICE MEMBERS ASSOCIAITON,

*Appellants*,

v.

CITY OF DETROIT, MICHIGAN,

*Appellee*.

_____

On Direct Appeal from the United States Bankruptcy Court
for the Eastern District of Michigan
No. 13-53846 (Hon. Steven W. Rhodes)

_____

**APPELLANTS' JOINT RESPONSE TO
THE CITY OF DETROIT'S MOTION TO CONSOLIDATE AND
EXTEND ITS TIME TO RESPOND**

_____

Lynn M. Brimer
Meredith E. Taunt
STROBL & SHARP, P.C.
300 E. Long Lake Rd., Ste., 200
Bloomfield Hills, Michigan 48084
248-540-2300
lbrimer@stroblpc.com

*Counsel to the Retired Detroit Police Members Association*
(Additional counsel listed on next page)

Andrew D. Roth
BREDHOFF & KAISER, PLLC
805 Fifteenth Street, N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600
aroth@bredhoff.com

Sharon L. Levine, Esq.
Philip J. Gross, Esq.
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
slevine@lowenstein.com
pgross@lowenstein.com
*Counsel for Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

Barbara A. Patek
Earle I. Erman
ERMAN, TEICHER,
ZUCKER & FREEDMAN, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI 48034
(248) 827-4100
bpatek@ermanteicher.com
eerman@ermanteicher.com
*Counsel for the Detroit Fire Fighters Association, Detroit Police Officers Association, and Detroit Police Command Officers Association*

Claude D. Montgomery
Carole Neville
DENTONS US LLP
1221 Avenue of the Americas
New York New York 10020
(212) 768-6700
claude.montgomery@dentons.com
*Counsel for the Official Committee of Retirees*

Brian D. O'Keefe
Ryan C. Plecha
LIPPITT O'KEEFE GORNBEIN, PLLC
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

Thomas R. Morris
Karin F. Avery
SILVERMAN & MORRIS, P.L.L.C.
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
(248) 539-1330
morris@silvermanmorris.com
avery@silvermanmorris.com
*Counsel for Retiree Association Parties*

Babette A. Ceccotti
Peter D. DeChiara
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, NY 10036
(212) 563-4100
bceccotti@cwsny.com

Michael Nicholson
Niraj R. Ganatra
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216
mnicholson@uaw.net
nganatra@uaw.net
*Counsel for the International Union, UAW*

William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, MI 48025
(248) 644-9200
billwertheimer@gmail.com
*Counsel for the Flowers Plaintiffs*

Lisa S. Blatt
Lisa Hill Fenning
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC  20004
(202) 942-5000
lisa.blatt@aporter.com

Robert D. Gordon
Shannon L. Deeby
CLARK HILL PLC
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
(248) 988-5882
rgordon@clarkhill.com
*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

Appellants in Nos. 14-1208, 14-1209, 14-1211, 14-1212, 14-1213, 14-1214, and 14-1215 respectfully submit this response to the City of Detroit's Motion To Consolidate and Extend Its Time To Respond. The appellants consent to administrative consolidation of the seven appeals. However, the appellants oppose the City's requests to consolidate briefing and to extend the deadline for the City's brief or briefs. Time is of the essence in this litigation, which is why the appellants have asked to set oral argument for the Court's June 16-27, 2014 session.[1]

To be clear, appellants in these seven cases have no intention whatsoever of filing seven different 14,000-word opening briefs and seven different 7,000-word replies, with each appellant repeating arguments also made by others. To conserve both the Court's time and resources and their own, the appellants plan -- as they have throughout this litigation -- to join other parties' arguments to promote efficiency and avoid unnecessary duplication. But the Court should not order consolidated briefing, especially at this late date. In an appeal of this magnitude, it is unreasonable to expect seven different groups of appellants, representing 18 different organizations and individuals with many varied interests, to draft a single joint brief. It is commonplace for federal, state, and municipal governments to file

---

[1] The appellants are filing identical copies of this joint response in their respective appeals. The appellants' coordination and agreement in this joint response, which addresses only procedural issues, cannot be used as a model for briefing of substantive issues and legal positions.

briefs in complex civil litigation matters where multiple litigants have raised different arguments in separate briefs. There is no reason the City of Detroit, represented by one of the largest law firms in the United States, cannot do the same. That is doubly true here, because the parties already briefed the issues extensively below and the City can anticipate the arguments on appeal.

The appellants have no objection if the City wishes to file a consolidated brief on its own behalf in response to the appellants' briefs, as the City did in the bankruptcy court and has done in this Court. And if the City does file a consolidated brief, the appellants agree that the Court should allow the City to exceed the normal 14,000-word limit, by whatever amount the Court considers fair.

## GROUNDS FOR DENYING RELIEF

## I. The Court Should Not Order Consolidated Briefing

The City's request to consolidate briefing is at once untimely, unfair, and unnecessary.

*First*, the City's delay in requesting consolidated briefing is unreasonable and prejudicial. This Court authorized all seven direct appeals on February 21, 2014. The City was on notice as of that date that the Court would soon issue a briefing schedule. But the City did not file a motion to consolidate briefing, even though nothing in the City's motion depends on changed circumstances since this Court authorized the direct appeals. Even after this Court issued separate briefing

schedules on March 12, 2014 authorizing appellants to file individual briefs, the City waited another six days to request consolidated briefing. All told, the City's request for consolidation comes nearly a month after the Court granted these appeals.

This delay is highly prejudicial. The appellants began drafting their respective briefs immediately after the Court granted the appeals. After all, in motions filed on March 18 and 19, 2014, the appellants offered to accelerate the filing dates for their opening briefs. The Detroit Retirement Systems, for example, have now expended considerable time and money -- a month's worth -- drafting their own brief within the 14,000-word limit. Many other appellants have made substantial progress on their briefs as well. Yet the City asks this Court to order appellants to discard all this work on the basis of a motion that the City could and should have made a month ago.

The City ignores all this in contending that "[n]o one will be prejudiced" by its dilatory motion because the briefing schedule issued just last week. Mot. 6. Moreover, the City's suggestion that appellants have "enough time to produce a joint brief" seriously underestimates the difficulty of obtaining agreement from 18 different appellants in seven appeals to combine seven separate draft briefs into one joint brief, particularly in a case like this involving a multitude of complicated issues of state and federal law and many varying interests (more on this below).

Not only that, the City assumes that the appellants will immediately turn their attention to combining seven draft briefs into one.  But the appellants oppose consolidated briefing and cannot be expected to begin the process of drafting a combined brief now, before this Court has even ruled on the City's motion.

*Second*, ordering consolidated briefs would prevent the appellants from effectively presenting their arguments and interests on appeal, depriving this Court of full briefing on matters of paramount importance.  The appellants' interests are not identical (and, in some instances, may be contrary).  For example, the Retirement Systems will primarily urge this Court to hold that Detroit's bankruptcy may proceed, but only if Detroit does not discharge any pension debts.  Other appellants will argue that the City is not eligible for bankruptcy relief at all, because the City failed to prove that it satisfied the eligibility requirements of Chapter 9.

The appellants also have a multitude of different legal arguments, notwithstanding that one common thread among some of the appellants is the application of the Michigan Pensions Clause to bankruptcy.  And even on that key issue, the appellants have a strong stake in controlling the presentation, framing, and emphasis of their arguments in light of the significance of this case and the differing interests they represent.  Even when an appeal is administratively consolidated, "the separate appeals do not merge into one" and "the parties do not

proceed as a single appellant." Advisory Committee Notes to Fed. R. App. P. 3(b)(2) (1998). The Federal Rules accordingly recognize that, "[i]n a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees *may* join in a brief, and any party *may* adopt by reference a part of another's brief." Fed. R. App. P. 28(i). That wording necessarily presumes that the parties are responsible for coordinating their efforts (and can be trusted to do so).

Further, some appellants intend to press alternative legal grounds for reversal of the bankruptcy court's eligibility decision that stand independent of the Pensions Clause. For example, one appellant will argue primarily that the state law purportedly authorizing the City to file bankruptcy, Public Act 436, violated the Referendum Clause of the Michigan Constitution. At least one appellant will argue that Chapter 9 is facially unconstitutional under the federal constitution. The Retirement Systems will make a collateral estoppel argument, one that implicates not only Michigan law but various federal jurisdictional provisions. And in the bankruptcy court, the City itself took the position that different appellants have different interests with respect to the collateral estoppel argument. *See* City's Consolidated Eligibility Response Brief, R.765, p.37 n.33. The City's approach would require all appellants to either to make all the same arguments or draft a

complicated brief explaining, at every turn, which combination of appellants join which arguments (or not), and why.

This Court, too, is unlikely to be assisted by a single, joint brief. Forcing seven different groups of appellants to sign on to a single brief is likely to complicate the presentation of arguments rather than clarify it. "[D]rafting by committee is a recipe for inefficiency," *Miller v. Holzmann*, 575 F. Supp. 2d 2, 40 (D.D.C. 2008), and this Court should not underestimate the substantial difficulties of coordination in a case like this. The appellants have collaborated on this short opposition to consolidated briefing to save the Court work and because their interests and arguments on this procedural issue align. But collaborating on a procedural motion is a far cry from agreeing to a single consolidated merits brief where parties wish to make different arguments and have different interests.

Tellingly, the City does not cite a single case from this Circuit ordering consolidated briefing in a case where the appellants objected, as the appellants vigorously do here. This Court has no rule permitting such relief, and the two Sixth Circuit cases that the City cites merely confirm as much. In the first case, *In re Dow Corning Corp.*, 456 F.3d 668 (6th Cir. 2006), the appellants *voluntarily* filed a motion naming a "lead counsel," and no one in that group objected to consolidated briefing. *See* Docket, *In re Dow Corning Corp.*, No. 04-1608 (6th Cir. May 13, 2004). (The appellants in that case may have even requested

consolidated briefing; the content of their filing is not available electronically.) And the one appellant that wished to was permitted to file separate briefs. *In re Dow Corning Corp.*, 456 F.3d at 674 n.2.

And the City badly misreads *United States v. Swiney*, 203 F.3d 397 (6th Cir. 2000), which stands for the proposition that consolidated briefing by private parties is *inappropriate*. In *Swiney*, this Court consolidated 11 cases involving 9 private parties. Each of the 9 filed its own, separate brief. *See, e.g.*, Brief of Appellant Swiney, *United States v. Swiney*, No. 97-6493 (6th Cir. Nov. 18, 1998); Brief of Appellant Mullins, *United States v. Mullins*, No. 98-5341 (6th Cir. Nov. 23, 1998); Brief of Appellee Duran-Guzman, *United States v. Duran-Guzman*, No. 98-5015 (6th Cir. April 19, 1999). The only thing the Court "consolidated for purposes of briefing" was the brief *of the United States*. 203 F.3d at 399 n.1.

The Seventh Circuit's decision in *Torres* ordered consolidation because the four appellants had been abusive. They filed one joint brief (with nearly 13,000 words) and three separate briefs (12,723, and 9,590, and 7,583 words). *United States v. Torres*, 170 F.3d 749, 750-51 (7th Cir. 1999). And "each of the individual briefs adopts all of the arguments presented in the other individual briefs," meaning that each appellant had "filed the equivalent of a single brief with 42,779 words." *Id.* Furthermore (and as their blanket adoption of each others' arguments demonstrated), the appellants "ha[d] identical interests" and "[n]one ha[d] any

contention pertinent to himself alone." *Id.* at 750. The Court accordingly ordered them to file one consolidated brief. None of that is true in this case.

This Court and others regularly permit private parties in administratively consolidated appeals to file separate briefs. *See, e.g.*, Docket, *In re Chrysler LLC et al.*, No. 09-2311-bk (2d Cir. June 2, 2009) (permitting each of 4 appellants and 7 appellees in the Chrysler bankruptcy to file separate briefs and granting the Indiana Pensioners' motion to *exceed* the normal word limit in its individual brief); Order, *Yolton v. El Paso Tennessee Pipeline Co.*, No. 04-1182 (6th Cir. July 13, 2004) (consolidating three cases "for briefing" such that the multiple "appellants shall file separate briefs" and the single "appellee shall file a consolidated brief"); Order, *Kammeyer v. Sharonville*, No. 06-3815 (6th Cir. July 27, 2006) (consolidating five appeals on appellee's motion and noting that "appellants are directed to file separate briefs, unless they inform the court otherwise"); Order, *White Family Companies, Inc. v. PNC*, No. 12-3359 (6th Cir. Mar. 26, 2012) (consolidating cases and stating that "appellants may file separate briefs" and "appellee to file a consolidated brief").

The Court should also reject the City's alternative proposal for partially consolidated briefing, under which the appellants would file a single joint brief of 20,000 words and individual briefs of 3,000 words apiece, as well as a single, consolidated reply. This proposal contains all of the drawbacks (and few of the

purported benefits) of full consolidation. The appellants would still be required to sacrifice their own interests, arguments, and preferred framing and emphasis of issues. And they would still be required to engage in an impractical effort to secure sign-off from seven large groups of appellants on a single joint brief. But the Court would not be relieved of the obligation to review 7 different opening briefs -- in fact, it would have to review 8.

In the *Ashman* case cited by the City, the Seventh Circuit ordered partial consolidation because the appellants had "inundated the court with redundant and uncoordinated" opening briefs and because the commodities fraud matter was "not so complex as to warrant the nearly thousand pages of briefs that we can expect." *United States v. Ashman*, 964 F.2d 596, 597-98 (7th Cir. 1992). Appellants here have not inundated the Court, and in any event this case *is* complex: it is the largest municipal bankruptcy in American history. *Ashman* involved 10 individual defendants tried together for commodities fraud. The appellants in these appeals represent different interests of different segments of more than 32,000 active and retired City employees. These groups deserve their day in court. One size does not fit all.

*Finally*, the City's motion is unnecessary. Many of the appellants in these appeals will file briefs that contain far fewer than 14,000 words and will join or adopt arguments made by others where possible, even if some (but not all) will

want to present their own arguments about the Pensions Clause. We have no intention of wasting the Court's time or our own. For example:

- At least one appellant will likely file a short statement of interest and then simply join or adopt by reference arguments made by other appellants.

- Other appellants have indicated that they intend to file short briefs on narrow, unique issues (like the Referendum Clause) and then to join another appellant's brief.

- At least two appellants are considering drafting a joint brief for the two of them.

- All seven appellants plan to use a common addendum containing a single set of record designations covering all seven appeals.

- To the extent the appellants determine an appendix is needed to cite materials not appearing in the bankruptcy court's electronic docket, they plan to submit a common appendix for the Court's convenience.

The bottom line is that the appellants in this important case are represented by sophisticated counsel with no interest in wasting this Court's time and are best positioned to determine whether or not to join another appellant's brief. They should not be forced to do so.

Denying the City's request to consolidate the appellants' briefs would impose no burden on the City. The City is perfectly capable of responding to multiple briefs from multiple different parties. It had no trouble doing so in the bankruptcy court, filing a single "Consolidated Reply" (Bankr. Ct. Dkt. No. 765) to *110 separate objections* by numerous individuals and organizations. In this Court,

the City likewise filed a consolidated answer to three of the petitions for direct appeal. And the appellants have no objection if the City would prefer to draft a single, expanded consolidated response brief -- which will be easy for the City to coordinate because the City is a single party with a single interest.

## II.   The Court Should Not Extend the City's Time to File

The Court should deny the City's request to extend its time to file its brief or briefs from May 27 to June 17. The standard month to respond is perfectly adequate, especially in a case like this where there has been extensive briefing in the bankruptcy court and the City can anticipate the arguments that the appellants will raise in this Court. Indeed, the City managed to file its Consolidated Reply in the bankruptcy court on Sept. 6, 2013 -- less than three weeks after the Aug. 19 deadline for the filing of objections, even though there were 110 objections.

Jones Day is a huge law firm with more than 2,400 lawyers, including large teams working on the Detroit bankruptcy in both the bankruptcy and appellate courts. Jones Day cannot reasonably contend that its briefing deadline should be extended beyond May 27 because there is a May 12 bankruptcy court deadline. Jones Day is perfectly capable of carrying on litigation in the bankruptcy court and this Court simultaneously. Everyone involved in this litigation faces overlapping deadlines. Besides, if Jones Day has to file its brief for the City on June 17, it would be in the midst of fact depositions (to be completed on June 16) and expert

depositions (June 30). If the appellants have to file their reply after June 17, they will face that same overlapping expert witness deadline as well as preparation for a pre-trial brief and order, due July 11, and preparations for the plan confirmation trial, which starts July 16.

And if Jones Day is too busy, it can and should ask the bankruptcy court for an extension. This Court should not delay this appeal in favor of the bankruptcy court proceedings when the very purpose of the appeal is to determine whether the bankruptcy court should be proceeding in the first place. As the appellants have explained in their March 18 and 19 motions to expedite oral argument, delaying briefing, argument, and decision in this case would ill serve the people of the City of Detroit.

## CONCLUSION

For the foregoing reasons, the Court should grant the City's request for administrative consolidation but otherwise deny the City's Motion to Consolidate and Extend Its Time to Respond.

Dated: March 21, 2014                                Respectfully submitted,

| | |
|---|---|
| /s/ Lynn M. Brimer | /s/ Lisa S. Blatt |
| Lynn M. Brimer | Lisa S. Blatt |
| Meredith E. Taunt | Lisa Hill Fenning |
| STROBL & SHARP, P.C. | ARNOLD & PORTER LLP |
| 300 East Long Lake Road, Suite 200 | 555 Twelfth Street NW |
| Bloomfield Hills, MI 48304-2376 | Washington, DC 20004 |
| (248) 540-2300 | (202) 942-5000 |
| lbrimer@stroblpc.com | lisa.blatt@aporter.com |
| mtaunt@stroblpc.com | |
| *Counsel for the Retired Detroit Police Members Association* | Robert D. Gordon |
| | Shannon L. Deeby |
| /s/ Andrew D. Roth | CLARK HILL PLC |
| Andrew D. Roth | 151 South Old Woodward Avenue |
| BREDHOFF & KAISER, PLLC | Suite 200 |
| 805 Fifteenth Street, N.W., Suite 1000 | Birmingham, Michigan 48009 |
| Washington, D.C. 20005 | (248) 988-5882 |
| (202) 842-2600 | *Counsel for the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit* |
| aroth@bredhoff.com | |
| /s/ Sharon L. Levine | /s/ Barbara A. Patek |
| Sharon L. Levine, Esq. | Barbara A. Patek |
| Philip J. Gross, Esq. | Earle I. Erman |
| LOWENSTEIN SANDLER LLP | ERMAN, TEICHER, |
| 65 Livingston Avenue | ZUCKER & FREEDMAN, P.C. |
| Roseland, New Jersey 07068 | 400 Galleria Officentre, Suite 444 |
| (973) 597-2500 | Southfield, MI 48034 |
| slevine@lowenstein.com | (248) 827-4100 |
| pgross@lowenstein.com | bpatek@ermanteicher.com |
| *Counsel for Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees* | eerman@ermanteicher.com |
| | *Counsel for the Detroit Fire Fighters Association, Detroit Police Officers Association, and Detroit Police Command Officers Association* |

 /s/ Claude D. Montgomery
Claude D. Montgomery
Carole Neville
DENTONS US LLP
1221 Avenue of the Americas
New York New York 10020
(212) 768-6700
claude.montgomery@dentons.com
*Counsel for the Official Committee of Retirees*

 /s/ Ryan C. Plecha
Brian D. O'Keefe
Ryan C. Plecha
LIPPITT O'KEEFE GORNBEIN, PLLC
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

Thomas R. Morris
Karin F. Avery
SILVERMAN & MORRIS, P.L.L.C.
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
(248) 539-1330
morris@silvermanmorris.com
avery@silvermanmorris.com
*Counsel for Retiree Association Parties*

 /s/ Peter D. DeChiara
Babette A. Ceccotti
Peter D. DeChiara
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, NY 10036
(212) 563-4100
bceccotti@cwsny.com

Michael Nicholson
Niraj R. Ganatra
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216
mnicholson@uaw.net
nganatra@uaw.net
*Counsel for the International Union, UAW*

William A. Wertheimer
30515 Timberbrook Lane
Bingham Farms, MI 48025
(248) 644-9200
billwertheimer@gmail.com
*Counsel for the Flowers Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2014, the foregoing *Appellants' Joint Response to the City of Detroit's Motion to Consolidate and Extend Its Time to Respond* was electronically filed with the Court via the Court's appellate CM/ECF system, and a copy of the brief was served on all counsel of record by operation of the CM/ECF system on the same date.

      /s/ Lynn M. Brimer
Lynn M. Brimer