# United States Bankruptcy Court
# For the Eastern District of Michigan
# Southern Division

| | |
|---|---|
| In re<br><br>City of Detroit<br>                          Debtor,<br>                          . | Chapter 9<br><br>Case No. 13-53846<br><br>Judge Steven W.<br><br>Rhodes<br><br>Objection to Plan for the Adjustment of Debts by Creditor, Ben McKenzie, Jr. |

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
Attorneys for the City of Detroit
North Point
90I Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
Attorney for the City of Detroit
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
bbennett@jonesday.com

Jonathan S. Green (MI P33140) Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Attorneys for the City of Detroit
150 West Jefferson
Suite 2500

Donnelly W. Hadden (P- 14507)
Donnelly W. Hadden, P.C.
Attorney for Creditor, Ben McKenzie, Jr.
2002 Bancroft
Ann Arbor, Michigan 48108
Telephone: 734-213-7002
dwhadden@umich.edu

Ellen Dennis (P-24400)
Law Office of Ellen Dennis
Attorney for Creditor, Ben McKenzie, Jr.
101 S. Ann Arbor St., Ste. 203A
Saline, Michigan 48176
Telephone: 734 944-5819
m.ellen.dennis@gmail.com

Detroit, Michigan 48226
Telephone: (313) 963-6420
green@millercanfield.com
laplante@millercanfield.com

OBJECTION TO PLAN FOR THE ADJUSTMENT OF DEBTS,
by CREDITOR, BEN McKENZIE, JR. and
MEMORANDUM OF LAW

Ben McKenzie, Jr., on behalf of himself and all others similarly situated, by his attorneys OBJECTS to the Plan for the Adjustment of Debts filed by the debtor (Doc 2708) because it does not provide for paying pre-petition claims relating to the operation of motor vehicles for which the city is self-insured. There is a fund of $15,200,000.00 being held in escrow by the State of Michigan Department of Treasury for the purpose of securing payment of such claims. See Memorandum of Understanding dated June 4th, 2013 copy attached as Exhibit 1 to this Objection and to Mr. McKenzie's Objection to Disclosure Statement (Doc No 3021).

1. Ben McKenzie, Jr. has standing to make this objection because he is the holder of two pe-petition claims. He was a pedestrian struck by a bus on January 7th, 2010. His claims are:

● No. 578, filed Jan 21st, 2014, a claim for unpaid No-Fault Personal Protection Benefits ("PIP" claim) *q.v.*, and

● No. 579, filed Jan 21st 2014, a claim for residual liability non-economic damages ("NI" claim) *q.v.*

His actions against the debtor are stayed by the Automatic Stay Order issued in this case on August 6th, 2013, copy attached, Exhibit 2.

2. This court, in Docket No. 2302, Alternative Dispute Resolution Procedures, recognizes *inter. alia* "(3) claims, to the extent not satisfied in the ordinary course, relating to the operation of motor vehicles for which the city is self-insured pursuant to...MCL §500.3101 *et seq.*" Mr.

McKenzie's claims have not been satisfied.

3. On May 2nd 2013 debtor's application for a Certificate of Self-Insurance was submitted but the city did not qualify because it could not meet the net worth requirement. See Exhibit 1.

4. The Department of Treasury agreed with the Department of Insurance and Financial Affairs to put $15.2 million in escrow to pay claims and judgments stemming from the city's obligations under the No-Fault law which it could not pay. In exchange, the latter department issued a Certificate of Self-Insurance to the city, valid until June 9th, 2014, Certificate No. 695, copy attached, Exhibit 3.

5. On July 18th, 2013, the city filed this bankruptcy case and became unable to pay these pre-petition claims in the ordinary course of business.

6. This $15.2 million is escrowed exclusively for the payment of claims related to the operation of motor vehicles. It is not available to other creditors.

7. In Schedule G "Litigation and Other Claims" (Doc 258-1) the debtor does not distinguish whether, which or how many of those pre-petition claims are related to the operation of motor vehicles for which the city is self-insured.

8. It is probable that there are several such claims included in that mix. Those are entitled to discrete treatment and payment from the escrow funds.

MEMORANDUM OF LAW

MCL 500.3101 mandates that the owner or registrant of a motor vehicle required to be registered in Michigan shall maintain "...**security** for the payment of benefits under personal injury protection (PIP), property protection insurance (PPI) and residual liability insurance." (Emphasis supplied) Security may be provided by purchasing automobile insurance per MCL 500.2101 -or- by qualifying as a "self-insured" fleet owner of more than 25 vehicles under MCL 500.3101d. Debtor had, as of May 2nd, 2013, 3,351 vehicles, Exh. 4 attached.

In addition to having more than 25 vehicles the rules require that a fleet owner must prove itself to possess a net worth of more than $5 million, Michigan Administrative Code, R.257.538. On May 9th, 2013 the debtor did not meet the net worth criteria. The Department of Insurance and Industry Services was required to deny a self-insurance certificate to the city. Also, R.257.538(2)(d) provides that a Certificate of Self-Insurance can be cancelled if the owner/registrant files a petition in bankruptcy or is declared bankrupt by a federal court. As of May 2nd, 2013 the city's net worth was a negative $371,973,905. [Exh. 4] The city was not qualified to be self-insured, not entitled to a self-insured certificate and its application should have been denied.

Instead, the Director issued a Certificate of Self-Insurance to the debtor, valid until June 9th, 2014, upon consideration of $15.2 million being placed in an escrow account with the state Treasury Department as security for the payment of benefits. There is no likelihood the bankrupt debtor will be able to satisfy those claims. These funds are available only to those creditors holding pre-petition PIP, PPI and residual liability claims and ought to be distributed to such creditors from the escrowed money, freeing an equal amount of other assets to satisfy other creditors.

Because these funds are limited in purpose by law and set aside solely for maintaining security for the payment of a class of creditors who hold claims arising out of the operation of debtor's vehicles, they should be listed as secured creditors to the extent of the escrow.

WHEREFORE objector requests that the Plan or the Adjustment of Debts (Doc 2708) be amended to provide as follows:

A. Compel debtor and Kurtzman Carson Consultants LLC to break out and list a separate class of claimants: those who hold claims related to the operation of motor vehicles, with three sub-classes; (1) Personal Injury Protection (PIP) cases (2) Property Protection Insurance (PPI) cases and (3) residual liability (NI) cases.

B. Compel these claims be sorted out and separated from other tort or contractual claims and process compensation for them out of the $15.2 million dollar fund.

C. Treat holders of these claims as secured creditors to the extent of an aggregate $15,200,000.00 until the escrow fund is exhausted.

Respectfully submitted;

/s/ Ellen Dennis      (P24400)
LAW OFFICE OF ELLEN DENNIS
Attorney for Creditor, Ben McKenzie, Jr.
101 S. Ann Arbor St., Suite 203A
Saline, MI 48176
(734) 944-5819
m.ellen.dennis@gmail.com

DONNELLY W. HADDEN, P.C.
By: /s/ Donnelly W. Hadden    (P14507)
Donnelly W. Hadden
Co-counsel for Creditor, Ben McKenzie, Jr.
2002 Bancroft Drive
Ann Arbor, MI 48108-9307
(734) 213-7002
dwhadden@umich.edu

March 26, 2014

Certificate of Service

I hereby certify that on March 26, 2014, I electronically filed the foregoing paper with the Clerk of the Bankruptcy Court using the ECF system which will send notification of such filing to the following:

   David G. Heiman (OH 0038271)
   Heather Lennox (OH 0059649)
   JONES DAY
   Attorneys for the City of Detroit
   North Point
   90I Lakeside Avenue
   Cleveland, Ohio 44114
   Telephone: (216) 586-3939
   dgheiman@jonesday.com
   hlennox@jonesday.com

   Bruce Bennett (CA 105430)
   JONES DAY
   Attorney for the City of Detroit
   555 South Flower Street
   Fiftieth Floor
   Los Angeles, California 90071
   Telephone: (213) 243-2382 bbennett@jonesday.com

   Jonathan S. Green (MI P33140)
   Stephen S. LaPlante (MI P48063)
   MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
   Attorneys for the City of Detroit
   150 West Jefferson
   Suite 2500
   Detroit, Michigan 48226
   Telephone: (313) 963-6420
   green@millercanfield.com laplante@millercanfield.com

   /s/Ellen Dennis
   Attorney for Creditor,
   Ben Mckenzie, Jr.
   101 S. Ann Arbor St., Ste. 203A
   Saline, MI 48176
   Telephone: 734-944-5819
   m.ellen.dennis@gmail.com