# EXHIBIT 1

| | |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

### ORDER (I) APPROVING SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH UBS AG AND MERRILL LYNCH CAPITAL SERVICES, INC. PURSUANT TO BANKRUPTCY RULE 9019 AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion") for entry of an order (i) approving, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the terms of the City's[1] settlement and plan support agreement with UBS AG ("UBS") and Merrill Lynch Capital Services, Inc. ("MLCS" and, together with UBS and the City, the "Parties"), as more fully set forth in the Motion, and (ii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any opposition thereto and statements submitted in connection therewith; and upon the hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in, as applicable, the Motion or the Agreement (as defined below).

just cause for the relief granted herein; and the Court having determined that the City was authorized, but not required, to seek approval of the settlements set forth in the Agreement (as defined below) pursuant to Bankruptcy Rule 9019; and the Court having determined that the Agreement was negotiated at arm's length and in good faith by the Parties and that the Agreement is fair, equitable and reasonable; and the Court having determined that UBS and MLCS are not "insiders" (as defined in the Bankruptcy Code) of the City; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

1. ORDERED that the Motion is granted in its entirety, and any objections to the Motion not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice; and it is further

2. ORDERED that the Motion seeking approval of the settlement and plan support agreement substantially in the form filed in this case (the "<u>Agreement</u>") is approved in its entirety and all of its terms are incorporated herein by reference as if fully set forth herein, and the failure to specifically describe or include in this Order any particular provision of the Agreement shall not diminish or impair the effectiveness of any such provision; and it is further

3. ORDERED that the City is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers, and to make all payments (including interest and fees, if any), and take any and all actions reasonably necessary or appropriate to consummate, complete, execute and implement the Agreement in accordance with the terms and conditions thereof, and any actions taken heretofore in furtherance of these obligations are hereby ratified; and it is further

4. ORDERED that the manner in which notice of the Motion was provided to all parties entitled to such notice was adequate, appropriate, reasonable and sufficient for all purposes and is approved; and it is further

5. ORDERED that this Order (including the Agreement incorporated herein) is and shall be binding on all parties in interest in the City's chapter 9 case; and it is further

6. ORDERED that the settlements and compromises set forth in the Agreement are fair and reasonable to, and in the best interests of, the City, its residents and its creditors, and in entering into the Agreement, the Parties have acted in a commercially reasonable manner and exercised their respective rights and powers, and used the same degree of care and skill in their exercise, as a prudent person would exercise or use under the circumstances, and such settlements and compromises are hereby approved; and it is further

7. ORDERED that, during the term of the Agreement and until the Net Amount (as defined below) is paid in full in cash, the City shall (i) timely make the monthly Holdback Requirement (as defined in the Collateral Agreement) payments in the manner provided by and on the terms set forth under Section 5.2(a)(1) and (b) of the Collateral Agreement (the "<u>Monthly Payments</u>"), and (ii) ~~allow~~<u>as set forth in Section 4.1 of the Agreement, use its best efforts to ensure that</u> UBS and MLCS ~~to~~ timely receive the quarterly payments in an amount equal to all Hedge Periodic Payables (as defined in the Collateral Agreement) required to be paid to them in the manner provided by and on the terms set forth under Section 5.7(a)(i) of the Collateral Agreement (the "<u>Quarterly Payments</u>"); *provided*, that for purposes of the Agreement and this Order, neither (~~i~~<u>a</u>) any ~~subsequent~~ termination or invalidation of any Swap Agreement nor (~~ii~~<u>b</u>) the ~~subsequent~~ occurrence of any Hedge Event (as defined Collateral Agreement) will modify the amounts or timing of the City's payment obligations under the Agreement, this Order

3

or the Collateral Agreement, and for such purposes all Monthly Payments and all Quarterly Payments shall be made in the manner provided by and in accordance with the terms of the Collateral Agreement as if such Swap Agreement had not been terminated or invalidated, or such Hedge Event had not occurred; and it is further

8. ORDERED that, during the term of the Agreement and so long as the City is not in breach of the Agreement, UBS and MLCS shall (a) not seek to prevent the City from obtaining payments from the General Receipts Subaccount (as defined in the Collateral Agreement) and (b) except as set forth in the Agreement, use best efforts to take any action reasonably requested by the City to reverse any action by the custodian under the Collateral Agreement (the "Custodian") to withhold or delay the payments to the City; and it is further

9. ORDERED that, in addition to constituting amounts paid and payable under and pursuant to the Collateral Agreement, the Monthly Payments and the Quarterly Payments shall be adequate protection payments pursuant to section 361 of the Bankruptcy Code to protect against diminution of UBS's and MLCS's interest in the collateral (the "Pledged Property") pledged by the City under the Collateral Agreement and/or Ordinance No. 05-09 of the City; and it is further

10. ORDERED that each of UBS and MLCS is hereby granted an allowed claim (collectively, the "Secured Claims") against the City secured by liens on the Pledged Property (the "Liens"), which, solely for purposes of distributions from the City, shall be deemed to be in the aggregate principal amount of $42,500,000.00 for each of UBS and MLCS plus any interest as provided in the Agreement (together, the "Distribution Amount"), payable in cash; and it is further

11. ORDERED that, except as reduced by payments as set forth herein or in the Agreement, the Secured Claims and the Liens ~~(i) are~~, which were previously granted for the exclusive benefit of UBS and MLCS, (i) are and shall continue to be valid, binding, perfected and enforceable without further action by, or notice to, any party and (ii) shall not be subject to avoidance, reduction, subordination, reconsideration, merger, recharacterization, consolidation, recoupment, recovery, deduction, attack, offset, objection, defense, claim (as defined in the Bankruptcy Code) or counterclaim under applicable provisions of the Bankruptcy Code or state law or in equity; and shall not be subject to disallowance under any provision of the Bankruptcy Code, including section 502(d) thereof; and it is further

12. ORDERED that, ~~except in the case of a Liquidity Event~~ unless the Secured Claims are being paid pursuant to a Specified Plan (as defined in the Agreement), on or promptly following the effective date of ~~the City's~~ any plan of adjustment ~~(~~ for the City (any "Plan"), the City shall pay to UBS and MLCS in cash, in satisfaction and discharge of the Secured Claims, the Distribution Amount less the sum of all Quarterly Payments received by UBS and MLCS since January 1, 2014 (the "Net Amount"), and any Monthly Payments held by the Custodian after such satisfaction and discharge shall be returned to the City; and it is further

13. ORDERED that the Secured Claims shall also be satisfied and discharged if, prior to the effective date of ~~the~~ any Plan or following dismissal of the City's chapter 9 case, UBS and MLCS shall have received, in cash, Quarterly Payments since January 1, 2014 equal to the Distribution Amount; and it is further

14. ORDERED that, upon full payment by the City to UBS and MLCS of the Distribution Amount~~,~~ (i) all liens on the Pledged Property, including without limitation the Liens, shall be released without any further action or agreement by UBS, MLCS, the Custodian or any

5

other person; *provided* that, if the Custodian holds any lien or security interest for the repayment of its fees, expenses and compensation under the Collateral Agreement (collectively, "Custodian Expenses"), such lien or security interest (to the extent one exists) shall be released only upon the payment in full of all reasonable Custodian Expenses secured thereby, (ii) the Irrevocable Instructions (as defined in the Collateral Agreement) shall be terminated and no longer of any force or effect and the Custodian shall give notice to the Developers and Obligors (each as defined in the Collateral Agreement) that the Irrevocable Instructions have been terminated and are no longer of any force or effect and (iii) any Monthly Payments then held by the Custodian shall be returned to the City by the Custodian; and it is further

15. ORDERED that the City shall use best efforts to secure sufficient exit financing to pay the Net Amount on or promptly following the ~~Effective Date~~ effective date of any Plan, and failing that, as soon thereafter as possible; and it is further

16. ORDERED that, ~~if the Net Amount is not paid in connection with the Effective Date, other than with respect to net proceeds used to repay up to $120 million principal amount (plus all interest and fees) of the City's quality-of-life post-petition financing facility [Order to refer to docket number of motion or order regarding facility], to the extent permitted by law but without taking into consideration any limitations imposed by the City, including in any ordinance or resolution of the City, the first dollars of any net cash proceeds of any financing or refinancing consummated in connection with, or subsequent to, the consummation of the City's plan of adjustment and either (i) supported by the full faith and credit of the City or (ii) payable from the general fund of the City shall be used to pay the Net Amount~~ prior to the effective date of any Plan, the City shall not accelerate the payoff of the Secured Claims as compared to the schedule

6

of Monthly Payments and Quarterly Payments set forth in the Collateral Agreement; and it is further

17. ORDERED that, unless and until the Secured Claims are satisfied and discharged as set forth herein, no termination, invalidation or avoidance of any Swap Agreement, Service Contract obligation, lien securing any Service Contract obligation or lien granted by either of the Service Corporations, disregard or veil piercing of either Service Corporation, substantive consolidation of either Service Corporation with the City, invalidation or avoidance of any of the Certificates of Participation or any similar or other event or circumstance shall affect the allowance, amount, validity or enforceability of the Secured Claims, the Liens or the Parties' obligations hereunder or in the Agreement; and it is further

18. ORDERED that the provisions and effect of this Order and the Agreement, and any actions taken by the Parties pursuant to this Order or the Agreement, including, without limitation, the (i) allowance of the Secured Claims; (ii) payment of the Monthly Payments and the Quarterly Payments; (iii) payment of the Distribution Amount or the Net Amount and (iv) release of the Liens, shall not impair the rights of UBS and MLCS to terminate any Swap Agreement in accordance with the terms and conditions of such Swap Agreement and applicable law; and it is further

19. ORDERED that UBS and MLCS reserve and retain all rights, claims and remedies related to the Swap Agreements or the Swap Insurance Policies against any person that is not a Party, including, without limitation, against either Service Corporation, Syncora Guarantee Inc., Syncora Capital Assurance Inc. (together with Syncora Guarantee Inc., "Syncora") or Financial Guaranty Insurance Company (together with Syncora, the "Swap Insurers"); *provided* that neither UBS nor MLCS will exercise any right, claim or remedy against

7

a Swap Insurer in connection with the Swap Insurance Policies that results in the Swap Insurer acquiring an allowed secured claim for reimbursement, or an allowed secured claim by way of subrogation, against the City; *provided further* that the provisions of this paragraph shall not apply with respect to a Service Corporation if such Service Corporation is collapsed into, disregarded, veil-pierced, substantively consolidated with or similarly treated with respect to the City; and it is further

20. ORDERED that the Service Corporations are hereby barred from commencing any litigation or taking any other action that the Service Corporations would not have been able to commence or take if the Service Corporations were a party to the Agreement and obligated to the same extent as the City under the Agreement, including making or pursuing any Released Claim (as defined herein); *provided* that this paragraph shall not apply to any actions taken by the Service Corporations in respect of Hedge Receivables (as defined in the Service Contracts) that, on or after the date of entry of this Order, become due and payable to the Service Corporations from UBS or MLCS pursuant to any Swap Agreement; *provided, further* that each of UBS and MLCS shall retain its right to terminate any Swap Agreement in accordance with the terms and conditions of such Swap Agreement and applicable law; and it is further

21. ORDERED that the Agreement and this Order shall be and hereby are independently effective without the necessity of any Plan; and it is further

21. ORDERED that, as and to the extent set forth in the Agreement, UBS and MLCS shall vote the Secured Claims in support of, and shall not (in their capacity as holders of the Secured Claims) object to, a plan of adjustment proposed by the City so long as (i) the rights and claims of UBS and MLCS are treated in accordance with the Agreement and (ii) UBS and MLCS are properly solicited by the City after approval of a disclosure statement; and it is further

8

~~22.   ORDERED that the City shall not propose or support a plan of adjustment that (i) treats the Secured Claims any less favorably than as provided in the Agreement or that (ii) otherwise has a material adverse effect on UBS or MLCS or any of UBS's or MLCS's affiliates or any of their respective Related Persons (as defined below) with respect to the Secured Claims, the Swap Agreements, or the Certificates of Participation; *provided* that the Agreement and this Order shall be and hereby are independently effective without the necessity of any plan of adjustment; and it is further~~

~~23~~22.   ORDERED that, unless and until the Agreement is terminated, subject to Section 10.5 of the Agreement, (i) the City shall not commence or prosecute any litigation (or directly or indirectly cause either Service Corporation or any other person to or support either Service Corporation or any other person in commencing or prosecuting any litigation) against UBS, MLCS or any of their affiliates or any of their respective (a) officers, (b) directors, (c) employees, (d) members, (e) managers, (f) partners and (g) attorneys, attorneys-in-fact and other advisors, in each case solely in their capacity as such (collectively, subclauses (a) through (g), "Related Persons"), relating to the Swap Agreements, the Secured Claims, the collateral securing the Secured Claims or the Certificates of Participation and (ii) if either Service Corporation or any other person commences any such litigation, the City shall cooperate with and support the defense of the litigation by the UBS or MLCS defendant; ~~*provided, however,* that the City will remain able to defend itself against, oppose or dispute any allegations, counterclaims, cross claims, defenses or claims for relief propounded by or on behalf of UBS, MLCS or any of their affiliates or any of their respective Related Persons arising in or relating to the City's litigation to invalidate the Certificates of Participation [Adv. Pro. Case No. 14-04112] so long as the City is not seeking any affirmative recovery from, or otherwise advocating for any~~

9

~~affirmative liability of, UBS, MLCS or any of their affiliates or any of their respective Related Persons;~~ and it is further

~~24~~23.     ORDERED that the Custodian is hereby authorized to rely upon the terms of this Order and the Agreement~~,~~ and directed to take any action <u>reasonably</u> requested by any of the Parties to effectuate the transactions contemplated by this Order or the Agreement<u>,</u> and no other or further consents are required; and it is further

<u>24.     ORDERED that nothing in this Order or the Agreement shall be deemed to alter or modify any right that the Custodian may have, if any, to compensation, reimbursement and/or indemnity under the Collateral Agreement; and it is further</u>

25.     ORDERED that the automatic stay imposed pursuant to section 362 of the Bankruptcy Code, to the extent it applies, is modified solely to permit UBS and MLCS to enforce the terms of the Agreement; and it is further

26.     ORDERED that the City will (i) not commence or prosecute any litigation (or directly or indirectly cause or support any other person in commencing or prosecuting any litigation) to challenge <u>the Secured Claims or</u> any liens on the Pledged Property; (ii) defend <u>the Secured Claims and</u> the validity, perfection and priority of such liens against any challenge by any other person and (iii) not cause or permit any other liens to be senior to or *pari passu* with such liens until the Net Amount has been paid in cash in full; and it is further

27.     ORDERED that the Custodian shall not be liable to any party on account of actions taken by the City, UBS, MLCS or the Custodian in good faith to effectuate the transactions contemplated by the Agreement, including, without limitation, the payment of the Monthly Payments and Quarterly Payments and the release of the liens on the Pledged Property, each as provided in the Agreement; and it is further

28. ORDERED that, unless otherwise agreed by the Parties, to the extent of any inconsistency between this Order and the Agreement, on the one hand, and any ~~plan of adjustment~~Plan confirmed in this chapter 9 case (other than a Specified Plan), on the other hand, the terms of this Order and the Agreement, as applicable, shall govern; and it is further

29. ORDERED that this Order shall be immediately effective and enforceable upon its entry; and it is further

30. ORDERED that the provisions and effect of this Order, any actions taken pursuant to this Order or the Agreement and the Parties' respective rights, obligations, remedies and protections provided for herein and in the Agreement shall survive the dismissal or closing of this chapter 9 case, or confirmation of a plan or plans of adjustment, and the terms and provision of this Order and the Agreement shall continue in full force and effect notwithstanding the entry of any such order; and it is further

31. ORDERED that the Agreement and this Order constitute and evidence the valid and binding obligations of the Parties, which obligations shall be enforceable against each Party and each of their successors and assigns in accordance with the terms of the Agreement and this Order; and it is further

32. ORDERED that, upon the earlier of the (i) effective date of ~~the~~any Plan and (ii) satisfaction and discharge of the Secured Claims and the release of the Liens, and without further action, for good and valuable consideration, the adequacy of which is hereby confirmed, (a) the City and, if and at any time, any entity, including either Service Corporation, is collapsed into, disregarded, veil-pierced, substantively consolidated with or similarly treated with respect to the City, that entity (collectively, the "City Releasors"), shall release unconditionally, and be deemed to forever and unconditionally release, waive and discharge UBS and MLCS and their

11

affiliates and each of their respective present and former Related Persons (collectively, the "Counterparty Released Parties") and (b) UBS and MLCS shall release unconditionally, and be deemed to forever and unconditionally release, waive and discharge the City Releasors and the City Releasors' affiliates and each of their respective present and former Related Persons (excluding, in all cases, to the extent not a City Releasor, the Service Corporations), of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, all claims relating to the Swap Agreements, the Certificates of Participation or the Service Corporations) whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or prior to the effective date of the Plan related to the Swap Agreements, the Certificates of Participation, the Service Corporations, any and all transactions related to the Swap Agreements, the Certificates of Participation, the Service Corporations and/or the Funding Trusts, or the chapter 9 proceedings or the Plan (collectively, the "Released Claims"); *provided* that the Released Claims shall not include any claims with respect to enforcement of the Agreement, including any claims with respect to the Secured Claims and the Liens to the extent not satisfied and discharged pursuant to this Order and the Agreement; and it is further

33. ORDERED that, notwithstanding anything to the contrary in this Order or the Agreement, nothing in this Order or the Agreement shall release, discharge or affect any rights, claims, counterclaims or defenses related to (i) any claims held by any Counterparty Released Party not for such party's own account, (ii) other than the Certificates of Participation, any

municipal securities of the City or securities issued by any affiliate of the City or (iii) any claim that is not a Released Claim.

<span style="padding-left: 2em;"></span>~~33~~34. ORDERED that neither this Order nor the Agreement shall impair any rights that UBS, MLCS or any of UBS's or MLCS's affiliates may have to intervene in the City's litigation to invalidate the Certificates of Participation [Adv. Pro. Case No. 14-04112]; and it is further

<span style="padding-left: 2em;"></span>~~34~~35. ORDERED that all persons (the "Barred Persons") are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere any claim for non-contractual indemnity or contribution against any Counterparty Released Party, arising out of or relating to or reasonably flowing from the claims or allegations in any of the Released Claims, whether or not denominated as for contribution or indemnity, where the injury to the person is the liability of such person to any Plaintiff (as defined below), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims (collectively, the "Barred Claims"); and if a court or tribunal determines that Barred Claims exist that would have given rise to liability of any Counterparty Released Party to a Barred Person but for this Order, the Barred Persons shall be entitled to the judgment reduction provisions set forth in this Order; and it is further

<span style="padding-left: 2em;"></span>~~35~~36. ORDERED that in the event that the City or either Service Corporation, or any person acting on behalf of, or asserting derivative claims of, the City or either Service Corporation, including any successor to the City or either Service Corporation, including any trustee, any committee appointed in the Chapter 9 case, any trustee of a litigation trust or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy

Code (any of the above, a "Plaintiff"), asserts a claim against any Barred Person based upon, arising from, or related to the facts, allegations, or transactions underlying any Released Claim (the "Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in the Action, the Plaintiff shall provide notice of this Order to the court or tribunal hearing the Action; and such court or tribunal shall determine whether the Action gives rise to Barred Claims on which Counterparty Released Parties would have been liable to the Barred Persons in the absence of this Order; and, if the court or tribunal so determines, it shall reduce any Judgment against such Barred Person in an amount equal to (a) the amount of the Judgment against any such Barred Person times (b) the aggregate proportionate share of fault (expressed as a percentage) of the Counterparty Released Party or Parties that would have been liable on a Barred Claim in the absence of this Order expressed as a percentage of the aggregate fault of (i) the Barred Person; (ii) such Counterparty Released Party or Parties and (iii) all other persons determined by such court or tribunal to be liable to the Barred Person in connection with the Action, whether or not such Persons are sued in such Action; and it is further

~~36~~37. ORDERED that if any Plaintiff enters into a settlement with any person with respect to one or more causes of action based upon, arising from, or related to the Released Claims or any transaction underlying any Released Claim, then such Plaintiff shall cause to be included, and in all events, the settlement shall be deemed to include, a dismissal, release and waiver of any Barred Claims with respect to such settlement; and it is further

~~37~~38. ORDERED that each Plaintiff is hereby enjoined and restrained from seeking relief or collecting judgments against any non-settling party in any manner that fails to conform to the terms of this Order, including, without limitation, the proportionate judgment reduction provision set forth in this Order; and it is further

14

3839.    ORDERED that, from January 31, 2014, until the earlier of (i) termination of the Agreement as provided in Section 9.1 or Section 9.2 of the Agreement and (ii) satisfaction and discharge of the Secured Claims and the release of the Liens in accordance with this Order, all statutes of limitation on ~~Released Claims~~claims to be released under this Order and any limitation on the time in which UBS or MLCS may exercise contractual rights under the Bankruptcy Code "safe harbors" related to the Swap Agreements shall be tolled; and it is further

3940.    ORDERED that, notwithstanding anything in this Order or the Agreement to the contrary but subject to the continued effectiveness of the tolling in the preceding paragraph of this Order, if, and only if, a Party terminates the Agreement as set forth therein, the Parties will be restored to their respective positions with respect to all rights, claims, remedies and defenses, which shall be restored as if the Agreement were never effective, including, without limitation, with respect to the (i) allowance of the Secured Claims ~~and the~~, (ii) adequate protection, (iii) provisions regarding the Liens and (iv) releases and injunctions set forth ~~herein~~in this Order and in the Agreement, which shall be nullified; and it is further

41.    ORDERED that nothing in this Order constitutes a finding or ruling with respect to impairment under section 1124 of the Bankruptcy Code or classification under section 1122 of the Bankruptcy Code or prejudices (i) any party's right to object to any Plan proposed in the City's bankruptcy case on the basis that the Secured Claims are not properly classified therein or are not impaired under section 1124 of the Bankruptcy Code or (ii) any party's right to contest any such objection; and it is further

4042.    ORDERED that this Court shall retain continuing jurisdiction with respect to all matters related to or arising from this Order and the Agreement or their implementation, including, without limitation, hearing a petition for relief by a Barred Person or any other party

15

in interest in the event that a court or tribunal hearing the Action fails to apply the judgment reduction provisions of this Order.