# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## MOTION OF OBJECTORS FOR ADJOURNMENT OF THE HEARING REGARDING THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, APPROVING A SETTLEMENT AND PLAN SUPPORT AGREEMENT AND GRANTING RELATED RELIEF

The Objectors[1] submit this motion (the "Motion to Adjourn") for an adjournment of the hearing on the *Corrected Motion of the Debtor for Entry of an Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving a Settlement and Plan Support Agreement and Granting Related Relief*, [Docket No. 2806] (the "Settlement Motion") pursuant to Local Bankruptcy Rule 5071-1. In support of their motion, the Objectors respectfully state as follows:

---

[1] The instant motion is being filed by Syncora Guarantee and Syncora Capital Assurance ("Syncora"), Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "EEPK"), FMS Wertmanagement, Wilmington Trust, National Association, Interested Party David Sole, and Dexia Crédit Local & Dexia Holdings, Inc.

## BACKGROUND

1. On March 3, 2014, the City of Detroit (the "City") filed the Settlement Motion, requesting approval from the Court for a settlement and plan support agreement (the "Settlement Agreement") that purports to, among other things, settle and release all claims between the City and UBS AG and Bank of America Merrill Lynch (collectively the "Swap Counterparties") in connection with certain Swap Agreements (the "Swaps"). Concurrently with the Settlement Motion, the City filed an *ex parte* motion seeking to expedite the hearing on the Settlement Motion [Doc. No. 2807].

2. The Court held a status conference on the Settlement Motion on March 5, 2014. At the status conference, the City suggested that it would only require a limited amount of time and testimony to supplement the prior hearings on the City's efforts to approve a settlement with the Swap Counterparties. (March 5, 2014 Hr'g Tr. at 76:7–77:6.) Following this status conference, the Court entered an order scheduling deadlines to file objections to the Settlement Motion and setting a hearing date for the Settlement Motion for April 3, 2014 at 9:00 a.m. [Doc. No. 2913].

3. On March 17, 2014, the City filed a motion requesting an order extending the deadline set by the Court to complete depositions in connection with the Settlement Motion [Doc. No. 3047]. The Court granted this order, [Doc. No.

3055], and depositions in connection with the Settlement Motion are scheduled to occur on March 31, 2014.

4. On March 13, 2014 the Official Committee of Retirees filed document requests asking the City to provide further information regarding the Settlement Agreement. After the City stated that it would not produce the requested documents, the Official Committee of Retirees filed a motion to compel and a hearing was held on March 20, 2014. The Court ordered that the City produce certain of the documents requested [Doc. No. 3098].

5. On March 26, 2014, over three weeks after it filed its Settlement Motion, the City filed a supplement to its motion that contains an amended proposed order (the "Proposed Order") and the unsigned form of the Settlement Agreement [Doc. No. 3234]. The following day, on March 27, 2014, the City produced certain documents and a privilege log pursuant to the Court's order. Additionally, on March 27, 2014 the City filed a second supplement to the Settlement Motion with a second set of technical changes to the Settlement Agreement [Doc. No. 3257]. The City produced 97 documents spanning a total of 516 pages.

## JURISDICTION

6.	The Court has jurisdiction over this matter pursuant to 38 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7.	The Objectors respectfully request the entry of an order adjourning the hearing on the Settlement Motion to a date around the hearing on the Disclosure Statement, currently scheduled for April 14, 2014, pursuant to Local Bankruptcy Rule 5071-1.

## BASIS FOR RELIEF

8.	Local Bankruptcy Rule 5071-1 provides that "The court will consider an adjournment of an evidentiary hearing or a trial only on a motion supported by an affidavit establishing good cause submitted at least 3 Business Days before the hearing or trial. The motion shall state whether opposing counsel concurs in the requested adjournment."  The Objectors attach the Affidavit of Stephen C. Hackney, counsel to Syncora, to this Motion to Adjourn.  (Ex. 5.)

9.	The City has repeatedly stated that it requires approval of the Settlement Agreement on an expedited basis.  (Hr'g Tr. 85:3–5, *Ex Parte* Motion, Doc. No. 2807, ¶¶ 3–5.)  The City has stated that setting the hearing on an expedited basis is appropriate because, among other things: "[T]hrough the four-day evidentiary hearing and closing argument and more than a half-dozen pre-trial

4

hearings and status conferences on the Forbearance and Optional Termination Agreement . . . this Court and all parties in interest are already familiar with all material issues relating to the Motion." (*Ex Parte* Motion, Doc. No. 2807, ¶ 5.)

10. However, as the Objectors have pointed out in their respective objections, the Settlement Agreement that the City asks this Court to approve involves a significant number of novel issues for the Objectors and the Court to consider, and is a materially different agreement from the Forbearance and Optional Termination Agreement that the City attempts to use to justify an expedited process. Additionally, the negotiation and deliberation attendant to the Settlement Agreement occurred entirely after and separately from the negotiations of the Forbearance Agreement.

11. Adding to the need for an adjournment is the fact City did not provide the actual 25-page Settlement Agreement, nor the final form of the Proposed Order, nor the documents relevant to City's Settlement Motion, until over <u>three weeks</u> after filing its Settlement Motion. The new Proposed Order and Settlement Agreement contain material differences from the initial proposed order submitted by the City and the term sheet attached to its Settlement Motion.

12. For example, the new Settlement Agreement and Proposed Order contain a new provision permitting the City to treat the Swap Counterparties' claims in accordance with a "Specified Plan," a concept and requirement

5

completely absent from the term sheet and the old proposed order. (Settlement Agreement at 5–6.) The Settlement Agreement also diminishes the City's obligations as compared to the Term Sheet; under the Settlement Agreement, the City must use "best efforts" to make payments under the Swaps. (Settlement Agreement § 4.1.) In contrast, the Term Sheet obligated the City to make these payments. (Term Sheet at 1.) These changes, among many others, materially alter the settlement being proposed by the City and require careful review by the Objectors.

13. Under the current schedule, the Objectors only have seven days to review the material changes to the amended Proposed Order, the newly submitted 25-page Settlement Agreement, and the more than 500 pages of documents produced by the City. Additionally, multiple documents that the City produced are incomplete because they lack attachments that were part of the original emails. On March 28, 2014, counsel for the City declined to produce these attachments.

14. The Objectors respectfully submit that a short one to two week adjournment to prepare for the hearing on the Settlement Motion would benefit all the parties to this proceeding by allowing sufficient time to review the documents and exhibits submitted by the City, as well as transcripts from the depositions of Kevyn D. Orr and Gaurav Malhotra that will occur on March 31, 2014. Adjourning the hearing on the Settlement Motion to a time on or around the date of

the hearing on the Disclosure Statement objections, currently scheduled for April 14, 2014 will promote efficiency and provide for a more ordered hearing on the Settlement Motion.

15. A majority of the objectors to the Settlement Motion join in and support the relief requested in this Motion. Moreover, the other few parties, if any, that objected to the Settlement Motion but did not join this Motion, have not indicated any opposition to the relief requested in this Motion.

16. Concurrently with the filing of this Motion to Adjourn, the Objectors will file an *ex parte* motion seeking expedited consideration of this Motion to Adjourn for April 2, 2014.

## STATEMENT OF CONCURRENCE

17. Counsel for Syncora requested concurrence in the Motion to Adjourn from counsel for the City on March 28, 2014. Counsel for the City declined to concur in the Objectors' Motion to Adjourn.

WHEREFORE, for the foregoing reasons, the Objectors respectfully request that this Court enter an order adjourning the hearing on the Settlement Motion until on or around April 14, 2014 and granting any other relief the Court deems proper.

*[Remainder of this page intentionally left blank]*

Dated:  March 28, 2014		Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By:  */s/ Stephen C. Hackney*_____
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

	- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 646-5070
Facsimile:   (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

By:  */s/ Vincent J. Marriott, III*
Howard S. Sher
**JACOB & WEINGARTEN, P.C.**
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan  48084
Telephone:  (248) 649-1200
Facsimile:  (248) 649-2920
E-mail:  howard@jacobweingarten.com

-and-

Vincent J. Marriott, III
**BALLARD SPAHR LLP**
1735 Market Street, 51st Flr.
Philadelphia, PA 19103
Phone: 215.864.8236
Fax: 215.864.9762
Email: marriott@ballardspahr.com

-and-

Matthew G. Summers
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "EEPK")*

/s/ *Rick L. Frimmer*
Rick. L. Frimmer, Esquire
J. Mark Fisher, Esquire
Michael W. Ott, Esquire
Jeffrey D. Eaton, Esquire
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-6500
E-mail: rfrimmer@schiffhardin.com
E-mail: mfisher@schiffhardin.com
E-mail: mott@schiffhardin.com
E-mail: jeaton@schiffhardin.com

9

*Attorneys for FMS Wertmanagement AöR*

DRINKER BIDDLE & REATH LLP

/s/ *Heath D. Rosenblat*
Heath D. Rosenblat, Esquire
Kristin K. Going, Esquire
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Heath.Rosenblat@dbr.com
E-mail: Kristin.Going@dbr.com
Tel: (212) 248-3140
Fax: (212) 248-3141

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

By: /s/ *Jerome D. Goldberg*
Jerome D. Goldberg (P61678)
Attorney for David Sole, Party in Interest
2921 East Jefferson, Suite 205
Detroit, MI 48207
Phone: 313-393-6001
Fax: 313-393-6007
Email: apclawyer@sbcglobal.net

*Attorney for Interested Party David Sole*

By: /s/ *Deborah L. Fish*
ALLARD & FISH, P.C.
Deborah L. Fish
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142

KRAMER LEVIN NAFTALIS

10

& FRANKEL LLP
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to Dexia Crédit Local & Dexia Holdings, Inc.*