# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) **Expedited Consideration Requested** |

## *EX PARTE* EMERGENCY MOTION TO EXTEND DISCLOSURE STATEMENT APPROVAL SCHEDULE

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") file this *ex parte* motion in response to the *Order Granting Ex Parte Motion of Debtor to Extend Deadline for Filing Disclosure Statement Objections* (the "Order") [Docket No. 3237] entered on March 27, 2014, and respectfully represent as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

2. Pursuant to Bankruptcy Rule 9006(b) and Local Bankruptcy Rule 9006-1(b), this Court may, *ex parte*, extend a deadline for cause shown. Fed. R. Bankr. P. 9006(b)(1); E.D. Mich. LBR 9006-1(b). And, as the City stated in its *Ex*

*Parte Motion for an Extension of the Disclosure Statement Deadlines* [Docket No. 3236] (the "City's *Ex Parte* Motion"), the Second Amended Scheduling Order[1] provides that the deadlines established therein may be extended for good cause. *See* Second Amended Scheduling Order, at p. 4.

3. Syncora respectfully requests that, pursuant to Bankruptcy Rule 9006(b), Local Bankruptcy Rule 9006-1(b), and the Second Amended Scheduling Order, the Court extend the objection period regarding the City's amended Disclosure Statement to the date that is two-weeks after the date the City files its amended Disclosure Statement, and that the Court correspondingly extend the date set for the City to respond to objections to the Disclosure Statement and the hearing on any unresolved objections to the Disclosure Statement.[2]

## Basis for Relief

4. Good cause exists to extend the Disclosure Statement schedule. Contrary to the City's statements (*see* City's *Ex Parte* Motion, at p. 4), the relief sought in the City's *Ex Parte* Motion is not at all "just." By way of its motion, the City attempts yet again to limit stakeholder due process rights.

5. On February 21, 2014, the City filed, among other things, the Plan [Doc. No. 2708] and — in name only — the Disclosure Statement [Doc No. 2709].

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the City's *Ex Parte* Motion.

[2] Syncora will serve this motion to the parties in the above-captioned proceedings and will provide notice of the ex parte order upon issuance pursuant to E.D. Mich. LBR 9006-1(a).

2

The Disclosure Statement references Plan exhibits as well as many other documents which inform the treatment and other rights of creditors under the Plan that are completely missing. Further, the Disclosure Statement, which the City has not amended or supplemented once since filing over a month ago, either does not disclose, or insufficiently discloses, the many assumptions upon which the implementation of the Plan is based. In short, the Disclosure Statement remains exactly as it did when originally filed — *i.e.*, as a mere placeholder. Meanwhile, and upon assurances from the City that it would timely amend and supplement the Disclosure Statement, the Court approved the start of the Federal Rules of Bankruptcy Procedure's mandated 28-day period for objecting to, and holding a hearing on, a disclosure statement. *See* Fed. R. Bankr. P. 2002(b).

6. Now, after more than a month since the Disclosure Statement filing and weeks after parties in interest were ordered to provide — and did provide — the City with their requests for additional information, the City announces that it will file an amended Disclosure Statement on March 31, 2014. If the amended Disclosure Statement does in fact "include many revisions in response to informal requests for the inclusion of additional information in the Disclosure statement provided to the City by various parties in interest," then "amended" really means "new." City's *Ex Parte* Motion, at p. 2. For instance, on March 14, 2014, Syncora, together with Financial Guaranty Insurance Company ("FGIC"), requested that

3

13-53846-tjt    Doc 3317    Filed 03/28/14    Entered 03/28/14 20:49:01    Page 3 of 8

additional information be included in the Disclosure Statement, in accordance with the Second Amended Scheduling Order. In that request, Syncora and FGIC asked for key documents and information that would allow a hypothetical investor to make an informed judgment about the Plan based on the Disclosure Statement. Those additions would be voluminous, and would give rise to further disclosure questions that cannot presently be known. To be sure, the March 31 Disclosure Statement would, as a substantive matter, have to be new since the originally filed Disclosure Statement was only skeletal.

7. And now, as a result of the City's *Ex Parte* Motion, parties in interest will only have 48 hours to digest and object to the amended (*i.e.*, new) Disclosure Statement. Effectively, the bankruptcy law mandated review period for parties in interest to determine whether the amended Disclosure Statement contains "adequate information" will have been cut from 28 days down to two days. *See* Fed. R. Bankr. P. 2002(b).

8. Unfortunately, the limitation of creditors' due process rights is not new in this case. The City's *modus operandi* is to provide no or, at best, limited information in response to creditors' requests for information. Indeed, the City appears wholly undeterred in its efforts to limit information despite assurances to the Court that it would provide information:

4

> MR. BENNETT: [W]e will cooperate with information requests that people have with respect to the art and with respect to issues relating to the art, period, end of story.
>
> …
>
> MR. BENNETT: [W]e will do what we can to facilitate cooperation with gathering the information that people want.

Art Motion Hr'g Tr. 9:15-18; 15:18-20, Jan. 22, 2014.

9. On March 6, 2014, the Court held a hearing on the City's *Motion for Entry of an Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Doc. No. 2781]. At that hearing, the City's creditors highlighted missing documents and information that they need and to which they are entitled to assess their impaired treatment under the Plan. Once again, the City acknowledged the relevance of the requested documents and information and expressed its intent to provide both:

> THE COURT: Okay. Ms. Lennox, the question that's raised is do you foresee any cause to amend the disclosure statement other than as a result of amendments to plans that result from agreements with parties along the way?
>
> MS. LENNOX: Not in a material manner, your Honor. I mean certainly if people come to us and say, "I want you to put this information because we want more information in the disclosure statement," we're going to do that, and that's not going to --
>
> THE COURT: Assuming it's pertinent and accurate.
>
> MS. LENNOX: Assuming it's pertinent and it's -- exactly, so there may be quite a bit of that. In fact, there may be quite a bit of that, your Honor, but --
>
> THE COURT: Well, I encourage it.

> MS. LENNOX: And we don't disagree, so I think there will be some of that.

Scheduling Motion Hr'g Trans. 48:7-22, March 6, 2014. But, to date, the City has not done so, and now will not be required to do so until, it seems, just two days before the current Disclosure Statement objection deadline.

10. At the same time the City seeks to limit creditors' due process rights, it proposes a Plan seeking to impose compromised recoveries on substantially all of its creditors. Notably, after over eight months in Chapter 9, the City has developed no consensus among its creditor classes. And the City will continue not to achieve any such consensus if it insists on compromising its creditors' claims while, at the same time, refusing to provide such creditors with the information and time needed for them to determine whether the City's proposed treatment is reasonable and appropriate.

11. Two days is simply not enough to protect parties' due process rights — it demonstrably flies in the face of Bankruptcy Rule 2002, which grants parties in interest 28 days to file objections to approval of a disclosure statement. *See* Bankr. R. Fed. P. 2002(b). As a reasonable compromise, Syncora requests an extension of half that amount. It is highly unlikely that the City was not, until now, in possession of at least some of the information that it intends to include in the March 31 filing. For some reason, however, the City chose to withhold such information until March 31, and the City's creditors should not be prejudiced by

that decision. Moreover, as noted above, in a case where the debtor proposes to compromise creditor claims, information and disclosure are fundamental to developing consensus with such creditors. To date, the City has no such consensus. It should therefore welcome the additional time for parties to review, digest and engage the City with respect to its Plan.

[*The remainder of this page is intentionally left blank.*]

## Conclusion

WHEREFORE, Syncora respectfully requests that the Court enter an Order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as this Court deems appropriate.

Dated: March 28, 2014

*Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*