# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

--------------------------------------------------------x
                                                        :
In re                                                   :        Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                               :        Case No. 13-53846
                                                        :
                            Debtor.                     :        Hon. Steven W. Rhodes
                                                        :
                                                        :
--------------------------------------------------------x

## DEBTOR'S OBJECTION TO *EX PARTE* MOTION TO EXTEND DISCLOSURE STATEMENT APPROVAL SCHEDULE

The City of Detroit (the "City") files this objection to Syncora

Guarantee Inc. and Syncora Capital Assurance Inc.'s (collectively, "Syncora")

*Ex Parte* Motion to Extend Disclosure Statement Approval Schedule (Docket

No. 3317) (the "Motion to Extend") and, for the reasons set forth herein,

respectfully requests that the Court deny the Motion to Extend.

### Preliminary Statement

1.      The Motion to Extend represents the latest attempt by Syncora

— the insurer (and partial holder) of approximately $620 million (or roughly 3.5%)

of the City's approximately $18 billion of prepetition liabilities — to delay and

disrupt the City's restructuring.  Having objected to virtually every action taken by

the City in this chapter 9 case to this point, Syncora now seeks to obstruct the

City's plan confirmation process.  Although it dresses up its request for relief as a plea for the preservation of due process, Syncora merely seeks more disruption and delay.  While this may be consistent with the scorched earth litigation strategy Syncora has adopted since the Petition Date, it is inconsistent with the stated purpose of the Court's Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Docket No. 2937) (the "Scheduling Order") (i.e., to "promote the just, speedy, and inexpensive determination of this case" (Scheduling Order, at 1)).  Syncora will not be prejudiced by moving forward to the scheduled Disclosure Statement hearing. Its Motion to Extend should be denied.

## Objection

2.      Contrary to the arguments set forth in the Motion to Extend – and consistent with the Scheduling Order – the City's proposed filing of an amended version of its Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit (Docket No. 2709) (as it may be amended, the "Disclosure Statement") on March 31, 2014 promotes the purposes of the Scheduling Order without infringing on any party in interest's right to object to the Disclosure Statement or otherwise participate in the plan confirmation process.

3. The Motion to Extend willfully ignores that the process to obtain approval of the Disclosure Statement contemplated by the Scheduling Order – i.e., a framework for negotiations between the City and parties in interest intended to "resolve all disclosure statement objections before the hearing on the disclosure statement" and avoid "expensive, time-consuming and unnecessary litigation" (Scheduling Order, at ¶ 7) – necessarily contemplates that the City will file amended versions of its Disclosure Statement in advance of the hearing to reflect the outcome of those negotiations (similar to the process in any other complex chapter 9 or chapter 11 case). That process commenced in earnest on March 14, 2014, when, in accordance with paragraph 1 of the Scheduling Order, approximately 35 parties – including Syncora – provided the City with requests for additional information to be included in the Disclosure Statement. The 35 submissions received by the City encompassed hundreds of pages containing hundreds of discrete requests for the inclusion of additional information.[1] The City has reviewed and directly responded to each of these requests for information and (although the City believes that the initially-filed version of the Disclosure Statement contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code) is now finalizing an amended version of the Disclosure

---

[1] Syncora's request alone identified 49 requests for the inclusion of relatively sweeping amounts of additional information in the Disclosure Statement, broadly covering all aspects of this chapter 9 case.

Statement that will (a) address many of these requests for additional information, (b) consequently eliminate potential objections on a wide variety of topics and (c) enhance the level of disclosure contained in the initially-filed version of the Disclosure Statement.[2] Thus, the City's filing of an amended Disclosure Statement more than 72 hours in advance of the objection deadline (and weeks in advance of the scheduled hearing to approve) is entirely consistent with – and is intended solely to promote – the process contemplated by the Scheduling Order.

        4.      The filing of the amended Disclosure Statement is plainly consistent with both due process and the notice requirements of the Federal Rules of Bankruptcy Procedure as well. Syncora's arguments that the City's amendment of the Disclosure Statement somehow prejudices its (or any other party's) ability to object thereto are baseless. All parties – including Syncora – have had well in excess of a month to review the original version of the Disclosure Statement (filed on February 21, 2014) and to prepare their objections thereto. The inclusion of a wealth of *additional* disclosure (a) will not render the amended Disclosure Statement a "new" document (as Syncora asserts) and (b) importantly, will not

---

[2]    The Scheduling Order implicitly contemplates that the Disclosure Statement will be even further amended by requiring that the City and any parties filing objections to the Disclosure Statement "meet and confer" to resolve such objections in advance of the hearing to approve the Disclosure Statement. Scheduling Order, at ¶¶ 7, 8. Many, if not most, of such resolutions will be implemented through further alterations to the Disclosure Statement.

require the comprehensive re-formulation of any such objections. Rather, it will generally require only that objectors review such objections in good faith to excise any particular objections addressed by the amended Disclosure Statement.[3] All of the parties in this case (including Syncora) have demonstrated their ability to file comprehensive pleadings on complex topics on abbreviated timelines. Syncora's argument that the potential for relatively modest revisions to objections that parties have had nearly 40 days to prepare constitutes a deprivation of due process is not credible and generates far more heat than light.

5. There is nothing in the Motion to Extend to suggest that its purpose is anything other than to unnecessarily delay this chapter 9 case, which purpose is inconsistent with that of the Scheduling Order (i.e., the "just, speedy, and inexpensive determination of this case"). Indeed, there is no acknowledgement whatsoever in the Motion to Extend of the impact of the relief sought on the deadlines and hearing dates established by the Court in the Scheduling Order. Inserting a two-week delay into the streamlined process established by the Court (after consideration of comments from parties in interest and a hearing on a prior iteration of the Scheduling Order) does not simply delay the hearing on the Disclosure Statement. The impact ripples through the deadlines governing the

---

[3]     The City will of course be filing blacklined versions of the amended disclosure statement, showing all changes made to the initially-filed version, for the convenience of the Court and parties in interest.

solicitation process (i.e., the City will not be able to commence solicitation on April 28, 2014), the June 30, 2014 voting deadline (which would need to be correspondingly extended to allow the City to solicit institutions holding its debt in street name), briefing and discovery deadlines and the commencement of the confirmation hearing itself. The short extension of the deadline to object to the Disclosure Statement requested by the City and approved by the Court on March 27, 2014 (Docket No. 3237) impacted *none* of these deadlines and dates; the Motion to Extend would alter most of them, and for little discernible benefit. In the absence of any demonstrable prejudice to any party in interest occasioned by the filing of an amended disclosure statement (again, a commonplace in complex restructurings), this delay is unjustified and unnecessary.

6. The filing of an amended Disclosure Statement will not diminish any party's ability to file an informed objection addressing whether the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code, the sole issue relevant to the Court's approval of the Disclosure Statement. Accordingly, the Motion to Extend should be denied.

Dated:  March 30, 2014        Respectfully submitted,


/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Debtor's Objection to *Ex Parte* Emergency Motion to Extend Disclosure Statement Approval Schedule, was filed and served via the Court's electronic case filing and noticing system on this 30th day of March, 3014.


/s/ Heather Lennox