# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

## JOINDER OF
## THE DETROIT RETIREMENT SYSTEMS IN
## MOTION TO EXTEND DISCLOSURE STATEMENT
## APPROVAL SCHEDULE [DKT. NO. 3317]

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (together, the "Retirement Systems") join in the *Ex Parte Emergency Motion to Extend Disclosure Statement Approval Schedule* (the "Motion") filed by Syncora Guarantee Inc. and Syncora Capital Assurance Inc. [Dkt. No. 3317], and respectfully state as follows:

### Preliminary Statement

1. The Retirement Systems understand that the development of the Disclosure Statement by the City is an iterative process that will likely entail the filing of several amended versions.[1] However, there is no excuse for this process

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

coming at the expense of creditors' rights to adequate notice and a reasonable opportunity to review each amended version of the Disclosure Statement and corresponding Plan of Adjustment. The current deadline to object to the as-yet unfiled Amended Disclosure Statement (apparently, to be filed by midnight tonight) is unreasonable.

## __Argument__

2.      At a hearing before the Court on March 5, 2014 to consider, among other things, the Court's *First Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment*, counsel for the City stated as follows:

> MS. LENNOX:  . . . We do not intend to drop on the Court and all the other parties to the case, you know, one amended disclosure statement the night before the hearing and expect people to wade through that, . . . .

Transcript excerpt, attached hereto as <u>Exhibit A</u>, at 43, and:

> MS. LENNOX: . . . I will commit that we are not going to leave major, you know, complete rewrites of the disclosure statement until two days before the hearing.

Transcript excerpt, <u>Exhibit A</u>, at 48-49.

3.      Notwithstanding the above representations to the Court, the filing of a significantly revised Disclosure Statement just shortly before the objection deadline is precisely what the City apparently intends to do.

2

4. In its Objection to the Motion filed today [Dkt. No. 3329], the City cavalierly states in a conclusory fashion that somehow the filing of an overhauled Disclosure Statement just 72 hours before the objection deadline (and with several hearings to attend and other critical activities to undertake in the interim) does not infringe the Retirement Systems' or any party's right to file an informed objection to the amended Disclosure Statement. Objection at ¶¶ 2, 6.

5. The City's statements in this regard simply defy reality and demonstrate a lack of any concern for the due process rights of creditors.

6. It is important to emphasize that the amended Disclosure Statement that is to be filed late today by the City is (hopefully) likely to reflect more than minor changes to the previous version. On March 14, 2014, the Retirement Systems duly served on the City their *Request to Include Additional Information in the Disclosure Statement*, which requested a number of critical documents and items of information. To date, the Retirement Systems have not received <u>any</u> of the requested information.

7. Bankruptcy Rule 2002(b) contemplates (among other things) 28 days' notice of the time for filing objections to a disclosure statement. In light of the likely significant changes to the current Disclosure Statement, providing a mere three business days in which to review and file objections to the amended

3

Disclosure Statement (and, presumably, review an amended Plan of Adjustment) is unreasonable.

WHEREFORE, the Retirement Systems join in the relief requested in the Motion and/or such other and further relief as may be just and appropriate under the circumstances.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
sdeeby@clarkhill.com

*Counsel to the Police and Fire Retirement
System of the City of Detroit and the General
Retirement System of the City of Detroit*

Dated: March 31, 2014

4

# EXHIBIT A

```
IN RE:  CITY OF DETROIT,        .    Docket No. 13-53846
        MICHIGAN,               .
                                .    Detroit, Michigan
                                .    March 5, 2014
                Debtor.         .    2:30 p.m.
. . . . . . . . . . . . . .
```

HEARING RE. MOTION OF THE CITY OF DETROIT FOR ENTRY OF
AN ORDER (I) ESTABLISHING PROCEDURES FOR SOLICITATION
AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN OF
ADJUSTMENT AND (II) APPROVING NOTICE PROCEDURES RELATED
TO CONFIRMATION OF THE PLAN OF ADJUSTMENT (DKT#2789);
CONCURRENCE OF THE RETIREE ASSOCIATION PARTIES IN THE
SUPPLEMENTAL COMMENTS OF THE OFFICIAL COMMITTEE OF
RETIREES TO THE FIRST AMENDED ORDER ESTABLISHING
PROCEDURES, DEADLINES AND HEARING DATES RELATING TO THE
DEBTOR'S PLAN OF ADJUSTMENT (DKT#2781) (DKT#2793);
RESPONSE OF INTERNATIONAL UNION, UAW, TO FIRST AMENDED
ORDER ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES
RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT (DKT#2791);
COMMENT TO THE FIRST AMENDED ORDER ESTABLISHING
PROCEDURES, DEADLINES AND HEARING DATES RELATING TO THE
DEBTOR'S PLAN OF ADJUSTMENT (DKT#2780); SUPPLEMENTAL COMMENTS
OF THE OFFICIAL COMMITTEE OF RETIREES TO THE FIRST AMENDED
ORDERS ESTABLISHING PROCEDURES, DEADLINES AND HEARING
DATES RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT
(DKT#2781); RESPONSE OF THE CITY OF DETROIT TO THE COURT'S
FIRST AMENDED ORDER ESTABLISHING PROCEDURES, DEADLINES
AND HEARING DATES RELATING TO THE DEBTOR'S PLAN OF
ADJUSTMENT (DKT#2787); OBJECTION TO THE COURT'S FIRST
AMENDED ORDER ESTABLISHING PROCEDURES, DEADLINES AND
HEARING DATES RELATING TO THE DEBTOR'S PLAN OF
ADJUSTMENT (DKT#2778); THE WATER AND SEWER BOND
TRUSTEE'S LIMITED OBJECTION TO THE FIRST AMENDED
ORDER ESTABLISHING PROCEDURES, DEADLINES AND HEARING
DATES RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT
(DKT#2794); JOINDER OF WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS SUCCESSOR CONTRACT ADMINISTRATOR, TO
(A) COMMENT TO THE FIRST AMENDED ORDER ESTABLISHING
PROCEDURES, DEADLINES AND HEARING DATES AND (B) THE
WATER AND SEWER BOND TRUSTEE'S LIMITED OBJECTION TO
THE FIRST AMENDED ORDER ESTABLISHING PROCEDURES,
DEADLINES AND HEARING DATES RELATING TO THE DEBTOR'S
PLAN OF ADJUSTMENT (DKT#2796); STATUS HEARING RE.
MOTION OF DEBTOR FOR ENTRY OF AN ORDER, PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019, APPROVING A SETTLEMENT AND PLAN SUPPORT
AGREEMENT AND GRANTING RELATED RELIEF (DKT#2802)

BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

| | |
|---|---|
| For the Debtor: | Jones Day<br>By:  HEATHER LENNOX<br>222 East 41st Street<br>New York, NY  10017<br>(212) 326-3837 |
| | Pepper Hamilton, LLP<br>By:  ROBERT S. HERTZBERG<br>4000 Town Center, Suite 1800<br>Southfield, MI  48075<br>(248) 359-7333 |
| For Erste<br>Europaische<br>Pfandbrief-und<br>Kommunalkreditbank<br>Aktiengesellschaft<br>in Luxemburg, S.A.: | Ballard Spahr, LLP<br>By:  VINCENT J. MARRIOTT, III<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103-7599<br>(215) 864-8236 |
| For Syncora<br>Holdings, Ltd.,<br>Syncora Guarantee,<br>Inc., and Syncora<br>Capital Assurance,<br>Inc.: | Kirkland & Ellis, LLP<br>By:  STEPHEN C. HACKNEY<br>300 North LaSalle<br>Chicago, IL  60654<br>(312) 862-3062 |
| For Financial<br>Guaranty Insurance<br>Company: | Weil, Gotshal & Manges, LLP<br>By:  KELLY DIBLASI<br>767 Fifth Avenue<br>New York, NY  10153<br>(212) 310-8032 |
| For the Official<br>Committee of<br>Retirees: | Dentons US, LLP<br>By:  CAROLE NEVILLE<br>       CLAUDE D. MONTGOMERY<br>1221 Avenue of the Americas, 25th Floor<br>New York, NY  10020-1089<br>(312) 632-8390 |
| For Ambac<br>Assurance<br>Corporation: | Arent Fox, LLP<br>By:  CAROLINE TURNER ENGLISH<br>1717 K Street, NW<br>Washington, DC  20036-5342<br>(202) 857-6178 |

APPEARANCES (continued):

| | |
|---|---|
| For the International Union, UAW: | Cohen, Weiss & Simon, LLP<br>By:  BABETTE A. CECCOTTI<br>330 West 42nd Street, 25th Floor<br>New York, NY  10036-6976<br>(212) 356-0227 |
| For National Public Finance Guarantee Corporation: | Sidley Austin, LLP<br>By:  GUY S. NEAL<br>1501 K Street, N.W.<br>Washington, DC  20005<br>(202) 736-8041 |
| For Bank of America: | Davis Polk & Wardwell, LLP<br>By:  MARSHALL S. HUEBNER<br>450 Lexington Avenue<br>New York, NY  10017<br>(212) 450-4099 |
| For UBS AG: | Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>By:  DANIEL J. KRAMER<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3020<br><br>Bingham McCutchen, LLP<br>By:  EDWIN E. SMITH<br>399 Park Avenue<br>New York, NY  10022-4689<br>(212) 705-7044 |
| For US Bank as Trustee: | Waller Lansden Dortch & Davis, LLP<br>By:  DAVID E. LEMKE<br>511 Union Street, Suite 2700<br>P.O. Box 198966<br>Nashville, TN  37219-8966<br>(615) 850-8655 |
| For Berkshire Hathaway Assurance Corporation: | Garan Lucow Miller, PC<br>By:  CHRISTOPHER P. JELINEK<br>1000 Woodbridge<br>Detroit, MI  48207<br>(313) 446-1530 |
| For Ad Hoc Bondholder Committee: | Mintz Levin Cohn Ferris Glovsky and Popeo, PC<br>By:  WILLIAM W. KANNEL<br>One Financial Center<br>Boston, MA  02111<br>(617) 348-1665 |

APPEARANCES (continued):

| | |
|---|---|
| For Wilmington<br>Trust Company,<br>N.A.: | Drinker, Biddle & Reath, LLP<br>By: HEATH ROSENBLAT<br>1177 Avenue of the Americas, 41st Floor<br>New York, NY 10036-2714<br>(212) 248-3248 |
| For General Police<br>and Retirement<br>Systems: | Clark Hill, PLC<br>By: JENNIFER K. GREEN<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI 48226<br>(313) 965-8300 |
| | Clark Hill, PLC<br>By: SHANNON L. DEEBY<br>151 South Old Woodward, Suite 200<br>Birmingham, MI 48009<br>(248) 988-5889 |
| For the Detroit<br>Fire Fighters<br>Association, the<br>Detroit Police<br>Officers Associa-<br>tion and the<br>Detroit Police<br>Lieutenants &<br>Sergeants<br>Association: | Erman, Teicher, Zucker &<br>  Freedman, P.C.<br>By: BARBARA A. PATEK<br>400 Galleria Officentre, Suite 444<br>Southfield, MI 48034<br>(248) 827-4100 |
| For FMS<br>Wertmanagement: | Schiff Hardin, LLP<br>By: RICK FRIMMER<br>233 South Wacker Drive, Suite 6699<br>Chicago, IL 60606-7643<br>(312) 258-5511 |
| For Ad Hoc COPs<br>Holders: | Allard & Fish, PC<br>By: DEBORAH L. FISH<br>2600 Buhl Building<br>535 Griswold<br>Detroit, MI 48226<br>(313) 961-6141 |
| For Assured<br>Guaranty Municipal<br>Corp.: | Chadbourne & Parke, LLP<br>By: SAMUEL S. KOHN<br>30 Rockefeller Plaza<br>New York, NY 10012<br>(212) 408-1140 |

APPEARANCES (continued):

| | |
|---|---|
| For Detroit Retired City Employees Association, Retired Detroit Police and Fire Fighters Association, Shirley V. Lightsey, and Donald Taylor: | Lippitt O'Keefe, PLLC<br>By:  RYAN C. PLECHA<br>370 East Maple Road, 3rd Floor<br>Birmingham, MI  48009<br>(248) 723-6263 |
| For David Sole: | Jerome D. Goldberg, PLLC<br>By:  JEROME GOLDBERG<br>2921 East Jefferson, Suite 205<br>Detroit, MI  48207<br>(313) 393-6001 |
| For AFSCME: | Lowenstein Sandler, LLP<br>By:  PHILLIP J. GROSS<br>65 Livingston Avenue<br>Roseland, NJ  07068<br>(973) 597-6246 |
| Court Recorder: | Letrice Calloway<br>United States Bankruptcy Court<br>211 West Fort Street<br>21st Floor<br>Detroit, MI  48226-3211<br>(313) 234-0068 |
| Transcribed By: | Lois Garrett<br>1290 West Barnes Road<br>Leslie, MI  49251<br>(517) 676-5092 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1          THE CLERK:  All rise.  Court is in session.  Please

2    be seated.  Case Number 13-53846, City of Detroit, Michigan.

3          THE COURT:  May we have appearances for the record,

4    please?

5          MS. LENNOX:  Good afternoon, your Honor.  Heather

6    Lennox from Jones Day on behalf of the city.  With me in the

7    courtroom are my partners, Tim Cullen, David Heiman, and Bob

8    Hertzberg from Pepper Hamilton.

9          THE COURT:  Thank you.

10         MR. MARRIOTT:  Good afternoon, your Honor.  Vince

11   Marriott, Ballard Spahr, on behalf of EEPK and affiliates.

12         MR. HACKNEY:  Good afternoon, your Honor.  Stephen

13   Hackney on behalf of Syncora.

14         MS. DIBLASI:  Good afternoon, your Honor.  Kelly

15   DiBlasi, Weil, Gotshal, Manges, on behalf of Financial

16   Guaranty Insurance Company.

17         MS. NEVILLE:  Good afternoon, your Honor.  Carole

18   Neville from Dentons on behalf of the Retiree Committee, and

19   with me is Claude Montgomery.

20         MS. ENGLISH:  Good afternoon, your Honor.  Caroline

21   English from Arent Fox on behalf of Ambac Assurance

22   Corporation.

23         MS. CECCOTTI:  Good afternoon, your Honor.  Babette

24   Ceccotti, Cohen, Weiss & Simon, LLP, for the autoworkers.

25         MR. NEAL:  Good afternoon, your Honor.  Guy Neal,

1          THE COURT:  All right.  Thank you, sir.

2          MR. LEMKE:  Thank you.

3          THE COURT:  Anyone else?

4          MR. HACKNEY:  Good afternoon, your Honor.  Stephen

5    Hackney on behalf of Syncora.  You've been very diligent

6    about reading the pleadings, and I don't have anything to add

7    to the one that we filed.

8          THE COURT:  Okay.  Thank you.  Any other comments or

9    objections before I recall the city?  Ms. Lennox.

10         MS. LENNOX:  Thank you, your Honor.  Just a few

11   points.  With respect to Mr. Marriott's request that we --

12   that your Honor set a date by which we file an amended plan

13   and disclosure statement, I think Mr. Bennett referenced when

14   we were here a week ago or ten days ago that we do intend to

15   file probably at least one, if not more, iterations as we

16   progress between now and the disclosure statement hearing, so

17   we intend to do that.  We do not intend to drop on the Court

18   and all the other parties to the case, you know, one amended

19   disclosure statement the night before the hearing and expect

20   people to wade through that, so I don't know that a deadline

21   is necessary.  In fact, if we can reach agreements that we

22   would want to reflect in that agreement, a deadline may be

23   counterproductive, but I do want to assure the Court that we

24   do intend to do that.

25              With respect to plan objections preceding some stage

1    of discovery, I do agree with the Court that we can file

2    basic plan objections which give parties -- all the parties

3    in the case an indication of where people are going and file

4    supplemental objections as we did in the eligibility hearing.

5            With respect to -- I only have one particular

6    comment to the pleading and the response that was filed by

7    Mr. Marriott and his consortium of compatriots, and that is

8    they suggest that we have an April 1st deadline for the city

9    and only the city to designate fact and expert witnesses.

10   That's actually before we have what might be the solicitation

11   portion of the plan done.  I think what would be more

12   appropriate is if we move the city's time to do that to the

13   same time the objectors propose to do that or the creditors

14   propose to do that, which would just be two weeks after the

15   disclosure statement hearing in early May, May 1st, May 2nd,

16   so that's the only particular comment that I had.

17           And then with respect to what Ms. Neville said, I

18   agree with the longer period.  In fact, I would assume that

19   the solicitation period that we set will be one solicitation

20   period for everyone, and I do agree that the retirees need

21   particular time.  We are definitely working on customizing

22   the ballots.  We are working on the plain English, and I

23   think Ms. Neville did a very good job of describing sort of

24   where we are in the process, and we're working cooperatively

25   to get that done.

1    THE COURT:  I'm interested in your response to her

2  concern about the classification issue and whether that's

3  something that should be resolved sooner than later.

4    MS. LENNOX:  I do not -- I don't have a problem

5  resolving it sooner than later.  I do think -- first of all,

6  we would calculate separate amounts for pension and OPEB, so

7  if it remains a combined class, it will be easy for them to

8  tell, you know, which is which and then a combined amount.

9  The Retiree Committee has raised the issue in their pleading.

10  We do intend to engage with them between now and the

11  disclosure statement hearing and hopefully work something

12  out, but I don't think the city would object to that

13  particular issue.

14    THE COURT:  If I understood her correctly, their

15  position is that in the plan these two different kinds of

16  claims should be classified separately.

17    MS. LENNOX:  We understand that.  I can see an

18  argument for that, and I can also see an argument for

19  combining retiree claims in general in one class.  They are

20  all, after all, of the same priority, so that is a discussion

21  that we can have with the Retiree Committee between now and

22  the disclosure statement hearing.

23    THE COURT:  So you would agree to build into the

24  scheduling order some separate process to address this

25  question sooner than later?

1     MS. LENNOX:  We'd be -- certainly be amenable to

2  that, your Honor, and that's all I have.

3     THE COURT:  Okay.  The door is fully open.

4     MS. LENNOX:  Thank you.

5     THE COURT:  Anyone else have any comments about the

6  scheduling order?

7     MR. GOLDBERG:  Your Honor, my comment isn't

8  specifically on that, but it's sort of to what Ms. Neville

9  addressed, and I don't want to be out of place because I'm

10  not privy to a lot of the discussion, but I do represent an

11  individual retiree, and we've had discussions with similar

12  retirees.  And one of the other concerns and the

13  understanding is that we try to reach deals with the

14  annuities that are also part of the plan.  That was very

15  confusing in the plan.  There was a formula that we couldn't

16  find, and I just wanted to make sure that issue is -- it's

17  the third part of the retiree benefit is the pension benefit,

18  the --

19     THE COURT:  Okay.

20     MR. GOLDBERG:  -- health benefits, but also the

21  annuity, which there was a recapture.  It was quite confusing

22  in the plan as was outlaid and a big matter of concern to

23  many retirees.

24     THE COURT:  Well, I won't tolerate any confusion.

25     MR. GOLDBERG:  No.  I appreciate that.

1          THE COURT:  I just -- I won't.  Anyone else?  Yes,
2    sir.
3          MR. FRIMMER:  Good afternoon, your Honor.  Rick
4    Frimmer for FMS.  Ms. Lennox's last statement about this
5    seriatim modification of the disclosure statement right up
6    until the hearing has us all concerned that we ought to have
7    some deadline date by which we know exactly what it is we're
8    going to object to, and this --
9          THE COURT:  You know, I wish the real world were
10   that simple.
11         MR. FRIMMER:  Even if it's two days beforehand.  I
12   mean --
13         THE COURT:  But the truth is agreements with
14   creditors come when they come.  Do you want me to set a
15   deadline for you all to come to an agreement with the city?
16   Is that what you want me to do?  I don't think so.
17         MR. FRIMMER:  Well, no, but that -- because that can
18   happen afterward also.
19         THE COURT:  Every new agreement potentially requires
20   a new disclosure statement; right?
21         MR. FRIMMER:  Well, we're not talking about what we
22   might agree to.  We're talking about changes that might be
23   made because they decide to make a change.  That has nothing
24   to do --
25         THE COURT:  Changes what?

1     MR. FRIMMER:  That they decide to make not having to
2  do with a negotiation with a creditor, just change the plan.
3     THE COURT:  Oh, I didn't quite hear that.
4     MR. FRIMMER:  That's what I thought I heard.
5     THE COURT:  Well, I'll ask.
6     MR. FRIMMER:  That's what I thought I heard.
7     THE COURT:  Okay.  Ms. Lennox, the question that's
8  raised is do you foresee any cause to amend the disclosure
9  statement other than as a result of amendments to plans that
10 result from agreements with parties along the way?
11    MS. LENNOX:  Not in a material manner, your Honor.
12 I mean certainly if people come to us and say, "I want you to
13 put this information because we want more information in the
14 disclosure statement," we're going to do that, and that's not
15 going to --
16    THE COURT:  Assuming it's pertinent and accurate.
17    MS. LENNOX:  Assuming it's pertinent and it's --
18 exactly, so there may be quite a bit of that.  In fact, there
19 may be quite a bit of that, your Honor, but --
20    THE COURT:  Well, I encourage it.
21    MS. LENNOX:  And we don't disagree, so I think there
22 will be some of that.  I think, as your Honor indicated, it's
23 a little difficult to put a hard-and-fast timeline on that,
24 but I have committed and I will commit that we are not going
25 to leave major, you know, complete rewrites of the disclosure

1  statement until two days before the hearing.  There will be
2  interim filings.
3        THE COURT:  All right.  Anyone else?  All right.
4  We'll consider this matter closed.  The Court will take it
5  under advisement and issue a revised scheduling order.  Let's
6  turn our attention to the city's motion to establish
7  procedures for solicitation and tabulation of votes.
8        MS. LENNOX:  Thank you, your Honor.  It's a bit of a
9  long motion, and I'll try to address some of the commentary
10  that was objected -- or was raised in some of the responses
11  as I go forward, and I'm going -- I'm not going to repeat
12  everything we did.  I'm going to try to be very
13  straightforward.
14        I do want to point out, just to reiterate what Ms.
15  Neville and I reported to the Court, we will file and we
16  intend to file a supplemental motion to approve what it is
17  that we are going to do with respect to the retiree classes
18  for this plain English insert and for voting purposes, so --
19        THE COURT:  What's your timing on that motion?
20        MS. LENNOX:  Well, we're hoping to get it out in the
21  next couple of weeks, your Honor, and that will depend
22  probably on how much detail we put in this plain language
23  version of what we do.  It may have to be at the disclosure
24  statement hearing, you know, the actual final version updated
25  because if there are some agreements or something that may