

United States Bankruptcy Court
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

FILED
2014 MAR 31 P 12:50
U.S. BANKRUPTCY
E.D. MICHIGAN-DETROIT

In re

**CITY OF DETROIT, MICHIGAN**

Debtor.

Case No. 13-53846

Chapter 9

Hon. Steven W. Rhodes

---

**STEPHEN JOHNSON**

Plaintiff,

vs.

**CITY OF DETROIT, MICHIGAN**

Defendant.

**Attorney Kevyn D. Orr**

---

### OBJECTION TO THE APPROVAL OF THE PLAN FOR

### ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

Comes now, Stephen Johnson by and through Pro se, and files this OBJECTION to the approval of the plan for adjustment of debts of the city of Detroit pursuant to 11 USC § 523

Page 1 of 5

The exceptions to discharge; Bankruptcy (a) (4) for defalcation or fraud while acting in a fiduciary capacity, embezzlement, or larceny; and (a) (6) for willful and malicious injury by the debtor to another entity or to the property of another entity; under under Rule 3007-1 Objection to a Claim; and Letters to the Judge from pro se litigants to be treated as pleadings and docketed as such in the Federal Rules of Bankruptcy Procedure. The Court has jurisdiction in this core proceeding pursuant to 11 U.S.C. §§ 901(a) 1103: Role of Creditors.

In support of this Letter of Complaint, Stephen Johnson, Pro se and Plaintiff assert to the Court as follows:

1. The plaintiff is a city of Detroit pensioner who contributed to the City of Detroit deferred pension plan for more than 25 years, now retired since 2005 receives less than $1,200 per month without the medical benefits that are paid to other pensioners. Plaintiff objects to having his pension reduced any further by the Debtor, city of Detroit. The Debtor has long deprived Plaintiff of due process under the law through mismanagement of public funds and other wrongful acts, included are those of the Fifth and Fourteenth Amendments to the United States Constitution. Debtor has caused Plaintiff personal injury and will continue to do so under with the approval of the Debtor's plan of the adjustment of debts of the city of Detroit.

2. The plaintiff has observed that the functions of the bankruptcy court in chapter 9 cases, generally, limited may consent to have the Court exercise jurisdiction in many of the traditional areas of court oversight in bankruptcy. In this sense, plaintiff asks the Court to acknowledge the statements found in an article entitled "Orr lays out his reasons for Detroit bankruptcy filing", Washington Post, *Posted: Jul 18, 2013 4:57 PM EST Updated: Jul 18, 2013 5:07 PM EST)*. In statements found under the paragraph heading "Orr provided a document (*Recommendation Pursuant to Section 18(1) of PA 436)* to State Treasurer Andy Dillon and to Governor Rick Snyder" Mr. Orr says:

> 'The City is in the midst of a severe financial emergency.... After decades of fiscal mismanagement....'

Mr. Orr's statements reveal and acknowledge Debtor's long practices of defalcation that involved the misappropriation of city of Detroit funds and money held in a fiduciary capacity. Defalcation or the failure to properly account for such funds as read in Black's Law Dictionary, (5th Ed. 1961), and also found in, In re Matheson, 10 B.R. 652 (Bankr. S.D. Ala. 1981) that states using trust fund for any purpose other than the intended purpose constitutes defalcation.

3. In light of the long term neglect of the Debtor's fiduciary duties that have brought great harm both to the city of Detroit citizens and its properties in terms of losses due to exuberant taxes, inadequate police, fire, emergency medical, and administrative services the Debtor has committed wrongful and malicious acts without just cause or excuse. *See, e.g., Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241 (5th Cir. Tex. 1983). The malicious action did not require a showing of hatred or ill will. *In re Wooten,* 30 B.R. 357 (Bankr. N.D. Ala. 1983); *In re Chambers,* 23 B.R. 206 (Bankr. W.D. Wis. 1982); *First Nat'l Bank v. Stanley (In re Stanley),* 66 F.3d 664 (4th Cir. Md. 1995). It could wreak havoc with stare decisis as special litigants would be able to create different compositions of a court by selectively targeting judges whose judicial philosophy they deemed sufficiently congenial to their cause. By using the preemptive rights of federal courts over lower court litigants would be able to create a jurisprudence that would diverge from that which would have otherwise emerged from the court's duly elected judges.

Although the US bankruptcy code has undergone changes since the first municipal bankruptcy legislation was enacted in 1934 during the Great Depression its purpose and rulings are not to serve as instruments to simply trump state government powers whose subdivisions are in conflict with their creditors due to the settling of debts. Nor are they meant to circumvent sections of the bankruptcy code that protect both debtors

and creditors by ruling against any party that has committed dishonest acts such as defalcation, malfeasance, fraud and other fiscal mismanagements.

The US Bankruptcy Court like any other court has the authority and responsibility to protect all parties under its jurisdiction equally regardless whether it is a sole individual, the US government, US states or their subdivisions. With this in regards to public statements of fiscal mismanagement made by the Debtor's representative, attorney Kevyn Orr, and the cited bankruptcy laws, rulings, cases, and definitions mentioned that describe and depict actions to be taken for defalcation, malfeasance, fraud and other fiscal mismanagements under 11 USC § 523 Exceptions to discharge; Bankruptcy (a) (4) and (a)(6) plaintiff asks that not any part of his pension debt owed by the Debtor, city of Detroit, be discharged in the Debtor's plan for adjustment of debts of the city of Detroit

Date: Monday, March 31, 2014  Signature: _____

Name: STEPHEN JOHNSON

Address: 31354 Evergreen Road

Beverly Hills, MI 48025