UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |
| | **Re: Docket No. 3170** |

## COMMENT TO ORDER TO SHOW CAUSE

The undersigned creditors and parties in interest (collectively, the "Commenting Parties"), in accordance with the *Order to Show Cause Why Expert Witnesses Should Not Be Appointed*, dated March 24, 2014 [Docket No. 3170] (the "Order to Show Cause"), hereby submit this comment (the "Comment") to the Order to Show Cause and, in support thereof, respectfully state as follows:

**Preliminary Statement**

1. The Commenting Parties understand the Court's desire to appoint an expert (the "Court Appointee") to opine on the question of the feasibility of, and the reasonableness of the City's projections submitted in support of, the *Plan for the Adjustment of the Debts of the City of Detroit*, dated February 21, 2014 [Docket No. 2708] (as the same may be amended, the "Plan").

2. In connection with any such appointment, however, the Commenting Parties believe that the Court Appointee's scope of engagement and ultimate opinions should be informed by (a) a framing of the feasibility issue in a broader sense than simply whether there is a reasonable prospect that the City can perform its obligations under the Plan, (b) the input of

creditors and other parties-in-interest in addition to that of the City, and (c) a due regard for all of the confirmation requirements of Chapter 9 of the Bankruptcy Code.

3. More specifically, the Commenting Parties believe that in the context of this case, and with the provisions of Chapter 9 in mind, the feasibility question should be framed so as to include an analysis of whether the City can feasibly submit a revised or different plan that provides for improved treatment of creditors, without diminishing the prospects for a successful revitalization effort; i.e. that the plan complies with all of the requirements of section 943(b)(7).

4. Attached to this Comment as <u>Exhibit A</u> is a mark-up of both proposed orders attached to the Order to Show Cause – the solicitation order and the appointment order (the "<u>Proposed Orders</u>"). The edits are limited, and have been made where it appeared appropriate in each of the orders in order to implement the framing of the feasibility question as described herein, and the solicitation of input from creditors and other parties in interest by the Court Appointee in addressing the feasibility question as so framed.

**Purpose of Proposed Changes**

5. The Commenting Parties believe that, having elected to pursue a plan of adjustment under Chapter 9 of the Bankruptcy Code, the City cannot meet its obligations to creditors and other parties in interest simply by proposing and pursuing confirmation of a plan that is "merely" feasible, *i.e.*, in the limited sense of being a document under which the City is reasonably likely to be able to perform its obligations without default. Such a narrow reading of feasibility incentivizes the City both to depress distributions to creditors (the less distributed under a plan, by definition, the more feasible in the narrow sense the plan will be), and to limit the creativity with which it approaches the future of the City. Said differently, a narrow scope to

the question of feasibility pushes the plan process towards minimal outcomes, and success becomes defined as "What is the least the City can do for creditors and for itself?"

6. Instead of success being so defined, and feasibility so narrowly framed, the right question in framing the issue of feasibility is, "Consistent with a feasible outcome, what is the *most* the City can do for creditors and for itself (i.e. what will meet *all* of the City's responsibilities under Chapter 9)?" How the feasibility issue is framed, in other words, needs to push the plan process not towards a minimal outcome, but rather towards the best possible workable outcome and the real predicate for a true civic revitalization. This requires an analysis of not just whether some minimalist approach to a plan of adjustment is feasible, but more importantly, whether there are alternatives that, while still feasible, improve the outcome.

7. The Proposed Order, as presently drafted, limits the investigation and ultimate opinion of the Court Appointee to the narrow reading of feasibility described above, the inevitable result of which will be a sub-optimal plan – *i.e.*, one that is "merely" feasible. The proposed edits of the Commenting Parties are designed to extend the scope of the Court Appointee's engagement to encompass the broader notion that feasibility in Chapter 9 should be conceptualized not as a test of the minimum the City can do, but as something significantly better, so that the plan process produces a plan that creates the best feasible outcome for creditors and the City, and not a plan that has been stripped down to assure that it "works" only in the narrow sense that the City is unlikely to go into default of its obligations thereunder.

8. In addition, the proposed edits make explicit that the Court Appointee should consult with and solicit the views of creditors and other parties in interest. Once the scope of the feasibility investigation is conceptualized as one that seeks to optimize outcomes, the ideas of all constituencies as to what can be achieved consistent with a feasible plan become highly relevant

3

to the investigation and ultimate opinion of the Court Appointee. The Commenting Parties and their professionals have spent as much time looking at the City's operations, its assets, its liabilities, *and its opportunities* as have the City and its professionals. They are a repository of creative ideas for a maximized feasible outcome.

## Scheduling Proposals

9. The Proposed Orders contemplate but do not assign dates for delivery of the Court Appointee's report (the "Appointee Report") and the deposition of the Court Appointee. The Commenting Parties propose that the Appointee Report be due on the same date as specified in this Court's Second Amended Scheduling Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtors' Plan of Adjustment [Docket No. 2937] (as such order may from time to time be amended, the "Scheduling Order") for the delivery of reports of the experts of the City and the objectors to the Plan (the "Party Experts"), and that the Court Appointee be made available for deposition during the same period as set forth in the Scheduling Order for the deposition of Party Experts.

## Reservation of Rights

10. The Commenting Parties reserve their right to object to the identity of any proposed Court Appointee, and to contest and rebut the assumptions, opinions, and conclusions contained in any Appointee Report.

## Conclusion

11. For the foregoing reasons, the Commenting Parties respectfully request that when entered, the Proposed Orders be modified substantially in the form attached to this Comment as Exhibit A.

4

Dated: March 31, 2014

/s/ Mark R. James
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Tel: (248) 642-0333
Fax: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

and

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Tel: (713) 546-5000
Fax: (713) 224-9511
Email: alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance Company*

/s/ Howard S. Sher
Howard S. Sher, Esquire (P38337)
Jacob & Weingarten, P.C.
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Tel: (248) 649-1200
Fax: (248) 649-2920
E-mail: howard@jacobweingarten.com

Vincent J. Marriott, III, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 864-8236
Fax: (215) 864-9762
E-mail: marriott@ballardspahr.com

and

Matthew G. Summers, Esquire
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Tel: (302) 252-4428
Fax: (302) 252-4466
E-mail: summersm@ballardspahr.com

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.*

/s/ James J.M. Sprayregen
James J.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60605
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Tel: (248) 646-5070
Fax: (248) 646-5075

*Attorneys for Syncora Capital Assurance Inc. and Syncora Guarantte Inc.*

/s/ Rick L. Frimmer
Rick L. Frimmer
J. Mark Fisher
Michael W. Ott
**SCHIFF HARDIN, LLP**
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5600
Facsimile: (312) 258-5600
E-mail: rfrimmer@schiffhardin.com
E-mail: mfisher@schiffhardin.com
E-mail: mott@schiffhardin.com

*Attorneys for FMS Wertmanagement AöR*

/s/ Kenneth E. Noble
Kenneth E. Noble
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Tel: 212/715-9393
E-mail: Kenneth.noble@kattenlaw.com

*Counsel for Deutsche Bank AG, London*

/s/ Heath D. Rosenblat
Kristin K. Going
Heath D. Rosenblat
Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

## CERTIFICATE OF SERVICE

I, Lynnea Koerber, state that on March 31, 2014, I filed a copy of the foregoing Comment to Order to Show Cause with the Clerk of Court using the Court's ECF system and I hereby certify that the Court's ECF system has served all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ Lynnea Koerber
Lynnea Koerber
E-mail: howard@jacobweingarten.com

# EXHIBIT A

[CAPTION]

# DRAFT

### Order Regarding the Solicitation of Proposals to Serve as the Court's Expert Witness on the Issue of Feasibility

Under Fed. R. Evid. 706(a), the Court solicits proposals from any qualified person wishing to serve as an expert witness on the issue of the feasibility of the City's plan of adjustment under 11 U.S.C. § 943(b)(7).

1. Interested applicants may mail or deliver their proposals to United States Bankruptcy Court, Eastern District of Michigan, Intake Dept., 17th Floor, 211 West Fort St., Detroit, MI 48226. The proposals must be received by (i) April ___, 2014.

2. The Court seeks to appoint an expert witness who:
   a. Has outstanding qualifications in municipal finance and budgeting to provide an opinion regarding (i) the feasibility of the City's plan of adjustment, after due consideration of the opinions, analysis, and data provided by the City and the creditors and other interested parties of the City, and (ii) whether other revenues, assets, transactions, financing or cost savings allow feasible modifications or alternatives to the plan of adjustment that would provide a greater, more prompt, and/or more certain recovery by creditors.
   b. Has outstanding qualifications in municipal planning to provide an opinion regarding the reasonableness of the assumptions that underlie the City's cash flow forecasts and projections.
   c. Is able to give an opinion that is based on sufficient facts or data and that is the product of reliable principles and methods and the application of those principles and methods to the facts of the case.
   d. Is willing and able to exercise fair, unbiased and independent judgment in the assignment.
   e. Can prepare a report and provide testimony in deposition and at trial, the feasibility of alternatives, both of which are concise and understandable in addressing the sophisticated and complex matters related to the feasibility of the plan of adjustment and to the reasonableness of the City's assumptions regarding its revenues, expenses and plan payments.
   f. Has the resources and ability to accomplish the assignment within the schedule adopted by the Court for the hearing on confirmation of the City's plan.
   g. Has no disqualifying connections or conflicts of interest.
   h. Has a demonstrable interest in and concern for the future of the City, balanced with a due regard for the requirements of Chapter 9 of the Bankruptcy Code.
   i. Is willing to forego any retention or engagement that might result in a conflict of interest in this case.

j. Is willing and able to comply with the requirements of 11 U.S.C. § 330 in seeking approval of fees.

3. If no single applicant possesses both of the qualifications described in paragraphs 2a and b above, the Court may consider appointing a separate expert witness for each qualification.

4. Each proposal shall contain the following:
   a. A disclosure of the applicant's qualifications as an expert witness on the feasibility issue in this case, including the applicant's education and training; experience (especially with municipal budgeting, forecasts and projections, as well as the assumptions that underlie them); professional licenses and certifications; professional association memberships and honors; professional speeches, lectures and presentations; and professional publications (and attaching the most pertinent publications).

   b. A disclosure of all prior retentions in which the applicant testified as an expert witness either in deposition or at a trial or hearing, including the title of the case, the court in which the case was pending, the attorney who retained the applicant and the subject matter of the testimony.

   c. A disclosure of all prior retentions by any governmental unit, including the identity of the governmental unit and the subject matter of the retention.

   d. A disclosure of all prior retentions by any party relating to that party's connections with a governmental unit, including the identity of the party, the governmental unit and the subject matter of the retention.

   e. A disclosure of all present or past connections with the City of Detroit and any of its creditors.

   f. A disclosure of the proposed staffing of the assignment by other members of the applicant's firm.

   g. A disclosure of the proposed fees to be charged and a proposed budget of fees and expenses.

   h. A statement disclosing why the applicant is interested in the appointment.

5. Interested parties are encouraged to share this solicitation with potentially interested and qualified applicants.

6. Before appointing the expert witness, the Court may interview applicants, with the assistance of designated counsel, on the record.

[CAPTION]

DRAFT

Order Appointing Expert Witness

1. Under Fed. R. Evid. 706(a), _____ is hereby appointed as an expert witness.

2. ~~The~~ expert shall investigate and reach a conclusion, *after due consideration of the opinions, analysis, and data provided by the City and the creditors and other interested parties of the City,* on (a) whether the City's plan is feasible ~~as required~~ by 11 U.S.C. § 943(b)(7); ~~and~~ (b) whether the assumptions that underlie the City's cash flow projections and forecasts regarding its revenues, expenses and plan payments are reasonable; *and (c) whether other revenues, assets, transactions, financing or cost savings allow feasible modifications or alternatives to the plan of adjustment that would provide a greater, more prompt, and/or more certain recovery by creditors.*

3. The City and its professionals shall fully and promptly cooperate with the expert witness.

4. The expert witness shall have no *ex parte* communications with the Court. Any request for assistance or guidance shall be stated in writing and submitted to the clerk of the court, who shall arrange for its filing on the docket. The Court will then promptly determine the appropriate process to address the matter.

5. By _____, 2014, the expert witness shall file a report stating the conclusions required by paragraph 2 above and explaining in full detail the grounds for those conclusions.

6. After filing the report required by paragraph 5 above, but before _____, 2014, the expert witness shall be available for a consolidated deposition by any interested parties.

7. Until the conclusion of the expert witness's responsibilities under this order, the expert witness shall not accept any retention or engagement that might result in a conflict of interest in this case.

8. The expert witness shall comply with 11 U.S.C. § 330 in applying for compensation and reimbursement of expenses.

9. The City shall pay the expert witness's compensation and expenses as approved by the Court.