UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
--------------------------------------------------------x
                                                        :
In re                                                   : Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                              : Case No. 13- 53846
                                                        :
                    Debtor.                             : Hon. Steven W. Rhodes
                                                        :
                                                        :
--------------------------------------------------------x
```

**CITY OF DETROIT'S *EX PARTE* MOTION TO STRIKE
COPS HOLDERS' UNAUTHORIZED SUPPLEMENTAL BRIEF
[DOCKET NO. 3369]**

On March 5, 2014, this Court held a hearing on the City of Detroit's motion (Docket No. 2803) for entry of an order shortening notice and scheduling an expedited hearing with respect to the City's motion (Docket No. 2806) (the "9019 Motion") for an order approving a Settlement and Plan Support Agreement with the Swap Counterparties. The following day, the Court issued an order (Docket No. 2913) (the "Scheduling Order") setting the schedule for briefing and discovery related to the 9019 Motion.[1] The Scheduling Order set the deadline for objections to the 9019 Motion on March 17, 2014 and the deadline for the replies

---

[1] The Scheduling Order was amended on March 18, 2014 (Docket No. 3055) to extend the deadline to complete depositions until March 31, 2014, but was otherwise unchanged.

to such objections on March 21, 2014. The Scheduling Order makes no provision for sur-replies.

The Court did not request or authorize additional briefing on the City's 9019 Motion, nor do the local rules permit briefing beyond an opening brief, response and reply. *See* L.B.R. 9014-1(e); *see also United States v. Reynolds*, No. 12-20843, 2013 U.S. Dist. LEXIS 43127, at *7 ( E.D. Mich. Mar. 27, 2013) (interpreting district court rule parallel to LBR 9014-1 and stating that "[p]arties may *not* file additional or 'supplemental' briefs without leave of Court to do so") (emphasis in original).

Nonetheless, the COPs Holders – without seeking leave of the Court – filed a 6-page supplemental brief, raising arguments it already had the opportunity to make before this Court in its responsive briefing. The COPs Holders feign surprise at the terms of the Settlement and Plan Support Agreement (the "Agreement"), filed as a supplement to the 9019 Motion on March 26, 2014, and misleadingly imply that there are new and unexpected provisions in the Agreement justifying their unauthorized sur-reply. Nothing could be further from the truth.

The COPs Holders identify four provisions that they apparently hope the Court will believe were disclosed to them "for the first time" when the Agreement was filed. *See* Sur-Reply at ¶ 1. The provisions relate to bar, injunction and release provisions that appear virtually **verbatim** in the proposed order filed by

the City on March 4, 2014.[2] *See* Docket No. 2806, p. 51 ¶ 20; p. 52 ¶ 23; p. 55 ¶ 32; p. 56 ¶ 34. Thus, the COPs Holders have had notice since March 4 not only of the fact that the Agreement would contain bar, injunction and release provisions, but even of the precise wording of those provisions. If the COPs Holders believed that these provisions or their wording was problematic, they had ample opportunity to object to them in accordance with the Scheduling Order.

The COPs Holders' unauthorized supplemental brief is improper under the applicable rule, violates this Court's Scheduling Order and should be stricken. *Cf. Fox v. Riverdeep, Inc.*, No. 07-13622, 2009 U.S. Dist. LEXIS 44328, at *1-2 n.1 (E.D. Mich. May 26, 2009) (striking sur-reply that was filed without leave of court).

WHEREFORE, the City respectfully requests that the Court enter the order attached hereto as <u>Exhibit 1</u>, striking the COPs Holders' unauthorized supplemental brief from the record and granting such other relief as the Court deems appropriate.

---

[2] The Agreement adds the words "attorneys in fact" to the definition of Related Person, which is part of the definition of Counterparty Released Party, and uses the term "Bankruptcy Case" rather than "chapter 9 proceedings" in the definition of Released Claims. Aside from these two immaterial differences, the provisions of the Agreement belatedly objected to by the COPs Holders are ***identical*** to the text of the proposed order.

Dated: April 1, 2014

Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7300 - Telephone
(248) 359-7700 - Fax
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

Corinne Ball
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
cball@jonesday.com

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                :
In re                           : Chapter 9
                                :
CITY OF DETROIT, MICHIGAN,      : Case No. 13- 53846
                                :
         Debtor.                : Hon. Steven W. Rhodes
                                :
                                :
---------------------------------------------------------x

# ORDER STRIKING COPS HOLDERS' UNAUTHORIZED SUPPLEMENTAL BRIEF [DOCKET NO. 3369]

This matter having come before the Court on the *ex parte* motion of the Debtor, City of Detroit, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that the COPs Holders' Supplemental Objection to Debtor's Motion to Approve Settlement and Plan Support Agreement [Docket No. 3369] is STRICKEN.