UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION OF MICHIGAN

IN RE:                                        CHAPTER 9
CITY OF DETROIT, MICHIGAN                      CASE NO. 13-53846
    *Debtor.*                              HON. STEVEN W. RHODES

_____/

## JOINT OBJECTION TO CHAPTER 9 PLAN BY CREDITORS T&T MANAGEMENT, INC., HRT ENTERPRISES, AND THE JOHN W. AND VIVIAN M. DENIS TRUST REGARDING TREATMENT OF CLAIMS FOR TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION

T&T Management, Inc. ("T&T Management"), HRT Enterprises ("HRT"), and the John W. and Vivian M. Denis Trust ("Denis Trust") (together, the "Creditors") by and through their counsel, Demorest Law Firm, PLLC, state as follows for their Joint Objection to Chapter 9 Plan ("Joint Objection") regarding the treatment of claims for taking of their private property without just compensation.

### Introduction

The Creditors have all filed Proofs of Claim relating to past or pending inverse condemnation and condemnation claims against the City of Detroit (the "City"). The Creditors all own or leased property in the vicinity of Coleman A. Young International Airport (formerly known as Detroit City Airport and herein referred to as the "Airport"). Their properties are located within areas designated for acquisition by the City due to their proximity to the Airport.[1]

The Creditors object to the Amended Plan for Adjustment of Debts of the City of Detroit ("Amended Chapter 9 Plan") (Docket No. 3380) because their claims for taking

---

[1] The Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit ("Amended Disclosure Statement") (Docket No. 3382, p. 182) calls for the City to reinvest approximately $28.5 million in the Airport. The City plans to continue to operate the Airport, and therefore must continue to acquire designated properties in the Airport vicinity, including Creditors' Properties.

of private property without just compensation are based on the Fifth Amendment of the U.S. Constitution (and Article X, § 2 of the Michigan Constitution).[2] Their claims may not be reduced as part of a bankruptcy case. As set forth in more detail below, the parties are constitutionally-entitled to just compensation for their claims, without reduction or adjustment as a result of the City's Chapter 9 bankruptcy.

## The Creditors

### HRT

HRT, a Michigan partnership, owns property in the City that is the subject of pending, bankruptcy-stayed litigation (U.S. District Court for the Eastern District of Michigan Case No. 12-13710). The HRT property is located at 11111 French Road, Detroit, MI 48234 (the "HRT Property").

The HRT Property is located near Detroit City Airport, in an area designated for taking by the City of Detroit. Two of HRT's tenants previously obtained judgments against the City for interference with their leasehold interests, resulting in inverse condemnation. However, HRT, the property owner, was not a party to the tenants' lawsuits. HRT first sued the City for inverse condemnation in Wayne County Circuit Court in 2002. In September 2005, a jury found that the City had not inversely condemned HRT's Property under Michigan law, based on the facts then in existence. This ruling was upheld on appeal.

In 2009, based on events since 2005, HRT filed an inverse condemnation claim against the City in U.S. District Court. At that time, Judge Cohn dismissed the case,

---

[2] The Denis claim involves the taking of the Denis' personal residence. Article X, § 2 of the Michigan Constitution provides for compensation in an amount not less than 125% of that property's fair market value.

ordering HRT to exhaust its state remedies before pursuing federal claims. HRT filed its second state court lawsuit against the City in Wayne County Circuit Court in July 2009. In 2011, the circuit court ruled that HRT's claims were barred by *res judicata* and dismissed the case. This ruling was upheld on appeal by the Michigan Court of Appeals.

In August 2012, HRT filed its second federal lawsuit in U.S. District Court for the Eastern District of Michigan (Case No. 12-13710), including claims for inverse condemnation under the Fifth Amendment and 42 USC § 1983. (**Exhibit 1, without exhibits**).

On March 26, 2013, Judge Cohn denied the City's Motion to Dismiss and/or Summary Judgment (**Exhibit 2**). Judge Cohn found: (1) that HRT's claim is ripe; (2) that neither res judicata nor collateral estoppel apply; and (3) that HRT's claim is not barred by a statute of limitations. The parties were preparing for trial when the City's bankruptcy petition was filed. As a result of the bankruptcy filing, the pending litigation in federal court was automatically stayed. The stay has not yet been lifted.

HRT timely filed a Proof of Claim (Claim No. 1361).

## T&T Management

T&T Management, a Florida corporation (successor by merger to Merkur Steel Supply, Inc., a Michigan corporation) (**Exhibit 3**), has a judgment for partial inverse condemnation against the City. The judgment was entered in Wayne County Circuit Court Case No. 99-928001-CC (the "T&T Judgment") (**Exhibit 4**), and affirmed in a unanimous published opinion by the Michigan Court of Appeals, 261 Mich. App. 116

3

(2004) (**Exhibit 5**). The Michigan Supreme Court denied the City's Application for Leave to Appeal.

Merkur Steel was a tenant of the HRT Property and successfully sued the City for taking of its property rights as a tenant, because the City prevented it from constructing new facilities to expand its business. The T&T Judgment in part requires the City to pay $3,800.00 per month until the City of Detroit acquires ownership of the property located at 11111 French Road, Detroit, MI or until the City takes action to lift the restrictions preventing construction there. Neither has occurred.

The City paid its monthly payments of $3,800.00 until June 2013. The City has not paid the monthly payments for July-December 2013, or for January-March 2014. This totals $34,200.00. Payments will continue to accrue on a monthly basis.

T & T timely filed a Proof of Claim, (Claim No. 1409).

### Denis Trust

The Denis Trust also owns property in the City that is the subject of pending, stayed litigation (Wayne County Circuit Court Case No. 13-000976-CC). The Denis Trust property is located at 8523, 8529, and 8535 Montlieu, Detroit, MI 48234 (the "Denis Trust Property"). The Denis Trust Property is also located near City Airport, also in an area designated for taking by the City. John and Vivian Denis resided there for decades until the City took over their property. The Denis Trust filed an inverse condemnation lawsuit against the City, which has been converted to a condemnation case filed by the City. (**Exhibit 6**). The Denis Trust also has a pending counterclaim against the City for inverse condemnation (de facto taking), inverse condemnation (unreasonable delay), and substantive due process. (**Exhibit 6**).

4

As part of the pending condemnation case, the City was required to pay estimated "just compensation" to the Denis Trust (**Exhibit 7**). The City paid $50,813 in 2013, but the Denis Trust claims that the City's estimated just compensation is too low. As a result of the bankruptcy filing, the pending litigation in state court was automatically stayed.

The Denis Trust timely filed a Proof of Claim (Claim No. 1363).

## MEMORANDUM OF LAW

The City has proposed its Amended Chapter 9 Plan to modify its obligations to creditors whose claims are subject to reduction or compromise. The Creditors' claims are not subject to reduction or compromise, but the Amended Chapter 9 Plan does not provide adequate protection to the Creditors. The Creditors' claims are not subject to reduction or compromise because they are based on Constitutional claims for the taking of property without just compensation.

Furthermore, the City of Detroit must pay the T&T Judgment in full regardless of what reduction and compromises it makes in the Amended Chapter 9 Plan, because the T&T Judgment is liquidated, not contingent, and not disputed.

Congress may not pass laws under its Bankruptcy power that would effect a taking of private property without just compensation. *U.S. v. Security Industrial Bank*, 459 U.S. 70 (US 1982), citing *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555 (1935). The Supreme Court stated:

> The bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation. *Louisville Joint Stock Land Bank v. Radford, supra.* Thus, however "rational" the exercise of the bankruptcy power may be, that inquiry is quite separate from the questions

> whether the enactment takes property within the
> prohibition of the Fifth Amendment.

459 U.S. at 75.

In *Louisville Joint Stock Land Bank,* Justice Brandeis stressed the importance of preserving the Fifth Amendment despite times of hardship:

> The Fifth Amendment commands that, however great
> the Nation's need, private property shall not be thus
> taken even for a wholly public use without just
> compensation.

295 U.S. at 602.

In that case, the Supreme Court held that the Frazier-Lemke Act violated the Takings Clause of the Fifth Amendment. The Frazier-Lemke Act was a bankruptcy act of Congress that restricted banks' ability to repossess farms after they had been foreclosed on. The Supreme Court held the statute was void because it effected a "taking of substantive rights in specific property acquired by the Bank prior to" its enactment. Justice Brandeis noted that:

> [i]f the public interest requires, and permits, the taking of
> property of individual mortgagees in order to relieve the
> necessities of individual mortgagors, resort must be had to
> proceedings by eminent domain; so that, through taxation,
> the burden of the relief afforded in the public interest may be
> borne by the public.

295 U.S. at 602.

Although Congress may authorize the City to impair obligation of contracts and other types of claims in Chapter 9 bankruptcy, it may not authorize the taking of private property without just compensation in violation of the Fifth Amendment. Therefore, the T&T Judgment for inverse condemnation must be satisfied in full. Anything short of full

payment for this Judgment would deprive T&T Management, as the successor to Merkur Steel, of just compensation in violation of the Fifth Amendment. Similarly, HRT and Denis Trust may not be deprived of their just compensation for their pending inverse condemnation and condemnation claims. Since the Fifth Amendment applies to both the State and Federal governments, such a reduction in just compensation would be unconstitutional.

**WHEREFORE**, Creditors T&T Management, HRT Enterprises, and the Denis Trust respectfully request that Chapter 9 Plan be amended to rule that claims based in inverse condemnation and condemnation, which are based on the taking of property without just compensation, are not subject to reduction or compromise as a result of the City of Detroit's bankruptcy.

Respectfully submitted,

/s/ Melissa L. Demorest
Mark S. Demorest (P35912)
Melissa L. Demorest (P68867)
Demorest Law Firm, PLLC
Attorneys for Creditors
 T&T Management, Inc.,
 HRT Enterprises, and the John W.
 and Vivian M. Denis Trust
322 West Lincoln Ave.
Royal Oak, MI 48067
248-723-5500
mark@demolaw.com
melissa@demolaw.com

Dated: April 1, 2014

City of Detroit bankruptcy:Merkur:Objection to Chapter 9 Plan 2014 03 28.docx