UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

CARL WILLIAMS and HASSAN ALEEM

    Creditors/Appellants,

v

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR

Chapter 9  
Case No. 13-53846  
Judge Steven W Rhodes

    Debtor/Appellee

Case No. 14-cv-10434  
Hon. Bernard A. Friedman  
Magistrate Paul J. Komives

## OBJECTION OF THE DISCLSOURE STATEMENT

We are residents of the City of __Detroit__ and a taxpayers of the state of Michigan and a citizen of the United States. We the interested parties object to the bankruptcy of the disclosure statement of for the following reasons:

(1) The Emergency Manager Kevyn Orr is not an elected official and only a municipality and elected official can legally file for bankruptcy therefore violated 11 USC sect 109 (c) and public act 436.

1

2) We object to water department being included in the bankruptcy because it is self sustaining and not part of the general fund and any other asset not part of the general funds.

3) We object to the Disclosure Statement because the City of Detroit did not negotiate in good faith prior to the filing of bankruptcy in violation of 11 USC 109 (c) In re Valley Health Sys, 383 B.R. 156, 163 (Bankr C.D. Cal 2008). In this case the city was more egregious by not negotiating at all. In re Cotton Water and Sanitation District, Douglas County, Colo., 138 B.R. 973, 979 (Bankr. D. Colo 1992) "plan referred to in 109(c) (4) is adjustment plan negotiated pre-petition in good faith.

4) We object because the City of Detroit has failed to comply with 11 USC 1125 and 1126 no notice and hearing on the "Disclosure Statement as required." See In re City of Stockton, California Ch 9, Case No. 2012-32118D.C. No. OHS-15, Pg 11-12.

5) We object to water department being included in the bankruptcy because it is self sustaining and not part of the general fund and any other asset not part of the general funds.

6) We object because the City never provided the holder/creditors a copy of the Disclosure Statement.

2

7) We object because the City of Detroit has failed to comply with 11 USC 1125 and 1126 no notice and hearing on the "Disclosure Statement as required." See In re City of Stockton, California Ch 9, Case No. 2012-32118D.C. No. OHS-15, Pg 11-12.

8) The State through the Emergency Manager, Kevyn Orr failed to file bankruptcy by consent and legally approval of the citizens in good faith by owing $224,000,000.00 plus interest from 2012 and approximately $224,-000,000.00 plus interest for 2013 and still owes estimated, approximately $112,000,000.00 for 2014 thus far and still counting of unrestricted State Revenue Sharing funds of Public Act 140 of 1971 and Governor Rick Snyder stated he wasn't going too paid. The State by their actions through Governor Rick Snyder, Emergency Manager Kevyn Orr and the formal treasure Andy Dillon and the present Treasurer R. Kevin Clinton aid to orchestrated and assisted in the deficit and then turn around file an unauthorized bankruptcy under the deceiving disguise as the city through the Emergency Manager. This clearly violated 11 USC 921 of the Bankruptcy Code and fraudulent concealment MCL 600.5855 for lack of good faith.

9) The previous mayor, Dave Bing, the City council and the Emergency Manager made a <u>tactical</u>, <u>deliberate</u>, <u>conscious</u>, <u>decision</u> to take

funds from the local utility taxes strictly to maintain 5,000 policemen to protect the citizen of Detroit and purchase and renovated the old MGM casino. This created a "service delivery insolvency" and violated the Detroit City Charter section 8-202 and state law.

10) The court in Waldman case concluded that parties may not consent to certain adjudication by Article I bankruptcy judge could also apply to other non-Article III judges, including federal magistrate judge could also apply to other non-Article III judges, including federal magistrate judges. Waldman v. Stone, 698 F.3d 910 (6th Circuit 2012)

11) We object to disclosure statement section or number 4 that the Bankruptcy Court may continue the hearing after this time and date without prior notice to parties, and can modify the disclosure statement prior to a hearing, during the hearing or as a result of the hearing without prior notice, thus a violation of the Bankruptcy Code 11 U.S.C. 923. It states: "There <u>Shall be given notice</u> of commencement of a case under this chapter, notice of the dismissal of a case under for relief under this chapter, Such notice shall also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commence, and in such other newspaper having a general

4

circulation among bond dealers and bondholders as the court designates. This also applies to "Plan of Adjustment" as well. These are grounds for a dismissal. In re Colorado Centre Metro, Dist. (1990, BC Dc Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC 2d 397.

12) The court in Waldman case concluded that parties may not consent to certain adjudication by Article I bankruptcy judge could also apply to other non-Article III judges, including federal magistrate judge could also apply to other non-Article III judges, including federal magistrate judges. Waldman v. Stone, 698 F.3d 910 (6th Circuit 2012)

13) We object to number 5 pages 2 of notice of hearing to consider approval of disclosure statement with respect to plan for the adjustment of debts of the city of Detroit Barring you from a hearing if you make a mistake

14) The first Amended Order Establishing Procedures, Deadlines and hearing dates relating to the Kevyn Orr /Debtor's Disclosure Statements was issued February 25, 2014 and the deadline of February 28, 2014 barely three days to respond are a joke. Depending on when you received it three days is not enough time to respond before the deadlines. The time to respond in bankruptcy proceedings is normally 14 days and in the rules of

5

civil procedures you normally receive 20 or 21 days. The appellants/creditors are not attorney or skill in the legal professional and do not have enough time to consult legal assistant and advice. The deadline times lines is unreasonable for the average person and are unfair, to stringiest and irrational.

15) The first Amended Order Establishing Procedures, Deadlines and hearing dates relating to the Kevyn Orr /Debtor's Plan of Adjustment, was issued February 25, 2014 and the deadline of February 28, 2014 barely three days to respond are a joke. Depending on when you received it three days is not enough time to respond before the deadlines. The time to respond in bankruptcy proceedings is normally 14 days and in the rules of civil procedures you normally receive 20 or 21 days. The appellants/creditors are not attorney or skill in the legal professional and do not have enough time to consult legal assistant and advice. The deadline times lines is unreasonable for the average person and are unfair, to stringiest and irrational.

We hereby certify that the statement made herein are true and correct to the best of our knowledge and belief, under penalty of perjury and contempt of court under the laws of the United States of America.

_Carl Williams_
Objector signature

Address _10112 Somerset_

City, State, & Zip _Detroit Michigan 48224_


_Hassan Aleem_
Objector signature

Address _2440 Taylor_

City, State, & Zip _Detroit Mich 48206_

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

FILED 2014 MAR 31 P 3: 25
U.S. BANKRUPTCY
E.D. MICHIGAN-DETROIT

CARL WILLIAMS and HASSAN ALEEM

        Creditors/Appellants,

v

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| AND EMERGENCY MANAGER | Judge Steven W Rhodes |
| KEVYN D. ORR | |
|     Debtor/Appellee | Case No. 14-cv-10434 |
| | Hon. Bernard A. Friedman |
|                                    / | Magistrate Paul J. Komives |

STATE OF MICHIGAN)
                    ) SS
COUNTY OF WAYNE )

## PROOF OF SERVICE

_Carl Williams_, being first duly sworn, deposes and

Say: that on March __31__ 2014. I sent a copy of the Statement of Disclosure

from the following parties

Carl Williams & Hassan Aleem
Vera C. Magee
Barbara A Magee
James F. Bish
Marvin K. Griffin
Valerie A. Glenn Simons
Patricia A. Boyd

and mailed upon the concern parties by certified mail, at the following

address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager: Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th Floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl Williams_

Dated    March 31, 2014