# EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISON

FILED (I)

2014 APR -1  A 11: 42

U.S. BANKRUPTCY COURT
E D. MICHIGAN-DETROIT

**VERA  C.  MAGEE**
_____
your name          Creditors/Appellants,

v

In re:                                   Chapter 9
CITY OF DETROIT, MICHIGAN                 Case No. 13-53846
AND EMERGENCY MANAGER                     Judge Steven W Rhodes
KEVYN D. ORR

              Debtor/Appellee

                                   Case No. 14-cv-10434
                                   Hon. Bernard A. Friedman
_____/  Magistrate Paul J. Komives


## OBJECTIONS TO CITY STATEMENT OF DISCLOSURE

I/We are residents of the City of____**DETROIT**_____

_____and a taxpayer of the State of

Michigan and a citizen of the United States.

I/We are creditor and/or creditors and the interested party and/or parties and

object to the bankruptcy and the City Plan of Adjustment and the Statement

of Disclosure for the following reasons:

   1) The Emergency Manager Kevyn Orr is not an elected official  and

1

13-53846-tjt    Doc 3424    Filed 04/01/14    Entered 04/01/14 12:58:45    Page 1 of 4

only an municipality can file bankruptcy. Mr. Orr is not an elected official and only an elected official can legally file for bankruptcy.

2) I/We object to disclosure statement section or number 4 that the Bankruptcy Court may continue the hearing after this time and date without prior notice to parties, and can modify the disclosure statement prior to a hearing, during the hearing or as a result of hearing without prior notice, thus a violation of the Bankruptcy Code 11 U.S.C. 923. It states: "There Shall be given notice of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice shall also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commence, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates. This also applies to "Plan of Adjustment" as well. These grounds for a dismissal. In re Colorado Centre Metro, Dist. (1990, BC Dc colo) 113 BR 25, 7 Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC2d 397.

3) The creditor/appellants never received a copy of the "Plan of Adjustment" or the "Statement of disclosure" to view.

2

4) The court in Waldman concluded that parties may not consent to certain adjudication by Article I bankruptcy judge could also apply to other non-Article III judges, including federal magistrate judges. Waldman v. Stone, 698 F.3d 910 (6th Circuit 2012).

5) Magistrate Judge Steven W Rhodes hand picked committee was improperly formed prior to entry of order for relief under 11 USCS sect 921 such committee cannot be formed until after order for relief has been entered. Colorado Centre Metro. Dist. (1990, BC DC Colo) supra.

6) The first Amended Order Establishing Procedures, Deadlines and hearing dates relating to the Debtor's Plan of Adjustment, was issued February 25, 2014 and the deadline of February 28, 2014 not even three days to respond is a joke. The time to respond in bankruptcy proceedings is normally 14 days and in the rules of civil procedures you normally receive 20 days. The appellants/creditors are not attorney or skill in the legal professional and do not have enough time to consult legal assistant and advice. The deadline time line is unreasonable for the average person and are unfair, to stringiest and irrational.

3

I/We hereby certify that the statements made herein are true and correct under penalty of perjury and contempt of Court under the laws of the United States of America.

Wherefore I/we request the Court will deny the relief sought in said filing.


_Vera C. Magee_
Appellant/Creditor signature

Address _5165 Iroquois_

City, State, & Zip _DETROIT, MI 48213_



_____
Appellant/Creditor signature

Address_____

City, State, & Zip_____