IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

**JOINDER OF ASSURED GUARANTY MUNICIPAL CORP. IN MOTION TO EXTEND THE DISCLOSURE STATEMENT APPROVAL SCHEDULE [DKT. NO. 3317]**

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"), a creditor and party in interest in the chapter 9 case of the City of Detroit, Michigan (the "City"),[1] hereby joins in the *Ex Parte Emergency Motion to Extend Disclosure Statement Approval Schedule* filed by Syncora Guarantee Inc. and Syncora Capital Assurance Inc. [Docket No. 3317] (the "Motion"). While the Motion discusses the prejudice to creditors resulting from the current schedule in the abstract, now that the City has filed its amended

---

[1] Assured is a monoline insurer that provides financial guarantees to the U.S. public finance market. Assured and its affiliates insure or reinsure approximately $2.24 billion in gross aggregate principal amount of outstanding bonds issued by the City, including water supply system bonds, sewage disposal system bonds, and unlimited tax general obligation bonds.

disclosure statement and plan, in this submission, Assured sets forth some specific material changes to the Disclosure Statement that the City made in its filing last evening that will require new and substantial analysis. Assured supports the arguments set forth in the Motion, and respectfully submits as follows:

1. On February 21, 2014, the City filed, among other things, the Plan [Docket No. 2708] and a Disclosure Statement [Docket No. 2709].[2] That Disclosure Statement, however, contained insufficient disclosure with respect to many of the assumptions upon which the Plan was based, as well as other inadequacies that are described in the Motion.

2. On March 14, 2014, Assured sent a detailed letter to the City identifying more than 140 categories of information that were missing from the Disclosure Statement. *See* March 14, 2014 Letter from Assured to the City, attached hereto as <u>Exhibit A</u>. Instead of providing the information requested by Assured, the City responded by letter dated March 28, 2014 and stated that it intended to file an amended disclosure statement. *See* March 28, 2014 Letter from the City to Assured, attached hereto as <u>Exhibit B</u>. More specifically, with respect to many of Assured's requests for information, the City stated that it "intends to

---

[2] Capitalized terms used but not defined have the meaning ascribed to them in the Motion.

make extensive supplemental disclosures with respect to DWSD and related matters in the amended Plan and Disclosure Statement and in the Plan Supplement." *Id.* at pp. 8. In response to other requests for information, the City stated that it intends to revise the Disclosure Statement to include additional information. *See generally*, Exhibit B. Further, the City claimed that it intended to upload additional information to the data room established by the City for use by the parties in interest in this chapter 9 case. *Id.* at 1. However, the City did not provide any of the substantive information that was requested by Assured in the March 14, 2014 letter, making Assured wait for an amended disclosure statement for responses to its inquiries until last night, two days before objections are due.

3. On the evening of March 31, 2014, the City filed its amended disclosure statement [Docket No. 3382] (the "<u>Amended Disclosure Statement</u>"). This filing included an Amended Plan of Adjustment [Docket No. 3382-1] (the "<u>Amended Plan</u>"). With exhibits, the Amended Disclosure Statement and Amended Plan of Adjustment are over 600 pages long.

4. According to the Court's March 27, 2014 order granting the City's *ex parte* motion [Docket No. 3237], the deadline for parties in interest to file objections to the disclosure statement was set for April 3, 2014. This timing allows Assured only two days to digest the Amended Disclosure Statement and form and file its objections. It is simply unreasonable to expect that parties in

3

interest can properly evaluate the extensive changes made to the Amended Disclosure Statement in this timeframe. Furthermore, this timeframe is miniscule as compared to the 28 days that Assured is entitled to under Federal Rule of Bankruptcy Procedure 2002(b).

5. Indeed, the Amended Disclosure Statement contains major changes. According to the redline showing changes made to the Amended Disclosure Statement [Docket No. 3384] there were 4,314 changes made to the document. These changes represent substantive and material alterations that essentially require Assured to treat the Amended Disclosure Statement as if it is an *entirely new and different document* from the original Disclosure Statement. Some of the material changes made to the document that obviously require new and substantial analysis include:

- The Amended Disclosure Statement significantly revises the discussion of the DWSD bonds insured by Assured; the revisions substantially change disclosures related to possible transactions, including the GLWA transaction.
- There are new Rate Reset Charts covering 337 disparate CUSIPs of DWSD bonds, but there is no mark-up showing changes to the rates specified in the charts, so a manual review must be done for each CUSIP to determine the changes.

4

- There is a new "deathtrap" proposed for holders of Claims in Class 1A-1D.

- The default treatment for DWSD Revolving Sewer and Water Bond Claims has changed.

- Treatment of all classes of Pension Claims has been completely revised (including the creation of an entirely new Class 12 for OPEB Claims), and the effect of this wholesale revision on other classes or creditors is unclear and requires substantial analysis.

- Class 5–COP Swap treatment is specified for the first time.

- The recoveries for all unsecured or purportedly unsecured creditors except pension claimants have decreased.

- The new C Notes described in the original Disclosure Statement have been removed.

- Additional information regarding the possible DWSD transaction has been added.

There were also substantial changes to the exhibits to the Amended Disclosure Statement and Amended Plan. Changes made to the exhibits to the Amended Disclosure Statement that need to be determined and analyzed include:

- The exhibits are 32 pages longer, jumping from 172 pages to 204 pages.

- New Exhibits K (DWSD Current and Historical Financial Information) and L (DWSD Financial Projections), which total 32 pages, have been added.

- No markup was provided for Exhibits I and J, which total 156 pages, so a manual review of the figures must be done to determine if there are changes.

Changes made to the exhibits to the Amended Plan include:

- The exhibits are 114 pages longer, jumping from 58 pages to 172 pages.
- 8 new exhibits were added,[3] 2 missing exhibits were provided, and 15 exhibits were removed.
- 19 exhibits are still missing.

These additions and deletions represent significant and material alterations to the Disclosure Statement, and they require careful analysis. From the descriptions above, it is clear that Assured cannot simply plug in new numbers or make minor adjustments to account for the changes in the Amended Disclosure Statement and Amended Plan. In particular, the major revisions made to the DWSD transactions and to the treatment of the pension claims are not simple or clear, and these matters go to the core of Assured's interests in this case.

---

[3] Of the 8 exhibits that were added, 3 exhibits are blank, including Exhibit I.A.148.a (Form of GRS Hybrid Pension Plan), Exhibit I.A.202.a (Form of PFRS Hybrid Pension Plan), and Exhibit I.A.255 (State Contribution Agreement), and 5 exhibits contain new information, including , Exhibit I.A.79 (Principal Terms of DIA Settlement), Exhibit I.A.148.b (Principal Terms of GRS Hybrid Pension Plan), Exhibit I.A.151 (Form of GRS Trust Agreement), Exhibit I.A.202.b (Principal Terms of PFRS Hybrid Pension Plan), and Exhibit I.A.205 (Form of PFRS Trust Agreement).

6. Given the magnitude of the changes in the Amended Disclosure Statement and the Amended Plan, and the City's failure to disclose information in response to Assured's March 14, 2014 letter earlier, two full days is simply insufficient to protect Assured's due process rights. As a reasonable compromise, Assured seeks two weeks to consider the Amended Disclosure Statement and file any objections, which is half the amount of time envisioned by Federal Rule of Bankruptcy Procedure 2002(b). This is the same relief as requested in the Motion.

WHEREFORE, Assured joins in the relief requested in the Motion and/or such other and further relief as the Court may deem just and proper.

Dated: April 1, 2014
      New York, New York

**CHADBOURNE & PARKE LLP**

By: /s/ Lawrence A. Larose
Lawrence A. Larose
Samuel S. Kohn
Eric Daucher
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
edaucher@chadbourne.com

*Attorneys for Assured Guaranty Municipal Corp.*