UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) **Re: Docket No. 3170** |

## CORRECTED COMMENT TO ORDER TO SHOW CAUSE

The undersigned creditors and parties in interest (collectively, the "Commenting Parties"), in accordance with the *Order to Show Cause Why Expert Witnesses Should Not Be Appointed*, dated March 24, 2014 [Docket No. 3170] (the "Order to Show Cause"), hereby submit this corrected comment (the "Comment") to the Order to Show Cause[1] and, in support thereof, respectfully state as follows:

**Preliminary Statement**

1. The Commenting Parties understand the Court's desire to appoint an expert (the "Court Appointee") to opine on the question of the feasibility of, and the reasonableness of the City's projections submitted in support of, the *Plan for the Adjustment of the Debts of the City of Detroit*, dated February 21, 2014 [Docket No. 2708] (as the same may be amended, the "Plan").

2. In connection with any such appointment, however, the Commenting Parties believe that the Court Appointee's scope of engagement and ultimate opinions should be informed by (a) a framing of the feasibility issue in a broader sense than simply whether there is

---

[1] The Comment is being corrected solely to add the signature block of counsel to Dexia Crédit Local and Dexia Holdings, Inc., which was inadvertently omitted from the Comment, as originally filed. There have been no other changes made to the Comment.

a reasonable prospect that the City can perform its obligations under the Plan, (b) the input of creditors and other parties-in-interest in addition to that of the City, and (c) a due regard for all of the confirmation requirements of Chapter 9 of the Bankruptcy Code.

3. More specifically, the Commenting Parties believe that in the context of this case, and with the provisions of Chapter 9 in mind, the feasibility question should be framed so as to include an analysis of whether the City can feasibly submit a revised or different plan that provides for improved treatment of creditors, without diminishing the prospects for a successful revitalization effort; i.e. that the plan complies with all of the requirements of section 943(b)(7).

4. Attached to this Comment as <u>Exhibit A</u> is a mark-up of both proposed orders attached to the Order to Show Cause – the solicitation order and the appointment order (the "<u>Proposed Orders</u>"). The edits are limited, and have been made where it appeared appropriate in each of the orders in order to implement the framing of the feasibility question as described herein, and the solicitation of input from creditors and other parties in interest by the Court Appointee in addressing the feasibility question as so framed.

**Purpose of Proposed Changes**

5. The Commenting Parties believe that, having elected to pursue a plan of adjustment under Chapter 9 of the Bankruptcy Code, the City cannot meet its obligations to creditors and other parties in interest simply by proposing and pursuing confirmation of a plan that is "merely" feasible, *i.e.*, in the limited sense of being a document under which the City is reasonably likely to be able to perform its obligations without default. Such a narrow reading of feasibility incentivizes the City both to depress distributions to creditors (the less distributed under a plan, by definition, the more feasible in the narrow sense the plan will be), and to limit the creativity with which it approaches the future of the City. Said differently, a narrow scope to

2

the question of feasibility pushes the plan process towards minimal outcomes, and success becomes defined as "What is the least the City can do for creditors and for itself?"

6. Instead of success being so defined, and feasibility so narrowly framed, the right question in framing the issue of feasibility is, "Consistent with a feasible outcome, what is the *most* the City can do for creditors and for itself (i.e. what will meet *all* of the City's responsibilities under Chapter 9)?" How the feasibility issue is framed, in other words, needs to push the plan process not towards a minimal outcome, but rather towards the best possible workable outcome and the real predicate for a true civic revitalization. This requires an analysis of not just whether some minimalist approach to a plan of adjustment is feasible, but more importantly, whether there are alternatives that, while still feasible, improve the outcome.

7. The Proposed Order, as presently drafted, limits the investigation and ultimate opinion of the Court Appointee to the narrow reading of feasibility described above, the inevitable result of which will be a sub-optimal plan – *i.e.*, one that is "merely" feasible. The proposed edits of the Commenting Parties are designed to extend the scope of the Court Appointee's engagement to encompass the broader notion that feasibility in Chapter 9 should be conceptualized not as a test of the minimum the City can do, but as something significantly better, so that the plan process produces a plan that creates the best feasible outcome for creditors and the City, and not a plan that has been stripped down to assure that it "works" only in the narrow sense that the City is unlikely to go into default of its obligations thereunder.

8. In addition, the proposed edits make explicit that the Court Appointee should consult with and solicit the views of creditors and other parties in interest. Once the scope of the feasibility investigation is conceptualized as one that seeks to optimize outcomes, the ideas of all constituencies as to what can be achieved consistent with a feasible plan become highly relevant

3

to the investigation and ultimate opinion of the Court Appointee. The Commenting Parties and their professionals have spent as much time looking at the City's operations, its assets, its liabilities, *and its opportunities* as have the City and its professionals. They are a repository of creative ideas for a maximized feasible outcome.

**Scheduling Proposals**

9. The Proposed Orders contemplate but do not assign dates for delivery of the Court Appointee's report (the "Appointee Report") and the deposition of the Court Appointee. The Commenting Parties propose that the Appointee Report be due on the same date as specified in this Court's Second Amended Scheduling Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtors' Plan of Adjustment [Docket No. 2937] (as such order may from time to time be amended, the "Scheduling Order") for the delivery of reports of the experts of the City and the objectors to the Plan (the "Party Experts"), and that the Court Appointee be made available for deposition during the same period as set forth in the Scheduling Order for the deposition of Party Experts.

**Reservation of Rights**

10. The Commenting Parties reserve their right to object to the identity of any proposed Court Appointee, and to contest and rebut the assumptions, opinions, and conclusions contained in any Appointee Report.

**Conclusion**

11. For the foregoing reasons, the Commenting Parties respectfully request that when entered, the Proposed Orders be modified substantially in the form attached to this Comment as Exhibit A.

Dated: April 1, 2014

| | |
|---|---|
| */s/ Mark R. James* | */s/ Matthew G. Summers* |
| Ernest J. Essad Jr. | Matthew G. Summers, Esquire |
| Mark R. James | Ballard Spahr LLP |
| WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C. | 919 North Market Street, 11th Floor |
| | Wilmington, Delaware 19801 |
| 280 North Old Woodward Avenue, Suite 300 | Tel: (302) 252-4428 |
| Birmingham, MI 48009 | Fax: (302) 252-4466 |
| Tel: (248) 642-0333 | E-mail: summersm@ballardspahr.com |
| Fax: (248) 642-0856 | |
| Email: EJEssad@wwrplaw.com | Howard S. Sher, Esquire (P38337) |
| Email: mrjames@wwrplaw.com | Jacob & Weingarten, P.C. |
| | Somerset Place |
| and | 2301 W. Big Beaver Road, Suite 777 |
| | Troy, Michigan 48084 |
| Alfredo R. Pérez | Tel: (248) 649-1200 |
| WEIL, GOTSHAL & MANGES LLP | Fax: (248) 649-2920 |
| 700 Louisiana Street, Suite 1600 | E-mail:howard@jacobweingarten.com |
| Houston, TX 77002 | |
| Tel: (713) 546-5000 | and |
| Fax: (713) 224-9511 | |
| Email: alfredo.perez@weil.com | Vincent J. Marriott, III, Esquire |
| | Ballard Spahr LLP |
| *Attorneys for Financial Guaranty Insurance Company* | 1735 Market Street, 51st Floor |
| | Philadelphia, Pennsylvania 19103 |
| | Tel: (215) 864-8236 |
| | Fax: (215) 864-9762 |
| | E-mail:marriott@ballardspahr.com |
| | |
| | *Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.* |

/s/ James J.M. Sprayregen
James J.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60605
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Tel: (248) 646-5070
Fax: (248) 646-5075

*Attorneys for Syncora Capital Assurance Inc. and Syncora Guarantee Inc.*


/s/ Rick L. Frimmer
Rick L. Frimmer
J. Mark Fisher
Michael W. Ott
**SCHIFF HARDIN, LLP**
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5600
Facsimile: (312) 258-5600
E-mail: rfrimmer@schiffhardin.com
E-mail: mfisher@schiffhardin.com
E-mail: mott@schiffhardin.com

*Attorneys for FMS Wertmanagement AöR*

/s/ Kenneth E. Noble
Kenneth E. Noble
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Tel: 212/715-9393
E-mail: Kenneth.noble@kattenlaw.com

*Counsel for Deutsche Bank AG, London*


/s/ Heath D. Rosenblat
Kristin K. Going
Heath D. Rosenblat
Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

/s/ Deborah L Fish
Deborah L Fish
E-mail: dfish@allardfishpc.com
ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Tel.: (313) 309-3171

Thomas Moers Mayer
Jonathan M. Wagner
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9169
E-mail: tmayer@kramerlevin.com

*Counsel for Dexia Crédit Local and Dexia Holdings, Inc.*

## CERTIFICATE OF SERVICE

I, Matthew G. Summers, state that on April 1, 2014, I filed a copy of the foregoing Corrected Comment to Order to Show Cause with the Clerk of Court using the Court's ECF system and I hereby certify that the Court's ECF system has served all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ Matthew G. Summers
Matthew G. Summers
E-mail: summersm@ballardspahr.com