# **<u>EXHIBIT A</u>**

[CAPTION]

# DRAFT

### Order Regarding the Solicitation of Proposals to Serve as the Court's Expert Witness on the Issue of Feasibility

Under Fed. R. Evid. 706(a), the Court solicits proposals from any qualified person wishing to serve as an expert witness on the issue of the feasibility of the City's plan of adjustment under 11 U.S.C. § 943(b)(7).

1. Interested applicants may mail or deliver their proposals to United States Bankruptcy Court, Eastern District of Michigan, Intake Dept., 17th Floor, 211 West Fort St., Detroit, MI 48226. The proposals must be received by April ___, 2014.

2. The Court seeks to appoint an expert witness who:
   a. Has outstanding qualifications in municipal finance and budgeting to provide an opinion regarding (i) the feasibility of the City's plan of adjustment [, and (ii) whether other revenues, assets, transactions, financing or cost savings allow feasible modifications or alternatives to the plan of adjustment that would provide a greater, more prompt, and/or more certain recovery by creditors.] [after due consideration of the opinions, analysis, and data provided by the City and the creditors and other interested parties of the City].

   b. Has outstanding qualifications in municipal planning to provide an opinion regarding the reasonableness of the assumptions that underlie the City's cash flow forecasts and projections.

   c. Is able to give an opinion that is based on sufficient facts or data and that is the product of reliable principles and methods and the application of those principles and methods to the facts of the case.

   d. Is willing and able to exercise fair, unbiased and independent judgment in the assignment.

   e. Can prepare a report and provide testimony in deposition and at trial, both of which are concise and understandable in addressing the sophisticated and complex matters related to the feasibility of the plan of adjustment [, the feasibility of alternatives,] and to the reasonableness of the City's assumptions regarding its revenues, expenses and plan payments.

   f. Has the resources and ability to accomplish the assignment within the schedule adopted by the Court for the hearing on confirmation of the City's plan.

   g. Has no disqualifying connections or conflicts of interest.

   h. Has a demonstrable interest in and concern for the future of the City[, balanced with a due regard for the requirements of Chapter 9 of the Bankruptcy Code.]

   i. Is willing to forego any retention or engagement that might result in a conflict of interest in this case.

j. Is willing and able to comply with the requirements of 11 U.S.C. § 330 in seeking approval of fees.

3. If no single applicant possesses both of the qualifications described in paragraphs 2a and b above, the Court may consider appointing a separate expert witness for each qualification.

4. Each proposal shall contain the following:
   a. A disclosure of the applicant's qualifications as an expert witness on the feasibility issue in this case, including the applicant's education and training; experience (especially with municipal budgeting, forecasts and projections, as well as the assumptions that underlie them); professional licenses and certifications; professional association memberships and honors; professional speeches, lectures and presentations; and professional publications (and attaching the most pertinent publications).

   b. A disclosure of all prior retentions in which the applicant testified as an expert witness either in deposition or at a trial or hearing, including the title of the case, the court in which the case was pending, the attorney who retained the applicant and the subject matter of the testimony.

   c. A disclosure of all prior retentions by any governmental unit, including the identity of the governmental unit and the subject matter of the retention.

   d. A disclosure of all prior retentions by any party relating to that party's connections with a governmental unit, including the identity of the party, the governmental unit and the subject matter of the retention.

   e. A disclosure of all present or past connections with the City of Detroit and any of its creditors.

   f. A disclosure of the proposed staffing of the assignment by other members of the applicant's firm.

   g. A disclosure of the proposed fees to be charged and a proposed budget of fees and expenses.

   h. A statement disclosing why the applicant is interested in the appointment.

5. Interested parties are encouraged to share this solicitation with potentially interested and qualified applicants.

6. Before appointing the expert witness, the Court may interview applicants, with the assistance of designated counsel, on the record.

**[CAPTION]**

**DRAFT**

**Order Appointing Expert Witness**

1. Under Fed. R. Evid. 706(a), _____ is hereby appointed as an expert witness.

2. The expert shall investigate and reach a conclusion, after due consideration of the opinions, analysis, and data provided by the City and the creditors and other interested parties of the City, on (a) whether the City's plan is feasible as ~~required~~ by 11 U.S.C. § 943(b)(7); ~~and~~ (b) whether the assumptions that underlie the City's cash flow projections and forecasts regarding its revenues, expenses and plan payments are reasonable; and (c) whether other revenues, assets, transactions, financing or cost savings allow feasible modifications or alternatives to the plan of adjustment that would provide a greater, more prompt, and/or more certain recovery by creditors.

3. The City and its professionals shall fully and promptly cooperate with the expert witness.

4. The expert witness shall have no *ex parte* communications with the Court. Any request for assistance or guidance shall be stated in writing and submitted to the clerk of the court, who shall arrange for its filing on the docket. The Court will then promptly determine the appropriate process to address the matter.

5. By _____, 2014, the expert witness shall file a report stating the conclusions required by paragraph 2 above and explaining in full detail the grounds for those conclusions.

6. After filing the report required by paragraph 5 above, but before _____, 2014, the expert witness shall be available for a consolidated deposition by any interested parties.

7. Until the conclusion of the expert witness's responsibilities under this order, the expert witness shall not accept any retention or engagement that might result in a conflict of interest in this case.

8. The expert witness shall comply with 11 U.S.C. § 330 in applying for compensation and reimbursement of expenses.

9. The City shall pay the expert witness's compensation and expenses as approved by the Court.