UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor.<br>_____/ | Chapter 9<br>Case No. 13-53846<br>Hon. Steven W. Rhodes |

### Order Regarding the Solicitation of Applications to Serve as the Court's Expert Witness on the Issue of Feasibility

Under Fed. R. Evid. 706(a), the Court solicits applications from qualified persons to serve as an expert witness on the issue of the feasibility of the City's plan of adjustment as required for confirmation under 11 U.S.C. § 943(b)(7).

1. Interested applicants shall submit their applications in .pdf format by email to:

    expert_applications@mieb.uscourts.gov

2. Applications must be received by April 9, 2014.

3. The Court seeks to appoint an expert witness who:

    a. Has outstanding qualifications in municipal finance and budgeting to provide an opinion regarding the feasibility of the City's plan of adjustment.

    b. Has outstanding qualifications in municipal planning to provide an opinion regarding the reasonableness of the assumptions that underlie the City's cash flow forecasts and projections.

    c. Is able to give an opinion that is based on sufficient facts or data and that is the product of reliable principles and methods and the application of those principles and methods to the facts of the case.

    d. Is willing and able to exercise fair, unbiased and independent judgment in the assignment.

    e. Can prepare a report and provide testimony in deposition and at trial, both of which are concise and understandable in addressing the sophisticated and complex matters related to the feasibility of the plan of adjustment and to the reasonableness of the City's assumptions regarding its revenues, expenses and plan payments.

f.  Has the resources and ability to accomplish the assignment within the schedule adopted by the Court for the hearing on confirmation of the City's plan.

g.  Has no disqualifying connections or conflicts of interest with any party in interest.

h.  Is willing to forego any retention or engagement that might result in a conflict of interest in this case.

i.  Is willing and able to comply with the requirements of 11 U.S.C. § 330 in seeking approval of fees.

4. If no single applicant possesses the qualifications described in both paragraphs 3a and 3b above, the Court may consider appointing a separate expert witness for each qualification.

5. Each application shall contain the following:

a.  A disclosure of the applicant's qualifications as an expert witness on the feasibility issue in this case, including the applicant's education and training; experience (especially with municipal budgeting, forecasts and projections, as well as the assumptions that underlie them); professional licenses and certifications; professional association memberships and honors; professional speeches, lectures and presentations; and professional publications (and attaching the most pertinent publications).

b.  A disclosure of all prior retentions in which the applicant testified as an expert witness either in deposition or at a trial or hearing, including the title of the case, the court in which the case was pending, the attorney who retained the applicant and the subject matter of the testimony.

c.  A disclosure of all prior retentions of the applicant or the applicant's firm by any governmental unit, including the identity of the governmental unit and the subject matter of the retention.

d.  A disclosure of all prior retentions of the applicant or the applicant's firm where the retention related to the retaining party's connections with a governmental unit, including the identity of the person or entity, the governmental unit and the subject matter of the retention.

e.  A disclosure of all present or past connections of the applicant or the applicant's firm with the City of Detroit and any of its creditors or with other professionals representing them, or with the State of Michigan.

f.  A disclosure of the proposed staffing of the assignment by other members of the applicant's firm.

g.  A disclosure of the proposed fees to be charged and a proposed budget of fees and expenses.

      h. A statement disclosing why the applicant is interested in the appointment.

    6. Interested parties are encouraged to share this solicitation with potentially interested and qualified applicants. Interested parties shall not submit nominations of potential expert witnesses to the Court.

    7. By April 14, 2014, the Court will file a notice designating the applicants to be interviewed. Attached to that notice will be the applications of the applicants to be interviewed.

    8. The interviews will take place on April 18, 2014, in open court. At the request of an applicant, the interview may be conducted by video conference.

    9. The interviews will be conducted by the Court, one representative for the City, and representatives of other interested parties. The Court requests that by April 7, 2014, the creditor parties confer and submit to the Court a list of at least four attorneys representing a cross-section of creditor parties for the Court to consider selecting to participate in the interviews.

.

**Signed on April 02, 2014**

                                                              **/s/ Steven Rhodes**
                                                              **Steven Rhodes**
                                                              **United States Bankruptcy Judge**