UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

FILED
2014 APR -1 P 2: 12
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

In the matter of:

CITY OF DETROIT, MICHIGAN

_____Debtor\_\_\_\_/

Case No. 13-53846-swr
Chapter 9
Hon. STEVEN W. RHODES

### OBJECTION TO CITY OF DETROIT'S DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF ADJUSTMENT [DOCKET 2709]

FILED BY: <u>Constance M. Phillips; former General Manager</u>

_____ hereby states his/her/their OBJECTION TO:

<u>CITY OF DETROIT'S DISCLOSURE STATEMENT WITH RESPECT TO PLAN OF ADJUSTMENT [DOCKET 2709]</u>

for the following reasons.

1. <u>I / we am/are interested in the Bankruptcy of the City of Detroit because I am a recent Retiree from the Detroit Department of Human Services; now closed by City Administration, that was supported 100% with federal funds. * I retired in February, 2021. My mother did not sacrifice and struggle to send me to college for me to be poor!</u>

2. <u>I</u> / we <u>object to the above filing because: I did not retire to receive a projected 34% reduction in a Detroit pension. I did not get an education at the Master's degree level to now potentially live at a federal poverty guideline level. I did not retire with a health benefit package provision available to no longer have benefits provided. I did not retire, in my opinion, to be held hostage, now, for a year with a bankruptcy process which may impact my ability to live independently as a single female!</u>

3.
   **I have/ have not attached additional sheets to explain and establish my position.**

I hereby certify that the statements made herein are true and correct under penalty of perjury and contempt of Court under the laws of the United States of America.
Wherefore I/ we request the Court will deny the relief sought in said filing.

Name: \_\_\_\_\_Constance Mary (M.) Phillips
Signature: _____
Address: \_\_\_\_2720 E. Lafayette #103
Detroit, Michigan 48207
Email: \_\_\_\_\_cphillips25000@comcast.net

Dated: 3/31/2014

March 31, 2014

**CITY OF DETROIT**
**DISCLOSURE STATEMENT – OBJECTIONS**
**INFORMATION RE: FORM 2709**
**PROVIDED BY CONSTANCE M. PHILLIPS**
**DETROIT RETIREE (2/2012)**

Information for Objector:
Constance M. Phillips (City of Detroit -Pension # 169106)
Email: cphillips25000@comcast.net
2720 E. Lafayette # 103
Detroit, Michigan 48207


First and foremost I note objections to the information process regarding the dissemination of the Disclosure Statement for the City of Detroit which was filed on February 21, 2014 with the Federal Bankruptcy Court. Within the Disclosure Statement with Respect to the Plan of the Adjustment of Debts of the City of Detroit a timeline should have been devised whereby all debtors (City of Detroit Retirees and Active City Employees) were officially notified of the filing in writing. Assuming all persons in the community have access to computers is unwise! Knowledge of the content of this and other Bankruptcy filing is of paramount importance. *This document is key to each person's retirement survival! I am very glad that I reviewed both the Disclosure Statement and the Plan of Adjustment.*

I prepared comments for submission to the City of Detroit Attorneys and delivered those remarks on the requested due date, March 14, 2014. I also prepared a Proof of Claim document expressing my understanding that by completing City of Detroit Retirement Application Forms I am entitled to a Pension as earned. It was submitted on the due date, February 20, 2014.

Communication should have been available that allowed "debtors" noted above to receive a hard copy of this document via distribution at a Coleman A. Young Municipal Center location or at some other site within City limits. This request is noted and made for future reference as the bankruptcy process continues.
- Communicate via Public Service Announcements on television and radio.
- List all key documents on City of Detroit Web Sites with clear references and directions to seek information from the Emergency Manager's Office.
- Provide direct mailings to each debtor noted above about information availability through a website.

- Develop a method to distribute major changes to the currently proposed Disclosure Statement using a hard copy format.

Did anyone working on the legal teams check with any of the following community resources that can provide current statistics on longevity rates of older adults from both national and local perspectives. Wayne State University – Institute of Gerontology; the Area Agency on Aging Network, local major medical providers – hospitals, or the medical schools within the State of Michigan, etc.?

What happens to retirees after either the 10 or 20 years of a projected and limited reduced pension? <u>Retirees may live beyond either of the noted time projections! There are no recourses identified in the Disclosure Statement.</u>

The Disclosure Statement with Respect to the Plan of Adjustment of Debts of the City of Detroit also references on pages 30 and 31 of the 440 page document a time limit, i.e. reductions in the provisions of benefits to actual current retirees, and current employees. A time line of 20 years is noted. A Retiree could easily live beyond the given time line allotment of twenty years. At that point what are persons expected to use for income? This limit affects the actual retirees as well as their heirs in cases of the non-continuance of pension or death benefits. Once again, why was the twenty year time line determined and with what basis of fact?

ALL RETIREES WORKED WITH THE EXPECTATION THAT RETIREMENT-PENSION BENEFITS WOULD BE PROVIDED UNTIL DEATH AND WITH THE PROVISION FOR HEIRS TO BE RECIPIENTS OF BENEFITS, AFTER AN INDIVIDUAL RETIREE's DEATH. <u>(See the attached copies of these two pages; 30 & 31 of 440 pages).</u>

In conclusion, I did briefly review this document in its entirety and noted that the references to include the current leaders/unions in the negotiation process to determine settlements were omitted. To date, they have been integral parties to negotiation procedures but are now <u>negated</u>. Also, the Retiree Committee should not be eliminated discontinued or involved in any process of dissolution from all procedures as the "proposed" ten or twenty year time lines are identified for consideration. A pertinent voice for Retirees will continue to be needed.

BANKRUPTCY DISCLOSURE STATEMENT

*(SUPPORTING DOCUMENTATION*

*CITY OF DETROIT RETIREMENT FORMS)*

**COMPLETED AND EXECUTED FOR CONSTANCE M. PHILLIPS (2012)**

**SUBMITTED w/ CITY OF DETROIT**

**STATEMENT OF OBJECTIONS (FORM 2709)**

**SUBMISSION DATE: Tuesday, April 1, 2014**

# City of Detroit
## GENERAL RETIREMENT SYSTEM
## APPLICATION FOR SERVICE RETIREMENT

PENSION NUMBER: R-169106

SOCIAL SECURITY NUMBER: [redacted]

To the Board of Trustees, City of Detroit
General Retirement System:

I, **Constance Phillips**, a member of the Retirement System, hereby apply for service retirement in accordance with the provisions of the law and related rules and regulations.

**My date of birth is:** Month 5, Day 30, Year 1950

**I request my retirement to be effective:** Month 4, Day 10, Year 2012

**I desire my retirement allowance benefits sent to:**
No. 2720, Street E. Lafayette #103
City Detroit, State MI 48207

**My title on the payroll is:** General Manager
**Department employed in:** Human Services

In connection with my application for retirement on 4-10-2012, I request a refund of $ 100% from my Annuity Savings Fund.

I elect to receive my retirement allowance in the following form of payment:
(place one X in a square on each line; a total of two X's.)

[X] STANDARD
[ ] EQUATED Increased to Age ___ & Decreased Thereafter
If you selected this option please initial ___

[ ] REGULAR STRAIGHT LIFE Allowance
[ ] OPTION I Cash Refund Annuity
[X] OPTION 2 Joint and 100% Survivorship
[ ] OPTION 3 Joint and 50% Survivorship
[ ] OPTION A Joint and 75% Survivorship
[ ] OPTION B Joint and 25% Survivorship

(Write plan of retirement elected) **Option 2 - 100% Survivorship**

If option 2, 3, A or B elected, do you desire Pop-Up Plan Protection? Yes [ ] No [X]

*Signature of Member:* Constance M. Phillips

**I nominate as my beneficiary:** Gail L. Phillips

**Beneficiary's date of birth:** Month 6, Day 17, Year 1953

**Beneficiary's Address:**
No. ___ Street ___
City ___ State ___

**Beneficiary's place of birth:** Illinois
**Beneficiary's Soc. Sec. Number:** 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
**Beneficiary's relationship to me:** Sister
**Sex:** Female

PROOF OF BIRTH DATE OF BENEFICIARY REQUIRED IF OPTION 2, 3 A OR B, IS ELECTED

Dated at Detroit, Mich. this 15th day of March, 2012

*Signature of Witness:* Iesha Moon-Carter
*Signature of Retiring Member:* Constance M. Phillips

Any balance under Option 2, 3, A or B is to be paid to my ___ Relationship ___
___ date of birth ___
Name of Beneficiary
___ Dated ___
Signature of Witness ___ Signature of Member ___

C of D 9S-AP (10-96)

Name: Constance Phillips    SSN: [redacted]

# GENERAL RETIREMENT SYSTEM
# RETIREMENT APPLICATION CHECKLIST

Initial Selections

### 1. TYPE OF RETIREMENT

- [x] Service Retirement
- [ ] Duty Disability Retirement
- [ ] Widows Pension
- [ ] Early Retirement
- [ ] Non-Duty Disability
- [ ] Vested Pension-Current Annuity Balance
- [ ] Conversion
- [ ] Survivors Pension
- [ ] Vested Pension-Pension Retroactive to Eligibility Date

CMP

### 2. OPTION SELECTION

- [ ] Straight Life
- [ ] Option 1 (Cash Refund Annuity)
- [ ] Option A (75% Survivor)
- [ ] No option required
- [x] Option 2 (100% Survivor)
- [ ] Option B (25% Survivor)
- [ ] Option 3 (50% Survivor)

**I understand that with selection of Straight Life or Option 1 there will be no spousal health care benefits after retiree's death.**

CMP

### 3. UNUSED SICK PAY OPTION
- [x] YES  - [ ] NO

CMP

### 4. POP-UP SELECTION
- [ ] YES  - [x] NO

CMP

### 5. EQUATED SOCIAL SECURITY OPTION
- [ ] AGE 62  - [ ] AGE 65

I understand that my gross monthly pension will be reduced effective the first day of the month following my _____ birthday.

### 6. MATERNITY LEAVE (7-2-65 TO 9-19-72)
- [ ] YES  - [ ] NO

### 7. DEFINED CONTRIBUTION PLAN (Annuity Fund)

- [ ] No Withdrawal
- [ ] Partial Withdrawal
- [ ] Previously Withdrawn
- [x] Total Withdrawal
- [ ] Rollover-Form to be submitted

CMP

Annuity Withdrawal Forms and Interest Letter Received

~~Bonus Distribution Notice Reviewed~~

### 8. WITHHOLDING TAX

- [ ] No withholding
- [ ] Married    1    Exemptions
- [ ] Fixed amount $_____
- [ ] Single    _____ Exemptions

CMP

### STATE WITHHOLDING TAX

- [ ] 1. Not taxable
- [ ] 2. Before 1946
- [x] 3. Between 1946 and 1952
- [ ] 4. After 1952

CMP

### 9. DIRECT DEPOSIT
- [x] YES  - [ ] NO

CMP

# GENERAL RETIREMENT SYSTEM
# RETIREMENT APPLICATION CHECKLIST
(Page 2)

Initial Selections

**10. HOSPITALIZATION**   _____
- ☐ Declined/Not Entitled
- ☒ H.A.P.
- ☐ Blue Cross
- ☐ Blue Care Network
- ☐ Community Blue
- ☐ COBRA

**11. EYE CARE COVERAGE**   _____
- ☐ Declined/Not Entitled
- ☒ Heritage
- ☐ Spectera

**12. DENTAL COVERAGE**   _____
- ☐ Declined/Not Entitled
- ☐ Blue Cross
- ☐ Golden Dental
- ☒ DenCap

**13. DEATH BENEFIT**  ☒ YES  ☐ NO   _____

**14. GROUP LIFE INSURANCE (Disability Only)**  ☐ YES  ☐ NO   _____

**15. GROUP LIFE INSURANCE-WAIVER OF PREMIUM**  ☐ YES  ☐ NO   _____
(TOTAL & PERMANENT DISABILITY)

**16. PROOF OF BIRTH**
- **EMPLOYEE**  ☒ Supplied  ☐ To Be Supplied   _____
- **BENEFICIARY**  ☒ Supplied  ☐ To Be Supplied   _____

**17. MARRIAGE CERTIFICATE**
☐ Not married  ☐ Supplied  ☐ To Be Supplied   _____

**18. DIVORCE/EDRO**  ☐ YES  ☐ NO   _____

**19. BENEFICIARIES CONFIRMED**   ANNUITY / DEATH BENEFIT / LIFE INSURANCE   _____

**20. MILITARY SERVICE PURCHASED**  ☐ YES  ☐ NO
I acknowledge that any outstanding balance for the purchase of military service time must be paid in full before my retirement

******************************************************************************

**I HEREBY CERTIFY THE FOLLOWING:**

1. I have carefully read the above.
2. I understand the benefits and the options available.
3. I had the opportunity to ask questions.
4. I understand changes will not be allowed after I cash my first pension check or 180 days after my retirement date, **whichever comes first**.

✓ _Constance M. Phillips_     ✓ 3/15/2012     _Jatisha Keon-Carter_
SIGNATURE                      DATE            WITNESS

# CITY OF DETROIT
## Human Resources Department
## Employee Services

Date of Application: <u>1/26/12</u>

Name: <u>Constance Phillips</u>　　　　　　　　S.S.N ███

Title: <u>General Manager</u>　　　　Pension Number: <u>169106</u>

Department: <u>Human Services</u>

Last Day of Work: <u>2/17/12</u>

>Your benefit banks are as follow: <u>240</u> Current Vacation Time, <u>0.0</u>hrs Comp Time, <u>8.0</u> hrs Swing Holiday, and you will be prorated for <u>32.0</u> hrs of Vacation time.

Your last day on the payroll will be: <u>4/9/12</u>
Your effective date of retirement will be: <u>4/10/12</u>

Any change in the last date worked, or if fringe bank time is used outside of the calculations indicated above, could result in a delay in retirement processing. You must contact the Finance Department-Pension Bureau on 224-3362 for an appointment at least thirty (30) days prior to the projected retirement date. Additionally the employee must complete the "Unused Sick Leave Declaration Form" available from the Finance Department-Pension Bureau during the interview process. Failure to complete the "Unused Sick Leave Declaration Form" could result in a delay in retirement sick leave (RSL) payout.

I have reviewed all of the information indicated above and concur with the contents of this application:

_[signature]_　　　　　　　　　　　　_[signature]_
Employee Name-Print　　　　　　　　Employee Signature

_[signature]_　　　　　　　　　　　　Sr. Personnel and Payroll Clerk
Aisha Woods　　　　　　　　　　　　Title

C:　HRM/HRC
　　HR Payroll Manager
　　Pension Bureau
　　Payroll

13-53846-tjt　Doc 3663　Filed 04/01/14　Entered 04/03/14 09:40:59　Page 8 of 19

# HUMAN RESOURCES EMPLOYEE SERVICES
## GENERAL CITY
## PRE-RETIREMENT INFORMATION

DATE  1/26/2012

NAME  Phillips, Constance M  (last name) (first name) (middle initial)  SS# ~~[redacted]~~ (as it appears on issued social security card)

PHONE  (313) 887-1061 (work)  (313) 310-3820    (313) 393-3271 (home)

DEPARTMENT  Human Services (City of Detroit)

Last-Day-Worked: (2/17/2012)

Amount of time you will use prior to your Last Day Worked:

DIVISION  1151 Taylor (work location)

Vac. Hrs/Days: ( 1 )

SUPERVISOR NAME  Ursula Holland (immediate)

Swing Holiday Hrs/Days: ( 0 )

CLASSIFICATION  General Clerk (job title)

C-Time Hrs ( 0 )

AGY#_____    PU#_____

### YOUR RETIREMENT TYPE IS:

____ Service Retirement - 30-Yrs. or More

✓ Service Retirement -10-Yrs. & at least 60-Yrs of Age

____ Service Retirement - 8-Yrs. & 65-Yrs. Of Age

____ Early/Reduced Service Retirement – 25-Yrs. To 29-Yrs.

### IMPORTANT NOTES:

#1. Please be aware that any deviation from the information provided here, such as changing your last-day-worked, or an increase / decrease in usage of fringe bank time you have indicated above could result in a delay in your retirement processing.

#2. HR- Payroll will contact you within five (5) days prior to your LDW, to pick up your Letter of Intent to Retire:

**Your Payroll Clerk will contact you with-in 48 hours to acknowledge the receipt of this form**

EMPLOYEE SIGNATURE  Constance M. Phillips    DATE 1/26/2012

PAYROLL SUPERVISOR_____    PHONE #_____

GW
Revised 1/3/08

**BANKRUPTCY DISCLOSURE STATEMENT**

*(SUPPORTING DOCUMENTATION*

*EXTRACTED PAGES FROM THE DISCLOSURE STATEMENT*

*FILED BY THE CITY OF DETROIT*

*February 21, 2014)*

**PROVIDED BY CONSTANCE M. PHILLIPS**

**DISCLOSURE STATEMENT OBJECTIONS ( FORM 2709)**

# SIGNATORY PAGE

Letter to Attorney Jonathan S. Green (MI. P33140)
c/o Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226

**Re: March 14, 2014**
**Bankruptcy – City of Detroit**
**Advice to Counsel for the City of Detroit to Request**
**Additional Information in the Disclosure Statement**

Submitted by: *[signature]*

Constance M. Phillips, City of Detroit Retiree

Recipient Signature: *[signature]*

Date: March 14, 2014

March 14, 2014

Attorney Jonathan S. Green (MI. P33140)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226

Attorney Green:

First and foremost I note objections to the information process regarding the dissemination of the Plan of Adjustment and the Disclosure Statement for the City of Detroit which were both filed on February 21, 2014 with the Federal Bankruptcy Court. Within the Disclosure Statement with Respect to the Plan of the Adjustment of Debts of the City of Detroit a timeline should have been devised whereby all debtors (City of Detroit Retirees and Active City Employees) were officially notified of the filing of the two documents. *These documents are key to each person's survival!*

Communication should have been available that allowed "debtors" noted above to receive a hard copy of each document via distribution at a Coleman A. Young Municipal Center location or at some other site within City limits. This request is noted and made for future reference as the bankruptcy process continues.
- Communicate via Public Service Announcements on television and radio.
- List all key documents on City of Detroit Web Sites with clear references and directions to seek information from the Emergency Manager's Office.
- Provide direct mailings to each debtor noted above about information availability through a website.
- Develop a method to distribute major changes to the currently proposed plan in a hard copy format.

Secondly, within the 120 page Plan of Adjustment which I have initially reviewed; please provide information as to why on page 40 of 120 pages timeline limits for the receipt of pension benefits are identified. Section H – No changes in Terms for Ten Years and Section I – Plan GRS Settlement reference is made to acceptance of a settlement that limits the provision of benefits for 20 years. Why were these time frames selected? What factual basis was used to select either or both the 10 or 20 year timeline? This information should be included in the "Plan". (See the attached copy of page 40 of 120 pages.)

Bankruptcy Letter – City Attorneys (3/14/2014)
Prepared by Constance M. Phillips – Eight Page Document with Attachments Included

13-53846-tjt   Doc 3663   Filed 04/01/14   Entered 04/03/14 09:40:59   Page 12 of 19

Did anyone working on the legal teams check with any of the following community resources that may give directions on longevity rates of current older adults: Wayne State University – Institute of Gerontology; the Area Agency on Aging Network, local major medical providers – hospitals, or the medical schools within the State of Michigan, etc.?

What happens to retirees after either the 10 or 20 years of a projected and limited reduced pension? <u>Retirees may live beyond either of the noted time projections! There are no recourses identified!</u>

The Disclosure Statement with Respect to the Plan of Adjustment of Debts of the City of Detroit also references on pages 30 and 31 of the 440 page document a time limit, i.e. reductions in the provisions of benefits to actual current retirees, and current employees. A time line of 20 years is noted. This limit affects the actual retirees as well as their heirs in cases of the non-continuance of pension or death benefits. Once again, why was the twenty year time line determined and with what basis of fact?

ALL RETIREES WORKED WITH THE EXPECTATION THAT RETIREMENT-PENSION BENEFITS WOULD BE PROVIDED UNTIL DEATH AND WITH THE PROVISION FOR HEIRS TO BE RECIPIENTS OF BENEFITS, AFTER THE INDIVIDUAL RETIREE's DEATH.
<u>(See the attached copies of these two pages; 30 & 31 of 440 pages).</u>

In conclusion, I did briefly review both documents in their entirety and noted that the references to include the current leaders/unions in the negotiation process to determine settlements were omitted. To date, they have been integral parties to negotiation procedures but are now <u>negated</u>. Also, the Retiree Committee should not be eliminated discontinued or involved in any process of dissolution from all procedures as the "proposed" ten or twenty year time lines are identified for consideration.

Sincerely,

*Constance M. Phillips*

Constance M. Phillips (City of Detroit -Pension # 169106)
Email: cphillips25000@comcast.net
2720 E. Lafayette # 103
Detroit, Michigan 48207

Bankruptcy Letter – City Attorneys (3/14/2014)
Prepared by Constance M. Phillips – Eight Page Document with Attachments Included

13-53846-tjt    Doc 3663    Filed 04/01/14    Entered 04/03/14 09:40:59    Page 13 of 19

THIS DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT. THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN. ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT. THIS DISCLOSURE STATEMENT MAY BE REVISED TO REFLECT EVENTS THAT OCCUR AFTER THE DATE HEREOF BUT PRIOR TO THE BANKRUPTCY COURT'S APPROVAL OF THE DISCLOSURE STATEMENT.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
:
In re                                    :   Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,                :   Case No. 13-53846
                                         :
                        Debtor.           :   Hon. Steven W. Rhodes
                                         :
---------------------------------------------------------------x

## DISCLOSURE STATEMENT WITH RESPECT TO
## PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

| | | |
|---|---|---|
| DAVID G. HEIMAN | BRUCE BENNETT | JONATHAN S. GREEN |
| HEATHER LENNOX | JONES DAY | STEPHEN S. LAPLANTE |
| THOMAS A. WILSON | 555 South Flower Street | MILLER, CANFIELD, |
| JONES DAY | Fiftieth Floor |    PADDOCK AND STONE, P.L.C. |
| North Point | Los Angeles, California 90071 | 150 West Jefferson |
| 901 Lakeside Avenue | Telephone: (213) 243-2382 | Suite 2500 |
| Cleveland, Ohio 44114 | Facsimile: (213) 243-2539 | Detroit, Michigan 48226 |
| Telephone: (216) 586-3939 | bbennett@jonesday.com | Telephone: (313) 963-6420 |
| Facsimile: (216) 579-0212 | | Facsimile: (313) 496-7500 |
| dgheiman@jonesday.com | | green@millercanfield.com |
| hlennox@jonesday.com | | laplante@millercanfield.com |
| tawilson@jonesday.com | | |

ATTORNEYS FOR THE DEBTOR

TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. INTRODUCTION | | | 1 |
| | A. | Parties Entitled to Vote on the Plan | 1 |
| | B. | Solicitation Package | 2 |
| | C. | Voting Procedures, Ballots and Voting Deadline | 3 |
| | D. | Plan Supplement Documents | 3 |
| | E. | Confirmation Hearing and Deadline for Objections to Confirmation | 3 |
| II. SUMMARY OF CLASSIFICATION AND TREATMENT OF CLAIMS UNDER THE PLAN | | | 4 |
| | A. | Overview | 4 |
| | | 1. Introduction to the Plan | 4 |
| | | 2. Special Information Regarding Pension Claims | 4 |
| | B. | Classification and Treatment of Claims Under the Plan | 9 |
| III. EVENTS PRECEDING THE CITY'S CHAPTER 9 CASE | | | 19 |
| | A. | Background | 19 |
| | | 1. General Information | 19 |
| | | 2. Municipal Services | 20 |
| | | 3. City Funds | 20 |
| | | 4. Sources of General Fund Revenue | 23 |
| | | 5. Assets | 26 |
| | B. | Outstanding Financial Obligations of the City as of the Petition Date | 28 |
| | | 1. Obligations Secured by Special Revenues | 28 |
| | | 2. Long-Term General Fund Obligations | 29 |
| | | 3. Certificates of Participation | 30 |
| | | 4. Swap Liabilities | 31 |
| | | 5. Pension Obligations | 32 |
| | | 6. Other Post-Employment Benefit Obligations | 35 |
| | | 7. Other Liabilities | 37 |
| | C. | The City's Steady Operational and Financial Decline | 38 |
| | | 1. Declines in Population and the City's Manufacturing Base | 38 |
| | | 2. Declining Revenues | 39 |
| | | 3. Eroding Tax Base | 41 |
| | | 4. High Labor Costs/Restrictive Employment Terms | 43 |
| | | 5. Growing Budget Deficits | 44 |
| | | 6. Declining Credit Ratings | 44 |
| | | 7. Inadequate Municipal Services | 44 |
| | | 8. Obsolete Information Technology | 51 |

| Description and Amount of Claims | Treatment |
|---|---|
| **Class 10 - PFRS Claims** (continued) | On or as soon as practicable following the Effective Date, the City will establish the Detroit VEBA to provide health care, life and other legally authorized welfare benefits to Detroit VEBA Beneficiaries and certain of their dependents and future City retirees. The Detroit VEBA will be governed by a board of trustees that will be responsible for, among other things, management of property held by the Detroit VEBA, administration of the Detroit VEBA and determination of the level of and distribution of benefits to Detroit VEBA Beneficiaries. The Detroit VEBA Trust Agreement and related plan documentation will be substantially in the form set forth on Exhibit I.A.62 to the Plan, which shall, among other things, identify the members of the Detroit VEBA's initial board of trustees. Promptly after the Detroit VEBA is established, the City shall (1) distribute the OPEB Claims Note to the Detroit VEBA and (2) direct the trustees of the Employee Death Benefit Plan to terminate that plan and transfer all assets (net of expenses of termination) to the Detroit VEBA. The City shall have no responsibility following the Effective Date to provide life insurance or death benefits to retirees. Holders of PFRS Claims that also hold OPEB Claims shall be Detroit VEBA Beneficiaries.<br><br>Estimated Percentage Recovery: 20.8-29.8% |
| **Class 11 – GRS Claims:** Consists of: (1) all GRS Pension Claims and (2) all OPEB Claims held by Holders of GRS Pension Claims.<br><br>GRS Pension Claims means any Claims (other than OPEB Claims), whether asserted by current or former employees of the City, their heirs or beneficiaries or by the GRS or any trustee thereof or any other Entity acting on the GRS's behalf, against the City or any fund managed by the City (including, but not limited to, the General Fund, the water fund, the sewage disposal fund, the Detroit General Retirement System Service Corporation fund or the pension funds) based upon, arising under or related to any agreement, commitment or other obligation, whether evidenced by contract, agreement, rule, regulation, ordinance, statute or law for (1) any pension, disability or other post retirement payment or distribution to be made by the GRS in respect of the employment of current or former employees or (2) the payment by the GRS to persons who at any time participated in, were beneficiaries of or accrued post-retirement pension or financial benefits under the GRS. | Impaired. During the Fiscal Years from the Effective Date through the Fiscal Year ending June 30, 2023, annual contributions shall be made to the GRS only in the amounts identified on Exhibit II.B.3.u.ii.A to the Plan. The exclusive sources for such contributions shall be pension-related payments received by the City from the DWSD equal to approximately $675,000,000, and proceeds received from the DIA Funding Parties in the amount of approximately $50,000,000. After June 30, 2023, (1) approximately $195,000,000 of proceeds contributed by the DIA Funding Parties in connection with the DIA Settlement shall be contributed to the GRS and (2) the City will contribute such additional funds as are necessary to pay each Holder of a GRS Pension Claim his or her GRS Adjusted Pension Amount in accordance with and as modified by the terms and conditions contained in the Plan and the Plan GRS Settlement.<br><br>During the period that ends on June 30, 2023, the board of trustees of the GRS, or the trustees of any successor trust or pension plan, shall adopt and maintain an investment return assumption and discount rate for purposes of determining the assets and liabilities of the GRS that shall not be higher than 6.25%.<br><br>During the period that ends no earlier than June 30, 2023, the pension benefits payable to each Holder of a GRS Pension Claim shall be equal to the GRS Adjusted Pension Amount for such Holder, provided that such GRS Adjusted Pension Amount shall be (1) automatically reduced by the DIA Proceeds Default Amount in the event of a DIA Proceeds Payment Default and (2) increased by (a) the Plan GRS Settlement (as set forth in Section II.B.3.u.ii.I of the Plan) and (b) any GRS Restoration Payment.<br><br>Excess Allocations to Annuity Savings Fund Accounts during the period beginning January 1, 1999 and ending December 31, 2012 may be applied to reduce (1) Annuity Savings Fund Accounts of Active Employees who participate in the GRS and (2) the Current Accrued Annual Pension of former participants in the Annuity Savings Fund Account now receiving monthly pensions, in accordance with the formulae set forth on Exhibit II.B.3.u.ii.D to the Plan. In the event of any such reduction, a Holder's GRS Adjusted Pension Amount shall be increased to take into account such Annuity Savings Fund Account restitution reduction.<br><br>Each Holder of a GRS Pension Claim who is an Active Employee shall receive, in addition to his or her GRS Adjusted Pension Amount, as may be modified herein, such additional pension benefit for service on or after July 1, 2014 consistent with the terms and conditions of the GRS Hybrid Pension Formula.<br><br>[CONTINUED ON FOLLOWING PAGE] |

| Description and Amount of Claims | Treatment |
|---|---|
| **Class 11 – GRS Claims** (continued)<br><br>OPEB Claims means any Claim against the City for post-retirement health, life and death benefits provided to: (1) retired employees of the City and their dependents pursuant to the Employee Health and Life Insurance Benefit Plan and the Employee Supplemental Death Benefit Plan; and (2) the plaintiffs in the action captioned *Weiler et. al. v. City of Detroit*, Case No. 06-619737-CK (Wayne County Circuit Court), pursuant to the "Consent Judgment and Order of Dismissal" entered in that action on August 26, 2009.<br><br>Estimated Aggregate Allowed Amount: $3,790,100,000 | The composition of the board of trustees of the GRS and the manner in which it is operated and administered shall be consistent with such governance provisions as are (1) required by the DIA Settlement Documents and the Plan GRS Settlement and (2) acceptable to the State and the DIA Funding Parties.<br><br>If the City consummates a DWSD Transaction on or prior to the Effective Date, the GLWA will assume the pension liability associated with DWSD employees and retirees as accrued through the closing date of a DWSD Transaction. A pro rata share of the existing GRS assets and liabilities will be transferred to a successor pension fund managed by the GLWA. The successor pension plan will be closed to new GLWA employees and benefit levels frozen.<br><br>The Confirmation Order shall include an injunction against the subsequent amendment of the terms and conditions, and rules of operation, of the GRS, or any successor plan or trust, that govern the calculation of pension benefits (including the GRS Adjusted Pension Amount, accrual of additional benefits, the DIA Proceeds Default Amount, GRS Restoration Payment and the GRS Hybrid Pension Formula and terms of the hybrid arrangement) or against any action that governs the selection of the investment return assumption described in Section II.B.3.u.ii.B of the Plan, the contribution to the GRS, or the calculation or amount of GRS pension benefits for the period ending June 30, 2023, notwithstanding whether that subsequent amendment or act is created or undertaken by contract, agreement (including collective bargaining agreement), statute, rule, regulation, ordinance, charter, resolution or otherwise by operation of law.<br><br>If Classes 10 and 11 accept the Plan, Holders of GRS Pension Claims who accept the Plan will have the option to enter into a settlement with the City and the State by electing to participate in the Plan GRS Settlement on a timely-returned Ballot accepting the Plan. The Plan GRS Settlement shall include the following principal terms: (1) the State will deposit the State GRS Consideration into the GRS in equal annual installments over a period of 20 years, (2) each Electing GRS Holder shall be entitled to the GRS Settlement Benefit Amount in addition to such Holder's GRS Adjusted Pension Amount and (3) each Electing GRS Holder will release the City and its Related Entities and the State and the State Related Entities from all GRS Pension Claims, as more particularly described in the Plan GRS Settlement Documents.<br><br>Holders of GRS Claims that also hold OPEB Claims shall be Detroit VEBA Beneficiaries of the Detroit VEBA.<br><br>Estimated Percentage Recovery: 27.5-33.3% |
| **Class 12 - Downtown Development Authority Claims**: Consists of all Claims in respect of the Downtown Development Authority Loans.<br><br>Estimated Aggregate Allowed Amount: $33,600,000 | Impaired. Unless such Holder agrees to a different treatment of such Claim, each Holder of an Allowed Downtown Development Authority Claim, in full satisfaction of such Allowed Claim, shall receive, on or as soon as reasonably practicable after the Effective Date, Unsecured Pro Rata Shares of (1) New B Notes and (2) New C Notes.<br><br>Estimated Percentage Recovery: 20% |

THE BANKRUPTCY COURT HAS NOT APPROVED THE PROPOSED DISCLOSURE STATEMENT TO ACCOMPANY THIS PLAN. THE DISTRIBUTION OF THIS PLAN AND THE DISCLOSURE STATEMENT IS NOT INTENDED TO BE, AND SHOULD NOT BE CONSTRUED AS, A SOLICITATION OF VOTES ON THIS PLAN. THE CITY OF DETROIT, MICHIGAN RESERVES THE RIGHT TO MODIFY, AMEND, SUPPLEMENT, RESTATE OR WITHDRAW THIS PLAN, THE DISCLOSURE STATEMENT AND ALL ANCILLARY DOCUMENTS AT ANY TIME.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

---------------------------------------------------------- x
:
In re                                                      :     Chapter 9
:
CITY OF DETROIT, MICHIGAN,                                 :     Case No. 13-53846
:
Debtor.                                                    :     Hon. Steven W. Rhodes
:
:
:
---------------------------------------------------------- x

---

**PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**
(February 21, 2014)

---

DAVID G. HEIMAN
HEATHER LENNOX
THOMAS A. WILSON
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

BRUCE BENNETT
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
bbennett@jonesday.com

JONATHAN S. GREEN
STEPHEN S. LAPLANTE
MILLER, CANFIELD,
    PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE DEBTOR

pension fund managed by the GLWA. The successor pension plan will be closed to new GLWA employees and benefit levels frozen.

### H. No Changes in Terms for Ten Years.

The Confirmation Order shall include an injunction against the subsequent amendment of the terms and conditions, and rules of operation, of the GRS, or any successor plan or trust, that govern the calculation of pension benefits (including the GRS Adjusted Pension Amount, accrual of additional benefits, the DIA Proceeds Default Amount, GRS Restoration Payment and the GRS Hybrid Pension Formula and terms of the hybrid arrangement) or against any action that governs the selection of the investment return assumption described in Section II.B.3.u.ii.B, the contribution to the GRS, or the calculation or amount of GRS pension benefits for the period ending June 30, 2023, notwithstanding whether that subsequent amendment or act is created or undertaken by contract, agreement (including collective bargaining agreement), statute, rule, regulation, ordinance, charter, resolution or otherwise by operation of law.

### I. Plan GRS Settlement

If Classes 10 and 11 accept the Plan, Holders of GRS Pension Claims who accept the Plan will have the option to enter into a settlement with the City and the State by electing to participate in the Plan GRS Settlement on a timely-returned Ballot accepting the Plan. The Plan GRS Settlement shall include the following principal terms: (1) the State will deposit the State GRS Consideration into the GRS in equal annual installments over a period of 20 years, (2) each Electing GRS Holder shall be entitled to the GRS Settlement Benefit Amount in addition to such Holder's GRS Adjusted Pension Amount and (3) each Electing GRS Holder will release the City and its Related Entities and the State and the State Related Entities from all GRS Pension Claims, as more particularly described in the Plan GRS Settlement Documents.

### J. GRS Claim Holders with OPEB Claims.

Holders of GRS Claims that also hold OPEB Claims shall be Detroit VEBA Beneficiaries of the Detroit VEBA.

### v. Class 12 – Downtown Development Authority Claims.

#### i. Allowance.

On the Effective Date, the Downtown Development Authority Claims shall be deemed Allowed in the amount of $33,600,000.

#### ii. Treatment.

Unless such Holder agrees to a different treatment of such Claim, each Holder of an Allowed Downtown Development Authority Claim, in full satisfaction of such Allowed Claim, shall receive, on or as soon as reasonably practicable after the Effective Date, Unsecured Pro Rata Shares of (A) New B Notes and (B) New C Notes.

### w. Class 13 – Other Unsecured Claims.

#### i. Treatment.

Unless such Holder agrees to a different treatment of such Claim, each Holder of an Allowed Other Unsecured Claim, in full satisfaction of such Allowed Claim, shall receive, on or as soon as reasonably practicable after the Effective Date, Unsecured Pro Rata Shares of (A) New B Notes and (B) New C Notes.