431 Wiltshire Lane
Lakewood, Illinois 60014
March 27, 2014

Judge Steven W. Rhodes
U.S. Bankruptcy Court for the Eastern District of Michigan
211 W. Fort St., Suite 1800
Detroit, Michigan 48226

Re: Detroit Bankruptcy

Dear Judge Rhodes:

I was in the municipal finance business for more than 35 years, and in 1994 I was involved in the Orange County bankruptcy as an employee of one of its creditors, so I have first hand experience with Bruce Bennett.

Bruce was always the smartest lawyer in the room; I wish he had worked for our side. But Bruce was, is, and always will be a corporate bankruptcy attorney, not a municipal bankruptcy attorney.

By this I mean Bruce has no understanding that, unlike corporate bankruptcy, Chapter 9 exists to serve a public policy purpose. But someone should recognize the public policy element of Chapter 9, and I think that someone is you -- I have no faith in the corporate bankruptcy attorneys representing the creditors.

If Bruce Bennett can find a technicality that permits a corporate client of his to void or adjust debt, he is doing his job. But to seek to use technicalities to permit a municipality to void debt that it has the ability to pay is wrong. It violates the purpose of municipalities, it violates the purpose of Chapter 9, it violates black letter law, and it violates all precedent (and, sadly, I have had much first hand experience with Chapter 9 precedent besides Orange County).

I am not speaking of the limited tax general obligation bonds. Those bonds are secured solely by the revenues of Detroit's General Fund, and the City obviously cannot pay all of the debts payable from that fund and provide a basic level of fundamental governmental services. Those bondholders will take a haircut, and that is proper. It's the risk they took when they agreed to be repaid solely from a fund with a limited property tax rate.

But Bennett seeks to lump the unlimited tax general obligation bonds in with the limited tax general obligation bonds as one class, and to subject them to the same treatment. This is fundamentally inequitable, and I choose both of those words "fundamentally" and "inequitable" with great care.

The unlimited tax bonds are paid from a separate, dedicated tax levy, available under state law only for the repayment of debt. If the unlimited tax bonds are crammed, one party -- the bondholders -- will be damaged while the other party -- the City -- will not receive one dime more in operating revenue for governmental services, and that is inequitable. The purpose of Chapter 9 is to provide equitable relief to a municipality in distress so that it can continue to provide a basic level of municipal services. We do not allow municipalities to capriciously file for Chapter 9 relief, and we should not allow those that are permitted to file to capriciously receive relief from debts they can pay, but only to receive relief to the extent it increases revenues needed for necessary public services.

In short, your honor, your court is not only a court of law, it is first and foremost a court of equity. The judgments you make with regard to this case are all about public policy, about what kind of special treatment the City should receive -- and offer -- specifically because it is a city. It is not a corporate bankruptcy case.

Sincerely yours,

*Steve Willson*

Stephen Willson