| | |
|---|---|
| In re<br><br>City of Detroit<br>　　　　　　　　　　Debtor,<br>　　　　　　　　　　　. | Chapter 9<br><br>Case No. 13-53846<br><br>Judge Steven W.<br><br>Rhodes<br><br>Objection to Amended Plan for the Adjustment of Debts by Creditor, Ben McKenzie, Jr. |

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
Attorneys for the City of Detroit
North Point
90I Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
Attorney for the City of Detroit
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
bbennett@jonesday.com

Jonathan S. Green (MI P33140) Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P. L.C.
Attorneys for the City of Detroit
150 West Jefferson
Suite 2500

Donnelly W. Hadden (P- 14507)
Donnelly W. Hadden, P.C.
Attorney for Creditor, Ben McKenzie, Jr.
2002 Bancroft
Ann Arbor, Michigan 48108
Telephone: 734-213-7002
dwhadden@umich.edu

Ellen Dennis (P-24400)
Law Office of Ellen Dennis
Attorney for Creditor, Ben McKenzie, Jr.
101 S. Ann Arbor St., Ste. 203A
Saline, Michigan 48176
Telephone: 734 944-5819
m.ellen.dennis@gmail.com

Detroit, Michigan  48226
Telephone:  (313) 963-6420
green@millercanfield.com
laplante@millercanfield.com

OBJECTION TO AMENDED PLAN FOR THE ADJUSTMENT
OF DEBTS, by CREDITOR, BEN McKENZIE, JR. and
MEMORANDUM OF LAW

Ben McKenzie, Jr., on behalf of himself and all others similarly situated, by his attorneys OBJECTS to the Amended Plan for the Adjustment of Debts filed by the debtor (Doc 3380) because it does not provide for paying pre-petition claims relating to the operation of motor vehicles for which the city is self-insured. There is a fund of $15,200,000.00 being held in escrow by the State of Michigan Department of Treasury for the purpose of securing payment of such claims. See, Memorandum of Understanding dated June 4, 2013, copy attached as Exhibit 1 to this Objection and to Mr. McKenzie's Objection to Amended Disclosure Statement (Doc No 3846).

1.  Ben McKenzie, Jr. has standing to make this objection because he is the holder of two pre- petition claims. He was a pedestrian struck by a bus on January 7, 2010. His claims are:

● No. 578, filed Jan 21, 2014, a claim for unpaid No-Fault Personal Protection Benefits ("PIP" claim) *q.v.*, and

● No. 579, filed Jan 21, 2014, a claim for residual liability non-economic damages ("NI" claim) *q.v.*

His actions against the debtor are stayed by the Automatic Stay Order issued in this case on August 6, 2013, copy attached, Exhibit 2.

2.   This court, in Docket No. 2302, Alternative Dispute Resolution Procedures, recognizes *inter. alia* "(3) claims, to the extent not satisfied in the ordinary course, relating to the operation

of motor vehicles for which the city is self-insured, pursuant to MCL §500.3101 *et seq.*" Mr. McKenzie's claims have not been satisfied.

3. On May 2, 2013 debtor's Application for a Certificate of Self-Insurance was submitted but the city did not qualify because it could not meet the net worth requirement. See Exhibit 4.

4. The Department of Treasury agreed with the Department of Insurance and Financial Affairs to put $15.2 million in escrow to pay claims and judgments stemming from the city's obligations under the No-Fault law which it could not pay. In exchange, the latter department issued a Certificate of Self-Insurance to the city, valid until June 9, 2014, Certificate No. 695, copy attached, Exhibit 3.

5. On July 18, 2013, the city filed this bankruptcy case and became unable to pay these pre-petition claims in the ordinary course of business.

6. This $15.2 million is escrowed exclusively for the payment of claims related to the operation of motor vehicles. It is not available to other creditors.

7. In Schedule G "Litigation and Other Claims" (Doc 258-1) the debtor does not distinguish whether, which or how many of those pre-petition claims are related to the operation of motor vehicles for which the city is self-insured.

8. It is probable that there are several such claims included in that mix. Those are entitled to discrete treatment and payment from the escrow funds.

9. The Amended Plan (redlined version, Doc. 3384 at page 66) provides for payment of Workers' Compensation Claims for which the city is self-insured, but makes no provision for payment of claims related to the operation of motor vehicles for which the city is self-insured and with respect to which there is an escrow for payment.

# MEMORANDUM OF LAW

MCL 500.3101 mandates that the owner or registrant of a motor vehicle required to be registered in Michigan shall maintain "...**security** for the payment of benefits under personal injury protection (PIP), property protection insurance (PPI) and residual liability insurance." (Emphasis supplied) Security may be provided by purchasing automobile insurance per MCL 500.2101 -or- by qualifying as a "self-insured" fleet owner of more than 25 vehicles under MCL 500.3101d. Debtor had, as of May 2, 2013, 3,351 vehicles. Exhibit. 4, attached.

In addition to having more than 25 vehicles the rules require that a fleet owner must prove itself to possess a net worth of more than $5 million, Michigan Administrative Code, R.257.538. On May 9, 2013 the debtor did not meet the net worth criteria. The Department of Insurance and Industry Services was required to deny a self-insurance certificate to the city. Also, R.257.538(2)(d) provides that a Certificate of Self-Insurance can be cancelled if the owner/registrant files a petition in bankruptcy or is declared bankrupt by a federal court. As of May 2, 2013 the city's net worth was a negative $371,973,905. [Exhibit. 4] The city was not qualified to be self-insured, not entitled to a self-insured certificate and its application should have been denied.

Instead, the Director issued a Certificate of Self-Insurance to the debtor, valid until June 9, 2014, upon consideration of $15.2 million being placed in an escrow account, with the state Treasury Department as security for the payment of benefits. There is no likelihood the bankrupt debtor will be able to satisfy those claims. These funds are available only to those creditors holding pre-petition PIP, PPI and residual liability claims and ought to be distributed to such creditors from the escrowed money, freeing an equal amount of other assets to satisfy other creditors.

Because these funds are limited in purpose by law and set aside solely for maintaining security for the payment of a class of creditors who hold claims arising out of the operation of debtor's vehicles, they should be listed as secured creditors to the extent of the escrow.

WHEREFORE objector requests that the Amended Plan for the Adjustment of Debts (Doc. 3380) be amended to provide as follows:

A.   Compel debtor and Kurtzman Carson Consultants LLC to break out and list a separate class of claimants: those who hold claims related to the operation of motor vehicles, with three sub-classes; (1) Personal Injury Protection (PIP) cases (2) Property Protection Insurance (PPI) cases and (3) residual liability (NI) cases.

B.    Compel these claims be sorted out and separated from other tort or contractual claims and process compensation for them out of the $15.2 million dollar fund.

C.   Treat holders of these claims as secured creditors to the extent of an aggregate $15,200,000.00 until the escrow fund is exhausted.

>Respectfully submitted;
>
>/s/ Ellen Dennis         (P24400)
>LAW OFFICE OF ELLEN DENNIS
>Attorney for Creditor, Ben McKenzie, Jr.
>101 S. Ann Arbor St., Suite 203A
>Saline, MI 48176
>(734) 944-5819
>m.ellen.dennis@gmail.com
>
>DONNELLY W. HADDEN, P.C.
>By: /s/ Donnelly W. Hadden    (P14507)
>Donnelly W. Hadden
>Co-counsel for Creditor, Ben McKenzie, Jr.
>2002 Bancroft Drive
>Ann Arbor, MI 48108-9307
>(734) 213-7002
>dwhadden@umich.edu

April 7, 2014

Certificate of Service

I hereby certify that on April 7, 2014, I electronically filed the foregoing paper with the Clerk of the Bankruptcy Court using the ECF system which will send notification of such filing to the following:

    David G. Heiman (OH 0038271)
    Heather Lennox (OH 0059649)
    JONES DAY
    Attorneys for the City of Detroit
    North Point
    90I Lakeside Avenue
    Cleveland, Ohio 44114
    Telephone: (216) 586-3939
    dgheiman@jonesday.com
    hlennox@jonesday.com

    Bruce Bennett (CA 105430)
    JONES DAY
    Attorney for the City of Detroit
    555 South Flower Street
    Fiftieth Floor
    Los Angeles, California 90071
    Telephone: (213) 243-2382 bbennett@jonesday.com

    Jonathan S. Green (MI P33140)
    Stephen S. LaPlante (MI P48063)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    Attorneys for the City of Detroit
    150 West Jefferson
    Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    green@millercanfield.com  laplante@millercanfield.com

    /s/Ellen Dennis
    Attorney for Creditor,
    Ben Mckenzie, Jr.
    101 S. Ann Arbor St., Ste. 203A
    Saline, MI 48176
    Telephone: 734-944-5819
    m.ellen.dennis@gmail.com