UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 9 |
| City of Detroit, Michigan, | No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

**OBJECTION BY THE DETROIT PUBLIC SAFETY UNIONS
TO THE DISCLOSURE STATEMENT**

The Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") (collectively, the "Detroit Public Safety Unions"), through their counsel, Erman, Teicher, Zucker & Freedman, P.C., state their objections to the City's Amended Disclosure Statement with respect to the Amended Plan of Adjustment of Debts of the City of Detroit, dated March 31, 2014 [Docket Nos. 3382 and 3384, Exhibit A(redline)] (the "Amended Disclosure Statement," including any subsequent amendments thereto). Specifically, the Public Safety Unions object to the City's failure to provide, as required by 11 U.S.C. 1125(a), the following "'adequate information'" which is reasonably necessary for the Public Safety Unions and their members to make an informed judgment about the

Amended Plan for the Adjustment of Debts of the City of Detroit (March 31, 2014) (the "Amended Plan" [Docket No. 3380]) and to understand how their claims, including but not limited to their Class 10 PFRS Pension Claims, their employment, grievance, duty disability and indemnification claims and other City and/or State-related claims, are being treated, discharged and/or released by the Amended Plan[1], as follows:

## INTRODUCTION

On March 14, 2014, the Public Safety Unions sent the City requests for additional information pursuant to this Court's Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Docket No. 2937]. On March 28, 2014, the City responded to each of the Public Safety Union's requests by indicating that it would make further revisions to its Disclosure Statement to respond to certain requests and, as to others, indicating that the Disclosure Statement already contained the information necessary to provide adequate information. The City subsequently filed its Amended Disclosure Statement. The Public Safety Unions now assert the following objections to the Amended Disclosure Statement.

---

[1] In filing these objections, the Public Safety Unions do not consent to or waive their objections to the City's eligibility for chapter 9 for the reasons set forth in their appeal pending before the United States Court of Appeals for the Sixth Circuit, *Detroit Fire Fighters Association, et al v. City of Detroit, Michigan, et al* (6th Cir., Case No. 14-1214).

1. **PFRS Pension Claims, State Contribution Agreement, Releases and Plan Injunction**

    a. Failure to provide adequate information regarding the intended scope of the State Release[2] and the Plan Injunction as to how they would impact future claims of the Public Safety Unions under Art. IX, Sec. 24 of the Michigan Constitution (i.e., are the City and the State, through the Amended Plan, the State Release and the Injunction, asking the Public Safety Unions to waive their future right to enforce Art. IX, Sec. 24, and, if not, under what circumstances would the Amended Plan, the Injunction and the State Release allow them to seek to enforce those rights?).

    b. Failure to provide adequate information regarding the intended scope of the State Release and Plan Injunction as to how they would impact any future claims of the Public Safety Unions with regard to the applicability and/or constitutionality of PA 436 or any successor statute (i.e., are the City and the State, through the Plan, the Injunction and the State Release, asking the Public Safety Unions to waive their future right to challenge the applicability and/or constitutionality of PA 436 and any successor statute, and, if not, under what circumstances would the Plan and the State Release allow them to enforce those rights?).

    c. Failure to provide adequate information regarding the known claims against the State (whether such claims belong to the City, the Public Safety Unions or individual Holders of PFRS Claims) that are proposed to be compromised by the State Contribution Agreement.

    d. Failure to provide adequate information regarding the categories of known claims, unknown claims (including future claims) against the State and/or State Related Entities that the City, the Public Safety Unions and the Public Safety Union

---

[2] Unless otherwise indicated, all capitalized terms are used herein as defined by the Amended Disclosure Statement, including its various attachments and exhibits.

members will be deemed to release if the State Contribution Agreement is consummated, the Public Safety Unions' members accept the Amended Plan, and the Court approves the proposed, non-consensual State Release set forth in the Amended Plan.

e.  Failure to provide adequate information regarding the total value (or best estimate thereof) of the claims against the State which will be released by the State Release if the State Contribution Agreement is consummated (the "Released Claims").

f.  Failure to provide adequate information regarding how the City and/or the State calculated the amount or value of the Released Claims.

g.  Failure to provide adequate information regarding the present value of the amount the State proposes to pay to the Pension Systems pursuant to the State Contribution Agreement.

h.  Failure to provide adequate information regarding the dollar amount the State Contribution Agreement proposes to pay the PFRS Pension System (and the present value of that amount) pursuant to the State Contribution Agreement.

i.  Failure to provide adequate information regarding whether the purpose of the State Release is to release claims other than the PFRS Pension Claims, including, but not limited to, future pension rights.

j.  Failure to provide adequate information regarding the anticipated recourse with regard to claims against the State and/or State Related Entities if, after consummation of the State Contribution Agreement, the State fails to pay some or all of the consideration promised by the State Contribution Agreement.

k.  Failure to provide adequate information as to whom, pursuant to the State Contribution Agreement, among the PFRS, the Public Safety Unions and the individual Holders of PFRS Pension Claims, would have standing to assert those any claims

4

        if the State fails to pay some or all of the consideration promised by the State Contribution Agreement.

l.     Failure to provide adequate information regarding, specifically, whether the State Release will release any such claims, regardless of whether the State pays the consideration promised by the State Contribution Agreement.

m.     Failure to provide a copy of Exhibit I.A.255 to the Amended Plan and adequate information as to the identity of the parties to the State Contribution Agreement.

n.     Failure to provide adequate information regarding any specific conditions being imposed on (i) the City, (ii) the Public Safety Unions, (iii) the Retirement Systems, (iv) Holders of PFRS Pension Claims; (v) Holders of GRS Pension Claims; and (vii) any other parties or non-parties to the State Contribution Agreement which must be met in order to trigger the State's obligation to pay the consideration promised by the State Contribution Agreement to the PFRS.

o.     Failure to provide adequate information as to the projected savings the City anticipates realizing as a result of the "hard freeze" to be placed on active Public Safety Union members' accrued pension benefits as of June 30, 2014.

p.     Failure to provide adequate information related to how many retired Holders of PFRS Pension Claims will have claims at or below the threshold amount tied to the federal poverty level and information as to the estimated amount by which the claims of other Holders of PFRS Pension Claims (including active Holders of PFRS Pension Claims) will be reduced in the event that adjustments are necessary to the unaffected Holders of PFRS Pension Claims in order to reach the aforementioned threshold amount.

q.     Failure to provide adequate information with regard to the PFRS Restoration Payment (specifically, the percentage likelihood that active Public Safety employees will receive any Restoration Payment under the Amended Plan assumptions made by the City, including but not limited to an analysis of the likelihood that the PFRS will have a funding level of more than

5

80% as of June 30, 2023, based upon the actuarial and rate of returns proposed by the City, and how a funding level of more than 80% as of June 30, 2023 will affect the estimated percentage recoveries for the PFRS Pension Claims, including an explanation of all assumptions and risks underlying such analysis).

r.  Failure to provide adequate information regarding the City's assessment of the risk that COPs will be invalidated and/or will create claims against the PFRS, the potential amount of such claims and how, if at all, such claims may impact the recoveries of Holders of PFRS Pension Claims.

2. **Estimated Percentage Recoveries**

   a.  Failure to provide adequate, understandable backup information detailing how the City calculated the estimated recovery percentages set forth in Section II.A.2 of the Amended Disclosure Statement, including an explanation of: (i) the assumptions regarding the effect of COLA on the PFRS Pension Claims and (ii) the assumptions regarding the effect of the "hard freeze" on active employees' PFRS Pension Claims.

   b.  Failure to provide adequate, understandable information as to the estimated percentage recoveries, along with backup information detailing how the City calculated such recovery estimates, for all Unsecured Claims (claims in classes 7, 8, 9, 10, 11, 12 and 13), assuming the above-captioned Chapter 9 case is dismissed and creditors are left to their state law remedies.

3. **Collective Bargaining Agreements for the Individual Public Safety Unions.**

   a.  Failure to provide adequate information regarding the savings the City projects has been and will be realized by City imposed work rules under CETs and/or orders of the Emergency Manager.

6

b. Failure to provide adequate information documenting claimed efficiencies realized by City imposed work rules.

c. Failure to provide adequate information with regard to whether, pursuant to the City's reinvestment initiatives, any portion of the funds earmarked for restructuring and reinvestment may be available or may be earmarked to mitigate wage and benefit cuts to current Public Safety Union employees.

d. Failure to provide adequate information with regard to whether, pursuant to the City's reinvestment initiatives, any portion of the funds earmarked for restructuring and reinvestment may be available or may be earmarked to address any potential underfunding that results in the event of the approval and adoption of the City's proposed PFRS Hybrid Pension Formula (i.e., information related to whether funds earmarked for improving police and fire service in the City may be used to allow the City to assume some of the risk of underfunding under the PFRS Hybrid Pension Formula, rather than placing all of the risk on the active Public Safety employees who will be entering the proposed PFRS Hybrid Pension Plan on July 1, 2014).

e. Failure to provide adequate information as to the ability of the Public Safety Unions to enforce the terms of any CBA reached with the City against the City without interference from the State.

f. Failure to provide adequate information as to the City's, the Emergency Manager and the State's intent to reassert any rights they may have had outside of bankruptcy pursuant to the receivership established by PA 436 prior to the Petition Date in order to limit the ability of the Public Safety Unions to enforce the terms of any CBA entered into between an individual Public Safety Union and the City, which information is essential to the Public Safety Unions' ability to agree to such terms.

4. **DIA Settlement**

   a. Failure to provide adequate information as to the status of the DIA Settlement, including, without limitation:

7

- if there are any other parties to the DIA Settlement besides those identified in Section IV.E. of the Amended Disclosure Statement;

- the total amount of the "certain funds" from the DIA Settlement which are to be contributed to the PFRS Pension Fund;

- the schedule of contributions (dates and amounts);

- the status of the Foundations' commitments, the status of the commitment by DIA Corp. and the status of the City's efforts to obtain the approval of the Attorney General for the State and any and all necessary approvals;

- the present value of all payments to be made to the Retirement Systems pursuant to the DIA Settlement;

- the present value of the payments to be made to the PFRS Pension Plan pursuant to the DIA Settlement.

b. Failure to provide adequate information regarding the status of any conditions precedent to the consummation of the DIA Settlement and how the City expects to meet them.

c. Failure to provide adequate information as to the contemplated recourse, if any, available to the City, Holders of PFRS Pension Claims and/or the PFRS in the event of:

- a failure of any of the conditions precedent to the consummation of the DIA Settlement;

- a subsequent breach of the DIA Settlement by any of the non-debtor parties to the DIA Settlement.

d. Failure to provide adequate information that would allow active Public Safety Union members to determine the amount by which the Adjusted Pension Amount of active Public Safety Union members who are Holders of Pension Claims will be reduced if the amount to be paid pursuant to the DIA Settlement is not paid.

8

e. Failure to provide adequate disclosure of the material terms of the DIA Settlement, including, but not limited to, Amended Plan Exhibits I.A.79 and I.A.80.

5. **PFRS Hybrid Pension Plan and Formula**

   a. Failure to provide adequate information regarding the rationale for any City proposed rate of return assumption for the PFRS Hybrid Pension Formula and information quantifying how such proposed rate of return reduces the City's risk.

   b. Failure to provide adequate information related to the impact of the PFRS Hybrid Pension Formula (by comparison to the relevant, pre-petition pension formula for the members of each Public safety Union). Specifically, failure to provide information regarding the anticipated average reduction of the monthly pension amount expected for fully vested Public Safety Union members upon eligibility for retirement and/or in the case of their duty disability retirement (i.e., the City's estimate of the range of percentage pension cuts to be absorbed by active Public Safety Union members going forward under the PFRS Hybrid Pension Formula).

   c. A copy of Exhibit II.B.3.t.ii.A to the Amended Plan, identifying annual contributions to be made to the PFRS through the Fiscal Year ending June 30, 2023.

6. **Proposed Settlement with UBS AG and Merrill Lynch Capital Services (the "Swap Counterparties")**

   a. Failure to provide adequate information regarding the amount of additional funding from the proposed settlement with the Swap Counterparties, which is the subject of the Motion of Debtor for Entry of an Order, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving a Settlement and Plan Support Agreement and Granting Related Relief [Docket No. 2802] that the City will make available to Public Safety employees for wages and benefits, including, but not limited to, pension and health care.

## Public Safety Unions' Reservation of Rights and Request for Relief With Regard to Objections

In submitting their objections, the Public Safety Unions (and each of them) rely on 11 U.S.C. Section 1125(a) and reserve their rights to request additional information from the City and to rely on any objections to the Amended Disclosure Statement made by the Retirement Systems, the Retiree Committee, AFSCME and/or the UAW. The Public Safety Unions further respectfully request that the Court decline to approve the City's Amended Disclosure Statement unless and until the essential information, as requested herein, is provided. Without that information, the Public Safety Unions and their members cannot make an informed judgment about the effects of the City's proposed Amended Plan on their rights or on its feasibility. The Public Safety Unions respectfully request that the Court enter an order that declines to approve the Amended Disclosure Statement until the requested information is provided.

      Respectfully submitted,
      ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

      By: */s/ Barbara A. Patek*
          Barbara A. Patek (P34666)
          Earle I. Erman (P24296)
          Counsel for the Detroit Public Safety Unions
          400 Galleria Officentre, Suite 444
          Southfield, MI 48034
          Telephone: (248) 827-4100
          Facsimile: (248) 827-4106
          E-mail: bpatek@ermanteicher.com

DATED: April 7, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Chapter 9

City of Detroit, Michigan,                                No. 13-53846

        Debtor.                                    Hon. Steven W. Rhodes

_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 7, 2014, the Objection by the Detroit Public Safety Unions to the Debtor's Disclosure Statement and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

                                          ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

                                          By: */s/ Barbara A. Patek*
                                               Barbara A. Patek (P34666)
                                               Earle I. Erman (P24296)
                                               Counsel for the Detroit Public Safety Unions
                                               400 Galleria Officentre, Suite 444
                                               Southfield, MI 48034
                                               Telephone: (248) 827-4100
                                               Facsimile: (248) 827-4106
                                               E-mail: bpatek@ermanteicher.com

DATED: April 7, 2014