UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Chapter 9
Case No. 13-53846-swr
Hon. Steven W. Rhodes

**OBJECTION OF THE RETIRED DETROIT POLICE
MEMBERS ASSOCIATION TO AMENDED DISCLOSURE STATEMENT
WITH RESPECT TO AMENDED PLAN FOR THE ADJUSTMENT OF
DEBTS OF THE CITY OF DETROIT**

The Retired Detroit Police Members Association ("RDPMA"), by and through its attorneys, Strobl & Sharp, P.C., hereby submits it's Objection to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 3382] filed on March 31, 2014 (the "Amended Disclosure Statement"), and states as follows,

1. On July 18, 2013, the City of Detroit (the "City" or the "Debtor") filed a petition for relief under Chapter 9 of the Bankruptcy Code.

2. The RDPMA represents approximately 300 members who are (1) retired uniformed members of the Detroit Police Department who are currently collecting a pension and OPEB benefit, (2) are retired uniformed members of the Detroit Police Department who are entitled to collect a pension and OPEB in the future; or (3) are currently collecting or will be eligible to collect a death benefit of a former uniformed member of the Detroit Police Department.

3. On December 5, 2013, this Court entered an Order for Relief Under Chapter 9 of the Bankruptcy Code and issue an Opinion Regarding Eligibility determining that the City had

met the requirements to be a debtor under chapter 9 and that that pension rights of the City's retirees could be impaired through the chapter 9.

4. On February 21, 2014, the City filed its original Disclosure Statement with Respect to Plan for the Adjustment of the Debts of the City of Detroit. This Court entered the Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Docket No. 2937] on March 6, 2014. A third Amended Order Establishing Procedures, Deadlines and hearing Dates Relating to the Debtor's Plan of Adjustment [Docket No. 3632] was entered on April 2, 2014.

5. On March 14, 2014, pursuant to the March 6 Scheduling Order, the RDPMA submitted an objection to the Disclosure Statement which, in an effort to streamline the City's required responses to objections, adopted and incorporated the objections submitted by the Official Committee of Retirees in Committee (the "RDPMA Informal Objection"). On March 28, 2014, the City responded to the RDPMA Informal Objection by indicting, with respect to each discrete objection, that either the City believed that the disclosure was adequate or that the City intended to make further revisions to the disclosure statement that would address the objection.

6. On March 31, 2014, the City filed the Amended Disclosure Statement and its Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 3380] (the "Amended Plan").

7. The City's Amended Disclosure Statement fails to fully disclosure necessary information and does not contain adequate information necessary for the creditors to evaluate the Amended Plan and cannot be approved.

8. "Disclosure is the 'pivotal' concept in [a bankruptcy] reorganization." *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999) (quoting 5 COLLIER ON BANKRUPTCY, ¶ 1125.03 (15 ed. 1992)); *see also, In re; Oneida Motor Freight, Inc.,* 484 F.2d 414, 417 (3d Cir. 1988). ed. 1992); accord *In re Oneida Motor Freight, Inc.*, 848 F.2d 414, 417 (3d Cir. 1988) (citing same). In particular, in the context of a proposed plan of adjustment, section 1125 of the Bankruptcy Code requires that plan proponent provide adequate information sufficient to enable a hypothetical creditor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a) (1); see, e.g., *Oneida,* 848 F.2d at 417 ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'").

9. "[T]he purpose of the disclosure statement is 'to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan.'" *In re County of Orange*, 219 B.R. 543, 560 (Bankr. C.D. Cal. 1997) (citing *Duff v. United States Trustee*). At the core, and in the most basic terms, a creditor must be able to determine "what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

10. In assessing the adequacy of a proposed Disclosure Statement, the standard is not whether a failure to disclose certain information would harm creditors. Rather, the appropriate measure is whether creditors receive such information as will enable them to evaluate for themselves what impact the information might have on their claims and on the outcome of the case, and to decide for themselves what course of action to take." *In re Applegate Prop*., Ltd., 133 B.R. 827, 831 (Bankr. W.D. Tex. 1991), see also *In re Michelson*, 141 B.R. 715, 718-19

(Bankr. E.D. Cal. 1992) (at an "irreducible minimum," a disclosure statement must include an "explanation of why the proposed means of implementation [of the underlying plan] will be adequate to the task").

11. Section 1125(a) of the Bankruptcy Code, as made applicable in chapter 9 through section 901(a), defines adequate information as:

> a. information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. 1125(a)(1). The typical or hypothetical investor typical of holders or other claims in the relevant class is defined as an:

> investor having—
>
> **(A)** a claim or interest of the relevant class;
>
> **(B)** such a relationship with the debtor as the holders of other claims or interests of such class generally have; and
>
> **(C)** such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. 1125(a)(2).

12. The City, as the proponent of the Plan of Adjustment bears the ultimate burden of proof with respect establishing "compliance with the requirement to disclose adequate information." *In re Michelson*, 141 B.R. at 720.

4

13. The City's Amended Disclosure Statement fails to contain adequate information from which the members of the RDPMA would be able to make an informed judgment regarding the Amended Plan of Adjustment as follows:

   a. <u>The State Contribution Agreement and Releases</u>: The Amended Disclosure Statement fails to provide adequate information regarding (1) the conditions regarding the commitment to funding by the State of Michigan ("State") into the DIA Settlement; (2) the risk and impact on retiree claims in the event of a failure by the State to approve the State's contribution to the funding of the DIA Settlement; (3) the terms, i.e., amounts and dates, of the State's funding obligations; and (4) the value, if any, of the release to be given to the State by the retirees and the potential impact, if any, on the release of a future default by the State in its obligations under the State Contribution Agreement. The Amended Disclosure Statement fails to provide a copy of the State Contribution Agreement for creditor review and therefore provides no specific details regarding the State Contribution Agreement refereed on page 47.

   b. <u>DIA Settlement:</u> The Amended Disclosure Statement contains limited information regarding the DIA Settlement. With respect to the DIA Settlement, the Amended Disclosure Statement contains insufficient information regarding (1) the terms of the DIA Settlement; (2) the identity of all parties to the Settlement; (3) the terms, i.e., amounts and dates, for funding the DIA Settlement; and (4) the risk and impact on retiree claims in the event the full amount the DIA proceeds are not received. The Amended Disclosure Statement fails to provide a copy of the DIA Settlement for creditor review.

The DIA Settlement is contingent upon the execution of a definitive agreement the risk of which is not disclosed in the Amended Disclosure Statement. The Amended Disclosure Statement provides no information regarding the Funding Parties and their ability to meet their commitments under the DIA Settlement.

c. <u>Underfunding.</u> The Amended Disclosure Statement fails to contain adequate information regarding the analysis and methodology used by the City for determining the level of underfunding of the Police and Fire Retirement System. Despite its admission that the rate of return utilized by the City is below the industry standard, the City fails to disclose the impact the application of the industry standard rate of return would have on underfunding and the recoveries by the retirees.

d. <u>Pension Restoration:</u> The Amended Disclosure Statement fails to adequately detail the basis for the restoration of benefits in a fashion that is likely to be meaningful to the retiree creditors.

e. <u>COLA:</u> The Amended Disclosure Statement fails to provide any information other than a vague reference to the percentage COLA represented in the 2013 benefits, regarding the impact of the loss of COLA on retiree benefits. The Amended Disclosure Statement provides no analysis regarding the impact the loss of COLA will have on an individual retiree's claims.

f. <u>Poverty Level Claims:</u> The Amended Disclosure Statement fails to identify the number of potential retiree claims that when reduced will be at or below the national poverty level. Although the Amended Disclosure indicates that

6

those retirees income falls below the poverty level as a result of the reduction in benefits may receive additional benefits, it fails to identify what those additional benefits will be, if any, and the potential impact such additional benefits will have on the remaining retiree claims.

    g. <u>City Owned Assets</u>. The Amended Disclosure Statement fails to fully address the value of all City owned assets. "A description of available assets and their value is a vital element of necessary disclosure." *In re Ligon*, 50 B.R. 127, 130 (Bankr. MD. Tenn. 1985). The Amended Disclosure Statement fails to contain adequate information regarding the full value of the art contained in the DIA collection as the City appraised only a fraction of the works. Additional assets are also missing from the City's Amended Disclosure Statement. For example, the Amended Disclosure Statement fails to contain an adequate analysis of the vacant real estate and blighted properties owned by the City and the impact of its blight initiatives will have on values. Moreover, the Amended Disclosure Statement fails to adequately address the City's ownership interest in, among other assets, the Detroit-Windsor Internal Tunnel or its interest in the Detroit Zoo.

14. Simply put, the Amended Disclosure Statement fails to provide adequate information, contains insufficient information, contains misleading information and does not provide information in meaningful format for the members of the RDPMA.

15. The RDPMA reserves its rights to supplement and amended this objection, to raise additional objections and to join in any objection to the Amended Disclosure Statement

7

filed by any other creditor or party in interest. The RDPMA reserves the right to object and to raise additional objections to the confirmation of the Amended Plan.

16. The Amended Disclosure Statement does not contain adequate information under Section 1125(b) of the Bankruptcy Code and cannot be approved.

**WHEREFORE**, the RDPMA requests that this Honorable Court deny approval of the Debtor's Amended Disclosure Statement and grant such further and additional relief as deemed just and proper.

Respectfully Submitted,

**STROBL & SHARP, P.C.**

 */s/    Lynn M. Brimer*
LYNN M. BRIMER (P43291)
MEREDITH E. TAUNT (P69698)
MALLORY FIELD (75289)
Attorneys for the Retired Detroit
Police Members Association
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone:  (248) 540-2300
Facsimile: (248) 645-2690
E-mail:  lbrimer@stroblpc.com
E-mail: mtaunt@stroblpc.com
E-mail: mfield@stroblpc.com

Dated:  April 7, 2014
*S&B\85244\001\PLDG\SB429956.DOCX