In re:

CITY OF DETROIT, MICHIGAN

      Debtor.

_____/

Chapter 9

Case No. 13-53846-swr

Hon. Steven W. Rhodes

## OBJECTION OF THE RETIREE ASSOCIATION PARTIES TO THE "AMENDED DISCLOSURE STATEMENT WITH RESPECT TO AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT"

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually, and as President of the RDPFFA, and the Detroit Retired City Employees Association ("DRCEA") and Shirley V. Lightsey, individually, and as President of the DRCEA (collectively "Retiree Association Parties"), through their counsel, Lippitt O'Keefe Gornbein, PLLC and Silverman & Morris, P.L.L.C., file this objection to the "Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 3382) pursuant to the Court's Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment. In support of this Objection, the Retiree Association Parties state as follows:

## I. OBJECTION[1]

### A. Preliminary Statement

1. The Retiree Association Parties sent their preliminary disclosure objections and requests for additional information to the City on March 14, 2014.

2. The City responded to the Retiree Association Parties on March 28, 2014, in which it responded that it intended to revise the disclosure statement language, it may revise the disclosure statement language or that the language was sufficient.

3. The City's amended Disclosure Statement did address some of the Retiree Association Parties' requests, but did not address all the requests/objections or the revised language did not resolve the Retiree Association Parties' objection or request.

### B. Summary of Objections

4. The City of Detroit ("City") has failed to provide adequate information to retirees to allow them to make an informed decision on whether to vote for or against the City's Amended Plan of Adjustment (Dkt 3380).

5. The City has failed to provide GRS retirees with adequate information to allow them to make an informed decision on whether to vote for or against

---

[1] For brevity, the Retiree Association Parties do not provide the Court with the background or historical facts of the case and are confident that the Court is fully aware and understands the factual predicate of this Objection.

the Plan on claims contained in Classes 11 (GRS Pension) and/or 12 (OPEB).

6. The City has failed to provide PFRS retirees with adequate information to allow them to make an informed decision on whether to vote for or against the Plan on claims contained in Classes 10 (PFRS Pension) and/or 12 (OPEB).

7. Specifically, the Disclosure Statement fails to provide adequate information to retirees about the treatment of their respective claims contained in Classes 10, 11 and 12 to allow a hypothetical retiree to understand the treatment of their claim and be able to make an informed decision on whether to vote for or against the Plan.

C. **Applicable Legal Standard**

8. Pursuant to Bankruptcy Code Section 1125(a)(1), a disclosure statement must provide adequate information, which it describes as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . hypothetical investor of the relevant class to make an informed judgment about the plan ..."

9. The adequacy of a disclosure statement is determined on a case-by-case basis, the disclosure must "contain *simple and clear language* delineating the consequences of the proposed plan on [creditors'] claims and the

possible [Bankruptcy Code] alternatives…" *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988)(emphasis added).

10. The case law surrounding Section 1125 of the Bankruptcy Code rules in favor of disclosure of more information as opposed to less because it is difficult to "overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'" *Currithers v. FedEx Ground Package Sys.*, 2012 U.S. Dist. LEXIS 13848, *11-12 ( E.D. Mich. Feb. 6, 2012).

11. The "adequate information" requirement merely establishes a bare minimum or floor, and not a ceiling for disclosure to voting creditors. *In re Adelphia Commc'ns Corp.*, 352 B.R., 592, 596 (Bankr. S.D.N.Y 2006) (citing *Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988)).

12. All information included in a disclosure statement must be factually accurate and cannot be misleading. *Id.*

13. To be approved, a disclosure statement must include sufficient information to apprise creditors of the risks and financial consequences of the proposed plan. *See In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("substantial financial information with respect to the ramifications of any proposed plan will have to be provided to, and digested by, the creditors

and other parties in interest in order to arrive at an informed decision concerning the acceptance or rejection of a proposed plan").

14. Further "[a]ll material information relating to the *risks* posted to creditors" should also be included in the disclosure statement. *In re Adana Mortgage Bankers, Inc.*, 14 B.R. 29, 31 (Bankr. N.D. Ga. 1981)(emphasis added). At the same time, the statement nonetheless must "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

15. The City bears the ultimate burden of proof to establish "compliance with the requirement to disclose adequate information." *In re Michelson*, 141 B.R. 715, 720 (Bankr. E.D. Cal. 1992).

### D.    The Disclosure Statement Fails to Provide Adequate Information[2]

---

[2] The Retiree Association Parties also concur in the objections of the Retiree Committee to the Disclosure Statement, and incorporate those objections by reference as if fully restated herein. Because said objections are incorporated by reference in this Objection, they remain live and viable objections of the Retiree Association Parties, regardless of any resolution or settlement of such objections by the Retiree Committee.

The Retiree Association Parties understand that the City will be sending supplemental (plain-language) disclosures to retirees, therefore, the Retiree Association Parties have not objected to the Disclosure Statement on purely readability grounds, but requests the right to do so because the retiree supplemental notices have neither been filed with nor approved by the Court.

16. The Disclosure Statement fails to provide adequate information regarding critical components of the plan from which the hypothetical retiree could make an informed decision about the Plan.

**E.    The Disclosure Statement fails to provide PFRS Retirees with adequate information on whether to vote for or against the plan relative to claims included in Classes 10 and 12.**

17. The Disclosure Statement fails to provide adequate information to the hypothetical PFRS retiree because it is impossible to determine the pension claim treatment of individual PFRS retirees.

18. In its simplest form, PFRS retirees are not provided adequate information to determine what recovery they will receive and for how long due to all of the conditions and contingencies placed on the proposed "treatment."

19. The treatment of PFRS pension claims for retirees cannot be known prior to processing of all the votes; therefore, an individual retiree cannot know the treatment of the claim that the retiree is being asked to vote on.

20. The Disclosure Statement references additional material to be provided as Plan Supplement Documents, which are to be provided no later than five Business Days prior to the Voting Deadline. This is an issue because based on the received by deadline for voting, as it is possible that a retiree would have to mail its ballot for processing prior to all relevant information being provided. (Disclosure Statement, preamble).

21. The Disclosure Statement fails to indicate at what point in time, and at what base level, the pensions will be recalculated. In other words, will the City recalculate the pensions as they existed on the petition date, on the Effective Date, or some other date?

22. The City fails to provide a rationale for using a ceiling of 6.5% for the assumed rate of returns for investments.

23. The Disclosure Statement does not provide adequate information relative to the "investment return assumption rate for determining the assets and liabilities of PFRS" because the Disclosure Statement only provides a ceiling and does not disclose a rate certain. (Disclosure Statement, e.g., p 23 and 34).

24. The City provides misleading information as to why the City needs to have such a low assumed rate of return ceiling for investments.

25. The Disclosure Statement does not provide retirees with adequate information to explain the risk of receiving Outside Funding over time (i.e, what happens if contributions cease in the future).

26. The Disclosure Statement does not provide retirees with adequate information regarding how their treatment will be "materially diminished" if various contingencies do not occur. For example, it is not known how PFRS

retirees will be treated if the State contributions are discontinued at any point prior to fulfilling the entire obligation.

27. The Disclosure Statement provides misleading information about the possibility of restoration of pension benefits for PFRS retirees because of such conservative assumed rate of return targets and the impact on investment portfolios.

28. The Disclosure Statement does not provide adequate information to explain how "applicable unions" are legally able to negotiate with the City and PFRS trustees. This statement is also misleading and potentially untrue. (Disclosure Statement, p 13).

29. The Disclosure Statement does not provide adequate information related to the impact of cutting COLA for PFRS retirees. The estimate that COLA is 18% of a PFRS retiree's benefit is misleading. The City should state that the average retiree's COLA is worth of 18% of benefits, but that percentage may be higher or lower for individual retirees based on an individual's circumstances.

30. The Disclosure Statement does not provide adequate information to inform PFRS retirees that the PFRS cannot receive funding from any other source, even if the DIA Proceeds and State Contributions do not come to fruition.

31. The Disclosure Statement does not provide adequate information relative to the new PFRS governance. Specifically, the Disclosure Statement does not state whether PFRS retiree representatives on the board will be entitled to vote.

32. The Disclosure Statement does not provide adequate information related to the "Release of the State" to allow the hypothetical retiree to understand and evaluate this element of the Plan.

33. The Disclosure Statement does not provide adequate information related to whether the "Release of the State" will be imposed across the board as a condition of funding or based on individual retiree votes.

34. The Disclosure Statement does not provide adequate information about the "hardship fund" as it relates to application process, the operations and duration, the impact on recipients and those not eligible for the program.

35. The Disclosure Statement fails to provide adequate information regarding the pre-petition activities of the City, specifically, that the City did not negotiate in good-faith, as ruled by the bankruptcy court.

36. The Disclosure Statement provides misleading information related to whether retirees were represented in pre-petition negotiations. (Disclosure Statement, p 105).

37. The Disclosure Statement fails to provide adequate information to the hypothetical PFRS retiree to determine the treatment of their OPEB claim under Class 12.

38. More importantly, the Disclosure Statement fails to provide the hypothetical PFRS retiree with what OPEB benefits will be received and for how long.

39. The hypothetical retiree does not have adequate information to know what its healthcare and other OPEB benefits will be based on OPEB class treatment.

**F.     The Disclosure Statement fails to provide GRS Retirees with adequate information on whether to vote for or against the plan relative to claims included in Classes 11 and 12.**

40. The Disclosure Statement fails to provide adequate information to the hypothetical GRS retiree because it is impossible to determine the pension claim treatment of individual GRS retirees.

41. In its simplest form, GRS retirees are not provided adequate information to determine what recovery they will receive and for how long due to all of the conditions and contingencies placed on the proposed "treatment."

42. The treatment of GRS pension claims for retirees cannot be known prior to processing of all the votes; therefore, an individual retiree cannot know the treatment of the claim that the retiree is being asked to vote on.

43. The Disclosure Statement references additional material to be provided as Plan Supplement Documents, which are to be provided no later than five Business Days prior to the Voting Deadline. This is an issue because based on the received by deadline for voting, it is possible that a retiree would have to mail its ballot for processing prior to all relevant information being provided (Disclosure Statement Preamble).

44. The Disclosure Statement fails to indicate at what point in time, and at what base level, the pensions will be recalculated. In other words, will the City recalculate the pensions as they existed on the petition date, on the Effective Date, or some other date?

45. The City fails to provide a rationale for using a ceiling of 6.25% for the assumed rate of returns for investments.

46. The Disclosure Statement does not provide adequate information relative to the investment return assumption rate for determining the assets and liabilities of GRS because the Disclosure Statement only provides a ceiling and does not disclose a rate certain. (Disclosure Statement, e.g., p 24 and 34).

47. The City provides misleading information as to why the City needs to have such a low assumed rate of return ceiling for investments.

48. The Disclosure Statement does not provide retirees with adequate information to explain the risk of receiving Outside Funding over the commitment term and DWSD prepayment of pension liabilities.

49. The Disclosure Statement does not provide retirees with adequate information regarding how their treatment will be "materially diminished" if various contingencies do not occur. For example it is not known how GRS retirees will be treated if the State contributions are discontinued at any point prior to fulfilling the entire obligation.

50. The Disclosure Statement provides misleading information about the possibility of restoration of pension benefits for GRS retirees because of the extremely low ceiling for assumed rates of returns and the impact on investment portfolios.

51. The Disclosure Statement does not provide adequate information to explain how "applicable unions" are legally able to negotiate with the City and GRS trustees. This statement is also misleading and potentially untrue. (Disclosure Statement, p 13).

52. The Disclosure Statement does not provide adequate information related to the impact of cutting COLA for GRS retirees. The estimate that COLA is 13% of a PFRS retiree's benefit is misleading. The City should state that the average retiree's COLA is worth of 13% of benefits, but that percentage may

be higher or lower for individual retirees based on an individual's circumstances.

53. The Disclosure Statement does not provide adequate information to inform GRS retirees that the GRS cannot receive funding from any other source, even if the DWSD prepayment and State Contributions do not come to fruition.

54. The Disclosure Statement does not provide adequate information relative to the new GRS governance. Specifically, the Disclosure Statement does not state whether GRS retiree representatives on the board will be entitled to vote.

55. The Disclosure Statement does not provide adequate information related to the "Release of the State" to allow the hypothetical retiree to understand and evaluate this element of the Plan.

56. The Disclosure Statement does not provide adequate information related to whether the "Release of the State" will be imposed across the board as a condition of funding or based on individual retiree votes.

57. The Disclosure Statement does not provide adequate information about the "hardship fund" as it relates to application process, the operations and duration, the impact on recipients and those not eligible for the program.
{00206146}

be higher or lower for individual retirees based on an individual's circumstances.

53. The Disclosure Statement does not provide adequate information to inform GRS retirees that the GRS cannot receive funding from any other source, even if the DWSD prepayment and State Contributions do not come to fruition.

54. The Disclosure Statement does not provide adequate information relative to the new GRS governance. Specifically, the Disclosure Statement does not state whether GRS retiree representatives on the board will be entitled to vote.

55. The Disclosure Statement does not provide adequate information related to the "Release of the State" to allow the hypothetical retiree to understand and evaluate this element of the Plan.

56. The Disclosure Statement does not provide adequate information related to whether the "Release of the State" will be imposed across the board as a condition of funding or based on individual retiree votes.

57. The Disclosure Statement does not provide adequate information about the "hardship fund" as it relates to application process, the operations and duration, the impact on recipients and those not eligible for the program.

58. The Disclosure Statement fails to provide adequate information regarding the pre-petition activities of the City, specifically, that the City did not negotiate in good-faith, as ruled by the bankruptcy court.

59. The Disclosure Statement fails to provide adequate information related to the Annuity Savings Plan and the 13th Check program. The information provided is inflammatory and potentially misleading.

60. The Disclosure Statement fails to provide adequate information about the City's legal basis for attempting to recoup alleged excess amounts.

61. The Disclosure Statement fails to provide adequate information about the proposed recoupment and how it interplays with the total pension cuts proposed by the City.

62. The Disclosure Statement fails to provide adequate information to the hypothetical GRS retiree to determine the treatment of their OPEB claim under Class 12.

63. More importantly, the Disclosure Statement fails to provide the hypothetical GRS retiree with what OPEB benefits will be received and for how long.

64. The hypothetical retiree does not have adequate information to know what its healthcare and other OPEB benefits will be based on OPEB class treatment.

## II. CONCLUSION

65. In sum, it is impossible for Class 10, 11 and 12 creditors to determine, *inter alia*, what each individual retiree in each respective class is getting under the Plan, whether that proposed recovery is fair and equitable and whether there is a better alternative.

66. The Disclosure Statement fails to provide adequate information within the meaning of Section 1125(a)(1) of the Bankruptcy Code.

67. The Disclosure Statement provides inaccurate and misleading information in violation of 1125(a)(1) of the Bankruptcy Code.

68. The Retiree Association Parties reserve the right to supplement and amend the objections contained herein and to concur in any objections to the Disclosure Statement filed by any other creditor or party in interest.

**WHEREFORE**, the Retiree Association Parties respectfully request that this Honorable Court **deny** approval of the Disclosure Statement and grant any other relief that the Court deems appropriate and just.

                        Respectfully submitted,
                        **LIPPITT O'KEEFE GORNBEIN, PLLC**

                        By:   /s/ Ryan C. Plecha
                                Brian D. O'Keefe (P39603)
                                Ryan C. Plecha (P71957)
                        Attorneys for Retiree Association Parties
                        370 East Maple Road, 3rd Floor
                        Birmingham, Michigan 48009
                        Tel: (248) 646-8292;  Fax:  (248) 646-8375

bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

**SILVERMAN & MORRIS, P.L.L.C.**
Thomas R. Morris (P39141)
Karin F. Avery (P45364)
Co-counsel for Retiree Association Parties
30500 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
Tel: (248) 539-1330; Fax: (248) 539-1355
morris@silvermanmorris.com
avery@silvermanmorris.com

Dated: April 7, 2014