CASE NO. 13-53846
In The
UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN – S.D.

In Re: JEFFREY SANDERS (IFP – Pro se),........Appellant-Creditor,
Jeffrey Sanders (IFP – Pro se)
16599 Hubbell Street
Detroit, Michigan 48235-4030

2014 APR -8 P 2:53

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

vs.

In Re: CITY OF DETROIT, MICHIGAN,...........Appellee-Debtor,
David Gilbert Heiman, Esq., et al.
Appellee-Debtor Counsel Of Record
JONES DAY / North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-_____

## FRBP 8009 BRIEF ON APPEAL

### Table Of Contents
FRBP 8010(a)(1) Brief On Appeal .................................................................Page 1 - 3

### Table Of Cases – Authorities
Bridgeport Music v Universal-MCA, 583 F3d 948, n[3] 953(6-2009)(EMPHASIS);
Cherrington v Skeeter, 344 F3d 631, n[9] 643(6-2003)(EMPHASIS);
Georgia v Randolph, 547 U.S. 103, 109-123(2006)(EMPHASIS);
In Re: City Of Detroit, Michigan, USBC-E.D. Mich. Case No. 13-53846 per 11 U.S.C. s362(b)(1);
Kaupp v Texas, 538 U.S. 626, n[3] 630(2003)(EMPHASIS);
Parsons v City Of Pontiac, 533 F3d 492, n[1]-[16] 500-504(6-2008)(cert. denied)(EMPHASIS);
Payton v New York, 445 U.S. 573, n[1] 576(1980)(EMPHASIS);
Sanders v Detroit Police Dept., et al., USDC-E.D. Mich. Case No. 07-14206(10/03/2007) concerns 653 F.Supp.2d 715-726(E.D. Mich. 2009) - **6th Cir. COA Case Nos. 09-2102 / 2155 On Remand per 2012 WL 3140232(C.A.6(Mich.))(EMPHASIS)**;
Stanton v Sims, 571 U.S. ___(Per Curiam) Opinion Page 3(cit. omit.)(11/04/2013)(EMPHASIS);
U.S. v Elkins, 300 F3d 638, n[28] 655(6-2002)(EMPHASIS).

### Table Of Authorities
U.S. Constitution Article III acced(ed)ing Amendment I, IV, V - XIV as 11 U.S.C. s362(b)(1) Mandates per 18 U.S.C. s241 - s1001 predicate(d)s 28 U.S.C. s158 - s1915(d), s2108 - s2111 via 42 U.S.C. s1983 absolutely embodied - inhering Fed. Rules of Civil Procedure 54 - E.D. Mich. LR 58.1(b)... **Mandates!** 28 U.S.C. s1915(e) **thru** 28 U.S.C. s1915A acced(ed)ing / deferential 18 U.S.C. s241 - s1001 **Errors!** 11 U.S.C. s362(a) accrued - deferential **Errs!** per U.S. Const. Article III - 18 U.S.C. s241, inter alia.

### Jurisdiction
Jurisdiction accede(ing)s U.S. Const. Article III - 28 U.S.C. s158 to s1915(d), s2108, s2111, ascend

ing 42 U.S.C. s1983 concern FRBP 8001-10(a)(1); FRCP 54 - E.D. Mich. LR 58.1(b)..**MANDATES'**.
(Page 1 of 3)

## Statement Of Issues

Per U.S. Const. Article III - 11 U.S.C. s362(b)(1) acced(ed)ing / ascend(ant)ing **18 U.S.C. s241** w/ 42 U.S.C. s1983 **Claims** acclaimed – irrefuted – respectively "**verified**" as attend(ant)ing **04/02/2013 Emergency Notices Of Appeal** Filed (Dkt.#s 3464, 3749) herein, **abrupt** 'Absolution' of Appellant's absolute - incorruptible - respective / **veri(fied)table 18 U.S.C. s241 and 42 U.S.C. s1983 Claims** due unadjudicated USDC-E.D. Mich. Case No. 07-14206 per No. 13-53846, ABSOLUTELY administering compliance with [Appellee]'s absolute - irrefuted - unerring '**Elective-Option (c)**'(at Dkt.#1-54,57-68).

## Statement Of The Case

Subject to U.S. Const. Amendment I - 28 U.S.C. s1915(d) discern(ed)ings in 10/03/2007 Complaint w/Exhibits **Filed** inciting USDC-E.D. Mich. Case No. 07-14206; '**Factitiously**' reported at 653 F.Supp. 2d 715-726(E.D. Mich.2009) inter alia., [Appellant] acceded substantive - verified **18 U.S.C. s241 and 42 U.S.C. s1983 Claims** exacting Declaratory and Monetary 'Relief' based upon ascending - irrefuted - 'verified injuries' attend(ant)ing [City Of Detroit]'s, **April 15 - 27, 2006,** acceding - collusive - irrefuted, "**municipal custom executed**" 'Violations of [Appellant]'s Fourth Amendment Protections' acclaimed - concerning Payton v New York, 445 U.S. 573, n[1] 576(1980) - Kaupp v Texas, 538 U.S. 626, n[3] 630 (2003) **including** U.S. v Elkins, 300 F3d 638, n[28] 655(6-2002) - Cherrington v Skeeter, 344 F3d 631, n[9] 643(6-2003) etc., **see,** e.g., Gregory v Shelby Tenn., 220 F3d 433, n[8,9] 441-42(6-2000) - Parsons v City Of Pontiac, 533 F3d 492, n[1]-[16] 500-04(6-2008)(cert. den.) w/ Georgia v Randolph, 547 U.S. 103, 109-123(2006) - Bridgeport Music Inc. v Universal-MCA..., 583 F3d 948, n[3] 953(6-2009), **Notwithstanding REMAND** in 6th Circuit Appellate Court Case Nos. 09-2102 / 2155(2012); thus, afflicted Tainted by the Court's acceded - collusive - erroneous / expostulated invocation of 28 U.S.C. s1915(e)-s1915A etc., from 11/27/2007(Dkt.3) thru 03/18/2009(Dkt.41-48) to 08/28/2009(Dkt.54-68, 70-75) thru 11/13/2013(Dkt.166) heretofore, deferencing invocation of 11 U.S.C. s362(a)(Dkt.156) 'ascend(ant)ing' "**18 U.S.C. s241 - 42 U.S.C. s1983 Offensives**" 'instigating USBC-E.D. Mich. Case No. 13-53846' and absolutely warranting - inciting - necessitating **abrupt**, administrative ascertained – incumbent, **redress**

from the Court's collusively "11 U.S.C. s362(b)(1) AND 18 U.S.C. s241 - 42 U.S.C. s1983 Offensive" 03/09/2009 Mediation Reference Order(Dkt.48) acceding APPENDIX X(attached) - 03/24/2014 Order (Dkt.3171) acceding APPENDIX Y(attached), as ultimately - unlawfully delaying / displacing / violating [Appellant]'s U.S. Constitutionally "**OVERDUE**" - Unerring "**Judgement And Relief**" compliant to [City Of Detroit, Michigan]'s ultimately - unabated "**Elective-Option (c)**" discerning and verified of record Filed-Served from 10/03/2007(Dkt.1-2) - 04/13/2009(Dkt.5-40, 54-7) to 06/15/2009(Dkt.64) and 06/19/2009 - 07/24/2009(Dkt.65-68), **heretofore, 'Notwithstanding' "Factitious" expostulations auspicing 11 U.S.C. s362(a) per 28 U.S.C. s1915(e) via s1915A etc., 'ABSENT'** bonafide - certified - verified '**WARRANT**'. See Stanton v Sims, 571 U.S. __(Per Curiam), Opinion Page 3(11/04/2013).

## Argument
### ABUSIVE COLLUSIVE JUDICIAL ABEYANCE – OVERSIGHT

[Appellant]'s position is simple and well grounded in fact and law. **Absent** aspiration - obligation to debate / explore the (im)propriety of the Court's accumulated 'expostulations' discern(able)ing of record heretofore, [Appellant]'s ascend(ant)ing / explicit / incontrovertible / overdue / unadjudicated - unerring 'Declaratory Judgement Award - Recovery Of Money Damages' against [City Of Detroit, Michigan] in total / verified sum of $7,960,000.00; concern U.S. Const. Amendment IV - 18 U.S.C. s241; 28 U.S.C. s158 - s1915(d), s2108 - s2111; 42 U.S.C. s1983 plus FRCP 54 - E.D. Mich. LR 58.1(b)... '**Mandates**', "**EXACTS**" **abrupt** administrative **compliance - execution - sanctioning** of [City Of Detroit, Mich.]'s inherent / **overdue** / unadjudicated - **unerring "Elective-Option (c)"** at E.D. Mich. Case No. 07-14206 Dkt No. 1-2, 5-40, 54-67, 68, heretofore, embodying, incorporation of and Notwithstanding' E.D. Mich. Case No. 13-53846 Orders offending 11 U.S.C. s362(b)(1) per 18 U.S.C. s241 - 28 U.S.C. s1915(d) via 28 U.S.C. s1915(e) - 28 U.S.C. s1930(f)(Dkt.#3171) etc., "**Exacting**" abrupt "**Mandates**" **required** as executing 'Judgement Relief' acceding [Appellee]'s unerring '**Elective-Option (c)**' Filed 07/21-24/2009.

Authored-Executed April 08, 2014, per FRBP 8010(a)(1) By:/s/ _____
Subscribed and sworn to before
on this 08th day of April, 2014.
(Notary) _____

JEFFREY SANDERS (IFP – Pro se)
16599 HUBBELL STREET
DETROIT, MICHIGAN 48235-4030

My Commission Expires Dec. 6, 2020.

GUADALUPE MARTINEZ
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires Dec. 6, 2020
Acting in the County of Wayne

(Page 3 of 3)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

JEFFREY SANDERS,

      Plaintiff(s),

vs.

DETROIT POLICE DEPARTMENT, et al.

      Defendant(s).

Civil Action No.: 07-14206
Judicial Officer: Honorable Denise Page Hood
Nature of Suit:

FILED 2009 MAR 18 P [?]
U.S. DIST. COURT
EAST. DIST. MICH
DETROIT

## ORDER OF REFERENCE TO MEDIATION TRIBUNAL ASSOCIATION

✓ The parties, having stipulated with the approval of the Court that this case be selected for mediation and having agreed to be bound by the provisions of the mediation rule contained in Michigan Court Rule 2.403 including the sanctions relating to costs and attorney fees as provided by such rule.

___ On motion of a party, with notice to opposing parties, that this case be selected for mediation,

___ The Court on its own motion has selected this case for mediation.

**IT IS HEREBY ORDERED** that the above-entitled cause be referred to the Mediation Tribunal Association for mediation under Local Rule 53.1 of the United States District Court for the Eastern District of Michigan.

Mediation to be scheduled for the month/year of: JULY '09

Scheduled Final Pretrial Conference Date: 9/22/09

Scheduled Trial Date (if set): 10/20/09

_____ 68776
Attorney for Plaintiff, Bar No.

_____ (P38861)
Attorney for Defendant, Bar No.

_____
Attorney for Plaintiff, Bar No.

_____
Attorney for Defendant, Bar No.

_____
Attorney for Plaintiff, Bar No.

_____
Attorney for Defendant, Bar No.

_____
Attorney for Plaintiff, Bar No.

_____
Attorney for Defendant, Bar No.

Dated: 3/9/09

_____
Denise Page Hood
United States District Judge

**APPENDIX X**



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

**Order Denying Application to Proceed in District Court  
Without Prepaying Fees (Dkt. #3019)**

Jeffrey Sanders has filed an appeal and an Application to Proceed in District Court Without Prepaying Fees. For the reasons stated herein, the application is denied.

28 U.S.C. § 1930(f) is the only provision that addresses the waiver of fees. Subparts (1) and (2) of subsection (f) refer only to the court's ability to waive certain fees for debtors in chapter 7 cases. Subpart (3) states that the subsection does not restrict a bankruptcy court from waiving fees prescribed under that section for other debtors and creditors in accordance with Judicial Conference policy. However, the Judicial Conference has not set any standard or policy in relation to waiving fees for other debtors and creditors.

Several cases have held that the court lacks the authority to waive the fee in these circumstances. In *In re Thomas*, 2010 WL 3282633 (W.D. Okla. Aug. 18, 2010), the district court affirmed the bankruptcy court's denial of the debtor's request to waive the appeal fee on grounds that it did not have authority to waive the fee. In *In re LeGare*, 2013 WL 5417212 (Bankr. N.D. Ohio Sept. 26, 2013) the court denied a creditor's request to waive the adversary proceeding fee for lack of authority to do so under § 1930(f)(3). In *Bernegger v. King*, 2011 WL 1743880 (E.D. Wis. May 6, 2011), the court denied a debtor's request to waive the appeal fee because, among other things, the appeal was brought in bad faith.



In this case, the Court would further find that even if it had the authority and discretion to waive the appeal fee, it would not do so. The pleading that forms the basis of the appeal is frivolous and virtually incomprehensible. Therefore the Court must conclude that the appeal is also quite likely frivolous as well.

Not for Publication

**Signed on March 24, 2014**

                                                   **/s/ Steven Rhodes**
                                                   **Steven Rhodes**
                                                   **United States Bankruptcy Judge**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
APR 13 2009
CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

JEFFREY SANDERS,
    Plaintiff,

V

DETROIT POLICE DEPT., et al.,
    Defendant(s).

CASE NO. 07-CV-14206
HON: DENISE PAGE HOOD
Magistrate Judge Donald A. Scheer

_____/

### AFFIDAVIT OF INJURY(IES) AND DAMAGE(S) INFLICTED

State Of Michigan)
               )
County Of Wayne)

JEFFREY SANDERS(Plaintiff), being first duly sworn, deposes and states that as a d-Direct Result of the Defendant(s) City Of Detroit Police Dept.'s April 15, 2006, "munic-Ipal custom executed" violation(s) of the Fourth Amendment rule(s) of law as enunciated In U.S. v Elkins, 300 F.3d 638, n.(28) at 655(6 Cir. 2002) w/ U.S. v Payton, 445 US 573, n.(1) at 576(1980), as demonstrated by the 'arrest report' hereto attached as EXHIBIT 1, Inter alia., the Deponent(JEFFREY SANDERS) herein suffered the following demonstra-fed and irrefut(able)ed injury(ies) and damage(s) of record:

    1. Exposure and subjection to "municipal custom executed" Criminal Conduct, impli-cating U.S. v ELKINS, 300 F.3d 638, n.(28) at 655(6 Cir. 2002) w/ 18 U.S.C., Sec. 241, i.e., manufacture and invocation of exigent "Felon(ious)y" circumstances, to which Dep-onent attaches a 'punitive damage(s)' value of $3,750,000.00, subject to FRCiv P 54©;

    2. Loss of Physical Liberty from April 15, 2006 thru October 30, 2006, subject to the Posting of $50,000.00 Bond imposed by 36th District Court Judge Marylin Atkins on Ap-Ril 27, 2006, continued by 3rd Circuit Court Maggie Drake on May __, 2006, and subse-Quent $100,000.00 Personal Bond issued by 3rd Circuit Court Judge Craig S. Strong on t 10/30/2006, to which Deponent attaches a 'compensatory damage' value of $50,000.00;

    3. Loss of Residency and Personal Estate, worth and valued at $160,000.00, to which Deponent attaches a 'compensatory damage' value of $160,000.00;

    4. Loss of Personal Legal Effects w/ Recovery of $3,500,000.00 medical malpractice Damages, pursuant to law, in WCCC Case No. 05-523094-NH to which Deponent attaches a 'compensatory damage' value of $3,500,000.00;

    5. Loss of sole Legal and Actual custody of child (Eulisha T.R. Sanders), subject to Probate Order of Judge Martin T. Maher on 05/31/2006, to which Deponent attaches the 'compensatory damage' value of $500,000.00, subject to FRCiv P 54©.

Subscribed and sworn to before me
On this 13th day of April, 2009.

/s/ Jeffrey Sanders
Jeffrey Sanders
16599 Hubbell St.
Detroit, Mich 48235

Rhonda Charlotte Harris
Notary Public, State of Michigan
County of Wayne
My Commission Expires: September 20, 2012
Acting in the County of Wayne

13-53846-tjt Doc 3898 Filed 04/08/14 Entered 04/08/14 12:00:22 Page 7 of 9





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SANDERS,
    Plaintiff,

V

CITY OF DETROIT, et al.,
    Defendant(s).

CASE NO. 07-CV-14206
HON. DENISE PAGE HOOD
Magistrate Judge Donald A. Scheer

| Jeffrey Sanders | Jane Kent Mills (P-38254) |
|---|---|
| 16599 Hubbell | 660 Woodward Ave., Suite 1650 |
| Detroit, Michigan 48235 | Detroit, Michigan 48226 |
| PLAINTIFF IN PRO PER | ATTORNEY FOR DEFENDANTS |

PLAINTIFF'S TENTATIVE (08/05/2009) SETTLEMENT CONFERENCE AND HEARING PRESENTATION(s)

State Of Michigan)
    )
County Of Wayne)

    JEFFREY SANDERS (Plaintiff), being first duly sworn, depose(s) and states that:

1. With respect to the Court's observation that "....The Court presumes that Plaintiff's oft-repeated Contentions will be resolved(see ORDER dd 06/25/09, Dkt. #66)"...., Plaintiff herein submits that the Defendant(s) CITY OF DETROIT, et al., is duly and properly subject to a 'Declaratory Judgement' respect-Ing Defendant(s)' inescapable liability, herein, and commanding, directing, and effecting the Defendants' Immediate (08/05/2009) payment of (A) $7,960,000.00 to Plaintiff JEFFREY SANDERS; or (B) $4,210,000.00 To Plaintiff JEFFREY SANDERS, followed by annual April 01, 2010 – 2019 payment(s) of $375,000.00 to Plaintiff JEFFREY SANDERS; or © $796,000.00 to Plaintiff JEFFREY SANDERS, followed by annual April 01, 2010 – 2018, payment(s) of $796,000.00 to Plaintiff JEFFREY SANDERS, according to the Defendants' own election and sanction by the Court, in accordance with Celotex Corp. v Catrett, 477 US 317, n.(1,2) at 322 -323, 106 S.Ct. 2548, n.(1,2) at 2552(1986), ref. In Hamby v Neel, 368 F.3d 549, 556(6Cir. 2004); etc., due To the fact that Defendant(s) City Of Detroit, et al., have failed, as a matter of record herein, to discover And produce any "evidence" warranting the Court's, heretofore, depatrure(s) and feigned ignorance to The 'material facts' and multiple 'Exhibits and Affidavits' herein presented (see Pleadings w/Exhibits and Affidavits at Dkt. #1 – Dkt. #64) and applicable/governing rule(s) of law herein, see Celotex Corp, supra.

2. Defendant(s) City Of Detroit, et al., is duly subject to the above-referenced 'election and settle-ment', in accordance with "mandate(s)" set forth in FRCP 54(b)-(d), FRCP 56(c)-FRCP 58, ED Mich. Local Rule 58.1(b), otherwise implicating 18 USC s241 w/ FRCP 11 sanctioning, etc.

Subscribed and sworn to before
Me this 21 day of July, 2009.
_Rhonda Charlotte Harris_
(Notary Public)
My Commission Expires: 9/20/12
RHONDA CHARLOTTE HARRIS
Notary Public, State of Michigan
County of Wayne
My Commission Expires Sep. 20, 2012
Acting in the County of Wayne

/s/ _Jeffrey Sanders_
Plaintiff In Pro Per
16599 Hubbell St.
Detroit, Mich. 48235

