UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

**MOTION OF THE CITY OF DETROIT WATER & SEWERAGE DEPARTMENT FOR AN ORDER, PURSUANT TO 11 U.S.C. §105, AMENDING AND CLARIFYING THE FEE REVIEW ORDER DATED SEPTEMBER 11, 2013**

NOW COMES the City of Detroit Water & Sewerage Department ("DWSD"), by and through counsel, Kilpatrick & Associates, P.C., and in support of this Motion for an Order, Pursuant to 11 U.S.C. §105, Amending and Clarifying the Fee Review Order of September 11, 2013, states as follows:

**Background, Jurisdiction, and Authority**

1. On July 18, 2013 ("Petition Date"), the City of Detroit, Michigan ("City") filed a petition for relief under Chapter 9, Title 11 of the United States Code.

2. DWSD is a department of the City that has operational independence from the City in the areas of purchasing, human resources, law, and finance, pursuant to an order entered on November 4, 2011 in the case *United States of*

1

*America v. City of Detroit, et. al.*, United States District Court for the Eastern District of Michigan, Case No. 77-71100.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Motion is brought pursuant to 11 U.S.C. §105 and L.B.R. 9014-1 (E.D.M.).

**Facts**

7. Between 1992 and 2012, DWSD issued several series of Water Supply System Bonds, Sewage Disposal System Bonds, Water Supply System State Revolving Fund Revenue Bonds, and Sewage Disposal System State Revolving Fund Revenue Bonds (collectively the "Bonds").

8. U.S. Bank National Association serves as the trustee for the Bonds (in such capacity, the "Trustee") pursuant to a Trust Indenture dated February 1, 2013, executed by the City and DWSD in favor of the Trustee, a Trust Indenture dated June 1, 2012, executed by the City and DWSD in favor of the Trustee, and numerous City Ordinances (collectively, "Bond Documents").

9. Under the Bond Documents, DWSD is obligated to pay reasonable and extraordinary fees and expenses incurred by the Trustee, including the reasonable and extraordinary fees and expenses of its counsel and other advisors.

10. The Trustee employs in house counsel and has retained Waller, Lansden, Dortch & Davis, LLP ("Waller") and Bodman, PLC ("Bodman") in connection with this Case.

11. The fees and expenses of the Trustee and its retained professionals are paid by DWSD from revenues deposited in the water and sewer systems' respective operation and maintenance funds.

12. On or about August 8, 2013, DWSD was approached by the Trustee who indicated that it had received numerous calls from DWSD bondholders expressing concerns regarding the impact of the City's bankruptcy and their holding and requested DWSD authorize extraordinary fees to offset the expense incurred in responding to these inquiries.

13. DWSD responded to the Trustee's request by pointing out that it had not defaulted on any payments to the holders of the Bonds, but agreed to temporarily allow limited extraordinary fees to the Trustee.

14. On or about November 1, 2013, DWSD sent a letter to the Trustee questioning the lack of detail and the amount of the extraordinary fees for which the Trustee was seeking payment. In that letter, DWSD pointed out that these fees

3

should be prepared in accordance with the fee guidelines and submitted to the Fee Examiner appointed by this Court for review and oversight. A copy of the November 1, 2013 letter to the Trustee is attached as Exhibit 6.

15. On or about November 6, 2013, DWSD spoke to the Trustee regarding its concern with the nature and amount of fees being charged. At this point, DWSD was advised that the Trustee wished to obtain a financial advisor to perform due diligence and that the financial advisor would be paid $175,000 per month for the first two months of the engagement, $150,000 per month thereafter, with a $1,000,000 success fee if a majority of bondholders consented to the Plan of Adjustment's treatment of their interests.

16. The financial advisor's proposed due diligence expenses would be in addition to the extraordinary fees already charged by the Trustee.

17. During the following two weeks, DWSD and the Trustee had a series of conversations to see if there was a mutually agreeable manner in which to manage the total amount of monthly fees being charged to DWSD by the Trustee as DWSD was attempting to employ cash conservation strategies during the pendency of the City's bankruptcy proceedings.

18. DWSD and the Trustee were unable to reach agreement on this issue.

19. DWSD has at all times met and continues to meet all its payment obligations to holders of the Bonds.

4

13-53846-tjt    Doc 3929    Filed 04/09/14    Entered 04/09/14 16:03:05    Page 4 of 9

20. From the Petition Date through February 28, 2014, the Trustee has incurred fees and expenses in the approximate amount of $2,424,606.55, the vast majority of which are the fees and expenses of its counsel and advisors.

21. As of March 28, 2014, the Trustee has deducted a total of $2,300,000 in compensation for its and its counsel and advisor's, fees and expenses from DWSD's accounts.

22. The $2,300,000 utilized by the Trustee would have otherwise been available for the benefit of the DWSD water and sewer system and its customers.

23. On September 11, 2013, this Court entered a Fee Review Order ("Fee Review Order"). Paragraph 1 of the Fee Review Order provides that "all professionals who have been retained to render services in connection with this Case and who will seek payment of compensation and reimbursement of expenses from the City for post-petition services" are subject to the Fee Review Order.

24. "Professional Fee Expenses" is defined in the Order Appointing Fee Examiner (and incorporated into the Fee Review Order) to mean "all of the professional compensation and reimbursement of expense obligations (collectively "Fees") that the City incurs in connection with this case whether payable to professionals employed by the City *or by others*."

25. The Trustee's professionals were not originally listed on the schedule of City Professionals provided by the City to the Fee Examiner. Based on the

5

13-53846-tjt    Doc 3929    Filed 04/09/14    Entered 04/09/14 16:03:05    Page 5 of 9

circumstances that have occurred since the original list was prepared, the City has indicated that it now would like to expressly include the Trustee's professionals as City Professionals whose fees and expenses are subject to review under the Fee Review Order. The Trustee's counsel and advisors are of the opinion that they are not subject to the Fee Review Order. The Fee Examiner has not taken an official position on this matter, but has expressed a willingness to review the fees and expenses of the Trustee's professionals.

## Argument

26. Section 105 of the Bankruptcy Code permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

27. Although not retained by the City, counsel for the Trustee and the advisors hired by the Trustee in connection with this case are being compensated and reimbursed for expenses by DWSD from system revenues, pursuant to the Bond Documents. As such, the Trustee's professionals fall within the definition of City Professionals in the Fee Review Order and, in any event, the review of these significant fees is consistent with the intent and purpose of the Fee Review Order.

28. The fees and expenses reimbursed to the Trustee in connection with the City's bankruptcy case have been exorbitant and the professionals hired by the Trustee have no accountability to the City and its customers and do not have any

6

incentive to limit costs and expenses as the Bond Documents permit compensation for not just reasonable, but extraordinary, fees and expenses.

29. Waller is billing at an average rate of $359 per hour for services provided to the Trustee in connection with this bankruptcy case and, during a five month period, billed the Trustee over a half a million dollars in fees and expenses, which were ultimately paid by DWSD. In addition to Waller's fees, there are fees being paid to U.S. Bank's internal counsel at an average rate of $520 per hour and fees being paid to Bodman at an average rate of $424 per hour.

30. Considering the City's Plan of Adjustment most recently filed on March 31, 2014 proposes minimal impairment of the Bonds, the amount paid to the Trustee in fees and expenses thus far appears substantially disproportionate to its need. Further, upon information and belief, the holders of the Bonds are sophisticated investors therefore; the Trustee and its professionals should limit the services to those necessary to meet its responsibilities under the Trust Indenture.

31. To ensure that DWSD is not charged unnecessary or unreasonable fees and expenses by the professionals hired by the Trustee in connection with this Case, it is necessary to subject the professionals hired by the Trustee to the Fee Review Order and allow DWSD to challenge the fees and expenses of the Trustee's professionals found to be unreasonable by the Fee Examiner by bringing an appropriate motion before this Court.

32.  L.B.R. 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that concurrence was denied."  Given the number of parties and potential parties involved in this case and the lack of known opposing parties who would be adversely impacted by the relief requested herein, it would be impracticable (and, with regard to unknown parties, impossible) for DWSD to affirmatively seek the concurrence of each opposing counsel interested in the relief sought herein. Accordingly, DWSD submits that improving the requirements of L.B.R. 9014-1(g) in this matter would be "unduly burdensome" and requests that its requirements be waived. Nevertheless, DWSD has conferred with the Trustee, which does not concur with the relief requested herein.

33.  DWSD files this Motion without prejudice to or waiver of the City's rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

8

**WHEREFORE**, the City of Detroit Water & Sewerage Department respectfully requests that this Honorable Court (a) enter an order that conforms substantially to the proposed order attached hereto as Exhibit 1amending and clarifying the Fee Review Order, pursuant to 11 U.S.C. §105, to provide that the professionals that have been hired by the Trustee in connection with this bankruptcy case and any professionals that are hired by the Trustee in connection with this bankruptcy case going forwarded are subject to the Fee Review Order, and (b) grant such other and further relief that this Court deems just and proper.

Respectfully Submitted,

KILPATRICK & ASSOCIATES, P.C.

_/s/ Richardo I. Kilpatrick_____
RICHARDO I. KILPATRICK (P35275)
SHANNA M. KAMINSKI (P74013)
Attorneys for the City of Detroit
Water and Sewerage Department
and its Board of Water Commissioners
615 Griswold, Ste. 1708
Detroit, MI 48226-3985
ecf@kaalaw.com
(313) 963-2581

Dated: April 9, 2014