UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

----------------------------------------------- )
                                                  )
In re:                                       )          Case No. 13-53846
                                                  )
CITY OF DETROIT, MICHIGAN,     )          In Proceedings Under
                                                  )          Chapter 9
                     Debtor.       )
                                                  )          Hon. Steven W. Rhodes
                                                  )
----------------------------------------------- )

**WAYNE COUNTY'S MOTION UNDER 11 U.S.C. §105(d)(1) FOR A STATUS CONFERENCE ON, AND APPOINTMENT OF A FACILITATIVE MEDIATOR WITH RESPECT TO, ISSUES RELATED TO THE FUTURE OF THE DETROIT WATER AND SEWERAGE DEPARTMENT**

       Wayne County, Michigan, a Michigan Constitutional corporation, a party-in-interest in this case, by and through its County Executive, Robert A. Ficano ("Wayne County"), states:

**Background:**

       1.      The Detroit Water and Sewerage Department ("DWSD") is a branch of the City of Detroit government.  DWSD provides water and sewage service to four million residents of southeast Michigan, most of whom reside in Oakland, Macomb and Wayne Counties (together, the "Counties").

       2.      Wayne County is a customer and potential creditor of the City of Detroit (the "City").  Wayne County and the City are parties to a January 13, 1944 Agreement for Use of Certain Detroit Sewers, amended by a February 28, 1961 Amendatory Agreement and a June 13, 1982 Amendment No. 2, as well as other agreements by which DWSD provides Wayne County and its residents with water and sewage services.

1

3. DWSD is one of the largest providers of high-quality drinking water and wastewater treatment services in the United States. DWSD's network covers more than 1,000 square miles, and services more than 40 percent of the population of Michigan.

4. The services supplied by DWSD are core functions of government, supplying the most basic and essential human needs. DWSD maintains an extensive infrastructure designed to meet regional needs.

5. Much of this infrastructure is aged (dating from before World War II) and suffers from years of underinvestment. As a result of issues dating back up to 40 years, Wayne County estimates that there is a need for well in excess of $1 billion dollars in improvements over the next five years.

6. In 1977, and again in 1980, the U.S. Environmental Protection Agency (the "EPA") commenced suit against the DWSD, leading to a July 19, 1978 Settlement Agreement and a later Amended Consent Judgment. The Amended Consent Judgment led to significant judicial involvement in the management of DWSD for the approximately next 33 years. Unfortunately, despite that level of involvement and some progress, significant operational and long-term issues remain at DWSD.

7. As a result of a history of mismanagement, an investigation by the new DWSD board and management team discovered that DWSD's balance sheet has eroded by a billion dollars over the past five years. Further, as a result of this bankruptcy case, DWSD's borrowing ability has been diminished and its cost of capital increased.

8. The cost of water and sewer services for City of Detroit residents are substantially above federal and industrial guidelines, despite one-third of households being below the poverty level.

9. DWSD is not merely a source of potential revenue to provide other services to Detroit residents. It provides the most vital services, and must maintain a reasonable cost structure to prevent further impoverishment of its customers, including those in the City.

**Recent Developments:**

10. On or about March 25, 2014, the City distributed a request for proposals to potential private operators of DWSD's systems, seeking a public-private partnership of the operation and management of DWSD, or similar proposals.

11. On March 31, 2014, the Debtor filed its Amended Plan and Amended Disclosure Statement which indicated that the City was considering three very different options for the DWSD – (i) the status quo, with DWSD remaining a department of the City, (ii) a new Regional Authority which includes each of the Counties, or (iii) some form of public-private partnership.

12. Obviously, as the Plan presents multiple very different options for DWSD, its future has not been resolved and remains a major open issue in this case.

13. On April 7, 2014, both Oakland and Macomb Counties filed objections to the Amended Disclosure Statement focusing on DWSD issues, and their concerns with respect to the adequacy of the information disclosed about these options.

14. In addition, there has recently been an exchange of semi-public letters between the Counties and the City of Detroit Emergency Manager whereby each party has stated their position. It is clear from these letters that an internal process, without a mediator, is not likely to lead to a rapid, efficient resolution of a complex and long-standing dispute.

**Need For Facilitative Mediation:**

15. This Court, and other parties-in-interest, including the Debtor, have expressed repeatedly the critical need for an economical, efficient process to resolve all issues related to the City's bankruptcy in a expeditious manner.

16. A successful plan for post-bankruptcy Detroit must be an improved and financially sustainable water and sewer system for both Detroit residents and suburban customers.

17. As demonstrated by the March 25th request for proposals and the significant changes contained in the March 31 Amended Plan, this process is trailing behind some of the other significant issues in this case.

18. Although negotiations between the Counties and the City have occurred, these negotiations have not yet reached a conclusion, and need to be accelerated.

19. Instead, the negotiations are now at the "angry letter" state, which has not produced any progress in negotiations. Instead, the parties currently disagree even about the process and state of due diligence.

20. While not minimizing the importance of the Disclosure Statement issues raised by Oakland County and Macomb County, Wayne County recognizes that it is critical that all issues related to DWSD must be, and will be, substantively resolved through the bankruptcy process. From a "big-picture" standpoint, now is the time for substantive, productive negotiations on the future of DWSD.

## The Mediation Process:

21. On August 13, 2013, this Court entered its Mediation Order (DE 322), appointing Chief District Judge Gerald Rosen of the Eastern District of Michigan, as judicial mediator for the purpose of facilitative mediation. Chief Judge Rosen is authorized to engage in facilitative mediation on discovery, substantive issues and process issues, as referred by the Court, with such other mediators, judicial or non-judicial, as Chief Judge Rosen may designate.

22. The Mediation Order also provided that this Court may order the parties to engage in any mediation that the Court refers to Chief Judge Rosen.

23. Already, certain issues related to the treatment of the bondholders of DWSD have been referred to Chief Judge Rosen for mediation. See, DE 2346. While the issues raised by the Plan and this Motion are separate from the treatment of bondholders, the familiarity gained by Chief Judge Rosen through that mediation may be helpful in resolving the global issues between the Counties and DWSD.

24. Wayne County submits that the dispute over the future of DWSD is a critical issue in this case that can be resolved with Chief Judge Rosen's assistance.

25. Among other things, Chief Judge Rosen and such mediators as he may appoint to work with him can:

   a. Serve as an "honest broker", helping resolve hotly-contested issues related to due diligence, document production and the level of investigation needed to permit substantive negotiations over the future of DWSD;

   b. Work to resolve the Counties' various objections to the Disclosure Statement and, likely, the Plan; and

c. Assist the parties in negotiating a resolution of DWSD's future that ensures high-quality, environmentally-sound and affordable water and sewage services to City residents and businesses as well as the approximately 4 million regional customers of DWSD.

**Confidentiality:**

26. The Court's Mediation Order provides for strict confidentiality for all mediation discussions. The parties, including Wayne County, have all publicly set forth their positions on DWSD – now is the time for substantive and confidential discussions on compromise and resolution.

27. Wayne County believes that such confidentiality is critically necessary if the Counties and DWSD are to be able to overcome a long history of disputes and reach a global resolution that is in the best interests of all parties.

WHEREFORE, Wayne County requests that this Honorable Court either:

(a) Schedule a Status Conference on DWSD issues, including the pending Disclosure Statement objections; and/or

(b) Order mediation of the issues outlined in this Motion before Judge Rosen pursuant to the Mediation Order.

Respectfully Submitted,

BUTZEL LONG, a professional Corporation

/s/ Max J. Newman
By: Max J. Newman (P51483)
By: Beth Gotthelf (P38951)
Attorneys for Wayne County
Stoneridge West
41000 Woodward Ave
Bloomfield Hills, MI 48304
(248) 258-2907
newman@butzel.com

Dated: April 10, 2014