UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | ) | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

**DEUTSCHE BANK'S FIRST SET OF (I) INTERROGATORIES AND (II) REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO THE CITY OF DETROIT IN CONNECTION WITH THE AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS**

Deutsche Bank AG, London ("Deutsche Bank"), by their undersigned attorneys and pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7026, 7033, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Third Amended Order Establishing Procedures, Deadline and Hearing Dates Relating to the Debtor's Plan of Adjustment* (together with any amendments thereto, the "Scheduling Order") [D.I. 3632], hereby (1) propound the following interrogatories ("Interrogatories") and request that the same be answered, in writing and under oath, by the City of Detroit, Michigan (the "City") on or before April 25, 2014, in compliance with the deadline imposed by the Scheduling Order, and (2) request that the City produce for inspection, examination, and copying the documents set forth in the following requests in the City's possession, custody, or control ("Document Requests"). Production should be made on a rolling basis at the offices of Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York, 10022, with such production to be completed on or before April 25, 2014, in compliance with the deadline imposed by the Scheduling Order for production of documents.

1

## INSTRUCTIONS

A. In accordance with the Bankruptcy Rules, your response shall set forth the Interrogatory and its answer, with each Interrogatory answered separately and fully in writing and under oath, unless it is objected to, in which event your reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the parties making them, and the objections signed by the attorney making them.

B. These Interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.

C. Unless otherwise indicated, these Interrogatories refer to matters in the above-captioned bankruptcy case and the Amended Plan for the Adjustment of Debts of the City of Detroit (as such may be further amended, supplemented, or modified).

D. Each answer shall include (a) the identity of all documents on which you will or may rely at the Plan confirmation hearing with respect to the subject matter of the Interrogatory and (b) the identity of all persons on whose testimony you will or may rely upon at the Plan confirmation hearing with respect to the subject matter of the Interrogatory.

E. Where knowledge or information in the possession, custody or control of a party is requested, such a request includes knowledge of the party's agents, servants, employees, representatives, and unless privileged, its attorneys. The answer to each Interrogatory must include all knowledge within your possession, custody or control, and in the possession, custody or control of your agents, investigators, others acting on your behalf or under your direction or control, and others associated with you.

F. Where an answer or a portion thereof is given upon information and belief rather than personal knowledge, please so state and describe and/or identify the sources of such information and belief.

2

G.  When an Interrogatory asks you to "describe" or "identify" a document, provide the following information with respect to each such document: (1) The date appearing on such document; or if it has no date, so state and give the date or approximate date such document was prepared, produced, created, or came into being; (2) Any identifying or descriptive code number, file number, title or label of such document; (3) the general nature and description of such document; (4) the name of the person(s) who signed, authored, produced or created such document; (5) the name of the person(s) who prepared such document; (6) the name of the person(s) to whom such document was addressed and the name of each such person other than the addressee to whom such document, or copy or reproduction thereof, was given or sent; (7) the name of the person or entity having present possession, custody or control of such document; (8) the present location of such document; (9) if such document was, but is no longer in your possession, custody, or control, state what disposition was made of such document, the reason for such disposition, and the date thereof; and (10) whether or not any draft, copy, or reproduction of such document contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, the answer shall give the description and identification of each such draft, copy or reproduction in accordance with the above subpart (1) through (9). In lieu of so identifying a document, at your option, you may attach an accurate copy of it to your answers to these Interrogatories, appropriately labeled to correspond to the Interrogatory in response to which it is being produced.

H.  Where asked to "identify" or for the "identity" or "identification" of a natural person, state that person's full name, last known address, home and business telephone numbers, and present business affiliation. When the terms "identify," "identity," or "identification" are used in reference to a person other than a natural person, describe the nature of such person (that

3

is, whether it is a corporation, partnership, etc. under the definition of "person" above), and to state that entity's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

I. In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Interrogatory or part thereof, or Document Request or part thereof, and information is not provided on the basis of such assertion:

1. In asserting the privilege, the responding party shall, in the objection, identify with specificity, the nature of the privilege that is being claimed and set forth all foundational facts upon which the responding party bases each claim of privilege;

2. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

a. For oral communications: (i) the name of the person making the communication and the names of the person(s) present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication;

b. For Document Requests: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

J. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If partial or incomplete answer is provided, the responding party shall state the answer is partial or incomplete.

K. If and to the extent the responding party declines to answer any Interrogatory upon any claim of privilege, state with particularity the privilege(s) claimed and set forth all foundational facts upon which the responding party bases each claim of privilege.

L. If the responding party elects to specify and produce documents in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify the documents from which the answer may be ascertained.

M. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing the questions, instructions, or definitions, the responding party's answers shall set forth the matter deemed ambiguous and the construction used in answering.

N. Production of documents shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this Document Request.

O. If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

P. If any document cannot be produced in full, it shall be produced to the maximum extent possible and the City shall specify in writing the reasons for its inability to produce the remainder.

Q. If documents called for are not available to the City because they are in the possession, custody, or control of a third person, identify such documents and the third person in

5

whose possession, custody, or control said documents are to be found.

R. Produce original documents whenever such documents are available to the City.

S. Produce all documents available by virtue of being in possession, custody, or control of the City's attorneys or other agents.

T. These Document Requests shall be deemed to be continuing, and any additional documents relating in any way to these requests to produce or the City's original responses that are acquired subsequent to the date of responding to these requests, up to and including the time of trial, shall be furnished to Deutsche Bank promptly after such documents are acquired as supplemental responses to these requests.

U. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all." "Any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompasses both "and" and "or." Words in the masculine, feminine or neuter shall include each of the other genders.

## DEFINITIONS

As used in these Interrogatories and Document Requests, the meanings ascribed to the following terms are to be interpreted in accordance with the below definitions.

A. All terms not otherwise defined herein shall have the meanings given to them in the Plan and Disclosure Statement.

B. The term "the City" means the City of Detroit, Michigan and the parties to whom this request is directed, and shall include anyone acting on behalf of the City, over whom the City has control, or which is, or may be subrogated to the City's interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

C. The term "Class(es)" means the defined term under the Plan.

D. The term "Documents" and "Document" have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including without limitation hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape and notes of meetings, conferences, conversations or telephone conversations and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in your custody, possession, or control.

E. The term "person" means any natural person, business, or legal or governmental entity or association.

F. The term "Plan" means the *Amended Plan for the Adjustment of Debts of the City of Detroit* [D.I. 3380], as amended, supplemented, or modified from time to time, including any exhibits thereto and the Plan Supplement, which is incorporated by reference and made part of the Plan.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify, describe and state the fair market value of each City-owned asset valued at more than $1 million, and explain the basis for the fair market value stated (the "Identified Assets").

**INTERROGATORY NO. 2:** Identify and describe which of the Identified Assets will be used to satisfy creditors, under the Plan (the "Recovery Assets").

**INTERROGATORY NO. 3:** Identify and describe the proposed method of disposition (i.e., sale, privatization, or collateralization) of each of the Recovery Assets.

**INTERROGATORY NO. 4:** Identify which Classes will receive a recovery from each of the Recovery Assets, under the Plan.

**INTERROGATORY NO. 5:** Identify and describe in detail the City's efforts, to date, to market each of the Recovery Assets.

**INTERROGATORY NO. 6:** State and explain each fact that supports the City's proposed method of disposition of each of the Recovery Assets.

**INTERROGATORY NO. 7:** Identify and describe in detail and provide the City's analysis of alternative methods of disposition of each of the Recovery Assets.

**INTERROGATORY NO. 8:** Identify which of the Identified Assets will not be used to satisfy creditors, under the Plan (the "Excluded Assets").

**INTERROGATORY NO. 9:** Identify and describe in detail the City's understanding of the current fair market value of the Excluded Assets.

**INTERROGATORY NO. 10:** State and explain each fact that supports the City's reasoning for excluding each of the Excluded Assets from providing a recovery to creditors.

**INTERROGATORY NO. 11:** Identify and describe in detail the City's efforts to market each of the Excluded Assets.

### REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Deutsche Bank requests that the City produce each document identified in response to the foregoing Interrogatories.

Dated: April 11, 2014.   Respectfully submitted,

*/s/ Kenneth E. Noble*
Kenneth E. Noble
E-mail: Kenneth.noble@kattenlaw.com
John J. Ramirez
Email: john.ramirez@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Tel: 212-940-8800

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

The undersigned certified that on April 11, 2014, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which provides electronic notification of such filing to all counsel of record.

Dated: April 11, 2014

*/s/ Kenneth E. Noble*
Kenneth E. Noble
E-mail: Kenneth.noble@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Tel: 212-940-8800