UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,　　　　　　　　　　　　Chapter 9
　　　　　　　　　　　　　　　　　　　　　　　　Case No. 13-53846
　　　　　Debtor.　　　　　　　　　　　　　　　 Hon. Steven W. Rhodes
_____/

**Notice of Subpoenas Pursuant to Federal Rule of Civil Procedure 45(a)(4)**

　　　　Please take notice that on April 11, 2014, Nuveen Asset Management and Blackrock Financial Management, Inc., by their local counsel, Steinberg Shapiro & Clark, will file and serve a copy of the attached Subpoena d*uces tecum* pursuant to Federal Rule of Civil Procedure 45, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016, on Oakland County.

　　　　　　　　　　　　　　　　　　　　　　STEINBERG SHAPIRO & CLARK

　　　　　　　　　　　　　　　　　　　　　　 /s/ Geoffrey T. Pavlic (P53770)
　　　　　　　　　　　　　　　　　　　　　　Attorney for Nuveen Asset Management and
　　　　　　　　　　　　　　　　　　　　　　Blackrock Financial Management, Inc.
　　　　　　　　　　　　　　　　　　　　　　25925 Telegraph Road, Suite 203
　　　　　　　　　　　　　　　　　　　　　　Southfield, MI  48033
　　　　　　　　　　　　　　　　　　　　　　248-352-4700
　　　　　　　　　　　　　　　　　　　　　　pavlic@steinbergshapiro.com

Date:　April 11, 2014

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In Re:

City of Detroit, Michigan                                Case No. 13-53846
                                                         Chapter 9
    Debtor.                                              Hon. Steven W. Rhodes
_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

TO:  Oakland County
     Clerk of the County
     1200 North Telegraph Road
     Pontiac, MI 48341

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Steinberg Shapiro & Clark, 25925 Telegraph Rd., Suite 203, Southfield, MI 48033 | April 25, 2014 at 10:00 a.m. (EST) |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | 4/11/14 |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Geoffrey T. Pavlic (P60262), Attorney for Nuveen Asset Management and Blackrock Financial Management, Inc. 25925 Telegraph Rd., Suite 203, Southfield, MI 48033 (248) 352-4700.

**Notice to the person who issues or request this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

| SERVED | DATE<br>Friday, April 11, 2014 | PLACE<br>1200 North Telegraph Road<br>Pontiac, MI 48341 |
|---|---|---|

| SERVED ON (PRINT NAME)<br>Oakland County, Clerk of the County | MANNER OF SERVICE<br>Process Server |
|---|---|
| SERVED BY (PRINT NAME) | TITLE<br>Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____          _____
                DATE                                                    SIGNATURE OF SERVER

                                                            _____
                                                                                   ADDRESS OF SERVER

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**
*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles or where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party of a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.
*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles or where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issued court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A.  All capitalized terms not otherwise defined herein shall have the same meanings given to them in (1) the Trust Indenture among the City, Detroit Water and Sewerage Department and Trustee relating to the Outstanding Secured Obligations of the Detroit Water and Sewerage Department (Sewage Disposal System), dated as of June 1, 2012 (the "Sewer Indenture"), and (2) the Trust Indenture among the City, Detroit Water and Sewerage Department and Trustee, relating to the Outstanding Secured Obligations of the Detroit Water and Sewerage Department (Water Supply System), dated as of February 1, 2013 (the "Water Indenture," together with the Sewer Indenture, the "Indentures").

B.  The term "Bankruptcy Case" shall mean the City's chapter 9 case.

C.  The term "Bonds" shall mean and refer to the special revenue water and sewer bonds issued by the City pursuant to the Ordinances, Indentures and related supplemental actions.

D.  The term "Capital Expenditures" shall mean costs incurred for the addition, replacement, improvement, or enhancement of a fixed asset, to the extent such costs are properly chargeable to a fixed capital account pursuant to generally accepted accounting principles. This term shall include, without limitation, expenditures for vehicles and equipment, including to replace worn, lost, or destroyed vehicles and equipment, and expenditures for internal labor.

E.  The term the "City" or the "Debtor" shall mean and refer to the City of Detroit, Michigan, including without limitation any persons or entities acting or purporting to act for or on its behalf.

F.  The term "Disclosure Statement" shall mean the *Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 2709), as amended from time to time.

G.  The term "Document(s)" shall be interpreted in the broad and liberal sense and means written, typed, printed, recorded, graphic or photographic matter or any other medium upon which intelligence or information can be recorded, stored, or retrieved, however produced or reproduced, of any kind and description, and whether an original, master, duplicate or copy, including, but not limited to, paper, notes, accounts, books, journals, advertisements, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, including interoffice and intra-office communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, graphs, plans, specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of committee meetings, books of account, ledger books, notebooks, vouchers, bank checks, cashier's checks, receipts for cashier's check, canceled checks, check stubs, bills, receipts, invoices, delivery tickets, bills of lading, time sheets, desk calendars, appointment books, log books, diaries, diary entries, photographs, microfilm, microfiche, and notes, minutes, transcriptions or sound recordings of any conversations, negotiations, meetings or conferences, conducted either in person or by telephone, or things similar to any of the foregoing, and all other papers, writings or physical things containing information, including data compilations from which information can be obtained by detection devices, and including preliminary drafts of or marginal notes appearing on any document, however denominated or described.

H.  The term "DWSD" shall mean and refer to the City of Detroit Water and Sewerage Department.

I. The term "Fiscal Year" shall mean the twelve-month period of time ending June 30 of the year stated. For example, "Fiscal Year 2014," refers to the period of time from July 1, 2013, to June 30, 2014.

J. The term "GLWA" shall mean and refer to the Great Lakes Water Authority or any transferee of the Systems by DWSD, in whole or in part.

K. The term "GRS" shall mean the General Retirement System for the City.

L. The term "Material" shall mean 6% or more.

M. The term "Macomb County" shall mean Macomb County, Michigan, including without limitation any persons or entities acting or purporting to act for or on its behalf.

N. The term "Net Revenues" shall have the same meaning as that term has in the Indentures.

O. The term "Oakland County" or "You" or "Your" shall mean Oakland County, Michigan, including without limitation any persons or entities acting or purporting to act for or on its behalf.

P. The term "Petition Date" shall refer to July 18, 2013, when the City filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

Q. The term "Plan" shall mean the City's *Plan for the Adjustment of the Debts of the City of Detroit*, dated February 21, 2014 (Docket No. 2708), as amended from time to time.

R. The term "Gabriel Roeder" shall mean Gabriel Roeder Smith & Company.

S. The term "Sewer System" shall mean the Sewage Disposal System of the City, as further described in the Sewer Indenture.

T. The term "Systems" shall refer to either or both the Sewer System or the Water System, as the context requires.

U. The terms "System Asset" or "System Assets" shall mean one or all of the assets, as the context shall dictate, that comprise both the Sewer System and the Water System, including, without limitation, all real estate holdings, tangible assets and intangible assets. Tangible assets include, without limitation, all pipes, pumping stations, and waste water treatment plants of the Systems. Intangible assets include, without limitation, all computer software, operating licenses and environmental permits, wastewater historical testing documentation on file, engineering drawings and system maps, trained and assembled workforce, goodwill and going concern value.

V. The term "Water System" shall mean the City's Water Supply System, as further described in the Water Indenture.

W. The term "Wayne County" shall mean Wayne County, Michigan, including without limitation any persons or entities acting or purporting to act for or on its behalf.

X. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make each particular request inclusive rather than exclusive.

Y. The term "relating to" shall mean in whole or in part and directly or indirectly relating to, pertaining to, connected with, concerning, commenting on, referring to, responding to, showing, evincing, describing, analyzing, regarding, reflecting, or constituting.

Z. Form of Production. The following form of production is requested: single-page TIFF images that are unitized by document, with text files, with metadata, and with accompanying Concordance load files. Provide metadata that can be extracted for a document for custodian, file path, email subject, from, to, cc, bcc, date sent, time sent, date received, time

received, filename, author, date created, date modified, file extension, bates number begin, bates number end, attachment range, attachment begin, and attachment end. For metadata that cannot be extracted from a document, provide only custodian, bates number begin, bates number end, attachment begin, and attachment end. The data may be globally de-duplicated to eliminate exact duplicates. All images must be assigned a unique and sequential Bates number. Production for particular file types is as follows:

1. <u>Hard-copy documents</u>. Electronically-stored documents should not be reduced to paper. All documents regularly maintained in paper or hard-copy files should be scanned and produced in single-page TIFF images that are unitized by document, with text files, with metadata for custodian, and with accompanying Concordance load files.

2. <u>Standard Electronic Documents</u>. Standard electronic documents, such as those created by standard Microsoft office products, including Microsoft Outlook and Word, WordPerfect, Google Docs, PDF documents, and image files such as JPEG or GIF files, should be produced in single-page TIFF images as described above. When producing e-mail files, maintain parent-child relationships with e-mails and attachments.

3. <u>Spreadsheet Files</u>. All Microsoft Excel, Google Trix, and other spreadsheets should be produced in native format, with a TIFF image as a placeholder for the file to represent the file in the production set. The TIFF image placeholder for the native file should be branded with a unique Bates number and state "See Native Document" on the TIFF image. The native file should then be renamed to match the Bates number assigned to the document with its original file extension. The file name field produced in the production load file that reflects the original metadata should maintain the original file name.

4. _Presentation Files_. All Microsoft PowerPoint, Google Presently, and other presentation files should be processed to include hidden slide and speaker's notes by imaging in a way that both the slide and the speaker's notes display on the TIFF image. Presentation files should be produced in single-page TIFF images as described above.

5. _Database Files_. For any Microsoft Access, Paradox, and other database files that are potentially responsive, opposing counsel will confer with respect to acceptable queries to make directly of the underlying dataset and application. Resulting reports should be produced in single-page TIFF images as described above.

6. _GIS Files_. All GIS files, maps, or layers should be produced in a format viewable in a PDF viewer. Include a TIFF image as a placeholder for the file as required for spreadsheet files in the above item 3.

7. _Other File Types_. For all other file types, opposing counsel should confer to discuss the appropriate form of production.

AA. _Time Period for Requested Documents_. Unless otherwise indicated, these requests seek Documents created on or after the start of Fiscal Year 2009 to the present.

BB. _Privilege_. If You refuse to produce any Document called for in this Request by claiming the Document is privileged or subject to protection as trial-preparation material, You shall produce, in writing, a privilege log, in compliance with Rule 7026 of the Federal Bankruptcy Rules and Federal Rule 26(b)(5)(A)(i) and (ii), that contains sufficient information to allow for an assessment of the claim.

## DOCUMENT REQUESTS

1. All documents reflecting any study, assessment, estimate or opinion regarding historical or future System rates, Capital Expenditures, volumes by customer rate class and service/geographic location, and/or operating expenses.

2. All documents evincing or referring to "feather-bedding" within DWSD, and any and all opinions, assessments, studies or reports reflecting any proposed solutions to such issues.

3. All documents concerning any analysis of DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding.

4. All communications with the City, Macomb County, or Wayne County concerning DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding, and all documents evincing all rate-setting agreements and negotiations regarding the same.

5. All documents relating to the prospect of forming any regional authority or private enterprise to operate, manage, and/or own the Systems, and all documents evincing negotiations, agreements or understandings with the City, Macomb County, Wayne County, and any other County or entity (public or private) regarding disposition or "monetization" of the Systems or altering rates chargeable by the Systems.

6. All reports, whether generated internally or by outside consultants, regarding the appropriate interest rate and comparables utilized in creating the Interest Rate Reset Chart (as defined in the Plan), attached as Exhibit I.A.150 to the Plan.