UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                           Chapter 9

City of Detroit, Michigan,                       No. 13-53846

      Debtor.                             Hon. Steven W. Rhodes
_____/

**DETROIT PUBLIC SAFETY UNIONS'
INTERROGATORIES TO THE CITY OF DETROIT, MICHIGAN**

The Detroit Fire Fighters Association (the "DFFA"), the Detroit Police Officers Association (the "DPOA"), the Detroit Police Lieutenants & Sergeants Association (the "DPLSA") and the Detroit Police Command Officers Association (the "DPCOA") (collectively, the "Detroit Public Safety Unions"), through their counsel, Erman, Teicher, Zucker & Freedman, P.C., hereby request that Debtor, City of Detroit, Michigan, (the "City") answer under oath the following Interrogatories and produce the same at the law offices of Erman, Teicher, Zucker & Freedman, P.C., 400 Galleria Officentre, Suite 444, Southfield, MI 48034, by April 25, 2014, pursuant to the Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Doc. No. 3632], and pursuant to Fed. R. Bankr. P. 7033.

# **DEFINITIONS**

Notwithstanding any definition stated below, each word, term, or phrase used in the Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure, made applicable by the Bankruptcy Rules of Procedure. The following terms shall have the meanings set forth below whenever used in any Interrogatory contained herein:

1. The phrases "referring or relating to" and "refer or relate to" are used herein in their customary broad sense, and without limitation include the phrases, "pertain to," "mention," "constitute," "discuss," "represent," "embody," "illustrate," "describe," "evidence," "identify," and "tend to support or to rebut," in any manner whatsoever and whether directly or indirectly.

2. The terms "the City", "Plaintiff", "you", "your", or "yours", refer to Debtor, City of Detroit, Michigan, and its employees, agents, representatives, and any other persons acting on its behalf.

3. The term "Chapter 9 Petition" means the Voluntary Petition filed by the City on July 18, 2013, Case No. 13-53846 in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Case").

4. The term "Amended Disclosure Statement" means the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of

2

Debtors of the City of Detroit [Docket No. 3382 and 3384, Exhibit A(redline) in the Bankruptcy Case].

5. The term "Amended Plan" means the Amended Plan for the Adjustment of Debts of the City of Detroit (March 31, 2014) [Docket No. 3380 in the Bankruptcy Case].

6. The term "DFFA" means the Detroit Fire Fighters Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

7. The term "DPOA" means the Detroit Police Officers Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

8. The term "DPLSA" means the Detroit Police Lieutenants & Sergeants Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

9. The term "DPCOA" means the Detroit Police Command Officers Association and any of its subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other persons acting on its behalf.

10. The term "Public Safety Unions" means the DFFA, the DPOA, the DPLSA, and the DPCOA and any of their subsidiaries, affiliates, directors,

officers, employees, agents, representatives, and any other persons acting on their behalf.

11. The term "communication" includes, but is not limited to, oral communication either in person, telephonic means or through voice mail, and written communication which includes, but is not limited to, memoranda, notes, letters, and emails.

12. The words "and" as well as "or", shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of the Interrogatories any information that might be deemed outside their scope by any other construction. The word "any" means "any and all", the word "including" means "including without limitation," and the word "each" means each and every.

13. Unless otherwise indicated, any capitalized term that used herein shall have the meanings given to that term by the Amended Plan and Amended Disclosure Statement, including their various attachments and exhibits.

14. Unless otherwise indicated, any term that is not otherwise defined herein, but that is used in the Bankruptcy Code or Bankruptcy Rules, shall have the meaning given to that term in the Bankruptcy Code or Bankruptcy Rules.

15. Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

4

## INSTRUCTIONS

In addition to the specific instructions enumerated below, the instructions set forth in Fed. R. Civ. P. 33 (made applicable to this proceeding by Fed. R. Bankr. P. 7033) are incorporated herein by reference.

1. Each Interrogatory shall be answered separately and numbered in the same manner and sequence as the corresponding Interrogatory.

2. All answers shall be as complete and straightforward as the reasonably available information permits. If an Interrogatory cannot be answered completely, it shall be answered to the extent possible. If the person answering on behalf of the Debtor does not have personal knowledge sufficient to answer fully an Interrogatory, the party answering shall so state, but shall make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations.

3. If only a part of an Interrogatory is objectionable, the remainder of the Interrogatory shall be answered. If an objection is made to an Interrogatory or to part of an Interrogatory, the specific grounds for objection shall be set forth clearly in the answer. If an objection is based on a claim of privilege or other protection, the particular privilege or protection invoked shall be clearly stated.

4. Where so requested to identify a document as part of your answer to an Interrogatory, provide copies of the relevant, and/or referenced document.

However, to the extent any such document has already been filed in the Bankruptcy Case and is part of the record (whether or not produced or filed by the City), rather than produce such document(s), please identity such document(s) by docket number, date and page number(s).

5. You may respond to any Interrogatory that seeks information contained in, information about, or identification of any documents, by producing said documents along with your answer to the Interrogatory.

6. The Interrogatories shall be deemed continuing so as to require further and supplemental answers by you in the event you obtain or discover additional information between the time of your initial response and the time of trial.

7. Each Interrogatory shall be construed independently and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

## I. INTERROGATORIES

1. Describe with particularity to intended scope of the State Release and Plan Injunction and how they would impact future claims of the Public Safety Unions under Art. IX, Sec. 24 of the Michigan Constitution and/or PA 436 or any successor statute.

**ANSWER:**

2. Describe with particularity the known claims against the State that are proposed to be compromised by the State Contribution Agreement.

**ANSWER:**

3. Identify the categories of known and unknown claims against the State and/or State Entities that the City, the Public Safety Unions, and the Public Safety Union members will be deemed to release if (i) the State Contribution Agreement is consummated, (ii) the Public Safety Unions' members accept the Amended Plan, and (iii) the Court approves the State Release.

**ANSWER:**

4. Identify the total value (or best estimate thereof) of the claims against the State which will be released by the State Release if the State Contribution Agreement is consummated (the "Released Claims").

**ANSWER:**

5. Describe with particularity how the City and/or the State calculated the amount of value of the Released Claims.

**ANSWER:**

6. State the dollar amount (and present value of the amount) the State proposes to pay to the Pension Systems pursuant to the State Contribution Agreement.

**ANSWER:**

7. State the anticipated recourse with regard to claims against the State and/or State Related Entities if, after consummation of the State Contribution Agreement, the State fails to pay some or all of the consideration promised by the State Contribution Agreement.

**ANSWER:**

8. State who among the PFRS Pension System, the Public Safety Unions, and individual Holders of PFRS Pension Claims would have standing to

assert claims against the State and/or State Related Entities if the State fails to pay some or all of the consideration promised by the State Contribution Agreement.

**ANSWER:**


9. Identify the parties to the State Contribution Agreement.

**ANSWER:**


10. State the specific conditions being imposed on (i) the City, (ii) the Public Safety Unions, (iii) the Retirement Systems, (iv) Holders of PFRS Pension Claims; (v) Holders of GRS Pension Claims; and (vii) any other parties or non-parties to the State Contribution Agreement which must be met in order to trigger the State's obligation to pay the consideration promised by the State Contribution Agreement to the PFRS Pension System.

**ANSWER:**

11. State the projected savings the City anticipates realizing as a result of the "hard freeze" to be placed on active Public Safety Union members' accrued pension benefits as of June 30, 2014.

**ANSWER:**

12. State the percentage likelihood that active Public Safety employees will receive any Restoration Payment under the Amended Plan assumptions made by the City, including but not limited to an analysis of the likelihood that the PFRS Pension System will have a funding level of more than 80% as of June 30, 2023, based upon the actuarial and rate of returns proposed by the City, and how a funding level of more than 80% as of June 30, 2023 will affect the estimated percentage recoveries for the PFRS Pension Claims, including an explanation of all assumptions and risks underlying such analysis.

**ANSWER:**

13. State with particularity how the City calculated the estimated recovery percentages set forth in Section II.A.2 of the Amended Disclosure Statement, including an explanation of: (i) the assumptions regarding the effect of COLA on

the PFRS Pension Claims and (ii) the assumptions regarding the effect of the "hard freeze" on active employees' PFRS Pension Claims.

**ANSWER:**

14. Identify the savings the City projects has been and will be realized by City imposed work rules under CETs and/or orders of the Emergency Manager.

**ANSWER:**

15. State whether, pursuant to the City's reinvestment initiatives, any portion of the funds earmarked for restructuring and reinvestment may be available or may be earmarked to (i) mitigate wage and benefit cuts to current Public Safety Union employees and/or (ii) address any potential underfunding that results in the event of the approval and adoption of the City's proposed PFRS Hybrid Pension Formula.

**ANSWER:**

16. State whether the Public Safety Unions will have the ability to enforce the terms of any CBA reached with the City against the City without interference from the State.

**ANSWER:**

17. State whether the City, the Emergency Manager, or the State have any intent to reassert any rights they may have had outside of bankruptcy pursuant to the receivership established by PA 436 prior to the Petition Date in order to limit the ability of the Public Safety Unions to enforce the terms of any CBA entered into between any individual Public Safety Union and the City.

**ANSWER:**

18. With regard to the DIA Settlement, please state the following:

    a. the total amount of the "certain funds" from the DIA Settlement which are to be contributed to the PFRS Pension Fund;

    b. the schedule of contributions (dates and amounts);

    c. the present value of all payments to be made to the Retirement Systems pursuant to the DIA Settlement;

    d. the present value of the payments to be made to the PFRS Pension Plan pursuant to the DIA Settlement.

**ANSWER:**

19. State whether there are any conditions precedent to the consummation of the DIA Settlement and how the City expects to meet them.

**ANSWER:**

20. State the contemplated recourse, if any, available to the City, Holders of PFRS Pension Claims and/or the PFRS Pension System in the event of (i) a failure of any of the conditions precedent to the consummation of the DIA Settlement, or (ii) a subsequent breach of the DIA Settlement by any of the non-debtor parties to the DIA Settlement.

**ANSWER:**

21. State the material terms of the DIA Settlement, including, but not limited to, Amended Plan Exhibits I.A.79 and I.A.80.

**ANSWER:**

22. State the rational for any City proposed rate of return assumption for the PFRS Hybrid Pension Formula and provide information quantifying how such proposed rate of return reduces the City's risk.

**ANSWER:**

                        ERMAN, TEICHER,
                        ZUCKER & FREEDMAN, P.C.

                        By: /s/ Barbara A. Patek
                            Earle I. Erman (P24296)
                            Craig E. Zucker (P39907)
                            Barbara A. Patek (P34666)
                            Counsel for the Detroit
                            Public Safety Unions
                            400 Galleria Officentre, Suite 444
                            Southfield, MI 48034
                            Telephone: (248) 827-4100
                            Facsimile: (248) 827-4106
                            E-mail: bpatek@ermanteicher.com

DATED: April 11, 2014

F:\CHAP 9\DETROIT\Plan of Adjustment\discovery materials\interrogatories to City.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                                            Chapter 9

City of Detroit, Michigan,                    Case No. 13-53846

            Debtor.
_____/

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 11, 2014, the Detroit Public Safety Unions' Interrogatories to the City of Detroit, Michigan were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

                                                                 */s/ Barbara A. Patek*
                                                                  BARBARA A. PATEK (P34666)
                                                                  Erman, Teicher,
                                                                  Zucker & Freedman, P.C.
                                                                  400 Galleria Officentre, Ste. 444
                                                                  Southfield, MI 48034
                                                                  Telephone: 248-827-4100
                                                                  Facsimile: 248-827-4106
                                                                  Email: bpatek@ermanteicher.com

Dated: April 11, 2014