# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re City of Detroit, Michigan
_____
Debtor

Case No. 13-53846

Chapter 9

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Wayne County, Michigan, by and through its County Executive Robert A. Ficano, 500 Griswold, 31st Floor, Detroit, MI 48226
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| PLACE | Brooks Wilkins Sharkey & Turco PLLC<br>401 South Old Woodward, Suite 400<br>Birmingham, Michigan 48009 | DATE AND TIME<br>April 25, 2014 |
|---|---|---|

*Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 11, 2014

CLERK OF COURT

OR

_____          /s/ Matthew E. Wilkins
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
The Official Committee of Retirees
_____, who issues or requests this subpoena, are:
Matthew E. Wilkins, Brooks Wilkins Sharkey & Turco, 401 South Old Woodword, Suite 400, Birmingham, MI 48009 (248) 971-1800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____

I served the subpoena by delivering a copy to the named person as follows: Wayne County, Michigan by & through its County Executive Robert Ficano, 500 Griswold, 31st Floor, Detroit, MI 48226 on *(date)* 4/11/14 ; or

I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true and correct.

Date: 4/11/14

_____
Server's signature

DAVE ARANDS, COURIER
Printed name and title

RELIABLE
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------------x
In re                                    : Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               : Case No. 13-53846
                                         :
                              Debtor.    : Hon. Steven W. Rhodes
                                         :
                                         :
                                         :
------------------------------------------------------------x

## ATTACHMENT TO SUBPOENA *DUCES TECUM*

## Instructions and Definitions

1. These requests encompass all documents in the possession, custody, or control of the County, whether or not such documents were prepared by or for the County or any of the County's agencies or subdivisions or their agents or representatives, and this includes but is not limited to documents in the possession, custody, or control of employees and agents of the County Executive's office as well as of the County Executive himself and his administration.

2. Please produce documents responsive to the below requests as they are kept in the usual course of business or so organized and labeled to correspond with the categories of this request.

3. If you object to any part of a request, please set forth the basis for your objection and respond to all parts of the request to which you do not object.

4. If any privilege is claimed as a basis for not producing a document, please identify the claimed privilege and all information necessary for the Court to assess the claim of privilege.

5. The time period covered by these requests is January 1, 2012 to present.

6. When used in these subpoena requests, the following terms will have the below-defined meanings:

    a. The term "Amended Disclosure Statement" means that certain Amended Disclosure Statement with respect to the Amended Plan filed by the City on March 31, 2014, in in *In re City of Detroit, Michigan*, Case No. 13-53846 (Bankr. E.D. Mich. 2013) as Docket No. 3382.

    b. The term "Amended Plan" means that certain Amended Plan for the Adjustment of Debts of the City of Detroit, Michigan filed by the City on March 31, 2014, in *In re City of Detroit, Michigan*, Case No. 13-53846 (Bankr. E.D. Mich. 2013) as Docket No. 3380.

    c. The term "City" means the City of Detroit, Michigan.

    d. The term "County" means the County of Wayne, Michigan, as well as any of its past or present divisions, such as, but without limitation, the County Executive, departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, advisors, representatives, and all other persons acting or purporting to act on their behalf.

    e. The term "County Executive" means Robert A. Ficano, the members of his administration, and supporting employees and staff members.

    f. The term "communication(s)" includes every manner of transmitting or receiving facts, information, opinion, or thoughts from one person to another person, whether orally, by documents, writing, electronic mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

g.  The term "concerning" shall mean referring to, describing, evidencing, pertaining to, consisting of, constituting, reflecting, relating to, or in any way logically or factually connected with the mattered discussed.

h.  The term "document" shall be used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither, and further includes any and every manner of information recordation, storage, transmission, or retrieval, including, but not limited to (a) typing, handwriting, printing, or any other form of writing or marking on paper or other material; (b) tape recordings, microfilms, microfiche, and photocopies; and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, disks, or other storage materials) obtained by detection devices, and including preliminary drafts of or marginal notes appearing on any document, however denominated or described.

i.  The term "DWSD" has the meaning ascribed in the Amended Plan.

j.  The term "GLWA" has the meaning ascribed in the Amended Plan.

k.  The term "GRS" has the meaning ascribed in the Amended Plan.

l.  The term "OPEB" has the meaning ascribed in the Amended Plan.

m.  The terms "regarding," "related to," or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

n.  The term "State" means the State of Michigan, as well as any of its past or present divisions, such as, but without limitation, departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, advisors, representatives, and all other persons acting or purporting to act on their behalf.

## Documents Requested

Please produce:

1.  All documents relating to the County's evaluation of the GLWA or any other actual or potential transaction involving the formation of a regional "authority" as described in M.C.L. § 124.282 to take over operation of water and sewer service from the DWSD.

2.  All documents relating to the terms or negotiation of any actual or potential transaction between the County and the City concerning the creation of a regional authority to take over water and sewer service from the DWSD, including but not limited to (a) draft leases and term sheets exchanged between the County and City and (b) any draft or final memorandums of understanding exchanged between the County and City.

3.  All communications between the County and the City or the State regarding a potential transaction relating to the DWSD, including but not limited to the County's requests for financial due diligence as well as data regarding the amount of pension liabilities.

4.  All documents relating to the County's analysis of the City's Amended Plan and Amended Disclosure Statement.

5. All documents demonstrating the County's analysis of the condition of the retail system of the DWSD.

6. All communications between the County and the City relating to information necessary for the County to complete a transaction to form a regional authority to assume operating control of the DWSD.

7. All documents concerning the County's analysis of projected savings of the resulting from operation of the DWSD by a regional authority.

8. All documents relating to the County's analysis or projections of the DWSD's deferred capital expenditures, operating expenses, revenues and/or rates at any time after 2013.

9. All communications between the County and City relating to the payment or treatment of OPEB liabilities as part of any proposed transaction to form a regional authority to assume operating control of the DWSD.

10. All documents relating to the County's analysis of projected bond ratings of a new authority formed to operate the DWSD.

11. All documents relating to actual or potential transactions between the County and any water or sewer service providing entity other than the City and the DWSD.