# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re City of Detroit, Michigan
_____
Debtor

(Complete if issued in an adversary proceeding)

_____
Plaintiff

v.

_____
Defendant

Case No. 13-53846

Chapter 9

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Mayor Mike Duggan, 2 Woodward Avenue, Suite 1126, Detroit, MI 48226
(Name of person to whom the subpoena is directed)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| PLACE | Brooks Wilkins Sharkey & Turco PLLC<br>401 South Old Woodward, Suite 400<br>Birmingham, Michigan 48009 | DATE AND TIME<br>April 25, 2014 at 5:00 pm |
|---|---|---|

*Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 11, 2014

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

/s/ Matthew E. Wilkins
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Official Committee of Retirees, who issues or requests this subpoena, are:
Matthew E. Wilkins, Esq., Brooks Wilkins Sharkey & Turco PLLC, 401 S. Old Woodward, Ste 400, Birmingham, MI 48009   248-971-1800

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____

I served the subpoena by delivering a copy to the named person as follows: MAYOR MIKE DUGGAN 2 WOODWARD Avenue, Suite 1124, Detroit MI 48226
_____ on *(date)* ~~4/11/14~~ ; or
4/11/14

I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true and correct.

Date: 4/11/14

_____
Server's signature

DAVE ARANDS  COURIER
Printed name and title

RELIABLE
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

| In re: | |
|---|---|
| City of Detroit, Michigan, | Chapter 9<br>Case No. 13-53846<br>Hon. Steven W. Rhodes |
| Debtor. | |

## ATTACHMENT TO SUBPOENA DUCES TECUM

### Instructions and Definitions

1. These requests encompass all documents in the possession, custody, or control of the Mayor's Office, whether or not such documents were prepared by or for the Mayor's Office, and this includes but is not limited to documents in the possession, custody, or control of employees and agents of the Mayor's Office as well as of the Mayor himself and his administration.

2. Please produce documents responsive to the below requests as they are kept in the usual course of business or so organized and labeled to correspond with the categories of this request.

3. If you object to any part of a request, please set forth the basis for your objection and respond to all parts of the request to which you do not object.

4. If any privilege is claimed as a basis for not producing a document, please identify the claimed privilege and all information necessary for the Court to assess the claim of privilege.

5. The time period covered by these requests is January 1, 2012 to present.

6. When used in these subpoena requests, the following terms will have the below-defined meanings:

   a. The term "City" means the City of Detroit, Michigan.

b. The term "communication(s)" includes every manner of transmitting or receiving facts, information, opinion, or thoughts from one person to another person, whether orally, by documents, writing, electronic mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

c. The term "concerning" shall mean referring to, describing, evidencing, pertaining to, consisting of, constituting, reflecting, relating to, or in any way logically or factually connected with the mattered discussed.

d. The term "DIA" means the Detroit Institute of Arts.

e. The term "document" shall be used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither, and further includes any and every manner of information recordation, storage, transmission, or retrieval, including, but not limited to (a) typing, handwriting, printing, or any other form of writing or marking on paper or other material; (b) tape recordings, microfilms, microfiche, and photocopies; and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, disks, or other storage materials) obtained by detection devices, and including preliminary drafts of or marginal notes appearing on any document, however denominated or described.

2
13-53846-tjt    Doc 4027    Filed 04/11/14    Entered 04/11/14 16:31:17    Page 5 of 8

f.  The term "Mayor's Office" means the office of the Mayor of the City of Detroit, Michigan, including but not limited to the Mayor, the members of his administration, and supporting employees and staff members. The term is to be interpreted to include the mayoralties of both the Hon. Dave Bing, during his term as Mayor, and the Hon. Mike Duggan, during his term as Mayor.

g.  The terms "regarding," "related to," or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

h.  The term "State" means the State of Michigan.

## Documents Requested

Please produce:

1.  All communications with the Mayor's Office regarding: (a) any third party funding (other than debt funding) in excess of $5 million in the aggregate under a single program or from a single source actually or potentially available to the City, including but not limited to state, federal or private grants, aid or contributions, (b) all such funding that has been applied for or received by the City, and (c) all such funding that the City plans to apply for in the future.

2.  All communications with the Mayor's Office, the Mayor or anyone working with or for the Mayor regarding State reductions in funding for the City.

3.  All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and any Member of the United States Congress, the United States President, or their offices, assistants, representatives or agents.

4.  All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and any representative of Macomb, Oakland, or Wayne Counties regarding the DWSD.

5. All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and any policy institute, research institute, or think tank concerning the Bankruptcy case.

6. All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and the Foundations concerning the Plan, the DIA Settlement or their contributions to the Plan.

7. All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and the DIA, the members of the DIA board, members of the DIA's administration, and DIA employees, concerning the Plan, the DIA Settlement or the DIA's or Foundations' contributions to the Plan.

8. All documents describing the expected scope of work of the Department of Neighborhoods, the Department of Public Lighting, and the Detroit Land Bank.

9. All documents describing, and communications concerning, the future personnel hiring goals of the City.

10. All surveys of blighted and abandoned structures, and all plans to remove blight, including but not limited to, any survey in which Dan Gilbert participated in the preparation.

11. All documents and communications describing or concerning the Mayor's job creation plans.

12. All documents and communications describing or concerning the Mayor's parks initiative.

13. All documents and communications describing or concerning the Mayor's plan to organize a City-owned automotive insurance plan or company.

14. All documents and communications describing or concerning the Mayor's plan to sue landlords of blighted buildings, and/or pursue delinquent taxes from them.

15. All documents and communications describing or concerning any plans, proposals or offers by any entities to remove blight in the City.

Dated: April 11, 2014

By: */s/ Matthew E. Wilkins*

| | |
|---|---|
| Claude Montgomery | Sam Alberts |
| Carole Neville | Dan Barnowski |
| DENTONS US LLP | DENTONS US LLP |
| 1221 Avenue of the Americas | 1301 K Street, NW, Suite 600 East Tower |
| New York, New York 10020 | Washington, DC 20005 |
| Tel: (212) 768-6700 | Tel: (202) 408-6400 |
| Fax: (212) 768-6800 | Fax: (202) 408-6399 |
| claude.montgomery@dentons.com | sam.alberts@dentons.com |
| carole.neville@dentons.com | dan.barnowski@dentons.com |

BROOKS WILKINS SHARKEY & TURCO PLLC
Matthew E. Wilkins (P56697)
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Direct: (248) 971-1711
Fax: (248) 971-1801
wilkins@bwst-law.com

*Attorneys for the Official Committee of Retirees of the City of Detroit, Michigan*