# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | In Proceedings Under Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

## AMBAC ASSURANCE CORPORATION'S
## SECOND SET OF REQUESTS FOR DOCUMENTS TO DEBTOR

Ambac Assurance Corporation ("Ambac"), by and through counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, and the Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [ECF No. 2755] (the "Scheduling Order"), hereby serves its Second Set of Requests for Production of Documents ("Request for Production" or "Request") on the Debtor, the City of Detroit, Michigan.

Ambac requests that the Debtor produce the documents and things described herein for inspection and copying at the offices of Arent Fox LLP, 1717 K Street, N.W., Washington, DC 20036, on a rolling basis with such production to be completed by the deadline imposed by the Federal Rules of Civil Procedure and the Scheduling Order.

1

# GENERAL INSTRUCTIONS

1. If, in responding to this Request for Production, the Debtor encounters any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Each Request is intended to be continuing, and Ambac demands that You promptly and seasonably amend Your responses if at any later date You obtain any additional facts or documents, You make any assumptions or contentions, or You reach any conclusions or opinions that are different from those forming the basis for Your responses to these Requests. Amended responses should set forth fully such different facts, assumptions, conclusions, opinions, or contentions, and You should promptly produce such additional documents.

3. If You contend that You are entitled to withhold from production any part of any document requested on the basis of the attorney-client privilege, the work-product doctrine, or any other basis, then for each such document, please provide the information set forth in Fed. R. Civ. P. 26(b)(5) in order to enable Ambac to assess the privilege claim, including:

    A. The nature of the document;

    B. The date of the document;

    C. A detailed summary or description of the document;

    D. Any and all persons who prepared, sent, and/or received any original or any copy of the document;

  E. The person in possession, custody, or control of the document; and,

  F. The basis on which You contend that You are entitled to withhold the document from production.

4. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

5. More than one of these Requests may ask for the same document. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual Request. Where a document is requested in more than one numbered paragraph, only non-identical copies of it need be produced.

6. If a document responsive to a Request herein has been destroyed, identify the date on and place at which the document was destroyed, the person(s) who destroyed the document, and the person(s) who gave the instruction to destroy

the document. If any document identified herein has been lost, misplaced, or is no longer in the possession, custody, or control of the Debtor, identify the last person known to have seen the document, the date on and place at which the document was last seen, and a synopsis of the contents of the document.

7. A Request includes documents in the possession, custody, or control of the Debtor, including You and/or Your present or past representatives, employees, agents, advisors, professionals, experts, and any and all other persons consulted regarding any matters of fact or opinion involved in this case, or documents otherwise available to You, unless privileged.

8. Documents should be segregated according to the number of the request to which You are responding or produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

9. Cover letters sent by You accompanying any document productions pursuant to the Requests below should specify to which Requests the documents being produced are responsive. If You contend that documents previously produced satisfy a particular Request below, please specify by Bates Number which documents so satisfy the Request.

10. If no document exists that is responsive to a Request, so state.

11. To the extent responsive documents are in the possession, custody or control of any non-debtor affiliates, they should be produced.

12. Electronic records and computerized information should be produced (i) in an intelligible format, or (ii) together with a description of the system from which they were obtained sufficient to render the records and information intelligible.

13. All Electronically Stored Information ("ESI") converted to TIFF images should be retained in native format and individual ESI native format documents should be provided upon reasonable request.

14. Electronic spreadsheets (*i.e.*, Microsoft Excel files) should be produced in native format. Such documents also should be produced with TIFF versions of the documents at issue. If any electronic spreadsheet contains material that is not subject to production, because it contains material protected by the attorney-client privilege, the work product doctrine, or any other reason, but the document also contains material that is subject to production, the document should not be produced in native format, but rather in the same format described above for documents other than spreadsheets, with appropriate redactions. The native version of the document, including redacted material, should be retained.

## DEFINITIONS

For purposes of responding to this Request for Production, the terms below are defined as follows:

1.  The term **"document"** means, without limitation, the original and any and all drafts and non-identical copies of any writings of any kind in Your possession, custody or control, including, but not limited to correspondence, scripts, records, reports, external and internal memoranda, electronic mail (e-mail), computer or word processor printouts, information maintained on computer hard drive or CD-Rom, calendars, routing slips, transcripts of oral testimony or statements, agreements and contracts (including all modifications and/or revisions thereof), calculations, court or agency papers, digital voice exchange transcripts or summaries, notes, letters, telegrams, telexes, messages (including, but not limited to, reports or notes of telephone conversations, messages and conferences), studies, analyses, books, magazines, newspapers, booklets, brochures, pamphlets, press releases, circulars, bulletins, instructions, minutes, other communications (including, but not limited to inter- and intra-office communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of accounts, orders, records or summaries of negotiations, records or summaries of personal interviews or conversations, records or summaries of investigations, records or summaries of negotiations, diaries, schedules, printouts, drawings,

6

blueprints, specifications, graphs, charts, studies, planning materials, statistical statements, forecasts, work papers, invoices, statements, receipts, income and other tax returns, bills, checks, bank books, bank statements, vouchers, notebooks, data sheets, photographs, microfilm, microfiche, photographic negatives, tapes, magnetic tapes, paper tapes, cassette tapes, videotapes, plotter output recordings, discs, data cards, films, data processing files, and other computer readable records or programs, breadboards, catalogues, brochures, all other written or printed matter of any kind, and all other data compilation from which information can be obtained, and translated if necessary. Any such document bearing on any page thereof, any marks such as initials, stamped indices, comments or notations of any character and not part of the signed text or photographic reproduction thereof is to be considered and produced as a separate document.

2. The terms "**communication**" or "**communications**" mean any manner or means of disclosure or exchange of information, whether in oral, written, video, audio, or electronic form and whether face to face, in a meeting, by telephone, by mail, by personal delivery, or otherwise.

3. The term "**person**" means any individual, partnership, firm, association, corporation or other business or any government or other legal entity, and each as of its directors, officers, employees, servants or representatives, and all other persons purporting to act on its behalf.

5. The terms "**reflect**," "**relate**," "**relate to**," and/or "**refer**," with respect to any given subject mean anything that concerns, constitutes, contains, compromises, consists of, demonstrates, describes, discloses, discusses, explains, evidences, embodies, reflects, identifies, states, summarizes, refers to, relates to, pertains to, deals with, implies or authorizes directly or indirectly, or is in any manner whatsoever pertinent to that subject.

6. The term "**including**" shall be construed to mean including, but not limited to.

7. For purposes of interpreting or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation unless otherwise specifically limited in the Request itself. This includes, without limitation, the following:

    A.    Construing the words "**and**" and "**or**" used in any Request in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

    B.    Construing the words "**any**" and "**all**" used in any Request to mean "any and all," as necessary, to make the Request more inclusive;

    C.    Construing the singular form of any word to include the plural and the plural form to include the singular;

    D.    Construing the past tense of a verb to include the present tense and the present tense to include the past tense; and,

E. Construing masculine or feminine pronouns to mean feminine or masculine pronouns, respectively, as necessary to make the request more inclusive.

8. The terms "**Debtor**," "**City**," "**You**," or "**Your**" mean the City of Detroit, Michigan, as well as any of its past or present divisions, departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on their behalf.

9. The term "**Ambac**" means Ambac Assurance Corporation, a creditor and party in interest in this case.

10. The term "**Disclosure Statement**" refers to the Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit [ECF No. 2709], as amended, supplemented, or modified from time to time, including all exhibits and schedules thereto.

11. The term "**Plan**" refers to the Plan for the Adjustment of Debts of the City of Detroit [ECF No. 2708], as amended, supplemented, or modified from time to time, including any exhibits thereto and the Plan Supplement, which is incorporated by reference and made part of the Plan.

12. The term "**City's Assumed Rates of Return**" refers to the assumed rates of returns that the City asserts, including in the Amended Disclosure Statement dated March 31, 2014 [ECF No. 3382] at 10, would be realistic, and

9

should be used for, calculating the unfunded actuarial accrued liabilities for the Police and Fire Retirement System and General Retirement System.

13. Any terms not specifically defined herein shall be defined as set forth in the Disclosure Statement or the Plan, as applicable.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Ambac respectfully requests that You produce the following documents:

1. All documents and communications that relate to the calculation of the estimated $3,184,900,000 amount of the OPEB liability described on page 25 of the Amended Disclosure Statement, dated March 31, 2014 [ECF No. 3382] (the "OPEB Claims Amount"). Include in your production work papers, valuation run results, sample calculations, and tally sheets.

2. All documents and communications that relate to, or explain, the difference between the OPEB Claims Amount and the calculation of the estimated $5.7 billion amount of the unfunded OPEB liability described on page 23 of the City's Proposal to Creditors, dated June 14, 2013. Include in your production work papers, valuation run results, sample calculations, and tally sheets.

3. All documents and communications that relate to the projected impact of cost and expense reductions contemplated by the City on its financial projections, including any projections attached to any Disclosure Statement with respect to the Plan.

4. All documents and communications that relate to research or analysis by or for the City addressing comparisons to comparable, or any other, cities regarding:

   A. The size of post-Effective Date pension and other retiree benefits relative to gross revenue;

   B. The size of post-Effective Date debt relative to gross revenue;

   C. The size of post-Effective Date annual debt service relative to gross annual revenue;

   D. The size of post-Effective Date annual operating expenses relative to annual gross revenue; and

   E. Other similar comparisons with other cities that informed development of the Plan.

5. All documents and communications that relate to the City's Assumed Rates of Return, including work papers, valuation run results, sample calculations, and tally sheets.

6. All documents and communications that relate to the City's compliance with Actuarial Standards of Practice ("ASOP") 4 (Measuring Pension Obligations) and ASOP 41 (Actuarial Communications) in preparing and disclosing to any party the City's Assumed Rates of Return.

11

7. All documents and communications that relate to the City's financial projections, including projected revenues, expenses, costs, cash flows, and the like for the year 2023 and beyond.

8. Documents sufficient to identify all accounts into which *ad valorem* taxes collected by or for the City, including receipts from Wayne County, were deposited, and the daily balances of such accounts during the fiscal year 2014.

9. Documents sufficient to establish the daily collections of *ad valorem* taxes by or for the City, including receipts from Wayne County, for fiscal year 2014.

10. All documents that relate to the City's past or planned future efforts to generate revenue from property that is exempt from property taxes, including by withdrawing the tax exempt status or obtaining payments in lieu of taxes.

11. All documents and communications that relate to the City's past or planned future efforts to generate or maximize existing grants from state or federal government.

12. All documents and communications that relate to the City's past or planned future efforts to maximize the amount of state aid available to the City.

13. All documents and communications that relate to the City's past or planned future efforts to claw back or disgorge past tax rebates.

14. All responses to interrogatories propounded to and/or served on the City by any other party.

Dated: April 11, 2014

                                **ARENT FOX LLP**
By: /s/ Carol Connor Cohen
CAROL CONNOR COHEN
CAROLINE TURNER ENGLISH
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Carol.Cohen@arentfox.com

DAVID L. DUBROW
MARK A. ANGELOV
1675 Broadway
New York, NY 10019
(212) 484-3900
David.Dubrow@arentfox.com
Mark.Angelov@arentfox.com

and

**SCHAFER AND WEINER, PLLC**
DANIEL J. WEINER (P32010)
BRENDAN G. BEST (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*

13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | ) Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) In Proceedings Under |
| | ) Chapter 9 |
| Debtor. | ) |
| | ) Hon. Steven W. Rhodes |

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of April 2014, I caused the foregoing document to be served on counsel for the City and for all other parties of record through the Court's CM/ECF system.

_/s/ Carol Connor Cohen_
CAROL CONNOR COHEN