UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**DEXIA'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE CITY OF DETROIT IN CONNECTION WITH THE AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS**

___

Dexia Crédit Local and Dexia Holdings, Inc. (collectively, "Dexia") by their undersigned attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Third Amended Order Establishing Procedures, Deadline and Hearing Dates Relating to the Debtor's Plan of Adjustment* (together with any amendments thereto, the "Scheduling Order") [Dkt. No. 3632], request that the City of Detroit, Michigan (the "City") produce for inspection, examination, and copying the documents set forth in the following requests in the City's possession, custody, or control. Production should be made on a rolling basis at the offices of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of Americas, New York, New York 10036, with such production to be completed on or before April 25, 2014, in compliance with the deadline imposed by the Scheduling Order.

**INSTRUCTIONS**

   A.  Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this request.

-1-

B. If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

C. If any document cannot be produced in full, it shall be produced to the maximum extent possible and the City shall specify in writing the reasons for its inability to produce the remainder.

D. If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

E. If documents called for are not available to You because they are in the possession, custody, or control of a third person, identify such documents and the third person in whose possession, custody, or control said documents are to be found.

F. Produce original documents whenever such documents are available to You.

G. Produce all documents available by virtue of being in possession, custody, or control of Your attorneys or other agents.

H. In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Document Request or part thereof, and production is not provided on the basis of such assertion:

1. In asserting the privilege, the responding party shall, in the objection, identify with specificity the nature of the privilege that is being claimed;

2. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of

the allegedly privileged information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

I. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all." "Any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompasses both "and" and "or." Words in the masculine, feminine or neuter shall include each of the other genders. The terms "all" and "each" shall be construed as all and each.

J. These Requests to produce shall be deemed to be continuing, and any additional documents relating in any way to these Requests to produce or Your original responses that are acquired subsequent to the date of responding to these Requests, up to and including the time of trial, shall be furnished to Dexia promptly after such documents are acquired as supplemental responses to these Requests to produce.

## DEFINITIONS

As used in these Requests, the meanings ascribed to the following terms are to be interpreted in accordance with the below definitions.

1. All terms not otherwise defined herein shall have the meanings given to them in the Plan and Disclosure Statement.

2. The term "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

3. The term "communication" means the transmittal of information by any means.

4. The term "the City" means the City of Detroit, Michigan.

5. "Concerning" means relating to, referring to, describing, evidencing, reflecting, embodying, or constituting.

6. The term "Documents" and "Document" have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including without limitation hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape and notes of meetings, conferences, conversations or telephone conversations and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

7. The term "person" means any natural person, business, or legal or governmental entity or association.

8. "You" or "Your" means the parties to whom this request is directed, and shall include anyone acting on behalf of those parties, over whom the parties have control, or which is,

-4-

13-53846-tjt    Doc 4037    Filed 04/11/14    Entered 04/11/14 16:51:10    Page 4 of 13

or may be subrogated to the parties' interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

9. The term "Disclosure Statement" refers to the *Amended Disclosure Statement with Respect to Plan for the Adjustment of Debts of the City of Detroit* [Dkt. No. 3382], as amended, supplemented, or modified from time to time, including all exhibits and schedules thereto.

10. The term "Gabriel Roeder" means Gabriel Roeder Smith & Company in its role as actuarial consultant for GRS and PFRS.

11. The term "Plan" means the *Amended Plan for the Adjustment of Debts of the City of Detroit* [Dkt. No. 3380], as amended, supplemented, or modified from time to time, including any exhibits thereto and the Plan Supplement, which is incorporated by reference and made part of the Plan.

12. The term "Future Benefits" means future benefits that were not accrued by Active Employees as of June 30, 2014.

13. The term "UAAL" means the unfunded actuarial accrued liabilities associated with the GRS, the PFRS, or the City's OPEB Plans.

## PENSION CLAIMS

1. All documents concerning the calculation of claims in classes 10 and 11 of the Plan (PFRS and GRS Pension Claims), including documents sufficient to explain the assumptions and methods underlying the City's calculations.

2. All documents concerning the proposed treatment of claims in classes 10 and 11 of the Plan (PFRS and GRS Pension Claims), including documents sufficient to explain the City's calculation of estimated recovery percentages in each class.

3. Document sufficient to explain the assumptions and methods underlying the City's calculation of the Retirement System's UAAL, including the assumed rates of return on fund assets of 6.5% for PFRS and 6.25% for GRS.

4. For each Retirement System, documents sufficient to explain and calculate the following components of the City's UAAL calculation:

> (i) UAAL associated with accrued benefits as of the date of estimation;
>
> (ii) UAAL associated with Future Benefits; and
>
> (iii) of the Future Benefits, the amount of the UAAL that corresponds to future pay increases and how much corresponds to future service.

5. Documents provided by the City to current and former City employees describing or explaining their PFRS or GRS pension benefits.

6. All documents referenced in the Disclosure Statement created by Milliman, Inc. concerning PFRS and GRS Pension Claims, including all actuarial analyses, reports and letters.

7. All documents utilized by Milliman, Inc. in creating its actuarial analyses, reports and letters concerning PFRS and GRS Pension Claims.

8. All communications from Milliman, Inc. to the City concerning PFRS and GRS Pension Claims.

9. All communications from the City to Milliman, Inc. concerning PFRS and GRS Pension Claims.

10. Documents sufficient to disclose the range and frequency of rates of return used by Milliman, Inc. in pension calculations for municipalities other than the City.

11. All communications between or among the City, GRS, PFRS, the Retiree Committee, the Governor of the State of Michigan, the Attorney General of the State of Michigan, any labor union, or any other party, and/or the representatives and/or agents thereof, concerning (i) the calculation and allowance of PFRS and GRS Pension Claims, and (ii) the proposed treatment of PFRS and GRS Pension Claims under the Plan.

12. The actuarial valuation data and reports either written by or provided to Milliman, Inc. concerning the June 30, 2013 valuation used to calculate PFRS and GRS Pension Claims and any updates thereto.

13. All documents reflecting the estimated or actual current market value of PFRS and GRS assets, including:

>  (i) All documents updating the actuarial valuations performed by Gabriel Roeder for the PFRS and the GRS as of June 30, 2012; and
>
>  (ii) All Pension Statements of Plan Net Assets and Statement of Changes in Plan Net Assets from July 1, 2013 to present.

14. Documents sufficient to explain the basis for the calculation of the proposed 6% - 14% reduction in current and monthly pension payments for PFRS beneficiaries.

15. Documents sufficient to explain the basis for the calculation of the proposed 26% - 34% reduction in current and monthly pension payments for GRS beneficiaries.

16. Documents sufficient to explain the calculation contained in the Disclosure Statement that the elimination of COLA will result in a loss of 18% of the value of PFRS benefits and 13% of the value of GRS benefits.

17. For each Retirement System, all documents used to calculate the amount of Current Accrued Annual Pension.

18. For each Retirement System, documents sufficient to calculate the aggregate amount of Pension Claims and UAAL, if different, corresponding to frozen pension benefits.

19. For each Retirement System, documents sufficient to calculate the aggregate amount of Pension Claims and UAAL that will be satisfied by the payment of the Adjusted Pension Amount.

20. Year-by-year expenditure figures for distributions to GRS and PFRS beneficiaries for the years January 1, 2005 to present.

21. All disability audits concerning GRS and PFRS for the period January 1, 2005 to present.

22. All documents concerning the PFRS Hybrid Pension Plan and the GRS Hybrid Pension Plan.

23. Documents sufficient to calculate the amount and value of all payments to be made to Active Employees under the GRS Hybrid Pension Formula and PFRS Hybrid Pension Formula.

24. Documents sufficient to calculate the amount of Pension Claims or UAAL that corresponds to the payments to be made to Active Employees under the GRS Hybrid Pension Formula and PFRS Hybrid Pension Formula.

25. Documents sufficient to calculate the ASF Recoupment Percentage.

26. Documents setting forth all current PFRS and GRS pension plan provisions.

27. Documents sufficient to identify the Trustees of GRS and PFRS and the tenure of each trustee for the period January 1, 2005 to present.

28. Documents sufficient to identify the accounts holding all Accrued Liability Funds held for GRS and/or PFRS pursuant to Section 47-2-18(d) of the City Code of Ordinances.

29. Documents setting forth the actual and assumed annual return on assets of PFRS and GRS for the period January 1, 1991 to the present.

30. All legal, accounting and financial opinions concerning Pension Claims since January 1, 2004, including all drafts, final versions and communications related thereto.

31. The June 30, 2013 actuarial valuation reports concerning GRS and PFRS and the actuarial data file relating thereto.

## OPEB

32. All documents concerning the calculation of claims in class 12 of the Plan (OPEB Claims), including documents sufficient to explain the assumptions underlying the City's calculations.

33. All documents concerning the proposed treatment of claims in class 12 of the Plan, including documents sufficient to explain the City's calculation of estimated recovery percentages.

34. Copies of all collective bargaining agreements, benefit plans and associated summary plan descriptions that purport to establish OPEB benefits.

35. All documents (including all actuarial analyses, reports and letters referenced in the Amended Disclosure Statement) created by Milliman, Inc. concerning OPEB Claims.

36. All documents used by Milliman, Inc. in creating its actuarial analyses, reports and letters relating to OPEB Claims.

37. All communications from Milliman, Inc. to the City concerning OPEB Claims.

38. All communications from the City to Milliman, Inc. concerning OPEB Claims.

39. The June 30, 2013 actuarial valuation reports concerning OPEB and the actuarial data file relating thereto.

40. Year-by-year expenditure figures for distributions in respect of OPEB, for the years January 1, 2005 to present.

-10-

13-53846-tjt    Doc 4037    Filed 04/11/14    Entered 04/11/14 16:51:10    Page 10 of 13

41. Documents sufficient to establish OPEB medical and prescription retiree contribution amounts from June 30, 2011 to the present.

42. Documents sufficient to establish OPEB medical and prescription rate increases for the period January 1, 2005 to present.

43. Year-by-year estimated expenditure figures under the Plan beyond 2023 for (i) salaries, OPEB payments, active pension plans, and DWSD revenue streams, and (ii) hypothetical retiree benefits.

44. All OPEB medical and prescription reports for the period January 1, 2009 to present.

45. Documents sufficient to explain the proposed changes to the City's OPEB benefits.

46. Documents sufficient to explain impact of implementation of Affordable Care Act on the calculation of and proposed treatment of the OPEB Claims under the Plan, including documents quantifying the value of the Affordable Care Act subsidies to be provided to employees under the Plan.

47. Documents concerning the retiree population affected by the proposed changes to OPEB Benefits, including:

>   (i) the age and gender of those affected;
>   (ii) whether they are active or retired;
>   (iii) Medicare eligibility date;
>   (iv) name of applicable OPEB Plan; and
>   (v) the actuarial accrued liability attributable to each individual.

## TAX QUALIFICATION

48. All legal, actuarial or financial opinions related to the tax qualifications of GRS and PFRS.

## GENERAL REQUESTS & EXPERTS

49. All documents that You have reviewed, identified, or relied upon in answering Dexia's First Set of Interrogatories to the City.

50. All documents and all drafts of documents referenced as exhibits to the Disclosure Statement or Plan or that are to be included in any Plan Supplement.

51. The biography, education and work history, or *curriculum vitae* of any person the City intends to call as a fact witness at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation, hearings concerning the approval of the Disclosure Statement in connection with the allowance and proposed treatment of Pension Claims and OPEB Claims.

52. All documents, including reports, models, or data compilations, which have been provided to, reviewed by, or prepared by or for any expert witnesses for purposes related to the Disclosure Statement or the Plan in connection with the allowance and proposed treatment of Pension Claims and OPEB Claims.

Dated: April 11, 2014

By: /S/Deborah L. Fish
ALLARD & FISH, P.C.
Deborah L. Fish
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141

Facsimile: (313) 961-6142

KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel to Dexia Crédit Local & Dexia Holdings, Inc.*

z:\13\079\plds\1st docs request.doc