UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                              )
                                                    )
CITY OF DETROIT, MICHIGAN,                          )
                    Debtor.                         )     Chapter 9
                                                    )     Case No: 13-53846
                                                    )     Hon. Steven W. Rhodes
                                                    )
                                                    )
                                                    )

**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE CITY OF DETROIT**

NOW COME Carlton Carter, Bobby Jones, Roderick Holley and Richard T. Weatherly, (collectively, the "Creditors") by their attorneys, Resnick & Moss, P.C., and pursuant to Rules 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7026-3, hereby request that the Debtor, City of Detroit, (the "CITY") provide, under oath, its written answers to the following Interrogatories and Requests to Produce for inspection and copying, the following requested documents at the offices of Creditors' counsel, Resnick & Moss, P.C., within twenty-eight (28) days after the date of service.

The City is requested to provide all information in answer to these Interrogatories and all documents in response to these Requests for Production of Documents, within the knowledge or possession of the agents, employees, attorneys, investigators, or the agents of the foregoing, or any other person who has made this information known to the City, or from whom Creditors can obtain this information or these documents.

If you maintain that any document or record which refers or relates to anything about which these Interrogatories asks has been destroyed, set forth the content of said document, the

location of any copies of said document, the state of such destruction and the name of the individual(s) who ordered or authorized such destruction.

These Interrogatories and Requests for Production of Documents shall be deemed continuing, and supplemental answers will be required immediately if the City or anyone acting on its behalf, directly or indirectly, should obtain further information or documents from the time the answers hereto are made to the time of hearing or trial.

## INSTRUCTIONS

A.  Each Interrogatory is to be answered fully on the basis of information which is in your possession.

B.  In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C.  If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination. Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory should be immediately supplemented.

D. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were must recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

E. With respect to any information that is withheld on a claim of privilege, you should provide, at the time of responding to these interrogatories and requests, a statement signed by an attorney representing the City setting forth as to each privileged communication, document or item of information withheld:

1. the identity of the person(s) having knowledge of the information;

2. its author(s);

3. the identity of all persons to whom the information was communicated or otherwise made available;

4. the date(s) on which the information was received or became known by each person having knowledge of its existence;

5. the job title or position of every person identified in response to subparagraphs (1), (2) and (3), above;

6. its number of pages;

7. its stated subject matter;

8. a brief description of the nature and subject matter of the information; and

9. the statute, rule, decision or other legal basis upon which you claim privilege.

F. Documents are to be labeled to indicate the interrogatory or request to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

G. Whenever in the Interrogatories the information requested is contained in or may otherwise be derived or ascertained from a document, you may, in lieu of setting forth the requested information,

1. Identify the document from which the answer may be derived;

2. Specify the portion or portions of the document which contain the information or the way in which the information may be derived or ascertained; and,

3. Produce the document for inspection and copying of deliver a copy of the document to the Creditors' counsel prior to or at the time the answers to the Interrogatories are served.

H. In producing documents hereunder, copies may be produced in lieu or originals if both sides of any two-sided documents are reproduced and the City or an officer of the City provides an affidavit or declaration under penalty of perjury that the copies provided are true, correct, complete and accurate duplications of the originals.

I. If you believe that any of the following Requests For Admissions or Interrogatories are ambiguous, send a letter, or email to Creditors' counsel specifying which Request or Interrogatory is unclear to you and the basis of the perceived ambiguity. We will respond promptly and attempt to rephrase the Interrogatory or Request for you.

J. These Interrogatories shall be deemed continuing and you shall promptly supply additional documents and supplement your answers as additional information becomes known or available to you.

**NOTE:**

**IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL COUNSEL FOR THE CREDITORS BEFORE OBJECTING, IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT. IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY.**

**DEFINITIONS**

1. The term "document" or "documents" as used herein include(s), without limitation, writings and printed matter of every kind and description, correspondence, e-mails, photographs, drawings, notes, and records, tapes, discs, oral and electronic communications.

2. The term "person" or "persons" as used herein include(s) without limitation, individuals, associations, partnerships, corporations, joint ventures, unions, and other organizations.

3. The term "City" or "Debtor" shall refer to the City of Detroit, and any of its attorneys, agents, employees, representatives or other persons acting or purporting to act on its behalf.

4. The term "identify" as used herein in connection with a "document" or "documents" means:

   a. State type of documents, i.e., letter agreement, memorandum, etc., and date of the document, the name and address of the person originating the document, the name and address of the person, if any, to whom the document was addressed, the names and addresses of all persons to whom copies of the document were to be, or have been sent, and the firm or firms with which all such persons were associated at the date of the document; and

   b. State whether you or anyone acting on your behalf are in possession of the original, and identify the person in possession of the document or a copy thereof.

5. The term "identify" as used herein in connection with "property of the City of Detroit" means:

   a. State nature and type of property, the location of the property by room, department, floor or other specific location method, the serial number, identifying mark or other method of identification that the City or the 36th District Court uses to identify the property as property of the City of Detroit versus property of the 36th District Court, and the name and address of the person having control of the property.

6. "Produce" shall mean produce for inspection and copying the documents called for within twenty-eight (28) days of service of the request herein at Resnick & Moss, P.C., 40900 Woodward Ave., Suite 111, Bloomfield Hills, MI 48304.

7. "Discovery Requests" shall refer to these First Interrogatories, Request for Admissions, and Request for Production of Documents.

8. "Plan" shall refer to the Exhibit A to the City's Amended Disclosure Statement With Respect to Amended Plan For the Adjustment of Debts of the City of Detroit.

## FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1. State the name and address of the person(s) answering these Discovery Requests. Further, identify those person(s) who assisted you in answering these Discovery Requests, specifying the role of each person.

ANSWER:

2. Identify and produce each document you reviewed in order to formulate any portion of your response to these Discovery Requests.

ANSWER:

3. For each witness that you may call at the time for hearing or trial, please provide the following:

    a. Identify the name of the witness;

    b. Provide the home and work address of the witness;

    c. Provide the home and work telephone numbers of the witness;

    d. Describe the facts that you anticipate the witness will testify to.

ANSWER:

4. For each document that you intend to offer into evidence or otherwise use at the time of the hearing or trial, please provide the following:

    a. Identify the exhibit;

    b. Summarize its contents;

    c. Identify its current location; and

    d. Provide a copy of the exhibit.

ANSWER:

5. As to each expert you have consulted or retained, please state the following:

   a. Set forth the full name, professional business name (if applicable), business and/or home address and telephone number for each and every expert witness;

   b. Please identify all material reviewed by each expert witness from the date of first contact to the date of the answer of these Interrogatories;

   c. Please list all documents that each expert has been given to review, and attach a copy of each document.

   d. Please state whether any of the above-named witnesses provided you or your attorney with a written report or an oral report;
      i. If so, the date of the report;
      ii. The dates of any supplemental reports;
      iii. If written, attach copies of said written reports;

   e. State whether each expert's report(s) has been memorialized by a writing, telephone transcript, video or audiotape. If so, produce a copy of same.

   f. Please identify the field in which each witness claims to be an expert;

   g. State the subject matter about which the expert is expected to testify;

   h. State the substance, facts, and opinions of which the expert is expected to testify;

   i. Supply a summary of the grounds and/or basis for each opinion, which will be supplied by the expert witness at trial;

   j. State whether each expert has conducted any tests, independent investigations, or experiments in the course of his/her work in this case. If so, for each expert please provide the following:
      i. The purpose of the test, investigation or experiment;
      ii. How the test, investigation or experiment was conducted;
      iii. Produce a copy of the results of the test, investigation or experiment.

   k. Please list the title, publisher, applicable page numbers, and publication date of all textbooks, articles and journals upon which each expert relied in forming his/her opinions.

   l. As to each witness listed above, please attach a *Resume* or *Curriculum Vitae* or set forth at least the following:

      i. All degrees and dates of the degree;
      ii. The schools each witness attended after high school;

iii. All articles which each witness has participated in writing;

iv. The names of all books each witness has authored or co-authored;

v. The title and dates of each presentation each witness has made;

n. List all of the expert witness' publications in the field of expertise for which he/she has been retained in the case. For each publication, provide the following:
   i. The name and date of the textbook, article, journal or other publication containing the expert's publication;
   ii. If applicable, the volume and page numbers containing the publication;
   iii. If applicable, the title of the textbook or article.
   iv. Produce a copy of each publication.

o. State the number of times and dates upon which each expert has been retained by you or your attorneys to testify or consult in any lawsuit.

p. How much time has each expert spent working on this case?

q. What is each expert's fee schedule?

ANSWER:

6. Please identify all items of personal property in which the City asserts any ownership interest, that the City believes to be located within the 36th District Court.

ANSWER:

7. Identify each document that the City has in it possession and control or that it intends to introduce as evidence to establish that the interests of the City are similar to or identical to those of the 36th District Court.

ANSWER:

8. Identify each document the City has in it possession and control or that it intends to introduce as evidence to establish that the City of Detroit has a obligation to pay any awards or judgments arising out of the disputes raised by the holders of Indirect 36th District Court Claims.

ANSWER:

9. Identify each document the City has in it possession and control or that it intends to introduce as evidence to establish that the 36th District Court has the right to demand from the City, payment, indemnification or reimbursement of the amounts that may be awarded to the holders of Indirect 36th District Court Claims.

ANSWER:

10. Identify each document the City has in it possession and control or that it intends to introduce to establish that the suits, actions or other legal proceedings that have been brought by the holders of Indirect 36th District Court Claims will deplete the assets of the bankruptcy estate of the City of Detroit.

ANSWER:

11. Identify each document the City has in it possession and control or that it intends to introduce as evidence to establish that the 36th District Court has contributed substantial assets to the City's reorganization.

ANSWER:

12. Identify all assets, property or money that the 36th District Court has contributed to the City's reorganization.

ANSWER:

13. Identify all assets, property or money that the 36th District Court has promised to contribute to the City's reorganization.

ANSWER:

14. Identify each document the City has in it possession and control or that it intends to introduce as evidence to establish that an injunction against the holders Indirect 36th District Court Claims is essential to the City's reorganization.

<u>ANSWER</u>:

15. Identify each document the City has in it possession and control or that it intends to introduce as evidence to establish that the Plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction.

<u>ANSWER</u>:

16. Identify each document the City has in it possession and control or that it intends to introduce as evidence to establish that the Plan provides an opportunity for the Holders of Indirect 36th District Court Claims to recover the full amount of their claims outside of this bankruptcy case.

ANSWER:

17. For 2014 and for each of the next 5 years, please state the source and amount of all revenues that City expects the 36th District Court to generate from the Court's operations.

ANSWER:

18. Identify each person whom the City knows has knowledge about the 36th District Court's operating budget, operating revenue, and operating expenditures.

ANSWER:

# REQUEST FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:**

Please identify and produce each document that you identified, located, discovered the existence of, observed, reviewed, or examined relating to your response to Creditors' interrogatories No. 1 though 21 above.

ANSWER:

                                          Respectfully submitted:

                                          RESNICK & MOSS, P.C.

                                          /s/ H. Nathan Resnick
                                          H. Nathan Resnick (P42424)
                                          Resnick & Moss, P.C.
                                          Attorneys for Creditors: Carlton Carter, Bobby Jones, Roderick Holley and Richard T. Weatherly
                                          40900 Woodward Avenue, Suite 111
                                          Bloomfield Hills, MI 48304
                                          Phone: 248-642-5400
                                          Email: hnresnick@resnicklaw.net

Dated: April 11, 2014

**Proof of Service**

The undersigned certifies that the foregoing
document was filed with the Clerk of the Court
utilizing the ECF system on April 11, 2014,
which will provide notice of same to counsel
for the Debtor and all ECF participants.

/s/ Mark E. Bredow
        Mark E. Bredow