# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) **Expedited Consideration** |
| | ) **Requested** |

## *EX PARTE* EMERGENCY
## MOTION TO ADJOURN DISCLOSURE STATEMENT
## HEARING AND EXTEND PLAN CONFIRMATION SCHEDULE

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") file this *ex parte* motion for entry of an order adjourning the Disclosure Statement hearing and extending the Plan confirmation schedule. Syncora respectfully states as follows:[1]

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not defined in this motion have the meanings given to them in the City's *Consolidated Reply to Objections to Motion of the City of Detroit for Approval of the Proposed Disclosure Statement* [Docket No. 4075] (the "DS Reply").

**Relief Requested**

2.     Pursuant to Bankruptcy Rule 9006(b) and Local Bankruptcy Rule 9006-1(b), this Court may, *ex parte*, extend a deadline for cause shown.[2] And, under the Court's *Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 3632] (the "Third Amended Scheduling Order"), the Disclosure Statement and Plan confirmation schedule may be extended for good cause.[3]

3.     Under this authority, Syncora respectfully requests entry of an order (a) adjourning the Disclosure Statement hearing to a date that is at least 14 days from the date the City files the Second Amended Disclosure Statement, and (b) extending the dates in the Third Amended Scheduling Order accordingly.[4]

**Basis for Relief**

4.     Good cause exists to further extend the dates in the Third Amended Scheduling Order. The Disclosure Statement hearing is less than two days away, but the Second Amended Disclosure Statement is not on file. In the DS Reply, the City stated that it "intends to file, on April 15, 2014, the Second Amended Plan for the Adjustment of Debts of the City of Detroit . . . and its related disclosure

---

[2]  Fed. R. Bankr. P. 9006(b)(1); E.D. Mich. LBR 9006-1(b).

[3]  *See* Third Am. Scheduling Order 3.

[4]  Syncora will serve this motion to the parties in the above-captioned proceedings and will provide notice of the ex parte order upon issuance pursuant to E.D. Mich. LBR 9006-1(a).

statement . . . ."[5] This statement flies in the face of the City's in-court statements (made on different occasions):

> MS. LENNOX: We do not intend to drop on the Court and all the other parties to the case, you know, one amended disclosure statement the night before the hearing and expect people to wade thought that, so I don't know that a deadline is necessary.[6]
>
> MR. BRUCE BENNETT: We are -- there clearly will be amendments [to the Disclosure Statement], and we'll bunch them, so we're not going to do them every day, but we're also not going to do them two days before the disclosure statement hearing.[7]

As the Court is aware, these statements were made in response to Syncora's concerns regarding the Plan confirmation schedule—most of the City's major creditors echoed Syncora's concerns.

5. Incredulously, throughout the DS Reply, the City cites to and relies on the Second Amended Disclosure Statement.[8] But creditors—and the Court—are yet again without the benefit of the actual document to evaluate City's arguments. This is fundamentally unfair and does not respect due process.

6. For example, the City announced a settlement of the UTGO Litigation that may prejudice numerous creditors.[9] Yet the terms of this settlement "are described in the Second Amended Plan and Second Amended Disclosure

---

[5] DS Reply fn. 1.

[6] Disclosure Statement Scheduling Mot. Hr'g Tr. 43, Mar. 5, 2014.

[7] Hr'g Tr. 31, Feb. 25, 2014.

[8] *See e.g.*, DS Reply 5–8.

[9] DS Reply 6.

Statement"—which is not public.[10] Surely the City cannot expect Syncora and other interested parties to review, evaluate, and prepare responses relating to the adequacy of the City's disclosure with respect to UTGO Settlement in fewer than 48 hours. The Court should not sanction this prejudicial behavior.[11]

7. More generally, the City held "meet and confer" telephone conferences with individual objectors and other major objectors on April 10 and April 11, respectively—Syncora participated in both sessions. And the Court made clear what it wanted: "for the City to meet and confer with a view toward narrowing and resolving their disputes regarding the adequacy of the disclosure statement."[12]

8. Syncora drafted and timely sent the City a list of requests for additional information. On April 9, the City e-mailed a compilation of the proposed additions and deletions to the City's Disclosure Statement to serve as the agenda for the meet and confer call the next day—Syncora's requests were omitted. From the outset of the call on April 10, the City signaled that it was not interested in Syncora's specific requests. And though the meet-and-confer call lasted 5 hours, it only took 5 minutes for the City to impress upon the objectors that it was holding the meet-and-confer call merely to comply with the Third

---

[10] *Id.*

[11] Further, upon information and belief, the City may have brokered a settlement with another key creditor constituency, about which creditors presently have no information.

[12] Third Am. Scheduling Order 1–2.

4

Amended Scheduling Order. The City's manner and approach did not change during the call on the following day.

9. Due process cannot be ignored, and the City cannot be permitted to run roughshod over creditors' rights. The Court should adjourn the Disclosure Statement hearing and extend the Plan confirmation schedule.

[*The remainder of this page is intentionally left blank.*]

## Conclusion

WHEREFORE, Syncora respectfully requests that the Court enter an Order, substantially in the form attached as Exhibit 1, granting the relief requested in this motion and granting such further relief as the Court deems appropriate.

Dated: April 15, 2014

*/s/ Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*