UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  ) Case No. 13-53846
 )
CITY OF DETROIT, MICHIGAN,  ) In Proceedings Under
 ) Chapter 9
Debtor.  )
 ) Hon. Steven W. Rhodes
 )

## OAKLAND COUNTY'S RESPONSE TO: WAYNE COUNTY'S MOTION UNDER 11 U.S.C. § 105(d)(1) FOR A STATUS CONFERENCE ON, AND APPOINTMENT OF A FACILITATIVE MEDIATOR WITH RESPECT TO, ISSUES RELATED TO THE FUTURE OF THE DETROIT WATER AND SEWERAGE DEPARTMENT

Oakland County, Michigan ("Oakland County"), a contingent creditor and party in interest in the above-captioned case, by and through its undersigned counsel, pursuant to this Court's April 11, 2014 *Order Scheduling Expedited Hearing and Setting Response Deadline Regarding Wayne County's Motion Under 11 U.S.C. § 105(d)(1) for a Status Conference on, and Appointment of a Facilitative Mediator With Respect to, Issues Related to the Future of the Detroit Water and Sewerage Department* [Docket No. 3971], hereby files its response to *Wayne County's Motion Under 11 U.S.C. § 105(d)(1) for a Status Conference on, and Appointment of a Facilitative Mediator*

*With Respect to, Issues Related to the Future of the Detroit Water and Sewerage Department* [Docket No. 3945] (the "DWSD Facilitator Motion"), and in support thereof states as follows:

## INTRODUCTION

1. Oakland County is a party to several contracts with the City pursuant to which the City, through The Detroit Water and Sewerage Department ("DWSD"), supplies water to, and controls and treats wastewater for and on behalf of, Oakland County. Such services are, in turn, utilized by a substantial portion of the municipalities (including the businesses and residents operating and residing therein) located throughout Oakland County.

2. Initially, and contrary to Wayne County's characterization, Oakland County does not believe that "negotiations are now at the 'angry letter' state". See DWSD Facilitator Motion at Paragraph 19.

3. Oakland County agrees that the DWSD represents an important component of the City's plan of adjustment as the DWSD (or some variation thereof) will provide vital services to millions of residents throughout Southeast Michigan.

4.  Oakland County, in turn, is a critical customer of DWSD, and revenues provided by Oakland County to DWSD are essential to the successful operation of DWSD into the future.

5.  Oakland County remains open to the possibility of a reasonable solution to forming a regional water and sewer authority. However, any resolution must protect all ratepayers and maintain water and sewer operations in a manner to ensure sufficient, efficient, and economical services to DWSD's customers. Water and sewer revenues must be kept in the water and sewer system to pay for critical upkeep and rehabilitation, and legally and practically cannot be diverted from water and sewer operations to the City's general fund so the City can meet obligations not directly attributable to those necessary to operate and maintain the water and sewer system. Oakland County has been consistent in this position with the City.

6.  To date, the City has failed and refused to negotiate in good faith. Instead, the City has continually held back critical documents and barred meaningful access to DWSD officials. Moreover, the City has stated that the required payment to be made by any authority to the DWSD is not open to negotiation. Oakland County simply cannot and will not make

critical billion-dollar decisions that will impact millions of residents in Oakland County without the opportunity to perform comprehensive and professional due diligence.

7. Oakland County is fearful that the City will never provide the level of support and information necessary to allow Oakland County to make a well informed and rationale decision with regard to participating in a regional water authority.

8. This conclusion is supported by the City's failure to do so to date and its statements that the negotiations have "run the course" and that it is pulling the concept of an authority from its Plan of Adjustment.

9. Accordingly, Oakland County believes that unless the City is open and forthcoming and provides meaningful due diligence disclosures in connection with a transaction involving a water authority, no material progress can be realized in mediation. If mediation is ordered, Oakland County would request the City be directed to provide all pertinent information requested in connection with DWSD and/or an authority to all parties.

10. If the Court believes that mediation is appropriate, Oakland County will, of course, participate in such process in good faith and otherwise abide by the Court's order(s).

Respectfully Submitted,

Dated: April 15, 2014

**CARSON FISCHER, P.L.C.**

By: _/s/ Joseph M. Fischer_
Joseph M. Fischer (P13452)
Robert A. Weisberg (P26698)
Christopher Grosman (P58693)
4111 Andover Road, West – 2nd Floor
Bloomfield, Michigan 48302-1924
Telephone: (248) 644-4840
Facsimile: (248) 644-1832
JFischer@CarsonFischer.com
RWeisberg@CarsonFischer.com
CGrosman@CarsonFischer.com

*Counsel for Oakland County, Michigan*

# CERTIFICATE OF SERVICE

I, Joseph M. Fischer, hereby certify that the foregoing OAKLAND COUNTY'S RESPONSE TO: WAYNE COUNTY'S MOTION UNDER 11 U.S.C. § 105(d)(1) FOR A STATUS CONFERENCE ON, AND APPOINTMENT OF A FACILITATIVE MEDIATOR WITH RESPECT TO, ISSUES RELATED TO THE FUTURE OF THE DETROIT WATER AND SEWERAGE DEPARTMENT was filed and served via the Court's electronic case filing and noticing system on this 15th day of April, 2014.

                                                */s/ Joseph M. Fischer*
                                                Joseph M. Fischer (P13452)