UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

-------------------------------------------------------

**OBJECTIONS OF CREDITORS DEBORAH RYAN, WALTER SWIFT, CRISTOBAL MENDOZA AND ANNICA CUPPETELLI, INTERESTED PARTIES, TO AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

NOW COME DEBORAH RYAN, WALTER SWIFT, CRISTOBAL MENDOZA and ANNICA CUPPETELLI, interested parties and object to the *"Amended Plan for the Adjustment of Debts of the City of Detroit (March 31, 2014)."* [**Dkt .#3380**] In support of those objections, the aforementioned interested parties state the following:

1. All four petitioners are persons whose lives have been profoundly and adversely affected by the unconstitutional acts of the City of Detroit (hereafter,

"Debtor") and its officials; all four, as well, have brought actions in the United States District Court for the Eastern District of Michigan, to wit:

a. *Deborah Ryan v. City of Detroit, et al.,* **Civ. Action No. 11-cv-10900**;

b. *Walter Swift v. City of Detroit, et al.,* **Civ.Action No. 10-cv-12911**;

c. *Mendoza and Cupetelli v. City of Detroit, et al.,* **Civ. Action No. 11-cv-10899**.

[**Exhibits 2, 3 and 4; underlying Complaints filed in the Eastern District of Michigan**]

2. All of the aforementioned Complaints were filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 28 U.S.C. §1343. These cases all share certain characteristics, to wit:

a. ***Deborah Ryan*** **(C.A. # 11-cv-10900):** As this Court is aware, Petitioner Ryan asserts that the Debtor City of Detroit and its officials (individual Defendants Kozloff and Blackmon) affirmatively acted to substantially increase the risk to her daughter, Patricia Williams, an outstanding Detroit police officer, thereby resulting in Patricia Williams' vicious and violent murder. These actions violated constitutional rights secured by the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution **[See Dkt. #819, Paragraphs 4-5]**;

b. ***Walter Swift*** **(C.A. #10-cv-12911):** In this case, Walter Swift was wrongfully convicted in 1982 for the crime of rape he did not commit, resulting in 26 cruel years in prison. His claims against the City of Detroit and its officials (Paavola-Nobliski and Lewandowski) thus arise from the unconstitutional wrongful conviction, malicious prosecution and hiding of evidence that convincingly points to innocence, all of which violated his Due Process rights as referenced above, as well as violations of the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution **[See Dkt. #2140-1, Paragraph 2]**; and

    c. ***Mendoza & Cuppetelli* (C.A. #11-cv-10899):** Professor Mendoza's (a Wayne State Art Professor) and Ms. Cuppetelli's (an artist), case involves claims against the City of Detroit and its officials (Carson, Petty and Glover) for the unconstitutional use of excessive force and subsequent malicious prosecution, triggered by Professor Mendoza taking photographs of a movie set on a public street; and therefore, these claims implicate the First, Fourth and Fourteenth Amendments of the United States Constitution.

3. On July 18, 2013, the Debtor filed for an adjudication of bankruptcy, pursuant to Chapter 9 of the Bankruptcy Code [**Dkt. #1**].

4. On July 25, 2013, this Court entered both automatic and extended Stays of Proceedings [**Dkt. #s 166 and 167**]. These Stays had the effect of stopping all proceedings in the aforementioned cases including, but not limited to, discovery in all forms, motions for summary judgment, motions for sanctions and for other relief, and any kind of serious discussions of settlement or alternative dispute resolution.

5. On September 11, 2013, Petitioner Ryan filed a Motion for Relief from Stays [**Dkt. #819**] on several bases, including the assertion that this Court's Automatic Stay [**Dkt. #167**], as well as its Extended Stay [**Dkt. #166**], as applied to causes of action arising under 42 U.S.C. §1983 for violations of her, as well as other claimants', constitutional rights, are in violation of the Fourteenth Amendment to the United States Constitution insofar as they infringe upon and diminish rights secured by the Fourteenth Amendment; and, in addition, that the

Stays also violate principles of judicial economy. **[Dkt. #819-4, pp. 14-22 of 23]**

6. Since the filing of the *Ryan Motion,* this Court has issued an *Order Resolving the Motion for Relief from the Stay* brought by Petitioner Ryan but explicitly denying her complete relief from the effects of the bankruptcy filing herein, to wit:

> "5. (T)he Chapter 9 Stay shall otherwise remain in full force and effect with respect to the Lawsuit. Absent further order of the Court, the Plaintiff shall not be permitted to collect on or to seek any proceeding supplementary to judgment from the City or the Member Defendants on any Final Judgment entered in the Lawsuit."

**[Dkt. #2584, ¶5, p.4]**

7. Further, there has been no relief at all from the Stays imposed by this Court for the three additional Petitioners identified in these Objections; and, all four Petitioners remain burdened with the effects and impairments of this Chapter 9 Bankruptcy filing and its anticipated future implications. Therefore all four Petitioners anticipate that the respective violations of their constitutional rights, as protected by the Fourteenth Amendment to the United States Constitution and effectuated by 42 U.S.C. §1983, will never be fully vindicated.

8. On March 31, 2014, the Debtor city of Detroit filed with this Court its Amended Plan of adjustment, including Paragraph 191, which provides as follows:

> "191. Other Unsecured Claim" means any Claim that is not an Administrative Claim, a Convenience Claim, a COP Claim, a Downtown Development Authority Claim, a General Obligation Bond Claim, a GRS Pension Claim, an OPEB Claim, a PFRS Pension Claim, a Secured Claim or

a Subordinated Claim. *For the avoidance of doubt, Section 1983 Claims are included within the definition of Other Unsecured Claim.*"

**[Dkt. #3380, Paragraph 191] (Emphasis added.)**

9. These Petitioners, and others who claim egregious violations of their precious Constitutional rights, now stand before this Court presenting mere "unsecured claims."

10. The Amended Plan would therefore contravene the very purpose and intent of the Fourteenth Amendment and of Congress, as elaborated by the Supreme Court, in enacting and enforcing § 1983, to provide a full and complete judicial/legal remedy for the violation of one's rights under the Constitution. Accord *Felder v. Casey*, 487 U.S. 131, 148 (1988) (recognizing that civil rights actions "belong in court") (quoting *Burnett v. Grattan*, 468 U.S. 42, 50 (1984)); *Mitchum v. Foster*, *supra,* at 242-43 (noting that the enforcement of federal rights is of the highest priority).

11. Thus, the *Amended Plan of Adjustment* **[Dkt. #3380]** clearly and coldly contemplates the diminishment of the Constitutional rights of those whose rights have been violated by the City of Detroit and its officials, in the following ways:

   a. Section 1983 plaintiffs will receive only a fraction of those sums to which they are entitled by the United States Constitution, including but not limited to the Fourteenth Amendment;

b. They will be deprived of a meaningful trial by jury[1] which would otherwise entitle them to the full compensation determined by any such jury, all in violation of rights secured by the United States Constitution of the United States, including but not limited to the Seventh Amendment;

c. These Petitioners will also be deprived of their right to recover attorney fees and of the accompanying right to act as private attorney generals to enforce the United States Constitution (*See, e.g., Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989))

d. Similarly, everyone else for whom Section 1983 is expressly intended to protect from and ensure the vindication of Constitutional violations, will be deprived that protection by the diminishment, indeed evisceration, of the Bill of Rights by the Debtor's *Amended Plan of Adjustment*;

e. Finally, these Petitioners have already been denied the full and complete ability to engage in discovery and motion litigation in order to enforce their Section 1983 claims; now the Debtor proposes, in its *Amended Plain,* to dilute, diminish their rights and further weaken any ability to fully enforce their Constitutional rights or to be fully compensated for the violations thereof.

12. Thus the *Amended Plan*, **[Dkt. #3380],** specifically Paragraph 191 thereof, limits and constrains Petitioners herein from the full vindication of the egregious violations of their rights under the United States Constitution and, more importantly, in obtaining full and complete relief for those violations, including not only compensation for their damages but also their right to recover attorney fees

---

[1] Although this Court has temporarily lifted the stay as to Petitioner Ryan to allow her a jury trial, **[Dkt. #2584]**, as noted above she still has no right under the terms of this Court's Order to "…collect on or to seek any proceeding supplementary to judgment from the City." **[Dkt. #2584, ¶5, p.4]**

and punitive damages.

13. The limitations and constraints imposed by the City of Detroit's Amended Plan are unconstitutional to the extent that they undermine, diminish and weaken the Constitutional rights of Petitioners, as well as many other parties who have claims arising from the violation of their Constitutional rights pending against the City and/or officials of the City.

14. As if to reinforce and underscore the injustice of the consequences of this Amended Plan, the debtor never once even mentions the United States Constitution, the Civil Rights Act of 1871 or even the terms "civil rights" or "Constitutional rights" anywhere in the 235 pages of its *Amended Plan*. **[Dkt. #3380]** Rather, the *Amended Plan* merely refers to "Section 1983" cases, without so much as a statutory citation, thereby clearly demonstrating its contempt for those rights so desperately at stake herein.

15. Notably, in the *Order* that provided Petitioner Ryan with partial relief from the Stay, **[Dkt. #2584],** this Court did not and has not yet addressed or adjudicated Ryan's Constitutional challenge (nor those of the other Petitioners) to the effects of the Debtor City of Detroit's filing pursuant to Chapter 9 of the Bankruptcy Code. This Court has not yet, in any form, addressed these important and portentous issues. These concerns are now particularly pressing, in light of the Debtor's *Amended Plan of Adjustment*, and Paragraph 191 therein, and the

Debtor's demonstrated contempt for these concerns.

**WHEREFORE,** for the reasons stated above and in the attached *Brief in Support*, **[Exhibit # 1, attached hereto]**, the Petitioners request that this Court provide the following relief:

A. Determine that the *Amended Plan* **[Dkt .# 3380]** is in violation of the Fourteenth Amendment of the United States Constitution as it applies to Petitioners herein and may apply to all persons asserting claims against the Debtor pursuant to 42 U.S.C. §1983 and the United States Constitution;

B. Issue an Order that rejects the *Amended Plan* **[Dkt. # 3380]** and denies the relief sought therein as it applies to Petitioners herein and all persons asserting claims against the Debtor pursuant to 42 U.S.C. §1983 and the United States Constitution;

C. Require the Debtor to set forth a revised Amended Plan that exempts claims brought under 42 U.S.C. §§1983, 1988 from any resolution short of full and complete compensation, including their damages, attorney fees and punitive damages, where appropriate.

Respectfully submitted,

**GOODMAN & HURWITZ, P.C.**

By: */s/William H. Goodman*
William H. Goodman   P14173
Julie H. Hurwitz P34720
1394 E. Jefferson Ave.
Detroit, MI 48207
313-567-6170
bgoodman@goodmanhurwitz.com
*Attorneys for Deborah Ryan, Walter Swift, Cristobal Mendoza and Annica Cuppetelli*

Dated: April 14, 2014