FILED
2014 APR 16 P 1:44
U.S. BANKRUPTCY
E.D. MICHIGAN-DETROIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

Thelma Jackson-Milledge
Your name        Creditors/Appellants,
v

| | |
|---|---|
| In re:<br>CITY OF DETROIT, MICHIGAN<br>AND EMERGENCY MANAGER<br>KEVYN D. ORR<br><br>Debtor/Appellee<br>_____ / | Chapter 9<br>Case No. 13-53846<br>Judge Steven W Rhodes<br><br>Case No. 14-cv-10434<br>Hon. Bernard A. Freidman<br>Magistrate Paul J. Komives |

**OBJECTIONS TO NOTICE AND CONFER SESSION REGARDING CERTAIN OBJECTIONS TO THE AMENDED DISCLOSURE STATEMENT WITH RESPECT TO AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

**PLEASE TAKE NOTICE OF OBJECTIONS;**

THE NOTICE IS AFTER THE FACT, UNTIMELY, CONTRARY TO THE FACTS AND MISREPRESENTATION OF THE BANKRUPTCY CODE AND RULES AND HAS NOT BEEN PRESENTED IN A GOOD FAITH MANNER.

The Bankruptcy Code and Public Act 436 both state that "only the municipality can only file for bankruptcy under chapter 9." Prior to filing the petition the proper steps is approval by city council and the proper

1

person or official is the mayor. This simply was not done and the court lacks jurisdiction. The City of Detroit never legally <u>approved, agreed</u> or <u>consented</u> to the Emergency Manager, Kevyn Orr filing for bankruptcy and Kevyn Orr concealed this fact from the people by his action and contravened MCL 600. 5855 Fraudulent Concealment and 11 U.S.C. 903 (1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any **<u>creditor that does not consent to such composition</u>** (2) a judgment entered under such a **law may not bind a creditor that does not consent to such composition**. 11 U.S.C. 903, thus has failed to meet <u>their requirement of title 11 U.S.C. 903 (c)</u> and <u>there is no binding consent agreement</u> or <u>contract</u> added to previous cited objections and/or a correction and <u>**should have been dismissed.**</u> In addition the state, Kevyn Orr an agent of the state and the City of Detroit concealed the fact the filing of the bankruptcy suit was suppose to be by the proper person or public official by consent of the creditors through their elected officials. City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D.Pa 21).

> **The power to govern remains with the municipality not with the judge or any unelected official, unless State, not Federal, law provides for some alternate system. (121 Cong Rec H39413 (daily ed Dec 9 1975); remarks of Reps. Kindness and Edward. 11 USC 903 Norton Bankruptcy Law and Practice 3d. Congressional Record Statement (Reform Act of 1978).**

2

1. The date that the City of Detroit (the "City")/ Emergency Manager Kevyn Orr filed the Amended Disclosure Statement with respect to Amended Plan for Adjustment of Debts of the City of Detroit /Kevyn Orr (Docket No. 3382) (the "Disclosure Statement") in this case is erroneous the date was March 31, 2014. Also and most important a municipality should, at the very least, attempt to circulate and obtain approval with respect to an **adjustment plan prior to filing for chapter 9, not after the fact as in this case**. Because Section 1126 (b) of the Code applies in chapter 9, municipality that has reached the adjustment plan to be proposed under title11 Section 941of the Code In re City of Vallejo, 408 B.R. at 280, 296-97 (9th Cir. B.A.P. 2009).

We object to the Disclosure Statement because **the City of Detroit did not negotiate in good faith prior to the filing of bankruptcy** in violation of 11 USC 109 (c)The city position for example was that they were not going to bargain and did not have to because P.A. 436. Three Police Officers union challenged the city position not to negotiate for collective bargaining: Three Police Officers union challenged the city position not to negotiate for collective bargaining:

> The Employer in this matter is in receivership and has no duty to bargain under P.A. 436 it has expressed unwillingness to bar-

3

gain or participate in Act 312 arbitration in light of P.A. 436
Case Nos. D09 F-0703, D11 J-1169 and zd13 A-005

In re Valley Health Sys, 383 B.R. 156, 163 (Bankr C.D. Cal 2008). In this present case the city was more egregious by not negotiating at all. In re Cotton Water and Sanitation District, Douglas County, Colo., 138 B.R. 973, 979 (Bankr. D. Colo 1992) "plan referred to in 109(c) (4) is adjustment plan and disclosure statement negotiated pre-petition in good faith."

2. The City of Detroit/Kevyn Orr so-called Third Amended Order or second notice was not received by Hassan Aleem, Carl Williams and many others as well, nor was it posted or any public notice, as required by the 11 U.S.C. Section 923 of the Bankruptcy Code. The creditors/appellants and others have a "public right" derives from a federal regulatory scheme the Court reviewed the line of cases applying the public-rights doctrine to bankruptcy proceedings Stern v Marshall 131 S. Ct. 2594, 2613 (2011).

3. Magistrate judge Steven W Rhodes conceal the fact and deceived the people from knowing he was a Magistrate judge over the age of 70 and had limited powers to address Constitutional issues that were presented at the commence of this case. The fact the creditors never consented for Judge Rhodes is a violation of the Magistrate Act 28 USC 631. He also doesn't have the authority to address "public rights" and cannot legally rule on

4

"pension benefits" that are protected by state constitution because they are reserved to an Article III judge and therefore, he lacks authority because he is not an Article III Judge and thus, lacks jurisdiction and has denied the creditors, unions and pension members the opportunity to fair and adequate hearing. Goldberg v Kelly 397 U.S. 254 90 S Ct 1011, 252 citing "The fundamental requisite of due process is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385 394 (1914); The <u>notice</u> and hearing must be "at a meaningful time and in a meaningful manner" Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

(a) The so-called Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Docket No. 3632) (the "<u>Scheduling Order</u>") did not legally notify, posted, or convey Third Amended Order or any of its requirements in a legal, fair and just manner, if at all.

4. The City of Detroit/Emergency Manager Kevyn Orr continue to use these sale pressure tactics and is not conducting business or proceeding through the bankruptcy process in a good faith manner, that contravened 11 U.S.C. 921 (c). The City of Detroit/Kevyn Orr as the Emergency Manager issued this so-called notice dated 4/08/14 and three days normally for mail-

5

ing which is the eleventh (11th) (4/11/14) day is hardly enough and proper time to adequately to address the notice. The average time in bankruptcy procedures are normally 14 days. The disclosure Statement is inadequate and is not in the best interest of city or the creditors. A lot of these objections can not be resolve, until the City of Detroit/Kevyn Orr comply with the Bankruptcy Codes and Rules. It just only gives more control and authority to the state and its officials.

5. We object to the Disclosure Statement meeting and confer is nothing more than a "sham and canard" to have a meeting and conference, after the fact the bankruptcy have been filed is like putting the horse before the cart. This whole process has been tainted from the outset and is a farce when the Emergency Manager Kevyn Orr filed this case alleging the City of Detroit filed for Bankruptcy. When in fact the state filed bankruptcy through the Emergency Manager. That is nothing more than a deception to fool the people to defraud them under the disguise of Emergency Manager to control the City of Detroit and its assets.

6. We object to the Disclosure Statement and Amended Disclosure Statement also for some of the following example and reason:

a) We object because the City of Detroit has failed to comply with 11 USC 1125 and 1126 no proper and adequate notice and hearing on the "Disclosure Statement as required." This demonstrate the City of Detroit failed

6

to conduct business in a good faith manner and failed to meet the requirement to the Bankruptcy Code title 11 U.S.C. 923, therefore, should be dismissed as provided by the Bankruptcy code 921. See In re City of Stockton, California Ch 9, Case No. 2012-32118D.C. No. OHS-15, Pg 11-12.

    b) We object to the pension trust in the Plan of Disclosure Statement and any reduction in the pension because all reductions have been to harsh and irrational, thus far.

    c) We object to the Water Department going to the Great Lake Sewerage Authority or any authority.

    d) We object to the funders of the DIA trust or any trust in this plan.

    e) We object to the Disclosure Statement because it states the city can obtain funds for the demolition and blight. The Federal Government Housing Urban Development (HUD) have given the City of Detroit $500,000,000.00 million dollars for demolition and blight. The City also have approximately, $18,000,000,00 million dollars of homeowner insurance funds to tear down houses, so this simply an excuse to raid the pension fund instead of demolition and blight is dishonorable and a distortion of the truth and a deception to obtain funds under fraudulent concealment a violation of MCL 600.5855. <u>The city have available on hand $518,000, 000,00 millions on hand for demolition and blight.</u>

7

7) The Emergency Manager Kevyn Orr is not an elected official and only a municipality and elected official can legally file for bankruptcy.

8) We object to disclosure statement section or number 4 that the Bankruptcy Court may continue the hearing after this time and date without prior notice to parties, and can modify the disclosure statement prior to a hearing, during the hearing or as a result of hearing without prior notice, thus a violation of the Bankruptcy Code 11 U.S.C. 923. It states: "There Shall be given notice of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice shall also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commence, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates. This also applies to the "Disclosure Statement" and "Plan of Adjustment" as well. These are grounds for a dismissal. In re Colorado Centre Metro, Dist. (1990, BC Dc colo) 113 BR 25, 7 Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC2d 397.

8) We object to disclosure statement section or number 4 that the Bankruptcy Court may continue the hearing after this time and date without

8

prior notice to parties, and can modify the disclosure statement prior to a hearing, during the hearing or as a result of hearing without prior notice, thus a violation of the Bankruptcy Code 11 U.S.C. 923 and we reiterate. It states: "There <u>Shall be given notice</u> of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice <u>shall</u> also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commence, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates. This also applies to "Plan of Adjustment" as well. These are grounds for a dismissal. In re Colorado Centre Metro, Dist. (1990, BC Dc colo) 113 BR 25, 7 Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC2d 397.

c) We object to the Water Department going to the Great Lake Sewerage Authority or any authority.

d) We object to the funders of the DIA trust or any trust in this plan.

10. The first Amended Order Establishing Procedures, Deadlines and hearing dates relating to the Debtor's Plan of Adjustment, was issued February 25, 2014 and the deadline of February 28, 2014, not even five days

9

to respond is a joke. Now you continue these same sale-men pressure tactics issuing this notice on April 8, 2014 where I and others received some of them April 9, 2014 and a conference without our consent or approval claiming it must be received no later than 24 hours is April 11, 2014 is a joke. when you receive the notice on the 9th the latest to comply with 24 hours would be the 11th of April, and under the Federal Rules of Civil Procedures you are allowed three days just for mailing. I called the number they gave (216) 579 0212 and I only got a fax machine. The time to respond in bankruptcy proceedings is normally 14 days and in the Federal Rules of Civil Procedures you normally receive 20 or 21 days. The appellants/creditors are not attorney or skill in the legal profession and do not have enough time to consult legal assistant and advice. The deadline time lines is unreasonable for the average person and are unfair, to stringiest and irrational and prejudice this proceedings and this case against the creditor, pensioners, retiree, and other citizens.

## RELIEF REQUEST

In view of all the above facts and laws we demand and pray that this court grant the following request and demands (1) That the court disregards the Notice and Meet Confer Session regarding certain objections to the

10

Amended Disclosure Statement with respect to Amended Plan for the Adjustment of Debts of the City of Detroit, due to not enough time to respond, (2) That any Amendments be made available to all concern and interest people in this case. (3) That from this day forward that a minimum of at least ten (10) working days be giving to respond to any notice or objection, (4) That this court dissolve or postpone all requirements in this notice, due to lack of appropriate time to reply and (5) dismiss this case for failure to conduct business and proceed in a good faith manner and failure to meet the requirement of the Bankruptcy Code title 11.

**Theses are just a few examples of the reason why we object to the Disclosure Statement and the Plan of Adjustment as well because there are multiple violations of the law. "This is an analogy to the fruit of the poisons tree."**

Sincerely Submitted,

*Thelma Milledge*
Name

Address- 15075 Appoline

City & Zip Detroit Mich 48227

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM

    Creditors/Appellants,

v

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| AND EMERGENCY MANAGER | Judge Steven W Rhodes |
| KEVYN D. ORR | |
|     Debtor/Appellee | Case No. 14-cv-10434 |
| | Hon. Bernard A. Friedman |
| _____/ | Magistrate Paul J. Komives |

STATE OF MICHIGAN)
                       ) SS
COUNTY OF WAYNE)

## PROOF OF SERVICE

___Carl Williams___, being first duly sworn, deposes and Say: that on April _14_ 2014. I sent a copy of the Objection to the City notice of meet and confer session regarding certain objection to the Amended Disclosure Statement with respect to Amended Plan for Adjustment of Debts of the City of Detroit upon the concern parties by certified mail, at the following addresses:

City of Detroit  
Corporation Council  
First National Building  
600 Woodward Ave  
Detroit, Michigan 48226

Emergency Manager: Kevyn Orr  
Coleman A. Young Municipal Center  
2 Woodward 11th Floor  
Detroit, Michigan 48226

Heather Lennox (OH 0059649)  
David G. Heiman (OH 0038271)  
Jones Day  
901 Lakeside Avenue  
Cleveland, Ohio 44114

Jonathan S. Green (MI P33140)  
Stephen S. LaPlante (MI P48063)  
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.  
150 West Jefferson  
Suite 2500  
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Wherefore I/we request the Court will deny the relief sought in said Kevyn Orr City of Detroit Disclosure Statement.

_____Carl Williams_____  
Objector    creditor/appellant

address 10112 Somerset

City and Zip Detroit Michigan 48224