UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

**STATE OF MICHIGAN'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING) FROM SYNCORA GUARANTEE AND SYNCORA CAPITAL ASSURANCE (DKT. #3315)**

The State of Michigan submits its objections to Syncora Guarantee and Syncora Capital Assurance's subpoena (Dkt. #3315).

**GENERAL OBJECTIONS**

1. The State objects to any request that seeks documentation and communications that are protected by the attorney-client, work-product, or other applicable privilege.

2. The State objects to every request that is not limited to a specific and relevant time period.

3. The State objects to every request that seeks to impose upon the State obligations that are neither set forth in nor contemplated by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

4. The State objects to every request that seeks documentation that is not in the possession, custody, or control of the State, or that is not kept in the ordinary course of the State's business, on grounds that such requests exceed the requirements of Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or would otherwise be burdensome or oppressive.

5. The State objects to every request that seeks documentation and communications that are protected by legislative privilege or deliberative process privilege.

Pursuant to Federal Rule of Evidence 501, the State's assertion of legislative privilege is governed by Michigan law because Syncora seeks information relating to state-law issues, i.e., revenue-sharing and sources of funding from the State to the City. Under Michigan law, "legislative files, recordings, tapes, records, memoranda, or written documents" of state legislators and staff are privileged and not subject

to disclosure in a civil proceeding. Michigan Complied Laws § 4.554; see also *Michigan Mutual Ins. Co. v. Dep't of Treasury*, 1996 Mich. App. LEXIS 2245 (Mich. Ct. App. December 10, 1996). Further, documents and communications of state legislators and staff are protected from disclosure under federal common law. See U.S. Const., art. I, § 6; *Tenny v. Brandhove*, 341 U.S. 367 (1951); Mich. Const. art. IV, § 11.

Because legislative materials are not subject to disclosure, the State will not collect, review nor produce any documents or communications of the Legislature.

6. The State objects to every request that seeks documentation and communications that are protected by the common interest privilege that exists between the State and the City and their respective counsel. *In re Quigley Co., Inc.*, 2009 Bankr. LEXIS 1352 (Bankr. S.D.N.Y. 2009); *In re Tribune Co.*, 2011 Bankr. LEXIS 299 (Bankr. D. Del. 2011).

7. The State's responses to the subpoena are based upon information currently available. Accordingly, the State reserves its right to supplement or amend its responses to the extent that relevant information is hereinafter obtained.

8. In responding to a request, the State does not concede its relevancy, materiality, or admissibility and the State responds without prejudice to its right to object to further inquiry concerning the subject matter of any request.

**OBJECTIONS TO DOCUMENT REQUESTS**

Without limiting the foregoing General Objections, the State submits the following objections directed to Syncora's specific document requests.

Request No. 1: Michigan Attorney General Bill Schuette and the State have separately appeared in this chapter 9 case through their respective counsel and an ethical conflict wall has been erected between these parties. Because Request No. 1 requests documentation and communications relating to Attorney General's Opinion No. 7272 it is the State's understanding that Attorney General Schuette's team will collect, review, and produce documents responsive to this request from the Department of Attorney General. The State intends to collect, review, and produce documents responsive to this request from other State departments and agencies, subject to any applicable privileges.

Request No. 2: This Request seeks all documents and communications regarding the Plan GRS and Plan PFRS Settlements. The State objects to this request because:

    a.    The concept of an actual State Contribution Agreement (In the Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. #3380), replaced the concept of the Plan GRS and Plan PFRS Settlements). The resolution it represents was developed entirely within the context of mediation ordered pursuant to this Court's Mediation Order (Dkt. #322) which states:

> All proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence.

Because the State Contribution Agreement is a product of mediation, all documents and communications relating to the State Contribution Agreement are privileged and confidential and protected from disclosure; and

    b.    Information relating to funds the State intends to appropriate relating to the State Contribution Agreement are protected by legislative privilege and deliberative process privilege. (See General Objection No. 5.)

Request No. 3: This Request seeks all documents created between January 1, 2005, and the present relating to the City's revenue-sharing arrangements with the State of Michigan. The State objects to this Request because:

    a.    Responding to the requests will impose undue burden and expense on the State;

    b.    Historical data relating to funding and revenue sharing dating back to 2005 is not relevant to confirmation of the City's Plan;

    c.    The requests are overly broad, requesting all documents created and communications made that in any way relate to revenue-sharing, all types of funding, and taxation for a period of over nine years;

    d.    Non-public legislative materials relating to funding and revenue-sharing are protected by legislative privilege and deliberative process privilege. (See General Objection No. 5.)

    e.    The Request seeks documents beyond the standard State retention periods and requirements.

Pursuant to Federal Rule of Civil Procedure 45, Syncora must take reasonable steps to avoid imposing undue burden and expense on

the State. Given the short time-frame allowed for responses to written discovery,[1] Syncora failed to properly limit its requests to documentation and information that could reasonably be produced within the period of time provided by the subpoena—April 25, 2014. There are more than 54 custodians just in the Departments of Treasury and Technology, Management, and Budget that have to be searched for responsive data and documents. Responding to these requests also will require the State to collect and review documents from another 16 state departments and agencies and more than an additional 100 custodians of records. The State estimates that the number of documents responsive to these broad requests will exceed 500,000.

The State's attorneys contacted Syncora's counsel in an attempt to resolve these issues, but without success. Production of these documents cannot be completed by the April 25, 2014 production date. Unless Syncora narrows the scope of the request by specifying a shorter time-frame, limiting the number of State departments from which

---

[1] Syncora issued the subpoena on March 28, 2014. In accordance with the Court's Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Dkt. #3632). However, the subpoena was not served until April 7, 2014. The State must comply with Syncora's subpoena by April 25, 2014.

documents are sought, and more specifically defining the focus of the requests, the State will have no choice but to seek an extension of time to fully respond to the subpoena.

Request No. 4: This Request seeks all communications between the City and the State of Michigan regarding funding, or revenue sharing for the time period of January 1, 2005, to the present. The State objects to these requests for the reasons set forth in the objections to Request No. 3, paragraphs a-e. The State asserts the following additional objections:

    f.    This Request is duplicative of Request No. 3 with respect to revenue sharing as the "communications" requested would be included within the "documents" requests in 3 by definition. (See Subpoena p. 4.)

    g.    The term funding is vague and overbroad.

Request No. 5: This Request seeks all documents relating to funding received by the City from the State of Michigan for any purpose from the time period January 1, 2005, to the present. The State objects to this request for the reasons set forth in the objections to Request No. 3, paragraphs a-e. The State asserts the following additional objections:

  f.  This Request is duplicative of Request Nos. 3 and 4.

  g.  The term funding is vague and overbroad.

 Request No. 6: This Request seeks documents and communications relating to federal, state, and private money that the City received since January 1, 2010, or expects to receive. The State objects to this requests because:

  a.  It repeats Requests Nos. 3, 4, and 5;

  b.  The State cannot respond to what the City "expects to receive" because the State is not in a position to know the expectations of the City;

  c.  The State is not the appropriate party from which to inquire about federal and private money that the City has received, or may expect to receive; and

  d.  Legislative materials relating to funding are protected by legislative privilege and deliberative process privilege. (See General Objection No. 5.)

            Respectfully submitted,

            */s/Matthew Schneider*
            Matthew Schneider
            Chief Legal Counsel
            Attorney for State of Michigan

P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Margaret A. Nelson
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Ave., Ste. 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan

Dated: April 17, 2014