UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  ) Chapter 9
 )
CITY OF DETROIT, MICHIGAN, ) Case No. 13-53846
 )
 ) Hon. Steven W. Rhodes
Debtor. )

**LIMITED OBJECTION OF
THE DETROIT RETIREMENT SYSTEMS
TO THE CORRECTED MOTION OF THE CITY OF DETROIT
FOR ENTRY OF AN ORDER ESTABLISHING SUPPLEMENTAL
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES
TO ACCEPT OR REJECT PLAN OF ADJUSTMENT WITH
RESPECT TO PENSION AND OPEB CLAIMS**

The Police and Fire Retirement System of the City of Detroit (the "**PFRS**") and the General Retirement System of the City of Detroit (the "**GRS**" and together with the PFRS, the "**Retirement Systems**") hereby file this limited objection (the "**Objection**") to the *Corrected Motion of the City of Detroit for Entry of an Order Establishing Supplemental Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment with Respect to Pension and OPEB Claims* (the "**Motion**") [Dkt. No. 3943], stating as follows:

# OBJECTION

## I. Length and Complexity of Plain Language Inserts

1. The purpose of a disclosure statement is "to provide sufficient information to enable a reasonable and typical investor to make an informed judgment about the plan." *In re Ligon*, 50 B.R. 127, 130 (Bankr. M.D. Tenn. 1985) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 121). However, in this case, where the Plan and Disclosure Statement total more than 600 pages, including exhibits, this Court recognized that it is wholly unreasonable to expect that the approximately 32,000 individual participants in the Retirement Systems whose claims are being treated in Classes 10, 11 and 12 can make any sense out of these voluminous and complex documents. That is why the Court directed the City to develop a "plain English" notice that could accompany those ballots and assist these individuals to understand how to cast an informed vote on the Plan.

2. Far from the couple of pages of simple explanations that the Court envisioned, the City's versions of the Plain Language Inserts have turned out to be long, single-spaced documents that persist in using long words and highly technical language, with too much detail for the average retiree or employee to absorb. Part of the problem, of course, is the complexity of the Plan itself, in particular with respect to the contingent nature of the State Contribution and the peculiar terms of the release provisions as they impact the voting by members of

Classes 10 and 11. A more straightforward Plan would be easier to explain. But even so, the Plain Language Inserts are unnecessarily dense and hard to read.

## II. Inadequate Explanation of Release Provisions

3. According to the Plan, the State and other third parties will be given releases by any retiree or employee who accepts the Plan – *even if the State does not pay the State Contribution* due to a cramdown on Class 10 or 11. In addition, if Classes 10 and 11 vote to accept the Plan, retirees and employees who vote against the Plan will still be bound by the State Release. An inherent issue under the Plan is that an individual creditor in these two classes will not be able to determine the full consequences of either a vote for or against the Plan.

4. The clarification of the general release provisions and the Comprehensive State Release, and the consequences of voting to accept the Plan are critical elements for effective disclosure. The Plain Language Inserts must sufficiently explain the intended releases and injunctions so that the members of Classes 10 and 11 are fully informed about the effect of their votes.

5. The disclosure issue is whether the Plain Language Inserts adequately inform creditors that, if they vote to accept the Plan, they will be giving the State (and other released parties) a full release that will enjoin them from any future suit to recover full payment of their pensions or to enforce other rights or claims – **even if the State does not contribute a penny to the Plan as a result of rejection by**

3

**either Class 10 or 11**. Plan Section III.D.7(a). This provision mentions the State Contribution as "consideration," but the Retirement Systems have been informed that the City takes the position that the "accepting creditor" release is binding *even if the State Contribution is not effective or received.*

6. In footnote 3 and footnote 6 of the Plain Language Insert for Class 10 and Class 11 respectively, the City discloses that the Comprehensive State Release "would release all claims and liabilities arising from or related to the City, the chapter 9 case (including the authorization given to file the chapter 9 case), the Plan and exhibits thereto, the Disclosure Statement, PA 436 and its predecessor or replacement statutes, and Article IX, § 24 of the Michigan Constitution." The Retirement Systems respectfully submit that the scope and breadth of the Comprehensive State Release should not be buried in footnotes in the Plain Language Inserts, and should be highlighted on the second pages of the Plain Language Inserts for Classes 10 and 11. This is particularly important where the release encompasses claims and liabilities arising with respect to any statute replacing PA 436 *in the future*.

**III. Need for Clarification Regarding Fund for Income Stabilization.**

7. The description of the Fund for Income Stabilization should be clarified. It appears to be inconsistent in the measure for qualification: is it 130% of the federal poverty level or 140%? Also, the elimination of COLAs could well

4

cause members of the two classes to qualify in future years, even if they do not qualify as of 2013, but it appears that those who fall under this line in the future may be out of luck. These mechanics must be clarified.

**IV.  Ballot Issues**

8.  With respect to the Ballots, the City accepted many of the comments from the Consultation Parties (defined in the Motion), in particular by adopting separate ballots for retirees and actives in each of Classes 10 and 11. Several changes are still necessary.

9.  Consistent with the discussion regarding releases above, the "boxed" release language should be revised on page 2 of each Ballot to read as follows:

> **RELEASES**
> **If you vote to accept the Plan:**  You will be giving up any right you may have to sue the State of Michigan, the City or other entities specifically protected by the Plan releases, to try to recover the full amount of your pension, **even if no Outside Funding is contributed by the State or the other released parties and you receive no money or extra payments in exchange for your release**.
>
> **If you vote to reject the Plan:**  If Classes 10 and 11 vote to accept the Plan so that the State funding will be made, you will not have any right to sue the State of Michigan, the City or other entities specifically protected by the Plan releases, to try to recover the full amount of your pension**, but you will have the right to receive your share of the Outside Funding**.

10.  The language on pages 5 and 6 of each Ballot under "Voting Information" and Instructions relating to the effect of voting to accept the Plan should be revised to read as follows:

> If you vote to accept the Plan, you are voting to approve certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan. Such provisions include, but are not limited to, the provisions contained in Article III.D, Article IV.G, Article IV.H and

5

> Article V.C of the Plan. Such provisions include a release of third parties, including the State of Michigan, <u>even if the State and those other parties do not provide the State Contribution or any other Outside Funding to [PFRS/GRS] to increase funding for your future pension benefits. By accepting the Plan, you are forever releasing any rights you may have against the State or other nondebtor third parties regarding your current pension and you will be forever barred from suing them. Specifically, this release would release all claims and liabilities arising from or related to the City, the chapter 9 case (including the authorization given to file the chapter 9 case), Plan and exhibits thereto, the Disclosure Statement, PA 436 and its predecessor or replacement statutes, and Article IX, § 24 of the Michigan Constitution.</u>

11. For the PFRS active employee Ballot, the meaning and purpose of the "hard freeze" statement requires explanation. Currently, the active Ballot states: "The amount of the PFRS liabilities that is represented by the hard freeze of PFRS as of June 30, 2013 is [$_____], or ___% of the total PFRS liabilities." By itself this statement has no meaning.

12. The COLA charts that are to appear in each Annex II need to be prepared in a form that is readily understandable. Only the raw data – not the charts themselves– have been provided so far. The Retirement Systems has urged that bar graphs or line graphs be provided so that the recipients can readily see the effect of the loss of COLAs over time.

## CONCLUSION

These drafting issues might be resolvable with additional time to improve (*i.e.*, simplify and clarify) the Plain Language Inserts and Ballots. Guidance from the Court could be of material assistance in that process. As they stand now, the Plain Language Inserts and Ballots are not ready for prime time. Accordingly, the Retirement Systems respectfully request that the Plain Language Insert and ballots **not** be approved in their current form, and that the City be directed to work with the Consultation Parties to resolve the remaining issues.

Dated: April 17, 2014        Respectfully submitted,

CLARK HILL PLC

/s/   Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan  48009
Telephone: (248) 988-5882
rgordon@clarkhill.com

-and-

ARNOLD & PORTER LLP
Lisa Hill Fenning
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: (213) 243-4000
lisa.fenning@aporter.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT A

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

CERTIFICATE OF SERVICE

The undersigned certifies that on April 17, 2014, the *Limited Objection of the Detroit Retirement Systems to the Corrected Motion of the City of Detroit for Entry of an Order Establishing Supplemental Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment with Respect to Pension and OPEB Claims* was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

                      CLARK HILL PLC

                      /s/ Robert D. Gordon
                      Robert D. Gordon (P48627)
                      151 South Old Woodward Avenue, Suite 200
                      Birmingham, Michigan 48009
                      Telephone: (248) 988-5882
                      rgordon@clarkhill.com

Dated: April 17, 2014        *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*