| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | No. 13-53846<br><br>Chapter 9<br><br>HON. STEVEN W. RHODES |

**STATE OF MICHIGAN'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING) FROM THE OFFICIAL COMMITTEE OF RETIREES (DKT. #4051 AND #4034)**

**OVERVIEW**

The Official Committee of Retirees of the City of Detroit has served an overbroad subpoena upon the Governor. For example, the Retiree Committee seeks all communications between the Governor, his staff, and the City "about...the City's bankruptcy." See Request No. 9. The Committee also seeks all communications between the Governor, his staff, and the President or the 535 Members of Congress, and their staffs, "concerning the City." See Request No. 5.

The Retiree Committee also seeks information protected by this Court's Mediation Order. For example, the Committee requests all communications "concerning the bankruptcy" between the Governor, his staff, and the not-for-profit Foundations that have participated in the mediation process. See Request No. 11.

Because the Retiree Committee seeks overbroad, irrelevant, privileged, and otherwise protected information, the State of Michigan submits the following objections.

## GENERAL OBJECTIONS

1. The State objects to every request that seeks documentation and communications that are protected by the attorney-client, work-product, or other applicable privilege.

2. The State objects to every request that is not limited to a specific and relevant time period.

3. The State objects to every request that seeks to impose upon the State obligations that are neither set forth in nor contemplated by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

4. The State objects to every request that seeks documentation that is not in the possession, custody, or control of the State, or that is not kept in the ordinary course of the State's business, on grounds that such requests exceed the requirements of Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or would otherwise be burdensome or oppressive.

5. The State objects to every request that seeks documentation and communications that are protected by legislative privilege (see Mich. Comp. Laws § 4.554; *Michigan Mutual Ins. Co. v. Dep't of Treasury*, 1996 Mich. App. LEXIS 2245 (Mich. Ct. App. December 10, 1996); U.S. Const., art. I, § 6; *Tenny v. Brandhove*, 341 U.S. 367 (1951), executive privilege (see *In re 1976 PA 267*, 400 Mich. 660 (1977); *Federated Publications v. Michigan State University Board of Trustees*, 460 Mich. 75 (1999), or deliberative process privilege (see *Dan M. Norwood v. Fed. Aviation Admin.*, 993 F.2d 570 (6th Cir. 1993)). Pursuant to Federal Rule of Evidence 501, the State's assertion of these privileges is governed by Michigan law because the Retiree Committee seeks information relating to state-law issues, i.e., revenue-sharing and sources of funding from the State to the City.

6. The State objects to every request that seeks documentation and communications that are protected by the common interest privilege that exists between the State and the City and their respective counsel. *In re Quigley Co., Inc.*, 2009 Bankr. LEXIS 1352 (Bankr. S.D.N.Y. 2009); *In re Tribune Co.*, 2011 Bankr. LEXIS 299 (Bankr. D. Del. 2011).

7. The State's responses to the subpoena are based upon information currently available. Accordingly, the State reserves its right to supplement or amend its responses to the extent that relevant information is hereinafter obtained.

8. In responding to a request, the State does not concede its relevancy, materiality, or admissibility and the State responds without prejudice to its right to object to further inquiry concerning the subject matter of any request.

**OBJECTIONS TO DOCUMENT REQUESTS**

Pursuant to Federal Rule of Civil Procedure 45, the Retiree Committee must take reasonable steps to avoid imposing undue burden and expense on the State. Given the short time-frame allowed for

responses to written discovery,[1] the Retiree Committee failed to properly limit its requests to documentation and information that could reasonably be produced within the period of time provided by the subpoena – April 25, 2014.

Responding to Requests 1, 4, 5, 8, 10, 11, 12, 13, and 15 will require the State to collect and review documents from "the Governor, the Governor's Office, or any agent, representative, employee or assistant of the Governor." The Governor's Office has approximately 84 employees to which this request is arguably applicable. If members of the Governor's cabinet and their staffs are included in the term "employees," that figure increases exponentially.

Responding to Requests 2, 3, 7, 9, 14, and 16 will require the State to collect and review documents from at least 16 State departments and agencies and more than 150 custodians of records. Because the State estimates that over 1,000,000 documents will be responsive to these broad requests, production cannot be completed by April 25, 2014.

---

[1] The Retiree Committed issued the subpoena on April 11, 2014. In accordance with the Court's Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Dkt. #3632), the State is directed to comply with the Retiree Committee's subpoena by April 25, 2014.

Unless the Retiree Committee narrows the scope of the requests by specifying a shorter time-frame, limiting the number of State departments from which documents are sought, and more specifically defining the focus of the requests, the State will have no choice but to seek an extension of time to fully respond to the subpoena.

**Request No. 1:** This request seeks documentation and communications regarding funding from "any third party" including but not limited to state, federal, or private grants. The State objects to this request because:

a. Responding to the request will impose undue burden and expense on the State;

b. The term "funding" is vague and overbroad;

c. Historical information relating to funding is not relevant to confirmation of the City's Plan;

d. The request seeks documents beyond the standard State retention periods and requirements;

e. The State is not the appropriate party from which to inquire about federal and private money that the City has received, or may expect to receive; and

    f.     The materials sought are protected by the legislative, executive, and deliberative process privileges. (See General Objections No. 5.)

**Request No. 2:** This request seeks documentation relating to potential funds or grants from the State to the City in the next 5 years. The State objects to this request for the reasons set forth in the objections to Request No. 1. The State also objects because Legislative materials relating to funding are protected by legislative privilege and deliberative process privilege.

**Request No. 3:** This request seeks documentation relating to potential funds or grants from the federal government to the City in the next 5 years. The State objects to this request for the reasons set forth in the objections to Request No. 1.

**Request No. 4:** This request seeks documentation and communications relating to State reductions in funding to the City. The State objects to this request for the reasons set forth in the objections to Request No. 1. The request is duplicative of Request No. 1 because documentation relating to "funding that has been applied for or received by the City" encompasses "reductions in funding to the City."

Furthermore, the State objects to this request because it seeks materials that are protected by the legislative, executive, and deliberative process privileges.

**Request No. 5:** This request seeks all communications between the Governor, his staff, and the President or the 535 Members of Congress, and their staffs, "concerning the City." This request is overbroad and seeks privileged information. The State objects to this request for the reasons set forth in the objections to Request No. 1. Furthermore, the State objects to this request because it seeks materials that are protected by the legislative, executive, and deliberative process privileges.

**Request No. 6:** This request seeks production of the proposed State Contribution Agreement between the City and the State. This document is Exhibit I.A.253 of the Second Amended Plan for the Adjustment of Debts of the City of Detroit (April 16, 2014)(Dkt. # 4140).

**Request No. 7:** This request seeks documentation and communications regarding the State Contribution Agreement. The State objects to this request because the concept of the State Contribution Agreement and the resolution it represents was developed

entirely within the context of mediation ordered pursuant to this Court's Mediation Order (Dkt. #322) which states:

> All proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence.

**Request No. 8:** This request seeks documentation and communications relating to the City's Plan, including all versions of the Plan and amendments thereto. To the extent that the Plan or portions thereof is a product of court-ordered mediation, all related documents and communication are privileged and confidential and protected from disclosure pursuant to the Mediation Order. Furthermore, documentation and communications relating to the City's chapter 9 case and development of the City's Plan are protected by the common interest privilege that exists between the State and the City and their respective counsel.

**Request No. 9:** This request seeks communications relating to the City's chapter 9 case, the City's Plan, the City's retirees, and the treatment of pensions and OPEB claims in the City's Plan. Additionally, this request seeks communications relating to funds from the State to the City and "any other funds" that might be available to

9

the City "in funding the Plan or in the year after the bankruptcy ends." The State objects to this request for the reasons set forth in the objections to Request No. 1. The State asserts the following additional objections:

    a.    To the extent that the Plan or portions thereof is a product of court-ordered mediation, all related documents and communications are privileged and confidential and protected from disclosure pursuant to the Mediation Order; and

    b.    Documentation and communications relating to the City's chapter 9 case and development of the City's Plan are protected by the common interest privilege that exists between the State and the City and their respective counsel; and

    c.    This request is duplicative of Requests Nos. 1 – 3 because it requests communications relating to funding.

**Request No. 10:** This request seeks communications regarding the Detroit Water and Sewerage Department in relation to the City's chapter 9 case. The State objects to this request to the extent that communications regarding the DWSD were incident to court-ordered mediation because all related documents and communications are

privileged and confidential and protected from disclosure pursuant to the Mediation Order.

**Request No. 11:** This request seeks communications with the Foundations. The State objects to this request to the extent that communications with the Foundations were incident to court-ordered mediation because all related documents and communications are privileged and confidential and protected from disclosure pursuant to the Mediation Order.

**Request No. 12:** This request seeks communications with the DIA. The State objects to this request to the extent that communications with the DIA were incident to court-ordered mediation because all related documents and communications are privileged and confidential and protected from disclosure pursuant to the Mediation Order.

**Request No. 13:** This request seeks communications with entities that expressed interest in donating or providing funds to the City. The State objects to this request because:

a. To the extent that communications with any such entities were incident to court-ordered mediation because all related documents

11

and communications are privileged and confidential and protected from disclosure pursuant to the Mediation Order; and

      b.      This request is duplicative of Requests Nos. 11 and 12.

**Request No. 14:** The request seeks communications concerning possible state liability relating to pensions or increased Medicare costs. The State objects to this request to the extent it seeks production of materials that are protected by the legislative, executive, or deliberative process privileges.

**Request No. 15:** This request seeks communications with the City's representative relating to the City's chapter 9 case and the City's Plan. The State objects to this request because documentation and communications relating to the City's chapter 9 case and development of the City's Plan are protected by the common interest privilege that exists between the State and the City and their respective counsel.

**Request No. 16:** The State objects to this request because it is duplicative of Requests Nos. 9 and 15.

                          Respectfully submitted,

                          */s/Matthew Schneider*
                          Matthew Schneider
                          Chief Legal Counsel
                          Attorney for State of Michigan

Dated: April 21, 2014

P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Margaret A. Nelson
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Ave., Ste. 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan