# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MACK, individually,

       Plaintiff,

                                    No.
-v-                                      Hon.

CITY OF DETROIT, a Municipal corporation;
OFFICER MIA NIKOLICH, individually; and
OFFICER R. NILL, individually;

       Defendants.
_____

**WOLFGANG MUELLER (P43728)**
**DONNA M. MacKENZIE (P62979)**
Olsman, Mueller, Wallace
& MacKenzie  P.C.
Attorneys for Plaintiff
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-2300
wmueller@olsmanlaw.com
dmackenzie@olsmanlaw.com
_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, RICHARD MACK, individually, by and through his

attorneys, OLSMAN, MUELLER, WALLACE & MacKENZIE, P.C., by WOLFGANG

MUELLER, and does hereby complain against the Defendants in this civil action, stating

unto this Court as follows:

      1.     This is an action for damages brought pursuant to 42 USC §§1983 and

1998, the Fourth and Fourteenth Amendments to the United States Constitution and

under the common law of the State of Michigan against Defendant, Officer R. NILL, in

his individual capacity, Officer MIA NIKOLICH, in her individual capacity, and the CITY of DETROIT, the individual Defendants' employer.

2.      Jurisdiction is founded upon 28 USC §1331 and 28 USC §1343 and upon the pendent jurisdiction of this Court to adjudicate claims arising under Michigan law.

3.      Venue is proper based on the situs of the incident, which occurred in the City of Detroit.

4.      That at all pertinent times Plaintiff, RICHARD MACK, was a citizen of the State of Michigan.

5.      That the Defendant, Officer R. NILL, is a citizen of the State of Michigan and was, at all times relevant hereto, employed as a police officer for the City of Detroit Police Department, a department of the CITY of DETROIT, a Municipal corporation.

6.      That the Defendant, Officer MIA NIKOLICH, is a citizen of the State of Michigan and was at all times relevant hereto, employed as a police officer for the City of Detroit Police Department, a department of the CITY of DETROIT, a Municipal corporation.

7.      That on April 23, 2011, at the time of the events alleged in this Complaint, the Defendants, Officers R. NILL and MIA NIKOLICH, were at all times acting in their individual capacities and within the scope of their employment as police officers employed by the Detroit Police Department and under color of law.

8.      That at all times relevant hereto, the Defendant, CITY OF DETROIT, was the employer of Defendants, NILL and NIKOLICH.

2

9.      That on or about April 23, 2011, Easter Sunday, shortly before 11:00 a.m., Plaintiff was contacted by his daughter, who was living in an apartment at 19265 Shiawassee, that she shared with her boyfriend.  She told Plaintiff that her boyfriend was armed with weapons and threatened to harm her, as she was moving out of the apartment.  At 10:57 a.m., Plaintiff made a call to 911 to advise the Detroit Police Department of the situation and proceeded to the gated complex.

10.     As Plaintiff waited outside the security gate, a police car pulled up, with two police officers inside. The officers were Defendant, Nikolich, and her partner, Officer Scott Tofil.   Plaintiff signaled them over to explain that he was the person who made the 911 call.  He pointed them in the general direction of the apartment, as Plaintiff was somewhat unfamiliar with the complex.

11.     Shortly thereafter, as Plaintiff waited in his car, another squad car pulled up, with defendant, R. Nill, and another officer.  Plaintiff told the two officers that he was the one who had called 911.  The male officer, Nill, asked how to get to the apartment. Plaintiff responded *"I'm not sure, I've only been here once."*  Officer Nill then told him to show them the way.  When Plaintiff, who was concerned about the armed gunman, responded *"I'd rather not, I'm not sure where the apartment is"*, Officer Nill replied *"Let's go"*, as if commanding him to show them the way.

12.     Despite their having been informed of an armed person in the apartment, Officer Nill and his partner, a female officer, had Plaintiff lead the way up the apartment stairs and onto a balcony on the second floor.  Plaintiff's daughter appeared, telling Plaintiff and the officers that her boyfriend had assaulted her, showing Plaintiff bruises

on her neck.  Officer Nikolich was standing in the hallway speaking to Plaintiff's daughter, Alicia, and taking notes while officer Tofil was inside.  Plaintiff's daughter had already showed Officer Tofil where two guns were located.

13.     Suddenly and without warning, Officer Nill, who was standing behind Plaintiff, violently grabbed Plaintiff in a choke hold and threw him to the ground.  Plaintiff fell into Defendant, Nikolich.  Nikolich then charged at Plaintiff, who was on the ground, and kneed him at least twice in the neck and torso.  Other residents of the apartments, who had seen the incident unfold, screamed at the officers to stop the attack on Plaintiff.

14.     The officers placed Plaintiff in handcuffs, and escorted him to the back of the squad car, with the male officer, Nill, bragging to the female officer, *"That's how you do a choke hold, baby; twist the neck and the body will follow."*

15.     Officer Nill also told Plaintiff that he was under arrest for assaulting a police officer, while Officer Nikolich repeatedly called Plaintiff a *"punk"* and *"You goin' to jail. . . You come up here like Billy Badass, wanting to get all bad and shit after we got everything under control. . . When we pulled up, your punk ass was sitting in the car, Mr. Wannabe big and bad!"*  Nikolich also repeatedly called Plaintiff's daughter, Alicia, a "bitch" and "whore."

16.     Plaintiff was taken to the police precinct in handcuffs.  While at the station, when police supervisors heard what had happened, Plaintiff was not charged with assaulting a police officer.  Instead, he was charged with interfering with police officers in the performance of their duties, a misdemeanor.  Defendant, Mikolich's incident

4

report simply noted that *"Richard Mack, B/M . . . was issued a citation for interfering with a police investigation by P.O. Nill who made our scene for moral support."*

17.     As a direct and proximate result of Defendants, Nill and Nikolich's assault and battery, Plaintiff suffered the following injuries and damages:

      A.      Herniated discs in the lumbar vertebrae, which will require surgery;

      B.      Fracture of the little finger in his right hand;

      C.      Contusions about the neck and torso from being kneed;

      D.      Tremendous pain and suffering;

      E.      Incurring significant medical bills;

      F.      Fright, shock, humiliation and embarrassment;

      G.      Severe emotional distress;

      H.      Other damages which may yet be undiscovered and may be permanent.

18.     Defendants, Nill  and Nikolich recklessly or intentionally misrepresented the events of April 23, when their reports did not describe the incident giving rise to the citation issued by Defendant, Nill, and failed to note that force was used on Plaintiff during the incident.

19.     Plaintiff subsequently lodged a formal citizen's complaint with the Detroit Police Department.  He was later summoned to police headquarters, where he identified Officers Nill and Nikolich from a photo lineup, as part of the Internal Affairs Force Investigation Unit's investigation of the incident, Case # 11-081.

20.     On September 22, 2011, Commander Brian Stair wrote to Plaintiff, and stated *"An investigation by Internal Affairs was conducted regarding your complaint of*

*Assault and Battery/Demeanor and concluded with a finding of **"SUSTAINED."***

*Furthermore, this matter has been forwarded to Disciplinary Administration for*

*Adjudication."*

21.     As a direct and proximate result of Defendants, Nill and Nikolich's conduct

in covering up and misrepresenting the actual event, causing Plaintiff to be charged with

a crime, Plaintiff suffered the following injuries and damages:

> A.     Being handcuffed and taken away to the police station in front of his daughter;
>
> B.     Extreme humiliation and embarrassment;
>
> C.     Severe emotional distress from being charged with a crime for the first time in his life;
>
> D.     Incurring legal expenses for attorney fees and bond; and
>
> E.     Other injuries and damages that may be discovered in the course of the lawsuit.

## COUNT I

### CONSTITUTIONAL VIOLATIONS BY DEFENDANTS, R. NILL, MIA NIKOLICH, AND THE CITY OF DETROIT

22.     Plaintiff incorporates by reference all prior paragraphs as if fully stated

herein.

23.     Defendants violated RICHARD MACK's constitutionally-protected rights,

including:

> A.     His right to liberty protected in the substantive components of the Due Process clause of the Fourteenth Amendment to the U. S. Constitution, including his right to personal safety and bodily integrity, as well as protection from unreasonable seizure, pursuant to the Fourth Amendment;

6

B.   Defendants, NILL and NIKOLICH'S conduct was objectively unreasonable, as Plaintiff was unarmed and did not pose any threat of injury to Defendant or others, and did nothing to provoke the savage attack;

C.   Plaintiff's right to be free from assault and battery by a police officer when Plaintiff was unarmed and did not provoke the attack, was clearly established as of April 23, 2011;

D.   Defendant, CITY OF DETROIT, acting under color of state law, authorized, tolerated, ratified, permitted, and/or acquiesced in the creation of policies, practices and customs, including inadequate training, especially in making decisions on the use of less-lethal force, which was the moving force behind the individual defendants' violation of Plaintiff's constitutional rights and demonstrated "deliberate indifference" to the constitutional rights of its citizens;

E.   Defendant, CITY OF DETROIT, acting under color of state law, authorized, tolerated, ratified, permitted, and/or acquiesced in the creation of policies, practices and customs, involving fabrication of police reports to create probable cause to charge victims of police assaults with crimes, including assaulting a police officer and interfering with officers in the performance of their duties, which was the moving force behind the individual defendants' violation of Plaintiff's constitutional rights and demonstrated "deliberate indifference" to the constitutional rights of its citizens;

F.   Defendants, NILL and NIKOLICH, deliberately and knowingly supplied false information and omitted information in their police reports, in order to manufacture probable cause for Plaintiff to be charged with a crime.  Such conduct  violated Plaintiff's Fourth Amendment rights, which were clearly established as of April 23, 2011, and constitutes malicious prosecution under federal law;

G.   Other acts of constitutional violations that will be discovered through the process of discovery.

24.   That as a direct and proximate result of the Defendants' willful violation of RICHARD MACK's constitutionally protected rights, Plaintiff suffered the injuries and damages set forth above.

7

WHEREFORE, Plaintiff, RICHARD MACK, prays for such compensatory damages as are available pursuant to Michigan law. Plaintiff further seeks punitive damages pursuant to 42 USC §1983 as to the individual Defendants, together with pre-judgment interest, costs and attorney fees in an amount to be determined by the Court; wherefore, he brings this suit.

## COUNT II

### STATE LAW ASSAULT AND BATTERY BY DEFENDANT OFFICERS R. NILL AND MIA NIKOLICH

25.     Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

26.     Defendants, Officers R. NILL and MIA NIKOLICH, intentionally choked and beat Plaintiff, who had not provoked such an attack, as he was directing the officers to his daughter's apartment, at the officers' request.  RICHARD MACK did not consent to Defendant's use of force and his invasion of his bodily integrity.   Defendants' conduct constitutes assault and battery under the law of the State of Michigan.

WHEREFORE, Plaintiff, RICHARD MACK, prays for such compensatory and exemplary damages as are available pursuant to the common-law of the State of Michigan,  together with pre-judgment interest, costs and attorney fees in an amount to be determined by the Court; wherefore, he brings this suit.

## COUNT III

### STATE LAW MALICIOUS PROSECUTION BY DEFENDANT R. NILL

27.     Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

28.     Defendant, NILL, initiated and continued criminal prosecution against Plaintiff in state court.

29.     The criminal proceedings ultimately terminated in Plaintiff's favor with a dismissal of the charges in state court.

30.     Defendant initiated and carried out the prosecution, deliberately, and, with reckless disregard for the truth, withheld material evidence from the Prosecutor.

31.     The prosecution was undertaken with malice and to protect NILL and NIKOLICH, as it was apparent that they assaulted and battered Plaintiff, who had done nothing to provoke the beating.  The prosecution was not undertaken with the intention of bringing Plaintiff to justice for having committed any crime.  Instead, it was undertaken to cover up and justify their senseless attack on Plaintiff.

32.     As a direct and proximate result of Defendant's malicious prosecution, Plaintiff was charged with a crime, causing him to suffer the injuries and damages set forth above.

WHEREFORE, Plaintiff, RICHARD MACK, prays for such compensatory and exemplary damages as are available pursuant to the common-law of the State of Michigan, as well as treble damages pursuant to MCL 600.2907, together with pre-judgment interest, costs and attorney fees in an amount to be determined by the Court.

## COUNT IV

### STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BY DEFENDANTS, NILL AND NIKOLICH

33.     Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

34.     Defendants, NILL and NIKOLICH, intentionally misrepresented the facts surrounding the incident, in order to conceal the unprovoked beating by Defendants and in order to establish probable cause to arrest Plaintiff.   Moreover, Defendant, NIKOLICH's demeaning and derogatory post-incident comments to Plaintiff and his daughter were intentional and meant to, and did, cause emotional distress to Plaintiff.

35.     Defendants' conduct went beyond all possible bounds of decency and was intended to, and did, cause emotional distress.

36.     Defendants' conduct would be regarded as atrocious and utterly intolerable in a civilized community.

37.     Each individual Defendant's conduct was a proximate cause of Plaintiff's injuries and damages set forth above.

WHEREFORE, Plaintiff prays for such compensatory and exemplary damages as are available pursuant to the common-law of the State of Michigan, together with pre-judgment interest, costs and attorney fees in an amount to be determined by the Court.

OLSMAN, MUELLER, WALLACE
& MACKENZIE, P.C.

s/Wolfgang Mueller
Wolfgang Mueller (P43728)
wmueller@olsmanlaw.com
Donna MacKenzie (P62979)
dmackenzie@olsmanlaw.com
Attorneys for Plaintiff
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-2300

Dated: January 23, 2012

10

## JURY DEMAND

Plaintiff, RICHARD MACK, by and through his attorneys, OLSMAN, MUELLER, WALLACE & MACKENZIE, P.C., by WOLFGANG MUELLER, demands a jury trial in the instant matter.

OLSMAN, MUELLER, WALLACE
& MacKENZIE, P.C.

s/Wolfgang Mueller
Wolfgang Mueller (P43728)
wmueller@olsmanlaw.com
Donna MacKenzie (P62979)
dmackenzie@olsmanlaw.com
Attorneys for Plaintiff
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-2300

Dated: January 23, 2012

11