UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM et al
Creditor/Plaintiffs

v

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  

Chapter 9  
Case No. 13-53846  
Judge Steven W Rhodes  

Case No. 14-cv-10434  
Hon. Bernard A. Freidman  
Magistrate Paul J. Komives  

Debtor/Defendants
_____/

# RECONSIDERATION ON THE ORDER OVERRULING OBJECTIONS TO NOTICE AND CONFER SESSION REGAEDING CERTAIN OBJECTIONS TO THE AMENDED DISCLOSURE STATEMENT WITH RESPECT TO AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

NOW COMES, the plaintiffs Carl Williams and Hassan Aleem et al Dkt No.4022, Barbara Ann Magee, Dkt No. 4111, Hassan Aleem and Carl Williams Dkt No. 4112, Errol Griffin Dkt No. 4113, Gladys Woolfork Dkt No. 4114, Gregory T. Waller Dkt No. 4115, Keith M. Hines Dkt No. 4116, Mark Burton Dkt No. 4117, Roxanne Watson Dkt No. 4118, Sandra Howard Dkt No. 4119, Sarah Vann Dkt No. 4120, Thelma Jackson-Milledge Dkt 4122,

1

Vera C. Magee Dkt No 4123, Zelma Kinchole Dkt 4124, and moves this court pursuant to 6 CIR 45 (b) and Rule 9024-1 U.S. Bankruptcy Court E.D. for Reconsideration and plaintiffs show the following:

Plaintiff in the above caption Carl Williams received an order Overruling Objections to Notice and Confer Session Regarding certain objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit.

1) The Magistrate Judge Steven W. Rhodes overruling objections without proper and adequate notice and "no hearing at all." In the present context these principles require that a person have <u>timely</u> and <u>adequate notice</u> detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). Goldberg also states that the parties are entitle to an "<u>impartial decision maker</u>." The decision maker Judge Steven W. Rhodes has not been impartial as a result of his decision to the creditors and other parties of interest in this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for various reasons as a consequence of <u>the court failure to meet the requirements to the Bankruptcy code title 11 U.S.C. Section 923</u>, the second disadvantage

and partiality the Judge Steven W Rhodes displaced was he intentionally gave an informal hearing to most creditors and a formal hearing to the debtors with sworn testimony and later revealed that most of creditors, pensioners, retirees, ect, ect, did not have testimony but only a "presentation" that made their hearing a "show trial" with no blinding creditability testimony and is only hearsay, the third disadvantage and partiality was Judge Steven W Rhodes chaired a forum on Chapter 9 and Emergency Managers October 10, 2012. Five of the six speakers advocated both. One was a co-author of PA 436's predecessor PA 4, two trained emergency managers, and another Charles Moore of Conway McKenzie, has been a chief witness for Orr/Jones Day in the bankruptcy trial. Now judge Rhodes is sitting in judgment as the decision maker on trial for these very people he trained, therefore he should have recused himself to prevent the appearance of partiality and has contravened the Model Code of Judicial Conduct Canon 2, "a judge Shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" Canon 3 "A judge Shall perform the duties of judicial office impartially and diligently," therefore, should have been dismissed as provided by the bankruptcy code 11 USC 921, thus due process

3

and equal protection of the 5th Amendment procedure due process and 14th Amendment of equal protection of the law of the Constitution of the United State of America. The fifth disadvantage the court handpicked a committee to represent the creditors without the consent or approval of the creditors. The judge is not allowing the pensioners as creditors, retirees, and others to negotiate with the city. The creditors are being denied opportunity to choose a representative of their own choice and negotiate with the city this is a denial of due process and equal protection of the law, thus violation of the 14th Amendment of the Constitution of the United States of America.

2) The Court through Judge Steven W. Rhodes refused to address the objections of the above parties members and they did not receive a hearing, thus due process and equal protection of the law. The court has long ruled that the appellants are entitled to an adequate and effective <u>notice</u> and <u>hearing</u>, In the present context these principle require that a person have <u>timely</u> and <u>adequate</u> <u>notice</u> detailing the reasons for the notice and an "effective opportunity to defend." Goldberg also states that the parties are entitle to an impartial decision maker, as you can see an impartial decision maker did not happen Goldberg v. Kelly <u>supra,</u> citing Arm-strong v. Manzo.

4

3) The Court further concludes that the objections should be overruled for lack of arguable merit. How can the court through Judge Steven W Rhodes overrule these issues that have not been addressed like for instance: (a) The Judge Steven W Rhodes deceived the people by concealing the facts that the city never legally <u>consented</u>, <u>agreed to</u>, or <u>approved to</u> bankruptcy. (b) He ignores or just disregarded the facts in this Bankruptcy Proceeding for example; The city council never had a vote to filing for bankruptcy and the Mayor never approve or even legally address Bankruptcy. (c) Therefore, (1) the city of Detroit never legally approved, agreed or consented to Kevyn Orr filing for bankruptcy and Kevyn Orr and Judge Steven W Rhodes have deceived the people to justify this fraudulent concealment to contravened MCL 600.5855 on the court. The court at least (2) should have addressed the fraud with an evidentiary hearing to determine if there were any fraud or if any fraud exists or was committed.

A party that alleges a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first "conducting an evidentiary hearing" into the allegations. Rapaport v Rapaport 185 Mich App 12 (1990) citing Michigan Bank-Midwest v D J Reynaert, Inc, 165 Mich App 630, 643; 419 NW2d 439 (1988); St Clair Commer-

5

cial & Saving Bank v Macauley, 66 Mich App 210, 214-215; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976). (d) It was reported in the Detroit News and Free Press and the Metro times that the Judge Steven W. Rhodes told Kevyn Orr that if they were to litigate instead of negotiating the Money that Detroit owes the Banks they would likely prevail.

4) The order overruling objections to Notice and Confer Session regarding Certain objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit is invalid, misapplied and doesn't apply to the objectors according to "Black law Dictionary" definition of overrule means "A judicial decision, rendered by the same court or by a superior court in the same system, expresses a judgment upon the same question of law directly opposite to that which was before given." To began with the objections have not been ruled on to be overruled, therefore the so called orders that Judge Steven W Rhodes have issued are invalid and misappropriate used according to Black's Law Dictionary. In order to be overruling there first have to be a ruling without a ruling there is nothing to over rule. The judge cited no authority and no legal reason for his so called overruling. How can the court concluded neither a response nor oral argument on these objections is necessary with-

6

out a hearing. The purpose of a hearing is to make a determination if there is merit and not like Dictator Judge Steven W. Rhodes.

5) The bankruptcy court have also transferred our case to the District Court without a hearing. The bankruptcy court without an order or even a notice transmitted our appeal to the district court without our knowledge and consent. (See exhibit A, a copy of the form letter from the court after the fact). "If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdiction issue," thus violate Michigan Court Rules, Rule 2.227 (A) Transfer to court which has jurisdiction. See Rule 2.227 A (1).

The bankruptcy court has contravened Michigan Court Rule of Civil Procedure (MCRP) Rule 2.227 and denied appellants due process of law to a hearing. The transfer to the other court where the venue would be proper, (if the appellants had filed in the district court, however they filed in the Court of Appellants) The bankruptcy court's initiated the transfer on its own accord unknowingly to the appellants and against their will and desires. The Bankruptcy court transferred the case without notifying appellants until after the fact and denying them the opportunity to be heard once

7

again on the jurisdiction issue. Goldberg v Kelly <u>supra</u>, citing Armstrong v Manzo <u>supra</u>.

## RELIEF REQUESTED

WHEREFORE, and all the above facts and laws the plaintiffs request and demand that the Reconsideration be granted and that the court look at the facts and evidence and follow the law rather than what you think is best for the City of Detroit. That judge Steven W Rhodes recuse himself from this case, That they be a hearing on these objections and evidentiary hearing to determine if any fraud occurred and to rescinded, vacate or dismiss the order and that it have no legal affect.

Sincerely Submitted,

_Carl Williams_       _Hassan Aleem_
Name

_10112 Somerset_      _2446 Taylor_
Address

_Detroit Michigan 48224_      _Detroit, Mich 48206_
City & Zip

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
City of Detroit, Michigan,
Debtor.

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

_____/

## Order Overruling Objections to Notice and Confer Session Regarding Certain Objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit

Several parties have filed "Objections to Notice and Confer Session Regarding Certain Objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit." The Court concludes neither a response nor oral argument on these objections is necessary.

The Court further concludes that the objections should be overruled for lack of arguable merit. Accordingly, it is hereby ordered that each of the following objections is overruled:

Dkt. #4022 filed by Hassan Aleem, Carl Williams

Dkt. #4111 filed by Barbara Ann Magee

Dkt. #4112 filed by Hassan Aleem, Carl Williams

Dkt. #4113 filed by Errol Griffin

Dkt. #4114 filed by Gladys Woolfork

Dkt. #4115 filed by Gregory T. Waller

Dkt. #4116 filed by Keith M. Hines

Dkt. #4117 filed by Mark Burton

Dkt. #4118 filed by Roxanne Watson

Dkt. #4119 filed by Sandra Howard

Dkt. #4120 filed by Sarah Vann

Dkt. #4122 filed by Thelma Jackson-Milledge

Dkt. #4123 filed by Vera C. Magee

Dkt. #4124 filed by Zelma Kinchloe

Signed on April 16, 2014

                                                        /s/ Steven Rhodes
                                                        Steven Rhodes
                                                        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | OFFICE OF THE CLERK OF COURT | |
|---|---|---|
| 226 WEST SECOND ST.<br>FLINT, MI 48502<br>(810) 235-4126 | 211 WEST FORT STREET, SUITE 2100<br>DETROIT, MICHIGAN 48226-3211<br>(313) 234-0065 / WWW.MIEB.USCOURTS.GOV | 111 FIRST STREET<br>BAY CITY, MI 48707<br>(989) 894-8840 |



Exhibit A

Date: January 31, 2014
Debtor: City of Detroit
Case #: 13-53846

To Whom It May Concern:

☐ On _____ the Clerk's Office received the enclosed document. We were unable to process this document/request, because it was not accompanied by the appropriate filing/copy fee.

☐ Please resubmit the document/request with the proper fee if you still wish to have it processed with the court. Attached for your reference is a list of required fees. If you are not certain of the correct amount after reviewing this list, you may obtain further information by calling (313) 234-0065.

☐ No personal checks are accepted by the court. Please send a business check, money order, or cashiers check with your document/request. (**Make checks payable to U.S. Bankruptcy Court**)

☐ The cost for copies is fifty cents ($.50) per page. Please be advised that there was a total number of _____ page(s), please resubmit your request with payment of $_____ with a copy of this letter.

☐ The enclosed request requires a search of the court records. The fee is $30.00. Please resubmit your request with the appropriate fee.

☐ Your correspondence was not specific enough for the court to process your request, therefore, it is being returned. Please resubmit with a detailed statement of the information or documents needed.

☒ Other
Your Appeal has been transmitted to District Court. Therefore, we are sending your Addendum And Correction of Petition For Permissi To Appeal By Appellants Carl Williams And Hassan Aleem And Others Of Interest Pursuant to 28 USC Section 158 (d) back to you so you ca file it with District Court.

Please return this letter along with your original request. Thank you.

Sincerely,

Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM

        Creditors/Plaintiffs,

v

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| AND EMERGENCY MANAGER | Judge Steven W Rhodes |
| KEVYN D. ORR | |
|     Debtor/Defendants | Case No. 14-cv-10434 |
| | Hon. Bernard A. Friedman |
| _____ / | Magistrate Paul J. Komives |

STATE OF MICHIGAN)
                ) SS
COUNTY OF WAYNE)

## PROOF OF SERVICE

___Carl Williams___, being first duly sworn, deposes and Say: that on April 22 2014. I sent a copy of the Reconsideration on the Order Overruling Objection to the City notice of meet and confer session regarding certain objection to the Amended Disclosure Statement with respect to Amended Plan for Adjustment of Debts of the City of Detroit upon the concern parties by certified mail, at the following addresses:

City of Detroit  
Corporation Council  
First National Building  
600 Woodward Ave  
Detroit, Michigan 48226

Emergency Manager: Kevyn Orr  
Coleman A. Young Municipal Center  
2 Woodward 11th Floor  
Detroit, Michigan 48226

Heather Lennox (OH 0059649)  
David G. Heiman (OH 0038271)  
Jones Day  
901 Lakeside Avenue  
Cleveland, Ohio 44114

Jonathan S. Green (MI P33140)  
Stephen S. LaPlante (MI P48063)  
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.  
150 West Jefferson  
Suite 2500  
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Wherefore I/we request the Court will deny the relief sought in said Kevyn Orr notice of meet and confer session regarding certain objections to the Amended Disclosure Statement with respect to Amended Plan for Adjustment of Debts of the City of Detroit City of Detroit.

Signed _____  
    Carl Williams  
    10112 Somerset  
    Detroit, Michigan 48224