# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM et al
    Creditor/Plaintiff

v

In re:  
CITY OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR

    Debtor/Defendants
_____/

Chapter 9  
Case No. 13-53846  
Judge Steven W Rhodes

Case No. 14-cv-10434  
Hon. Bernard A. Freidman  
Magistrate Paul J. Komives

## OBJECTIONS NOTICE AND CONFER SESSION REGARDING CERTAIN OBJECTIONS TO THE AMENDED DISCLOSURE STATEMENT WITH RESPECT TO AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

NOW COMES the plaintiffs the moving parties Carl Williams and Hassan Aleem, Dkt No.4022, Barbara Ann Magee, Dkt No. 4111, Hassan Aleem and Carl Williams Dkt No. 4112, Errol Griffin Dkt No. 4113, Gladys Woolfork Dkt No. 4114, Gregory T. Waller Dkt No. 4115, Keith M. Hines Dkt No. 4116, Mark Burton Dkt No. 4117, Roxanne Watson Dkt No. 4118, Sandra Howard Dkt No. 4119, Sarah Vann Dkt No. 4120, Thelma Jackson-

1

Milledge Dkt 4122, Vera C. Magee Dkt No 4123, Zelma Kinchole Dkt 4124, in the above caption and show the following:

1) We object to the confer session regarding certain objections to the Amended Disclosure Statement with respect to Amended Plan for the Adjustment of Debts of the City of Detroit was issued without consent, without proper adequate notice and without a hearing, thus a violation of the Bankruptcy 11 USC 923 that states:

It states: "There <u>Shall be given notice</u> of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. <u>Such notice shall also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commence, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates</u>. This also applies to "Plan of Adjustment" as well. These are grounds for a dismissal. In re Colorado Centre Metro, Dist. (1990, BC Dc colo) 113 BR 25, 7 Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC2d 397.

2) The Bankruptcy Rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). The Bank-

2

ruptcy Court Judge Steven W. Rhodes under the color of his office has failed to enter an order designating who to give notice by mail and identifying the newspaper in which additional notice is to publish according to Fed. R. Bankr. P. 9007, 9008 as required by the Bankruptcy Rule. This simply was not done and we say do not meet the requirements of title 11 or chapter 9 bankruptcy procedures, which is a failure to conduct business in a good faith manner and failure to comply with the bankruptcy rule and code that is grounds for dismissal and denial of due process and equal protection of the law of the 5th and 14th Amendments of the Constitution of the United States.

3) The Court through Judge Steven W. Rhodes refused to address the objections of the above parties members and they did not receive a hearing, thus due process and equal protection of the law. The court has long ruled that the appellants are entitled to an adequate and effective <u>notice</u> and <u>hearing</u>, In the present context these principle require that a person have <u>timely</u> and <u>adequate</u> <u>notice</u> detailing the reasons for the notice and an "effective opportunity to defend." Goldberg also states that the parties are entitle to an impartial decision maker, as you can see an impartial decision maker did not happen Goldberg v. Kelly <u>supra,</u> citing Armstrong v. Manzo

3

<u>supra</u>.

4) Appellants objects to both the Plan of Adjustment and the Disclosure Statement because they both are untimely and filed after the fact in violation of Bankruptcy Code 109 (c) (4) pre-petition in good faith. This demonstrate (1) That the Emergency Manager Kevyn Orr being knowledgeable and specializing in bankruptcy procedure should have known. if he did not know he should have known (O.V. Foy v Norfolk & Western Railroad Co. 377 F2d 243, 247 (1967) that the Plan of Adjustment and Disclosure Statement were to be filed before the bankruptcy and not after the fact bankruptcy had taken place. This clearly demonstrate that Emergency Manager, Kevyn Orr did not file the bankruptcy in good faith and failed to meet the requirements of the Bankruptcy Code and Rules and this case should have been dismissed.

The "Plan of Adjustment" and "Disclosure Statement" is to prevent, curtail, assist to avoid or eliminate bankruptcy pre-petition in good faith, in according to Bankruptcy Code 109 (c) 4 not to escalate and assist in its causes.

A party that alleges a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without

4

first "conducting an evidentiary hearing" into the allegations. Rapaport v Rapaport 185 Mich App 12 (1990) citing Michigan Bank-Midwest v D J Reynaert, Inc, 165 Mich App 630, 643; 419 NW2d 439 (1988); St Clair Commercial & Saving Bank v Macauley, 66 Mich App 210, 214-215; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976).

(a) Magistrate Judge Steven W Rhodes conceals the fact and deceived the people from knowing he was a Magistrate judge over the age of 70 and had limited powers to address Constitutional issues that were presented at the commence of this case. **The fact the creditors never consented for Judge Rhodes is a violation of the Magistrate Act 28 USC 631. He also doesn't have the authority to address "public rights" and cannot legally rule on "pension benefits" that are protected by state constitution because they are reserved to an Article III judge** and therefore, he lacks authority because he is not an Article III Judge and thus, lacks jurisdiction and has denied the creditors, unions and pension members the opportunity to fair and adequate hearing. Goldberg v Kelly supra, citing "The fundamental requisite of due process is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385 394 (1914); The notice and hearing must be "at a meaningful time and in a meaningful manner" Armstrong v. Manzo, supra,

b) On April 16, 2014 the objector Carl Williams was intimidated, ha-

5

rassed and discriminated against in exercising his constitutional right to file objections to the Plan of Adjustment and Disclosure Statement. Carl Williams and Hassan Aleen and others went to the bankruptcy court to file objections against the Notice and Confer Session regarding certain objections to the Amended Disclosure Statement with respect to Amended Plan for the Adjustment of debts of the City of Detroit. Carl Williams got out of car and as he enter the building and as he attempted to empty to his pocket to proceeded through the mental detector. The security guard asked what was his name and he told him Carl Williams. The security guard then looked at a piece of paper that had a listed of a name and/or names on it and told him to wait a minute. The security guard then told him he could not go upstairs until he had an escorted. The security guard told other guard to escort objector Williams upstairs and don't let him out of his cite to the 17th floor. Objector Williams asked the officers what was going on. One of the officers stated you are going to be escorted upstairs. About a couple of people came in went through the mental detector. One of the officers then proceed to escort objector Williams to the elevator to go upstairs to 17th floor. Objector Williams asked the guard why was he being escorted and treated this way. The security guard told him they received instruction from the Marshal office. Williams was escorted up stair and file the objections and turn around and was escorted back down stairs.

6

This action of Dictator Judge Steven W Rhodes to have the Marshall office to treat objector Williams out of the ordinary through intimidation, and harassment, and like a common criminal is unjustified. The only people being escorted is the prisoners or someone under arrest. If the judge don't like what plaintiff Williams is saying prove him wrong under the law or address our objections and show us where we are wrong according to the law and not your personal opinionated decision.

## RELIEF REQUESTED

WHEREFORE, and all the above facts and laws the plaintiffs request and demand that the notice of meet and confer session regarding certain objections to the Amended Disclosure Statement with respect to Amended Plan for the Adjustment of debts of the City of Detroit and everything stemming from or connected to it be rescinded, vacate or dismiss and have no legal affect.

Sincerely Submitted,

Carl Williams / Hussan Aleem
Name

10112 Somerset / 2440 Taylor
Address

Detroit Michigan 48224 / Detroit Mich 48206
City & Zip

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---------------------------------------------------x
                                                   :
In re                                              : Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         : Case No. 13-53846
                                                   :
                    Debtor.                        : Hon. Steven W. Rhodes
                                                   :
---------------------------------------------------x

# NOTICE OF MEET AND CONFER SESSION REGARDING CERTAIN OBJECTIONS TO THE AMENDED DISCLOSURE STATEMENT WITH RESPECT TO AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

## PLEASE TAKE NOTICE THAT:

1. On March 21, 2014, the City of Detroit (the "City") filed the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 3382) (the "Disclosure Statement") in the above-captioned case.

2. On April 2, 2014, the Court entered the Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Docket No. 3632) (the "Scheduling Order"). The Scheduling Order provides that, no later than April 14, 2014, "attorneys who have filed timely disclosure statement objections" (any such party, an "Objector") must "meet and confer" with counsel for the City "with a view toward narrowing and resolving

CLI-2202011v2

13-53846-tjt Doc 2900 Filed 04/08/14 Entered 04/08/14 14:29:01 Page 1 of 8
13-53846-swr Doc 4243 Filed 04/23/14 Entered 04/23/14 16:28:24 Page 8 of 17

their disputes regarding the adequacy of the disclosure statement." Scheduling Order, at ¶ 5. The Scheduling Order further provides that "[t]his 'meet and confer' may be in person or by telephone." Id. As set forth in the Scheduling Order, "[a]ny party whose attorney fails to timely participate in this process will be deemed to have waived its objections to the disclosure statement." Id.

3. Pursuant to paragraph 5 of the Scheduling Order, on **Friday, April 11, 2014 at 10:00 a.m., Eastern Time**, the City will conduct a conference call (the "Meet and Confer Call") to discuss – and work to narrow and resolve – objections to the adequacy of the Disclosure Statement. With the exception of those parties identified on Exhibit A attached hereto – with respect to whom the City has scheduled a discrete "meet and confer" session and who need not participate in the Meet and Confer Call – the City urges all Objectors to carefully review this Notice and participate in the Meet and Confer Call.

4. The City believes that the Meet and Confer Call will be most productive if all participants can focus on specific proposed additions to, or deletions from, the Disclosure Statement (any such specific proposed additions or deletions, "Proposed Changes"). Accordingly, the City requests that each Objector who wishes to participate in the Meet and Confer Call send its Proposed Changes to counsel for the City either (a) as a Word document attached to an email; (b) by facsimile; or (c) by mail or express courier. Regardless of the method of

CLI-2202011v2 -2-
13-53846-swr Doc 3900 Filed 04/08/14 Entered 04/08/14 14:29:01 Page 2 of 8
13-53846-tjt Doc 4241 Filed 04/23/14 Entered 04/23/14 16:28:24 Page 9 of 17

transmission, the City requests that Proposed Changes be delivered in such a manner as to be <u>received</u> no later than 24 hours prior to the Meet and Confer Call (<u>i.e.</u>, by 10:00 a.m., Eastern Time on April 10, 2014). Proposed Changes sent via email should be sent to Thomas A. Wilson at tawilson@jonesday.com. Proposed Changes sent via facsimile should be sent to Jones Day, care of Thomas A. Wilson, at (216) 579-0212. Proposed Changes sent by mail should be addressed to: Thomas A. Wilson, Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114.

5. Counsel to the City will reply (via email, facsimile or telephone) to each Objector from whom Proposed Changes are timely received with dial-in information for the Meet and Confer Call. Objectors sending Proposed Changes are urged to provide the City with an email address, facsimile number and/or a telephone number in the communication containing such Proposed Changes, so that counsel to the City can timely provide dial-in information for the Meet and Confer Call. To each Objector that provides an email address or a facsimile number, the City will distribute, in advance of the Meet and Confer Call, a document containing all Proposed Changes submitted by Meet and Confer Call participants, which document shall serve as the agenda for the Meet and Confer Call.

-3-
CLI-2202011v2
13-53846-sdd Doc 3900 Filed 04/08/14 Entered 04/08/14 14:29:01 Page 3 of 8
13-53846-swr Doc 4241 Filed 04/23/14 Entered 04/23/14 16:28:24 Page 10 of 17

Dated: April 8, 2014                    Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243 2382
Facsimile:  (213) 243 2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

CLI-2202011v2                              -4-
13-53846-swr    Doc 3900    Filed 04/08/14    Entered 04/08/14 14:29:01    Page 4 of 8
13-53846-tjt    Doc 4241    Filed 04/23/14    Entered 04/23/14 16:28:24    Page 11 of 17

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that, on this 8th day of April, 2014, the foregoing Notice of Conference Call to Meet and Confer with Objecting Parties Regarding Objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit (the "Notice") was filed and served (a) via the Court's electronic case filing and noticing system; (b) via electronic mail or facsimile upon all parties (other than those parties identified on Exhibit A to the Notice) that have (i) filed a pending objection to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 3382) (any such party, an "Objector") and (ii) included either an electronic mail address or facsimile number in such objection; and (c) via overnight mail on Objectors that included a physical address, but neither an electronic mail address nor a facsimile number, in such objection.

/s/ Heather Lennox

CLI-2202011v2
-5-
13-53846-swr  Doc 3900  Filed 04/08/14  Entered 04/08/14 14:29:01  Page 5 of 8
13-53846-tjt  Doc 4241  Filed 04/23/14  Entered 04/23/14 16:28:24  Page 12 of 17

# **EXHIBIT A**

CLI-2202011v2

13-53846-swr Doc 3900 Filed 04/08/14 Entered 04/08/14 14:29:01 Page 6 of 8
13-53846-tjt Doc 4241 Filed 04/23/14 Entered 04/23/14 16:28:24 Page 13 of 17

## PARTIES THAT HAVE BEEN INVITED TO A SEPARATE MEET AND CONFER SESSION AND THAT NEED NOT (I) PARTICIPATE IN THE MEET AND CONFER CALL ON FRIDAY, APRIL 11, 2014 OR (II) RESPOND TO THIS NOTICE

Amalgamated Transit Union Local 26

Ambac Assurance Corporation

Assured Guaranty Municipal Corporation

Beneficial Holders of DWSD Bonds Represented by Waller Lansden Dortch & Davis, LLP

Berkshire Hathaway Assurance Corporation

City of Pontiac Retired Employees Association

County of Macomb, Michigan

Detroit Fire Fighters Association

Detroit Police Command Officers Association

Detroit Police Lieutenants & Sergeants Association

Detroit Police Officers Association

Detroit Retired City Employees Association

Deutsche Bank AG, London

Dexia Crédit Local and Dexia Holdings, Inc.

Financial Guaranty Insurance Company

FMS Wertmanagement AöR

General Retirement System of the City of Detroit

CLI-2202011v2

13-53846-swr    Doc 3900    Filed 04/08/14    Entered 04/08/14 14:29:01    Page 7 of 8
13-53846-tjt    Doc 4241    Filed 04/23/14    Entered 04/23/14 16:28:24    Page 14 of 17

Housing Is a Human Right Coalition

Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A. and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.

International Union, UAW

Shirley V. Lightsey

Ben McKenzie, Jr.

Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

National Public Finance Guarantee Corporation

Oakland County, Michigan

Official Committee of Retirees

Police and Fire Retirement System of the City of Detroit

Retired Detroit Police & Fire Fighters Association

Retired Detroit Police Members Association

Syncora Guarantee Inc. and Syncora Capital Assurance Inc.

Donald Taylor

U.S. Bank National Association

United Retired Governmental Employees

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM

        Creditors/Appellants,

V

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| AND EMERGENCY MANAGER | Judge Steven W Rhodes |
| KEVYN D. ORR | |
| | |
|         Debtor/Appellee | Case No. 14-cv-10434 |
|                                  / | Hon. Bernard A. Friedman |
| | Magistrate Paul J. Komives |

STATE OF MICHIGAN)
                       ) SS
COUNTY OF WAYNE)

## PROOF OF SERVICE

_____Carl Williams_____, being first duly sworn, deposes and

Say: that on April 22 2014. I sent a copy of the Objection to the City notice

of meet and confer session regarding certain objection to the Amended

Disclosure Statement with respect to Amended Plan for Adjustment of Debts

of the City of Detroit upon the concern parties by certified mail, at the

following addresses:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager: Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th Floor
Detroit, Michigan 48226

Heather Lennox (OH 0059649)
David G. Heiman (OH 0038271)
Jones Day
901 Lakeside Avenue
Cleveland, Ohio 44114

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Wherefore I/we request the Court will deny the relief sought in said Kevyn Orr notice of meet and confer session regarding certain objections to the Amended Disclosure Statement with respect to Amended Plan for Adjustment of Debts of the City of Detroit City of Detroit.

Signed _____
Carl Williams
10112 Somerset
Detroit, Michigan 48224