# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

---

## THE RETIREMENT SYSTEMS' RESPONSE IN OPPOSITION TO THE OFFICIAL COMMITTEE OF RETIREES' EMERGENCY MOTION FOR LEAVE TO PURSUE LIMITED DISCOVERY AFTER THE COURT'S APRIL 11 DISCOVERY DEADLINE

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") hereby respond in opposition to the Official Committee of Retirees' (the "Retiree Committee") Emergency Motion for Leave to Pursue Limited Discovery After the Court's April 11 Discovery Deadline [Dkt. No. 4170] as follows:

1.     As acknowledged by the Retiree Committee, the deadline for written discovery was April 11, 2014. Yet the Retiree Committee claims to have established "good cause" to seek additional discovery in the form of:

      a. one document request upon the City seeking the terms of the settlement with each retirement system, and

b. one document request upon the City seeking documents that support (or undercut) each such settlement, and

c. one document request upon the City seeking documents that support (or undercut) the City's allegations of retirement system malfeasance.

2. The Retirement Systems object to this additional discovery because information related to its settlement (which is not yet finalized and is still being mediated) is confidential pursuant to the Court's Mediation Order. The Retirement Systems also object to the production of documents relating to the alleged "malfeasance" allegations because the Retiree Committee has not established good cause and because the entire line of inquiry is irrelevant and unproductive.

## A. The Retirement Systems Object to Requests Nos. 1 and 2 Because the Settlement Is Not Yet Final; Therefore, the Information Sought Is Not Subject to Disclosure

3. As a counterparty to the settlement negotiations at issue, the Retirement Systems have an interest in maintaining confidentiality of the proposed settlement terms, which are not yet finalized.[1] The Retirement Systems are still engaged in active negotiations with the City. According to the Court's Mediation

---

[1] The Retirement Systems have reached an agreement in concept regarding the basic economic terms of a settlement for the treatment of accrued pension benefits—subject to: (i) finalization of certain other terms and conditions that are still under discussion; (ii) approval of all terms, once finalized, by both Boards; (iii) the beneficiaries in Classes 10 and 11 voting, each as a class, to accept the Plan of Adjustment, in a form that faithfully reflects the settlement terms and is otherwise acceptable to the Retirement Systems; and (iv) such Plan of Adjustment being confirmed and the State Contribution, DIA Settlement, and other elements being consummated.

Order, "[a]ll proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence." [Dkt. No. 322]. Thus, the information sought by the Retiree Committee is protected from disclosure by this Court's order.

4. The Retiree Committee's request is simply premature. Information relating to the terms of any settlement between the City and the Retirement Systems will be shared at an appropriate time, but not until *after* those terms are finalized.

## B. The Retirement Systems Object to Request No. 3 Because It (i) Is Untimely, (ii) Does Not Satisfy Good Cause, and (iii) Seeks Irrelevant Information.

5. The Retirement Systems have both procedural and substantive objections to the Retiree Committee's request for documents related to alleged "malfeasance" on the part of the Retirement Systems.

6. First, the request is untimely. While the Retiree Committee claims that it could not have requested information related to settlement negotiations before the discovery deadline because the settlement was not announced until after that date, the Retiree Committee offers zero explanation as to why information related to alleged malfeasance could not have been included in its original discovery requests. In fact, it admits that it was well aware of the malfeasance allegations long before discovery closed. The Retiree Committee acknowledged

3

that: "All iterations of the City's disclosure statement have detailed an alleged history of malfeasance by the General Retirement System and the Police and Fire Retirement System[.]" [Dkt. No. 4170, citing Dkt Nos. 2709 at 48 and Dkt. No. 3382 at 95]. These disclosure statements were filed on February 21, 2014 and March 31, 2014, respectively. Thus, the Retiree Committee—even if it had not already learned of these malfeasance allegations in the course of its role as the committee tasked with representing retirees' interests—certainly knew these allegations existed for *weeks* prior to the discovery deadline. Indeed, the Retiree Committee even raised this very issue in its Objection to the City's Amended Disclosure Statement which was filed on April 7—four days before the discovery deadline. [See Dkt. No. 3888, App. A-4, "the Amended Disclosure Statement does not describe any plans the City has to recover from the Retirement System officials, advisors or their insurers for their alleged fiduciary 'malfeasance.'"]. Therefore, with respect to the third document request that the Retiree Committee seeks to serve, it simply has not established "good cause" for failing to comply with the deadline set by the Court.

7. Moreover, this entire line of inquiry is futile. The Retiree Committee references allegations raised by the City that the Retirement Systems have been harmed by "fiduciary misconduct." [Dkt. No. 4170 at ¶ 2]. The Retiree Committee urges that these allegations "suggest that substantial claims may exist,"

4

through which it speculates "the City could potentially recover hundreds of millions of dollars." *Id.* The Retiree Committee also complains that the "Second Amended Plan of Adjustment does not disclose any attempt by the City to pursue any mechanism for pursuing this recovery[,]" echoing its prior objection that the City did not identify any plans to recover from the Retirement Systems' "officials, advisors or their insurers for their alleged fiduciary 'malfeasance.'" *Id.* at ¶ 3.

8.     As an initial matter, the Retirement Systems deny the allegations and the existence of any such liability. Moreover, one potential answer as to why the City has not identified any plans to pursue potential recovery from the Retirement Systems' "officials, advisors or their insurers for their alleged fiduciary 'malfeasance'" is because a pair of class action lawsuits settled on February 28, 2014 accomplished precisely that.

9.     In 2009, two separate (albeit related) class actions were filed against the Retirement Systems. The first was the *Estes* case, which addressed allegations of malfeasance against GRS officials and advisors. *See Coletta Estes et. al. v. David Clark et. al.*, Wayne County Circuit Court, Case No. 09-010080-NZ. The "class" in the *Estes* case was defined as: "All active Detroit employee and retiree participants in the Detroit General Retirement System, and all beneficiaries of a participant in the Detroit General Retirement System." [Exhibit A, Estes Amended

Order Granting Final Approval to Class Action Settlement at ¶ 2 (the "Estes Order")].

10. The companion case, the *Foy* class action, dealt with allegations of malfeasance against PFRS officials and advisors. *See Shelly I. Foy, on behalf of herself and all other similarly situated persons, v. Marty Bandemer, et. al.*, Wayne County Circuit Court, Case No. 09-024103-NZ. The "class" in the *Foy* case was defined as: "All active and retiree members of the Police and Fire Retirement System of the City of Detroit, and all beneficiaries of members in the Police and Fire Retirement System of the City of Detroit." [Exhibit B, Foy Order Granting Final Approval to Class Action Settlement at ¶ 2 (the "Foy Order"). Thus, the member plaintiffs in the two class actions included *all* active employees and retirees from both Retirement Systems.[2]

11. The *Estes* and *Foy* cases included claims against Trustees of the Retirement Systems as well as against certain independent fiduciaries (such as financial advisors). The class members alleged, among other things, that "certain current and former Trustees of the Retirement Systems and certain advisors to the Retirement System. . . made various investment recommendations and/or decisions

---

[2] There was an "opt-out" period prior to class certification through which any potential class member could "opt-out" and not be bound by the outcome of the class actions, but no one opted out. [Exhibit C, Estes Notice Regarding Class Member Exclusions at 1; Exhibit D, Foy Notice Regarding Class Member Exclusions at 1].

6

that were grossly negligent and that violated Defendant's duties to the Retirement System. . . these investment recommendations and decisions caused a loss of money to the Retirement System." [Exhibit E, Estes Proof of Publication; Exhibit F, Foy Proof of Publication].

12.     Ultimately, the two class actions were settled for roughly $8 million and the settlement funds (minus certain fees) were paid into the two Retirement Systems.   The settlement was memorialized in a court order.  [Exhibit A,  Estes Order; Exhibit B, Foy Order (collectively, the "Settlement Orders")].

13.     Under the terms of the Settlement Orders, "[a]ll claims that have been asserted or that could have been asserted by the Plaintiffs and Class Members in this action are hereby dismissed with prejudice."  [Exhibit A Estes Order at ¶ 4; Exhibit B, Foy Order at ¶ 4].  As noted above, the "class members" were broadly defined to include all active employees and retirees from both the GRS and PFRS Systems.  Therefore, *any* claim that even *could have* been asserted by *any* active employee or retiree has already been released in exchange for the class settlement.

14.     As set forth in the Settlement Orders, notice of the settlement was given to all potential class members by counsel for the plaintiffs in the class actions.  [Exhibits A-B, the Settlement Orders at pg. 2].  The notice informed the class members of the settlement terms, advised them of their right to object to the settlement, and explained the procedures for objecting.  *Id.*  No objections were

received. *Id.* A fairness hearing was held in open court on February 26, 2014. *Id.*

No objections were made at that time. *Id.* Notably, neither the Retiree Committee

nor any of its members filed an objection, nor did they appear at the fairness

hearing to challenge the reasonableness of the settlement.

15.     In short, the Retiree Committee's complaint that the City has not

identified plans to recover from the Retirement Systems' "officials, advisors or

their insurers for their alleged fiduciary 'malfeasance'" is baseless, because the

pension fund beneficiaries themselves have already done precisely that.

16.     Further, the Retiree Committee's speculation that the City may have

"negotiated deals to release the Retirement Systems from liability for the hundreds

of millions of dollars in potential claims arising from the alleged misconduct of

Retirement Systems' officials" is simply misplaced.     Again, as stated, the

Retirement Systems deny the validity of any such claims.  Moreover, the release of

these claims came as a result of class action lawsuits unrelated to any negotiations

with the City.

17.     In conclusion, the settlement consummated on February 28, 2014—

which binds *all* members of the two Retirement Systems and resolves all breach of

fiduciary duty claims that either were or *could have been* asserted—precludes

precisely the types of "malfeasance" claims that the Retiree Committee seeks to

pursue.  As a result, prosecution of any such claims would be futile and the

8

discovery sought by the Retiree Committee would be unproductive and a waste of resources.

<div style="margin-left: 40%;">

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Ave, Ste 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

</div>

Dated: April 24, 2014

# EXHIBIT A

COLETTA ESTES, et. al.,

      Plaintiffs,

vs.

DAVID CLARK, et. al.

      Defendants.

Case No. 09- 010080-NZ
Hon. Amy P. Hathaway

09-010080-NZ

FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/28/2014 11:29:59 AM
CATHY M. GARRETT

/s/ Tara Hickman

## AMENDED
## ORDER GRANTING FINAL APPROVAL TO
## CLASS ACTION SETTLEMENT

At a session of Court held

On:      **2/28/2014**
~~Amy P. Hathaway~~

PRESENT: _____
                Hon. Circuit Court Judge

Plaintiffs, on behalf of themselves and the Class, and Defendants have agreed to settle the above-captioned class action suit (the "Action" or "Lawsuit") on the terms and conditions set forth in the parties' Memorandum of Understanding Regarding Class Action Settlement (hereinafter referred to as the "Settlement"). All capitalized terms not otherwise defined in this order are defined in the Settlement.

On December 17, 2013, the parties entered into the Settlement. That Settlement recognizes that a significant factor in settlement of the Litigation is that the Retirement Systems have implemented the following reforms in light of this Litigation. Those reforms include an ethics policy, a code of conduct policy, a due diligence policy, a travel policy, and an education policy. The Settlement further calls for the Retirement System's insurer to provide guidance to the trustees regarding certain good practices: that all investments made by the Retirement Systems be approved by an independent investment advisor, and that all advisors to the

Retirement System carry insurance and the terms of their services shall be subject to a written agreement which complies with the fiduciary dictates of the Public Employee Retirement System Investment Act. The Settlement also requires the payment of money damages to the Retirement System.

On January 17, 2013, this Court entered a stipulated order preliminarily approving the settlement, providing a procedure for notice to the class, and scheduling a final hearing for February 26, 2014. The Court approved the form and content of the notice directed to class members. The notice informed the class members of the Settlement terms. The notice also informed the class members of the final hearing date and advised them that the purpose of the hearing is to assist the Court in determining whether the proposed settlement is fair, reasonable, and adequate, and in the best interests of the class, and whether to give final approval to the settlement. The notice also informed class members how they could obtain a copy of the Settlement and the procedures for objecting to the Settlement.

Currently pending is the parties' request for final approval of the Settlement. In accordance with the notice to the class, a fairness hearing was held on February 26, 2014. Zero objections to the Settlement were filed with the Court.

The Court, having heard argument in support of the Settlement, and having reviewed all of the evidence and other submissions presented with respect to the Settlement and the record of all proceedings in this action, enters the following findings:

1.    The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to this lawsuit, including the class members.

2.    The Court confirms for settlement purposes the certification of this action as a class action under MCR 3.501. The class is defined as "All active Detroit employee and retiree

2

participants in the Detroit General Retirement System, and all beneficiaries of a participant in the Detroit General Retirement System."

3. The Settlement is incorporated in this Order, including the definitions and terms set forth in the Settlement.

4. Notice to the class members has been given in an adequate and sufficient manner and the notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of this lawsuit, the nature of the claims, the definition of the class, and their opportunity to present their objections to the Settlement. The notice complied in all respects with the requirements of the Michigan Court Rules, the United States Constitution (including the Due Process Clause), and any other applicable law.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

1. After considering the relevant filings and submissions, the Court finally approves the Settlement in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

2. Within 10 days of this Order, Hudson Insurance Company shall pay the Settlement Amount of $7,999,000. From this amount, Hudson Insurance will pay $101,765.80 to Mantese Honigman Rossman & Williamson, P.C. as payment of litigation expenses. Hudson Insurance will then pay one-third of the remaining settlement fund, being $2,632,408.77, to Mantese Honigman Rossman & Williamson as payment of Class Counsel's fee. Hudson Insurance will then pay class representative incentive fees in the amount of $107,500 to the Mantese and Associates, P.C. IOLTA Account for distribution to the class representatives in the following amounts::

3

- $20,000 to Coletta Estes
- $20,000 to Shelly Foy;
- $7,500 to Terry Smith-Jackson;
- $7,500 to Territha Kinney;
- $7,500 to Eleanor Bennett;
- $7,500 to Anthony Wheeler;
- $7,500 to Andreia Johnson;
- $7,500 to Reginald Bryant;
- $7,500 to Dynita McCaskil;
- $7,500 to Mark Mapp; and
- $7,500 to Ronald Moring.

Hudson will then pay the remaining amount of the Settlement Amount to the Clark Hill client trust account. This amount shall be disbursed by Clark Hill to the General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit in an equal, 50/50 distribution.

3.    Costs of $101,765.80 and the attorney fees awarded to Class Counsel under the Settlement, amounting to 1/3 (33.3%) of the Settlement Amount, after the deduction of actual expenses, being $2,632,408.77, is fair and reasonable and is hereby awarded to Class Counsel.

4.    All claims that have been asserted or that could have been asserted by the Plaintiffs and all Class Members in this action are hereby dismissed with prejudice. There has been no admission of liability by any party and this order does not amount to an adjudication of liability.

THIS IS A FINAL ORDER AND CLOSES THIS CASE

4

**IT IS SO ORDERED:**

/s/ Amy P. Hathaway

_____

Circuit Court Judge

# EXHIBIT B

SHELLEY I. FOY, on behalf of herself
and all other similarly situated persons,

      Plaintiff,

v.

MARTY BANDEMER, et al.,

      Defendants.

Case No. 09-024103-NZ
Hon. Amy P. Hathaway

09-024103-NZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/28/2014 3:06:00 PM
CATHY M. GARRETT

/s/ Tara Hickman

## ORDER GRANTING FINAL APPROVAL TO
## CLASS ACTION SETTLEMENT

At a session of Court held
2/28/2014

On: _____

PRESENT: _____
      Amy P. Hathaway
      Hon. Circuit Court Judge

      Plaintiff, on behalf of herself and the Class, and Defendants have agreed to settle the above-captioned class action suit (the "Action" or "Lawsuit") on the terms and conditions set forth in the parties' Memorandum of Understanding Regarding Class Action Settlement (hereinafter referred to as the "Settlement"). All capitalized terms not otherwise defined in this order are defined in the Settlement.

      On December 17, 2013, the parties entered into the Settlement. That Settlement recognizes that a significant factor in settlement of the Litigation is that the Retirement Systems have implemented the following reforms in light of this Litigation. Those reforms include an ethics policy, a code of conduct policy, a due diligence policy, a travel policy, and an education policy. The Settlement further calls for the Retirement System's insurer to provide guidance to the trustees regarding certain good practices: that all investments made by the Retirement Systems be approved by an independent investment advisor, and that all advisors to the

Retirement System carry insurance and the terms of their services shall be subject to a written agreement which complies with the fiduciary dictates of the Public Employee Retirement System Investment Act. The Settlement also requires the payment of money damages to the Retirement System.

On January 17, 2013, this Court entered a stipulated order preliminarily approving the settlement, providing a procedure for notice to the class, and scheduling a final hearing for February 26, 2014. The Court approved the form and content of the notice directed to class members. The notice informed the class members of the Settlement terms. The notice also informed the class members of the final hearing date and advised them that the purpose of the hearing is to assist the Court in determining whether the proposed settlement is fair, reasonable, and adequate, and in the best interests of the class, and whether to give final approval to the settlement. The notice also informed class members how they could obtain a copy of the Settlement and the procedures for objecting to the Settlement.

Currently pending is the parties' request for final approval of the Settlement. In accordance with the notice to the class, a fairness hearing was held on February 26, 2014. Zero objections to the Settlement were filed with the Court.

The Court, having heard argument in support of the Settlement, and having reviewed all of the evidence and other submissions presented with respect to the Settlement and the record of all proceedings in this action, enters the following findings:

1.     The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to this lawsuit, including the class members.

2.     The Court confirms for settlement purposes the certification of this action as a class action under MCR 3.501. The class is defined as "All active and retiree members of the

Police and Fire Retirement System of the City of Detroit, and all beneficiaries of members in the Police and Fire Retirement System of the City of Detroit."

3.     The Settlement is incorporated in this Order, including the definitions and terms set forth in the Settlement.

4.     Notice to the class members has been given in an adequate and sufficient manner and the notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of this lawsuit, the nature of the claims, the definition of the class, and their opportunity to present their objections to the Settlement. The notice complied in all respects with the requirements of the Michigan Court Rules, the United States Constitution (including the Due Process Clause), and any other applicable law.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

1.     After considering the relevant filings and submissions, the Court finally approves the Settlement in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

2.     Within 10 days of this Order, Hudson Insurance Company shall pay the Settlement Amount as set forth in the concurrently entered Order Granting Final Approval to Class Action Settlement in *Estes v. Clark*, Wayne County Circuit Court case number 09-010080-NZ.

3.     Costs and the attorney fees awarded to Class Counsel under the Settlement, and distributed pursuant to the concurrently entered Order Granting Final Approval to Class Action settlement in *Estes v. Clark*, Wayne County Circuit Court case number 09-010080-NZ, is fair and reasonable and is hereby awarded to Class Counsel.

4.     All claims that have been asserted or that could have been asserted by the Plaintiff and all Class Members in this action are hereby dismissed with prejudice.  There has been no admission of liability by any party and this order does not amount to an adjudication of liability.

THIS IS A FINAL ORDER AND CLOSES THIS CASE

**IT IS SO ORDERED:**

/s/ Amy P. Hathaway

_____
Circuit Court Judge

4

# EXHIBIT C

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COLETTA ESTES, et. al.,

      Plaintiffs,

vs.

DAVID CLARK, et. al.

      Defendants.

tes, Coletta v Anderson, Adrian
n. Amy P. Hathaway    04/29/2009

09-010080-NZ

_____/

| | |
|---|---|
| Gerard Mantese (P34424)<br>David Hansma (P71056)<br>Mantese Honigman Rossman<br>and Williamson, P.C.<br>Counsel for Plaintiffs<br>1361 E. Big Beaver Rd.<br>Troy, MI 48083<br>(248) 457-9200 | Ronald King (P45088)<br>Aaron Matthews (P64744)<br>Clark Hill PLC<br>Attorneys for Trustee Defendants<br>212 E. Grand River Ave.<br>Lansing, MI 48906<br>(517) 318-3015 |
| John J. Conway (P56659)<br>John J. Conway, P.C.<br>Counsel for Plaintiffs<br>26622 Woodward Ave., Ste. 225<br>Royal Oak, MI 48067<br>(313) 961-6525 | Stephon E. Johnson (P39546)<br>Attorneys for Adrian Anderson and North<br> Point Advisors, LLC<br>615 Griswold St., Ste. 1215<br>Detroit, MI 48226<br>(313) 964-5557 |

_____/

## NOTICE REGARDING CLASS MEMBER EXCLUSIONS

At a scheduling conference held on February 4, 2013, the Court ordered, among other things, that Plaintiffs shall complete all opt-out notices pursuant to MCR 3.501(c) within 60 days. In compliance with that order, and the Court's order granting class certification, Plaintiffs published notice of this class action. Under the notice approved by this Court, class members could submit requests to Plaintiffs' counsel to be excluded from the class by March 15, 2013. No opt outs have been received by Plaintiffs' counsel.

Respectfully submitted,

**MANTESE HONIGMAN ROSSMAN,**
**AND WILLIAMSON P.C.**
Attorneys for Plaintiffs

By: _____
Gerard Mantese (P34424)
David Hansma (P71056)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

John J. Conway (P56659)
John J. Conway, P.C.
26622 Woodward Ave., Ste. 225
Royal Oak, MI 48226
(313) 961-6525

Dated: April 4, 2013

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COLETTA ESTES, et. al.,

     Plaintiffs,

vs.

DAVID CLARK, et. al.

     Defendants.

tes, Coletta v Anderson, Adrian
1. Amy P. Hathaway    **04/29/2009**

09-010080-NZ

---

| | |
|---|---|
| Gerard Mantese (P34424)<br>David Hansma (P71056)<br>Mantese Honigman Rossman<br>and Williamson, P.C.<br>Counsel for Plaintiffs<br>1361 E. Big Beaver Rd.<br>Troy, MI 48083<br>(248) 457-9200 | Ronald King (P45088)<br>Aaron Matthews (P64744)<br>Clark Hill PLC<br>Attorneys for Trustee Defendants<br>212 E. Grand River Ave.<br>Lansing, MI 48906<br>(517) 318-3015 |
| John J. Conway (P56659)<br>John J. Conway, P.C.<br>Counsel for Plaintiffs<br>26622 Woodward Ave., Ste. 225<br>Royal Oak, MI 48067<br>(313) 961-6525 | Stephon E. Johnson (P39546)<br>Attorneys for Adrian Anderson and North<br> Point Advisors, LLC<br>615 Griswold St., Ste. 1215<br>Detroit, MI 48226<br>(313) 964-5557 |

---

## **PROOF OF SERVICE**

    Sherri Sikorski certifies that on April 4, 2013 she caused to be served Notice

Regarding Class Member Exclusions and this Proof of Service via U.S. Mail and Electronic

Mail upon the following :

| | |
|---|---|
| Ronald King, Esq.<br>Aaron Matthews, Esq.<br>Clark Hill PLC<br>212 E. Grand River Ave.<br>Lansing, MI 48906<br>rking@clarkhill.com<br>amatthews@clarkhill.com<br>**Electronic Mail** | Stephon E. Johnson, Esq.<br>615 Griswold St., Ste. 1215<br>Detroit, MI 48226<br>sjlaw@earthlink.net<br>**Electronic Mail** |

Ann Curry Thompson, Esq.
Kelman Loria PLLC
17000 W. 10 Mile Road, Suite 100
Southfield, MI 48075
acthom@kelmanloria.com
**Electronic Mail**

S. Allen Early, Esq.
Law Offices of S. Allen Early
65 Cadillac Sq Ste 2810
Detroit, MI 48226
sallenearly@sallenearly.comcastbiz.net
**Electronic Mail**

John J. Gillooly, Esq.
Julie L. Druzinski, Esq.
Garan Lucow Miller, P.C.
1000 Woodbridge St.
Detroit, MI 48207
jgillool@garanlucow.com
jdruzinski@garanlucow.com
**Electronic Mail**

Marty Bandemer
18458 Sabine Drive
Macomb, MI 48042
**U.S. Mail**

Jeffrey W. Beasley
5120 S. Kenwood Ave. Unit 3
Chicago, IL 60615-4391
**U.S. Mail**

Paul Stewart
13221 Victoria Park Dr., Apt. D
Detroit, MI 48215-4116
**U.S. Mail**

I declare under the penalty of perjury that the foregoing statements are true to the best of my knowledge, information, and belief.

_Sherri Sikorski_
Sherri Sikorski

# EXHIBIT D

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHELLEY I. FOY, on behalf of herself
and all other similarly situated persons,

    Plaintiff,

v.

MARTY BANDEMER, et al.,

    Defendants.

Y, SHELLEY I v BANDEMER, MARTY
i. Amy P. Hathaway    10/01/2009

09-024103-NZ

---

| | |
|---|---|
| Gerard Mantese (P34424) | Ronald King (P45088) |
| David Hansma (P71056) | Aaron Matthews (P64744) |
| Mantese Honigman Rossman | Clark Hill PLC |
| and Williamson, P.C. | Attorneys for Trustee Defendants |
| Counsel for Plaintiffs | 212 E. Grand River Ave. |
| 1361 E. Big Beaver Rd. | Lansing, MI 48906 |
| Troy, MI 48083 | (517) 318-3015 |
| (248) 457-9200 | |
| | Stephon E. Johnson (P39546) |
| John J. Conway (P56659) | Attorneys for Adrian Anderson and North |
| John J. Conway, P.C. | Point Advisors, LLC |
| Counsel for Plaintiffs | 615 Griswold St., Ste. 1215 |
| 26622 Woodward Ave., Ste. 225 | Detroit, MI 48226 |
| Royal Oak, MI 48067 | (313) 964-5557 |
| (313) 961-6525 | |

---

## NOTICE REGARDING CLASS MEMBER EXCLUSIONS

At a scheduling conference held on February 4, 2013, the Court ordered, among
other things, that Plaintiff shall complete all opt-out notices pursuant to MCR 3.501(c)
within 60 days. In compliance with that order, and the Court's order granting class
certification, Plaintiff published notice of this class action. Under the notice approved by
this Court, class members could submit requests to Plaintiff's counsel to be excluded from
the class by March 15, 2013. No opt outs have been received by Plaintiff's counsel.

Respectfully submitted,

**MANTESE HONIGMAN ROSSMAN,**
**AND WILLIAMSON P.C.**
Attorneys for Plaintiff

By: _____
Gerard Mantese (P34424)
David Hansma (P71056)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

John J. Conway (P56659)
John J. Conway, P.C.
26622 Woodward Ave., Ste. 225
Royal Oak, MI 48226
(313) 961-6525

Dated: April 4, 2013

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHELLEY I. FOY, on behalf of herself
and all other similarly situated persons,

     Plaintiff,

v.

MARTY BANDEMER, et al.,

     Defendants.

Y, SHELLEY I v BANDEMER, MARTY
ı. Amy P. Hathaway    10/01/2009

09-024103-NZ

_____/

| | |
|---|---|
| Gerard Mantese (P34424)<br>David Hansma (P71056)<br>Mantese Honigman Rossman<br>and Williamson, P.C.<br>Counsel for Plaintiffs<br>1361 E. Big Beaver Rd.<br>Troy, MI 48083<br>(248) 457-9200 | Ronald King (P45088)<br>Aaron Matthews (P64744)<br>Clark Hill PLC<br>Attorneys for Trustee Defendants<br>212 E. Grand River Ave.<br>Lansing, MI 48906<br>(517) 318-3015 |
| John J. Conway (P56659)<br>John J. Conway, P.C.<br>Counsel for Plaintiffs<br>26622 Woodward Ave., Ste. 225<br>Royal Oak, MI 48067<br>(313) 961-6525 | Stephon E. Johnson (P39546)<br>Attorneys for Adrian Anderson and North<br> Point Advisors, LLC<br>615 Griswold St., Ste. 1215<br>Detroit, MI 48226<br>(313) 964-5557 |

_____/

## **PROOF OF SERVICE**

    Sherri Sikorski certifies that on April 4, 2013 she caused to be served Notice

Regarding Class Member Exclusions and this Proof of Service via U.S. Mail and Electronic

Mail upon the following :

| | |
|---|---|
| Ronald King, Esq.<br>Aaron Matthews, Esq.<br>Clark Hill PLC<br>212 E. Grand River Ave.<br>Lansing, MI 48906<br>rking@clarkhill.com<br>amatthews@clarkhill.com<br>**Electronic Mail** | Stephon E. Johnson, Esq.<br>615 Griswold St., Ste. 1215<br>Detroit, MI 48226<br>sjlaw@earthlink.net<br>**Electronic Mail** |

Ann Curry Thompson, Esq.
Kelman Loria PLLC
17000 W. 10 Mile Road, Suite 100
Southfield, MI 48075
acthom@kelmanloria.com
**Electronic Mail**

S. Allen Early, Esq.
Law Offices of S. Allen Early
65 Cadillac Sq Ste 2810
Detroit, MI 48226
sallenearly@sallenearly.comcastbiz.net
**Electronic Mail**

John J. Gillooly, Esq.
Julie L. Druzinski, Esq.
Garan Lucow Miller, P.C.
1000 Woodbridge St.
Detroit, MI 48207
jgillool@garanlucow.com
jdruzinski@garanlucow.com
**Electronic Mail**

Marty Bandemer
18458 Sabine Drive
Macomb, MI 48042
**U.S. Mail**

Jeffrey W. Beasley
5120 S. Kenwood Ave. Unit 3
Chicago, IL 60615-4391
**U.S. Mail**

Paul Stewart
13221 Victoria Park Dr., Apt. D
Detroit, MI 48215-4116
**U.S. Mail**

I declare under the penalty of perjury that the foregoing statements are true to the best of my knowledge, information, and belief.

Sherri Sikorski

# EXHIBIT E

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COLETTA ESTES, et. al.,

      Plaintiffs,

vs.

DAVID CLARK, et. al.

      Defendants.

Case No. 09- 010080-NZ
Hon. Amy P. Hathaway

_____ /

| | |
|---|---|
| Gerard Mantese (P34424)<br>David Hansma (P71056)<br>Mantese Honigman Rossman<br>and Williamson, P.C.<br>Counsel for Plaintiffs<br>1361 E. Big Beaver Rd.<br>Troy, MI 48083<br>(248) 457-9200 | Ronald King (P45088)<br>Aaron Matthews (P64744)<br>Clark Hill PLC<br>Attorneys for Trustee Defendants<br>212 E. Grand River Ave.<br>Lansing, MI 48906<br>(517) 318-3015 |
| John J. Conway (P56659)<br>John J. Conway, P.C.<br>Counsel for Plaintiffs<br>26622 Woodward Ave., Ste. 225<br>Royal Oak, MI 48067<br>(313) 961-6525 | Stephon E. Johnson (P39546)<br>Attorneys for Adrian Anderson and North<br> Point Advisors, LLC<br>615 Griswold St., Ste. 1215<br>Detroit, MI 48226<br>(313) 964-5557 |

_____ /

## PROOF OF SERVICE

      Brenda Ren certifies that she caused to be published on March 3 through 10 in the

Detroit News and Detroit Free Press the Notice of Class Action attached hereto as exhibit

1. See also exhibit 2.

      I declare under the penalty of perjury that the foregoing statements are true to the

best of my knowledge, information, and belief.

                                               Brenda Ren



EXHIBIT
1

## LEGAL NOTICE/
## BIDS/PROPOSALS

NOTICE OF CLASS
ACTION REGARDING
THE GENERAL RETIRE-
MENT SYSTEM OF THE
CITY OF DETROIT
ESTES, et al. v. CLARK, et
al., Case No. 09-010009-NZ,
Wayne County Circuit Court
"A circuit court authorized
this notice - This is NOT a
solicitation from a lawyer"

ATTENTION ALL PAR-
TICIPANTS OF THE
DETROIT GENERAL
RETIREMENT SYSTEM:

A class action lawsuit has
been filed against certain
current and former trustees
of the Detroit General Retire-
ment System ("the Retire-
ment System") and certain
advisors to the Retirement
System claiming that they
breached various duties in
recommending and/or ap-
proving certain investments
by the Retirement System,
thereby resulting in losses to
the Retirement System. If
you are an active or retiree
member or beneficiary of the
Retirement System, you are
a member of the class
certified by the court (the
"Plaintiff Class").

What this Lawsuit is
About
The Plaintiff Class represen-
tatives are claiming that cer-
tain current and former
Trustees of the Retirement
System and certain advisors
to the "Retirement System
(collectively, "the Defend
ants") made various invest-
ment recommendations
and/or decisions that were
grossly negligent and that
violated Defendants' duties
to the Retirement System.
According to the Plaintiff
Class representatives, these
investment recommenda-
tions and decisions caused
a loss of money to the Re-
tirement System. The Plain-
tiff Class representatives are
also claiming that certain
current or former trustees of
the Retirement System im-
properly authorized expendi-
tures of Retirement System
funds for travel expenses.

Relief Sought
The Plaintiff Class is seeking
monetary compensation on
behalf of the Retirement
System.

Named Representative of
the Plaintiff Class
Celstine Estes
c/o Plaintiffs' Co-Lead
Counsel
26622 Woodward Ave.,
Suite 225
Royal Oak, Michigan 48067

Your Right to Be
Excluded
You may choose to exclude
yourself from the Plaintiff
Class or not intervene in this
lawsuit. In order to be ex-
cluded from the Plaintiff
Class, you must contact the
attorneys for the Plaintiff
Class listed below ("Class
Counsel") in one of the man-
ners set forth below and in a
manner that you would like to
be excluded from the Plain-
tiff Class. Your request for
exclusion from the Plaintiff
Class must be received by
Class Counsel no later than
March 15, 2013 and must
include your full name, ad-
dress, and, if you are a ben-
eficiary but not a member of
the Retirement System, the
name and address of the
member of the Retirement
System through which you
claim or receive benefits.

By U.S. Mail
Mantese Honigman
Rossman and
Williamson, P.C.
Attn: General Retirement
System Class Action
Exclusion
1361 E. Big Beaver Rd
Troy, MI 48083

By Electronic Mail
Gerard V. Mantese - gmante
se@manteselaw.com or
John J. Conway - john@john
jconway.com
Detroit General Retire-
ment System Class Action
Exclusion in the subject line.

By Telephone
(248) 457-9200
Reference General Retire-
ment System Class Action
Exclusion when you call.

Possible Financial
Consequences
Any award of damages in fa-
vor of the Plaintiff Class will
be paid to the Retirement
System and/or Class Coun-
sel, not the individual Plain-
tiff Class members. If you
do not exclude yourself from
the Plaintiff Class, you will
be bound by the judgment
or the court in this lawsuit. If
the court in this lawsuit, as
forth above, you will not be



EXHIBIT
2

State of Michigan } ss
County of Macomb }

# Affidavit of Publication
## IN

Mantese & Associates, P.C.
1361 E. Big Beaver Road
Troy, MI 48083

<br><br><br><br><br><br><br>

Debbie Verschueren

Being duly sworn deposes and says that the above advertisement(s) appeared
in the Detroit News and Free Press on March 3-10, 2013, invoice 2324619.
As an authorized employee of The Detroit Newspapers he/she knows well
the facts stated herein.

Signed _Debbie Verschueren_

Sworn and subscribed to me, a notary Public in and for Macomb County,
State of Michigan.

On This 11th Day of              March                    2013

_Meghan E. Ditrapani_

DNA 623 REV 10/00 Creator

MEGHAN E. DITRAPANI
Notary Public, State of Michigan
County of Wayne
My Commission Expires May. 31, 2014
Acting in the County of Macomb

# EXHIBIT F

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHELLEY I. FOY, on behalf of herself
and all other similarly situated persons,

    Plaintiff,

v.

MARTY BANDEMER, et al.,

    Defendants.

Case No. 09-024103-NZ

Hon. Amy P. Hathaway

_____/

| | |
|---|---|
| Gerard Mantese (P34424)<br>David Hansma (P71056)<br>Mantese Honigman Rossman<br>and Williamson, P.C.<br>Counsel for Plaintiffs<br>1361 E. Big Beaver Rd.<br>Troy, MI 48083<br>(248) 457-9200 | Ronald King (P45088)<br>Aaron Matthews (P64744)<br>Clark Hill PLC<br>Attorneys for Trustee Defendants<br>212 E. Grand River Ave.<br>Lansing, MI 48906<br>(517) 318-3015 |
| John J. Conway (P56659)<br>John J. Conway, P.C.<br>Counsel for Plaintiffs<br>26622 Woodward Ave., Ste. 225<br>Royal Oak, MI 48067<br>(313) 961-6525 | Stephon E. Johnson (P39546)<br>Attorneys for Adrian Anderson and North<br>Point Advisors, LLC<br>615 Griswold St., Ste. 1215<br>Detroit, MI 48226<br>(313) 964-5557 |

_____/

## PROOF OF SERVICE

Brenda Ren certifies that she caused to be published on March 3 through 10 in the

Detroit News and Detroit Free Press the Notice of Class Action attached hereto as exhibit

1. See also exhibit 2.

I declare under the penalty of perjury that the foregoing statements are true to the

best of my knowledge, information, and belief.

_____
Brenda Ren

13-53846-tjt    Doc 4253    Filed 04/24/14    Entered 04/24/14 11:24:44    Page 38 of 42



EXHIBIT

**[ ANNOUNCEMENTS ]**

**NOTICE OF CLASS ACTION REGARDING THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT**

FOY v. BANDEMER, et al., Case No. 09-024103-NZ, Wayne County Circuit Court "A circuit court authorized this notice - This is NOT a solicitation from a lawyer."

**ATTENTION ALL PARTICIPANTS OF THE POLICE AND FIRE RETIREMENT SYSTEM:**

A class action lawsuit has been filed against certain current and former Trustees of the Detroit Police and Fire Retirement System ("the Retirement System") and certain advisors to the Retirement System claiming that they breached various duties in recommending and/or approving certain investments by the Retirement System, thereby resulting in losses to the Retirement System. If you are an active or retired member or beneficiary of the Retirement System, you are a member of the class certified by the court (the "Plaintiff Class").

**What this Lawsuit is About**
The Plaintiff Class representatives are claiming that certain current and former Trustees of the Retirement System and certain advisors to the Retirement System (collectively, "the Defendants") made various investment recommendations and/or decisions that were grossly negligent and that violated Defendants' duties to the Retirement System. According to the Plaintiff Class representatives, these investment recommendations and decisions caused a loss of money to the Retirement System. The Plaintiff Class representatives are also claiming that certain current or former Trustees of the Retirement System improperly authorized expenditures of Retirement System funds for travel expenses.

**Relief Sought**
The Plaintiff Class is seeking monetary compensation on behalf of the Retirement System.

**Named Representative of the Plaintiff Class**
Sheryl L. Foy
c/o Plaintiffs' Co-Lead Counsel
26622 Woodward Ave.,
Suite 225
Royal Oak, MI 48067

**Your Right to Be Excluded.**
You may choose to exclude yourself from the Plaintiff Class or to intervene in this lawsuit. In order to be excluded from the Plaintiff Class, you must contact the attorneys for the Plaintiff Class listed below ("Class Counsel") in one of the manners set forth below and indicate that you would like to be excluded from the Plaintiff Class. Your request for exclusion from the Plaintiff Class must be received by Class Counsel no later than March 15, 2013 and must include your full name, address, and, if you are a beneficiary but not a member of the Retirement System, the name and address of the member of the Retirement System through which you claim or receive benefits.

**By U.S. Mail:**
Mantese Honigman Rossman and Williamson, P.C.
Attn: Police and Fire Retirement System Class Action Exclusion
1361 E. Big Beaver Rd.
Troy, MI 48083

**By Electronic Mail:**
Gerard V. Mantese - gmantese@manteselaw.com or John J. Conway - john@johnjconway.com
Reference Police and Fire Retirement System Class Action Exclusion in the subject line.

**By Telephone:**
(248) 457-9200
Reference Police and Fire Retirement System Class Action Exclusion when you call.

**Possible Financial Consequences.**
Any award of damages in favor of the Plaintiff Class will be paid to the Retirement System and/or Class Counsel, not the individual Plaintiff Class members. If you do not exclude yourself from the Plaintiff Class, you will be bound by the judgment of the court in this lawsuit. If you exclude yourself from the Plaintiff Class as set forth above, you will not be bound by the judgment of the court.

13-53846-tjt    Doc 4253    Filed 04/24/14    Entered 04/24/14 11:24:44    Page 40 of 42



EXHIBIT
2

State of Michigan ⎤ ss
County of Macomb ⎦

# Affidavit of Publication
IN

Mantese & Associates, P.C.
1361 E. Big Beaver Road
Troy, MI 48083

Debbie Verschueren

Being duly sworn deposes and says that the above advertisement(s) appeared
in the Detroit News and Free Press on March 3-10, 2013, invoice 2324614.
As an authorized employee of The Detroit Newspapers he/she knows well
the facts stated herein.

Signed *Debbie Verschueren*

Sworn and subscribed to me, a notary Public in and for Macomb County,
State of Michigan.

On This 11th Day of _____ March _____ 2013

*Meghan E. Ditrapani*

DNA 623 REV 10/00 Creator

MEGHAN E. DITRAPANI
Notary Public, State of Michigan
County of Wayne
My Commission Expires May. 31, 2014
Acting in the County of Macomb