## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                            :
In re                                       : Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                   : Case No. 13-53846
                                            :
                          Debtor.           : Hon. Steven W. Rhodes
                                            :
-------------------------------------------------x
```

## MOTION OF THE CITY OF DETROIT FOR
## (A) RELIEF FROM AUTOMATIC STAY, PURSUANT TO
## SECTION 362(d)(1) OF THE BANKRUPTCY CODE, TO PERMIT
## THE ORDINARY COURSE LIQUIDATION OF DISPUTED
## WORKERS' COMPENSATION CLAIMS AND (B) WAIVER
## OF THE STAY IMPOSED BY BANKRUPTCY RULE 4001(a)(3)

The City of Detroit (the "City") hereby files this motion for the entry

of an order:[1]  (a) pursuant to section 362(d)(1) of title 11 of the United States Code

(the "Bankruptcy Code"), granting relief from the automatic stay provisions of

sections 362 and 922 of the Bankruptcy Code (as modified or extended by orders

of the Court, the "Automatic Stay") to permit the ordinary course liquidation of

disputed workers' compensation claims and (b) waiving the stay otherwise imposed

---

[1]  This Motion includes certain attachments that are labeled in accordance with
Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the
Eastern District of Michigan (the "Local Rules").  Consistent with Local
Rule 9014-1(b), a copy of the proposed form of order granting this Motion is
attached hereto as Exhibit 1.  A summary identifying each included
attachment by exhibit number is appended to this Motion.

by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") so that an order granting this Motion can become effective immediately. In support of this Motion, the City incorporates in their entirety the arguments set forth in the Brief in Support of Motion, Pursuant to Section 362(d)(1) of the Bankruptcy Code, for Relief From Automatic Stay to Permit the Ordinary Course Liquidation of Disputed Workers' Compensation Claims (the "<u>Brief in Support</u>"), which is attached hereto as <u>Exhibit 3</u> in accordance with the requirements of Local Rule 9014-1(e)(2), and respectfully represents as follows:

## <u>Background</u>

1.      On July 18, 2013 (the "<u>Petition Date</u>"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect

to the City (in such capacity, the "Emergency Manager") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

4.      On April 16, 2014, the City filed the Second Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4140) (as it may be further amended, modified or supplemented from time to time, the "Plan") and the Second Amended Disclosure Statement with Respect to Second Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4141).

**Jurisdiction**

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Facts Relevant to this Motion**

6.      The State of Michigan's workers' compensation system is administered by the Workers' Compensation Agency of the Department of Licensing and Regulatory Affairs (the "Agency") to provide wage replacement, medical and rehabilitation benefits to workers who suffer a work-related injury.  Administration of the system is governed by Public Act 317 of 1969, the Workers' Disability Compensation Act of 1969, MCL § 418.101, et seq. (as amended,

the "Workers' Compensation Act").  The Workers' Compensation Act establishes certain procedures (the "Ordinary Workers' Compensation Procedures") for the assertion of workers' compensation claims and the adjudication of disputed claims, as described below.

7.      The City currently is self-insured with respect to its workers' compensation liabilities pursuant to a letter issued by the Agency.  If a City employee suffers a work-related injury, the employee may apply to the City for workers' compensation benefits.  If the City disputes the employee's entitlement to workers' compensation benefits, then the employee may file a claim with the Agency, along with an application for mediation or a hearing before a workers' compensation magistrate (a "Workers' Compensation Magistrate").  The majority of claims filed with the Agency are resolved through mediation or negotiation without the need for a hearing before a Workers' Compensation Magistrate. Adverse rulings of a Workers' Compensation Magistrate may be appealed to the Michigan Compensation Appellate Commission (the "Appellate Commission") and subsequently to the Michigan Court of Appeals and the Michigan Supreme Court.

8.      On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order").

The Bar Date Order established February 21, 2014 as the general bar date for filing proofs of claim against the City (the "General Bar Date").  Holders of workers' compensation claims were subject to the Bar Date Order and were required to file proofs of claim by the General Bar Date.  See Bar Date Order, at ¶ 10 (providing that "employees and retirees asserting Prepetition Claims other than Healthcare Liability Claims, Pension Liability Claims or Ordinary Course Compensation Claims" were required to file proofs of claim by the General Bar Date).

9.      On December 24, 2013, the Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302), (the "ADR Order"), which established certain alternative dispute resolution procedures (the "ADR Procedures") to promote the liquidation of certain disputed prepetition claims against the City.  Workers' compensation claims were expressly excluded from, and are not subject to, the ADR Procedures.  See ADR Order, at ¶ 4(d) (providing that "claims solely asserting workers' compensation liabilities against the City," among other claims, are not subject to the ADR Procedures).

10.      As of the date hereof, approximately 3,600 claims have been filed against the City in total, including more than 170 claims that, on their face, assert workers' compensation liabilities (the "Filed Workers' Compensation

Claims").  The total asserted amount of the Filed Workers' Compensation Claims is approximately $23.6 million, plus unliquidated amounts.  Many of these Filed Workers' Compensation Claims are or will be subject to dispute by the City (collectively, the "Disputed Workers' Compensation Claims"), and the City believes that the total asserted claim amounts are substantially overstated.

11.     At any time, the City estimates that approximately 70% or more of workers' compensation claims pending against the City relate to current City employees.  In addition, despite the size of the Disputed Workers' Compensation Claims, the City typically has not disputed its liability with respect to the majority of prepetition workers' compensation claims (collectively, the "Undisputed Claims") and has continued to process and pay the Undisputed Claims in the ordinary course during this chapter 9 case.  Paying the undisputed claims of current employees is particularly important because the City relies on the ongoing work and dedication of these employees to assist in running the City and pursuing the City's restructuring initiatives.

12.     By contrast, the Disputed Workers' Compensation Claims remain subject to liquidation.  The Disputed Workers' Compensation Claims include, without limitation, the claims of the claimants identified on the attached

Exhibit 6.[2] For certain Disputed Workers' Compensation Claims, the City disputes that it has any workers' compensation liability whatsoever to a particular claimant. More commonly, however, the dispute between the City and the applicable claimant concerns disagreement over (a) the amount payable with respect to certain undisputed benefits or (b) the length of the period for which workers' compensation benefits should be payable.

13.     The City believes that the Disputed Workers' Compensation Claims can most efficiently be liquidated pursuant to the Ordinary Workers' Compensation Procedures.  In particular, the Workers' Compensation Act establishes clear, streamlined procedures for the assertion and resolution of workers' compensation claims and, if necessary, their adjudication before specialized tribunals, including hearings before a Workers' Compensation Magistrate and, potentially, the Appellate Commission.  These tribunals and the Agency exist for the purpose of addressing workers' compensation claims like the Disputed Workers' Compensation Claims and are best qualified to adjudicate them efficiently and to promote the prompt resolution of claims where possible.

---

[2]     For the avoidance of doubt, the City seeks the relief requested herein with respect to all Disputed Workers' Compensation Claims, whether such claims are disputed now or in the future and whether or not identified on the attached Exhibit 6.

14.     In addition, the City intends to satisfy any amounts owed in the ordinary course following the resolution or adjudication of the Disputed Workers' Compensation Claims.  As described below and in the attached brief, the City believes that satisfying such liabilities without delay is in its best interests. Moreover, Section IV.M of the Plan provides for the payment of all valid workers' compensation claims in connection with the ongoing administration of the City's workers' compensation programs.

15.     As noted above, the majority of affected claimants are current employees of the City.  The City therefore believes that the prompt resolution and payment of Disputed Workers' Compensation Claims in good faith will promote the maintenance of a productive workforce by (a) bringing employees back to work as promptly as possible, (b) minimizing disputes with employees who the City relies upon to help implement its restructuring initiatives and (c) generally elevating employee morale.

16.     As set forth in the Emergency Manager's proposal for creditors presented on June 14, 2013 (the "June 14 Presentation"), a copy of which is attached as Exhibit B to the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 11), during the two years prior to the Petition Date, the City was forced to reduce its workforce by almost 22% as a result of its

financial crisis.  See June 14 Presentation, at 39 (providing that from June 30, 2011 to May 31, 2013, the City reduced its headcount from 12,302 employees to approximately 9,560 employees).  Given the City's extremely lean workforce and ongoing financial crisis, the functions performed by workers' compensation claimants who are ongoing employees of the City realistically cannot be replaced by increasing the workload of other employees or hiring additional temporary or permanent staff to make up any shortfall caused by the absence of such employees.  The City, therefore, believes that any failure to promptly resolve and pay valid Disputed Workers' Compensation Claims of current employees — once resolved — will cause further disruption to City services and irreparably impair morale across the City's workforce during this critical period of the City's restructuring.

17.     The City also submits that paying the liquidated workers' compensation claims of former employees also is necessary and appropriate. The City's current workers' compensation self-insurance certification from the Agency expires in June 2014 and must be reapplied for.  The State of Michigan has agreed that it will renew the City's self-insured certification if, among other conditions and limitations, the City resolves and pays all of its outstanding prepetition workers' compensation liabilities.[3]

---

[3]     In connection with its discussions with the State, the City currently is in the process of (a) soliciting proposals to obtain excess insurance with a retention

18.     The City believes that maintaining its self-insured status for its workers' compensation program is critical and of substantial economic benefit to the City.  The City is required under applicable state law to maintain workers' compensation insurance — either on a self-insured basis or by purchasing third-party insurance.  See M.C.L. § 418.611(1) (providing that all employers must (a) "receiv[e] authorization from the director to be a self-insureror" or (b) "insur[e] against liability with an insurer authorized to transact the business of worker's compensation insurance within this state").  Based on its evaluation, the City believes that the annual cost of third-party insurance, if available at all, would be substantially more expensive than maintaining self-insurance.

19.     Under these circumstances, the timely resolution and payment of all valid workers' compensation claims is appropriate to (a) promote employee morale and productivity, (b) maintain self-insured status, (c) comply with state workers' compensation laws and (d) minimize the costs of the workers' compensation program.  In any event, regardless of how valid workers' compensation claims are treated, the Disputed Workers' Compensation Claims

---

of no more than $1 million ("Excess Insurance") from a carrier authorized by the Agency to transact business in the State of Michigan and (b) evaluating the retention of a third party administrator approved by the Agency.

must be resolved or otherwise liquidated, and the Automatic Stay should be lifted to allow that resolution or litigation process to proceed without delay.

## Relief Requested

20.     The City requests the entry of an order (a) granting relief from the Automatic Stay to the extent necessary to permit the liquidation of the Disputed Workers' Compensation Claims pursuant to the Ordinary Workers' Compensation Procedures and (b) waiving the stay imposed by Bankruptcy Rule 4001(a)(3) with respect to any order granting this Motion.  The City's arguments in support of the relief requested herein are set forth in greater detail in the Brief in Support.  For the reasons set forth therein, cause exists warranting relief from the Automatic Stay to the extent necessary to permit the liquidation of the Disputed Workers' Compensation Claims pursuant to the Ordinary Workers' Compensation Procedures.

## Reservation of Rights

21.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property

or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

22.     In accordance with Bankruptcy Rule 4001(a)(1), notice of this Motion has been given to the holders of Disputed Workers' Compensation Claims identified on Exhibit 6 (to the extent their addresses are known to the City), the Agency, the official committee of retirees appointed in this chapter 9 case, all creditors included on the list filed pursuant to Bankruptcy Rule 1007(d) (Docket No. 15) (or their counsel if known) and all entities that have requested notice pursuant to Bankruptcy Rule 2002 (or their counsel if known).  The City submits that no other or further notice need be provided.

## Statement of Concurrence

23.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied."  Local Rule 9014-1(g).

24.     The City has no reason to believe that any holder of a Disputed Workers' Compensation Claim will object to the relief requested herein. In addition to the Disputed Workers' Compensation Claims identified on Exhibit 6, however, the City has not yet completed its review of all claims filed in this

chapter 9 case to identify any additional workers' compensation claims that the City may not previously have been aware of. Given the number of workers' compensation claimants, including some that have yet to be identified, the City submits that obtaining the concurrence of counsel representing all parties potentially affected by this Motion would be impracticable and unduly burdensome.

## Statement Regarding Evidentiary Nature of Hearing

25. The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

## No Prior Request

26. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein and in the Brief in Support, the City respectfully requests that this Court: (a) grant the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: April 24, 2014                    Respectfully submitted,


                                         /s/  Heather Lennox
                                         David G. Heiman (OH 0038271)
                                         Heather Lennox (OH 0059649)
                                         JONES DAY
                                         North Point
                                         901 Lakeside Avenue
                                         Cleveland, Ohio  44114
                                         Telephone:  (216) 586-3939
                                         Facsimile:  (216) 579-0212
                                         dgheiman@jonesday.com
                                         hlennox@jonesday.com

                                         Bruce Bennett (CA 105430)
                                         JONES DAY
                                         555 South Flower Street
                                         Fiftieth Floor
                                         Los Angeles, California  90071
                                         Telephone:  (213) 243-2382
                                         Facsimile:  (213) 243-2539
                                         bbennett@jonesday.com

                                         Jonathan S. Green (MI P33140)
                                         Stephen S. LaPlante (MI P48063)
                                         MILLER, CANFIELD, PADDOCK AND
                                              STONE, P.L.C.
                                         150 West Jefferson
                                         Suite 2500
                                         Detroit, Michigan  48226
                                         Telephone:  (313) 963-6420
                                         Facsimile:  (313) 496-7500
                                         green@millercanfield.com
                                         laplante@millercanfield.com

                                         ATTORNEYS FOR THE CITY

# <u>SUMMARY OF ATTACHMENTS</u>

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice of Motion |
| Exhibit 3 | Brief in Support of Motion |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6 | Schedule of Certain Disputed Workers' Compensation Claims |

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-------------------------------------------------x
                                    :
In re                               : Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          : Case No. 13-53846
                                    :
                       Debtor.      : Hon. Steven W. Rhodes
                                    :
                                    :
-------------------------------------------------x
```

## ORDER (A) GRANTING RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE ORDINARY COURSE LIQUIDATION OF DISPUTED WORKERS' COMPENSATION CLAIMS AND(B) WAIVER OF THE STAY IMPOSED BY BANKRUPTCY RULE 4001(a)(3)

This matter coming before the Court on the Motion of the City of

Detroit for (A) Relief from Automatic Stay, Pursuant to Section 362(d)(1) of

the Bankruptcy Code, to Permit the Ordinary Course Liquidation of Disputed

Workers' Compensation Claims and (B) Waiver of the Stay of Bankruptcy

Rule 4001(a)(3) (the "Motion"),[1] filed by the City of Detroit (the "City"); the Court

having reviewed the Motion and the Brief in Support and having considered the

statements of counsel and the evidence adduced with respect to the Motion at a

hearing before the Court (the "Hearing"); the Court finding that (a) the Court has

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) the relief requested in the Motion is necessary and appropriate to carry out the provisions of the Bankruptcy Code and in the best interests of the City, its creditors and other parties in interest, (e) cause exists justifying relief from the Automatic Stay to the extent necessary to allow the liquidation of the Disputed Workers' Compensation Claims pursuant to the Ordinary Workers' Compensation Procedures and (f) waiver of the stay imposed by Bankruptcy Rule 4001(a)(3) is appropriate in the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 362(d)(1) of the Bankruptcy Code, the Automatic Stay is modified to the extent necessary to permit the liquidation of Disputed Workers' Compensation Claims (including, without limitation, the claims of the parties identified on Exhibit 6 to the Motion) pursuant to the Ordinary Workers Compensation Procedures.

3. The stay imposed by Bankruptcy Rule 4001(a)(3) shall not be applicable to this Order, and this Order shall be effective immediately.

## EXHIBIT 2

Form B20A(Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

In re:

**CITY OF DETROIT, MICHIGAN,**                    **Chapter: 9**

                                                  **Case No.: 13-53846**

                    **Debtor.**                   **Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
              Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

**NOTICE OF MOTION OF THE CITY OF DETROIT FOR (A) RELIEF FROM AUTOMATIC STAY, PURSUANT TO SECTION 362(d)(1) OF THE BANKRUPTCY CODE, TO PERMIT THE ORDINARY COURSE LIQUIDATION OF DISPUTED WORKERS' COMPENSATION CLAIMS AND (B) WAIVER OF THE STAY IMPOSED BY BANKRUPTCY RULE 4001(a)(3)**

        The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, (a) granting relief from the automatic stay provisions of sections 362 and 922 of the Bankruptcy Code (as modified or extended by orders of the Court) to permit the ordinary course liquidation of disputed workers' compensation claims and (b) waiving the stay of order imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

        **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

        If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by May 8, 2014**, you or your attorney must:

1.              File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

        If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail a copy to:

---

[1]        Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500

2.          If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:    April 24, 2014                    Respectfully submitted,

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# **EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-------------------------------------------------------x
                                                       :
In re                                                  : Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                              : Case No. 13-53846
                                                       :
                              Debtor.                  : Hon. Steven W. Rhodes
                                                       :
-------------------------------------------------------x
```

**BRIEF IN SUPPORT OF MOTION OF THE CITY OF DETROIT**
**FOR (A) RELIEF FROM AUTOMATIC STAY, PURSUANT**
**TO SECTION 362(d)(1) OF THE BANKRUPTCY CODE, TO**
**PERMIT THE ORDINARY COURSE LIQUIDATION OF DISPUTED**
**WORKERS' COMPENSATION CLAIMS AND (B) WAIVER**
**OF THE STAY IMPOSED BY BANKRUPTCY RULE 4001(a)(3)**

The City of Detroit (the "City") submits this brief in support of

the Motion of the City of Detroit for (A) Relief from Automatic Stay,

Pursuant to Section 362(d)(1) of the Bankruptcy Code, to Permit the

Ordinary Course Liquidation of Disputed Workers' Compensation Claims

and (B) Waiver of the Stay Imposed by Bankruptcy Rule 4001(a)(3)

(the "Motion")[1] and respectfully represents as follows:

---

[1]   Capitalized terms not otherwise defined herein have the meanings
given to them in the Motion.

**Argument**

***Cause Exists to Permit the Liquidation of
Disputed Workers' Compensation Claims Pursuant
to the Ordinary Workers' Compensation Procedures***

1.      Section 362(d) of the Bankruptcy Code authorizes a bankruptcy court to grant relief from the Automatic Stay.  <u>See</u> 11 U.S.C. § 362(d).[2]  In particular, section 362(d)(1) of the Bankruptcy Code provides that a party in interest may obtain relief from the Automatic Stay "for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. §362(d)(1).

2.      "The Bankruptcy Code does not define 'cause' as used in [section] 362(d)(1).  Therefore, under [section] 362(d), 'courts must determine whether discretionary relief is appropriate on a case by case basis.'"  <u>Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.)</u>, 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (quoting <u>Laguna Assocs. L.P. v. Aetna Casualty & Surety Co. (In re Laguna Assocs. L.P.)</u>, 30 F.3d 734, 737 (6th Cir. 1994)).

---

2       Section 922(b) of the Bankruptcy Code makes section 362(d) of the Bankruptcy Code applicable to the expanded Automatic Stay effective in chapter 9 cases.  <u>See</u> 11 U.S.C. § 922(b) ("Subsections (c), (d), (e), (f), and (g) of section 362 of this title apply to a stay under subsection (a) of this section the same as such subsections apply to a stay under section 362 (a) of this title.").

3.     The determination of whether to grant relief from the

Automatic Stay "resides within the sound discretion of the Bankruptcy

Court." <u>Sandweiss Law Center, P.C. v. Kozlowski (In re Bunting)</u>, No. 12-

10472, 2013 WL 153309, at *17 (E.D. Mich. Jan. 15, 2013) (quoting <u>In re</u>

<u>Garzoni</u>, 35 F. App'x 179, 181 (6th Cir. 2002)).

> To guide the bankruptcy court's exercise of its discretion . . . the Sixth Circuit identifies five factors for the court to consider: (1) judicial economy; (2) trial readiness; (3) the resolution of the preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

<u>Bunting</u>, 2013 WL 153309, at *17 (quoting <u>Garzoni</u>, 35 F. App'x at 181)

(internal quotation marks omitted).  In determining whether cause exists,

however, "the bankruptcy court should base its decision on the hardships

imposed on the parties with an eye towards the overall goals of the

Bankruptcy Code." <u>Plastech</u>, 382 B.R. at 106 (quoting <u>In re C & S Grain</u>

<u>Co.</u>, 47 F.3d 233, 238 (7th Cir. 1995)).

4.     As a threshold matter, the Automatic Stay is not

implicated with respect to the majority of Disputed Workers' Compensation

Claims because such claims typically are resolved through negotiation or

mediation, without the involvement of any tribunal.  Accordingly, the City

and the applicable claimants do not require relief from the Automatic Stay to proceed with the resolution of such Disputed Workers' Compensation Claims.[3]

5.      With respect to the remainder of Disputed Workers' Compensation Claims that must be adjudicated before a Workers' Compensation Magistrate (and may potentially be subject to appeal before the Appellate Commission and higher courts), consideration of the foregoing factors articulated in the <u>Garzoni</u> case confirms that ample cause exists justifying relief from the Automatic Stay to allow the liquidation of the Disputed Workers' Compensation Claims pursuant to the Ordinary Workers' Compensation Procedures.

6.      With respect to the first factor, the interests of judicial economy are furthered by granting relief from the Automatic Stay. In particular, the Workers' Compensation Act establishes clear, streamlined procedures for the assertion and resolution of workers' compensation claims and, if necessary, their adjudication before specialized tribunals, including hearings before a Workers' Compensation Magistrate and, potentially,

---

[3]      Nevertheless, relief from the Automatic Stay also will assist in resolving Disputed Workers' Compensation Claims short of litigation because (a) many workers' compensation claimants may not seriously discuss settlement outside of the context of an impending trial date and (b) the ADR Procedures do not apply to these claims.

the Appellate Commission.  These tribunals and the Agency exist for the purpose of addressing workers' compensation claims like the Disputed Workers' Compensation Claims and are best qualified to adjudicate them efficiently.  Moreover, as noted above, the scheduling of proceedings to adjudicate these claims will promote settlement discussions that in many cases will result in the resolution of claims short of litigation.

7.      The second and fourth factors — the readiness of the claim for trial and the creditor's chance of success on the merits — are inapplicable in this context because the City seeks relief from the Automatic Stay to the extent necessary to liquidate all Disputed Workers' Compensation Claims, which may be in various stages of resolution or litigation.  Nevertheless, the City submits that the Disputed Workers' Compensation Claims in many cases are trial ready, or could be adjudicated efficiently in the normal course through the City's Law Department. Moreover, lifting the Automatic Stay will promote settlement discussions that the City believes will serve to resolve the majority of the remaining Disputed Workers' Compensation Claims.

8.      With respect to the third factor, there are no preliminary bankruptcy issues that require resolution before the Disputed Workers'

Compensation Claims can be adjudicated. Accordingly, this factor weighs in favor of granting relief from the Automatic Stay.

9. Under the fifth factor, the City does not anticipate incurring significant defense costs with respect to the Disputed Workers' Compensation Claims because, as previously stated, only a minority of claims reach the point of litigation before a Workers' Compensation Magistrate, and the City anticipates that it will utilize internal resources from the Law Department to defend most, if not all, of the Disputed Workers' Compensation Claims that must be adjudicated.

10. Moreover, the requested relief will benefit the City's other creditors. The City must resolve or otherwise liquidate the Disputed Workers' Compensation Claims in some manner, and the Ordinary Workers' Compensation Procedures provide the most efficient means of doing so. Accordingly, the resolution of the Disputed Workers' Compensation Claims pursuant to the Ordinary Workers' Compensation Procedures provides a savings to the City, which can only benefit the City's creditor body at large.[4]

---

[4] For the reasons set forth below and in the Motion, the City intends to satisfy in full any workers' compensation liabilities established through the Ordinary Workers Compensation Procedures, just as it has been paying undisputed workers' compensation liabilities during the pendency of this chapter 9 case. In addition, Section IV.M of the Plan provides for the payment of all valid workers' compensation claims in

11.    The requested relief from the Automatic Stay will benefit (and not burden) both the City and the holders of the Disputed Workers' Compensation Claims in other ways.  The prompt resolution of the Disputed Workers' Compensation Claims held by current employees (and the satisfaction of these claims by the City to the extent valid) will allow the City to maximize the efficient use of its human resources by elevating employee morale and encouraging workers' compensation claimants to return to the workplace, thereby allowing the City to improve staffing levels, better allocate workloads and reduce absenteeism.

12.    In addition, by liquidating and paying all valid workers' compensation claims, the City will be able to retain its self-insured status for workers' compensation in the State of Michigan.  The City is required under applicable state law to maintain workers' compensation insurance — either on a self-insured basis or by purchasing third-party insurance.  See M.C.L. § 418.611(1) (providing that all employers must (a) "receiv[e] authorization from the director to be a self-insureror" or (b) "insur[e] against liability with

---

connection with the ongoing administration of the City's workers' compensation programs.  Whether the City satisfies the Disputed Workers' Compensation Claims in the ordinary course or holds them subject to treatment under its Plan once confirmed, the Disputed Workers' Compensation Claims must be liquidated, and the Ordinary Workers Compensation Procedures provide the most efficient means of achieving this goal.

an insurer authorized to transact the business of worker's compensation insurance within this state").  By retaining its self-insurance certification, the City will realize substantial savings over the cost of third-party workers' compensation insurance.  Based on its evaluation, the City believes that the annual cost of third-party insurance, if available at all, would be substantially more expensive than maintaining self-insurance.

13.     From the perspective of the claimants, the liquidation of the Disputed Workers' Compensation Claims pursuant to the Ordinary Workers' Compensation Procedures will provide them with a cost-effective and expeditious resolution or adjudication of their claims, which will also provide finality to claimants, whether or not their claims are sustained. In addition, the prompt resolution of Disputed Workers' Compensation Claims is in the best interests of the applicable claimants because, for the reasons set forth above, the City has determined to satisfy any awards ultimately agreed to by the City or entered on a final basis by a Workers' Compensation Magistrate.  Consequently, the sooner each Disputed Workers' Compensation Claim is adjudicated or resolved, the sooner the City can satisfy any resultant liabilities, all to the benefit of the applicable claimant.  In any event, regardless of how valid workers' compensation claims are treated, the Disputed Workers' Compensation

Claims must be resolved or otherwise liquidated, and the Automatic Stay should be lifted to allow that resolution or litigation process to proceed without delay.

### *Waiver of the Stay Otherwise Imposed by Bankruptcy Rule 4001(a)(3) is Appropriate*

14.    Bankruptcy Rule 4001(a)(3) provides that:

> An order granting a motion for relief from an automatic stay made in accordance with [Bankruptcy] Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.

Fed. R. Bankr. P. 4001(a)(3).  The purpose of subsection (a)(3) is to "provide sufficient time for a party to request a stay pending appeal of an order granting relief from an automatic stay before the order is enforced or implemented. "  Advisory Committee's Note (1999 Amendment).  Here, the City anticipates that no holders of Disputed Workers' Compensation Claims will oppose the requested relief and that it is in the interests of both the City and the claim holders that the Court's order granting the requested relief not be stayed for an additional 14 days pursuant to Bankruptcy Rule 4001(a)(3).  Therefore, the City requests that the Court waive the stay of the effectiveness of its order otherwise imposed by Bankruptcy Rule 4001(a)(3).

## **Conclusion**

WHEREFORE, for the reasons set forth herein and in the Motion, the City respectfully requests that this Court: (a) grant the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: April 24, 2014                    Respectfully submitted,


                                         /s/  Heather Lennox
                                         David G. Heiman (OH 0038271)
                                         Heather Lennox (OH 0059649)
                                         JONES DAY
                                         North Point
                                         901 Lakeside Avenue
                                         Cleveland, Ohio  44114
                                         Telephone:  (216) 586-3939
                                         Facsimile:  (216) 579-0212
                                         dgheiman@jonesday.com
                                         hlennox@jonesday.com

                                         Bruce Bennett (CA 105430)
                                         JONES DAY
                                         555 South Flower Street
                                         Fiftieth Floor
                                         Los Angeles, California  90071
                                         Telephone:  (213) 243-2382
                                         Facsimile:  (213) 243-2539
                                         bbennett@jonesday.com

                                         Jonathan S. Green (MI P33140)
                                         Stephen S. LaPlante (MI P48063)
                                         MILLER, CANFIELD, PADDOCK AND
                                             STONE, P.L.C.
                                         150 West Jefferson
                                         Suite 2500
                                         Detroit, Michigan  48226
                                         Telephone:  (313) 963-6420
                                         Facsimile:  (313) 496-7500
                                         green@millercanfield.com
                                         laplante@millercanfield.com

                                         ATTORNEYS FOR THE CITY

# **EXHIBIT 4**

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Motion of the City of Detroit for (A) Relief from Automatic Stay, Pursuant to Section 362(d)(1) of the Bankruptcy Code, to Permit the Ordinary Course Liquidation of Disputed Workers' Compensation Claims and (B) Waiver of the Stay of Order Imposed by Bankruptcy Rule 4001(a)(3) was filed and served via the Court's electronic case filing and noticing system on this 24th day of April, 2014.


/s/  Heather Lennox

# EXHIBIT 6

# CLAIMANTS HOLDING DISPUTED WORKERS' COMPENSATION CLAIMS

Abbott, Annie M.
Adams, Willie, Jr.
Alexander, Melanie
Ali, Alanna
Allen, Wayne S.
Alexander, Troy R.
Anderson, Fred
Anderson, Maurice
Anderson-Davis, Frankie R.
Armstrong, Latoyia
Arp, Archie L.
Atkinson, James A.
Bailey, Gail D.
Barkley, Jeremy
Barner, William
Barnes, Charles R.
Barrett, Dennis
Bass, Kevin T.
Battle, Kristin
Bendross-Kimble, Yvonne
Berry, Marvin
Bitgood, Sean
Bogan, Pamela
Bridgewater, Bridget A.
Brooks, Kierre
Borden, James P.
Brantley, LaSean
Bridges, Eric D.
Brown, Joyce
Brown, Ricky, D.
Brown, Wanda
Browne, David
Bruce, Phyllis, M.
Burns, Michael
Burress, Edward J.
Bullock, Daniel
Bussey, Johnnie
Candy, Corey J.
Cade, David T.
Carr, Timothy
Carr, Wilbur
Carey, Dennis
Carter, Brian A.
Casey, Edno D.

Chandler, Robert L.
Chatman, Robyn
Chatman, Takima
Chaney, Marvin B.
Clanton, Jessie B.
Clifton, Mitchell
Coffin, Keith
Colandrea, Constance
Coleman, Maria
Colleta, Paul
Collins, Clarence E.
Collins, Cynthia R.
Cooper, Monique
Copeland, Vera
Curry, Jacqueline
Dalton, Willie, Jr.
Davis, Frazer
Davis, Kelvin
Davis-Cooper, Chenita M.
Dawson, Cynthia
Delaney, Kemberly
Delbosque, Raquel
DiCresce, Nick, T.
Dixon, Brenda
Dixon, Johnel
Doonan, Christopher
Doran, Edward C.
Dowell, Donald
Drains, Judy
Drake, Eunice
Droge, Jonathan T.
Dukes, Darryl
Duncan, Jesse
Dunlap, Monique
Ekutu, Zacheus
Elliott, Sherita
Ellis, Mark
Ellison, Elroy
English, Charles
Epps, Ida Mae
Evans, Mary A.
Evans, Spergeon J.
Falconer, Lorraine F.
Feisner, Micheal

Fenderson, Felicia A.
Flowers, Dale
Ford, Paula
Gardner, Edward D.
Garrison, Kyva
Gentry, Anthony
Germany, Lavonia L.
Giles, Tonette
Giattino, Steven C.
Goolsby, Ronald
Grady, James
Granberry, Mitchell
Grant, Ethan H.
Green, Gregory V.
Green, Mark
Greer, Felicia
Gregory, Maurice
Griffin, Debra E.
Griffin, Lanita E.
Gries, Douglas, E.
Goree, Parthena
Guillion, Clifford
Guillory, Sharon
Haas, Thomas
Hagerman, James
Hale, Jhahna R.
Haley, Aaron
Hall, Bridgette
Hall, Richard B.
Hamm, Jeffrey
Hansard, Susan, R.
Haque, Muhammad
Hardaway, John
Hardy, Randolph T.
Harrington, Stephanie
Harris, Antonio
Harris, Brenda L.
Hawkins-Weems, Dianne
Hegedus, Justin
Herring, Keanya
Hill, DaJuan
Hill, John A.
Hilton, Larry, D.
Hodges, Calvin L.
Hodges, Robert
Hodges, William R., Jr.

Holley, Mary
Holt, Rickie
Holton, Levi
Howard, David E.
Howard, Edric D.
Howard, Mason Z.
Hunter, Shawn, M.
Hunter, Sonja
Idleburg, Ora M.
Jackson, Brenda A.
Jackson, Louis E., Jr.
Jackson, Melissa L.
Jackson, Paula, A.
Jackson, Salathea
Jacobs-Woodward, Danielle R.
Johnson, Dennis
Johnson, James G.
Johnson, Kimberly M.
Johnson, Leroy
Johnson, Meddie
Johnson, Norman C.
Johnson, Quintin M.
Jones, James D.
Jones, Kim
Jones, Malik
Jones, Robert, R.
Jones, Rosalind R.
Jones, Wendy
Jones, Winfred
Joyce, Kenneth A.
Keeling, Richard M.
Kein, Audrey M.
Kimbrough, Joe
Knight, David
Krim, Daniel, J.
Lardi, Eric D.
Latimer, Marvin
Leapherart, Ronald E.
Leaverson, Napolean
LeBron, Juan, Jr.
Lee, William
Lett, Caleb J.
Lewis, Joe
Liddell, Kathy
Lis, Richard L.
Little, Junetta

Little, Patricia A.
Looney, Ben, D.
Lucken, Heidi
Lucas, John L.
Macek, Thomas
Mack, George,. D.
MacNear, Keith
Mallett, Johnnie H.
Manciel, Sharon
Manning, Damion
Maples, Roderick K.
Martin, Linda
Martin, Tyrone
Marzett, Hamp
Mason, James, J.
Mason, Richard L.
Mathis, Marlena
Matthews, Roland W.
McAdory, Tammy
McAllister, John E.
McCastle, Toussaint
McCruter, Cortez
McDowell, James D.
McGee, David, M.
McMillan, Tenisha
McNeary, Donald, G.
Merchant, Jeffrey
Metivier, Mark W.
Mitchell, Albert
Mitchell, Laquitsha D.
Mitchell, Rae C.
Moffett, Terry
Moore, Kathy A.
Mullugotta, Gimbu S.
Murray, Ranelle
Nappo, Keith A.
Nash, Charlsene
Olbrys, Josepy
Olceski, James
Palter, Glynn
Patterson, Ronald
Patton, Ardena
Payne, Maurice
Pearson, Anthony
Peete, Jacques
Pembrook, Adam

Perry, Bonita
Phillips, Andrew S., Jr.
Piotrowski, Bryant
Pittman, Gerald
Poe, Cassandra
Pope, Dirick, E.
Pruitt, Gregory
Ragland, Anita
Ragland, Dwight W., Sr.
Raju, Vincen K.
Reed, Larry C.
Reaves, James, H, II
Reynolds, Melodie
Reynolds, Neal A.
Rice, Marsinah
Richard, Shalawna
Richards, Curtis A.
Richmond, Todd
Rivers, Eric L.
Robinson, Antoine
Robinson, Dana Sr,
Robinson, Lawson, Jr.
Rodriguez, Jose' D.
Rodzos, Jeremy D.
Rogers, Curtis
Rowley, Jeffrey B.
Rudd, Donald
Rutherford, Darius
Rutkowski, Gerald
Ryans, Lucius R.
Samaan, Neil J.
Sanders, Chris J.
Sapp, Ellen
Saylor, Danny
Schreiber, Thomas M.
Scott, Aaron R.
Scott, Bernard
Scott, Kerry N.
Simmons, Laura Y.
Sims, Alicia
Skillman, Randolph
Slappy-Thrash, Marcel
Smith, Alicia M.
Smith, Anthony M.
Smith, Brandi
Smith, Darryl, E.

Smith, Vincent H.
Spikes, Vincent
Stanfield, David, Jr.
Stanford, Gary
Stewart,. Stephanie
Stokes, Crystal
Strain, Lon
Sullivan, Patricia
Taplin, Henry F. III
Taylor, Leroy Jr.
Townsend, Mattie
Tribble, Emma
Trombley, John, Jr.
Trzos, Anne M.
Turner, Gerald C.
Turner, Herman
Turner, Rhianna M.
VanLowe, Christina
Vanover, Charity
Verner, Betty J.
Walton, Andrea L.
Walton, Christopher L.
Washington, Johnnie
Washington, Ondrea
Watkins, Kevin

Watson, Rita Y.
Weaver-Scott, LeAndra
Webb, Yulonda T.
Welicki, Mark
Whaley-Lauderdale Patricia
Wheeler, Charlie
Williams, Albert
Williams, Bobby J.
Williams, Eddie
Williams, Gerald
Williams, Margaret B.
Williams, Patricia C.
Williams, Tracey
Williams, William
Wolfe, Duncan A.
Woods, Terry
Wornum, Lennard, Jr.
Wright, James
Wright, Troy, C.
Wymer, Eric K.
Yarber, Chonitta
Yarbrough, William
Young, Brenda B.
Young, Robert L.
Zilinski, Cynthia

ATI-2602553v2