## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

## SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC.'S RESPONSES AND OBJECTIONS TO DEBTOR'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7034, Syncora Capital Assurance Inc. and Syncora Guarantee Inc. (collectively, "Syncora") hereby respond to the Debtor City of Detroit's ("City") *Requests for Production of Documents to Syncora*.

## PRELIMINARY STATEMENT

1. On April 11, 2014, the City served its *Requests for Production of Documents to Syncora* ("Document Requests"). The City's Document Requests include sixty individual requests — many of which are marked by breadth, burden, and privilege concerns. The City's Document Requests seek the following categories of documents:

- All documents relating to any research, studies, or analysis conducted by Syncora, its attorneys, or its financial consultants relating to (a) the City's proposed plan of adjustment; (b) the City's current and/or projected cash flows; (c) the City's current and/or projected budgets; (d) the City's

ability to pay its debts; (e) the City's ability to provide civic services; (f) the City's projected tax collection rates; (g) the DWSD; (h) the Detroit Institute of Arts; (i) the Public Lighting Authority; and (j) the City's restructuring initiatives. (Document Requests No. 1.)

- All documents relating to any research, studies, or analysis conducted by Syncora, its attorneys, or its financial consultants relating to (a) any alternative plan of adjustment; (b) cities that are comparable to Detroit; (c) levels of recovery for unsecured creditors; and (d) asset sales by the City. (Document Requests No. 2.)

- All documents relating to any research, studies, or analysis conducted by Syncora, its attorneys, or its financial consultants relating to (a) any challenges to other creditors' claims and/or their recoveries; (b) the impact of the City's proposed plan of adjustment if it is confirmed; (c) the financial condition of all other creditors; (d) the financial conditions of the various creditors under different recovery levels; (e) the financial conditions of the various creditors if the City's plan of adjustment is not approved; (f) the City's future creditworthiness; and (g) the financial condition of the City. (Document Requests Nos. 3-7, 14, 58-59.)

- All documents relating to any debt held or sold by Syncora. (Document Requests Nos. 8-9.)

- All documents relating to any of Syncora's claims against the City. (Document Request No. 10.)

- All communications between Syncora and any government departments, regulators, officials, or lobbyists relating to the City of Detroit. (Document Requests Nos. 11-13.)

- All documents relating to any common interest or joint defense agreements between Syncora and any other City creditors. (Document Requests Nos. 15-16.)

- All documents relating to any communications between Syncora and any trustee on any topic. (Document Requests No. 17.)

- All documents relating to any research, studies, or analysis conducted by Syncora, its attorneys, or its financial consultants regarding debt limits. (Document Requests No. 18.)

- All documents relating to <u>any</u> notifications to <u>any</u> insurance carriers from January 1, 2004 to the present for <u>any</u> reason. (Document Requests No. 19.)

- All documents relating to any communications between Syncora and <u>any</u> unions, retirees, retiree associations, or retiree association members relating to the City's bankruptcy. (Document Requests No. 20.)

- All documents relating to the value of the art collection in the Detroit Institute of Art. (Document Requests Nos. 21, 25-27.)

- All documents that Syncora provided to, or received from, the New York state insurance department from 2011 to 2014. (Document Requests Nos. 31-32.)

- Consolidated and audited financial statements for the years 2011-2014. (Document Requests Nos. 33-34.)

- All documents relating to any communications with any accountant or actuary relating to the recognition of losses relating to the City of Detroit. (Document Requests No. 35.)

- All documents relating to any communications with any insurance regulator, certified public accountant, or accounting firm relating to the City of Detroit. (Document Requests Nos. 36, 44.)

- All commutation or settlement agreements from 2011-2014 for any of Syncora's public finance obligations. (Document Requests No. 40.)

- All presentations relating to the City of Detroit provided to (a) any executive team, (b) board of directors, (c) committee; or (d) insurance department. (Document Requests Nos. 42-43.)

- All documents relating to Syncora's establishment and implementation of standards, controls, limits, guidelines, or policies relating to risk. (Document Requests No. 46.)

- All documents that relate to underwriting any City of Detroit debt from January 1, 2004 to the present. (Document Requests No. 47, 49-52, 54.)

- All communications with internal credit committees relating to the City of Detroit. (Document Requests No. 48.)

3

- All surveillance reports and loss mitigation analyses relating to the City of Detroit from January 1, 2004 to the present. (Document Requests No. 53, 55.)

- All communications relating to the City of Detroit. (Document Requests No. 56.)

2.     One reading the City's Document Requests might be left with the impression that Syncora bears the burden of proof at the upcoming confirmation trial.  The City has sent similar requests, on information and belief, to all non-settling creditors.

3.     Adding to the breadth and privilege concerns, the City has not limited its Document Requests to internal Syncora employees and directors.  Instead, the City's Document Requests seek documents and communications from "<u>any person</u> acting on [Syncora's] behalf, including without limitation agents, <u>attorneys</u>, <u>consultants</u>, contractors, co-venturers, directors, employees, officers and any third party acting for or on behalf of Syncora." (Document Requests, Definitions and Instructions, No. 1 (emphasis added).)

4.     Given the scope of the specific requests and the Instructions and Definitions contained therein, the City's Document Requests quite literally encompass <u>every</u> document or communication from Syncora, its attorneys, and its consultants relating to the City of Detroit, the City's debt, or the City's proposed plan of adjustment — as well as a host of documents and communications wholly

unrelated to the City of Detroit. The problems with such an expansive approach are three-fold.

5. *First*, the City's approach means that its Document Requests are overbroad and not reasonably calculated to lead to the discovery of relevant documents or admissible evidence. For example, many of the City's Document Requests seek documents, studies, and analyses relating to *Syncora's* position on topics such as the plan, its claims against the City, and creditor recoveries. (*See, e.g.,* Document Requests, Nos. 4-7.) The source documents underlying the City's plan of adjustment are in the possession of the City, not Syncora. Analysis of those documents is either (a) expert opinion testimony that will be handled as part of expert discovery; or (b) lay expert opinion testimony of doubtful admissibility. Syncora submits that, instead of fishing around for Syncora's work product, the focus of the City's discovery should instead be on those discrete categories of documents that the City needs to prove its case and can obtain only from Syncora.

6. *Second*, the City's Document Requests seek to invade a number of privileges — *e.g.*, the attorney-client privilege, the work product doctrine, the consulting privilege, the mediation privilege, and the common interest doctrine. In fact, many of the City's Document Requests seek "research, studies, or analysis" conducted by Syncora's attorneys and consultants relating to a wide range of subjects — the City's proposed plan, the City's financial distress, creditor claims,

and creditor recoveries and recoveries.  (*See, e.g.,* Document Requests, Nos. 1, 6, 7, 18.)  Significantly though, prior to the City's bankruptcy filing, Syncora retained legal counsel and financial consultants, all of whom have conducted extensive analysis relating to the City, its financial distress, and its proposed plan of adjustment.  As is typical in these situations, Syncora's attorneys and financial consultants worked together to develop their strategic and financial analyses such that it would be impossible, as a practical matter, to divorce the financial and economic analysis from the legal analysis.  As a result, responding to these requests would require Syncora to first identify, collect, and review the hundreds of thousands (or millions) of potentially responsive documents from as many as seven different companies (Syncora, its three law firms, and its two financial consultants) to determine which documents are privileged.  Then, if necessary, Syncora would need to create a privilege log containing thousands of entries.  The time and resources that Syncora would incur to cull out the privileged documents cannot be overstated.  Given the low evidentiary yield of such an exercise, the City's Document Requests are not "reasonably calculated" to lead to the discovery of admissible evidence.

7.     *Third*, the City's wide-ranging Document Requests are unduly burdensome, particularly when the potential value of the requested documents is weighed against the substantial time and cost to Syncora to identify, review, and

produce those documents and communications. In the Sixth Circuit, courts generally balance the likely relevance of the requested material against the burden of producing it. *See EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). In particular, courts must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it. *See Lowe v. Vadlamudi*, 08-10269, 2012 WL 3887177 (E.D. Mich. Sep. 7, 2012); *see also Brown v. W. Corp.*, 287 F.R.D. 494, 500 (D. Neb. 2012) ("More generally, the Court must limit the extent of discovery under Rule 26(b)(2)(C) where the burden or expense of production outweighs the likely benefit."). As noted above, the relevance of many of the City's Document Requests is dubious while the associated burden is extremely high. Nevertheless, the City's Document Requests require Syncora to collect, review, and produce every document and communication relating to the City of Detroit (and a substantial number of documents unrelated to the City of Detroit) — a task that would entail the review of vast quantities of documents over a three-week period. Moreover, many of the requested documents would likely be privileged, which would only further complicate the review. Consequently, given the expedited schedule, the limited likely admissibility of these documents, and the significant resources that Syncora would expend to collect, review, and produce them, the

7

burden on Syncora far outweighs any value that these documents would provide to the City.

8.     In light of the above, Syncora submits that the better approach — given the circumstances of this particular case — is to produce relevant, non-privileged "ordinary course" documents that it has identified and which can be produced in a reasonable time period.  Specifically, Syncora proposes to produce the following categories of documents in response to the City's Document Requests:

- Documents provided to Syncora's credit committee members regarding the COPs and GO Bonds;

- Communications with the credit committee members regarding the COPs and GO Bonds;

- Voting sheets (and accompanying communications) from 2004, 2005, and 2006 for the COPs and GO Bonds credit committees;

- Credit memos prepared by Syncora relating to the COPs and GO Bonds;

- Surveillance reports prepared by Syncora relating to the COPs and GO Bonds;

- Syncora's audited financial statements for 2011, 2012, and 2013;

- Syncora's audited consolidated financial statements for 2011 and 2012;

- Syncora's current underwriting manual;

- Syncora's underwriting manual from the 2005/2006 time period; and

- 2005 COPs public finance smart debt-at-a-glance summary.

9.    In addition to the above categories of documents, Syncora also intends to provide the City with certain non-privileged documents responsive to the City's Documents Requests seeking any "research, studies, or analysis" conducted by Syncora, its attorneys, or its consultants relating to, *inter alia*, (a) the City's proposed plan of adjustment; (b) any alternative plan of adjustment; (c) any challenges to other creditors' claims and/or their recoveries if the City's proposed plan of adjustment is confirmed; (d) the impact of the City's proposed plan of adjustment if it is confirmed; (e) the financial condition of all other creditors; (f) the financial conditions of the various creditors under different recovery levels; (g) the financial conditions of the various creditors if the City's plan of adjustment is not approved; and (h) Detroit's future creditworthiness.  Because it would be unduly burdensome for Syncora to collect and review — both for responsiveness and privilege — all of the e-mails and documents that may be potentially responsive to these specific requests, Syncora has communicated with its employees to determine whether any responsive, non-privileged documents exist. To the extent Syncora is able to locate any responsive, non-privileged documents after a reasonable search and inquiry, it will produce these documents.

10.    Syncora submits that these categories of documents are the documents that are most relevant to the discrete issues that the City and the creditors will litigate during the upcoming confirmation hearing.  Syncora therefore objects to

producing any additional documents on the grounds that (a) they are irrelevant to the standard that the City has the affirmative burden to satisfy; (b) they are protected by a variety of privileges; and (c) the burden of producing the requested documents outweighs the potential value of that information.

11. In addition, certain of the documents that Syncora will produce may contain commercially-sensitive information and are therefore subject to the same sensitivities and concerns that the City has expressed on prior occasions. Because these documents may reveal proprietary or commercially-sensitive information, Syncora has asked the City to enter into a protective order prior to production.

12. During the week of April 21, attorneys for Syncora and the City participated in a number of meet and confer telephone calls to discuss the City's Document Requests. During these phone calls, Syncora explained its concerns surrounding the City's Document Requests and attempted to work with the City to understand the goals and objectives of its requests. In particular, Syncora tried to better understand exactly what documents the City wanted from Syncora. In response, the City provided Syncora with a list of the categories of documents it was seeking.

13. On April 24, Syncora discussed with the City the approach outlined above and identified all of the types of documents that Syncora was willing to produce. In addition, that same day, Syncora provided the City with a written

summary of its proposed approach.  At this stage, the City has neither agreed to nor rejected Syncora's proposal.

14.    If the Court adopts Syncora's proposed approach and sustains the general objections set forth below, Syncora believes that it can complete its production by May 6, 2014.[1]  If, however, the Court determines that Syncora must search for and produce all of the documents that are responsive to the City's Document Requests, Syncora will not be able to complete all of the work necessary to locate those documents, review them for responsiveness and privilege, and produce them within the time allotted and, instead, will require a very substantial adjustment to the trial schedule on the order of multiple months.

15.    Finally, it should be noted that, in accordance with the City's Document Requests and the Court's prior statements, Syncora has provided its responses and objections to the City's Document Requests by the April 25 deadline.  In contrast, the City asserts that its responses to Syncora's document requests and interrogatories are not due until May 6.  This is inconsistent with the times for compliance set by Syncora's request.  It is also inconsistent with the current schedule relating to fact and expert discovery.  If Syncora must wait until May 6 to receive the City's responses and objections, the parties will not have sufficient time to resolve those objections, submit motions to compel (if

---

[1]    This estimate is based on Syncora's current understanding of the volume of documents.

necessary), produce any additional documents, and still comply with the current discovery schedule. In other words, the City must provide its objections and responses prior to the May 6 document production so that the parties have sufficient time to resolve any disputes. Accordingly, Syncora respectfully denied the City's request to extend its time to respond to Syncora's document requests and interrogatories, and has submitted this Objection in keeping with that position.

## GENERAL OBJECTIONS

1. Syncora objects to each request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, the mediation privilege, the consulting privilege, the common interest doctrine, or any other applicable privilege or immunity. None of Syncora's responses are intended as, nor should be construed as, a waiver or relinquishment of the attorney-client privilege, the work product doctrine, the mediation privilege, the consulting privilege, the common interest doctrine, or any other applicable privilege or immunity.

2. Syncora objects to each request to the extent that it is overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant documents or admissible evidence.

3. Syncora objects to the City's definition of "Document" in Definition No. 3 of the Document Requests. That definition exceeds the permissible bounds

under Rule 34 of the Federal Rules of Civil Procedure. Specifically, the City defines "Document" as "any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact disks, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, or other storage materials)." Syncora objects to searching for or producing ESI contained on disaster recovery, back-up, or archival media, legacy systems, or deleted, fragmented, shadowed, or temporary data on the grounds that such information is not reasonably accessible due to cost and burden, and that the burden and cost of searching, processing, and producing this material would far exceed any marginal benefit to be gained by conducting such a search.

4. Syncora objects to Definition and Instruction No. 12 in the Document Requests. Instruction No. 12 states that Syncora's "duty to produce documents shall not be limited or affected by the fact that the same document is available through another source." Syncora objects to producing documents that the City already has in its possession or control.

5. Syncora objects to Definition and Instruction No. 13 in the Document Requests. Definition and Instruction No. 13 requires Syncora to provide a

privilege log by April 25, 2014. Given the large number of potentially-privileged documents, the limited relevance of many of the City's Document Requests, and the expedited schedule, Syncora objects to providing a privilege log.

6.    Syncora objects to Definition and Instruction No. 14 on the grounds that it is unduly burdensome.

7.    A statement that Syncora will produce documents in response to any request herein does not mean that such documents exist, but only that, to the extent such documents do exist and are not subject to the preliminary statement and/or a general objection, Syncora will produce non-privileged, responsive documents that are identifiable after the reasonable search and inquiry described in the preliminary statement above.

8.    Syncora objects to the requests to the extent that they seek documents and information outside of Syncora's possession, custody, or control. Syncora objects to searching for, or producing, documents from its outside advisors, attorneys, or consultants, for the reasons set forth in the preliminary statement.

9.    Syncora objects to each request to the extent that it is vague and ambiguous. In particular, the term "City of Detroit debt" is vague and ambiguous. Syncora has interpreted requests using that term to relate to GO Bonds and COPs, however characterized.

The preliminary statement and each of the foregoing general objections are incorporated into each and every response as though fully set forth therein.

## RESPONSES

### REQUEST NO. 1:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

  a.   Current and/or projected cash flows for the City of Detroit;

  b.   Current and/or projected budgets for the City of Detroit;

  c.   The City of Detroit's inability/ability to pay its debts when they become due;

  d.   The City of Detroit's inability/ability to provide civic services;

  e.   Current and/or projected tax collection rates (for wagering, property, and income) for the City of Detroit in the short term (i.e., five years), medium term (i.e., twenty years), and long term (i.e., forty years);

  f.   The Detroit Water and Sewer Department ("DWSD");

  g.   The Detroit Institute of Arts ("DIA");

  h.   The Public Lighting Authority of Detroit ("PLA"); and

  i.   Reinvestment and restructuring initiatives outlined in the Plan (i.e., police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

## RESPONSE TO REQUEST NO. 1:

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses conducted by Syncora regarding the City's proposed plan of adjustment that fall within the categories of documents described in the preliminary statement above.

## REQUEST NO. 2:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This request includes, but is not limited to, documents that address:

a. The effects on you and other creditors;

b. The cost of operating the City of Detroit;

c. What constitutes an adequate level of City services;

d. Levels of recovery for unsecured creditors (with or without a "Grand Bargain"[2]);

e. Comparable cities and, if applicable, the basis for concluding those cities are comparable;

---

[2] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

f.   Asset sales by the City of Detroit;

   g.   Tax treatment in the short term (i.e., five years), medium term (i.e., twenty years), and long term (i.e., forty years); and

   h.   Reinvestment and restructuring initiatives (i.e., police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

## RESPONSE TO REQUEST NO. 2:

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses conducted by Syncora regarding any alternative to the City's proposed plan of adjustment that fall within the categories of documents described in the preliminary statement above.

## REQUEST NO. 3:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

## RESPONSE TO REQUEST NO. 3:

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses conducted by Syncora regarding any plans or intentions by Syncora to challenge other creditors' claims and/or their recoveries that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 4:**

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

**RESPONSE TO REQUEST NO. 4:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses regarding how the City's proposed plan of adjustment, if confirmed, would impact Syncora's claims that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 5:**

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of any other creditor in this bankruptcy case.

**RESPONSE TO REQUEST NO. 5:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses conducted by Syncora regarding the financial condition of any other creditor in this bankruptcy that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 6:**

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

**RESPONSE TO REQUEST NO. 6:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a

reasonable search and inquiry, non-privileged studies or analyses regarding the financial condition of any creditors under different recovery levels under the City's proposed plan of adjustment that fall within the categories of documents described in the preliminary statement above.

## REQUEST NO. 7:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

## RESPONSE TO REQUEST NO. 7:

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses regarding the financial condition of any creditors in the event that the City's proposed plan of adjustment is not approved or is dismissed that fall within the categories of documents described in the preliminary statement above.

## REQUEST NO. 8:

All documents relating to any City of Detroit debt held by you, the price you paid for that debt, and the date(s) on which you acquired said debt.

**RESPONSE TO REQUEST NO. 8:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information and implicates matters that fall within the mediation privilege.

**REQUEST NO. 9:**

All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

**RESPONSE TO REQUEST NO. 9:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information and implicates matters that fall within the mediation privilege.

**REQUEST NO. 10:**

All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**RESPONSE TO REQUEST NO. 10:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents relating to Syncora's claims against the City that fall within the categories of documents described in the preliminary statement.

**REQUEST NO. 11:**

All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**RESPONSE TO REQUEST NO. 11:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 12:**

All documents relating to any communications between you (or on your behalf) and any agencies, government entities or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

     a.    The White House;

b.      Any United States executive branch agencies or departments;

c.      The United States Congress;

d.      The Executive Office of the Governor of the State of Michigan;

e.      The State of Michigan Legislature;

f.      The City Council of the City of Detroit;

g.      The Office of the Mayor of the City of Detroit

h.      The National Association of Insurance Commissioners;

i.      Any municipal bond associations; and/or

j.      Any state or federal lobbyists.

## RESPONSE TO REQUEST NO. 12:

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

## REQUEST NO. 13:

All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

## RESPONSE TO REQUEST NO. 13:

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora states that, after a reasonable search and inquiry, it has not been able identify any non-privileged documents responsive to this request.

**REQUEST NO. 14:**

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

**RESPONSE TO REQUEST NO. 14:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses regarding the City of Detroit's future creditworthiness with or without court approval of its proposed plan of adjustment that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 15:**

All documents relating to any common interest agreements between you and any other City of Detroit creditors.

**RESPONSE TO REQUEST NO. 15:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a

reasonable search and inquiry, any common interest agreements between Syncora and the City's creditors relating to the City's bankruptcy.

## REQUEST NO. 16:

All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

## RESPONSE TO REQUEST NO. 16:

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, any joint defense agreements between Syncora and the City's creditors relating to the City's bankruptcy.

## REQUEST NO. 17:

Any documents relating to any communications between you and any Trustee pertaining to control rights, rights to vote, direct remedies, instructions, etc.

**RESPONSE TO REQUEST NO. 17:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 18:**

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

**RESPONSE TO REQUEST NO. 18:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 19:**

All documents relating to any notifications to any insurance carriers, or claims filed with insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

**RESPONSE TO REQUEST NO. 19:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 20:**

All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

**RESPONSE TO REQUEST NO. 20:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 21:**

All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

**RESPONSE TO REQUEST NO. 21:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged studies or analyses regarding the value of the art in the Detroit Institute of Arts, the creditworthiness of the City, or the ability of Detroit to pay its debts, that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 22:**

All documents relied upon by any experts you intend to call to testify at the hearing regarding the Plan.

**RESPONSE TO REQUEST NO. 22:**

Syncora objects to this request to the extent it imposes different procedures or requirements than those specified in Federal Rule of Civil Procedure 26 and the *Fourth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

Subject to the foregoing preliminary statement and general objections, Syncora will produce documents responsive to this request consistent with the protocol and procedures outlined in Federal Rule of Civil Procedure 26 and the *Fourth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

**REQUEST NO. 23:**

All documents related to any analysis of "unfair discrimination" in the Plan.

**RESPONSE TO REQUEST NO. 23:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged analyses of "unfair discrimination" in the City's proposed plan of adjustment that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 24:**

All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

**RESPONSE TO REQUEST NO. 24:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 25:**

Documents relating to any valuation of the art housed at the DIA conducted or arranged by Houlihan Lokey.

**RESPONSE TO REQUEST NO. 25:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce the March 2014 Catalogue of Information Concerning Artwork Housed at the Detroit Institute of Arts prepared by Houlihan Lokey.

**REQUEST NO. 26:**

Analysis by you and/or Houlihan Lokey relating to the potential value of the art housed at the DIA.

**RESPONSE TO REQUEST NO. 26:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged analyses conducted by Syncora regarding the value of the art housed at the DIA that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 27:**

Communications with Houlihan Lokey and/or other creditors of the City of Detroit relating to any valuation of the art housed at DIA, including but not limited to communications addressing the process or method utilized by Houlihan Lokey to value the art.

**RESPONSE TO REQUEST NO. 27:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora states that it will produce, after a reasonable search and inquiry, the March 2014 Catalogue of Information Concerning Artwork Housed at the Detroit Institute of Arts prepared by Houlihan Lokey and any non-privileged communications with Houlihan and/or other creditors regarding the catalogue prepared by Houlihan Lokey.

**REQUEST NO. 28:**

Any actual bids, proposals, non-binding indications of interest or nonbinding term sheets (as those terms are used in DE #3923) received by you or Houlihan Lokey relating to the art housed at the DIA.

**RESPONSE TO REQUEST NO. 28:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora states that, after a reasonable search and inquiry, it did not locate any actual bids, non-binding indications of interest, or non-binding term sheets that it received relating to the art housed at the DIA.

**REQUEST NO. 29:**

Communications between, on the one hand, you and/or Houlihan Lokey, and on the other, any person who submitted a bid, proposal, non-binding indication of interest or non-binding term sheet (as those terms are used in DE #3923) relating to the art housed at the DIA.

**RESPONSE TO REQUEST NO. 29:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora states that, after a reasonable search and inquiry, it did not locate any communications with other persons who submitted a bid, proposal, non-binding indication of interest or non-binding term sheet relating to that person's bid,

proposal, non-binding indication of interest or non-binding term sheet for the art housed at the Detroit Institute of Arts.

**REQUEST NO. 30:**

Your 2013 statutory annual statement.

**RESPONSE TO REQUEST NO. 30:**

Subject to the foregoing preliminary statement and general objections, Syncora will produce its 2013 statutory annual statement.

**REQUEST NO. 31:**

All documents provided to the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 31:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 32:**

All documents received from the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 32:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 33:**

Your audited financial statements for the years 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 33:**

Subject to the foregoing preliminary statement and general objections, Syncora will produce its audited financial statements for 2011, 2012, and 2013. Syncora's audited financial statement for 2014 is not yet complete.

**REQUEST NO. 34:**

All audited consolidated financial statement for the years 2011, 2012, 2013, and 2014 that include your financial information.

**RESPONSE TO REQUEST NO. 34:**

Subject to the foregoing preliminary statement and general objections, Syncora will produce its consolidated financial statements for 2011 and 2012. Syncora's consolidated financial statements for 2013 and 2014 are not yet complete.

**REQUEST NO. 35:**

All documents relating to any communications with any accountant or actuary relating to the recognition of losses relating to the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 35:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 36:**

All documents relating to any communications with any insurance regulator that mention or relate to the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 36:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 37:**

All documents that identify by policyholder and CUSIP all public finance obligations on which you established a case reserve at any time during 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 37:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information.

**REQUEST NO. 38:**

All documents that identify the amount of each case reserve established on any public finance obligation identified above.

**RESPONSE TO REQUEST NO. 38:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information.

**REQUEST NO. 39:**

All reinsurance treaties that relate to any public finance obligation identified above.

**RESPONSE TO REQUEST NO. 39:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information.

**REQUEST NO. 40:**

All commutation or settlement agreements related to any public finance obligation to which you were a party that were effective or executed during 2011, 2012, 2013, or 2014.

**RESPONSE TO REQUEST NO. 40:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information.

**REQUEST NO. 41:**

All communications with any reinsurer relating to the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 41:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 42:**

All presentations to any executive team, board of directors, or committee addressing the City of Detroit or its debt including, but not limited to, Drew D. Hoffman (your Senior Vice President and Group Head-Surveillance).

**RESPONSE TO REQUEST NO. 42:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 43:**

All presentations made to any insurance department addressing the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 43:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Syncora further objects to this request because it seeks commercially-sensitive information.

**REQUEST NO. 44:**

All communications with your independent certified public accountant or accounting firm that mention the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 44:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 45:**

All communications with the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2010, 2011, 2012, and that mention the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 45:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 46:**

All documents memorializing or relating to your establishment and implementation of standards, controls, limits, guidelines or policies relating to risk assessment and risk management, including but not limited to the underwriting and surveillance of credit risks.

**RESPONSE TO REQUEST NO. 46:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent it exists and can be identified after a reasonable search and inquiry, its underwriting manual.

**REQUEST NO. 47:**

All internal analyses, including but not limited to bid requests or underwriting reports, regarding the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 47:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged internal analyses that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 48:**

All communications to/from internal credit committees relating to the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 48:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged communications with Syncora's credit committees regarding the COPs or GO Bonds that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 49:**

All documents that relate to or memorialize underwriting relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 49:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents that relate to the COPs or GO Bonds that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 50:**

All documents that contain underwriting policies or procedures in effect at the time that any City of Detroit public or structure finance obligation was underwritten.

**RESPONSE TO REQUEST NO. 50:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent it exists and can be identified after a reasonable search and inquiry, its underwriting manual from the 2005/2006 time period.

**REQUEST NO. 51:**

All documents that contain pricing policies or procedures in effect at the time that any City of Detroit public or structured finance obligation was underwritten from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 51:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, documents that contain Syncora's pricing policies or procedures that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 52:**

All documents that were reviewed or relied on in underwriting any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 52:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 53:**

All surveillance reports, or other similar documents that identify impaired credits or credits that will be closely monitored, regarding performance of municipal risk associated with the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 53:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 54:**

All documents that relate to or memorialize pricing relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 54:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 55:**

All documents that contain loss mitigation analysis relating to the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 55:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 56:**

Any communications, including but not limited to insureds, bondholders or their Trustees, relating to the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 56:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent they exist and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 57:**

All documents that relate to the impact that consensual impairment of UTGOs would have on debt that is similarly situated to the City of Detroit's debt.

**RESPONSE TO REQUEST NO. 57:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 58:**

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

**RESPONSE TO REQUEST NO. 58:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent it exists and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 59:**

All documents relating to any communications by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

**RESPONSE TO REQUEST NO. 59:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce, to the extent it exists and can be identified after a reasonable search and inquiry, non-privileged documents that fall within the categories of documents described in the preliminary statement above.

**REQUEST NO. 60:**

All documents referred to, reviewed, consulted, or relied on in responding to Debtor's interrogatories and not otherwise produced in response to these requests for production of documents.

**RESPONSE TO REQUEST NO. 60:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and general objections, Syncora will produce non-privileged documents that Syncora relied on in responding to Debtor's interrogatories and were not otherwise produced in response to the City's Document Requests.

Dated:  April 25, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: _/s/ Stephen C. Hackney_____
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 646-5070
Facsimile:   (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and*
*Syncora Capital Assurance Inc.*