UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

**STIPULATION AND AGREEMENT REGARDING THE SUBPOENA FROM SYNCORA GUARANTEE AND SYNCORA CAPITAL ASSURANCE TO THE STATE OF MICHIGAN (DOC #3315)**

THE PARTIES STIPULATE AND AGREE, through their attorneys, to the following with respect to the Syncora Guarantee and Syncora Capital Assurance's subpoena (Doc #3315). The parties stipulate as follows:

1. Syncora Guarantee and Syncora Capital Assurance's ("Syncora") Request No. 1 will be limited to documents in possession of the Office of Attorney General, to the extent that same are not protected by privilege. Within the Office of Attorney General there is a conflict wall between the Attorney General and Attorneys General that represent the State of Michigan. The attorneys that are on the side of

the conflict wall with the Attorney General will respond to Syncora Request No. 1 on behalf of the Office of Attorney General.

2. Syncora's Request No. 2 is seeking documents and communications that are subject to the mediation order (Doc #322). As such, the State is barred from responding to Request No. 2.

3. The State has satisfied Request No. 3, in part, with the documents and information previously produced:

    a. "Administration Estimates - Michigan Economic and Revenue Outlook - January 10, 2014." Michigan Department of Treasury;

    b. "FY 2004-2005 through FY 2014-2015, Revenue Sharing Amounts, Wayne County Detroit City, 82-2050." Michigan Department of Treasury;

    c. "Michigan State Revenue Sharing." Michigan Department of Treasury; and

    e. "Glenn Steil State Revenue Sharing Act of 1971, Act 140 of 1971" MCL 141.901 *et seq*.

    f. Additional information has been provided and is identified in the State of Michigan's Response to

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (Or Adversary Proceeding).

The State agrees to also produce the factors and criteria used to calculate statutory revenue sharing which Syncora agrees to accept in full satisfaction of Request No. 3.

4. Syncora agrees to withdraw Request No. 4.

5. Syncora agrees to withdraw Request No. 5.

6. Syncora agrees to limit Request No. 6 to the production of any existing summary documents in the possession of the State that identify the amounts of grant money paid to the City.

7. The State agrees to provide Syncora with all documents that it produces to, or intended to produce to, the Retiree Committee.

8. The parties agree that as a result of this Stipulation and Agreement, no further need exists for a hearing on the State's Objections in this matter.

9. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product protected documents whether inadvertent or otherwise, is not a waiver of any privilege or any protection from

discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Any such documents inadvertently produced shall be returned to the producing party and no copies shall be made, retained, or disseminated.

10. By entering into this Stipulation, the State of Michigan does not waive any privilege, confidentiality, or objection not otherwise addressed by this Agreement.

Respectfully submitted:

*/s/ Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for the State of Michigan
P.O. Box 30754, Lansing, MI 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]
Dated: April 29, 2014

*/s/ Stephen C. Hackney*
Stephen C. Hackney
William E. Arnault
Attorneys for Syncora Guarantee and
Syncora Capital Assurance
Kirkland & Ellis LLP
300 N. LaSalle St., Chicago, IL 60654
Dated: April 24, 2014