SECTION 2.12     Construction Fund; Use of Money in the Construction Fund.

a.     The Construction Fund shall be established as a custodial account solely between the Department and a Custodian. The Department is hereby authorized to execute a Custodial Agreement outside this Indenture in such form and upon such terms as will allow the Department to efficiently and expeditiously pay Construction Costs (as defined in paragraph c. below) and other costs permitted to be paid therefrom. The Department may designate separate accounts in the Construction Fund for different series of Securities for administrative purposes and to better able the City and the Department to comply with tax covenants relating to any such Securities in connection with maintaining the exclusion, if any, from gross income for federal income tax purposes of interest on such Securities.

b.     The Construction Fund shall not be part of the trust estate held for the benefit of Holders, who shall have no interest in such Fund whatsoever. Any funds at any time on deposit in or credited to the Construction Fund are not and shall not be Pledged Assets.

c.     Amounts in the Construction Fund shall be used to pay the cost of repairs, extensions, enlargements, and improvements to the System ("Construction Costs") and any costs of engineering, legal, bond insurance premiums, if any, and other expenses incident thereto, relating to the financing thereof ("Issuance Costs"). A separate account shall be established at the direction of the Department within the Construction Fund, entitled "Issuance Costs Account," from which the Custodian shall pay the Issuance Costs related to Outstanding Securities and any additional Securities issued subject to this Indenture. The Department shall have sole and exclusive authority to withdraw funds from the Construction Fund for such purposes as it, in its sole discretion, may at any time and from time to time deem necessary or appropriate. No other Person, including the City, shall have the right or authority to use or withdraw funds from the Construction Fund.

d.     Any unexpended balance remaining in an account of the Construction Fund may in the discretion of the Department be used for meeting any Reserve Requirement or for further improvements, enlargements and extensions to the System if, at the time of such expenditure, such use (i) is approved by the Michigan Department of Treasury, if such approval is then required by law and (ii) based upon an opinion of Bond Counsel, will not adversely affect the exclusion from gross income for federal income tax purposes of Securities the proceeds of which were deposited in such account. Any remaining balance after such expenditure shall be paid into the Interest and Redemption Fund established for the Priority of Securities giving rise to such balance for the purpose of purchasing Securities of such Priority at not more than the fair market value thereof but not more than the price at which such Securities may next be called for redemption or used for the purpose of calling such Securities for redemption. The Department may provide additional or different lawful uses for such unexpended balance or remaining balance by Supplemental Action which shall, nonetheless, be subject to the City's and Department's relevant tax covenants.

e.     Additional Accounts and Subaccounts of the Construction Fund may be established by the Department for purposes not described herein which are not inconsistent with the purposes and intent of this Indenture.

f.      The Trustee is hereby authorized to transfer to the Construction Fund (and related custodial account) established hereby any and all funds held by it as trustee or in any other capacity on deposit in an existing Construction Fund and any and all Accounts and Subaccounts thereunder created under the Ordinance and relating to existing Securities. The Department is hereby authorized to create or continue such Accounts and Subaccounts under the Construction Fund as are necessary or appropriate to distinguish one Security from another and one Priority of Securities from another Priority of Securities.

SECTION 2.13     Custodian; Appointment and Qualifications.

a.      A Custodian shall be appointed by the Director for such term and upon such terms and conditions as shall be set forth in a Custodial Agreement approved by the Director.

b.      A Custodian shall be a financial institution authorized to act as a depository of public moneys under Michigan law.

### ARTICLE III
### INVESTMENTS

SECTION 3.01     Permitted Investments.

a.      The Trustee will invest all funds and accounts under this Indenture in Permitted Investments as directed by the Department in writing to the Trustee.

b.      The Permitted Investments for amounts held under this Indenture are the Legal Investments for such amounts subject to the following:

(1)     Investment of amounts in any Reserve Account shall be limited to obligations bearing maturity dates or subject to redemption, at the option of the Holder thereof, not later than ten (10) years from the date of the investment.

(2)     Except as otherwise provided herein or in a Supplemental Action, a certified copy of which shall be delivered to the Trustee, investments shall mature at such times as it is estimated the funds will be required, but shall be limited to obligations bearing maturity dates or subject to redemption, at the option of the Holder thereof, not later than five (5) years from the date of investment.

(3)     A Supplemental Action may provide for limitations in addition to or in lieu of the above limitations on Legal Investments or may eliminate any of such limitations.

(4)     Notwithstanding paragraph (3) above, no Permitted Investments for the defeasance of particular Securities may be changed without confirmation from each Rating Agency that such change will not reduce the rating of such Securities.

c.      The City and the Department acknowledge that regulations of the Comptroller of the Currency grant the parties the right to receive brokerage confirmations of the security

transactions as they occur. The City and the Department specifically waive such notification to the extent permitted by law. The Department will receive periodic cash transaction statements which will detail all investment transactions.

SECTION 3.02　　Tax Status of the Interest on Securities.

The City has agreed to certain covenants in the Tax Certificates for the Securities in order to ensure that the tax status of the interest on the Securities is not adversely affected. To the extent that any action permitted or required to be taken by the Trustee hereunder is inconsistent with the provisions of a Tax Certificate with respect to an issue of Securities, the Finance Director or the Department may direct the Trustee to take such action or omit to take such action hereunder as may be required to rectify such inconsistency with respect to such Securities.

SECTION 3.03　　Allocation and Transfers of Investment Income.

a. Profit realized or interest income earned on investment of amounts in the Receiving Fund, Operation and Maintenance Fund, any Interest and Redemption Fund (including the Reserve Account, if any, therein), the Extraordinary Repair and Replacement Reserve Fund, and Improvement and Extension Fund shall be credited to the Receiving Fund no less frequently than monthly.

b. Profit realized or interest earned on investments of funds in the Construction Fund relating to any series of Securities and any Redemption Account (including any Reserve Account or Subaccount established for any Securities) shall be credited as received to the funds from which such investments were made; provided, however, that profit realized or interest earned on the Construction Fund relating to any series of Securities may, if permitted by law, be credited to the Receiving Fund at the option of the Department upon written direction to the Trustee and the Custodian.

SECTION 3.04　　Valuation of Investments.

a. Investments credited to any Reserve Account shall be valued at least annually on each January 1, unless otherwise specified in the Supplemental Action providing for the issuance of such Securities, at the market value thereof. Any funds on deposit in a Reserve Account on or as of such valuation date in excess of the Reserve Requirement shall be transferred by the Trustee into the Surplus Fund. Any deficit in a Reserve Account shall be restored by the Trustee at the beginning of the next succeeding Fiscal Year with Funds on deposit in the Receiving Fund and Surplus Fund, in that order.

b. Investments in the Extraordinary Repair and Replacement Reserve Fund shall be valued at least annually on each July 1 at the cost thereof.

13-53846-tjt    Doc 4323-8    Filed 04/30/14    Entered 04/30/14 17:23:04    Page 3 of 15

# ARTICLE IV
# DISCHARGE OF LIEN

SECTION 4.01    **Discharge of Lien on Pledged Assets.**

a.    Upon the defeasance (as defined in Section 4.02 hereof) of an issue of Securities, and payment of the Trustee's fees, costs and expenses related thereto, the lien of this Indenture upon the Pledged Assets with respect to such Securities shall cease, terminate and be void.

b.    Upon the defeasance (as defined in Section 4.02 hereof) of all Outstanding Securities, the lien of this Indenture upon the Pledged Assets shall cease, terminate and be void and thereupon the Trustee, upon determining that all conditions precedent to the satisfaction and discharge of this Indenture have been complied with, and upon payment of the Trustee's fees, costs and expenses hereunder, shall (i) cancel and discharge this Indenture and the lien on Pledged Assets, (ii) execute and deliver to the City and the Department such instruments in writing as shall be required to cancel and discharge this Indenture and the lien on Pledged Assets, (iii) re-convey to the Department the Pledged Assets, and (iv) assign and deliver to the Commissioners so much of the Pledged Assets as may be in its possession or subject to its control, except, in the event of a defeasance of the Securities moneys and Government Obligations held in the Interest and Redemption Funds, Debt Service Accounts, and Reserve Accounts for the purpose of paying Securities; provided, however, such cancellation and discharge of this Indenture shall not terminate the powers and rights granted to the Trustee with respect to the payment, transfer and exchange of the Securities; and, provided, further, that the rights of the Trustee to indemnity and payment of all reasonable fees and expenses shall survive.

SECTION 4.02    Defeasance of Securities.

a.    Securities are "defeased" for purposes of this Indenture if:

(1)    there has been deposited in trust sufficient cash and Permitted Investments, not callable by the issuer, the principal of and interest on which mature at the time and in the amounts, without the reinvestment thereof, necessary to pay principal of and interest on such Securities to its maturity, or, if called for redemption, to the date fixed for redemption, together with the amount of the redemption premium, if any; and

(2)    if such Securities are to be redeemed prior to maturity, irrevocable instruments have been given to the Trustee, acting as Transfer Agent, to call such Securities for redemption.

b.    A Supplemental Action may be delivered to the Trustee with respect to an issue of Securities which may:

(1)    provide different means of defeasing such Securities, and such means may be in addition to or in lieu of the means set forth in subparagraph a;

TRUST INDENTURE
19

7715460.13

13-53846-tjt    Doc 4323-8    Filed 04/30/14    Entered 04/30/14 17:23:04    Page 4 of 15

(2) provide for the Legal Investments that are Permitted Investments for the defeasance of such Securities, but no such Permitted Investments may thereafter be changed except as provided herein; and

(3) provide for the consequences of such Securities being defeased.

c. Except as otherwise provided in a Supplemental Action:

(1) the Legal Investments for the defeasance of such Securities are the Permitted Investment therefor; and

(2) the statutory lien herein granted pursuant to Act 94 shall be terminated with respect to defeased Securities, the Holders of such defeased Securities shall have no further rights hereunder or under the Ordinance except for payment from the deposited funds and registration and replacement of such Securities, and such Securities shall no longer be considered to be Outstanding hereunder or under the Ordinance.

SECTION 4.03 Unclaimed Moneys.

Any moneys deposited with the Trustee in accordance with the terms and provisions of this Indenture, or any moneys held by any paying or transfer agent, in trust for the payment of the principal of and redemption premium, if any, or interest on a Secured Obligation and remaining unclaimed by the Holders for three (3) years after the final maturity of a Secured Obligation or the redemption date of the Secured Obligation, as the case may be, shall be applied by the Trustee in accordance with the Uniform Unclaimed Property Act, Act. No. 29, Public Acts of Michigan, 1995, as amended from time to time. The City, the Department and the Trustee shall have no responsibility with respect to such moneys or the affected Holders of the Secured Obligation.

## ARTICLE V
## RIGHTS AND REMEDIES OF HOLDERS UPON DEFAULT

SECTION 5.01 Rights and Remedies of Holders.

Upon the occurrence of a Default on any Security, the Trustee may pursue any remedy permitted by law to enforce the performance of or compliance with the provisions of this Indenture.

Upon the happening and continuance of a Default on any Security, and if requested to do so by the Holders of at least twenty percent (20%) in aggregate principal amount of the Outstanding Securities and the Trustee is indemnified as provided in this Indenture and the Ordinance, the Trustee shall exercise such of the rights and powers as the Trustee shall deem most effective to enforce and protect the interests of the Holders.

No remedy by the terms of this Indenture conferred upon or reserved to the Trustee (or to the Holders) is intended to be exclusive of any other remedy, but each and every such remedy shall be cumulative and shall be in addition to any other remedy given to the Trustee or to the Holders hereunder or now or hereafter existing.

No delay or omission to exercise any right or power accruing upon any Default shall impair any such right or power or shall be construed to be a waiver of any such Default or acquiescence therein; and every such right and power may be exercised from time to time and as often as may be deemed expedient.

SECTION 5.02    Right of Holders to Direct Proceedings.

Anything in this Indenture to the contrary notwithstanding, the Holders of not less than twenty percent (20%) in aggregate principal amount of the Outstanding Securities shall have the right at any time, by an instrument or instruments in writing executed and delivered to the Trustee, to direct the method and place of conducting all proceedings to be taken in connection with the enforcement of the terms and conditions of this Indenture, or any other proceedings hereunder; provided, that such direction shall not be otherwise than in accordance with the provisions of law and of this Indenture, and provided that the Trustee shall be indemnified to its satisfaction.

No Holder shall have the right to institute any proceeding for the enforcement of this Indenture unless such Holder has given the Trustee, the Department and the City written notice of a Default, the Holders of not less than twenty percent (20%) in aggregate principal amount of the Outstanding Securities shall have requested the Trustee in writing to institute such proceeding, the Trustee shall have been afforded a reasonable opportunity to exercise its powers or to institute such proceeding, and there shall have been offered to the Trustee indemnity satisfactory to the Trustee, and the Trustee shall have thereafter failed or refused to exercise such powers or to institute such proceeding within a reasonable time.

## ARTICLE VI
## THE TRUSTEE

SECTION 6.01    Appointment.

The Trustee is hereby appointed and does hereby agree to act in such capacity and to perform the express duties of the Trustee under this Indenture, but only upon and subject to the following express terms and conditions (and no implied covenants or other obligations shall be read into this Indenture against the Trustee):

(a)    The Trustee may execute any of its trusts or powers and perform any of its duties herein by or through attorneys, agents, receivers or employees, and shall be entitled to rely on advice of counsel and other professionals concerning all matters of such trusts, powers and duties. The Trustee shall not be answerable for the professional malpractice, negligence or misconduct of any attorney, agent, receiver, employee or other professionals selected by it with reasonable care, and may in all cases pay such Persons reasonable compensation. The Trustee

shall not be answerable for the exercise of any discretion or power under this Indenture or for anything whatsoever in connection with its trusts, powers and duties herein, except only for its gross negligence or willful misconduct.

(b) The Trustee shall not be responsible for any recital herein or in the Securities, or for the validity of the Secured Obligation or the execution by the City or the Department or sufficiency of this Indenture or of any supplements thereto or instruments of further assurance, or for the sufficiency of the Pledged Assets to secure the Securities. The Trustee shall not be liable for any loss suffered in connection with any investment of funds made by it in accordance with Article III hereof, except for losses suffered due to the Trustee's gross negligence or willful misconduct. The Trustee has no obligation or liability to the Holders for the payment of interest on, principal of or redemption premium, if any, with respect to the Securities from its own funds.

(c) The Trustee is authorized to act in reliance upon the sufficiencies, correctness, genuineness or validity of any instrument or documents or other writing submitted to it hereunder and shall have no liability with respect to said matters. The Trustee shall not be liable with respect to any action taken or omitted to be taken by it in good faith in accordance with the direction of the Holders of at least twenty percent (20%) in aggregate principal amount of the Securities then Outstanding relating to the time, method and place of conducting any proceeding for any remedy available to the Trustee, or in exercising any trust or power conferred upon the Trustee under this Indenture. If the Trustee receives different or conflicting instructions or directions from more than one group of Holders of Securities, each of which is provided in accordance with this Indenture, the Trustee shall, subject to Sections 5.02 and 6.01(d), act in accordance with the instructions or directions provided by the group of Holders representing the largest aggregate principal amount of Securities then Outstanding. The Trustee shall not be liable for any error in judgment or any act done or omitted by any of its officers, employees, agents or representatives in good faith. In the event of any dispute or question arising hereunder, the Trustee shall not be liable if it acts or takes no action in accordance with the opinion of its legal counsel or other professionals.

(d) The Trustee shall not be bound to ascertain or inquire as to the performance or observance of any of the terms, conditions, covenants or agreements herein or in the Ordinance or of any of the documents executed in connection with the Securities or as to the existence of a Default thereunder except as otherwise provided for in this Indenture. The Trustee shall not be responsible for the validity or effectiveness of the lien on the Pledged Assets or of any other collateral given to or held by it. The permissive right of the Trustee to do things enumerated in this Indenture shall not be construed as duties. The Trustee shall only be responsible for the performance of the duties expressly set forth herein and shall not be answerable for other than its gross negligence or willful misconduct in the performance of those express duties.

(e) The Trustee shall not be required to give any bond or surety in respect of the execution of its trusts and powers or otherwise hereunder.

(f) All moneys received by the Trustee, until used or applied or invested as herein provided, shall, except to the extent otherwise provided herein, be held as special trust funds for the purposes specified in this Indenture and for the benefit and security of the Holders as herein

TRUST INDENTURE
22

7715460.13

13-53846-tjt    Doc 4323-8    Filed 04/30/14    Entered 04/30/14 17:23:04    Page 7 of 15

provided. Such moneys need not be segregated from other funds except to the extent required by law or herein provided, and the Trustee shall not otherwise be under any liability for interest on any moneys received hereunder except such as may be agreed upon.

(g) The Trustee shall not be deemed to have, or required to take, notice of a Default under this Indenture, except (i) in the event of an insufficient amount in the Interest and Redemption Funds to make a principal, premium, if any, or interest payment on the Securities, or (ii) upon written notification actually received by the Trustee of a Default from the City, the Department or the Holders of not less than twenty (20%) percent in aggregate principal amount of Securities then Outstanding. In the absence of such notice, the Trustee may conclusively presume there is no Default except as aforesaid.

(h) The Trustee shall, prior to any Default and after the curing of all Defaults which may have occurred, perform such duties and only such duties of the Trustee as are specifically set forth in this Indenture. The Trustee shall, during the existence of any Default (which has not been cured), exercise such of the rights and powers vested in it by this Indenture and use the same degree of care and skill in their exercise as a prudent man would exercise or use under the circumstances in the conduct of his own affairs.

(i) The Trustee shall have no responsibility with respect to any information, statement or recital in any official statement, offering memorandum or any other disclosure material prepared or distributed with respect to the Securities, except for any information provided by the Trustee, and shall have no responsibility for compliance with any state or federal securities laws in connection with the Securities.

(j) Notwithstanding the effective date of this Indenture or anything to the contrary in this Indenture, the Trustee shall have no liability or responsibility for any act or event relating to this Indenture which occurs prior to the date the Trustee formally executes this Indenture and commences acting as Trustee hereunder.

(k) The Trustee agrees to accept and act upon directions pursuant to this Indenture sent by unsecured e-mail, facsimile transmission or other similar unsecured electronic methods, provided, however, that the City and the Department each shall provide to the Trustee an incumbency certificate listing designated persons with the authority to provide such directions, which incumbency certificate shall be amended whenever a person is to be added or deleted from the listing. If the City or the Department gives the Trustee e-mail or facsimile directions (or directions by a similar electronic method), the Trustee's understanding of such directions shall be deemed controlling. The Trustee shall not be liable for any losses, costs or expenses arising directly or indirectly from the Trustee's reliance upon and compliance with such directions notwithstanding such directions conflict or are inconsistent with a subsequent written directions. The City and the Department each agree to assume all risks arising out of the use of such electronic methods to submit directions to the Trustee, including without limitation the risk of the Trustee acting on unauthorized directions, and the risk of interception and misuse by third parties.

TRUST INDENTURE
23

7715460.13

13-53846-tjt    Doc 4323-8    Filed 04/30/14    Entered 04/30/14 17:23:04    Page 8 of 15

(l) The Trustee may become the Holder of Securities with the same rights it would have if it were not Trustee, and, to the extent permitted by law, may act as depositary for and permit any of its officers or directors to act as a member of, or in any other capacity with respect to, any committee formed to protect the rights of Holders, whether or not such committee shall represent the Holders of at least twenty percent (20%) in aggregate principal amount of the Securities then Outstanding.

(m) The Trustee shall not be responsible for determining whether any rebates are required to be paid to the United States government pursuant to the Code.

(n) Whether or not therein expressly so provided, every provision of this Indenture or related documents relating to the conduct or affecting the liability of or affording protection to the Trustee shall be subject to the provisions of this Article.

(o) Whenever in the administration of the trusts imposed upon it by this Indenture the Trustee shall deem it necessary or desirable that a matter be proved or established prior to taking or suffering any action hereunder, such matter (unless other evidence in respect thereof be herein specifically prescribed) may be deemed to be conclusively proved and established by a certificate signed by the Director, and such certificate shall be full warrant to the Trustee for any action taken or suffered in good faith under the provisions of this Indenture in reliance upon such certificate, but in its discretion the Trustee may, in lieu thereof, accept other evidence of such matter or may require such additional opinions or evidence as it may deem reasonable.

(p) When the Trustee incurs expenses or renders services after a Default under this Indenture, the expenses and the compensation for the services (including the fees and expenses of its agents and counsel) are intended to constitute expenses of administration under any applicable law relating to bankruptcy, receivership, or creditors' rights.

SECTION 6.02    Fees, Expenses.

The Trustee shall be entitled to payment and/or reimbursement for reasonable fees for its ordinary services rendered hereunder and all advances, counsel fees and other ordinary expenses reasonably made or incurred by the Trustee in connection with such ordinary services. If it becomes necessary that the Trustee perform extraordinary services, it shall be entitled to reasonable extra compensation therefor, and to reimbursement for reasonable extraordinary expenses in connection therewith; provided, that if such extraordinary services or extraordinary expenses are occasioned by the gross negligence or willful misconduct of the Trustee it shall not be entitled to compensation or reimbursement therefor.

All fees, costs and expenses of any legal proceedings that may be brought by the Trustee to enforce the duties and obligations of the City or the Department hereunder or under any Securities and any amounts advanced by Holders to the Trustee for such costs and expenses shall be paid to the Trustee or such Holders, or both, as the case may be, in the first instance from the Net Revenues remaining, in the month of payment, after making the transfers and deposits required hereunder to all Interest and Redemption Funds (including the Reserve Account, if any, therein), and, to the extent that sufficient amounts are not available from the Revenues therefor,

from general funds of the City. In the event that general funds of the City are used to pay any such costs and expenses (as certified to the Trustee by the Finance Director), the City shall be reimbursed therefor with interest at the rate of seven percent (7%) per annum from the first Net Revenues remaining, in the month of reimbursement, after (i) making the transfer and deposits required hereunder to all Interest and Redemption Funds (including the Reserve Account, if any, therein) and (ii) paying the Trustee or Holders as herein provided.

To the extent permitted by law, the City hereby agrees to indemnify and hold harmless the Trustee from and against any and all costs, claims, liabilities, losses or damages whatsoever (including reasonable costs and fees of counsel, auditors or other experts), asserted or arising out of or in connection with the acceptance or administration of the trusts established pursuant to the Indenture, including the reasonable costs and expenses (including the reasonable fees and expenses of its counsel) of defending itself against any such claim or liability in connection with its exercise or performance of any of its duties hereunder and of enforcing this indemnification provision, except costs, claims, liabilities, losses or damages resulting from the gross negligence or willful misconduct of the Trustee. The indemnifications set forth herein shall survive the termination of the Indenture and/or the resignation or removal of the Trustee.

The City's payment obligations under this Section shall survive the discharge of this Indenture, and shall not be limited by any law affecting the compensation of a trustee of an express trust.

SECTION 6.03    Intervention in Litigation.

In any judicial proceeding to which the City or the Department are a party, and which, in the opinion of the Trustee and its counsel, has a substantial bearing on the interests of the Holders, the Trustee may intervene on behalf of the Holders and shall do so if requested in writing by the Holders of at least twenty percent (20%) in aggregate principal amount of the Securities then Outstanding, and when provided with sufficient indemnity pursuant to Section 6.02 hereof.

SECTION 6.04    Resignation; Appointment of Successor Trustee; Successor Trustee Upon Merger, Consolidation or Sale.

a.    The Trustee and any successor Trustee may resign upon giving thirty (30) days' prior written notice to the City and the Department. Such resignation shall take effect only upon the appointment of a successor Trustee as described in Section 6.04(b) hereof and the acceptance of such appointment by the successor Trustee. Upon appointment of a successor Trustee, the resigning Trustee shall, after payment of its fees, costs and expenses, assign all of its right, title and interest in the Pledged Assets, and transfer and assign its right, title and interest in this Indenture to the successor Trustee. The successor Trustee shall meet the requirements of Section 6.04b below and shall accept in writing its duties and responsibilities hereunder and file such acceptance with the City and the Department.

b.  If the Trustee shall give notice of resignation or be removed, or be dissolved, or shall be in the course of dissolution or liquidation, or otherwise become incapable of acting hereunder, or if it shall be taken under the control of any public office or offices, or of a receiver appointed by a court, the Department may appoint a Successor Trustee, by an instrument in writing signed by an authorized representative of the Department, a copy of which shall be delivered personally or sent by first class mail, postage prepaid, to the retiring Trustee and the Successor Trustee. If the Department fails to so appoint a Successor Trustee, hereunder within thirty (30) days after the Trustee has given notice of its resignation, has been removed, has been dissolved, has otherwise become incapable of acting hereunder or has been taken under control by a public officer or receiver acting under state or federal law, a Successor may with the prior written consent of the Department be appointed by the owners of at least twenty (20%) percent in aggregate principal amount of Securities, by an instrument or concurrent instruments in writing signed by such owners, or by their duly authorized attorneys in fact, a copy of which shall be delivered personally or sent by first class mail, postage prepaid, to the City and the Department, the retiring Trustee and the Successor Trustee. If the Department and the Holders fail to appoint a Successor Trustee, hereunder within sixty (60) days after the Trustee has given notice of its resignation, has been removed, has been dissolved, has otherwise become incapable of acting hereunder or has been taken under control by a public officer or receiver acting under state or federal law, the Trustee shall have the right to petition a court of competent jurisdiction to appoint a successor hereunder. Every such Trustee appointed pursuant to the provisions of this Section 6.04 shall (i) at all times be a bank having trust powers or a trust company; (ii) at all times be organized and doing business under the laws of the United States of America or of any state; (iii) have, or be wholly owned by an entity having, a combined capital and surplus of at least $50,000,000; (iv) be authorized under such laws to exercise corporate trust powers; and (v) be subject to supervision or examination by federal or state authority.

c.  Any corporation or association into which the Trustee may be merged or converted or with or into which it may be consolidated, or to which it may sell or transfer its corporate trust business and assets as a whole or substantially as a whole, or any corporation or association resulting from any merger, conversion, sale, consolidation or transfer to which it is a party, provided such company shall be eligible under Section 6.04(b) hereof, shall be and become successor Trustee hereunder and shall be vested with all the trusts, powers, rights, obligations, duties, remedies, immunities and privileges hereunder as was its predecessor, without the execution or filing of any instrument or any further act on the part of any of the parties hereto, provided, further, that if no Default has occurred or is continuing under this Indenture, the Department may select as successor Trustee, a corporation, or association other than the one into which the Trustee may be merged, converted or consolidated or to which it may sell or transfer its corporate trust business and assets.

SECTION 6.05  Removal of Trustee.

The Trustee may be removed at any time by an instrument in writing delivered to the Trustee by the Department; provided that if a Default has occurred and is continuing with respect to any Secured Obligations, the Trustee may not be removed without the consent of the Holders of at least twenty percent (20%) in aggregate principal amount of the Outstanding Securities. No

removal of the Trustee and no appointment of a successor Trustee shall become effective until the successor Trustee has accepted its appointment in the manner provided in Section 6.04 hereof. Upon such removal and the payment of its fees, costs and expenses, the Trustee shall assign to the successor Trustee all of its right, title and interest in the Pledged Assets in the same manner as provided in Section 6.04 hereof.

SECTION 6.06    Instruments of Holders.

Any instrument required by this Indenture to be executed by Holders may be in any number of writings of similar tenor and may be executed by Holders in person or by an agent appointed in writing. Proof of the execution of any such instrument or of the writing appointing any such agent shall be sufficient for any of the purposes of this Indenture if it is established by a certificate of any officer in any jurisdiction who by law has power to take acknowledgments within such jurisdiction that the person signing such writing acknowledged before such officer the execution thereof. Proof of the ownership of Securities shall be established by the ownership records noted in the Registry.

The Trustee may rely on such an instrument of Holders unless and until the Trustee receives notice in the form specified above that the original such instrument is no longer trustworthy or effective.

SECTION 6.07    Appointment of Separate or Co-Trustee.

It is the intent of the parties to this Indenture that there shall be no violation of any law of any jurisdiction (including particularly the laws of the State) denying or restricting the rights of banking corporations or associations to transact business as a trustee in such jurisdiction. It is recognized that in case of litigation under this Indenture and in particular in the case of the enforcement of this Indenture on Default, or in case the Trustee deems that by reason of any present or future law of any jurisdiction it may not exercise any of the powers, rights or remedies herein granted to the Trustee, or hold title to the properties, in trust, as herein granted, or take any other action which may be desirable or necessary in connection therewith, it may be necessary that the Trustee appoint an additional individual or institution as a separate trustee or co-trustee. The following provisions of this Section 6.07 are adapted to these ends.

If the Trustee appoints an additional individual or institution as a separate trustee or co-trustee, each and every remedy, power, right, claim, demand, cause of action, immunity, estate, duty, obligation, title, interest and lien expressed or intended by this Indenture to be exercised by, vested in or conveyed to the Trustee with respect thereto shall be exercisable by, vested in and conveyed to such separate trustee or co-trustee, but only to the extent necessary to enable such separate trustee or co-trustee to exercise such powers, rights and remedies, and every covenant and obligation necessary for the exercise thereby by such separate trustee or co-trustee shall run to and be enforceable by either of them.

Should any instrument in writing from the City or the Department be required by the separate trustee or co-trustee so appointed by the Trustee for more fully vesting in and

confirming to them such properties, rights, powers, trusts, duties and obligations, any and all such instruments in writing shall, on request, be executed, acknowledged and delivered by the City or the Department. If any separate trustee or co-trustee, or a successor to either, shall die, become incapable of acting or not be qualified to act, resign or be removed, all the estates, properties, rights, powers, trusts, duties and obligations of such separate trustee or co-trustee, so far as permitted by law, shall vest in and be exercised by the Trustee until the appointment of a successor to such separate trustee or co-trustee.

## ARTICLE VII
## AMENDMENTS, SUPPLEMENTAL INDENTURES

SECTION 7.01  Supplemental Indentures.

The City, the Department and the Trustee, without the consent of or notice to any Holders, may enter into an indenture or indentures supplemental to this Indenture and not inconsistent herewith or with the provisions of the Ordinance for one or more of the following purposes:

(a) To cure any ambiguity or to correct or supplement any provision contained herein or in any supplemental indenture which may be defective or inconsistent with any provision contained herein or in any supplemental indenture, or to make such other provisions in regard to matters or questions arising under this Indenture which do not materially adversely affect the interest of the Holders;

(b) To grant to or confer upon the Trustee for the benefit of the Holders any additional rights, remedies, powers or authority that may lawfully be granted to or conferred upon the Holders or the Trustee;

(c) To grant or pledge to the Trustee for the benefit of the Holders any additional security other than that granted or pledged under this Indenture;

(d) To modify, amend or supplement this Indenture or any supplemental indenture in such manner as to comply with an order of any State or federal court regarding the Department and/or the System;

(e) To modify, amend or supplement this Indenture or any supplemental indenture in such manner as to permit the qualification thereof under the Trust Indenture Act of 1939, as amended, or any similar federal statute then in effect or to permit the qualification of the Securities for sale under the securities laws of any of the states of the United States;

(f) To appoint a successor Trustee, separate trustees or co-trustees in the manner provided in Article VI; or

(g) To make any other change which, in the judgment of the Trustee, is not materially adverse to the Trustee or the Holders.

TRUST INDENTURE
28

When requested by the City or the Department, and upon receipt of an opinion of Bond Counsel to the effect that all conditions precedent under this Indenture have been met which are not inconsistent with the Ordinance, the Trustee shall join with the City and the Department in the execution of any such supplemental indenture; provided that there shall be no modification of the Trustee's duties without its consent.

SECTION 7.02    Amendments to Indenture; Consent of Holders.

Exclusive of supplemental indentures covered by Section 7.01 hereof and subject to the terms and provisions contained in this Section 7.02, and not otherwise, the Holders of not less than a majority in aggregate principal amount of the Outstanding Securities affected by such indenture or indentures supplemental hereto shall have the right, from time to time, anything contained in this Indenture to the contrary notwithstanding, to consent to and direct the execution by the Trustee of such other indenture or indentures supplemental hereto for the purpose of modifying, altering, amending, adding to or rescinding, in any particular manner, any of the terms or provisions contained in this Indenture or in any supplemental indenture; provided, however, that nothing in this Article shall permit, or be construed as permitting (a) without the consent of the Holders of all Securities then Outstanding (i) an extension of the maturity of the principal of, or the mandatory redemption date of, or interest on, any Securities, or (ii) a reduction in the principal amount of, or the premium or the rate of interest on, any Securities, (iii) a preference or priority of any Securities over any other Securities, (iv) the creation of a lien prior to the lien of this Indenture, or (v) a reduction in the aggregate principal amount of the Securities required for consent to any supplemental indenture, or (b) a modification or change in the duties of the Trustee hereunder without the consent of the Trustee. The giving of notice to and consent of the Holders to any such proposed supplemental indenture shall be obtained pursuant to Section 7.03.

SECTION 7.03    Notice to and Consent of Holders.

If consent of the Holders is required under the terms of this Indenture for the amendment of this Indenture for any other similar purpose, the Trustee shall cause notice of the proposed execution of the amendment or supplemental indenture to be given by first class mail to the last known holders of the Securities then shown on the Registry. Such notice shall briefly set forth the nature of the proposed amendment, supplemental indenture or other action and shall state that copies of any such amendment, supplemental indenture or other document are on file at the principal corporate trust office of the Trustee for inspection by all Holders. If, within sixty (60) days or such longer period as shall be prescribed by the Trustee following the mailing of such notice the holders of a majority or all, as the case may be, of the principal amount of the Securities by instruments filed with the Trustee shall have consented to the amendment, supplemental indenture or other proposed action, then the Trustee may execute such amendment, supplemental indenture or other document or take such proposed action and the consent of the Holders shall thereby be conclusively presumed.

# ARTICLE VIII
# MISCELLANEOUS

SECTION 8.01     Limitation of Rights.

With the exception of rights herein expressly conferred, nothing expressed or mentioned in or to be implied from this Indenture is intended or shall be construed to give to any Person other than the parties hereto and the Holders any legal or equitable right, remedy or claim under or in respect to this Indenture or any covenants, conditions and provisions herein contained; this Indenture and all of the covenants, conditions and provisions herein being intended to be and being for the sole and exclusive benefit of the parties hereto, and the Holders as herein provided.

SECTION 8.02     Severability; Conflicts.

If any provision of this Indenture is held to be in conflict with any applicable statute or rule of law or is otherwise held to be unenforceable for any reason whatsoever, such circumstances shall not have the effect of rendering the provision in question inoperative or unenforceable in any other part or circumstance, or of rendering any other provision or provisions herein contained invalid, inoperative, or unenforceable to any extent whatsoever.

The invalidity of any one or more phrases, sentences, clauses or Sections of this Indenture contained, shall not affect the remaining portions of this Indenture, or any part thereof.

In the event of a conflict between the provisions of this Indenture and the Ordinance, the Ordinance shall prevail, except to the extent that the conflicting provisions of this Indenture are consistent with an order or orders of a federal court having jurisdiction over the matter.

SECTION 8.03     Notices.

Except as otherwise provided herein, all notices, certificates, or other communications hereunder shall be in writing and shall be deemed given upon receipt, by hand delivery, mail, overnight delivery, telecopy or other electronic means addressed as follows:

**If to the City:**     City of Detroit
2 Woodward Avenue
Suite 1200
Detroit, Michigan 48226
Attention:     Finance Director
Telephone:     (313) 224-3491
Facsimile:     (313) 224-4466

**If to the Department:**     Detroit Water and Sewerage Department
735 Randolph Street
Detroit, Michigan 48226
Attention:     Director
Telephone:     (313) 224-4701
Facsimile:     (313) 224-6067

TRUST INDENTURE
30

7715460.13

13-53846-tjt    Doc 4323-8    Filed 04/30/14    Entered 04/30/14 17:23:04    Page 15 of 15