# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re: ) Case No. 13-53846
)
CITY OF DETROIT, MICHIGAN, ) In Proceedings Under Chapter 9
)
Debtor, ) Hon. Steven W. Rhodes
)

---

## SOUTHEASTERN OAKLAND COUNTY WATER AUTHORITY'S BRIEF IN SUPPORT OF ITS MOTION FOR INTERVENTION AND TO BE HEARD PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE, RULE 2018 AND TO SUPPORT FACILITATIVE MEDIATION WITH RESPECT TO ISSUES RELATED TO THE FUTURE OF THE DETROIT WATER AND SEWERAGE DEPARTMENT

The Southeastern Oakland County Water Authority ("SOCWA"), a municipal organization, and for its Brief in Support of Its Motion For Intervention and To Be Heard Pursuant to Federal Rules of Bankruptcy Procedure, Rule 2018 And To Support Facilitative Mediation With Respect To Issues Related To The Future Of The Detroit Water And Sewerage Department, states the following:

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITES..................................................................................................3

INDEX OF EXHIBITS......................................................................................................4

I. Statement of the Issue Presented ...........................................................................5

II. Statement of the Most Controlling Authority ......................................................5

II. Statement of Concurrence Sought .........................................................................5

IV. Statement of the Standard of Review ...................................................................5

V. Statement of Relevant and Controlling Facts ......................................................5

VI. Legal Arguments......................................................................................................7

    A. This Court Should Grant SOCWA'S Motion For Intervention............................7

        1. SOCWA Has An Economic Interest In the Above Captioned Bankruptcy Proceeding. ...........................................................8

        2. The Formation Of A Regional Water Authority Is A Viable Solution To The DWSD Issues Which Should be Mediated through Chief District Judge Gerald Rosen................................................10

VII. Conclusions and Relief Requested .......................................................................11

# INDEX OF AUTHORITIES

**Page**

**Cases:**

**In Re Addison Community Hospital Authority**,
175 B.R. 646, 650-651 (Bkrtcy.E.D.Mich.,1994) ....................................................................5, 8


**Court Rules**:

FRBP 2018....................................................................................................................5, 7, 8, 11

## INDEX OF EXHIBITS

1. Proposed Order

2. Notice of SOCWA's Motion for Intervention

3. Brief In Support Of SOCWA's Motion for Intervention

4. Certificate of Service

5. Affidavit of Jeffrey McKeen Dated April 29, 2014

4

# I. STATEMENT OF THE ISSUE PRESENTED

I. Should this Bankruptcy Court Grant SOCWA'S Motion for Intervention?

Debtor says: "Has Not spoken on this issue"

SOCWA says: "Yes"

# II. STATEMENT OF THE MOST CONTROLLING AUTHORITY

SOCWA, for its Statement of the Most Controlling Authority, relies on FRBP 2018 and <u>In Re Addison Community Hospital Authority</u>, 175 B.R. 646, 650-651 (Bkrtcy.E.D.Mich.,1994).

# III. STATEMENT OF CONCURRENCE SOUGHT

Pursuant to L.B. R. 9014-1 (g), SOCWA states that concurrence was not sought as it would be unduly burdensome to do so.

# IV. STATEMENT OF THE STANDARD OF REVIEW

## A. FRBP 2018

FRBP 2018 states that an interested party has the right to file a motion to intervene.

# V. STATEMENT OF THE RELEVANT AND CONTROLLING FACTS

The Detroit Water and Sewerage Department ("DWSD") currently provides water and sewage service to four million residents of southeast Michigan, most of whom reside in Oakland, Macomb and Wayne Counties (together, the "Counties"). SOCWA, as authorized under Public Act 4 of 1957, by its member communities of Berkley, Beverly Hills, Bingham Farms,

Birmingham, Clawson, Huntington Woods, Lathrup Village, Pleasant Ridge, Royal Oak, Southfield and Southfield Township and its customer communities of Bloomfield Hills and Bloomfield Township, <u>is the largest water customer of DWSD</u>. (**Exhibit 5** -- McKeen Affidavit)

SOCWA currently purchases approximately 7.5% of the total volume of water sold by DWSD. (**Exhibit 5** -- McKeen Affidavit) SOCWA, and its predecessor organization, have been a significant water customer of DWSD since 1927. SOCWA is part of the DWSD customer partnering process. SOCWA has served on the Technical Advisory Committee ("TAC") since its inception in 2003 with two different SOCWA employees serving as the elected co-chair of the TAC. SOCWA employees have also served on each of the technical subcommittees of the TAC and currently serve as the customer chair of the Rates and Analytical Work Group Committees. SOCWA is widely recognized as DWSD's leading water customer. (**Exhibit 5** -- McKeen Affidavit)

The Western Townships Utilities Authority ("WTUA"), comprised of Canton Township, Northville Township and Plymouth Township, are water and sewer customers of DWSD representing a significant water and sewer customer base of DWSD. The WTUA supports SOCWA's position herein. (**Exhibit 5** -- McKeen Affidavit) The following municipal organizations support the position of SOCWA as set forth herein.

- Brownstown Township
- City of Livonia
- City of Troy
- West Bloomfield Twp.
- City of Centerline

(**Exhibit 5** -- McKeen Affidavit)

Although negotiations between the Counties and the City have occurred, the negotiations have not yet reached a conclusion, and need to be accelerated to ensure a timely and beneficial result for all parties, including the customers of DWSD. On August 13, 2013, this Bankruptcy Court entered its Mediation Order (DE 322), appointing Chief District Judge Gerald Rosen of the Eastern District of Michigan, as judicial mediator for the purpose of facilitative mediation. Chief Judge Rosen is authorized to engage in facilitative mediation on discovery, substantive issues and process issues, as referred by the Bankruptcy Court, with such other mediators, judicial or non-judicial, as Chief Judge Rosen may designate.

The Mediation Order also provided that this Court may order the parties to engage in any mediation that the Bankruptcy Court refers to Chief Judge Rosen. On April 17, 2014, this Bankruptcy Court entered an Order for Continued Facilitative Mediation. SOCWA asserts that the formation of a regional water authority is a viable solution to the DWSD issues and said issues should be mediated forthwith with a representative from the moving party herein participating actively in that process. SOCWA has many years of experience in managing a water authority and wishes to be part of a regional water authority solution. SOCWA is willing to allocate time and resources to assist in the mediation process and is willing to provide expertise on the water authority issues.

## VI. LEGAL ARGUMENTS

### A. This Court Should Grant the SOCWA's Motion For Intervention.

Federal Rules of Bankruptcy Procedure, Rule 2018, clearly states that, in a case under the Code, after a hearing on a motion to intervene and for cause shown, this Bankruptcy Court

may permit any interested party to intervene generally or with respect to any specified matter.

"(a) Permissive intervention

**In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.**"
(Federal Rules of Bankruptcy Procedure, Rule 2018) (Emphasis Added)

This Bankruptcy Court, in **In Re Addison Community Hospital Authority**, 175 B.R. 646, 650-651 (Bkrtcy.E.D.Mich.,1994) ruled that granting permissive intervention is within the Court's discretion. Specifically, Judge Rhodes ruled as follows:

"**Granting permissive intervention is within the court's discretion.** *In re Benny,* 791 F.2d 712 (9th Cir.1986);" (**In re Addison Community Hosp. Authority,** 175 B.R. 646, 650 -651 (Bkrtcy.E.D.Mich.,1994).) (Emphasis Added)

This Bankruptcy Court further ruled, in **In Re Addison Community Hospital Authority,** that intervention will be permitted upon the showing of cause.

"**Intervention will be permitted upon the showing of cause**." (**In re Addison Community Hosp. Authority 175** B.R. 646, 651 (Bkrtcy.E.D.Mich.,1994).) (Emphasis Added)

This Bankruptcy Court also ruled, in **In Re Addison Community Hospital Authority,** that good cause constitutes having an economic interest in the case or one of its aspects. This applies here.

"**Cause constitutes an economic interest in the case or one of its aspects** or a concern with its precedential ramifications. *Id.* at 687–88 (citing *In re Ionosphere Clubs, Inc.,* 101 B.R. 844, 853 (Bankr.S.D.N.Y.1989)); *In re Public Service Co. of New Hampshire,* 88 B.R. 546, 551 (Bankr.D.N.H.1988)." (**In re Addison Community Hosp. Authority,** 175 B.R. 646, 651 (Bkrtcy.E.D.Mich.,1994).) (Emphasis Added)

8

Here, SOCWA has a significant economic interest in the above captioned bankruptcy proceeding and/or one of its aspects.

1. **SOCWA Has An Economic Interest In the Above Captioned Bankruptcy Proceeding.**

As stated above, SOCWA, as authorized under Public Act 4 of 1957, by its member communities of Berkley, Beverly Hills, Bingham Farms, Birmingham, Clawson, Huntington Woods, Lathrup Village, Pleasant Ridge, Royal Oak, Southfield and Southfield Township and its customer communities of Bloomfield Hills and Bloomfield Township, <u>is the largest water customer of DWSD</u>. (**Exhibit 5** -- McKeen Affidavit)

SOCWA currently purchases approximately 7.5% of the total volume of water sold by DWSD. (**Exhibit 5** -- McKeen Affidavit) The Western Townships Utilities Authority ("WTUA"), comprised of Canton Township, Northville Township and Plymouth Township, are water and sewer customers of DWSD representing a significant water and sewer customer base of DWSD. The WTUA supports the position of SOCWA herein. (**Exhibit 5** -- McKeen Affidavit)

It is clear that SOCWA, combined with the supporting municipal organizations, has a significant economic interest in the DWSD and this economic interest constitutes good cause allowing for SOCWA's intervention into the above captioned bankruptcy proceedings related to the DWSD issues. Moreover, there would be no delay or prejudice which would result from SOCWA's intervention. As stated in detail below, SOCWA has many years of experience in managing a water authority and wishes to be part of a regional water authority solution. SOCWA is willing to allocate time and resources to assist in the mediation process and

9

is willing to provide expertise on the water authority issues. Given this fact, SOCWA's intervention related to the DWSD issues would actually expedite a resolution and not hinder any such resolution. As noted by this Court in **In Re Addison Community Hospital Authority**, Rule 2018 provides the Courts with the discretion to balance the needs of a potential intervenor against any delays or prejudice which can result from intervention.

> "**Rule 2018** gives courts **the discretion to balance the needs of a potential intervenor against any delay or prejudice which would result from the intervention.**" (**In re Addison Community Hosp. Authority**, 175 B.R. 646, 651 (Bkrtcy.E.D.Mich.,1994).) (Emphasis Added)

Here, the intervention of SOCWA not only serves the interests of SOCWA but also serves the interests of an expedited resolution of the DWSD issues.

2. **The Formation Of A Regional Water Authority Is A Viable Solution To The DWSD Issues Which Should be Mediated through Chief District Judge Gerald Rosen.**

As stated above, on August 13, 2013, this Bankruptcy Court entered its Mediation Order (DE 322), appointing Chief District Judge Gerald Rosen of the Eastern District of Michigan, as judicial mediator for the purpose of facilitative mediation. Chief Judge Rosen is authorized to engage in facilitative mediation on discovery, substantive issues and process issues, as referred by the Bankruptcy Court, with such other mediators, judicial or non-judicial, as Chief Judge Rosen may designate.

The Mediation Order also provided that this Court may order the parties to engage in any mediation that the Bankruptcy Court refers to Chief Judge Rosen. On April 17, 2014, this Bankruptcy Court entered an Order for Continued Facilitative Mediation. SOCWA asserts that the formation of a regional water authority is a viable solution to the DWSD issues and said

issues should be mediated forthwith with a representative from the moving party herein participating actively in that process. SOCWA has many years of experience in managing a water authority and wishes to be part of a regional water authority solution. SOCWA is willing to allocate time and resources to assist in the mediation process and is willing to provide expertise on the water authority issues.

## VII. CONCLUSIONS AND RELIEF REQUESTED

WHEREFORE, the Interested Party, Southeastern Oakland County Water Authority, seeks an Order from this Court:

(I) Granting SOCWA's Motion for Intervention; and

(II) Granting SOCWA's intervention which is limited to the issue of SOCWA receiving notices and being authorized to participate in the Facilitative Mediation process for the Detroit Water and Sewage Department / Regional Authority issues; and

(III) Granting such other relief in favor of SOCWA as this Honorable Court deems just, equitable and appropriate under the circumstances presented.

Respectfully Submitted,

DAVIS BURKET SAVAGE
LISTMAN BRENNAN

/s/ William N. Listman
By: William N. Listman (P52030)
Attorneys for SOCWA
10 S. Main St., Ste. 401
Mt. Clemens, MI 48043
(586) 469-4300
rdavis@dbsattorneys.com

Dated: May 2, 2014

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record by the ECF system. I also certify that on May 2, 2014, I served each of the parties noted on the Court's website as requiring manual noticing/service by placing these documents in a US mail box in the City of Mt. Clemens, State of Michigan. I declare the foregoing statement to be true to the best of my information, knowledge and belief.

DAVIS BURKET SAVAGE
LISTMAN BRENNAN

/s/ William N. Listman
By: William N. Listman (P52030)
Attorneys for SOCWA
10 S. Main St., Ste. 401
Mt. Clemens, MI 48043
(586) 469-4300
rdavis@dbsattorneys.com

Dated: May 2, 2014