UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

      Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

_____/

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
Attorneys for the City of Detroit
North Point
90l Lakeside Avenue
Cleveland, Ohio 44114'
Telephone: (216) 586-3939
dgheiman@jonesday.com
hlennox@jonesday.com

RAYMOND GUZALL III (P60980)
RAYMOND GUZALL III, P.C.
Attorney for Creditor John Cato
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, MI 48334
(248) 702-6122
Fax: (248) 702-6124
rayguzall@attorneyguzall.com

_____/

**CREDITOR JOHN CATO'S OBJECTIONS TO DETROIT'S THIRD
AMENDED PROPOSED BANKRUPTCY PLAN and DETROIT'S
ATTEMPT TO FORCE CLAIMANT/CREDITOR CATO TO LITIGATE HIS
WAYNE COUNTY CIRCUIT COURT CASE PRIOR TO A FINAL ORDER
STATING THE ACTUAL REDUCED PERCENTAGE OF CLAIMED
MONIES OWED TO HIM, AND/OR REQUEST FOR CLARIFICATION**

paid on his claim.

6. John Cato also objects to any proposed Plan by Detroit which takes away his right to vote on any proposed Plan submitted by Detroit.

7. John Cato also objects to any proposed Plan by Detroit which takes away another creditors right to vote on any proposed Plan submitted by Detroit, as it is improper, inequitable and unlawful for many creditors to be paid 100% or near 100% of their claimed monies owed while not allowing votes to those creditors who are not being paid 100% or near 100% of their claimed monies owed.

8. John Cato objects to Detroit being allowed to reserve or preserve any un-named rights they claim, as indicated at page 40 of their Third Amended Proposed Plan, document 4271, labeled also as page 47 of 269.

9. John Cato objects to Detroit's Third Proposed Amended Plan as it does not provide hi-lighted deletions or alterations, and he objects to any additional amended Plans that do not hi-light deletions and alterations.

10. John Cato objects to any proposed Plan and the current proposed Plan which will pay monies over a period of decades to him that does not pay him the full amount of monies owed to him.

11. John Cato objects to being placed into a class other than the class of employees or retired employees who are entitled to pension payments from the City of Detroit.

12. John Cato re-incorporates and relies upon his prior objections filed with this Court, herein, within this pleading.

WHEREFORE, CREDITOR JOHN CATO requests this Honorable Court;

1. Order that Mr. John Cato does not have to actively seek to reopen his Wayne County Circuit Court case (illustrated at Ex. 1) and that his Wayne County Circuit Court case is to remain stayed until a final order of this Court states John Cato's percentage of his claim to be paid to him, as he should not be forced to litigate a claim that may be worth no money, and/or clarify in his favor a claimed prior order of this Court (as implicated by Detroit) allowing Detroit to force John Cato to proceed upon his Wayne County Circuit Court case prior to an actual percentage of payment to him being ordered and solidified by this Court;

2. That this Court consider the pre-petition conduct of Detroit in filing their claim for bankruptcy when considering these objections and any proposed Plan;

3.    Creditor John Cato also requests that all other relief this Court deems

appropriate in his favor be provided to him.

Respectfully submitted,
Raymond Guzall III, P.C.

/s/ Raymond Guzall III
Raymond Guzall III  (P60980)
Attorney for Creditor John Cato
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
Phone:      (248) 702-6122
Fax:         (248) 702-6124
Rayguzall@attorneyguzall.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2014, I electronically filed **CREDITOR JOHN CATO'S OBJECTIONS TO DETROIT'S THIRD AMENDED PROPOSED BANKRUPTCY PLAN and DETROIT'S ATTEMPT TO FORCE CLAIMANT/CREDITOR CATO TO LITIGATE HIS WAYNE COUNTY CIRCUIT COURT CASE PRIOR TO A FINAL ORDER STATING THE ACTUAL REDUCED PERCENTAGE OF CLAIMED MONIES OWED TO HIM, AND/OR REQUEST FOR CLARIFICATION** with the Clerk of the Court using the Court Authorized electronic filing system which will send electronic notification of such filing to the attorneys of record and I hereby certify that I know of no manual recipients on the Notice List.

/s/ Raymond Guzall III
Raymond Guzall III  (P60980)

Attorney for Creditor John Cato
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
Phone:      (248) 702-6122
Fax:         (248) 702-6124
Rayguzall@attorneyguzall.com

# EXHIBIT 1

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOHN CATO

             Plaintiff,

V

CITY OF DETROIT, a Michigan Municipal Corporation
CITY OF DETROIT PENSION BOARD
JOHNNIE HAYNES, in his official and unofficial capacity,
Jointly and severally,

             Defendants

Case No. 13-005453-CK
Hon. Susan D. Borman

13-005453-CK

FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/16/2014 1:20:04 PM
CATHY M. GARRETT

Raymond Guzall III (P60980)
Attorneys for Plaintiff
31555 W. Fourteen Mile Rd #320
Farmington Hills, MI 48334
Ph.:(248) 702-6122
Fax: 248-702-6124
Email:  rayguzall@attorneyguzall.com

Letitia C. Jones (P52136)
Attorney for Defendants City of Detroit & Haynes
2 Woodward, Suite 500
Detroit, MI 48226
Ph.: (313) 237-3002
Fax: (313) 224-5505
Email: jonelc@detroitmi.gov


Michael J. VanOverbeke (P42641)
Aaron Castle (P70960)
Attorneys for Detroit Pension Board
79 Alfred St
Detroit, MI 48201
Ph: **(313) 578-1200**
Fax: (313) 578-1201
Email: mvanoverbeke@vmtlaw.com
Email: acastle@vmtlaw.com

---

## NOTICE THAT THE BANKRUPTCY STAY HAS BEEN LIFTED

Pursuant to paragraph 9 of the ADR Order entered by Judge Steven W. Rhodes in In re City of

Detroit, Michigan, Debtor, Case No. 13-53846, in the United States Bankruptcy Court, Eastern District of

Michigan, Southern Division, the City of Detroit has filed the attached **Stay Modification Notice** which

{K:\DOCS\LABOR\jonelc\a47000\misc\LJ5858.DOC}

modified the bankruptcy stay solely to permit liquidation, in this non-bankruptcy forum, of the bankruptcy claim filed by the plaintiff(s) to this action.

In order for the matter to proceed, Plaintiff must actively seek to reopen the matter, through the filing of a motion to reopen. The case may not be reopened through stipulation of the parties. A hearing must take place to ensure compliance with all bankruptcy procedures.

Respectfully submitted,

/s/ Letitia C. Jones
L. C. Jones (P52136)
Assistant Corporation Counsel
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
jonelc@detroitmi.gov
(313) 237-3002

Dated: April 16, 2014

{K:\DOCS\LABOR\jonelc\a47000\misc\LJ5858.DOC}

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

JOHN CATO

        Plaintiff,

V

Case No. 13-005453-CK
Hon. Susan D. Borman

**CITY OF DETROIT**, a Michigan Municipal Corporation
**CITY OF DETROIT PENSION BOARD**
**JOHNNIE HAYNES**, in his official and unofficial capacity,
Jointly and severally,

        Defendants

| | |
|---|---|
| Raymond Guzall III (P60980) | Letitia C. Jones (P52136) |
| Attorneys for Plaintiff | Attorney for Defendants City of Detroit & Haynes |
| 31555 W. Fourteen Mile Rd #320 | 2 Woodward, Suite 500 |
| Farmington Hills, MI 48334 | Detroit, MI 48226 |
| Ph.:(248) 702-6122 | Ph.: (313) 237-3002 |
| Fax: 248-702-6124 | Fax: (313) 224-5505 |
| Email:  rayguzall@attorneyguzall.com | Email: jonelc@detroitmi.gov |

Michael J. VanOverbeke (P42641)
Aaron Castle (P70960)
Attorneys for Detroit Pension Board
79 Alfred St
Detroit, MI 48201
Ph: (313) 578-1200
Fax: (313) 578-1201
Email: mvanoverbeke@vmtlaw.com
Email: acastle@vmtlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 16, 2014, I electronically filed the Notice of Stay being lifted, the Stay Modification Notice and this Certificate of Service with the Clerk of the Court using the ECF system, with electronic notification to all attorneys of record.

Dated:  April 16, 2014             **City of Detroit Law Department**

                               By: */s/ Letitia C. Jones*

{K:\DOCS\LABOR\jonelc\a47000\misc\LJ5858.DOC}

13-005453-CK

FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/16/2014 1:20:04 PM
CATHY M. GARRETT

# Attachment

K:\DOCS\LABOR\winkm\a32000\form\WM1787.WPD

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---------------------------------------------------------- X
                      :

In re                       :        Chapter 9

CITY OF DETROIT, MICHIGAN,    :        Case No. 13-53846

           Debtor.       :        Hon. Steven W. Rhodes
                      :

---------------------------------------------------------- X

## STAY MODIFICATION NOTICE

Service Date:                  April 16, 2014 (e-filing w/ Bkcy Court; electronic service to Plaintiff's attorney and Named Defendants' attorney; attached to notice to underlying court)

Designated Claimant(s):       John Cato

Address:                    C/o Raymond Guzall III
Law Offices of Raymond Guzall III, P.C.
31555 W. Fourteen Mile Rd., Suite #320
Farmington Hills, MI 48334

Proof of Claim Number(s):     520

Caption of Any Pending Related Lawsuit:     John Cato v. City of Detroit et al

Case Number:             13-005453-CK

Court:                     Wayne County 3rd Circuit Court

Co-Defendants (if any):         Detroit General Retirement Systems, and Johnnie Haynes

By this Stay Modification Notice, the City of Detroit (the "City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified proofs of claim(s) (the "Claim(s)") in the City's case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to the procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Pre-petition Claims (Docket No. 2302) (the "ADR Order"), entered by the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, the "Initial Designated Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, except as provided below with respect to

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "Stay"); or (b) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) files a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the

Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim(s) **[constitute/do not constitute]** Multi-Party Tort Claims.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim(s) and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim(s) in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim(s) **[is/are]** to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim(s), whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, which will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim(s). For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim(s) following the liquidation of the Claim(s) shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

Dated: April 16, 2014                    **City of Detroit Law Department**

                                         By: */s/ Mary Beth Cobbs*
                                               Mary Beth Cobbs (P40080)
                                               Assistant Corporation Counsel
                                               2 Woodward Ave, Suite 500
                                               Detroit, Mi   48226
                                               Phone: (313) 237-3075
                                               Email: cobbm@detroitmi.gov


                                         By: */s/ Letitia C. Jones*
                                               Letitia C. Jones (P52136)
                                               Assistant Corporation Counsel
                                               2 Woodward Ave, Suite 500
                                               Detroit, Mi   48226
                                               Phone: (313) 237-3002
                                               Email: jonelc@detroitmi.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------   X
                                                         :
In re                                                    :      Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN,                                :      Case No. 13-53846
                                                         :
                    Debtor.                              :      Hon. Steven W. Rhodes
                                                         :
                                                         :
------------------------------------------------------   X
```

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2014, I electronically filed the Stay Modification Notice and Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to the counsel for debtor and all counsel of record.

I hereby certify that I have additionally served the paper to the following participant(s) via electronic mail: Plaintiff's attorney: Raymond Guzall III whose email address is rayguzall@attorneyguzall.com; Retirement Systems Attorneys: Aaron Castle whose email address is acastle@vmtlaw.com and Michael VanOverbeke whose email address is mvanoverbeke@vmtlaw.com

Dated: April 16, 2014                          **City of Detroit Law Department**


By: /s/ *Mary Beth Cobbs*
      Mary Beth Cobbs (P-40080)
      Assistant Corporation Counsel
      2 Woodward Ave, Suite 500
      Detroit, MI   48226
      Phone: (313) 237-3075
      Email: cobbm@detroitmi.gov


By: /s/ *Letitia C. Jones*
      Letitia C. Jones (P52136)
      Assistant Corporation Counsel
      2 Woodward Ave, Suite 500
      Detroit, MI   48226
      Phone: (313) 237-3002
      Email: jonelc@detroitmi.gov