UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**PROTECTIVE ORDER**

This matter having come before the Court upon the Stipulation of the Police and Fire Retirement System of the City of Detroit ("PFRS"), the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems"), and Syncora Guarantee Inc. ("Syncora") that certain data being produced by the Retirements Systems to Syncora (the "Data") may contain personally identifiable information relating to individual retirees or active employees of the City of the Detroit, including but not limited to, social security numbers, dates of birth, pension identification numbers, home addresses, home telephone numbers, and financial account numbers; the Retirement Systems desiring to protect personally identifiable information from disclosure; and the Court finding good cause for granting the relief herein:

**IT IS HEREBY ORDERED:**

1. Syncora shall keep confidential all personally identifiable information of third parties contained the Data that it receives from the Retirement Systems. Personally identifiable information shall include names, physical and electronic addresses, telephone numbers, social security numbers, dates of birth, pension identification numbers, financial account numbers, and any other information whose disclosure would create an undue risk of identity theft or other unlawful injury.

2. Syncora may disclose or refer to the Data in the aggregate on the conditions that (a) the disclosed Data not identify a specific retiree or a specific retiree's personally identifiable information and (b) the disclosed Data be used only in connection with the City of Detroit's bankruptcy case.

3. Syncora shall provide its attorneys, financial advisors, actuaries, expert witnesses, or any other agent(s) with a copy of this Stipulated Order (the "<u>Order</u>") and obtain each such person or entity's agreement to be bound by the Order in advance of such person or entity receiving any of the Data.

4. Nothing in this Order shall be deemed to waive any objections to the production of documents that the Retirement Systems may be entitled to assert under state and federal law, including M.C.L. § 38.1140h.

5. Nothing in this Order shall be deemed to waive any privileges that the Retirement Systems may be entitled to assert, including the attorney-client, work product, and/or accountant-client privileges.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**Signed on May 05, 2014**

                                                    **/s/ Steven Rhodes**
                                                  **Steven Rhodes**
                                                  **United States Bankruptcy Judge**