UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**MOTION TO COMPEL THE DEBTOR TO PROVIDE MORE SPECIFIC DESCRIPTIONS OF THE SUBJECTS THAT EACH FACT WITNESS WILL ADDRESS**

Syncora Capital Assurance Inc. and Syncora Guarantee Inc. ("Syncora") submit this motion (the "Motion to Compel") to compel the City of Detroit (the "City") to provide more specific descriptions of the subjects that each of its fact witnesses will address. In support of its motion, Syncora respectfully states as follows:

**BACKGROUND**

1. Pursuant to the Court's April 2, 2014 Third Amended Scheduling Order [Doc. No. 3632][1], the City was required to provide "a list of its fact witnesses for the confirmation hearing and to identify the subjects that each witness will address." On April 8, 2014, the City filed its List of Fact Witnesses Related to the Proposed Plan for the Adjustment of Debts [Doc. No. 3918] (the "First Witness List"). The First Witness List identified 27 individuals as potential

---
[1] The Court has since filed a Fourth Amended Scheduling Order [Doc. No. 4202].

fact witnesses during the hearing on the proposed plan of adjustment. For each of the 27 individuals, the City also identified general testimony topics — *e.g.,* "Plan feasibility," "The Plan was proposed in good faith," "DIA Settlement and Museum Issues," and "The Plan is fair and equitable and in the best interests of the City's businesses, citizens, and creditors." The City also repeated many of these same general topics for many witnesses. For example, all four state government officials that the City identified as potential witnesses have the same testimony topics.

2.  On April 18, 2014, the City filed an Amended List of Fact Witnesses Related to the Proposed Plan for the Adjustment of Debts [Doc. No. 4187] (the "<u>Second Witness List</u>"). The City amended its list to include three additional witnesses but did not include any additional detail in its description of the subjects that each witness would address.

3.  On May 4, 2014, counsel for Syncora asked the City to provide more specific, practical descriptions of the topics that its witnesses will address. Syncora explained that more specific descriptions will lead to more efficient depositions and help streamline the discovery process. On May 5, 2014, counsel for the City stated that it was not in a position to amend its descriptions. Syncora now moves to compel the City to provide more specific descriptions of the topics that each of its witnesses will address.

## JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 38 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5. Syncora respectfully requests that the court enter an order compelling the City to provide more specific descriptions of the topics that each of its witnesses will address.

## BASIS FOR RELIEF

6. As a general matter, courts have broad discretion to manage discovery. *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) ("A district court enjoys broad discretion in managing discovery."). When doing so, efficiency is one of the main factors that courts consider. *Price v. Hartford Life & Acc. Ins. Co.*, 746 F. Supp. 2d 860, 865 (E.D. Mich. 2010) (noting that "interests of economy, efficiency, accuracy, and fairness are all served" when deciding a discovery dispute). In particular, courts have been willing to compel parties to provide specific information about individuals on the grounds that a more specific description creates a more efficient discovery process. *See Flying J Inc. v. TA Operating Corp.*, 106-CV-30 TC, 2007 WL 2220578 (D. Utah July 30, 2007) ("The court concludes that providing a couple of sentences to describe the

3

identified employees' job responsibilities would not be an undue burden, and would greatly improve the efficiency of discovery.").

7. In this case, the general descriptions that the City has provided mean that the creditors cannot reasonably understand what the City's witnesses intend to testify about. As a result, the City's Second Witness List is likely to lead to a number of inefficiencies during the discovery process.

8. To begin, many of the descriptions simply parrot Plan confirmation standards without any additional context or detail — and repeat these same general descriptions for numerous witnesses. For example, the City states that 15 witnesses will testify about "Plan feasibility," 6 witnesses will testify that "the Plan is fair and equitable and in the best interests of the City's businesses, citizens, and creditors," and 6 witnesses will testify about "the City's historical, current, and future ability to provide adequate levels of municipal services."

9. In addition, many of the City's descriptions are short phrases that provide little insight into the witnesses' specific testimony. For example, the City states that 5 witnesses will testify about "DIA settlement and museum issues" and that 4 witnesses will testify about "the ongoing role of the State."

10. Finally, the City's Second Witness List includes longer sentences that are similarly vague and do not reveal the specific fact testimony that the City will provide:

- "Importance from a business and investment standpoint of the City's ability to capitalize and build on the efforts contemplated in the Plan post bankruptcy." (2 witnesses)

- "The importance and effect of addressing in the Plan, among other things, the City's blight, public safety, and urban revitalization." (3 witnesses)

11. Yet merely restating the legal issues in dispute or providing a general description of the witnesses' testimony does little to streamline the deposition and trial preparation process — an important consideration here given the expedited nature of discovery. With more than 30 City fact witnesses, a host of 30(b)(6) depositions, and the creditors' own fact witnesses, the parties are going to have limited time to complete their depositions. Ensuring that the parties can conduct focused depositions on the testimony that the witnesses will provide is one means to increase the efficiency of the process. This efficiency, however, can occur only if the City provides descriptions that allow creditors to reasonably understand the specific topics the City's witnesses will address.

WHEREFORE, for the foregoing reasons, Syncora respectfully requests that this Court enter an order compelling the City to provide more specific descriptions of the topics that each of its witnesses will address.

*[Remainder of this page intentionally left blank]*

Dated: May 5, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*