# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |
| | ) |

## EEPK'S OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "EEPK"), by their undersigned attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable to this contested matter by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), respond to the City of Detroit, Michigan's (the "City") First Requests for Production of Documents to EEPK (the "Requests"). The Requests are reproduced in their entirety below with applicable objections and responses thereto.

## GENERAL OBJECTIONS

1.      EEPK objects that the City failed to file the Requests with the Court as required by Local Bankruptcy Rule 7026-1(a).

2.      EEPK objects to the Requests, including the instructions and definitions provided therewith, to the extent that they seek documents and information beyond the permissible scope of discovery.

3.     EEPK objects to the Requests to the extent that they are overly broad, unduly burdensome and beyond the scope of permissible discovery.  EEPK reserves the right to produce documents as they are kept in the ordinary course of business.

4.     EEPK objects to the Requests to the extent that they seek information prepared in anticipation of litigation or in preparation for trial, or protected by the attorney-client privilege, the attorney-work product doctrine, a common interest privilege, joint defense privilege, consulting privilege, mediation privilege or mediation confidentiality requirements, and/or other applicable privileges and immunities.

5.     EEPK objects to the Requests to the extent that they seek documents prepared by consulting experts which EEPK does not intend to designate to testify at the plan confirmation trial and to the extent that they seek documents prepared by EEPK in preparation for, or anticipation of, litigation.

6.     EEPK objects to the Requests to the extent they purport to require EEPK to reveal trial strategy and/or mental impressions of counsel.

7.     EEPK objects to the definition of the word "document" as being burdensome, over inclusive, and seeking access to information which is beyond the scope of permissible discovery.

8.     EEPK objects to the Requests to the extent that they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

9.     EEPK objects to the "Scope" of the Requests to the extent that they seek production of documents or information that are not within EEPK's legal possession, custody or control, or to produce documents or information that are not reasonably accessible within the

2

meaning of the Federal Rules. EEPK further objects to the Requests to the extent that they seek documents or information in a form or manner not required by the Federal Rules.

10. EEPK objects to the requests to the extent that they seek documents that are confidential under applicable European Union, German laws, or regulations applicable to EEPK.

11. EEPK objects to the Requests to the extent that they seek personal information held in Germany that is protected by the European Union and German privacy laws. Such privacy laws impose heightened protections against the collection, processing, and transfer of German documents to the United States for litigation purposes. Discovery of such documents would impose an unreasonable burden on EEPK that is not proportional to the probative value of any information likely to be found in such documents.

12. EEPK objects to each document request as duplicative and unnecessarily burdensome to the extent it seeks documents or information already within the City's (or its professionals' or agents') control or possession.

13. EEPK objects to Instruction No. 16 to the extent that it asks EEPK to track documents that have been "destroyed, lost, mislaid or otherwise missing." There is no requirement under the Federal Rules for a responding party to provide such information, which would impose an unnecessary, unreasonable and, in many cases, impossible burden for EEPK to meet.

14. All responses are based on documents currently in EEPK's possession after making a reasonable search for responsive documents. Further responsive documents may later be identified. EEPK expressly reserves the right to amend, supplement, or modify these responses and provide additional documents and/or to offer further information or documents at any trial, hearing, or other proceeding related to this matter.

3

15.     In gathering responsive documents, EEPK has attempted to interpret each document request using the ordinary meaning of words.  However, words that were not defined in the requests are objected to as vague and ambiguous because EEPK has no way of knowing what definition the City intended with respect to such words.

16.     EEPK reserves its right to object to the admission of any documents produced at any hearings on the matters being litigated, as well as any depositions.

17.     EEPK objects to the Requests insofar as they purport to compel the production of all documents or information in native file format, which is not required under the Federal Rules. EEPK will produce responsive, non-objectionable documents in text-searchable Tagged Image File Format ("TIFF"), 300 dpi, together with standard fields of metadata.  Responsive, non-objectionable documents that exist in Excel format will be produced natively, unless they require redaction, in which case the documents will be TIFFed and produced in the standard default format, described above.  EEPK will meet and confer with the City as necessary to discuss modifications to this default production format as well as any other issues relating to electronic discovery.

18.     A specific reference to a particular General Objection in the following responses is not intended to exclude the application of other General Objections to that response or of the General Objections to other responses.  To the extent EEPK responds to a Request to which it objects, such objections are not waived by the furnishing of information or providing of documents.  In addition, the inadvertent disclosure of privileged information or the release of privileged documents shall not constitute a waiver of any privilege.

4

**EEPK'S RESPONSES AND SPECIFIC OBJECTIONS TO THE REQUESTS**

**Request No. 1:**

Analysis you conducted regarding the Plan, including: (a) current or projected cash flows for the City of Detroit; (b) current or projected budgets for the City of Detroit; (c) the City of Detroit's inability or ability to pay its debts when they become due; (d) the City of Detroit's inability or ability to provide services [sic] municipal services to its citizens; (e) current or projected rates for collecting wagering taxes, property taxes, income taxes or other taxes by the City of Detroit in the short term (*i.e.,* five years), medium term (*i.e.,* ten years), and long term (*i.e.,* twenty years or more); (f) the Detroit Water and Sewer Department ("DWSD"); (g) the Detroit Institute of Arts ("DIA"); (h) the Public Lighting Authority of Detroit ("PLA"); and (i) the reinvestment and restructuring initiatives outlined in the Plan, including those initiatives to restructure, reform, improve or changes police, EMS and transportation services, remove blighted houses and buildings, improve the City's information technology infrastructure, or increase the staffing levels of certain City offices.

**Response:** In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 1 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, common interest privilege, joint defense privilege, or other applicable privileges. Furthermore, pursuant to the Court's *Fourth Amended Order Establishing Procedures, Deadline and Hearing Dates Relating to the Debtor's Plan of Adjustment* (together with any amendments thereto, the "Scheduling Order") [D.I. 4202], EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. EEPK will not be producing any documents responsive to Request No. 1 at this time.

**Request No. 2:**

Analysis you conducted regarding any alternative to the Plan.  This requests [sic] includes, but is not limited to, documents that address:  (a) the effects on you and other creditors; (b) the cost of operating the City of Detroit; (c) what constitutes an adequate level of City services; (d) levels of recovery for unsecured creditors (with or without a "Grand Bargain"); (e) comparable cities and, if applicable, the basis for concluding those cities are comparable; (f) asset sales by the City of Detroit; (g) tax collection rates (wagering, property, or income) in the short term (*i.e., five years*, medium term (*i.e., twenty years*), and long term (*i.e., forty years*); and (h) reinvestment and restructuring initiatives (*i.e., public services; fire services; blight removal; information technology infrastructure; or the City's Department of Transportation*).

      **Response:**  In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 2 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014.  If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its disclosure obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order.  EEPK will not be producing any documents responsive to Request No. 2 at this time.

**Request No. 3:**

Analysis you conducted that address any plans or intentions by you to challenge other creditors' claims or their recoveries with respect to the Plan.

      **Response:**  Based upon the meet and confer conducted on April 30, 2014 (the "Meet and Confer"), it is the understanding of EEPK that Request No. 3 has been withdrawn by the City. Accordingly, EEPK will not be producing any documents responsive to Request No. 3.  EEPK

nevertheless reserves and preserves any applicable objections to Request No. 3.

**Request No. 4:**

Analysis you conducted regarding how the Plan, if confirmed, would impact your claims or legal rights.

**Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 4, notwithstanding a potentially broader or different interpretation, seeks production of any analysis done by EEPK of the value of the potential recovery of the Holders under the Plan—*i.e.,* the value of the "New B Notes," as defined in the Plan. In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 4 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving the foregoing general and specific objections, EEPK will produce an analysis of EEPK's present estimate of EEPK's recovery ranges under the Plan based on the anticipated terms of the New B Notes (the "Recovery Range Analysis") previously provided to the City.

**Request No. 5:**

Analysis you conducted regarding your or other creditors' current financial condition.

    **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 5 has been withdrawn by the City. Accordingly, EEPK will not be producing any documents responsive to Request No. 5. EEPK nevertheless reserves and preserves any applicable objections to Request No. 5.

**Request No. 6:**

Analysis you conducted regarding your or other creditors' projected financial condition(s) under different recovery levels.

    **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 6, notwithstanding a potentially broader or different interpretation, seeks production of any analysis done by EEPK of the value of the potential recovery of the Holders under the Plan—*i.e.* the value of the New B Notes. In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 6 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving the foregoing general and specific objections, EEPK will produce the Recovery Range

Analysis.

**Request No. 7:**

Analysis you conducted regarding your or other creditors' projected financial condition in the event the Plan is not approved or the City's bankruptcy case is dismissed.

> **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 7, notwithstanding a potentially broader or different interpretation, seeks production of any analysis done by EEPK of what EEPK's recovery might be if it became free to exercise its state law remedies with respect to the COPs. In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 7 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving the forgoing general and specific objections, EEOK states that no documents in the possession of EEPK responsive to Request No. 7 exist.

**Request No. 8:**

Detroit debt purchased or held by or for you, the price you paid for that debt, the date(s) on which you acquired said debt and any arrangement you have for insuring, hedging, reselling, or engaging in any other transaction with respect to that debt.

9

**Response:** EEPK holds no debt of the City. As and to the extent that "debt" is intended by the City to include the claims associated with the 2005 and 2006 COPs transactions, EEPK incorporates by reference in its entirety EEPK's response to Request No. 10.

**Request No. 9:**

Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold it.

**Response:** EEPK holds no debt of the City. As and to the extent that "debt" is intended by the City to include the claims associated with the 2005 and 2006 COPs transactions, EEPK incorporates by reference in its entirety EEPK's response to Request No. 10.

**Request No. 10:**

Claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**Response:** In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 10 on the ground that it is (a) overly broad and unduly burdensome and (b) seeks documents that are not relevant to any Plan confirmation issue or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing general and specific objections, EEPK states that the only claims held by EEPK arise with respect to the COPs, and EEPK will produce a detailed summary of purchased and sales of the COPs by EEPK. In addition, EEPK refers the City to the proofs of claim filed by EEPK and Wilmington Trust, as contract administrator, in the City's bankruptcy case, copies of which will also be produced.

10

**Request No. 11:**

Communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

      **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 11 has been withdrawn by the City. Accordingly, EEPK will not be producing any documents responsive to Request No. 11. EEPK nevertheless reserves and preserves any applicable objections to Request No. 11.

**Request No. 12:**

Communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtain funds for, the City of Detroit. The request includes documents relating to any such communication with: (a) the White House; (b) any United States executive branch agencies or departments; (c) the United States Congress; (d) the Executive Office of the Governor of the State of Michigan; (e) the State of Michigan Legislature; (f) the City Council of the City of Detroit; and (g) the Office of the Mayor of the City of Detroit.

      **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 12 has been withdrawn by the City. Accordingly, EEPK will not be producing any documents responsive to Request No. 12. EEPK nevertheless reserves and preserves any applicable objections to Request No. 12.

**Request No. 13:**

Communications between you (or on your behalf) and the U.S. Trustee regarding the City's bankruptcy case or the Plan.

      **Response:** EEPK objects to Request No. 13 on the basis that the request is overly broad and seeks documents that are not relevant or are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing general and specific objections, EEPK will produce documents responsive to Request No. 13.

11

**Request No. 14:**

Analysis you conducted regarding the City of Detroit's future creditworthiness with or without Plan approval.

  **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 14, notwithstanding a potentially broader or different interpretation, seeks production of any analysis done by EEPK of the value of the potential recovery of the Holders under the Plan—*i.e.*, the value of the New B Notes. In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 14 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving the foregoing general and specific objections, EEPK will produce the Recovery Range Analysis.

**Request No. 15:**

Common interest agreements or arrangements or joint defense agreements or arrangements between you and any other City of Detroit creditors.

      **Response:** EEPK objects to Request No. 15 because it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing general and specific objections, EEPK will produce a copy of any common interest agreements it has executed and delivered in connection with the City's case.

**Request No. 16:**

Analysis you conducted regarding the City's legal debt limits or post-2006 assessments related to Limited Tax General Obligations.

      **Response:** In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 16 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. EEPK will not be producing any documents responsive to Request No. 16 at this time, except that without waiving the foregoing general and specific objections, EEPK states no documents in the possession of EEPK responsive to the request for any analysis of post-2006 assessments related to Limited Tax

General Obligations exist.

**Request No. 17:**

Claims made or notifications given to any insurance carriers under any insurance policy of which you are the owner, holders or beneficiary for any claims made against you in an amount exceeding $5 million since January 1, 2004.

    **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 17 has been withdrawn by the City. Accordingly, EEPK will not be producing any documents responsive to Request No. 17. EEPK nevertheless reserves and preserves any applicable objections to Request No. 17.

**Request No. 18:**

Criminal investigations or indictments of you or your directors, officers, employees, agents, or representatives related to the City of Detroit from January 1, 2004 to the present.

    **Response:** In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 18 because it is overly broad, unduly burdensome, and seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing general and specific objections, EEPK states that no documents in the possession of EEPK responsive to Request No. 18 exist.

**Request No. 19:**

Communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, retirees, trustees, insurance companies, or other financial institutions related to the City of Detroit bankruptcy or the Plan.

    **Response:** Based upon the Meet and Confer, it is the understanding of EEPK that Request No. 19 has been withdrawn by the City. Accordingly, EEPK will not be producing any documents responsive to Request No. 19. EEPK nevertheless reserves and preserves any applicable objections to Request No. 19.

**Request No. 20**:

Payments or other benefits provided by you to any City of Detroit official, officer, employee, agent, or representative.

    **Response:**  Without waiving the general objections, which are incorporated herein by reference, EEPK states that no documents in the possession of EEPK that are responsive to Request No. 20 exist.

**Request No. 21**:

Analysis of any property possessed by the Detroit of Institute of Arts, including any analysis of the value of any such property. This request is limited to documents created prior to January 1, 2013.

    **Response:**  In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 21 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, a common interest privilege, a joint defense privilege, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving any of the foregoing general or specific objections EEPK states that no documents in the possession of EEPK that are responsive to Request 21 exist that are not (a) attached to Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing the Debtor to Cooperate with Interested Parties Seeking to Conduct

Due Diligence on the Art Collection Housed at the Detroit Institute of Arts (the "Art Due Diligence Motion") [D.I. 3924], or (b) now being produced by the Detroit Institute of Art (the "DIA") in response to the discovery directed by EEPK, among others, to the DIA, which documents are subject to a non-disclosure agreement between EEPK and the City. It is EEPK's understanding that the City will seek such documents directly from the DIA.

**Request No. 22:**

Analysis performed by any experts you intend to call to testify at the hearing regarding the Plan.

**Response:** Subject to, and without waiving the foregoing general objections, which are incorporated herein by reference, as set forth in the Scheduling Order, EEPK is not required to designate expert witnesses that will testify at the Plan confirmation hearing until June 10, 2014, or produce any reports prepared by such experts until June 24, 2014. If EEPK designates any expert or experts to testify at the Plan confirmation hearing, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order.

**Request No. 23:**

Analysis regarding whether the Plan's treatment of certain unsecured creditors amounts to "unfair discrimination" within the meaning of 11 U.S.C. § 1129(b)(1).

**Response:** In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 23 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, a common interest privilege, a joint defense privilege, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any

reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent

EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial,

EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling

Order. Without waiving the foregoing general and specific objections, EEPK will produce the

Recovery Range Analysis.

**Request No. 24:**

Communications by you (or on your behalf) with any other creditor or creditor group regarding
City of Detroit pensions.

**Response:** Based upon the Meet and Confer, it is the understanding of EEPK that

Request No. 24 has been withdrawn by the City. Accordingly, EEPK will not be producing any

documents responsive to Request No. 24. EEPK nevertheless reserves and preserves any

applicable objections to Request No. 24.

**Request No. 25:**

Calculations of pension claims or individual retiree pensions, including the bases,
methodologies, and assumptions underlying those calculations.

**Response:** Based upon the Meet and Confer, it is the understanding of EEPK that

Request No. 25 has been withdrawn by the City. Accordingly, EEPK will not be producing any

documents responsive to Request No. 25. EEPK nevertheless reserves and preserves any

applicable objections to Request No. 25.

**Request No. 26:**

Documents related to your responses to Debtor's interrogatories not otherwise produced in
response to these requests.

**Response:** Without waiving the general objections, which are incorporated herein by

reference, EEPK states that no documents in the possession of EPPK that are responsive to

Request No. 26 exist.

**Request No. 27:**

Documents relating to any valuation of the art housed at the DIA conducted or arranged by Houlihan Lokey.

     **Response:**   In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 27 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, a common interest privilege, a joint defense privilege, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving any of the foregoing general or specific objections EEPK states that no documents in the possession of EEPK that are responsive to Request No. 27 exist that are not (a) attached to the Art Due Diligence Motion, or (b) now being produced by the DIA in response to the discovery directed by EEPK, among others, to the DIA, which documents are subject to a non-disclosure agreement between EEPK and the City. It is EEPK's understanding that the City will seek such documents directly from the DIA.

**Request No. 28:**

Analysis by you and/or Houlihan Lokey relating to the potential value of the art housed at the DIA.

      **Response:** In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 28 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, a common interest privilege, a joint defense privilege, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving any of the foregoing general or specific objections EEPK states that no documents in the possession of EEPK that are responsive to Request No. 28 exist that are not attached to the Art Due Diligence Motion.

**Request No. 29:**

Communications with Houlihan Lokey and/or other creditors of the City of Detroit relating to any valuation of the art housed at DIA, including but not limited to communications addressing the process or method utilized by Houlihan Lokey to value the art.

      **Response:** In addition to the general objections, which are incorporated herein by reference, EEPK objects to Request No. 29 because it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness

at trial, (b) were otherwise prepared by EEPK in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, a common interest privilege, a joint defense privilege, or other applicable privileges. Furthermore, pursuant to the Scheduling Order, EEPK is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent EEPK retains any expert witness for the purpose of testifying at the plan confirmation trial, EEPK will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Scheduling Order. Without waiving any of the foregoing general or specific objections EEPK states that no documents in the possession of EEPK that are responsive to Request No. 29 exist that are not attached to the Art Due Diligence Motion.

**Request No. 30:**

Any actual bids, proposals, non-binding indications of interest or non-binding term sheets (as those terms are used in DE #3923) received by you or Houlihan Lokey relating to the art housed at the DIA.

**Response:** Without waiving the general objections, which are incorporated herein by reference, EEPK states that no documents in the possession of EEPK that are responsive to Request No. 30 exist that are not attached to the Art Due Diligence Motion.

**Request No. 31:**

Communications between, on the one hand, you and/or Houlihan Lokey, and on the other [sic], any person who submitted a bid, proposal, non-binding indication of interest or non-binding term sheet (as those terms are used in DE #3923) relating to the art housed at the DIA.

**Response:** Without waiving the general objections, which are incorporated herein by reference, EEPK states that no documents in the possession of EEPK that are responsive to Request No. 31 exist that are not attached to the Art Due Diligence Motion.

Dated:  May 6, 2014.                    Respectfully submitted,


                                        /s/ Matthew G. Summers
                                        Matthew G. Summers, Esquire
                                        Ballard Spahr LLP
                                        919 North Market Street, 11th Floor
                                        Wilmington, Delaware 19801
                                        Tel:  (302) 252-4428
                                        Fax:  (302) 252-4466
                                        E-mail: summersm@ballardspahr.com

                                        Vincent J. Marriott, III, Esquire
                                        Ballard Spahr LLP
                                        1735 Market Street, 51st Floor
                                        Philadelphia, Pennsylvania 19103
                                        Tel:  (215) 864-8236
                                        Fax: (215) 864-9762
                                        E-mail: marriott@ballardspahr.com

                                        -and-

                                        Howard S. Sher, Esquire (P38337)
                                        Jacob & Weingarten, P.C.
                                        Somerset Place
                                        2301 W. Big Beaver Road, Suite 777
                                        Troy, Michigan 48084
                                        Tel:  (248) 649-1200
                                        Fax:  (248) 649-2920
                                        E-mail:  howard@jacobweingarten.com

                                        *Attorneys for Hypothekenbank Frankfurt AG,
                                        Hypothekenbank Frankfurt International S.A., Erste
                                        Europäische Pfandbrief- und Kommunalkreditbank
                                        Aktiengesellschaft in Luxemburg S.A.*

## CERTIFICATE OF SERVICE

I, Matthew G. Summers, state that on May 6, 2014, I filed a copy of the foregoing Objections and Responses to Debtor's First Requests for Production of Documents using the Court's ECF system and I hereby certify that the Court's ECF system has served counsel to the City and all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


/s/ *Matthew G. Summers*
Matthew G. Summers
E-mail: summersm@ballardspahr.com