UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| In re: | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | In Proceedings Under Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

## WAYNE COUNTY'S OBJECTIONS TO SUBPOENA FROM THE OFFICIAL RETIREE'S COMMITTEE FOR DEBTOR

Wayne County, Michigan, a Michigan Constitutional corporation ("Wayne County"), the recipient of a subpoena from the Official Retirees' Committee For Debtor (the "Retirees' Committee"), states:

**Background:**

1. On April 11, 2014, the Retirees' Committee served Wayne County with the Subpoena attached as Exhibit "A". The Requests contained in the Subpoena were modified by agreement of the Retirees' Committee counsel by e-mail from Joseph G. Selby on April 24, 2014. Each reference in this Objection to the Subpoena is to the Subpoena as modified.

2. Wayne County is making diligent efforts to comply with the Subpoena in connection with the expedited discovery in this case and reserves the right to make supplemental productions in addition to its initial production accompanying this Response.

3. Fed. R. Bankr. P. 9016 makes Fed. R. Civ. P. 45 applicable in cases under the Bankruptcy Code.

1

4. Fed. R. Civ. P. 45 provides that the Court may modify a subpoena that subjects a person to undue burden, See, also, Fed. R. Civ. P. 26 and 34 and Fed. R. Bankr. P. 7026 and 7034.

5. In this case, Wayne County is not a core party to the Bankruptcy case. Accordingly, the Court should protect it from overly-broad and searching Subpoenas.

6. Pursuant to FRCP 34(b)(2)(E)(ii), Wayne County is producing its records using the following reasonably-usable form of production: A Concordance load file will be provided with the first and last Bates number for each document, with standard extracted objective metadata fields, and with applicable OCR/extracted text. Hard copy documents will be scanned at 300dpi, or electronically converted as single-page CCITT Group IV TIFF files. TIFF file names will match the assigned Bates number of the underlying document page and will be unique and sequentially numbered. TIFF files will be accompanied with an image "cross-reference file" in I-PRO format (.lfp). Bates numbers will be electronically endorsed onto images. The file name assigned to the image will match the underlying document's Bates number. Spreadsheets or presentation files, if any, will be produced as full TIFF (with speaker notes, if applicable) and nativelink, along with a TIFF placeholder indicating "See Native File", unless any part of the document must be redacted. Time fields will be produced in hh:mm:ss format using a 24-hour clock (for example, 7:00 PM will appear as 19:00:00). Documents were ingested and will be produced using the Eastern Time Zone (U.S. and Canada)."

7. Wayne County objects to the Retirees' Committee's subpoena under Fed. R. Civ. P. 45 for the following general reasons:

2

## GENERAL OBJECTIONS

These General Objections are incorporated into each specific response and objection set forth below. No response set forth herein should be construed to constitute a waiver of any of these General Objections. The Specific Objections set forth below are made in addition to, and not in lieu of, these General Objections. The assertion of the same, similar or additional objections or the provision of partial answers in the Specific Objections does not waive or limit any of the General Objections.

1. Wayne County objects to the Subpoena, including all definitions and instructions, to the extent it seeks to impose requirements that are inconsistent with or in addition to the provisions of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure or the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan or other applicable rule or law.

2. Wayne County objects to the Subpoena, including all definitions and instructions, to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, joint-defense privilege, deliberate process privilege, common interest privilege, the mediation privilege or other applicable privilege or immunity, protected as trial preparation materials, or otherwise protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Mediation Order entered in this proceeding [Docket No. 322] or any other provision of law and will not knowingly disclose any information which is subject to such privilege or protection. In connection with this Subpoena, Wayne County does not intend to waive, and shall not be construed as having waived, any such privilege or protection.

3

3. Without waiver of any applicable privilege or protection, Wayne County objects to providing a privilege log in this expedited matter as unduly burdensome for a recipient of a third-party subpoena.

4. The inadvertent production of: (a) any confidential information or document without being designated "confidential," or (b) any privileged or protected information or document, is without prejudice to any claim that such information or document is confidential, privileged or otherwise protected, and such inadvertent production shall not be deemed to have waived any of the Wayne County's rights.

5. Wayne County objects to the Subpoena to the extent the requests are vague and ambiguous, overbroad, unduly burdensome, vexatious, oppressive, fail to specify with reasonable particularity the documents sought, would unreasonably require Wayne County to speculate as to the nature and/or scope of the documents sought, and lack sufficient precision to allow Wayne County to formulate an appropriate response.

6. Wayne County objects to the Subpoena to the extent the requests are not properly limited in time and scope or the time period for which information is sought is not properly defined or limited. Unless otherwise specified (as relates to Requests 5 and 8), and pursuant to an agreement with counsel for the Retirees' Committee, the relevant time period for the response to this Subpoena shall be February 1, 2013 to the present.

7. Wayne County objects the Subpoena to the extent it purports to require the disclosure of information not in the possession, custody or control of Wayne County. Wayne County specifically objects to searching for, or producing, documents from its outside advisors, attorneys, or consultants.

8.  Wayne County objects to the Subpoena to the extent it seeks information that is within the possession, custody or control of the Retirees' Committee, is publically available and/or equally available to the Retirees' Committee from other sources.

9.  Wayne County objects to the Subpoena to the extent it seeks information not relevant to the subject matter of the Bankruptcy Proceeding, not relevant to a claim, defense or objection of any party to the Bankruptcy Proceeding or not reasonably calculated to lead to the discovery of admissible evidence.

10. Wayne County objects to the Subpoena to the extent it seeks information reflecting and containing sensitive, confidential, and/or proprietary information of Wayne County, or seeks information that contravenes any confidentiality agreement or court order, or that would violate the privacy interests of others. Such information will be provided only upon entry of an appropriate protective order. By agreement with counsel for the Debtor, Wayne County understands that documents or information previously supplied by the Debtor to Wayne County on a "confidential" basis is no longer required to be maintained as confidential.

11. Wayne County objects to the Subpoena to the extent it calls for the production of documents not reasonably accessible or not in a reasonably usable form, including, but not limited to, information or documents stored or otherwise contained within inaccessible sources.

12. By responding to this Subpoena, Wayne County does not concede the relevance or admissibility of the information provided and reserves the right to object to the use of such information in the future, including at trial.

13. Wayne County objects to the Subpoena to the extent the requests are repetitive and duplicative.

5

14. Any statement herein to the effect that the Wayne County shall produce responsive documents is not a representation that any responsive documents in fact do exist or are within the Wayne County's possession, custody, or control.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

Wayne County asserts the following objections to the definitions and instructions, which are hereby incorporated in its responses to each specific request as if, set forth fully therein:

1. Wayne County objects to each and every definition and instruction to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, or other applicable rule or law.

2. Wayne County objects to each and every definition to the extent that it purports to define words in a way inconsistent with their generally understood meanings.

3. Wayne County objects to the phrases "any" and "all" as they are used throughout the Subpoena to the extent that such phrases render the requests as overbroad, ambiguous, and unduly burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES

In addition to the foregoing General Objections, which are incorporated by reference into each and every response set forth below, Wayne County makes the following specific responses and objections to the requests contained in the Subpoena [note that, for conformity, Wayne County is repeating the original requests from the Subpoena. However, these requests have been modified by discussion and agreement of the parties, and such modification is reflected in Wayne County's responses]

6

1. All documents relating to the County's evaluation of the GLWA or any other actual or potential transaction involving the formation of a regional "authority" as described in M.C.L. § 124.282 to take over operation of water and sewer service from the DWSD.

**RESPONSE:** Wayne County objects to Request No. 1 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Retirees' Committee that are within Wayne County's possession, custody, or control.

2. All documents relating to the terms or negotiation of any actual or potential transaction between the County and the City concerning the creation of a regional authority to take over water and sewer service from the DWSD, including but not limited to (a) draft leases and term sheets exchanged between the County and City and (b) any draft or final memorandums of understanding exchanged between the County and City.

**RESPONSE:** Wayne County objects to Request No. 2 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Retirees' Committee that are within Wayne County's possession, custody, or control.

3. All communications between the County and the City or the State regarding a potential transaction relating to the DWSD, including but not limited to the County's requests for financial due diligence as well as data regarding the amount of pension liabilities.

**RESPONSE:** Wayne County objects to Request No. 3 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request that are within Wayne County's possession, custody, or control.

4. All documents relating to the County's analysis of the City's Amended Plan and Amended Disclosure Statement.

**RESPONSE:** Wayne County objects to Request No. 4 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request as modified by agreement with counsel for the Retirees' Committee that are within Wayne County's possession, custody, or control.

5. All documents demonstrating the County's analysis of the condition of the retail system of the DWSD.

**RESPONSE:** Wayne County objects to Request No. 5 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects to this request on the grounds that it is vague and ambiguous. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and

8

can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request that are within Wayne County's possession, custody, or control based on Wayne County's understanding that the Request seeks documents reflecting Wayne County's analysis of the physical condition of DWSD's sewer system within the City of Detroit, Michigan from January 1, 2012 to the present.

6. All communications between the County and the City relating to information necessary for the County to complete a transaction to form a regional authority to assume operating control of the DWSD.

**RESPONSE:** Wayne County objects to Request No. 6 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is duplicative of Request No. 3. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request that are within Wayne County's possession, custody, or control.

7. All documents concerning the County's analysis of projected savings of the resulting from operation of the DWSD by a regional authority.

**RESPONSE:** Wayne County objects to Request No. 7 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is vague and ambiguous. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request as modified by agreement with counsel for the Retirees' Committee that are within

9

Wayne County's possession, custody, or control based on Wayne County's understanding that the Request seeks only documents reflecting Wayne County's analysis of projected cost savings resulting from operation of the DWSD by a regional authority.

8. All documents relating to the County's analysis or projections of the DWSD's deferred capital expenditures, operating expenses, revenues and/or rates at any time after 2013.

**RESPONSE:** Wayne County objects to Request No. 8 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is vague and ambiguous. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce all non-privileged documents responsive to the Request as modified by agreement with counsel for the Retirees' Committee that are within Wayne County's possession, custody, or control based on Wayne County's understanding that the Request seeks documents reflecting Wayne County's analysis of projected expenditures, revenues and rates, created from January 1, 2012 to the present.

9. All communications between the County and City relating to the payment or treatment of OPEB liabilities as part of any proposed transaction to form a regional authority to assume operating control of the DWSD.

**RESPONSE:** Wayne County objects to Request No. 9 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is duplicative of Request Nos. 2 and 3. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request are within Wayne County's possession, custody, or control.

10. All documents relating to the County's analysis of projected bond ratings of a new authority formed to operate the DWSD.

**RESPONSE:** Wayne County objects to Request No. 10 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it seeks documents that are not in Wayne County's possession, custody or control. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request as modified by agreement with counsel for the Retirees' Committee are within Wayne County's possession, custody, or control.

11. All documents relating to actual or potential transactions between the County and any water or sewer service providing entity other than the City and the DWSD.

**RESPONSE:** Wayne County objects to Request No. 11 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it seeks documents that are not in Wayne County's possession, custody or control. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request as modified by agreement with counsel for the Retirees' Committee are within Wayne County's possession, custody, or control.

Respectfully Submitted,

BUTZEL LONG, a professional Corporation

    /s/ Max J. Newman
By: Max J. Newman (P51483)
By: Beth Gotthelf (P38951)
Attorneys for Wayne County
Stoneridge West
41000 Woodward Ave
Bloomfield Hills, MI 48304
(248) 258-2907
newman@butzel.com

Dated: May 6, 2014

12