———————————————————— X
                                                     :

In re:                                          :     Chapter 9

CITY OF DETROIT, MICHIGAN,      :     Case No. 13-53846 (SWR)

                      Debtor.            :     Hon. Steven W. Rhodes

———————————————————— X

**RESPONSES AND OBJECTIONS TO DEBTOR'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to this contested matter by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, filed on April 21, 2014 ("<u>Fourth Scheduling Order</u>"), Dexia Crédit Local and Dexia Holdings, Inc. (collectively, "<u>Dexia</u>") by its attorneys, respond to the First Requests for Production of Documents (the "<u>Request</u>") of the City of Detroit, Michigan (the "<u>City</u>"), as follows:[1]

**General Statements and Objections**

      1.     Dexia objects generally to the Request to the extent specified below. All of the responses that follow are made subject to these objections. These responses and objections are based on present knowledge and, accordingly, are subject to additional or different information that discovery or further investigation may disclose.

---

[1] In its Request, the City of Detroit incorrectly identified Dexia as "Dexia Credit Local Holdings, Inc."

2. In providing responses to the Request, Dexia does not in any way waive or intend to waive, but rather intends to preserve and does preserve:

    a. All objections as to relevancy, materiality, competency, privilege, confidentiality, authenticity and admissibility;

    b. All objections as to overbreadth, oppressiveness and undue burden;

    c. All rights to object on any ground to the use of any of the information produced in response hereto in any proceedings;

    d. All objections as to vagueness and ambiguity;

    e. All rights to object on any ground to any further requests involving or relating to any of the paragraphs in the Request; and

    f. All rights at any time to revise, correct, supplement or clarify the responses and objections propounded herein.

3. Dexia objects to the Request to the extent that it purports to impose obligations broader in scope than those imposed by the Federal Rules, the Bankruptcy Rules or applicable local rules, and expressly disclaims any obligation to do more than is required by such rules.

4. Dexia objects that the City failed to file the Request with the Court as required by Local Bankruptcy Rule 7026-1(a).

5. Dexia objects to the Request to the extent that it seeks documents prepared by consulting experts whom Dexia does not intend to designate to testify at the Plan confirmation trial and to the extent that it seeks documents prepared by Dexia in preparation for or anticipation of litigation.

6. Dexia objects to the Request to the extent it seeks documents protected by the business strategy privilege.

7. Dexia objects to the definition of the word "document" as being burdensome, over inclusive, and seeking access to information beyond the scope of permissible discovery.

8. Dexia objects to each document request as duplicative and unnecessarily burdensome to the extent it seeks documents or information already within the City's (or its professionals' or agents') control or possession.

9. Dexia reserves its right to object to the admission of any documents produced at any hearings on the matters being litigated or at any depositions.

10. Dexia objects to the Request to the extent it seeks the production of information or documents protected by the attorney-client privilege, the work product doctrine, the common interest doctrine, applicable non-disclosure agreements or any other applicable privilege or immunity. In producing documents, Dexia is not agreeing to produce any such privileged or protected documents.

11. In making a production, Dexia reserves the right to recall any document that has been inadvertently produced and that is protected by the attorney-client privilege, the work product doctrine, the common interest doctrine or any other privilege or immunity from discovery. Moreover, production of any privileged or protected document or of any document otherwise properly subject to objection on any ground does not, and shall not be deemed to, constitute a waiver of any privilege, protection, or other objection that may apply to the

production of such document or any class or category of document from which it has been drawn.

12. Dexia objects to the Request to the extent it seeks documents dated prior to January 1, 2012. Any agreement to produce additional documents is conditioned on a reasonable time period for production, which will differ by request.

13. Dexia objects to the Request to the extent it seeks identification and/or production of documents that are not within its possession, custody or control.

14. Dexia objects to the Request to the extent it purports to require that Dexia search all its records, regardless of format or location, for responsive documents. Dexia will make a reasonable and good faith search for documents that it has agreed to produce in response to the Request.

15. Dexia's failure to object and/or agreement to produce documents responsive to any individual request does not mean that it has in its possession documents that are responsive to the Request.

16. Dexia objects to each of the City's requests to the extent that any request is duplicative of other requests. Dexia will produce responsive documents, but will not produce multiple copies of documents that are responsive to more than one request.

17. Dexia objects to each request, instruction and definition in the Request to the extent that it is unduly burdensome, vague, ambiguous, or overly broad, lacks specificity, or seeks information that is not relevant to any Plan confirmation issue.

18. Where Dexia indicates below that it will produce documents responsive to a particular request, it will produce only documents that are reasonably accessible and can be located without undue burden or expense.

19. Each of the above general objections shall be deemed to apply, where appropriate, to Dexia's responses set forth below notwithstanding the fact that it has supplied, or will supply, answers to the requests. Dexia reserves its right to supplement any document production from time to time in the event that it discovers further documents responsive to the City's demands and also reserves its right to supplement any response or objection herein.

20. Each of the responses to individual requests below incorporates without further reference each of the above general objections, and documents subject to these objections will not be produced.

**Specific Responses and Objections**

**Request No. 1:**

Analysis you conducted regarding the Plan, including: (a) current or projected cash flows for the City of Detroit; (b) current or projected budgets for the City of Detroit; (c) the City of Detroit's inability or ability to pay its debts when they become due; (d) the City of Detroit's inability or ability to provide services [sic] municipal services to its citizens; (e) current or projected rates for collecting wagering taxes, property taxes, income taxes or other taxes by the City of Detroit in the short term (*i.e.,* five years), medium term (*i.e.,* ten years), and long term (*i.e.,* twenty years or more); (f) the Detroit Water and Sewer Department ("DWSD"); (g) the Detroit Institute of Arts ("DIA"); (h) the Public Lighting Authority of Detroit ("PLA"); and (i) the reinvestment and restructuring initiatives outlined in the Plan, including those initiatives to restructure, reform, improve or changes police, EMS and transportation services, remove blighted houses and buildings, improve the City's information technology infrastructure, or increase the staffing levels of certain City offices.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to

be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order. If and to the extent Dexia retains any expert witness for the purpose of testifying at the Plan confirmation trial, Dexia will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Fourth Scheduling Order.

**Request No. 2:**

Analysis you conducted regarding any alternative to the Plan. This requests [sic] includes, but is not limited to, documents that address: (a) the effects on you and other creditors; (b) the cost of operating the City of Detroit; (c) what constitutes an adequate level of City services; (d) levels of recovery for unsecured creditors (with or without a "Grand Bargain"); (e) comparable cities and, if applicable, the basis for concluding those cities are comparable; (f) asset sales by the City of Detroit; (g) tax collection rates (wagering, property, or income) in the short term (*i.e.,* five years, medium term (*i.e.,* twenty years), and long term (*i.e.,* forty years); and (h) reinvestment and restructuring initiatives (*i.e.,* public services; fire services; blight removal; information technology infrastructure; or the City's Department of Transportation).

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order. If and to the

extent Dexia retains any expert witness for the purpose of testifying at the Plan confirmation trial, Dexia will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Fourth Scheduling Order.

**Request No. 3:**

Analysis you conducted that address any plans or intentions by you to challenge other creditors' claims or their recoveries with respect to the Plan.

    **Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order.

    Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 4:**

Analysis you conducted regarding how the Plan, if confirmed, would impact your claims or legal rights.

    **Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other

- 7 -
13-53846-tjt    Doc 4434    Filed 05/06/14    Entered 05/06/14 16:22:51    Page 7 of 20

applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order. If and to the extent Dexia retains any expert witness for the purpose of testifying at the Plan confirmation trial, Dexia will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Fourth Scheduling Order.

**Request No. 5:**

Analysis you conducted regarding your or other creditors' current financial condition.

  **Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue and is unduly burdensome. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges.

  Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 6:**

Analysis you conducted regarding your or other creditors' projected financial condition(s) under different recovery levels.

  **Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other

applicable privileges.  Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order.  If and to the extent Dexia retains any expert witness for the purpose of testifying at the Plan confirmation trial, Dexia will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Fourth Scheduling Order.

**Request No. 7:**

Analysis you conducted regarding your or other creditors' projected financial condition in the event the Plan is not approved or the City's bankruptcy case is dismissed.

**Dexia Response:**  Based upon the meet and confer conducted on April 30, 2014, it is the understanding of Dexia that Request No. 7, notwithstanding a potentially broader or different interpretation, seeks production of any analysis done by Dexia of what Dexia's recovery might be if it became free to exercise its state law remedies with respect to the COPs.  Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges.  Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order. If and to the extent Dexia retains any expert witness for the

purpose of testifying at the Plan confirmation trial, Dexia will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Fourth Scheduling Order.

**Request No. 8:**

Detroit debt purchased or held by or for you, the price you paid for that debt, the date(s) on which you acquired said debt and any arrangement you have for insuring, hedging, reselling, or engaging in any other transaction with respect to that debt.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges. Dexia further objects to this request on the ground that the term "Detroit debt" is vague and ambiguous.

Subject to and without waiving its objections, Dexia refers the City to the *Second Amended Verified Statement Pursuant to Bankruptcy Rule 2019* [D.I. 3087] (the "2019 Statement").

**Request No. 9:**

Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold it.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges. Dexia further objects to this request on the ground that the term "Detroit debt" is vague and ambiguous.

Subject to and without waiving its objections, Dexia refers the City to the 2019 Statement.

**Request No. 10:**

Claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges. Dexia further objects to this request on the ground that the term "Claims by you against the City of Detroit" is vague and ambiguous.

Subject to and without waiving its objections, Dexia refers the City to the 2019 Statement.

**Request No. 11:**

Communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue. Dexia further objects to this request on the ground that it seeks information that Dexia is prohibited from producing under French or Belgian law, including the French and Belgian blocking or similar statutes, and/or the EU Data Privacy regulations.

Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 12:**

Communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation

concerning, or any effort to obtain funds for, the City of Detroit. The request includes documents relating to any such communication with: (a) the White House; (b) any United States executive branch agencies or departments; (c) the United States Congress; (d) the Executive Office of the Governor of the State of Michigan; (e) the State of Michigan Legislature; (f) the City Council of the City of Detroit; and (g) the Office of the Mayor of the City of Detroit.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue. Dexia further objects to this request on the ground that it seeks information that Dexia is prohibited from producing under French or Belgian law, including the French and Belgian blocking or similar statutes, and/or the EU Data Privacy regulations.

Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 13:**

Communications between you (or on your behalf) and the U.S. Trustee regarding the City's bankruptcy case or the Plan.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue.

Subject to and without waiving its objections, Dexia responds that it does not have any responsive documents.

**Request No. 14:**

Analysis you conducted regarding the City of Detroit's future creditworthiness with or without Plan approval.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other

applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order.

Subject to and without waiving its objections, Dexia responds that it does not have any responsive documents.

**Request No. 15:**

Common interest agreements or arrangements or joint defense agreements or arrangements between you and any other City of Detroit creditors.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges.

Subject to and without waiving its objections, Dexia responds that Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. will be producing a copy of the parties' common interest arrangement.

**Request No. 16:**

Analysis you conducted regarding the City's legal debt limits or post-2006 assessments related to Limited Tax General Obligations.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue. Dexia further objects to this request on the ground that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or

to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order.

Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 17:**

Claims made or notifications given to any insurance carriers under any insurance policy of which you are the owner, holders or beneficiary for any claims made against you in an amount exceeding $5 million since January 1, 2004.

**Dexia Response:** Dexia objects to this request on the grounds that (a) it seeks documents and/or information that are not relevant to any Plan confirmation issue and (b) it seeks information concerning claims that it holds beyond the City of Detroit bankruptcy. Dexia further objects to this request on the ground that it seeks information that Dexia is prohibited from producing under French or Belgian law, including the French blocking or similar statutes, and/or the EU Data Privacy regulations.

Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 18:**

Criminal investigations or indictments of you or your directors, officers, employees, agents, or representatives related to the City of Detroit from January 1, 2004 to the present.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents

and/or information that are not relevant to any Plan confirmation issue.

Subject to and without waiving its objections, Dexia responds that it does not have any responsive documents.

**Request No. 19:**

Communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, retirees, trustees, insurance companies, or other financial institutions related to the City of Detroit bankruptcy or the Plan.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue and is overbroad and unduly burdensome. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges.

Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 20:**

Payments or other benefits provided by you to any City of Detroit official, officer, employee, agent, or representative.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue.

Subject to and without waiving its objections, Dexia responds that it does not have any responsive documents.

**Request No. 21:**

Analysis of any property possessed by the Detroit of Institute of Arts, including any analysis of the value of any such property. This request is limited to documents created prior to January 1, 2013.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue and is overbroad and unduly burdensome. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges.

Subject to and without waiving its objections, Dexia responds that it does not have any responsive documents.

**Request No. 22:**

Analysis performed by any experts you intend to call to testify at the hearing regarding the Plan.

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order.

**Request No. 23:**

Analysis regarding whether the Plan's treatment of certain unsecured creditors amounts to "unfair discrimination" within the meaning of 11 U.S.C. § 1129(b)(1).

**Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to

be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Dexia further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order.

**Request No. 24:**

Communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

    **Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that are not relevant to any Plan confirmation issue and is overbroad and unduly burdensome. Dexia further objects to this request on the ground that it seeks documents and/or information that are protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine or other applicable privileges.

    Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 25:**

Calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

    **Dexia Response:** Dexia objects to this request on the grounds that it seeks documents and/or information that (a) were developed or prepared by experts who have been retained or specially employed in anticipation of litigation or to prepare for trial and who are not expected to be called as a witness at trial, (b) were otherwise prepared by Dexia in anticipation of litigation, and (c) are protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges. Dexia further objects to this request on the grounds that it is premature

since the Fourth Scheduling Order provides June 10, 2014 as deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports, and Dexia will produce responsive information in accordance with the Fourth Scheduling Order.

Subject to and without waiving its objections, by agreement of the parties Dexia will not respond to this request.

**Request No. 26:**

Documents related to your responses to Debtor's interrogatories not otherwise produced in response to these requests.

**Dexia Response:** Subject to and without waiving its objections, Dexia responds that it will produce non-privileged responsive documents.

**Request No. 27:**

Documents relating to any valuation of the art housed at the DIA conducted or arranged by Houlihan Lokey.

**Dexia Response:** Subject to and without waiving its objections, Dexia responds that the only non-privileged responsive documents in its possession were attached as exhibits to the *Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing the Debtor to Cooperate with Interested Parties Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts* ("Art Due Diligence Motion") [D.I. 3924], and already are in the possession of the City.

**Request No. 28:**

Analysis by you and/or Houlihan Lokey relating to the potential value of the art housed at the DIA.

**Dexia Response:** Subject to and without waiving its objections, Dexia responds that the only non-privileged responsive documents in its possession were attached as exhibits to the Art Due Diligence Motion and already are in the possession of the City.

**Request No. 29:**

Communications with Houlihan Lokey and/or other creditors of the City of Detroit relating to any valuation of the art housed at DIA, including but not limited to communications addressing the process or method utilized by Houlihan Lokey to value the art.

**Dexia Response:** Subject to and without waiving its objections, Dexia responds that the only non-privileged responsive documents in its possession were attached as exhibits to the Art Due Diligence Motion and already are in the possession of the City.

**Request No. 30:**

Any actual bids, proposals, non-binding indications of interest or non-binding term sheets (as those terms are used in DE #3923) received by you or Houlihan Lokey relating to the art housed at the DIA.

**Dexia Response:** Subject to and without waiving its objections, Dexia responds that the only non-privileged responsive documents in its possession were attached as exhibits to the Art Due Diligence Motion and already are in the possession of the City.

**Request No. 31:**

Communications between, on the one hand, you and/or Houlihan Lokey, and on the other [sic], any person who submitted a bid, proposal, non-binding indication of interest or non-binding term sheet (as those terms are used in DE #3923) relating to the art housed at the DIA.

**Dexia Response:** Subject to and without waiving its objections, Dexia responds that the only non-privileged responsive documents in its possession were attached as exhibits to the Art Due Diligence Motion and already are in the possession of the City.

Dated: May 6, 2014

/S/Deborah L. Fish
**ALLARD & FISH, P.C.**
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142
dfish@allardfishpc.com
P38560

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for Dexia Crédit Local and Dexia Holdings, Inc.*

z:\13\079\plds\response_to_document_requests.doc