UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:  ) Case No. 13-53846
 )
CITY OF DETROIT, MICHIGAN,  ) In Proceedings Under
 ) Chapter 9
Debtor.  )
 ) Hon. Steven W. Rhodes

## WAYNE COUNTY'S OBJECTIONS TO SUBPOENA FROM THE AD HOC BONDHOLDERS

Wayne County, Michigan, a Michigan Constitutional corporation ("Wayne County"), the recipient of a subpoena from Nuveen Asset Management and Blackrock Financial Management, Inc. (the "Ad Hoc Bondholders"), states:

### Background:

1. On April 11, 2014, the Retirees' Committee served Wayne County with the Subpoena attached as Exhibit "A".

2. Wayne County has made diligent efforts to comply with the Subpoena in connection with the expedited discovery in this case and reserves the right to supplement the documents produced with this Objection.

### Argument:

3. Fed. R. Bankr. P. 9016 makes Fed. R. Civ. P. 45 applicable in cases under the Bankruptcy Code.

1

4. Fed. R. Civ. P. 45 provides that the Court may modify a subpoena that subjects a person to undue burden, See, also, Fed. R. Civ. P. 26 and 34 and Fed. R. Bankr. P. 7026 and 7034.

5. In this case, Wayne County is not a core party to the Bankruptcy case. Accordingly, the Court should protect it from overly-broad and searching Subpoenas.

6. Wayne County responds below to the Subpoena as amended by agreement of counsel for the Ad Hoc Bondholders, which agreement was memorialized in a letter from Allan Brilliant, Esq. (counsel for the Macomb County Public Works Commissioner) dated April 23, 2014, and confirmed by Gregory A. Horowitz, Esq. via e-mail on April 24, 2014 (the "Letter Agreement").

7. Wayne County objects to the Retirees' Committee's subpoena under Fed. R. Civ. P. 45 for the following general reasons:

## **GENERAL OBJECTIONS**

These General Objections are incorporated into each specific response and objection set forth below. No response set forth herein should be construed to constitute a waiver of any of these General Objections. The Specific Objections set forth below are made in addition to, and not in lieu of, these General Objections. The assertion of the same, similar or additional objections or the provision of partial answers in the Specific Objections does not waive or limit any of the General Objections.

1. Wayne County objects to the Subpoena, including all definitions and instructions, to the extent it seeks to impose requirements that are inconsistent with or in addition to the provisions of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure

2

or the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan or other applicable rule or law.

2. Wayne County objects to the Subpoena, including all definitions and instructions, to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, joint-defense privilege, deliberate process privilege, common interest privilege, the mediation privilege or other applicable privilege or immunity, protected as trial preparation materials, or otherwise protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Mediation Order entered in this proceeding [Docket No. 322] or any other provision of law and will not knowingly disclose any information which is subject to such privilege or protection. In connection with this Subpoena, Wayne County does not intend to waive, and shall not be construed as having waived, any such privilege or protection.

3. Wayne County objects to the Subpoena to the extent it prematurely calls for the disclosure of expert materials or exert opinion testimony that will be handled as part of expert discovery.

4. Without waiver of any applicable privilege or protection, Wayne County objects to providing a privilege log in this expedited matter as unduly burdensome. Pursuant to an agreement with Counsel for the Ad Hoc Bondholders, Wayne County is not required to provide a privilege log.

5. The inadvertent production of: (a) any confidential information or document without being designated "confidential," or (b) any privileged or protected information or document, is without prejudice to any claim that such information or document is confidential,

3

privileged or otherwise protected, and such inadvertent production shall not be deemed to have waived any of the Wayne County's rights.

6. Wayne County objects to the Subpoena to the extent the requests are vague and ambiguous, overbroad, unduly burdensome, vexatious, oppressive, fail to specify with reasonable particularity the documents sought, would unreasonably require Wayne County to speculate as to the nature and/or scope of the documents sought, and lack sufficient precision to allow Wayne County to formulate an appropriate response.

7. Wayne County objects to the Subpoena to the extent the requests are not properly limited in time and scope or the time period for which information is sought is not properly defined or limited. Pursuant to the agreement with counsel for the Ad Hoc Bondholders, the relevant time period for the response to this Subpoena shall be February 1, 2013 to the present.

8. Wayne County objects the Subpoena to the extent it purports to require the disclosure of information not in the possession, custody or control of Wayne County. Wayne County specifically objects to searching for, or producing, documents from its outside advisors, attorneys, or consultants.

9. Wayne County objects to the Subpoena to the extent it seeks information that is within the possession, custody or control of the Ad Hoc Bondholders, is publically available and/or equally available to the Ad Hoc Bondholders from other sources.

10. Wayne County objects to the Subpoena to the extent it seeks information not relevant to the subject matter of the Bankruptcy Proceeding, not relevant to a claim, defense or objection of any party to the Bankruptcy Proceeding or not reasonably calculated to lead to the discovery of admissible evidence.

11. Wayne County objects to the Subpoena to the extent it seeks information reflecting and containing sensitive, confidential, and/or proprietary information of Wayne County, or seeks information that contravenes any confidentiality agreement or court order, or that would violate the privacy interests of others. Such information will be provided only upon entry of an appropriate protective order. By agreement with counsel for the Debtor, Wayne County understands that documents or information previously supplied by the Debtor to Wayne County on a "confidential" basis is no longer required to be maintained as confidential.

12. Wayne County objects to the Subpoena to the extent it calls for the production of documents not reasonably accessible or not in a reasonably usable form, including, but not limited to, information or documents stored or otherwise contained within inaccessible sources.

13. By responding to this Subpoena, Wayne County does not concede the relevance or admissibility of the information provided and reserves the right to object to the use of such information in the future, including at trial.

14. Wayne County objects to the Subpoena to the extent the requests are repetitive and duplicative.

15. Any statement herein to the effect that the Wayne County shall produce responsive documents is not a representation that any responsive documents in fact do exist or are within the Wayne County's possession, custody, or control.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

Wayne County asserts the following objections to the definitions and instructions, which are hereby incorporated in its responses to each specific request as if set forth fully therein:

1. Wayne County objects to each and every definition and instruction to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil

Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, or other applicable rule or law.

2. Wayne County objects to each and every definition to the extent that it purports to define words in a way inconsistent with their generally understood meanings.

3. Wayne County objects to the phrases "any" and "all" as they are used throughout the Subpoena to the extent that such phrases render the requests as overbroad, ambiguous, and unduly burdensome.

### SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections, which are incorporated by reference into each and every response set forth below, Wayne County makes the following specific responses and objections to the requests contained in the Subpoena [note that Wayne County is repeating the original requests from the Subpoena. However, these requests have been modified by the Letter Agreement and such modification is reflected in Wayne County's responses]:

1. All documents reflecting any study, assessment, estimate or opinion regarding historical or future System rates, Capital Expenditures, volumes by customer rate class and service/geographic location, and/or operating expenses.

**Response:** Wayne County objects to Request No. 1 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly broad and unduly burdensome and that the request is vague and ambiguous. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Ad Hoc Bondholders that are within Wayne County's possession, custody, or control.

6

2. All documents evincing or referring to "feather-bedding" within DWSD, and any and all opinions, assessments, studies or reports reflecting any proposed solutions to such issues.

**Response:** Wayne County objects to Request No. 2 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is vague and ambiguous. Subject to the foregoing objections (and the General Objections set forth above), and based on Wayne County's understanding of the term "feather-bedding" as used in this context and as described in a conference call with counsel for the Ad Hoc Bondholders, Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Ad Hoc Bondholders that are within Wayne County's possession, custody, or control.

3. All documents concerning any analysis of DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding.

**Response:** Wayne County objects to Request No. 3 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Ad Hoc Bondholders that are within Wayne County's possession, custody, or control.

4. All communications with the City, Oakland County, or Macomb County concerning DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding, and all documents evincing all rate-setting agreements and negotiations regarding the same.

**Response:** Wayne County objects to Request No. 4 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Ad Hoc Bondholders that are within Wayne County's possession, custody, or control.

5. All documents relating to the prospect of forming any regional authority or private enterprise to operate, manage, and/or own the Systems, and all documents evincing negotiations, agreements or understandings with the City, Oakland County, Macomb County, and any other County or entity (public or private) regarding disposition or "monetization" of the Systems or altering rates chargeable by the Systems.

**Response:** Wayne County objects to Request No. 5 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Ad Hoc Bondholders that are within Wayne County's possession, custody, or control.

6. All reports, whether generated internally or by outside consultants, regarding the appropriate interest rate and comparables utilized in creating the Interest Rate Reset Chart (as defined in the Plan), attached as Exhibit I.A.150 to the Plan.

**Response:** Wayne County objects to Request No. 6 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. Wayne County further objects on the grounds that it is overly

broad and unduly burdensome. Subject to the foregoing objections (and the General Objections set forth above), Wayne County will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by agreement with counsel for the Ad Hoc Bondholders that are within Wayne County's possession, custody, or control.

                              Respectfully Submitted,

                              BUTZEL LONG, a professional Corporation

                                    /s/ Max J. Newman
                              By: Max J. Newman (P51483)
                              By: Beth Gotthelf (P38951)
                              Attorneys for Wayne County
                              Stoneridge West
                              41000 Woodward Ave
                              Bloomfield Hills, MI 48304
                              (248) 258-2907
                              newman@butzel.com

Dated: May 6, 2014