UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN<br><br>Debtor. | Chapter 9<br>Case No. 13-53846<br>Hon. Steven W. Rhodes |

# OAKLAND COUNTY'S RESPONSE TO SUBPOENA FOR DOCUMENTS FROM NUVEEN ASSET MANAGEMENT AND BLACKROCK FINANCIAL MANAGEMENT, INC.

Oakland County, through its counsel, responds to the Subpoena for Documents ("Requests") from Nuveen Asset Management and Blackrock Financial Management, Inc. as follows and will produce documents in accordance with the April 15 and 21 meet and confer among counsel.

## GENERAL OBJECTIONS

The following objections are stated as to all demands, whether or not specifically restated in response to any particular Request.

1. Oakland County objects to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements beyond those contained in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan.

2. Oakland County objects to the Requests to the extent that they seek information which is not relevant to the subject matter of this action in that it is neither admissible in evidence nor reasonably calculated to lead to the discovery of admissible evidence related to a claim or defense in this action.

3. Oakland County objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product

doctrine, the joint defense privilege, accountant-client privilege, the common interest doctrine, or other any applicable privilege.

4. Oakland County objects to the Requests to the extent that they are oppressive, overly broad, unduly burdensome, would involve unreasonable financial expense to Oakland County, and/or seek confidential information. Oakland County will produce confidential documents only after a suitable protective order is in place.

5. Oakland County objects to the Requests to the extent they seek the production of information and documents which are not within its possession, custody, or control.

6. Oakland County objects to the Requests to the extent that they are vague, ambiguous, or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response.

7. Oakland County objects to the Requests to the extent that they are unduly burdensome, compound, and/or duplicative.

8. Oakland County objects to the Requests to the extent that they purport to seek documents that are a matter of public record and/or documents that are otherwise equally accessible.

9. Oakland County objects to the Requests to the extent that they call for organization of documents according to the request. Oakland County will produce discoverable documents as they are kept in the ordinary course of business.

10. Oakland County states these objections without waiving or intending to waive, but on the contrary preserving and intending to preserve: (a) all objections to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses to the Requests or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any grounds to the use of any response, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object on any grounds at any time to a demand for further response to these or any other discovery procedures involving or related to the subject matter of the Requests; and (d) the right to object on any grounds to any other or future discovery requests.

11. By responding to any Discovery Request, Oakland County does not admit the relevance or admissibility of the information and/or documents provided.

## REQUESTS FOR DOCUMENTS

**REQUEST:**

1. All documents reflecting any study, assessment, estimate or opinion regarding historical or future System rates, Capital Expenditures, volumes by customer rate class and service/geographic location, and/or operating expenses.

**RESPONSE:**

Subject to the General Objections and as limited by agreement among counsel, Oakland will produce existing, non-privileged documents.

**REQUEST:**

2. All documents evincing or referring to "feather-bedding" within DWSD, and any and all opinions, assessments, studies or reports reflecting any proposed solutions to such issues.

**RESPONSE:**

Subject to the General Objections and as limited by agreement among counsel, Oakland will produce existing, non-privileged documents.

**REQUEST:**

3. All documents concerning any analysis of DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding.

**RESPONSE:**

Subject to the General Objections and as limited by agreement among counsel, Oakland will produce existing, non-privileged documents.

**REQUEST:**

4. All communications with the City, Macomb County, or Wayne County concerning DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding, and all documents evincing all rate-setting agreements and negotiations regarding the same.

**RESPONSE:**

Subject to the General Objections and as limited by agreement among counsel, Oakland will produce existing, non-privileged documents.

**REQUEST:**

5. All documents relating to the prospect of forming any regional authority or private enterprise to operate, manage, and/or own the Systems, and all documents evincing negotiations, agreements or understandings with the City, Macomb County, Wayne County, and any other County or entity (public or private) regarding disposition or "monetization" of the Systems or altering rates chargeable by the Systems.

**RESPONSE:**

Subject to the General Objections and as limited by agreement among counsel, Oakland will produce existing, non-privileged documents.

**REQUEST:**

6. All reports, whether generated internally or by outside consultants, regarding the appropriate interest rate and comparables utilized in creating the Interest Rate Reset Chart (as defined in the Plan), attached as Exhibit I.A.150 to the Plan.

**RESPONSE:**

Subject to the General Objections and as limited by agreement among counsel, Oakland will produce existing, non-privileged documents.

Respectfully submitted,

**CARSON FISCHER, P.L.C.**

By: */s/Joseph M. Fischer*
Joseph M. Fischer (P13452)
Robert A. Weisberg (P26698)
Christopher Grosman (P58693)
4111 Andover Road, West – Second Floor
Bloomfield, Michigan 48302-1924
Telephone: (248) 644-4840
Facsimile: (248) 644-1832
Email: JFischer@CarsonFischer.com
RWweisberg@CarsonFischer.com
CGrosman@CarsonFischer.com

*Counsel for Oakland County, Michigan*

**YOUNG & ASSOCIATES**

By: */s/ Sara K. MacWilliams*
Sara K. MacWilliams (P67805)
Jaye Quadrozzi (P71646)
27725 Stansbury Blvd., Suite 125
Farmington Hills, MI 48334
Telephone: (248) 353-8620
Email: efiling@youngpc.com
macwilliams@youngpc.com
quadrozzi@youngpc.com

*Co-counsel for Oakland County, Michigan*

Date: May 6, 2014

# CERTIFICATE OF SERVICE

I certify that on May 6, 2014 I electronically filed Oakland County's Response to Subpoena for Documents from Nuveen Asset Management and Blackrock Financial Management, Inc. with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**Young & Associates**

 /s/ Sara K. MacWilliams
27725 Stansbury Boulevard, Suite 125
Farmington Hills, Michigan 48334
248.353.8620
efiling@youngpc.com
P67805