# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN | : | Case No. 13-53846 |
| | : | |
| Debtor. | : | Hon. Steven W. Rhodes |
| | : | |

## DEUTSCHE BANK'S RESPONSES AND OBJECTIONS TO DEBTOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Deutsche Bank AG, London ("Deutsche Bank"), by their undersigned attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable to this contested matter by Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, filed on April 21, 2014 ("Fourth Scheduling Order"), responds and objects to the City of Detroit, Michigan's (the "City") First Requests for Production of Documents to Deutsche Bank (the "Requests") as follows:

## GENERAL OBJECTIONS

The following General Objections apply to each of the document requests propounded by the City in the Requests and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each of the separately numbered document requests.

1. Deutsche Bank objects that the City failed to file the Requests with the Court as required by Local Bankruptcy Rule 7026-1(a).

2. Deutsche Bank objects to all instructions, definitions, and document requests to the extent that they purport to impose obligations on Deutsche Bank that exceed or vary from the

requirements of, or call for Deutsche Bank to do more than is required under, the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedures and the applicable Local Rules of this Court. Deutsche Bank has construed the Requests in accordance with those Rules.

3. Deutsche Bank objects to each document request to the extent that it is unreasonably vague and ambiguous or does not specify the documents sought with sufficient particularity.

4. Deutsche Bank objects to each document request to the extent that it is overbroad, vexatious, oppressive, or places an undue burden and/or cost on Deutsche Bank. In responding to the Requests, Deutsche Bank will identify custodians reasonably likely to have had responsive material relating to the issues within the scope of permissible discovery, and will perform targeted searches of those custodians' documents and information to search for relevant, non-privileged documents and information.

5. Deutsche Bank objects to each document request to the extent it requires Deutsche Bank to search for and produce documents and information stored on backup tapes and similar electronically stored information that is not reasonably accessible because of undue burden or cost.

6. Deutsche Bank objects to each document request to the extent that it seeks documents or information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence.

7. Deutsche Bank objects to each document request to the extent that it is unreasonably cumulative or duplicative.

8. Deutsche Bank objects to each document request to the extent that it seeks production of "all" documents under circumstances in which production of a subset of

documents would be sufficient to show the pertinent information.

9. Deutsche Bank objects to each document request to the extent that it purports to require Deutsche Bank to seek information and/or documents in the possession of other persons or entities or to create documents not presently in the possession, custody, or control of Deutsche Bank. Deutsche Bank further objects to each document request to the extent that it requests information and/or documents that are already in the possession, custody, or control of the City, or otherwise in the public domain. Deutsche Bank will produce documents only to the extent such information or materials are in the possession, custody, or control of Deutsche Bank and are not otherwise publicly available.

10. Deutsche Bank objects to each document request to the extent that it seeks information covered by the attorney-client privilege, the joint defense or common interest privilege, the work product doctrine, or any other privilege or immunity from production. Information and documents covered by one or more privileges will not be produced.

11. Deutsche Bank objects to each document request to the extent that it seeks information of a confidential or proprietary nature or information protected from disclosure by law, court order, or any agreement with respect to confidentiality or disclosure.

12. Inadvertent production of any material that is subject to the attorney-client privilege, the work product doctrine, the common interest/joint client privilege, is prepared in anticipation of litigation or for trial, or is otherwise protected or immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such material, its subject matter or information contained therein, or of Deutsche Bank's right to object to the use of such material during any later proceeding or otherwise seek return of the material. The production of any material does not constitute an admission by Deutsche Bank

that such material or the information contained therein is relevant to this action or admissible in evidence.

13. Deutsche Banks's search for information and/or documents is ongoing and it reserves the right to rely on any facts, documents, or other evidence that may develop or may come to its attention at a later time. Deutsche Bank responds to each of the City's requests based on information known to Deutsche Bank at the time of these responses and such responses are set forth without prejudice to its right to assert additional information or grounds for objection. Deutsche Bank reserves its right to supplement or amend these responses at any time.

14. Deutsche Bank reserves all objections to the use or admissibility of any material produced that may be available to it in any subsequent proceeding, hearing, or trial.

15. The failure of Deutsche Bank to make a specific objection to a particular document request is not, and shall not be construed as, an admission that responsive information exists. Likewise, any statement herein that Deutsche Bank will produce information or any documents in response to an individual document request does not mean that Deutsche Bank in fact has any such information or documents, or that any such information or documents exist, or that it will search all files maintained by any person, but instead reflects the intention of Deutsche Bank, subject to its objections, to conduct a reasonable search for responsive information or documents in files maintained by or on behalf of those custodians whose documents Deutsche Bank has agreed to produce.

## **SPECIFIC OBJECTIONS AND RESPONSES**

The General Objections set forth above apply to each specific objection and response below to the individual requests in the Requests. Without waiving, limiting the generality of, or

departing from the General Objections, Deutsche Bank makes the following objections and responses to individual requests, as follows:

**REQUEST NO. 1:**

Analysis you conducted regarding the Plan, including: (a) current or projected cash flows for the City of Detroit; (b) current or projected budgets for the City of Detroit; (c) the City of Detroit's inability or ability to pay its debts when they become due; (d) the City of Detroit's inability or ability to provide services [sic] municipal services to its citizens; (e) current and/or projected tax collection (wagering, property, and/or income) for the City in the short term (*i.e.,* five years), medium term (*i.e.,* twenty years), and long term (*i.e.,* forty years or more); (f) the Detroit Water and Sewer Department ("DWSD"); (g) the Detroit Institute of Arts ("DIA"); (h) the Public Lighting Authority of Detroit ("PLA"); and (i) the reinvestment and restructuring initiatives outlined in the Plan(i.e. polices services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

  **RESPONSE:** Deutsche Bank objects to Request No. 1 on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Accordingly, subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank will not produce any documents responsive to Request No. 1 at this time.

**REQUEST NO. 2:**

Analysis you conducted regarding any alternative to the Plan. This requests [sic] includes, but is not limited to, documents that address: (a) the effects on you and other creditors; (b) the cost of operating the City of Detroit; (c) what constitutes an adequate level of City services; (d) levels of recovery for unsecured creditors (with or without a "Grand Bargain"); (e) comparable cities and, if applicable, the basis for concluding those cities are comparable; (f) asset sales by the City of Detroit; (g) tax collection rates (wagering, property, or income) in the short term (*i.e.,* five years, medium term (*i.e.,* twenty years), and long term (*i.e.,* forty years); and (h) reinvestment and restructuring initiatives (*i.e.,* public services; fire services; blight removal; information technology infrastructure; or the City's Department of Transportation).

**RESPONSE:** Deutsche Bank objects to Request No. 2 on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Accordingly, subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank will not produce any documents responsive to Request No. 2 at this time.

**REQUEST NO. 3:**

Analysis you conducted that address any plans or intentions by you to challenge other creditors' claims or their recoveries with respect to the Plan.

**RESPONSE:** Deutsche Bank objects to Request No. 3 on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 3 has been withdrawn.

**REQUEST NO. 4:**

Analysis you conducted regarding how the Plan, if confirmed, would impact your claims or legal rights.

**RESPONSE:** Deutsche Bank objects to Request No. 4 on the grounds that it seeks

documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Accordingly, subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank will not produce any documents responsive to Request No. 4 at this time.

**REQUEST NO. 5:**

Analysis you conducted regarding your or other creditors' current financial condition.

  **RESPONSE:** Deutsche Bank objects to Request No. 5 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Deutsche Bank further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 5 has been withdrawn.

**REQUEST NO. 6:**

Analysis you conducted regarding your or other creditors' projected financial condition(s) under different recovery levels.

  **RESPONSE:** Deutsche Bank objects to Request No. 6 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Deutsche Bank further objects to this request on

the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Accordingly, subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank will not produce any documents responsive to Request No. 6 at this time.

**REQUEST NO. 7:**

Analysis you conducted regarding your or other creditors' projected financial condition in the event the Plan is not approved or the City's bankruptcy case is dismissed.

**RESPONSE:** Deutsche Bank objects to Request No. 7 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Deutsche Bank further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Accordingly, subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank will not produce any documents responsive to Request No. 7 at this time.

**REQUEST NO. 8:**

Claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such

claims were purchased or sold.

**RESPONSE:** Deutsche Bank objects to Request No. 8 on the grounds that it is overly broad and unduly burdensome. Deutsche Bank further objects to this request on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank states that the only claims held by Deutsche Bank arose in connection with the 2005 and 2006 COPs transaction and that documents relating to those claims already are in the possession of the City as a result of, among other things, the proofs of claim filed by Deutsche Bank and Wilmington Trust, as contract administrator, in the City's bankruptcy case.

**REQUEST NO. 9:**

Communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**RESPONSE:** Deutsche Bank objects to Request No. 9 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 9 has been withdrawn.

**REQUEST NO. 10:**

Communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtain funds for, the City of Detroit. The request includes documents relating to any such communication with: (a) the White House; (b) any United States executive branch agencies or departments; (c) the United States Congress; (d) the Executive Office of the Governor of the State of Michigan; (e) the State of Michigan Legislature; (f) the City Council of the City of Detroit; and (g) the Office of the Mayor of the City of Detroit.

**RESPONSE:** Deutsche Bank objects to Request No. 10 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 10 has been withdrawn.

**REQUEST NO. 11:**

Communications between you (or on your behalf) and the U.S. Trustee regarding the City's bankruptcy case or the Plan.

**RESPONSE:** Deutsche Bank objects to Request No. 11 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank states that no documents responsive to Request No. 11 exist within its possession, custody, or control.

**REQUEST NO. 12:**

Analysis you conducted regarding the City of Detroit's future creditworthiness with or without Plan approval.

**RESPONSE:** Deutsche Bank objects to Request No. 12 on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank states that no documents responsive to Request No. 12 exist within its possession, custody, or control.

**REQUEST NO. 13:**

Common interest agreements or arrangements between you and any other City of Detroit creditors.

**RESPONSE:** Deutsche Bank objects to Request No. 13 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Deutsche Bank further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine. Subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank states that Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; Erste Europäische Pfandbrief-und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A., the custodian of such documents, will be producing any documents responsive to Request No. 13.

**REQUEST NO. 14:**

Joint defense agreements or arrangements between you and any other City of Detroit creditors.

**RESPONSE:** Deutsche Bank objects to Request No. 14 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Deutsche Bank further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine. Subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank states that Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; Erste Europäische Pfandbrief-und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A., the custodian of such documents, will be producing any documents responsive to Request No. 14.

**REQUEST NO. 15:**

Analysis you conducted regarding the City's legal debt limits or post-2006 assessments related to Limited Tax General Obligations.

**RESPONSE:** Deutsche Bank objects to Request No. 15 on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Accordingly, subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank will not produce any documents responsive to Request No. 15 at this time.

**REQUEST NO. 16:**

Notifications given to any insurance carriers including but not limited to potential/actual malpractice of breach of fiduciary duty claims since January 1, 2004.

**RESPONSE:** Deutsche Bank objects to Request No. 16 on the grounds that it is overly broad, and unduly burdensome. Deutsche Bank further objects to this request on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 16 has been withdrawn.

**REQUEST NO. 17:**

Communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

**RESPONSE:** Deutsche Bank objects to Request No. 17 on the grounds that it is overly

broad and unduly burdensome.  Deutsche Bank further objects to this request on the grounds that it seeks documents that are not relevant to any Plan confirmation issue and not reasonably calculated to lead to the discovery of admissible evidence.  Deutsche Bank further objects to this request on the grounds that it seeks documents that are protected by the attorney-client privilege, the work-product doctrine, a common interest privilege, a joint defense privilege, or other applicable privileges.  Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 17 has been withdrawn.

**REQUEST NO. 18:**

Analysis of any property possessed by the Detroit of Institute of Arts, including any analysis of the value of any such property or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.  This request is limited to documents created prior to January 1, 2013.

**RESPONSE:**  Deutsche Bank objects to Request No. 18, on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026.  Subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank states that no documents responsive to Request No. 18 exist within its possession, custody or control.

**REQUEST NO. 19:**

Analysis performed by any experts you intend to call to testify at the hearing regarding the Plan.

**RESPONSE:**  Deutsche Bank objects to Request No. 19 on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports.  Subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank has not yet determined which experts, if any, it intends to call.  Deutsche Bank further states that

it will produce any responsive material in accordance with the Fourth Scheduling Order.

**REQUEST NO. 20:**

Analysis regarding whether the Plan's treatment of certain unsecured creditors amounts to "unfair discrimination" within the meaning of 11 U.S.C. § 1129(b)(1).

**RESPONSE:** Deutsche Bank objects to Request No. 20 on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Accordingly, subject to and without waiving the foregoing General and Specific Objections, Deutsche Bank will not produce any documents responsive to Request No. 20 at this time.

**REQUEST NO. 21:**

Communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

**RESPONSE:** Deutsche Bank objects to Request No. 21 on the grounds that it seeks documents that are not relevant to any Plan confirmation issue or not reasonably calculated to lead to the discovery of admissible evidence. Deutsche Bank further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 21 has been withdrawn.

**REQUEST NO. 22:**

Calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

**RESPONSE:** Deutsche Bank objects to Request No. 22 on the grounds that it seeks documents protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Bankruptcy Rule 7026. Deutsche Bank further objects to this request on the grounds that it is premature since the Fourth Scheduling Order provides June 10, 2014 as the deadline to designate testifying expert witnesses and June 24, 2014 as the deadline to produce any expert reports. Subject to and without waiving the foregoing General and Specific Objections, by agreement of the parties, Request No. 22 has been withdrawn.

**REQUEST NO. 23:**

Documents related to your responses to Debtor's interrogatories not otherwise produced in response to these requests.

**RESPONSE:** Subject to and without waiving the foregoing general objections, Deutsche Bank will produce all non-privileged documents responsive to Request No. 23, within its possession, custody or control.

Dated: May 6, 2014
       New York, New York

By:   */s/ Kenneth E. Noble*
      Kenneth E. Noble
      E-mail: kenneth.noble@kattenlaw.com
      John J. Ramirez
      E-mail: john.ramirez@kattenlaw.com
      KATTEN MUCHIN ROSENMAN LLP
      575 Madison Avenue
      New York, NY 10022-2585
      (212) 940-8800
      *Attorneys for Deutsche Bank AG, London*

## VERIFICATION

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper, to the extent that such relates to Deutsche Bank AG, London, are true to the best of my knowledge, information and belief.

May 6, 2014.

_____
Jeffrey Welch
Managing Director and Senior Counsel
Deutsche Bank AG, New York Branch

Subscribed and sworn to before me this
6th day of May, in the year 2014.

_Barbara A. Knight_
Notary Public

BARBARA A. KNIGHT
NOTARY PUBLIC State of New York
No. 01KN5038063
Qualified in New York County
Commission Expires February 29, 2015

1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

The undersigned certified that on May 6, 2014, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which provides electronic notification of such filing to all counsel of record.

Dated: May 6, 2014

>  */s/ Kenneth E. Noble*
> Kenneth E. Noble
> E-mail: kenneth.noble@kattenlaw.com
> KATTEN MUCHIN ROSENMAN LLP
> 575 Madison Avenue
> New York, NY 10022-2585
> Tel: 212-940-8800