# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>       Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

### THE OFFICIAL COMMITTEE OF RETIREES' RESPONSE
### TO DEBTOR'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

The Official Committee of Retirees of the City of Detroit, Michigan (the "Committee") hereby provides its responses and objections to Debtor City of Detroit, Michigan's (the "City") requests for the production of documents. The Committee provides these responses and objections based on information and materials available to it at this time. The Committee reserves the right to amend or supplement its responses following additional discovery and investigation.

### General Objections

1. The Committee objects to the Definitions and Instruction to the extent they purport to impose upon the Committee obligations greater than those imposed by the applicable federal rules.

2. The Committee's objections, as set forth herein, are made without prejudice to its rights to assert any additional or supplemental objections should it discover additional grounds for such objections.

3. By responding to these requests for production or any specific request for production, the Committee does not waive or intend to waive any applicable privilege or other

protections from disclosure including, without limitation, the attorney-client privilege or the work-product protection. The disclosure of information (including, without limitation, documents or ESI) in response to any request for production shall not constitute a waiver of any privilege or other protection from disclosure, as to the information itself, the subject matter(s), or other information.

4. By responding to or producing documents in response to these requests or to any specific request, the Committee does not waive the right to object on any grounds to the use in evidence, or otherwise, of any document or other response.

5. The Committee objects that the requests are unduly burdensome to the extent that they purport to require the Committee to produce responsive documents more readily available to the City through another source, including but not limited to those documents the City has delivered to the Committee or otherwise made available in this action. Therefore, the Committee will not be re-producing to the City otherwise responsive documents that the City has provided in this proceeding.

6. A statement indicating that documents will be produced in response to a particular request for production does not constitute an admission that responsive documents exist. Rather, the statement means that the Committee will undertake a good-faith search to locate non-privileged, responsive documents.

7. The Committee objects that requiring the individual logging of several significant categories of documents is unduly burdensome and oppressive, particularly where no non-frivolous challenge could be asserted against the privilege. In responding to these requests, the Committee will not log communications between the Committee and its counsel and retained professionals, work product prepared by counsel and retained professionals, communications

pursuant to mediation proceedings in this action (including any documents that may have been disclosed solely pursuant to those mediation proceedings), and communications between the Committee and its counsel and retained professionals and other parties subject to joint defense agreements or with whom a community of interest is shared.

**Responses to Document Requests**

1. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

   a. Current and/or projected cash flows for the City of Detroit;

   b. Current and/or projected budgets for the City of Detroit;

   c. The City of Detroit's inability/ability to pay its debts when they become due;

   d. The City of Detroit's inability/ability to provide civic services;

   e. current and/or projected tax collection rates (wagering, property, and/or income) for the City of Detroit in the short term *(i.e.,* five years), medium term *(i.e.,* twenty years), and long term *(i.e.,* forty years);

   f. The Detroit Water and Sewer Department ("DWSD")

   g. The Detroit Institute of Arts ("DIA");

   h. The Public Lighting Authority of Detroit ("PLA"); and

   i. Reinvestment and restructuring initiatives outlined in the Plan *(i.e.,* police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

   RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product

protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

2. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This requests includes, but is not limited to, documents that address:

    a. The effects on you and other creditors;

    b. The cost of operating the City of Detroit

    c. What constitutes an adequate level of City services;

    d. Levels of recovery for unsecured creditors (with or without a "Grand Bargain"[1]);

    e. Comparable cities and, if applicable, the basis for concluding those cities are comparable;

    f. Asset sales by the City of Detroit;

    g. Tax collection rates (wagering, property, and/or income) in the short term (Le., five years), medium term (i.e., twenty years), and long term (i.e., forty years); and

---

[1] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

4

13-53846-tjt Doc 4454 Filed 05/06/14 Entered 05/06/14 17:39:02 Page 4 of 20

    h.  Reinvestment and restructuring initiatives (i.e., police services; tire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

  RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

  3. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

  RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client privilege and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All

documents responsive to this request are protected from disclosure by the attorney-client privileges and work product protections.

4. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

> RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

5. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' current financial condition.

> RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. The Committee further objects that the request is vague, ambiguous, and unintelligible to the extent it seeks information about the "financial condition" of the Committee. To the extent that this request seeks documents regarding topics to be addressed in

expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

6. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. The Committee further objects that the request is vague, ambiguous, and unintelligible to the extent it seeks information about the "financial condition" of the Committee. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

7. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected

7

financial condition in the event the Plan is not approved or is dismissed.

RESPONSE: See Response to Request No. 6.

8. All documents relating to any City of Detroit debt held by you, the price you paid for that debt, and the date(s) on which you acquired said debt.

RESPONSE: The Committee objects on the grounds that this request is vague, ambiguous, and unintelligible as applied to the Committee as the Committee is an entity formed to represent the interests of retirees of the City of Detroit in this proceeding and the Committee does not hold City debt.

9. All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

RESPONSE: See Response to Request No. 8.

10. All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

RESPONSE: The Committee objects to this request to the extent it would require production of documents protected by attorney-client privilege, work product protections, or the mediation privilege. Subject to and without waiving these objections, the Committee states it will produce responsive, non-privileged documents, if any such documents exist.

11. All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the

Plan, or your City of Detroit debt holdings.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client and mediation privileges and work product protections.

12. All documents relating to any communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

   a. The White House;
   b. Any United States executive branch agencies or departments;
   c. The United States Congress;
   d. The Executive Office of the Governor of the State of Michigan;
   e. The State of Michigan Legislature;
   f. The City Council of the City of Detroit; and
   g. The Office of the Mayor of the City of Detroit.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. The Committee further objects that this request is overbroad and unduly burdensome in that it is not limited to relevant material or material otherwise reasonably likely

9

to lead to the discovery of admissible evidence but rather seeks all communications between the Committee and every level of city, state, and federal government without reference to or limitation by the subject of the communication. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client and mediation privileges and work product protections.

13. All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

RESPONSE: The Committee has no documents responsive to this request.

14. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

15. All documents relating to any common interest agreements between you and any other

10

City of Detroit creditors.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client privilege and work product protections. The Committee objects that this request seek irrelevant material and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client privilege and work product protections.

16. All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client privilege and work product protections. The Committee objects that this request seek irrelevant material and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client privilege and work product protections.

17. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client privilege and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert

disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client privileges and work product protections.

18. All documents relating to any notifications to any insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client privilege and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client privileges and work product protections.

19. All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. Subject to and without waiving these objections, the Committee responds: All

documents responsive to this request are protected from disclosure by the attorney-client and mediation privileges and work product protections.

20. All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

RESPONSE: To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

21. All documents relied upon by any experts you intend to call to testify at the hearing regarding the Plan.

RESPONSE: The Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order.

22. All documents related to any analysis of "unfair discrimination" in the Plan.

RESPONSE: The Committee objects to the extent this request seeks documents

13

protected from disclosure by the attorney-client privilege and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client privileges and work product protections.

23. All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

    RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client and mediation privileges and work product protections.

24. All documents related to any calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

    RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures,

Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

25. All documents relating to the number of retirees who are eligible to participate in a different health plan (e.g. spouse's active plan, spouse's retiree plan), and who are enrolled in such plans.

    RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client and mediation privileges and work product protections.

26. All documents relating to retirees who are eligible for other health plans but who are not enrolled. This request includes documents that address whether retirees are eligible to enroll at any future open enrollment period for such other plans.

    RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in

15

expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client and mediation privileges and work product protections.

27. All documents related to retirees who are or have been eligible to enroll in other health plans but declined to enroll.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client and mediation privileges and work product protections.

28. All documents that analyze the actual amount of your claim in this case.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client privilege and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert

16

disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client privileges and work product protections.

29. Any census data used to calculate the size of your claim in this case.

RESPONSE: The Committee objects to the extent this request seeks production of documents protected from disclosure by the attorney-client privilege and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

30. All documents referred to, reviewed, consulted, or relied on in responding to Debtor's Interrogatories (served herewith) and not otherwise produced in response to these Requests for Production of Documents.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client privilege and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert

disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: All documents responsive to this request are protected from disclosure by the attorney-client privileges and work product protections.

31. All documents relating to the position that OPEB claimants are entitled to any minimum recovery.

RESPONSE: The Committee objects to the extent this request seeks documents protected from disclosure by the attorney-client and mediation privileges and work product protections. To the extent that this request seeks documents regarding topics to be addressed in expert testimony, the Committee objects that the request is premature; the Committee will make its expert disclosures as required by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, or any further amendment of such Order. Subject to and without waiving these objections, the Committee responds: The Committee will produce responsive, non-privileged documents, if any such documents exist.

Dated: May 6, 2014                           Respectfully submitted,

By: */s/ Carole Neville*

| | |
|---|---|
| Claude Montgomery | Sam Alberts |
| Carole Neville | Dan Barnowski |
| DENTONS US LLP | DENTONS US LLP |
| 1221 Avenue of the Americas | 1301 K Street, NW, Suite 600 East Tower |
| New York, New York 10020 | Washington, DC 20005 |
| Tel:   (212) 768-6700 | Tel: (202) 408-6400 |
| Fax:   (212) 768-6800 | Fax: (202) 408-6399 |
| claude.montgomery@dentons.com | sam.alberts@dentons.com |
| carole.neville@dentons.com | dan.barnowski@dentons.com |

BROOKS WILKINS SHARKEY & TURCO PLLC
Matthew E. Wilkins
Paula A. Hall
401 South Old Woodward, Suite 400
Birmingham, Michigan  48009
Direct:  (248) 971-1711
Cell:  (248) 882-8496
Fax:  (248) 971-1801
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Official Committee of Retirees of the City of Detroit, Michigan*

## CERTIFICATE OF SERVICE

I, Carole Neville, hereby certify that the foregoing document was filed and served via the Court's electronic case filing and noticing system on May 6, 2014.

By: _/s/ Carole Neville_
Carole Neville