UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(DETROIT)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | CASE NO.: 13-53846 |
| | ) | |
| | ) | CHAPTER 9 |
| Debtor. | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |

___

**RESPONSES TO DEBTOR'S FIRST SET OF INTERROGATORIES TO U.S. BANK**
___

U.S. Bank National Association ("U.S. Bank"), solely in its capacity as Trustee (the "Water and Sewer Trustee") for the outstanding water and sewer bonds (the "Bonds") issued by the City of Detroit (the "City"), pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), hereby responds to the Debtor's First Set of Interrogatories to U.S. Bank.

## GENERAL OBJECTIONS

1. U.S. Bank objects to these interrogatories to the extent that they purport to seek information or responses from U.S. Bank separate and apart from its capacity as Water and Sewer Trustee for the Bonds. U.S. Bank will interpret the interrogatories as if directed to it solely within its capacity as Trustee.

2. The Water and Sewer Trustee objects to these interrogatories to the extent that they are not in compliance with the local rules of this Court, including, but not limited to, the requirement that discovery requests must be filed with the Court.

3. The Water and Sewer Trustee objects to these interrogatories to the extent that they purport to impose duties beyond those provided by law. The Water and Sewer Trustee will interpret the interrogatories as conforming to the FRCP, FRBP, and local rules where possible.

4. The Water and Sewer Trustee objects to these interrogatories to the extent that they purport to call for the disclosure of privileged or confidential information, or to call for information otherwise protected from discovery under the attorney work product doctrine, the attorney-client privilege, the common interest privilege or any other protective doctrine or privilege. The Water and Sewer Trustee will interpret each interrogatory, to the extent possible, as not requesting such protected or privileged material or information.

5. At least one of these interrogatories makes reference to the Debtor's First Requests for Production of Documents to the Water and Sewer Trustee. All objections to such requests (including general objections and specific objections) are hereby incorporated by reference in the responses that relate to such interrogatories.

6. The Water and Sewer Trustee objects to these interrogatories to the extent that they purport to seek the premature disclosure of expert opinions, information and materials not required to be disclosed until at least June 24, 2014, pursuant to the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Doc. 4202), entered on April 21, 2014, which may be amended to require a later disclosure date.

**RESPONSES TO INDIVIDUALLY NUMBERED INTERROGATORIES**

1. Please identify any custodians of documents requested in the accompanying Requests for Production (served herewith).

**RESPONSE:** Subject to the General Objections, the Water and Sewer Trustee does not have any responsive, non-privileged documents and, thus, there is no custodian to disclose. The Water and Sewer Trustee will comply with Rule 26 of the FRCP and Rule 7026 of the FRBP regarding expert disclosures at the appropriate time as has been set by the Court and which may be amended again to require to a later disclosure date and will supplement this response, if required, at that time.

2. Please identify and describe any analysis or review conducted by your or on your behalf regarding the viability of the Detroit Water and Sewer Department ("DWSD") on a stand-alone basis and/or assume that DWSD operates as part of a regional authority. Please identify a lead person or person who have knowledge thereof.

**RESPONSE: The Water and Sewer Trustee objects to this interrogatory to the extent it seeks disclosure of privileged information, protected attorney work product or protected expert trial-preparation material. The Water and Sewer Trustee further objects to this interrogatory to the extent it seeks the premature disclosure of expert opinions, information and materials. The Water and Sewer Trustee will comply with Rule 26 of the FRCP and Rule 7026 of the FRBP regarding expert disclosures at the appropriate time as has been set by the Court and which may be amended again to require to a later disclosure date.**

3. Please identify and describe any analysis or review conducted by your or on your behalf regarding other debtors that have entered privatization contracts.

**RESPONSE: The Water and Sewer Trustee objects to this interrogatory to the extent it seeks disclosure of privileged information, protected attorney work product or protected expert trial-preparation material. The Water and Sewer Trustee further objects**

3

**to this interrogatory to the extent it seeks the premature disclosure of expert opinions, information and materials. The Water and Sewer Trustee will comply with Rule 26 of the FRCP and Rule 7026 of the FRBP regarding expert disclosures at the appropriate time as has been set by the Court and which may be amended again to require to a later disclosure date.**

4. Please identify and describe any analysis or review conducted by you or on your behalf regarding the viability of DWSD under the proposed $47 million lease. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE: The Water and Sewer Trustee objects to this interrogatory to the extent it seeks disclosure of privileged information, protected attorney work product or protected expert trial-preparation material. The Water and Sewer Trustee further objects to this interrogatory to the extent it seeks the premature disclosure of expert opinions, information and materials. The Water and Sewer Trustee will comply with Rule 26 of the FRCP and Rule 7026 of the FRBP regarding expert disclosures at the appropriate time as has been set by the Court and which may be amended again to require to a later disclosure date.**

5. Please identify and describe any analysis or review conducted by you or on your behalf regarding the feasibility of exiting the DWSD system. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE: The Water and Sewer Trustee objects to this interrogatory to the extent it seeks disclosure of privileged information, protected attorney work product or protected expert trial-preparation material. The Water and Sewer Trustee further objects to this interrogatory to the extent it seeks the premature disclosure of expert opinions,**

4

information and materials. The Water and Sewer Trustee will comply with Rule 26 of the FRCP and Rule 7026 of the FRBP regarding expert disclosures at the appropriate time as has been set by the Court and which may be amended again to require to a later disclosure date.

6. Please identify and describe any valuations of DWSD you have considered, discussed, reviewed, or analyzed. Please identify a lead person or persons who have knowledge thereof.

RESPONSE: The Water and Sewer Trustee objects to this interrogatory to the extent it seeks disclosure of privileged information, protected attorney work product or protected expert trial-preparation material. The Water and Sewer Trustee further objects to this interrogatory to the extent it seeks the premature disclosure of expert opinions, information and materials. The Water and Sewer Trustee will comply with Rule 26 of the FRCP and Rule 7026 of the FRBP regarding expert disclosures at the appropriate time as has been set by the Court and which may be amended again to require to a later disclosure date.

7. (Misnumbered as 9.) Please identify and describe any communications between you and any DWSD bond insurers or financial advisors.

RESPONSE: The Water and Sewer Trustee objects to this interrogatory on the basis that it is overly broad and seeks discovery of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it is not limited in time or subject matter. The Water and Sewer Trustee further objects to this interrogatory to the extent it seeks disclosure of privileged information, protected attorney work product or protected expert trial-preparation material.

8. (Misnumbered as 10.) Please identify and describe any analysis or review of a transaction that results in either the privatization of DWSD, or results in the creation of a regional authority to operate DWSD. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE: The Water and Sewer Trustee objects to this interrogatory to the extent it seeks disclosure of privileged information, protected attorney work product or protected expert trial-preparation material. The Water and Sewer Trustee further objects to this interrogatory to the extent it seeks the premature disclosure of expert opinions, information and materials. The Water and Sewer Trustee will comply with Rule 26 of the FRCP and Rule 7026 of the FRBP regarding expert disclosures at the appropriate time as has been set by the Court and which may be amended again to require to a later disclosure date.**

Date: May 6, 2014.

# VERIFICATION

STATE OF OR )
COUNTY OF Multnomah )

BEFORE ME, the undersigned Notary Public, on this day personally appeared Lawrence J. Bell who being by me duly sworn and on his oath deposed and said that he is an employee of U.S. Bank National Association ("U.S. Bank"), and that he is authorized to make this affidavit on behalf of U.S. Bank in its role as Trustee for the outstanding water and sewer bonds issued by the City of Detroit (the "Trustee"); that he has read the foregoing Responses to Debtor's First Set of Interrogatories to U.S. Bank and knows the contents thereof; that there may be no single person employed by or otherwise connected with the Trustee who has personal knowledge of all the facts and information requested herein; that said Responses were prepared with the assistance and advice of counsel or the assistance of various employees and representatives of the Trustee upon which he has relied; that the Responses to Debtor's First Set of Interrogatories to U.S. Bank set forth herein, subject to inadvertent or undiscovered errors, are based upon and, therefore, necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Responses; that the foregoing Responses to Debtor's First Set of Interrogatories to U.S. Bank are thus based upon corporate knowledge and are true and correct to the best of his knowledge, information and belief; that consequently, the Trustee reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Responses are true to the best of his knowledge, information and belief.

_Lawrence J. Bell_
Vice President

SUBSCRIBED AND SWORN TO before me on this 6th day of May, 2014, to certify which witness my hand and official seal.

_Rahna D Detzel_
NOTARY PUBLIC

My Commission Expires: 9-17-15

OFFICIAL SEAL
RAHNA D DETZEL
NOTARY PUBLIC-OREGON
COMMISSION NO. 461402
MY COMMISSION EXPIRES SEPTEMBER 17, 2015

As to Objections:

/s/ *David E. Lemke*
David E. Lemke (TN13586)
Paul S. Davidson (TN11789)
Heather J. Hubbard (TN23699)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Fax: (615) 244-6804
– and –
Robert J. Diehl, Jr. (MI31264)
Jaimee L. Witten (P70068)
BODMAN PLC
1901 St. Antoine Street, 6th Floor
Detroit, Michigan 48226
Phone: (313) 393-7597
Fax: (313) 393-7579

*Attorneys for U.S. Bank National Association, as Trustee for the Water and Sewer Bonds*

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via email and overnight delivery on the following on the 6th day of May, 2014:

| | |
|---|---|
| Ms. Heather Lennox<br>JONES DAY<br>222 East 41st Street<br>New York, New York 10017 | Mr. Bruce Bennett<br>JONES DAY<br>555 South Flower Street<br>50th Floor<br>Los Angeles, California 90071 |

I hereby further certify that the foregoing was filed and served by the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter this 6th day of May, 2014.

                                        */s/ David E. Lemke*
                                        David E. Lemke (TN13586)
                                        Paul S. Davidson (TN11789)
                                        Heather J. Hubbard (TN23699)
                                        WALLER LANSDEN DORTCH & DAVIS LLP
                                        511 Union Street, Suite 2700
                                        Nashville, Tennessee 37219
                                        Phone: (615) 244-6380
                                        Fax: (615) 244-6804

11765313.9