**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re | Chapter 9 |
| **CITY OF DETROIT, MICHIGAN,** | Case No. 13-53846-swr |
| Debtor. | Hon. Steven W. Rhodes |

_____/

**ANSWERS TO DEBTOR'S
INTERROGATORIES TO RETIREE ASSOCIATIONS[1]**

The Retired Detroit Police & Fire Fighters Association ("RDPFFA", and Detroit Retired City Employees Association ("DRCEA"), (collectively, "Retiree Associations"), submit their answers to "Debtor's Interrogatories to the Retiree Associations" ("Debtors Interrogatories")" as follows:

**PRELIMINARY STATEMENT**

The Retiree Associations' investigation and discovery in this matter are ongoing. As such, these objections and answers are provided without prejudice to the Retiree Associations' right to provide or object to the production of further documents, evidence, and/or information not yet discovered.

---

[1] The Debtor's Request for Production of Documents, defines the Retiree Associations as the DRCEA and the RDPFFA, this is inconsistent with pleadings in this case. Therefore, this response refers to the DRCEA and RDPFFA as the Retiree Associations. The Debtors Document Requests were only directed at the associations.

The Retiree Associations reserve the right to amend and/or supplement these objections and answers to the Debtor's Interrogatories as additional responsive information is found by way of discovery and/or otherwise.

**GENERAL OBJECTIONS**

A. The Retiree Associations' objections and answers to Debtor's Interrogatories have been prepared in accordance with Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information and/or documents requested. The Retiree Associations, collectively, have approximately 18,000 members located around Michigan, the U.S., and the world who collectively generate thousands of documents every year. Many of those members may change membership status, relocate or become unavailable for various reasons; the documents that they generate in the course of their retirement may or may not move with them. The Retiree Associations' operations are also run primarily by volunteers. Therefore, the filing and document retention systems are not akin to those of an enterprise with, for example, 18,000 employees. Moreover, because of the breadth of the Retiree Associations' membership and long history, responsive information may be maintained in numerous locations and may be moved from time-to-time or destroyed without the knowledge of the Retiree Associations. Accordingly, the Retiree Associations do not, and could not possibly, represent that these responses reflect or include "all" potentially responsive information and/or documents located anywhere in the world. Rather, the scope of the investigation

conducted to locate responsive information or documents has been limited to making inquiries to those Retiree Associations officers, directors and volunteers most likely to be knowledgeable about the specific matters at issue, and to reviewing files and databases in which information related to such matters ordinarily would be expected to be found. On the basis that the Debtor's Interrogatories purport to require or define an investigation that exceeds the foregoing scope, the Retiree Associations object thereto on the grounds that such a requirement or definition (i) exceeds the scope of permissible discovery, and (ii) improperly attempts to impose upon the Retiree Associations an unreasonable burden and expense and/or duties beyond those required under the applicable court rules.

B. The Retiree Associations reserve the right to amend these objections and answers and to offer related evidence, as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent. In addition, the Retiree Associations will fulfill any obligation to supplement these responses.

C. Some of the Debtor's Interrogatories contained herein appear to require information that is protected from disclosure by the attorney-client privilege and/or the attorney- work- product doctrine. In addition, certain of the interrogatories contained herein are so broad or ambiguous that privileged and/or work product information is arguably encompassed within the scope thereof, even though the Retiree Associations may not have specifically identified to date any information that is being withheld. To

the extent of the foregoing, the Retiree Associations object to these interrogatories as exceeding the scope of permissible discovery.

D. By submitting these objections and responses, the Retiree Associations do not in any way adopt Debtor's purported definitions of words and phrases contained in the Debtor's Interrogatories. The Retiree Associations object to those definitions to the extent that they are inconsistent with (a) the ordinary and customary meaning of such words and phrases, (b) the rules governing the permissible scope of discovery or (c) the definitions set forth by the Retiree Associations in their objections and answers.

E. The Retiree Associations do not concede that any of the information or documents they will produce are or will be admissible evidence at trial or any evidentiary hearing. Furthermore, the Retiree Associations do not waive any objection, whether or not asserted herein, to the use of any such documents at trial.

F. The Retiree Associations object to the Debtor's Interrogatories to the extent they purport to require disclosure of information protected by any claim of privilege (including but not limited to the attorney-client and/or work-product privilege(s)).

G. The Retiree Associations object to the Debtor's Interrogatories on the basis that they seek answers that call for a legal conclusion.

H. The Retiree Associations object to the Debtor's Interrogatories on the basis that they are oppressive, over broad and/or unduly burdensome.

I. The Retiree Associations object to these interrogatories on the basis that they contain erroneous and/or misleading assertions.

J. The Retiree Associations object to these interrogatories on the basis that they seek confidential information.

K. The Retiree Associations object to these interrogatories to the extent that they request information related to the service of Donald Taylor and Shirley V. Lightsey as members of the Official Committee of Retirees ("Committee)") and/or information received during their service as Committee members.

Subject to and without waiving its objections, the Retiree Associations respond to Debtor's Interrogatories as follows:

## INTERROGATORIES

1. Identify any custodians of documents requested in the accompanying Requests for Production of Documents (served herewith).

RESPONSE:

**In addition to restating its general objections as if fully set forth herein, the Retiree Associations object to this interrogatory to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that no documents were produced in response to the Requests for Production of Documents, and therefore there is no custodian to identify.**

2. Identify and describe any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, or any alternative to

the Plan, that address issues such as, but not limited to, the City of Detroit's current financial health, projected financial health, taxes (wagering, property, income), the Detroit Institute of Art ("DIA"), Detroit Water and Sewer Department ("DWSD"), Detroit's Public Lighting Authority ("PLA"), or the Restructuring and Reinvestment Initiatives outlined in the Plan.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. The officers and directors of the Retiree Associations, and the attorneys and other professionals retained by them, have "received" and/or "reviewed" thousands of pages of documents relative to the chapter 9 case, the City's property and finances and the plan. Those documents include newspaper articles, other published articles, various versions of the plan and disclosure statement, and analyses prepared by or on behalf of the Official Committee of Retirees and other creditors. The Retiree Associations have retained attorneys and financial advisors who have rendered advice and provided analysis to the Retiree Associations. Such advice and analysis is subject to an attorney-client privilege. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they have not commissioned any study which they intend to introduce as evidence by means of an expert witness.**

3. Please indicate whether you have analyzed, or have any intention to challenge other creditors' claims and/or their recoveries if the Plan is confirmed.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to**

**harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they have not yet completed their analysis of other creditors' claims and/or recoveries and reserve the right to object to such claims and/or recoveries.**

4. Please identify a lead person or persons who have knowledge of your financial condition under different recovery levels and your financial condition in the event the Plan is not approved or is dismissed.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that this interrogatory is not applicable to the Retiree Associations, as they (as opposed to their members) are not creditors of the Debtor.**

5. Please indicate whether you have purchased or sold any claims against the City of Detroit and, if so, the price at which you purchased or sold those claims and the date(s) on which you purchased or sold those claims.

RESPONSE:

**In addition to restating its general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations, and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they have neither sold nor purchased any claims against the City of Detroit.**

6. Please indicate whether you have had any communications with any foreign or domestic governmental regulators related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings. If so, please also identify the person or persons most knowledge about these communications.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they have not had any such communications.**

7. Please identify and describe any communications you have had (or that have occurred on your behalf) with any government entities (listed below) or officials, directors, agents, representatives, or employees thereof regarding the City of Detroit. This interrogatory includes, but is not limited to, any efforts to enact legislation concerning, or any effort to obtain funds for, the City of Detroit. This interrogatory covers the following governmental entities: The White House, any United States executive branch agencies or departments; the United States Congress; the Executive Office of the Governor of the State of Michigan; the State of Michigan Legislature; the City Council of the City of Detroit; and the Office of the Mayor of the City of Detroit.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks**

information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, (III) it is unduly burdensome and overly broad, (IV) it fails to specify a timeframe for the request, (V) it seeks information protected by confidential mediation, and (VI) it was designed to harass, oppress and unduly burden the Retiree Associations.  However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state as follows:

The RDPFFA has had discussions related to the treatment of retirees in the chapter 9 case and plan (relating to pension and OPEB issue) with the following individuals and/or governmental entities:

      a. Rick Snyder & his Staff, Michigan Governor's Office
      b. Bill Schuette, Michigan Attorney General
      c. Patrick Colbeck, Michigan Senator
      d. Coleman Young, II, Michigan Senator
      e. Mark Jansen, Michigan Senator
      f. John Pappageorge, Michigan Senator
      g. Bert Johnson, Michigan Senator
      h. Roger Kahn, Michigan Senator
      i. John J. Walsh, Michigan House Member
      j. Thomas F. Stallworth, III, Michigan House Member
      k. Fred Durhal, Jr., Michigan House Member
      l. Other Michigan Senators and House Members

The DRCEA has had discussions related to the treatment of retirees (relating to pension and OPEB issue) with the following individuals and/or governmental entities:

      a. Mike Duggan, Mayor of the City of Detroit
      b. Tupac Hunter, Michigan Senator
      c. Coleman Young, II, Michigan Senator
      d. Virgil Smith, Michigan Senator
      e. Thomas F. Stallworth, III, Michigan House Member
      f. Harvey Santana, Michigan House Member
      g. Virgil Smith, Michigan Senator

8. Please indicate whether you or some person or entity on your behalf has communicated with the U.S. Trustee regarding the Plan.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they have not had any such communications.**

9. Please identify a lead person or persons who have knowledge of any research, studies, or analysis conducted by, requested, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that while they have reviewed the thousands of pages of documents relative to the chapter 9 case, the City's property and finances, various newspaper articles and other published articles, various versions of the plan and disclosure statement, and analyses prepared by or on behalf of the Official Committee of Retirees and other creditors, the Retiree Associations have not independently commissioned any research, studies or analysis regarding the City's future creditworthiness with or without plan approval.**

10. Please indicate whether you have any common interest or joint defense agreements with any other City of Detroit creditors.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations, and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they do have common interest or joint defense agreement(s) with other City of Detroit creditor(s).**

11. Please identify any person or persons who have knowledge of debt limits or post-2006 assessments related to Limited Tax General Obligations.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations, and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they know of no such person or persons with knowledge of debt limits or post-2006 assessments related to Limited Tax General Obligations.**

12. Please identify and describe any notifications you have sent to any insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to**

**harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they have not sent any such notifications.**

13. Please identify a lead person or persons who have knowledge of any communications undertaken by you or on your behalf with any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

RESPONSE:

**The Retiree Associations restate their general objections as if fully set forth herein. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that the following individuals have made communications on their behalf to unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan:**

> **Brian D. O'Keefe**
> **Ryan C. Plecha**
> **Donald Taylor**
> **Shirley V. Lightsey**

14. Please identify a lead person or persons who have knowledge of documents created before January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks**

information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they know of no such person or persons with knowledge of such documents created before January 1, 2013.

15. Please identify what individual(s) or entity(ies) is/are paying your attorneys' fees and expenses associated with the City of Detroit's bankruptcy.

RESPONSE:

In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks information protected by attorney-client privilege, (II) it seeks information not reasonably calculated to reveal admissible evidence, and (III) it was designed to harass, oppress and unduly burden the Retiree Associations. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that the Retiree Associations are responsible for their own attorney fees and expenses, respectively.

16. Please identify all documents that you intend to use as exhibits, including demonstrative exhibits.

RESPONSE:

The Retiree Associations restate their general objections as if fully set forth herein. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they have not yet determined which documents they may use as exhibits at the plan confirmation hearing. However, they reserve the right to use any exhibits identified by any of the other parties who have objected to the Debtor's plan, as well as the Debtor.

17. Please identify all fact witnesses who you will call.

RESPONSE:

The Retiree Associations restate their general objections as if fully set forth herein. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they intend to call Shirley V. Lightsey and Donald Taylor, along with any rebuttal witness and/or witnesses listed by any other objector or the Debtor, regardless of whether said individual is called.

18. Please identify all fact witnesses who you may call.

RESPONSE:

The Retiree Associations restate their general objections as if fully set forth herein. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that the Retiree Associations have no witnesses that they may call who are not listed in response to interrogatory no. 17.

19. Please identify all experts whom you intend to call to testify and identify their area of expertise.

RESPONSE:

The Retiree Associations restate their general objections as if fully set forth herein. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that no experts are contemplated as of this date.

I hereby acknowledge that I have read the foregoing answers and certify under penalty of perjury that said answers are true and correct to the best of my knowledge and belief.

| | |
|---|---|
| **RETIRED DETROIT POLICE & FIRE FIGHTERS ASSOCIATION** | **DETROIT RETIRED CITY EMPLOYEES ASSOCIATION** |
| /s/ Donald Taylor<br>By: Donald Taylor,<br>Its: President | /s/ Shirley V. Lightsey<br>By: Shirley V. Lightsey<br>Its: President |
| Dated: <u>May 6, 2014</u> | Dated: <u>May 6, 2014</u> |

**As to objections:**

**LIPPITT O'KEEFE GORNBEIN, PLLC**
By: /s/ Ryan C. Plecha
     Brian D. O'Keefe (P39603)
     Ryan C. Plecha (P71957)
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292   Fax:  (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

**SILVERMAN & MORRIS, P.L.L.C.**
     THOMAS R. MORRIS (P39141)
     KARIN F. AVERY (P45364)
30500 Northwestern Hwy., Ste. 200
Farmington Hills, Michigan 48334
(248) 539-1330   Fax:  (248) 539-1355
morris@silvermanmorris.com
avery@silvermanmorris.com

*Attorneys for Retiree Associations*

Dated:  May 6, 2014