UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846-swr |
| Debtor. | Hon. Steven W. Rhodes |

_____/

# RESPONSE OF RETIREE ASSOCIATIONS[1] TO DEBTOR'S REQUESTS FOR PRODUCTION OF DOCUMENTS

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), and Detroit Retired City Employees Association ("DRCEA"), (collectively, "Retiree Associations"), by and through their counsel, Lippitt O'Keefe Gornbein, PLLC and Silverman & Morris, P.L.L.C., submit their objections and responses to Debtor's Requests for Production of Documents ("Debtor's Document Request") as follows:

## PRELIMINARY STATEMENT

The Retiree Associations' investigation and discovery in this matter are ongoing. As such, these objections and responses are provided without prejudice to the Retiree Associations' right to provide or object to the production of further documents, evidence, and/or information not yet discovered.

---

[1] The Debtor's Request for Production of Documents, defines the Retiree Association Parties as the DRCEA and the RDPFFA, this is inconsistent with pleadings in this case. Therefore, this response refers to the DRCEA and RDPFFA as the Retiree Associations. The Debtors Document Requests were only directed at the associations.

The Retiree Associations reserve the right to amend and/or supplement these objections and responses to Debtor's Document Request as additional responsive information is found by way of discovery and/or otherwise.

### GENERAL OBJECTIONS

A. The Retiree Associations' responses to Debtor's Document Request have been prepared in accordance with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information and/or documents requested. The Retiree Associations, collectively, have approximately 18,000 members located around Michigan, the U.S., and the world who collectively generate thousands of documents every year. Many of those members may change membership status, relocate or become unavailable for various reasons; the documents that they generate in the course of their retirement may or may not move with them. The Retiree Associations' operations are also run primarily by volunteers. Therefore, the filing and document retention systems are not akin to those of an enterprise with, for example, 18,000 employees. Moreover, because of the breadth of the Retiree Associations' membership and long history, responsive information may be maintained in numerous locations and may be moved from time-to-time or destroyed without the knowledge of the Retiree Associations. Accordingly, the Retiree Associations do not, and could not possibly, represent that these responses reflect or include "all" potentially responsive information and/or documents located anywhere in the world. Rather, the scope of the investigation conducted to locate responsive

information or documents has been limited to making inquiries to those Retiree Associations officers, directors and volunteers most likely to be knowledgeable about the specific matters at issue, and to reviewing files and databases in which information related to such matters ordinarily would be expected to be found. On the basis that the Debtor's Document Request purports to require or define an investigation that exceeds the foregoing scope, the Retiree Associations object thereto on the grounds that such a requirement or definition (i) exceeds the scope of permissible discovery, and (ii) improperly attempts to impose upon the Retiree Associations an unreasonable burden and expense and/or duties beyond those required under the applicable court rules.

B. The Retiree Associations reserve the right to amend these responses and to offer related evidence, as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent. In addition, the Retiree Associations will fulfill any obligation to supplement these responses.

C. Some of the Debtor's Document Request contained herein appear to require information that is protected from disclosure by the attorney-client privilege and/or the attorney-work-product doctrine. In addition, certain of the requests contained herein are so broad or ambiguous that privileged and/or work product information is arguably encompassed within the scope thereof, even though the Retiree Associations may not have specifically identified to date any information that is being withheld. To the extent of the foregoing, the Retiree Associations object to these requests as exceeding the scope of permissible discovery.

D. By submitting these objections and responses, the Retiree Associations do not in any way adopt Debtor's purported definitions of words and phrases contained in the Debtor's Document Request. The Retiree Associations object to those definitions to the extent that they are inconsistent with (a) the ordinary and customary meaning of such words and phrases, (b) the rules governing the permissible scope of discovery or (c) the definitions set forth by the Retiree Associations in their objections and responses.

E. The Retiree Associations do not concede that any of the information or documents they will produce are or will be admissible evidence at trial or any evidentiary hearing. Furthermore, the Retiree Associations do not waive any objection, whether or not asserted herein, to the use of any such documents at trial.

F. The Retiree Associations object to these requests to the extent they purport to require disclosure of information protected by any claim of privilege (including but not limited to the attorney-client and/or work-product privilege(s)).

G. The Retiree Associations object to these requests on the basis that they are oppressive, over broad and/or unduly burdensome.

H. The Retiree Associations object to these requests on the basis that they contain erroneous and/or misleading assertions.

I. The Retiree Associations object to these interrogatories on the basis that they seek confidential mediation documents.

Subject to and without waiving their objections, the Retiree Associations respond to the Debtor's Document Request as follows:

**DOCUMENT REQUESTS**

1. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

   a. Current and/or projected cash flows for the City of Detroit;

   b. Current and/or projected budgets for the City of Detroit;

   c. The City of Detroit's inability/ability to pay its debts when they become due;

   d. The City of Detroit's inability/ability to provide civic services;

   e. Current and/or projected tax collection rates (wagering, property, and/or income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);

   f. The Detroit Water and Sewer Department ("DWSD");

   g. The Detroit Institute of Arts ("DIA");

   h. The Public Lighting Authority of Detroit ("PLA"); and

   i. Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

2. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This requests includes, but is not limited to, documents that address:

   a. The effects on you and other creditors;

   b. The cost of operating the City of Detroit;

   c. What constitutes an adequate level of City services;

   d. Levels of recovery for unsecured creditors (with or without a "Grand Bargain"[2]);

   e. Comparable cities and, if applicable, the basis for concluding those cities are comparable;

   f. Asset sales by the City of Detroit;

---

[2] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

g. Tax collection rates (wagering, property, and/or income) in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

h. Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**


3. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the**

**spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

4. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

5. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' current financial condition.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

6. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

7. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

8. All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that neither the RDPFFA nor the DRCEA themselves (as opposed to their members) have claims against the City of Detroit, and therefore they are not aware of any non-privileged documents responsive to this request.**

9. All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

10. All documents relating to any communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents,

representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

    a. The White House;

    b. Any United States executive branch agencies or departments;

    c. The United States Congress;

    d. The Executive Office of the Governor of the State of Michigan;

    e. The State of Michigan Legislature;

    f. The City Council of the City of Detroit; and

    g. The Office of the Mayor of the City of Detroit.

<u>RESPONSE</u>:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

11. All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

12. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

13. All documents relating to any common interest agreements between you and any other City of Detroit creditors.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass,**

**oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

14. All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

15. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

16. All documents relating to any notifications to any insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

17. All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

18. All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any

evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

19. All documents relied upon by any experts you intend to call to testify at the hearing regarding the Plan.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

20. All documents related to any analysis of "unfair discrimination" in the Plan.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a**

**timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

21. All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

22. All documents related to any calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

23. All documents referred to, reviewed, consulted, or relied on in responding to Debtor's Interrogatories (served herewith) and not otherwise produced in response to these Requests for Production of Documents.

RESPONSE:

**In addition to restating their general objections as if fully set forth herein, the Retiree Associations object to this request to the extent that (I) it seeks documents protected by attorney-client privilege, (II) it seeks documents not reasonably calculated to reveal admissible evidence, (III) it was designed to harass, oppress and unduly burden the Retiree Associations and (IV) it fails to specify a timeframe for the request. However, without waiving said objections and in the spirit of cooperation, the Retiree Associations state that they are not aware of any non-privileged documents responsive to this request.**

Respectfully submitted,

**LIPPITT O'KEEFE GORNBEIN, PLLC**
By: /s/ Ryan C. Plecha
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
Attorneys for Retiree Associations
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
(248) 646-8292   Fax: (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com

**SILVERMAN & MORRIS, P.L.L.C.**
THOMAS R. MORRIS (P39141)
KARIN F. AVERY (P45364)
30500 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
 (248) 539-1330   Fax: (248) 539-1355
morris@silvermanmorris.com

avery@silvermanmorris.com

Dated:  May 6, 2014                    *Counsel for Retiree Associations*