UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN | ) ) | Chapter 9 |
| Debtor | ) ) ) | Hon. Steven W. Rhodes |

# OBJECTIONS AND RESPONSES TO SUBPOENA
# *DUCES TECUM* AND *AD TESTIFICANDUM*

Pursuant to this Court's Order, dated April 21, 2014 [Docket No. 4202], the Federal Rules of Civil Procedure 26, 34 and 45, made applicable to this matter by Federal Rules of Bankruptcy Procedure 7026, 7034 and 9016, and the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, County of Macomb, Michigan, by and through Anthony V. Marrocco, Macomb County Public Works Commissioner, as County Agency for Water and Sewer Services under Public Act 342 of 1939 ("**MCOPW**"), a creditor and party in interest in the above-captioned chapter 9 bankruptcy case (the "**Bankruptcy Proceeding**"), hereby responds and objects to the Subpoena to Testify at a Deposition served on behalf of the Official Committee of Retirees (the "**Retirees' Committee**") [Docket No. 4023] (the "**Subpoena**") on "Macomb County, Michigan, by and through its County Executive Mark A. Hackel." MCOPW responds below to the Subpoena as amended by agreement of counsel for the Retirees' Committee, which agreement was memorialized in an email communication from Joseph G. Selby, Esq., dated April 24, 2014 (the "**Letter Agreement**").

These objections and responses are solely on behalf of Anthony V. Marrocco, Macomb County Public Works Commissioner, as County Agency for Water and Sewer Services under Public Act 342 of 1939 for Macomb County. These objections and responses pertain solely to the information and documents in the possession of MCOPW, which is the only agency for which the undersigned counsel is authorized to act. These objections and responses are not on behalf of any other part of Macomb County government because Commissioner Marrocco has no authority over other governmental offices or departments.

The undersigned counsel has been in contact with John Schapka, Macomb County Corporation Counsel, regarding this Subpoena, as well as the separate Subpoena Duces Tecum served on Macomb County, Michigan, by and through its County Executive Mark A. Hackel. Mr. Schapka has advised that agencies, departments and offices of Macomb County, Michigan other than the MCOPW are not in possession of responsive documents other than those in the possession of MCOPW. As the undersigned counsel informed counsel for the Retirees' Committee, no separate response on behalf of Macomb County, Michigan or County Executive Mark A. Hackel is required.

Discovery is ongoing and MCOPW reserves the rights: (a) to revise, supplement or amend these objections and responses based upon any information, evidence, documents, facts and things which hereafter may be discovered, or the relevance of which hereafter may be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at any future hearing, trial, deposition and/or other proceeding in this action.

## GENERAL OBJECTIONS TO SCOPE OF EXAMINATION AND REQUESTS FOR PRODUCTION

These General Objections to Scope of Examination and Requests for Production are incorporated into each specific response and objection set forth below. No response set forth herein should be construed to constitute a waiver of any of these General Objections. The Specific Objections set forth below are made in addition to, and not in lieu of, these General Objections. The assertion of the same, similar or additional objections or the provision of partial responses in the Specific Objections does not waive or limit any of the General Objections.

1. MCOPW objects to the Subpoena, including all definitions and instructions, to the extent it seeks to impose requirements that are inconsistent with or in addition to the provisions of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure or the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan or other applicable rule or law.

2. MCOPW objects to the Subpoena, including all definitions and instructions, to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, joint-defense privilege, deliberative process privilege, common interest doctrine, the mediation privilege or other applicable privilege or immunity, protected as trial preparation materials, or otherwise protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Mediation Order entered in this proceeding [Docket No. 322] or any other provision of law and will not knowingly disclose any information which is subject to such privilege or protection. In connection with this Subpoena, MCOPW does not intend to waive, and shall not be construed as having waived, any such privilege or protection.

3

3. MCOPW objects to the Subpoena to the extent it prematurely calls for the disclosure of expert materials or expert opinion testimony that will be handled as part of expert discovery.

4. Without waiver of any applicable privilege or protection, MCOPW objects to providing a privilege log in this expedited matter. Given the large number of potentially-privileged documents, the limited relevance of many of the requests for production and the expedited schedule, MCOPW objects to providing a privilege log as unduly burdensome. Other parties to this proceeding have agreed that it is not necessary to provide a privilege log and it would be unduly burdensome and a waste of resources to require such a log with respect to this Subpoena.

5. The inadvertent production of: (a) any confidential information or document without being designated "confidential," or (b) any privileged or protected information or document, is without prejudice to any claim that such information or document is confidential, privileged or otherwise protected, and such inadvertent production shall not be deemed to have waived any of the MCOPW's rights.

6. MCOPW objects to the Subpoena to the extent the requests and topics for examination are vague and ambiguous, overbroad, unduly burdensome, vexatious, oppressive, fail to specify with reasonable particularity the documents sought, would unreasonably require MCOPW to speculate as to the nature and/or scope of the documents sought, and lack sufficient precision to allow MCOPW to formulate an appropriate response.

7. MCOPW objects to the Subpoena to the extent the requests and topics for examination are not properly limited in time and scope or the time period for which information is sought is not properly defined or limited. Unless otherwise specified, and pursuant to the

4

Letter Agreement, the relevant time period for the response to this Subpoena shall be February 1, 2013 to the present.

8. MCOPW objects the Subpoena to the extent it purports to require the disclosure of information not in the possession, custody or control of the Macomb County Public Works Commissioner or MCOPW. MCOPW specifically objects to searching for, or producing, documents from its outside advisors, attorneys, or consultants or from other governmental offices or departments of Macomb County.

9. MCOPW objects to each and every deposition topic, to the extent that it seeks information not known or reasonably available to MCOPW.

10. MCOPW objects to each and every deposition topic to the extent that it seeks testimony calling for legal analyses or conclusions. MCOPW will not designate any witness to provide legal analyses or conclusions.

11. MCOPW objects to the Subpoena to the extent it seeks information that is within the possession, custody or control of the Retirees' Committee, is publically available and/or equally available to the Retirees' Committee from other sources, including but not limited to the City of Detroit, the County of Oakland and the County of Wayne.

12. MCOPW objects to the Subpoena to the extent it seeks information not relevant to the subject matter of the Bankruptcy Proceeding, not relevant to a claim, defense or objection of any party to the Bankruptcy Proceeding or not reasonably calculated to lead to the discovery of admissible evidence.

13. MCOPW objects to the Subpoena to the extent it seeks information reflecting and containing sensitive, confidential, and/or proprietary information of MCOPW, or seeks information that contravenes any confidentiality agreement or court order, or that would violate

5

19288849.1.BUSINESS
13-53846-tjt    Doc 4460    Filed 05/06/14    Entered 05/06/14 18:41:38    Page 5 of 17

the privacy interests of others. Such information will be provided only upon entry of an appropriate protective order. By agreement with counsel for the City, it is MCOPW's understanding that documents or information previously supplied by the City to MCOPW on a "confidential" basis no longer are required to be maintained as confidential.

14. MCOPW objects to the Subpoena to the extent it calls for the production of documents not reasonably accessible or not in a reasonably usable form, including, but not limited to, information or documents stored or otherwise contained within inaccessible sources.

15. MCOPW objects to the Subpoena to the extent it calls for organization of documents according to the requests contained in the Subpoena. MCOPW will produce discoverable documents as they are kept in the ordinary course of business.

16. MCOPW objects to the Subpoena to the extent that it is solely intended to harass and not genuinely seeking discovery.

17. By responding to this Subpoena, MCOPW does not concede the relevance or admissibility of the information provided and reserves the right to object to the use of such information in the future, including at any trial or hearing in this matter.

18. MCOPW objects to the Subpoena to the extent the requests are repetitive and duplicative of requests in the Subpoena or other subpoenas served by the Retirees' Committee.

19. Any statement herein to the effect that the MCOPW shall produce responsive documents or provide a witness on a topic is not a representation that any responsive documents in fact do exist or are within the MCOPW's possession, custody, or control or that information on the topic actually exists or is known or knowable to MCOPW.

## SPECIFIC OBJECTIONS TO THE SCOPE OF EXAMINATION

1. The County's evaluation of the GLWA or any other actual or potential transaction involving the formation of a regional "authority" as described in M.C.L. § 124.282 to take over operation of water and sewer service from the DWSD.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 1 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome and seeks information duplicative of that provided by other forms of discovery.

2. The terms or negotiation of any actual or potential transaction between the County and the City concerning the creation of a regional authority to take over water and sewer service from the DWSD, including but not limited to (a) draft leases and term sheets exchanged between the County and City and (b) any draft or final memorandums of understanding exchanged between the County and City.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 2 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome and seeks information duplicative of that provided by other forms of discovery.

3. All communications between the County and the City or the State regarding a potential transaction relating to the DWSD, including but not limited to the County's requests for financial due diligence as well as data regarding the amount of pension liabilities.

**OBJECTION:** MCOPW objects to Topic No. 3 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome and seeks information duplicative of that provided by other forms of discovery.

4. The County's analysis of the City's Amended Plan and Amended Disclosure Statement.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 4 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection.

5. The County's analysis of the condition of the retail system of the DWSD.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 5 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome, vague and ambiguous and seeks information duplicative of that provided by other forms of discovery.

6. All communications between the County and the City relating to information necessary for the County to complete a transaction to form a regional authority to assume operating control of the DWSD.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 6 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome, vague and ambiguous and seeks information duplicative of that provided by other forms of discovery. MCOPW further objects on the grounds that it is duplicative of Topic No. 3.

7. The County's analysis of projected savings of the resulting from operation of the DWSD by a regional authority.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 7 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection.

MCOPW further objects on the grounds that it is vague and ambiguous and seeks information duplicative of that provided by other forms of discovery.

8. The County's analysis or projections of the DWSD's deferred capital expenditures, operating expenses, revenues and/or rates at any time after 2013.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 8 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is vague and ambiguous and seeks information duplicative of that provided by other forms of discovery.

9. All communications between the County and City relating to the payment or treatment of OPEB liabilities as part of any proposed transaction to form a regional authority to assume operating control of the DWSD.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 9 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is duplicative of Topics Nos. 2 and 3.

10. The County's analysis of projected bond ratings of a new authority formed to operate the DWSD.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 10 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is vague and ambiguous and seeks information duplicative of that provided by other forms of discovery. MCOPW further objects on the grounds that it seeks discovery on information that is not in MCOPW's possession, custody or control.

11. Any actual or potential transactions between the County and any water or sewer service providing entity other than the City and the DWSD.

**OBJECTION:** In addition to the general objections (set forth above), MCOPW objects to Topic No. 11 to the extent that it seeks discovery that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is vague and ambiguous and seeks information duplicative of that provided by other forms of discovery.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

MCOPW asserts the following objections to the definitions and instructions, which are hereby incorporated in its responses to each request for production as if set forth fully therein:

1. MCOPW objects to each and every definition and instruction to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, or other applicable rule or law.

2. MCOPW objects to each and every definition to the extent that it purports to define words in a way inconsistent with their generally understood meanings.

3. MCOPW objects to the definitions of "You" and "Your" as overbroad and unduly burdensome, vague, ambiguous and to the extent that they purport to require production from individuals or parties over which MCOPW has no control or relationship or had no control or relationship during the relevant time period.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR DOCUMENTS**

1. All documents relating to the County's evaluation of the GLWA or any other actual or potential transaction involving the formation of a regional "authority" as described in M.C.L. § 124.282 to take over operation of water and sewer service from the DWSD.

**REQUEST NO. 1 AS MODIFIED:** All memoranda, summaries, analyses and evaluations relating to the County's evaluation of the GLWA or any other actual or potential transaction involving the formation of a regional "authority" as described in M.C.L. § 124.282 to take over operation of water and sewer service from the DWSD, whether contained in e-mails, other electronically stored records or hard copies.

**RESPONSE:** MCOPW objects to Request No. 1 and Request 1 as modified to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified that are within MCOPW's possession, custody, or control.

2. All documents relating to the terms or negotiation of any actual or potential transaction between the County and the City concerning the creation of a regional authority to take over water and sewer service from the DWSD, including but not limited to (a) draft leases and term sheets exchanged between the County and City and (b) any draft or final memorandums of understanding exchanged between the County and City.

**REQUEST NO. 2 AS MODIFIED:** All memoranda, summaries, analyses and evaluations relating to the terms or negotiation of any actual or potential transaction between the County and the City concerning the creation of a regional authority to take over water and sewer service from the DWSD, including but not limited to (a) draft leases and term sheets exchanged between the County and City and (b) any draft or final memorandums of understanding exchanged between the County and City, whether contained in e-mails, other electronically stored records or hard copies.

**RESPONSE:** MCOPW objects to Request No. 2 and Request No. 2 as modified to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they

exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified with that are within MCOPW's possession, custody, or control.

3. All communications between the County and the City or the State regarding a potential transaction relating to the DWSD, including but not limited to the County's requests for financial due diligence as well as data regarding the amount of pension liabilities.

**RESPONSE:** MCOPW objects to Request No. 3 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request that are within MCOPW's possession, custody, or control.

4. All documents relating to the County's analysis of the City's Amended Plan and Amended Disclosure Statement.

**REQUEST NO. 4 AS MODIFIED:** All memoranda, summaries, analyses and evaluations relating to the County's analysis of the City's Amended Plan and Amended Disclosure Statement, whether contained in e-mails, other electronically stored records or hard copies.

**RESPONSE:** MCOPW objects to Request No. 4 and Request 4 as modified to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by the Letter Agreement that are within MCOPW's possession, custody, or control.

5. All documents demonstrating the County's analysis of the condition of the retail system of the DWSD.

**RESPONSE:** MCOPW objects to Request No. 5 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects to this request on the grounds that it is vague and ambiguous. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request that are within MCOPW's possession, custody, or control based on MCOPW's understanding that the Request seeks documents reflecting MCOPW's analysis of the physical condition of DWSD's sewer system within the City of Detroit, Michigan from January 1, 2012 to the present.

6. All communications between the County and the City relating to information necessary for the County to complete a transaction to form a regional authority to assume operating control of the DWSD.

**RESPONSE:** MCOPW objects to Request No. 6 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is duplicative of Request No. 3. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request that are within MCOPW's possession, custody, or control.

7. All documents concerning the County's analysis of projected savings of the resulting from operation of the DWSD by a regional authority.

**REQUEST NO. 7 AS MODIFIED:** All memoranda, summaries, analyses and evaluations concerning the County's analysis of projected savings of the resulting from operation of the DWSD by a regional authority, whether contained in e-mails, other electronically stored records or hard copies.

**RESPONSE:** MCOPW objects to Request No. 7 and Request No. 7 as modified to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is vague and ambiguous. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by the Letter Agreement that are within MCOPW's possession, custody, or control based on MCOPW's understanding that the Request seeks only documents reflecting MCOPW's analysis of projected cost savings resulting from operation of the DWSD by a regional authority.

8. All documents relating to the County's analysis or projections of the DWSD's deferred capital expenditures, operating expenses, revenues and/or rates at any time after 2013.

**REQUEST NO. 8 AS MODIFIED:** All memoranda, summaries, analyses and evaluations relating to the County's analysis or projections of the DWSD's deferred capital expenditures, operating expenses, revenues and/or rates at any time after 2013, whether contained in e-mails, other electronically stored records or hard copies.

**RESPONSE:** MCOPW objects to Request No. 8 and Request No. 8 as modified to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is vague and ambiguous. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce all non-privileged documents responsive to this Request as modified by the Letter Agreement that are within MCOPW's

possession, custody, or control based on MCOPW's understanding that the Request seeks documents reflecting MCOPW's analysis of projected expenditures, revenues and rates, created from January 1, 2012 to the present.

9. All communications between the County and City relating to the payment or treatment of OPEB liabilities as part of any proposed transaction to form a regional authority to assume operating control of the DWSD.

**RESPONSE:** MCOPW objects to Request No. 9 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is duplicative of Request Nos. 2 and 3. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to the Request are within MCOPW's possession, custody, or control.

10. All documents relating to the County's analysis of projected bond ratings of a new authority formed to operate the DWSD.

**REQUEST NO. 10 AS MODIFIED:** All memoranda, summaries, analyses and evaluations relating to the County's analysis of projected bond ratings of a new authority formed to operate the DWSD, whether contained in e-mails, other electronically stored records or hard copies.

**RESPONSE:** MCOPW objects to Request No. 10 and Request No. 10 as modified to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it seeks documents that are not in MCOPW's possession, custody or control. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable

search and inquiry all non-privileged documents responsive to this Request as modified by the Letter Agreement within MCOPW's possession, custody, or control.

11. All documents relating to actual or potential transactions between the County and any water or sewer service providing entity other than the City and the DWSD.

**REQUEST NO. 11 AS MODIFIED**: All memoranda, summaries, analyses and evaluations relating to actual or potential transactions between the County and any water or sewer service providing entity other than the City and the DWSD, whether contained in e-mails, other electronically stored records or hard copies.

**RESPONSE:** MCOPW objects to Request No. 11 and Request No. 11 as modified to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it seeks documents that are not in MCOPW's possession, custody or control. In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents responsive to this Request as modified by the Letter Agreement within MCOPW's possession, custody, or control.

Dated: New York, New York
May 6, 2014

DECHERT LLP
By: ___s/Allan S. Brilliant___
Allan S. Brilliant
G. Eric Brunstad
Stephen M. Wolpert
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
allan.brilliant@dechert.com
stephen.wolpert@dechert.com

*Attorneys for County of Macomb, Michigan, by and through its County Agency, the Macomb County Public Works*

16