**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
------------------------------------------------------  x
                                                        :
In re                                                   :        Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                               :        Case No. 13-53846
                                                        :
Debtor.                                                 :        Hon. Steven W. Rhodes
                                                        :
                                                        :
------------------------------------------------------  x
```

**FINANCIAL GUARANTY INSURANCE COMPANY'S**
**RESPONSES TO DEBTOR'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to applicable Federal Rules of Bankruptcy Procedure and Federal Rules

of Civil Procedure (the "**Federal Rules**"), Financial Guaranty Insurance Company ("**FGIC**")

hereby responds and objects to the City of Detroit, Michigan's (the "**City**" or the "**Debtor**") First

Requests for Production of Documents (the "**Requests**").

**PRELIMINARY STATEMENT**

Similar to its treatment of other non-settling creditors, the City served FGIC with

wide-ranging document requests–some seeking information over ten years old and most

completely unrelated to whether the City can confirm a plan of adjustment.  For example, in

Request No. 46, the Debtor seeks "all documents memorializing or relating to your establishment

and implementation of standards, controls, limits, guidelines or policies relating to risk

assessment and risk management, including but not limited to the underwriting or surveillance of

credit risks" –a request with no reasonable time limitation, and absolutely no relation to the

Debtor or its proposed Plan.[1]  Indeed, requests such as this and Request No. 49 for "all

---

[1] "**Plan**" and "**Plan of Adjustment**" have the meaning ascribed to the term "Plan" in the Debtor's Requests.

documents that relate to or memorialize underwriting relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present" are nothing more than efforts to get a head start on discovery related to the COPs invalidity litigation.

Counsel for the City and FGIC have met and conferred on a number of occasions during the three weeks since the Requests were served. FGIC appreciates the City's agreement, noted in the particular Requests and responses below, to withdraw nineteen Requests — though none related to the COPs transactions. In addition, FGIC and the City have agreed that, except with respect to the documents related to the COPs transactions, FGIC would limit its search for responsive documents to the time period from January 1, 2013 through present.

With respect to the requests for documents related to the COPs transactions, FGIC objects for numerous reasons, discussed below, including that the burden on FGIC to produce all information related to the COPs transactions at this time vastly outweighs the probative value, if any, of such information to the confirmation of the City's Plan. In an effort to reach a compromise on this point, FGIC has agreed to produce certain hard copy documents relevant to the COPs transactions that it has collected through an initial search of its files. FGIC maintains its objections to any Request that requires an exhaustive search for, and review of, its hard copy files or electronically stored information related to the COPs transactions at this time. Quite simply, the balance of the likely relevance of such information, in addition to the information that FGIC has agreed to provide, against the burden of producing such information weighs heavily in favor of FGIC's objections.

Finally, in benefit to both sides, the City and FGIC agreed to forego the production of a privilege log in light of the likely herculean task that such would be.

## GENERAL OBJECTIONS

To the extent applicable, the following general objections apply to each and every response to the Requests and are incorporated by reference into each response to each Request.

1.        FGIC objects to the Requests to the extent that they purport to impose obligations on FGIC that are greater than or inconsistent with those set forth in the Federal Rules, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "**Bankruptcy Court**"), and any applicable Order of the Bankruptcy Court.

2.        FGIC objects to the definitions of "you" and "your" to the extent the effect of such terms requires the production of information outside the possession, custody or control of FGIC.

3.        FGIC objects to the City's definition of "Document" in Definition No. 3 of the Document Requests.  That definition exceeds the permissible bounds under Rule 34 of the Federal Rules of Civil Procedure. Specifically, the City defines "Document" as "any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact disks, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, or other storage materials)." FGIC has implemented reasonable and appropriate methodologies to identify, preserve, cull, review and produce relevant and discoverable ESI and documents, and FGIC objects to the Requests to the extent they seek marginally relevant ESI or documents and to the extent they purport to require FGIC to implement ESI methodologies unreasonably or at an undue cost. FGIC objects to searching for or producing ESI contained on disaster recovery, back-up, or archival media, legacy systems, or deleted, fragmented, shadowed, or temporary data on the

grounds that such information is not reasonably accessible due to cost and burden, and that the burden and cost of searching, processing, and producing this material would far exceed any marginal benefit to be gained by conducting such a search.

4.      FGIC objects to Instruction No. 12 in the Document Requests. Instruction No. 12 states that FGIC's "duty to produce documents shall not be limited or affected by the fact that the same document is available through another source."  FGIC objects to producing documents that the City already has in its possession, including, but not limited to, information that would not be in FGIC's files but for it being provided by the City or the City's advisors.

5.      FGIC objects to Instruction No. 14 on the grounds that it is unduly burdensome.

6.      FGIC objects to Instruction No. 15 on the grounds that it is unduly burdensome.

7.      FGIC objects to each Request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, the mediation privilege, the common interest doctrine, or any other applicable privilege or immunity.  None of FGIC's responses are intended as, nor should be construed as, a waiver or relinquishment of the attorney-client privilege, the work product doctrine, the mediation privilege, the common interest doctrine, or any other applicable privilege or immunity.

8.      FGIC objects to each Request to the extent that it is overly broad, unduly burdensome, vague, and/or not reasonably calculated to lead to the discovery of relevant documents or admissible evidence.

9.      FGIC objects to the Requests to the extent that they seek documents and information outside of FGIC's possession, custody, or control.

10.      A statement that FGIC will produce documents in response to any Request herein does not mean that such documents exist, but only that, to the extent such documents do exist

and are not subject to a specific and/or a general objection, FGIC will produce non-privileged, responsive documents that are identifiable after a reasonable search of its files.

11. FGIC's responses to these Requests, notwithstanding its objections, do not constitute an admission that such documents are relevant, material or admissible, or serve as a waiver of any objection, whether asserted as a general objection or a specific objection.

All responses to a Request are made solely for the purpose of discovery related to the proposed confirmation of the City's Plan and shall not be used in any other proceeding. FGIC's responses are based upon information known at this time. Accordingly, FGIC makes the responses without prejudice to its right to alter, supplement, amend or otherwise modify the responses to the Requests. In addition, FGIC reserves the right to assert additional objections to the Requests as necessary and/or appropriate. The preliminary statement and each of the foregoing general objections are incorporated into each and every response as though fully set forth therein. Without waiving any of the foregoing, FGIC responds to the Requests as follows:

## DOCUMENT REQUESTS

1. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

(a) Current and/or projected cash flows for the City of Detroit;

(b) Current and/or projected budgets for the City of Detroit;

(c) The City of Detroit's inability/ability to pay its debts when they become due;

(d) The City of Detroit's inability/ability to provide civic services;

(e) Current and/or projected tax collection rates (for wagering, property, and income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);

<ol type="a" start="6">
<li>The Detroit Water and Sewer Department ("DWSD");</li>
<li>The Detroit Institute of Arts ("DIA");</li>
<li>The Public Lighting Authority of Detroit ("PLA"); and</li>
<li>Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).</li>
</ol>

RESPONSE:

  FGIC objects to this Request as overly broad and unduly burdensome to the extent that it requests information that FGIC received from the Debtor or its advisors through access to the City Data Room[2], or otherwise. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to the Plan.

  2. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This requests includes, but is not limited to, documents that address:

<ol type="a">
<li>The effects on you and other creditors;</li>
<li>The cost of operating the City of Detroit;</li>
<li>What constitutes an adequate level of City services;</li>
</ol>

---

[2] "**City Data Room**" means the virtual data room for Detroit hosted by R.R. Donnelley.

(d)     Levels of recovery for unsecured creditors (with or without a "Grand Bargain"[3]);

(e)     Comparable cities and, if applicable, the basis for concluding those cities are comparable;

(f)     Asset sales by the City of Detroit;

(g)     Tax treatment in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

(h)     Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

RESPONSE:

FGIC objects to this Request as overly broad and unduly burdensome to the extent that it requests information that FGIC (i) received from the Debtor or its advisors through access to the City Data Room, or otherwise, or (ii) already provided to the Debtor. FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to alternatives to the Plan.

3.     All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

---

[3] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

4.    All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

RESPONSE:

FGIC objects to this Request as overly broad and unduly burdensome to the extent that it requests information that FGIC received from the Debtor or its advisors through access to the City Data Room, or otherwise. FGIC further objects to this Request to the extent that it is vague, ambiguous, and/or fails to identify or describe the information sought with reasonable particularity. Indeed, FGIC's claims against the Debtor are the same irrespective of whether a Plan is confirmed. Accordingly, this Request is so vague that FGIC must speculate as to the documents or information sought by the Debtor. FGIC will respond based on its understanding from meet and confer sessions with the City that this Request is seeking documents analyzing recoveries under the Plan. FGIC also objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, related to estimated recoveries under the Plan that it has been able to locate after a reasonable search of its records.

5.    All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of any other creditor in this bankruptcy case.

8

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

6. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

RESPONSE:

FGIC objects to this Request as overly broad and unduly burdensome to the extent that it requests information that FGIC received from the Debtor or its advisors through access to the City Data Room, or otherwise. FGIC further objects to this Request to the extent that it is vague, ambiguous, and/or fails to identify or describe the information sought with reasonable particularity. Indeed, this request is so vague that FGIC must speculate as to the documents or information sought by the Debtor. FGIC also objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC also objects to this Request because it is inapplicable to FGIC. FGIC is no longer engaged in the business of writing financial guaranty insurance policies. It is, instead, responsible solely for managing assets and administering outstanding policies in accordance with its First Amended Plan of Rehabilitation approved by the Supreme Court of the State of New York on June 11, 2013. FGIC's stated capital is not impacted by, and does not change based on, different recovery levels under the Plan. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records relating to this Request.

7.     All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

RESPONSE:

FGIC objects to this Request as overly broad and unduly burdensome to the extent that it requests information that FGIC received from the Debtor or its advisors through access to the City Data Room, or otherwise.  FGIC further objects to this Request to the extent that it is vague, ambiguous, and/or fails to identify or describe the information sought with reasonable particularity.  Indeed, this request is so vague that FGIC must speculate as to the documents or information sought by the Debtor.  FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity.  Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records relating to this Request.

8.     All documents relating to any City of Detroit debt held by you, the price you paid for that debt, and the date(s) on which you acquired said debt.

RESPONSE:

FGIC does not have any documents responsive to this Request because FGIC does not hold any debt of the Debtor except as a result of paid claims.  FGIC refers the Debtor to FGIC's proofs of claim.

9.     All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

RESPONSE:

FGIC does not have any documents responsive to this Request.

10.     All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

RESPONSE:

FGIC has not acquired any claims against the City except as a result of paid claims.  FGIC refers the Debtor to FGIC's proofs of claim and the Proposed Complaint filed with its Motion for Intervention filed in the COPs invalidity litigation.

11.     All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

RESPONSE:

The City has withdrawn this Request.  FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

12.     All documents relating to any communications between you (or on your behalf) and any agencies, government entities or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy.  This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit.  The request includes documents relating to any such communications with:

(a)     The White House;

(b)     Any United States executive branch agencies or departments;

(c)     The United States Congress;

(d)     The Executive Office of the Governor of the State of Michigan;

(e)        The State of Michigan Legislature;

(f)        The City Council of the City of Detroit;

(g)        The Office of the Mayor of the City of Detroit

(h)        The National Association of Insurance Commissioners;

(i)        Any municipal bond associations; and/or

(j)        Any state or federal lobbyists.

<u>RESPONSE</u>:

The City has withdrawn this Request.  FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

13.      All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

<u>RESPONSE</u>:

Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, that it has been able to locate after a reasonable search of its records related to communications between FGIC and the U.S. Trustee regarding the Plan.

14.      All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

<u>RESPONSE</u>:

FGIC objects to this Request as overly broad and unduly burdensome to the extent that it requests information that FGIC received from the Debtor or its advisors through access to the City Data Room, or otherwise.  FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege,

the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to the future creditworthiness of the Debtor.

15.     All documents relating to any common interest agreements between you and any other City of Detroit creditors.

RESPONSE:

FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC will produce common interest agreements, if any, related to the Debtor.

16.     All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

RESPONSE:

FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC will produce joint defense agreements, if any, related to the Debtor.

17.     Any documents relating to any communications between you and any Trustee pertaining to control rights, rights to vote, direct remedies, instructions, etc.

RESPONSE:

FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common

interest privilege, the mediation privilege, or any other privilege or immunity. FGIC further objects to the use of the term "etc." because it fails to describe the documents requested with reasonable particularity. FGIC further objects to this request as overly broad because it is not limited to matters related to the Debtor. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to the topics specifically described above.

18.     All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

19.     All documents relating to any notifications to any insurance carriers, or claims filed with insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

RESPONSE:

FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC further objects to this request as overly broad because it is not limited to matters related to the Debtor. FGIC does not have any responsive documents related to the Debtor that it has been able to locate after a reasonable search of its records.

20.     All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

21.     All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

22.     All documents relied upon by any experts you intend to call to testify at the hearing regarding the Plan.

RESPONSE:

FGIC objects to this Request as premature. FGIC will produce documents relied upon by any expert witness designated by FGIC, if any, at the time expert reports are due under the Fourth Amended Scheduling Order.[4]

23.     All documents related to any analysis of "unfair discrimination" in the Plan.

---

[4] The "**Fourth Amended Scheduling Order**" means the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment entered on April 21, 2014 (ECF 4202).

RESPONSE:

FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to unfair discrimination.

24. All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

25. Documents relating to any valuation of the art housed at the DIA conducted or arranged by Houlihan Lokey.

RESPONSE:

FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC further objects to this Request to the extent it requires FGIC to breach existing confidentiality agreements related to such information. FGIC refers the Debtor to the Art Motion[5] and related

---

[5] "**Art Motion**" means the Corrected Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing the Debtor to Cooperate with Interested Persons Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts [Docket No. 3925].

filings.  In addition, Houlihan Lokey has not conducted any valuation of the art housed at the

DIA.  Accordingly, there are no documents responsive to that portion of the Request.  Subject to

and without waiving the foregoing general and specific objections, FGIC will produce

responsive, non-privileged and non-confidential documents related to this Request.

     26.     Analysis by you and/or Houlihan Lokey relating to the potential value of the art

housed at the DIA.

RESPONSE:

     Neither FGIC nor Houlihan performed any independent analysis as to the

potential value of the art housed at the DIA.  FGIC and Houlihan Lokey reviewed a valuation

prepared by Christie's and indications of interest, as further described in the Art Motion, with

respect to the art housed at the DIA.  Accordingly, there are no documents responsive to this

Request.

     27.     Communications with Houlihan Lokey and/or other creditors of the City of

Detroit relating to any valuation of the art housed at DIA, including but not limited to

communications addressing the process or method utilized by Houlihan Lokey to value the art.

RESPONSE:

     FGIC objects to this Request to the extent that it purports to call for the disclosure

of information protected by the attorney-client privilege, the work product doctrine, the common

interest privilege, the mediation privilege, or any other privilege or immunity.  Moreover,

Houlihan Lokey did not perform a valuation of the art housed at the DIA.  Accordingly, there are

no documents responsive to that portion of the Request.

     28.     Any actual bids, proposals, non-binding indications of interest or non-binding

term sheets (as those terms are used in DE #3923) received by you or Houlihan Lokey relating to

the art housed at the DIA.

RESPONSE:

FGIC objects to this Request to the extent it requires FGIC to breach existing confidentiality agreements related to such information. Subject to and without waiving the foregoing general and specific objections, FGIC will produce non-confidential documents related to this Request.

29. Communications between, on the one hand, you and/or Houlihan Lokey, and on the other, any person who submitted a bid, proposal, non-binding indication of interest or non-binding term sheet (as those terms are used in DE #3923) relating to the art housed at the DIA.

RESPONSE:

FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC further objects to this Request to the extent it requires FGIC to breach existing confidentiality agreements related to such information. FGIC also objects to this Request to the extent it requests information not in the possession, custody or control of FGIC. FGIC does not have any documents responsive to this Request.

30. Your 2013 statutory annual statement.

RESPONSE:

FGIC will produce its Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors.

31. All documents provided to the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

32.     All documents received from the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

33.     Your audited financial statements for the years 2011, 2012, 2013, and 2014.

RESPONSE:

FGIC will produce its Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors. Audited financial statements are not available for 2014. Accordingly, there are no documents responsive to that portion of the Request.

34.     All audited consolidated financial statement for the years 2011, 2012, 2013, and 2014 that include your financial information.

RESPONSE:

FGIC will produce its Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors. Audited financial statements are not available for 2014. Accordingly, there are no documents responsive to that portion of the Request.

35.     All documents relating to any communications with any accountant or actuary relating to the recognition of losses relating to the City of Detroit or its debt.

RESPONSE:

        FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to this Request.

36.    All documents relating to any communications with any insurance regulator that mention or relate to the City of Detroit or its debt.

RESPONSE:

        The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

37.    All documents that identify by policyholder and CUSIP all public finance obligations on which you established a case reserve at any time during 2011, 2012, 2013, and 2014.

RESPONSE:

        The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

38.    All documents that identify the amount of each case reserve established on any public finance obligation identified above.

RESPONSE:

        The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

39. All reinsurance treaties that relate to any public finance obligation identified above.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

40. All commutation or settlement agreements related to any public finance obligation to which you were a party that were effective or executed during 2011, 2012, 2013, or 2014.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

41. All communications with any reinsurer relating to the City of Detroit or its debt.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to this Request.

42. All presentations to any executive team, board of directors, or committee addressing the City of Detroit or its debt including but not limited to Derek Donnelly (your Senior Managing Director, Portfolio Risk Management).

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. FGIC objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to this Request.

43.    All presentations made to any insurance department addressing the City of Detroit or its debt.

RESPONSE:

The City has withdrawn this Request. FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

44.    All communications with your independent certified public accountant or accounting firm that mention the City of Detroit or its debt.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time

period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records related to this Request.

45.    All communications with the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2010, 2011, 2012, and that mention the City of Detroit or its debt.

RESPONSE:

The City has withdrawn this Request.  FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

46.    All documents memorializing or relating to your establishment and implementation of standards, controls, limits, guidelines or policies relating to risk assessment and risk management, including but not limited to the underwriting and surveillance of credit risks.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment.  Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment.  FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity.  FGIC further objects to this Request as overly broad and unduly burdensome as it includes no limit with respect to time, and it is not limited to matters related to the Debtor.  Subject to and without waiving the foregoing general and specific objections, FGIC will produce the non-privileged portions of

watch list memos and surveillance reports related to the Debtor that it has been able to locate after a reasonable search of its records from January 1, 2013 through April 11, 2014. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

47.     All internal analyses, including but not limited to bid requests or underwriting reports, regarding the City of Detroit or its debt from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC has not conducted underwriting activities since 2008, so this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

48.     All communications to/from internal credit committees relating to the City of Detroit or its debt from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the

Plan of Adjustment. Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

49. All documents that relate to or memorialize underwriting relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

50. All documents that contain underwriting policies or procedures in effect at the time that any City of Detroit public or structure finance obligation was underwritten.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

51. All documents that contain pricing policies or procedures in effect at the time that any City of Detroit public or structured finance obligation was underwritten from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. FGIC does not have any current pricing policies or procedures and, accordingly, will not produce documents responsive

to this Request.  Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

52.     All documents that were reviewed or relied on in underwriting any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment.  Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment.  FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity.  Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

53.     All surveillance reports, or other similar documents that identify impaired credits or credits that will be closely monitored, regarding performance of municipal risk associated with the City of Detroit or its debt from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment.  Indeed, this Request is an attempt at conducting discovery for the pending

COPs litigation, not for matters related to confirmation of the Plan of Adjustment.  FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity.  Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.  In addition, FGIC will produce the non-privileged portions of watch list memos and surveillance reports related to the Debtor that FGIC has located after a reasonable search of its records from January 1, 2013 through April 11, 2014.

54.     All documents that relate to or memorialize pricing relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

RESPONSE:

The City has withdrawn this Request.  FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

55.     All documents that contain loss mitigation analysis relating to the City of Detroit or its debt from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment.  Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment.  FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest

privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files. In addition, subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records.

56.  Any communications, including but not limited to insureds, bondholders or their Trustees, relating to the City of Detroit or its debt from January 1, 2004, to the present.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files. In addition, subject to and without waiving the foregoing general and specific objections, FGIC will produce responsive, non-privileged documents, if any, from the time period from January 1, 2013 through April 11, 2014, that it has been able to locate after a reasonable search of its records.

57.     All documents that relate to the impact that consensual impairment of UTGOs would have on debt that is similarly situated to the City of Detroit's debt.

RESPONSE:

The City has withdrawn this Request.  FGIC reserves its right to object to this Request on any grounds should this Request be reinstated.

58.     All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment.  Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment.  FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity.  Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

59.     All documents relating to any communications by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

RESPONSE:

FGIC objects to this Request to the extent it seeks documents that are neither relevant to the confirmation of the Plan of Adjustment nor reasonably calculated to lead to the discovery of evidence admissible at an evidentiary hearing on the proposed confirmation of the Plan of Adjustment. Indeed, this Request is an attempt at conducting discovery for the pending COPs litigation, not for matters related to confirmation of the Plan of Adjustment. FGIC further objects to this Request to the extent that it purports to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the mediation privilege, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, FGIC has agreed to produce certain documents related to the COPs transaction from an initial review of its hard copy files.

60. All documents referred to, reviewed, consulted, or relied on in responding to Debtor's interrogatories and not otherwise produced in response to these requests for production of documents.

RESPONSE:

Subject to and without waiving the foregoing general and specific objections, FGIC will produce non-privileged documents, if any, related to this request.

DATED: May 6, 2014
Houston, Texas

/s/ Alfredo R. Pérez

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

– and –

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

*Attorneys for Financial Guaranty Insurance Company*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 6, 2014 *Financial Guaranty Insurance Company's Responses to*

*Debtor's First Requests for Production* was filed and served via the Court's electronic case filing

and noticing system to all registered users that have appeared in this matter.


    /s/ Alfredo R. Pérez
    Alfredo R. Pérez
    WEIL, GOTSHAL & MANGES LLP
    700 Louisiana Street, Suite 1600
    Houston, TX 77002
    Telephone: (713) 546-5000
    Facsimile: (713) 224-9511
    Email: alfredo.perez@weil.com

Dated: May 6, 2014