---------------------------------------------------------------- x
                                                                 :
In re                                                            :    Chapter 9
                                                                 :
CITY OF DETROIT, MICHIGAN,                                       :    Case No. 13-53846
                                                                 :
Debtor.                                                          :    Hon. Steven W. Rhodes
                                                                 :
                                                                 :
---------------------------------------------------------------- x

## FINANCIAL GUARANTY INSURANCE COMPANY'S
## RESPONSES TO DEBTOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7033, Financial Guaranty Insurance Company ("**FGIC**") hereby responds and objects to the City of Detroit, Michigan's (the "**Debtor**") First Set of Interrogatories.

## GENERAL OBJECTIONS

The following general objections apply to each and every Interrogatory and are incorporated by reference into each response to each Interrogatory.

1. FGIC objects to the Interrogatories to the extent that they purport to impose obligations on FGIC that are greater than or inconsistent with those set forth in the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Bankruptcy Rules for the Eastern District of Michigan and any order of the Bankruptcy Court in this case.

2. FGIC objects to the Interrogatories to the extent that they purport to call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the mediation privilege, the common interest privilege, or any other privilege or immunity. The

inadvertent disclosure of any information subject to any such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed a waiver of any applicable privilege or protection.

3. FGIC objects to the Interrogatories to the extent that they seek information that is already in the Debtor's possession or is equally accessible by the Debtor.

4. FGIC objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, and/or call for the disclosure of information and/or the identification of materials that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence in connection with the confirmation of the Debtor's proposed Plan.[1] In particular, FGIC objects to the requirement that, with respect to identifying natural persons, FGIC state "the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions."

5. Moreover, FGIC objects to the Interrogatories as improper to the extent that an Interrogatory requires FGIC to identify, by beginning and ending bates number, each document responsive to a certain category. In the alternative, FGIC may, at its option, produce documents in response to such Interrogatory in accordance with Fed. R. Civ. P. 33(d). Moreover, FGIC fully incorporates its responses and objections to Debtor's First Request for Production.

6. FGIC objects to the Interrogatories to the extent that they are vague, ambiguous, and/or fail to identify or describe the information sought with reasonable particularity, such that FGIC must speculate as to the documents or information the Debtor seeks.

---

[1] Terms used and not defined herein have the meanings set forth in the First Set of Interrogatories.

7. FGIC's responses to these Interrogatories, notwithstanding their objections, do not constitute an admission that such information provided is relevant, material or admissible in connection with the confirmation of the Debtor's Plan, or serve as a waiver of any objection, whether asserted as a general objection or a specific objection.

8. FGIC objects to the Interrogatories to the extent they seek information that is not in the possession, custody or control of FGIC.

All responses to an Interrogatory are made solely for the purpose of discovery related to the proposed confirmation of the Debtor's Plan and shall not be used in any other proceeding. FGIC's responses are based upon information known as of the date of these responses. Accordingly, FGIC makes the responses without prejudice to its right to alter, supplement, amend or otherwise modify the responses to the Interrogatories. In addition, FGIC reserves the right to assert additional objections to the Interrogatories as necessary and/or appropriate. Without waiving any of the foregoing, FGIC responds to the Interrogatories as follows:

## **INTERROGATORIES**

1. Identify any custodians of documents requested in the accompanying Requests for Production of Documents (served herewith).

RESPONSE:

>Subject to the foregoing general objections, FGIC responds as follows:
>
>| | |
>|---|---|
>| FGIC | Gina Goldstein |
>| Departmental File Server | Jill Greiss |
>| Ken Degen | Seth Lehman |
>| Rick Dekorte | Thea Okin |
>| Derek Donnelly | Tim Tattam |
>| Noreen Domanico | Tim Travers |
>| John Dubel | Ed Turi |
>| Carolanne Gardner | |

2. Identify the person most knowledgeable about your surveillance activities. Surveillance activities include, but are not limited to, monitoring and reporting changes in transaction credit quality, detecting any deterioration in credit quality, and recommending to management any necessary or appropriate remedial actions to mitigate realized or potential losses.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Derek Donnelly, Senior Managing Director - Portfolio Risk Management of FGIC.

3. Identify the person most knowledgeable about your loss mitigation activities. Loss mitigation activities include, but are not limited to, enforcing the corporation's contractual rights and remedies, repurchasing claims, obtaining collateral appraisals, enforcing collateral provisions, mitigating losses, engaging in transaction negotiations, or managing litigation or arbitration proceedings. Please confirm whether Derek Donnelly (your Senior Managing Director for Portfolio Risk Management) is the person most knowledgeable.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Derek Donnelly, Senior Managing Director - Portfolio Risk Management of FGIC.

4. Identify the person most knowledgeable about your underwriting activities. Underwriting activities include, but are not limited to, analyzing the structure of a potential transaction, investigating the business or asset class's particular credit and legal issues, and using that information to assess overall risk.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC is no longer engaged in the business of writing financial guaranty insurance policies. FGIC refers

the Debtor to its (i) Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors, (ii) the Order of Rehabilitation in the Matter of the Application of Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, for an order to take possession of the property of and rehabilitate Financial Guaranty Insurance Company, dated June 28, 2012, and (iii) the Plan Approval Order dated June 13, 2013 attaching FGIC's First Amended Plan of Rehabilitation, dated June 4, 2013 produced in response to the Debtor's Requests for Production and available at FGIC.com. Accordingly, because FGIC is not in the business of underwriting financial guaranty insurance, FGIC is unable to identify an individual in response to this Interrogatory.

5. Identify the person most knowledgeable about your pricing activities. Pricing activities include, but are not limited to, utilizing an array of relevant factors to determine the fair market value of the financial product. Select examples include market information, benchmark securities, reported trades, broker/dealer quotes, issuer spreads, bids, offers, and industry and economic events.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC is no longer engaged in the business of writing financial guaranty insurance policies. FGIC refers the Debtor to its (i) Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors, (ii) the Order of Rehabilitation in the Matter of the Application of Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, for an order to take possession of the property of and rehabilitate Financial Guaranty Insurance Company, dated June 28, 2012, and (iii) the Plan Approval Order dated June 13, 2013 attaching FGIC's First Amended Plan of Rehabilitation, dated June 4, 2013 produced in response to the Debtor's Requests for Production and available at FGIC.com. Accordingly, because FGIC

is not in the business of underwriting financial guaranty insurance, FGIC is unable to identify an individual in response to this Interrogatory.

6. Identify the person most knowledgeable about your reserving methodology. Case reserving methodology may include monitoring any significant credit deterioration on a specific insured obligation and/or assessing the possibility or probability of its default based on quantitative and/or qualitative factors. These factors may include creditworthiness, securitization, projected cash flow, and historical and projected loss rates on the asset.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Derek Donnelly, Senior Managing Director - Portfolio Risk Management of FGIC.

7. Identify the person most knowledgeable about your loss reserve methodology. Loss reserve may be based on whether an insured event has occurred, an insured event is expected to occur, the voluntary prepayment rate, and the interest rate environment, among other relevant factors. It is often, but not always, considered on a contract-by-contract basis.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Derek Donnelly, Senior Managing Director - Portfolio Risk Management of FGIC.

8. Identify the person most knowledgeable about your commutation activities. Commutation activities include, but are not limited to, determining corporation commutation policy. This may include when to modify or cancel a policy (whether or not the corporation pays the insured a sum of money).

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Derek Donnelly, Senior Managing Director - Portfolio Risk Management of FGIC.

9. Identify your auditor for the years 2011, 2012, and 2013. Please confirm that Ernst & Young LLP is your auditor and/or disclose any other auditors who are responsive to this interrogatory.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Ernst & Young LLP is FGIC's auditor and was the same for 2011, 2012 and 2013.

10. Identify the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2011, 2012, and 2013. Please confirm that Jay Votta of Ernst & Young is your actuary and/or disclose any other actuaries who are responsive to this interrogatory.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Jay Votta with Ernst & Young LLP is FGIC's actuary.

11. Identify and describe any internal credit committee communications concerning City of Detroit related debt.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC objects to this Interrogatory as vague because the term "internal credit committee" is not defined. To the extent "internal credit committee" refers to a group within FGIC organized for the purpose of approving new transactions, FGIC has not had an internal credit committee since 2008. FGIC refers the Debtor to its (i) Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors, and (ii) the Order of Rehabilitation in the Matter of the Application of Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, for an order to take possession of the property of

and rehabilitate Financial Guaranty Insurance Company, dated June 28, 2012, and (iii) the Plan Approval Order dated June 13, 2013 attaching FGIC's First Amended Plan of Rehabilitation, dated June 4, 2013 produced in response to the Debtor's Requests for Production and available at FGIC.com. For information related to underwriting and surveillance activities, refer to FGIC's responses to Interrogatories 12 and 13, respectively.

12. Identify and describe the underwriting decisions related to the insuring of City of Detroit related debt.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC is no longer engaged in the business of writing financial guaranty insurance policies. FGIC refers the Debtor to its (i) Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors, and (ii) the Order of Rehabilitation in the Matter of the Application of Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, for an order to take possession of the property of and rehabilitate Financial Guaranty Insurance Company, dated June 28, 2012, and (iii) the Plan Approval Order dated June 13, 2013 attaching FGIC's First Amended Plan of Rehabilitation, dated June 4, 2013 produced in response to the Debtor's Requests for Production and available at FGIC.com. None of the individuals that were directly involved in the underwriting of the COPs transactions are currently employed by FGIC. FGIC also refers the Debtor to documents from the time period from 2004 through 2006 related to the COPs transactions produced in response to the Debtor's Requests for Production.

13. Identify and describe any surveillance reports regarding performance of municipal risk associated with City of Detroit debt.

8
13-53846-tjt    Doc 4463    Filed 05/06/14    Entered 05/06/14 18:50:09    Page 8 of 15

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC will produce non-privileged portions of any surveillance report regarding City of Detroit obligations in connection with FGIC's responses to the Debtor's Requests for Production.

14. Identify a lead person or persons who have knowledge of insurance policy pricing as it concerns City of Detroit related debt.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC is no longer engaged in pricing of insurance policies and no longer employs a lead person, or persons, who have knowledge of such activities. FGIC refers the Debtor to its (i) Statutory Basis Financial Statements for the Years Ended December 31, 2013 and 2012 with Report of Independent Auditors, and (ii) the Order of Rehabilitation in the Matter of the Application of Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, for an order to take possession of the property of and rehabilitate Financial Guaranty Insurance Company, dated June 28, 2012, and (iii) the Plan Approval Order dated June 13, 2013 attaching FGIC's First Amended Plan of Rehabilitation, dated June 4, 2013 produced in response to the Debtor's Requests for Production and available at FGIC.com for additional information.

15. Identify and describe any method or methods used to deny or limit coverage associated with City of Detroit related debt.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Pursuant to its Plan of Rehabilitation, FGIC has met all its obligations under its existing policies, and, accordingly, FGIC has not denied or limited coverage associated with any City of Detroit related

obligation. FGIC reserves its rights to continue to review, deny and/or limit claims against FGIC.

16. Describe the impact that consensual impairment of Unlimited Tax General Obligations would have on debt held by you that is similarly situated to the City of Detroit's debt.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC is unable to respond to this Interrogatory as written because it fails to define "impact," "consensual impairment," "similarly situated" and "debt." Accordingly, FGIC has insufficient information to respond to this Interrogatory. FGIC further responds that it does not hold or insure any Unlimited Tax General Obligations of the City of Detroit.

17. Identify a lead person or persons who have knowledge of any research, studies, assessments, analyses, or communications undertaken by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance related to debt associated with the City of Detroit.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: At the time of the COPs transactions, Seth Lehman had such knowledge. Mr. Lehman is no longer employed by FGIC.

18. Indicate whether you have any common interest or joint defense agreements with any other City of Detroit creditors.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: Yes.

19. Identify the person or persons with knowledge regarding the valuation of art housed by the DIA requested by Houlihan Lokey.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC is unable to respond to this Interrogatory as written because Houlihan Lokey did not request a valuation of the art housed by the DIA. Houlihan Lokey requested indications of interest. The parties that provided the indications of interest would have knowledge of the valuation of the art housed by the DIA and FGIC has produced, subject to the responses and objections to the Debtor's Request for Production, certain indications of interest with respect to the art housed by the DIA. FGIC also refers the Debtor to FGIC's Corrected Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing the Debtor to Cooperate with Interested Persons Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts April 9, 2014 [Docket No. 3925].

20. Identify all documents that you intend to use as exhibits including demonstrative exhibits.

RESPONSE:

Subject to the foregoing general objections, FGIC responds as follows: FGIC objects to this Interrogatory as inconsistent with its disclosure obligations contained in the Fourth Amended Scheduling Order.[2] FGIC will comply with the disclosure requirements in the Fourth Amended Scheduling Order.

21. Identify all fact witnesses who you will call for any purpose and state the subject of their testimony.

---

[2] "**Fourth Amended Scheduling Order**" means the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment entered on April 21, 2014 [Docket 4202].

RESPONSE:

        Subject to the foregoing general objections, FGIC responds as follows:  FGIC objects to this Interrogatory as inconsistent with its disclosure obligations contained in the Fourth Amended Scheduling Order.  FGIC will comply with the disclosure requirements in the Fourth Amended Scheduling Order.

        22.    Identify all fact witnesses who you may call for any purpose and state the subject of their testimony.

RESPONSE:

        Subject to the foregoing general objections, FGIC responds as follows:  FGIC objects to this Interrogatory as inconsistent with its disclosure obligations contained in the Fourth Amended Scheduling Order.  FGIC will comply with the disclosure requirements in the Fourth Amended Scheduling Order.

        23.    Identify all experts whom you intend to call to testify and identify their area of expertise.

RESPONSE:

        Subject to the foregoing general objections, FGIC responds as follows:  FGIC objects to this Interrogatory as inconsistent with its disclosure obligations contained in the Fourth Amended Scheduling Order.  FGIC will comply with the disclosure requirements in the Fourth Amended Scheduling Order.

DATED: May 6, 2014
Houston, Texas

      /s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  alfredo.perez@weil.com

– and –

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone:  (248) 642-0333
Facsimile:  (248) 642-0856
Email:  EJEssad@wwrplaw.com
Email:  mrjames@wwrplaw.com

*Attorneys for Financial Guaranty Insurance Company*

## VERIFICATION

I, Derek Donnelly, verify that I have read FGIC's Responses to Debtors First Set of Interrogatories; and that as of May 6, 2014, I have personal knowledge that some of the information contained in the Responses to Interrogatories is true and correct; and that I was informed, and on the basis of that information believed, that the remaining information in the Responses to Interrogatories is true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed as of the 6th day of May, 2014.


 /s/ Derek Donnelly
Derek Donnelly

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2014 *Financial Guaranty Insurance Company's Responses to Debtor's First Set of Interrogatories* was filed and served via the Court's electronic case filing and noticing system to all registered users that have appeared in this matter.

        /s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

Dated: May 6, 2014