## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

In re:                              : Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          : Case No. 13-53846
                                    :
        Debtor.                     : Hon. Steven W. Rhodes
_____     :

## RESPONSES AND OBJECTIONS OF
## ASSURED GUARANTY MUNICIPAL CORP.
## TO DEBTOR'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Assured Guaranty Municipal Corp. ("Assured"), by its undersigned attorneys, Chadbourne & Parke LLP, responds and objects as follows to *Debtor's Requests for Production of Documents to Assured Guaranty Municipal Corp.* (the "Requests"), served by the Debtor, the City of Detroit, Michigan (the "Debtor" or the "City"), on April 11, 2014, as follows. Documents being produced today by Assured pursuant to these responses and objections are being made available to the Debtor by FTP download, for which instructions are being provided separately.

### GENERAL OBJECTIONS

The following "General Objections" are incorporated by reference into each of Assured's responses below.

1.      Assured objects to the Requests to the extent that they may purport to impose upon Assured obligations greater than or at variance with those imposed by

the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by operation of the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [ECF No. 4202], as may be amended, supplemented, or modified from time to time (the "Scheduling Order").

2.      Assured objects to the Requests to the extent that any item therein is vague or ambiguous, overly broad or calls for documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence.  In particular, Assured objects to the Requests to the extent they seek documents that are not relevant to whether the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit [ECF No. 4392], and as may be amended, supplemented, or modified from time to time, including any exhibits thereto and the Plan Supplement, which was incorporated by reference and made part thereof (the "Plan"), can or should be confirmed (e.g., under 11 U.S.C. §§ 943 and 1129).

3.      Assured objects to the Requests to the extent that they purport to seek documents protected by attorney-client privilege, common interest privilege, the work product doctrine, or any other applicable privileges or protections (collectively, "Privilege" or "Privileged" documents).  Any information subject to

any Privilege that is inadvertently provided by Assured in response to these Requests shall not constitute or be deemed a waiver of such Privilege.

4.     Assured objects to the Requests insofar as they call for the production of any documents that contain or reflect proprietary or confidential business, commercial, research, development, financial or personal information and/or trade secret information (collectively, "Proprietary/Confidential" documents), prior to the entry by the Court of an appropriate protective order in respect of such production, and/or as unduly burdensome insofar as the risks and burdens of such production outweigh the potential value of such information in the determination of whether the Plan can or should be confirmed.

5.     To the extent that there may be any inadvertent production by Assured in response to the Requests of (a) any Privileged document, or (b) any Proprietary/Confidential document either (i) prior to the entry by the Court of an appropriate protective order in respect of such production or (ii) without the appropriate designation for such document under such protective order, such production is without prejudice to any claim that such document is Privileged and/or entitled to protection as Proprietary/Confidential, and such inadvertent production shall not be deemed to have waived any rights of Assured, including the right to recall such inadvertently produced document; provided, however, that nothing in this objection is intended to waive or limit any right or protection to

which Assured would otherwise be entitled under Rule 502 of the Federal Rules of Evidence.

6.      Assured objects to each item of the Requests to the extent that such item is unduly burdensome or calls for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, and the scope and terms of any production of electronically stored information shall be subject to conferral as provided by Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this court.

7.      Assured objects to the Requests insofar as the timeframe specified for any requested documents is overly broad, unduly burdensome, or calls for documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence.  Assured further objects to the Requests to the extent they seek documents created or received after the Petition Date.[1]

8.      Assured objects to the Requests to the extent that they purport to call for the production of documents that are not in Assured's possession, custody or control.  Assured will produce only, and respond to these Requests based on,

---

[1]  Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

documents that it determines are in its possession, custody or control after a reasonably diligent search.

9.     Assured objects to the Requests to the extent that they purport to call for documents that are equally available to the City, that are publicly or commercially available, that the City has provided to Assured, or that the City has made available in the Data Room set up for the purpose of this bankruptcy proceeding.   In particular, Assured objects to producing documents which are already in the possession, custody or control of the City, and/or that are obtainable from another source that is more convenient, less burdensome, or less expensive.

10.     Nothing herein shall be interpreted as an admission that any particular document requested in the Requests or produced in response to the Requests is or will be relevant or admissible at any trial, hearing, motion or other proceeding in this action, or will not be subject to a claim that such document is Privileged and/or Proprietary/Confidential.   Assured reserves the right to challenge the relevance, materiality, authenticity, and/or admissibility of any documents produced in response to the Requests in any subsequent proceeding or trial in this action or any other action.

11.     Statements herein to the effect that documents (or certain documents) responsive to a particular item of the Requests (if any) will be produced do not constitute a representation that any such responsive documents in fact exist or are

5

in the possession, custody or control of Assured, and responsive documents shall only be produced to the extent that they in fact do exist and are in the possession, custody or control of Assured.

12.    Assured expressly reserves the right to amend, supplement and/or correct these responses and objections and/or its production in response to the Requests at any time.

## OBJECTIONS TO DEFINITIONS AND INSTUCTIONS

The following "Objections to Definitions and Instructions" are incorporated by reference into each of Assured's responses below.

**General**

Assured objects to the "Definitions and Instructions" listed in the Requests to the extent that they vary the standard usage of the English language or purport to impose vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond what is required by the applicable Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this court.

**Definition/Instruction No. 3**

"Document" shall be used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither, and further includes any and every manner of information recordation, storage, transmission, or retrieval, including, but not limited to (a) typing,

6

handwriting, printing, or any other form of writing or marking on paper or other material; (b) tape recordings, microfilms, microfiche, and photocopies; and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail and responsive attachments, optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, disks, or other storage materials).

Assured objects to this definition to the extent that it may purport to call for production of anything outside of the scope of the term "documents" as used in Rule 34 of the Federal Rule of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this court.

## Definition/Instruction No. 9

"Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

Assured objects to this definition to the extent that it renders any item of the Request overbroad or unduly burdensome, and to the extent that such definition may purport to call for mental impressions of counsel or otherwise seek Privileged material.

## Definition/Instruction No. 10

"Trustee" means any person who acts in the role of trustee under any indenture, agent for any contract, registrar, contract administrator, or paying agent.

Assured objects to this definition to the extent that it makes responding to any Request unduly burdensome.

## Definition/Instruction No. 11

> The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

Assured objects to this instruction to the extent that it may purport to impose on Assured obligations greater than or at variance with those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by the operation of the Federal Rules of Bankruptcy Procedure, and the local rules of this Court.

## Definition/Instruction No. 12

> The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you or any of your attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

Assured objects to this instruction to the extent that it may purport to impose upon Assured obligations greater than or at variance with those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by the operation of the Federal Rules of Bankruptcy Procedure, and the local rules of this Court. Assured further objects to this instruction to the extent that it may purport to call for the production of documents not in Assured's

possession, custody, or control. Assured further objects to this instruction as unduly burdensome to the extent that it purports to require production of documents that are equally available to the City, that the City has provided to Assured, that the City has made available in the Data Room set up for the purpose of this bankruptcy proceeding, or that are publicly or commercially available.

## Definition/Instruction No. 13

In the event you assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document, the balance of the document production should be answered in full. With respect to any document which is withheld on a claim of privilege, you shall provide, at the time its responses are due hereunder, a statement setting forth as to each such document the following information:
a.      the name(s) of the sender(s) of the document;
b.      the name(s) of the author(s) of the document;
c.      the name(s) of the person(s) to whom the document or copies were sent;
d.      the date of the document;
e.      a brief description of the nature and subject matter of the document; and
f.      the nature of the privilege or the authority which is claimed to give rise to it.

Assured objects to this instruction to the extent that it may purport to impose upon Assured obligations greater than or at variance with those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by the operation of the Federal Rules of Bankruptcy Procedure, and the local rules of this Court. Assured states that it shall provide such

notification and information as to any document being withheld from production on the basis of a claim of Privilege as and when may be required or permitted by Rule 26(b)(5) of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this court.

## Definition/Instruction No. 14

If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

a.     the type of document;
b.     a description of the nature and contents of the document;
c.     the identity of the author;
d.     the circumstances under which it ceased to exist;
e.     the identity of all person(s) having knowledge of the circumstances under which it ceased to exist; and
f.     the identity of all Person(s) who had knowledge of the contents.

Assured objects to this instruction as improperly purporting to impose upon Assured obligations greater than or at variance with those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by operation of the Federal Rules of Bankruptcy Procedure, and the local rules of this Court. Assured further objects to this instruction as overly broad and unduly burdensome.

## Definition/Instruction No. 15

Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and

information and to furnish the additional documents or information to Debtor without delay.

Assured objects to this instruction to the extent that it may purport to impose upon Assured obligations greater than or at variance with those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by the operation of the Federal Rules of Bankruptcy Procedure, and the local rules of this Court. Assured states that Assured will make such supplementation, and at such times, as provided by Rule 26(e) of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this court.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS

### Document Request No. 1

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

a. Current and/or projected cash flows for the City of Detroit;
b. Current and/or projected budgets for the City of Detroit;
c. The City of Detroit's inability/ability to pay its debts when they become due;
d. The City of Detroit's inability/ability to provide civic services;
e. Current and/or projected tax collection rates (for wagering, property, and income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);
f. The Detroit Water and Sewer Department ("DWSD");
g. The Detroit Institute of Arts ("DIA");
h. The Public Lighting Authority of Detroit ("PLA"); and

     i.      Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

Assured objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents created or received after the Petition Date. Assured further objects to this Request to the extent that the subparts therein make the Request overbroad or seek documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 2**

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This requests includes, but is not limited to, documents that address:

a.   The effects on you and other creditors;
b.   The cost of operating the City of Detroit;
c.   What constitutes an adequate level of City services;
d.   Levels of recovery for unsecured creditors (with or without a "Grand Bargain");
e.   Comparable cities and, if applicable, the basis for concluding those cities are comparable;
f.   Asset sales by the City of Detroit;
g.   Tax treatment in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and
h.   Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

Assured objects to this Request to the extent that it purports to seek Privileged documents.  Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents created or received after the Petition Date.  Assured further objects to this Request to the extent that the subparts therein make the Request overbroad or seek documents that are neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents

13

that are equally available to the City or that were provided or made available to Assured by the City. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 3

> All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Subject to, as limited by, and without

waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 4

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 5**

> All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of any other creditor in this bankruptcy case.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to the use of the term "financial condition" as vague and ambiguous as it is unclear what matters are embraced by the term "financial condition".

**Document Request No. 6**

> All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

16

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to the use of the term "financial condition" as vague and ambiguous as it is unclear what matters are embraced by the term "financial condition". Assured further objects to the use of the term "recovery levels" as vague and ambiguous as it is unclear what matters are embraced by the term "recovery levels".

## Document Request No. 7

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to

lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds.  Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Assured further objects to the extent that it purports to seek Privileged documents. Assured further objects to the use of the term "financial condition" as vague and ambiguous as it is unclear what matters are embraced by the term "financial condition".

## Document Request No. 8

> All documents relating to any City of Detroit debt held by you, the price you paid for that debt, and the date(s) on which you acquired said debt.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or

to the DWSD Bonds.  Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that reflect any City debt held by Assured that is addressed by the Plan, the price paid for such debt and the date it was acquired.

## Document Request No. 9

All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds.  Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search

19

that reflect any City debt sold by Assured that is addressed by the Plan, the price for which such debt was sold and the date it was sold.

## Document Request No. 10

> All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to any claims as to which Assured has a filed Proof of Claim in

this bankruptcy case, or to whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 11

> All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents, or documents the disclosure of which to third parties is barred or restricted by applicable law or regulation. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 12**

All documents relating to any communications between you (or on your behalf) and any agencies, government entities or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

a. The White House;
b. Any United States executive branch agencies or departments;
c. The United States Congress;
d. The Executive Office of the Governor of the State of Michigan;
e. The State of Michigan Legislature;
f. The City Council of the City of Detroit;
g. The Office of the Mayor of the City of Detroit
h. The National Association of Insurance Commissioners;
i. Any municipal bond associations; and/or
j. Any state or federal lobbyists.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents, or documents the disclosure of which to third parties is barred or restricted by applicable law or regulation. Subject to, as

limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 13

> All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a

reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 14

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

Assured objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search.

## Document Request No. 15

All documents relating to any common interest agreements between you and any other City of Detroit creditors.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related

to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents.

## Document Request No. 16

All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents.

## Document Request No. 17

Any documents relating to any communications between you and any Trustee pertaining to control rights, rights to vote, direct remedies, instructions, etc.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to

lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 18

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to

26

this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents.

## Document Request No. 19

> All documents relating to any notifications to any insurance carriers, or claims filed with insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents.

## Document Request No. 20

> All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds.  Assured further objects to this Request to the extent that it purports to seek Privileged documents.  Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 21

> All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to

lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 22**

All documents relied upon by any experts you intend to call to testify at the hearing regarding the Plan.

Assured objects to this Request as premature because the timing for expert-related disclosures is dictated by the Scheduling Order. Assured further objects to

this Request to the extent that it purports to impose obligations beyond those required by Federal Rule of Civil Procedure 26 as made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this court.

### Document Request No. 23

All documents related to any analysis of "unfair discrimination" in the Plan.

Assured objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request on the basis that the question of what is "related to" an "analysis" of the issue of "unfair discrimination" is argumentative and calls for a legal conclusion. Assured further objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents that are equally available to the City or that were provided or made available to Assured by the City. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 24**

All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 25**

Your 2013 statutory annual statement.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to

lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad in that it is not limited to the DWSD Bonds. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured states that a copy of its Statutory Annual Statement for the year ended December 31, 2013 is posted for public viewing at:

*http://assuredguaranty.com/uploads/PDFs/X93698_AGM.pdf*.

### Document Request No. 26

> All documents provided to the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited the DWSD Bonds. Assured further objects to this Request to the

extent that it purports to seek documents for which the disclosure to third parties is barred or restricted by applicable law or regulation.

## Document Request No. 27

> All documents received from the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to the time period specified in this Request as overbroad and unduly burdensome.  Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited the DWSD Bonds.  Assured further objects to this Request to the extent that it purports to seek documents for which the disclosure to third parties is barred or restricted by applicable law or regulation.

## Document Request No. 28

> Your audited financial statements for the years 2011, 2012, 2013, and 2014.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related

to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited the DWSD Bonds. Assured further objects to this Request as vague and ambiguous to the extent that it seeks financial statements for the year "2014" when that year is not yet complete. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured states that a copy of the financial statements listed below are posted for public viewing at: (1) Consolidated Financial Statements, December 31, 2013 and 2012 (http://assuredguaranty.com/uploads/PDFs/AGM_4Q13_GAAP_FS.pdf);

(2) Consolidated Financial Statements, December 31, 2012 and 2011 (http://assuredguaranty.com/uploads/PDFs/AGM_4Q_2012_GAAP_i_Statement.pdf), and; (3) Consolidated Financial Statements, December 31, 2011 and 2010 (http://assuredguaranty.com/uploads/PDFs/AGM_GAAP_Statement_2011_Audited.pdf).

## Document Request No. 29

All audited consolidated financial statement for the years 2011, 2012, 2013, and 2014 that include your financial information.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited the DWSD Bonds. Assured further objects to this Request as vague and ambiguous to the extent that it seeks financial statements for the year "2014" when that year is not yet complete. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured states that a copy of the financial statements listed below are posted for public viewing at: (1) Assured Guaranty Ltd, Form 10-K for Fiscal Year Ended December 31, 2013 (http://www.snl.com/Cache/22277780.pdf?IID=4090916&FID=22277780&O=3&OSID=9); (2) Assured Guaranty Ltd, Form 10-K for Fiscal Year Ended December 31, 2012 (http://www.snl.com/Cache/16703058.PDF?Y=&O=PDF&D=&FID=16178732&T=&OSID=9&IID=4090916) and; (3) Assured Guaranty Ltd, Form 10-K for Fiscal Year Ended December 31, 2011

(http://www.snl.com/Cache/12797356.pdf?IID=4090916&FID=12797356&O=3&OSID=9).

**<u>Document Request No. 30</u>**

> All documents relating to any communications with any accountant or actuary relating to the recognition of losses relating to the City of Detroit or its debt.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 31

All documents relating to any communications with any insurance regulator that mention or relate to the City of Detroit or its debt.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents, or documents the disclosure of which to third parties is barred or restricted by applicable law or regulation.

## Document Request No. 32

All documents that identify by policyholder and CUSIP all public finance obligations on which you established a case reserve at any time during 2011, 2012, 2013, and 2014.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome.

Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited the DWSD Bonds. Assured further objects to this Request as seeking Proprietary/Confidential documents.

**Document Request No. 33**

> All documents that identify the amount of each case reserve established on any public finance obligation identified above.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request as seeking Proprietary/Confidential documents.

**Document Request No. 34**

> All reinsurance treaties that relate to any public finance obligation identified above.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the

DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to the phrase "any public finance obligations identified above" as vague and ambiguous as it fails to make clear which public finance obligations are being referred to in this Request.

## Document Request No. 35

All commutation or settlement agreements related to any public finance obligation to which you were a party that were effective or executed during 2011, 2012, 2013, or 2014.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited the DWSD Bonds. Assured further objects to this Request as seeking Proprietary/Confidential documents.

## Document Request No. 36

All communications with any reinsurer relating to the City of Detroit or its debt.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents.

## Document Request No. 37

All presentations to any executive team, board of directors, or committee addressing the City of Detroit or its debt, including but not limited to Howard W. Albert (Chief Risk Officer), Mary Francoeur (Managing Director, North Region, Project Finance), William J. Hogan (Senior Managing Director, Public Finance), Holly Horn (Chief Surveillance Officer, Public Finance), and David Penchoff (Chief Credit Officer, Public Finance).

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the

40

extent that it purports to seek Privileged documents, or documents the disclosure of which to third parties is barred or restricted by applicable law or regulation. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 38

> All presentations made to any insurance department addressing the City of Detroit or its debt.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek documents for which the disclosure to third parties is barred or restricted by applicable law or regulation.

## Document Request No. 39

All communications with your independent certified public accountant or accounting firm that mention the City of Detroit or its debt.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 40

All communications with the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2010, 2011, 2012, and that mention the City of Detroit or its debt.

42

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents, or documents the disclosure of which to third parties is barred or restricted by applicable law or regulation. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 41**

All documents memorializing or relating to your establishment and implementation of standards, controls, limits, guidelines or policies relating to risk assessment and risk management, including but not limited to the underwriting and surveillance of credit risks.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request as seeking Proprietary/Confidential documents.

## Document Request No. 42

All internal analyses, including but not limited to bid requests or underwriting reports, regarding the City of Detroit or its debt from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to this Request to the

extent that it purports to seek Privileged documents.  Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 43

All communications to/from internal credit committees relating to the City of Detroit or its debt from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to the time period specified in this Request as overbroad and unduly burdensome.  Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds.  Assured further objects to this Request to the extent that it purports to seek Privileged documents.  Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-

Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 44

All documents that relate to or memorialize underwriting relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan

can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 45

All documents that contain underwriting policies or procedures in effect at the time that any City of Detroit public or structure finance obligation was underwritten.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds.

## Document Request No. 46

All documents that contain pricing policies or procedures in effect at the time that any City of Detroit public or structured finance obligation was underwritten from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome.

Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds.

## Document Request No. 47

> All documents that were reviewed or relied on in underwriting any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 48**

> All surveillance reports, or other similar documents that identify impaired credits or credits that will be closely monitored, regarding performance of municipal risk associated with the City of Detroit or its debt from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to the phrase "performance of municipal risk" as vague and ambiguous as it is unclear what is meant by a given risk "performing". Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 49**

All documents that relate to or memorialize pricing relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

**Document Request No. 50**

All documents that contain loss mitigation analysis relating to the City of Detroit or its debt from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request as seeking Proprietary/Confidential documents.

**Document Request No. 51**

> Any communications, including but not limited to insureds, bondholders or their Trustees, relating to the City of Detroit or its debt from January 1, 2004, to the present.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to the time period specified in this Request as overbroad and unduly burdensome. Assured further objects to this Request as overbroad and unduly burdensome in that

it is not limited to the DWSD Bonds.  Assured further objects to this Request to the extent that it purports to seek Privileged documents.  Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search that are relevant to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

## Document Request No. 52

> All documents that relate to the impact that consensual impairment of UTGOs would have on debt that is similarly situated to the City of Detroit's debt.

Subject to, as limited by, and without waiver of the General Objections and Objections to Definitions and Instructions set forth above, Assured states that, per an email sent by Miguel Eaton of Jones Day, counsel for the Debtor, on April 12, 2014 at 2:55 p.m., the City advised that the inclusion of UTGO issues in the written discovery directed to Assured was "inadvertent" and that Assured should "disregard" such discovery requests.  Assured, therefore, disregards this Request.

## Document Request No. 53

> All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to the use of the term "financial condition" as vague and ambiguous as it is unclear what matters are embraced by the term "financial condition".

## Document Request No. 54

All documents relating to any communications by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to the use of the term "financial

condition" as vague and ambiguous as it is unclear what matters are embraced by the term "financial condition".

## Document Request No. 55

> All documents referred to, reviewed, consulted, or relied on in responding to Debtor's interrogatories and not otherwise produced in response to these requests for production of documents.

Assured objects to this Request as seeking documents that are neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks documents not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Request as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Request to the extent that it purports to seek Privileged documents. Assured further objects to this Request to the extent that it seeks documents for Interrogatories to which Assured objected. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured will produce responsive, non-Privileged documents (if any) in its possession, custody or control that are located after a reasonably diligent search.

Dated: May 6, 2014

                                     */s/ Lawrence A. Larose*
Lawrence A. Larose
Samuel S. Kohn
Eric Daucher
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10012
Telephone:  (212) 408-5100
llarose@chadbourne.com
skohn@chadbounrne.com
edaucher@chadbourne.com

*Counsel for Assured Guaranty*
*Municipal Corp.*