## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____ )
In re: )
 ) Case No. 13-53846
CITY OF DETROIT, MICHIGAN )
 ) Chapter 9
 Debtor )
 ) Hon. Steven W. Rhodes
_____ )

## OBJECTIONS AND RESPONSES TO DEBTOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE COUNTY OF MACOMB, MICHIGAN

Pursuant to this Court's Order, dated April 21, 2014 [Docket No. 4202], the Federal Rules of Civil Procedure 26 and 34, made applicable to this matter by Federal Rules of Bankruptcy Procedure 7026 and 7034, and the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, County of Macomb, Michigan, by and through Anthony V. Marrocco, Macomb County Public Works Commissioner, as County Agency under Public Act 342 of 1939 ("**MCOPW**"), a creditor and party in interest in the above-captioned chapter 9 bankruptcy case (the "**Bankruptcy Proceeding**"), hereby responds and objects to the Debtor's (the "**Debtor**") First Request for Production of Documents to the County of Macomb, Michigan, dated April 11, 2014 (the "**Document Requests**").

## PRELIMINARY STATEMENT

These Objections and Responses are solely on behalf of Anthony V. Marrocco, Macomb County Public Works Commission, as County Agency for Water and Sewer Services under Public Act 342 of 1939 for Macomb County. These Objections and Responses pertain to solely the documents in the possession of MCOPW, which is the only agency for which the undersigned counsel is authorized to act. These Objections and Responses are not on behalf of

any other part of Macomb County government because Commissioner Marrocco has no authority over other governmental offices or departments.

The undersigned counsel has been in contact with John Schapka, Macomb County Corporation Counsel, regarding this Request for Production. Mr. Schapka has advised that agencies, departments and offices of Macomb County, Michigan other than the MCOPW are not in possession of responsive documents other than those in the possession of MCOPW.

Discovery is ongoing and MCOPW reserves the rights: (a) to revise, supplement or amend these Objections and Responses based upon any information, evidence, documents, facts and things which hereafter may be discovered, or the relevance of which hereafter may be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at any future hearing, trial, deposition and/or other proceeding in this action.

## GENERAL OBJECTIONS

These General Objections are incorporated into each specific response and objection set forth below. No response set forth herein should be construed to constitute a waiver of any of these General Objections. The Specific Objections set forth below are made in addition to, and not in lieu of, these General Objections. The assertion of the same, similar or additional objections or the provision of partial answers in the Specific Objections does not waive or limit any of the General Objections.

1. MCOPW objects to each of the Document Requests, including all definitions and instructions, to the extent that they seek to impose requirements that are inconsistent with or in addition to the provisions of the Federal Rules of Bankruptcy Procedure, or the Federal Rules of Civil Procedure, or the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan or any other applicable rule or law.

2.      MCOPW objects to the Document Requests, including all definitions and instructions, to the extent that they seek disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, joint-defense privilege, deliberative process privilege, common interest doctrine, the mediation privilege, protected as trial preparation materials, or otherwise protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Mediation Order entered in this proceeding [Docket No. 322] any other provision of law, or any other applicable privilege or immunity, and will not knowingly disclose any information which is subject to such privilege or protection.  In connection with these Document Requests, MCOPW does not intend to waive, and shall not be construed as having waived, any such privilege or protection.

3.      MCOPW objects to the Document Requests to the extent they prematurely call for the disclosure of expert materials or expert opinion testimony that will be handled as part of expert discovery.

4.      Without waiver of any applicable privilege or protection, MCOPW objects to providing a privilege log in this expedited matter as unduly burdensome.  Pursuant to an agreement with counsel for the Debtor reached during a meet and confer discussion and memorialized in a letter dated April 24, 2014 and an email communication dated April 30, 2014, the Debtor has agreed that MCOPW is not required to provide a privilege log.

5.      The inadvertent production of: (a) any confidential information or document without being designated "confidential," or (b) any privileged or protected information or document, is without prejudice to any claim that such information or document is confidential, privileged or otherwise protected, and such inadvertent production shall not be deemed to have waived any of the MCOPW's rights.

6.     MCOPW objects to each of the Document Requests to the extent they are vague and ambiguous, overbroad, unduly burdensome, vexatious, oppressive, fail to specify with reasonable particularity the information sought, would unreasonably require MCOPW to speculate as to the nature and/or scope of the information sought, and lack sufficient precision to allow MCOPW to formulate an appropriate response.

7.     MCOPW objects to each of the Document Requests to the extent they are not properly limited in time and scope or the time period for which information is sought is not properly defined or limited.  MCOPW deems the relevant time period for these Document Requests to be February 1, 2013 to the present and objects to providing documents outside of that time period, except for documents relating to MCOPW's analysis of projected expenditures, revenues and rates and documents relating to the physical condition of DWSD's sewer system, for which the relevant time period is January 1, 2012 to the present.  MCOPW notes that this is the relevant time period agreed to by other parties seeking discovery from MCOPW and it would be unduly burdensome, vexatious and oppressive to require discovery for a broader time period, particularly given the expedited manner in which discovery is proceeding and the monumental task already undertaken by MCOPW to gather and produce documents from February 1, 2013 to the present.  MCOPW further notes that this is the appropriate time period based upon the relevant facts and circumstances.   Counsel for MCOPW proposed the February 1, 2013 to the present time period during meet and confer discussions and, although counsel for the Debtor initially agreed that this time period seemed reasonable, the Debtor later demanded documents and information dating back five years.

8.     MCOPW objects to the Document Requests to the extent that they purport to require the disclosure of information not in the possession, custody or control of the Macomb

County Public Works Commissioner or MCOPW.  MCOPW specifically objects to searching for, or providing documents from its outside advisors, attorneys, or consultants or from other governmental offices or departments of Macomb County.

9.      MCOPW objects to each of the Document Requests to the extent they seek information that is already within the possession, custody or control of the Debtor and/or its consultants, is publically available and/or equally available to the Debtor from other sources, including but not limited to the County of Oakland and the County of Wayne.  MCOPW specifically objects to Definition and Instruction No. 9 to the extent it purports to impose an obligation to produce documents even where that same document is available through another source.

10.     MCOPW objects to each of the Document Requests to the extent they seek documents not relevant to the subject matter of the Bankruptcy Proceeding, not relevant to a claim, defense or objection of any party to the Bankruptcy Proceeding or not reasonably calculated to lead to the discovery of admissible evidence.

11.     MCOPW objects to the Document Requests to the extent they seek documents reflecting and containing sensitive, confidential, and/or proprietary information of MCOPW, or seek information that contravenes any confidentiality agreement or court order, or that would violate the privacy interests of others.  Such information will be provided only upon entry of an appropriate protective order.  By agreement with counsel for the Debtor, documents or information previously supplied to MCOPW on a "confidential" basis no longer are required to be maintained as confidential and may be produced in response to these Document Requests or in response to any other subpoena or request served by another party.

12.     MCOPW objects to the Document Requests to the extent they call for the production of documents not reasonably accessible or not in a reasonably usable form, including, but not limited to, information or documents stored or otherwise contained within inaccessible sources.

13.     MCOPW objects to the Document Requests to the extent that they call for organization of documents according to the Requests.  MCOPW will produce discoverable documents as they are kept in the ordinary course of business.

14.     MCOPW objects to each of the Document Requests to the extent that they are solely intended to harass and not genuinely seeking discovery.

15.     By responding to the Document Requests herein, MCOPW does not concede the relevance or admissibility of the documents provided and reserves the right to object to the use of such information in the future, including at any trial or hearing in this matter.

16.     MCOPW objects to the Document Requests to the extent they are repetitive and duplicative.

17.     MCOPW objects to the Document Requests because the manner of service did not comply with Local Rule of Bankruptcy Procedure 7026.1 in that the Debtor failed to file the Document Requests as required by this rule.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

MCOPW asserts the following objections to the definitions and instructions, which are hereby incorporated in its responses to each specific request as if, set forth fully therein:

1.     MCOPW objects to each and every definition and instruction to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the

Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, or other applicable rule or law.

2.      MCOPW objects to each and every definition to the extent that it purports to define words in a way inconsistent with their generally understood meanings.

3.      MCOPW objects to the definition of "Document" to the extent that it exceeds the permissible bounds under Rule 34 of the Federal Rules of Civil Procedure. MCOPW objects to searching for or producing ESI contained on disaster recovery, back-up, or archival media, legacy systems, or deleted, fragmented, shadowed, or temporary data on the grounds that such information is not reasonably accessible due to cost and burden, and that the burden and cost of searching, processing, and producing this material would far exceed any marginal benefit to be gained by conducting such a search.

4.      MCOPW objects to the definitions of "You" and "Your" as overbroad and unduly burdensome, vague, ambiguous and to the extent that they purport to require production from individuals or parties over which MCOPW has no control or relationship or had no control or relationship during the relevant time period.

## **RESPONSES**

1.      All documents relating to any research, studies, reports, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the viability of the Detroit Water and Sewer Department ("DWSD") on a standalone basis.

**RESPONSE:**  MCOPW objects to Request No. 1 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection.  MCOPW further objects on the grounds that this request is overly broad and unduly burdensome in that it requests the production of "all documents."  In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry

all non-privileged documents from the period February 1, 2013 to the present that constitute

research, studies, reports, or analysis regarding the viability of the Detroit Water and Sewer

Department ("DWSD") on a standalone basis, including drafts, documents used in creating such

reports and documents containing substantive analysis or critiques of any such research, studies,

reports, or analysis, responsive to this Request that are within MCOPW's possession, custody, or

control.

2.      All documents relating to any research, studies, reports, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the viability of DWSD assuming that it operates as part of a regional authority.

**RESPONSE:** MCOPW objects to Request No. 2 to the extent that it seeks documents that are

protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection. MCOPW further objects on the grounds that this Request is overly

broad and unduly burdensome in that it requests the production of "all documents." In

accordance with the foregoing objections (and the General Objections set forth above), MCOPW

will produce to the extent they exist and can be identified after a reasonable search and inquiry

all non-privileged documents from the period February 1, 2013 to the present that constitute

research, studies, reports, or analysis regarding the viability of DWSD assuming that it operates

as part of a regional authority, including drafts, documents used in creating such reports and

documents containing substantive analysis or critiques of any such research, studies, reports, or

analysis, responsive to this Request that are within MCOPW's possession, custody, or control.

3.      All documents relating to any research, studies, reports, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the DWSD rate structure and how various rate structures benefit you.

**RESPONSE:** MCOPW objects to Request No. 3 to the extent that it seeks documents that are

protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection. MCOPW further objects to Request No. 3 on the grounds that the

terms "structure" and "benefit" are vague and ambiguous. MCOPW further objects on the

grounds that this Request is overly broad and unduly burdensome in that it requests the

production of "all documents." In accordance with the foregoing objections (and the General

Objections set forth above), MCOPW will produce to the extent they exist and can be identified

after a reasonable search and inquiry all non-privileged documents from the period February 1,

2013 to the present that constitute research, studies, reports, or analysis regarding the DWSD rate

structure including drafts, documents used in creating such reports and documents containing

substantive analysis or critiques of any such research, studies, reports, or analysis, responsive to

this Request that are within MCOPW's possession, custody, or control.

4.      All documents relating to any research, studies, reports, or analysis conducted by,
requested, reviewed, or received by you or on your behalf regarding the level of capital
improvement projects needed to maintain DWSD systems, and how various levels of such
projects benefit you.

**RESPONSE:** MCOPW objects to Request No. 4 to the extent that it seeks documents that are

protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection. MCOPW further objects to this Request as overbroad and unduly

burdensome to the extent it seeks documents that are readily available or more accessible to the

Debtor from the Debtor's own files. MCOPW further objects to the Request on the grounds that

the term "benefit" is vague and ambiguous. MCOPW further objects on the grounds that this

Request is overly broad and unduly burdensome in that it requests the production of "all

documents." In accordance with the foregoing objections (and the General Objections set forth

above), MCOPW will produce to the extent they exist and can be identified after a reasonable

search and inquiry all non-privileged documents from the period February 1, 2013 to the present

that constitute research, studies, reports, or analysis regarding the level of capital improvement

projects needed to maintain DWSD systems including drafts, documents used in creating such

reports and documents containing substantive analysis or critiques of any such research, studies,

reports, or analysis, responsive to this Request that are within MCOPW's possession, custody, or

control.

5.      All documents relating to any research, studies, reports, or analysis conducted by,
requested, reviewed, or received by you or on your behalf regarding the proposed $47 million
lease, including but not limited to any research, studies, reports, or analyses addressing the
viability of DWSD under said lease.

**RESPONSE:**  MCOPW objects to Request No. 5 to the extent that it seeks documents that are

protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection.  MCOPW further objects on the grounds that it is overly broad and

unduly burdensome.  MCOPW further objects on the grounds that this Request is overly broad

and unduly burdensome in that it requests the production of "all documents."  In accordance with

the foregoing objections (and the General Objections set forth above), MCOPW will produce to

the extent they exist and can be identified after a reasonable search and inquiry all non-privileged

documents from the period February 1, 2013 to the present that constitute research, studies,

reports, or analysis regarding the proposed $47 million lease including drafts, documents used in

creating such reports and documents containing substantive analysis or critiques of any such

research, studies, reports, or analysis, responsive to this Request that are within MCOPW's

possession, custody, or control.

6.      All documents relating to any research, studies, reports, or analysis conducted by,
requested, reviewed, or received by you or on your behalf regarding the feasibility of exiting the
DWSD system.

**RESPONSE:**  MCOPW objects to Request No. 6 to the extent that it seeks documents that are

protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection.  MCOPW further objects on the grounds that it is overly broad and

unduly burdensome.  MCOPW further objects on the grounds that this Request is overly broad

and unduly burdensome in that it requests the production of "all documents." In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents from the period February 1, 2013 to the present that constitute research, studies, reports, or analysis regarding the feasibility of exiting the system including drafts, documents used in creating such reports and documents containing substantive analysis or critiques of any such research, studies, reports, or analysis, responsive to this Request that are within MCOPW's possession, custody, or control.

7.      All documents relating to your collection and bad debts rates for the fiscal years 2009, 2010, 2011, 2012, and 2013.

**RESPONSE:** MCOPW objects to Request No. 7 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that this Request is overly broad and unduly burdensome in that it requests the production of "all documents." MCOPW further objects on the grounds that this Request is irrelevant because MCOPW's bad debt and collection rates have no relation to the DWSD. By way of further response, MCOPW states that it has no "bad debt" or collection issues, given that its customers are municipalities that pay their bills. After a diligent search and based on MCOPW's understanding of this Request, MCOPW is not in possession, custody, or control of any responsive documents.

8.      All documents relating to any research, studies, reports, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding valuation(s) of DWSD.

**RESPONSE:** MCOPW objects to Request No. 8 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that this Request is overly broad and unduly burdensome in that it requests the production of "all documents." In

accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents from the period February 1, 2013 to the present that constitute research, studies, reports, or analysis regarding the valuation of DWSD including drafts, documents used in creating such reports and documents containing substantive analysis or critiques of any such research, studies, reports, or analysis, responsive to this Request that are within MCOPW's possession, custody, or control.

9.     All communications between you and any DWSD bond insurers or financial advisors.

**RESPONSE:**  MCOPW objects to Request No. 9 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection.  MCOPW further objects on the grounds that it is overly broad and unduly burdensome.  MCOPW further objects on the grounds that it is unclear whether this Request is confined to financial advisors for the DWSD bond insurers or whether it seeks communications between MCOPW and any financial advisors.   MCOPW further objects on the grounds that this Request is overly broad and unduly burdensome in that it requests the production of "all communications."  In accordance with the foregoing objections (and the General Objections set forth above), MCOPW will produce to the extent they exist and can be identified after a reasonable search and inquiry all non-privileged documents from the period February 1, 2013 to the present responsive to this Request that are within MCOPW's possession, custody, or control.

10.     All communications between you and UHY, or any other consultants.

**RESPONSE:**  MCOPW objects to Request No.10 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection.  MCOPW further objects on the grounds that this Request is overly

broad and unduly burdensome in that it requests the production of "all communications."  In

accordance with the foregoing objections (and the General Objections set forth above), MCOPW

will produce to the extent they exist and can be identified after a reasonable search and inquiry

all non-privileged documents from the period February 1, 2013 to the present responsive to this

Request that are within MCOPW's possession, custody, or control.

11.     All documents relating to any potential transaction regarding privatization of
DWSD or the creation of a regional authority to operate DWSD.

**RESPONSE:**  MCOPW objects to Request No. 11 to the extent that it seeks documents that are

protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection.  MCOPW further objects on the grounds that this Request is overly

broad and unduly burdensome in that it requests the production of "all documents."  In

accordance with the foregoing objections (and the General Objections set forth above), MCOPW

will produce to the extent they exist and can be identified after a reasonable search and inquiry

all non-privileged documents from the period February 1, 2013 to the present that constitute

research, studies, reports, or analysis regarding the potential transaction regarding privatization

of DWSD or the creation of a regional authority to operate DWSD including drafts, documents

used in creating such reports and documents containing substantive analysis or critiques of any

such research, studies, reports, or analysis, responsive to this Request that are within MCOPW's

possession, custody, or control.

12.     All documents referred to, reviewed, consulted, or relied on in responding to the
accompanying Interrogatories (served herewith) and not otherwise produced in response to these
Requests for Production of Documents.

**RESPONSE:**  MCOPW objects to Request No. 12 to the extent that it seeks documents that are

protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any

other privilege or protection. MCOPW further objects on the grounds that this Request is overly broad and unduly burdensome in that it requests the production of "all documents." In accordance with the foregoing objections (and the General Objections set forth above), MCOPW states that it is not aware of the existence of any responsive documents.

Dated: New York, New York
      May 6, 2014

                    DECHERT LLP
                    By:    s/Allan S. Brilliant
                    Allan S. Brilliant
                    G. Eric Brunstad
                    Stephen M. Wolpert
                    1095 Avenue of the Americas
                    New York, NY 10036
                    Telephone: (212) 698-3500
                    Facsimile: (212) 698-3599
                    allan.brilliant@dechert.com
                    stephen.wolpert@dechert.com

                    *Attorneys for County of Macomb, Michigan, by and through its County Agency, the Macomb County Public Works Commissioner*