# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DISTRICT

|  |  |
|---|---|
| In re: | : Chapter 9 |
|  | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13-53846 |
|  | : |
| Debtor. | : Hon. Steven W. Rhodes |
|  | : |

## RESPONSES AND OBJECTIONS OF
## ASSURED GUARANTY MUNICIPAL CORP. TO
## DEBTOR'S FIRST SET OF INTERROGATORIES

Assured Guaranty Municipal Corp. ("Assured"), by its undersigned attorneys, Chadbourne & Parke LLP, responds and objects as follows to *Debtor's First Set of Interrogatories to Assured Guaranty Municipal Corp.* (the "Interrogatories") served by the Debtor, the City of Detroit, Michigan (the "Debtor" or the "City"), on April 11, 2014, as follows:

## GENERAL OBJECTIONS

The following "General Objections" are incorporated by reference into each of Assured's responses below.

1. Assured objects to the Interrogatories to the extent that they purport to impose upon Assured obligations greater than or at variance with those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as made applicable by the Federal Rules of Bankruptcy Procedure, the local rules

of this Court, and the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [ECF No. 4202], as may be amended, supplemented, or modified from time to time (the "Scheduling Order").

2.     Assured objects to the Interrogatories to the extent that any item therein is vague or ambiguous, overly broad, unduly burdensome, or seeks information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence.   In particular, Assured objects to the Interrogatories to the extent that they seek information that is not relevant to whether the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit [ECF No. 4392], and as may be amended, supplemented, or modified from time to time, including any exhibits thereto and the Plan Supplement, which was incorporated by reference and made part thereof (the "Plan"), can or should be confirmed (e.g., under 11 U.S.C. §§ 943 and 1129).

3.     Assured objects to the Interrogatories to the extent that they purport to seek information protected by attorney-client privilege, common interest privilege, the work product doctrine, or other applicable privileges or protections (collectively "Privilege" or "Privileged" information).   Any information subject to

any Privilege that is inadvertently provided by Assured in response to these Interrogatories shall not constitute or be deemed a waiver of such Privilege.

4. Assured objects to the Interrogatories insofar as they call for the disclosure of any information that reflects proprietary or confidential business, commercial, research, development, financial or personal information and/or trade secret information (collectively, "Proprietary/Confidential" information), prior to the entry by the Court of an appropriate protective order in respect of such disclosure, and/or as unduly burdensome insofar as the risks and burdens of such production outweigh the potential value of such information in the determination of whether the Plan can or should be confirmed.

5. To the extent that there may be any inadvertent disclosure by Assured in response to the Interrogatories of (a) any Privileged information, or (b) of any Proprietary/Confidential information either (i) prior to the entry by the Court of an appropriate protective order in respect of such disclosure or (ii) without the appropriate designation for such information under such protective order, such disclosure is without prejudice to any claim that such information is Privileged and/or entitled to protection as Proprietary/Confidential, and such inadvertent disclosure shall not be deemed to have waived any rights of Assured, including the right to recall such inadvertently disclosed information; provided, however, that nothing in this objection is intended to waive or limit any right or protection to

which Assured would otherwise be entitled under Rule 502 of the Federal Rules of Evidence.

6.   Assured objects to the Interrogatories insofar as the timeframe specified for any requested information is overly broad, unduly burdensome, or calls for information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence.

7.   Assured objects to the Interrogatories to the extent that they seek information that is publicly or commercially available, that is in the possession of third-persons or entities not party to this action, that is already in the possession, custody, or control of the Debtor, and/or that is obtainable from another source that is more convenient, less burdensome, or less expensive.

8.   Assured objects to the Interrogatories to the extent that the Interrogatories (including discrete subparts) exceed, whether directly or by operation of the "Definitions and Instructions" set forth by the City, the limitation on the number of interrogatories (including discrete subparts) that may be served on Assured in this proceeding under Federal Rule of Civil Procedure 33(a)(1) as made applicable by the Federal Rules of Bankruptcy Procedure.

9.   Nothing herein shall be interpreted as an admission that any information requested by the Interrogatories or provided in response to the Interrogatories is or will be relevant or admissible at any trial, hearing, motion or

other proceeding in this action, or will not be subject to a claim that such information is Privileged and/or Proprietary/Confidential. Assured reserves the right to challenge the relevance, materiality, authenticity, and/or admissibility of any of the information provided herein in any subsequent proceeding or trial in this action or any other action.

10. Assured reserves the right to supplement its response to these Interrogatories at any time based upon further documents Assured might discover and/or further information that Assured might learn from deposition testimony or other discovery devices in this proceeding, or based on other facts or information obtained by Assured by any other means.

**OBJECTIONS TO DEFINITIONS AND INSTUCTIONS**

The following "Objections to Definitions and Instructions" are incorporated by reference into each of Assured's responses below.

**General**

Assured objects to the "Definitions and Instructions" contained in the Interrogatories to the extent that they vary the standard usage of the English language or purport to impose vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond what is required by the applicable Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure as

made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this Court.

**Definition/Instruction No. 11.a.**

> When used in connection with natural persons, "identify" or "describe" means to state the person's full name, present business address (or home address) and telephone number, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

Assured objects to this instruction to the extent that such instruction purports to require as part of the identification and description of a natural person "the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions" as overly broad and unduly burdensome.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**Interrogatory No. 1**

> Identify any custodians of documents requested in the accompanying Requests for Production of Documents (served herewith).

Assured objects to the phrase "any custodians of documents" as vague and ambiguous in that it does not specify a relevant level of responsibility or control over the referenced documents. Assured further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks identification of multiple or

duplicative custodians for documents already being produced. Assured further objects to this Interrogatory as overbroad to the extent it seeks the identification of custodians of documents responsive to requests to which Assured objected. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured identifies the following persons:

- Barbara Boulle – Director, Municipal Surveillance
- Russell B. Brewer, II – Chief Surveillance Officer
- Francis J. Coughlin, Jr. – Deputy Chief Surveillance Officer, Public Finance
- William B. Duffy – Counsel, Regulatory
- Jason Falzon – Director, Primary and Secondary Market Municipal Insurance and Competitive Underwriting
- Jorge Gana – Managing Director, Government and Corporate Affairs
- Karen Hofstein – Managing Director, Municipal Surveillance
- Holly Horn – Chief Surveillance Officer, Public Finance
- Kevin Lyons – Deputy General Counsel, Public Finance
- Benjamin Rosenblum – Managing Director, Chief Actuary
- Daniel Weinberg – Director, Municipal Surveillance
- Terence Workman – Counsel, Public Finance

The business address for the individuals identified above is: Assured Guaranty Municipal Corp., 31 West 52nd Street, New York, NY 10019, (212) 974-0100. The above individuals, however, should be contacted through Assured's counsel, Chadbourne & Parke LLP.

## Interrogatory No. 2

> Identify the person most knowledgeable about your surveillance activities. Surveillance activities include, but are not limited to, monitoring and reporting changes in transaction credit quality, detecting any deterioration in credit quality, and recommending to management any necessary or appropriate remedial actions to mitigate realized or potential losses. Please confirm whether Holly Horn (your Chief Surveillance Officer for Public Finance) is the person most knowledgeable.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds[1] (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured identifies the following person that it understands at the present time to be most knowledgeable with respect to surveillance activities relating to the assessment of value and/or risk for the DWSD Bonds as of July 2013: Francis J. Coughlin, Jr.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan

**Interrogatory No. 3**

Identify the person most knowledgeable about your loss mitigation activities. Loss mitigation activities include, but are not limited to, enforcing the corporation's contractual rights and remedies, mitigating its losses, engaging in transaction negotiations, or managing litigation or arbitration proceedings. Please confirm whether Howard W. Albert (your Chief Risk Officer) is the person most knowledgeable.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds.

**Interrogatory No. 4**

Identify the person most knowledgeable about your underwriting activities. Underwriting activities include, but are not limited to, analyzing the structure of a potential transaction, investigating the business or asset class's particular credit and legal issues, and using that information to assess overall risk. Please confirm whether David Penchoff (your Chief Credit Officer for Public Finance) is the person most knowledgeable.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not

related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured identifies the following person that it understands at the present time to be most knowledgeable with respect to underwriting activities relating to the assessment of value and/or risk for the DWSD Bonds as of July 2013: Francis J. Coughlin, Jr.

**<u>Interrogatory No. 5</u>**

Identify the person most knowledgeable about your pricing activities. Pricing activities include, but are not limited to, utilizing an array of relevant factors to determine the fair market value of the financial product. Select examples include market information, benchmark securities, reported trades, broker/dealer quotes, issuer spreads, bids, offers, and industry and economic events.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Subject to, as limited by, and without

waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured identifies the following person that it understands at the present time to be most knowledgeable with respect to pricing activities relating to the assessment of value and/or risk for the DWSD Bonds as of July 2013:  Jason Falzon.

## Interrogatory No. 6

Identify the person most knowledgeable about your reserving methodology.  Case reserving methodology may include monitoring any significant credit deterioration on a specific insured obligation and/or assessing the possibility or probability of its default based on quantitative and/or qualitative factors.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds.  Assured further objects to this Interrogatory as seeking Proprietary/Confidential information.

## Interrogatory No. 7

> Identify the person most knowledgeable about your loss reserve methodology. Loss reserve methodology may be based on whether an insured event has occurred, an insured event is expected to occur, the voluntary prepayment rate, and the interest rate environment, among other relevant factors.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Interrogatory as seeking Proprietary/Confidential information.

## Interrogatory No. 8

> Identify the person most knowledgeable about your commutation activities. Commutation activities include, but are not limited to, determining corporation commutation policy. This may include when to modify or cancel a policy (whether or not the corporation pays the insured a sum of money).

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of

12

the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Interrogatory as seeking Proprietary/Confidential information.

**Interrogatory No. 9**

> Identify your auditor for the years 2011, 2012, and 2013. Please confirm that PriceWaterhouse Coopers LLP is your auditor and/or disclose any other auditors who are responsive to this interrogatory.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited to the DWSD Bonds. Assured further objects to the phrase "auditor" as vague and ambiguous because it does not specify whether it is limited to outside auditors of Assured's financial statements or whether it is addressed to other auditing activities. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured identifies PricewaterhouseCoopers LLP as the auditor of the following financial statements: (1) Assured Guaranty Municipal Corp.,

Consolidated Financial Statements, December 31, 2013 and 2012; (2) Assured

Guaranty Municipal Corp., Consolidated Financial Statements, December 31, 2012

and 2011, and; (3) Assured Guaranty Municipal Corp., Consolidated Financial

Statements, December 31, 2011 and 2010.

**Interrogatory No. 10**

> Identify the actuary who provided the statement of actuarial
> opinion/certification in connection with your Statutory Annual
> Statement for the years 2011, 2012, and 2013. Please confirm that
> Benjamin Rosenblum of Assured Guaranty is your actuary and/or
> disclose any other actuaries who are responsive to this interrogatory.

Assured objects to this Interrogatory as seeking information that is neither

relevant to the claim or defense of any party herein nor reasonably calculated to

lead to the discovery of admissible evidence, in that it seeks information not

related to the tests for whether the Plan can or should be confirmed in respect of

the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further

objects to this Interrogatory as overbroad and unduly burdensome in that it is not

limited to the DWSD Bonds. Subject to, as limited by, and without waiver of the

specific objections, General Objections and Objections to Definitions and

Instructions set forth above, Assured identifies the following person that it

understands at the present time to be the actuary who provided the statement of

actuarial opinion/certification in connection with Assured's Statutory Annual

Statement for the years 2011, 2012, and 2013: Benjamin Rosenblum.

## Interrogatory No. 11

Identify and describe any internal credit committee communications concerning City of Detroit related debt.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to the extent this Interrogatory purports to seek Privileged information. Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure as made applicable by the Federal Rules of Bankruptcy Procedure, Assured will identify documents that reflect internal credit committee communications relating to the assessment of value and/or risk for the DWSD Bonds as of July 2013 at the time such documents are produced, and will supplement the response to this Interrogatory accordingly.

**Interrogatory No. 12**

> Identify and describe the underwriting decisions related to the insuring of City of Detroit related debt.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds.

**Interrogatory No. 13**

> Identify and describe any surveillance reports regarding performance of municipal risk associated with City of Detroit debt.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to the extent this Interrogatory purports to seek Privileged information. Assured further objects to the phrase "performance of municipal risk" as vague and ambiguous because it is

unclear what is meant by a given risk "performing". Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure as made applicable by the Federal Rules of Bankruptcy Procedure, Assured will identify documents that reflect surveillance reports regarding the performance of municipal risk that relate to the assessment of value and/or risk for the DWSD Bonds as of July 2013 at the time such documents are produced, and will supplement the response to this Interrogatory accordingly.

## Interrogatory No. 14

> Identify a lead person or persons who have knowledge of insurance
> policy pricing as it concerns City of Detroit related debt.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. In addition, Assured objects to the phrase "lead person" as vague and ambiguous because it is unclear what factors make an individual a "lead person".

## Interrogatory No. 15

Identify and describe any method or methods used to deny or limit coverage associated with City of Detroit related debt.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Assured further objects to this Interrogatory to the extent it assumes that Assured has "methods used to deny or limit coverage" associated with any debt. Assured further objects to the phrase "method or methods" as vague and ambiguous because it is unclear what amounts to a "method". Assured further objects to the phrase "deny or limit" as vague and ambiguous because it is unclear what might constitute a "denial" or "limitation" of "coverage" in the sense used in this Interrogatory. Assured further objects to the use of the word "coverage" as vague and ambiguous because it is unclear what type of coverage is being referenced in the Interrogatory. Assured further objects to this Interrogatory to the extent that it may purport to call for legal arguments or conclusions rather than facts.

**Interrogatory No. 16**

> Describe the impact that consensual impairment of Unlimited Tax
> General Obligations would have on debt held by you that is similarly
> situated to the City of Detroit's debt.

Subject to, as limited by, and without waiver of the General Objections and

Objections to Definitions and Instructions set forth above, Assured states that, per

an email sent by Miguel Eaton of Jones Day, counsel for the Debtor, on April 12,

2014 at 2:55 p.m., the City advised that the inclusion of UTGO issues in the written

discovery directed to Assured was "inadvertent" and that Assured should

"disregard" such discovery requests. Assured, therefore, disregards this

Interrogatory.

**Interrogatory No. 17**

> Identify a lead person or persons who have knowledge of any
> research, studies, assessments, analyses, or communications
> undertaken by you or on your behalf regarding the financial condition
> of the City of Detroit at the time you wrote insurance related to debt
> associated with the City of Detroit.

Assured objects to this Interrogatory as seeking information that is neither

relevant to the claim or defense of any party herein nor reasonably calculated to

lead to the discovery of admissible evidence, in that it seeks information not

related to the tests for whether the Plan can or should be confirmed in respect of

the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further

objects to this Interrogatory as overbroad and unduly burdensome in that it is not

limited in time, or to the DWSD Bonds. In addition, Assured objects to the phrase

"lead person" as vague and ambiguous because it is unclear what factors make an individual a "lead person". Subject to, as limited by, and without waiver of the specific objections, General Objections and Objections to Definitions and Instructions set forth above, Assured identifies the following the person that it understands at the present time to be most knowledgeable with respect to any research, studies, assessments, analyses, or communications undertaken by Assured regarding the financial condition of the City at the time Assured wrote insurance that relate to the assessment of value and/or risk for the DWSD Bonds as of July 2013: Francis J. Coughlin, Jr.

**Interrogatory No. 18**

> Indicate whether you have any common interest or joint defense
> agreements with any other City of Detroit creditors.

Assured objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Assured further objects to this Interrogatory as overbroad and unduly burdensome in that it is not limited in time, or to the DWSD Bonds. Subject to, as limited by, and without waiver of the General Objections and Objections to Definitions and Instructions set forth above, Assured responds as follows: Yes.

**Interrogatory No. 19**

Identify all documents that you intend to use as exhibits including demonstrative exhibits.

Assured objects to this Interrogatory as premature to the extent that it seeks identification of exhibits that Assured intends to use at the confirmation hearing for the Plan, as such matters will be addressed in the pretrial order, the timing for which is dictated by the Scheduling Order. Assured further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to exhibits that Assured might use in any other context.

**Interrogatory No. 20**

Identify all fact witnesses who you will call for any purpose and state the subject of their testimony.

Assured objects to this Interrogatory as premature to the extent that it seeks identification of fact witnesses that Assured intends to call at the confirmation hearing for the Plan, as such matters will be addressed in the pretrial order, the timing for which is dictated by the Scheduling Order. Assured further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to fact witnesses that Assured might call in any other context.

**Interrogatory No. 21**

Identify all fact witnesses who you may call for any purpose and state the subject of their testimony.

Assured objects to this Interrogatory as premature to the extent that it seeks identification of fact witnesses that Assured may call at the confirmation hearing for the Plan, as such matters will be addressed in the pretrial order, the timing for which is dictated by the Scheduling Order. Assured further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to fact witnesses that Assured might call in any other context.

**Interrogatory No. 22**

Identify all experts whom you intend to call to testify and identify their area of expertise.

Assured objects to this Interrogatory as premature to the extent that it seeks identification of experts that Assured intends to call at the confirmation hearing for the Plan, as such matters will be addressed in the Scheduling Order. Assured further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to experts that Assured might call in any other context. Assured further objects to this Interrogatory to the extent it imposes obligations beyond those required by Federal Rule of Civil Procedure 26 as made applicable by the Federal Rules of Bankruptcy Procedure, and the local rules of this Court.

Dated: May 6, 2014

_____/s/ Lawrence A. Larose_____
Lawrence A. Larose
Samuel S. Kohn
Eric Daucher
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbounrne.com
edaucher@chadbourne.com

*Counsel for Assured Guaranty
Municipal Corp.*

## VERIFICATION

I, Holly Horn, hereby declare, pursuant to Title 28 of the United States Code, section 1746 (28 U.S.C. § 1746), and under penalty of perjury, as follows:

I am the Chief Surveillance Officer, Public Finance at Assured Guaranty Municipal Corp. ("Assured"). I have read the foregoing "RESPONSES AND OBJECTIONS OF ASSURED GUARANTY MUNICIPAL CORP. TO DEBTOR'S FIRST SET OF INTERROGATORIES" and I know the contents thereof. As to those portions thereof other than the objections, I declare that such is true either to my own knowledge or to my belief based upon statements and reports of officers and employees of Assured and documents and correspondence and other records in possession of Assured maintained in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2014, in New York, NY.

_____
Holly Horn
Chief Surveillance Officer, Public Finance

24