# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|                                         |   |                          |
|-----------------------------------------|---|--------------------------|
| In re:                                  | ) |                          |
|                                         | ) | Case No. 13-53846        |
| CITY OF DETROIT, MICHIGAN               | ) |                          |
|                                         | ) | Chapter 9                |
| Debtor                                  | ) |                          |
|                                         | ) | Hon. Steven W. Rhodes    |
|                                         | ) |                          |

## RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Pursuant to this Court's Order, dated April 21, 2014 [Docket No. 4202], the Federal Rules of Civil Procedure 26, 34 and 45, made applicable to this matter by Federal Rules of Bankruptcy Procedure 7026, 7034 and 9016, and the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, County of Macomb, Michigan, by and through Anthony V. Marrocco, Macomb County Public Works Commissioner, as County Agency for Water and Sewer Services under Public Act 342 of 1939 ("**MCOPW**"), a creditor and party in interest in the above-captioned chapter 9 bankruptcy case (the "**Bankruptcy Proceeding**"), hereby responds and objects to the Subpoena served on behalf of Nuveen Asset Management and Blackrock Financial Management, Inc. (the "**Ad Hoc Bondholders**") [Docket No. 4002] (the "**Subpoena**") on "Macomb County, Clerk of the County." MCOPW responds below to the Subpoena as amended by agreement of counsel for the Ad Hoc Bondholders, which agreement was memorialized in a letter from Allan Brilliant, Esq., dated April 23, 2014, and confirmed by Gregory A. Horowitz, Esq. via e-mail on April 24, 2014 (the "**Letter Agreement**").

These responses and objections are solely on behalf of Anthony V. Marrocco, Macomb County Public Works Commissioner, as County Agency for Water and Sewer Services under Public Act 342 of 1939 for Macomb County. These Responses and Objections pertain solely to the information and documents in the possession of MCOPW, which is the only agency for which the undersigned counsel is authorized to act. These Responses and Objections are not on behalf of any other part of Macomb County government because Commissioner Marrocco has no authority over other governmental offices or departments.

The undersigned counsel has been in contact with John Schapka, Macomb County Corporation Counsel, regarding this Subpoena. Mr. Schapka has advised that agencies, departments and offices of Macomb County, Michigan other than the MCOPW are not in possession of responsive documents other than those in the possession of MCOPW. Accordingly, no separate response on behalf of Macomb County or County Executive Mark A. Hackel is required.

Discovery is ongoing and MCOPW reserves the rights: (a) to revise, supplement or amend these objections and responses based upon any information, evidence, documents, facts and things which hereafter may be discovered, or the relevance of which hereafter may be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at any future hearing, trial, deposition and/or other proceeding in this action.

## **GENERAL OBJECTIONS**

These General Objections are incorporated into each specific response and objection set forth below. No response set forth herein should be construed to constitute a waiver of any of these General Objections. The Specific Objections set forth below are made in addition to, and

not in lieu of, these General Objections. The assertion of the same, similar or additional objections or the provision of partial answers in the Specific Objections does not waive or limit any of the General Objections.

1. MCOPW objects to the Subpoena, including all definitions and instructions, to the extent it seeks to impose requirements that are inconsistent with or in addition to the provisions of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure or the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan or other applicable rule or law.

2. MCOPW objects to the Subpoena, including all definitions and instructions, to the extent it seeks disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, joint-defense privilege, deliberative process privilege, common interest doctrine, the mediation privilege or other applicable privilege or immunity, protected as trial preparation materials, or otherwise protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Mediation Order entered in this proceeding [Docket No. 322] or any other provision of law and will not knowingly disclose any information which is subject to such privilege or protection. In connection with this Subpoena, MCOPW does not intend to waive, and shall not be construed as having waived, any such privilege or protection.

3. MCOPW objects to the Subpoena to the extent it prematurely calls for the disclosure of expert materials or expert opinion testimony that will be handled as part of expert discovery.

4. Without waiver of any applicable privilege or protection, MCOPW objects to providing a privilege log in this expedited matter as unduly burdensome. Pursuant to the Letter Agreement, MCOPW is not required to provide a privilege log.

5. The inadvertent production of: (a) any confidential information or document without being designated "confidential," or (b) any privileged or protected information or document, is without prejudice to any claim that such information or document is confidential, privileged or otherwise protected, and such inadvertent production shall not be deemed to have waived any of the MCOPW's rights.

6. MCOPW objects to the Subpoena to the extent the requests are vague and ambiguous, overbroad, unduly burdensome, vexatious, oppressive, fail to specify with reasonable particularity the documents sought, would unreasonably require MCOPW to speculate as to the nature and/or scope of the documents sought, and lack sufficient precision to allow MCOPW to formulate an appropriate response.

7. MCOPW objects to the Subpoena to the extent the requests are not properly limited in time and scope or the time period for which information is sought is not properly defined or limited. Pursuant to the Letter Agreement, the relevant time period for the response to this Subpoena shall be February 1, 2013 to the present.

8. MCOPW objects to the Subpoena to the extent it purports to require the disclosure of information not in the possession, custody or control of the Macomb County Public Works Commissioner or MCOPW. MCOPW specifically objects to searching for, or producing, documents from its outside advisors, attorneys, or consultants or from other governmental offices or departments of Macomb County.

9. MCOPW objects to the Subpoena to the extent it seeks information that is within the possession, custody or control of the Ad Hoc Bondholders, is publically available and/or equally available to the Ad Hoc Bondholders from other sources, including but not limited to the City of Detroit, the County of Oakland and the County of Wayne.

10. MCOPW objects to the Subpoena to the extent it seeks information not relevant to the subject matter of the Bankruptcy Proceeding, not relevant to a claim, defense or objection of any party to the Bankruptcy Proceeding or not reasonably calculated to lead to the discovery of admissible evidence.

11. MCOPW objects to the Subpoena to the extent it seeks information reflecting and containing sensitive, confidential, and/or proprietary information of MCOPW, or seeks information that contravenes any confidentiality agreement or court order, or that would violate the privacy interests of others. Such information will be provided only upon entry of an appropriate protective order. By agreement with counsel for the City, it is MCOPW's understanding that documents or information previously supplied by the City to MCOPW on a "confidential" basis no longer are required to be maintained as confidential.

12. MCOPW objects to the Subpoena to the extent it calls for the production of documents not reasonably accessible or not in a reasonably usable form, including, but not limited to, information or documents stored or otherwise contained within inaccessible sources.

13. MCOPW objects to the Subpoena to the extent it calls for organization of documents according to the requests contained in the Subpoena. MCOPW will produce discoverable documents as they are kept in the ordinary course of business.

14. MCOPW objects to the Subpoena to the extent that it is solely intended to harass and is not genuinely seeking discovery.

15. By responding to this Subpoena, MCOPW does not concede the relevance or admissibility of the information provided and reserves the right to object to the use of such information in the future, including at any trial or hearing in this matter.

16. MCOPW objects to the Subpoena to the extent the requests are repetitive and duplicative.

17. Any statement herein to the effect that the MCOPW shall produce responsive documents is not a representation that any responsive documents in fact do exist or are within the MCOPW's possession, custody, or control.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

MCOPW asserts the following objections to the definitions and instructions, which are hereby incorporated in its responses to each specific request as if, set forth fully therein:

1. MCOPW objects to each and every definition and instruction to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, or other applicable rule or law.

2. MCOPW objects to each and every definition to the extent that it purports to define words in a way inconsistent with their generally understood meanings.

3. MCOPW objects to the definitions of "You" and "Your" as overbroad and unduly burdensome, vague, ambiguous and to the extent that they purport to require production from individuals or parties over which MCOPW has no control or relationship or had no control or relationship during the relevant time period.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections, which are incorporated by reference into each and every response set forth below, Macomb makes the following specific responses and objections to the requests contained in the Subpoena:

1. All documents reflecting any study, assessment, estimate or opinion regarding historical or future System rates, Capital Expenditures, volumes by customer rate class and service/geographic location, and/or operating expenses.

**Response:** MCOPW objects to Request No. 1 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome and that the request is vague and ambiguous. In accordance with the foregoing objections, the General Objections set forth above and the terms of the Letter Agreement, MCOPW will produce all non-privileged studies and/or analyses responsive to this request, including the inter-county analysis of the expenses and the capital studies performed by the counties, to the extent such documents are within MCOPW's possession, custody, or control and can be identified after a reasonable search and inquiry.

2. All documents evincing or referring to "feather-bedding" within DWSD, and any and all opinions, assessments, studies or reports reflecting any proposed solutions to such issues.

**Response:** MCOPW objects to Request No. 2 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is vague and ambiguous. In accordance with the foregoing objections, the General Objections set forth above and the terms of the Letter Agreement, and based on MCOPW understanding of the term "feather-bedding" as used in this context, MCOPW will produce all non-privileged documents not protected by any privilege or the work product doctrine reflecting any communications with

7

the City on this topic to the extent such documents are within MCOPW's possession, custody, or control and can be identified after a reasonable search and inquiry.

3. All documents concerning any analysis of DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding.

**Response:** MCOPW objects to Request No. 3 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome. In accordance with the foregoing objections, the General Objections set forth above and the terms of the Letter Agreement, MCOPW will produce all non-privileged studies and/or analyses responsive to this request to the extent such documents are within MCOPW's possession, custody, or control and can be identified after a reasonable search and inquiry.

4. All communications with the City, Oakland County, or Wayne County concerning DWSD pension liabilities, including both ongoing liabilities and those relating to past underfunding, and all documents evincing all rate-setting agreements and negotiations regarding the same.

**Response:** MCOPW objects to Request No. 4 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome. In accordance with the foregoing objections, the General Objections set forth above and the terms of the Letter Agreement, MCOPW will produce all non-privileged documents not protected by any privilege or the work product doctrine reflecting any communications with the City on this topic to the extent such documents are within MCOPW's possession, custody, or control and can be identified after a reasonable search and inquiry.

5. All documents relating to the prospect of forming any regional authority or private enterprise to operate, manage, and/or own the Systems, and all documents evincing negotiations, agreements or understandings with the City, Oakland County, Wayne County, and

any other County or entity (public or private) regarding disposition or "monetization" of the Systems or altering rates chargeable by the Systems.

**Response:** MCOPW objects to Request No. 5 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome. In accordance with the foregoing objections, the General Objections set forth above and the terms of the Letter Agreement, MCOPW will produce all non-privileged documents not protected by any privilege or the work product doctrine reflecting any communications with the City on this topic to the extent such documents are within MCOPW's possession, custody, or control and can be identified after a reasonable search and inquiry.

6. All reports, whether generated internally or by outside consultants, regarding the appropriate interest rate and comparables utilized in creating the Interest Rate Reset Chart (as defined in the Plan), attached as Exhibit I.A.150 to the Plan.

**Response:** MCOPW objects to Request No. 6 to the extent that it seeks documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, or any other privilege or protection. MCOPW further objects on the grounds that it is overly broad and unduly burdensome. In accordance with the foregoing objections, the General Objections set forth above and the terms of the Letter Agreement, MCOPW will produce all non-privileged studies and/or analyses responsive to this request to the extent such documents are within MCOPW's possession, custody, or control and can be identified after a reasonable search and inquiry.

Dated: New York, New York
      May 6, 2014

                                      DECHERT LLP
                                      By:   s/Allan S. Brilliant
                                      Allan S. Brilliant
                                      G. Eric Brunstad
                                      Stephen M. Wolpert
                                      1095 Avenue of the Americas
                                      New York, NY 10036
                                      Telephone: (212) 698-3500
                                      Facsimile: (212) 698-3599
                                      allan.brilliant@dechert.com
                                      stephen.wolpert@dechert.com

                                      *Attorneys for County of Macomb, Michigan, by and through its County Agency, the Macomb County Public Works Commissioner*