# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## WILMINGTON TRUST, NATIONAL ASSOCIATION'S RESPONSES AND OBJECTIONS TO DEBTOR'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Creditor and party-in-interest Wilmington Trust, National Association ("WTNA"), by its attorneys, responds and objects to the Debtor's First Requests for Production of Documents (the "Requests") as follows:

## GENERAL OBJECTIONS

1. WTNA objects that the Debtor failed to file the Requests with the Court as required by Local Bankruptcy Rule 7026-1(a).

2. WTNA objects to the Requests to the extent that they seek documents from entities other than WTNA and not subject to WTNA's control. For instance, the Requests are directed to and define the terms "you" and "your" as "Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A., a Luxemburg stock corporation." WTNA cannot produce documents on behalf of these entities and cannot compel these entities to produce documents. Subject to and without waiving the foregoing objection, for purposes of WTNA's Responses and Objections to the Requests, WTNA has assumed that the Debtor intended to direct the Requests to WTNA and intended to define "you" and "your" with reference to WTNA.

3. WTNA objects to the Requests to the extent that they are overly broad, unduly burdensome, vague, and ambiguous, including, in particular, the failure of the Requests to specify whether they are directed at WTNA in its capacity as successor contract administrator to U.S. Bank National Association ("U.S. Bank") under the contract administration agreements or as successor trustee to U.S. Bank under the trust agreements.

4. WTNA objects to the Scope of the Requests to the extent that they seek documents for a period exceeding ten years, including approximately nine years before the Plan at issue was even filed. WTNA further objects to the Requests to the extent that they seek documents or information in a form or manner not required by the Federal Rules of Civil Procedure, as adopted by the Federal Rules of Bankruptcy Procedure.

5. WTNA objects to the Requests to the extent that they seek premature discovery for purposes of the pending adversary proceeding, Adv. Pro. No. 14-04112, that the Debtor has filed with respect to Certificates of Participation ("COPs") issued on behalf of the Debtor in 2005 and 2006 (the "Adversary Proceeding").

6. WTNA objects to the Requests to the extent they seek information protected by the attorney-client privilege, common interest privilege, joint defense privilege, work product doctrine, mediation privilege or mediation confidentiality requirement, and/or other applicable privileges and immunities.

7. WTNA objects to the Requests to the extent that they seek documents prepared by consulting experts that WTNA does not intend to designate to testify at the plan confirmation trial and to the extent that they seek documents prepared by WTNA in preparation for, or in anticipation of, litigation.

8. WTNA objects to the Requests to the extent that they seek discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

9. WTNA reserves the right to produce documents as they are kept in the ordinary course of business and reserves the right to amend, supplement, or modify these responses and provide additional documents and/or to offer further information or documents at any trial, hearing, or other proceeding related to this matter.

10. WTNA objects to Instruction No. 16 to the extent that it asks WTNA to track documents that have been "destroyed, lost, mislaid or otherwise missing." There is no requirement under the Federal Rules for a responding party to provide such information, which would impose an unnecessary, unreasonable and, in many cases, impossible burden for WTNA to meet.

11. WTNA objects to the Requests insofar as they purport to compel the production of all documents or information in native file format, which is not required under the Federal Rules. WTNA will produce responsive, non-objectionable documents in text-searchable Tagged Image File Format ("TIFF"), 300 dpi, together with standard fields of metadata. Responsive, non-objectionable documents that exist in Excel format will be produced natively, unless they require redaction, in which case the documents will be TIFFed and produced in the standard default format, described above. WTNA will meet and confer with the City as necessary to discuss modifications to this default production format as well as any other issues relating to electronic discovery.

12. WTNA reserves all objections or other questions as to competency, relevance, materiality, propriety, privilege, or admissibility and any other objection that would require the

exclusion of any of the information provided herein at trial, or at any hearing or other proceeding in this matter. This response is intended to preserve and does preserve all rights of WTNA to object on any ground at any time to the discovery itself or the use of the information gained through this discovery in this litigation, including in depositions.

13. A specific reference to a particular General Objection in the following responses is not intended to exclude the application of other General Objections to that response or of the General Objections to other responses. To the extent WTNA responds to a Request to which it objects, such objections are not waived by the furnishing of information or providing of documents. In addition, the inadvertent disclosure of privileged information or the release of privileged documents shall not constitute a waiver of any privilege.

## RESPONSES SUBJECT TO GENERAL OBJECTIONS

1. Analysis you conducted regarding the Plan, including:

    a. Current or projected cash flows for the City of Detroit;

    b. Current or projected budgets for the City of Detroit;

    c. The City of Detroit's inability or ability to pay its debts when they become due;

    d. The City of Detroit's inability or ability to provide services municipal services to its citizens;

    e. Current or projected rates for collecting wagering taxes, property taxes, income taxes or other taxes by the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, ten years) and long term (*i.e.* twenty years or more);

    f. The Detroit Water and Sewer Department ("DWSD");

    g. The Detroit Institute of Arts ("DIA");

    h. The Public Lighting Authority of Detroit ("PLA"); and

    i. The reinvestment and restructuring initiatives outlined in the Plan, including those initiatives to restructure, reform, improve or changes police, fire, EMS and transportation services; remove blighted houses and

building, improve the City's information technology infrastructure; or increase the staffing levels of certain City offices.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Court's *Fourth Amended Order Establishing Procedures, Deadline and Hearing Dates Relating to the Debtor's Plan of Adjustment* (together with any amendments thereto, the "Scheduling Order") (Docket No. 4202), WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

2. Analysis you conducted regarding any alternative to the Plan. This request includes, but is not limited to, documents that address:

    a. The effects on you and other creditors;

    b. The cost of operating the City of Detroit;

    c. What constitutes an adequate level of City services;

    d. Levels of recovery for unsecured creditors (with or without a "Grand Bargain");

    e. Comparable cities and, if applicable, the basis for concluding those cities are comparable;

    f. Asset sales by the City of Detroit;

    g. Tax collection rates (wagering, property or income) in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

    h. Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; or the City's Department of Transportation).

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

3. Analysis you conducted that address any plans or intentions by you to challenge other creditors' claims or their recoveries with respect to the Plan.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the meet and confer conducted between the Debtor and the holders of the COPs (the "Meet and Confer") – the City has withdrawn this request.

4. Analysis you conducted regarding how the Plan, if confirmed, would impact your claims or legal rights.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert

witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

5. Analysis you conducted regarding your or other creditors' current financial condition.

**RESPONSE:** WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The requested documents also are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the Meet and Confer – the City has withdrawn this request.

6. Analysis you conducted regarding your or other creditors' projected financial condition(s) under different recovery levels.

**RESPONSE:** WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The requested documents also are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

- 7 -

13-53846-tjt    Doc 4470    Filed 05/06/14    Entered 05/06/14 19:07:14    Page 7 of 20

7. Analysis you conducted regarding your or other creditors' projected financial condition in the event the Plan is not approved or the City's bankruptcy case is dismissed.

**RESPONSE:** WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The requested documents also are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

8. Detroit debt purchased or held by or for you, the price you paid for that debt, the date(s) on which you acquired said debt and any arrangement you have for insuring, hedging, reselling, or engaging in any other transaction with respect to that debt.

**RESPONSE:** WTNA holds no "debt" of the City and WTNA objects to the definition of "Detroit debt" in paragraph 11 of the "Definitions and Instructions" section of the Requests to the extent that it purports to characterize the COPs issued in 2005 and 2006 as "debt" of the City. WTNA also objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "all documents relating to any" of the subject matters included in the request. WTNA also objects to this request to the extent it seeks documents already in the Debtor's control or possession. Subject to and without waiving the foregoing general and specific objections,

WTNA states that it has no documents in its possession, custody, or control that are responsive to this request.

9. Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold it.

**RESPONSE:** WTNA has not sold any "debt" of the City and WTNA objects to the definition of "Detroit debt" in paragraph 11 of the "Definitions and Instructions" section of the Requests to the extent that it purports to characterize the COPs issued in 2005 and 2006 as "debt" of the City. WTNA also objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "all documents relating to any" "Detroit debt sold by you." Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no documents in its possession, custody, or control that are responsive to this request.

10. Claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**RESPONSE:** WTNA objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "all documents relating to any" "[c]laims by you against the City of Detroit." WTNA also objects to this request to the extent it seeks documents already in the Debtor's control or possession and to the extent that this request seeks premature discovery in the Adversary Proceeding. WTNA has already filed proofs of its claims against the Debtor and Counterclaims against the Debtor in the Adversary Proceeding, copies of which will be produced.

11. Communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**RESPONSE:** WTNA holds no "debt" of the City and WTNA objects to the definition of "Detroit debt" in paragraph 11 of the "Definitions and Instructions" section of the Requests to the extent that it purports to characterize the COPs issued in 2005 and 2006 as "debt" of the City. WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that this request seeks premature discovery in the Adversary Proceeding. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the Meet and Confer – the City has withdrawn this request.

12. Communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but is not limited to, any efforts to enact legislation concerning, or any effort to obtain funds for, the City of Detroit. The request includes documents relating to any such communications with:

    a. The White House;

    b. Any United State executive branch agencies or departments;

    c. The United States Congress;

    d. The Executive Office of the Governor of the State of Michigan;

    e. The State of Michigan Legislature;

    f. The City Council of the City of Detroit; and

    g. The Office of the Mayor of the City of Detroit.

**RESPONSE:** WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that this request seeks premature discovery in the Adversary Proceeding. WTNA also objects to this request to the extent it seeks documents already in the Debtor's control or possession. Subject to and without waiving the foregoing

general and specific objections, WTNA states that it has no documents in its possession, custody, or control that are responsive to this request that are not otherwise already in the Debtor's control or possession. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the Meet and Confer – the City has withdrawn this request.

13. Communications between you (or on your behalf) and the U.S. Trustee regarding the City's bankruptcy case or the Plan.

**RESPONSE:** WTNA objects to this request on the grounds that the request is overly broad, and on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, WTNA will produce documents responsive to this request.

14. Analysis you conducted regarding the City of Detroit's future creditworthiness with or without Plan approval.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no documents responsive to this request.

15. Common interest agreements or arrangements o [sic] or joint defense agreements or arrangements between you and any other City of Detroit creditors.

**RESPONSE:** WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The requested documents are also protected by the attorney-client privilege, common interest privilege, and joint defense privilege. Subject to and without

waiving the foregoing general and specific objections, WTNA will produce documents responsive to this request.

16. Analysis you conducted regarding the City's legal debt limits or post-2006 assessments related to Limited Tax General Obligations.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

17. Claims made or notifications given to any insurance carriers under any insurance policy of which you are the owner, holder or beneficiary for any claims made against you in an amount exceeding $5 million since January 1, 2004.

**RESPONSE:** WTNA objects to this request to the extent it is overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that this request seeks premature discovery in the Adversary Proceeding. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the Meet and Confer – the City has withdrawn this request.

18. Criminal investigations or indictments of you or your directors, officers, employees, agents, or representatives related to the City of Detroit from January 1, 2004, to the present.

**RESPONSE:** WTNA objects to this request to the extent it is overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks premature discovery in the Adversary Proceeding. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no documents in its possession, custody, or control that are responsive to this request.

19. Communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, retirees, trustees, insurance companies, or other financial institutions related to the City of Detroit bankruptcy or the Plan.

**RESPONSE:** WTNA objects to this request to the extent it is overly broad, unduly burdensome, seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that this request seeks premature discovery in the Adversary Proceeding. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the Meet and Confer – the City has withdrawn this request.

20. Payments or other benefits provided by you to any City of Detroit official, officer, employee, agent, or representative.

**RESPONSE:** WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. WTNA also objects to this request to the extent it seeks documents already in the Debtor's control or possession and to the extent that this request seeks premature discovery in the Adversary Proceeding. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no documents in its possession, custody, or control that are responsive to this request.

21. Analysis of any property possessed by the Detroit Institute of Arts, including any analysis of the value of any such property. This request is limited to documents created prior to January 1, 2013.

- 13 -

13-53846-tjt    Doc 4470    Filed 05/06/14    Entered 05/06/14 19:07:14    Page 13 of 20

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request that are not attached to *Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing the Debtor to Cooperate with Interested Parties Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts* (the "Art Due Diligence Motion") (Docket No. 3923), a copy of which will be produced.

22. Analysis performed by any experts you intend to call to testify at the hearing regarding the Plan.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

23. Analysis regarding whether the Plan's treatment of certain unsecured creditors amounts to "unfair discrimination" within the meaning of 11 U.S.C. § 1129(b)(1).

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order.

24. Communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

**RESPONSE:** WTNA objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. WTNA also objects to this request to the extent that this request seeks premature discovery in the Adversary Proceeding. The requested documents also are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the Meet and Confer – the City has withdrawn this request.

25. Calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Subject to and without waiving the foregoing general and specific objections, it is the understanding of WTNA that – based upon the Meet and Confer – the City has withdrawn this request.

26. Documents related to your responses to Debtor's interrogatories not otherwise produced in response to these requests.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request.

27. Documents relating to any valuation of the art housed at the DIA conducted or arranged by Houlihan Lokey.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with

its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request that are not attached to the Art Due Diligence Motion, a copy of which will be produced.

28. Analysis by you and/or Houlihan Lokey relating to the potential value of the art housed at the DIA.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request that are not attached to the Art Due Diligence Motion, a copy of which will be produced.

29. Communications with Houlihan Lokey and/or other creditors of the City of Detroit relating to any valuation of the art housed at DIA, including but not limited to communications addressing the process or method utilized by Houlihan Lokey to value the art.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege, or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26(b)(4)(D) and Fed. R. Bankr. P. 7026. Furthermore, pursuant to the Scheduling Order, WTNA is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such

- 17 -

testifying expert witnesses until June 24, 2014. If and to the extent WTNA retains any expert witness for the purpose of testifying at the plan confirmation trial, WTNA will fully comply with its disclosure obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Scheduling Order. Subject to and without waiving the foregoing general and specific objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request that are not attached to the Art Due Diligence Motion, a copy of which will be produced.

30. Any actual bids, proposals, non-binding indications of interest or non-binding term sheets (as those terms are used in DE #3923) received by you or Houlihan Lokey relating to the art housed at the DIA.

**RESPONSE:** Subject to and without waiving the foregoing general objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request that are not attached to the Art Due Diligence Motion, a copy of which will be produced.

31. Communications between, on the one hand, you and/or Houlihan Lokey, and on the other, any person who submitted a bid, proposal, non-binding indication of interest or non-binding term sheet (as those terms are used in DE #3923) relating to the art housed at the DIA.

**RESPONSE:** Subject to and without waiving the foregoing general objections, WTNA states that it has no non-privileged documents in its possession, custody, or control that are responsive to this request that are not attached to the Art Due Diligence Motion, a copy of which will be produced.

DRINKER BIDDLE & REATH LLP

| | |
|---|---|
| May 6, 2014 | /s/ Heath D. Rosenblat<br>KRISTIN K. GOING, ESQ.<br>HEATH D. ROSENBLAT, ESQ.<br>1177 Avenue of the Americas<br>41st Floor<br>New York, NY 10036-2714<br>Telephone: (212) 248-3140<br>Kristin.Going@dbr.com<br>Heath.Rosenblat@dbr.com<br><br>-and-<br><br>DIRK H. BECKWITH, ESQ. (P35609)<br>FOSTER SWIFT COLLINS & SMITH, P.C.<br>32300 Northwestern Hwy., Suite 230<br>Farmington Hills, MI 48334-1471<br>Telephone: (248) 539-9918<br>E-mail: dbeckwith@fosterswift.com<br><br>*Counsel for Wilmington Trust, National Association, as Successor Contractor Administrator and Successor Trustee* |

## CERTIFICATE OF SERVICE

I, Heath D. Rosenblat, hereby certify that on this day I caused a true and correct copy of the foregoing **Responses and Objections of Wilmington Trust, National Association to the Debtor's First Request for Production of Documents** to be filed electronically, and to be thereby served upon the following:

Robert S. Hertzberg, Esq.
Deborah Kovsky-Apap, Esq.
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI 48075

David G. Heiman, Esq.
Heather Lennox, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Bruce Bennett
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071

Thomas F. Cullen, Jr., Esq.
Gregory M. Shumaker, Esq.
Geoffrey S. Stewart, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

*Counsel for the Debtor, City of Detroit, Michigan*


Dated: May 6, 2014 /s/ Heath D. Rosenblat
Heath D. Rosenblat