# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | : | Case No. 13-53846 |
| Debtor. | : | Hon. Steven W. Rhodes |

## FMS' RESPONSES TO DEBTOR'S
## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Creditor and party-in-interest FMS Wertmanagement AöR ("FMS"), by its attorneys, responds to Debtor's First Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1. FMS objects to the Requests to the extent they seek information protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026.

2. FMS objects to the requests to the extent that they seek documents prepared by consulting experts that FMS does not intend to designate to testify at the plan confirmation trial and to the extent that they seek documents prepared by FMS in preparation for, or in anticipation of, litigation.

3. FMS objects to the requests to the extent that they seek documents that are confidential under European Union or German laws or regulations applicable to FMS.

## RESPONSES SUBJECT TO GENERAL OBJECTIONS

1. Analysis you conducted regarding the Plan, including:

   a. Current or projected cash flows for the City of Detroit;

     b.     Current or projected budgets for the City of Detroit;

     c.     The City of Detroit's inability or ability to pay its debts when they become due;

     d.     The City of Detroit's inability or ability to provide services municipal services to its citizens;

     e.     Current or projected rates for collecting wagering taxes, property taxes, income taxes or other taxes by the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, ten years) and long term (*i.e.* twenty years or more);

     f.     The Detroit Water and Sewer Department ("DWSD");

     g.     The Detroit Institute of Arts ("DIA");

     h.     The Public Lighting Authority of Detroit ("PLA"); and

     i.     The reinvestment and restructuring initiatives outlined in the Plan, including those initiatives to restructure, reform, improve or changes police, fire, EMS and transportation services; remove blighted houses and building, improve the City's information technology infrastructure; or increase the staffing levels of certain City offices.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court.

2.     Analysis you conducted regarding any alternative to the Plan. This request includes, but is not limited to, documents that address:

     a.     The effects on you and other creditors;

     b.     The cost of operating the City of Detroit;

     c.     What constitutes an adequate level of City services;

     d.     Levels of recovery for unsecured creditors (with or without a "Grand Bargain");

e. Comparable cities and, if applicable, the basis for concluding those cities are comparable;

f. Asset sales by the City of Detroit;

g. Tax collection rates (wagering, property or income) in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

h. Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; or the City's Department of Transportation).

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court.

3. Analysis you conducted that address any plans or intentions by you to challenge other creditors' claims or their recoveries with respect to the Plan.

**RESPONSE:** Based upon the meet and confer conducted on April 30, 2014 (the "Meet and Confer"), FMS understands that Request No. 3 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

4. Analysis you conducted regarding how the Plan, if confirmed, would impact your claims or legal rights.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial,

FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court.

5. Analysis you conducted regarding your or other creditors' current financial condition.

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 5 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

6. Analysis you conducted regarding your or other creditors' projected financial condition(s) under different recovery levels.

**RESPONSE:** FMS objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The requested documents also are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026.

7. Analysis you conducted regarding your or other creditors' projected financial condition in the event the Plan is not approved or the City's bankruptcy case is dismissed.

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 7 seeks production by FMS of any analysis done by FMS as to what FMS' recovery might be if it became free to exercise its state law remedies with respect to the COPs and, with that understanding in mind, FMS objects to this request on the grounds that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The requested documents also are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy

4

Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court. Further answering, FMS states that it has no documents in its possession, custody or control that are responsive to this request.

8. Detroit debt purchased or held by or for you, the price you paid for that debt, the date(s) on which you acquired said debt and any arrangement you have for insuring, hedging, reselling, or engaging in any other transaction with respect to that debt.

**RESPONSE:** FMS objects to the definition of "Detroit debt" in paragraph 11 of the "Definitions and Instructions" section of the requests to the extent that it purports to characterize the COPs issued in 2005 and 2006 as "debt" of the City. FMS also objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "all documents related to relating to any" of the subject matters included in the request. Subject to and without waiving the foregoing general and specific objections, FMS will produce documents sufficient to show the COPs and Detroit Water and Sewer Department floating rate notes purchased or held by FMS, the price FMS paid for those COPs and floating rate notes, the dates on which FMS acquired those COPs and floating rate notes, and any arrangements FMS has for insuring, hedging, reselling, or engaging in any other transaction with respect to those COPs and floating rate notes.

9. Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold it.

**RESPONSE:** FMS has not sold any "debt" of the City and FMS objects to the definition of "Detroit debt" in paragraph 11 of the "Definitions and Instructions" section of the requests to the extent that it purports to characterize the COPs issued in 2005 and 2006 as "debt" of the City. FMS also objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "all

documents related to relating to any" "Detroit debt sold by you." Subject to and without waiving the foregoing general and specific objections, FMS will produce documents sufficient to show the COPs sold by FMS, the price for which FMS sold those COPs, and the dates on which FMS sold those COPs.

10. Claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**RESPONSE:** FMS objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "all documents related to relating to any" "[c]laims by you against the City of Detroit." Subject to and without waiving the foregoing general and specific objections, FMS states that the only claims held by FMS arise with respect to the COPs and that none of those claims have been sold. FMS will produce copies of the proofs of claim filed by Wilmington Trust, as contract administrator, and FMS in the City's bankruptcy case.

11. Communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 11 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

12. Communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but is not limited to, any efforts to enact legislation concerning, or any effort to obtain funds for, the City of Detroit. The request includes documents relating to any such communications with:

    a. The White House;

    b. Any United State executive branch agencies or departments;

    c. The United States Congress;

  d.  The Executive Office of the Governor of the State of Michigan;

  e.  The State of Michigan Legislature;

  f.  The City Council of the City of Detroit; and

  g.  The Office of the Mayor of the City of Detroit.

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 12 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

  13.  Communications between you (or on your behalf) and the U.S. Trustee regarding the City's bankruptcy case or the Plan.

**RESPONSE:** FMS has no documents in its possession, custody or control that are responsive to this request.

  14.  Analysis you conducted regarding the City of Detroit's future creditworthiness with or without Plan approval.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. Subject to and without waiving the foregoing objections, FMS states that it has no documents responsive to this request.

  15.  Common interest agreements or arrangements o [sic] or joint defense agreements or arrangements between you and any other City of Detroit creditors.

**RESPONSE:** Pursuant to the discussion among the parties during the Meet and Confer, Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A. (collectively "<u>EEPK</u>") will produce the non-privileged documents that are responsive to this request.

16. Analysis you conducted regarding the City's legal debt limits or post-2006 assessments related to Limited Tax General Obligations.

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court. Further answering, FMS states that it has no documents in its possession, custody or control that are responsive to the request for post-2006 assessments related to Limited Tax General Obligations.

17. Claims made or notifications given to any insurance carriers under any insurance policy of which you are the owner, holder or beneficiary for any claims made against you in an amount exceeding $5 million since January 1, 2004.

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 17 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

18. Criminal investigations or indictments of you or your directors, officers, employees, agents, or representatives related to the City of Detroit from January 1, 2004, to the present.

**RESPONSE:** FMS has no documents in its possession, custody or control that are responsive to this request.

19. Communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, retirees, trustees, insurance companies, or other financial institutions related to the City of Detroit bankruptcy or the Plan.

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 19 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

20. Payments or other benefits provided by you to any City of Detroit official, officer, employee, agent, or representative.

**RESPONSE:** FMS has no documents in its possession, custody or control that are responsive to this request.

21. Analysis of any property possessed by the Detroit Institute of Arts, including any analysis of the value of any such property. This request is limited to documents created prior to January 1, 2013.

**RESPONSE:** FMS has no documents in its possession, custody or control that are responsive to this request.

22. Analysis performed by any experts you intend to call to testify at the hearing regarding the Plan.

**RESPONSE:** FMS has not yet determined which experts it intends to call. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court.

23. Analysis regarding whether the Plan's treatment of certain unsecured creditors amounts to "unfair discrimination" within the meaning of 11 U.S.C. § 1129(b)(1).

**RESPONSE:** The requested documents are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court.

24. Communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

9

13-53846-tjt    Doc 4472    Filed 05/06/14    Entered 05/06/14 19:11:12    Page 9 of 13

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 24 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

25. Calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

**RESPONSE:** Based upon the Meet and Confer, FMS understands that Request No. 25 has been withdrawn by the Debtor. FMS reserves the right to object to this request if its understanding is not correct.

26. Documents related to your responses to Debtor's interrogatories not otherwise produced in response to these requests.

**RESPONSE:** FMS has no non-privileged documents in its possession, custody or control that are responsive to this request.

27. Documents relating to any valuation of the art housed at the DIA conducted or arranged by Houlihan Lokey.

**RESPONSE:** The requested documents, except as noted below, are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court. The only non-privileged documents in the possession of FMS that are responsive to Request No. 27 are attached to the Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing Debtor to Cooperate with Interested Parties Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts (the "Due Diligence Motion") [Docket No. 3923].

28. Analysis by you and/or Houlihan Lokey relating to the potential value of the art housed at the DIA.

**RESPONSE:** The requested documents, except as noted below, are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court. The only non-privileged documents in the possession of FMS that are responsive to Request No. 27 are attached to the Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing Debtor to Cooperate with Interested Parties Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts (the "Due Diligence Motion") [Docket No. 3923].

29. Communications with Houlihan Lokey and/or other creditors of the City of Detroit relating to any valuation of the art housed at DIA, including but not limited to communications addressing the process or method utilized by Houlihan Lokey to value the art.

**RESPONSE:** The requested documents, except as noted below, are protected by the attorney-client privilege, common interest privilege, joint defense privilege or work product doctrine and, with respect to experts employed only for trial preparation, by Fed. R. Civ. P. 26 and Bankruptcy Rule 7026. If FMS retains any expert witnesses for the purpose of testifying at the plan confirmation trial, FMS will comply with its obligations under Fed. R. Civ. P. 26 and all scheduling orders entered by the Court. The only non-privileged documents in the possession of FMS that are responsive to Request No. 27 are attached to the Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing Debtor to Cooperate with Interested Parties Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts (the "Due Diligence Motion") [Docket No. 3923].

30. Any actual bids, proposals, non-binding indications of interest or non-binding term sheets (as those terms are used in DE #3923) received by you or Houlihan Lokey relating to the art housed at the DIA.

**RESPONSE:** The only non-privileged documents in the possession of FMS that are responsive to Request No. 27 are attached to the Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing Debtor to Cooperate with Interested Parties Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts (the "Due Diligence Motion") [Docket No. 3923].

31. Communications between, on the one hand, you and/or Houlihan Lokey, and on the other, any person who submitted a bid, proposal, non-binding indication of interest or non-binding term sheet (as those terms are used in DE #3923) relating to the art housed at the DIA.

**RESPONSE:** The only non-privileged documents in the possession of FMS that are responsive to Request No. 27 are attached to the Motion of Creditors for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code Directing Debtor to Cooperate with Interested Parties Seeking to Conduct Due Diligence on the Art Collection Housed at the Detroit Institute of Arts (the "Due Diligence Motion") [Docket No. 3923].

Date: May 6, 2014

/s/ Paul E. Greenwalt
Rick L. Frimmer
E-mail: rfrimmer@schiffhardin.com
J. Mark Fisher
Email: mfisher@schiffhardin.com
Frederick J. Sperling
E-mail: fsperling@schiffhardin.com
Paul E. Greenwalt
E-Mail: pgreenwalt@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
T: (312) 258-5500
F: (312) 258-5600

Counsel for FMS Wertmanagement AöR

**CERTIFICATE OF SERVICE**

I, Paul E. Greenwalt, state that on May 6, 2014, I caused a copy of the foregoing FMS' Responses to Debtor's First Requests for Production of Documents to be filed using the Court's ECF system, and I hereby certify that the Court's ECF system has served counsel to the City and all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ Paul E. Greenwalt
Paul E. Greenwalt
E-mail: pgreenwalt@schiffhardin.com
