UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(DETROIT)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | CASE NO.: 13-53846 |
| | ) | |
| | ) | CHAPTER 9 |
| Debtor. | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |

**RESPONSE OF THE AD HOC COMMITTEE OF DWSD BONDHOLDERS
TO THE DEBTOR'S FIRST SET OF INTERROGATORIES**

The Ad Hoc Committee of DWSD Bondholders (the "**Ad Hoc Committee**")[1] for those certain bonds (the "**DWSD Bonds**") and the holders of such (the "**DWSD Bondholders**") issued by the City of Detroit (the "**Debtor**") for the Detroit Water and Sewerage Department (the "**DWSD**") hereby responds to the *Debtor's First Set of Interrogatories to Ad Hoc Committee of DWS Bondholders* (the "**Interrogatories**") as follows:

**GENERAL OBJECTIONS**

1. The Ad Hoc Committee objects to the Interrogatories and related Definitions and Instructions to the extent that they seek to impose obligations that exceed the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.

---

[1] The Ad Hoc Committee members are Fidelity Management & Research Company, Eaton Vance Management, Franklin Advisers, Inc., Nuveen Asset Management, and BlackRock Asset Management, Inc.

1

2. The Ad Hoc Committee objects to the Interrogatories to the extent that they seek information subject to the attorney-client privilege or work-product protection and related common interest protection, any other applicable privilege, or information subject to confidentiality obligations imposed on parties participating in mediation in connection with this proceeding ("**Privileged Information**").  Any inadvertent disclosure of Privileged Information shall not waive those privileges, protections, or confidentiality obligations.

3. The Ad Hoc Committee objects to the Interrogatories to the extent that they seek to obtain discovery of information and materials relied on by expert witnesses ("**Expert Reliance Materials**") in advance of the deadline for expert reports established by the Court's Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment Scheduling Order (the "**Scheduling Order**").  To the extent that any responsive information has been relied upon by any expert witness testifying on behalf of the Ad Hoc Committee, such information will be described in the expert's report in accord with the Scheduling Order.

4. The Ad Hoc Committee objects to the Interrogatories to the extent that they seek information that is already in the Debtor's custody or control and/or is readily accessible or publicly available to the Debtor ("**Readily Available Information**").

5. The Ad Hoc Committee objects to the Interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. The Ad Hoc Committee objects to the Interrogatories to the extent that they seek information about which the Ad Hoc Committee lacks information or knowledge.

7. The Ad Hoc Committee objects to the Interrogatories to the extent that they are vague or ambiguous or seek information that does not exist.

8. The Ad Hoc Committee objects to the Interrogatories to the extent that they are unlimited in time or scope or otherwise overly broad and/or unduly burdensome.

9. The Ad Hoc Committee expressly reserves all objections as to relevance, authenticity, or admissibility of any information or documents referenced herein.

10. The Ad Hoc Committee has responded to the Interrogatories as it interprets and understands them, based on information identified to date in the course of preparing these responses. Consequently, the Ad Hoc Committee reserves the right to amend, clarify, and/or supplement these responses if the Debtor subsequently asserts an interpretation of any interrogatory that differs from the understanding of the Ad Hoc Committee, or if additional information becomes available or additional documents are discovered.

11. The Ad Hoc Committee has responded to the Interrogatories subject to and without waiving the foregoing objections, each of which is expressly incorporated into the responses provided below.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO DEBTOR'S INTERROGATORIES

1. Please identify any custodians of documents requested in the accompanying Requests for Production of Documents (served herewith).

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because the referenced Requests for Production of Documents are vague, ambiguous, overly broad, and unduly burdensome, and seek Privileged Information, Expert Reliance Materials, or Readily Available Information. Subject to and without waiving the foregoing general and specific

3

objections, the Ad Hoc Committee states that, to the extent that it possesses documents responsive to the Debtor's Requests for Production of Documents to the Ad Hoc Committee, they are in the custody of counsel, Kramer Levin Naftalis & Frankel, LLP, and Mintz Levin Cohn Ferris Glovsky and Popeo, PC.

2. Please identify and describe any analysis or review conducted by you or on your behalf regarding the viability of the Detroit Water and Sewer Department ("DWSD") on a stand-alone basis and/or assuming that DWSD operates as part of a regional authority. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome. The Ad Hoc Committee objects to this interrogatory to the extent it seeks Privileged Information, Expert Reliance Materials, or Readily Available Information. Subject to and without waiving the foregoing general and specific objections, the Ad Hoc Committee states that, to the extent it can understand this interrogatory, it has not conducted or requested any analysis or review regarding the viability of the DWSD on a stand-alone basis or assuming that DWSD operates as part of a regional authority. Consequently, the Ad Hoc Committee cannot identify a lead person or persons who have knowledge thereof.

3. Please identify and describe any analysis or review conducted by you or on your behalf regarding other debtors that have entered privatization contracts.

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome. The Ad Hoc Committee objects to this

interrogatory to the extent it seeks Privileged Information, Expert Reliance Materials, or Readily Available Information. Subject to and without waiving the foregoing general and specific objections, the Ad Hoc Committee states that, to the extent it can understand this interrogatory, it has not conducted or requested any analysis or review regarding other debtors that have entered privatization contracts.

4. Please identify and describe any analysis or review conducted by you or on your behalf regarding the viability of DWSD under the proposed $47 million lease. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome. The Ad Hoc Committee objects to this interrogatory to the extent it seeks Privileged Information, Expert Reliance Materials, or Readily Available Information. Subject to and without waiving the foregoing general and specific objections, the Ad Hoc Committee states that, to the extent it can understand this interrogatory, it has not conducted or requested any analysis or review regarding the viability of DWSD under the proposed $47 million lease. Consequently, the Ad Hoc Committee cannot identify a lead person or persons who have knowledge thereof.

5. Please identify and describe any analysis or review conducted by you or on your behalf regarding the feasibility of exiting the DWSD system. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome. The Ad Hoc Committee objects to this

interrogatory to the extent it seeks Privileged Information, Expert Reliance Materials, or Readily Available Information. Subject to and without waiving the foregoing general and specific objections, the Ad Hoc Committee states that, to the extent it can understand this interrogatory, it has not conducted or requested any analysis or review regarding the feasibility of exiting the DWSD system. Consequently, the Ad Hoc Committee cannot identify a lead person or persons who have knowledge thereof.

6. Please identify and describe any valuations of DWSD you have considered, discussed, reviewed, or analyzed. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome. The Ad Hoc Committee objects to this interrogatory to the extent it seeks Privileged Information, Expert Reliance Materials, or Readily Available Information. Subject to and without waiving the foregoing general and specific objections, the Ad Hoc Committee states that, to the extent it can understand this interrogatory, it has not considered, discussed, reviewed or analyzed any valuations of DWSD. Consequently, the Ad Hoc Committee cannot identify a lead person or persons who have knowledge thereof.

9. [sic] Please identify and describe any communications between you and any DWSD bond insurers or financial advisors.

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome. The Ad Hoc Committee objects to this interrogatory to the extent it seeks Privileged Information, Expert Reliance Materials, or Readily

Available Information. Subject to and without waiving the foregoing general and specific objections, the Ad Hoc Committee states that, to the extent it can understand this interrogatory, after reasonable search and inquiry it has been unable to locate any communications between it and any DWSD bond insurers or financial advisors that do not constitute Privileged Information, Expert Reliance Materials, or Readily Available Information.

10. Please identify and describe any analysis or review of a transaction that results in either the privatization of DWSD, or results in the creation of a regional authority to operate DWSD. Please identify a lead person or persons who have knowledge thereof.

**RESPONSE:** The Ad Hoc Committee objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome. The Ad Hoc Committee objects to this interrogatory to the extent it seeks Privileged Information, Expert Reliance Materials, or Readily Available Information. Subject to and without waiving the foregoing general and specific objections, the Ad Hoc Committee states that, to the extent it can understand this interrogatory, it has not conducted or requested any analysis or review of a transaction that results in either the privatization of DWSD, or results in the creation of a regional authority to operate DWSD; the only such analysis or review of which the Ad Hoc Committee is aware is the Debtor's own proposal. Consequently, the Ad Hoc Committee cannot identify a lead person or persons who have knowledge of any such analysis or review.

**AD HOC COMMITTEE OF DWSD BONDHOLDERS,**

By its attorneys,

| | |
|---|---|
| /s/ *Amy Caton* | /s/ *William W. Kannel* |
| Amy Caton, Esq. | William W. Kannel, Esq. |
| Greg Horowitz, Esq. | Adrienne K. Walker, Esq. |
| KRAMER LEVIN NAFTALIS | MINTZ, LEVIN, COHN, FERRIS, |
| & FRANKEL, LLP | GLOVSKY and POPEO, P.C. |
| 1177 Avenue of the Americas | One Financial Center |
| New York, New York 10036 | Boston, MA 02111 |
| Tel: (212) 715-9100 | Tel: 617-542-6000 |
| Fax: (212) 715-8000 | Fax: 617-542-2241 |
| acaton@kramerlevin.com | wwkannel@mintz.com |
| | awalker@mintz.com |

and                                              and

STEINBERG SHAPIRO & CLARK         ANDREW J. GERDES, P.L.C.
Geoffrey T. Pavlic, Esq.                        Andrew J. Gerdes, Esq.
25925 Telegraph Road                      321 W. Lake Lansing Rd.
Suite 203                                              P.O. Box 4190
Southfield, MI 48033                          East Lansing, MI 48826-4190
Tel: (248) 352-4700                            Tel: (517) 853-1300
Fax: (248) 352-4488                           Fax: (517) 853-1301
pavlic@steinbergshapiro.com           agerdes@gerdesplc.com

*Attorneys for Nuveen Asset Management, and BlackRock Asset Management, Inc., as members of the Ad Hoc Committee of DWSD Bondholders*

*Attorneys for Fidelity Management & Research Company, Eaton Vance Management, and Franklin Advisers, Inc., as members of the Ad Hoc Committee of DWSD Bondholders*

Dated: May 6, 2014

**CERTIFICATE OF SERVICE**

I certify that on this 6th day of May 2014, I caused the foregoing document to be served on counsel for Debtor and for all other parties of record through the Court's CM/ECF system.

/s/ *William W. Kannel*
William W. Kannel