## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| | : |
| In re: | : Chapter 9 |
| | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13-53846 |
| | : |
| Debtor. | : Hon. Steven W. Rhodes |
| | : |

### NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S RESPONSES AND OBJECTIONS TO DEBTOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 7033 and 9014, National, by and through its undersigned counsel, hereby submits the following responses and objections to Debtor's First Set of Interrogatories (the "Interrogatories").

### GENERAL OBJECTIONS

National intends the following General Objections to apply to each of the Interrogatories regardless of whether the General Objections are incorporated into the specific objections set forth below. National further intends each General Objection to apply to each Interrogatory even if one or more of the objections to specific Interrogatories incorporates some or all of these General Objections.

1.     National objects to each and every Interrogatory, definition, and instruction to the extent it attempts to impose any burden, obligation, or process inconsistent with or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Docket No. 4202] (the "Scheduling Order") or other applicable rule, order, or agreement of the parties.  National's Responses will be provided in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Scheduling Order, and any other applicable rule, order, or agreement of the parties.

2.     National objects to any Interrogatory to the extent that it calls for information protected from disclosure by any privilege or protection including, without limitation, the attorney-client privilege, work product doctrine, the official information privilege, the mediation privilege and/or the policy preserving the confidentiality of compromise discussions, the settlement privilege, the deliberative process privilege, and/or any other applicable privilege, immunity, protection or doctrine (collectively "Privileged Information").  National expressly incorporates this General Objection into each response, whether or not specifically restated in response to any particular Interrogatory.

3.     National objects to any Interrogatory as overly broad and unduly burdensome to the extent that it seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

4.      National objects to any Interrogatory as unduly burdensome to the extent that it seeks confidential, proprietary, non-public and/or sensitive business, commercial, technical, marketing, financial, private or personal documents and/or trade secrets (collectively "Confidential Information").

5.      National objects to any Interrogatory to the extent it is vague and ambiguous.

6.      Whenever the answer to any Interrogatory may be derived or ascertained from the National's business records, and the burden of deriving or ascertaining the answer is substantially the same for the City as for National, National reserves the right under Rule 33(d) of the Federal Rules of Civil Procedure to answer the Interrogatory by specifying the records from which the answer may be derived or ascertained, and producing those records insofar as they have not already been made available to the City.

7.      The responses made herein are made in a good faith effort to supply as much information as is presently known, subject to the objections made herein. National's investigation is ongoing, and these responses in no way prejudice National's rights to conduct further discovery, research or analysis.  Subject to and without waiving any of its objections set forth herein, National may supplement its Responses as necessary or appropriate if any additional information becomes

available to National.

**INTERROGATORY NO. 1**:

Identify any custodians of documents requested in the accompanying Requests for Production of Documents (served herewith).

## RESPONSE TO INTERROGATORY NO. 1:

National hereby incorporates the General Objections set forth above. National objects to the phrase "any custodians of documents" as vague and ambiguous in that it does not specify a relevant level of responsibility or control over the referenced documents. National also objects to this Interrogatory on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. National further objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks identification of multiple or duplicative custodians for documents already being produced. National further objects to this Interrogatory as overbroad to the extent it seeks the identification of custodians of documents responsive to requests to which National objected. Subject to and without waiving the foregoing and General Objections, National reserves the right to supplement its response to this Interrogatory under Rules 26(e) and 33(d) of the Federal Rules of Civil Procedure by specifying the records from which the answer may be derived or ascertained,

and producing those records insofar as they have not already been made available to the City.

**INTERROGATORY NO. 2**:

Identify the person most knowledgeable about your surveillance activities. Surveillance activities include, but are not limited to, monitoring and reporting changes in transaction credit quality, detecting any deterioration in credit quality (due to the economic, regulatory, or political environment), and recommending to management any necessary or appropriate remedial actions to mitigate realized or potential losses. Please confirm whether Brian J. Cooney (your Managing Director, Head of Portfolio Surveillance for Municipal Enterprise) and William J. Rizzo (your Managing Director, Head of Portfolio Surveillance for the Eastern Region) are the people most knowledgeable.

**RESPONSE TO INTERROGATORY NO. 2**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed

in respect of the DWSD Bonds[1] (e.g., under 11 U.S.C. §§ 943 and 1129).  National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds.  Subject to and without waiving the foregoing and General Objections, National identifies the following person that it understands at the present time to be most knowledgeable with respect to surveillance activities relating to the assessment of value and/or risk for the DWSD Bonds:  Adam T. Bergonzi.

**INTERROGATORY NO. 3**:

Identify the person most knowledgeable about your loss mitigation activities.  Loss mitigation activities include, but are not limited to, enforcing the corporation's contractual rights and remedies, mitigating its losses, engaging in transaction negotiations, or managing litigation or arbitration proceedings.  Please confirm whether Adam T. Bergonzi (your Managing Director, Chief Risk Officer) is the person most knowledgeable.

**RESPONSE TO INTERROGATORY NO. 3**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds.

**INTERROGATORY NO. 4**:

Identify the person most knowledgeable about your underwriting activities. Underwriting activities include, but are not limited to, analyzing the structure of a potential transaction, investigating the business or asset class's particular credit and legal issues, and using that information to assess overall risk.

**RESPONSE TO INTERROGATORY NO. 4**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. Subject to and without waiving the foregoing and General Objections, National identifies the

following person that it understands at the present time to be most knowledgeable with respect to underwriting activities relating to the assessment of value and/or risk for the DWSD Bonds:  Adam T. Bergonzi.

**INTERROGATORY NO. 5**:

Identify the person most knowledgeable about your pricing activities. Pricing activities include, but are not limited to, utilizing an array of relevant factors to determine the fair market value of the financial product.  Select examples include market information, benchmark securities, reported trades, broker/dealer quotes, issuer spreads, bids, offers, and industry and economic events.

**RESPONSE TO INTERROGATORY NO. 5**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds.  Subject to and without waiving the foregoing and General Objections, National identifies the following person that it understands at the present time to be most knowledgeable

with respect to pricing activities relating to the assessment of value and/or risk for the DWSD Bonds:  Adam T. Bergonzi.

**INTERROGATORY NO. 6**:

Identify the person most knowledgeable about your reserving methodology. Case reserving methodology may include monitoring any significant credit deterioration on a specific insured obligation and/or assessing the possibility or probability of its default based on quantitative and/or qualitative factors.  These factors may include creditworthiness, securitization, projected cash flow, and historical and projected loss rates on the asset.

**RESPONSE TO INTERROGATORY NO. 6**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds.  National also objects to the extent this Interrogatory purports to seek Confidential Information.

**INTERROGATORY NO. 7**:

Identify the person most knowledgeable about your loss reserve methodology. Loss reserves are based on based on whether an insured event has occurred, an insured event is expected to occur, the voluntary prepayment rate, and the interest rate environment, among other relevant factors.

**RESPONSE TO INTERROGATORY NO. 7**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. National also objects to the extent this Interrogatory purports to seek Confidential Information.

**INTERROGATORY NO. 8**:

Identify the person most knowledgeable about your commutation activities. Commutation activities include, but are not limited to, determining corporation commutation policy. This may include when to modify or cancel a policy (whether or not the corporation pays the insured a sum of money).

## RESPONSE TO INTERROGATORY NO. 8:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. National also objects to the extent this Interrogatory purports to seek Confidential Information.

## INTERROGATORY NO. 9:

Identify your auditor for the years 2011, 2012, and 2013. Please confirm that PriceWaterhouse Coopers LLP is your auditor and/or disclose any other auditors who are responsive to this interrogatory.

## RESPONSE TO INTERROGATORY NO. 9:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed

in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. National further objects to the phrase "auditor" as vague and ambiguous because it does not specify whether it is limited to outside auditors of National's financial statements or whether it is addressed to any specific auditing activities. Subject to and without waiving the foregoing and General Objections, National identifies PricewaterhouseCoopers LLP as the auditor of the following financial statements: (1) National Public Finance Guarantee Corporation, Statutory-Basis Financial Statements, December 31, 2013 and 2012; (2) National Public Finance Guarantee Corporation, Statutory-Basis Financial Statements, December 31, 2012 and 2011; and (3) National Public Finance Guarantee Corporation, Statutory-Basis Financial Statements, December 31, 2011 and 2010.

**INTERROGATORY NO. 10**:

Identify the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2011, 2012, and 2013. Please confirm that Mark Littman of PriceWaterhouse Coopers is your actuary and/or disclose any other actuaries who are responsive to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 10**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). Subject to and without waiving the foregoing and General Objections, National identifies the following person that it understands at the present time to be the actuary who provided the statement of actuarial opinion/certification in connection with National's Statutory Annual Statement for the years 2011, 2012, and 2013: Mark Littman.

**INTERROGATORY NO. 11**:

Identify and describe any internal credit committee communications concerning City of Detroit related debt.

**RESPONSE TO INTERROGATORY NO. 11**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks

information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. National also objects to the extent this Interrogatory purports to seek Privileged Information and Confidential Information. Subject to and without waiving the foregoing and General Objections, National reserves the right to supplement its response to this Interrogatory under Rules 26(e) and 33(d) of the Federal Rules of Civil Procedure by specifying the records from which the answer may be derived or ascertained, and producing those records insofar as they have not already been made available to the City.

**INTERROGATORY NO. 12**:

Identify and describe the underwriting decisions related to the insuring of City of Detroit related debt.

**RESPONSE TO INTERROGATORY NO. 12**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed

in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. Subject to and without waiving the foregoing and General Objections, National reserves the right to supplement its response to this Interrogatory under Rules 26(e) and 33(d) of the Federal Rules of Civil Procedure by specifying the records from which the answer may be derived or ascertained, and producing those records insofar as they have not already been made available to the City.

**INTERROGATORY NO. 13**:

Identify and describe any surveillance reports regarding performance of municipal risk associated with City of Detroit debt.

**RESPONSE TO INTERROGATORY NO. 13**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. National also objects

to the extent this Interrogatory purports to seek Privileged Information. National further objects to the phrase "performance of municipal risk" as vague and ambiguous because it is unclear what is meant by a given risk "performing." Subject to and without waiving the foregoing and General Objections, National reserves the right to supplement its response to this Interrogatory under Rules 26(e) and 33(d) of the Federal Rules of Civil Procedure by specifying the records from which the answer may be derived or ascertained, and producing those records insofar as they have not already been made available to the City.

**INTERROGATORY NO. 14**:

Identify a lead person or persons who have knowledge of insurance policy pricing as it concerns City of Detroit related debt.

**RESPONSE TO INTERROGATORY NO. 14**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. In addition, National

objects to the phrase "lead person" as vague and ambiguous because it is unclear what criteria warrant an individual to qualify as a "lead person."

**INTERROGATORY NO. 15**:

Identify and describe any method or methods used to deny or limit coverage associated with City of Detroit related debt.

### RESPONSE TO INTERROGATORY NO. 15:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. National further objects to this Interrogatory to the extent it assumes that National has "methods used to deny or limit coverage" associated with any debt. National further objects to the phrase "method or methods" as vague and ambiguous because it is unclear what amounts to a "method." National further objects to the phrase "deny or limit" as vague and ambiguous because it is unclear what might constitute a "denial" or "limitation" of "coverage" in the sense used in this Interrogatory. National further

objects to the use of the word "coverage" as vague and ambiguous because it is unclear what type of coverage is being referenced in the Interrogatory. National further objects to this Interrogatory to the extent that it may purport to call for legal arguments or conclusions rather than facts.

**INTERROGATORY NO. 16**:

Describe the impact that consensual impairment of Unlimited Tax General Obligations would have on debt held by you that is similarly situated to the City of Detroit's debt.

### RESPONSE TO INTERROGATORY NO. 16:

Subject to and without waiving the foregoing and General Objections, National states that, per an email sent by Miguel Eaton of Jones Day, counsel for the Debtor, on April 12, 2014 at 2:55 p.m., the City advised that the inclusion of Unlimited Tax General Obligations issues in the written discovery directed to National was "inadvertent" and that National should "disregard" such discovery requests. Accordingly, National, disregards this Interrogatory.

**INTERROGATORY NO. 17**:

Identify a lead person or persons who have knowledge of any research, studies, assessments, analyses, or communications undertaken by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance related to debt associated with the City of Detroit.

**RESPONSE TO INTERROGATORY NO. 17**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. In addition, National objects to the phrase "lead person" as vague and ambiguous because it is unclear what criteria warrant an individual to qualify as a "lead person."

**INTERROGATORY NO. 18**:

Indicate whether you have any common interest or joint defense agreements with any other City of Detroit creditors.

**RESPONSE TO INTERROGATORY NO. 18**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as seeking information that is neither relevant to the claim or defense of any party herein nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Interrogatory seeks information not related to the tests for whether the Plan can or should be confirmed

in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National further objects to this Interrogatory as overbroad and unduly burdensome on the grounds that it is not limited in time, or to the DWSD Bonds. Subject to and without waiving the foregoing and General Objections, National responds as follows: Yes.

**INTERROGATORY NO. 19**:

Identify all documents that you intend to use as exhibits including demonstrative exhibits.

**RESPONSE TO INTERROGATORY NO. 19**:

National hereby incorporates the General Objections set forth above.

National objects to this Interrogatory as premature to the extent that it seeks identification of exhibits that National intends to use at the confirmation hearing for the Plan, as such matters will be addressed in the pretrial order, the timing for which is dictated by the Scheduling Order. National further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to exhibits that National might use in any other context. Subject to and without waiving the foregoing and General Objections, National states it will identify the documents that it intends to use exhibits in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order.

**INTERROGATORY NO. 20**:

Identify all fact witnesses who you will call for any purpose and state the subject of their testimony.

**RESPONSE TO INTERROGATORY NO. 20**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as premature to the extent that it seeks identification of fact witnesses that National intends to call at the confirmation hearing for the Plan, as such matters are subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, and will be addressed in the pretrial order, the timing for which is dictated by the Scheduling Order. National further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to fact witnesses that National might call in any other context. Subject to and without waiving the foregoing and General Objections, National states it will identify the fact witnesses that it intends to call and the subjects that each witness will address in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order.

**INTERROGATORY NO. 21**:

Identify all fact witnesses who you may call for any purpose and state the subject of their testimony.

**RESPONSE TO INTERROGATORY NO. 21**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as premature to the extent that it seeks identification of fact witnesses that National intends to call at the confirmation hearing for the Plan, as such matters are subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, and will be addressed in the pretrial order, the timing for which is dictated by the Scheduling Order. National further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to fact witnesses that National might call in any other context. Subject to and without waiving the foregoing and General Objections, National states it will identify the fact witnesses that it intends to call and the subjects that each witness will address in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order.

**INTERROGATORY NO. 22**:

Identify all experts whom you intend to call to testify and identify their area of expertise.

**RESPONSE TO INTERROGATORY NO. 22**:

National hereby incorporates the General Objections set forth above. National objects to this Interrogatory as premature to the extent that it seeks identification of experts that National intends to call at the confirmation hearing for

the Plan, as such matters are subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, and will be addressed in the pretrial order, the timing for which is dictated by the Scheduling Order. National further objects to the Interrogatory as irrelevant, overbroad, unduly burdensome and unauthorized to the extent it is directed to experts that National might call in any other context. Subject to and without waiving the foregoing and General Objections, National states it will identify the experts that it intends to call in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Scheduling Order.

Dated: May 6, 2014

Respectfully submitted,

*/s/ Paul R. Hage*
Louis P. Rochkind (P24121)
Paul R. Hage (P70460)
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214
Telephone: (248) 351-3000
lrochkind@jaffelaw.com
phage@jaffelaw.com

James F. Bendernagel, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8041
jbendernagel@sidley.com
gneal@sidley.com


Jeffrey E. Bjork
Gabriel MacConaill
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
jbjork@sidley.com
gmacconaill@sidley.com

*Counsel for National Public Finance Guarantee Corp.*

## VERIFICATION

I, Kenneth R. Epsteth, am authorized to execute this verification as a Managing Director of National Public Finance Guarantee Corporation. I have read National Public Finance Guarantee Corporation's Responses and Objections to Debtor's First Set of Interrogatories, dated May 6, 2014. I certify that based upon my personal knowledge, information and belief, the factual matters stated in the responses to the Interrogatories are true and accurate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 6, 2014

_____
KENNETH R. EPSTEIN