# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In re | Case No.: 13-53846 |
| CITY OF DETROIT, MICHIGAN, | In Proceedings Under |
| Debtor. | Chapter 9 |
|  | Hon. Steven W. Rhodes |

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO AMBAC ASSURANCE CORPORATION'S FIRST REQUEST FOR DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to Ambac Assurance Corporation's First Request for Documents to Debtor (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by Ambac Assurance Corporation (the "Objector"). The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, inadvertent production of any privileged or otherwise

protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.    The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents. To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.  To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13. The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14.     The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.     The City objects to the definition of "City," "you" and "your" insofar as they purport to include "the City of Detroit, Michigan, as well as any of its past or present divisions, departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on their behalf." because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the

instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.    The City's general and specific objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

1.     All documents that You have reviewed, identified, or relied upon in answering Ambac's First Set of Interrogatories to Debtor.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 1:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

2.    All documents and all drafts of documents referenced as exhibits to the Disclosure Statement or Plan or that are to be included in any Plan Supplement.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 2:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

3.    All documents that the City intends to or may use as exhibits or evidence or for any purpose at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 3:

Subject to and without waiving the general objections noted above, the City

responds that it will provide the requested information in accordance with the Final

Pretrial Order.

4.    All documents that the City has provided or intends to provide to any witness that it intends to call to testify at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 4:

Subject to and without waiving the general objections noted above, the City

responds that Experts will be identified and expert reliance materials and

disclosures will be produced in accordance with the Scheduling Order and as

required under the Federal Rules of Bankruptcy Procedure.   With respect to fact

witnesses, the City responds that it will produce non-privileged documents in its

possession, custody, or control, to the extent they exist, that are reasonably

responsive to this request, as the City understands it.

5.     The biography, education and work history, or *curriculum vitae* of any
person the City intends to call as a fact witness at the Confirmation Hearing or at
any other hearing related or ancillary to confirmation of the Plan, including without
limitation hearings related to the approval of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 5:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

6.     The most current resume or *curriculum vitae* for each person the City
intends to call to testify as a potential expert witness at the Confirmation Hearing
or at any other hearing related or ancillary to confirmation of the Plan, including
without limitation hearings related to the approval of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 6:

Subject to and without waiving the general objections noted above, the City

responds that Experts will be identified and expert reliance materials and

disclosures will be produced in accordance with the Scheduling Order and as

required under the Federal Rules of Bankruptcy Procedure.

7.     All documents, including reports, models, or data compilations, which
have been provided to, reviewed by, or prepared by or for any expert witnesses for
purposes related to the Disclosure Statement or the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 7:

Subject to and without waiving the general objections noted above, the City

responds that Experts will be identified and expert reliance materials and

disclosures will be produced in accordance with the Scheduling Order and as

required under Federal Rules of Bankruptcy Procedure.

8.      All documents and communications that tend to support or refute that
the City can satisfy its burden under 11 U.S.C. § 1129(a) as incorporated into
Chapter 9 of the Bankruptcy Code.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 8:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

9.      All documents and communications that tend to support or refute that
the Plan is in the "best interest of creditors" within the meaning of 11 U.S.C. §
943(b)(7).

## OBJECTIONS AND RESPONSE TO REQUEST NO. 9:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

10.     All documents and communications that tend to support or refute that
the Plan is feasible within the meaning of 11 U.S.C. § 943(b)(7).

## OBJECTIONS AND RESPONSE TO REQUEST NO. 10:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

11.    Documents and communications relating to the effect on the City's
post-confirmation cash flow in the event the City is prohibited from using millage
levied on real property above the applicable statutory, constitutional or chapter
limits for purposes other than paying unlimited tax general obligations.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 11:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

12.    All documents and communications that tend to support or refute that
the City is not prohibited by law from taking any action necessary to carry out the
Plan within the meaning of 11 U.S.C. § 943(b)(4).

## OBJECTIONS AND RESPONSE TO REQUEST NO. 12:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

13.    All documents and communications that tend to support or refute that
the City will be able to confirm the Plan pursuant to Section 1129(b) of the
Bankruptcy Code.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 13:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

14. All communications between the City and any witness that relate to the City's ability to confirm the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 14:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

15. All documents and communications that relate to, support, or refute the basis for treating unsecured claims, including the GRS Claims and PFRS Claims, better than UTGO Claims and LTGO Claims under the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 15:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

16. All documents and communications that relate to the basis for the classification of (A) PFRS Pension Claims in the same class with OPEB Claims

held by holders of PFRS Pension Claims and (B) GRS Pension Claims in the same class with OPEB Claims held by holders of GRS Pension Claims.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 16:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

17.     All documents and communications that relate to the basis of the classification and treatment of claims held by the Downtown Development Authority.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 17:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

18.     All communications between the City and any witness with respect to the classification of claims under the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 18:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

19.     All documents and communications that relate to the investigation by the City of any claim that is subject to a Release or Exculpation in the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 19:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

20.     All documents and communications that relate to the potential liability to the City of any person or entity that would be entitled to Releases and Exculpations as proposed by the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 20:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

21.     All documents and communications that relate to the potential liability to the City's creditors of any person or entity that would be entitled to Releases and Exculpations as proposed by the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 21:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

22.    All documents and communications relating to any potential liability of the City that would or could result from the imposition of liability on any person or entity for whom Releases and Exculpations are proposed by the Plan. Include in your response documents relating to any potential resulting claims against the City based on guaranty, indemnification, or contribution, or any other theory.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 22:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

23.    All documents and communications that relate to any contribution to the City or to the City's debt adjustment efforts by any party to be provided a Release or Exculpation as proposed by the Plan.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 23:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

24.    All documents and communications that relate to the development and formulation of the City's Projections attached to the Disclosure Statement as Exhibits I and J, including without limitation the assumptions underlying the Projections, including those discussed on pages 121-123 of the Disclosure Statement, and the anticipated or potential impact on the Projections of any changes to these assumptions.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 24:

The City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. Subject to and without waiving that objection and the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it..

25.     All documents and communications that relate to the City's derivation of its estimate of a 20% recovery under the Plan for the holders of Limited Tax General Obligation Bonds.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 25:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

26.     All documents and communications that relate to the City's derivation of its estimated recovery under the Plan for the holders of Unlimited Tax General Obligation Bonds.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 26:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

27.    All documents that relate to the definition of the "certain incremental recurring gross specified tax receipts" from which the New C Notes will be paid.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 27:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

28.    All documents that relate to the calculations or projections of the Revenue Hurdle.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 28:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

29.    All documents that reflect an estimate of the aggregate allowed amount of, and the recoveries on, the COP Claims and the basis for those estimates.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 29:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

30.    All documents that reflect an estimate of the aggregate allowed amount of, and the recoveries on, Other Unsecured Claims, and the basis for that estimate.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 30:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

31.    All documents that relate to the terms of the Plan UTGO Notes, including the type of security/bond, the methodology proposed for calculation of the present value of the payment stream, and the source of payment for the Plan UTGO Notes.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 31:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

32.    All documents that reflect any summaries or analyses conducted by or for the City that relate to the collection, collection rates, and/or payment delinquency rates of *ad valorem* taxes levied by the City for each year from 2004 to the present.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 32:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

33.    All documents that reflect any projections prepared by or for the City
that relate to the collection, collection rates, and/or payment delinquency rates of
*ad valorem* taxes to be levied by the City through December 31, 2034.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 33:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

34.    All documents that reflect the process for setting the millage collected
on account of unlimited tax general obligation bonds for each year from 2004 to
the present, including documents and communications that relate to the amount to
be collected under the millage, the assessment of the values of real property subject
to the millage, and any adjustments made for delinquencies or anticipated
delinquencies.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 34:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

35.    All documents that reflect summaries, analyses, and reconciliations of Wayne County's attempts to collect and settle *ad valorem* tax collection deficiencies for each year from 2009 to the present.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 35:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

36.    All documents that reflect the allocations of *ad valorem* tax revenues for each year from 2009 to the present, and the City's process for allocating partial payments of *ad valorem* tax revenues, when only partial tax payments are received.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 36:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

37.    All documents that reflect the City's efforts, from 2009 to the present, to collect delinquent or underpaid *ad valorem* taxes.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 37:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

38.     All documents that reflect the City's planned future efforts to collect full payment for *ad valorem* taxes from taxpayers after receiving only partial payments.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 38:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

39.     All documents that reflect the calculations of the *ad valorem* tax revenue projections included in the most recent Ten-Year Summary of Restructuring Initiatives.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 39:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

40.     Documents and communications relating to City's plans to levy millage on real property post-confirmation in excess of applicable statutory, constitutional, or chapter limits other than for the purposes of paying unlimited tax general obligations. Include in your production documents relating to levies that have been or may be imposed to satisfy any judgment against the City.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 40:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

41.    All documents that reflect the calculations or determinations of growth rates relevant to the income tax revenue projections included in the most recent Ten-Year Summary of Restructuring Initiatives, including all documents supporting any assumptions included in the Ten-Year Summary as to:

      A.    The City's population growth;

      B.    Employment in the City and its allocation between residents and non-residents; and

      C.    Average wage assumptions.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 41:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

42.    All documents that reflect any research or analysis conducted by or for the City related to its ability (or inability) to raise additional revenue through increases of existing taxes, assessments, or user fees; the levying of new taxes, assessments, user fees; or otherwise.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 42:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

43.     All documents that reflect any research or analysis conducted by or for the City related to the effects of tax changes enacted from 2009 to the present, including the effect of the tax changes on the City's economic growth or revenues.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 43:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

44.     All documents that reflect any research or analysis conducted by or for the City related to any component of the tax burden on the City's residents in comparison to (a) surrounding areas or (b) cities of comparable size.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 44:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

45.     All documents that reflect any research or analysis conducted by or for the City related to opportunities (or lack of opportunities) for Payment in Lieu of Taxes (PILOT) programs from the State or non-profit organizations.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 45:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

46.    All documents that reflect any research or analysis conducted by or for the City related to projected or anticipated State revenue-sharing.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 46:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

47.    All documents that reflect any research or analysis conducted by or for the City related to any initiatives to improve the City's collection of taxes, fines, or user fees, and/or to decrease the delinquency rates applicable to such collection.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 47:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

48.    All documents and communications that relate to expense reduction efforts undertaken since the Petition Date or planned by the City for the future.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 48:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

49.    All documents and communications analyzing the deferral of any of the spending proposals contemplated by the June 14, 2013 Proposal to Creditors.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 49:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

50.    All documents that reflect any research or analysis conducted by or for the City related to any operational restructuring plans, whether implemented, considered, or proposed, including the costs of implementing such plans and the actual and projected resulting savings.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 50:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

51.    All documents that reflect any research or analysis conducted by or for the City related to efforts to reduce its labor costs from January 1, 2009 to present, whether implemented, considered, or proposed.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 51:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

52.    All documents and communications pertaining to proposals and analyses related to the restructuring the Detroit Water and Sewerage Department, whether implemented, considered, or proposed, including costs of such restructuring and the actual or projected resulting savings.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 52:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

53.    All documents and communications that relate to the valuation and/or potential monetization, through sale, lease, or otherwise, of City-owned assets valued at more than $5 million, including without limitation:

A.    Artwork owned or held in the Detroit Institute of Art, including relevant documentation relating to ownership or control of the artwork;

B.    The Detroit-Windsor Tunnel;

C.      The Veterans' Memorial Building;

D.      City-owned parking facilities;

E.      Coleman Young Airport;

F.      Joe Louis Arena; and

G.      City-owned land referenced in Section III.A.5(b) of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 53:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

54.    All documents that reflect the City's ownership interest in, and the restrictions on the transfer of, all artwork held at the Detroit Institute of Art, including without limitation the artwork *not* appraised by Christie's.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 54:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

55.    All documents and communications that relate to the potential monetization of the artwork held at the Detroit Institute of Art other than pursuant to the DIA Settlement, the potential or estimated revenue from such monetization, and the reasons why such monetization has not been pursued.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 55:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

56. Documents sufficient to establish the total amount of payments received by the Swap Counterparties pursuant to the Swap Contracts.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 56:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

57. All documents and communications that relate to any pending or in-progress grant applications that exceed $5 million in the aggregate under a single program.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 57:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

58. All documents tending to support or refute that each settlement described in the Disclosure Statement and Plan will inure to the benefit of the City's creditors and residents, including without limitation analyses and projections of potential recoveries by or against the City, and the City's estimate of its legal fees, in the absence of such settlements.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 58:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

59.     All documents and communications that relate to the Plan GRS
Settlement, including documents and communications that reflect the terms of the
Plan GRS Settlement, the negotiation of those terms, the participants in the
negotiations, what other settlement terms were considered, and why those terms
were rejected.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 59:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

60.     All documents and communications that relate to the Plan PFRS
Settlement, including documents and communications that reflect the terms of the
Plan PFRS Settlement, the negotiation of those terms, the participants in the
negotiations, what other settlement terms were considered, and why those terms
were rejected.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 60:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

61.     All documents that reflect any summaries or analyses conducted by or for the City that relate to the impact on the feasibility of the Plan and creditor recoveries under the Plan in the event the full amounts of the State GRS Consideration and/or the State PFRS Consideration are not received.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 61:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

62.     All documents and communications that relate to the DIA Settlement, including documents and communications that reflect the likelihood that the DIA settlement will occur, the terms of the DIA Settlement, the negotiation of those terms, the participants in the negotiations, what other settlement terms were considered, and why those terms were rejected.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 62:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

63.     All documents that relate to the terms of settlements, other than those described in the Disclosure Statement, that the City intends to enter into prior to the confirmation of the Plan or as a part of the Plan, including without limitation analyses and projections of potential recovery by or against the City, and the City's estimated legal fees, in the absence of such settlements.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 63:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

64. All documents that relate to the calculation of the PFRS Claims and GRS Claims reflected in the Disclosure Statement and the Plan, including without limitation the underlying assumptions and methods used in the calculations.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 64:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

65. All documents reflecting the City's annual contributions to the PFRS and GRS pension plans from 2004 to the present.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 65:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

66. All documents reflecting the City's projected annual contributions to the PFRS and GRS for retirement benefits following the confirmation of the Plan

through December 31, 2034, based on the actuarial assumptions used by the PFRS and GRS, respectively, prior to the Petition Date.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 66:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

67.     All documents reflecting the City's projected annual contributions to the PFRS and GRS for retirement benefits following the confirmation of the Plan through December 31, 2034, based on the actuarial assumptions used by the City in formulating the Plan of Adjustment and taking into account the restructuring of the pension obligations proposed in the Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 67:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

68.     All documents and communications that relate to the GRS Hybrid Pension Formula and the PFRS Hybrid Pension Formula, including documents and communications that reflect the analysis conducted to derive those formulas, and the figures and results such formulas may yield.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 68:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

69.     All documents that reflect the estimated or actual current market value of PFRS and GRS assets.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 69:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

70.     All documents that reflect any update to June 30, 2013 (or beyond) of the actuarial valuations performed by Gabriel Roeder Smith & Company ("Gabriel Roeder") for the PFRS and the GRS as of June 30, 2012, based on or using the methods, assumptions, and procedures used by Gabriel Roeder.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 70:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

71.     All documents that reflect the calculation of the OPEB Claims (both PFRS and GRS) reflected in the Disclosure Statement and the Plan, including without limitation the underlying assumptions and methods used in the calculations.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 71:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

72.    All documents that reflect the total amount of OPEB Claims (both PFRS and GRS) paid or projected to be paid from the Petition Date to the Effective Date.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 72:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

73.    All documents that reflect interfund loans, balances or deferrals, including documents and communications that reflect the transfers that gave rise to the loans or deferrals, the conditions or terms of the loans or deferrals, the dates of the loans or deferrals, the purposes of the loans or deferrals, any methods or policies governing or applying to the City's repayment of the loaned or deferred funds to their original fund.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 73:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

74.    All documents that reflect the proposed treatment of interfund loans or deferrals under the Plan, including any research or analysis conducted by or for the City related to such treatment.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 74:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

75.    All documents that reflect any research or analysis conducted by or for the City related to the legality of interfund loans or deferrals.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 75:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

76.    All documents that reflect any research or analysis conducted by or for the City related to the potential cancelation or invalidation of interfund loans or deferrals.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 76:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

77. All documents that reflect the nature and amount of known or anticipated administrative claims.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 77:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

78. All documents and communications that reflect, support, or refute, the validity of the claims held by the Downtown Development Authority against the City.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 78:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

79. All documents and communications that reflect any research or analysis conducted by or for the City related to the validity, enforceability, or potential impairment of the claims held by the Downtown Development Authority against the City.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 79:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

80.    All documents that tend to support or refute that the Downtown Development Authority is an "insider" of the City as that term is defined in 11 U.S.C. § 101(31).

## OBJECTIONS AND RESPONSE TO REQUEST NO. 80:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

81.    All documents that reflect or explain the City's obligations described in Section III(B)(2)(c) of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 81:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

82.    All documents that reflect any research or analysis conducted by or for the City related to the City's obligations described in Section III(B)(2)(c) of the Disclosure Statement, including analyses of the origin and validity of the debt.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 82:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

83. All documents that reflect any research or analysis conducted by or for the City related to the amount of debt the City will have, and will be able to support, immediately following confirmation of the proposed Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 83:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

84. All documents that reflect any research or analysis conducted by or for the City related to the limits imposed by applicable law on the City's ability to incur debt, and whether the City is limited in its ability to incur additional debt as a result of such limits.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 84:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

85. All documents that reflect any research or analysis conducted by or for the City related to the City's anticipated costs with respect to any post-petition financing.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 85:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

86.    All documents that reflect any research or analysis conducted by or for the City related the City's anticipated costs with respect to any exit financing.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 86:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

87.    All documents that reflect any research or analysis conducted by or for the City related to the City's anticipated costs with respect to any post-confirmation financing.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 87:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

88.    All documents that reflect any research or analysis conducted by or for the City related the City's need for exit financing.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 88:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

89.     All documents and communications that relate to any attempts by the City to obtain the Exit Facility, including documents and communications reflecting any requests for proposals (RFPs) sent to financial institutions and other indication of interest by potential lenders, proposed security packages, the terms of the proposals received in response to the RFPs, comparisons of the proposals, and negotiations with financial institutions.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 89:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

90.     All documents and communications that relate to the process by which City has selected or intends to select the Exit Facility Agent and any other financial institution party to the Exit Facility.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 90:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

91.     All documents and communications that relate to other potential exit financing lenders, including communications regarding potential exit financing since the Petition Date.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 91:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

92.     All documents and communications that relate to the Exit Facility
contemplated by the Plan, including the actual, potential, or expected terms, costs,
security for, and interest rate on the Exit Facility.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 92:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

93.     All documents and communications that relate to the purpose or
intended uses of the Exit Facility funds.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 93:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

94.     All documents that reflect any research or analysis conducted by or
for the City related to the potential effects of the confirmation of the Plan or the
impairment thereunder of general obligation bond claims on the City's borrowing
costs with respect to the Exit Facility or any post-confirmation financing.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 94:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

95.     All documents that reflect any research or analysis conducted by or
for the City related to the anticipated effects of the Reinvestment Initiatives,
including but not limited to analyses of whether and how the Reinvestment
Initiatives will affect:

      A.     The City's revenue;

      B.     The City's expenses;

      C.     The value of real estate located in the City; and

      D.     The City's population.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 95:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

96.     All documents and communications, including written reports,
business plans, and financial schedules, the relate to any Reinvestment Initiatives,
including without limitation:

      A.     Blight removal;

      B.     Restructuring of the City's parking and arena system;

      C.     The City's Police;

      D.     The City's Fire/EMS;

E.    The City's Department of Transportation; and

F.    Any other City departments or agencies.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 96:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

97.    All documents, including without limitation agreements and proposals, relating to any arrangements with the Detroit Land Bank Authority, the Michigan Land Bank. Include in your answer all documents and communications relating to the arrangements with respect to the "initiatives involving the Detroit Land Bank Authority and the Michigan Land Bank" referenced on page 26 of the Disclosure Statement.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 97:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

98.    All documents and communications that tend to support or refute the following statements contained in the Disclosure Statement:

A.    The charts and accompanying text on pages 39-42 purporting to show declines in revenue, income taxes, state shared revenue, and employment;

B.    Paragraph (c) at the bottom of page 42 discussing "Comparative Tax Burden;"

C. The statement on page 44 that "The City estimates that it has been able to realize more than $200 million in annual savings;"

D. The data and crime statistics on page 45 relating to crime and police response times;

E. The charts on pages 46-47 purporting to show "Comparables Data;"

F. The statement on page 47 that "The total of functioning streetlights per square mile in the City generally was less than half that of comparable national municipalities;"

G. The statements on page 50 that bus fares are lower than comparable bus transit systems by approximately 30% on average, that bus transfers are offered at significantly reduced rates, and that DDOT's maintenance operations are "highly inefficient (58% less efficient) as compared with similar bus transit systems;" and

H. The statements on page 51 that the cost to the City to process payroll is $62 per check, more than 4 times the "general average of $15 per paycheck, and almost 3.5 times the average of $18 per paycheck for other public sector organizations."

## OBJECTIONS AND RESPONSE TO REQUEST NO. 98:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

99. Documents sufficient to establish the City's credit rating between January 1, 2005 and present.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 99:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

100.   All documents provided to and any communications with officials of the City or the City Council that relate to the preparation or drafting of and/or content contained in the Disclosure Statement or Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 100:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

101.   All documents provided to and any communications with the State that relate to the preparation or drafting of and/or content contained in the Disclosure Statement or Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 101:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

102.   All documents produced to other creditors or parties in interest, whether formally or informally, for purposes related to the Disclosure Statement or Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 102:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated:      May 6, 2014      Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Ambac Assurance Corporation's First Request for Documents to Debtor was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated:     May 6, 2014         /s/ Bruce Bennett
                                      Bruce Bennett