# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) |
| | ) |
| CITY OF DETROIT, MICHIGAN | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

Chapter 9

Case No.: 13-53846

Hon. Steven W. Rhodes

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO SYNCORA CAPITAL ASSURANCE INC. AND SYNCORA GUARANTEE INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to Syncora Capital Assurance Inc. and Syncora Guarantee Inc.'s First Request for the Production of Documents to the City of Detroit (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by Syncora Capital Assurance Inc. and Syncora Guarantee Inc. (the "Objectors"). The assertion of the

same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts.  *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any

third party.  Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.     The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue

burden and cost. By stating that it will produce or make available information

responsive to a particular Document Request, the City represents that it will

produce responsive, non-privileged information subject to reasonable limitations

on the scope of the search, review, and production of such information due to the

cost and burden of production.

9.     The City objects to each and every one of these Document Requests,

and the instructions and definitions therein, as unduly burdensome and oppressive

to the extent they purport to require the City to search facilities and inquire of its

officers, employees, representatives, attorneys, advisors and/or agents other than

those facilities and officers, employees, representatives, attorneys, advisors and/or

agents reasonably expected to have responsive, non-privilege documents.

Accordingly, the City's responses to these Document Requests are based upon (1)

a reasonable search, given the time permitted to respond to these Document

Requests, of facilities and files reasonably expected to possess responsive, non-

privilege documents and (2) inquiries of the City's officers, employees,

representatives, attorneys, advisors and/or agents who could reasonably be

expected to possess responsive, non-privilege documents. To that end, the City

will not produce documents from the City's attorneys – namely, Jones Day, Pepper

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request. To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13. The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14.     The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.     The City objects to the definition of "City," "you" and "your" insofar as they purport to include "the City of Detroit, Michigan, as well as any of its past or present divisions, such as, but without limitation, the Detroit Arts Commission, and departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, advisors, and all other persons acting or purporting to act on their behalf, including Kevyn D. Orr acting as Emergency Manager and any successors" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other

source that is more convenient, less burdensome, or less expensive. Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016. The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.     The City's general and specific objections are made based on its understanding and interpretation of each Document Request. The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language. The City reserves the right to object on any ground at any time

to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

1.     All inventories created in the past five years of the objects and works of art in the Collection.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

2.      All documents and communications relating to the conveyance of the DMA assets from the DMA to the City of Detroit in 1919, including, but not limited to, contracts, deeds, and other DMA records.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

3.      Provenance listings for every object and work of art in the Collection.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

4.      All documents and communications relating to any restrictions on the objects and works of art in the Collection, including, but not limited to, restrictions on exhibition, storage, conservation, deaccession, sale, exchange, or loan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

5.    Documents sufficient to identify any work of art in the Collection that was commissioned by the DIA Corp., the Founders Society, or the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

6.    All documents and communications relating to the deaccession, sale, exchange, auction, or disposal of any object or work of art held or owned by DIA Corp., the Founders Society, or the City, including, but not limited to, all documents and communications relating to any indications of interest in bidding on any pieces in the Collection if they were sold or offered for sale.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

7.    All communications that the City (including its advisors and investment bankers) had with any individuals, investors, art collectors, or corporations relating to the sale or purchase of the Collection or any pieces in the Collection.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

8.      All documents and communications provided to the Internal Revenue Service that relate to the deaccession, auction, sale, exchange, loan, or other disposition of any object or work of art by DIA Corp., the Founders Society, or the City, including, but not limited to, any IRS Forms 8282.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, and refers Objectors to the documents the DIA Corp. has agreed to produce and/or make available for inspection and copying.

9.      All documents, communications, and notifications sent to any donor or settlor that relate to the deaccession, sale, auction, exchange, or disposal of any of the objects or works of art by DIA Corp., the Founders Society, or the City.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, and refers Objectors to the documents the DIA Corp. has agreed to produce and/or make available for inspection and copying.

10. All documents, communications, and notifications sent to or received from the Attorney General that relate to the deaccession, sale, auction, exchange, or disposal of any object or work of art by DIA Corp., the Founders Society, or the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

11. The 1997 Operating Agreement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

12. The Collections Management Policy.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, and refers Objectors to the documents the DIA Corp. has

agreed to produce and/or make available for inspection and copying, including the

Collections Management Policy.

13. All documents and communications relating to the procedures of the City, the Founders Society, or DIA Corp. for accepting or rejecting restricted donations, gifts, and bequests of works of art or funds.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it, and refers Objectors to the documents the DIA Corp. has

agreed to produce and/or make available for inspection and copying.

14. All documents and communications relating to the procedures for the deaccession, auction, exchange, sale, loan, or other disposition of any object or work of art held or owned by DIA Corp., the Founders Society, or the City that is subject to restrictions on deaccession, auction, exchange, sale, loan, or other form of alienation.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it, and refers Objectors to the documents the DIA Corp. has

agreed to produce and/or make available for inspection and copying.

15. Documents sufficient to show the attendance at DIA Corp. on a yearly and monthly basis.

**<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:</u>**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

16. Documents sufficient to show the attendance at special exhibits or demonstrations held by DIA Corp.

**<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:</u>**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

17. Documents sufficient to show all past and present members of DIA Corp.

**<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:</u>**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

18. All visitor surveys, participation surveys, audience surveys, population surveys, or visit surveys relating to DIA Corp.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, and refers Objectors to the documents the DIA Corp. has agreed to produce and/or make available for inspection and copying.

19. All documents relating to the Christie's valuation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

20. All external and internal communications relating to the Christie's Valuation, including, but not limited to, communications with Christie's, DIA Corp., the Foundations, or the Attorney General.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

21.    All past and current insurance policies that relate to the Collection, including, but not limited to, all insurance policies obtained by DIA Corp. pursuant to sections F(15)(a) and (b) of the 1997 Operating Agreement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

22.    Documents sufficient to identify any object or work of art in the Collection that has been appraised or valued for $1 million or more.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, and refers Objectors to the documents the DIA Corp. has agreed to produce and/or make available for inspection and copying.

23.    Any and all valuations or appraisals of any object or work of art in the Collection.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it, and refers Objectors to the documents the DIA Corp. has agreed to produce and/or make available for inspection and copying.

24. All documents and communications relating to Attorney General Opinion No. 7272.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

25. All documents and communications relating to the Plan GRS Settlement, as that term is defined in the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

26. All documents and communications relating to the Plan PFRS Settlement, as that term is defined in the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

27. All documents and communications relating to the registration of any object or work of art in the Collection, or any object or work of art previously owned or held by DIA Corp., the City, or the Founders Society, as a charitable trust.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

28. Any and all petitions or other court filings that relate to the deaccession, sale, auction, exchange, loan or other disposition of any object or work of art in the Collection or that was previously owned or held by DIA Corp., the City, or the Founders Society.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

29. All governing documents that relate to the DIA Settlement, including, but not limited to, those documents that will be attached to the Plan as Exhibit I.A.71.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

30.    All communications relating to the DIA Settlement, including, but not limited to, all communications with the Foundations, the DGRS, the DPFRS, the State, DIA Corp., or the Community Foundation for Southeast Michigan relating to the DIA Settlement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

31.    All documents and communications that relate to the transfer of the Collection to DIA Corp. pursuant to the DIA Settlement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

32.    All documents and communications that relate to any alternative efforts to realize any value for the "DIA Assets," as defined by the Plan, or the Collection, aside from the DIA Settlement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

33. All documents and communications relating to DIA Corp.'s role in the revitalization of midtown Detroit.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

34. All documents relating to each judgment against the City under the Revised Judicature Act (MCL 600.93).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

35. All documents relating to each judgment paid by the City under the Revised Judicature Act (MCL 600.93).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

36.    All documents relating to any prior or potential sales of the City's assets in excess of $1 million including, but not limited to, Belle Isle, the Detroit-Windsor Tunnel, the Veterans' Memorial Building, any City parking facilities, and Coleman Young Airport.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

37.    All documents relating to or containing any analysis conducted by the City regarding the consequences of not filing for bankruptcy.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

38.    All documents created between January 1, 2013 and the present containing calculations or analysis regarding the City's future income tax revenues, including, but not limited to, the assumptions underlying any such calculations or analysis (*i.e.*, population growth in the City, employment and property ownership in the City, and income rates in the City).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

39.    All documents created between January 1, 2013 and the present relating to the effects of raising taxes, assessments, or fees on the City and/or its residents.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

40.    All documents created between January 1, 2013 and the present relating to the relative tax burden in the City compared to surrounding areas.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

41. All documents relating to any analysis of the City's creditors' recoveries outside of chapter 9.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

42. All documents relating to the City's $1.5 billion reinvestment initiative, including, but not limited to, the specific initiatives that make up the $1.5 billion reinvestment initiative, the steps the City has taken to implement any of its restructuring and revitalization initiatives, the steps that the City intends to take to implement its restructuring and revitalization efforts, all financial projections and assumptions related to the reinvestment initiatives, and the City's analyses regarding the revenue generated by the reinvestment initiatives.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

43. All documents and communications relating to any partnerships between the City and private organizations regarding the City's proposed restructuring and revitalization efforts.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

44.    All prior drafts of the City's 10-year projections, attached as Exhibit J to the City's Disclosure Statement [Doc. No. 2709].

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:

The City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. Subject to and without waiving that objection and the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

45.    Documents sufficient to show all of the assumptions in the City's 10-year projections, attached as Exhibit J to the City's Disclosure Statement [Doc. No. 2709], and the basis for each of these assumptions.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:

The City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. Subject to and without waiving that objection and the general objections noted above, the City responds that it will

produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

46. All documents and communications relating to the City's claim that the DGRS and DPFRS understated their UAAL.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

47. All analyses regarding the size of the OPEB Claim, as that term is defined in the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

48. All analyses regarding the vesting of OPEB Benefits, as that term is defined in the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

49.     All documents, communications, and data exchanged with Milliman in 2013.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

50.     All actuarial reports as of the last valuation date for each of the City's pension plans.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

51.     All Certified Audited Financial Reports.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Subject to and without waiving the general objections noted above, the City refers Objectors to the City's website where its budgets may be found, and specifically to the following web address:

http://www.detroitmi.gov/Departments/Finance/tabid/86/Default.aspx.

52. All of the documents governing each of the City's pension plans, including, but not limited to, any amendments or statutes governing each of the City's pension plans.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

53. The most recent experience study relating to the City's pension plans.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

54. Any plan design studies, including reports, letters, and presentations, that relate to the City's pension plans that were conducted between January 1, 2008 and the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

55.   All of the currently operative employee handbooks and summaries relating to each of the City's pension plans.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

56.   All actuarial data for the following categories of individuals:

a.   Active Participants (*i.e.*, those still accruing benefits).  Actuarial data should include the following:

i.   Name

ii.   Social Security Number

iii.   Code identifying benefit structure applicable to participant

iv.   Date of birth

v.   Date of hire

vi.   Date of participation

vii.   Gender

viii.   Benefit service

ix.    Vesting service

x.    Ten-year compensation history for active participants

xi.    Accrued benefits

xii.    Employee contribution account balance

xiii.    Employee contribution rate

b.    Termination Vested Participants and Active Participants with Frozen Benefits. Actuarial data should include the following:

i.    Name

ii.    Social Security Number

iii.    Code identifying benefit structure applicable to participant

iv.    Date of birth

v.    Date of hire

vi.    Date of participation

vii.    Date of termination

viii.    Gender

ix.    Accrued benefits

x.    Vesting service

xi.    Employee contribution account balance

c.    Retirees and Disabled Participants. Actuarial data should include the following:

i.    Name

ii.    Social Security Number

iii.    Code identifying benefit structure applicable to participant

iv.     Date of birth

v.      Gender

vi.     Form of benefit

vii.    Beneficiary date of birth (if form provides survivorship benefits)

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

57.     For each plan's actuarial assumptions, all documents relating to (a) the annual salary increase assumption by age; (b) the probabilities of retirement by age for each benefit class; (c) the turnover rates by age, sex, and benefit class; and (d) disability rates by age.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 57:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

58.     The value of any deferred retirement option plans ("DROP") account balances.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

59.    All documents and communications relating to the City's analysis and estimate of recoveries for COPs under the Plan of Adjustment, including, but not limited to, the City's analyses and underlying assumptions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

60.    All documents and communications relating to any claims that the Service Corporations have against the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

61.    Documents sufficient to show all of the operational improvements that the City intends to implement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

62.     All communications between the Service Corporations and the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

63.     All documents created between January 1, 2005 and the present relating to the City's revenue-sharing arrangements with the State of Michigan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

64.     All communications between the City and the State of Michigan regarding State-funding, -taxation, or -revenue-sharing for the time period January 1, 2005 to the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

65. All documents relating to funding received by the City from the State of Michigan for any purpose from the time period January 1, 2005 to the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

66. All documents and communications relating to any federal, state, or private money that the City of Detroit either (a) has received since January 1, 2010 or (b) expects to receive.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

67. All City budgets from 2008 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

Subject to and without waiving the general objections noted above, the City refers Objectors to the City's website where its budgets may be found, and specifically to the following web addresses:

(1) http://www.detroitmi.gov/DepartmentsandAgencies/BudgetDepartment/ Archive.aspx; and (2)

http://www.detroitmi.gov/Departments/BudgetDepartment/tabid/75/Default.aspx.

68.     All City financial statements from 2008 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

Subject to and without waiving the general objections noted above, the City refers Objectors to the City's website where its budgets may be found, and specifically to the following web address:

http://www.detroitmi.gov/Departments/Finance/tabid/86/Default.aspx.

69.     All documents, minutes, communications, testimony, presentations, or other records that relate to the DPFRS's or the DGRS's decision to support the COPs transactions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 69:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

70.     All documents, facts, information, and data that the City's expert witnesses consider or rely upon.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 70:**

Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure.

71. For every revenue line item in Exhibit H to the Disclosure Statement, provide the following documents or data:

a.   In Microsoft Excel format, comparable data for every fiscal year from 1980 through 2007;

b.   Documents sufficient to show the related tax rates, as applicable, from 1980 to 2013;

c.   Documents sufficient to show forecasted tax rates, as applicable, through 2017, and all assumptions and computations upon which those forecasted tax rates were based;

d.   Documents sufficient to show all changes in any tax provision or computational element that influenced revenue (*e.g*, assessed property values) from 1980 through 2013;

e.   Documents sufficient to show all forecasted changes in any tax provision or computational element that would influence revenue through 2017, and the effective date of each such change;

f.   Documents sufficient to show the forecasted revenue impact of any forecasted changes in any tax provision or computational element, broken down by each year through 2017, and all assumptions and computations upon which those forecasted revenue impacts were based;

g.   Documents sufficient to identify any variables that were assumed when determining revenue, and, for each such variable, documents sufficient to identify (a) their historical and

forecasted values from 1980 to 2017 and (b) the sources of those historical and forecasted values;

h.      All documents relating to the methodology by which the revenues were calculated or forecast;

i.      If an econometric, regression, or other statistical model was used to derive any forecasts from 1980 to the present, documents sufficient to show (i) the related regression or other equations; (ii) definitions of each explanatory and dependent variable in those equations; (iii) the historical values of those variables over the time periods studied; (iv) the sources of those historical values; (v) the forecasted values of those variables; (vi) the sources of those forecast values; and (vii) all output describing the performance of the equations or models in question.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 71:

The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad insofar as it seeks documents for a time period or subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

72.      For the time period 1980 to the present, documents sufficient to show (a) the number of taxpayers who complied with their City income tax obligations and (b) the number of taxpayers who did not comply with their City income tax obligations.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 72:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

73.     For the time period 1980 to the present, documents sufficient to show (a) the number of taxpayers who complied with their City property tax obligations and (b) the number of taxpayers who did not comply with their City property tax obligations.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 73:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

74.     For the time period 1980 to the present, documents sufficient to show (a) the total payments due based on the City's income tax and (b) the total payments due but uncollected based on the City's income tax.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 74:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

75.     For the time period 1980 to the present, documents sufficient to show (a) the total payments due based on the City's property tax and (b) the total payments due but uncollected based on the City's property tax.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 75:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

76.     For the City's property tax revenue, documents sufficient to show (a) the current and forecasted aggregate taxable values; (b) the current and forecasted aggregate market value; and (c) the aggregate taxable-to-market ratios.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 76:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

77.     For the City's property tax revenue, a current property tax roll in Microsoft Excel format indicating, on a parcel-by-parcel basis, (a) estimated market value; (b) taxable value; (c) total millage rate; and (d) total annual assessment.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 77:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

78.   Documents sufficient to show the City's methodology for determining the forecasted revenue from state revenue sharing for the years 2013 to 2017.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 78:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

79.   All documents and communications relating to and supporting the City's forecasted revenue from state revenue sharing.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 79:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

80.   All revenue forecasts prepared by the City, Ernst & Young, or any other City consultant or advisor from January 1, 2009 to the present and the following information for each forecast:

      a.   All documents and communications relating to each revenue forecast;

      b.   Documents sufficient to show the issue date of each forecast;

      c.   Documents sufficient to show the author or authors of each forecast; and

      d.   Documents sufficient to show the purpose for each forecast.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 80:

The City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. Subject to and without waiving that objection and the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated:     May 6, 2014     Respectfully submitted,

        /s/  Bruce Bennett
        Bruce Bennett (CA 105430)
        JONES DAY
        555 South Flower Street
        Fiftieth Floor
        Los Angeles, California  90071
        Telephone:  (213) 243-2382
        Facsimile:  (213) 243-2539
        bbennett@jonesday.com

        David G. Heiman (OH 0038271)
        Heather Lennox (OH 0059649)
        JONES DAY
        North Point
        901 Lakeside Avenue
        Cleveland, Ohio  44114
        Telephone:  (216) 586-3939
        Facsimile:  (216) 579-0212
        dgheiman@jonesday.com
        hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Syncora Capital Assurance Inc. and Syncora Guarantee Inc.'s First Request for the Production of Documents to the City of Detroit was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated:     May 6, 2014        /s/  Bruce Bennett_____
                                       Bruce Bennett