## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## (DETROIT)

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) **Case No.: 13-53846** |
| **CITY OF DETROIT,** | ) |
| | ) **CHAPTER 9** |
| **MICHIGAN,** | ) |
| | ) **Hon. Steven W. Rhodes** |
| Debtor. | ) |
| | ) |

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO WATER AND SEWER TRUSTEE AND AD HOC BONDHOLDER COMMITTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to the Water and Sewer Trustee and Ad Hoc Bondholder Committee's First Request for Production of Documents to Debtor (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by the Water and Sewer Trustee and Ad Hoc Bondholder Committee (the "Objectors"). The assertion of

the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any

third party.  Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.    The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents. To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.  To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13. The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14.     The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.     The City objects to the definition of "City" insofar as it purports to include the City of Detroit, Michigan, and its officers, employees, representatives, attorneys, advisors and/or agents because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly

available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.     The City's general and specific objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations

or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20. The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21. Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

**8.** Documents showing DWSD's financial results for Fiscal Years 2009 through 2013 and year-to-date for Fiscal Year 2014, including, but not limited to:[1]

    a) Historical statements of cash flows;

    b) Balance sheets (actual);

    c) Notes to the historical financial statements;

    d) Auditors' reports on the historical financial statements;

    e) Documents showing historical volumetric use, revenue and rate tariff by customer rate class and service/geographic area;

---

[1] The Document Requests omit numbers 1-7 and begin at Document Request 8.

f)     All disbursements made from the gross revenues of each System for administration, operation, maintenance, and Capital Expenditures;

g)     Any disbursements from the gross revenues of each System which were not used for the administration, operation, maintenance, or Capital Expenditures of such System;

h)     To the extent not provided in response to the requests above, Documents showing historical financial results related to pension expense; labor expense by category; operating expenses by category (i.e. power, chemicals, etc.); disbursements from DWSD to other City Departments, to the City's General Fund, or to any retirement plan for City employees; costs for employee healthcare, insurance and other benefits; costs for pension and other postemployment benefits; employee headcount; bad debt expense by customer rate class and/or wholesale customer; days sales outstanding; accounts receivable aging; and refinancing and future financing; and

i)     Documents relating to cash flows to and from DWSD and any other City Department or the City's General Fund.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**9.**     Documents showing DWSD and GLWA's financial projections for Fiscal Years 2014 through 2023. This request includes, but is not limited to:

a)     Projected statements of income and cash flow and back-up documentation showing the supporting bases for such projections;

b)     Notes to the projected financial statements;

c)     Projected volumetric use, revenue and rate tariff by customer rate class and service/geographic area and back-up documentation showing the supporting bases for such projections;

d) Documents showing any other projected sources of revenue and back-up information sufficient to show the bases for such projections;

e) Any disbursements from the gross revenues of each System which will be made for administration, operation, maintenance, and Capital Expenditures;

f) Any disbursements from the gross revenues of each System which will not be used for the operation, maintenance, or Capital Expenditures of such System;

g) To the extent not provided in response to the requests above, Documents sufficient to show projections related to pension expense; labor expense by category; operating expenses by category (i.e. power, chemicals, etc.); disbursements from DWSD to other City Departments, to the City's General Fund, or to any retirement plan for City employees; costs for employee healthcare, insurance and other benefits; costs for pension and other postemployment benefits; employee headcount; bad debt expense by customer rate class and/or wholesale customer; days sales outstanding; accounts receivable aging; and refinancing and future financing; and

h) Documents relating to projected cash flows to and from DWSD and any other City Department or the City's General Fund.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the

City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**10.** The most recent cost of services study done for the City regarding each of the Systems.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**11.** Documents showing the average and median bills by customer rate class, including customer rate classes in the surrounding counties and cities.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**12.** Documents reflecting any study, assessment, estimate or opinion regarding historical or future System rates, Capital Expenditures, volumes by customer rate class and service/geographic location, and/or operating expenses.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**13.** All work done by DWSD's rate consultant in conjunction with DWSD's Root Cause Committee's Final Report, dated as of March 13, 2013, and referenced on page 4 of that report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**14.** Documents that refer to the prospect of any wholesale or retail customers or groups of customers discontinuing use of the Systems and leading to a Material decrease in gross revenue.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**15.** Documents evincing the number of customer accounts by customer rate class for Fiscal Years 2009 through 2013 and projections for Fiscal Years 2014 through 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**16.** Documents evincing the City and/or DWSD's historical and current process of billing and collecting for each System.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**17.** Documents evincing any valuation, assessment, opinion or estimate of the capacity or condition of either System, the Systems together, and/or facilities of each System, including, but not limited to, individual treatment plants, pumping stations, storage tanks, sewer overflow retention basis, and buried infrastructure.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**18.** Any and all opinions, assessments, studies or reports reflecting current and projected optimal employee headcounts for DWSD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**19.** Documents cataloging System Assets, and any valuation, assessment, estimate or appraisals for either System, the Systems together, and/or facilities of each System, including, but not limited to, individual treatment plants, pumping stations, storage tanks, seven overflow retention basis and buried infrastructure.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**20.** Documents evincing the calculation and allocation of all pension, other postemployment benefits, and any Certificates of Participation-related payments assessed against the Systems historically and that are projected through any projection period under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**21.** Documents that reflect the estimated or actual current market value of GRS assets.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**22.** Documents that reflect any update to June 30, 2013 (or beyond) of the actuarial valuations performed by Gabriel Roeder for the GRS as of June 30, 2012, based on or using the methods, assumptions, and procedures used by Gabriel Roeder.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**23.** Documents that reflect the calculation of the GRS's OPEB Claims (as defined in the Plan) as reflected in the Disclosure Statement and the Plan, including, without limitation, the underlying assumptions and methods used in the calculations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**24.** Documents that reflect the total amount of the GRS's OPEB Claims paid or projected to be paid from the Petition Date to the Effective Date (as defined in the Plan).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**25.** Documents evincing amounts held in the Operation and Maintenance Funds and the Construction Funds for the Systems.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**26.** Documents evincing any accounts of the Systems not controlled by the Trustee and the balances in such accounts, reflecting the cash in and out of the accounts, from Fiscal Year 2013 and year-to-date for Fiscal Year 2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**27.** Documents detailing any anticipated Material Capital Expenditures to be funded after Fiscal Year 2024.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**28.** Documents reflecting any opinion, assessment, estimate or study which has assessed the Capital Expenditure needs of the Systems that are more current than DWSD's 10-year CIP (Capital Improvement Program) dated September 24, 2013.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**29.**    Documents describing or evincing any DWSD hardship exemptions with the Environmental Protection Agency and/or the Michigan Department of Environmental Quality.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**30.**    Documents supporting financial capability analysis to establish DWSD hardship exemptions provided to or received from the Environmental Protection Agency and/or the Michigan Department of Environmental Quality.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**31.** Documents reflecting the Material operating expenses and Capital Expenditures to be incurred both with and without DWSD hardship exemptions with the Environmental Protection Agency and/or the Michigan Department of Environmental Quality.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**32.** Documents evincing or referring to "feather-bedding" within DWSD, and any and all opinions, assessments, studies or reports reflecting any proposed solutions to such issues.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**33.** Documents evincing all communications between or among the City, DWSD, union or other labor representatives for employees of DWSD, and any other parties regarding a potential disposition or "monetization" of the Systems.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or

financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**34.** Documents reflecting any severance pay policies for DWSD employees.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**35.** Documents evincing all rate-setting agreements and negotiations regarding the same with all municipal counterparties, including, but not limited to, Clinton County, Macomb County, Oakland County, and Wayne County.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or

financing, as neither of them is currently contemplated by the Plan or Disclosure

Statement. Accordingly, the request is not reasonably calculated to lead to the

discovery of admissible evidence. On the basis of this objection, the City will not

produce documents related to the GLWA or DWSD Transaction. However,

subject to and without waiving this objection, and its general objections above, the

City responds that it will produce non-privileged documents in its possession,

custody, or control, to the extent they exist, that are reasonably responsive to this

request, as the City understands it.

**36.** Documents relating to the prospect of forming or plan to form any regional authority or private enterprise to operate, manage, and/or own the Systems.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:

The City objects to this document request as overbroad insofar as it seeks

documents relating to the GLWA or the DWSD Transaction, or related bonds or

financing, as neither of them is currently contemplated by the Plan or Disclosure

Statement. Accordingly, the request is not reasonably calculated to lead to the

discovery of admissible evidence. On the basis of this objection, the City will not

produce documents related to the GLWA or DWSD Transaction. However, subject

to and without waiving this objection, and its general objections above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**37.**     Documents evincing all rate-setting agreements and negotiations regarding the same with all municipal counterparties, including, but not limited to, Clinton County, Macomb County, Oakland County, and Wayne County.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and  its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**38.**     Documents evincing negotiations, agreements or understandings with any municipal counterparties, including, without limitation, Clinton County, Macomb County, Oakland County, Wayne County, and any other County or entity (public or private) regarding disposition or "monetization" of the Systems or altering rates chargeable by the Systems.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and  its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**39.**    Documents containing any opinion, assessment, report or analysis of the City's or DWSD's ability to reject or unilaterally modify, on a non-consensual basis, any of the agreements with the municipal counterparties.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject

to and without waiving this objection, and its general objections above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**40.** Documents referring to any alternatives the municipal counterparties
have to DWSD's water and/or sewer services.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:

The City objects to this document request as overbroad insofar as it seeks

documents relating to the GLWA or the DWSD Transaction, or related bonds or

financing, as neither of them is currently contemplated by the Plan or Disclosure

Statement. Accordingly, the request is not reasonably calculated to lead to the

discovery of admissible evidence. On the basis of this objection, the City will not

produce documents related to the GLWA or DWSD Transaction. However, subject

to and without waiving this objection, and its general objections above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**41.** Documents sent to, received by, or made available for inspection by
parties participating in the Request for Information for Potential Operators of
Detroit Water and Sewage Disposal Systems for Detroit Water and Sewerage
Department ("DWSD"), issued by The City of Detroit and Kevyn D. Orr,
Emergency Manager, requesting initial responses by April 7, 2014, including, but
not limited to, any confidential information memoranda provided to such parties.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:

The City objects to this document request to the extent it requires the
production of documents containing commercially sensitive information, and it
will not produce such documents.   However, subject to and without waiving this
objection, and its general objections above, the City responds that it will produce
non-privileged documents in its possession, custody, or control, to the extent they
exist, that are reasonably responsive to this request, as the City understands it.

**42.**    A listing of the professional, consulting, advisory or other related fees
and expenses of professionals engaged by the City to be charged to either System
in connection with the City's chapter 9 bankruptcy or any transfer of either System
contemplated in the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:

Subject to and without waiving the general objections noted above, the City
responds that it will produce non-privileged documents in its possession, custody,
or control, to the extent they exist, that are reasonably responsive to this request, as
the City understands it.

**43.**    Reports, whether generated internally or by outside consultants,
regarding the appropriate interest rate and comparables utilized in creating the
Interest Rate Reset Chart, attached as Exhibit I.A.159 to the City's proposed Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:

Subject to and without waiving the general objections noted above, the City
responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**44.** The following exhibits (or current versions thereof) to the Plan:

    a)    Form of New DWSD Bond Documents,

    b)    Form of New Existing Rate DWSD Bond Documents,

    c)    Form of New Existing Rate GLWA Bond Documents,

    d)    Form of New GLWA Bond Documents, and

    e)    Form of New GLWA Revolving Bond Documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**45.** Documents relating to the procurement of municipal bond insurance for any new bonds to be issued under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**46.** Documents relating to the procurement of public ratings for any new bonds to be issued under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**47.** Documents that reflect the proposed governance structure of the GLWA.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4**7:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**48.**    Documents that reflect whether DWSD or GLWA will be a "stand-alone" enterprise with or without a DWSD Transaction, such that all administrative functions, such as human resources, information technology, and legal services, will be performed exclusively within the enterprise.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction.  However, subject to and without waiving this objection, and  its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**49.**    All Documents that the City intends to or may use as exhibits or evidence or for any purpose at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:

Subject to and without waiving the general objections noted above, the City responds that it will provide the requested information in accordance with the Final Pretrial Order.

**50.** All Documents that the City has provided or intends to provide to any witness that it intends to call to testify at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:

Subject to and without waiving the general objections noted above, the City responds that experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure. With respect to fact witnesses, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**51.** The biography, education and work history, or *curriculum vitae* of any person the City intends to call as a fact witness at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**52.** The most current resume or *curriculum vitae* for each person the City intends to call to testify as a potential expert witness at the Confirmation Hearing

or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Disclosure Statement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Subject to and without waiving the general objections noted above, the City responds that experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure.

**53.** All Documents, including reports, models, or data compilations, which have been provided to, reviewed by, or prepared by or for any expert witnesses for purposes related to the Disclosure Statement or the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Subject to and without waiving the general objections noted above, the City responds that experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure.

**54.** The current organizational chart for DWSD and any proposed changes to occur on or after the Effective Date (as defined in the Plan).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**55.** Documents sent to, received by, or made available for inspection by parties participating in the Request for Proposal for Underwriting Services, issued by The Michigan Department of Treasury and the Michigan Finance Authority (on behalf of the City of Detroit and the Detroit Water and Sewerage Department), dated as of March 12, 2014.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**56.** Documents reviewed, identified, or relied upon in answering any interrogatories sent by holders of bonds issued by the DWSD or municipal bond insurers insuring bonds issued by the DWSD.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated:     May 6, 2014     Respectfully submitted,

/s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Water and Sewer Trustee and Ad Hoc Bondholder Committee's First Request for Production of Documents to Debtor was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated:        May 6, 2014                    /s/  Bruce Bennett
                                             Bruce Bennett

WAI-3171581v3