# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **CITY OF DETROIT,** | ) | **Case No.: 13-53846** |
| **MICHIGAN,** | ) | |
| | ) | **CHAPTER 9** |
| | ) | |
| **Debtor.** | ) | **Hon. Steven W. Rhodes** |
| | ) | |
| | ) | |
| | ) | |

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO OFFICIAL COMMITTEE OF RETIREES' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit (the "City") hereby submits the following objections and responses to Official Committee of Retirees' First Set of Requests to the Debtor for the Production of Documents (the "Document Requests").

### GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by Official Committee of Retirees' (the "Objector"). The assertion of the same, similar, or additional

objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts.  *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any

third party.  Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.     The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents.  To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request. To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13.     The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14.     The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.     The City objects to the definition of "City," "you" and "your" insofar as they purport to include the City, and, as applicable, its officers, employees, representatives, attorneys, advisors and/or agents because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly

8

available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.    The City's general and specific objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.    By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations

or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

1.     All documents explaining, discussing or describing the rate of return, discount rate or other assumptions, "as of" date and method of calculation used to calculate the aggregate allowance amounts for the PFRS Pension Claims, the GRS Pension Claims and the OPEB Claims, as indicated on pages 32-35 of the Amended Plan.

**<u>OBJECTIONS AND RESPONSE TO REQUEST NO. 1:</u>**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

2.     All documents explaining, discussing or describing the reasons for the City's selection of 6.5% and 6.25% as the maximum assumed rate of investment return and discount rate for purposes of determining the assets and liabilities of the GRS and PFRS, respectively, during the period that ends on June 30, 2023, as referred to in Sections II.B.3.t.ii.B and II.B.3.u.ii.B of the Amended Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 2:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

3.     All documents explaining, discussing or describing the calculation, derivation and/or rationale for the contributions and/or payments to be made by or from the DIA Proceeds, the DWSB, the State Contribution Agreement, and/or the City, as referred to in Section II.B.3.t.ii.A and Section II.B.3.u.ii.A of the Amended Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 3:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

4.     With respect to the payments and/or contributions from the DIA Proceeds, the DWSB, the State Contribution Agreement and/or the City, all documents explaining, discussing or describing: (a) the payment schedule, including timing and amounts of each specific contribution, and/or (b) the obligations of those parties to make those payments or contributions.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 4:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

5.      All documents explaining, discussing or describing the DWSD's full
allocable share of the UAAL and plan assets of the GRS as of June 30, 2013, and
any date subsequent thereto. For each such date, produce all documents explaining,
discussing or describing: (a) the rate of return or valuation used to calculate such
UAAL and GRS plan assets, (b) the DWSD's full allocable share thereof, and (c)
other assumptions utilized in the calculations.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 5:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

6.      All documents explaining, discussing or describing the assumption
that "DWSD will accelerate, or prefund, the majority of its full allocable share of
the GRS UAAL ..." as set forth at page 11 of the Amended Disclosure Statement
with respect to the Amended Plan, including all documents: (a) discussing or
analyzing the legality of such prefunding or acceleration, and/or (b) that set forth
the specifics of prefunding including the timing and amount of each payment to be
made.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 6:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

7.     All documents explaining, discussing or describing for each of the GRS and PFRS, respectively, the amounts or estimated amounts as of June 30, 2013, or any date thereafter, of: (a) total accrued pension liabilities, (b) pension fund balances, (c) unfunded accrued pension liabilities, (d) actuarial accrued liabilities, (e) accrued assets, (f) UAAL and/or (g) the market value of assets in the GRS and PFRS.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

8.     All documents explaining, discussing or describing additional payments that might be made to certain retirees "who are most in need" as referenced on page 15 of the Amended Disclosure Statement, including documents explaining, discussing or describing: (a) the criteria for determining whether a person is eligible to receive such additional payment, (b) the amounts of the State PFRS Consideration and State GRS Consideration, as applicable, that are expected to be allocable to such additional payments, (c) how the City will determine what additional payments will be paid in individual cases, (d) the timing and amounts of such payments, and (e) whether such additional payments are only available to retirees who vote to accept the Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

9.     The DIA Settlement Documents, as referred to in Section I.A.79 of
the Amended Plan and all documents reflecting, discussing or analyzing the
amount of consideration to be paid in connection with the DIA Settlement (as such
term is defined in Section I.A.79 of the Amended Plan).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

10.     All documents explaining, discussing or describing the effect on
payments to holders of GRS Pension Claims and PFRS Pension Claims if any one
or more of the DIA Settlement or the State Contribution Agreement is not
consummated, including the specific reductions in claim payment amounts
resulting therefrom.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

11.    All documents constituting, evidencing or reflecting communications between the City and any actual or potential witness concerning the actual or potential treatment of GRS Claims, PFRS Claims and/or OPEB Claims under the Amended Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

12.    All documents showing, reflecting or analyzing the reduction in payments to holders of GRS Pension Claims and PFRS Pension Claims as a result of the elimination of the cost of living adjustment that will be implemented under the Amended Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

13.    All consultant reports regarding City operations, remediation, restoration and redevelopment.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 13:**

The City objects to this document request as overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence.

Specifically, the City objects to this document request as overbroad insofar as it

seeks documents for a time period or subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it."

14. All contracts for outsourcing of City services and operations, cost of outsourcing and analysis of cost savings

**OBJECTIONS AND RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

15. All documents discussing or explaining the methodology by which (a) excess allocations to Annuity Savings Fund Accounts will be applied to reduce Annuity Savings Fund Accounts or Current Accrued Annual Pensions amounts, (b) GRS Adjusted Pension Amounts will be increased to take into account such reductions, as referred to in Section II.B.3.u.ii.D of the Amended Plan, and/or (c) details on a retiree-by-retiree basis on the application of the formula.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

16.     All documents discussing or explaining how the amount of any GRS or PFRS Restoration Payment is to be determined, and any parameters or guidelines that the trustees of the GRS or PFRS, as applicable, may or will be required to follow in setting the size of any such Payments.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 16:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

17.     All documents discussing or referring to any assumed rate of investment return or discount rate that the City plans to use, or anticipates or contemplates using, for purposes of determining the assets and liabilities of the GRS and PFRS, respectively, at any time after June 30, 2023.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 17:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

18.     With respect to the ten-year financial projections included in Exhibit J to the Amended Disclosure Statement, produce all documents constituting, setting forth, discussing, or underlying: (a) all drafts of the projections, (b) the City's projections or estimates for population, assessed property values, or any other demographics underlying the revenue projections, (c) the City's projections or estimates for expenditures, including assumptions for work force, salaries, benefits,

materials and supplies, utilities, purchased services, and other operating expenses, (d) the formulation or derivation of the "Contingency" line items, (e) any cash balance in the City's General Fund in the projections, (e) the City's projections or estimates for revenues, (f) projections for revenues attributable to department revenue initiatives pertaining to "Reinvestment in the City," (g) the City's projections or estimates for capital expenditures or capital investments pertaining to "Reinvestment in the City," (h) the City's projections or estimates for additional operating expenditures (apart from expenditures relating to capital expenditures or investments and blight) pertaining to "Reinvestment in the City," (i) the City's projections or estimates for capital expenditures or capital investments, other than such expenditures as pertain to "Reinvestment in the City," and (j) documents and work papers prepared or used in connection with Exhibit J to the Amended Disclosure Statement and all drafts of such projections.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 18:

The City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. Subject to that objection and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

19.    All documents and work papers prepared or used in connection with the ten-year summary of restructuring initiatives and associated projections included in Exhibit I to the Amended Disclosure Statement, including all drafts of such summary and projections, and all documents discussing analyzing or underlying such summary and projections, and all consultant reports prepared in connection with any restructuring initiative.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 19:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

20.    All documents setting forth, discussing or analyzing: (a) the
reinvestment initiatives referred to in Section IX of the Amended Disclosure
Statement, (b) the plan for implementation for each such initiative, and the
estimated or projected costs of each such initiative, and (c) how each of the
reinvestment initiatives referred to in Section IX of the Amended Disclosure
Statement will generate additional revenues or result in additional savings for the
City, and the projected or estimated timetable for the realization of any such
additional revenues or savings.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 20:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

21.    All documents setting forth, discussing or analyzing the revenue
adjustment and tax reforms referred to in Section X of the Amended Disclosure
Statement, the plan for implementation for each such adjustment or reform and the
estimated or projected increase in revenue resulting from each such adjustment or
reform.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 21:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

22.    All documents constituting, setting forth or discussing the financial debt capacity (including capacity to incur debt to cover pension and OPEB underfunding) and/or legal debt capacity of the City subsequent to any plan confirmation.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 22:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

23.    All documents constituting, setting forth or discussing any communications with any financial institution regarding the debt capacity of the City or any exit financing, DIP financing or any other post-petition financing arrangement, and all documents, including but not limited to terms sheets, provided to, or received from, any such institution in connection with any such communication.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 23:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

24.    All documents setting forth, discussing or analyzing: (a) any third party funding (other than debt funding) in excess of $5 million in the aggregate under a single program or from a single source actually or potentially available to the City, including but not limited to state, federal or private grants, aid or

contributions, (b) all such funding that has been applied for or received by the City, and (c) all such funding that the City plans to apply for in the future.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 24:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

25.    All documents explaining, discussing or describing: (a) the "DWSD Transaction" (as defined in Section I.A.118 of the Amended Plan), (b) any actual or potential transaction involving formation of an "authority" as described in M.C.L. § 124.282, (c) the deferred capital expenditures of DWSD, including all such expenditures encompassed in the discussion in Section VII.D.6 of the Amended Disclosure Statement, and (d) projected or contemplated rates, rate structure, and/or rate increases, for DWSD after the Effective Date of the Amended Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 25:**

The City objects to this document request as overbroad insofar as it seeks

documents relating to the GLWA or the DWSD Transaction, or related bonds or

financing, as neither of them is currently contemplated by the Plan or Disclosure

Statement.   Accordingly, the request is not reasonably calculated to lead to the

discovery of admissible evidence.  On the basis of this objection, the City will not

produce documents related to the GLWA or DWSD Transaction. However, subject

to and without waiving this objection, and its general objections above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

26.    All documents explaining, discussing, describing, showing or analyzing: (a) the transfer and amount of GRS pension assets associated with DWSD employees and retirees to another entity or the assumption of liabilities associated with such transfer in the event of the DWSD Transaction, and (b) the value to be paid to retirees on account of GRS Claims (as defined in the Amended Plan), including OPEB claims, in the event of a DWSD Transaction.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 26:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

27.    All correspondence with counties, other municipalities or private operators showing or reflecting the value or amount of assumed liabilities, DWSD assets, deferred capital expenditures, rates charged to DWSD customers, operating maintenance budget (whether individually or in the aggregate) in the DWSD Transaction.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 27:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject

to and without waiving this objection, and its general objections above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

28.　　All documents constituting, explaining or discussing unfiled Plan
Exhibits referred to in the Table of Exhibits to the Amended Plan, including but
not limited to: (a) Exhibit I.A.173 - Form of DWSD Bond Documents, (b) Exhibit
I.A.175 - Form of New Existing Rate DWSD Bond Documents, (c) Exhibit
I.A.177 - Form of New Existing Rate GLWA Bond Documents, (d) Exhibit
I.A.180 - Form of New GLWA Bond Documents relating to Exhibits, (e) Exhibit
II.B.3.u.ii.A. - Schedule of Payments and Sources of Payments for Modified GRS
Pension Benefits, (f) Exhibit II.B.3.t.ii.A, (g) drafts of all such exhibits, and (h) all
documents consulted or relied upon in the preparation of those exhibits.

### **OBJECTIONS AND RESPONSE TO REQUEST NO. 28:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

29.　　All actuarial data consulted, used, or referred to in preparation of the
Amended Plan and/or the exhibits thereto, or that underlie any actuarial
determinations incorporated within the Amended Plan.

### **OBJECTIONS AND RESPONSE TO REQUEST NO. 29:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

30.    All documents explaining, discussing or describing: (a) the actual participant valuation data consulted in calculating the OPEB liabilities referenced in Section VII.B.6 of the Amended Disclosure Statement, and (b) the mortality experience studies consulted, used, or referred to in calculating those OPEB liabilities.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 30:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

31.    All documents discussing or describing health care insurance policies, including but not limited to Medicare Advantage plans, that Debtor anticipates the Amended Plan's proposed Detroit VEBA would provide to Detroit VEBA Beneficiaries, their dependents, and future City retirees.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 31:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

32.    All documents describing, setting forth or analyzing the projected, estimated, or anticipated amount of Detroit VEBA administrative expenses, the basis and calculation of those expenses, and the intended source of funds to pay for such expenses.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 32:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

33.     All documents containing information supporting Milliman's June 30, 2012 OPEB Actuarial Valuation including but not limited to: (a) the retiree data file as of February 1, 2013; (b) the mortality experience studies used as the basis for the mortality assumption; and (c) the claims and enrollment data used in the development of the per capita claims costs.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 33:

The City objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the City objects to this document request as overbroad insofar as it seeks documents for a time period or subject matter that is not relevant to the objectors' claims or defenses, and is therefore not reasonably calculated to lead to the discovery of admissible evidence. The City also objects to this document request to the extent it requires the production of documents containing legal opinions, contentions that relate to fact or the application of law to fact, subject to mediation privilege, or personally identifiable confidential information.

Subject to and without waiving these specific objections or the general objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

34. The most recent OPEB data available for active, retired, and terminated vested participants (including opt-outs).

**OBJECTIONS AND RESPONSE TO REQUEST NO. 34:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

35. All documents explaining, discussing, describing, showing or analyzing whether: (a) the City is "not prohibited by law from taking any action necessary to carry out the Plan" pursuant to 11 U.S.C. § 943(b)(4), (b) the Amended Plan is in the "best interest of creditors" pursuant to 11 U.S.C. § 943(b)(7), (c) the Amended Plan meets, or fails to meet, the feasibility requirement of 11 U.S.C. § 943(b)(7), and/or (d) the Amended Plan meets, or fails to meet the confirmation requirements of 11 U.S.C. § 1129(b), including but not limited to the requirements that the Amended Plan "not discriminate unfairly" and that the plan be "fair and equitable."

**OBJECTIONS AND RESPONSE TO REQUEST NO. 35:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

36.   All documents explaining, discussing or analyzing the potential liability to the City or the City's creditors of any Person entitled to a Release under the Amended Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 36:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

37.   All documents explaining, discussing or analyzing any contribution to the City or the City's restructuring efforts by any Person entitled to a Release under the Amended Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 37:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

38.   All documents explaining, discussing, describing, showing or analyzing the City's formulation of the estimated recovery for each Class of Claims under the Amended Plan.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 38:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

39. All documents explaining, discussing, describing, showing or analyzing the sources of funds from which the "New B Notes" will be paid, the projected revenues from such sources and how those revenues are reflected in the Amended Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 39:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

40. All documents explaining, discussing, describing, showing or analyzing State Revenue Sharing including projected revenues and all communications between the City and State regarding State Revenue Sharing.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 40:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

41. All documents explaining, discussing, describing, showing or analyzing all expense reduction efforts undertaken by the City from the Pre-Petition Period to the present.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 41:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

42.    All documents explaining, discussing, describing, showing or analyzing the formulation, consideration and/or implementation of operational restructuring plans, including the costs of implementing such plans and the actual and projected resulting savings.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 42:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

43.    All documents setting forth and/or listing the value of each City asset estimated to be worth more than $5 million, and all documents explaining, discussing, describing, showing or analyzing the valuation and/or potential monetization of any City assets estimated by the City to be worth more than $5 million, including but not limited to:  (a) The Detroit Windsor Tunnel; (b) City-Owned Land; (c) Belle Isle Park; (d) Coleman A. Young Airport; (e) Joe Louis Arena; and (f) the DIA Collection, the DIA Assets and/or any specific work of art at the DIA.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 43:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

44.    All documents explaining, discussing, describing, showing or analyzing: (a) the value of all or any works of art in the DIA Collection that are

valued at or greater than $500,000, (b) any restrictions on the sale of any work of art in the DIA Collection valued at or greater than $500,000, and (c) the insured value of the DIA Collection or any work of art contained therein.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 44:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it, and refers Objectors to the documents the DIA Corp. has agreed to produce and/or make available for inspection and copying.

45. All documents constituting, explaining or discussing the Asset Transfer between the City and the DIA, including but not limited to the documents pursuant to which the Asset Transfer was effectuated, including the bill of sale.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 45:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

46. All lists, inventories and other documents identifying, setting forth, and/or itemizing each of the works of art in the DIA Collection and the value of each work.

### OBJECTIONS AND RESPONSE TO REQUEST NO. 46:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

47.    All documents explaining, discussing or describing actual and anticipated Administrative Claims.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 47:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

48.    All documents explaining, discussing or describing the City's credit rating between January 1, 2005 to the present, including the effect of the Amended Plan on the City's credit rating.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 48:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

49.    Documents sufficient to show: (a) the Identity of each vendor that the City has determined to be an essential vendor; (b) the total payments made to each essential vendor on account of Essential Vendor Claims and Administrative Claims; (c) the terms of trade with all essential vendors from the beginning of the Prepetition Period to the present; (d) all efforts by the City to obtain trade concessions or more advantageous terms from essential vendors; (e) the bidding for Vendor Contracts during the period from the beginning of the Prepetition Period to the present; (f) all modifications of Vendor Contract terms during the period from the beginning of the Prepetition Period to the present and all resulting

actual or expected cost savings; (g) the assumption or rejection of any Vendor Contracts by the City, and the reasons for each such assumption or rejection; and (h) whether any amounts saved as a result of bidding on, or renegotiation or modification of Vendor Contracts were utilized or reflected in the reflected in the ten-year financial projections included in Exhibit J to the Amended Disclosure Statement.

## **OBJECTIONS AND RESPONSE TO REQUEST NO. 49:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

50.    Documents showing the City's criteria or guidelines for determining essential vendors and all communications concerning the creation of such criteria and/or guidelines.

## **OBJECTIONS AND RESPONSE TO REQUEST NO. 50:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

51.    All communications with vendors about their selection or non-selection as an essential vendor and/or the process for being selected an essential vendor.

## **OBJECTIONS AND RESPONSE TO REQUEST NO. 51:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

52.     All reports, reviews or analyses, by Ernst & Young, or any other Person, concerning the modification of terms of Vendor Contracts, during the period from the beginning of the Prepetition Period to the present, and any actual or expected cost savings resulting therefrom.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 52:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

53.     All documents explaining, discussing, describing, showing or analyzing:

(a)     every contract and/or lease that is to be assumed or rejected under the Amended Plan, and/or

(b)     all contracts that the City has outsourced or may outsource in the future.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 53:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

54. All documents that the City will or may submit as evidence at the Confirmation Hearing, as such phrase term is defined in Section I.A.48 of the Amended Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 54:**

Subject to and without waiving the general objections noted above, the City

responds that it will provide the requested information in accordance with the Final

Pretrial Order.

55. All CVs and resumes of all witnesses the City will or may call at the Confirmation Hearing.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 55:**

Subject to and without waiving the general objections noted above, the City

responds that Experts will be identified and expert reliance materials and

disclosures will be produced in accordance with the Scheduling Order and as

required under the Federal Rules of Bankruptcy Procedure. With respect to fact

witnesses, the City responds that it will produce non-privileged documents in its

possession, custody, or control, to the extent they exist, that are reasonably

responsive to this request, as the City understands it.

56. All reports for any expert that the City will or may call at the Confirmation Hearing, and all documents used or relied upon by those experts.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 56:**

Subject to and without waiving the general objections noted above, the City

responds that Experts will be identified and expert reliance materials and

disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure.

57.    All documents constituting, discussing, or explaining each settlement described in the Amended Disclosure Statement and/or Amended Plan and how such settlement will benefit of the City's creditors and residents, including without limitation analyses and projections of potential recoveries by or against the City, and the City's estimate of its legal fees, in the absence of such settlements.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 57:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

58.    All documents explaining, discussing, describing, showing or analyzing the "interfund payables" referenced in section VII.B.7 of the Amended Disclosure Statement, including (i) all loans, balances and deferrals, (ii) the interfund transfers, (iii) the conditions, terms, dates and purposes of the loans or deferrals, and (iv) any methods or policies governing or applying to the City's repayment of the loaned or deferred funds to their original fund.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 58:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

59.    All documents and communications that reflect, support, or refute the validity of the claims held by the "Downtown Development Authority Claims" as defined in the Amended Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 59:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

60.     All documents explaining, discussing, describing, showing or
analyzing any arrangements between the City or any other party and the Detroit
Land Bank Authority and/or the Michigan Land Bank concerning the City's
initiatives for addressing blight, removing vacant structures and encouraging the
beneficial use of City-owned land, as outlined in sections VII.A.5 and IX.A.1 of
the Amended Disclosure Statement.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 60:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

61.     All documents related to the Parking Bonds, the Parking Bond
Documents and the Parking Bonds Claims, as defined and described in the
Amended Disclosure Statement and the Amended Plan, and all documents
explaining, discussing, describing, showing or analyzing the potential monetization
of the assets constituting the Automobile Parking Fund, as described in section
VII.A.4 of the Amended Disclosure Statement, including all communications
between the City and Desman Associates.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 61:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

62.     Documents listing, describing or evidencing: (a) all property tax abatements provided by the City since January 1, 2013, (b) past due income taxes owed by residents of the City, (c) past due income taxes owed to the City by non-residents who are employed in the City, (d) past due debts of over $10 million owed to the City, and (e) past due debt owed to the City by the State of Michigan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 62:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

63.     All documents that refer to, discuss or analyze: (a) any agreement by the City to allow a claim by the Swap Counterparties as part of the Amended Plan, or the reasons for such decision or agreement, and/or treat the Swap Counterparties as a separate Class as part of the Amended Plan, or the reasons for such decision or agreement, (b) the amount of the Allowed Claim proposed for the Swap Counterparties under the Amended Plan, or the calculation of or rationale for such amount, and (c) the consideration to the Swap Counterparties for their agreement to vote in favor of the Amended Plan.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 63:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated: May 6, 2014                    Respectfully submitted,

  /s/  Bruce Bennett\
Bruce Bennett (CA 105430)\
JONES DAY\
555 South Flower Street\
Fiftieth Floor\
Los Angeles, California  90071\
Telephone:  (213) 243-2382\
Facsimile:  (213) 243-2539\
bbennett@jonesday.com

David G. Heiman (OH 0038271)\
Heather Lennox (OH 0059649)\
JONES DAY\
North Point\
901 Lakeside Avenue\
Cleveland, Ohio  44114\
Telephone:  (216) 586-3939\
Facsimile:  (216) 579-0212\
dgheiman@jonesday.com\
hlennox@jonesday.com

Jonathan S. Green (MI P33140)\
Stephen S. LaPlante (MI P48063)\
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.\
150 West Jefferson\
Suite 2500\
Detroit, Michigan  48226\
Telephone:  (313) 963-6420\
Facsimile:  (313) 496-7500\
green@millercanfield.com\
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing Objections and Responses to Official Committee of Retirees' First Set of Requests to the Debtor for the Production of Documents was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated: May 6, 2014

/s/  Bruce Bennett
Bruce Bennett