## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

<table>
<tr><td>

In re,

**CITY OF DETROIT, MICHIGAN,**

       **Debtor.**

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**Chapter 9**

**Case No. 13-53846**

**Hon. Steven W. Rhodes**

</td></tr>
</table>

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO DEUTSCHE BANK'S FIRST SET OF (I) INTERROGATORIES AND (II) REQUESTS FOR THE PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to the Deutsche Bank's First Set of (I) Interrogatories to the City of Detroit in Connection With the Amended Plan for the Adjustment of Debts (the "Interrogatories").

The City's responses to these Interrogatories are provided without prejudice to the City's right to supplement them at any time prior to trial or to otherwise produce evidence based on later discovered information. As a result, the City

reserves the right to supplement its responses in light of new information or inadvertent errors or omissions herein.

Moreover, the City's responses to these Interrogatories shall be made without prejudice to the City's right to introduce any and all evidence of any kind in these proceedings. Further, the City reserves the right to introduce evidence from any witness during these proceedings, even if that evidence was not provided in response to these Interrogatories due to mistake, oversight, inadvertence, misinterpretation, or otherwise.

Finally, a response to any of these Interrogatories does not constitute an implicit or explicit admission by the City that it agrees with any of the Deutsche Bank (the "Objector") characterizations or definitions contained therein, or that the information sought is likely to lead to the discovery of admissible evidence. Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Interrogatories. The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of City's general objections.

1.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order.  Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts.  *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.     The City's response to each and every one of these Interrogatories is subject to any applicable competence, relevance, materiality, propriety, and admissibility objections, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if any of these Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court.  The City explicitly reserves all such objections and may interpose them at trial.

3.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that they seek information subject to the attorney-client privilege, attorney work product doctrine, the settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, any responses to these Interrogatories shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

4.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

5.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

6.    The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek discovery of information that is not reasonably accessible, on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular interrogatory, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

7.    The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege information. Accordingly, the City's responses to these Interrogatories are based upon (1) a reasonable search, given the time permitted to respond to these Interrogatories, of facilities and files reasonably expected to possess responsive, non-privilege information and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege information.

8.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the City objects to each and every one of these Interrogatories, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information relating to an individual topic or subject area for a time period outside the scope of the subject matter at issue in this proceeding.

10.     The City objects to each and every one of the Objector's definitions, instructions, and interrogatories to the extent that they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to answer literally.  Such definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested information with reasonable particularity.  The City also objects to each and every one of these Interrogatories, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent they seek information regarding "any" or "all" persons, entities, objects, or events relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Interrogatories to the extent that it requires the City to engage in extensive research, in order to identify each and every matter that may possibly be responsive to an Interrogatory.

11. The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Interrogatory to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Interrogatory. To that end, any terms not otherwise defined by these Interrogatories, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Interrogatories, the City will define the terms "Plan,"

"Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

12.     The City objects to each and every one of these Interrogatories to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, the City's responses to these Interrogatories are limited to the time period of January 1, 2013 through the date of the City's response to these Interrogatories.

13.     The City objects to the definition of "City," "you" and "your"  insofar as they purport to include "the City of Detroit, Michigan and the parties to whom this request is directed, and shall include anyone acting on behalf of the City, over whom the City has control, or which is, or may be subrogated to the City's interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for information that is not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

14.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent the information sought is equally available to the Objector, including information that is publicly available and/or already in the Objector's  possession, as providing such information would be unduly burdensome.

15.     The City objects to these Interrogatories insofar as they exceed the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016, and to the extent they contain multiple and often unrelated subparts that should be the subject of multiple, separate interrogatories.

16.     The City's general and specific objections are made based on its understanding and interpretation of each Interrogatory.  The City reserves the right to supplement its Objections should Objector subsequently put forth an interpretation of any Interrogatory differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to

other discovery requests Objector may propound involving or relating to the same subject matter of these Interrogatories.

17.     The City's responses to these Interrogatories reflect the current state of its knowledge and understanding regarding matters about which the inquiry has been made.  The City reserves its rights to supplement or modify its responses with any relevant information as it may hereafter discover and will do so to the extent required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

18.     By responding to these Interrogatories, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

19.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify, describe and state the fair market value of each City-owned asset valued at more than $1 million, and explain the basis for the fair market value stated (the "Identified Assets").

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. The City further notes that the City cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Subject to and without waiving its objections, the City refers the Objector to the numerous documents it has produced relevant to the value of various City assets.

**INTERROGATORY NO. 2:** Identify and describe which of the Identified Assets will be used to satisfy creditors, under the Plan (the "Recovery Assets").

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad and unduly burdensome. Subject to and without waiving its objections, the City responds that the Plan specifically identifies the assets to be distributed to satisfy creditors' claims, and the Disclosure Statement contains financial projections identifying the City's ability to generate revenues to

implement its restructuring initiatives, fulfill its obligations to its residents and satisfy creditor claims consistent with the Plan.

**INTERROGATORY NO. 3:** Identify and describe the proposed method of disposition (i.e., sale, privatization, or collateralization) of each of the Recovery Assets.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City objects that the term "Recovery Assets" is vague. Subject to and without waiving its objections, the City responds that the City has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect to the DWSD assets. The City further responds that, as set forth in the Plan, the City has entered into the DIA Settlement whereby the DIA Assets will be irrevocably transferred and held in perpetual charitable trust for the benefit of the residents of the City. The City further notes that (a) the Plan, (b) the terms of debt instruments to be issued or reinstated by the Plan and (c) other financing documents of the City (including the Exit Facility) identify the use of certain City assets as collateral for specific obligations of the City. Finally, the City directs the Objector to the Disclosure

Statement, which contains relevant, publicly-available information about current plans with respect to certain of the City's assets.

**INTERROGATORY NO. 4:** Identify which Classes will receive a recovery from each of the Recovery Assets, under the Plan.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City objects that the term "Recovery Assets" is vague. Subject to and without waiving its objections, the City responds that the Plan specifically identifies the assets to be distributed to satisfy creditors' claims. The City further responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect to the DWSD assets. Subject to and without waiving its objections, the City further responds that, as set forth in the Disclosure Statement and the Plan, the City has entered into the DIA Settlement whereby the DIA Assets will be irrevocably transferred and held in perpetual charitable trust for the benefit of the residents of the City. Finally, the City directs the Objectors to the Disclosure Statement and the Plan, which contain (a) relevant, publicly-available information about current plans with respect to certain of the City's assets, and (b) financial

projections identifying the City's ability to generate revenues to implement its restructuring initiatives, fulfill its obligations to its residents and satisfy creditor claims consistent with the Plan.

**INTERROGATORY NO. 5:** Identify and describe in detail the City's efforts, to date, to market each of the Recovery Assets.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City objects that the term "Recovery Assets" is vague. Subject to and without waiving its objections, the City responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City acknowledges that it has marketed certain assets for sale and reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect to the DWSD assets. The City further responds that, as set forth in the Plan, the City has entered into the DIA Settlement whereby the DIA Assets will be irrevocably transferred and held in perpetual charitable trust for the benefit of the residents of the City. Moreover, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. The City further notes that it cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor

claims, nor can it be required to do so.  Finally, the City directs the Objector to the Disclosure Statement, which contains relevant, publicly-available information about current plans with respect to certain of the City's assets, as well as past efforts to market certain assets.

**INTERROGATORY NO. 6:**  State and explain each fact that supports the City's proposed method of disposition of each of the Recovery Assets.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, the City objects that the term "Recovery Assets" is vague.  Subject to and without waiving its objections, the City responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect to the DWSD assets.  The City further responds that, as set forth in the Plan, the City has entered into the DIA Settlement whereby the DIA Assets will be irrevocably transferred and held in perpetual charitable trust for the benefit of the residents of the City.  The City further notes that it cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so.  Finally, the City directs the Objectors to the Disclosure Statement, which contains relevant,

publicly-available information about current plans with respect to certain of the City's assets, as well as past efforts to market certain assets.

**INTERROGATORY NO. 7:** Identify and describe in detail and provide the City's analysis of alternative methods of disposition of each of the Recovery Assets.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City objects that the term "Recovery Assets" is vague. Subject to and without waiving its objections, the City responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect to the DWSD assets. The City further responds that, as set forth in the Plan, the City has entered into the DIA Settlement whereby the DIA Assets will be irrevocably transferred and held in perpetual charitable trust for the benefit of the residents of the City. Moreover, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. The City further notes that it cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Finally, the Disclosure Statement

contains relevant, publicly-available information about current plans with respect to certain of the City's assets.

**INTERROGATORY NO. 8:** Identify which of the Identified Assets will not be used to satisfy creditors, under the Plan (the "Excluded Assets").

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the City responds that the Plan specifically identifies the assets to be distributed to satisfy creditors' claims. The City responds that it has not made a determination with respect to specific assets that will not be "used" to satisfy creditor's claims, and further notes that the City cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Finally, the City directs the Objector to the Disclosure Statement, which contains (a) relevant, publicly-available information about current plans with respect to certain of the City's assets; and (b) financial projections identifying the City's ability to generate revenues to implement its restructuring initiatives, fulfill its obligations to its residents and satisfy creditor claims consistent with the Plan.

**INTERROGATORY NO. 9:** Identify and describe in detail the City's understanding of the current fair market value of the Excluded Assets.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the definition of "Excluded Assets" is vague. Moreover, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. Subject to and without waiving its objections, the City responds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence because (a) the City has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; and (b) the City cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Subject to and without waiving its objections, with respect to the value of the DIA Assets, the City refers the Objectors to the Christie's appraisal and notes that not all assets of the DIA are assets of the City. With respect to other assets, the City refers the Objector to the numerous documents it has produced relevant to the value of various City assets.

**INTERROGATORY NO. 10:** State and explain each fact that supports the City's reasoning for excluding each of the Excluded Assets from providing a recovery to creditors.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the definition of "Excluded Assets" is vague. Subject to and without waiving its objections, the City responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect the DWSD assets. The City further notes that it cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Finally, the City directs the Objectors to the Disclosure Statement, which contains (a) relevant, publicly-available information about current plans with respect to certain of the City's assets; and (b) financial projections identifying the City's ability to generate revenues to implement its restructuring initiatives, fulfill its obligations to its residents and satisfy creditor claims consistent with the Plan.

**INTERROGATORY NO. 11:** Identify and describe in detail the City's efforts to market each of the Excluded Assets.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the definition of "Excluded Assets" is vague. Subject to and without waiving its objections, the City responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect the DWSD assets. The City further notes that it cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Finally, the City directs the Objectors to the Disclosure Statement, which contains (a) relevant, publicly-available information about current plans with respect to certain of the City's assets; and (b) financial projections identifying the City's ability to generate revenues to implement its restructuring initiatives, fulfill its obligations to its residents and satisfy creditor claims consistent with the Plan.

## OBJECTIONS AND RESPONSES TO DEUTSCHE BANK'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure Rules 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to Deutsche Bank's First Set of (II) Requests for the Production of Documents to the City of Detroit in Connection With the Amended Plan for the Adjustment of Debts (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by Deutsche Bank (the "Objector"). The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment

("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts); Fed. R. Civ. P. 26(a)(2)(D)("A party must make these disclosures at the times and in the sequence that the court orders.").

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to

each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege. The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing. The City will not provide such a log with its productions of documents in response to these Document Requests.

5. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.     The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of electronic information that is not reasonably accessible, on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents.  To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that

is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.  To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement").  In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13.    The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be

impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14. The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.     The City objects to the definition of "the City," insofar as it purports to include the City of Detroit, Michigan anyone acting on behalf of the City, over whom the City has control, or which is, or may be subrogated to the City's interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity, because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute

interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016. The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18. The City's general and specific objections are made based on its understanding and interpretation of each Document Request. The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language. The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19. By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any

nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Deutsche Bank requests that the City produce each document identified in response to the foregoing Interrogatories.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated: May 6, 2014             Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

**VERIFICATION**

I, Kevyn D. Orr, state that I sign and verify the foregoing Debtor's Responses to the foregoing Interrogatories on behalf of Debtor, and that I am duly authorized to do so. I verify under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct, except as to those matters as to which I lack personal knowledge. As to those matters I state that, based on the information available to me, they are true and correct to the best of my information and belief.

May 6, 2014

_____
Kevyn D. Orr

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Deutsche Bank's First Set of (I) Interrogatories and (II) Requests for the Production of Documents to the City of Detroit in Connection With the Amended Plan for the Adjustment of Debts was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.

Dated:  May 6, 2014

/s/  Bruce Bennett
Bruce Bennett