## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Case No.: 13-53846 |
| CITY OF DETROIT, MICHIGAN | Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO COUNTY OF MACOMB, MICHIGAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit (the "City") hereby submits the following objections and responses to County of Macomb, Michigan's First Request for Production of Documents to Debtor (the "Document Requests").

### GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by County of Macomb, Michigan (the "Objector"). The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, inadvertent production of any privileged or otherwise

2

protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege. The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing. The City will not provide such a log with its productions of documents in response to these Document Requests.

5.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.     The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents. To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper

5

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.  The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.  The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.  The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.  To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

6

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13.     The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

7

14.    The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.    The City objects to the definition of "City," "you" and "your" insofar as they purport to include "the Debtor, City of  Detroit, Michigan, the DWSD, and their advisors, affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, including the Emergency Manager, Miller Buckfire, Conway MacKenzie, Inc. and other persons acting, or who have acted, on behalf of the foregoing entities or individuals referenced in this definition" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other

source that is more convenient, less burdensome, or less expensive. Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016. The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18. The City's general and specific objections are made based on its understanding and interpretation of each Document Request. The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language. The City reserves the right to object on any ground at any time

9

to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

All documents relating to any analyses regarding the legality of each of the DWSD Options under federal, state, or local law.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 2:**

All documents relating to any analyses conducted in connection with whether the DWSD Options require electoral approval.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 3:**

All documents relating to whether DWSD is a not-for-profit entity, including but not limited to whether DWSD is prohibited from making a profit.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 4:**

All documents relating to DWSD's historical financial results for Fiscal Years 2009-2013 and year-to-date 2014, including but not limited to:

i.      DWSD's audited financial statements;

ii.     pro forma and actual balance sheets;

iii.    historical statements of cash flows;

iv.     notes to the historical financial statements;

v.      auditor's reports on the historical financial statements;

vi.     documents showing historical volumetric use, revenue and rate tariff by customer rate class and service/geographic area;

vii.    all disbursements made from the gross revenues of each System for administration, operation, maintenance, and capital expenditures;

viii.   any disbursements from the gross revenues of each System which were not used for the administration, operation, maintenance, or capital expenditures of such System;

ix.     to the extent not provided in response to the requests above, documents showing Fiscal Years 2013 and year-to-date 2014 financial results related to pension expense; operating expenses by category (i.e. power, chemicals, etc.); disbursements from DWSD to other City Departments, to the City's General Fund, or any retirement plan for City employees; costs for employee healthcare, insurance and other benefits; costs for pension and other postemployment benefits; employee headcount; bad debt expense by customer rate class and/or wholesale customer; and

x.      documents relating to cash flows to and from DWSD and any other City Department or the City's General Fund.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

12

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 5:**

All documents showing financial projections prepared by DWSD management, the City, the Emergency Manager, or any of their respective financial advisors or agents for any of Fiscal Years 2014 through 2023, including but not limited projections prepared on or about December 2013, including but not limited to:

    i.    projected statements of income and cash flow and back-up documentation showing the supporting bases for such projections;

    ii.    notes to the projected financial statements;

    iii.    projected volumetric use, revenue and rate tariff by customer rate class and service/geographic area and back-up documentation showing the supporting bases for such projections;

    iv.    documents showing any other projected sources of revenue and back-up information sufficient to show the bases for such projections;

    v.    any disbursements for administration, operation, maintenance, and capital expenditures sufficient to show the bases and assumptions underlying such items on an individual basis;

    vi.    any disbursements from the gross revenues of each System which will not be used for the operation, maintenance, or capital expenditures of such System;

    vii.    to the extent not provided in response to the requests above, documents sufficient to show projections related to pension expense, labor expense by category; operating expense by category (i.e. power, chemicals, etc.); disbursements from DWSD to other City Departments, to the City's General Fund, or to any retirement plan for City employees; costs for employee healthcare, insurance and other benefits; costs for pension and other postemployment benefits; employee headcount; bad debt expense by customer rate class and/or wholesale customer; and refinancing and future financing; and

viii.    documents relating to projected cash flows to and from DWSD and any other City Department or the City's General Fund.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

## REQUEST NO. 6:

All documents showing financial projections relating to DWSD, if it remains a department of the City, prepared by DWSD Management, the City, the Emergency Manager, or any of their respective financial advisors or agents for any of Fiscal Years 2014 through 2023, including but not limited to:

i.    projected statements of income and cash flow and back-up documentation showing the supporting bases for such projections;

ii.    notes to the projected financial statements;

iii.    projected volumetric use, revenue and rate tariff by customer rate class and service/geographic area and back-up documentation showing the supporting bases for such projections;

iv.    documents showing any other projected sources of revenue and back-up information sufficient to show the bases for such projections;

v.    any disbursements for administration, operation, maintenance, and capital expenditures sufficient to show the bases and assumptions underlying such items on an individual basis;

vi.    any disbursements from the gross revenues of each System which will not be used for the operation, maintenance, or capital expenditures of such System;

vii.    to the extent not provided in response to the requests above, documents sufficient to show projections related to pension expense,

14

labor expense by category; operating expense by category (i.e. power, chemicals, etc.); disbursements from DWSD to other City Departments, to the City's General Fund, or to any retirement plan for City employees; costs for employee healthcare, insurance and other benefits; costs for pension and other postemployment benefits; employee headcount; bad debt expense by customer rate class and/or wholesale customer; and refinancing and future financing; and

viii.    documents relating to projected cash flows to and from DWSD and any other City Department or the City's General Fund.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 7:

All documents showing financial projections relating to the Regional Authority prepared by DWSD Management, the City, the Emergency Manager, or any of their respective financial advisors or agents for any of Fiscal Years 2014 through 2023, including but not limited to:

i.    projected statements of income and cash flow and back-up documentation showing the supporting bases for such projections;

ii.    notes to the projected financial statements;

iii.    projected volumetric use, revenue and rate tariff by customer rate class and service/geographic area and back-up documentation showing the supporting bases for such projections;

iv.    documents showing any other projected sources of revenue and back-up information sufficient to show the bases for such projections;

v.      any disbursements for administration, operation, maintenance, and capital expenditures sufficient to show the bases and assumptions underlying such items on an individual basis;

vi.     any disbursements from the gross revenues of each System which will not be used for the operation, maintenance, or capital expenditures of such System;

vii.    to the extent not provided in response to the requests above, documents sufficient to show projections related to pension expense, labor expense by category; operating expense by category (i.e. power, chemicals, etc.); disbursements from DWSD to other City Departments, to the City's General Fund, or to any retirement plan for City employees; costs for employee healthcare, insurance and other benefits; costs for pension and other postemployment benefits; employee headcount; bad debt expense by customer rate class and/or wholesale customer; and refinancing and future financing; and

viii.   documents relating to projected cash flows to and from DWSD and any other City Department or the City's General Fund.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession,

16

custody, or control, to the extent they exist, that are reasonably responsive to this

request, as the City understands it.

**REQUEST NO. 8:**

All documents reflecting or relating to any financial analyses relating to DWSD for future years, including but not limited to any financial projections and the bases for such projections.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 9:**

All documents relating to the financial projections regarding the DWSD Options presented in Exhibit L, including but not limited to any assumptions employed in such financial projections.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 10:**

All documents reflecting or relating to the Miller Buckfire Analysis referenced in Exhibit  L that resulted in a 4.53% interest rate estimate for future borrowings.

17

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 11:

All documents relating to any meetings concerning the DWSD Options, including but not limited to meetings between or among any or all of the Debtor and its agents or advisors on the one hand, and the Emergency Manager, and its agents or advisors on the other hand.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 12:**

All documents relating to the RFIs, including but not limited to:

i. any responses received from potential private operators of DWSD;

ii. any documents relating to any meetings, negotiations, discussions or communications concerning the RFI and responses thereto;

iii. any documents sent to, received by, or made available for inspection by potential private operators of DWSD participating in the RFI; and

iv. any confidential memoranda provided to the potential private operators of DWSD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

The City objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and it will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 13:**

All documents sent to, received by, or made available for inspection by parties participating in the Request for Proposal for Underwriting Services, issued by the Michigan Department of Treasury and the Michigan Finance Authority (on behalf of the City of Detroit and the Detroit Water and Sewerage Department), dated as of March 12, 2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

19

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 14:**

All documents relating to the amount of DWSD's pension liabilities, including all documents reflecting information that would justify $675 million (or any other amount) of projected pension payments over the next 10 years.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 15:**

All documents evidencing the calculation and allocation of all pension, other postemployment benefits, and any Certificates of Participation-related payments assessed against the systems historically and that are projected through any projection period under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 16:**

All documents relating to the treatment of DWSD's pension liabilities under each of the DWSD options, including but not limited to (i) any documents

reflecting such treatment and (ii) any analyses conducted relating to such treatment.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 17:

All documents evidencing all communications between or among the City, DWSD, the Emergency Manager, union or other labor representatives for employees of DWSD, and their respective financial advisors and agents and any other parties regarding the DWSD Options or potential "monetization" of the Systems.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession,

custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 18:**

All documents reflecting any severance pay policies for DWSD employees.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 19:**

All documents that reflect any update to June 30, 2013 (or beyond) of the actuarial valuations performed by Gabriel Roeder for the GRS as of June 30, 2012, based on or using the methods, assumptions, and procedures used by Gabriel Roeder.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 20:**

All documents that reflect the calculation of the GRS's OPEB Claims (as defined in the Plan) as reflected in the Amended Disclosure Statement and the Plan, including, without limitation, the underlying assumptions and methods used in the calculations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 21:**

All documents that reflect GRS pension charges to DWSD in DWSD's
unaudited financial statements, including but not limited to documents that reflect
any adjustment to GRS pension charges to DWSD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 22:**

All documents that reflect or relate to the City's projected required annual
contributions to the GRS or PFRS for the period January 1, 2012 through
December 31, 2034, including but not limited to:

    i.     all documents that reflect the actuarial assumptions used by GRS and
          PFRS prior to the Petition Date; and

    ii.    all documents that reflect the actuarial assumptions used by the City
          in formulating the Plan of Adjustment and taking into account the
          restructuring of the pension obligations proposed in the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 23:**

All documents that reflect or relate to the manner in which the amount of the
PFRS and GRS pension claims reflected in the Plan and Amended Disclosure
Statement were calculated, including any documents that reflect any methods,
assumptions or bases used in making the calculation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 24:**

All documents that reflect or relate to the PFRS Hybrid Pension Formula
and the GRS Hybrid Pension Formula, including but not limited to all documents
that relate or refer to the manner in which the formulas were devised.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 25:**

All documents that reflect or relate to the manner in which the amount of the OPEB claims (both PFRS and GRS) reflected in the Plan and Amended Disclosure Statement were calculated, including but not limited to all documents that reflect or relate to the methods, assumptions or other bases used in making the calculations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 26:**

All documents that reflect or relate to the treatment of pensions of DWSD employees and retirees as compared to all other members of the GRS, including but not limited to all documents that describe the manner in which the pensions of DWSD employees and retirees are treated as compared to all other members of the GRS.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 27:**

All documents that reflect or relate to the amount of the interfund balances with DWSD water and sewer fund, including but not limited to all documents that reflect or relate to the process that the City used to determine whether, how, and in what amounts transfers will be made between these funds and any methods or policies governing or applying to the City's prepayment of transferred funds to their original fund, and how these interfund balances will be treated in the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 28:**

All documents that reflect or relate to the basis for treating unsecured claims, including GRS and PFRS Claims, better than the UTGO Claims and LTGO Claims, including but not limited to any documents that reflect or relate to why that disparate treatment does not constitute unfair discrimination.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 29:**

All documents evidencing amounts held in the Operation and Maintenance Funds and the Constructions Funds for the System as of December 31, 2013.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 30:**

All documents evidencing any accounts of the Systems not controlled by the Trustee and the balances in such accounts, reflecting the cash in and out of the accounts from Fiscal Year 2013 and year-to-date Fiscal Year 2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 31:**

All documents supporting financial capability analysis to establish DWSD hardship exemptions provided to or received from the Environmental Protection Agency and/or the Michigan Department of Environmental Quality.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 32:**

All documents relating to capital improvements that are currently needed or
may in the future be needed by DWSD, including but not limited to documents
reflecting the cost of needed capital improvements.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 33:**

All documents relating to any financial analyses conducted in connection
with the creation and performance of a Regional Authority, including but not
limited to any documents reflecting financial projections for the Regional
Authority.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

The City objects to this document request as overbroad insofar as it seeks

documents relating to the GLWA or the DWSD Transaction, or related bonds or

financing, as neither of them is currently contemplated by the Plan or Disclosure

Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and  its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 34:

All documents relating to or supporting the Debtor's contention that the base lease payment from the Regional Authority to the Debtor should be set at $47 million per year, including but not limited to any financial due diligence or analyses conducted in connection with the $47 million per year number.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and  its general objections above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 35:**

All documents that reflect the proposed governance structure of the Regional Authority.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 36:**

All documents that reflect whether DWSD or the Regional Authority, under each of the DWSD Options, will be a "stand-alone" enterprise, such that all administrative functions such as human resources, information technologies, and legal services, will be performed exclusively within the entity performing DWSD's functions.

30

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 37:**

The current organizational chart for DWSD and any proposed changes to occur on or after the Effective Date (as defined in the Plan).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 38:

All documents relating to the OMI-Detroit Agreement, including but not limited to any documents regarding the rejection, assumption, or assignment of the OMI-Detroit Agreement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 39:

All documents relating to any analyses conducted regarding the OMI-Detroit Agreement with respect to each of the DWSD Options.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 40:

All documents identifying any potential counterparties to an assignment of the OMI-Detroit Agreement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 41:**

All documents relating to any meetings, negotiations, discussions or communications with any potential counterparties to an assignment of the OMI-Detroit Agreement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 42:**

All documents containing any opinion, assessment, report or analysis of the City's or DWSD's ability to reject or unilaterally modify, on a non-consensual basis, any of the agreements with the Counties.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the

discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 43:

All documents relating to or reflecting the City's ability to provide adequate assurance of future performance under the OMI-Detroit Agreement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 44:

All documents relating to procedures used or to be used to determine the System rates charged for water and/or sewage services under each of the DWSD Options.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 45:**

All documents prepared on or after January 1, 2013 reflecting any study, assessment, estimate or opinion regarding future System rates, capital expenditures, volumes by customer rate class and service/geographic location, and/or operating expenses.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 46:**

All documents reflecting or relating to work done by DWSD's rate consultant in conjunction with DWSD's Root Cause Committee's Final Report, dated as of March 13, 2013, and referenced on page 4 of that report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 47:**

All documents that refer to the prospect of any wholesale customers or groups of customers discontinuing use of the Systems after January 1, 2014.

35

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 48:**

Documents evincing the number of "retail" customer accounts (costumers
other than wholesale) for Fiscal Years 2009 through 2013 and projections for
Fiscal Years 2014 through 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 49:**

All documents relating to water and sewer service rates, including but not
limited to

i.    documents reflecting support for the statement in the Amended
      Disclosure Statement that rates will increase by 4% per year until
      2023;

ii.   documents providing a basis for whether a 4% rate increase per year
      until 2023 complies with the terms of the OMI-Detroit Agreement;

iii.  documents reflecting or relating to whether, if the DWSD remains a
      department of the City, the DWSD will maintain Fiscal Year 2015

rate setting protocols for a minimum of five years, subject to certain changes necessary to stabilize water and sewer revenues; and

iv.     documents reflecting or relating to any proposed or planned rate stability program for City residents and whether such a program may provide for affordability of retail rates to be taken into account in the development of wholesale rates across the system.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 50:

All documents relating to the effect of each of the DWSD Options on water and sewer bond ratings, including but not limited to documents sufficient to demonstrate whether the impairment of existing Sewer Bonds will increase the cost of debt in the future and if and how any increased cost will be passed on to ratepayers.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 51:**

All reports, whether generated internally or by outside consultants, regarding the appropriate interest rate and comparables utilized in creating the Interest Rate Reset Chart, attached as Exhibit I.A.159 to the City's proposed plan.

The following exhibits (or current versions thereof) to the Plan:

i.      Form of New DWSD Bond Documents;

ii.     Form of New Existing Rate DWSD Bond Documents;

iii.    Form of New Existing Rate GLWA Bond Documents;

iv.     Form of New GLWA Bond Documents; and

v.      Form of New GLWA Revolving Bond Documents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 52:**

All documents relating to the procurement of municipal bond insurance for any new bonds to be issued under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 53:**

All documents relating to the procurement of public ratings for any new bonds to be issued under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 54:**

All documents reviewed, identified, or relied upon in answering any interrogatories sent by holders of bonds issued by the DWSD or municipal bond insurers insuring bonds issued by the DWSD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 55:**

All documents relating to any analysis in connection with how each of the DWSD Options would meet the feasibility requirement of section 943(b)(7) of the Bankruptcy Code.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

**REQUEST NO. 56:**

All documents relating to any potential sale or lease of assets of the System between a private party and the Debtor under the DWSD Options, including but not limited to:

    i.    documents relating to any belief that the cost of the lease or sale payments will be considered a tax if such cost is subsequently passed on to ratepayers;

ii.    documents providing the bases for such belief; and

iii.    documents reflecting any analyses of whether such tax is lawful.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.  Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.  On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction.  The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents.  However, subject to and without waiving this objection, and  its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 57:

All documents reflecting or relating to the Emergency Manager's determination, referenced on page 21 of the Amended Disclosure Statement, that the City cannot gain additional revenue through the imposition of increased rates or additional taxes on City Residents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 58:**

All documents reflecting or relating to the basis for Your contention on Page
74 of the Amended Disclosure Statement that "State law precludes the City from
charging fees that exceed the costs of providing the relevant services," including
but not limited to any documents that reflect statutory, constitutional or charter
provisions that support this contention.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 59:**

All documents referring to any alternatives the Counties have to the water
and/or sewer services currently provided by DWSD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 60:**

A listing of the professional, consulting, advisory or other related fees and expenses of the professionals engaged by the City to be charged to either System in connection with the City's chapter 9 bankruptcy or in connection with any of the DWSD Options.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 61:**

All documents that the City intends to or may use as exhibits or evidence or for any purpose at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan related to DWSD.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Subject to and without waiving the general objections noted above, the City

responds that it will provide the requested information in accordance with the Final

Pretrial Order.

**REQUEST NO. 62:**

All documents that the City has provided or intends to provide to any witness it intends to call to testify with respect to the treatment of DWSD at the Confirmation Hearing or at any other hearing related or ancillary to confirmation

of the Plan, including without limitation hearings related to the approval of the Amended Disclosure Statement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Subject to and without waiving the general objections noted above, the City

responds that experts will be identified and expert reliance materials and

disclosures will be produced in accordance with the Scheduling Order and as

required under the Federal Rules of Bankruptcy Procedure.   With respect to fact

witnesses, the City responds that it will produce non-privileged documents in its

possession, custody, or control, to the extent they exist, that are reasonably

responsive to this request, as the City understands it

**REQUEST NO. 63:**

The biography, education and work history, or *curriculum vitae* of any person the City intend s to call as a fact witness with respect to the treatment of DWSD at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Amended Disclosure Statement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

**REQUEST NO. 64:**

The most current resume or *curriculum vitae* for each person the City intends to call to testify as a potential expert witness with respect to the treatment

of DWSD at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation hearings related to the approval of the Amended Disclosure Statement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:

Subject to and without waiving the general objections noted above, the City responds that experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure.

## REQUEST NO. 65:

All documents, including reports, models, or data compilations, which have been provided to, reviewed by, or prepared by or for any expert witnesses for purposes related to the treatment of DWSD in the Amended Disclosure Statement or the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:

Subject to and without waiving the general objections noted above, the City responds that experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure.

## REQUEST NO. 66:

All documents produced by or to any party in this Bankruptcy Proceeding, including but not limited to any documents responsive to any other party's document requests served in this Bankruptcy Proceeding, which are herein incorporated by reference.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## REQUEST NO. 67:

All interrogatory responses served by or to any party in this in this Bankruptcy Proceeding.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 67:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated:          May 6, 2014          Respectfully submitted,

/s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

46

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit's Objections and Responses to County Of Macomb, Michigan's First Request For Production Of Documents To Debtor was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated:      May 6, 2014               /s/ Bruce Bennett
                                             Bruce Bennett