# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

     Debtor.

Chapter 9

Case No. 13-53846
Hon. Steven W. Rhodes

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO REQUESTS BY THE RETIREE ASSOCIATION PARTIES FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to Requests by the Retiree Association Parties to the Debtor City of Detroit, Michigan for the Production of Documents (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by the Retiree Association Parties (the "Objector"). The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil

Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party. Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege. The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.      The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of electronic information that is not reasonably accessible, on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents.  To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request. To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13.     The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not

reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14.     The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.     The City objects to the definition of "City," "you" and "your" insofar as they purport to include  the City of Detroit, Michigan, and, as applicable, its officers, employees, representatives, attorneys, advisors and/or agents because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally

available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.     The City's general and specific objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.     By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

1.  With respect to the Witnesses and Orr, all documents, including communications, authored or prepared by any, some, or all of them regarding their respective Testimony Topics.

    **RESPONSE TO REQUEST NO. 1:**

    Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules.   With respect to fact witnesses, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it

2.  With respect to the Witnesses, all communications with any, some, or all witnesses regarding their respective Testimony Topics.

    **RESPONSE TO REQUEST NO. 2:**

    Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules.   With respect to fact witnesses, the City

responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it

3. With respect to the Witnesses, all documents provided to any, some, or all of them regarding their respective Testimony Topics.

**RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. With respect to fact witnesses, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it

4. With respect to the Witnesses and Orr, all documents reviewed by, shown to, or provided to them in preparation for their testimony.

**RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. With respect to fact witnesses, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it

5.  With respect to the Witnesses and Orr, all documents Debtor plans to or may introduce into evidence or show the witness or Court during the course of their testimony.

    **RESPONSE TO REQUEST NO. 5:**

    Subject to and without waiving the general objections noted above, the City responds that it will provide the requested information in accordance with the Final Pretrial Order.

6.  All memoranda or communications prepared by an employee, agent, officer, or representative of Debtor or the Emergency Manager regarding any of the Testimony Topics.

    **RESPONSE TO REQUEST NO. 6:**

    Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

7.  All memoranda or communications prepared by an employee, agent, officer, or representative of Debtor or the Emergency Manager regarding whether the Plan was or was not proposed in good faith.

    **RESPONSE TO REQUEST NO. 7:**

    Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

8.    All memoranda or communications prepared by an employee, agent, officer, or representative of Debtor or the Emergency Manager regarding the City's historical, current, and future ability to provide adequate levels of municipal services, including but not limited to police and fire services.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

9.    All reports, memoranda and/or other documents created in 2012 or thereafter concerning the need, or lack thereof, for additional police officers, police vehicles, modernized police vehicles, or police resources generally.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

10.    All documents, reports, memorandum and data underlying the Detroit Police Department January 9, 2014 Plan of Action and/or relied upon in preparation of the Plan of Action.

**RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

11.   All communications with, or communications by, Chief of Police James Craig concerning the January 9, 2014 Plan of Action.

**RESPONSE TO REQUEST NO. 11:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

12.   Any and all reports prepared since January 1, 2013 related to evaluations and/or recommendations of the DPD's vehicle fleet. This includes any such reports and recommendations prepared by DPD members, any city consultants, including The Bratton Group, LLC, and Conway MacKenzie. This request specifically includes but is not limited to:

   (a)   The DPD's Vehicle Fleet Replacement Policy which was to be completed by the captain of Resource Management according to the DPD's Plan of Action;

   (b)   The DPD's report documenting its comprehensive fleet analysis to determine how many police vehicles are needed, which was scheduled to be completed by the captain of Resource Management according to the DPD's Plan of Action;

   (c)   Any reports prepared by the DPD, or its consultants, that provides a cost analysis for replacement of DPD vehicles;

   (d)   Any reports prepared by the DPD, or its consultants, that provides a basis for the city to propose a funding level of $129.3 million to initiate and maintain a fleet vehicle replacement program on a three-year cycle in its Amended Plan;

   (e)   Any reports that provide the basis for the following statement from Page 60 in the DPD's Plan of Action: "The DPD will begin to purchase and replace one-third of its fleet on an annual basis.

Funds are available and have been identified within the Emergency Manager's restructuring dollars allocated to DPD."

**RESPONSE TO REQUEST NO. 12:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

13. Any and all reports prepared since January 1, 2013 related to evaluations and/or recommendations of DPD response times. This includes any such reports and recommendations prepared by DPD members, any city consultants, including The Bratton Group, LLC, and Conway MacKenzie. Any reports and/or recommendations that include the following information are to be produced in response to this request:

    (a)    All law enforcement "best practices" that were reviewed by the DPD to determine that a change was needed of its policy relative to response times;

    (b)    Categories of priorities that are used by the DPD;

    (c)    Response times goals for the DPD, e.g., the number of minutes desired for each category;

    (d)    Comparison of DPD response times and related policies with other agencies;

    (e)    DPD policy and/or Standard Operating Procedure regarding police response times prior to Chief Craig being appointed as the chief of police and any modified policies/SOPS regarding response times that were changed since Chief Craig has served as the chief of police;

    (f)    The method that the DPD utilized to calculate police response times in 2013 prior to Chief James Craig being appointed to the position of chief of police;

(g)     The method that the DPD utilizes to calculate police response times since Chief James Craig was appointed to the position of chief of police in July 2013.

**RESPONSE TO REQUEST NO. 13:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

14.     Any and all reports prepared since January 1, 2013 related to evaluations and/or recommendations of the DPD's personnel.  This includes any such reports and recommendations prepared by DPD members, any city consultants, including The Bratton Group, LLC, and Conway MacKenzie and specifically includes but is not limited to:

(a)     police officer deployment;

(b)     reorganization of the DPD entities;

(c)     command officer staffing;

(d)     civilianization;

(e)     timekeeping personnel;

(f)     Any reports prepared by the DPD or its consultants that determined how many additional civilian the DPD should hire.

**RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

15. All reports, memoranda and/or other documents created in 2012 or thereafter concerning the need, or lack thereof, for additional fire fighters, fire fighting vehicles or fire fighting resources generally.

### RESPONSE TO REQUEST NO. 15:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

16. All memoranda or communications prepared by an employee, agent, officer, or representative of Debtor or the Emergency Manager regarding whether the Plan does or does not discriminate unfairly.

### RESPONSE TO REQUEST NO. 16:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

17. All memoranda or communications prepared since the filing of the City's bankruptcy petition by an employee, agent, officer, or representative of the Debtor, the City or the Emergency Manager, or sent or given to any of the them, regarding funds that might be available to the City or any of its creditors from the State of Michigan, any Michigan State agency, the federal government or a federal agency.

### RESPONSE TO REQUEST NO. 17:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession,

custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

18. All assessments or analyses of potential funds that might be available for the City or any of its creditors from the State of Michigan, any Michigan State agency, the federal government or a federal agency

**RESPONSE TO REQUEST NO. 18:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

19. All memoranda or communications prepared by an employee, agent, officer, or representative of Debtor or the Emergency Manager regarding Christie's evaluation of and report regarding the DIA and/or its assets and/or holdings.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

20. All communications to or from Christie's, or any entity or individual working with or for Christie's, about the DIA, the DIA artwork, and/or Christie's evaluation and/or appraisal of the DIA art.

**RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

21.  All documents provided to or from Christie's, or any entity or individual working with or for Christie's, in connection with its evaluation and/or appraisal of the DIA art, including any draft reports, appraisals or evaluations.  All communications with any entity or individual other than Christie's about the performance of a potential appraisal of the DIA art.

**RESPONSE TO REQUEST NO. 21:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

22.  All documents and communications concerning the potential maximization of the value of the DIA art, including the potential sale of any of that art.

**RESPONSE TO REQUEST NO. 22:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

23.  All memoranda and communications prepared by an employee, agent, officer, or representative of Debtor or the Emergency Manager regarding the DIA Settlement.

17

**RESPONSE TO REQUEST NO. 23:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

24.     The two consultant reviews of the City's property tax collections systems that are mentioned on page 138 of the Amended Disclosure Statement.

**RESPONSE TO REQUEST NO. 24:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

25.     Communications with the two consultants who prepared the consultant reviews mentioned on page 138 of the Amended Disclosure Statement.

**RESPONSE TO REQUEST NO. 25:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

26.     All documents setting forth, discussing and/or mentioning the City's expected, predicted or projected population growth at any time in the next 30 years.

**RESPONSE TO REQUEST NO. 26:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

27. All documents setting forth, discussing and/or mentioning the City's expected, predicted or projected growth in available jobs at any time in the next 20 years.

   **RESPONSE TO REQUEST NO. 27:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

28. All communications with the Mayor's Office regarding: (a) any third party funding (other than debt funding) in excess of $5 million in the aggregate under a single program or from a single source actually or potentially available to the City, including but not limited to state, federal or private grants, aid or contributions, (b) all such funding that has been applied for or received by the City, and (c) all such funding that the City plans to apply for in the future.

   **RESPONSE TO REQUEST NO. 28:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

29.     All communications with the Mayor's Office, the Mayor or anyone working with or for the Mayor regarding State reductions in funding for the City.

        **RESPONSE TO REQUEST NO. 29:**

        Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

30.     All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and any Member of the United States Congress, the United States President, or their offices, assistants, representatives or agents.

        **RESPONSE TO REQUEST NO. 30:**

        Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

31.     All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and any representative of Macomb, Oakland, or Wayne Counties regarding the DWSD.

        **RESPONSE TO REQUEST NO. 31:**

        Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

13-53846-tjt    Doc 4490    Filed 05/06/14    Entered 05/06/14 20:19:01    Page 20 of 32

32.   All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and any policy institute, research institute, or think tank concerning the Bankruptcy case.

**RESPONSE TO REQUEST NO. 32:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

33.   All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and the Foundations concerning the Plan, the DIA Settlement or their contributions to the Plan.

**RESPONSE TO REQUEST NO. 33:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

34.   All communications between the Mayor's Office, the Mayor or anyone working with or for the Mayor and the DIA, the members of the DIA board, members of the DIA's administration, and DIA employees, concerning the Plan, the DIA Settlement or the DIA's or Foundations' contributions to the Plan.

**RESPONSE TO REQUEST NO. 34:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession,

custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

35. All documents describing the expected scope of work of the Department of Neighborhoods, the Department of Public Lighting, and the Detroit Land Bank.

**RESPONSE TO REQUEST NO. 35:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

36. All documents describing, and communications concerning, the future personnel hiring goals of the City.

**RESPONSE TO REQUEST NO. 36:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

37. All surveys of blighted and abandoned structures, and all plans to remove blight, including but not limited to, any survey in which Dan Gilbert participated in the preparation.

**RESPONSE TO REQUEST NO. 37:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

38.  All documents and communications describing or concerning the Mayor's job creation plans.

**RESPONSE TO REQUEST NO. 38:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

39.  All documents and communications describing or concerning the Mayor's parks initiative.

**RESPONSE TO REQUEST NO. 39:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

40.  All documents and communications describing or concerning the Mayor's plan to organize a City-owned automotive insurance plan or company.

**RESPONSE TO REQUEST NO. 40:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession,

custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

41. All documents and communications describing or concerning the Mayor's plan to sue landlords of blighted buildings, and/or pursue delinquent taxes from them.

### RESPONSE TO REQUEST NO. 41:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

42. All documents and communications describing or concerning any plans, proposals or offers by any entities to remove blight in the City.

### RESPONSE TO REQUEST NO. 42:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

43. All documents explaining, discussing or describing any actual or potential transaction involving a sale or lease of substantially all assets operated by DWSD to another entity, including but not limited to (a) data, notes, or analyses by hired consultants related to investigation of a privatization or other sale of DWSD assets to a private operator, and (b) any term sheets, memorandums of understanding or similar documents, whether in draft or final form, between the City and any prospective operator.

**RESPONSE TO REQUEST NO. 43:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

44.   All documents explaining, discussing, describing, showing or analyzing, in the event of any transaction described in Request No. 43 above: (a) the transfer and amount of GRS pension assets associated with DWSD employees and retirees to another entity, (b) the assumption and amount of liabilities associated with such a transfer of assets, and (c) the value to be paid to retirees on account of GRS Claims (as defined in the Amended Plan), including OPEB Claims.

**RESPONSE TO REQUEST NO. 44:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

45. All correspondence with private operators regarding the negotiation of a transaction described in Request No. 43, including but not limited to correspondence showing or reflecting the value or amount of assumed liabilities, deferred capital expenditures, rates charged to DWSD customers, operating maintenance budget or value of DWSD assets (whether individually or in the aggregate).

**RESPONSE TO REQUEST NO. 45:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

46. All documents relating to the "Indicative Interest Rates" for DWSD Bonds (as defined in Section I.A.95 of the Amended Plan) as set forth in Exhibit I.A.150 of the Plan, including but not limited to documents relating to the calculation of such rates and the assumptions underlying such calculation.

**RESPONSE TO REQUEST NO. 46:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

47. All correspondence and documents, including drafts, minutes, notes, relating to the City's understanding (or lack thereof) of how a DWSD Transaction would enable the City to make "larger, more rapid or more certain distributions to at least some of its creditors" as referenced in Section VIII.K of the Amended Disclosure Statement.

**RESPONSE TO REQUEST NO. 47:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

48. All documents showing or reflecting whether (a) any of the DWSD Bonds or the DWSD Revolving Bonds (as defined in Section I.A.108 of the Amended Plan) have call protection provisions, (b) there is an original issue premium in connection with any of the DWSD Bonds or DWSD Revolving Bonds, (c) there is any right to payment in connection with any such call protection or original issue premium, (d) any requests or demands on the City to

compensate holders of DWSD Bonds or DWSD Revolving Bonds on account of call protection or original issue premium, and (e) any analysis or position of the City with regard to call protection provisions or original issue premium.

### RESPONSE TO REQUEST NO. 48:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

49. All proposals submitted to the City in response to the City's request for information as to the potential public-private partnership for the operation and management of the DWSD as referenced in Section VIII.K.1.b of the Amended Disclosure Statement.

### RESPONSE TO REQUEST NO. 49:

The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

50. All documents reflecting or showing the City's analysis or evaluation of a potential public-private partnership for the operation and management of the DWSD as referenced in Section VIII.K.1.b of the Amended Disclosure Statement, including any analysis of proposals submitted to the City in response to the City's request for information.

**RESPONSE TO REQUEST NO. 50:**

The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

51. All documents reflecting, showing or discussing the calculations underlying the schedules set forth on Exhibit L to the Amended Disclosure Statement, including but not limited to the calculation of pension payments from DWSD to the GRS from 2014 to 2023.

**RESPONSE TO REQUEST NO. 51:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

52. All documents identified in the City's answers to the Interrogatories served by the Retiree Association Parties.

**RESPONSE TO REQUEST NO. 52:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understand

30

Dated: May 6, 2014          Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Requests by the Retiree Association Parties for the Production of Documents was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated: May 6, 2014

 /s/  Bruce Bennett
Bruce Bennett