## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In Re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO DEXIA'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to Dexia's First Request for the Production of Documents to the City of Detroit in Connection with the Amended Plan of Adjustment of Debts (the "Document Requests").

### GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by Dexia Crédit Local and Dexia Holdings, Inc. (the "Objectors"). The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party. Further, inadvertent production of any privileged or otherwise

protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.      The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents. To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.  To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the

Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In

addition, for the purposes of its responses to these Document Requests, the City

will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to

mean the most recently filed versions of those documents.

13.     The City objects to each and every one of the Objector's definitions

and requests to the extent they are or purport to be so comprehensive as to be

impossible or unduly burdensome and expensive to comply with literally. Many

definitions and requests are overly broad, vague, unduly burdensome, and do not

describe the requested documents with reasonable particularity. The City also

objects to each and every one of these Document Requests, and the instructions

and definitions therein, as overbroad, unduly burdensome, not relevant and not

reasonably calculated to lead to the discovery of admissible evidence to the extent

that they call for production of "all" documents relating to an individual topic or

subject area. Specifically, the City objects to the phrase "all" as it is used

throughout these Document Requests to the extent that it requires the City to

search for and review millions of pages of documents, many of which will have no

relevance to this litigation, in order to identify each and every document that may

possibly be responsive to a request.

14.     The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.     The City objects to the definition of "City," "you" and "your" insofar as they purport to include the City of Detroit, Michigan, and, as applicable, its officers, employees, representatives, attorneys, advisors and/or agents because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally

available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.     The City's general and specific objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.     By responding to these Document Requests, the City is not implicitly

or explicitly agreeing with or otherwise adopting the Objector's characterizations

or definitions contained therein, or admitting or conceding that the information

sought is likely to lead to the discovery of admissible evidence.  Except for any

facts explicitly admitted in the City's objections or responses, no admission of any

nature whatsoever is to be implied by or inferred from any statement anywhere in

this document.

20.     The City reserves the right to supplement these objections and

responses and to assert additional objections to these Document Requests and the

production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into

each of the objections set forth below and each response set forth below is made

without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

## PENSION CLAIMS

1.     All documents concerning the calculation of claims in classes 10 and
11 of the Plan (PFRS and GRS Pension Claims), including documents sufficient to
explain the assumptions and methods underlying the City's calculations.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

2. All documents concerning the proposed treatment of claims in classes 10 and 11 of the Plan (PFRS and GRS Pension Claims), including documents sufficient to explain the City's calculation of estimated recovery percentages in each class.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

3. Document sufficient to explain the assumptions and methods underlying the City's calculation of the Retirement System's UAAL, including the assumed rates of return on fund assets of 6.5% for PFRS and 6.25% for GRS.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

4. For each Retirement System, documents sufficient to explain and calculate the following components of the City's UAAL calculation:

(i) UAAL associated with accrued benefits as of the date of estimation;

(ii) UAAL associated with Future Benefits; and

(iii) of the Future Benefits, the amount of the UAAL that corresponds to future pay increases and how much corresponds to future service.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

5.     Documents provided by the City to current and former City employees describing or explaining their PFRS or GRS pension benefits.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

6.     All documents referenced in the Disclosure Statement created by Milliman, Inc. concerning PFRS and GRS Pension Claims, including all actuarial analyses, reports and letters.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

7.    All documents utilized by Milliman, Inc. in creating its actuarial analyses, reports and letters concerning PFRS and GRS Pension Claims.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

8.    All communications from Milliman, Inc. to the City concerning PFRS and GRS Pension Claims.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

9.    All communications from the City to Milliman, Inc. concerning PFRS and GRS Pension Claims.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

10.    Documents sufficient to disclose the range and frequency of rates of return used by Milliman, Inc. in pension calculations for municipalities other than the City.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

11.    All communications between or among the City, GRS, PFRS, the Retiree Committee, the Governor of the State of Michigan, the Attorney General of the State of Michigan, any labor union, or any other party, and/or the representatives and/or agents thereof, concerning (i) the calculation and allowance of PFRS and GRS Pension Claims, and (ii) the proposed treatment of PFRS and GRS Pension Claims under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

12.    The actuarial valuation data and reports either written by or provided to Milliman, Inc. concerning the June 30, 2013 valuation used to calculate PFRS and GRS Pension Claims and any updates thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

13. All documents reflecting the estimated or actual current market value of PFRS and GRS assets, including:

(i) All documents updating the actuarial valuations performed by Gabriel Roeder for the PFRS and the GRS as of June 30, 2012; and

(ii) All Pension Statements of Plan Net Assets and Statement of Changes in Plan Net Assets from July 1, 2013 to present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

14. Documents sufficient to explain the basis for the calculation of the proposed 6% - 14% reduction in current and monthly pension payments for PFRS beneficiaries.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

15. Documents sufficient to explain the basis for the calculation of the proposed 26% - 34% reduction in current and monthly pension payments for GRS beneficiaries.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

16.     Documents sufficient to explain the calculation contained in the Disclosure Statement that the elimination of COLA will result in a loss of 18% of the value of PFRS benefits and 13% of the value of GRS benefits.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

17.     For each Retirement System, all documents used to calculate the amount of Current Accrued Annual Pension.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

18.     For each Retirement System, documents sufficient to calculate the aggregate amount of Pension Claims and UAAL, if different, corresponding to frozen pension benefits.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

19.    For each Retirement System, documents sufficient to calculate the aggregate amount of Pension Claims and UAAL that will be satisfied by the payment of the Adjusted Pension Amount.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

20.    Year-by-year expenditure figures for distributions to GRS and PFRS beneficiaries for the years January 1, 2005 to present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

21.    All disability audits concerning GRS and PFRS for the period January 1, 2005 to present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

22.     All documents concerning the PFRS Hybrid Pension Plan and the GRS Hybrid Pension Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

23.     Documents sufficient to calculate the amount and value of all payments to be made to Active Employees under the GRS Hybrid Pension Formula and PFRS Hybrid Pension Formula.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

24.     Documents sufficient to calculate the amount of Pension Claims or UAAL that corresponds to the payments to be made to Active Employees under the GRS Hybrid Pension Formula and PFRS Hybrid Pension Formula.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

25. Documents sufficient to calculate the ASF Recoupment Percentage.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

26. Documents setting forth all current PFRS and GRS pension plan provisions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

27. Documents sufficient to identify the Trustees of GRS and PFRS and the tenure of each trustee for the period January 1, 2005 to present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

28. Documents sufficient to identify the accounts holding all Accrued Liability Funds held for GRS and/or PFRS pursuant to Section 47-2-18(d) of the City Code of Ordinances.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

29. Documents setting forth the actual and assumed annual return on assets of PFRS and GRS for the period January 1, 1991 to the present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

30. All legal, accounting and financial opinions concerning Pension Claims since January 1, 2004, including all drafts, final versions and communications related thereto.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

31.　The June 30, 2013 actuarial valuation reports concerning GRS and PFRS and the actuarial data file relating thereto.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## OPEB

32.　All documents concerning the calculation of claims in class 12 of the Plan (OPEB Claims), including documents sufficient to explain the assumptions underlying the City's calculations.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

33.　All documents concerning the proposed treatment of claims in class 12 of the Plan, including documents sufficient to explain the City's calculation of estimated recovery percentages.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

34.     Copies of all collective bargaining agreements, benefit plans and associated summary plan descriptions that purport to establish OPEB benefits.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

35.     All documents (including all actuarial analyses, reports and letters referenced in the Amended Disclosure Statement) created by Milliman, Inc. concerning OPEB Claims.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

36.     All documents used by Milliman, Inc. in creating its actuarial analyses, reports and letters relating to OPEB Claims.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

37. All communications from Milliman, Inc. to the City concerning OPEB Claims.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

38. All communications from the City to Milliman, Inc. concerning OPEB Claims.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

39. The June 30, 2013 actuarial valuation reports concerning OPEB and the actuarial data file relating thereto.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

40. Year-by-year expenditure figures for distributions in respect of OPEB, for the years January 1, 2005 to present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

41. Documents sufficient to establish OPEB medical and prescription retiree contribution amounts from June 30, 2011 to the present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

42. Documents sufficient to establish OPEB medical and prescription rate increases for the period January 1, 2005 to present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

43. Year-by-year estimated expenditure figures under the Plan beyond 2023 for (i) salaries, OPEB payments, active pension plans, and DWSD revenue streams, and (ii) hypothetical retiree benefits.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

44. All OPEB medical and prescription reports for the period January 1, 2009 to present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

45. Documents sufficient to explain the proposed changes to the City's OPEB benefits.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

46. Documents sufficient to explain impact of implementation of Affordable Care Act on the calculation of and proposed treatment of the OPEB Claims under the Plan, including documents quantifying the value of the Affordable Care Act subsidies to be provided to employees under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

47. Documents concerning the retiree population affected by the proposed changes to OPEB Benefits, including:

      (i)     the age and gender of those affected;

      (ii)    whether they are active or retired;

      (iii)   Medicare eligibility date;

      (iv)   name of applicable OPEB Plan; and

      (v)    the actuarial accrued liability attributable to each individual.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## TAX QUALIFICATION

48. All legal, actuarial or financial opinions related to the tax qualifications of GRS and PFRS.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

## GENERAL REQUESTS & EXPERTS

49. All documents that You have reviewed, identified, or relied upon in answering Dexia's First Set of Interrogatories to the City.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

50. All documents and all drafts of documents referenced as exhibits to the Disclosure Statement or Plan or that are to be included in any Plan Supplement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

51.    The biography, education and work history, or curriculum vitae of any person the City intends to call as a fact witness at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Plan, including without limitation, hearings concerning the approval of the Disclosure Statement in connection with the allowance and proposed treatment of Pension Claims and OPEB Claims.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

52.    All documents, including reports, models, or data compilations, which have been provided to, reviewed by, or prepared by or for any expert witnesses for purposes related to the Disclosure Statement or the Plan in connection with the allowance and proposed treatment of Pension Claims and OPEB Claims.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:

Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under the Federal Rules of Bankruptcy Procedure.

Dated: May 6, 2014                    Respectfully submitted,

                                      /s/  Bruce Bennett
                                      Bruce Bennett (CA 105430)
                                      JONES DAY
                                      555 South Flower Street
                                      Fiftieth Floor
                                      Los Angeles, California  90071
                                      Telephone:  (213) 243-2382
                                      Facsimile:  (213) 243-2539
                                      bbennett@jonesday.com

                                      David G. Heiman (OH 0038271)
                                      Heather Lennox (OH 0059649)
                                      JONES DAY
                                      North Point
                                      901 Lakeside Avenue
                                      Cleveland, Ohio  44114
                                      Telephone:  (216) 586-3939
                                      Facsimile:  (216) 579-0212
                                      dgheiman@jonesday.com
                                      hlennox@jonesday.com

                                      Jonathan S. Green (MI P33140)
                                      Stephen S. LaPlante (MI P48063)
                                      MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
                                      150 West Jefferson
                                      Suite 2500
                                      Detroit, Michigan  48226
                                      Telephone:  (313) 963-6420
                                      Facsimile:  (313) 496-7500
                                      green@millercanfield.com
                                      laplante@millercanfield.com

                                      ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Dexia's First Request for the Production of Documents to the City of Detroit in Connection with the Amended Plan of Adjustment of Debts was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated: May 6, 2014

/s/ Bruce Bennett
Bruce Bennett