UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | ) ) | Case No.: 13-53846 |
| Debtor. | ) ) | Hon. Steven W. Rhodes |
|  | ) ) ) |  |

**CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO FIRST SET
OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
OF DOCUMENTS DIRECTED TO THE CITY OF DETROIT**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33, as made

applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026,

7033, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits

the following objections and responses to the First Set of Interrogatories Directed

by creditor Carlton Carter, et al. to the City of Detroit (the "Interrogatories").[1]

The City's responses to these Interrogatories are provided without prejudice

to the City's right to supplement them at any time prior to trial or to otherwise

produce evidence based on later discovered information. As a result, the City

---

[1]   The City's objections and responses to the First Set of Document Requests
Directed to the City of Detroit are also contained herein, beginning at page
24.

reserves the right to supplement its responses in light of new information or inadvertent errors or omissions herein.

Moreover, the City's responses to these Interrogatories shall be made without prejudice to the City's right to introduce any and all evidence of any kind in these proceedings. Further, the City reserves the right to introduce evidence from any witness during these proceedings, even if that evidence was not provided in response to these Interrogatories due to mistake, oversight, inadvertence, misinterpretation, or otherwise.

Finally, a response to any of these Interrogatories does not constitute an implicit or explicit admission by the City that it agrees with any of Carlton Carter, Bobby Jones, Roderick Holley and Richard T. Weatherly's (the "Objectors") characterizations or definitions contained therein, or that the information sought is likely to lead to the discovery of admissible evidence. Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

## GENERAL OBJECTIONS TO INTERROGATORIES

The City incorporates the following general objections into each of its specific responses to these Interrogatories. The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of City's general objections.

1.       The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. See Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.       The City's response to each and every one of these Interrogatories is subject to any applicable competence, relevance, materiality, propriety, and admissibility objections, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if any of these Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court.  The City explicitly reserves all such objections and may interpose them at trial.

3.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that they seek information subject to the attorney-client privilege, attorney work product doctrine, the settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, any responses to these Interrogatories shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

4.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

5.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

13-53846-tjt   Doc 4493   Filed 05/06/14   Entered 05/06/14 20:25:02   Page 4 of 36

6.      The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek discovery of information that is not reasonably accessible, on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular interrogatory, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

7.      The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege information. Accordingly, the City's responses to these Interrogatories are based upon (1) a reasonable search, given the time permitted to respond to these Interrogatories, of facilities and files reasonably expected to possess responsive, non-privilege information and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege information.

8.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the City objects to each and every one of these Interrogatories, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information relating to an individual topic or subject area for a time period outside the scope of the subject matter at issue in this proceeding.

10.     The City objects to each and every one of the Objectors' definitions, instructions, and interrogatories to the extent that they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to answer literally.  Such definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested information with reasonable particularity.  The City also objects to each and every one of these Interrogatories, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

evidence to the extent they seek information regarding "any" or "all" persons, entities, objects, or events relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Interrogatories to the extent that it requires the City to engage in extensive research, in order to identify each and every matter that may possibly be responsive to an Interrogatory.

11. The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Interrogatory to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Interrogatory. To that end, any terms not otherwise defined by these Interrogatories, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Interrogatories, the City will define the terms "Plan,"

"Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

12.     The City objects to each and every one of these Interrogatories to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objectors' claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, the City's responses to these Interrogatories are limited to the time period of January 1, 2013 through the date of the City's response to these Interrogatories.

13.     The City objects to the definition of "City," "you" and "your"  insofar as they purport to include "City of Detroit, and any of its attorneys, agents, employees, representatives or other persons acting or purporting to act on its behalf" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for information that is not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

14.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City

objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information that is publicly available and/or already in the Objectors' possession, as providing such information would be unduly burdensome.

15.     The City objects to these Interrogatories insofar as they exceed the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016, and to the extent they contain multiple and often unrelated subparts that should be the subject of multiple, separate interrogatories.

16.     The City's general and specific objections are made based on its understanding and interpretation of each Interrogatory.  The City reserves the right to supplement its Objections should Objectors subsequently put forth an interpretation of any Interrogatory differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Interrogatories.

17.     The City's responses to these Interrogatories reflect the current state of its knowledge and understanding regarding matters about which the inquiry has been made.  The City reserves its rights to supplement or modify its responses with

any relevant information as it may hereafter discover and will do so to the extent required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

18.     By responding to these Interrogatories, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objectors' characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

19.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## RESPONSES TO INTERROGATORIES

1.     State the name and address of the person(s) answering these Discovery Requests. Further, identify those person(s) who assisted you in answering these Discovery Requests, specifying the role of each person.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Based on the large number of interrogatories propounded to the City, the time limits on the response, and the number of individuals involved in this effort,

the City objects as this interrogatory is overly broad and unduly burdensome. Subject to and without waiving its objections, the City refers the Objectors to its Witness List [Dkt. 4187], and further responds that, in addition to counsel, the individuals, or their staffs, who contributed to the responses to these interrogatories, are identified on the Witness List.

2.      Identify and produce each document you reviewed in order to formulate any portion of your response to these Discovery Requests.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad, and unduly burdensome.  Subject to and without waiving its objections, the City responds that it will produce non-privileged documents in its possession, custody or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

3.      For each witness that you may call at the time for hearing or trial, please provide the following:

    a.  Identify the name of the witness;

    b.  Provide the home and work address of the witness;

    c.  Provide the home and work telephone numbers of the witness;

    d.  Describe the facts that you anticipate the witness will testify to.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, the City objects as this interrogatory is unduly burdensome.  The City further objects to the extent that this interrogatory

seeks information or documents that are privileged or otherwise protected from disclosure. Subject to and without waiving its objections, the City states that it already has provided its witness list in accordance with the Court's Scheduling Order. See Docket No. 4187.

4.    For each document that you intend to offer into evidence or otherwise use at the time of the hearing or trial, please provide the following:

    a. Identify the exhibit;

    b. Summarize its contents;

    c. Identify its current location; and

    d. Provide a copy of the exhibit.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections, the City objects as this interrogatory is premature under the current pretrial scheduling order. Subject to and without waiving its objections, the City responds that it will respond to this interrogatory in accordance with any applicable scheduling order entered by the Bankruptcy Court and as required under the Bankruptcy Rules.

5.    As to each expert you have consulted or retained, please state the following:

    a. Set forth the full name, professional business name (if applicable), business and/or home address and telephone number for each and every expert witness;

    b. Please identify all material reviewed by each expert witness from the date of first contact to the date of the answer of these Interrogatories;

c. Please list all documents that each expert has been given to review, and attach a copy of each document.

d. Please state whether any of the above-named witnesses provided you or your attorney with a written report or an oral report;

    i. If so, the date of the report;
    ii. The dates of any supplemental reports;
    iii. If written, attach copies of said written reports;

e. State whether each expert's report(s) has been memorialized by a writing, telephone transcript, video or audiotape. If so, produce a copy of same.

f. Please identify the field in which each witness claims to be an expert;

g. State the subject matter about which the expert is expected to testify;

h. State the substance, facts, and opinions of which the expert is expected to testify;

i. Supply a summary of the grounds and/or basis for each opinion, which will be supplied by the expert witness at trial;

j. State whether each expert has conducted any tests, independent investigations, or experiments in the course of his/her work in this case. If so, for each expert please provide the following:

    i. The purpose of the test, investigation or experiment;
    ii. How the test, investigation or experiment was conducted;
    iii. Produce a copy of the results of the test, investigation or experiment.

k. Please list the title, publisher, applicable page numbers, and publication date of all textbooks, articles and journals upon which each expert relied in forming his/her opinions.

l. As to each witness listed above, please attach a *Resume or Curriculum Vitae* or set forth at least the following:

    i. All degrees and dates of the degree;
    ii. The schools each witness attended after high school;
    iii. All articles which each witness has participated in writing;

    iv. The names of all books each witness has authored or co-authored;
    v. The title and dates of each presentation each witness has made;

n. List all of the expert witness' publications in the field of expertise for which he/she has been retained in the case. For each publication, provide the following:

    i. The name and date of the textbook, article, journal or other publication containing the expert's publication;
    ii. If applicable, the volume and page numbers containing the publication;
    iii. If applicable, the title of the textbook or article.
    iv. Produce a copy of each publication.

o. State the number of times and dates upon which each expert has been retained by you or your attorneys to testify or consult in any lawsuit.

p. How much time has each expert spent working on this case?

q. What is each expert's fee schedule?

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections, the City objects as this interrogatory is overly broad, unduly burdensome and premature under the current pretrial scheduling order. Subject to and without waiving this objection and the general objections noted above, the City responds that it will identify experts in accordance with any applicable scheduling order entered by the Bankruptcy Court and as required under the Federal Rules of Bankruptcy Procedure.

6. Please identify all items of personal property in which the City asserts any ownership interest, that the City believes to be located within the 36th District Court.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the City responds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence because (a) the City has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; and (b) the City cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Subject to and without waiving its objections, the City refers the Objectors to an inventory of City assets used by the 36th District Court, at POA00214165.

7.      Identify each document that the City has in its possession and control or that it intends to introduce as evidence to establish that the interests of the City are similar to or identical to those of the 36th District Court.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and premature based on the current pretrial scheduling order. Further, the City objects that the interrogatory purports to impose an obligation on the City beyond that imposed by the applicable Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.

Subject to and without waiving its objections, the City responds that it will provide the requested information in accordance with the final pretrial scheduling order.

8.    Identify each document the City has in its possession and control or that it intends to introduce as evidence to establish that the City of Detroit has a obligation to pay any awards or judgments arising out of the disputes raised by the holders of Indirect 36th District Court Claims.

## OBJECTION AND RESPONSE TO INTERROGATORY REQUEST NO. 8:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome, and premature under the pretrial scheduling order. Further, the City objects to this interrogatory on the grounds that the response elicited and documents sought can be located in publicly available statutes and case law, which are equally accessible to the Objectors. Finally, the City objects to the extent that this interrogatory purports to impose an obligation on the City beyond that imposed by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure. Subject to and without waiving its objections, the City responds that it will provide information relating to the evidence to be introduced at the Plan confirmation hearing in accordance with the final pretrial scheduling order and LBR 7016-1 and will address these legal issues in connection with its briefing in support of confirmation of the Plan.

9.    Identify each document the City has in its possession and control or that it intends to introduce as evidence to establish that the 36th District Court has the right to demand from the City, payment, indemnification or reimbursement of the amounts that may be awarded to the holders of Indirect 36th District Court Claims.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and premature under the pretrial scheduling order. Further, the City objects to this interrogatory on the grounds that the response elicited and documents sought can be located in publicly available statutes and case law, which are equally accessible to the Objectors. Finally, the City objects to the extent that this interrogatory purports to impose an obligation on the City beyond that imposed by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure. Subject to and without waiving its objections, the City responds that it will provide information relating to the evidence to be introduced at the Plan confirmation hearing in accordance with the final pretrial scheduling order and LBR 7016-1 and will address these legal issues in connection with its briefing in support of confirmation of the Plan.

10. Identify each document the City has in its possession and control or that it intends to introduce to establish that the suits, actions or other legal proceedings that have been brought by the holders of Indirect 36th District Court Claims will deplete the assets of the bankruptcy estate of the City of Detroit.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and premature under the pretrial scheduling order. Further, the City objects to this interrogatory on the grounds that the response elicited and documents sought can be located in publicly available

statutes and case law, which are equally accessible to the Objectors.   Finally, the

City objects to the extent that this interrogatory purports to impose an obligation on

the City beyond that imposed by the Federal Rules of Civil Procedure and/or the

Federal Rules of Bankruptcy Procedure.   Subject to and without waiving its

objections, the City responds that it will provide information relating to the

evidence to be introduced at the Plan confirmation hearing in accordance with the

final pretrial scheduling order and LBR 7016-1 and will address these legal issues

in connection with its briefing in support of confirmation of the Plan.

11.    Identify each document the City has in it possession and control or
that it intends to introduce as evidence to establish that the 36th District Court has
contributed substantial assets to the City's reorganization.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:

In addition to its General Objections, the City objects as this interrogatory is

vague, overbroad, unduly burdensome and premature based on the current pretrial

scheduling order.   Further, the City objects that this interrogatory purports to

impose an obligation on the City beyond that imposed by the applicable Federal

Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.

Subject to and without waiving its objections, the City responds that it will provide

the requested information in accordance with the final pretrial scheduling order.

12.    Identify all assets, property or money that the 36th District Court has contributed to the City's reorganization.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad and unduly burdensome.  Subject to and without waiving these objections, the City responds that the 36th District Court has engaged in various cost savings activities that are projected to continue into the future, as well as efforts to increase the collection of revenues.  These activities reduce the financial responsibility of the City of Detroit with respect to the 36th District Court and thus constitute contributions by the 36th District Court to the City of Detroit's reorganization.

13.    Identify all assets, property or money that the 36th District Court has promised to contribute to the City's reorganization.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad and unduly burdensome.  Subject to and without waiving these objections, the City responds the 36th District Court has engaged in various cost savings activities that are projected to continue into the future, as well as efforts to increase the collection of revenues.   These activities reduce the financial responsibility of the City with respect to the 36th District Court and thus constitute contributions by the 36th District Court to the City's reorganization.

14.    Identify each document the City has in its possession and control or that it intends to introduce as evidence to establish that an injunction against the holders Indirect 36th District Court Claims is essential to the City's reorganization.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome, and premature under the pretrial scheduling order.   Further, the City objects to this interrogatory on the grounds that the response elicited and documents sought can be located in publicly available statutes and case law, which are equally accessible to the Objectors.   Finally, the City objects to the extent that this interrogatory purports to impose an obligation on the City beyond that imposed by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.   Subject to and without waiving its objections, the City responds that it will provide information relating to the evidence to be introduced at the Plan confirmation hearing in accordance with the final pretrial scheduling order and LBR 7016-1 and will address these legal issues in connection with its briefing in support of confirmation of the Plan.

15.    Identify each document the City has in its possession and control or that it intends to introduce as evidence to establish that the Plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and premature under the pretrial scheduling

order.  Further, the City objects to the extent that this interrogatory purports to impose an obligation on the City beyond that imposed by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.  Subject to and without waiving its objections, the City responds that it will provide information relating to the evidence to be introduced at the Plan confirmation hearing in accordance with the final pretrial scheduling order and LBR 7016-1.  Further, the City responds that, assuming the "injunction" referred to in this interrogatory is one against Indirect 36th District Court Claims, the classified claims affected by the injunction would be classified in Class 14.  Under the terms of the Plan, Class 14 Claims are not paid in full and instead are subject to the treatment described therein.

16.    Identify each document the City has in its possession and control or that it intends to introduce as evidence to establish that the Plan provides an opportunity for the Holders of Indirect 36th District Court Claims to recover the full amount of their claims outside of this bankruptcy case.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:

In addition to its General Objections, the City objects to the interrogatory as vague, overbroad, unduly burdensome and premature under the pretrial scheduling order.  Further, the City objects to the extent that this interrogatory purports to impose an obligation on the City beyond that imposed by the Federal Rules of Civil Procedure and/or the Federal Rules of Bankruptcy Procedure.  Subject to and without waiving its objections, the City responds that it will provide information

relating to the evidence to be introduced at the Plan confirmation hearing in accordance with the final pretrial scheduling order and LBR 7016-1.  Further, the City responds that the  Plan does not provide an opportunity for the holders of Indirect 36th District Court Claims to recover the full amount of their claims from the City, either directly or indirectly, outside of this bankruptcy case.  Accordingly, the City is not aware of any documents responsive to this interrogatory.

17.    For 2014 and for each of the next 5 years, please state the source and amount of all revenues that City expects the 36th District Court to generate from the Court's operations.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad and unduly burdensome.  Subject to and without waiving its objections, the City refers the Objectors to the Disclosure Statement, including the summary of restructuring initiatives and financial projections attached thereto as Exhibits I through K.

18.    Identify each person whom the City knows has knowledge about the 36th District Court's operating budget, operating revenue, and operating expenditures.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad and unduly burdensome.  Subject to and without waiving its objections, the City responds that each of the following individuals has knowledge

of the 36th District Court's finances:   Honorable Michael J. Talbot, Herbert

Burden, John Hill and Chris Gannon.

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure Rules 7026, 7034, 9014, and 9016, the City hereby submits the following objections and responses to First Set of Requests for Production of Documents Directed to the City of Detroit (the "Document Requests").

## GENERAL OBJECTIONS TO DOCUMENT REQUESTS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by the Objectors, Carlton Carter, Bobby Jones, Roderick Holley and Richard T. Weatherl. The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.  The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert

materials prior to the time specified in the Scheduling Order for disclosure of experts. See Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts); Fed. R. Civ. P. 26(a)(2)(D)("A party must make these disclosures at the times and in the sequence that the court orders.").

2.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a

privilege log with its productions of documents in response to these Document Requests.

4.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information

protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.      The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of electronic information that is not reasonably accessible, on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its

officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents. To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.  To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement").  In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13.     The City objects to each and every one of the Objectors' definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally.  Many definitions and requests are overly broad, vague, unduly burdensome, and do not

describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14.    The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objectors' claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.    The City objects to the definition of "City," "you" and "your" insofar as they purport to include "City of Detroit, and any of its attorneys, agents, employees, representatives or other persons acting or purporting to act on its

behalf" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objectors' possession, as providing such information would be unduly burdensome.

17.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to

the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.    The City's general and specific objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19.    By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objectors' characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence.  Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20.    The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

### Request for Production No. 1:

Please identify and produce each document that you identified, located, discovered the existence of, observed, reviewed, or examined relating to your response to Creditors' interrogatories No. 1 though 21 above.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated:     May 6, 2014     Respectfully submitted,

/s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## VERIFICATION

I, Kevyn D. Orr, state that I sign and verify the foregoing Debtor's Responses to the foregoing Interrogatories on behalf of Debtor, and that I am duly authorized to do so. I verify under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct, except as to those matters as to which I lack personal knowledge. As to those matters I state that, based on the information available to me, they are true and correct to the best of my information and belief.

May 6, 2014

_____
Kevyn D. Orr

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to First Set of Interrogatories and Requests for Production of Documents Directed to the City of Detroit was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated:      May 6, 2014                    /s/  Bruce Bennett
                                           Bruce Bennett