UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Case No.:  13-53846 |
| CITY OF DETROIT, MICHIGAN | Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

## CITY OF DETROIT'S OBJECTIONS
## AND RESPONSES TO INTERESTED PARTY
## DAVID SOLE'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure Rules 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to Interested Party David Sole's Requests for Production of Documents (the "Document Requests").

### GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by David Sole (the "Objector").  The assertion of the same, similar, or additional objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party.  Further, inadvertent production of any privileged or otherwise

protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.      The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure.  Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.     The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)).  Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents. To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request. To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement").  In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13.     The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally.  Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity.  The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area.  Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14. The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

16. The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that the Objector has drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33,

as made applicable to this proceeding by the Federal Rules of Bankruptcy

Procedure 7026, 7033, 9014, and 9016. The City further objects to each and every

one of these Document Requests, and the instructions and definitions therein, to

the extent that any of the requests, definitions, or instructions purport to require the

City to create documents in order to respond to any particular request.

17.     The City's general and specific objections are made based on its

understanding and interpretation of each Document Request. The City reserves the

right to supplement its objections should the Objectors subsequently put forth an

interpretation of any Document Request differing from the City's interpretation of

the same language. The City reserves the right to object on any ground at any time

to other discovery requests Objectors may propound involving or relating to the

same subject matter of these Document Requests.

18.     By responding to these Document Requests, the City is not implicitly

or explicitly agreeing with or otherwise adopting the Objector's characterizations

or definitions contained therein, or admitting or conceding that the information

sought is likely to lead to the discovery of admissible evidence. Except for any

facts explicitly admitted in the City's objections or responses, no admission of any

nature whatsoever is to be implied by or inferred from any statement anywhere in

this document.

19.     The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

20.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

1.     Any and all reports of the Detroit Blight Task Force.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

2.     Any and all documents, reports, emails, etc., identifying which Detroit homes are being identified as blighted and subject to demolition.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

3.     Any and all documents, reports, emails, etc., identifying which Detroit homes identified in Requests for Production of Documents 1 or 2 are bank-owned or Fannie Mae or Freddie Mac owned.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

4.     Any and all documents, reports emails, etc., identifying which Detroit homes identified in Requests for Production of Documents 1 or 2 are occupied, including those which are occupied by "squatters."

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

5.     Any and all documents, reports, emails, etc., documenting how much the City of Detroit paid in property tax charge backs to Wayne County for the years 2010 to 2014.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

6.  Any and all documents, reports, emails, etc., identifying which Detroit homes were the source for the charge backs paid by the City of Detroit.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

7.  Any and all documents, reports, emails, etc., identifying which Detroit homes that were the source for the charge backs paid by the City of Detroit were bank-owned or owned by Fannie Mae or Freddie Mac.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

8.  A list of all corporations based in the city of Detroit that are receiving property tax abatements, and any and all documents regarding the tax abatements.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

9.    Any and all reports, studies, emails, etc., establishing compliance of corporations identified in Request for Production 8 with the terms of the property tax abatements.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

10.    A copy of all contracts with professional consultants or any other individuals who received professional fees as identified in the attached Mulhatra report for the years 2013-2014.  (*See* Exhibit 1)

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

11.    A copy of all reports issued by professional consultants or any other individuals who received professional fees as identified in the attached Mulhatra report for the years 2013-2014.  (See Exhibit 1)

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

12.    Any and all documents establishing the work performed by consultants or any other individuals who received professional fees as identified in the attached Mulhatra report for the years 2013-2014 (see Exhibit 1), including hours spent on the work and payment per hour for work performed.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

13.    A copy of all documents leading to the payment of termination fees to swap counterparties for the years 2010-2012 in connection with interest rate swaps with the Detroit Water and Sewerage Department, including documents that establish the basis for the payment of the termination fees and the amount paid.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

14.    Any and all correspondence between Emergency Manager Kevyn Orr and the Securities and Exchange Commission.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

15. Any and all correspondence between the City of Detroit and State of Michigan regarding the payment of revenue sharing from the State to the City from 2005 to the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

16. Any and all documents that establish the authority of the Emergency Manager to privatize or sell the Detroit Public Lighting Department.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

17. Any and all documents that establish the authority of the Emergency Manager to privatize or sell the Detroit Water and Sewerage Department.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

18.    Any and all correspondence, offers, bids, etc., to any private entity in connection with the possible sale of the Detroit Water and Sewerage Department.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement.   Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.   On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction.   The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents.   However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

19.    Any and all documents, emails, correspondence, etc., with the Michigan State Housing Development Authority concerning the distribution and procurement of Helping Hardest Hit Homeowner funds by the City of Detroit either for its own behalf or on behalf of City residents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

20.     Any and all documents, emails, correspondence, etc., with the United States Department of Treasury concerning the distribution and procurement of Helping Hardest Hit Homeowner funds by the City of Detroit either for its own behalf or on behalf of City residents.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

21.     Any and all documents pertaining to the receipt of federal CSBG grant funds from the State of Michigan by the City of Detroit and the distribution of those funds for the years 2011-2014.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

22.   Any and all documents, emails, correspondence, etc., between the City of Detroit and the Obama administration or any of its departments for the years 2012-2014.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

23.   Any and all correspondence with Moody's, Standard and Poors, and Fitch Ratings Services, including emails from 2005 to the present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

24.   Any and all studies by any department of the City of Detroit concerning the role of the banks in the City's foreclosure crisis for the years 2004 to the present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

25.    Any and all studies by the City of Detroit in connection with the impact of Libor fraud by Bank of America, United Bank of Switzerland or any other financial institution on the City of Detroit's finances.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

26.    Any documents that establish the number of City of Detroit workers employed in union positions for each year from 2005 to the present, and the total amount in wages paid to the union employees for each year.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

27.    Any and all documents establishing expenditures by and revenues received by the Parking Violations Bureau.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated:      May 6, 2014      Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit's Objections and Responses to Interested Party David Sole's Requests for Production of Documents was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated:        May 6, 2014                    /s/  Bruce Bennett
                                             Bruce Bennett