# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO DETROIT RETIREMENT SYSTEMS' REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to Detroit Retirement Systems' Requests for Production of Documents Directed to the City of Detroit (the "Document Requests").

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Document Requests served by Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (the "Objectors"). The assertion of the same, similar, or additional

objections, or a partial response to any individual request, does not waive any of the City's general objections.

1.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. *See* Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that they seek production of documents or things that are subject to the attorney-client privilege, attorney work product doctrine, settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any

third party.  Further, inadvertent production of any privileged or otherwise protected documents in response to these Document Requests shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

3.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a privilege log containing, with respect to each document withheld on a claim of privilege, a statement describing the document and the nature of the privilege.  The City will not provide such a privilege log with its productions of documents in response to these Document Requests.

4.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they require the City to provide a log containing, with respect to each document that has been destroyed, lost, mislaid, or is otherwise missing, a statement describing the document and information regarding the circumstances under which it was destroyed, lost, mislaid, or otherwise missing.  The City will not provide such a log with its productions of documents in response to these Document Requests.

5.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

6.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

7.     The City's production of documents will include materials that contain third party personally identifiable information (as that term is defined in the Protective Order (Dkt. 0688)). Pursuant to the terms and conditions set forth in the Protective Order, the City reserves the right to redact such personally identifiable information from any documents that may be produced in response to these Document Requests.

8.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek discovery of

electronic information that is not reasonably accessible, on the grounds of undue burden and cost.  By stating that it will produce or make available information responsive to a particular Document Request, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

9.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege documents. Accordingly, the City's responses to these Document Requests are based upon (1) a reasonable search, given the time permitted to respond to these Document Requests, of facilities and files reasonably expected to possess responsive, non-privilege documents and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege documents.  To that end, the City will not produce documents from the City's attorneys – namely, Jones Day, Pepper

Hamilton LLP and Miller, Canfield, Paddock, and Stone, P.L.C, unless it indicates otherwise in connection with a specific request.

10.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

11.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

12.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court.  The City will respond to each and every Document Request to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Document Request.  To that end, any terms not otherwise defined by these Document Requests, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed

version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Document Requests, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

13.    The City objects to each and every one of the Objector's definitions and requests to the extent they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to comply with literally. Many definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested documents with reasonable particularity. The City also objects to each and every one of these Document Requests, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they call for production of "all" documents relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Document Requests to the extent that it requires the City to search for and review millions of pages of documents, many of which will have no relevance to this litigation, in order to identify each and every document that may possibly be responsive to a request.

14.    The City objects to each and every one of these Document Requests to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objector's claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, unless otherwise indicated, the City's responses to these Document Requests are limited to the time period of January 1, 2013 through the date of the City's response to these Document Requests.

15.    The City objects to the definition of "City," "you" and "your" insofar as they purport to include "the City of Detroit, Michigan, and, as applicable, its officers, employees, representatives, attorneys, advisors and/or agents" because such an expansive definition is overly broad, unduly burdensome, and potentially calls for the production of documents that are not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

16.    The City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.  Specifically, the City objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent the information sought is equally

available to the Objectors, including information and documents that are publicly available and/or already in the Objector's possession, as providing such information would be unduly burdensome.

17.     The City objects to each and every one of these Document Requests, and the instructions and definitions therein, insofar as they constitute interrogatories that Plaintiffs have drafted in the form of document requests in an effort to avoid the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016.  The City further objects to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that any of the requests, definitions, or instructions purport to require the City to create documents in order to respond to any particular request.

18.     The City's general and specific objections are made based on its understanding and interpretation of each Document Request.  The City reserves the right to supplement its objections should the Objectors subsequently put forth an interpretation of any Document Request differing from the City's interpretation of the same language.  The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Document Requests.

19. By responding to these Document Requests, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objector's characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

20. The City reserves the right to supplement these objections and responses and to assert additional objections to these Document Requests and the production of documents as necessary.

21. Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## REQUESTS FOR PRODUCTION

1. Produce all documents that are identified in, evidence, support, or relate to your responses to the Detroit Retirement Systems' Requests for Admissions Directed to the City of Detroit, Michigan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

       2.     Produce all documents that are identified in, evidence, support, or relate to your responses to the Detroit Retirement Systems' Interrogatories Directed to the City of Detroit, Michigan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

       3.     With respect to any potential DWSD Transaction and any potential privatization transaction for DWSD that has been discussed with or considered by the City within the last 18 months, produce all term sheets, communications, proposals, working drafts, financial analyses of proposed transactions, and documents relating to the proposed uses of funds to be received as a result of any such DWSD Transaction.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. However,

subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

4.  With respect to the DIA, produce the following:

    i.   a schedule or inventory of all of the artwork (the entire collection, not just the portion appraised by Christie's);

    ii.  all insurance policies and renewal policies related to the art issued within the last 10 years, and any appraisals or valuations performed in connection with the issuance of said policies;

    iii. any appraisals (other than the one performed by Christie's) performed at any time for any particular piece or portion of the DIA collection within the last 10 years;

    iv.  a complete copy of the most recently updated Christie's appraisal;

    v.   all communications between the City and Christie's, any and all engagement letters, underlying documents exchanged between the City and Christie's, all documents relied upon in connection with Christie's appraisal, and the curriculum vitae of the individual(s) who conducted the Christie's appraisal;

    vi.  all instruments transferring art to the DIA, documents evidencing the City's purchase of art, any documents evidencing ownership interests in the art, or reflecting the City's possessory or ownership interest in the DIA art, including documents that may reflect restrictions on the transfer or sale of the DIA art;

    vii. all documents relating to valuations, appraisals, or estimated fair market value for the "Museum Assets" as that term is defined in the DIA Settlement Term Sheet, including the art

collection, operating assets, buildings, parking lots and structures, and the like;

viii. all documents and communications between the DIA Corp., the Foundations, and/or the City expressing an opinion as to the City's ability to sell or otherwise monetize the art.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

5. With respect to the DIA Settlement, produce the DIA Settlement Documents and any drafts thereof; drafts of terms sheets; copies of the City's agreement with the Foundations; draft agreements; and, all related communications.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

6. With respect to the DIA Corp.'s pledge to fund $100 million to the DIA Settlement, produce all communications, proposed term sheets, drafts of terms sheets, draft agreements evidencing the DIA Corp.'s pledge or commitment for the funding, and all documents demonstrating how much, if any, has been raised to date.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

7.     Produce all documents evidencing the current dollar amount of any unrestricted endowments of the DIA.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

8.     With respect to the State Contribution, produce all communications between the City, the State, and/or other third-parties, draft state legislation, required terms, conditions for approval, governance terms, documents relating to the poverty level analysis, and all documents regarding how the funds will be allocated.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

9.    Produce all documents relating to the Hardship Fund for Pensioners, as described in Section II.A.2(c) of the Disclosure Statement, including all communications between the City, the State, and/or other third-parties, draft state or local legislation, term sheets including drafts thereof, and all documents setting forth the terms on which pensioners may become eligible for additional benefits and how additional benefits will be allocated.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.


10.    Produce all documents and communications between the City and the State of Michigan relating to the Plan, the Disclosure Statement, the DIA Settlement, and the State Contribution.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.


11.    Produce all documents underlying the actuarial assumptions and treatment of pension benefits and Pension Claims in Plan, including all documents prepared or relied upon by Milliman and/or the City.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

12.  Produce all documents relating to the return on investment
assumptions proposed by the City under the Plan, including all documents relating
to the frequency with which the return rates being urged by the City are used by
other public employee retirement systems, and the propriety of adopting the return
on investment assumptions proposed by the City under the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

13.  Produce all documents evidencing the City's right to set the discount
rates and return on investment assumptions for the PFRS and the GRS.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

14.    Produce all documents, communications, analyses, memoranda, reports, models, studies or other information prepared by Milliman for the City in connection with this case and/or the Plan and Disclosure Statement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

15.    Produce all documents and analyses relating to whether the PFRS or the GRS will have a funding level of more than 80% by June 30, 2023, and how such additional funding will affect the estimated percentage recoveries for pension claims in Classes 10 and 11.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

16.    Produce all documents that relate to the calculation of the PFRS Pension Claims and the GRS Pension Claims reflected in the Disclosure Statement and the Plan, including without limitation the underlying assumptions and methods used in the calculations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

17.     Produce all documents that relate to the PFRS Restoration Payment and the GRS Restoration Payment.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

18.     Produce all documents that relate to the Annuity Savings Fund recoupment proposed in the Plan, including documents relating to the ASF Recoupment Percentage and the ASF Distribution Recipient(s).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

19.     Produce all documents reflecting the City's projected annual contributions to the PFRS and the GRS following confirmation of the Plan through December 31, 2054, based on the actuarial assumptions used by the City in formulating the Plan and taking into account the restructuring of the pension obligations as proposed in the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

20.   Produce all documents and communications that relate to the GRS Hybrid Pension Formula and the PFRS Hybrid Pension Formula, including documents and communications that reflect the analysis conducted to derive those formulas, and the figures and results such formulas may yield.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

21.   Produce all documents and communications from the Pension Task Force.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

22.   Produce all documents relating to any proposed or anticipated modifications or amendments to any ordinance, statute, City Charter, and the like,

as well as any other potential legislative changes relating to or required for implementation of the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

23. Produce all documents and communications that evidence or relate to the valuation and/or potential monetization initiatives, through sale, lease or otherwise, of City-owned assets valued in excess of $5 million, including without limitation: (i) artwork owned or held in the DIA, *other than* the monetization efforts that relate to the potential DIA Settlement; (ii) the Detroit-Windsor Tunnel; (iii) the Veterans' Memorial Building; (iv) City-owned parking facilities; (v) Coleman A. Young Municipal Airport; (vi) Joe Louis Arena; and (vii) City-owned land referenced in the Disclosure Statement.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

24. Produce documents relating to the anticipated use of proceeds received from any monetization of City-owned assets valued in excess of $5 million, including without limitation: (i) artwork owned or held in the DIA, *other than* the monetization efforts that relate to the potential DIA Settlement; (ii) the Detroit-Windsor Tunnel; (iii) the Veterans' Memorial Building; (iv) City-owned parking facilities; (v) Coleman A. Young Municipal Airport; (vi) Joe Louis Arena; and (vii) City-owned land referenced in the Disclosure Statement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

25. Produce all contracts for outsourcing or privatizing City services and operations, cost of outsourcing and analysis of cost savings.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

26. Produce all documents relating to any potential public-private partnership with respect to the DWSD, as described in Section VIII.K.1.(b) of the Disclosure Statement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

The City objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged

documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

27. Provide the City's projected cash flows through 2054, including year-by-year projections and distributions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

28. Produce all documents that reflect an estimate of the aggregate allowed amount of, and the recoveries on, the COP Claims and the basis for those estimates.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

29. Produce all documents and communications that relate to the City's derivation of its estimate of the recovery under the Plan for the holders of Limited Tax General Obligation Bonds.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

30.     Produce all documents relating to the UTGO settlement announced on
April 9, 2014 through the Statement of Detroit Bankruptcy Mediators, including all
term sheets, communications, and draft settlement agreements.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

31.     Produce all documents that reflect any research or analysis conducted
by or for the City within the past 5 years related to any initiatives to improve the
City's collection of taxes, fines, or user fees and/or to decrease the delinquency
rates applicable to such collection.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

32.   Produce all documents that reflect any research or analysis conducted by or for the City within the past 5 years related to its ability (or inability) to raise additional revenue through: increases of existing taxes, assessments, or user fees; the levying of new taxes, assessments, or user fees; or otherwise.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

33.   Produce all documents that reflect any research or analysis conducted by or for the City related to projected or anticipated State revenue-sharing during the term of the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as

the City understands it.

34.   Produce all documents, including agreements or proposals, relating to any arrangements with the Detroit Land Bank Authority and the Michigan Land Bank relating to the "initiatives involving the Detroit Land Bank Authority and the Michigan Land Bank" referenced in the Disclosure Statement.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Subject to and without waiving the general objections noted above, the City

responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

35. Produce all documents and communications that reflect, support or refute the validity of the claims held by the Downtown Development Authority against the City.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

36. Produce all documents the City intends to use or may use as exhibits or evidence at the Confirmation Hearing or at any other hearing related to confirmation of the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:

Subject to and without waiving the general objections noted above, the City responds that it will provide the requested information in accordance with the Final Pretrial Order.

37. Produce all documents the City has provided or intends to provide to any witness that it intends to call at the Confirmation Hearing or at any other hearing related to confirmation of the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:

Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. With respect to fact witnesses, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

38. Produce the biography, education and work history, or curriculum vitae of any person the City intends to call as a fact or expert witness at the Confirmation Hearing or at any other hearing related to confirmation of the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules. With respect to fact witnesses, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

39. Produce all documents, including reports, models, or data compilations, which have been provided to, reviewed by, or prepared by or for any expert witnesses for purposes related to the Disclosure Statement or the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Subject to and without waiving the general objections noted above, the City responds that Experts will be identified and expert reliance materials and disclosures will be produced in accordance with the Scheduling Order and as required under Bankruptcy Rules.

40. Produce all documents that either support or refute that the City can satisfy its burden under 11 U.S.C. § 1129(a) as incorporated into chapter 9 of the Bankruptcy Code; that the Plan is in the 'best interest of creditors' within the meaning of 11 U.S.C. § 943(b)(7); that the Plan is feasible with the meaning of 11 U.S.C. §943(b)(7); that the City is not prohibited by law from taking any action necessary to carry out the Plan within the meaning of 11 U.S.C. § 943(b)(4); that, under 11 U.S.C. § 943(b)(6), any regulatory or electoral approval necessary under applicable nonbankruptcy law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; and that the City will be able to confirm the Plan pursuant to Sections 1129(b) of the Bankruptcy Code.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

41. Produce all documents and communications that relate to the investigation by the City of any claim that is subject to a Release or Exculpation in the Plan and all documents that relate to the potential liability to the City or the City's creditors of any person or entity that would be entitled to Releases and Exculpations as proposed by the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody,

or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

42.   Produce all documents relating to any potential liability of the City that would or could result from the imposition of liability on any person or entity for whom Releases and Exculpations are proposed by the Plan, including any documents related to potential claims based on guaranty, indemnification, contribution, or any other theory.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

43.   Produce all documents that relate to the consideration provided by any party receiving a Release or Exculpation as proposed by the Plan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

44.   Produce all documents that relate to the terms of settlements, other than those described in the Disclosure Statement, that the City intends to enter into prior to the confirmation of the Plan or as part of the Plan, including without limitation analyses and projections of potential recovery by or against the City and the City's estimated legal fees, in the absence of such settlements.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

45. Produce all documents and communications relating to the Exit Facility, including the identity of the Exit Facility Agent, the terms of the Exit Facility, the interest rate, the loan documentation, amount of the Exit Facility, expected costs, proposed collateral and any documents relating to feasibility of the Plan if Exit Facility is obtained.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

46. Produce all documents relating to the purpose or intended use of the Exit Facility funds.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

47.    Produce all responses to interrogatories, requests for admissions, and requests for production to other creditors or parties in interest, whether formally or informally, related to the Disclosure Statement or the Plan.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

48.    Produce the following exhibits to the Plan, as well as all other documents or drafts of documents that are to be included in any Plan supplement:

| Exhibit No. | Exhibit Name |
|---|---|
| Exhibit I.A.80 | Form of DIA Settlement Documents |
| Exhibit I.A.127 | Principal Terms of Exit Facility |
| Exhibit I.A.148.a | Form of GRS Hybrid Pension Plan |
| Exhibit I.A.172 | Form of New B Notes Documents |
| Exhibit I.A.173 | Form of New DWSD Bond Documents |
| Exhibit I.A.175 | Form of New Existing Rate DWSD Bond Documents |
| Exhibit I.A.177 | Form of New Existing Rate GLWA Bond Documents |
| Exhibit I.A.180 | Form of New GLWA Bond Documents |
| Exhibit I.A.182 | Form of New GLWA Revolving Bond Documents |
| Exhibit I.A.202.a | Form of PFRS Hybrid Pension Plan |
| Exhibit I.A.208 | Form of Plan COP Settlement Documents |
| Exhibit I.A.210 | Principal Terms of Plan UTGO Notes |
| Exhibit I.A.211 | Form of Plan UTGO Note |
| Exhibit I.A.255 | State Contribution Agreement |
| Exhibit II.B.3.t.ii.A | Schedule of Payments and Sources of Payments for Modified PFRS Pension Benefits |
| Exhibit II.B.3.u.ii.A | Schedule of Payments and Sources of Payments for Modified GRS Pension Benefits |
| Exhibit II.D.5 | Schedule of Postpetition Collective Bargaining Agreements |

| Exhibit No. | Exhibit Name |
|---|---|
| Exhibit II.D.6 | Executory Contracts and Unexpired Leases to Be Rejected |
| Exhibit III.D.2 | Retained Causes of Action |

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:

Subject to and without waiving the general objections noted above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

Dated:     May 6, 2014         Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I, Bruce Bennett, hereby certify that the foregoing City of Detroit, Michigan's Objections and Responses to Detroit Retirement Systems' Requests for Production of Documents Directed to the City of Detroit was filed and served via the Court's electronic case filing and noticing system on this 6th day of May, 2014.


Dated:     May 6, 2014                    /s/  Bruce Bennett
                                          Bruce Bennett