# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |

## SECOND INTERIM APPLICATION OF FEE EXAMINER PARTIES FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Pursuant to paragraph 27 of this Court's Fee Review Order dated September 11, 2013 (Dkt. # 810) ("Fee Review Order"), Robert M. Fishman, the Court appointed fee examiner in the above-captioned case ("Fee Examiner"), hereby applies for the interim allowance of compensation and reimbursement of expenses for the Fee Examiner Parties (as defined in the Fee Review Order) for the period beginning October 1, 2013 through and including December 31, 2013 ("Application Period"). Specifically, the Fee Examiner requests the entry of an order authorizing the interim allowance and payment to the Fee Examiner Parties of (A) fees in the aggregate amount of $246,942.80 for services rendered during the Application Period, and (B) expense reimbursement in the aggregate amount of $984.89 for actual expenses incurred in connection with services rendered during the Application Period. These aggregate amounts consist of fees and expenses by (i) the Fee Examiner (requesting $47,040.00 in fees and $0.00 in expenses), (ii) Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel to the Fee Examiner (requesting $118,686.00 in fees and $765.99 in expenses), and (iii) Kapila & Company ("Kapila"), financial advisor to the Fee Examiner (requesting $81,216.80 in fees and $218.90 in expenses). In support of this Second Interim Fee Application (the "Application"), the Fee Examiner states as follows:

## BACKGROUND

1. On July 18, 2013, the City of Detroit ("City") commenced its chapter 9 case (the "Case"). With the consent of the City, and pursuant to 11 U.S.C. §§ 105, 943(b)(3), 1129(a)(2), and 1129(a)(3), the Court entered an order on August 8, 2013 that appointed the Fee Examiner (Dkt. # 383) ("Fee Examiner Order").

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FEE EXAMINER'S ROLE IN CITY'S BANKRUPTCY CASE

3. As set forth in the Fee Examiner Order, the Fee Examiner's responsibility is to "assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3)." *See* Fee Examiner Order at ¶ 3. The scope of the Fee Examiner's review of Professional Fee Expenses[1] is limited to professional compensation and expense reimbursement obligations that the City incurs in connection with this bankruptcy case on a postpetition basis. To assist him in the performance of his duties, the Fee Examiner is authorized to use the services of Shaw Fishman and Kapila. *See* Fee Examiner Order at ¶ 5.

4. With the assistance of Shaw Fishman and Kapila, the Fee Examiner has assumed the duties and responsibilities contemplated in the Fee Examiner Order and the Fee Review Order, including (i) establishing procedures for the submission of Professional Fee Expenses; (ii) establishing procedures for the public disclosure of Professional Fee Expenses; (iii) developing a uniform method for reviewing Professional Fee Expenses to ensure all fees are disclosed and reasonable; (iv) extensively reviewing the submission of all Professional Fee Expenses for

---

[1] All terms not otherwise defined carry the meaning ascribed to them in the Fee Examiner Order and the Fee Review Order.

disclosure and reasonableness; (v) cross-referencing the submissions of Professional Fee Expenses to ensure minimum duplication of services for which Professionals seek compensation from the City; (vi) preparing and submitting reports to Professionals and the Court detailing the review of Professional Fee Expenses and, where appropriate, making recommendations; and (vii) communicating with Professionals submitting Professional Fee Expenses regarding their fees, expenses, and the Fee Examiner's recommendations for making any alterations or changes thereto.

5. For the performance of the aforementioned duties and responsibilities by the Fee Examiner Parties, the Fee Review Order authorizes the Fee Examiner Parties to seek interim compensation and reimbursement of expenses. *See* Fee Review Order at ¶ 27.

## GENERAL STATUS OF FEE REVIEW PROCESS

6. The Fee Review Order controls the process by which (i) Professionals for the City and the Committee submit Monthly Invoices to the Fee Examiner for review, and (ii) the Fee Examiner reviews Monthly Invoices and communicates with Professionals regarding those Monthly Invoices (the "Fee Review Process"). Under the terms of the Fee Review Order, each Professional seeking compensation and reimbursement from the City for post-petition services was first required to submit to the Fee Examiner (a) an executed copy of its engagement letter, (b) a verified statement respecting its regular hourly rates and any discounted rates, and (c) a list of the billing and expense categories that the Professional would use in its Monthly Invoices.

7. Review of, and Resolution Discussions relating to Professionals' July/August and September Invoices have concluded. The Fee Examiner filed his First Quarterly Report with respect to substantially all of those invoices on February 4, 2014.

8. Monthly Invoices for services rendered during October were due to the Fee Examiner by December 19, 2013. Following detailed reviews of each submitted October

Invoice, and consultations among the Fee Examiner Parties, the Fee Examiner generally transmitted Preliminary Reports regarding each submitted October Invoice to Professionals on or about January 23, 2014. The Fee Examiner Parties then initiated Resolution Discussions with each Professional regarding its October Invoice and the recommendations made in the Preliminary Reports. The Fee Examiner gave particular focus to evaluating the reasonableness of all the time billed by all Professionals for attendance at, and participation in the Eligibility Hearings.

9. For the October Invoice period, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Brooks Wilkins Sharkey & Turco, PLLC, Ernst & Young LLP, Foley & Lardner LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C, Dentons, Lazard Freres & Co, Segal Company, Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC. [2]

10. On or about January 18, 2014, Professionals submitted Monthly Invoices to the Fee Examiner for services rendered during November 2013. A similar review process was undertaken for November Invoices as for the October Invoices, with the Fee Examiner again giving particular focus to time billed by all Professionals for attendance at, and participation in the Eligibility Hearings. The Fee Examiner generally transmitted Preliminary Reports to Professionals on or about March 3, 2014. For the month of November, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Ernst & Young LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller,

---

[2] Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC were added to the City's list of Professionals on or about December 13, 2013, so their invoices were received and reviewed on different schedule than the other Professionals.

Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C. Dentons, Brooks Wilkins Sharkey & Turco PLLC, Lazard Freres & Co. LLC, Segal Company, Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC.

11. Lastly, on or about February 18, 2014, Professionals submitted Monthly Invoices to the Fee Examiner for services rendered during December 2013. Following detailed reviews of each submitted December Invoice, and consultations among the Fee Examiner Parties, the Fee Examiner generally transmitted Preliminary Reports regarding each submitted December Invoice to Professionals on or about April 4, 2014. The Fee Examiner Parties then initiated Resolution Discussions with each Professional regarding its December Invoice and the recommendations made in the Preliminary Reports. For the December Invoice period, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Brooks Wilkins Sharkey & Turco, PLLC, Ernst & Young LLP, Foley & Lardner LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C, Dentons, Lazard Freres & Co, Segal Company, Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC.

12. The Fee Examiner Parties have recently concluded the initial review of Professionals' January Invoices and are preparing to transmit Preliminary Reports regarding each submitted January Invoice to the Professionals. The Fee Examiner Parties are currently beginning the Fee Review Process for submitted February Monthly Invoices.

13. Pursuant to the Fee Review Order, the Fee Examiner has prepared Final Monthly Reports regarding the reviewed October, November and December Invoices. These Final Monthly Reports have been included in the Fee Examiner's Second Quarterly Report, which was simultaneously filed with this Application.

## SERVICES RENDERED BY FEE EXAMINER PARTIES AND EXPENSES INCURRED

14. During the Application Period, the Fee Examiner Parties rendered 789.8 hours of professional services, comprised of 78.4 hours by the Fee Examiner, 387.9 hours by Shaw Fishman and 323.5 hours by Kapila, having an aggregate value[3] of $246,942.80. The average hourly rate for the Fee Examiner and Shaw Fishman attorneys and paraprofessionals (collectively with the Fee Examiner, the "Shaw Fishman Professionals") for services rendered during the Application Period is approximately $355. The average hourly rate for Kapila professionals for services rendered during the Application Period is approximately $251. The actual and necessary costs expended by the Fee Review Parties, and for which the Fee Examiner Parties request reimbursement, is $984.89.

15. The Fee Examiner Parties are providing fee review services at significant discounts from their standard hourly rates. A comparison of the Fee Examiner Parties' standard hourly rates and their discounted Detroit rates applicable to the Application Period is attached hereto as Exhibit 6-A.

16. In paragraph 8 of the Fee Examiner Order, the Shaw Fishman Cap was placed on the maximum blended rate permitted on the fees charged by the Fee Examiner and Shaw Fishman ($430 per hour), and the Kapila Cap was placed on the maximum blended rate permitted on the fees charged by Kapila ($300 per hour). The Shaw Fishman and Kapila Caps are determined on a quarterly basis. For the Application Period, the average hourly rate for the Shaw Fishman Professionals ($355 per hour) is less than the Shaw Fishman Cap, and the average hourly rate for the Kapila Professionals ($251 per hour) is less than the Kapila Cap. Therefore,

---

[3] All references to the value of professional services by the Fee Examiner Parties are based on the discounted rates applicable to this Case.

the Shaw Fishman and Kapila Caps are inapplicable for the Application Period and no additional discount need be applied to the fees of the Fee Examiner Parties.

A. **Services Rendered by Robert M. Fishman as Fee Examiner**

17. During the Application Period, the Fee Examiner rendered 78.4 hours of professional services in this Case having an aggregate value of $47,040.00, for an average hourly rate of approximately $600. The Fee Examiner provided professional services with respect to every aspect of the Fee Review Process, including preparing for and coordinating the initial Fee Review Process for submitted Monthly Invoices for July and August (collectively, "J/A Invoices").

18. After finalizing the framework for the Fee Review Process, the Fee Examiner began working with Shaw Fishman and Kapila professionals to develop a uniform standard of review for submitted Invoices. The Fee Examiner thereafter delegated tasks and responsibilities to Shaw Fishman and Kapila professionals, and he reviewed the preliminary documents submitted by Professionals, including retention agreements and hourly rate statements. The Fee Examiner also worked with Shaw Fishman professionals to draft a fee review memorandum for use in reviewing submitted Invoices and coding problematic time entries. The fee review memorandum has been transmitted to all Professionals with the Fee Examiner's monthly Preliminary Reports.

19. Professionals submitted their J/A Invoices on or about October 21, 2013. The Fee Examiner oversaw Shaw Fishman and Kapila professionals' review of each invoice, and he participated in numerous conferences with each review team to discuss each Professional's J/A Invoice and prepare Fee Review spreadsheets and Preliminary Reports. Following comprehensive consultations with Shaw Fishman and Kapila professionals, the Fee Examiner transmitted his first Preliminary Reports respecting the J/A Invoices and engaged in Resolution

Discussions with several Professionals. During the Application Period, the Fee Examiner also reviewed Professionals' submitted September Invoices and began conferences with each review team to discuss September Fee Review spreadsheets and drafting Preliminary Reports. Detailed invoices for the services rendered by the Fee Examiner during the Application Period are attached to this Application as <u>Exhibit 6-B</u>.

20. In summary, the Fee Examiner seeks the interim allowance of $47,040.00 in compensation with respect to services provided by the Fee Examiner during the Application Period (the "<u>Fee Examiner Compensation Request</u>"). The time actually spent by the Fee Examiner at the applicable discounted rate, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Fee Examiner | $600.00 | 78.4 | $47,040.00 |
| | **Total:** | $600.00 | 78.4 | $47,040.00 |

21. The Fee Examiner is not seeking any interim reimbursement for actual and necessary costs during the Application Period.

  **B.**  **Services Rendered by Shaw Fishman Glantz & Towbin LLC**

22. During the Application Period, Shaw Fishman rendered 387.9 hours of professional services assisting the Fee Examiner, having an aggregate value of $118,686.00. The average hourly rate of Shaw Fishman professionals (excluding the Fee Examiner) for the Application Period is approximately $306. Shaw Fishman has assisted the Fee Examiner in all aspects of the Fee Review Process, which has included reviewing Professionals' J/A Invoices and September Invoices, drafting Preliminary Reports, and engaging in Resolution Discussions with ever Professional.

23. To prepare for the initial Fee Review Process, Shaw Fishman assisted in drafting the fee review memorandum to be used as a guide for reviewing Monthly Invoices, and it

developed internal guidelines and a methodology for reviewing Monthly Invoices. To ensure that the Fee Review Parties would engage in a uniform review of all Monthly Invoices, Shaw Fishman engaged in several conferences to discuss examples of potentially problematic time entries and appropriate responses. In preparation for the Fee Review Process, Shaw Fishman also created templates for the Fee Examiner's Preliminary and Final Reports. To facilitate the orderly review of future Monthly Invoices and to document the receipt of submissions from Professionals, Shaw Fishman developed internal reporting checklists and tracking spreadsheets. These internal reports are updated and revised during every stage of the Fee Review Process.

24. During the Application Period, Shaw Fishman undertook the extensive review of each Professional's J/A Invoices and September Invoices. Following individual reviews of J/A and September Invoices assigned by the Fee Examiner, Shaw Fishman professionals consulted with other members of the fee review team and Kapila professionals to prepare consolidated comments for each Professional and draft Fee Review Spreadsheets and Preliminary Reports. Shaw Fishman also engaged in Resolution Discussions with every Professional to discuss suggested revisions to the submitted Monthly Invoices. Resolution Discussions focused on the impact of any voluntary discounts provided, and areas in Monthly Invoices where the inadequacy of time descriptions, unreasonableness of time, or improperly allocated resources warranted writing off certain fees and expenses or revising applicable time and expense entries. With respect to J/A Invoices, Shaw Fishman drafted Final Reports to be included with the Fee Examiner's First Quarterly Report.

25. Detailed invoices for the services rendered by Shaw Fishman during the Application Period are attached to this Application as <u>Exhibit 6-C</u>.

26. In summary, Shaw Fishman seeks the interim allowance of $118,686.00 in compensation with respect to services provided to the Fee Examiner during the Application Period (the "Shaw Fishman Compensation Request"). The time actually spent by Shaw Fishman professionals at the applicable discounted rate, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Ira Bodenstein | Member | $425.00 | 50.6 | $21,505.00 |
| Peter J. Roberts | Member | $410.00 | 47.3 | $19,393.00 |
| Gordon E. Gouveia | Member | $325.00 | 98.4 | $31,980.00 |
| David R. Doyle | Associate | $250.00 | 100.0 | $25,000.00 |
| Marc S. Reiser | Associate | $250.00 | 34.2 | $8,550.00 |
| Allison Hudson | Associate | $220.00 | 50.0 | $11,000.00 |
| Melissa A. Westbrook | Paralegal | $170.00 | 7.4 | $1,258.00 |
| | **Total:** | (blended) $306.00 | 387.9 | $118,686.00 |

27. Shaw Fishman also seeks interim reimbursement in the amount of $765.99 (the "Shaw Fishman Expense Reimbursement Request") for its actual and necessary costs during the Application Period (the "Shaw Fishman Expenses"). The Shaw Fishman Expenses are detailed in Exhibit 6-C.

28. The specific expenses incurred during the Application Period and for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Online docketing and documents (PACER) | $24.60 |
| Photocopies | $655.20 |
| AT&T Teleconference Services | $86.19 |
| **Total:** | **$765.99** |

Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court. Shaw Fishman uses AT&T Teleconference Services for meetings among team members located in different geographic areas and to coordinate Resolution Discussions with Professionals subject to the Fee Review Process.

29. All of the Shaw Fishman Expenses are expenses that Shaw Fishman customarily recoups for providing professional services to other clients.

C. **Services Rendered by Kapila & Company**

30. During the Application Period, Kapila rendered 323.5 hours of professional services assisting the Fee Examiner, having an aggregate value of $81,216.80. The average hourly rate of Kapila professionals for the Application Period is approximately $251. Kapila assisted the Fee Examiner in utilizing software to extract data from Monthly Invoices and organize data in Fee Review Spreadsheets.

31. Specifically, during the Application Period, Kapila finalized the process whereby data can be extracted from Monthly Invoices submitted in PDF format and organized into Kapila's spreadsheets for analysis, review and annotation by the Fee Examiner Parties.

32. Kapila then provided technical assistance by extracting data from all submitted J/A Invoices and September Invoices and organizing this data into comprehensive Fee Review spreadsheets. The Fee Review spreadsheets were annotated by the Fee Examiner Parties and subsequently distributed to Professionals in conjunction with Preliminary Reports. In addition to its vital technical assistance, Kapila also assisted the Fee Examiner and Shaw Fishman with reviewing Monthly Invoices submitted by accounting professionals, financial advisors and investment bankers. Kapila assisted not only in the review of the Monthly Invoices, but also with annotating the Fee Review spreadsheets and drafting Preliminary Reports.

33. Detailed invoices for the services rendered by Kapila during the Application Period are attached to this Application as Exhibit 6-D.

34. In summary, Kapila seeks the interim allowance of $81,216.80 in compensation with respect to services provided to the Fee Examiner during the Application Period (the "Kapila

Compensation Request"). The time actually spent by Kapila at its applicable discounted rates, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Soneet Ravi Kapila | Partner | $442.00 | 15.1 | $6,674.20 |
| Mary McMickle | Partner | $330.00 | 73.7 | $24,321.00 |
| Joseph Gillis | Senior Consultant | $260.00 | 53.9 | $14,014.00 |
| Shantel Thomas | Forensic Consultant | $208.00 | 153.9 | $32,011.20 |
| Mark Parisi | Forensic Analyst | $156.00 | 26.9 | $4,196.40 |
| | Total: | (blended) $251.00 | 323.5 | $81,216.80 |

35. Kapila also seeks interim reimbursement in the amount of $218.90 (the "Kapila Expense Reimbursement Request") for its actual and necessary costs during the Application Period (the "Kapila Expenses"). The Kapila Expenses are detailed in Exhibit 6-D.

36. The specific expenses incurred during the Application Period and for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Photocopies | $59.40 |
| Teleconference Services | $159.50 |
| **Total:** | **$218.90** |

37. All of the Kapila Expenses are expenses that Kapila customarily recoups for providing professional services to other clients.

## PAYMENTS RECEIVED BY FEE EXAMINER PARTIES TO DATE

38. Pursuant to paragraph 27 of the Fee Review Order, the Fee Examiner filed October, November and December monthly invoices with the Court on behalf of the Fee Examiner Parties, and he provided notice of the invoices to interested parties through CM/ECF.

39. The Fee Examiner Parties have received no objection to their October, November or December monthly invoices. In accordance with the Fee Review Order, the City has made

{10661-001 APPL A0373541.DOCX}    12
13-53846-tjt    Doc 4499    Filed 05/06/14    Entered 05/06/14 21:00:16    Page 12 of 15

certain interim payments ("Interim Payments") to the Fee Examiner Parties on account of their invoices for August and September.

40. In accordance with the Fee Review Order, the City has made Interim Payments to the Fee Examiner and Shaw Fishman in the aggregate amount of $141,633.16. Subject to this Court's allowance of this Application, the application of these Interim Payments in partial satisfaction of the Fee Examiner Compensation Request, the Fee Examiner Expense Reimbursement Request, the Shaw Fishman Compensation Request, and the Shaw Fishman Expense Reimbursement Request will leave an aggregate balance due to the Fee Examiner and Shaw Fishman of $24,092.84 for amounts billed but not paid during the Application Period (the "Unpaid FE/SF Compensation").

41. In accordance with the Fee Review Order, the City has made Interim Payments to Kapila in the amount of $69,253.18. Subject to this Court's allowance of this Application, the application of these Interim Payments in partial satisfaction of the Kapila Compensation Request and the Kaplia Expense Reimbursement Request will leave a balance due to Kapila of $15,416.49 for amounts billed but not paid during the Application Period (the "Unpaid Kapila Compensation").

**REASONABLENESS OF COMPENSATION AND BENEFITS CONFERRED**

42. Pursuant to § 943(b)(3) of the Bankruptcy Code, the amounts to be paid for services and expenses in this Case must be fully disclosed and be reasonable. *See* 11 U.S.C. § 943(b)(3). Through this Application, the Fee Examiner Parties have fully disclosed the amounts sought by each of them for services and expenses during the Application Period, and they have demonstrated the reasonableness of those amounts.

43. All of the services rendered by the Fee Examiner Parties during the Application Period were necessary for the execution of the Fee Examiner's duties and responsibilities as set

forth in the Fee Examiner Order and the Fee Review Order. Moreover, at all times, the Fee Examiner Parties rendered their services in an effective and efficient manner without any unnecessary duplication of efforts. Therefore, the compensation requested through this Application is reasonable in all respects, particularly in light of the nature, extent, and complexity of the matters involved and the benefits conferred by the Fee Examiner Parties.

44. The most significant benefit conferred by the appointment of the Fee Examiner and the establishment of the Fee Review Process is the deterrent effect that the entire Fee Review Process has on the submission of inappropriate fee and expense requests by Professionals engaged in this Case. Additionally, the Fee Review Process allows for the review and extensive analysis of all Professionals' invoices by an unbiased, objective third party.

45. In reviewing the J/A and September Invoices, the Fee Examiner Parties discussed with Professionals the actual impact of any voluntary discounts provided, and they identified areas in Monthly Invoices where the inadequacy of time descriptions, unreasonableness of time, or improperly allocated resources warranted writing off certain fees and expenses or revising applicable time and expense entries. To date, the efforts and review by the Fee Examiner Parties resulted in a reduction in excess of $489,500.00 in Professional Fee Expenses from those initially billed.[4] In part, such voluntary reductions came from certain Professionals, at the Fee Examiner Parties' recommendation, making adjustments to their applicable rates in order to provide reduced rates to the City and the Committee, and from writing off time due to inadequate time entries in the Monthly Invoices.

46. For all of the foregoing reasons, the approval of the compensation and expense reimbursement requested herein is appropriate and should be approved accordingly.

---

[4] This amount is in addition to the approximately $3,275,800 in voluntary reductions taken by the Professionals prior to the submission of the Monthly Invoices.

## CONCLUSION

WHEREFORE, the Fee Examiner requests the entry of an order, substantially in the form attached hereto as Exhibit 1, that:

(a) Allows $246,942.80 in aggregate compensation to the Fee Examiner Parties on an interim basis for the Application Period;

(b) Allows $984.89 in aggregate expense reimbursement to the Fee Examiner Parties on an interim basis for the Application Period;

(c) Authorizes the Fee Examiner Parties to apply the Interim Payments to the compensation and expense reimbursement requests allowed pursuant to this Application;

(d) Authorizes and directs the City to pay the Unpaid FE/SF Compensation and the Unpaid Kapila Compensation; and

(e) Provides the Fee Examiner Parties with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Robert M. Fishman, Fee Examiner

Dated: May 6, 2014        By:  /s/ Peter J. Roberts
                                One of his attorneys

Peter J. Roberts
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
P:  (312) 541-0151
F:  (312) 980-3888
E:  proberts@shawfishman.com