## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| In re | ) | Case No. 13-53846 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | In Proceedings Under |
| | ) | Chapter 9 |
| Debtor. | ) | |
| _____ | ) | Hon. Steven W. Rhodes |

## AMBAC ASSURANCE CORPORATION'S
## OBJECTIONS AND RESPONSES TO DEBTOR'S REQUESTS FOR THE
## <u>PRODUCTION OF DOCUMENTS</u>

Ambac Assurance Corporation ("Ambac"), by and through its undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, hereby responds to the City of Detroit's ("Debtor") Requests for Production of Documents and Things ("Requests"), as follows:

## <u>RESERVATION OF RIGHTS AND GENERAL RESPONSES</u>

The following reservations of rights and general responses (collectively, "General Responses") apply to each and every document request:

1. These Objections and Responses ("Responses") to the Requests are made based upon a reasonable and diligent investigation conducted to date. Ambac reserves the right to amend or supplement its Responses pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the

Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan, and all applicable Court Orders.

2.     Ambac's Responses are made solely for the purposes of discovery in this proceeding.  These Responses are not intended to be and shall not be construed as a waiver of (i) any right to object, on the grounds of privilege, competency, relevance, materiality, propriety, inadmissibility as evidence, or any other applicable grounds, to the use of these Responses or any documents produced in connection with them for any purpose in any proceeding, including without limitation in any hearing or trial in this or any other action; and, (ii) the right at any time to revise, correct, add to, supplement, or clarify any of the Responses as Ambac may discover or obtain new information.

3.     These Responses are based upon the typical or usual interpretation of words contained in the Requests unless a specific definition or instruction has been provided.  To the extent that the Debtor seeks to argue that a particular Request has a different meaning or scope, Ambac reserves the right to object to any such new interpretation of the Request on any applicable grounds.

4.     Ambac reserves the right to seek reimbursement from the Debtor for the cost of producing electronic data and documents.

5.     These Responses are submitted without prejudice to Ambac's right to introduce evidence, as appropriate and in accordance with the Federal Rules of

Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan, at any evidentiary hearing.

## GENERAL OBJECTIONS

The following general objections ("General Objections") apply to each and every document request:

1. Ambac objects to the Requests in their entirety on the ground that they are improperly and intentionally designed to cause Ambac and its lawyers unnecessary wasted time and expense, and include requests that simply have no applicability to a bond insurer like Ambac. They are not propounded to give the Debtor documents it needs; rather, it appears that the Debtor cut and pasted from document requests to other parties and generally took a "kitchen sink" approach. To that end, the Requests seek documents that are currently in the Debtor's possession or are readily available to it; they seek other documents that the Debtor will receive at the appropriate time in the future, pursuant to Orders of the Court; and the vast majority of the requests seek documents that are completely irrelevant to any matter that is or could be at issue in the Plan confirmation hearing.

2. As a consequence, counsel for Ambac conducted a "meet and confer" discussion with counsel for the Debtor on May 2, 2014. In that discussion, the following agreement (the "Agreement") was reached:

a.    The Debtor is not asking Ambac to prepare a privilege log.

b.    Document Requests Nos. 5-7 will be limited to Ambac (*i.e.*, excluding information relating to other creditors), and also will be limited to Ambac's claim recovery and treatment under various scenarios (*i.e.*, excluding the effect on Ambac's overall financial condition).

3.    Notwithstanding the Agreement, Ambac objects to the Requests, including without limitation the definitions and instructions, to the extent they purport to impose on Ambac a duty or obligation that is greater than, different from, or inconsistent with the requirements of the applicable Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan, and any Court Orders in this case.

4.    Without limiting the generality of General Objections 1 and 3, Ambac objects to paragraph 12 of the definitions and instructions, and each document request to which it applies, to the extent that it seeks to require Ambac to produce documents that are not in Ambac's possession, custody, or under its control.

5.    Ambac further objects to the Requests to the extent they seek the production of (i) documents protected from disclosure by the attorney-client privilege or the work product doctrine ("Privileged Documents"); (ii) expert materials that are protected from discovery by Fed. R. Civ. P. 26; (iii) documents subject to the confidentiality provisions of the Mediation Order entered by the

Court on August 13, 2013 [ECF # 322] (the "Mediation Order"), or (iv) any other documents to which an applicable privilege or protection applies (individually or collectively, the "Protected Documents"). Protected Documents will not be produced in response to the Requests and, pursuant to Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5), any inadvertent production thereof shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

6.     Ambac also objects to the Requests to the extent they seek to compel the identification of any testifying expert or the production of any expert report or materials prior to the date set in the Court's Fourth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No 4202], or any amendment thereof ("Fourth Amended Order"). Ambac further objects to the Requests to the extent they seek to impose on Ambac a duty or obligation with respect to testifying expert materials that is greater than, different from, or inconsistent with the requirements of the applicable rules or orders of the Court.

7.     Any ESI that is produced by Ambac will be produced in the form in which it is ordinarily maintained or in a reasonably useable form.

## SPECIFIC OBJECTIONS/RESPONSES

In addition to and without waiver of any of its General Responses and

General Objections, Ambac specifically further objects/responds as follows to

Debtor's specific Requests:

**Request No. 1**: All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

      a. Current and/or projected cash flows for the City of Detroit;
      b. Current and/or projected budgets for the City of Detroit;
      c. The City of Detroit's inability/ability to pay its debts when they become due;
      d. The City of Detroit's inability/ability to provide civic services;
      e. Current and/or projected tax collection rates (for wagering, property, and income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);
      f. The Detroit Water and Sewer Department ("DWSD");
      g. The Detroit Institute of Arts ("DIA");
      h. The Public Lighting Authority of Detroit ("PLA"); and
      i. Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Requests No. 1 (a)-(i) to the extent that they seek documents in the

Debtor's possession or readily available to it. Ambac also objects to Requests No.

1 (a)-(i) because the burden or expense of the proposed discovery outweighs its

likely benefit considering the needs of the case and the importance of the discovery

in resolving the issues to be determined on Plan confirmation. Ambac further

objects to Requests No. 1(a)-(i) because they seek (i) information subject to the

work-product doctrine and the attorney-client privilege, (ii) expert materials

protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject

to the Mediation Order.  Furthermore, pursuant to the Fourth Amended Order,

Ambac is not required to designate testifying expert witnesses until June 10, 2014,

or produce any reports prepared by such testifying expert witnesses until June 24,

2014.  If and to the extent Ambac retains any expert witness for the purpose of

testifying at the plan confirmation trial, Ambac will fully comply with its

obligations under Federal Rule 26(a)(2)(B) and the Fourth Amended Order.

Ambac will not be producing any documents responsive to Request No. 1 at this

time.

**Request No. 2**: All documents relating to any research, studies, or analysis
conducted by, requested, reviewed, or received by you or on your behalf regarding
any alternative to the Plan.  This request includes, but is not limited to, documents
that address:

    a.  The effects on you and other creditors;
    b.  The cost of operating the City of Detroit;
    c.  What constitutes an adequate level of City services;
    d.  Levels of recovery for unsecured creditors (with or without a
        "Grand Bargain"[1]);
    e.  Comparable cities and, if applicable, the basis for concluding those
        cities are comparable;
    f.  Asset sales by the City of Detroit;
    g.  Tax treatment in the short term (*i.e.*, five years), medium term (*i.e.*,
        twenty years), and long term (*i.e.*, forty years); and
    h.  Reinvestment and restructuring initiatives (*i.e.*, police services; fire
        services; blight removal; information technology infrastructure;

---

[1] The Grand Bargain refers generally to the proposed agreement for private
foundations and the State of Michigan to contribute approximately $800 million to
the City of Detroit in order to reduce the impact that the City's bankruptcy has on
pensions and the Detroit Institute of Arts.

13-53846-tjt    Doc 4501    Filed 05/06/14    Entered 05/06/14 22:05:36    Page 7 of 39

and/or the City's Department of Transportation).

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Requests No. 2 (a)-(h) to the extent that they seek documents in the Debtor's possession or readily available to it. Ambac also objects to Requests No. 2 (a)-(h) because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further objects to Requests No. 2 (a)-(h) because they seek (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the Mediation Order. Furthermore, pursuant to the Fourth Amended Order, Ambac is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014. If and to the extent Ambac retains any expert witness for the purpose of testifying at the plan confirmation trial, Ambac will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Fourth Amended Order. Ambac will not be producing any documents responsive to Request No. 2 at this time.

**Request No. 3:** All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or

their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

**Response**: Ambac incorporates herein its General Objections. Ambac objects to

Request No. 3 on the ground that it seeks (i) information subject to the work-

product doctrine and the attorney-client privilege, (ii) expert materials protected

from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the

Mediation Order. Ambac also objects to Request No. 3 because the burden or

expense of the proposed discovery outweighs its likely benefit considering the

needs of the case and the importance of the discovery in resolving the issues to be

determined on Plan confirmation. Furthermore, pursuant to the Fourth Amended

Order, Ambac is not required to designate testifying expert witnesses until June 10,

2014, or produce any reports prepared by such testifying expert witnesses until

June 24, 2014. If and to the extent Ambac retains any expert witness for the

purpose of testifying at the plan confirmation trial, Ambac will fully comply with

its obligations under Federal Rule 26(a)(2)(B) and the Fourth Amended Order.

Ambac will not be producing any documents responsive to Request No. 3 at this

time.

**Request No. 4:** All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Request No. 4 on the ground that it seeks (i) information subject to the

work-product doctrine and the attorney-client privilege, (ii) expert materials

protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject

to the Mediation Order.  Ambac also objects to Request No. 4 because the burden

or expense of the proposed discovery outweighs its likely benefit considering the

needs of the case and the importance of the discovery in resolving the issues to be

determined on Plan confirmation.  Furthermore, pursuant to the Fourth Amended

Order, Ambac is not required to designate testifying expert witnesses until June 10,

2014, or produce any reports prepared by such testifying expert witnesses until

June 24, 2014.  If and to the extent Ambac retains any expert witness for the

purpose of testifying at the plan confirmation trial, Ambac will fully comply with

its obligations under Federal Rule 26(a)(2)(B) and the Fourth Amended Order.

Ambac will not be producing any documents responsive to Request No. 4 at this

time.

**Request No. 5:** All documents relating to any research, studies, or analysis
conducted by, requested, reviewed, or received by you or on your behalf regarding
the financial condition of any other creditor in this bankruptcy case.

**Response**: Pursuant to the Agreement, Ambac deems this Request to have been

withdrawn.

**Request No. 6**: All documents relating to any research, studies, or analysis
conducted by, requested, reviewed, or received by you or on your behalf regarding
your or other creditors' projected financial condition(s) under different recovery
levels.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 6 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the Mediation Order.  Ambac also objects to Request No. 6 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.

**Request No. 7**: All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 7 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the Mediation Order.  Ambac also objects to Request No. 7 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.

**Request No. 8:** All documents relating to any City of Detroit debt held by you, the price you paid for that debt, and the date(s) on which you acquired said debt.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 8 on the grounds that it seeks documents already in the Debtor's possession, and is unlimited in time.  Ambac further objects to Request No. 8 to the extent that it seeks documents that relate to the Debtor's debt that is neither insured by Ambac nor relates to any proof of claim filed by Ambac and is as a result neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, Ambac states that as of March 31, 2014, Ambac owned no City of Detroit debt other than LTGO Bonds or Unlimited Tax General Obligation Bonds that have been assigned to it in connection with its payment of claims.  Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 9**: All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

**Response:** Ambac incorporates herein its General Objections.  Ambac further objects to Request No. 9 to the extent that it seeks documents that relate to the Debtor's debt that is neither insured by Ambac nor relates to any proof of claim filed by Ambac and is as a result neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence. Subject to and without waiving its General Objections, Ambac states that as of March 31, 2014, Ambac owned no City of Detroit debt other than LTGO Bonds or Unlimited Tax General Obligation Bonds that have been assigned to it in connection with its payment of claims, none of which have been sold.

**Request No. 10**: All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**Response**: Ambac incorporates herein its General Objections. To the extent that Request No. 10 seeks documents relating to Ambac's claims against the City of Detroit, Ambac objects to it on the ground that it seeks documents already in the Debtor's possession. To the extent that Request No. 10 seeks documents relating to Ambac's purchase or sale of claims, Ambac states that, subject to and without waiving its General Objections, there are no documents responsive to Request No. 10.

**Request No. 11**: All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 11 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ambac further objects to Request No. 11 to the extent it seeks documents

regarding communications with the Wisconsin Office of the Commissioner of

Insurance, including but not limited to in connection with its rehabilitation of the

Segregated Account of Ambac Assurance Corporation, because Ambac is

prohibited from disclosing such documents pursuant to Wis. Stat. § 601.465.

**Request No. 12**: All documents relating to any communications between you (or on your behalf) and any agencies, government entities or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

 a.  The White House;
 b.  Any United States executive branch agencies or departments;
 c.  The United States Congress;
 d.  The Executive Office of the Governor of the State of Michigan;
 e.  The State of Michigan Legislature;
 f.  The City Council of the City of Detroit;
 g.  The Office of the Mayor of the City of Detroit
 h.  The National Association of Insurance Commissioners;
 i.  Any municipal bond associations; and/or
 j.  Any state or federal lobbyists.

**Response**: Ambac incorporates herein its General Objections.  Ambac objects to

Request No. 12 on the ground that it seeks documents that are subject to the

Mediation Order.  Ambac further objects to Request No. 12 to the extent it seeks

documents regarding communications with the Wisconsin Office of the

Commissioner of Insurance, including but not limited to in connection with its

rehabilitation of the Segregated Account of Ambac Assurance Corporation,

because Ambac is prohibited from disclosing such documents pursuant to Wis. Stat. § 601.465.

**Request No. 13**: All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

**Response**: Ambac incorporates herein its General Objections. Subject to and without waiving its General Objections, Ambac states that there are no documents responsive to Request No. 13.

**Request No. 14**: All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 14 on the ground that it is duplicative of other Requests.

**Request No. 15**: All documents relating to any common interest agreements between you and any other City of Detroit creditors.

**Specific Objection:** Ambac incorporates herein its General Objections. Ambac objects to Request No. 15 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 15 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, and (ii) expert materials protected from discovery by Fed. R. Civ. P. 26.

**Request No. 16:** All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Request No. 16 on the ground that it seeks documents that are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ambac further objects to Request No. 16 because it seeks (i) information subject to

the work-product doctrine, the attorney-client privilege, and the common interest

privilege, and (ii) expert materials protected from discovery by Fed. R. Civ. P. 26.

**Request No. 17**: Any documents relating to any communications between you and
any Trustee pertaining to control rights, rights to vote, direct remedies,
instructions, etc.

**Response**: Ambac incorporates herein its General Objections. Ambac objects to

Request No. 17 on the grounds that it is vague and ambiguous and seeks

documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Ambac also objects to Request No. 17 because

the burden or expense of the proposed discovery outweighs its likely benefit

considering the needs of the case and the importance of the discovery in resolving

the issues to be determined on Plan confirmation.

**Request No. 18**: All documents relating to any research, studies, or analysis
conducted by, requested, reviewed, or received by you or on your behalf regarding
debt limits or post-2006 assessments related to Limited Tax General Obligations.

**Specific Objection**: In accordance with an agreement with the Debtor, Ambac's

response to Request No. 18 has been held in abeyance. Ambac reserves its rights

to object to Request No. 18 on any and all grounds if and when Ambac is required to respond.

**Request No. 19**: All documents relating to any notifications to any insurance carriers, or claims filed with insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

**Response**:  Ambac incorporates herein its General Objections.  Ambac objects to Request No. 19 on the grounds that it is overbroad (with no limitation to any matter concerning Detroit), and that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 20**: All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 20 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 20 because it seeks (i) information subject to the work-product doctrine or the attorney-client privilege, and (ii) documents that are subject to the Mediation Order.

**Request No. 21**: All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

**Response:** Ambac incorporates herein its General Objections. Ambac objects to Request No. 21 on the ground that it seeks documents that are in the Debtor's possession or that are readily available to it. Ambac also objects to Request No. 21 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 22:** All documents relied upon by any experts you intend to call to testify.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 22 because it is premature; Ambac will disclose the identity of its testifying experts, if any, and provide relevant documents and information in accordance with the Court's Scheduling Order and the requirements and limitations of any other applicable rules and orders of the Court.

**Request No. 23:** All documents related to any analysis of "unfair discrimination" in the Plan.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 23 to the extent that it seeks documents in the Debtor's

possession or that are readily available to it.  Ambac also objects to Request No. 23 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.  Ambac further objects to Request No. 23 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the Mediation Order.  Furthermore, pursuant to the Fourth Amended Order, Ambac is not required to designate testifying expert witnesses until June 10, 2014, or produce any reports prepared by such testifying expert witnesses until June 24, 2014.  If and to the extent Ambac retains any expert witness for the purpose of testifying at the plan confirmation trial, Ambac will fully comply with its obligations under Federal Rule 26(a)(2)(B) and the Fourth Amended Order.  Ambac will not be producing any documents responsive to Request No. 23 at this time.

**Request No. 24:** All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 24 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ambac further objects to Request No. 24 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the Mediation Order.

**Request No. 25:** Your 2013 statutory annual statement.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 25 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 25 because it seeks documents in the Debtor's possession or readily available to it. Subject to and without waiving any objections, Ambac states that it will produce its 2013 statutory annual statement, Bates numbered AMBAC0003020-AMBAC0003169.

**Request No. 26:** All documents provided to the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 26 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 26 to the extent it seeks documents regarding communications with the Wisconsin Office of the Commissioner of Insurance, including but not limited to in connection with its rehabilitation of the

Segregated Account of Ambac Assurance Corporation, because Ambac is prohibited from disclosing such documents pursuant to Wis. Stat. § 601.465.

**Request No. 27:** All documents received from the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 27 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 27 to the extent it seeks documents regarding communications with the Wisconsin Office of the Commissioner of Insurance, including but not limited to in connection with its rehabilitation of the Segregated Account of Ambac Assurance Corporation, because Ambac is prohibited from disclosing such documents pursuant to Wis. Stat. § 601.465.

**Request No. 28:** Your audited financial statements for the years 2011, 2012, 2013, and 2014.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 28 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 28 because it seeks documents in the Debtor's possession or readily available to it. Subject to and without waiving its objections, Ambac states that it will produce its Form 10K filings for each applicable year in which its financial statements are consolidated with those of its

parent, Ambac Financial Group, Inc., Bates numbered AMBAC0001218 - AMBAC0003019.

**Request No. 29:** All audited consolidated financial statement for the years 2011, 2012, 2013, and 2014 that include your financial information.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 29 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 29 because it seeks documents in the Debtor's possession or readily available to it. Subject to and without waiving its objections, Ambac states that it will produce its Form 10K filings for each applicable year in which its financial statements are consolidated with those of its parent, Ambac Financial Group, Inc., Bates numbered AMBAC0001218 - AMBAC0003019.

**Request No. 30:** All documents relating to any communications with any accountant or actuary relating to the recognition of losses relating to the City of Detroit or its debt.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 30 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 30 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case

and the importance of the discovery in resolving the issues to be determined on Plan confirmation.

**Request No. 31:** All documents relating to any communications with any insurance regulator that mention or relate to the City of Detroit or its debt.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 31 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 31 to the extent it seeks documents regarding communications with the Wisconsin Office of the Commissioner of Insurance including but not limited to in connection with its rehabilitation of the Segregated Account of Ambac Assurance Corporation, because Ambac is prohibited from disclosing such documents pursuant to Wis. Stat. § 601.465.

**Request No. 32:** All documents that identify by policyholder and CUSIP all public finance obligations on which you established a case reserve at any time during 2011, 2012, 2013, and 2014.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 32 on the grounds that it is vague and ambiguous and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 32 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving

the issues to be determined on Plan confirmation.

**Request No. 33:** All documents that identify the amount of each case reserve established on any public finance obligation identified above.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 33 on the ground that it is vague and ambiguous and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 33 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.

**Request No. 34:** All reinsurance treaties that relate to any public finance obligation identified above.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 34 on the ground that it is vague and ambiguous and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 34 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac states that, subject to and without waiving its General Objections, there are no documents responsive to Request No. 34.

**Request No. 35:** All commutation or settlement agreements related to any public finance obligation to which you were a party that were effective or executed during 2011, 2012, 2013, or 2014.

**Specific Objection:** Ambac incorporates herein its General Objections.  Ambac objects to Request No. 35 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 36:** All communications with any reinsurer relating to the City of Detroit or its debt.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 36 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 36 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.  Ambac states that, subject to and without waiving its General Objections, there are no documents responsive to Request No. 36.

**Request No. 37:** All presentations to any executive team, board of directors, or committee addressing the City of Detroit or its debt including, but not limited to, Cathleen J. Matanle (Senior Managing Director, Portfolio and Credit Risk Management).

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 37 on the ground that it is overbroad, unlimited in time, and seeks documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Ambac also objects to Request No. 37 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further objects to Request No 37 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the Mediation Order.

**Request No. 38:** All presentations made to any insurance department addressing the City of Detroit or its debt.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 38 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No. 38 to the extent it seeks documents regarding communications with the Wisconsin Office of the Commissioner of Insurance, including but not limited to in connection with its rehabilitation of the Segregated Account of Ambac Assurance Corporation, because Ambac is prohibited from disclosing such documents pursuant to Wis. Stat. § 601.465.

**Request No. 39:** All communications with your independent certified public accountant or accounting firm that mention the City of Detroit or its debt.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Request No. 39 on the ground that it seeks documents that are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence

and is unlimited in time. Ambac also objects to Request No. 39 because the

burden or expense of the proposed discovery outweighs its likely benefit

considering the needs of the case and the importance of the discovery in resolving

the issues to be determined on Plan confirmation.

**Request No. 40:** All communications with the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2010, 2011, 2012, and that mention the City of Detroit or its debt.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Request No. 40 on the ground that it seeks documents that are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ambac also objects to Request No. 40 because the burden or expense of the

proposed discovery outweighs its likely benefit considering the needs of the case

and the importance of the discovery in resolving the issues to be determined on

Plan confirmation.

**Request No. 41:** All documents memorializing or relating to your establishment and implementation of standards, controls, limits, guidelines or policies relating to risk assessment and risk management, including but not limited to the underwriting and surveillance of credit risks.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Request No. 41 on the grounds that it seeks documents that are neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence and is unlimited in time. Ambac also objects to Request No. 41 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.

**Request No. 42:** All internal analyses, including but not limited to bid requests or underwriting reports, regarding the City of Detroit or its debt from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 42 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further objects to Request No 42 because it seeks information subject to the work-product doctrine and the attorney-client privilege. Ambac also objects to Request No. 42 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 43:** All communications to/from internal credit committees relating to

the City of Detroit or its debt from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 43 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 43 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further objects to Request No. 43 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii) documents that are subject to the Mediation Order. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 44:** All documents that relate to or memorialize underwriting relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 44 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ambac also objects to Request No. 44 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further objects to Request No 38 because it seeks information subject to the work-product doctrine and the attorney-client privilege. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 45:** All documents that contain underwriting policies or procedures in effect at the time that any City of Detroit public or structure finance obligation was underwritten.

**Specific Objection:** Ambac incorporates herein its General Objections. Ambac objects to Request No. 45 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 45 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.

**Request No. 46:** All documents that contain pricing policies or procedures in effect at the time that any City of Detroit public or structured finance obligation was underwritten from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 46 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 46 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.

**Request No. 47:** All documents that were reviewed or relied on in underwriting any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac objects to Request No. 47 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 47 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation.  Ambac further objects to Request No 38 because it seeks information subject to the work-product doctrine and the attorney-client privilege. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the

ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures,

Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 48:** All surveillance reports, or other similar documents that identify impaired credits or credits that will be closely monitored, regarding performance of municipal risk associated with the City of Detroit or its debt from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac

objects to Request No. 48 on the grounds that it is vague and ambiguous and seeks

documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence.  Ambac also objects to Request No. 48 because

the burden or expense of the proposed discovery outweighs its likely benefit

considering the needs of the case and the importance of the discovery in resolving

the issues to be determined on Plan confirmation.  Ambac further objects to

Request No. 48 because it seeks information subject to the work-product doctrine

and the attorney-client privilege.

**Request No. 49:** All documents that relate to or memorialize pricing relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections.  Ambac

objects to Request No. 49 to the extent that it seeks documents in the Debtor's

possession or readily available to it.  Ambac also objects to Request No. 49

because the burden or expense of the proposed discovery outweighs its likely

benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further objects to Request No. 49 on the grounds that it is vague and ambiguous and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 50:** All documents that contain loss mitigation analysis relating to the City of Detroit or its debt from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 50 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 50 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further objects to Request No. 50 because it seeks (i) information subject to the work-product doctrine and the attorney-client privilege, (ii) expert materials protected from discovery by Fed. R. Civ. P. 26, and (iii)

documents that are subject to the Mediation Order.

**Request No. 51:** Any communications, including but not limited to insureds, bondholders or their Trustees, relating to the City of Detroit or its debt from January 1, 2004, to the present.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Request No. 51 on the grounds that it is vague and ambiguous and seeks

documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Ambac also objects to Request No. 51 because

the burden or expense of the proposed discovery outweighs its likely benefit

considering the needs of the case and the importance of the discovery in resolving

the issues to be determined on Plan confirmation.

**Request No. 52:** All documents that relate to the impact that consensual impairment of UTGOs would have on debt that is similarly situated to the City of Detroit's debt.

**Specific Objection**: In accordance with an agreement with the Debtor, Ambac's

response to Request No. 52 has been held in abeyance. Ambac reserves its rights

to object to Request No. 52 on any and all grounds if and when Ambac is required

to respond.

**Request No. 53:** All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac

objects to Request No. 53 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 53 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 54:** All documents relating to any communications by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

**Specific Objection**: Ambac incorporates herein its General Objections. Ambac objects to Request No. 54 on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ambac also objects to Request No. 54 because the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the discovery in resolving the issues to be determined on Plan confirmation. Ambac further states, subject to and without waiving any objections, that it will produce all non-privileged documents in the deal transcripts Ambac kept in the ordinary course of business for the 2004 and 2005 LTGO Bonds

that it insures, Bates-numbered AMBAC000001 – AMBAC0001217.

**Request No. 55:** All documents referred to, reviewed, consulted, or relied on in responding to Debtor's interrogatories and not otherwise produced in response to these requests for production of documents.

**Response**: Ambac incorporates herein its General Objections.  Subject to and

without waiving its general objections, Ambac states that there are no documents

responsive to Request No. 55.

Respectfully Submitted,

**ARENT FOX LLP**

Dated:  May 6, 2014                    By:  /s/ Carol Connor Cohen
                                            CAROL CONNOR COHEN
                                            CAROLINE TURNER ENGLISH
                                            1717 K Street, NW
                                            Washington, DC  20036-5342
                                            (202) 857-6054
                                            Carol.Cohen@arentfox.com

                                            DAVID L. DUBROW
                                            MARK A. ANGELOV
                                            1675 BROADWAY
                                            NEW YORK, NY 10019
                                            (212) 484-3900

                                            and

                                            **SCHAFER AND WEINER, PLLC**

                                            DANIEL J. WEINER (P32010)
                                            BRENDAN G. BEST (P66370)
                                            40950 Woodward Ave., Ste. 100
                                            Bloomfield Hills, MI  48304

(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

|  |  |  |
|---|---|---|
| In re | ) | Case No. 13-53846 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | In Proceedings Under |
|  | ) | Chapter 9 |
| Debtor. | ) |  |
| _____ | ) | Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2014, the Ambac Assurance Corporation's Objections and Responses to Debtor's Requests for the Production of Documents was filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter.

Respectfully Submitted,

**ARENT FOX LLP**

Dated: May 6, 2014      By: /s/ Carol Connor Cohen
         CAROL CONNOR COHEN
         CAROLINE TURNER ENGLISH
         1717 K Street, NW
         Washington, DC 20036-5342
         (202) 857-6054
         Carol.Cohen@arentfox.com

         DAVID L. DUBROW
         MARK A. ANGELOV
         1675 Broadway
         New York, NY 10019
         (212) 484-3900

and

**SCHAFER AND WEINER, PLLC**

DANIEL J. WEINER (P32010)
BRENDAN G. BEST (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*