UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------------x
: Chapter 9
In re :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Steven W. Rhodes
                                 Debtor. :
:
:
---------------------------------------------------------------------x

## MOTION OF THE OFFICIAL COMMITTEE OF RETIREES TO COMPEL PRODUCTION OF A PRIVILEGE LOG

The Official Committee of Retirees (the "Committee") hereby moves for entry of an order to compel each of Wayne, Macomb and Oakland County, Michigan (each a "County" and collectively the "Counties") to produce a privilege log in connection with each County's production of documents relative to the City of Detroit's proposed plan of adjustment and disclosure statement,[1] pursuant to certain Subpoenas[2] served by the Committee on each County, and Federal Rules of Bankruptcy Procedure 7026 and 7030. In support of this motion, the Committee respectfully states as follows:

---

[1] References to the City of Detroit's proposed plan of adjustment and disclosure statement refer to each such document as it may be amended from time to time.

[2] On April 11, 2014, the Committee served a subpoena *duces tecum* and *ad testificandum* on each County pursuant to Fed. R. Civ. P. 30(b)(6), requesting that each County produce documents by April 25, 2014 and provide a knowledgeable representative for testimony as to certain specified subjects at a later date (collectively, the "Rule 30(b)(6) Subpoenas"). Contemporaneously, the Committee also served a separate subpoena *duces tecum* on each County through the county executive for each county pursuant to Fed. R. Civ. P. 45 requesting the same documents. (collectively, the "Rule 45 Subpoenas" and together with the Rule 30(b)(6) Subpoenas, the "Subpoenas"). The dual sets of subpoenas were served out of an abundance of caution to be certain that the Committee would receive all documents in the possession, custody and control of each County and have the opportunity to examine a knowledgeable witness, as each County may designate. Pursuant to Local Bankruptcy Rule 7026-1, the Committee filed each Subpoena and corresponding notices on the docket. [*See* Dkts. 4016, 4018, 4020, 4023, 4025, 4026, 4052, 4053.]

1

## BACKGROUND

1. Consistent with this Court's Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. 3632], on April 11, 2014, the Committee timely served the Subpoenas on each County, as applicable, requesting, *inter alia*, that each County produce certain documents by April 25, 2014. The requested documents all relate to water and sewer matters, including the Detroit Water and Sewerage Department (the "DWSD") and possible transactions relating thereto. The document requests attached to each Subpoena set forth the following standard instructions for asserting privilege: "[i]f any privilege is claimed as a basis for not producing a document, please identify the claimed privilege and all information necessary for the Court to assess the claim of privilege." (Attachment to Rule 45 Subpoenas at ¶ 4; Attachment A to Rule 30(b)(6) Subpoenas at ¶ 4.)

2. On April 21, 2014, this Court issued the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. 4202] extending the deadline for all parties, including each County, to comply with written discovery requests to May 6, 2014.

3. On or about April 21, 2014, counsel for the Committee and each of the respective Counties conferred to resolve certain discovery issues. To facilitate a cooperative discovery process, on April 24, 2014, the Committee voluntarily limited (i) the time frame for its document requests to any period of time after February 1, 2013,[3] and (ii) the scope of a majority of its requests.[4] These limitations resolved issues as to time frame and scope of the requests.

4. The Committee and Counties did not agree as to each County's obligation to

---

[3] However, the Counties agreed to produce documents responsive to request numbers 5 and 8 for any period of time after January 1, 2012.
[4] The modified document requests, as voluntarily limited by the Committee, are set forth in Macomb County's Objections and Responses to Subpoena *Duces Tecum* and *Ad Testificandum* [Dkt. 4460 at pp. 10-16].

produce a privilege log. Counsel for the Counties indicated that the Counties would assert not only attorney-client privilege, but also a common interest privilege with respect to certain communications and documents transmitted among the Counties (and their respective representatives) and may assert the work product doctrine with respect to certain documents. To assess whether communications or documents were subject to privilege, work product doctrine or other assertion of confidentiality, counsel for the Committee requested that each County provide a privilege log as required by the Federal Rules of Civil Procedure.

5. To address the Counties' alleged concern that a privilege log would be burdensome, counsel for the Committee voluntarily limited the Counties' obligation to produce a privilege log by specifying that each County need not schedule either: (i) opinion work product by a lawyer, or (ii) privileged communications that were solely between a client and that client's lawyer. Counsel for the Committee also offered additional time for each County to produce a sufficient log. Counsel for the Counties advised that the Counties would not voluntarily produce a privilege log, even as limited by the Committee's offer.

6. On May 6, 2014, the Counties responded to the Subpoenas. As part of their responses, each County indicated that it would not produce privileged or confidential material,[5] but refused to provide a privilege log to establish a proper basis to withhold such documents. [*See* Dkts. 4431, 4437, 4444, 4445, 4460 & 4461.] The Committee stands by its proposed limitation on matter that needs to be logged as set forth in paragraph 5 *supra*.

---

[5] For example, in its objection to the 30(b)(6) Subpoena served upon it, Macomb County seeks to withhold documents on the grounds of "attorney-client privilege, work product doctrine, joint-defense privilege, deliberative process privilege, common interest doctrine, the mediation privilege or other applicable privilege or immunity, protected as trial preparation materials, or otherwise protected from disclosure by Rule 26 of the Federal Rules of Civil Procedure, Rule 7026 of the Federal Rules of Bankruptcy Procedure, the Mediation order entered in this proceeding [Docket No. 322] or any other provision of law …" [Dkt. 4460.] These withheld documents should be described in a privilege log, with the exception of either: (i) opinion work product by a lawyer, or (ii) privileged communications that were solely between a client and that client's lawyer.

7. The requested material, and thus the withheld documents, are relevant not only to aspects of the City of Detroit's proposed plan of adjustment dealing with the Detroit Water and Sewerage Department (the "DWSD") and its role in funding certain retiree obligations, but also to the DWSD CVR (contingent value right) in the plan and potential Net DWSD Transaction Proceeds which would be generated by a Qualified DWSD Transaction.[6] Moreover, the withheld documents bear on the City's ability to effect a Qualified DWSD Transaction under the plan, which would entail privatization or establishment of a regional authority.

8. In light of the Counties' refusal to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedures, and the instructions in the Committee's Subpoenas, the Committee now seeks to compel the production of a privilege log relating to the Counties' production of documents in connection with the City of Detroit's proposed plan of adjustment and disclosure statement.

## JURISDICTION

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF

10. The Counties have withheld documents on privilege and work product grounds without setting forth adequate information to assess the basis for such claims, and, in so doing, have failed to sustain their burden to assert privilege or work product under Federal Rules of Civil Procedure 26(b)(5) and 45(e)(2), as incorporated in Federal Rules of Bankruptcy Procedure 7026 and 9016, respectively. These rules expressly require a person withholding subpoenaed

---

[6] "DWSD CVR", "Net DWSD Transaction Proceeds" and "Qualified DWSD Transaction" shall have the meaning as set forth under the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit. [Dkt. 4392.]

4

information on the grounds of privilege or work product to provide an adequate description thereof. Federal Rule of Civil Procedure 45(d)(2)(B)(i), incorporated by Federal Rule of Bankruptcy Procedure 9016, authorizes a motion to compel in these circumstances.

## I. The Counties Have Failed to Properly Assert Privilege

11. As the withholding parties, the Counties bear the burden to establish that documents and/or communications are subject to attorney-client privilege. *McNabb v. City of Overland Park*, No. 12-CV-2331, 2014 WL 1152958, at *6 (D. Kan. Mar. 21, 2014). To satisfy their burden, the Counties are obligated to "expressly make the claim and 'describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *Cozzens v. City of Lincoln Park*, No. 08-11778, 2009 WL 152138, at *2 (E.D. Mich. Jan. 21, 2009) (quoting Fed. R. Civ. P. 26(b)(5)(A)).

12. A privilege log with sufficient information satisfies the requirements of Federal Rules of Civil Procedure 26(b)(5) and 45(e)(2). *Id.*; *see Hoxie v. Livingston Cnty.*, CIV A 09-CV-10725, 2009 WL 5171845, at *3 (E.D. Mich. Dec. 22, 2009) *objections overruled*, 09-CV-10725, 2010 WL 457104 (E.D. Mich. Feb. 3, 2010) ("The [Defendants] must produce an adequate privilege log listing any and all documents which they withhold by claim a privilege … . [The] privilege log should contain sufficient information for the Court and Plaintiff to determine whether the withheld documents are properly subject to a privilege or protection.") (internal quotations and citations omitted); *cf.* [Dkt. 2132 at 62:9-22;64:19-23] (ordering counsel for the Debtor to produce an affidavit which described (i) the process they used to determine whether withheld documents were privileged and (ii) the standard used to identify such documents where the Court found that withheld documents were likely not particularly relevant).

5

13. The necessity of a privilege log is of particular importance where there are multiple withholding parties that assert a common interest privilege, as such privilege is considered "an exception to the general rule that disclosure of an attorney's advice to a third party ordinarily results in waiver of the attorney-client privilege." *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 347 (N.D. Ohio 1999). As this Court has noted, the common interest privilege extends only to conversations or documents transmitted among parties "for the purpose of seeking legal advice[,]" but does not protect conversations or documents transmitted "for other purposes, for example to discuss political ramifications" of a particular decision. [Dkt. 1037 at 80:17-24]; *See High Point SARL v. Sprint Nextel Corp.*, Civ. No. 09-2269, 2012 WL 234024, at *7 (D. Kan. Jan. 25, 2012) ("[F]or the common interest doctrine to attach, most courts … insist that the two parties have in common an interest in securing legal advice related to the same matter and that the communications be made to advance their shared interest in securing legal advice on that common matter. **The key consideration is that the nature of the interest be identical, not similar, not solely commercial**.") (emphasis added) (internal citation and quotation omitted).

14. The mere fact that an attorney for one of multiple parties is included on a communication or otherwise receives documents is not sufficient to establish a common interest privilege. *See generally Radiant Burners, Inc. v. Amer. Gas Ass'n.*, 320 F.2d 314, 324 (7th Cir. 1963), *cert. denied* 375 U.S. 929 (1963) (stating it is improper for an organization "to funnel its papers and documents into the hands of its lawyers for custodial purposes and thereby avoid disclosure.") Rather, as this Court has noted, whether a communication or document is subject to a common interest privilege "can only be adjudged on a question-by-question basis"[7] based

---

[7] [Dkt. 1037 at 80:10-13.]

upon the nature of the withheld document, communication, or tangible thing.

15. Failure to comply with the terms of Federal Rules of Civil Procedure 26(b)(5) and 45(e)(2) may warrant a determination that a party has waived the ability to claim privilege. *Cozzens*, 2009 WL 152138, at *3 (holding plaintiffs' assertion of privilege insufficient where plaintiff failed to attach a privilege log or file a protective order under Fed. R. Civ. P. 26(c)); *Hoxie*, 2009 WL 5171845, at *3 ("The Court can reject the claim of privilege where the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege.") (internal citations and quotations omitted).

16. Without any description as to the nature of withheld documents and/or communications that were transmitted, it is impossible for the Committee to determine whether such communications or documents were transmitted for the purpose of obtaining legal advice or another unprotected (i.e., commercial, business or political) purpose.

17. The Committee's privilege concerns are compounded where, as here, various representatives, legal and otherwise, from each respective County have doubtless communicated with each other with respect to the DWSD. Wholly apart from this bankruptcy case, the Counties have a business interest to minimize the costs of DWSD services, as County residents compose the majority of DWSD ratepayers. Representatives from each County sit on the DWSD board of water commissioners. *See* www.dwsd.org/.[8] Without further description of each withheld communication and/or document, the Committee cannot determine whether business, commercial and/or political communications between County representatives are being withheld because they were funneled through legal counsel to maintain an appearance of

---

[8] As set forth on DWSD's website, the following three County representatives sit on the DWSD board of water commissioners: (i) James Fausone, Esq. - Wayne County, (ii) Fred Barnes, P.E. - Macomb County, and (iii) J. Bryan Williams - Oakland County.

7

privilege.

## II. The Counties Have Failed to Show That Documents Created by Non-Attorneys Constitute Protected Work Product

18. As with the attorney-client privilege, the Counties bear the burden to establish that the work product doctrine is applicable. *U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 2190747, at *7 (E.D. Mich. June 14, 2012). To satisfy this burden, the Counties must demonstrate, *inter alia*, that a document was "generated because of the threat of litigation, and not for ordinary business purposes." *Flagstar Bank v. Fed'l Ins. Co.*, 05-CV-70950, 2006 WL 6651780, at *5 (E.D. Mich. Aug. 21, 2006). In other words, documents that would have been created in substantially the same form absent the prospect of litigation are not subject to the work product doctrine. *Id.* (citing *U.S. v. Roxworthy*, 457 F.3d 590 (6th Cir. 2006)).

19. Even where a document is created for litigation purposes (as opposed to ordinary business purposes) and may otherwise constitute work product, fact work product, i.e. written or oral information transmitted to an attorney by a client or their representative, is subject to discovery upon a showing of substantial need and material hardship. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002).

20. Without any description as to the nature of withheld documents, it is impossible for the Committee to determine whether a document was created for the purposes of litigation or an ordinary business purpose. The Counties have a long term business relationship with the DWSD and have reason to keep themselves informed of its operations, assets and liabilities, irrespective of the City of Detroit's bankruptcy. As noted above, members from each County sit on the DWSD board of water commissioners. Given their supervisory role in DWSD

8

operations, County representatives may exchange resources among themselves and would do so regardless of any litigation.

21. Moreover, even if certain documents produced by non-lawyers were produced in anticipation of litigation, such documents may be subject to discovery upon a showing of substantial need and material hardship by the Committee. Absent any description to identify withheld documents, it is impossible for the Committee to determine whether such anonymous documents are available from other resources.

22. The undersigned counsel certifies that, on April 24, 2014, in accordance with Local Bankruptcy Rule 9014-1(h), concurrence of opposing counsel in the relief sought herein was sought and the concurrence was denied.

## RELIEF REQUESTED

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, compelling the Counties to produce a privilege log or, in the alternative, finding that the City has waived privilege with respect to the documents withheld on that basis.

Dated: May 7, 2014                                                                                     Respectfully submitted,

| | | |
|---|---|---|
| Matthew E. Wilkins (P56697) | Sam J. Alberts | By: /s/ Claude D. Montgomery |
| Paula A. Hall (P61101) | Dan Barnowski | Claude D. Montgomery (P29212) |
| BROOKS WILKINS SHARKEY & | DENTONS US LLP | Carole Neville |
| TURCO PLLC | 1301 K. Street, NW | DENTONS US LLP |
| 401 South Old Woodward, Suite 400 | Suite 600, East Tower | 1221 Avenue of the Americas |
| Birmingham, Michigan 48009 | Washington, DC 2005-3364 | New York, New York 10020 |
| Direct: (248) 971-1711 | Tel: (202) 408-6400 | Tel: (212) 768-6700 |
| Cell: (248) 882-8496 | Fax: (202) 408-6399 | Fax: (212) 768-6800 |
| Fax: (248) 971-1801 | sam.alberts@dentons.com | claude.montgomery@dentons.com |
| wilkins@bwst-law.com | | carole.neville@dentons.com |
| hall@bwst-law.com | | |

*Counsel for the Official Committee of Retirees*

# Exhibit 1

(Proposed Order)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

----------------------------------------------------------------x
In re                                   : Chapter 9
                                        :
                                        : Case No. 13-53846
CITY OF DETROIT, MICHIGAN,              :
                                        : Hon. Steven W. Rhodes
                    Debtor.             :
                                        :
                                        :
----------------------------------------------------------------x

## ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE
## OF RETIREES TO COMPEL PRODUCTION OF A PRIVILEGE LOG

This matter coming before the Court on the Motion of the Official Committee of Retirees to Compel Production of a Privilege Log (the "Motion"); and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Each of Wayne, Macomb and Oakland County, Michigan (the "Counties") shall produce, on or before May 19, 2014, a privilege log listing all documents withheld from the Counties' production on privilege, work product or other confidentiality grounds, except (i) opinion work product by a lawyer, or (ii) privileged communications that were solely between a client and that client's lawyer.

Signed on: _____

                                                                                Steven Rhodes
                                                                               United States Bankruptcy Judge

**Exhibit 2**

(*Ex Parte* Motion - Filed Separately)

# Exhibit 3

(Brief - Intentionally Omitted)

**Exhibit 4**

(Certificate of Service - Filed Separately)

# Exhibit 5

(Affidavit - Intentionally Omitted)

# Exhibit 6

(Documentary Exhibits - Intentionally Omitted)