# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| Debtor. | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |

## THE DETROIT RETIREMENT SYSTEMS' RESPONSES AND OBJECTIONS TO THE DEBTOR'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DETROIT RETIREMENT SYSTEMS

Pursuant to Fed. R. Civ. P. 34, made applicable to this matter by Fed. R. Bankr. P. 7034 and Fed. R. Bankr. P. 9014(c), the General Retirement System of the City of Detroit ("GRS") and the Police and Fire Retirement System of the City of Detroit ("PFRS") (collectively, the "Retirement Systems") hereby serve their Responses and Objections to the Debtor's Requests for Production of Documents to the Detroit Retirement Systems (the "Requests") dated April 11, 2014.

## GENERAL OBJECTIONS

1.     On February 24, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered its Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 2727], which was amended by entry of: the February 25, 2014 First Amended Order Establishing Procedures, Deadlines and Hearing Dates

Relating to the Debtor's Plan of Adjustment [Dkt. No. 2755]: the March 3, 2014 Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 2937]; and the April 2, 2014 Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 3632] (collectively, the "Plan Scheduling Order"). The Retirement Systems object to the Requests to the extent that they seek discovery that is not relevant to confirmation of the Plan[1] and, therefore, request discovery beyond the scope established by the Plan Scheduling Order. [*See* Dkt. No. 3632 at 1].

2. The Retirement Systems object to the various definitions and instructions contained in the Debtor's discovery requests to the extent they purport to contain requirements different from those imposed by the Federal Rules of Civil Procedure or to define words differently than they are defined in common usage. The Retirement Systems have responded in accordance with the requirements of the relevant court rules and have interpreted the questions in accordance with common usage, in spite of imprecision in the Debtor's questions and requests, and object to and do not recognize any effort to require it to respond in any other manner.

---

[1] The City filed the Fourth Amended Plan for the Adjustment of Debts for the City of Detroit [Dkt. No. 4392] (the "Plan") on May 5, 2014.

4.     The Retirement Systems object to each Request to the extent that it seeks any document that (i) is protected from disclosure by the attorney-client privilege; (ii) constitutes attorney work-product; (iii) was prepared in anticipation of litigation or for trial; or (iv) is privileged and confidential pursuant to the Court's Mediation Order entered August 13, 2013 [Dkt. No. 322 at 2, ¶4]; or (v) is otherwise privileged or exempt from discovery.

5.     The Retirement Systems object to each Request to the extent that it seeks documents protected from disclosure by (i) state or federal law; (ii) any confidentiality doctrines; (iii) any protective order; or (iv) any other privilege and/or immunity.

6.     The Retirement Systems object to each Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Fed. R. Civ. P. 26(b)(1), made applicable by Fed. R. Bankr. P. 7026 and Fed. R. Bankr. P. 9014(c).

7.     The Retirement Systems object to each Request to the extent that it seeks documents that are already in the possession, custody, or control of the Debtor or the Debtor's counsel, or are otherwise equally available to the Debtor from other less burdensome sources.

8.      The Retirement Systems object to each Request to the extent that it is vague, is ambiguous, and/or lacks sufficient precision to allow the Retirement Systems to formulate an appropriate response.

9.      The Retirement Systems object to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks documents that are neither relevant to Plan confirmation nor reasonably calculated to lead to the discovery of admissible evidence.

10.     The Retirement Systems object to each Request to the extent that each such Request does not contain a time period limitation. The failure to include a time period limitation makes each such Request overly broad, unduly burdensome, oppressive, vague, and/or ambiguous.

11.     The Retirement Systems' failure to object to any Request on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

12.     A response by the Retirement Systems shall not be construed as a waiver of any applicable privilege.

13.     These General Objections will be deemed to be continuing throughout the responses that follow, and any supplemental responses to the Requests, whether or not expressly referred to therein. The stating of additional or other specific

4

objections shall not constitute a waiver or limitation of these General Objections in their entirety.

14.     The Retirement Systems have attempted to locate all relevant and responsive information as of the date hereof. The Retirement Systems reserve their right to supplement or amend their answers and objections to each Request in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, and/or any applicable order of the United States Bankruptcy Court for the Eastern District of Michigan, as appropriate and warranted.

15.     Any response to the Requests is subject to the Retirement Systems' right to object to the competency, relevance, materiality, or admissibility of any such response or document produced in this or any other proceeding or action. That the Retirement Systems have supplied information or documents in response to the Requests does not constitute an admission by the Retirement Systems that such information and/or documents are relevant or admissible.

## RESPONSES TO DOCUMENT REQUESTS

1.     All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

a. Current and/or projected cash flows for the City of Detroit;

b. Current and/or projected budgets for the City of Detroit;

c. The City of Detroit's inability/ability to pay its debts when they become due;

d. The City of Detroit's inability/ability to provide civic services;

e. Current and/or projected tax collection rates (wagering, property, and/or income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);

f. The Detroit Water and Sewer Department ("DWSD");

g. The Detroit Institute of Arts ("DIA");

h. The Public Lighting Authority of Detroit ("PLA"); and

i. Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and seeks documents and information that are confidential and/or subject to the attorney-client privilege and the work product privilege. The Retirement Systems

6

further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.


2.    All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This requests includes, but is not limited to, documents that address:

    a.  The effects on you and other creditors;

    b.  The cost of operating the City of Detroit;

    c.  What constitutes an adequate level of City services;

    d.  Levels of recovery for unsecured creditors (with or without a "Grand Bargain"[2]);

    e.  Comparable cities and, if applicable, the basis for concluding those cities are comparable;

    f.  Asset sales by the City of Detroit;

---

[2] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

7

g. Tax collection rates (wagering, property, and/or income) in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

**<u>RESPONSE:</u>**

The Retirement Systems object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege and the work product privilege. The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.

3. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their

recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

**RESPONSE:**

The Retirement Systems object to this Request because it is vague, overbroad and seeks documents and information that is confidential and/or subject to the attorney-client privilege and the work product privilege. The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.

4. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

**RESPONSE:**

The Retirement Systems object to this Request because it is vague and overbroad and seeks documents and information that is confidential and/or subject to the attorney-client privilege and the work product privilege. The Retirement Systems further object to this Request on the grounds that potentially responsive

9

documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.

5.    All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' current financial condition.

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege and the work product privilege.  The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

The Retirement Systems previously produced to the City responsive documents regarding its current financial condition.   Therefore, the Request violates Fed. R. Civ. P. 26(b), is duplicative, and is propounded for an improper purpose because it seeks documents which are already in the City's possession, custody, and control.

10

Further, potentially responsive documents are publicly available on the Retirement Systems' websites: http://www.rscd.org/download1.htm and http://www.pfrsdetroit.org/download.aspx?pagename=download&pageid=7.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.

6. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege and the work product privilege. The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

The Retirement Systems previously produced to the City potentially responsive documents regarding its projected financial condition under different recovery levels. These documents are subject to the mediation confidentiality referenced above. In addition, the Request violates Fed. R. Civ. P. 26(b), is

11

duplicative, and is propounded for an improper purpose because it seeks documents which are already in the City's possession, custody, and control.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.

7.    All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege and the work product privilege.  The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

The Retirement Systems previously produced to the City potentially responsive documents regarding its projected financial condition under different recovery levels.  These documents are subject to the mediation confidentiality referenced above.  In addition, the Request violates Fed. R. Civ. P. 26(b), is

12

duplicative, and is propounded for an improper purpose because it seeks documents which are already in the City's possession, custody, and control.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.

8. All documents relating to any City of Detroit debt held by you, the price you paid for that debt, and the date(s) on which you acquired said debt.

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and unduly burdensome seeks documents or information that is confidential and/or subject to the attorney-client privilege and the work product privilege. The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

The proofs of claim filed in this case by PFRS and GRS, respectively, evidence the debt owed by the City of Detroit to the PFRS and the GRS. The proofs of claim are in the City's possession, custody and control.

The Retirement Systems also previously produced to the City potentially responsive documents. The Retirement Systems made a voluntary rolling production

13

on May 4, 10, and 20, 2013 (the "May Production") to Miller Canfield P.L.C., legal counsel to the City, which included over 110,000 pages of documents and materials including, but not limited to the Retirement Systems' annual reports, annual actuarial studies, and annual audited financial statements.

In addition, potentially responsive documents are publicly available for download by visiting http://www.rscd.org/download1.htm and http://www.pfrsdetroit.org/download.aspx?pagename=download&pageid=7.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents including those reflecting the origin of the employer contribution debts owed by the City to the Retirement Systems.

9.   All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which sold said debt.

**RESPONSE:**

The Retirement Systems do not have any responsive documents because they have not sold any debt owed by the City.

10.  All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such

14

claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**RESPONSE:**

The proofs of claim filed by the Retirement Systems evidence claims against the City. The Retirement Systems do not have any other responsive documents because they have not purchased or sold any claims against the City.

11. All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**RESPONSE:**

The Retirement Systems are not aware of any documents relating to communications with foreign or domestic government regulators regarding the topics listed in this Request.

12. All documents relating to any communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to

15

enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

    a.  The White House;

    b.  Any United States executive branch agencies or departments;

    c.  The United States Congress;

    d.  The Executive Office of the Governor of the State of Michigan;

    e.  The State of Michigan Legislature;

    f.  The City Council of the City of Detroit; and

    g.  The Office of the Mayor of the City of Detroit.

**RESPONSE:**

The Retirement Systems object to this Request because it is overly broad, unduly burdensome, and vague. The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order. For example, some communications with the above-listed entities did occur, but those communications took place during the course of mediation and are therefore protected from disclosure. For example, a meeting occurred on March 5, 2014 between representatives of the Retirement Systems (Robert Gordon, Ronald King, Joseph Turner, Michael VanOverbeke, Bradley Robins, and Eric Mendelsohn) and representatives of the State of Michigan Attorney General's office

16

(Steven Howell, Matthew Schneider, Michael Gadola, and Valerie Brader); however, the meeting took place as part of mediation and the contents of the subject matters discussed at that meeting are confidential.

Subject to and without waiving these objections, agents of the Retirement Systems did communicate with certain representatives from the State of Michigan legislature at a meeting on March 28, 2014. Upon information and belief, the attendees included: Robert Gordon, Ronald King, Joe Turner, George Orzech, Lou Sinagra, Oscar King, Rep. Thomas F. Stallworth III, Sen. Coleman Young II, Rep. David Nathan, and Rep. Alberta Tinsley-Talabi. The Retirement Systems will produce a copy of the materials presented at that meeting as part of its rolling production beginning on May 6, 2014.


13. All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

**RESPONSE:**

The Retirement Systems do not have any documents responsive to this Request.

14.  All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

**RESPONSE:**

The Retirement Systems object to this Request because it is vague and ambiguous. As the Retirement Systems understand the Request, they do not have responsive documents.

15.  All documents relating to any common interest agreements between you and any other City of Detroit creditors.

**RESPONSE:**

The Retirement Systems object to this Request to the extent that it seeks confidential or otherwise privileged information or documents not within the scope of the Plan Scheduling Order. Subject to, and without waiving this objection, the Retirement Systems will produce the Common Interest and Confidentiality Agreement (the "Common Interest Agreement") with the Official Committee of Retirees (the "Retiree Committee") dated September 30, 2013.

16.  All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

18

**RESPONSE:**

    See response to Request No. 15.

    17. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

**RESPONSE:**

    The Retirement Systems object to this Request because it is overly broad, vague, and ambiguous. As a result, the Request fails to describe with "reasonable particularity" each document or communication the City seeks, and the Request does not comply with Fed. R. Civ. P. 34(b)(1)(A).

    Subject to and without waiving this specific objection, and to the extent this Request is understood, the Retirement Systems are not aware of responsive documents in their possession, custody, or control.

    18. All documents relating to any notifications to any insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

**RESPONSE:**

    The Retirement Systems object to this Request because the documents

19

requested are not relevant to Plan confirmation and because it exceeds the scope of discovery provided in the Plan Scheduling Order.

The Retirement Systems object to this Request because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The Retirement Systems further object to this Request because it is temporally overbroad, as it seeks information from 2004 to present. As a result, the Request fails to describe with "reasonable particularity" each document or communication the City seeks, and the Request does not comply with Fed. R. Civ. P. 34(b)(1)(A).

Subject to and without waiving these specific objections, the Retirement Systems produced, as part of rolling production on May 6, 2014, notices demanding insurance coverage communicated in 2009 to the fiduciary liability policy carriers for each Retirement System.

19. All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

**RESPONSE:**

The Retirement Systems object to this Request because it is vague, ambiguous, overly broad, and unduly burdensome. The Retirement Systems further object to the extent that this Request seeks information subject to privilege or

20

confidentiality, including, but not limited to, the Mediation Order and/or the Common Interest Agreement.

Subject to and without waiving the foregoing specific objections, the Retirement Systems have not undertaken formal communications with unions, union members, retiree associations, retiree association members, other than indirectly with participants and/or beneficiaries of the Retirement Systems through communications posted on the Retirement Systems' respective websites, which are publicly available at www.rscd.org and www.pfrsdetroit.org., and which may include communication in the form of notices regarding healthcare- and bankruptcy-related matters and meeting minutes of their respective Boards of Trustees. Lastly, the Retirement Systems direct the City's attention to the documents produced as part of its rolling production, which may include informal communications between the Retirement Systems' agents or representatives with some of the named constituencies.

20. All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

**RESPONSE:**

As this Request is understood, the Retirement Systems are aware of no such documents in their possession, custody, or control.

21.  All documents relied upon by any experts you intend to call to testify at the hearing regarding the Plan.

**RESPONSE:**

The Retirement Systems are not required to designate expert witnesses that will testify at the Plan confirmation hearing until June 10, 2014, or produce any reports prepared by such experts until June 24, 2014. If the Retirement Systems designate any expert or experts to testify at the Plan confirmation hearing, the Retirement Systems will fully comply with their obligations under Fed. R. Civ. P. 26(a)(2)(B) and the Plan Scheduling Order.

22.  All documents related to any analysis of "unfair discrimination" in the Plan.

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege and the work product privilege.

Subject to and without waiving these specific objections, the Retirement Systems are not in possession, custody or control of non-privileged responsive documents.

23. All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

**RESPONSE:**

The Retirement Systems object to this Request because it seeks discovery beyond the scope established by the Plan Scheduling Order. The Retirement Systems also object to this Request because it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence in violation of Fed. R. Civ. P. 26(b)(1).

The Retirement Systems object to this Request to the extent that it seeks documents and information that are subject to a common interest agreement or joint defense privilege. The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

24.     All documents related to any calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege, the work product privilege, and/or common interest agreement or joint defense privilege.  The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

The Retirement Systems previously produced to the City potentially responsive documents.  The Retirement Systems' May Production included over 110,000 pages of documents and materials including, but not limited to the Retirement Systems' annual reports, annual actuarial studies, and annual audited financial statements.

In addition, potentially responsive documents are publicly available for download by visiting http://www.rscd.org/download1.htm and http://www.pfrsdetroit.org/download.aspx?pagename=download&pageid=7.

Subject to and without waiving these specific objections, the Retirement Systems will produce responsive non-privileged documents.

25. All documents referred to, reviewed, consulted, or relied on in responding to Debtor's interrogatories and not otherwise produced in response to these requests for production of documents.

**RESPONSE:**

The Retirement Systems object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege, the work product privilege, and/or common interest agreement or joint defense privilege.

26. All filings with governmental entities, including determination letter applications under the Internal Revenue Code section 401(a) and any communications from the IRS to GRS or PFRS, and from GRS or PFRS to the IRS in response.

**RESPONSE:**

The Retirement Systems object to the extent that the terms "filings," and "governmental entities" are vague, ambiguous, and undefined. The Retirement Systems further object that this Request is overbroad and unduly burdensome because it has no temporal or subject matter limitation. This Request fails to

describe with "reasonable particularity" each document or communication the City seeks, and the Request therefore does not comply with Fed. R. Civ. P. 34(b)(1)(A).

The Retirement Systems further object to this Request because it seeks discovery beyond the scope established by the Plan Scheduling Order. Subject to and without waiving these specific objections, the Retirement Systems will produce any responsive non-privileged documents related to any plan determination letter applications with the IRS related to the City's Plan, if any, under their possession, custody, and control.

27. All annual reports to the State of Michigan and/or the IRS, and any responses from 2004 to the present.

**RESPONSE:**

The Retirement Systems object to the extent that the phrase "annual reports" is vague, ambiguous, and undefined. The Retirement Systems further object that this Request is overbroad and unduly burdensome because it requests information from 2004 to present. The Retirement Systems also object because this Request is not limited to the Retirement Systems or to Plan confirmation.

Subject to and without waiving these specific objections, the Retirement Systems will produce any responsive non-privileged documents related to their

26

annual filings with the State of Michigan under their possession, custody, and control.

28.  All documents regarding how non-liquid investments are valued – i.e., the process by which they are valued, and how often they are valued.

**RESPONSE:**

The Retirement Systems object to the extent that the phrase "non-liquid investment" is vague, ambiguous, and undefined.  The Retirement Systems further object that this Request lacks any temporal limit, and is furthermore overbroad because it does not even appear limited to investments of the Retirement Systems.

Subject to and without waiving these specific objections, the Retirement Systems will produce any responsive non-privileged documents in their possession, custody, and control, to the extent that such documents exist.

29.  All documents that analyze, assess, or justify the investment return assumptions used by PFRS and GRS.

**RESPONSE:**

The Retirement Systems object to the extent that this Request lacks any temporal limit.  Because the Request fails to describe with "reasonable

particularity" each document or communication the City seeks, the Request does not comply with Fed. R. Civ. P. 34(b)(1)(A).

The Retirement Systems further object to this Request because it is overbroad and seeks documents or information that is confidential and/or subject to the attorney-client privilege and the work product privilege. The Retirement Systems further object to this Request on the grounds that potentially responsive documents provided in connection with mediation are deemed confidential pursuant to the Mediation Order.

Subject to these objections, the Retirement Systems refer the City to their respective investment guideline policies developed by their respective investment consultants (namely, NEPC and Wilshire) which will be produced as part of the rolling production between the Retirement Systems and the City.


30. All quarterly investment reports and annual reports from fiscal years 1990 through the present.

**RESPONSE:**

The Retirement Systems object because this Request is overly broad and unduly burdensome because it has an unreasonable temporal limit.

Subject to these objections, during the May Production, the Retirement Systems produced to the City potentially responsive documents, which included

28

over 110,000 pages of documents and materials including, but not limited to the Retirement Systems' annual reports, annual actuarial studies, and annual audited financial statements.

In addition, potentially responsive documents are publicly available for download by visiting http://www.rscd.org/download1.htm and http://www.pfrsdetroit.org/download.aspx?pagename=download&pageid=7.

31. All board of trustee minutes and other internal communications from fiscal years 1990 through the present.

**<u>RESPONSE:</u>**

The Retirement Systems object because this Request is overly broad and unduly burdensome because it has an unreasonable temporal limit.

Subject to said objections, during the May Production, the PFRS and the GRS produced to the City potentially responsive documents, which included board meeting minute from 1970 to March 2013 in searchable portable data format (PDF) for both PFRS and GRS. The Retirement Systems further state that Board of Trustee minutes which have been completed from March 2013 to present are publicly available at http://www.rscd.org/gcminutes.htm and http://www.pfrsdetroit.org/board-minutes.aspx..

The Retirement Systems further object because the Request for "all internal communications" is overbroad, unduly burdensome, and otherwise lacks any "reasonable particularity" in its description of responsive records, and therefore, it does not comply with Fed. R. Civ. P. 34(b)(1)(A).

32.    All documents regarding expense ratios that GRS and PFRS pay for plan administration, operation, etc.

**RESPONSE:**

The Retirement Systems object to this Request because it seeks documents that are not relevant and exceeds the scope of discovery established by the Plan Scheduling Order. As such, this Request is overbroad is not reasonably calculated to lead to the discovery of admissible evidence in violation of Fed. R. Civ. P. 26(b)(1). The Retirement Systems also object to this Request because it is overbroad in that it has no temporal limits.

The Retirement Systems object to the extent that the Request asks for documents publicly available on the City's on the Retirement Systems' websites. The Retirement Systems also object to this Request because the burden of reviewing such records and deriving all or part of the information sought by this Request is substantially the same for the City as it is for the Retirement Systems.

Subject to and without waiving these specific objections, the Retirement Systems will produce any non-privileged responsive documents.

33.    All documents relating to any breach of fiduciary claims made against trustees of PFRS or GRS since fiscal year 1990 through the present.

**<u>RESPONSE:</u>**

The Retirement Systems object to this Request because it seeks information that is not relevant to Plan confirmation and because it seeks discovery beyond the scope of that established by the Plan Scheduling Order.  The Retirement Systems further object because it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence.  The Retirement Systems further object to this Request because it is temporally overbroad, as it seeks information from 1990 to present.  The Retirement Systems also object to this Request because the burden and expense of the proposed discovery outweighs its likely benefit.

The Retirement Systems further object to this Request because it seeks information available to the City from less burdensome sources, or at least equally burdensome on the City as the Retirement Systems, such as the Wayne County Circuit Court.  The Retirement Systems hereby refer the City to the Wayne County Circuit Court and the publicly available records related to the following matters:

- *Chase, et al. v. Anthony, et al.*, Wayne County Circuit Court Case No. 09-010940-NZ;

- *Malhalab, et al. v. Bandemer, et al*., Wayne County Circuit Court Case No. 09-012332-NZ;

- *Estes, et al. v. Clark, et al.*, Wayne County Circuit Court Case No. 09-010080-NZ; and

- *Foy, et al. v. Bandemer, et al.*, Wayne County Circuit Court Case No. 09-024103-NZ.

Subject to and without waiving these specific objections, the Retirement Systems produced responsive documents to this request on May 6, 2014.


34. All documents relating to accounting, audits, or reviews of the Annuity Savings Fund from fiscal years 1990 through the present.

**<u>RESPONSE:</u>**

The GRS objects to this Request because it seeks information that is not relevant to Plan confirmation and because it seeks discovery beyond the scope established by the Plan Scheduling Order. The GRS further objects because it is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. The GRS further objects to this Request because it is temporally overbroad, as it seeks information from 1990 to present. The GRS also object to

this Request because the burden and expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving these objections, the GRS will produce non-privileged responsive documents in its custody, possession, or control.

PFRS does not have non-privileged documents responsive to this Request.

35.  All documents relating to any analysis or justification for the fact that a 7.9 percent investment return was the minimum investment return credited to the Annuity Savings Fund, even in years when the GRS earned below 7.9 percent on its investment returns.

**<u>RESPONSE:</u>**

GRS objects to this Request because responsive information has already been produced to the City and is already in the City's possession, custody and control. Specifically, GRS produced this information in the May Production, which included over 110,000 pages of documents and materials related to the operation of the Retirement Systems and their plans, authority for the plan provisions of GRS, the meeting minutes of GRS's Board of Trustees dating back to 1970, GRS's Annual Reports dating back to 1998, and GRS's Annual Actuarial Reports dating back to 2002.  Further answering, GRS relied, in part, on the following: the documents produced as part of the May Production; provisions of MCL 38.1133, *et seq*., the City

33

of Detroit Charter of 2012 as incorporating the Charter of 1918 as amended and continued through 2012; the compiled ordinances of the City of Detroit; the collective bargaining agreements which the City itself negotiated and adopted; and both the GRS's and the City's business records, which are already in the City's possession, custody, and control.

Subject to and without waiving these objections, the GRS will produce non-privileged responsive documents in its custody, possession, or control.

PFRS does not have non-privileged documents responsive to this Request.

36. Any document related to the most recent, complete application for determination by the IRS that PFRS and GRS are qualified plans.

**RESPONSE:**

The Retirement Systems produced these documents, beginning on May 6, 2014, pursuant to the rolling production of responsive, non-privileged documents.

Respectfully submitted,


CLARK HILL PLC


/s/  Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated:  May 7, 2014                *Counsel to the Police and Fire Retirement
System of the City of Detroit and the General
Retirement System of the City of Detroit*

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 7, 2014, The Detroit Retirement Systems' Responses and Objections to the Debtor's Requests for Production of Documents to the Detroit Retirement Systems was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement*
*System of the City of Detroit and the General*
Dated: May 7, 2014    *Retirement System of the City of Detroit*