UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Chapter 9
                                                            Case No. 13-53846
City of Detroit, Michigan,                                  Hon. Steven W. Rhodes

    Debtor.
_____/

### Order Denying Motion for Relief from Automatic Stay

This matter is before the Court on a Motion for Relief from Automatic Stay filed by Nathaniel Brent. (Dkt. #4211) The City of Detroit filed an objection to the motion. (Dkt. #4402) The issue is whether the movant has established cause for relief from the stay under 11 U.S.C. § 362(d)(1). The Court concludes that oral argument is not necessary to resolve the motion.

Mr. Brent seeks relief from the automatic stay to continue a lawsuit he filed in the Eastern District of Michigan in February 2011, against, *inter alia*, the City of Detroit Police Department, two individual named DPD officers, and other John/Jane Doe officers ("the Defendants"). In the suit, Mr. Brent alleges that the Defendants violated his constitutional rights, and he seeks monetary and injunctive relief under 42 U.S.C. § 1983. Pursuant to this Court's previous Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims, such claims are to be referred to Chief United States District Judge Gerald Rosen for mediation. *See* Dkt. #2302, at ¶ 20 ("[A]ll lawsuits alleging claims against the City, its employees or both under 42 U.S.C. § 1983 that are pending in the United States District Court are referred to Chief United States District Judge Gerald Rosen for mediation under such procedures as he determines.").

1

Mr. Brent does not attempt to distinguish his claims from those covered by paragraph 20 of the Order Approving ADR Procedures. The only basis he asserts for relief from the automatic stay is a conclusory allegation that, "This Court and the bankruptcy proceedings cannot protect [his] interests as liability and damages have not yet been determined."

The Court carved out a special procedure for 42 U.S.C. § 1983 claimants in the ADR Procedures Order specifically to ensure that the interests of such claimants are adequately protected. Because Mr. Brent offers no support for his allegation, or even an explanation as to why his interests will not be protected in mediation, the Court concludes the motion should be denied for lack of cause shown under 11 U.S.C. § 362(d)(1).

Finally, in its Objection, the City asserts that Mr. Brent is "barred, estopped and enjoined from pursuing his claims against the City and its police officers," because Mr. Brent failed to file a proof of claim against the City by February 21, 2014, the General Bar Date. *See* Dkt. 1782 at ¶ 5 ("[A]ll entities (including, without limitation, individuals . . .) that assert claims against the City that arose . . . prior to July 18, 2013 . . . must file a proof of claim in writing in accordance with the procedures described herein by 4:00 p.m. Eastern Time, on February 21, 2014 (the 'General Bar Date').")."  The Court concludes this Motion for Relief from Stay is not the proper procedural context to consider that issue. Further, for the avoidance of doubt, this Order is not intended to extend the claims filing deadline for Mr. Brent's claim, to preclude Mr. Brent from seeking an extension of the deadline, or to preclude the City from relying on the deadline.

2

13-53846-tjt    Doc 4542    Filed 05/08/14    Entered 05/08/14 14:06:17    Page 2 of 3

For the reasons stated herein, it is ordered that the Motion for Relief from Automatic Stay (Dkt. # 4211) is denied.

Not for Publication

.

**Signed on May 08, 2014**

                   /s/ Steven Rhodes
                   **Steven Rhodes**
                   **United States Bankruptcy Judge**