UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT'S RESPONSES AND OBJECTIONS TO INTERNATIONAL UNION, UAW'S DOCUMENT REQUESTS REGARDING PLAN CONFIRMATION**

Pursuant to Fed. R. Civ. P. 34, made applicable to this matter by Fed. R. Bankr. P. 7034 and Fed. R. Bankr. P. 9014(c), the General Retirement System of the City of Detroit ("GRS") hereby serves its Responses and Objections to the Document Requests of International Union, UAW Regarding Plan Confirmation (the "Requests") [Dkt. No. 3963].

**GENERAL OBJECTIONS**

1. On February 24, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered its Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 2727], which was amended by entry of: the February 25, 2014 First Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 2755]: the March 3, 2014

200579447.2 14893/165083
13-53846-tjt    Doc 4544    Filed 05/08/14    Entered 05/08/14 15:00:32    Page 1 of 9

Second Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 2937]; and the April 2, 2014 Third Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 3632] (collectively, the "Plan Scheduling Order"). GRS objects to the Requests to the extent that they seek discovery that is not relevant to confirmation of the Plan[1] and, therefore, request discovery beyond the scope established by the Plan Scheduling Order. [*See* Dkt. No. 3632 at 1].

2. GRS objects to the various definitions and instructions contained in the International Union, UAW's (the "UAW") Requests to the extent they purport to contain requirements different from those imposed by the Federal Rules of Civil Procedure or to define words differently than they are defined in common usage. GRS has responded in accordance with the requirements of the relevant court rules and have interpreted the questions in accordance with common usage, in spite of imprecision in the UAW's questions and requests, and object to and do not recognize any effort to require it to respond in any other manner.

4. GRS objects to each Request to the extent that it seeks any document that (i) is protected from disclosure by the attorney-client privilege; (ii) constitutes attorney work-product; (iii) was prepared in anticipation of litigation or for trial; or

---

[1] The City filed the Fourth Amended Plan for the Adjustment of Debts for the City of Detroit [Dkt. No. 4392] (the "Plan") on May 5, 2014.

(iv) is privileged and confidential pursuant to the Court's Mediation Order entered August 13, 2013 [Dkt. No. 322 at 2, ¶4]; or (v) is otherwise privileged or exempt from discovery.

5. GRS objects to each Request to the extent that it seeks documents protected from disclosure by (i) state or federal law; (ii) any confidentiality doctrines; (iii) any protective order; or (iv) any other privilege and/or immunity.

6. GRS objects to each Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Fed. R. Civ. P. 26(b)(1), made applicable by Fed. R. Bankr. P. 7026 and Fed. R. Bankr. P. 9014(c).

7. GRS objects to each Request to the extent that it seeks documents that are already in the possession, custody, or control of the UAW or its counsel, or are otherwise equally available to the UAW from other less burdensome sources.

8. GRS objects to each Request to the extent that it is vague, is ambiguous, and/or lacks sufficient precision to allow GRS to formulate an appropriate response.

9. GRS objects to each Request to the extent that it is overly broad, unduly burdensome, and/or seeks documents that are neither relevant to Plan confirmation nor reasonably calculated to lead to the discovery of admissible evidence.

3

200579447.2 14893/165083

13-53846-tjt    Doc 4544    Filed 05/08/14    Entered 05/08/14 15:00:32    Page 3 of 9

10. GRS objects to each Request to the extent that each such Request does not contain a time period limitation. The failure to include a time period limitation makes each such Request overly broad, unduly burdensome, oppressive, vague, and/or ambiguous.

11. GRS's failure to object to any Request on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

12. A response by GRS shall not be construed as a waiver of any applicable privilege.

13. These General Objections will be deemed to be continuing throughout the responses that follow, and any supplemental responses to the Requests, whether or not expressly referred to therein. The stating of additional or other specific objections shall not constitute a waiver or limitation of these General Objections in their entirety.

14. GRS has attempted to locate all relevant and responsive information as of the date hereof. GRS reserve their right to supplement or amend their answers and objections to each Request in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan, and/or

any applicable order of the United States Bankruptcy Court for the Eastern District of Michigan, as appropriate and warranted.

15. Any response to the Requests is subject to the GRS's right to object to the competency, relevance, materiality, or admissibility of any such response or document produced in this or any other proceeding or action. If GRS has supplied information or documents in response to the Requests, this does not constitute an admission by GRS that such information and/or documents are relevant or admissible.

## RESPONSES TO DOCUMENT REQUESTS

1. GRS's audited financial statements for the year ended June 30, 2012 and for the year ended June 30, 2013.

**RESPONSES:**

GRS's Independent Auditor's Report with audited financial statements for the years ending June 30, 2012 and June 30, 2013 are publicly available for download at GRS's website (http://www.rscd.org/download1.htm). GRS also directs UAW to those same documents which counsel for GRS previously sent by email to UAW's counsel on April 17, 2014.

2. Documents concerning GRS's most recent actuarial valuation.

**RESPONSES:**

GRS objects to this Request because it potentially seeks personally identifiable and confidential census data related to plan participants and beneficiaries of the GRS. Accordingly, the census data information produced by GRS pursuant to this Request is subject to a Stipulated Protective Order dated May 6, 2014 [Dkt. No. 4430]. In addition, GRS directs UAW to its website (http://www.rscd.org/download1.htm) where the most recent annual actuarial valuation report for the year ended June 30, 2013 is publicly available for download. GRS further directs UAW to documents which counsel for GRS sent by email to UAW's counsel on April 17, 2014.

3. Any and all documents upon which you relied or to which you referred in answering the UAW's Interrogatories.

**RESPONSE:**

GRS objects to this Request because it seeks documents that are confidential and subject to the attorney-client privilege and the work product privilege. Subject to and without waiving these objections, GRS believes that all responsive documents have been or will be produced by May 12, 2014 pursuant to the parties' stipulation.

4. Any and all documents concerning your answers to the UAW's Interrogatories.

**RESPONSES:**

GRS objects to this request on the grounds that the phrase "concerning your answers" is vague and ambiguous, overly broad and unduly burdensome. GRS further objects to this Request because it seeks documents that are confidential and subject to the attorney-client privilege and the work product privilege. Subject to and without waiving these objections, GRS believes that all responsive documents have been or will be produced by May 12, 2014 pursuant to the parties' stipulation.

    Respectfully submitted,

    CLARK HILL PLC

    /s/ Robert D. Gordon
    Robert D. Gordon (P48627)
    Shannon L. Deeby (P60242)
    Jennifer K. Green (P69019)
    151 South Old Woodward Avenue, Suite 200
    Birmingham, Michigan 48009
    Telephone: (248) 988-5882
    Facsimile: (248) 988-2502
    rgordon@clarkhill.com

Dated: May 8, 2014    *Counsel to the General Retirement System of the City of Detroit*

# EXHIBIT 1

200579447.2 14893/165083

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 8, 2014, The General Retirement System for the City of Detroit's Responses and Objections to the Document Requests of International Union, UAW Regarding Plan Confirmation were filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
rgordon@clarkhill.com

*Counsel to the General Retirement System of the City of Detroit*

Dated: May 8, 2014

9