# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | )  |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

## SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC.'S FIRST AMENDED RESPONSES AND OBJECTIONS TO DEBTOR'S FIRST SET OF INTERROGATORIES

Pursuant to rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7033, Syncora Capital Assurance Inc. and Syncora Guarantee Inc. (collectively, "Syncora") hereby respond to the Debtor City of Detroit's ("City") *First Set of Interrogatories to Syncora*.

## GENERAL OBJECTIONS

1.  Syncora objects to each interrogatory to the extent it seeks information or documents covered by the attorney-client privilege, the work product doctrine, the mediation privilege, the consulting privilege, the common interest doctrine, or any other applicable privilege or immunity. None of Syncora's responses are intended as, nor should be construed as, a waiver or relinquishment of the attorney-client privilege, the work product doctrine, the

mediation privilege, the consulting privilege, the common interest doctrine, or any other applicable privilege or immunity.

2. Syncora objects to the City's definition of "identify" or "describe" when used in connection with natural persons on the grounds that the definition is vague and ambiguous, in particular its requirement that Syncora state "the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions."

3. Syncora objects to each interrogatory to the extent that it is overly broad and/or not reasonably calculated to lead to the discovery of relevant information or admissible evidence.

4. Syncora objects to each interrogatory to the extent that it is vague and ambiguous. In particular, many of the interrogatories are not limited by time period or subject matter. In addition, the term "City of Detroit related debt" is vague and ambiguous. Syncora has interpreted interrogatories using that term to relate to GO Bonds and Certificates of Participation ("COPs"), however characterized.

5. Syncora reserves the right to amend and/or supplement these responses as discovery continues.

# RESPONSES AND SPECIFIC OBJECTIONS

## INTERROGATORY NO. 1:

Identify any custodians of documents requested in the accompanying Requests for Production of Documents (served herewith).

## RESPONSE TO INTERROGATORY NO. 1:

Syncora incorporates its general objections as if stated herein.

Subject to and without waiving the foregoing general objections, the custodians of documents produced in response to the City's *Requests for Production of Documents to Syncora* include the following:

- Adam Bergonzi (former Managing Director of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Peter Bianchini (former Managing Director and Head of West Coast Origination of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Susan Comparato (Chief Executive Officer of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Mary Jane Constant (Managing Director of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Steve Czark (former Managing Director and Head of Commercial ABS Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- David Czerniecki (Senior Managing Director (CDO Group) of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Paul Giordano (Former Chief Executive Officer of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Richard Heberton (Former Chief Credit Officer of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Fred Hnat (Managing Director of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Drew Hoffman (Managing Director, Head of Surveillance of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Ed Hubbard (Executive Vice President of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Elizabeth Keys (former Chief Financial Officer of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Michael Koegler (Vice President of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Cassie Lau (former Managing Director and Head of Consumer ABS of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Claude LeBlanc (Chief Financial Officer and Chief Restructuring Officer of Syncora Guarantee Inc. and Chief Financial Restructuring Officer and Chief Financial Officer of Syncora Capital Assurance Inc.)

- Wynne Morris (former Managing Director of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Tom Mulvihill (former Managing Director of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Tom Randazzo (former Managing Director and Head of U.S. Public Finance of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- Sohail Rasul (former Managing Director and Head of CDO's of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

- John Williams (Managing Director of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.)

**INTERROGATORY NO. 2:**

Identify the person most knowledgeable about your surveillance activities. Surveillance activities include, but are not limited to, monitoring and reporting changes in transaction credit quality, detecting any deterioration in credit quality,

and recommending to management any necessary or appropriate remedial actions to mitigate realized or potential losses. Please confirm whether Drew Hoffman (your Senior Vice President and Group Head of Surveillance) is the person most knowledgeable.

**RESPONSE TO INTERROGATORY NO. 2:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora confirms that Drew Hoffman is most knowledgeable about Syncora's surveillance activities regarding the COPs and GO Bonds.

**INTERROGATORY NO. 3:**

Identify the person most knowledgeable about your loss mitigation activities. Loss mitigation activities include, but are not limited to, enforcing the corporation's contractual rights and remedies, mitigating its losses, engaging in transaction negotiations, or managing litigation or arbitration proceedings.

**RESPONSE TO INTERROGATORY NO. 3:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that Claude LeBlanc is most knowledgeable about Syncora's loss mitigation activities regarding the COPs and GO Bonds.

**INTERROGATORY NO. 4:**

Identify the person most knowledgeable about your underwriting activities. Underwriting activities include, but are not limited to, analyzing the structure of a potential transaction, investigating the business or asset class's particular credit and legal issues, and using that information to assess overall risk.

**RESPONSE TO INTERROGATORY NO. 4:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that Drew Hoffman is most knowledgeable about Syncora's underwriting activities regarding the COPs and GO Bonds.

**INTERROGATORY NO. 5:**

Identify the person most knowledgeable about your pricing activities. Pricing activities include, but are not limited to, utilizing an array of relevant factors to determine the fair market value of the financial product. Select examples include market information, benchmark securities, reported trades, broker/dealer quotes, issuer spreads, bids, offers, and industry and economic events.

**RESPONSE TO INTERROGATORY NO. 5:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that Mary Jane Constant is most knowledgeable about Syncora's pricing activities regarding the COPs and GO Bonds.

**INTERROGATORY NO. 6:**

Identify the person most knowledgeable about your reserving methodology. Case reserving methodology may include monitoring any significant credit deterioration on a specific insured obligation and/or assessing the possibility or probability of its default based on quantitative and/or qualitative factors. These factors may include creditworthiness, securitization, projected cash flow, and historical and projected loss rates on the asset.

**RESPONSE TO INTERROGATORY NO. 6:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that Drew Hoffman is most knowledgeable about Syncora's reserving methodology regarding the COPs and GO Bonds.

**INTERROGATORY NO. 7:**

Identify the person most knowledgeable about your loss reserve methodology. Loss reserve methodology may be based on whether an insured event has occurred and/or an insured event is expected to occur.

**RESPONSE TO INTERROGATORY NO. 7:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that Drew Hoffman is most knowledgeable about Syncora's loss reserve methodology regarding the COPs and GO Bonds.

**INTERROGATORY NO. 8:**

Identify the person most knowledgeable about your commutation activities. Commutation activities include, but are not limited to, determining corporation commutation policy. This may include when to modify or cancel a policy (whether or not the corporation pays the insured a sum of money).

**RESPONSE TO INTERROGATORY NO. 8:**

Syncora incorporates its general objections as if stated herein. In addition, this interrogatory seeks commercially-sensitive information and is subject to the mediation privilege.

**INTERROGATORY NO. 9:**

Identify your auditor for the years 2011, 2012, and 2013. Please confirm that PriceWaterhouse Coopers LLP is your auditor and/or disclose any other auditors who are responsive to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 9:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora confirms that PriceWaterhouseCoopers LLP was its auditor for the years 2011, 2012, and 2013.

**INTERROGATORY NO. 10:**

Identify the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2011, 2012, and 2013. Please confirm that Mark Littman of PriceWaterhouse Coopers is your actuary and/or disclose any other actuaries who are responsive to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 10:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora confirms that Mark Littman of PriceWaterhouseCoopers LLP was the actuary who provided the statement of actuarial opinion/certification in connection with its Statutory Annual Statement for the years 2011, 2012, and 2013.

**INTERROGATORY NO. 11:**

Identify and describe any internal credit committee communications concerning City of Detroit related debt.

**RESPONSE TO INTERROGATORY NO. 11:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that credit committee communications for transactions involving City of Detroit debt occurred either in person or via email. Credit committee memos and any supporting documents were circulated to the members of the committee in person or via email. Voting by the credit committees on the transactions involving City of Detroit debt occurred in person or via email by a certain necessary number of the credit committee members.

Syncora further states that it has produced documents in response to the City's document requests that provide additional information responsive to this interrogatory. Hence, Syncora exercises its right under Rule 33(d) to produce documents from which the requested information can be reasonably determined and identifies the following documents: SYNC00000001, SYNC00000002-3, SYNC00000004-5, SYNC00000014-15, SYNC00000834-835, SYNC00000836-837, SYNC00000856-857, SYNC00000866-867, SYNC00000876-877, SYNC00002060, SYNC00006688, SYNC00006689-6684, SYNC00006685, SYNC00006686-6702, SYNC00006703, SYNC00006704-6747, SYNC00006748, SYNC00006749-6757, SYNC00006778-6780, SYNC00006781-6782, SYNC00006783-6785, and SYNC00006786-6788.

## INTERROGATORY NO. 12:

Identify and describe the underwriting decisions related to the insuring of City of Detroit related debt.

## RESPONSE TO INTERROGATORY NO. 12:

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that XLCA's credit committees approved City of Detroit related debt for insurance after presentations and discussions of the credit memos. The credit memos were prepared internally from documentation provided by, without limitation, the City of Detroit, the underwriters and their counsel, bond counsel, and the rating agencies. Documents from the City included Preliminary Official statements, audits, and meetings with City of Detroit management.

Syncora further states that it produced documents in response to the City's document requests that provide additional information responsive to this interrogatory. Hence, Syncora exercises its right under Rule 33(d) to produce documents from which the requested information can be reasonably determined and identifies the following documents: SYNC00000006-13, SYNC00000016-23, SYNC00000024-31, SYNC0000813-833, SYNC0003352-3524, SYNC0004002-4248, SYNC0004400-4403, SYNC00006669-6684, SYNC00006686-6702, SYNC00006704-6747, SYNC00006749-6757, SYNC00006759-6762, SYNC00006763-6767, SYNC00006768-6772, SYNC00006773-6777,

SYNC00006778-6780, SYNC00006781-6782, SYNC00006783-6785, SYNC00006789, SYNC00006790, SYNC00006791-6798, SYNC00006759-6806, and SYNC00006807-6814.  Syncora has also produced its underwriting manual at SYNC00007157-8404.

**INTERROGATORY NO. 13:**

Identify and describe any surveillance reports regarding performance of municipal risk associated with City of Detroit debt.

**RESPONSE TO INTERROGATORY NO. 13:**

Syncora incorporates its general objections as if stated herein.  Subject to and without waiving the foregoing general objections, Syncora states that surveillance report communications are created by analysts in the Surveillance Department to provide support for updating internal credit ratings within the portfolio and to identify, as appropriate, the Flag List Status.

Syncora further states that it produced documents in response to the City's document requests that provide additional information responsive to this interrogatory.  Hence, Syncora exercises its right under Rule 33(d) to produce documents from which the requested information can be reasonably determined and identifies the following documents: SYNC00006786-6788, SYNC00008405-8415, SYNC00008416-8418, SYNC00008419-8421, SYNC00008422-8424, SYNC00008425-8428, SYNC00008429-8453, SYNC00008454-8456, SYNC00008457-8461, SYNC00008462-8463, and SYNC00008464-8465.

**INTERROGATORY NO. 14:**

Identify a lead person or persons who have knowledge of insurance policy pricing as it concerns City of Detroit related debt.

**RESPONSE TO INTERROGATORY NO. 14:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that Drew Hoffman is most knowledgeable about insurance policy pricing relating to the COPs and the GO Bonds.

**INTERROGATORY NO. 15:**

Identify and describe any method or methods used to deny or limit coverage associated with City of Detroit related debt.

**RESPONSE TO INTERROGATORY NO. 15:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that it has not to date denied or limited coverage associated with any City of Detroit related debt. Syncora reserves all rights.

**INTERROGATORY NO. 16:**

Describe the impact that consensual impairment of Unlimited Tax General Obligations would have on debt held by you that is similarly situated to the City of Detroit's debt.

**RESPONSE TO INTERROGATORY NO. 16:**

Syncora incorporates its general objections as if stated herein. Syncora further objects to this request on the grounds that it calls for speculation because

the settlement has not yet been finalized or approved. Furthermore, the effect of the consensual impairment of Unlimited Tax General Obligations on debt held by Syncora that is similarly situated to the City of Detroit's debt is appropriate for expert testimony.

**INTERROGATORY NO. 17:**

Identify a lead person or persons who have knowledge of any research, studies, assessments, analyses, or communications undertaken by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance related to debt associated with the City of Detroit.

**RESPONSE TO INTERROGATORY NO. 17:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving the foregoing general objections, Syncora states that Drew Hoffman is most knowledgeable about the research, studies, assessments, analyses, or communications undertaken by Syncora regarding the financial condition of the City of Detroit at the time Syncora wrote its insurance relating to the COPs and the GO Bonds.

**INTERROGATORY NO. 18:**

Indicate whether you have any common interest or joint defense agreements with any other City of Detroit creditors.

**RESPONSE TO INTERROGATORY NO. 18:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving its general objections, Syncora states that it has a common

interest agreement and/or common interest agreements with other City of Detroit creditors.

**INTERROGATORY NO. 19:**

Identify the person or persons with knowledge regarding the valuation of art housed by the DIA requested by Houlihan Lokey.

**RESPONSE TO INTERROGATORY NO. 19:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving its general objections, Syncora states that Stephen Spencer, a Managing Director at Houlihan Lokey, is most knowledgeable regarding the valuation of art housed by the DIA requested by Houlihan Lokey.

**INTERROGATORY NO. 20:**

Identify all documents that you intend to use as exhibits including demonstrative exhibits.

**RESPONSE TO INTERROGATORY NO. 20:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving its general objections, Syncora states that it will identify the documents that it intends to use as exhibits in accordance with the *Fourth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202], the local rules of the Eastern District of Michigan Bankruptcy Court, and Judge Rhodes' standing orders.

**INTERROGATORY NO. 21:**

Identify all fact witnesses who you will call and state the subject of their testimony.

**RESPONSE TO INTERROGATORY NO. 21:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving its general objections, Syncora states that it will identify its fact witnesses and the subjects that each witness will address in accordance with the *Fourth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

**INTERROGATORY NO. 22:**

Identify all fact witnesses who you may call and state the subject of their testimony.

**RESPONSE TO INTERROGATORY NO. 22:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving its general objections, Syncora states that it will identify its fact witnesses and the subjects that each witness will address in accordance with the *Fourth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

**INTERROGATORY NO. 23:**

Identify all experts whom you intend to call to testify and identify their area of expertise.

**RESPONSE TO INTERROGATORY NO. 23:**

Syncora incorporates its general objections as if stated herein. Subject to and without waiving its general objections, Syncora states that it will identify the expert witnesses it may call during the hearing on plan confirmation in accordance with the *Fourth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

Dated: May 8, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

## Verification

The undersigned declares under penalty of perjury that the answers set forth in the foregoing *Syncora Guarantee Inc. and Syncora Capital Assurance Inc.'s First Amended Responses and Objections to Debtor's First Set of Interrogatories* are true and correct.

By: _____     Date: 5/8/14
Drew Hoffman

18