UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                                         :
In re                                                    : Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN,                               : Case No. 13- 53846
                                                         :
                      Debtor.                            : Hon. Steven W. Rhodes
                                                         :
                                                         :
---------------------------------------------------------x

# CITY OF DETROIT'S RESPONSE TO SYNCORA'S MOTION TO COMPEL THE DEBTOR TO PROVIDE MORE SPECIFIC DESCRIPTIONS OF THE SUBJECTS THAT <u>EACH FACT WITNESS WILL ADDRESS</u>

In filing its Motion to Compel, Syncora violated, if not the letter, then certainly the spirit of Local Bankruptcy Rule 9014-1(g),[1] which is intended to prevent precisely this type of pointless and wasteful motion practice. While it is technically true that the City did not agree to give Syncora what it wants *right this minute* – because the City is not yet able to do so – the City did indicate its intent to provide more specific descriptions of witnesses' anticipated subjects of testimony prior to their depositions. The City is at a loss to understand how its

---

[1] L.B.R. 9014-1(g) provides: "In an adversary proceeding, or in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied."

stated intention to provide the information that Syncora wants, at an appropriate time and in a reasonable manner, warrants involving the Court.

## I. THE CITY DID <u>NOT</u> REFUSE TO PROVIDE MORE SPECIFIC DESCRIPTIONS OF THE FACT WITNESSES' SUBJECTS

In its Motion to Compel, Syncora misleadingly tries to give the Court the impression that the City flatly refused to provide more specific descriptions of the anticipated topics of testimony for its fact witnesses. Motion to Compel at 2 ("On May 5, 2014, counsel for the City stated that it was not in a position to amend its descriptions."). The actual communication from the City's counsel, which Syncora neglected to share with the Court, paints a very different picture:

> As to the witness descriptions, with circumstances changing as they are (esp the number and nature of objections still in flux) we will likely amend our descriptions as needed as we get closer to depositions to conform them with a (hopefully) more narrowly tailored exercise. We are not yet in a position to do that.

*See* Email from G. Irwin to W. Arnault, attached hereto as <u>Exhibit A</u>.

There is a world of difference between *refusing* to do something at all and *agreeing* to do something, but at a later date – a distinction that apparently escaped Syncora. Rather than conferring with the City about a reasonable timeframe for the City to amend its witness descriptions, Syncora instead jumped the gun and engaged the City and the Court in this needless motion practice.

To be clear, the City is perfectly willing to provide, to the best of its ability, more detailed descriptions of the areas that it expects each fact witness to address. As noted in the email above, the City intends to do so as the individual witnesses' depositions (none of which have yet been scheduled) draw closer. But the reality is that the City cannot do so yet. The City has not yet determined with precision the testimony it expects to elicit at trial. The City is in the process of meeting with its witnesses and will refine the topics on which they will testify as that process moves forward. In addition, the determination of those topics will be affected by the resolution (or not) of plan objections under active negotiation. Unlike the defendant in the case cited by Syncora, which was ordered to provide descriptions of employee job responsibilities that were already fixed and known,[2] the City is being asked to give definitive statements about areas that are still very fluid. The City proposes that it will provide further detail regarding the topics on which a witness will testify, to the extent necessary,[3] five days before the deposition of such witness.

---

[2] *See* Motion to Compel at 3 (citing *Flying J Inc. v. TA Operating Corp.* 2007 WL 2220578 (D. Utah July 30, 2007)).

[3] The City believes that some of the witness descriptions are already sufficiently descriptive and is not certain what further information Syncora wants. For example, the City disclosed that Roger Penske and Dan Gilbert will testify about the "[i]mportance from a business and investment standpoint of the City's ability to capitalize and build on the efforts contemplated in the Plan post bankruptcy" and "[t]he importance and effect of addressing in the Plan, among other things, the

In short, Syncora's Motion to Compel is not only unnecessary – because the City is willing to provide more detailed subject descriptions in a timely and appropriate manner – but is also premature. To require the City to provide amended subject descriptions now, only to have to amend them again as the depositions draw closer, would be highly inefficient and prejudicial not only to the City, but to other parties who may begin preparing for depositions based on topics that are likely to change in the coming weeks.

## II. SYNCORA HAS NOT ESTABLISHED CAUSE TO EXPEDITE THE HEARING

Concurrently with its Motion to Compel, Syncora filed a motion to shorten notice and expedite hearing (the "Motion to Expedite"), asking the Court to hear the Motion to Compel on May 12, 2014. Syncora identified no urgency that requires the Court's immediate intervention; rather, Syncora merely suggested that hearing its motion on such shortened notice would be "efficient" because the Court already has a hearing scheduled on that date. In fact, no urgency exists: The period for deposition of fact witnesses has only just begun, and to date no depositions of individual witnesses have even been scheduled. There is thus ample time for the

---

City's blight, public safety, and urban revitalization." In light of these witnesses' well-known roles in the private sector's efforts toward the revitalization of the City, these descriptions seem to the City to be quite clear. However, the City is willing to discuss with Syncora whatever additional clarification Syncora believes it needs.

City to provide more definitive descriptions of witnesses' expected areas of testimony before those witnesses are deposed.

Under Fed. R. Bankr. P. 9006(c), a bankruptcy court has the discretion, *for cause shown*, to set an expedited schedule for the hearing of a substantive motion. "In exercising that discretion, it should consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161 (3d Cir. 2012). For the reasons discussed above, Syncora has demonstrated no cause that would justify hearing the Motion to Compel on an expedited basis – or, for that matter, at all. The Court should exercise its discretion to deny the Motion to Expedite.

### III. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Syncora's Motion to Compel and Motion to Expedite and grant such further relief as the Court deems appropriate.

**[signature page follows]**

-5-
13-53846-tjt    Doc 4555    Filed 05/09/14    Entered 05/09/14 14:20:28    Page 5 of 9

Dated: May 9, 2014

Respectfully submitted,

/s/ Robert S. Hertzberg
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7300 - Telephone
(248) 359-7700 - Fax
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Irwin
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

# CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2014, I caused the foregoing *City of Detroit's Response to Syncora's Motion to Compel the Debtor to Provide More Specific Descriptions of the Subjects That Each Fact Witness Will Address* to be electronically filed with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.

Dated: May 9, 2014

Respectfully submitted,

/s/ Robert S. Hertzberg
Robert S. Hertzberg (P30261)

# EXHIBIT A



| | |
|---|---|
| Subject: | Motion to compel |
| From: | Geoffrey S Irwin |
| | Extension: 43768 |
| To: | Arnault, Bill |
| Cc: | stephen.hackney |

05/06/2014 11:01 AM

Bill:

I've read your motion to compel on the witness descriptions and I can't help but notice that you failed to mention anything about my note to you from yesterday, where I indicated that:

"As to the witness descriptions, with circumstances changing as they are (esp the number and nature of objections still in flux) we will likely amend our descriptions as needed as we get closer to depositions to conform them with a (hopefully) more narrowly tailored exercise. We are not yet in a position to do that."

We will respond as necessary, but I wanted to make clear that we will be making the Court aware of this communication.

Thanks. Geoff

Geoffrey S. Irwin
Partner
**JONES DAY® - One Firm Worldwide**℠
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Office +1.202.879.3768
gsirwin@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========