# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Syncora Capital Assurance Inc. and Syncora Guarantee Inc. ("Syncora") submit this motion (the "Motion to Compel") to compel responses to Syncora's First Set of Interrogatories to the City of Detroit [Doc. No. 4036]. In support of its motion, Syncora respectfully states as follows:

## INTRODUCTION

1. This Bankruptcy case is the largest Chapter 9 proceeding in history and, as such, involves numerous — and highly complex— questions of fact and law. Adding to the complexity, the current schedule contemplates that, over the next 50 days, there will be 40-50 depositions of City-affiliated fact witnesses, at least two 30(b)(6) depositions on dozens of topics, and an unknown number of creditor fact witness depositions. Given this compressed schedule, streamlining the fact discovery process and making proper use of the available discovery tools is critical.

2. Of the various discovery tools, interrogatories offer certain efficiencies that documents requests and depositions do not. In particular, interrogatories are an efficient tool when it comes to the collection and aggregation of information from a variety of sources. To that end, Syncora submitted a number of targeted interrogatories to the City that, for example, asked the City to identify (a) the DIA's most valuable works of art; (b) the restrictions on the alienability of those works; (c) all judgments against the City under the Revised Judicature Act; (d) the basis for the City's determination of the aggregate allowed OPEB claim; (e) the total amount of delinquent property taxes owed to the City; and (f) all federal, state, and private funds that the City expects to receive over the next ten years. The interrogatory is the only practical means of obtaining the City's position on these types of matters. Armed with this information, Syncora and the other creditors would be able to take more focused depositions and not waste the parties' time and resources with questions that are impossible for a fact witness to answer in a deposition.

3. Despite the benefits that these interrogatories could have provided for the discovery process, the City nevertheless refused to provide the types of substantive responses required by Rule 33. Instead, the City's responses are characterized by the following errors:

- The City improperly incorporates into its responses all of its general objections such that it is impossible to determine why the City refuses to provide much of the requested information;

- The City fails to provide complete responses to many of Syncora's interrogatories;

- The City has limited its responses to the time period January 1, 2013 to the present; and

- The City refers to unspecified groups of documents in its responses even though Rule 33(d) requires that business records be identified with specificity.

4. The City's non-answers frustrate Syncora's efforts to streamline the discovery process and have added (and will add) unnecessary time, expense, and complexity to the proceedings generally. For these reasons, Syncora moves the Court to strike the City's improper objections and compel the City to respond to Syncora's interrogatories in the manner contemplated by Federal Rules of Civil Procedure 26 and 33.[1]

## BACKGROUND

5. The schedule governing discovery in this case was set after a hearing on March 5, 2014, during which certain creditors suggested alterations to the

---

[1] In accordance with the Court's *Order Regarding Hearing on Outstanding Objections to Written Discovery* [Doc. No. 4508], Syncora intends to provide the Court with a written list during the hearing identifying (a) the specific requests on which Syncora seeks a ruling; (b) the City's objections to those requests; and (c) Syncora's responses to the City's objections. Syncora is of the view, however, that the City's responses are so fundamentally problematic that there is a threshold issue surrounding what information the City refuses to provide and why.

Court's and the City's proposed schedule governing the confirmation of the Plan. (Third Amended Scheduling Order, Doc. No. 3632). Pursuant to that Order, Syncora served the City with its First Set of Interrogatories on April 11, 2014 [Doc. No. 4036]. After certain adjustments were proposed to the schedule by the City on April 17, 2014, the Court entered the Fourth Amended Order Establishing Procedures, Dates, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Doc. No. 4202] (the "Scheduling Order"). On May 6, 2014, pursuant to the Scheduling Order, the City served Syncora with its Objections and Responses to Syncora's First Set of Interrogatories (the "Responses"). (*See* Ex. A.)

6. On May 8, 2014, counsel for the City and counsel for Syncora had a meet-and-confer during which the parties discussed some of the problems with the City's Responses. Syncora intends to continue working with the City to mutually resolve these problems. Given, however, that a hearing is scheduled on these issues in two days, Syncora now moves to ensure that its concerns, if they are not resolved in the interim, are before the Court.

## **JURISDICTION**

7. The Court has jurisdiction over this matter pursuant to 38 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4

**RELIEF REQUESTED**

8. Syncora respectfully requests that the Court enter an order striking the City's improper objections and compelling the City to comply with Syncora's interrogatories by (a) providing full and fair responses to each of Syncora's interrogatories and (b) where applicable, identifying specific responsive documents by Bates number.

**BASIS FOR RELIEF**

9. Under the Federal Rules of Civil Procedure, the scope of discovery is broad. *Stewart v. Orion Fed. Credit Union,* 285 F.R.D. 395, 398 (W.D. Tenn. 2012). To fall within that broad scope, an interrogatory need only be reasonably calculated to lead to the discovery of admissible evidence. *Mellon v Cooper-Jarrett, Inc.,* 424 F.2d 499, 501 (6th Cir. 1970). In this case, Syncora's interrogatories fall into roughly six categories, all of which bear on the factual inquiries at the center of the confirmation hearing:

- The Detroit Institute of Arts and Art Collection
- Non-art assets of the City
- The City's sources of funding, whether federal, state, or private
- The City's reinvestment and restructuring initiatives
- Judgments against the City under the Revised Judicature Act
- The City's tax policy and other tax-related information

10. These particular topics are well-suited to interrogatories because they require the collection and aggregation of detailed factual information — information that is often not available via document requests or a 30(b)(6) deposition. As a result, interrogatories — if answered properly — have the potential to focus depositions and streamline the discovery process. Yet, as it currently stands, the flaws in the City's responses frustrate those potential benefits.

11. *First*, the City incorporates 19 General Objections into each of its responses. On top of that, the City often inserts additional boilerplate language into each of its specific responses. Rarely, however, does the City state with specificity the grounds for its objections, thereby running afoul of Rule 33(b)(4) and the transparency discovery is meant to afford.

12. *Second,* the City fails to provide full responses to many of Syncora's requests. In particular, the City has objected to providing any information outside the time period of January 1, 2013 to May 6, 2014 for <u>all</u> interrogatories no matter the topic.

13. *Third,* the City responds to many requests with a general reference to documents from the City's and the DIA's production. In doing so, however, the City violates the requirement in Rule 33(d) that a party must specifically identify the relevant records.

## I. The City's Boilerplate Objections Violate Federal Rule of Civil Procedure 33.

14. In its Responses to Syncora's interrogatories, the City lodges 19 General Objections. According to the City, each of these General Objections is incorporated "into each of its specific responses to these Interrogatories." As a result, all 25 of the City's responses should also be read to include objections such as the following:

- "The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek discovery of information that is not reasonably accessible, on the grounds of undue burden and cost." (General Objection No. 6)

- "[T]he City's responses to these Interrogatories are based upon (1) a reasonable search, given the time permitted to respond to these interrogatories, of facilities and files reasonably expected to possess responsive, non-privilege [sic] information and (2) inquiries of the City's officers, employees, representatives, attorneys, advisors, and/or agents who could reasonably be expected to possess responsive, non-privilege [sic] information."

- "[T]he City objects to each and every one of these Interrogatories, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information relating to an individual topic or subject area for a time period outside the scope of the subject matter at issue in this proceeding." (General Objection No. 9)

- "The City objects to each and every one of these Interrogatories to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objectors' claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the City's responses to these Interrogatories are limited to the time period of January 1, 2013 through the date of the City's response to these Interrogatories." (General Objection No. 12)

7

15. Though "court[s] strongly condemn[] the practice of asserting boilerplate objections to every discovery request," the City has nevertheless adopted this approach. *Carfagno v. Jackson Nat'l Life Ins. Co.,* No. 5:99CV118, 2001 WL 34059032, at *4 (W.D. Mich. Feb. 13, 2001). And, by doing so, the City should be subject to the rule, well-established in this district, that "[b]oilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court." *Nissan North America, Inc. v. Johnson Elec. North America, Inc.,* No. 09-CV-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011).

16. As a practical matter, the problem with the City's approach is that it provides no insight as to why the City has decided to withhold certain information. For example, Syncora asked the City to "[i]dentify all Works of Art that have been sold by the City or DIA Corp." (*See* Ex. A, City's Resp. at 15.) In response, the City (1) incorporated all 19 of its general objections, which range from attorney-client privilege to burden; (2) asserted additional vagueness, ambiguity, breadth, burden, and relevance objections; and (3) objected objected that the "DIA is being operated by the DIA Corp. pursuant to a 1997 Operating Agreement, which gives the DIA Corp. control over and responsibility for the DIA and its operations." (*Id.*) In its substantive response, the City claimed only that "[t]he answer to this interrogatory may be determined *in part* by examining the documents the DIA

Corp. has agreed to produce and/or make available for inspection and copying, including the list of deaccessioned works." (*Id.* (emphasis added).)

17. Though this interrogatory poses a simple question, the City's response is anything but. Indeed, based on the City's response, it is impossible to determine exactly why the City has objected. For example, is the City claiming that it has the requested information but refuses to provide it? Or is the City claiming that it does not have the information and lacks the capacity (or willingness) to obtain? Or, because the interrogatory falls outside the 17-month period the City deems relevant, does the City believe that it has no obligation to respond to this interrogatory? No matter the answer, the guessing-game Syncora must engage in directly contradicts the well-established notion that discovery is meant to be a transparent, open process.

18. Consequently, given the City's failure to provide the requisite specifics surrounding its objections, the Court should strike all of the general and boilerplate objections in the City's Responses.

**II. The City Fails to Provide Complete Responses to Many of Syncora's Interrogatories.**

19. In response to many of Syncora's interrogatories, the City provides little, if any, substantive information. For example, the City refuses to identify (a) DIA art worth more than $ 1 million; (b) the 300 most valuable works of DIA art; (c) all restrictions on alienability of DIA art; (d) all DIA art not purchased with

9

City funds;[2] and (e) the enforcement remedies available to the City's pension-holders and/or retirement systems had the City not filed for bankruptcy.[3] Although it is unclear why exactly the City is refusing to provide this information, it is all relevant to the upcoming confirmation hearing and therefore should have been provided.

20. Similarly, in response to Syncora's interrogatory asked the City to describe the basis for the City's determination of the aggregate allowed OPEB claims, the City simply refers Syncora to its Disclosure Statement. The Disclosure Statement does not, however, describe the actual calculations. Instead, the Disclosure Statement merely describes the circumstances surrounding the OPEB Settlement.

21. In addition to these problems, the City's Responses suffer from another glaring deficiency: The City has limited its responses "to the time period of January 1, 2013 through the date of the City's response to these Interrogatories."

---

[2] In response to the Interrogatories identified in (a)-(d), the City does refer Syncora to certain documents that the DIA may produce. As the City notes, however, these documents *may* provide the information *in part*. Furthermore, as discussed below in Section III *infra*, the City's general reference to DIA documents is improper under Rule 33(d).

[3] In response to certain interrogatories, the City identifies certain documents that purportedly provide the requested information. At this time, however, Syncora has not yet had an opportunity to review those documents and thus cannot determine whether they are sufficient. Accordingly, Syncora reserves its rights to object to those responses after it has reviewed the referenced documents.

(*Id.*) Yet at no point does the City explain why this time limitation is reasonable as a general matter, or, more importantly, in the context of each specific interrogatory. Put another way, while that limitation may be reasonable for some interrogatories — *i.e.,* the basis for the City's determination of the OPEB claim — there is no rational basis to apply it to all interrogatories.

22. As might be expected, this limitation has serious implications for the sufficiency of the City's Responses. For example, Syncora asked the City to "[i]dentify all judgments against the City under the Revised Judicature Act." (*See* Ex A, City's Resp. at 24.) And though historical information relating to the City's payment of judgments under the Revised Judicature is relevant to the best interests test, the City applied the limited time frame without justification or reason.

23. Accordingly, the City should be compelled to provide complete responses to Syncora's interrogatories.

III. **The City's References to Unspecified Documents Fail to Meet the Specificity Requirements of Federal Rule of Civil Procedure 33**

24. In response to certain of Syncora's interrogatories, the City has exercised its right under Rule 33(d) to identify business records in lieu of providing a substantive response. For example, in response to Interrogatories Nos. 1-2, 4-5, 7-8, and 11, the City states that the "answer to this interrogatory *may* be determined in part by examining the documents the DIA Corp. has agreed to produce and/or make available for inspection and copying." Similarly, in response

11

to Interrogatories Nos. 16 and 24, the City "refers the Objectors to the City's production of documents" and "refers the Objectors to the numerous documents it has produced relevant to the value of various City assets."

25. Under Rule 33(d), however, it is not enough to simply refer to documents generally. Instead, "[i]nvocation of Rule [33(d)] requires first that the information actually be obtainable from the documents." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 325 (N.D. Ill. 2005). "In addition, the burden of deriving or ascertaining the answer must be substantially equivalent and there must be a sufficiently detailed specification of the records to permit the interrogating party to find the document as readily as can the party served." *Id.* at 325-26. "These are not optional requirements." *Id.* at 326 (citing *Trading Tech. Int'l, Inc. v. eSpeed, Inc.,* No. 04 C 5312, 2005 WL 1300778, *2 (N.D. Ill. Apr. 28, 2005)). "As such, referring to business records *en masse*, without specifying particular documents is 'an abuse of the option.'" *Id.* (citing *Bonds v. District of Columbia,* 93 F.3d 801, 811 (D.C. Cir. 1996) (citing Fed. R. Civ. P. 33(c) Advisory Committee's Note (1980 Amendment))).

26. Because the City's responses to Interrogatories Nos. 1-2, 4-5, 7-8, 11, 16, and 24 all generally refer to the City's or the DIA's production without specifically identifying the relevant documents, those responses are improper.

This failure creates particularly acute problems in this case, where the document production is expansive and ongoing.

27. For example, in Interrogatory Nos. 1-2, 4-5, 7-8, and 11, Syncora asks the City to identify certain aspects of the DIA and the art collection; namely, its value, the restrictions on the artwork, the artwork owned by the City, artwork that has been sold, and the number of visitors to the museum. In lieu of a substantive response, the City only generally refers to the DIA Corp.'s document production, which is currently incomplete. Moreover, the City's general reference to the DIA Corp.'s production turns the purpose of an interrogatory on its head, and improperly shifts the burden to the interrogating party.

28. Indeed, the City is in the best position to efficiently identify the responsive documents. The City, and the City's Arts Commission, own some or all of the DIA's permanent collection, have contracted with DIA Corp. for the maintenance of that collection, and have access to the files and knowledge of the parties necessary to aggregate the requested information. By referring only generally to an unspecified group of documents — that in large part have not yet been produced — the City has shirked its duties under the Federal Rules and added needless time and expense to an already complex and time-sensitive discovery process.

29. The same reasoning applies to the two requests where the City refers Syncora to the City's recent document production. As the party that actually identified, reviewed, and produced those documents, the City is in the best position to identify the documents that contain responsive information. Simply referring Syncora to the document production is an abuse of the business records options and a clear deficiency in its responses.

WHEREFORE, for the foregoing reasons, Syncora respectfully requests that the Court enter an order striking the City's improper objections and compelling the City to comply with Syncora's interrogatories by (a) providing full and fair responses to each of Syncora's interrogatories and (b) where applicable, identifying specific responsive documents by Bates number.

*[Remainder of this page intentionally left blank]*

Dated: May 9, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: /s/ *Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*