UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | : Chapter 9 |
|  | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13-53846 |
|  | : |
| Debtor. | : Hon. Steven W. Rhodes |
|  | : |

## MOTION TO COMPEL FULL CLAWBACK OF DEBTOR'S DOCUMENT PRODUCTION AND RELATED RELIEF

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"), National Public Finance Guarantee Corporation ("National"), and Ambac Assurance Corporation ("Ambac" and collectively with Assured and National, "Movants"), move this Court for entry of an Order to compel Debtor City of Detroit, Michigan ("Debtor" or "City") to immediately take all measures necessary to recall the documents the City produced on May 6, 2014 because its production contained numerous privileged and confidential mediation-related documents (not all of which have yet been identified), the disclosure of which was barred by the Court's August 13, 2013 *Mediation Order* [Docket No. 322], and for related relief.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

2. On August 13, 2013, this Court issued a *Mediation Order* [Docket No. 322] concerning the conduct of mediations that the Court might order the parties to engage in to resolve or narrow their disputes in this case. Paragraph 4 of the Mediation Order stated: "All proceedings, discussions, negotiation, and <u>writings incident to mediation</u> shall be privileged and confidential, and <u>shall not be disclosed</u>, filed or placed in evidence." (Emphasis added).

3. Various parties (including Movants) thereafter engaged in various mediations with the City that were ordered by the Court, all of which were subject to the Mediation Order.

4. On May 6, 2014, the City produced documents in response to requests that it received from all parties. However, rather than producing documents to each requesting party that were tailored to that party's specific requests, the City chose to produce to all parties an identical mass set (amounting to roughly 250,000 pages) of all the documents that it was producing in response to all the parties'

requests (i.e., not tailored to the specific documents requested by each individual requesting party).

5. Upon initial inspection of the City's production set, it became apparent that the City had produced to all requesting parties numerous confidential documents related to various mediation efforts between the City and various parties. In other words, because all parties received the same production set, the City had produced mediation-related documents to parties that had not been involved in those mediations to which those documents referred.

6. The City's document production thus directly violated this Court's Mediation Order, which bars the disclosure of such documents to parties other than those involved in the mediation.

7. By e-mail sent on the morning of May 8, 2014, counsel for Ambac informed the City's counsel that the City's production contained protected mediation-related communications. The e-mail requested that the City "ask all parties to destroy these productions" and "identify all the mistakenly produced documents and let us know the bates numbers so we can verify." The e-mail stated that "[w]e would appreciate prompt action to rectify this mistake."

8. The City's counsel responded that afternoon by e-mail, acknowledging that the City had erred, advising that it would send a clawback request to the parties, and that it was engaged in investigating the situation further.

9. Movants responded later that afternoon with a further e-mail to the City's counsel, stating in pertinent part:

> Our review of the produced documents is continuing, but we can confirm that we already have found additional mediation-related communications beyond the one identified in Mr. Dubrow's e-mail to you. As many of the recipients of the City's document production were not participants in the mediation communications to which the disclosed documents relate, such disclosures constitutes a violation of Paragraph 4 of the August 13, 2013 *Mediation Order* [Docket No. 322], which states: "All proceedings, discussions, negotiation, and <u>writings incident to mediation</u> shall be privileged and confidential, and <u>shall not be disclosed</u>, filed or placed in evidence." Such disclosures additionally are highly prejudicial to the [Movants], to all other participants in the mediation(s) about which documents were disclosed, and indeed to the Court insofar as the prospect of such disclosure by the City hampers the ability of the Court's mediators to obtain the kind of candid discussion by mediation participants that true confidentiality enables.
>
> Accordingly, and without prejudice to any further rights and remedies to which the [Movants] and the other mediation parties may be entitled, the [Movants] hereby demand that the City immediately confirm that it will make, and immediately thereafter set in motion, notification to all parties and persons to whom the City delivered its document production that certain documents were improperly produced by the City; that the media that the City distributed should be returned, any electronic copies purged and any physical copies made from it destroyed; and that corrected media will be distributed as soon as possible. It is the City's responsibility in preparing the corrected media to identify and remove all protected mediation-related communications. The City may not simply wait for affected parties to put it on notice of improperly disclosed documents and then

address only what they discover. Additionally, the City should require all recipient parties to certify that they have returned and/or destroyed all materials, whether electronic or printed. In order not to focus attention on precisely the documents that should not be seen, and to avoid the disruption of multiple clawbacks in a case involving so many parties, the full production needs to be recalled without identification of the offending portions.

*See* Ex. A.

10. The City did not comply with the Movants' request. Rather than recalling its entire production in order not to prejudice the parties whose mediation-related communications had been improperly disclosed, the City's counsel subsequently sent a clawback request to all parties informing them of the improper production and identifying by Bates number the specific documents that it determined should be clawed back, thus highlighting them to all parties. *See* Ex. B. The City's letter did not require the recipients to certify that they had complied with the City's request that the clawed back documents not be used or disclosed and that they be destroyed. *Id.* Instead, the letter assumed that all parties will comply with the City's request unless the City is informed otherwise. *Id*. Such statements provide no assurances that the wrongfully disclosed material will in fact be destroyed. Moreover, the City's letter attempted to claw back only some, but not all, of the mediation-related documents that the City inappropriately produced. Movants have been able to bring some additional documents to the City's attention, but Movants' review of the more than 30,000 documents produced

by the City was not exhaustive and there may be additional documents that need to be clawed back.

## RELIEF REQUESTED

11. Movants respectfully request that the Court issue an order (i) compelling the City to immediately take affirmative actions to recall its entire production of documents from all recipients, (ii) ordering all parties that received the City's May 6, 2014 document production to return the media that the City distributed, purge any electronic copies made thereof or of any portion thereof, and destroy any physical copies made therefrom; and (iii) compelling the City to correct its document production to eliminate all mediation-related documents, the production of which is barred by the Mediation Order, and distribute corrected document production media to the parties as soon as possible.

## BASIS FOR RELIEF

12. The City's May 6, 2014 document production disclosed documents whose disclosure was expressly barred by this Court's Mediation Order, which forbade production of all "writings incident to mediation." When Movant requested that the City claw back its document production in a manner that would avoid calling attention to the documents that were improperly produced, so as to minimize the potential damage from their improper production, the City did exactly the opposite. It specifically identified sensitive documents to all parties by

Bates number and asked that only they be clawed back, although it appears that the City still has failed to identify all the relevant documents. To minimize the potential for further harm in this situation, the immediate clawback of the entire production and replacement production as requested by Movants should be ordered, and the City ordered to correct its document production to eliminate all mediation-related documents the production of which is barred by the Mediation Order.

WHEREFORE, Movants respectfully request that the Court issue an order (i) compelling the City to immediately claw back its entire production of documents from all recipients, (ii) ordering all parties who received the City's May 6, 2014 document production to return the media that the City distributed, purge any electronic copies made thereof or of any portion thereof, and destroy any physical copies made therefrom; and (iii) compelling the City to correct its document production to eliminate all mediation-related documents, the production of which is barred by the Mediation Order, and distribute corrected document production media to the parties as soon as possible, and to grant such other and further relief as may be just and proper.

Dated: May 9, 2014

By: /s/ Lawrence A. Larose
Lawrence A. Larose
Samuel S. Kohn
Eric Daucher
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbounrne.com
edaucher@chadbourne.com

*Counsel for Assured Guaranty Municipal Corp.*

By: /s/ Carol Connor Cohen
Carol Connor Cohen
Caroline Turner English
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Carol.Cohen@arentfox.com

David L. Dubrow
Mark A. Angelov
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
SCHAFER AND WEINER, PLLC
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
bbest@schaferandweiner.com
*Counsel for Ambac Assurance Corporation*

By: /s/ Louis P. Rochkind
Louis P. Rochkind (P24121)
Paul R. Hage (P70460)
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214
Telephone: (248) 351-3000
lrochkind@jaffelaw.com
phage@jaffelaw.com

James F. Bendernagel, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8041
jbendernagel@sidley.com
gneal@sidley.com

Jeffrey E. Bjork
Gabriel MacConaill
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
jbjork@sidley.com
gmacconaill@sidley.com

*Counsel for National Public Finance Guarantee Corp.*