# EXHIBIT A

**From:** Schwinger, Robert A.
**Sent:** Thursday, May 08, 2014 3:22 PM
**To:** dgheiman@JonesDay.com
**Cc:** 'Neal, Guy S.'; Bjork, Jeffrey E.; carol.cohen@arentfox.com; david.dubrow@arentfox.com; English, Caroline; mark.angelov@arentfox.com; Larose, Lawrence; Kohn, Samuel; Ball, Robin D.
**Subject:** Detroit -- City production - Mediation communications

Dear David,

I am writing on behalf of Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"), National Public Finance Guarantee Corporation ("National"), and Ambac Assurance Corporation ("Ambac" and together with Assured and National, the "UTGO Mediation Parties"), and further to the e-mail sent to you earlier today by David Dubrow, Esq. of Arent Fox LLP about mediation-related communications that were produced by the City in its May 6, 2014 document production, which production set we understand was sent that day to all creditors who had requested production of documents. We have also received your response this afternoon to Mr. Dubrow's e-mail.

Our review of the produced documents is continuing, but we can confirm that we already have found additional mediation-related communications beyond the one identified in Mr. Dubrow's e-mail to you. As many of the recipients of the City's document production were not participants in the mediation communications to which the disclosed documents relate, such disclosures constitutes a violation of Paragraph 4 of the August 13, 2013 *Mediation Order* [Docket No. 322], which states: "All proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence." Such disclosures additionally are highly prejudicial to the UTGO Mediation Parties, to all other participants in the mediation(s) about which documents were disclosed, and indeed to the Court insofar as the prospect of such disclosure by the City hampers the ability of the Court's mediators to obtain the kind of candid discussion by mediation participants that true confidentiality allows.

Accordingly, and without prejudice to any further rights and remedies to which the UTGO Mediation Parties and the other mediation parties may be entitled, the UTGO Mediation Parties hereby demand that the City immediately confirm that it will make, and immediately thereafter set in motion, notification to all parties and persons to whom the City delivered its document production that certain documents were improperly produced by the City; that the media that the City distributed should be returned, any electronic copies purged and any physical copies made from it destroyed; and that corrected media will be distributed as soon as possible. It is the City's responsibility in preparing the corrected media to identify and remove all protected mediation-related communications. The City may not simply wait for affected parties to put it on notice of improperly disclosed documents and then address only what they discover. Additionally, the City should require all recipient parties to certify that they have returned and/or destroyed all materials, whether electronic or printed. In order not to focus attention on precisely the documents that should not be seen, and to avoid the disruption of multiple clawbacks in a case involving so many parties, the full production needs to be recalled without identification of the offending portions.

Absent immediate confirmation of the foregoing, the UTGO Mediation Parties intend to seek relief from the Court later today. Please confirm how you intend to proceed. Thank you.

Best regards,

    R. A. S.

**Robert A. Schwinger**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5364 | **fax** 646-710-5364
rschwinger@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/rschwinger.vcf

Please consider the environment before printing this email.