UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN

Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

# OAKLAND COUNTY'S BRIEF IN OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF RETIREES TO COMPEL PRODUCTION OF A PRIVILEGE LOG

## OAKLAND COUNTY'S BRIEF IN OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF RETIREES TO COMPEL PRODUCTION OF A PRIVILEGE LOG

Oakland County, a non-party to this bankruptcy, by its litigation counsel, Young & Associates, states as follows in its opposition to the Motion to Compel filed on May 7, 2014 by a creditor in this case, the Official Committee of Retirees:

1. Oakland County is neither a debtor nor a creditor in this core proceeding. Oakland County is a non-party.

2. Oakland County is a municipal organization, and as such does not have the economic resources, nor the personnel available that the debtor and the creditors have in this proceeding.

3. On April 11, 2014 two groups of creditors in this proceeding (the Ad Hoc Bondholders and the Official Committee of Retirees) served subpoenas on non-parties Oakland County, Macomb County and Wayne County ("the Counties"), seeking production of an extensive number of documents from each of them. In addition, the Counties also received document requests and interrogatories from the Debtor.

4. Counsel for the Debtor, the Retirees and each of the Counties met to discuss making the requested document production less burdensome.

5. In light of the burden posed by the requests and the limited resources of those affected, counsel for the Debtor and counsel for each of the Counties agreed to

produce non-privileged documents, and dispense with the usual obligation to prepare and produce a privilege log of the documents that each withheld from production. [See Ex 1, April 30, 2014 e-mail from Debtor's counsel]. Similarly, counsel for the Counties and counsel for the Ad hoc Bondholders reached the same agreement to forgo the expense and effort of privilege logs. [See Ex 2, April 23, 2014 letter from Macomb County's counsel]. This understanding would apply to all of the agreeing parties such that they would not need to prepare privilege logs for subsequent production requests.

6. Although counsel for the Retirees offered to narrow the temporal scope of many of the documents it had previously requested, it refused to enter into the other parties' agreement to dispense with privilege logs in this matter. It offered to permit the producing parties to not schedule on their privilege logs any: opinion work product by a lawyer or privileged communications that were solely between a client and that client's lawyer.

7. On May 6, 2014, the non-party Counties timely responded to the discovery requests, producing extensive documents. Oakland County produced 2,967 documents, consisting of 29,678 pages. [Ex 3, Affidavit of Keith Lerminiaux, Esq., Oakland County Corporation Counsel, at ¶ 3].

8. The Retirees have now moved to compel all of the Counties to produce a privilege log, which would include a listing of each document withheld on the basis of privilege from and after February 1, 2013 to the present. Unstated is the assumption that

— 3 —
13-53846-tjt    Doc 4564    Filed 05/09/14    Entered 05/09/14 15:19:17    Page 3 of 7

the cost of preparing each of these privileges log would be borne by the respective non-party Counties.

9. Oakland County joins with the other Counties in opposing the Retirees' Motion to Compel, compliance with which would impose an undue and inordinate burden on the non-party Counties, solely for the benefit of the Retirees.

10. Oakland County withheld approximately 3,557 documents from the May 8, 2014 production, on the basis of privilege. [Ex 3, Lerminiaux Aff., ¶ 4].

11. Of the approximately 3,557 documents withheld, approximately 1,458 were withheld as attorney-client privileged; approximately 382 were withheld as work-product privileged; approximately 1 was withheld as subject to the joint defense and/or common interest privilege; and approximately 1,717 were withheld as subject to the governmental deliberative process privilege. [Ex 3, Lerminiaux Aff., ¶ 5].

12. To reduce the above information to the type of detailed privilege log sought would impose a very real burden on Oakland County, and there is no cache of money available to fund the Retirees' fishing expedition. The reasonable costs of Oakland County preparing a privilege log should be borne by the Retirees.

13. "Courts are not blind to the potential burden of generating a document-by-document privilege log, and so have authorized parties to identify purportedly privileged documents by category." *Fleisher v. Phoenix Life Ins. Co.*, 2013 WL 42374, *3 (S.D.N.Y.

2013).  See also *Securities and Exchange Commission v. Thrasher,* No. 92 Civ. 6987, 1996 WL 125661, at *1 (S.D.N.Y. March 20, 1996).

Oakland County therefore joins in the relief requested by the other Counties: denial of the Retirees' Motion to Compel production of a detailed privilege log, along with such other relief as is appropiate.

Respectfully Submitted,

Carson Fischer, P.L.C.

By: */s/ Joseph M. Fischer*
Joseph M. Fischer (P13452)
Robert A. Weisberg (P26698)
Christopher Grosman (P58693)
4111 Andover Road, West – Second Floor
Bloomfield, Michigan 48302-1924
Telephone: (248) 644-4840
Facsimile: (248) 644-1832
Email: JFischer@CarsonFischer.com
 RWweisberg@CarsonFischer.com
 CGrosman@CarsonFischer.com

*Counsel for Oakland County, Michigan*

**YOUNG & ASSOCIATES**

By: /s/ Sara K. MacWilliams
Sara K. MacWilliams (P67805)
Jaye Quadrozzi (P71646)
27725 Stansbury Blvd., Suite 125
Farmington Hills, MI 48334
Telephone: (248) 353-8620
Email: efiling@youngpc.com
macwilliams@youngpc.com
quadrozzi@youngpc.com

*Co-counsel for Oakland County, Michigan*

Date: May 9, 2014

## Certificate of Service

I certify that on May 9, 2014 I electronically filed Oakland County's Brief in Opposition to Motion of the Official Committee of Retirees to Compel Production of a Privilege Log with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**Young & Associates**

 /s/ Sara K. MacWilliams
27725 Stansbury Boulevard, Suite 125
Farmington Hills, Michigan 48334
248.353.8620
efiling@youngpc.com
P67805
