# OAKLAND COUNTY'S BRIEF IN OPPOSITION TO MOTION OF THE OFFICIAL COMMITTEE OF RETIREES TO COMPEL PRODUCTION OF A PRIVILEGE LOG

Exhibit 1

April 30, 2014 E-mail from Debtor's counsel

# Jaye Quadrozzi

| | |
|---|---|
| From: | Geoffrey S Irwin [gsirwin@JonesDay.com] |
| Sent: | Wednesday, April 30, 2014 11:42 AM |
| To: | OGorman, Debra |
| Cc: | Brilliant, Allan; Hupp, Craig; Fischer, Joseph; Jaye Quadrozzi; Weisberg, Robert; Lyons, Sarah; Wolpert, Stephen |
| Subject: | Re: Letter from Allan Brilliant regarding Discovery Requests |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

Debra:

Here is my response to Mr. Brilliant's letter last week, taking his bullet points in turn:

As to privilege logs, we are in agreement that creating privilege logs is not a good use of the parties' resources under the circumstances, but plainly that needs to be a two way street. As to attorneys as custodians, we are agreeable in principle that a search of attorney files would likely yield large numbers of presumptively privileged documents, but we are concerned in this situation about whether county officials or advisors have been maintaining or keeping custody of the records that would be relevant to our issues, as opposed to allowing or assuming lawyers to maintain the records. I am not interested in burdening people with a search or logging of privileged communications between lawyers and clients, but we are concerned that recordkeeping practices would substantially limit the returns on searches that do not involve lawyers at all. Recognizing that an ordinary course business record does become privileged simply because it is transmitted to a lawyer, and that certain recordkeeping appears to have been delegated to lawyers here, I think we need more information on what you are proposing in this regard before we can agree. The fact that I would not require logging of priv log entries should allow you to propose a hybrid search of attorney files without substantial burden.

After conferring with colleagues, your date restriction of February 2013 is too late in time and we require 5 years of data on the types of information we are asking for (value, rates, plans for splitting the systems, etc).

Your proposed restrictions as to final reports and analyses, to the exclusion of email and other ESI, will not work for us. Communications informing and relating to these decisions, proposals, reports and analyses is often very relevant to the positions taken in final documents.

As to "collection and bad debt rates", unless I am misunderstanding your position I think the answer would be for you to indicate that there are no such records, if that is in fact the case. I don't think we shouldn't be permitted to make the request.

I have no issue with the concept of not producing the City's documents or data back to the City, but it seems to me that it is not quite that simple. The path that such transmissions take upon receipt by the counties, including the analysis or commentary attached to it in connection with internal circulation or transmission to others, is not something that I could agree to withdraw. If your proposal is consistent with that idea, that would probably be acceptable to me. I take from your proposal that, since you are collecting the communications between the City and the counties anyway for other parties, that we would get those as well, a clarification which is appreciated.

Yes, de-duping is fine.

And yes, Judge Rhodes confirmed on Monday that May 6 is the correct date for compliance.

Thanks. Geoff

Geoffrey S. Irwin
Partner
JONES DAY® - One Firm Worldwide℠
51 Louisiana Avenue, NW

1