UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

**DWSD PARTIES' STATEMENT OF UNRESOLVED
OBJECTIONS WITH RESPECT TO THE CITY OF
DETROIT'S WRITTEN DISCOVERY RESPONSES**

National Public Finance Guarantee Corporation ("National"), Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"), Berkshire Hathaway Assurance Corporation ("BHAC"), U.S. Bank National Association, as Indenture Trustee (the "Trustee") for the DWSD Bonds (as defined below) and the Ad Hoc Bondholder Committee[1] (together with National, Assured, BHAC, and the Trustee, the "DWSD Parties"), pursuant to the Order Regarding Hearing on Outstanding Objections to Written Discovery [Docket No. 4508], hereby set forth the unresolved written objections to the discovery responses served by the City of Detroit, Michigan (the "City").

---

[1] The Ad Hoc Bondholder Committee members, Fidelity Management & Research Company, Eaton Vance Management, Franklin Advisers, Inc., Nuveen Asset Management, and BlackRock Financial Management, Inc., through various institutional funds they or their affiliates manage, hold DWSD Bonds.

## I. THE CITY'S RESPONSES AND OBJECTIONS

On May 6, 2014, the City filed and served the *City of Detroit's Objections and Responses to Water and Sewer Trustee and Ad Hoc Bondholder Committee's First Request for Production of Documents to Debtor* [Docket No. 4480], attached hereto as Exhibit A, and the *City of Detroit's Objections and Responses to Water and Sewer Trustee and Ad Hoc Bondholder Committee's Second Request for Production of Documents to Debtor* [Docket No. 4482], attached hereto as Exhibit B. Also on May 6, the City filed and served the *City of Detroit's Objections and Responses to DWSD Discovery Parties' First Set of Joint Requests for the Production of Documents* [Docket No. 4492], attached hereto as Exhibit C (together with Exhibits A and B, the "Responses" to the DWSD Parties' "Requests").

On May 7, 2014, the City served the *City of Detroit's Objections and Responses to DWSD Discovery Parties' First Set of Joint Interrogatories*, attached hereto as Exhibit D.

On May 8, 2014, counsel for the DWSD Parties and counsel for the City engaged in a "meet and confer" over the City's responses and objections to the Requests and the Interrogatories. During that call, counsel for the DWSD Parties raised the issues identified herein (the "DWSD Issues"). This "meet and confer" process is ongoing: counsel for the City stated that the City would try to respond

to and address the DWSD Issues over the coming weekend, and the DWSD Parties are committed to trying to reach a fair and practical resolution, if possible, in advance of the May 12, 2014 hearing.

## II. UNRESOLVED ISSUES – DOCUMENT REQUESTS

### Issue No. 1 – The City's Bulk Production

Rather than produce documents to the DWSD Parties that were tailored to the DWSD Parties' specific requests, the City chose to produce to all parties an identical mass set (amounting to roughly 250,000 pages) of all the documents that it was producing in response to all the parties' requests (i.e., not tailored to the specific documents requested by each individual requesting party). The City failed to provide an index or some other means of identifying the documents produced, such as the Bates ranges of the documents that are responsive to the DWSD Parties' Requests. Without looking at each document, it is impossible to know from the City's Responses whether the City actually produced documents responsive to the DWSD Parties' Requests, which chiefly concern the DWSD (and not the DIA, the "Grand Bargain," or documents relating to the General Fund that may be the focus of Syncora and the COPS holders).

The City's bulk production does not comply with Rule 34 of the Federal Rules of Civil Procedure, under which the City "must produce documents as they are kept in the usual course of business or must organize and label them to

correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "This language 'was added in 1980 as a result of a concern that parties too often deliberately mixed critical documents with others in an attempt to obscure their importance' and was, thus, ***intended to 'prohibit[ ] a party from simply producing a mass of responsive documents in bulk***.'" In re Dow Corning Corp., 250 B.R. 298, 320 (Bankr. E.D. Mich. 2000) (quoting 7 MOORE'S FEDERAL PRACTICE, § 34.13[3] at 34–77) (emphasis added); see also Wagner v. Dryvit Sys., 208 F.R.D. 606, 611 (D. Neb. 2001) (stating that responding party's haphazard production, which satisfied neither approach to complying with Rule 34(b)(2)(E)(i), "does not conform to the letter, spirit, or purpose of the Federal Rules"). The DWSD Parties should not have to wade through hundreds of thousands of pages of documents in hopes of finding documents responsive to their Requests.

Accordingly, the Court should compel the City to supplement its Responses to the DWSD Parties' Requests by identifying which Bates ranges are responsive to the DWSD Parties' Requests. See Reese v. CNH America L.L.C., 2:04-CV-70592, 2014 WL 354254, at *3 (E.D. Mich. Jan. 31, 2014) (citing Rule 34(b)(2)(E) and requiring responding party to supplement its response to subpoena by identifying which production numbers were responsive to particular requests); In re Plascencia, 08-56305-ASW, 2012 WL 2161412, at *6 (Bankr. N.D. Cal. June 12, 2012) (same); see also T.N. Taube Corp. v. Marine Midland Mortg. Corp., 136

F.R.D. 449 (W.D.N.C. 1991) (requiring party that did not produce documents as kept in its usual course of business to answer interrogatory by identifying which documents in its production were responsive to specific document requests).

**Issue No. 2 – The City's Objection to Producing Documents Generated Prior to January 1, 2013**

The City objects to producing documents that were generated prior to January 1, 2013. A number of the Requests, however, seek documents prior to that date. The following requests by National/Assured/BHAC specifically ask for documents dating back to earlier periods, generally from 2009: 3-6, 7, 11, 23, 25, 30-31, 33, 41, 48, 53, 72, 75, 83 and 89. In addition, the following requests seek material that could have been generated prior to 2013: 26-27, 35, 37-39, 43, 45, 47, 49-52, 87-88, and 90-92. Similarly, document requests submitted by the Trustee and the Ad Hoc Bondholder Committee ask for documents dating back to earlier periods: 8, 11, 12, 15, 16, 17, 19, 20, 21, 25, 29, 30, 31, 32, and 34.

For example, Request No. 4 by National/Assured/BHAC seeks "All financial statements and supporting schedules for the Systems for fiscal years 2009 through 2013 and year-to-date for Fiscal Year 2014." And Request No. 5 seeks "All Documents reflecting the historical allocation of pension and OPEB expenses and liabilities to the Systems and to the City from January 1, 2009 to the present, including the actual pension contributions and OPEB cash flows for the Systems

and the City."  The City no doubt has these documents, and likely can collect and produce these documents with minimal additional time and expense.

The DWSD Parties respectfully request that the Court overrule the City's objection and order the City to produce documents responsive to the Requests within the requested time periods.

### Issue No. 3 – The City's Objections Relating to the DWSD Transaction, the GLWA or Any Transfer of the Functions or Assets of the DWSD

The City takes the position that it will not produce any documents relating to the proposed DWSD Transaction[2] or the GLWA, although the City's objections are confusing and contradictory.  The City first states that it will not produce such documents, but then states that subject to its objections it will make certain materials available.  <u>See, e.g.</u>, Ex. C, responses to requests 14-15, 18-20, 28-29, 69; Ex. A, responses to requests 9, 35, 39, 40.

---

[2] The DWSD Parties served their Requests before the City amended its plan to substitute a "Qualified DWSD Transaction" in place of the DWSD Transaction and the GLWA.  The Requests, however, were drafted broadly enough to capture any transaction regarding the DWSD.  For instance, in the National/Assured/BHAC requests "DWSD Transaction" means any transaction encompassed by the defined term "DWSD Transaction" as used in the Plan and Disclosure Statement, ***as well as any other potential transaction involving a transfer of any of the functions or assets of the Systems, that is being, or was, or will be, considered or proposed by the City or by any potential transferee of the functions or assets of the Systems or by any potential participant in such a transaction***."  Similarly, the Trustee and the Ad Hoc Committee defined "GLWA" to include any transferee of the Systems by DWSD.  Even if the DWSD Transaction or GLWA is not currently contemplated, the Court has urged the City and the counties to return to the negotiating table, and documents related to these transactions would likely be probative to the feasibility of the Plan and the Plan's treatment of the DWSD Bonds.

For example, in response to Document Request No. 14 by National/Assured/BHAC, the City states:

> OBJECTIONS AND RESPONSE TO DOCUMENT
> REQUEST NO. 14a-f:
>
> The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

When asked to explain the City's position during the "meet and confer," counsel for the City stated that the City will not be producing any documents responsive to these Requests.

The DWSD Parties respectfully request that the Court overrule the City's objections as to each of these related Requests, and compel the City to confirm that the City, in fact, has produced documents responsive to these Requests, or that the City will produce promptly documents responsive to these Requests.

## III. UNRESOLVED ISSUES – INTERROGATORIES[3]

The City's responses to the Interrogatories served by National, Assured and BHAC are largely incomplete and in many instances generally unresponsive. <u>See generally</u> Ex. D. Attached as <u>Exhibit E</u> is a table setting forth a list of unresolved issues with respect to the Interrogatories that counsel provided the City on May 8.

As shown in more detail in the attached table (Ex. E), the City's interrogatory responses display certain recurrent features in failing to provide meaningful responses to the questions actually posed. For example, when various interrogatories seek more particularized explanations of matters that were set forth in the Plan or the Disclosure Statement, the City's responses: make only broad generalized statements that do not provide any meaningful detail (e.g., Nos. 1, 12); simply refer back to what was said in the very document that prompted the request for particularization (e.g., Nos. 2, 5, 6, 7, 15, 16, 17, 19, 20, 21); or refer vaguely to a short list of factors that were considered, without providing any explanation of how those factors were used to develop the specific information for which an explanation was sought (e.g., Nos. 3, 13).[4]

Other of the City's interrogatory responses fail to provide meaningful detail on the roles of identified individuals where requested, which impedes efficient

---

[3] The Trustee and the Ad Hoc Bondholder Committee did not serve any interrogatories.

[4] In addition, many of the City's interrogatory responses are incomplete because the City the states, in its General Objections, that its "responses to these Interrogatories are limited to the time period of January 1, 2013 through the date of the City's response to these Interrogatories."

noticing of depositions (e.g., No. 8), or state that the requested information will be made available through the Plan Supplement, the filing of which will occur far too late to be of any use in the limited time window allotted for the discovery process in this case (e.g., No. 11).

At the hearing on May 12, the DWSD Parties will focus the Court on the following interrogatory responses:

- **Interrogatory No. 1** – Financial and Accounting Basis for the DWSD Funding of GRS UAAL

- **Interrogatory No. 2** – Methodology and Supporting Assumptions For Projections of City's Pension Contributions

- **Interrogatory Nos. 5-10** – Description of the DWSD Transaction, GLWA or Other Transaction and its Impact on the DWSD Bondholders

- **Interrogatory No. 13** – Methodology, Basis and Justification for City's Interest Rate Reset Chart

- **Interrogatory No. 14** – Value and Risks Associated with Removing Call Protections from DWSD Bonds

- **Interrogatory No. 21** – Identification of Persons on Witness List Who May Testify With Respect to DWSD Matters.

## IV. RESERVATION OF RIGHTS

The DWSD Parties are still reviewing the City's document production, and are still working with the City to resolve the DWSD Issues, and reserve their right to raise additional issues once their documents review is completed.

Respectfully submitted on May 9, 2014 by:

| | |
|---|---|
| James F. Bendernagel, Jr.<br>Guy S. Neal<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 736-8041<br>Fax: (202) 736-8711<br>jbendernagel@sidley.com<br>gneal@sidley.com<br><br>- and –<br><br>Jeffrey E. Bjork<br>Gabriel MacConaill<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, California 90013<br>Telephone: (213) 896-6000<br>Fax: (213) 896-6600<br>jbjork@sidley.com<br>gmacconaill@sidley.com<br><br>- and -<br><br>/s/ Paul R. Hage          .<br>Paul R. Hage (P70460)<br>JAFFE RAITT HEUER & WEISS, P.C.<br>27777 Franklin, Suite 2500<br>Southfield, MI 48034<br>Telephone: (248) 727-1543<br>phage@jaffelaw.com<br><br>*Counsel for National Public Finance Guarantee Corp.* | /s/ Robert A. Schwinger          <br>Lawrence A. Larose<br>Samuel S. Kohn<br>Robert A. Schwinger<br>CHADBOURNE & PARKE LLP<br>30 Rockefeller Plaza<br>New York, NY 10012<br>Telephone: (212) 408-5100<br>Fax: (212) 541-5369<br>llarose@chadbourne.com<br>skohn@chadbounrne.com<br>rschwinger@chadbourne.com<br><br>-and –<br><br>Robin D. Ball<br>CHADBOURNE & PARKE LLP<br>350 South Grand Ave., 32nd Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 892-2025<br>Fax: (213) 892-2045<br>rball@chadbourne.com<br><br>*Counsel for Assured Guaranty Municipal Corp.* |

/s/ David E. Lemke
David E. Lemke (TN13586)
Michael R. Paslay (TN11092)
Ryan K. Cochran (TN25851)
Courtney M. Rogers (TN25664)
WALLER LANSDEN DORTCH &
DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Fax: (615) 244-6804
david.lemke@wallerlaw.com
mike.paslay@wallerlaw.com
ryan.cochran@wallerlaw.com
courtney.rogers@wallerlaw.com

– and –

Robert J. Diehl, Jr. (MI31264)
Jaimee L. Witten (P70068)
BODMAN PLC
1901 St. Antoine Street, 6th Floor
Detroit, Michigan 48226
Telephone: (313) 393-7597
Fax: (313) 393-7579
rdiehl@bodmanlaw.com
jwitten@bodmanlaw.com

*Attorneys for U.S. Bank National Association, as Indenture Trustee for the DWSD Bonds*

/s/ William W. Kannel
William W. Kannel
Adrienne K. Walker
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Fax: (617) 542-2241
wwkannel@mintz.com
awalker@mintz.com

– and –

ANDREW J. GERDES, P.L.C.
Andrew J. Gerdes
321 W. Lake Lansing Road
P.O. Box 4190
East Lansing, Michigan 48826-4190
Telephone: (517) 853-1300
Fax: (517) 853-1301
agerdes@gerdesplc.om

*Attorneys for Fidelity Management & Research Company, Eaton Vance Management, and Franklin Advisers, Inc., members of the Ad Hoc Bondholder Committee*

*/s/ Amy Caton*
Amy Caton
Gregory Horowitz
KRAMER LEVIN NAFTALIS &
FRANKEL, LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
ghorowitz@kramerlevin.com

– and –

STEINBERG SHAPIRO & CLARK
Mark H. Shapiro
25925 Telegraph Road
Suite 203
Southfield, Michigan 48033
Telephone: (248) 352-4700
Fax: (248) 352-4488
Shapiro@steinbergshapiro.com

*Attorneys for Nuveen Asset Management, and BlackRock Financial Management, Inc., members of the Ad Hoc Bondholder Committee*

*/s/ My Chi To*
My Chi To
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-7435
Fax: (212) 909-6836
mcto@debevoise.com

*Attorneys for Berkshire Hathaway Assurance Corporation*