# ISSUES AS TO CITY'S INTERROGATORY RESPONSES TO DWSD DISCOVERY PARTIES

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---|---|---|---|
| 1 | Describe with particularity any claimed economic, financial, accounting and legal bases for requiring the DWSD to prefund the majority of its "allocable share" of GRS UAAL over an accelerated 10-year period (as referenced on page 39 of the Amended Plan and page 24 of the Amended Disclosure Statement), the anticipated amount of such prefunding, the anticipated source of funds for such prefunding and any possible effect of such prefunding on the DWSD Bonds, including without limitation any actuarial or other information used by the City to calculate the $675 million amount for such allocation referenced on page 39 of the Amended Plan and pages 37 and 47 of the Amended Disclosure Statement, an explanation of any economic, financial, accounting or legal basis for such prefunding, any economic, financial, accounting or legal basis for treating such prefunding as an operations and maintenance expense under the DWSD Bonds, and whether and to what extent such prefunding will or may impair the DWSD Bonds. | Vague, overbroad and unduly burdensome.<br><br>Seeks legal analyses and conclusions. | The payments from DWSD go to satisfy DWSD's portion of the accrued UAAL for the GRS pension fund in which DWSD's employees and former employees participate over a 9-year period. As an enterprise fund, DWSD has separate sources of revenue for payment. Contributions from other City departments that are not enterprise funds must be made from the City's General Fund. | The City's response is wholly conclusory and generally unresponsive. It fails, for example, to describe with particularity the economic, financial and accounting bases for the DWSD prefunding of GRS UAAL contemplated by the Amended Plan, the actuarial and other information used to calculated the amount, the basis for treating the amounts as operations and maintenance expense under the DWSD Bonds, or the extent to which the prefunding will or may impair the DWSD Bonds. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|--------------------|-----------------------------|----------------------|
| 2 | Describe with particularity the nature, derivation and basis of, and methodology used and underlying support and assumptions for, any projections by the City of required annual contributions to the GRS and the PFRS for the period January 1, 2012 through December 31, 2034. | Overbroad, unduly burdensome.<br><br>Not reasonably calculated to lead to discovery of admissible evidence. | Subject to and without waiving these objections, the City refers to the financial projections attached as exhibits to the Plan and Disclosure Statement. | The City's response is wholly conclusory and generally unresponsive. The response simply refers to the projections, without providing the requested information concerning the nature, derivation and basis of, and methodology used to generate those projections. |
| 3 | With respect to the DWSD Current and Historical Financial Information attached to the Amended Disclosure Statement as Exhibit K, describe with particularity the nature, derivation and basis of, and methodology used and underlying support and assumptions for, the information set forth therein, including without limitation a description of any audit opinions and management letters relating thereto and the identification of any person(s) who participated in preparing such information or determining the methodology used therein. | Vague, overbroad, unduly burdensome. | Subject to and without waiving its objections, the City responds that the referenced exhibit to the Disclosure Statement (now Exhibit L) was derived from DWSD historical financial information obtained from publicly available audited financial statements. The financial statements for fiscal year 2013 were provided by Plante Moran, PLLC. Wade Johnston and Michael Hausman of Conway Mackenzie Inc. prepared the referenced exhibit to the Disclosure Statement. | The City's response is conclusory and not fully responsive. The City does not describe with particularity the nature, derivation and basis of, methodology used, and underlying support and assumptions for the information set forth in Exhibit L. It also does not provide a description of any audit opinions or management letters. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 4 | With respect to the DWSD Financial Projections attached to the Amended Disclosure Statement as Exhibit L, describe with particularity the nature, derivation and basis of, and methodology used and underlying support and assumptions for, the projections contained therein, including without limitation the identification of any person(s) who participated in preparing such projections or determining the methodology used therein. | Vague, overbroad, unduly burdensome. | City responds that the referenced exhibit to the Disclosure Statement (now Exhibit M) was prepared by Wade Johnston and Michael Hausman of Conway MacKenzie Inc., with the advice and consultation of DWSD personnel. The City refers the Objectors to the document numbered POA00214164 for the analyses underlying the referenced exhibit to the Disclosure Statement. | The DWSD Discovery Parties have not yet determined whether the document numbered POA00214164 provides the information necessary to constitute a full and complete response to Interrogatory No. 4. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 5 | With respect to the statement on page 134 of the Amended Disclosure Statement that "[t]he City will only enter into a DWSD Transaction if it enables the City to make larger, more rapid or more certain distributions to at least some of its creditors as compared to distributions specified in the Amended Plan", describe with particularity the circumstances and metrics that will satisfy the referenced conditions for the City to enter into a DWSD Transaction, including without limitation the meaning and/or numerical quantification of the terms "larger", "more rapid", "more certain" and "some of its creditors" as they apply to the City's decision whether to enter into any DWSD Transaction. | Vague, overly broad.<br><br>Unduly burdensome as it calls for speculation about hypothetical future events.<br><br>Not reasonably calculated to lead to the production of admissible evidence.<br><br>Seeks privileged information. | Subject to and without waiving its objections, the City responds that the Disclosure Statement and the Plan do not include any plans or provisions relating to the establishment or operation of the GLWA, the DWSD Transaction or the referenced statement. The City notes that the Disclosure Statement describes the factors it will consider in determining whether to proceed with any potential DWSD public private partnership. In addition, on April 17, 2014, the Bankruptcy Court entered an order (Docket No. 4156) referring to mediation the issues of whether to create a regional water authority involving the City and the counties of Macomb, Oakland and Wayne, in addition to all issues relating to DWSD and these counties, subject to the mediation privilege. | The City's response is wholly unresponsive. The Interrogatory seeks the "circumstances and metrics" that the City will use in evaluating the factors referenced in the Disclosure Statement. The City's response simply repeats that the factors themselves are listed in the Disclosure Statement, without providing the requested "circumstances and metrics." |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 6 | Describe with particularity all sets of terms and conditions regarding the establishment or operation of the GLWA that were set forth in any proposal, or otherwise made as part of any negotiation, by any potential participant in the GLWA (including without limitation Macomb, Oakland, Wayne, St. Clair, Genesee, Washtenaw, or Monroe Counties, the State of Michigan, or any other County or entity (public or private)), any reason such proposal (or any portion thereof) was or may be rejected or modified by the City or any other potential GLWA participant, and how any such proposal (or any part thereof) may be incorporated as part of any DWSD Transaction. | Vague, overbroad, unduly burdensome.<br><br>Not reasonably calculated to lead to discovery of admissible evidence.<br><br>Seeks information that is privileged or otherwise protected from disclosure. | Subject to and without waiving its objections, the City responds that the Disclosure Statement and the Plan no longer include any plans or provisions relating to the establishment or operation of the GLWA or the DWSD Transaction. Moreover, on April 17, 2014, the Bankruptcy Court entered an order (Docket No. 4156+G108) referring to mediation the issues of whether to create a regional water authority involving the City and the counties of Macomb, Oakland and Wayne in addition to all issues relating to DWSD and these counties, subject to the mediation privilege. | The City's provides no response to the Interrogatory's request for historical information concerning proposed GLWA terms and negotiations, which remain relevant because they relate to issues concerning the Plan generally, regardless of whether a GLWA transaction is ultimately consummated. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 7 | Describe with particularity the factors that have, will or may influence the City's decision to proceed with a sale or privatization of the DWSD, as referenced in the Amended Plan, and the structure of such sale or privatization, including without limitation a detailed description of the terms and conditions of any property sales considered, the terms and conditions of any proposals received (including any response to the DWSD RFI), and an explanation of the benefits and risks of any such sale or privatization of the DWSD, including how any such sale or privatization will or may impact the holders or insurers of the DWSD Bonds. | Vague, overbroad.<br><br>Unduly burdensome as it calls for speculation about hypothetical future events.<br><br>Not reasonably calculated to lead to the discovery of admissible evidence.<br><br>Seeks information that is privileged or otherwise protected from disclosure. | Subject to and without waiving its objections, City refers Objectors to the Disclosure Statement for a discussion of the potential transactions involving DWSD, the court-ordered mediation regarding the potential creation of a regional water authority and the factors the City will consider in moving forward with any such transaction. | The City's reference to the Disclosure Statement provides no response to the Interrogatory's request for information concerning the terms and conditions of any proposals that it has considered, of the factors influencing the City's evaluation of any such proposal, or the impact of the proposal's risk, benefits, or impact on DWSD Bond holders or insurers. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---|---|---|---|
| 8 | Identify all persons involved in any negotiations concerning the proposed GLWA, any DWSD transaction, any sale or privatization of the DWSD, any New Existing Rate DWSD Bonds or new Existing Rate GLWA Bonds, the New DWSD Issuance, the DWSD RFI, the Underwriting RFP, or any restructuring of the Systems (including without limitation all persons and entities acting on behalf of, or as a consultant or advisor to, the City, any county, the State of Michigan, the DWSD or any other entity), specifying each such person's role with respect to such negotiations, and the aspect(s) of the negotiations with which such person was involved. | Vague, overbroad, unduly burdensome.<br><br>Not reasonably calculated to lead to the discovery of admissible evidence.<br><br>Seeks information that is privileged or otherwise protected form disclosure. | Subject to and without waiving its objections, the City responds that the Disclosure Statement and the Plan no longer include any plans or provisions relating to the establishment or operation of the GLWA or the DWSD Transaction. The primary individuals responsible for the potential DWSD public-private partnership, discussed in the Disclosure Statement and the Plan, are Kevyn Orr, Stacy Fox, William Wolfson and Nicolette Bateson from the City/DWSD, Charles Moore from Conway MacKenzie Inc., Amanda VanDusen and David Massaron from Miller Canfield, P.L.C. and Brian Sedlak and Heather Lennox from Jones Day. | The City's response identifies only the "primary individuals responsible," and fails to provide the requested information concern the role of the persons identified or the aspects of the negotiations in which each was involved. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|-----------------------------|----------------------|
| 9 | With respect to any DWSD Transaction involving the proposed GLWA, describe with particularity the contemplated structure, operations and viability of the proposed GLWA, including without limitation a description of the assets to be transferred to the GLWA, the GLWA's projected revenues and expenses (including without limitation operations and maintenance expenses as that term is used in the applicable Bond Documents), the projected terms of any lease to which the GLWA will be a party (and the basis for such terms), and any material risks associated with such transaction (including without limitation, any risks to the holders of the GLWA Bonds), and the identification of any analyses supporting the amount of any lease payments to be made by the GLWA. | Vague, overbroad, unduly burdensome.<br><br>Not reasonably calculated to lead to the discovery of admissible evidence.<br><br>Seeks information that is privileged or otherwise protected form disclosure. | Subject to and without waiving its objections, the City responds that the Disclosure Statement and the Plan no longer include any plans or provisions relating to the establishment or operation of the GLWA or the DWSD Transaction. Moreover, on April 17, 2014, the Bankruptcy Court entered an order (Docket No. 4156) referring to mediation the issues of whether to create a regional water authority involving the City and the counties of Macomb, Oakland and Wayne in addition to all issues relating to DWSD and these counties, subject to the mediation privilege. | "GLWA" is defined in the Interrogatories to include any transferee of the Systems by DWSD. The Plan continues to contemplate the possibility of such a transfer. The City should provide a response to the Interrogatory. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|---------------------------|----------------------|
| 10 | Describe with particularity the operations and maintenance expenses of the proposed GLWA that may be excluded from the liens of the holders of the New GLWA Bonds and New Existing Rate GLWA Bonds under the Amended Plan, including without limitation a detailed description of the amount and terms of any lease payment payable to the City's General Fund and any payment relating to DWSD's total allocable share of the City's liabilities under the COPs and OPEB liabilities, a detailed explanation of any economic, financial, accounting and legal bases for excluding such expenses from the liens of the holders of the New GLWA Bonds and New Existing Rate GLWA Bonds, and a detailed description of how any such expenses differ from the operating and maintaining expenses described in the DWSD Bond Documents, including without limitation how such expenses are calculated and paid. | Vague, overbroad, unduly burdensome.<br><br>Not reasonably calculated to lead to the discovery of admissible evidence.<br><br>Seeks information that is privileged or otherwise protected form disclosure. | Subject to and without waiving its objections, the City responds that the Disclosure Statement and the Plan no longer include any plans or provisions relating to the establishment or operation of the GLWA or the DWSD Transaction. Moreover, on April 17, 2014, the Bankruptcy Court entered an order (Docket No. 4156) referring to mediation the issues of whether to create a regional water authority involving the City and the counties of Macomb, Oakland and Wayne in addition to all issues relating to DWSD and these counties, subject to the mediation privilege. | "GLWA" is defined in the Interrogatories to include any transferee of the Systems by DWSD. The Plan continues to contemplate the possibility of such a transfer. The City should provide a response to the Interrogatory. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|--------------------|-----------------------------|----------------------|
| 11 | Describe with particularity the nature of and basis for the selection of any terms of the New Existing Rate DWSD Bonds and New Existing Rate GLWA Bonds that differ from the corresponding terms of the bonds they are replacing, as discussed on pages 57-60 of the Amended Disclosure Statement, and any reasons why the City believes that with such differing terms the new bonds are nevertheless the indubitable equivalent of the bonds they are replacing, including without limitation a detailed explanation of any changes to covenants, interest rates, collateral used to secure the bonds, prefunding requirements, call protections, maturity dates, operations and maintenance expenses as that term is used in the applicable Bond Documents, and identifying any reports and/or analyses relied upon in determining whether the new bonds are indubitably equivalent to the bonds they are replacing. | Vague, overbroad, unduly burdensome.<br><br>Seeks legal analyses and conclusions. | Subject to and without waiving its objections, City responds that the Plan and the Disclosure Statement no longer discuss or refer to "New Existing Rate GLWA Bonds." With respect to the New Existing Rate DWSD Bonds, the City refers the Objector to the discussion of the New Existing Rate DWSD Bonds in the Disclosure Statement and the Plan and notes the statement in the Disclosure Statement that the definitive documentation governing the New Existing Rate DWSD Bonds will be filed with the Plan Supplement. Accordingly, more detailed information regarding the specific terms of the New Existing Rate DWSD Bonds will be available at that time. | The City's response fails to provide any of the requested information concerning the New Existing Rate DWSD Bonds. The DWSD Discovery Parties are entitled to such responsive information as currently exists, regardless of whether the City plans to provide such information later in a Plan Supplement. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 12 | Describe with particularity the nature, terms and effect of the New DWSD Issuance on the Amended Plan, including without limitation a detailed explanation of the material terms and conditions of the New DWSD Issuance, any responses to the Underwriting RFP, the relationship of the DWSD Issuance to the Amended Plan, the effect of the New DWSD Issuance on the financial status of the DWSD or GLWA, any risk of litigation over whether the New DWSD Issuance violates the terms of existing DWSD Bond Documents, and the risks that may result from the New DWSD Issuance, including the effect that the new issuance will have on the debt coverage ratios applicable to the DWSD Bonds. | Vague, unduly burdensome. Not reasonably calculated to lead to the discovery of admissible evidence. City is unable to determine what is meant by the "effect" on the Plan or the "relationship" to the Plan. Seeks information that is privileged/protected from disclosure. Any reference to the GLWA is no longer an issue. | City responds that the material terms of the New DWSD Issuance have not yet been established. However, at this time, the City expects that the New DWSD Issuance will be in the amount of $150 million and will be secured by system revenue. The City further responds that the following parties responded to the Underwriting RFP: (a) for Senior Manager, 1. Barclays, 2. Citigroup Global Markets Inc., 3. Goldman, Sachs & Co., 4. J.P. Morgan and 5. Siebert Brandford Shank & Co; (b) for Co-Manager, 1. Backstrom McCarley Berry & Co, 2. BMO Capital Markets, 3. Comerica Securities, 4. Drexel Hamilton, 5. Fifth Third Securities, 6. Great Pacific Securities, 7. Hilliard Lyons, 8. Jefferies, 9. KeyBanc Capital Markets, 10. Loop Capital Markets, 11. Mischler Financial Group, 12. Piper Jaffray & Co., 13. PNC Capital Markets, 14. Ramirez & Co. Inc. and 15. RBC Capital Markets. The City expects that the proceeds of the New DWSD Issuance will provide the DWSD with additional liquidity to facilitate system improvements. | The City's response is incomplete: It fails to provide the requested information concerning the effect of the DWSD Issuance on the Amended Plan or the financial status of the DWSD, the risk of litigation over whether the issuance violates existing DWSD Bond Documents, other risks that may result from the issuance, or the effect that the new issuance in the contemplated amount will have on the debt coverage ratios applicable to the DWSD Bonds. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 13 | With respect to the Interest Rate Reset Chart attached to the Amended Plan as Exhibit I.A.159, describe with particularity the methodology, basis and justification for how the chart and its contents were prepared, including without limitation a description of any consideration given to comparable municipal credits, any reasons why the City believes the interest rates reflected in the chart are appropriate and sufficient to permit confirmation of the Amended Plan, and the identification of any person(s) who participated in preparing the chart or determining the methodology used therein. | Overbroad, unduly burdensome.<br><br>Premature.<br><br>Seeks legal analyses and conclusions. | City responds it has identified particular DWSD debt issuances that (a) are not maturing and are not callable in the near term under their contractual terms and (b) have coupons materially in excess of a yield curve indicative of the pro forma credit profile of DWSD and reflecting the pro forma interest rates that the City believes would provide the bondholders with par recovery instruments based on existing maturities. In determining the curve, the City incorporated multiple factors, including: (a) a review of the DWSD's pro forma projections, restructured obligations and relevant prospective credit metrics; (b) a valuation of comparable situations; (c) available relevant published market indices and composite yield curves; and (d) discussions with capital market participants. The City further responds that the individuals who participated in preparing the chart and/or determining the methodology used therein are: Kenneth Buckfire, James Doak, Sanjay Marken and Vladimir Moshinsky, all at Miller Buckfire & Co. LLC. | The City's response does not provide information in the requested level of detail for the methodology, basis and justification for the preparation of the Interest Rate Reset Chart and its contents, including a detailed description of the comparison to other municipal credits and the derivation of the proposed interest rates. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|---------------------------|----------------------|
| 14 | Describe with particularity the basis for, value of and risks associated with removing "call protections" from DWSD Bonds, as described on pages 58-59 of the Amended Disclosure Statement (which states in pertinent part that the New GLWA Bonds and New Existing Rate GLWA Bonds shall provide that the DWSD or GLWA, as appropriate, "may prepay or redeem all or any portion of the [corresponding new security] at any time at its option and without penalty or premium"). | Vague, overbroad, unduly burdensome. | Subject to and without waiving its objections, City responds that the Plan and the Disclosure Statement no longer discuss or refer to "call protections," "New GLWA Bonds" or "New Existing Rate GLWA Bonds." | The Interrogatory applies to any removal of call protections in bonds contemplated by the Plan (as revised), not just to those issued in connection with a potential GLWA transaction. The City has provided no substantive response to the Interrogatory. |
| 15 | Describe with particularity the treatment under the Amended Plan of the Claims of Bond Insurers for principal and interest due under the applicable Bond Documents, whether by subrogation, assignment or otherwise, and the amount in which such Claims will be allowed under the Amended Plan. | Vague, overbroad, unduly burdensome.<br><br>Treatment of claims is publicly available to the Objectors in the Plan and Disclosure Statement. | Subject to and without waiving its objections, the City responds that all rights of Bond Insurers under the applicable Bond Documents are preserved under the Plan. See Plan, Section II.B.2. Further, the Claims of Bond Insurers are not specifically classified under the Plan. | The City has provided no response to this Interrogatory, providing no explanation of how Bondholders's claims are to be treated under the plan, admitting that there is no specific discussion of this point in the Plan (despite insurers requests that the matter be specifically addressed). |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 16 | Describe with particularity the treatment under the Amended Plan of the Claims of Bond Insurers for contractual reimbursement of charges, fees, costs, losses, liabilities and expenses incurred by the Bond Insurers in connection with their respective insurance policies, reimbursement agreements and applicable Bond Documents, and the amount in which such Claims will be allowed under the Amended Plan. | Vague, overbroad, unduly burdensome.<br><br>Treatment of claims is publicly available to the Objectors in the Plan and Disclosure Statement. | Subject to and without waiving its objections, the City responds that all rights of Bond Insurers under the applicable Bond Documents are preserved under the Plan. See Plan, Section II.B.2. Further, the Claims of Bond Insurers are not specifically classified under the Plan. | The City has provided no response to this Interrogatory, providing no explanation of how Bondholders's claims are to be treated under the plan, admitting that there is no specific discussion of this point in the Plan (despite insurers requests that the matter be specifically addressed). |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 17 | Identify any and all Liabilities that the City knows, suspects, or believes may exist against parties other than the City that would be released, exculpated and/or enjoined pursuant to the Amended Plan, the nature and value of such claims, the reasons why such claims are proposed to be released, exculpated and/or enjoined under the Amended Plan, and the identification of any persons who requested or suggested to the City that such claims be released, exculpated and/or enjoined pursuant to the Amended Plan. | Vague, overbroad, unduly burdensome.<br><br>Seeks legal analyses and conclusions. | Subject to and without waiving its objections, the City responds that the liabilities to which the release, exculpation and injunction provisions apply are clearly set forth in the Disclosure Statement and the Plan, and the City refers the Objectors to those documents, specifically Section III.D.5 (injunction), Section III.D.6 (exculpation) and Section III.D.7 (releases) of the Plan. As a general matter, claims are to be released or enjoined in exchange for substantial contributions to the City's restructuring, because there is an identity of interest with the City or because the ultimate responsibility for payment of a claim rests with the City. | The Disclosure Statement and Plan (including Sections III.D.5, III.D.5 and III.D.7) simply describe the scope of the release/exculpation/injunction, and do not identify *any* specific Liability that the City knows, suspects or believes may exist against parties other than the City that would be affected by the release/exculpation/injunction, much less provide any of the other requested information concerning such Liabilities. If there are such claims that are to be "released or enjoined in exchange for substantial contributions to the City's restructuring," then the City should be required to identify any of which it is aware. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---|---|---|---|
| 18 | Describe with particularity how the City meets or expects to meet the requirements to participate in state revenue sharing. | Vague, overbroad, unduly burdensome. | Subject to and without waiving its objections, the City responds that it expects to meet the referenced requirements when compliance with them is due. The City refers the Objector to the following websites and documents relating to its efforts to meet those requirements:<br><br>(a) Category 1 data can be found at the website http://www.detroitmi.gov/Portals/0/docs/detroitdash/4thQtrDashboard11182013Int ernet.pdf;<br><br>(b) Data related to finance can be located at the documents numbered POA00214224, POA00214225, and POA00214226; and<br><br>(c) Category 2 data can be found at the website http://www.detroitmi.gov/DepartmentsandAgencies/Finance/PerformanceIndicator s.aspx.<br><br>The City further states that the Category 3 requirement for Unfunded Accrued Liability Plan is not due until June 1, 2014. The bankruptcy itself will affect the City's ability to reduce the UAAL. | DWSD Discovery Parties are evaluating the adequacy of the City's response to this Interrogatory. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|--------------------|-----------------------------|----------------------|
| 19 | State any and all facts that support Your contention that the City can satisfy the requirements for confirmation of the Amended Plan under 11 U.S.C. § 1129 as incorporated into Chapter 9 of the Bankruptcy Code. | Vague, overbroad, unduly burdensome.<br><br>Premature based on terms of pretrial scheduling order.<br><br>Seeks legal analyses and conclusions. | Subject to and without waiving its objections, the City responds that this issue will be addressed in the Plan confirmation briefing and trial. The City further directs the Objector to the Disclosure Statement, which discusses the standards for Plan confirmation and the Plan's compliance with these standards. | The City does not represent that the Disclosure Statement provides all of the requested information; unless the City stipulates that it will present no evidence other than that contained in the Disclosure Statement to satisfy Section 1129's requirements, it should be required to provide a complete response. |
| 20 | State any and all facts that support Your contention that the City can satisfy the requirements for confirmation of the Amended Plan under 11 U.S.C. § 943(b). | Vague, overbroad, unduly burdensome.<br><br>Premature based on terms of pretrial scheduling order.<br><br>Seeks legal analyses and conclusions. | Subject to and without waiving its objections, the City responds that this issue will be addressed in the Plan confirmation briefing and trial. The City further directs the Objector to the Disclosure Statement, which discusses the standards for Plan confirmation and the Plan's compliance with these standards. | The City does not represent that the Disclosure Statement provides all of the requested information. For example, nothing in the Disclosure Statement explains how the "best interest of the creditors" requirement is met for the DWSD Discovery Parties, in particular. Unless the City stipulates that it will present no evidence other than that contained in the Disclosure Statement to satisfy Section 943(b)'s requirements, it should be required to provide a complete response. |

| # | Request | Specific Objections | Pertinent Part of Response | Proponent's Response |
|---|---------|---------------------|----------------------------|----------------------|
| 21 | Identify every person named in the Witness List who may testify with respect to any matters involving the DWSD, or any of the matters raised in these Interrogatories, at the Confirmation Hearing or at any other hearing related or ancillary to confirmation of the Amended Plan, specifying the matters to which each such person may testify. | Unduly burdensome.<br><br>Seeks information that is privileged or otherwise protected from disclosure. | Subject to and without waiving its objections, the City states that it already has provided its witness list in accordance with the Court's Scheduling Order. See Docket No. 4187. | The City's response does not identify which of the persons on the Witness List may testify as to DWSD matters, and the Witness List does not provide this information. |
| 22 | For each Interrogatory above, separately identify all Documents relied upon in preparing, and any studies, analyses or reports otherwise relating to, Your response. | Unduly burdensome. | Subject to and without waiving its objections, the City responds that it will produce non-privileged documents in its possession, custody or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it. | The City should confirm that it is producing all such documents, without qualification, and identify them. |
| 23 | Identify every person who participated in preparing the responses to each of these Interrogatories and each of the interrogatories served by any of the DWSD Interrogatory Parties. | Overbroad and unduly burdensome based on large number of interrogatories and number of individuals involved in this effort. | Subject to and without waiving its objections, the City refers Objector to its Witness List [Dkt. 4187], and further responds that, in addition to counsel, the individuals, or their staffs, who contributed to the responses to these interrogatories, are identified on the Witness List. | The City's response does not specify which of the individuals on the Witness List participated in preparing the responses to the Interrogatories, or which members of their staffs did so. |