UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(DETROIT)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | CASE NO.: 13-53846 |
| | ) | |
| | ) | CHAPTER 9 |
| Debtor. | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |

**JOINT RESPONSE OF THE TRUSTEE AND
THE AD HOC COMMITTEE TO THE ORDER REQUIRING
BRIEFING ON STANDING OR JOINDER OF CITY OF DETROIT
TO MOTION TO CLARIFY FEE REVIEW ORDER (DKT.#3929)**

U.S. Bank National Association, in its capacity as trustee (the "Trustee") for those certain water and sewer bonds (the "DWSD Bonds") issued by the City of Detroit (the "City") for the Detroit Water and Sewerage Department (the "DWSD") to finance and refinance improvements to the City's Water Supply System (the "Water System") and the City's Sewage Disposal System (the "Sewer System"), and the *Ad Hoc* Committee of holders of DWSD Bonds (the "Ad Hoc Committee,"[1] together with the Trustee, the "DWSD Parties") hereby file this joint response to the Court's *Order Requiring Briefing on Standing or Joinder of City of Detroit to Motion to Clarify Fee Review Order (Dkt.#3929)*. In support of their Joint Response, the DWSD Parties state:

1. As an initial matter, on May 8, 2014, the City filed its *Joinder of the City of Detroit to Motion of the City of Detroit Water & Sewerage Department for an Order, Pursuant to 11 U.S.C. § 105, Amending and Clarifying the Fee Review Order Dated September 11, 2013*.

---

[1] The Ad Hoc Committee members are Fidelity Management & Research Company, Eaton Vance Management, Franklin Advisors, Inc., Nuveen Asset Management, and BlackRock Asset Management, Inc.

*(Docket No. 3929)* (Doc. 4548). The DWSD Parties assume that the City's joinder moots the issue of whether the DWSD has separate standing. Nevertheless, the DWSD Parties are unclear whether the Court still expects the DWSD Parties to address the issue of standing. Therefore, out of an abundance of caution, the DWSD Parties are filing this Joint Response.

2. The DWSD Parties would not object to the DWSD being granted limited standing to file and prosecute the *Motion of the City of Detroit Water and Sewerage Department for an Order, Pursuant to 11 U.S.C. § 105, Amending and Clarifying the Fee Review Order Dated September 11, 2013* (Doc. 3929) (the "Fee Motion") if it would expedite resolution of the Fee Motion; however, the DWSD Parties would request that this Court's ruling on the Fee Motion be binding on the City, including, without limitation, the DWSD.

3. As to whether the DWSD has standing independent of the City, case law indicates that the DWSD is a department of the City.

4. In two separate opinions the United States Court of Appeals for the Sixth Circuit has stated that the DWSD is a "city agency" and/or "a department." *See United States v. City of Detroit*, 712 F.3d 925, 927 (6th Cir. 2013) ("The DWSD is a City agency"); *City of Warren v. City of Detroit*, 495 F.3d 282, 284 (6th Cir. 2007) (the DWSD is "a department of defendant-appellee the City of Detroit, Michigan"). Similarly, in 2011, Judge Cox determined that "the DWSD is a department of city government, although managed as a separate enterprise fund." *United States v. City of Detroit*, No. 77-71100, 2011 WL 4014409, at *3 (E.D. Mich. Sept. 9, 2011); *see also United States v. City of Detroit*, No. 77-71100, Doc. 2410, at 4 (E.D. Mich. Nov. 4, 2011) ("[T]he changes being ordered do not restructure the DWSD as a separate entity. The DWSD, and all of the assets of the DWSD, shall remain a department of the City of Detroit.") (emphasis removed).

5. The Michigan Supreme Court similarly has held that the DWSD is a department of the City. *See City of Plymouth v. City of Detroit*, 377 N.W.2d 689, 690–91 (Mich. 1985) ("the City of Detroit, through its Water and Sewerage Department (hereinafter DWSD) . . . ."); *Butler v. Mich. Consol. Gas Co.,* Docket No. 278063, 2008 WL 2268308, at *1 (Mich. Ct. App. June 3, 2008) (noting that the DWSD is a "branch of the city of Detroit") (internal quotation marks omitted).

6. Further, counsel to both the City and the DWSD have asserted that the DWSD is a department of the City. In its disclosure statement, the City represents that the "DWSD is a department of the City . . . ." *See Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (Doc. 4391) (the "Disclosure Statement") at 87. Separate counsel to the DWSD has made the same representation. *See Fee Motion* at ¶ 2 ("DWSD is a department of the City . . . ."); *see also Verified Statement of Dykema Gossett PLLC Pursuant to Fed. R. Bankr. P. 2019* (Doc. 1532) at ¶ 1(f) (Dykema Gossett PLLC noting that it represents the "Detroit Water and Sewerage Department . . . a department of the Debtor.")

7. On the other hand, the Water System and the Sewer System are two separate enterprise funds. *See KPMG, City of Detroit Water Fund, Basic Financial Statements*, at 6 (June 30, 2012); *KPMG, City of Detroit Sewage Disposal Fund, Basic Financial Statements*, at 6 (June 30, 2012). The Water System and the Sewer System each have separate financial statements and accounting. MICH. COMP. LAWS § 141.122(1) (2002). The DWSD Bonds are not treated as City indebtedness for purposes of calculating whether the City is within its debt limits. MICH. COMP. LAWS § 141.107(3); *see also Disclosure Statement* at 99. The DWSD's revenues and expenditures are separated from the City and are not commingled with the City's general fund.

*See* MICH. COMP. LAWS § 141.122(1) (requiring that when a public improvement borrows funds, the revenues of that public improvement be kept separately from the municipality); City Charter of Detroit § 7-1203 (2012) (requiring that "all moneys paid into the city treasury from fees collected for water, drainage or sewerage services shall be used exclusively for the payment of expenses incurred in the provision of these services, including the interest and principal of any obligations issued to finance the water supply and sewerage disposal facilities of the city, and shall be kept in separate funds.").

8. Moreover, in *United States v. City of Detroit*, No. 77-71100, (E.D. Mich.), the City and the DWSD were at times treated as separate parties to the litigation. *See e.g. Opinion & Order Terminating Second Amended Consent Judgment and Closing this Case*, No. 77-71100 (Doc. 2528) (the "Consent Judgment Opinion") at 5, 14 (E.D. Mich. Mar. 27, 2013) (Cox, J.) (noting that the Environmental Protection Agency initiated an action against both the City and the DWSD and that the City and the DWSD entered into a consent judgment together). In the Consent Judgment Opinion, Judge Cox recognized that the DWSD had a certain amount of autonomy with respect to the operations of the Systems. *See id.*

9. Therefore, as indicated in the opening paragraph, the DWSD Parties would not object to the DWSD having standing for the limited purpose of the Fee Motion before this Court. However, given that the City has filed a joinder to the Fee Motion, the issue appears to be moot. The DWSD Parties reserve the right to object to the DWSD having standing in this case for any other matter.

WHEREFORE, the DWSD Parties request this Court enter an appropriate order in this matter regarding DWSD's standing and grant the DWSD Parties such other relief as is appropriate.

Respectfully submitted this the 9th day of May, 2014.

| | |
|---|---|
| /s/ David E. Lemke | /s/ Amy Caton |
| David E. Lemke (TN13586) | Amy Caton |
| Michael R. Paslay (TN011092) | Greg Horowitz |
| Ryan K. Cochran (TN025851) | KRAMER LEVIN NAFTALIS & FRANKEL, LLP |
| Courtney M. Rogers (TN25664) | 1177 Avenue of the Americas |
| WALLER LANSDEN DORTCH & DAVIS LLP | New York, New York 10036 |
| 511 Union Street, Suite 2700 | Tel: (212) 715-9100 |
| Nashville, Tennessee 37219 | Fax: (212) 715-8000 |
| Phone: (615) 244-6380 | – and – |
| Fax: (615) 244-6804 | Geoffrey T. Pavlic |
| – and – | STEINBERG SHAPIRO & CLARK |
| Robert J. Diehl, Jr. (MI31264) | 25925 Telegraph Road - Suite 203 |
| Jaimee L. Witten (P70068) | Southfield, MI 48033 |
| BODMAN PLC | Tel: (248) 352-4700 |
| 1901 St. Antoine Street, 6th Floor | Fax: (248) 352-4488 |
| Detroit, Michigan 48226 | |
| Phone: (313) 393-7597 | *Attorneys for Nuveen Asset Management, and BlackRock Asset Management, Inc., members of the Ad Hoc Bondholder Committee* |
| Fax: (313) 393-7579 | |
| | |
| *Attorneys for U.S. Bank National Association, as Trustee for the Water and Sewer Bonds* | |
| | /s/ William W. Kannel |
| | William W. Kannel |
| | Adrienne K. Walker |
| | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C. |
| | One Financial Center |
| | Boston, MA 02111 |
| | Tel: 617-542-6000 |
| | Fax: 617-542-2241 |
| | – and – |
| | Andrew J. Gerdes |
| | ANDREW J. GERDES, P.L.C. |
| | 321 W. Lake Lansing Rd. |
| | P.O. Box 4190 |
| | East Lansing, MI 48826-4190 |
| | Tel: (517) 853-1300 |
| | Fax: (517) 853-1301 |
| | |
| | *Attorneys for Fidelity Management & Research Company, Eaton Vance Management, and Franklin Advisers, Inc., members of the Ad Hoc Bondholder Committee* |

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Joint Response to the Court's *Order Requiring Briefing on Standing or Joinder of City of Detroit to Motion to Clarify Fee Review Order (Dkt.#3929)* was filed and served by the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter this the 9th day of May.

                        */s/ David E. Lemke*
                        David E. Lemke (TN13586)
                        Michael R. Paslay (TN011092)
                        Ryan K. Cochran (TN025851)
                        Courtney M. Rogers (TN25664)
                        WALLER LANSDEN DORTCH & DAVIS LLP
                        511 Union Street, Suite 2700
                        Nashville, Tennessee 37219
                        Phone: (615) 244-6380
                        Fax: (615) 244-6804