UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN<br><br>Debtor. | Chapter 9<br>Case No. 13-53846<br>Hon. Steven W. Rhodes |

# Oakland County's Statement of Unresolved Objections

Oakland County ("Oakland"), pursuant to the Order Regarding Hearing on Outstanding Objections to Written Discovery [Dkt. No. 4508], hereby sets forth its unresolved issues with the City of Detroit's (the "City") May 6, 2014 Objections and Responses to Oakland County's First Request for Production of Documents and Interrogatories ("the Request").

1. **Information About the GLWA Is Relevant to Oakland's Defense of Feasibility [Oakland's Doc. Request Nos. 2, 25, 28, 29, 30, 31, 32, 33, 34, 37, 40, 41, 50]**

In several of Oakland's Document Requests, it sought information relating to the GLWA. For example, Request No. 2 seeks: "Documents showing DWSD and GLWA's financial projections for Fiscal Years 2014 through 2023." In response to Request No. 2, the City lodged the following objection:

> *The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably*

> *calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce document related to the GLWA or the DWSD Transaction.*

In response to the additional requests identified above, the City lodged similar objections.

Contrary to the City's position, however, the test of relevancy is not whether the current Plan contains provisions for the GLWA. The test is whether the information Oakland seeks is relevant to its "claim or defense"; bearing in mind that relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." [FRCP26(b)(1)]  Here, the requested analysis necessarily included the effect on the GLWA of making multi-million dollar expenditures for lease payments on an annual basis: whatever the analysis of the effect of these expenditures revealed is relevant to Oakland's defense that the City's Plan by which DWSD will be responsible for funding hundreds of millions of dollars to pay the City's settlement of the GRS Pension Claims is not economically feasible. That is, either the City calculated a way for a regional authority to operate despite the loss of revenues of these amounts, or it concluded that it could not be done.  Information concerning either conclusion is directly relevant to Oakland's defense.

**2. The Portion of the City's Response to Oakland's Interrogatory No. 9 [Refusing To Provide Information About the "Rate Stability Plan" because the Bankruptcy Plan No Longer Includes Rate Stability Provisions], Is Contrary to the Terms of the May 5, 2014 Plan**

Oakland's Interrogatory No. 9 asked: "If the pre-funding were to occur and the 'rate stability plan' (as referenced in the Disclosure Statement), would water and sewer rates have to be raised? If so, by how much? If rates have to be raised, would the higher rates be imposed on the wholesale and retail customers or only on the wholesale customers? How will such higher rates be calculated by the Debtor?"

— 2 —

13-53846-tjt    Doc 4581    Filed 05/09/14    Entered 05/09/14 17:52:27    Page 2 of 5

In response, the City stated in relevant part that:

> *…the Disclosure Statement and the Plan no longer include any plans or provisions relating to any rate stability program.*

Contrary to this representation, however, Article IV of the May 5, 2014 Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, expressly states (in part):

A. DWSD.

1. Rates and Revenues.

    DWSD will maintain Fiscal Year 2015 rate setting protocols for a minimum of five years, subject to **certain changes necessary to stabilize water and sewer revenues**. (Emphasis added).

Oakland's Interrogatory No. 9 is proper in light of this representation.

Respectfully submitted,

**CARSON FISCHER, P.L.C.**

By: */s/Joseph M. Fischer*
Joseph M. Fischer (P13452)
Robert A. Weisberg (P26698)
Christopher Grosman (P58693)
4111 Andover Road, West – Second Floor
Bloomfield, Michigan 48302-1924
Telephone: (248) 644-4840
Facsimile: (248) 644-1832
Email: JFischer@CarsonFischer.com
           RWweisberg@CarsonFischer.com
           CGrosman@CarsonFischer.com

*Counsel for Oakland County, Michigan*

**Young & Associates**

By: */s/ Sara K. MacWilliams*
Sara K. MacWilliams (P67805)
Jaye Quadrozzi (P71646)
27725 Stansbury Blvd., Suite 125
Farmington Hills, MI 48334
Telephone: (248) 353-8620
Email: efiling@youngpc.com
        macwilliams@youngpc.com
        quadrozzi@youngpc.com

*Co-counsel for Oakland County, Michigan*

Date: May 9, 2014

## CERTIFICATE OF SERVICE

I certify that on May 9, 2014 I electronically filed Oakland County's Statement of Unresolved Objections with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

**YOUNG & ASSOCIATES**

  /s/ Sara K. MacWilliams
27725 Stansbury Boulevard, Suite 125
Farmington Hills, Michigan 48334
248.353.8620
efiling@youngpc.com
P67805

13-53846-tjt    Doc 4581    Filed 05/09/14    Entered 05/09/14 17:52:27    Page 5 of 5