UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
: 
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------------x

**RESPONSE OF DETROIT POLICE LIEUTENANTS & SERGEANTS
ASSOCIATION TO DEBTOR'S SECOND REQUESTS
FOR PRODUCTION OF DOCUMENTS TO
THE DETROIT PUBLIC SAFETY UNIONS**

The Detroit Police Lieutenants & Sergeants Association (hereinafter "DPLSA" and/or "Respondent"), by its attorneys, Erman, Teicher, Zucker & Freedman, P.C., and Peter P. Sudnick, PC, provides responses to Debtor's Second Requests for Production of Documents to the Detroit Fire Fighters Association ("DFFA"), the Detroit Police Officers Association ("DPOA"), the Detroit Police Lieutenants & Sergeants Association ("DPLSA"), and the Detroit Police Command Officers Association ("DPCOA") (collectively, "Detroit Public Safety Unions") as follows:

**PRELIMINARY STATEMENT**

Respondent answers the Discovery Requests without conceding their relevancy, materiality, or admissibility and without prejudice to its right to object

to further inquiry concerning the subject matter of any response or the use of any information contained therein for any purpose.

Respondent declines to deem the Discovery Requests as being continuing or requiring the filing of supplemental responses thereto, except insofar as any such Interrogatory or Document Production Request is specifically made continuing or requiring supplemental responses pursuant to the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

I.   GENERAL OBJECTIONS

The following General Objections shall apply to the responses to specific Interrogatories and/or Document Production Requests, even if not specifically referred to in those responses:

1.   Respondent objects generally to the Discovery Requests to the extent that they seek information, documents or materials which are subject to the privileges and doctrines for attorney/client communications, attorney work-product, material prepared for trial and/or in anticipation of litigation and/or any other applicable privilege, or to the extent the information, documents or materials are otherwise protected, exempt or immune from discovery or disclosure.

2.   Respondent objects generally to any specific Discovery Request as overly broad wherein it requests a response regarding "each," "all," "every," or "any."

3. Respondent objects generally to any specific Discovery Request to the extent that a response is unduly burdensome.

4. Respondent objects generally to any specific Discovery Request to the extent that it is vague and ambiguous and improperly requires Respondent to speculate as to its meaning.

5. Respondent objects generally to any specific Discovery Request to the extent that it seeks information, documents or materials that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6. Respondent objects to the Discovery Requests to the extent that they seek information, documents and materials (a) not in Respondent's possession, (b) in the possession of another party or (c) equally available to or otherwise already in the City's possession.

7. Respondent objects to the instructions contained in the Discovery Requests to the extent that they seek to impose obligations on Respondent which are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

8. Respondent objects to the Discovery Requests to the extent that they purport to seek information relating to an unlimited period of time.

9. By making a specific objection to a particular Discovery Request, Respondent does not imply that the specific objection is not applicable to any other

3

particular Discovery Request or that the General Objections are inapplicable to that particular Discovery Request.

10. While Respondent has responded to the Discovery Requests, it does not waive any of its rights to object to further inquiry or any effort to compel responses beyond those provided herein.

II. LIMITATIONS

The following Limitations shall apply to Respondent's responses to the Discovery Requests, even if not specifically referred to in these responses:

1. Respondent's responses are based on information known to it at this time. Respondent reserves the right, however, to make reference, at trial or any hearing in this matter, to facts and documents not identified in these responses, or to call witnesses not identified in these responses, the existence or relevance of which may be discovered later by Respondent or its counsel.

2. Generally, Respondent's responses are limited to the relevant time period.

3. Respondent's responses reflect the current state of the knowledge, understanding, and belief of Respondent formed after reasonable inquiry. Respondent reserves the right to modify or supplement its responses.

4. Notwithstanding, and without waiving Respondent's General Objections and Limitations, reasonable responses have been provided.

Responses provided are subject to the Objections and Limitations contained herein, which are hereby incorporated by reference into the following Responses to Debtor's Second Requests for Production of Documents to the Detroit Public Safety Unions.

**Document Requests**

1. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

    a. Current and/or projected cash flows for the City of Detroit;

    b. Current and/or projected budgets for the City of Detroit;

    c. The City of Detroit's inability/ability to pay its debts when they become due;

    d. The City of Detroit's inability/ability to provide civic services;

    e. Current and/or projected tax collection rates (wagering, property, and/or income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);

    f. The Detroit Water and Sewer Department ("DWSD");

    g. The Detroit Institute of Arts ("DIA");

    h. The Public Lighting Authority of Detroit ("PLA"); and

    i. Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

<u>RESPONSE</u>: **None.**

2. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This requests includes, but is not limited to, documents that address:

    a. The effects on you and other creditors;

    b. The cost of operating the City of Detroit;

    c. What constitutes an adequate level of City services;

    d. Levels of recovery for unsecured creditors (with or without a "Grand Bargain[1]");

    e. Comparable cities and, if applicable, the basis for concluding those cities are comparable;

    f. Asset sales by the City of Detroit;

---

[1] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

g. Tax collection rates (wagering, property, and/or income) in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

h. Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

RESPONSE: **None.**

3. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

RESPONSE: **Presently, none.**

4. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

RESPONSE: **None.**

5. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' current financial condition.

RESPONSE: **None.**

6. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

RESPONSE: **None.**

7. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

RESPONSE: **None.**

8. All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

RESPONSE: **None.**

9. All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

RESPONSE: **The DPLSA has filed proofs of claims in this matter, designated as Claim No.'s 1844, 1861, 1878, and 1881. None of these claims were purchased or sold.**

10. All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

RESPONSE: **None.**

11. All documents relating to any communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

a. The White House;

b. Any United States executive branch agencies or departments;

c. The United States Congress;

d. The Executive Office of the Governor of the State of Michigan;

e. The State of Michigan Legislature;

f. The City Council of the City of Detroit; and

g. The Office of the Mayor of the City of Detroit.

RESPONSE: **The DPLSA objects to this interrogatory as vague, overbroad, and not calculated to lead to relevant, admissible evidence. The DPLSA further objects to the extent that this interrogatory chills its 1st Amendment rights to advocate on behalf of its members and the citizens of Detroit. Without waiving that objection, the DPLSA is reviewing its files to determine if such documents exist.**


12. All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

RESPONSE: **None other than the application made by Mark Young, President, in connection with the U.S. Trustee's solicitation of members for the Retiree Committee.**

13. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

RESPONSE: **None.**

14. All documents relating to any common interest agreements between you and any other City of Detroit creditors.

RESPONSE: **None.**

15. All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

RESPONSE: **None.**

16. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

RESPONSE: **None.**

17. All documents relating to any notifications to any insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

RESPONSE: **None.**

18. All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

RESPONSE: **The DPLSA is reviewing its files for any such communications, and will supplement this response if such documents are discovered.**

19. All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

RESPONSE: **None.**

20. All documents relied upon by any experts you intend to call to testify regarding the Plan.

RESPONSE: **None.**

21. All documents related to any analysis of "unfair discrimination" in the Plan.

RESPONSE: **None.**

22. All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

RESPONSE: **Any such documents were created and used in the confidential mediation and are, therefore, not discoverable.**

23. All documents related to any calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

RESPONSE: **None.**

24. All documents referred to, reviewed, consulted, or relied on in responding to Debtor's Interrogatories (served herewith) and not otherwise produced in response to these Requests for Production of Documents.

RESPONSE: **None.**

[signatures on next page]

13

/s/ Mark Young
Mark Young, President,
DPLSA

ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

By: /s/ Barbara A. Patek
    Barbara A. Patek (P34666)
    Counsel for the Detroit
    Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI 48034
    Telephone: (248) 827-4100
    Facsimile: (248) 827-4106
    E-mail: bpatek@ermanteicher.com

PETER P. SUDNICK, P.C.
    Peter P. Sudnick (P30768)
    Counsel for the DPLSA
    2555 Crooks Road, Suite 150
    Troy, MI 48084
    Telephone: (248) 643-8533
    Facsimile: (248) 643-0417
    E-mail: psudnick@sudnicklaw.com

Dated: May 9, 2014

# CERTIFICATE OF SERVICE

The undersigned certifies that on May 9, 2014 the foregoing Response of the Detroit Police Lieutenants & Sergeants Association to Debtor's Second Requests for Production of Documents to the Detroit Public Safety Unions was electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to the Debtor and to all attorneys and parties of record registered electronically.

/s/ Barbara A. Patek
BARBARA A. PATEK (P34666)
Erman, Teicher, Miller,
Zucker & Freedman, P.C.
400 Galleria Officentre, Ste. 444
Southfield, MI 48034
Telephone: 248-827-4100
Facsimile: 248-827-4106
Email: bpatek@ermanteicher.com

Dated: May 9, 2014