UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
                                                   :
In re                                              :    Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         :    Case No. 13-53846
                                                   :
                    Debtor.                        :    Hon. Steven W. Rhodes
                                                   :
                                                   :
---------------------------------------------------x

# THE DETROIT FIRE FIGHTERS ASSOCIATION'S (DFFA) RESPONSE TO DEBTOR'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The Detroit Fire Fighters Association (hereinafter "DFFA" and/or "Respondent"), by its attorneys, Erman, Teicher, Zucker & Freedman, P.C., and Legghio & Israel, P.C., provides answers to Debtor's Second Requests for Production of Documents to the Detroit Fire Fighters Association ("DFFA"), the Detroit Police Officers Association ("DPOA"), the Detroit Police Lieutenants & Sergeants Association ("DPLSA"), and the Detroit Police Command Officers Association ("DPCOA") (collectively, "Detroit Public Safety Unions") as follows:

## PRELIMINARY STATEMENT

Respondent answers the Discovery Requests without conceding their relevancy, materiality, or admissibility and without prejudice to its right to object

to further inquiry concerning the subject matter of any response or the use of any information contained therein for any purpose.

Respondent declines to deem the Discovery Requests as being continuing or requiring the filing of supplemental responses thereto, except insofar as any such Interrogatory or Document Production Request is specifically made continuing or requiring supplemental responses pursuant to the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

## I. GENERAL OBJECTIONS

The following General Objections shall apply to the responses to specific Interrogatories and/or Document Production Requests, even if not specifically referred to in those responses:

1. Respondent objects generally to the Discovery Requests to the extent that they seek information, documents or materials which are subject to the privileges and doctrines for attorney/client communications, attorney work-product, material prepared for trial and/or in anticipation of litigation and/or any other applicable privilege, or to the extent the information, documents or materials are otherwise protected, exempt or immune from discovery or disclosure.

2. Respondent objects generally to any specific Discovery Request as overly broad wherein it requests a response regarding "each," "all," "every," or "any."

2

3. Respondent objects generally to any specific Discovery Request to the extent that a response is unduly burdensome.

4. Respondent objects generally to any specific Discovery Request to the extent that it is vague and ambiguous and improperly requires Respondent to speculate as to its meaning.

5. Respondent objects generally to any specific Discovery Request to the extent that it seeks information, documents or materials that are neither relevant to the subject matter of this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

6. Respondent objects to the Discovery Requests to the extent that they seek information, documents and materials (a) not in Respondent's possession, (b) in the possession of another party or (c) equally available to or otherwise already in the City's possession.

7. Respondent objects to the instructions contained in the Discovery Requests to the extent that they seek to impose obligations on Respondent which are inconsistent with or greater than those imposed by the Federal Rules of Civil Procedure as made applicable to this matter by the Rules of Bankruptcy Procedure.

8. Respondent objects to the Discovery Requests to the extent that they purport to seek information relating to an unlimited period of time.

9. By making a specific objection to a particular Discovery Request, Respondent does not imply that the specific objection is not applicable to any other particular Discovery Request or that the General Objections are inapplicable to that particular Discovery Request.

10. While Respondent has responded to the Discovery Requests, it does not waive any of its rights to object to further inquiry or any effort to compel responses beyond those provided herein.

II. LIMITATIONS

The following Limitations shall apply to Respondent's responses to the Discovery Requests, even if not specifically referred to in these responses:

1. Respondent's responses are based on information known to it at this time. Respondent reserves the right, however, to make reference, at trial or any hearing in this matter, to facts and documents not identified in these responses, or to call witnesses not identified in these responses, the existence or relevance of which may be discovered later by Respondent or its counsel.

2. Generally, Respondent's responses are limited to the relevant time period.

3. Respondent's responses reflect the current state of the knowledge, understanding, and belief of Respondent formed after reasonable inquiry. Respondent reserves the right to modify or supplement its responses.

4

4. Notwithstanding, and without waiving Respondent's General Objections and Limitations, reasonable responses have been provided.

Responses provided are subject to the Objections and Limitations contained herein, which are hereby incorporated by reference into the following Responses to Debtor's Second Set of Requests for Production of Documents to the Detroit Public Safety Unions.

**Document Requests**

1. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

   a. Current and/or projected cash flows for the City of Detroit;

   b. Current and/or projected budgets for the City of Detroit;

   c. The City of Detroit's inability/ability to pay its debts when they become due;

   d. The City of Detroit's inability/ability to provide civic services;

   e. Current and/or projected tax collection rates (wagering, property, and/or income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);

   f. The Detroit Water and Sewer Department ("DWSD");

g.  The Detroit Institute of Arts ("DIA");

h.  The Public Lighting Authority of Detroit ("PLA"); and

i.  Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

RESPONSE:

**Objection. This Request is overly broad, burdensome and oppressive. Moreover, it improperly seeks information subject to confidential mediation, invades the attorney-client privilege and seeks work-product.**

**Without waiving these objections, the DFFA has no non-confidential, non-privileged documents related to "research, studies, or analysis" it commissioned or conducted regarding items a through i.**


2.  All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan. This requests includes, but is not limited to, documents that address:

    a.  The effects on you and other creditors;

    b.  The cost of operating the City of Detroit;

    c.  What constitutes an adequate level of City services;

6

d. Levels of recovery for unsecured creditors (with or without a "Grand Bargain[1]");

e. Comparable cities and, if applicable, the basis for concluding those cities are comparable;

f. Asset sales by the City of Detroit;

g. Tax collection rates (wagering, property, and/or income) in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

h. Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

RESPONSE:

**Objection. This Request is overly broad, burdensome and oppressive. Moreover, it invades the attorney-client privilege and work-product doctrine.**

**Without waiving these objections, the DFFA currently has no documents related to "research, studies, or analysis" is commissioned or conducted related to items a through h.**

---

[1] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

7

13-53846-tjt    Doc 4588    Filed 05/09/14    Entered 05/09/14 18:39:43    Page 7 of 18

3. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

RESPONSE:

**Objection. This Request is overly broad, burdensome and oppressive. Moreover, it improperly invades the attorney-client privilege and seeks work-product.**

**Without waiving these objections, except as to documents that are part of the public record in this case and therefore also in the possession of the City, the DFFA has not commissioned or conducted any "research, studies or analysis" that relates to "other creditors' claims and/or recoveries."**

4. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

RESPONSE:

**Objection. This Request is overly broad, burdensome and oppressive. Moreover, it improperly invades the attorney-client privilege and seeks work-product.**

8

**Without waiving these objections, the DFFA has no such "research, studies" documents. As to "analysis"-related documents that speak to the "impact" of the Plan or the DFFA claims, the DFFA cannot possibly assemble and produce such a voluminous collection of documents because the DFFA has reviewed virtually everything written about the City's Plan, including newspaper articles.**

5. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' current financial condition.

RESPONSE:

**The DFFA has no such documents other than its institutional audit documents, which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

6. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

RESPONSE:

**The DFFA has no such documents other than its institutional audit documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

7. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

RESPONSE:

**The DFFA has no such documents other than its institutional audit documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

8. All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

RESPONSE:

**The DFFA is not in possession, custody or control of any such document(s).**

9. All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

RESPONSE:

**The DFFA has filed proofs of claim in this matter, which claims were timely and properly filed. None of these claims were purchased or sold.**

10. All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

RESPONSE:

**Objection. This Request is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

11. All documents relating to any communications between you (or on your behalf) and any government entities (listed below) or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact

11

legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

    a. The White House;

    b. Any United States executive branch agencies or departments;

    c. The United States Congress;

    d. The Executive Office of the Governor of the State of Michigan;

    e. The State of Michigan Legislature;

    f. The City Council of the City of Detroit; and

    g. The Office of the Mayor of the City of Detroit.

RESPONSE:

**Objection. This Request is overly broad, burdensome and oppressive, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

12. All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

RESPONSE:

**All documents, other than attorney-client and work-product documents, "relating to any communication between" the DFFA and "the U.S. Trustee regarding the Plan" are a matter of public record already available to Debtor.**

**There may also be confidential information submitted in connection with the formation of the Retirees' Committee.**

13. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

RESPONSE:

**The DFFA currently has no such documents.**

14. All documents relating to any common interest agreements between you and any other City of Detroit creditors.

RESPONSE:

**The DFFA currently has no such documents.**

15. All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

RESPONSE:

**Objection. This Request is overly broad, burdensome and oppressive. Moreover, it improperly invades the attorney-client privilege and seeks work-product. See also response to Request No. 14 above.**

13

16. All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

RESPONSE:

**The DFFA has no such documents.**

17. All documents relating to any notifications to any insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

RESPONSE:

**Objection. This Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of the claims or defenses in this matter.**

18. All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

RESPONSE:

**Objection. This Request is overbroad, burdensome and oppressive. Moreover, it does not see information which is relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

19. All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

RESPONSE:

**The DFFA currently has no such documents.**


20. All documents relied upon by any experts you intend to call to testify regarding the Plan.

RESPONSE:

**None at this time.**


21. All documents related to any analysis of "unfair discrimination" in the Plan.

RESPONSE:

**None.**


22. All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

RESPONSE:

**Objection. This request is overbroad, burdensome and oppressive. All such documents are subject to mediation confidentiality, attorney-client privilege or work product protection.**

23. All documents related to any calculations of pension claims or individual retiree pensions, including the bases, methodologies, and assumptions underlying those calculations.

RESPONSE:

**See response to Request No. 23, above.**

24. All documents referred to, reviewed, consulted, or relied on in responding to Debtor's Interrogatories (served herewith) and not otherwise produced in response to these Requests for Production of Documents.

RESPONSE:

**There are no such documents.**

[signatures on the following page]

Dated: May 9, 2014

/s/ Jeffrey M. Pegg
Jeffrey M. Pegg, President
on behalf of DFFA Local 334


ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

By: /s/ Barbara A. Patek
    Barbara A. Patek (P34666)
    Counsel for the Detroit
    Public Safety Unions
    400 Galleria Officentre, Suite 444
    Southfield, MI 48034
    Telephone: (248) 827-4100
    Facsimile: (248) 827-4106
    E-mail: bpatek@ermanteicher.com


LEGGHIO & ISRAEL, PC
    Christopher P. Legghio (P27378)
    Counsel for the DFFA
    306 S. Washington, Suite 600
    Royal Oak, MI 48067
    Telephone: 248 398 5900 x 1131
    Facsimile: 248 398 2662
    E-mail: CPL@legghioisrael.com

# CERTIFICATE OF SERVICE

The undersigned certifies that on May 9, 2014 the foregoing Detroit Fire Fighters Association's (DFFA) Response to Debtor's Second Requests for Production of Documents to the Detroit Public Safety Unions was electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to the Debtor and to all attorneys and parties of record registered electronically.

/s/ Barbara A. Patek
BARBARA A. PATEK (P34666)
Erman, Teicher, Miller,
Zucker & Freedman, P.C.
400 Galleria Officentre, Ste. 444
Southfield, MI 48034
Telephone: 248-827-4100
Facsimile: 248-827-4106
Email: bpatek@ermanteicher.com

Dated: May 9, 2014