UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
In re                                                          :
                                                               :   Chapter 9
CITY OF DETROIT, MICHIGAN,                                     :
                                                               :   Case No. 13-53846
                                    Debtor.                    :
                                                               :   Hon. Steven W. Rhodes
                                                               :
                                                               :
---------------------------------------------------------------x

# WAYNE COUNTY'S BRIEF IN OPPOSITION TO OFFICIAL COMMITTEE OF RETIREES' MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG

## ISSUE PRESENTED

Although liberally granted, the discovery process contains limits to protect non-parties from undue burden and expense. Wayne County, Michigan, a non-party, has been asked to prepare within an expedited time frame a costly and detailed privilege log of a significant number of documents. Should this Court deny the Official Committee of Retirees' Motion to Compel the Production of a Privilege Log?

      Official Committee of Retirees answers:    No

      Wayne County answers:    Yes

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 26

Fed. R. Civ. P. 45

*Bozeman v. Chartis Cas. Co.*, 2:10-CV-102-FTM-36, 2010 WL 4386826 (M.D. Fla. Oct. 29, 2010)

*Cytodyne Tech., Inc. v. Biogenic Tech., Inc.,* 216 F.R.D. 533 (M.D.Fla.2003)

*Cusumano v. Microsoft Corp.,* 162 F.3d 708 (1st Cir.1998)

*erinMedia, LLC v. Nielsen Media Research, Inc.,* 2007 WL 1970860 (M.D.Fla. July 3, 2007)

*Farnsworth v. Proctor & Gamble Co.,* 758 F.2d 1545 (11th Cir.1985)

*Fleisher v. Phoenix Life Ins. Co.,* 2013 WL 42374 (S.D.N.Y. 2013)

*Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38 (1st Cir.2003)

*Securities and Exchange Commission v. Thrasher,* No. 92 Civ. 6987, 1996 WL 125661 (S.D.N.Y. March 20, 1996)

*Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111 (D. Conn. 2005)

*U.S. v. Blue Cross Blue Shield of Michigan*, 2012 WL 4838987 *3 (Oct. 11, 2012).

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004)

## FACTS

Wayne County, Michigan ("Wayne County") is a municipal organization representing the most populous county in the state. Wayne County is a non-party to these bankruptcy proceedings. Wayne County, as a municipal organization, lacks the economic resources, personnel and additional staffing available to debtors and creditors in the present preceding.

On May 6, 2014, Wayne County and the other non-party Counties produced extensive documents in response to a subpoena *duces tecum*. In its Motion to Compel, Committee thus incorrectly claims that, even though Wayne County produced 5,200 pages of documents, Wayne County has withheld documents related to business, commercial and political communications between the three county representatives.

The Official Committee of Retirees ("Committee") moved to compel all of the Counties to produce a privilege log dating from February 1, 2013 to the present. Subsequently, Wayne County joins with the other Counties in opposing the Committee's Motion to Compel.

## ARGUMENT

In the midst of an expedited timeframe, compelling Wayne County to prepare a privilege log covering a substantial number of documents and requiring significant cost to prepare would be an undue burden upon a non-party.

1

The Committee seeks to limitlessly pressure a non-party to expend great effort during this discovery process. "While the court interprets liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Among these limitations, upon a showing of good cause, a presiding court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). Particularly, under Rule 45, a court may modify a subpoena or even quash it if the subpoena "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817-18 (5th Cir. 2004). In addressing the burdensome nature of production, the reasonableness

> must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation. To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.

2

*Wiwa*, 392 F.3d at 818. Even the production of a privilege log is recognized as a potential burden. "Courts are not blind to the potential burden of generating a document-by document privilege log, and so have authorized parties to identify purportedly privileged documents by category." *Fleisher v. Phoenix Life Ins. Co.,* 2013 WL 42374, *3 (S.D.N.Y. 2013). *See also Securities and Exchange Commission v. Thrasher,* No. 92 Civ. 6987, 1996 WL 125661, at *1 (S.D.N.Y. March 20, 1996).

The impact to a non-party plays an important role in this assessment as "the court may also consider the expense and inconvenience to the non-party." *Id. See also Travelers* 228 F.R.D. at 113 ("courts also give special weight to the burden on non-parties of producing documents to parties involved in litigation."); *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir.1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41-42 (1st Cir.2003); *see also* Fed. R. Civ. P. 45(c)(2)(B) ("an order to compel production shall protect any person who is not a party from significant expense...."). A special consideration is therefore granted to non-parties.

In assessing this unique burden placed upon non-parties, "courts consider the following factors: relevance, the requesting party's need for the documents, the

breadth of the document request, and the time period covered by the request." *Bozeman v. Chartis Cas. Co.*, 2:10-CV-102-FTM-36, 2010 WL 4386826 (M.D. Fla. Oct. 29, 2010). *See also erinMedia, LLC v. Nielsen Media Research, Inc.*, 2007 WL 1970860 *1–2 (M.D. Fla. July 3, 2007) (citing *Cytodyne Tech., Inc. v. Biogenic Tech., Inc.,* 216 F.R.D. 533, 535 (M.D. Fla.2003); *Farnsworth v. Proctor & Gamble Co.,* 758 F.2d 1545 (11th Cir.1985)).

In this matter, Wayne County timely responded to the discovery requests and produced hundreds of documents totaling thousands of pages. The production of a privilege log will not aid the party's need for documents, many of which were already produced. Although the Committee notes that it voluntarily limited the timeframe of the documents and the scope of the requests somewhat reducing the burden upon Wayne County, the production of a privilege log is still an undue burden to place on a non-party, notably one that is a municipal organization without the staffing to review significant documents on such an expedited timeframe.

In order to respond to the discovery requests, Wayne County employed Stout Risius Ross to establish a database and used Kelly Law Register attorneys to review the documents for responsiveness. Wayne County has already spent at least $20,000 of taxpayer funds responding to Subpoenas. But a privilege log would be the most expensive part of the project, exceeding the already expended cost.

4

Wayne County has a duty to its residents to resist unnecessary expenditures and to seek to prevent unduly burdensome expenses.

In similar matters, the Eastern District of Michigan has permitted cost-shifting in connection with discovery. *U.S. v. Blue Cross Blue Shield of Michigan*, 2012 WL 4838987 *3 (Oct. 11, 2012).

Even if this court determines a log should be produced, it will be at great expense to Wayne County. Such a fishing expedition and the reasonable costs associated with preparing a log should be at the hands of the Committee.

There is a point where the burden of discovery is unfair to a third party. Wayne County has already incurred significant expenses – the Committee asks it to bear far more. The preparation of such a log within the expedited timeframe of this matter would create great expense and subject Wayne County, a non-party, to a great burden. Therefore, unless the Committee is willing to pay Wayne County's reasonable expenses, this Court should deny Committee for Retirees' request to compel production of a privilege log because it would create an undue burden upon a non-party.

## **CONCLUSION**

In joining with the relief requested by the other Counties, Wayne County respectfully requests that this Court Deny Committee's Motion to Compel production of a detailed privilege log, along with any other relief as appropriate.

5

Respectfully submitted,

BUTZEL LONG, a professional corporation


By: /s/   Max J. Newman_____
    Max J. Newman (P51483)
    Jennifer Dukarski (P74257)
    Stoneridge West
    41000 Woodward Ave.
    Bloomfield Hills, MI  48304
    (248) 258-2907
    newman@butzel.com


Dated:  May 9, 2014        *Attorneys for Wayne County, Michigan*