# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |
| _____ | ) |

## RESPONSE TO CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO INTERROGATORIES
_____

Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A., Hypothekenbank Frankfurt AG, and Hypothekenbank Frankfurt International S.A. (collectively "EEPK"); FMS Wertmanagement AöR ("FMS"); Wilmington Trust, National Association, as Successor Contract Administrator ("Wilmington Trust"); and Financial Guaranty Insurance Company ("FGIC," and together with EEPK, FMS, and Wilmington Trust, the "Propounding Parties"), by their undersigned attorneys, hereby respond to the objections and responses of the City of Detroit, Michigan (the "City") to interrogatories (the "Interrogatories") served by the Propounding Parties on April 11, 2014. In compliance with this Court's *Order Regarding Hearing on Outstanding Objections to Written Discovery* entered on May 7, 2014 [Docket No. 4508], the Propounding Parties (a) provide the specific requests on which they seek a ruling, (b) the City's objections and response to those requests, and (c) the Propounding Parties' response as to why the City's responses should be compelled.

## I.     THE CITY'S INCORPORATION OF GENERAL OBJECTIONS

The City incorporates 19 "General Objections" into each of its responses to the Propounding Parties' Interrogatories. Based upon conversations with the City's counsel, and

notwithstanding the incorporation of the General Objections into each of the City's responses to the Interrogatories, it is the Propounding Parties' understanding that the City has not withheld any information in response to an interrogatory on the basis of a General Objection except for (a) expert disclosure, (b) attorney-client privilege, (c) mediation privilege, and/or (d) personal privacy or commercial sensitivity issues.

## II. THE CITY'S OBJECTIONS AND RESPONSES TO CERTAIN INTERROGATORIES VIOLATE FEDERAL RULE 33

### A. INTERROGATORY NO. 3.

Describe in detail how the City's strategy with respect to City-owned land, including with respect to removing blight, will affect the City's creditors, including, without limitation, the holders of the COP Claims.

#### a. The City's Objections and Response to Interrogatory No. 3.

In addition to its General Objections, the City objects that this interrogatory is vague, overbroad, and unduly burdensome. The City notes that it is not feasible to speculate on the impact of any particular activity on all of the City's thousands of creditors and their varying interests. Nevertheless, the City has produced numerous documents related to its blight removal efforts, and refers Objectors to those documents in response. The City also refers the Objectors to the Disclosure Statement, which contains a description of the City's plans to remove and address blighted properties.

#### b. The Propounding Parties' Response as to Why the City's Response Should Be Compelled.

The City's response violates Rule 33(d) of the Federal Rules of Civil Procedure ("Federal Rules"), applicable to this proceeding by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure. Federal Rule 33(d) gives the responding party the option to produce business records "if the burden of deriving or ascertaining the answer [from the business records

produced] will be substantially the same for either party." Federal Rule 33(d) further states that the responding party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Pleadings and other court papers are not business records within the meaning of Federal Rule 33(d). *Medcity Rehabilitation Services, LLC v. State Farm Mut. Automobile Ins. Co.,* Case No. 11-cv-14777, 2013 U.S. Dist. LEXIS 110837, at *6–7 (E.D. Mich. Aug. 7, 2013).

Here, rather than fully respond to Interrogatory No. 3, as required by Federal Rule 33(b)(3), the City refers the Propounding Parties to "numerous documents related to its blight removal efforts" that purportedly have been produced by the City, and to the City's Disclosure Statement. There is no question that the City's Disclosure Statement is a non-business record and, therefore, referring the Propounding Parties to the Disclosure Statement violates Federal Rule 33(d). In addition, the City makes no effort to specifically identify the documents that it has produced that should be examined for this information. The City's failure to specify responsive documents, as required by Federal Rule 33(d), is exacerbated by the City's single production of all documents requested by any party without any indication of which documents are responsive to a request by which party. Because the City's response violates Federal Rule 33(d), the City should be compelled to provide a detailed response to Interrogatory No. 3.

**B.**     <u>**INTERROGATORY NO. 4.**</u>

Identify and describe in detail any pending grant applications or grant applications in process seeking funds in the aggregate amount of $5 million or more.

     **a.**     <u>**The City's Objections and Response to Interrogatory No. 4.**</u>

In addition to its General Objections, the City objects that this interrogatory is overly broad and unduly burdensome in that there is no centralized tracking system for grant information city-wide. Subject to and without waiving its objections, the City refers Objector,

among other documents, to POA00031957-1980 for information responsive to this interrogatory. Further, the City refers Objectors to the KPMG, OMB Circular A-133 Single Audit Report for the year ended June 30, 2012, which is available on the City's website, and contains information about grants.

**b.      The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

The City's response violates Federal Rule 33(d). The City refers the Propounding Parties to, "among other documents, POA00031957-1980 for information responsive to" Interrogatory No. 4. It is impossible for the Propounding Parties to determine what documents the City is referring to as the "other documents," as the City makes no effort to specifically identify such documents. Therefore, the City's response violates Federal Rule 33(d), and the City should be compelled to provide a detailed response to Interrogatory No. 4.

**C.      INTERROGATORY NO. 5.**

Describe how payment commitments of the Foundations, the State of Michigan, and the DIA Corp. will be enforced if the DIA Assets have been irrevocably transferred to the DIA Corp. on the Effective Date, and what the remedies will be for non-payment.

**a.      The City's Objections and Response to Interrogatory No. 5.**

In addition to its General Objections, the City objects that this interrogatory is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The City further objects to the extent that this interrogatory seeks legal analyses and conclusions or seeks information or documents that are privileged or otherwise protected from disclosure. The City further states that any non-objectionable responsive documents or information can be found in the Disclosure Statement, the Plan and the attachments thereto, including in particular the DIA Settlement Documents, as such documents may be amended, supplemented or modified.

b.     **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

The City's response violates Federal Rule 33(a)(2), (b)(3), (b)(4), and (d).

*First,* Federal Rule 33(a)(2) provides that an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Here, asking the City to (a) "[d]escribe how payment commitments of the Foundations . . . will be enforced if the DIA Assets have been irrevocably transferred to the DIA Corp.," and (b) "what remedies will be for non-payment," is permissible under Federal Rule 33(a)(2).

*Second,* the City cannot assert the attorney-client privilege with respect to critical aspects of its efforts to adjust its debts under the Plan: *i.e.,* the DIA Settlement. Moreover, it is settled that "[a] party . . . cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." *Hickman v. Taylor*, 329 U.S. 495, 504 (1947). "Rather, '[a] party is charged with knowledge of what its agent know, or what is in records available to it. . . . A party must disclose facts in its attorneys' possession even though these facts have not been transmitted to the party.'" *Axler v. Scientific Ecology Group, Inc.,* 196 F.R.D. 210, 212 (D. Mass. 2000). (internal quotation omitted).

*Third,* by referring the Propounding Parties to the Disclosure Statement and the Plan (and attachments thereto), which are non-business records of the City, the City's response violates Federal Rule 33(d). Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 5.

## D.     INTERROGATORY NO. 6.

Identify and state the fair market value of each City-owned asset, including, for the avoidance of doubt, each work of Art housed at the DIA, valued at more than $1 million, and explain the basis for the fair market value stated.

### a. The City's Objections and Response to Interrogatory No. 6.

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. Subject to and without waiving its objections, the City responds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence because (a) the City has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; and (b) the City cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Subject to and without waiving its objections, with respect to the value of the DIA Assets, the City refers the Objectors to the Christie's appraisal and notes that not all assets of the DIA are assets of the City. With respect to other assets, the City refers the Objectors to the numerous documents it has produced relevant to the value of various City assets.

### b. The Propounding Parties' Response as to Why the City's Response Should Be Compelled.

The City's relevancy objection lacks merit. In determining whether the Plan is in the "best interests of creditors," it is critical to know the value of the City's assets. In addition, the City makes no effort to specifically identify the documents that it has produced that should be examined for this information. Therefore, the City's response violates Federal Rule 33(d), and the City should be compelled to provide a detailed response to Interrogatory No. 6.

### E. INTERROGATORY NO. 7.

Identify and explain all claims that the City knows, suspects, or believes may exist against parties other than the City that would be released and/or enjoined pursuant to the Plan, including, for the avoidance of doubt, all claims that would be released pursuant to Section 9 III.D.7.b. of the Plan, assuming the State Contribution Agreement is consummated, as well as any person who requested or suggested to the City that such claims be released pursuant to the

Plan.

**a.**     **The City's Objections and Response to Interrogatory No. 7.**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, and unduly burdensome.  In addition, the City objects on the basis that this interrogatory seeks legal analyses and conclusions.  Subject to and without waiving its objections, the City responds that the liabilities to which the release, exculpation and injunction provisions apply are clearly set forth in the Disclosure Statement and the Plan, and the City refers the Objector to those documents, specifically Section III.D.5 (injunction), Section III.D.6 (exculpation) and Section III.D.7 (releases) of the Plan.  As a general matter, claims are to be released or enjoined in exchange for substantial contributions to the City's restructuring, because there is an identity of interest with the City or because the ultimate responsibility for payment of a claim rests with the City.

**b.**     **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

The City's response violates Federal Rule 33(b)(3), and (d).

*First,* by referring the Propounding Parties to the Disclosure Statement and the Plan, which are non-business records of the City, the City's response violates Federal Rule 33(d).

*Second,* the City failed to fully respond to Interrogatory No. 7, as required by Federal Rule 33(b)(3).  Before this Court can approve a non-consensual third-party release, it is critical for this Court to understand the value and extent of claims that are to be released and/or enjoined. If such information is not provided, this Court cannot make an informed decision whether in exchange for a release, the purported consideration provided such non-debtor third parties is sufficient.   Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 7.

## E.     INTERROGATORY NO. 9.

Explain the management and operations of the City after emergence from chapter 9, including (i) any limitations or restrictions with respect thereto, (ii) whether and for how long the City will remain in receivership under the control of an emergency manager pursuant to Public Act 436, (iii) how the governance of the City will change after the completion of Kevyn Orr's 18-month term and (iv) the extent to which the City's mayor, City Council and/or emergency manager, as applicable, will be required to implement the Plan, including the Restructuring and Reinvestment Initiatives attached to the Disclosure Statement as Exhibit I, and, if they will be so required, (a) the authority for such requirement, (b) how such requirement will be enforced, and (c) what, if any, oversight will exist.

### a.     The City's Objections and Response to Interrogatory No. 9.

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad and unduly burdensome.    Subject to and without waiving its objections, the City responds that, the topic of post-chapter 9 governance is discussed briefly in the Disclosure Statement and the Plan, and the City anticipates that those discussions will be supplemented in connection with confirmation of the Plan.  Further, issues related to this topic are still developing both with respect to the continuing involvement of the Bankruptcy Court and the State.  It is expected that this issue could be impacted by future legislation or other agreements. Accordingly, the City is unable to give a detailed response at this time, other than to state that the post-chapter 9 governance provisions of PA 436 will apply, the parameters of post-chapter 9 governance are currently being developed and the Court is expected to play a continuing oversight role with respect to the implementation of the Plan.

### b.     The Propounding Parties' Response as to Why the City's Response Should Be Compelled.

By referring the Propounding Parties to the Disclosure Statement, which is a non-business record of the City, the City violates Federal Rule 33(d).  Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 9.

**F.   INTERROGATORY NO. 10.**

State whether legislation by the State of Michigan will be necessary to ensure that the Plan complies with state law, and identify and describe in detail any such legislation.  For each such legislation, state whether the City believes the legislation will be passed, describe the basis for the belief, state whether the Plan can be confirmed in the event the legislation does not pass, and describe the aspects of the plan that would violate state law in the event the legislation does not pass.

   **a.   The City's Objections and Response to Interrogatory No. 10.**

   In addition to its General Objections, the City objects as this interrogatory is vague, overly broad and unduly burdensome as it calls for speculation about hypothetical future events.

The City further objects that this interrogatory improperly seeks legal analyses and conclusions.

   **b.   The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

   The City's response violates Federal Rule 33(a)(2) and (b)(3).   In answering Interrogatory No. 9, the City states that "[i]t is expected that [post-chapter 9 governance] could be impacted by future legislation or other agreements."  Yet, in responding to Interrogatory No. 10, the City refuses to respond by stating that the question "calls for speculation about hypothetical future events."  The City then objects that Interrogatory No. 10 "seeks legal analyses and conclusions."  Each of the City's objections lacks merit.  Before the City's Plan can be confirmed, this Court must make a determination whether, among other things, additional legislation will be necessary to ensure that the Plan complies with state law, and if any provision violates applicable non-bankruptcy law.  At this point, the City should know whether its Plan, which as been amended four times, complies with applicable non-bankruptcy law, and whether additional legislation is needed to ensure the Plan complies with state law.  Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 10.

## G.     INTERROGATORY NO. 11.

Explain in detail why the City has proposed to provide a higher percentage of recovery to holders of GRS Pension Claims and PFRS Pension Claims than to other holders of Unsecured Claims, including in the answer all facts that support the decision to provide a higher percentage of recovery to holders of GRS Pension Claims and PFRS Pension Claims than to other holders of Unsecured Claims, all business or political justification(s) supporting such decision, and all other reasons supporting such disparity.

### a.     The City's Objections and Response to Interrogatory No. 11.

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome, and premature under the pretrial scheduling order.  In addition, the City objects on the basis that this interrogatory seeks legal analyses and conclusions. Subject to and without waiving its objections, the City will address these legal issues in connection with its briefing in support of confirmation of the Plan.

### b.     The Propounding Parties' Response as to Why the City's Response Should Be Compelled.

Each of the City's objections lacks merit.  As evidenced by the Plan, the City has made the deliberate decision to provide more favorable treatment to holders of pension claims than to other holders of Unsecured Claims, such as Class 9 COP Claims.  The City must offer an explanation as to why it made this decision, including all business and/or political justification(s), if any, supporting the City's decision.  The Propounding Parties should not be required to wait until the City files a brief in support of the confirmation of the Plan before disclosing the basis for providing "disparate" treatment between the holders of pension claims and other holders of Unsecured Claims.  Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 11.

## H.     INTERROGATORY NO. 12.

Explain in detail how the City estimated the aggregate allowed amount of, and the recoveries on, GRS Pension Claims and PFRS Pension Claims, and the basis for the City's estimation.

a. **The City's Objections and Response to Interrogatory No. 12.**

In addition to its General Objections, the City objects as this interrogatory is vague and ambiguous. Subject to and without waiving these objections, the City refers to the Disclosure Statement, Section II.A.2.

b. **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

There is nothing vague and ambiguous with Interrogatory No. 12. Rather, Interrogatory No. 12 merely requests that the City offer an explanation as to how it estimated the aggregate allowed amount of, and the recoveries on, the pension claims. In addition, by referring to the Disclosure Statement, which is a non-business record of the City, the City violates Federal Rule 33(d). Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 12. In answering Interrogatory No. 12, the City should, among other things, indicate whether the Unfunded Actuarial Accrued Liability ("UAAL") was developed using the Entry Age Normal ("EAN") actuarial method, and whether the EAN was based on projected benefits, and not solely on the benefit accrued as of the valuation date.

I. **INTERROGATORY NO. 13.**

Explain in detail how the City estimated the aggregate allowed amount of, and the recoveries on, OPEB Claims, and the basis for the City's estimation.

a. **The City's Objections and Response to Interrogatory No. 13.**

In addition to its General Objections, the City objects as this interrogatory is overbroad and unduly burdensome. Subject to and without waiving these objections, the City refers to the Disclosure Statement, Section VIII.L.3.d.

b. **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

There is nothing vague and ambiguous with Interrogatory No. 13. Rather, Interrogatory

No. 13 merely requests that the City offer an explanation as to how it estimated the aggregate allowed amount of, and the recoveries on, OPEB Claims. In addition, by referring to the Disclosure Statement, which is a non-business record of the City, the City violates Federal Rule 33(d). Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 13.

## J.    INTERROGATORY NO. 14.

Explain in detail why the City is proposing to provide the proceeds from the DIA Settlement and the State Contribution Agreement only to holders of PFRS Pension Claims and GRS Pension Claims, and not to any other holders of Unsecured Claims, such as the holders of the COP Claims.

### a.    The City's Objections and Response to Interrogatory No. 14.

In addition to its General Objections, the City objects as this interrogatory is vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The City further objects to the extent that this interrogatory seeks legal analyses and conclusions or seeks information or documents that are privileged or otherwise protected from disclosure. The City further states that any non-objectionable responsive documents or information can be found in the Disclosure Statement, the Plan and the attachments thereto, including in particular the DIA Settlement Documents, as such documents may be amended, supplemented or modified. Subject to and without waiving those objections, the City further responds that the entities who agreed to fund the DIA Settlement required that their funds be used to reduce pension claims.

b. **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

Each of the City's objections lacks merit.

*First,* there is nothing "vague, ambiguous, overbroad, [and] unduly burdensome" with Interrogatory No. 14. Rather, Interrogatory No. 14 merely requests that the City provide an explanation as to why it is proposing to provide the proceeds from the DIA Settlement and the State Contribution Agreement only to holders of pension claims.

*Second,* given the "disparate" treatment between the holders of pensions claims and holders of other Unsecured Claims, such as COP Claims, the information sought in Interrogatory No. 14 is highly relevant. Thus, the City's relevancy objection lacks merit.

*Third,* the City cannot assert the attorney-client privilege in refusing to explain one of the critical aspects of its Plan.

*Fourth,* by referring to the Disclosure Statement and the Plan (and attachment thereto), which are non-business records of the City, the City's response violates Federal Rule 33(d). Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 14.

**K.** **INTERROGATORY NO. 19.**

Identify and describe in detail the City's efforts to enter into a transaction or series of transactions to monetize the City-owned land referenced in section VII.A.5(b) of the Disclosure Statement.

a. **The City's Objections and Response to Interrogatory No. 19.**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the City refers the Objectors to the following website of the Planning and Development Department, which contains information about City of Detroit property sales:

http://www.detroitmi.gov/Departments/PlanningDevelopmentDepartment/RealEsta

te/tabid/140/Default.aspx.    Additionally, the City has produced documents relevant to its

efforts to sell City-owned land, and refers the Objectors to those documents in response to this

interrogatory.

> **b.**     **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

The City makes no effort to specifically identify the documents that it has produced that

should be examined for this information.  Therefore, the City's response violates Federal Rule

33(d), and the City should be compelled to provide a detailed response to Interrogatory No. 19.

**L.**     **INTERROGATORY NO. 20.**

Explain the City's understanding of the current fair market value of the entire DIA Collection

and the basis for such understanding.

> **a.**     **The City's Objections and Response to Interrogatory No. 20.**

In addition to its General Objections, the City objects as this interrogatory is vague,

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence.  The City further objects that the DIA is being operated by the DIA Corp.

pursuant to a 1997 Operating Agreement, which gives the DIA Corp. control over and

responsibility for the DIA and its operations. Subject to and without waiving these objections,

the City states that the art in the DIA Collection is not valued in this manner and it would be

unduly burdensome and misleading to attempt to identify a "current fair market value" for all of

the DIA's art.  The answer to this interrogatory may be determined in part by examining the

documents the DIA Corp. has agreed to produce and/or make available for inspection and

copying, including the list of deaccessioned works. The City will provide copies of these

documents or seek access to them subject to the same terms and conditions imposed by the DIA

Corp. on its production. In addition, with respect to the value of the DIA Collection, the City refers the Objectors to the Christie's appraisal.

      **b.**    **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

Each of the City's objections lacks merit.

*First,* there is nothing "vague, overly broad, [and] unduly burdensome" with Interrogatory No. 20. Rather, Interrogatory No. 20 merely requests that the City provide its *understanding* of the current market value of the entire DIA Collection.

*Second,* before this Court can determine if the Plan is in the "best interests of creditors," the Court must have an understanding of the value of the entire DIA Collection. Therefore, the information sought in Interrogatory No. 20 is clearly relevant. Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 20.

**M.**    **INTERROGATORY NO. 21.**

Explain the City's understanding of the current fair market value of the DWSD and the basis for such understanding.

      **a.**    **The City's Objections and Response to Interrogatory No. 21.**

In addition to its General Objections, the City objects to this interrogatory as vague. Subject to and without waiving its objection, the City responds that it believes the DWSD has a significant realizable value in excess of $10 million. The City currently is exploring various options with respect to DWSD, as more fully described in the Disclosure Statement. The market will dictate the fair market value of this asset, which is dependent on numerous factors.

      **b.**    **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

By referring to the Disclosure Statement, which is a non-business record of the City, the City's response violates Federal Rule 33(d). In addition, the City failed to fully respond to

Interrogatory No. 21, as required by Federal Rule 33(b)(3). For instance, the City states that "[t]he market will dictate the fair market value of this asset, which is dependent on numerous factors." The City should *first* identify the "numerous factors," and then explain how each factor will affect the market value of the DWSD.

## N.   INTERROGATORY NO. 22.

Explain the City's understanding of the current fair market value of the City-owned land referenced in section VII.A.5(b) of the Disclosure Statement and the basis for such understanding.

### a.   The City's Objections and Response to Interrogatory No. 22.

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the City has produced documents reflecting the appraised value of various City-owned land, and refers Objectors to those documents.

### b.   The Propounding Parties' Response as to Why the City's Response Should Be Compelled.

Each of the City's objections lacks merit.

*First,* there is nothing "vague, overly broad, [and] unduly burdensome" with Interrogatory No. 22. Rather, Interrogatory No. 22 merely requests that the City provide its *understanding* of the current market value of the City-owned land referenced in section VII.A.5(b) of the Disclosure Statement.

*Second,* valuation of the City's assets is critical in determining, among other things, if the Plan satisfies the "best interests of creditors" test.

*Third,* the City makes no effort to specifically identify the appraisals that it has produced that should be examined for this information. Therefore, the City's response violates Federal

Rule 33(d), and the City should be compelled to provide a detailed response to Interrogatory No. 22.

## O. __INTERROGATORY NO. 23__.

Identify and explain the strengths and weaknesses of any alternative transactions the City has considered with respect to the DIA Collection, and indicate whether the City will pursue any such alternative transaction in the event the DIA Settlement does not become effective and, if not, explain how the City will address the DIA Collection if the DIA Settlement does not become effective.

### a. __The City's Objections and Response to Interrogatory No. 23__.

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City objects that this interrogatory is unduly burdensome as it calls for speculation about hypothetical future events. The City further objects to the extent that this interrogatory seeks legal analyses and conclusions.  Subject to and without waiving its objections, the City states that the Plan contemplates the completion of the DIA Settlement if Classes 10 and 11 accept the Plan.  In addition, the Plan and the Disclosure Statement describe the treatment of Classes 10 and 11 in the event that either Class does not accept the Plan and, as a result, the DIA Settlement is not consummated.  The Plan and the Disclosure Statement do not contemplate any alternative transactions with respect to the DIA Collection if the DIA Settlement is not consummated, and the City has not decided on any alternative course of action should that happen.

### b. __The Propounding Parties' Response as to Why the City's Response Should Be Compelled__.

Each of the City's objections lacks merit.

*First,* there is nothing "vague, overly broad, [and] unduly burdensome" with Interrogatory No. 23.  Rather, Interrogatory No. 23 merely requests the City to, among other

things, identify the strengths and weaknesses of any alternative transactions the City has considered with respect to the DIA Collection.

*Second,* exploring alternative transactions with respect to the DIA Collection is critical in determining whether the City's Plan satisfies the "best interests of creditors" test.

*Third,* by referring to the Plan and Disclosure Statement, non-business records of the City, the City's response violates Federal Rule 33(d).

*Fourth,* the City failed to provide a detailed response as required by Federal Rule 33(b)(3). Specifically, the City avoids the substance of the question by stating that the "Plan and Disclosure Statement do not contemplate any alternative transactions with respect to the DIA Collection if the DIA Settlement is not consummated, and the City has not decided on any alternative course of action should that happen." Although the Plan and Disclosure Statement do not contemplate alternative transactions, the City should answer the question by indicating whether it has ever contemplated any alternative transactions. Because the City's response violates Federal Rule 33, the City should be compelled to provide a detailed response to Interrogatory No. 23.

## P.    **INTERROGATORY NO. 25.**

State the estimated percentage recoveries for each class of Unsecured Claims, assuming, all else being equal, (a) the DIA Settlement does not occur, (b) full amount of the State Contribution is not received, (c) no amounts are received on an accelerated basis for DWSD for its portion of the GRS UAAL, (d) the GRS and PFRS are required to disgorge the proceeds received in connection with the 2005 and 2006 COPs Transactions, (e) the City does not obtain an Exit Facility, (f) the conditions identified in clauses (a)-(e) *all* occur, and (f) the City's chapter 9 case is dismissed and creditors are left to pursue their state law remedies, and explain the factual basis for your estimation for each of the contingencies identified in clauses (a)-(f).

### a.    **The City's Objections and Response to Interrogatory No. 25.**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome in requiring numerous analyses of hypothetical scenarios and not

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, the City responds that the Disclosure Statement contains an extensive discussions of (a) the projected Plan recoveries; and (b) the "best interest of creditors" test in the context of chapter 9, and how the Plan meets that test.

       **b.**      **The Propounding Parties' Response as to Why the City's Response Should Be Compelled.**

Each of the City's objections lacks merit.  There is absolutely nothing vague, overbroad, unduly burdensome with respect to Interrogatory No. 25.  In addition, by referring to the Disclosure Statement, a non-business record of the City, the City's response violates Federal Rule 33(d).  Therefore, the City should be compelled to provide a detailed response to Interrogatory No. 25.

Dated:  May 11, 2014.                              Respectfully submitted,


/s/ Mark R. James                                 /s/ Matthew G. Summers
Ernest J. Essad Jr.                               Matthew G. Summers, Esquire
Mark R. James                                     BALLARD SPAHR LLP
WILLIAMS, WILLIAMS, RATTNER                        919 North Market Street, 11th Floor
 & PLUNKETT, P.C.                                  Wilmington, Delaware 19801
280 North Old Woodward Avenue, Suite 300           Tel:  (302) 252-4428
Birmingham, Michigan 48009                         Fax:  (302) 252-4466
Tel:  (248) 642-0333                               E-mail: summersm@ballardspahr.com
Fax:  (248) 642-0856
Email:  EJEssad@wwrplaw.com                        Vincent J. Marriott, III, Esquire
Email:  mrjames@wwrplaw.com                        BALLARD SPAHR LLP
                                                   1735 Market Street, 51st Floor
and                                                Philadelphia, Pennsylvania 19103
                                                   Tel:  (215) 864-8236
Alfredo R. Pérez                                   Fax: (215) 864-9762
WEIL, GOTSHAL & MANGES LLP                          E-mail: marriott@ballardspahr.com
700 Louisiana Street, Suite 1600
Houston, Texas  77002                              -and-
Tel:  (713) 546-5000
Fax:  (713) 224-9511                               Howard S. Sher, Esquire (P38337)
Email:  alfredo.perez@weil.com                     JACOB & WEINGARTEN, P.C.
                                                   Somerset Place
*Attorneys for Financial Guaranty*                 2301 W. Big Beaver Road, Suite 777
*Insurance Company*                                Troy, Michigan 48084
                                                   Tel:  (248) 649-1200
                                                   Fax:  (248) 649-2920
                                                   E-mail:  howard@jacobweingarten.com

                                                   *Counsel for Hypothekenbank Frankfurt AG,*
                                                   *Hypothekenbank Frankfurt International S.A.,*
                                                   *and Erste Europäische Pfandbrief- und*
                                                   *Kommunalkreditbank Aktiengesellschaft in*
                                                   *Luxemburg S.A.*

/s/ Rick L. Frimmer
Rick L. Frimmer
Frederick J. Sperling
Paul E. Greenwalt
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
Tel:  (312) 258-5500
E-mail:  rfrimmer@schiffhardin.com
            fsperling@schiffhardin.com
            pgreenwalt@schiffhardin.com

*Counsel for FMS Wertmanagement AöR*

/s/ Heath D. Rosenblat
Heath D. Rosenblat, Esquire
Kristin K. Going, Esquire
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, NY 10036-2714
Tel: (212) 248-3140
Fax:   (212) 248-3141
E-mail:  Heath.Rosenblat@dbr.com
             Kristin.Going@dbr.com

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

## CERTIFICATE OF SERVICE

I, Matthew G. Summers, state that on May 11, 2014, I filed a copy of the foregoing Response using the Court's ECF system and I hereby certify that the Court's ECF system has served all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Matthew G. Summers*
Matthew G. Summers
E-mail: summersm@ballardspahr.com