# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## RESPONSE TO CITY OF DETROIT'S OBJECTION AND RESPONSES TO INTERROGATORIES

Dexia Crédit Local and Dexia Holdings, Inc. (collectively "Dexia"), by their undersigned attorneys, moves for entry of an order compelling the City of Detroit, Michigan (the "City") to respond to certain interrogatories (the "Interrogatories") served by Dexia on April 11, 2014. In compliance with this Court's *Order Regarding Hearing on Outstanding Objections to Written Objections* entered on May 7, 2014 [Docket No. 4508], Dexia (a) provides the specific requests on which it seeks a ruling, (b) the City's objections and response to those requests, and (c) Dexia's response as to why the City's responses should be compelled.

### I. THE CITY'S INCORPORATION OF GENERAL OBJECTIONS

The City incorporates 19 "General Objections" into each of its responses to Dexia Interrogatories. Based upon conversations with the City's counsel, and notwithstanding the incorporation of the General Objections into each of the City's responses to the Interrogatories, it is the Propounding Parties' understanding that the City in fact has not withheld any information in response to an interrogatory on the basis of a General Objection except for (a) expert disclosure, (b) attorney-client privilege, (c) mediation privilege, and/or (d) personal privacy or commercial sensitivity issues.

## II. THE CITY'S OBJECTIONS AND RESPONSES TO CERTAIN INTERROGATORIES VIOLATE FEDERAL RULE 33

### A. INTERROGATORY NO. 3.

Describe the assumptions and methods underlying Your calculation of the UAAL for GRS and PFRS (particularly the assumed rates of return on fund assets of 6.5% for PFRS and 6.25% for GRS), including in Your answer any methods, assumptions, or bases used in making the calculation.

#### a. The City's Objections and Response to Interrogatory No. 3.

In addition to its General Objections, the City objects as this interrogatory is overly broad, unduly burdensome, seeks to invade the attorney-client privilege and mediation privilege. Further, the City objects as this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

#### b. Dexia's Response as to Why the City's Response Should Be Compelled.

Each of the City's objections lacks merit.

*First*, there is nothing "overly broad" and "unduly burdensome" with Interrogatory No. 6. Rather, Interrogatory No. 6 merely requests the factual assumptions and methods the City utilized in calculating the UAAL of GRS and PFRS. The factual information sought by this interrogatory has a direct bearing on the City's calculation of Allowed Pension Claims and the percentage recoveries for pension claim holders. In answering Interrogatory No. 12, the City should, among other things, indicate whether the Unfunded Actuarial Accrued Liability ("UAAL") was developed using the Entry Age Normal ("EAN") actuarial method, and whether the EAN was based on projected benefits, and not solely on the benefit accrued as of the valuation date.

*Second*, given the disparate treatment between the holders of pensions claims and holders of other Unsecured Claims, such as COP Claims, the information sought in Interrogatory No. 3 -

the factual basis for the calculation of Allowed Pension Claims - is highly relevant. Thus, the City's relevancy objection lacks merit.

*Third*, the City cannot assert the attorney-client privilege in refusing to explain one of the critical aspects of its Plan.

**B.** **INTERROGATORY NO. 6.**

Explain what portion of Your UAAL calculation is attributable to each of: UAAL associated with accrued benefits as of the date of estimation, UAAL associated with Future Benefits, and of the Future Benefits, how much UAAL corresponds to future pay increases and how much corresponds to future service.

  **a.** **The City's Objections and Response to Interrogatory No. 6.**

In addition to its General Objections, the City objects as this interrogatory is vague, ambiguous. The City states that the "UAALs refer only to past service" and refers Dexia to Disclosure Statement Section II.A.2.

  **b.** **Dexia's Response as to Why the City's Response Should Be Compelled.**

Each of the City's objections lacks merit.

*First,* there is nothing "vague, ambiguous" with Interrogatory No. 6. Rather, Interrogatory No. 6 merely requests a breakdown of the City's UAAL calculation into three different components, specifically, amounts attributable to (i) accrued benefits, (ii) future employment and (iii) future salary increases. The City's response that "UAALs refer only to past service" is ambiguous and does not provide sufficient detail with respect to the various components of the City's UAAL calculation.

*Second,* the City's response violates Rule 33(d) of the Federal Rules of Civil Procedure ("Federal Rules"), applicable to this proceeding by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure. Federal Rule 33(d) gives the responding party the option to produce business records "if the burden of deriving or ascertaining the answer [from the business records

produced] will be substantially the same for either party." Federal Rule 33(d) further states that the responding party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Pleadings and other court papers are not business records within the meaning of Federal Rule 33(d). *Medcity Rehabilitation Services, LLC v. State Farm Mut. Automobile Ins. Co.*, Case No. 11-cv-14777, 2013 U.S. Dist. LEXIS 110837, at *6–7 (E.D. Mich. Aug. 7, 2013).

Rather than fully respond to Interrogatory No. 6, as required by Federal Rule 33(b)(3), the City refers the Propounding Parties to the City's Disclosure Statement. There is no question that the City's Disclosure Statement is a non-business record and, therefore, referring the Propounding Parties to the Disclosure Statement violates Federal Rule 33(d). In addition, the City makes no effort to specifically identify the documents that it has produced that should be examined for this information. The City's failure to specify responsive documents, as required by Federal Rule 33(d), is exacerbated by the City's single production of all documents requested by any party without any indication of which documents are responsive to a request by which party. Because the City's response violates Federal Rule 33(d), the City should be compelled to provide a detailed response to Interrogatory No. 6.

Dated: May 11, 2014.                         Respectfully submitted,

/S/Deborah L. Fish
**ALLARD & FISH, P.C.**
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
Facsimile: (313) 961-6142
dfish@allardfishpc.com
P38560

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for Dexia Crédit Local and Dexia Holdings, Inc.*

z:\13\079\plds\response to obj & rogs.docx

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## CERTIFICATION OF SERVICE

I, Regina Drouillard, hereby certify that on May 11, 2014, I electronically filed the following:

- Response to City of Detroit's Objectios and Responses to Interrogatories

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF system has served all registered users.

ALLARD & FISH, P.C.

/S/Regina Drouillard
535 Griswold
2600 Buhl Building
Detroit MI 48226
(313) 961-6141

Dated: May 11, 2014
z:\13\079\plds\response to obj & rogs.docx