# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## DEUTSCHE BANK'S RESPONSE TO CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO (1) INTERROGATORIES AND (2) REQUESTS FOR PRODUCTION OF DOCUMENTS

Deutsche Bank AG, London ("Deutsche Bank"), by their undersigned attorneys, hereby responds to the objections and responses of the City of Detroit, Michigan (the "City") to certain interrogatories (the "Interrogatories") and requests for production of documents served by Deutsche Bank on April 11, 2014. In compliance with this Court's *Order Regarding Hearing on Outstanding Objections to Written Objections* entered on May 7, 2014 [Docket No. 4508], Deutsche Bank (a) provides the specific requests on which it seeks a ruling, (b) the City's objections and response to those requests, and (c) Deutsche Bank's response as to why the City's responses should be compelled.

### INTERROGATORIES

### I. THE CITY'S INCORPORATION OF GENERAL OBJECTIONS

The City incorporates 19 "General Objections" into each of its responses to Deutsche Bank's Interrogatories. Based upon the conversations with the City's counsel, and notwithstanding the incorporation of the General Objections into each of the City's responses to the Interrogatories, it is Deutsche Bank's understanding that the City has not withheld any information in response to an interrogatory on the basis of a General Objection except for (a)

expert disclosure, (b) attorney-client privilege, (c) mediation privilege, and/or (d) personal privacy or commercial sensitivity issues.

## II. THE CITY'S OBJECTIONS AND RESPONSES TO CERTAIN INTERROGATORIES VIOLATE FEDERAL RULE 33

### A. INTERROGATORY NO. 1.

Identify, describe and state the fair market value of each City-owned asset valued at more than $1 million, and explain the basis for the fair market value stated (the "Identified Assets").

#### a. The City's Objections and Response to Interrogatory No. 1.

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. The City further notes that the City cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Subject to and without waiving its objections, the City refers the Objector to the numerous documents it has produced relevant to the value of various City assets.

#### b. Deutsche Bank's Response as to Why the City's Response Should Be Compelled.

The City's relevancy objection lacks merit. In determining whether the Plan is in the "best interests of creditors," it is critical to know the value of the City's assets. In addition, the City makes no effort to specifically identify the documents that it has produced that should be examined for this information. Therefore, the City's response violates Rule 33(d) of the Federal Rules of Civil Procedure ("Federal Rules"), applicable to this proceeding by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, and the City should be compelled to provide a detailed response to Interrogatory No. 1. Specifically, the City must indicate which documents

in its production are responsive and provide the index number for such documents.

**B.    INTERROGATORY NO. 5.**

Identify and describe in detail the City's efforts, to date, to market each of the Recovery Assets. (Note: Recovery Assets was defined in any earlier interrogatory as Identified Assets that will be used to satisfy creditors, under the Plan).

    **a.    The City's Objections and Response to Interrogatory No. 5.**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City objects that the term "Recovery Assets" is vague. Subject to and without waiving its objections, the City responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City acknowledges that it has marketed certain assets for sale and reserves the right to sell or otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect to the DWSD assets. The City further responds that, as set forth in the Plan, the City has entered into the DIA Settlement whereby the DIA Assets will be irrevocably transferred and held in perpetual charitable trust for the benefit of the residents of the City. Moreover, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. The City further notes that it cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Finally, the City directs the Objector to the Disclosure Statement, which contains relevant, publicly-available information about current plans with respect to certain of the City's assets, as well as past efforts to market certain assets.

    **b.    Deutsche Bank's Response as to Why the City's Response Should Be Compelled.**

The term "Recovery Asset" is not vague as the City in a previous response to an

interrogatory stated its understanding of "Recovery Assets" as "assets to be distributed to satisfy creditors' claims."[1] Moreover, the City in its response states that it "has marketed certain assets for sale" but, for some reason, is unable to respond to Interrogatory No. 5.

Moreover, the City's relevancy objection lacks merit. In determining whether the Plan is in the "best interests of creditors," it is critical to know whether the City marketed any of these assets and to understand whether they took the appropriate steps to maximize the value of such assets. With respect to the City's objection to Interrogatory No. 5 as unduly burdensome, the City is fully aware of what assets it will be distributing to satisfy creditors' claims and, accordingly, must be fully aware of the methods and efforts it took to market such assets. Additionally, the City's response violates Federal Rule 33(d) as the City's Disclosure Statement is not a business record.

C.  **INTERROGATORY NO. 7.**

Identify and describe in detail and provide the City's analysis of alternative methods of disposition of each of the Recovery Assets.

    a.  **The City's Objections and Response to Interrogatory No. 7.**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In particular, the City objects that the term "Recovery Assets" is vague. Subject to and without waiving its objections, the City responds that it has not identified any asset that will be disposed of for the purpose of satisfying creditors' claims; nevertheless, the City acknowledges that it has marketed certain assets for sale and reserves the right to sell or

---

[1] The City's response to Interrogatory No. 2 (not the subject of an objection): "In addition to its General Objections, the City objects as this interrogatory is vague, overbroad and unduly burdensome. Subject to and without waiving its objections, the City responds that the Plan specifically identifies the assets to be distributed to satisfy creditors' claims, and the Disclosure Statement contains financial projections identifying the City's ability to generate revenues to implement its restructuring initiatives, fulfill its obligations to its residents and satisfy creditor claims consistent with the Plan."

4

13-53846-tjt    Doc 4603    Filed 05/11/14    Entered 05/11/14 22:26:54    Page 4 of 9

otherwise monetize any asset in the future consistent with applicable law, including by engaging in a transaction with respect to the DWSD assets. The City further responds that, as set forth in the Plan, the City has entered into the DIA Settlement whereby the DIA Assets will be irrevocably transferred and held in perpetual charitable trust for the benefit of the residents of the City. Moreover, the large number and disparate types of assets owned by the City make responding to this interrogatory in detail unduly burdensome. The City further notes that it cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Finally, the City directs the Objector to the Disclosure Statement, which contains relevant, publicly-available information about current plans with respect to certain of the City's assets, as well as past efforts to market certain assets.

      **b.**    **Deutsche Bank's Response as to Why the City's Response Should Be Compelled.**

As stated above, the term "Recovery Asset" is not vague as the City in a previous response to an interrogatory stated its understanding of "Recovery Assets" as "assets to be distributed to satisfy creditors' claims." Moreover, the City's relevancy objection lacks merit. In determining whether the Plan is in the "best interests of creditors," it is critical to know whether the City analyzed any alternative methods of disposition of these assets in order to assess whether they took the appropriate steps to maximize the value of such assets. With respect to the City's objection to Interrogatory No. 7 as unduly burdensome, the City is fully aware of what assets it will be distributing to satisfy creditors' claims and, accordingly, must be fully aware if it analyzed other methods of disposition and its analysis of such methods. Additionally, the City's response violates Federal Rule 33(d) as the City's Disclosure Statement is not a business record.

**D.**    **INTERROGATORY NO. 11.**

Identify and describe in detail the City's efforts to market each of the Excluded Assets. (Note: Excluded Assets was defined in an earlier Interrogatory as Identified Assets that will not be used to satisfy creditors, under the Plan).

       a.    **The City's Objections and Response to Interrogatory No. 11.**

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the City responds that the Plan specifically identifies the assets to be distributed to satisfy creditors' claims. The City responds that it has not made a determination with respect to specific assets that will not be "used" to satisfy creditor's claims, and further notes that the City cannot liquidate and dispose of all assets to generate proceeds for the payment of creditor claims, nor can it be required to do so. Finally, the City directs the Objector to the Disclosure Statement, which contains (a) relevant, publicly-available information about current plans with respect to certain of the City's assets; and (b) financial projections identifying the City's ability to generate revenues to implement its restructuring initiatives, fulfill its obligations to its residents and satisfy creditor claims consistent with the Plan.

       b.    **Deutsche Bank's Response as to Why the City's Response Should Be Compelled.**

The City's relevancy objection lacks merit. In determining whether the Plan is in the "best interests of creditors," it is critical to know whether the City marketed its assets in order to assess whether they took the appropriate steps to maximize the value of such assets. With respect to the City's objection to Interrogatory No. 11 as unduly burdensome, the City is fully aware of what assets it will be distributing to satisfy creditors' claims and, accordingly, must be fully aware of which assets it is not distributing and whether it marketed such assets. Additionally, the City's response violates Federal Rule 33(d) as the City's Disclosure Statement

is not a business record.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### I. THE CITY'S INCORPORATION OF GENERAL OBJECTIONS

The City incorporates 21 "General Objections" into each of its responses to Deutsche Bank's Document Requests. Based upon the conversations with the City's counsel, and notwithstanding the incorporation of the General Objections into each of the City's responses to the Document Requests, it is Deutsche Bank's understanding that the City has not withheld any documents on the basis of a General Objection except for (a) expert disclosure, (b) attorney-client privilege, (c) mediation privilege, and/or (d) personal privacy or commercial sensitivity issues.

### II. INDEXING AND IDENTIFICATION OF DOCUMENTS

On May 7, 2014, the City produced over 250,000 pages of documents. However, the City did not provide an index describing the documents, a list of categories of documents, or make any other effort to organize the documents. The City should be required (a) to provide an index of the documents produced, and (b) to identify which documents (by bates numbers) are responsive to which of the individual Document Requests of the individual party making such requests. Until such index and identification is provided by the City, and Deutsche Bank is afforded a reasonable opportunity to review the documents with that information, it is impossible to determine whether the City's production is responsive to the Document Requests.

### III. RESERVATION OF RIGHTS

Pending receipt of the foregoing, Deutsche Bank reserves the right to file a supplemental response identifying specific shortcomings, if any, in the City's response to the Document Requests.

Dated: May 11, 2014.   Respectfully submitted,


By:   */s/ John J. Ramirez*
      John J. Ramirez
      E-mail: john.ramirez@kattenlaw.com
      KATTEN MUCHIN ROSENMAN LLP
      575 Madison Avenue
      New York, NY 10022-2585
      (212) 940-8800

      -and-

      Kenneth E. Noble
      E-mail: kenneth.noble@kattenlaw.com
      KATTEN MUCHIN ROSENMAN LLP
      575 Madison Avenue
      New York, NY 10022-2585
      (212) 940-8800


      *Attorneys for Deutsche Bank AG, London*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

The undersigned certified that on May 11, 2014, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which provides electronic notification of such filing to all counsel of record.

Dated: May 11, 2014

                                                */s/ John J. Ramirez*
                                                John J. Ramirez
                                                E-mail: john.ramirez@kattenlaw.com
                                                KATTEN MUCHIN ROSENMAN LLP
                                                575 Madison Avenue
                                                New York, NY 10022-2585
                                                Tel: 212-940-8800