UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re ) Case No. 13-53846
)
CITY OF DETROIT, MICHIGAN, ) In Proceedings Under
) Chapter 9
Debtor. )
_____ ) Hon. Steven W. Rhodes

**STATEMENT OF UNRESOLVED DISCOVERY ISSUES
OF AMBAC ASSURANCE CORPORATION[1]**

**I. Debtor's Document Production Is Incomplete and Does Not Comply with Federal Rules of Civil Procedure; Responses and Objections Obfuscate the Extent of Document Search and Production**

Debtor should be compelled to conduct a reasonable search, group responsive documents and identify the specific requests to which they are responsive, and state clearly the extent to which it searched for, and will produce, responsive non-privileged documents.

**A. Debtor's production is incomplete.**

- Debtor's counsel stated that Debtor has done "the best job [it] can" and acknowledged that responsive documents may have been omitted from the production. *Debtor indicated that such documents would be produced upon specific request.* This puts creditors in an untenable position of having to identify responsive documents in the City's possession and request their production piecemeal without any indication from the Debtor as to whether any documents responsive to any specific request were produced or even searched for.

---

[1] Submitted pursuant to Order Regarding Hearing on Outstanding Objections to Written Discovery, dated May 7, 2014.

- The quality of the City's search and responsiveness review is inherently suspect. Debtor included in the production its own and others' privileged communications, and has failed to recall the bulk of them despite being put on notice. If Debtor has been (twice) unable to properly conduct a mechanical privilege review, its ability to conduct a more substantive responsiveness review should be questioned.

An example illustrates the problem:[2]

- The City changed the OPEB Claims amount *four* times ($5.7B in the June 2013 Proposal for Creditors, $3.2B in the original and Amended Disclosure Statement, $3.33B in the Second Amended Disclosure Statement, $4.1B in the Third Amended Disclosure Statement, and $4.3B in the Fourth Amended Disclosure Statement).

- Ambac served Requests seeking documents showing how these various numbers were calculated, including work papers. *See* Requests 1, 2 of the Second Set of Requests; Request 71 of the First Set of Requests.

- Even though Debtor undertook to produce responsive documents, none have been identified in the production with the exception of those relating to the original $5.7B valuation.

- If such documents have been produced, Debtor should be able to identify them. However, Debtor's counsel was unable to identify any documents produced in response to these requests, or even describe the specific search undertaken.

- The production leaves creditors in the dark as to the methodology and assumptions underlying the later figures, including those listed in the current Disclosure Statement and Plan, which Ambac has reason to believe are inflated.

    **B.**     **The production of documents in the form of an undifferentiated "document dump," coupled with vague limiting wording of**

---

[2] Review of the 250,000-page production is ongoing and is made very difficult by the manner in which documents were produced.

2

Error! Unknown document property name.
13-53846-tjt    Doc 4604    Filed 05/11/14    Entered 05/11/14 23:04:49    Page 2 of 10

**responses, masks the inadequacy of the Debtor's document search and review efforts.**

- Over 250,000 pages produced without an index, let alone an identification of the specific requests to which they are responsive.

- Documents are not produced as kept in the usual course.

- Debtor's counsel stated he is unable to identify the specific requests to which the documents are responsive.

- Debtor's counsel indicated the City conducted electronic searches and also pulled documents from specific files. It could have easily grouped the documents into groups corresponding to specific requests either during this search effort or during the pre-production review.

- Metadata that might assist the review is flawed or altogether missing.

**C. Debtor's Objections and Responses fail to indicate the extent to which it searched for specific responsive documents and the extent to which responsive documents are being withheld.**

- *Every* response contains an undertaking to produce documents "reasonably responsive to this request, as the City understands it."

- The language accompanies *even those requests where Debtor refused to even search for responsive documents. See, e.g.,* Request No. 52 discussed in Section III.A below.

- It is not clear what liberties the City took in interpreting the requests or in determining what is "reasonably" responsive.

3

**II. Debtor Should be Compelled to Search for Documents Using a Reasonable Date Range, Clearly Identify that Range with Respect to Each Request, and Supplement its Production as Required by Rule 26**

In its General Objection No. 14, Debtor states that "unless otherwise indicated," its production "is limited to the time period of January 1, 2013 through the date of the City's response." Debtor's counsel indicated that:

- By limiting the date range to the date of production, the Debtor *is refusing to supplement the production* as responsive documents are identified or come into the City's possession in the future, contrary to the requirements of the Federal Rules of Civil Procedure.

- No electronic searches outside that date range have been or will be run.

- The Debtor has not identified any specific requests where documents outside of the date range were or will be produced.

A number of Ambac's Requests properly seek documents that pre-date January 2013, including Requests 32, 35, and 37 (historic data relating to the City's collection of property taxes); 42, 43, and 44 (research or analysis of the City's ability to increase tax revenues, of the historic effect of tax rate changes on revenues, and of the City's tax load as compared with comparable cities and surrounding areas); 51 (past efforts to reduce labor costs). These documents are highly relevant because past experience informs the reasonableness of the City's projections.

**III. Specific Requests and Interrogatories**

A number of specific objections interposed by the City should be overruled and proper responses compelled.

**A. Ambac's Interrogatory No. 11:**

Describe the amount and nature of the Administrative Claims referenced in the Plan and Disclosure Statement. Identify all documents that relate or refer to the Administrative Claims.

**City's Objections and Response to Interrogatory No. 11:**

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad, and unduly burdensome. The City notes that providing documents in support of all creditors' potential Administrative Claims is unduly burdensome and is not feasible, particularly since Administrative Claims may continue to accrue during the remaining pendency of the City's Chapter 9 case. Subject to and without waiving its objections, the City responds that the amount of anticipated administrative claims is discussed in the Disclosure Statement.

**Response to Ambac's Interrogatory No. 11 Should Be Compelled**

- The interrogatory is narrowly tailored to seek the amount and nature of the individual Administrative Claims. The information about the individual Administrative Claims is necessary to determine if the Plan is confirmable. Yet the Disclosure Statement does not break down the total amount of Administrative Claims and does not identify individual claims.

- The interrogatory is not vague. "Administrative Claims" is a term defined in the Debtor's Plan.

- Responding to the interrogatory would not be burdensome. It does not seek information about "all creditors' potential Administrative Claims" as the City's objection suggests. If the City is able to disclose the total amount of Administrative Claims in its Disclosure Statement, then the information about the individual Administrative Claims is readily available to it.

- The City should be compelled to respond to the interrogatory.

- The City should be compelled to identify and produce the documents relating to the Administrative Claims as required by the interrogatory and Request for Production of Documents No. 1.[3]

    - During the meet and confer, counsel for the Debtor stated that he was unable to identify these documents among the documents produced by the Debtor or even confirm that they were included in the Debtor's production.

---

[3] Request for Production of Documents No. 1 seeks, among other things, all documents identified in responding to Ambac's Interrogatories.

5

### B. Ambac's Request for Production No. 52:

All documents and communications pertaining to proposals and analyses related to the restructuring the Detroit Water and Sewerage Department, whether implemented, considered, or proposed, including costs of such restructuring and the actual or projected resulting savings.

**City's Objections and Response to Request No. 52:**

The City objects to this document request as overbroad insofar as it seeks documents relating to the GLWA or the DWSD Transaction, or related bonds or financing, as neither of them is currently contemplated by the Plan or Disclosure Statement. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. On the basis of this objection, the City will not produce documents related to the GLWA or DWSD Transaction. The City also objects to this document request to the extent it requires the production of documents containing commercially sensitive information, and will not produce such documents. However, subject to and without waiving this objection, and its general objections above, the City responds that it will produce non-privileged documents in its possession, custody, or control, to the extent they exist, that are reasonably responsive to this request, as the City understands it.

*Debtor's counsel stated that no search for documents responsive to Request 52 was undertaken, even though the response included the boilerplate language that the City would produce documents "that are reasonably responsive to this request, as the City understands it."*

**Response to Ambac's Request for Production No. 52 Should Be Compelled**

- The request seeks documents relating to the restructuring of one of the City's major assets, the Detroit Water and Sewerage Department. The Plan contemplates that 50% of the proceeds of the monetization will be shared with certain, but not all, creditors.

- During the meet and confer, Debtor's counsel stated that the City's position is that it need not disclose any information about the monetization of the Detroit Water and Sewerage Department.

6

- The City's position cannot be sustained. The confirmability of the Debtor's Plan cannot be evaluated without evidence establishing that it afford creditors the "greatest economic return" from the Debtor's assets.

- The Debtor should be compelled to produce documents in response to all Requests seeking information about asset monetization.

    o In addition to Request 52, others seek documents relating to City-owned assets (including the Art, Detroit-Windsor Tunnel, City-owned parking facilities, and City-owned land). The Debtor responded with the identical boilerplate language promising production. Given the Debtor's position stated during the meet and confer, it is unclear whether the City responded fully to these additional requests.

Dated: May 12, 2014

Respectfully Submitted,

**ARENT FOX LLP**
By: /s/ Mark A. Angelov
Carol Connor Cohen
Caroline Turner English
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Email: Carol.Cohen@arentfox.com

David L. Dubrow
Mark A. Angelov
1675 Broadway
New York, NY 10019
(212) 484-3900

– and –

**SCHAFER AND WEINER, PLLC**
Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304

7

(248) 540-3340
Email: bbest@schaferandweiner.com

*Attorneys for Ambac Assurance Corporation*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| _____ ) | | |
| In re ) | Case No. 13-53846 | |
| ) | | |
| CITY OF DETROIT, MICHIGAN, ) | In Proceedings Under | |
| ) | Chapter 9 | |
| Debtor. ) | | |
| _____ ) | Hon. Steven W. Rhodes | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2014, the Statement of Unresolved Discovery Issues of Ambac Assurance Corporation was filed and served via the Court's electronic case filing and noticing system to all parties registered to received electronic notices in this matter.

Respectfully Submitted,

**ARENT FOX LLP**

Dated: May 11, 2014           By: /s/ Mark Angelov_____
                                    CAROL CONNOR COHEN
                                    CAROLINE TURNER ENGLISH
                                    1717 K Street, NW
                                    Washington, DC  20036-5342
                                    (202) 857-6054
                                    Carol.Cohen@arentfox.com

                                    DAVID L. DUBROW
                                    MARK A. ANGELOV
                                    1675 Broadway
                                    New York, NY 10019
                                    (212) 484-3900

and

**SCHAFER AND WEINER, PLLC**

DANIEL J. WEINER (P32010)
BRENDAN G. BEST (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*