UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

Frank M. Sloan, II
Creditors/Objector,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR

Debtor/

_____ /

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Freidman
Magistrate Paul J. Komives

# OBJECTIONS OF THE FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF HE CITY OF DETROIT ISSUED MAY 5, 2014

THE NOTICE IS AFTER THE FACT, UNTIMELY, CONTRARY TO THE FACTS AND MISREPRESENTATION OF THE BANK-RUPTCY CODE AND RULES AND HAS NOT BEEN PRESENT-ED IN A GOOD FAITH MANNER.

1) We object to the Fourth Amended Plan for the adjustment of debts of the City of Detroit issued May 5, 2014 because **the City of Detroit did not negotiate in good faith prior to the filing of bankruptcy** in violation of 11 USC 109 (c). The City's position, for example, was that they were not going to bargain and did not have to because of P.A. 436. Three Police Officers' unions challenged

1

the City's position and stated that it did not negotiate for collective bargaining:

**Three Police Officers union challenged the City position not to negotiate for collective bargaining:**

> The Employer in this matter is in receivership and has no duty to bargain under P.A. 436 it has expressed unwillingness to bargain or participate in Act 312 arbitration in light of P.A. 436 Case Nos. D09 F-0703, D11 J-1169 and zd13 A-005. In re Valley Health Sys, 383 B.R. 156, 163 (Bankr C.D. Cal 2008).

a) In re Valley Health Sys, 383 B.R. 156, 163 (Bankr C.D. Cal 2008). In this present case, the City was more egregious by not negotiating at all. In re Cotton Water and Sanitation District, Douglas County, Colo., 138 B.R. 973, 979 (Bankr. D. Colo 1992) **"plan referred to in 109(c) (4) is adjustment plan and disclosure statement negotiated pre-petition in good faith."** This simply was not done.

2. The date that the City of Detroit (the "City")/Emergency Manager Kevyn Orr filed the Plan of adjustment with respect to the fourth Amended Adjustment of Debts of the City of Detroit /Kevyn Orr. Also, and most important is a municipality should, at the very least, attempt to circulate and obtain approval with respect to an <u>**adjustment plan prior to filing for chapter 9, not after the fact as in this case**</u>. Because Section 1126 (b) of the Code applies in chapter 9, a municipality that has reached the adjustment plan to be proposed under title11 Section 941of

2

the Code. In re City of Vallejo, 408 B.R. at 280, 296-97 (9th Cir. B.A.P. 2009).

3. We object to Article II Classified of claim; cram-down; executory contracts and unexpired leases iii E Accrual of future benefits page 32 or page 39 of 301 that states; "Each holder of a PFRS Pension Claim who is an active employee shall receive, in additional to his or her PFRS Adjustment Pension Amount as such amount may be modified herein such additional pension benefit for service on or after July 1, 2014 consistent with the term and conditions of the New PFRS active Pension Plan formula and new PFRS Active Pension Plan.

4. We object to the Article II Classified of claim; cram-down; exectory contracts and unexpired leases iii F governance page 32 of the Fourth Amendment Plan of Adjustment that states: "On or as soon as reasonable practicable after the effective date, Police and Fireman Retirement System for the City of Detroit (PFRS) shall establish an Investment Committee in accordacne with the state Contribution Agreement. The Investment Committee shall be vested with the authority and responsibilities set forth in the State Contribution Agreement for a period of 20 years following the effective date.

5. We object to this Fourth Amended Plan of Adjustment, due to Magistrate Judge Steve W Rhodes is not an Article III Judge appointed by the

3

president and approved by congress.

Magistrate Judge Steven W Rhodes concealed the fact and deceived the people from knowing he was a Magistrate Judge over the age of 70 and had limited powers to address Constitutional issues that were presented at the commencement of this case. **The fact that the creditors never consented for Judge Rhodes is a violation of the Magistrate Act 28 USC 631. He also doesn't have the authority to address "public rights" and cannot legally rule on "pension benefits" that are protected by the state Constitution because they are reserved to an Article III judge.** He therefore, lacks authority because he is not an Article III Judge. He, thus, lacks jurisdiction and has denied the creditors, unions and pension members the opportunity to a fair and adequate hearing. Goldberg v Kelly 397 U.S. 254 90 S Ct 1011, 252 citing "The fundamental requisite of due process is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385 394 (1914); The notice and hearing must be "at a meaningful time and in a meaningful manner" Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

The court further ruled in the United States Supreme Court in Northern Pipeline Construction v Marathon Pipe line Company 458 U.S. 50 (1982) that a Article III jurisdiction could not be conferred without the independence and

4

protection given to Article III Judges. Congress may transfer traditionally judicial functions to non-Article III tribunals. For example, Congress has substantial discretion in prescribing the manner in which rights created by its own statutes may be enforced. but Congress has no such discretion in altering the adjudication of rights it has not created by statute. Furthermore, the functions of the adjunct court must be limited in such a way so as to preserve the parties' rights to adjudication before an Article III court. This simply was not done in this case and we the creditor and objectors was denied due process and 5th Amendment procedure due process and 14th Amendment the equal protection of the law of the Constitution of the United States. Northern Pipeline Construction Co v Marathon Pipe Line Company supra.

WHEREFORE, and all the above in these objections we demand and pray that the court do the right thing and follow the law in the interest of justice and grant the request and demand to extend the limited amount time to respond and request that the time be extended for at least 20 more days to respond in the interest of justice to dissolute, vacate, and declare the Plan of adjustment and Disclosure Statement null and void and have no effect.

5

Sincerely Submitted

FRANK M. SLOAN, II.
Name

18953 Pennington DR.
Address

Detroit, Michigan 48221-2467
City, State & Zip

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

__Carl Williams__
your name     Creditors/Objector,

v

In re:  
City OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR

            Debtor/
_____/

Chapter 9  
Case No. 13-53846  
Judge Steven W Rhodes

Case No. 14-cv-10434  
Hon. Bernard A. Freidman  
Magistrate Paul J. Komives

## PROOF OF SERVICE

__Carl Williams__, being first duly sworn deposes and
your name

Say that on May __12__ 2014. I sent a copy of Objection of the Fourth Amended Disclosure Statement with respect to Fourth Amended Plan for the Adjustment of Debts of The City of Detroit, Upon the concern parties by certified mail at the following address:

City of Detroit  
Corporation Council  
First National Building  
600 Woodward Ave  
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl Williams_

Dated _May 12, 2014_