IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------------x
                                    :

In re                                  : Chapter 9
                                  :

**CITY OF DETROIT, MICHIGAN,**         : Case No. 13-53846
                                  :

           Debtor.               : Hon. Steven W. Rhodes
                                  :
                                  :
------------------------------------------------------------------x

**JOINDER TO OBJECTION OF CERTAIN COPS HOLDERS AND LIMITED
OBJECTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, AS
SUCCESSOR CONTRACT ADMINISTRATOR, TO THE FOURTH AMENDED
PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

Wilmington Trust, National Association ("WTNA"), not individually, but solely in its capacity as successor contract administrator[1], hereby submits this joinder to *COPs Holders' Objection to Confirmation of the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 4653) (the "COPs Plan Objection")[2], filed on May 12, 2014, and files this

---

[1] Wilmington Trust, National Association, serves as successor to U.S. Bank National Association ("U.S. Bank"), as: (a) Trustee ("Trustee") under that certain Trust Agreement, dated June 2, 2005, by and among the Detroit General Retirement System Service Corporation (the "GRS Corporation"), the Detroit Police and Fire Retirement System Service Corporation (the "PFRS Corporation"), and U.S. Bank, and Contract Administrator ("Contract Administrator") under that certain Contract Administration Agreement, dated June 2, 2005, by and among the Detroit Retirement Systems Funding Trust (the "2005 Funding Trust"), the GRS Corporation, the PFRS Corporation, and U.S. Bank, regarding the issuance of Certificates of Participation Series 2005-A by the 2005 Funding Trust and the transactions contemplated thereby; and (b) Trustee under that certain Trust Agreement, dated June 12, 2006, by and among the GRS Corporation, the PFRS Corporation, and U.S. Bank, and as Contract Administrator under that certain Contract Administration Agreement, dated June 12, 2006, by and among the Detroit Retirement Systems Funding Trust 2006 (the "2006 Funding Trust"), the GRS Corporation, the PFRS Corporation and U.S. Bank, in each case, regarding the issuance of Certificates of Participation Series 2006-A and 2006-B by the 2006 Funding Trust and the transactions contemplated thereby.

[2] The COPs Plan Objection was filed by Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.; Deutsche Bank AG; London; Dexia Crédit Local and Dexia Holdings, Inc.; and FMS Wertmanagement AöR.

limited objection (this "Limited Objection") to the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 4392) (the "Fourth Amended Plan"). In support of this Limited Objection, WTNA respectfully states as follows:

1. WTNA hereby joins in and adopts the arguments set forth in the COPs Plan Objection. Moreover, WTNA agrees with and supports the COPs Plan Objection and incorporates the COPs Plan Objection as though fully set forth herein at length.

2. Accordingly, WTNA requests that the COPs Plan Objection be sustained and that confirmation of the Fourth Amended Plan be denied.

**LIMITED OBJECTION**

3. The Fourth Amended Plan fails to adequately and accurately reflect the Contract Administrator's role in collecting and making distributions to holders of Class 9 COP Claims[3] in accordance with the Contract Administration Agreement. Under section 6.4.1 of the Contract Administration Agreement, the Contract Administrator is "entitled and empowered" in a proceeding commenced by the City seeking relief under title 11 of the United States Code "to file and prove a claim for the whole amount of the Funding Trust Receivables then due and payable" and "*to collect and receive any amounts payable or deliverable on any such claims and to distribute the same.*" Contract Administration Agreement, § 6.4.1 (emphasis added).[4] Further, under section 4.8.1 of the Contract Administration Agreement, "[e]ach party hereto

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Fourth Amended Plan or the COPs Plan Objection, as may be applicable.

[4] Per section 6.2.1(2) of the Contract Administration Agreement and section 9.01 of the *2005 and 2006 Service Contracts* (respectively, dated May 25, 2005 and June 1, 2006) (collectively, the "Service Contracts") the commencement of a bankruptcy proceeding by the City constitutes an event of default triggering the Contract Administrator's rights under section 6.4.1 of the Contract Administration Agreement.

agrees to be bound by the order and priority of the payments of Components set forth in Service Contract Priority Sections." Contract Administration Agreement, § 4.8.1.[5]

4. Neither Section II.B.3.p.iii of the Fourth Amended Plan[6], nor the corresponding exhibits[7], provides for the collection, receipt, and distribution to Class 9 COP Claims by the Contract Administrator as provided in section 6.4.1 of the Contract Administration Agreement. Additionally, the Fourth Amended Plan fails to provide for distributions on account of the COP Claims that were filed and are due and owing as a result of the 2005 COPs, the 2006 COPs, and the COP Litigation (*i.e.*, Adversary Proceeding No. 14-04112-swr).

5. Specifically, the Fourth Amended Plan fails to address the fact that the Contract Administrator and the Trustee filed proofs of claim asserting amounts for lawful charges and fees, which included the Contract Administrator's and the Trustee's expenses, disbursements, and advances (without limitation, compensation, fees, expenses and disbursements for agents and counsel) that have or are accruing pursuant to the *Contract Administration Agreements* (respectively, dated June 2, 2005 and June 12, 2006). Additionally, the Fourth Amended Plan fails to address that the Trustee filed a proof of claim in connection with the COP Litigation (*i.e.*, Adversary Proceeding No. 14-04112-swr) asserting, among other amounts, a claim for lawful charges, fees, expenses, and rights to indemnification pursuant to the 2005 and 2006 Service Contracts.

---

[5] *See also id.* ("Each party acknowledges that the Service Contract Priority Sections establish the order and priority of the payment of Components and the Persons Entitled to Components are entitled to receive those Components in the order and priority set forth in the Service Contract Priority Sections").

[6] Section II.B.3.p.iii.A of the Fourth Amended Plan provides the pro rata share of the City's New B Notes that Settling COP Claimants shall receive, and Section II.B.3.p.iii.B of the Fourth Amended Plan provides the mechanism by which New B Notes will be set aside and distributed to Holders of Allowed COP Claims that do not accept the Plan COP Settlement.

[7] *See* Exhibit I.A.183 (*New B Notes, Summary of Principal Terms*); Exhibit I.A.184 (*Form of New B Notes Documents*); Exhibit I.A.214 (*Form of Plan COP Settlement Documents*).

6. The Contract Administration Agreement explicitly states that "[t]he compensation, expenses and indemnification of the Contract Administrator hereunder shall constitute Contract Administrator Payments, a Component of Service Payments as provided in the Service Contracts." Contract Administration Agreement, § 7.6.3. The Contract Administration Agreement also provides that "no provision of this Agreement shall require the Contract Administrator to expend or risk its own funds or otherwise incur any financial liability in the performance of any of its duties hereunder or thereunder, or in the exercise of any of its rights or powers." Contract Administration Agreement, § 7.1.3(4).

7. Moreover, the Service Contracts provide that the Service Contracts are "a continuing obligation of the City . . . binding upon the City and . . . inure to the benefit of and be enforceable by the Corporation, its successors and permitted assigns, and by Third party Beneficiaries." Service Contracts, § 9.07. This continuing obligation includes the requirement to "pay compensation, expenses, and indemnification due [to] the Trustee [and the Contract Administrator] in accordance with the Trust Agreement [and the Contract Administration Agreement], including reasonable fees and expenses of counsel, in connection with any waiver or consent thereunder or any amendment thereof, or in connection with the enforcement thereof." Service Contracts, § 9.09(a) – (b).

8. As Third Party Beneficiaries named in the Service Contracts, the Contract Administrator and the Trustee "have the right to enforce the respective promises made in the Service Contract as if such promises were made directly to them." Service Contracts, § 9.12(b). Further, the Service Contracts explicitly name the Contract Administrator as a Third Party Beneficiary with the right to enforce "the Corporation's promises in **Section 9.09**." Service Contracts, § 9.12(a)(5) (emphasis in original).

9. As such, under the Contract Administration Agreement and other related documents, the Contract Administrator is entitled to "payment or reimbursement . . . for all reasonable expenses, disbursements and advances incurred or made by the Contract Administrator in accordance with any provision of this Agreement (including, without limitation, the reasonable compensation and the expenses and disbursements of its agents and counsel)." Contract Administration Agreement, § 7.6.1(2).[8]

10. A proof of claim filed against a debtor for attorneys' fees incurred by a claimant post-petition, but asserted pursuant to a prepetition contract entered into by a debtor to pay attorneys' fees, is enforceable against that debtor, and such claims for attorneys' fees incurred post-petition are allowable as part of the claimant's claim against such debtor. *See generally, Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 127 S. Ct. 1199 (2007); *Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143, 146 (2d Cir. 2009).

11. In *Travelers*, the Supreme Court held that the Bankruptcy Code does not disallow contract-based claims for attorney fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law post-petition. *Travelers*, 549 U.S. at 449. A creditor that has executed a prepetition contract with a debtor containing an attorney fee clause is not precluded by the Bankruptcy Code from asserting a claim for contractual attorney fees for work done in bankruptcy court on its claim seeking to protect itself in the debtor's bankruptcy case. *Id*. at 451-452.

12. Here, pursuant to the Contract Administration Agreements and the Service Contracts, the City expressly contracted to pay the fees and expenses of the Contract

---

[8] In addition to the payment for "reasonable compensation for all services rendered by it hereunder[,]" the Contract Administrator "is also entitled to indemnification for, and to be held harmless against, any loss, liability or expense, incurred without negligence . . . arising out of or in connection with the acceptance or administration of this Agreement or the exercise of it[s] powers hereunder." *Id*. at §§ 7.6.1(1); 7.6.2.

Administrator and the Trustee, including the fees and expenses of counsel for the Contract Administrator and the Trustee. The Fourth Amended Plan cannot be confirmed unless it properly recognizes, accounts for, and provides for the proper treatment of these claims.

13. Despite the clear and unambiguous provisions set forth above, the Fourth Amended Plan fails to provide for: (a) distributions to Class 9 COP Claims through the Contract Administrator (*see generally*, Contract Administration Agreement, § 6.4.1) and (b) payment of the Contract Administrator and/or the Trustee (*see*, this Limited Objection, ¶¶ 6-9). Therefore, in light of the arguments above and the arguments set forth in the COPs Plan Objection – namely, that the Fourth Amended Plan, as filed, provides creditors with less than they would receive if the bankruptcy case was dismissed, is not proposed in good faith, is not fair and equitable, and unfairly discriminates against the claims of general creditors and parties in interest in favor of the Retirement Systems' claims – the Fourth Amended Plan cannot and should not be confirmed.

14. Moreover, the City cannot meet its burden of proof to show that the Fourth Amended Plan satisfies the requirements for plan confirmation under sections 943(b) and 1129 of the Bankruptcy Code and, accordingly, confirmation of the Fourth Amended Plan should be denied.

## RESERVATION OF RIGHTS

15. WTNA hereby reserves and preserves all of its rights, remedies, and arguments in connection with this Limited Objection and the COPs Plan Objection and reserves all rights to supplement this Limited Objection and to be heard before the Court with regard to the arguments set forth in this Limited Objection and the COPs Plan Objection – even if the COPs Plan Objection is resolved or otherwise withdrawn – as well as reserves the right to make any other applicable arguments, including those raised in other objections and/or other joinders with respect to the Fourth Amended Plan. Nothing contained herein is intended to contravene or supersede any arguments or positions that have been made or taken, or that may be made or taken, by any Certificateholders (as defined in the relevant Trust Agreements set forth in footnote 1).

[*Text Continues On Following Page*]

WHEREFORE, WTNA requests that the Court (a) deny confirmation of the Fourth Amended Plan, and sustain (b) this Limited Objection and (c) the COPs Plan Objection.

Dated: May 12, 2014  
New York, New York

RESPECTFULLY SUBMITTED,

By: /s/ Heath D. Rosenblat
    Kristin K. Going, Esq.
    Heath D. Rosenblat, Esq.
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140

-and-

Dirk H. Beckwith, Esq. (P35609)
FOSTER SWIFT COLLINS & SMITH, P.C.
32300 Northwestern Highway, Suite 230
Farmington Hills, Michigan 48334-1471
E-mail: dbeckwith@fosterswift.com
Telephone: (248) 539-9918

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

ACTIVE/ 34367814.6     8

13-53846-tjt    Doc 4656    Filed 05/12/14    Entered 05/12/14 20:36:30    Page 8 of 8