# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## *EX PARTE* MOTION OF ASSURED GUARANTY MUNICIPAL CORP. TO FILE OBJECTION IN EXCESS OF PAGE LIMIT

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"),[1] a creditor and party in interest in the above-captioned chapter 9 case of the City of Detroit, Michigan (the "City"), hereby moves the Court (the "*Ex Parte* Motion"), pursuant to Rule 9014-1(e) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Bankruptcy Rules") and Rule 7.1(d) of the Local Rules for the United States District Court for the Eastern District of Michigan (the "Local Rules"), for the entry of an order authorizing Assured to file an objection (the "Objection") to the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014)* [Docket No. 4392] (the "Plan"), in excess of the page limits imposed by

---

[1] Assured is a monoline insurer that provides financial guarantees to the U.S. public finance market. Assured and its affiliates insure or reinsure approximately $2.24 billion in gross aggregate principal amount of outstanding bonds issued by the City, including water supply system bonds, sewage disposal system bonds, and unlimited tax general obligation bonds.

Local Bankruptcy Rule 9014-1(e) (if applicable) and Local Rule 7.1(d)(3). In support of this *Ex Parte* Motion, Assured states as follows:

1. Assured seeks to file the Objection in accordance with the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

2. The Local Bankruptcy Rules do not directly establish a page limit for an objection to a plan of adjustment. While, Local Bankruptcy Rule 9014-1(e) establishes a 20 page limit for certain enumerated types of briefs, objections to a plan of adjustment are not among the briefs so restricted. See E.D. Mich. LBR 9014-1(e).

3. Local Rule 7.1(d)(3)(A), however, which is made applicable in this case by Local Bankruptcy Rule 9029-1(a), may restrict Assured's Objection to twenty five pages. See E.D. Mich. LR 7.1(d)(3)(A) ("The text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages."). Nevertheless, a party "seeking to file a longer brief may apply *ex parte* in writing setting forth the reasons." E.D. Mich. LR 7.1(d)(3)(A).

4. To the extent that Local Rule 7.1(d)(3)(A) applies to the Objection, Assured should be granted additional pages to state its Objection to confirmation of the Plan. Whether the Plan will be confirmed is the seminal issue in this enormous and complex chapter 9 case. Assured submits that it requires more

2

pages than are provided by the applicable rules to meaningfully address the numerous complex and novel issues that have been raised by the Plan, including, without limitation, whether the Plan: (a) is in the best interests of creditors; (b) provides appropriate "cramdown" interest rates; (c) properly compensates certain creditors, including Assured, for the loss of their contractual protections against early redemption of their securities; and (d) violates state and local laws concerning the City's revenue bonds and revenue bond-financed systems. Given the unprecedented nature of the City's Plan—including its intention to impair and cram down creditors whose claims are fully secured by pledged special revenues—substantially more analysis than can be encompassed in 25 pages is required.

5. The Objection is 87 pages (including the signature block). Accordingly, Assured respectfully requests that it be granted relief from Local Rule 7.1(d)(3)(A), to the extent required, such that it is permitted to file its Objection in excess of the page limitations.

**WHEREFORE**, Assured respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit 1**: (i) granting the relief sought herein and (ii) granting such other and further relief to Assured as the Court deems just and proper.

Dated: New York, New York
       May 12, 2014                  **CHADBOURNE & PARKE LLP**

By: /s/ Lawrence A. Larose
Lawrence A. Larose
Samuel S. Kohn
Eric Daucher
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
edaucher@chadbourne.com

*Attorneys for Assured Guaranty Municipal Corp.*

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Bankruptcy Rule 9014-1(b):

**Exhibit 1 –** Proposed Form of Order
**Exhibit 2 –** None [Motion Seeks *Ex Parte* Relief]
**Exhibit 3 –** None [Brief Not Required]
**Exhibit 4 –** None [Separate Certificate of Service to Be Filed]
**Exhibit 5 –** None [No Affidavits Filed Specific to This Motion]
**Exhibit 6 –** None [No Documentary Exhibits Filed Specific to This Motion]

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

### *EX PARTE* ORDER ALLOWING OBJECTION IN EXCESS OF PAGE LIMITS

This matter coming before the Court on Assured Guaranty Municipal Corp.'s *Ex Parte* Motion to File an Objection in Excess of Page Limit (the "*Ex Parte* Motion"); and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1. The *Ex Parte* Motion is GRANTED.

2. Assured[2] is granted relief from Local Bankruptcy Rule 9014-1(e) and Local Rule 7.1(d) and may file an Objection in excess of the applicable page limitations.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the *Ex Parte* Motion.