# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:
CITY OF DETROIT, MICHIGAN      CASE NO. 13-53846
     CHAPTER 9
           Debtor      JUDGE: Hon. Steven W. Rhodes
_____/

## MOTION TO EXTEND TIME FOR FILING PROOF OF CLAIM

Now comes Nathaniel Brent with his instant motion to extend the time for filing a proof of claim pursuant to FRBP 9006(b)(1) and in support states the following:

1. On November 21, 2013 this Court entered an order setting the Claim Notice Bar Date and ordering Debtor to serve all known potential claimants, all parties that have requested notice of the proceedings, and all known parties to pending litigation with the City.

2. Mr. Brent filed in this Court a request for notice on July 23, 2013.

3. Mr. Brent is a party to pending litigation involving the City in U.S. District Court E.D. Mich case # 2:11-cv-10724.

4. Mr. Brent did not receive notice and was unaware of the deadline until May 7, 2014.

5. Mr. Brent attempted to obtain concurrence in the relief sought however, as of the time of this filing he did not obtain concurrence.

**Wherefore** and for the above stated reasons, Mr. Brent prays this Court will grant the instant motion and allow the proof of claim attached as exhibit 3 to be filed and deemed timely.

Respectfully submitted,      Dated: May 13, 2014

_____
Nathaniel Brent (in pro per)
538 South Livernois
Detroit Michigan 48209
(313) 841-4591

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CITY OF DETROIT, MICHIGAN     CASE NO. 13-53846
                                           CHAPTER 9
                Debtor                 JUDGE:    Hon. Steven W. Rhodes
_____/

**Brief in support of:**

**<u>MOTION TO EXTEND TIME FOR FILING PROOF OF CLAIM</u>**

**Introduction**

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure grants the Court authority to allow an untimely filing if the failure to file by the deadline was the result of "excusable neglect". The U.S Supreme Court has set forth the following factors when considering a motion under rule 9006(b)(1): "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1992). In assessing a claim of excusable neglect, "the proper focus is upon whether the neglect of [the parties] and their counsel was excusable." *Id* at 397.

Mr. Brent will address each of these factors, starting with the reason for the delay.

**Mr. Brent's failure of timely filing a proof a claim is attributable to Debtor's failure to properly serve notice upon him.**

1

In this Court's November 21, 2013 order, this Court ordered debtor to "Within five business days after the entry of this Order or as soon as practicable thereafter, the City, through KCC or otherwise, shall serve the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), on:" (docket # 1782 para. 23). Mr. Brent fell into at least three of these classifications. Mr. Brent was a known potential claimant (23(a)), Mr. Brent requested notice of the proceedings (docket # 101) on July 23, 2013. (23(d)), and Mr. Brent had pending litigation against the city and its employees (23(g)). Debtor did not serve the notice package on Mr. Brent as required by this Courts order. Further, it is unclear if Debtor complied with the same order and published the "Bar Date Notice" in the four periodicals specified by this Court. However, even if Debtor did publish the notice as required, it would have been insufficient service upon Mr. Brent whom the debtors were well aware of *New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953).

Mr. Brent first received any notice of the bar Date on May 7, 2014 when he received Debtors objections (docket # 4402) to his Motion for relief from the Automatic Stay.

Mr. Brent does not allege bad faith by Debtor. To the contrary it is more likely that Mr. Brent was simply overlooked due to the hundreds of other creditors involved in this case. However, where the Debtor failed to comply with the Court's order the creditors not served should not be forced to suffer the consequences of Debtor's failures.

**Mr. Brent acted in good faith**

Being that Mr. Brent is representing himself, and it not a trained attorney, Mr. Brent attempted to protect his claim in the only manner at his disposal. On July 23, 2013 Mr. Brent filed a document with this Court entitled NOTICE OF APPEARANCE, REQUEST FOR SERVICE OF PAPERS AND REQUEST TO BE ADDED AS CREDITOR (docket # 101). This

2

document explicitly informed the Court and the parties of Mr. Brent's pending lawsuit, requested to be added as a creditor and requested to be served at his home address. A reasonable person in Mr. Brent's position should be able to assume that after he filed this document he would receive the notices required under Rule 2002. The U.S. Supreme Court in *New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953) held that "But even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."

Although Mr. Brent is not a trained attorney, his litigation of E.D. Mich case no 11-cv-10724 shows that he has never missed a deadline set by the Court in the past. IF Mr. Brent had received the "Bar Date Notice" package, it would have been a simple matter for him to fill out the preprinted form and deliver it to the Court Clerk.

Mr. Brent also has a procedure in place to ensure he is aware of any important mail. Mr. Brent's wife receives the mail (affidavit of Sherrie Brent exh 1), She places all of his mail in his desk organizer (*Id*), and Mr. Brent reads his mail daily (affidavit of Nathaniel Brent exh 2). Therefore if Mr. Brent had received the Bar Date Notice he would have responded in a timely manner (*Id*).

**Debtor would not be prejudiced**

Allowing Mr. Brent's notice of claim would not prejudice the Debtor. The Debtor would still have the right to contest his claim. Further pursuant to this Court's December 24, 2013 order all lawsuit "under 42 U.S.C. § 1983 that are pending in the United States District Court are referred to Chief United States District Judge Gerald Rosen for mediation under such procedures as he determines." It is Mr. Brent's understanding after speaking with Judge Rosen's case manager that only one group of cases have so far been submitted for mediation, thus allowing

3

Mr. Brent's claim would not affect the progress of this mediation. Finally this Court has already extended the time for filing a proof of claim for other creditors until May 21, 2014 (docket # 2523) Therefore, allowing Mr. Brent's claim cannot prejudice Debtor.

**The delay would have an insignificant impact upon the judicial proceedings**

Although Mr. Brent is approximately three months tardy in filing his proof of claim, this delay has little if any impact on these proceedings. As stated above, this court has already extended the filing deadline for other creditors, and has referred all § 1983 lawsuits for mediation thus, the proceeding are in essence still in their infancy. Until the mediation and other ADR procedures are completed and those claims that have been extended are filed the parties cannot begin to create a reorganization plan in which to proceed. Thus, any delay caused by the late filing is insignificant as no reorganization plan has yet been developed.

**Subsequent orders may have relieved Mr. Brent's need to file a proof of claim**

On December 24, 2013 this Court entered an order referring all 42 U.S.C. § 1983 lawsuits currently pending in the District Court against the City and its employees to Chief Judge Rosen (docket # 2302 para 20). This appears to relive those with § 1983 lawsuits from the requirement of filing a proof of claim. Unlike the other provisions of the order which explicitly requires that a proof of claim be filed before the claim could be submitted for ADR, the provision of the order addressing § 1983 claims states

> **"20. Notwithstanding anything in this Order, the "ADR Procedures" that this Order approves (Annex 1), or in the ADR Procedures Motion, all lawsuits alleging claims against the City, its employees or both under 42 U.S.C. § 1983 that are pending in the United States District Court are referred to Chief United States District Judge Gerald Rosen for mediation under such procedures as he determines."** (*Id* emphasis in original)

4

Thus, a reasonable person could conclude that on December 24, 2013 there was no longer a need to file a proof of claim in the Bankruptcy Court for any pending § 1983 lawsuits as they were all already referred for mediation.

To avoid any confusion, Mr. Brent does not rely on this to establish excusable neglect, as he was unaware of this order as well. In fact had Mr. Bent been aware of it he would not have filed a motion for relief from the automatic stay. Mr. Brent only shows that this Court has already referred his case as well as all other pending § 1983 cases for mediation.

**Wherefore** and for the above stated reasons, Mr. Brent prays this Court will grant the instant motion and allow the proof of claim attached as exhibit 3 to be filed and deemed timely.

Respectfully submitted,   Dated: May 13, 2014

_____
Nathaniel Brent (in pro per)
538 South Livernois
Detroit Michigan 48209
(313) 841-4591

5

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CITY OF DETROIT, MICHIGAN  CASE NO. 13-53846
  CHAPTER 9
  Debtor  JUDGE: Hon. Steven W. Rhodes
_____/

**AFFIDAVIT OF SHERRIE BRENT**

I Sherrie Brent am over 18 and if called to testify am competent to testify to the following:

1) I reside at 538 South Livernois Detroit Michigan with my husband Nathaniel Brent and our children

2) Every day mail is delivered to the home I personally sort through the mail.

3) Any mail addressed to Nathaniel Brent is placed in a designated spot on his desk.

4) If any Bar Date Notice was received through the mail addressed to him it would have been placed in his desk organizer.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on May 12, 2014  _____
  Sherrie Brent

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CITY OF DETROIT, MICHIGAN      CASE NO. 13-53846
                                                   CHAPTER 9
           Debtor                 JUDGE:    Hon. Steven W. Rhodes
_____/

**AFFIDAVIT OF NATHANIEL BRENT**

Nathaniel Brent who resides at 538 South Livernois Detroit Michigan swears and says:

1. I am over 18 years old and am competent to testify to all statements made on this affidavit.
2. I am the Plaintiff in a lawsuit pending in the U.S. District Court in which the City of Detroit and some of its employees are named defendants. The case number is 2:11-cv-10724.
3. On July 23, 2013 I filed in this Court a request to be notified of the bankruptcy proceedings in case number 13-53846.
4. Every evening when I return home I check my desk organizer for any new mail or other documents requiring my attention.
5. I never saw any document informing me of the February 21, 2014 proof of claim deadline until May 7, 2014.
6. Had I been aware of the deadline I would have filed a Proof of Claim.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on May 12, 2014

                                                      Nathaniel H. Brent

# EXHIBIT 3

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

Name of Debtor: City of Detroit, Michigan     Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Nathaniel Henry Brent**

Name and address where notices should be sent:
Nathaniel Henry Brent
538 South Livernois
Detroit Mi. 48209

Telephone number: 313-841-4591   email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above): Same as Above

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:   email:

1. Amount of Claim as of Date Case Filed:     $ 5,000,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** personal injury 42 U.S.C. sect. 1983 U.S. District Court E.D. Mich. case no. 2:11-cv-10724
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:**     3a. Debtor may have scheduled account as: _____
   (See instruction #3a)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:     $ _____

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $ _____
Annual Interest Rate (when case was filed) ___ % ☐ Fixed  or  ☐ Variable

Amount of Secured Claim:     $ _____
Amount Unsecured:     $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).     $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____ .     $ _____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #7, and the definition of "redacted".*) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Nathaniel Henry Brent
Title: N/A
Company: N/A
Address and telephone number (if different from notice address above):
Same as above

(Signature)     5/12/2014 (Date)

Telephone number:   email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT 4

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:
CITY OF DETROIT, MICHIGAN      CASE NO. 13-53846
                                        CHAPTER 9
           Debtor            JUDGE:     Hon. Steven W. Rhodes
_____/

**ORDER GRANTING MOTION TO EXTEND TIME TO FILE NATHANIEL BRENT'S PROOF OF CLAIM**

**THIS MATTER** having come before the Court on the above-captioned motion, there being no unresolved objections, and sufficient cause existing for the relief requested,

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is granted.

2. Solely with respect to Nathaniel Brent, the General Bar Date established in the "Order, Pursuant To Sections 105, 501 And 503 Of The Bankruptcy Code And Bankruptcy Rules 2002 And 3003(C), Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof" entered November 21, 2013 (ECF 1782) (the "Bar Date Order") shall be extended to permit Nathaniel Brent to file a proof of claim against the Debtor.

3. The Proof of Claim attached as exhibit 3 to Mr. Brent's Motion is hereby accepted as filed with this Court and is deemed to be timely filed.

1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:
CITY OF DETROIT, MICHIGAN

CASE NO. 13-53846
CHAPTER 9
JUDGE: Hon. Steven W. Rhodes

Debtor

_____/

**PROOF OF SERVICE**

I Ashley Workman certify that I served: **MOTION TO EXTEND TIME FOR FILING PROOF OF CLAIM, Brief in support of: MOTION TO EXTEND TIME FOR FILING PROOF OF CLAIM, PROOF OF SERVICE:** by mailing via U.S. Mail on May 13, 2014, upon counsel of record:

Jonathan S. Green (Counsel for Debtor)
Miller, Canfield, Paddock and Stone P.L.C.
150 West Jefferson
Suite 2500
Detroit, Mi 48226

_____
Ashley Workman

Date: May 13, 2014