# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

------------------------------------------------------------- x

In re

CITY OF DETROIT, MICHIGAN,

Debtor

------------------------------------------------------------- x

:    Chapter 9
:
:    Case No. 13-53846
:
:    Hon. Steven W. Rhodes
:

## DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Duplicate Claims)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

---

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its first omnibus objection to claims (the "Objection") and its request for an order disallowing and expunging certain duplicate claims, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

2.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

1

4849-2944-9755.1

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file proof of claims in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m. Eastern Time (the "Bar Date").

## RELIEF REQUESTED

6. The City files this Objection pursuant to section 502(b) of the Bankruptcy Code[1] and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order disallowing and expunging the claims identified in the "Duplicate Claim to be Disallowed and Expunged" column in Exhibit 2 annexed hereto (the "Duplicate Claims"), because they are duplicative of other claims filed against the City.

7. Specifically, the City has reviewed the proofs of claim identified on Exhibit 2 and determined that the Duplicate Claims are duplicates of the corresponding claims identified in the

---

[1] Section 502 is made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

4849-2944-9755.1

"Surviving Claim" column in Exhibit 2 (collectively, the "Surviving Claims"). Accordingly, the City requests disallowance and expungement of the Duplicate Claims.

8. This Objection does not affect the Surviving Claims and does not constitute any admission or determination as to any fact concerning any of the Surviving Claims. The City reserves all of its rights to object to any Surviving Claims on any basis and all of its rights to object on any basis to any Duplicate Claim as to which the Court does not grant the relief requested in its entirety.

## BASIS FOR RELIEF REQUESTED

9. Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. §502(b)(1). The City cannot be required to pay on the same claim more than once. Moreover, allowing duplicative claims could inappropriately lead to multiple recoveries to a creditor on account of a single claim to the detriment of other creditors.

10. Furthermore, Bankruptcy Rule 3007(d) allows the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be reclassified or disallowed, in whole or in part, because "they duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).

11. Therefore, this Court has the authority to enter an order approving this Objection. In light of the interest that all creditors have in reducing the total amount of claims in the case where appropriate, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors. Based upon the foregoing, to avoid the possibility of multiple recoveries by the same creditor on account of the same claim, the City seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing claims that are duplicative of

4849-2944-9755.1

other claims filed in the case.  Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d), the Court should grant the relief requested.

## SEPARATE CONTESTED MATTERS

12.     To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of such claims, and the objection by the City to each one of such claims asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.   The City further requests that any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

13.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

14.     The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at each address set forth in Exhibit 2, and all other parties who requested notice pursuant to Bankruptcy Rule 2002.  Each of the claimants' addresses reflects the address set forth by each of the claimants on its respective proof of claim.  In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

4

## NO PRIOR REQUEST

15.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 14, 2014

FOLEY & LARDNER LLP


By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit,*
*Michigan*

4849-2944-9755.1