# EXHIBIT 1: PROPOSED ORDER

1

4849-2944-9755.1

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------x
In re
: Chapter 9
:
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN,
: Hon. Steven W. Rhodes
:
Debtor :
------------------------------------------------------------x

**ORDER GRANTING DEBTOR'S
FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS
(Duplicate Claims)**

Upon the first omnibus objection to claims, dated May 14, 2014 (the "Objection"),[2] of the Debtor, the City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging certain duplicate claims as described in the Objection, and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any objections to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; after due deliberation and good and sufficient cause appearing therefore; it is

2

4849-2944-9755.1

ORDERED that:

1. The Objection is granted as set forth herein.

2. All of the proofs of claim listed in the "Duplicate Claim to be Disallowed and Expunged" column in <u>Exhibit 2</u> annexed hereto (the "<u>Duplicate Claims</u>") are hereby disallowed and expunged in their entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3. The proofs of claim listed in the "Surviving Claim" column in <u>Exhibit 2</u> annexed hereto (the "<u>Surviving Claims</u>") shall remain on the claims register, and the Surviving Claims are not disallowed or expunged by this Order, subject to any future objection or order of this Court on any basis.

4. The City's claims agent is hereby authorized to update the claims register to reflect the relief granted in this Order.

5. The City's rights and arguments in respect of any claims sought to be disallowed in the Objection that are not disallowed by this Order, and any Surviving Claims, are unaffected and preserved, and this Order has no res judicata, estoppel or other effect in respect of such remaining claims.

6. The disallowance and expungement of the Duplicate Claims do not constitute any admission or finding concerning any of the Surviving Claims.

7. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. Each claim and the objections by the City to each claim as addressed in the Objection and set forth in Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

3
4849-2944-9755.1

shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right to submit a separate order with respect to contested matters or claims.

9. Notice of the Objection as provided therein is good and sufficient notice of such objection and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

4849-2944-9755.1