IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
In re                                                      :   Chapter 9
                                                           :
CITY OF DETROIT, MICHIGAN,                                 :   Case No. 13-53846
                                                           :
                                          Debtor           :   Hon. Steven W. Rhodes
                                                           :
---------------------------------------------------------- x

## DEBTOR'S OBJECTION TO CLAIM NUMBER 2846 FILED BY EDITH WOODBERRY

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim number 2846 (the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form of the proposed order attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On February 21, 2014, Edith Woodberry filed the Claim. A copy of the as-filed Claim is attached hereto as Exhibit 2.

7. The Claim seeks $3,000,000.00.

8. The stated basis for the Claim is "City took real property without paying just compensation."

9. There are no supporting documents attached to the Claim which explain or support the basis for the Claim.

10. The Claim does not identify the address of the real property at issue, the date upon which it was allegedly taken without just compensation, or any information evidencing the value of the real property.

11. Furthermore, the Claim does not contain any documents which evidence Ms. Woodberry's ownership of the real property at issue.[1]

## RELIEF REQUESTED

12. The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

## BASIS FOR RELIEF REQUESTED

*a. The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

13. Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed. Rule 3001(f).

14. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

15. In addition to the above requirements, Rule 3001(c) also requires that any claim based on a writing must include a copy of the writing. When a proof of claim is based on a writing and that writing is not attached, the proof of claim is not deemed to be valid as to the claim or amount. *Hughes*, 313 B.R. at 208.

---

[1] Nine other putative creditors, all but one of whom live at the same address as Ms. Woodberry, have filed substantially identical proofs of claim to the Claim (Claim Nos. 3278, 3271, 3006, 2905, 2902, 2889, 2888, 2883, and 2880). Each of those will be addressed in a separate objection.

16. In this case, the Claim is not a properly filed proof of claim within the meaning of Rule 3001(f). There are no supporting documents to justify the stated basis of the Claim. It does not identify the property at issue, the date upon which the alleged taking occurred, the value of the property, and it does not provide any evidence to support the $3 million Ms. Woodberry seeks from the City.

17. Furthermore, there are no writings attached which demonstrate that Ms. Woodberry owns the real property allegedly taken. As such, the Claim also fails to meet the standard of Rule 3001(c).

18. The Claim fails to meet the standards of Rule 3001(c) and (f), and should not be considered either valid, nor should its stated value of $3 million be accepted by this Court. Rather, it should be disallowed and expunged.

> b. *Even if the Court Finds the Claim Meets the Standards of Rule 3001(f), Ms. Woodberry Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which She Cannot.*

19. Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount. *Id*. at 208. The objecting party must then present its own evidence challenging the validity of the proof of claim. *Dow Corning*, 250 B.R. at 321. If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant. *Id*.

20. In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery. *Id*. at 307. The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been

calculated. *Id*. at 322. The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government. *Id*.

21. Here, there is no supporting documentation to validate the Claim. As in *Dow*, the failure to identify the property address, the owner of the property, the date of the alleged taking, the amount of compensation received, and any basis for the asserted claim amount of $3,000,000 are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Ms. Woodberry.

22. Ms. Woodberry is unable to meet this burden. The City cannot even identify the real property she alleges was taken from her without just compensation, let alone the basis of the $3 million purported value of that Property. The Claim does not contain any documentation which supports it in any way. As such, it should be disallowed and expunged.

## RESERVATION OF RIGHTS

**23.** The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

24. The City has provided notice of this Objection to the claimant identified on Proof of Claim No. 2846 and all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

5
4846-5308-7259.1

13-53846-tjt    Doc 4834    Filed 05/15/14    Entered 05/15/14 14:34:36    Page 5 of 6

## NO PRIOR REQUEST

25. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*