# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

-----------------------------------------------------x
:
In re                                              :          Chapter 9
:
CITY OF DETROIT, MICHIGAN,                          :          Case No. 13-53846
:
Debtor.                          :          Hon. Steven W. Rhodes
:
:
-----------------------------------------------------x

## OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF OF CLAIM NUMBER 550 FILED BY DARRELL LAMAR MARSHALL

The City of Detroit (the "City") hereby:  (a) objects, pursuant to

sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the

Eastern District of Michigan (the "Local Rules") to proof of claim number 550

(the "Claim") filed by Darrell Lamar Marshall (the "Claimant") because the City

has no liability to the Claimant on account of the Claim; and (b) seeks the entry of

an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed

Order"), disallowing and expunging the Claim.  A copy of the Claim is attached

hereto as <u>Exhibit 2</u>.  In support of this Objection, the City respectfully represents as follows:

## <u>General Background</u>

1.      On July 18, 2013, the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "<u>Emergency Manager</u>") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, <u>et</u> <u>seq.</u> ("<u>PA 436</u>").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

4.      On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be

further amended, modified or supplemented from time to time, the "Plan") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure Statement"). That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

## Background Regarding the Claims Process

5. On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order"). The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time, as the general deadline for the filing of proofs of claim in the City's chapter 9 case.

6. On December 24, 2013, the Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order"). The ADR Order established procedures (the "ADR Procedures") for the liquidation of certain prepetition claims (collectively, the "Designated Claims"). In addition, the ADR Order provisionally

identified certain claims (collectively, the "Initial Designated Claims") as Designated Claims and, therefore, subject to the ADR Procedures. The Initial Designated Claims consist of: (a) personal injury tort or wrongful death claims, (b) property damage claims; and (c) claims, to the extent not satisfied in the ordinary course, relating to the operation of motor vehicles for which the City is self-insured pursuant to chapter 31 of Michigan's Insurance Code of 1956, M.C.L. §§ 500.3101, et seq. The ADR Order further referred for mediation all lawsuits alleging claims under 42 U.S.C. § 1983 that are pending in the United States District Court for the Eastern District of Michigan (the "District Court") to Chief United States District Judge Gerald Rosen. ADR Order, at ¶ 20.

## Relief Requested

7. Pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order disallowing and expunging the Claim because the Claim asserts alleged liabilities that have already been adjudicated on a final basis in the City's favor.

## The Court's Jurisdiction to Disallow and Expunge the Claim

8. This Court has jurisdiction to consider this matter pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code"). Venue is proper before this Court pursuant to sections 1408 and 1409 of the Judicial Code.

9.      Section 157(b) of the Judicial Code sets forth various "core proceedings" with respect to which bankruptcy courts are authorized to enter final orders, subject only to appellate review under section 158 of the Judicial Code. See 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.").

10.     Section 157(b)(2) of the Judicial Code provides a nonexclusive list of core proceedings, including proceedings for the "allowance or disallowance of claims,"[1] but excepts from such proceedings "the liquidation or estimation of

---

[1]      With respect to the allowance and disallowance of claims, section 157(b)(2)(B) of the Judicial Code provides that core proceedings include proceedings for the:

> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 . . . .

28 U.S.C. § 157(b)(2)(B). As a technical matter, therefore, section 157(b) of the Judicial Code does not provide that proceedings relating to the allowance or disallowance of claims against a chapter 9 debtor constitute core proceedings because there is no estate in chapter 9. See 11 U.S.C. § 901 (not incorporating into chapter 9 practice section 541 of the Bankruptcy Code, which provides for the creation of the estate). Nevertheless, the

contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11" (any such claim, a "Tort/Wrongful Death Claim").  28 U.S.C. § 157(b)(2)(B); see also 28 U.S.C. § 157(b)(2)(O) (providing that "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship" constitute core proceedings "except personal injury tort or wrongful death claims").

11.     The Judicial Code further provides that Tort/Wrongful Death Claims "be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."  28 U.S.C. § 157(b)(5).

12.     The Judicial Code therefore establishes that the trial of Tort/Wrongful Death claims for the purpose of liquidating or estimating the claims be conducted in the appropriate district court.  Courts consistently hold, however, that threshold challenges to the validity of Tort/Wrongful Death Claims may be adjudicated on a final basis by bankruptcy courts.  See, e.g., In re Chateaugay Corp., 111 B.R. 67, 73-74 (Bankr. S.D.N.Y. 1990) (where debtors filed objections to numerous Personal Injury Claims on grounds that such claims were (a) asserted

_____

allowance and disallowance of claims is equally central to the bankruptcy process in chapter 9, and the enumerated list of core proceedings in section 157 of the Judicial Code is expressly nonexclusive.

against the wrong defendants and (b) barred by the "government contractor defense," holding that the bankruptcy court had jurisdiction to resolve the objections because "[a]lthough [section] 157(b)(2)(B) restricts a bankruptcy court's power to liquidate or estimate personal injury tort or wrongful death claims for purposes of distribution, *it imposes no corollary restriction upon a bankruptcy court's ability to disallow such claims in the first instance if they are not sustainable at law*") (emphasis added), <u>aff'd</u> <u>in</u> <u>relevant</u> <u>part</u> <u>and</u> <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 146 B.R. 339 (S.D.N.Y. 1992); <u>In re Dow Corning Corp.</u>, 215 B.R. 346, 352 (Bankr. E.D. Mich. 1997) (where the debtor (a) objected to certain Personal Injury Claims on grounds that the claimants could not scientifically prove that the claimants' injuries were caused by the debtor's products and (b) moved for summary judgment seeking disallowance of all similar claims, applying <u>Chateaugay</u> in holding that "a bankruptcy court may enter a final order on a motion for summary judgment disallowing a personal injury claim without running afoul of the 'but not the liquidation' clause of [section] 157(b)(2)(B)"), <u>modified</u>, 215 B.R. 526 (Bankr. E.D. Mich. 1997) (recommending withdrawal of reference for purposes of judicial economy); <u>In re UAL Corp.</u>, 310 B.R. 373, 383 (Bankr. N.D. Ill. 2004) (relying upon <u>Dow Corning</u>, among other cases, in holding that the bankruptcy court had jurisdiction to sustain debtors' objection seeking disallowance of a personal injury claim; "[A]n objection to the legal validity of a

personal injury tort claim does not fall within the personal injury exception to the

core bankruptcy jurisdiction conferred by [section] 157(b)(2)(B), and this court

may enter a final order dealing with the debtors' pending objection to the

[claimants'] claim.").

        13.     The City believes that the Claim may be a Tort/Wrongful Death

Claim within the meaning of section 157 of the Judicial Code.  The City has

reviewed the Claim, however, and has determined that threshold infirmities render

the Claim invalid against the City as a matter of law.  Specifically, as more fully

discussed below, the Claim asserts alleged liabilities that already have been

adjudicated on a final basis in the City's favor.  Accordingly, this proceeding is a

core proceeding, and the Court is authorized to enter a final order disallowing and

expunging the Claim.

### Request to Disallow the Claim

        14.     Pursuant to section 101 of the Bankruptcy Code, a creditor

holds a claim against a debtor only to the extent that it has a "right to payment" for

the asserted liability.  See 11 U.S.C. §§ 101(5), 101(10).[2]  By contrast, there is no

right to payment — and therefore no claim — to the extent that the asserted

---

[2]      Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor."  11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment."  11 U.S.C. § 101(5).

liability is not due and owing by a debtor.  Section 502(b)(1) of the Bankruptcy Code further provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. §502(b)(1).[3]

15.     The City has reviewed the Claim and the alleged facts and circumstances surrounding the Claim and has determined that the Claim is not a valid liability of the City.  The Claim asserts damages in the amount of $500,000,000 arising from two lawsuits (Case Nos. 88-72503 and 00-74576) (together, the "Lawsuits") asserted by the Claimant against the City, among other parties, in the District Court.  See Claim, at 1.  The Lawsuits arose out of an incident that occurred in 1984, whereby the Claimant allegedly was assaulted by City police officers.  Each of the Lawsuits has been finally determined in the City's favor.  See, e.g., Marshall v. City of Detroit, Case No. 11-2324 (6th Cir. May 1, 2012) (order affirming District Court's denial of motion to vacate order dismissing Case No. 88-72503 for want of prosecution); Marshall v. City of Detroit, Case No. 13-1755 (6th Cir. Nov. 27, 2013) (order dismissing appeal of District Court's order denying Claimant's motion to reinstate Case No. 00-74576).  Copies of each of these orders of the United States Court of Appeals for the Sixth Circuit are

---

[3]     Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code.  See 11 U.S.C. § 901.

attached hereto as <u>Exhibit 3</u> and <u>Exhibit 4</u>, respectively. The City therefore has determined that the Claimant possesses no right to payment on account of the Claim, and the Claim should be disallowed.

## Reservation of Rights

16. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

17. Notice of this Objection has been given to the Claimant and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. The City submits that no other or further notice need be provided.

## No Prior Request

18. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court: (a) enter the Proposed Order granting the relief requested herein; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  May 15, 2014                    Respectfully submitted,


 /s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone:  (313) 234-7100
Facsimile:  (313) 234-2800
jsimon@foley.com
tdolcourt@foley.com

ATTORNEYS FOR THE CITY

Form B20B (Official Form 20B)
12/1/2010

## UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

               **Debtor.**

**Chapter: 9**

**Case No.: 13-53846**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
       Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

**NOTICE OF OBJECTION OF THE CITY OF DETROIT,
PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO
<u>PROOF OF CLAIM NUMBER 550 FILED BY DARRELL LAMAR MARSHALL</u>**

The City of Detroit (the "<u>City</u>") has filed an objection to your claim in this bankruptcy case.

       **<u>Your claim may be reduced, modified, or denied.</u>** **You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before June 18, 2014, you or your lawyer must:

1.      File with the Court a written response to the objection, explaining your position, at:

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett, Esq.
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

John A. Simon, Esq.
Tamar N. Dolcourt, Esq.
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

2.      Attend the hearing on the objection, scheduled to be held on June 25, 2014, at 10:00 a.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, unless your attendance is excused by mutual agreement between yourself and counsel for the City. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre trial scheduling order may be issued as a result of the pre-trial conference.)

        **If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Dated:  May 15, 2014                    Respectfully submitted,


                                        /s/  Heather Lennox
                                        David G. Heiman (OH 0038271)
                                        Heather Lennox (OH 0059649)
                                        Thomas A. Wilson (OH 0077047)
                                        JONES DAY
                                        North Point
                                        901 Lakeside Avenue
                                        Cleveland, Ohio  44114
                                        Telephone:  (216) 586-3939
                                        Facsimile:  (216) 579-0212
                                        dgheiman@jonesday.com
                                        hlennox@jonesday.com
                                        tawilson@jonesday.com

                                        Bruce Bennett (CA 105430)
                                        JONES DAY
                                        555 South Flower Street
                                        Fiftieth Floor
                                        Los Angeles, California 90071
                                        Telephone:  (213) 243-2382
                                        Facsimile:  (213) 243-2539
                                        bbennett@jonesday.com

                                        John A. Simon (P61866)
                                        Tamar N. Dolcourt (P73425)
                                        FOLEY & LARDNER LLP
                                        500 Woodward Avenue, Suite 2700
                                        Detroit, Michigan 48226
                                        Telephone:  (313) 234-7100
                                        Facsimile:  (313) 234-2800
                                        jsimon@foley.com
                                        tdolcourt@foley.com

                                        ATTORNEYS FOR THE CITY

**EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                            :
In re                                       :        Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                   :        Case No. 13-53846
                                            :
                        Debtor.             :        Hon. Steven W. Rhodes
                                            :
                                            :
-------------------------------------------------x
```

## ORDER DISALLOWING AND EXPUNGING
## <u>CLAIM NUMBER 550 FILED BY DARRELL LAMAR MARSHALL</u>

This matter coming before the Court on the Objection of the City of
Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy
Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 550 Filed by Darrell
Lamar Marshall (the "<u>Objection</u>"),[1] filed by the City of Detroit (the "<u>City</u>"); the
Court having reviewed the Objection and having heard the statements of counsel
regarding the relief requested in the Objection at a hearing before the Court
(the "<u>Hearing</u>"); the Court finding that (a) the Court has jurisdiction over this
matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding
pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection and the Hearing
was sufficient under the circumstances and in full compliance with the

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
        them in the Objection.

ATI-2604532v1

requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED.

2.      Pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged in its entirety.

3.      The City, the City's claims and noticing agent and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

# EXHIBIT 2

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: City of Detroit, Michigan     Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**DARRELL LAMAR MARSHALL**

Name and address where notices should be sent:

DARRELL LAMAR MARSHALL
20001 SCHAEFER HWY.
DETROIT, MI. 48235
313-740-2416

**RECEIVED**

**JAN 17 2014**

**KURTZMANCARSONCONSULTANTS**

Telephone number:          email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: 88-72503
(*If known*)                00-74576

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**FILED  JAN 15 PD [illegible]  U.S. BANKRUPTCY MICHIGAN-DET [illegible]**

Telephone number:          email:

1. **Amount of Claim as of Date Case Filed:**        $ 500,000,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** POLICE BRUTALITY, MEDICAL AND LEGAL FRAUD, VIOLATION OF USCA
(See instruction #2) 1983, AND AMERICANS WITH DISABILITIES ACT 12101

3. **Last four digits of any number by which creditor identifies debtor:**

3a. Debtor may have scheduled account as:_____
(See instruction #3a)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

Basis for perfection: _____

**Value of Property:** $_____

Amount of Secured Claim: $_____

**Annual Interest Rate (when case was filed)_____%** ☐ Fixed or ☐ Variable

Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**     $_____

5b. **Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____.     $_____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: DARRELL LAMAR MARSHALL
Title: OWNER
Company: DARRELL's REAL ESTATE DEVELOP.
Address and telephone number (if different from notice address above):

_(Signature)_ Darrell X Marshall    _(Date)_ 1/15/14

Telephone number:          email:

1353846140115000000000033

CLAIMANT:     DARRELL LAMAR MARSHALL
              20001 SCHAEFER HWY.
              DETROIT, MI.  48235
              Ph. (313) 740-2416

DEBTOR:       CITY OF DETROIT, MICHIGAN
              UNITED STATES BANKRUPTCY COURT
              CASE NUMBER: 13-53846


I, Darrell L. Marshall would like to apologize to everyone that was affected by a crime claimant committed against the United States Government, at the United States courthouse in Detroit Michigan.

I was trying to get proper medical and psychological treatment.


Now comes, claimant Darrell L. Marshall and states that, on April 24, 1984 claimant was walking in the City of Detroit and stopped by police officers Bradford Cook and John Doe. Claimant was choked by police officer John Doe and stroke with the pistol of police officer Bradford Cook. The butt of the gun stroke claimant below the left eye and the barrel of the gun stroke claimant in the left temple area causing a traumatic brain injury.

Prior to coming to Detroit Michigan in 1972, while living in the State of Alabama, claimant's mother and legal father was divorced in the Autauga County Circuit Court in Prattville Alabama when claimant was age nine.

In 1967, at age eleven claimant witnessed a brutal murder that caused claimant to suffer severe emotional trauma and a post traumatic stress disorder. Claimant was subpoenaed by the Autauga County Circuit

(1)

Court to testify in the murder case but was not allowed to testify. Claimant was not given any mental health treatment and was expelled from school while attending the seventh grade.

At age fifteen, claimant was thrown face down, to the ground and suffered the first traumatic brain injury. Claimant never received any medical treatment while living in the State of Alabama.

At age fifteen claimant was brought to Detroit Michigan while suffering a post traumatic stress disorder and a traumatic brain injury.

On April 24, 1984 when assaulted by Detroit Police, the City of Detroit and Detroit Receiving Hospital which was owned by the City of Detroit on April 24, 1984 used the fact that claimant was a mentally disturbed child, had no legal guardian, and no one to act on behalf of claimant and covered-up the physical and mental abuse by concealing and destorying all evidence that was in favor of claimant and replacing it with a diagnosis of paranoid schizophrenic delusional type.

From 1984 to 2010 the City of Detroit and Detroit Receiving Hospital claim there were no arrest and claimant was not transported to Detroit Receiving Hospital by Detroit Police.

Attached in exhibit (A) are material facts, (medical records), from Detroit Receiving Hospital that will prove that an arrest and hospitalization did occur on April 24, and 25, 1984.

(2)

## MERITS OF THE CASE

Despite the fact that claimant has suffer severe child abuse
and neglect, severe emotional trauma and a traumatic brain injury,
claimant obtained a General Education Diploma.in March 1984, claimant
attended Cass Tech Adult Evening School from 1980 until 1983 studying
plumbing, carpentry, and real estate brokerage. Claimant took a para-
legal course in 2001, and 2002 at Alabama State University in Montgo-
mery Alabama. Claimant has continued to practice and study the construc-
tion trade for more than forty one years.

Attached in exhibit (B) is a Business proposal presented to City
of Detroit emergency manager, Kevyn Orr.

## CLAIM OF DAMAGES

For the past thirty years, the City Of Detroit and the Detroit
Medical Center has conspired to violate claimants, **FOURTEENTH AMEND-
MENTS CONSTITUTIONAL RIGHTS,** to privolges, immunities, and due pro-
cess of law. The City of Detroit and Detroit Receiving Hospital has
concealed the fact that claimant suffers a traumatic brain injury and
a post traumatic stress disorder and prevented claimant from receiving
proper medical and psychological treatment.

## CONCLUSION

Claimant recently discovered that when the City of Detroit filed
for Chapter 9 Bank Ruptcy, an automatic stay took effect in July 2013.

(3)

On March 29, 2013 claimant filed a motion to vacate Judgement in case number 00-74576 Marshall VS. City of Detroit. Claimant filed the motion pursuant to the Federal Statute, **42 USCA SECTION 1983 SUIT IN EQUITY.**

The United States District Courts and Appelate courts have been extremely bias toward claimant and misleading claimant with information about the case. But, if claimant's claim is denied by the City of Detroit, claimant will resume legal procedings in the court of appeals and United States Supreme.

DATE: JANUARY 15, 2014

DARRELL LAMAR MARSHALL, PRO SE

## CERTIFICATE OF SERVICE

    I, Darrell L. Marshall certify that, on January 15, 2014 I mailed by U.S. first class mail a copy of this claim to, Attorney David G. Heiman at Jones Day North Point 901 Lakeside Ave. Cleveland, Oh 44114 Attorney Bruce Bennett at 555 South Flower Street, Attorney Jeffrey B. Ellman 1420 Peachtree Street, NE Suite 800 Atlanta, Ga. 30309, and Attorney Jonathan S. Green Miller, Canfield, Paddock, and Stone P.L.C. 150 West Jefferson Suite 2500 Detroit, Mi. 48226.

DARRELL LAMAR MARSHALL, PRO SE

Exhibit A

# Detroit Receiving Hospital / University Health Center

**TRIAGE** EM-1 \ EM12
**Admission Record**

FIRST AID ROOM 7338866
EMPLOYER 11445
UNLISTED DOCTOR
EMPLOYER

**NAME & ADDRESS**
MARSHALL , DARRELL
8801 GRAND RIVER
DETROIT   MI   48204

Prisoner   313-835-4752

**PATIENT** 132044-4

BIRTH DATE 09/19/1956  AGE 27Y  SEX M  S  FC=B  PT=V

NEXT OF KIN   313-835-4752
CHARLES   Clay
SAME
DETROIT   UNCLE

PREVIOUS ADMISSION 8/22/83   Uncle

FATHER'S NAME/MOTHER'S NAME
GENNIE

RELIGION BAPTIST

SOUNDEX   MEDICAL CASE NO. nil
424/80899
ADMISSION DATE & TIME  04/24/84  08:32PM
DISCHARGE DATE & TIME

SERVICE 800

DATE & TIME OF DEATH
4-25-84   12:09

JACOBS (ENT)
ADMIT   DISCHG TO
IR   CLINIC
PATIENT PHYSICIAN
UNLISTED DOCTOR

**GUAR**
MARSHALL , DARRELL   313-835-4752
8801 GRAND RIVER
DETROIT   MI 48204   SELF

BRO POL 10TH PCT

DIAGNOSIS
orbital floor fracture (L)

DISCHARGED BY (PHYS)
8914

CODE AND SERVICE   CONTRACT NO.   GROUP NO.   PLAN NO.   RELATION   TYPE
8 COUNTY

**INS**
CODE   DESCRIPTION   POLICY NUMBER   GROUP NUMBER
616 DETROIT POLICE
480  WCOSS OP 480 22228134

NOTIFIED
B OF H   MED-EX
OTHER
HISTORY BY EF
ACCIDENT
JOB#

815   4 24 84

## EMERGENCY DEPARTMENT RECORD

| HISTORY AND PHYSICAL | TREATMENT/ORDERS |
|---|---|
| 8.15P | |
| NO ID AVAIL 27 y/o B/O .... | EKG result |
| ... assaulted by the police today .... | NSR |
| ... he was hit ... | R# 78 |
| side of the forehead w/ gun | PA GRS w/ |
| punched w/ fist on the face | nur ... EKG |
| cheek on the left & hit in | w/ ... |
| the ... | |
| Meds: V takes ... meds | |
| 1 Rec f.f. ... | ... for arthritis |
| w/ ... | Skull (1) orbital floor fx? |
| PMHx: psych hospitalization | |
| ... alcohol use (-) | |
| HEENT: NC ... | |
| swelling no depression | |
| noted w/ LA temple region | |
| R zygomatic region swollen | |
| + tender. TM clear | |
| Oropharynx pink & moist | |
| no laceration noted | |

**VITAL SIGNS**
T. 99.2 | P 108 | R 16 | B/P 130/90
LMP | LAST TETANUS ...
ALLERGIES NKA   BY:

**EMERGENCY ROOM CHARGE**
STAGE I   STAGE III   CAST RM
STAGE II   STAGE IV   RESUS RM

| LAB | X RAY | PROC. |
|---|---|---|
| CBC | Skull | To O.C.U |
| FBS | Orbits | To Oral Surg |
| BUN | Facial | EKG |
| Creat | Nasal | CPR |
| Elect | Mandible | ET |
| ETOH | Spine C | Defib |
| CPK | Spine T | Monitor |
| Amylase | Spine L | O₂ |
| LDH | Shoulder | Prongs |
| SGOT | Clavicle | Mask |
| SGPT | Chest | Resp. |
| Barb | Ribs | N/G |
| Salicyl | ABD (S) | Lavage |
| Drug SC | ABD (M) | St. Cath. |
| Bili | Pelvis | Foley |
| Alkp | Humerus | Thoracost. |
| Pro Time | RAD/ULN | Thoracot. |
| Ca. | Wrist | Cerv Collar |
| Mg | Hand | Splint |
| VDRL | Hip | Pacemaker |
| ABG | Femur | CVP. |
| U.A. | Knee | L.P. |
| Preg. | TIB. FIB | Nas. Pack |
| T. & C. | Ankle | F.B. Removal |
| Other: | Foot | Loc |
| | Other: | Other: |

**LACERATIONS**
LOC.
LGTH.
CUS (3,4)

TX ___   DOA ___   DIE ___
W/O ___   AMA ___

**CONSULTS** ENT

CONDITION UPON DISCHARGE: SAME   BETTER

PHYSICIAN'S SIGNATURE ...

CONSENT FOR TREATMENT  I authorize the performance of any medical or surgical procedures, under local or general anesthesia if necessary, which may be advised and recommended by the physician or surgeon attending the above named patient.

5000-5
E-080-P (REV. 7-80)   SIGNATURE OF RESPONSIBLE PARTY          RELATIONSHIP          WITNESS

**DO NOT WRITE ABOVE THIS LINE**

| PHYSICIAN'S NOTES (CONT.) | TREATMENT/ORDERS | GIVEN BY |
|---|---|---|
| red area on Rt side of neck just above clavicle | | |
| non tender. lungs clear | | |
| Hrt: S₁ S₂ distinct | | |
| Rhythm irregularly irregular | | |
| abd: soft, BS ⊕ nontender | | |
| ext: nl to inspection | | |
| Neuro: CN II-XII | | |
| grossly intact. Reflexes ↑↓/↑↓ | | |
| Babinski ⊖ | | |
| imp: s/p head injury | | |
| c/o skull f/x | | |

## CONSULTATION REPORT

**DETROIT RECEIVING HOSPITAL AND
UNIVERSITY HEALTH CENTER**

7:30:66    04/24/84
                 [A-1 [A1]
MARSHALL, DARRELL
C9/19/56    M
                        4247.0024

### ADMITTING NOTE

☐ INPATIENT    ☐ OUTPATIENT    ☐ EMERGENCY ROOM

TO: CONSULTANT _____ SERVICE ___*ENT*___

PLEASE EVALUATE THE PATIENT FOR _Possible (c) orbital floor fx_

☐ EVALUATE & RETURN FOR CARE
☐ EVALUATE & TREAT STATED PROBLEM _____4/24/83_____    (l) _Skull MD_
☐ ASSUME CARE OF PATIENT              Date          Referring Physician Signature

**(To Be Filled In By Attending Physician Rendering The Consult)**

TYPE OF CONSULTATION RENDERED: ☐ BRIEF  ☐ INTERMEDIATE  ☐ COMPREHENSIVE

_H__ 891-4_
House Officer Signature          Date          Staff Physician Signature

DATE AND TIME CONSULTATION RENDERED _____

_Pt seen for Dr Jacob_

_Admit to ENT_

_R/O (c) orbital floor fx_

_891-4_

1320944       4004A      04/25/84
                            PAJ
MARSHALL, DARRELL
09/19/56   M
              424780829

☒ INPATIENT  OBS., CLU...   ☐ OUTPATIENT   ☐ EMERGENCY ROOM
                800

TO: CONSULTANT _Ophthalmology_        SERVICE _L N_

PLEASE EVALUATE THE PATIENT FOR _____

☐ EVALUATE & RETURN FOR CARE
☐ EVALUATE & TREAT STATED PROBLEM
☐ ASSUME CARE OF PATIENT

Date _____   Referring Physician Signature _____

(To Be Filled In By Attending Physician Rendering The Consult)

TYPE OF CONSULTATION RENDERED: ☐ BRIEF  ☒ INTERMEDIATE  ☐ COMPREHENSIVE

X (lichen m.)          4/25/84
House Officer Signature    Date        Staff Physician Signature

DATE AND TIME CONSULTATION RENDERED _____

27 yo $R\sigma$ hit $\bar{c}$ pistol above $\xi$ below OS, not directly,
H/o indirect trauma OS in past, $\bar{o}$ H/o direct trauma
$\bar{o}$ H/o eye d/ surg / glaucoma
PMH: ⊕ DM / HTN / sickle cell    healthy $c/o$ palpitation
surg: ⊖
meds: mellaril, ? digoxin, arthritis med
NKA   FH: neg ocular hx  ? DM → no ⊕ HTN/SS
                                      bro
$\dfrac{V}{A} < \dfrac{20/20}{20/20}$   P $\dfrac{4.22}{4.22}$  m b neg  EOM full

penlight  lids / conj / K / AC / iris OK OU

$T_8 < \dfrac{12}{9}$  m/N OU     lens clear OU
        fundi c/D .10 OU
        DVM OK OU

X-rays - ? old $\bar{o}$ floor fracture

A: s/p trauma around OS — $\bar{s}$ injury OU

P: $\bar{o}$ rx needed

D-113-P  (7-81)
5075-7

**DETROIT RECEIVING HOSPITAL AND
UNIVERSITY HEALTH CENTER
E.R. CONTINUATION SHEET**

Unit No. _____

Name  Marshall, Darrell

Date 4/24

HISTORY & PHYSICAL

H + P / admit note

27 yo B♂ allegedly assaulted states he was struck on (L) side of face c̄ pistol and fist. Denies LOC or visual c/o's. States he has pain (L) side of face, numbness (L) maxillary skin and (L) maxillary teeth anteriorly.

PMHx : Surg — ? (R) thumb
        Med — Mellaril ? dose
              ? arthritis med
              ? heart med
      Ill — "nervous" condition
            "rapid heart rate"
            "arthritis", "stomach trouble"

NKDA

ROS : palpitations ± SOB, constipation, diarrhea
SOC Hx : denies IVDA
         Smoke ~2ppd
         Occ EtOH

PE : Young B♂, NAD
HEENT — (L) facial swelling (infra-orbital) PERRL, EOMI, vision intact to digits at 3 ft, tenderness

DETROIT RECEIVING HOSPITAL AND
UNIVERSITY HEALTH CENTER
E.R. CONTINUATION SHEET

Unit No. _____

Name _____

Date

over maxilla on (L), not on (R)
infraorbital rim. No subconjunctival
hemorrhage. Hypesthesia skin
(L) maxillary area.

TM's WNL

nose - clean

OC - teeth good/fair repair,
blood in nasopharynx

IC - deferred

neck - no nodes

lungs - clean

heart - RRR $\bar{s}$ (m)

abd - nontender

rect - no stool, no masses

gu - deferred

ext - WNL

neuro - grossly intact

X-RAY - ? air in (R) orbit
haziness (L) maxillary sinus

imp - R/O (L) orbital floor fx

Plan - IV antibiotics
- Tomograms orbits

# Darrell's Construction and Real Estate LLC

## 20001 Schaefer Hwy.

## Detroit, MI. 48235

## Phone: (248) 991-2447

## Proposal

TO: MR. KEVYN ORR, EMERGENCY MANAGER
     CITY OF DETROIT

### MISSION

Hello, I am Darrell L. Marshall owner and president of Darrell's Construction and Real Estate Extended Services.

My goal is to obtain a Masters' Plumbing License, a Residential Builder's License, and a license to practice law and establish a Real Estate Development Corporation, **(DSD REAL ESTATE DEVELOPMENT CORPORATION)**. While working toward my goal, I will assist the City of Detroit with restoring itself.

### EDUCATION AND EXPERIENCE

In 2000 and 2001 I attended Alabama State University taking a law course, (paralegal).

In 1985, 86, and 87 I held a State Of Alabama Plumbing Apprenticeship card. In 1986 I attended Detroit Engineering Institute studying heating, air conditioning and refrigeration.

In 1981, 82, and 83 I attended Cass Technical adult evening school studying Real Estate Brokerage, Plumbing and Carpentry.

In 1983 I registered a business license in Wayne County conducting business under an assume name.

In 1986 I took the Residential Builder's exam in the State of Michigan. I passed the law portion of the exam but fail the practice portion of the exam.

My legal father, (Julius Marshall) was a Brick Mason. Starting at age eighteen I learned all phases of masonry, (foundations, foundation walls, chimneys, brick and stone work.

I have independently practiced and studied the construction industry for the past thirty five years.

## SERVICES OFFERED TO THE CITY OF DETROIT

Back in 1981 when I first started to pursue a plumbing license, a Residential Builder's License and registered my business license with Wayne County in Detroit Michigan, my intent was to repair old structures and build new structures in the City Of Detroit.

At the present time the services I would like to offer the City of Detroit is none profit services, (consultation to all individuals purchasing property from the City of Detroit, as is, (purchasing home owners permits, lead inspections, complete new plumbing and electrical systems, and new heating systems. If necessary, new roofs, windows kitchens, and bathrooms, interior and exterior walls.

## COST OF MATERIAL

| | |
|---|---|
| ROUGH PLUMBING...................... | $150.00 to $300.00 |
| PLUMBING FIXTURES.................. | $700.00 |
| ROUGH ELECTRICAL.................. | $500.00 |
| ELECTRICAL FIXTURES............... | $300.00 |
| KITCHEN CABINETS.................. | $600.00 |
| FURNACE........................... | $500.00 |
| TOTAL COST........................ | $2,900.00 |

IF ROOF, INTERIOR AND EXTERIOR WALLS MUST BE REPLACED, COST OF MATER-
IAL IS:

| | |
|---|---|
| EXTERIOR WALLS, BRICK OR SIDING............ | $1,000.00 to $4,000.00 |
| INTERIOR WALLS, INSULATION AND DRYWALL..... | $2,500.00 |
| ROOF...................................... | $1,000.00 to $2.500.00 |
| TOTAL COST................................ | $9,000.00 |

## COST OF LABOR

TWO COMMON LABORERS, $8.00 PER HOUR.......$640.00  WEEKLY

TWO ELECTRICAL, CARPENTRY AND PLUMBING
AND HEATING APPRENTICES $9.00 PER HOUR.....$2,160.00 WEEKLY

ONE ELECTRICAL, CARPENTRY, PLUMBING AND
HEATING JOURNEYMAN OR JOURNEYMAN
EXPIRENCE $13.00 TO $16.00 PER HOUR.......$1,920.00 WEEKLY

I CAN INSTALL FOUR PLUMBING SYSTEMS, FOUR HEATING SYSTEMS, FOUR
ELECTRICAL SYSTEMS, AND THREE ROOFS IN ONE WEEK.

THE TOTAL COST OF MATERIALS TO REPAIR FOUR HOUSES IN ONE WEEK IS
ROUGHLY $11,600.00

THE TOTAL COST OF LABOR TO REPAIR FOUR HOUSES IN ONE WEEK IS ROUGHLY $4,720.00 THE ACTUAL COST OF LABOR TO REPAIR FOUR HOUSES IN ONE WEEK IS ROUGHLY $48,000.00 IN ONE WEEK.

Purchasers of property in this low income program will be required to contribute, management, labor, and bookkeeping and work toward permanent employment.

While proforming a community service for the City of Detroit, a business partner, (Willie Bryant) who is a licensed Bulider and lead inspector, and myself will purchase two combination Residential and Commercial units from the City of Detroit, on Grand River Ave.

I will use the community service employment to seek financing to rentovate the property. The cost of rentovating a combination residential and commerial unit is roughly $300,000.00.

I will continue to submit community service to low income programs in the City Of Detroit, help eliminate condemned properties in the City of Detroit and the State of Michigan. I will further help to create jobs and businesses in the City of Detroit and the State of Michigan.

DATE: 8/7/13

DARRELL L. MARSHALL, PRESIDENT

# EXHIBIT 3

ATI-2604532v1

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 11-2324

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 01, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DARRELL L. MARSHALL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CITY OF DETROIT; JOHN DOE, Police | ) | THE EASTERN DISTRICT OF |
| Officer; BRADFORD COOK, Police Officer; | ) | MICHIGAN |
| DETROIT RECEIVING HOSPITAL; | ) | |
| CARRIE WATER; JOSEPH J. PERNICK, | ) | |
| Judge; DARWYN PRENTISS FAIR; | ) | |
| MICHIGAN REHABILITATION | ) | |
| SERVICES; WAYNE COUNTY PROBATE | ) | |
| COURT, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before:  KENNEDY, SILER, and SUTTON, Circuit Judges.

Darrell L. Marshall, proceeding pro se, appeals a district court order denying his motion to
vacate judgment and reinstate his case.  This case has been referred to a panel of the court pursuant
to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that
oral argument is not needed.  Fed. R. App. P. 34(a).

Marshall's underlying complaint arose out of an incident in 1984, in which Detroit Police
Officers allegedly assaulted him, and as a result he was hospitalized at Detroit Receiving Hospital.
While in the hospital, Marshall was diagnosed as paranoid schizophrenic.  Marshall claimed that the
defendants conspired to cover-up a head injury inflicted by the police officers by intentionally mis-
diagnosing him.  Marshall's case was dismissed for want of prosecution on May 31, 1989.

No. 11-2324

- 2 -

In his current motion, Marshall claimed that newly discovered evidence indicating that he is not paranoid schizophrenic entitles him to reinstatement of his dismissed lawsuit. The district court found "no basis for vacating its previous judgment and reinstating [Marshall's] twenty-year old case." The district court also denied Marshall's motions for leave to supplement the pleadings.

On appeal, Marshall reasserts the argument he made in the district court. He also moves the court to expedite his appeal, and for miscellaneous relief.

We review the district court's denial of a motion to reinstate for abuse of discretion. *Hubbard v. Baltimore & Ohio R.R. Co.*, 249 F.2d 885, 885 (6th Cir. 1957) (per curiam); *see Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8 (5th Cir. 1991).

We conclude that the district court did not abuse its discretion. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995). Marshall presented nothing to suggest that newly discovered medical evidence entitled him to reinstate his case. And even if Marshall has newly discovered evidence that he is not paranoid schizophrenic, that evidence does not touch on his previous failure to prosecute his case.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. We deny Marshall's miscellaneous motions as moot.

ENTERED BY ORDER OF THE COURT

Clerk

# **EXHIBIT 4**

ATI-2604532v1

Case No. 13-1755

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### ORDER

DARRELL L. MARSHALL

       Plaintiff

v.

CITY OF DETROIT; COUNTY OF WAYNE

       Defendants - Appellees


   Appellant having previously been advised that failure to satisfy certain specified

obligations would result in dismissal of the case for want of prosecution and it appearing that the

appellant has failed to satisfy the following obligation(s):

      The proper fee was not paid by November 22, 2013.

   It is therefore **ORDERED** that this cause be, and it hereby is, dismissed for want of

prosecution.

                        **ENTERED PURSUANT TO RULE 45(a),**
                        **RULES OF THE SIXTH CIRCUIT**
                        Deborah S. Hunt, Clerk

Issued:  November 27, 2013

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 550 Filed by Darrell Lamar Marshall was filed and served via the Court's electronic case filing and noticing system on this 15th day of May, 2014.

/s/  Heather Lennox