## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------------------x
                              :

In re                            :         Chapter 9
                              :

CITY OF DETROIT, MICHIGAN,    :         Case No. 13-53846
                              :

               Debtor.       :         Hon. Steven W. Rhodes
                              :
                              :
------------------------------------------------------x

## OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF OF CLAIM NUMBER 2923 FILED BY VINCENT ELLIS, NEXT FRIEND LAILA ELLIS

The City of Detroit (the "City") hereby: (a) objects, pursuant to

sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the

Eastern District of Michigan (the "Local Rules") to proof of claim number 2923

(the "Claim") filed by Vincent Ellis, next friend Laila Ellis (the "Claimant")

because the City has no liability to the Claimant on account of the Claim; and

(b) seeks the entry of an order, substantially in the form attached hereto as

Exhibit 1 (the "Proposed Order"), disallowing and expunging the Claim. A copy

of the Claim is attached hereto as <u>Exhibit 2</u>.  In support of this Objection, the City

respectfully represents as follows:

## <u>General Background</u>

1.      On July 18, 2013, the City filed a petition for relief in this

Court, thereby commencing the largest chapter 9 case in history.

2.      As of June 30, 2013 — the end of the City's 2013 fiscal year —

the City's liabilities exceeded $18 billion (including, among other things, general

obligation and special revenue bonds, unfunded actuarially accrued pension and

other postemployment benefit liabilities, pension obligation certificate liabilities

and related derivative liabilities).  As of June 30, 2013, the City's accumulated

unrestricted general fund deficit was approximately $237 million.

3.      In February 2013, a state review team determined that a local

government financial emergency exists in the City.  Thereafter, in March 2013,

Kevyn D. Orr was appointed, and now serves as, emergency manager with respect

to the City (in such capacity, the "<u>Emergency Manager</u>") under Public Act 436 of

2012, the Local Financial Stability and Choice Act, MCL § 141.1541, <u>et</u> <u>seq.</u>

("<u>PA 436</u>").  Under Section 18(1) of PA 436, the Emergency Manager acts

exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

4.      On May 5, 2014, the City filed the Fourth Amended Plan for

the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be

further amended, modified or supplemented from time to time, the "Plan") and the

Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for

the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure

Statement").  That same day, the Court entered the Order Approving the Proposed

Disclosure Statement (Docket No. 4401), thereby approving the Disclosure

Statement as containing "adequate information" with respect to the Plan, pursuant

to section 1125(a)(1) of the Bankruptcy Code.

## Background Regarding the Claims Process

5.      On November 21, 2013, the Court entered the Order, Pursuant

to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002

and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving

Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order").

The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time, as

the general deadline for the filing of proofs of claim in the City's chapter 9 case.

6.      On December 24, 2013, the Court entered the Order, Pursuant

to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute

Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims

(Docket No. 2302) (the "ADR Order").  The ADR Order established procedures

(the "ADR Procedures") for the liquidation of certain prepetition claims

(collectively, the "Designated Claims").  In addition, the ADR Order provisionally

identified certain claims (collectively, the "Initial Designated Claims") as

Designated Claims and, therefore, subject to the ADR Procedures.  The Initial

Designated Claims consist of:  (a) personal injury tort or wrongful death claims,

(b) property damage claims; and (c) claims, to the extent not satisfied in the

ordinary course, relating to the operation of motor vehicles for which the City is

self-insured pursuant to chapter 31 of Michigan's Insurance Code of 1956, M.C.L.

§§ 500.3101, et seq.

### Relief Requested

7.     Pursuant to sections 105 and 502(b) of the Bankruptcy Code,

Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order,

disallowing and expunging the Claim because the Claim asserts alleged liabilities

for which the City is not responsible as a matter of law.

### The Court's Jurisdiction to Disallow and Expunge the Claim

8.     This Court has jurisdiction to consider this matter pursuant to

section 1334 of title 28 of the United States Code (the "Judicial Code").  Venue is

proper before this Court pursuant to sections 1408 and 1409 of the Judicial Code.

9.     Section 157(b) of the Judicial Code sets forth various "core

proceedings" with respect to which bankruptcy courts are authorized to enter final

orders, subject only to appellate review under section 158 of the Judicial Code.

See 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases

under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.").

      10.     Section 157(b)(2) of the Judicial Code provides a nonexclusive list of core proceedings, including proceedings for the "allowance or disallowance of claims,"[1] but excepts from such proceedings "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11" (any such claim,

---

[1]    With respect to the allowance and disallowance of claims, section 157(b)(2)(B) of the Judicial Code provides that core proceedings include proceedings for the:

> allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 . . . .

28 U.S.C. § 157(b)(2)(B). As a technical matter, therefore, section 157(b) of the Judicial Code does not provide that proceedings relating to the allowance or disallowance of claims against a chapter 9 debtor constitute core proceedings because there is no estate in chapter 9. See 11 U.S.C. § 901 (not incorporating into chapter 9 practice section 541 of the Bankruptcy Code, which provides for the creation of the estate). Nevertheless, the allowance and disallowance of claims is equally central to the bankruptcy process in chapter 9, and the enumerated list of core proceedings in section 157 of the Judicial Code is expressly nonexclusive.

a "Tort/Wrongful Death Claim").  28 U.S.C. § 157(b)(2)(B); see also 28 U.S.C.

§ 157(b)(2)(O) (providing that "other proceedings affecting the liquidation of the

assets of the estate or the adjustment of the debtor-creditor or the equity security

holder relationship" constitute core proceedings "except personal injury tort or

wrongful death claims").

11.     The Judicial Code further provides that Tort/Wrongful Death

Claims "be tried in the district court in which the bankruptcy case is pending, or in

the district court in the district in which the claim arose, as determined by the

district court in which the bankruptcy case is pending."  28 U.S.C. § 157(b)(5).

12.     The Judicial Code therefore establishes that the trial of

Tort/Wrongful Death claims for the purpose of liquidating or estimating the claims

be conducted in the appropriate district court.  Courts consistently hold, however,

that threshold challenges to the validity of Tort/Wrongful Death Claims may be

adjudicated on a final basis by bankruptcy courts.  See, e.g., In re Chateaugay

Corp., 111 B.R. 67, 73-74 (Bankr. S.D.N.Y. 1990) (where debtors filed objections

to numerous Personal Injury Claims on grounds that such claims were (a) asserted

against the wrong defendants and (b) barred by the "government contractor

defense," holding that the bankruptcy court had jurisdiction to resolve the

objections because "[a]lthough [section] 157(b)(2)(B) restricts a bankruptcy court's

power to liquidate or estimate personal injury tort or wrongful death claims for

purposes of distribution, *it imposes no corollary restriction upon a bankruptcy court's ability to disallow such claims in the first instance if they are not sustainable at law*") (emphasis added), aff'd in relevant part and rev'd on other grounds, 146 B.R. 339 (S.D.N.Y. 1992); In re Dow Corning Corp., 215 B.R. 346, 352 (Bankr. E.D. Mich. 1997) (where the debtor (a) objected to certain Personal Injury Claims on grounds that the claimants could not scientifically prove that the claimants' injuries were caused by the debtor's products and (b) moved for summary judgment seeking disallowance of all similar claims, applying Chateaugay in holding that "a bankruptcy court may enter a final order on a motion for summary judgment disallowing a personal injury claim without running afoul of the 'but not the liquidation' clause of [section] 157(b)(2)(B)"), modified, 215 B.R. 526 (Bankr. E.D. Mich. 1997) (recommending withdrawal of reference for purposes of judicial economy); In re UAL Corp., 310 B.R. 373, 383 (Bankr. N.D. Ill. 2004) (relying upon Dow Corning, among other cases, in holding that the bankruptcy court had jurisdiction to sustain debtors' objection seeking disallowance of a personal injury claim; "[A]n objection to the legal validity of a personal injury tort claim does not fall within the personal injury exception to the core bankruptcy jurisdiction conferred by [section] 157(b)(2)(B), and this court may enter a final order dealing with the debtors' pending objection to the [claimants'] claim.").

13.     The City believes that the Claim may be a Tort/Wrongful Death Claim within the meaning of section 157 of the Judicial Code.  The City has reviewed the Claim, however, and has determined that threshold infirmities render the Claim invalid against the City as a matter of law.  Specifically, as more fully discussed below, the Claim asserts alleged liabilities against one or more entities for which the City is not legally or financially responsible.  Accordingly, this proceeding is a core proceeding, and the Court is authorized to enter a final order disallowing and expunging the Claim.

## Request to Disallow the Claim

14.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability.  See 11 U.S.C. §§ 101(5), 101(10).[2]  By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor.  Section 502(b)(1) of the Bankruptcy Code further provides that a claim asserted in a proof of claim shall be allowed,

---

[2]     Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor."  11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment."  11 U.S.C. § 101(5).

except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. §502(b)(1).[3]

15.     The City has reviewed the Claim and has determined that the Claim is not a valid liability of the City.  The Claim asserts certain "personal injury" liabilities in the amount of $10,000,000 against Detroit Public Schools ("DPS").  See Claim, at 1.  DPS is a separate and distinct legal entity from the City, and, as such, the City is not responsible for the alleged liabilities of DPS asserted in the Claim.

> The board of education is not a part of the city of Detroit. It is a separate legal entity . . . .  'The board of education, though existing for purposes strictly public, is nevertheless a distinct corporation from the city, having its distinct property and funds, and entitled to demand for them the same protection which may be demanded by other corporations or individuals.

Herzog v City, 142 N.W.2d 672, 678 (Mich. 1966) (Adams, J. concurring in part); see also Attorney General v Thompson, 134 N.W. 722, 727 (Mich. 1912) (holding that the liabilities of Detroit's school system are not liabilities of the City).

16.     In addition, nothing in the Claim suggests any liability by or on behalf of the City, and the City is not otherwise aware of any such potential liability to the Claimant.  The City therefore has determined that the Claimant

---

[3]     Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code.  See 11 U.S.C. § 901.

ATI-2604524v1

possesses no right to payment on account of the Claim, and the Claim should be disallowed.

## Reservation of Rights

17.    The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

18.    Notice of this Objection has been given to the Claimant and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. The City submits that no other or further notice need be provided.

## No Prior Request

19.    No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court: (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  May 15, 2014        Respectfully submitted,


/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone:  (313) 234-7100
Facsimile:  (313) 234-2800
jsimon@foley.com
tdolcourt@foley.com

ATTORNEYS FOR THE CITY

Form B20B (Official Form 20B)
12/1/2010

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
      Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

**NOTICE OF OBJECTION OF THE CITY OF DETROIT,
PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF OF
<u>CLAIM NUMBER 2923 FILED BY VINCENT ELLIS, NEXT FRIEND LAILA ELLIS</u>**

      The City of Detroit (the "<u>City</u>") has filed an objection to your claim in this bankruptcy case.

      <u>**Your claim may be reduced, modified, or denied.**</u>  **You should read these papers carefully and discuss them with your attorney, if you have one.**

      If you do not want the Court to deny or change your claim, then on or before June 18, 2014, you or your lawyer must:

1.      File with the Court a written response to the objection, explaining your position, at:

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

      If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

ATI-2604524v1

You must also mail a copy to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett, Esq.
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

John A. Simon, Esq.
Tamar N. Dolcourt, Esq.
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

2.      Attend the hearing on the objection, scheduled to be held on June 25, 2014, at 10:00 a.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, unless your attendance is excused by mutual agreement between yourself and counsel for the City.  (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received.  A pre trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Dated:  May 15, 2014                    Respectfully submitted,


                                        /s/  Heather Lennox
                                        David G. Heiman (OH 0038271)
                                        Heather Lennox (OH 0059649)
                                        Thomas A. Wilson (OH 0077047)
                                        JONES DAY
                                        North Point
                                        901 Lakeside Avenue
                                        Cleveland, Ohio  44114
                                        Telephone:  (216) 586-3939
                                        Facsimile:  (216) 579-0212
                                        dgheiman@jonesday.com
                                        hlennox@jonesday.com
                                        tawilson@jonesday.com

                                        Bruce Bennett (CA 105430)
                                        JONES DAY
                                        555 South Flower Street
                                        Fiftieth Floor
                                        Los Angeles, California 90071
                                        Telephone:  (213) 243-2382
                                        Facsimile:  (213) 243-2539
                                        bbennett@jonesday.com

                                        John A. Simon (P61866)
                                        Tamar N. Dolcourt (P73425)
                                        FOLEY & LARDNER LLP
                                        500 Woodward Avenue, Suite 2700
                                        Detroit, Michigan 48226
                                        Telephone:  (313) 234-7100
                                        Facsimile:  (313) 234-2800
                                        jsimon@foley.com
                                        tdolcourt@foley.com

                                        ATTORNEYS FOR THE CITY

# **EXHIBIT 1**

ATI-2604524v1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-----------------------------------------------------x
                                    :
In re                               :        Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :        Case No. 13-53846
                                    :
                   Debtor.          :        Hon. Steven W. Rhodes
                                    :
                                    :
                                    :
-----------------------------------------------------x
```

**ORDER DISALLOWING AND**
**EXPUNGING CLAIM NUMBER 2923 FILED BY**
**VINCENT ELLIS, NEXT FRIEND LAILA ELLIS**

This matter coming before the Court on the Objection of the City of

Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy

Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2923 Filed by

Vincent Ellis, Next Friend Laila Ellis (the "Objection"),[1] filed by the City of

Detroit (the "City"); the Court having reviewed the Objection and having heard the

statements of counsel regarding the relief requested in the Objection at a hearing

before the Court (the "Hearing"); the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
them in the Objection.

and the Hearing was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.     The Objection is SUSTAINED.

2.     Pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged in its entirety.

3.     The City, the City's claims and noticing agent and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

# EXHIBIT 2

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   EASTERN DISTRICT OF MICHIGAN | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor:

City of Detroit Public Schools

Case Number:

13-53846

**FILED**

FEB 2 1 2014

US Bankruptcy Court
MI Eastern District

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Vincent Ellis, next friend Laila Ellis

Name and address where notices should be sent:
Fieger, Fieger, Kenney, Giroux & Harrington, P.C.
19390 West Ten Mile Road
Southfield, MI 48075

Telephone number: (248) 355-5555    email: g.felty@fiegerlaw.com

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:**    $_____10,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    Personal Injury
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
6  8  3  3

**3a.** Debtor may have scheduled account as:
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_____
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate**_____% ❏ Fixed  or  ❏ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

1353846140221000000000276

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:   Please refer to Addendum attached.

**RECEIVED**

**FEB 2 4 2014**

**8. Signature:** (See instruction #8)

**KURTZMAN CARSON CONSULTANTS**

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Gary J. Felty
Title:   Attorney
Company:   Fieger, Fieger, Kenney, Giroux & Harrington
Address and telephone number (if different from notice address above):

(Signature)          2-21-14   (Date)

Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any one category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2923 Filed by Vincent Ellis, Next Friend Laila Ellis was filed and served via the Court's electronic case filing and noticing system on this 15th day of May, 2014.

/s/  Heather Lennox