# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                  :
In re                             :          Chapter 9
                                  :
CITY OF DETROIT, MICHIGAN,        :          Case No. 13-53846
                                  :
                    Debtor.       :          Hon. Steven W. Rhodes
                                  :
                                  :
-----------------------------------------------------x
```

## OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF OF CLAIM NUMBER 2113 FILED BY KAREN HARALSON, A MINOR, BY HER NEXT FRIEND WANDA BLADSOE

The City of Detroit (the "City") hereby: (a) objects, pursuant to sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") to proof of claim number 2113 (the "Claim") filed by Karen Haralson, a minor, by her next friend Wanda Bladsoe (the "Claimant") because the City has no liability to the Claimant on account of the Claim; and (b) seeks the entry of an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed Order"), disallowing and expunging the Claim. A copy

ATI-2604522v1

of the Claim is attached hereto as <u>Exhibit 2</u>.  In support of this Objection, the City respectfully represents as follows:

## <u>General Background</u>

1.      On July 18, 2013, the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "<u>Emergency Manager</u>") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, <u>et</u> <u>seq.</u> ("<u>PA 436</u>").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

4.      On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be

further amended, modified or supplemented from time to time, the "<u>Plan</u>") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "<u>Disclosure Statement</u>").  That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

### Background Regarding the Claims Process

5.     On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "<u>Bar Date Order</u>"). The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time, as the general deadline for the filing of proofs of claim in the City's chapter 9 case.

6.     On December 24, 2013, the Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "<u>ADR Order</u>").  The ADR Order established procedures (the "<u>ADR Procedures</u>") for the liquidation of certain prepetition claims (collectively, the "<u>Designated Claims</u>").  In addition, the ADR Order provisionally

identified certain claims (collectively, the "Initial Designated Claims") as

Designated Claims and, therefore, subject to the ADR Procedures. The Initial

Designated Claims consist of: (a) personal injury tort or wrongful death claims,

(b) property damage claims; and (c) claims, to the extent not satisfied in the

ordinary course, relating to the operation of motor vehicles for which the City is

self-insured pursuant to chapter 31 of Michigan's Insurance Code of 1956, M.C.L.

§§ 500.3101, et seq.

## Relief Requested

7.　　Pursuant to sections 105 and 502(b) of the Bankruptcy Code,

Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order

disallowing and expunging the Claim because the Claim asserts alleged liabilities

for which the City is not responsible as a matter of law.

## The Court's Jurisdiction to Disallow and Expunge the Claim

8.　　This Court has jurisdiction to consider this matter pursuant to

section 1334 of title 28 of the United States Code (the "Judicial Code"). Venue is

proper before this Court pursuant to sections 1408 and 1409 of the Judicial Code.

9.　　Section 157(b) of the Judicial Code sets forth various "core

proceedings" with respect to which bankruptcy courts are authorized to enter final

orders, subject only to appellate review under section 158 of the Judicial Code.

See 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases

under title 11 and all core proceedings arising under title 11, or arising in a case

under title 11, referred under subsection (a) of this section, and may enter

appropriate orders and judgments, subject to review under section 158 of this

title.").

      10.     Section 157(b)(2) of the Judicial Code provides a nonexclusive

list of core proceedings, including proceedings for the "allowance or disallowance

of claims,"[1] but excepts from such proceedings "the liquidation or estimation of

contingent or unliquidated personal injury tort or wrongful death claims against the

estate for purposes of distribution in a case under title 11" (any such claim,

---

[1]     With respect to the allowance and disallowance of claims,
section 157(b)(2)(B) of the Judicial Code provides that core proceedings
include proceedings for the:

> allowance or disallowance of claims against the estate or
> exemptions from property of the estate, and estimation of
> claims or interests for the purposes of confirming a plan under
> chapter 11, 12, or 13 of title 11 but not the liquidation or
> estimation of contingent or unliquidated personal injury tort or
> wrongful death claims against the estate for purposes of
> distribution in a case under title 11 . . . .

28 U.S.C. § 157(b)(2)(B). As a technical matter, therefore, section 157(b) of
the Judicial Code does not provide that proceedings relating to the allowance
or disallowance of claims against a chapter 9 debtor constitute core
proceedings because there is no estate in chapter 9. See 11 U.S.C. § 901
(not incorporating into chapter 9 practice section 541 of the Bankruptcy
Code, which provides for the creation of the estate). Nevertheless, the
allowance and disallowance of claims is equally central to the bankruptcy
process in chapter 9, and the enumerated list of core proceedings in
section 157 of the Judicial Code is expressly nonexclusive.

a "Tort/Wrongful Death Claim").  28 U.S.C. § 157(b)(2)(B); see also 28 U.S.C.

§ 157(b)(2)(O) (providing that "other proceedings affecting the liquidation of the

assets of the estate or the adjustment of the debtor-creditor or the equity security

holder relationship" constitute core proceedings "except personal injury tort or

wrongful death claims").

11.    The Judicial Code further provides that Tort/Wrongful Death

Claims "be tried in the district court in which the bankruptcy case is pending, or in

the district court in the district in which the claim arose, as determined by the

district court in which the bankruptcy case is pending."  28 U.S.C. § 157(b)(5).

12.    The Judicial Code therefore establishes that the trial of

Tort/Wrongful Death claims for the purpose of liquidating or estimating the claims

be conducted in the appropriate district court.  Courts consistently hold, however,

that threshold challenges to the validity of Tort/Wrongful Death Claims may be

adjudicated on a final basis by bankruptcy courts.  See, e.g., In re Chateaugay

Corp., 111 B.R. 67, 73-74 (Bankr. S.D.N.Y. 1990) (where debtors filed objections

to numerous Personal Injury Claims on grounds that such claims were (a) asserted

against the wrong defendants and (b) barred by the "government contractor

defense," holding that the bankruptcy court had jurisdiction to resolve the

objections because "[a]lthough [section] 157(b)(2)(B) restricts a bankruptcy court's

power to liquidate or estimate personal injury tort or wrongful death claims for

purposes of distribution, *it imposes no corollary restriction upon a bankruptcy court's ability to disallow such claims in the first instance if they are not sustainable at law*") (emphasis added), aff'd in relevant part and rev'd on other grounds, 146 B.R. 339 (S.D.N.Y. 1992); In re Dow Corning Corp., 215 B.R. 346, 352 (Bankr. E.D. Mich. 1997) (where the debtor (a) objected to certain Personal Injury Claims on grounds that the claimants could not scientifically prove that the claimants' injuries were caused by the debtor's products and (b) moved for summary judgment seeking disallowance of all similar claims, applying Chateaugay in holding that "a bankruptcy court may enter a final order on a motion for summary judgment disallowing a personal injury claim without running afoul of the 'but not the liquidation' clause of [section] 157(b)(2)(B)"), modified, 215 B.R. 526 (Bankr. E.D. Mich. 1997) (recommending withdrawal of reference for purposes of judicial economy); In re UAL Corp., 310 B.R. 373, 383 (Bankr. N.D. Ill. 2004) (relying upon Dow Corning, among other cases, in holding that the bankruptcy court had jurisdiction to sustain debtors' objection seeking disallowance of a personal injury claim; "[A]n objection to the legal validity of a personal injury tort claim does not fall within the personal injury exception to the core bankruptcy jurisdiction conferred by [section] 157(b)(2)(B), and this court may enter a final order dealing with the debtors' pending objection to the [claimants'] claim.").

13.     The City believes that the Claim may be a Tort/Wrongful Death Claim within the meaning of section 157 of the Judicial Code.  The City has reviewed the Claim, however, and has determined that threshold infirmities render the Claim invalid against the City as a matter of law.  Specifically, as more fully discussed below, the Claim asserts alleged liabilities against one or more entities for which the City is not legally or financially responsible.  Accordingly, this proceeding is a core proceeding, and the Court is authorized to enter a final order disallowing and expunging the Claim.

## Request to Disallow the Claim

14.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability.  See 11 U.S.C. §§ 101(5), 101(10).[2]  By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor.  Section 502(b)(1) of the Bankruptcy Code further provides that a claim asserted in a proof of claim shall be allowed,

---

[2]     Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor."  11 U.S.C. § 101(10).  Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment."  11 U.S.C. § 101(5).

except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. §502(b)(1).[3]

15.     The City has reviewed the Claim and the alleged facts and circumstances surrounding the Claim and has determined that the Claim is not a valid liability of the City. The Claim asserts liabilities in the amount of $500,000 as damages arising from an alleged incident involving the Claimant and a certain Officer Jenkins (badge number 73) at Marion Law Academy (the "School") on April 17, 2013. See Claim, at 1-3. The School is a school within the Detroit Public Schools system ("DPS"), which is a separate and distinct legal entity from the City. At all relevant times, Officer Jenkins was an employee of DPS. As such, the City is not responsible for any liabilities asserted in the Claim against Officer Jenkins, the School or DPS.

> The board of education is not a part of the city of Detroit. It is a separate legal entity . . . . 'The board of education, though existing for purposes strictly public, is nevertheless a distinct corporation from the city, having its distinct property and funds, and entitled to demand for them the same protection which may be demanded by other corporations or individuals.

---

[3]     Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code. See 11 U.S.C. § 901.

<u>Herzog v City</u>, 142 N.W.2d 672, 678 (Mich. 1966) (Adams, J. concurring in part);

<u>see</u> <u>also</u> <u>Attorney General v Thompson</u>, 134 N.W. 722, 727 (Mich. 1912) (holding

that the liabilities of Detroit's school system are not liabilities of the City).

16.     In addition, the City is not otherwise aware of any basis for

which it may be held responsible for the alleged liabilities asserted therein.

The City therefore has determined that the Claimant possesses no right to payment

on account of the Claim, and the Claim should be disallowed.

### Reservation of Rights

17.     The City files this Objection without prejudice to or waiver of

its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is

intended to, shall constitute or shall be deemed to constitute the City's consent,

pursuant to section 904 of the Bankruptcy Code, to this Court's interference with

(a) any of the political or governmental powers of the City, (b) any of the property

or revenues of the City or (c) the City's use or enjoyment of any income-producing

property.

### Notice

18.     Notice of this Objection has been given to the Claimant and all

parties that have requested notice in this case pursuant to Bankruptcy Rule 2002.

The City submits that no other or further notice need be provided.

## **No Prior Request**

19.    No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court:  (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: May 15, 2014                    Respectfully submitted,


                                       /s/  Heather Lennox
                                       David G. Heiman (OH 0038271)
                                       Heather Lennox (OH 0059649)
                                       Thomas A. Wilson (OH 0077047)
                                       JONES DAY
                                       North Point
                                       901 Lakeside Avenue
                                       Cleveland, Ohio  44114
                                       Telephone:  (216) 586-3939
                                       Facsimile:  (216) 579-0212
                                       dgheiman@jonesday.com
                                       hlennox@jonesday.com
                                       tawilson@jonesday.com

                                       Bruce Bennett (CA 105430)
                                       JONES DAY
                                       555 South Flower Street
                                       Fiftieth Floor
                                       Los Angeles, California 90071
                                       Telephone:  (213) 243-2382
                                       Facsimile:  (213) 243-2539
                                       bbennett@jonesday.com

                                       John A. Simon (P61866)
                                       Tamar N. Dolcourt (P73425)
                                       FOLEY & LARDNER LLP
                                       500 Woodward Avenue, Suite 2700
                                       Detroit, Michigan 48226
                                       Telephone:  (313) 234-7100
                                       Facsimile:  (313) 234-2800
                                       jsimon@foley.com
                                       tdolcourt@foley.com

                                       ATTORNEYS FOR THE CITY

Form B20B (Official Form 20B)
12/1/2010

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
     Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

**NOTICE OF OBJECTION OF THE CITY OF DETROIT,**
**PURSUANT TO SECTIONS 105 AND 502(b) OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND**
**LOCAL RULE 3007-1, TO PROOF OF CLAIM NUMBER 2113 FILED BY**
**KAREN HARALSON, A MINOR, BY HER NEXT FRIEND WANDA BLADSOE**

The City of Detroit (the "City") has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or denied.** **You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before June 18, 2014, you or your lawyer must:

1.    File with the Court a written response to the objection, explaining your position, at:

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett, Esq.
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

John A. Simon, Esq.
Tamar N. Dolcourt, Esq.
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

2.     Attend the hearing on the objection, scheduled to be held on June 25, 2014, at 10:00 a.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, unless your attendance is excused by mutual agreement between yourself and counsel for the City. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Dated:  May 15, 2014                    Respectfully submitted,


                                        /s/  Heather Lennox
                                        David G. Heiman (OH 0038271)
                                        Heather Lennox (OH 0059649)
                                        Thomas A. Wilson (OH 0077047)
                                        JONES DAY
                                        North Point
                                        901 Lakeside Avenue
                                        Cleveland, Ohio  44114
                                        Telephone:  (216) 586-3939
                                        Facsimile:  (216) 579-0212
                                        dgheiman@jonesday.com
                                        hlennox@jonesday.com
                                        tawilson@jonesday.com

                                        Bruce Bennett (CA 105430)
                                        JONES DAY
                                        555 South Flower Street
                                        Fiftieth Floor
                                        Los Angeles, California 90071
                                        Telephone:  (213) 243-2382
                                        Facsimile:  (213) 243-2539
                                        bbennett@jonesday.com

                                        John A. Simon (P61866)
                                        Tamar N. Dolcourt (P73425)
                                        FOLEY & LARDNER LLP
                                        500 Woodward Avenue, Suite 2700
                                        Detroit, Michigan 48226
                                        Telephone:  (313) 234-7100
                                        Facsimile:  (313) 234-2800
                                        jsimon@foley.com
                                        tdolcourt@foley.com

                                        ATTORNEYS FOR THE CITY

# EXHIBIT 1

ATI-2604522v1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
                                          :
In re                                     :          Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :          Case No. 13-53846
                                          :
                              Debtor.     :          Hon. Steven W. Rhodes
                                          :
                                          :
-------------------------------------------------------x

## ORDER DISALLOWING AND EXPUNGING CLAIM
## NUMBER 2113 FILED BY KAREN HARALSON, A
## MINOR, BY HER NEXT FRIEND WANDA BLADSOE

This matter coming before the Court on the Objection of the City of

Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy

Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2113 Filed by Karen

Haralson, a Minor, by Her Next Friend Wanda Bladsoe (the "Objection"),[1] filed by

the City of Detroit (the "City"); the Court having reviewed the Objection and

having heard the statements of counsel regarding the relief requested in the

Objection at a hearing before the Court (the "Hearing"); the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
        them in the Objection.

ATI-2604522v1

of the Objection and the Hearing was sufficient under the circumstances and in full

compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules

and the Local Rules; and the Court having determined that the legal and factual

bases set forth in the Objection and at the Hearing establish just cause for the relief

granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED.

2.      Pursuant to section 502(b) of the Bankruptcy Code, the Claim is

disallowed and expunged in its entirety.

3.      The City, the City's claims and noticing agent and the Clerk of

this Court are authorized to take any and all actions that are necessary or

appropriate to give effect to this Order.

# **EXHIBIT 2**

ATI-2604522v1

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | |
|---|---|---|

**FILED**
CHAPTER
PROOF OF CLAIM

**FEB 2 1 2014**

U.S. Bankruptcy Court
Eastern District

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Karen Haralson, minor, by her next friend Wanda Bladsoe**

Name and address where notices should be sent:

**Varjabedian Attorneys, P.C.**

**29777 Telegraph Road, Ste 2175, Southfield, MI 48034**

**(248) 355-0000**          ernesto@varj.com
Telephone number:              email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:              email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 2 4 2014**

**KURTZMAN CARSON CONSULTANTS**

**1. Amount of Claim as of Date Case Filed:**   $   **500,000.00**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Damages from Assault, Battery, False Imprisonment, and Intentional Infliction of emotional
(See instruction #2)       distress caused by City of Detroit Police Officer Jenkins (Badge #73)

**3. Last four digits of any number by which creditor identifies debtor:**
    **4297**

**3a. Debtor may have scheduled account as:_____**
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate (when case was filed)____%** ☐ Fixed  or  ☐ Variable

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**   $_____

**Basis for perfection:** _____

**Amount of Secured Claim:**   $_____

**Amount Unsecured:**   $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $_____

**5b. Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____.   $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:   See attached summary. A lawsuit was not initiated prior to the bankruptcy.

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.     ☒ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  **Ernesto E. Bridgnanan**
Title:  **Attorney**
Company:  **Varjabedian Attorneys, P.C.**
Address and telephone number (if different from notice address above):

(Signature)          2/19/14
                    (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment

I. *Information about Claimant*

    **Name of claimant:** Karen Haralson

    **Date of birth:** 10/13/2000

    **Address of claimant:** 18888 Concord St., Detroit, MI 48234

II. *Information about the Incident*

    **Date of arrest:** 4/17/2013

    **Events Leading to Injury:** Karen Haralson, age 13, is a special needs minor that suffers from a wide variety of disorders including, but not limited to, ADHD and post traumatic stress disorder. On or about April 17, 2013, Karen was involved in a fight with a school mate after school around 4:00pm. Officer Jenkins (Badge No. 73) arrived at the scene and violently pulled and tossed Karen calling her various names such as "dumbass kid." Officer Jenkins pushed Karen into a motor vehicle and violently placed her in handcuffs. He also re-handcuffed Karen and placed her into police custody after Karen's mother threatened to file a complaint.

III. *Theories of Liability*

    A.    Negligence, assault, battery, intentional infliction of emotional distress, false imprisonment, recklessness, and willful and wanton misconduct.

    B.    Gross negligence; Governmental Immunity from Tort Liability, MCL 691.1407 et seq.

COMPLAINANT NAME: Wanda Bledsoe-Haralson

ADDRESS: 18888 Cincord St

PHONE #: 313-728-7611

DATE OF BIRTH: 7-8-77

DATE: 7-18-2013

TIME:

PLACE OF OCCURANCE: Marion Law Academy

COMPLAINT AGAINST: Officer Jenkins 73

SCHOOL OF OCCURRENCE: Marion Law Academy

PARENTS: Wanda Bledsoe-Haralson

WITNESS: Nancy Haralson, Karen Haralson

Due to myself arriving at the school Karen Haralson was in handcuffs after she "had gotten into a fight with Laejah I was told that Officer Jenkins threw her into a chair and also my daughter said she was handled like a rag doll. The school did not notify me of what was going on. After he released Karen I told the school I would be making a complaint against them (the school) and I told Officer Jenkins I would be taking my daughter to the hospital the school knows that Karen takes medication I also to me Jenkins myself when I arrived so after I said I'm taking her to the hospital he asked me if he can take her and I said no. So he then again hand cuffed her and brought her down to the station on April 17 - 2013 Karen has ADHD, PTSD, DDS         A stupid
HE CALLED ASS Kid

# <u>CERTIFICATE OF SERVICE</u>

I, Heather Lennox, hereby certify that the foregoing Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2113 Filed by Karen Haralson, a Minor, by Her Next Friend Wanda Bladsoe was filed and served via the Court's electronic case filing and noticing system on this 15th day of May, 2014.

/s/  Heather Lennox