IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :   Chapter 9
                                                        :
                                                        :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :   Hon. Steven W. Rhodes
                          Debtor                        :
------------------------------------------------------- x

### DEBTOR'S OBJECTION TO CLAIM NUMBER 3236 FILED BY LUCINDA DARRAH

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim number 3236 (the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form of the proposed order attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On February 21, 2014, Lucinda Darrah filed the Claim. A copy of the as-filed Claim is attached hereto as Exhibit 2.

7. The Claim seeks $150,000,000.00 "to buy garbage & recycling trucks & keep city workers handling our garbage."

8. The stated basis for the Claim is "I want Detroiters to control their own garbage and let the citizens in the districts run it."

9. There are no supporting documents attached to the Claim which explain or support the basis for the Claim.

10. The Claim does not identify why the City is liable to Ms. Darrah for $150 million or how the amount of the Claim was calculated.

**RELIEF REQUESTED**

11. The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing

2
4825-7323-2411.1

13-53846-tjt    Doc 4855    Filed 05/15/14    Entered 05/15/14 15:27:51    Page 2 of 5

and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

**BASIS FOR RELIEF REQUESTED**

  a. *The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

12. Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed. Rule 3001(f).

13. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

14. In this case, the Claim is not a properly filed proof of claim within the meaning of Rule 3001(f). It does not identify any basis upon which the City owes Ms. Darrah $150 million for the purchase of garbage and recycling trucks, and it does not provide any evidence to support the $150 million claim amount.

15. The Claim fails to meet the standards of Rule 3001 (f), and should not be considered either valid, nor should its stated value of $150 million be accepted by this Court. Rather, it should be disallowed and expunged.

  b. *Even if the Court Finds the Claim Meets the Standards of Rule 3001(f), Ms. Darrah Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which She Cannot.*

16. Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount. *Id*. at 208. The objecting party must then present its own evidence challenging the validity of the proof of claim. *Dow*

3

*Corning*, 250 B.R. at 321. If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant. *Id*.

17. In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery. *Id*. at 307. The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been calculated. *Id*. at 322. The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government. *Id*.

18. Here, as in *Dow*, the lack of supporting documentation regarding the Claim, including the failure to identify any reason whatsoever that the City owes Ms. Darrah herself $150 million to purchase garbage and recycling trucks, and any basis for the asserted claim amount of $1,000,000 are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Ms. Darrah.

19. Ms. Darrah is unable to meet this burden. She has not provided any information or support to explain why the City owes her $150 million for the purchase of garbage and recycling trucks. The Claim also does not explain the calculations which led Ms. Darrah to assert a claim for $150 million. The Claim does not contain any evidence which supports it in any way. As such, it should be disallowed and expunged.

## **NOTICE**

20. The City has provided notice of this Objection to the claimant identified on Proof of Claim No. 3236 and all parties who have requested notice pursuant to Bankruptcy Rule 2002.

4
4825-7323-2411.1

13-53846-tjt    Doc 4855    Filed 05/15/14    Entered 05/15/14 15:27:51    Page 4 of 5

In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

21. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

        FOLEY & LARDNER LLP

        By: /s/ Tamar N. Dolcourt
        John A. Simon (P61866)
        Tamar N. Dolcourt (P73425)
        500 Woodward Ave., Ste. 2700
        Detroit, MI 48226
        313.234.7100
        jsimon@foley.com
        tdolcourt@foley.com
        *Counsel for the Debtor, City of Detroit, Michigan*