# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :  Chapter 9
                                                        :
                                                        :  Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :  Hon. Steven W. Rhodes
                        Debtor                          :
------------------------------------------------------- x

## DEBTOR'S OBJECTION TO CLAIM NUMBERS 1330 AND 1853 FILED BY RICKIE ALLEN HOLT ON BEHALF OF THE ABORIGINAL INDIGENOUS PEOPLES

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim numbers 1330 and 1853 (collectively the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form of the proposed order attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On February 20, 2014, Rickie Allen Holt filed the Claim on behalf of the Aboriginal Indigenous Peoples. A copy of the as-filed Claim is attached hereto as Exhibit 2.

7. The Claim seeks $7 billion dollars.

8. Claim number 1330 is identical to Claim number 1853.

9. The stated basis for the Claim is "Failure to acquire Aboriginal Indigenous Peoples expressed [sic] permission to file Chapter 9."

10. The documentation attached to the Claim does not provide any information to support the stated basis of the Claim or the basis upon which the $7 billion sought was calculated.

11. The documentation attached to the Claim appears to rely on excerpts of the Barbary Treaties 1786-1816, but does not explain the relation to the Claim.

## RELIEF REQUESTED

12. The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

13. Mr. Holt filed two identical claims. The City also seeks entry of an order disallowing and expunging Claim No. 1853 because it is duplicative of Claim 1330, pursuant to Section 502(b)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

*a. The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

14. Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed. Rule 3001(f).

15. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

16. In this case, the Claim is not a properly filed proof of claim within the meaning of Rule 3001(f). It does not provide any documents supporting the allegation that the City was obligated to seek the permission of the Aboriginal Indigenous Peoples to file this case. It does not explain the relevance of the excerpts of the Barbary Treaties which were attached to the Claim. Furthermore, it provides no basis for the $7 billion Mr. Holt seeks from the City on behalf of the Aboriginal Indigenous Peoples.

17. The Claim fails to meet the standards of Rule 3001(f), and should not be considered either valid, nor should its stated value of $7 billion be accepted by this Court. Rather, it should be disallowed and expunged.

> b. *Even if the Court Finds the Claim Meets the Standards of Rule 3001(f), Mr. Holt Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which He Cannot.*

18. Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount. *Id*. at 208. The objecting party must then present its own evidence challenging the validity of the proof of claim. *Dow Corning*, 250 B.R. at 321. If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant. *Id*.

19. In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery. *Id*. at 307. The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been calculated. *Id*. at 322. The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government. *Id*.

20. Here, as in *Dow*, the lack of supporting documentation regarding the Claim, including support for the stated basis of the Claim (i.e. that the City should have received express permission of the Aboriginal Indigenous Peoples to file this case), and any basis for the asserted claim amount of $7 billion are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Mr. Holt.

21. Mr. Holt is unable to meet this burden. Section 109(c) of the Bankruptcy Code lists the requirements to be a debtor under Chapter 9. These require only that the Debtor: (1) be a municipality; (2) be specifically authorized to be a debtor under state law or by a governmental officer or organization empowered by state law to authorize the entity to be a debtor; (3) be insolvent; (4) desire to effect a plan to adjust its debt; and (5) meet one of the tests regarding negotiations with its creditors. The Court has already determined that the City met these requirements. *Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946). There is no requirement under either the Bankruptcy Code or Michigan's Public Act 436, the state law authorizing the City to file this case, that the City obtain the permission of other groups before filing for Chapter 9, including the Aboriginal Indigenous Peoples. Because the City is not required to receive the permission of the Aboriginal Indigenous Peoples before filing Chapter 9, such alleged failure to do so cannot be the basis of a claim against the City, let alone a $7 billion claim.

22. To the extent the Claim relies on the excerpts of the Barbary Treaties attached to it, such reliance is unavailing. The Barbary Treaties pre-date the Bankruptcy Code by over 150 years. The Barbary Treaties are unrelated to bankruptcy issues, including without limitation, the requirements to file a Chapter 9 bankruptcy. The excerpts included in the Claim address shipping and transport of goods (Article 2); the rights of citizens captured on a ship (Article 3); obligations to provide provisions to naval ships (Article 6); obligations to provide assistance to stranded ships (Article 7); and commerce and consular relations between the United States and Tripoli (Article 9). None of the excerpts are related to the Bankruptcy Code or this case. The Claim does not explain the connection between the excerpts of the Barbary Treaties and Chapter 9 and there is none.

4852-7029-9163.2

23.     Furthermore, other federal courts have found that any purported reliance on the Barbary Treaties with respect to civil claims which arise within the United States to be "facially frivolous." *Windom v. City of Rochester*, 2012 U.S. Dist LEXIS 60270, *21 (W.D.N.Y. Apr. 29, 2012) (collecting numerous cases where courts have dismissed actions based on various Barbary Treaties). The same is true here. The Barbary Treaties have no relevance to this case or the Claim.

24.     Mr. Holt has failed to meet the burden of persuasion with respect to the Claim. The City was not obligated to receive the express permission of the Aboriginal Indigenous People to file Chapter 9. Therefore, the failure to do so cannot be the basis of a claim against the City. Additionally, any reliance on the Barbary Treaties is frivolous and should not be considered by the Court. The Claim should be disallowed and expunged.

25.     Furthermore Mr. Holt is not entitled to assert two identical claims. Claim No. 1330 and Claim No. 1853 are duplicates of one another. Claim No. 1853 should be disallowed and expunged as a duplicate claim.

## RESERVATION OF RIGHTS

26.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

**27.**     The City has provided notice of this Objection to the claimant identified on Proof of Claim Nos. 1330 and 1853, and all other parties who requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

28.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

        FOLEY & LARDNER LLP

        By: /s/ Tamar N. Dolcourt
        John A. Simon (P61866)
        Tamar N. Dolcourt (P73425)
        500 Woodward Ave., Ste. 2700
        Detroit, MI 48226
        313.234.7100
        jsimon@foley.com
        tdolcourt@foley.com
        *Counsel for the Debtor, City of Detroit, Michigan*