IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :   Chapter 9
                                                        :
                                                        :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :   Hon. Steven W. Rhodes
                                           Debtor       :
------------------------------------------------------- x

# DEBTOR'S OBJECTION TO CLAIM NUMBER 2021
# FILED BY EDWARD L. GILDYARD

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim number 2021 (the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form of the order attached hereto as Exhibit 1, respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "<u>Bar Date Order</u>") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "<u>Bar Date</u>").

6. On February 20, 2014, Edward L. Gildyard filed the Claim. A copy of the as-filed Claim is attached hereto as <u>Exhibit 2</u>.

7. The Claim seeks $2,000,000.00.

8. The stated basis for the Claim is "services performed."

9. There are no supporting documents attached to the Claim which explain or support the basis for the Claim.

10. The Claim does not identify the services which were allegedly performed, the date upon which such alleged services were performed, the value of the alleged services or any other information whatsoever to support the Claim.

**RELIEF REQUESTED**

11. The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing

and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

### BASIS FOR RELIEF REQUESTED

    *a. The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

12.    Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed. Rule 3001(f).

13.    In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

14.    In this case, the Claim is not a properly filed proof of claim within the meaning of Rule 3001(f). There are no supporting documents to justify the stated basis of the Claim. It does not identify the alleged services at issue, the date upon which the alleged services were performed, the value of the alleged services, and it does not provide any evidence to support the $2 million Mr. Gildyard seeks from the City.

15.    The Claim fails to meet the standards of Rule 3001(f), and should not be considered either valid, nor should its stated value of $2 million be accepted by this Court. Rather, it should be disallowed and expunged.

    *b. Even if the Court Finds the Claim Meets the Standards of Rule 3001(f), Mr. Gildyard Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which He Cannot.*

16.    Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount. *Id*. at 208. The objecting

party must then present its own evidence challenging the validity of the proof of claim. *Dow Corning*, 250 B.R. at 321. If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant. *Id*.

17. In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery. *Id*. at 307. The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been calculated. *Id*. at 322. The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government. *Id*.

18. Here, there is no supporting documentation to validate the Claim. As in *Dow*, the failure to identify the services which were allegedly rendered, and any basis for the asserted claim amount of $2,000,000 are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Mr. Gildyard.

19. Mr. Gildyard is unable to meet this burden. The City cannot even identify alleged services he claims were performed, let alone the basis of the $2 million purported value of those alleged services. The Claim does not contain any documentation which supports it in any way. As such, it should be disallowed and expunged.

## RESERVATION OF RIGHTS

**20.** The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to

this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

21.     The City has provided notice of this Objection to the claimant identified on Proof of Claim No. 2021 and all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

22.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

          FOLEY & LARDNER LLP

          By: /s/ Tamar N. Dolcourt
          John A. Simon (P61866)
          Tamar N. Dolcourt (P73425)
          500 Woodward Ave., Ste. 2700
          Detroit, MI 48226
          313.234.7100
          jsimon@foley.com
          tdolcourt@foley.com
          *Counsel for the Debtor, City of Detroit, Michigan*

# EXHIBIT 1: PROPOSED ORDER

4832-5723-4715.1

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :  Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                              :  Case No. 13-53846
                                                        :
                            Debtor                      :  Hon. Steven W. Rhodes
------------------------------------------------------- x

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM NUMBER 2021 FILED BY EDWARD L. GILDYARD

Upon the Debtor's Objection to Claim No. 2021, dated May 15, 2014 (the "Objection"),[1] of the Debtor, City of Detroit, Michigan, (the "City"), seeking entry of an order disallowing and expunging Claim No. 2021 (the "Claim"), and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any objections to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

4832-5723-4715.1

establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore; it is hereby

ORDERED, DECREED AND ADJUDGED that:

1. The Objection is granted as set forth herein.

2. Claim No. 2021 is hereby disallowed and expunged, pursuant to Section 502(b) of the Bankruptcy Code.

3. The City's claims agent is hereby authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

**EXHIBIT 2: CLAIM NO. 2021**

4832-5723-4715.1