## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------------x
                                   :
In re                              :          Chapter 9
                                   :
CITY OF DETROIT, MICHIGAN,         :          Case No. 13-53846
                                   :
                      Debtor.      :          Hon. Steven W. Rhodes
                                   :
                                   :
                                   :
-------------------------------------------------------x
```

**THIRD OMNIBUS OBJECTION OF THE CITY OF DETROIT,
PURSUANT TO SECTIONS 105 AND 502(b) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL
RULE 3007-1, TO CERTAIN EMPLOYEE PROOFS OF CLAIM
THAT ARE DUPLICATIVE OF ONE OR MORE UNION CLAIMS**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS
OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND
LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 2 ATTACHED TO
THIS OBJECTION.**

---

The City of Detroit (the "City") hereby:  (a) objects, pursuant to

sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the

Eastern District of Michigan (the "Local Rules") to certain proofs of claim

(collectively, the "Duplicate Claims") filed by certain City employees (collectively,

the "Claimants") because the Duplicate Claims assert liabilities that are duplicative

of the liabilities asserted in certain proofs of claim (together, the "Union Claims")

filed by unions that represent the Claimants (collectively, the "Unions"); and

(b) seeks the entry of an order, substantially in the form attached hereto as

Exhibit 1, disallowing and expunging the Duplicate Claims.  In accordance with

Bankruptcy Rule 3007, a schedule identifying each of the Duplicate Claims

alphabetically by last name of Claimant is attached hereto as Exhibit 2.  In support

of this Objection, the City respectfully represents as follows:

## General Background

1.      On July 18, 2013, the City filed a petition for relief in this

Court, thereby commencing the largest chapter 9 case in history.

2.      As of June 30, 2013 — the end of the City's 2013 fiscal year —

the City's liabilities exceeded $18 billion (including, among other things, general

obligation and special revenue bonds, unfunded actuarially accrued pension and

other postemployment benefit liabilities, pension obligation certificate liabilities

and related derivative liabilities).  As of June 30, 2013, the City's accumulated

unrestricted general fund deficit was approximately $237 million.

3.      In February 2013, a state review team determined that a local

government financial emergency exists in the City.  Thereafter, in March 2013,

Kevyn D. Orr was appointed, and now serves as, emergency manager with respect

to the City (in such capacity, the "Emergency Manager") under Public Act 436 of

2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq.

("PA 436").  Under Section 18(1) of PA 436, the Emergency Manager acts

exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

4. On May 5, 2014, the City filed the Fourth Amended Plan for

the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be

further amended, modified or supplemented from time to time, the "Plan") and the

Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for

the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure

Statement").  That same day, the Court entered the Order Approving the Proposed

Disclosure Statement (Docket No. 4401), thereby approving the Disclosure

Statement as containing "adequate information" with respect to the Plan, pursuant

to section 1125(a)(1) of the Bankruptcy Code.

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

## Background Regarding the Claims Process and the Union Claims

6. On November 21, 2013, the Court entered the Order, Pursuant

to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002

and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving

Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order").

The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time

(the "General Bar Date"), as the general deadline for the filing of proofs of claim in

the City's chapter 9 case.

7.     On the General Bar Date, the Coalition of Detroit Unions

(the "Coalition") filed proof of claim number 2851 (the "Coalition Claim").

According to the Coalition Claim, the Coalition consists of the following unions:

> (a)     Michigan AFSCME Council 25 and its affiliated
>         Detroit local unions ("AFSCME");
> (b)     Association of Professional and Technical
>         Employees ("APTE");
> (c)     Detroit Police Detention Officers Association,
> (d)     Senior Accountants, Analysts and Appraisers
>         Association ("SAAA");
> (e)     Teamsters, Local 214;
> (f)     Association of Municipal Inspectors,
> (g)     Michigan Building Trades Council and its
>         affiliated unions;
> (h)     International Union of Operating Engineers, Local
>         324;
> (i)     UAW PAA Local 2211;
> (j)     Association of City of Detroit Supervisors;
> (k)     Detroit Income Tax Investigators Association; and
> (l)     SEIU Local 517M.

Coalition Claim, at 1.  The Coalition Claim asserts liabilities against the City in the

total amount of not less than $242,586,116.50 arising from cuts in employment

benefits imposed by the City in connection with the implementation of "City

Employment Terms" ("CETs") in July 2012.  See Coalition Claim, at 1-3, Ex. 1.

8.      Also on the General Bar Date, AFSCME filed proof of claim

number 2958 (the "AFSCME Claim").  The AFSCME Claim asserts the following

liabilities against the City in the aggregate amount of not less than

$8,718,697,854.82:

> (a)    unfunded or underfunded pension obligations (including annuity savings fund obligations) owed with respect to the City's General Retirement System;
>
> (b)    other unfunded or underfunded post-employment benefit obligations (including obligations owed with respect to the City's Health and Life Insurance Benefit Plan and/or the Supplemental Death Benefit Plan and/or other non-pension postemployment welfare benefits, including unfunded actuarially accrued liabilities);
>
> (c)    grievances and other disputes under the various union contracts, the CETs or other contractual obligations;
>
> (d)    monies owed for violations of local, state or federal law, unfair labor practice charges;
>
> (e)    monies owed due to uncompensated services performed; and
>
> (f)    any other claims which arose before July 18, 2013.

AFSCME Claim, at 1.

## Relief Requested

9.      Pursuant to sections 105 and 502(b) of the Bankruptcy Code,

Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order

disallowing and expunging the Duplicate Claims because each of the Duplicate

Claims is duplicative of and subsumed within the Coalition Claim and, in the case of Claimants affiliated with AFSCME, the AFSCME Claim.[1]

10.  Attached hereto as Exhibit 2 is a schedule identifying each Duplicate Claim by claim number, Claimant and claim amount.  In addition, Exhibit 2 provides the union affiliation of each Claimant according to the City's books and records.  As set forth on Exhibit 2, all of the Claimants are affiliated with one of the members of the Coalition, and the vast majority of the Claimants are affiliated with AFSCME.

## Request to Disallow the Duplicate Claims

11.  Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability.  <u>See</u> 11 U.S.C. §§ 101(5), 101(10).[2]  By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor.  Where two or more claims assert duplicative liabilities, the allowance of such claims could inappropriately lead to

---

[1]  Contemporaneously herewith, the City is filing substantive objections to the Coalition Claim and the AFSCME Claim, among other claims.

[2]  Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor."  11 U.S.C. § 101(10).  Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment."  11 U.S.C. § 101(5).

multiple recoveries to a creditor on account of a single claim to the detriment of other creditors. Accordingly, the City cannot be required to pay on the same claim more than once.

12. Section 502(a) of the Bankruptcy Code provides that "a claim . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[3] Section 502(b)(1) of the Bankruptcy Code further provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. §502(b)(1). Bankruptcy Rule 3007(d) allows the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be reclassified or disallowed, in whole or in part, because "they duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).

13. The City has reviewed the Duplicate Claims and has determined that each of the Duplicate Claims asserts liabilities that are duplicative of liabilities asserted in the Coalition Claim and, in the case of Claimants affiliated with AFSCME, the AFSCME Claim. The Duplicate Claims, therefore, should be disallowed to avoid the possibility of multiple recoveries by the same creditor on account of the same claim. Accordingly, pursuant to section 502(b) of the

---

[3]     Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code. See 11 U.S.C. § 901.

Bankruptcy Code and Bankruptcy Rule 3007(d), the Court should grant the relief requested.

## Separate Contested Matters

14.    To the extent that a response is filed regarding any Duplicate Claim, and the City is unable to resolve the response, each one of such Duplicate Claims, and the City's objection thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.   The City further requests that any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## Reservation of Rights

15.    The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

16.    The City reserves its rights to further object to any of the Duplicate Claims to the extent that they are not disallowed as requested herein.

## Notice

17.     Notice of this Objection has been given to each of the Claimants at the address provided on the Duplicate Claims and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002.  The City submits that no other or further notice need be provided.

## No Prior Request

18.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court:  (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  May 15, 2014                    Respectfully submitted,


                                        /s/  Heather Lennox
                                        David G. Heiman (OH 0038271)
                                        Heather Lennox (OH 0059649)
                                        Thomas A. Wilson (OH 0077047)
                                        JONES DAY
                                        North Point
                                        901 Lakeside Avenue
                                        Cleveland, Ohio  44114
                                        Telephone:  (216) 586-3939
                                        Facsimile:  (216) 579-0212
                                        dgheiman@jonesday.com
                                        hlennox@jonesday.com
                                        tawilson@jonesday.com

                                        Bruce Bennett (CA 105430)
                                        JONES DAY
                                        555 South Flower Street
                                        Fiftieth Floor
                                        Los Angeles, California 90071
                                        Telephone:  (213) 243-2382
                                        Facsimile:  (213) 243-2539
                                        bbennett@jonesday.com

                                        John A. Simon (P61866)
                                        Tamar N. Dolcourt (P73425)
                                        FOLEY & LARDNER LLP
                                        500 Woodward Avenue, Suite 2700
                                        Detroit, Michigan 48226
                                        Telephone:  (313) 234-7100
                                        Facsimile:  (313) 234-2800
                                        jsimon@foley.com
                                        tdolcourt@foley.com

                                        ATTORNEYS FOR THE CITY

Form B20B (Official Form 20B)
12/1/2010

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
        Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

## NOTICE OF THIRD OMNIBUS OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO CERTAIN EMPLOYEE PROOFS OF CLAIM THAT ARE DUPLICATIVE OF ONE OR MORE UNION CLAIMS

The City of Detroit (the "City") has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or denied.** You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the Court to deny or change your claim, then on or before June 18, 2014, you or your lawyer must:

1.      File with the Court a written response to the objection, explaining your position, at:

### United States Bankruptcy Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

ATI-2604823v2

You must also mail a copy to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Bruce Bennett, Esq.
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539

John A. Simon, Esq.
Tamar N. Dolcourt, Esq.
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone:  (313) 234-7100
Facsimile:  (313) 234-2800

2.      Attend the hearing on the objection, scheduled to be held on June 25, 2014, at 10:00 a.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, unless your attendance is excused by mutual agreement between yourself and counsel for the City.  (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received.  A pre trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Dated:  May 15, 2014                 Respectfully submitted,


                                     /s/  Heather Lennox
                                     David G. Heiman (OH 0038271)
                                     Heather Lennox (OH 0059649)
                                     Thomas A. Wilson (OH 0077047)
                                     JONES DAY
                                     North Point
                                     901 Lakeside Avenue
                                     Cleveland, Ohio  44114
                                     Telephone:  (216) 586-3939
                                     Facsimile:  (216) 579-0212
                                     dgheiman@jonesday.com
                                     hlennox@jonesday.com
                                     tawilson@jonesday.com

                                     Bruce Bennett (CA 105430)
                                     JONES DAY
                                     555 South Flower Street
                                     Fiftieth Floor
                                     Los Angeles, California 90071
                                     Telephone:  (213) 243-2382
                                     Facsimile:  (213) 243-2539
                                     bbennett@jonesday.com

                                     John A. Simon (P61866)
                                     Tamar N. Dolcourt (P73425)
                                     FOLEY & LARDNER LLP
                                     500 Woodward Avenue, Suite 2700
                                     Detroit, Michigan 48226
                                     Telephone:  (313) 234-7100
                                     Facsimile:  (313) 234-2800
                                     jsimon@foley.com
                                     tdolcourt@foley.com

                                     ATTORNEYS FOR THE CITY

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
--------------------------------------------------x
                                         :
In re                                    :        Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               :        Case No. 13-53846
                                         :
                         Debtor.         :        Hon. Steven W. Rhodes
                                         :
                                         :
                                         :
--------------------------------------------------x
```

## ORDER DISALLOWING AND EXPUNGING
## CERTAIN EMPLOYEE PROOFS OF CLAIM THAT
## ARE DUPLICATIVE OF ONE OR MORE UNION CLAIMS

This matter coming before the Court on the Third Omnibus Objection

of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy

Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Certain Employee Proofs

of Claim that Are Duplicative of One or More Union Claims (the "Objection"),[1]

filed by the City of Detroit (the "City"); the Court having reviewed the Objection

and having heard the statements of counsel regarding the relief requested in the

Objection at a hearing before the Court (the "Hearing"); the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
them in the Objection.

of the Objection and the Hearing was sufficient under the circumstances and in full

compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules

and the Local Rules; and the Court having determined that the legal and factual

bases set forth in the Objection and at the Hearing establish just cause for the relief

granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Objection is SUSTAINED.

2.    Pursuant to section 502(b) of the Bankruptcy Code, each of the

Duplicate Claims is disallowed and expunged in its entirety.

3.    The Coalition Claim and the AFSCME Claim shall not be

disallowed pursuant to this order, but shall remain subject to any pending or future

objection or order of this Court on any basis.

4.    The City, the City's claims and noticing agent and the Clerk of

this Court are authorized to take any and all actions that are necessary or

appropriate to give effect to this Order.

**EXHIBIT 2**

ATI-2604823v2

# SCHEDULE OF DUPLICATE CLAIMS

| Claim Number | Claimant's Name | Claim Amount | Claimant's Union Affiliation |
|---|---|---|---|
| 2375 | Adade-Tandoh, Dorcas | $101,280.68 | SAAA |
| 2877 | Addison, Dempsey | $204,000.00 | APTE |
| 3266 | Allen, Daryll | $1,000,000.00 | AFSCME |
| 2792 | Barney, Dameitta | $550,000.00 | AFSCME |
| 2796 | Barney, Dameitta | $1,055,560.00 | AFSCME |
| 2806 | Barney, Dameitta | $1,960,000.00 | AFSCME |
| 2694 | Boyd Jr., Leon | $100,000.00 | AFSCME |
| 1250 | Bradford, Sandra F | $1,000,000.00 | AFSCME |
| 3183 | Braggs, Katherine Q. | $125,000.00 | AFSCME |
| 2700 | Briggs, Anderson L. | $150,000.00 | AFSCME |
| 2764 | Coleman, Ethel | $139,664.00 | SAAA |
| 2723 | Coleman, Ralph | $300,000.00 | AFSCME |
| 2773 | Cunningham, Lisa Racine | $935,286.00 | AFSCME |
| 2777 | Cunningham, Lisa Racine | $630,000.00 | AFSCME |
| 2173 | Davis, Mauria | $300,000.00 | AFSCME |
| 1403 | Dismuke, Robert C | $200,000.00 | AFSCME |
| 2978 | Ervin, Rhonda | $1,730,610.00 | AFSCME |
| 1486 | Fulbright, Jason Christopher | $250,000.61 | AFSCME |
| 2023 | Glover, Tanya | $151,060.00 | AFSCME |

| Claim Number | Claimant's Name | Claim Amount | Claimant's Union Affiliation |
|---|---|---|---|
| 2367 | Guess, Rosella G. | $2,500,000.00 | AFSCME |
| 2594 | Harper, Jonathan | $115,000.00 | AFSCME |
| 2335 | Hines Jr, Tony M | $500,227.27 | AFSCME |
| 3280 | Holmes, Rodney D. | $144,320.00 | AFSCME |
| 2050 | Hughes, Dorothy | $153,016.20 | AFSCME |
| 2441 | Jenkins, Michael | $150,000.00 | AFSCME |
| 2065 | Kempinski, Paul | $6,748,692.00 | AFSCME |
| 2584 | King, Aaron | $100,000.00 | AFSCME |
| 3358 | Lindsay, Shawn | $179,850.00 | AFSCME |
| 3161 | May Sr., Sol L. | $500,000.00 | AFSCME |
| 3363 | McCaskill, Dynita | $175,000.00 | AFSCME |
| 2459 | McKinney, Nathen C. | $150,000.00 | AFSCME |
| 3045 | Mercer, Terence Lamont | $715,000.00 | AFSCME |
| 3095 | Micou, Lourise | $300,000.00 | AFSCME |
| 1263 | Moore, Torino | $212,000.00 | AFSCME |
| 2345 | Moore, Torino | $212,000.00 | AFSCME |
| 2637 | Palmore, Demetrius | $150,000.00 | AFSCME |
| 3288 | Pitts, Joel K. | $150,000.00 | AFSCME |
| 3131 | Ratliff, Antonio D. | $300,000.00 | AFSCME |
| 2695 | Royster, Ronald | $250,000.00 | AFSCME |

| Claim Number | Claimant's Name | Claim Amount | Claimant's Union Affiliation |
|---|---|---|---|
| 3286 | Slappy-Thrash, Mar | $231,500.00 | SAAA |
| 3014 | Spivey, Byron | $2,500,000.00 | AFSCME |
| 3021 | Spivey, Byron | $300,000.00 | AFSCME |
| 1492 | Sutton, Troy D. | $200,000.00 | AFSCME |
| 3349 | Thornton, Sonya Denise | $1,629,483.00 | AFSCME |
| 1992 | Tyner, Brian | $610,000.00 | AFSCME |
| 2932 | Ulcandu, Cosmas O. | $126,892.00 | SAAA |
| 1228 | Wells, Tommie Lavell | $255,000,000.00 | AFSCME |
| 2590 | Williams, Robert | $100,000.00 | AFSCME |
| 2759 | Winston, Tamika | $100,000.00 | AFSCME |
| 2784 | Woods Sr., Archie L. | $300,000.00 | AFSCME |

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Third Omnibus Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Certain Employee Proofs of Claim that Are Duplicative of One or More Union Claims was filed and served via the Court's electronic case filing and noticing system on this 15th day of May, 2014.

/s/  Heather Lennox