IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re                                : Chapter 9
                                     :
                                     : Case No. 13-53846
CITY OF DETROIT, MICHIGAN,           :
                                     : Hon. Steven W. Rhodes
                     Debtor          :
------------------------------------------------------- x

**DEBTOR'S OBJECTION TO CLAIM NUMBER 458
FILED BY ALBERT OTTO O'ROURKE**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim number 458 (the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND FACTS**

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On December 27, 2013, Albert Otto O'Rourke filed the Claim. A copy of the as-filed Claim is attached hereto as Exhibit 2.

7. The Claim seeks $1 trillion.

8. The stated basis for the Claim is "Governmental abuses by City of Detroit and Agent."

9. More specifically, the sole attachment to the Claim, a handwritten Exhibit A, states that the City lost or destroyed certain nuclear research materials related to the "Manhattan Project" which were located at 2175 Palms Avenue in Detroit, Michigan.

10. The Claim does not contain any information to support Mr. O'Rourke's allegation that the City owes him $1 trillion. It does not identify the circumstances supporting the alleged loss or destruction of the property, the date upon which the alleged actions occurred, or any

information supporting the stated claim amount of $1 trillion, including any information about the value of the property at issue, or any other information supporting the stated claim.

11. Furthermore, the Claim does not contain any documents which evidence Mr. O'Rourke's ownership of the property which was allegedly destroyed or lost by the City.

12. Exhibit A notes other court cases which Mr. O'Rourke states are related to the Claim. Mr. O'Rourke filed a case in the United States District Court for the Southern District of California (the "District Court Matter"), Case No. 10-cv-00302. A copy of the First Amended Complaint (Docket No. 14) in the District Court Matter is attached hereto as Exhibit 3. The District Court matter refers to actions taken on February 9, 2010 in La Jolla, California, possibly with respect to some of the same materials.

13. The City reviewed the PACER records of the District Court Matter. Mr. O'Rourke sued multiple defendants in that matter: the United States, the University of California, the County of San Diego, the City of San Diego, the Attorney General of California, ATC, Inc., Jerry Brown, Eric Holder, B. George Seikaly, Lori Bay, Bonnie Bretillo, Eric Dye, William Kellogg, Jr., La Jolla Beach and Tennis Club, San Diego Chase Bank, Union Bank, the County Marshall's Office, San Diego Superior Court, San Diego Police Department, and Does 1-100. The City was not a defendant in that matter. Mr. O'Rourke alleged numerous causes of action against the Defendants, including intentional infliction of emotional distress, violation of 18 U.S.C. 2340 [contains the definition of torture], violations of Section 13 or Section 15(d) of the United States Securities Exchange Act of 1934, invasion of privacy, legal trespass, invasion of/slander of rights of title, and sought declaratory and injunctive relief.[1] Ultimately the District

---

[1] Exhibit A also refers to one or more cases filed in San Diego Superior Court more than 20 years ago which involve Mr. O'Rourke. Electronic records for those cases are unavailable.

Court Matter was dismissed for want of prosecution (Docket No. 17) on December 20, 2010. The Ninth Circuit Court of Appeals affirmed the dismissal on March 8, 2013 (Docket No. 24).

**RELIEF REQUESTED**

14. The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

**BASIS FOR RELIEF REQUESTED**

*a. The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

15. Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed. Rule 3001(f).

16. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

17. The Claim does not contain the information required by 3001(f). It does not identify the basis for the claim. There is no explanation of the circumstances which led to the destruction or loss of the property. It does not detail the property at issue, the value of that property, or the ownership of the property. It does not identify the date upon which the alleged action occurred, and it does not provide any information or documents to support the calculation

of the claim amount. The Claim does not explain why the City is liable to Mr. O'Rourke for $1 trillion.

18. The Claim fails to meet the standards of Rule 3001(f), and should not be considered either valid, nor should its stated value of $1 trillion be accepted by this Court. Rather, the Claim should be disallowed and expunged.

> b. *Even if the Court Finds the Claim Meets the Standards of Rule 3001(f), Mr. O'Rourke Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which He Cannot.*

19. Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount. *Id*. at 208. The objecting party must then present its own evidence challenging the validity of the proof of claim. *Dow Corning*, 250 B.R. at 321. If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant. *Id*.

20. In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery. *Id*. at 307. The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been calculated. *Id*. at 322. The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government. *Id*.

21. Here, as in *Dow*, the lack of supporting information and documentation regarding the Claim, including the failure to explain the circumstances of the alleged action by the City, identify the owner of the property at issue, the date of the alleged loss or destruction, and any

5

basis for the asserted claim amount of $1 trillion are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Mr. O'Rourke.

22. Mr. O'Rourke is unable to meet this burden based on the documentation provided with the Claim. Based on the Claim, the City cannot even identify the property which was allegedly lost or destroyed, the owner of that property, the events which alleged led to the destruction or loss of the property, let alone the basis of the $1 trillion purported value of that property. The Claim does not contain any information to support it. As such, it should be disallowed and expunged.

## RESERVATION OF RIGHTS

23. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

24. The City has provided notice of this Objection to the claimant identified on Proof of Claim No. 458 and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

25. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

                FOLEY & LARDNER LLP

                By: /s/ Tamar N. Dolcourt
                John A. Simon (P61866)
                Tamar N. Dolcourt (P73425)
                500 Woodward Ave., Ste. 2700
                Detroit, MI 48226
                313.234.7100
                jsimon@foley.com
                tdolcourt@foley.com
                *Counsel for the Debtor, City of Detroit, Michigan*