IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
                                                     :    Chapter 9

In re                                           :

                                                     :    Case No. 13-53846

CITY OF DETROIT, MICHIGAN,       :

                                                     :    Hon. Steven W. Rhodes

                               Debtor       :
------------------------------------------------------- x

## DEBTOR'S OBJECTION TO CLAIM NUMBERS 1329 AND 1859 FILED BY RICKIE A. HOLT

      The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim numbers 1329 and 1859 (collectively the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form of the proposed order attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

      1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

      2.     On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

      3.     Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

4825-3961-5515.1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On February 20, 2014, Rickie A. Holt filed the Claim. A copy of the as-filed Claim is attached hereto as Exhibit 2.

7. The Claim seeks $255 million dollars.

8. Claim number 1329 is nearly identical to Claim number 1859.

9. The stated basis for the Claim is "Personal injury, employment discrimination, breach of contract."

10. The documentation attached to the claim references a complaint filed with the Michigan Occupational Safety and Health Administration's Wage and Hour Program, but does not include the complaint.

11. The summary provided with the Claim seeks $75,000,000 for a Workmans' Compensation Claim, $55,000,000 for employment discrimination claims for the past 15 years, $25,000,000 for a breach of contract claim regarding an "original retirement contract,"

2

4825-3961-5515.1

13-53846-tjt    Doc 4873    Filed 05/15/14    Entered 05/15/14 17:39:34    Page 2 of 6

$25,000,00 for breach of an "original annuity savings, retirement contract," and $75,000,000 for breaches of an "original Union/Employment contract."

12. The documentation attached to the Claim does not provide any information to support the stated basis of the Claim or the basis upon which the $255 million sought was calculated.

### RELIEF REQUESTED

13. The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

14. Mr. Holt filed two identical claims. The City also seeks entry of an order disallowing and expunging Claim No. 1859 because it is duplicative of Claim 1329, pursuant to Section 502(b)(1) of the Bankruptcy Code.

### BASIS FOR RELIEF REQUESTED

*a. The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

15. Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed. Rule 3001(f).

16. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

3

17. In this case, the Claim is not a properly filed proof of claim within the meaning of Rule 3001(f). The Claim does not provide any information about the circumstances surrounding the alleged actions giving rise to the Claim, including for example the parties involved, or the dates on which any of the alleged actions occurred. It also does not provide any documents which establish the City's liability for $255 million to Mr. Holt on account of his alleged claims.

18. The Claim fails to meet the standards of Rule 3001(f), and should not be considered either valid, nor should its stated value of $255 million be accepted by this Court. Rather, it should be disallowed and expunged.

> b. *Even if the Court Finds the Claim Meets the Standards of Rule 3001(f), Mr. Holt Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which He Cannot.*

19. Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount. *Id*. at 208. The objecting party must then present its own evidence challenging the validity of the proof of claim. *Dow Corning*, 250 B.R. at 321. If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant. *Id*.

20. In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery. *Id*. at 307. The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been calculated. *Id*. at 322. The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government. *Id*.

4

4825-3961-5515.1

13-53846-tjt    Doc 4873    Filed 05/15/14    Entered 05/15/14 17:39:34    Page 4 of 6

21. Here, as in *Dow*, the lack of supporting documentation regarding the Claim, including support for the stated basis of the Claim, and any basis for the asserted claim amount of $255 million are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Mr. Holt.

22. Mr. Holt is unable to meet this burden. Mr. Holt has not provided any documentation to support the circumstances giving rise to any of the alleged actions listed in the Claim. Additionally, none of the documents provided with the Claim establish the City's liability to Mr. Holt in any amount, let alone $255 million.

23. Furthermore Mr. Holt is not entitled to assert two identical claims. Claim No. 1329 and Claim No. 1859 are duplicates of one another. Claim No. 1859 should be disallowed and expunged as a duplicate claim.

## RESERVATION OF RIGHTS

24. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

25. The City has provided notice of this Objection to the claimant identified on Proof of Claim Nos. 1329 and 1859, and all other parties who requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

26. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*