UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-----------------------------------------------------x
                                      :
In re                                 :    Chapter 9
                                      :
CITY OF DETROIT, MICHIGAN,            :    Case No. 13-53846
                                      :
                Debtor.               :    Hon. Steven W. Rhodes
                                      :
                                      :
-----------------------------------------------------x
```

**OBJECTION OF THE CITY OF DETROIT, PURSUANT TO
SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1,
TO PROOF OF CLAIM NUMBER 2958 FILED BY MICHIGAN
AFSCME COUNCIL 25 AND ITS AFFILIATED DETROIT LOCALS**

The City of Detroit (the "City") hereby objects, pursuant to sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") to proof of claim number 2958 (the "Claim") filed by Michigan AFSCME Council 25 and its affiliated Detroit Locals (the "Claimant") for the reasons set forth below. A copy of the Claim is attached hereto as Exhibit 1. In support of this Objection, the City respectfully represents as follows:

## General Background

1. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2. As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities). As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3. In February 2013, a state review team determined that a local government financial emergency exists in the City. Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "Emergency Manager") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"). Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case. MCL § 141.1558.

4. On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "Plan") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for

the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure Statement").  That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background Regarding the Claims Process and the Claim

6. On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order").  The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time (the "General Bar Date"), as the general deadline for the filing of proofs of claim in the City's chapter 9 case.

7. On the General Bar Date, the Claimant filed the Claim, asserting liabilities in the aggregate amount of not less than $8,718,697,854.82.  The Claim expressly provides that it consists of a number of separate claims.

Claim, at 1. The Claimant filed the Claim for all amounts due to the Claimant and its members and former member retirees and future retirees with respect to an array of potential liabilities. Id. The Claim is protective in nature, identifying a series of broad categories of claims, as well as "any other claims which arise before July 18. 2014."

8. For example, the Claim generally asserts liabilities against the City arising from the following: (a) unfunded or underfunded pension obligations (including annuity savings fund obligations) owed with respect to the City's General Retirement System (the "GRS"); (b) unfunded or underfunded other post-employment benefit ("OPEB") obligations (including obligations owed with respect to the City's Health and Life Insurance Benefit Plan and/or the Supplemental Death Benefit Plan and/or other non-pension postemployment welfare benefits, including unfunded actuarially accrued liabilities); (c) grievances and other disputes under the various union contracts, the City Employment Terms (the "CETs") or other contractual obligations; (d) monies owed for violations of local, state or federal law and unfair labor practice charges; and (e) monies owed due to uncompensated services performed. Claim, at 1.

9. The Claimant asserts that not less than $8.1 billion of the total liability asserted in the Claim arises in connection with underfunded pension and OPEB obligations. Claim, at Ex. 1. Otherwise, with the exception of certain

individual grievance claims and other matters, the aggregate amount of the Claim generally is not allocated between the diverse categories of liability asserted therein. See id. Moreover, it is unclear how the total asserted claim of $8,718,697,854.82 was calculated.

## Relief Requested

10. Pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order or orders disallowing and expunging the Claim to the extent invalid and liquidating any remaining portion of the Claim.

## Objection to the Claim

11. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5), 101(10).[1] By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor. Section 502(b)(1) of the Bankruptcy Code further provides that a claim asserted in a proof of claim shall be allowed,

---

[1] Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor." 11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment." 11 U.S.C. § 101(5).

except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. §502(b)(1).[2]

12. The Claim is the single largest partially liquidated claim filed against the City in this chapter 9 case. For all practical purposes, however, the Claim is unliquidated. The Claim is an extremely broad-based protective claim filed by the Claimant collectively on behalf of the individuals that it represents. The Claim provides on its face that it consists of a number of separate claims and asserts generalized and often unliquidated liabilities against the City covering dozens of topics and hundreds of individual grievances.

13. The City contests many elements of the Claim to the extent it understands them, but the liabilities asserted in the Claim frequently are too vague to permit the City to respond in a meaningful way. See, e.g., Claim, at 1 (providing that the Claim asserts liabilities for, among other things, "monies owed for violations of local, state or federal law" and "any other claims which arose prior to [the Petition Date]"). Other portions of the claims relate to hundreds of individual grievances and causes of action that cannot adequately be addressed in a single claim objection. An efficient process to resolve or adjudicate these disparate matters must be established.

---

[2] Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code. See 11 U.S.C. § 901.

14. The largest amount of the Claim consists of $8.1 billion in GRS pension and OPEB liabilities. Although the City contests the calculation of these amounts, the Plan addresses all pension and OPEB liabilities independent of the Claim by providing for the continuation of modified post-employment benefits for the individuals that the Claimant seeks to protect by filing the Claim. <u>See</u>, <u>e.g.</u>, Plan, at §§ II.B.3.r, II.B.3.s (providing for, respectively, the preservation and treatment of GRS pension and OPEB claims). Accordingly, the Claim is unnecessary to preserve these individuals' rights to payment on account of such liabilities. Subject to the confirmation of the Plan, this portion of the Claim may be disallowed.

15. In addition, the Claim expressly asserts liabilities against the City arising from the imposition of the CETs. This element of the Claim is duplicative of proof of claim number 2851 filed by the Claimant and other labor organizations (the "<u>Coalition Claim</u>"), which claim asserts approximately $242.6 million in liabilities arising from the imposition of the CETs.[3] Although difficult to determine, the Claim also asserts liabilities that appear to be included in claims filed by City employees or retirees. The duplicative portions of the claim should be disallowed.

---

[3] The City is objecting separately to the Coalition Claim contemporaneously with the filing of this Objection.

16. Other elements of the claim involve far reaching disputes and grievances of all sorts. For example, the Claim includes a 73-page chart identifying hundreds of individual grievances held by individuals represented by the Claimant. See Claim, at Ex. 2. These grievances are based on a wide array of employment and workplace issues, such as promotions, absenteeism, harassment, work assignments, suspensions, health insurance matters, work performance, overtime, wage calculation, theft, reductions in force and workplace conditions – to name just a few. Although the City anticipates that certain portions of these grievance claims could represent valid liabilities of the City in some unknown amount, the City generally disputes each of these individual grievance claims or portions thereof and believes that the total asserted amount of these claims (to the extent liquidated) is substantially overstated. In addition, many of the grievance claims asserted by the Claimant do not identify any liquidated amount of asserted damages. See id.

17. The City previously has contested many of these matters when they were asserted as individual grievances. Although arbitration of these prepetition grievances currently is stayed pursuant to sections 362 and 922 of the Bankruptcy Code, the City is engaged in active and productive mediations and negotiations with AFSCME regarding all grievances. In fact, AFSCME and the City have reached a tentative agreement on all outstanding prepetition grievances

asserted on behalf of individual employees for which AFSCME seeks monetary relief. As part of the settlement, the City expects AFSCME will withdraw its bankruptcy claims related to the settled matters.

18. In a similar vein, the Claim identifies several alleged liabilities related to various other proceedings identified in Exhibit 1 to the Claim, including a number of proceedings before the Michigan Employment Relations Commission. To the extent any such proceedings have not been adjudicated on a full and final basis before the applicable tribunal, the City disputes its liability to the Claimant or the individuals it represents on account of such liabilities.

19. In sum, the City has determined that it contests each of the diverse elements of the Claim and that the Claim should be disallowed to the extent each of the claims contained within these elements is (a) overstated or lacking in any legal basis, (b) duplicative of other claims asserted in the City's chapter 9 case by the Claimant or others or (c) otherwise addressed under the Plan independent of the filing of the Claim. Any potentially valid portion of the Claim would have to be liquidated after an appropriate briefing of the legal issues and, if necessary, the development of an appropriate factual record.

**Request for a Status Conference**

20. Given the size and scope of the hundreds of individual claims asserted in this single proof of claim, the City believes that, as a practical matter,

the Claim cannot be adjudicated through a typical claim objection proceeding. To the extent not resolved by the parties, the City submits that an efficient process must be developed to adjudicate or liquidate the various elements of the Claim on a rational and timely basis. As noted, the City has been negotiating with the Claimant about the various individual grievances incorporated into the claim and has initiated a dialog with the Claimant regarding the overall resolution of the Claim. The City intends to continue this dialog with the goal of proposing to the Court a process to efficiently brief and adjudicate each of the remaining elements of the Claim that cannot be resolved consensually. Based on the progress in negotiations over individual grievances, the City believes that the number of contested issues and the involvement of this court can be minimized.

21. Accordingly, the City requests that the initial hearing on this Objection be conducted as a status conference pursuant to section 105(d)(1) of the Bankruptcy Code, at which the parties may (a) report to the Court on their progress in resolving the liabilities asserted in the Claim, (b) report on any proposed procedures for completing the resolution of the Claim or, if necessary, adjudicating or liquidating any unresolved portions of the Claim and (c) seek the Court's guidance on these issues.

## Reservation of Rights

22. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

23. The City reserves the right to amend or supplement this Objection as necessary or appropriate.

## Notice

24. Notice of this Objection has been given to the Claimant and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. The City submits that no other or further notice need be provided.

## No Prior Request

25. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court: (a) sustain this Objection and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: May 15, 2014          Respectfully submitted,

 /s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone:  (313) 234-7100
Facsimile:  (313) 234-2800
jsimon@foley.com
tdolcourt@foley.com

ATTORNEYS FOR THE CITY

Form B20B (Official Form 20B)
12/1/2010

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

**In re:**

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
    Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

## NOTICE OF OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF OF CLAIM NUMBER 2958 FILED BY MICHIGAN AFSCME COUNCIL 25 AND ITS AFFILIATED DETROIT LOCALS

The City of Detroit (the "City") has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or denied.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before June 18, 2014, you or your lawyer must:

1. File with the Court a written response to the objection, explaining your position, at:

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

ATI-2604933v6

You must also mail a copy to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett, Esq.
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

John A. Simon, Esq.
Tamar N. Dolcourt, Esq.
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800

2.  Attend the hearing on the objection, scheduled to be held on June 25, 2014, at 10:00 a.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, unless your attendance is excused by mutual agreement between yourself and counsel for the City. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Dated: May 15, 2014			Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
jsimon@foley.com
tdolcourt@foley.com

ATTORNEYS FOR THE CITY