IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor | Hon. Steven W. Rhodes |

## DEBTOR'S OBJECTION TO CLAIM NUMBER 1291 FILED BY NATIONAL ENVIRONMENTAL GROUP, LLC

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim number 1291 (the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form of the proposed order attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

4835-1485-8011.2

13-53846-tjt    Doc 4879    Filed 05/15/14    Entered 05/15/14 22:03:49    Page 1 of 5

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On February 21, 2014, National Environmental Group, LLC ("NEG") filed the Claim. A copy of the as-filed Claim is attached hereto as Exhibit 2.

7. The Claim seeks $1,043,426.38.

8. The stated basis for the Claim is "services performed."

9. The documentation attached to the Claim consists of a billing statement showing amounts purported owed by the Detroit Water and Sewerage Department ("DWSD") to NEG as of October 31, 2013.

10. The Claim indicates that the basis of the amounts owed is a contract with DWSD labeled SW-548 (the "Agreement"). NEG is not a party to the Agreement. Rather, the Agreement is between DWSD and a different entity, Colasanti.

11. To the extent NEG was owed any money by the DWSD pursuant to the Agreement, such amounts have already been paid.

12. The documentation attached to the Claim also indicates that NEG "does not believe its claim is part of this bankruptcy, but submits out of an abundance of caution."

**RELIEF REQUESTED**

13. The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing and expunging the Claim because it is not enforceable against the City or the DWSD as it has already been satisfied.

**BASIS FOR RELIEF REQUESTED**

14. NEG did provide services to the DWSD, both before and after the bankruptcy case was filed pursuant to the Agreement. All amounts owed to NEG under the Agreement or otherwise have been paid.

15. NEG does not have an enforceable claim against the City for $1,043,426.38 because such amounts have already been paid. Therefore, the Claim is not enforceable against the City or the DWSD. 11 U.S.C. 502(b)(1).

16. Furthermore, NEG concedes that it does not have a claim in this case in its own pleading.

17. NEG also cannot support the statement on the Claim that as of the date of filing the bankruptcy (July 18, 2013), the City owed it $1,043,426.38 for services performed. The documentation attached to the Claim only shows the amount NEG claimed was owed as of October 31, 2013, three months after the case was filed. The Claim does not detail which portion of the amount sought, if any, is a pre-petition claim.

18. For all of the foregoing reasons, the Claim should be disallowed and expunged.

## RESERVATION OF RIGHTS

19. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

20. The City reserves the right to amend or supplement this Objection as necessary or appropriate.

## NOTICE

21. The City has provided notice of this Objection to the claimant identified on Proof of Claim No. 1291, and all other parties who requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

22. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*