# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------------x
                                          :
In re                                     :     Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                 :     Case No. 13-53846
                                          :
                    Debtor.               :     Hon. Steven W. Rhodes
                                          :
                                          :
-------------------------------------------------------x
```

**OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF OF CLAIM NUMBER 3683 FILED BY MACOMB INTERCEPTOR DRAIN DRAINAGE DISTRICT BY AND THROUGH THE MACOMB COUNTY PUBLIC WORKS COMMISSIONER**

The City of Detroit (the "City") hereby objects, pursuant to

sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for

the Eastern District of Michigan (the "Local Rules") to proof of claim

number 2958 (the "Claim") filed by the Macomb Interceptor Drain Drainage

District by and through the Macomb County Public Works Commissioner

(the "Claimant") for the reasons set forth below.  A copy of the Claim is attached

hereto as <u>Exhibit 1</u>.  In support of this Objection, the City respectfully represents as follows:

**General Background**

1.      On July 18, 2013 (the "<u>Petition Date</u>"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "<u>Emergency Manager</u>") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, <u>et</u> <u>seq.</u> ("<u>PA 436</u>").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

4.      On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be

-2-

further amended, modified or supplemented from time to time, the "Plan") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure Statement"). That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background Regarding the Claims Process and the Claim

6.      On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order"). The Bar Date Order established the bar date for claims filed by governmental units as the first business day 180 days after the order for relief was entered.

7.      On May 5, 2014, the Claimant filed the Claim, asserting liabilities in the aggregate amount of not less than $26,000,000.00. The Claim is

4830-0013-9803.2

based on allegations of breach of contract, fraud, and misrepresentation. The Claimant filed the Claim for all amounts it would be owed pursuant to a lawsuit which has not yet been resolved (the "Macomb Litigation").

8.      The Macomb Litigation upon which the Claim is based stems from the Macomb Interceptor public works project (the "Project") which was overseen by the Detroit Water and Sewerage Department ("DWSD") and the subsequent purchase of the Macomb Interceptor assets by the Macomb Interceptor Drain Drainage District.

## Relief Requested

9.      Pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order or orders disallowing and expunging the Claim to the extent invalid and liquidating any remaining portion of the Claim.

## Objection to the Claim

10.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5), 101(10).[1] By contrast, there is no

---

[1]      Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor." 11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right

-4-

right to payment — and therefore no claim — to the extent that the asserted

liability is not due and owing by a debtor.  Section 502(b)(1) of the Bankruptcy

Code further provides that a claim asserted in a proof of claim shall be allowed,

except to the extent "such claim is unenforceable against the debtor and property of

the debtor, under any agreement or applicable law."  11 U.S.C. §502(b)(1).[2]

11.     The Claim is based on a lawsuit that was filed shortly before

this bankruptcy case and is currently stayed.  The City filed a petition for removal

to federal court but has not yet filed an answer to the complaint.

12.     The City expects to vigorously contest the lawsuit once the

matter proceeds, either through the claims objection process or through other

litigation.

13.     Among other challenges the City may assert in response to the

Claim, it will argue that the Claim and the underlying lawsuit are barred by res

judicata.  The Claimant filed a lawsuit in the United States District Court for the

Eastern District of Michigan in 2011, Case Number 11-13101 (the "2011

Litigation") against various parties it alleged committed fraud in connection with

the work done on the Project.  These parties included various contractors and

---

to an equitable remedy for breach of performance if such breach gives rise to a right for payment."  11 U.S.C. § 101(5).

[2]     Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code.  See 11 U.S.C. § 901.

subcontractors who worked on the Project.  The 2011 Litigation included claims

under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the

Clayton Antitrust Act, and state contract and tort claims.  The City and the DWSD

sought and were granted leave to intervene in the 2011 Litigation as plaintiffs.

Ultimately, various defendants moved for summary judgment as to whether the

City and the DWSD or the Claimant had standing to bring the non-contract related

claims (including the RICO, antitrust, and tort claims).  On September 17, 2012

Judge Robert H. Cleland granted the defendants' motion for summary judgment

(the "Order").  A copy of the Order is attached hereto as Exhibit 2.  Judge Cleland

found that the Claimant did not have standing to pursue the various

non-contractual claims related to the Project.  (Order, p. 12).  Instead, the City and

DWSD had standing to pursue those claims and did so, ultimately resolving many

of them through settlement with various parties.

15.     The City contends that the Claim and the underlying lawsuit

amount to an effort by the Claimant to reassert claims that another court previously

determined it does not have standing to pursue.

### Request for a Status Conference

15.     The City continues to review the various alleged liabilities

asserted in the Claim and the extent to which the Claimant may assert liabilities, if

-6-

any, that are not precluded by res judicata, estoppel or similar doctrines.

Accordingly, the City requests that the initial hearing on this Objection be conducted as a status conference pursuant to section 105(d)(1) of the Bankruptcy Code, at which the parties (a) can report to the Court on their progress in resolving the Claim or identifying any remaining issues to be adjudicated   and (b) may seek the Court's guidance on these issues.

## Reservation of Rights

16.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

17.     The City reserves the right to amend or supplement this Objection as necessary or appropriate.

## Notice

18.     Notice of this Objection has been given to the Claimant and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. The City submits that no other or further notice need be provided.

**No Prior Request**

19.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court:

(a) sustain this Objection and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  May 15, 2014                    Respectfully submitted,


By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone:  (313) 234-7100
Facsimile:  (313) 234-2800
jsimon@foley.com
tdolcourt@foley.com

ATTORNEYS FOR THE CITY