UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------x
                                        :
In re                                   :    Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              :    Case No. 13-53846
                                        :
              Debtor.                   :    Hon. Steven W. Rhodes
                                        :
                                        :
------------------------------------------------------x
```

**FOURTH OMNIBUS OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, SEEKING THE DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT 2 ATTACHED TO THIS OBJECTION.**

The City of Detroit (the "City") hereby: (a) objects, pursuant to sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") to certain proofs of claim (collectively, the "Duplicate Claims") filed in the City's chapter 9 case because each of the Duplicate Claims asserts liabilities that are duplicative of the liabilities

asserted in proof of claim number 2651 (the "Surviving Claim" and, together with the Duplicate Claims, the "Claims") filed by Hyde Park Co-Operative ("Hyde Park"); and (b) seeks the entry of an order, substantially in the form attached hereto as Exhibit 1, disallowing and expunging the Duplicate Claims. In accordance with Bankruptcy Rule 3007, a schedule identifying each of the Duplicate Claims alphabetically by claimant (such claimants collectively, the "Claimants") is attached hereto as Exhibit 2. In support of this Objection, the City respectfully represents as follows:

**General Background**

1. On July 18, 2013, the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2. As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities). As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3. In February 2013, a state review team determined that a local government financial emergency exists in the City. Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect

to the City (in such capacity, the "<u>Emergency Manager</u>") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, <u>et seq.</u> ("<u>PA 436</u>"). Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case. MCL § 141.1558.

4. On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "<u>Plan</u>") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "<u>Disclosure Statement</u>"). That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

## **Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

## **Background Regarding the Claims Process and the Claims**

6. On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002

and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order"). The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time (the "General Bar Date"), as the general deadline for the filing of proofs of claim in the City's chapter 9 case.

7. Each of the Claimants and Hyde Park (together with the Claimants, the "Plaintiffs") is a plaintiff in a lawsuit that is pending in the Wayne County Circuit Court (Case No. 10-005687) (the "Lawsuit") arising from alleged overcharging relating to building inspection fees. On the General Bar Date, each of the Plaintiffs filed its respective Claim. The Claims assert identical liabilities in the aggregate amount of $5,000,000 arising from the Lawsuit. In addition, each of the Claims provides expressly that the applicable Claim is made "individually, collectively, and with other named Plaintiffs in [the Lawsuit] for a class of similarly situated persons and entities which and who have been overcharged for inspection fees." See Affidavit of Carl G. Becker attached to each of the Claims, at ¶ 2.

## Relief Requested

8. Pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order disallowing and expunging the Duplicate Claims because each of the Duplicate

Claims asserts liabilities that are duplicative of the liabilities asserted in the Surviving Claim.

9. Attached hereto as Exhibit 2 is a schedule identifying each Duplicate Claim by claim number, Claimant and claim amount. In addition, Exhibit 2 specifies that each of the Duplicate Claims is duplicative the Surviving Claim. This Objection does not affect the Surviving Claim and does not constitute any admission or determination as to any fact concerning the Surviving Claim. The City reserves all of its rights to object to the Surviving Claim on any basis and all of its rights to object on any basis to any Duplicate Claim as to which the Court does not grant the relief requested in its entirety.

## Request to Disallow the Duplicate Claims

10. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5), 101(10).[1] By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor. Where two or more claims assert

---

[1] Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor." 11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment." 11 U.S.C. § 101(5).

duplicative liabilities, the allowance of such claims could inappropriately lead to multiple recoveries to a creditor on account of a single claim to the detriment of other creditors. Accordingly, the City cannot be required to pay on the same claim more than once.

11. Section 502(a) of the Bankruptcy Code provides that "a claim . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).[2] Section 502(b)(1) of the Bankruptcy Code further provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. §502(b)(1). Bankruptcy Rule 3007(d) allows the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be reclassified or disallowed, in whole or in part, because "they duplicate other claims." Fed. R. Bankr. P. 3007(d)(1).

12. The City has reviewed the Duplicate Claims and, for the reasons set forth above, has determined that each of the Duplicate Claims asserts liabilities that are duplicative of liabilities asserted in the Surviving Claim. The Duplicate Claims, therefore, should be disallowed to avoid the possibility of multiple recoveries on account of the same liability. Accordingly, pursuant to

---

[2] Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code. See 11 U.S.C. § 901.

section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d), the Court should grant the relief requested.

**Separate Contested Matters**

13. To the extent that a response is filed regarding any Duplicate Claim, and the City is unable to resolve the response, each one of such Duplicate Claims, and the City's objection thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The City further requests that any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

**Reservation of Rights**

14. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

15. The City reserves its rights to further object to any of the Duplicate Claims to the extent that they are not disallowed as requested herein.

## Notice

16. Notice of this Objection has been given to each of the Claimants at the address provided on the Duplicate Claims and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. The City submits that no other or further notice need be provided.

## No Prior Request

17. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: May 15, 2014          Respectfully submitted,

 /s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY

Form B20B (Official Form 20B)
12/1/2010

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

**Debtor.**

Chapter: 9

Case No.: 13-53846

Judge: Hon. Steven W. Rhodes

Address: 2 Woodward Avenue, Suite 1126
Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

### NOTICE OF FOURTH OMNIBUS OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, SEEKING THE DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS

The City of Detroit (the "City") has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or denied. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before June 18, 2014, you or your lawyer must:

1. File with the Court a written response to the objection, explaining your position, at:

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett, Esq.
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

2. Attend the hearing on the objection, scheduled to be held on June 25, 2014, at 10:00 a.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, unless your attendance is excused by mutual agreement between yourself and counsel for the City. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Dated: May 15, 2014                    Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
                                                   :
In re                                              :    Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         :    Case No. 13-53846
                                                   :
            Debtor.                                :    Hon. Steven W. Rhodes
                                                   :
                                                   :
---------------------------------------------------x

# ORDER DISALLOWING AND EXPUNGING CERTAIN DUPLICATE CLAIMS

This matter coming before the Court on the Fourth Omnibus Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, Seeking the Disallowance of Certain Duplicate Claims (the "Objection"),[1] filed by the City of Detroit (the "City"); the Court having reviewed the Objection and having heard the statements of counsel regarding the relief requested in the Objection at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Objection.

and the Hearing was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED.

2. Pursuant to section 502(b) of the Bankruptcy Code, each of the Duplicate Claims is disallowed and expunged in its entirety.

3. The Surviving Claim shall not be disallowed pursuant to this order, but shall remain subject to any pending or future objection or order of this Court on any basis.

4. The City, the City's claims and noticing agent and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

# **EXHIBIT 2**

# SCHEDULE OF DUPLICATE CLAIMS TO BE DISALLOWED

| DUPLICATE CLAIM INFORMATION | | | SURVIVING CLAIM INFORMATION | | |
|---|---|---|---|---|---|
| Claim Number | Claimant's Name | Claim Amount and Priority | Claim Number | Claimant's Name | Claim Amount and Priority |
| 2638 | Plymouth Square Ltd. Housing Assoc. | $5,000,000.00 unsecured, nonpriority | 2651 | Hyde Park Co-Operative | $5,000,000.00 unsecured, nonpriority |
| 2654 | Cambridge Tower Assoc. Ltd. Div. H.A. | $5,000,000.00 unsecured, nonpriority | 2651 | Hyde Park Co-Operative | $5,000,000.00 unsecured, nonpriority |
| 2659 | Millender Center Associates L.P. | $5,000,000.00 unsecured, nonpriority | 2651 | Hyde Park Co-Operative | $5,000,000.00 unsecured, nonpriority |
| 2676 | Village Center Assoc. Dvd. H.A. | $5,000,000.00 unsecured, nonpriority | 2651 | Hyde Park Co-Operative | $5,000,000.00 unsecured, nonpriority |
| 2683 | Fenimore Limited Div. Housing Assoc. | $5,000,000.00 unsecured, nonpriority | 2651 | Hyde Park Co-Operative | $5,000,000.00 unsecured, nonpriority |
| 2689 | Bowin Place Associates Ltd. Div. H.A. | $5,000,000.00 unsecured, nonpriority | 2651 | Hyde Park Co-Operative | $5,000,000.00 unsecured, nonpriority |
| 2692 | Bowin Place Associates Ltd. Div. H.A. | $5,000,000.00 unsecured, nonpriority | 2651 | Hyde Park Co-Operative | $5,000,000.00 unsecured, nonpriority |

# CERTIFICATE OF SERVICE

      I, Heather Lennox, hereby certify that the foregoing Fourth Omnibus Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, Seeking the Disallowance of Certain Duplicate Claims was filed and served via the Court's electronic case filing and noticing system on this 15th day of May, 2014.

                        /s/ Heather Lennox