UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                                      :
In re                                                 :    Chapter 9
                                                      :
CITY OF DETROIT, MICHIGAN,                            :    Case No. 13-53846
                                                      :
               Debtor.                                :    Hon. Steven W. Rhodes
                                                      :
                                                      :
------------------------------------------------------x

**OBJECTION OF THE CITY OF DETROIT, PURSUANT TO
SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF
OF CLAIM NUMBER 2651 FILED BY HYDE PARK CO-OPERATIVE**

The City of Detroit (the "City") hereby: (a) objects, pursuant to sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") to proof of claim number 2651 (the "Claim") filed by Hyde Park Co-Operative (the "Claimant") because the Claim is an improper class claim; and (b) seeks the entry of an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed Order"), disallowing and expunging the Claim. A copy of the Claim is attached hereto as Exhibit 2. In support of this Objection, the City respectfully represents as follows:

## General Background

1.  On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.  As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities). As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3.  In February 2013, a state review team determined that a local government financial emergency exists in the City. Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "Emergency Manager") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"). Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case. MCL § 141.1558.

4.  On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "Plan") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for

the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure Statement").  That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background Regarding the Claims Process and the Claim**

6. On November 21, 2013, the Court entered the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Docket No. 1782) (the "Bar Date Order").  The Bar Date Order established February 21, 2014 at 4:00 p.m., Eastern Time (the "General Bar Date"), as the general deadline for the filing of proofs of claim in the City's chapter 9 case.

7. The Claimant is a plaintiff in a lawsuit that is pending in the Wayne County Circuit Court (Case No. 10-005687) (the "Lawsuit") arising from alleged overcharging relating to building inspection fees.  On the General Bar

Date, the Claimant filed the Claim asserting liabilities in the aggregate amount of $5,000,000 arising from the Lawsuit. The Claim provides expressly that it is asserted as a class claim. See Affidavit of Carl G. Becker attached to each of the Claims, at ¶ 2 (providing that the Claim is asserted "individually, collectively, and with other named Plaintiffs in [the Lawsuit] for a class of similarly situated persons and entities which and who have been overcharged for inspection fees").

**Relief Requested**

8. Pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the City seeks the entry of an order disallowing and expunging the Claim because the Claimant has failed to satisfy the appropriate requirements in this jurisdiction for the assertion of a class claim.

**Objection to the Claim**

9. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5), 101(10).[1] By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor. Section 502(b)(1) of the Bankruptcy

---

[1] Section 101(10) of the Bankruptcy Code defines a "creditor" in pertinent part as "an entity that has a claim against the debtor." 11 U.S.C. § 101(10). Section 101(5) in turn defines a "claim" as a "right to payment" or "the right to an equitable remedy for breach of performance if such breach gives rise to a right for payment." 11 U.S.C. § 101(5).

Code further provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).[2]

10. Bankruptcy Rule 7023 provides that Rule 23 of the Federal Rules of Civil Procedure, which governs class actions, applies in adversary proceedings. Absent an order of the court, however, Bankruptcy Rule 9014 provides that only certain provisions of Part VII of the Bankruptcy Rules, not including Bankruptcy Rule 7023, are applicable in contested matters by default. As a result, a claimant that desires to file a class claim must first seek an order of the court permitting the filing, or else the claim is subject to disallowance. See Reid v. White Motor Corp., 886 F.2d 1462, 1470-71 (6th Cir. 1989) (affirming the bankruptcy court's disallowance of a class proof of claim where the claimant failed to "confirm his representative capacity to represent a class; . . . to identify the class he purportedly represented; and . . . to timely petition the bankruptcy court to apply the provisions of Rules 9014 and 7023"); In re CommonPoint Mortgage Co., 283 B.R. 469, 475-76 (Bankr. W.D. Mich. 2002) ("for a class proof of claim to proceed, the class claimants must timely request that the bankruptcy court apply

---

[2] Section 502 of the Bankruptcy Code is made applicable in the City's chapter 9 case by section 901 of the Bankruptcy Code. See 11 U.S.C. § 901.

the provisions of Bankruptcy Rules 9014 and 7023 and certify the class") (citing Reid).

11. By its own terms, the Claim purports to be a class claim. Yet the Claimant has failed to satisfy the requirements of this jurisdiction for the assertion of a class claim including, without limitation, the timely filing of a motion to request that the Court apply the provisions of Bankruptcy Rules 7023 and 9014 with respect to the Claim. The City, therefore, has determined that the Claimant possesses no right to payment on account of the Claim, and the Claim should be disallowed.

**Reservation of Rights**

12. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

13. The City reserves the right to amend or supplement this Objection as necessary or appropriate.

### Notice

14. Notice of this Objection has been given to the Claimant and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002. The City submits that no other or further notice need be provided.

### No Prior Request

15. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: May 15, 2014                    Respectfully submitted,


 /s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY

ATI-2605224v1                    -8-

13-53846-tjt    Doc 4886    Filed 05/15/14    Entered 05/15/14 23:40:34    Page 8 of 20

Form B20B (Official Form 20B)
12/1/2010

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

In re:

**CITY OF DETROIT, MICHIGAN,**

Debtor.

Chapter: 9

Case No.: 13-53846

Judge: Hon. Steven W. Rhodes

Address: 2 Woodward Avenue, Suite 1126
  Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

**NOTICE OF OBJECTION OF THE CITY OF DETROIT, PURSUANT
TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF
OF CLAIM NUMBER 2651 FILED BY HYDE PARK CO-OPERATIVE**

The City of Detroit (the "City") has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or denied.** You should read these papers carefully and discuss them with your attorney, if you have one.

If you do not want the Court to deny or change your claim, then on or before June 18, 2014, you or your lawyer must:

1. File with the Court a written response to the objection, explaining your position, at:

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett, Esq.
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

2. Attend the hearing on the objection, scheduled to be held on June 25, 2014, at 10:00 a.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette, Detroit, Michigan 48226, unless your attendance is excused by mutual agreement between yourself and counsel for the City. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Dated: May 15, 2014            Respectfully submitted,

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
                                                   :
In re                                              :    Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                         :    Case No. 13-53846
                                                   :
               Debtor.                             :    Hon. Steven W. Rhodes
                                                   :
                                                   :
---------------------------------------------------x

# ORDER DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 2651 FILED BY HYDE PARK CO-OPERATIVE

This matter coming before the Court on the Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2651 Filed by Hyde Park Co-Operative (the "Objection"),[1] filed by the City of Detroit (the "City"); the Court having reviewed the Objection and having heard the statements of counsel regarding the relief requested in the Objection at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection and the Hearing was sufficient under the circumstances and in full compliance with the

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Objection.

requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED.

2. Pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged in its entirety.

3. The City, the City's claims and noticing agent and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

# **EXHIBIT 2**

| UNITED STATES BANKRUPTCY COURT　EASTERN DISTRICT OF MICHIGAN | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor: **City of Detroit** | Case Number: **13-53846** | **FILED** FEB 2 1 2014 US Bankruptcy Court MI Eastern District **COURT USE ONLY** |

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Hyde Park Co-Operative***

Name and address where notices should be sent:
% Kurt Thornbladh P25858
Thornbladh Legal Group PLLC
7301 Schaefer
Dearborn, MI 48126

Telephone number: (313) 943 2678　　email: kthornbladh@gmail.com

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(if known)
Filed on: _____

Name and address where payment should be sent (if different from above):
Carl G. Becker
Becker Law Firm PLC
POB 536
Oxford, MI 48371

Telephone number: (248) 628 2221　　email: cbecker@beckerlawplc.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**
FEB 24 2014
KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:**　　$5,000,000.00
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Overcharges in Building Inspective Fees
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: _____ | 3a. Debtor may have scheduled account as: _____ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:　☐ Real Estate　☐ Motor Vehicle　☐ Other
Describe:
Value of Property: _____
Annual Interest Rate: _____ ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: _____
Basis for perfection: _____
Amount of Secured Claim: _____
Amount Unsecured: _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).
☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(___).

Amount entitled to priority: _____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B1C (Official Form 10) (04/13)

02/21/2014 10:13:51am

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

RECEIVED
FEB 24 2014
KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Carl G. Becker**
Title: **Attorney for the Claimant**
Company: **Becker Law Firm PLC**
Address and telephone number (if different from notice address above):
P.O. Box 536
Oxford MI 48371

*Carl Becker /kvs* 2/21/2014
(Signature)  (Date)

Telephone number: **(248) 628 2221**  email: **cbecker@beckerlawplc.com**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**
If any portion of the claims falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicers as the company. Criminal penalties apply for making a false statement on a proof of claim.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the matter of:

Michigan City of Detroit

                    Debtor    /

Case No. 13-53846
Chapter 11
Hon. Steven W. Rhodes

## AFFIDAVIT

State of Michigan   )
                            )Ss.
County of Wayne   )

     CARL G. BECKER, Attorney for the Claimant, first being duly sworn, deposes and says as follows:

1. Attorney for the Claimant and I make this statement based upon the files and records of the case and information made known to me by the Claimant.

2. The claimant, Hyde Park Co-Operative, is making this claim individually, collectively, and with other named Plaintiffs in Wayne County Circuit Court Case No. 10-005687-CZ for a class of similarly situated persons and entities which and who have been overcharged for inspection fees.

2. I have calculated the claim in this proof of claimant based upon the possible claim of damages in the matter of Hyde Park Co-Operative, et al., v. City of Detroit by and through its Building and Safety Engineering Dept., Case No. 10-005687- CZ (Wayne County Circuit Court). The matter is currently stayed by the filing of Chapter 9 by the Debtor.

3. Damages may consist of actual overpayment of building inspection fees and also Court costs, attorney fees, and other damages.

Further your affiant says not.

                                        /s/ __carl g. becker_____
                                        CARL G. BECKER

Subscribed and sworn to before me
on February 21, 2014.

___/s/kurt thornbladh___
KURT THORNBLADH, NOTARY PUBLIC
Oakland County, Michigan
My Commission Expires: May 6, 2014
Acting for Wayne County

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2651 Filed by Hyde Park Co-Operative was filed and served via the Court's electronic case filing and noticing system on this 15th day of May, 2014.

/s/ Heather Lennox