UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

     Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

# OMNIBUS REPLY TO THE DWSD BOND TRUSTEE'S RESPONSE TO THE MOTION OF THE CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT FOR AN ORDER, PURSUANT TO 11 U.S.C. §105, AMENDING AND CLARIFYING FEE REVIEW ORDER DATED SEPTEMBER 11, 2013 (Doc. No. 4323) AND JOINDER OF THE AD HOC COMMITTEE OF DWSD BONDHOLDERS (Doc. No. 4337)

NOW COMES, the City of Detroit Water and Sewerage Department ("DWSD"), by and through counsel, Kilpatrick & Associates, P.C., and for this Omnibus Reply to the DWSD Bond Trustee's Response to the Motion of the City of Detroit Water and Sewerage Department for an Order, Pursuant to 11 U.S.C. §105, Amending and Clarifying Fee Review Order Dated September 11, 2013 ("Response") and Joinder of the Ad Hoc Committee of DWSD Bondholders ("Joinder") states as follows:

1. On April 4, 2014, DWSD filed a Motion for an Order, Pursuant to 11 U.S.C. §105, Amending and Clarifying Fee Review Order Dated September 11, 2013 ("Motion"), requesting that that the Fee Review Order be amended to require

1

that the fees and expenses of U.S. Bank National Association ("Trustee"), the Trustee for certain water and sewer bonds, and its retained professionals be reviewed by the Fee Examiner and subject to the Fee Review Order. On May 8, 2014, the City filed a Joinder to the Motion.

2. On April 30, 2014, the Trustee filed a Response to the Motion that exceeded 300 pages in which the Trustee 1) disclosed the content of several settlement discussions with counsel for DWSD in violation of FRE 408, 2) argued that it is entitled to compensation and reimbursement of fees and expenses, and 3) consented to the examination of its fees and expenses under the Fee Review Order, but only on a going forward basis.

3. On May 1, 2014, the Ad Hoc Committee of DWSD Bondholders filed a Joinder to the Response stating that the fees and expenses of the Trustee and its retained professionals are necessary and reasonable and asserting that having the Trustee's fees examined prospectively is a "sensible solution" to address DWSD's concerns.

4. In the Motion, DWSD did not argue that the Trustee and its retained professionals are not entitled to reimbursement and compensation of fees and expenses under the Bond Indentures. However, for nearly 13 pages of the Response the Trustee argued that it is entitled to reimbursement and compensation under the Bond Indentures.

2

5. The Trustee's inordinately long Response to the Motion addressing arguments that were not even made in the Motion is a manifestation of why it is imperative that the Trustee's fees and expenses be reviewed for reasonableness by an independent, unbiased third party.

6. Review of the fees and expenses incurred by the Trustee only prospectively is insufficient. Despite the requirement that the fees and expenses of the Trustee be reasonable, DWSD is unable to question the reasonableness of the fees and expenses of the Trustee. As the Ad Hoc Committee of Bondholders stated in its Joinder to the Response, "the Bond documents require payment of the Trustee's legal fees and expenses from the Systems' revenues" and "[f]ailure to pay such amounts constitutes a breach of the Bond Ordinance and Bond Indentures." Therefore, review of the fees and expenses of the Trustee that have incurred since the date of the filing of the bankruptcy case is necessary to ensure that all of the fees and expenses that have been incurred by the Trustee are reasonable as required by the Bond Indentures.

7. Prior to consenting to review of its fees and expenses prospectively, the Trustee argued that it should not be subject to the Fee Review Order because "the Trustee's professionals are not retained by the City, nor do they seek payment of compensation and reimbursement of expenses from the City." Neither of the Trustee's arguments is persuasive.

8. The fact that the Trustee's professionals are not retained by the City is irrelevant. Counsel for the Official Committee of Retirees was not retained by the City and is nonetheless subject to the Fee Review Order.

9. The Trustee's assertion that it does not seek payment of compensation and reimbursement of expenses from the City is false. The City is responsible for payment of the Trustee's fees and expenses from general funds if the Net Revenues remaining in the month of payment, after making the transfers and deposits required under the Bond Indentures to all Interest and Redemption Funds, are not sufficient to pay the Trustee's fees and expenses. Furthermore, DWSD is a department of the City.

10. FRE 408 generally forbids the admission into evidence of statements made during settlement negotiations "when offered to prove liability for, invalidity of or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." The Trustee offers statements made during settlement negotiations between counsel for the Trustee and counsel for DWSD and between counsel for the Trustee and DWSD personnel in its Response in violation of FRE 408. Such statements should not be considered by the Court in making its determination on the Motion.

**WHEREFORE**, DWSD respectfully requests that this Honorable Court grant its Motion for an Order, Pursuant to 11 U.S.C. §105, Amending and Clarifying Fee Review Order and grant such other and further relief this Court deems just and proper considering the facts and circumstances of this case.

Respectfully Submitted,

KILPATRICK & ASSOCIATES, P.C.

 /s/ Richardo I. Kilpatrick
RICHARDO I. KILPATRICK (P35275)
SHANNA M. KAMINSKI (P74013)
Attorneys for the City of Detroit
Water and Sewerage Department
and its Board of Water Commissioners
615 Griswold, Ste. 1708
Detroit, MI 48226-3985
ecf@kaalaw.com
(313) 963-2581

Dated: May 19, 2014

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

        Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2014, I electronically filed the Omnibus Reply to the DWSD Bond Trustee's Response to the Motion of the City of Detroit Water and Sewerage Department for an Order, Pursuant to 11 U.S.C. §105, Amending and Clarifying Fee Review Order Dated September 11, 2013 and Joinder of the Ad Hoc Committee of DWSD Bondholders, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.


       _/s/ Shanna M. Kaminski_____
       Shanna M. Kaminski (P74013)

Dated: May 19, 2014