IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :   Chapter 9
                                                        :
                                                        :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :   Hon. Steven W. Rhodes
                                            Debtor      :
------------------------------------------------------- x

**DEBTOR'S CORRECTED OBJECTION TO CLAIM NUMBERS 1302 AND 3500 FILED BY INLAND WATERS POLLUTION CONTROL, INC.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its corrected objection to claim numbers 1302 and 3500 (collectively the "Claim") and its request for an order disallowing and expunging the Claim, substantially in the form of the proposed order attached hereto as Exhibit 1, respectfully states as follows[1]:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Corrected Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**BACKGROUND FACTS**

2.  On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3.  Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

---

[1] This Corrected Objection is being filed to conform the docket text with the title of the Objection.

1

4824-9034-2683.1

13-53846-tjt    Doc 4955    Filed 05/20/14    Entered 05/20/14 14:32:31    Page 1 of 7

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On February 21, 2014, Inland Waters Pollution Control, Inc. ("Inland") filed the Claim. A copy of the as-filed Claim is attached hereto as Exhibit 2.

7. The Claim seeks $2 million dollars.

8. Claim number 1302 is identical to Claim number 3500.

9. The stated basis for the Claim is "Breach of November 28, 2012 Letter Agreement."

10. The documentation attached to the Claim consists of a statement by Inland's Chief Financial Officer, John Edgar, Jr.

11. The Claim does not contain the November 28, 2012 Letter Agreement (the "Agreement") referenced as its basis.

12. According to the Claim, the Agreement was to resolve "Responsible Vendor Proceedings" involving Inland with the Detroit Water and Sewerage Department ("DWSD").

The Claim does not specify the origin of such proceedings, but the City believes that it is related to a settlement between Inland and DWSD regarding issues with billing for the Macomb Interceptor public works project.

13. According to the Claim, under the Agreement, Inland was to have paid the DWSD $4.5 million.

14. According to the Claim, Inland has paid $2 million.

15. According to the Claim, as part of the Agreement, Inland was determined to be a "Responsible Vendor" and it would not be prejudiced with respect to future bids based on the past conduct which gave rise to the Agreement.

16. The Claim alleges that on February 12, 2014, the DWSD breached the Agreement because a representative of the DWSD's Board of Water Commissioners allegedly made statements to an unnamed Inland competitor that Inland was "dirty" and that he intended to make sure Inland did not receive future work from the DWSD (the "Comment"). The Claim does not provide any documentation from the party who allegedly heard the Comment.

**RELIEF REQUESTED**

17. The City files this corrected objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

18. Inland filed two identical claims. The City also seeks entry of an order disallowing and expunging Claim No. 3500 because it is duplicative of Claim 1302, pursuant to Section 502(b)(1) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

*a. The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

19.     Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed. Rule 3001(f).

20.     In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

21.     In addition to the above requirements, Rule 3001(c) also requires that any claim based on a writing must include a copy of the writing. When a proof of claim is based on a writing and that writing is not attached, the proof of claim is not deemed to be valid as to the claim or amount. *Hughes*, 313 B.R. at 208.

22.     In this case, the Claim is not a properly filed proof of claim within the meaning of Rule 3001(f). It does not establish that the City breached the Agreement or that Inland has actually suffered any damages as a result of the Comment that Inland claims is a breach of the Agreement. The Claim does not explain how the DWSD is liable for $2 million to Inland, particularly where that $2 million appears to be repayment to the DWSD in connection with Inland's prior conduct.

23.     Furthermore, the Claim does not meet the standards of Rule 3001(c). The Claim alleges a breach of the Agreement as its basis, but Inland did not include a copy of the Agreement.

4

24. The Claim fails to meet the standards of Rule 3001(c) and (f), and should not be considered either valid, nor should its stated value of $2 million be accepted by this Court. Rather, it should be disallowed and expunged.

> b. *Even if the Court Finds the Claim Meets the Standards of Rule 3001(c) and (f), Inland Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which It Cannot.*

25. Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount. *Id*. at 208. The objecting party must then present its own evidence challenging the validity of the proof of claim. *Dow Corning*, 250 B.R. at 321. If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant. *Id*.

26. In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery. *Id*. at 307. The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been calculated. *Id*. at 322. The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government. *Id*.

27. Here, as in *Dow*, the lack of supporting documentation regarding the Claim, including support for the stated basis of the Claim, and any basis for the asserted claim amount of $2 million are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Inland.

28. Inland is unable to meet this burden. Inland has not provided any documentation to support its Claim that the DWSD breached its obligations under the Agreement. Moreover, Inland does not posit how it has been damaged by the Comment. In fact, Inland does not even provide any documentation regarding the Comment other than a statement by its own CFO that an unnamed Inland competitor heard the Comment. Additionally, none of the documents provided with the Claim establish the DWSD's liability to Inland in any amount, let alone its obligation to return $2 million paid by Inland based on its own past conduct.

29. Furthermore, Inland is not entitled to assert two identical claims. Claim No. 1302 and Claim No. 3500 are duplicates of one another. Claim No. 3500 should be disallowed and expunged as a duplicate claim.

## RESERVATION OF RIGHTS

30. The City files this Corrected Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

31. The City has provided notice of this Corrected Objection to the claimant identified on Proof of Claim Nos. 1302 and 3500, and all other parties who requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Corrected Objection need be given.

**NO PRIOR REQUEST**

32. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 20, 2014

        FOLEY & LARDNER LLP

        By: /s/ Tamar N. Dolcourt
        John A. Simon (P61866)
        Tamar N. Dolcourt (P73425)
        500 Woodward Ave., Ste. 2700
        Detroit, MI 48226
        313.234.7100
        jsimon@foley.com
        tdolcourt@foley.com
        *Counsel for the Debtor, City of Detroit, Michigan*