In re City of Detroit, Michigan (Case No. 13-53846)
Privilege Log of Selected Documents[1]

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| 1 | 00/00/0000 | Outline authored by Miller Canfield | Attorney-Client Privileged and Subject to Work Product Doctrine | Summary of Legal Arguments Regarding the Validity of the Collateral Agreement, Including But Not Limited To, Assessment of the Revised Municipal Finance Act, PA 34 of 2001, Detroit Code of Ordinances, the Home Rule City Act, and Related Cases |
| 2 | 03/13/2013 | Draft Memorandum from Jones Day to File | Attorney-Client Privileged and Subject to Work Product Doctrine | Summary of 2005, 2006 and 2009 Swaps and Related Transactions and Analysis of Potential Events of Default or Termination Events, and Issues Regarding the City's Authority to Enter Into Transactions Under the Revised Municipal Finance Act, PA 34 of 2001, Detroit Code of Ordinances, the Home Rule City Act, and Related Cases |
| 3 | 03/15/2013 | Memorandum from Kates* and Rudd* to Jones Day Detroit Team | Attorney-Client Privileged and Subject to Work Product Doctrine | Authority to Enter Into Swap Contracts and Pledge Wagering Tax Revenues and Further Analysis Regarding the City's Authority to Enter Into Transactions Under the Revised Municipal Finance Act, PA 34 of 2001, and the Michigan Gaming Control and Revenue Act |

---

[1] The documents described on this privilege log consist of (i) documents review by Kevyn Orr in connection with the settlement with the Swap Counterparties; and (ii) documents responsive to the document requests of the Retiree Committee allowed by the Court (see Docket No. _____).

\* - Jones Day Attorney
\*\* - Pepper Hamilton Attorney
\*\*\* - Miller Canfield Attorney



COD-SETT-00461

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| | | | | ("Michigan Gaming Act") |
| 4 | 04/15/2013 | Memorandum from Jones Day to Client | Attorney-Client Privileged and Subject to Work Product Doctrine | Strategy for Addressing Detroit's Obligations Under the COPs, Swaps, and Collateral Agreements by Challenging the Legal Basis of the Collateral Agreement, the Swap Transactions and the COPs Transactions |
| 5 | 06/12/2013 | Memorandum from DiPompeo* to Shumaker,* Stewart,* and Irwin* | Attorney-Client Privileged and Subject to Work Product Doctrine | Further Analysis of the Strategy for Addressing Detroit's Obligations Under the COPs, Swaps, and Collateral Agreements by Challenging the Legal Basis of the Collateral Agreement, the Swap Transactions and the COPs Transactions, Including Analysis of Estoppel by Recital and the Effect of Declaring the COPs Invalid |
| 6 | 06/12/2013 | Comparison of 04/15/2013 Memorandum from Jones Day to Client to 06/12/2013 Memorandum from DiPompeo* to Shumaker,* Stewart,* and Irwin,* with changes noted | Attorney-Client Privileged and Subject to Work Product Doctrine | Redline of priv nos. 4 and 5 |
| 7 | 05/21/2013 | Email from Heiman* to Ball*, cc'd to Cullen* and Kates,* bcc'd to Shumaker* | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion of Infirmities of Collateral Agreement, Bankruptcy, Automatic Stay, Litigation in State Court, and Safe Harbor Issues |
| 8 | 05/00/2013 | Draft letter authored by Jones Day requesting Attorney General Opinion | Attorney-Client Privileged and Subject to Work Product Doctrine | Request for Michigan State Law Opinion Regarding the Legality of the Pledge of the Casino Revenues under the Michigan Gaming Act |
| 9 | 05/00/2013 | Draft letter authored by Jones Day from Martin to MGM Grand Detroit, LLC | Attorney-Client Privileged and Subject to Work Product Doctrine | Draft Instructions Revoking Irrevocable Instructions Regarding Casino Revenues |

COD-SETT-00462

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| 10 | Undated | Draft Emergency Manager Resolution | Attorney-Client Privileged and Subject to Work Product Doctrine | Draft Emergency Manager Order Declaring the City's Pledge of Wagering Tax Property Under the 2009 Collateral Agreement Illegal and Void |
| 11 | 05/00/2013 | Draft Complaint authored by Jones Day | Attorney-Client Privileged and Subject to Work Product Doctrine | Complaint for Declaratory and Injunctive Relief Regarding Swap Transactions, Based On Noncompliance with Michigan Gaming Act |
| 12 | 06/10/2013 | Memorandum from Stewart*, to Heiman,* cc'd to Cullen,* Shumaker,* and Moss* | Attorney-Client Privileged and Subject to Work Product Doctrine | Memorandum Outlining Potential Legal Arguments to Invalidate the Collateral Agreement under the Michigan Gaming Act Through Litigation, Attorney General Opinion, Ordinance Modification, Payment Instruction Modification. Memo also addresses Arguments Regarding Invalidity of the COPs under the Revised Municipal Finance Act. |
| 13 | 06/10/2013 | Email from Ball,* to Heiman,* Shumaker,* and Stewart,* cc'd to Cullen,* Rosenblum,* and Lennox* | Attorney-Client Privileged and Subject to Work Product Doctrine | Strategy Regarding Swaps Settlement and Economic Effects Thereof, and Potential Litigation Options, Including Seeking an AG Opinion and Revoking Payment Instructions to Casinos |
| 14 | 03/00/2013 | Draft Memorandum from Stewart* to File | Attorney-Client Privileged and Subject to Work Product Doctrine | Analysis of Structure of 2006 Swaps and 2009 Collateral Agreement, Including Analysis of Strengths and Weaknesses of Various Issues, and Opinions of Counsel Lewis & Mundy and City Corporation Counsel, Regarding Compliance with the Michigan Gaming Act and Applicable Law, Regulation or Court Orders and the City Charter |

COD-SETT-00463

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| 15 | 06/11/2013 | Memorandum from Stewart* to File | Attorney-Client Privileged and Subject to Work Product Doctrine | Further Analysis of Structure of 2006 Swaps and 2009 Collateral Agreement, Including Analysis of Strengths and Weaknesses of Various Issues, and Opinions of Counsel Lewis & Mundy and City Corporation Counsel, Regarding Compliance with the Michigan Gaming Act and Applicable Law, Regulation or Court Orders and the City Charter |
| 16 | 06/11/2013 | Email from Moss,* to Cullen,* cc'd to Stewart,* Shumaker* and DiPompeo* | Attorney-Client Privileged and Subject to Work Product Doctrine | Legal Analysis Regarding Process and Timeline to Amend City Ordinance Regarding Casino Revenue Through an Emergency Manager Order and Related Litigation Issues |
| 17 | 05/00/2013 | Draft Emergency Manager Order authored by Jones Day | Attorney-Client Privileged and Subject to Work Product Doctrine | Template of Emergency Manager Order to Amend City Ordinance Regarding Casino Revenue |
| 18 | 06/27/2013 | Email from Shumaker* to Cullen* and Stewart* | Attorney-Client Privileged and Subject to Work Product Doctrine | Litigation Issues Regarding Timing of Any Lawsuit and Analysis of City's Ability to Maintain Access to Casino Revenues During Litigation |
| 19 | 07/00/2013 | Draft Complaint authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | Complaint for Declaratory and Injunctive Relief Regarding Swap Transactions Based On, Among Other Things, (1) Noncompliance with Michigan Gaming Act and Act 34; (2) Contract Based Claims Related to the Collateral Agreement, (3) Certain Equitable Relief, and (4) Certain PA 436 Powers |

COD-SETT-00464

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| 20 | 00/00/0000 | Draft Chart | Attorney-Client Privileged and Subject to Work Product Doctrine | Chart Outlining Arguments, Counterarguments and Basis for Litigation Related to Swap Transactions on Account of (1) Avoidance under Michigan Law, (2) Automatic Stay under Sections 362, 922, and 105 of the Bankruptcy Code, and Related Safe Harbor Protections Under Sections 362(b)(17) and 560 of the Bankruptcy Code, and Application of Special Revenue under Section 922(d) of the Bankruptcy Code, (3) Cash Collateral Uses, (4) Section 552 of the Bankruptcy Code and Limitations Related to Special Revenue, (5) Act 34, Michigan Gaming Act, Service Corporation Validity and the City's Debt Limits, (6) Validity of the Collateral Agreement Under Michigan Law, (7) Validity of the Casino Revenue Pledge Under Michigan Law |
| 21 | 06/04/2013 | Email from Ball* to Rupley,*** Bulger,*** Heiman,* and Telpner* | Attorney-Client Privileged and Subject to Work Product Doctrine | Summary of Settlement Discussions with Swap Counterparties, Including Discussion of Potential Litigation Claims Against the Swap Counterparties |
| 22 | 12/23/2013 | Draft Complaint authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | Complaint for Declaratory and Injunctive Relief Regarding Swap Transactions Based On, Among Other Things, (1) Noncompliance with Michigan Gaming Act and Act 34; (2) Contract Based Claims Related to the Collateral Agreement, (3) Certain |

5

COD-SETT-00465

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| | | | | Equitable Relief, and (4) Certain PA 436 Powers, Including Factual Allegations Relating to Manipulation of LIBOR Rates |
| 23 | 01/30/2014 | Revised Complaint authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | 17-Count Complaint for Declaratory and Injunctive Relief and Recovery of Damages Against Swap Counterparties |
| 24 | 01/30/2014 | Motion and Brief in Support authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | Emergency *Ex Parte* Motion and Brief in Support Seeking Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue Against Swap Counterparties |
| 25 | 01/30/2014 | Revised Emergency Manager Order authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | Emergency Manager Order to Amend City Ordinance Regarding Casino Revenue |
| 26 | 01/30/2014 | Amended City Ordinance authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | Amended City Ordinance Regarding Casino Revenue |
| 27 | 01/30/2014 | Draft Letter authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | Letter to Casinos Regarding Irrevocable Instructions |
| 28 | 02/01/2014 | Email chain between Cullen* and Ball* | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion Regarding Settlement Counter-Proposal |
| 29 | 02/01/2014 | Email chain among Hertzberg,** Ball,* Cullen* and Orr | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion Regarding Settlement Counter-Proposal |
| 30 | 02/01/2014 | Email from Hertzberg** to Ball,* cc'd to Bennett* and Cullen* | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion Regarding Settlement Counter-Proposal |

COD-SETT-00466

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| 31 | 02/01/2014 | Email from Hertzberg** to Kovsky** and Fournier** | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion Regarding Settlement Counter-Proposal |
| 32 | 02/01/2014 | Email chain among Hertzberg,** Ball,* Bennett,* Cullen* and Erens* | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion Regarding Proposed Structure of Settlement |
| 33 | 02/01/2014 | Email chain among Hertzberg,** Ball,* Bennett,* Cullen* and Erens* | Attorney-Client Privileged and Subject to Work Product Doctrine | Email re Discussion of Proposed Settlement with Orr |
| 34 | 02/02/2014 | Email Chain among Judge Perris (mediator), Judge Rosen (mediator), Cullen,* Ball,* and Hertzberg** | Attorney-Client Privileged, Mediation Privilege and Subject to Work Product Doctrine | Discussion Regarding Proposed Terms of Settlement Agreement with Swap Counterparties |
| 35 | 02/02/2014 | Email from Hertzberg** to Kovsky,** Fournier** and Welwarth** | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion Regarding Terms of Tentative Settlement |
| 36 | 02/02/2014 | Email from Ball,* to Judge Rosen (mediator), Judge Perris (mediator), Hertzberg,** Cullen* and Heiman* | Attorney-Client Privileged, Mediation Privilege and Subject to Work Product Doctrine | Update Mediators Regarding Terms of Tentative Settlement |
| 37 | 02/02/2014 | Email chain among Hertzberg,** Ball,* Bennett,* Cullen,* Erens* and financial advisors from Miller Buckfire | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion Regarding Settlement Counter-Proposal |
| 38 | 02/04/2014 | Email from Ball* to Hertzberg,** cc'd to Shumaker* | Attorney-Client Privileged and Subject to Work Product Doctrine | Update Regarding Discussions with Swap Counterparties and Insurers |
| 39 | 02/05/2014 | Email chain among Hertzberg,** Kovsky,** Ball,* Shumaker,* Cullen* and Bennett* | Attorney-Client Privileged and Subject to Work Product Doctrine | Update Regarding Discussions with Swap Counterparties and Insurers |
| 40 | 02/20/2014 | Email chain among Hertzberg,** Ball,* Rosenblum* and Wilson* | Attorney-Client Privileged and Subject to Work Product Doctrine | Discussion of Proposed Language in Draft Plan Regarding Treatment of Swap Claims |

COD-SETT-00467

| Priv. No. | Date | Description | Type of Privilege | Topic |
|---|---|---|---|---|
| 41 | 2/25/2014 | Draft Projections Prepared by Ernst & Young in Connection with the City's Plan of Adjustment | Mediation Privilege | City of Detroit – Plan of Adjustment – 40-Year Projections |
| 42 | 2/28/2014 | Memorandum authored by Pepper Hamilton | Attorney-Client Privileged and Subject to Work Product Doctrine | Analysis of Potential Claims Against UBS and Merrill Lynch in Connection with the COPs Transactions |
| 43 | Various | Draft Plan and Disclosure Statement | Attorney-Client Privileged and Subject to Work Product Doctrine | Multiple Drafts of Plan of Adjustment and Disclosure Statement |

COD-SETT-00468