UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**STATEMENT OF OBJECTORS IN ANTICIPATION OF THE MAY 22, 2014 STATUS CONFERENCE**

1. In order to facilitate discovery and trial of the City's Plan of Adjustment, the Objector Members of the Discovery and Trial Efficiency Committee ("DTEC") met, coordinated proposals, and expressed those proposals to the City. This short statement sets forth the status of the parties' discussions to date and is being filed in the hopes of aiding the Court at the May 22, 2014 Status Conference.

2. The Objectors' proposals focused on 5 different areas: (1) Document Production; (2) Schedule; (3) Witness Lists; (4) Effective Use of Pretrial Conferences; and (5) Deposition Protocols.

**I.  Document Production**

3. The City and the Objectors engaged in an exchange of views regarding the status of the City's document production. The City has identified a number of forthcoming document productions including productions of critical

documents from Milliman, Ernst & Young, Conway Mackenzie, and the Mayor's Office that are responsive to requests by numerous objectors. The Ernst & Young documents alone are estimated by the City to comprise 2,000 documents. The City has indicated it believes it will have these documents produced by Monday, June 2, 2014.[1] The City has not yet made significant headway on the DWSD-related production. The City's ability to complete its additional DWSD-related production by June 2, however, is dependent upon on-going meet-and-confer discussions between the City and the DWSD parties about the scope of document custodians and ESI searching for the DWSD production. These DWSD-related production issues may need to be addressed at the May 22, 2014 hearing because they impact the schedule issues discussed in Part II below.

**II.  Schedule**

4.  The Objectors expressed a willingness, consistent with Mr. Hertzberg's statements at the May 15 hearing, to adjust the schedule based on the City's anticipated substantial compliance with document discovery. The City's original document production was to be due May 6 under the Court's Fourth

---

[1]  The City's position is that it believes it has already substantially complied with all written discovery requests. However, with respect to additional areas of information previously identified at status conferences before the Court (such as pre-January 1, 2013 discovery and discovery relating to forecasts, to name two examples), the City believes it will have substantially complied with its document obligations by June 2, 2014.

2

Amended Scheduling Order, and was intended by this Court to be complete. It was not, with material omissions with respect to the City's projections, pension and OPEB issues, DWSD, and other critical topics. Moreover, the City's production was neither tied to specific document requests, nor indexed, considerably increasing the time necessary to assess the production. It also contained a large number of privileged mediation documents, ultimately requiring the parties to purge and return the entire production.

5. The City re-produced certain documents on May 16, although again with material omissions as to documents crucial to the orderly conduct of further discovery and of the confirmation hearing itself. This crucial information may not be produced for another 10 days or more, extending the time when creditors will have a complete production until at least the end of May, rather than the beginning. Notwithstanding the City's delays and its inability to comply with its discovery obligations, the City is now of the view that no adjustment to the fact discovery cut-off is merited and that there should be no change to the anticipated start of the Plan Confirmation trial. The Objectors do not agree and have proposed the following schedule, which is also attached hereto as Exhibit A:

> **May 27, 2014** is the deadline for the City to file one combined response to all of the timely plan objections.
>
> **May 28, 2014 at 10:00 a.m.** will be the date and time of a hearing on the status of the City's document production and a further hearing on objections with respect to the City's responses to discovery.

**June 2, 2014** is the deadline:

> **(a)** For the City to mail revised notices of the confirmation hearing, plan objection deadline, voting deadline and voting dispute procedures; and
>
> **(b)** For the City to complete its production of documents responsive to the objecting parties' requests. The other dates specified in this Order are predicated on compliance with this deadline, and are subject to further adjustment if the deadline is not met.

**June 24, 2014** is the deadline for the City to file its list of expert witnesses and serve copies of expert reports (which shall not be filed). Depositions of the City's experts may commence immediately thereafter.

**June 27, 2014** is the deadline for any party that is not identified as having the right to vote on the plan, but who asserts a right to vote on the plan, to file a "Notice of Asserted Right to Vote a Claim" and a brief in support.

**July 18, 2014** is the deadline to complete all non-expert depositions.

**July 25, 2014** is the deadline:

> **(a)** For any affected holder, the water and sewer bond trustee, the ad hoc committee of water and sewer bondholders and the COPs trustee to file a brief in response to any Notice of Asserted Right to Vote a Claim; and
>
> **(b)** For objecting parties to file their list of expert witnesses and serve copies of their expert reports (which shall not be filed).

**August 1, 2014** is the deadline:

> **(a)** For plan voting;[2]

---

[2] The following parties do not support extending the voting deadline and the tabulation deadline: (i) Official Committee of Retirees; (ii) General Retirement System for the City of Detroit; (iii) Police and Fire Retirement System for the City of Detroit; (iv) Detroit Fire Fighters Association and (v) the Detroit Police Officers Association. The General Retirement System, Police and Fire Retirement System, and Official Committee are subject to a Stipulated Order entered on May 9 [Doc.

**(b)** For individual bondholders and individual retirees to file objections to the plan; and

**(c)** For any party that filed a Notice of Asserted Right to Vote a Claim to file a reply brief in support of such notice.

**August 11, 2014** is the deadline for the City or the balloting agent to file a summary of the results of the tabulation of all ballots and master ballots.

**August 13, 2014** is the deadline to complete all expert depositions.

**August 15, 2014** is the deadline for any party that filed a timely objection to the plan to file a supplemental objection, but only to the extent that discovery or the results of plan voting give rise to additional or modified objections to the plan.

**August 18, 2014 at 10:00 a.m.** will be the date and time of the hearing to determine any disputes arising in connection with any Notices of Asserted Right to Vote a Claim.

**August 20, 2014** is the deadline:

**(a)** To submit a proposed joint final pretrial order in compliance with LBR 7016-1;

**(b)** To file pretrial briefs; and

**(c)** For the City to file one combined response to supplemental objections to the plan and to objections filed by individual bondholders and individual retirees.

**August 25, 2014 at 9:00 a.m.** will be the date and time of the final pretrial conference on plan confirmation.

**August 26, 2014 at 9:00 a.m.** will be the date and time for the commencement of the hearing on plan confirmation.

---

No. 4587] that may need to be altered to the extent the Court adopts the scheduling changes suggested in this Statement.

6. Moving the schedule back to deal with the City's failure to smoothly complete written discovery strikes the Objectors as both necessary and obvious. In general, the movement in the deadlines is commensurate with or less than the City's delays in completing document production by the May 6, 2014 deadline. Extending just one deadline (e.g., the deadline to complete non-expert depositions) does not work. The Objectors need the City's documents to take the depositions of fact witnesses. And, in turn, the Objectors' expert witnesses need the documents and the fact depositions to complete their expert reports. Finally, supplemental objections and pre-trial briefing need to follow the completion of both fact and expert discovery.

7. The Objectors propose few structural adjustments to the schedule. The new schedule (a) strikes the date for all parties to identify experts; (b) maintains the City's due date for producing expert reports as June 24, 2014; and (c) replaces the rebuttal deadline with a July 25, 2014 deadline for production of Objector expert reports. This modification is fair and efficient for two reasons. First, it holds the City to the current schedule under the theory that the City has had free access to its own information notwithstanding the difficulties it has encountered producing it to the Objectors. Second, the staggered date for expert reports based on the burden of proof at trial is consistent with "textbook" litigation schedules and

eliminates the guessing game currently faced by the Objectors with respect to the City's expert testimony.

8.  The Objectors also propose that the hearing date on the Notice of Asserted Right to Vote a Claim be moved to August 18, one week after the proposed August 11 deadline for the tabulation of all ballots and master ballots. The hearing may be unnecessary depending on the voting results.

### III. Witness List Rationalization

9.  As the Court noted at the hearing on May 15, 2014, the parties' witness lists have identified a large number of potential witnesses. The Objectors proposed that all parties (including the City) be required to submit revised witness lists under the following provisos: (1) parties will <u>only</u> include on their lists witness who they currently believe they are "certain or reasonably likely" to call at trial; while (2) the failure to include a witness on a party's witness list will not serve as a bar to (a) taking that person's deposition; or (b) subsequently adding that person to its witness list. Additionally, Objectors need not list any witnesses on their witness lists who have already been listed by the City on its current witness list; all rights to depose those individuals and/or solicit their testimony at trial are reserved on any topic.

10. The effect of the foregoing changes will be to reduce the numbers of witnesses presently on the list and will better "paint the target" for the City and

Objectors when it comes to determining which witnesses are highly likely to require a deposition. At the same time, it protects parties' rights to explore witness testimony and to modify their lists based on developments in discovery.

**IV. Use of Pretrial Conferences to advance discovery and trial**

11. The Court, the City, and the Objectors are all grappling with important issues relating to the number of depositions in the case, the number of witnesses at trial, and the length of trial. These are important issues that will need to be addressed at the appropriate time. Attempting to resolve them <u>at the outset</u> of document discovery is a prescription for mistakes and further delay.

12. Instead, the Objectors proposed to the City that the May 22, 2014 hearing (or a hearing shortly thereafter) be used as a pre-trial conference in the way suggested by the *Manual for Complex Litigation, Fourth* (the "<u>Manual</u>"). As the Manual makes clear, the primary objective of the first pre-trial status conference is to "develop an initial plan for the 'just, speedy, and inexpensive' determination of the litigation." MCL, § 11.211. The Manual establishes a checklist for accomplishing that goal, and the first item on that checklist is "identifying and narrowing issues of fact and law."

13. Section 11.33 speaks to the method by which a trial court can identify, define, and resolve issues at the outset of the case in order to guide both discovery and trial. For example, the Court can require counsel to confer and submit a

tentative statement of disputed issues in advance of the conference. (*Id.* at § 11.33.) The conference itself can then be used by the Court to probe counsel, particularly for the City, on the question of how they intend to prove their case at trial. As the manual states "The conference is an opportunity for the judge to learn about the material facts and legal issues and for counsel to learn about the opponent's case and gain a better perspective. . . . Questions should probe into the parties' claims and defenses and seek specific information. Rather than accept a statement that defendant 'was negligent' or 'breached the contract,' the judge should require the attorneys to describe the material facts they intend to prove and how they intend to prove them." (Id.)

14. The benefit of a status conference in the vein of that described above could be significant in this case. For while the parties have been involved in the bankruptcy for over 10 months, the fact of the matter is that the Plan of Adjustment has only recently emerged from the flurry of negotiation. All parties know, for example, that there are issues relating to (a) the Art; (b) DWSD; (c) unfair discrimination; (d) the City's determination of the size of the pension and OPEB claims; and (e) the City's forecasts, to name a few key issues. What is much less clear is how the City intends to carry its burden on each of these issues. Neither the Disclosure Statement nor the Plan explain why, for example, the City believes that pensioners can be paid more than COP or LTGO holders. Rather than

9

barreling forward with discovery, the Objectors submit that it would be more efficient to conduct a status conference where the City can paint a practical, evidence-based picture of the case it plans to prove at trial. This will be useful not only for preparation, but also for formulating deposition protocols and trial time divisions.

15. The City took the Objectors' proposal on this front under advisement.

**V. Depositions**

16. As noted above, significant thought needs to go into the best way to conduct depositions such that (a) economies are achieved; without (b) impairing the Objectors' rights to discovery. The Objectors signaled to the City that they believe that this issue is premature at this time, and needs to be developed in the context of (i) additional insight into the schedule; and (ii) the fruits of the Manual for Complex Litigation-style status conference proposed above. Nevertheless, the Objectors have been working together to coordinate a proposal for deposition scheduling and have agreed to make a suggested proposal on this to the City next week. One important point to keep in mind is that the objections and issues raised by the Objectors are not identical. Depositions on topics of key importance to one objector group may not be relevant to another. Yet the same deponents may have information relevant to multiple objections. Any deposition schedule will need to be cognizant of this and ensure that all Objectors have a sufficient opportunity to

10

depose City witnesses on the issues critical to their objections. The Creditors' hope is that through discussions amongst themselves and with the City they will be able to propose a "Deposition Protocol" that will address such issues, ideally by the May 28, 2014 conference.[3]

---

[3] The City also raised again the issue of the "Bus Tour" proposed by Mr. Hertzberg on May 15, 2014. The Objectors believe that the issues of whether such a bus tour of the City by the Court is legally appropriate and whether it would be useful are better deferred until more pressing threshold discovery issues are addressed.

Dated: May 21, 2014								Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:	(248) 646-5070
Facsimile:	(248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

/s/ *Vincent J. Marriott, III*
Vincent J. Marriott, III, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 864-8236
Fax: (215) 864-9762
E-mail: marriott@ballardspahr.com

Matthew G. Summers, Esquire
BALLARD SPAHR LLP
919 North Market Street, 11th Floor

Wilmington, Delaware 19801
Tel: (302) 252-4428
Fax: (302) 252-4466
E-mail: summersm@ballardspahr.com

-and-

Howard S. Sher, Esquire (P38337)
JACOB & WEINGARTEN, P.C.
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Tel: (248) 649-1200
Fax: (248) 649-2920
E-mail: howard@jacobweingarten.com

*Counsel for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.*

**ARENT FOX LLP**

By: */s/ Carol Connor Cohen*
Carol Connor Cohen
Caroline Turner English
Randall A. Brater
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Email: Carol.Cohen@arentfox.com

David L. Dubrow
Mark A. Angelov
1675 Broadway
New York, NY 10019
(212) 484-3900

-and-

13

**SCHAFER AND WEINER, PLLC**
Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
Email: bbest@schaferandweiner.com

*Attorneys for Ambac Assurance Corporation*

CHADBOURNE & PARKE LLP
By: */s/ Lawrence A. Larose*
Lawrence A. Larose
Samuel S. Kohn
Robert A. Schwinger
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Fax: (212) 541-5369
llarose@chadbourne.com
skohn@chadbounrne.com
rschwinger@chadbourne.com

*/s/ Guy S. Neal*
James F. Bendernagel, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8041
Fax: (202) 736-8711
jbendernagel@sidley.com
gneal@sidley.com

– and –

Jeffrey E. Bjork
Gabriel MacConaill

14

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600
jbjork@sidley.com
gmacconaill@sidley.com

*Counsel for National Public Finance Guarantee Corp.*

By: */s/Jennifer K. Green*
Robert D. Gordon
Shannon L. Deeby
Jennifer K. Green
CLARK HILL PLC
151 South Old Woodward Avenue, Suite 200
Birmingham, MI  48009
Telephone:  (248) 988-5882
Facsimile:  (248) 988-2502
E-mail:  rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

**Carson Fischer, P.L.C.**

**By:** /s/ *Joseph M. Fischer*
Joseph M. Fischer (P13452)
Robert A. Weisberg (P26698)
Christopher Grosman (P58693)
4111 Andover Road, West- Second Floor
Bloomfield, Michigan 48302-1924
Telephone: (248) 644-4840
Facsimile: (248) 644-1832
Email: JFischer@CarsonFischer.com
          RWweisberg@CarsonFischer.com

15

CGrosman@CarsonFischer.com

*Counsel for Oakland County, Michigan*

**Young &Associates**
By: /s/ Sara K. MacWilliams
Sara K. MacWilliams (P67805)
Jaye Quadrozzi (P71646)
27725 Stansbury Blvd., Suite 125
Farmington Hills, Ml 48334
Telephone: (248) 353-8620
Email: efiling@youngpc.com
macwilliams@youngpc.com
guadrozzi@youngpc.com

*Co-counsel for Oakland County, Michigan*

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP 700
Louisiana Street, Suite 1700 Houston, TX
77002 Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

– and –

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

*Attorneys for Financial Guaranty*

*Insurance Company*

*/s/ Paul S. Davidson*
David E. Lemke (TN13586)
Paul S. Davidson (TN11789)
Heather J. Hubbard (TN23699)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Fax: (615) 244-6804
– and –
Robert J. Diehl, Jr. (MI31264)
Jaimee L. Witten (P70068)
BODMAN PLC
1901 St. Antoine Street, 6th Floor
Detroit, Michigan 48226
Phone: (313) 393-7597
Fax: (313) 393-7579

*Attorneys for U.S. Bank National Association, as Trustee for the Water and Sewer Bonds*


ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

By: */s/ Barbara A. Patek*
Barbara A. Patek (P34666)
Earle I. Erman (P24296)
Counsel for the Detroit
Public Safety Unions
400 Galleria Officentre, Suite 444
Southfield, MI 48034
Telephone: (248) 827-4100
Facsimile: (248) 827-4106
E-mail: bpatek@ermanteicher.com

GREGORY, MOORE, JEAKLE & BROOKS, PC

17

James M. Moore (P17929)
Counsel for the DPOA
65 Cadillac Square, Suite 3727
Detroit, MI 48226-2893
Telephone: (313) 964-5600
Facsimile: (313) 964-2125
E-mail: jim@unionlaw.net

LEGGHIO & ISRAEL, PC
Christopher P. Legghio (P27378)
Alidz Oshagan (P77231)
Counsel for the DFFA
306 S. Washington, Suite 600
Royal Oak, MI 48067
Telephone: 248 398 5900 x 1131
Facsimile: 248 398 2662
E-mail: CPL@legghioisrael.com