**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------x
                                :

In re                             :         Chapter 9
                                :

CITY OF DETROIT, MICHIGAN,    :         Case No. 13-53846
                                :

                   Debtor.     :         Hon. Steven W. Rhodes
                                :
                                :
-------------------------------------------------------x

**CITY'S RESPONSE TO STATEMENT OF OBJECTORS IN**
**ANTICIPATION OF THE MAY 22, 2014 STATUS CONFERENCE**

The City of Detroit, Michigan (the "City") is filing this response to

the Statement of Objectors in Anticipation of the May 22, 2014 Status Conference

(Docket No. 4980) (the "Objectors' Statement") so the Court has the benefit of

hearing from all members of the Discovery and Trial Efficiency Committee

("DTEC") prior to the May 22, 2014, status conference.  For ease of reference and

comparison, the City will address the same five categories in the order presented in

the Objectors' Statement.

**I.**    **Document Production**

        **A.**    **Non-DWSD Document Productions**

        1.    The City believes that it has substantially complied with

objectors' non-DWSD discovery requests.  To date the City has produced over

30,000 searchable documents (constituting over 250,000 pages) from over 78 custodians or people that were consulted in connection with the City's document collection.  *See, generally*, Affidavit of Mary L. Hale (Docket No. 4944).

2.     The parties have held numerous meet and confers (essentially on a daily basis, including weekends) during the course of the past two weeks. These have been productive conversations and the City has taken every step possible to respond to outstanding and follow-up information and document requests.  In certain instances the City has even identified the specific Bates numbers for particular documents that are responsive to objectors' requests. Additionally, where objectors asked for particular documents that were not included in the City's document production, in most instances, the City has agreed to produce those documents in a timely manner.

3.     In addition to these efforts the City is also in the process of producing additional materials on Friday, May 23, 2014, to the objectors that fall into the following categories:

    (a)    Various reports and letters from the City's actuary, Milliman;

    (b)    Models and projections developed by the City's consultants, EY and Conway MacKenzie;

    (c)    Transactional documents related to the COPs;

    (d)    Additional requested materials that relate to the Detroit Land Bank; and

(e)     Memos from City Department leaders to the Mayor responding
        to the Mayor's request for a departmental analysis of the Plan.[1]

The City is making this supplemental production even though much, if not most, of

the Milliman, EY, and Conway MacKenzie documents are expert materials that

would not be produced until a June 24, 2014, when expert reports are required

under the Fourth Amended Order Establishing Procedures, Deadlines and Hearing

Dates Relating to the Debtor's Plan of Adjustment (Docket No. 4202) (the "Fourth

Amended Scheduling Order").  Recognizing the possible importance of these

documents to the objectors, the City is producing them ahead of schedule so as to

give objectors as much time as possible to prepare for depositions.

        4.      While there are select, additional, documents that will be

produced subsequent to Friday, May 23, 2014, the City believes that its non-

DWSD document production to date substantially complies with the objectors'

discovery requests.

**B.      DWSD Document Requests**

        5.      The City has substantially complied with the DWSD related

document and information requests and continues to work in good faith with the

DWSD-related objectors to satisfy their remaining  requests in a timely manner.

---

[1]     The Mayor requested the Department leaders create these memos on or
        around May 13, 2014, and they were provided to the Mayor on or around
        May 19, 2014.

3

Many of the DWSD-related objectors' requests are objectionable, however, because they are either (a) irrelevant to the legal theories articulated in their Plan objections or (b) attempting to obtain documents from DWSD custodians that either had little or nothing to do with the once-contemplated DWSD transaction or are not likely to have documents related to the objectors' legal theories. To the City it appears that the DWSD-related document production is merely being used by these objectors as leverage to justify a unnecessary delay in the case.

6.      DWSD's objections to the Plan are legal in nature – not factual – yet the DWSD objectors' document and information requests of the City span the DWSD hierarchy, from third-party contractors outside the City's control to untitled employees to the DWSD Director.  Collectively, the DWSD objectors demand that the City collect ESI from 20 different DWSD custodians (a number they refuse to limit) including, among others, untitled DWSD employees, consultants and advisors, DWSD's Chief Security Officer, and DWSD's Chief Information Officer. Employees such as these will have little to no relevant or responsive documents to the DWSD-related objectors' requests.  Just as these objectors have provided witness lists with ***dozens*** of witnesses who all could not possibly testify at the confirmation hearing, they are demanding that the City search for documents from custodians who are not relevant to the issues before the Court.

7. The Objectors' Statement is mistaken in stating that the City has not made "significant headway on the DWSD-related production." Objectors' Statement at ¶ 3. As part of its initial document collection efforts, the City obtained DWSD-related documents from (i) Conway MacKenzie, (ii) City employees, including the Emergency Manager's office, and (iii) DWSD, through its General Counsel. *See,* Affidavit of Mary L. Hale ¶ 48 (Docket No. 4944). Had the DWSD-related objectors taken the time to employ search terms on the City's initial document production they would have been able to find a number of responsive documents. For example, searching these documents using only the search term "DWSD" yields over 2,000 hits on over 3,000 documents. Indeed, there is no dispute that responsive documents were included in the City's initial document production because the City has gone so far as to provide DWSD-related objectors with  specific Bates number citations of documents in that production that are responsive to their discovery requests. *See* Exhibit A.

8. To comply with the Court's ruling last Thursday regarding the once-contemplated DWSD transaction, the City has undertaken additional efforts to collect and review DWSD-related documents. Currently, the City is collecting ESI from DWSD's top three individuals:  (i) Sue McCormick, Director of DWSD; (ii) Nicolette Bateson, Chief Financial Officer of DWSD; and (iii) William M. Wolfson, Chief Operating Officer and Chief Compliance Officer / General Counsel

5

of DWSD (collectively, the "Primary DWSD Custodians"). Approximately 35,000 documents, with no date restriction, have been collected from the Primary DWSD Custodians that are responsive to search terms provided to the City by the DWSD-related objectors. The City is currently reviewing – and will continue to review through the holiday weekend – these 35,000 documents and will undertake whatever efforts are necessary to produce as many responsive documents as possible (with the hope to complete the production) from the Primary DWSD Custodians to the DWSD-related objectors on May 31, 2014.

## II.    Schedule

9.    No good cause has been shown to modify the dates and deadlines established in the Fourth Amended Scheduling Order. As the City explained to the DTEC's Objector Members during the meet and confer conference calls earlier this week, the City believes it is possible and necessary to keep the dates and deadlines set forth in the Fourth Amended Scheduling Order.

10.    The objectors claim that they must absolutely finish all fact deposition and document discovery before moving on to expert discovery so as to have sufficient time to complete their expert reports. This rigid approach makes little sense under the circumstances assuming the parties are willing to work together. For those City witnesses an objector needs to depose to complete an expert report, those depositions can be scheduled prior to the June 24, 2014, expert

report deadline. To the extent there are witnesses who are not necessary to the completion of an expert report, those depositions can be scheduled for the latter part of June (or, by agreement among the Parties with Court approval, in early July). This solution is workable because it is highly unlikely that a deposition of every City-identified fact witness—particularly, for example, Messrs. Penske and Gilbert—is a condition precedent to the completion of an expert report.

11. Lastly, as discussed above, the City has produced thousands of documents to the objectors and believes it has provided them with more than sufficient information and documents for them to both (a) take a fact witness deposition and (b) develop or complete a expert report. To the extent the objectors believe the City needs to produce additional documents and information on particular issues, the City is willing to work with the objectors to accommodate their deposition scheduling needs.

### III.   Witness List Rationalization

12. Since the last status conference only two parties have submitted revised witness lists. Including the net witness reductions from these two revised lists, a total of 166 fact witnesses have been identified. As the objectors note but fail to mention to the Court, the City agrees with the proposal in the Objectors' Statement with respect to witness list rationalization. The City continues to believe that a three witness per party cap makes sense.

## IV.    Use of Pretrial Conferences to advance discovery and trial

13.    As to the objectors' vague reference to use of the *Manual for Complex Litigation, Fourth,* section 11, the City has indicated its willingness to work with them on that concept if the Court believes proceeding in that manner is desirable.

## IV.    Depositions

14.    The City looks forward to reviewing and discussing the DTEC's Objector Members' "Deposition Protocol" next week.  As the City informed the DTEC's Objector Members, the City reserves the right to ask the Court to impose certain limitations or restrictions on depositions of City witnesses, including a seven hour time limit consistent with Fed. R. Civ. P. 30(d)(1), as incorporated into contested matters through Fed. R. Bank. P. 7030 and 9014(c), with limited exceptions, having City witnesses sit for one day of deposition testimony even when they are also designated for certain 30(b)(6) topics.

Dated: May 22, 2014                    Respectfully submitted,


                                        /s/ Heather Lennox
                                       David G. Heiman (OH 0038271)
                                       Heather Lennox (OH 0059649)
                                       JONES DAY
                                       North Point
                                       901 Lakeside Avenue
                                       Cleveland, Ohio  44114
                                       Telephone:  (216) 586-3939
                                       Facsimile:  (216) 579-0212
                                       dgheiman@jonesday.com
                                       hlennox@jonesday.com

                                       Bruce Bennett (CA 105430)
                                       JONES DAY
                                       555 South Flower Street
                                       Fiftieth Floor
                                       Los Angeles, California 90071
                                       Telephone:  (213) 243-2382
                                       Facsimile:  (213) 243-2539
                                       bbennett@jonesday.com

                                       Thomas F. Cullen, Jr. (DC 224733)
                                       Gregory M. Shumaker (DC 416537)
                                       Geoffrey S. Stewart (DC 287979)
                                       JONES DAY
                                       51 Louisiana Ave., N.W.
                                       Washington, D.C. 20001
                                       Telephone: (202) 879-3939
                                       Facsimile: (202) 626-1700
                                       tfcullen@jonesday.com
                                       gshumaker@jonesday.com
                                       gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT A



**Subject:** **Detroit/POA: DWSD-Related Document Requests**

From: Mary L. Hale
Extension: 43861

05/20/2014 02:38 PM

To: gneal, Debra.O'Gorman

Cc: Geoffrey S Irwin, Laird E Nelson, Heather Lennox

In response to last week's communications regarding prioritizing certain DWSD-related requests, the City has undertaken to review its production and provide a non-exhaustive list of documents that are, in its judgment, responsive to the requests. As you are aware, the City is undertaking a supplemental review and has identified additional custodians, which is likely to result in additional responsive documents for some of these requests.

**Prioritized Requests of the Counties (Based on Dechert Email 5.14.14 @ 6:09pm)**

**Current Organizational chart:**
- Multiple versions of organizational charts have been identified and are being processed for production and Bates stamped today (5.20.14).

**Financial Statements from 2009 to 2013, and 2014 year to date, and all the schedules and back up used to prepare those financial statements:**
- POA00245352: City of Detroit Sewage Disposal Fund, Basic Financial Statements, KPMG, June 30, 2008
- POA00245393: City of Detroit Sewage Disposal Fund, Basic Financial Statements, KPMG, June 30, 2009
- POA00245432: City of Detroit Sewage Disposal Fund, Basic Financial Statements, KPMG, June 30, 2010
- POA00245468: City of Detroit Sewage Disposal Fund, Basic Financial Statements, KPMG, June 30, 2011
- POA00245504: City of Detroit Sewage Disposal Fund, Basic Financial Statements, KPMG, June 30, 2012

- POA00245542: City of Detroit Water Fund, Basic Financial Statements, KPMG, June 30, 2008
- POA00245582: City of Detroit Water Fund, Basic Financial Statements, KPMG, June 30, 2009
- POA00245620: City of Detroit Water Fund, Basic Financial Statements, KPMG, June 30, 2010
- POA00245656: City of Detroit Water Fund, Basic Financial Statements, KPMG, June 30, 2011
- POA00245693: City of Detroit Water Fund, Basic Financial Statements, KPMG, June 30, 2012

- POA00214164: Significant historical information for both the water and sewer systems is contained in this spreadsheet, including information regarding 2014. This is the model prepared by Conway MacKenzie which underlies the projections in the Plan of Adjustment. Mike Hausman is the custodian. It includes certain information back through 2009, and has separate tabs for operating expenditures, wages, expense transfers, and more. for both water and sewer. It also includes fund balances (including the Construction Fund).

- POA00216881: Historical Operating Expenditures for the Water System and Sewer System (separate pages), from 2009 - 2013.
- POA00216883: Historical Water Sales Volumes for the Water System and Sewer System (separate pages), from 2008 - 2013.

- POA00216877: Preliminary FY2013 Unaudited Results (Presented to the Board of Water Commissioners Finance Committee)
- POA00216884: FY2013-2014 Financial Plan Performance Summary (YTD through December)

- POA0072756: Email with attached "Finance Committee Packages" for 2013, which contain significant financial and operational information.

- POA00064480: Email with attached "Finance Committee Packages" for 2014, which contain significant financial and operational information.

<u>Document that reflect the current pension percentage attributable to the DWSD, and the documents that show how the $428 million UAAL allocated to DWSD in the Plan was calculated:</u>
- The forthcoming Mililman production will address this.

### <u>Prioritized Requests of National/Assured/BHAC (Based on Sidley email, 5.14.14 @ 5:15pm)</u>

<u>DWSD Historic Financial Information:  Request Nos. 3 and 4.</u>
- *See above*

<u>DWSD Financial Projections:  Request No. 10.</u>
- POA00214164: This is the model prepared by Conway MacKenzie which underlies the projections in the Plan of Adjustment.  Mike Hausman is the custodian.

<u>DWSD Pension Allocation:  Request Nos. 5-6, 16-17, 72-76.</u>
- With respect to Request 5:  The forthcoming Mililman production will address this.  In addition, the City believes responsive documents are in the custody and/or control of the Retirement Systems.

- With respect to Request 6:  This information is in the Data Room, and has been produced. (e.g., POA00221713; POA00221757; POA00221628; POA00221580; POA00221670; POA00221261; POA00221802; POA00221533; POA00221411; POA00221212; POA00221310; POA00221360; POA00221542)

- With respect to Request 16:  The forthcoming "binder" of Ernst & Young supporting material will address this.  In addition, the City is reviewing the files of its supplemental custodians for any responsive documents.

- With respect to Request 17:  The forthcoming "binder" of Ernst & Young supporting material will address this.  In addition, the City believes responsive documents are in the custody and/or control of the Retirement Systems.

- With respect to Request 72:  The City does not believe responsive documents exist.

- With respect to Request 73:  This information is in the Data Room, and has been produced.  (e.g., POA00221847; POA00221542; POA00221580)

- With respect to Request 74:  The forthcoming Mililman production will address this.

- With respect to Request 75:  The forthcoming "binder" of Ernst & Young supporting material will address this.

- With respect to Request 76:  The forthcoming Mililman production will address this.

<u>DWSD Credit Ratings and Financing:  Request Nos. 13, 15, 22, 23, 28, 55, 56, 77-79.</u>
- With respect to Request 13 (bond issuance), responsive documents relating to the underwriter for the bond issuance were produced from Amanda Van Dusen's files.  <u>See</u>, e.g., POA00253314, POA00253207.  The City notes that the issuance is being led by the State of Michigan Finance Authority, and so the City has limited documents in its custody and control.  Nonetheless, the City is reviewing the files of its supplemental custodians for any additional responsive documents.

- With Respect to Request 15 (impact of DWSD Transaction on value of DWSD bonds), to the extent this implicates the GLWA and documents were not previously produced, a supplemental review is ongoing.  The City is also reviewing the files of its supplemental custodians for any additional responsive documents.

- With respect to Request 22 (credit analysis relating to the systems following emergence), the City is reviewing the files of its supplemental custodians for any responsive documents.

- With respect to Request 23 (credit ratings for bonds), the following documents are in the production: POA00123087 (an email with respect to the final report from Fitch Ratings, downgrading water and sewer revenue bonds), POA00003196 (analysis by S&P), POA00151524 (analysis by Moody's). There are likely similar documents in the City's production that could be identified by searching, as well as by contacting the rating agencies themselves. The City is reviewing the files of its supplemental custodians for any additional responsive documents.

- With respect to Request 28 (bonds), documents relating to the Interest Rate Reset Chart that do not implicate the mediation privilege were produced: POA00227388 and POA00227395.

- With respect to Request 77 (exit financing), the City does not believe it has any documents relating to exit financing at this time.

- With respect to Request 78 (any financing not disclosed in the Plan/DS). The City is reviewing the files of its supplemental custodians for any responsive documents.

- With respect to Request 79 (amount of debt the City will be able to support), the City believes this is addressed by the projections included with the Plan of Adjustment, and will be supported by the "binders" of Ernst & Young and Conway MacKenzie supporting materials that are forthcoming.

DWSD CAPEX and Operations: Request Nos. 31, 33-36, 44-5, 47-49, and 53.
- *See above*, financial statements.

- POA00216881: Historical Operating Expenditures for the Water System and Sewer System (separate pages), from 2009 - 2013.
- POA00002851: 10-Year CIP
- POA00107044: Conway MacKenzie 10-Year Business Plan

DWSD Rate Collections and Customers: Request Nos. 11-12, 42-43.
- With respect to Request 11 (rate-setting), detailed write-ups of the wastewater rate setting process and the water rate setting process were provided to Blackstone in the context of mediation. Given the factual nature of this diligence-related material, the City believes production is now appropriate. Further, the City is reviewing the files of its supplemental custodians for any additional responsive documents.

- With respect to Request 12 (Rate Stability Program), this concept was included in the Memorandum of Understanding with respect to the regional, multi-County deal. Objectors will see a description of it in the drafts of the MOU relating to the GLWA. To the extent that the deal is no longer going forward, the City has not yet begun to analyze any potential Rate Stability Program and therefore cannot respond at this time. Notwithstanding this, the City is reviewing the files of its supplemental custodians for any additional responsive documents relating to a rate stability program that the City may implement and that may provide a source of funds to mitigate against rate increases, enhance affordability and provide a buffer against delinquent payments.

- With respect to Request 42 (Cost of Services Study), the City has so far been unable to locate a responsive document. To the extent the DWSD Discovery Parties can clarify what specifically this document is and/or they envision it is, the City will continue attempting to locate it.

- With respect to Request 43 (Customers Leaving the System), The City has produced responsive documents that it was able to identify. For example, communications about Flint's plans to leave the systems (POA00174802). In addition the 10-Year CIP specifically accounts for Flint leaving (pg. 7)

and its effect on water usage and sales. The City is reviewing the files of its supplemental custodians for any additional responsive documents.

Potential DWSD Transactions: Request No. 14.
- The City did not withhold all documents concerning the GLWA/proposed regional authority, and the City did not withhold all communications with the Counties, and a search for GLWA and/or the names of the Counties illustrates that. A supplemental review is underway to produce the remainder, which had been determined to be non-responsive when the regional authority concept was removed from the Plan.

Mary L. Hale
Of Counsel
JONES DAY® - One Firm Worldwide℠
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202)879-3861

_____

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



Geoff,

I write to follow up on our call this morning regarding the City's production of documents relating to the DWSD. After we spoke, I reached out to Jaye Quadrozzi, counsel for Oakland, and provide this response on behalf of both Macomb and Oakland Counties.

As an initial matter, we are very concerned to learn that the City has only searched the files of one individual at the DWSD to date. While I understand that the City initially objected to producing documents related to the creation of a regional authority, there are numerous requests for production made by the counties as to which the City responded that documents would be produced and I question how that could have been done if only one custodial file was searched. We will be in a better position to evaluate this concern after we have an opportunity to review the City's declaration detailing its production efforts and to review the index that the City will provide, but I wanted to raise this issue with you now.

It thus appears that the City is starting the DWSD related search from scratch, putting us well behind the Court ordered date for production. To expedite your efforts, in response to your request, attached is a list of document custodians and search terms that we think should be a starting place for your production. This list is not exhaustive, and does not relieve the City of its obligations to do a complete search for the documents requested by the counties. We are not in a position to know the location or appropriate search terms to identify all responsive documents and expect that the City will work with knowledgeable individuals at the DWSD to insure the completeness of the collection. As a priority, we would like to see the documents from the files of both Ms. McCormick and Ms. Bateson as they are the first witnesses whose deposition have been noticed. We will also need a date from you on which your production will be made.

Custodians:

Syed Ali, Manager DWSD
Terri Conerway, Manager Process, Quality and Control, DWSD
Bart Foster, DWSD rate consultant
Grant Gartrell, Water Supply Engineer, DWSD
W. Barnett Jones, Chief Security Officer, DWSD
Darryl Latimer, Deputy Director DWSD
Sue McCormick, Director DWSD
Nicolette Bateson, CFO, DWSD
Cheryl Porter Assistant Director, Water Supply Operations Group, DWSD
Dan Rainey, Information Technology, DWSD
Berin Separia, DWSD
Larry Witt, DWSD

William Wolfson, COO and General Counsel

Proposed search terms:

Root cause committee /p rates
EPA and/or DEQ and hardship exemption
"regional authority"
"great lakes"
"GLWA"
"lease"
"term sheet" /p DWSD
"request for proposal" /p DWSD
"request for information" /p DWSD
"RFP" /p DWSD
"RFI" /p DWSD
"partnership"
"infrastructure"
"CIP"
"Capital Improvement"
"operating expense"
"capital forecast"
"construction"
"rehabilitation"
"retail"
"pension"
"retirement system"
"GRS"
"OPEB"
"PFRS"
"pre-fund"
"retiree"
"projection"
"financial statement"
"Gabriel Roeder"
"Root Cause Committee"

As far as documents that the City should be able to quickly provide, an initial list of such documents is:

Current Organizational chart
Financial Statements from 2009 to 2013, and 2014 year to date, and all the schedules and back up used to prepare those financial statements
Document that reflect the current pension percentage attributable to the DWSD, and the documents that show how the $428 million UAAL allocated to DWSD in the Plan was calculated

**Debra D. O'Gorman**
**Counsel**

**Dechert LLP**
1095 Avenue of the Americas
New York, NY 10036
+1 212-698-3593 Direct
debra.ogorman@dechert.com
dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.



| Subject: | Detroit - National/Assured/BHAC Doc Requests | |
|---|---|---|
| From: | Neal, Guy S. | 05/14/2014 05:15 PM |
| To: | Geoffrey S Irwin | |
| Cc: | "Bendernagel, James F.", "Hitchins, Kathleen"    , "Keatley, Benton", "Robin D. Ball (rball@chadbourne.com)", "Robert A. Schwinger (rschwinger@chadbourne.com)", "Lisa Schapira (lschapira@chadbourne.com)", "My Chi To (mcto@debevoise.com)", "Bruce Byrnes (bbyrnes@berkre.com)" | |

History:     This message has been forwarded.

Geoff -

Following up on our discussion this morning, we request that the City provide an answer to our Interrogatory No. 21 as soon as possible, identifying the City's witnesses that will testify on DWSD issues and which DWSD issues will be the focus of their testimony (such as operations, pensions, financing and credit ratings, System rates, etc.).

As to your request that we prioritize our document requests, set forth below are the categories of requests that we would like you to produce responsive material to first.

- DWSD Historic Financial Information:  Request Nos. 3 and 4.
- DWSD Financial Projections:  Request No. 10.
- DWSD Pension Allocation:  Request Nos. 5-6, 16-17, 72-76.
- DWSD Credit Ratings and Financing:  Request Nos. 13, 15, 22, 23, 28, 55, 56, 77-79.
- DWSD CAPEX and Operations:  Request Nos. 31, 33-36, 44-5, 47-49, and 53.
- DWSD Rate Collections and Customers:  Request Nos. 11-12, 42-43.
- Potential DWSD Transactions:  Request No. 14.

As to the City's ESI, set forth below are a list of DWSD employees and consultants who should be included in your searches.

- Sue McCormick, Director, DWSD
- Daryl Latimer, Deputy Director, DWSD
- William Wolfson, Chief Operating and Compliance Officer, General Counsel, DWSD
- Cheryl Porter, Chief Operating Officer, DWSD
- Nicolette Bateson, Chief Financial Officer, DWSD
- James George, Assistant Director of Financial Services Group, DWSD
- Syed Ali, P.E., DWSD Capital Management Group
- James Fausone, Chairperson, DWSD Board of Water Commissioners
- Butler Benton, Financial Advisor
- Bart Foster, The Foster Group LLC, Rate Consultant for DWSD
- Vyto Kaunelis, OHM Advisors, Advisor with Respect to DWSD Capital Improvements
- Thomas Gavin, Managing Director, R.W. Baird & Co., Financial Advisor
- Lee Donner, Managing Director, First Southwest Company
- Anne Burger Entrekin, Managing Director, First Southwest Company

Guy
**GUY NEAL**
Partner
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
+1.202.736.8041



gneal@sidley.com
www.sidley.com

**SIDLEY AUSTIN LLP**

---------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
****************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

****************************************************************************************

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing City's Response to Statement of Objectors in Anticipation of the May 22, 2014 Status Conference was filed and served via the Court's electronic case filing and noticing system on this 22nd day of May, 2014.

/s/ Heather Lennox