## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

In re:

City of Detroit, Michigan    Case No. 13-53846
            Chapter 9
    Debtor      Hon.  Steven W. Rhodes
_____/

## STIPULATION FOR ENTRY OF AN ORDER RESOLVING MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY AND MODIFYING THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO ALLOW K.S. DOE TO COMMENCE AND PROCEED WITH LITIGATION

The City of Detroit (the "City") and K. S. Doe, stipulate and agree as follows:

WHEREAS, on or about February 20, 2014, K. S. Doe filed a proof of claim in the City's bankruptcy case, which was assigned claim number 1735 ("Proof of Claim"), asserting a claim in an "amount to be determined in excess of $1 Million Dollars" for "personal injury/ violation of civil rights, 42 USC 1983, against Dave Bing as Mayor and Charles Pugh, individually, and as City Council President as well as the City of Detroit."  (The claim asserted against the City by the Proof of Claim is the "Claim.")

WHEREAS, on May 9, 2014, K.S. Doe filed a Motion for Limited Relief from Automatic Stay ("Motion"). [Doc. No. 4554].

WHEREAS, the Motion provides that K.S. Doe seeks to file a complaint against Charles Pugh, the Charles Pugh Leadership Forum and Detroit Public Schools ("Lawsuit").  Motion ¶ 15.

WHEREAS, the Motion also provides that K.S. Doe is "willing to stipulate that any proceedings that directly impact the City of Detroit, including any direct action against the City, claims for indemnification and/or contribution be addressed only in this Court." *Id.*

WHEREAS, K.S. Doe has agreed not to pursue the Claim against the City in the Lawsuit but rather have the Claim addressed in the claims adjustment process in the City's bankruptcy case.

WHEREAS, K.S. Doe understands that it is the position of the City that it does not have a legal obligation to indemnify, defend or otherwise reimburse Charles Pugh for any costs, expenses, damages, liabilities, or legal fees arising from or related to the Lawsuit, and that K.S. Doe, will not argue or claim to the contrary.

NOW, THEREFORE, the City and K.S. Doe stipulate and agree:

1.      The automatic stay is modified to the extent necessary to allow K.S. Doe to commence and proceed with the Lawsuit.

2.      K.S. Doe will not name the City as a defendant in the Lawsuit or otherwise proceed against the City except in the City's bankruptcy case.

3.      No alleged liability of the City will be adjudicated or litigated in the Lawsuit, whether in connection with the Claim or otherwise.

4.      The Claim may only be liquidated through the claims adjustment process in the City's bankruptcy case.

5. If the Claim, or any portion of the Claim, becomes an "Allowed Claim", it will be treated as an "Other Unsecured Claim" under the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit. The terms "Allowed Claim" and "Other Unsecured Claims" in this paragraph shall have the meanings ascribed to them in the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit. [Doc. No. 4392]. The City expressly reserves, and does not waive, its right to object to the Claim on any basis.

6. Outside of the City's bankruptcy case, K.S. Doe will not collect, or attempt to collect, any funds from the City on account of the Claim, the Lawsuit or otherwise.

7. The automatic stays of §§ 362 and 922 otherwise remain in full force and effect except as expressly modified by the attached proposed Order.

8. The parties request that the Court enter an Order in substantially the same form as the one attached as Exhibit A.


Dated: May 22, 2014

Agreed to:

ATTORNEYS FOR K.S. DOE

By: /s/ William R. Seikaly
William R. Seikaly (MI P33165)
SEIKALY & STEWART, P.C.
30300 Northwestern Highway, Ste. 200
Farmington Hills, MI 48334
Telephone: (248) 758-0102
wrs@sslawpc.com

ATTORNEYS FOR THE CITY OF DETROIT

By: /s/ Stephen S. LaPlante
Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

## EXHIBIT A

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN

In re:

City of Detroit, Michigan            Case No. 13-53846

                                    Chapter 9

        Debtor                Hon.  Steven W. Rhodes

_____/

### ORDER APPROVING STIPULATION RESOLVING MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY AND MODIFYING THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO ALLOW K.S. DOE TO COMMENCE AND PROCEED WITH LITIGATION

Upon the Stipulation, by and between, the City of Detroit (the "City") and K.S. Doe, for Entry of an Order Resolving Motion for Limited Relief from Automatic Stay and Modifying the Automatic Stay to the Extent Necessary to allow K.S. Doe to Commence and Proceed with the Lawsuit; the Court having reviewed the Stipulation and determining that good and sufficient cause has been shown;

**IT IS HEREBY ORDERED**

1.      The Motion[1]  is resolved as set forth in this Order.

2.      The automatic stay is modified, to the extent necessary, to allow K.S. Doe to commence and proceed with the Lawsuit.

_____

[1] Terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

3.     K.S. Doe may not name the City as a defendant in the Lawsuit or otherwise proceed against the City except in the City's bankruptcy case.

4.     No alleged liability of the City may be adjudicated or litigated in the Lawsuit, whether in connection with the Claim or otherwise.

5.     The Claim may only be liquidated through the claims adjustment process in the City's bankruptcy case.

6.     If the Claim, or any portion of the Claim, becomes an "Allowed Claim", it will be treated as an "Other Unsecured Claim" under the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit.  The terms "Allowed Claim" and "Other Unsecured Claims" in this paragraph shall have the meanings ascribed to them in the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit. [Doc. No. 4392].  The City expressly reserves, and does not waive, its right to object to the Claim on any basis.

7.     Outside of the City's bankruptcy case, K.S. Doe may not collect, or attempt to collect, any funds from the City on account of the Claim, the Lawsuit or otherwise.

8.     The automatic stays of §§ 362 and 922 will otherwise remain in full force and effect except as expressly modified by this Order.