# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| | : |
| In re: | : Chapter 9 |
| | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13-53846 |
| | : |
| Debtor. | : Hon. Steven W. Rhodes |
| | : |

## ASSURED NOTICE OF
## ASSERTED RIGHT TO VOTE CLAIMS IN CLASS 8

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc., and Assured Guaranty Corp. (together, "Assured"), by and through its undersigned attorneys, and pursuant to ¶ 9.a of the Order (I) Establishing Procedures For Solicitation And Tabulation Of Votes To Accept Or Reject Plan Of Adjustment And (II) Approving Notice Procedures Related To Confirmation Of The Plan Of Adjustment [Doc. No. 2984] (the "Solicitation Procedures Order"),[1] respectfully submits this Notice of Asserted Right to Vote Claims in Class 8 (the "Voting Notice"), and in support hereof, states as follows:

Assured asserts that it is entitled to vote the Class 8 claims arising from each of following series of Unlimited Tax General Obligation Bonds which Assured insures (the "Assured UTGO Bonds"): General Obligation (Unlimited Tax) Series

---

[1] As amended by the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Doc. No. 4202].

1999-A, General Obligation Bonds (Unlimited Tax) Series 2005-B, General Obligation Refunding Bonds (Unlimited Tax) Series 2005-C, General Obligation (Unlimited Tax) Series 2008-A, and General Obligation Refunding Bonds (Unlimited Tax) Series 2008-B(1).

As set forth more fully in the brief in support of this Voting Notice, attached hereto as Exhibit 3, Assured has the right to vote all claims arising from the Assured UTGO Bonds because Assured: (i) is a holder of the Assured UTGO Bonds; (ii) is an assignee of the rights of the beneficial holders of the Assured UTGO Bonds; (iii) is a contractual subrogee of the beneficial holders of the Assured UTGO Bonds' rights to vote; and (iv) is a common law subrogee of the beneficial holders of the Assured UTGO Bonds' rights to vote.

Therefore, Assured seeks an order, substantially in the form attached hereto as Exhibit 1: (i) granting Assured the exclusive right to vote with respect to all claims arising from the Assured UTGO Bonds; (ii) disallowing any vote cast by any party other than Assured with respect to any claim arising from the Assured UTGO Bonds; and (iii) granting such other and further relief as the Court deems just and proper.

2

Dated:  New York, New York
       May 23, 2014

**CHADBOURNE & PARKE LLP**

By:  _/s/  Lawrence A. Larose_____
Lawrence A. Larose
Samuel S. Kohn
Robert J. Gayda
Eric Daucher
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
rgayda@chadbourne.com
edaucher@chadbourne.com

*Attorneys for Assured Guaranty*
*Municipal Corp. and*
*Assured Guaranty Corp.*

3

## EXHIBITS

| | |
|---|---|
| **Exhibit 1** | Proposed Order |
| **Exhibit 2** | Notice |
| **Exhibit 3** | Brief in Support |
| **Exhibit 4** | Certificate of Service |
| **Exhibit 5** | Affidavits [None] |
| **Exhibit 6A** | Assured Proofs of Claim |
| **Exhibit 6B** | 2008-A Bond Specimen |

**Exhibit 1**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In re: | : Chapter 9 |
| | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13–53846 |
| | : |
| Debtor. | : Hon. Steven W. Rhodes |
| | : |

## ORDER AUTHORIZING ASSURED TO VOTE CLAIMS IN CLASS 8

This matter coming before the Court on the Assured Notice of Asserted Right to Vote Claims in Class 8 (the "Voting Notice"), filed by Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc., and Assured Guaranty Corp. (together, "Assured"); and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1.    Assured is the sole party authorized to vote claims arising from the Assured UTGO Bonds,[1] as set forth in the Voting Notice.

---

[1]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Brief of Assured in Support of Notice of Asserted Right to Vote Claims in Class 8.

2. The City shall disregard any votes submitted on the claims arising from the Assured UTGO Bonds by any party other than Assured.

2

**Exhibit 2**

**Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## NOTICE AND OPPORTUNITY TO OBJECT

**PLEASE TAKE NOTICE**, that Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc., and Assured Guaranty Corp. (together, "Assured") have filed papers with the Court asserting the right to vote with respect to all claims arising from the following series of Unlimited Tax General Obligation Bonds classified in Class 8 – Unlimited Tax General Obligation Bond Claims by the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (May 5, 2014) [Docket No. 4392]: General Obligation (Unlimited Tax) Series 1999-A, General Obligation Bonds (Unlimited Tax) Series 2005-B, General Obligation Refunding Bonds (Unlimited Tax) Series 2005-C, General Obligation (Unlimited Tax) Series 2008-A, and General Obligation Refunding Bonds (Unlimited Tax) Series 2008-B(1).

Assured has filed this notice in accordance with the voting dispute resolution procedures established by the *Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* [Docket No. 2984] and as amended by the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in this notice, or if you want the court to consider your views on the notice, by **June 24, 2014** you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.   All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Lawrence A. Larose
Samuel S. Kohn
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112

2.      If a response or answer is timely filed and served, Assured will be permitted to file a reply brief in support of the notice by **July 2, 2014** and a hearing will be held on **July 14, 2014 at 10:00 a.m.**

   **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the notice and may enter an order granting that relief.**

---

[1]      Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

2

Dated:   New York, New York
         May 23, 2014                          **CHADBOURNE & PARKE LLP**

                                               By:   /s/  Lawrence A. Larose
                                               Lawrence A. Larose
                                               Samuel S. Kohn
                                               Robert J. Gayda
                                               Eric Daucher
                                               30 Rockefeller Plaza
                                               New York, NY 10112
                                               Telephone:  (212) 408-5100
                                               llarose@chadbourne.com
                                               skohn@chadbourne.com
                                               rgayda@chadbourne.com
                                               edaucher@chadbourne.com

                                               *Attorneys for Assured Guaranty*
                                               *Municipal Corp. and*
                                               *Assured Guaranty Corp.*

3

**Exhibit 3**

**Brief**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## BRIEF OF ASSURED IN SUPPORT OF NOTICE OF
## ASSERTED RIGHT TO VOTE CLAIMS IN CLASS 8

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc., and Assured Guaranty Corp. (together, "Assured"),[1] a creditor and party in interest in the above-captioned chapter 9 case of the City of Detroit, Michigan (the "City"), hereby files the following brief (the "Brief") in support of the *Notice of Assured's Right to Vote Claims in Class 8* (the "Notice") in accordance with the *Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* [Docket No. 2984] (the "Solicitation Procedures Order"), as amended by the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the*

---

[1] Assured is a monoline insurer that provides financial guarantees to the U.S. public finance market. Assured and its affiliates insure or reinsure approximately $2.24 billion in gross aggregate principal amount of outstanding bonds issued by the City, including water supply system bonds, sewage disposal system bonds, and unlimited tax general obligation bonds.

*Debtor's Plan of Adjustment* [Docket No. 4202] (the "Fourth Amended Procedures Order").[2]  In support of this Brief, Assured states as follows:

## I.     BACKGROUND

### A.     UTGO Bonds

1.     In accordance with the authorizing resolutions enacted by the City Council of Detroit (the "City Council"), the City's legislative body, the City issued several series of unlimited tax general obligation bonds (collectively, the "UTGO Bonds"), pursuant to Chapter 141 of the Michigan Public Acts, including Act 34 of 2001, the Revised Municipal Finance Act, Michigan Compiled Laws ("MCL") § 141.2101 *et seq.* and Act 189 of 1979, the Unlimited Tax Election Act, MCL § 141.161 *et seq.*   The UTGO Bonds were issued to fund public capital improvements identified by the Mayor and the City Council.  Issuance of the UTGO Bonds required approval by a majority of the votes in city-wide elections establishing a pledge of *ad valorem* taxes, as security, to repay obligations under the UTGO Bonds exclusively.

2.     The City has issued the following series of UTGO Bonds insured by Assured as described below (collectively, the "Assured UTGO Bonds"):

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014)* [Docket No. 4392] (the "Plan") or the *Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 4391] (the "Disclosure Statement").

- General Obligation (Unlimited Tax) Series 1999-A (the "1999 Bonds"), issued pursuant to the March 3, 1999 Resolution and a sale order issued by the then finance director on April 1, 1999;

- General Obligation Bonds (Unlimited Tax) Series 2005-B (the "2005-B Bonds") and General Obligation Refunding Bonds (Unlimited Tax) Series 2005-C (the "2005-C Bonds" and, collectively with the 2005-B Bonds, the "2005 Bonds"), issued pursuant to the July 6, 2005 Resolution and a sale order issued by the then finance director on December 5, 2005; and

- General Obligation (Unlimited Tax) Series 2008-A (the "2008-A Bonds") and General Obligation Refunding Bonds (Unlimited Tax) Series 2008-B(1) (the "2008-B(1) Bonds" and, collectively with the 2008-A Bonds, the "2008 Bonds") issued pursuant to the November 17, 2006 Resolution and a sale order issued by the then finance director on May 30, 2008.

3.      Assured issued municipal bond insurance policies (the "Assured Policies") insuring the City's payment obligations under the Assured UTGO Bonds as set forth below:[3]

| UTGO Bond Series | Policy Number | Effective Date | Insurer |
|---|---|---|---|
| 1999-A | 25071-N | April 13, 1999 | Assured Guaranty Municipal Corp. under its former name Financial Security Assurance Inc. |
| 2005-B | 206130-N | December 13, 2005 | Assured Guaranty Municipal Corp. under its former name Financial Security Assurance Inc. |
| 2005-C | 206129-N | December 13, 2005 | Assured Guaranty Municipal Corp. under its former name Financial Security Assurance Inc. |
| 2008-A | D-2008-477 | June 9, 2008 | Assured Guaranty Corp. |
| 2008-B(1) | D-2008-477 | June 9, 2008 | Assured Guaranty Corp. |

---

[3]     True and correct copies of the Assured Policies are attached to Assured's proofs of claim in respect of the Assured UTGO Bonds (Claim numbers 1169, 1171) (the "Assured Proofs of Claim"), true and correct copies of which are attached hereto as Exhibit "6A."

3

B.    Plan Treatment of the Assured UTGO Bonds

4.    On February 20, 2014, Assured filed the Assured Proofs of Claim, which assert claims arising from the Assured UTGO Bonds (and the Assured Policies).

5.    Under the Plan, the claims arising from the Assured UTGO Bonds have been classified within Class 8.  See Plan, at 30.  The treatment of the claims arising from the Assured UTGO Bonds is subject to the UTGO Settlement, the principal terms of which are provided for as an exhibit to the Plan.  See Plan, Exhibit I.A.285.[4]

## II.    ASSURED IS ENTITLED TO VOTE ALL CLAIMS ARISING FROM THE ASSURED UTGO BONDS

6.    Pursuant to the applicable bond documentation discussed above, Assured has the right to vote all claims arising from the Assured UTGO Bonds because Assured: (i) is the sole holder of the Assured UTGO Bonds; (ii) is an assignee of the rights of the beneficial holders of the Assured UTGO Bonds; (iii) is a contractual subrogee of the beneficial holders of the Assured UTGO Bonds'

---

[4]    Assured continues to negotiate the UTGO Settlement Agreement with the City.  Assuming the UTGO Settlement Agreement is executed and approved by this Court, Assured will comply with all terms of the UTGO Settlement Agreement.  Assured reserves its right to oppose the treatment of Class 8 – UTGO Bond Claims, and any other aspect of the Plan that could potentially affect the treatment of Class 8 – UTGO Bond Claims, including, without limitation, by filing a supplemental objection to the Plan, in the event that the UTGO Settlement Agreement is not finalized, is not approved by this Court or is breached by the City or any other party thereto.

4

rights to vote; and (iv) is a common law subrogee of the beneficial holders of the Assured UTGO Bonds' rights to vote.

7.      First, Assured is the sole holder of the Assured UTGO Bonds. Pursuant to the terms of the Assured Policies, when Assured makes a disbursement, Assured expressly becomes a holder. See Assured Policies pertaining to the 2008 Bonds, at 1 ("Upon and to the extent of such disbursement, *[Assured] shall become the Holder of the [Assured UTGO Bonds]* . . . .").[5] To date, Assured has made a number of disbursements under the Assured Policies, including a total of $4,200,991.25 on October 1, 2013 and $23,375,991.25 on April 1, 2014 (for a sum total of $28,676,982.50). Accordingly, Assured is the holder of the Assured UTGO Bonds and is entitled to vote. See 11 U.S.C. § 1126(a) ("The holder of a claim . . . may accept or reject the plan.")

8.      Second, Assured is an assignee of the beneficial holders of the Assured UTGO Bonds. Under the terms of Assured Policies, Assured is assigned the rights of the beneficial holders of the Assured UTGO Bonds in exchange for any benefits the beneficial holders receive under the Assured Policies. See Assured Policies pertaining to the 2008 Bonds, at 1 ("The Trustee or Paying Agent will disburse the Insured Payments to the Holders only upon receipt by the Trustee or the Paying Agent, in form reasonably satisfactory to it of . . . evidence,

---

[5]     The Assured Policies pertaining to the 1999 Bonds and 2005 Bonds contain nearly identical language, but substitute the term "Owner" for "Holder."

5

including without limitation *any appropriate instruments of assignment*, that all of the Holder's rights . . . shall thereupon vest in [Assured].")[6] The express language of the Assured Policies leaves no doubt that, upon the disbursement of insurance payments by Assured on October 1, 2014 and April 1, 2014, Assured was assigned the rights of the beneficial holders of Assured UTGO Bonds, including the right to vote on the Plan.

9. Third, Assured is contractually subrogated to all rights of the beneficial holders of the Assured UTGO Bonds. Numerous provisions of the bond documents and the Assured Policies expressly provide that Assured is fully subrogated to all rights of the beneficial holders of the Assured UTGO Bonds. For example, the bond specimens for the 2008-A Bonds provide, "*The owner of this bond acknowledges and consents to the subrogation rights of Assured Guaranty as more fully set forth in the Policy*." 2008-A Bond Specimen (emphasis added), a true and correct copy of which is attached hereto as Exhibit "6B." Moreover, the Assured Policies provide that "[Assured] . . . shall be *fully subrogated* to all of the Holder's right, title and interest . . . in respect of the [Assured UTGO Bonds]." Assured Policies pertaining to the 2008 Bonds, at 1; see also Assured Policies pertaining to the 1999 Bonds and 2005 Bonds, at 1 ("[Assured] . . . shall be fully subrogated to the rights of the Owner . . . .").

---

[6] The Assured Policies pertaining to the 1999 Bonds and 2005 Bonds contain nearly identical language, but substitute the term "Owner" for "Holder."

6

10.    As a subrogee of the beneficial holders of the Assured UTGO Bonds, Assured is entitled to all rights of the beneficial holders of the Assured UTGO Bonds with respect to the claims arising from the Assured UTGO Bonds, including the right to vote:

> Under the Subrogation Clause, therefore, [the subrogee] steps into the shoes of [the subrogor] with respect to the claim against [the debtor] and acquires all of [the subrogor's] rights with respect to that claim. [The subrogor's] right to vote on [the debtor's] reorganization plan flows from its claim in bankruptcy against [the debtor]. As a result, [the subrogee] succeeds to that right as subrogee of [the subrogor] and as the effective holder of [the subrogor's] claim.

Avondale Gateway Center Entitlement, LLC v. Nat'l Bank of Arizona, No. CV10-1772-PHX-DGC, 2011 WL 1376997, at *3 (D. Ariz. Apr. 12, 2011).[7] Accordingly, Assured is contractually subrogated to all rights of the holder of the Assured UTGO Bonds, including the right to vote.

11.    Fourth, Assured is subrogated to all rights of the beneficial holders of the Assured UTGO Bonds under the common law doctrine of equitable subrogation. At its core, equitable subrogation is a "flexible and elastic equitable doctrine," Atlanta Int'l Ins. Co. v. Bell, 475 N.W.2d 294, 298 (Mich. 1991), that "ought to be liberally applied to the protection of those who are its natural

---

[7]    See also, In re American Roads LLC, 496 B.R. 727 (Bankr. S.D.N.Y. 2013); Rosenfeld v. Coastal Broadcasting Systems, Inc. (In re Coastal Broadcasting Systems, Inc.), 2013 WL 3285936, (D.N.J. June 28, 2013); Blue Ridge Investors, II, LP v. Wachovia Bank, N.A. (In re Aerosol Packaging, LLC), 362 B.R. 43 (Bankr. N.D. Ga. 2006).

7

beneficiaries," <u>Fed. Ins. Co</u>. v. <u>Arthur Andersen.</u>, 75 N.Y.2d 366, 373 (N.Y. 1990). While the bond documents and Assured Policies provide that Assured is subrogated to the rights of the beneficial holders of the Assured UTGO Bonds to the extent of payment (and generally payment, and therefore loss to Assured, precedes subrogation), in certain circumstances, insurers may be subrogated to the rights of the insured prior to the insurer making a payment. <u>See</u>, <u>e.g.</u>, <u>Fid. & Cas. Co. of N.Y.</u> v. <u>Fist Nat'l Bank in Fort Lee</u>, 397 F. Supp. 587 (D. N.J. 1975). In that case, the court noted that "[s]ubrogation . . . is applied pursuant to equitable standards and with due regard to the legal and equitable rights of others." <u>Id</u>. at 589. In applying subrogation, the court held that "the most equitable result would be derived by giving a right of subrogation to the insurer" where the insurer had made the insured whole, but had not yet suffered a loss of its own. <u>Id</u>. at 590. Such a result was proper as it would avoid "an unnecessary legal fiction" of the insured proceeding on its own when it would only really be acting as "constructive trustee for the insurer." <u>Id</u>.

12.     Here, Assured is fully subrogated to the rights of the beneficial holders of the Assured UTGO Bonds because it has agreed to make them whole in accordance with the terms of the Assured Policies, and acted to do so when necessary. On two separate occasions—October 1, 2013 and April 1, 2014— Assured has acted to keep the beneficial holders of the Assured UTGO Bonds

8

whole by providing payment. Moreover, Assured has commenced litigation to protect the security of the Assured UTGO Bonds[8] and has actively participated in mediation throughout the City's case. Indeed, Assured expects to resolve the underlying obligations to the beneficial holders of the Assured UTGO Bonds by entering into the UTGO Settlement which sets out the treatment of the claims arising from the UTGO Bonds in the Plan.[9] All of these acts have inured to the benefit of the beneficial holders of the Assured UTGO Bonds, which have yet to, and will not, suffer a loss. Indeed, the circumstances present in this case are more compelling than those in Fort Lee. There, the insurer had yet to suffer a loss and was nevertheless fully subrogated to the insured. Id. at 590.[10] Here, Assured has suffered a loss by making the beneficial holders of the Assured UTGO Bonds whole. As such, it would be an "unnecessary legal fiction" for the beneficial

---

[8]  Assured commenced an adversary proceeding against the City on November 8, 2013 captioned as National Public Finance Guarantee Corporation and Assured Guaranty Municipal Corporation v. City of Detroit, Michigan, et al., Case No. 13-05309 (Bankr. E.D. Mich.).

[9]  As described in footnote 4 above, Assured continues to negotiate the UTGO Settlement Agreement with the City and reserves all of its rights in the event that the UTGO Settlement Agreement is not finalized, is not approved by this Court or is breached by the City or any other party thereto.

[10]  See also Kumar v. Am. Transit Ins. Co., 49 A.D.3d. 1353, 1355 (N.Y. Sup. Ct. 2008) ("We reject the contention . . . that the principle of equitable subrogation does not apply because [the insurer] has not yet paid the loss of its insured."); Allianz Underwriters Ins. Co. v. Landmark Ins. Co., 13 A.D.3d 172, 175 (N.Y. Sup. Ct. 2004) (holding that "Contingent claims by subrogees have been recognized, especially where it would further judicial economy."); Fed. Sav. & Loan Ins. Corp. v. Aetna Cas. & Sur. Co., 696 F. Supp. 1190, 1195 (E.D. Tenn. 1988) (holding that under federal law an insurer may "bring an action against third-parties who may be liable to the insurer for monies the insurer may have to pay under the bond, even if no money has yet been paid").

9

holders of the Assured UTGO Bonds to proceed as a "constructive trustee" for the benefit of Assured, as least with respect to voting.

13.     Indeed, enforcing Assured's exclusive right to vote all claims arising from the Assured UTGO Bonds is the only equitable result.  The Bankruptcy Code is carefully crafted to ensure that only parties with a true financial stake in a debtor are empowered to shape the outcome of such debtor's bankruptcy case by voting on a bankruptcy plan.  See In re Combustion Eng'g, Inc., 391 F.3d 190, 244 (3d Cir. 2004) (voting rights "ensure[] the terms of the reorganization are monitored by those who have a financial stake in its outcome").  By guaranteeing the scheduled payment of the Assured UTGO Bonds when due in accordance with the terms of the Assured Policies, Assured has replaced the beneficial holders of the Assured UTGO Bonds as the only true financial stakeholder with respect to the Assured UTGO Bonds.  Thus, permitting any party other that Assured to cast a vote with respect to claims arising from the Assured UTGO Bonds would be inequitable and wholly at odds with the purposes of the Bankruptcy Code.

## III.     PROPER TREATMENT FOR PURPOSES OF SECTION 1126(c) OF THE BANKRUPTCY CODE

14.     As the sole voting party with respect to the Assured UTGO Bonds, Assured should be granted a single vote for the full allowed amount of the claims arising from the Assured UTGO Bonds.

**WHEREFORE**, Assured respectfully requests that the Court enter an order: (i) granting Assured the exclusive right to vote with respect to all claims arising from the Assured UTGO Bonds; (ii) disallowing any vote cast by any party other than Assured with respect to any claim arising from the Assured UTGO Bonds; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         May 23, 2014

**CHADBOURNE & PARKE LLP**

By:  /s/  Lawrence A. Larose
Lawrence A. Larose
Samuel S. Kohn
Robert J. Gayda
Eric Daucher
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
rgayda@chadbourne.com
edaucher@chadbourne.com

*Attorneys for Assured Guaranty*
*Municipal Corp. and*
*Assured Guaranty Corp.*

11

**Exhibit 4**

**Certificate of Service**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2014, I caused the *Assured Notice of Asserted Right to Vote Claims in Class 8* to be filed with the Clerk of the Court using the CM/ECF system, which provides electronic notification of such filing to all counsel of record.

Dated:  May 23, 2014
      New York, New York

                              **CHADBOURNE & PARKE LLP**
                              By:   /s/  Lawrence A. Larose
                              Lawrence A. Larose
                              Samuel S. Kohn
                              Robert J. Gayda
                              Eric Daucher
                              30 Rockefeller Plaza
                              New York, NY 10112
                              Telephone:  (212) 408-5100
                              llarose@chadbourne.com
                              skohn@chadbourne.com
                              rgayda@chadbourne.com
                              edaucher@chadbourne.com

                              *Attorneys for Assured Guaranty*
                              *Municipal Corp. and*
                              *Assured Guaranty Corp.*

**Exhibit 5**

**Affidavits [None]**