UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.
_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

JOHN P. QUINN'S ATTEMPTED COMPLIANCE WITH
ORDER REGARDING IDENTIFYING LEGAL ISSUES RELATING TO CONFIRMATION

1. I have filed an appearance in this matter. I believe it is Document No. 3389 or thereabouts.

2. The deadline applicable to any objections I may file to the Fourth Amended Plan of Adjustment (Document No. 4392) is July 11, 2014. (See Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, Document No. 4202, ¶ 15). I have not yet filed objections to the Fourth Amended Plan of Adjustment but expect to do so in a timely manner.

3. Having barely begun legal research in preparation for filing objections to the Fourth Amendment Plan of Adjustment I am unable to provide a complete and well researched list of issue that I may raise in my objections and that may be resolved without the necessity of proofs at the confirmation hearing. Nonetheless, in an effort to comply to the best of my ability with the Order Regarding Legal Issues Relating to Confirmation (Document No. 5021), I submit the list of issues included in ¶ 5, below.

4. In ¶ 5, below, certain terms have the meanings assigned to them in this paragraph:

A. "POA" means the Fourth Amended Plan of Adjustment (Document No. 4392).

B. "GRS" means the General Retirement System.

C. "Affected annuitant" means a current or future retiree who had an annuity account with GRS during the period 2003 - 2013.

D. Except when the context requires a different meaning, "retiree" includes current GRS retirees, future GRS retirees and their beneficiaries.

5. Here is my list of issues submitted in obedience to the Order Regarding Legal Issues Relating to Confirmation (Document No. 5021):

A. Whether confirmation of the POA would exceed the Court's jurisdiction by mandating the reallocation of assets that are not assets of the City.

  1. Whether financial assets held by GRS for the benefit of retirees and annuitants are assets of the City.

  2. Whether the POA, if confirmed, would require GRS to reallocate some of its financial assets by transferring the beneficial interest in some of its funds from affected annuitants to other retirees.

  3. Whether, by consenting to the transfers described in ¶ 5.A.2., above, GRS can vest the Court with jurisdiction to order those transfers by confirmation of the POS.

B.  Whether confirmation of the POA would discriminate unfairly and unreasonably against affected annuitants for the benefit of all retirees who are not affected annuitants by require GRS to transfer the beneficial interest in some of its funds from affected annuitants to other retirees.

C.  Whether confirmation of the POA would discriminate unfairly and unreasonably against affected annuitants for the benefit of retirees who have received "thirteenth checks" by recouping allegedly excessive allocations to the annuity accounts of affected annuitants while leaving untouched excessive payments to the recipients of thirteenth checks.

D.  Whether confirmation of the POA would unfairly and unreasonably discriminate among retirees by reducing the pensions of all retirees proportionately without regard to the GRS funding level on the date of each retiree's retirement.

   1.  Whether Michigan law imposes upon the City a duty fully to fund each employee's pension while that employee is still in its employ.

   2.  Whether the duty described in ¶ 5.D.1., above, is distinct from the City's duty, also imposed by Michigan law, to assure that pension payments are made timely and in full.

   3.  Whether, as to each retiree who retired before the City sought bankruptcy protection, the City had already fulfilled the duty described in ¶ 5.D.1., above, to the extent that duty was ever to be fulfilled, while that retiree was in the City's employee.

-3-

4. Whether, as to a retiree who retired before the City sought bankruptcy protection, the duty described in ¶ 5.D.1, above, having already been fulfilled, can be discharged in bankruptcy.

5. Whether, assuming the funding level of GRS on the day Retiree A retired was higher than the funding level of GRS on the day Retiree B retired, reducing their pensions by the same proportionate amounts constitutes unfair and unreasonable discrimination against Retiree A in favor of Retiree B.

*John P. Quinn*
John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

Dated: May 27, 2014

-4-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

PROOF OF SERVICE

I do not have a PACER account and am filing the original hard copy of the attached document with the Clerk of the Court. I understand the Clerk will scan the attached document to create a pdf version file the pdf version electronically, thereby effecting service on all persons entitled to service in this matter.

John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

Dated: May 27, 2014

FILED 2014 MAY 27 P 2:18 U.S. BANKRUPTCY E.D. MICHIGAN-DETROIT