# Exhibit 4



# REPORT OF TRUSTEES
## DETROIT MUSEUM OF ART
### 1920

Detroit, Michigan, January 27, 1920.

A special meeting of the Trustees of the Detroit Museum of Art was held at the University Club at 6 o'clock.

There were present Messrs. Ralph H. Booth, William J. Gray, Horace Caulkins, Henry Stevens, G. D. Pope, D. M. Ferry, Jr., William B. Stratton, Francis P. Paulus, and the Secretary.

A communication from the Arts Commission was read assuming the operation and maintenance of the Museum beginning July 1st, 1919, as per the request of the Trustees.

In behalf of the officers Mr. William J. Gray presented the following report, which was ordered spread upon the records.

> You will recall that at a meeting of the members of the Association, held December 6th, 1918, the Trustees were authorized to convey the property of the corporation, both its collection of art and its real estate on Woodward Avenue, to the City of Detroit, and subsequently, at a meeting of the Trustees on February 18th, the President and Treasurer were authorized to execute and deliver to the City of Detroit a Deed of Conveyance of said real estate, the Deed to be in such form and with such conditions as should to them appear sufficient to insure the use of said property for the purpose for which the Detroit Museum of Art was incorporated, or for some purpose kindred to said purpose.
>
> Your President and Treasurer thereupon conferred with Mr. H. E. Spalding and he prepared a Deed which contained a provision for the reversion of the title to the Detroit Museum of Art upon the happening of either of the following conditions:
>
> (a) If the city should at any time use or permit the use of said premises, or any part thereof, for any other purpose than the one contemplated by Charter 19, Ti Title 4, (IV), relating to an Arts Commission of the present charter of the City of Detroit;
>
> (b) If the city should fail within a given number of years to erect and complete on said premises a building costing a lot less than an agreed sum, suitable for the housing and exhibition of works of art, or

13-53846-tjt    Doc 5054-5    Filed 05/27/14    Entered 05/27/14 15:32:06    Page 3 of 6

DIAINSP019856

    (c) If the city should at any time fail to provide for and continue the proper care, maintenance and exhibition of the art collection then or thereafter belonging to the City of Detroit.

    Your Treasurer had a number of interviews with Mr. William C. Webber and his attorney, James Swan, and finally agreed with them upon the form of the Deed which Mr. Weber would be willing to unite in signing. The matter was then taken up with the Common Council, sitting as a Committee of the whole, and all of the councilmen and the Corporation Council were of the opinion that no Deed would be accepted except one without conditions. Accordingly, your Treasurer agreed to recomment the delivery of the Deed with the foregoing conditions eliminated.

    This situation was explained to the members of the Association at their Annual Meeting, held last June, and a Resolution was adopted authorizing the Trustees, notwithstanding this demand of the city, to execute and deliver a Deed of the real and personal property of the Association, and subsequently on September 12th the Trustees authorized the President and Treasurer to make the conveyance to the city.

    Accordingly, in November your President and Treasurer, on behalf of the Detroit Museum of Art, executed and delivered a Warranty Deed of the real estate and a Bill of Sale of the collection of Art, both running to the City of Detroit, and delivered the same to the Arts Commission, which in turn transmitted the same for approval to the Common Council. This Deed was accepted by the Council, together with a Deed from William C. Weber and wife covering the undivided half of the northerly block, the Council at the same time directing the Comptroller to pay off the two mortgages against the property, one held by William C. Weber and one by the Dime Savings Bank, and also to pay $4500 attorneys' bills to James Swan and Richard Lawson, attorneys for Mr. Weber in the pending litigation. At the same time, the Common Council accepted the Bill of Sale of the collection of Art.

    On account of the provision for the payment of Mr. Weber's attorney bills, the Mayor vetoed the acceptance of the documents but the resolution was adopted by a unanimous vote over his veto and in December the transaction entirely closed, the two mortgages paid off and the Deeds placed on record.

    You will recall that Act #67 of the Public Acts of the State of Michigan, approved April 15th, 1919,

under which authority was granted for the conveyance by Art Associations to the municipality of their property, contained a provision that the property so conveyed should in the hands of the city be faithfully used for the purpose for which the particular corporation was organized. In the Deed to the City of Detroit it was expressly recited that the conveyance was executed and delivered under and in pursuance of said act. This fact, together with the fact that the Deed was delivered to the Arts Commission, seemed to us sufficiently to give assurance that the property cannot be used excepting for the same purposes as were provided for in the incorporation of the Detroit Museum of Art, or some kindred purpose, as provided in the Act of the Legislature referred to.

The Secretary gave a report of the audits made by the Detroit Trust Company covering the period from July 1, 1918 to June 30, 1919.

MOVED, supported and carried that the expenditure of $335 in addition to the $500 appropriated at the meeting of May 2nd for the purchase of laces be approved.

The Secretary was authorized to make such entries on the books of the corporation as are necessary to make them comply with present conditions.

MOVED, supported, and carried that the painting, "Child with Kitten" by William Owen, be purchased for the sum of $7500 from the General Membership and Donations Fund.

Mr. Ferry offered the following resolution, which was unanimously adopted:

> WHEREAS all of the property and collections of the Detroit Museum of Art, with the exceptions of its invested trust funds, have been conveyed and transferred to the City of Detroit to be administered by the newly created Arts Commission of the City of Detroit, and
>
> WHEREAS it is believed that the following enumerated objects can be obtained by the continuance of present corporation, i. e.

DIAINSP019858

  a - To promote public interest in and appreciation of art in Detroit

  b - To co-operate in every way with the Detroit Institute of Arts, and to augment its collections from membership funds and contributions

  c - To administer the funds and endowments now in the hands of the corporation and to encourage and receive in trust and to administer future gifts and legacies.

  Now, therefore be it

  RESOLVED, that this corporation with its memberships and funds be continued and also be it

  RESOLVED, that a committee of two be appointed by the President (himself acting as ex-officio member) for recommending of such changes and revisions as will best carry out the intentions herewith expressed.

In accordance with this resolution President Booth appointed Mr. Ferry and Mr. Gray as a committee for the revision of the by-laws.

  The Secretary was instructed to call a meeting of all members of the corporation for Friday, February 6th, at 4 P. M. for the purpose of taking such action as is necessary with reference to the future of the Museum corporation.

  Meeting adjourned.

            Respectfully,

            *Clyde H. Burroughs*
                Secretary.