# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------------x
:
In re                            : Chapter 9
:
CITY OF DETROIT, MICHIGAN,   : Case No. 13-53846
:
               Debtor.    : Hon. Steven W. Rhodes
:
:
-------------------------------------------------------------x

**NOTICE OF FINANCIAL GUARANTY INSURANCE COMPANY ASSERTED RIGHT TO VOTE AND MAKE ELECTIONS WITH RESPECT TO CERTAIN DWSD BOND CLAIMS**

**PLEASE TAKE NOTICE THAT:**

1.      On February 28, 2014, the City of Detroit filed the *Motion of the City of Detroit for Entry of an Order (i) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (ii) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* [Docket No. 2709] (the "**Solicitation Procedures Motion**"), which "proposed [among other things] that the Beneficial Holders of bonds possess the right to vote the claim represented by the applicable bond."

2.      On March 11, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "**Court**") entered an *Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* [Docket No. 2984] (the "**Solicitation Procedures Order**").

3.      On April 21, 2014, the Court entered the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of*

*Adjustment* [Docket No. 4202] (the "**Scheduling Order**"), amending (among other things) certain deadlines established in the Solicitation Procedures Order.

4.　　Pursuant to the Solicitations Procedures Order and the Scheduling Order, if a party is not identified in the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit*, dated May 5, 2014 [Docket No. 4392] (as may be amended or supplemented, the "**Plan**")[1] or in the Solicitation Procedures Motion as being the party entitled to vote on and/or make elections with respect to the Plan, and if that party believes it has a right to vote on the Plan, then, by May 26, 2014,[2] the party (the "**Claiming Party**") must electronically file and properly serve via the Court's electronic case filing system ("**ECF**") a "**Notice of Asserted Right to Vote a Claim**" and a brief in support of the rights asserted therein, which brief shall identify (a) the Claim(s) (and Classes or subclasses, as applicable) with respect to which the Claiming Party asserts voting rights, (b) whether the Claiming Party possesses the right to make an election with respect to the treatment of such Claim(s), (c) the legal and factual support for asserting such voting and/or election rights and (d) the proper treatment of the Claiming Party's vote(s) for purposes of section 1126(c) of the Bankruptcy Code.

5.　　In accordance with the foregoing, Financial Guaranty Insurance Company ("**FGIC**") hereby asserts its right to (i) vote to accept or reject the Plan and (ii) elect the form of payment to be distributed under the Plan in respect of the following Impaired DWSD Bond Claims (collectively, the "**FGIC DWSD Bond Claims**"):

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.

[2] As confirmed by the Court at the status conference on May 15, 2014, because the deadline for filing a Notice of Asserted Right to Vote a Claim falls on the day set aside for the observance of Memorial Day, the deadline is extended to Tuesday, May 27, 2014.

| Series 2001-C DWSD Class B Water Bonds | | |
|---|---|---|
| **Class/Subclass** | **CUSIP** | **Outstanding Principal Amount[3]** |
| Class 1A-10 | 2512556Z3 | $12,510,000.00 |
| Class 1A-11 | 2512557A7 | $13,235,000.00 |
| Class 1A-12 | 2512557B5 | $14,025,000.00 |
| Class 1A-13 | 2512557C3 | $14,865,000.00 |
| Class 1A-14 | 2512557D1 | $15,750,000.00 |
| Class 1A-15 | 2512557E9 | $16,690,000.00 |
| Class 1A-16 | 2512557F6 | $17,690,000.00 |
| Class 1A-17 | 2512557G4 | $18,735,000.00 |
| Class 1A-18 | 2512557H2 | $19,945,000.00 |
| Class 1A-19 | 2512557J8 | $4,000,000.00 |
| | **Total:** | **$147,445,000.00** |

| Series 2005-B DWSD Class B Water Bonds | | |
|---|---|---|
| **Class/Subclass** | **CUSIP** | **Outstanding Principal Amount** |
| Class 1A-100 | 2512557V1 | $2,465,000.00 |
| Class 1A-101 | 2512557W9 | $2,575,000.00 |
| Class 1A-102 | 2512557X7 | $2,690,000.00 |
| Class 1A-103 | 2512557Y5 | $2,905,000.00 |
| Class 1A-104 | 2512557Z2 | $3,025,000.00 |
| Class 1A-105 | 2512558A6 | $3,145,000.00 |
| Class 1A-106 | 2512558B4 | $3,270,000.00 |
| Class 1A-107 | 2512558C2 | $3,490,000.00 |
| Class 1A-108 | 2512558D0 | $3,620,000.00 |
| Class 1A-109 | 2512558E8 | $3,850,000.00 |
| Class 1A-110 | 2512558F5 | $3,980,000.00 |
| Class 1A-112 | 2512558H1 | $57,365,000.00 |
| | **Total:** | **$92,380,000.00** |

| Series 2001-E DWSD Class B Sewer Bonds | | |
|---|---|---|
| **Class/Subclass** | **CUSIP** | **Outstanding Principal Amount** |
| Class 1A-243 | 2512374R1 | $136,150,000 |
| | **Total:** | **$136,150,000.00** |

---

[3] In accordance with the Proposed Rules for Tabulation of Ballots, FGIC asserts the right to vote the full amount of the outstanding principal of, interest on, and any other amount payable in respect of the DWSD Bonds insured by FGIC. Solicitation Procedures Order Ex. 1 at Rule III.

6.      Legal and factual support for the rights asserted herein is contained in the brief in support of this Notice of Asserted Right to Vote a Claim, filed contemporaneously herewith.

Dated:      May 27, 2014
             Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

– and –

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

*Attorneys for Financial Guaranty Insurance Company*

4

## EXHIBITS

Exhibit 1        Proposed Form of Order

Exhibit 2        Notice

Exhibit 3        Brief in Support

Exhibit 4        Certificate of Service

Exhibit 5        None [No Affidavits]

Exhibit 6        None [No Documentary Exhibits]

# EXHIBIT 1

## Proposed Form of Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
-------------------------------------------------------------x
                                      :
  In re                               : Chapter 9
                                      :
CITY OF DETROIT, MICHIGAN,            : Case No. 13-53846
                                      :
               Debtor.                : Hon. Steven W. Rhodes
                                      :
                                      :
-------------------------------------------------------------x
```

## ORDER AUTHORIZING FINANCIAL GUARANTY INSURANCE COMPANY TO VOTE AND MAKE ELECTIONS WITH RESPECT TO CERTAIN DWSD BOND CLAIMS

This matter having come before the Court on *Notice of Financial Guaranty Insurance Company Asserted Right to Vote and Make Elections with Respect to Certain DWSD Bond Claims* (the "**Notice of Asserted Right to Vote a Claim**"), filed by Financial Guaranty Insurance Company ("**FGIC**"); and due and proper notice of the hearing to consider the relief requested therein (the "**Hearing**") having been given to all parties registered to receive electronic notices in this matter; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and upon the entire record of all the proceedings before the Court; and the legal and factual bases set forth in the Notice of Asserted Right to Vote a Claim establishing just and sufficient cause to grant the relief requested therein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      FGIC is the sole party authorized to vote to accept or reject the Plan[1] in respect of the FGIC DWSD Bond Claims, as set forth in the Notice of Asserted Right to Vote a Claim.

2.      FGIC is the sole party authorized to make the election contemplated in Article II.B.3.a.ii.B of the Plan in respect of the FGIC DWSD Bond Claims.

3.      The City shall disregard any vote and/or election in respect of the FGIC DWSD Bond Claims submitted by any party other than FGIC.

It is so ordered.

**Signed on _____, 2014**

_____
**STEVEN RHODES**
**UNITED STATES BANKRUPTCY JUDGE**

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Notice of Asserted Right to Vote a Claim.

## EXHIBIT 2

**Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------------x

|  |  |
|---|---|
| | : |
| **In re** | : **Chapter 9** |
| | : |
| **CITY OF DETROIT, MICHIGAN,** | : **Case No. 13-53846** |
| | : |
| Debtor. | : **Hon. Steven W. Rhodes** |
| | : |
| | : |

-------------------------------------------------------------x

**NOTICE AND OPPORTUNITY TO OBJECT TO NOTICE OF**
**FINANCIAL GUARANTY INSURANCE COMPANY ASSERTED RIGHT TO**
<u>**VOTE AND MAKE ELECTIONS WITH RESPECT TO CERTAIN DWSD BOND CLAIMS**</u>

Financial Guaranty Insurance Company ("**<u>FGIC</u>**") has filed papers with the court seeking an order granting FGIC the exclusive right to (i) vote to accept or reject the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit*, dated May 5, 2014 [Docket No. 4392] (as may be amended or supplemented, the "**<u>Plan</u>**") and (ii) elect the form of payment to be distributed under the Plan in respect of the following classes of claims: Classes 1A-10 through 1A-19, Classes 1A-100 through 1A-110, Class 1A-112, and Class 1A-243.

FGIC has filed this notice in accordance with the *Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* [Docket No. 2984], as amended by the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202].

<u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in this notice, or if you want the court to consider your views on the notice, **on or by June 24, 2014**, you or your attorney must:

    1.    File with the court a written response or an answer, explaining your position at:[1]

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**United States Bankruptcy Court**
211 W. Fort Street, Suite 2100
Detroit, Michigan 48266

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

2. If a response or answer is timely filed and served, a hearing on the notice will be held on **July 14, 2014 at 10:00 a.m.**

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the notice and may enter an order granting that relief.**

DATED:  May 27, 2014  Respectfully submitted,

/s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

– and –

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

*Attorneys for Financial Guaranty Insurance
Company*

## EXHIBIT 3

**Brief in Support**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------------x

|  |  |
|---|---|
| | : |
| **In re** | : Chapter 9 |
| | : |
| **CITY OF DETROIT, MICHIGAN,** | : Case No. 13-53846 |
| | : |
| Debtor. | : Hon. Steven W. Rhodes |
| | : |
| | : |

-------------------------------------------------------------x

## BRIEF IN SUPPORT OF NOTICE OF FINANCIAL GUARANTY INSURANCE COMPANY ASSERTED RIGHT TO VOTE AND <u>MAKE ELECTIONS WITH RESPECT TO CERTAIN DWSD BOND CLAIMS</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................. i

FACTUAL BACKGROUND.......................................................................................1

BASIS FOR RELIEF...............................................................................................9

I.     **THE FGIC BOND DOCUMENTS AUTHORIZE FGIC, AS THE SOLE HOLDER OF THE FGIC INSURED DWSD BONDS, TO VOTE ON THE PLAN** .................10

II.    **THE COURT SHOULD ENFORCE THE PLAIN TERMS OF THE FGIC BOND DOCUMENTS AND PERMIT FGIC TO VOTE ON THE PLAN** ...........................11

CONCLUSION.......................................................................................................13

Financial Guaranty Insurance Company ("**FGIC**") files this *Brief in Support of Notice of Financial Guaranty Insurance Company Asserted Right to Vote and Make Elections with Respect to Certain DWSD Bond Claims* and respectfully submits as follows:

## FACTUAL BACKGROUND[1]

1. Prior to the commencement of this chapter 9 case, the City of Detroit (the "**City**") issued certain Sewage Disposal System Second Lien Revenue Bonds (Modal Fixed Rate), Series 2001(E) in the aggregate principal amount of $136,150,000 (the "**DWSD Series 2001(E) Sewer Bonds**").  The DWSD Series 2001(E) Sewer Bonds were authorized under the Revenue Bond Act of 1933, Act No. 94, Public Acts of Michigan 1933 ("**Act 94**") and issued pursuant to various related documents and agreements[2] (collectively, the "**Sewer Bond Documents**").[3]

2. As enhancement for the DWSD Series 2001(E) Sewer Bonds, FGIC issued Municipal Bond New Insurance Policy Number 01012198, dated October 23, 2001 (the "**FGIC Sewer Bond Insurance Policy**"), guaranteeing the payment of that portion of the principal of, and interest on, the DWSD Series 2001(E) Sewer Bonds which has become due for

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit*, dated May 5, 2014 [Docket No. 4392] (as may be amended or supplemented, the "**Plan**").

[2] All documents cited herein relating to the authorization, issuance, and governance of the DWSD Bonds are attached as exhibits to FGIC's proofs of claim [Claim Nos. 1185 and 1191].

[3] The Sewer Bond Documents include (i) Ordinance No. 27-86, adopted December 9, 1986, as supplemented and amended, which was amended and restated by Ordinance No. 18-01, adopted October 18, 2001 (the "**Sewer Bond Ordinance**"), (ii) a Resolution adopted by the City Council on August 1, 2001, and as amended on October 10, 2001, (iii) a Sale Order of the Finance Director of the City dated October 1, 2001 (as amended on April 23, 2008, the "**Sewer Bond Sale Order**"), and (iv) a Supplement to Prior Sale Orders, dated May 1, 2008 (the "**Supplemental Sewer Bond Sale Order**").

1

payment, but shall be unpaid by reason of nonpayment by the City, subject to the terms and conditions of the FGIC Sewer Bond Insurance Policy.[4]

        3.      Pursuant to the Sewer Bond Sale Order, for purposes of the Sewer Bond Ordinance, FGIC is deemed to be the "sole holder" of the DWSD Series 2001(E) Sewer Bonds. (Sewer Bond Sale Order Anx. E at § 1-1.03 ("For all purposes of the [Sewer] Bond Ordinance *except* the giving of notice of default to Holders of FGIC Insured Securities, the FGIC Bond Insurer shall be deemed to be the sole holder of the FGIC Insured Securities."))  The terms of the Sewer Bond Ordinance provide that the holders of the DWSD Series 2001(E) Sewer Bonds have all rights and remedies given by law for the payment and enforcement of DWSD Series 2001(E) Sewer Bonds.  (Sewer Bond Ordinance § 7(a), (c).)  Further, FGIC's consent is required prior to (i) any acceleration or annulment of the DWSD Series 2001(E) Sewer Bonds or (ii) making any amendments to the Sewer Bond Ordinance that would affect FGIC's rights thereunder.  (Sewer Bond Sale Order Anx. E at § 1-1.01 ("Any acceleration of the [DWSD Series 2001(E) Sewer Bonds] or any annulment thereof is *subject* to the prior written consent of [FGIC]."); *id*. at § 1-2.02(b) ("Any other amendment or supplement to the [Sewer] Bond Ordinance requiring consent of Holders of . . . [the DWSD Series 2001(E) Sewer Bonds] is also subject to written consent of [FGIC] before it shall become effective as to [the DWSD Series 2001(E) Sewer Bonds] . . ."))[5]

---

[4] Although the DWSD Series 2001(E) Sewer Bonds were converted from variable to fixed interest rate bonds and remarketed in 2008, the FGIC Sewer Bond Insurance Policy remains in full force and effect, except to the extent amended pursuant to the First Amended Plan of Rehabilitation for Financial Guaranty Insurance Company, dated June 4, 2013 (the "**Plan of Rehabilitation**").  Additional details regarding the transactions, including the conversion and remarketing transactions, related to the DWSD Series 2001(E) Sewer Bonds are set forth in FGIC's proof of claim [Claim No. 1185].

[5] Upon information and belief, in 2008, Berkshire Hathaway Assurance Corporation ("**Berkshire Hathaway**") became a secondary insurer of the DWSD Series 2001(E) Sewer Bonds and provided a separate insurance policy to secure payment of the principal and interest on the DWSD Series 2001(E)

4.	The City also issued certain Water Supply System Revenue Refunding Second Lien Bonds (Fixed Rate), Series 2001-C in the aggregate principal amount of $190,405,000 (the "**DWSD Series 2001-C Water Bonds**")[6] and certain Water Supply System Revenue Senior Lien Bonds (Fixed Rate), Series 2005-B in the aggregate principal amount of $194,900,000 (the "**DWSD Series 2005-B Water Bonds**,"[7] and together with the DWSD Series 2001-C Water Bonds, the "**DWSD Water Bonds**"), which were authorized under Act 94.

5.	As enhancement for the DWSD Series 2001-C Water Bonds and the DWSD Series 2005-B Water Bonds, FGIC issued Municipal Bond New Issue Insurance Policy Number 01010573, dated June 7, 2001, and Municipal Bond New Issue Insurance Policy Number 05010189, dated March 23, 2005 (collectively, the "**FGIC Water Bond Insurance Policies**"), guaranteeing the payment of that portion of the principal of, and interest on, the DWSD Water Bonds which has become due for payment, but shall be unpaid by reason of

---

Sewer Bonds when due, in the event that FGIC was unable to pay.  On May 23, 2014, Berkshire Hathaway filed a notice asserting voting rights with respect to the DWSD Series 2001(E) Sewer Bonds [Docket No. 5029].  FGIC reserves all rights to object to such assertion.

[6] The DWSD Series 2001-C Water Bonds were issued pursuant to various related documents and agreements (collectively, the "**2001-C Water Bond Documents**"), including (i) Ordinance No. 32-85, adopted October 30, 1985, as supplemented and amended, which was amended and restated by Ordinance No. 06-01, adopted on May 18, 2001, which was amended and restated by Ordinance No. 30-02, adopted on November 27, 2002, which was amended and restated by Ordinance No. 01-05, adopted January 26, 2005 (the "**Water Bond Ordinance**," and together with the Sewer Bond Ordinance, the "**Bond Ordinances**"), (ii) a Resolution adopted by the City Council on January 31, 2001 and amended on April 25, 2001, (iii) a Sale Order of the Finance Director of the City, dated May 31, 2001 (the "**2001 Water Bond Sale Order**"), and (iv) a Supplement to Prior Sale Orders, dated May 6, 2008 (the "**Water Bond Supplemental Sale Order**," and together with the Sewer Bond Supplemental Sale Order, the "**Supplemental Sale Orders**").

[7] The DWSD Series 2005-B Water Bonds were issued pursuant to various related documents and agreements (collectively, the "**2005-B Water Bond Documents**," and together with the 2001-C Water Bond Documents, the "**Water Bond Documents**"), including (i) the Water Bond Ordinance, (ii) an Amended and Restated Resolution adopted by the City Council on January 26, 2005, (iii) a Sale Order of the Finance Director of the City, dated March 22, 2005 (as amended on April 23, 2008, the "**2005 Water Bond Sale Order**"), and (iv) the Water Bond Supplemental Sale Order.

nonpayment by the City, subject to the terms and conditions of the FGIC Water Bond Insurance Policies.[8]

      6.      Pursuant to the 2001 Water Bond Sale Order, for purposes of the Water Bond Ordinance, FGIC is deemed to be the "sole holder" of the DWSD Series 2001-C Water Bonds. (2001 Water Bond Sale Order Ex. C at § 2(e) ("For all purposes of the [Water Bond] Ordinance or Bond Resolution provisions governing events of default and remedies, except the giving of notice of default to Bondholders, the Bond Insurer shall be deemed to be the sole holder of the Bonds it has insured for so long as it has not failed to comply with its payment obligations under the Bond Insurance Policy.")) Likewise, pursuant to the Commitment for Municipal Bond Insurance, dated February 7, 2005 (the "**2005-B Water Commitment**"), between FGIC and the City (which was incorporated by reference in section 701 of the 2005 Water Bond Sale Order) FGIC is deemed the "sole holder" of the DWSD Series 2005-B Water Bonds. (2005-B Water Commitment, Legal Documentation Requirements at § 3(e) ("For all purposes of the authorizing document provisions governing events for default and remedies, except the giving of notice of default to Bondholders, the Bond Insurer shall be deemed to be the sole holder of the Bonds it has insured for so long as it has not failed to comply with its payment obligations under the Bond Insurance Policy.")) Further, pursuant to the Water Bond Ordinance, the holders of the DWSD Water Bonds have all rights and remedies given by law for the payment and enforcement of the DWSD Water Bonds. (Water Bond Ordinance § 7(a), (c).)

---

[8] Although each series of DWSD Water Bonds was converted from variable to fixed interest rate bonds and remarketed in 2008, the FGIC Water Bond Insurance Policies remain in full force and effect, except to the extent amended pursuant to the Plan of Rehabilitation. Additional details regarding the transactions, including the conversion and remarketing transactions, related to the DWSD Water Bonds are set forth in FGIC's proof of claim [Claim No. 1191].

7.     In addition, any acceleration or annulment of the DWSD Water Bonds or any amendments or supplements to, among other things, the 2001 Water Bond Sale Order, 2005 Water Bond Sale Order, or the 2005-B Water Commitment require FGIC's prior consent.  (2001 Water Bond Sale Order Ex. C at § 2(c) ("Any acceleration of the [DWSD Series 2001-C Water] Bonds or any annulment thereof shall be subject to the prior written consent of [FGIC] . . ."); *id*. at § 3(a) ("Any amendment or supplement to the [Water Bond] Ordinance or Bond Resolution or any other principal financing documents shall be subject to the prior written consent of [FGIC]."); 2005-B Water Commitment, Legal Documentation Requirements at § 3(c) ("Any acceleration of the [DWSD Series 2005-B Water] Bonds or any annulment thereof shall be subject to the prior written consent of [FGIC] . . ."); *id*. at § 4 ("Any amendment or supplement to the [Water Bond Ordinance] or any other principal financing documents shall be subject to the prior written consent of [FGIC]."))[9]

8.     On July 18, 2013, the City filed a petition for relief under chapter 9 of the Bankruptcy Code in the Bankruptcy Court.

9.     On or about February 19, 2014, FGIC filed two proofs of claim [Claim Nos. 1185 and 1191] asserting Claims against the City in connection with, among other things, FGIC's interest as potential subrogee to, and assignee of, the DWSD Series 2001(E) Sewer Bonds and the DWSD Water Bonds (collectively, the "**FGIC Insured DWSD Bonds**").

10.     On February 28, 2014, the City filed the *Motion of the City of Detroit for Entry of an Order (i) Establishing Procedures for Solicitation and Tabulation of Votes to Accept*

---

[9] Upon information and belief, in 2008, Berkshire Hathaway became a secondary insurer of the DWSD Water Bonds and provided a separate insurance policy to secure payment of the principal and interest on such bonds when due, in the event that FGIC was unable to pay.  On May 23, 2014, Berkshire Hathaway filed a notice asserting voting rights with respect to the DWSD Water Bonds [Docket No. 5029].  FGIC reserves all rights to object to such assertion.

*or Reject Plan of Adjustment and (ii) Approving Notice Procedures Related to Confirmation of*

*the Plan of Adjustment* [Docket No. 2709] (the "**Solicitation Procedures Motion**"), which

provides, in relevant part:

> The City anticipates that disputes over which entity has the right to
> vote a particular claim may arise in this case.  In particular, by this
> Motion, the City has proposed that the Beneficial Holders of bonds
> possess the right to vote the claim represented by the applicable
> bond.  It is possible that an insurer of a particular bond may wish
> to assert the right to vote some or all of the applicable claim.

(Solicitation Procedures Motion ¶ 16.)

11.     On March 11, 2014, this Court entered an *Order (I) Establishing*

*Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and*

*(II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* [Docket

No. 2984] (the "**Solicitation Procedures Order**").  Pursuant to the Solicitation Procedures

Order, all beneficial holders and insurers of DWSD Bonds giving rise to DWSD Bond Claims

will receive a separate Ballot for each CUSIP of DWSD Bonds held or insured.  (Solicitation

Procedures Order ¶¶ 7.a-.c.)  The Ballots will provide the beneficial holders and insurers of

DWSD Bonds with the mechanisms to (i) cast a vote to accept or reject the Plan and (ii) make an

election (the "**Distribution Election**") regarding the form of payment to be distributed under the

Plan in respect of the applicable DWSD Bond Claims.  (*Id.* at ¶ 7.g.)  For purposes of tabulating

the Ballots, beneficial holders and insurers of the DWSD Bonds will be permitted to vote the full

amount of the outstanding principal of, interest on, and any other amount payable in respect of

the DWSD Bonds held or insured by the voting party.  (*Id.* at Ex. 1, Rule III.)

12.     In addition, the Solicitation Procedures Order establishes certain voting

dispute resolution procedures in the event there is a dispute regarding a party's ability to vote a

Claim or make an election with respect thereto.  In particular, a claiming party ("**Claiming**

**Party**"), including, but not limited to an insurer of DWSD Bonds, may assert a right to (i) vote to accept or reject the Plan and/or (ii) make a Distribution Election in respect of the applicable DWSD Bond Claims. (*Id*. at ¶ 9.a.) To assert such voting rights, the Claiming Party must file a "**Notice of Asserted Right to Vote a Claim**" and a brief identifying (i) the Claims (and Classes or subclasses) with respect to which the Claiming Party asserts voting rights, (ii) whether the Claiming Party possesses the right to make an election with respect to such Claims, (iii) the legal and factual support for asserting such voting and/or election rights and (iv) the proper treatment of the Claiming Party's votes for purposes of section 1126(c) of the Bankruptcy Code. (*Id*.)

13.     On April 21, 2014, the Court entered the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202] (the "**Scheduling Order**"), establishing May 26, 2014[10] as the deadline to file a Notice of Asserted Right to Vote a Claim and supporting brief. (Scheduling Order ¶ 8.)

14.     On May 5, 2014, the City filed the Plan and the *Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 4391] (the "**Disclosure Statement**"). The Plan classifies the DWSD Bonds Claims related to the FGIC Insured DWSD Bonds in Classes 1A-5 through 1A-21, 1A-96 through 1A-112, and 1A-243. (Plan Ex.I.A.110.) Of these Classes, the Plan designates Classes 1A-10 through 1A-19, 1A-100 through 1A-110, 1A-112, and 1A-243 as Impaired and entitled to vote on the Plan. (*Id*.)

---

[10] As confirmed by the Court at the status conference on May 15, 2014, because the deadline for filing a Notice of Asserted Right to Vote a Claim falls on the day set aside for the observance of Memorial Day, the deadline is extended to Tuesday, May 27, 2014.

15.     The following table identifies the individual Class, CUSIP, and outstanding principal amount of all Impaired DWSD Bond Claims arising in connection with the FGIC Insured DWSD Bonds (collectively, the "**FGIC DWSD Bond Claims**").

| Series 2001-C DWSD Class B Water Bonds | | |
|---|---|---|
| **Class** | **CUSIP** | **Outstanding Principal Amount** |
| Class 1A-10 | 2512556Z3 | $12,510,000.00 |
| Class 1A-11 | 2512557A7 | $13,235,000.00 |
| Class 1A-12 | 2512557B5 | $14,025,000.00 |
| Class 1A-13 | 2512557C3 | $14,865,000.00 |
| Class 1A-14 | 2512557D1 | $15,750,000.00 |
| Class 1A-15 | 2512557E9 | $16,690,000.00 |
| Class 1A-16 | 2512557F6 | $17,690,000.00 |
| Class 1A-17 | 2512557G4 | $18,735,000.00 |
| Class 1A-18 | 2512557H2 | $19,945,000.00 |
| Class 1A-19 | 2512557J8 | $4,000,000.00 |
| | **Total:** | **$147,445,000.00** |
| Series 2005-B DWSD Class B Water Bonds | | |
| **Class** | **CUSIP** | **Outstanding Principal Amount** |
| Class 1A-100 | 2512557V1 | $2,465,000.00 |
| Class 1A-101 | 2512557W9 | $2,575,000.00 |
| Class 1A-102 | 2512557X7 | $2,690,000.00 |
| Class 1A-103 | 2512557Y5 | $2,905,000.00 |
| Class 1A-104 | 2512557Z2 | $3,025,000.00 |
| Class 1A-105 | 2512558A6 | $3,145,000.00 |
| Class 1A-106 | 2512558B4 | $3,270,000.00 |
| Class 1A-107 | 2512558C2 | $3,490,000.00 |
| Class 1A-108 | 2512558D0 | $3,620,000.00 |
| Class 1A-109 | 2512558E8 | $3,850,000.00 |
| Class 1A-110 | 2512558F5 | $3,980,000.00 |
| Class 1A-112 | 2512558H1 | $57,365,000.00 |
| | **Total:** | **$92,380,000.00** |
| Series 2001-E DWSD Class B Sewer Bonds | | |
| **Class** | **CUSIP** | **Outstanding Principal Amount** |
| Class 1A-243 | 2512374R1 | $136,150,000 |
| | **Total:** | **$136,150,000.00** |

(Plan Ex. I.A.110.)

## BASIS FOR RELIEF

16.     Pursuant to section 1126(a) of the Bankruptcy Code, which is incorporated by reference into chapter 9 cases by section 901(a) of the Bankruptcy Code, a "holder of a claim" may vote to accept or reject a plan of adjustment. 11 U.S.C. §§ 901(a), 1126(a). As the "sole holder" of the FGIC Insured DWSD Bonds, having all rights and remedies given by law for the payment and enforcement thereof, FGIC is entitled to vote to accept or reject the Plan and make the Distribution Election in respect of the FGIC DWSD Bond Claims. Further, provisions in the Supplemental Sale Orders suggesting that any party other than FGIC is "a holder" of the FGIC Insured DWSD Bonds are unenforceable. Pursuant to Michigan state law, the rights granted to FGIC under the Sewer Bond Documents and the Water Bond Documents (collectively, the "**FGIC Bond Documents**"), including FGIC's status as "sole holder," may only be amended with FGIC's prior consent, which FGIC has not provided.

17.     Additionally, because FGIC is the "sole holder" of all of the FGIC Insured DWSD Bonds giving rise to each Class/CUSIP of the FGIC DWSD Bond Claims, pursuant to section 1126(c) of the Bankruptcy Code, votes cast by FGIC with respect to a particular Class/CUSIP should be treated as representing 100% in amount[11] and 100% in number of the votes for such Class/CUSIP.[12]

---

[11] FGIC is permitted to vote the total amount of the outstanding principal of, interest on, and any other amounts payable in respect of the FGIC Insured DWSD Bonds. Solicitation Procedures Order Ex. 1, Rule III.

[12] Because only the Holders of Impaired Claims are entitled to vote on the Plan, the City is not seeking votes from the Holders of DWSD Bond Claims that are identified as unimpaired on Exhibit I.A.110 to the Plan. Disclosure Statement § I.A.1. In the event any unimpaired DWSD Bond Claims related to the FGIC Insured DWSD Bonds are subsequently determined to be Impaired, FGIC asserts the right to (i) vote to accept or reject the Plan and (ii) make an election regarding the form of payment to be distributed under the Plan in respect of such recharacterized DWSD Bond Claims.

## I. THE FGIC BOND DOCUMENTS AUTHORIZE FGIC, AS THE SOLE HOLDER OF THE FGIC INSURED DWSD BONDS, TO VOTE ON THE PLAN

18.     Pursuant to the terms of the FGIC Bond Documents, voting on a plan of adjustment is among the actions to be taken by the holder(s) of the FGIC Insured DWSD Bonds. In particular, each of the Bond Ordinances provides the following identical language:

> (a) The Holder or Holders of the Securities representing in the aggregate not less than 20% of the entire principal amount thereof then Outstanding, may, by suit, action, mandamus or other proceedings, protect and enforce the statutory lien upon Pledged Assets,[13] and may . . . compel performance of all duties of the officer of the City, including fixing of sufficient rates, the collection of Revenues of the System and the proper application thereof . . .
>
> (c) The Holder or Holders of the Securities shall have all other rights and remedies given by Act 94 and by law for the payment and enforcement of the Securities and the security therefor.

(Sewer Bond Ordinance § 7; Water Bond Ordinance § 7.)  At a minimum, the consequences of voting to accept or reject the Plan and making (or not making) the Distribution Election constitute the exercise of rights and remedies, the consequences of which directly implicate the "payment and enforcement" of the FGIC Insured DWSD Bonds.  Moreover, voting on the Plan constitutes a "suit, action, mandamus or other proceeding[] [to] protect and enforce the statutory lien upon Pledged Assets."  Because FGIC is deemed the "sole holder" of the FGIC Insured DWSD Bonds "for all purposes of the [Bond Ordinances]," the above-described rights are expressly available to FGIC alone.  (Sewer Bond Sale Order Anx. E at § 1-1.03; 2001 Water

---

[13] Pledged Assets are defined as "(i) net revenues; (ii) the funds and accounts established by or pursuant to the [Bond Ordinances] except for the Operation and Maintenance Fund and the Construction Fund and any amount thereof; (iii) investments of amounts credited to any fund, account or subaccount that is a Pledged Asset; and (iv) any income or gain realized from investments that are Pledged Assets to the extent that such income or gain is not a Net Revenue."  Sewer Bond Ordinance § 1; Water Bond Ordinance § 1.

Bond Sale Order Ex. C at § 2(e); 2005-B Water Commitment, Legal Documentation Requirements at § 3(e).)[14]

19.     In addition to its status as "sole holder," FGIC has the right to consent prior to any acceleration and/or annulment of the FGIC Insured DWSD Bonds or amendments to the FGIC Bond Documents that affect FGIC's rights thereunder.  (Sewer Bond Sale Order Anx. E at §§ 1-1.01, 1-2.02(b); 2001 Water Bond Sale Order Ex. C at §§ 2(c), 3(a); 2005-B Water Commitment, Legal Documentation Requirements at §§ 3(c), 4)  FGIC's broad consent rights encompass the right to vote on the Plan, the terms of which expressly provide for the impairment of the FGIC DWSD Bond Claims.  Further, FGIC has not consented to any amendment of, or limitation on, the rights granted to it under the FGIC Bond Documents, including FGIC's status as the "sole holder" of the FGIC Insured DWSD Bonds.  Accordingly, FGIC remains the "sole holder" of the FGIC Insured DWSD Bonds with the exclusive right to vote to accept or reject the Plan and make the Distribution Election in respect of the FGIC DWSD Bond Claims.

## II.     THE COURT SHOULD ENFORCE THE PLAIN TERMS OF THE FGIC BOND DOCUMENTS AND PERMIT FGIC TO VOTE ON THE PLAN

20.     Pursuant to the FGIC Bond Documents, the beneficial holders of the FGIC Insured DWSD Bonds agreed to a broad delegation of their rights to FGIC, including the right to vote to accept or reject the Plan.  The Court's enforcement of such unambiguous contractual provisions is appropriate and consistent with the treatment of bond insurers in other chapter 9 cases.  For example, in *In re City of Stockton, California*, bond insurers, including National Public Finance Guarantee Corporation, Ambac, and Assured Guaranty Corp., were each

---

[14] While FGIC's status as "sole holder" pursuant to the Sewer Bond Sale Order, the 2001 Water Bond Sale Order and the 2005-B Water Commitment is contingent upon FGIC's compliance with the payment obligations imposed by the FGIC Sewer Bond Insurance Policy and the FGIC Water Bond Insurance Policies, FGIC has, at all times, remained in compliance with such payment obligations.

11

authorized to vote on the plan of adjustment as the "deemed holder" of the claims relating to each party's respective insured bonds. *See* Modified Disclosure Statement with Respect to First Amended Plan for the Adjustment of Debts of City of Stockton California at pp. 72-73, 77, No. 2012-32118 (Bankr. E.D. Cal. Nov. 15, 2013).

21.     Similarly, in a recently issued opinion, the Bankruptcy Court for the Southern District of New York held that bondholders were foreclosed from participating in the chapter 11 proceedings where, pursuant to "several unambiguous, enforceable 'no action' clauses," the bondholders had delegated and waived their ability to enforce any individual rights, remedies or actions in favor of Syncora Guarantee Inc. ("**Syncora**"), the insurer fully securing the bondholders' claims. *In re American Roads LLC*, 496 B.R. 727, 729 (Bankr. S.D.N.Y. 2013). Although the context of *American Roads* is not identical to the instant issue,[15] the bankruptcy court's enforcement of a substantial delegation of authority from bondholders to an insurer is instructive, especially given that the transaction documents in *American Roads* included language that is very similar to the relevant provisions of the FGIC Bond Documents. For example, in American Roads, the contracts provided, among other things, that "Syncora controls the enforcement of rights and remedies upon an event of default [and] . . . Syncora has been appointed as the 'sole holder' and the 'sole representative' for all purposes under the financing documents." *Id.* at 730. The Court should enforce the delegation of the beneficial holders' rights, remedies, and actions to FGIC with respect to the FGIC Insured DWSD Bonds,

---

[15] In *American Roads*, the bankruptcy court considered whether the bondholders had standing to participate in the chapter 11 cases by objecting to the disclosure statement and plan confirmation. The right to vote on the plan was not at issue because holders of bond claims would receive no property under the *American Roads* plan and, therefore, were presumed to reject the plan under section 1126(g) of the Bankruptcy Code and not entitled to vote to accept or reject the plan.

12

just as the *American Roads* bankruptcy court enforced the "bargained-for contractual agreements delegating and waiving such rights in favor of Syncora . . ." *Id.* at 731.

## CONCLUSION

For all of the foregoing reasons, FGIC respectfully submits that it holds the exclusive right to vote to accept or reject the Plan and make the Distribution Election in respect of the FGIC DWSD Bond Claims in Classes 1A-10 through 1A-19, 1A-100 through 1A-110, 1A-112, and 1A-243.

Dated:      May 27, 2014
              Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

– and –

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

*Attorneys for Financial Guaranty Insurance Company*

13

# EXHIBIT 4

## Certificate of Service

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014 the *Notice of Financial Guaranty Insurance Company Asserted Right to Vote and Make Elections with Respect to Certain DWSD Bond Claims* was filed and served via the Court's electronic case filing and noticing system to all registered users that have appeared in the main Chapter 9 proceeding.

/s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

Dated: May 27, 2014

**EXHIBIT 5**

**None [No Affidavits]**

## EXHIBIT 6

**None [No Documentary Exhibits]**