# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| | : |
| In re: | : Chapter 9 |
| | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13-53846 |
| | : |
| Debtor. | : Hon. Steven W. Rhodes |
| | : |

## NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S AMENDED RESPONSES AND OBJECTIONS TO DEBTOR'S <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34 as incorporated by Federal Rule of Bankruptcy Procedure 9014(c), National Public Finance Guarantee Corporation ("National"), by and through its undersigned counsel, hereby provides these amended responses (the "Responses") to the Requests of Debtor, the City of Detroit ("Detroit," or the "City"), for Production of Documents to National (the "Requests").

## <u>PRELIMINARY STATEMENT</u>

Though the City has the burden of proof at the confirmation hearing, the City has served nearly identical Requests (almost 60 in total) on all non-settling creditors that would call for the production of every document or communication from National, its attorneys, and its consultants relating to the City of Detroit,

the City's debt, or the City's proposed plan of adjustment — as well as documents and communications wholly unrelated to the City of Detroit. As such, the City's Requests, taken as a whole, are not "reasonably calculated" to lead to the discovery of admissible evidence. With respect to the few Requests that seek non-privileged information in National's possession or control that could be remotely relevant to National's claims in this case, National will produce those documents on a rolling basis. However, until the City agrees to narrow the remainder of its Requests to a reasonably limited scope, National objects to having to search for, log for privilege, and produce any additional documents on the grounds that (a) they are irrelevant to the standard that the City has the affirmative burden to satisfy at confirmation; (b) they are protected by a variety of privileges; and (c) National's significant burden of producing the requested documents outweighs the potential value of that information.

## GENERAL OBJECTIONS

National intends the following General Objections to apply to each Request regardless of whether the General Objections are incorporated into the specific objections set forth below. National further intends each General Objection to apply to each Request even if one or more of the objections to specific Requests incorporates some or all of these General Objections.

1.     National objects to each and every Request, definition, and instruction to the extent it attempts to impose any burden, obligation, or process inconsistent with or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Docket No. 4202] (the "Scheduling Order") or other applicable rule, order, or agreement of the parties.  National's Responses will be provided in accordance with the Federal Rules of Civil Procedure, the Local Rules, the Scheduling Order, and any other applicable rule, order, or agreement of the parties.

2.     National objects to any Request to the extent that it calls for information protected from disclosure by any privilege or protection including, without limitation, the attorney-client privilege, work product doctrine, the official information privilege, the mediation privilege and/or the policy preserving the confidentiality of compromise discussions, the settlement privilege, the deliberative process privilege, and/or any other applicable privilege, immunity, protection or doctrine (collectively "Privileged Information").  National expressly incorporates this General Objection into each response, whether or not specifically restated in response to any particular Request.

3. National objects to Definition and Instruction No. 13, which requires National to provide a privilege log along with its Responses. Given the limited relevance of the City's Requests, the expedited schedule of this proceeding, and the large number of potentially-privileged documents, National objects to providing a privilege log.

4. National objects to any Request as unduly burdensome to the extent that it seeks confidential, proprietary, non-public and/or sensitive business, commercial, technical, marketing, financial, private or personal documents and/or trade secrets (collectively "Confidential Information").

5. To the extent that there may be any inadvertent production of Privileged Information or Confidential Information by National in response to the Requests either (i) prior to the entry by the Court of an appropriate protective order in respect of such production or (ii) without the appropriate designation for such document under such protective order, such production is without prejudice to any claim that such document constitutes Privileged Information or Confidential Information, and such inadvertent production shall not be deemed to have waived any rights of National, including the right to recall such inadvertently produced document; provided, however, that nothing in this objection is intended to waive or limit any right or protection to which National would otherwise be entitled under Rule 502 of the Federal Rules of Evidence.

6.     National objects to any Request as overly broad and unduly burdensome to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.     National objects to any Request as overly broad and unduly burdensome to the extent that it calls for discovery of electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost, and the scope and terms of any production of ESI shall be subject to conferral as provided by Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure and the Local Rules.

8.     National objects to Definition and Instruction No. 12, which states that National's "duty to produce documents shall not be limited or affected by the fact that the same document is available through another source."

9.     National objects to any Request to the extent that it is duplicative of and seeks the same documents as prior requests and/or documents that are already in the City's possession or control or were already produced by National in this case.

10.     National objects to any Request to the extent that it seeks documents, communications, or other information outside of National's possession, custody, or control.  National objects to searching for, or producing, documents in the possession, custody, or control of its outside advisors,

attorneys, or consultants.

11.    National objects to Definition and Instruction No. 14 as unduly burdensome.

12.    National objects to any Request to the extent that it is vague and ambiguous.

13.    Nothing herein shall be interpreted as an admission that any particular document requested in the Requests or produced in response to the Requests is or will be relevant or admissible at any trial, hearing, motion or other proceeding in this action, or will not be subject to a claim that such document constitutes Privileged Information and/or Confidential Information.    Assured reserves the right to challenge the relevance, materiality, authenticity, and/or admissibility of any documents produced in response to the Requests in any subsequent proceeding or trial in this action or any other action.

14.    The Responses made herein are made in a good faith effort to supply as much information as is presently known, subject to the objections made herein.    National's investigation is ongoing, and these Responses in no way prejudice National's rights to conduct further discovery, research or analysis.    Subject to and without waiving any of its objections set forth herein, National may supplement its Responses as necessary or appropriate if any additional information becomes available to National.

## RESPONSES TO DOCUMENT REQUESTS

### REQUEST NO. 1:

      All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the Plan, including but not limited to:

      a.     Current and/or projected cash flows for the City of Detroit;

      b.     Current and/or projected budgets for the City of Detroit;

      c.     The City of Detroit's inability/ability to pay its debts when they become due;

      d.     The City of Detroit's inability/ability to provide civic services;

      e.     Current and/or projected tax collection rates (for wagering, property, and income) for the City of Detroit in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years);

      f.     The Detroit Water and Sewer Department ("DWSD");

      g.     The Detroit Institute of Arts ("DIA");

      h.     The Public Lighting Authority of Detroit ("PLA"); and

      i.     Reinvestment and restructuring initiatives outlined in the Plan (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

### RESPONSE TO REQUEST NO. 1:

      National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether

the Plan can or should be confirmed in respect of the DWSD Bonds[1] (e.g., under 11 U.S.C. §§ 943 and 1129).  National also objects to this Request to the extent it calls for Privileged Information, including without limitation by its use of the terms/phrases "research, studies, and analysis requested, reviewed, or received by you or on your behalf regarding the Plan."  National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.  National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 2**:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding any

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

alternative to the Plan. This requests includes, but is not limited to, documents that address:

      a.     The effects on you and other creditors;

      b.     The cost of operating the City of Detroit;

      c.     What constitutes an adequate level of City services;

      d.     Levels of recovery for unsecured creditors (with or without a "Grand Bargain"[2]);

      e.     Comparable cities and, if applicable, the basis for concluding those cities are comparable;

      f.     Asset sales by the City of Detroit;

      g.     Tax treatment in the short term (*i.e.*, five years), medium term (*i.e.*, twenty years), and long term (*i.e.*, forty years); and

      h.     Reinvestment and restructuring initiatives (*i.e.*, police services; fire services; blight removal; information technology infrastructure; and/or the City's Department of Transportation).

## RESPONSE TO REQUEST NO. 2:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request on the grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the

---

[2] The Grand Bargain refers generally to the proposed agreement for private foundations and the State of Michigan to contribute approximately $800 million to the City of Detroit in order to reduce the impact that the City's bankruptcy has on pensions and the Detroit Institute of Arts.

Federal Rules of Civil Procedure. National also objects to this Request to the extent it calls for Privileged Information, including without limitation by its use of the terms/phrases "research, studies, or analysis requested, reviewed, or received by you or on your behalf regarding any alternative to the Plan." National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City, and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 3**:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries if the Plan is confirmed. A full response will include any underlying assumptions.

10

**RESPONSE TO REQUEST NO. 3**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information, including without limitation by is use of the terms/phrases "[Documents] that address any plans or intentions by you to challenge other creditors' claims and/or their recoveries." National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 4**:

      All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding how the Plan, if confirmed, would impact your claims.

**RESPONSE TO REQUEST NO. 4**:

      National hereby incorporates the General Objections set forth above. National also objects to this Request to the extent it calls for Privileged Information, including without limitation by is use of the terms/phrases "[Documents] regarding how the Plan, if confirmed, would impact your claims." National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

      Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

## REQUEST NO. 5:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of any other creditor in this bankruptcy case.

## RESPONSE TO REQUEST NO. 5:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request as unduly burdensome to the extent that it seeks confidential, proprietary, non-public and/or sensitive business, commercial, technical, marketing, financial, private or personal documents and/or trade secrets. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 6**:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition(s) under different recovery levels.

**RESPONSE TO REQUEST NO. 6**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**RESPONSE NO. 7**:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding your or other creditors' projected financial condition in the event the Plan is not approved or is dismissed.

**RESPONSE TO REQUEST NO. 7**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to

National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 8**:

All documents relating to any City of Detroit debt held by you, the price you paid for that debt, and the date(s) on which you acquired said debt.

**RESPONSE TO REQUEST NO. 8**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that there are no responsive documents to this Request.

**REQUEST NO. 9**:

All documents relating to any City of Detroit debt sold by you, the price for which you sold it, and the date(s) on which you sold said debt.

**RESPONSE TO REQUEST NO. 9**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that there are no responsive documents to this Request.

**REQUEST NO. 10**:

All documents relating to any claims by you against the City of Detroit, whether any such claims have been purchased or sold, the price at which any such claims were purchased or sold, and the date(s) on which any such claims were purchased or sold.

**RESPONSE TO REQUEST NO. 10**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National directs the City to the following documents filed on February 20, 2014: Addendum to Proof of Claim Filed by MBIA Insurance Corporation (Water Bonds), Addendum to Proof of Claim Filed by MBIA Insurance Corporation (Sewer Bonds), the Addendum to Proof of Claim Filed by National (Water Bonds), the Addendum to Proof of Claim Filed by National (Sewer Bonds).

**REQUEST NO. 11**:

All documents relating to any communications between you (or on your behalf) and any government regulators (foreign or domestic) related to the City of Detroit bankruptcy, the Plan, or your City of Detroit debt holdings.

**RESPONSE TO REQUEST NO. 11**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request on the grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 12**:

All documents relating to any communications between you (or on your behalf) and any agencies, government entities or officials, directors, officers, agents, representatives, or employees thereof regarding the City of Detroit's bankruptcy. This request includes, but it not limited to, any efforts to enact legislation concerning, or any effort to obtains funds for, the City of Detroit. The request includes documents relating to any such communications with:

        a.      The White House;
        b.      Any United States executive branch agencies or departments;
        c.      The United States Congress;
        d.      The Executive Office of the Governor of the State of Michigan;
        e.      The State of Michigan Legislature;
        f.      The City Council of the City of Detroit;
        g.      The Office of the Mayor of the City of Detroit
        h.      The National Association of Insurance Commissioners;
        i.      Any municipal bond associations; and/or
        j.      Any state or federal lobbyists.

**RESPONSE TO REQUEST NO. 12**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

National also objects to this Request on the grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 13**:

All documents relating to any communications between you (or on your behalf) and the U.S. Trustee regarding the Plan.

**RESPONSE TO REQUEST NO. 13**:

National hereby incorporates the General Objections set forth above. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that there are no responsive documents to this Request.

**REQUEST NO. 14**:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the City of Detroit's future creditworthiness with or without Plan approval.

**RESPONSE TO REQUEST NO. 14**:

National hereby incorporates the General Objections set forth above. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 15**:

All documents relating to any common interest agreements between you and any other City of Detroit creditors.

**RESPONSE TO REQUEST NO. 15**:

National hereby incorporates the General Objections set forth above. National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly

burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information, including without limitation by its use of the terms/phrases "[a]ll documents relating to any common interest agreements." National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to the foregoing and General Objections, National will produce its common interest agreement with other creditors of the City.

**REQUEST NO. 16**:

All documents relating to any joint defense agreements between you and any other City of Detroit creditors.

**RESPONSE TO REQUEST NO. 16**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under

11 U.S.C. §§ 943 and 1129).  National also objects to this Request to the extent it calls for Privileged Information, including without limitation by its use of the terms/phrases "[a]ll documents relating to any joint defense agreements." National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

## REQUEST NO. 17:

Any documents relating to any communications between you and any Trustee pertaining to control rights, rights to vote, direct remedies, instructions, etc.

## RESPONSE TO REQUEST NO. 17:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.  National also objects to this Request to the extent it seeks documents that are not in National's

possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 18**:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding debt limits or post-2006 assessments related to Limited Tax General Obligations.

**RESPONSE TO REQUEST NO. 18**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 19**:

All documents relating to any notifications to any insurance carriers, or claims filed with insurance carriers, including but not limited to potential/actual malpractice or breach of fiduciary duty claims since January 1, 2004.

**RESPONSE TO REQUEST NO. 19**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 20**:

All documents relating to any communications between you (or on your behalf) and any unions, union members, retiree associations, retiree association members, or retirees related to the City of Detroit bankruptcy or the Plan.

**RESPONSE TO REQUEST NO. 20**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 21**:

All documents created prior to January 1, 2013, referring to any property included in the Detroit Institute of Arts, or the value of any such property in any evaluation of the City of Detroit, the creditworthiness of the City of Detroit, or the ability of the City of Detroit to pay its debts.

**RESPONSE TO REQUEST NO. 21**:

National hereby incorporates the General Objections set forth above.

National also objects to this Request on the grounds that it is overly broad and

unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

## REQUEST NO. 22:

All documents relied upon by any experts you intend to call to testify at the hearing regarding the Plan.

## RESPONSE TO REQUEST NO. 22:

National hereby incorporates the General Objections set forth above. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced

28

by National.  National also objects to this Request as overbroad and premature. National also objects to this Request to the extent that it imposes requirements or procedures different from and/or in addition those imposed by the Federal Rules of Civil Procedure and the Scheduling Order.

Subject to and without waiving the foregoing and General Objections, National responds that it will produce documents responsive to this request only as consistent with the requirements and procedures of the Federal Rules of Civil Procedure and the Scheduling Order.

**<u>REQUEST NO. 23</u>**:

All documents related to any analysis of "unfair discrimination" in the Plan.

**<u>RESPONSE TO REQUEST NO. 23</u>**:

National hereby incorporates the General Objections set forth above. National also objects to this Request to the extent it calls for Privileged Information.  National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.  National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.  National also objects to this Request as overbroad and premature.

29

Subject to and without waiving the foregoing and General Objections, National will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 24**:

All documents related to any communications by you (or on your behalf) with any other creditor or creditor group regarding City of Detroit pensions.

**RESPONSE TO REQUEST NO. 24**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

As this Request is presently constituted, National cannot undertake a meaningful search to locate, collect, and produce responsive documents or information in its possession, custody, or control, that do not constitute

Privileged Information or Confidential Information. If the City wishes to narrow the Request to a reasonably limited scope, National will consider whether to produce responsive documents or information in its possession, custody, or control, that do not constitute Privileged Information or Confidential Information, to the extent such documents exist and can be located after a reasonably diligent search, and to the extent such documents have not already been produced or made available to the City, subject to and without waiving the foregoing and General Objections.

**REQUEST NO. 25**:

Your 2013 statutory annual statement.

**RESPONSE TO REQUEST NO. 25**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Subject to and without waiving the foregoing and General Objections, National states that the Annual Statement of the National Public Finance

Guarantee Corporation for the year ended December 31, 2013 is available at http://investor.mbia.com/interactive/lookandfeel/103405/NA2013StatStatement. pdf.

**REQUEST NO. 26**:

All documents provided to the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 26**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 27**:

All documents received from the insurance department of your state of domicile during or relating to the years 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 27**:

National hereby incorporates the General Objections set forth above.

32

National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 28**:

Your audited financial statements for the years 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 28**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Subject to and without waiving the foregoing and General Objections, National responds that its audited financial statements are available at http://investor.mbia.com/quarterlyresults.aspx?iid=103405.

**REQUEST NO. 29**:

All audited consolidated financial statement for the years 2011, 2012, 2013, and 2014 that include your financial information.

**RESPONSE TO REQUEST NO. 29**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Subject to and without waiving the foregoing and General Objections, National responds that MBIA, Inc.'s audited consolidated financial statements that include National's financial information are available at http://investor.mbia.com/GenPage.aspx?IID=103405&GKP=1073744016.

**REQUEST NO. 30**:

All documents relating to any communications with any accountant or actuary relating to the recognition of losses relating to the City of Detroit or its debt.

34

**RESPONSE TO REQUEST NO. 30**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 31**:

All documents relating to any communications with any insurance regulator that mention or relate to the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 31**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 32**:

All documents that identify by policyholder and CUSIP all public finance obligations on which you established a case reserve at any time during 2011, 2012, 2013, and 2014.

**RESPONSE TO REQUEST NO. 32**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether

36

the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  National also objects to this Request to the extent it calls for Privileged Information.  National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 33**:

All documents that identify the amount of each case reserve established on any public finance obligation identified above.

**RESPONSE TO REQUEST NO. 33**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  National also objects to this Request to the extent it calls for Privileged Information.  National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

## REQUEST NO. 34:

All reinsurance treaties that relate to any public finance obligation identified above.

## RESPONSE TO REQUEST NO. 34:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request on the grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

Accordingly, National will not produce any documents in response to this Request.

## REQUEST NO. 35:

All commutation or settlement agreements related to any public finance obligation to which you were a party that were effective or executed during 2011, 2012, 2013, or 2014.

38

**RESPONSE TO REQUEST NO. 35**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 36**:

All communications with any reinsurer relating to the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 36**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

39

As this Request is presently constituted, National cannot undertake a meaningful search to locate, collect, and produce responsive documents or information in its possession, custody, or control, that do not constitute Privileged Information or Confidential Information. If the City wishes to narrow the Request to a reasonably limited scope, National will consider whether to produce responsive documents or information in its possession, custody, or control, that do not constitute Privileged Information or Confidential Information, to the extent such documents exist and can be located after a reasonably diligent search, and to the extent such documents have not already been produced or made available to the City, subject to and without waiving the foregoing and General Objections.

**REQUEST NO. 37**:

All presentations to any executive team, board of directors, or committee addressing the City of Detroit or its debt including, but not limited to, Adam T. Bergonzi (Managing Director, Chief Risk Officer), Brian J. Cooney (Managing Director (Head of Portfolio Surveillance, Municipal Enterprise), and William J. Rizzo (Managing Director, Head of Portfolio Surveillance, Eastern Region).

**RESPONSE TO REQUEST NO. 37**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, and review the credit files related to National's claims for documents that are responsive to this Request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 38**:

All presentations made to any insurance department addressing the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 38**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request on the

41

grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 39**:

All communications with your independent certified public accountant or accounting firm that mention the City of Detroit or its debt.

**RESPONSE TO REQUEST NO. 39**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents

equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, for documents regarding issues relating to the DWSD that are responsive to this request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

## REQUEST NO. 40:

All communications with the actuary who provided the statement of actuarial opinion/certification in connection with your Statutory Annual Statement for the years 2010, 2011, 2012, and that mention the City of Detroit or its debt.

## RESPONSE TO REQUEST NO. 40:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents

43

equally available to the City and/or to the extent it seeks documents previously produced by National.

Accordingly, National will not produce any documents in response to this Request.

## REQUEST NO. 41:

All documents memorializing or relating to your establishment and implementation of standards, controls, limits, guidelines or policies relating to risk assessment and risk management, including but not limited to the underwriting and surveillance of credit risks.

## RESPONSE TO REQUEST NO. 41:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request on the grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

44

National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will review the credit files related to National's claims for documents responsive to this Request, and produce such responsive documents (if any) that do not constitute Privileged Information.

## REQUEST NO. 42:

All internal analyses, including but not limited to bid requests or underwriting reports, regarding the City of Detroit or its debt from January 1, 2004, to the present.

## RESPONSE TO REQUEST NO. 42:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as

unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, and review the credit files related to National's claims for documents that are responsive to this Request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 43**:

All communications to/from internal credit committees relating to the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 43**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent

46

it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, and review the credit files related to National's claims for documents that are responsive to this Request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

## REQUEST NO. 44:

All documents that relate to or memorialize underwriting relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

## RESPONSE TO REQUEST NO. 44:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, and review the credit files related to National's claims for documents that are responsive to this Request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 45**:

All documents that contain underwriting policies or procedures in effect at the time that any City of Detroit public or structure finance obligation was underwritten.

**RESPONSE TO REQUEST NO. 45**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will review the credit files related to National's claims for

documents responsive to this Request, and produce such responsive documents (if any) that do not constitute Privileged Information.

**REQUEST NO. 46**:

All documents that contain pricing policies or procedures in effect at the time that any City of Detroit public or structured finance obligation was underwritten from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 46**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will review the credit files related to National's claims for documents responsive to this Request, and produce such responsive documents (if any) that do not constitute Privileged Information.

**REQUEST NO. 47**:

All documents that were reviewed or relied on in underwriting any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 47**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, and review the credit files related to National's claims for documents that are responsive to this Request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 48**:

All surveillance reports, or other similar documents that identify impaired credits or credits that will be closely monitored, regarding performance of

50

municipal risk associated with the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 48**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).  National also objects to this Request on the grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  National also objects to this Request to the extent it calls for Privileged Information.  National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Subject to and without waiving the foregoing and General Objections, National states that it will review the credit files related to National's claims for documents responsive to this Request, and produce such responsive documents (if any) that do not constitute Privileged Information.

**REQUEST NO. 49**:

All documents that relate to or memorialize pricing relating to any City of Detroit public or structured finance obligation from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 49**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 50**:

All documents that contain loss mitigation analysis relating to the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 50**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information.

Accordingly, National will not produce any documents in response to this Request.

**REQUEST NO. 51**:

Any communications, including but not limited to insureds, bondholders or their Trustees, relating to the City of Detroit or its debt from January 1, 2004, to the present.

**RESPONSE TO REQUEST NO. 51**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129). National also objects to this Request on the grounds that it is vague and ambiguous, and fails to identify the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

As this Request is presently constituted, National cannot undertake a meaningful search to locate, collect, and produce responsive documents or information in its possession, custody, or control, that do not constitute Privileged Information or Confidential Information. If the City wishes to narrow the Request to a reasonably limited scope, National will consider whether to produce responsive documents or information in its possession, custody, or control, that do not constitute Privileged Information or Confidential Information, to the extent such documents exist and can be located after a

reasonably diligent search, and to the extent such documents have not already been produced or made available to the City, subject to and without waiving the foregoing and General Objections.

**REQUEST NO. 52**:

All documents that relate to the impact that consensual impairment of UTGOs would have on debt that is similarly situated to the City of Detroit's debt.

**RESPONSE TO REQUEST NO. 52**:

National hereby incorporates the General Objections set forth above. National also objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that the Request seeks information not related to the tests for whether the Plan can or should be confirmed in respect of the DWSD Bonds (e.g., under 11 U.S.C. §§ 943 and 1129).

Subject to and without waiving the foregoing and General Objections, National states that that, per an email sent by Miguel Eaton of Jones Day, counsel for the Debtor, on April 12, 2014 at 2:55 p.m., the City advised that the inclusion of UTGO issues in the written discovery directed to National was "inadvertent" and that National should "disregard" such discovery requests. Accordingly, National disregards this Request.

## REQUEST NO. 53:

All documents relating to any research, studies, or analysis conducted by, requested, reviewed, or received by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

## RESPONSE TO REQUEST NO. 53:

National hereby incorporates the General Objections set forth above. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, and review the credit files related to National's claims for documents that are responsive to this Request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

## REQUEST NO. 54:

All documents relating to any communications by you or on your behalf regarding the financial condition of the City of Detroit at the time you wrote insurance pertaining to any debt related to the City of Detroit.

56

**RESPONSE TO REQUEST NO. 54**:

National hereby incorporates the General Objections set forth above. National also objects to this Request to the extent it calls for Privileged Information. National also objects to this Request as unduly burdensome to the extent that it seeks Confidential Information. National also objects to this Request to the extent it seeks documents that are not in National's possession, custody, or control, and/or not reasonably accessible to National, to the extent it seeks documents equally available to the City and/or to the extent it seeks documents previously produced by National.

Subject to and without waiving the foregoing and General Objections, National states that it will search the ESI of its fact witness, Adam T. Bergonzi, and review the credit files related to National's claims for documents that are responsive to this Request, and produce such responsive documents (if any) to the extent that they do not constitute Privileged Information.

**REQUEST NO. 55**:

All documents referred to, reviewed, consulted, or relied on in responding to Debtor's interrogatories and not otherwise produced in response to these requests for production of documents.

**RESPONSE TO REQUEST NO. 55**:

National hereby incorporates the General Objections set forth above. National also objects to this Request as unduly burdensome to the extent that it seeks confidential, proprietary, non-public and/or sensitive business, commercial, technical, marketing, financial, private or personal documents and/or trade secrets. National also objects to this Request to the extent it calls for Privileged Information.

Subject to and without waiving the foregoing and General Objections, National responds that it will produce responsive documents that do not constitute Privileged Information in its possession, custody, or control to the extent such documents exist and can be located after a reasonably diligent search, and to the extent such documents have not already been produced.

Dated: May 27, 2014

Respectfully submitted,

 /s/ Paul R. Hage
Louis P. Rochkind (P24121)
Paul R. Hage (P70460)
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214
Telephone: (248) 351-3000
lrochkind@jaffelaw.com
phage@jaffelaw.com

James F. Bendernagel, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8041
jbendernagel@sidley.com
gneal@sidley.com

Jeffrey E. Bjork
Gabriel MacConaill
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
jbjork@sidley.com
gmacconaill@sidley.com

*Counsel for National Public Finance Guarantee Corp.*