UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN<br><br>Debtor | Case No. 13-53846<br><br>Chapter 9<br><br>Hon. Steven W. Rhodes |

### STATEMENT OF COUNTY OF MACOMB, MICHIGAN, BY AND THROUGH ITS COUNTY AGENCY, THE MACOMB COUNTY PUBLIC WORKS COMMISSIONER, AND THE MACOMB INTERCEPTOR DRAIN DRAINAGE DISTRICT IN RESPONSE TO COURT'S ORDER REGARDING IDENTIFYING LEGAL ISSUES RELATING TO CONIFRMATION

County of Macomb, Michigan, by and through Anthony V. Marrocco, Macomb County Public Works Commissioner, as County Agency for Water and Sewer Services under Public Act 342 of 1939 ("Macomb"), and the Macomb Interceptor Drain Drainage District (the "MIDDD," and together with Macomb, the "Macomb Parties"), creditors and parties in interest in the above-captioned Chapter 9 bankruptcy case, hereby submit their statement listing issues of law that will not require proof at the confirmation hearing in accordance with the Order Regarding Identifying Legal Issues Relating to Confirmation [Docket No. 5021][1]:

The Macomb Parties submit that most of the objections that were raised in the Macomb Objection are mixed questions of fact and law for which there appears to be significant factual dispute. Thus, those objections cannot be resolved without a full factual record. The Macomb

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Objection of County of Macomb, Michigan, by and through its County Agency, the Macomb County Public Works Commissioner, and the Macomb Interceptor Drain Drainage District to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit and the Assumption of Sewer Contracts* [Docket No. 4636] (the "Macomb Objection").

Parties believe, however, that with respect to the following issues, the facts necessary for a determination are unlikely to be disputed, and accordingly those issues may be resolved without the necessity of proof at the confirmation hearing:

**I.    Standing Of Macomb to File Objections**

    A.    The City contends in its Omnibus Reply that the Macomb Parties do not have standing to object to the Plan. *See* Reply to Objections [Docket No. 5034] at ¶ 319, p. 204. *See also Id.*, note 84.

          Section 1109(b) of the Bankruptcy Code, made applicable in Chapter 9 cases through section 901(a), provides that any "party in interest … may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Macomb County is a major first-tier customer of the DWSD, and is a third-party beneficiary under the OMI-Detroit Agreement, and thus Macomb has standing to assert OMI's rights under the OMI-Detroit Agreement against the City. In addition, MIDDD has asserted litigation claims for damages of not less than $26 million against the City, and thus is a creditor in this case. Accordingly, both Macomb Parties are parties in interest with standing to object to confirmation of the Plan.

          The Macomb Parties are not aware of any disputed facts relating to their standing to object to the Plan, and thus the Court can decide the issue without the necessity of proof at the confirmation hearing.

**II.    The Plan Violates State and City Law**

    A.    The Plan proposes that the proceeds of a "Qualifying DWSD Transaction" will be allocated 50% to the GRS and PFRS pension funds through the "DWSD CVR," and 50% to the City's General Fund. Thus, on its face, the Plan purports to distribute DWSD assets in violation of section 123.141(2) of the Michigan Compiled Laws (the "<u>MCL</u>") and section 7-1203 of the Charter of the City of Detroit (the "<u>City Charter</u>").[2]

          The Macomb Parties are unaware of any disputed facts relating to this issue, and thus the issue may be determined without the necessity of proof at the confirmation hearing.

---

[2] MCL Section 123.141(2) provides that the price charged by a city that contracts to sell water outside of its territorial limits "shall be at a rate which is based on the actual cost of service determined under the utility basis of ratemaking." City Charter section 7-1203 provides that "[a]ll moneys paid into the city treasury from fees collected for water, drainage or sewerage services shall be used exclusively for the payment of expenses incurred in the provision of these services…"

### III. Impermissible Third Party Releases

A. The Plan provides that various parties will be exculpated from liability in connection with the restructuring, including numerous non-debtor third parties.

The Macomb Parties are unaware of any disputed facts relating to the issue of whether this exculpatory provision violates Sixth Circuit precedent as set forth in *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 658 (6th Cir. 2002), which prohibits the enjoining of a non-consenting creditor's claim against a non-debtor except where "unusual circumstances" exist. Thus, the Macomb Parties believe the issue can be determined without the necessity of proof at the confirmation hearing.

Dated: New York, New York
May 27, 2014

Respectfully submitted,

DECHERT LLP
By:    s/ *Allan S. Brilliant*
Allan S. Brilliant
Debra D. O'Gorman
Stephen M. Wolpert
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
allan.brilliant@dechert.com
stephen.wolpert@dechert.com

*Attorneys for County of Macomb, Michigan, by and through its County Agency, the Macomb County Public Works Commissioner*