UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: )
) Chapter 9
CITY OF DETROIT, MICHIGAN, ) Case No: 13-53846
Debtor. ) Hon. Steven W. Rhodes
)

### CARLTON CARTER, BOBBY JONES, RODERICK HOLLEY & RICHARD T. WEATHERLY'S STATEMENT IN RESPONSE TO THE COURT'S ORDER REGARDING IDENTIFYING LEGAL ISSUES RELATING TO CONFIRMATION

Resnick & Moss, P.C., on behalf of Carlton Carter, Bobby Jones, Roderick Holley and Richard T. Weatherly, (collectively, the "Court Officers") respectfully submit their Statement in Response to the Court's Order Regarding Identifying Legal Issues Relating to Confirmation [Doc. No. 5021].

Carlton Carter, Bobby Jones, Richard Weatherly and Roderick Holley were employed, as Court Officers by the 36th District Court. Their employment was terminated and they initiated Employment Arbitration proceedings against the 36th District Court pursuant to their collective bargaining agreement. The Court Officers prevailed in those arbitration proceedings and were awarded retroactive payment of their wages. The Michigan Supreme Court has upheld the arbitration award including back pay. The Fourth Amended Plan For The Adjustment of Debts Of the City Of Detroit, dated May 5, 2014 (Doc. 4392) (the "Plan") proposes to prohibit the Court Officers from continuing their Employment Arbitration disputes or from seeking to enforce their award against the 36th District Court, the City of Detroit, the State of Michigan and any party however unrelated that party is to the City, its assets or its finances. Even though the Court Officers' claims are against the 36th District Court, not the City, the Plan proposes to

1

require the Court Officers' claims to be paid solely through the City's Plan, because the City has been designated by statute to be the Court's source of funding and the City believes that there is a potential for the claims to directly or indirectly affect City property and/or its reorganization.

Pursuant to the Court's Order Regarding Adjourned Status Conference [Doc. No. 5021], the Court Officers identify the following questions of law related to the City's proposed Plan of Adjustment that are to be presented to the Court for its consideration:

**THE PLAN'S TREATMENT OF NON-CONSENTING CREDITORS' CLAIMS AGAINST A NON-DEBTOR IS INCONSISTENT WITH THE CODE AND/OR IS AN INAPPROPRIATE PROVISION OF ANY REORGANIZATION PLAN PURSUANT TO SECTION 1123(B)(6).**

The 36th District Court is not a Department of the City. It is a separate legal entity that is a unit of the judicial branch of the State of Michigan. It is not a "debtor". The Plan's attempt to force the Court Officers, as creditors of the non-debtor 36th District Court, to be paid solely through the Plan, and to permanently enjoin the Court Officers from collecting their claims from the 36th District Court, the City or the State of Michigan, entity is inconsistent with the Code and is an inappropriate provision of any reorganization plan pursuant to Section 1123(b)(6).

Bankruptcy Courts have approved plans that contain provisions enjoining claims against a non-debtor where the failure to do so might defeat the reorganization. Courts have held that such provisions may be consistent with the bankruptcy court's primary function. Under limited circumstances, an injunction has been stated to be "not inconsistent" with the Code, and is authorized by Section 1123(b)(6)." See, *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 656-657, 2002 U.S. App. LEXIS 1204 (6th Cir. Mich. 2002).

The Court, in *Dow Corning Corp.,* held that when the following seven factors are present, the bankruptcy court may enjoin a non-consenting creditor's claims against a non-debtor: (1)

There is an identity of interests between the debtor and the third party, usually an indemnity relationship, such that a suit against the non-debtor is, in essence, a suit against the debtor or will deplete the assets of the estate; (2) The non-debtor has contributed substantial assets to the reorganization; (3) The injunction is essential to reorganization, namely, the reorganization hinges on the debtor being free from indirect suits against parties who would have indemnity or contribution claims against the debtor; (4) The impacted class, or classes, has overwhelmingly voted to accept the plan; (5) The plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction; (6) The plan provides an opportunity for those claimants who choose not to settle to recover in full and; (7) The bankruptcy court made a record of specific factual findings that support its conclusions." *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 658, 2002 U.S. App. LEXIS 1204, 18-20 (6th Cir. Mich. 2002).

The Court Officers believe that the lack of a unity of interest between the 36th District Court and the City, the non-existence of any direct cash contributions by the 36th District Court to the City's Plan, the fact that the inclusion of the Indirect 36th District Court claims in the Plan is not-necessary to the success of the plan, and the non-existence of the remaining *Dow Corning Corp.* factors are not reasonably in dispute. It should be noted that the City, in their response to the Court Officers' Interrogatory No. 15 and 16, admitted that it cannot sustain its proof of two of the *Dow Corning Corp.* factors (No. 5 and 6).

The Court Officers assert that the Court can make a determination whether the City's Plan concerning the Court Officer's claims, as well as all claims of the holders of Indirect 36th District Court claims, is lawful, or appropriate, without the need to take testimony as part of the confirmation hearing process. The Court Officers understand that the Court may independently

3
13-53846-tjt    Doc 5079    Filed 05/27/14    Entered 05/27/14 18:22:57    Page 3 of 8

determine that it would benefit from the development of the factual record on one or more of the *Dow Corning Corp.* factors. If the Court makes such a determination, the Court Officers reserve their rights to present evidence relevant to these factors. They are prepared to present, to the Court at the May 28, 2014 hearing, an overview of the issues and identify the documentary and testimonial evidence the Court Officers could present at the confirmation hearing with regard to the Plan confirmation.

### THE PLAN IMPROPERLY CLASSIFIES THE CLAIMS OF THE COURT OFFICERS AND THE "INDIRECT 36TH DISTRICT COURT CLAIMS"

The Court Officers' have filed objections to the Plan's treatment of their claims in Class 14, Other Unsecured Claims, because it lumps their claims in with claims that are not substantially similar to their claim, places their claim in a separate classification from the substantially similar claims of City employees' who have filed Workers Compensation claims, and in so doing, unfairly discriminates against their claims. Section 1122, which prescribes the rules for classifying claims, unequivocally states that substantially dissimilar claims may not be placed in the same class. The Code does not clearly define what constitutes "substantially dissimilar" claims. Courts that have addressed this issue have applied different tests in making a determination whether a plan may classify legally similar claims into separate debt classifications and then give them disparate treatment to those claims. "To determine whether claims are 'substantially similar,' the proper focus is on 'the legal character of the claim as it relates to the assets of the debtor.'" *In re W.R. Grace & Co.*, 729 F.3d 311, 326 (3d Cir. 2013) (quoting *In re AOV Indus., Inc.*, 792 F.2d 1140, 1150 (D.C. Cir. 1986)). The requirements regarding the proper classification of claims apply in Chapter 9 proceedings. See *In re Jersey City Med. Ctr.*, 817 F.2d 1055, 1060-61 (3d Cir. 1987).

4

13-53846-tjt    Doc 5079    Filed 05/27/14    Entered 05/27/14 18:22:57    Page 4 of 8

The City's Plan addresses two types of claims of employees for unpaid, but accrued back wage obligations. The plan expressly provides for the payment of Worker's Compensation wage benefit claims filed by employees of the City of Detroit, and for the payment of accrued back pay claims filed by employees of the 36th District Court. The City's Plan provides starkly different and unfairly discriminatory treatment for the payment of these substantially similar claims.

In Article IV.M., the City's Plan proposes to pay 100% of valid workers' compensation benefit claims, and preserves the City's right to contest and dispute any unresolved workers' compensation claims. In contrast, the City's Plan, in Article II, B. 3. u, proposes to pay the Court Officers' valid pre-petition wage claims as Class 14 – Other Unsecured Claims. The City's Plan estimates that the Court Officers' wage claims will receive less than a 11-13% dividend.

The City, in a recent motion to modify the automatic stay to allow Workers Compensation claims to proceed stated that: "the City believes that the prompt resolution and payment of Disputed Workers' Compensation Claims in good faith will promote the maintenance of a productive workforce by (a) bringing employees back to work as promptly as possible, (b) minimizing disputes with employees who the City relies upon to help implement its restructuring initiatives and (c) generally elevating employee morale. The City has not, an cannot explain why similar treatment for the substantially similar claims of the Court Officers and the 36th District Court claims is not warranted.

The Court Officers contend that the evidence relating to the nature and similarity of the wage claims of City employees and the employees of the 36th District Court should not be in dispute and the City and the Court Officers should be able to stipulate to the facts on all relevant issues. The Court Officers contend that the Court can make a determination that the City's

employee wage claims and the 36th District Court employee wage claims are substantially similar without the need to take testimony as part of the confirmation hearing process. The Court Officers understand that the Court may independently determine that it would benefit from the development of the factual record on these issues. If the Court makes such a determination, the Court Officers reserve their rights to present evidence relevant to these issues. The Court Officers are prepared to present, to the Court at the May 28, 2014 hearing, an overview of the issues and identify the documentary and testimonial evidence the Court Officers could present at the confirmation hearing with regard to the Plan confirmation.

**THE PLAN FAILS TO PROVIDE FOR THE PAYMENT OF COURT OFFICER CLAIMS AS PRIORITY CLAIMS UNDER 11 U.S.C. 507(A)(4).**

Court Officers, Roderick Holley and Richard T. Weatherly filed timely proofs of claim. Each of these individuals have asserted $12,475.00 as a priority claim under 11 U.S.C. 507(A)(4). The City's Plan fails to clearly state that their claims are entitled to priority. The City has not filed an objection to any of the Court Officers' claims. The facts underlying the claims of City employees and 36th District Court employees are straightforward. The Court Officers contend that the Court can make a determination whether the City's employee wage claims entitled to priority, without the need to take testimony as part of the confirmation hearing process.

The Court Officers understand that the Court may independently determine that it would benefit from the development of the factual record. If the Court makes such a determination, the Court Officers reserve their rights to present evidence relevant to the treatment of their claims as priority claims in the Plan. They are prepared to present, to the Court at the May 28, 2014

hearing, an overview of the issues and identify the documentary and testimonial evidence the Court Officers could present at the confirmation hearing with regard to the Plan confirmation.

**THE PLAN'S CLASSIFICATION OF THE COURT OFFICERS' CLAIMS AS DISPUTED, CONTINGENT AND UNLIQUIDATED IS IMPROPER.**

Upon information and belief, the City has not identified each of the Court Officers' names in its list of creditors. The Court Officers contend that the City has included their claims, generally, under the name AFSCME Council 25, et al., together with the claims of other employees represented by AFSCME. The City has incorrectly identified the collective total of claims under the AFSCME designation as disputed, contingent and unliquidated.

Court Officers, Carlton Carter, Bobby Jones, Richard Weatherly and Roderick Holley, were awarded back wages in an arbitration proceeding prosecuted by the AFSCME. The 36th District Court's appeals proceeded to the Michigan Supreme Court, which affirmed the arbitration decision, remanded the case with instructions to the 36th District Court to reinstate the Court Officers with back wages. Accordingly, the Court Officers' claims are no longer contingent or disputed. The Court Officers have filed separate claims, independently of AFSCME who has also filed an omnibus claim on behalf of all the employees AFSCME represents. The Court Officers' proofs of claim include the back wages awarded in arbitration. The City has incorrectly included the Court Officers' claims with ASCME claims and designated them as disputed, contingent and unliquidated.

The facts underlying the Court Officers' objections, the amount of their claims and the status of any pending legal proceedings with respect to those claims, should not be in dispute. The parties should be able to agree to the relevant facts. The Court Officers contend that the Court can make its determination whether the Court Officer's wage claims are disputed or

contingent without the need to take testimony as part of the confirmation hearing process. The Court Officers understand that the Court may independently determine that it would benefit from the development of the factual record on these issues should the City fail to stipulate to the relevant facts. If the Court makes such a determination, the Court Officers reserve their rights to present evidence supporting their position. The Court Officers are prepared to present, to the Court at the May 28, 2014 hearing, an overview of the facts and identify the documentary and testimonial evidence the Court Officers could present at the confirmation hearing with regard to the Plan confirmation.

## CONCLUSION

WHEREFORE, Carlton Carter, Bobby Jones, Roderick Holley and Richard T. Weatherly request that this Honorable Court address the legal issues raised in their objections prior to the confirmation of the Plan, and grant their Objections to the confirmation of the Fourth Amended Plan of Adjustment of Debts of the City of Detroit, dated May 5, 2014, and deny confirmation of the Plan.

*/s/ H. Nathan Resnick*
H. Nathan Resnick (P42424)
Mark E. Bredow (P49744)
Resnick & Moss, P.C.
Attorneys for Carlton Carter, Bobby Jones,
Roderick Holley and Richard T. Weatherly
40900 Woodward Avenue, Suite 111
Bloomfield Hills, MI 48304
Phone: 248-642-5400
Email: hnresnick@resnicklaw.net

Dated: May 27, 2014