**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**STATEMENT OF THE BANK OF NEW YORK MELLON, AS CUSTODIAN UNDER THE GLOBAL CUSTODY AGREEMENTS WITH: (A) THE GENERAL RETIREMENT SYSTEM; (B) THE POLICEMEN AND FIREMEN RETIREMENT SYSTEM; AND (C) THE BOARD OF TRUSTEES OF THE CITY OF DETROIT EMPLOYEES' BENEFIT PLAN, IDENTIFYING LEGAL ISSUES TO BE DETERMINED IN CONNECTION WITH THE OBJECTION OF THE BANK OF NEW YORK MELLON, AS CUSTODIAN, TO THE CONFIRMATION OF THE FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

The Bank of New York Mellon as Custodian (the "BNY Mellon as Custodian"), under (a) the Global Custody Agreement with the Policemen and Firemen Retirement System of the City of Detroit ("PFRS"), (b) the Global Custody Agreement with the General Retirement System of the City of Detroit ("GRS"), and (c) the Global Custody Agreement with The Board of Trustees of The City of Detroit Employees' Benefit Plan ("Benefit Plan Trustees"), files this Statement identifying the legal issues ("Statement of Legal Issues") to be addressed in connection with its Limited Objection and Reservation of Rights ("Limited Objection") [Docket No. 4610] to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit ("Plan of Adjustment") [Docket No. 4392], pursuant to this Court's Order of May 23, 2014 [Docket No. 5021]. In support of its Statement of Legal Issues, BNY Mellon as Custodian, respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. As set forth in its Fourth Amended Disclosure Statement, GRS and PFRS (collectively, the "Retirement Systems") are each a single employer plan composed of a defined benefit plan and a defined contribution annuity plan:

> The Retirement Systems consist of the General Retirement System of the City of Detroit (the "GRS") and the Police & Fire Retirement System of the City of Detroit (the "PFRS"). For financial statement purposes, the Retirement Systems are included as fiduciary trust funds of the City. Each system is a single-employer plan composed of a defined benefit plan and a defined contribution annuity program. The plans provide retirement, disability and pre-retirement death benefits to plan members and beneficiaries. The plans are administered in accordance with the City Charter, the Detroit City Code and union contracts, which assign the authority to establish and amend contributions and benefit provisions to each plan's Board of Trustees. As of the Petition Date, Section 11-103(1) of the City Charter established the composition of the GRS Board of Trustees, as follows, although the actual composition has been changed pursuant to certain collective bargaining dispute arbitration awards: (i) the Mayor; (ii) one City Council member selected by the City Council; (iii) the City Treasurer; (iv) five members of the GRS, elected by the GRS membership; (v) one City resident who is neither a City employee nor eligible to receive GRS benefits, appointed by the Mayor and approved by the GRS Board of Trustees; and (vi) one current GRS retiree who is receiving benefits under the GRS, elected by "retired City employees." Section 11-103(2) of the City Charter provided, as of the Petition Date, that the PFRS Board of Trustees shall consist of: (i) the Mayor or a designee of the Mayor; (ii) one City Council member selected by the City Council; (iii) the City Treasurer; (iv) the Chief of Police; (v) the Fire Commissioner; (vi) three firefighters who are PFRS members, elected by PFRS members who are firefighters; (vii) three police officers who are PFRS members, elected by PFRS members who are police officers; and (viii) two current PFRS retirees who are residents of the City and are receiving benefits under the PFRS, with one such retiree elected by "retired firefighters" and one elected by "retired police officers." The Retirement Systems' investment policies are governed in accordance with Michigan Public Act 314 of 1965 (as amended), the Public Employee Retirement System Investment Act, MCL §§ 38.1121 *et seq*.

Fourth Amended Disclosure Statement ("Disclosure Statement") at Article VII.B.5.[1]

2. BNY Mellon and PFRS are parties to the Global Custody Agreement, dated June 26, 2003 ("PFRS Global Custody Agreement"), whereby BNY Mellon was appointed as custodian of "Securities and cash" as deposited by, or on behalf of, PFRS.

3. BNY Mellon and GRS are parties to the Global Custody Agreement, dated June 30, 2005 ("GRS Global Custody Agreement" and with the PFRS Global Custody Agreement, the

---
[1] Disclosure Statement [Docket No. 4391].

"Retirement Systems Custody Agreements"), whereby BNY Mellon was appointed as custodian of "Securities and cash" as deposited by, or on behalf of, GRS.

4. Post-petition, BNY Mellon and the Benefit Plan Trustees negotiated [and became parties to] the Custody Agreement with The Board of Trustees of The City of Detroit Employees' Benefit Plan ("Benefit Plan Custody Agreement", and with the Retirement System Custody Agreements, the "Custody Agreements"), whereby BNY Mellon was appointed as custodian of "Securities and cash" as deposited by, or on behalf of, the Employees' Benefit Plan.[2] Copies of the Custody Agreements were, at the request of the Debtor's counsel, provided to the Debtor's counsel.

5. The Plan of Adjustment includes hundreds of defined terms, some of which may be subject to varying interpretations.

6. As of May 27, 2014, certain exhibits to the Plan of Adjustment were not filed, including but not limited to: Exhibit D.II.6 - Executory Contracts and Unexpired Leases to be Rejected and Exhibit D.III.2 - Retained Causes of Action.

7. As described in more detail in the Limited Objection, BNY Mellon as Custodian filed its Limited Objection to the Confirmation of the Plan of Adjustment, objecting to: (a) any modification, release, discharge, injunction against, or similar limitations of claims of BNY Mellon as Custodian against persons or entities other than the Debtor, and (b) any modification or rejection of the Custody Agreements, including but not limited to, the reimbursement and indemnification provisions, as the Debtor is not a party to the Custody Agreements.

---

[2] At the time of the filing of this Statement, the Benefit Plan Custody Agreement was being finalized. BNY Mellon is not certain if the Employee Benefit Plan covered by the Benefit Plan Custody Agreement is addressed in the Plan of Adjustment. BNY Mellon includes the Benefit Plan Custody Agreement in this Statement and reserves all of its rights under that agreement.

## II. SHORT STATEMENT OF LEGAL ISSUES

8. BNY Mellon as Custodian objects to inclusion and treatment in Class 14, or otherwise in the Plan of Adjustment, of any claim BNY Mellon as Custodian may have "against an employee or former employee of the City with respect to which such employee has an Allowed Claim against the City for indemnification and/or payment or advancement of defense costs based upon, arising under or related to any agreement, commitment or other obligation, whether evidenced by contract, agreement, rule, regulation, ordinance, statute or law."[3]

   a. **Legal Issue**: Whether any claim of BNY Mellon as Custodian which is not a direct claim against the Debtor should be treated as a "Claim" under the Debtor's Plan of Adjustment.

   b. **Legal Issue**: Whether any claim of BNY Mellon as Custodian which is not a direct claim against the Debtor is permitted to be treated as a "Claim" under the Debtor's Plan of Adjustment.

9. BNY Mellon as Custodian believes that the Custody Agreements are not included in the definition of "Retirement System Indemnity Obligations" because the Debtor is not a party to any of the Custody Agreements. To the extent that the Plan of Adjustment is intended to include the indemnity provision under Custody Agreements within the definition of "Retirement System Indemnity Obligations," BNY Mellon as Custodian objects to such treatment, and further

---

[3] *See* Plan §§ II.B.3.u (treatment of Class 14 – Other Unsecured Claims); I.A.198 (defining "Other Unsecured Claims" to include, *inter alia*, Indirect Employee Indemnity Claims).; I.A.167 (defining "Indirect Employee Indemnity Claim" to include claims against non-debtor third parties with indemnity rights against the City); and III.D.5 (enjoining holders of Indirect Employee Indemnity Claims from taking actions non-debtor third parties).

objects to any attempt of the Plan of Adjustment to reject, discharge, or modify the Custody Agreements or any provisions thereof.[4]

    a. **Legal Issue**: Whether the Bankruptcy Code authorizes the Debtor to modify, release, discharge or enjoin claims of BNY Mellon as Custodian against third parties.

    b. **Legal Issue**: Whether the Bankruptcy Code authorizes the Debtor to reject or modify contracts to which the Debtor is not a party.

10. Under the Plan of Adjustment, the defined term "Released Parties" may be intended by the Debtor, or interpreted, to include GRS, PRFS, their trustees and Related Parties. Furthermore, the defined term "Indirect Employee Indemnity Claim" may be intended by the Debtor, or interpreted, to include claims relating to the Custody Agreements. The Plan of Adjustment may be interpreted, or intended by the Debtor, to treat BNY Mellon as Custodian, as a holder of Indirect Employee Indemnity Claims, and hence as a Class 14 Creditor under the Debtor's Plan of Adjustment, even though BNY Mellon as Custodian, is not a creditor of the Debtor and has not filed a proof of claim in this Bankruptcy Case.

    a. **Legal Issue**: Does the Bankruptcy Code or other applicable law permit the Debtor to include in its Plan of Adjustment the treatment of any claim of BNY Mellon as Custodian against persons or entities other than the Debtor?

    b. **Legal Issue**: Does the Bankruptcy Code or other applicable law permit the Debtor, by its Plan of Adjustment, to modify or reject the Custody Agreements,

---

[4] For example, *see* Article II.D.1 of the Plan of Adjustment. While the Plan does not currently provide for rejection of the Custody Agreements, the Plan permits the Debtor to amend the list of rejected contracts at any time on or before the Effective Date. Article, II.D.6. Accordingly, BNY Mellon as Custodian filed its cautionary objection to any attempted modification or rejection of the Custody Agreements.

including but not limited to, the reimbursement and indemnification provisions, where the Debtor is not a party to the Custody Agreements.

11. The Plan of Adjustment may, depending on the interpretation of certain terms used in the Plan of Adjustment, seek to discharge or release any claim of BNY Mellon as Custodian against non-debtor third parties if those parties have indemnification rights against the Debtor, and may enjoin BNY Mellon as Custodian from enforcing its rights against the non-debtor third parties. [5]

    a. **Legal Issue**: Does the bankruptcy court have the authority to release claims of BNY Mellon as Custodian, where BNY Mellon as Custodian did not hold a Claim against the Debtor as of the Petition Date, and is not a party to any agreement with the Debtor.

    b. **Legal Issue**: Is the Debtor permitted to manufacture a claim against the Debtor in favor of BNY Mellon as Custodian in order to seek approvals of the releases and injunctions that would not otherwise be available to bind a non-Claimant?

---

[5] The Debtor states in its Consolidated Response [Docket No. 5034] at paragraphs 295 and 299 that the non-consensual releases apply only to holders of "Pension Claims." BNY Mellon as Custodian is not a holder of a Pension Claim since it is not an employee or former employee of the City and a beneficiary of the Retirement Systems in such capacity. Nonetheless, the Debtor states in its Consolidated Response, that the Objections of BNY Mellon as Custodian are addressed in the "Consensual Release" or the "Non-Consensual Release" Section of its Consolidated Response (See, Debtor 's Consolidated Response [Docket No. 5034] Exhibit A @ #23 (page 238 of 256). BNY Mellon as Custodian (a) is not consenting to a Third Party Release and (b) does not hold a Pension Claim.

## V. RESERVATION OF RIGHTS

12. BNY Mellon, as Custodian under the Custody Agreements, reserves its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Statement of Legal Issues.

Dated: May 27, 2014

By: */s/ Scott A. Wolfson*
Scott A. Wolfson (P53194)
swolfson@wolfsonbolton.com
WOLFSON BOLTON PLLC
3150 Livernois, Suite 275
Troy, Michigan 48083
(248) 247-7103 - Telephone
(248) 247-7099 - Facsimile

and

*Pending admission under
E.D. Mich. LR 83.20

Amy M. Tonti*
ATonti@ReedSmith.com
**REED SMITH LLP**
225 Fifth Avenue
Suite 1200
Pittsburgh PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

Counsel for The Bank of New York Mellon as Custodian under the above described Custody Agreements

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**CERTIFICATE OF SERVICE**

I certify that on May 27, 2014, I caused a copy of the *Statement of the Bank of New York Mellon, as Custodian under the Global Custody Agreements with: (A) The General Retirement System; (B) The Policemen and Firemen Retirement System; and (C) The Board of Trustees of the City of Detroit Employees' Benefit Plan, Identifying legal Issues to be Determined in Connection with the Objection of the Bank of New York Mellon, As Custodian, to the Confirmation of the Fourth Amended Plan for the Adjustment of Debts of The City of Detroit* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants requesting electronic service in this bankruptcy case.

Respectfully Submitted,

Dated: May 27, 2014

By: */s/ Scott A. Wolfson*
Scott A. Wolfson (P53194)
swolfson@wolfsonbolton.com
WOLFSON BOLTON PLLC
3150 Livernois, Suite 275
Troy, Michigan 48083
(248) 247-7103 - Telephone
(248) 247-7099 – Facsimile

Counsel for The Bank of New York Mellon