UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## STATEMENT OF MERRILL LYNCH CAPITAL SERVICES, INC. AND UBS AG IN RESPONSE TO ORDER REGARDING IDENTIFYING LEGAL ISSUES RELATING TO CONFIRMATION

Merrill Lynch Capital Services, Inc. and UBS AG (together, the "Swap Counterparties") submit this statement in response to this Court's Order Regarding Identifying Legal Issues Relating to Confirmation [ECF No. 5021] (the "Order"). In support thereof, the Swap Counterparties respectfully represent as follows:

On May 12, 2014, the Swap Counterparties filed the *Limited Objection of Merrill Lynch Capital Services, Inc. and UBS AG to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit or Request for Clarification with Respect Thereto* [ECF No. 4392] (the "Limited Objection").[1] The Swap Counterparties, which continue to remain supportive of the City's restructuring efforts, filed the Limited Objection to clarify certain provisions of the Plan[2]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Limited Objection.

[2] In the Limited Objection, the Swap Counterparties raised the following concerns regarding the current Plan. *First*, the Swap Counterparties noted that for the Plan to be a Specified Plan it must exculpate the Swap Counterparties to the extent other creditors are exculpated. (*See* Limited Obj. 2-3.) Under Article III, Section D.6 of the Plan, however, certain creditor parties, including the GRS, PRFS and members of the Official Committee of Retirees are receiving exculpations. Because a plain reading of such provision suggests that creditors are, indeed, receiving exculpations, the Swap Counterparties requested that the Plan be modified to either (i) add the Swap Counterparties as "Exculpated Parties" or (ii) expressly limit the exculpation provisions to provide that such included parties are not being exculpated in their capacities as creditors (which the City contends they are not). (*Id.* at 3.) *Second*, the Swap Counterparties requested certain modifications to the Plan Releases (which can be interpreted as granting additional third-party releases beyond those in the Settlement Agreement) and the injunction and release of lien provisions (to the

that appear to be inconsistent with the Settlement Agreement, and to reserve their rights to the extent the Plan does not qualify as a Specified Plan (as defined in the Settlement Agreement).[3] Since filing the Limited Objection, the Swap Counterparties have proposed certain technical modifications to the City to ensure that the Plan conforms to the Settlement Agreement.

Although the parties have had preliminary discussions with respect to the proposed plan amendments, the City has not yet agreed to make the few requested changes. The Swap Counterparties expect to resolve the issues raised in the Limited Objection. In the event that the parties cannot reach agreement, pursuant to the Order, the issues raised in the Limited Objection likely can be determined as a matter of law based on the language of the Settlement Agreement, the Court's order approving the Settlement Agreement and the Plan.

WHEREFORE, the Swap Counterparties respectfully submit that the Limited Objection raises issues that the Swap Counterparties believe can be determined without the necessity of proof at the confirmation hearing.

[*Remainder of Page Intentionally Left Blank*]

---

extent they are broader than, or inconsistent with, the Settlement Agreement) to ensure that the Swap Counterparties' rights and claims will be treated no less favorably than provided for under the highly negotiated terms of the Settlement Agreement, as required under the definition of a Specified Plan. ( *See id.* at 4-6.)

[3] A Specified Plan must (i) treat the Secured Claims in a certain manner, (ii) exculpate the Swap Counterparties to the extent the plan exculpates any other creditor and (iii) treat the rights and claims of the Swap Counterparties no less favorably than the terms of the Settlement Agreement and the Approval Order.

Dated: New York, New York
May 27, 2014

                DAVIS POLK & WARDWELL LLP

                By:       /s/ Marshall S. Huebner

Marshall S. Huebner
Damian S. Schaible
Elliot Moskowitz
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
marshall.huebner@davispolk.com
damian.schaible@davispolk.com
elliot.moskowitz@davispolk.com

Attorneys for Merrill Lynch Capital Services, Inc.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:       /s/ Kelley A. Cornish

Daniel J. Kramer
Richard A. Rosen
Kelley A. Cornish
Stephen J. Shimshak
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
dkramer@paulweiss.com
rrosen@paulweiss.com
kcornish@paulweiss.com
sshimshak@paulweiss.com

Attorneys for UBS AG

WARNER NORCROSS & JUDD LLP

By:     /s/ Stephen B. Grow

Stephen B. Grow
Charles Ash, Jr.
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, Michigan 49503
sgrow@wnj.com
cash@wnj.com

Attorneys for Merrill Lynch Capital Services,
  Inc. and UBS AG