UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re :                                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                              Case No. 13-53846

        Debtor.                                             Hon. Steven W. Rhodes

_____/

**OBJECTING CREDITOR MICHAEL J. KARWOSKI'S
IDENTIFICATION OF LEGAL ISSUES RELATING TO CONFIRMATION**

I am a creditor (Doc. No. 264), and a member of Class 11 (General Retirement System pension recipient) and Class 12 (OPEB recipient). On August 22, 2013, I was appointed a member of the official Committee of Retirees (Doc. No. 575). I file this Identification of Legal Issues in my capacity as a creditor in Classes 11 and 12, and not as a Committee member.

As an individual retiree creditor, I plan to timely object to the Fourth Amended Plan (the "Plan") because the Annuity Savings Fund ("ASF") Recoupment, as an element of the proposed GRS reduction, is illegal, inequitable and unfair as it is applied within Class 11. I file this Identification of Legal Issues in accordance with the Court's Order, Doc. No. 5021.

1.) Although the Debtor ("City") has explained the mechanics of how ASF Recoupment would be applied in the definitions of "Actual Return", "Annuity Savings Fund Excess Amount", "ASF Recoupment" and "ASF Recoupment Cap", and under the heading "r. Class 11 - GRS Pension Claims, ii. Treatment, D. Annuity Savings Fund Recoupment", among other definitions and sections, <u>nowhere</u> does the City give a legal basis for the proposed Recoupment.

2.) If City's alleged basis for ASF Recoupment is unjust enrichment, the longest arguably applicable statute of limitations is six (6) years, and may be shorter under Michigan law. The Plan proposes a claw-back period for ASF Recoupment of ten (10) years, from July 1, 2003, through June 30, 2013, exceeding the longest arguable statute of limitations by four (4) years.

3.) The Plan fails to disclose that the monthly Recoupment amount presented on the ballot of each Class 11 retiree subject to Recoupment, upon information and belief, includes the charging of interest at the rate of 6.75%. The failure to disclose the charging of interest, and the rate of such interest, violates both Michigan and federal lending, and consumer protection laws. Because the Plan proposes continuing to collect monthly Recoupment payments through pension reduction even where a retiree outlives his or her actuarial life expectancy, at that point the

effective interest rate goes to 100% because the full amount of "excess interest" principal will have been collected.

4.) Class 11 is made up of two distinctly different retiree creditor groups, those subject to ASF Recoupment, and those not subject to it. Because the number of those subject to Recoupment is less than half the total number in the Class, on a numerical vote basis they *could not defeat* the Plan treatment of Class 11 even if 100% of them voted against it. Conversely, those *not* subject to ASF Recoupment could numerically impose a "Yes" outcome on the minority who are. These two groups, who are treated differently, should not be part of the same Plan Class.

5.) Within Class 11, the ASF Recoupment would unfairly place the burden of repaying some $238 million of alleged "excess" interest on a subset of the Class by reducing their pensions by wildly varying amounts depending upon the happenstance of when they participated in ASF, when they retired, and their age at the time of Confirmation, if this Plan is approved. If there is a shortfall in the funding for GRS pensions, it should be allocated evenly across the entire class.

6.) Employees who retired and took ASF withdrawals during the Recoupment Period did so in reliance upon a transfer of all rights in such funds, with no liens or other claims of right by the City to any residual interest in them. Therefore, the City is estopped from recouping such funds by the justifiable reliance interest of these former ASF participants.

                                                Respectfully submitted,

                                                /s/ Michael J. Karwoski
                                                Michael J. Karwoski (P26658)
                                                26015 Felicity Landing
                                                Harrison Township, MI 48045
                                                Telephone: 313-378-7642
                                                mjkarwoski@alumni.nd.edu

Dated: May 27, 2014

## CERTIFICATE OF SERVICE

      I, Michael J. Karwoski, hereby certify that the foregoing Objecting Creditor Michael J. Karwoski's Identification of Legal Issues Relating to Confirmation was filed and served via the Court's electronic case filing and noticing system on May 27, 2014.

                                                /s/ Michael J. Karwoski