UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

FILED
2014 MAY 23 P 12: 18
U.S. BANKRUPTCY
E.D. MICHIGAN-DETROIT

Wayne Bernard
Creditors/Objectors,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR
        Debtor/

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Freidman
Magistrate Paul J. Komives

## SUPPLEMENTAL OBJECTIONS OF THE MODIFICATION OF THE (A) FOURTH AMENDED PLAN FOR ADJUSTMENT FOURTH OF DEBTS OF THE CITY OF DETROIT AND (B) FOURTH AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT ISSUED MAY 5, 2014

THE NOTICE IS AFTER THE FACT, UNTIMELY, CONTRARY TO THE FACTS AND MISREPRESENTATION OF THE BANK-RUPTCY CODE AND RULES AND HAS NOT BEEN PRESENT-ED IN A GOOD FAITH MANNER.

The Bankruptcy Code and Public Act 436 both state that **"only the municipality can file for bankruptcy under chapter 9." Prior to filing the petition the proper step is approval by City Council and the** proper person or official is the Mayor. This simply was not done and the court lacks jurisdic-

1

tion. **The City of Detroit never legally <u>approved</u>, <u>agreed</u> or <u>consented</u> to** the Emergency Manager, Kevyn Orr, filing for bankruptcy and Kevyn Orr concealed this fact from the people by his action and contravened **MCL 600.5855 Fraudulent Concealment and 11 U.S.C. 903 (1) a State law prescribing** a method of composition of indebtedness of such municipality may not bind <u>any **creditor that** does not consent to such composition;</u> (2) a judgment entered under such a **law may not bind a creditor that does not consent to such composition**, thus Kevyn Orr has, failed to meet <u>the requirement of title 11 U.S.C. 903 (c)</u> and <u>there is no binding consent agreement or contract</u> and previous cited objections and/or a correction **should have been dismissed 11 USC 930.** In addition, the State, Kevyn Orr (an agent of the state)and the City of Detroit concealed the fact that the filing of the bankruptcy suit was supposed to be by the proper person or public official by consent of the creditors through their elected officials. City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D.Pa 21).

> **The power to govern remains with the municipality not with the judge or any unelected official, unless State, not Federal, law provides for some alternate system. (121 Cong Rec H39413 (daily ed Dec 9 1975);** remarks of Reps. Kindness and Edward. 11 USC 903 Norton Bankruptcy Law and Practice 3d. Congressional Record Statement (Reform Act of 1978).

2

13-53846-tjt    Doc 5105    Filed 05/23/14    Entered 05/28/14 13:39:13    Page 2 of 13

The fact that the State through Emergency Kevyn Orr concealment of the facts is perpetrating a fraud of fraudulent concealment and violate MCL 600.5855.

1) We object because the court lacks jurisdiction and object under any continuing illegal jurisdiction of the case under any circumstance, however, if the court had jurisdiction "once jurisdiction is challenged, the court cannot proceed when its clearly appears that the courts lacks jurisdiction," the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US 505 F2d 1026 8th Cir 1974. There is no discretion to ignore that lack of jurisdiction. "Joyce US 4747 F2d 215 3rd Cir 1973. The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert 469 F2d 416. The court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Lantana v. Hopper, 102 F2d 188; Chicago v. New York F supp 150.

The Order on the bankruptcy should be dismissed because Kevyn Orr is not an elected official and failed to get approval from the city therefore, the court lack's jurisdiction over the person the Emergency Manager, Kevyn Orr and lack's jurisdiction over the subject matter bankruptcy. The Jurisdiction is invalid and unconstitutional because the person was an unelected official and was not legally authorized to file for bankruptcy and the City of Detroit never legally <u>agreed</u>, <u>approved</u> or <u>consented</u> to the bankruptcy.

3

2. We/I object because the court lacks jurisdiction, however, if the court had jurisdiction we object to the City of Detroit/Kevyn Orr (an agent of the state), so-called Third Amended Notice and the Fourth Notice of filing of Redlined version of (A) Fourth Amended Plan for the Adjustment of debts of the City of Detroit and (B) Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit. The first, second or third notice was not received by most others, <u>as well as the Fourth notice</u>, neither was it posted nor was any public notice given, as required by the 11 U.S.C. Section 923 of the Bankruptcy Code.

3. We object because the court lacks jurisdiction, however, if the court had jurisdiction we object to the "Notices," "the Fourth Plan of Adjustment" and the "Fourth Disclosure Statement" with respect to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit:

(a) The State of Michigan through the Governor Rick Snyder have a contract with the Emergency Manager, Kevyn Orr to run the City of Detroit and has contravened the Bankruptcy Code 11 USC 941, which states:

> The debtor <u>Shall</u> file a plan for the adjustment of the debtor's debts. If such a plan is not filed with the petition, the debtor shall file such a plan at such later time as the court fixes.
> This was done to avoid a law suit. See

4

(b) The debtor in this case is the City of Detroit, however, the State of Michigan through the Emergency Manager, Kevyn Orr (an agent of the state) filed for the Bankruptcy and failed to present a plan when he filed the petition for Bankruptcy.

(c) There are no "prime facie evidence" of an "Order" by the Court or otherwise that the City of Detroit legally filed for Bankruptcy and that the Bankruptcy Court has issued an order fixing a date to file a plan, therefore, the Bankruptcy Court has failed to propose a plan within the time fixed under section 941 of title 11 and has failed to meet the requirements of the Bankruptcy Code that has violated 11 USC 941 (c) of the Bankruptcy Code and is grounds for dismissal in according to 11 USC 930. Also kevyn Orr have not submitted the Plan to Security & Exchange Commission and contravene Procedure due process of the 5th Amendment and 14th Amendment of the Constitution of the United States. We double dog, dare, you to send it to the Security & Exchange Commission.

(d) The State of Michigan through Kevyn Orr wanted to take money for 10 to 12 years from the annuity accounts of the pensioners by back dating it, which is prohibited under the Security & Exchange Commission Rules and Regulation. This is a violation of the statute of limitation that only allow you to go back two years

5

and fraudulent concealment MCL 600.5855 to deceive the pensioners and retiree to rob, steal and loot their pension fund, thus is a direct violation of the Uniform Security Act.

The stock broker back dated Martha Steward sale stock order for insider trading and is a criminal offense and she went to jail for this very offense.

(e) There are thousand of vested pensioners that have 10 years or more seniority that has not been notified by newspapers or otherwise.

(f) The Emergency Manager Kevyn Orr and the court through Judge Steven W Rhodes under the color of their oath of office and the law has solicit votes through the newspapers but refuse to officially notify the pensioners for a vote through the newspapers. This is discrimination against the pensioners and retirees that contravened, Bankruptcy Procedures of the Notices, Plan of Adjustment and Disclosure Statement that prohibits solicitation. It also contravened Uniform Security Act, and 18 USC 241and 242 Conspiracy against Civil and deprivation of rights under color of law, thus violation of basic Civil Rights 42 USC 1983 and equal protection of the law of the 14th Amendment of the Constitution of the United States.

4) We object because the court lacks jurisdiction, however, if the court had

6

jurisdiction we object to the "Modification of the Plan," in that it failed to meet the requirements of Chapter 9 and title 11 USC 942 and 1127 (d) of the Bank ruptcy Code. The State through their agent of the State Kevyn Orr has not disclosed what changes or additional information was added or discarded, nor was its deteriorated or any improvements in the plan, therefore, there is no basis for supporting modification.

4) We object because the court lacks jurisdiction, however, if the court had jurisdiction we object to the confirmation because there is no evidence of it being in our best interest and that it is feasible for the creditors and has no evidence to support a confirmation under 11 USC 943, therefore, you don't vote on and support what you cannot see and understand, and we must reject confirmation.

5) We object because the court lacks jurisdiction, however, if the court had jurisdiction we object to the effect of confirmation 11 USC 944, because there has been no evidence presented that the plan is in the best interest of the creditors and it bind the debtor and any creditor, whether or not a proof of such creditor's claim is filed or deemed filed under 501 of title 11, therefore, we must reject the effect of confirmation without a valid confirmation in place.

7

6.)     We object because the court lacks jurisdiction, however, if the court had jurisdiction we object to the Notice introduction (1) parties entitled to vote on the Plan on page 188 of 406 stating; "Creditors whose Claims are not impaired by a plan are deemed to accept the plan under section 1126(f) of the Bankruptcy Code and are **not entitled to vote.** In addition, creditors whose claims are impaired by a plan and who will receive no distribution under such plan also are not entitled to vote because they are deemed to have rejected the plan under section 1126(g) of the Bankruptcy Code.  This clearly a violation of due process and equal protection of the law of the 14th Amendment of the Constitution of the United States. The creator or author of this Plan has intentionally with malice is discriminating against Creditors whose are not impaired by this plan by assuming or coercing them to vote yes. There is no guarantee that any of them is going to vote yes because they were not allowed to vote.  Thus you have infringed on Creditors whose claim is not impaired and there right to voice and express their own opinion about how they would vote and contravened the Wayne County Charter 1.112 This new section enable counties, by vote of the people, to adjust their government structure to meet modern problem effectively and the Voting Right Statute 42 USC 1964 and 1965 and also Basic Human Rights.  It also contravened the 5[th]

8

Amendment "procedure due process of law" and the 14th Amendment of the Constitution of the United States.

a) To clarify the record the Creditors Hassan Aleem, Carl Williams and others **were not legally notified at all, not personally or publicly.** In our Reconsideration of Objections to ineligibility falsely alleging we were untimely without being notice or notified to chapter 9 Bankruptcy we stated: "most creditors and anyone of interest <u>never received a notice that</u> violated. 11 U.S.C. 923 of the Bankruptcy code. The Bankruptcy rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). <u>The notice must also be published "at least once a week for three successive weeks in at least one news-paper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates</u>," in title 11 U.S.C. sect 923 of the Bankruptcy code. This simply was not done and we say do not meet the requirements of title 11 or chapter 9 bankruptcy procedures, which is a failure to comply with the bankruptcy rule and code that is grounds for dismissal and denial of due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United States.

The creditors/objectors and others of interest have a **"public right"**

9

derived from a federal regulatory scheme. The Court reviewed the line of cases applying the public-rights doctrine to bankruptcy proceedings Stern v Marshall 131 S. Ct. 2594, 2613 (2011).

7) We object to the court through, Judge Steven W Rhodes who has shown bias by disregarding the Retiree Committee to represent the retiree. The judge then appoint his own retiree committee made up of lawyers to represent the retiree without their consent, approval or input. Judge Steven W Rhodes has interfere with retiree affairs and deprived the retiree the right to choose their own representation of choice.

8) We object to a yes vote because you will give control to a new trust to operate and control your pension. The first thing they are going to do is to take control of your pension.

9) The bankruptcy court must submit propose finding of fact and conclusion of law to the district court for de novo ( appeal) review. Northern Pipeline Construction Company v Marathon Pipe Line Company 458 U.S. 50 (1982) Thomas West (America Casebook Series), 2004. ISBN 0-314-14928-7

WHEREFORE, we submit these objections to the modification of the (A) fourth Amended Plan for Adjustment fourth of debts of the City of Detroit and (B) fourth Amended Disclosure Statement with respect to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit Issued May 5, 2014

Sincerely Submitted,

_Wayne D. Bernard_
Your name

_13650 Wadsworth_
Address

_Detroit, Michigan 48227_
Ci1ty, State, & ZiP

Date _5-17-2014_

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
              Creditors/Objectors,

v

In re:                                              Chapter 9
City OF DETROIT, MICHIGAN                           Case No. 13-53846
AND EMERGENCY MANAGER                               Judge Steven W Rhodes
KEVYN D. ORR
              Debtor/                 Case No. 14-cv-10434
                                                    Hon. Bernard A. Freidman
_____/                  Magistrate Paul J. Komives

## PROOF OF SERVICES

__Carl Williams__, being first duly sworn deposes and
your name

Say that on May __21__ 2014. I sent a copy of Supplemental Objection of the

Modification of the (A) Fourth Plan for the Adjustment Fourth of Debts of the

City of Detroit and (B) Fourth Amended Disclosure Statement with respect to the

Fourth Amended Plan for the Adjustment of Debts of the City of Detroit issued

May 5, 2014 Upon the concern parties by certified mail at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226


Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl W. Williams_

Dated _May 21, 2014_