## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------------------x
                                              :

In re                                    : Chapter 9

                                             :

CITY OF DETROIT, MICHIGAN,      : Case No. 13-53846

                                             :

                           Debtor.    : Hon. Steven W. Rhodes

                                             :

------------------------------------------------------x

## MOTION OF THE CITY OF DETROIT, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO CERTAIN CONDEMNATION PROCEEDINGS INITIATED BY THE CITY

The City of Detroit, Michigan (the "City") hereby files this motion,

pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy

Code"), for the entry of an order[1] confirming that the automatic stay provisions of

sections 362 and 922 of the Bankruptcy Code (as modified or extended by orders

of the Court, the "Automatic Stay") do not apply to certain proceedings

(collectively, the "Condemnation Proceedings") initiated by the City in the Wayne

County Circuit Court (the "Circuit Court") and related to the condemnation of

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1 (the "Proposed Order"). A summary identifying each included attachment by exhibit number is appended to this Motion.

ATI-2605961v2

certain parcels of land.[2]  In support of this Motion, the City respectfully represents as follows:

## Background

1.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237 million.

3.      In February 2013, a state review team determined that a local government financial emergency exists in the City.  Thereafter, in March 2013, Kevyn D. Orr was appointed, and now serves as, emergency manager with respect to the City (in such capacity, the "Emergency Manager") under Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436").  Under Section 18(1) of PA 436, the Emergency Manager acts exclusively on behalf of the City in this chapter 9 case.  MCL § 141.1558.

---

[2]      A list of the Condemnation Proceedings is attached hereto as Exhibit 6.

ATI-2605961v2

4.     On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "Plan") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure Statement").  That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

## Jurisdiction

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.     The City initiated each of the Condemnation Proceedings in the Circuit Court prior to the Petition Date.  The Automatic Stay does not apply to the Condemnation Proceedings because they are proceedings initiated by (and not against) the City.  Accordingly, the City is authorized to continue to prosecute the  Condemnation Proceedings in the Circuit Court notwithstanding the pendency of the City's chapter 9 case.   Nevertheless, following the Petition Date, notices of

suggestion of bankruptcy (collectively, the "Bankruptcy Notices") inadvertently were filed in the Condemnation Proceedings.

7.      As a result of the Bankruptcy Notices, the Circuit Court has stayed each of the Condemnation Proceedings pending receipt of an order from this Court confirming that the Automatic Stay does not apply to the Condemnation Proceedings. Therefore, to permit the City to continue prosecuting the Condemnation Proceedings without further delay, the City hereby requests the entry of an order confirming that the Automatic Stay does not apply to the Condemnation Proceedings.

## Basis for Relief

8.      Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9.      The Automatic Stay does not apply to the Condemnation Proceedings. In chapter 9, the Automatic Stay by its terms applies to actions against the debtor and to acts to obtain possession of or exercise control over property of the debtor.[3]

---

[3]      Section 362(a) of the Bankruptcy Code provides in relevant part:

> [A] petition filed under . . . this title . . . operates as a stay, applicable to all entities, of —

10.     Although the scope of the Automatic Stay is broad, it does not apply to claims asserted by the debtor against other parties.  See Crosby v. Monroe Cnty., 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor."); U.S. Abatement Corp. v. Mobil Exploration & Producing U.S. (In re U.S. Abatement Corp.), 39 F.3d 563, 568 (5th Cir. 1994) (concluding "counterclaims asserted by a debtor are not actions 'against the debtor' which are subject to the automatic stay"); Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1203-04 (3d Cir. 1991) ("Although the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings against a 'debtor' – the term used by the statute itself."); Carley Capital Grp. v. Fireman's

---

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
. . .
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

11 U.S.C. § 362(a).  Section 362 of the Bankruptcy Code is made applicable in chapter 9 by section 901 of the Bankruptcy Code.  See 11 U.S.C. § 901(a).  Section 902 of the Bankruptcy Code provides that references to "'property of the estate' when used in a section that is made applicable in a case under this chapter . . . means property of the debtor."  11 U.S.C. § 902.

Fund Ins. Co., 889 F.2d 1126, 1127 (D.C. Cir. 1989) (the automatic stay is

inapplicable to suits brought by the debtor); Bill Heard Chevrolet Corp. –

Nashville v. Histle, 2006 U.S. Dist. LEXIS 8464, at *5 (M.D. Tenn. Feb. 10, 2006)

(recognizing that "[n]umerous circuits and other courts have held that the

automatic stay does not apply to lawsuits initiated by the debtor . . . .").

       11.    In addition, the Automatic Stay does not bar defendants from

defending against actions commenced and prosecuted by the debtor.[4] See U.S.

Abatement Corp., 39 F.3d at 568 ("If a debtor's offensive claims are not subject to

the automatic stay, *a fortiori* a creditor's motion to reinstate and seek summary

judgment of such non-stayed claims is not subject to the automatic stay.");

Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n., 892 F.2d 575, 577 (7th Cir.

1989) (finding defendant did not violate the automatic stay provision by moving to

dismiss plaintiff-debtor's state-court action); Hayes v. Liberty Mut. Grp. Inc., 2012

U.S. Dist. LEXIS 61419, at *11 (E.D. Mich. May 2, 2012) (concluding,

---

[4]    Defendants in actions commenced by the debtor may be prevented from
asserting certain counterclaims against the debtor absent relief from the
Automatic Stay. See Mar. Elec. Co., 959 F.2d at 1205 (counterclaims by
defendants against the debtor "are treated independently when determining
which of their respective proceedings are subject to the bankruptcy stay.");
In re Enron Corp., 2003 Bankr. LEXIS 2261, at *11 (Bankr. S.D.N.Y.
Jan. 13, 2003) ("[W]here a debtor is the initial plaintiff, counterclaims for
affirmative relief implicate the automatic stay."). There are no such
concerns with respect to the Condemnation Proceedings, however, because
none of the defendants in the Condemnation Proceedings has asserted
counterclaims against the City.

notwithstanding the Automatic Stay, that a non-debtor defendant may defend against the debtors' claims, "including defense by way of dispositive motion").

12.     Here, the Automatic Stay does not apply to the Condemnation Proceedings because they are offensive actions commenced by the City as plaintiff. Nevertheless, as a result of the inadvertent filing of the Bankruptcy Notices, the Circuit Court has stayed the Condemnation Proceedings pending receipt of an order of this Court confirming that the City may continue to prosecute the Condemnation Proceedings notwithstanding the pendency of the City's chapter 9 case.  Accordingly, the City requests that the Court enter an order, pursuant to its authority under section 105(a) of the Bankruptcy Code, confirming that the Automatic Stay does not apply to the Condemnation Proceedings.

### Reservation of Rights

13.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

ATI-2605961v2

## Notice

14.     Notice of this Motion has been given to the defendants in the Condemnation Proceedings identified on Exhibit 6 (or their counsel, if known) and all entities that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The City submits that no other or further notice need be provided.

## Statement of Concurrence

15.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Local Rule 9014-1(g). Although the City has no reason to believe that any defendant in any of the Condemnation Proceedings will object to the relief requested herein, the City believes that it would be unduly burdensome to request and obtain the concurrence of each of the defendants in the Condemnation Proceedings to the relief requested herein.

## Statement Regarding Evidentiary Nature of Hearing

16.     The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

## No Prior Request

17.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein the City respectfully requests that this Court (a) enter the Proposed Order and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: May 29, 2014          Respectfully submitted,


                             /s/  Heather Lennox
                             David G. Heiman (OH 0038271)
                             Heather Lennox (OH 0059649)
                             JONES DAY
                             North Point
                             901 Lakeside Avenue
                             Cleveland, Ohio  44114
                             Telephone:  (216) 586-3939
                             Facsimile:  (216) 579-0212
                             dgheiman@jonesday.com
                             hlennox@jonesday.com

                             Bruce Bennett (CA 105430)
                             JONES DAY
                             555 South Flower Street
                             Fiftieth Floor
                             Los Angeles, California  90071
                             Telephone:  (213) 243-2382
                             Facsimile:  (213) 243-2539
                             bbennett@jonesday.com

                             Jonathan S. Green (MI P33140)
                             Stephen S. LaPlante (MI P48063)
                             MILLER, CANFIELD, PADDOCK AND
                               STONE, P.L.C.
                             150 West Jefferson
                             Suite 2500
                             Detroit, Michigan  48226
                             Telephone:  (313) 963-6420
                             Facsimile:  (313) 496-7500
                             green@millercanfield.com
                             laplante@millercanfield.com

                             ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| Exhibit 1 | Proposed Form of Order |
|---|---|
| Exhibit 2 | Notice of Motion |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6 | Schedule of the Condemnation Proceedings |

# **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
                        :

In re                       : Chapter 9
                        :

CITY OF DETROIT, MICHIGAN,   : Case No. 13-53846
                        :

            Debtor.   : Hon. Steven W. Rhodes
                        :
                        :

-------------------------------------------------------x

## ORDER CONFIRMING THAT THE
## AUTOMATIC STAY DOES NOT APPLY TO CERTAIN
## <u>CONDEMNATION PROCEEDINGS INITIATED BY THE CITY</u>

       This matter coming before the Court on the Motion of the City of

Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order

Confirming that the Automatic Stay Does Not Apply to Certain Condemnation

Proceedings Initiated by the City (the "<u>Motion</u>"),[1] filed by the City of Detroit.

Michigan (the "<u>City</u>"); the Court having reviewed the Motion and having

considered the statements of counsel and the evidence adduced with respect to

the Motion at a hearing before the Court (the "<u>Hearing</u>"); the Court finding that

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

the Motion and the Hearing was sufficient under the circumstances, (d) the relief requested in the Motion and granted herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code and in the best interests of the City, its creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The City is authorized to continue to prosecute the Condemnation Proceedings identified on Annex A hereto notwithstanding the Automatic Stay and the pendency of the City's chapter 9 case.  Similarly, the defendants are permitted to defend against any such Condemnation Proceedings; *provided that* any counterclaims that may be asserted by the defendants against the City are subject to the Automatic Stay.

3.      This Order shall be effective immediately upon its entry.

# EXHIBIT 2

Form B20A(Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

**In re:**

**CITY OF DETROIT, MICHIGAN,**

**Debtor.**

**Chapter: 9**

**Case No.: 13-53846**

**Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
       Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

**NOTICE OF MOTION OF THE CITY OF DETROIT,**
**PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY**
**CODE, FOR AN ORDER CONFIRMING THAT THE**
**AUTOMATIC STAY DOES NOT APPLY TO CERTAIN**
**<u>CONDEMNATION PROCEEDINGS INITIATED BY THE CITY</u>**

       The City of Detroit, Michigan (the "<u>City</u>") has filed papers with the Court seeking entry of an order, pursuant to sections 105(a) of the Bankruptcy Code extending the automatic stay of sections 362 and 922 of the Bankruptcy Code to the district  court for the thirty-sixth district court of the State of Michigan and certain related parties.

       **<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

       If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by June 12, 2014**, you or your attorney must:

1.       File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

       If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1]       Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500

2.        If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:   May 29, 2014                    Respectfully submitted,

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

**EXHIBIT 4**

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Motion of the City of Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order Confirming that the Automatic Stay Does Not Apply to Certain Condemnation Proceedings Initiated by the City was filed and served via the Court's electronic case filing and noticing system on this 29th day of May, 2014.

/s/  Heather Lennox

ATI-2605961v2

# EXHIBIT 6

# SCHEDULE OF CONDEMNATION PROCEEDINGS

| Defendant(s) | Case Number | Court |
|---|---|---|
| State of Michigan | 12-014797-CC | Wayne County Circuit Court |
| Martha Wilcox (Albert) | 12-014799-CC | Wayne County Circuit Court |
| Martha Wilcox (Albert) | 12-014867-CC | Wayne County Circuit Court |
| CE Detroit, LLC | 12-014803-CC | Wayne County Circuit Court |
| Gail Wilson, *et al.* | 12-015039-CC | Wayne County Circuit Court |
| Mohamed Mdrahi | 13-005784-CC | Wayne County Circuit Court |
| True Missionary Baptist | 13-005785-CC | Wayne County Circuit Court |
| True Missionary Baptist | 13-005787-CC | Wayne County Circuit Court |
| True Missionary Baptist | 13-005795-CC | Wayne County Circuit Court |
| True Missionary Baptist | 13-005814-CC | Wayne County Circuit Court |
| Issam & Ibtisam Khami | 13-005816-CC | Wayne County Circuit Court |
| CE Detroit, LLC | 13-005820-CC | Wayne County Circuit Court |
| Kenneth L. Wilson | 13-005825-CC | Wayne County Circuit Court |
| True Missionary Baptist | 13-005826-CC | Wayne County Circuit Court |
| True Missionary Baptist | 13-005827-CC | Wayne County Circuit Court |
| Steven & Barbara A. Lucido | 13-005828-CC | Wayne County Circuit Court |
| Detroit Leasing, Inc. | 13-005829-CC | Wayne County Circuit Court |
| Estate of Nema N. Newell c/o Charlene Glover-Hogan, Personal Representative | 13-005830-CC | Wayne County Circuit Court |
| James Jones | 13-005831-CC | Wayne County Circuit Court |
| James Jones | 13-005832-CC | Wayne County Circuit Court |

ATI-2605961v2