## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) |
| | )    Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) |
| | )    Case No. 13-53846-swr |
| Debtor. | ) |
| | )    Hon. Steven W. Rhodes |
| | ) |
| | )    **Re: Docket No. 4094** |
| | ) |

## NOTICE OF APPEAL FROM ORDER (I) APPROVING SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH UBS AND MERRILL LYNCH CAPITAL SERVICES, INC. PURSUANT TO BANKRUPTCY RULE 9019 AND (II) GRANTING RELATED RELIEF

PLEASE TAKE NOTICE that Dexia Crédit Local, Dexia Holdings, Inc., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A., FMS Wertmanagement AöR, Hypothekenbank Frankfurt AG, and Hypothekenbank Frankfurt International S.A., pursuant to 28 U.S.C. § 158(a) and Rules 8001(a) and 8002(a) of the Federal Rules of Bankruptcy Procedure, file this notice of appeal to the United States District Court for the Eastern District of Michigan, Southern Division from the *Order (I) Approving Settlement and Plan Support Agreement with UBS and Merrill Lynch Capital Services, Inc. Pursuant to Bankruptcy Rule 9019 and (II) Granting Related Relief* (the "Order") [D.I. 4094]. (A copy of the Order is attached as Exhibit A.)

This notice of appeal is timely filed pursuant to Federal Rule of Bankruptcy Procedure 8002(a). The names of the parties to the Order appealed from, the names of other parties-in-interest, and the names, addresses, telephone and facsimile numbers of their respective attorneys are as follows:

1

**Appellants**

Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., and Erste

Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A., are

jointly represented by:

Howard S. Sher
Jacob & Weingarten, P.C.
SOMERSET PLACE
2301 W. Big Beaver Road, Suite 777
Troy, MI 48084
Tel: (248) 649-1200
Fax: (248) 649-2920
E-mail: howard@jacobweingarten.com

Vincent J. Marriott, III
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8236
Fax: (215) 864-9762
E-mail: marriott@ballardspahr.com

Matthew G. Summers
BALLARD SPAHR LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4428
Fax: (302) 252-4466
E-mail: summersm@ballardspahr.com

Dexia Crédit Local and Dexia Holdings, Inc., are jointly represented by:

Deborah L. Fish
ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Tel: (313) 961-6141
Fax: (313) 961-6142
E-mail: dfish@allardfishpc.com

Thomas Moers Mayer
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9100
Fax: (212) 715-8000
E-mail: tmayer@kramerlevin.com

2

13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 2 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 2 of 27

FMS Wertmanagement AöR is represented by:

Rick L. Frimmer
Mark Fisher
Jeff Eaton
Michael W. Ott
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Tel: (312) 258-5600
Fax: (312) 258-5600
E-mail: rfrimmer@schiffhardin.com
E-mail: mfisher@schiffhardin.com
E-mail: jeaton@schiffhardin.com
E-mail: mott@schiffhardin.com

## **Appellee**

City of Detroit, represented by:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Tel: (216) 586-3939
Fax: (216) 579-0212
E-mail: dgheiman@jonesday.com
E-mail: hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Tel: (213) 243-2382
Fax: (213) 243-2539
E-mail: bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
E-mail: tfcullen@jonesday.com
E-mail: gshumaker@jonesday.com
E-mail: gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Tel: (248) 359-7300
Fax: (248) 359-7700
E-mail: hertzbergr@pepperlaw.com
E-mail: kovskyd@pepperlaw.com

3

Corinne Ball
JONES DAY
222 East 41st Street
New York, New York 10017
Tel: (212) 326-3939
Fax: (212) 755-7306
E-mail: cball@jonesday.com

## Parties-in-Interest

UBS AG, represented by:

Daniel J. Kramer
Richard A. Rosen
Kelley A. Cornish
Stephen J. Shimshak
PAUL, WEISS, RIFKIND, WHARTON &
 GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
E-mail: dkramer@paulweiss.com
E-mail: rrosen@paulweiss.com
E-mail: kcornish@paulweiss.com
E-mail: sshimshak@paulweiss.com

Merrill Lynch Capital Services, Inc., represented by:

Marshall S. Huebner
Damian S. Schaible
Elliot Moskowitz
James I. McClammy
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
E-mail: marshall.huebner@davispolk.com
E-mail: damian.schaible@davispolk.com
E-mail: elliot.moskowitz@davispolk.com
E-mail: james.mcclammy@davispolk.com

4

13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 4 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 4 of 27

<u>Merrill Lynch Capital Services, Inc. and UBS AG, jointly represented by</u>:

Stephen B. Grow
Charles Ash, Jr.
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503
Tel: (616) 752-2000
Fax: (616) 752-2500
E-mail: sgrow@wnj.com
E-mail: cash@wnj.com

<u>Assured Guaranty Municipal Corp., represented by</u>:

Lawrence A. Larose
Samuel D. Kohn
Marc D. Ashley
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10012
Tel: (212) 408-5100
E-mail: llarose@chadbourne.com
E-mail: skohn@chadbourne.com
E-mail: mashley@chadbournce.com

Michigan Council 25 of the American Federation of State, County and Municipal
Employees (AFSCME), AFL-CIO and Sub-Chapter 98, City of Detroit Retirees,
<u>jointly represented by</u>:

Sharon L. Levine
John K. Sherwood
Philip J. Gross
Keara M. Waldron
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
Tel: (973) 597-2500
Fax: (973) 597-6247
E-mail: slevine@lowenstein.com
E-mail: jsherwood@lowenstein.com
E-mail: pgross@lowenstein.com
E-mail: kwaldron@lowenstein.com

5

13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 5 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 5 of 27

Herbert A. Sanders
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
Tel: (313) 962-0099
Fax: (313) 962-0044
E-mail: hsanders@miafscme.org

-and-

Richard G. Mack, Jr.
Miller Cohen, P.L.C.
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191

Ambac Assurance Corporation, jointly represented by:

Caol Connor Cohen
Caroline Turner English
ARENT FOX LLP
1717 K Street, NW
Washington, DC 2003-5342
Tel: (202) 857-6054
E-mail: Carol.Cohen@arentfox.com

David L. Dubrow
Mark A. Angelov
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900

-and-

Daniel J. Weiner
Brendan G. Best
SCHAFER AND WEINER, PLLC
40950 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 540-3340
E-mail: bbest@schaferandweiner.com

6

13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 6 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 6 of 27

National Public Finance Guarantee Corporation, jointly represented by:

Eric D. Novetsky
Louis P. Rochkind
JAFFE, RAITT, HEUER & WEISS, P.C.
2777 Franklin Road, Suite 2500
Southfield, MI 48034
Tel: (248) 351-3000
Fax: (248) 351-3082
E-mail: enovetsky@jaffelaw.com

Jeffrey E. Bjork
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
E-mail: jbjork@sidley.com

-and-

Guy S. Neal
1501 K Street, N.W.
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711
E-mail: gneal@sidley.com

Police and Fire Retirement System of the City of Detroit and the General
Retirement System of the City of Detroit, represented by:

Robert D. Gordon
Shannon L. Deeby
CLARK HILL PLC
151 South Old Woodward Avenue, Suite 200
Birmingham, MI 48009
Tel: (248) 988-5882
Fax: (248) 988-2502
E-mail: rgordon@clarkhill.com

7

Retiree Association Parties, jointly represented by:

Thomas R. Morris
Karin F. Avery
SILVERMAN & MORRIS, P.L.L.C.
30500 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
Tel: (248) 539-1330
Fax: (248) 539-1355
E-mail: morris@silvermanmorris.com
E-mail: avery@silvermanmorris.com

-and-

Brian D. O'Keefe
Ryan C. Plecha
LIPPITT O'KEEFE, PLLC
370 East Maple Road, 3rd Floor
Birmingham, MI 48009
Tel: (248) 646-8292
Fax: (248) 646-8375
E-mail: bokeefe@lippittokeefe.com
E-mail: rplecha@lippittokeefe.com

Financial Guaranty Insurance Company, jointly represented by:

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Tel: (248) 642-0333
Fax: (248) 642-0856
E-mail: EJEssad@wwrplaw.com
E-mail: mrjames@wwrplaw.com

-and-

Alfredo R. Perez
WEIL, GOTSHAL & MANGES llp
700 Louisiana Street, Suite 1600
Houston, TX 77002
Tel: (713) 546-5000
Fax: (713) 224-9511
E-mail: Alfredo.perez@weil.com

The Official Committee of Retirees, represented by:

Carole Neville
Claude Montgomery
DENTONS
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 768-6700
E-mail: carole.neville@dentons.com
E-mail: claude.montgomery@dentons.com

Interested Party David Sole, represented by:

Jerome D. Goldberg (P61678)
2921 East Jefferson, Suite 205
Detroit, MI 47207
Tel: (313) 393-6001
Fax: (313) 393-6007
E-mail: apclawyer@sbcglobal.net

Syncora Guarantee Inc. and Syncora Capital Assurance Inc., jointly represented by:

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200

- and –

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Tel: (248) 646-5070
Fax: (248) 646-5075

9

13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 9 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 9 of 27

Dated: April 29, 2014.                          Respectfully submitted,


_____/s/ Deborah L Fish_____                    _____/s/ Howard S. Sher_____
Deborah L Fish                                  Howard S. Sher (P38337)
E-mail: dfish@allardfishpc.com                  E-mail: howard@jacobweingarten.com
ALLARD & FISH, P.C.                             JACOB & WEINGARTEN, P.C.
2600 Buhl Building                              Somerset Place
535 Griswold                                    2301 W. Big Beaver Road, Suite 777
Detroit, MI 48226                               Troy, Michigan 48084
Tel: (313) 309-3171                             Tel: (248) 649-1200

Thomas Moers Mayer                              Vincent J. Marriott, III
E-mail: tmayer@kramerlevin.com                  E-mail: marriott@ballardspahr.com
Jonathan M. Wagner                              Matthew A. White
E-mail: jwagner@kramerlevin.com                 E-mail: whitema@ballardspahr.com
KRAMER LEVIN NAFTALIS                            Benjamin M. Schmidt
& FRANKEL LLP                                    E-mail: schmidtb@ballardspahr.com
1177 Avenue of the Americas                     BALLARD SPAHR LLP
New York, NY 10036                              1735 Market Street, 51st Floor
Tel: (212) 715-9169                             Philadelphia, PA 19103
                                                Tel: (215) 665-8500
*Counsel for Dexia Crédit Local
and Dexia Holdings, Inc.*                       Matthew G. Summers
                                                E-mail: summersm@ballardspahr.com
                                                BALLARD SPAHR LLP
_____/s/ Rick L. Frimmer_____                   919 North Market Street, 11th Floor
Rick L. Frimmer                                 Wilmington, DE 19801
E-mail: rfrimmer@schiffhardin.com               Tel: (302) 252-4428
Frederick J. Sperling
E-mail: fsperling@schiffhardin.com              *Counsel for Hypothekenbank Frankfurt AG,
Paul E. Greenwalt                               Hypothekenbank Frankfurt International S.A.,
E-mail: pgreenwalt@schiffhardin.com             and Erste Europäische Pfandbrief- und
SCHIFF HARDIN LLP                               Kommunalkreditbank Aktiengesellschaft in
233 South Wacker Drive                          Luxemburg S.A.*
Suite 6600
Chicago, IL 60606
Tel: (312) 258-5500

*Counsel for FMS Wertmanagement AöR*

10

13-53846-swr  Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 10 of 27
13-53846-tjt  Doc 5153-1  Filed 05/30/14   Entered 05/30/14 15:01:45   Page 10 of 27

## CERTIFICATE OF SERVICE

I, Lynnea C. Koerber, state that on April 29, 2014, I filed a copy of the foregoing Notice of Appeal using the Court's ECF system and I hereby certify that the Court's ECF system has served counsel to the City and all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ *Lynnea C. Koerber*
Lynnea C. Koerber
E-mail: Lynnea@jacobweingarten.com

11

13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 11 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 11 of 27

# Exhibit A

# Bankruptcy Court's Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## ORDER (I) APPROVING SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH UBS AG AND MERRILL LYNCH CAPITAL SERVICES, INC. PURSUANT TO BANKRUPTCY RULE 9019 AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion") for entry of an order (i) approving, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the terms of the City's[1] settlement and plan support agreement with UBS AG ("UBS") and Merrill Lynch Capital Services, Inc. ("MLCS" and, together with UBS and the City, the "Parties"), as more fully set forth in the Motion, and (ii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any opposition thereto and statements submitted in connection therewith; and upon the hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in, as applicable, the Motion or the Agreement (as defined below).

#85601749v72
13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 1 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 13 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 13 of 27

just cause for the relief granted herein; and the Court having determined that the City was authorized, but not required, to seek approval of the settlements set forth in the Agreement (as defined below) pursuant to Bankruptcy Rule 9019; and the Court having determined that the Agreement was negotiated at arm's length and in good faith by the Parties and that the Agreement is fair, equitable and reasonable; and the Court having determined that UBS and MLCS are not "insiders" (as defined in the Bankruptcy Code) of the City; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor; it is

1.     ORDERED that the Motion is granted in its entirety, and, except as expressly addressed herein, any objections to the Motion not previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled with prejudice; and it is further

2.     ORDERED that the Motion seeking approval of the settlement and plan support agreement substantially in the form filed in this case (the "Agreement") is approved in its entirety and all of its terms are incorporated herein by reference as if fully set forth herein, and the failure to specifically describe or include in this Order any particular provision of the Agreement shall not diminish or impair the effectiveness of any such provision; and it is further

3.     ORDERED that the City is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers, and to make all payments (including interest and fees, if any), and take any and all actions reasonably necessary or appropriate to consummate, complete, execute and implement the Agreement in accordance with the terms and conditions thereof, and any actions taken heretofore in furtherance of these obligations are hereby ratified; and it is further

2

13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 2 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 14 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 14 of 27

4. ORDERED that the manner in which notice of the Motion was provided to all parties entitled to such notice was adequate, appropriate, reasonable and sufficient for all purposes and is approved; and it is further

5. ORDERED that this Order (including the Agreement incorporated herein) is and shall be binding on all parties in interest in the City's chapter 9 case; and it is further

6. ORDERED that the settlements and compromises set forth in the Agreement are fair and reasonable to, and in the best interests of, the City, its residents and its creditors, and in entering into the Agreement, the Parties have acted in a commercially reasonable manner and exercised their respective rights and powers, and used the same degree of care and skill in their exercise, as a prudent person would exercise or use under the circumstances, and such settlements and compromises are hereby approved; and it is further

7. ORDERED that, during the term of the Agreement and until the Net Amount (as defined below) is paid in full in cash, the City shall (i) timely make the monthly Holdback Requirement (as defined in the Collateral Agreement) payments in the manner provided by and on the terms set forth under Section 5.2(a)(1) and (b) of the Collateral Agreement (the "Monthly Payments"), and (ii) as set forth in Section 4.1 of the Agreement, use its best efforts to ensure that UBS and MLCS timely receive the quarterly payments in an amount equal to all Hedge Periodic Payables (as defined in the Collateral Agreement) required to be paid to them in the manner provided by and on the terms set forth under Section 5.7(a)(i) of the Collateral Agreement (the "Quarterly Payments"); *provided*, that for purposes of the Agreement and this Order, neither (a) any termination or invalidation of any Swap Agreement nor (b) the occurrence of any Hedge Event (as defined Collateral Agreement) will modify the amounts or timing of the City's payment obligations under the Agreement, this Order or the Collateral Agreement, and for

3

13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 3 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 15 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 15 of 27

such purposes all Monthly Payments and all Quarterly Payments shall be made in the manner provided by and in accordance with the terms of the Collateral Agreement as if such Swap Agreement had not been terminated or invalidated, or such Hedge Event had not occurred; and it is further

8.     ORDERED that, during the term of the Agreement and so long as the City is not in breach of the Agreement, UBS and MLCS shall (a) not seek to prevent the City from obtaining payments from the General Receipts Subaccount (as defined in the Collateral Agreement) and (b) except as set forth in the Agreement, use best efforts to take any action reasonably requested by the City to reverse any action by the custodian under the Collateral Agreement (the "Custodian") to withhold or delay the payments to the City; and it is further

9.     ORDERED that, in addition to constituting amounts paid and payable under and pursuant to the Collateral Agreement, the Monthly Payments and the Quarterly Payments shall be adequate protection payments pursuant to section 361 of the Bankruptcy Code to protect against diminution of UBS's and MLCS's interest in the collateral (the "Pledged Property") pledged by the City under the Collateral Agreement and/or Ordinance No. 05-09 of the City; and it is further

10.    ORDERED that each of UBS and MLCS is hereby granted an allowed claim (collectively, the "Secured Claims") against the City secured by liens on the Pledged Property (the "Liens"), which, solely for purposes of distributions from the City, shall be deemed to be in the aggregate principal amount of $42,500,000.00 for each of UBS and MLCS, as of January 1, 2014, plus any interest accruing thereafter as provided in the Agreement (together, the "Distribution Amount"), payable in cash; and it is further

4

13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 4 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 16 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 16 of 27

11.     ORDERED that, except as reduced by payments as set forth herein or in the
Agreement, the Secured Claims and the Liens, which were previously granted for the exclusive
benefit of UBS and MLCS, shall not be subject to avoidance, reduction, subordination,
reconsideration, merger, recharacterization, consolidation, recoupment, recovery, deduction,
attack, offset, objection, defense, claim (as defined in the Bankruptcy Code) or counterclaim
under applicable provisions of the Bankruptcy Code or state law or in equity; and shall not be
subject to disallowance under any provision of the Bankruptcy Code, including section 502(d)
thereof; and it is further

12.     ORDERED that, unless the Secured Claims are being paid pursuant to a Specified
Plan (as defined in the Agreement), on or promptly following the effective date of any plan of
adjustment for the City (any "Plan"), the City shall pay to UBS and MLCS in cash, in
satisfaction and discharge of the Secured Claims, the Distribution Amount less the sum of all
Quarterly Payments received by UBS and MLCS since January 1, 2014 (the "Net Amount"), and
any Monthly Payments held by the Custodian after such satisfaction and discharge shall be
returned to the City; and it is further

13.     ORDERED that the Secured Claims shall also be satisfied and discharged if, prior
to the effective date of any Plan or following dismissal of the City's chapter 9 case, UBS and
MLCS shall have received, in cash, Quarterly Payments since January 1, 2014 equal to the
Distribution Amount; and it is further

14.     ORDERED that, upon full payment by the City to UBS and MLCS of the
Distribution Amount (i) all liens on the Pledged Property, including without limitation the Liens,
shall be released without any further action or agreement by UBS, MLCS, the Custodian or any
other person; *provided* that, if the Custodian holds any lien or security interest for the repayment

5

13-53846-swr    Doc 4094    Filed 04/15/14    Entered 04/15/14 16:06:38    Page 5 of 15
13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 17 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 17 of 27

of its fees, expenses and compensation under the Collateral Agreement (collectively, "Custodian Expenses"), such lien or security interest (to the extent one exists) shall be released only upon the payment in full of all reasonable Custodian Expenses secured thereby, (ii) the Irrevocable Instructions (as defined in the Collateral Agreement) shall be terminated and no longer of any force or effect and the Custodian shall give notice to the Developers and Obligors (each as defined in the Collateral Agreement) that the Irrevocable Instructions have been terminated and are no longer of any force or effect and (iii) any Monthly Payments then held by the Custodian shall be returned to the City by the Custodian; and it is further

15. ORDERED that the City shall use best efforts to secure sufficient exit financing to pay the Net Amount on or promptly following the effective date of any Plan, and failing that, as soon thereafter as possible; and it is further

16. ORDERED that, prior to the effective date of any Plan, the City shall not accelerate the payoff of the Secured Claims as compared to the schedule of Monthly Payments and Quarterly Payments set forth in the Collateral Agreement; and it is further

17. ORDERED that, unless and until the Secured Claims are satisfied and discharged as set forth herein, no termination, invalidation or avoidance of any Swap Agreement, Service Contract obligation, lien securing any Service Contract obligation or lien granted by either of the Service Corporations, disregard or veil piercing of either Service Corporation, substantive consolidation of either Service Corporation with the City, invalidation or avoidance of any of the Certificates of Participation or any similar or other event or circumstance shall affect the allowance, amount, validity or enforceability of the Secured Claims, the Liens or the Parties' obligations hereunder or in the Agreement; and it is further

6

13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 6 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 18 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 18 of 27

18. ORDERED that the provisions and effect of this Order and the Agreement, and any actions taken by the Parties pursuant to this Order or the Agreement, including, without limitation, the (i) allowance of the Secured Claims; (ii) payment of the Monthly Payments and the Quarterly Payments; (iii) payment of the Distribution Amount or the Net Amount and (iv) release of the Liens, shall not impair the rights of UBS and MLCS to terminate any Swap Agreement in accordance with the terms and conditions of such Swap Agreement and applicable law; and it is further

19. ORDERED that UBS and MLCS reserve and retain all rights, claims and remedies related to the Swap Agreements or the Swap Insurance Policies against any person that is not a Party, including, without limitation, against either Service Corporation, Syncora Guarantee Inc., Syncora Capital Assurance Inc. (together with Syncora Guarantee Inc., "Syncora") or Financial Guaranty Insurance Company (together with Syncora, the "Swap Insurers"); *provided* that neither UBS nor MLCS will exercise any right, claim or remedy against a Swap Insurer in connection with the Swap Insurance Policies that results in the Swap Insurer acquiring an allowed secured claim for reimbursement, or an allowed secured claim by way of subrogation, against the City; *provided further* that the provisions of this paragraph shall not apply with respect to a Service Corporation if such Service Corporation is collapsed into, disregarded, veil-pierced, substantively consolidated with or similarly treated with respect to the City; and it is further

20. ORDERED that the Service Corporations are hereby barred from commencing any litigation or taking any other action against any Counterparty Released Party (as defined below) that the Service Corporations would not have been able to commence or take if the Service Corporations were a party to the Agreement and obligated to the same extent as the City

7

13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 7 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 19 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 19 of 27

under the Agreement, including making or pursuing any Released Claim (as defined herein); *provided* that this paragraph shall not apply to any actions taken by the Service Corporations in respect of Hedge Receivables (as defined in the Service Contracts) that, on or after the date of entry of this Order, become due and payable to the Service Corporations from UBS or MLCS pursuant to any Swap Agreement; *provided, further* that each of UBS and MLCS shall retain its right to terminate any Swap Agreement in accordance with the terms and conditions of such Swap Agreement and applicable law; *provided, further* that nothing herein shall prohibit (i) the Funding Trusts from pursuing any claim against the City for payment or collection of Funding Trust Receivables (as defined in the Trust Agreements pursuant to which the Certificates of Participation were issued, and which, for the avoidance of doubt, does not include Hedge Payables (as defined in the Service Contracts)), (ii) the Contract Administrator under either Contract Administration Agreement from pursuing any claim on behalf of either of the Funding Trusts for payment or collection of Funding Trust Receivables or (iii) in each such case, the City or any other defendant from defending itself against any such claim; and it is further

21.     ORDERED that the Agreement and this Order shall be and hereby are independently effective without the necessity of any Plan; and it is further

22.     ORDERED that, unless and until the Agreement is terminated, subject to Section 10.5 of the Agreement, (i) the City shall not commence or prosecute any litigation (or directly or indirectly cause either Service Corporation or any other person to or support either Service Corporation or any other person in commencing or prosecuting any litigation) against UBS, MLCS or any of their affiliates or any of their respective (a) officers, (b) directors, (c) employees, (d) members, (e) managers, (f) partners and (g) attorneys, attorneys-in-fact and other advisors, in each case solely in their capacity as such (collectively, subclauses (a) through

8

13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 8 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 20 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 20 of 27

(g), "Related Persons"), relating to the Swap Agreements, the Secured Claims, the collateral

securing the Secured Claims or the Certificates of Participation and (ii) if either Service

Corporation or any other person commences any such litigation, the City shall cooperate with

and support the defense of the litigation by the UBS or MLCS defendant; *provided* that nothing

herein is or shall be deemed to be an admission or finding that the City is empowered to cause

either Service Corporation to take any action; and it is further

23.     ORDERED that the Custodian is hereby authorized to rely upon the terms of this

Order and the Agreement and directed to take any action reasonably requested by any of the

Parties to effectuate the transactions contemplated by this Order or the Agreement, and no other

or further consents are required; and it is further

24.     ORDERED that nothing in this Order or the Agreement shall be deemed to alter

or modify any right that (i) the Custodian may have, if any, to compensation, reimbursement

and/or indemnity under the Collateral Agreement or (ii) the Contract Administrator under either

Contract Administration Agreement or the trustee under either Funding Trust may have, if any,

to compensation, reimbursement and/or indemnity under the Contract Administration Agreement

or the Funding Trust; and it is further

25.     ORDERED that the automatic stay imposed pursuant to section 362 of the

Bankruptcy Code, to the extent it applies, is modified solely to permit UBS and MLCS to

enforce the terms of the Agreement; and it is further

26.     ORDERED that the City will (i) not commence or prosecute any litigation (or

directly or indirectly cause or support any other person in commencing or prosecuting any

litigation) to challenge the Secured Claims or any liens on the Pledged Property; (ii) defend the

Secured Claims and the validity, perfection and priority of such liens against any challenge by

9

13-53846-swr    Doc 4094    Filed 04/15/14    Entered 04/15/14 16:06:38    Page 9 of 15
13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 21 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 21 of 27

any other person and (iii) not cause or permit any other liens to be senior to or *pari passu* with such liens until the Net Amount has been paid in cash in full; and it is further

27.     ORDERED that the Custodian shall not be liable to any party on account of actions taken by the City, UBS, MLCS or the Custodian in good faith to effectuate the transactions contemplated by the Agreement, including, without limitation, the payment of the Monthly Payments and Quarterly Payments and the release of the liens on the Pledged Property, each as provided in the Agreement; and it is further

28.     ORDERED that, unless otherwise agreed by the Parties, to the extent of any inconsistency between (i) this Order and the Agreement, the terms of this Order shall govern and (ii) this Order and the Agreement, on the one hand, and any Plan confirmed in this chapter 9 case (other than a Specified Plan), on the other hand, the terms of this Order and the Agreement, as applicable, shall govern; and it is further

29.     ORDERED that this Order shall be immediately effective and enforceable upon its entry; and it is further

30.     ORDERED that the provisions and effect of this Order, any actions taken pursuant to this Order or the Agreement and the Parties' respective rights, obligations, remedies and protections provided for herein and in the Agreement shall survive the dismissal or closing of this chapter 9 case, or confirmation of a plan or plans of adjustment, and the terms and provision of this Order and the Agreement shall continue in full force and effect notwithstanding the entry of any such order; and it is further

31.     ORDERED that the Agreement and this Order constitute and evidence the valid and binding obligations of the Parties, which obligations shall be enforceable against each Party

10

13-53846-swr    Doc 4094    Filed 04/15/14    Entered 04/15/14 16:06:38    Page 10 of 15
13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 22 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 22 of 27

and each of their successors and assigns in accordance with the terms of the Agreement and this Order; and it is further

32.     ORDERED that, upon the earlier of the (i) effective date of any Plan and (ii) satisfaction and discharge of the Secured Claims and the release of the Liens, and without further action, for good and valuable consideration, the adequacy of which is hereby confirmed, (a) the City and, if and at any time, any entity, including either Service Corporation, is collapsed into, disregarded, veil-pierced, substantively consolidated with or similarly treated with respect to the City, that entity (collectively, the "City Releasors"), shall release unconditionally, and be deemed to forever and unconditionally release, waive and discharge UBS and MLCS and their affiliates and each of their respective present and former Related Persons (collectively, the "Counterparty Released Parties") and (b) UBS and MLCS shall release unconditionally, and be deemed to forever and unconditionally release, waive and discharge the City Releasors and the City Releasors' affiliates and each of their respective present and former Related Persons (excluding, in all cases, to the extent not a City Releasor, the Service Corporations), of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, all claims relating to the Swap Agreements, the Certificates of Participation or the Service Corporations) whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or prior to the effective date of the Plan related to the Swap Agreements, the Certificates of Participation, the Service Corporations, any and all transactions related to the Swap Agreements, the Certificates of Participation, the Service Corporations and/or the Funding Trusts, or the

11

13-53846-swr   Doc 4094   Filed 04/15/14   Entered 04/15/14 16:06:38   Page 11 of 15
13-53846-swr   Doc 4311   Filed 04/29/14   Entered 04/29/14 16:13:42   Page 23 of 27
13-53846-tjt   Doc 5153-1   Filed 05/30/14   Entered 05/30/14 15:01:45   Page 23 of 27

chapter 9 proceedings or the Plan (collectively, the "Released Claims"); *provided* that the

Released Claims shall not include any claims with respect to enforcement of the Agreement,

including any claims with respect to the Secured Claims and the Liens to the extent not satisfied

and discharged pursuant to this Order and the Agreement; and it is further

33.     ORDERED that, notwithstanding anything to the contrary in this Order or the

Agreement, nothing in this Order or the Agreement shall (1) release, discharge or affect any

rights, claims, counterclaims or defenses related to (i) any claims held by any Counterparty

Released Party not for such party's own account or (ii) any municipal securities of the City or

securities issued by any affiliate of the City, held by any Counterparty Released Party (other than

any Certificates of Participation held by any Counterparty Released Party) or (2) release any

claim that is not a Released Claim; and it is further

34.     ORDERED that neither this Order nor the Agreement shall impair any rights that

UBS, MLCS or any of UBS's or MLCS's affiliates may have to intervene in the City's litigation

to invalidate the Certificates of Participation [Adv. Pro. Case No. 14-04112]; and it is further

35.     ORDERED that all persons (the "Barred Persons") are hereby permanently barred,

enjoined and restrained from commencing, prosecuting, or asserting in this Court, in any federal

or state court, or in any other court, arbitration proceeding, administrative agency, or other forum

in the United States or elsewhere any claim for non-contractual indemnity or contribution against

any Counterparty Released Party, arising out of or relating to or reasonably flowing from the

claims or allegations in any of the Released Claims, whether or not denominated as for

contribution or indemnity, where the injury to the person is the liability of such person to any

Plaintiff (as defined below), whether arising under state, federal or foreign law as claims, cross-

claims, counterclaims, or third-party claims (collectively, the "Barred Claims"); and if a court or

12

13-53846-swr    Doc 4094    Filed 04/15/14    Entered 04/15/14 16:06:38    Page 12 of 15
13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 24 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 24 of 27

tribunal determines that Barred Claims exist that would have given rise to liability of any Counterparty Released Party to a Barred Person but for this Order, the Barred Persons shall be entitled to the judgment reduction provisions set forth in this Order, it being understood that this paragraph does not apply to a claim that is not, in substance, a claim for non-contractual indemnity or contribution and that such a claim is not a Barred Claim; and it is further

36.     ORDERED that in the event that the City or either Service Corporation, or any person acting on behalf of, or asserting derivative claims of, the City or either Service Corporation, including any successor to the City or either Service Corporation, including any trustee, any committee appointed in the Chapter 9 case, any trustee of a litigation trust or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code (any of the above, a "Plaintiff"), asserts a claim against any Barred Person based upon, arising from, or related to the facts, allegations, or transactions underlying any Released Claim (the "Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in the Action, the Plaintiff shall provide notice of this Order to the court or tribunal hearing the Action; and such court or tribunal shall determine whether the Action gives rise to Barred Claims on which Counterparty Released Parties would have been liable to the Barred Persons in the absence of this Order; and, if the court or tribunal so determines, it shall reduce any Judgment against such Barred Person in an amount equal to (a) the amount of the Judgment against any such Barred Person times (b) the aggregate proportionate share of fault (expressed as a percentage) of the Counterparty Released Party or Parties that would have been liable on a Barred Claim in the absence of this Order expressed as a percentage of the aggregate fault of (i) the Barred Person; (ii) such Counterparty Released Party or Parties and (iii) all other persons

13
13-53846-swr     Doc 4094     Filed 04/15/14     Entered 04/15/14 16:06:38     Page 13 of 15
13-53846-swr     Doc 4311     Filed 04/29/14     Entered 04/29/14 16:13:42     Page 25 of 27
13-53846-tjt     Doc 5153-1     Filed 05/30/14     Entered 05/30/14 15:01:45     Page 25 of 27

determined by such court or tribunal to be liable to the Barred Person in connection with the Action, whether or not such Persons are sued in such Action; and it is further

37.    ORDERED that if any Plaintiff enters into a settlement with any person with respect to one or more causes of action based upon, arising from, or related to the Released Claims or any transaction underlying any Released Claim, then such Plaintiff shall cause to be included, and in all events, the settlement shall be deemed to include, a dismissal, release and waiver of any Barred Claims with respect to such settlement; and it is further

38.    ORDERED that each Plaintiff is hereby enjoined and restrained from seeking relief or collecting judgments against any non-settling party in any manner that fails to conform to the terms of this Order, including, without limitation, the proportionate judgment reduction provision set forth in this Order; and it is further

39.    ORDERED that, from January 31, 2014 until the earlier of (i) termination of the Agreement as provided in Section 9.1 or Section 9.2 of the Agreement and (ii) satisfaction and discharge of the Secured Claims and the release of the Liens in accordance with this Order, all statutes of limitation on claims to be released under this Order and any limitation on the time in which UBS or MLCS may exercise contractual rights under the Bankruptcy Code "safe harbors" related to the Swap Agreements shall be tolled; and it is further

40.    ORDERED that, notwithstanding anything in this Order or the Agreement to the contrary but subject to the continued effectiveness of the tolling in the preceding paragraph of this Order, if, and only if, a Party terminates the Agreement as set forth therein, the Parties will be restored to their respective positions with respect to all rights, claims, remedies and defenses, which shall be restored as if the Agreement were never effective, including, without limitation, with respect to the (i) allowance of the Secured Claims, (ii) adequate protection, (iii) provisions

14

13-53846-swr    Doc 4094    Filed 04/15/14    Entered 04/15/14 16:06:38    Page 14 of 15
13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 26 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 26 of 27

regarding the Liens and (iv) releases and injunctions set forth in this Order and in the Agreement, which shall be nullified; and it is further

41.     ORDERED that nothing in this Order constitutes a finding or ruling with respect to impairment under section 1124 of the Bankruptcy Code or classification under section 1122 of the Bankruptcy Code or prejudices (i) any party's right to (x) object to any Plan proposed in the City's bankruptcy case on the basis that the Secured Claims are not properly classified therein (y) object to any Plan proposed in the City's bankruptcy case on the basis that the Swap Counterparties' claims are not impaired under section 1124 of the Bankruptcy Code or (z) assert that any accepting votes submitted by the Swap Counterparties in respect of the Plan should be designated pursuant to section 1126(e) of the Bankruptcy Code or (ii) any party's right to contest any such objections or assertions; and it is further

42.     ORDERED that this Court shall retain continuing jurisdiction with respect to all matters related to or arising from this Order and the Agreement or their implementation, including, without limitation, hearing a petition for relief by a Barred Person or any other party in interest in the event that a court or tribunal hearing the Action fails to apply the judgment reduction provisions of this Order.

Signed on April 15, 2014

_____
/s/ Steven Rhodes
**Steven Rhodes**
**United States Bankruptcy Judge**

15

13-53846-swr    Doc 4094    Filed 04/15/14    Entered 04/15/14 16:06:38    Page 15 of 15
13-53846-swr    Doc 4311    Filed 04/29/14    Entered 04/29/14 16:13:42    Page 27 of 27
13-53846-tjt    Doc 5153-1    Filed 05/30/14    Entered 05/30/14 15:01:45    Page 27 of 27