UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 9
City of Detroit, Michigan,                          Case No. 13-53846
    Debtor.                     Hon. Steven W. Rhodes
_____/

### Notice of Proposed Order Identifying Legal Issues, Establishing Briefing Schedule and Setting Hearing Date and Procedures

After reviewing the parties' submissions in response to the Court's Order Regarding Identifying Legal Issues Relating to Confirmation (Dkt. #5021), the Court has identified the following issues that may be determinable as a matter of law:

    1. Whether the collective bargaining injunction in § II.B.3.q.ii.G. of the Plan violates the Public Employment Relations Act, M.C.L. § 423.201 *et seq.*

    2. Whether § II.B.3.u.i. of the Plan violates the Fourteenth Amendment in that it impairs the relief available to victims of 42 USC § 1983 violations.

    3. Whether § II.B.3.u.i. of the Plan violates the Fifth or Fourteenth Amendments in that it impairs the relief available to parties whose property has been taken by condemnation or inverse condemnation.

    4. Whether the absolute priority rule is applicable to secured claims.

    5. Whether §§ II.B.3.a.ii. and q.ii. of the Plan relating to classification satisfy 11 U.S.C. § 1123(a)(4).

    6. Whether the UTGO settlement violates the Unlimited Tax Election Act, M.C.L. §§ 141.161-168.

    7. Whether the pension investment return and discount rate restrictions in §§ II.B.3.q.ii.B and r.ii.B. of the Plan violate M.C.L. § 38.1140m.

8. Whether § II.B.3.a.ii. of the Plan relating to the interest rate modification and call protection modifications of certain debts secured by special revenues violates the provisions of the Bankruptcy Code relating to such debts.

9. Whether § II.B.3.u.i and § III.D.5 of the Plan relating to the treatment of the claims against the 36th District Court violate the Bankruptcy Code.

10. Whether the failure of the Plan to treat LTGO claims as senior unsecured claims violates the Bankruptcy Code, Michigan law, or a contract right that is enforceable in bankruptcy.

11. Whether Macomb, Oakland and Wayne Counties have standing to object to the Plan.

12. Whether any claim of BNY Mellon as Custodian which is not a direct claim against the Debtor can be treated as a "Claim" under the Plan and whether the Bankruptcy Code authorizes the Debtor to modify, release, discharge or enjoin claims of BNY Mellon as Custodian against third parties.

13. Whether the scope of the Plan's discharge and injunction provisions should be limited as requested in the objection to confirmation filed by the United States.

14. Whether the Bankruptcy Code requires the City to sell "non-core" assets, however such assets are defined or identified.

The Court proposes the following to address these legal issues:

a. Simultaneous supplemental briefs to be permitted (but not required) by June 17, 2014.

b. Hearings on the legal issues to be held on June 24, 2014.

c. Fifteen minutes of argument time to be allowed per side per issue.

d. The start time of the argument for each issue to be set by the Court.

The Court requests comments and suggestions regarding these procedures by June 4, 2014.

Signed on June 2, 2014

                                                                            /s/ Steven Rhodes
                                                                            Steven Rhodes
                                                                            United States Bankruptcy Judge