May 21, 2014

Hon. Judge Steven W. Rhodes, P 19394
U.S. Bankruptcy Court
211 W. Fort St. Room 1800
Detroit, Mich. 48226

2014 MAY 23 A 10:23 FILED U.S. BANKRUPTCY COURT MICHIGAN-DETROIT

Judge Rhodes!

(1) I'm contacting you because (A) Detroit Retiree Pensions, are part of Detroit's Bankruptcy. (B) Detroit Retirement Systems (DRS) suddenly, and without notice, disregarded a court order (see enclosed) and stopped sending my wife, Betty J. Richardson, 50% of my retirement pension, as was court-ordered! Until May, 2014, my wife was receiving same! My wife and daughter went to DRS on Tues. May 13, 2014, and was treated, and spoken to rudely, by supervisor, Deborah Wilkerson! My wife was nearly in tears! Calls to DRS all go unanswered, and unreturned! My wife contacted Mayor Duggan's, and Kevyn Orr's offices, twice, to no avail! My 65 year-old sickly wife with no income, it is my belief, being retaliated against for my civil action against DRS, U.S. District Court, E.D. Mich. # 2:12-CV-12361, soon to be, U.S. Court of Appeals for the Sixth Circuit,

CASE NO. 13-1455. WILL YOU, IMMEDIATELY ORDER MIKE DUGGAN, KEVYN ORR, AND DPS, TO PAY MY WIFE HER 50% OF MY PENSION, WITH INTEREST FROM MAY 1, 2014, AND FOR INCONVENIENCE, PAST DUE CREDITORS, ETC.!

(2) I AM TOTALLY AGAINST DETROIT'S BANKRUPTCY, REDUCTIONS IN MY PENSION. PROTECTING PICTURES (DIA) OVER HUMAN LIFE! I SENT YOU MY OBJECTIONS, LAST YEAR. I WAS TOLD I FILED TOO LATE. MY OBJECTIONS ARE NO DOUBT STILL PART OF THE FILE. I WAS PRAYING YOU'D LOOK MORE FAVORABLY ON RETIREES. IT WAS NOT RETIREES WHO SCREWED UP DETROIT'S FINANCES! IT WAS (IS) PRESENT, PAST ADMINISTRATIONS, PAST AND PRESENT CITY COUNCIL MEMBERS, ETC. AS A 64 YEAR-OLD BLACK DETROIT RETIREE, I QUESTION, IF DETROIT HAD AN ALL WHITE EMPLOYEE WORK FORCE, RETIREES, WOULD THEY TOO FACE REDUCTIONS?!! REDUCTIONS WILL LEAD TO YET, MORE PERSONAL BANKRUPTCIES! PLEASE, ASSIST MY WIFE. PLEASE RESPOND. THANKING YOU IN ADVANCE.

Donald Richardson

ENCL.

STATE of MICHIGAN
In the Circuit Court for the County of Oakland
Family Division

Betty Jean Richardson,
    Plaintiff

Case No. 10-773854-DO
Hon. Karen McDonald

vs

Donald C. Richardson,
    Defendant

---

Paula M. Zimmer, P25801
Family Law Assistance Project
16130 Northland Drive
Southfield, MI 48075
(248) 443-8068 Ext. 245
Attorney for Plaintiff

Donald C. Richardson,
Defendant in Proper
P.O. Box 27315
Detroit, MI 48227
(313) 221-3549

---

## RESCHEDULED MOTION FOR QUALIFIED DOMESTIC RELATIONS ORDER

Now comes Defendant, Donald C. Richardson, in Pro Per, as his own lawyer, and says:

1. As per the order date of November 24, 2010 from Honorable Judge James Alexander, Defendant is filing this motion.

2. Defendant requests this Honorable Court to order Detroit's Retirement Systems (DRS) to immediately **reinstate** Defendant's pension, with fifty percent (50%) going to Defendant's wife, Betty Jean Richardson, and fifty percent (50%) going to Defendant.

### Relief

3. Order $100.00 paid to Defendant, per Judge Alexander's order at an October 28, 2010 hearing, that was never paid to Defendant. Judge Edward Sosnick would not order the re-enforcement of that order. Forty (40) months of non-compliance. Order these monies paid retroactive to December 1, 2010, with all costs, and damages to Defendant, for DRS non-compliance of Judge Alexander's order of October 28, 2010.

4. Order Plaintiff, Betty Jean Richardson to have no contact with Defendant, Donald C. Richardson, through personal, phone calls, letters, second-party or third-party. No contact whatsoever.

5. Defendant is a non-lawyer and prays this Honorable Court excuse any deficiencies in this Motion.

In Hughes v. Rowe, 101 S.Ct.173 (1980), that High Court said, "Prisoner's pro se complaint, however in artfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers."

Wherefore, Defendant, Donald C. Richardson, requests an immediate hearing on this Motion, and all relief requested.

Respectfully submitted,
Donald C. Richardson,
Defendant in Pro Per
P. O. Box 27315
Detroit, MI  48227-0315


### Proof of Mailing

I, Donald C. Richardson, Defendant in this action, affirms that I did mail a copy of this Motion to Betty Jean Richardson, 25225 Greenfield #915, Southfield, MI  48075, Plaintiff, on April 2, 2014 by affixing same with a first-class U.S. postage, and depositing same into a U.S. postal receptacle maintained by the U.S. Postal service.


Dated:   April 2, 2014

# PRAECIPE FOR MOTION AND MISCELLANEOUS DOCKET

**STATE OF MICHIGAN**
The Circuit Court for the County of Oakland
1200 N. Telegraph Rd., Dept. 404, Pontiac, MI 48341-0404

Betty Jean Richardson v. Donald C. Richardson
Plaintiff                    Defendant

# 2010-773854-DO

(ATTACH BAR CODE LABEL HERE)

Motion Date: Wednesday, April 2, 2014
Motion Title: Motion For Qualified Domestic Relations Order

## YOUR MOTION WILL NOT BE SCHEDULED IF YOU DO NOT COMPLETE EITHER #1 OR #2 BELOW:

1. I hereby certify that I have made personal contact with **Plaintiff** on **Mar, 24, 2014**, requesting concurrence in the relief sought with this Motion and that concurrence has been denied.

OR

2. I have made reasonable and diligent attempts to contact counsel requesting concurrence in the relief sought with this motion on _____, 20_____.

Is this a re-praecipe? No ___ Yes ✓

Notice: If this motion has been praeciped with no one appearing, the judge has an option of sanctioning parties or dismissing your motion. Your electronic signature certifies that the above information is correct.

Attorney: _____ Phone: _____
Moving Party: Donald C. Richardson, in Pro Per
Date: Mar, 24, 2014

**(Motion briefs must be delivered to the judge's chambers or e-filed.)**

C-10 (07-08) 46569                                   Local Rule 2.119

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND
FAMILY DIVISION

Betty Jean Richardson,
    Plaintiff

Case No. 10-773854-DO

vs.

Donald C. Richardson,
    Defendant

---

## FINAL ORDER

1. This court orders Detroit Retirement Systems (DRS) to immediately reinstate Defendant, Donald C. Richardson, fifty (50%) percent monthly of his retirement pension. Also, fifty percent (50%) of Defendant's pension to be sent, monthly to Plaintiff, Betty Jean Richardson.

2. This court orders Detroit's Retirement Systems to pay Defendant, Donald C. Richardson, the one hundred dollars ($100.0) per month ordered by Hon. James Alexander on October 28, 2010, and order on November 24, 2010, from December 1, 2010 to March 1, 2014 forty (40) months at $100.00 per month, totaling four thousand ($4,000.00) dollars. Plus, six hundred ($600.00) dollars in Docket Legal Filing typing costs, mailing costs, notary fees, and all other damages this court deems fit, for Detroit Retirement Systems totally ignoring Judge Alexander's order.

3. Order Plaintiff, Betty Jean Richardson to have no contact with Defendant, Donald C. Richardson, through personal contact, phone calls, letters, or second or third-party contact. No contact whatsoever.

4. Defendant, Donald C. Richardson, will continue to adhere to Judge Alexander's separate maintenance order, and provide health care, dental, and eye care to Plaintiff, Betty Jean Richardson. Co-pays and deductibles not included.

It is so ordered by this court.

Dated: April 2, 2014

                                            JUDGE_____
                                            Karen McDonald

## PROOF OF MAILING

I, Donald C. Richardson, Defendant in this action, affirms that I did mail a copy of this Motion and Order to:

Betty Jean Richardson, Plaintiff
25225 Greenfield, Apt. 915
Southfield, MI 48075

    and

Detroit Retirement Systems
2 Woodward Ave., Room 908
Detroit, MI 48226

    and

Atty. Lawrence Walker, Atty. for Detroit Retirement Systems
535 Griswold, Suite 1320
Detroit, MI 48226

by placing same into a U.S. Postal receptacle with a first-class postage, and paying for delivery confirmation, on ~~April 2~~ MARCH 24, 2014.

/s/ Donald C. Richardson
Donald C. Richardson

BETTY JEAN RICHARDSON,

    Plaintiff,

vs.

DONALD C. RICHARDSON,

    Defendant.
_____/

Betty Jean Richardson
In Pro Per

Donald C. Richardson
In Pro Per
_____/

## DOMESTIC RELATIONS ORDER
### for
### GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT

At a session of said Court, held in the Court House in the City of Pontiac, Oakland County, Michigan on this __14TH__ day of __MAY__, 2014.

MAY 0 5 2014

KAREN D. MCDONALD
CIRCUIT COURT JUDGE

PRESENT: _____
                Circuit Judge

    WHEREAS, this Court entered a QDRO Motion Reinstating Petitioner's Pension on November 13, 2013 pursuant to the Default Judgment of Separate Maintenance entered on November 24, 2010, and the parties have stipulated that the Court shall now set aside (by entry of this Domestic Relations Order) the resolution adopted on

Page 1 of 6

Richardson vs. Richardson
General Retirement System of the City of Detroit

13-53846-tjt  Doc 5185  Filed 05/23/14  Entered 06/03/14 12:02:24  Page 8 of 12

June 29, 2011 by the Board of Trustees of the General Retirement System of the City of Detroit;

WHEREAS, this Court has personal jurisdiction over both parties to this action and jurisdiction over the subject matter of this Order in this divorce action;

WHEREAS, the parties have stipulated that the Court shall enter this Order as part of the judgment of separate maintenane entered in this action, and as such, is incorporated by reference therein.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

If, as, and when benefits become payable to the defendant, Donald C. Richardson (hereinafter referred to as the "participant") or the participant's beneficiaries, the plaintiff, Betty Jean Richardson (hereinafter referred to as the "alternate payee") will receive benefits from the plan pursuant to the participant's assignment of benefits to the alternate payee. The plan designated below shall pay benefits in accordance with the following domestic relations order as provided by section 552.18 of the Michigan Compiled Laws, the General Retirement System of the City of Detroit, and any applicable charters, ordinances, collective bargaining agreements and amendments to Michigan Act No. 46 of the Public Acts of 1991.

(1) The name of the plan to which this order applies is the General Retirement System of the City of Detroit and its predecessor and successor plans. The plan administrator's address is the Board of Trustees of the General Retirement System of the City of Detroit, 2 Woodward Avenue, Room 908, Detroit, MI 48226.

(2) The participant's name is Donald C. Richardson. The alternate payee's name is Betty Jean Richardson. The participant's and alternate payee's social security numbers, dates of birth and current mailing addresses are provided in Attachment A to this order. It is the alternate payee's responsibility to notify the plan administrator of any changes to the alternate payee's name and/or address. **As an identity theft preventative, the parties should not include Attachment A to the order filed with the court clerk since it is a public record, but Attachment A should be included with the copy of the order submitted to the plan administrator.** The participant and alternate payee were married on November 30, 1973 and legally separated on November 24, 2010.

Page 2 of 6

13-53846-tjt  Doc 5185  Filed 05/23/14  Entered 06/03/14 12:02:24  Page 9 of 12

Richardson vs. Richardson
General Retirement System of the City of Detroit

(3) Based on the parties' intent, benefits will be paid from the plan to the alternate payee as follows:

(a) Commencing upon the plan's approval of this order, and continuing until the earlier of the alternate payee's death or the participant's death, the alternate payee shall receive a monthly benefit equal to 50% (fifty percent) of the participant's Defined Benefit Plan pension, including a prorata share of any guaranteed automatic annual pension increases; subject to any applicable adjustments for early retirement and surviving spouse benefits.

(b) If the plan pays any postretirement subsidy including, but not limited to, any supplemental benefit, cost-of-living increase, 13th check or any other postretirement benefit increase then the alternate payee shall receive a proportionate share of each such postretirement subsidy payable to the participant in proportion to the benefit awarded to the alternate payee in paragraph (3)(a).

(c) The alternate payee shall be designated as the participant's surviving spouse for purposes of any post-retirement survivor annuity benefit and any other death benefit under the plan.

(d) If the plan terminates, and as a result of such termination the pension benefits payable by the plan are reduced, then the pension benefits payable to the participant and the alternate payee(s) shall be reduced by the same percentage.

(e) This order does not require the plan to provide any type or form of benefit, or any option, not otherwise provided under the plan. This order does not require the plan to provide increased benefits (determined on the basis of actuarial equivalent values). This order does not require the plan to provide benefits to the alternate payee which are required to be paid to another alternate payee under another order previously determined to be an eligible domestic relations order.

(4) The alternate payee shall include in gross income for the tax years of receipt all retirement benefits that the alternate payee receives due to the participant's assignment of benefits herein, and the participant need not include such benefits in the

Richardson vs. Richardson

participant's gross income for such tax years as provided by section 402(e)(1)(A) of the Internal Revenue Code of 1986, as amended. Further, the participant's investment in contract shall be shared on a pro rata basis by the participant and the alternate payee as provided by section 72(m)(10) of the Internal Revenue Code of 1986, as amended. The preceding tax treatment is extended to governmental plans under Internal Revenue Code section 414(p)(11).

(5) If the plan charges any administrative or actuarial costs for reviewing or administering this order the participant and alternate payee shall share such costs equally.

(6) This order is issued pursuant to Michigan Law which relates to the provision of child support, alimony payments, or marital property rights, as defined therein between spouses and former spouses in actions of divorce.

(7) The participant, the alternate payee, and the court intend this order to be a domestic relations order under section 552.18 of the Michigan Compiled Laws. Furthermore, if Michigan Act No. 46 of the Public Acts of 1991 is amended to apply to domestic relations orders entered after the participant's retirement effective date then this order shall be considered an Eligible Domestic Relations Order to the extent applicable under the amended Act No. 46.

(8) The court retains jurisdiction to amend this order for purposes of establishing or maintaining its intent as a domestic relations order under section 552.18 of the Michigan Compiled Laws, and if applicable, as an Eligible Domestic Relations Order to the extent applicable under any amendment to Act No. 46. Such amended order(s) shall have effect as if entered at the time of this order.

KAREN D. MCDONALD
CIRCUIT COURT JUDGE

_____
Circuit Judge

A TRUE COPY
LISA BROWN
Oakland County Clerk / Register of Deeds
By _____
Deputy

Page 4 of 6

13-53846-tjt    Doc 5185    Filed 05/23/14    Entered 06/03/14 12:02:24    Page 11 of 12
General Retirement System of the City of Detroit

We have read the foregoing domestic relations order, understand all of its terms and conditions, and agree to be bound by the terms thereof.

*[Signature: Betty Jean Richardson]*
Betty Jean Richardson
Plaintiff

*[Signature: Donald C. Richardson]*
Donald C. Richardson
Defendant

Drafted for legal counsel by:

Gregg L. Kabacinski & Associates
Actuarial and Financial Consultants
1530 Rochester Road
Royal Oak, Michigan  48067
(248) 545-5200

Page 5 of 6

Richardson vs. Richardson
13-53846-tjt   Doc 5185   Filed 05/23/14   Entered 06/03/14 12:02:24   Page 12 of 12
General Retirement System of the City of Detroit