# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) **Re: Docket No. 5172** |

## COMMENTS TO PROPOSED ORDER IDENTIFYING LEGAL ISSUES

The undersigned creditors and parties in interest (collectively, the "Commenting Parties"), in accordance with the *Notice of Proposed Order Identifying Legal Issues, Establishing Briefing Schedule, and Setting Hearing Date and Procedures*, dated June 2, 2014 [Docket No. 5172] (the "Notice of Proposed Order"), hereby submit this comment to the Notice of Proposed Order and, in support thereof, respectfully state as follows:

### Proposed Legal Issues

1. The Commenting Parties acknowledge the Court's desire to address those legal issues (the "Legal Issues") in advance of trial, the resolution of which will fully address certain categories of objections to the City's *Fourth Amended Plan for the Adjustment of the Debts of the City of Detroit*, dated May 5, 2014 [Docket No. 4392] (as the same may be amended, the "Plan"). The principal Plan objections of the Commenting Parties, however, present mixed questions of law and fact that are linked in such a way as to not present an opportunity for resolution solely on legal grounds.

2. Among these principal objections is that the Plan does not satisfy the best interests of creditors as required by Section 943(b)(7) of the Bankruptcy Code, is not fair and

equitable within the meaning of sections 901(a) and 1129(b)(1) of the Bankruptcy Code, and has not been proposed in good faith within the meaning of section 1129(a)(3) of the Bankruptcy Code because, among other things, the City has available to it assets that it either does not propose to monetize, or that it proposes to monetize in amounts well below their actual value, resulting in lower creditor recoveries under the Plan than would otherwise be achievable (the "Asset Monetization Objections").

3. Proposed Legal Issue 14 in the Notice of Proposed Order ("Issue 14") reads as follows:

> "Whether the Bankruptcy Code requires the City to sell "non-core" assets, however such assets are defined or identified."

The Commenting Parties interpret Issue 14 as intended by the Court to provide a basis to resolve the Asset Monetization Objections on exclusively legal grounds. The Commenting Parties do not believe that Issue 14 achieves that objective, as even answering the question in the negative would not resolve the Asset Monetization Objections.

4. This is because the Asset Monetization Objections, as framed by the Commenting Parties, present a different question to the Court, specifically:

> "Whether the City has satisfied its burden of proof that the Plan is in the best interests of creditors, is fair and equitable, and is proposed in good faith if there are "non-core" assets that are not being monetized or the value of which is not being maximized to provide for distributions to creditors."

It is not inconsistent to say that Chapter 9 does not empower a bankruptcy judge to compel a municipality to sell assets, while nevertheless concluding that it does empower a bankruptcy judge to determine that a municipality has failed to meet its burden of proof with respect to confirmability of a plan if the municipality refuses to monetize assets while simultaneously providing for nominal distributions to creditors. Indeed, Chapter 9 as a general proposition limits the ability of a bankruptcy judge to compel a municipality to do anything, but it does not

2

require a bankruptcy judge to confirm a plan of adjustment regardless of how it treats creditors, nor does it limit what the bankruptcy judge is entitled to consider when determining if a plan is in the best interests of creditors, is fair and equitable, and is proposed in good faith. Said differently, the Bankruptcy Code does not preclude the bankruptcy judge from determining if a municipality *should* be taking an action in order for a plan to satisfy the best interests, fair and equitable, and good faith standards, even if such bankruptcy judge cannot *order* the municipality to do so.

5. As so framed by the Commenting Parties in their respective Plan objections, the Commenting Parties believe that the question before the Court in connection with the Asset Monetization Objections is inextricably a mixed question of law and fact, as the decision by the Court of whether to deny confirmation of the Plan on the basis that the City has failed to carry its burden of demonstrating that the Plan meets the best interests test, is fair and equitable, and has been proposed in good faith will depend on all of the facts and circumstances, including the nature of other efforts by the City to maximize creditor recoveries, and the type of asset at issue.

6. Accordingly, the Commenting Parties respectfully request that neither Issue 14 nor any other issue related to the best interests, fair and equitable, and good faith tests be included in any order the Court enters regarding Legal Issues.

**Proposed Schedule**

7. The Notice of Proposed Order suggests a briefing and hearing schedule for resolution of Legal Issues of June 17, 2014, and June 24, 2014, respectively. The Commenting Parties believe that the Legal Issues involved are numerous and complex enough that such a schedule does not provide for the opportunity for adequate briefing and argument. The Commenting Parties request that such dates be moved a month, such that briefing would be due

3

13-53846-tjt    Doc 5216    Filed 06/04/14    Entered 06/04/14 16:18:17    Page 3 of 7

on July 17, 2014, and argument would occur on July 24, 2014. Although the Commenting Parties believe that the current discovery and hearing schedule for confirmation of the Plan should be moved as well (and certain of the Commenting Parties have filed or will file a proposed revised scheduling order to that effect), even absent a change in the Plan confirmation schedule, this proposed change to the schedule in the Notice of Proposed Order would not be disruptive.

**Reservation of Rights**

8. The Commenting Parties reserve the right to argue in any briefing associated with any Legal Issue that, upon review, resolution of such issue will require factual findings, and should not be decided without consideration of the evidence.

Dated: June 4, 2014

| | |
|---|---|
| */s/ Mark R. James* | */s/ Matthew G. Summers* |
| Ernest J. Essad Jr. | Matthew G. Summers, Esquire |
| Mark R. James | Ballard Spahr LLP |
| WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C. | 919 North Market Street, 11th Floor |
| 280 North Old Woodward Avenue, Suite 300 | Wilmington, Delaware 19801 |
| Birmingham, MI 48009 | Tel: (302) 252-4428 |
| Tel: (248) 642-0333 | Fax: (302) 252-4466 |
| Fax: (248) 642-0856 | E-mail: summersm@ballardspahr.com |
| Email: EJEssad@wwrplaw.com | |
| Email: mrjames@wwrplaw.com | Vincent J. Marriott, III, Esquire |
| | Ballard Spahr LLP |
| and | 1735 Market Street, 51st Floor |
| | Philadelphia, Pennsylvania 19103 |
| Alfredo R. Pérez | Tel: (215) 864-8236 |
| WEIL, GOTSHAL & MANGES LLP | Fax: (215) 864-9762 |
| 700 Louisiana Street, Suite 1700 | E-mail:marriott@ballardspahr.com |
| Houston, TX 77002 | |
| Tel: (713) 546-5000 | and |
| Fax: (713) 224-9511 | |
| Email: alfredo.perez@weil.com | Howard S. Sher, Esquire (P38337) |
| | Jacob & Weingarten, P.C. |
| *Attorneys for Financial Guaranty Insurance Company* | Somerset Place |
| | 2301 W. Big Beaver Road, Suite 777 |
| | Troy, Michigan 48084 |
| | Tel: (248) 649-1200 |
| */s/ Kenneth E. Noble* | Fax: (248) 649-2920 |
| Kenneth E. Noble | E-mail:howard@jacobweingarten.com |
| KATTEN MUCHIN ROSENMAN LLP | |
| 575 Madison Avenue | *Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.* |
| New York, NY 10022-2585 | |
| Tel: 212/715-9393 | |
| E-mail: Kenneth.noble@kattenlaw.com | |
| | |
| *Counsel for Deutsche Bank AG, London* | |

/s/ Ryan Blaine Bennett
James J.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60605
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Tel: (248) 646-5070
Fax: (248) 646-5075

*Attorneys for Syncora Capital Assurance Inc. and Syncora Guarantee Inc.*

/s/ Rick L. Frimmer
Rick L. Frimmer
J. Mark Fisher
Michael W. Ott
SCHIFF HARDIN, LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5600
Facsimile: (312) 258-5600
E-mail: rfrimmer@schiffhardin.com
E-mail: mfisher@schiffhardin.com
E-mail: mott@schiffhardin.com

*Attorneys for FMS Wertmanagement AöR*

/s/ Heath D. Rosenblat
Kristin K. Going
Heath D. Rosenblat
Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

/s/ Deborah L Fish
Deborah L Fish
E-mail: dfish@allardfishpc.com
ALLARD & FISH, P.C.
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Tel: (313) 309-3171

-and-

Thomas Moers Mayer
E-mail: tmayer@kramerlevin.com
Jonathan M. Wagner
E-mail: jwagner@kramerlevin.com
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Tel: (212) 715-9169

*Counsel for Dexia Crédit Local and Dexia Holdings, Inc.*

**CERTIFICATE OF SERVICE**

    I, Matthew G. Summers, state that on June 4, 2014, I filed a copy of the foregoing Comment to Notice of Proposed Order with the Clerk of Court using the Court's ECF system and I hereby certify that the Court's ECF system has served all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

    /s/ Matthew G. Summers
    Matthew G. Summers
    E-mail: summersm@ballardspahr.com