# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## RETIREE COMMITTEE'S RESPONSE TO THE COURT'S JUNE 2, 2014 NOTICE OF PROPOSED ORDER IDENTIFYING LEGAL ISSUES

The Official Committee of Retirees of the City of Detroit, Michigan (the "Committee") hereby files its response to the Court's June 2, 2014 Notice of Proposed Order Identifying Legal Issues, Establishing Briefing Schedule and Setting Hearing Date and Procedures ("Notice of Proposed Order").

1. On June 2, 2014, the Court issued its Notice of Proposed Order, identifying 14 legal issues and establishing a briefing and hearing schedule for them. The Court requested the parties to file comments and suggestions concerning the procedures by June 4.

2. The Committee believes that three of the identified legal issues are actually mixed issues of fact and law that should not be resolved until the Court takes evidence from the parties: Issue No 5 (concerning the same treatment for class members), Issue No. 7 (concerning pension investment return and discount rate restrictions) and Issue No. 14 (concerning a possible forced sale of "non-core" assets).

### Issue No. 5

3. The Committee believes that Issue No. 5, as it relates to Plan §II.B.3.q.ii (Class 10 PFRS Pension Claim treatment), should not be considered or disposed of as a pure question of

law. Instead, the issue raises mixed questions of law and fact and should be considered after the vote and submission of evidence.

4. Section 1123(a)(4) requires a plan to provide the same treatment for each claim or interest of a particular class "unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." 11 U.S.C. §1123(a)(4). While the formulas stated in this section of the Plan are general in nature, the resulting differences in treatment, if any, for individual dissenting Class 10 claim holders are not yet known.

5. In addition, the holders of Class 10 PFRS Pension Claims may vote to accept their treatment under the Plan. Whether any non-accepting holders of Class 10 PFRS Pension Claims exist, who also object to the Plan on grounds of dissimilar treatment within Class 10, and the linkage of Class 10 to any other accepting class, is a fact not yet known by the Court.

6. Thus, the Committee submits that the issues raised by the objector with respect to the treatment of claims and application of section 1123(a)(4) to Class 10 PFRS Pension Claims should not be addressed at this time.

## Issue No. 7

7. Issue No. 7 asks "[w]hether the pension investment return and discount rate restrictions in Sections II.B.3.q.ii.B (Class 10 PFRS Pension Claims) and r.ii.B (Class 11 GRS Pension Claims) of the Plan violate M.C.L. Section 38.1140m." The Committee states that this question raises mixed issues of fact and law because the answer may depend on: (a) whether it is the opinion of actuaries that the proposed rate is, or could be, reasonable for a fixed period of time in light of all of the circumstances surrounding the Plan, and (b) the extent to which actuaries have discretion to make recommendations on assumptions, trustee choices, and available funding actions within the identified restrictions.

8. Additionally, it appears from the State of Michigan's June 4, 2014 filing concerning this statute, that the issue may be impacted by recent changes to the law.

## Issue No. 14

9. Issue No. 14 asks the parties to address "[w]hether the Bankruptcy Code requires the City to sell "non-core" assets, however such assets are defined or identified."

10. Variations on this issue were discussed during the Court's May 28, 2014 hearing. It appears there may be some question as to whether the issue in dispute is: (a) whether a municipality can be compelled to sell non-core assets, or (b) whether the Court can deny confirmation because the City has not agreed to sell non-core assets.

11. Depending on how the issue is phrased, the Committee believes that several mixed questions of fact and law could be implicated. These include the identification of non-core assets and issues pertinent to both the "best interest" and "fair and equitable" tests.

12. The Committee therefore respectfully asks the Court to remove these three issues from its list of legal issues for resolution.

13. As the Committee's position in this case is dependent on events that will arise after the briefing deadline (i.e., state funding and plan voting), the Committee reserves any right it may have to address the legal issues raised by the Court in a subsequent pleading.

Dated: June 4, 2014                                    Respectfully submitted,

By: */s/ Claude Montgomery*

| | |
|---|---|
| Claude Montgomery | Sam Alberts |
| Carole Neville | Dan Barnowski |
| DENTONS US LLP | DENTONS US LLP |
| 1221 Avenue of the Americas | 1301 K Street, NW, Suite 600 East Tower |
| New York, New York 10020 | Washington, DC 20005 |
| Tel:   (212) 768-6700 | Tel: (202) 408-6400 |
| Fax:   (212) 768-6800 | Fax: (202) 408-6399 |
| claude.montgomery@dentons.com | sam.alberts@dentons.com |
| carole.neville@dentons.com | dan.barnowski@dentons.com |

BROOKS WILKINS SHARKEY & TURCO PLLC
Matthew E. Wilkins
Paula A. Hall
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Direct: (248) 971-1711
Cell: (248) 882-8496
Fax: (248) 971-1801
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Official Committee of Retirees of the City of Detroit, Michigan*

## CERTIFICATE OF SERVICE

    I, Claude Montgomery, hereby certify that on June 4, 2014, the foregoing Retiree Committee's Response to The Court's June 2, 2014 Notice of Proposed Order Identifying Legal Issues was filed and served using the Court's CM/ECF system which provides electronic notification of such filings to all counsel of record.

                                                                                          By:    */s/ Claude Montgomery*
                                                                                                               Claude Montgomery