# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |

## DWSD PARTIES' STATEMENT IN RESPONSE TO COURT'S NOTICE OF PROPOSED ORDER IDENTIFYING LEGAL ISSUES, ESTABLISHING BRIEFING SCHEDULE AND SETTING HEARING AND PROCEDURES

U.S. Bank National Association, as Indenture Trustee (the "Trustee") for the DWSD Bonds, National Public Finance Guarantee Corporation ("National"), Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"), Berkshire Hathaway Assurance Corporation ("BHAC"), Financial Guaranty Insurance Company ("FGIC") and the Ad Hoc Bondholder Committee[1] (together with the Trustee, National, Assured, BHAC, and FGIC, the "DWSD Parties"), hereby file this joint statement in response to the Court's *Notice of Proposed Order Identifying Legal Issues, Establishing Briefing Schedule and Setting Hearing Date and Procedures* [Docket No. 5172] (the "Proposed Legal Issues Order").

---

[1] The Ad Hoc Bondholder Committee members, Fidelity Management & Research Company, Eaton Vance Management, Franklin Advisers, Inc., Nuveen Asset Management, and BlackRock Financial Management, Inc., through various institutional funds they or their affiliates manage, hold DWSD Bonds.

## 1. Issues 4, 5, and 8 Involve Mixed Questions of Law and Fact.

The DWSD Parties appreciate the Court's desire to address certain issues that may be determinable as a matter of law on an expedited basis, prior to the confirmation hearing.

As previously expressed, the DWSD Parties do not believe that the Court should consider, let alone decide, issues relating to the treatment of the DWSD Bonds[2] without the benefit of a fully developed evidentiary record. Issues 4 and 5 (as they pertain to impairment of the DWSD Bonds) and Issue 8 pose important questions of first impression and involve mixed questions of law and fact. For example, the City has stated that it will present evidence at the confirmation hearing that (i) "creditors are receiving all they can reasonably expect under the circumstances (Kevyn Orr (EM); Gaurav Malhotra (EY))," (ii) "DWSD-related issues are treated fairly (Sue McCormick (DWSD); Kenneth Buckfire (Miller Buckfire))," and (iii) "the proposed interest rates for impaired issues of DWSD-debt give holders payments having a present value equal to the allowed amount of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014) [Docket No. 4392] (the "Plan") or the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 4391] (the "Fourth Amended Disclosure Statement" or "Disclosure Statement").

their claims (Kenneth Buckfire (Miller Buckfire))." Factual Propositions, at 5-6.[3] In addition, during the hearing on May 28, 2014, the Court observed on the record that issues related to call protection—including "whether no-call provisions contained in debts secured by special revenues may be modified in a plan of adjustment"—present questions of mixed law and fact. See Hr'g Tr. at 240:5-241:6 (May 28, 2014) (colloquy between the Court and Samuel Kohn on behalf of Assured).

Accordingly, whether section II.B.3.a.ii. of the Plan relating to interest rate modification and the call protection modification of certain debts secured by special revenues violates the provisions of the Bankruptcy Code relating to such debts should not be addressed at a bifurcated hearing on issues that may be determinable only as a matter of law. As explained in greater detail below, this is a matter of significant importance to special revenue debt that will have precedential impact. Accordingly, the DWSD parties respectfully urge the Court to refrain from deciding these issues until a complete evidentiary record has been developed at the confirmation hearing.

---

[3] In its pleadings, the City has also affirmatively stated its intent to present factual and expert testimony in connection with Issues 4 and 5 (as they pertain to impairment of the DWSD Bonds) and 8. See *Consolidated Reply to Certain Objections to Confirmation of the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 5034] (the "Consolidated Reply"), at ¶¶ 161, 164, 178.

13-53846-tjt    Doc 5225    Filed 06/04/14    Entered 06/04/14 18:18:28    Page 3 of 10

Finally, it is important to recognize that from a case management perspective, resolution of Issues 4, 5 and 8 will not eliminate the need for discovery or otherwise advance the adjudication of the DWSD Plan treatment, as issues requiring expert and factual testimony will remain.

2.  **Alternatively, Issue 8 Should be Narrowly Tailored**.

If the Court nevertheless intends to move forward and consider these issues, it should, at a minimum, rephrase Issue 8 to clarify that the question to be addressed is whether the Bankruptcy Code, as a matter of law, prohibits the impairment of special revenue debt in a circumstance in which the pledged revenues are, as is clear from the City's own projections and statements,[4] admittedly sufficient to pay such debt in full pursuant to its terms. Specifically, the DWSD Parties propose that Issue 8 be modified to read as follows:

> 8. Whether the Bankruptcy Code prohibits, as a matter of law, the interest rate and call protection modifications, contemplated by Section II.B.3.a.ii of the Plan, of certain debt secured by special revenues in a circumstance in which the pledged revenues securing that debt are sufficient to pay that debt in full pursuant to its terms.

---

[4] In the Disclosure Statement, for example, the City notes that the net revenues of both the sewage disposal system and the water system far exceeded the expected debt service requirements in Fiscal Year 2013. See Disclosure Statement, at 100 ("During Fiscal Year 2013, the sewage disposal system received net system revenues of approximately $461.8 million versus expected debt service requirements of approximately $200.0 million. . . . During Fiscal Year 2013, the water system received net system revenues of approximately $370.1 million versus expected debt service requirements of approximately $153.4 million."). The DWSD Bonds should accordingly be paid in full in accordance with their terms.

4

The Court should further clarify that any (i) factual issues or (ii) legal determinations (involving mixed questions of law and fact) pertaining to whether the City's proposed impairment of the DWSD Bonds is otherwise appropriate under the best interests, fair and equitable or good faith provisions of the Bankruptcy Code are not to be briefed or addressed at a bifurcated hearing on issues that may be determinable as a matter of law, and all such objections and those bases are preserved. As is clear from the Confirmation Objections,[5] the issues relating to those provisions involve factual considerations that preclude their disposition as a matter of law.

### 3. The Briefing and Hearing Schedule Should Be Adjusted to Achieve an Efficient and Fair Process.

If the Court intends to move forward and consider these issues on an expedited basis, prior to the confirmation hearing, the DWSD Parties request that the Court modify the schedule and procedures, with the goal of achieving an efficient and fair process. More specifically, the DWSD Parties suggest that the proposed briefing schedule be modified as follows: (i) the City be directed to file an initial brief on the issues by June 17, 2014; (ii) the DWSD Parties, and other

---

[5] The DWSD Parties' plan objections have the following docket numbers: The Trustee [Docket No. 4647], National [Docket No. 4665], Assured [Docket No. 4674], BHAC [Docket No. 4657], FGIC [Docket No. 4660], and the Ad Hoc Bondholder Committee [Docket No. 4671].

parties in interest, file responsive briefs by July 1, 2014; and (iii) the hearing on these issues be held on July 15, 2014.

The DWSD Parties submit that these changes in the briefing schedule are appropriate for the following reasons. First, the City has the burden of proving that the Plan satisfies all requirements for confirmation.[6] One such requirement is that the City prove by a preponderance of the evidence that the Plan complies with the provisions of the Bankruptcy Code, including those made applicable by section 901 of the Bankruptcy Code. See 11 U.S.C. § 943(b)(1)-(2). Simultaneous briefing as proposed in the Proposed Legal Issues Order is not consistent with that allocation of the burden of proof.

Second, Issue 8 presents a matter of first impression. While the City suggests that that issue was decided in the bankruptcy case of Jefferson County, Alabama ("In re Jefferson County"), see Consolidated Reply, at ¶ 160, it was not fully briefed in that case. Indeed, the City's citations to In re Jefferson County are to dicta—mere footnotes—that suggest the cramdown provisions set forth in section 1129(b)(2)(A) *may* be available to modify the contractual relations of holders of special revenue bonds. See Bank of N.Y. Mellon v. Jefferson Cnty. (In re Jefferson Cnty.), 482 B.R. 404, 434 n.17, 435 n.18 (Bankr. N.D. Ala. 2012).

---

[6] See In re Barnwell Cnty. Hosp., 471 B.R. 849, 855-56 (Bankr. D.S.C. 2012) (noting, in a chapter 9 proceeding, the debtor must meet the requirements of § 943(b) by a preponderance of the evidence); In re Pierce Cnty. Hous. Auth., 414 B.R. 702, 715 (Bankr. W.D. Wash. 2009) (same).

Consequently, the Court's decision on this question of pivotal importance to special revenue debt will have precedential value for future municipal bankruptcies and will have significant implications on the municipal finance market.[7]

Finally, the DWSD Parties request that the amount of time allocated to address Issue 8 be increased to 30 minutes per side per issue. The additional time will allow for a more complete exposition of this important issue.

## **RESERVATION OF RIGHTS**

The DWSD Parties' reserve the right to fully brief Issues 4, 5, and 8—should Issues 4, 5, and 8 be included in the final order to be entered by the Court—and any other issue identified by the Court to be heard at a bifurcated hearing on issues that may be determinable as a matter of law by the deadline provided in the final order to be entered by the Court.

---

[7] Indeed, resolution of these issues may increase the borrowing costs for the DWSD Systems as evidenced by Fitch Ratings' recent statement indicating that it may further reduce its rating of the DWSD Bonds if they are impaired under the Plan. See Caitlin Devitt, Fitch May Push Detroit Water, Sewer Debt to D if Bankruptcy Plan Approved, Bond Buyer (May 30, 2014, 5:14 PM), http://www.bondbuyer.com/issues/123_104/fitch-may-push-detroit-water-sewer-debt-to-d-if-bankruptcy-plan-approved-1062970-1.html.

Dated: June 4, 2014                                            Respectfully submitted,

| | |
|---|---|
| */s/ Jeffrey E. Bjork*_____ | */s/ Lawrence A. Larose*_____ |
| Jeffrey E. Bjork | Lawrence A. Larose |
| Gabriel MacConaill | Samuel S. Kohn |
| SIDLEY AUSTIN LLP | Robert A. Schwinger |
| 555 West Fifth Street, Suite 4000 | CHADBOURNE & PARKE LLP |
| Los Angeles, California 90013 | 30 Rockefeller Plaza |
| Telephone: (213) 896-6000 | New York, NY 10112 |
| Fax: (213) 896-6600 | Telephone: (212) 408-5100 |
| jbjork@sidley.com | Fax: (212) 541-5369 |
| gmacconaill@sidley.com | llarose@chadbourne.com |
| | skohn@chadbounrne.com |
| James F. Bendernagel, Jr. | rschwinger@chadbourne.com |
| Guy S. Neal | |
| SIDLEY AUSTIN LLP | – and – |
| 1501 K Street, N.W. | |
| Washington, D.C. 20005 | Robin D. Ball |
| Telephone: (202) 736-8041 | CHADBOURNE & PARKE LLP |
| Fax: (202) 736-8711 | 350 South Grand Ave., 32nd Floor |
| jbendernagel@sidley.com | Los Angeles, CA 90071 |
| gneal@sidley.com | Telephone: (213) 892-2025 |
| | Fax: (213) 892-2045 |
| – and – | rball@chadbourne.com |
| | |
| **JAFFE RAITT HEUER & WEISS, P.C.** | *Counsel for Assured Guaranty Municipal Corp.* |
| | |
| */s/ Paul R. Hage*_____ | |
| Paul R. Hage (P70460) | |
| 27777 Franklin Road, Suite 2500 | |
| Southfield, MI 48034-8214 | |
| Telephone: (248) 351-3000 | |
| phage@jaffelaw.com | |
| | |
| *Counsel for National Public Finance Guarantee Corp.* | |

*/s/ David E. Lemke*
David E. Lemke (TN13586)
Michael R. Paslay (TN11092)
Ryan K. Cochran (TN25851)
Courtney M. Rogers (TN25664)
WALLER LANSDEN DORTCH &
DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Fax: (615) 244-6804
david.lemke@wallerlaw.com
mike.paslay@wallerlaw.com
ryan.cochran@wallerlaw.com
courtney.rogers@wallerlaw.com

– and –

Robert J. Diehl, Jr. (MI31264)
Jaimee L. Witten (P70068)
BODMAN PLC
1901 St. Antoine Street, 6th Floor
Detroit, Michigan 48226
Telephone: (313) 393-7597
Fax: (313) 393-7579
rdiehl@bodmanlaw.com
jwitten@bodmanlaw.com

*Attorneys for U.S. Bank National Association, as Indenture Trustee for the DWSD Bonds*

*/s/ William W. Kannel*
William W. Kannel
Adrienne K. Walker
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Fax: (617) 542-2241
wwkannel@mintz.com
awalker@mintz.com

– and –

ANDREW J. GERDES, P.L.C.
Andrew J. Gerdes
321 W. Lake Lansing Road
P.O. Box 4190
East Lansing, Michigan 48826-4190
Telephone: (517) 853-1300
Fax: (517) 853-1301
agerdes@gerdesplc.com

*Attorneys for Fidelity Management & Research Company, Eaton Vance Management, and Franklin Advisers, Inc., members of the Ad Hoc Bondholder Committee*

*/s/ My Chi To*

9

My Chi To
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-7435
Fax: (212) 909-6836
mcto@debevoise.com

*Attorneys for Berkshire Hathaway Assurance Corporation*

| | |
|---|---|
| */s/ Amy Caton* | */s/ Alfredo R. Pérez* |
| Amy Caton | Alfredo R. Pérez |
| Gregory Horowitz | WEIL, GOTSHAL & MANGES LLP |
| KRAMER LEVIN NAFTALIS & FRANKEL, LLP | 700 Louisiana Street, Suite 1600 |
| 1177 Avenue of the Americas | Houston, TX 77002 |
| New York, New York 10036 | Telephone: (713) 546-5000 |
| Telephone: (212) 715-9100 | Facsimile: (713) 224-9511 |
| Fax: (212) 715-8000 | alfredo.perez@weil.com |
| acaton@kramerlevin.com | |
| ghorowitz@kramerlevin.com | – and – |
| | |
| – and – | Ernest J. Essad Jr. |
| | Mark R. James |
| STEINBERG SHAPIRO & CLARK | WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C. |
| Mark H. Shapiro | 280 North Old Woodward Avenue, Suite 300 |
| 25925 Telegraph Road | Birmingham, MI 48009 |
| Suite 203 | Telephone: (248) 642-0333 |
| Southfield, Michigan 48033 | Facsimile: (248) 642-0856 |
| Telephone: (248) 352-4700 | EJEssad@wwrplaw.com |
| Fax: (248) 352-4488 | mrjames@wwrplaw.com |
| Shapiro@steinbergshapiro.com | |
| | *Attorneys for Financial Guaranty Insurance Company* |
| *Attorneys for Nuveen Asset Management, and BlackRock Financial Management, Inc., members of the Ad Hoc Bondholder Committee* | |