UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
)
In re ) Case No. 13-53846
)
CITY OF DETROIT, MICHIGAN, ) In Proceedings Under
) Chapter 9
Debtor. )
_____ ) Hon. Steven W. Rhodes

**RESPONSE OF AMBAC ASSURANCE CORPORATION
TO NOTICE OF PROPOSED ORDER IDENTIFYING LEGAL ISSUES,
ESTABLISHING BRIEFING SCHEDULE AND SETTING HEARING
DATES AND PROCEDURES**

Ambac Assurance Corporation ("Ambac"), a creditor in the above-captioned case, by and through its undersigned counsel, hereby submits this Response (the "Response") to the Court's Notice of Proposed Order Identifying Legal Issues, Establishing Briefing Schedule and Setting Hearing Dates and Procedures, ECF No. 5172 (the "Notice of Proposed Order"). In support of this Response, Ambac states as follows:

1. On May 23, 2014, the Court issued the Order Regarding Identifying Legal Issues Relating to Confirmation, ECF No. 5021 (the "Order"), soliciting from the City and each objecting creditor a paper identifying any issues of law relating to confirmation that could be resolved without the necessity of proof at the confirmation hearing. *See* Order, at 1. In response to the Order, Ambac submitted a paper identifying a key legal issue raised in its Plan Objection that it believed

could be resolved without the need for proof at the confirmation hearing, specifically, the argument that LTGO Claims are entitled to senior unsecured status in the Plan of Adjustment. *See* Response of Ambac to the Order, ECF No. 5073. The City and other objecting parties also identified other legal issues.

2. On June 2, 2014, in response to these submissions, the Court issued the Notice of Proposed Order, identifying 14 issues to be determined as a matter of law in advance of the confirmation hearing. *See* Notice of Proposed Order, at 1-2. In the Notice of Proposed Order, the Court proposes to allow parties to submit supplemental briefs on each of these issues by June 17, 2014, and to hold a hearing to resolve these issues on June 24, 2014. *Id.* at 2. At the hearing, the Court proposes to afford only 15 minutes of oral argument time per side per issue. *Id.*

3. By identifying this legal issue to the Court, Ambac believed that the Court would have more time to consider and focus on very important questions of law—many of which are issues of first impression—outside of a trial setting. The confirmation hearing will involve presentations by numerous objecting parties based on varying arguments and is currently slated to go for several weeks with testimony expected from dozens of witnesses. Ambac agrees with the Court that pure issues of law are better suited to be heard separately and in a focused manner where they can be given more time and attention. However, the proposal that oral argument on this issue and 13 other issues be limited to a swift one-day proceeding

2

13-53846-tjt    Doc 5229    Filed 06/04/14    Entered 06/04/14 21:02:07    Page 2 of 8

with a scant 15 minutes per side threatens to undercut the advantage to the parties and the Court of isolating the legal issues from the trial.

4. The 15 minute time limit for oral argument is not long enough to address Ambac's senior unsecured argument adequately and fully. At the same time, Ambac recognizes that some other issues may not require lengthy oral presentations. Ambac requests that the Court alter the time limitations for certain legal issues relevant to Ambac as explained below.

5. Of the 14 issues identified in the Notice of Proposed Order, four are relevant to the Objection filed by Ambac:

- Issue No. 6: Whether the UTGO settlement violates the Unlimited Tax Election Act, M.C.L. §§ 141.161-168.

- Issue No. 7: Whether the pension investment return and discount rate restrictions in §§ II.B.3.q.ii.B and r.ii.B. of the Plan violate M.C.L. § 38.1140m; and

- Issue No. 10: Whether the failure of the Plan to treat LTGO claims as senior unsecured claims violates the Bankruptcy Code, Michigan law, or a contract right that is enforceable in bankruptcy.

- Issue No. 14: Whether the Bankruptcy Code requires the City to sell "non-core" assets, however such assets are defined or identified.

*Id.* at 2.

6. Taking the issues in turn, with respect to Issue No. 6 regarding the UTGO settlement, Ambac believes that 15 minutes of oral argument per side should be adequate for this issue.

7. With respect to Issue No. 7 regarding pension investment returns and discount rates, Ambac believes that it is the only party to have raised this issue in its Objection to the Plan. However, Ambac agrees with the State of Michigan (ECF No. 5219) that Issue No. 7 will be mooted if Governor Snyder signs House Bill No. 5570, and thus joins the State's request that Issue No. 7 be removed from the list of legal issues to be heard in a separate hearing.

8. With respect to Issue No. 10 regarding Ambac's argument that LTGOs are entitled to senior unsecured treatment, Ambac believes that 15 minutes will not be sufficient time to adequately address the numerous and weighty issues implicated by this argument. This argument raises fundamental and complex questions of law, some of which are issues of first impression, that arise under the Constitution, the Bankruptcy Code, and state law. Notably, the question of whether LTGOs are structurally senior to unsecured debt and must be treated as such in the City's Plan is not an issue that Ambac has briefed in this Court prior to its Plan Objection (including in Ambac's Adversary Proceeding) or that the Court has previously encountered.

9. Whether state law affords to the LTGO holders structural seniority in bankruptcy, moreover, is a matter of great significance not only to Ambac and the LTGO holders, but also to the capital markets generally. The statutory provisions that create the structural seniority of LTGO debt are not unique to Michigan, but

4

13-53846-tjt    Doc 5229    Filed 06/04/14    Entered 06/04/14 21:02:07    Page 4 of 8

are commonplace in the municipal finance market across the country. They are designed to enhance affordable and ready access to credit and ensure the financial stability of both the municipalities and the state itself. As such, the treatment of these statutory protections in bankruptcy has the potential to impact state and municipal access to capital markets on a national scale.

10. Given the complexity and importance of Issue No. 10 to Ambac, the LTGO holders, and the capital markets in general, Ambac respectfully requests that the issue be afforded up to 1 hour of oral argument per side at the hearing.

11. Finally, with respect to Issue No. 14, Ambac believes that the Court's formulation of this issue is not in line with the objections lodged by several objectors. Ambac raises this now so that both the Court and the City understand how it (and likely other objectors) would address the issue at oral argument. The objectors are *not* arguing that the City can be required to sell non-core assets; rather, they are arguing that *if* the City fails to monetize non-core assets to provide distributions to creditors under the circumstances of this case, the Plan is not fair and equitable and therefore cannot be confirmed over the objections of dissenting creditors. This is *not* a pure legal question – it is a combined question of law and fact, and therefore is not properly on the list of pure issues to be decided outside of trial. Ambac thus respectfully requests that Issue No. 14 be removed from the legal argument hearing.

Respectfully Submitted,

**ARENT FOX LLP**

Dated: June 4, 2013   By: /s/ Carol Connor Cohen
CAROL CONNOR COHEN
CAROLINE TURNER ENGLISH
RANDALL BRATER
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Carol.Cohen@arentfox.com

DAVID L. DUBROW
MARK A. ANGELOV
1675 BROADWAY
NEW YORK, NY 10019
(212) 484-3900

and

**SCHAFER AND WEINER, PLLC**

DANIEL J. WEINER (P32010)
BRENDAN G. BEST (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*

|  |  |  |
|---|---|---|
| _____ | ) | |
| In re | ) | Case No. 13-53846 |
|  | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | In Proceedings Under |
|  | ) | Chapter 9 |
| Debtor. | ) | |
| _____ | ) | Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2014, Response of Ambac Assurance Corporation to Notice of Proposed Order Identifying Legal Issues, Establishing Briefing Schedule and Setting Hearing Dates and Procedures was filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this matter.

Respectfully Submitted,

**ARENT FOX LLP**

Dated: June 4, 2014          By: /s/ Carol Connor Cohen
                                  CAROL CONNOR COHEN
                                  CAROLINE TURNER ENGLISH
                                  RANDALL BRATER
                                  1717 K Street, NW
                                  Washington, DC 20036-5342
                                  (202) 857-6054
                                  Carol.Cohen@arentfox.com

                                  DAVID L. DUBROW
                                  MARK A. ANGELOV
                                  1675 Broadway
                                  New York, NY 10019

(212) 484-3900

and

**SCHAFER AND WEINER, PLLC**

DANIEL J. WEINER (P32010)
BRENDAN G. BEST (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
bbest@schaferandweiner.com

*Counsel for Ambac Assurance Corporation*