UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 9 |
| CITY OF DETROIT, MICHIGAN, | : | CASE NO. 13-53846 |
| Debtor. | : | HON. STEVEN W. RHODES |

DARRELL LAMAR MARSHALL, CLAIMANT
IN PRO SE
20001 SCHAEFER HWY.
DETROIT, MI. 48235
Ph. (248) 991-5180

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIMANT'S CLAIM AND
MOTION FOR A TEMPORARY INJUNCTION TO STOP
THE SALE OF ALL CITY AND STATE PROPERTY
(RESIDENTIAL AND COMMERCIAL)
IN DETROIT AND WAYNE COUNTY
BASED ON THE FACT THAT THE SALES' PROCEDURE
IS DISCRIMINATORY AGAINST CLAIMANT
BASED ON MENTAL AND PHYSICAL DISABILITIES RACE AND SEX
AND A CONSPIRACY AGAINST CLAIMANT**

Now comes, claimant Darrell Lamar Marshall and request that the bankruptcy court review the facts of the claim and remand the case back to United States District Court, Chief Judge Gerald Rosen to be placed on the mediation panel for immediate consideration and further stop the sale of all City and State property in Detroit and Wayne County, residential and commercial until mediation is completed, based on the following facts.

(1)

1. On or about March 29, 2013 claimant re-filed a motion to vacate judgement citing **TITLE 42 USCA SECTION 1983** which would allow claimant to file an independent action based on the same information, facts, and evidence.

   The courts have held, when a pro se litigant files a **1983 CIVIL RIGHTS COMPLAINT**, the court cannot hold a pro se litigant to the same standards as it would a licensed practicing attorney.

2. Despite the fact of whether claimant can prove the City of Detroit is liable the Social Security Administration and the State of Michigan declared claimant mentally disabled on April 20, 1983 and several attorneys have refused to accept the case and the court have refused to appoint counsel, the court must be even more leant.

3. On or about March 29, 2013 claimant filed a motion to reinstate case number 00-cv-74576 in the United States District Court, Easetern District of Michigan. On May 23, 2013 United States District Judge, George Caram Steeh denied the motion. On May 31, 2013 claimant filed his notice of appeal in the Sixth Circuit Court of Appeals. On July 17, 2013 claimant filed a motion to proceed in forma pauperis in the Sixth Circuit Court of Appeals.

   On July 18, 2013 the City of Detroit filed a Chapter 9 Bankruptcy Case and an Automatic Stay of Proceedings against

(2)

the City of Detroit.

4. All judgements and orders entered by the United States Sixth Circuit Court of Appeals following the filing of the City of Detroit Bankruptcy Case and the Automatic Stay of proceeding against the City on July 18, 2013, are void.

5. Following the filing of the City's Bankruptcy case on July 18, 2013 claimant continued to file pleadings in the Sixth Circuit Court of Appeals because claimant did not fully understand the effect of the Automatic Stay and filed a motion to expedite proceedings in the U.S. Court of Appeals Sixth Circuit on October 4, 2013 because claimant was denied medical and rehabilitation services by Michigan Rehabilitation Service and physicians affiliated with Detroit Receiving Hospital and the Detroit Medical Center. Please see attached exhibit (A), docket sheet from the United States Court of Appeals for the Sixth Circuit.

6. Michigan Rehabilitation Services and Detroit Receiving Hospital are original defendants in the civil rights complaint filed in 1988. Refer to United States District Court Eastern District of Michigan case number 88-CV-72503 Darrell Marshall VS. City of Detroit et; al:.

(3)

7. There are two pending companion cases. One in the State of Michigan Court of Appeals case number 313624 Darrell Lamar Marshall VS. Centeral Medical Imaging and the other case is an Administrative Appeal. Refer to Michigan Administrative Hearings System docket number 14-006414-DHS Darrell Marshall VS. Michigan Rehabilitation Services. Both the cases are based on the same allegations, facts, and evidence.

8. Attached in exhibit (B) is the order entered by United States District Judge, George Caram Steeh on November 21, 2000 identifying claimant as a vexatious ligigant.

The United States Bankruptcy Court for the Eastern District of Michigan must review the information, facts, and evidence of the case to determine if the case should go to mediation and a temporary injunction should issue.

## CONCLUSION

The rulings of United States District Judges George Caram Steeh and Bernard Friedman were erroneous, discriminatory and an abuse of discretion against claimant and must be reversed.

MAY 30, 2014

DARRELL LAMAR MARSHALL, PRO SE
20001 SCHAEFER HWY.
DETROIT, MI. 48235

Ph. (248) 991-5180

## CERTIFICATE OF SERVICE

I, Darrell L. Marshall certify that, on ~~May 30,~~ June 2, 2014 [DLM] I mailed by U.S. first class mail a copy of this response to the City's objection to claimant's claim to, attorney David G. Heiman at Jones Day North Point, 901 Lakeside Ave. Cleveland, Ohio 44114, attorney Bruce Bennett at Jones Day 555 South Flower St., Fiftieth floor Los Angeles, California 90071 and attorney John A. Simon Foley & Lardner LLP 500 Woodward Ave., Suite 2700 Detroit, Mi. 48226.

*Darrell L Marshall*
DARRELL LAMAR MARSHALL, PRO SE
20001 SCHAEFER HWY.
DETROIT, MI. 48235

Ph. (248) 991-5180

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: October 21, 2013

Darrell L. Marshall
20001 Schaefer Highway
Detroit, MI 48235

Re: Case No. 13-1755, *Darrell Marshall v. City of Detroit, et al*
Originating Case No. : 2:00-cv-74576

Dear Mr. Marshall,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc: Mr. James M. Surowiec
Mr. Aaron C. Thomas
Mr. David J. Weaver

Enclosure

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DARRELL L. MARSHALL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CITY OF DETROIT; COUNTY OF WAYNE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

FILED
Oct 21, 2013
DEBORAH S. HUNT, Clerk

Darrell L. Marshall appeals pro se from a district court order that denied his motion to reinstate a previously dismissed action that he had filed under 42 U.S.C. § 1983. The district court has denied him permission to proceed in forma pauperis on appeal. Marshall now moves the court pursuant to Federal Rule of Appellate Procedure 24(a)(5) to grant him permission to proceed in forma pauperis on appeal.

We will grant the motion if we are persuaded that the appeal is being taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Upon review, the motion for leave to proceed in forma pauperis is hereby denied because this appeal would clearly be frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Marshall is directed to pay the $455 appellate filing fee in full to the Clerk of the United States District Court for the Eastern District of Michigan within thirty days of the filing date of this order, or else this appeal will be dismissed for lack of prosecution.

ENTERED BY ORDER OF THE COURT

Clerk

General Docket
United States Court of Appeals for the Sixth Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 13-1755 | **Docketed:** 06/05/2013 |
| **Nature of Suit:** 3440 Civil Rights: Other | |
| Darrell Marshall v. City of Detroit, et al | |
| **Appeal From:** Eastern District of Michigan at Detroit | |
| **Fee Status:** Fee Due | |

**Case Type Information:**
1) Civil
2) Private
3) Federal Question

**Originating Court Information:**
District: 0645-2 : 2:00-cv-74576
Trial Judge: George C. Steeh, U.S. District Judge
Date Filed: 11/21/2000

| Date Order/Judgment: | Date NOA Filed: |
|---|---|
| 05/23/2013 | 05/31/2013 |

**Prior Cases:**

| | | | |
|---|---|---|---|
| 00-2442 Jurisdiction | Date Filed: 12/08/2000 | Date Disposed: 02/07/2001 | Disposition: Dismissed |
| 01-2289 Rule 34 | Date Filed: 09/26/2001 | Date Disposed: 05/22/2002 | Disposition: Hearing Panel, |
| 05-2232 Rule 34 | Date Filed: 09/14/2005 | Date Disposed: 06/02/2006 | Disposition: Hearing Panel, |
| 11-1921 WAP | Date Filed: 07/26/2011 | Date Disposed: 08/24/2012 | Disposition: Dismissed |

**Current Cases:**
None

| | |
|---|---|
| DARRELL L. MARSHALL<br>Plaintiff - Appellant | Darrell L. Marshall<br>Direct: 313-740-2416<br>[NTC Pro Se]<br>20001 Schaefer Highway<br>Detroit, MI 48235 |
| v. | |
| DETROIT, CITY OF, Detroit, City of<br>Defendant - Appellee | |
| WAYNE, COUNTY OF | James M. Surowiec, Assistant Corporation |

|  | Defendant - Appellee | Counsel<br>Direct: 313-224-5030<br>[NTC Retained]<br>Department of Corporation Counsel<br>for the County of Wayne<br>500 Griswold<br>Twelfth Floor<br>Detroit, MI 48226<br><br>Aaron C. Thomas<br>Direct: 313-224-0552<br>[NTC Retained]<br>Wayne County Corporation Counsel<br>500 Griswold<br>11th Floor<br>Detroit, MI 48226 |

DARRELL L. MARSHALL

    Plaintiff

v.

CITY OF DETROIT; COUNTY OF WAYNE

    Defendants - Appellees

| Date | File | Description |
|---|---|---|
| 06/05/2013 | 3 pg, 12.61 KB | Civil Case Docketed. Notice filed by Appellant Darrell L. Marshall. Transcript needed: n. (RGF) |
| 06/05/2013 | | The case manager for this case is: Mr. Roy G. Ford (513) 564-7016 (RGF) |
| 07/08/2013 | 2 pg, 8.23 KB | Copy of District Court Order filed denying in forma pauperis file June 28, 2013. (RGF) |
| 07/08/2013 | 1 pg, 10.37 KB | LETTER SENT to extend time to pay fee in the District Court or file a motion in this Court to proceed IFP on or before August 9, 2013. (RGF) |
| 07/17/2013 | 2 pg, 21.67 KB | Appellant MOTION filed by Darrell L. Marshall to proceed in forma pauperis. Certificate of service: 07/15/2013. (RGF) |
| 07/17/2013 | 8 pg, 105.89 KB | Financial Affidavit filed by Party Darrell L. Marshall Certificate of Service: 07/15/2013. (RGF) |
| 10/04/2013 | 20 pg, 297.44 KB | Appellant MOTION filed by Darrell L. Marshall expedite proceedings on grounds that appellant are denied medical and rehabilitation services. Certificate of service: 10/01/2013. (RGF) |

| 10/21/2013 | 2 pg, 194.34 KB | ORDER filed denying in forma pauperis. Upon review, the motion for leave to proceed in forma pauperis is hereby denied because this appeal would clearly be frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Marshall is directed to pay the $455 appellate filing fee in full to the Clerk of the United States District Court for the Eastern District of Michigan within thirty days of the filing date of this order, or else this appeal will be dismissed for lack of prosecution.. Entered by order of the court. (RGF) |

[ Select All ]   [ Clear All ]

☉ **Documents and Docket Report**
○ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include Page Numbers**

Selected Pages: [0]      Selected Size: [0 KB]
Totals reflect accessible documents only and do not include unauthorized restricted documents.

[ View Selected ]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL L. MARSHALL,

    Plaintiff,

vs.

Case No. 00-CV-74576
HON. GEORGE CARAM STEEH

CITY OF DETROIT, and
WAYNE COUNTY,

    Defendants.

_____/

### ORDER GRANTING PLAINTIFF IN FORMA PAUPERIS STATUS AND DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) AND ENJOINING PLAINTIFF FROM FILING FURTHER LAWSUITS WITHOUT LEAVE OF COURT

Plaintiff Darrell L. Marshall, proceeding pro se, has filed suit against the City of Detroit and Wayne County. Based upon the information in the Application to Proceed in Forma Pauperis, the court grants plaintiff in forma pauperis status pursuant to 28 U.S.C. § 1915. For the reasons that follow, however, the court dismisses plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed a number of cases in the United States District Court for the Eastern District of Michigan based upon an incident which occurred in 1984, whereby plaintiff was allegedly assaulted by City of Detroit police officers and hospitalized at Detroit Receiving Hospital as a result of his injuries. Plaintiff was diagnosed by the hospital as paranoid schizophrenic and committed to Northville State Hospital on a court order. Plaintiff contends that prior to the assault, he was receiving mental health treatment for a variety of disorders, and was receiving Social Security Supplemental Income based on an anxiety disorder. In his current lawsuit, plaintiff maintains that because the Wayne County Probate Court knew of his pre-existing psychological diagnosis, it was aware that Detroit Receiving Hospital and the City of Detroit had committed acts of fraud to cover-up the head injury plaintiff received by the Detroit

Police. Plaintiff does not allege sufficient facts to make out any legally cognizable action over which this court might have jurisdiction. The court, therefore, finds that plaintiff's claims are frivolous because they lack an arguable basis in law or fact. It is hereby ORDERED that plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Previous lawsuits have been brought by plaintiff against Michigan Rehabilitation Services, the United States Government, the City of Detroit, Detroit Receiving Hospital, the individual police officers, the Wayne County Probate Court, among others.[1] Each of the lawsuits relate to the same underlying incident. This court must protect its jurisdiction from vexatious litigants abusing the judicial process. See, In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). The Sixth Circuit has specifically approved a district court's power to limit the filing of lawsuits by vexatious litigants. See, Filipas v. Lemans, 835 F.2d 1145 (6th Cir. 1987). The court upheld a district court's order requiring the plaintiffs to receive leave of complaint from the court prior to filing any further lawsuits. Id. at 1146.

To prevent Mr. Marshall from further abusing the legal process, Mr. Marshall is hereby PRECLUDED AND RESTRAINED from filing any new actions in the United States District Court for the Eastern District of Michigan without initially obtaining leave of this court. This required action is hereby DEEMED a condition precedent to the commencement of any further civil action by him.

To obtain leave, Mr. Marshall MUST initially comply with all of the following requirements:

1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with

---

[1] See, e.g., Case Nos. 88-72503 (J. Hackett); 99-76129 (J. Cohn); 00-60069 (J. Steeh); 00-71283 (J. Hood).

2

any proposed complaint;

   2. As an exhibit to that motion, he must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new issue which has never been raised by him in court;

   3. By means of a second exhibit, he must identify and list the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file;

   4. As a third exhibit, he must provide a copy of each such complaint and a certified record of its disposition. He must serve a copy of this order on each defendant if and when leave to serve is granted.

   5. As a fourth exhibit, he must append this order.

Failure to comply with these terms may itself be grounds for denying any motion for leave to file a complaint. Compliance with these terms does not, of itself, constitute grounds for granting leave to file a complaint.

   Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken in forma pauperis.

   So ordered.

Dated: **21 NOV 2000**
Detroit, Michigan.

GEORGE CARAM STEEH
United States District Judge

3