**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISON**

FILED (I)

2014 MAY 30 P 4: 03

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

CARL WILLIAMS AND HASSAN ALEEM et al
               Creditor/Objector,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR
            Debtor/

_____/

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Freidman
Magistrate Paul J. Komives

# RECONSIDERATION OF ORDER OVERRULING OBJECTIONS TO DISCLOSURE STATE ENTERED MAY 19, 2014 AT 15:03:54

NOW COMES, the plaintiffs Carl Williams and Hassan Aleem et al Dkt

No.4726, Barbara, Errol Griffin Dkt No. 4759 & 4760, & 4763, Dorothea Harris

4750 & 4751, Wanda Jan Hill Dkt No. 4752, Joan Robinson-Cheeks Dkt No. 4754,

Lory Parks Dkt No. 4755, Williams M. Davis Dkt No. 4756, Walter Blamey Dkt

No.4707 & 4757 Katrina Henry Dkt No. 4761 & 4762, Joann Jackson No. 4764,

Theresa Peneon Dkt No. 4765, Gladlys Woolfork Dkt No. 4717, Valerie A.Glen-

Simons Dkt No. 4718, Elmore N. Simons Dkt No. 4719, James Lovely Dkt No. 4708

& 4766, Sarah Vann Dkt No. 4120, Raphael W. Robinson Dkt No. 4721, David Reid

1

Dkt No. 4722, David R. Reid Dkt No. 4723, and moves this court pursuant to 6 CIR 45 (b) and Rule 9024-1 U.S. Bankruptcy Court E.D. for Reconsideration and plaintiffs show the following:

Plaintiff in the above caption Carl Williams received an order entitled Order Overruling Objections to Disclosure Statement on May 22, 2014, dated May 19, 2014.( See Attached)

1) The court through Magistrate Judge Steven W Rhodes under his oath of office and the law has intentionally, falsely alleged that we filed after the deadline set by the Court for filing objections to the disclosure statement.

a) We agree that the Disclosure Statement was filed and entered May 5, 2014.

b) The pro se appellants Carl Williams and Hassan Aleem and others were timely and the Court through Magistrate Judge Steven W. Rhodes have misconstrued the process and disregarded rules and time computation to attempt to deny pro se petitioners their rights to object to justify his erroneous bankruptcy decision to prevent and avoid addressing the issues presented in their objections.

The City of Detroit, the petitioners and the Court all agree that the Fourth Amended Disclosure Statement was filed on May 5, 2014. In according to the Michigan Court Rules of Civil Procedures Computation of time Rule 1.108 and the

2

Federal Rule of Civil Procedure Rule 6 the computation of time states:

> "In computing any period of time prescribed or allowed
> by these rules, by the local rules of any district court, by
> order of the court, or by any applicable statute, the day
> of the act, event, or default from which the designated
> period of time begins to run **shall not be included.**" Rule
> 6 (a) of the Federal Rules of Civil Procedures."

<u>If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which or within the otherwise prescribed by this rule 8002, whichever period last expired. In other words the 14 days time period start over from the last filing.</u>

The Fourth Amended Disclosure Statement was issued May 5, 2014 and sixth (6th) day and fourteen (14) equal twenty (20) days. If you add the three days mailing its twenty three (23) days, therefore, from May 5, 2014 to the minimum deadline would be May 19, 2014 the same day the court issued "Order overruling objections to Disclosure Statement and is premature in his decision. However, since the objections to the fourth Amended Disclosure Statement was filed May 13, 2014. (See a copy of the Objection as Exhibit A). It was well within the design-nated time period with six days to spare. Therefore, the court order is erroneous and the objecting parties was timely and the Court's Order Overruling objections to Disclosure Statement is without merit. This is a denial of due process of the

3

14th Amendment and procedure due process of law of the 5th Amendment of the Constitution of the United States.

The rule is perfectly clear you don't count the day of the act, event from which the day begins. In this case the court didn't allow the full and complete 14 days to expire or run it coarse and included the last day of the designated period and was premature by at least six days or default from which the designated period of time begins to run **shall not be included.**

2.) The objector/creditor Carl Williams have even been intimidate and harassed while going to the bankruptcy court to file objections in the pasted and was escorted and treated like a common criminal while going to file objections in this matter and other was not escorted and for the record was discriminated against.

3) The register of action/docket sheet show that on May 7, 2014 a creditor by the name of Odessa Davis dock No. 4391 and entry no. 4528 has filed a timely objection to the Disclosure Statement. Therefore, the time start from the 7th of May 2014 instead of 6th of May.

In this case the court wasn't even close in calculating the time to make a determination that the objectors were untimely.

4

The court has shown material prejudice against the objectors/creditors and has discriminated against them by falsely claiming they were late without any salient facts. This demonstrate unequal and unfair treatment by the court that contravene the 5[th]Amendment procedure due process and 14[th]Amendment equal protection of the law of the Constitution of the United States.

4) The court has continue to demonstrate bias against the objector throughout these proceeding for instance: The bankruptcy court without an order or even a notice attempted to transmitted our appeal to the district court without our knowledge and consent. (See a copy of the form letter from the court after the fact attached). "If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdiction issue," thus violate Michigan Court Rules, Rule 2.227 (A) Transfer to court which has jurisdiction.

a) In the present context these principles require that a person have timely and adequate notice detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). Goldberg also states that the parties are entitled to an impartial decision maker. The decision maker Judge Steven W. Rhodes has not been impartial as a result of his decisions to the creditors and other parties of in-

5

terest in this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for various reasons as a consequence of <u>the court failure to have met their requirements to the Bankruptcy code title 11 U.S.C. Section 923</u>, therefore, should be dismissed as provided by the bankruptcy code 11 USC 930.

a) The court have yet to explained how a creditor or any person not being legally notified at all could be classified as being untimely in his orders is an essential objection?

b) How a person could be untimely if not notified in according to 11 U.S.C. Section 923 of the Bankruptcy Code, which the court failed to comply with?

Appellants never received a notice and opportunity to be heard on Jurisdiction or any of their objections.

4) The court never issued an order or legal notice to the objectors/creditors and allowed everybody else to file their appeal and brief. The bankruptcy court sent our Addendum and Correction of petition for permission to appeal by Carl Williams and Hassan Aleem and others of interest pursuant to 28 U.S.C. Section 158 (d) back to objectors, interfering with objectors/creditors, in the exercising their constitutional right to appeal. (1) If there were a question about jurisdiction

6

there should have been a hearing, which we continue to be denied a hearing, (2) If the filing had been in the wrong court the court could have notified the objectors /creditors and then proceeded to transferred the case after a notice and hearing and not sent it back to them, (3) The bankruptcy court could have dismissed the case for lack of jurisdiction. This demonstrate a continue violation of procedure due process of the 5th Amendment and unequal and unfair treatment of the 14th Amendment of the Constitution of the United States.

5) Following notice and a hearing on an objection to a chapter 9 petition, (which we did not receive a legal notice or a hearing on our objection) a debtor municipality's bankruptcy petition must be dismissed if either the petition was not filed in good faith or the debtor failed to carry its burden of proving each of the eligibility requirements imposed by chapter 9. 11 USC 921(c). The court may also dismiss a chapter 9 petition for cause. The debtor that is prejudicial to the creditors, failure to propose or con-firmed plan, or termination of a confirmation plan by reason of the occurrence of a condition specified in the plan. See generally 11 USC 930.

a) We have shown repeatedly in our objections (1) that the bankruptcy was not filed in good faith for example: Kevyn Orr is not an elected official but only an agent of the State. The petition for bankruptcy is invalid because the party that

7

signed it failed to receive legal authorization and lacks the proper authority. See

Bankruptcy City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D.Pa 2011), In

this case the court determined that this case should be dismissed because the City

Council did not have the authority under the chapter law and third class city code

to commence a bankruptcy case on the behalf of the city of Harrisburg and (1) the

city of Harrisburg was not specifically authorized under state law to be a debtor

under chapter 9 of the Bankruptcy code as required by 11 USC sect 109 (c) (2). In

this case the circumstances are the same both officials are not authorized to file

for bankruptcy and Detroit have not requested any legal state authority to be a

debtor therefore, the court lack jurisdiction over the person which is Kevyn Orr

and the subject matter being Bankruptcy and violated 11 U.S.C. 109 (c). "Only a

municipal may file for relief under chapter 9 for bankruptcy." and Fed.R.Civ.Proc

Rule 12 b (1), (2) and (h3) and the case should be dismissed.

> Whenever it appears by suggestion of the parties or otherwise
> that the court lack jurisdiction of the subject matter, the court
> shall dismiss the action. Fed R. Civ Proc. 12 (h) (3).

6) It is important to understand that "even a petition filed by an entity eligible

for chapter 9 reliefs is subject to dismissal "if the debtor did not file the petition in

good faith." Where [....] a purported debtor's good faith is in issue, the debtor

bears the burden of affirmatively demonstrating that it filed the petition in good

8

faith." Vallejo I, 2008 WL 4146015 at 31, quoting In re Powers, 135 B.R. 980, 997 (Bankr. C. D. Cal 1991). The essence of the good faith requirement is to prevent abuse of the bankruptcy process." Vallejo I, 2008 WL 4146015 at 31, quoting In re Villages at castle Rock Metro Dist. No. 4, 145 B.R. 76, 81 (Bankr D.Col. 1990).

We have repeatedly shown that this bankruptcy was not filed in good faith: (1) We must emphasis that Kevyn Orr didn't had filed the Bankruptcy in "Good Faith:" (1) The state through their appointed representative, agent, or point man has failed to even attempt to provided a financial and operational plan within 45 days after his appointment, therefore a violation of P.A. 436 Section 11 (2). The purpose of a chapter 9 is to provide a means to restructure and adjust debt through a plan. Liquidation is not allowed and is not an alternative to municipal chapter 9 Bankruptcy, (2) The State through the Emergency Manager Kevyn Orr showed material prejudice" and "unclean hand" when the state withheld and refused to pay $224,000.000.00 for January 2012 and approximately, $139,000.-000.00 still owed for January 2013 plus interest of unrestricted revenue sharing funds. thus a violation of the Michigan State Revenue Sharing Act 140 of 1971.

The State through Emergency Manager Kevyn Orr has a peculiar way of bargaining in good faith when they deliberately refused to pay the unrestricted revenue sharing money they owed to the city of Detroit and other expenses owed

9

by the state cited by the formal corporation council Krystal A. Crittendon reported

that the state was in default to the city for the following debts such as:

The State of Michigan Department of Natural Resources past due
invoices for electrical service for $39,730 58

The State of Michigan Department of Transportation for delinquent
parking violations $1,225.00.

The State of Michigan Department of Transportation for past due
invoice past due totaling $1,395,377.10.

The Michigan State Highway owes $267,946.76

The state owes this money and the governor Rick Snyder has openly

stated he was not going to pay and then turned around and filed for Bankruptcy.

WHEREFORE and the all the above forgoing facts and reasons we demand

that this court rescind, withdraw and/or vacate this order

Sincerely Submitted,

_Carl Williams_
Your name

_10112 Somerset_
Address

_Detroit Michigan 48224_
Ci1ty, State, & Zip

_Hassan Aleen_

_2440 Taylor_

_Detroit, Mich 48206_

# Exhibit A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISON

HASSAN ALEEM AND CARL WILLIAMS
Creditors/Objector,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR

                    Debtor/
_____/

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Freidman
Magistrate Paul J. Komives

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT
2014 MAY 13 P 2: 25
FILED (I)

## OBJECTIONS OF THE FOURTH AMENDED DISCLOSURE STATEMENT WITH REPECT TO FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT ISSUED MAY 5, 2014

THE NOTICE IS AFTER THE FACT, UNTIMELY, CONTRARY TO THE FACTS AND MISREPRESENTATION OF THE BANK-RUPTCY CODE AND RULES AND HAS NOT BEEN PRESENT-ED IN A GOOD FAITH MANNER.

1). We object to the Emergency Manager, Kevyn Orr methods to continue

to use these sale pressure tactics and is not conducting business or negotiating the

proceeding through the bankruptcy process in a good faith manner, **which con-**

**travened 11 U.S.C. 921 (c).** The City of Detroit/Kevyn Orr as the Emergency

Manager issued the third so-called notice dated 4/08/14. Three days normally for mailing which is the eleventh (11th) (4/11/14) day is hardly enough and proper and adequately time to address the notices in the first, second, third, or fourth notices. The Emergency Manager, Kevyn Orr/ City of Detroit, continue to use the same sale pressure tactics in the Fourth Notice for the Fourth Amend for the Plan of Adjustment and the Disclosure Statement.

This time the creditors, objectors, or any one of interest supposedly received notices to the Plan of Adjustment and Disclosure Statement was around or approximately, May 8th or 9th 2014 and according to Disclosure Statement May 12, 2014 is the deadline for filing objections. Only three or four days or less depending on when you received them. The deadline to respond is <u>inadequate, irrational</u>, and a <u>injustice to anybody that plan to respond to make a inform decision</u>. The average time in bankruptcy procedures is normally14 days in according to Federal Rules of Bankruptcy Procedure Rule 8002 (a) and in Federal Rule of Civil Procedures you are allowed at least 20 or 21 days to respond. These time limits are meant for lawyer, attorneys and any one with legal expertise in the legal profession. It has been said that most of Detroiters are illiterate so how does anyone expect them to be able to response in a timely manner or if at all.

2

This whole procedure from the notices to Plan of Adjustments and Disclosure Statements are not discerning and are incomprehensible to me and the public as a whole. Therefore, Kevyn Orr the emergency manager and the City of Detroit has failed to conduct business or negotiate and comply with the Bankruptcy Code in a manner of good faith and failed to meet the requirements of the Bankruptcy Code, Rules and the procedures, thus this case should be dismissed.

2. We object to the cramdown Article V Section 1 acceptance or cramdown page 77 or page 92 of 197 stating that "if at least one impaired class of claims accepts the plan and the so-called "cramdown provision" set forth in section 1129(b) (1), (b) (2) (B) of the Bankruptcy Code are satisfied. The Plan may be confirmed under the "fair and equitable" and (ii) does not discriminate unfairly with respect to each class of claims that is impaired under and has not accepted the plan. However, we disagree with the city belief that the plan and the treatment of all Classes of Claims under the Plan satisfy the following requirements for nonconsensual confirmation of the plan.

This is a direct violation of the "representative democratic process" where the majority rules. According to Black's Law Dictionary democracy is loosely used of governments in which the sovereign powers are exercised by all the

3

people or a large number of them, or specifically, in modern use of are presenta-

tive government where there is equality of rights without hereditary or arbit-

rary difference in rank or privilege; and is distinguished from aristocracy.

Simply put one person one vote. We no longer have a democracy but dictator-

ship by Magistrate Steven W Rhodes who want to force or coerce you to accept

a Plan that is not in your best interested.

3. We object and disagree with the Order of Emergency Manager, Kevyn

Orr on page 302 or 192 of 302. It alleges that the Emergency Manager, Kevyn

Orr filed on the behalf of the city is incorrect. Kevyn Orr is an agent of the State

and there never was a vote or a consensus on the Bankruptcy by the City

Council, nor had the mayor approved of a bankruptcy. It was not filed in a good

faith manner because the state still owes the City of Detroit revenue sharing

over funds $224,000,000.00 million from 2012 plus interest and approximately

$224, 000,000.00 million for 2013 plus interest and approximately $139,000.-

000.00 million for 2014 plus interest and Kevyn Orr have did nothing to pay the

debt the state owe the City of Detroit and we want the state to pay what they

owe the City of Detroit.

4. We object to the Order of the Emergency Manager, Kevyn Orr on

pages 192 and 193 of 302 there is no dates only 2014 no month or dated.

4

5. We object to committee governance for Police and Fire Retirement System on pages 268 and 269 of 302 in the Fourth Amended Disclosure Statement. It only allow one-half (1/2) vote for each of the four (4) uniformed members are absurd.

6. We object to the 4 billion dollars for an OPEB ( OPEB means any claim against the city for OPEB Benefits held by a retiree who retired on or before December 31, 2014 and otherwise eligible for OPEB Benefits and any surviving beneficiaries of such retiree). There is no evidence of such claim not in the Notice, the Plan of Adjustment or the Disclosure statement, for example money owed to hospital, Doctors, and medical bills. Therefore, four (4) billions should come off the top of this debt.

The City of Detroit have series 6 and 7 security licenses agents and Governor Snyder and the Emergency Manager doesn't have series 6 and 7 security license

WHEREFORE, and all the above in these objections we demand and pray that the court do the right thing and follow the law in the interest of justice and grant the request and demand to extend the limited amount time to respond and request that the time be extended for at least 20 more days to respond in

the interest of justice to dissolute, vacate, and declare the Plan of adjustment and Disclosure Statement null and void and have no affect.


Sincerely Submitted


_Carl Williams_

Carl Williams
10112 Somerset
Detroit, Michigan 48224


_Hassan Aleem_

Hassan Aleem
2440 Taylor
Detroit, Michigan 48206


5/12/14

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

_Carl Williams_
your name      Creditors/Objector,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR

         Debtor/

_____ /

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Freidman
Magistrate Paul J. Komives


## PROOF OF SERVICE

_Carl Williams_ , being first duly sworn deposes and
your name

Say that on May _13_ 2014. I sent a copy of Objection of the Fourth Amended

Disclosure Statement with respect to Fourth Amended Plan for the Adjustment of

Debts of The City of Detroit, Upon the concern parties by certified mail at the

following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl Williams_____

Dated___ May 13 2 014_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,
    Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

## Order Overruling Objections to Disclosure Statement

Several parties have filed "Objections of the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit Issued May 5, 2014." These objections were filed after the deadline set by the Court for filing objections to the disclosure statement and the objecting party has not established cause to file an untimely objection. Accordingly, the objections filed by the individuals listed below are overruled as untimely.

| | |
|---|---|
| Walter Blaney | Dkt. #4707 |
| James Lovely | Dkt. #4708 |
| Gladys Woolfork | Dkt. #4717 |
| Valerie A. Glen-Simons | Dkt. #4718 |
| Elmore N. Simons | Dkt. #4719 |
| Raphael W. Robinson | Dkt. #4721 |
| David Reid | Dkt. #4722 |
| David R. Reid | Dkt. #4723 |
| Hassan Aleem and Carl Williams | Dkt. #4726 |

| | |
|---|---|
| Dorothea Harris | Dkt. #4750 |
| Dorothea Harris | Dkt. #4751 |
| Wanda Jan Hill | Dkt. #4752 |
| Joan Robinson-Cheeks | Dkt. #4754 |
| Lory Parks | Dkt. #4755 |
| William M. Davis | Dkt. #4756 |
| Walter Blaney | Dkt. #4757 |
| Errol Griffin | Dkt. #4759 |
| Errol Griffin | Dkt. #4760 |
| Katrina Henry | Dkt. #4761 |
| Katrina Henry | Dkt. #4762 |
| Erroll Griffin | Dkt. #4763 |
| Joann Jackson | Dkt. #4764 |
| Theresa Penson | Dkt. #4765 |
| James Lovely | Dkt. #4766 |

Signed on May 19, 2014

_____/s/ Steven Rhodes_____
Steven Rhodes
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
         Creditors/Objectors,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR
         Debtor/

_____/

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
   Hon. Bernard A. Freidman
   Magistrate Paul J. Komives

## PROOF OF SERVICES

_____Carl Williams_____, being first duly sworn deposes and
your name

Say that on May____30____2014. I sent a copy Reconsideration of Order overruling

objections to Objection of and (B) Fourth Amended Disclosure Statement with

respect to the of the City of Detroit issued May 5, 2014 Upon the concern parties

by certified mail at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226


Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl Williams_____

Dated___ May 30, 2 014 _____