# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------------x
:
In re                             : Chapter 9
:
CITY OF DETROIT, MICHIGAN,      : Case No. 13-53846
:
             Debtor.       : Hon. Steven W. Rhodes
:
:
-------------------------------------------------------------x

## STATEMENT OF OBJECTORS
## ADDRESSING CERTAIN DISCOVERY AND TRIAL ISSUES

1.       In accordance with the Court's Minute Entry, dated May 28, 2014, the undersigned objector-members (the "**Objectors**")[1] of the Discovery and Trial Efficiency Committee ("**DTEC**") submit this statement to address the status of the following issues:  (i) the proposed protocol for depositions of witnesses (the "**Deposition Protocol**") in connection with the trial on confirmation of the City's plan of adjustment (the "**Confirmation Trial**"); (ii) the City's proposed bus tour in support of such trial (the "**Bus Tour**"); (iii) proposed amendments to the schedule set forth in the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 4202] (the "**Scheduling Order**"); and (iv) proposed time allocations for the Confirmation Trial.[2]

---

[1] Nothing in this statement shall be construed to restrict, limit or otherwise affect the rights of the (i) Official Committee of Retirees of the City of Detroit, Michigan, (ii) the General Retirement System for the City of Detroit or (iii) the Police and Fire Retirement System for the City of Detroit as set forth in the May 9, 2014 Stipulation, including the right to conduct or participate in any depositions.

[2] The DTEC met and conferred by telephone on June 3, 2014 to discuss the issues listed in paragraph 1. At the end of the discussion, the DTEC decided that it would be most efficient for the City and the Objectors to each file a separate statement summarizing each side's position on the status of each of the issues.

US_ACTIVE:\44496560\6\45259.0007

## I.      Deposition Protocol

2.      On the morning of May 27, 2014, the Objectors tendered a draft of the Deposition Protocol to the City, to which the City returned comments later that evening.  On June 2, 2014, the Objectors sent a markup back to the City with their collective comments.  A copy of the Deposition Protocol incorporating the Objectors' comments is attached hereto as **Exhibit A**.  The Objectors and the City met and conferred by telephone on June 3, 2014 to discuss, among other things, the Deposition Protocol, and the City sent a revised version back to the Objectors on June 5, 2014.

3.      The Objectors and the City have reached agreement on several key concepts set forth in the Deposition Protocol, including:  (i) the division of City and non-party fact witness depositions into three "bands," (a) the first consisting of the Objectors' depositions of "common core" City witnesses who are expected to offer substantial relevant testimony to all or most objector constituencies and address a substantial portion of topics addressed in the Objectors' Federal Rule 30(b)(6) notices,[3] (b) the second consisting of (x) the Objectors' depositions of other City witnesses and (y) depositions by the Objectors or the City of non-party witnesses (*i.e.* witnesses not affiliated with an Objector or the City)[4] and (c) the third consisting

---

[3] The City and the Objectors have agreed that the Band 1 witnesses will include (i) Kevyn D. Orr, (ii) Kenneth A. Buckfire, (iii) John Hill, (iv) Charles M. Moore, (v) Guarav Malhotra, (vi) Milliman (Glenn D. Bowen), and (viii) Cynthia Thomas (however, the General Retirement System for the City of Detroit and the Police and Fire Retirement System for the City of Detroit object to the inclusion of Cynthia Thomas (the Executive Director of the Retirement Systems) as a Band 1 witness to the extent that identifying her has a Band 1 witness potentially subjects her to a two-day, 14 hour deposition).

[4] The Objectors currently expect that (i) the DWSD and County Objectors will take ten full-day Band 2 depositions, (ii) the COPs/LTGO Objectors will take 36 full-day Band 2 depositions (including each of the 12 charitable foundations participating in the DIA Settlement) and four half-day Band 2 depositions, (iii) the DPAO/DFFA will take 1 full-day Band 2 deposition, and (iv) the City will take 11 full-day Band 2 depositions (including the Objectors' witnesses, who, as explained in paragraph 4, the City would like the ability to depose at any time).  The Objectors will file updated witness lists consistent with the latest version of the Deposition Protocol, as appropriate.

of any remaining 30(b)(6) witnesses; (ii) that Band 1 witnesses will be deposed at the outset of

the deposition period and may be deposed for two days total (seven hours each day); and

(iii) that, for each deposition, the examining group that noticed the deposition will designate a

lead questioner on a particular topic.

4. Despite the substantial progress the City and the Objectors have made

with respect to the Deposition Protocol, certain areas of disagreement remain. First, while the

Objectors have agreed to sequence their depositions of City witnesses in three bands in order to

facilitate efficient and orderly fact development, the City seeks to take depositions of the

Objectors' witnesses at any time during any of Bands 1, 2 or 3 without restriction. The

Objectors submit that these depositions of the Objectors' witnesses should only begin during

Band 2. Sequencing the commencement of the depositions of the Objectors' witnesses after the

completion of Band 1 witnesses will streamline the process by allowing all parties to better

prepare for and narrow the focus of the depositions of the Objectors' witnesses and is consistent

with the City having the burden of proof with respect to each of the elements of plan

confirmation, particularly given that this chapter 9 case presents a number of precedential issues.

Accordingly, the Objectors should have the opportunity to first hear the City, as the party

seeking relief, set forth the testimony providing the basis for the requested relief through its

principal 30(b)(6) witnesses, before having to produce their own witnesses in response to the

City's case. Second, the City seeks to limit the number of the Objectors' depositions of Band 2

City witnesses to 25, which the Objectors submit is not appropriate. Although the Objectors are

committed to conducting an efficient discovery process and have already reduced the number of

witnesses to be deposed, the Objectors cannot agree to an arbitrary limit on the number of

depositions at the outset, especially weeks before the City will complete its document production.[5]

## II.      Bus Tour

5.      On May 30, 2014, the City shared with the Objectors a draft proposed protocol for the Bus Tour.  As relayed to the City during the June 3, 2014 meet and confer, there is no consensus among the Objectors regarding the propriety of the Bus Tour, with a number of Objectors committed to opposing it.  There is likewise no consensus as to the City's proposed protocol, assuming such a Bus Tour were to take place.  The Objectors request that, if the City intends to move forward with its request for the Bus Tour, the Court order the City to file a motion to address both (a) whether it is appropriate to have the Bus Tour at all, and (b) the propriety of the City's proposed Bus Tour protocol, and allow creditors the opportunity to object or otherwise respond as they see fit to each of these issues.

## III.      Scheduling Order

6.      As an initial matter, in light of recent developments, it appears that the Court's concern about the September 30, 2014 deadline as it relates to (a) the retention of Jones Day, (b) the proposed legislation related to the State Contribution Agreement and (c) the potential for reappointment of Kevyn Orr as the Emergency Manager have been addressed and, thus, September 30, 2014 is no longer a meaningful date for scheduling purposes.  As set forth in greater detail in the *Statement of Objectors Regarding Proposed Changes to Schedule in Light of*

---

[5] The City has indicated that it would like to depose Stephen Spencer twice – once as a fact witness and once as an expert witness.  FGIC has indicated that Mr. Spencer's testimony will primarily be in his capacity as expert; accordingly, the City should be permitted to depose Mr. Spencer only once, as an expert.  In addition, Oakland County objects to the City's identification of Doug Buchholtz as a fact witness to be deposed on the grounds that he has been previously removed from Oakland County's witness list and is on no other witness lists.  Oakland County has raised this issue with the City, but the City has not responded.

*the City's Delay in Document Production* [Docket No. 5207] (the "**Scheduling Statement**")

filed on June 4, 2014, in light of the City's expectation that it will not complete its document

production until June 20, 2014, more than six weeks after the initial May 6, 2014 deadline, the

Objectors request that the Court adopt an adjusted scheduling order (substantially in the form

attached to the Scheduling Statement as Exhibit A) that, correspondingly, pushes out all

deadlines and hearing dates set forth in the Scheduling Order approximately six weeks.  The

Objectors articulated this request to the City during the June 3, 2014 meet and confer, and, later

that evening, shared with the City a copy of the proposed amended scheduling order filed with

the Scheduling Statement.  The City did not agree to the Objectors' proposed revised schedule,

and on June 5, 2014, filed the *City of Detroit's Response to the Statement of Objectors*

*Regarding Proposed Changes to the Plan Confirmation Schedule* [Docket No. 5233], which

proposes to, among other things, move the Confirmation Trial out only approximately two and a

half weeks.  Given the highly complex and unprecedented nature of the factual and legal issues

that will be raised during the Confirmation Trial, the City's schedule is impractical and

unnecessarily prioritizes speed over the parties' due process rights to present and fully defend

their positions.  The Objectors provide comments on certain specific date and deadline proposals

of the City in the chart below:

|  | City's Proposal | Objectors' Proposal | Comment |
|---|---|---|---|
| Deadline for parties to file amended witness lists | June 9, 2014 | N/A | The Objectors do not object to a deadline for filing an amended witness list, but submit that June 20, 2014 is a more appropriate date. |

5

|  | City's Proposal | Objectors' Proposal | Comment |
|---|---|---|---|
| Deadline for the City to mail revised notices of the Confirmation Trial, plan objection deadlines, voting deadline and voting dispute procedures | N/A | June 13, 2014 | To ensure that parties' due process rights are adequately protected, the City must mail notice of these important revised dates and deadlines as soon as practicable. |
| Deadline for the City to complete document production | June 20, 2014 | June 20, 2014 | *See City's Statement Regarding Document Production* [Docket No. 5156] |
| Date after which fact witness depositions may begin | June 23, 2014 | N/A | The Objectors do not object to the City's proposal. |
| Deadline for the City to file list of expert witnesses and serve expert reports | July 8, 2014[6] | July 1, 2014 | The City has had access to all of the information its experts may need to generate their reports; accordingly a one-week extension of the current June 24, 2014 deadline to July 1, 2014 should be more than sufficient. |
| Deadline to file briefs in response to Notices of Asserted Right to Vote a Claim | June 24, 2014 | July 25, 2014 |  |

---

[6] The City proposes July 8, 2014 as the deadline for all parties to file their lists of expert witnesses and serve copies of expert reports. This deadline would replace the current June 10, 2014 deadline for all parties to file their lists of expert witnesses, and the June 24, 2014 deadline for all parties to serve copies of expert reports.

US_ACTIVE:\44496560\6\45259.0007

| | City's Proposal | Objectors' Proposal | Comment |
|---|---|---|---|
| Deadline to complete all non-expert depositions | July 18, 2014 | August 8, 2014 | The City's proposal provides only 26 days for all fact witness depositions, which is only *half* the time provided in the current Scheduling Order (May 7, 2014 – June 27, 2014, 51 days). Given that there will likely be more than 60 depositions (*see* notes 3 and 4 *supra*), the Objectors' proposal, which provides 46 days, is more reasonable. |
| Deadline for objecting parties to file list of expert witnesses and serve copies of expert reports | July 8, 2014 | August 13, 2014 | The City's proposal provides for the City and the Objectors to serve expert reports on the same day. Given that the City has the burden of proof on all confirmation issues, the Objectors' experts should be given an opportunity to review the City's expert reports before completing their own. This will streamline the process, and obviate the need for separate rebuttal expert witnesses. In addition, the Objectors' experts should be given a meaningful opportunity to review the likely complex deposition testimony of the Band 1 witnesses before they complete their reports. In light of these considerations, the Objectors' proposal is more reasonable. |

US_ACTIVE:\44496560\6\45259.0007

7

| | City's Proposal | Objectors' Proposal | Comment |
|---|---|---|---|
| Deadline to file list of rebuttal expert witnesses and serve copies of rebuttal expert witness reports | July 15, 214 | N/A | The City's proposal provides for the Objectors to serve rebuttal expert reports only one week after receiving the City's expert reports. This is impractical, especially if Objectors need to engage new experts. As explained above, the Objectors' proposal makes more sense because it provides for the City, the party with the burden of proof, to serve expert reports first, and obviates the need for rebuttal designations. |

US_ACTIVE:\44496560\6\45259.0007

| | City's Proposal | Objectors' Proposal | Comment |
|---|---|---|---|
| Voting deadline and objection deadline for individual bondholders and retirees | July 11, 2014 | August 22, 2014[7] | Moving the voting and objection deadlines for individual bondholders will not prejudice the City or otherwise adversely impact the confirmation schedule. The City will need to provide notice of the new Confirmation Trial date(s) to individual bondholders through DTC. In that same notice the City could also advise of the new voting and objection deadlines for individual bondholders. Moving the voting deadline may, in fact, assist the confirmation process to the extent the City's plan of adjustment is amended and the amendment materially affects the proposed treatment of individual bondholders. |
| Deadline to file reply briefs in support of notice of Asserted Right to Vote a Claim | July 2, 2014 | August 22, 2014 | |
| Deadline to file summary of voting results | July 21, 2014 | September 2, 2014 | |
| Deadline to complete expert depositions | July 30, 2014 | September 3, 2014 | The Objectors' proposal provides the City with 21 days to depose the Objectors' experts, which is consistent with the City's proposal and the current Scheduling Order. |

[7] The Objectors' proposed August 22, 2014 voting deadline does not apply to Classes 10, 11 or 12. The Objectors agree that the July 11, 2014 voting deadline in the current Scheduling Order should apply to Classes 10, 11 and 12.

|  | City's Proposal | Objectors' Proposal | Comment |
|---|---|---|---|
| Deadline to file supplemental objections | August 1, 2014 | September 5, 2014 | The City's proposal provides the Objectors with only 14 days after the completion of non-expert depositions to file supplemental objections. Given that there may be more than 60 deposition transcripts to review, the Objectors' proposal, which provides 28 days (seven more days than provided in the current Scheduling Order) is more reasonable. |
| Hearing on voting rights disputes | July 14, 2014 | September 8, 2014 | |
| Deadline to file joint pretrial order | August 6, 2014 | September 10, 2014 | The Objectors' proposal provides for filing the joint pretrial order five days after the supplemental objection deadline, which is consistent with the City's proposal. |
| Deadline to file pretrial briefs and for City to file response to supplemental objections and objections filed by individual bondholders and retirees | August 8, 2014 | September 10, 2014 | *See* row below. |

US_ACTIVE:\44496560\6\45259.0007

| | City's Proposal | Objectors' Proposal | Comment |
|---|---|---|---|
| Final Pretrial Conference | August 8, 2014 | September 15, 2014 | The City's proposal provides for the final pretrial conference to take place on the same day as the deadline for filing pretrial briefs and the City's response to objections filed by individuals. The Objectors' proposal, which gives the Court and the parties five days to review these filings, will result in a more meaningful final pretrial conference and a more streamlined and efficient trial. |
| Commencement of Confirmation Trial | August 11, 2014 | September 18, 2014 | The Objectors' proposal provides for the commencement of the Confirmation Trial three days after the final pretrial conference, which is consistent with the City's proposal. |

## IV.     Confirmation Trial Time Allocations

7.      The Objectors respectfully submit that establishing time allocations for the Confirmation Trial at this early point in the discovery process is premature and that any estimate prepared at this time is highly speculative and would likely require significant revision as the factual case takes shape during discovery.  Without having received documents for various witnesses and ESI custodians, without having taken any depositions, and without having reviewed the City's list of experts or the expert reports, it is difficult to project the amount of time that will be required at the Confirmation Trial for the examination of each of the witnesses. In addition, the parties have yet to discuss agreements or protocols for proving-up or admitting documents into evidence at the Confirmation Trial.  Further, although there are likely common

issues amongst the DWSD, Counties and COPs Objectors, at this stage, these groups are not able to quantify any reduction in time that may result from coordinating with respect to these issues. However, in compliance with the Court's request, each of the DWSD, Counties and COPs Objector groups developed a proposed but still extremely preliminary time allocation, assuming that it was the only group remaining at the Confirmation Trial.[8] Following the completion of fact discovery, the Objectors will meet and confer again to work together to eliminate any redundancies in testimony, cross examination or argument, to the extent possible.

8.     The Objectors' current preliminary estimated time allocations, all of which remain subject to change and further development, are as follows:

- DWSD:  59 Hours

- Counties:  25 Hours

- COPs:  72 Hours

- LTGOs:  25 Hours

- DDFA/DPOA:  6-8 Hours

---

[8] Ambac, on behalf of the LTGOs, developed its estimated time allocation assuming that, at a minimum, the COPs Objectors would continue to press their objections at the Confirmation Trial, and that certain arguments raised by each Objector group would be coordinated and not duplicated.

US_ACTIVE:\44496560\6\45259.0007

Dated:  June 6, 2014

Respectfully submitted,

*/s/ Mark R. James*
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue,
Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

– and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance*
*Company*

By:  */s/ Lawrence A. Larose*
Lawrence A. Larose
Samuel S. Kohn
Robert A. Schwinger
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Fax: (212) 541-5369
llarose@chadbourne.com
skohn@chadbourne.com
rschwinger@chadbourne.com

*Attorneys for Assured Guaranty*

US_ACTIVE:\44496560\6\45259.0007

*/s/ Guy S. Neal*
James F. Bendernagel, Jr.
Guy S. Neal
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8041
Fax: (202) 736-8711
jbendernagel@sidley.com
gneal@sidley.com

– and –

Jeffrey E. Bjork
Gabriel MacConaill
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600
jbjork@sidley.com
gmacconaill@sidley.com

*Counsel for National Public Finance*
*Guarantee Corp.*

By: */s/ Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and –

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and*
*Syncora Capital Assurance Inc.*

/s/ *Vincent J. Marriott, III*
Vincent J. Marriott, III, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 864-8236
Fax: (215) 864-9762
E-mail: marriott@ballardspahr.com

Matthew G. Summers, Esquire
BALLARD SPAHR LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Tel: (302) 252-4428
Fax: (302) 252-4466
E-mail: summersm@ballardspahr.com

-and-

Howard S. Sher, Esquire (P38337)
JACOB & WEINGARTEN, P.C.
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Tel: (248) 649-1200
Fax: (248) 649-2920
E-mail: howard@jacobweingarten.com

*Counsel for Hypothekenbank Frankfurt*
*AG, Hypothekenbank Frankfurt*
*International S.A., and Erste Europäische*
*Pfandbrief-und Kommunalkreditbank*
*Aktiengesellschaft in Luxemburg S.A.*

US_ACTIVE:\44496560\6\45259.0007

ARENT FOX LLP
By: */s/ Carol Connor Cohen*
Carol Connor Cohen
Caroline Turner English
Randall A. Brater
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6054
Email: Carol.Cohen@arentfox.com

David L. Dubrow
Mark A. Angelov
1675 Broadway
New York, NY 10019
(212) 484-3900

**-**and-

SCHAFER AND WEINER, PLLC
Daniel J. Weiner (P32010)
Brendan G. Best (P66370)
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
Email: bbest@schaferandweiner.com

*Attorneys for Ambac Assurance
Corporation*

Carson Fischer, P.L.C.
By: */s/ Joseph M. Fischer*
Joseph M. Fischer (P13452)
Robert A. Weisberg (P26698)
Christopher Grosman (P58693)
4111 Andover Road, West- Second Floor
Bloomfield, Michigan 48302-1924
Telephone: (248) 644-4840
Facsimile: (248) 644-1832
JFischer@CarsonFischer.com
RWweisberg@CarsonFischer.com
CGrosman@CarsonFischer.com

*Counsel for Oakland County, Michigan*

US_ACTIVE\44496560\6\45259.0007

Young &Associates
By: /s/ Sara K. MacWilliams
Sara K. MacWilliams (P67805)
Jaye Quadrozzi (P71646)
27725 Stansbury Blvd., Suite 125
Farmington Hills, Ml 48334
Telephone: (248) 353-8620
Email: efiling@youngpc.com
macwilliams@youngpc.com
guadrozzi@youngpc.com

*Co-counsel for Oakland County, Michigan*

*/s/ Paul S. Davidson*
David E. Lemke (TN13586)
Paul S. Davidson (TN11789)
Heather J. Hubbard (TN23699)
WALLER LANSDEN DORTCH &
DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380
Fax: (615) 244-6804

– and –

Robert J. Diehl, Jr. (MI31264)
Jaimee L. Witten (P70068)
BODMAN PLC
1901 St. Antoine Street, 6th Floor
Detroit, Michigan 48226
Phone: (313) 393-7597
Fax: (313) 393-7579

*Attorneys for U.S. Bank National*
*Association, as Trustee for the Water and*
*Sewer Bonds*

US_ACTIVE:\44496560\6\45259.0007

ERMAN, TEICHER, ZUCKER &
FREEDMAN, P.C.
By: */s/ Barbara A. Patek*
Barbara A. Patek (P34666)
Earle I. Erman (P24296)
400 Galleria Officentre, Suite 444
Southfield, MI 48034
Telephone: (248) 827-4100
Facsimile: (248) 827-4106
E-mail: bpatek@ermanteicher.com

*Counsel for the Detroit Fire Fighters
Association, IAFF Local 344 and the Detroit
Police Officers Association*

GREGORY, MOORE, JEAKLE &
BROOKS, PC
James M. Moore (P17929)
65 Cadillac Square, Suite 3727
Detroit, MI 48226-2893
Telephone: (313) 964-5600
Facsimile: (313) 964-2125
E-mail: jim@unionlaw.net

*Counsel for the DPOA*

LEGGHIO & ISRAEL, PC
Christopher P. Legghio (P27378)
Alidz Oshagan (P77231)
306 S. Washington, Suite 600
Royal Oak, MI 48067
Telephone: 248 398 5900 x 1131
Facsimile: 248 398 2662
E-mail: CPL@legghioisrael.com

*Counsel for the DFFA*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------------------x
                                            :
 In re                                      : Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                   : Case No. 13-53846
                                            :
                  Debtor.                   : Hon. Steven W. Rhodes
                                            :
                                            :
------------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014 the *Statement of Objectors Addressing Certain Discovery and Trial Issues* was filed and served via the Court's electronic case filing and noticing system to all parties registered to received electronic notices in this matter.

 /s/ Mark R. James
Mark R. James (P54375)
Attorney for Financial Guaranty
Insurance Company
Williams, Williams, Rattner & Plunkett, P.C.
380 North Old Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 642-0333
mrj@wwrplaw.com

Dated: June 6, 2014

US_ACTIVE:\44496560\6\45259.0007

# Exhibit A

## Draft Deposition Protocol

US_ACTIVE:\44496560\6\45259.0007

## DTEC DEPOSITION PROTOCOL[1]

1.      Overview.      The DTEC Deposition Protocol envisions 3 "bands" of fact witness depositions.

- Band 1 will consist of the so-called "common core" of witnesses who will offer substantial testimony to both DWSD/County and COPs/LTGO creditors, and who are expected to address a substantial portion of the 30(b)(6) topics.  It is comprised of (i) Kevyn D. Orr, (ii) Kenneth A. Buckfire, (iii) John Hill, (iv) Charles M. Moore, (v) Gaurav Malhotra, (vi) Milliman (Glenn D. Bowen), and (vii) Cynthia Thomas.

- Band 2 will consist of (i) the Objecting Parties' depositions of City witnesses (including City consultants) not likely to be 30(b)(6) representatives whom, with limited exceptions noted in paragraph 5 below, the Objecting Parties believe will offer testimony related to a particular creditor group, (ii) the City's depositions of the Objecting Parties' witnesses, and (iii) depositions by the Objecting Parties or the City of non-party witnesses not affiliated with the Objecting Parties or the City.

- Band 3 will be reserved for the Objecting Parties' remaining 30(b)(6) topics not yet addressed in Band 1, which will be taken at the end of discovery.

2.      Band 1 Witnesses (Objecting Parties).  The Band 1 witness depositions will be at the outset of the deposition period, and the depositions will operate under the following protocols:

        A.      For each Band 1 witness, the City may allocate to that witness any 30(b)(6) topics that it deems appropriate and allow that witness' deposition to serve both personal and 30(b)(6) purposes.  The Band 1 concept is predicated on the assumption that the "common core" witnesses collectively will, in fact, be designated and appropriately prepared to address a substantial portion of the 30(b)(6) topics.

        B.      A Band 1 witness may be deposed for two days total (7 hours each day), unless the City agrees to (or the Court orders) additional time.  The DWSD/County and COPs/LTGO creditors are free to divide that time between them, except there will be a default rule of 7 hours per group if they are unable to agree on an alternative division during the two days of deposition.

3.      Band 2 Witnesses (Objecting Parties and the City).  The Band 2 witness depositions are envisioned to commence after the conclusion of Band 1.  Band 2 witness depositions will last 7 hours.  Band 2 witnesses may be designated as 30(b)(6) witnesses on certain topics and their depositions may continue up through the close of discovery.  Band 2 witness depositions may proceed on 2, 3 or 4 concurrent tracks a day as the circumstance requires.

---

[1]     Nothing in this protocol shall be construed to restrict, limit or otherwise affect the rights of the Official Committee of Retirees of the City of Detroit, Michigan to conduct or participate in any depositions, as set forth in the May 9, 2014 Stipulation.

Based on the information available to them to date, the parties currently anticipate the following Band 2 witness depositions set forth below, and reserve the right to add or subtract witnesses prior to the fact witness discovery cut-off.

A.    DWSD/Counties:

| | |
|---|---|
| Sue F. McCormick (DWSD) | Cheryl Porter (DWSD) |
| Nicolette Bateson (DWSD) | Berin Separia (DWSD) |
| William Wolfson (DWSD) | Bart Foster (DWSD Rate Consultant) |
| Sayed Ali (DWSD) | Vyto Kaunelis (OHM) |
| Stacy Fox | Lee Donner (First Southwest Co.) |

B.    COPs/LTGO:

| | |
|---|---|
| Katherine Warren | Robert Cline |
| Ryan Bigelow | Attorney General Schuette |
| Roger Penske* | Tonya Allen* |
| Daniel Gilbert* | Sean Werdlow |
| Rip Rapson* | 12 Charitable Foundation Witnesses |
| Mayor Duggan | Dave Bing |
| Vanessa Fusco | Caroline Sallee |
| Irwin Corley | DIA 30(b)(6) |
| Graham Beal | Beth Niblock |
| Brenda Jones | Marcell R. Todd, Jr. |
| Gary Evanko | Shani Penn |
| Sonya Mays | Gabriel Roeder 30(b)(6) |
| James Craig | Edsel Jenkins |
| Michael Hall | State of Michigan 30(b)(6) |

C.    DPOA/DFFA

| |
|---|
| James Craig |

D.    The City:

| | |
|---|---|
| Simon Bowmer | EEPK |
| Douglas Buckholtz | Oakland County |
| Francis Coughlin | Assured |
| Derek Donnelly | FGIC |
| Sean Werdlow | SBS |
| Claude LeBlanc | Syncora |
| John Williams | Syncora |
| TBD | Macomb County |
| TBD | 36th District Court |
| TBD | DFFA |
| TBD | DPOA |

         \* Depositions marked above with an asterisk not to exceed 3.5 hours in length.

4.     <u>Band 3 Witnesses (Objecting Parties)</u>.  The Band 3 witness depositions will be reserved for the Objecting Parties' remaining 30(b)(6) topics that were not covered by a Band 1 witness or additional 30(b)(6) topics that arise in the course of discovery.  Band 3 depositions are anticipated to occur at the close of the fact witness deposition period.

5.     <u>Lead Questioners</u>.  For each deposition noticed by an examining group, the examining group will designate a lead questioner on a particular topic. For a limited number of the depositions of witnesses identified in paragraph 3(B) above (e.g., Mayor Duggan), there may be 1 lead questioner on a particular topic from each creditor group.  Other parties may ask questions, but will avoid repeating the questions of the lead questioner.

6.     <u>Modifications</u>.  The Objecting Parties and the City may agree to modifications of this DTEC Deposition Protocol as to matters relating to the scheduling, duration and conduct of any particular deposition.  The Objecting Parties and the City acknowledge that given the time and circumstances under which this DTEC Deposition Protocol has been developed, it may require some flexibility in its application as the case develops, and nothing in this DTEC Deposition Protocol should be construed as foreclosing such flexibility.

7.     <u>No Prejudice</u>.  Nothing in this DTEC Deposition Protocol should be construed as a waiver of any objections that any party may have raised regarding, or as any party's consent to, the schedule for this case or any rulings or proposals made as to the conduct of discovery in this case, and the development of this DTEC Deposition Protocol pursuant to the Court's request is without prejudice to all such positions.