UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

**STATUS REPORT OF THE CITY REGARDING ISSUES BEING ADDRESSED BY THE DISCOVERY AND TRIAL EFFICIENCY COMMITTEE**

---

Pursuant to this Court's minute entry of May 29, 2014, the City hereby files this status report regarding issues discussed by the Discovery and Trial Efficiency Committee ("DTEC").

**I.    DEPOSITION PROTOCOL**

The DTEC exchanged several drafts of a protocol for depositions and conducted three separate meet-and-confers regarding the same. The DTEC has discussed in detail a protocol (the "Deposition Protocol") for fact witness depositions by dividing fact witnesses into three groups, or "bands." While the City and the other members of the DTEC have agreed on certain aspects of the

Deposition Protocol, such as the procedures for "Band 1" witnesses and the length of the depositions of certain community-based witnesses, the DTEC has not been able to reach an agreement on every detail. The two primary points of disagreement are whether:

1. The Plan objectors should be allowed to take an unlimited number of fact witness depositions; and

2. The City must wait until after all Band 1 witnesses have been deposed to take the depositions of the objectors' fact witnesses.

As to the number of witnesses, the City has agreed to produce six "common core" witnesses (Messrs. Orr, Hill, Malhotra, Buckfire, Moore and a Milliman representative—the so called "Band 1" witnesses). The Band 1 witnesses will be made available for up to two, seven hour days of fact and 30(b)(6) deposition testimony. A seventh "common core" witness, Ms. Cynthia Thomas, is technically an employee of the City but is being called by the objectors in her capacity as the Administrator of the City's Retirement Systems. Accordingly, Ms. Thomas is represented by counsel to the Retirement Systems, Clark Hill.

When it comes to "Band 2" witnesses, the City believes there are some necessary limitations to their depositions. The Plan objectors have identified 49 additional individuals who they insist must be deposed during Band 2. The City

believes this is an excessive number and does not believe that the Plan objectors need more than 25 additional fact witness deponents—beyond the seven Band 1, "core" witnesses being offered—to prepare for trial. As a result, the City has proposed (in § 1 of the Deposition Protocol) that the DWSD-related objectors be limited to 5 depositions (of the 10 they propose) and the COPs/LTGO objectors be limited to 20 depositions (of the 39 they propose).

As for the timing of depositions, the Plan objectors are insisting that the City wait until after all City's Band 1 witnesses are deposed before it can start its own depositions of the objectors' fact witnesses. In addition to the patent unfairness of allowing one side to conduct discovery while the other side sits on its hands, the City believes time is too short to structure the deposition schedule in this way.

A redline comparing the latest DTEC objectors' Deposition Protocol against the City's counter-proposal as of yesterday is attached hereto as <u>Exhibit A</u> with a clean version of the City's counter-proposal as <u>Exhibit B</u>.

## II. TRIAL TIME FOR THE CONFIRMATION HEARING

As demonstrated in the Swap trials, the Court's imposition of time limitations was very effective in streamlining proceedings. The City believes that 168 hours of trial time (a little less than 5 weeks of trial assuming the Court conducts 7 hour trial days) should be more than sufficient for both sides to make

their presentations to the Court, and proposes that trial time be allocated evenly between the City and the Objectors.

## III. PROPOSED SITE VISIT

The City had previously been notified that the objectors would agree to a bus tour of the City and its neighborhoods. As such, the City drafted and shared a proposed protocol for the bus tour. After receiving this draft protocol, certain objectors have apparently reconsidered and informed the City at the last meet-and-confer that they now oppose a bus tour. The City continues to believe that a first-hand view of the blight and other challenges facing the City and its residents, as well as the steps being taken to address those challenges, is essential to the Court's understanding of the issues being addressed at the confirmation hearing. Accordingly, the City has no choice but to file a contemporaneous motion for a site visit with this Status Report.

Dated: June 6, 2014

Respectfully submitted,

/s/ Robert S. Hertzberg
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Fax: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

- and -

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com


**ATTORNEYS FOR THE CITY OF DETROIT**